IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
           Debtors. : Jointly Administered
:
: Hearing date: September 21, 2011 at 10:00 a.m. (ET)
: Objections due: September 14, 2011 at 4:00 p.m. (ET)
:
------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER ESTABLISHING DEADLINES
FOR FILING PROOFS OF CLAIM FOR NON-CANADIAN
INTERCOMPANY CLAIMS AND REMAINING DIRECTOR AND OFFICER
CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion") pursuant to sections 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1(e) and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order substantially in the form attached hereto as Exhibit A, (i) establishing November 15, 2011 as the deadline for the Non-Canadian Intercompany Creditors and the Post-filing Directors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

and Officers holding Indemnification Claims (each as defined below) to file proofs of claim against the Debtors (the "General Non-Canadian Intercompany Claims and D&O Bar Date"); (ii) providing that the applicable bar date for any proof of claim by a Non-Canadian Intercompany Creditor or Post-filing Director or Officer that arises from the rejection of an executory contract or unexpired lease by the Debtors pursuant to an order of the Court entered after entry of the order granting this Motion, but before confirmation of a plan of reorganization, shall be the latter of: (a) the General Non-Canadian Intercompany Claims and D&O Bar Date, or (b) the date that is either (x) 30 days after entry of an order authorizing such rejection or (y) where entry of an order is not required pursuant to the *Order Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases and the Abandonment of Certain Assets Related Thereto* [D.I. 510] (the "Rejection Procedures Order"), 35 days after the Debtors file or serve by email, first class U.S. mail or overnight courier a notice of the rejection of such executory contract or unexpired lease, whichever is applicable; (iii) establishing the last day for filing a proof of claim against the Debtors in respect of any amended, scheduled claim of a Non-Canadian Intercompany Creditor or Post-filing Director or Officer as 21 days after the Debtors send, via first class U.S. mail, notice of the Debtors' amended schedules identifying such Non-Canadian Intercompany Creditor or Post-filing Director or Officer as the holder of a disputed, contingent or unliquidated claim; (iv) approving the form, timing and manner of notice of the bar dates described in (i), (ii) and (iii) (collectively, the "Non-Canadian Intercompany Claims and D&O Bar Dates"); and (v) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 501, 502, and 1111 of the Bankruptcy Code, as supplemented by Rules 2002 and 3003 of the Bankruptcy Rules and Rules 2002-1(e) and 3003-1 of the Local Rules.

## Background

3. On January 14, 2009, the Debtors other than Nortel Networks (CALA) Inc. ("NN CALA"),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On January 14, 2009, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098]. For purposes of this motion, the "Petition Date" shall refer to January 14, 2009 for all Debtors other than NN CALA, and July 14, 2009 for NN CALA.

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

3

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the commencement of these cases, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7. By this Motion, the Debtors seek an order establishing a bar date in respect of the Non-Canadian Intercompany Creditors and Indemnification Claims of the Post-filing Directors and Officers to further the resolution of these cases.

**Facts Relevant to the Motion**

8. The Debtors have taken numerous steps to establish the claims process and to address, reconcile and resolve claims filed against their estates, including the following:

---

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

- On January 15, 2009, one day after the Petition Date, in recognition of the cross border nature of these proceedings, the Court approved the Cross Border Insolvency Protocol (as amended, the "Cross-Border Protocol"),[5] which addressed, among other things, procedures for addressing cross-border claims made against the U.S. Debtors and the Canadian Debtors.

- On April 9, 2009, the Court entered an order (the "Section 503(b)(9) Claims Order") [D.I. 590] establishing procedures for the filing and resolution of claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code.

- On April 20, 2009 and May 29, 2009, the Debtors other than NN CALA filed their Schedules of Assets and Liabilities (the "Initial Debtors' Schedules") [D.I. 616-627, 801-810] and on September 11, 2009, NN CALA filed its Schedules of Assets and Liabilities (the "NN CALA Schedules," together with the Initial Debtors' Schedules, as amended by the Amended Schedules (as defined below), the "Schedules") [D.I. 1477, 1478].

- On August 4, 2009, this Court entered an order (the "Bar Date Order") [D.I. 1280], fixing September 30, 2009 at 4:00 p.m. (Eastern Time) as the general bar date (the "General Bar Date") for filing proofs of claim or interests against the Debtors (other than NN CALA).

- On November 4 and November 6, 2009, the Debtors amended certain of their Schedules and Statements of Financial Affairs (the "Amended Schedules") [D.I. 1811-1825, 1837].

- On December 3, 2009, this Court entered an order (the "NN CALA Bar Date Order") [D.I. 2059] fixing January 25, 2010 at 4:00 p.m. (Eastern Time) as the general bar date (the "NN CALA Bar Date") for filing proofs of claim or interests against NN CALA.[6]

---

[5] On January 14, 2009, the Canadian Court issued an order granting the Canadian Debtors various forms of relief, including approval of the original Cross-Border Insolvency Protocol. Pursuant to separate Orders entered on June 29, 2009 and June 30, 2009, this Court [D.I. 990] and the Canadian Court approved the Cross-Border Protocol, as amended.

[6] Neither the Bar Date Order nor the NN CALA Bar Date Order set a deadline for the filing of claims by any Debtor, or any non-debtor affiliate of the Debtors or Canadian Debtors, or any of their direct or indirect subsidiaries holding a claim against any of the Debtors, other than claims by any joint venture (collectively, the "Intercompany Creditors"). With respect to intercompany claims that could be asserted by any of the Canadian Debtors against any of the Debtors or by any of the Debtors against any of the Canadian Debtors (the "U.S./Canada Intercompany Claims"), the Final Canadian Funding and Settlement Agreement and the Cross-Border Claims Protocol require that the Debtors, the Canadian Debtors, the Committee and the Monitor consult and agree on the timing and format for such a process.

- On September 16, 2010, this Court entered an order approving the Cross-Border Protocol on the Resolution of Claims (the "Cross-Border Claims Protocol"), which, among other things, established certain procedures for the resolution of overlapping and same-creditor claims in these chapter 11 cases and the Canadian Proceedings.

- To date, the Debtors have filed 20 omnibus objections to claims filed against the Debtors, as well as certain individual claims objections.

- On April 1, 2011, the Debtors filed an objection to certain proofs of claim filed against the Debtors by the EMEA Debtors and certain other related entities (collectively, the "EMEA Claimants")[7] [D.I. 5200], which resulted in the entry, on May 10, 2011, of an order (the "EMEA Claims Order") establishing June 1, 2011 as the deadline for the EMEA Claimants to file any claims (including any amended claims) against the Debtors (as extended to June 3, 2011 by mutual consent, the "EMEA Claims Bar Date") [D.I. 5402].

9.     The Debtors believe that it is now appropriate to establish bar dates for the filing of claims held by Intercompany Creditors <u>other than</u> (i) the Canadian Debtors, (ii) the EMEA Claimants whose claims filing deadline was established pursuant to the EMEA Claims Order and (iii) the Debtors and those direct or indirect subsidiaries in which a Debtor holds a majority of the equity (the "Majority Owned Subsidiaries").[8] These Intercompany Creditors subject to the Non-Canadian Intercompany Claims and D&O Bar Dates are collectively referred to as the "Non-Canadian Intercompany Creditors". The Debtors also seek to establish bar dates for the

---

[7]    The EMEA Claimants include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o., Nortel Networks International Finance & Holding B.V., Nortel Networks AG, Nortel Networks AS, Nortel Networks Optical Components Limited, Nortel Networks South Africa (Proprietary) Limited, Nortel Telecom International Limited and Northern Telecom France SA.

[8]    Solely for the purpose of this Motion, the Majority Owned Subsidiaries are: Nortel Networks India International Inc., Nortel Technology Excellence Centre Private Limited, Nortel Networks Japan, Nortel Networks de Guatemala, Ltda., Nortel Networks Trinidad and Tobago Limited, Nortel Networks Europe Sales Limited, Nortel Ventures LLC, Nortel Networks Technology Ltd., Nortel Altsystems International Limited, Nortel Networks (Shannon) Limited, Nortel Altsystems AB, Bay Networks Redes de Dados Para Sistemas Informaticos, Lda., Nortel Networks Eastern Mediterranean Ltd., Nortel Networks Technology K.K. and Nortel Networks Technology (Thailand) Ltd.

filing of claims held by directors and officers who were directors and/or officers as of August 1, 2009 (each a "Post-filing Director or Officer" and collectively, the "Post-filing Directors and Officers"), solely for claims for indemnification and/or contribution arising from such director's and/or officer's service to the Debtors or any of the Debtors' non-debtor affiliates (the "Indemnification Claims"), which similarly were excluded from prior bar date orders. In order to advance the claims reconciliation process to the next stage, the Debtors will need complete and accurate information describing the nature, validity, amount and status of the claims of Non-Canadian Intercompany Creditors and Indemnification Claims of the Post-filing Directors and Officers that will be asserted against the Debtors.[9] Therefore, the Debtors request that the Court establish the Non-Canadian Intercompany Claims and D&O Bar Dates.

### Basis For Relief

10. Bankruptcy Rule 3003(c)(3) authorizes the Court to fix a deadline before which proofs of claim must be filed and Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest." If creditors whose claims have been scheduled as disputed, contingent or unliquidated or whose claims have not been scheduled wish to be treated as creditors for such claims for purposes of voting and distribution, Bankruptcy Rule 3003(c)(2) requires such creditors to file a proof of claim before the deadline established by the Court.

11. Bankruptcy Rule 3003(c)(3) provides, in pertinent part: "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).

---

[9] For the avoidance of doubt, the Non-Canadian Intercompany Claims and D&O Bar Dates apply to claims against any domestic or foreign branch offices of the Debtors.

12. When setting a bar date, Bankruptcy Rule 2002(a)(7) requires that all parties in interest must generally receive at least 21 days notice of any bar dates established under Bankruptcy Rule 3003(c)(3).

13. As described above, on August 4, 2009 this Court entered an order establishing September 30, 2009 as the General Bar Date for filing proofs of claim with respect to pre-petition claims against the Debtors other than NN CALA. Subsequently, on December 3, 2009, this Court entered an order establishing January 25, 2010 as the NN CALA Bar Date. Non-Canadian Intercompany Creditors and Post-Filing Directors and Officers were exempted from both Bar Date Orders. See Bar Date Order ¶ 6(f), (i); see also NN CALA Bar Date Order ¶ 6(f), (i).

14. Accordingly, the Debtors respectfully request that the Court enter an order, pursuant to Bankruptcy Rule 3003(c)(3) establishing the proposed Non-Canadian Intercompany Claims and D&O Bar Dates described below and set November 15, 2011 as the General Non-Canadian Intercompany Claims and D&O Bar Date for all Non-Canadian Intercompany Creditors and for the Indemnification Claims of the Post-filing Directors and Officers. Since the Debtors will provide notice of the Non-Canadian Intercompany Claims and D&O Bar Dates on or before September 26, 2011, creditors will have received more than 21 days prior notice of the Non-Canadian Intercompany Claims and D&O Bar Dates, as required by Bankruptcy Rule 2002(a)(7).

A.  **Creditors Who Must File Proofs of Claim**

15. <u>General Non-Canadian Intercompany Claims and D&O Bar Date</u>: The Debtors request that the Court establish November 15, 2011 as the General Non-Canadian Intercompany Claims and D&O Bar Date by which any Non-Canadian Intercompany Creditor holding

prepetition claims against the Debtors and any Post-filing Director or Officer holding pre-filing Indemnification Claims must file their proofs of claim, if any. Except as provided below, the General Non-Canadian Intercompany Claims and D&O Bar Date would apply to all Non-Canadian Intercompany Creditors holding claims and all Post-filing Directors and Officers holding Indemnification Claims (in each case whether secured, priority, unsecured or general unsecured) that arose on or prior to the Petition Date.

16. The General Non-Canadian Intercompany Claims and D&O Bar Date would apply to all prepetition claims asserted by Non-Canadian Intercompany Creditors and all Indemnification Claims of the Post-filing Directors and Officers, except that the following Non-Canadian Intercompany Creditors and Post-filing Directors and Officers would not need to file proofs of claim:

(a) Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer holding an Indemnification Claim that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent (as defined below) in a form substantially similar to Official Form No. 10 and/or the Section 503(b)(9) Claim Form for such claim;

(b) Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer holding an Indemnification Claim whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is _not_ scheduled as "disputed," "contingent" or "unliquidated"; _and_ (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; _and_ (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any Non-Canadian Intercompany Creditor holding a claim against the Debtors or Post-filing Director or Officer holding an Indemnification Claim against the Debtors that heretofore has been allowed by order of this Court;

(d) Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer holding an Indemnification Claim whose claim against the Debtors has been paid in full by the Debtors pursuant to an order of this Court; and

9

  (e)  Any Non-Canadian Intercompany Creditor holding a claim against the Debtors or Post-filing Director or Officer holding an Indemnification Claim for which specific deadlines have previously been fixed by this Court.

17. Pursuant to the Section 503(b)(9) Claims Order, the Debtors further request that the Court establish November 15, 2011 as the deadline for Non-Canadian Intercompany Creditors to file claims under section 503(b)(9) of the Bankruptcy Code. See 503(b)(9) Claims Order at ¶ 3. The Section 503(b)(9) Claims Order requires claimants to use the Section 503(b)(9) Claim Form to file such claims. See 503(b)(9) Claims Order at ¶ 5(b).

18. <u>Non-Canadian Intercompany and D&O Rejection Bar Date</u>: It is possible, but not likely, that certain Non-Canadian Intercompany Creditors or Post-filing Directors and Officers holding Indemnification Claims may assert claims in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to Section 365 of the Bankruptcy Code. The Debtors propose that for any claim that arises from a rejection (collectively, the "<u>Non-Canadian Intercompany and D&O Rejection Damage Claims</u>") that is approved by an order of the Court or the service of a notice in accordance with rejection procedures that have been or may be established by the Court, in either case entered or noticed after entry of the Non-Canadian Intercompany Claims and D&O Bar Date Order but before confirmation of the Plan, the Non-Canadian Intercompany and D&O Rejection Bar Date shall be the latter of: (a) the General Non-Canadian Intercompany Claims and D&O Bar Date, or (b) the date that is either (i) 30 days after entry of an order authorizing such rejection or (ii) where entry of an order is not required pursuant to the Rejection Procedures Order, 35 days after the Debtors file or serve by email, first class U.S. mail or overnight courier a notice of the rejection of such executory contract or unexpired lease pursuant to the Rejection Procedures Order, whichever is applicable.

19. <u>Non-Canadian Intercompany and D&O Amended Schedule Bar Date</u>: The Debtors propose that the Non-Canadian Intercompany and D&O Amended Schedule Bar Date for the filing of proofs of claims against the Debtors in respect of any disputed, contingent or unliquidated claims held by Non-Canadian Intercompany Creditors or Post-filing Directors and Officers holding Indemnification Claims in each case which claims are listed on any amended schedule or any portion of such schedule (the "<u>Non-Canadian Intercompany and D&O Amended Schedule</u>") shall be 21 days after the Debtors send, via first class U.S. mail, a notice of the relevant Non-Canadian Intercompany and D&O Amended Schedule identifying such claim.

20. Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer holding an Indemnification Claim, whose prepetition claim is (a) not listed or is improperly classified in the Schedules, (b) listed in an amount disputed by such Non-Canadian Intercompany Creditor or Post-filing Director or Officer, or (c) listed as disputed, contingent or unliquidated and who desires to participate or share in any distribution in the chapter 11 cases of the Debtors must file a proof of claim on or before the applicable Non-Canadian Intercompany Claims and D&O Bar Date. Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer that relies on the Schedules will bear responsibility for determining that its claim is accurately listed therein.

21. The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected on the Debtors' Schedules as to amount, liability, classification or otherwise; or (b) subsequently designate any claim as disputed, contingent or unliquidated; provided, however, that if the Debtors amend the Debtors' Schedules to designate a claim as disputed, contingent or unliquidated or to change the amount, nature or classification of a claim reflected therein, then the affected Non-Canadian Intercompany Creditor

or Post-filing Director or Officer shall have until the Non-Canadian Intercompany and D&O Amended Schedule Bar Date to file a proof of claim against the Debtors or to amend any previously filed proof of claim against the Debtors in respect of such amended claim. Nothing set forth herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**B.  Effect of Failure to File Proof of Claim**

22.  Pursuant to Bankruptcy Rule 3003(c)(2), any Non-Canadian Intercompany Creditor and Post-filing Director or Officer holding an Indemnification Claim that is required to file a proof of claim against the Debtors in their chapter 11 cases (pursuant to the Bankruptcy Code, the Bankruptcy Rules or the order granting this Motion) with respect to a particular claim against the Debtors, but that fails to do so by the applicable Non-Canadian Intercompany Claims and D&O Bar Date, should be forever barred, estopped and enjoined from asserting any claim (or filing a proof of claim with respect thereto) against the Debtors or their estates that, if scheduled, (a) is in excess of the amount set forth in the Schedules as liquidated, undisputed and not contingent, or (b) is for a different amount, nature or classification. In such instance, the Debtors and their estates shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such Non-Canadian Intercompany Creditor or Post-filing Director or Officer shall neither be permitted to vote on any plan or plans of the Debtors nor participate in any distribution in their chapter 11 cases on account of such claim. In addition, such Non-Canadian Intercompany Creditor or Post-filing Director or Officer shall not be entitled to any further notice in the Debtors' chapter 11 cases with respect to such claim.

C.  **Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim**

23.  The Third Circuit has explained that "[f]or notice purposes, bankruptcy law divides claimants into two types, 'known' and 'unknown.' Known creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995) (internal citations omitted).

24.  Accordingly, the Debtors propose to serve on all known Non-Canadian Intercompany Creditors and Post-filing Directors and Officers holding potential prepetition claims against the Debtors, as appropriate, (a) a notice of the Non-Canadian Intercompany Claims and D&O Bar Dates substantially in the form of the notice attached hereto as Exhibit B (the "Non-Canadian Intercompany Claims and D&O Bar Date Notice"), (b) a proof of claim form substantially in the form attached hereto as Exhibit C (the "Non-Canadian Intercompany and D&O Proof of Claim Form"), which substantially conforms to Official Form No. 10, and (c) a Section 503(b)(9) Claim Form (together with the Non-Canadian Intercompany Claims and D&O Bar Date Notice and the Non-Canadian Intercompany and D&O Proof of Claim Form, the "Non-Canadian Intercompany Claims and D&O Bar Date Package"). The mailing of the Non-Canadian Intercompany Claims and D&O Bar Date Package on or about September 26, 2011 will ensure that creditors of the Debtors receive no less than 30 days notice of the Intercompany Claims Bar Dates, which notice exceeds the minimum 21-day notice period provided by Bankruptcy Rule 2002(a)(7).

25.  The Debtors intend to mail the Non-Canadian Intercompany Claims and D&O Bar Date Package by first class U.S. mail to:

    (a)    the United States Trustee;

    (b)    counsel to the Committee;

(c) counsel to the Bondholder Group;

(d) all known Non-Canadian Intercompany Creditors (or their counsel), including all Non-Canadian Intercompany Creditors listed in the Schedules as holding claims;

(e) all known Post-filing Directors and Officers (or their counsel, if known), including all Post-filing Directors and Officers listed in the Schedules as holding claims;

(f) the general service list established in these chapter 11 cases; and

(g) such additional entities as deemed appropriate by the Debtors.

26. The Non-Canadian Intercompany and D&O Proof of Claim Form shall indicate whether the applicable Non-Canadian Intercompany Creditor or Post-filing Director and Officer's claim is listed on the Schedules, and whether the claim is listed as disputed, contingent or unliquidated. If a claim is listed on the Schedules in a liquidated amount that is not disputed or contingent, then the dollar amount of such claim (as listed on the Schedules) shall be set forth on the Non-Canadian Intercompany and D&O Proof of Claim Form.

27. In addition, the Debtors propose to publish notice of the Non-Canadian Intercompany Claims and D&O Bar Dates. While the Debtors believe that they will be able to properly serve all Non-Canadian Intercompany Creditors and Post-filing Directors and Officers by referencing the addresses listed in their books and records, the Debtors are proposing to publish notice in an abundance of caution in the event the actual current addresses of the intended recipients have changed and such changes are not properly reflected in the Debtors' books and records.[10] Accordingly, the Debtors request authority to publish notice of the Non-Canadian Intercompany Claims and D&O Bar Dates substantially in the form attached hereto as Exhibit D (the "Publication Notice") no later than 30 days before the General Non-Canadian

---

[10] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed R. Bankr. P. 2002(l).

14

Intercompany Claims and D&O Bar Date in <u>The Globe and Mail</u> and <u>The Wall Street Journal</u> (national and global editions). This Court has frequently approved publication in The Wall Street Journal and other major newspapers as a means of providing adequate notice to unknown creditors. <u>See, e.g.</u>, <u>In re Tribune Co.</u>, Case No. 08-13141 (KJC) (Bankr. D. Del. March, 26, 2009); <u>In re Netversant Solutions, Inc.</u>, Case No. 08-12973 (PJW) (Bankr. D. Del. Feb. 20, 2009). Additionally, the Debtors will post a copy of the Publication Notice and the Non-Canadian Intercompany Claims and D&O Bar Date Package on http://dm.epiq11.com/nortel, the independent website maintained by the Claims Agent (as defined below).

### E. Supplemental Bar Dates, If Necessary

28. After the initial mailing of the Non-Canadian Intercompany Claims and D&O Bar Date Package, the Debtors anticipate that it may be appropriate to make supplemental mailings of notices in certain limited situations, including without limitation, where: (a) Non-Canadian Intercompany Claims and D&O Bar Date Packages are returned by the post office with forwarding addresses (unless packages are returned as "return to sender" without a forwarding address, in which case the Debtors will not be required to mail additional notices to such addressees); or (b) additional potential Non-Canadian Intercompany Creditors or Post-filing Directors and Officers become known to the Debtors as a result of the Non-Canadian Intercompany Claims and D&O Bar Date notice process.

29. Further, the Debtors anticipate that it may be appropriate to establish supplemental bar dates on a very limited basis, with respect to, among others (a) Non-Canadian Intercompany Creditors or Post-filing Directors and Officers who were initially mailed notice of the applicable Non-Canadian Intercompany Claims and D&O Bar Date, but as to which a re-mailing of the notice cannot be accomplished in time to provide at least 21 days notice of the

applicable Non-Canadian Intercompany Claims and D&O Bar Date, and (b) other creditors that become known to the Debtors after the applicable Non-Canadian Intercompany Claims and D&O Bar Date.

30.   In the event that supplemental mailings of the Non-Canadian Intercompany Claims and D&O Bar Date Packages or a supplemental bar date are required, the Debtors request that the Court permit such supplemental mailings or bar dates pursuant to the supplemental bar date process established in these cases. See Bar Date Order at ¶ 13; see also NN CALA Bar Date Order at ¶ 14.

### F.   Procedure for Filing Proofs of Claim

31.   Each Non-Canadian Intercompany Creditor and Post-filing Director or Officer holding a claim against the Debtors that is required to file proof of such claim will be required to deliver the Non-Canadian Intercompany and D&O Proof of Claim Form (or a proof of claim form substantially similar to Official Form No. 10) or a Section 503(b)(9) Claim Form for claims asserted under section 503(b)(9) of the Bankruptcy Code, together with supporting documents, if any, by first class U.S. mail, postage prepaid to:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station, P.O. Box 5075
> New York, NY 10150-5075

or, if sent by hand delivery or overnight courier, to:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

The claim forms must be appropriately completed and signed, so as to be received on or before the General Non-Canadian Intercompany Claims and D&O Bar Date, or other applicable date as set forth herein. Proof of claim forms sent by facsimile or telecopy will not be accepted. The

16

Debtors request that the Court order that all proofs of claim filed by Non-Canadian Intercompany Creditors and Post-filing Directors and Officers (for such directors' and officers' Indemnification Claims only) be deemed timely filed only if <u>actually received</u> by the Claims Agent (as defined below) on or before 4:00 p.m. (prevailing Eastern Time) on the applicable Non-Canadian Intercompany Claims and D&O Bar Date.

32. Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful United States currency; provided, however, that the Debtors shall have the right to convert a claim denominated in non-U.S. currency into U.S. currency using the Reuters closing rate as of the Petition Date, unless the Debtors deem another date more appropriate.

33. All proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor. All such proofs of claim must be in substantial conformity with the Non-Canadian Intercompany and D&O Proof of Claim Form (or a proof of claim form substantially similar to Official Form No. 10) or the Section 503(b)(9) Claim Form for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code.

34. Failure to satisfy these conditions will result in such claim being deemed improperly filed pursuant to Bankruptcy Rule 3003(c).

G. **Claims Agent**

35. Pursuant to an order of the Court entered on January 15, 2009 [D.I. 38], Epiq Bankruptcy Solutions, LLC ("Epiq") is the claims agent ("Claims Agent") for the Court with respect to the Debtors' chapter 11 cases. In such capacity, Epiq is responsible for, among other things, maintaining the database containing the Schedules and maintaining and docketing proofs of claim that are filed in these chapter 11 cases.

36. Epiq has advised the Debtors that it expects to be able to complete the mailing of the Non-Canadian Intercompany Claims and D&O Bar Date Package by September 26, 2011. By establishing November 15, 2011 as the General Non-Canadian Intercompany Claims and D&O Bar Date, potential claimants will have at least 30 days from the mailing of notices to file proofs of claim. Such period complies with Bankruptcy Rule 2002(a)(7) and is an adequate period of time within which to file proofs of claim.

## Reservation of Rights

37. The Debtors reserve any rights of the Debtors, or of any other party in interest, to dispute or assert offsets or defenses to any claim reflected in the Schedules.

## Notice

38. Notice of the Motion has been given, via first class mail, to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) the general service list established in these chapter 11 cases; (v) the Monitor; (vi) the Canadian Debtors; (vii) the Joint Administrators; (viii) Non-Canadian Intercompany Creditors or their counsel; and (ix) the Debtors' Post-filing Directors and Officers or their counsel. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

39.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: September 2, 2011
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

4475773.1