## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: 9/14/2011 @ 4:00 p.m.** |
| | ) | **Hearing Date:  9/21/2011 @ 10:00 a.m.** |

## MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PLAN PARTICIPANTS FOR AN ORDER ESTABLISHING PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §1102(b)(3) AND 1103(c)

The Official Committee of Long Term Disability Plan Participants (the "LTD Committee") of Nortel Networks Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed co-counsel, Elliott Greenleaf, hereby files this motion (the "Motion"), pursuant to sections 105(a), 1102(b)(3)(A) and 1103(c) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order (the "Order"), establishing procedures for compliance with the requirement to provide access to information for the Debtors' long term disability plan participants under Bankruptcy Code section 1102(b)(3)(A).  In support of this Motion, the LTD Committee respectfully represents as follows:

### BACKGROUND

1.      On January 14, 2009, each of the Debtors filed a voluntary petition for relief in

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code.  On January 15, 2009, the Court entered an order jointly administering these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses as Debtors in possession.

2.    On June 22, 2011, this Court entered an order authorizing the appointment of the LTD Committee (Docket No. 5790) (the "LTD Committee Order").  Pursuant to the LTD Committee Order, the LTD Committee's appointment was for the sole purpose of serving as the authorized representative the Debtors' long term disability plan (the "LTD Plan") participants in connection with negotiations regarding the modification or termination of the LTD Plan, and any claims relating thereto.

3.    On August 2, 2011, the United States Trustee for the District of Delaware appointed the LTD Committee (Docket No. 6073).  The LTD Committee currently consists of seven members.[2]

## JURISDICTION

4.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 1102 and 1103 of the Bankruptcy Code.

## RELIEF REQUESTED

5.    Pursuant to Bankruptcy Code section 1103(c), the LTD Committee is authorized to, among other things, consult with the Debtors, participate in the formulation of a plan, and

---

[2]    The LTD Committee consists of the following members: Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts, and Deborah Jones.

perform such other services as are in the interests of those represented.  See 11 U.S.C. § 1103(c).

In addition, as part of the LTD Committee's duties, pursuant to Bankruptcy Code section

1102(b)(3)(A), the LTD Committee is required to provide access to information for the creditors

represented by the LTD Committee. See 11 U.S.C. § 1102(b)(3)(A).

      6.      By this Motion, the Committee seeks entry of the Order, *nunc pro tunc* to August

2, 2011 (the "Committee Formation Date"), clarifying and implementing an information protocol

(the "Information Protocol") regarding the dissemination of information to the Debtors' LTD

Plan participants, which Information Protocol does not require the LTD Committee to

disseminate confidential, proprietary, or non-public information concerning the Debtors or the

LTD Committee, or any other information if the effect of such disclosure would constitute a

waiver of any privilege or confidentiality agreement between the LTD Committee and the

Debtors.  The relief requested herein will help ensure that confidential, privileged, proprietary,

and/or material non-public information regarding the Debtors or the LTD Committee will not be

disseminated to the detriment of the Debtors' estates or their unsecured creditors and will aid the

Committee in performing its statutory functions and duties.

## THE INFORMATION PROTOCOL

      7.      The LTD Committee proposes the Information Protocol in order to satisfy the

LTD Committee' obligation to provide the Debtors' LTD Plan participants with access to

information pursuant to Bankruptcy Code section 1102(b)(3)(A).  Pursuant to the Information

Protocol, the LTD Committee has, among other things, agreed to:

      (a)      Establish and maintain an Internet-accessible website (the "LTD Committee Website"), to be maintained by and through the LTD Committee's proposed information agent, Kurtzman Carson Consultants LLC (the "Information Agent") or such other information agent as is approved by the Court, that provides, without limitation:

(i)      a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapter11.eqipsystems.com/nortel, which shall include, among other things, the case docket and claims register;

(ii)     a link or other form of access to the website maintained by the information agent of Official Committee of Unsecured Creditors' (the "Unsecured Creditors Committee") at http://www.kccllc.net/nortelcommittee;

(ii)     highlights of significant events in the Debtors' chapter 11 cases (the "Chapter 11 Cases") affecting LTD Plan participants;

(iii)    a calendar with upcoming significant events in the Chapter 11 Cases affecting LTD Plan participants;

(iv)     a general overview of the chapter 11 process;

(v)      press releases (if any) issued by the LTD Committee or the Debtors;

(vi)     a registration form for creditors to request "real-time" updates regarding the Chapter 11 Cases via electronic mail;

(vii)    a form to submit LTD Plan participant questions, comments and requests for access to information;

(viii)   responses to LTD Plan participant questions, comments, and requests for access to information; provided, that the LTD Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the creditor's agreement to appropriate confidentiality and trading constraints;

(ix)     answers to frequently asked questions;

(x)      links to other relevant websites, if any;

(xi)     the names and contact information for the Debtors' counsel and restructuring advisors;

> (xii)    the names and contact information for the Unsecured Creditors Committee's counsel and financial advisors; and
>
> (xiii) the names and contact information for the LTD Committee's counsel.

(b)    Distribute updates by and through the Information Agent regarding the Chapter 11 Cases via electronic mail for creditors that have registered for such service on the LTD Committee Website; and

(c)    Establish and maintain a telephone number and electronic mail address by and through the Information Agent for creditors to submit questions and comments.

8.    Given the existence of dedicated websites maintained by both the Debtors and the Unsecured Creditors' Committee that, together, provide information with respect to the Debtors' bankruptcy cases as a whole, the LTD Committee respectfully submits that a more limited website, dedicated solely to LTD Plan participant issues and needs, is appropriate in this instance.

## BASIS FOR RELIEF REQUESTED

9.    Bankruptcy Code section 1102 governs the appointment of statutory creditors' and equity security holders' committees. See 11 U.S.C. § 1102(a). Bankruptcy Code Section 1102(b)(3) requires creditors' committees to disseminate information to creditors holding claims of the type represented by the committee but who are not appointed to the committee. Specifically, Bankruptcy Code section 1102(b)(3) provides, in pertinent part, as follows:

A committee appointed under subsection (a) shall-

> (A)    provide access to information for creditors who –
>
> (i)    hold claims of the kind represented by that committee; and
>
> (ii)    are not appointed to the committee;

(B)     solicit and receive comments from the creditors described in subparagraph (A); and

(C)     be subject to a court order that compels any additional report or . disclosure to be made to the creditors described in subparagraph (A).

10.     As Bankruptcy Code section 1102(b)(3)(A) omits a clear definition of the scope of information which creditors' committees must make available to committee members, the LTD Committee respectfully submits that Bankruptcy Code section 1102(b)(3)(A) is unclear and ambiguous.  See In re Refco, Inc., 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006).  The statute simply requires a committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided.  In its extreme, Bankruptcy Code section 1102(b)(3)(A) could be read as requiring a statutory committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates disclosure requirements of the securities laws.  See 17 C.FR §§ 243.100 to 243.103 (2005).

11.     This broad interpretation of Bankruptcy Code section 1102(b)(3) may create tension between the Debtors and the LTD Committee to the extent that the LTD Committee seeks access to confidential or proprietary information.  Additionally, an overly broad reading of Bankruptcy Code section 1102(b)(3)(A) "might ... impose an obligation contrary to other applicable laws and the [c]ommittee's fiduciary duties and hamper the [c]ommittee's performance under section 1103 of the Bankruptcy Code."  Refco, 336 B.R. at 190.

12.     When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." U.S. v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989)

(quoting <u>Caminetti v. United States</u>, 242 U.S. 470,485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters ... the intention of the drafters, rather than the strict language, controls." <u>Id</u>. at 242-43 (citing <u>Griffin v. Oceanic Contractors, Inc</u>., 458 U.S. 564 (1982) (internal quotations omitted)).

13.    The legislative history does not provide any further guidance on this point and merely reiterates the language of Bankruptcy Code section 11 02(b)(3). <u>See</u> H.R. Rep. No.1 09-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

14.    Given the ability to share information through the Internet or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a statutory committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case. Congress could not have intended for a statutory committee to be required to provide unfettered access to every type and kind of information that a statutory committee receives from a debtor. If this had been the intention, Bankruptcy Code section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code, including the plenary authority to obtain information and act in a fiduciary capacity pursuant to Bankruptcy Code section 1103(c).

15.    Absent relief of the kind sought herein, debtors will undoubtedly be concerned that information shared with a statutory committee may be shared with the public, including competitors and interested acquirors. Similarly, statutory committees will be concerned that the

fruits of their own investigation may be disseminated to inappropriate parties. In turn, these concerns will impede a statutory committee's own efforts to obtain information, which will undermine such committee's ability to maximize its constituency's recoveries. Certainly, the drafters could not have intended Bankruptcy Code section 1102(b)(3) to hinder a statutory committee's obligations under Bankruptcy Code section 1103(c). These statutes must be harmonized with the overall purposes of chapter 11.

16.     In addition, the delivery of unfettered access to information by a committee to its constituents could impact the attorney-client and work product privileges between a committee and its counsel or other agents. Cf. In re Baldwin-United Corp., D.H., 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege). This is particularly relevant given the LTD Committee's crucial investigative powers and the possibility that the LTD Committee will be gathering information relevant to potential causes of action.

17.     Given the importance of this issue, the LTD Committee seeks clarification that Section 1102(b)(3) of the Bankruptcy Code does not require the LTD Committee to disseminate proprietary, non-public, confidential information and attorney-client communications concerning the Debtors and determining that the LTD Committee to be in compliance with Bankruptcy Code section 1102(b)(3) as a result of the implementation of the Information Protocol.

**The LTD Committee's Information Agent**

18.     In order to assist the LTD Committee in complying with the Information Protocol, the LTD Committee also is filing an application to retain Kurtzman Carson Consultants LLC ("KCC") as the Committee's Information Agent.

19.     KCC is a company that specializes in, among other things, assisting creditors' committees in fulfilling their statutory obligations to a debtor's unsecured creditor body pursuant

to section 1102 of the Bankruptcy Code. Subject to its retention being approved by this Court, KCC will create a Web-based system that is designed to provide a formatted, organized, and comprehensive system to provide access to information about these Chapter 11 Cases, consistent with the Information Protocol, to the Debtors' LTD Plan participants and, in fact, the entire world.

**The Court's Inherent Power**

20. Bankruptcy Code section 105(a) provides, in pertinent part, that the Court may "issue any order ... that is necessary or appropriate to carry out the provisions of this title." The Committee believes that the relief requested herein is necessary for the Committee to fulfill its statutory functions and obligations as contemplated by Bankruptcy Code section 1103(c).

21. The LTD Committee submits that the relief requested herein is appropriate and well within the authority of this Court. As Bankruptcy Code section 1102(b)(3)(A) might otherwise have a substantial chilling effect on information that the Debtors may be willing to share with the LTD Committee, or on the LTD Committee's development of independent analyses, it cannot be seriously questioned that the relief requested herein is "necessary and appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

22. Further, Bankruptcy Code section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall ... protect an entity with respect to trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Code section 107(b)(1) and Rule 9018 of the Federal Rules of Bankruptcy Procedure empower this Court to protect the Debtors' confidential information from disclosure to non-committee members of the LTD Committee.

23.     Relief substantially similar to the relief requested herein has been approved previously in this case and in District. <u>See, e.g</u>, <u>In re Nortel Networks, Inc.</u>, No. 09-10138 (KG) (Bankr. D. Del. Mar. 4, 2009) (Docket No. 433); <u>In re Tropicana Entertainment, LLC</u>, No. 08-10856 (KIC) (Bankr. D. Del. Jul. 10, 2008); <u>In re Linens Holding Co.</u>, No. 08-10832 (CSS) (Bankr. D. Del. June 30, 2008); <u>In re Fedders North America, Inc.</u>, 07-1176 (BLS) (Bankr. D. Del. Sept. 18, 2007); <u>In re Dura Automotive Systems</u>, Inc., 06-11202 (KJC) (Bankr. D. Del. Dec. 12, 2006); <u>In re Three A's Holdings</u>, 06-10886 (BLS) (Bankr. D. Del. Oct. 13, 2006); <u>In re Radnor Holdings Corp.</u>, 06-10894 (PJW) (Bankr. D. Del. Sept. 19, 2006); <u>In re Werner Holding Co. (DE), Inc.</u>, 06-10578 (KJC) (Bankr. D. Del. Aug. 8,2006); <u>In re Global Home Products, LLC</u>, No. 06-10340 (KG) (Bankr. D. Del. May 4, 2006); <u>In re J. L. French Automotive Castings, Inc.</u>, 06-10119 (MFW) (Bankr. D. Del. Apr. 24, 2006); <u>In re Nellson Nutraceutical, Inc.</u>, 06-10072 (CSS) (Bankr. D. Del. Feb. 24, 2006); <u>In re Nobex Corp.</u>, 05-20050 (MFW) (Bankr. D. Del. Feb. 10, 2006); <u>In re FLYi, Inc.</u>, 05-20011 (MFW) (Bankr. D. Del. Nov. 15, 2005).

## NOTICE

24.     No trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the Unsecured Creditors' Committee; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. Based on the foregoing, the LTD Committee respectfully submits that no further notice is needed.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the LTD Committee respectfully requests that the Court enter the Order,

annexed hereto as Exhibit A, and grant the LTD Committee such other and further relief as the

Court deems just, proper and equitable.

Dated: September 2, 2011            **ELLIOTT GREENLEAF**
        Wilmington, Delaware

                                  Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
                                  Shelley A. Kinsella (DE Bar No. 4023)
                                  1105 N. Market Street, Suite 1700
                                  Wilmington, DE 19801
                                  Telephone:  (302) 384-9400
                                  Facsimile:  (302) 384-9399
                                  Email:  rxza@elliottgreenleaf.com
                                  Email:  sak@elliottgreenleaf.com

                                  *Proposed Counsel for the Long Term Disability*
                                  *Participants*