IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., et al.,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |
| | ) Objection Deadline: 9/14/2011 @ 4:00 p.m. |
| | ) Hearing Date:  9/21/2011 @ 10:00 a.m. |

## APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 1102(B)(3) AND 1103(C) AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS, LLC AS WEBSITE PROVIDER FOR THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PLAN PARTICIPANTS AND APPROVING RELATED AGREEMENT

The Official Committee of Long Term Disability Plan Participants (the "LTD Committee") of Nortel Networks Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed co-counsel, Elliott Greenleaf, hereby files this application (the "Application"), pursuant to sections 105(a), 1102(b)(3) and 1103(c) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order (the "Order") authorizing the employment and retention of Kurtzman Carson Consultants, LLC as Website provider for the LTD Committee. In support of this Application, the LTD Committee respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## BACKGROUND

1. On January 14, 2009, each of the Debtors filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code. On January 15, 2009, the Court entered an order jointly administering these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses as Debtors in possession.

2. On June 22, 2011, this Court entered an order authorizing the appointment of the LTD Committee (Docket No. 5790) (the "LTD Committee Order"). Pursuant to the LTD Committee Order, the LTD Committee's appointment was for the sole purpose of serving as the authorized representative the Debtors' long term disability plan (the "LTD Plan") participants in connection with negotiations regarding the modification or termination of the LTD Plan, and any claims relating thereto.

3. On August 2, 2011, the United States Trustee for the District of Delaware appointed the LTD Committee (Docket No. 6073). The LTD Committee currently consists of seven members.[2]

## JURISDICTION

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] The LTD Committee consists of the following members: Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts, and Deborah Jones.

## RELIEF REQUESTED

A. **Services to be Provided**

5. By the Application, the LTD Committee seeks an order appointing KCC to act as its official website provider to comply with its obligations under section 1102(b)(3) of the Bankruptcy Code, which provides that:

> A Committee appointed under subsection (a) shall—
>
> (A) provide access to information for creditors who—
>  (i) hold claims of the kind represented by the committee; and
>  (ii) are not appointed to the committee;
> (B) solicit and receive comments from the creditors described in subparagraph (A); and
> (C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b).

6. The LTD Committee believes that the retention of KCC will assist the LTD Committee in complying with its obligations under section 1102(b)(3) of the Bankruptcy Code, add to the effective administration of these chapter 11 cases and reduce the overall expenses of administering the cases.

7. This Application is made pursuant to sections 105(a), 1102(b)(3) and 1103(c) of the Bankruptcy Code for an order: (a) appointing KCC to act as official communications agent for the committee; and (b) authorizing the retention and employment of KCC and the payment of KCC's fees by the Debtors' estates without requiring the submission of fee applications, as more fully described below and in that certain Agreement for Services (the "<u>KCC Agreement</u>")

3

(Exhibit "B").[3]  KCC will undertake, *inter alia*, the following actions and procedures:

    (a)    Establish and maintain an Internet –accessible website (the "Committee Website") that provides, without limitation:

        (i)    a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapter11eqipsystems.com/nortel, which shall include, among other things, the case docket and claims register;

        (ii)    highlights of significant events in the Debtors' chapter 11 cases (the "Chapter 11 Cases");

        (iii)    a calendar with upcoming significant events in Chapter 11 Cases;

        (iv)    a general overview of the chapter 11 process;

        (v)    press releases (if any) issued by the Committee or the Debtors;

        (vi)    a registration form for creditors to request "real-time" updates regarding the Chapter 11 Cases via electronic mail;

        (vii)    a form to submit creditor questions, comments and requests for access to information;

        (viii)    responses to creditor questions, comments and requests for access to information; provided, that the LTD Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the creditor's agreement to appropriate confidentiality and trading constraints;

        (ix)    answers to frequently asked questions;

        (x)    links to other relevant websites;

        (xi)    the names and contact information for the Debtors' counsel and restructuring advisors; and

        (xii)    the names and contact information for the LTD Committee's counsel and financial advisors;

---

[3]  Exhibit B to be filed subsequent to this Application. KCC's fee structure, which is a schedule to the KCC Agreement, has not been included herein. While KCC is charging its normal and customary rates for the services set forth in the KCC Agreement, in order to maintain its competitive rates, the fee structure has not been included with this Application. The fee structure has been provided to the Debtors, the United States Trustee and a copy will be provided to the Court.

(b) Distribute updates regarding the Chapter 11 Cases via electronic mail for creditors that have registered for such services on the Committee website; and

(c) Establish and maintain a telephone a telephone number and electronic mail address for creditors to submit questions and comments.

**B.    KCC's Qualifications**

8.    KCC is particularly well suited to perform the foregoing tasks. KCC is one of the country's leading chapter 11 administrators, and specializes in noticing, claims processing, balloting and other administrative tasks necessary to operate chapter 11 cases effectively. Recent large chapter 11 cases in this and other Districts in which KCC has been retained as noticing and claims agent and created websites to provide access to information include: *In re DSI Holdings, Inc., et al.*, Case No. 11-11941 (Bankr. D. Del. June 26, 2011); *In re Nebraska Book Co., Inc., et al.*, Case No. 11-12005 (Bankr. D. Del. June 27, 2011); *In re Caribe Media, Inc., et al.*, Case No. 11-11387 (Bankr. D. Del. May 3, 2011); *In re Barnes Bay Development, Ltd., et al.*, Case No. 11-10792 (Bankr. D. Del. March 17, 2011); *In re New Stream Secured Capital, Inc., et al.*, Case No. 11-10753 (Bankr. D. Del. March 13, 2011); *In re Ultimate Acquisition Partners, LP*, Case No. 11-10245 (Bankr. D. Del. January 26, 2011); *In re Javo Beverage Co., Inc.*, Case No. 11-10212 (Bankr. D. Del. January 24, 2011); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (Bankr. D. Del. January 19, 2011); *In re Constar Int'l Inc.*, Case No. 11-10109 (Bankr. D. Del. January 11, 2011); *In re Local Insight Media Holdings, Inc., et al.*, Case No. 10-13677 (Bankr. D. Del. November 17, 2010); *In re Claim Jumper Restaurants, LLC, et al.*, Case No. 10-12819 (Bankr. D. Del. September 10, 2010); *In re Caribbean Petroleum Corp., et al.*, Case No. 10-12553 (Bankr. D. Del. August 12, 2010); *In re American Safety Razor Company, LLC, et al.*, Case No. 10-12351 (Bankr. D. Del. July 28, 2010); *In re Marco Polo Seatrade B.V., et al.*, Case No. 11-13634 (Bankr. S.D.N.Y. July 29, 2011); *In re MSR Resort Golf Course LLC,*

5

*et al.*, Case No. 11-10372 (Bankr. S.D.N.Y. February 1, 2011); *In re Vertis Holdings, Inc.*, Case No. 10-16170 (Bankr. S.D.N.Y. November 17, 2010); *In re American Media, Inc.*, Case No. 10-16140 (Bankr. S.D.N.Y. November 17, 2010); *In re Loehmann's Holdings, Inc.*, Case No. 10-16077 (Bankr. S.D.N.Y. November 15, 2010); *In re Archdiocese of Milwaukee*, Case No. 11-20059 (Bankr. E.D. Wisc. January 4, 2011); *In re Ecoly Int'l, Inc., et al. (a/k/a Sexy Hair Concepts, LLC)*, Case No. 10-25922 (Bankr. C.D. Cal. December 21, 2010); *In re Black Gaming, LLC*, No. 10-13301 (Bankr. D. Nev. Mar. 5, 2010); *In re Movie Gallery, Inc.*, No. 10-30696 (Bankr. E.D. Va. Feb. 3, 2010). As such, KCC is well qualified to prepare the Committee Website and to assist the LTD Committee in providing the Debtors' unsecured creditors with access to information in connection with these cases.

C.    **Terms of Retention**

9.    KCC shall be compensated by the Debtors' estates for services rendered to the LTD Committee in connection with the Debtors' cases as more fully described below. In addition, the LTD Committee seeks to have the fees and expenses curred by KCC in providing its services as set forth in the KCC Agreement subject to the limits set forth in the Order Authorizing the Debtors to Retain and Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date, dated February 5, 2009 (the "<u>Ordinary Course Professional Order</u>") (Docket No. 236) and the procedures set forth therein that apply in the event that KCC's fees and expenses exceed the limits set for Tier One OCPs (as such term is defined in the Ordinary Course Professional Order). These are the same procedures under which KCC is employed as information agent for the Official Committee of Unsecured Creditors in these cases.

10.    KCC will deliver monthly invoices to the Debtors for payment without the

necessary of KCC filing fee applications with the Bankruptcy Court. Payments to KCC are to be based upon KCC's submission of a billing statement with a detailed listing of services, expenses and supplies, to the LTD Committee and the Debtors within fifteen (15) days of the end of each calendar month. The LTD Committee and the Debtors shall have ten (10) days to object to the monthly invoices. If an objection cannot be resolved, the LTD Committee will schedule a hearing before this Court to consider the disputed invoice. Unless advised of an objection, the Debtors will pay each KCC invoice within thirty (30) days after the tenth (10th) day after the receipt of the invoice, in the ordinary course of business. If an objection is raised to a KCC invoice, the Debtors will remit to KCC only the undisputed portion of the invoice and, if applicable, will pay the remainder to KCC upon the resolution of the dispute, as mandated by the Bankruptcy Court.

11.     The LTD Committee requests that the fees and expenses KCC incurs in the performance of its services be treated as an administrative expense of the Debtors' chapter 11 estates and paid by the Debtors in the ordinary course of business without further application to the Bankruptcy Court; provided, however, that to the extent that KCC's fees and expenses are disallowed by this Court, KCC shall not be entitled to an administrative claim for such disallowed fees and expenses.

### D.     KCC's Disinterestedness

12.     Based upon the affidavit of Drake D. Foster (the "Foster Affidavit") (Exhibit "C"[4]), KCC's General Counsel, to the best of KCC's knowledge, except as set forth in the Affidavit, KCC has and represents no interest materially adverse to the interests of the LTD Committee or the Debtors' estates with respect to the matters upon which KCC would be

---

[4] Exhibit C to be filed subsequent to the filing of this Application.

7

employed and the LTD Committee believes that its employment will be in the best interest of the creditors which the Committee represents, as well as the Debtors' estates.

13. As set forth in the Foster Affidavit, KCC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code. KCC and its professional personnel are not creditor, equity security holders or insiders of the Debtors, are not and were not, within two years before the date of the filing of Debtors' petitions, directors, officers or employees of the Debtors. KCC does not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

## NOTICE

14. No trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the Unsecured Creditors' Committee; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. Based on the foregoing, the Committee respectfully submits that no further notice is needed.

## NO PRIOR REQUEST

15. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the LTD Committee respectfully requests that the Court enter the Order, annexed hereto as Exhibit "A", authorizing the LTD Committee to retain KCC as website provider as set forth in this Application and the KCC Agreement, pursuant to sections 105(c),

1102(b)(3) and 1103(c) of the Bankruptcy Code, and granting the LTD Committee such other and further relief as the Court deems just, proper and equitable.

Dated: September 2, 2011      **ELLIOTT GREENLEAF**
    Wilmington, Delaware

                                            */s/ Rafael X. Zahralddin-Aravena*
                                            Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
                                            Shelley A. Kinsella (DE Bar No. 4023)
                                            1105 N. Market Street, Suite 1700
                                            Wilmington, DE 19801
                                            Telephone: (302) 384-9400
                                            Facsimile: (302) 384-9399
                                            Email: rxza@elliottgreenleaf.com
                                            Email: sak@elliottgreenleaf.com

                                            *Proposed Counsel for the Long Term Disability Participants*