# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administrated |
| | ) RE: Docket No. _____ |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(c) AUTHORIZING RETENTION OF KURTZMAN CARSON CONSULTANTS, LLC AS WEBSITE PROVIDER FOR THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PLAN PARTICIPANTS AND APPROVING RELATED AGREEMENT

Upon the Application of the Official Committee of Long Term Disability Plan Participants (the "LTD Committee") for an Order Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) Authorizing the Retention of Kurtzman Carson Consultants, LLC as the Website Provider for the Committee of Long Term Disability Plan Participants and Approved Related Agreement (the "Application")[2]; and upon the Affidavit of Drake D. Foster in support of the Application; and it appearing that the relief requested in the Application is in the best interests of the LTD Committee, the Debtors' estates, their creditors and all other parties in interest; and the Court being satisfied that KCC has the capability and experience to provide the services for which it is to be retained by the Committee, and that KCC does not hold an interest adverse to

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Unless otherwise defined, all capitalized terms used herein shall have the same meaning ascribed to such terms in the Application.

the Debtors' estates respecting the matters upon which KCC is to be engaged, and good and sufficient notice of the Application having been given, and no other or further notice being required; and sufficient cause appearing therefore; it is hereby

ORDERED that the Application is approved in its entirety; and it is further

ORDERED that the LTD Committee is authorized to retain KCC as its website provider subject to the terms of the Application and the KCC Agreement; and it is further

ORDERED that KCC shall perform the services set forth in the Application and KCC Agreement; and it is further

ORDERED that KCC shall deliver monthly invoices to the Debtors, and the Debtors shall pay KCC's fees and expenses as set forth in the KCC Agreement, without the necessity of KCC filing fee applications with this Court; and it is further

ORDERED that KCC's fees shall be subject to the limits set forth in the Ordinary Course Professional Order and the procedures set forth therein that apply in the event that KCC's fees exceed the limits set forth therein that apply in the event that KCC's fees exceed the limits set forth therein for Tier One OCPs (as such term is defined in the Ordinary Course Professional Order); and it is further

ORDERED that payments of KCC's monthly invoices are to be based upon KCC's submission of a billing statement with a detailed listed of services, expenses and supplies to the LTD Committee and the Debtors, within fifteen (15) business days of the end of each calendar month; the LTD Committee and the Debtors shall have ten (10) days to advise KCC of any objections to the monthly invoices; if an objection cannot be resolved, the LTD Committee will schedule a hearing before this Court to consider the disputed invoice; unless advised of an objection, the Debtors will pay each KCC invoice within thirty (30) days after the tenth (10th)

day after the receipt of the invoice, in the ordinary course of business; if an objection is raised to a KCC invoice, the Debtors will remit to KCC only the undisputed portion of the invoice and, if applicable, will pay the remainder to KCC upon the resolution of the dispute, as mandated by this Court; and it is further

ORDERED that the fees and expenses KCC incurs in the performance of its services shall be treated as an administrative expenses of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business without further application to this Court; provided, however, that to the extent that any of KCC's fees and expenses are disallowed by this Court, KCC shall not be entitled to an administrative claim for such disallowed fees and expenses; and it is further

ORDERED that the Debtors, the LTD Committee and KCC are authorized and empowered to take all actions necessary to implement the relief granted by this Order; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

# To Be Filed

Exhibit C

To Be Filed