IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |
| Nortel Networks Inc.,<br><br>and<br><br>Nortel Networks (CALA) Inc.<br><br>　　　　　　　　Plaintiffs,<br><br>Anixter Inc.<br><br>and<br><br>Anixter de Mexico, SA de CV<br><br>　　　　　　　　Defendants. | Adv. Proc. No. 11-50193 (KG)<br><br><br><br>**Hearing date:  September 21, 2011 10:00 AM (ET) (proposed)**<br>**Objections due: September 19, 2011 4:00 PM (ET) (proposed)** |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR
ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF
AVOIDANCE CLAIM BY AND BETWEEN NORTEL NETWORKS, INC. AND
NORTEL NETWORKS (CALA) INC. AND ANIXTER INC. AND ANIXTER DE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**MEXICO, SA DE CV, AND RESOLVING PROOFS OF CLAIM NOS. 4639 AND 6830 FILED BY ANIXTER INC. AND ANIXTER ARGENTINA SA**

Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN (CALA)"), and certain of its affiliates, as debtors and debtors-in-possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing NNI and NN (CALA) to enter into and approving a stipulation (the "Stipulation") with Anixter Inc. and Anixter Argentina SA (the "Claimants") and Anixter de Mexico, SA de CV (together with Anixter Inc., the "Defendants"), attached hereto as **Exhibit B**, resolving the Adversary Proceeding entitled Nortel Networks Inc., *et al.* v. Anixter Inc., *et al.*, Adv. Proc. No. 11-50193 (the "Adversary Proceeding"), resolving pre-petition proofs of claim nos. 4639 and 6830, and granting such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 502, 547 and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

3. On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors, other than NN (CALA),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") has appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>") in respect of the Debtors [Main D.I.s 141, 142],[3] and an ad hoc group of bondholders has been organized (the "<u>Bondholder Group</u>").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("<u>NNC</u>"), NNI's direct corporate parent ("<u>NNL</u>," and together with NNC and their affiliates, including the Debtors, "<u>Nortel</u>"), and certain of their Canadian affiliates (collectively, the "<u>Canadian Debtors</u>")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors Arrangement Act (Canada) (the "<u>CCAA</u>"), seeking relief from their creditors (collectively, the "<u>Canadian Proceedings</u>") and a Monitor, Ernst & Young Inc. (the "<u>Monitor</u>"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "<u>EMEA Debtors</u>")[5] into administration (the "<u>English Proceedings</u>")

---

[2] NN (CALA) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 11-50193) are in the form "Adv. D.I. __."

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities: NNUK, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks

under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### Relief Requested

7. By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547 and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii) resolving proofs of claim nos. 4634 and 6830 filed by the Claimants, and (iii) granting them such other and further relief as the Court deems just and proper.

### Facts Relevant to this Motion

8. Prior to the Petition Date, Anixter Inc. supplied the Debtors with electrical and electronic cable and wire products which were used across the Debtors' various business lines.

9. On or about September 29, 2009, Anixter Inc. filed proof of claim number 4639 in the amount of $4,042,609.64 against NNI as a general unsecured claim ("Claim No. 4639"). On or about March 20, 2009, the Claimants filed proof of claim number 6830 in the amount of $613,782.00 against NN (CALA) as a general unsecured claim ("Claim No. 6830"). NNI and NN (CALA) disputed these amounts.

10. On or about May 14, 2009, NNI and Anixter Inc. entered into a Stipulation of Settlement of Reclamation Demand and 503(b)(9) Motion of Anixter Inc. (the "503(b)(9) Settlement"), pursuant to which NNI agreed that Anixter Inc. shall have an allowed

---

Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

administrative claim under 11 U.S.C. § 503(b)(9) in NNI's chapter 11 case in the amount of $279,615.74 and NNI agreed to pay Anixter Inc. the amount of $1,074,197.19 and to ship the goods identified in the 503(b)(9) Settlement to Anixter Inc., at NNI's expense.

11.     On or about May 25, 2009, pursuant to the Notice of Proposed Settlement of Reclamation Demand and 503(b)(9) Motion of Anixter Inc. [Main D.I. 754], the 503(b)(9) Settlement was approved pursuant to the Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Sections 105(a), 362 and 546(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure [Main D.I. 336].

12.     Pursuant to the 503(b)(9) Settlement, Anixter Inc. has an allowed administrative claim against NNI in the amount of $279,615.74 which, as of the date of this Stipulation, NNI acknowledges remains unpaid (the "503(b)(9) Claim").

13.     Pursuant to the 503(b)(9) Settlement, NNI has paid Anixter Inc. the amount of $1,074,197.19 and has shipped the goods identified in the 503(b)(9) Settlement to Anixter Inc. at NNI's expense.

14.     The Debtors' books and records indicate that within ninety (90) days prior to the Petition Date, Debtors made one or more transfers of an interest in their property to or for the benefit of Defendants in the aggregate amount of $4,791,745.62 (the "Subject Transfers").

15.     On December 6, 2010, the Debtors instituted the Adversary Proceeding by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendants, in which they sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]. Thereafter, in an effort to negotiate an expeditious resolution of the

dispute between the Debtors, the Claimants and Anixter de Mexico, SA de CV, the parties entered into arm's-length settlement discussions.

16. As a result of these negotiations, the Debtors, subject to this Court's approval, have reached a compromise to resolve the Avoidance Claim and the dispute over Claim Nos. 4639 and 6830 by reducing and allowing Claim No. 4639 as a general unsecured claim in the amount of $3.4 million, and disallowing in its entirety and expunging Claim No. 6830, as memorialized in the Stipulation. The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of the Claims and the Avoidance Claim through the Stipulation is appropriate and in the best interests of both their estates and their creditors.

**Basis for Relief**

17. The Debtors seek authorization to enter into the Stipulation under sections 105(a), 502 and 503(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18. Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" In re

Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

19. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25. The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

20. The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"): "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62

B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

21. The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation, and request that the Debtors be authorized to enter into the Stipulation under Bankruptcy Rule 9019. While the Debtors are prepared to litigate the Claims and the Avoidance Claim and believe that they would prevail in such litigation, litigation carries with it inherent uncertainties and there are no assurances that such litigation would achieve a better result than the one set forth in the Stipulation. This resolution fairly balances the Debtors' likelihood of success on the merits of the Claims and the Avoidance Claim against their interest in avoiding the costs and uncertainty of litigation. Finally, the interests of the creditors militate in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Claims and the Avoidance Claim and the avoidance of legal expenses that would be incurred if these were to be litigated. In light of the foregoing, the Debtors respectfully seek authorization to enter into the Stipulation and approval of the Stipulation.

## Notice

22. Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to Anixter Inc.; (v) Anixter de Mexico, SA de CV; (vi) Anixter Argentina SA; and (vii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

23. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated:  September 7, 2011<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Deborah M. Buell (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>   */s/ Chad A. Fights*   <br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Chad A. Fights (No. 5006)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile:  (302) 658-3989<br><br>*Counsel for the Debtors<br>and Debtors in Possession* |