**EXHIBIT B**

EXECUTION COPY

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
                                                           :    Chapter 11
                                                           :
In re                                                      :
                                                           :
Nortel Networks Inc., et al.,[1]                           :    Case No. 09-10138 (KG)
                                                           :
                    Debtors.                               :    (Jointly Administered)
                                                           :
---------------------------------------------------------- X
                                                           :
Nortel Networks Inc.,                                      :
                                                           :
and                                                        :
                                                           :    Adv. Proc. No. 11-50193 (KG)
Nortel Networks (CALA) Inc.                                :
                                                           :
                    Plaintiffs,                            :
                                                           :
v.                                                         :
                                                           :
Anixter Inc.                                               :
                                                           :
and                                                        :
                                                           :
Anixter de Mexico, SA de CV                                :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------X
```

---

[1]  In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

EXECUTION COPY

## STIPULATION OF SETTLEMENT BY AND BETWEEN NORTEL NETWORKS INC., NORTEL NETWORKS (CALA) INC., ANIXTER INC., ANIXTER DE MEXICO, SA DE CV AND ANIXTER ARGENTINA SA

This stipulation (the "Stipulation") is entered into by and between Plaintiffs Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN (CALA)", and together with NNI, the "Plaintiffs") as two of the above-captioned debtors and debtors in possession (the Plaintiffs and the other entities identified in footnote 1 are the "Debtors," and each individually is a "Debtor"), on the one hand, and Anixter Inc., Anixter de Mexico, SA de CV (collectively, the "Defendants") and Anixter Argentina SA ("Anixter Argentina", and together with Plaintiffs and Defendants, the "Parties") on the other hand.  The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about September 29, 2009, Anixter Inc. filed general unsecured proof of claim number 4639 against NNI in the amount of $4,042,609.64 in connection with its delivery of goods to NNI, ("Claim No. 4639"); and

WHEREAS, on or about March 20, 2009, Anixter Inc. and Anixter Argentina filed general unsecured proof of claim number 6830 against NN (CALA) in the amount of

$613,782.00 in connection with marketing and event expenses for NN (CALA) Inc. ("Claim No. 6830" and with Claim No. 4639, the "Claims"); and

WHEREAS, on May 14, 2009, NNI and Anixter Inc. entered into a Stipulation of Settlement of Reclamation Demand and 503(b)(9) Motion of Anixter Inc. (the "503(b)(9) Settlement"), pursuant to which NNI agreed that Anixter Inc. shall have an allowed administrative claim under 11 U.S.C. § 503(b)(9) in NNI's chapter 11 case in the amount of $279,615.74 and NNI agreed to pay Anixter Inc. the amount of $1,074,197.19 and to ship the goods identified in the 503(b)(9) Settlement to Anixter Inc., at NNI's expense; and

WHEREAS, on or about May 25, 2009, pursuant to the Notice of Proposed Settlement of Reclamation Demand and 503(b)(9) Motion of Anixter Inc. [Main D.I. 754][2], the 503(b)(9) Settlement was approved pursuant to the Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Sections 105(a), 362 and 546(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure [Main D.I. 336]; and

WHEREAS, pursuant to the 503(b)(9) Settlement, Anixter Inc. has an allowed administrative claim against NNI in the amount of $279,615.74 which, as of the date of this Stipulation, NNI acknowledges remains unpaid (the "503(b)(9) Claim"); and

WHEREAS, pursuant to the 503(b)(9) Settlement, NNI has paid Anixter Inc. the amount of $1,074,197.19 and has shipped the goods identified in the 503(b)(9) Settlement to Anixter Inc. at NNI's expense; and

WHEREAS, Plaintiffs' books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiffs made one or more transfers of an interest in their property to

---

[2]  Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 11-50193) are in the form "Adv. D.I. __."

or for the benefit of Defendants in the aggregate amount of $4,791,745.62 (the "Subject Transfers"); and

WHEREAS, on December 6, 2010, Plaintiffs instituted an Adversary Proceeding, Adv. Proc. No. 11-50193 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendants, in which they sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]; and

WHEREAS, on February 17, 2011, Defendant Anixter Inc. filed an Answer to the Complaint [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses, including, but not limited to, that the alleged Subject Transfers were not subject to avoidance and recovery as a result of Anixter Inc.'s ordinary course of business dealings with the Plaintiffs and new value advanced by Anixter Inc. to Plaintiffs; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claim Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim and the Claims, have agreed to settle the Adversary Proceeding and the Claims on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      <u>Resolution of the Avoidance Claim, Dismissal of the Adversary Proceeding and Resolution of Proofs of Claim</u>.  Pursuant to the Avoidance Claims Settlement Procedures Order, upon the Effective Date (defined below), this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.  Within five (5) business days after the entry of the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (as defined below) (the "<u>Effective Date</u>"), Plaintiffs will file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding.  The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of:  (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken,  (A) the affirmance of such order in its entirety, without modification, by the court of last

resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

2.      <u>Release of Debtors</u>.  Upon the Effective Date of this Stipulation, Defendants and Anixter Argentina hereby release and forever discharge Debtors, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtors Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendants and Anixter Argentina now have, had, may have had, or hereafter may have against any of the Debtors Releasees regarding the Avoidance Claim, the Adversary Proceeding, Claim 6830, and any transaction described or referred to in the Complaint or in Claim 6830.  For the avoidance of doubt, Defendants release any and all claims arising under § 502(h) of the Bankruptcy Code.  For the further avoidance of doubt, nothing in this Stipulation shall release (i) NNI or its successors and assigns from its obligations to Anixter Inc. pursuant to Anixter Inc.'s 503(b)(9) Claim, (ii) Claim No. 4639 as allowed under paragraph 4; or (iii) any claim Anixter Inc. or any of its affiliates may have against any affiliate of the Debtors that is not a Debtor, including the Canadian Debtors and the EMEA Debtors. [3]

---

[3] The "Canadian Debtors" are:  Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.  The "EMEA Debtors" are:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3.    <u>Release of Defendants</u>.  Upon the Effective Date of this Stipulation, the Debtors hereby release and forever discharge Defendants, their past and present parents, subsidiaries, affiliates (including Anixter Argentina), general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtors now have, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, Claim 6830 and any transaction described or referred to in the Complaint or in Claim 6830.

4.    <u>Settlement Consideration/Defendants' Proofs of Claim</u>.  The Parties hereby stipulate that, as of the Effective Date of this Stipulation, Claim No. 4639 shall be reduced from $4,042,609.64 to $3,400,000.00 and shall be an allowed general unsecured claim by Anixter Inc. against NNI in the amount of $3,400,000.00 ( the "<u>Allowed Amount</u>").  Other than the 503(b)(9) Claim, Anixter Inc. agrees not to assert any claim based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 4639 and releases Debtors from any and all claims as to any amount over and above the Allowed Amount.  The Parties hereby further stipulate that, as of the Effective Date of the Stipulation, Claim No. 6830 shall be disallowed in its entirety and expunged; and Defendants and Anixter Argentina agree not to assert any claim based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 6830.  Except as provided for under Anixter Inc.'s 503(b)(9) Claim, the allowance of Claim No. 4639 in the Allowed Amount herein shall be granted in full satisfaction of any and

all claims that have been or could have been asserted in the Claims and shall amend and

supersede any and all claim amounts the Debtors list on their schedules filed with the

Bankruptcy Court.  Defendants and Anixter Argentina shall not have any further claims against

the Debtors based on the Debtors' schedules or otherwise that could have been raised or asserted

prior to the date of this Stipulation.

5.    No Further Claims.  Upon the Effective Date of this Stipulation,

Defendants and Anixter Argentina shall be forever barred from (i) amending the Claims or (ii)

filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter

11 cases that could have been raised or asserted prior to the date of this Stipulation.

6.    No Transfer.  Anixter Inc and Anixter Argentina represent that they have

not sold, assigned or otherwise transferred the Claims or any of the claims being released

pursuant to this Stipulation to a third party.  Upon the Effective Date of this Stipulation, nothing

in this Stipulation shall act as a restriction of Anixter Inc.'s right to sell, convey, hypothecate or

otherwise transfer title to Claim No. 4639 or the 503(b)(9) Claim.

7.    Claims Register.  The Debtors, the Debtors' claims agent, Epiq

Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all

necessary and appropriate actions to give effect to this Stipulation, including identifying Anixter

Inc. as holding an allowed general unsecured claim in the amount of $3,400,000 against NNI

under Claim No. 4639.

8.    Effectiveness.  Pursuant to the Avoidance Claims Settlement Procedures

Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this

Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective

successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

9.      <u>Applicable Law</u>.  This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

10.     <u>Confidentiality</u>.  Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

11.     <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

12.     <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim or the Claims.

13.     <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding and the Claims, and the discussions and negotiations leading up to or

relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

14.    <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

15.    <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16.    <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17.    <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

*[Signatures on following page.]*

EXECUTION COPY

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: August ___, 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Anixter Inc.

By: _____
Steve Balk
Vice President – Global Shared Services

Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

Anixter de Mexico, SA de CV

By: _____
Steve Balk
Authorized Signator

Anixter Argentina, SA

By: _____
Steve Balk
Authorized Signator

11