## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ---------------------------------------------------------X | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| --------------------------------------------------------- X | : | |
| | : | |
| Nortel Networks Inc., | : | |
| | : | |
| and | : | |
| | : | Adv. Proc. No. 11-50193 (KG) |
| Nortel Networks (CALA) Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| Anixter Inc. | : | |
| | : | |
| and | : | |
| | : | **Hearing date: September 21, 2011 10:00 AM (ET) (proposed)** |
| Anixter de Mexico, SA de CV | : | **Objections due: September 19, 2011 4:00 PM (ET) (proposed)** |
| | : | |
| Defendants. | : | |
| --------------------------------------------------------- X | | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF MOTION OF DEBTORS, PURSUANT TO BANKRUPTCY RULE 9019, FOR ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIM BY AND BETWEEN NORTEL NETWORKS,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**INC. AND NORTEL NETWORKS (CALA) INC. AND ANIXTER INC. AND ANIXTER DE MEXICO, SA DE CV, AND RESOLVING PROOFS OF CLAIM NOS. 4639 AND 6830 FILED BY ANIXTER INC. AND ANIXTER ARGENTINA SA**

Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN (CALA)"), and certain of their affiliates, as debtors and debtors-in-possession, (collectively, the "Debtors"), hereby move the Court (the "Motion") for entry of an order, pursuant to section 102(1) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice to allow the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Entry of an Order Approving the Stipulation of Settlement of Avoidance Claim By and Between Debtors and Anixter Inc. and Anixter de Mexico, SA de CV and Resolving Proofs of Claim Nos. 4639 and 6830 Filed By Anixter Inc. and Anixter Argentina SA (the "Settlement Motion"), filed contemporaneously herewith, to be considered on an expedited basis. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

**Background**

3.  On January 14, 2009 (the "Petition Date"), the Debtors, other than NN (CALA),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142],[3] and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.  On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings")

---

[2] NN (CALA) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 11-50193) are in the form "Adv. D.I. __."

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities: NNUK, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks

under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7. By this Motion, the Debtor seeks the entry of an order (a) shortening the notice period for the Settlement Motion to enable the Debtor to present the Settlement Motion for consideration at the hearing scheduled for September 21, 2011 at 10:00 am (Eastern Time); and (b) setting September 19, 2011 at 4:00 p.m. (Eastern Time) as the objection deadline for the Settlement Motion.

## Facts Relevant to this Motion

8. Prior to the Petition Date, Anixter Inc. supplied the Debtors with electrical and electronic cable and wire products which were used across the Debtors' various business lines.

9. On or about September 29, 2009, Anixter Inc. filed proof of claim number 4639 in the amount of $4,042,609.64 against NNI as a general unsecured claim ("Claim No. 4639"). On or about March 20, 2009, Anixter Inc. and Anixter Argentina SA (the "Claimants") filed proof of claim number 6830 in the amount of $613,782.00 against NN (CALA) as a general unsecured claim ("Claim No. 6830"). NNI and NN (CALA) disputed these amounts.

---

Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

10. The Debtors' books and records indicate that within ninety (90) days prior to the Petition Date, Debtors made one or more transfers of an interest in their property to or for the benefit of Defendants in the aggregate amount of $4,791,745.62 (the "Subject Transfers").

11. On December 6, 2010, the Debtors instituted the Adversary Proceeding by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendants, in which they sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]. Thereafter, in an effort to negotiate an expeditious resolution of the dispute between the Debtors, the Claimants and Anixter de Mexico, SA de CV, the parties entered into arm's-length settlement discussions, with the intention of completing a settlement by the end of September 2011.

12. As a result of these negotiations, the Debtors, subject to this Court's approval, have reached a compromise (the "Settlement Stipulation") to resolve the Avoidance Claim and the dispute over Claim Nos. 4639 and 6830 by reducing and allowing Claim No. 4639 as a general unsecured claim in the amount of $3.4 million, and disallowing in its entirety and expunging Claim No. 6830, as memorialized in the Settlement Stipulation. The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of the Claims and the Avoidance Claim through the Settlement Stipulation is appropriate and in the best interests of both their estates and their creditors.

13. On August 25, 2011, pursuant to the Side Letter Agreements relating to the Cross-Border Protocol on the Resolution of Claims, the Debtors sent the Committee and the Bondholders Group notice of the Settlement Stipulation and the proposed allowed amounts of

the Claim Nos. 4639 and 6830 under the Settlement Stipulation. Neither the Committee nor the Bondholders Group raised any objections to the terms of the Settlement Stipulation.

14.     As set forth more fully in the Settlement Motion, filed contemporaneously with this Motion and incorporated herein by reference, the Debtor seeks entry of an order approving the Settlement Stipulation.

## Basis for Relief

15.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

16.     Shortened notice is appropriate in this instance because Anixter has significant business reasons for completing the settlement memorialized in the Settlement Stipulation by the end of the third quarter of 2011 and has requested that the Debtors attempt to have this matter heard at the omnibus hearing currently set for September 21, 2011. As mentioned above, parties entered into arm's-length negotiations with the expectation of resolving the Avoidance Claim and Claim Nos. 4639 and 6830 by the end of September 2011. However, the parties were unable to complete their negotiations and execute the Settlement Stipulation until yesterday.

17.     Further, shortening notice will not result in any unfair prejudice or harm to any parties-in-interest, because, as described in the Settlement Motion, the relief requested herein will maximize the value of the Debtors' estate and distributions to unsecured creditors. As described above, the Committee and the Bondholders Group already received notice of the Settlement Stipulation and have raised no objections. As set forth in more detail in the Settlement Motion, the Debtors believe that the interests of their creditors are supported by the prompt and efficient resolution of the Adversary Proceeding and the Claims.

18.     For these reasons, the Debtors respectfully submit that allowing the Settlement Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

19.     Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to Anixter Inc.; (v) Anixter de Mexico, SA de CV; (vi) Anixter Argentina SA; and (vii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

20.     No prior request for the relief sought herein has been made to this or any other court.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Debtors respectfully request that this Court (i) shortening notice of the Settlement Motion such that the Settlement Motion may be considered at a hearing scheduled to be convened by this Court on September 21, 2011 at 10:00 am (Eastern Time) and (ii) granting such other and further relief as is just and proper.

Dated:  September 7, 2011
         Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Chad A. Fights*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Chad A. Fights (No. 5006)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*