IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------  X
:
*In re*                                                :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                    :   Case No. 09-10138
:
       Debtors          :   Jointly Administered
:
:   **Re: D.I. 5631, 5866, 5867, 5868, 5869,**
:   **5870, 6431**
--------------------------------------------------------  X


**CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER WITH RESPECT
TO MOTION OF ROBERT HORNE, JAMES YOUNG AND THE *AD HOC* GROUP OF
BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION
PLAN TO COMPEL DISCOVERY FROM THE NORTEL DEBTORS**

    I, Jane Ann Bee, counsel for Robert Horne, James Young and the *Ad Hoc* Group of

Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (the "Ad Hoc Group"),

hereby certify as follows regarding the proposed *Order with Respect to Motion of Robert Horne,*

*James Young and the Ad Hoc Group of Beneficiaries of the Nortel Networks U.S. Deferred*

*Compensation Plan to Compel Discovery From the Nortel Debtors* (the "Ad Hoc Group's

Proposed Order"), attached as Exhibit A:

    1.   On June 8, 2011, the Ad Hoc Group filed a motion to compel discovery from the

Debtors (the "Motion") [D.I. 5631].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number,
are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769),
Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251),
CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical
Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel
Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

2.      On July 5, 2011 the Debtors filed an objection to the motion [D.I. 5866].

3.      Following the hearing on the Motion and Objection, on August 25, 2011, counsel to the Ad Hoc Group received a proposed form of order from counsel to the Debtors.  Following multiple telephone conversations and the exchange of e-mail correspondence, the parties were unable to reach an agreement on the terms of the order.

4.      On September 12, 2011, the Debtors filed a certification of counsel, attaching a proposed order (the "Debtors' Proposed Order") [D.I. 6431].

5.      Consistent with the Court's suggestion, the Ad Hoc Group submits the attached, alternative order.  Attached as Exhibit B is a "blackline" that shows the differences between the Ad Hoc Group's Proposed Order and the Debtors' Proposed Order.  The Ad Hoc Group requests the Court enter the Ad Hoc Group's Proposed Order or schedule a conference with the Ad Hoc Group and the Debtors to resolve the language of the order for the following reasons:

a.      Preamble – The selected findings in the preamble of the Debtors' Proposed Order are not supported by the Court's decisions as announced at the hearing or are otherwise unnecessary.

b.      Paragraph 2 – The language in the Ad Hoc Group's Proposed Order reflects what the Debtors argued at the hearing that they were willing to provide to the Ad Hoc Group.  See colloquy between Ms. Kim and the Court - Official Transcript of Aug. 23, 2011 Hearing, 60:5-61:9.[2]  Clearly the Debtors offered to provide "effectively a key" so that the Ad Hoc Group "could look at the ID numbers and match it up with the names and then be able to see

_____

[2] Excerpt from transcript attached as Exhibit C.  Complete transcript available at D.I. 6431, Exhibit C.

where else those names and ID numbers showed up." Tr. at 60:7-9.  The Debtors have already

produced the Global Identification Numbers of all Eligible Employees so the language in the

Debtors' Proposed Order not only reverses the statements of counsel in the hearing, but then

further narrows the scope to less than what has already been provided to the Ad Hoc Group.

This makes no sense.

         c.      <u>Paragraph 4</u> – There was no ruling regarding Rule 33(d).  In addition, the

Court made no ruling with respect to the Ad Hoc Group initiating an adversary proceeding and

the parties do not require a court order to discuss the issue of the Ad Hoc Group obtaining

affirmative relief.

         d.      <u>Paragraph 6</u> – The Ad Hoc Group's Proposed Order provides a self-

explanatory clarification.

         e.      <u>Paragraph 9</u> – The language proposed by the Debtors' Proposed Order is

too limiting with respect to the parties' rights and ongoing discovery in this matter, and is not

consistent with the hearing transcript.

[Continued on next page.]

136316.01600/22059518v.3

WHEREFORE, the Ad Hoc Group respectfully requests that the Court (i) enter the Ad Hoc Group's Proposed Order attached as Exhibit A or (ii) schedule a conference with the Ad Hoc Group and the Debtors to resolve the language of the order, and (iii) grant such other and further relief as is just and proper.

Dated:  September 13, 2011

**BLANK ROME LLP**

/s/ *Jane Ann Bee*

Bonnie Glantz Fatell, Esq. (No. 3809)
Jane Ann Bee, Esq. (No. 5457)
1201 Market Street
Suite 800
Wilmington, DE  19801
Telephone: (302) 425-6423
Telecopier: (302) 428-5110
Email: Fatell@BlankRome.com
Email:  Bee@BlankRome.com

-and-

**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**
Robert J. Keach, Esq.
Paul McDonald, Esq.
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Telephone: (207) 774-1200
Telecopier: (207) 774-1127
Email:  RKeach@BernsteinShur.com
Email:  PMcDonald@BernsteinShur.com

136316.01600/22059518v.3