IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. 5631, 5866, 5867, 5868,**
: **5869, 5870**
------------------------------------------------------X

## ORDER WITH RESPECT TO MOTION OF ROBERT HORNE, JAMES YOUNG AND THE *AD HOC* GROUP OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN TO COMPEL DISCOVERY FROM THE NORTEL DEBTORS

Upon the motion dated June 8, 2011 (the "Motion"),[2] of Robert Horne, James Young and the *Ad Hoc* Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan the "Ad Hoc Group") to Compel Discovery from the Nortel Debtors; and Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors," and together with the Ad Hoc Group, the "Parties"), having filed an objection to the Motion on July 5, 2011; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having heard argument on the Motion on August 23, 2011; and the Court having found that, for the reasons stated on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

record, the Debtors have acted in good faith in producing electronically stored information in connection with this matter, and that the Debtors' search of electronically stored information is complete, in light of the burden and expense of any further searches, without prejudice to the Ad Hoc Group's right to seek further relief if it discovers additional facts; and the Court also having found that the interests of the Debtors' employees and former employees in keeping their personal information and compensation information private are legitimate interests; and upon the record in these proceedings, including the declarations of Julie Graffam Kaplan, Daniel Ray, Gary Storr and Tamara Britt submitted in support of the Objection; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in part as expressly set forth herein and otherwise DENIED.

2. Counsel to the Debtors shall provide counsel to the Ad Hoc Group with a document that identifies the unique global identification numbers ("GID numbers") of each of the members of the Ad Hoc Group listed on the Supplement to Verified Statement of Blank Rome LLP and Bernstein, Shur, Sawyer & Nelson, P.A. Pursuant to Bankruptcy Rule 2019, dated May 10, 2011. Such list shall be provided on an attorneys' eyes only basis and shall be treated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Agreed Protective Order Between the Debtors and Certain Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan entered by the Court on June 14, 2011 (the "Agreed Protective Order"), unless the Parties agree otherwise or upon further order of the Court.

3. The Ad Hoc Group may identify a reasonable number of employees and/or former employees of the Debtors whom they seek to contact as potential witnesses. Upon receipt of

such a list, the Debtors shall contact such employees at their last-known addresses and, if such employees consent, provide their home addresses to counsel to the Ad Hoc Group.

4. The Debtors shall provide amended, sworn answers to the Ad Hoc Group's First Set of Interrogatories in conformity with Fed. R. Civ. P. 33, as incorporated by reference in the Federal Rules of Bankruptcy Procedure, on the later of (i) September 23, 2011 or (ii) five days following the date on which the Ad Hoc Group files and serves a complaint against the Debtors. The Ad Hoc Group shall advise the Debtors by no later than September 20, 2011 as to whether they intend to file a complaint against the Debtors. This Order is without prejudice to the Debtors' right to rely on Federal Rule of Civil Procedure 33(d), as incorporated by reference in the Federal Rules of Bankruptcy Procedure, in their responses to the Interrogatories and the Ad Hoc Group's right to challenge the sufficiency of such answers. This Order further is without prejudice to the Parties' agreement to confer as to whether an adversary proceeding is necessary or appropriate and their right to seek further relief from the Court as needed.

5. The Debtors are not required to search for electronically stored information of any additional employees that may be responsive to the Ad Hoc Group's First Request for Production of Documents. This Order is without prejudice to the right of the Ad Hoc Group to seek discovery of electronically stored information of the Debtors' employees if the Ad Hoc Group later discovers the identity of employees who would have non-duplicative, relevant information, and the right of the Debtors to oppose any such request for additional discovery.

6. The Ad Hoc Group shall not initiate discovery of the Debtors' Canadian affiliates (the "Canadian Debtors") that are applicants under the Companies' Creditors Arrangement Act (Canada) without seeking leave of the Ontario Superior Court of Justice. This Order is without prejudice to any other matter or proceeding involving the Debtors or the Canadian Debtors or to

the right to seek a joint hearing with respect to any such discovery matters under the Cross-Border Insolvency Protocol approved in these proceedings.

7. The Ad Hoc Group shall not use any material or information that was designated by the Debtors as being provided for mediation purposes only and not otherwise provided in the Debtors' discovery for any purpose in this litigation or otherwise outside of mediation unless the Parties agree otherwise or upon further order of the Court.

8. All material or information produced to the Ad Hoc Group and designated by the Debtors as "Highly Confidential – Attorneys' Eyes Only" shall continue to be treated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Agreed Protective Order.

9. This Order is without prejudice to the Parties' rights to seek further relief of the Court with respect to any issue relating to discovery in this matter that was not raised in the Motion.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Sept. 14, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE