**EXHIBIT B**

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Nortel Networks Inc., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc., | |
| Plaintiff, | Adv. Proc. No. 10-53176 (KG) |
| v. | |
| Nathanson and Company LLC, | |
| Defendant. | |

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN NORTEL NETWORKS INC. AND NATHANSON AND COMPANY LLC

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Nathanson and Company LLC ("Defendant", and together with Plaintiff, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $1,243,182.00 (the "Subject Transfers"); and

WHEREAS, on October 4, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-53176 (the "Adversary Proceeding") by filing a Complaint To Avoid And

2

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

WHEREAS, on November 3, 2011, Defendant filed an Answer to the Complaint [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on or about September 10, 2009, Defendant filed against Plaintiff proof of claim number 2801 in the amount of $419,832.00 ("Claim 2801"); and

WHEREAS, on or about September 10, 2009, Defendant filed claim number 1190 (the "CCAA Claim") in the insolvency proceedings of Plaintiff's direct corporate parent, Nortel Networks Limited, pending in the Ontario Superior Court of Justice under the Companies' Creditors Arrangement Act (the "Canadian Insolvency Proceedings") in an amount identical to that asserted in Claim 2801, and appending the same invoices Defendant submitted in support of Claim 2801; and

WHEREAS, the court-appointed monitor in the Canadian Insolvency Proceedings (the "Monitor") has provisionally allowed $178,326.11 (CAN) of the CCAA Claim corresponding to services rendered by Defendant to one or more Canadian affiliates of Plaintiff

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53176) are in the form "Adv. D.I. __."

3

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

and has provisionally disallowed the remainder of the CCAA Claim on the ground that it relates to services rendered by Defendant to Plaintiff; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") authorizing the Debtors, *inter alia*, to settle Proofs of Claim where the Proof of Claim was originally filed in an amount equal to or greater than $250,000 and less than $500,000 and the Claim Difference is greater than $50,000 without further notice or order of the Bankruptcy Court provided the Debtors notify the Notice Parties, defined in the Claims Settlement Procedures Order (the "Prepetition Claims Notice Parties"), of a settlement and provided no Prepetition Claims Notice Party objects in writing within ten (10) calendar days of receipt of notice of such settlement (the "Prepetition Claims Notice Period") [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, on May 10, 2011, the Parties filed a Stipulation Regarding Appointment of a Mediator (the "Mediation Stipulation"), stipulating to the appointment of Charles A. Stanziale, Jr., Esq. as the mediator in the Adversary Proceeding [Adv. D.I. 23]; and

4

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

WHEREAS, on May 11, 2011, the Court entered an order approving the Mediation Stipulation [Adv. D.I. 24]; and

WHEREAS, on July 7, 2011, the Parties took part in a mediation session with Mr. Stanziale and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding and Claim 2801 on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. Resolution of the Avoidance Claim. Within five (5) business days after the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (as defined below (the "Effective Date"), Defendant shall pay to Plaintiff the sum of $15,000 (the "Settlement Amount"), which, together with the other consideration to be provided by Defendant pursuant to this Stipulation, shall be in full and final settlement and satisfaction of the Avoidance Claim. The Settlement Amount shall be paid by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel#302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "Settlement Payment"). The first date on which all of the following shall have

5

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

occurred shall hereafter be referred to as the "Settlement Date": (i) Plaintiff shall have received the Settlement Payment; (ii) the Settlement Payment clears; and (iii) the Settlement Payment is collected. The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from such final order is taken, (a) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken or (b) withdrawal with prejudice of such appeal.

2.  Release of Plaintiff. Effective upon the Settlement Date, Defendant hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding. Notwithstanding the foregoing, this release does not extend to Claim 2801 to the extent such

6

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

claim is allowed pursuant to paragraph 5 herein, or to the CCAA Claim to the extent that such claim does not exceed $178,326.11 (CAN), the amount provisionally allowed by the Monitor as of the date of this Stipulation. For the avoidance of doubt, Defendant releases any and all claims arising under § 502(h) of the Bankruptcy Code.

3. Release of Defendant. Effective upon the Settlement Date, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding.

4. Dismissal of the Adversary Proceeding. Promptly following the Settlement Date, Plaintiff will file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding.

5. Defendant's Proof of Claim. The Parties hereby stipulate that, effective on the Settlement Date, Claim 2801 shall be reduced from $419,832.00 to $273,693.00 and shall be allowed against Plaintiff in the amount of $273,693.00. Defendant agrees that the reduction

7

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS AND THE CONTENTS THEREOF

EXECUTION COPY

and allowance of Claim 2801 described herein shall be in full satisfaction of any and all claims against the Debtors based on the same transactions or occurrences as those that gave rise to the claims set forth in Claim 2801 or that were or could otherwise have been asserted as part of Claim 2801, and shall also be deemed to amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court with respect to such transactions and occurrences and such claims. Defendant shall not have any further claims against the Debtors.

6.  <u>Non-interference with the CCAA Claim; Acknowledgment of No Double Recovery under Same</u>. Plaintiff hereby agrees that it will not intervene in, object to, interfere with or otherwise seek to influence the disposition of the CCAA Claim; provided that Defendant shall pursue the CCAA Claim in an amount of no more than $178,326.11 (CAN), the amount provisionally allowed by the Monitor as of the date of this Stipulation.

7.  <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

8.  <u>Effectiveness</u>. Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

8

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

9. *Applicable Law.* This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

10. *Confidentiality.* Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

11. *Entire Agreement.* This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

12. *No Admissions.* Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

13. *Costs and Expenses.* Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

14. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

15. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

FOR SETTLEMENT PURPOSES ONLY - SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: August 9, 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Nathanson and Company LLC

By: _____
Rick Nathanson
Managing Partner

11