IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>Re: Docket No. 6303<br>Objection Deadline: September 16, 2011 at 12 noon |

### RESPONSE OF THE MONITOR AND CANADIAN DEBTORS REGARDING DEBTORS' MOTION TO ESTABLISH DEADLINE TO FILE PROOFS OF CLAIM FOR NON-CANADIAN INTERCOMPANY CLAIMS AND REMAINING DIRECTOR AND OFFICER CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**") and the Canadian Debtors hereby file this response with respect to the Debtors' Motion To Establish Deadline To File Proofs of Claim for Non-Canadian Intercompany Claims and Remaining Director and Officer Claims and Approving

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the "**Debtors**").

Form and Manner of Notice Thereof (the "**Motion**") [Dkt. No. 6303]. In support hereof, the Monitor and the Canadian Debtors respectfully represents as follows:[2]

## STATEMENT AND RESERVATION OF RIGHTS

1. The Monitor and the Canadian Debtors do not object to the establishment of a bar date and the procedures for the filing of certain intercompany and other claims against the Debtors. Such relief, if granted by this Court, would not require the Canadian Debtors to file claims against the Debtors.

2. However, the form of the proposed Order raises issues which the Monitor and the Canadian Debtors believe require some clarification and they have discussed these with the Debtors. The parties have agreed to add after the last sentence in paragraph 20 of the Order the following proposed, clarifying language regarding the ongoing application of the Cross-Border Protocol and the Cross-Border Claims Protocol in these cases:

> For the avoidance of doubt, nothing in this Order supersedes or shall be deemed to supersede any provision of the Cross-Border Protocol or the Cross-Border Claims Protocol, each of which remains in effect in these cases and the Canadian Proceedings pursuant to the respective prior orders of this Court and the Canadian Court.

3. There remain issues which the Monitor and the Canadian Debtors believe require further clarification. As of the extended deadline to file this Response, however, the parties were unable to agree to proposed language regarding the status of the Monitor and the Canadian Debtors as parties in interest with respect to issues that concern intercompany claims. These concerns of the Monitor and the Canadian Debtors are particularly acute here where the assertion and allowance of intercompany and other claims against the Debtors could affect claims asserted by the Canadian Debtors against the Debtors and the orderly resolution of claims against the Canadian Debtors in the Canadian Proceedings. The Monitor and the Canadian Debtors

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

therefore propose that the following additional provision be added to paragraph 20 of the Order (immediately after the addition noted above in paragraph 2):[3]

> For the avoidance of doubt, each of the Canadian Debtors and the Monitor shall be deemed to be "parties in interest", as that term is used in section 1109 of the Bankruptcy Code, for purposes of any issues in these cases relating to intercompany claims asserted against the Debtors.

WHEREFORE, the Monitor and the Canadian Debtors file this response to the Motion, and respectfully request that if the Court is inclined to grant the Motion that the Court modify the Order in the manner outlined herein, and grant such other and further relief as this Court deems just and proper.

Dated: September 16, 2011

BUCHANAN INGERSOLL & ROONEY PC

/s/ *Mary Caloway*

Mary F. Caloway (No. 3059)
Mona A. Parikh (No. 4901)
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
mona.parikh@bipc.com

– and –

---

[3] The proposed rider in this paragraph 3 is intended to address specific concerns relevant in the context of the assertion of claims against the Debtors pursuant to the Order and the disposition of such claims. Nothing herein should be construed to mean that the Monitor and the Canadian Debtors are not parties in interest in any other matter arising in these cases where orders of the Court do not expressly provide so. The Monitor and the Canadian Debtors reserve all rights and defense regarding same.

Ken Coleman
Daniel J. Guyder
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
ken.coleman@allenovery.com
daniel.guyder@allenovery.com

Attorneys for Ernst & Young Inc., as Monitor
and Foreign Representative of the Canadian Debtors