# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | RE: Docket No. 6304 |

ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF
LONG TERM DISABILITY PLAN PARTICIPANTS TO ESTABLISH
PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §1102(b)(3) AND 1103(c)

Upon the Motion of the Official Committee of Long Term Disability Plan Participants (the

"LTD Committee") for an Order Establishing Procedures for Compliance with 11 U.S.C. §

1102(b)(3)(A) and 1103(c) (the "Motion")[2]; and it appearing that the relief requested in the

Motion is in the best interests of the Debtors' estates, their creditors and all other parties in interest;

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant

---

[1]   The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]   Unless otherwise defined, all capitalized terms used herein shall have the same meaning ascribed to such terms in the Motion.

to 28 U.S.C. § l57(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and it appearing that no other or further notice need be provided and any objections to the

Motion having been resolved or overruled; and after due deliberation and sufficient cause

appearing therefor, it is **ORDERED, ADJUDGED** and **DECREED** as follows:

    1.    The relief requested in the Motion is granted.

    2.    <u>LTD Committee Confidential Information</u>. The LTD Committee, its professionals

and its members and their respective agents, representatives, advisors and counsel shall not be

required, absent entry of an order of the Court, to disseminate information to the Debtors' LTD

Plan participants developed independently or that is or becomes available to the LTD Committee

from a source other than the Debtors, which information is non-public in nature, including, but not

limited to, any recommendations or reports to LTD Committee members prepared by Elliott

Greenleaf or any other advisor hired by the LTD Committee (each, together with Elliott Greenleaf,

an "<u>LTD Committee Advisor</u>"), and/or any information deemed by the LTD Committee Advisors

to be of a sensitive and confidential nature (the "<u>LTD Committee Confidential Information</u>").

    3.    <u>Access to LTD Plan Participant Information</u>. In satisfaction of the   LTD

Committee's obligations to provide LTD Plan participants with access to information (the "<u>LTD

Creditor Information Protocol</u>") in accordance with sections 1102(b)(3)(A) and (B) of the

Bankruptcy Code, the LTD Committee shall, until the earliest to occur of (a) dissolution of the

LTD Committee, (b) dismissal or conversion of the Debtors' chapter 11 cases (the "<u>Chapter 11

Cases</u>"), or (c) a further order of the Court:

        (a)    Establish and maintain an Internet-accessible website (the "<u>LTD Committee Website</u>"), to be maintained by and through the LTD Committee's proposed information agent, Kurtzman Carson Consultants LLC (the "<u>Information Agent</u>") or such other information agent as is approved by the Court, that provides, without limitation:

**Deleted:** Creditor

**Deleted:** I

**Formatted:** Page Number

**Formatted:** Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around

(i)     a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapter11.eqipsystems.com/nortel, which shall include, among other things, the case docket and claims register;

(ii)    a link or other form of access to the website maintained by the information agent of Official Committee of Unsecured Creditors' (the "Unsecured Creditors Committee") at http://www.kccllc.net/nortelcommittee;

(ii)    highlights of significant events in the Debtors' chapter 11 cases (the "Chapter 11 Cases") affecting LTD Plan participants;

(iii)   a calendar with upcoming significant events in the Chapter 11 Cases affecting LTD Plan participants;

(iv)    a general overview of the chapter 11 process;

(v)     press releases (if any) issued by the LTD Committee or the Debtors;

(vi)    a registration form for LTD Plan participants to request "real-time" updates regarding the Chapter 11 Cases via electronic mail;

> **Deleted:** creditors

(vii)   a form to submit LTD Plan participant questions, comments and requests for access to information;

(viii)  responses to LTD Plan participant questions, comments, and requests for access to information; provided, that the LTD Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the LTD Plan participant's agreement to appropriate confidentiality and trading constraints;

> **Deleted:** creditor's

(ix)    answers to frequently asked questions;

(x)     links to other relevant websites, if any;

(xi)    the names and contact information for the Debtors' counsel and restructuring advisors;

> **Formatted:** Page Number
>
> **Formatted:** Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around

(xii)   the names and contact information for the Unsecured Creditors Committee's counsel and financial advisors; and

(xiii) the names and contact information for the LTD Committee's counsel and advisors (if any).

(b)     Distribute updates by and through the Information Agent regarding the Chapter 11 Cases via electronic mail for LTD Plan participants that have registered for such service on the LTD Committee Website; and

(c)     Establish and maintain a telephone number and electronic mail address by and through the Information Agent for LTD Plan participants to submit questions and comments.

4.     Privileged and Confidential Information. Absent entry of an order of this Court to the contrary, the LTD Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15), "Entity"): (a) LTD Committee Advisor Confidential Information[3]; (b) LTD Committee Confidential Information.[4] In

---

[3]     "LTD Committee Advisor Confidential Information" shall mean any information relating to the Debtors and their affiliates that is non-public, confidential, or proprietary in nature, including, the content of any discussions, communications, negotiations, and evaluations in writing, orally, or otherwise, in each case received by a LTD Committee Advisor or any of its affiliates, members, partners, counsel, associates, employees, agents, advisors or representatives (each of the foregoing, other than the LTD Committee Advisor, a "Representative" from the Debtors or their affiliates, or any of their respective Representatives, agents, advisors or counsel, or to which a LTD Committee Advisor or any of its Representatives was a party and all notes, reports, analyses, compilations, studies, files or other documents or material, whether prepared by the LTD Committee Advisors or others, which are based on, contain or otherwise reflect such information.

[4]     "Confidential Information" shall mean any information relating to the Debtors and their affiliates and/or subsidiaries that is non-public, confidential, or proprietary in nature, including, without limitation, all matters discussed at LTD Committee meetings (whether or not memorialized in any minutes thereof), any information or material (whether written, electronic or oral) distributed to a LTD Committee member or its Representatives, and any information or material received from the Debtors or their respective Representatives, agents, advisors or counsel, by or through the LTD Committee, in each instance that is not generally available to the public, and all notes, reports, analyses, compilations, studies, files or other documents or material, whether based on, contain or otherwise reflect such information; provided, however, that, materials are not confidential if: (i) they are already in the LTD Committee's or any of its members' possession and have not been provided to the LTD Committee or its members on a confidential basis; (ii) they already are or become generally available to the public on a non-confidential basis; and (iii) they become available to the LTD Committee or any of its members on a non-confidential basis from a source other than the Debtors or their Representatives, provided that the LTD Committee and its members do not believe, after reasonable inquiry, that such source was bound by a confidentiality agreement with, or other obligation of secrecy to, the Debtors or another party.

Deleted: 2
Deleted: creditors
Deleted: 3
Deleted: creditors
Deleted: ,
Deleted: Confidential Information³, (b)
Deleted: ⁴; (c)
Formatted: Page Number
Formatted: Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around

addition, absent entry of an order of this Court to the contrary, the LTD Committee may not disseminate to any Entity (a) Confidential Information; or (b) Privileged Information.[5]

     5.     The Debtors are authorized to share information regarding the individual LTD Plan Participants and their benefits with the LTD Committee Advisors.  For the avoidance of doubt, such information shall be treated as Confidential Information under this Order, and shall only be used in connection with the LTD Committee Advisors,' representation of the LTD Committee and not for any other business, litigation or other purpose.

     6.     Any information received (formally or informally) by the LTD Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order, but, rather, by any order governing such discovery; provided, however, that any information received (formally or informally) by the LTD Committee shall be governed by the terms of this Order and any confidentiality agreement between the LTD Committee and the Debtors concerning the Chapter 11 Cases including any confidentiality obligations contained in the LTD Committee's bylaws.  In no instance shall Confidential Information, LTD Committee Advisor Confirmation Information, LTD Committee Confidential Information or Privileged Information shared with them be used by any LTD Committee member for any purpose inconsistent with their duties as members of the LTD Committee, including, but not limited to, the preparation, prosecution, negotiations, litigation and/or settlement of their personal claims against any of the Debtors.

---

[5]    "Privileged Information" shall mean any information subject to the attorney-client, attorney work product or some other state, federal, or other jurisdictional privilege law.

**Deleted:** d

**Deleted:** '

**Deleted:** .

**Deleted:** father

**Formatted:** Page Number

**Formatted:** Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around

7.     The Debtors shall assist the LTD Committee in identifying any Confidential Information or LTD Committee Advisor Confidential Information concerning the Debtors that is provided by: (a) the Debtors or their agents or professionals or (b) by any third party, to the LTD Committee, its agents or professionals.

8.     LTD Plan Participant Information Requests. If an LTD Plan participant (a "Requesting LTDPP") submits a written request, including on the LTD Committee Website or by electronic mail (the "Information Request"), for the LTD Committee to disclose information, the LTD Committee shall (i) as soon as practicable, but no more than twenty (20) business days after receipt of the Information Request, provide (including on the LTD Committee Website) the Requesting LTDPP with a response to the Information Request (the "Response"), as well as provide access to the information requested or the reasons the Information Request cannot be complied with and (ii) provide the Debtors with (x) notice of the Information Request within five (5) business days of the LTD Committee's receipt of the Information Request and (y) a copy of the Response at least three (3) business days prior to providing the Response to the Requesting LTDPP. If the Response is to deny the Information Request because the LTD Committee believes the Information Request implicates Confidential Information, LTD Committee Advisor Confidential Information, LTD Committee Confidential Information or Privileged Information that may or need not be disclosed pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting LTDPP may, after a good faith effort to meet and confer with an authorized representative of the LTD Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion brought before this Court. Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases. The Debtors, the Official Committee

6

of Unsecured Creditors and the LTD Committee each shall have the right to oppose such motion. The LTD Committee shall not object to any Requesting LTDPP's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting LTDPP from requesting (or the Debtors, the Official Committee of Unsecured Creditors or the LTD Committee from objecting to such request) that the LTD Committee provide the Requesting LTDPP a log or other index of any information specifically responsive to the Requesting LTDPP's request that the LTD Committee deems to be Confidential Information, LTD Committee Advisor Confidential Information, LTD Committee Confidential Information or Privileged Information following notice and an opportunity for the Debtors to review such log in advance of it being furnished to the Requesting LTDPP.  Furthermore, nothing herein shall be deemed to preclude the Requesting LTDPP from requesting that this Court conduct an *in camera* review of any information specifically responsive to the Requesting LTDPP's request that the LTD Committee claims is Confidential Information, LTD Committee Advisor Confidential Information, LTD Committee Confidential Information or Privileged Information, provided, however, that if the LTD Committee elects, subject to paragraph 8, to provide access to LTD Committee Advisor Confidential Information and LTD Committee Confidential Information, the LTD Committee shall have no responsibility for the Requesting LTDPP's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the next paragraph.

9.    Release of Confidential Information or Privileged Information of the Debtors or LTD Committee Advisor Confidential Information to Third Parties. If the Information Request implicates Confidential Information or Privileged Information of the Debtors (or any other Entity other than the LTD Committee) or LTD Committee Advisor Confidential Information and the LTD Committee agrees that such request should be satisfied, or if the LTD Committee on its own

**Deleted:** Confidential Information,

**Deleted:** lor

**Deleted:** 8

**Deleted:** , Advisor Confidential Information

**Formatted:** Page Number

**Formatted:** Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around

7

wishes to disclose such Confidential Information, LTD Committee Advisor Confidential Information or Privileged Information to LTD Plan participants, the LTD Committee may make a demand (the "Demand") for the benefit of the Debtors' LTD Plan participants in accordance with the following procedures: (a) if the Confidential Information, or Privileged Information is information of the Debtors, or LTD Committee Confidential Information, by submitting a written request, each captioned as a "LTD Committee Information Demand" to Cleary Gottlieb Steen & Hamilton LLP, counsel for the Debtors, One Liberty Plaza, New York, NY 10006, attention; James L. Bromley at jbromley@cgsh.com and Lisa Schweitzer at lschweitzer@cgsh.com ("Debtors' Counsel"), stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before twenty (20) days after the service of such Demand; and, after the lodging of such an objection, the LTD Committee, the Requesting LTDPP or the Debtors may schedule a hearing with this Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases seeking a ruling with respect to the Demand; and (b) if the Confidential Information, LTD Committee Advisor Confidential Information or Privileged Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' Counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before twenty (20) days after the service of such Demand; and, after the lodging of such an objection, the LTD Committee, the Requesting LTDPP, such Entity and the Debtors may schedule a. hearing with the Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases seeking a ruling with respect to the Demand. In the event there is an objection to the disclosure of Confidential Information, LTD Committee Advisor Confidential Information or Privileged Information pursuant to this paragraph, such

Deleted: Advisor Confidential Information

Deleted: after

Deleted: the

Deleted: or Advisor Confidential

Formatted: Page Number

Formatted: Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around

information shall only be disclosed to the extent provided in an order by the Court that has become

final and non-appealable.

Deleted: 9

10.     Nothing in this Order requires or permits the LTD Committee to provide access to

information or solicit comments from any Entity that has not demonstrated to the satisfaction of

the LTD Committee, in its sole discretion, or to the Court, that it holds claims of the kind described

in Bankruptcy Code section 1102(b)(3).

Deleted: 10

11.     Exculpation. Without limiting the LTD Committee's obligation to comply with

these procedures, none of the Debtors, the LTD Committee, nor any of their respective directors,

officers, employees, members, attorneys, consultants, advisors, or agents (each acting in such

capacity) (collectively, the "Exculpated Parties") shall have or incur any liability to any Entity

(including the Debtors and their affiliates) for any act taken or omitted to be taken in connection

with the preparation, dissemination, or implementation of the Creditor Information Protocol, the

LTD Committee Website and any other information to be provided pursuant to Bankruptcy Code

section 1102(b)(3); provided, however, that the foregoing shall not affect the liability of any

Exculpated Party protected pursuant to this paragraph 10 that otherwise would result from any

such act or omission to the extent that such act or omission is determined in a final non-appealable

order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct,

including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality

agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph

shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

Deleted: 11

12.     This Order shall be effective as of August 2, 2011 (the "Effective Date"); the terms

of this Order, however, shall apply to all information governed by this Order, including

information in the LTD Committee's possession prior to the Effective Date.

Formatted: Page Number

Formatted: Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around

13.    This Order shall be binding in all respects upon the Debtors, the LTD Committee

and any successors thereto and all creditors and parties in interest.

14.    This Court shall retain exclusive jurisdiction to interpret and enforce the provisions

of this Order in all respects and further to hear and determine all matters arising from the

construction and implementation of this Order.

Dated: _____, 2011
         Wilmington, Delaware               HONORABLE KEVIN GROSS
                                     UNITED STATES BANKRUPTCY JUDGE

10

Deleted: 12

Deleted: 13

Formatted: Font: 11 pt

Formatted: Normal, Left, Right:  0", Line spacing:  single

Formatted: Page Number

Formatted: Position: Horizontal: 4.18", Relative to: Page, Vertical: -0.04", Relative to: Paragraph, Wrap Around