# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

In re:

Nortel Networks Inc., *et al.*,[1]

                                    Debtors.

-------------------------------------------------------x

|  |
|---|
| Chapter 11 |
| Case No. 09-10138 (KG) |
| Jointly Administered |
| Regarding D.I. 6286: |

## ORDER APPROVING THE RETENTION OF TOGUT, SEGAL & SEGAL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES *NUNC PRO TUNC* TO AUGUST 22, 2011

Upon the application (the "Application")[2] of the Retiree Committee in the above-referenced Chapter 11 Case for an order authorizing the employment and retention of Togut, Segal & Segal LLP (the "Togut Firm") as counsel to the Retiree Committee, all as more fully set forth in the Application; and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334, and consideration of the Application and the relief requested therein

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms which are not defined herein shall have the meanings set forth in the Application.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Application having been provided, and no other or further notice being required; and

the relief requested in the Application being in the best interests of the Retiree

Committee; and the Court having reviewed the Application and the Togut Declaration;

and the Court having determined that the legal and factual bases set forth in the

Application and the Togut Declaration establish just cause for the relief granted herein;

and upon all of the proceedings had before the Court; and the Court being satisfied

based on the representations made in the Application and the Togut Declaration that

the Togut Firm is "disinterested" as that term is defined under section 101(14) of the

Bankruptcy Code,

    IT IS HEREBY ORDERED THAT:

   1.  The Application is hereby granted as set forth herein.

   2.  The Retiree Committee is authorized, pursuant to section 1103 and

1114 of the Bankruptcy Code, to employ and retain the Togut Firm as its counsel in

accordance with the terms and conditions set forth in the Application and the Togut

Declaration in accordance with the Togut Firm's normal hourly rates and disbursement

policies *nunc pro tunc* to August 22, 2011.

   3.  In all cases, and subject to further Order of this Court, the Togut

Firm is authorized to perform the legal services set forth in the Application to the extent

that such services are consistent with the Retiree's Committee's purpose as set forth in

paragraph 3 of the Court's Order Pursuant to Section 1114 of the Bankruptcy Code

Appointing an Official Committee of Retired Employees [D.I. 5783].

      4.     The Togut Firm shall file interim and final fee applications for

allowance of its compensation and expenses in accordance with the procedures set forth

in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

the U.S. Trustee Fee Guidelines for the District of Delaware, the Interim Compensation

Order and any other applicable procedures and orders of the Court

      5.     To the extent the terms of this Order are in any way inconsistent

with the Application or Togut Declaration, the terms of this Order shall govern.

      6.     The Retiree Committee is authorized to take all actions necessary to

effectuate the relief granted pursuant to this Order in accordance with the Application.

      7.     The terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

      8.     The Court retains jurisdiction with respect to all matters arising

from or related to the interpretation and implementation of this Order.

DATED:  Wilmington, DE
          September __, 2011

                                   _____

                                   THE HONORABLE KEVIN GROSS
                                   CHIEF UNITED STATES BANKRUPTCY JUDGE