IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------x
In re:                                       :  Chapter 11
                                             :
                                             :  Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]           :
                                             :  Jointly Administered
                Debtors.                     :
                                             :  Regarding D.I. 6286:
                                             :
---------------------------------------------x

### ORDER APPROVING THE RETENTION OF TOGUT, SEGAL & SEGAL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES *NUNC PRO TUNC* TO AUGUST 22, 2011

Upon the application (the "Application")[2] of the Retiree Committee in the above-referenced Chapter 11 Case for an order authorizing the employment and retention of Togut, Segal & Segal LLP (the "Togut Firm") as counsel to the Retiree Committee, all as more fully set forth in the Application; and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334, and consideration of the Application and the relief requested therein

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms which are not defined herein shall have the meanings set forth in the Application.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and no other or further notice being required; and the relief requested in the Application being in the best interests of the Retiree Committee; and the Court having reviewed the Application and the Togut Declaration; and the Court having determined that the legal and factual bases set forth in the Application and the Togut Declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and the Court being satisfied based on the representations made in the Application and the Togut Declaration that the Togut Firm is "disinterested" as that term is defined under section 101(14) of the Bankruptcy Code,

    IT IS HEREBY ORDERED THAT:

    1.    The Application is hereby granted as set forth herein.

    2.    The Retiree Committee is authorized, pursuant to section 1103 and 1114 of the Bankruptcy Code, to employ and retain the Togut Firm as its counsel in accordance with the terms and conditions set forth in the Application and the Togut Declaration in accordance with the Togut Firm's normal hourly rates and disbursement policies *nunc pro tunc* to August 22, 2011.

    3.    In all cases, and subject to further Order of this Court, the Togut Firm is authorized to perform the legal services set forth in the Application to the extent that such services are consistent with the Retiree's Committee's purpose as set forth in

paragraph 3 of the Court's Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees [D.I. 5783].

4. The Togut Firm shall file interim and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines for the District of Delaware, the Interim Compensation Order and any other applicable procedures and orders of the Court

5. To the extent the terms of this Order are in any way inconsistent with the Application or Togut Declaration, the terms of this Order shall govern.

6. The Retiree Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

DATED: Wilmington, DE
September 20, 2011

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

3