IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administrated |
| | ) |
| | ) **Re: Docket No. 6201** |
| | ) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF ELLIOTT GREENLEAF AS COUNSEL TO THE OFFICIAL COMMITTEE OF
LONG TERM DISABILITY PARTICIPANTS *NUNC PRO TUNC* TO AUGUST 2, 2011**

Upon consideration of the *Application for an Order Authorizing the Employment and Retention of Elliott Greenleaf as Counsel to the Official Committee of Long Term Disability Participants Nunc Pro Tunc to June 22, 2011* (the "Application"); and the Court being satisfied, based upon the representations made in the Application and the Affidavit of Rafael X. Zahralddin-Aravena, that Elliott Greenleaf ("EG") represents or holds no interests adverse to the Debtors or to their estates as in the matters upon which to be engaged and is a "disinterested party" as such term is defined under Section 101(14) of the Bankruptcy Code; and that the employment of EG is necessary and is in the best interests of the Debtors and their estates, Creditors and other such interested parties; and it appearing that sufficient notice of the Application has been given; and in good cause having been shown, it is hereby

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

ORDERED that the Application as granted, subject to the modifications set forth in this Order; and it is further

ORDERED that EG is retained and employed *nunc pro tunc* to August 2, 2011; and it is further

ORDERED that EG shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules of the Court, the Administrative Order governing professional fees in the aforementioned cases, and any such procedures as may be fixed by the order of this Court, subject to the fee cap of $200,000 set forth in this Court's Order Appointing An Official Committee of Long-Term Disability Participants dated June 22, 2011 [D.I. 5790] (the "June 22 Order"); and it is further

ORDERED that this Order does not grant any relief with respect to any fees or costs that may have been incurred by EG prior to August 2, 2011; and it is further

ORDERED that paragraph 12 of the Application which describes the scope of EG's services is hereby modified as follows:

EG will provide the LTD Committee with the following legal services: (a) render legal advice with respect to the powers and duties of the LTD Committee and the other participants in the Debtors' cases; (b) assist the LTD Committee in its role as the authorized representative of the LTD Plan Participants in connection with negotiations regarding the modification or termination of the LTD Plan, and any claims relating thereto; (c) prepare all necessary applications, motions, answers, orders, reports and papers on behalf of the LTD Committee and represent the LTD Committee at hearings as necessary and appropriate in connection therewith; and (d) render other necessary legal services in connection with the Bankruptcy Cases, as may be reasonably requested by the LTD Committee, that are consistent with the LTD Committee's limited purpose as set forth in the June 22 Order.

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 20, 2011
Wilmington, Delaware

HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE