## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                        :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
:
          Debtors.   :   (Jointly Administered)
:
:   Re: D.I. 6225
---------------------------------------------------------------X
:
Nortel Networks Inc.,                                          :
:
          Plaintiff,  :
:   Adv. Proc. No. 11-50021 (KG)
v.                                                             :
:
Telmar Network Technology, Inc., Precision                     :
Communication Services, Inc., and Precision                    :
Communication Services Corporation,                            :
:   Re: D.I. 44
          Defendants. :
---------------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL, IN PART,
EXHIBIT B TO DEBTORS' MOTION PURSUANT
TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019
<u>FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT</u>**

Upon the motion dated August 25, 2011 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and Nortel Networks (CALA) Inc. ("CALA") and their affiliated debtors, as debtors and

debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more

fully described in the Motion, pursuant to sections 105(a) and 107(b) of title 11 of the United

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file under seal, in part, Exhibit B ("Exhibit B") to the *Debtors' Motion Pursuant to Bankruptcy Rule 9019 For An Order Authorizing Entry Into, And Approving, The Stipulation Of Settlement Between And Among Nortel Networks, Inc., Nortel Networks (CALA) Inc., Nortel Networks Corporation, Nortel Networks Limited, Telmar Network Technology, Inc., Precision Communication Services, Inc., And Precision Communication Services Corporation* (the "Approval Motion"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement Amount, set forth in the Stipulation attached as Exhibit B to the Approval Motion, delivered to the Court by the Debtors, shall be kept segregated and under seal by the Clerk of Court and shall not be made publicly available pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

3. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 20, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

3