**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
                                                           :   Chapter 11
                                                           :
In re                                                      :
                                                           :
Nortel Networks Inc., et al.,[1]                           :   Case No. 09-10138 (KG)
                                                           :
                                Debtors.                   :   (Jointly Administered)
                                                           :
----------------------------------------------------------- X
                                                           :
Nortel Networks Inc.,                                      :
                                                           :
                                Plaintiff,                 :
                                                           :
                                                           :   Adv. Proc. No. 10-55167 (KG)
v.                                                         :
                                                           :
NeoPhotonics Corporation,                                  :
                                                           :
                                Defendant.                 :
                                                           :
                                                           :
-----------------------------------------------------------X
```

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN**
**NORTEL NETWORKS INC. AND NEOPHOTONICS CORPORATION**

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and NeoPhotonics Corporation ("Defendant", and together with Plaintiff, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

## RECITALS

### General Background

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

### The NeoPhotonics Reclamation Demand

WHEREAS, on or about February 3, 2009, Defendant filed a Notice of Reclamation Demand in the amount of $475,540 [Main D.I. 206][2] (the "NeoPhotonics Reclamation Demand"); and

WHEREAS, on February 19, 2009, the Court entered an Order Establishing Procedures for Addressing Reclamation Demands  [Main D.I. 336] (the "Reclamation Demands Procedures Order") authorizing the Debtors, *inter alia*, to settle reclamation demands provided the Debtors notify certain notice parties, specified in the Reclamation Demands Procedures Order (the "Reclamation Demands Notice Parties"), of a settlement and provided no Reclamation Demands Notice Party objects in writing within ten (10) calendar days of receipt of notice of such settlement (the "Reclamation Demands Notice Period"); and

---

[2]  Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55167) are in the form "Adv. D.I. __."

WHEREAS, on or about May 14, 2009, pursuant to the Reclamation Demands Procedures Order, the Debtors filed their Second Reclamation Notice identifying the NeoPhotonics Reclamation Demand as being invalid due to a lack of sufficient information [Main D.I. 756]; and

WHEREAS, on or about June 3, 2009, pursuant to the Reclamation Demands Procedures Order, Defendant filed an objection to the treatment of the NeoPhotonics Reclamation Demand in the Second Reclamation Notice [Main D.I. 847]; and

**The NeoPhotonics Claims**

WHEREAS, on or about May 11, 2009, Defendant filed proof of claim No. 1157 in the amount of $179,840.00 ("Claim 1157"), pursuant to section 503(b)(9) of the Bankruptcy Code; and

WHEREAS, on or about September 29, 2009, Defendant filed proof of claim No. 4910 in the amount of $599,600.00 ("Claim 4910", and collectively with Claim 1157, the "NeoPhotonics Claims"); and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [Main D.I. 3953] (the "Prepetition Claims Settlement Procedures Order") authorizing the Debtors, *inter alia*, to settle Proofs of Claim (1) where the Proof of Claim was originally filed in an amount less than $250,000 without filing or serving any advance notice of such settlement and without further notice or order of the Bankruptcy Court or (2) where the Proof of Claim was originally filed in an amount equal to or greater than $500,000 and less than $1,000,000 without further notice or order of the Bankruptcy Court provided the Debtors notify the Notice Parties, defined in the Prepetition Claims Settlement Procedures Order (the "Prepetition Claims Notice Parties"), of a

3

settlement and provided no Prepetition Claims Notice Party objects in writing within ten (10) calendar days of receipt of notice of such settlement (the "Prepetition Claims Notice Period"); and

**The Adversary Proceeding**

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $1,085,180.00 (the "Subject Transfers"); and

WHEREAS, on November 9, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-55167 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]; and

WHEREAS, on February 14, 2011, Defendant filed an Answer to the Complaint [Adv. D.I. 14] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims [Main D.I. 4211] (the "Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000; and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would

4

be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding, the NeoPhotonics Claims and the NeoPhotonics Reclamation Demand on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.    <u>Resolution of the Avoidance Claim and Dismissal of the Adversary Proceeding</u>.  Upon the Effective Date (defined below), this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.  Within five (5) days after the date that the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (defined below) (hereinafter, the "<u>Effective Date</u>"), Plaintiff shall file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding.  The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of:  (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

2.      <u>Release of Plaintiff</u>.    Effective upon the dismissal of the Adversary Proceeding, Defendant hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding, from any and all claims arising under section 502(h) of the Bankruptcy Code, from the NeoPhotonics Reclamation Demand and any other claims for reclamation the Defendant may have against any of the Debtors, and from the claims set forth in the NeoPhotonics Claims, except to the extent Claim 4910 is allowed as reduced pursuant to paragraph 4 below.

3.      <u>Release of Defendant</u>.  Effective upon the dismissal of the Adversary Proceeding, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have

had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding.

4. Settlement Consideration/The NeoPhotonics Claims and the NeoPhotonics Reclamation Demand. The Parties hereby stipulate that, as of the Effective Date, Claim 4910 shall be reduced from $599,600.00 to $300,000.00 and shall be allowed as a general unsecured claim by Defendant against Plaintiff in the amount of $300,000.00 (the "Allowed Claim"). Defendant agrees that it will not file or otherwise assert any claim against Plaintiff or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claim set forth in Claim 4910 or that arises out of any pre-petition liability of any of the Debtors to the Defendant, and Defendant releases Plaintiff from any and all claims as to any amount over and above the amount of the Allowed Claim. Defendant hereby withdraws with prejudice the NeoPhotonics Reclamation Demand and Claim 1157; hereby waives and releases the claims set forth therein; and agrees that it will not (i) seek to reinstate the NeoPhotonics Reclamation Demand or Claim 1157 or (ii) file or otherwise assert any claim against Plaintiff or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claims set forth in the NeoPhotonics Reclamation Demand or Claim 1157. The waiver and release of the NeoPhotonics Reclamation Demand and Claim 1157 and the allowance of Claim 4910 described herein shall be granted in full satisfaction of any and all claims that have been or could have been asserted in such claims and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. Defendant shall not have any further claims against the Debtors based on the Debtors' schedules.

5.      <u>Claims Register</u>.    The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

6.      <u>Effectiveness</u>.    Pursuant to the Avoidance Claims Settlement Procedures Order, the Prepetition Claims Settlement Procedures Order, and the Reclamation Demands Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

7.      <u>Applicable Law</u>.    This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

8.      <u>Confidentiality</u>.    Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.    Notwithstanding the foregoing, this Stipulation is not confidential and neither Party has any obligation to keep this Stipulation confidential or is otherwise prevented from disclosing the terms of this Stipulation.

9.      <u>Entire Agreement</u>.    This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications,

understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

10.    <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

11.    <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

12.    <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

13.    <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

14.    <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15.    <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

9

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: ~~September~~ 2011

Nortel Networks Inc.                      NeoPhotonics Corporation

By: _____              By: _____
John Ray                                  James D. Fay, Esq.
Principal Officer                         Chief Financial Officer

10