```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                        )    Case No. 09-10138
                              )    (Jointly Administered)
                              )
NORTEL NETWORKS, INC.,        )    Chapter 11
                              )    Courtroom
         et al.,              )
                              )    824 Market Street
         Debtors.            )    Wilmington, Delaware
                              )
                              )    September 21, 2011
                              )    10:00 a.m.


                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:               Morris, Nichols, Arsht & Tunnell
                          BY: ANN CORDO, ESQ.
                          BY: DEREK ABBOTT, ESQ.
                          1201 North Market Street
                          18th Floor
                          Wilmington, DE 19899-1347
                          (302) 351-9459


                          Cleary Gottlieb Steen & Hamilton
                          BY: LISA SCHWEITZER, ESQ.
                          BY: LOUIS LIPNER, ESQ.
                          One Liberty Plaza
                          New York, NY  10006
                          (212) 225-2629


ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
APPEARANCES:
(Continued)

For E&Y, Canadian              Allen & Overy, LLP
Monitor & Canadian             BY: KEN COLEMAN, ESQ.
Debtors:                       BY: DANIEL GUYDER, ESQ.
                               1221 Avenue of the Americas
                               New York, NY 10020
                               (212) 610-7300

                               Norton Rose
                               BY: JENNIFER STAM, ESQ.
                               Suite 3800
                               Royal Bank Plaza, South Tower
                               200 Bay Street
                               Toronto, Ontario  M5J 2Z4
                               (416) 216-3930

                               Buchanan Ingersoll & Rooney
                               BY: MONA PARIKH, ESQ.
                               1105 N. Market St., Ste. 1900
                               Wilmington, DE  19801-1054
                               (302) 552-4214

For Unsecured Creditors'
Committee:                     Akin Gump
                               BY: BRAD KAHN, ESQ.
                               BY: SHAYAH SCHULTE, ESQ.
                               One Bryant Park
                               New York, NY 10036
                               (212) 872-1000

                               Richards Layton & Finger
                               BY: CHRIS SAMIS, ESQ.
                               One Rodney Square
                               920 North King Street
                               Wilmington, DE  19801
                               (302) 651-7531

For Anixter:                   Campbell & Levine
                               BY: AYESHA CHACKO BENNETT,
                               ESQ.
                               800 North King St. Ste. 300
                               Wilmington, DE  19801
                               (302) 426-9947

For Edmund B. Fitzgerald:      Morris James, LLP
                               BY: CARL N. KUNZ, III, ESQ.
                               500 Delaware Ave., Ste. 1500
                               Wilmington, DE  19801-1494
                               (302) 888-6800
```

APPEARANCES:
(Continued)

For Bondholders:                    Pachulski, Stang, Ziehl &
                                    Jones
                                    BY: KATHLEEN P. MAKOWSKI, ESQ.
                                    919 N. Market St., 17th Floor
                                    Wilmington, DE  19801
                                    (302) 778-6417

For Jefferies & Co.:                Cross & Simon
                                    BY: KEVIN S. MANN, ESQ.
                                    913 N. Market St., 11th Floor
                                    Wilmington, DE  19899-1380
                                    (302) 777-4200

TELEPHONIC APPEARANCES:

For Debtor:                         Keightley & Ashner, LLP
                                    BY: HARLD ASHNER, ESQ.
                                    (202) 558-5150

                                    Cleary Gottlieb Steen &
                                    Hamilton
                                    BY: JAMES BROMLEY, ESQ.
                                    (212) 225-2264

For Official Committee
to the Retirees:                    Togul Segal & Segal, LLP
                                    BY: NEIL BERGER, ESQ.
                                    (212) 594-5000

For Ad Hoc Committee:               Milbank Tweed Hadley & McCloy
                                    BY: CINDY CHEN DELANO, ESQ.
                                    (212) 530-8978

For Crowell & Moring:               Crowell & Moring, LLP
                                    BY: MATTHEW CHENEY, ESQ.
                                    (202) 624-2903

For Shearman & Stirling:            Shearman & Stirling
                                    BY: TERRENCE GILROY, ESQ.
                                    (212) 848-4000

For Mercer:                         Freeborn & Peters, LLP
                                    BY: AARON HAMMER, ESQ.
                                    (312) 360-6558

For Ernst & Young:                  Foley & Lardner LLP
                                    BY: JOANNE LEE, ESQ.
                                    (312) 832-4557

```
TELEPHONIC APPEARANCES:
(Continued)

For Special Counsel to
Debtors:                        Benesche Friedlander Coplan &
                                Aronoff, LLP
                                BY: RAYMOND LEMISCH, ESQ.
                                (302) 442-7005

For Huron Consulting
Services, LLC:                  Huron Consulting Services, LLC
                                BY: JAMES LUKENDA, ESQ.
                                (312) 583-8700


For Barclay's Capital, Inc.:    Barclays Capital, Inc.
                                BY: OLIVIA MAURO
                                (212) 412-6773

For Punter Southall Ltd.:       Punter Southall Limited
                                BY: RYAN D. MCGLOTHLIN, ESQ.
                                (508) 424-2576

For Linklaters:                 Linklaters, LLP
                                BY: JARED OYSLON, ESQ.
                                BY: MARK BLYEA, ESQ.
                                (442)745-6429

For John Ray:                   Avidity Partners/Trustee
                                BY: JOHN RAY, ESQ.
                                (630) 613-7300

For RLKS Executive
Solutions:                      RLKS Executive Solutions
                                BY: KATHY SCHULTEA, ESQ.
                                (713) 853-3841

For Hondo Sen:                  Cetus Capital
                                BY: HONDO SEN
                                (203) 552-3528

For King Street Capital:        King Street Capital Mgmt., LLC
                                BY: MITCHELL SOCKETT, ESQ.
                                (434) 284-4404

For Debtor & Erisa
Class Actions Suit:             Jackson Lewis (New Orleans)
                                BY: JASON STEIN, ESQ.
                                (504) 208-5835
```

TELEPHONIC APPEARANCES:
(Continued)

For The Fourth Estate
Directors & The Fourth
Estate Subsidiaries:          Mayer Brown, LLP
                              BY: AMIT K. TREHAN, ESQ.
                              (212) 506-2500


For Fraser Milner &
Casgrain:                     Fraser Milner & Casgrain
                              BY: MICHAEL WUNDER, ESQ.
                              (416) 863-4715

1

1   WILMINGTON, DELAWARE, WED., SEPTEMBER 21, 2011, 10:03 A.M.

2                  THE COURT:  Good morning, everyone.  Thank you

3   and please be seated.  Ms. Cordo, good morning.

4                  MS. CORDO:  Good morning, Your Honor.  For the

5   record, Annie Cordo, Morris, Nichols, Arsht & Tunnell on

6   behalf of the debtors.

7                  First, we just wanted to thank Your Honor for

8   entering our order on the CNO for tomorrow's hearing.

9                  THE COURT:  Yes.

10                  MS. CORDO:  So we were able to cancel that

11  hearing.

12                  THE COURT:  Yes.

13                  MS. CORDO:  They had -- the order had gotten

14  approved in Canada as well, so it was nice to as much as we

15  love seeing Justice Morawetz, I think you'll be happy not to

16  have us in here two days in a row.

17                  THE COURT:  It's always good to see you though.

18                  MS. CORDO:  And then with actually -- you

19  actually entered most of our orders yesterday.

20                  THE COURT:  Yes.

21                  MS. CORDO:  I think that actually takes us to the

22  first item is Item 10 on the agenda that has an order, but

23  if we wouldn't mind going slightly out of order, we have all

24  the fee application professionals on the phone.  If we could

25  handle that matter first so they could be excused?

1            THE COURT:  That's fine.  That makes sense to me,

2    Ms. Cordo.

3            MS. CORDO:  All right.  I have a form of order

4    with a couple modifications, if I may approach?

5            THE COURT:  Yes, please.  Thank you.

6            MS. CORDO:  Your Honor, it's pretty much our

7    standard fee order, but we did file late last night and I

8    believe Your Honor received a copy --

9            THE COURT:  I did.

10            MS. CORDO:  -- this morning of a supplemental

11    exhibit with regards to certain expenses requested by Cleary

12    Gottlieb.  We had had informal discussions with the United

13    States Trustee, and yesterday reached a resolution with

14    them.  That precipitated the filing of our exhibit with

15    further detail, and with that, the U.S. Trustee said I could

16    represent that they had no further objections and obviously

17    they reserved all their rights to object in final fee

18    applications, but they were fine with the expenses being

19    approved in this order.  And that is all reflected in

20    Footnote 4 to Exhibit A.

21            THE COURT:  Yes.

22            MS. CORDO:  Cleary had also agreed already agreed

23    to voluntary reductions in the amount of $249.87 and $2,411

24    and that has been deducted from their total amounts.

25            THE COURT:  Very well.

1          MS. CORDO:  And then everything, all the other

2   footnotes, Your Honor, just explain we have a lot of foreign

3   professionals and now we just added a new Irish professional

4   that's getting paid in Euros so that's all just the

5   translation from the foreign currency --

6          THE COURT:  Okay.

7          MS. CORDO:  -- to U.S. dollars.

8          THE COURT:  All right.  I am very satisfied with

9   the fee applications.  We reviewed them and I'm sorry that I

10  didn't get to them sooner, but they're getting longer and

11  longer, you know, with more participants.  And I am prepared

12  to approve them.

13         MS. CORDO:  Thank you, Your Honor.

14         THE COURT:  Yes.

15         MS. CORDO:  May all the professionals on the

16  phone be excused?

17         THE COURT:  They certainly may.  I'm just sorry I

18  missed that party up in New York.  I know it wasn't a party,

19  I shouldn't even say that jokingly.

20         MS. CORDO:  All right, Your Honor, that actually

21  takes us back to Item No. 10, which was a 9019 motion we had

22  settled -- filed to settle a preference action against

23  Anixter, Inc.  It was filed on shortened notice.  The

24  objection period passed on Monday and we were just unable to

25  file a certificate of no objection prior to the hearing, but

1  no objections were received to that motion.

2            THE COURT:  All right.

3            MS. CORDO:  I have a form of order.

4            THE COURT:  Does anyone else wish to be heard

5  with respect to the motion for the approval of the

6  settlement?

7                    (No audible response.)

8            THE COURT:  Hearing no one, I'm very satisfied

9  that it's fair and reasonable and in the best interest of

10 the debtors' estates, and I will approve it.

11           MS. CORDO:  All right.  May I approach?

12           THE COURT:  You may.  Thank you.  All right.  I'm

13 signing that order, Ms. Cordo.

14           MS. CORDO:  Thank you so much.  And with that,

15 that takes us to Item No. 13 on the agenda, and I will hand

16 the podium over to Ms. Schweitzer.

17           THE COURT:  Thank you.  Or I guess, the movant,

18 Mr. Kunz.

19           MS. CORDO:  I guess it's -- I apologize, Your

20 Honor, it is not our motion.

21                    (Laughter)

22           MS. CORDO:  So I'll actually hand the podium over

23 to Mr. Kunz.

24           MS. SCHWEITZER:  I'll cede the podium.

25           THE COURT:  You'll cede it, all right, Ms.

1  Schweitzer.

2                          (Laughter)

3              THE COURT:  No fighting over the podium this

4  morning.  Good morning, Mr. Kunz.

5              MR. KUNZ:  Good morning, Your Honor.  I was going

6  to say if Ms. Schweitzer wants to make my argument, that

7  would be fine, but I'm not sure that -- I would -- she and I

8  would see the -- come out on the same page.  So I think I'll

9  prefer to do that myself.  Your Honor, Carl --

10             THE COURT:  Let me just start with a preliminary

11  question, if I may.

12             MR. KUNZ:  Sure.

13             THE COURT:  My impression is that the issue is

14  which forum this -- where this proceeds.  Not so much that

15  it proceeds, but where.

16             MR. KUNZ:  Correct, Your Honor.

17             THE COURT:  Okay.

18             MR. KUNZ:  I think that's the basic gist.  And,

19  Your Honor, I spoke with Ms. Schweitzer yesterday and

20  informed her what I was going to ask Your Honor for today.

21  And that is not that the motion go forward in its entirety

22  with argument and everything else, but effectively that it

23  be pushed, for what I think would be some fairly limited

24  discovery, so that we can flesh out perhaps with a little

25  more detail which forum this matter should proceed in.

1              And, Your Honor, I think it's helpful, briefly to

2    review the facts and sort of how we come to that conclusion,

3    but the pending motion deals with I'll say one out of three

4    portions of Mr. Fitzgerald's retirement benefits and that's

5    simply the annuity.

6              THE COURT:  Wasn't that the name of a ship, the

7    Edmund Fitzgerald?

8                        (Laughter)

9              THE COURT:  I saw the --

10             MR. KUNZ:  It was, Your Honor, I believe.

11             THE COURT:  Yes.

12             MR. KUNZ:  As I understand it, the ship was named

13   after my client's father so.

14                        (Laughter)

15             THE COURT:  Yeah.  Is that -- in all seriousness

16   it was?

17             MR. KUNZ:  In all seriousness, yes.

18             THE COURT:  Oh, okay.

19             MR. KUNZ:  The facts are, Your Honor, that Mr.

20   Fitzgerald originally came to Nortel through its U.S.

21   operations and was hired first as an executive for the what

22   I'll call Nortel U.S. operations.  That was from roughly

23   1980 to 1984.  In 1984, he became the CEO of Nortel Canada

24   and remained in that role effectively until his retirement

25   in 1990.

1              Following his retirement in 1990, he, in fact,

2   receive annuity payments relating to the annuity through the

3   time of the bankruptcy filing.  The -- I think we would

4   agree that the annuity contract appears to be a Nortel or a

5   Sun Life U.S. annuity held where the holder is listed as

6   Nortel U.S.  The annuitant, of course, is Mr. Fitzgerald.

7   The Sun Life U.S. annuity policy was actually put into place

8   after -- in 1985, after Mr. Fitzgerald became a Nortel

9   Canada employee.

10             In connection with how the annuity came into

11  play, Mr. Fitzgerald upon his retirement was -- basically

12  went to his human resources department in Canada and the

13  Canadian human resources department authorized the purchase

14  of an annuity.

15             Now, Your Honor, with respect to those two

16  documents, one is Exhibit 3 to the debtors' objection, the

17  other is Exhibit E to the motion for stay relief.  But what

18  those two documents indicate is that the request, Debtors'

19  Exhibit 3, was a request by Mr. Fitzgerald to have his

20  Thrift Savings Plan effectively liquidated for the purposes

21  of purchasing the annuity.

22             The question that arises out of that request is

23  the division is listed as NTL which is, I think we would

24  agree, I think the debtors would probably agree that that's

25  Nortel Networks, Limited, the Canadian debtor.

1              THE COURT:  Right.

2              MR. KUNZ:  The letter to purchase the annuity

3    came from Northern Telecom Limited, in Canada, and was

4    directed to Sun Life Canada in Ontario.  Now it did

5    reference, as the debtors noted, the purchase of a U.S.

6    annuity and that ultimately, I guess the annuity was

7    purchased through Sun Life U.S., with Nortel Networks U.S.

8    listed as the certificate holder.

9              So the debtor says, Your Honor, for purposes of

10   today, it's clear it's a U.S. annuity, the annuity was

11   purchased through Sun Life U.S.  Nortel U.S. is listed as

12   the holder and, therefore, a claim for relief to the extent

13   there is one should be brought in this Court.  And I believe

14   one of the additional facts that I don't think we were aware

15   of is that the Thrift Savings Plan was also a Thrift Savings

16   Plan of Nortel U.S.  At this point, I don't have any reason

17   to dispute that, but there are some questions that are

18   raised by the various documents and the intention of the

19   parties, which are unclear I think for purposes of resolving

20   that issue today.  And practically speaking, create issues

21   as to where we go from here.

22              The first is, Your Honor, with respect to the

23   Thrift Savings Plan since that plan, as I understand it,

24   incepted in 1979 prior to Mr. Fitzgerald's employment as a

25   Nortel U.S. employee, was funded at some point.  And at this

1  point, I can't say standing here because I think Nortel

2  would actually have those records, is how it was funded.

3  Was it funded only during the four years while Mr.

4  Fitzgerald was a U.S. employee?  Was it funded throughout

5  the entire span where it was funded both by Mr. Fitzgerald's

6  U.S. compensation and Mr. Fitzgerald's Canadian

7  compensation.  I don't know the answer to that question, but

8  I think it ultimately becomes relevant.

9        The second is, is was the purchase of the U.S.

10  annuity really just for the purposes of paying Mr.

11  Fitzgerald in U.S. dollars?  Throughout his retirement, he's

12  been paid both in Canadian dollars in some aspect, and U.S.

13  dollars.  The annuity appears to have been paid fully in

14  U.S. dollars, but other aspects of his retirement benefits

15  have been paid both in U.S. dollars and Canadian dollars.

16        We're not sure why the request for purchase was

17  made from Nortel Canada to Sun Life of Canada and then

18  ultimately for purchases of -- and then ultimately the

19  annuity was purchased out of Sun Life U.S.  I don't know, I

20  can't answer that question sitting here today.

21        Also, what's the impact of the actual annuity

22  contract not even being in place at the time when Mr.

23  Fitzgerald had completed his services for Nortel U.S. and

24  became an employee of Nortel Canada.  Again, I'm not sure

25  what the implication of that is except to say I think it

1    raises questions as to ultimately where do these benefits

2    come from.

3          So here's, I think, the harm that would befall

4    Mr. Fitzgerald if he were compelled to make the argument

5    today on stay relief because I think the debtors' case would

6    be fairly straightforward.  It's a U.S. annuity.  It's a

7    U.S. Thrift Savings Plan paid in U.S. dollars held by the

8    U.S. debtor.  But here's the real harm.  The fact is, Your

9    Honor, is that Justice Morawetz, in a ruling last year,

10   indicated that the Canadian executives who were listed as

11   annuitants under the Canadian Nortel policy had a right to

12   their annuities, and have been, as I understand it,

13   receiving those annuities since that time.

14         The debtors are going to defend this motion based

15   on the fact that, as for all the purposes I just said, it's

16   a U.S. annuity held by a U.S. debtor payable in U.S.

17   dollars, therefore, it should be a U.S. asset.  But I

18   suspect that what they're going to do is actually reserve

19   the right and not concede, Your Honor, today that it's a

20   U.S. annuity for all intents and purposes including payment

21   of claims out of the U.S. estate.  They're going to reserve

22   the right to argue that even though Nortel Canada hasn't

23   come in and said anything about this, to argue that for

24   allocation purposes Nortel Canada ought to be paying it

25   because it's holding up, frankly, the administration of the

1    -- in my opinion, it's holding up the administration of the

2    annuity claim because Nortel Canada's apparently not ready

3    to resolve claims and, therefore, it sort of begs the

4    question if Nortel Canada isn't ready to resolve claims,

5    then what are we talking about this just being U.S. Canada.

6    What the heck does -- or U.S., a U.S. annuity, what's it

7    matter whether Nortel Canada is ready to resolve claims or

8    not?  It doesn't make any sense to me, but if that -- if

9    they proceed with an argument then, that this annuity for

10   purposes of today or purposes of the stay relief motion is a

11   U.S. annuity, but reserve the right to argue that it's a --

12   that it should be a Canadian obligation, then that again

13   raises a question about whether it really should be here or

14   whether it should be in Canada.  Because if they're going to

15   make the argument that Canada has some obligation to pay

16   this, then I ought to be up in Canada able to make the same

17   arguments that all the other Canadian executives made of

18   Justice Morawetz and get my annuity.  Not my annuity, get

19   Mr. Fitzgerald's annuity.

20           So as we sit here, I think there are open

21   questions as to whether this is really annuity, an annuity

22   based in the U.S. or whether it's an asset of the U.S.

23   estate and/or whether this is going to be an issue that

24   might find its way ultimately up to Canada in any event.  I

25   think with some limited discovery of the debtor we may

1  ultimately be able to put that issue to bed.  Maybe

2  everything says this is U.S. and no question.  Maybe there's

3  documents or somebody's going to testify out there that says

4  that it was just really just a function of seeing that Mr.

5  Fitzgerald, who at the time resided in the U.S., got paid in

6  U.S. dollars.  Again, I don't know the answer to that

7  question, but I think with some limited discovery, we might

8  be able to answer that question and get some resolution as

9  to whether Your Honor should handle it or whether it should

10 go before Justice Morawetz.

11         So our ultimate request, Your Honor is that this

12 motion would be carried to allow that discovery to take

13 place so that we can try to answer some of those questions

14 and get an idea of exactly, sort of I guess, in my

15 estimation, pin the debtor down.  Are they going to say it's

16 a U.S. for all intents and purposes and pay a U.S. claim?

17 Or are they going to say it's U.S. today and then tomorrow

18 say it's Canada and that Canada ought to be involved?

19         THE COURT:  Or whether the issues are really very

20 separate.  In other words, where it's based.  It seems --

21 I'm not sure what the connection is between where the

22 annuity is based and what the allocation might be as between

23 the -- you know, intercompany-wise.

24         MR. KUNZ:  Correct, Your Honor.  And I don't know

25 that either, but if it's for purposes of allocation that the

1  debtors, the U.S. debtors, are going to take the position

2  that for purposes of allocation it ought to be Canada that

3  pays it, then I ought to be able to make the argument that

4  even though it's based in the U.S., it's really a Canadian

5  obligation, and I ought to be able to go to Justice Morawetz

6  and say as a Canadian obligation under this annuity, Mr.

7  Fitzgerald ought to be entitled to assert that annuity and

8  obtain that annuity.  Because then it sort of, it forces the

9  issues to say to Your Honor, Your Honor, this estate really

10  doesn't have an interest in it because they're going to

11  point to Canada and say that it's a Canadian obligation.

12            THE COURT:  Um-hum.

13            MR. KUNZ:  And if it's, in fact, a Canadian

14  obligation, we think we have a basis to go before Justice

15  Morawetz and say Mr. Fitzgerald is similarly situated to all

16  the other Canadian executives for whom you've already ruled

17  and, therefore, he ought to get his annuity.

18            THE COURT:  Okay.

19            MR. KUNZ:  So I think, Your Honor, I think what

20  we would -- ideally, what we would need to see, I think are

21  a statement of the contributions that were made into the

22  Thrift Savings Plan.  I think we would want to see

23  correspondence or compensation committee minutes for example

24  where this annuity and the purchase of the annuity was

25  discussed, if any.  I think we would want to see notes and

1    minutes detailing the compensation that was paid to Mr.

2    Fitzgerald that resulted in this funding of the annuity.

3    And I think we would want to see any internal notes of the

4    debtor as to why the purchase of the U.S. annuity was made

5    in the U.S. or why it was called a purchase of a U.S.

6    annuity even though the request came from Canada to a

7    Canadian life insurance -- a Canadian -- some life insurance

8    company.

9              So we think we should be able to get that

10   information fairly quickly, look at it, resolve, you know,

11   try to resolve the issue, at least formulate the issue so

12   that Your Honor can say this issue needs to be decided

13   before we figure out whether we're dealing with this in the

14   U.S. or Canada.  I expect the debtors to say it's a claim

15   issue.  But at its base, depending on whether it's a claim

16   issue or not, I think ultimately depends whether we're in

17   Canada or whether we're in U.S. or whether the debtors are

18   going take the -- try to basically take both positions or

19   not give Your Honor a position as to what ultimately their

20   position will be.  Are they going to defend simply saying

21   it's U.S. reserving the rights to argue that it's Canada?

22   If so, I don't think they should be able to take that

23   position, but Mr. Fitzgerald, as a retiree, I think should

24   be able to make the argument -- find the information so that

25   he can make the argument in a cogent fashion as to, you

1  know, whether the annuity should be here or whether it

2  should be in the United States -- I'm sorry, or in Canada.

3          So that's really our position, Your Honor.  I

4  think we just need some limited discovery on those issues to

5  try to flesh it out.  If the debtor is going to take the

6  position 100 percent that it's going to be U.S., maybe that

7  answers the question.  But if it's solely U.S., then any

8  resolution of the Canadian claims process would have no

9  bearing on their ability to resolve this claim.

10          THE COURT:  But even if they say that it's U.S.,

11  I assume you're going to want to test that.

12          MR. KUNZ:  I think we -- well, I think we would

13  want to test it, but I think that might also offer a

14  possibility of resolution because -- well, I don't want to

15  get into any kind of conversations that I've had with Ms.

16  Schweitzer.

17          THE COURT:  Right, no.

18          MR. KUNZ:  It's certainly not fair to her.  But I

19  think if that was the position, then I think a position that

20  we're -- we have to wait to resolve the Canadian claims to

21  doesn't hold water.

22          THE COURT:  Okay.

23          MR. KUNZ:  So that we would be -- I think we

24  would be in the position -- let me play it out from our

25  perspective, I guess, Your Honor.  If it's a U.S. annuity

1    and everybody agrees that it's a U.S. annuity, then we ought

2    to know what that annuity's worth.  And if that annuity is

3    worth something, then Mr. Fitzgerald, right now, can go out

4    into the market, sell that claim, and I'll tell you, maybe

5    Your Honor's aware or not aware, but it appears the market

6    thinks it's going to be a 100 percent return.

7                    THE COURT:  Yes.

8                    MR. KUNZ:  But he can go out and sell that claim

9    now and not have to worry about going through any claims

10   process.  But he's held up because we can't resolve that

11   claim because there might be an issue that it should be a

12   Canadian claim.

13                   THE COURT:  I see.

14                   MR. KUNZ:  And so there's the -- that's the rub.

15                   THE COURT:  Okay.

16                   MR. KUNZ:  There's sort of no ability to resolve

17   it while that issue is open.

18                   THE COURT:  But if it's a Canadian claim --

19                   MR. KUNZ:  Then I --

20                   THE COURT:  -- then it seems to me that based on

21   Justice Morawetz's prior ruling, you can --

22                   MR. KUNZ:  I would get the annuity.

23                   THE COURT:  Right.  Okay.

24                   MR. KUNZ:  So that's I guess in some respect it's

25   sort of one or -- you know, it's one or the other, but not

1    both.  If it's U.S. and I -- and Mr. Fitzgerald wants to

2    take the position that yes, we agree that it's U.S. and go

3    out and sell this claim, assuming we can figure out what

4    that number is, great, that allows him to liquidate a claim.

5    If it's Canadian, then he goes to Canada, makes the argument

6    to Justice Morawetz that he's similarly situated and we

7    believe would get his annuity.  But we're stuck in this

8    purgatory where I can't go to Canada and yet at the same

9    time there may be some argument that Canada has an interest.

10   And because of the holdup in the allocation between the two

11   estates and the claims resolution process, Mr. Fitzgerald's

12   sort of in a position of being unable to break the deadlock

13   and we don't think he should be in that position.

14            THE COURT:  All right.

15            MR. KUNZ:  So if there's going to be a position

16   that we're going to have to proceed, then let's get some

17   discovery and figure it out so we can answer some of those

18   questions.

19            THE COURT:  All right.  Thank you, Mr. Kunz.

20            MR. KUNZ:  Thank you, Your Honor.

21            THE COURT:  Ms. Schweitzer, good morning.

22            MS. SCHWEITZER:  Good morning, Your Honor.  It's

23   good to see you as always.

24            THE COURT:  Always good to see you, too.

25            MS. SCHWEITZER:  I think it's helpful to take a

1    step back to some of the facts.  I think there's a lot of

2    facts we agree on and some facts that maybe we glossed over

3    or each one of us point to different pieces.  So let me just

4    take a step back on where we're at.  Mr. Fitzgerald has

5    filed a claim in the U.S.

6              THE COURT:  Yes.

7              MS. SCHWEITZER:  As his counsel has said, that

8    that claim is not solely for the annuity.  It's a lump sum

9    number, but we understand that the claim is -- includes the

10   annuity, as well as amounts related to other retirement

11   benefits that Mr. Fitzgerald has gotten or has been entitled

12   to in his view.  Right?  And so this is not solely a claim

13   against the U.S. with respect to annuities.  And Mr.

14   Fitzgerald, as you've heard, takes a position, and it's a

15   true fact, for periods of time he worked for the U.S., and

16   for periods of time he worked for Canada, and at the end of

17   that process, he got a bundle of benefits.  Some might have

18   accrued at different times, they might come under different

19   documents, but he has more than one claim.  And he's

20   asserted more than one type of claim against the U.S.  And

21   in fairness, he wants to know, you know, he did the right

22   thing.  Right?  You file against everyone and then you

23   figure out later who the right claim is, but you've

24   protected your downside.

25              We understand also that he's filed a similar

1    claim for the same amounts in Canada.  The Canadian process

2    is slightly different.

3              THE COURT:  Yes, yes.

4              MS. SCHWEITZER:  In that they don't set or they

5    haven't set a bar date for employee claims.  That, in fact,

6    that they have an employee claims representative and that

7    they have different procedural options such that they can

8    use employee claims representative and use the monitor and

9    claims process so that not everyone starts by filing a claim

10   and you resolve it later.  They might make upfront

11   determinations as to how they want to handle claims, then

12   they use to fill in your form whichever way.  Coincidently,

13   the Canadian debtors just, I think yesterday or the day

14   before, had filed a motion seeking or proposing an employee

15   claims protocol, right, which was set --

16             THE COURT:  Okay.

17             MS. SCHWEITZER:  -- to be heard by the Court.

18             So when Mr. Fitzgerald filed his motion for

19   relief from stay, we said okay, well we actually think you

20   filed a U.S. claim.  I'll go through the facts a little

21   more.  You filed a U.S. claim.  The U.S. debtors have an

22   interest in this annuity contract.  Our name is on it.

23   We're the contract holder.  Again, undisputed, right, you

24   can just read the contract.  But that said, ultimately as

25   Mr. Fitzgerald's counsel indicated, it's not about process

1  for process sake, it's about process for reaching a

2  resolution.  We said we're happy to talk about your claim

3  holistically.  Let's talk to Canada to see if they're

4  prepared because there are different components to your

5  claim, and some of them will need cooperation from Canada,

6  or you might recognize not be willing to settle Part A of

7  your claim without knowing how it's being treated in Canada.

8          The Canadian debtors, in all fairness, and in all

9  appropriateness, said we're just not there yet.  Right?

10  We're not prepared to engage in the claim.  And we said as

11  U.S. debtors, we have a whole bunch of claims filed by a

12  whole bunch of people, each of which, many of which, have a

13  whole bunch of components to them.  And we're not in a

14  position right now to be peeling off parts of claims and

15  adjudicating them in piecemeal because you're not the only

16  person in this position.  And quite frankly, he's not the

17  only person in the position with respect to a U.S. claim

18  against the U.S. debtors for a Sun Life annuity.  Right?

19          THE COURT:  Okay.

20          MS. SCHWEITZER:  This is not a one off issue.

21  It's not 100 people, but he's not the only one who's out

22  there who is seeking claims against the U.S. debtors with

23  respect to the Sun Life annuities.

24          So here we are in front of Your Honor on -- not

25  on the ultimate adjudication of the claim, but the threshold

1    question of -- notwithstanding the fact that he's filed a

2    claim against the U.S. debtors, is it appropriate to lift

3    the stay and allow Mr. Fitzgerald to go to Canada to bring

4    an action with respect to the annuity.  So the choices are

5    Canada has no interest, it's completely U.S.  Canada is the

6    only one with an interest, there's no U.S. interest, which

7    his motion papers were originally premised on that basis.

8    This was all an accident, I just want to go to Canada.  Or

9    maybe they're overlapping interests, maybe they're not.

10   Right?  Well the burden is on Mr. Fitzgerald to make the

11   prima facie case not --

12            THE COURT:  Um-hum.

13            MS. SCHWEITZER:  -- to get the discovery which

14   many of which -- and I'll get to that, goes to the ultimate

15   merits of the claim, but it's not your -- the motion for

16   relief from stay, he carries the prima facie burden not to

17   come in to get discovery about the claim and then use that

18   as an opportunity to go adjudicate it in another forum.

19            But when we go through the facts, Mr. Fitzgerald

20   concedes, and it's not really a disputable fact, that he was

21   an NNI employee at the start of his career.  And the

22   annuity, just to explain it, when he says Mr. Fitzgerald is

23   the annuitant.

24            THE COURT:  Yes.

25            MS. SCHWEITZER:  What actually happens with these

1 annuities is that NNI, formally Nortel Telecom, Inc., now

2 Nortel Networks, Inc., goes to Sun Life and says I, Nortel,

3 NNI, want a contract with you, Sun Life, annuity provider.

4 And I, NNI, am the contract holder, and so I want to buy

5 annuities, from time to time, that have streams of payments.

6 In this case, the streams of payments are tied to the

7 lifespan of a person, or 20 years or whatever they may be.

8 And so I have the time  -- I have the right, from time to

9 time, to come to you and say here, I have an employee, I

10 have my puppy, I have whoever who I want, but I want to tie

11 my benefits to this annuitant.  So it's tied to his

12 lifespan, but the contract holder is NNI.

13          THE COURT:  Right.

14          MS. SCHWEITZER:  Right?

15          THE COURT:  Right.

16          MS. SCHWEITZER:  And so what that means is when

17 Mr. Fitzgerald said I got benefit payments from time to

18 time, Sun Life doesn't write Mr. Fitzgerald a check, Sun

19 Life writes the contract holder, again this is all just from

20 the face of the contract, writes the check to NNI.  Right?

21 And then NNI pays him benefits.

22          THE COURT:  You're in effect insuring your

23 obligation to the beneficiary, Mr. Fitzgerald, in this case.

24          MS. SCHWEITZER:  Correct.  You remember similar

25 arguments in deferred compensation.  It's not deferred

1  compensation, it's an annuity here, but the idea is this

2  policy is for me, and then I've given benefits to Mr.

3  Fitzgerald.  Right?

4            THE COURT:  Right.

5            MS. SCHWEITZER:  I am not going to concede, for

6  the this purpose of this motion, I don't need to concede for

7  the purpose of this motion, whether those are dollar-for-

8  dollar the same, whether those are, you know, pass-through

9  only.  But you can see the argument being:  Is it a claim?

10  Is it his annuity?  Is it my annuity?  You quickly get into

11  the substance of the claim.  Right?  Is this -- is he making

12  claims against the annuity for a turnover of the annuity, or

13  is he making claims against NNI, as an unsecured claim,

14  saying I have benefits, and I happen to point to the annuity

15  to look for the value.  Right?

16            THE COURT:  So when Mr. Fitzgerald talks about

17  selling the annuity, it isn't really his to sell.

18            MS. SCHWEITZER:  That's certainly the U.S.

19  debtors position.

20            THE COURT:  I guess that's the issue.

21            MS. SCHWEITZER:  It's a contract in our name.

22            THE COURT:  Right.

23            MS. SCHWEITZER:  And the payments have been, and

24  continue to come to us.

25            THE COURT:  Right.

1          MS. SCHWEITZER:  Right?  And so that he would

2    have to have an order from a Court declaring some sort of

3    remedy that turns over the annuity to him.  So that brings

4    you to what happened in Canada.

5          In Canada, different employees who are Canadian

6    employees said, hey wait, there were annuities for which

7    we're annuitants.  Right?

8          THE COURT:  Yes.

9          MS. SCHWEITZER:  Under a Sun Life Canada policy,

10   governed by Canadian Law, where the contract holder was not

11   NNI, but was NNL.

12         THE COURT:  Right and it was Sun Life Canada.

13         MS. SCHWEITZER:  Correct.

14         THE COURT:  Yes.

15         MS. SCHWEITZER:  It was Sun Life Canada and

16   governed by different laws.  Again, maybe similar, but is

17   not the same.  At that time, which was over a year ago, Mr.

18   Fitzgerald went to -- our understanding based on the

19   pleadings, Mr. Fitzgerald went to Canada because there the

20   Canadian debtors went to the Court, and what we would call

21   in the U.S., an advisory opinion or declaratory relief, said

22   Court, tell me what to do.  Is it my annuity and they have

23   claims against me or are these their policies.  Right?  And

24   so they went to Justice Morawetz and said here's a list of

25   employees.  Here's a list of annuities.  Here's our facts.

1   Declare, under Canadian Law with respect to these Canadian

2   employees and Canadian annuities, whose annuities they are.

3   The Canadian Court ruled, in that case, in favor of the

4   employees, and had the annuities turned over.

5           THE COURT:  Oh, he actually had -- okay, all

6   right.

7           MS. SCHWEITZER:  He had them turned over.

8           THE COURT:  That I didn't understand.  I thought

9   maybe he just ordered that the payments continue, but he

10  actually --

11          MS. SCHWEITZER:  It was turned over, right, in

12  Canada?  I apologize, the payments would continue and turned

13  over to them.

14          THE COURT:  Okay.  Okay.

15          MS. SCHWEITZER:  So -- but in either event, he

16  said this is -- it's not a mere unsecured claim, they have

17  the right to continue the payments flowing.  So in that

18  case, Mr. Fitzgerald, at that time, our understanding is,

19  approached the Canadian debtors and said include me in this

20  motion because I'm a Canadian employee, too.  And the motion

21  papers indicate that the Canadian debtors declined to do so

22  because it was a U.S. policy.  Right?  And said that we're

23  not bringing it.  This is a U.S. contract.  It's different.

24  Right?

25          THE COURT:  Right.

1              MS. SCHWEITZER:  That was a year ago.  At that

2    time, Mr. Fitzgerald didn't seek any further relief from

3    this Court, didn't come to this Court to seek relief to stay

4    to be included in that litigation, didn't get any traction

5    in Canada.  And so he was carved out and it was decidedly

6    separate.  Right?

7              THE COURT:  Yes.

8              MS. SCHWEITZER:  And his claim meanwhile is

9    pending as filed against the U.S. debtors.

10             THE COURT:  Right.

11             MS. SCHWEITZER:  Right?

12             THE COURT:  Right.

13             MS. SCHWEITZER:  So now we are a year later.

14   We've gone through the documents. You have all the documents

15   in front of you regarding the contracts, the contributions.

16   I don't think we -- any one of us came to thinking that the

17   -- well at least the U.S. debtors didn't come thinking the

18   disputed facts actually are what this motion hinges on

19   today.  And we don't agree with Mr. Fitzgerald's counsel

20   that Your Honor isn't in a position to rule on the ultimate

21   stay relief without knowing all those disputed facts.

22   Because the question before you is, have the movants met

23   their burden to obtain relief from the stay in order to go

24   to Canada and litigate their entitlement to this annuity to

25   which NNI is a contract holder in Canada.  Right?  That's

1  the question before Your Honor today.

2              As I said under the Delaware and Third Circuit

3  case law, the movant bears that burden.  Right?  And if they

4  have to come forward with prime facie evidence why that it's

5  necessary to grant the relief from stay at this point.  And

6  one of the reasons would be the U.S. has no interest in the

7  contract.  Right?  Not the case here.  We have an interest

8  in the contract.  We're a contract holder.  Second of all,

9  we have an interest in the adjudication of the underlying

10  claim.  Right?  Which is asserted against us.

11              And our understanding is Mr. Fitzgerald has filed

12  the same claim against Canada.  He wants to figure out, you

13  know, he's the one, in his motion papers, raising, is this

14  U.S., is it Canadian?  Where do I go?  Right?  But it's our

15  position certainly with respect to the annuity, it's our

16  money.  Right?

17              And then when you look at the factors that the

18  Court's looked to in whether you grant relief from the stay

19  the *Sonic's* factors, you go through the list and you say,

20  well is the claim that's looking to be moved away from the

21  Bankruptcy Court, is there a lack of connection with the

22  bankruptcy case?  Clearly not the case here because the

23  annuity in our position is debtor property.

24              THE COURT:  Right.

25              MS. SCHWEITZER:  Is the tribunal you're going to,

1  do they have a specialized knowledge or capabilities that

2  this Court doesn't have?  Well the Canadian Court has

3  finished its litigation.  It litigated Canadian Law.  This

4  is the claim, if you're looking to the annuity, which would

5  be brought under Tennessee Law, and the Canadian Bankruptcy

6  Court certainly doesn't have better expertise than Your

7  Honor with respect to annuity contracts or the like or

8  certainly not property of the estate issues.

9         The next question would be if the debtors ensure

10  or some third party has assumed liability for the claims

11  such as the debtors are no longer on the hook.  Not the case

12  here.  We have a claim asserted against us and he's actively

13  looking to get paid on his claim or get the annuities

14  renewed or some sort of compensation for this claim.  Would

15  there be prejudice to other creditors by litigation in

16  another forum?

17         But here again, the result is that the money is

18  part of the debtors' estate.  So whether an unsecured claim

19  is being put on the estate or not affects other creditors

20  here.  As I said, there are other creditors, other NNI

21  employees who have claims.  Would they be required to go to

22  Canada?  Maybe they want to adjudicate in the U.S.  There's

23  -- to the extent that there's judicial economy and we're the

24  contract holder, the claims should be brought here whether

25  on a one off basis or collectively.  Right?  We don't

1    necessarily have to do them collectively, but certainly

2    sending one of the litigations to Canada doesn't necessarily

3    make sense.

4            Again, there's no judicial economy by saying well

5    Canada's already thought about these issues because they

6    thought about different issues under different Canadian Law

7    a year ago.  Right?  So there's nothing pending in Canada.

8    There's nothing quicker in Canada.  And there's no obvious

9    hook by which Canada has an interest that doesn't exist in

10   the U.S. to the extent that there's an interest at all.  Is

11   it trial ready in another forum?  Same question.  Other

12   issues were trial ready a year ago, not now.

13           And then you get to the balance of the harms.

14   And for us, the U.S. debtors, we have a U.S. claims process.

15   We have a U.S. Judge, and we have U.S. property.  And so

16   when he says the balance of the harms, is that this is

17   either going to slow me down or I'm lost in limbo, I

18   recognize that's unfortunate.  I recognize that many

19   employees have filed claims against the United States

20   debtors, and some or all of them are complicated.  Right?

21   And some or all of them need cooperation with Canada on

22   pieces, maybe on whole. Some of the discovery he's looking

23   to, when you listen to the question, says well I got a

24   letter from a Canadian Nortel entity and so, therefore, I

25   want to know if a Canadian or U.S. debtor entered that.

1    Well even though he says well the U.S. debtors can answer

2    that.  You can easily see that start slipping into, A, the

3    substance of the claim and the ultimate merits.  And B,

4    issues of are the debtors producing a response?  Are the

5    Canadian debtors producing a response?  In fact, the letter

6    he refers to while saying Northern Telecom, Limited has

7    national address.  Right?  Where the U.S. debtors have

8    offices.  So the fact that different -- because he was a

9    Canadian employee and that his benefits might have been

10   addressed in a collective manner at different times, doesn't

11   necessarily suddenly mean the entire claim should go to

12   Canada.

13          But to step back, that the first request was

14   motion for relief from stay.  Right?  Not an ultimate

15   adjudication on the merits, but should this claim be sent to

16   Canada rather than the U.S.?  I think the fact that we're

17   the contract holder, the money has come to us and he's filed

18   a claim against us, is dispositive.  Right?  That there's no

19   reason when you look at the *Sonics* factors, how do you get

20   past that.  Right?

21          The second question is, well gee, if the U.S.

22   debtors are going to say this is my money and my claim, why

23   can't we just peel this off.  Right?  The tomorrow question

24   is just peel it off and settle it and adjudicate it.

25   Voluntarily consensually, we have a claim right now that

1    we're willing to discuss on a holistic basis.  We're waiting

2    for Canada, totally appropriate.  We're not pointing fingers

3    at anyone.  There is just a process by which we all have a

4    lot of claims that we have to go through in a systematic

5    manner.

6              And so when everyone's ready, we're ready to talk

7    consensually.  If there's relief to be had before this

8    Court, he's welcome to bring motions for further relief

9    before this Court.  I don't necessarily know that that gets

10   a quicker result than a consensual discussion, but what I

11   have to look at now is whether I need to go to Canada, and

12   as a U.S. debtor, go to Canada to defend my interest in a

13   contract that has my name on it.

14             So I don't think we need discovery to get to that

15   question, with all due respect.  And I think that if

16   discovery were granted, even though the couch is being

17   limited, it quickly slips into merits and it's one-sided

18   discovery, and it's parsing of the claim.  And so in the

19   context of the motion, I don't think it's necessary and I

20   think it risks the slippery slope of going beyond the motion

21   itself.  So with that, that's the reason that we're in a

22   position where we have to oppose the request for relief.

23             THE COURT:  All right, Ms. Schweitzer.

24             MS. SCHULTE:  Good morning, Your Honor.  Sarah

25   Schulte, Akin, Gump, Strauss, Hauer & Feld, on behalf of the

1  official committee of unsecured creditors.

2          THE COURT:  Good morning.

3          MS. SCHULTE:  I'll be brief.  I don't want to

4  repeat what Ms. Schweitzer said, but the committee is --

5          THE COURT:  I don't think you could.

6          MS. SCHULTE:  I don't.

7                  (Laughter)

8          MS. SCHULTE:  I probably couldn't, Your Honor.

9  The committee is in full agreement with the debtors in this

10  case.  While we sympathize with Mr. Fitzgerald and his

11  desire to monetize his claim, as Ms. Schweitzer said, there

12  are many claimants that are in this same situation, all of

13  whom would like to monetize their claims.  And the U.S.

14  debtors, in conjunction with all other parties, are working

15  as quickly as they can to allow distributions to all

16  parties, but at this point, we don't believe that it's

17  appropriate to lift the stay to allow this claim to go

18  forward.

19          THE COURT:  Thank you.

20          MS. SCHULTE:  Thank you, Your Honor.

21          THE COURT:  You see, I had a whole -- I had a --

22  please, Mr. Kunz, come forward.  I had a whole different

23  impression of what we were arguing over today and that was

24  that in Canada Justice Morawetz said continue to make the

25  payments to the annuitants.  And in the United States you're

1  not getting your annuity payments.

2          MR. KUNZ:   That's correct.

3          THE COURT:   And you want to, therefore, be sort

4  of covered by Justice Morawetz's ruling on the payments, as

5  opposed to the potential sale of the annuity or, you know,

6  whatever to that effect.

7          MR. KUNZ:   And we're not sitting here saying that

8  we should sell or --

9          THE COURT:   No.

10          MR. KUNZ:   -- do anything with the -- that's --

11  in essence, Your Honor, that's correct.   I mean, we're

12  looking for the annuity payment stream to continue.   The

13  payments are continuing to be made to the debtor.   The

14  debtor is collecting the money every month.   And, of course,

15  Mr. Fitzgerald's not getting anything, not even a claims

16  resolution at this point.

17          Your Honor, I wanted to address a couple of

18  issues.   It's interesting that the last point sort of makes

19  my point.   Ms. Schweitzer said, you know, well we're sorry

20  that Mr. Fitzgerald can't get a claim but it's all tied up

21  and it's tied up because there was Canadian issues involved,

22  and there was Canadian claims involved, and we can't carve

23  that out because that would be prejudicial to others.   It

24  sort of it makes the point that they're trying to have their

25  cake and eat it, too, which is I'm going to deny stay relief

1  so you can't go to Canada and argue about ultimately what

2  this -- whether the annuity payment should -- stream should

3  continue.  In the meantime, we'll continue to collect money.

4  And in the meantime, we won't continue to resolve your

5  claim.  And so -- and the reason we can't resolve it is

6  because it's tied up with Canadian aspects of the claim.

7          And so Mr. Fitzgerald's in the very uncomfortable

8  position of watching annuity payments continue to be made

9  and the annuity was purchased with his money to the debtor

10  and the debtor not forward it through, but the debtor not

11  propose a process to address that issue, notwithstanding the

12  fact that the executives in Canada, admittedly under a Sun

13  Life Canada policy, have been given the stream of payments

14  coming from the annuity.

15          I'm trying to understand exactly what the

16  prejudice to others is.  The debtors know exactly how much

17  money they get every month from this annuity.

18          THE COURT:  Yes.

19          MR. KUNZ:  It's not a complicated process to

20  figure out what that stream is and monetize it.  The claim

21  that was filed, I believe, by Mr. Fitzgerald, and I'm sorry

22  I don't have the copy of the claim here, but spelled out

23  this is the amount for the annuity, this is the amount for

24  the supplemental pension, this is the amount for whatever,

25  and detailed the calculation as to how that was made.  So

1  carving it out or saying we can't carve it out because

2  there's something going on in Canada, I don't think rings

3  true, unless they're going to take the position that the

4  claim is a Canadian claim.  Which is the question that we're

5  trying to get answered.

6            And if they're going to defend basically saying

7  we're going to defend -- they're not entitled to stay relief

8  because my name's on the contract, and three months from now

9  say well we don't have to pay that -- the U.S. doesn't have

10 to pay that claim even though it's been collecting $50,000 a

11 year, you know, during the course of the bankruptcy, we

12 don't have to pay that claim because it's a Canadian claim,

13 and now you haven't been able to go to Canada and seek to

14 have the Canadian Court determine that, I think is highly

15 prejudicial to Mr. Fitzgerald and dealing with the claim is

16 simply not prejudicial to anyone, and frankly, not that

17 complicated.

18            THE COURT:  Well I thought I heard Ms. Schweitzer

19 fairly clearly indicate that this is a Nortel U.S. claim.

20            MR. KUNZ:  I don't think she said that, Your

21 Honor.

22            THE COURT:  No?

23            MR. KUNZ:  She said it's a Nortel U.S. contract.

24            THE COURT:  Right.

25            MR. KUNZ:  For which Mr. Fitzgerald has filed a

1   claim that involves potential Canadian issues and I can't

2   resolve one without resolving all the Canadian issues.  So I

3   don't think she said that this is a U.S. claim that they

4   accepting reasonability for.  Again, I think if they were

5   willing to do that, maybe that would foster some additional

6   discussion and some consensual discussion that Ms.

7   Schweitzer invited and that we've been trying to accomplish.

8   But I don't think I heard her say that.  Because if that

9   were the case, then I think we could monetize the claim.  We

10  could carve it out, and Mr. Fitzgerald could monetize the

11  claim in the U.S.

12          You know, there's plenty of claims agents and

13  claims purchasers pounding down people's doors to buy claims

14  in Nortel.  Now I don't know if they're off their rocker or

15  not, but given the prices that look like they're shopping,

16  you know, Mr. Fitzgerald, I think could easily with an

17  allowed claim for the annuity, if the debtors are willing to

18  agree that it's a U.S. annuity and a U.S. estate obligation,

19  we could deal with that, but I don't --

20          THE COURT:  And that's what you want by way of

21  discovery.  You want really to establish --

22          MR. KUNZ:  I want to know.  I want to know, are

23  they going to take a position that it's Canadian or are they

24  going to take a position that it's U.S. or some combination

25  of the both?  Because if they're going to take the position

1  that it's Canadian, then I think this estate has no interest

2  in it and Your Honor could swiftly enter an order to grant

3  the stay relief to go up and talk to Justice Morawetz.

4           THE COURT:  All right.

5           MR. KUNZ:  Thank you.

6           THE COURT:  Thank you, Mr. Kunz.  Help me out,

7  Ms. Schweitzer because I may be confused, but I thought you

8  were basically, I don't want to use the word conceding, but

9  arguing that this is a claim that should be resolved in the

10  United States so it's a -- because it's a U.S. claim.

11           MS. SCHWEITZER:  Yes, Your Honor.  If I can just

12  address that.  I think there are a couple statements in

13  there that need to be addressed.  Right?

14           THE COURT:  Okay, please.

15           MS. SCHWEITZER:  So number one, the NNI/Sun Life

16  contract is a U.S. annuity contract.  Right?

17           THE COURT:  Right, right.

18           MS. SCHWEITZER:  Mr. Fitzgerald's counsel says,

19  well if that's true, then step one, I have a claim against

20  the U.S.  Certainly, to the extent that we have the contract

21  and he was promised benefits that relate to that contract,

22  right, he has a claim against the U.S. for those benefits.

23  Right?

24           THE COURT:  Right.

25           MS. SCHWEITZER:  It's not in our position -- he

1   doesn't have a turnover claim to the annuity, he has a claim

2   for benefits, which as you, Your Honor, said that we chose

3   to secure through the purchase of annuity.  Right?

4              THE COURT:  Right, right.

5              MS. SCHWEITZER:  So in saying hey, if it's a U.S.

6   contract, we're at the end of the race.  Right?  We didn't

7   come here today to litigate all of the questions regarding

8   the nature of the claim, what would be the amount of the

9   claim whether we agree with his statement, which when you

10  say it generally, it sounds so nice, my money was used, it's

11  my contract.  Right?  As you know in deferred compensation,

12  again a different animal, deferred compensation individuals

13  make the same argument.  That was my money used.  That was

14  money that I could have otherwise gotten as compensation,

15  but instead I said hold onto it, buy an annuity and provide

16  me alternative benefits.  Right?  It's not the same,

17  similar.  But again, we're not here today to litigate the

18  quantum of the claim, to litigate the --

19             THE COURT:  No.

20             MS. SCHWEITZER:  -- whether this is unsecured,

21  whether it's a direct claim to the annuity.  But we don't

22  disagree that it's a U.S. issued annuity, and that he has

23  some claim against the U.S. debtors for benefits promised,

24  tied to that annuity.  Right?  But you don't get from step

25  one to step -- you know, end of the race just by saying it's

1    a U.S. interest contract.  Right?  Because you go into again

2    the quantum and the nature of the claim, unsecured versus

3    secured, versus turnover, versus a million theories.  Right?

4    We're not there yet.

5              Second of all, the fact is Mr. Fitzgerald has

6    filed a claim against Canada.  By acknowledging the

7    existence of that claim, I'm not actually taking a position

8    whether it's valid or invalid.  He is the one that filed the

9    claim.  He will have to adjudicate that with the Canadian

10   debtors.

11             The third point he said before was, hey but in

12   the U.S., claims are trading at 100 cents on the dollar

13   which, in fact, my understanding is they're not quite there

14   yet.  Right?  We don't have to get there again today.  But

15   if, in fact, he could articulate a claim against the

16   Canadian debtors for -- related to this contract, he

17   certainly has tried do so today.  I don't know what he'll

18   ultimately do.  That the cross border protocol does ensure

19   the fact no creditor gets paid more than 100 cents on their

20   ultimate claim.  Right?  So that you could see again --

21             THE COURT:  Of course.

22             MS. SCHWEITZER:  -- the example that he has a

23   claim against the U.S.  He, by choice, maybe because he

24   doesn't get 100 cents on the dollar tries to make a claim

25   against Canada.  Again, I'm not saying this is going to

1    happen.  I'm just saying today we have a claim against both

2    jurisdictions and he is trying to articulate a Canada

3    connection.  For us to go forward with our claim before that

4    Canadian claim is decided, effectively puts all the onus on

5    the U.S., and then we deal in hindsight with how that

6    Canadian claim gets adjudicated.  Maybe we never get there.

7    Maybe, in fact, once we get to the ultimate merits of the

8    claim we cut through all this.  Right?

9            So his next question will be why can't we just

10   cut through all this?  Why do you keep talking about these

11   Canadian interests?  Well the fact is this is not, and

12   again, this was his first statement to the Court today, this

13   is not the only aspect of the claim Mr. Fitzgerald has filed

14   against the U.S. debtors.

15           THE COURT:  Correct.

16           MS. SCHWEITZER:  He has also filed claims for

17   other retirement benefits that are included in his proof of

18   claim against the U.S. debtors.

19           THE COURT:  The thrift plan and the like.

20           MS. SCHWEITZER:  The thrift plan is part of this.

21   There's also something called the SERP which you'll come to

22   know and love.  We haven't brought that before you today,

23   but the Senior Executive Retirement Plan or something of the

24   like.

25           THE COURT:  Right.

1          MS. SCHWEITZER:  So the SERP is again a Canadian

2     plan, sometimes U.S. employees participated.  Is that

3     Canadian?  Is that U.S.?  Is it both?  Is it neither?  Is it

4     sometimes one or the other?  Not questions for today before

5     Your Honor, but Mr. Fitzgerald's claim in the U.S., and our

6     understanding is the claim in Canada, is a mirror claim,

7     files a claim against each debtor for the entire amount of

8     the SERP claim.

9          THE COURT:  Okay.

10          MS. SCHWEITZER:  So what he's asking Your Honor

11     is it's easy.  Number one, it's a U.S. annuity.  And if it's

12     a U.S. annuity, there's only one more step we have to do,

13     which is go on a calculator, figure out my amount of claim

14     and give it to me either as the annuity or the claim.  And

15     second of all, why do you keep saying it's tangled up in

16     other Canadian issues?  Well, because you filed a claim

17     against the U.S. debtors for a lump sum aggregate amount

18     that includes claims related to this, which we still have to

19     work through quantums.  And claims related to other

20     benefits, which I think he would concede have Canadian

21     aspects, and in fact, that's why we were unable to address

22     the claim holistically.

23          So we're not inclined not to be obstructionists

24     and not to hold back money that we perceive is his money,

25     but just we have an aggregate claim in front of us.  We have

1   thousands of claims filed employees -- by employees in front

2   of us and we're trying to deal with them in an orderly

3   manner.  Right?  And so in this case, we understand, again,

4   we have a claims process.  He's not made a motion before

5   Your Honor which it quickly sounded like as a motion to

6   adjudicate the merits of the claim.  Right?  Look, Your

7   Honor, it's easy, let's get the motion of claim.  The motion

8   now is simply for a motion let me take this claim, part of

9   this claim and send it to Canada.  Right?

10                 THE COURT:  Right.

11                 MS. SCHWEITZER:  On the most U.S. part of that

12   claim.  Right?  And so we're not trying to have smoke and

13   mirrors.  We're not trying misdirection.  We're just saying

14   number one, the part of the claim that you want to peel off

15   and send to Canada, that is a U.S. contract and under all

16   the relevant case law, under all the relevant factors,

17   there's no basis to send that to Canada when there's a very

18   distinct U.S. interest in that.

19                 Second of all, you've put a claim against us that

20   includes a claim against us for benefits.  Again, not for

21   the annuity, for benefits that relate, through this paper

22   chain, to an annuity that the U.S. debtors purchased and get

23   payments for.  Right?  And it also has other components to

24   it.

25                 So I think that that's really where we're at is

1    to remember how quickly when he starts talking about

2    discovery for the stay purposes, we're slipping into the

3    ultimate adjudication of the claim and the ultimate request

4    for relief, which seems to be imbedded, which is peel the

5    claim apart and start adjudicating in pieces.  That maybe a

6    motion for another day.  That may be something we can

7    consensually discuss another day, but that's not the motion

8    before Your Honor today.

9          THE COURT:  Well what if Mr. Fitzgerald had

10   instead filed a motion to compel payments, the annuity

11   payments, akin to what happened in Canada?  Would that have

12   made a difference in your analysis, or would it have still

13   been your position that it has to remain an issue until the

14   claims process is completed?

15         MS. SCHWEITZER:  Well I think any person is

16   entitled at any time to make any motion.  I mean, I think

17   that given the size of the claim, and given other people are

18   out there, and given that he has other claims, he's welcome

19   to make that motion.  I think that the difference there is

20   there's bilateral discovery and that there actually is a

21   full trial.  It's not simply turning over.  If he wants to

22   have a full trial, he can make that motion and we can

23   consider it there.  It's not that it's impossible to

24   litigate those claims separately, but what he's asking for

25   is, you know, let me get these concessions now and then I'll

1  go to the debtors and ask them to consensually peel off

2  pieces of the claim and concede pieces of the claim.  He can

3  make that motion here.  That sounds like the motion he wants

4  to make in Canada.

5          Do I necessarily think that that's going to get a

6  quicker result?  Do I think that's necessarily on the

7  balance of the money spent towards getting to the end and

8  that's the best use of everyone's resources?  I don't

9  necessarily come to those conclusions, but he's within his

10 power, I guess, to make that motion, you know, subject to

11 recognizing he has filed an unsecured claim against us.

12 Right?  And that that -- in some posture, that might

13 ultimately be the litigation that comes before Your Honor.

14 Right?  And if that motion were filed, we'd have to consider

15 the position not with respect to his other claims, but with

16 respect to the fact that other employees have claims for

17 this issue as well.  Right?

18          THE COURT:  Right, right.

19          MS. SCHWEITZER:  So when that issue should be

20 adjudicated also isn't only reated to Mr. Fitzgerald, but

21 how do we deal with the fact that other U.S. employees might

22 also have an interest in that litigation.

23          THE COURT:  And I think that's really what Mr.

24 Fitzgerald is -- that's why he wants to get to Canada

25 because he thinks he will get that prompt result in Canada

 1  because Justice Morawetz has already made that ruling on

 2  continuing the payments --

 3          MS. SCHWEITZER:  Justice Morawetz has made that

 4  ruling --

 5          THE COURT:  -- on the continuing payments.

 6          MS. SCHWEITZER:  -- for other employees --

 7          THE COURT:  Yeah.

 8          MS. SCHWEITZER:  -- on a different contract under

 9  a different law a year ago.

10          THE COURT:  That's true.

11          MS. SCHWEITZER:  Right?

12          THE COURT:  That's right.

13          MS. SCHWEITZER:  So, I mean, and the Canadian

14  debtors who are in the courtroom today are not -- you know,

15  again, everyone's rights are reserved on the ultimate

16  merits.  Right?

17          THE COURT:  Of course.

18          MS. SCHWEITZER:  They haven't made a motion to

19  bring this to Canada.  They haven't written us a letter

20  saying we have an interest in the annuity.  I'm not asking

21  you to make a finding they don't.  Right?  And that's when

22  he says I'm trying to reserve rights in Canada.  It's quite

23  the opposite.  I'm not trying to adjudicate Canada's rights

24  today, but I do know that I have an interest in it.  Right?

25          THE COURT:  Yes.

1          MS. SCHWEITZER:  And so by sending it to Canada

2    that might seem attractive.  Right?  But Justice Morawetz is

3    no particular expertise in this contract, Tennessee Law, or

4    Mr. Fitzgerald's claims.  Right?

5          THE COURT:  Correct.

6          MS. SCHWEITZER:  But certainly we have an

7    interest in the money, which, as he concedes, is being paid

8    to us, not to Canada.

9          THE COURT:  Okay.  All right.  Thank -- I

10   understand, Ms. Schweitzer.

11         MS. SCHWEITZER:  Okay.

12         THE COURT:  I'm starting to understand better.  I

13   don't know why it's taking me a little longer to come to

14   grips with this one, but it's helpful.

15         MS. SCHWEITZER:  Okay.  Thank you, Your Honor.

16         THE COURT:  Thank you.  Mr. Kunz?

17         MR. KUNZ:  Very briefly, Your Honor.

18         THE COURT:  You bet.

19         MR. KUNZ:  Your Honor, Ms. Schweitzer mentioned

20   that we hadn't filed a motion to compel payment, I guess, or

21   compel resolution of the claim.  As Your Honor's well aware,

22   I mean, we've got an allowed claim.  We filed a claim.  So

23   the claim's allowed unless the debtor is going to object to

24   it.  At this point, the debtor is saying, well we may object

25   to it at some point in the future.  We might figure it out

1  at that point.  She talked about how it's all tied together

2  with --

3           THE COURT:  The other components.

4           MR. KUNZ:  -- the other components of the claim.

5  But if you talk about it like that, it's clear that those

6  components can be broken down.  She knows that the claim

7  involves three different tranches of retirement benefits,

8  the annuity being a completely separate one.  And then the

9  SERP and then it wasn't the thrift savings -- the Thrift

10 Savings Plan, Your Honor is tied up in the annuity.  That's

11 what generated the annuity.

12          But it's clear that there are clear pieces to

13 this claim.  It's not as if we're guessing we filed, you

14 know, a $2 million claim and there's been no allocation.

15 There is an allocation.  So to talk about saying I can't

16 resolve the claim because there are other Canadian aspects,

17 the Canadian aspects, unless the debtor is going to take the

18 position that this is purely U.S. and it's purely a U.S.

19 claim, are really only tied up in those other two.  If their

20 position is that this is all U.S.

21          So to say that you can't get from Point A to

22 Point C or D by agreeing that it's a U.S. annuity and a U.S.

23 claim and there's a methodology where the claim can be

24 actually monetized so that Mr. Fitzgerald can actually get

25 the benefit of a monetized claim, it -- you know, I -- it

1    puts Mr. Fitzgerald in a position of basically sitting

2    around while the debtor collects money that he feels is

3    rightfully his, with no resolution and no possibility of a

4    resolution until whenever the debtors get around to actually

5    filing an objection to it or sitting around and figuring out

6    what Canada can or cannot do.

7              I still struggle to say if your position is that

8    it's U.S. and it shouldn't be Canada, then to argue that

9    something has to happen in Canada to resolve this claim is

10   nonsense.  You can resolve the claim.  You can resolve the

11   annuity claim and simply carve it out of both claims.

12             If that's the debtors' position that they can --

13   the debtors either got to take one or the other.  I don't

14   think they can have both.  They can't sit here and say it's

15   a -- we're going to object to stay relief so that you can't

16   get to Canada, and we're going to not resolve your claim,

17   and we're going to maybe make the argument in the future

18   that notwithstanding that it was a U.S. contract, that

19   really it ought to be Canada that pays it, puts Mr.

20   Fitzgerald in the ability -- in a position of having a

21   complete inability to resolve any of this claims because

22   he's being prevented from going to Canada under some theory

23   that may or may not ever be raised on a claim that we think

24   is actually fairly straightforward.

25             You know, this isn't a situation, Your Honor,

1  where we don't know what the annuity is.  The debtor is

2  collecting the money.  It's not an employee claim where

3  there may be benefits here and there.  He is -- there was a

4  contract that was purchased that was guaranteed for 15 years

5  or for life.  We're in the process of -- we're past the 15

6  years, but we're in the process where we know what that

7  money is.  We know what that claim is.  We know the monthly

8  amount that the debtor receives every single month, based on

9  Mr. Fitzgerald's annuity.  This isn't rocket science.  It's

10 a U.S. -- if it's a U.S. claim, if they're going to take the

11 position that it's a U.S. claim, then they ought to be able

12 to take the position that they can carve it out and we can

13 get to a number, versus we're not going to let you get stay

14 relief here and go to Canada, but we're going to reserve the

15 right potentially, because your claim was tied up with other

16 aspects of your retirement benefits --

17         THE COURT:  Right.

18         MR. KUNZ:  -- to deny you any relief.  And that

19 just strikes me as -- it just strikes me, frankly, as

20 unfair.

21         The debtor wants to have -- wants to deny me

22 relief here and deny me relief in Canada and deny Mr.

23 Fitzgerald the benefit, frankly, of his bargain, which was

24 an annuity that was purchased.  We're not trying to take

25 money out of the estate, we're trying to take money that's

1    coming into the estate that we think is ours.  I mean, the

2    -- it's not like they just liquidated a claim.  They're

3    getting paid every single month.  There's money flowing in

4    every single month to the debtor.  The debtor is just not

5    paying it out.  And while it's not paying it out, Mr.

6    Fitzgerald doesn't get it.  And at the same time Mr.

7    Fitzgerald doesn't get the benefit of trying to liquidate a

8    claim, sell a claim, or argue to Justice Morawetz that,

9    frankly, the money ought to be turned over to him.  So

10   that's the denial.

11          THE COURT:  Okay.  All right.  Ms. Schweitzer, I

12   see you're chomping at the bit.

13          MS. SCHWEITZER:  Your Honor, I apologize for

14   that.  I think part of the reason it's been hard to get your

15   hands around is we keep going around a little circle.  We're

16   a little far off field here.  Right?  Is that Mr.

17   Fitzgerald's counsel keeps going back to the idea that I

18   have to go to Canada because the debtors aren't paying

19   attention to me.  There is no motion before the Court today

20   about getting relief from the debtors on the ultimate

21   substance of the claim.

22          THE COURT:  That's right.

23          MS. SCHWEITZER:  The only motion is I, under the

24   relevant factors under 362, under *Sonics*, have the right to

25   go to Canada because the debtors don't have an interest in

1  the litigation or there's better judicial economies in

2  Canada.  But you can't just go to Canada because other

3  people in other facts on other contracts got relief in

4  Canada a year ago.  Right?

5           THE COURT:  On a different contract.

6           MS. SCHWEITZER:  On a different contract.  Right?

7  And that we keep slipping back to the ultimate merits and

8  whether the debtors have acted in good faith or not good

9  faith on the ultimate merits.  Right?  There's no motion

10 before Your Honor on the ultimate merits today.  And quite

11 frankly, when he suggests we've been sitting on this claim,

12 we haven't been sitting on this claim.  As I said, we have

13 3,000 plus claims filed against us.  Every employee wants

14 their claim adjudicated quickly.  Every employee has the

15 same interest of, you know, give me an unsecured claim, I

16 can sell it today.  And the debtors have to go through an

17 orderly claims process.  Right?

18           Absent an orderly claims process, absent

19 litigation of these questions, which I don't agree, come

20 down to it's not rocket science, just turn it over and give

21 it to me.  Right?  We're not there on the ultimate merits of

22 the claim.  But what I do know is he's not the only person

23 in the U.S. who might want to make those arguments with

24 respect to a U.S. annuity.  Right?

25           So when he says, oh, just peel me off, just one

1  off me, why aren't you paying attention and getting rid of

2  my claim?  None of that's before Your Honor today.  Right?

3  Like that -- that's not part of the motion before Your

4  Honor, but I feel the need to address it of that it's not,

5  you know, I don't want to start litigating the ultimate

6  merits of the claim, but it's not quite so simple.  And to

7  suggest that we're acting in bad faith and that suddenly

8  gives him a reason to run to Canada on a U.S. annuity, I

9  feel like there's this pull constantly back to getting to

10 the merits, in the discovery, in the equitable arguments

11 being made to the Court.  Let's get back to the ultimate

12 merits and just help me get to the merits on this claim.

13 Right?

14          And so the motion is seen for what it is.  Right?

15 It's a cry for ultimate help, but the motion before Your

16 Honor today is ruling on relief from the stay and whether

17 this should go to Canada.  And we get to the next stage on

18 what happens to the claim in the U.S. when we get to the

19 next stage, but that's not -- none of that is before Your

20 Honor today.  And that's why I feel that this is -- this

21 keeps getting confusing because we're talking about ultimate

22 merits and we're not talking about the motion before Your

23 Honor which is simply do we go to Canada.

24          THE COURT:  Well see what -- and you can come

25 forward, Mr. Kunz, but what's confusing to me at the moment

1   is this.  You're really proceeding on the U.S. claim because

2   if you were purely proceeding on the Canadian claim, you

3   wouldn't even be here today, you would just be proceeding in

4   Canada.

5           MR. KUNZ:  No, Your Honor.

6           THE COURT:  But because it's a -- because there's

7   a U.S. claim and a U.S. contract, you need relief from the

8   Court to proceed in Canada.

9           MR. KUNZ:  Your Honor, we attempted to go to

10  Canada and we were advised by debtors' counsel that they

11  would file a motion to -- that they would claim that we were

12  violating the automatic stay.

13          THE COURT:  Okay.

14          MR. KUNZ:  So that's why we're here.

15          THE COURT:  Okay.

16          MR. KUNZ:  But to bring it back around, Your

17  Honor, what I think we asked for when we first walked into

18  the hearing --

19                     (Laughter)

20          MR. KUNZ:  -- was some very --

21          THE COURT:  Some discovery.

22          MR. KUNZ:  -- limited discovery and that's what

23  we're requesting.  It's not to get to the ultimate merits of

24  the claim, but really, frankly, I guess to get to the

25  ultimate merits of whether the debtors are taking a position

1   that to get to the facts of whether this is, in fact, a U.S.

2   annuity in title only or in -- or whether it really should

3   have been or should be treated as a Canadian annuity or a

4   right of a Canadian employee.  And so that, I think, is the

5   discovery that we're looking at. If the discovery points to

6   -- to --

7           THE COURT:  But what you're -- the specific

8   request, it seems to me today, is that you're asking for an

9   adjournment of the hearing and the right to proceed with

10  some limited discovery.

11          MR. KUNZ:  Correct, Your Honor.

12          THE COURT:  And the debtors would like me, I

13  think to proceed with your motion itself today.  And I'm not

14  inclined to do that, but I do think that the discovery has

15  to be very limited.  And so here's what I'm going to

16  suggest.  Because we don't really have that discovery at

17  this point other than, I mean, you have --

18          MR. KUNZ:  I tried to verbalize some of what we

19  needed, sure.

20          THE COURT:  That's right, that's right.  I'm

21  going to suggest that we continue the hearing on your

22  motion.  You've requested that we do so, and I think that

23  there is justification for that adjournment.  Propound your

24  discovery, that way the debtors know precisely what they're

25  dealing with in terms of the scope of the discovery.  If

1    there's an issue, we'll talk it through.  If there's not an

2    issue, of course, then the discovery will be provided and

3    we'll then proceed at a later date, you know, as soon as the

4    parties are ready to proceed.  We do have -- I'm also very

5    sensitive to the fact that the debtors are working very hard

6    right now on the EMEA claims issues.  And we have, you know,

7    a very significant hearing come up in mid-October.  So I

8    don't want them -- that's why the more limited the

9    discovery --

10              MR. KUNZ:  I understand, Your Honor.

11              THE COURT:  -- the more likely they will be in a

12    position to provide it to you.  But --

13              MR. KUNZ:  At this point, Your Honor, may I -- I

14    think some -- as I told Ms. Schweitzer yesterday, I think it

15    would be limited, some limited interrogatories and some

16    request for production.  We're not looking for, you know,

17    depositions of twenty people or anything like that.  I mean,

18    I think it will be very limited.

19              THE COURT:  All right.  Well why don't you

20    prepare that and serve that discovery.

21              MR. KUNZ:  Okay.

22              THE COURT:  Ms. Schweitzer, if the debtors have

23    an issue with the discovery, the scope of it, you'll talk of

24    course to Mr. Kunz first.  If you can't resolve that, then

25    we'll -- I'll hear from you and we'll figure out what the

1    scope ought to be.

2            MR. KUNZ:  All right.  Thank you, Your Honor.

3            MS. SCHWEITZER:  Thank you, Your Honor.  We'll

4    obviously work in good faith on the discovery.

5            THE COURT:  I'm sure.

6            MS. SCHWEITZER:  I do note we're busy with the

7    EMEA claims, and more particularly, we've just had two

8    employee committees appointed.

9            THE COURT:  Yes.

10           MS. SCHWEITZER:  And we need to start tackling

11   that, as well as the deferred compensation moves on.  So I,

12   in no way, want to say that this is going to the end of the

13   line, but there's a long line of requests out to our human

14   resources people.  And so that I think that we're happy

15   definitely to work on something very limited if there are

16   specific questions that could be answered, whether formally

17   or informally.  But I do also want to just make the Court

18   aware that we have to deal with this in an orderly manner

19   given that we have a lot of other people in line.

20           THE COURT:  I'm well aware of that.  And I think

21   I know Mr. Kunz will be reasonable.  And I know that you'll

22   act in good faith.  And if there's an issue there, that's

23   what I'm here for.

24           MR. KUNZ:  Absolutely, Your Honor.  And by no

25   means in any of my argument did I mean to suggest that I

1    thought the debtors were acting in bad faith.

2              THE COURT:  Of course.

3              MR. KUNZ:  I certainly don't.

4              THE COURT:  I didn't hear that.  I --

5              MR. KUNZ:  We've had good conversations --

6              THE COURT:  Yeah.

7              MR. KUNZ:  -- and we hope, you know, I'm hopeful

8    that we can resolve this ultimately.

9              THE COURT:  Absolutely.

10             MR. KUNZ:  But we'll certainly work with the

11   debtor --

12             THE COURT:  Okay.

13             MR. KUNZ:  -- to do what needs to be done.

14             THE COURT:  All right.

15             MR. KUNZ:  Thank you.  Appreciate your time.

16             THE COURT:  Of course, Mr. Kunz, thank you.

17             MR. KUNZ:  Your Honor, that's all I had today.

18   And I think there might be one more matter, but may I be

19   excused?

20             THE COURT:  You may.

21             MR. KUNZ:  I'm supposed to be in an auction at

22   the moment so --

23             THE COURT:  Okay.  All right.

24             MR. KUNZ:  Thank you.

25             THE COURT:  Good luck to you.  All right.

1          MS. SCHWEITZER:  Good morning, Your Honor.  Lisa

2   Schweitzer for the debtors again.

3          THE COURT:  Yes, Ms. Schweitzer.

4          MS. SCHWEITZER:  The last item on the agenda is

5   the bar date motion --

6          THE COURT:  Yes.

7          MS. SCHWEITZER:  -- to establish the bar date for

8   two categories of claims, intercompany claims and the

9   director and officer indemnification claims.

10         THE COURT:  Right.

11         MS. SCHWEITZER:  As you're aware, and as we set

12  forth in the motion, we've set general bar dates for all the

13  U.S. debtors way back in 2009 or early 2010.  At that time,

14  certain categories of claims were excluded from the process

15  and we're trying to bring closure to the claims process as

16  much as we can for some of the known and third party claims

17  that are out there.  And obviously we're at a farther along

18  stage in the case and as you've just heard from the prior

19  motion, it's time to push forward with the various claims

20  resolution.

21         So I think that the categories of claims for

22  which we're setting a bar date are relatively

23  straightforward and set forth in the motion itself.  And

24  there haven't been any objections to the establishment of

25  the bar date, which would be for November 15, or for the

1    parties who are being asked to file claims by that point.

2    Just as a note, it's in the motion itself, but just so we're

3    all clear and have a common understanding, with the EMEA

4    claimants --

5                    THE COURT:  Right.

6                    MS. SCHWEITZER:  -- who previously filed claims,

7    Your Honor, entered an order in the Court previously saying

8    those claims have to be re-filed by date in this last spring

9    and those are governed by a separate process.  So that bar

10   date's already been set.  Right?

11                   THE COURT:  Right, right.

12                   MS. SCHWEITZER:  And the Canadian debtors are --

13                   THE COURT:  You're not reopening that bar date,

14   are you?

15                   MS. SCHWEITZER:  We're not reopening that bar

16   date, right.

17                   THE COURT:  That's right.

18                            (Laughter)

19                   MS. SCHWEITZER:  However fun that might be.

20                            (Laughter)

21                   MS. SCHWEITZER:  We've done that.  So we're not

22   reopening that.  And then the Canadian debtors are exempted.

23   The U.S. debtors don't have to file claims against each

24   other and their subsidiaries.  We're not asking for U.S.

25   wholly-owned or majority-owned.  It's listed out in the

1    motion.  We're not asking for those entities to file claims

2    at a time.  We have a decently good handle on our own

3    claims.  Right?

4                THE COURT:  Right, right.

5                MS. SCHWEITZER:  And so -- but it's all other

6    affiliates as of this time.  So I think that the motion, as

7    I said, is uncontested on the idea of setting a bar date.

8    We had a request from the Canadian debtors and some

9    conversation with the Canadian debtors over the last week

10   about some language that they added to be -- they requested

11   be added to the order.

12               THE COURT:  Exactly.

13               MS. SCHWEITZER:  Two sets of language.  First of

14   all, a clarifying statement that says nothing herein

15   supersedes the cross-border claims protocol.  That is what

16   it is and we happily added that language.  We agreed that

17   that governs claims resolution.

18               And the second sentence that they wanted added

19   was that for the avoidance of doubt that each of the

20   Canadian debtors and the monitor shall be deemed to be

21   parties in interest, as that term is used in Section 1109 of

22   the Bankruptcy Code, for purposes of any issues in these

23   cases relating to intercompany claims asserted against the

24   debtors.  Right?

25               And so you say, well gee, you know, they're here

1  all the time, right, and why is this controversial?  Why are

2  we having this discussion?  Well I think that we -- here we

3  are -- and the reason they offered was that they need this

4  language is that they have concerns about the assertion

5  allowance of intercompany claims and other claims, right,

6  just coming up in intercompany bar date motion, but I don't

7  think that the language or the grounds for relief

8  necessarily facially limited themselves to intercompany

9  claims.  But they have claims about the assertion and

10  allowance of claims against the debtors that could affect

11  their claims and their process and could affect claims that

12  they might file against us later.  Right?

13          And so in trying to think through whether this

14  language is objectionable, they said well what are we adding

15  to the world that's out there?  We've got cross-border

16  protocols, we've got cross-border claims protocols, we have

17  all sorts of cooperation orders in place already --

18          THE COURT:  Right.

19          MS. SCHWEITZER:  -- that deal with how claims are

20  adjudicated and our access information.  So I'd like to take

21  you just for a minute to walk through some of the things

22  that are already in place just to frame out what we've done

23  already because we're trying to figure out the importance of

24  this language and the necessity of this language and the

25  consequences of adding this language to this order.

1                    So with respect to claims that the Canadian

2    debtors might file against the U.S. debtors, the Canadian

3    debtors have not, to date, filed claims against the U.S.

4    debtors.   There's two -- there's a reason for that.   It

5    comes out of the final Canadian funding settlement

6    agreement, one of our top ten favorites around here.   And

7    you'll remember in December of 2009, there were certain

8    questions regarding transfer pricing, intercompany funding,

9    and there was an order entered that did, and I'll defer to

10   the order and the agreement itself, but the basic concepts

11   were, number one, there was going to be payments made to

12   Canada.   Number two, that there was a $2 billion claim by

13   the U.S. debtors recognized in Canada.   Number three, that

14   there were certain reconciliation and allowance of

15   intercompany claims.   Again, the net went from the U.S.

16   against Canada.

17                    THE COURT:  Right.

18                    MS. SCHWEITZER:  But there was reconciliation and

19   netting of certain claims in both directions.   So there's an

20   effort to sort of true up a lot of the claims that we knew

21   about and address those in the final Canadian fund

22   settlement agreement.   To that end, the FIFSA, as we like to

23   call it, also provided that the Canadian debtors waive their

24   right to file further claims against the U.S. debtors,

25   unless the U.S. debtors file more claims against them.

1   Right?  And the U.S. debtors have not filed --

2           THE COURT:  That's right.

3           MS. SCHWEITZER:  -- further claims against Canada

4   so Canada is barred, under that agreement, to file claims

5   against us.  We're not -- again, this is just background.

6   We're not here to talk about what claims may be filed, but

7   that is one of the grounds that was raised.  The other thing

8   that the FIFSA did was said, you know what, we're going to

9   have a lot of intercompany claims and other claims that

10  we're going to need to address.  So we agree that we're

11  going to negotiate and enter into a cross border claims

12  protocol.  Right?  And we already had another cross border

13  protocol in place.  Let's turn to what those cross border

14  protocols are.  Right?

15          THE COURT:  Yes.

16          MS. SCHWEITZER:  First, we have a cross border

17  protocol that was entered in January of 2009 that was then

18  amended in June 2009, which really become the operative

19  protocol.  And that general protocol provides that it's

20  Paragraph 19 of the general cross-border protocol, provides

21  that the debtors which include the Canadian debtors, and the

22  core parties which include the monitor, and in our way,

23  include the committee and the U.S. debtors, shall have the

24  right and standing to appear and be heard in either the U.S.

25  Court or the Canadian Court in all of our proceedings to the

1    same extent as all creditors and other interested parties

2    domiciled in local forum.

3              So while it doesn't cite to any particular U.S.

4    rule or Canadian rule, it has that same right to appear and

5    be heard that you hear in 1109.  Right?

6              THE COURT:  Exactly.

7              MS. SCHWEITZER:  So we have findings regarding

8    rights to appear and be heard in the cases generally, just

9    like 1109.  And we've had those in place since June of 2009.

10             So that's our general premise.  What happened

11   then was that we said, hey, we're also -- we're recognized

12   in cross-border protocol, we're recognized in FIFSA, we're

13   going to adjourn to an additional cross-border claims

14   protocol because we do recognize there are interests and

15   overlapping concerns between the estates.  Right?  Cross-

16   border protocol -- cross-border claims protocol was approved

17   in September 2010, again, a year ago.

18             And there are two reasons that you want to have a

19   cross-border claims protocol in these cases.  Is first

20   because you want cooperation between the two Courts.  Right?

21   And we've done fabulously to date working through

22   cooperation.  You want cooperation between the two estates

23   on examples like we just heard.  Right?  That there's a

24   claim for retirement benefits filed against both of us that

25   we should have some procedures in place for how those claims

1   will be presented to the Courts, what information the

2   debtors will share amongst each other, our rights to be

3   heard when those claims come before Your Honor and all that.

4   Right?

5            The second reason is because in Canada in

6   particular, the claims process if inherently two different

7   things, different.  It's private.

8            THE COURT:  Right.

9            MS. SCHWEITZER:  And it's all built by order.

10  Right?

11           THE COURT:  Yes.

12           MS. SCHWEITZER:  That there's no 502, 503, 504.

13  That the Canadian Court enters an order and says this is the

14  claim process, this is how transparent it's going to be.

15  This is people's rights to even see the claims.  Right?  To

16  even participate in the process.  And so that all got built

17  back in 2010.  Right?  There was a Canadian claims order

18  entered and there was a cross border protocol.  We since

19  that time have had supplement -- it's contemplated there

20  could be supplemental orders.  Right?

21           In Canada, there have been supplemental motions

22  to address the claims process.  As I said, one's pending.

23  We're setting the bar date.  That was all contemplated that

24  you can have further motions.  So while there's nothing that

25  prohibits us from getting further release consistent or

1    additional to the claims protocol, we actually have spent a

2    lot of time and effort parsing through issues of information

3    sharing, rights to participate, and the mechanics of claims

4    will be presented to the Courts and when we will work

5    together and when we'll go separately.  Right?  That said,

6    again, it goes into your legal duties versus what you want

7    to voluntarily do.

8                 THE COURT:  Um-hum.

9                 MS. SCHWEITZER:  In fact, the U.S. debtors and

10   Canadian debtors have worked very cooperatively.  None of

11   this is in dispute.  That we worked very cooperatively.  We

12   haven't said, you know, I can't talk to you about X, Y, Z

13   claim because it's not in the protocol.  We've both tried to

14   be reasonable and cooperative in including each other in

15   informal discussions.  And certainly when matters have come

16   before the Court, it hasn't been the first issue in front of

17   Your Honor has not been to date, you know, the Canadian's

18   don't have standing, let's have a hearing on their standing

19   or their right to participate, you know, before we get to

20   the merits.

21                 THE COURT:  Correct.

22                 MS. SCHWEITZER:  I don't know what claims are

23   coming in the future, but I don't think that this isn't

24   coming from, and I think the Canadian debtors would agree,

25   this isn't coming from any particularized concern pointed at

1  the U.S.

2          But we do have the cross-border protocol.  The

3  cross-border claims protocol also does provide, explicitly

4  it has a section rights to appear and be heard, and says

5  that again each of the parties, the debtors and the Canadian

6  debtors and the monitors and the committees all have the

7  right to support or object and be heard at any hearing

8  provided for under the cross-border protocol in either or

9  both of the U.S. and Canadian Courts with respect to

10  specific claims which are certain claims that under the

11  Canadian claims order have to go to the Canadian Court.  Or

12  overlapping claims where the same creditor, such as Mr.

13  Fitzgerald, files the same claim in both jurisdictions.  Or

14  same creditor claims where a creditor, you know, pick your

15  creditor.  If Flextronics files a claim in the U.S., a claim

16  in Canada, but they're not related.

17          THE COURT:  Um-hum.

18          MS. SCHWEITZER:  Either way, the cross-border

19  claims protocol again, in addition to the claim protocol,

20  has all language about appearance and right to be heard.

21          And so we get back to the request, right, and

22  this language, this magic sentence that wants to be -- they

23  want to have added is that they say well, I recognize that

24  the cross-border protocol generally deems my right to appear

25  and be heard generally in the cases, and that there's

1    additional protections in the cross-border protocol, but I

2    want additionally some comfort language that the Canadian

3    debtors and the monitor each be deemed to be parties in

4    interest, as reflected in 1109, for all purposes of any

5    issues in these cases relating to intercompany claims

6    asserted against the debtors.  So it's a general I am a

7    party in interest in the claims process.  Right?  And again,

8    the reasons were because they -- our claims might affect the

9    claims that they file against us and might also affect their

10   own adjudication of their claims.

11             I don't think those are necessarily unilaterally

12   -- unilateral concerns, not concerns that the U.S. debtor

13   wouldn't have about claims in the Canadian process which is

14   exactly why we spent a lot of time working through --

15             THE COURT:  With the claims protocol.

16             MS. SCHWEITZER:  -- and having bilateral language

17   in all the protocols.

18             THE COURT:  Sure.

19             MS. SCHWEITZER:  That I think that also, you

20   know, the one thing we get in the U.S. process is that when

21   you say well what do party in interest get?  They get

22   notice.  They, you know, have hearing dates.  There's an

23   announcement.  All that is inherent in the U.S. process

24   because we have a public docket so all the claims are

25   publically filed.  Everyone can get copies of claims.  We

1  all know when the hearings on the objections or settlements

2  occur, it's all on the public docket.  Right?  Versus in

3  Canada, sometimes it does, sometimes it doesn't, and the

4  cross-border protocol creates that scene.

5          But again, we've spent time, and we have worked

6  cooperatively, and intend to work cooperatively at every

7  reasonable moment about sharing information in both

8  directions and including each other in the process.  And I

9  think the Canadian debtors would agree with that.  No one's

10  -- this isn't -- there's not a hidden fight going on in

11  front of you right now about an issue that I know about,

12  right, that someone's been slighted.

13          With that said, when I look at the language, I

14  still, when things go into Court orders, I get concerned.

15  Right?  Because language lives on forever, Court orders live

16  on forever, and the consequences and the importances of

17  language being added to Court orders, I need to understand

18  before they go into a Court order.  Right?

19          THE COURT:  That's right.

20          MS. SCHWEITZER:  So I think the Canadian debtors

21  have said to us, well, gee, this is just general comfort

22  language.  We want to make sure that they're parties in

23  interest in, you know, that again, this is a natural

24  extension of 1109.  The things that give us potential

25  concern are, because I'm not quite sure where this language

1    could be used in the future, that Section 502(a) says claims

2    are allowed unless objected to by a party in interest.

3    Right?  In the *Savage* case in *Colliers*, they say well, of

4    course, in theory in the *District of Delaware* said in theory

5    of course that means creditors.  Right?  In practice, that

6    doesn't really mean every creditor is a party in interest

7    that can file objections to all the claims.  Right?

8              THE COURT:  Right, right.

9              MS. SCHWEITZER:  But it does use that magic word

10    parties in interest.  Right?  Rule 2004, discovery motions

11    may be filed by a party in interest.  Right?  Again, it

12    doesn't mean you're going to get the ultimate relief, but it

13    again uses that magic word party in interest.  Right?

14              THE COURT:  Yes, yes.

15              MS. SCHWEITZER:  If a court order is mediation of

16    the claim, who can come to the mediation?  The parties in

17    interest.  Right?  I don't know that any of those issues

18    will come up.  I don't know that there will be a time that

19    the Canadian debtors will ask to be parties in interest for

20    any of those specific purposes and that certainly is a non-

21    exhaustive list of things that just come to mind.  Right?

22    And I don't know that if they were to ask, that we'd ever

23    disagree.  I don't know how those issues would interact with

24    the claims process we already have where, to the extent that

25    there are known overlaps, right, that there's an overlapping

1  claim, the same claim on the same theory filed against both

2  of us.  The same creditor files claims that may not be

3  related but are big claims and we want to coordinate, there

4  are procedures in place to deal with that.  Right?

5            I don't think -- we all have a position that

6  we'll ever exclude the Canadian debtors from anything they

7  ask for.  I just don't know what the next step is around the

8  corner.  So we're in front of the Court now to say, look,

9  you know, I'm not sure that there's a live dispute or that

10 there ever will be a dispute as to whether the Canadian

11 debtors are party in interest for any purpose under any

12 claim.  Right?  Again, I'm not sure of the distinction

13 between intercompany claims and other claims if you're

14 hooking it all to 1109, but we have paused in adding this

15 language unilaterally to the U.S. bar date order when we're

16 not quite sure of the all the unintended consequences and

17 we're not sure how that overlays onto the bilateral

18 cooperation and protocols that we've worked so hard for.

19     That said, we've told the Canadian debtors give us the

20 examples, give us the claims, give us the types of things

21 you want to be included, and let's have a conversation with

22 it on specific claims, general claims.  We have no intention

23 of ever stopping to try and have that dialogue.  Right?

24 It's worked so well and we've tried so hard and we intend to

25 continue to try so hard, and I don't think that there's any

1  dispute about that.  So I think we're really in front of the

2  Court just on this very narrow language of whether there's a

3  need, given all the recognition that's already occurred, to

4  add more language to the bar date order.  And are we

5  comfortable adding the language today versus dealing with

6  this as it comes up not knowing again, assuming everyone's

7  acting in good faith today and every -- no one has hidden

8  agendas, what the unintended consequences could be tomorrow.

9          So I think that's where we're at, is that we're

10 just -- I don't think we're necessarily in front of you with

11 a live dispute on a live narrow issue, but it's just a

12 question of whether we can put in blanket language, which

13 people might call comfort language in this context, not

14 understanding all the implications that it could come back

15 to us in the claims process.

16          THE COURT:  Thank you.  Thank you, Ms.

17 Schweitzer.  Mr. Coleman, good afternoon or good morning

18 still, I'm sorry.

19          MR. COLEMAN:  Good morning, still, Your Honor.

20          THE COURT:  Yes.

21          MR. COLEMAN:  Your Honor, can I point out that

22 Jennifer Stam is in the house from Norton Rose.

23                    (Laughter)

24          THE COURT:  Welcome to you.  Welcome, it's good

25 to see you.

1                MS. STAM:   Thanks.

2                MR. COLEMAN:   Your Honor, I apologize that we're

3    here on this issue in front of you.  We thought this was

4    non-controversial.  And it started off as -- you know, there

5    is a legitimate concern, and I'll get to it pretty quickly.

6    And I'm not going to take anybody's time on this matter

7    because we do think it's self evident.

8                Even though the Canadian debtors are carved out

9    of this claims process, we thought it was appropriate to

10   make the statement that they are still parties in interest

11   with respect to this claims process.  Now we could start

12   with a very basic proposition under Section 1109.  1109 says

13   -- has a non-exhaustive list of who is a party in interest.

14   One such person is an equity security holder.

15                THE COURT:   Yes.

16                MR. COLEMAN:   NNL, by the way --

17                THE COURT:   Yeah.

18                MR. COLEMAN:   -- owns 100 percent of the stock of

19   NNI.

20                THE COURT:   Right.

21                MR. COLEMAN:   It's an equity security holder.

22   And on the face of the statute, without any doubt, without

23   the need for any debate, it is a party in interest and,

24   therefore, may raise an appear and be heard on any issue in

25   the case.  Now what we've said is even narrower than that.

1  We said look, with respect to this intercompanies claims

2  process, we would like a statement on the order so that from

3  the get-go everybody knows that even though we're carved

4  out, we're a party in interest.

5           Now in case someone thinks that this is a

6  solution in search of a problem, I'd like to remind the

7  Court that we had an issue not that long ago with our

8  colleagues on the EMEA side, another affiliate, you know.

9  Another member -- you remember the beginning of this case

10 when Mr. Bromley described this a dysfunctional family.

11 Right?

12           THE COURT:  Yes, I do.

13                 (Laughter)

14           MR. COLEMAN:  And, you know, I come from a

15 dysfunctional family so --

16                 (Laughter)

17           MR. COLEMAN:  -- you know, so I really I -- that

18 resonated with me.  And, you know, we've been living it now

19 for the past few years.  They -- and to be clear, we don't

20 have an issue with the U.S. debtors.  Cleary has our phone

21 numbers and our email.  We do have -- they -- we call up, we

22 get them, right, and we know what's going on.  This is for

23 the rest of the world.  Yes, the cross-border protocol has,

24 on Page 13, a bunch of words that sort of mean 1109.  I

25 mean, we're talking about one sentence that's sort of very

1  handy on this order that makes it clear to the world that we

2  are a party in interest.

3          But Your Honor will recall that in connection

4  with the EMEA claims process --

5          THE COURT:  Yes.

6          MR. COLEMAN:  -- we didn't get notice of a

7  chambers conference that was to be held before Your Honor.

8  And we said, oh, well terrible oversight, folks.  Please

9  make sure that you include us going forward.  Now again,

10 this wasn't the debtors that arranged that conference

11 because they would have noticed us.  Right?  This was the

12 EMEA debtors.  And instead of saying oh, yes, so sorry we,

13 you know, we should have done that, they said well, you

14 know, we don't really know that you're a party in interest.

15 We're not sure that you're a party in interest.  And we

16 thought it would be a timesaver.  Instead, we've now filed

17 papers, we've been on the record for a few minutes on this

18 matter, and maybe it's not so much of a timesaver.  But we

19 thought it would be a timesaver to have the order that

20 initiates this claims process say for the avoidance of

21 doubt, even though the Canadians are carved out, they're a

22 party in interest.  And, Your Honor, it's a matter of fact

23 that NNL is a party in interest --

24         THE COURT:  A party in interest.

25         MR. COLEMAN:  -- just on the face of the statute.

1  This is one of those provisions that is so clear that, you

2  know, if you need briefing on this, I'll tear the page out,

3  sign it and hand to you.  Right?  We're a party in interest.

4  And the consequences that flow from that are whatever they

5  are.  We're not saying that we need to be involved in, you

6  know, every bit of minutia, but we are concerned and rightly

7  so, about getting notice of things that affect us.

8          Now the other reality of this case, as I sit from

9  time to time in my comfy chair back there, I've noticed that

10 there's some interconnectedness between what happens here

11 and what happens in Canada.  And so I think we're rightly

12 concerned about what's --

13         THE COURT:  Okay.

14         MR. COLEMAN:  -- going on with these claims.  But

15 if we have to be precise and tie things to the statute, well

16 here we are, we're a party in interest and whatever flows

17 from that is whatever flows from that.  Now, you know, I

18 think the committee is in the same position.  I mean, they

19 expect to have notice of these things.  They expect to be

20 heard.  And we're not asking for anything more or less than

21 that.  And so we're not trying to create problems, we're

22 trying to have a document so that when other people, third

23 parties, other affiliates are participating in this new

24 claims process, they understand that you need to notice the

25 Canadians.  That's all, nothing more.

1          THE COURT:  Well there may be implications beyond

2   notice from the inclusion of this language and I'm wondering

3   if we couldn't just address your concern about notice more

4   specifically in the order without putting in this precise

5   language which is giving you comfort, but is causing a

6   little bit of discomfort to the U.S. debtors.  Is it --

7          MR. COLEMAN:  Your Honor, something like notice

8   and an opportunity to be heard?

9          THE COURT:  Ms. Schweitzer is there -- would that

10  address your discomfort?

11          MS. SCHWEITZER:  Your Honor, I think I want to

12  address that example actually.

13          THE COURT:  Okay.

14          MS. SCHWEITZER:  Because in here, I mean, I note

15  that this is coming up in the intercompany claims process.

16  Right?

17          THE COURT:  Yes.

18          MS. SCHWEITZER:  But it's not the first bar date

19  order and all the prior bar date orders the Canadian's have

20  been exempted.  We haven't had this language.  In the EMEA

21  claims objection example, I really didn't want to dredge

22  that as an example, but we should talk about what happened

23  there, which is that the EMEA debtors scheduled a conference

24  call with Your Honor to talk about the briefing of a motion

25  to dismiss.

1              THE COURT:  Yes.

2              MS. SCHWEITZER:  The Canadian debtors weren't a

3    moving party.  Kind of irrelevant because, in fact, the EMEA

4    debtors didn't actually give anyone notice of that.  And I

5    don't do it to point to the EMEA debtors at fault, but they

6    didn't tell the creditor committee, they didn't tell the

7    bondholder committee.  I wasn't a selective exclusion of the

8    monitors, it was for whatever reason, it doesn't almost

9    matter, a determination by them that they were going to tell

10   the debtors and that was all.  Right?  So there was no

11   selective omission of the monitor.

12             That said, when the monitor and Canadian debtor

13   said there was a conference and we didn't hear about it.  We

14   said well, you know, actually let's just talk about that.

15   Right?  There are EMEA claims filed in Canada.  There are

16   EMEA claims filed in the U.S.  There's actually protocols,

17   but notwithstanding protocols, let's just agree that we'll

18   include you in your conferences even though it's not

19   necessarily our burden when we're not the moving parties,

20   we'll agree that we, the U.S. debtors, will include you in

21   our process and give you notice of our conferences and

22   you'll agree that in the same way, you'll give us notices of

23   all the Canadian conferences that you're having and that we

24   understand you might have had and we actually didn't find

25   about it until afterwards in private discussions.  But we'll

1  just agree bilaterally.  Right?  But by the way, Your Honor,

2  you know, there's another call on Monday and you're free to

3  join, here's the number.  Right?

4            In that call, there was a passing comment by Mr.

5  Coleman saying, hey, by the way, Your Honor, can't we just

6  include ourselves or, you know, we'd like to be included,

7  fine, no problem.  Right?  After that, we get an email from

8  the Canadian debtors' counsel saying, you know, there's no

9  need for special accommodations agreements or understandings

10  between us with respect to bilateral treatment on these EMEA

11  claims because we got our concerns addressed to our

12  satisfaction in that conference call.

13            Well this isn't about a specific example of what

14  went right or wrong.  It's not to say that ultimately they

15  won't include us in conversations about how they deal with

16  EMEA claims.  But I think it is an example of that we have

17  other ways of dealing with this.  Right?  In that by putting

18  a notice here that the Canadian debtors suddenly are going

19  to get notice of all hearings.  Well all hearings they get

20  public notice of.  Does it mean every scheduling conference

21  for every claim?  Does it mean every settlement conference?

22  Does it mean -- how far does that go?  Every discovery

23  conference if a creditor files a claim against me, and they

24  serve discovery on me, which doesn't necessarily go on the

25  Court, you know, or could be an informal discovery.  How far

1  does that go?  Right.

2          So we're starting from general non-controversial

3  proposition and saying, well, gee, why can't the Canadian's

4  get notice of hearings?  Well I think there are two answers.

5  Is that again, when that came up and the request was made,

6  here's the dial-in, we're happy to do that.  Can you just

7  confirm you're doing the same for us?  Oh, no, no, no, we

8  don't have to open this up into something bigger, let's just

9  deal with it on a one off basis.  Absolutely fine if that's

10 the way we want to go, but then let's either deal with it on

11 a one off basis, let's deal with it on a categorical basis,

12 or let's deal with it by putting bilateral agreements into

13 orders.  Right?  Happy to do either, but right here to start

14 putting in notice that they want to facially use towards

15 third parties of I want to give you notice, it also puts

16 onuses on the debtors that we again, don't want to footfall

17 on.  Right?  And we don't know the boundaries of in this

18 context.

19          So I understand the desire, but when you look if

20 this is all coming out of one scheduling conference by one

21 creditor on, quite frankly, a claim that's not covered by

22 this order, then I think we're kind of moving a little

23 towards these unintended consequences or examples of --

24 that, you know, we're not looking to exclude the Canadian

25 debtors, but we'd like to talk about this in a systematic

1  manner and a bilateral manner, if we are going to reach

2  agreements on specific claims or categories of claims so

3  that we don't inadvertently footfall in leaving them off.

4  And then we also understand that we're all working on the

5  common understandings about what the consequences of

6  language in an order are.  This is just the bar date order.

7  This is not a claims resolution order.  It's just

8  establishing a bar date for filing claims against the

9  debtors.  And we get concerned when we start tripping into

10  the cross-border protocol and tripping into other

11  consequences that again, might put obligations on the debtor

12  whether intended or not today.

13        So there we are in the bigger context of the

14  request.

15        THE COURT:  Are we creating a family dispute here

16  based upon --

17        MR. COLEMAN:  Apparently.

18        THE COURT:  -- a misunderstanding or --

19        MR. COLEMAN:  Apparently.  I mean, I'm still --

20  honestly and I'm not doing this for dramatic effect.  I

21  really am startled that we're having this debate.  I mean,

22  we are a party in interest full stop.  It says so in the

23  statute.  How about this?  How about we have our language.

24  I mean, my personal view is that the consequences are the

25  consequences and -- that flow from the statute, and that's

1   life.  But in case there's a circumstance where there needs

2   to be something that we're excluded from, how about we have

3   our language and we add to it "except as otherwise ordered

4   by the Court"?  It gives the debtors and any other party in

5   interest the right to come in and limit notice.  I mean,

6   Your Honor, always has the right to, and the power to,

7   regulate the scope of notice and to whom notice is served.

8   Why don't we do that?  Otherwise, it's a completely

9   unworkable system from our point of view because we have to

10  find out what's going on and say, hey, you know, we need to

11  get notice to that.  You know, it's just -- it just doesn't

12  make any sense.

13          So if the operating assumption is that, yes, it

14  makes sense for the sole shareholder and the monitor

15  appointed by the Canadian Court, which has, you know,

16  implications or which has implications of what's happening

17  here in the U.S., you know, we'll get notice of things.  If

18  that's the, if you will, the default approach, that works

19  for us.  And people will have the right to limit that, carve

20  it back in those circumstances where it might make sense to

21  do so.  And, you know, I can't imagine that we're going to

22  have a dispute about that.  But my concern is -- and my goal

23  here is to really head this off so that we're not having an

24  argument down the road about, hey, we didn't know about

25  that.  We didn't know about that conference.  Or we didn't

1  get notice of that hearing and we were affected by it.  I

2  mean, it's just -- we're trying to save time.

3          THE COURT:  Have you had conversations about this

4  provision prior to the hearing?

5          MR. COLEMAN:  Yeah, we did.

6          THE COURT:  Okay.

7          MR. COLEMAN:  And we, you know, to be fair, we

8  had some longer language about, you know, notice.  And it

9  was more far reaching.  It did reference 1109.  And

10  honestly, I thought that 1109 was just so plain vanilla that

11  it would just -- we could live with it.  It was not

12  everything we would like, but we could live with because the

13  consequences are whatever they are, and we could then

14  discuss how much notice we're entitled to and what

15  circumstances in the unlikely event that that really became

16  necessary vis-a-vis the U.S. debtors.  But at least we could

17  show other parties that, hey, you know, we are a party in

18  interest, you need to pay attention to us.

19          But what happened was a need to then get involved

20  in specifics.  Well what claims are you worried about?

21  Which ones do you want -- they haven't been filed yet.  I

22  have no idea.  I have no idea.  And why not start with the

23  idea that we're entitled to notice, and if something comes

24  up that someone decides, or it is an event in connection

25  with a claim, that someone decides is inappropriate for us

1    to be involved in for whatever reason, they can go to Your

2    Honor and say, you know, this should be a much more limited

3    service list for that purposes.  That would work for us.  We

4    do have --

5            THE COURT:  Of course that would be on notice,

6    too, so you would then come in, it seems to me, and say

7    well --

8            MR. COLEMAN:  Or not.  Or not.

9            THE COURT:  Okay.

10           MR. COLEMAN:  You know, Your Honor, I think to --

11   I would hope that your impression of us thus far is that

12   we're reasonable people.  We don't do things for the sake of

13   just tearing up your time.  So if there's something that we

14   care about, although this might seem like we're tearing up

15   your time --

16                       (Laughter)

17           MR. COLEMAN:  And I apologize.  I deeply

18   apologize for that.

19           THE COURT:  I understand.  It's fine.

20           MR. COLEMAN:  But we are not going to do things

21   for the sake of doing things.  We're going to do things

22   because we think that they matter to our case, and because

23   we think we have an obligation, in our role as counsel to

24   the monitor, an obligation to Justice Morawetz, to be

25   involved and to understand so that we can tell him what's

1  going on.

2          THE COURT:  Sure.

3          MR. COLEMAN:  Right.  There is that element.

4  There's that Court officer element of our role as well that

5  makes this important to us.  We need to know what's going

6  on.

7          Now the fact that this language hasn't been in

8  other -- there have been other bar date orders, lots of

9  stuff going on, is because it never dawned on us until that

10  incident a month or two ago, that someone would actually

11  take the position that we're not parties in interest.  But

12  now that someone is taking the position that we're not a

13  party in interest or may not be a party in interest, we

14  thought it would be a good idea to head that off because we

15  think it's just so plain from the statute that we are.  And

16  it's so plain, frankly, even beyond the statute, from the

17  facts of this case that we are.  How could we not be?  How

18  could we not be a party in interest?

19          So I think the best way to address the issue here

20  is our language with an escape valve that makes it clear

21  that anyone can limit notice and Your Honor has discretion

22  to do that in any particular -- in connection with any

23  particular matter.

24          THE COURT:  All right.  Thank you, Mr. Coleman.

25          MS. SCHWEITZER:  Your Honor, I fear that we're a

1    little cart-before-the-horse here, right, that to take out

2    some of the concerns, right, and the arguments raised.  1109

3    says parties in interest have the right to appear and be

4    heard.  It doesn't say unlimited notice of every matter

5    before the Court or not.  Right?

6                 THE COURT:  True.

7                 MS. SCHWEITZER:  And Mr. Coleman says -- and then

8    if you look to the --

9                 THE COURT:  Except most of the notice provisions

10   require service upon parties in interest.

11                MS. SCHWEITZER:  Correct.  Service upon parties

12   and interest --

13                THE COURT:  Yeah.

14                MS. SCHWEITZER:  -- and, in fact, they filed

15   their 2002 appearance and they're not suggesting they've

16   never been served.

17                THE COURT:  Right.

18                MS. SCHWEITZER:  And so they say well I want

19   notice of things.  Right?  Well what things.  Right?  As

20   Your Honor notes, claims objections are filed with the

21   Court.  Are -- they're on the 2002 service list.  Right?

22   And they would get the notice just by opening up the docket.

23   Right?  And at a hearing on a claim, at a hearing on a

24   settlement, and a hearing on discovery.  Any hearing before

25   this Court is going to be on notice to them and the world

1    because that's why we have agenda letters.  That's why we

2    have motions.  That's why we have the U.S. judicial process.

3    And I don't necessarily disagree with their desire to

4    generally know what's going on.  Right?  But quite frankly,

5    we have that same desire in Canada.  Right?  And those

6    aren't unilateral desires.  Right?  And we said we -- you

7    know, sure, everyone would like to know.  If it were up to

8    me, why not?  Knowledge is good.  I'd love to see every

9    single last Canadian claim.  I'd love to be included in

10   every last discussion, but in Canada, the claims aren't

11   publically available.

12          So when you say well I need to know what I don't

13   know, in fact, in the U.S., there's nothing they don't know.

14   All the claims are on a claims register.  They're available

15   by Epic.  They can pull them off and say hey, here's a claim

16   I want to talk to you about.  This is something I'd like

17   more particularized notice.  They know the universe of what

18   they might not know about it.

19          THE COURT:  But you don't?

20          MS. SCHWEITZER:  We don't have that same

21   transparency in Canada.  The same way that we have to come

22   to you, ultimately, to the Court, to allow claims unless

23   they were subject to some order by your Court already that

24   said, well for these claims you have some right to settle or

25   these claims you have some procedure.  Well you have to

1   ultimately come to this Court to allow or compromise every

2   claim.  Right?

3            THE COURT:  Sure, that's right.

4            MS. SCHWEITZER:  On notice.

5            THE COURT:  That's right.

6            MS. SCHWEITZER:  Or have gotten authority again

7   on notice to not get further notice.  Right?  We're always

8   coming into this Court.  In Canada, there's -- the monitor

9   has the right to unilaterally allow and negotiate claims and

10  we really don't know what we don't know.  Right?  They have

11  the right to go before a claims officer, a private process.

12  Again, don't know what we don't.  And as a result, we've

13  gone through and come up with a cross-border protocol that

14  says we're going to identify classes of claims that we

15  absolutely just want to know what's going on.  Right?  And

16  we'll stagger our rights depending on the size of the claim,

17  depending on where it goes.  These ones we want you and

18  Canada to go to Court so we have the right to appear and be

19  heard.  Right?

20            And again, Mr. Coleman says, yes, but we're in

21  the U.S. now, and it's so non-controversial, 1109 says I'm a

22  party in interest that has a right to appear and be heard in

23  the case generally.  But that doesn't -- what is the

24  language that you would put into this order that you have

25  the right to get notice of all Court hearings?  They're

1    already on the docket.  All scheduling conferences, all

2    discovery discussions, notice of what?  How far does it go?

3              And again, as Mr. Coleman said, I don't even know

4    what intercompany claims are going to be filed.  Right?  And

5    so if they're looking for retroactive relief to the entire

6    claims pool, when then that's not what the language

7    officially addresses as far as notice of everything for

8    every claim.  But even with respect to the intercompany

9    claims, they just haven't even been filed.  I don't even

10   know, Your Honor if we're ever going to need to invoke this

11   language going forward.

12             So why are we having this discussions where

13   there's no motion, there's no motion to supplement or amend

14   the claims protocols.  Those have separate procedures.

15   Right?  We have cross-border protocols.  We have the right

16   to move to amend them.  We have the right, and we always

17   expressed a desire to work cooperative with the Canadians to

18   just have agreements, right, that we'll both deal with

19   claims that we have interest in whether in the cross-border

20   protocol or not and keep each other in the loop.  And we can

21   agree informally or formally or come to Your Honor in a

22   specific instance or come to Justice Morawetz in a specific

23   instance and say here's something that we have an issue

24   with, we can't reach agreement on, let's address it then.

25             But again, to say oh, it's so non-controversial

1   that equity holders have interests in all the claims, again,

2   I don't want to litigate the ultimate merits, but actually

3   *Collier* says equity holders don't have a particularized

4   interest in claims unless they cause money to go up to the

5   equity.

6               I don't think we're here today to determine

7   whether there's equity value in NNI.  Right?  And I'm not

8   trying to say, again, that I'm ever going to tell anyone, or

9   any other creditor is going to say you can't come in and get

10  notice of a specific hearing, but why are we addressing this

11  today in a bar date order rather than either working

12  cooperatively to come up with language that we can just

13  address bilaterally or dealing with it after the claims have

14  been filed or as individual claims come up.  Right?  Rather

15  than saying here's blanket language and the effects are what

16  they are, we'll figure that out tomorrow.  That's always

17  been our discomfort is we don't want to agree to language

18  when we can't understand all the implications.  And quite

19  frankly, the implications aren't clear because the bar date

20  hasn't been set and the claims aren't even here.  So it

21  could have a whole bunch of unintended consequences.

22              So while it seems non-controversial, it's also a

23  question whether it's necessary and is it, in fact, going to

24  be non-controversial or easily administered in practice.

25              THE COURT:  Okay.

1            MS. SCHWEITZER:  That's where we are, Your Honor.

2            THE COURT:  The first thing I'm going to do after

3   this hearing is go in and call my sister but --

4                        (Laughter)

5            THE COURT:  I understand, but without ruling, let

6   me first hear from Ms. Luton and then I'll let you know

7   where I am on this.  Ms. Luton?

8            MS. LUTON:  Good morning, still.

9            THE COURT:  It's still morning.  You got it.

10           MS. LUTON:  Jaime Luton from Young, Conaway,

11  Stargatt & Taylor --

12           THE COURT:  Yes.

13           MS. LUTON:  -- on behalf of the EMEA debtors.

14  Just to support Ms. Schweitzer's positions and to clarify a

15  little bit of what's been said about the EMEA debtors.

16           I don't believe the EMEA debtors took a position

17  that the Canadian monitor wasn't a party in interest

18  according to 1109.  The circumstances was it was a

19  scheduling type of conference and we didn't notify every

20  creditor.  And Your Honor has been generous enough to make

21  himself available if there is a dispute to be -- to get us

22  -- everyone on the telephone.  And if we're talking about

23  something like an objection deadline or scheduling a hearing

24  because of experts that are in other countries, not every

25  creditor or the Canadian monitor is necessarily affected by

1   that.  And I think those are some of the issues that come up

2   whether or not are we supposed to notify every creditor when

3   we're having one of these scheduling conferences that just

4   affect the immediate parties?

5           So I don't believe 1109 was implicated by the

6   issues that were raised at the previous telephonic

7   conference.  So, thank you.

8           THE COURT:  I appreciate your help, Ms. Luton,

9   thank you.  Yes, the committee?

10          MS. SCHULTE:  Good morning, Your Honor.  Again,

11  for the record, Sarah Schulte, Akin, Gump, Strauss, Hauer &

12  Feld on behalf of the committee.

13          The committee completely agrees with the debtors.

14  This language is unnecessary.  The statute says what it says

15  and at this point it's inappropriate for our claims order,

16  our claims bar date order.  Thank you.

17          THE COURT:  Thank you, thank you.

18          MR. COLEMAN:   I really have nothing further to

19  add, Your Honor.  Just a quick observation.  One, it

20  shouldn't be up to any other party to decide --

21          THE COURT:  No, no.

22          MR. COLEMAN:  -- you know, well we don't think

23  they're a party in interest.  I mean, that's just not how

24  this works.  Right?  We are.  I think the case law and

25  notwithstanding what *Colliers* might say, it certainly

1  wouldn't be the first time *Colliers* might be slightly off

2  base on one or two points.  I think the case law is crystal

3  clear that an equity security holder is a party in interest.

4  This circuit has such case law.

5          Lastly, I think it is a very troubling notion if

6  we leave here today with some doubt that the Canadian

7  debtors and the monitor, you know, as to their status as

8  parties in interest in the case and in connection with this

9  claims process.  If there's some doubt about that, I think

10 we have created a pretty troubling situation for this case

11 and all cross-border cases frankly.

12         So our suggestion is to have wording in there

13 whether it's 1109 or, you know, entitled to notice and an

14 opportunity to be heard submit to Your Honor's discretion to

15 carve it back, I think that works for us and I think we

16 should avoid any notion that we don't have the same sort of

17 standing here as, for example, the committee unquestionably

18 has.  Thank you.

19         THE COURT:  Thank you, Mr. Coleman.  Anyone else?

20                (No audible response.)

21         THE COURT:  You know I hate to see any suspicion

22 arising from an argument over the inclusion of this

23 language.  I think that, by and large, it really is comfort

24 language and I do think that there should be a provision in

25 here whether it's under Section 1109, specifically

1   referenced or otherwise, providing notice to the Canadian

2   debtors and to the monitor.  I think that's appropriate.  I

3   think that has been the conduct of the case to date.  And I

4   don't want any negative implications drawn from not having

5   language inserted in here.  I think that it could create

6   some difficulty, which the Courts, both Courts, have not

7   experienced because of the cooperation, and I think the good

8   work of both the Canadian debtors and the U.S. debtors.  And

9   I think although it really isn't necessarily my job to

10  maintain sort of good feelings between the parties, I do

11  think that in this particular situation it is in everyone's

12  best interest to do so, and that the inclusion of some

13  notice language would be helpful in achieving that goal and

14  continuing the way the parties have been working things out

15  so far.

16          And so to the extent there is some discomfort

17  with reference to Section 1109, and that's not really before

18  me today, and that could be argued at a later date if it

19  ever becomes relevant or necessary, but I think that for

20  purposes of today, there ought to be the inclusion of just a

21  provision for notice to the Canadian debtors and the

22  monitor.

23          MS. SCHWEITZER:  Your Honor, it's Lisa

24  Schweitzer.  And I appreciate the ruling.  I just -- the one

25  things that we have struggled with is notice of what.

1  Right?  Notice of copies of pleadings that the parties are

2  filing with the case?  Notice of Court hearings that are

3  scheduled?  Because once we slip beyond that that's what

4  we've always struggled with is I don't think the Canadian

5  debtors have not gotten notice of the public hearings, but

6  it has to be tightly confined.  Not because we're trying to

7  exclude anyone, but because we're trying to understand of

8  what the obligations are and we've seen language that they

9  have sent every proceeding, every conference, and that's

10 just, quite frankly, too broad.  Is that every settlement

11 conference on every claim?  Like how far do we go?

12          THE COURT:  In my mind isn't the U.S. debtors

13 that are a concern, it's really third parties that may be a

14 concern here.  Is that right, Mr. Coleman?

15          MR. COLEMAN:  Yeah, I can help here, Judge.  You

16 know, we can read the docket.  We read the docket.

17          THE COURT:  Of course.

18          MR. COLEMAN:  We'll see the claims, right.

19 Notice of hearings, notice of chambers conferences with Your

20 Honor.  Yeah, if there's a mediation that's ordered, we'll

21 see the mediation.  We'll see that order and we can seek to

22 involve ourselves and if there's a dispute, you know, we can

23 bring it before Your Honor.  But again, I -- our intention

24 was not to make this a giant problem.

25          THE COURT:  I know.  I know.

1          MR. COLEMAN:  And if we can have notice of

2    hearings and chambers conferences, I think that would help

3    us.  And to the extent there are problems as we go forward,

4    you know, we know that Your Honor is available to fix those

5    problems.

6          THE COURT:  And the language that you're

7    suggesting doesn't necessarily entitle you to attend those

8    offices conferences.  That would be an issue that would

9    arise that if you were being, for some reason, excluded, you

10   could argue why you should be invited in the room, but --

11   and that's why I think the not using Section 1109 is helpful

12   here.

13         MR. COLEMAN:  Yeah.  As long as we're not saying

14   that we're not a party in interest.

15         THE COURT:  That's right.

16         MR. COLEMAN:  Because no one could possibly think

17   that.  Why don't we try to work on some innocuous language

18   here that deals with chambers conferences and hearings.

19         THE COURT:  Please.

20         MR. COLEMAN:  I would hope that we could get

21   there and submit that and be done with --

22         THE COURT:  And if you can't --

23         MR. COLEMAN:  -- be done with it.

24         THE COURT:  -- get me on the telephone.

25         MR. COLEMAN:  Okay.  Thank you, Your Honor.

1          THE COURT:  All right.  And then we'll talk it

2    through.  But I think it will be helpful to the case

3    frankly.  And I think it's fair and to the extent you need a

4    ruling on whether you are a party in interest under Section

5    1109, we can always tee that up at --

6          MR. COLEMAN:  It may be fun.  It may be fun to do

7    that.

8                    (Laughter)

9          THE COURT:  Yes.

10          MR. COLEMAN:  Thank you very much, Your Honor.

11   We appreciate that.

12          THE COURT:  Understood.

13          MR. COLEMAN:  Thank you.

14          THE COURT:  So I will enter the order.  I agree

15   with the proposal and the proposed order just with a little

16   bit of the revision along the lines of what we've been

17   discussing.

18          MR. COLEMAN:  Thank you.

19          THE COURT:  You're welcome.  Thank you.  Thank

20   you, everyone.  Anything further for today?

21          MS. SCHWEITZER:  That's it for Your Honor.

22          THE COURT:  All right.  And I do by the way just

23   to talk since Ms. Luton is here on the EMEA issue, the

24   motion to dismiss the EMEA claims.  I have the papers and I

25   understand that the parties are anxious to have my views as

1  to whether or not I will need or would require the

2  attendance of witnesses at the hearing.

3          MS. LUTON:  Yes, Your Honor.

4          THE COURT:  And I will -- I'll complete that

5  review in the next day or so and I will advise the parties.

6          MS. LUTON:  Okay.  We appreciate that, Your

7  Honor.  I think all the declarations are in.  The U.S.

8  debtors will do a reply brief, but we appreciate your views

9  on the expert testimony as well.

10          THE COURT:  Absolutely.  All right.  Thank you,

11  all.  And with that, we'll stand in recess and I wish you

12  all a good day and thank you.

13      (Whereupon, at 12:00 p.m., the hearing was adjourned.)

14

15                      CERTIFICATION

16          I certify that the foregoing is a correct

17  transcript from the electronic sound recording of the

18  proceedings in the above-entitled matter.

19

20

21  _____        22 August 2011

22  Traci L. Calaman, Transcriber                Date

23

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**a.m**(2) 1:15  6:1
**aaron**(1) 3:46
**abbott**(1) 1:26
**ability**(3) 20:9  21:16  53:20
**able**(11) 6:10  16:16  17:1  17:8  18:3  18:5  19:9  19:22  19:24  40:13  54:11

**about**(61) 15:23  16:5  16:13  21:9  24:25  25:1  25:2  26:17  28:16  34:5  34:6  39:1  45:10  48:1  52:1  52:5  52:15  55:20  57:21  57:22  65:10  66:4  66:9  67:21  68:6  71:12  72:20  73:13  74:7  74:11  74:11  77:1  79:25  81:7  81:12  82:3  82:22  82:24  83:13  83:14  83:25  84:13  84:15  85:25  86:5  86:23  86:21  87:2  87:22  87:24  87:24  87:25  88:3  88:8  88:20  89:14  92:16  92:18  96:15  96:22  98:

**aboveentitled**  (1) 103:18
**absent**(2) 56:18  56:18
**absolutely**(5) 61:24  62:9  85:9  93:15  103:1
**accepting**(1) 41:4
**access**(1) 66:20
**accident**(1) 26:8
**accommodation**(1) 84:9
**accomplish**(1) 41:7
**according**(1) 96:18
**accrued**(1) 23:18
**achieving**(1) 99:13
**acknowledging**(1) 44:6
**act**(1) 61:22
**acted**(1) 56:8
**acting**(3) 57:7  62:1  77:7
**action**(2) 8:22  26:4
**actions**(1) 4:47
**actively**(1) 33:12
**actual**(1) 14:21
**actually**(27) 6:18  6:19  6:21  8:20  9:22  12:7  14:2  15:18  24:19  26:25  30:5  30:10  31:18  44:7  48:20  52:24  52:24  53:4  53:24  71:1  82:12  83:4  83:14  83:16  83:24  90:10  95:2

**add**(3) 77:4  87:3  97:19
**added**(7) 8:3  65:10  65:11  65:16  65:18  72:23  74:17

**adding**(4) 66:14  66:25  76:14  77:5
**addition**(1) 72:19
**additional**(5) 13:14  41:5  69:13  71:1  73:1
**additionally**(1) 73:2
**address**(15) 35:7  38:17  39:11  42:12  46:21  57:4  67:21  68:10  70:22  82:3  82:10  82:12  90:19  94:24  95:13

**addressed**(3) 35:10  42:13  84:11
**addresses**(1) 94:7
**addressing**(1) 95:10
**adjourn**(1) 69:13
**adjourned**(1) 103:13
**adjournment**(2) 59:9  59:23
**adjudicate**(6) 26:18  33:22  35:24  44:9  47:6  50:23

**adjudicated**(4) 45:6  49:20  56:14  66:20
**adjudicating**(2) 25:15  48:5
**adjudication**(5) 25:25  32:9  35:15  48:3  73:10

**administered**(2) 1:6  95:24
**administration**(2) 15:25  16:1
**admittedly**(1) 39:12
**advise**(1) 103:5
**advised**(1) 58:10
**advisory**(1) 29:21
**affect**(6) 66:10  66:11  73:8  73:9  81:7  97:4
**affected**(2) 88:1  96:25
**affects**(1) 33:19
**affiliate**(1) 79:8
**affiliates**(2) 65:6  81:23
**after**(6) 11:13  12:8  12:8  84:7  95:13  96:2

**afternoon**(1) 77:17
**afterwards**(1) 83:25
**again**(47) 14:24  16:12  17:6  24:23  27:19  29:16  33:17  34:4  41:4  43:12  43:17  44:1  44:14  44:20  44:25  45:12  46:1  47:3  47:20  50:15  63:2  67:15  68:5  69:17  71:6  72:5  72:19  73:7  74:5  74:23  75:11  75:13  76:12  77:6  80:9  85:5  85:16  86:11  93:6  93:12  93:20  94:3  94:25  95:1  95:8  97:10  100:23

**against**(49) 8:22  23:13  23:20  23:22  25:18  52:22  26:2  28:12  28:13  29:23  31:9  32:10  32:12  33:12  34:19  35:18  42:19  42:22  43:23  44:6  44:15  44:23  44:25  45:1  45:14  45:18  46:7  46:17  47:19  47:20  49:11  56:11  56:23  65:23  66:10  66:12  67:2  67:3  67:16  67:24  67:25  68:3  68:5  69:24  73:6  73:9  76:1  84:23  86:8

**agenda**(4) 6:22  9:15  63:4  92:1
**agendas**(1) 77:8
**agents**(1) 41:12
**aggregate**(2) 46:17  46:25
**ago**(9) 29:17  31:1  34:7  34:12  50:9  56:4  69:17  79:7  90:10

**agree**(19) 12:4  12:24  12:24  22:2  23:2  31:19  41:18  43:9  56:19  68:10  71:24  74:9  83:17  83:20  83:22  84:1  94:21  95:17  102:14

**agreed**(3) 7:22  7:22  65:16
**agreeing**(1) 52:22
**agreement**(6) 37:9  67:6  67:10  67:22  68:4  94:24

**agreements**(4) 84:9  85:12  86:2  94:18
**agrees**(2) 21:1  97:13
**akin**(4) 2:26  36:25  48:11  97:11
**all**(109) 6:23  7:3  7:17  7:19  8:1  8:4  8:8  8:15  8:20  9:2  9:11  9:12  9:25  11:15  11:17  15:15  15:20  16:17  17:16  18:15  22:14  22:19  25:8  26:8  26:9  27:19  30:5  31:14  31:21  32:8  34:10  34:20  34:21  36:3  36:15  36:23  37:12  37:14  37:15  38:20  41:2  42:4  43:7  44:5  45:4  45:8  45:10  46:14  46:14  47:16  47:19  51:9  52:1  52:20  55:11  60:19  61:2  62:14  62:17  62:23  62:25  63:12  64:3  65:5  65:14  66:1  66:17  68:25  69:1  70:3  70:9  70:16  70:23  72:6  72:20  73:4  73:17  73:23  73:24  74:1  74:2  75:7  76:5  76:14  77:3  77:13  77:14  81:25  82:9  82:10  82:12  84:19  84:19  85:20  86:4  90:24  92:14  93:25  94:1  94:1  95:1  95:18  98:11  102:1  102:22  103:7  103:10  103:11  103:12

**allen**(1) 2:4
**allocation**(7) 15:24  17:22  17:25  18:2  22:10  52:14  52:15

**allow**(7) 17:12  26:3  37:15  37:17  92:22  93:1  93:9

**allowance**(3) 66:5  66:10  67:14
**allowed**(4) 41:17  51:22  51:23  75:2
**allows**(1) 22:4
**almost**(1) 83:8
**along**(2) 63:17  102:16
**already**(13) 7:22  18:16  34:5  50:1  64:10  66:17  66:22  66:23  68:12  75:24  77:3  92:23  94:1

**also**(20) 7:22  13:15  14:21  20:13  23:25  45:16  45:21  47:23  49:20  49:22  60:4  61:17  67:23  69:11  72:3  73:9  73:19  85:15  86:4  95:22

**alternative**(1) 43:16
**although**(2) 89:14  99:9
**always**(9) 6:17  22:23  22:24  87:6  93:7  94:16  95:16  100:4  102:5

**amend**(2) 94:13  94:16
**amended**(1) 68:18
**americas**(1) 2:7
**amit**(1) 5:7
**amongst**(1) 70:2
**amount**(9) 7:23  39:23  39:23  39:24  43:8  46:7  46:13  46:17  54:8

**amounts**(3) 7:24  23:10  24:1
**analysis**(1) 48:12
**and**(301) 6:3  6:18  7:7  7:13  7:15  7:16  7:19  7:23  7:24  8:1  8:3  8:9  8:10  8:11  8:24  9:9  9:9  9:10  9:14  9:15  10:7  10:18  10:19  10:21  10:22  11:1  11:2  11:4  11:21  11:24  12:12  13:3  13:6  13:12  13:13  13:18  13:20  13:25  14:6  14:12  14:15  14:17  14:18  14:25  15:12  15:19  15:20  15:23  16:3  16:18  17:2  17:8  17:14  17:16  17:16  17:17  17:18  17:22  17:24  18:5  18:6  18:7  18:11  18:13  18:15  18:17  18:24  18:25  19:3  21:1  21:2  21:4  21:8  21:9  21:14  22:1  22:1  22:2  22:3  22:6  22:8  22:10  22:11  22:13  22:17  23:2  23:22  23:13  23:14  23:15  23:16  23:19  23:20  23:22  24:6  24:8  24:8  24:10  25:5  25:8  25:10  25:13  25:14  25:16  26:3  26:14  26:17  26:20  26:21  27:2  27:4  27:4  27:8  27:9  27:16  27:21  28:2  28:14  28:23  28:23  29:1  29:12  29:15  29:20  29:22  29:23  29:24  30:1  30:4  30:12  30:19  30:20  30:22  31:5  31:5  31:8  31:19  31:24  32:2  32:3  32:5  32:11  32:17  32:19  33:5  33:12  33:23  34:8  34:15  34:14  34:15  34:20  34:21  34:24  35:5  35:3  35:9  35:17  35:22  35:24  35:24  36:6  36:11  36:15  36:17  36:18  36:18  36:19  36:22  37:4  37:10  37:13  37:23  37:25  38:3  38:7  38:14  38:21  38:22  38:22  38:25  39:1  39:4  39:5  39:5  39:7  39:9  39:10  39:20  39:21  39:25  40:6  40:8  40:13  40:13  40:15  40:16  41:1  41:6  41:7  41:10  41:12  41:18  41:20  42:2  42:3  42:21  43:15  43:22  44:2  45:2  45:5  45:11  45:19  45:22  46:5  46:11  46:14  46:14  46:19  46:21  46:24  47:2  47:3  47:9  47:12  47:12  47:15  47:15  47:22  47:23  48:3  48:5  48:17  48:18  48:20  48:22  48:25  49:1  49:2  49:7  49:12  49:14  49:23  50:13  50:21  51:1  52:8  52:9  52:14  52:18  52:22  52:23  53:3  53:5  53:8  53:11  53:14  53:16  53:17  54:3  54:12  54:14  54:18  54:22  54:22  55:5  55:6  56:7  56:7  56:10  56:16  56:20  57:1  57:6  57:7  57:12  57:14  57:17  57:20  57:22  57:24  58:7  58:10  58:22  59:4  59:9  59:12  59:13  59:15  59:22  60:2  60:6  60:15  60:20  60:25  61:7  61:10  61:14  61:20  61:21

**and/or**(1) 16:23
**animal**(1) 43:12
**anixter**(2) 2:40  8:23
**ann**(1) 1:25
**annie**(1) 6:5
**announcemen**(1) 73:23
**annuitan**(3) 12:6  26:23  27:11
**annuitants**(3) 15:11  29:7  37:25
**annuities**(12) 15:12  15:13  23:13  25:23  27:1  27:5  29:6  29:25  30:2  30:2  30:4  33:13

**annuity**(104) 11:5  12:2  12:2  12:4  12:5  12:7  12:10  12:14  12:21  13:2  13:6  13:6  13:10  13:10  14:10  14:13  14:19  14:21  15:6  15:16  15:20  16:2  16:6  16:9  16:11  16:18  16:18  16:19  16:21  16:21  17:22  18:6  18:7  18:8  18:17  18:24  18:24  19:2  19:4  19:6  20:1  20:25  21:1  21:2  21:22  22:7  23:8  23:10  24:22  25:18  26:4  26:22  27:3  28:1  28:10  28:10  28:12  28:12  28:14  28:17  29:3  29:22  31:24  32:15  32:23  33:4  33:7  38:1  38:5  38:12  39:2  39:8  39:9  39:14  39:17  39:23  41:17  41:18  42:16  4  43:13  43:15  43:21  43:22  43:24  46:11  46:12  46:14  47:21  47:22  48:10  50:20  52:8  52:10  52:11  52:22  53:11  54:1  54:9  54:24  56:24  57:8  59:2  59:3

**annuity's**(1) 21:2
**another**(9) 26:18  33:16  34:11  48:6  48:7  68:12  79:8  79:9  84:2

**answer**(7) 14:7  14:20  17:6  17:8  17:13  22:17  35:1

**answered**(2) 40:5  61:16
**answers**(2) 20:7  85:4
**anxious**(1) 102:25

| Word | Page:Line |
|---|---|

**any(41)** 13:16 16:8 16:24 18:25 19:3 20:7 20:15 21:9 31:2 31:4 31:16 48:15 48:16 48:16 53:21 54:18 61:25 63:24 65:22 69: 71:25 72:7 73:4 75:17 75:20 76:11 76:11 76:25 78:22 78:23 78:24 87:4 87:12 90:22 90:22 91:24 95:9 97:20 98:16 98:21 99:4

**anybody's(1)** 78:6

**anyone(8)** 9:4 36:3 40:16 83:4 90:21 95:8 98:19 100:7

**anything(7)** 15:23 38:10 38:15 60:17 76:6 81:20 102:20

**apart(1)** 48:5

**apologize(6)** 9:19 30:12 55:13 78:2 89:17 89:18

**apparently(3)** 16:2 86:17 86:19

**appear(9)** 68:24 69:4 69:8 72:4 72:24 78:24 91:3 93:18 93:22

**appearance(2)** 72:20 91:15

**appearances(3)** 3:17 4:1 5:1

**appears(3)** 12:4 14:13 21:5

**application(1)** 6:24

**applications(2)** 7:18 8:9

**appointed(2)** 61:8 87:15

**appreciate(6)** 62:15 97:8 99:24 102:11 103:6 103:8

**approach(3)** 7:4 9:11 87:18

**approached(1)** 30:19

**appropriate(5)** 26:2 36:2 37:17 78:9 99:2

**appropriateness(1)** 25:9

**approval(1)** 9:5

**approve(2)** 8:12 9:10

**approved(3)** 6:14 7:19 69:16

**are(125)** 11:19 13:17 13:17 13:17 13:19 15:14 16:5 16:20 17:15 17:17 17:19 18:1 18:20 19:17 19:20 25:4 25:24 26:4 27:6 28:7 28:8 29:5 29:23 30:2 31:13 31:18 33:11 33:20 34:20 35:4 35:4 35:22 37:12 37:12 37:14 38:13 41:17 41:22 41:23 42:12 44:12 45:17 48:17 50:14 50:14 50:15 52:12 52:16 52:19 58:25 60:4 60:5 61:15 63:17 63:22 64:1 64:9 64:12 64:14 64:22 66:1 66:3 66:14 66:19 66:22 68:14 69:14 69:18 71:22 72:10 73:11 73:24 74:25 75: 75:25 76:3 76:4 76:11 77:4 78:8 78:10 80:2 80:21 81:4 81:5 81:6 81:16 81:23 83:15 83:15 84:18 85:4 86:1 86:6 86:13 86:15 86:22 86:24 88:13 88:13 88:17 88:20 89:20 90:15 90:17 91:20 91:21 92:14 94:4 94:12 95:10 95:15 95:16 96:1 96:24 97:1 97:2 97:24 100:1 100:2 100:8 100:13 101:3 102:4 102:25 103:7

**aren't(6)** 55:18 57:1 92:6 92:10 95:19 53:8 55:8 101:10

**argue(8)** 15:22 15:23 16:11 19:21 39:1 53:8 55:8 101:10

**argued(1)** 99:18

**arguing(2)** 37:23 42:9

**argument(16)** 10:6 10:22 15:4 16:9 16:15 18:3 19:24 19:25 22:5 22:9 28:9 43:13 53:17 61:25 87:24 98:22

**arguments(5)** 16:17 27:25 56:23 57:10

**arise(1)** 101:9

**arises(1)** 12:22

**arising(1)** 98:22

**aronoff(1)** 4:6

**around(8)** 53:2 53:4 53:5 55:15 55:15 58:16 67:6 76:7

**arranged(1)** 80:10

**arsht(2)** 1:21 16:3

**articulate(2)** 44:15 45:2

**ashner(2)** 3:19 3:20

**ask(5)** 10:20 49:1 75:19 75:22 76:7

**asked(2)** 58:17 64:1

**asking(7)** 46:10 48:24 50:20 59:8 64:24 65:1 81:20

**aspect(2)** 14:12 45:13

**aspects(6)** 14:14 39:6 46:21 52:16 52:17 54:16

**assert(1)** 18:7

**asserted(5)** 23:20 32:10 33:12 65:23 73:6

**assertion(2)** 66:4 66:9

**asset(2)** 15:17 16:22

**assume(1)** 20:11

**assumed(1)** 33:10

**assuming(2)** 22:3 77:6

**assumption(1)** 87:13

**attempted(1)** 58:9

**attend(1)** 101:7

**attendance(1)** 103:2

**attention(3)** 55:19 57:1 88:18

**attractive(1)** 51:2

**auction(1)** 62:21

**audible(2)** 9:7 98:20

**august(1)** 103:21

**authority(1)** 93:6

**authorized(1)** 12:13

**automatic(1)** 58:12

**available(4)** 92:11 92:14 96:21 101:4

**ave(1)** 2:49

**avenue(1)** 2:7

**avidity(1)** 4:29

**avoid(1)** 98:16

**avoidance(2)** 65:19 80:20

**aware(7)** 13:14 21:5 21:5 51:21 61:18 61:20 63:11

**away(1)** 32:20

**ayesha(1)** 2:41

**back(17)** 8:21 23:1 23:4 35:13 46:24 55:17 56:7 57:9 57:11 58:16 63:13 70:17 72:21 77:14 81:9 87:20 98:15

**background(1)** 68:5

**bad(2)** 57:7 62:1

**balance(3)** 34:13 34:16 49:7

**bank(1)** 2:14

**bankruptcy(8)** 1:1 1:20 12:3 32:21 32:22 33:5 40:11 65:22

**bar(22)** 24:5 63:5 63:7 63:12 63:22 63:25 64:9 64:13 64:15 65:7 66:6 70:23 76:15 77:4 82:18 82:19 86:6 86:8 90:8 95:11 95:19 97:16

**barclays(1)** 4:16

**barclay's(1)** 4:16

**bargain(1)** 54:23

**barred(1)** 68:4

**base(2)** 19:15 98:2

**based(9)** 15:14 16:22 17:20 17:22 18:4 21:20 29:18 54:8 86:16

**basic(3)** 10:18 67:10 78:12

**basically(5)** 12:11 19:18 40:6 42:8 51:1

**basis(8)** 18:14 26:7 33:25 36:1 47:17 85:9 85:11 85:11

**bay(1)** 2:15

**bearing(1)** 20:9

**bears(1)** 32:3

**became(4)** 11:23 12:8 14:24 88:15

**because(74)** 14:1 15:5 15:25 16:2 16:14 18:8 18:10 20:14 21:10 21:11 22:10 25:4 25:15 29:19 30:20 30:22 31:22 32:22 34:5 35:8 38:21 38:23 39:6 40:1 40:8 40:12 41:8 41:25 42:7 42:10 44:1 44:23 46:16 49:25 50:1 52:16 53:21 54:15 55:18 55:25 56:2 57:21 58:1 58:6 58:6 59:16 66:23 69:14 69:20 70:5 71:13 73:8 73:24 74:15 74:25 78:7 80:11 82:14 83:3 84:11 87:9 88:12 89:22 89:22 90:9 90:14 92:1 95:19 96:24 99:7 100:3 100:6 100:7 101:16

**become(1)** 68:18

**becomes(2)** 14:8 99:19

**bed(1)** 17:1

**been(40)** 7:24 14:12 14:13 14:15 15:12 23:11 28:23 35:9 39:13 40:10 40:13 41:7 48:13 52:14 55:14 56:5 56:12 59:3 63:24 64:10 70:21 71:16 71:17 74:12 79:18 80:17 82:20 88:21 90:7 90:8 91:16 94:9 95:14 95:17 95:20 96:15 96:20 99:3 99:14 102:16

**befall(1)** 15:3

**before(33)** 1:19 17:10 18:14 19:13 24:14 31:22 32:1 36:7 36:9 44:11 45:3 45:22 46:4 47:4 48:8 49:13 55:19 56:10 57:2 57:3 57:15 57:19 57:22 70:3 71:16 71:19 74:18 80:7 91:5 91:24 93:11 99:17 100:23

**beginning(1)** 79:9

**begs(1)** 16:3

**behalf(4)** 6:6 36:25 96:13 97:12

**being(15)** 7:18 14:22 16:5 22:12 25:7 28:9 33:19 36:16 51:7 52:8 53:22 57:11 64:1 74:17 101:9

**believe(8)** 7:8 11:10 13:13 22:7 37:16 39:21 96:16 97:5

**beneficiary(1)** 27:23

**benefit(4)** 27:17 52:25 54:23 55:7

**benefits(23)** 11:4 14:14 15:1 23:11 23:17 27:11 27:21 28:2 28:14 35:9 42:21 42:22 43:2 43:16 43:23 45:17 46:20 47:20 47:2 52:7 54:3 54:16 69:24

**benesche(1)** 4:5

**bennett(1)** 2:41

**berger(1)** 3:30

**best(4)** 9:9 49:8 90:19 99:12

**bet(1)** 51:18

**better(3)** 33:6 51:12 56:1

**between(10)** 17:21 17:22 22:10 69:15 69:20 69:22 76:13 81:10 84:10 99:10

**beyond(4)** 36:20 82:1 90:16 100:3

**big(1)** 76:3

**bigger(2)** 85:8 86:13

**bilateral(6)** 48:20 73:16 76:17 84:10 85:12 86:1

**bilaterally(2)** 84:1 95:13

**billion(1)** 67:12

**bit(5)** 51:2 81:6 82:6 96:15 102:16

**blanket(2)** 77:12 95:15

**blyea(1)** 4:26

**bondholder(1)** 83:7

**bondholders(1)** 3:4

**border(7)** 44:18 68:11 68:12 68:13 68:16 69:16 70:18

**both(20)** 14:5 14:12 14:15 19:18 22:1 41:25 45:1 46:3 53:11 53:14 67:19 69:24 71:13 72:9 72:13 74:7 76:1 94:18 99:6 99:8

**boundaries(1)** 85:17

**brad(1)** 2:27

**break(1)** 22:12

**brief(2)** 37:3 103:8

**briefing(2)** 81:2 82:24

**briefly(2)** 11:1 51:17

**bring(5)** 26:3 36:8 50:19 58:16 63:15 100:23

**bringing(1)** 30:23

**brings(1)** 29:3

**broad(1)** 100:10

**broken(1)** 52:6

**bromley(2)** 3:25 79:10

**brought(4)** 13:13 33:5 33:24 45:22

**brown(1)** 5:6

**bryant(1)** 2:29

**buchanan(1)** 2:19

**built(2)** 70:9 70:16

**bunch(5)** 25:11 25:12 25:13 79:24 95:21

**bundle(1)** 23:17

**burden(5)** 26:10 26:16 31:23 32:3 83:19

**busy(1)** 61:6

**but(160)** 6:22 7:7 7:18 8:10 8:25 10:7 10:15 10:22 11:3 12:17 13:17 14:7 14:14 15:8 15:17 16:8 16:11 17:7 17:25 19:15 19:23 20:7 20:10 20:13 20:18 21:5 21:8 21:10 21:18 21:25 22:7 23:9 23:19 23:23 24:24 25:21 25:25 26:15 26:19 27:10 27:12 28:1 28:9 29:11 29:16 30:9 30:15 32:14 33:17 34:1 35:13 35:15 36:10 37:4 37:16 38:20 39:10 39:22 41:8 41:15 41:19 42:7 42:8 43:15 43:21 43:24 44:11 44:14 45:23 46:5 46:25 48:7 48:24 49:9 49:15 49:20 50:24 51:2 51:14 52:5 57:15 57:19 57:25 58:6 58:16 58:24 59:7 59:14 60:12 61:13 61:17 62:10 62:18 64:2 65:5 66:6 66:9 67:10 67:18 68:6 71:23 72:2 72:16 73:1 74:5 75:9 75:12 76:3 76:14 77:11 80:3 80:18 81:6 81:14 82:5 85:10 85:13 85:19 85:25 87:1 87:22 88:12 88:16 88:19 89:20 90:11 92:4 92:10 92:19 93:20 93:23 94:8 94:25 95:2 95:10 96:3 96:5 99:19 100:5 100:7 100:23 101:10 102:2 103:8

**buy(3)** 27:4 41:13 43:15

**cake(1)** 38:25

**calaman(1)** 103:22

**calculation(1)** 39:25

**calculator(1)** 46:13

**call(10)** 11:22 29:20 67:23 77:13 79:21 82:24 84:2 84:4 84:12 96:3

**called(2)** 19:5 45:21

**came(6)** 11:20 12:10 13:3 19:6 31:16 85:5

**campbell(2)** 2:40

**can(53)** 10:24 17:13 19:12 19:25 21:3 21:8 21:21 22:3 22:17 24:7 24:24 28:9 35:1 35:2 37:15 42:11 48:6 48:22 48:22 49:2 52:6 52:23 52:24 53:6 53:10 53:10 53:12 53:14 54:12 54:12 56:16 57:24 62:8 63:16 70:24 73:25 75:7 75:16 77:12 77:21 85:6 89:1 89:25 90:21 92:15 94:20 95:12 100:15 100:16 100:21 100:22 101:1 102:5

**can't(26)** 14:1 14:20 21:10 22:8 35:23 35:25 24:8 25:7 26:16 26:19 27:10 49:2 52:15 52:21 53:14 53:15 56:2 60:24 71:12 84:5 85:3 87:21 94:24 95:9 95:18 101:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**canada(117)** 6:14 11:23 12:9 12:12 13:3 13:4 14:17 14:17 14:24 15:22 15:24 16:4 16:5 16:7 16:14 16:15 16:16 16:24 17:18 17:18 18:2 18:11 19:6 19:14 19:17 19:21 20:2 22:5 22:8 22:9 23:16 24:1 25:3 25:5 25:7 26:3 26:5 26:5 26:8 29:4 29:5 29:9 29:12 29:15 29:19 30:12 31:5 31:24 31:25 32:12 33:22 34:2 34:7 34:8 34:9 34:21 35:12 35:16 36:2 36:11 36:12 37:24 39:1 39:12 39:13 40:2 40:13 44:6 44:25 45:2 46:6 47:9 47:15 47:17 48:11 49:4 49:24 49:25 50:19 50:22 51:1 51:8 53:6 53:8 53:9 53:16 53:19 53:22 54:14 54:22 55:15 55:25 56:2 56:2 56:4 56:8 57:8 57:17 57:23 58:4 58:8 58:10 67:12 67:13 67:16 68:3 68:4 70:5 70:21 74:3 74:8 81:11 83:15 92:5 92:10 92:21 93:8 93:18

**canada's(3)** 16:2 34:5 50:23
**canadian(115)** 2:4 2:5 12:13 12:25 14:6 14:12 14:15 15:10 15:11 16:12 16:17 18:4 18:6 18:11 18:13 18:16 19:7 19:7 20:8 20:20 21:12 21:18 22:5 24:1 24:13 25:8 29:5 29:10 29:20 30:1 30:1 30:2 30:3 30:19 30:20 30:21 32:14 33:2 33:3 33:5 34:6 34:24 34:25 35:5 35:9 38:22 38:22 39:6 40:4 40:12 40:14 41:1 41:2 41:23 42:1 44:9 44:16 45:4 45:6 45:11 46:1 46:3 46:16 46:20 50:13 52:16 52:17 58:2 59:3 59:4 64:12 64:22 65:8 65:9 65:20 67:1 67:2 67:5 67:21 67:23 68:21 68:25 69:4 70:13 70:17 71:10 71:24 72:5 72:9 72:11 72:11 73:2 73:10 74:9 74:20 75:19 76:6 76:10 76:19 78:8 83:2 83:12 83:23 84:8 84:18 85:24 87:15 92:9 96:17 96:25 98:6 99:1 99:8 99:21 100:4

**canadian's(3)** 71:17 82:19 85:3
**canadians(3)** 80:21 81:25 94:17
**cancel(1)** 6:10
**cannot(1)** 53:6
**capabilities(1)** 33:1
**capital(5)** 4:16 4:16 4:38 4:42 4:42
**care(1)** 89:14
**career(1)** 26:21
**carl2:** 2:48 10:9
**carried(1)** 17:12
**carries(1)** 26:16
**cart-before-the-hors(1)** 91:1
**carve(7)** 38:22 40:1 41:10 53:11 54:12 87:19 98:15

**carved(4)** 31:5 78:8 79:3 80:21
**carving(1)** 40:1
**case(34)** 1:15 15:5 26:11 27:6 27:23 30:3 30:18 32:3 32:7 32:22 32:22 33:11 37:10 41:9 47:3 47:16 63:18 75:25 79:9 81:8 87:1 89:22 90:17 93:23 97:24 98:2 98:4 98:8 98:10 99:3 100:2 102:2

**cases(6)** 65:23 69:8 69:18 69:19 72:25 73:5
**casgrain(2)** 5:11 5:11
**categorical(1)** 85:11
**categories(4)** 63:8 63:14 63:21 86:2
**cause(1)** 95:4
**causing(1)** 82:5
**cede(2)** 9:24 9:25
**cents(3)** 44:12 44:19 44:24
**ceo(1)** 11:23
**certain(5)** 7:11 63:14 67:7 67:14 67:19 72:10

**certainly(15)** 8:17 20:18 28:18 32:15 33:6 33:8 34:1 42:20 44:17 51:6 62:3 62:10 71:15 75:20 97:25

**certificate(2)** 8:25 13:8
**certification(1)** 103:15
**certify(1)** 103:16
**cetus(1)** 4:38

**chacko(1)** 2:41
**chain(1)** 47:22
**chair(1)** 81:9
**chambers(4)** 80:7 100:19 101:2 101:18
**chapter(1)** 1:8
**check(2)** 27:18 27:20
**chen(1)** 3:34
**cheney(1)** 3:38
**choices(1)** 44:23
**choices(1)** 26:4
**chomping(1)** 55:12
**chose(1)** 43:2
**chris(1)** 2:34
**cindy(1)** 3:34
**circle(1)** 55:15
**circuit(2)** 32:2 98:4
**circumstance(1)** 87:1
**circumstances(3)** 87:20 88:15 96:18
**cite(1)** 69:3
**claim(185)** 13:12 16:2 17:16 19:14 19:15 20:9 21:4 21:8 21:11 21:12 21:18 22:3 22:4 23:5 23:8 23:9 23:12 23:19 23:20 23:23 24:1 24:9 24:20 24:21 25:2 25:5 25:7 25:10 25:17 25:25 26:2 26:15 26:17 28:9 28:11 28:13 30:16 31:8 32:10 32:12 32:10 33:12 33:13 33:14 33:18 35:3 35:11 35:15 35:18 35:22 35:25 36:18 37:11 37:17 38:20 39:5 39:6 39:20 39:22 40:4 40:4 40:10 40:12 40:12 40:15 40:19 41:1 41:3 41:9 41:11 41:17 42:9 42:10 42:19 42:22 43:1 43:1 43:8 43:9 43:18 43:23 44:2 44:6 44:7 44:8 44:15 44:20 44:23 44:24 45:1 45:3 45:4 45:5 45:8 45:13 45:18 46:5 46:6 46:6 46:7 46:8 46:13 46:14 46:16 46:22 46:25 47:6 47:7 47:8 47:9 47:12 47:14 47:19 47:20 48:3 48:5 48:17 49:2 49:2 49:11 51:21 51:22 51:22 52:4 52:6 52:13 52:14 52:16 52:19 52:23 52:23 52:25 53:9 53:10 53:1 53:16 53:23 54:2 54:7 54:10 54:11 54:15 55:2 55:8 55:8 55:21 56:11 56:12 56:14 56:15 56:22 57:2 57:6 57:12 57:18 58:1 58:2 58:7 58:11 58:24 67:12 69:24 70:14 71:13 72:13 72:15 72:15 72:19 75:16 76:1 76:1 76:12 84:21 84:23 85:21 88:25 91:2 92:9 92:15 93:2 93:16 94:8 100:11

**claim's(1)** 51:23
**claimants(2)** 37:12 64:4
**claims(172)** 15:21 16:3 16:4 16:7 20:8 20:20 21:9 22:11 24:5 24:6 24:8 24:9 24:11 24:15 25:11 25:14 25:22 28:12 28:13 29:23 33:10 33:21 33:24 34:14 34:19 36:4 37:13 38:15 38:22 41:12 41:13 41:13 44:12 45:16 46:18 46:19 47:1 47:4 48:14 48:18 48:24 49:15 49:16 51:4 53:17 53:21 56:3 56:17 56:18 60:6 61:7 63:8 63:8 63:9 63:14 63:15 63:16 63:19 63:20 64:1 64:6 64:8 64:23 65:1 65:3 65:15 65:17 65:23 66:5 66:5 66:9 66:9 66:10 66:11 66:11 66:16 66:19 67:1 67:3 67:15 67:19 67:20 67:24 67:25 68:3 68:4 68:6 68:9 68:9 68:11 69:13 69:16 69:19 69:25 70:3 70:6 70:15 70:17 70:22 71:1 71:3 71:22 72:3 72:10 72:10 72:11 72:12 72:12 73:1 73:4 73:8 73:9 73:10 73:13 73:15 73:24 73:25 75:1 75:5 75:7 76:4 76:2 76:13 76:13 76:20 76:22 76:22 77:1 78:9 78:11 79:1 80:4 80:20 81:14 81:24 82:15 82:21 83:15 83:16 84:11 84:16 86:2 86:7 86:8 88:20 91:20 92:12 92:14 92:22 92:24 92:25 93:9 93:11 93:14 95:13 95:14 95:20 97:11 97:16 98:9 100:18 102:24

**clarify(1)** 96:14
**clarifying(1)** 65:14
**class(1)** 4:47
**classes(1)** 93:14

**clear(11)** 13:10 52:5 52:12 52:12 64:3 79:19 80:1 81:1 90:20 95:19 98:3

**clearly(2)** 32:22 40:19
**cleary(5)** 1:32 3:23 7:11 7:22 79:20
**client's(1)** 11:13
**closure(1)** 63:15
**cno(1)** 6:8
**code(1)** 65:22
**cogent(1)** 19:25
**coincidentally(1)** 24:12
**coleman(44)** 2:5 77:17 77:19 77:21 78:2 78:16 78:18 78:21 79:14 79:17 80:6 80:25 81:14 82:7 84:5 86:17 86:19 88:5 88:7 89:8 89:10 89:17 89:20 90:3 90:24 91:7 93:20 94:3 97:18 97:22 98:19 100:14 100:15 100:18 101:1 101:13 101:16 101:2 101:23 101:25 102:6 102:10 102:13 102:18

**colleagues(1)** 79:8
**collect(1)** 39:3
**collecting(3)** 38:14 40:10 54:2
**collective(1)** 35:10
**collectively(2)** 33:25 34:1
**collects(1)** 53:2
**collier(1)** 99:3
**colliers(3)** 75:3 97:25 98:1
**combination(1)** 41:24
**come(38)** 10:8 11:2 15:2 15:23 23:18 26:17 27:9 28:24 31:3 31:17 32:4 35:17 37:22 43:7 45:21 49:9 51:13 56:19 57:24 60:7 70:3 71:15 75:16 75:18 75:21 77:14 79:14 87:5 89:6 92:21 93:1 93:13 94:21 94:22 95:9 95:12 95:14 97:1

**comes(4)** 49:13 67:5 77:6 88:23
**comfort(5)** 73:2 74:21 77:13 82:5 98:23
**comfortable(1)** 77:5
**comfy(1)** 81:9
**coming(9)** 39:14 55:1 66:6 71:23 71:24 71:25 82:15 85:20 93:8

**comment(1)** 84:4
**committee(15)** 2:26 3:28 3:33 18:23 37:1 37:4 37:9 68:23 81:18 83:6 83:7 97:9 97:12 97:13 98:17

**committees(2)** 61:8 72:6
**common(2)** 64:3 86:5
**company(1)** 19:8
**compel(3)** 48:10 51:20 51:21
**compelled(1)** 15:4
**compensation(11)** 14:6 14:7 18:23 19:1 27:25 28:1 33:14 43:11 43:12 43:14 61:1

**complete(2)** 53:21 103:4
**completed(2)** 14:23 48:14
**completely(4)** 26:5 52:8 87:8 97:13
**complicated(3)** 34:20 39:19 40:17
**components(6)** 25:4 25:13 47:23 52:3 52:4 52:6

**compromise(1)** 93:1
**conaway(1)** 96:10
**concede(5)** 15:19 28:5 28:6 46:20 49:2
**concedes(2)** 26:20 51:7
**conceding(1)** 42:8
**concepts(1)** 67:10
**concern(7)** 71:25 74:25 78:5 82:3 87:22 100:13 100:14

**concerned(4)** 74:14 81:6 81:12 86:9
**concerns(6)** 66:4 69:15 73:12 73:12 84:11 91:2

**concessions(1)** 48:25
**conclusion(1)** 11:2
**conclusions(1)** 49:9

**conduct(1)** 99:3
**conference(14)** 80:7 80:10 82:23 83:13 84:12 84:20 84:21 84:23 85:20 87:25 96:19 97:7 100:9 100:11

**conferences(9)** 83:18 83:21 83:23 94:1 97:3 100:19 101:2 101:8 101:18

**confined(1)** 100:6
**confirm(1)** 85:7
**confused(1)** 42:7
**confusing(2)** 57:21 57:25
**conjunction(1)** 37:14
**connection(8)** 12:10 17:21 32:21 45:3 80:3 88:24 90:22 98:8

**consensual(2)** 36:10 41:6
**consensually(4)** 35:25 36:7 48:7 49:1
**consequences(12)** 66:25 74:16 76:16 77:8 81:4 85:23 86:5 86:11 86:24 86:25 88:13 95:21

**consider(2)** 48:23 49:14
**consistent(1)** 70:25
**constantly(1)** 57:9
**consulting(2)** 4:10 4:11
**contemplated(2)** 70:19 70:23
**context(4)** 36:19 77:13 85:18 86:13
**continue(12)** 28:24 30:9 30:12 30:17 37:24 38:12 39:3 39:3 39:4 39:8 59:21 76:25

**continued(4)** 2:2 3:2 4:2 5:2
**continuing(4)** 38:13 50:2 50:5 99:14
**contract(38)** 12:14 14:22 24:22 24:23 24:24 27:3 27:4 27:12 27:19 27:20 28:21 29:10 30:23 31:25 32:7 32:8 32:8 33:24 35:17 36:13 40:8 40:23 42:16 42:16 42:20 42:21 43:6 43:11 44:1 44:16 47:15 50:8 51:3 53:18 54:4 56:5 56:6 58:7

**contracts(3)** 31:15 33:7 56:3
**contributions(2)** 18:21 31:15
**controversial(1)** 66:1
**conversation(2)** 65:9 76:21
**conversations(4)** 20:15 62:5 84:15 88:3
**cooperation(8)** 25:5 34:21 66:17 69:20 69:22 69:22 76:18 99:7

**cooperative(2)** 71:14 94:17
**cooperatively(5)** 71:10 71:11 74:6 74:6 95:12

**coordinate(1)** 76:3
**copies(2)** 73:25 100:1
**coplan(1)** 4:5
**copy(2)** 7:8 39:22
**cordo(24)** 1:25 6:3 6:4 6:5 6:10 6:13 6:18 6:21 7:2 7:3 7:6 7:10 7:22 8:1 8:7 8:13 8:15 8:20 9:3 9:11 9:13 9:14 9:19 9:22

**core(1)** 68:22
**corner(1)** 76:8
**correct(12)** 10:16 17:24 27:24 29:13 38:2 38:11 45:15 51:5 59:11 71:21 91:11 103:16

**correspondence(1)** 18:23
**couch(1)** 36:16
**could(34)** 6:24 6:25 7:15 37:5 41:9 41:10 41:10 41:16 41:19 42:2 43:14 44:15 44:20 61:16 66:10 66:11 70:20 75:1 77:8 77:14 78:11 84:25 88:11 88:12 88:13 88:16 90:17 90:18 95:21 99:5 99:18 101:10 101:16 101:20

**couldn't(2)** 37:8 82:3
**counsel(9)** 4:4 23:7 24:25 31:19 42:18 55:17 58:10 84:8 89:23

**countries(1)** 96:24
**couple(3)** 7:4 38:17 42:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| course(13) 12:6 38:14 40:11 44:21 50:17 60:2 60:24 62:2 62:16 75:4 75:5 89:5 100:17 | | dates(2) 63:12 73:22 | | dial-in(1) 85:6 | | don't(92) 13:14 13:16 14:7 14:19 17:6 17:24 19:22 20:14 22:13 24:4 28:6 31:16 31:19 33:25 36:9 36:14 36:19 37:3 37:5 37:6 37:16 39:22 40:2 40:9 40:12 40:20 41:3 41:8 41:14 41:19 42:8 43:21 43:24 44:14 44:17 49:8 50:21 51:13 53:13 54:1 55:25 56:19 57:5 59:16 60:8 60:19 62:3 64:23 66:6 71:18 71:22 71:23 73:11 75:17 75:18 75:22 75:23 76:5 76:7 76:25 77:10 79:19 80:14 83:5 85:8 85:16 85:17 86:3 87:8 89:12 92:3 92:12 92:13 92:19 92:20 93:10 93:10 93:12 93:12 94:3 94:9 95:2 95:3 95:6 95:17 96:16 97:5 97:22 98:16 99:4 100:4 101:17 |
| | | date's(1) 64:10 | | dialogue(1) 76:23 | | | |
| | | dawned(1) 90:9 | | diaz(1) 1:41 | | | |
| | | days(1) 6:16 | | did(9) 7:7 7:9 13:4 23:21 61:25 67:9 68:8 88:5 88:9 | | | |
| court(268) 1:1 6:2 6:9 6:12 6:17 6:20 7:1 7:5 7:9 7:21 7:25 8:6 8:8 8:14 8:17 9:2 9:4 9:8 9:12 9:17 9:25 10:3 10:10 10:13 10:17 11:6 11:9 11:11 11:15 11:18 13:1 13:13 17:19 18:12 18:18 20:10 20:17 20:22 21:7 21:13 21:15 21:18 21:20 21:23 22:14 22:19 22:21 22:24 23:6 24:3 24:16 24:17 25:19 26:12 26:24 27:13 27:15 27:22 28:4 28:16 28:20 28:22 28:25 29:2 29:8 29:12 29:14 29:20 29:22 30:3 30:5 30:8 30:14 30:25 31:3 31:3 31:7 31:10 31:12 32:21 32:24 33:2 33:2 33:6 36:8 36:9 36:23 37:2 37:5 37:19 37:21 38:3 38:9 39:18 40:14 40:18 40:22 40:24 41:20 42:4 42:6 42:14 42:17 42:24 43:4 43:19 44:21 45:12 45:15 45:19 45:25 46:9 47:10 48:9 49:18 49:20 50:5 50:7 50:10 50:12 50:17 50:25 51:5 51:9 51:12 51:16 51:18 52:3 54:17 55:11 55:19 55:22 56:5 57:11 57:24 58:6 58:8 58:13 58:15 58:21 59:7 59:12 59:20 60:11 60:19 60:22 61:5 61:9 61:17 61:20 62:2 62:4 62:6 62:9 62:12 62:14 62:16 62:20 62:23 62:25 63:3 63:6 63:10 64:5 64:7 64:11 64:13 64:17 65:4 65:12 66:18 67:17 68:2 68:15 68:25 68:25 69:6 70:8 70:11 70:13 71:8 71:16 71:21 72:11 72:17 73:15 73:18 74:14 74:15 74:17 74:18 74:19 75:8 75:14 75:15 76:8 77:2 77:16 77:20 77:24 78:15 78:17 78:20 79:7 79:12 80:5 80:24 81:13 82:1 82:9 82:13 82:17 83:1 84:25 86:15 86:18 87:15 88:3 88:6 89:9 89:19 90:2 90:4 90:24 91:5 91:6 91:9 91:13 91:17 91:21 91:25 92:19 92:22 92:23 93:1 93:3 93:5 93:8 93:18 93:25 95:5 96:2 96:5 96:9 96:12 97:8 97:17 97:21 98:19 98:21 100:2 100:12 100:17 100:25 101:6 101:15 101:18 101:22 101:24 102:1 102:9 102:12 102:14 102:19 102:22 103:4 103:10 | | deadline(1) 96:23 | | difference(2) 48:12 48:19 | | | |
| | | deadlock(1) 22:12 | | different(22) 23:3 23:18 23:18 24:2 24:7 25:4 29:5 29:16 30:23 34:6 34:6 35:8 35:10 37:22 43:12 50:8 50:9 52:7 56:5 56:6 70:6 70:7 | | | |
| | | deal(13) 41:19 45:5 47:2 49:21 61:18 66:19 76:4 84:15 85:9 85:10 85:11 85:12 94:18 | | | | done(7) 62:13 64:21 66:22 69:21 80:13 101:21 101:23 |
| | | dealing(6) 19:13 40:15 59:25 77:5 84:17 95:13 | | | | doors(1) 41:13 |
| | | | | difficulty(1) 99:6 | | doubt(5) 65:19 78:22 80:21 98:6 98:9 |
| | | deals(2) 11:3 101:18 | | direct(1) 43:21 | | down(6) 17:15 34:17 41:13 52:6 56:20 87:24 |
| | | debate(2) 78:23 86:21 | | directed(1) 13:4 | | |
| | | debtor(33) 1:24 3:19 4:46 12:25 13:9 15:8 15:16 16:25 17:15 19:4 20:5 32:23 34:25 36:12 38:13 38:14 39:9 39:10 39:10 46:7 51:23 51:24 52:17 53:2 54:1 54:8 54:21 55:4 55:4 62:11 73:12 83:12 86:11 | | directions(2) 67:19 74:8 | | |
| | | | | director(1) 63:9 | | downside(1) 23:24 |
| | | | | directors(1) 5:5 | | dramatic(1) 86:20 |
| court's(1) 32:18 | | | | disagree(3) 43:22 75:23 92:3 | | drawn(1) 99:4 |
| courtroom(2) 1:9 50:14 | | debtors(132) 1:12 2:6 4:5 6:6 9:10 12:16 12:18 12:24 13:5 15:5 15:14 18:1 18:1 19:14 19:17 24:13 24:21 25:8 25:11 25:13 25:22 26:2 28:19 29:20 30:19 30:21 31:9 31:17 33:9 33:11 33:18 34:14 34:20 35:1 35:25 35:5 35:7 35:22 37:9 37:14 39:16 41:17 43:23 44:10 44:16 45:14 45:18 46:17 47:22 49:1 50:14 53:4 53:12 53:13 55:18 55:20 55:25 56:8 56:16 58:10 58:25 64:12 64:22 64:23 65:8 65:9 65:20 65:24 66:10 67:2 67:2 67:3 67:4 67:10 67:21 67:23 67:24 67:25 68:1 68:21 68:21 68:23 70:2 71:9 71:10 71:24 72:5 72:6 73:3 73:6 74:9 74:20 75:19 76:6 76:11 76:19 78:8 79:20 80:10 80:12 82:6 82:23 83:2 83:4 83:5 83:10 83:20 84:8 84:18 85:16 85:25 86:9 87:4 88:16 96:13 96:15 96:16 97:13 98:7 99:2 99:8 99:8 99:21 100:5 100:12 103:8 | | dredge(2) 82:21 | | |
| courts(6) 69:20 70:1 71:4 72:9 99:6 99:6 | | | | discomfort(4) 82:6 82:10 95:17 99:16 22:17 26:13 26:17 34:22 36:14 36:16 36:18 41:21 48:2 48:20 57:10 58:21 58:22 59:5 59:5 59:10 59:14 59:16 59:24 59:25 60:2 60:9 60:20 60:23 61:4 75:10 84:22 84:24 84:25 91:24 94:2 | | due(1) 36:15 |
| court'(1) 87:4 | | | | discovery(36) 10:24 16:25 17:7 17:12 20:4 | | during(2) 14:3 40:11 |
| covered(2) 38:4 85:21 | | | | | | duties(1) 71:6 |
| create(3) 13:20 81:21 99:5 | | | | | | dysfunctional(2) 79:10 79:15 |
| created(1) 98:10 | | | | | | |
| creates(1) 74:4 | | | | | | ey.   (1) 2:4 |
| creating(1) 86:15 | | | | discretion(2) 90:21 98:14 | | each(11) 23:3 25:12 46:7 64:23 65:19 70:2 71:14 72:5 73:3 74:8 94:20 |
| creditor(14) 44:19 72:12 72:14 72:14 72:15 75:6 76:2 83:6 84:23 85:21 95:9 96:20 96:25 97:2 | | | | discuss(3) 36:1 48:7 88:14 | | |
| | | | | discussed(1) 18:25 | | early(1) 63:13 |
| | | december(1) 67:7 | | discussing(1) 102:17 | | easily(3) 35:2 41:16 95:24 |
| | | decently(1) 65:2 | | discussion(5) 36:10 41:6 41:6 66:2 92:10 | | easy(2) 46:11 47:7 |
| creditors(6) 33:15 33:19 33:20 37:1 69:1 75:5 | | decide(1) 97:20 | | discussions(5) 7:12 71:15 83:25 94:2 94:12 | | eat(1) 38:25 |
| | | decided(2) 19:12 45:4 | | dismiss(2) 82:25 102:24 | | economies(1) 56:1 |
| | | decidedly(1) 31:5 | | dispositive(1) 35:18 | | economy(2) 33:23 34:4 |
| creditors'(1) 2:25 | | decides(2) 88:24 88:25 | | disputable(1) 26:20 | | ecro(1) 1:39 |
| cross(3) 3:11 44:18 68:11 68:12 68:13 68:16 69:15 70:18 | | declarations(1) 103:7 | | dispute(10) 13:17 71:11 76:9 76:10 77:1 77:11 86:15 87:22 96:21 100:22 | | edmund(2) 2:47 11:7 |
| | | declaratory(1) 29:21 | | | | effect(3) 27:22 38:6 86:20 |
| | | declare(1) 30:1 | | | | effectively(4) 10:22 11:24 12:20 45:4 |
| | | declaring(1) 29:2 | | | | effects(1) 95:15 |
| cross-border(21) 65:15 66:15 66:16 68:20 69:12 69:13 69:16 69:19 72:2 72:3 72:8 72:18 72:24 73:1 74:4 79:23 86:10 93:13 94:15 94:19 98:11 | | declined(1) 30:21 | | disputed(2) 31:18 31:21 | | effort(2) 67:20 71:2 |
| | | deducted(1) 7:24 | | distinct(1) 47:18 | | either(11) 17:25 30:15 34:17 46:14 53:13 68:24 72:8 72:18 85:10 85:13 95:11 |
| | | deemed(2) 65:20 73:3 | | distinction(1) 76:12 | | |
| | | deems(1) 72:24 | | distributions(1) 37:15 | | |
| crowell(2) 3:37 3:37 | | deeply(1) 89:17 | | district(2) 1:2 75:4 | | electronic(2) 1:48 103:17 |
| cry(1) 57:15 | | default(1) 87:18 | | division(1) 12:23 | | element(2) 90:3 90:4 |
| crystal(1) 98:2 | | defend(5) 15:14 19:20 36:12 40:6 40:7 | | docket(6) 73:24 74:2 91:22 94:1 100:16 100:16 | | else(3) 9:4 10:22 98:19 |
| currency(1) 8:5 | | defer(1) 67:9 | | | | email(2) 79:21 84:7 |
| cut(2) 45:8 45:10 | | deferred(5) 27:25 27:25 43:11 43:12 61:11 | | document(1) 81:22 | | emea(19) 60:6 61:7 64:3 79:8 80:4 80:12 82:20 82:23 83:3 83:5 83:15 83:16 84:10 84:16 96:15 96:16 102:23 102:24 |
| daniel(1) 2:6 | | definitely(1) 61:15 | | documents(7) 12:16 12:18 13:18 17:3 23:19 31:14 31:14 | | |
| data(1) 1:41 | | delano(1) 3:34 | | | | |
| date(28) 24:5 60:3 63:5 63:7 63:22 63:25 64:8 64:13 64:16 65:7 66:6 67:3 69:1 70:23 71:17 76:15 77:4 82:18 82:19 86:6 86:6 90:8 95:11 95:19 97:16 99:3 99:18 103:22 | | delaware(6) 1:2 1:12 2:49 6:1 32:2 75:4 | | does(12) 9:4 16:6 44:18 72:3 74:3 75:9 84:20 84:21 84:22 84:22 85:1 94:2 | | |
| | | denial(1) 55:10 | | | | employee(17) 12:9 13:25 14:4 14:24 24:5 24:6 24:8 24:14 26:21 27:9 30:20 35:9 54:2 56:13 56:14 59:4 61:8 |
| | | deny(5) 38:25 54:18 54:21 54:22 54:22 | | doesn't(24) 16:8 18:10 20:21 27:18 33:2 33:6 34:2 34:9 35:10 40:9 43:1 44:24 55:6 55:7 60:3 74:3 75:6 75:12 83:8 84:24 87:11 91:4 93:23 101:7 | | |
| | | department(2) 1:24 1:24 | | | | |
| | | depending(3) 19:15 93:16 93:17 | | | | employees(13) 29:5 29:6 29:25 30:2 30:4 33:21 34:19 46:2 47:1 47:1 49:16 49:21 50:6 |
| | | depends(1) 19:16 | | | | |
| | | depositions(1) 60:17 | | doing(3) 85:7 86:20 89:21 | | employment(1) 13:24 |
| | | derek(1) 1:26 | | dollar(3) 28:8 44:12 44:24 | | end(6) 23:16 43:6 43:25 49:7 61:12 67:22 |
| | | described(1) 79:10 | | dollar-for(1) 28:7 | | engage(1) 25:10 |
| | | desire(5) 37:11 85:19 92:3 92:5 94:17 | | | | enough(1) 96:20 |
| | | desires(1) 92:6 | | dollars(10) 8:7 14:11 14:12 14:13 14:14 14:15 14:15 15:7 15:17 17:6 | | ensure(2) 33:9 44:18 |
| | | detail(2) 7:15 10:25 | | | | enter(3) 42:2 68:11 102:14 |
| | | detailed(1) 39:25 | | domiciled(1) 69:2 | | entered(6) 6:19 34:25 64:7 67:9 68:17 70:18 |
| | | detailing(1) 19:1 | | | | |
| | | determination(1) 83:9 | | | | entering(1) 6:8 |
| | | determinations(1) 24:11 | | | | enters(1) 70:13 |
| | | determine(2) 40:14 95:6 | | | | entire(4) 14:5 35:11 46:7 94:5 |
| | | | | | | entirety(1) 10:21 |
| | | | | | | entities(1) 65:1 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**entitle**(1) 101:7
**entitled**(7) 18:7 23:11 40:7 48:16 88:14 88:23 98:13

**entitlement**(1) 31:24
**entity**(1) 34:24
**epic**(1) 92:15
**equitable**(1) 57:10
**equity**(7) 78:14 78:21 95:1 95:3 95:5 95:7 98:3

**erisa**(1) 4:46
**ernst**(1) 3:49
**escape**(1) 90:20
**esq**(34) 1:25 1:26 1:33 1:34 2:5 2:6 2:12 2:20 2:27 2:28 2:34 2:42 2:48 3:6 3:12 3:20 3:25 3:30 3:34 3:38 3:42 3:46 3:50 4:7 4:12 4:21 4:25 4:26 4:30 4:35 4:43 4:48 5:7 5:12

**essence**(1) 38:11
**establish**(2) 41:21 63:7
**establishing**(1) 86:8
**establishment**(1) 63:24
**estate**(12) 5:4 5:6 15:21 16:23 18:9 33:8 33:18 33:19 41:18 42:1 54:25 55:1

**estates**(4) 9:10 22:11 69:15 69:22
**estimation**(1) 17:15
**euros**(1) 8:4
**even**(23) 8:19 14:22 15:22 18:4 19:6 20:10 35:1 36:16 38:15 40:10 58:3 70:15 70:16 78:8 78:25 79:3 80:21 83:18 90:16 94:3 94:8 94:9 94:9 95:20

**event**(4) 16:24 30:15 88:15 88:24
**ever**(6) 53:23 75:22 76:6 76:10 76:23 94:10 95:8 99:19

**every**(27) 38:14 39:17 54:8 55:3 55:4 56:13 56:14 74:6 75:6 77:7 81:6 84:20 84:21 84:21 84:22 91:4 92:8 92:10 93:1 94:8 96:19 96:24 97:2 100:9 100:9 100:10 100:11

**everybody**(2) 21:1 79:3
**everyone**(7) 6:2 23:22 24:9 73:25 92:7 96:22 102:20

**everyone's**(5) 36:6 49:8 50:15 77:6 99:11
**everything**(5) 8:1 10:22 17:2 88:12 94:7
**evidence**(1) 32:4
**evident**(1) 78:7
**exactly**(6) 17:14 39:15 39:16 65:12 69:6 73:14

**example**(8) 18:23 44:22 82:12 82:21 82:22 84:13 84:16 98:17

**examples**(3) 69:23 76:20 85:23
**except**(2) 14:25 91:9
**exclude**(3) 76:6 85:24 100:7
**excluded**(3) 63:14 87:2 101:9
**exclusion**(1) 83:7
**excused**(3) 6:25 8:16 62:19
**executive**(4) 4:33 4:34 11:21 45:23
**executives**(4) 15:10 16:17 18:16 39:12
**exempted**(2) 64:22 82:20
**exhaustive**(1) 75:21
**exhibit**(6) 7:11 7:14 7:20 12:16 12:17
**exist**(1) 34:9
**existence**(1) 44:7
**expect**(3) 19:14 81:19 81:19
**expenses**(2) 7:11 7:18
**experienced**(1) 99:7
**expert**(1) 103:9
**expertise**(2) 33:6 51:3
**experts**(1) 96:24
**explain**(2) 8:2 26:22
**explicitly**(1) 72:3

**expressed**(1) 94:17
**extension**(1) 74:24
**extent**(9) 13:12 33:23 34:10 42:20 69:1 75:24 99:16 101:3 102:3

**fabulously**(1) 69:21
**face**(3) 27:20 78:22 80:25
**facially**(2) 66:8 85:14
**facie**(3) 26:11 26:16 32:4
**fact**(30) 12:1 15:8 15:15 18:13 23:15 24:5 26:1 26:23 35:5 35:8 35:16 39:12 44:5 44:13 44:15 44:19 45:7 45:11 46:21 49:1 49:21 59:1 60:5 71:9 80:22 83:3 90:7 91:14 92:13 95:23

**factors**(5) 32:17 32:19 35:19 47:16 55:24
**facts**(14) 11:2 11:19 13:14 23:1 23:2 23:2 24:20 26:19 29:25 31:18 31:21 56:3 59:1 90:17

**fair**(4) 9:9 20:18 88:7 102:3
**fairly**(5) 10:23 15:6 19:10 40:19 53:24
**fairness**(2) 23:21 25:8
**faith**(7) 56:8 56:9 57:7 61:4 61:22 62:1 77:7

**family**(3) 79:10 79:15 86:15
**far**(9) 55:16 84:22 84:25 88:9 89:11 94:2 94:7 99:15 100:11

**farther**(1) 63:17
**fashion**(1) 19:25
**father**(1) 11:13
**fault**(1) 83:5
**favor**(1) 30:3
**favorites**(1) 67:6
**fear**(1) 90:25
**fee**(4) 6:24 7:7 7:17 8:9
**feel**(3) 57:4 57:9 57:20
**feelings**(1) 99:10
**feels**(1) 53:2
**feld**(2) 36:25 97:12
**few**(2) 79:19 80:17
**field**(1) 55:16
**fifsa**(3) 67:22 68:8 69:12
**fight**(1) 74:10
**fighting**(1) 10:3
**figure**(11) 19:13 22:3 22:17 23:23 32:12 39:20 46:13 51:25 60:25 66:23 95:16

**figuring**(1) 53:5
**file**(14) 7:7 8:25 23:22 58:11 64:1 64:23 65:1 66:12 67:2 67:24 67:25 68:4 73:9 75:7

**filed**(46) 8:22 8:23 23:25 24:14 24:15 24:20 24:21 25:11 26:1 31:9 32:11 34:19 35:17 39:21 40:25 44:6 44:8 45:13 45:16 46:16 47:1 48:10 49:11 49:14 51:20 51:22 52:13 56:13 64:6 67:3 68:1 68:3 69:24 73:25 75:11 76:1 80:16 83:15 83:16 88:2 91:14 91:20 94:4 94:9 95:14

**files**(5) 46:7 72:13 72:15 76:2 84:23
**filing**(6) 7:14 12:3 24:9 53:5 86:8 100:2
**fill**(1) 24:12
**final**(3) 7:17 67:5 67:21
**find**(4) 16:24 19:24 83:24 87:10
**finding**(1) 50:21
**findings**(1) 69:7
**fine**(6) 7:1 7:18 10:7 84:7 85:9 89:19
**finger**(1) 2:33
**fingers**(1) 36:2
**finished**(1) 33:3
**first**(17) 6:7 6:22 6:25 11:21 13:22 35:13 45:12 58:17 60:24 65:13 68:16 69:19 71:16 82:18 96:2 96:6 98:1

**fitzgerald**(55) 2:47 11:7 11:20 12:6 12:8 12:11 12:19 14:4 14:11 14:23 15:4 17:5 18:7 18:15 19:2 19:23 21:3 22:1 23:4 23:11 23:14 24:18 26:3 26:10 26:19 26:22 27:17 27:18 27:23 28:13 28:16 29:18 29:19 30:18 31:2 32:11 37:10 38:20 39:21 40:15 40:25 41:10 41:16 44:5 45:13 48:9 49:20 49:24 52:24 53:1 53:20 54:23 55:6 55:7 72:13

**fitzgerald's**(15) 11:4 13:24 14:5 14:6 16:19 22:11 24:25 31:19 38:15 39:7 42:18 46:5 51:4 54:9 77:3

**fix**(1) 101:4
**flesh**(1) 10:24 20:5
**flextronics**(1) 72:15
**floor**(3) 1:28 3:7 3:13
**flow**(2) 81:4 86:25
**flowing**(2) 30:17 55:3
**flows**(2) 81:16 81:17
**foley**(1) 3:49
**folks**(1) 80:8
**following**(1) 12:1
**footfall**(2) 85:16 86:3
**footnote**(1) 7:20
**footnotes**(1) 8:2
**for**(171) 1:12 1:24 2:4 2:25 2:40 2:47 3:4 3:11 3:19 3:28 3:33 3:37 3:41 3:45 3:49 4:4 4:10 4:16 4:20 4:24 4:29 4:33 4:38 4:42 4:46 5:4 5:10 6:4 6:7 6:8 9:5 10:20 10:23 11:21 12:17 12:20 13:9 13:12 13:19 14:10 14:16 14:18 14:23 15:15 15:20 15:23 16:9 17:16 17:25 18:12 18:16 18:23 23:8 23:15 23:15 23:16 24:1 24:5 24:18 25:1 25:1 25:18 26:15 28:2 28:5 28:6 28:12 28:15 29:6 33:10 33:14 34:14 35:14 36:2 36:8 36:22 38:12 39:23 39:23 39:24 40:25 41:4 41:17 42:22 43:2 43:23 44:16 45:3 45:16 46:4 46:7 46:17 47:8 47:20 47:20 47:21 47:23 48:2 48:4 48:6 48:24 49:16 50:6 54:4 54:5 55:13 57:14 57:15 58:17 59:8 59:23 60:16 60:16 61:12 63:2 63:7 63:12 63:16 63:21 63:25 63:25 64:24 65:1 65:19 65:22 66:7 66:21 67:4 69:24 69:25 72:8 73:4 75:19 76:7 76:11 76:18 78:23 79:19 79:22 80:17 80:20 81:20 83:8 84:9 84:21 85:7 86:8 86:20 87:14 87:19 88:25 89:1 89:3 89:3 92:12 89:18 89:21 92:24 94:5 94:7 97:11 97:15 98:10 98:15 98:17 99:19 99:21 101:9 102:20 102:21

**forces**(1) 18:8
**foregoing**(1) 103:16
**foreign**(2) 8:2 8:5
**forever**(2) 74:15 74:16
**form**(3) 7:3 9:3 24:12
**formally**(3) 27:1 61:16 94:21
**formulate**(1) 9:11
**forth**(2) 63:12 63:23
**forum**(6) 10:14 10:25 26:18 33:16 34:11 69:2

**forward**(11) 10:21 32:4 37:18 37:22 39:10 45:3 57:25 63:19 80:9 94:11 101:3

**foster**(1) 41:5
**four**(1) 14:3
**fourth**(2) 5:4 5:5
**frame**(1) 66:22
**frankly**(15) 15:25 25:16 40:16 54:19 54:23 55:9 56:11 58:24 85:21 90:16 92:4 95:19 98:11 100:10 102:3

**fraser**(2) 5:10 5:11
**free**(1) 84:2
**freeborn**(1) 3:45
**friedlander**(1) 4:5

**from**(62) 7:24 8:5 11:22 13:3 13:21 14:17 15:2 19:6 20:24 24:19 25:5 26:16 27:5 27:8 27:17 27:19 29:2 31:2 31:23 32:5 32:18 32:20 34:24 35:14 39:14 39:17 40:8 43:24 52:21 53:22 53:22 55:20 57:16 58:7 60:25 63:14 63:18 65:8 67:15 70:25 71:24 71:25 76:6 77:22 79:2 79:14 81:4 81:8 81:17 81:17 82:22 84:7 85:2 86:25 87:2 87:9 90:15 90:16 96:6 96:10 98:22 99:4 103:17

**front**(10) 25:24 31:15 46:25 47:1 71:16 74:11 76:8 77:1 77:10 78:3

**full**(5) 37:9 48:21 48:22 86:22
**fully**(1) 14:13
**fun**(3) 64:19 102:6 102:6
**function**(1) 17:4
**fund**(1) 67:21
**funded**(5) 13:25 14:2 14:3 14:4 14:5
**funding**(3) 19:2 67:5 67:8
**further**(11) 7:15 7:16 31:2 36:8 67:24 68:3 70:24 70:25 93:7 97:18 102:20

**future**(4) 51:25 53:17 71:23 75:1
**gee**(4) 35:21 65:25 74:21 85:3
**general**(8) 63:12 68:19 68:20 69:10 73:6 74:21 76:22 85:2

**generally**(6) 43:10 69:8 72:24 72:25 92:4 93:23

**generated**(1) 52:11
**generous**(1) 96:20
**get**(78) 8:10 16:18 16:18 17:8 17:14 18:17 19:9 20:15 21:22 22:7 22:16 26:13 26:14 26:17 28:10 31:4 33:13 33:13 34:13 35:19 36:14 38:20 39:17 40:5 43:24 44:14 44:24 45:6 45:7 47:7 47:22 48:25 49:5 49:24 49:25 52:21 52:24 53:18 54:13 54:13 55:6 55:7 55:14 57:11 57:12 57:17 57:18 58:23 58:24 59:1 71:19 72:21 73:20 73:2 73:21 73:25 74:14 75:12 78:5 79:22 80:6 84:7 84:19 84:19 85:4 86:9 87:11 87:17 88:1 88:19 91:22 93:7 93:25 95:9 96:21 101:20 101:24

**get-go**(1) 79:3
**gets**(3) 36:9 44:19 45:6
**getting**(12) 8:4 8:10 38:1 38:15 49:7 55:3 55:20 57:1 57:9 57:21 70:25 81:7

**giant**(1) 100:24
**gilroy**(1) 3:42
**ginger**(1) 1:39
**gist**(1) 10:18
**give**(12) 19:19 46:14 56:15 56:20 74:24 76:19 76:20 76:20 83:4 83:21 83:22 85:15

**given**(8) 28:2 39:13 41:15 48:17 48:17 48:18 61:19 77:3

**gives**(2) 57:8 87:4
**giving**(1) 82:5
**glossed**(1) 23:2
**goal**(2) 87:22 99:13
**goes**(5) 22:5 26:14 27:2 71:6 93:17
**going**(84) 6:23 10:5 10:20 15:14 15:18 15:21 16:14 16:23 17:3 17:15 17:17 18:1 18:10 19:18 19:20 20:5 20:6 20:11 21:6 21:9 22:15 22:16 28:5 32:25 34:17 35:22 36:20 38:25 40:2 40:3 40:6 40:7 41:23 41:24 41:25 44:25 49:5 51:23 52:17 53:15 53:16 53:17 53:22 54:10 54:13 54:14 55:15 55:17 59:15 59:21 61:12 67:11 68:8 68:10 68:11 69:13 70:14 74:10 75:12 78:6 87:21 89:20 89:21 90:1 90:5 90:9 91:25 92:4 93:14 93:15 94:4 94:10 94:11 95:8 95:9 95:23 96:2

| Word | Page:Line |
|---|---|
| **gone**(2) 31:14 93:13 | |
| **good**(32) 6:2 6:3 6:4 6:17 10:4 10:5 22:21 22:22 22:23 22:24 36:24 37:2 56:8 56:8 61:4 61:22 62:5 62:25 63:1 65:2 77:7 77:17 77:17 77:19 77:24 90:14 92:8 96:8 97:10 99:7 99:10 103:12 | |
| **got**(12) 17:5 23:17 27:17 34:23 51:22 53:13 56:3 66:15 66:16 70:16 84:11 96:9 | |
| **gotten**(5) 6:13 23:11 43:14 93:6 100:5 | |
| **gottlieb**(3) 1:32 3:23 7:12 | |
| **governed**(3) 29:10 29:16 64:9 | |
| **governs**(1) 61:17 | |
| **grant**(3) 32:5 32:18 42:2 | |
| **granted**(1) 36:16 | |
| **great**(1) 22:4 | |
| **grips**(1) 51:14 | |
| **gross**(1) 1:19 | |
| **grounds**(2) 66:7 68:7 | |
| **guaranteed**(1) 54:4 | |
| **guess**(10) 9:17 9:19 13:6 17:14 20:25 21:24 28:20 49:10 51:20 58:24 | |
| **guessing**(1) 52:13 | |
| **gump**(3) 2:26 36:25 97:11 | |
| **guyder**(1) 2:6 | |
| **had**(31) 6:13 6:13 7:12 7:12 7:16 7:22 8:21 14:23 15:11 20:15 24:14 30:4 30:5 30:7 36:7 37:21 37:21 37:22 48:9 61:7 62:5 62:17 65:8 68:12 69:9 70:19 79:7 82:20 83:24 88:3 88:8 | |
| **hadley**(1) 3:33 | |
| **hadn't**(1) 51:20 | |
| **hamilton**(1) 1:32 3:24 | |
| **hammer**(1) 3:46 | |
| **hand**(3) 9:15 9:22 81:3 | |
| **handle**(4) 6:25 17:9 24:11 65:2 | |
| **hands**(1) 55:15 | |
| **handy**(1) 80:1 | |
| **happen**(3) 28:14 45:1 53:9 | |
| **happened**(5) 29:4 48:11 69:10 82:22 88:19 | |
| **happening**(1) 87:16 | |
| **happens**(4) 26:25 57:18 81:10 81:11 | |
| **happily**(1) 65:16 | |
| **happy**(5) 6:15 25:2 61:14 85:6 85:13 | |
| **hard**(5) 55:14 60:5 76:18 76:24 76:25 | |
| **harld**(1) 3:20 | |
| **harm**(2) 15:3 15:8 | |
| **harms**(2) 34:13 34:16 | |
| **harrisburg**(1) 1:43 | |
| **has**(56) 6:22 7:24 16:15 22:9 23:4 23:7 23:11 23:11 23:19 26:5 32:6 32:1 33:2 33:10 34:9 35:6 35:17 36:13 40:25 42:1 42:22 43:1 43:22 44:5 44:17 44:22 45:13 45:16 47:23 48:13 48:18 49:11 50:1 50:3 53:9 56:14 59:14 69:4 71:17 72:4 72:20 77:7 78:13 79:20 79:23 87:6 87:15 87:16 90:21 93:9 93:22 96:20 98:4 98:18 99:3 100:6 | |
| **hasn't**(4) 15:22 71:16 90:7 95:20 | |
| **hate**(1) 98:21 | |
| **hauer**(2) 36:25 97:11 | |
| | |
| **have**(201) 6:16 6:23 7:3 8:2 9:3 12:19 13:16 14:2 14:13 14:15 15:12 18:10 18:14 20:8 20:20 21:9 22:16 23:17 24:6 24:7 24:21 25:11 25:12 27:5 27:8 27:8 27:9 27:10 27:10 28:14 28:23 29:2 29:2 29:22 30:16 31:14 31:22 32:4 32:7 32:9 33:1 33:2 33:6 33:12 33:21 34:1 34:14 34:15 34:15 34:19 35:7 35:9 35:25 36:3 36:4 36:11 36:22 38:24 39:13 39:22 40:9 40:9 40:12 40:14 42:19 42:20 43:1 43:14 44:9 44:14 45:1 46:12 46:18 46:20 46:25 46:25 47:4 47:12 48:11 48:12 48:22 49:14 49:12 49:22 50:20 50:24 51:6 53:14 54:21 55:18 55:24 55:25 56:8 56:12 56:16 59:3 59:16 59:17 60:4 60:6 60:22 61:18 61:19 64:3 64:8 64:23 65:2 66:4 66:9 66:16 67:3 68:1 68:9 68:16 68:23 69:7 69:18 69:25 70:19 70:21 70:24 71:1 71:10 71:15 71:15 71:18 72:2 72:6 72:11 72:23 73:13 73:22 73:24 74:5 74:21 75:24 76:5 76:14 76:21 76:22 76:23 79:20 79:21 80:11 80:13 80:19 81:15 81:19 81:22 82:19 83:24 84:16 85:8 86:23 87:2 87:9 87:19 87:22 88:3 88:22 88:22 89:4 89:23 90:8 91:3 92:1 92:2 92:5 92:20 92:21 92:24 92:25 92:25 93:6 93:10 93:18 93:22 94:15 94:15 94:16 94:18 94:19 94:23 95:3 95:13 95:17 97:18 98:10 98:12 98:14 99:6 99:14 99:25 100:5 100:9 101:1 102:24 102:25 | |
| **haven't**(11) 24:5 40:13 45:22 50:18 50:19 56:12 63:24 71:12 82:20 88:21 94:9 | |
| **having**(9) 53:20 66:2 73:16 83:23 86:21 87:23 94:12 97:3 99:4 | |
| **he'll**(1) 44:17 | |
| **he's**(20) 14:11 21:10 22:6 23:19 23:25 25:16 25:21 26:1 32:13 33:12 34:22 35:17 36:8 46:10 47:4 48:18 48:24 49:9 53:22 56:22 | |
| **head**(2) 87:23 90:14 | |
| **hear**(5) 60:25 62:4 69:5 83:13 96:6 | |
| **heard**(22) 9:4 23:14 24:17 40:18 41:8 63:18 68:24 69:5 69:8 69:23 70:3 72:4 72:7 72:20 72:25 78:24 81:20 82:8 91:4 93:19 93:22 98:14 | |
| **hearing**(22) 6:8 6:11 8:25 9:8 58:18 59:9 59:21 60:7 71:18 72:7 73:22 88:1 88:4 91:23 91:23 91:24 91:24 95:10 96:3 96:2 103:2 103:13 | |
| **hearings**(10) 74:1 84:19 84:19 85:4 93:25 100:2 100:5 100:9 101:2 101:18 | |
| **heck**(1) 16:6 | |
| **held**(5) 12:5 15:7 15:16 21:10 80:7 | |
| **help**(6) 42:6 57:12 57:15 97:8 100:15 | |
| **helpful**(6) 11:1 22:25 51:14 99:13 101:11 102:2 | |
| **her**(3) 10:20 20:18 41:8 | |
| **here**(55) 6:16 13:21 14:1 14:20 16:13 16:20 20:1 25:24 27:9 28:1 32:7 32:22 33:12 33:17 33:20 33:24 38:7 39:22 43:7 43:17 49:3 53:14 54:3 54:14 54:22 55:16 58:3 58:14 61:23 65:25 66:2 67:6 68:6 78:3 81:10 81:16 82:14 84:18 85:3 86:1 87:17 87:23 90:19 91:1 95:6 95:20 98:4 98:17 98:25 99:5 100:14 100:15 100:11 101:18 102:23 | |
| **here's**(11) 15:3 15:8 29:24 29:25 29:25 59:15 84:3 85:6 92:15 94:23 95:15 | |
| **herein**(1) 65:14 | |
| **hey**(9) 29:6 43:5 44:11 69:11 84:5 87:10 87:24 88:17 92:15 | |
| | |
| **hidden**(2) 74:10 77:7 | |
| **highly**(1) 40:14 | |
| **him**(6) 22:4 27:21 29:3 55:9 57:8 89:25 | |
| **himself**(1) 96:21 | |
| **hindsight**(1) 45:5 | |
| **hinges**(1) 31:18 | |
| **hired**(1) 11:21 | |
| **his**(34) 11:24 12:1 12:11 12:12 12:19 14:11 14:14 14:23 18:17 22:7 23:7 23:12 24:18 26:7 26:21 27:11 28:10 28:17 31:8 32:13 33:13 35:9 37:10 37:11 39:9 43:9 45:9 45:12 45:17 46:24 49:9 49:15 53:3 54:23 | |
| **hoc**(1) 3:33 | |
| **hold**(3) 30:21 43:15 46:24 | |
| **holder**(15) 12:5 13:8 13:12 24:23 27:4 27:12 27:19 29:10 31:25 32:8 33:24 35:17 78:14 78:21 98:3 | |
| **holders**(2) 95:1 95:3 | |
| **holding**(2) 15:25 16:1 | |
| **holdup**(1) 22:10 | |
| **holistic**(1) 36:1 | |
| **holistically**(2) 25:3 46:22 | |
| **hondo**(2) 4:38 4:39 | |
| **honestly**(2) 86:20 88:10 | |
| **honor**(110) 6:4 6:7 7:6 7:8 8:2 8:13 8:20 9:20 10:5 10:9 10:16 10:19 10:20 11:1 11:10 11:19 12:15 13:9 13:22 15:9 15:19 17:9 17:11 17:24 18:9 18:19 18:19 19:12 19:19 20:3 20:25 22:20 22:22 25:24 31:20 32:1 33:7 36:24 37:8 37:20 38:16 38:17 40:21 42:2 42:11 43:2 46:5 46:10 47:5 47:7 48:8 49:13 51:15 51:17 51:19 52:10 53:25 55:13 56:10 57:2 57:6 57:16 57:20 57:23 58:5 58:9 58:17 59:11 60:10 60:13 61:2 61:3 61:24 62:17 63:1 64:7 70:3 71:17 77:19 77:21 78:2 80:3 80:7 80:22 82:7 82:11 82:24 84:1 84:5 87:6 89:2 89:10 90:21 90:25 91:20 94:10 94:21 96: 96:20 97:10 97:19 99:23 100:20 100:23 101:4 101:25 102:10 102:21 103:3 103:7 | |
| **honor's**(3) 21:5 51:21 98:14 | |
| **honorable**(1) 1:19 | |
| **hook**(2) 33:11 34:9 | |
| **hooking**(1) 76:14 | |
| **hope**(3) 62:7 89:11 101:20 | |
| **hopeful**(1) 62:7 | |
| **house**(1) 77:22 | |
| **how**(29) 11:2 12:10 14:2 24:11 25:7 35:19 39:16 39:25 45:5 48:1 49:21 52:1 66:19 69:25 70:14 75:23 76:17 84:15 84:22 84:25 86:23 86:23 87:2 88:9 90:17 90:17 94:2 97:23 100:11 | |
| **however**(1) 64:19 | |
| **human**(3) 12:12 12:13 61:13 | |
| **huron**(2) 4:10 4:11 | |
| **i'd**(5) 66:20 79:6 92:8 92:9 92:16 | |
| **i'll**(16) 9:22 9:24 10:8 11:3 11:22 21:4 24:20 26:14 37:3 48:25 60:25 67:9 78:5 81:2 96:6 103:4 | |
| **i'm**(40) 8:9 8:17 9:8 9:12 10:7 14:24 17:21 30:20 34:17 38:25 39:15 39:21 44:7 44:25 45:1 50:20 50:22 50:23 51:12 59:11 59:15 59:20 60:4 61:5 61:20 61:23 62:7 62:21 74:25 76:9 76:12 77:18 78:6 82:2 86:19 86:20 93:20 95:7 95:8 96:2 | |
| **i've**(2) 20:15 81:9 | |
| **idea**(8) 17:14 28:1 55:17 65:7 88:22 88:22 88:23 90:14 | |
| **ideally**(1) 18:20 | |
| **identify**(1) 93:14 | |
| **iii**(1) 2:48 | |
| **imagine**(1) 87:21 | |
| **imbedded**(1) 48:4 | |
| | |
| **immediate**(1) 97:4 | |
| **impact**(1) 14:21 | |
| **implicated**(1) 97:5 | |
| **implication**(1) 14:25 | |
| **implications**(7) 77:14 82:1 87:16 87:16 95:18 95:19 99:4 | |
| **importance**(1) 66:23 | |
| **importances**(1) 74:16 | |
| **important**(1) 90:5 | |
| **impossible**(1) 48:23 | |
| **impression**(3) 10:13 37:23 89:11 | |
| **inability**(1) 53:21 | |
| **inadvertently**(1) 86:3 | |
| **inappropriate**(2) 88:25 97:15 | |
| **inc**(6) 1:8 4:16 4:16 8:23 27:1 27:2 | |
| **incepted**(1) 13:24 | |
| **incident**(1) 90:10 | |
| **inclined**(2) 46:23 59:14 | |
| **include**(9) 30:19 68:21 68:22 68:23 80:9 83:18 83:20 84:6 84:15 | |
| **included**(5) 31:4 45:17 76:21 84:6 92:9 | |
| **includes**(3) 23:9 46:18 47:20 | |
| **including**(3) 15:20 71:14 74:8 | |
| **inclusion**(4) 82:2 98:22 99:12 99:20 | |
| **indemnification**(1) 63:9 | |
| **indicate**(3) 12:18 30:21 40:19 | |
| **indicated**(2) 15:10 24:25 | |
| **individual**(1) 95:14 | |
| **individuals**(1) 43:12 | |
| **informal**(3) 7:12 71:15 84:25 | |
| **informally**(2) 61:17 94:21 | |
| **information**(6) 19:10 19:24 66:20 70:1 71:2 74:7 | |
| **informed**(1) 10:20 | |
| **ingersoll**(1) 2:19 | |
| **inherent**(1) 73:23 | |
| **inherently**(1) 70:6 | |
| **initiates**(1) 80:20 | |
| **innocuous**(1) 101:17 | |
| **inserted**(1) 99:5 | |
| **instance**(2) 94:22 94:23 | |
| **instead**(4) 43:15 48:10 80:12 80:16 | |
| **insurance**(2) 19:7 19:7 | |
| **insuring**(1) 27:22 | |
| **intend**(2) 74:6 76:24 | |
| **intended**(1) 86:12 | |
| **intention**(3) 13:18 76:22 100:23 | |
| **intents**(2) 15:20 17:16 | |
| **interact**(1) 75:23 | |
| **intercompanies**(1) 79:1 | |
| **intercompany**(13) 63:8 65:23 66:5 66:6 66:8 67:8 67:15 68:9 73:5 76:13 82:15 94:4 94:8 | |
| **intercompany-wis**(1) 17:23 | |
| **interconnectedness**(1) 81:10 | |
| **interest**(67) 9:9 18:10 22:9 24:22 26:5 26:6 26:6 32:6 32:7 32:9 34:9 34:10 36:12 42:1 44:1 47:18 49:22 50:20 50:24 51:7 55:25 56:15 65:21 73:4 73:7 73:21 74:23 75:2 75:6 75:10 75:11 75:17 75:19 76:11 78:10 78:13 78:23 79:4 80:2 80:14 80:15 80:22 80:23 80:24 81:3 81:16 86:22 87:5 88:18 90:11 90:13 90:13 90:18 91:3 91:10 91:12 93:22 94:19 95:4 96:17 97:23 98:3 98:8 99:12 101:14 102:4 | |
| **interested**(1) 69:1 | |
| **interesting**(1) 38:18 | |
| **interests**(4) 26:9 45:11 69:14 95:1 | |
| **internal**(1) 19:3 | |
| **interrogatories**(1) 60:15 | |
| **into**(22) 12:7 12:10 18:21 20:15 21:4 28:10 35:2 36:17 44:1 48:2 55:1 58:17 68:11 71:6 74:14 74:18 85:8 85:12 86:9 86:10 93:8 93:24 | |

| Word | Page:Line |
|------|-----------|

**invalid**(1) 44:8
**invited**(2) 41:7 101:10
**invoke**(1) 94:10
**involve**(1) 100:22
**involved**(7) 17:18 38:21 38:22 81:5 88:19 89:1 89:25

**involves**(2) 41:1 52:7
**irish**(1) 8:3
**irrelevant**(1) 83:3
**isn't**(12) 16:4 28:17 31:20 49:20 53:25 54:9 71:23 71:25 74:10 84:13 99:9 100:12

**issue**(32) 10:13 13:20 16:23 17:11 19:11 19:12 19:15 19:16 21:11 21:17 25:20 28:20 39:11 48:13 49:17 49:19 60:1 60:2 60:23 62:11 71:16 74:11 77:11 78:3 78:24 79:7 79:20 90:19 94:23 101:8 102:23
**issued**(1) 43:22
**issues**(22) 13:20 17:19 18:9 20:4 33:8 34:5 34:6 34:12 35:4 38:18 38:21 41:1 41:2 46:16 60:6 65:22 71:2 73:5 75:17 75:23 97:1 97:6

**it's**(157) 6:17 7:6 9:9 11:1 13:10 13:10 15:6 15:6 15:15 15:19 15:25 16:1 16:1 16:22 17:15 17:17 17:18 17:20 17:25 18:4 18:4 18:11 18:13 19:14 19:15 19:21 19:21 20:6 20:7 20:10 20:18 20:25 21:1 21:6 21:18 21:24 21:25 22:1 22:2 22:5 22:22 22:25 23:8 23:14 24:25 25:1 25:7 25:21 26:5 26:15 26:20 27:11 27:25 28:1 28:20 30:16 30:23 32:4 32:14 32:15 36:17 36:18 36:19 37:16 38:18 38:20 38:21 39:6 39:19 40:10 40:12 40:23 41:18 41:23 41:24 42:10 42:10 42:25 43:5 43:10 43:16 43:22 43:25 44:8 46:11 46:11 46:15 47:7 48:21 48:23 48:25 50:22 51:13 51:14 52:1 52:5 52:12 52:13 52:18 52:22 53:8 53:14 54:2 54:9 54:10 54:11 55:2 55:5 55:14 56:20 57:4 57:6 57:15 58:6 58:23 63:19 64:2 64:25 65:5 68:19 70:7 70:9 70:14 70:19 71:13 73:6 74:2 76:24 77:11 77:24 78:7 78:21 80:18 80:22 83:18 84:14 86:7 87:8 87:11 88:2 89:19 90:15 90:13 93:21 94:25 95:22 95:23 96:9 97:15 98:13 98:25 99:23 100:13 102:3

**item**(5) 6:22 6:22 8:21 9:15 63:4
**its**(5) 10:21 11:20 16:24 19:15 33:3
**itself**(5) 36:21 59:13 63:23 64:2 67:10
**it's**(2) 9:19 82:18
**i'm**(1) 20:2
**i've**(1) 28:2
**jackson**(1) 4:47
**jaime**(1) 96:10
**james**(3) 2:47 3:25 4:12
**january**(1) 68:17
**jared**(1) 4:25
**jason**(1) 4:48
**jefferies**(1) 3:11
**jennifer**(2) 2:12 77:22
**joanne**(1) 3:50
**job**(1) 99:9
**john**(2) 4:29 4:30
**join**(1) 84:3
**jointly**(1) 1:6
**jokingly**(1) 8:19
**jones**(1) 3:5
**judge**(3) 1:20 34:15 100:15
**judicial**(4) 33:23 34:4 56:1 92:2
**june**(2) 68:18 69:9
**jurisdictions**(2) 45:2 72:13

**just**(88) 6:7 8:2 8:3 8:4 8:17 8:24 10:10 14:10 15:15 16:5 17:4 17:4 20:4 23:3 24:13 24:24 25:9 26:8 26:22 27:19 30:9 35:23 35:24 36:3 42:11 43:25 45:1 45:9 46:25 47:13 54:19 54:19 55:2 55:4 56:2 56:20 56:25 56:25 57:12 58:3 61:7 61:17 63:18 64:2 64:2 66:6 66:21 66:22 68:5 69:8 69:23 74:21 75:21 76:7 77:2 77:10 77:11 80:25 82:3 83:14 83:17 84:1 84:5 85:6 85:8 86:6 86:7 87:11 91:22 93:15 94:5 94:18 95:12 96:14 97:3 97:19 97:23 99:20 99:24 100:10 102:15 102:22

**justice**(18) 6:15 15:9 16:18 17:10 18:5 18:14 21:21 22:6 29:24 37:24 38:4 42:3 50:1 50:3 51:2 55:8 89:24 94:22

**justification**(1) 59:23
**kahn**(1) 2:27
**kathleen**(1) 3:6
**kathy**(1) 4:35
**keep**(5) 45:10 46:15 55:15 56:7 94:20
**keeps**(2) 55:17 57:21
**keightley**(1) 3:19
**ken**(1) 2:5
**kevin**(2) 1:19 3:12
**kind**(3) 20:15 83:3 85:22
**king**(4) 2:36 2:43 4:42 4:42
**knew**(1) 67:20
**know**(127) 8:11 8:18 14:7 14:19 17:6 17:23 17:24 19:10 20:1 21:2 21:25 23:21 23:22 23:8 32:13 34:25 36:9 38:5 38:19 39:16 40:11 41:12 41:14 41:16 41:22 42:12 43:11 43:25 44:17 45:22 48:25 49:10 50:14 50:24 51:13 52:14 52:25 53:1 54:6 54:7 54:7 56:15 56:22 57:5 59:24 60:3 60:16 61:21 61:21 62:7 65:25 68:8 71:12 71:17 71:19 71:22 72:14 73:20 73:22 74:1 74:11 74:23 75:1 75:22 75:23 76:7 76:9 78:4 79:8 79:14 79:17 79:18 79:22 80:13 80:14 81:17 81:17 81:18 81:17 83:14 84:2 84:6 84:8 84:25 85:17 85:24 87:10 87:11 87:17 87:21 87:24 87:25 88:7 88:8 88:17 89:2 89:10 90:5 92:4 92:7 92:7 92:12 92:13 92:13 92:17 92:18 93:10 93:10 93:12 93:15 94:3 94:10 96:6 97:22 98:7 98:13 98:21 100:16 100:22 100:25 101:4 101:4

**knowing**(3) 25:7 31:21 77:6
**knowledge**(2) 33:1 92:8
**known**(2) 63:16 75:25
**knows**(2) 52:6 79:3
**kunz**(70) 2:48 9:18 9:23 10:4 10:5 10:12 10:16 10:18 11:10 11:12 11:17 11:19 13:2 17:24 18:13 18:19 20:12 20:18 20:23 21:14 21:16 21:19 21:22 21:24 22:15 22:19 22:20 37:22 38:2 38:7 38:10 39:19 40:20 40:23 40:25 41:22 42:5 42:6 51:16 51:17 51:19 52:4 54:18 57:25 58:5 58:9 58:14 58:16 58:20 58:22 59:11 59:18 60:10 60:13 60:21 60:24 61:2 61:21 61:22 62:3 62:5 62:7 62:10 62:13 62:16 62:17 62:21 62:24

**lack**(1) 32:21
**language**(47) 65:10 65:13 65:16 66:4 66:7 66:14 66:24 66:24 66:25 72:20 72:22 73:2 73:16 74:13 74:15 74:17 74:22 74:25 76:15 77:2 77:4 77:5 77:12 77:13 82:5 82:20 86:6 86:23 87:3 88:8 90:7 90:20 93:24 94:6 94:11 95:12 95:15 95:17 97:14 98:23 98:24 99:5 99:13 100:8 101:17 101:17

**lardner**(1) 3:49
**large**(1) 98:23

**last**(8) 7:7 15:9 38:18 63:4 64:8 65:9 92:9 92:10

**lastly**(1) 98:5
**late**(1) 7:7
**later**(6) 23:23 24:10 31:13 60:3 66:12 68:24 69:16 74:3 84:20 77:23 79:13 79:16 89:16 96:4 102:8

**laughter**(14) 9:21 10:2 11:8 11:14 37:7 58:19 64:18 64:20 77:23 79:13 79:16 89:16 96:4 102:8

**law**(12) 29:10 30:1 32:3 33:3 33:5 34:6 47:16 50:9 51:3 97:24 98:2 98:4

**laws**(1) 29:16
**layton**(1) 2:33
**least**(3) 19:11 31:17 88:16
**leave**(1) 98:6
**leaving**(1) 86:3
**lee**(1) 3:50
**legal**(1) 71:6
**legitimate**(1) 78:5
**lemisch**(1) 4:7
**less**(1) 81:20
**let**(8) 10:10 20:24 23:3 47:8 48:25 54:13 96:5 96:6

**let's**(14) 22:16 25:3 47:7 57:11 68:13 71:18 76:21 83:14 83:17 85:8 85:10 85:1 85:12 94:24

**letter**(4) 13:2 34:24 35:5 50:19
**letters**(1) 92:1
**levine**(1) 2:40
**lewis**(1) 4:47
**liability**(1) 33:10
**liberty**(1) 1:35
**life**(22) 12:5 12:7 13:4 13:7 13:11 14:17 14:19 19:7 19:7 25:18 25:23 27:2 27:3 27:18 27:19 29:9 29:12 29:15 39:13 42:15 54:5 87:1

**lifespan**(2) 27:7 27:12
**lift**(2) 26:2 37:17
**like**(28) 33:7 37:13 41:15 45:19 45:24 47:5 49:3 52:5 55:2 57:3 57:9 59:12 60:16 66:20 67:22 69:9 73:23 79:2 79:6 82:7 84:6 85:25 88:12 89:14 92:7 92:16 96:23 100:11

**likely**(1) 60:11
**limbo**(1) 34:17
**limit**(3) 87:5 87:19 90:21
**limited**(19) 4:20 10:23 12:25 13:3 16:25 17:7 20:4 35:6 36:17 58:22 59:10 59:15 60:8 60:15 60:15 60:18 61:15 66:8 89:2

**line**(3) 61:13 61:13 61:19
**lines**(1) 102:16
**linklaters**(2) 4:24 4:24
**lipner**(1) 1:34
**liquidate**(2) 22:4 55:7
**liquidated**(2) 12:20 55:2
**lisa**(1) 33 63:1 99:22
**list**(7) 29:24 29:25 32:19 75:21 78:13 89:3 91:21

**listed**(6) 12:5 12:23 13:8 13:11 15:10
**listen**(1) 34:23
**litigate**(6) 31:24 43:7 43:17 43:18 48:24 95:2

**litigated**(1) 33:3
**litigating**(1) 57:5
**litigation**(7) 31:4 33:3 33:15 49:13 49:22 56:1 56:19

**litigations**(1) 34:2
**little**(10) 10:24 24:20 51:13 55:15 55:16 82:6 85:22 91:1 96:15 102:15

**live**(6) 74:15 76:9 77:11 77:11 88:11 88:12
**lives**(1) 74:15
**living**(1) 79:18
**llc**(3) 4:11 4:11 4:42
**llp**(10) 2:4 2:47 3:19 3:29 3:37 3:45 3:49 4:6 4:24 5:6

**local**(1) 69:2
**long**(3) 61:13 79:7 101:13
**longer**(5) 8:10 8:11 33:11 51:13 88:8
**look**(12) 19:10 28:15 32:17 35:19 36:11 41:15 47:6 74:13 76:8 79:1 85:19 91:8

**looked**(1) 32:18
**looking**(9) 32:20 33:4 33:13 34:22 38:12 59:5 60:16 85:24 94:5

**loop**(1) 94:20
**lost**(1) 34:17
**lot**(8) 8:2 23:1 36:4 61:19 67:20 68:9 71:2 73:14

**lots**(1) 90:8
**louis**(1) 1:34
**love**(4) 6:15 45:22 92:8 92:9
**ltd**(1) 4:20
**luck**(1) 62:25
**lukenda**(1) 4:12
**lump**(2) 23:8 46:17
**luton**(10) 96:6 96:7 96:8 96:10 96:10 96:13 97:8 102:23 103:3 103:6

**m5j**(1) 2:16
**mace**(1) 1:39
**made**(15) 14:17 16:17 18:21 19:4 38:13 39:8 39:25 47:4 48:12 50:1 50:3 50:18 57:11 67:11 85:5

**magic**(3) 72:22 75:9 75:13
**maintain**(1) 99:10
**majority-owned**(1) 64:25
**make**(31) 10:6 15:4 16:8 16:15 16:16 18:3 19:24 19:25 24:10 26:10 34:3 37:24 43:13 44:24 48:16 48:19 48:22 49:3 49:4 49:10 50:21 53:17 56:23 61:17 74:22 78:10 80:9 87:12 87:20 96:20 100:24

**makes**(8) 7:1 22:5 38:18 38:24 80:1 87:14 90:5 90:20

**making**(2) 28:11 28:13
**makowski**(1) 3:6
**mann**(1) 3:12
**manner**(6) 35:10 36:5 47:3 61:18 86:1
**many**(4) 25:12 26:14 34:18 37:12
**mark**(1) 4:26
**market**(7) 1:11 1:27 2:21 3:7 3:13 21:4 21:5

**matter**(12) 6:25 10:25 16:7 62:18 78:6 80:18 80:22 83:9 89:22 90:23 91:4 103:18
**matters**(1) 71:15
**matthew**(1) 3:38
**mauro**(1) 4:17
**may**(27) 7:4 8:15 8:17 9:11 9:12 10:11 16:25 22:9 27:7 42:7 48:6 51:24 53:23 53:23 54:3 60:13 62:18 62:20 68:6 75:11 76:2 78:24 82:1 90:13 100:13 102:6 102:6

**maybe**(18) 17:1 17:2 20:6 21:4 23:2 26:9 26:9 29:16 30:9 33:22 34:22 41:5 44:23 45:6 45:7 48:5 53:17 80:18

**mayer**(1) 5:6
**mccloy**(1) 3:33
**mcglothlin**(1) 4:21

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**mean**(24) 35:11 38:11 48:16 50:13 51:22 55:1 59:17 60:17 61:25 75:6 75:12 79:24 79:25 81:18 82:14 84:20 84:21 84:22 86:19 86:21 86:24 87:5 88:2 97:23

**means**(3) 27:16 61:25 75:5
**meantime**(2) 39:3 39:4
**meanwhile**(1) 31:8
**mechanics**(1) 71:3
**mediation**(4) 75:15 75:16 100:20 100:21
**member**(1) 79:9
**mentioned**(1) 51:19
**mercer**(1) 3:45
**mere**(1) 30:16
**merits**(20) 26:15 35:3 35:15 36:17 45:7 47:6 50:16 56:7 56:9 56:10 56:21 57:6 57:10 57:12 57:12 57:22 58:23 58:25 71:20 95:2
**met**(1) 31:22
**methodology**(1) 52:23
**mgmt**(1) 4:42
**michael**(1) 5:12
**mid-october**(1) 60:7
**might**(29) 16:24 17:7 17:22 20:13 21:11 23:17 23:18 24:10 25:6 35:9 49:12 49:21 51:2 51:25 56:23 62:18 64:19 66:12 67:2 73:8 73:9 77:13 83:24 86:11 87:20 89:14 92:18 97:25 98:1

**milbank**(1) 3:33
**million**(2) 44:3 52:14
**milner**(2) 5:10 5:11
**mind**(3) 6:23 75:21 100:12
**minute**(1) 66:21
**minutes**(3) 18:23 19:1 80:17
**minutia**(1) 81:6
**mirror**(1) 46:6
**mirrors**(1) 47:13
**misdirection**(1) 47:13
**missed**(1) 8:18
**misunderstanding**(1) 86:18
**mitchell**(1) 4:43
**modifications**(1) 7:4
**moment**(3) 57:25 62:22 74:7
**mona**(1) 2:20
**monday**(2) 8:24 84:2
**monetize**(5) 37:11 37:13 39:20 41:9 41:10
**monetized**(2) 52:24 52:25
**money**(23) 32:16 33:17 35:17 35:22 38:14 39:3 39:9 39:17 43:10 43:13 43:14 46:24 46:24 49:7 51:7 53:2 54:2 54:7 54:25 54:25 55:3 55:9 95:8
**monitor**(15) 2:5 24:8 65:20 68:22 73:3 83:11 83:12 87:14 89:24 93:8 96:17 96:25 98:7 99:2 99:22
**monitors**(2) 72:6 83:8
**month**(6) 38:14 39:17 54:8 55:3 55:4
**monthly**(1) 54:7
**months**(1) 40:8
**morawetz**(16) 6:15 15:9 16:18 17:10 18:5 18:15 22:6 29:24 37:24 42:3 50:1 50:3 51:2 55:8 89:24 94:22
**morawetz's**(2) 21:21 38:4
**more**(19) 8:11 10:25 23:19 23:20 24:21 44:19 46:12 60:8 60:11 61:7 62:18 67:25 77:4 81:20 81:25 82:3 88:9 89:22 92:17
**moring**(2) 3:37 3:37
**morning**(17) 6:2 6:3 6:4 7:10 10:4 10:4 10:5 22:21 22:22 36:24 37:2 63:1 77:17 77:19 96:8 96:9 97:10
**morris**(3) 1:24 2:47 6:5
**most**(3) 6:19 47:11 91:9

**motion**(62) 8:21 9:1 9:5 9:20 10:21 11:3 12:17 15:14 16:10 17:12 24:14 24:18 26:7 26:15 28:6 28:7 30:20 30:20 31:18 32:13 35:14 36:19 36:20 47:4 47:5 47:7 47:7 47:8 48:6 48:7 48:10 48:16 48:19 48:22 49:3 49:3 49:10 49:14 50:18 51:25 55:23 56:9 57:3 57:14 57:15 57:22 58:11 59:13 59:22 63:5 63:12 63:19 63:23 64:2 65:1 65:6 66:6 82:24 94:13 94:13 102:24
**motions**(5) 36:8 70:21 70:24 75:10 92:2
**movant**(2) 9:17 32:3
**movants**(1) 31:22
**move**(1) 94:16
**moved**(1) 32:20
**moves**(1) 61:11
**moving**(3) 83:3 83:19 85:22
**much**(10) 6:14 7:6 9:14 10:14 39:16 63:16 80:18 88:14 89:2 102:10
**myself**(1) 10:9
**name**(4) 11:6 24:22 28:21 36:13
**name's**(1) 40:8
**named**(1) 11:12
**narrow**(2) 77:2 77:11
**narrower**(1) 78:25
**national**(1) 35:7
**natural**(1) 74:23
**nature**(2) 43:8 44:2
**necessarily**(16) 34:1 34:2 35:11 36:9 49:5 49:6 49:9 66:8 73:11 77:10 83:19 84:24 92:3 96:25 99:9 101:7
**necessary**(5) 32:5 36:19 88:16 95:23 99:19
**necessity**(1) 66:24
**need**(28) 19:22 20:4 25:5 28:6 34:21 36:11 36:14 42:13 57:4 58:7 61:10 66:3 68:10 74:17 77:3 78:23 81:2 81:5 81:24 84:9 87:10 88:18 88:19 90:5 92:12 94:10 102:3 103:1
**needed**(1) 59:19
**needs**(3) 19:12 62:13 87:1
**negative**(1) 99:4
**negotiate**(2) 68:11 93:9
**neil**(1) 3:30
**neither**(1) 46:3
**netting**(1) 67:15
**networks**(4) 1:8 12:25 13:7 27:23
**never**(3) 45:6 90:9 91:16
**new**(7) 1:36 2:8 2:30 4:47 8:3 8:18 81:23
**next**(6) 33:9 45:9 57:17 57:19 76:7 103:5
**nice**(2) 6:14 43:10
**nichols**(1) 1:24 6:5
**night**(1) 7:7
**nni**(13) 26:21 27:1 27:3 27:4 27:12 27:20 27:21 28:13 29:11 31:25 33:20 78:19 95:
**nni/sun**(1) 42:15
**nnl**(3) 29:11 78:16 80:23
**non**(1) 75:20
**non-controversial**(6) 78:4 85:2 93:21 94:25 95:22 95:24
**non-exhaustive**(1) 78:13
**none**(3) 57:2 57:19 71:10
**nonsense**(1) 53:10
**nortel**(29) 1:8 11:20 11:22 11:23 12:4 12:6 12:8 12:25 13:7 13:11 13:14 13:25 14:1 14:17 14:23 14:24 15:11 15:22 15:2 16:2 16:4 16:7 27:1 27:2 27:2 34:24 40:19 40:23 41:14
**north**(3) 1:27 2:36 2:43
**northern**(2) 13:3 35:6
**norton**(2) 2:11 77:22

**not**(180) 6:15 9:20 10:7 10:14 10:21 14:16 14:22 14:24 15:19 16:2 16:8 16:18 17:21 19:16 19:19 20:18 21:5 21:9 21:25 23:8 23:12 24:9 24:25 25:6 25:9 25:10 25:13 25:15 25:16 25:20 25:21 25:21 25:24 26:11 26:15 26:16 26:20 27:25 28:5 29:10 29:17 30:16 30:23 32:7 32:22 33:8 33:11 33:19 34:12 35:14 36:2 38:1 38:7 38:15 38:15 39:10 39:10 39:19 40:7 40:16 40:16 41:15 42:25 43:16 43:17 44:4 44:7 44:13 44:25 45:11 45:13 46:4 46:23 46:23 46:24 47:4 47:12 47:13 47:20 48:7 48:21 48:23 49:15 50:14 50:20 50:23 51:8 52:13 53:16 53:23 54:2 54:13 54:24 55:2 55:4 55:5 56:8 56:20 56:21 56:22 57:3 57:4 57:6 57:19 57:22 58:23 59:13 60:1 60:16 64:5 64:15 64:21 64:24 65:1 67:3 68:1 68:5 68:6 71:13 71:17 72:16 73:12 74:10 74:25 76:2 76:9 76:12 76:16 76:17 77:6 77:13 78:6 79:7 80:15 80:18 81:5 81:20 81:21 82:18 83:18 83:19 84:14 85:21 85:24 86:7 86:12 86:20 87:23 88:11 88:22 89:8 89:9 89:20 90:11 90:12 90:13 90:17 90:18 91:3 91:15 92:8 92:18 93:7 94:6 94:20 95:7 96:24 97:2 97:23 99:4 99:6 99:17 100:5 100:6 100:24 101:11 101:13 101:14 103:1
**note**(3) 61:6 64:2 82:14
**noted**(1) 13:5
**notes**(3) 18:25 19:3 91:20
**nothing**(7) 34:7 34:8 65:14 70:24 81:25 92:13 97:18
**notice**(52) 8:23 73:22 80:6 81:7 81:19 81:24 82:2 82:3 82:7 83:4 83:21 84:18 84:19 84:20 85:4 85:14 85:15 87:5 87:7 87:7 87:11 87:17 88:1 88:8 88:14 88:23 89:5 90:21 91:4 91:9 91:19 91:22 91:25 92:17 93:4 93:7 93:7 93:25 94:2 94:7 95:10 98:13 99:1 99:13 99:21 99:25 100: 100:2 100:5 100:19 100:19 101:1
**noticed**(2) 80:11 81:9
**notices**(1) 83:22
**notify**(2) 96:19 97:2
**notion**(2) 98:5 98:16
**notwithstanding**(5) 26:1 39:11 53:18 83:17 97:25
**november**(1) 63:25
**now**(30) 8:3 12:15 13:4 21:3 21:9 25:14 27:1 31:13 34:12 35:25 36:11 40:8 40:13 41:14 47:8 48:25 60:6 74:11 76:8 78:11 78:25 79:5 79:18 80:9 80:16 81:8 81:17 90:7 90:12 93:21
**ntl**(1) 12:23
**number**(10) 22:4 23:9 42:15 46:11 47:14 54:13 67:11 67:12 67:13 84:3
**numbers**(1) 79:21
**object**(5) 7:17 51:23 51:24 53:15 72:7
**objected**(1) 75:2
**objection**(6) 8:24 8:25 12:16 53:5 82:21 96:23
**objectionable**(1) 66:14
**objections**(6) 7:16 9:1 63:24 74:1 75:7 91:20
**obligation**(10) 16:12 16:15 18:5 18:6 18:11 18:14 27:23 41:18 89:23 89:24
**obligations**(2) 86:11 100:8
**observation**(1) 97:19
**obstructionists**(1) 46:23
**obtain**(2) 18:8 31:23
**obvious**(1) 34:8
**obviously**(3) 7:16 61:4 63:17

**occur**(1) 74:2
**occurred**(1) 77:3
**off**(19) 25:14 25:20 33:25 35:23 35:24 41:14 47:14 49:1 55:16 56:25 57:1 78:4 85:9 85:11 86:3 87:23 90:14 92:15 98:1
**offer**(1) 20:13
**offered**(1) 66:3
**officer**(3) 63:9 90:4 93:11
**offices**(2) 35:8 101:8
**official**(3) 3:28 37:1
**officially**(1) 94:7
**okay**(31) 8:6 10:17 11:18 18:18 20:22 21:15 21:23 24:16 24:19 25:19 30:5 30:14 30:14 42:14 46:9 51:9 51:11 51:15 55:11 58:13 58:15 60:21 62:12 62:23 81:13 82:13 88:6 89:9 95:25 101:25 103:6
**olivia**(1) 4:17
**omission**(1) 83:11
**once**(2) 45:7 100:3
**one**(52) 1:35 2:29 2:35 9:8 11:3 12:16 13:13 13:14 21:25 21:25 23:3 23:19 23:20 25:20 25:21 26:6 31:16 32:6 32:13 33:25 34:2 41:2 42:15 42:19 43:25 44:8 46:4 46:11 46:12 47:14 51:14 52:8 53:13 56:25 62:18 67:6 67:11 68:7 72:3 70:7 78:14 79:25 81:1 85:9 85:11 85:20 85:20 97:3 97:19 98:2 99:24 101:16
**one's**(2) 70:22 74:9
**one-sided**(1) 36:17
**ones**(2) 88:21 93:17
**only**(13) 14:3 25:15 25:17 25:21 26:6 28:9 45:13 46:12 49:20 52:19 55:23 56:22 59:2
**ontario**(2) 2:16 13:4
**onto**(2) 43:15 76:17
**onus**(1) 45:4
**onuses**(1) 85:16
**open**(3) 16:20 21:17 85:8
**opening**(1) 91:22
**operating**(1) 87:13
**operations**(2) 11:21 11:22
**operative**(1) 68:18
**opinion**(2) 16:1 29:21
**opportunity**(3) 26:18 82:8 98:14
**oppose**(1) 36:22
**opposed**(1) 38:5
**opposite**(1) 50:23
**options**(1) 24:7
**order**(42) 6:18 6:22 6:23 7:3 7:7 7:19 9:3 9:13 29:2 31:23 42:2 64:7 65:11 66:25 67:9 67:10 70:13 70:17 72:11 74:18 75:15 76:15 77:4 79:2 80:1 80:19 82:4 82:19 85:22 86:6 86:6 86:7 92:23 93:24 95:11 97:15 97:16 100:21 102:14 102:15
**ordered**(3) 30:9 87:3 100:20
**orderly**(4) 67:25 56:18 61:18
**orders**(9) 6:19 66:17 70:20 74:14 74:15 74:17 82:19 85:13 90:8
**originally**(2) 11:20 26:7
**orleans**(1) 4:47
**other**(59) 8:1 12:17 14:14 16:17 17:20 18:16 21:25 23:10 33:15 33:19 33:20 33:20 34:11 37:14 45:17 46:4 46:16 46:17 47:23 48:17 48:18 49:15 49:16 49:21 50:6 52:3 52:4 52:16 52:19 53:13 54:15 56:2 56:3 56:3 59:17 61:19 64:24 65:5 66:5 68:7 68:9 69:1 70:2 71:14 74:8 76:13 81:8 81:22 81:23 84:17 86:10 87:4 88:17 90:8 90:8 94:20 95:9 96:24 97:20
**others**(2) 38:23 39:16
**otherwise**(4) 43:14 87:3 87:8 99:1
**ought**(14) 15:24 16:16 17:18 18:2 18:3 18:5 18:7 18:17 21:1 53:19 54:11 55:9 61:1 99:20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

our(50) 6:8  6:19  7:6  7:14  9:20  17:11  20:3  20:24  24:22  28:21  29:18  29:25  30:18  32:11  32:14  32:15  32:23  42:25  45:3  46:5  61:13  65:2  66:20  67:6  68:22  68:25  69:10  70:2  73:8  79:7  79:20  79:21  83:19  83:21  83:21  84:11  84:11  86:23  87:3  87:9  89:22  89:23  90:4  90:20  93:16  95:17  97:15  97:16  98:12  100:23

ours(1) 55:1

ourselves(2) 84:6  100:22

out(54) 6:23  10:8  10:24  11:3  12:22  14:19  15:21  17:3  19:13  20:5  20:24  21:3  21:8  22:3  22:3  22:17  23:23  25:21  31:5  32:4  38:23  39:20  39:22  40:1  40:1  41:10  42:6  46:13  48:18  51:25  53:5  53:11  54:12  54:25  55:5  55:5  60:25  61:13  63:17  64:20  66:15  66:22  66:23  67:5  77:21  78:8  79:4  80:21  81:2  85:20  87:10  91:1  95:16  99:14

over(16) 9:16  9:22  10:3  23:2  29:3  29:17  30:4  30:7  30:11  30:13  37:23  48:21  55:9  56:20  65:9  98:22

overlapping(4) 26:9  69:15  72:12  75:25
overlaps(1) 75:25
overlays(1) 76:17
oversight(1) 80:8
own(2) 2:4
own(2) 65:2  73:10
owns(1) 78:18
oyslon(1) 4:25
p.m(1) 103:13
pachulski(1) 3:4
page(3) 10:8  79:24  81:2
paid(11) 8:4  14:12  14:13  14:15  15:7  17:5  19:1  33:13  44:19  51:7  55:3

paper(1) 47:21
papers(5) 26:7  30:21  32:13  80:17  102:24
paragraph(1) 68:20
parikh(1) 2:20
park(1) 2:29
parsing(2) 36:18  71:2
part(8) 25:6  33:18  45:20  47:8  47:11  47:11  55:14  57:3

participants(1) 8:11
participate(2) 70:16  71:3  71:19
participated(1) 46:2
participating(1) 81:23
particular(6) 51:3  69:3  70:6  90:22  90:23  99:11

particularized(3) 71:25  92:17  95:3
particularly(1) 61:7
parties(15) 13:19  37:14  37:16  60:4  64:1  65:21  68:22  69:1  72:5  73:3  74:22  75:10  75:16  75:19  78:10  81:23  83:19  85:5  88:17  90:11  91:3  91:10  91:11  97:4  98:8  99:10  99:14  100:1  100:13  102:25  103:5

partners/trustee(1) 4:29
party(1) 25:14
party(36) 8:18  8:18  33:10  63:16  73:7  73:21  75:2  75:6  75:11  75:13  76:11  78:13  78:23  79:4  80:2  80:14  80:15  80:22  80:23  80:24  81:3  81:16  83:3  86:22  87:4  88:17  90:13  90:13  90:18  93:22  96:17  97:20  97:23  98:3  101:14  102:4

pass-through(1) 28:8
passed(1) 8:24
passing(1) 84:4
past(3) 35:20  54:5  79:19
paused(1) 76:14
pay(6) 16:15  17:16  40:9  40:10  40:12  88:1
payable(1) 51:6
paying(6) 14:10  15:24  55:5  55:5  55:18  55:20
payment(4) 15:20  38:12  39:2  51:20

payments(20) 12:2  27:5  27:6  27:17  28:23  30:9  30:12  30:17  37:25  38:1  38:4  38:13  39:8  39:13  47:23  48:10  48:11  50:2  50:5  67:11

pays(3) 18:3  27:21  53:19
peel(6) 35:23  35:24  47:14  48:4  49:1  56:25
peeling(1) 25:14
pending(4) 11:3  31:9  34:7  70:22
pennsylvania(1) 1:43
pension(1) 39:24
people(11) 25:12  25:21  48:17  56:3  60:17  61:14  61:19  77:13  81:22  87:19  89:12

people's(2) 41:13  70:15
perceive(1) 46:24
percent(3) 20:6  21:6  78:18
perhaps(1) 10:24
period(1) 8:24
periods(2) 23:15  23:16
person(6) 25:16  25:17  27:7  48:15  56:22  78:14

personal(1) 86:24
perspective(1) 20:25
peters(1) 3:45
phone(3) 6:24  8:16  79:20
pick(1) 72:14
piecemeal(1) 25:15
pieces(6) 23:3  34:22  48:5  49:2  49:2  52:12
pin(1) 17:15
place(9) 12:7  14:22  17:13  66:17  66:22  68:13  69:9  72:5  76:4

plain(3) 88:10  90:15  90:16
plan(12) 12:20  13:15  13:16  13:23  13:23  15:7  18:22  45:19  45:20  45:23  46:2  52:10

play(2) 12:11  20:24
plaza(2) 1:35  2:14
pleadings(2) 29:19  100:1
please(6) 6:3  7:5  37:22  42:14  80:8  101:19
plenty(1) 41:12
plus(1) 56:13
podium(4) 9:16  9:22  9:24  10:3
point(25) 13:16  13:25  14:1  18:11  23:3  28:14  32:5  37:16  38:16  38:18  38:19  38:25  44:11  51:24  51:25  52:1  52:21  52:22  59:1  60:13  64:1  77:21  83:5  87:9  97:15

pointed(1) 71:25
pointing(1) 36:2
points(2) 59:5  98:2
policies(1) 29:23
policy(6) 12:7  15:11  28:2  29:9  30:22  39:1
pool(1) 94:6
portions(1) 11:4
position(46) 18:19  19:19  19:20  19:23  20:3  20:6  20:19  20:19  20:24  22:2  22:12  22:13  22:15  23:14  25:14  25:16  25:17  28:19  31:20  32:15  32:23  36:22  39:8  40:3  41:23  41:24  41:25  42:25  44:7  48:13  49:15  52:18  52:20  53:1  53:7  53:12  53:20  54:11  54:12  58:25  60:12  76:5  81:18  90:11  94:12  96:16

positions(2) 19:18  96:14
possibility(2) 20:14  53:3
possibly(1) 101:16
posture(1) 49:12
potential(3) 38:5  41:1  74:24
potentially(1) 54:15
pounding(1) 41:13
power(2) 49:10  87:6
ppearances(3) 1:22  2:1  3:1
practically(1) 13:20
practice(2) 75:5  95:24
precipitated(1) 7:14
precise(2) 81:15  82:4
precisely(1) 59:24
prefer(1) 10:9

preference(1) 8:22
prejudice(2) 33:15  39:16
prejudicial(2) 38:23  40:15  40:16
preliminary(1) 10:10
premise(1) 69:10
premised(1) 26:7
prepare(1) 60:20
prepared(3) 8:11  25:4  25:10
presented(2) 70:1  71:4
pretty(3) 7:6  78:5  98:10
prevented(1) 53:22
previous(1) 97:6
previously(2) 64:6  64:7
prices(1) 41:15
pricing(1) 67:8
prima(2) 26:11  26:16
prime(1) 32:4
prior(6) 8:25  13:24  21:21  63:18  82:19
private(3) 70:7  83:25  93:11
probably(2) 12:24  37:8
problem(3) 79:6  84:7  100:24
problems(3) 81:21  101:3  101:5
procedural(1) 24:7
procedure(1) 92:25
procedures(3) 69:25  76:4  94:14
proceed(8) 10:25  16:9  22:16  58:8  59:9  59:13  60:3  60:4

proceeding(4) 58:1  58:2  58:3  100:9
proceedings(4) 1:18  1:48  68:25  103:18
proceeds(2) 10:14  50:16
process(45) 20:8  21:10  22:11  23:17  24:1  24:9  24:25  25:1  25:1  34:14  36:3  39:11  39:19  47:4  48:14  54:5  54:6  56:17  56:18  63:14  63:15  64:9  66:11  70:6  70:14  70:16  70:22  73:7  73:13  73:20  73:23  74:8  75:24  77:15  78:9  78:11  79:2  80:4  80:20  81:24  82:15  83:21  92:3  93:11  98:9

produced(1) 1:49
producing(2) 35:4  35:5
production(1) 60:16
professional(1) 8:3
professionals(3) 6:24  8:3  8:15
prohibits(1) 70:25
promised(2) 42:21  43:23
prompt(1) 49:25
proof(1) 45:17
property(3) 32:23  33:8  34:15
proposal(1) 102:15
propose(1) 39:11
proposed(1) 102:15
proposing(1) 24:14
proposition(2) 78:12  85:3
propound(1) 59:23
protected(1) 23:24
protections(1) 73:1
protocol(30) 24:15  44:18  65:15  68:12  68:13  68:17  68:19  68:19  68:20  69:12  69:14  69:16  69:16  69:19  70:18  71:1  71:7  72:2  72:3  72:8  72:19  72:19  72:24  73:1  73:15  74:4  74:23  86:10  93:13  94:20

protocols(9) 66:16  66:16  73:16  73:17  76:18  83:16  83:17  94:14  94:15

provide(3) 43:15  60:12  72:3
provided(3) 60:2  67:23  72:8
provider(1) 27:3
provides(2) 68:19  68:20
providing(1) 99:1
provision(3) 88:4  98:24  99:21
provisions(2) 81:1  91:9
public(4) 73:24  74:2  84:20  100:5
publically(2) 73:25  92:11
pull(2) 57:9  92:15
punter(2) 4:20  4:20
puppy(1) 27:10

purchase(9) 12:13  13:2  13:5  14:9  14:16  18:24  19:4  19:5  43:3

purchased(7) 13:7  13:11  14:19  39:9  47:22  54:4  54:24

purchasers(1) 41:13
purchases(1) 14:18
purchasing(1) 12:21
purely(5) 52:18  52:18  58:2
purgatory(1) 22:8
purpose(3) 28:6  28:7  76:11
purposes(18) 12:20  13:19  13:19  14:10  15:15  15:20  15:24  16:10  16:10  17:16  17:25  18:2  48:2  65:22  73:4  75:20  89:3  99:20

push(1) 63:19
pushed(1) 10:23
put(7) 12:7  17:1  13:19  47:19  77:12  86:11  93:24

puts(4) 45:4  53:1  53:19  85:15
putting(4) 82:4  84:17  85:12  85:14
quantum(2) 43:18  44:2
quantums(1) 46:19
question(23) 10:11  12:22  14:7  14:20  16:4  16:13  17:2  17:7  17:8  20:7  26:1  31:22  32:1  33:9  34:11  34:23  35:21  35:23  36:15  40:4  45:9  77:12  95:23

questions(10) 13:17  15:1  16:21  17:13  22:18  43:7  46:4  56:19  61:16  67:8

quick(1) 97:19
quicker(3) 34:8  36:10  49:6
quickly(8) 19:10  28:10  36:17  37:15  47:5  48:1  56:14  78:5

quite(15) 25:16  44:13  50:22  56:10  57:6  74:25  76:16  85:21  92:4  95:18  100:10

race(2) 43:6  43:25
raise(1) 78:24
raised(5) 13:18  53:23  68:7  91:2  97:6
raises(2) 15:1  16:13
raising(1) 32:13
rather(3) 31:6  95:11  95:14
ray(2) 4:29  4:30
raymond(1) 4:7
re-filed(1) 64:8
reach(2) 86:1  94:24
reached(1) 7:13
reaching(2) 25:1  88:9
read(3) 24:24  100:16  100:16
ready(8) 16:2  16:4  16:7  34:11  34:12  36:6  36:6  60:4

real(1) 15:8
reality(1) 81:8
really(34) 14:10  16:13  16:21  17:4  17:19  18:4  18:9  20:3  26:20  28:17  41:21  47:25  49:23  52:19  53:9  58:1  58:24  59:2  59:16  68:18  75:6  77:1  79:17  80:14  82:21  86:21  87:23  88:15  93:10  97:18  98:23  99:9  99:17  100:13

reason(12) 13:16  35:19  36:21  39:5  55:14  57:8  66:3  67:4  70:5  83:8  89:1  101:9

reasonability(1) 41:4
reasonable(5) 9:9  61:21  71:14  74:7  89:12
reasons(3) 32:6  69:18  73:8
reated(1) 49:20
recall(1) 80:3
receive(1) 12:2
received(2) 7:8  9:1
receives(1) 54:8
receiving(1) 15:13
recess(1) 103:11

| Word | Page:Line |
|------|-----------|
| **recognition**(1) 77:3 | |
| **recognize**(5) 25:6 34:18 34:18 69:14 72:23 | |
| **recognized**(3) 67:13 69:11 69:12 | |
| **recognizing**(1) 49:11 | |
| **reconciliation**(2) 67:14 67:18 | |
| **record**(3) 6:5 80:17 97:11 | |
| **recorded**(1) 1:48 | |
| **recording**(2) 1:48 103:17 | |
| **records**(1) 14:2 | |
| **reductions**(1) 7:23 | |
| **reference**(3) 13:5 88:9 99:17 | |
| **referenced**(1) 99:1 | |
| **refers**(1) 35:6 | |
| **reflected**(2) 7:19 73:4 | |
| **regarding**(4) 31:15 43:7 67:8 69:7 | |
| **regards**(1) 7:11 | |
| **register**(1) 92:14 | |
| **regulate**(1) 87:7 | |
| **relate**(2) 42:21 47:21 | |
| **related**(6) 23:10 44:16 46:18 46:19 72:16 76:3 | |
| **relating**(3) 12:2 65:23 73:5 | |
| **relatively**(1) 63:22 | |
| **release**(1) 70:25 | |
| **relevant**(5) 14:8 47:16 47:16 55:24 99:19 | |
| **relief**(33) 12:17 13:12 15:5 16:10 24:19 26:16 29:21 31:2 31:3 31:21 31:23 32:5 32:18 35:14 36:7 36:8 36:22 38:25 40:7 42:3 48:4 53:15 54:14 54:18 54:22 54:22 55:20 56:3 57:16 58:7 66:7 75:12 94:5 | |
| **remain**(1) 48:13 | |
| **remained**(1) 11:24 | |
| **remedy**(1) 29:3 | |
| **remember**(4) 27:24 48:1 67:7 79:9 | |
| **remind**(1) 79:6 | |
| **renewed**(1) 33:14 | |
| **reopening**(3) 64:13 64:15 64:22 | |
| **repeat**(1) 37:4 | |
| **reply**(1) 103:8 | |
| **represent**(1) 7:16 | |
| **representativ**(2) 24:6 24:8 | |
| **request**(15) 12:18 12:19 12:22 14:16 17:11 19:6 33:13 36:22 48:3 59:8 60:16 65:8 72:21 85:5 86:14 | |
| **requested**(3) 7:11 59:22 65:10 | |
| **requesting**(1) 58:23 | |
| **requests**(1) 61:13 | |
| **require**(2) 91:10 103:1 | |
| **required**(1) 33:20 | |
| **reserve**(5) 15:18 15:21 16:11 50:22 54:14 | |
| **reserved**(2) 7:17 50:15 | |
| **reserving**(1) 19:21 | |
| **resided**(1) 17:5 | |
| **resolution**(13) 7:13 17:8 20:8 20:14 22:11 25:2 38:16 51:21 53:3 53:4 63:20 65:17 86:7 | |
| **resolve**(21) 16:3 16:4 16:7 19:10 19:11 20:9 20:20 21:10 21:16 24:10 39:4 39:5 41:2 52:16 53:9 53:10 53:10 53:16 53:21 60:24 62:8 | |
| **resolved**(1) 42:9 | |
| **resolving**(2) 13:19 41:2 | |
| **resonated**(1) 79:18 | |
| **resources**(4) 12:12 12:13 49:8 61:14 | |
| **respect**(21) 9:5 12:15 13:22 21:24 23:13 25:17 25:23 26:4 30:1 32:15 33:7 36:15 49:15 49:16 56:24 67:1 72:9 78:11 79:1 84:10 94:8 | |
| **response**(4) 9:7 35:4 35:5 98:20 | |
| **rest**(1) 79:23 | |
| **result**(5) 33:17 36:10 49:6 49:25 93:12 | |
| **resulted**(1) 19:2 | |
| **retiree**(1) 19:23 | |
| **retirees**(1) 3:29 | |
| **retirement**(12) 11:4 11:24 12:1 12:11 14:11 14:14 23:10 45:17 45:23 52:7 54:14 69:24 | |
| **retroactive**(1) 94:5 | |
| **return**(1) 21:6 | |
| **review**(2) 11:2 103:5 | |
| **reviewed**(1) 8:9 | |
| **revision**(1) 102:16 | |
| **richards**(1) 2:33 | |
| **rid**(1) 57:1 | |
| **right**(257) 7:3 8:8 8:20 9:2 9:11 9:12 13:1 15:11 15:19 15:22 16:11 20:17 21:3 21:23 22:14 22:19 23:12 23:21 23:22 23:23 24:15 24:23 25:9 25:14 25:18 26:14 27:8 27:13 27:14 27:15 27:20 28:3 28:4 28:11 28:15 28:22 28:25 29:1 29:7 29:12 29:23 30:6 30:11 30:17 30:22 30:24 30:25 31:6 31:10 31:11 31:12 31:25 32:3 32:7 32:10 32:14 35:18 35:20 35:23 35:25 36:2 40:24 42:4 42:13 42:16 42:17 42:17 42:22 42:23 42:24 43:3 43:4 43:4 43:6 43:11 43:16 43:24 44:1 44:3 44:14 44:20 45:8 45:25 47:3 47:6 47:9 47:10 47:12 47:23 49:12 49:14 49:17 49:18 49:18 50:11 50:12 50:16 50:21 50:24 51:2 51:4 51:9 54:15 54:17 55:11 55:16 55:22 55:24 56:6 56:6 56:9 56:17 56:21 56:24 57:2 57:13 57:14 59:4 59:9 59:20 59:20 60:6 60:19 61:2 62:14 62:23 62:25 63:10 64:5 64:10 64:11 64:11 64:16 64:17 65:3 65:4 65:4 65:24 66:1 66:5 66:12 66:18 67:17 67:24 68:1 68:2 68:12 68:14 68:24 69:4 69:25 69:15 69:20 69:23 70:4 70:8 70:10 70:15 70:17 70:20 71:5 71:19 72:7 72:20 72:21 72:24 73:7 74:2 74:11 74:12 74:15 74:18 74:19 75:3 75:5 75:7 75:8 75:8 75:10 75:11 75:13 75:17 75:21 75:25 76:4 76:14 76:23 78:20 79:11 79:22 80:11 81:3 82:16 83:10 83:15 84:1 84:3 84:7 84:14 84:17 85:1 85:13 85:13 85:17 87:5 87:6 87:19 90:3 90:24 91:1 91:2 91:3 91:5 91:17 91:19 91:19 91:21 91:23 92:4 92:5 92:6 92:24 93:2 93:3 93:5 93:7 93:9 93:10 93:11 93:15 93:18 93:19 93:22 93:25 94:1 94:15 94:16 94:18 95:7 95:14 97:2 100:1 100:14 100:18 101:15 102:1 102:22 103:10 | |
| **rightfully**(1) 53:3 | |
| **rightly**(2) 81:6 81:11 | |
| **rights**(11) 7:17 19:21 50:15 50:22 50:23 69:8 70:22 70:25 71:3 71:3 72:4 93:16 | |
| **rings**(1) 40:2 | |
| **risks**(1) 36:20 | |
| **rlks**(2) 4:33 4:34 | |
| **road**(1) 87:24 | |
| **rocker**(1) 41:14 | |
| **rocket**(2) 54:9 56:20 | |
| **rodney**(1) 2:35 | |
| **role**(3) 11:24 89:23 90:4 | |
| **room**(1) 101:10 | |
| **rooney**(1) 2:19 | |
| **rose**(2) 2:11 77:22 | |
| **roughly**(1) 11:22 | |
| **row**(1) 6:16 | |
| **royal**(1) 2:14 | |
| **rub**(1) 21:14 | |
| **rule**(4) 31:20 69:4 69:4 75:10 | |
| **ruled**(2) 85:14 | |
| **ruling**(9) 15:9 21:21 38:4 50:1 50:4 51:7 96:5 99:24 102:4 | |
| **run**(1) 57:8 | |
| **ryan**(1) 4:21 | |
| **said**(51) 7:15 15:15 15:23 23:7 24:19 24:24 25:2 25:9 25:10 27:17 29:6 29:21 29:24 30:16 30:19 30:22 32:2 33:20 37:4 37:11 37:24 38:19 40:20 40:23 41:3 43:2 43:15 44:11 56:12 65:7 66:14 68:8 69:11 70:22 71:5 71:12 74:13 74:21 75:4 76:19 78:25 79:1 80:8 80:13 83:12 83:13 83:14 92:6 92:24 94:3 96:15 | |
| **sake**(3) 25:1 89:12 89:21 | |
| **sale**(1) 38:5 | |
| **same**(28) 10:8 16:16 22:8 24:1 28:8 29:17 32:12 34:11 37:12 43:13 43:16 55:6 56:8 69:1 69:4 72:12 72:13 72:14 76:1 76:1 76:2 81:18 83:22 85:7 92:5 92:20 92:21 98:16 | |
| **samis**(1) 2:34 | |
| **sarah**(1) 36:24 97:11 | |
| **satisfaction**(1) 84:12 | |
| **satisfied**(2) 8:8 9:8 | |
| **savage**(1) 75:3 | |
| **save**(1) 88:2 | |
| **savings**(8) 12:20 13:15 13:15 13:23 15:7 18:22 52:9 52:10 | |
| **saw**(1) 11:9 | |
| **say**(44) 8:19 10:6 11:3 14:1 14:25 17:15 17:17 17:18 18:6 18:9 18:11 18:15 19:12 19:14 20:10 27:9 32:19 35:22 40:9 41:8 43:10 52:21 53:7 53:14 61:12 65:25 72:3 73:21 75:3 76:8 80:20 84:14 87:10 89:2 89:6 91:4 91:18 92:12 92:15 94:23 94:25 95:8 95:9 97:25 | |
| **saying**(24) 19:20 28:14 34:4 35:6 38:7 40:1 40:6 43:5 43:25 44:25 45:1 46:15 47:13 50:20 51:24 52:15 64:7 80:12 81:5 84:5 84:8 85:3 95:15 101:13 | |
| **says**(25) 13:9 17:2 17:3 26:22 27:2 34:16 34:23 35:1 42:18 50:22 56:25 65:14 70:13 72:4 75:1 78:12 86:22 91:3 91:7 93:14 93:20 93:21 95:3 97:14 97:14 | |
| **scene**(1) 74:4 | |
| **scheduled**(2) 82:23 100:3 | |
| **scheduling**(6) 84:20 85:20 94:1 96:19 96:23 97:3 | |
| **schulte**(9) 2:28 36:24 36:25 37:3 37:6 37:8 37:20 97:10 97:11 | |
| **schultea**(1) 4:35 | |
| **schuylkill**(1) 1:42 | |
| **schweitzer**(123) 1:33 9:16 9:24 10:1 10:6 10:19 20:16 22:21 22:22 22:25 23:7 24:4 24:17 25:20 26:13 26:25 27:14 27:16 27:24 28:5 28:18 28:21 28:23 29:1 29:9 29:13 29:15 30:7 30:11 30:15 31:1 31:8 31:11 31:13 32:25 36:23 37:4 37:11 38:19 40:18 41:7 42:7 42:11 42:15 42:18 42:25 43:5 43:20 44:22 45:16 45:20 46:1 46:10 47:11 48:15 49:19 50:3 50:6 50:8 50:11 50:13 50:18 51:1 51:6 51:10 51:11 51:15 51:19 55:11 55:13 55:23 56:6 60:14 60:22 61:3 61:6 61:10 63:1 63:2 63:3 63:4 63:7 63:11 64:6 64:12 64:15 64:19 64:21 65:5 65:13 66:19 67:18 68:3 68:16 69:7 70:9 70:12 71:9 71:22 72:18 73:16 73:19 74:20 75:9 75:15 77:17 82:9 82:11 82:14 82:18 83:2 90:25 91:7 91:11 91:14 91:18 92:20 93:4 93:6 96:1 99:23 99:24 102:21 | |
| **schweitzer's**(1) 96:14 | |
| **science**(2) 54:9 56:20 | |
| **scope**(4) 59:25 60:23 61:1 87:7 | |
| **search**(1) 79:6 | |
| **seated**(1) 6:3 | |
| **second**(8) 14:9 32:8 35:21 44:5 46:15 47:19 65:18 70:5 | |
| **section**(8) 65:21 72:4 75:1 78:12 98:25 99:17 101:11 102:4 | |
| **secure**(1) 43:3 | |
| **secured**(1) 44:3 | |
| **security**(3) 78:14 78:21 98:3 | |
| **see**(23) 6:17 10:8 18:20 18:22 18:25 19:3 21:13 22:23 22:24 25:3 28:9 35:2 37:21 44:20 55:12 57:24 70:15 77:25 92:8 98:21 100:18 100:21 100:21 | |
| **seeing**(2) 6:15 17:4 | |
| **seek**(4) 31:2 31:3 40:13 100:21 | |
| **seeking**(2) 24:14 25:22 | |
| **seem**(2) 51:2 89:14 | |
| **seems**(6) 17:20 21:20 48:4 59:8 89:6 95:22 | |
| **seen**(2) 57:14 100:8 | |
| **segal**(2) 3:29 3:29 | |
| **selective**(2) 83:7 83:11 | |
| **self**(1) 78:7 | |
| **sell**(7) 21:4 21:8 22:3 28:17 38:8 55:8 56:16 | |
| **selling**(1) 28:17 | |
| **sen**(2) 4:38 4:39 | |
| **send**(3) 47:9 47:15 47:17 | |
| **sending**(2) 34:2 51:1 | |
| **senior**(1) 45:23 | |
| **sense**(6) 7:1 16:8 34:3 87:12 87:14 87:20 | |
| **sensitive**(1) 60:5 | |
| **sent**(2) 35:15 100:9 | |
| **sentence**(5) 65:18 72:22 79:25 | |
| **separate**(5) 17:20 31:6 52:8 64:9 94:14 | |
| **separately**(2) 48:24 71:5 | |
| **september**(3) 1:14 6:1 69:17 | |
| **seriousness**(2) 11:15 11:17 | |
| **serp**(4) 45:21 46:1 46:8 52:9 | |
| **serve**(2) 60:20 84:24 | |
| **served**(2) 87:7 91:16 | |
| **service**(6) 1:41 1:49 89:3 91:10 91:11 | |
| **services**(4) 1:41 4:11 4:11 14:23 | |
| **set**(8) 24:4 24:5 24:15 63:11 63:12 63:23 63:23 | |
| **sets**(1) 65:13 | |
| **setting**(3) 63:22 65:7 70:23 | |
| **settle**(4) 8:22 25:6 35:24 92:24 | |
| **settled**(1) 8:22 | |
| **settlement**(6) 9:6 67:5 67:22 84:21 91:24 100:10 | |
| **settlements**(1) 74:1 | |
| **shall**(2) 65:20 68:23 | |
| **share**(1) 70:2 | |
| **shareholder**(1) 87:14 | |
| **sharing**(2) 71:3 74:7 | |
| **shayah**(1) 2:28 | |
| **she**(6) 10:7 40:20 40:23 41:3 52:1 52:6 | |
| **shearman**(2) 3:41 3:41 | |
| **ship**(2) 11:6 11:12 | |
| **shopping**(1) 41:15 | |
| **shortened**(1) 8:23 | |
| **should**(33) 10:25 13:13 15:17 16:12 16:13 16:14 17:19 17:19 19:9 19:22 19:23 20:1 20:2 21:11 22:13 33:24 35:11 35:15 35:18 39:2 39:2 42:9 49:19 57:17 59:2 59:3 69:25 80:13 82:22 89:2 98:16 98:24 101:10 | |
| **shouldn't**(2) 8:19 97:20 | |
| **shouldn't**(1) 53:8 | |
| **show**(1) 88:17 | |
| **side**(1) 79:8 | |
| **sign**(1) 81:3 | |
| **significant**(1) 60:7 | |
| **signing**(1) 9:13 | |
| **similar**(4) 23:25 27:24 29:16 43:17 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **similarly**(2) 18:15 22:6 | | **stam**(3) 2:12 77:22 78:1 | | **suspect**(1) 15:18 | | **that**(301) 6:10 6:21 6:22 6:25 7:1 7:14 |
| **simon**(1) 3:11 | | **stand**(1) 103:11 | | **suspicion**(1) 98:21 | | 7:15 7:16 7:19 7:24 8:9 8:18 8:19 8:20 |
| **simple**(1) 57:6 | | **standard**(1) 7:7 | | **swiftly**(1) 42:2 | | 9:1 9:9 9:13 9:14 9:15 10:6 10:7 10:9 |
| **simply**(1) 11:5 19:20 40:16 47:8 48:21 | | **standing**(5) 14:1 68:24 71:18 71:18 98:17 | | **sympathize**(1) 37:10 | | 10:13 10:14 10:21 10:21 10:22 10:24 11:2 |
| 53:11 57:23 | | **stang**(1) 3:4 | | **system**(1) 87:9 | | 11:6 11:15 11:19 11:22 11:24 12:4 12:18 |
| | | **stargatt**(1) 96:11 | | **systematic**(2) 36:4 85:25 | | 12:22 12:22 12:24 13:6 13:14 13:15 13:17 |
| **since**(5) 13:23 15:13 69:9 70:18 102:23 | | **start**(10) 10:10 26:21 35:2 48:5 57:5 | | **tackling**(1) 61:10 | | 13:17 13:20 13:23 14:7 14:20 14:25 15:3 |
| **single**(4) 54:8 55:3 55:4 92:9 | | 61:10 78:11 85:13 86:9 88:22 | | **take**(24) 17:12 18:1 19:18 19:18 19:22 | | 15:9 15:10 15:13 15:15 15:18 15:19 15:22 |
| **sister**(1) 96:3 | | | | 20:5 22:2 22:25 23:4 40:3 41:23 41:24 | | 15:23 16:8 16:9 16:11 16:12 16:12 16:15 |
| **sit**(3) 16:20 53:14 81:8 | | **started**(1) 78:4 | | 41:25 47:8 52:17 53:13 54:10 54:12 54:24 | | 16:17 16:23 17:2 17:3 17:4 17:4 17:6 |
| **sitting**(6) 14:20 38:7 53:1 53:5 56:11 | | **starting**(2) 51:12 85:2 | | 54:25 66:20 78:6 90:11 91:1 | | 17:8 17:11 17:12 17:13 17:18 17:25 17:25 |
| **situated**(2) 18:15 22:6 | | **startled**(1) 86:21 | | | | 18:2 18:2 18:3 18:7 18:8 18:11 18:21 |
| **situation**(4) 37:12 53:25 98:10 99:11 | | **starts**(2) 24:9 48:1 | | **takes**(4) 6:21 8:21 9:15 23:14 | | 19:1 19:2 19:9 19:12 19:21 19:22 19:24 |
| **size**(2) 48:17 93:16 | | **statement**(6) 18:21 43:9 45:12 65:14 78:10 | | **taking**(4) 44:7 51:13 58:25 90:12 | | 20:6 20:6 20:10 20:11 20:13 20:15 20:19 |
| **slighted**(1) 74:12 | | 79:2 | | **talk**(17) 25:2 25:3 36:6 42:3 52:5 52:15 | | 20:19 20:23 21:1 21:2 21:2 21:4 21:8 |
| **slightly**(3) 6:23 24:2 98:1 | | | | 60:1 60:23 68:6 71:12 82:22 82:24 83:14 | | 21:10 21:11 21:17 21:20 22:2 22:2 22:4 |
| **slip**(1) 100:3 | | **statements**(1) 42:12 | | 85:25 92:16 102:1 102:23 | | 22:4 22:6 22:9 22:13 22:16 23:2 23:7 |
| **slippery**(1) 36:20 | | **states**(7) 1:1 1:20 7:13 20:2 34:19 37:25 | | | | 23:8 23:9 23:13 23:25 24:4 24:5 24:5 |
| **slipping**(3) 35:2 48:2 56:7 | | 42:10 | | **talked**(1) 52:1 | | 24:6 24:6 24:7 24:9 24:24 26:1 26:7 |
| **slips**(1) 36:17 | | | | **talking**(7) 16:5 45:10 48:1 57:21 57:22 | | 26:14 26:17 26:20 27:1 27:5 27:16 29:1 |
| **slope**(1) 36:20 | | **status**(1) 98:7 | | 79:25 96:22 | | 29:3 29:3 29:17 30:3 30:8 30:9 30:17 |
| **slow**(1) 34:17 | | **statute**(8) 78:22 80:25 81:15 86:23 86:25 | | | | 30:18 30:21 30:22 31:1 31:1 31:4 31:16 |
| **smoke**(1) 47:12 | | 90:15 90:16 97:14 | | **talks**(1) 28:16 | | 31:20 32:3 32:4 32:17 33:1 33:17 33:23 |
| **sockett**(1) 4:43 | | | | **tangled**(1) 46:15 | | 34:9 34:10 34:16 34:18 34:25 35:2 35:2 |
| **sole**(1) 87:14 | | **stay**(21) 12:17 15:5 16:10 24:19 26:3 | | **taylor**(1) 96:15 | | 35:8 35:9 35:13 35:16 35:18 35:20 35:25 |
| **solely**(3) 20:7 23:8 23:12 | | 26:16 31:3 31:21 31:23 32:5 32:18 35:14 | | **tear**(1) 81:2 | | 36:4 36:9 36:9 36:13 36:14 36:15 36:21 |
| **solution**(1) 79:6 | | 37:17 38:25 40:7 42:3 48:2 53:15 54:13 | | **tearing**(2) 89:13 89:14 | | 36:21 37:12 37:16 37:23 37:24 38:6 38:7 |
| **solutions**(2) 4:34 4:34 | | 57:16 58:12 | | **tee**(1) 102:5 | | 38:18 38:20 38:23 38:23 38:24 39:11 |
| **some**(59) 10:23 13:17 13:25 14:12 16:15 | | **ste**(3) 2:21 2:43 2:49 | | **telecom**(3) 13:3 27:1 35:6 | | 39:12 39:20 39:21 39:25 40:3 40:4 40:9 |
| 16:25 17:7 17:8 17:13 19:7 20:4 21:24 | | **steen**(2) 1:32 3:23 | | **telephone**(2) 96:22 101:24 | | 40:10 40:12 40:14 40:16 40:19 40:20 41:1 |
| 22:9 22:16 22:17 23:1 23:2 23:17 25:5 | | **stein**(1) 4:48 | | **telephonic**(4) 3:17 4:1 5:1 97:6 | | 41:3 41:3 41:5 41:5 41:6 41:7 41:8 41:8 |
| 29:2 33:10 33:14 34:20 34:21 34:22 41:5 | | **step**(8) 23:1 23:4 35:13 42:19 43:24 43:25 | | **tell**(7) 21:4 29:22 83:6 83:6 83:9 89:25 | | 41:15 41:18 41:19 41:23 41:24 42:1 42:9 |
| 41:6 41:24 43:23 49:12 51:25 53:22 58:20 | | 46:12 76:7 | | 95:8 | | 42:9 42:12 42:13 42:20 42:21 42:21 43:2 |
| 58:21 59:10 59:18 60:14 60:15 60:15 | | | | | | 43:13 43:13 43:14 43:22 43:23 43:24 44:7 |
| 63:16 65:8 65:16 66:21 69:25 73:2 81:10 | | **still**(10) 46:18 48:12 53:7 74:14 77:18 | | **ten**(1) 67:6 | | 44:8 44:9 44:18 44:20 44:22 45:3 45:5 |
| 88:8 91:2 92:23 92:24 92:25 97:1 98:6 | | 77:19 78:10 86:19 96:8 96:9 | | **tennessee**(2) 33:5 51:3 | | 45:17 45:22 46:2 46:3 46:18 46:24 47:11 |
| 98:9 99:6 99:12 99:16 101:9 101:17 | | | | **term**(1) 65:21 | | 47:14 47:15 47:17 47:18 47:19 47:21 |
| | | **stirling**(2) 3:41 3:41 | | **terms**(1) 59:25 | | 47:22 47:25 48:5 48:6 48:11 48:13 48:17 |
| **somebody's**(1) 17:3 | | **stock**(1) 78:18 | | **terrence**(1) 3:42 | | 48:18 48:19 48:19 48:20 48:22 48:23 49:3 |
| **someone**(5) 79:5 88:24 88:25 90:10 90:12 | | **stop**(1) 86:22 | | **terrible**(1) 80:8 | | 49:3 49:5 49:10 49:12 49:12 49:12 49:13 |
| **someone's**(1) 74:12 | | **stopping**(1) 76:23 | | **test**(2) 20:11 20:13 | | 49:14 49:16 49:19 49:21 49:22 49:25 50:1 |
| **something**(15) 21:3 40:2 45:21 45:23 48:6 | | **straightforward**(3) 15:6 53:24 63:23 | | **testify**(1) 17:3 | | 50:3 50:24 51:2 51:20 52:1 52:5 52:5 |
| 53:9 61:15 82:7 85:8 87:2 88:23 89:13 | | **strauss**(3) 36:25 97:11 | | **testimony**(1) 103:9 | | 52:6 52:12 52:18 52:20 52:21 52:22 52:24 |
| 92:16 94:23 96:23 | | **stream**(4) 38:12 39:2 39:13 39:20 | | **than**(11) 23:19 23:20 33:6 35:16 36:10 | | |
| | | **streams**(2) 27:5 27:6 | | 44:19 59:17 78:25 81:20 95:11 95:15 | | |
| **sometimes**(4) 46:2 46:4 74:3 74:3 | | **street**(7) 1:11 1:27 1:42 2:15 2:36 4:42 | | | | |
| **sonic's**(1) 32:19 | | 4:42 | | **thank**(39) 6:2 6:7 7:5 8:13 9:12 9:14 9:17 | | |
| **sonics**(2) 35:19 55:24 | | | | 22:19 22:20 37:19 37:20 42:5 42:6 51:9 | | |
| **soon**(1) 60:3 | | **strikes**(2) 54:19 54:19 | | 51:15 51:16 61:2 61:3 62:15 62:16 62:24 | | |
| **sooner**(1) 8:10 | | **struggle**(1) 53:7 | | 77:16 77:16 90:24 97:7 97:9 97:16 97:17 | | |
| **sorry**(7) 8:9 8:17 20:2 38:19 39:21 77:18 | | **struggled**(2) 99:25 100:4 | | 97:17 98:18 98:19 101:25 102:10 102:13 | | |
| 80:12 | | **stuck**(1) 22:7 | | 102:18 102:19 102:19 103:10 103:12 | | |
| | | **stuff**(1) 90:9 | | | | |
| **sort**(17) 11:2 16:3 17:14 18:8 21:16 21:25 | | **subject**(2) 49:10 92:23 | | **thanks**(1) 78:1 | | |
| 22:12 29:2 33:14 38:3 38:18 38:24 67:20 | | **submit**(2) 98:14 101:21 | | | | |
| 79:24 79:25 98:16 99:10 | | **subsidiaries**(2) 5:6 64:24 | | | | |
| | | **substance**(2) 28:11 35:3 55:21 | | | | |
| **sorts**(1) 66:17 | | **such**(5) 24:7 33:11 72:12 78:14 98:4 | | | | |
| **sound**(2) 1:48 103:17 | | **suddenly**(3) 35:11 57:7 84:18 | | | | |
| **sounded**(1) 47:5 | | **suggest**(4) 57:7 59:16 59:21 61:25 | | | | |
| **sounds**(2) 43:10 49:3 | | **suggesting**(2) 91:15 101:7 | | | | |
| **south**(1) 2:14 | | **suggestion**(1) 98:12 | | | | |
| **southall**(2) 4:20 4:20 | | **suggests**(1) 56:11 | | | | |
| **span**(1) 14:5 | | **suit**(1) 4:47 | | | | |
| **speaking**(1) 13:20 | | **suite**(1) 2:13 | | | | |
| **special**(2) 4:4 84:9 | | **sum**(2) 23:8 46:17 | | | | |
| **specialized**(1) 33:1 | | **sun**(17) 12:5 12:7 13:4 13:7 13:11 14:17 | | | | |
| **specific**(10) 59:7 61:16 72:10 75:20 76:22 | | 14:19 25:18 25:23 27:2 27:3 27:18 27:18 | | | | |
| 84:13 86:2 94:22 94:22 95:10 | | 29:9 29:12 29:15 39:12 | | | | |
| | | | | | | |
| **specifically**(2) 82:4 98:25 | | **supersedes**(1) 65:15 | | | | |
| **specifics**(1) 88:20 | | **supplement**(2) 70:19 94:13 | | | | |
| **spelled**(1) 39:22 | | **supplemental**(4) 7:10 39:24 70:20 70:21 | | | | |
| **spent**(4) 49:7 71:1 73:14 74:5 | | **support**(2) 72:7 96:14 | | | | |
| **spoke**(1) 10:19 | | **supposed**(2) 62:21 97:2 | | | | |
| **spring**(1) 64:8 | | **sure**(19) 10:7 10:12 14:16 14:24 17:21 | | | | |
| **square**(1) 2:35 | | 59:19 61:5 73:18 74:22 74:25 76:9 76:12 | | | | |
| **stage**(3) 57:17 57:19 63:18 | | 76:16 76:17 80:9 80:15 90:2 92:7 93:3 | | | | |
| **stagger**(1) 93:16 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**that**(301) 53:2 53:7 53:8 53:12 53:15 53:18 53:18 53:19 53:19 53:23 53:23 54:4 54:4 54:6 54:7 54:8 54:11 54:12 54:18 54:24 55:1 55:8 55:14 55:16 55:17 56:7 57:3 57:4 57:7 57:7 57:19 57:20 58:10 58:11 58:11 59:1 59:4 59:5 59:8 59:14 59:14 59:16 59:21 59:22 59:22 59:23 59:24 60:5 60:17 60:20 60:20 60:24 61:1 61:12 61:14 61:14 61:16 61:18 61:19 61:20 61:21 61:25 62:4 62:8 63:13 63:17 63:21 64:1 64:9 64:13 64:15 64:19 64:21 64:22 65:6 65:10 65:14 65:15 65:16 65:17 65:18 65:19 65:19 65:21 66:2 66:3 66:4 66:7 66:10 66:11 66:19 66:22 67:1 67:4 67:9 67:12 67:13 67:20 67:22 67:23 68:4 68:7 68:7 68:8 68:9 68:10 68:17 68:19 68:19 68:21 69:4 69:5 69:11 69:18 69:23 69:24 70:3 70:12 70:13 70:16 70:19 70:23 70:23 70:24 71:5 71:11 71:17 72:5 72:10 72:22 72:23 72:23 72:25 73:2 73:9 73:12 73:19 73:19 73:20 73:23 74:4 74:9 74:11 74:12 74:13 74:22 74:24 75:1 75:5 75:6 75:7 75:9 75:13 75:17 75:18 75:18 75:20 75:21 75:22 75:25 75:24 75:25 76:2 76:4 76:5 76:9 76:9 76:17 76:18 76:19 76:23 76:25 77:1 77:9 77:14 77:21 78:2 78:10 78:25 79:2 79:3 79:5 79:7 79:7 79:10 79:24 80:1 80:1 80:3 80:7 80:9 80:10 80:10 80:13 80:14 80:15 80:19 80:23 81:1 81:1 81:4 81:4 81:5 81:7 81:9 81:17 81:17 81:21 81:22 81:24 82:9 82:12 82:15 82:22 82:23 83:4 83:9 83:10 83:12 83:14 83:17 83:20 83:22 83:23 83:23 84:4 84:7 84:12 84:14 84:16 84:17 84:18 84:22 85:1 85:5 85:5 85:6 85:14 85:16 85:24 86:4 86:11 86:21 86:24 86:25 87:2 87:8 87:11 87:13 87:18 87:19 87:21 87:22 87:23 87:25 88: 88:10 88:10 88:15 88:15 88:17 88:23 88:24 88:25 89:3 89:3 89:5 89:11 89:11 89:13 89:18 89:22 89:25 90:3 90:4 90:4 90:7 90:9 90:10 90:11 90:12 90:12 90:14 90:15 90:17 90:20 90:21 90:22 90:25 91: 92:5 92:20 92:21 92:23 93:13 93:14

**that**(60) 93:22 93:23 93:24 93:24 94:18 94:19 94:23 95:1 95:8 95:12 95:16 96:17 96:24 97:1 97:1 97:3 97:6 98:3 98:9 98:15 98:16 98:23 98:24 99:3 99:5 99:11 99:12 99:13 99:18 99:19 99:25 100:1 100:2 100:3 100:8 100:10 100:13 100:13 100:14 100:21 101:2 101:4 101:6 101:8 101:8 101:9 101:14 101:17 101:18 101:20 101:21 102:5 102:7 102:11 102:25 103:4 103:6 103:11 103:16

**that's**(77) 7:1 8:4 8:4 10:18 11:4 12:24 20:3 21:14 21:24 28:18 28:20 31:25 32:20 34:18 36:21 38:2 38:10 38:11 41:20 42:19 46:21 47:25 48:7 49:5 49:6 49:8 49:23 49:24 50:10 50:12 50:21 52:10 53:12 54:25 55:10 55:22 57:2 57:3 57:17 58:14 58:22 59:20 59:20 60:8 61:22 62:17 64:17 66:15 68:2 69:10 74:19 77:7 77:9 79:25 81:25 85:9 85:21 86:25 87:18 92:1 92:1 92:2 93:3 93:5 94:6 95:16 96:1 97:23 99:2 99:17 100:3 100:9 100:20 101:11 101:15 102:21

**the**(301) 1:1 1:2 1:19 2:7 3:29 5:4 5:5 6: 6:4 6:6 6:8 6:9 6:12 6:13 6:17 6:20 6:21 6:22 6:24 6:24 7:1 7:5 7:9 7:12 7:14 7:15 7:18 7:21 7:23 7:25 8:1 8:4 8:5 8:6 8:8 8:9 8:14 8:15 8:15 8:17 8:23 8:25 9:2 9: 9:5 9:5 9:5 9:8 9:9 9:10 9:12 9:15 9:16 9:17 9:17 9:22 9:24 9:25 10:3 10:3 10:8 10:8 10:10 10:13 10:13 10:17 10:18 10:20 11:2 11:3 11:5 11:6 11:6 11:6 11:9 11:9 11:11 11:12 11:15 11:18 11:19 11:21 11:23 12:2 12:2 12:3 12:3 12:4 12:5 12:6 12:7 12:10 12:12 12:13 12:16 12:16 12:17 12:18 12:20 12:21 12:22 12:23 12:24 12:25 13:1 13:2 13:2 13:5 13:5 13:6 13:8 13:9 13:10 13:12 13:12 13:14 13:15 13:18 13:22 14:3 14:5 14:7 14:9 14:9 14:10 14:10 14:13 14:16 14:18 14:21 14:21 14:22 14:25 15:3 15:4 15:5 15:8 15:10 15:11 15:14 15:15 15:15 15:19 15:21 15:22 15:25 15:25 16:4 16:1 16:3 16:6 16:10 16:11 16:15 16:16 16:17 16:22 16:22 16:25 17:5 17:5 17:6 17:15 17:17 17:19 17:21 17:21 17:22 17:23 17:25 18:1 18:1 18:3 18:4 18:8 18:12 18:16 18:18 18:21 18:21 18:24 18:24 19:1 19:2 19:3 19:4 19:4 19:5 19:6 19:11 19:11 19:13 19:14 19:17 19:18 19:19 19:24 19:24 19:25 20:1 20:2 20:5 20:5 20:7 20:8 20:10 20:17 20:19 20:20 20:20 20:24 21:4 21:5 21:7 21:13 21:14 21:14 21:15 21:18 21:20 21:22 21:23 21:25 22:2 22:5 22:8 22:10 22:10 22:10 22:11 22:12 22:14 22:19 22:21 22:24 22:25 23:6 23:8 23:9 23:9 23:13 23:15 23:16 23:20 23:21 23:23 24:1 24:1 24:3 24:8 24:13 24:13 24:16 24:17 24:20 24:21 24:23 24:24 24:24 25:8 25:9 25:10 25:15 25:16 25:17 25:19 25:21 25:22 25:23 25:25 25:25 25:25 26:1 26:2 26:3 26:4 26:4 26:5 26:10 26:10 26:12 26:15 26:16 26:17 26:19 26:21 26:21 26:23 26:24 27:4 27:6 27:6 27:8

**the**(301) 27:8 27:12 27:13 27:15 27:19 27:20 27:20 27:20 27:22 27:23 28:1 28:4 28:6 28:7 28:8 28:9 28:11 28:11 28:12 28:12 28:14 28:15 28:16 28:17 28:18 28:18 28:20 28:20 28:22 28:23 28:25 29:3 29:8 29:10 29:12 29:14 29:17 29:18 29:19 29:20 29:21 30:3 30:3 30:4 30:5 30:8 30:9 30:12 30:14 30:17 30:17 30:19 30:20 30:21 30:25 31:7 31:9 31:10 31:12 31:14 31:14 31:15 31:15 31:16 31:17 31:17 31:21 31:22 31:22 31:23 32:1 32:2 32:3 32:5 32:6 32:6 32:6 32:7 32:8 32:9 32:9 32:12 32:13 32:15 32:17 32:17 32:18 32:19 32:19 32:20 32:20 32:21 32:22 32:22 32:24 32:25 33:2 33:4 33:4 33:5 33:7 33:8 33:9 33:9 33:10 33:11 33:11 33:11 33:13 33:17 33:17 33:18 33:19 33:22 33:23 33:23 33:24 34:2 34:10 34:10 34:13 34:13 34:14 34:16 34:16 34:19 35:4 35:5 35:7 35:8 35:11 35:13 35:15 35:16 35:16 35:17 35:17 35:19 35:21 35:21 35:23 36:16 36:18 36:18 36:19 36:20 36:20 36:21 36:22 36:23 36:25 37:1 37:4 37:5 37:9 37:9 37:13 37:17 37:19 37:21 37:24 37:25 37:25 38:3 38:4 38:5 38:5 38:9 38:10 38:12 38:12 38:13 38:13 38:18 38:24 39:2 39:3 39:4 39:5 39:6 39:7 39:9 39:9 39:10 39:11 39:12 39:13 39:14 39:15 39:16 39:18 39:20 39:22 39:23 39:23 39:23 39:24 39:25 40:3 40:3 40:4 40:8 40:9 40:11 40:11 40:14 40:15 40:18 40:23 40:24 41:2 41:9 41:9 41:10 41:11 41:15 41:17 41:17 41:20 41:25 41:25 42:3 42:4 42:6 42:8 42:9 42:14 42:15 42:17 42:20 42:22 42:22 42:24 43:1 43:3 43:4 43:6 43:6 43:7 43:8 43:8 43:8 43:8 43:13 43:16 43:18 43:18 43:19 43:21 43:23 43:24 44:2 44:2 44:2 44:6 44:8 44:8 44:9 44:11 44:12 44:12 44:15 44:18 44:18 44:19 44:21 44:22 44:23 44:24 44:24 45:5 45:5 45:7 45:7 45:11 45:12 45:13 45:13 45:14 45:15 45:18 45:19 45:19 45:19 45:20 45:21 45:23 45:23 45:25 46:1

**the**(301) 46:4 46:5 46:6 46:7 46:8 46:9 46:14 46:14 46:17 46:22 47:6 47:6 47:7 47:7 47:10 47:11 47:14 47:14 47:16 47:16 47:21 47:22 48:2 48:2 48:3 48:3 48:4 48:7 48:9 48:10 48:13 48:17 48:17 48:19 49:1 49:2 49:2 49:3 49:6 49:7 49:7 49:8 49:13 49:15 49:16 49:18 49:21 49:23 50:2 50:5 50:5 50:7 50:10 50:12 50:13 50:14 50:15 50:17 50:20 50:23 50:25 51:5 51:7 51:9 51:12 51:16 51:18 51:21 51:23 51:24 51:25 52:3 52:3 52:4 52:4 52:6 52:8 52:8 52:9 52:9 52:10 52:11 52:16 52:17 52:17 52:17 52:23 52:25 53:2 53:4 53:10 53:10 53:12 53:13 53:16 53:17 53:20 54:1 54:1 54:2 54:5 54:5 54:6 54:7 54:8 54:10 54:12 54:14 54:17 54:21 54:23 54:25 55:1 55:1 55:4 55:4 55:14 55:17 55:18 55:19 55:20 55:20 55:21 55:22 55:23 55:23 55:24 55:26 56:1 56:5 56:7 56:8 56:9 56:10 56:14 56:16 56:21 56:22 56:22 56:23 57:3 57:4 57:5 57:6 57:10 57:10 57:10 57:11 57:11 57:12 57:14 57:15 57:16 57:17 57:17 57:18 57:18 57:22 57:24 57:25 58:1 58:2 58:6 58:7 58:12 58:13 58:15 58:18 58:21 58:23 58:24 58:24 58:25 59:1 59:4 59:5 59:7 59:7 59:9 59:9 59:12 59:12 59:14 59:20 59:21 59:24 59:25 59:25 60:2 60:3 60:5 60:5 60:6 60:8 60:8 60:11 60:11 60:19 61:6 61:9 61:11 61:12 61:12 61:17 61:20 62:1 62:2 62:4 62:6 62:9 62:10 62:12 62:14 62:16 62:20 62:22 62:23 63:3 63:4 63:4 63:5 63:6 63:7 63:8 63:10 63:12 63:12 63:14 63:15 63:16 63:18 63:18 63:19 63:21 63:23 63:24 63:25 63:25 64:2 64:3 64:5 64:7 64:11 64:12 64:13 64:17 64:22 64:23 64:25 65:6 65:6 65:7 65:8 65:9 65:9 65:11 65:12 65:15 65:18 65:19 65:19 65:20 65:22 65:23 66:1 66:18 66:21 66:23 66:24 66:24 67:1 67:2 67:2 67:3 67:5 67:10 67:10

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| the(301) 67:10 67:13 67:15 67:15 67:17 67:20 67:21 67:22 67:23 67:24 67:25 68: 68:2 68:7 68:8 68:8 68:15 68:18 68:20 68:21 68:21 68:21 68:22 68:23 68:23 68:23 68:24 68:25 68:25 69:6 69:8 69:15 69:20 69:22 70:1 70:1 70:5 70:6 70:8 70:11 70:13 70:13 70:15 70:16 70:22 70:23 71:1 71:3 71:4 71:8 71:9 71:13 71:16 71:16 71:17 71:20 71:21 71:23 71:24 72:1 72:2 72:2 72:5 72:5 72:5 72:6 72:6 72:6 72:8 72:9 72:10 72:11 72:12 72:13 72:15 72:17 72:18 72:19 72:21 72:24 72:25 73:1 73:2 73:3 73:6 73:7 73:8 73:8 73:12 73:13 73:15 73:15 73:17 73:18 73:20 73:20 73:23 73:24 74:1 74:1 74:2 74:3 74:8 74:9 74:13 74:16 74:16 74:19 74:20 74:24 75:1 75:3 75:4 75:7 75:8 75:12 75:14 75:16 75:16 75:16 75:19 75:24 75:24 76:1 76:1 76:2 76:6 76:7 76:7 76:8 76:10 76:12 76:15 76:16 76:16 76:17 76:19 76:19 76:20 76:20 77:1 77:3 77:4 77:5 77:8 77:14 77:15 77:16 77:20 77:22 77:24 78:8 78:10 78:15 78:16 78:17 78:18 78:20 78:22 78:22 78:23 78:25 79: 79:3 79:6 79:8 79:9 79:12 79:19 79:20 79:23 79:23 79:23 80:1 80:4 80:5 80:10 80:11 80:17 80:19 80:20 80:21 80:24 80:25 80:25 81:2 81:4 81:8 81:13 81:15 81:18 81:18 81:24 82:1 82:2 82:4 82:6 82:9 82:13 82:15 82:17 82:18 82:19 82:20 82:23 82:24 83:1 83:2 83:3 83:5 83:6 83:6 83:7 83:10 83:11 83:12 83:16 83:19 83:20 83:22 83:23 84:1 84:3 84:5 84:8 84:18 84:24 85:3 85:5 85:6 85:7 85:10 85:16 85:17 85:19 85:24 86:4 86:5 86:6 86:8 86:10 86:11 86:13 86:13 86:15 86:18 86:22 86:24 86:24 86:25 87:4 87:4 87:5 87:6 87:6 87:7 87:13 87:14 87:14 87:15 87:17 87:18 87:18 87:19 87:24 88: 88:4 88:6 88:12 88:15 88:16 88:22 89:5 89:9 89:12 89:19 89:21 89:24 90:2 90:7 90:11 90:12 90:15 90:16 90:16 90:19 90:19 90:24 91:2 91:2 91:3 91:5 91:6 91:8 91:9 91:9 91:13 91:17 91:20 91:21 | | themselves(1) 66:8 | | think(135) 6:15 6:21 10:8 10:18 10:23 11:1 12:3 12:23 12:24 13:14 13:19 14:1 14:8 14:25 15:3 15:5 16:20 16:25 17:7 18:14 18:19 18:19 18:20 18:22 18:25 19:3 19:9 19:16 19:22 19:23 20:4 20:12 20:12 20:13 20:19 20:19 20:23 22:13 22:25 23: 24:13 24:19 31:16 35:16 36:14 36:15 36:19 36:20 37:5 40:2 40:14 40:20 41:3 41:4 41:8 41:9 41:16 42:1 42:12 46:20 47:25 48:15 48:16 48:19 49:5 49:6 49:23 53:14 53:23 55:1 55:14 58:17 59:4 59:13 59:14 59:22 60:14 60:14 60:18 61:14 61:20 62:18 63:21 65:6 66:2 66:7 66:13 71:23 71:24 73:11 73:19 74:9 74:20 76:5 76:25 77:1 77:9 77:10 78:7 81:11 81:18 82:11 84:16 85:4 85:22 89:10 89:22 89:2 90:15 90:19 95:6 97:1 97:22 97:24 98:2 98:9 98:9 98:15 98:15 98:23 98:24 99:2 99:3 99:5 99:7 99:9 99:11 99:19 100:4 101:2 101:11 101:16 102:2 102:3 103:7 | | tie(2) 27:10 81:15 tied(10) 27:6 27:11 38:20 38:21 39:6 43:24 52:1 52:10 52:19 54:15 |
| | | theories(1) 44:3 | | | | tightly(1) 100:6 |
| | | theory(4) 53:22 75:4 75:4 76:1 | | | | time(37) 12:3 14:22 15:13 17:5 22:9 23:15 23:16 27:5 27:5 27:8 27:8 27:9 27:17 27:18 29:17 30:18 31:2 48:16 55:6 62:15 63:13 63:19 65:2 65:6 66:1 70:19 71:2 73:14 74:5 75:18 78:6 81:9 81:9 88:2 89:13 89:15 98:1 |
| the(154) 91:22 91:22 91:25 92:2 92:10 92:13 92:14 92:17 92:19 92:21 92:22 93:3 93:5 93:8 93:9 93:11 93:16 93:16 93:18 93:21 93:23 93:23 93:25 94:1 94:5 94:6 94:8 94:14 94:15 94:16 94:17 94:19 94:20 95:1 95:2 95:5 95:13 95:15 95:18 95:19 95:19 95:20 95:25 96:2 96:2 96:5 96:9 96:12 96:13 96:15 96:16 96:17 96:18 96:22 96:25 97:1 97:4 97:5 97:6 97:8 97:9 97:11 97:12 97:13 97:13 97:14 97:17 97:21 97:24 98:1 98:2 98:6 98:7 98:8 98:16 98:17 98:19 98:21 98:22 99:1 99:2 99:3 99:3 99:6 99:7 99:7 99:8 99:8 99:10 99:12 99:14 99:16 99:20 99:21 99:21 99:24 99:24 100:1 100:4 100:5 100:8 100:12 100:16 100:16 100:17 100:18 100:21 100:25 101:3 101:6 101:6 101:10 101:11 101:15 101:19 101:2 101:24 101:24 102:1 102:2 102:3 102:9 102:12 102:14 102:14 102:15 102:15 102:16 102:16 102:19 102:22 102:22 102:23 102:23 102:24 102:24 102:25 103: 103:2 103:4 103:5 103:5 103:7 103:7 103:9 103:10 103:13 103:16 103:17 103:1 103:18 | | there(81) 13:13 13:17 16:20 17:3 21:11 22:9 25:4 25:9 25:22 29:6 29:19 32:21 33:15 33:20 36:3 37:11 38:21 38:22 42:17 42:13 44:4 44:13 44:14 45:6 48:18 48:19 48:20 48:23 52:12 52:15 52:16 54:3 54:3 54:3 55:19 56:21 59:23 61:15 61:22 62:18 63:17 63:24 66:15 67:7 67:9 67:11 67:12 67:14 67:18 69:14 69:18 70:17 70:18 70:19 70:21 75:18 75:25 76:3 76:10 78:4 81:9 82:1 82:9 82:23 83:10 83:13 83:1 83:15 84:4 85:4 86:13 87:1 90:3 90:8 96:21 98:12 98:24 99:16 99:20 101:3 101:21 | | thinking(2) 31:16 31:17 | | times(2) 23:18 35:10 timesaver(3) 80:16 80:18 80:19 |
| | | | | thinks(3) 21:6 49:25 79:5 | | title(1) 59:2 |
| | | | | third(7) 32:2 33:10 44:11 63:16 81:22 85:15 100:13 | | today(41) 10:20 13:10 13:20 14:20 15:5 15:19 16:10 17:17 31:19 32:1 37:23 43:7 43:17 44:14 44:17 45:1 45:12 45:22 46:4 48:8 50:14 50:24 55:19 56:10 56:16 57:2 57:16 57:20 58:3 59:8 59:13 62:17 77:5 77:7 86:12 95:6 95:11 98:6 99:18 99:20 102:20 |
| | | there's(61) 17:2 21:14 21:16 22:15 23:1 26:6 33:22 33:23 34:4 34:7 34:8 34:8 34:10 35:18 36:7 40:2 41:12 45:21 46:12 47:17 47:17 48:20 52:14 52:23 55:3 56:1 56:9 57:9 58:6 60:1 60:1 61:13 61:22 67:6 67:7 67:19 69:23 70:12 70:24 72:25 73:22 74:10 75:19 76:9 76:25 77:2 81:10 83:16 84:2 84:8 87:1 89:13 90:4 92:13 93:8 94:13 94:13 95:7 98:9 100:20 100:2 | | this(201) 7:10 7:19 10:3 10:14 10:14 10:25 13:13 13:16 13:25 15:14 15:23 16:5 16:9 16:16 16:21 16:23 17:2 17:11 18:6 18:9 18:24 19:2 19:12 19:13 20:9 22:3 22:7 23:12 24:22 25:16 25:20 26:8 27:6 27:11 27:19 27:23 28:1 28:6 28:6 28:7 28:11 30:16 30:19 30:23 31:3 31:3 31:18 32:1 32:5 32:13 33:2 33:3 33:14 34:16 35:15 35:22 35:23 36:7 36:9 37:9 37:12 37:16 37:17 38:16 39:2 39:17 39:23 39:22 39:24 40:19 41:3 42:1 42:9 43:20 44:16 44:25 45:8 45:10 45:11 45:12 45:12 45:20 46:18 47:3 47:8 47:9 47:21 49:17 50:19 51:3 51:14 51:24 52:3 52:18 52:20 53:9 53:21 53:25 54:9 56:11 56:12 57:9 57:12 57:17 57:20 57:20 58:1 59:1 59:17 60:13 61:12 61:18 62:8 64:5 65:6 66:1 66:2 66:3 66:13 66:24 66:24 66:25 66:25 68:5 70:13 70:14 70:15 71:11 71:23 71:25 72:22 72:22 74:10 74:21 74:23 74:25 76:14 77:2 77:6 77:13 78:3 78:3 78:6 78:8 78:11 79:1 79:5 79:9 79:10 79:22 80:1 80:10 80:11 80:17 80:20 81:1 81:2 81:8 81:23 82:2 82:4 82:5 82:20 84:13 84:17 85:8 85:17 85:20 85:22 85:25 86:6 86:7 86:20 86:21 86:23 87:23 88:3 89:2 89:14 90:5 90:7 90:17 91:25 92:16 93:1 93:8 93:24 94:10 94:12 95:10 96:3 96:7 97:14 97:15 97:24 98:4 98:8 98:10 99:11 100:24 | | together(2) 52:1 71:5 togul(1) 3:29 told(2) 60:14 76:19 tomorrow(4) 17:17 35:23 77:8 95:16 tomorrow's(1) 6:8 too(5) 22:24 30:20 38:25 89:6 100:10 took(1) 96:16 top(1) 67:6 toronto(1) 2:16 total(1) 7:24 totally(1) 36:2 towards(3) 49:7 85:14 85:23 tower(1) 2:14 traci(1) 103:22 traction(1) 31:4 trading(1) 44:12 tranches(1) 52:7 transcriber(1) 103:22 transcript(3) 1:18 1:49 103:17 transcription(2) 1:41 1:49 transfer(1) 67:8 translation(1) 8:5 transparency(1) 92:21 transparent(1) 70:14 treated(2) 25:7 59:3 treatment(1) 84:10 trehan(1) 5:7 trial(4) 34:11 34:12 48:21 48:22 tribunal(1) 32:25 tried(4) 44:17 59:18 71:13 76:24 tries(1) 44:24 tripping(2) 86:9 86:10 troubling(2) 98:5 98:10 true(6) 23:15 40:3 42:19 50:10 67:20 91:6 trustee(2) 7:13 7:15 try(7) 17:13 19:11 19:18 20:5 76:23 76:25 101:17 |
| | | | | | | | trying(22) 38:24 39:15 40:5 41:7 45:2 47:2 47:12 47:13 50:22 50:23 54:24 54:25 55:7 63:15 66:13 66:23 81:21 81:22 88:2 95:8 100:6 100:7 |
| their(25) 7:17 7:24 15:12 19:19 20:9 29:23 31:23 31:24 37:13 38:24 41:14 44:19 52:19 56:14 64:24 66:11 66:11 67:23 71:18 71:19 73:9 73:10 91:15 92:3 98:7 | | thing(4) 23:22 68:7 73:20 96:2 | | | | tunnell(1) 1:24 6:5 turn(2) 56:20 68:13 turned(5) 30:4 30:7 30:11 30:12 55:9 turning(1) 48:21 turnover(3) 28:12 43:1 44:3 turns(1) 29:3 tweed(1) 3:33 twenty(1) 60:17 two(17) 6:16 12:15 12:18 22:10 52:19 61:7 63:8 65:13 67:4 67:12 69:18 69:20 69:22 70:6 85:4 90:10 98:2 type(2) 23:20 96:19 types(1) 76:20 |
| | | things(18) 66:21 70:7 74:14 74:24 75:21 76:20 81:7 81:15 81:19 87:17 89:12 89:20 89:21 89:21 91:19 91:19 99:14 99:25 | | thought(12) 30:8 34:5 34:6 40:18 42:7 62:1 78:3 78:9 80:16 80:19 88:10 90:14 | | |
| them(22) 7:14 8:9 8:10 8:12 25:5 25:13 25:1 30:8 30:13 34:1 34:20 34:21 47:2 49:1 60:8 67:25 79:22 83:9 86:3 91:25 92:15 94:16 | | they're(29) 8:10 15:18 15:21 16:14 18:10 25:3 26:9 26:9 38:24 40:3 40:6 40:7 41:14 41:15 41:25 44:13 54:10 55:2 59:2 65:25 72:16 74:22 80:21 91:15 91:21 92:14 93:25 94:5 97:23 | | thousands(1) 47:1 three(4) 11:3 40:8 52:7 67:13 threshold(1) 25:25 thrift(10) 12:20 13:15 13:15 13:23 15:7 18:22 45:19 45:20 75:22 100:7 through(25) 11:20 12:2 13:7 13:11 21:9 24:20 26:19 31:14 32:19 36:4 39:10 43:3 45:8 45:10 46:19 47:21 56:16 60:1 66:13 66:21 69:21 71:2 73:14 93:13 102:2 throughout(2) 14:4 14:11 thus(1) 89:11 | | |
| | | they(102) 6:13 6:25 7:16 7:17 7:18 8:17 16:9 17:15 17:17 19:20 19:22 20:10 23:18 24:4 24:4 24:6 24:7 24:7 24:10 24:11 24:12 27:7 29:22 29:24 30:2 30:16 32:3 33:1 33:21 33:22 34:5 37:15 39:17 41:3 41:4 41:23 41:23 50:18 50:19 50:21 53:9 53:14 53:14 54:11 54:12 55:2 58:10 58:1 60:11 65:10 65:10 65:18 66:3 66:3 66:4 66:9 66:12 66:14 72:22 72:23 73:8 73:9 73:21 73:22 74:18 75:3 75:22 76:18 76:19 79:19 79:21 80:11 80:13 81:4 81:18 81:1 81:24 83:5 83:6 83:9 84:14 84:15 84:19 84:23 85:14 88:13 88:21 89:1 89:22 91:18 91:22 92:13 92:15 92:17 92:18 92:23 93:10 94:9 95:5 95:16 100:8 | | | | |
| | | they've(1) 91:15 | | | | |

| Word | Page:Line |
|------|-----------|
| u.s(179) | 7:15 8:7 11:20 11:22 12:5 12:6 12:7 13:5 13:7 13:7 13:10 13:11 13:11 13:16 13:25 14:4 14:6 14:9 14:11 14:12 14:14 14:15 14:19 14:23 15:6 15:7 15:7 15:8 15:16 15:16 15:16 15:17 15:20 15:2 16:5 16:6 16:6 16:11 16:22 16:22 17:2 17:5 17:6 17:16 17:16 17:17 18:1 18:4 19:4 19:5 19:5 19:14 19:14 19:17 19:21 20:6 20:7 20:10 20:25 21:1 22:1 22:2 23:5 23:13 23:15 23:20 24:20 24:21 24:21 25:11 25:17 25:18 25:22 26:2 26:5 26:6 28:18 29:21 30:22 30:23 31:9 31:17 32:6 32:14 33:22 34:10 34:14 34:14 34:15 34:15 34:25 35:1 35:7 35:16 35:21 36:12 37:13 40:9 40:19 40:23 41:3 41:11 41:18 41:18 41:24 42:10 42:16 42:20 42:22 43:5 43:22 43:23 44:1 44:12 44:23 45:5 45:14 45:18 46:2 46:3 46:5 46:11 46:22 46:17 47:11 47:15 47:18 47:22 49:21 52:18 52:18 52:20 52:22 52:22 53:8 53:14 54:10 54:11 56:23 56:24 57:8 57:18 58:1 58:7 58:7 59:1 63:13 64:23 64:24 67:2 67:3 67:13 67:15 67:24 67:25 68:23 68:24 69:3 71:9 72:1 72:9 72:15 73:12 73:20 73:23 76:15 79:20 82:6 83:16 83:20 87:17 88:16 92:2 92:13 93:21 99:8 100:12 103:7 |
| ultimate(24) | 17:11 25:25 26:14 31:20 35:3 35:14 44:20 45:7 48:3 48:3 50:15 55:20 56:7 56:9 56:10 56:21 57:5 57:11 57:15 57:21 58:23 58:25 75:12 95:2 |
| ultimately(17) | 13:6 14:8 14:18 14:18 15:1 16:24 17:1 19:16 19:19 24:24 39:1 44:18 49:13 62:8 84:14 92:22 93:1 |
| um-hum(4) | 18:12 26:12 71:8 72:17 |
| unable(3) | 8:24 22:12 46:21 |
| unclear(1) | 13:19 |
| uncomfortable(1) | 39:7 |
| uncontested(1) | 65:7 |
| under(23) | 15:11 18:6 23:18 29:9 30:1 32:2 33:5 34:6 39:12 47:15 47:16 50:8 53:22 55:23 55:24 55:24 68:4 72:8 72:10 76:11 78:12 98:25 102:4 |
| underlying(1) | 32:9 |
| understand(22) | 11:12 13:23 15:12 23:9 23:25 30:8 39:15 47:3 51:10 51:12 60:10 74:17 81:24 83:24 85:19 86:4 89:19 89:25 95:18 96:5 100:7 102:25 |
| understanding(7) | 29:18 30:18 32:11 44:13 46:6 64:3 77:14 |
| understanding(2) | 84:9 86:5 |
| understood(1) | 102:12 |
| undisputed(1) | 24:23 |
| unfair(1) | 54:20 |
| unfortunate(1) | 34:18 |
| unilateral(2) | 73:12 92:6 |
| unilaterally(1) | 73:11 76:15 93:9 |
| unintended(4) | 76:16 77:8 85:23 95:21 |
| united(7) | 1:1 1:20 7:12 20:2 34:19 37:25 42:10 |
| universe(1) | 92:17 |
| unless(7) | 40:3 51:23 52:17 67:25 75:2 92:22 95:4 |
| unlikely(1) | 88:15 |
| unlimited(1) | 91:4 |
| unnecessary(1) | 97:14 |
| unquestionably(1) | 98:17 |
| unsecured(9) | 2:25 28:13 30:16 33:18 37:1 43:20 44:2 49:11 56:15 |
| until(5) | 11:24 48:13 53:4 83:25 90:9 |
| unworkable(1) | 87:9 |
| upfront(1) | 24:10 |

| Word | Page:Line |
|------|-----------|
| upon(4) | 12:11 86:16 91:10 91:11 |
| use(8) | 24:8 24:8 24:12 26:17 42:8 49:8 75:9 85:14 |
| used(4) | 43:10 43:13 65:21 75:1 |
| uses(1) | 75:13 |
| using(1) | 101:11 |
| valid(1) | 44:8 |
| value(2) | 28:15 95:7 |
| valve(1) | 90:20 |
| vanilla(1) | 88:10 |
| various(2) | 13:18 63:19 |
| verbalize(1) | 59:18 |
| versus(7) | 44:2 44:3 44:3 54:13 71:6 74:2 75:3 |
| very(21) | 7:25 8:8 9:8 17:19 39:7 47:17 51:17 58:20 59:15 60:4 60:5 60:7 60:18 61:15 71:10 71:11 77:2 78:12 79:25 98:5 102:10 |
| view(3) | 23:12 86:24 87:9 |
| views(2) | 102:25 103:8 |
| violating(1) | 58:12 |
| vis-a-vis(1) | 88:16 |
| voluntarily(2) | 35:25 71:7 |
| voluntary(1) | 7:23 |
| wait(2) | 20:20 29:6 |
| waiting(1) | 36:1 |
| waive(1) | 67:23 |
| walk(1) | 66:21 |
| walked(1) | 58:17 |
| want(50) | 18:22 18:25 19:3 20:11 20:13 24:11 26:8 27:3 27:4 27:10 27:10 33:22 34:25 37:3 38:3 41:20 41:21 41:22 41:22 42:8 47:14 56:23 57:6 61:12 61:17 69:18 69:20 69:22 71:6 72:23 73:2 74:22 76:3 76:21 82:11 82:21 85:10 85:14 85:15 85:16 88:21 91:18 92:16 93:15 93:17 95:2 95:17 99:4 |
| wanted(3) | 6:7 38:17 65:18 |
| wants(11) | 10:16 22:1 23:21 32:12 48:21 49:3 49:24 54:21 54:21 56:13 72:22 |
| was(101) | 6:14 8:21 8:23 10:5 10:20 11:10 11:12 11:16 11:21 11:22 12:7 12:11 12:19 13:3 13:6 13:10 13:15 13:25 14:2 14:3 14:4 14:4 14:5 14:9 14:16 14:19 17:4 17:8 19:1 19:4 19:5 20:19 24:15 26:8 26:20 29:10 29:11 29:12 29:15 29:17 30:11 30:22 31:1 31:5 31:5 35:8 35:13 37:23 38:21 38:22 39:9 39:21 39:25 42:2 43:10 43:13 43:13 44:11 45:12 53:18 54:1 54:4 54:4 54:15 54:23 54:24 58:20 65:19 66:3 67:9 67:11 67:12 67:18 68:7 68:8 68:17 68:17 69:11 69:16 70:17 70:18 70:23 78:3 78:9 80:7 80:11 83:8 83:10 83:10 83:13 84:4 85:5 88:9 88:10 88:11 88:19 96:18 96:18 97:5 100:24 103:13 |
| wasn't(14) | 8:18 11:6 52:9 80:10 83:7 96:17 |
| watching(1) | 39:8 |
| water(1) | 20:21 |
| way(17) | 16:24 24:12 41:20 59:24 61:12 63:13 68:22 72:18 78:16 83:22 84:1 84:5 85:10 90:19 92:21 99:14 102:22 |
| ways(1) | 84:17 |
| we'd(4) | 49:14 75:22 84:6 85:25 |
| we'll(21) | 39:3 60:1 60:3 60:25 60:25 61:3 62:10 71:5 76:6 83:17 83:20 83:25 87:17 93:16 94:18 95:16 100:18 100:20 100:21 102:1 103:11 |

| Word | Page:Line |
|------|-----------|
| we're(128) | 14:16 19:13 19:16 19:17 20:20 22:17 22:16 23:4 24:23 25:2 25:9 25:10 25:13 29:7 30:22 32:8 33:23 35:16 36:1 36:1 36:2 36:6 36:21 38:7 38:11 38:19 40:4 40:7 43:6 43:17 44:4 46:23 47:2 47:12 47:13 47:13 47:25 48:2 52:13 53:15 53:16 53:17 54:5 54:5 54:6 54:13 54:14 54:24 54:25 55:15 56:21 57:7 57:21 57:22 58:14 58:23 59:5 60:16 61:6 61:14 63:15 63:17 63:22 64:2 64:15 64:21 64:24 65:1 66:23 68:5 68:6 68:8 68:10 68:10 69:11 69:11 69:12 69:12 70:23 76:8 76:15 76:17 77:1 77:9 77:9 77:10 78:2 79:3 79:4 79:25 80:15 81:3 81:5 81:11 81:16 81:20 81:21 81:21 83:19 85:2 85:6 85:22 85:24 86:4 86:21 87:2 87:21 87:23 88:2 88:14 88:23 89:12 89:14 89:21 90:11 90:12 90:25 93:7 93:14 93:20 94:10 95:6 96:22 97:3 100:6 100:7 101:13 101:14 |
| we've(26) | 31:14 41:7 51:22 56:11 61:7 62:5 63:12 64:21 66:15 66:16 66:22 69:9 69:21 71:13 74:5 76:18 76:19 76:24 78:22 79:18 80:16 80:17 93:12 100:4 100:8 102:16 |
| wed(1) | 6:1 |
| week(1) | 65:9 |
| welcome(5) | 36:8 48:18 77:24 77:24 102:19 |
| well(57) | 6:14 7:25 20:12 20:14 23:10 24:19 26:10 31:17 32:20 33:4 34:23 35:1 35:1 35:21 38:19 40:9 40:18 42:19 45:11 46:16 48:9 48:15 49:17 51:21 51:24 57:24 60:19 61:11 61:20 65:25 66:2 66:14 72:23 73:21 74:21 75:3 76:24 80:8 80:13 81:15 82:1 83:14 84:13 84:19 85:3 85:4 88:20 89:7 90:4 91:18 91:19 92:12 92:24 92:25 97:22 103:9 |
| went(7) | 12:12 29:18 29:19 29:20 29:24 67:15 84:14 |
| were(34) | 6:10 7:18 8:24 9:1 13:14 15:4 15:10 18:21 26:7 29:6 34:12 36:16 37:23 41:4 41:9 42:8 46:21 49:14 58:2 58:10 58:11 62:1 63:14 67:7 67:11 67:14 73:8 75:22 83:9 88:1 92:7 92:23 97:6 101:9 |
| weren't(1) | 83:2 |
| what(91) | 10:20 10:23 11:21 12:17 14:25 15:18 16:5 16:6 17:21 17:22 18:19 18:20 19:19 21:2 22:3 26:25 27:16 29:4 29:20 29:22 31:18 36:10 37:4 37:23 39:1 39:15 39:20 41:20 43:8 44:17 46:10 48:9 48:11 48:24 49:23 52:11 53:6 54:1 54:6 54:7 56:22 57:14 57:18 57:24 58:17 58:22 59:7 55:19 59:18 59:24 60:25 61:23 62:13 65:15 66:14 66:22 68:6 68:8 68:13 69:10 70:1 71:6 71:22 73:21 76:7 77:8 78:25 81:10 81:11 82:22 84:13 85:5 88:14 88:15 88:20 91:19 92:12 92:17 93:10 93:12 93:23 94:2 94:4 94:6 95:15 97:14 97:25 99:25 100:3 100:8 102:16 |
| what's(12) | 14:21 16:6 57:25 79:22 81:12 87:10 87:16 89:20 90:20 92:4 93:15 96:15 |
| whatever(9) | 27:7 38:6 39:24 81:4 81:16 81:17 83:8 88:13 89:1 |
| when(40) | 14:22 24:18 26:19 26:22 27:16 28:16 32:17 34:16 34:23 35:19 36:6 43:9 47:17 48:1 49:19 50:21 56:11 56:25 57:18 58:17 70:3 71:4 71:5 71:15 73:20 74:1 74:13 74:14 76:15 79:10 81:22 83:12 83:19 85:5 85:19 86:9 92:12 94:6 95:18 97:2 |
| whenever(1) | 53:4 |

| Word | Page:Line |
|------|-----------|
| where(31) | 10:14 10:15 12:5 13:21 14:5 15:1 17:20 17:21 18:24 22:8 23:4 29:10 32:14 35:7 36:22 47:25 52:23 54:1 54:2 54:6 72:12 72:14 74:23 75:24 77:7 77:9 87:1 87:20 93:17 94:12 96:1 96:7 |
| whereupon(1) | 103:13 |
| whether(46) | 16:7 16:13 16:14 16:21 16:22 16:23 17:9 17:9 17:19 19:13 19:15 19:16 19:17 19:17 20:21 20:24 28:7 28:8 32:18 33:18 33:24 36:11 39:2 43:9 43:20 43:21 44:8 56:8 57:16 58:25 59:1 59:2 61:16 66:13 76:10 77:2 77:12 86:12 94:19 95:7 95:23 97:2 98:13 98:25 102:4 103:1 |
| which(50) | 8:21 10:14 10:25 12:23 13:19 24:15 25:12 25:12 26:6 26:13 26:14 29:6 29:17 31:25 32:10 33:4 34:9 36:3 38:25 40:4 40:25 43:2 43:9 44:13 45:21 46:13 46:18 46:20 47:5 48:4 48:4 51:7 54:23 56:19 57:23 63:22 63:25 68:18 68:21 68:22 72:10 73:13 77:12 82:5 82:23 84:24 87:15 87:16 88:21 99:6 |
| whichever(1) | 24:12 |
| while(9) | 14:3 21:17 35:6 37:10 53:2 55:5 69:3 70:24 95:22 |
| who(13) | 15:10 17:5 23:23 25:22 27:10 29:5 33:21 50:14 56:23 64:1 64:6 75:16 78:13 |
| who's(1) | 25:21 |
| whoever(1) | 27:10 |
| whole(7) | 25:11 25:12 25:13 34:22 37:21 37:22 95:21 |
| wholly-owned(1) | 64:25 |
| whom(3) | 18:16 37:13 87:7 |
| whose(1) | 30:2 |
| why(31) | 14:19 19:5 32:4 35:22 45:9 45:10 46:15 46:21 49:24 51:13 57:1 57:20 58:14 60:8 60:19 66:1 66:1 73:14 85:3 87:8 88:22 92:1 92:1 92:2 92:8 94:12 95:10 101:10 101:11 101:17 |
| will(29) | 9:10 9:15 19:20 25:5 44:9 45:9 49:25 60:2 60:11 60:18 61:21 70:1 70:2 71:4 71:4 75:18 75:18 75:19 76:10 80:3 83:20 87:18 87:19 102:2 102:14 103:1 103:4 103:5 103:8 |
| willing(4) | 25:6 36:1 41:5 41:17 |
| wilmington(9) | 1:12 1:29 2:22 2:37 2:44 2:50 3:8 3:14 6:1 |
| wish(2) | 9:4 103:11 |
| with(130) | 6:18 7:4 7:11 7:12 7:13 7:14 7:15 7:18 8:8 8:11 9:5 9:14 10:10 10:19 10:22 10:24 11:3 12:10 12:15 13:7 13:22 16:9 16:25 17:7 19:13 20:15 23:13 25:17 25:22 26:4 26:6 26:25 27:3 30:1 31:19 32:4 32:15 32:21 33:7 34:21 36:15 36:21 37:9 37:10 37:14 38:10 39:6 39:9 40:15 41:16 41:19 43:9 44:9 45:3 45:5 47:2 49:15 49:15 49:21 51:14 52:3 53:3 54:15 56:23 59:9 59:13 59:25 60:23 61:6 61:18 62:10 63:19 64:3 65:9 66:9 67:1 72:9 73:15 74:9 74:13 75:23 76:4 76:21 77:5 77:10 78:11 78:12 79:1 79:7 79:18 79:20 80:4 81:14 82:24 84:10 84:15 84:17 85:9 85:10 85:11 85:12 88:11 88:12 88:22 88:25 90:20 90:22 91:20 92:3 93:13 94:8 94:17 94:18 94:24 95:13 97:13 98:6 98:8 99:19 99:17 99:25 100:2 100:4 100:19 101:18 101:21 101:23 102:15 102:15 103:11 |
| within(1) | 49:9 |
| without(7) | 25:7 31:21 41:2 78:22 78:22 82:4 96:5 |
| witnesses(1) | 103:2 |

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| won't(2) 39:4 84:15 | | you(239) 6:2 6:17 6:18 7:5 8:11 8:13 9:12 | |

won't(2) 39:4 84:15
wondering(1) 82:2
word(3) 42:8 75:9 75:13
wording(1) 98:12
words(2) 17:20 79:24
work(10) 46:19 61:4 61:15 62:10 71:4 74:6 89:3 94:17 99:8 101:17

worked(7) 23:15 23:16 71:10 71:11 74:5 76:18 76:24

working(7) 37:14 60:5 69:21 73:14 86:4 95:11 99:14

works(3) 87:18 97:24 98:15
world(4) 66:15 79:23 80:1 91:25
worried(1) 88:20
worry(1) 21:9
worth(2) 21:2 21:3
would(68) 10:7 10:7 10:8 10:23 12:3 12:23 12:24 14:2 15:3 15:5 17:12 18:20 18:20 18:22 18:25 19:3 20:8 20:12 20:23 20:24 21:22 22:7 29:1 29:20 30:12 32:6 33:4 33:9 33:14 33:21 37:13 38:23 41:5 43:8 46:20 48:11 48:12 58:3 58:11 58:11 59:12 60:15 63:25 71:24 74:9 75:23 79:2 80:11 80:16 80:19 82:9 88:11 88:12 89:3 89:5 89:6 89:11 90:10 90:14 91:22 92:7 93:24 99:13 101:2 101:8 101:8 101:20 103:1
wouldn't(4) 6:23 58:3 73:13 98:1
write(1) 27:18
writes(2) 27:19 27:20
written(1) 50:19
wrong(1) 84:14
wunder(1) 5:12
www.diazdata.com(1) 1:45
yeah(9) 11:15 50:7 62:6 78:17 88:5 91:13 100:15 100:20 101:13

year(10) 15:9 29:17 31:1 31:13 34:7 34:12 40:11 50:9 56:4 69:17

years(5) 14:3 27:7 54:4 54:6 79:19
yes(41) 6:9 6:12 6:20 7:5 7:21 8:14 11:11 11:17 21:7 22:2 23:6 24:3 24:3 26:24 29:8 29:14 31:7 39:18 42:11 50:25 61:9 63:3 63:6 68:15 70:11 75:14 75:14 77:20 78:15 79:12 79:23 80:5 80:12 82:17 83:1 87:13 93:20 96:12 97:9 102:9 103:3

yesterday(5) 6:19 7:13 10:19 24:13 60:14
yet(5) 22:8 25:9 44:4 44:14 88:21
york(4) 1:36 2:8 2:30 8:18

you(239) 6:2 6:17 6:18 7:5 8:11 8:13 9:12 9:12 9:14 9:17 17:23 19:10 19:25 21:4 21:21 21:25 22:19 22:20 22:23 22:24 23:21 23:22 23:22 24:10 24:19 24:21 24:23 25:6 27:3 27:9 27:24 28:8 28:9 28:10 29:4 31:14 31:15 31:22 32:12 32:17 32:18 32:19 32:19 34:13 34:23 35:2 35:19 35:19 37:5 37:19 37:20 37:21 38:3 38:5 38:19 39:1 40:11 40:13 41:12 41:16 41:20 41:21 42:5 42:6 42:7 43:2 43:9 43:11 43:24 43:25 44:1 44:20 45:10 45:22 46:15 46:16 47:14 48:25 49:10 50:14 50:21 51:15 51:16 51:18 52:5 52:13 52:21 52:25 53:10 53:10 53:15 53:25 54:13 54:18 56:2 56:15 57:1 57:5 57:24 58:2 58:2 58:3 58:7 59:17 60:3 60:6 60:12 60:16 60:19 60:24 60:25 61:2 61:3 62:7 62:15 62:16 62:20 62:24 62:25 64:14 65:25 65:25 66:21 68:8 69:5 69:18 69:20 69:22 70:24 71:6 71:12 71:12 71:17 71:19 72:14 73:19 73:21 73:22 74:11 74:23 76:9 76:21 77:10 77:16 77:16 77:24 77:25 78:3 78:4 79:8 79:9 79:14 79:17 79:18 80:9 80:13 80:13 81:1 81:2 81:3 81:5 81:17 81:24 82:5 83:14 83:18 83:20 83:21 83:24 84:2 84:6 84:8 84:25 85:6 85:15 85:19 85:24 87:10 87:11 87:15 87:17 87:18 87:21 88:3 88:7 88:8 88:17 88:18 88:20 88:21 89:2 89:6 89:10 90:24 91:8 92:6 92:12 92:16 92:19 92:22 92:24 92:25 92:25 93:17 93:24 93:24 95:9 96:6 96:9 97:7 97:9 97:16 97:17 97:17 97:22 98:7 98:13 98:18 98:19 98:21 100:15 100:22 101:4 101:7 101:9 101:9 101:10 101:22 101:25 102:3 102:4 102:10 102:13 102:18 102:19 102:20 103:10 103:11 103:12

you'll(8) 6:15 9:25 45:21 60:23 61:21 67:7 83:22 83:22

you're(21) 20:11 25:15 27:22 32:25 33:4 37:25 55:12 58:1 59:7 59:8 63:11 64:13 75:12 76:13 80:14 80:15 83:23 84:2 85:7 101:6 102:19

you've(6) 18:16 23:14 23:23 47:19 59:22 63:18

young(2) 3:49 96:10
your(144) 6:4 6:7 7:6 7:8 8:2 8:13 8:20 9:19 10:5 10:9 10:16 10:19 10:20 11:1 11:10 11:19 12:15 13:9 13:22 15:8 15:19 17:9 17:11 17:24 18:9 18:9 18:19 19:12 19:19 20:3 20:25 21:5 22:20 22:22 23:24 24:12 25:2 25:4 25:7 25:24 26:15 27:22 31:20 32:1 33:6 36:24 37:8 37:20 38:1 38:11 38:17 39:4 40:20 42:2 42:11 43:2 46:5 46:10 47:5 47:6 48:8 48:12 48:13 49:13 51:15 51:17 51:19 51:21 52:10 53:7 53:16 53:25 54:15 54:16 55:13 55:14 56:10 57:2 57:3 57:15 57:19 57:22 58:5 58:9 58:16 59:11 59:13 59:21 59:23 60:10 60:13 61:2 61:3 61:24 62:15 62:17 63:1 64:7 70:3 71:6 71:17 72:14 77:19 77:21 78:2 80:3 80:7 80:22 82:3 82:7 82:10 82:11 82:24 83:18 84:1 84:5 87:6 89:1 89:10 89:11 89:13 89:15 90:21 90:25 91:20 92:23 94:10 94:21 96:1 96:20 97:8 97:10 97:19 98:14 99:23 100:19 100:23 101:4 101:25 102:10 102:21 103:3 103:6 103:8
ziehl(1) 3:4
"except(1) 87:3