## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : | **Hearing date:  10/19/11 @ 10:00 a.m.** |
|  | : | **Objections due:  10/12/11 @ 4:00 p.m.** |

------------------------------------------------------------x

## MOTION OF THE OFFICIAL COMMITTEE
## OF RETIRED EMPLOYEES PURSUANT TO 11 U.S.C.
## §§ 105(a), 1102(b)(3)(A), 1103(c), 1114(b)(2) AND 1114(k)(3) FOR
## ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO
## <u>PROVIDE ACCESS TO INFORMATION UNDER 11 U.S.C. § 1102(b)(3)(A)</u>

The Official Committee of Retirees (the "Retiree Committee") in the above-captioned cases (the "Chapter 11 Case"), by its undersigned counsel, hereby makes this motion (the "Motion"), pursuant to sections 105(a), 1102(b)(3)(A), 1103(c), 1114(b)(2) and 1114(k)(3) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order (the "Order") substantially in the form attached hereto as **<u>Exhibit A</u>**, clarifying the Retiree Committee's obligation to provide access to information to its constituents under Bankruptcy Code section 1102(b)(3)(A).  In support of the Motion, the Retiree Committee respectfully states:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are sections 105(a), 1102, 1103, 1114(b)(2) and 1114(k)(3) of the Bankruptcy Code.

## BACKGROUND

3.    On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.

4.    The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    The United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") [D.I. 141, 142], and an *ad hoc* group of bondholders has been organized (the "Bondholder Group"). An Official Committee of Long-Term Disability Participants (the "LTD Committee") has also been appointed [D.I. 5790].

## FORMATION OF THE RETIREE COMMITTEE

6.    On June 2, 2011, the Debtors moved for an order pursuant to Bankruptcy Code section 1114 directing the appointment of the Retiree Committee to serve as the official

---

[2]    Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

representative for the retired employees who are currently receiving benefits under the Debtors'

Retiree Welfare Plans, as defined in the Retiree Committee Motion.  [D.I. 5568].

7.       On June 21, 2011, the Court entered its Order Pursuant to Section 1114 of the

Bankruptcy Code Appointing an Official Committee of Retired Employees (the "Retiree

Committee Order") [D.I. 5783].

8.       On August 2, 2011, the U.S. Trustee filed her Notice of Appointment of Official

Committee of Retired Employees [D.I. 6074].  The five-member Retiree Committee consists of:

(i) Gary R. Donahee;  (ii) Michael P. Ressner;  (iii) Susan Kane;  (iv) John T. Zalokar;  and (v)

Mark Haupt.  Mr. Donahee is the chairperson of the Retiree Committee.

## RELIEF REQUESTED

9.       Pursuant to Bankruptcy Code sections 1103(c) and 1114, and the Retiree

Committee Order, the Retiree Committee is authorized to serve as the authorized representative

of the Retiree Plan Participants in connection with their rights under section 1114 of the

Bankruptcy Code.  *See* 11 U.S.C. §§ 1103(c), 1114;  Retiree Committee Order, ¶ 3.  As part of

the Retiree Committee's duties, pursuant to Bankruptcy Code section 1102(b)(3)(A), the Retiree

Committee is required to provide information to the Retiree Committee.  *See* 11 U.S.C. §

1102(b)(3)(A).

10.      By this Motion, the Retiree Committee seeks entry of an Order, *nunc pro tunc* to

August 22, 2011 (the "Retiree Committee Formation Date"), clarifying and implementing an

information protocol (the "Information Protocol") regarding the dissemination of information to

participants in the Debtors' Retiree Welfare Plans (the "Retiree Plan Participants").  The

Information Protocol specifies that the Retiree Committee shall not, absent Court authorization,

disseminate confidential, proprietary, or non-public information concerning the Debtors or the

3

Retiree Committee, or any other information which could result in a general waiver of attorney-client or other applicable privilege, or which disclosure could reasonably be determined to violate an agreement, order or law, including applicable securities laws. The relief requested herein will help ensure that confidential, privileged, proprietary, and/or material non-public information regarding the Debtors or the Retiree Committee will not be disseminated to the detriment of the Debtors' estates or their creditors, and will aid the Retiree Committee in performing its statutory functions and duties.

## THE INFORMATION PROTOCOL

11.     The Retiree Committee proposes the Information Protocol to satisfy the Retiree Committee's obligation to provide the Retiree Plan Participants with information pursuant to Bankruptcy Code section 1102(b)(3)(A). Pursuant to the Information Protocol, the Retiree Committee has, among other things, agreed to:

a.     Establish and maintain an Internet-accessible website (the "Retiree Committee Website"), to be hosted by Kurtzman Carson Consultants LLC (the "Information Agent") or such other information agent as is approved by the Court, that provides, without limitation:

i.     a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapterll.eqipsystems .com/nortel, which may include, among other things, the case docket and claims register;

ii.     a link or other form of access to the website maintained by the information agent of Official Committee of Unsecured Creditors' (the "Unsecured Creditors Committee") at http://www.kccllc.net/nortelcommittee;

iii.     highlights of significant events in the Debtors' chapter 11 cases (the "Chapter 11 Cases") affecting Retiree Plan Participants;

iv.     a calendar with upcoming significant events in the Chapter 11 Cases affecting Retiree Plan Participants;

      v.        press releases (if any) issued by the Retiree Committee or the Debtors relevant to the Retiree Welfare Plans, the Retiree Plan Participants, and/or the Retiree Committee;

      vi.        a registration form for Retiree Plan Participants to request "real-time" updates on filings in the Chapter 11 Case via electronic mail;

      vii.        a form to submit Retiree Plan Participants' questions, comments and requests for access to information;

      viii.        responses to Retiree Plan Participants' questions, comments, and requests for access to information; provided, that the Retiree Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the retiree's agreement to appropriate confidentiality constraints;

      ix.        answers to frequently asked questions;

      x.        links to other relevant websites, if any;

      xi.        the names and contact information for the Debtors' counsel and restructuring advisors;

      xii.        the names and contact information for the Unsecured Creditors Committee's counsel and financial advisors;

      xiii.        the names and contact information for the LTD Committee's counsel and advisors (if any);  and

      xiv.        the names and contact information for the Retiree Committee's counsel and financial advisors.

b.      Distribute updates by and through the Information Agent regarding the Chapter 11 Case via electronic mail for Retiree Plan Participants that have registered for such service on the Retiree Committee Website;  and

c.      Establish and maintain a telephone number and electronic mail address by and through the Information Agent for Retiree Plan Participants to submit questions and comments.

12.      Even though there exist dedicated websites maintained by the Debtors and the

Unsecured Creditors' Committee, the Retiree Committee respectfully submits that a more limited

website, dedicated solely to Retiree Plan Participants' issues and needs, is appropriate in this instance. Since its appointment, the Retiree Committee's members have received many requests for information from Retiree Plan Participants unable to get what they need from existing sources.

## BASIS FOR RELIEF REQUESTED

13.     Bankruptcy Code section 1102 governs the appointment of statutory creditors' and equity security holders' committees. *See* 11 U.S.C. § 1102(a). Bankruptcy Code section 1114(b)(2) provides that retiree committees appointed pursuant to section 1114 shall have the same rights, powers and duties as committees appointed under Bankruptcy Code sections 1102 and 1103. *See* 11 U.S.C. § 1114(b)(2). Bankruptcy Code Section 1102(b)(3) requires creditors' committees to disseminate information to creditors holding claims of the type represented by the committee. Specifically, Bankruptcy Code section 1102(b)(3) provides, in pertinent part, as follows:

A committee appointed under subsection (a) shall-

    (A)    provide access to information for creditors who

        (i)    hold claims of the kind represented by that committee; and

        (ii)    are not appointed to the committee;

    (B)    solicit and receive comments from the creditors described in subparagraph (A); and

    (C)    be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

14.     Bankruptcy Code section 1102(b)(3)(A) does not contain a clear definition of the scope of information which creditors' committees must make available to committee members; thus, the Retiree Committee respectfully submits that Bankruptcy Code section 1102(b)(3)(A) is

ME1 12294422v.1

unclear and ambiguous.  *See In re Refco, Inc.*, 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006).  The statute simply requires a committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided.  Bankruptcy Code section 1102(b)(3)(A) could be read to require a statutory committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information, and regardless of whether disseminating such information implicates disclosure requirements of the securities laws.  *See* 17 C.F.R. §§ 243.100 to 243.103 (2005).

15.    This broad interpretation of Bankruptcy Code section 1102(b)(3) could create tension between the Debtors and the Retiree Committee to the extent that the Retiree Committee seeks access to confidential or proprietary information, such as, without limitation, information relating to the Retiree Plan Participants and the Retiree Welfare Plans.  Additionally, an overly broad reading of Bankruptcy Code section 1102(b)(3)(A) "might … impose an obligation contrary to other applicable laws and the [c]ommittee's fiduciary duties and hamper the [c]ommittee's performance under section 1103 of the Bankruptcy Code."  *In re Refco*, 336 B.R. at 190.

16.    When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms."  *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (*quoting Caminetti v. United States*, 242 U.S. 470,485 (1917)).  However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters ... the intention of the drafters, rather than the strict language, controls."

ME1 12294422v.1

*Id.* at 242-43 (*citing Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotations omitted)).

17.    The legislative history of section 1102(b)(3) does not provide any further guidance on this point and merely reiterates the language of Bankruptcy Code section 1102(b)(3).    *See* H.R. Rep. No.1 09-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.   In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

18.    The Retiree Committee submits that given the ability to share information through the Internet or other means, the drafters of section 1102(b)(3) likely intended this provision to mean that a statutory committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case.   *See e.g.*, *In re S&B Surgery, Inc.*, 421 B.R. 546 (Bankr. C.D. Cal. 2009) (requiring creditors committee to maintain website for purpose of distributing pertinent non-confidential information to its constitutients).   Such a reading is particularly relevant to the Retiree Plan Participants, who are retired individuals not sophisticated about bankruptcy proceedings or the chapter 11 process.

19.    Congress could not have intended for a statutory committee to be required to provide unfettered access to every type and kind of information that a statutory committee receives from a debtor.   If this had been the intention, Bankruptcy Code section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code, including the plenary

authority to obtain information and act in a fiduciary capacity pursuant to Bankruptcy Code section 1103(c).

20.     Moreover, Bankruptcy Code section 1114(k)(3) expressly contemplates that the Court may enter protective orders as may be necessary to prevent disclosure of sensitive information provided to the Retiree Committee in connection with any proposal or application by the Debtors for modification of benefits under the Retiree Welfare Plans.  *See* 11 U.S.C. § 1114(k)(3).

21.     Absent relief of the kind sought herein, the Debtors are concerned that information shared with the Retiree Committee may be shared with the public.  Similarly, the Retiree Committee will be concerned that the fruits of its own investigation may be disseminated to inappropriate parties.  In turn, these concerns will impede the Retiree Committee's efforts to obtain information, which will undermine its ability to maximize its constituency's recoveries. Certainly, the drafters could not have intended Bankruptcy Code section 1102(b)(3) to hinder a retiree committee's obligations under Bankruptcy Code sections 1103(c) and 1114.  These statutes must be harmonized with the overall purposes of chapter 11.

22.     In addition, the delivery of unfettered access to information by the Retiree Committee to its constituents could impact the attorney-client and work product privileges between the Retiree Committee and its counsel or other agents.  *Cf. In re Baldwin-United Corp.*, 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege).  Maintenance of a website, as contemplated by the Information Protocol, will satisfy section 1102(b)(3) without compromising the Retiree Committee's ability to perform its statutory duties under sections 1103 and 1114.

ME1 12294422v.1

23.     Given the importance of this issue, the Retiree Committee seeks clarification that Section 1102(b)(3) of the Bankruptcy Code does not require the Retiree Committee to disseminate proprietary, non-public, confidential information and attorney-client communications concerning the Debtors and determining the Retiree Committee to be in compliance with Bankruptcy Code section 1102(b)(3) as a result of the implementation of the Information Protocol.

## THE RETIREE COMMITTEE'S INFORMATION AGENT

24.     Consistent with the Information Protocol, the Retiree Committee also is filing an application to retain Kurtzman Carson Consultants LLC ("KCC") as the Retiree Committee's Information Agent.

25.     KCC is a company that specializes in, among other things, assisting statutory committees in fulfilling their obligations to a debtor's creditor body pursuant to section 1102 of the Bankruptcy Code.  Subject to its retention being approved by this Court, KCC will create a Web-based system that is designed to provide a formatted, organized, and comprehensive system to provide access to information about the Chapter 11 Case, consistent with the Information Protocol, to the Retiree Plan Participants and other parties-in-interest.

## THE COURT'S INHERENT POWER

26.     Bankruptcy Code section 105(a) provides, in pertinent part, that the Court may "issue any order ... that is necessary or appropriate to carry out the provisions of this title." The Retiree Committee believes that the relief requested herein is necessary for the Retiree Committee to fulfill its statutory functions and obligations as contemplated by Bankruptcy Code sections 1103(c) and 1114.

ME1 12294422v.1

27.    The Retiree Committee submits that the relief requested herein is appropriate and well within the authority of this Court.  As Bankruptcy Code section 1102(b)(3)(A) might otherwise have a substantial chilling effect on information that the Debtors may be willing to share with the Retiree Committee, or on the Retiree Committee's development of independent analyses, it cannot be seriously questioned that the relief requested herein is "necessary and appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

28.    The relief sought herein is customary in mega cases.  Relief substantially similar to the relief requested herein has been approved previously in this case and District.  *See, e.g, In re Nortel Networks, Inc.*, No. 09-10138 (KG) (Bankr. D. Del. Mar. 4, 2009) (D.I. 433);  *In re Tropicana Entertainment, LLC*, No. 08-10856 (KIC) (Bankr. D. Del. Jul. 10, 2008); *In re Linens Holding Co.*, No. 08-10832 (CSS) (Bankr. D. Del. June 30, 2008);  *In re Fedders North America, Inc.*, 07-1176 (BLS) (Bankr. D. Del. Sept. 18, 2007);  *In re Dura Automotive Systems, Inc.*, 06-11202 (KJC) (Bankr. D. Del. Dec. 12, 2006);  *In re Three A's Holdings*, 06-10886 (BLS) (Bankr. D. Del. Oct. 13, 2006); *In re Radnor Holdings Corp.*, 06-10894 (PJW) (Bankr. D. Del. Sept. 19, 2006); *In re Werner Holding Co. (DE), Inc.*, 06-10578 (KJC) (Bankr. D. Del. Aug. 8,2006);  *In re Global Home Products, LLC*, No. 06-10340 (KG) (Bankr. D. Del. May 4, 2006);  *In re J. L. French Automotive Castings, Inc.*, 06-10119 (MFW) (Bankr. D. Del. Apr. 24, 2006);  *In re Nellson Nutraceutical. Inc.*, 06-10072 (CSS) (Bankr. D. Del. Feb. 24, 2006); *In re Nobex Corp.*, 05-20050 (MFW) (Bankr. D. Del. Feb. 10, 2006); *In re FLYi, Inc.*, 05-20011 (MFW) (Bankr. D. Del. Nov. 15, 2005).

## NOTICE

29.    No trustee or examiner has been appointed in the Chapter 11 Case.  Notice of this Motion has been given to:  (i) the Office of the United States Trustee for the District of

11

Delaware;  (ii) counsel to the Debtors;  (iii) counsel to the Unsecured Creditors' Committee;  (iv) counsel to the Bondholder Group;  (v) proposed counsel to the LTD Committee;  (vi) the Retiree Plan Participants;  and (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Retiree Committee respectfully submits that given the nature of the relief requested, no further notice need be given.

## NO PRIOR REQUEST

30.    No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter the Order, annexed hereto as **Exhibit A**, and grant the Retiree Committee such other and further relief as the Court deems just, proper and equitable.

Dated: September 22, 2011
      Wilmington, DE

**MCCARTER & ENGLISH, LLP**

/s/ William F. Taylor, Jr.
William F. Taylor, Jr. (DE Bar I.D. #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 Facsimile
wtaylor@mccarter.com

-and-

Albert Togut, Esquire
Neil Berger, Esquire
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119
(212) 594-5000
(212) 967-4258 Facsimile
neilberger@teamtogut.com

*Counsel to the Official Committee of Retirees*

ME1 12294422v.1