IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                                         :   Chapter 11
In re:                                                   :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :   Jointly Administered
                    Debtors.                             :
                                                         :   Hearing date: 10/19/11 @ 10:00 **a.m.**
                                                         :   Objections due: 10/12/11 @ 4:00 p.m.
---------------------------------------------------------x

## APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(c) AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS COMMUNICATIONS AGENT FOR THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES AND APPROVING RELATED AGREEMENT, NUNC PRO TUNC TO SEPTEMBER 9, 2011

The Official Committee of Retired Employees (the "Retiree Committee") in the above-captioned cases (the "Chapter 11 Case"), makes this application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the employment and retention of Kurtzman Carson Consultants LLC ("KCC") as communications agent for the Retiree Committee pursuant to sections 105(a), 1102(b)(3) and 1103(c) of title 11 of the United States Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

(the "Bankruptcy Code"), *nunc pro tunc* to September 9, 2011. In support of this Application, the Retiree Committee respectfully states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 1102(b)(3) and 1103(c) of the Bankruptcy Code.

### BACKGROUND

3. On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.

4. The United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. The Debtors continue to operate their businesses and manage their

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 2, 2011, the Debtors moved for an order pursuant to Bankruptcy Code section 1114 directing the appointment of the Retiree Committee (the "1114 Motion") [D.I. 5568] to serve as the official representative for the Debtors' retired employees who are currently receiving benefits under the Debtors' Retiree Welfare Plans (as defined in the 1114 Motion).

7. On June 21, 2011, the Court entered its Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees [D.I. 5783].[3]

8. On August 2, 2011 (the "Committee Formation Date"), the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed her Notice of Appointment of Official Committee of Retired Employees [D.I. 6074]. The five-member Retiree Committee consists of: (i) Gary R. Donahee; (ii) Michael P. Ressner; (iii) Susan Kane; (iv) John T. Zalokar; and (v) Mark Haupt. Mr. Donahee is the chairperson of the Retiree Committee.

**RELIEF REQUESTED**

9. By this Application, the Retiree Committee seeks an order appointing KCC to act as its official communications agent to comply with the Retiree

---

[3] On June 21, 2011, the Court also entered its Order Appointing an Official Committee of Long-Term Disability Participants (the "LTD Commtitee") [D.I. 5790].

Committee's obligations under section 1102(b)(3) of the Bankruptcy Code, which provides that:

> A committee appointed under subsection (a) shall-
>
> (A)  provide access to information for creditors who
>
>   (i)  hold claims of the kind represented by that committee; and
>
>   (ii)  are not appointed to the committee;
>
> (B)  solicit and receive comments from the creditors described in subparagraph (A); and
>
> (C)  be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

10. The Debtors assert in the 1114 Motion that there are currently approximately 3,306 participants in the Retiree Welfare Plans (the "Retiree Plan Participants"), including 2,119 retirees and 1,187 of their dependents. The administrative burden, delay and cost of requiring the individual members of the Retiree Committee and its counsel to communicate with all of the Retiree Plan Participants without assistance would be prohibitive, and would frustrate the Retiree Committee's efforts to comply with section 1102(b)(3) of the Bankruptcy Code.

11. The Retiree Committee believes that the retention of KCC will assist the Retiree Committee in complying with its obligations under section 1102(b)(3) of the Bankruptcy Code, add to the effective administration of the Chapter 11 Case and reduce the overall expense of administering the Retiree Committee's duties to its consituents.

12. Accordingly, the Retiree Committee makes this Application pursuant to sections 105(a), 1102(b)(3) and 1103(c) of the Bankruptcy Code for an order: (a) appointing KCC to act as official communications agent for the Retiree Committee; and (b) authorizing the retention of KCC and the payment of KCC's fees by the Debtors' estates without requiring the submission of fee applications, as more fully described below, and in that certain Agreement for Services dated as of September 9, 2011 (the "KCC Agreement"), which is attached hereto as **Exhibit B**.[4] Subject to Court approval, KCC will undertake, *inter alia*, the following actions and procedures:

   a. Establish and maintain an Internet-accessible website (the "Retiree Committee Website"), to be hosted by KCC (the "Information Agent") that provides, without limitation:

      i. a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapterll.eqipsystems.com/nortel, which may include, among other things, the case docket and claims register;

      ii. a link or other form of access to the website maintained by the information agent of the Creditors' Committee at http://www.kccllc.net/nortelcommittee;

      iii. highlights of significant events in the Debtors' chapter 11 cases (the "Chapter 11 Cases") affecting Retiree Plan Participants;

      iv. a calendar with upcoming significant events in the Chapter 11 Cases affecting Retiree Plan Participants;

---

[4] KCC's fee structure, which is a schedule to the KCC Agreement, has not been included herein. While KCC is charging its normal and customary rates for the services set forth in the KCC Agreement, in order to maintain its competitive rates, the fee structure has not been included with this Application. The fee structure has been provided to the Debtors, the United States Trustee and a copy will be provided to the Court.

ME1 12295338v.1

    v. press releases (if any) issued by the Retiree Committee or the Debtors relevant to the Retiree Welfare Plans, the Retiree Plan Participants, and/or the Retiree Committee;

    vi. a registration form for Retiree Plan Participants to request "real-time" updates regarding filings in the Chapter 11 Case via electronic mail;

    vii. a form to submit Retiree Plan Participants' questions, comments and requests for access to information;

    viii. responses to Retiree Plan Participants' questions, comments, and requests for access to information; provided, that the Retiree Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the retiree's agreement to appropriate confidentiality constraints;

    ix. answers to frequently asked questions;

    x. links to other relevant websites, if any;

    xi. the names and contact information for the Debtors' counsel and restructuring advisors;

    xii. the names and contact information for the Creditors' Committee's counsel and financial advisors;

    xiii. the names and contact information for the LTD Committee's counsel; and

    xiv. the names and contact information for the Retiree Committee's counsel and financial advisors.

b. Distribute updates by and through the Information Agent regarding the Chapter 11 Case via electronic mail for Retiree Plan Participants that have registered for such service on the Retiree Committee Website; and

6

ME1 12295338v.1

      c. Establish and maintain a telephone number and electronic mail address by and through the Information Agent for Retiree Plan Participants to submit questions and comments.

**KCC's Qualifications**

13. KCC is particularly well suited to perform the foregoing tasks. KCC is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases, including the maintenance of websites on behalf of chapter 11 debtors and official committees. Recent large chapter 11 cases in this and other Districts in which KCC has created websites to provide access to information include: In re DSI Holdings, Inc., et al., Case No. 11-11941 (Bankr. D. Del. June 26, 2011); In re Nebraska Book Co., Inc., et al., Case No. 11-12005 (Bankr. D. Del. June 27, 2011); In re Caribe Media, Inc., et al., Case No. 11-11387 (Bankr. D. Del. May 3, 2011) In re Barnes Bay Development, Ltd., et al., Case No. 11-10792 (Bankr. D. Del. March 17, 2011); In re New Stream Secured Capital, Inc., et al., Case No. 11-10753 (Bankr. D. Del. January 26, 2011); In re Javo Beverage Co., Inc., Case No. 11-10212 (Bankr. D. Del. Januaryy 24, 2011); In re Appleseed's Intermediate Holdings LLC, Case No. 11-10160 (Bankr. D. Del. January 19, 2011); In re Constar Int'l Inc., Case No. 11-10109 (Bankr. D. Del. November 17, 2010); In re Claim Jumper Restaurants, LLC, et al., Case No. 10-12819 (Bankr. D. Del. September 10, 2010); In re Carribean Petroleum Corp., et al., Case No. 10-12553 (Bankr. D. Del. August 12, 2010); In re American Safety Razor Company, LLC, et al., Case No. 10-12351 (Bankr. D. Del. July 28, 2010). See also,

e.g., <u>In re Marco Polo Seatrade B.V., et al.</u>, Case No. 11-13634 (Bankr. S.D.N.Y. July 29, 2011); <u>In re MSR Resort Golf Course LLC, et al.</u>, Case No. 11-10372 (Bankr. S.D.N.Y. February 1, 2011); <u>In re Vertis Holdings, Inc.</u>, Case No. 10-16170 (Bankr. S.D.N.Y. November 17, 2010); <u>In re American Media, Inc.</u>, Case No. 10-16140 (Bankr. S.D.N.Y. November 17, 2010); <u>In re Loehmann's Holdings, Inc.</u>, Case No. 10-16077 (Bankr. S.D.N.Y. November 15, 2010); <u>In re Blockbuster Inc.</u>, Case No. 10-14997 (Bankr. S.D.N.Y. Sep. 23, 2010); <u>In re NR Liquidation III Co. Inc. f/k/a Neff Corp.</u>, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. May 16, 2010); <u>In re Truvo USA LLC, et. al.</u>, Case No. 10-13513 (AJG) (Bankr. S.D.N.Y. July 1, 2010). As such, KCC is well qualified to prepare the Retiree Committee Website and to assist the Retiree Committee in providing the Retiree Plan Participants with access to information in connection with the Chapter 11 Case.

14. On March 5, 2009, the Court entered its Order approving the retention of KCC as communications agent to the Creditors' Committee [D.I. 432], and the LTD Committee has also selected KCC, subject to Court approval, to maintain a website for the LTD Committee. Given the existence of dedicated websites maintained by both the Debtors and the Creditors' Committee that, together, provide information with respect to the Debtors' bankruptcy cases as a whole, the Retiree Committee respectfully submits that a more limited website, dedicated solely to Retiree Plan Participants' issues and needs, is appropriate in this instance.

8

ME1 12295338v.1

**TERMS OF RETENTION**

15.     KCC shall be compensated by the Debtors' estates for services rendered to the Retiree Committee in connection with the Debtors' cases as more fully described below.  In addition, the Retiree Committee seeks to have the fees and expenses incurred by KCC in providing its services as set forth in the KCC Agreement subject to the limits set forth in the Order Authorizing the Debtors to Retain and Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date, dated February 5, 2009 (the "Ordinary Course Professional Order") (Docket No. 236) and the procedures set forth therein that apply in the event that KCC's fees and expenses exceed the limits set for Tier One OCPs (as such term is defined in the Ordinary Course Professional Order).  These are the same procedures under which KCC is employed as information agent for the Creditors' Committee and as proposed website provider to the LTD Committee.

16.     KCC will deliver monthly invoices to the Debtors for payment without the necessity of KCC filing fee applications with the Bankruptcy Court. Payments to KCC are to be based upon KCC's submission of a billing statement to the Retiree Committee, the Creditors' Committee and the Debtors with a detailed listing of services, expenses and supplies, within fifteen (15) days of the end of each calendar month.  The Retiree Committee, the Creditors' Committee and the Debtors shall have ten (10) days to object to the monthly invoices.  If an objection cannot be resolved, the Retiree Committee will schedule a hearing before this Court to consider the disputed invoice.  Unless advised of an objection, the Debtors will pay each KCC invoice within

thirty (30) days after the tenth (10th) day after the receipt of the invoice, in the ordinary course of business. If an objection is raised to a KCC invoice, the Debtors will remit to KCC only the undisputed portion of the invoice and, if applicable, will pay the remainder to KCC upon the resolution of the dispute, as mandated by the Bankruptcy Court.

17. The Retiree Committee requests that the fees and expenses KCC incurs in the performance of its services be treated as an administrative expense of the Debtors' chapter 11 estates and paid by the Debtors in the ordinary course of business without further application to the Bankruptcy Court; provided, however, that to the extent that KCC's fees and expenses are disallowed by this Court, KCC shall not be entitled to an administrative claim for such disallowed fees and expense.

### KCC'S DISINTERESTEDNESS

18. Based upon the affidavit of Drake D. Foster (the "Foster Affidavit"), KCC's General Counsel, annexed hereto as **Exhibit C**, to the best of KCC's knowledge, except as set forth in the Foster Affidavit, KCC has and represents no interest materially adverse to the interests of the Retiree Committee or the Debtors' estates with respect to the matters upon which KCC would be employed and the Retiree Committee believes that KCC's employment will be in the best interest of the creditors which the Retiree Committee represents, as well as the Debtors' estates.

19. As set forth in the Foster Affidavit, KCC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code. KCC and its professional personnel are not creditors, equity security holders or insiders of the

Debtors, are not and were not, within two years before the date of the filing of the Debtors' petitions, directors, officers of employees of the Debtors. KCC does not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

## **NOTICE**

20. No trustee or examiner has been appointed in the Chapter 11 Case. Notice of this Motion has been given to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Creditors' Committee; (iv) counsel to the Bondholder Group; (v) proposed counsel to the LTD Committee; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Retiree Committee respectfully submits that given the nature of the relief requested, no further notice need be given.

## **NO PRIOR REQUEST**

21. No previous request for the relief sought herein has been made to this or any other court.

*[Concluded on Following Page]*

WHEREFORE, the Retiree Committee respectfully requests that the Court enter the Order, annexed hereto as **Exhibit A**, and grant the Retiree Committee such other and further relief as the Court deems just, proper and equitable.

| | |
|---|---|
| Dated: September 22, 2011<br>Wilmington, DE | **MCCARTER & ENGLISH, LLP**<br><br>/s/ William F. Taylor, Jr.<br>William F. Taylor, Jr. (DE Bar I.D. #2936)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>(302) 984-6300<br>(302) 984-6399 Facsimile<br>wtaylor@mccarter.com<br><br>-and-<br><br>Albert Togut, Esquire<br>Neil Berger, Esquire<br>Togut, Segal & Segal LLP<br>One Penn Plaza<br>New York, New York 10119<br>(212) 594-5000<br>(212) 967-4258 Facsimile<br>neilberger@teamtogut.com<br><br>*Counsel to the Official Committee of Retirees* |