**EXHIBIT B**

KCC Agreement



# KCC AGREEMENT FOR SERVICES

This Agreement is entered into as of the ___ day of _____, 2011, between the Official Committee of Retired Employees (together with its members, agents and representatives, the "Committee") appointed in the chapter 11 cases (the "Cases") of Nortel Networks Inc. and its affiliated debtors and debtors in possession (the "Debtors") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 09-10138, jointly administered, and Kurtzman Carson Consultants LLC (together with its affiliates and subcontractors, "KCC").

The services rendered by KCC will commence on the date hereof, and continue until either party shall exercise its rights of suspension or termination as set forth below.

In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Terms and Conditions**

I.    SERVICES

A.    KCC agrees to provide the Committee with technology and other services in connection with the Committee's involvement in the Cases.

B.    KCC may upon request provide a communications plan including but not limited to preparation of communications materials, dissemination of information and a call center staffed by KCC.

C.    KCC agrees to provide copy and notice services consistent with the applicable Local Rules of the Bankruptcy Court and as requested by the Committee and/or the Bankruptcy Court.

D.    The Committee agrees and understands that KCC shall not provide the Committee with any legal advice.

II.   PRICES, CHARGES AND PAYMENT

A.    KCC agrees to charge and the Committee agrees to use its best efforts to cause the Debtors to pay KCC for its services, expenses and supplies at the rates or prices outlined in the pricing schedule provided to the Committee and the Debtors (the "KCC Fee Structure"). KCC's prices are generally adjusted periodically to reflect changes in the business and economic environment. KCC reserves the right to reasonably increase its prices, charges and rates annually. If any price increases exceed 10%, KCC will give thirty (30) days written notice to the Committee.

B.    KCC agrees to charge and the Committee agrees to use its best efforts to cause the Debtors to pay expenses incurred by KCC related to transportation, lodging, meals, publications, postage and other third-party charges, in addition to the hourly consulting fees and any other fees set forth in the KCC Fee Structure.

Kurtzman Carson Consultants LLC  2335 Alaska Avenue El Segundo, California 90245  PHONE 310-823-9000  FAX 310-823-9133  kccllc.com



# KCC AGREEMENT FOR SERVICES

C.     KCC agrees to submit its invoice to the Committee and the Debtors monthly.  The Committee agrees that the amount invoiced is due and payable upon its receipt of the invoice.  However, where total fees and expenses are expected to exceed $10,000 in any single month, KCC may require advance payment prior to the performance of services.  If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Committee further agrees to use its best efforts to cause the Debtors to pay a late charge, in addition to the fees and expenses due and owing to KCC, calculated as one and one-half percent (1-1/2%) of the amount unpaid every thirty (30) days.  In the case of a dispute in the invoice amount, the Committee shall give KCC written notice within ten (10) days of receipt of the invoice by the Committee.  Late charges shall not accrue on any amounts in dispute.  The undisputed portion of the invoice amount is due and payable in the normal course.  Unless otherwise agreed to in writing, the fees for print notice and media publication (including commissions) as well as certain expenses must be paid at least three (3) days in advance of those fees and expenses being incurred.

D.     As full compensation for the services to be provided by KCC and in conjunction with the Committee's efforts to cause the Debtors to pay KCC for its services, the Committee agrees to file an application with the Bankruptcy Court to require the Debtors to pay KCC its fees and expenses as outlined in the KCC Fee Structure through submission by KCC to the Committee and the Debtors of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith and without the need of KCC to file formal fee applications.

III.     RIGHTS OF OWNERSHIP

A.     The parties understand that the software programs and other materials furnished by KCC pursuant to this Agreement and/or developed during the course of this Agreement by KCC are the sole property of KCC.  The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation.  The Committee agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.     The Committee further agrees that any ideas, concepts, know-how or techniques relating to data processing or KCC's performance of its services developed during the course of its Agreement with KCC shall be the exclusive property of KCC.

C.     Furthermore, upon the Committee's request, KCC shall immediately deliver to the Committee, at the Committee's sole expense, any or all of the non-proprietary data and records held by KCC pursuant to this Agreement, in the form requested by the Committee.

IV.     CONFIDENTIALITY

KCC, on behalf of itself and its employees, agrees to keep confidential all records and other information with respect to the Committee.  The Committee, on behalf of itself and its employees, agrees to keep all proprietary, non-public information with respect to KCC's system, procedures and software confidential.  However, if either party is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.



# KCC AGREEMENT FOR SERVICES

V.    SUSPENSION OF SERVICE AND TERMINATION

A.    This Agreement shall remain in force until terminated or suspended by either party upon thirty (30) days' written notice to the other party, or for Cause (as defined herein), in which event no notice shall be required. The term "Cause" means an act or omission to act by KCC performed with either gross negligence or willful misconduct that causes, or an act or omission with the intent to cause, harm to the Committee's efforts in the Cases. The term "Cause" also means failure of the Committee or the Debtors to pay KCC invoices for more than sixty (60) days from the date of invoice, or the accrual of invoices or unpaid services in excess of the retainer held by KCC where KCC has a reasonable fear of non-payment.

B.    KCC shall be entitled to an administrative expense claim for all fees and expenses outstanding at the time of termination.

C.    In the event that this contract is terminated, regardless of the reason for such termination; KCC shall cooperate with the Committee to maintain an orderly transfer of record keeping functions and KCC shall provide all necessary staff, services and assistance required for an orderly transfer (collectively, "Wind-Down Services"). The Committee agrees to use its best efforts to cause the Debtors to pay for all of KCC's fees and expenses outstanding at the time of termination as well as fees and expenses incurred in the performance of Wind-Down Services at KCC's then existing prices for such services.

VI.    SYSTEM IMPROVEMENTS

KCC strives to provide continuous improvements in the quality of service to the Committee. Therefore, KCC reserves the right to make changes in its operating procedures, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the KCC data center serving the Committee, so long as any such changes do not materially interfere with ongoing services provided to the Committee.

VII.    INDEPENDENT CONTRACTORS

The Committee and KCC are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

VIII.    OTHER MATTERS

A.    The Committee is responsible for the accuracy of the programs, data and information it or any representative of the Committee submits for processing to KCC and for the output of such information. KCC does not verify information provided by the Committee. The Committee agrees to initiate and maintain backup files that would allow the Committee to regenerate or duplicate all programs and data submitted by the Committee to KCC.

B.    The Committee agrees that except as expressly set forth herein, KCC makes no representations or warranties, express or implied, including, but not limited to, any implied or



# KCC AGREEMENT FOR SERVICES

express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

IX.     FORCE MAJEURE

Whenever performance by KCC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock-out or other industrial or transportation disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions or by reason of any other matter beyond KCC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

X.     NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:

| | |
|---|---|
| Kurtzman Carson Consultants LLC | Committee |
| 2335 Alaska Ave. | c/o Togut, Segal & Segal LLP |
| El Segundo, CA  90245 | One Penn Plaza |
| Attn:  Drake D. Foster | New York, NY 10119 |
| Tel: (310) 823-9000 | Attn: Albert Togut, Esq. and Neil Berger, Esq. |
| Fax: (310) 823-9133 | Tel:   (212) 594-5000 |
| | Fax:  (212) 967-4258 |

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

XII.     APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

XIII.     ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement. The Committee represents that it has the authority to enter into this Agreement subject only to entry of an order of the Bankruptcy Court in the Cases, and this Agreement is non-dischargeable under any applicable statute or law.  If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.  This Agreement may be modified



# KCC AGREEMENT FOR SERVICES

only by a written instrument duly executed by an authorized representative of the Committee and an officer of KCC.

XV.   ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by KCC to a wholly-owned subsidiary or affiliate of KCC.

XVI.   ARBITRATION

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction thereof. For that purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in New York County, State of New York.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

BY: Albert H Kass
TITLE: VP, Corporate Restructuring


Committee


BY:   Gary R. Donahee
TITLE:  Committee Chairman



# KCC AGREEMENT FOR SERVICES

only by a written instrument duly executed by an authorized representative of the Committee and an officer of KCC.

XV.     ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by KCC to a wholly-owned subsidiary or affiliate of KCC.

XVI.    ARBITRATION

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction thereof. For that purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in New York County, State of New York.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

_____

BY:
TITLE:


Committee

*(signature: Gary R Donahee)*

BY:     Gary R. Donahee
TITLE:  Committee Chairman

5