IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
*In re*                                                     :   Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :   Case No. 09-10138 (KG)
                                                            :
                                        Debtors.            :   Jointly Administered
                                                            :
                                                            :
                                                            :   RE: D.I. 6303
                                                            :
------------------------------------------------------------X

### ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM FOR NON-CANADIAN INTERCOMPANY CLAIMS AND REMAINING DIRECTOR AND OFFICER CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion dated September 2, 2011 (the "Motion")[2] of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, fixing deadlines (the "Non-Canadian Intercompany Claims and D&O Bar Dates") and establishing procedures for filing proofs of claim by the Non-Canadian Intercompany Creditors and Indemnification Claims of the Post-filing Directors and Officers against the Debtors and approving the form and manner of notice thereof; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), *Nortel Networks International Inc.* (0358), *Northern Telecom International Inc.* (6286) and *Nortel Networks Cable Solutions Inc.* (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Except as otherwise provided herein, all Non-Canadian Intercompany Creditors and Post-filing Directors and Officers holding Indemnification Claims that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors which arose prior to the filing of the chapter 11 petitions on January 14, 2009 in the case of all Debtors other than NN CALA or in the case of NN CALA, July 14, 2009 (the respective date for each Debtor, the "Petition Date"), shall file a proof of such claim in writing so that it is received on or before **November 15, 2011, at 4:00 p.m. (prevailing Eastern Time)** (the "General Non-Canadian Intercompany Claims and D&O Bar Date").

3. Subject to paragraph 20 of this Order, all claims filed by Non-Canadian Intercompany Creditors and all Indemnification Claims filed by Post-filing Directors and Officers against the Debtors shall be filed in, and only in, these chapter 11 cases with the Claims Agent (as defined herein) in accordance with the procedures set forth in this Order.

4. The following procedures for the filing of proofs of claim by Non-Canadian Intercompany Creditors and the filing of Indemnification Claims by Post-filing Directors and Officers shall apply:

   (a) Proofs of claim must conform substantially to the Non-Canadian Intercompany and D&O Proof of Claim Form;

However, claims asserted under Section 503(b)(9) of the Bankruptcy Code must conform to the Section 503(b)(9) Claim Form approved in this Court's *Order Establishing and Implementing Uniform Procedures Regarding Section 503(b)(9) Claims* (the "503(b)(9) Claims Order") [D.I. 590];

(b) Proof of claim forms must be filed by delivery of the original either by first class U.S. mail, postage prepaid to Epiq Bankruptcy Solutions, LLC (the "Claims Agent") at the following address:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station, P.O. Box 5075
> New York, NY 10150-5075

or, if sent by hand delivery or overnight courier, to:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

(c) Proofs of claim sent by facsimile, telecopy or electronic mail shall not be accepted;

(d) Proof of claim forms will be deemed filed only if <u>actually received</u> by the Claims Agent **on or before 4:00 p.m. (prevailing Eastern Time)** on the applicable Non-Canadian Intercompany Claims and D&O Bar Date;

(e) Proof of claim forms must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful United States currency; provided, however, that the Debtors shall have the right to convert a claim denominated in non-U.S. currency into U.S. currency using the Reuters closing rate as of the Petition Date, unless the Debtors deem another date more appropriate; and

(f) Proof of claim forms must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.

5. The following Non-Canadian Intercompany Creditors and Post-filing Directors and Officers need not file a proof of claim on or prior to the General Non-Canadian Intercompany Claims and D&O Bar Date:

(a) Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer holding an Indemnification Claim that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent in a form substantially similar to Official Form No. 10 and/or the Section 503(b)(9) Claim Form for such claim;

(b) Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer holding an Indemnification Claim whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any Non-Canadian Intercompany Creditor holding a claim against the Debtors or Post-filing Director or Officer holding an Indemnification Claim against the Debtors that heretofore has been allowed by order of this Court;

(d) Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer holding an Indemnification Claim whose claim against the Debtors has been paid in full by the Debtors pursuant to an order of this Court; and

(e) Any Non-Canadian Intercompany Creditor holding a claim against the Debtors or Post-filing Director or Officer holding an Indemnification Claim for which specific deadlines have previously been fixed by this Court.

6. Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer (solely with respect to Indemnification Claims) that holds a claim that arises from the rejection of an executory contract or unexpired lease by the Debtors, as to which the order authorizing such rejection is dated on or before the date of entry of this Order and which is not subject to a prior claims filing deadline by order of the Court, must file a proof of claim based on such

4

rejection on or before the General Non-Canadian Intercompany Claims and D&O Bar Date, and any Non-Canadian Intercompany Creditor or Post-filing Director or Officer (for such directors and officers solely with respect to Indemnification Claims) that holds a claim that arises from the rejection of an executory contract or unexpired lease by the Debtors, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim by the date (the "Non-Canadian Intercompany and D&O Rejection Bar Date") that is the latter of: (a) the General Non-Canadian Intercompany Claims and D&O Bar Date, or (b) the date that is either (i) 30 days after entry of an order authorizing such rejection or (ii) 35 days after the Debtors file or serve by email, first class U.S. mail or overnight courier a notice of the rejection of such executory contract or unexpired lease, whichever is applicable.

7. If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the Non-Canadian Intercompany Creditor or Post-filing Director or Officer (solely with respect to Indemnification Claims) who hold claims that are affected thereby, and such Non-Canadian Intercompany Creditor or Post-filing Director or Officer shall be afforded 21 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline (the "Non-Canadian Intercompany and D&O Amended Schedule Bar Date").

8. Nothing in this Order shall prejudice the rights of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9. Pursuant to Bankruptcy Rule 3003(c)(2), all Non-Canadian Intercompany Creditors and Post-filing Directors or Officers (solely with respect to Indemnification Claims) who are holders of claims against the Debtors that fail to comply with this Order by filing a

proof of claim by the applicable Non-Canadian Intercompany Claims and D&O Bar Date in appropriate form (i) shall be forever barred and estopped from asserting such claim (or filing a proof of claim with respect thereto) against the Debtors and their estates, (ii) shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution under a plan of reorganization or liquidation in these cases, (iii) the Debtors and their estates shall be forever discharged from any and all indebtedness or liability with respect to such claim, and (iv) such creditor shall not be entitled to any further notices in these chapter 11 cases with respect to such claim.

10. A copy of the notice substantially in the form attached to the Motion as <u>Exhibit B</u> (the "<u>Non-Canadian Intercompany Claims and D&O Bar Date Notice</u>") along with a Non-Canadian Intercompany and D&O Proof of Claim Form and a Section 503(b)(9) Claim Form (collectively, the "<u>Non-Canadian Intercompany Claims and D&O Bar Date Package</u>") is approved and shall be deemed adequate and sufficient if served by first-class mail at least 30 days prior to the General Non-Canadian Intercompany Claims and D&O Bar Date on:

  (a) the United States Trustee;

  (b) counsel to the Committee;

  (c) counsel to the Bondholder Group;

  (d) all known Non-Canadian Intercompany Creditors (or their counsel), including all Non-Canadian Intercompany Creditors listed in the Schedules as holding claims;

  (e) all known Post-filing Directors and Officers (or their counsel, if known), including all Post-filing Directors and Officers listed in the Schedules as holding claims;

  (f) the general service list established in these chapter 11 cases; and

  (g) such additional entities as deemed appropriate by the Debtors.

11. With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Non-Canadian Intercompany and D&O Proof of Claim form annexed to the Motion as <u>Exhibit C</u>, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

12. The Debtors are hereby authorized to provide supplemental mailings of the Non-Canadian Intercompany Claims and D&O Bar Date Package at any time up to 21 days in advance of the applicable Non-Canadian Intercompany Claims and D&O Bar Date as may be necessary in certain situations, including without limitation, where: (a) Non-Canadian Intercompany Claims and D&O Bar Date Packages are returned by the post office with forwarding addresses; and (b) additional potential claimants become known to the Debtors as a result of the Non-Canadian Intercompany Claims and D&O Bar Date Notice process. Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any claimant to whom the Debtors mailed a Non-Canadian Intercompany Claims and D&O Bar Date Package in accordance with the terms of this Order and such Non-Canadian Intercompany Claims and D&O Bar Date Package was returned to the Debtors as undeliverable without a forwarding address.

13. The Debtors are permitted to establish supplemental bar dates, upon written consent of the Committee, and the Debtors shall advise the Court of any supplemental bar date by filing a supplemental bar date notice, which identifies the supplemental bar date and the claimants that are subject thereto, and provides 21 days notice of any supplemental bar date.

14. Any Non-Canadian Intercompany Creditor or Post-filing Director or Officer that relies on the Schedules will bear the responsibility for determining that its claim is accurately listed in the Schedules.

15. The Debtors shall publish notice of the Non-Canadian Intercompany Claims and D&O Bar Dates substantially in the form attached as Exhibit D to the Motion (the "Publication Notice") no later than 30 days before the General Non-Canadian Intercompany Claims and D&O Bar Date in The Globe and Mail and The Wall Street Journal (national and global editions) and shall also post a copy of the Publication Notice and the Non-Canadian Intercompany Claims and D&O Bar Date Package on http://dm.epiq11.com/nortel, the independent website maintained by the Claims Agent. The Publication Notice is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Non-Canadian Intercompany Claims and D&O Bar Dates.

16. The Debtors and their Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

17. Notice provided by this Order to foreign creditors is sufficient under Bankruptcy Rule 2002(p).

18. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Non-Canadian Intercompany Claims and D&O Bar Dates established herein or other prior deadlines for the filing of claims established by the Court must file such proofs of claim or interest or be barred from doing so.

19. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

20. This Order is without prejudice to the Debtors' right to seek further orders of this Court to implement specific procedures for the reconciliation and/or resolution of claims against the Debtors including, without limitation, pursuant to the Cross-Border Claims Protocol. For the avoidance of doubt, nothing in this Order supersedes or shall be deemed to supersede any provision of the Cross-Border Protocol or the Cross-Border Claims Protocol, each of which remains in effect in these cases and the Canadian Proceedings pursuant to the respective prior orders of this Court and the Canadian Court.

21. The Canadian Debtors and Monitor shall be given notice of hearings and chambers conferences relating to claims filed by Non-Canadian Intercompany Creditors and Indemnification Claims filed by Post-filing Directors and Officers against the Debtors.

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: SEPT. 23, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE