# United States Bankruptcy Court

### District of Delaware
In re: **Nortel Networks, Inc.,** Case No.**09-10138**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee<br>**Argo Partners** | Name of Transferor<br>**Anixter** |
| Name and Address where notices and payments to transferee should be sent<br>**Argo Partners**<br>**12 West 37th Street, 9th Floor**<br>**New York, NY 10018**<br>**Phone:(212) 643-5443** | Court Record Address of Transferor<br>(Court Use Only)<br><br>Last Four Digits of Acct. #: _____<br><br>Name and Current Address of Transfer<br>**Anixter**<br>**2301 Patriot Boulevard**<br>**Glenview, IL 60026**<br>Phone:<br><br>**Court Claim #4639**<br><br>**General Unsecured Amount: $3,400,000.00**<br>**503b9 Amount:         $ 279,615.74**<br>**Total Claim Amount:     $ 3,679,615.74** |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Scott Krochek          Date: 9/23/2011
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

## NON-RECOURSE ASSIGNMENT OF CLAIM

The undersigned parties (collectively, the "Parties") hereby agree to enter into this Non-Recourse Assignment of Claim Agreement (the "Agreement") pursuant to the terms and obligations set forth below:

1.      Anixter Inc. ("Assignor"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto Argo Partners ("Assignee"), with offices at 12 W. 37th St., 9th Floor, New York, NY 10018, all of the Assignor's right, title and interest in and to, or arising under or in connection with, that certain proof of claim filed by Assignor on September 29, 2009 against Nortel Networks Inc. (the "Debtor") as Claim No. 4639 in Case No. 09-10138 pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), to be allowed pursuant to stipulation and order in the reduced amount of $3,400,000.00 (as a general unsecured claim) and $279,615.74 (as an administrative claim pursuant to 11 U.S.C. § 503(b)(9)), including all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with the foregoing claims from and after the date of this Agreement and all other rights and benefits arising under or relating to the foregoing claims, including all of Assignor's right to receive cash, securities, instruments and/or other property or distributions issued in connection with the foregoing claims (collectively, the "Claim"). As consideration for Assignor's assignment of the Claim to Assignee, Assignee shall pay to Assignor                (the "Purchase Price").

2.      Assignee agrees to pay Assignor the Purchase Price no later than seven (7) days after the entry of an order by the Bankruptcy Court allowing the Claim and Assignee agrees that its rights under this Agreement shall not vest until the Purchase Price has cleared and is fully paid to and actually received by the Assignor.

3.      Assignee acknowledges that the Claim that is the subject of this Agreement is sold, transferred and assigned unto Assignee "AS IS," "WHERE IS," and "WITH ALL FAULTS" and Assignor makes no warranty of any kind, express or implied, with respect to the Claim. **THIS SALE, TRANSFER AND ASSIGNMENT IS MADE WITHOUT REPRESENTATION, WARRANTY, GUARANTY OR RECOURSE AGAINST ASSIGNOR OF ANY KIND OR NATURE WHATSOEVER. ASSIGNOR EXPRESSLY DISCLAIMS ANY EXPRESS WARRANTIES, STATUTORY WARRANTIES OR ANY OTHER WARRANTIES THAT MAY BE IMPLIED BY LAW, INCLUDING, IF APPLICABLE, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE. ASSIGNEE EXPRESSLY ACKNOWLEDGES AND AGREES THAT ASSIGNOR'S INTEREST IN THE CLAIM IS BEING TRANSFERRED HEREUNDER ON AN "AS IS," "WHERE IS," and "WITH ALL FAULTS" BASIS** and that Assignee has not relied upon any warranties, guaranties, inducements, or representations by Assignor or any affiliate, agent or representative of Assignor in connection with the transfer of the Claim. Assignee further acknowledges and agrees that neither Assignor nor any agent, affiliate or representative of Assignor has made, and Assignor is not liable in any manner for, any express, statutory or implied warranties, guaranties, inducements, or representations pertaining to the Claim. Assignor further represents and warrants that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, and that

Assignor owns and has title to the Claim free from any and all liens, security interests or encumbrances of any kind or nature whatsoever.

4.      For the avoidance of doubt, Assignee shall have no recourse against Assignor with respect to the Claim, including, but not limited to, in the event that all or any part of the Claim is subordinated, reduced or disallowed for any reason whatsoever, including, without limitation, pursuant to an order of the Bankruptcy Court (whether or not such order is final or appealed), or if distributions are paid to Assignee in a time or manner, or pro rata amount, different from other similarly-situated creditors of the Debtor.

5.      Assignee acknowledges and understands that: (i) the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim; (ii) it has adequate information concerning the financial condition of the Debtor and the Debtor's case to make an informed decision regarding the purchase of the Claim and that it has independently and without reliance on Assignor, and based on such information as it deems appropriate, made its own decision to enter into this Agreement; and (iii) it is aware that information which may be pertinent to its decision to purchase the Claim is available and can be obtained from, among other public sources, the Bankruptcy Court's files.

6.      This Agreement shall be governed and construed in accordance with the laws of the State of Illinois without giving effect to any choice of law principles. Each party hereto irrevocably and unconditionally consents to the jurisdiction of the courts located in the city of Chicago (County of Cook), State of Illinois in any action to enforce, interpret or construe any provision of this Agreement, and also hereby irrevocably waives any defense of improper venue or *forum non conveniens* to any such action brought in those courts. Each party hereto consents to service of process by certified mail at its address set forth below. Assignee further irrevocably agrees that any action to enforce, interpret or construe any provision of this Agreement will be brought only in those courts and not in any other court. **THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT THEY MAY HAVE TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION, OR IN ANY LEGAL PROCEEDING, DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT, OR ANY OTHER THEORY). EACH PARTY (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT, OR ATTORNEY OF THE OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTY HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.**

7.      This Agreement is expressly conditioned upon the entry of a final order by the Bankruptcy Court allowing the Claim. To the extent the Bankruptcy Court does not enter a final order allowing the Claim by September 23, 2011, Assignor may elect to terminate this Agreement.

IN WITNESS WHEREOF, the undersigned has duly executed this Non-Recourse Assignment of Claim dated the 22nd day of September, 2011 by its duly authorized representative.

**ASSIGNOR:**

**ADDRESS FOR NOTICES:**

Steve Balk
VP Global Shared Services
Anixter Inc.
2301 Patriot Boulevard
Mail Stop 2N
Glenview, IL 60026

**ANIXTER INC.**

By: _____
Name: Ted Dosch
Title: Chief Financial Officer

**ASSIGNEE:**

**ADDRESS FOR NOTICES:**

Argo Partners
Attn: Alexander B. Ortega
12 W. 37th St.
9th Floor
New York, NY 10018

**ARGO PARTNERS**

By: _____
Name: _____
Title: _____

CH2\10460452.1

3

**IN WITNESS WHEREOF**, the undersigned has duly executed this Non-Recourse Assignment of Claim dated the 22nd day of September, 2011 by its duly authorized representative.

**ASSIGNOR:**

**ADDRESS FOR NOTICES:**

Steve Balk
VP Global Shared Services
Anixter Inc.
2301 Patriot Boulevard
Mail Stop 2N
Glenview, IL 60026

**ANIXTER INC.**

By:_____
Name: _____
Title: _____

**ASSIGNEE:**

**ADDRESS FOR NOTICES:**

Argo Partners
Attn: Alexander B. Ortega
12 W. 37th St.
9th Floor
New York, NY 10018

**ARGO PARTNERS**

By: _Ros. C. Singer_
Name: _M.C. SINGER_
Title: _Managing Member_

CH2\10460452.1

3

Sti Pulation

EXECUTION COPY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                               :
                                               :       Chapter 11
                                               :
In re                                          :
                                               :
Nortel Networks Inc., et al.,[1]               :       Case No. 09-10138 (KG)
                                               :
                       Debtors.                :       (Jointly Administered)
                                               :
------------------------------------------------- X
                                               :
Nortel Networks Inc.,                          :
                                               :
and                                            :
                                               :
Nortel Networks (CALA) Inc.                    :       Adv. Proc. No. 11-50193 (KG)
                                               :
                       Plaintiffs,             :
                                               :
v.                                             :
                                               :
Anixter Inc.                                   :
                                               :
and                                            :
                                               :
Anixter de Mexico, SA de CV                    :
                                               :
                       Defendants.             :
------------------------------------------------------X
```

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

EXECUTION COPY

## STIPULATION OF SETTLEMENT BY AND BETWEEN NORTEL NETWORKS INC., NORTEL NETWORKS (CALA) INC., ANIXTER INC., ANIXTER DE MEXICO, SA DE CV AND ANIXTER ARGENTINA SA

This stipulation (the "Stipulation") is entered into by and between Plaintiffs Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN (CALA)", and together with NNI, the "Plaintiffs") as two of the above-captioned debtors and debtors in possession (the Plaintiffs and the other entities identified in footnote 1 are the "Debtors," and each individually is a "Debtor"), on the one hand, and Anixter Inc., Anixter de Mexico, SA de CV (collectively, the "Defendants") and Anixter Argentina SA ("Anixter Argentina", and together with Plaintiffs and Defendants, the "Parties") on the other hand. The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about September 29, 2009, Anixter Inc. filed general unsecured proof of claim number 4639 against NNI in the amount of $4,042,609.64 in connection with its delivery of goods to NNI, ("Claim No. 4639"); and

WHEREAS, on or about March 20, 2009, Anixter Inc. and Anixter Argentina filed general unsecured proof of claim number 6830 against NN (CALA) in the amount of

2

EXECUTION COPY

$613,782.00 in connection with marketing and event expenses for NN (CALA) Inc. ("Claim No. 6830" and with Claim No. 4639, the "Claims"); and

WHEREAS, on May 14, 2009, NNI and Anixter Inc. entered into a Stipulation of Settlement of Reclamation Demand and 503(b)(9) Motion of Anixter Inc. (the "503(b)(9) Settlement"), pursuant to which NNI agreed that Anixter Inc. shall have an allowed administrative claim under 11 U.S.C. § 503(b)(9) in NNI's chapter 11 case in the amount of $279,615.74 and NNI agreed to pay Anixter Inc. the amount of $1,074,197.19 and to ship the goods identified in the 503(b)(9) Settlement to Anixter Inc., at NNI's expense; and

WHEREAS, on or about May 25, 2009, pursuant to the Notice of Proposed Settlement of Reclamation Demand and 503(b)(9) Motion of Anixter Inc. [Main D.I. 754][2], the 503(b)(9) Settlement was approved pursuant to the Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Sections 105(a), 362 and 546(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure [Main D.I. 336]; and

WHEREAS, pursuant to the 503(b)(9) Settlement, Anixter Inc. has an allowed administrative claim against NNI in the amount of $279,615.74 which, as of the date of this Stipulation, NNI acknowledges remains unpaid (the "503(b)(9) Claim"); and

WHEREAS, pursuant to the 503(b)(9) Settlement, NNI has paid Anixter Inc. the amount of $1,074,197.19 and has shipped the goods identified in the 503(b)(9) Settlement to Anixter Inc. at NNI's expense; and

WHEREAS, Plaintiffs' books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiffs made one or more transfers of an interest in their property to

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 11-50193) are in the form "Adv. D.I. __."

or for the benefit of Defendants in the aggregate amount of $4,791,745.62 (the "Subject Transfers"); and

WHEREAS, on December 6, 2010, Plaintiffs instituted an Adversary Proceeding, Adv. Proc. No. 11-50193 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendants, in which they sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]; and

WHEREAS, on February 17, 2011, Defendant Anixter Inc. filed an Answer to the Complaint [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses, including, but not limited to, that the alleged Subject Transfers were not subject to avoidance and recovery as a result of Anixter Inc.'s ordinary course of business dealings with the Plaintiffs and new value advanced by Anixter Inc. to Plaintiffs; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claim Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaint and Answer were filed, the Parties have

engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would

be imposed by further litigation of the Avoidance Claim and the Claims, have agreed to settle the

Adversary Proceeding and the Claims on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set

forth herein and other good and valuable consideration, the receipt and sufficiency of which are

hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      Resolution of the Avoidance Claim, Dismissal of the Adversary

Proceeding and Resolution of Proofs of Claim. Pursuant to the Avoidance Claims Settlement

Procedures Order, upon the Effective Date (defined below), this Stipulation shall be effective

and binding, by its terms, upon the Parties, and their respective successors and assigns,

including, without limitation, any trustee or receiver that may hereafter be appointed in the

Debtors' Chapter 11 cases. Within five (5) business days after the entry of the Bankruptcy Court

order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule

9019 becoming a Final Order (as defined below) (the "Effective Date"), Plaintiffs will file with

the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding. The

Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall

become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final

order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule

9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the

Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is

taken, (A) the affirmance of such order in its entirety, without modification, by the court of last

5

EXECUTION COPY

resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

      2.     Release of Debtors. Upon the Effective Date of this Stipulation, Defendants and Anixter Argentina hereby release and forever discharge Debtors, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtors Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendants and Anixter Argentina now have, had, may have had, or hereafter may have against any of the Debtors Releasees regarding the Avoidance Claim, the Adversary Proceeding, Claim 6830, and any transaction described or referred to in the Complaint or in Claim 6830. For the avoidance of doubt, Defendants release any and all claims arising under § 502(h) of the Bankruptcy Code. For the further avoidance of doubt, nothing in this Stipulation shall release (i) NNI or its successors and assigns from its obligations to Anixter Inc. pursuant to Anixter Inc.'s 503(b)(9) Claim, (ii) Claim No. 4639 as allowed under paragraph 4; or (iii) any claim Anixter Inc. or any of its affiliates may have against any affiliate of the Debtors that is not a Debtor, including the Canadian Debtors and the EMEA Debtors.[3]

---

[3] The "Canadian Debtors" are: Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation. The "EMEA Debtors" are: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3.  <u>Release of Defendants</u>. Upon the Effective Date of this Stipulation, the Debtors hereby release and forever discharge Defendants, their past and present parents, subsidiaries, affiliates (including Anixter Argentina), general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtors now have, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, Claim 6830 and any transaction described or referred to in the Complaint or in Claim 6830.

4.  <u>Settlement Consideration/Defendants' Proofs of Claim</u>. The Parties hereby stipulate that, as of the Effective Date of this Stipulation, Claim No. 4639 shall be reduced from $4,042,609.64 to $3,400,000.00 and shall be an allowed general unsecured claim by Anixter Inc. against NNI in the amount of $3,400,000.00 ( the "<u>Allowed Amount</u>"). Other than the 503(b)(9) Claim, Anixter Inc. agrees not to assert any claim based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 4639 and releases Debtors from any and all claims as to any amount over and above the Allowed Amount. The Parties hereby further stipulate that, as of the Effective Date of the Stipulation, Claim No. 6830 shall be disallowed in its entirety and expunged; and Defendants and Anixter Argentina agree not to assert any claim based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 6830. Except as provided for under Anixter Inc.'s 503(b)(9) Claim, the allowance of Claim No. 4639 in the Allowed Amount herein shall be granted in full satisfaction of any and

all claims that have been or could have been asserted in the Claims and shall amend and

supersede any and all claim amounts the Debtors list on their schedules filed with the

Bankruptcy Court. Defendants and Anixter Argentina shall not have any further claims against

the Debtors based on the Debtors' schedules or otherwise that could have been raised or asserted

prior to the date of this Stipulation.

     5.      No Further Claims. Upon the Effective Date of this Stipulation,

Defendants and Anixter Argentina shall be forever barred from (i) amending the Claims or (ii)

filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter

11 cases that could have been raised or asserted prior to the date of this Stipulation.

     6.      No Transfer. Anixter Inc and Anixter Argentina represent that they have

not sold, assigned or otherwise transferred the Claims or any of the claims being released

pursuant to this Stipulation to a third party. Upon the Effective Date of this Stipulation, nothing

in this Stipulation shall act as a restriction of Anixter Inc.'s right to sell, convey, hypothecate or

otherwise transfer title to Claim No. 4639 or the 503(b)(9) Claim.

     7.      Claims Register. The Debtors, the Debtors' claims agent, Epiq

Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all

necessary and appropriate actions to give effect to this Stipulation, including identifying Anixter

Inc. as holding an allowed general unsecured claim in the amount of $3,400,000 against NNI

under Claim No. 4639.

     8.      Effectiveness. Pursuant to the Avoidance Claims Settlement Procedures

Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this

Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective

successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

9.     Applicable Law. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

10.     Confidentiality. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

11.     Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

12.     No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim or the Claims.

13.     Costs and Expenses. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding and the Claims, and the discussions and negotiations leading up to or

EXECUTION COPY

relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

   14. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

   15. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

   16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

   17. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

*[Signatures on following page.]*

EXECUTION COPY

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: August ___, 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Anixter Inc.

By: _____
Steve Balk
Vice President – Global Shared Services

Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

Anixter de Mexico, SA de CV

By: _____
Steve Balk
Authorized Signator

Anixter Argentina, SA

By: _____
Steve Balk
Authorized Signator

11

Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*                                                           :         Chapter 11

                                                                  :         Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.,*[1]
                                                                  :         Jointly Administered
                        Debtors.                                  :

                                                                  :         **RE: D.I. 6324**

-------------------------------------------------------X

                                                                  :

Nortel Networks Inc.,                                             :

and                                                               :

Nortel Networks (CALA) Inc.                                       :         Adv. Proc. No. 11-50193 (KG)

                        Plaintiffs,                               :

                                                                  :

Anixter Inc.                                                      :

and                                                               :         **RE: D.I. 19**

Anixter de Mexico, SA de CV                                       :

                        Defendants.                               :

-------------------------------------------------------X

## ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIM BY AND BETWEEN NORTEL NETWORKS, INC. AND NORTEL NETWORKS (CALA) INC.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**AND ANIXTER INC. AND ANIXTER DE MEXICO, SA DE CV,
AND RESOLVING PROOFS OF CLAIM NOS. 4639 AND 6830
FILED BY ANIXTER INC. AND ANIXTER ARGENTINA SA**

Upon the motion dated September 7, 2011 (the "Motion"),[2] of Nortel Networks Inc., Nortel Networks (CALA) Inc., and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 502, 547 and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, authorizing the Debtors' entry into and approving the Stipulation, attached to the Motion as Exhibit B, and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3.      The Debtors are authorized, but not directed, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Stipulation.

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

4.    The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulation be approved in its entirety.

5.    The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

6.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _Sept. 21_, 2011
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY
JUDGE

3