**EXHIBIT B**

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS AND THE CONTENTS THEREOF

EXECUTION COPY

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
:
                      Debtors. : (Jointly Administered)
:
----------------------------------------------------------X
:
Nortel Networks Inc., :
:
                      Plaintiff, :
: Adv. Proc. No. 10-55879 (KG)
v. :
:
LTS Managed Technical Services LLC, :
:
                      Defendant. :
:
----------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
NORTEL NETWORKS INC. AND LTS MANAGED TECHNICAL SERVICES LLC**

        This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

(collectively, the "Debtors") and LTS Managed Technical Services LLC ("Defendant", and together with Plaintiff, the "Parties").  The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $1,510,294.47 (the "Subject Transfers"); and

WHEREAS, on December 6, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-55879 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections

2

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS AND THE CONTENTS THEREOF

EXECUTION COPY

547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

WHEREAS, on January 10, 2011, Defendant filed an Answer to the Complaint [Adv. D.I. 6] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on February 16, 2009, Defendant filed against Plaintiff proof of claim number 293 in the amount of $608,549.21 ("Claim No. 293"); and

WHEREAS, on June 9, 2010, Defendant assigned Claim 293 to Hain Capital Group, LLC [Main D.I. 3159]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein.

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55879) are in the form "Adv. D.I. __."

3

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Resolution of the Avoidance Claim</u>.  Within five (5) business days after the entry of the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (as defined below (the "<u>Effective Date</u>"), Defendant shall pay to Plaintiff the sum of $30,000 (the "<u>Settlement Amount</u>"), in full and final settlement and satisfaction of the Avoidance Claim, by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel#302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "<u>Settlement Payment</u>"). The first date on which all of the following shall have occurred shall hereafter be referred to as the "<u>Settlement Date</u>": (i) Plaintiff shall have received the Settlement Payment; (ii) the Settlement Payment clears; and (iii) the Settlement Payment is collected.  The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of:  (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken (i) the affirmance

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken or (ii) withdrawal with prejudice of such appeal.

    2.    <u>Release of Plaintiff</u>.  Effective upon the Settlement Date, Defendant hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding including, without limitation, any and all claims arising under § 502(h) of the Bankruptcy Code; provided, however, that nothing herein shall impact or affect in any way any previously filed proofs of claim that have been filed by Defendant, including, without limitation, nothing herein shall be deemed a release of Claim No. 293.

    3.    <u>Release of Defendant</u>.  Effective upon the Settlement Date, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities,

5

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding.

      4.     <u>Dismissal of the Adversary Proceeding</u>.  Promptly following the Settlement Date, Plaintiff will file with the Bankruptcy Court a notice of dismissal with prejudice of the Adversary Proceeding.

      5.     <u>Effectiveness</u>.  Pursuant to the Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

      6.     <u>Applicable Law</u>.  This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

      7.     <u>Confidentiality</u>.  Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation (the "<u>Confidential Information</u>"), except as required by law, or by any court, administrative or legislative body, or

6

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND
ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE
DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS
AND THE CONTENTS THEREOF

EXECUTION COPY

as required to seek approval of this Stipulation by the Bankruptcy Court. For the avoidance of doubt, the attorneys for either Party shall not be limited from representing any other party in connection with any other engagement on account of being privy to the Confidential Information.

    8.  <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

    9.  <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

    10.  <u>Costs and Expenses</u>. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

    11.  <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

    12.  <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be

7

FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO FRE 408 AND ALL APPLICABLE LAWS, RULES AND REGULATIONS CONCERNING THE DISCOVERY OR ADMISSIBILITY OF SETTLEMENT DISCUSSIONS AND DOCUMENTS AND THE CONTENTS THEREOF

EXECUTION COPY

drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

13. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

14. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: September 22, 2011

Nortel Networks, Inc.

By: _____
John Ray
Principal Officer

LTS Managed Technical Services LLC

By: _____
Joe Grech
Chief Operating Officer