# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS, INC., *et al.*, | : | Case No. 09-10138 (KG) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Re: Docket No. 6518** |
| | : | |
| In re: | : | Chapter 15 |
| | : | |
| NORTEL NETWORKS CORPORATION, *et al.*, FOREIGN APPLICANTS IN FOREIGN PROCEEDINGS. | : | Case No. 09-10164 (KG) |
| | : | Jointly Administered |
| | : | |
| Nortel Networks Inc. and Nortel Networks Limited, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Adv. Pro. No. 10-53065 (KG) |
| v. | : | Jointly Administered |
| | : | |
| Communications Test Design, Inc., | : | |
| | : | **Hearing date: October 19, 2011 at 10:00 a.m. (ET)** |
| Defendant. | : | **Objections due: October 12, 2011 at 4:00 p.m. (ET)** |
| | : | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL (I) THE UNREDACTED SETTLEMENT AGREEMENT AMONG NORTEL PARTIES AND COMMUNICATIONS TEST DESIGN, INC. AND (II) THE RELATED SIDE AGREEMENT AMONG NORTEL PARTIES**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file under seal (i) the settlement agreement (the "Settlement Agreement") and (ii) the related side agreement (the "Side Agreement"), both as set forth in redacted form in Exhibits B and C to the *Debtors' Motion for Entry of an Order Approving (i) Settlement Agreement Among Nortel Parties and Communications Test Design, Inc. and (ii) Related Side Agreement Among Nortel Parties* (the "Settlement Motion").[1]  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

## Background

3.       On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Settlement Motion.

[2]    Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[3]    The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]    The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Relief Requested**

7.     By this Motion, the Debtors seek the entry of an order pursuant to sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing the Debtors to file unredacted versions of the Settlement Agreement and Side Agreement under seal.

**Facts Relevant to this Motion**

8.     As set forth in more detail in the Settlement Motion, NNI and NNL filed complaints against Communications Test Design, Inc. ("CTDI") in this Court, asserting claims of misappropriation of trade secrets, fraud, breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, trademark infringement, trademark dilution and false designation of origin.  The complaints were consolidated for all purposes and administered as Nortel Networks Inc. and Nortel Networks Limited v. Communications Test Design, Inc., Adversary No. 10-53065 (KG).

9.     After mediation and arm's length, good faith negotiation with CTDI, the Nortel Parties entered into the Settlement Agreement with CTDI, and entered into the related Side Agreement among themselves to provide for the apportionment of the settlement proceeds.  The Debtors wish to attach these documents in redacted form to the Settlement Motion, and file the unredacted forms with the Court under seal.

**Basis for Relief**

10.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information including "trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b).  Bankruptcy Rule 9018

sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect.  Del. Bankr. L.R. 9018-1(b).

11. If the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, including commercial information, "the court is required to protect a requesting party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).  Commercial information entitled to protection under section 107(b) has been defined to include information that would cause "an unfair advantage to competitors by providing them information as to the commercial operation of the debtor."  Id. (quoting Ad Hoc Protective Comm. for 10 1/2 % Debenture Holders v. Itel Corp. (In re Itel Corp.), 17 B.R. 942, 944 (9th Cir. BAP 1982)).

12. Absent the relief requested herein, the Settlement Agreement and Side Agreement would divulge confidential commercial information relating to the settlement by the parties of a suit involving misappropriation of trade secrets, fraud, breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, trademark infringement, trademark dilution and false designation of origin.  It is important for Nortel to maintain its ability to protect its intellectual property and pursue infringers and potential infringers.  Such actual and potential infringers of technology developed by Nortel should not be privy to the terms pursuant to which Nortel has settled an individual action based on the individual circumstances related to the claims

in that particular action.  Accordingly, the limited information that Debtors seek to file under seal here qualifies as confidential commercial information.

13. Unredacted copies of the Settlement Agreement will be provided to (i) this Court, (ii) the U.S. Trustee, (iii) the Committee and (iv) the Bondholder Group.

## **Notice**

14. Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to CTDI; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## **No Prior Request**

15. No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Date:  September 28, 2011

        **BENESCH, FRIEDLANDER, COPLAN**
          **& ARONOFF, LLP**

By:   */s/ Raymond H. Lemisch*
       Raymond H. Lemisch, Esquire (No. 4204)
       Jennifer R. Hoover, Esquire (No. 5111)
       222 Delaware Ave., Suite 801
       Wilmington, DE 19801
       302-442-7010  telephone
       302-442-7012  facsimile
       rlemisch@beneschlaw.com
       jhoover@beneschlaw.com

- and -

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
David H. Herrington (admitted *pro hac vice*)
**CLEARY GOTTLIEB STEEN**
  **& HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors and Debtors in Possession*