**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
: Chapter 11
:
*In re* :
: Bankr. Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,¹ :
:
              Debtors. : (Jointly Administered)
:
---------------------------------------------------- X
:
Nortel Networks Inc. :
:
and :
: Adv. Proc. No. 10-55937 (KG)
Nortel Networks (CALA) Inc., :
:
            Plaintiffs, :
: **Hearing date: October 19, 2011 at 10:00 am (ET)**
v. : **Objections due: October 12, 2011 at 4:00 p.m. pm (ET)**
:
McCann-Erickson Worldwide, Inc., *et al*. :
:
           Defendants. :
------------------------------------------------------------X

**PLAINTIFFS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULES
OF BANKRUPTCY PROCEDURE 7004 AND 9006, AND
FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR
<u>FURTHER ENLARGEMENT OF TIME PERIOD PROVIDED BY RULE 4(m)</u>**

        Nortel Networks Inc. ("<u>NNI</u>") and Nortel Networks CALA Inc. ("<u>NN CALA</u>"), as two of the debtors and debtors in possession (collectively, the "<u>Debtors</u>," or the "<u>Plaintiffs</u>"), hereby move this Court (the "<u>Motion</u>"), for entry of an order substantially in the form attached

---

¹ The Debtors in the Chapter 11 cases are: Nortel Networks Inc. Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("<u>NN CALA</u>"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

hereto as <u>Exhibit A</u>, pursuant to section 105 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 7004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 4(m) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), further enlarging the time period prescribed to effect service of process in the above-captioned adversary proceeding (the "<u>Avoidance Action</u>") and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Plaintiffs respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought in this Motion are section 105 of the Bankruptcy Code, supplemented by Rules 7004 and 9006 of the Bankruptcy Rules, and Federal Rule 4(m).

## BACKGROUND

**A.    Procedural History**

3. On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors, other than NN CALA,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3] The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.   On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it were unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Facts Relevant to this Motion**

7.   On December 6, 2010, NNI and NN CALA filed the *Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims* (Adv. D.I. 1) (the "Complaint") against Defendant McCann-Erickson Worldwide, Inc. ("Defendant"). By their Complaint, Plaintiffs seek, among other things, to avoid and recover certain transfers totaling $6,769,601.28 paid to Defendant during the ninety (90) days preceding the Plaintiff's bankruptcy filings.

8.   On January 11, 2011 the Parties entered into the *Stipulation and Agreement Extending Time to Respond to Adversary Proceeding Complaint and Tolling Limitation Period* (the "Stipulation"), by which they agreed to extend Defendant's time to move, answer or otherwise plead in response to the Complaint in the above-captioned adversary proceeding (the "Complaint") through and including February 7, 2011, and tolling the statute of limitations through and including February 21, 2011 (Adv. D.I. 4).

9.   On January 12, 2011, the Court entered the *Order Extending Time to Respond to Adversary Proceeding Complaint and Tolling Limitations Period* (Adv. D.I. 5).

10.   On February 7, 2011, Defendant filed the *Answer to Complaint* (Adv. D.I. 6) asserting, among other things, that Defendant acted as a mere conduit between Plaintiffs and certain media outlets with respect to the transfers challenged in the Complaint, and, on March 23,

2011, served its Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents Directed to Defendant, and Plaintiffs' First Set of Interrogatories Directed to Defendant, in which it is identified various third-parties whom, Defendant claims were the beneficiaries of the transfers challenged in the Complaint.

11.     Pursuant to a stipulation between Plaintiffs and Defendant, on April 4, 2011, Plaintiffs filed an *Amended Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims* (Adv. D.I. 18) which amended the Complaint for the purpose of adding various third parties as defendants (the "Group Defendants").  Also on April 4, 2011, Plaintiffs' received additional documentation from Defendant, which may necessitate the addition of supplemental third party defendants.

12.     Also on April 4, 2011, the Plaintiffs filed the *Debtors' Motion Pursuant to 11 U.S.C. Section 105(a), Federal Rules of Bankruptcy Procedure 7004 and 9006, and Federal Rule of Civil Procedure 4(m) for Enlargement of Time Period Provided by Rule 4(m)* (the "Motion") (D.I. 5208, Adv. D.I. 19), by which they requested an additional 90 days, through and including July 5, 2011 within which to effectuate service of process.  Following a hearing with the Court on April 26, 2011, the Court entered an *Order Enlarging the Time Period Provided by Federal Rule of Civil Procedure 4(m) in Avoidance Action* (D.I. 5208, Adv. D.I. 83) (the "Rule 4(m) Enlargement Order").

13.     On July 1, 2011, the Plaintiffs filed the *Plaintiffs' Motion Pursuant to 11 U.S.C. Section 105(a), Federal Rules of Bankruptcy Procedure 7004 and 9006, and Federal Rule of Civil Procedure 4(m) for Enlargement of Time Period Provided by Rule 4(m)* (the "Second Motion") (Adv. D.I. 92), by which they requested an additional 90 days, through and including October 3, 2011 within which to effectuate service of process.  The Court entered an *Order*

*Further Enlarging the Time Provided by Federal Rule of Civil Procedure 4(m) in Avoidance Action* (Adv. D.I. 104) (the "Second Rule 4(m) Enlargement Order") on July 22, 2011.

15. On July 8, 2011, the Plaintiffs filed the *Notice of Voluntary Dismissal of Certain Defendants* (Adv. D.I. 98) and the *Stipulation of Voluntary Dismissal of Certain Defendants* (Adv. D.I. 99) and on July 11, 2011 the Plaintiffs filed the *Stipulation of Voluntary Dismissal of Defendant Federal Express Corporation* (Adv. D.I. 101). These pleadings dismissed the Avoidance Action with respect to certain of the Group Defendants.

15. Pursuant to the Second Rule 4(m) Enlargement Order, the period prescribed by Rule 4(m) expires on October 3, 2011 (the "Rule 4(m) Deadline"), extending Plaintiffs' deadline within which to effectuate service of process.

16. The Plaintiffs have filed stipulations to extend the answer deadline with respect to several of the Group Defendants. Certain of these Group Defendants have indicated that they intend to file, and some have in fact filed, motions to dismiss because, *inter alia*, they believe that the amended complaint was ineffective as to them. In addition, based on discovery received from McCann, Plaintiffs believe that they may need to seek leave to file a further amended complaint naming an additional party as a defendant.

## RELIEF REQUESTED

17. By this Motion, Debtors' seek an order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004 and 9006, and Federal Rule 4(m) further enlarging by approximately ninety (90) days the time within which period provided by Rule 4(m) to effect service of process in this adversary proceeding.

**BASIS FOR RELIEF REQUESTED**

18. Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

19. Federal Rule 4(m), made applicable to adversary proceedings through Bankruptcy Rule 7004(a)(1), generally requires that adversary complaints be served upon the defendants to the actions within 120 days of the date on which the complaints are filed. Federal Rule 4(m) allows for an enlargement of time for an appropriate period if the plaintiff shows good cause. The period provided by Rule 4(m) in the Avoidance Action will expire on October 3, 2011. The Debtors believe it prudent to obtain an order of the Court enlarging the time period provided by Rule 4(m) to permit, among other things, the addition of such additional defendants as may be necessary.

20. The granting of additional time under Rule 4(m) is expressly provided for by Bankruptcy Rule 9006(b)(1) which states:

> When an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed R. Bankr. P. 9006(b)(1). Courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused. 10 *Collier on Bankruptcy* ¶ 9006.06[3] at p. 9006-14 (15th Ed. Rev. 2001). In addition to adding a possible defendant, the enlargement of the period prescribed by Rule 4(m) is needed here to the extent that it will be necessary for Plaintiffs to file an amended complaint in the event any additional

Defendant(s) are successful in arguing that the previous amendment was ineffective to add them as a Defendant.

21. In determining whether to enlarge the time under Federal Rule 4(m), the Third Circuit has set forth a two-step inquiry. First, upon the showing of good cause for the delayed service, the court must extend the time period. Second, if there is not good cause, the court may exercise its discretion to extend the time period. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 Amendments (discretionary relief appropriate even in absence of good cause, for example, "if the applicable statute of limitations would bar the refiled action."). Here, the Plaintiffs respectfully submit that good cause exists for an enlargement of time under Rule 4(m), or, alternatively, that the Court should exercise its discretion to extend the time, given the Plaintiffs' good faith efforts to properly amend the Complaint and effect service, and because an enlargement of time will not prejudice the Group Defendants.

22. Where, as here, the defendant had notice of the complaint, and the running of the statute of limitations would service to bar the refiling of the complaint, courts routinely enlarge the time to effect service under Rule 4(m). In re Submicron Systems Corp., 2004 WL 883391, *4 (D. Del. 2004); Ritter v. Cooper, 2003 WL 23112306, *4 (D. Del. 2003).

23. Courts generally consider three factors in determining whether good cause exists to extend time under Rule 4(m): (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether plaintiff moved for an extension of time for effecting service. See United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988); Submicron at *2; Ritter at *2.

24. Here, the Plaintiffs reasonably attempted to amend the Complaint in order to add the Group Defendants, and attempted to effect service in a timely manner, and, in fact, prior to the expiration of the extended 4(m) period. However, the Plaintiffs cannot be sure that they will not subject to a motion to dismiss because the amended complaint was ineffective to bring the Group Defendants into the action, and an enlargement of the time period prescribed by Rule 4(m) allows Plaintiffs to properly amend and serve the complaint within the proper time frame if necessary. Furthermore, the Group Defendants are not prejudiced by the enlargement of time to effect service. The Plaintiffs sent the Group Defendants notice of the fact that they were proper defendants to an action prior to the expiration of the initial 4(m) period via Federal Express. In addition, at this early stage in the litigation, few Group Defendants have filed a response to the amended complaint, and, indeed, no discovery has yet been undertaken. Finally, the Plaintiffs moved for, and were granted, two extensions of the time period provided by Rule 4(m), and this motion is a timely motion prior to the expiration of the enlarged period provided by the Rule 4(m) Enlargement Order. In these circumstances, the Plaintiffs submit that good cause exists to enlarge the Rule 4(m) period.

25. Alternatively, if the Court concludes that the Plaintiffs have failed to establish good cause to enlarge the Rule 4(m) period, it should nonetheless exercise its discretion to extend time. Although the Third Circuit has not provided an exhaustive list of factors courts should consider in determining whether a discretionary extension is warranted; the Advisory Committee Notes to Rule 4 cite the following factors relevant to the determination to extend time: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant is evading service or concealing a defect in attempted service; (3) whether service was required to be made on multiple defendants; and (4) whether the plaintiff is appearing pro

se.  See Petrucelli, 46 F.3d at 1305-06 (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 Amendments).  Applied to the present case, these factors weigh decidedly in favor of granting a discretionary extension.

26.     First, the statute of limitations would bar the refiling of the current action as to the large majority of the transfers.  Second, this is a complex Avoidance Action involving a large number of Defendants.  Finally, at all times the Plaintiffs' actions have been in good faith and with due diligence.  In these circumstances, courts routinely exercise their discretion to extend the Rule 4(m) deadline.  Phillips v. Household Finance Corp., 2007 WL 1830897 (D. Del. 2007); Hills v. Romero-Sanchez, 2006 WL 1431258, *2 (D. Del. 2006); Sun Healthcare Group, Inc. v. Mead Johnson Nutritional, 2004 WL 941190 (Bankr. D. Del. 2004); In re Hechinger Investment Company of Delaware, Inc., 308 B.R. 683, 688 (D. Del. 2003).

27.     Although Plaintiffs do not concede in any way the validity of the mere conduit defense which, upon information and belief, Defendant intends to assert, nor do they concede the validity of the amended complaint as to each Group Defendant, the enlargement of time will benefit the Debtors' estates and creditors to the extent of any recovery from the Group Defendants.  Furthermore, as discussed above, enlarging the time period provided by Rule 4(m) will not prejudice the Group Defendants because it will not impair the ability of any of these entities to defend the Avoidance Action, as discovery has not yet concluded (save for the discovery regarding the conduit transfers).

28.     Accordingly, for the foregoing reasons, the Plaintiffs submit that the time period in which to effect service of process in the Avoidance Action should be extended for approximately an additional ninety (90) days to January 4, 2011.[5]

---

[5]   Local Rule 9006-2 provides:

(Continued . . .)

### Notice

29.     Notice of the Motion has been provided via overnight or first class mail to: (i) Defendants in the Avoidance Action known to date, and (ii) the Group Defendants known to date.  In light of the nature of the relief requested herein, the Debtors submit that such notice constitutes due and sufficient notice of the Motion and that no other or further notice is necessary or required.

### Prior Motion

30.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order, in the form attached hereto, enlarging the period provided by Rule 4(m) by approximately an additional ninety (90) days, without prejudice to the Plaintiffs' right to request additional extensions, and grant such other and further relief as the Court deems just and proper.

---

(. . . CONTINUED)
  [I]f a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

DEL. BANKR. L.R. 9006-2.  As this Motion has been filed prior to the Rule 4(m) Deadline, pursuant to Local Rule 9006-2, the time period prescribed by Rule 4(m) should be deemed extended pending the adjudication of this Motion.

Dated: September 29, 2011

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Chad A. Fights*
        Donna L. Culver (No. 2983)
        Derek C. Abbott (No. 3376)
        Chad A. Fights (No. 5006)
        1201 North Market Street
        P. O. Box 1347
        Wilmington, Delaware 19801
        Telephone:  (302) 658-9200
        Facsimile:  (302) 658-3989

        *Counsel for the Debtors*
        *and Debtors in Possession*