**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | Hearing date: 10/26/11 at 10 a.m. |
|  | : | Objections due: 10/19/11 at 4 p.m. |

-----------------------------------------------------x

**JOINT MOTION OF THE OFFICIAL COMMITTEE OF**
**RETIRED EMPLOYEES AND THE OFFICIAL COMMITTEE OF**
**LONG-TERM DISABILITY PARTICIPANTS FOR AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF ALVAREZ**
**& MARSAL HEALTHCARE INDUSTRY GROUP, LLC AS**
**FINANCIAL ADVISORS *NUNC PRO TUNC* TO SEPTEMBER 8, 2011**

TO THE HONORABLE KEVIN GROSS,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Retired Employees (the "Retiree Committee")

and the Offical Committee of Long-Term Disability Participants (the "LTD Committee,"

together with the Retiree Committee, the "Committees") in the above-captioned cases

(the "Chapter 11 Case") respectfully submit this joint motion (the "Motion"), through

their undersigned counsel, for an order (the "Order"), in substantially the form attached

hereto as Exhibit "A," authorizing the Committee's joint retention and employment of

Alvarez & Marsal Healthcare Industry Group, LLC ("A&M"), as financial advisors to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax
identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620),
Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma
Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications
Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel
Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks
International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be
found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

the Committees pursuant to sections 328(a), 1103(a) and 1114 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and this Court's June 22, 2011 Order Appointing An Official Committee of Long-Term Disability Participants (the "LTD Appointment Order") [D.I. 5790] *nunc pro tunc* to September 8, 2011.  In support of this Motion, the Committees respectfully submit the Declaration of Ronald Winters, a managing director at A&M (the "Winters Declaration") and the Declaration of Vincent L. Bodnar, a principal and consulting actuary with DaVinci Consulting Group, LLC ("DaVinci"), an actuarial consulting firm (the "Bodnar Declaration"), copies of which are attached hereto as Exhibit "B," and incorporated herein by reference.  In further support of this Motion, the Committees respectfully state:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 328(a), 1103(a) and 1114 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules.

## BACKGROUND

3.      On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively,

the "Debtors"), other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The United States Trustee for the District of Delaware (the "United States Trustee") has appointed an Official Committee of Unsecured Creditors (the "Unsecured Creditors' Committee") [D.I.s 141, 142], and an *ad hoc* group of bondholders has been organized (the "Bondholder Group").

## FORMATION OF THE COMMITTEES

6.      On June 2, 2011, the Debtors moved for an order pursuant to Bankruptcy Code section 1114 directing the appointment of the Retiree Committee to serve as the official representative for the Debtors' retired employees (the "Retirees") who are currently receiving benefits under the Debtors' Retiree Welfare Plans, as defined in the Retiree Committee Motion. [D.I. 5568].

7.      On June 21, 2011, the Court entered its Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees [D.I. 5783]. On August 2, 2011, the United States Trustee filed her Notice of Appointment of Official Committee of Retire Employees [D.I. 6074]. The five-member Retiree Committee consists of: (i) Gary R. Donahee; (ii) Michael P. Ressner; (iii) Susan

---

[2]     Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

Kane;  (iv) John T. Zalokar;  and (v) Mark Haupt.  Mr. Donahee is the chairperson of the

Retiree Committee [D.I. 6074].

        8.     On June 22, 2011, the Court entered the LTD Appointment Order

and directed the appointment of the LTD Committee.  On August 4, 2011, the United

States Trustee filed her Amended Notice of Appointment of Long-Term Disability

Participants [D.I. 6080].  The LTD Committee consists of the following members:  (i)

Wendy Boswell Mann;  (ii) Daniel D. David;  (iii) Dianna L. Irish;  (iv) Paul E. Morrison;

(v) Barbara Gallagher;  (vi) Michael Stutts;  and (vii) Deborah Jones.

        9.     The Order Appointing the LTD Committee provides, *inter alia*, that

"to the extent that the LTD Committee seeks to retain an actuary, accountant or

financial advisor . . .  such professional will be jointly retained by the LTD Committee

and the Retiree Committee . . . "  [D.I. 5790].

        10.    On September 7, 2011, the Retiree Committee unamiously agreed to

employ A&M as financial advisor to the Committees as permitted by Bankruptcy Code

sections 328(a), 1103(a) and 1114, and Bankruptcy Rule 2014(a), subject to receiving

Bankruptcy Court approval of such employment.

        11.    On September 9, 2011, the LTD Committee likewise voted to

approve the joint retention of A&M as financial advisor to the Committees, subject only

to receiving Bankruptcy Court approval of such employment.

        12.    None of the members of the  Retiree Committee or of the LTD

Committee, in their individual capacities, have previously retained A&M in this or any

other case, nor has any compensation previously been paid to A&M by any members of

the Retiree Committee or the LTD Committee.

## RELIEF REQUESTED

13.    By this Motion, the Committees seek entry of an Order pursuant to

sections 328(a), 1103(a) and 1114 of the Bankruptcy Code, Bankruptcy Rule 2014 and

Local Rule 2014-1 authorizing the joint retention of A&M to provide financial advisory

and actuarial services to each of the Committees described in the Engagement Letter

between the Committees and A&M (the "Engagment Letter"), attached hereto as

Exhibit "C", including, without limitation:

- a. Reviewing and analyzing the Debtors' proposals to each of the Committees, including requesting and assessing any supporting information, including:
  - i. Analyzing the financial impact of various scenarios including any underlying actuarial assumptions used or prepared by the Debtors as necessary;
  - ii. Reviewing, to the extent relevant and necessary, the Debtors' allocation of asset sale proceeds to NNI in order to determine (x) the criteria and potential impact on the rights and obligations of the Debtors and the Committees and, more to the point, (y) NNI's ability to satisfy its retiree and long-term disability benefit obligations, including but not limited to, under the Nortel Networks, Inc. Retiree Medical Plan and the Nortel Networks, Inc. Retiree Life Insurance and Long-Term Care Plan for Retirees (together, the "Benefit Plans"), in each case to assist the Committees and their legal counsel to determine whether proposals by the Debtors to modify the Benefit Plans meet the applicable standards under section 1114 of the Bankruptcy Code;
- c. Working with each of the Committees and their legal counsel to ensure that alternatives that maximize retiree and long-term disability benefits under the Benefit Plans have been pursued including, but not limited to, assisting to contest, if necessary, any actions or efforts by the Debtors which may affect the rights and interest of the Committees and actions or efforts to modify or terminate benefits under each of the Benefit Plans without the mutual agreement of each of the Committees;
- d. Analyzing each of the Benefit Plans and the underlying assumptions used by the Debtors to determine the true economic costs of those plans;

e. Comparing the pre & post-proposal benefits offered to constituents of each of the Committees to those that have been offered to other relevant parties, including current (remaining) employees, management, etc., and determining:

— Absolute and relative economic value to the parties prior to the proposed changes;
— Absolute and relative economic value to the parties with the proposed changes; and
— The degree to which the proposed changes alter the relative/proportional economic value received by each party;

f. Conducting a financial review of proposed solutions against appropriate legislation and tax considerations to optimize economic value for the constituents of each of the Committees;

g. Participating and assisting in meetings and negotiations with the Debtors, their advisors and counsel, including meetings and negotiations regarding any proposed terminations or modifications of either of the Benefit Plans, all underlying assumptions, and supporting information;

h. Providing expert testimony on related matters, as appropriate; and

i. Performing all other financial, accounting and actuarial services for and on behalf of the Committees that may be necessary or appropriate to assist the Committees in performing their duties under sections 1102 and 1114 of the Bankruptcy Code.

14.    The Committees selected A&M because of its extensive experience in providing financial advisory and actuarial services in Chapter 11 cases and its excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and official committees including representation of official committees of retirees. As described in the Declarations, in connection with the actuarial services to be provided by A&M from time to time, A&M may utilize the services of DaVinci[3] as a subcontractor to perform a portion of the services described in the Engagement Letter.

---

[3]    All references to "A&M" hereinafter include DaVinci.

**DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS**

15.      As set forth in the Winters Declaration and the Bodnar Declaration (together, the Declarations"), to the best of the Committees' information and belief and based upon the Declarations, A&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  A&M's compliance with the requirements of section 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 is set forth in greater detail in the Declarations.

16.      To the best of the Committees' knowledge, information and belief and as described in the Declarations, A&M does not represent and is not connected with the Debtors, its creditors, the Unsecured Creditors' Committee, the Bondholder Group, the Retiree Committee, the LTD Committee or the United States Trustee, or any person employed by any of them, and A&M does not hold any interest materially adverse to the Debtors, their estates, the Retiree Committee, the LTD Committee or the Unsecured Creditors' Committee, the Bondholders Group or any class of creditors for the matters upon which it is to be engaged.

17.      More specifically, as set forth in the Declarations, A&M, its members and employees:

(i)      are not creditors, equity holders or insiders of the Debtors;

(ii)     are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers or employees of the Debtors;  and

(iii)    do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

18.      Except as set forth in the Declarations, A&M has not represented and will not represent any parties other than the Committees in this case or in

connection with any matters that would be adverse to the Committees arising from, or related to, this Chapter 11 Case.

19.    Based on the Declarations, the Committees believe that A&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. A&M will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, A&M will supplement its disclosures to this Court.

## PROFESSIONAL COMPENSATION

20.    During the Chapter 11 Case, A&M will file applications for allowance of compensation and reimbursement of actual and necessary expenses, including compensation and expenses sought by DaVinci[4] in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee, the Court's Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L. R. 2016-2 establishing procedures for interim compensation and reimbursement of fees and expenses for professionals and official committee members dated February 4, 2009 (the "Interim Compensation Order") [D.I. 222], and any orders of this Court for all services performed and expenses incurred as financial advisor to the Committees.

21.    The Committees submit that the most reasonable terms and conditions are the hourly rates charged by A&M to the Committees and other clients on a daily basis in a competitive market for financial advisory and actuarial services. Therefore, the Committees and A&M have agreed that A&M will be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth in the

---

[4]    As confirmed in the Winters Declaration, A&M will not make any profit on the fees and expenses sought by DaVinci.

Winters Declaration, and that it will be reimbursed according to A&M's customary reimbursement policies.

22.    Pursuant to section 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with this Chapter 11 Case.  According to the Declarations, the current hourly rates and reimbursement policies of A&M and DaVinci are what the general marketplace for advisory services pays them in other matters every day and are reasonable.  A&M's current rates range from $550 to $825 per hour for managing directors and senior advisors;  $375 to $550 per hour for managers, directors and senior directors;  $275 to $375 per hour for associates and senior associates;  and $200-$275 per hour for analysts.  Bodnar's current rate is $475 per hour.  A&M and DaVinci will also seek reimbursement for actual, necessary expenses pursuant to section 330(a)(1)(B) of the Bankruptcy Code.

23.    As set forth in the Declarations filed in support of the Motion, the hourly rates described above are subject to annual adjustments, to reflect economic and other conditions.  The rates charged by A&M and DaVinci are set at a level designed to compensate them fairly for the work of their members and employees and to cover fixed and routine overhead expenses.  It is their policy to charge clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime.  A&M and DaVinci will charge the Committees

for these expenses in a manner and at rates consistent with charges generally made to their other clients and in accordance with the United States Trustee's guidelines.

24.    As advisor to the Committees, pursuant to the Engagement Letter the Debtors have acknowledged and agreed, among other things, that (a) A&M, as an advisor to the Committees is not providing any services to the Debtors and accordingly owes no duty to the Debtors, (b) the reports and any oral advice provided by A&M are solely for the benefit of the Committees and that no other party is entitled to receive or rely on such reports or advice and (c) in no event shall A&M incur any liability to the Debtors (including its estates), its successors and assigns.

## INDEMNIFICATION, CONTRIBUTION AND REIMBURSEMENT PROVISIONS

25.    As a material part of the consideration for which A&M has agreed to provide the services described herein, the Debtors have agreed to the indemnification, contribution and reimbursement provisions in the Indemnification Agreement annexed to the Engagement Letter (the "Indemnification Agreement"). Specifically, the Debtors have agreed to indemnify, make certain contributions to and reimburse A&M and certain related persons and entities in accordance with the indemnification provisions set forth in the Indemnification Agreement.  The Indemnification Agreement is limited by language in the proposed Order to ensure compliance with case law in the Third Circuit, including In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003).

26.    The Indemnification Agreement, as modified by the Order, is a customary and reasonable term of compensation for financial advisors in chapter 11 cases.  Significantly, indemnification provisions similar to those provided for pursuant to the Indemnification Agreement and Order have been approved by this Court with respect to both the Unsecured Creditors' Committee and the Debtors' financial

advisors.  <u>See</u> Order Authorizing Retention and Employment of Lazard Freres & Co. LLC as Financial Advisor and Investment Banker to the Debtors *Nunc Pro Tunc* to the Petition Date [D.I. 507];  Order Authorizing the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al., to Employ and Retain of Capstone Advisory Group LLC as Financial Advisor, *Nunc Pro Tunc* to January 26, 2009 [D.I. 431].

27.     Accordingly, the Committees request that the Court approve the Indemnification Agreement, as modified by the Order.

## *NUNC PRO TUNC* RETENTION

28.     The Retiree Committee selected A&M on September 7, 2011 and requested that A&M immediately begin to review documents and pleadings relevant to A&M's work.  Consequently, the Committees respectfully request that the retention of A&M be effective *nunc pro tunc* to September 8, 2011, when A&M began to perform services on behalf of the Committees.

## NOTICE

29.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee;  (ii) counsel to the Debtors;  (iii) counsel to the Unsecured Creditors' Committee;  (iv) counsel to the Bondholder Group;  and (v) the general service list established in the Chapter 11 Case.  The Committees submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

30.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committees respectfully request entry of an Order, substantially in the form attached hereto as Exhibit "A," (a) authorizing the Committees' joint employment and retention of A&M as their financial advisors effective as of September 8, 2011, and (b) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware    MCCARTER & ENGLISH, LLP
      October __, 2011

                             William F. Taylor, Jr. (Del. No. 2936)
                             Renaissance Centre
                             405 N. King Street, 8th Floor
                             Wilmington, DE 19801
                             Tel. (302) 984-6313
                             Email: wtaylor@mcarter.com

                             - and -

                             TOGUT, SEGAL & SEGAL LLP

                             Albert Togut (*Pro Hac Vice Admission*)
                             Neil Berger (*Pro Hac Vice Admission*)
                             Lara Sheikh (*Pro Hac Vice Admission*)
                             One Penn Plaza, Suite 3335
                             New York, New York 10119
                             (212) 594-5000
                             Email: altogut@teamtogut.com
                             Email: neilberger@teamtogut.com
                             Email: lsheikh@teamtogut.com

                             Counsel to the Retiree Committee

Dated: Wilmington, Delaware    ELLIOTT GREENLEAF
      October __, 2011

                             Rafael X. Zahralddin-Aravena (Del. No. 4166)
                             Shelley A. Kinsella (Del. No. 4023)
                             1105 N. Market Street, Suite 1700
                             Wilmington, DE 19801
                             Telephone:  (302) 384-9400
                             Email: rxza@elliottgreenleaf.com
                             Email: sak@elliottgreenleaf.com

                             Counsel to the LTD Committee