00152

SAMPLE LTD – 44444

**Note:** This Compensation Claims Process does not include claims for **the funding deficits** in the registered pension plans. Those claims have been made by the Administrator of the registered pension plan on behalf of all plan members. Any payments on those claims will be paid to the registered pension plans and will ultimately benefit the plan members. Any questions regarding your registered pension plans should be directed to Morneau Shepell Ltd. at: website: www.pensionwindups.morneausobeco.com, phone: Negotiated Plan: 1-877-392-2073, phone: Managerial Plan: 1-877-392-2074, email: nortelwindup@morneausobeco.com.

Your Benefit Claim (which includes non-registered pension plans and post-employment benefits such as LTD, post-retirement and/or survivor benefits) has been calculated by Mercer (Canada) Limited ("Mercer"), the actuaries retained by Nortel Canada, and has been reviewed for accuracy by actuaries working on behalf of your Court-appointed Representatives and counsel to CAW – Canada. The personal data used to calculate your Compensation Claim is from Nortel Canada's records. The methodology and assumptions on which the actuarial valuations have been based (including increases to your Compensation Claim relating to income tax gross up[2] and administrative gross up[3] as applicable) have been approved by the Court and cannot be modified. The Mercer 2011 Valuations ("Valuation of Non-Pension Benefits for Claims Purposes as at the Determination Date by Mercer dated September 2011" and "Valuation of Non-Registered Pension Benefits and loss of Registered Pension Benefit Accruals for Claims Purposes as at the Determination Date by Mercer dated September 2011") will provide further details on the post retirement benefits and non-registered plans and the assumptions used to calculate these claims. These Mercer 2011 Valuations and related Court-approved assumptions can be viewed at www.ey.com/ca/nortel. Your Representative Legal Counsel have prepared FAQ's/Questions and Answers regarding these reports and assumptions. Their contact information can be found at the end of this letter.

Nortel Canada's records indicate that you were terminated and have not received all of your severance pay:

   a) If you received notice of termination prior to January 14, 2009, your Base Severance Claim[4] is based on any balance owing under your severance agreement or collective bargaining agreement with Nortel Canada, calculated based on such agreement and using the Court-approved Termination and Severance Claim Methodology;

   b) If you received notice of termination on/after January 14, 2009, your Base Severance Claim[4] has been calculated using data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology; or

   c) If you were on long-term disability as at December 31, 2010, your Base Severance Claim[4] has been calculated using a termination date of December 31, 2010, data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology.

A claim for lost registered pension accrual has been calculated to reflect either:

   a) The increased pension amount, if any, you would have received under the defined benefit plan had you retired at age 65 instead of December 31, 2010; or

   b) Nortel Canada's contribution under the defined contribution plan from December 31, 2010 up to age 65.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified.

The methodology used to calculate your Termination and Severance Claim has been approved by the Court and cannot be modified. You can view additional details about the calculations, including the applicable Court-approved assumptions, at www.ey.com/ca/nortel.

If you receive any payments from the Health & Welfare Trust (the "HWT"), the total of the HWT payments received will be subtracted from your Compensation Claim.

You may have previously received a Beneficiary Estimated Allocation Statement ("BEAS") regarding your estimated allocation of the HWT assets. The value of your HWT claims on the BEAS is different from the value for those same benefits in this Information Statement Package. The value in

---

[2] An additional 11.1% of your applicable non-registered pension plan claims, survivor benefit claims, life claims and lost registered pension accrual claim has been added in recognition of the taxable nature of these claims. The 11.1% is equivalent to a net effective income tax gross up of 10%.

[3] An additional 10% of your medical and dental claims has been added in recognition of administrative costs.

[4] Your Base Severance Claim is calculated in the Personal Detailed Base Severance Claim Calculation based on the Compensation Claims Methodology and set out in the table included in *Form A*.

00153

the Information Statement Package is different because different determination dates are used in the actuarial assumptions and the data is updated to December 31, 2010.

## What do you need to do now?

### Form A – Your Compensation Claim Amount

Your Compensation Claim amount set out on *Form A* will be accepted as your Compensation Claim in Nortel Canada's CCAA proceedings for all purposes and will **only** be modified if you submit corrections to the personal information on *Form B and* these corrections are accepted by the Monitor. *Note:* Not all data corrections will change the amount of your Compensation Claim. For example, corrections to your name or ID will not change the amount.

### Form B – Personal Information Change Form

This form contains personal information applicable to you and your Compensation Claim, based on Nortel Canada's records.

Please review carefully the information contained in *Form B* and read the *Guide to Using Form B* included in your package for further information. This is your opportunity to correct any errors in the personal information applicable to your Compensation Claim.

1. ***If the information is correct:*** You do not have to do anything more with respect to this information or to establish your claim. Your Compensation Claim set out in *Form A* will be accepted in the CCAA proceedings based on the information in *Form B.*

2. ***If you have any changes or corrections to the information:*** You must return *Form B* to the Monitor (using contact information listed below) with your changes clearly marked, and enclose any applicable supporting documentation you have for those changes. If necessary, use an additional piece of paper to describe your changes. See the *Guide to Using Form B* for examples of supporting documentation acceptable to the Monitor.

   If you do not return any corrections to *Form B* by December 23, 2011 at 4:00 p.m. (Eastern Standard Time) (the "Bar Date"), the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

   If changes to the information in *Form B* are accepted by the Monitor, and result in a change in your Compensation Claim amount, as set out in *Form A*, a Revised Information Statement (including *Form A* and *Form B*) will be generated and mailed to you. If the changes do not result in a change to your Compensation Claim amount, you will receive a Notice of Acceptance (Personal Information) to this effect.

   If the changes to the information in *Form B* are not accepted by the Monitor, you will receive a Notice of Disallowance (Personal Information) to this effect. For further information regarding the resolution of claims, please refer to the Compensation Claims Procedure Order on the Monitor's website.

   Copies of any corrections received by the Monitor and responses to those corrections by the Monitor will also be sent to your Representative Legal Counsel.

   You can expect to receive such communications from the Monitor no earlier than 90 days after the Bar Date.

3. ***If you believe you have claims not listed on Form A:*** You will have to complete *Form C – Canadian Compensation Proof of Claim re: Other Compensation Claims* and submit it to the Monitor by the Bar Date of December 23, 2011. Information with respect to *Form C* is contained in the *Guide to Completing Form C*. **Please note that there are deadlines and restrictions applicable to the submission of *Form C*, as described in *Guide to Completing Form C*.**

   If you have any additional questions, contact your Representative Legal Counsel. Please refer to the contact information at the end of this letter.

00154

SAMPLE LTD – 44444

## Deadline for Submission of Changes or Corrections

You must send any corrections to the information in *Form B* **no later than December 23, 2011 at 4:00 p.m. (Eastern Standard Time)** by mail, by fax, or by sending a scanned copy by email to:

> Ernst & Young Inc.
> 222 Bay St., P.O. Box 251
> Toronto-Dominion Centre
> Toronto, ON M5K 1J7 CANADA
> Attention: Nortel Claims
> Fax: 416-943-2808
> or e-mail: nortel.monitor@ca.ey.com

Copies of any corrections received by the Monitor and responses to those corrections by the Monitor will also be sent to your Representative Legal Counsel.

**If you do not return your corrections to *Form B* by December 23, 2011 at 4:00 p.m. (Eastern Standard Time),** the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

**<u>You will not have another opportunity to make corrections.</u>**

## Distributions

You will eventually receive payments from Nortel Canada. A payment, or distribution, occurs when some of the money from Nortel Canada is distributed among people who have claims against Nortel Canada. Since Nortel Canada is insolvent you will receive only a percentage of the full value of your Compensation Claim, in the form of one or more payments of money from the Nortel Canada estate. At this point, the timing and the amount is not yet known, but you will receive further information during the claims process to keep you up to date.

Payments will be subject to statutory withholdings if applicable.

Please ensure that the contact details the Monitor has on file for you remain current. **If your mailing address changes** please phone, mail, fax or email your new address, along with your name and ID number (which you will find at the top of the page) to the Monitor using the contact details noted below. It is your responsibility to keep this information up to date.

## If you have any questions

**Please contact:**

- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.
- Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries: Koskie Minsky at 1-866-777-6344 or email: nortel@kmlaw.ca
- Court-appointed Representative Counsel for Continuing and Transferred employees: Nelligan O'Brien Payne at 1-877-542-9254 or email: ncce@nelligan.ca
- CAW – Canada: Barry E. Wadsworth, Associate Counsel at 416-495-3776 or email: linda.cantin@caw.ca

00155

Form A – SAMPLE LTD – 44444

# Form A – Your Compensation Claim Amount

## Your Compensation Claim Amount

The table below lists the Compensation Claims that Nortel Canada believes you are entitled to. The valuation of those claims is in accordance with the Court-approved Compensation Claims Methodology and based on the personal information listed in *Form B*. Certain of the benefit claims listed below represent the actuarially determined present value of such claims.

If you believe that there are other claims not listed on this *Form A*, you will have to complete *Form C*.

| Description | Your Claim Amount[1] |
|---|---|
| Base Severance Claim[2] | |
| LTD loss in pension value under the registered pension plan after December 31, 2010 | |
| Pensioner Life[3] (including ADB, if applicable) | |
| Post-Retirement Medical & Dental | |
| LTD Income[3] | |
| LTD Life (including Basic, Optional, AD&D and Dependent, if applicable)[3] | |
| LTD Medical & Dental | |
| Income Tax Gross Up[4] | |
| Administrative Cost Gross Up[5] | |
| **Aggregate Compensation Claim Amount** | $.. |

[1] The total of all the payments that you receive from Nortel Canada will be reduced by payments made to you, if any, from the Hardship Fund.

[2] Your Base Severance Claim amount has been reduced by payments made to you, if any, from the Termination Fund. The Base Severance Claim amount does not include the pension accrual or other non-registered pension or retiree benefits. As pursuant to the Court-approved Termination and Severance Claim Methodology you are assumed to remain on LTD benefits until you reach age 65, a benefit claim amount, as applicable, is included in *Form A* as 'Pensioner life', 'Post-retirement Medical & Dental', 'LTD loss in pension value under the registered pension plan after December 31, 2010' and/ or any Non-Registered Pension Plan. Your personal detailed Base Severance Claim Calculation appears at the end of this *Form A*.

[3] Your Compensation Claim will be reduced by any payments received from the Health & Welfare Trust.

[4] An additional 11.1% of your applicable non-registered pension plan claims, survivor benefit claims, life claims and lost registered pension accrual claims has been added in recognition of the taxable nature of these claims. The 11.1% is equivalent to a net effective income tax gross up of 10%.

[5] An additional 10% of your medical and dental claims has been added in recognition of administrative costs.

00156

Nortel Canada's records indicate that: you received benefits (non-registered pension plans and post employment benefits, such as LTD, post-retirement and/or survivor benefits); were eligible to receive the benefit as at December 31, 2010; were on LTD at December 31, 2010; or became eligible to receive the benefit by the end of your severance or notice period. Your benefit claims have been calculated by Mercer (Canada) Limited ("Mercer"), the actuaries retained by Nortel Canada, and have been reviewed for accuracy by actuaries working on behalf of your Court-appointed Representatives and counsel to the CAW – Canada. The personal data used to calculate your Compensation Claim is from Nortel Canada's records. The methodology and assumptions on which the actuarial valuations have been based (including increases to your Compensation Claim relating to income tax gross up[6] and administrative gross up[7], as applicable) have been approved by the Court and cannot be modified. The Mercer 2011 Valuations ("Valuation of Non-Pension Benefits for Claims Purposes at the Determination Date by Mercer dated September 2011" and "Valuation of Non-Registered Pension Benefits and Loss of Registered Pension Benefit Accruals for Claims Purposes at the Determination Date by Mercer dated September 2011") will provide further details on the post retirement benefits and non-registered plans and the assumptions used to calculate these claims. These Mercer 2011 valuations and related Court-approved assumptions can be viewed at www.cy.com/ca/nortel. Your Representative Legal Counsel have prepared FAQ's/Questions and Answers regarding these reports and assumptions.

You may have previously received a Beneficiary Estimated Allocation Statement ("BEAS") regarding your estimated allocation of the HWT assets. The value of your HWT claims on the BEAS is different from the value for those same benefits in this Information Statement Package. The value in the Information Statement Package is different because different determination dates are used in the actuarial assumptions and the data is updated to December 31, 2010.

Nortel Canada's records indicate that you were terminated and have not received all of your severance pay:

   a) If you received notice of termination prior to January 14, 2009, your Base Severance Claim is based on any balance owing under your severance agreement or collective bargaining agreement with Nortel Canada, calculated based on such agreement and using the Court-approved Termination and Severance Claim Methodology;
   b) If you received notice of termination on/after January 14, 2009, your Base Severance Claim has been calculated using data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology; or
   c) If you were on long-term disability as at December 31, 2010, your Base Severance Claim has been calculated using a termination date of December 31, 2010, data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology.

A claim for lost registered pension accrual has been calculated to reflect either:

   a) The increased pension amount, if any, you would have received under the defined benefit plan had you retired at age 65 instead of December 31, 2010; or
   b) Nortel Canada's contribution under the defined contribution plan from December 31, 2010 up to age 65.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified.

**Note:** This Compensation Claims Process does not include claims for **the funding deficits** in the registered pension plans. Those claims have been made by the Administrator of the registered pension plan on behalf of all plan members. Any payments on those claims will be paid to the registered pension plans and will ultimately benefit the plan members. Any questions regarding your registered pension plans should be directed to Morneau Shepell Ltd website: www.pensionwindups.morneausobeco.com, phone: Negotiated Plan: 1-877-392-2073, phone: Managerial Plan: 1-877-392-2074, email: nortelwindup@morneausobeco.com.

---

[6] An additional 11.1% of your applicable non-registered pension plans claims, survivor benefit claims, life claims and lost registered pension accrual claims has been added in recognition of the taxable nature of these claims. The 11.1% is equivalent to a net effective income tax gross up of 10%.

[7] An additional 10% of your medical and dental claims has been added in recognition of administrative costs.

00157

## Personal Detailed Base Severance Claim Calculation Based on the Compensation Claims Methodology[1]

| | | | |
|---|---|---|---|
| Base Weekly Salary = Annual Salary (line 67) ÷ 52 | $62,000.00 ÷ 52 | $1,192.31/ week | A |
| Years of Service = (Termination Date (line 66) - Hire Date (line 65)) ÷ 365 | (December 31, 2010 - January 15, 1991) ÷ 365 | 19.97 years | B |
| Methodology Notice Period = 3.3 Weeks x Years of service [Min 8; Max 78] | 3.3 x 19.97 | 65.90 weeks | C |
| *Severance Amount* | *$1,192.31 x 65.90* | *$78,573.23* | *D = A\*C* |
| Entitled statutory notice period (line 79) | 8.00 weeks | | E |
| Vacation accrual = Annual Vacation Entitlement (line 81) ÷ 5 working days/week ÷ 52 weeks/year | 25 ÷ 5 ÷ 52 | | F |
| *Vacation pay on ESA Minimum Notice Period* | *8.00 x 25 ÷ 5 ÷ 52 x $1,192.31* | *$917.16* | *G = E\*F\*A* |
| *Less: Payment received from Termination Fund (line 84)* | | *($3,000.00)* | *H* |
| **Total Base Severance Claim** | | **$76,490.39** | **I = D+G-H** |

[1] This calculation table only shows the Base Severance Claim amount. The Base Severance Claim amount does not include the lost pension accrual or other non-registered pension or retiree benefits. As pursuant to the Court-approved Severance Methodology you are assumed to remain on LTD benefits until you are age 65, a benefit claim amount, as applicable, is included in *Form A* as 'Pensioner Life', 'Post-retirement Medical & Dental', 'LTD loss in pension value under the registered pension plan after December 31, 2010' and/or the applicable Non-Registered Pension Plan.

00158



00159

# Form B – Your Personal Information Change Form

The Compensation Claim amount set out in *Form A* will **only be modified** if you submit corrections to the personal information that Nortel Canada has on file for you that are listed below **and** those corrections are accepted by the Monitor. Please refer to the *Guide to Using Form B* for further information on each line item listed in the chart below and suggested documentation that would be acceptable to the Monitor to support any corrections you make. *Note:* Not all data corrections will change the amount of your Compensation Claim. For example, corrections to your name or ID will not change the amount.

The line numbers in this *Form B* correspond to the line numbers in *Guide to Using Form B*. As this is a personalized data form, *Form B* will contain only those line items that pertain to your situation.

**If you do not return your data corrections and supporting information to the Monitor by December 23, 2011 at 4:00 p.m. (Eastern Standard Time)**, the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

| Line # | Personal Information | Details per – Nortel Canada's Records as at December 31, 2010 | Corrections, if any |
|--------|----------------------|------------------------------------------------------------|----------------------|
| 1. | Last Canadian employer of record | Nortel Networks Limited | |
| 2. | Name | SAMPLE LTD | |
| 3. | ID | 44444 | |
| 4. | Gender | Female | |
| 5. | Year of birth | 1963 | |
| 6. | Is the Claimant SAMPLE LTD, deceased? (If so, provide date of death) | No | |
| 7. | Name of union, if applicable | Non-Union | |
| 10. | Continuous Service Date ("CSD") | January 15, 1991 | |
| 12. | Year commenced Short Term Disability | 2003 | |
| 19. | 2010 Monthly disability income | $3,658.45 | |
| 20. | 2010 LTD COLA / non-COLA | COLA | |
| 21. | LTD medical plan coverage option | EE | |
| 22. | LTD medical plan option | Select | |
| 23. | LTD dental plan coverage option | EE | |
| 24. | LTD dental plan option | Plus | |
| 25. | LTD basic life insurance amount[1] | $62,000 | |
| 26. | LTD optional life insurance amount | $310,000 | |

00160

Form B – SAMPLE LTD – 44444

| Line # | Personal Information | Details per – Nortel Canada's Records as at December 31, 2010 | Corrections, if any |
|--------|----------------------|------------------------|---------------------|
| 27. | LTD additional accidental death & dismemberment amount[1] | $0 | |
| 28. | LTD dependent life insurance amount | $0 | |
| 30. | At December 31, 2010, this is the province in which you had health care coverage | AB | |
| 49. | Retiree medical / dental plan[1] | CATA | |
| 50. | Retiree medical / dental plan coverage option | N | |
| 51. | Current retiree life insurance amount at December 31, 2010[1] | $35,000.00 | |
| 52. | Ultimate retiree life insurance amount[1] | $35,000.00 | |
| 53. | Annual retiree health spending account amount at December 31, 2010[1] | $1,250.00 | |
| 65. | Date of hire for severance calculation purposes is based on – CSD | January 15, 1991 | |
| 66. | Date of termination of employment | December 31, 2010 | |
| 67. | Annual salary | $62,000.00 | |
| | | | |
| 79. | Entitled statutory notice period[1] | 8.00 | |
| 81. | Annual Vacation Entitlement | 25 | |
| 82. | Registered Pension Plan | Traditional program Part II | |
| 84. | Payment received from Termination Fund (*Note: This amount has already been reduced from your claim value*) | $3,000.00 | |

[1] If this is incorrect, there is other personal information that may require correction. Please refer to the *Guide to Using Form B* for further detail.

00161

# Confirming Changes or Corrections to My Personal Information

1. If you AGREE with all of the information contained in this *Form B*, you do not need to sign or return a copy of *Form B*. No further action is required with respect to your Compensation Claim.

2. If you have CHANGES OR CORRECTIONS to any of the information contained in *Form B*, you must make your corrections on *Form B in the column labeled "Corrections, if any"*, complete the following section, and return all pages of this *Form B*, along with your supporting documentation. Changes or corrections without appropriate supporting documentation as required by the *Guide to Using Form B* may not be accepted by the Monitor.

   If you do not return your changes or corrections to *Form B* by December 23, 2011 at 4:00 p.m. (Eastern Standard Time) (the "Bar Date"), the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

   If changes to the information in *Form B* are accepted by the Monitor, and result in a change in your Compensation Claim amount as set out in *Form A*, a Revised Information Statement (including *Form A and Form B*) will be generated and mailed to you. If the changes do not result in a change to your Compensation Claim amount, you will receive a Notice of Acceptance (Personal Information) to this effect.

   If the changes to the information in *Form B* are not accepted by the Monitor, you will receive a Notice of Disallowance (Personal Information) to this effect. For further information regarding the resolution of claims, please refer to the Compensation Claims Procedure Order on the Monitor's website.

   Copies of any corrections received by the Monitor and responses to those corrections by the Monitor will also be sent to your Representative Legal Counsel.

   You can expect to receive such communications from the Monitor no earlier than 90 days after the Bar Date.

3. If you believe that there are other claims not listed on *Form A*, you will have to complete *Form C- Canadian Compensation Proof of Claim re: Other Compensation Claims* and submit it to the Monitor by the Bar Date. Information with respect to *Form C* is contained in the *Guide to Completing Form C*. **Please note that there are deadlines and restrictions applicable to the submission of *Form C*, as described in *Guide to Completing Form C*.**

**IMPORTANT: If you do not return any corrections by December 23, 2011 at 4:00 p.m. (Eastern Standard Time) together with supporting documentation, the information contained in this *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.**

**You will not have another opportunity to make corrections.**

**Please retain a copy for your records.**

I confirm the truth of the corrections made by me to the information in this Form B:

_____          _____
 Signature                                 Date

_____          _____
 Signature of witness                      Name of witness (print)
 (other than your spouse or children)

00162

Form B – SAMPLE LTD – 44444

**Contact information in the event I need to be reached to clarify any changes:**

|  |  |
|---|---|
| _____ | ( ) _____ |
| **Email address** | **Daytime phone number** |
|  | ( ) _____ |
|  | **Alternate phone number** |
|  | ( ) _____ |
|  | **Alternate phone number** |

**Authorized Representative**

**To be completed ONLY** if you are completing and signing this *Form B* on behalf of a Nortel Canada claimant and you are one of the following;

– Continuing/non-continuing Power of Attorney for Property; or

– Estate Trustee/Administrator/Executor.

Please print your full name, address, telephone number, and email address below. In addition to this *Form B*, please also send us a notarized copy of the Power of Attorney documents, certificate of appointment of estate trustee, a notarized copy of the last will and testament naming you the estate trustee/executor or other documents acceptable to the Monitor. All copies must be notarized by a Notary Public.

| | |
|---|---|
| **Representative's Name** | |
| **Representative's Address** | |
| **Representative's Telephone Number** | |
| **Representative's Email Address** | |

00163

SAMPLE LTD – 44444

# Votre trousse de déclaration des renseignements

## dans l'affaire de la procédure en vertu de la LACC de Nortel Canada

Personnel et confidentiel

00001

SAMPLE LTD
TEST ADDRESS
TORONTO, ON X1X 1X1
CANADA

> LE PRÉSENT DOCUMENT CONTIENT D'IMPORTANTS RENSEIGNEMENTS JURIDIQUES. VOUS (OU VOTRE REPRÉSENTANT AUTORISÉ) DEVEZ LE LIRE ATTENTIVEMENT ET PASSER EN REVUE LES RENSEIGNEMENTS QUI Y SONT PRÉSENTÉS. VOUS N'AVEZ RIEN À FAIRE SI LES RENSEIGNEMENTS SONT EXACTS. CEPENDANT, SI DES CORRECTIONS SONT REQUISES, VOUS DEVEZ AGIR D'ICI LE **23 DÉCEMBRE 2011.**

*En cas de disparité entre la version anglaise et la version française, la version anglaise a préséance.*

Comme vous le savez, Nortel Networks Limitée, Corporation Nortel Networks, Corporation Technologie Nortel Networks, Corporation Internationale Nortel Networks et Nortel Networks Global Corporation (collectivement désignées «Nortel Canada») se sont placées sous la protection de la *Loi sur les arrangements avec les créanciers des compagnies* (la «LACC») le 14 janvier 2009, et Ernst & Young Inc. a été nommée contrôleur. Vos représentants nommés par le tribunal, les conseillers juridiques nommés par le tribunal pour agir en votre nom ainsi que les conseillers juridiques de TCA-Canada ont participé à la préparation de la présente trousse. Les mots et expressions non définis aux présentes doivent recevoir le sens qui leur est donné, le cas échéant, dans le 75e rapport du contrôleur.

La détermination et l'évaluation des pertes subies par les employés, les anciens employés, les retraités et leurs survivants en raison de l'insolvabilité de Nortel Canada est une étape cruciale de la procédure en vertu de la LACC. Un processus de réclamation a été établi pour les réclamations liées à l'emploi, processus désigné «*Compensation Claims Procedure*» dans les documents du tribunal et désigné le «processus de réclamation au titre de la rémunération» aux présentes. Ce processus, notamment la base de calcul de votre réclamation liée à l'emploi («réclamation au titre de la rémunération»), a été approuvé par la Cour supérieure de justice de l'Ontario (le «tribunal»). À moins d'indication contraire, tous les montants mentionnés dans la présente trousse sont en dollars canadiens.

Selon les dossiers de Nortel Canada, vous avez une réclamation au titre de la rémunération contre celle-ci. Comme il est indiqué dans le formulaire A et d'après les renseignements personnels figurant dans le formulaire B de la présente trousse, votre réclamation au titre de la rémunération[1] contre Nortel Canada totalise: **-- $.**

---

[1] Le montant total des paiements que vous recevrez de Nortel Canada sera réduit du montant des paiements que vous avez reçus, le cas échéant, du fonds d'indemnisation pour difficultés d'existence (*Hardship Fund*).
Votre réclamation au titre de l'indemnité de départ de base a été réduite du montant des paiements vous ayant été versés, le cas échéant, du fonds de cessation d'emploi (*Termination Fund*).
Votre réclamation au titre de la rémunération sera réduite du montant des paiements que vous avez reçus, le cas échéant, de la fiducie de santé et de bien-être (*Health & Welfare Trust*).

00164

SAMPLE LTD – 44444

Nortel Canada étant insolvable, vous ne recevrez qu'un pourcentage de la valeur totale de votre réclamation au titre de la rémunération, sous la forme d'un ou de plusieurs paiements sur l'actif de Nortel Canada. À ce stade, le moment et le montant de ce(s) paiement(s) ne sont pas connus, mais d'autres renseignements vous seront transmis au cours du processus de réclamation afin de vous tenir à jour.

Si vous avez besoin d'aide relativement à cette trousse, vous trouverez les coordonnées des conseillers juridiques nommés par le tribunal pour agir en votre nom à la fin de la présente lettre.

**Note :** Le présent processus de réclamation au titre de la rémunération n'englobe pas les réclamations au titre **des déficits de solvabilité** des régimes de retraite agréés. Ces réclamations ont été soumises par l'administrateur du régime de retraite agréé au nom de tous les participants du régime. Tout paiement à l'égard de ces réclamations sera versé aux régimes de retraite agréés et profitera éventuellement aux participants du régime. Toute question concernant vos régimes de retraite agréés doit être acheminée à Morneau Shepell ltée (site Web : www.pensionwindups.morneausobeco.com, téléphone : régime négocié : 1 877 392 2073, régime destiné aux cadres : 1 877 392 2074, courriel : nortelwindup@morneausobeco.com).

Votre réclamation au titre des prestations (qui comprend les régimes de retraite non agréés et les prestations postérieures à l'emploi, dont les prestations ILD, les prestations postérieures à la retraite et/ou les prestations de survivant) a été calculée par Mercer (Canada) limitée («Mercer») (les actuaires mandatés par Nortel Canada), et les actuaires œuvrant pour le compte de vos représentants nommés par le tribunal et des conseillers juridiques de TCA-Canada en ont vérifié l'exactitude. Les données personnelles utilisées pour calculer votre réclamation au titre de la rémunération sont tirées des dossiers de Nortel Canada. La méthodologie et les hypothèses sur lesquelles sont fondées les évaluations actuarielles (y compris les augmentations de votre réclamation au titre de la rémunération se rapportant à la majoration au titre de l'impôt sur le revenu[2] et à la majoration pour frais administratifs[3], selon le cas) ont été approuvées par le tribunal et ne peuvent être modifiées. Les évaluations de Mercer pour 2011 (*Valuation of Non-Pension Benefits for Claims Purposes as at the Determination Date by Mercer dated September 2011* et *Valuation of Non-Registered Pension Benefits and loss of Registered Pension Benefit Accruals for Claims Purposes as at the Determination Date by Mercer dated September 2011*) donneront d'autres précisions sur les prestations postérieures à la retraite et les régimes non agréés et sur les hypothèses utilisées pour calculer ces réclamations. Les évaluations de Mercer pour 2011 et les hypothèses connexes approuvées par le tribunal peuvent être consultées à l'adresse www.ey.com/ca/nortel. Les conseillers juridiques agissant en votre nom ont préparé des questions et réponses concernant ces rapports et ces hypothèses. Vous trouverez leurs coordonnées à la fin de la présente lettre.

Selon les dossiers de Nortel Canada, votre emploi a pris fin et vous n'avez pas reçu la totalité de votre indemnité de départ :

   a) si vous avez reçu un avis de cessation d'emploi avant le 14 janvier 2009, votre réclamation au titre de l'indemnité de départ de base[4] est fondée sur le solde dû aux termes d'une entente de cessation d'emploi ou de votre convention collective avec Nortel Canada, calculé en fonction de l'entente en question et selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ;

   b) si vous avez reçu un avis de cessation d'emploi le 14 janvier 2009 ou après cette date, votre réclamation au titre de l'indemnité de départ de base[4] a été calculée à partir des données tirées des dossiers de Nortel Canada et selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ; ou

   c) si vous étiez en congé d'incapacité de longue durée en date du 31 décembre 2010, votre réclamation au titre de l'indemnité de départ de base[4] a été calculée avec le 31 décembre 2010 comme date de cessation d'emploi, à partir des données tirées des dossiers de Nortel Canada et

00165

SAMPLE LTD – 44444

selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ.

Une réclamation pour la charge de retraite au titre d'un régime agréé perdue a été calculée pour tenir compte :

    a) du montant supérieur que vous auriez reçu, le cas échéant, dans le cadre du régime à prestations déterminées si vous aviez pris votre retraite à l'âge de 65 ans au lieu du 31 décembre 2010; ou

    b) de la cotisation de Nortel Canada dans le cadre du régime à cotisations déterminées entre le 31 décembre 2010 et votre 65e anniversaire.

La méthodologie et les hypothèses sur lesquelles sont fondées les évaluations actuarielles ont été approuvées par le tribunal et ne peuvent être modifiées.

La méthodologie ayant servi au calcul de votre réclamation au titre de la cessation d'emploi et de l'indemnité de départ a été approuvée par le tribunal et ne peut être modifiée. Vous trouverez d'autres précisions concernant les calculs, notamment sur les hypothèses approuvées par le tribunal applicables, à l'adresse www.ey.com/ca/nortel.

Si vous recevez des paiements de la fiducie de santé et de bien-être (*Health & Welfare Trust*) (la «FSBE»), le total des paiements de la FSBE reçus sera soustrait de votre réclamation au titre de la rémunération.

Vous avez peut-être déjà reçu un relevé de la somme estimative qui vous est attribuée au bénéficiaire (*Beneficiary Estimated Allocation Statement*) (le «relevé») concernant la somme estimative attribuée sur l'actif de la FSBE. La valeur de vos réclamations au titre de la FSBE figurant dans le relevé est différente de celle indiquée pour les mêmes prestations dans la présente trousse de déclaration des renseignements. La valeur dans la trousse de déclaration des renseignements est différente en raison de l'utilisation de dates de détermination différentes dans les hypothèses actuarielles et de la mise à jour des données au 31 décembre 2010.



---

[2] Un montant supplémentaire correspondant à 11,1 % de vos réclamations au titre d'un régime de retraite non agréé, réclamations pour prestations de survivant, réclamations au titre de l'assurance-vie et réclamations pour la charge de retraite au titre d'un régime agréé perdue applicables a été ajouté pour tenir compte du fait que ces réclamations sont imposables. Le pourcentage de 11,1 % équivaut à une majoration au titre de l'impôt sur le revenu effective nette de 10 %.

[3] Un montant supplémentaire correspondant à 10 % de vos réclamations au titre de l'assurance médicale et de l'assurance dentaire a été ajouté pour tenir compte des frais administratifs.

[4] Le calcul de votre réclamation au titre de l'indemnité de départ de base figure dans le tableau «Calcul détaillé de la réclamation au titre de l'indemnité de départ de base selon la méthodologie pour les réclamations au titre de la rémunération» du formulaire A.

00166

## *Que devez-vous faire maintenant?*

### *Formulaire A – Montant de votre réclamation au titre de la rémunération*

Le montant de la réclamation au titre de la rémunération indiqué dans le formulaire A sera accepté comme étant votre réclamation au titre de la rémunération dans le cadre de la procédure en vertu de la LACC de Nortel Canada à toutes fins que de droit et sera modifié **seulement** si vous soumettez des corrections aux renseignements personnels figurant dans le formulaire B *et* que le contrôleur accepte ces corrections. *Note* : Ce ne sont pas toutes les corrections qui feront changer le montant de votre réclamation au titre de la rémunération. Par exemple, la correction de votre nom ou de votre numéro d'identification ne donnera pas lieu à un montant différent.

### *Formulaire B – Formulaire de modification de vos renseignements personnels*

Ce formulaire contient des renseignements personnels vous concernant et se rapportant à votre réclamation au titre de la rémunération tirés des dossiers de Nortel Canada.

Veuillez passer soigneusement en revue les renseignements figurant dans le formulaire B et lire le *Guide d'utilisation du formulaire B* inclus dans la trousse pour de plus amples renseignements. Vous avez ici l'occasion de corriger les erreurs qui auraient pu se glisser en ce qui a trait aux renseignements personnels applicables aux fins de votre réclamation au titre de la rémunération.

1.  ***Si les renseignements sont exacts*** : Vous n'avez rien d'autre à faire concernant ces renseignements ou pour prouver votre réclamation. Votre réclamation au titre de la rémunération telle qu'elle est indiquée dans le formulaire A sera acceptée dans le cadre de la procédure en vertu de la LACC sur la base des renseignements indiqués dans le formulaire B.

2.  ***Si les renseignements doivent être changés ou corrigés*** : Vous devez retourner le formulaire B au contrôleur (à l'aide des coordonnées précisées ci-après) en indiquant clairement les changements que vous souhaitez faire et joindre tout document pertinent à l'appui de ces changements, le cas échéant. Au besoin, utilisez une feuille supplémentaire pour décrire les changements demandés. Consultez le *Guide d'utilisation du formulaire B* pour des exemples de documents à l'appui pouvant être acceptés par le contrôleur.

    Si aucune correction au formulaire B n'est reçue au plus tard à 16 heures (heure normale de l'Est), le 23 décembre 2011 (la «date limite»), les renseignements contenus dans le formulaire B seront réputés être exacts et complets à tous égards, et la réclamation au titre de la rémunération indiquée dans le formulaire A sera votre réclamation au titre de la rémunération contre Nortel Canada à toutes fins que de droit.

    Si les changements apportés aux renseignements figurant dans le formulaire B sont acceptés par le contrôleur et entraînent la modification du montant de votre réclamation au titre de la rémunération figurant dans le formulaire A, un relevé de vos renseignements révisé (comprenant les formulaires A et B) sera produit et vous sera transmis par la poste. Si les changements n'influent pas sur le montant de votre réclamation au titre de la rémunération, vous recevrez un «avis d'acceptation (renseignements personnels)» à cet égard.

    Si le contrôleur n'accepte pas les changements apportés aux renseignements figurant dans le formulaire B, vous recevrez un «avis de rejet (renseignements personnels)» à cet égard. Pour en savoir davantage au sujet du règlement des réclamations, veuillez consulter l'ordonnance relative à la procédure de réclamation au titre de la rémunération (*Compensation Claims Procedure Order*) sur le site Web du contrôleur.

    Le contrôleur enverra aussi une copie des corrections qu'il a reçues et de sa réponse aux corrections en question aux conseillers juridiques agissant en votre nom.

    Ne comptez pas recevoir pareilles communications de la part du contrôleur avant l'écoulement d'un délai de 90 jours après la date limite.

3.  ***Si vous croyez avoir des réclamations ne figurant pas dans le formulaire A*** : Vous devez remplir le formulaire C, *Preuve de réclamation canadienne au titre de la rémunération – Re : autres réclamations au titre de la rémunération,* et le transmettre au contrôleur d'ici la date limite du 23 décembre 2011. Les renseignements relatifs au formulaire C sont contenus dans le *Guide pour la préparation du formulaire C*. **Veuillez noter que des délais et des restrictions s'appliquent à la transmission du formulaire C, tel qu'il est décrit dans le** *Guide pour la préparation du formulaire C.*

00167

SAMPLE LTD – 44444

Si vous avez des questions, communiquez avec les conseillers juridiques agissant en votre nom. Reportez-vous aux coordonnées fournies à la fin de la présente lettre.

## Date limite pour la soumission de changements ou corrections

Vous devez envoyer les corrections apportées aux renseignements figurant dans le formulaire B **au plus tard à 16 heures (heure normale de l'Est), le 23 décembre 2011**, par la poste, par télécopieur ou par courriel (copie numérisée) à :

Ernst & Young Inc.
222 Bay St., P.O. Box 251
Toronto-Dominion Centre
Toronto, ON M5K 1J7 CANADA
Attention : Nortel Claims
Télécopieur : 416-943-2808
Courriel : nortel.monitor@ca.ey.com

Le contrôleur enverra aussi une copie des corrections qu'il a reçues et de sa réponse aux corrections en question aux conseillers juridiques agissant en votre nom.

**Si vous ne retournez pas les corrections au formulaire B au plus tard à 16 heures (heure normale de l'Est), le 23 décembre 2011**, les renseignements figurant dans le formulaire B seront réputés être exacts et complets à tous égards, et la réclamation au titre de la rémunération indiquée dans le formulaire A sera votre réclamation au titre de la rémunération contre Nortel Canada à toutes fins que de droit.

<u>**Vous n'aurez pas d'autre occasion d'apporter des corrections.**</u>

## Distributions

Vous recevrez éventuellement des paiements de Nortel Canada. Il y a paiement, ou distribution, lorsqu'une partie de l'argent de Nortel Canada est distribuée entre les personnes qui ont des réclamations contre Nortel Canada. Comme Nortel Canada est insolvable, vous ne recevrez qu'un pourcentage de la valeur totale de votre réclamation au titre de la rémunération, sous la forme d'un ou de plusieurs paiements sur l'actif de Nortel Canada. À ce stade, le moment et le montant de ce(s) paiement(s) ne sont pas connus, mais nous vous transmettrons d'autres renseignements au cours de la procédure de réclamation afin de vous tenir à jour.

Les paiements seront assujettis aux retenues à la source prévues par la loi, le cas échéant.

Prenez soin de tenir à jour vos coordonnées figurant aux dossiers du contrôleur. **Si votre adresse postale change,** veuillez transmettre votre nouvelle adresse, en indiquant aussi votre nom et votre numéro d'identification (que vous trouverez au haut de la page), au contrôleur par téléphone, par télécopieur ou par courriel, à l'aide des coordonnées précisées ci-après. Il vous incombe de tenir ces renseignements à jour.

## Si vous avez des questions

**Veuillez communiquer avec :**

- le contrôleur, par téléphone, au 1 866 942 7177 ou au 416 943 4439, ou par courriel à l'adresse nortel.monitor@ca.ey.com;

- les conseillers juridiques nommés par le tribunal agissant au nom des anciens employés et des bénéficiaires ILD (*Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries*) : Koskie Minsky, par téléphone au 1 866 777 6344, ou par courriel à l'adresse nortel@kmlaw.ca;

- les conseillers juridiques nommés par le tribunal agissant au nom des employés encore en fonction et des employés mutés (*Court-appointed Representative Counsel for Continuing and Transferred employees*) : Nelligan O'Brien Payne, par téléphone au 1 877 542 9254, ou par courriel à l'adresse ncce@nelligan.ca;

- TCA–Canada : Barry E. Wadsworth, avocat-conseil associé, par téléphone au 416 495 3776, ou par courriel à l'adresse linda.cantin@caw.ca

00168



00169

## Formulaire A – Montant de votre réclamation au titre de la rémunération

*En cas de disparité entre la version anglaise et la version française, la version anglaise a préséance.*

### Montant de votre réclamation au titre de la rémunération

Le tableau ci-après dresse la liste des réclamations au titre de la rémunération auxquelles Nortel Canada croit que vous avez droit. L'évaluation de ces réclamations a été faite conformément à la méthodologie approuvée par le tribunal pour les réclamations au titre de la rémunération et à partir des renseignements personnels indiqués dans le formulaire B. Certaines des réclamations au titre des prestations indiquées ci-après représentent la valeur actualisée qui a été déterminée par des actuaires des réclamations en question.

Si vous croyez avoir d'autres réclamations ne figurant pas dans le présent formulaire A, vous devrez remplir le formulaire C.

| Description | Montant de votre réclamation[1] |
|---|---|
| Réclamation au titre de l'indemnité de départ de base[2] | |
| Perte subie par les bénéficiaires ILD au titre de la valeur de rente dans le cadre du régime de retraite agréé après le 31 décembre 2010 | |
| Assurance-vie – retraités (y compris la prestation supplémentaire au décès, le cas échéant)[3] | |
| Assurance médicale et assurance dentaire postérieures à la retraite | |
| Revenu ILD[3] | |
| Assurance-vie ILD (y compris les assurances de base, facultative, décès ou mutilation accidentels et pour personne à charge, le cas échéant)[3] | |
| Assurance médicale et assurance dentaire – ILD | |
| Majoration au titre de l'impôt sur le revenu[4] | |
| Majoration pour frais administratifs[5] | |
| **Montant total de la réclamation au titre de la rémunération** | **-- $** |

[1] Le montant total des paiements que vous recevrez de Nortel Canada sera réduit du montant des paiements que vous avez reçus, le cas échéant, du fonds d'indemnisation pour difficultés d'existence.

[2] Le montant de votre réclamation au titre de l'indemnité de départ de base a été réduit du montant des paiements vous ayant été versés, le cas échéant, sur le fonds de cessation d'emploi. La réclamation au titre de l'indemnité de départ de base ne comprend pas la charge de retraite ou les autres prestations de pension ou de retraite des régimes non agréés. Comme, selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ, vous êtes réputé(e) continuer de recevoir des prestations ILD jusqu'à 65 ans, une réclamation à ce titre a été incluse, s'il y a lieu, dans le formulaire A aux rubriques «Assurance-vie – retraités», «Assurance médicale et assurance dentaire postérieures à la retraite», «Perte subie par les bénéficiaires ILD au titre de la valeur de rente dans le cadre du régime de retraite agréé après le 31 décembre 2010» et/ou au titre d'un régime de retraite non agréé. Le calcul détaillé de votre réclamation au titre de l'indemnité de départ de base personnelle apparaît à la fin du présent formulaire A.

Form A – SAMPLE LTD – 44444

3 Votre réclamation au titre de la rémunération sera réduite du montant des paiements que vous avez reçus, le cas échéant, de la fiducie de santé et de bien-être.

4 Un montant supplémentaire correspondant à 11,1 % de vos réclamations au titre des régimes de retraite non agréés, réclamations pour prestations de survivant, réclamations au titre de l'assurance-vie et réclamations pour la charge de retraite au titre d'un régime agréé perdue applicables a été ajouté pour tenir compte du fait que ces réclamations sont imposables. Le pourcentage de 11,1 % équivaut à une majoration au titre de l'impôt sur le revenu effective nette de 10 %.

5 Un montant supplémentaire correspondant à 10 % de vos réclamations au titre de l'assurance médicale et de l'assurance dentaire a été ajouté pour tenir compte des frais administratifs.

Les dossiers de Nortel Canada indiquent que : vous avez reçu des prestations (prestations en vertu de régimes de retraite non agréés et prestations postérieures à l'emploi, dont les prestations ILD, les prestations postérieures à la retraite et/ou les prestations de survivant); vous étiez admissible à des prestations en date du 31 décembre 2010; vous étiez en ILD le 31 décembre 2010 ou vous êtes devenu(e) admissible aux prestations à la fin de votre période de préavis ou d'indemnité de départ. Vos réclamations au titre des prestations ont été calculées par Mercer (Canada) limitée («Mercer»), les actuaires mandatés par Nortel Canada, et les actuaires œuvrant pour le compte de vos représentants nommés par le tribunal et des conseillers juridiques de TCA-Canada en ont vérifié l'exactitude. Les données personnelles utilisées pour calculer votre réclamation au titre de la rémunération sont tirées des dossiers de Nortel Canada. La méthodologie et les hypothèses sur lesquelles sont fondées les évaluations actuarielles (y compris les augmentations de votre réclamation au titre de la rémunération se rapportant à la majoration au titre de l'impôt sur le revenu6 et à la majoration pour frais administratifs7, selon le cas) ont été approuvées par le tribunal et ne peuvent être modifiées. Les évaluations de Mercer pour 2011 (*Valuation of Non-Pension Benefits for Claims Purposes as at the Determination Date by Mercer dated September 2011* et *Valuation of Non-Registered Pension Benefits and Loss of Registered Pension Benefit Accruals for Claims Purposes as at the Determination Date by Mercer dated September 2011*) donneront d'autres précisions sur les prestations postérieures à la retraite et les régimes non agréés et sur les hypothèses utilisées pour calculer ces réclamations. Les évaluations de Mercer pour 2011 et les hypothèses connexes approuvées par le tribunal peuvent être consultées à l'adresse www.ey.com/ca/nortel. Les conseillers juridiques agissant en votre nom ont préparé des questions et réponses concernant ces rapports et ces hypothèses.

Vous avez peut-être déjà reçu un relevé de la somme estimative attribuée au bénéficiaire (*Beneficiary Estimated Allocation Statement*) (le «relevé») concernant la somme estimative qui vous est attribuée sur l'actif de la FSBE. La valeur de vos réclamations au titre de la FSBE figurant dans le relevé est différente de celle indiquée pour les mêmes prestations dans la présente trousse de déclaration des renseignements. La valeur dans la trousse de déclaration des renseignements est différente en raison de l'utilisation de dates de détermination différentes dans les hypothèses actuarielles et de la mise à jour des données au 31 décembre 2010.

Selon les dossiers de Nortel Canada, votre emploi a pris fin et vous n'avez pas reçu la totalité de votre indemnité de départ :

  a) si vous avez reçu un avis de cessation d'emploi avant le 14 janvier 2009, votre réclamation au titre de l'indemnité de départ de base est fondée sur le solde dû aux termes de votre entente de cessation d'emploi ou de votre convention collective avec Nortel Canada, calculé en fonction de l'entente en question et selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ;

  b) si vous avez reçu un avis de cessation d'emploi le 14 janvier 2009 ou après cette date, votre réclamation au titre de l'indemnité de départ de base a été calculée à partir des données tirées des dossiers de Nortel Canada et selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ; ou

  c) si vous étiez en incapacité de longue durée en date du 31 décembre 2010, votre réclamation au titre de l'indemnité de départ de base a été calculée en utilisant le 31 décembre 2010 comme

6 Un montant supplémentaire correspondant à 11,1 % de vos réclamations au titre des régimes de retraite non agréés, réclamations pour prestations de survivant, réclamations au titre de l'assurance-vie et réclamations pour la charge de retraite au titre d'un régime agréé perdue applicables a été ajouté pour tenir compte du fait que ces réclamations sont imposables. Le pourcentage de 11,1 % équivaut à une majoration au titre de l'impôt sur le revenu effective nette de 10 %.

7 Un montant supplémentaire correspondant à 10 % de vos réclamations au titre de l'assurance médicale et de l'assurance dentaire a été ajouté pour tenir compte des frais administratifs.

00171

date de cessation d'emploi, à partir des données tirées des dossiers de Nortel Canada et selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ.

Une réclamation pour la charge de retraite au titre d'un régime agréé perdue a été calculée pour tenir compte :

a) du montant supérieur que vous auriez reçu, le cas échéant, dans le cadre du régime à prestations déterminées si vous aviez pris votre retraite à l'âge de 65 ans au lieu du 31 décembre 2010; ou

b) de la cotisation de Nortel Canada dans le cadre du régime à cotisations déterminées entre le 31 décembre 2010 et votre 65e anniversaire.

La méthodologie et les hypothèses sur lesquelles sont fondées les évaluations actuarielles ont été approuvées par le tribunal et ne peuvent être modifiées.

**Note:** Le présent processus de réclamation au titre de la rémunération n'englobe pas les réclamations au titre **des déficits de solvabilité** des régimes de retraite agréés. Ces réclamations ont été soumises par l'administrateur du régime de retraite agréé au nom de tous les participants du régime. Tout paiement à l'égard de ces réclamations sera versé aux régimes de retraite agréés et profitera éventuellement aux participants du régime. Toute question concernant vos régimes de retraite agréés doit être acheminée à Morneau Shepell ltée (site Web : www.pensionwindups.morneausobeco.com, téléphone : régime négocié : 1 877 392 2073, régime destiné aux cadres : 1 877 392 2074, courriel : nortelwindup@morneausobeco.com).

00172

Form A – SAMPLE LTD – 44444

## Calcul détaillé personnalisé de la réclamation au titre de l'indemnité de départ de base selon la méthodologie pour les réclamations au titre de la rémunération[1]

| | | | |
|---|---|---|---|
| Salaire hebdomadaire de base = salaire annuel (ligne 67) ÷ 52 | 62 000,00 $ ÷ 52 | 1 192,31 $/ semaine | A |
| Années de service = (date de cessation d'emploi (ligne 66) – date d'embauche (ligne 65)) ÷ 365 | (31 décembre 2010 - 15 janvier 1991) ÷ 365 | 19,97 années | B |
| Période de préavis selon la méthodologie = 3,3 semaines x années de service [min. 8; max. 78] | 3,3 x 19,97 | 65,90 semaines | C |
| *Indemnité de départ* | *1 192,31 $ x 65,90* | *78 573,23 $* | *D = A\*C* |
| Période de préavis prévue par la loi à laquelle vous aviez droit (ligne 79) | 8,00 semaines | | E |
| Droits à vacances accumulés = droits à vacances annuels (ligne 81) ÷ 5 jours de travail/ semaine ÷ 52 semaines/année | 25 ÷ 5 ÷ 52 | | F |
| *Indemnité de vacances à l'égard de la période de préavis minimale prévue par la loi* | *8,00 x 25 ÷ 5 ÷ 52 x 1 192,31 $* | *917,16 $* | *G = E\*F\*A* |
| *Moins : Paiement du fonds de cessation d'emploi (ligne 84)* | | *(3 000,00 $)* | *H* |
| **Total de la réclamation au titre de l'indemnité de départ de base** | | **76 490,39 $** | **I = D+G-H** |

[1] Le calcul présenté dans ce tableau n'indique que le montant de la réclamation au titre de l'indemnité de départ de base, lequel ne comprend pas la charge de retraite perdue ou les autres prestations de pension ou de retraite des régimes non agréés. Comme, selon la méthodologie approuvée par le tribunal pour les réclamations au titre de la cessation d'emploi et de l'indemnité de départ, vous êtes réputé(e) continuer de recevoir des prestations ILD jusqu'à 65 ans, une réclamation à ce titre a été incluse, s'il y a lieu, dans le formulaire A aux rubriques «Assurance-vie – retraités», «Assurance médicale et assurance dentaire postérieures à la retraite», «Perte subie par les bénéficiaires ILD au titre de la valeur de rente dans le cadre du régime de retraite agréé après le 31 décembre 2010» et/ou au titre d'un régime de retraite non agréé.

00173

*En cas de disparité entre la version anglaise et la version française, la version anglaise a préséance.*

## Formulaire B – Formulaire de modification de vos renseignements personnels

Le montant de la réclamation au titre de la rémunération indiqué dans le formulaire A sera modifié **seulement** si vous soumettez des corrections aux renseignements personnels tirés des dossiers de Nortel Canada figurant ci-après *et* que le contrôleur accepte ces corrections. Veuillez consulter le *Guide d'utilisation du formulaire B* pour en savoir davantage sur la rubrique de chaque ligne du tableau ci-après et sur la documentation suggérée que le contrôleur pourrait accepter à l'appui des corrections que vous apportez. *Note* : Ce ne sont pas toutes les corrections qui feront changer le montant de votre réclamation au titre de la rémunération. Par exemple, la correction de votre nom ou de votre numéro d'identification ne donnera pas lieu à un montant différent.

Les numéros de ligne dans le formulaire B correspondent à ceux mentionnés dans le *Guide d'utilisation du formulaire B*. Comme les données sont personnalisées, le formulaire B ne comportera que les rubriques qui se rapportent à votre situation.

**Si vous ne retournez pas de corrections à vos données et les renseignements justificatifs au contrôleur au plus tard à 16 heures (heure normale de l'Est), le 23 décembre 2011,** les renseignements figurant dans le formulaire B seront réputés être exacts et complets à tous égards, et la réclamation au titre de la rémunération indiquée dans le formulaire A sera votre réclamation au titre de la rémunération contre Nortel Canada à toutes fins que de droit.

| Nº de ligne | Renseignements personnels | Détails selon les dossiers de Nortel Canada au 31 décembre 2010 | Corrections, s'il y a lieu |
|---|---|---|---|
| 1. | Dernier employeur canadien en liste | Nortel Networks Limitée | |
| 2. | Nom | SAMPLE LTD | |
| 3. | Numéro d'identification | 44444 | |
| 4. | Sexe | Femme | |
| 5. | Année de naissance | 1963 | |
| 6. | Le réclamant SAMPLE LTD est-il décédé? (Si oui, indiquez la date du décès) | Non | |
| 7. | Nom du syndicat, s'il y a lieu | Non syndiqué(e) | |
| 10. | Date du début du service ininterrompu («DDSI») | 15 janvier 1991 | |
| 12. | Année du début de l'incapacité de courte durée | 2003 | |
| 19. | Revenu mensuel au titre de l'incapacité pour 2010 | 3 658,45 $ | |

00174

Form B – SAMPLE LTD – 44444

| Nº de ligne | Renseignements personnels | Détails selon les dossiers de Nortel Canada au 31 décembre 2010 | Corrections, s'il y a lieu |
|---|---|---|---|
| 20. | ILD – ajustement au coût de la vie / aucun ajustement au coût de la vie pour 2010 | COLA | |
| 21. | Option de couverture dans le cadre du régime d'assurance médicale – ILD | EE | |
| 22. | Option aux fins du régime d'assurance médicale – ILD | Select | |
| 23. | Option de couverture dans le cadre du régime d'assurance dentaire – ILD | EE | |
| 24. | Option aux fins du régime d'assurance dentaire – ILD | Plus | |
| 25. | Montant de l'assurance-vie de base – ILD[1] | 62 000 $ | |
| 26. | Montant de l'assurance-vie facultative – ILD | 310 000 $ | |
| 27. | Montant de l'assurance-décès et mutilation accidentels facultative – ILD[1] | 0 $ | |
| 28. | Montant de l'assurance-vie pour personne à charge – ILD | 0 $ | |
| 30. | Province où vous bénéficiiez d'une assurance-maladie au 31 décembre 2010 | AB | |
| 49. | Régime d'assurance médicale/dentaire – retraités[1] | CATA | |
| 50. | Option de couverture dans le cadre du régime d'assurance médicale/dentaire – retraités | N | |
| 51. | Montant courant d'assurance-vie – retraités au 31 décembre 2010[1] | 35 000,00 $ | |
| 52. | Montant final d'assurance-vie – retraités[1] | 35 000,00 $ | |
| 53. | Montant du compte de remboursement des soins de santé annuel des retraités au 31 décembre 2010[1] | 1 250,00 $ | |
| 65. | Date d'embauche aux seules fins du calcul de l'indemnité de départ fondée sur – CSD | 15 janvier 1991 | |
| 66. | Date de cessation d'emploi | 31 décembre 2010 | |
| 67. | Salaire annuel | 62 000,00 $ | |

00175

Form B – SAMPLE LTD – 44444

| Nº de ligne | Renseignements personnels | Détails selon les dossiers de Nortel Canada au 31 décembre 2010 | Corrections, s'il y a lieu |
|---|---|---|---|
| 77. | Montant de l'indemnité de départ selon votre entente de cessation d'emploi avec Nortel Canada | 78 573,23 $ | |
| 79. | Période de préavis prévue par la loi à laquelle vous aviez droit[1] | 8,00 | |
| 81. | Droits à vacances annuels | 25 | |
| 82. | Régime de retraite agréé | Traditional program Part II | |
| 84. | Paiement reçu du fonds de cessation d'emploi (*Note : Ce montant a déjà été déduit de la valeur de votre réclamation.*) | 3 000,00 $ | |

[1] Si cette donnée est inexacte, d'autres renseignements personnels peuvent devoir être corrigés. Veuillez consulter le *Guide d'utilisation du formulaire B* pour en savoir davantage.

00176

Form B – SAMPLE LTD – 44444

## Confirmation des changements ou corrections aux renseignements personnels

1. Si vous êtes D'ACCORD avec tous les renseignements contenus dans le présent formulaire B, vous n'avez pas besoin d'en signer ou retourner une copie. Vous n'avez rien à faire en ce qui a trait à votre réclamation au titre de la rémunération.

2. Si vous avez des CHANGEMENTS OU CORRECTIONS à apporter à l'un ou l'autre des renseignements contenus dans le formulaire B, vous devez faire les corrections appropriées dans la colonne intitulée «Corrections, s'il y a lieu» du formulaire B, remplir la section qui suit et retourner toutes les pages du présent formulaire B ainsi que la documentation à l'appui. Le contrôleur pourrait refuser les changements ou corrections pour lesquels la documentation à l'appui requise selon le *Guide d'utilisation du formulaire B* n'est pas fournie.

   Si vous ne retournez pas vos changements ou corrections au formulaire B au plus tard à 16 heures (heure normale de l'Est), le 23 décembre 2011 (la «date limite»), les renseignements contenus dans le formulaire B seront réputés être exacts et complets à tous égards, et la réclamation au titre de la rémunération indiquée dans le formulaire A sera votre réclamation au titre de la rémunération contre Nortel Canada à toutes fins que de droit.

   Si les changements apportés aux renseignements figurant dans le formulaire B sont acceptés par le contrôleur et entraînent la modification de votre réclamation au titre de la rémunération, un relevé de vos renseignements révisé (comprenant les formulaires A et B) sera produit et vous sera transmis par la poste. Si les changements n'influent pas sur le montant de votre réclamation au titre de la rémunération, vous recevrez un «avis d'acceptation (renseignements personnels)» à cet égard.

   Si le contrôleur n'accepte pas les changements apportés aux renseignements figurant dans le formulaire B, vous recevrez un «avis de rejet (renseignements personnels)» à cet égard. Pour en savoir davantage au sujet du règlement des réclamations, veuillez consulter l'ordonnance relative à la procédure de réclamation au titre de la rémunération (*Compensation Claims Process Order*) sur le site Web du contrôleur.

   Le contrôleur enverra aussi une copie des corrections qu'il a reçues et de sa réponse aux corrections en question aux conseillers juridiques agissant en votre nom.

   Ne comptez pas recevoir pareilles communications de la part du contrôleur avant l'écoulement d'un délai de 90 jours après la date limite.

3. Si vous croyez avoir d'autres réclamations ne figurant pas dans le formulaire A, vous devrez remplir le *Formulaire C – Preuve de réclamation canadienne au titre de la rémunération -- Re : autres réclamations au titre de la rémunération* et le transmettre au contrôleur d'ici la date limite. Les renseignements relatifs au formulaire C sont contenus dans le *Guide pour la préparation du formulaire C*. **Veuillez noter que des délais et des restrictions s'appliquent à la transmission du formulaire C, tel qu'il est décrit dans le *Guide pour la préparation du formulaire C*.**

**IMPORTANT : Si vous ne retournez pas les corrections au formulaire B au plus tard à 16 heures (heure normale de l'Est), le 23 décembre 2011, accompagnés de la documentation à l'appui, les renseignements contenus dans le formulaire B seront réputés être exacts et complets à tous égards, et la réclamation au titre de la rémunération indiquée dans le formulaire A sera votre réclamation au titre de la rémunération contre Nortel Canada à toutes fins que de droit.**

**Vous n'aurez pas d'autre occasion d'apporter des corrections.**

**Veuillez conserver une copie pour vos dossiers.**

Form B – SAMPLE LTD – 44444

Je confirme la véracité des corrections que j'ai faites aux renseignements contenus dans le formulaire B.

| | |
|---|---|
| **Signature** | **Date** |

| | |
|---|---|
| **Signature du témoin** <br> **(qui n'est ni votre conjoint(e) ni votre enfant)** | **Nom du témoin (en lettres moulées)** |

**Coordonnées si on a besoin de me joindre pour clarifier un changement :**

|  | ( ) |
|---|---|
| **Courriel** | **Numéro de téléphone le jour** |
| | ( ) |
| | **Autre numéro de téléphone** |
| | ( ) |
| | **Autre numéro de téléphone** |

**Représentant autorisé**

**À remplir SEULEMENT** si vous préparez et signez le présent formulaire B au nom d'un réclamant de Nortel Canada **et** que vous occupez **l'une des fonctions suivantes :**

– titulaire d'une procuration perpétuelle ou non relativement aux biens; ou

– fiduciaire/administrateur/exécuteur/liquidateur de la succession.

Veuillez inscrire vos nom complet, adresse, numéro de téléphone et adresse de courriel ci-dessous. Outre le présent formulaire B, veuillez nous fournir une copie notariée de la procuration, un certificat de nomination à titre de fiduciaire de la succession, une copie notariée du dernier testament vous nommant à titre de fiduciaire/exécuteur/liquidateur de la succession ou tout autre document pouvant être accepté par le contrôleur. Toutes les copies doivent être certifiées par un notaire public.

| | |
|---|---|
| **Nom du représentant** | |
| **Adresse du représentant** | |
| **Numéro de téléphone du représentant** | |
| **Courriel du représentant** | |

00178



# APPENDIX "G"

00179

Personnel et confidentiel

<NAME>
ADDR1>
<<ADDR2>>
<CITY>, <PROV>  <POSTAL>
<COUNTRY>

**Objet : Nortel Networks Limitée, Corporation Nortel Networks, Corporation Technologie Nortel Networks, Corporation Internationale Nortel Networks et Nortel Networks Global Corporation (collectivement désignées «Nortel Canada»)**

<u>**Contexte**</u>

Comme vous le savez, Nortel Canada s'est placée sous la protection de la *Loi sur les arrangements avec les créanciers des compagnies* le 14 janvier 2009, et Ernst & Young Inc. a été nommée contrôleur par le tribunal.

Le tribunal a approuvé un processus de réclamation pour les réclamations découlant d'un emploi auprès de Nortel Canada (le «processus de réclamation au titre de la rémunération»), dont la base du calcul des réclamations en question (une «réclamation au titre de la rémunération»). Dans le cadre du processus de réclamation au titre de la rémunération et à l'aide de la méthodologie approuvée par le tribunal, Nortel Canada a calculé la valeur d'une réclamation au titre de la rémunération pour ses anciens employés à partir des données en date du 31 décembre 2010. Vous pourrez consulter d'autres renseignements sur le calcul, notamment les hypothèses approuvées par le tribunal applicables, à l'adresse www.ey.com/ca/nortel.

Veuillez noter que le processus de réclamation au titre de la rémunération ne vise pas les réclamations au titre des déficits de solvabilité des régimes de retraite agréés de Nortel Canada. Morneau Shepell ltée, l'actuel administrateur des régimes de retraite agréés, a soumis ces réclamations. Toute question concernant vos régimes de retraite agréés doit être acheminée à Morneau Shepell ltée au **1 877 392 2073** (régime négocié) ou au **1 877 392 2074** (régime non négocié destiné aux cadres). Vous pouvez aussi envoyer un courriel à l'adresse nortelwindup@morneausobeco.com.

<u>**Votre situation**</u>

Vous recevez la présente parce que les dossiers de Nortel Canada indiquent que vous étiez un employé actif en date du 31 décembre 2010 (un «employé actif»). En tant qu'employé actif, la valeur de votre réclamation au titre de la rémunération peut changer après le 31 décembre 2010. Nortel Canada a donc repoussé le calcul de votre réclamation au titre de la rémunération.

Si votre situation d'emploi a changé après le 31 décembre 2010, mais avant le 1$^{er}$ janvier 2012, une trousse indiquant notamment votre réclamation au titre de la rémunération calculée conformément à la méthodologie approuvée par le tribunal ainsi que les renseignements personnels utilisés à cette fin (la «trousse de réclamation») vous sera postée dans les 20 jours ouvrables suivant le 31 décembre 2011.

00180

Si vous êtes toujours un employé actif en date du 1$^{er}$ janvier 2012, votre trousse de réclamation sera préparée selon la méthodologie approuvée par le tribunal dans les 20 jours ouvrables suivant la date à laquelle votre emploi auprès de Nortel Canada aura pris fin.

Vous disposerez alors d'un délai de 45 jours à compter de la date de la mise à la poste de votre trousse de réclamation pour contester les renseignements personnels utilisés pour calculer votre réclamation au titre de la rémunération et/ou pour fournir les détails liés à toute autre réclamation au titre de la rémunération que vous croyez avoir contre Nortel Canada.

**Si vous avez des questions concernant la présente, veuillez communiquer avec :**

- le contrôleur, par téléphone au 1 866 942 7177 ou au 416 943 4439, ou par courriel à l'adresse nortel.monitor@ca.ey.com;

- les conseillers juridiques nommés par le tribunal agissant au nom des anciens employés et des bénéficiaires ILD (*Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries*) : Koskie Minsky, par téléphone au 1 866 777 6344, ou par courriel à l'adresse nortel@kmlaw.ca;

- les conseillers juridiques nommés par le tribunal agissant au nom des employés encore en fonction et des employés mutés (*Court-appointed Representative Counsel for Continuing and Transferred employees*) : Nelligan O'Brien Payne, par téléphone au 1 877 542 9254, ou par courriel à l'adresse ncce@nelligan.ca;

- TCA–Canada : Barry E. Wadsworth, avocat-conseil associé, par téléphone au 416 495 3776, ou par courriel à l'adresse linda.cantin@caw.ca.

# APPENDIX "H"

Personnel et confidentiel

\<NAME\>
ADDR1\>
\<\<ADDR2\>\>
\<CITY\>, \<PROV\>  \<POSTAL\>
\<COUNTRY\>

**Objet : Nortel Networks Limitée, Corporation Nortel Networks, Corporation Technologie Nortel Networks, Corporation Internationale Nortel Networks et Nortel Networks Global Corporation (collectivement désignées «Nortel Canada»)**

## Contexte

Comme vous le savez, Nortel Canada s'est placée sous la protection de la *Loi sur les arrangements avec les créanciers des compagnies* le 14 janvier 2009, et Ernst & Young Inc. a été nommée contrôleur par le tribunal.

Le tribunal a approuvé un processus de réclamation pour les réclamations découlant d'un emploi auprès de Nortel Canada (le «processus de réclamation au titre de la rémunération»), dont la base du calcul des réclamations en question (une «réclamation au titre de la rémunération»). Dans le cadre du processus de réclamation au titre de la rémunération et à l'aide de la méthodologie approuvée par le tribunal, Nortel Canada a calculé la valeur d'une réclamation au titre de la rémunération pour ses anciens employés à partir des données en date du 31 décembre 2010. Vous pourrez consulter d'autres renseignements sur le calcul, notamment les hypothèses approuvées par le tribunal applicables, à l'adresse www.ey.com/ca/nortel.

Veuillez noter que le processus de réclamation au titre de la rémunération ne vise pas les réclamations au titre des déficits de solvabilité des régimes de retraite agréés de Nortel Canada. Morneau Shepell ltée, l'actuel administrateur des régimes de retraite agréés, a soumis ces réclamations. Toute question concernant vos régimes de retraite agréés doit être acheminée à Morneau Shepell ltée au **1 877 392 2073** (régime négocié) ou au **1 877 392 2074** (régime non négocié destiné aux cadres). Vous pouvez aussi envoyer un courriel à l'adresse nortelwindup@morneausobeco.com.

## Votre situation

Vous recevez la présente parce que les dossiers de Nortel Canada indiquent que vous n'avez aucune réclamation au titre de la rémunération. En effet, avant le 31 décembre 2010, vous êtes entré(e) au service d'un tiers employeur dans le cadre d'une transaction intervenue entre celui-ci et Nortel Canada relativement à l'acquisition d'actifs de Nortel Canada et :

1. dans le cadre de la transaction, votre nouvel employeur a accepté de reconnaître vos années de service et de vous verser une rémunération équivalant sensiblement à celle que vous receviez de Nortel. Vous n'avez donc pas droit à une indemnité de départ.

2. vous n'étiez pas devenu(e) admissible à des prestations de retraite ou prestations aux termes des régimes de retraite non agréés à la fin de la période de préavis approuvée par le tribunal[1] établie dans votre cas selon la méthodologie approuvée par le tribunal; et

3. au cours de la période de préavis, aucune charge au titre d'un régime de retraite agréé n'a été perdue en ce qui a trait : i) au montant de rente supérieur que vous auriez reçu, le cas échéant, dans le cadre du régime à prestations déterminées; ou ii) à la cotisation de Nortel Canada dans le cadre du régime à cotisations déterminées.

Vous trouverez les critères d'admissibilité et la description des prestations dans les évaluations de Mercer pour 2011 sur le site Web du contrôleur à l'adresse www.ey.com/ca/nortel.

## Mesure à prendre

Un formulaire de preuve de réclamation (le formulaire C) en blanc est joint à la présente. Si vous croyez avoir une réclamation au titre de la rémunération, veuillez remplir le formulaire C et le retourner au contrôleur avant 16 heures (heure normale de l'Est), le 23 décembre 2011. Si vous ne retournez pas le formulaire C avec les documents justificatifs requis au plus tard à 16 heures, le 23 décembre 2011, vous serez réputé(e) n'avoir aucune réclamation au titre de la rémunération contre Nortel Canada à toutes fins que de droit.

**Si vous avez des questions concernant la présente, veuillez communiquer avec :**

- le contrôleur, par téléphone au 1 866 942 7177 ou au 416 943 4439, ou par courriel à l'adresse nortel.monitor@ca.ey.com;

- les conseillers juridiques nommés par le tribunal agissant au nom des anciens employés et des bénéficiaires ILD (*Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries*) : Koskie Minsky, par téléphone au 1 866 777 6344, ou par courriel à l'adresse nortel@kmlaw.ca;

- les conseillers juridiques nommés par le tribunal agissant au nom des employés encore en fonction et des employés mutés (*Court-appointed Representative Counsel for Continuing and Transferred employees*) : Nelligan O'Brien Payne, par téléphone au 1 877 542 9254, ou par courriel à l'adresse ncce@nelligan.ca;

- TCA–Canada : Barry E. Wadsworth, avocat-conseil associé, par téléphone au 416 495 3776, ou par courriel à l'adresse linda.cantin@caw.ca.

---

[1] Pour les employés non syndiqués, la période de préavis est calculée à raison de 3,3 semaines par année de service (avec un minimum de 8 semaines et un maximum de 78 semaines); pour les employés syndiqués, elle est fondée sur la convention collective applicable (en l'absence de droit de rappel).

# APPENDIX "I"

00183

Personnel et confidentiel

&lt;NAME&gt;
ADDR1&gt;
&lt;&lt;ADDR2&gt;&gt;
&lt;CITY&gt;, &lt;PROV&gt;  &lt;POSTAL&gt;
&lt;COUNTRY&gt;

**Objet : Nortel Networks Limitée, Corporation Nortel Networks, Corporation Technologie Nortel Networks, Corporation Internationale Nortel Networks et Nortel Networks Global Corporation (collectivement désignées «Nortel Canada»)**

## Contexte

Comme vous le savez, Nortel Canada s'est placée sous la protection de la *Loi sur les arrangements avec les créanciers des compagnies* le 14 janvier 2009, et Ernst & Young Inc. a été nommée contrôleur par le tribunal.

Le tribunal a approuvé un processus de réclamation pour les réclamations découlant d'un emploi auprès de Nortel Canada (le «processus de réclamation au titre de la rémunération»), dont la base du calcul des réclamations en question (une «réclamation au titre de la rémunération»). Dans le cadre du processus de réclamation au titre de la rémunération et à l'aide de la méthodologie approuvée par le tribunal, Nortel Canada a calculé la valeur d'une réclamation au titre de la rémunération pour ses anciens employés à partir des données en date du 31 décembre 2010. Vous pourrez consulter d'autres renseignements sur le calcul, notamment les hypothèses approuvées par le tribunal applicables, à l'adresse www.ey.com/ca/nortel.

Veuillez noter que le processus de réclamation au titre de la rémunération ne vise pas les réclamations au titre des déficits de solvabilité des régimes de retraite agréés de Nortel Canada. Morneau Shepell ltée, l'actuel administrateur des régimes de retraite agréés, a soumis ces réclamations. Toute question concernant vos régimes de retraite agréés doit être acheminée à Morneau Shepell ltée au **1 877 392 2073** (régime négocié) ou au **1 877 392 2074** (régime non négocié destiné aux cadres). Vous pouvez aussi envoyer un courriel à l'adresse nortelwindup@morneausobeco.com.

## Votre situation

Vous recevez la présente parce que les dossiers de Nortel Canada indiquent que vous n'avez contre elle aucune réclamation au titre de la rémunération. Plus précisément, les dossiers montrent que vous résidiez à l'extérieur du Canada le 31 décembre 2010. Le régime de prestations postérieures à la retraite (le «régime») exige que vous soyez admissible à un régime d'assurance-maladie provincial pour avoir droit à des prestations dans le cadre du régime. Or, l'une des conditions essentielles de l'admissibilité à un régime d'assurance-maladie provincial est la résidence dans une province du Canada.

00184

Vous n'avez donc pas droit à l'assurance médicale et à l'assurance dentaire postérieures à la retraite, et vous n'avez aucune autre réclamation au titre de la rémunération selon les dossiers de Nortel Canada.

## Mesure à prendre

Un formulaire de preuve de réclamation (le formulaire C) en blanc est joint à la présente. Si vous croyez avoir une réclamation au titre de la rémunération, veuillez remplir le formulaire C. Outre le formulaire C, vous devrez fournir la preuve que vous résidiez au Canada le 31 décembre 2010. La facture d'un service public à votre nom pour le mois de décembre 2010 ou votre avis de cotisation de l'Agence du revenu du Canada constituera une preuve acceptable à cet égard. Si vous ne retournez pas le formulaire C avec la preuve requise au plus tard à 16 heures (heure normale de l'Est), le 23 décembre 2011, vous serez réputé(e) n'avoir aucune réclamation au titre de la rémunération contre Nortel Canada à toutes fins que de droit.

**Si vous avez des questions concernant la présente, veuillez communiquer avec :**

- le contrôleur, par téléphone au 1 866 942 7177 ou au 416 943 4439, ou par courriel à l'adresse nortel.monitor@ca.ey.com;

- les conseillers juridiques nommés par le tribunal agissant au nom des anciens employés et des bénéficiaires ILD (*Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries*) : Koskie Minsky, par téléphone au 1 866 777 6344, ou par courriel à l'adresse nortel@kmlaw.ca;

- les conseillers juridiques nommés par le tribunal agissant au nom des employés encore en fonction et des employés mutés (*Court-appointed Representative Counsel for Continuing and Transferred employees*) : Nelligan O'Brien Payne, par téléphone au 1 877 542 9254, ou par courriel à l'adresse ncce@nelligan.ca;

- TCA–Canada : Barry E. Wadsworth, avocat-conseil associé, par téléphone au 416 495 3776, ou par courriel à l'adresse linda.cantin@caw.ca.

# APPENDIX "J"

00185

APPENDIX J

**AVIS AUX EMPLOYÉS, ANCIENS EMPLOYÉS, RETRAITÉS ET BÉNÉFICIAIRES ILD ET À LEURS SURVIVANTS, AINSI QU'AUX ADMINISTRATEURS ET DIRIGEANTS D'UNE PROCÉDURE DE RÉCLAMATION AU TITRE DE LA RÉMUNÉRATION À L'ÉGARD DES SOCIÉTÉS DÉBITRICES EN VERTU DE LA *LOI SUR LES ARRANGEMENTS AVEC LES CRÉANCIERS DES COMPAGNIES***

**visant CORPORATION NORTEL NETWORKS, NORTEL NETWORKS LIMITÉE, NORTEL NETWORKS GLOBAL CORPORATION, CORPORATION INTERNATIONALE NORTEL NETWORKS ET CORPORATION TECHNOLOGIE NORTEL NETWORKS**

(ci-après désignées les «**sociétés débitrices**»)

---

**AVIS EST PAR LES PRÉSENTES DONNÉ** que le présent avis est publié conformément à une ordonnance de la Cour supérieure de justice de l'Ontario (le «**tribunal**») en date du 6 octobre 2011 (l'«**ordonnance relative à la procédure de réclamation au titre de la rémunération**») approuvant une procédure pour la sollicitation : i) des réclamations au titre de la rémunération des employés, anciens employés et retraités des sociétés débitrices ainsi que de leurs survivants (collectivement désignés les «**employés**»); et ii) des autres réclamations au titre de la rémunération des employés ainsi que des administrateurs et dirigeants contre une ou plusieurs des sociétés débitrices, de même que la fixation de dates limites de réclamation pour le dépôt desdites réclamations. *Il convient de consulter l'ordonnance relative à la procédure de réclamation au titre de la rémunération (*Compensation Claims Procedure Order *– en anglais seulement) pour la définition de certains mots et expressions.*

Les réclamations au titre de la rémunération sont composées des réclamations suivantes : i) les réclamations des employés aux termes des régimes de retraite non agréés des sociétés débitrices et les réclamations pour des prestations autres qu'au titre de la retraite offertes par les sociétés débitrices; ii) les réclamations des employés aux termes du programme de primes pour brevet des sociétés débitrices; et iii) les réclamations des employés au titre de l'indemnité de cessation d'emploi et de départ. Dans une autre ordonnance en date du 6 octobre 2011, le tribunal a approuvé une méthodologie pour le calcul desdites réclamations au titre de la rémunération (l'«**ordonnance relative à la méthodologie pour les réclamations au titre de la rémunération**»).

Les autres réclamations au titre de la rémunération sont composées des réclamations suivantes : i) les réclamations d'un employé contre une société débitrice pour des sommes lui étant dues à titre d'employé ou découlant de l'administration, de la gestion ou de la surveillance de tout régime de retraite ou régime d'avantages sociaux administré ou offert par les sociétés débitrices ou par leurs filiales qui ne sont pas prises en compte dans la trousse de déclaration des renseignements d'un employé (voir ci-après); ii) les réclamations d'un administrateur au titre de la rémunération découlant de ses fonctions d'administrateur, y compris, sans s'y restreindre, au chapitre des jetons de présence, de la rémunération différée à base d'actions, des avantages sociaux ou des dépenses engagées à titre d'administrateur; iii) les réclamations pour indemnisation et/ou contribution d'un administrateur ou d'un dirigeant en date de l'ordonnance

relative à la procédure de réclamation au titre de la rémunération contre une société débitrice découlant de ses fonctions d'administrateur ou de dirigeant d'une société débitrice; et iv) certaines réclamations liées à des griefs.

Conformément à l'ordonnance relative à la procédure de réclamation au titre de la rémunération, la plupart des employés recevront : i) une trousse de déclaration des renseignements personnalisée indiquant le montant de leur réclamation au titre de la rémunération calculé conformément à la méthodologie approuvée par le tribunal fixée dans l'ordonnance relative à la méthodologie pour les réclamations au titre de la rémunération; ii) un formulaire de modification des renseignements personnels permettant aux employés de corriger tout renseignement personnel figurant dans la trousse; et iii) un formulaire de preuve de réclamation que les employés doivent remplir s'ils croient avoir d'autres réclamations au titre de la rémunération.

Les employés qui n'ont pas reçu de trousse de déclaration des renseignements ainsi que les administrateurs et dirigeants qui croient avoir une autre réclamation au titre de la rémunération auront également l'occasion de produire une preuve de réclamation à l'égard de ladite autre réclamation au titre de la rémunération.

**Comme il est expliqué dans la trousse de déclaration des renseignements, les demandes de correction des renseignements personnels figurant dans la trousse doivent parvenir au contrôleur : i) dans le cas des employés (à l'exception des employés actifs (*Active Employees*), des employés actifs cumulant des années de service au Canada (*Active Canadian Service Employees*) et des employés actifs de Precision (*Active Precision Employees*)), <u>au plus tard à 16 heures (heure de l'Est), le 23 décembre 2011</u>; et ii) dans le cas des employés actifs (*Active Employees*), des employés actifs cumulant des années de service au Canada (*Active Canadian Service Employees*) et des employés actifs de Precision (*Active Precision Employees*), <u>au plus tard à 16 heures (heure de l'Est), le quarante-cinquième (45<sup>e</sup>) jour civil suivant la date à laquelle une trousse de déclaration des renseignements a été envoyée à l'employé en question</u>.**

**Comme il est décrit dans la trousse de preuve de réclamation, les preuves de réclamation dûment remplies doivent parvenir au contrôleur : i) dans le cas des réclamants (à l'exception des employés actifs (*Active Employees*), des employés actifs cumulant des années de service au Canada (*Active Canadian Service Employees*) et des employés actifs de Precision (*Active Precision Employees*)), <u>au plus tard à 16 heures (heure de l'Est), le 23 décembre 2011</u>; et ii) dans le cas des employés actifs (*Active Employees*), des employés actifs cumulant des années de service au Canada (*Active Canadian Service Employees*) et des employés actifs de Precision (*Active Precision Employees*), <u>au plus tard à 16 heures (heure de l'Est), le quarante-cinquième (45<sup>e</sup>) jour civil suivant la date à laquelle une trousse de déclaration des renseignements a été envoyée à l'employé en question</u>.**

Des copies de l'ordonnance relative à la procédure de réclamation au titre de la rémunération et de l'ordonnance relative à la méthodologie pour les réclamations au titre de la rémunération (en anglais seulement) et une trousse de preuve de réclamation peuvent aussi être obtenues sur le site Web d'Ernst & Young Inc., à l'adresse www.ey.com/ca/nortel, ou en communiquant avec le contrôleur par téléphone (1 416 943 4439 ou 1 866 942 7177) ou par télécopieur (1 416 943 2808).

00187

**Vous avez la responsabilité de remplir les documents appropriés et de faire en sorte que le contrôleur les reçoive avant la date limite applicable.**

**LES DEMANDES DE CORRECTION DES RENSEIGNEMENTS ET LES PREUVES DE RÉCLAMATION QUI NE SONT PAS REÇUES AVANT LA DATE LIMITE APPLICABLE NE SERONT PAS PRISES EN COMPTE ET SERONT DÉFINITIVEMENT ÉTEINTES.**

**FAIT** à Toronto, ce ● jour de ● 2011.

# APPENDIX "K"

**Nortel Networks Limited**                    Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date

| | Claim in $CDN | | | | | | | IPP |
| | TRA | RAP | Excess Plan | SERP [10] | RPP DB Accrual | RPP DC Accrual | Total ($CDN) | ($US) |
|---|---|---|---|---|---|---|---|---|
| 2009/10 Transaction Members | 11.2 | 0.7 | 0.2 | - | - | - | $12.1 | - |
| Other Terminated Members[15] | 10.1 | 2.9 | 5.8 | - | - | - | $18.8 | 0.1 |
| *Adjustments for Notice Period[16]* | | | | | | | | |
| Increase in claim for members who already have a claim: | | | | | | | | |
| ▪ SPLA / Salary Continuance / Outstanding Severance | 0.1 | 0.1 | - | - | - | - | $0.2 | - |
| ▪ 2009/10 Transaction Members | 3.0 | 0.3 | ‡ | - | - | - | $3.3 | - |
| ▪ Other Terminated Members | 0.9 | ‡ | ‡ | - | - | - | $0.9 | - |
| New claim for members who became eligible to receive benefits due to the Notice Period: | | | | | | | | |
| ▪ SPLA / Salary Continuance / Outstanding Severance | 0.1 | - | - | - | 0.1 | 0.2 | $0.4 | - |
| ▪ 2009/10 Transaction Members | 0.3 | - | - | - | 1.8 | 1.7 | $3.8 | - |
| ▪ Other Terminated Members | 0.1 | - | - | - | 0.7 | 2.1 | $2.9 | - |
| Lost Pension Equivalent | - | - | - | - | 0.2 | - | $0.2 | - |
| *Adjustments for Income Tax Gross-Up[17]* | | | | | | | | |
| All Members | 5.5 | 1.8 | 12.0 | 6.3 | 0.6 | 0.6 | $26.8 | ‡ |
| **Grand Total** | **$54.6** | **$18.0** | **$120.4** | **$63.3** | **$6.2** | **$6.0** | **$268.5** | **$0.3** |

‡ Less than $50,000

---

[15] Including Terminated Canadian Service Members.

[16] The Adjustments for Notice Period represent the increase in the liabilities after reflecting the additional benefit and/or eligibility accrual during the Notice Period. For members whose liabilities decrease after reflecting the Notice Period under the particular plan, their Adjustments for Notice Period are $0.

[17] This is 11.11% of the claim (or effective 10%).

**Mercer (Canada) Limited**                                                    10

**Nortel Networks Limited**

Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date

00189

| | | | | | | | Claim in $CDN | | IPP |
|---|---|---|---|---|---|---|---|---|---|
| | **TRA** | **RAP** | **Excess Plan** | **SERP** [10] | **RPP DB Accrual** | **RPP DC Accrual** | **Total ($CDN)** | | **($US)** |
| 2009/10 Transaction Members | 11.2 | 0.7 | 0.2 | - | - | - | $12.1 | | - |
| Other Terminated Members [15] | 10.1 | 2.9 | 5.8 | - | - | - | $18.8 | | 0.1 |
| *Adjustments for Notice Period* [16] | | | | | | | | | |
| Increase in claim for members who already have a claim: | | | | | | | | | |
| • SPLA / Salary Continuance / Outstanding Severance | 0.1 | 0.1 | - | - | - | - | $0.2 | | - |
| • 2009/10 Transaction Members | 3.0 | 0.3 | ‡ | - | - | - | $3.3 | | - |
| • Other Terminated Members | 0.9 | ‡ | ‡ | - | - | - | $0.9 | | - |
| New claim for members who became eligible to receive benefits due to the Notice Period: | | | | | | | | | |
| • SPLA / Salary Continuance / Outstanding Severance | 0.1 | - | - | - | 0.1 | 0.2 | $0.4 | | - |
| • 2009/10 Transaction Members | 0.3 | - | - | - | 1.8 | 1.7 | $3.8 | | - |
| • Other Terminated Members | 0.1 | - | - | - | 0.7 | 2.1 | $2.9 | | - |
| Lost Pension Equivalent | - | - | - | - | 0.2 | - | $0.2 | | - |
| *Adjustments for Income Tax Gross-Up* [17] | | | | | | | | | |
| All Members | 5.5 | 1.8 | 12.0 | 6.3 | 0.6 | 0.6 | $26.8 | | ‡ |
| **Grand Total** | **$54.6** | **$18.0** | **$120.4** | **$63.3** | **$6.2** | **$6.0** | **$268.5** | | **$0.3** |

‡ Less than $50,000

---

[15] Including Terminated Canadian Service Members.

[16] The Adjustments for Notice Period represent the increase in the liabilities after reflecting the additional benefit and/or eligibility accrual during the Notice Period. For members whose liabilities decrease after reflecting the Notice Period under the particular plan, their Adjustments for Notice Period are $0.

[17] This is 11.11% of the claim (or effective 10%).

**Mercer (Canada) Limited**

10

Deleted: 13.4
Deleted: 1.3
Deleted: 15.4
Deleted: 7.9
Deleted: 4.7
Deleted: 15.5

# APPENDIX "L"

**Eligibility to Receive Benefit**

| | TRA (Non-Union) and RAP (Union) | Excess Plan | SERP | RPP DB and RPP DC |
|---|---|---|---|---|
| **Managerial and Non-Negotiated (Non-Union)** | | | | |
| Traditional Grandfathered Part I and II | **Part I:** Retire directly from active or LTD status (i.e. attained age 55 or 30 years of service under work force reduction) with 4 years of service and commence the monthly pension immediately at retirement<br><br>OR<br><br>Terminate before age 55 under work force reduction provisions with at least 20 years of service<br><br>**Part II:** Not eligible to receive any benefit | Terminate or retire with a DB pension benefit that is capped by the maximum pension limits under the *Income Tax Act*. | Designated executives who terminate or retire after the earliest of:<br><br>▪ age 65;<br>▪ age 60 with 20 years of service;<br>▪ age 58 with 85 points (age + service), or<br>▪ for Current Revised SERP and New SERP only, age 60 with 5 years of service, provided hired directly onto the Executive Leadership Team after December 31, 1998 | Continue to accrue RPP DB pensionable and eligible service until termination or retirement date<br><br>Not eligible to receive RPP DC contributions |
| Traditional Non-Grandfathered Part I and II | Same as Traditional Grandfathered Part I and II members | Same as Traditional Grandfathered Part I and II members | Same as Traditional Grandfathered Part I and II members | Continue to accrue RPP DB eligible service but not pensionable service since December 31, 2007<br><br>In addition, the members also receive RPP DC contributions until termination or retirement |

Nortel Networks Limited

Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date

|  | Eligibility to Receive Benefit | | | |
|---|---|---|---|---|
|  | TRA (Non-Union) and RAP (Union) | Excess Plan | SERP | RPP DB and RPP DC |
| **Managerial and Non-Negotiated (Non-Union)** | | | | |
| Traditional Grandfathered Part I and II | **Part I:**<br>Retire directly from active or LTD status (i.e. attained age 55 or 30 years of service under work force reduction) with 4 years of service and commence the monthly pension immediately at retirement<br><br>OR<br><br>Terminate before age 55 under work force reduction provisions with at least 20 years of service<br><br>**Part II:**<br>Not eligible to receive any benefit | Terminate or retire with a DB pension benefit that is capped by the maximum pension limits under the *Income Tax Act.* | Designated executives who terminate or retire after the earliest of:<br><br>▪ age 65;<br><br>▪ age 60 with 20 years of service;<br><br>▪ age 58 with 85 points (age + service), or<br><br>▪ for Current Revised SERP and New SERP only, age 60 with 5 years of service, provided hired directly onto the Executive Leadership Team after December 31, 1998 | Continue to accrue RPP DB pensionable and eligible service until termination or retirement date<br><br>Not eligible to receive RPP DC contributions |
| Traditional Non-Grandfathered Part I and II | Same as Traditional Grandfathered Part I <u>and II</u> members | Same as Traditional Grandfathered Part I and II members | Same as Traditional Grandfathered Part I and II members | Continue to accrue RPP DB eligible service but not pensionable service since December 31, 2007<br><br>In addition, the members also receive RPP DC contributions until termination or retirement |

Mercer (Canada) Limited

34

# APPENDIX "M"

00192

Nortel Canada

30

**Valuation of the Obligations of the Non-Pension Benefits for Claim Purposes as at the Determination Date**

PRB – Eligibility and Plan Coverage for Union Members

| Registered Pension Plan | Grandfathering criteria | PRB Eligibility at retirement | Retirement Health Care Plan (PRB-M&D) | Basic Life Insurance Benefits (PRB- Life) | Survivor Transition Benefit (STB – Accrual) | Provincial Premiums (PRB – M&D) |
|---|---|---|---|---|---|---|
| | | | | Benefits | | |
| Negotiated Pension Program I | All employees except CAW and COEU Union Group Program II with Pension plan admin code 55 | If retire directly from active status or LTD with 55+2 or 30 years of pensionable service | Traditional Grandfathered Plan – Traditional Medical and Dental Benefits (see PRB – M&D Plan Details page for more information) | Various flat or decreasing amounts based on union group and year of retirement. Refer to Union Life insurance page. | Closed group of covered retirees enrolled with dependent M&D coverage – their surviving beneficiaries are provided with sixty (60) months of income replacement benefits and potentially M&D (see details on Survivor Benefits page) upon the members' death | British Columbia and Quebec RAMQ premiums are fully or partially company paid |
| Negotiated Pension Program II | CAW and COEU Union Group Program II with Pension plan admin code 55 | If retirement age is at least 55 with 10 years of service | SARP - Health Care Spending Account ($50/ year of service from age 40), and prescription drug coverage (matching Traditional Grandfathered plan) for Quebec residents (see PRB – M&D Plan Details page for more information) | Various flat or decreasing amounts based on union group and year of retirement. Refer to Union Life insurance page. | Closed group of covered retirees enrolled with dependent M&D coverage – their surviving beneficiaries are provided with sixty (60) months of income replacement benefits and potentially M&D (see details on Survivor Benefits page) upon the members' death | British Columbia and Quebec RAMQ premiums are fully or partially company paid |

**Mercer (Canada) Limited**

00193

**Valuation of the Obligations of the Non-Pension Benefits**
**for Claim Purposes as at the Determination Date**

Nortel Canada

PRB – Eligibility and Plan Coverage for Union Members

| Registered Pension Plan | Grandfathering criteria | PRB Eligibility at retirement | Retirement Health Care Plan (PRB-M&D) | Benefits | | |
|---|---|---|---|---|---|---|
| | | | | Basic Life Insurance Benefits (PRB-Life) | Survivor Transition Benefit (STB – Accrual) | Provincial Premiums (PRB – M&D) |
| Negotiated Pension Program I | All employees except CAW and COSU Union Group Program II with Pension plan admin code 55 | If retire directly from active status or LTD with 55+2 or 30 years of pensionable service | Traditional Grandfathered Plan – Traditional Medical and Dental Benefits (see PRB – M&D Plan Details page for more information) | Various flat or decreasing amounts based on union group and year of retirement. Refer to Union Life Insurance page | Closed group of covered retirees enrolled with dependent M&D coverage – their surviving beneficiaries are provided with sixty (60) months of income replacement benefits and potentially M&D (see details on Survivor Benefits page) upon the members' death | British Columbia and Quebec RAMQ premiums are fully or partially company paid |
| Negotiated Pension Program II | CAW and COSU Union Group Program II with Pension plan admin code 55 | If retirement age is at least 55 with 10 years of service | SARP - Health Care Spending Account ($500/year of service from age 40), and prescription drug coverage (matching Traditional Grandfathered plan) for Quebec residents (see PRB – M&D Plan Details page for more information) | Various flat or decreasing amounts based on union group and year of retirement. Refer to Union Life Insurance page | Closed group of covered retirees enrolled with dependent M&D coverage – their surviving beneficiaries are provided with sixty (60) months of income replacement benefits and potentially M&D (see details on Survivor Benefits page) upon the members' death | British Columbia and Quebec RAMQ premiums are fully or partially company paid |

**Deleted:** Part I -

**Deleted:** ; Part II - Minimum age 55 with 5 years of service at retirement

**Mercer (Canada) Limited**

30

# APPENDIX "N"

APPENDIX N

| Chart # 14 - Applicable Rehired Former Employees[1] | |
|---|---|
| It has been determined that the ESA Minimum Notice/Severance Period is greater than the Termination and Severance Claim Methodology. Therefore, your Base Severance Claim based on the option 2. | |
| **Option 1: Termination and Severance Claim Methodology** | |
| Base Weekly Salary = Annual Salary ÷ 52, rounded to 2 decimal places | A |
| Years of Service =  (Termination Date - Hire Date) ÷ 365 | B |
| Methodology Notice Period= 3.3 Weeks x Years of service [Min 8; Max 78] | C |
| *Severance Amount* | **D = A*C** |
| | |
| Employee benefit rate of 5.14% | E |
| *Employee benefits on Methodology Notice Period* | **F=E*D** |
| | |
| ESA Minimum Notice Period | G |
| Vacation accrual = Annual Vacation Entitlement  ÷ 5 working days/week ÷ 52 weeks/year | H |
| *Vacation pay on ESA Minimum Notice Period* | **I = G*H*A** |
| | |
| *Less : Payment received from Termination Fund* | **J** |
| | |
| **Option 2: ESA Minimum Notice/Severance Period** | |
| ESA Severance Period (Ontario Only) | L |
| ESA Minimum Notice Period | G |
| *ESA Minimum Notice/Severance Amount* | **M= (L+G) * A** |
| | |
| Employee benefit rate of 5.14% | E |
| *Employee benefits on ESA Notice Period , rounded to 2 decimal places* | **N=E*G*A** |
| | |
| Vacation accrual = Annual Vacation Entitlement ÷ 5 working days/week ÷ 52 weeks/year | H |
| *Vacation pay on ESA Minimum Notice Period, rounded to 2 decimal places* | **O=G*H*A** |
| | |
| *Less : Payment received from Termination Fund* | J |
| *Less: Termination payment made by Nortel* | P |

[1] All values are rounded to the nearest 2 decimal places except for Vacation accrual.

APPENDIX N

| Chart # 15 - Post-filing Transferred Applicable Rehired Employees who rejected an offer[1] | |
|---|---|
| The ESA Minimum Notice/Severance Period as per the Termination and Severance Claim Methodology is the combination of the ESA Minimum Notice Period and the ESA Severance Period (if applicable).  This ESA Minimum Notice/Severance Period was used (i) to calculate the claim for lost pension accrual/lost pension contributions during the ESA Minimum Notice/Severance Period; and (ii) (ii) to determine whether you became eligible for post-retirement benefit claims and/or non-registered pension plans claims by the end of this ESA Minimum Notice/Severance Period. | |
| Base Weekly Salary = Annual Salary ÷ 52, rounded to 2 decimal places | A |
| ESA Severance Period (Ontario only) | B |
| ESA Minimum Notice Period | C |
| *ESA Minimum Notice/Severance Amount* | **D=(B+C)*A** |
| | |
| Employee benefit rate of 5.14% | E |
| *Employee benefits on ESA Minimum Notice Period* | **F=E*C*A** |
| | |
| Vacation accrual = Annual Vacation Entitlement  ÷ 5 working days/week ÷ 52 weeks/year | G |
| *Vacation pay on ESA Minimum Notice Period* | **H=G*A*C** |
| | |
| *Less : Payment received from Termination Fund* | *I* |
| *Less: Termination payment made by Nortel* | J |

[1] All values are rounded to the nearest 2 decimal places except for Vacation accrual.

00196

APPENDIX N

| Chart # 14 - Applicable Rehired Former Employees[1] | |
|---|---|
| It has been determined that the ESA Minimum Notice/Severance Period is greater than the Termination and Severance Claim Methodology. Therefore, your Base Severance Claim based on the option 2. | |
| **Option 1: Termination and Severance Claim Methodology** | |
| Base Weekly Salary = Annual Salary ÷ 52, rounded to 2 decimal places | A |
| Years of Service =  (Termination Date - Hire Date) ÷ 365 | B |
| Methodology Notice Period= 3.3 Weeks x Years of service [Min 8; Max 78] | C |
| *Severance Amount* | **D = A*C** |
| | |
| Employee benefit rate of 5.14% | E |
| *Employee benefits on Methodology Notice Period* | **F=E*D** |
| | |
| ESA Minimum Notice Period | G |
| Vacation accrual = Annual Vacation Entitlement  ÷ 5 working days/week ÷ 52 weeks/year | H |
| *Vacation pay on ESA Minimum Notice Period* | **I = G*H*A** |
| | |
| *Less : Payment received from Termination Fund* | J |
| **Option 2: ESA Minimum Notice/Severance Period** | |
| ESA Severance Period (Ontario Only) | L |
| ESA Minimum Notice Period | G |
| *ESA Minimum Notice/Severance Amount* | **M= (L+G) * A** |
| | |
| Employee benefit rate of 5.14% | E |
| *Employee benefits on ESA Notice Period /Severance Amount, rounded to 2 decimal places* | **N=E*G*A *M** |
| | |
| Vacation accrual = Annual Vacation Entitlement ÷ 5 working days/week ÷ 52 weeks/year | H |
| *Vacation pay on ESA Minimum Notice Period, rounded to 2 decimal places* | **O=G*H*A** |
| | |
| *Less : Payment received from Termination Fund* | J |
| *Less: Termination payment made by Nortel* | P |

[1] All values are rounded to the nearest 2 decimal places except for Vacation accrual.

APPENDIX N

| Chart # 15 - Post-filing Transferred Applicable Rehired Employees who rejected an offer[1] | |
|---|---|
| The ESA Minimum Notice/Severance Period as per the Termination and Severance Claim Methodology is the combination of the ESA Minimum Notice Period and the ESA Severance Period (if applicable).  This ESA Minimum Notice/Severance Period was used (i) to calculate the claim for lost pension accrual/lost pension contributions during the ESA Minimum Notice/Severance Period; and (ii) (ii) to determine whether you became eligible for post-retirement benefit claims and/or non-registered pension plans claims by the end of this ESA Minimum Notice/Severance Period. | |
| Base Weekly Salary = Annual Salary ÷ 52, rounded to 2 decimal places | A |
| ESA Severance Period (Ontario only) | B |
| ESA Minimum Notice Period | C |
| *ESA Minimum Notice/Severance Amount* | **D=(B+C)*A** |
| | |
| Employee benefit rate of 5.14% | E |
| *Employee benefits on ESA Minimum Notice/Severance Period* | **F=E*C*A~~D~~** |
| | |
| Vacation accrual = Annual Vacation Entitlement  ÷ 5 working days/week ÷ 52 weeks/year | G |
| *Vacation pay on ESA Minimum Notice Period* | **H=G*A*C** |
| | |
| *Less : Payment received from Termination Fund* | *I* |
| *Less: Termination payment made by Nortel* | *J* |

[1] All values are rounded to the nearest 2 decimal places except for Vacation accrual.

# APPENDIX "O"

00198

APPENDIX O

| Chart # 7.3 – Unionized LTD Beneficiaries not eligible for bridging or pensioner eligible1 | |
|---|---|
| Base Monthly Salary = Annual Salary ÷12 + 4.3482 x Standard weekly working hours x hourly COLA, rounded to 2 decimal places | A |
| Years of Service =  (Termination Date - Hire Date) ÷ 365 | B |
| CBA Severance Amount = CBA Severance Period ÷ 4.3482 x Base Monthly Salary | C |
| CBA Notice Period ÷ 4.3482 | D |
| *CBA Notice/Severance Amount* | $E=A*D+C$ |
| | |
| ESA Minimum Notice Period ÷ 4.3482 | F |
| Vacation accrual = Annual Vacation Entitlement ÷ 5 working days/week ÷ 52 weeks/year | G |
| *Vacation pay on ESA Minimum Notice Period* | $H=F*G*A$ |
| | |
| *Less : Payment received from Termination Fund* | *I* |

1 All values are rounded to the nearest 2 decimal places except for Vacation accrual.

APPENDIX O

| Chart # 7.3 – Unionized LTD Beneficiaries not eligible for bridging or pensioner eligible1 | |
|---|---|
| Base Monthly Salary = Annual Salary ÷12 + 4.3482 x Standard weekly working hours x hourly COLA, rounded to 2 decimal places | A |
| Years of Service =  (Termination Date - Hire Date) ÷ 365 | B |
| CBA Severance Amount = CBA Severance Period ÷ 4.3482 x Base Monthly Salary | C |
| CBA Notice Period ÷ 4.3482 | D |
| *CBA Notice/Severance Amount* | $E=A*(C+D)+C$ |
| | |
| ESA Minimum Notice Period ÷ 4.3482 | F |
| Vacation accrual = Annual Vacation Entitlement ÷ 5 working days/week ÷ 52 weeks/year | G |
| *Vacation pay on ESA Minimum Notice Period* | $H=F*G*A$ |
| | |
| *Less : Payment received from Termination Fund* | *I* |

[1] All values are rounded to the nearest 2 decimal places except for Vacation accrual.

Court File No: 09-CL-7950

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**SUPPLEMENT TO SEVENTY-FIFTH REPORT OF THE MONITOR DATED OCTOBER 4, 2011**

**GOODMANS LLP**
Barristers & Solicitors
Bay Adelaide Centre, 333 Bay Street
Toronto, Canada M5H 2S7

Jay A. Carfagnini (LSUC#: 222936)
Fred Myers (LSUC#: 26301A)
Gale Rubenstein (LSUC# 17088E)
Melaney J. Wagner (LSUC# 44063B)
Joseph Pasquariello (LSUC# 37389C)

Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

# APPENDIX "A"

## GLOSSARY

| Term | Definition |
|---|---|
| **Active Canadian Service Employees:** | individuals who (i) as of Year End 2010 were employed by a Nortel entity that is not an Applicant, (ii) were at some point employed by an Applicant, and (iii) as at the date they cease employment, have Benefit Claims against an Applicant under a Non-Registered Pension Plan in respect of accrued service to an Applicant according to the books and records of the Applicants |
| **Active Employee:** | an Employee who was employed by an Applicant as of Year End 2010 |
| **Active Precision Employees:** | individuals who (i) were employed by an Applicant immediately prior to the Precision Transaction, (ii) were Unionized Employees, (iii) were transferred to Precision as part of the Precision Transaction, (iv) are identified by Former Employees' Representative Counsel as continuing employment with Precision as of the date of the Compensation Claims Procedure Order, as updated from time to time, and (v) have a Benefit Claim under the RAP in accordance with the terms of the Precision Transaction according to the books and records of the Applicants |
| **ADB:** | an additional death benefit provided to a closed group of Pensioners (most of whom retired prior to 1983) |
| **Administrative Costs Gross Up:** | an administrative cost/premium tax increase of 10% on the present value of Pensioner M&D and LTD M&D |
| **Aggregate Severance Grid** | a grid reflecting the aggregate liability for the Base Severance Claims calculated under the proposed Termination and Severance Claim Methodology |
| **Applicable Proof of Claims Bar Date:** | the Proof of Claim Rolling Bar Date and the Proof of Claim Bar Date, as applicable |
| **Applicable Rehired Employees:** | Terminated Employees in Ontario who experienced breaks in service to the Applicants (i.e. an Employee employed by one of the Applicants who was terminated and subsequently rehired) for whom employee entitlement to notice and severance under the applicable ESA Minimum Notice/Severance Period is greater than the severance amount calculated under the Methodology Notice Period |
| **Applicants:** | Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation |
| **Base Severance Claims:** | that portion of the Termination and Severance Pay Claims that excludes any claims valued in the Mercer 2011 Valuations but reflecting a reduction for payments from the Termination Fund |

1

00113

| Term | Definition |
|---|---|
| **Benefit Claims:** | the claims of Employees under the Non-Registered Pension Plans and claims for Non-Pension Benefits |
| **Bondholder Group:** | the ad hoc group of holders of bonds issued by NNL, NNC and Nortel Networks Capital Corporation that has been organized and is participating in the Applicants' CCAA proceedings as well as the Chapter 11 Proceedings |
| **Bridging Period:** | the bridging period set out in the termination agreements of the Pre-Filing Terminated Bridging Employees, being the period equal to the amount of time required following the Pre-Filing Bridging Notice Period to make such Employee pensioner eligible or eligible for an enhanced early retirement pension under the defined benefit plan |
| **Canadian Service Employees:** | Terminated Canadian Service Employees and Active Canadian Service Employees |
| **CARP:** | Nortel's compensation and retirement accumulation programs |
| **CAW:** | National Automobile, Aerospace, Transportation and General Workers Union of Canada (CAW-Canada) and its Locals 27, 1525, 1530, 1837, 1839, 1905 and/or 1915 and George Borosh et al. |
| **CAW Counsel:** | Barry E. Wadsworth and Lewis Gottheil, counsel to the CAW |
| **CBA Benefit Period:** | the number of months in addition to the CBA Notice Period set out in a collective bargaining agreement in respect of which a Post-Filing Terminated Employee is entitled to continued non-pension benefits following layoff |
| **CBA Bridging Employees:** | Post-Filing Terminated Employees who are Unionized Employees and are eligible for bridging under the applicable collective bargaining agreement at the date of termination |
| **CBA Bridging Period:** | the period equal to the amount of time required following the CBA Notice Period to make a CBA Bridging Employee pensioner eligible |
| **CBA Notice/Bridging Period:** | the CBA Bridging Period together with the CBA Notice Period |
| **CBA Notice Period:** | the number of weeks a CBA Bridging Employee is entitled to notice as set out in the applicable collective bargaining agreement |
| **CBA Notice/Severance Period:** | the CBA Severance Period together with the CBA Notice Period |

2

| Term | Definition |
|---|---|
| **CBA Severance Period:** | the number of weeks set out in the applicable collective bargaining agreement in respect of which a Non-Retirement Eligible CBA Employee with no recall rights is entitled to severance |
| **CCAA:** | *Companies' Creditors Arrangement Act* |
| **Chapter 11 Proceedings:** | the voluntary petitions under Chapter 11 of the Code filed by NNI and certain of its U.S. subsidiaries in the U.S. Court |
| **Claim:** | any Compensation Claim or Other Compensation Claim |
| **Claims Officer:** | the person or persons so designated by the Monitor and approved by the Court, or designated by the Court, as the case may be |
| **Claims Packages:** | the applicable Information Statement Package or the Proof of Claim Document Package sent by the Monitor |
| **Claims Procedure Order:** | Court Order granted July 30, 2009 calling for certain claims against the Applicants and establishing a bar date for the filing of such claims |
| **CNELTD:** | Canadian Nortel Employees on Long-Term Disability |
| **Code:** | United States Bankruptcy Code |
| **Committee:** | the official committee of unsecured creditors of the U.S. Debtors |
| **Company:** | Nortel Networks Corporation collectively with all of its subsidiaries |
| **Compensation Claims:** | the Benefit Claims, Termination and Severance Pay Claims or Patent Award Claims calculated pursuant to the Compensation Claims Methodology |
| **Compensation Claims Methodology:** | the assumptions and methodologies for calculating Compensation Claims described and as set out in the Seventy-Fifth Report and the Appendices attached thereto, including the Mercer 2011 Valuations and "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" |
| **Compensation Claims Methodology Order:** | the Order sought by the Applicants as a first step in the Compensation Claims Process for approval of the Compensation Claims Methodology |
| **Compensation Claims Orders:** | the Compensation Claims Methodology Order and the Compensation Claims Procedure Order |

3

| Term | Definition |
|---|---|
| **Compensation Claims Participants:** | the Applicants, the Monitor, the Former Employees' Representatives, the Former Employees' Representative Counsel, the LTD Beneficiaries' Representative, the LTD Beneficiaries' Representative Counsel, CAW Counsel, the Continuing Employees' Representatives, the Continuing Employees' Representative Counsel and their respective actuarial and financial advisors |
| **Compensation Claims Procedure:** | the Applicants' proposed compensation claims procedure whereby the Applicants will: (A) call for Compensation Claims and Other Compensation Claims; and (B) establish bar dates by which any Requests for Correction and/or Form C Proof of Claim must be filed |
| **Compensation Claims Procedure Order:** | the Order sought by the Applicants for approval of the Compensation Claims Procedure |
| **Compensation Claims Process:** | the Compensation Claims Methodology and the Compensation Claims Procedure |
| **Compensation Creditor:** | any Person asserting a Claim |
| **Confirming Changes Section:** | a section of Form B to be signed and completed by an Employee only if that Employee has requested changes or corrections to the Personal Information |
| **Continuing Employees' Representatives:** | Kent Felske and Dany Sylvain, as appointed by the Court on July 22, 2009 |
| **Continuing Employees' Representative Counsel:** | Nelligan O'Brien Payne LLP and Shibley Righton LLP, as appointed by the Court on July 22, 2009 |
| **Contract Notice Period:** | for a Post-Filing Terminated Employee who is a Non-Unionized Employee and who has a written employment contract with an Applicant that expressly sets out the number of weeks he/she is entitled to notice and severance, the number of weeks set out in such written employment contract |
| **Correction Bar Date:** | the Request for Correction Bar Date and the Request for Correction Rolling Bar Date |
| **Court:** | Ontario Superior Court of Justice |
| **Creditors' Meeting:** | the meeting or meetings of Compensation Creditors (and other creditors) scheduled pursuant to further Order of the Court, or by any Plan when and as filed with the Court |

4

00116

| Term | Definition |
|------|------------|
| **Cumulative Patent Issuance Award:** | monetary awards provided by Nortel to eligible employee-inventors upon the cumulative issuance of patents |
| **Deferred Vested Employees:** | Employees whose employment terminated pre-filing and, at the time of termination, were eligible for benefits under a Registered Pension Plan but deferred payment of the benefits under such plan and did not retire from an Applicant on or before December 31, 2010 |
| **Director:** | any current or former director of the Applicants or any of them |
| **Dispute Notice:** | a Dispute Notice (Personal Information) or a Dispute Notice (Proof of Claim), as the case may be |
| **Dispute Notice (Personal Information):** | a written notice to the Monitor, in substantially the form attached to the Compensation Claims Procedure Order, delivered to the Monitor by a Compensation Creditor that has received a Notice of Disallowance (Personal Information) or a Monitor Corrected Information Statement, as applicable, notifying of its intention to dispute such Notice of Disallowance (Personal Information) or such Monitor Corrected Information Statement, as applicable |
| **Dispute Notice (Proof of Claim):** | a written notice to the Monitor, in substantially the form attached to the Compensation Claims Procedure Order, delivered to the Monitor by a Compensation Creditor that has received a Notice of Disallowance (Proof of Claim), notifying of its intention to dispute such Notice of Disallowance (Proof of Claim) |
| **EMEA:** | Europe, Middle East and Asia |
| **EMEA Debtors:** | NNUK and certain of its subsidiaries located in EMEA |
| **Employees:** | the Applicants' employees, former employees, pensioners and their survivors, including LTD Beneficiaries |
| **Employee Representatives:** | the Continuing Employees' Representatives, the Former Employees' Representatives, the LTD Beneficiaries' Representative and the CAW |
| **ESA Minimum Notice Period:** | the applicable minimum notice period under applicable employment standards legislation |
| **ESA Minimum Notice/Severance Period:** | the ESA Minimum Notice Period and the ESA Minimum Severance Period |
| **ESA Minimum Severance Period:** | the applicable severance period set out in Ontario employment standards legislation |

00117

| Term | Definition |
|---|---|
| **Excess Plan:** | the Nortel Networks Limited Managerial and Non-Negotiated Excess Plan |
| **EYI:** | Ernst & Young Inc. |
| **Fifty-First Report:** | the Fifty-First Report of the Monitor dated August 27, 2010 |
| **Filing Date:** | January 14, 2009 |
| **Form A:** | Compensation Claim amount form of the Information Statement setting out an Employee's:<br>(i) Termination and Severance Pay Claim amount, if applicable, as calculated based on the applicable Termination and Severance Claim Methodology;<br>(ii) Benefit Claim amount, if applicable, under one or more of the Non-Registered Plans as calculated pursuant to the methodology and assumptions in the Mercer 2011 Valuations; and<br>(iii) Patent Award Claim amount, if applicable, as calculated based on the Patent Award Claim Methodology |
| **Form B:** | personal information change form of the Information Statement setting out the Personal Information that is used in the determination of the Compensation Claim amounts, which section includes a column for the Employee to indicate any corrections to the data (together with supporting documentation to be attached) and a section to be signed and completed by the Employee only if that Employee has requested changes or corrections to the Personal Information |
| **Form C Proof of Claim:** | the form of Proof of Claim for Other Compensation Claims in substantially the form attached to the Compensation Claims Procedure Order |
| **Former Employees:** | former employees, including pensioners, of the Applicants or any Person claiming an interest under or on behalf of such former employees or pensioners and surviving spouses in receipt of a Nortel pension, or group or class of them |
| **Former Employees' Representatives:** | Donald Sproule, David Archibald and Michael Campbell as representatives of the Former Employees, as appointed by the Court on May 27, 2009 |
| **Former Employees' Representative Counsel:** | Koskie Minsky LLP, as appointed by the Court on May 27, 2009 |
| **Forty-Second Report:** | the Forty-Second Report of the Monitor dated March 30, 2010 |

| Term | Definition |
|---|---|
| **Grievance Claim:** | any grievance (or part of such grievance) by an Employee against any Applicant as of the date of the Compensation Claims Procedure Order, where that grievance (or part of such grievance) is (i) pursuant to a collective agreement with such Applicant, (ii) for monetary compensation, and (iii) not covered in an Information Statement and the Compensation Claims Methodology. Where part of a grievance is for monetary compensation, and part of the same grievance is for other relief, only that part of the grievance that is for monetary compensation shall be a Grievance Claim for the purposes of the Compensation Claims Procedure Order |
| **Guide to Completing Form C:** | a guide to completing the Form C Proof of Claim in substantially the form of the guide attached to the Seventy-Fifth Report as Appendix "O" |
| **Guide to Using Form B:** | a guide to using Form B in substantially the form of the guide attached to the Seventy-Fifth Report as Appendix "N" to assist the Employee in understanding the various data points that are completed for the Employee in Form B and in determining whether any of the Personal Information requires correction |
| **HWT:** | the Applicants' Health and Welfare Trust |
| **HWT Allocation Methodology:** | the methodology for allocation of the corpus of the HWT approved by the Court pursuant to the HWT Allocation Order |
| **HWT Allocation Order:** | the Court Order dated November 9, 2010 approving the HWT Allocation Methodology |
| **HWT Participating Beneficiaries:** | Beneficiaries under the HWT who are entitled to participate in the distribution of the HWT in accordance with the HWT Allocation Methodology |
| **Identified Claimants:** | Employees (other than Active Employees, Active Canadian Service Employees and Active Precision Employees), including Terminated Canadian Service Employees and Retired Precision Employees, known to the Applicants and the Monitor as of the date of the Compensation Claims Procedure Order to have Compensation Claims according to the books and records of the Applicants |
| **Income Beneficiaries:** | LTD Beneficiaries entitled to LTD Income, STB Beneficiaries entitled to STBs in pay and SIB Beneficiaries entitled to SIBs |
| **Income Benefits:** | LTD Income, STBs in pay and SIBs |

00119

| Term | Definition |
|---|---|
| **Income Tax Gross Up:** | a net effective 10% gross up for income taxes on the present value of the following claims: (i) Pensioner Life, including ADB and all LTD Life insurances (i.e., Basic Life, Optional Life, AD&D, Dependent Life); (ii) claims under Non-Registered Pension Plans; (iii) Registered Pension Plan accruals, (iv) SIBs; and (v) STBs |
| **Information Statements:** | individual information statements prepared by the Applicants, with the assistance of Mercer and the Monitor, to be sent to Identified Claimants and, subsequently, Active Employees, Active Canadian Service Employees and Active Precision Employees, as part of the Information Statement Package reflecting the amount of an individual claimants' Compensation Claim calculated in accordance with the Compensation Claims Methodology as well as the underlying data used in such calculation, and that will consist of Form A and Form B |
| **Information Statement Package:** | a document package to be sent to each Identified Claimant and, subsequently, Active Employees, Active Canadian Service Employees and Active Precision Employees, comprised of:<br>(i) a cover letter;<br>(ii) Form A – Your Compensation Claim Amount;<br>(iii) Form B – Your Personal Information Change Form;<br>(iv) Guide to Using Form B;<br>(v) Form C – Canadian Compensation Proof of Claim re: Other Compensation Claims; and<br>(vi) Guide to Completing Form C |
| **Initial Order:** | the Order of the Court dated January 14, 2009, as amended and restated |
| **IPP:** | the Nortel International Pension Plan |
| **LGN:** | LG Nortel Co. Ltd. |
| **LTD:** | Long-term disability |
| **LTD AD&D Benefit:** | Long-term disability accidental death and dismemberment benefits |
| **LTD Basic Life:** | Long-term disability life insurance benefits |

00120

| Term | Definition |
|---|---|
| **LTD Beneficiaries:** | Terminated Employees of an Applicant who were not working at the time of their termination due to an injury, illness or medical condition in respect of which they were receiving or were entitled to receive disability income benefits by or through an Applicant, and who may assert an existing or future claim for payment, reimbursement or coverage arising in connection with their employment with an Applicant or termination thereof, a pension or benefit plan sponsored by an Applicant, including in relation to medical, dental, long-term or short-term disability benefits, life insurance or any other benefit, obligation or payment to which such person (or others who may be entitled to claim under or through such person) may be entitled, save and except those LTD Beneficiaries whose benefit or other payments, as described above, arise directly or inferentially out of a collective agreement between the Applicants, or any of them, and the CAW |
| **LTD Beneficiaries' Representative:** | Sue Kennedy, as representative of the LTD Beneficiaries, as appointed by the Court on July 30, 2009 |
| **LTD Beneficiaries' Representative Counsel:** | Koskie Minsky LLP, as appointed by the Court on July 30, 2009 |
| **LTD Beneficiary Termination and Severance Claim Methodology:** | Description available beginning at Section E of "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" |
| **LTD Dependent Life Benefit:** | Long-term disability dependent life insurance benefits |
| **LTD Income:** | Long-term disability income replacement benefits |
| **LTD M&D:** | Long-term disability medical and dental benefits |
| **LTD Optional Life Benefit:** | Long-term disability Optional Life |
| **LTD-STB Accrual:** | Long-term disability income benefits to certain future survivors upon an LTD Beneficiary's death |
| **Managerial Plan:** | the Nortel Networks Limited Managerial and Non-Negotiated Pension Plan |
| **Mercer 2011 Non-Pension Benefits Valuation:** | Valuation of the Obligations of the Non-Pension Benefits For Claim Purposes as at the Determination Date, by Mercer, dated September 2011 |

00121

| Term | Definition |
|---|---|
| **Mercer 2011 Non-Registered Pension/ Pension Accruals Valuation:** | Valuation of Non-Registered Pension Benefits and Loss of Registered Pension Benefit Accruals for Claim Purposes as at the Determination Date, by Mercer, dated September 2011 |
| **Mercer 2011 Valuations:** | Collectively, the Mercer 2011 Non-Pension Benefits Valuation and the Mercer 2011 Non-Registered Pension/Pension Accruals Valuation |
| **Mercer:** | Mercer (Canada) Limited (the Applicants' actuarial advisor) |
| **Mercer HWT Report:** | Valuation of the Obligations of the Non-Pension Benefits as at December 31, 2010, plus addendum dated September 16, 2010 |
| **Methodology Notice Period:** | Refer to definition at paragraph 3(d), p.10 of "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" |
| **Monitor:** | Ernst & Young Inc., in its capacity as monitor pursuant to the Initial Order |
| **Monitor Corrected Information Statement:** | a revised Information Statement sent by the Monitor to an Employee if any errors are independently discovered by or made known to the Monitor in the Personal Information that affect the amount of the Compensation Claim of such Employee |
| **Morneau:** | Morneau Shepell Ltd. |
| **NNC:** | Nortel Networks Corporation |
| **NNI:** | Nortel Networks Inc. |
| **NNL:** | Nortel Networks Limited |
| **NNUK:** | Nortel Networks UK Limited |
| **Negotiated Plan:** | the Nortel Networks Negotiated Pension Plan |
| **Non-Pension Benefits:** | non-pension benefits provided by the Applicants to Employees consisting of Pensioner Life, ADB, Pensioner M&D, STB M&D Accrual, LTD Basic Life, LTD Optional Life Benefit, LTD AD&D Benefit, LTD M&D, LTD-STB Accrual, LTD Income, SIBs, STBs and Optional Life |
| **Non-Registered Pension Plans:** | the Excess Plan, SERP, IPP, TRA, and RAP |
| **Non-Registered Pension Plan Claims:** | claims under the Non-Registered Pension Plans |

00122

| Term | Definition |
|------|------------|
| **Non-Retirement Eligible CBA Employees:** | Post-Filing Terminated Employees who are Unionized Employees and are not eligible for bridging or are not pensioner eligible at the date of termination under the applicable collective bargaining agreement |
| **Non-Unionized Employees:** | all current employees of the Applicants that are not subject to a collective bargaining agreement and all former employees of the Applicants that were not subject to a collective bargaining agreement at the date of their termination |
| **Nortel:** | Nortel Networks Corporation, collectively with all of its subsidiaries |
| **Nortel Vacation Policy:** | Nortel's vacation policy described in paragraph 82 of the Seventy-Fifth Report |
| **Notice of Acceptance (Personal Information):** | a notice, in substantially the form attached to the Compensation Claims Procedure Order, advising an Employee that the Monitor has accepted a change to that Employee's Personal Information and that the change does not result in a revised Compensation Claim amount |
| **Notice of Allowance (Proof of Claim):** | a notice, in substantially the form attached to the Compensation Claims Procedure Order, advising a Compensation Creditor that the Monitor has allowed such Compensation Creditor's Claim |
| **Notice of Disallowance:** | the Notice of Disallowance (Personal Information) and the Notice of Disallowance (Proof of Claim) |
| **Notice of Disallowance (Personal Information):** | a notice, in substantially the form attached to the Compensation Claims Procedure Order, advising an Employee that the Monitor has disallowed all or part of the changes that have been requested by such Employee in a Request for Correction |
| **Notice of Disallowance (Proof of Claim):** | a notice, in substantially the form attached to the Compensation Claims Procedure Order, advising a Compensation Creditor that the Monitor has disallowed all or part of such Compensation Creditor's Claim set out in a Form C Proof of Claim filed by or on behalf of that Compensation Creditor |
| **NRPC:** | Nortel Retiree and Former Employee Protection Canada |
| **Officer:** | a current or former officer of an Applicant |
| **Optional Life:** | an optional life insurance program provided by Nortel (also known as group life – part II), available to employees at their own cost, insured by Sun Life in a policy naming Nortel as the policyholder |
| **Optional Life Participants:** | participants in the Optional Life program |

11

| Term | Definition |
|------|-----------|
| **Other Compensation Claims:** | (i) claims of an Employee against any one or more of the Applicants, the Directors or Officers for amounts owing to him/her in his/her capacity as an Employee or arising from the administration, management or oversight of any pension plans or employee benefit plans administered or sponsored by the Applicants or their subsidiaries that is not included in Form A (Your Compensation Claim Amount) of the Information Statement; <br> (ii) claims of a Director for compensation for acting as a director, including, without limitation in respect of fees, deferred share-based compensation, benefits and Director expenses; <br> (iii) claims of a Director or Officer as of the date of the Compensation Claims Procedure Order against one or more of the Applicants for indemnification and/or contribution arising from such Director's or Officer's service to any Applicant; and <br> (iv) a Grievance Claim |
| **Outstanding Lump Sum Employee Notice Period:** | the outstanding notice period under the termination agreement of a Pre-Filing Terminated Lump Sum Employee (determined as reflected in charts 3.1 and 3.2 of the Severance Grid Formulae) |
| **Outstanding Notice/ Bridging Period:** | the outstanding Pre-Filing Notice/Bridging Period for Pre-Filing Terminated Bridging Employees determined as reflected in chart 1 of the Severance Grid Formulae |
| **Outstanding Salary Continuance Period:** | the outstanding Salary Continuance Period for Pre-Filing Salary Continuance Employees determined as reflected in chart 2 of the Severance Grid Formulae |
| **Patent Award:** | the Patent Filing Award, the Patent Issuance Award or Cumulative Patent Issuance Award |
| **Patent Award Claims:** | claims under the Applicants' patent award program calculated in accordance with the Compensation Claims Methodology and to be set out in an Information Statement |
| **Patent Award Claim Methodology:** | the methodology for calculating Patent Award Claims as set out in Appendix "E" to the Seventy-Fifth Report |
| **Patent Filing Award:** | monetary awards provided by Nortel to eligible employee-inventors for the first filing of a patent |
| **Patent Issuance Award:** | monetary awards provided by Nortel to eligible employee-inventors for the first issuance of a patent |
| **Pensioners:** | Pensioners in receipt of a pension from an Applicant, their beneficiaries and eligible dependants |

12

00124

| Term | Definition |
|------|------------|
| **Pensioner Eligible Terminated Employees:** | Terminated Employees who were terminated after the Filing Date and were pensioner eligible at the date of termination but excluding Post-Filing Transferred Employees and LTD Beneficiaries |
| **Pensioner Eligible Terminated Employee Termination and Severance Claim Methodology:** | Description available beginning at Section D of "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" |
| **Pensioner Life:** | a group life insurance benefit provided to Pensioners, the amount of which varies and generally decreases on every anniversary of retirement and is available on the death of the pensioner at any age and is insured by Sun Life under a policy naming Nortel as the policyholder plus a death benefit provided to the surviving spouses of certain eligible Pensioners |
| **Pensioner M&D:** | medical and dental benefits for Pensioners and their dependants |
| **Person:** | includes any individual (including an Employee), partnership, joint venture, trust, corporation, unlimited liability company, unincorporated organization, government body or agency or instrumentality thereof, or any other juridical entity howsoever designated or constituted |
| **Personal Information:** | the personal information relating to a particular employee as at December 31, 2010 (completed based on the books and records of the Applicants, as updated from time to time) and as set out in Form B |
| **Plan:** | any plan of compromise and arrangement by one or more of the Applicants, if and when filed and approved by the Court, as revised, amended, modified or supplemented from time to time in accordance with its terms |
| **Post-Filing Terminated Employees:** | Terminated Employees other than Pre-Filing Terminated Employees |
| **Post-Filing Terminated Employee Applicable Notice Period:** | the period ending at the end of the ESA Minimum Notice/Severance Period, CBA Notice/Bridging Period, CBA Notice/Severance Period, Contract Notice Period or Methodology Notice Period, as applicable |
| **Post-Filing Terminated Employee Termination and Severance Claim Methodology:** | Description available beginning at Section B of "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" |

| Term | Definition |
|---|---|
| **Post-Filing Transferred Employees:** | Post-Filing Terminated Employees of any Applicant who, after the Filing Date, transferred employment to the buyer of a business unit of an Applicant, or who were offered employment with a buyer, but declined the offer, but excluding Pensioner Eligible Terminated Employees |
| **Post-Filing Transferred Employee Applicable Notice Period:** | the period ending at the end of the ESA Minimum Notice/Severance Period, CBA Notice/Bridging Period, CBA Notice Period, CBA Notice/Severance Period, Contract Notice Period or Methodology Notice Period, as applicable |
| **Post-Filing Transferred Employee Termination and Severance Claim Methodology:** | Description available beginning at Section C of "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" |
| **Precision:** | Precision Communications Service Corp. |
| **Precision Employees:** | Retired Precision Employees and Active Precision Employees |
| **Precision Transaction:** | the sale of assets by Nortel Networks Corporation to Precision completed as of March 3, 2000 |
| **Pre-Filing Bridging Notice Period:** | the notice period set out in the termination agreements of Pre-Filing Terminated Bridging Employees |
| **Pre-Filing Notice/ Bridging Period:** | the Bridging Period together with the Pre-Filing Bridging Notice Period |
| **Pre-Filing Terminated Bridging Employees:** | Pre-Filing Terminated Employees who were bridged to retirement pursuant to their termination agreements (that is, Employees whose termination agreements provided for a notice period equal to the amount of time required to make them pensioner eligible or eligible for an enhanced retirement pension under the defined benefit plan) |
| **Pre-Filing Terminated Contingency Employees:** | Pre-Filing Terminated Employees determined by the Applicants to be entitled (as at December 31, 2010) to additional contingency weeks of notice pursuant to their termination agreements |
| **Pre-Filing Terminated Employees:** | Terminated Employees who were terminated or received notice of termination prior to the Filing Date and have amounts owing to them under their termination agreements |

| Term | Definition |
|---|---|
| **Pre-Filing Terminated Employee Termination and Severance Claim Methodology:** | Description available beginning at Section A of "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" |
| **Pre-Filing Terminated Lump Sum Employees:** | Pre-Filing Terminated Employees who were entitled to a lump sum payment pursuant to their termination agreements |
| **Pre-Filing Terminated Salary Continuance Employees:** | Pre-Filing Terminated Employees who were on salary continuance pursuant to their termination agreements |
| **Pre-Filing Terminated Settlement Employees:** | Pre-Filing Terminated Employees who have entered into a settlement termination agreement with the Applicants |
| **Proof of Claim Bar Date:** | prior to 4:00 p.m. (Eastern time) on December 23, 2011 |
| **Proof of Claim Document Package:** | a claim document package for any Compensation Creditor other than Identified Claimants comprised of a Form C – Proof of Claim and a Guide to Completing Form C |
| **Proof of Claim Rolling Bar Date:** | prior to 4:00 p.m. (Eastern Time) on the date that is forty-five calendar days after the day on which the Information Statement Package was sent to an Active Employee, Active Canadian Service Employee or Active Precision Employee, as applicable |
| **RAP:** | the Nortel Networks Limited Retirement Allowance Plan |
| **Registered Pension Plans:** | the Managerial Plan and the Negotiated Plan |
| **Representatives:** | Employee Representatives and Representative Counsel |
| **Representative Counsel:** | Court-appointed representative counsel, being the Former Employees' Representative Counsel, LTD Beneficiaries' Representative Counsel, Continuing Employees' Representative Counsel and CAW Counsel |
| **Request for Correction:** | Form B marked by an Employee to reflect any changes or corrections in the corrections column of Form B accompanied by supporting documentation and a completed and signed Confirming Changes Section |
| **Request for Correction Bar Date:** | on or before 4:00 p.m. (Eastern Time) on December 23, 2011 |

| Term | Definition |
|---|---|
| **Request for Correction Rolling Bar Date:** | on or before 4:00 p.m. (Eastern Time) on the date that is forty-five calendar days after the day on which an Information Statement Package was sent to an Active Employee, Active Canadian Service Employee or Active Precision Employee, as applicable |
| **Retired Precision Employees** | individuals who (i) were employed by an Applicant immediately prior to the Precision Transaction, (ii) were Unionized Employees, (iii) were transferred to Precision as part of the Precision Transaction, (iv) are identified by Former Employees' Representative Counsel by the date of the Compensation Claims Procedure Order as having retired from Precision, and (v) have a Benefit Claim under the RAP in accordance with the terms of the Precision Transaction according to the books and records of the Applicants |
| **Revised Information Statement:** | a revised Information Statement sent to an Employee reflecting correction(s) to the Personal Information and the revised Compensation Claim amount |
| **Rolling Information Statement:** | an Information Statement setting out an employee's applicable Compensation Claims received by such employee once, in the case of an Active Employee or Active Canadian Service Employee, such employee ceases to be an Active Employee or Active Canadian Service Employee, as applicable, or, in the case of an Active Precision Employee, such employee retires from Precision |
| **Salary Continuance Base Severance Amount:** | the amount of severance outstanding under the termination agreement of a Pre-Filing Terminated Salary Continuance Employee calculated as:<br><br>(i) base bi-weekly salary (in the amount set out in the termination agreement and calculated as reflected in chart 2 of the Severance Grid Formulae) during the Salary Continuance Period, minus<br>(ii) any payments made by the Applicants under the termination agreement |
| **Salary Continuance Period:** | the salary continuance period set out in the termination agreement of a Pre-Filing Terminated Salary Continuance Employee |
| **Segal:** | The Segal Company (the Settlement Employee Representatives' actuary) |
| **SERP:** | the Supplementary Executive Retirement Plan |
| **Settlement Agreement:** | the agreement among the Applicants, the Monitor, the Former Employee Representatives, the LTD Beneficiaries' Representative, the Former Employees' Representative Counsel, the LTD Beneficiaries' Representative Counsel and the CAW regarding certain issues related to, among other things, the Registered Pension Plans, certain employee benefits for, among others, Pensioners and LTD Beneficiaries and certain employment-related issues, as amended and restated on March 30, 2010 |
| **Seventy-Fifth Report:** | the Seventy-Fifth Report of the Monitor dated September 19, 2011 |

16

00128

| Term | Definition |
|---|---|
| **Severance Grid:** | the Severance Grid Formulae and the Aggregate Severance Grid |
| **Severance Grid Formulae:** | the formulae for calculating the Base Severance Claims for each category of Employee |
| **SIBs:** | life-time income benefits for survivors of certain former non-unionized Nortel employees |
| **STBs:** | income benefits for survivors of certain unionized former Nortel employees, payable for a five year period |
| **STB Beneficiaries:** | survivors currently receiving STBs and Pensioners and LTD Beneficiaries whose survivors would be eligible for STBs |
| **STB M&D Accrual:** | medical and dental benefits to certain future survivors on a Pensioner's death |
| **Terminated Canadian Service Employees:** | individuals who (i) were employed by an Applicant at some point, (ii) have been terminated, (iii) immediately prior to their termination were employed by a Nortel entity that is not an Applicant, and (iv) as of the date of their termination, have Benefit Claims against an Applicant under a Non-Registered Pension Plan in respect of accrued service to an Applicant according to the books and records of the Applicants |
| **Terminated Employees:** | Employees employed by an Applicant immediately prior to termination and who were terminated |
| **Termination and Severance Claim Methodology:** | the termination and severance claim methodology described in "APPENDIX D - TERMINATION AND SEVERANCE CLAIM METHODOLOGY" and as reflected in the Severance Grid and the Mercer 2011 Valuations |
| **Termination and Severance Pay Claims:** | termination and severance pay claims of Terminated Employees including, where applicable, claims for fringe benefits, Registered Pension Plan accruals and grow-ins under Non-Registered Pension Plans and Non-Pension Benefits during the applicable proposed notice period calculated in accordance with the Compensation Claims Methodology and to be set out in an Information Statement |

00129

| Term | Definition |
| --- | --- |
| **Termination Fund:** | a pool of $4.3 million (later supplemented by amounts from the employee hardship fund, as approved by the Court Order dated February 25, 2011) that was created by Nortel and set aside pursuant to the Settlement Agreement for employees and former employees of Nortel whose employment was terminated prior to or on June 30, 2010 to whom amounts were owing for termination or severance payments, who were not offered employment with a purchaser of Nortel's assets and who had not received or were not entitled to receive (i) gross cumulative Annual Incentive Plan payments from and after October 1, 2009 of $3,000.00 or more; or (ii) a Key Employee Incentive Plan or Key Employee Retention Plan payment in 2009; or (iii) payment from any Court approved equivalent 2010 plan |
| **Thirty-Ninth Report:** | the Thirty-Ninth Report of the Monitor dated February 18, 2010 |
| **TRA:** | the Nortel Networks Limited Transitional Retiring Allowance Plan |
| **Trustee:** | the trustee of the HWT |
| **U.S. Court:** | the United States Bankruptcy Court for the District of Delaware |
| **U.S. Debtors:** | Nortel Networks (CALA), Inc., NNI and those of its subsidiaries that filed the Chapter 11 Proceedings on the Filing Date |
| **Unionized Employees:** | all current employees of the Applicants that are subject to a collective bargaining agreement and all former employees of the Applicants that were subject to a collective bargaining agreement at the date of their termination |
| **Year End 2010:** | midnight on December 31, 2010 |

\5991444

# APPENDIX "B"

00130

September 2011

# Valuation of Non-Registered Pension Benefits and Loss of Registered Pension Benefit Accruals for Claim Purposes as at the Determination Date

Nortel Networks Limited, Nortel Networks Corporation, Nortel Networks Technology Corporation, Nortel Networks International Corporation, Nortel Networks Global Corporation (collectively "Nortel Canada" or the "Company")

**Confidential and Without Prejudice**

MERCER

Consulting. Outsourcing. Investments.

**Nortel Networks Limited**                    Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date

00131

# Contents

**1.**  Introduction ..................................................................................................2

**2.**  Valuation Results ..........................................................................................9

**3.**  Methods and Assumptions .........................................................................11

**4.**  Membership Data ........................................................................................27

**5.**  Summary of Benefit Eligibility Requirements ............................................33

**Appendix A:**  Summary of Plan Provisions for the Nortel Networks Limited Transitional
Retiring Allowance (TRA)

**Appendix B:**  Summary of Plan Provisions for the Nortel Networks Limited Retirement
Allowance Plan (RAP)

**Appendix C:**  Summary of Plan Provisions for the Supplementary Executive Retirement
Plan (SERP)

**Appendix D:**  Summary of Plan Provisions for the Nortel Networks Limited Managerial
and Non-Negotiated Excess Plan (Excess Plan)

**Appendix E:**  Summary of Plan Provisions for the Nortel International Pension Plan
(IPP Plan)

**Appendix F:**  Employer Certification

v:\nortelcm\claims process\report\draft\valuation of non-registered pension benefits and loss of registered pension benefit accruals for claim purposes as at the
determination date (final).doc

**Nortel Networks Limited**

Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date

00132



**1**

# Introduction

## To Nortel Canada and Ernst & Young Inc. (the "Monitor")

In accordance with your request, we have performed a valuation of the accrued benefits under the non-registered pension and retiring allowance plans and certain accruals under the registered pension plans sponsored by Nortel Canada for purpose of determining the claim against the estate of Nortel Canada by the employees, former employees and their survivors for lost benefit entitlements.  This report contains preliminary estimated liabilities for the identified Plans (as defined below) and Plan members based on assumptions and methodologies as discussed with Nortel Canada and the Monitor.  We understand that the liability figures provided in this report are expected to be used to determine an initial estimate of the per claimant liabilities for the specific benefits provided in this report. These liabilities, after potential adjustments for updates, will be used to determine the claim against Nortel Canada's estate for the specified benefit, to the individual claimants.

This is subject to the approval of the Court in Nortel Canada's insolvency proceedings.

As instructed by the Monitor and the Company, the following plans and accrued benefits (collectively referred to as the "Plans") are covered by this report:

- The Nortel Networks Limited Managerial and Non-Negotiated Excess Plan ("Excess Plan");

- The Supplementary Executive Retirement Plan ("SERP") – Canadian benefits only;

- The Nortel International Pension Plan ("IPP");

- The Nortel Networks Limited Transitional Retiring Allowance Plan ("TRA");

- The Nortel Networks Limited Retirement Allowance Plan ("RAP");

**Nortel Networks Limited**                              Preliminary Valuation of Non-Registered Pension Benefits
                                                          for Claim Purposes as at the Determination Date

00133

- Loss of defined benefit ("RPP DB") or defined contribution ("RPP DC") accruals under the Nortel registered pension plans[1] after December 31, 2010 for members on long term disability ("LTD Claimants") ("LTD Lost Pension Accrual"); and

- Loss of defined benefit or defined contribution accruals under the Nortel registered pension plans[2] during the Notice Period (as defined below) for Terminated Members[3] ("Terminated Lost Pension Accrual").

- Loss of pension equivalent for qualifying union members who were terminated after January 14, 2009 ("Lost Pension Equivalent").

The LTD Lost Pension Accrual, the Terminated Lost Pension Accrual and the Lost Pension Equivalent are collectively referred as "Lost Pension Accrual" in this report.

Nortel Canada ceased all benefit payments under the Plans as at January 14, 2009, the date Nortel Canada filed and obtained court protection under the Companies' Creditors Arrangement Act (the "CCAA proceedings"). The liabilities in this report represent the actuarial present value of the benefits as at the applicable "Determination Date" in accordance with the following:

---

[1]  The Nortel Networks Limited Managerial and Non-Negotiated Pension Plan ("Managerial Plan") and the Nortel Networks Negotiated Pension Plan ("Negotiated Plan").

[2]  The Managerial Plan and the Negotiated Plan.

[3]  "Terminated Members" include (i) members who were involuntarily terminated prior to January 14, 2009 that had a Notice Period extending past January 14, 2009, (ii) members who were involuntarily terminated on or after January 14, 2009 and on or before December 31, 2010, and (iii) members that were transferred to another employer as part of a transaction in 2009 or 2010.

**Mercer (Canada) Limited**                                                                                    3

**Nortel Networks Limited**

00134

| Member Group | Determination Date |
|---|---|
| Active and LTD Claimants | December 31, 2010 |
| Active Canadian Service Members[4] | December 31, 2010 |
| Pensioners in receipt of monthly benefits on January 14, 2009 | January 14, 2009 |
| Pensioners and deceased members who died between January 14, 2009 and December 31, 2010 and were in receipt as at January 14, 2009, and their survivors if eligible for any survivor benefits | Date of death |
| Deferred vested members with a benefit entitlement as at January 14, 2009 who received a pension package prior to December 31, 2008 and: | |
| ▪ did not receive a further package after December 31, 2008 | January 14, 2009 |
| ▪ received a further package after December 31, 2008 | Date of which the package was prepared |
| Members on special leaves of absence prior to pension ("SPLA") and salary continuance and members with an outstanding lump sum severance | Date of termination under the registered pension plans |
| Members affected by the 2009/2010 transactions, as follows: | Date of transaction |
| ▪ Avaya | December 18, 2009 |
| ▪ Ericsson | December 31, 2009 |
| ▪ Ciena | March 19, 2010 |
| ▪ Ericsson / Kapsch | March 31, 2010 |
| ▪ Genband | May 28, 2010 |
| Terminated Canadian Service Members[5] | Date of termination or date of retirement under the registered pension plans |
| Other members who became Terminated Members or retired on or after January 14, 2009 | Date of termination or date of retirement under the registered pension plans. |

For greater clarity, the aggregate claim presented in this report represents the sum of the individual claimant liabilities calculated as at the corresponding Determination Dates without any interest adjustment to the date of the report or Court approval of the compensation claims methodology.

---

[4] "Active Canadian Service Members" are members who were employed by a Nortel entity outside of Canada and eligible for a benefit under the Plans with respect to their Canadian service.

[5] "Terminated Canadian Service Members" are members who were employed by a Nortel entity outside of Canada at the date of termination and eligible for a benefit under the Plans with respect to their Canadian service.

**Mercer (Canada) Limited**

**Nortel Networks Limited**

All amounts provided in this report are in Canadian dollars, unless specified otherwise.

The list of the Plans was prepared based on information provided by the Company. Although we have included the above Plans, we understand that there has been no decision on the proposed compensation claims methodology. Further, we make no comment on the applicability of the assumptions used herein, including the valuation date, for any purpose other than the valuation of the liabilities with respect to the termination of the Plans. The assumptions and methodologies used in this valuation are described in Section 3 of this report.

This valuation is based on membership data as at December 31, 2010. Additional information related to the membership data is provided in Section 4 of this report.

This valuation reflects the Plan provisions and the administrative practices related to the application of the Plan provisions as communicated to us by the Company. A summary of the Plan provisions is provided in the Appendices. Summaries of the plan provisions for the registered pension plans can be found in the respective *Report on the Actuarial Valuation for Funding Purposes as at December 31, 2009* filed with the Financial Services Commission of Ontario in September 2010.

Please also note the following:

- <u>Notice Period and periods of SPLA, severance and salary continuance (collectively to be Court approved and referred to as "Notice Period" in this report)</u>
  As instructed by Nortel Canada and the Monitor, the claim for the non-registered plan benefits includes service between the member's date of termination under the registered pension plans and the Notice Period end date, as provided by Nortel Canada and the Monitor, assuming the member terminated at the end of the Notice Period. The claim also includes the value of any loss of defined benefit or defined contribution benefit accruals during the Notice Period under the registered pension plans.

  The claim is not less than the claim based on the member's original date of termination without consideration of the Notice Period[6].

  As instructed by Nortel Canada and the Monitor, for the purpose of this report, a claim for Terminated Lost Pension Accrual for the Notice Period is included for all members[7], regardless of their benefit payment elections.

---

[6] The claim including the Notice Period may be less than the claim without consideration of the Notice Period under the non-registered plans and the DB registered plans. This is because the value of any additional benefit accrual during the Notice Period can be offset entirely by the value of the missed benefit payments between the optimal retirement age and the end of the severance / notice period.

[7] A RPP DC Terminated Lost Pension Accrual claim is not valued for members with RPP DC benefits who transferred to Avaya, Ericsson and Ericsson / Kapsch where these buyers provide a DC plan that is at least as generous as the Nortel plans.

**Mercer (Canada) Limited**

**Nortel Networks Limited**

Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date 00136

- **Income Tax Gross Up**
  As instructed by Nortel Canada and the Monitor, all benefit claims included in this
  report are grossed up by an effective 10% for income tax[8].

- **Eligibility for TRA / RAP Claim**
  In accordance with the plan provisions, a member who is eligible to retire and entitled
  to a TRA / RAP benefit can receive the TRA / RAP benefit if the member elects to
  commence the DB monthly pension immediately under the registered pension plans.
  If the member elects to receive a commuted value transfer under the DB registered
  pension plans or defer the commencement of his/her DB pension, the TRA / RAP
  benefit is forfeited.

  In addition, under the TRA plan, if a member is terminated under the work force
  reduction provisions with 20 years or more of service, but the member is not eligible
  to retire at the date of termination, the member is entitled to a reduced TRA benefit
  regardless of the member's benefit payment election under the registered pension
  plan.

  For the purpose of this report, we have not valued a claim for TRA and RAP if the
  member was eligible to retire at the date of termination and elected to receive the
  commuted value transfer option under the registered pension plan.  A TRA / RAP
  claim is included for the following members

  -- Members eligible to retire at the date of termination who elected to commence the
     DB monthly pension immediately;

  -- Members eligible to retire at their date of termination but have not returned their
     election forms;

  -- Members who were not eligible to retire at the date of termination with at least 20
     years of service.

  -- Members who became eligible to retire during their Notice Period regardless of
     their benefit payment elections in transferring their DB or DC entitlements out of
     the registered pension plans.

  -- Members who were not eligible to retire at the end of their Notice Period with at
     least 20 years of service.

  Precision
  This valuation includes the former employees for whom Precision had notified Nortel
  Canada of their retirements and therefore the commencement of their RAP benefits.
  For greater clarity, this valuation does not include any former employees who are still
  active with Precision.

---

[8]  Claim with income tax gross-up = Claim before income tax gross-up / (1 – 10%).  For example, if the claim
     before income tax gross-up is $100, then the claim with income tax gross-up is $111.11
     (i.e. $100 / (1-10%) ).

**Mercer (Canada) Limited**

6

**Nortel Networks Limited**    Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date

00137

- <u>Allocation of Claim under SERP and IPP to Other Foreign Nortel Canada Entities</u>
  Both the SERP and the IPP recognize members' service accrued in other countries.
  As instructed by Nortel Canada and the Monitor, we have calculated the SERP claim
  for the benefits payable in Canadian dollars only as representing SERP claims
  against Nortel Canada. The SERP claim for the benefits payable in US dollars is
  excluded in this report. Also as instructed by Nortel Canada and the Monitor, we
  have included an IPP claim for the full amount against Nortel Networks Limited
  ("NNL") and excluded any possible reduction in the claim resulting from cross claims
  against foreign affiliates of Nortel Canada.

- <u>Claim for Active Claimants and Active Canadian Service Members</u>
  As instructed by Nortel Canada and the Monitor, the claim for Active Claimants and
  Active Canadian Service Members provided in this Report is based on the
  Determination Date of December 31, 2010 and assumptions in accordance with the
  CIA standard for pension commuted values payable from a registered pension plan
  as at December 31, 2010[9]. In addition, no consideration is given in this Report for the
  Lost Pension Accrual Claim with respect to the Notice Period to which these
  members might be entitled if they were terminated as at December 31, 2010.

  However, the final claim, including any Lost Pension Accrual Claim if applicable, for
  these members will be recalculated upon their actual termination using the same
  methods and assumptions as described in this Report, but based on a Determination
  Date at the member's date of termination and assumptions with respect to interest
  rates, inflation and mortality as determined by the CIA standard at that time. As such,
  the final claim for these members may be higher or lower than the claim provided in
  this Report. Furthermore, there may be additional claimants not covered by this
  Report since they were not eligible to receive benefits under the Plans as at
  December 31, 2010 but became eligible at their actual date of termination.

- <u>Changes in Assumptions and Methods</u>
  The assumptions and methods used in this report are still subject to Court approval.
  As such, the valuation of the claim provided in this report should be considered as
  preliminary.

After checking with representatives of the Company, on the date of preparation of this
report, to the best of our knowledge, there have been no other subsequent events which,
in our opinion, would have a material impact on the results of the valuation.

---

[9] For the purpose of this valuation, the economic assumptions (i.e. interest rates, inflation) used for Active
Claimants and Active Canadian Service Members are based on the month-end CANSIM rates for
December 2010 instead of the usual rates with a 2-month lag.

**Nortel Networks Limited**                         Preliminary Valuation of Non-Registered Pension Benefits
                                                    for Claim Purposes as at the Determination Date    00138

In our opinion,

- The individual membership data on which the valuation is based are sufficient and reliable for the purposes of preparing a preliminary estimate of the aggregate liabilities. However, individual members will be provided with a statement for the purpose of correcting their own data. Therefore, at this time, individual liability amounts should be considered as preliminary estimates only, subject to revision and correction when accepted pursuant to the compensation claims resolution process to be Court approved.

- The assumptions are in accordance with the instructions received from the Company and the Monitor and in aggregate appropriate for the purposes of this report. The assumptions may not be appropriate for other purposes.

- The methods employed are in accordance with the instructions received from the Company and the Monitor for the valuation and appropriate for the purposes of the valuation.

This report has been prepared and our opinions given, in accordance with accepted actuarial practice in Canada. However, we are not aware of any actuarial standards or practice requirements specifically designed for settlement of non-registered benefits as outlined in this report.

The information contained in this report was prepared exclusively for Nortel Canada and the Monitor, in connection with the court application with respect to the claim for the benefits payable under the Plans. This report is only intended for the purposes outlined above. Mercer assumes no liability for the use, or reliance upon, this report for purposes other than those specifically identified in this report.

Respectfully submitted,


Paul Forestell
Fellow of the Canadian Institute of Actuaries
Fellow of the Society of Actuaries

Joseph Tang
Fellow of the Canadian Institute of Actuaries
Fellow of the Society of Actuaries


September 19, 2011
Date

September 19, 2011
Date


Mercer (Canada) Limited; 161 Bay Street, P.O. Box 501; Toronto, Ontario  M5J 2S5


**Mercer (Canada) Limited**                                                                              8

**Nortel Networks Limited**

00139



# **2**

# **Valuation Results**

The following table summarizes the value of the accrued benefits under the Plans as at the Determination Date:

**Estimated Liabilities of Accrued Benefits as at the Determination Date (in millions)**

| | Claim in $CDN | | | | | | | IPP ($US) |
|---|---|---|---|---|---|---|---|---|
| | TRA | RAP | Excess Plan | SERP [10] | RPP DB Accrual | RPP DC Accrual | Total ($CDN) | |
| *Estimated Liabilities Before Notice Period and Income Tax Gross-Up Adjustments* | | | | | | | | |
| Active Members[11] | 4.5 | 0.1 | 0.4 | - | - | - | **$5.0** | - |
| LTD Claimants | 4.3 | 4.4 | 0.3 | 0.4 | 2.8 | 1.4 | **$13.6** | - |
| Pensioners and Survivors[12] | 13.3 | 7.6[13] | 96.4 | 56.2[14] | - | - | **$173.5** | - |
| Deferred Vested Members | ‡ | - | 5.2 | 0.4 | - | - | **$5.6** | 0.2 |
| SPLA / Salary Continuance / Outstanding Severance | 1.2 | 0.1 | 0.1 | - | - | - | **$1.4** | - |

---

[10] For benefits payable in Canadian dollars only.

[11] Including Active Canadian Service Members.

[12] Including deceased pensioners and deceased members and their survivors.

[13] $2.0 million of the $7.6 million is for Precision members.

[14] Including $3.2 million for pensions paid to the two survivors of deceased former Bell executives (Nortel portion only and paid in Canadian dollars).

**Nortel Networks Limited**    Preliminary Valuation of Non-Registered Pension Benefits
for Claim Purposes as at the Determination Date

| | Claim in $CDN | | | | | | | IPP ($US) |
|---|---|---|---|---|---|---|---|---|
| | TRA | RAP | Excess Plan | SERP [10] | RPP DB Accrual | RPP DC Accrual | Total ($CDN) | |
| 2009/10 Transaction Members | 13.4 | 0.7 | 1.3 | - | - | - | **$15.4** | - |
| Other Terminated Members[15] | 7.9 | 2.9 | 4.7 | - | - | - | **$15.5** | 0.1 |
| _Adjustments for Notice Period[16]_ | | | | | | | | |
| Increase in claim for members who already have a claim: | | | | | | | | |
| ▪ SPLA / Salary Continuance / Outstanding Severance | 0.1 | 0.1 | - | - | - | - | **$0.2** | - |
| ▪ 2009/10 Transaction Members | 3.0 | 0.3 | ‡ | - | - | - | **$3.3** | - |
| ▪ Other Terminated Members | 0.9 | ‡ | ‡ | - | - | - | **$0.9** | - |
| New claim for members who became eligible to receive benefits due to the Notice Period: | | | | | | | | |
| ▪ SPLA / Salary Continuance / Outstanding Severance | 0.1 | - | - | - | 0.1 | 0.2 | **$0.4** | - |
| ▪ 2009/10 Transaction Members | 0.3 | - | - | - | 1.8 | 1.7 | **$3.8** | - |
| ▪ Other Terminated Members | 0.1 | - | - | - | 0.7 | 2.1 | **$2.9** | - |
| Lost Pension Equivalent | - | - | - | - | 0.2 | - | **$0.2** | - |
| _Adjustments for Income Tax Gross-Up[17]_ | | | | | | | | |
| All Members | 5.5 | 1.8 | 12.0 | 6.3 | 0.6 | 0.6 | **$26.8** | ‡ |
| **Grand Total** | **$54.6** | **$18.0** | **$120.4** | **$63.3** | **$6.2** | **$6.0** | **$268.5** | **$0.3** |

‡ Less than $50,000

---

[15] Including Terminated Canadian Service Members.

[16] The Adjustments for Notice Period represent the increase in the liabilities after reflecting the additional benefit and/or eligibility accrual during the Notice Period. For members whose liabilities decrease after reflecting the Notice Period under the particular plan, their Adjustments for Notice Period are $0.

[17] This is 11.11% of the claim (or effective 10%).

**Mercer (Canada) Limited**    10



**3**

# Methods and Assumptions

## *Valuation Methods*

The claim represents the actuarial present value of the benefits payable under the Plans as at the Determination Date, as follows:

| Member Group | Determination Date |
| --- | --- |
| Active and LTD Claimants | December 31, 2010 |
| Active Canadian Service Members[18] | December 31, 2010 |
| Pensioners in receipt of monthly benefits on January 14, 2009 | January 14, 2009 |
| Pensioners and deceased members who died between January 14, 2009 and December 31, 2010 and were in receipt as at January 14, 2009, and their survivors if eligible for any survivor benefits | Date of death |
| Deferred vested members with a benefit entitlement as at January 14, 2009 who received a pension package prior to December 31, 2008 and: | |
| ▪ did not receive a further package after December 31, 2008 | January 14, 2009 |
| ▪ received a further package after December 31, 2008 | Date of which the package was prepared |
| Members on SPLA and salary continuance and members with an outstanding lump sum severance | Date of termination under the registered pension plans |

---

[18] "Active Canadian Service Members" are members who were employed by a Nortel entity outside of Canada and eligible for a benefit under the Plans with respect to their Canadian service.

| Members affected by the 2009/2010 transactions, as follows: | Date of transaction |
|---|---|
| • Avaya | December 18, 2009 |
| • Ericsson | December 31, 2009 |
| • Ciena | March 19, 2010 |
| • Ericsson / Kapsch | March 31, 2010 |
| • Genband | May 28, 2010 |
| Terminated Canadian Service Members[19] | Date of termination or date of retirement under the registered pension plans |
| Other members who became Terminated Members or retired on or after January 14, 2009 | Date of termination or date of retirement under the registered pension plans. |

As instructed by Nortel Canada and the Monitor, the claim for Active Claimants and Active Canadian Service Members provided in this Report is based on the Determination Date of December 31, 2010 and assumptions in accordance with the CIA standard for pension commuted values payable from a registered pension plan as at December 31, 2010[20]. In addition, no consideration is given in this Report for the Lost Pension Accrual Claim with respect to the Notice Period to which these members might be entitled if they were terminated as at December 31, 2010.

However, the final claim, including any Lost Pension Accrual Claim if applicable, for these members will be recalculated upon their actual termination date using the same methods and assumptions as described in this Report, but based on a Determination Date at the member's date of termination and assumptions with respect to interest rates, inflation and mortality as determined by the CIA standard at that time. As such, the final claim for these members may be higher or lower than the claim provided in this Report. Furthermore, there may be additional claimants not covered by this Report since they were not eligible to receive benefits under the Plans as at December 31, 2010 but became eligible at their actual date of termination.

---

[19] "Terminated Canadian Service Members" are members who were employed by a Nortel entity outside of Canada at the date of termination and eligible for a benefit under the Plans with respect to their Canadian service.

[20] For the purpose of this valuation, the economic assumptions (i.e. interest rates, inflation) used for Active Claimants and Active Canadian Service Members are based on the month-end CANSIM rates for December 2011 instead of the usual rates with a 2-month lag.