Form A - <NAME> <EEID>
00479

*[Variable LETTER prints for employees with a Benefits Claim and lost pension ONLY]*
Your Benefit Claim (which includes non-registered pension plans and post-employment benefits such as LTD, post-retirement and/or survivor benefits) has been calculated by Mercer (Canada) Limited ("Mercer"), the actuaries retained by Nortel Canada, and has been reviewed for accuracy by actuaries working on behalf of your Court-appointed Representatives and counsel to CAW - Canada. The personal data used to calculate your Compensation Claim is from Nortel Canada's records.  The methodology and assumptions on which the actuarial valuations have been based (including increases to your Compensation Claim relating to income tax gross up[3] and administrative gross up[4] as applicable) have been approved by the Court and cannot be modified.  The Mercer 2011 Valuations ("Valuation of Non-Pension Benefits for Claims Purposes as at the Determination Date by Mercer dated September 2011" and "Valuation of Non-Registered Pension Benefits and loss of Registered Pension Benefit Accruals for Claims Purposes as at the Determination Date by Mercer dated September 2011") will provide further details on the post retirement benefits and non-registered plans and the assumptions used to calculate these claims. These Mercer 2011 Valuations and related Court-approved assumptions can be viewed at www.ey.com/ca/nortel. Your Representative Legal Counsel have prepared FAQ's/Questions and Answers regarding these reports and assumptions.  Their contact information can be found at the end of this letter.

*[Variable print – for employees with a non-pension benefit (LTDs included)]*
If you receive any payments from the Health & Welfare Trust (the "HWT"), the total of the HWT payments received will be subtracted from your Compensation Claim.

*[Variable print — for LTD employees, SIB's and STB's in receipt]*
You may have previously received a Beneficiary Estimated Allocation Statement ("BEAS") regarding your estimated allocation of the HWT assets.  The value of your HWT claims on the BEAS is different from the value for those same benefits in this Information Statement Package. The value in the Information Statement Package is different because different determination dates are used in the actuarial assumptions and the data is updated to December 31, 2010.

*[Variable print – for transferred/declined]*
A claim for lost registered pension accrual during your Court-approved notice period and using the Court-approved Termination and Severance Claim Methodology has been calculated to reflect either:

   a)  The increased pension amount, if any, you would have received under the defined benefit plan; or
   b)  Nortel Canada's contribution under the defined contribution plan.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified.  You can view additional details about the calculations, including the applicable Court-approved assumptions, at www.ey.com/ca/nortel.

---

[3]An additional 11.1% of your applicable non-registered pension plan claims, survivor benefit claims, life claims and lost registered pension accrual claim has been added in recognition of the taxable nature of these claims.  The 11.1% is equivalent to a net effective income tax gross up of 10%.
[4] An additional 10% of your medical and dental claims has been added in recognition of administrative costs.
FORM A      <SEQNO>                                                                                3

00480

Form A - <NAME> <EEID>

*[Variable LETTER print – for Patent and Terminated employees including lost pension]*
Nortel Canada's records indicate that you were terminated and have not received all of your severance pay:

a) If you received notice of termination prior to January 14, 2009, your Base Severance Claim[5] is based on any balance owing under your severance agreement or collective bargaining agreement with Nortel Canada, calculated based on such agreement and using the Court-approved Termination and Severance Claim Methodology;

b) If you received notice of termination on/after January 14, 2009, your Base Severance Claim[5] has been calculated using data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology; or

c) If you were on long-term disability as at December 31, 2010, your Base Severance Claim[5] has been calculated using a termination date of December 31, 2010, data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology.

*[Variable Print – Print only for non-LTD]*
A claim for lost registered pension accrual during your Court-approved notice period and using the Court-approved Termination and Severance Claim Methodology has been calculated to reflect either:

a) The increased pension amount, if any, you would have received under the defined benefit plan; or

b) Nortel Canada's contribution under the defined contribution plan.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified.

*[Variable Print - Print only for LTD]*
A claim for lost registered pension accrual has been calculated to reflect either:

a) The increased pension amount, if any, you would have received under the defined benefit plan had you retired at age 65 instead of December 31, 2010; or

b) Nortel Canada's contribution under the defined contribution plan from December 31, 2010 up to age 65.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified.

*[Variable print – for all Patent and Terminated employees including lost pension]*

Your Patent Award Claim has been calculated based on Nortel Canada's patent program, Court-approved assumptions and using data from Nortel Canada's records.

All assumptions included in your Patent Award Claim and Termination and Severance Claim Methodology have been approved by the Court and cannot be modified. You can view additional details about the calculations, including the applicable Court-approved assumptions, at www.ey.com/ca/nortel.

---

[5] Your Base Severance Claim is calculated in the Personal Detailed Base Severance Claim Calculation based on the Compensation Claims Methodology and set out in the table included in *Form A.*

FORM A      <SEQNO>                                                                                          4

## *What do you need to do now?*

### Form A - *Your Compensation Claim Amount*

Your Compensation Claim amount set out on *Form A* will be accepted as your Compensation Claim in Nortel Canada's CCAA proceedings for all purposes and will **only** be modified if you submit corrections to the personal information on *Form B* **and** these corrections are accepted by the Monitor. *Note*: Not all data corrections will change the amount of your Compensation Claim. For example, corrections to your name or ID will not change the amount.

### Form B - *Personal Information Change Form*

This form contains personal information applicable to you and your Compensation Claim, based on Nortel Canada's records.

Please review carefully the information contained in *Form B* and read the *Guide to Using Form B* included in your package for further information. This is your opportunity to correct any errors in the personal information applicable to your Compensation Claim.

1.  *If the information is correct*: You do not have to do anything more with respect to this information or to establish your claim. Your Compensation Claim as set out in *Form A* will be accepted in the CCAA proceedings based on the information in *Form B*.

2.  *If you have any changes or corrections to the information:* You must return *Form B* to the Monitor (using contact information listed below) with your changes clearly marked, and enclose any applicable supporting documentation you have for those changes. If necessary, use an additional piece of paper to describe your changes. See the *Guide to Using Form B* for examples of supporting documentation acceptable to the Monitor.

    If you do not return any corrections to *Form B* by December 23, 2011 at 4:00 p.m. (Eastern Standard Time) (the "Bar Date"), the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

    If changes to the information in *Form B* are accepted by the Monitor, and result in a change in your Compensation Claim amount as set out in *Form A*, a Revised Information Statement (including *Form A* and *Form B*) will be generated and mailed to you. If the changes do not result in a change to your Compensation Claim amount, you will receive a Notice of Acceptance (Personal Information) to this effect.

    If the changes to the information in *Form B* are not accepted by the Monitor, you will receive a Notice of Disallowance (Personal Information) to this effect. For further information regarding the resolution of claims, please refer to the Compensation Claims Procedure Order on the Monitor's website.

    Copies of any corrections received by the Monitor and responses to those corrections by the Monitor will also be sent to your Representative Legal Counsel.

    You can expect to receive such communications from the Monitor no earlier than 90 days after the Bar Date.

FORM A     <SEQNO>                                                                    5

3. **If you believe you have other claims not listed on *Form A***: You will have to complete *Form C – Canadian Compensation Proof of Claim re: Other Compensation Claims* and submit it to the Monitor by the Bar Date of December 23, 2011.  Information with respect to *Form C* is contained in the *Guide to Completing Form C*.  **Please note that there are deadlines and restrictions applicable to the submission of *Form C,* as described in *Guide to Completing Form C.***

If you have any additional questions, contact your Representative Legal Counsel. Please refer to the contact information at the end of this letter.

Form A - <NAME> <FEID>

## Deadline for Submission of Changes or Corrections

You must send any corrections to the information in *Form B* **no later than December 23, 2011 at 4:00 p.m.** (Eastern Standard Time) by mail, by fax, or by sending a scanned copy by email to:

Ernst & Young Inc.
222 Bay St., P.O. Box 251
Toronto-Dominion Centre
Toronto, ON M5K 1J7   CANADA
Attention: Nortel Claims
Fax: 416-943-2808   or   e-mail: nortel.monitor@ca.ey.com

Copies of any corrections received by the Monitor and responses to those corrections by the Monitor will also be sent to your Representative Legal Counsel.

**If you do not return your corrections to** *Form B* **by December 23, 2011 at 4:00 p.m. (Eastern Standard Time),** the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

**You will not have another opportunity to make corrections.**

## Distributions

You will eventually receive payments from Nortel Canada.  A payment, or distribution, occurs when some of the money from Nortel Canada is distributed among people who have claims against Nortel Canada. Since Nortel Canada is insolvent you will receive only a percentage of the full value of your Compensation Claim, in the form of one or more payments of money from the Nortel Canada estate.  At this point, the timing and the amount is not yet known, but you will receive further information during the claims process to keep you up to date.

Payments will be subject to statutory withholdings if applicable.

Please ensure that the contact details the Monitor has on file for you remain current.  **If your mailing address changes** please phone, mail, fax or email your new address, along with your name and ID number (which you will find at the top of the page) to the Monitor using the contact details noted below.  It is your responsibility to keep this information up to date.

## If you have any questions

**Please contact:**
- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.

- Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries: Koskie Minsky at  1.866.777.6344 or email:  nortel@kmlaw.ca

- Court-appointed Representative Counsel for Continuing and Transferred employees: Nelligan O'Brien Payne at 1-877-542-9254 or email: ncce@nelligan.ca

- CAW – Canada:  Barry E. Wadsworth, Associate Counsel at 416-495-3776 or email: linda.cantin@caw.ca

FORM A      <SEQNO>

7

# Form A - Your Compensation Claim Amount   00484

## Your Compensation Claim Amount

The table below lists the Compensation Claims that Nortel Canada believes you are entitled to. The valuation of those claims is in accordance with the Court-approved Compensation Claims Methodology and based on the personal information listed in *Form B*. Certain of the benefit claims listed below represent the actuarially determined present value of such claims.

If you believe that there are other claims not listed on this *Form A*, you will have to complete *Form C*.

| Description | Your Claim Amount[1] |
|---|---|
| Base Severance Claim[2] | <SEVCLAIM>><SURCUR> |
| Severance Claim – Lost Pension Accrual | <PENACC>> |
| Severance Claim – Pension Equivalent[3] | <SPENEQ>> |
| LTD loss in pension value under the registered pension plan after December 31, 2010 | <LOSSPEN>> |
| Nortel Networks Limited Excess Plan – Part I ("Excess Plan – Part I") | <ALEXC>> |
| Nortel Networks Limited Excess Plan – Part II ("Excess Plan- Part II") | <ALEXC>> |
| Nortel Networks Limited Transitional Retirement Allowance Plan ("TRA") | <ALTRA > |
| Nortel Networks Limited Retirement Allowance Plan ("RAP") | <ALRAP>> |
| Supplementary Executive Retirement Plan ("SERP") | <ALSERP1>> |
| Nortel International Pension Plan ("IPP") | <ALIPP>>[USD] |
| Survivor Income Benefit ("SIB") / Survivor Transition Benefit ("STB")[4] | <SIBSTBAMT><STBACC> |
| STB – Medical and Dental Accrual | <STB5YR>> |
| Pensioner Life[4] (including ADB if applicable) | <PENLIF>> |
| Post-retirement Medical & Dental | <NPMEDDEN>> |
| LTD Life[4] (including Basic, Optional, AD&D and Dependent, if applicable) | <NPLTDIL>> |
| LTD Income[4] | <NPLTDINC>> |
| LTD Medical & Dental | <NPLTDMD>> |
| Income Tax Gross Up[5] | <TAXGU> |
| Income Tax Gross Up on IPP[5] | <TAXGUUS$> [USD] |
| Administrative Cost Gross Up[6] | <ADMIN> |
| Patent Award Claim | <PATCLAIM>> [USD] |
| Less amount owed to Nortel Canada | (OVTPMT) |
| **Aggregate Compensation Claim Amount[7]** | **<2W>CAD $ <CLAIMCADN> US $ <CLAIMUS>** |
| Less amount owed to Nortel Canada | (SOVPMTF) <SOVCUR>[8] |

[1]The total of all the payments that you receive from Nortel Canada will be reduced by payments made to you, if any, from the Hardship Fund.

1

00485

Form A - <NAME> <EEID>

*[Variable print – for non-LTD employees with Severance claim)]*
[2]Your Base Severance Claim amount has been reduced by payments made to you, if any, from the Termination Fund. The Base Severance Claim amount does not include the pension accrual or other non-registered pension or post-retirement benefits you could have become entitled to at the end of your Court-approved notice period.  If you become entitled to such benefits at the end of your Court-approved notice period, a claim for these benefits will be included in *Form A* as 'Pensioner life', 'Post-retirement Medical & Dental', 'Severance Claim – Lost Pension Accrual' and/or the applicable Non-Registered Pension Plan. Your personal detailed Base Severance Claim Calculation appears at the end of this *Form A.*

*[Variable print – for LTD employees with Severance claim]*
[2]Your Base Severance Claim amount has been reduced by payments made to you, if any, from the Termination Fund. The Base Severance Claim amount does not include the pension accrual or other non-registered pension or retiree benefits.  As pursuant to the Court-approved Termination and Severance Claim Methodology you are assumed to remain on LTD benefits until you reach age 65, a benefit claim amount, as applicable, is included in *Form A* as 'Pensioner life', 'Post-retirement Medical & Dental', 'LTD loss in pension value under the registered pension plan after December 31, 2010' and/or any Non-Registered Pension Plan. Your personal detailed Base Severance Claim Calculation appears at the end of this *Form A.*

[3]As per your Collective Bargaining Agreement you are eligible for bridging and entitled to pension equivalent payments.  A claim has been calculated by Mercer to represent the present value of these payments.

[4] Your Compensation Claim will be reduced by any payments received from the Health & Welfare Trust.

[5] An additional 11.1% of your applicable non-registered pension plan claims, survivor benefit claims, life claims and lost registered pension accrual claims has been added in recognition of the taxable nature of these claims.  The 11.1% is equivalent to a net effective income tax gross up of 10%.

[6]An additional 10% of your medical and dental claims has been added in recognition of administrative costs.

*[Variable print – FOOTPRTN – For employees with negative claims – CDN Only]*
[7]A negative claim value indicates that the amount that you owe to Nortel Canada exceeds the Compensation Claim calculated for you.

*[Variable print – FOOTPRTN – For employees with negative CDN claim and a USD Claim]*
[7]A negative claim value indicates that the amount that you owe to Nortel Canada exceeds the Canadian dollar claim calculated for you.   You may either: have a Compensation Claim if the negative CAD claim is offset by the USD claim; or owe an amount to Nortel Canada.

[8]Your Aggregate Compensation Claim Amount will be offset by the amount that you owe Nortel Canada.

*[Variable print – for Employees with a Benefit Claim]*

2

Nortel Canada's records indicate that: you received benefits (non-registered pension plans and post employment benefits, such as LTD, post-retirement and/or survivor benefits); were eligible to receive the benefit as at December 31, 2010; were on LTD at December 31, 2010; or became eligible to receive the benefit by the end of your severance or notice period. Your benefit claims have been calculated by Mercer (Canada) Limited ("Mercer"), the actuaries retained by Nortel Canada, and have been reviewed for accuracy by actuaries working on behalf of your Court-appointed Representatives and counsel to the CAW - Canada. The personal data used to calculate your Compensation Claim is from Nortel Canada's records. The methodology and assumptions on which the actuarial valuations have been based (including increases to your Compensation Claim relating to income tax gross up[9] and administrative gross up[10] , as applicable) have been approved by the Court and cannot be modified.  The Mercer 2011 Valuations ("Valuation of Non-Pension Benefits for Claims Purposes at the Determination Date by Mercer dated September 2011" and "Valuation of Non-Registered Pension Benefits and Loss of Registered Pension Benefit Accruals for Claims Purposes at the Determination Date by Mercer dated September 2011") will provide further details on the post retirement benefits and non-registered plans and the assumptions used to calculate these claims. These Mercer 2011valuations and related Court-approved assumptions can be viewed at www.ey.com/ca/nortel.   Your Representative Legal Counsel have prepared FAQ's/Questions and Answers regarding these reports and assumptions. Their contact information can be found at the end of this letter.

*[Variable print – for LTD, SIB's and STB's in receipt]*
You may have previously received a Beneficiary Estimated Allocation Statement ("BEAS") regarding your estimated allocation of the HWT assets.  The value of your HWT claims on the BEAS is different from the value for those same benefits in this Information Statement Package.  The value in the Information Statement Package is different because different determination dates are used in the actuarial assumptions and the data is updated to December 31, 2010.

*[Variable print – for Terminated employees]*
Nortel Canada's records indicate that you were terminated and have not received all of your severance pay:
  a) If you received notice of termination prior to January 14, 2009, your Base Severance Claim is based on any balance owing under your severance agreement or collective bargaining agreement with Nortel Canada, calculated based on such agreement and using the Court-approved Termination and Severance Claim Methodology;
  b) If you received notice of termination on/after January 14, 2009, your Base Severance Claim has been calculated using data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology; or
  c) If you were on long-term disability as at December 31, 2010, your Base Severance Claim has been calculated using a termination date of December 31, 2010, data from Nortel Canada's records and the Court-approved Termination and Severance Claim Methodology.

*[Variable Print - non-LTD with a lost pension accrual claim]*

---

[9]An additional 11.1% of your applicable non-registered pension plans claims, survivor benefit claims, life claims and lost registered pension accrual claims has been added in recognition of the taxable nature of these claims.  The 11.1% is equivalent to a net effective income tax gross up of 10%.
[10] An additional 10% of your medical and dental claims has been added in recognition of administrative costs.

3

Form A - <NAME> <EEID>

00487

A claim for lost registered pension accrual during your Court-approved notice period and using the Court-approved Termination and Severance Claim Methodology has been calculated to reflect either:
  a) The increased pension amount, if any, you would have received under the defined benefit plan; or
  b) Nortel Canada's contribution under the defined contribution plan.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified.

*[Variable Print – LTD with a lost pension accrual claim]*
A claim for lost registered pension accrual has been calculated to reflect either:
  a) The increased pension amount, if any, you would have received under the defined benefit plan had you retired at age 65 instead of December 31, 2010; or
  b) Nortel Canada's contribution under the defined contribution plan from December 31, 2010 up to age 65.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified.

*[Variable print – for Employees with a Patent Award Claim]*
Your Patent Award Claim has been calculated based on Nortel Canada's patent program, Court-approved assumptions and using data from Nortel Canada's records. All assumptions included in the Patent Award Claim amount have been approved by the Court.

You can view additional details about the calculations, including the applicable Court-approved assumptions, at.www.ey.com/ca/nortel.

*[Variable print – for Transferred employees with a lost pension accrual claim]*
A claim for lost registered pension accrual during your Court-approved notice period and using the Court-approved Termination and Severance Claim Methodology has been calculated to reflect either:
  a) The increased pension amount, if any, you would have received under the defined benefit plan; or
  b) Nortel Canada's contribution under the defined contribution plan.

The methodology and assumptions on which the actuarial valuations have been based are approved by the Court and cannot be modified. You can view additional details about the calculations, including the applicable Court-approved assumptions, at www.ey.com/ca/nortel.

**Note:** This Compensation Claims Process does not include claims for **the funding deficits** in the registered pension plans. Those claims have been made by the Administrator of the registered pension plan on behalf of all plan members. Any payments on those claims will be paid to the registered pension plans and will ultimately benefit the plan members. Any questions regarding your registered pension plans should be directed to Morneau Shepell Ltd.: website: www.pensionwindups.morneausobeco.com, phone: Negotiated Plan: 1-877-392-2073, phone: Managerial Plan: 1-877-392-2074, email: nortelwindup@morneausobeco.com

4

00488

Form A - <NAME> <EEID>

## Personal Detailed Base Severance Claim Calculation Based on the Compensation Claims Methodology[1]

| | | | |
|---|---|---|---|
| Base Weekly Salary = Annual Salary (line 67) ÷ 52 | $100,000 ÷ 52 | $ 1,923.08 | A |
| Years of Service =  (Termination Date (Line 66) - Hire Date (line 65) ÷ 365 | (December 31, 2010 - January 1, 2000) ÷ 365 | 11.00 | B |
| Methodology Notice Period= 3.3 Weeks x Years of service [Min 8; Max 78] | 3.3 x 11.00 | 36.30 | C |
| *Severance Amount* | *36.30 x $1,923.08* | *$ 69,807.80* | *D=C\*A* |
| Employee benefit rate | 5.14% | | E |
| Employee benefits *on Severance Amount* | 5.14% x $69,807.80 | $ 3,588.12 | F = E\*D |
| Entitled  statutory notice period (line 79) | 8 | | G |
| Vacation Accrual = Annual Vacation Entitlement (line 81) ÷ 5 working days/week ÷ 52 weeks/year | 20 ÷ 5 ÷ 52 | | H |
| *Vacation pay on outstanding ESA Minimum Notice Period* | *8 x 20 ÷ 5 ÷ 52 x $1,923.08* | *$ 1,183.43* | *I = G\*H\*A* |
| *Less : Termination Fund Payment* | | *$ (3,000.00)* | *J* |
| **Total Base Severance Claim** | | **$ 71,579.35** | **K =D+F+I-J** |

*[Variable print – for non-LTD employees with severance claim]*
[1] This calculation table only shows the Base Severance Claim amount and does not illustrate the lost pension accrual or other non-registered pension or retiree benefits you could have become entitled to at the end of your Court-approved Notice Period.  If you become entitled to such benefits at the end of your Court-approved Notice Period, a claim for these benefits will be included in *Form A* as 'Pensioner Life', 'Post-retirement Medical & Dental', 'Severance Claim – Lost Pension Accrual' and/or the applicable Non-Registered Pension Plan.

*[Variable print –for LTD employees]*
[1] This calculation table only shows the Base Severance Claim amount.  The Base Severance Claim amount does not include the lost pension accrual or other non-registered pension or retiree benefits.  As pursuant to the Court-approved Termination and Severance Claim Methodology you are assumed to remain on LTD benefits until you are age 65, a benefit claim amount, as applicable, is included in *Form A* as 'Pensioner Life', 'Post-retirement Medical & Dental', 'LTD loss in pension value under the registered pension plan after December 31, 2010' and/or the applicable Non-Registered Pension Plan.

5

# Form B - Your Personal Information Change Form          00489

The Compensation Claim amount set out in *Form A* will **only be modified** if you submit corrections to the personal information that Nortel Canada has on file for you that are listed below **and** those corrections are accepted by the Monitor. Please refer to the *Guide to Using Form B* for further information on each line item listed in the chart below and suggested documentation that would be acceptable to the Monitor to support any corrections you make. *Note*: Not all data corrections will change the amount of your Compensation Claim. For example, corrections to your name or ID will not change the amount.

The line numbers in this *Form B* correspond to the line numbers in *Guide to Using Form B*. As this is a personalized data form, *Form B* will contain only those line items that pertain to your situation.

**If you do not return your data corrections and supporting information to the Monitor by December 23, 2011 at 4:00 p.m. (Eastern Standard Time),** the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

| Line # | Personal Information | Details per Nortel Canada's Records as at December 31, 2010 | Corrections, if any |
|---|---|---|---|
| 1 | Last Canadian employer of record | <ENTITY> | |
| 2 | Name | <NAME> | |
| 3 | ID | <EEID> | |
| 4 | Gender | <GENDER> | |
| 5 | Year of birth | <DOB> | |
| 6 | Is the Claimant <FNAME> <LNAME>, deceased? (If so, provide date of death) | No | |
| 7 | Name of union, if applicable | <UNIONST>> | |
| 8 | Was the spouse at the date of your retirement, still your spouse as of December 31, 2010 and alive as of December 31, 2010? | Yes | |
| 9 | Spousal Year of Birth | <ESPBIRTH > | |
| 10 | Continuous Service Date ("CSD") | <EHIRE > | |
| 11 | Benefit group for Pension purposes | <BENGRP>> | |
| 12 | Year commenced Short Term Disability | <DODISP>> | |
| 13 | Pensionable service | <PENSVC> | |
| 14 | Grandfathered status at December 31, 2007[1]for Registered Pension purposes | <GFSTAT07>> | |

Form B    <SEQNO>                                                                    1

| Line # | Personal Information | Details per Nortel Canada's Records as at December 31, 2010 | Corrections, if any |
|---|---|---|---|
| 15 | Final average earnings / Best average earnings | <FAEBAE>> | |
| 16 | Best average earnings at December 31, 1998 | <BAE98>> | |
| 17 | Accumulated Percentage Credits | <PSP>> | |
| 18 | Accumulated Percentage Credits as at December 31, 1998 | <PSP98>>> | |
| 19 | 2010 Monthly disability income | <DISPINC> | |
| 20 | 2010 LTD COLA / non-COLA | <LTDIND> | |
| 21 | LTD medical plan coverage option | <MEDLEV1> | |
| 22 | LTD medical plan option | <MEDCOV1> | |
| 23 | LTD dental plan coverage option | <DENLEV1> | |
| 24 | LTD dental plan option | <DENCOV1> | |
| 25 | LTD basic life insurance amount [1] | <BLIF> | |
| 26 | LTD optional life insurance | <OLIF> | |
| 27 | LTD additional accidental death & dismemberment amount[1] | <ADDAMT> | |
| 28 | LTD dependent life insurance amount | <DLIF> | |
| 29 | LTD monthly STB amount[1] | <STBAMT>> | |
| 30 | At December 31, 2010, this is the province in which you had health care coverage | <PROVRES> | |
| 31 | Pension form for Excess Plan Pension | <PENFORM1>> | |
| 32 | Pension form for SERP Plan | <PENFORM2>> | |
| 33 | Receiving joint and Survivor pension under the registered pension plan | <PENFORM3>> | |
| 34 | Excess Plan Part I monthly pension at January 14, 2009 eligible for indexing | <EXCESSI>> | |
| 35 | Excess Plan Part I monthly pension at January 14, 2009 not eligible for indexing | <EXCESSNI>> | |
| 36 | Excess Plan Part II monthly pension at January 14, 2009 | <EXCESSI>> | |
| 37 | Annual indexing rate on Excess Plan Part II pension | <EXINDEX>> | |
| 38 | TRA/RAP Lump Sum | <LSTRA><LSRAP> | |

| Line # | Personal Information | Details per Nortel Canada's Records as at December 31, 2010 | Corrections, if any |
|---|---|---|---|
| 39 | EXCESS Lump Sum | <LSEXEC> | |
| 40 | SERP Lump Sum | <LSSERP> | |
| 41 | Gross monthly TRA / RAP payment | <MTHRTB> | |
| 42 | TRA / RAP payment / benefit end date | <ESTOP> | |
| 43 | Final month TRA / RAP residual payment | <MTHRES>>> | |
| 44 | Gross monthly SERP pension | <MTHSERP1>> | |
| 45 | Deceased pensioner date of death | <EDEATH>>> | |
| 46 | Gross monthly SIB / STB amount | <MTHSIBSTB>> | |
| 47 | Lump-sum STB amount[1] | <LSSTB>> | |
| 48 | STB end date[1] | <STBEND>> | |
| 49 | Retiree medical / dental plan[1] | <MEDCOV2> | |
| 50 | Retiree medical / dental plan coverage option | <MEDLEV2>> | |
| 51 | Current retiree life insurance amount at December 31, 2010[1] | <RETLAMTC> | |
| 52 | Ultimate retiree life insurance amount[1] | <RETLAMTU>> | |
| 53 | Annual retiree health spending account amount at December 31, 2010[1] | <HSAAMT>> | |
| 54 | Additional Death Benefit Amount | <ADB> | |
| 55 | Earliest Enhanced retirement date | <EUNRED>> | |
| 56 | Total monthly deferred normal retirement pension under Part I of the Managerial Plan and the Excess Plan<br><br>• Basic<br>• Additional Eligible<br>• Additional Non-eligible<br>  Total | <BASIC><br><ADDI>><br><ADDNI>><br>_____<br><DEFTOTAL>> | |
| 57 | Total monthly deferred normal retirement pension under Part II of the Managerial Plan and the | <BASIC>> | |

00492

| Line # | Personal Information | Details per Nortel Canada's Records as at December 31, 2010 | Corrections, if any |
|---|---|---|---|
| | Excess Plan | | |
| 58 | Monthly deferred normal retirement pension payable from SERP | <MTHSERP1>> | |
| 59 | IPP Pensionable Service | <PENSVC> | |
| 60 | Termination Date (used for IPP FAE) | <ETERM> | |
| 61 | Transfer Country | <COUNTRY> | |
| 62 | Current Value of the IPP reductions of the Transfer Country | <IPPCVLOC > | |
| 63 | Annual indexing rate before age 65 | <PREIDX> | |
| 64 | Annual indexing rate after age 65 | <POSTIDX>> | |
| 65 | Date of hire only for severance calculation purposes is based on - <HIREC> | <SEVHIRE> | |
| 66 | Date of termination of employment | <SEVTERM> | |
| 67 | Annual salary | <SEVRATE> | |
| 68 | Bi-Weekly Salary | <SEVRATEB> | |
| 69 | Standard Weekly Working Hours | <STDHRS> | |
| 70 | Union Cost of Living Adjustment (COLA) for Severance Purposes | <COLA> | |
| 71 | Notice Date | <NOTDAT> | |
| 72 | Notice Period per Termination Agreement | <NOTAGR> | |
| 73 | Termination Agreement Start Date | <BRST> | |
| 74 | Termination Agreement End Date | <BREND> | |
| 75 | # of Weeks per Agreement[1] | <CONT> | |
| 76 | Last Payment Date | <LSTPMT> | |
| 77 | Severance amount per your termination agreement with Nortel Canada | <SEVAGR><SEVCUR>>> | |
| 78 | Termination payments made by Nortel Canada *(Note: This amount has already been reduced from your claim value)* | <SEVPARTPAY> | |
| 79 | Entitled statutory notice period[1] | <ESA> | |
| 80 | Entitled *Employment* | <SESASEV> | |

Form B - <NAME> <EEID>

00493

| Line # | Personal Information | Details per Nortel Canada's Records as at December 31, 2010 | Corrections, if any |
|---|---|---|---|
| | *Standards Act* Statutory Severance[1] (Ontario only) | | |
| 81 | Annual Vacation Entitlement | <VACA> | |
| 82 | Registered Pension Plan | <RPP > | |
| 83 | Name of company to which you were offered a deal as part of a transaction | <CO> | |
| 84 | Payment received from Termination Fund (*Note: This amount has already been reduced from your claim value*) | <TERMFUND> | |
| 85 | Disclosure Number for Patent Filing Awards | <DISCF> | |
| 86 | Disclosure Number for Patent Issuance Awards | <DISCI> | |
| 87 | Cumulative Issuance Status as at December 31, 2009 | <PATSTAT>> | |
| 88 | Amount owed to Nortel Canada (*Note: This amount has already been reduced from your claim value*) | <OVTPMT> | |
| 89. | Amount owed to Nortel Canada (local currency) | <OVOMTF><SOVCUR> | |

[1]If this is incorrect, there is other personal information that may require correction. Please refer to the *Guide to Using Form B* for further detail.

## <4A>Confirming Changes or Corrections to My Personal Information

1. If you <u>AGREE</u> with all of the information contained in this *Form B*, you <u>do not</u> need to sign or return a copy of *Form B*. No further action is required with respect to your Compensation Claim.

2. If you have <u>CHANGES OR CORRECTIONS</u> to any of the information contained in *Form B*, you must make your corrections on *Form B in the column labeled "Corrections, if any"*, complete the following section, and return all pages of this *Form B*, along with your supporting documentation. Changes or corrections without appropriate supporting documentation as required by the *Guide to Using Form B* may not be accepted by the Monitor.

   If you do not return your changes or corrections to *Form B* by December 23, 2011 at 4:00 p.m. (Eastern Standard Time) (the "Bar Date"), the information contained in *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.

   If changes to the information in *Form B* are accepted by the Monitor, and result in a change in your Compensation Claim amount as set out in *Form A*, a Revised Information Statement (including *Form A and Form B*) will be generated and mailed to you.   If the changes do not result in a change to your Compensation Claim amount, you will receive a Notice of Acceptance (Personal Information) to this effect.

   If the changes to the information in *Form B* are not accepted by the Monitor, you will receive a Notice of Disallowance (Personal Information) to this effect.  For further information regarding the resolution of claims, please refer to the Compensation Claims Procedure Order on the Monitor's website.

   Copies of any corrections received by the Monitor and responses to those corrections by the Monitor will also be sent to your Representative Legal Counsel.

   You can expect to receive such communications from the Monitor no earlier than 90 days after the Bar Date.

3. If you believe that there are other claims not listed on *Form A*, you will have to complete *Form C– Canadian Compensation Proof of Claim re: Other Compensation Claims* and submit it to the Monitor by the Bar Date.  Information with respect to *Form C* is contained in the *Guide to Completing Form C*.  **Please note that there are deadlines and restrictions applicable to the submission of Form C, as described in Guide to Completing Form C.**

**IMPORTANT: If you do not return any corrections by December 23, 2011 at 4:00 p.m. (Eastern Standard Time) together with supporting documentation, the information contained in this *Form B* will be deemed to be correct and complete in all respects and the Compensation Claim set out in *Form A* will be your Compensation Claim against Nortel Canada for all purposes.**

**You will not have another opportunity to make corrections.**

Form B - <NAME> <EEID>

**Please retain a copy for your records.**

00495

I confirm the truth of the corrections made by me to the information in this *Form B*:

_____          _____
**Signature**                                **Date**


_____          _____
**Signature of witness**                    **Name of witness (print)**
**(other than your spouse or children)**

**Contact information in the event I need to be reached to clarify any changes:**


_____          (_____)_____
**Email address**                            **Daytime Phone number**

                                    (_____)_____
                                    **Alternate phone number**

                                    (_____)_____
                                    **Alternate phone number**

## Authorized Representative

**To be completed ONLY** if you are completing and signing this *Form B* on behalf of a Nortel Canada claimant **and** you are **one of the following**;
- Continuing/non-continuing Power of Attorney for Property; or
- Estate Trustee/Administrator/Executor.

Please print your full name, address, telephone number, and email address below. In addition to this *Form B,* please also send us a notarized copy of the Power of Attorney documents, certificate of appointment of estate trustee, a notarized copy of the last will and testament naming you the estate trustee/executor or other documents acceptable to the Monitor.   All copies must be notarized by a Notary Public.

| | |
|---|---|
| **Representative's Name** | |
| **Representative's Address** | |
| **Representative's Telephone Number** | |
| **Representative's Email Address** | |

# Guide to Using Form B

00496

The following two tables are to help you identify which line items may appear in your *Form B* based on your status and eligibility for a claim. However, as *Form B* has been personalized according to your specific circumstances, not all line numbers in this table are relevant for your calculation and therefore may not appear in *Form B*.

The methodology used to determine the data points that are necessary to calculate the claims that appear in *Form A* has been prepared with the input of your Court-appointed Representatives, your Court-appointed Representative Legal Counsel, counsel to CAW-Canada, and their actuarial and financial advisors.

| Member Status | Line #<br>All Claims | Additional Line # for these specific situations listed below: | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | SERP | TRA/ RAP | Excess Plan and Member of Part I of the Managerial and Non-negotiated Pension Plan | Excess Plan and Member of Part II of the Managerial and Non-negotiated Pension Plan | Eligible for Post-Retirement Benefits | Severance Claim or Termination and Severance Claim Methodology | Patent Claim |
| Employees affected by a deal<br><br>Pre-filing terminated employees with an outstanding severance claim<br><br>Post-filing terminated employee | 1-6,88,89 | 13-15, 40 | 7,11, 13 | 11, 13-15, 38, 39 | 13 -18, 39 | 10, 30, 49, 51-53 | 7,65-84 | 85-87 |
| LTD Claimants | 1-6 12, 19-29 | 13-15 | 7,11, 13 | 11, 13-15 | 13 -18 | 10, 30, 49, 51-53 | 7, 65-84 | 85-87 |

| Member Status | Line #<br>All Claims | Additional Lines # for these specific situations listed below: | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | SERP | Excess and Part I Member of the Managerial and Non-negotiated Pension Plan | Excess and Part II Member of the Managerial and Non-negotiated Pension Plan | TRA/ RAP | SIB/ STB in pay or STB in accrual | Post-Retirement Benefits | Patent Claim |
| Survivor Beneficiaries | 1-6 | 44 | 34, 35, 39 | 36, 37, 39 | 38, 41-43 | 46-48 | 30, 33, 49, 50 | |
| Pensioner | 1-6,45, 88,89 | 8, 9, 32, 40,44 | 8, 9, 31, 34, 35, 39 | 8, 9, 31, 36, 37, 39 | 38, 41-43 | 8,9, 46, 47 | 8, 9, 30, 33, 49-54 | 85-87 |
| Deferred Pensioner | 1-6, 85 | 58 | 55, 56 | 55, 57, 63, 64 | | | | |
| IPP | 15, 59-62,88, 89 | | | | | | | |

I

00497

The following table explains what information appears on the line numbers in *Form B* and what documents can be used to correct a line number in *Form B*. The line numbers in this table correspond to the line numbers in *Form B*.

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 1 | Last Canadian Employer of Record | If you were already in receipt of a benefit, or are a deferred pensioner, this is set out in your Retirement package.  Otherwise, it is your last Canadian employer (or its successor) as per Nortel Canada's Records. If it is unknown, or is no longer an existing entity, Nortel Networks Limited will be used. | • Termination Letter; <br> • Pay stub from last year of employment; or <br> • Retirement Package. |
| 2 | Name | This is the person who will receive payments (if any) from the CCAA Proceedings. <br> This could be the name of the Nortel Canada Employee or the name of the Survivor that is eligible for a survivor benefit. <br><br> If Claimant is deceased, see line 6. | • Copy of any federal or provincial government issued document showing correct spelling of name. <br> • Approval of legal name change |
| 3 | ID | The Claimant's Nortel Canada Employee Global Identification or the beneficiary's annuitant number. | • Any Nortel Canada communication with your employee ID; <br> • Nortel Canada pay stub; or <br> • Sun Life communication for your Annuitant number. |
| 4 | Gender | Gender | • Copy of any federal or provincial government issued document showing gender. |
| 5 | Year of birth | Year of Birth | • Copy of any federal or provincial government issued document showing birth year |

2

00498

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 6 | Is the Claimant deceased? (If so, provide date of death) | If the Claimant is deceased, any payments will be payable to the estate of the Claimant. If there is a will, or if the Claimant died intestate, the executor/estate /administrator /trustee must provide the Monitor with the appropriate documentation.<br><br>Provide the date of death in the corrections column.<br><br>Note: The Compensation Claim is valued based on the assumption the Claimant is alive. | • Death Certificate, Notarized copy of the Claimant's Will (including the acceptance of appointment of the executor); or<br>• Certificate of appointment of the Estate Trustee with/without a will |
| 7 | Name of union | Benefits vary based on your union/non-union membership. If you are/were a union member, your options are:<br>• CAW;<br>• ATES;<br>• CUCW#1 (Teamsters Office and Teamsters Hourly; formerly COEU); or<br>• Divested Union (you were a member of a divested union, such as CEP#9, USWA or CUCW#2, and in receipt of either STB or LTD at the time the business unit/union was divested.)<br><br>Union local # is not required. | • Any proof of Union Membership |
| 8 | Was the spouse at the date of your Retirement, still your spouse as of December 31, 2010 and alive as of December 31, 2010? | Based on Nortel Canada records, you elected Joint and Survivor as the pension form for your registered pension plan, excess plan or SERP plan; and/or elected Family coverage for your post retirement coverage. You must advise the Monitor if there has been either a marriage breakdown since your date of retirement or if your spouse has passed away on or before December 31, 2010. | • No additional documents required as proof. The returned correction on your signed personal data form is sufficient. |
| 9 | Spousal Year of Birth | This is the year of birth for your spouse as per Nortel Canada's Records.<br><br>If your form shows "unknown", you must correct and submit the necessary documentation to the Monitor. | • Copy of any government issued identification |

00499

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 10 | Continuous Service Date | This is date used to determine post retirement benefit eligibility as per the plan documents.<br><br>It is the Continuous Service Date ("CSD") as communicated by Nortel Canada. | • December 31, 2009 Pension Statements<br>• Other documents from Nortel Canada showing CSD |
| 11 | Benefit group for Pension purposes | For union members, this is determined as indicated in your pension plan.<br><br>For non-union members, this was determined by the Company based on your employment range level.   This is provided for information purposes as it would not have been previously communicated. | • For union members: December 31, 2009 Pension Statement<br>• For non-union members, this is based on your personal data |
| 12 | Year commenced Short Term disability | The year in which you began short term disability. | • Disability Year as indicated on Sun Life Statements<br>• Disability claim statement |
| 13 | Pensionable service | The service accrued under the defined benefit registered pensions used in determining the amount of pension and retirement benefits. This calculation includes your Notice Period, with the exception of LTD Claimants.<br><br>For LTD Claimants, this is your pensionable service as at December 31, 2010.<br><br>For those with an International Pension Plan ("IPP") claim, this is the pensionable service accrued while employed in the Transfer Country.<br><br>Further details on the definition of eligible service can be found in your relevant pension plan documents/benefit package. | • December 31, 2009 Pension Statement plus last pay stub or other proof of employment with Nortel Canada in 2010 |

4

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 14 | Grandfathered status at December 31, 2007 for Registered Pension purposes | This criteria is as set out in the Capital Accumulation and Retirement Program ("CARP") changes that took effect January 1, 2008.  You are a grandfathered Member of the Part I and Part II of the Managerial Pension Plan if, as at December 31, 2007 you were;<br>• At least 60 years old; or<br>• Had at least 28 years of pensionable service; or<br>• At least age 55 with at least 70 points (age plus years of pensionable service).<br><br>For Claimants on LTD as at December 31, 2007 and never returned to active status as at December 31, 2010, you were unaffected by the CARP amendments.  Therefore, you are part of the same pension plan as you were as at December 31, 2007. This field is only relevant for those who became disabled after December 31, 2007 and those that return to active status prior to December 31, 2010. | • If this is incorrect, also make appropriate correction to your year of birth (line 5) and/or pensionable service (line 13). |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 15 | Final average earnings / Best average earnings | Generally, 'final average earnings' is a measurement used under the Part II of the Managerial Pension Plan. It is the highest average earnings over a consecutive 3-year period in the last 10 years of service. Generally, 'best average earnings' is a measurement used under the Part I of the Managerial Pension Plan.  It is the highest average earnings over a 3-year period out of all years of service.<br><br>This calculation includes your Court-approved notice period, with the exception of LTD Claimants.<br><br>For LTD Claimants, this is as at December 31, 2010. This also refers to your pre-disability earnings, not your LTD income.<br><br>For those with a claim for IPP, the Best average earnings was converted into USD based on Nortel's foreign Exchange Rate Policy for IPP.  For each calendar year the earnings are converted based on the arithmetic average of the foreign exchange rate on the first business day of each month. The best 36 consecutive months out of the last 60 months of employment, of the converted earnings, are used to calculate BAE.<br><br>Further details regarding the definition of Earnings and calculation can be viewed in the pension plan documents. | • December 31, 2009 Pension Statement plus any adjustments for 2010 position/salary changes; or<br>• A pay stub from each of the 3 years<br>• IPP communication upon termination<br>• Income Tax Returns |
| 16 | Best average earnings at December 31, 1998 | Generally, 'best average earnings' is a measurement used under the Part I of the Managerial Pension Plan.  It is the highest average earnings over a 3-year period out of all years of service.<br><br>This only pertains to those who transferred from Part I to Part II of the Managerial Pension Plan, due to the plan amendment in January 1, 1999.<br><br>For LTD beneficiaries, this is referring to your pre-disability earnings, not your LTD income. | • 1998  Pension Statement<br>• 1998 Pension Estimate |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 17 | Accumulated Percentage Credits | The accumulated percentage credits for the purpose of calculating the Cash Value under Part II of the Managerial Pension Plan.<br><br>This calculation includes your Court-approved notice period, with the exception of LTD Claimants.<br><br>For LTD Claimants, this is as at December 31, 2010. | • December 31, 2009 Pension Statement plus any adjustments for 2010 |
| 18 | Accumulated Percentage Credits at December 31, 1998 | The accumulated percentage credits for the purpose of calculating the Cash Value under Part II of the Managerial Pension Plan<br><br>This only pertains to those who transferred from Part I to Part II of the Managerial Pension Plan, due to the plan amendment in January 1, 1999. | • 1998 Pension Statement<br>• 1998 Pension Estimate |
| 19 | 2010 monthly disability income | The monthly income received directly from Sun Life, after all applicable benefit reductions, such as CPP, QPP and/or workers' compensation and before income tax deductions. | • 2010 disability claim statement; or<br>• any 2010 monthly disability cheque |
| 20 | 2010 LTD COLA / non-COLA | Certain disability income is adjusted annually for cost-of-living.<br><br>COLA – means your income is adjusted for Cost of Living Adjustment.<br><br>Non-COLA – means no adjustment for your income for Cost of Living Adjustment.<br><br>For additional details, review your benefit package. | • Disability claim statement; or<br>• Copy of Benefits Enrolment Confirmation |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 21 | LTD medical plan coverage option | This is the level of coverage you selected under the medical plan the year you began short term disability. You could have selected:<br><br>EE — You only<br><br>EE+CH — You and your children and/or your spouse's children<br><br>EE+SP — You and your spouse<br><br>EE+SP+CH — You and your family (spouse and children, and/or spouse's children)<br><br>Opted-out — No coverage; You have opted out of the medical plan | • Copy of Benefits Enrolment Confirmation<br><br>• Copy of cheque stub from Sun Life showing a claim paid for you, your spouse and/or dependant to prove the level of coverage that you selected. |
| 22 | LTD medical plan option | The coverage that you selected under the medical plan the year you began short term disability. You could have selected:<br>Non-Union:<br>• Waived (no coverage).<br>• Select<br>• Plus; or<br>• Comprehensive<br>Union:<br>• Waived (no coverage); or<br>• Extended | • Copy of Enrolment Form |
| 23 | LTD dental plan coverage level | The level of coverage you selected under the dental plan (plus hearing and vision care) the year you began short term disability.   You could have selected:<br>EE — You only<br><br>EE +CH — You and your children and/or your spouse's children<br><br>EE+SP — You and your spouse<br><br>EE+SP +CH — You and your family (spouse and children, and/or spouse's children)<br><br>Opted-out — No coverage; You have opted out of the dental plan | • Copy of Benefit Enrolment Confirmation<br><br>• Copy of cheque stub from Sun Life showing a claim paid for you, your spouse and/or dependant to prove the level of coverage that you selected. |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 24 | LTD dental plan option | The coverage selected under the dental plan (plus hearing and vision care) the year you began short term disability. You could have selected: Non-union: • Waived (no coverage); • Plus; or • Comprehensive; Union: • Waived (no coverage); or • Dental | • Copy of Benefit Enrolment Confirmation |
| 25 | LTD basic life insurance amount | The basic life insurance amount payable if a LTD member dies while still on LTD. If you are a non-union member, this is 1 x Base Earnings as defined in the Nortel Health and Group Benefit Handbook. If you are a union member, it is based on your Benefit group for pension purpose (line 11). | If this is incorrect: • Non-union members: also make appropriate corrections to your Annual Salary (line 67) • Union members: also make the appropriate corrections to your Benefit Group for pension purpose (line 11) |
| 26 | LTD optional life insurance amount | This is the level of optional life insurance amount you selected in the year of disability. | • Copy of Benefit Enrolment Confirmation |
| 27 | LTD additional accidental death & dismemberment amount | This is the accidental death & dismemberment amount payable if a LTD member dies while still on LTD in addition to the basic life amount. For example, if your handbook indicates 2 x basic, you will see 1 amount in line 25 and the same amount line 27, totalling 2 x basic. This is an optional coverage for non-union members and standard for union members. | • Non-union members: Copy of Benefit Enrolment Confirmation • Union members. If this is incorrect, make appropriate corrections to your basic life insurance (line 25) |
| 28 | LTD dependent life insurance amount | This is an optional plan and the amount shown represents the dependent life insurance coverage you have selected in the year of disability. | • Copy of Benefit Enrolment Confirmation |
| 29 | LTD monthly STB amount | This is a benefit only available to certain union members and certain retired members. This is the monthly amount for which you were eligible at the date of disability, based on your benefit group at that time. | • If this is incorrect, make appropriate corrections to your Benefit Group for pension purpose (line 11) |

9

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 30 | At December 31, 2010, this is the province in which you had health care coverage | This is the Claimant's province of residence as at December 31, 2010. If you are "Out of Country", it is assumed that you have no provincial medical coverage and therefore are not eligible for medical coverage under the Nortel health care plan. As a result no claim has been calculated for you related to medical coverage. | • 2010 December Utility, home/internet/cable bill, 2010 Notice of Assessment |
| 31. | Pension form for Excess Plan Pension | When you retired, you elected the following form of pension for your Excess plan:<br>• JS (Joint and Survivor); or<br>• LS (Life only) | • Copy of signed Election Form as provided in your retirement package |
| 32 | Pension form for SERP Pension | When you retired, you had the following form of pension for your SERP plan:<br>• JS (Joint and Survivor); or<br>• LS (Life only) | • Copy of your Election form as provided in your retirement package |
| 33 | Receiving joint and Survivor pension under the registered pension plan | When you retired, you had the following form of pension for your registered pension plan:<br>• JS (Joint and Survivor); or<br>• LS (Life only) | • Copy of your Election form as provided in your retirement package |
| 34 | Excess Plan Part I monthly pension at January 14, 2009 eligible for indexing | The monthly portion of your pension payable from the Excess Plan that is subject to post retirement adjustments under Part I of the Managerial Plan | • Copy of your signed election form as provided in your retirement package |
| 35 | Excess Plan Part I monthly pension at January 14, 2009 not eligible for indexing | The monthly portion of your pension payable from the Excess Plan that is not subject to any post retirement adjustments | • Copy of your signed election form as provided in your retirement package |
| 36 | Excess Plan Part II monthly pension at January 14, 2009 | The monthly amount of your pension payable from the Excess Plan with respect to your service under Part II of the Managerial Pension Plan | • Copy of your signed election form as provided in your retirement package |
| 37 | Annual indexing rate on Excess Plan Part II pension | The annual rate of indexing on your Excess Plan for members of the Part II of the Managerial Pension Plan | • Retirement package |
| 38 | TRA/RAP Lump sum | As per Nortel Canada's records, you chose a lump sum option on your retirement package. This is the amount as it appears in the Retirement package that has been previously communicated. | • Retirement Package |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 39 | EXCESS Lump sum | As per Nortel Canada's records, you chose a lump sum option on your retirement package. This is the amount as it appears in the Retirement package that has been previously communicated. | • Retirement Package |
| 40 | SERP Lump sum | As per Nortel Canada's records, you choose a lump sum option on your retirement package.  This is the amount as it appears in the Retirement package that has been previously communicated. | • Retirement Package |
| 41 | Gross Monthly TRA / RAP payment | The monthly payment amount under the Transitional Retiring Allowance (TRA) or the Retiring Allowance Plan (RAP) that you are already receiving. | • Retirement package, or<br>• Monthly cheque stub. |
| 42 | TRA / RAP payment / benefit end date | The originally scheduled final payment date of the TRA / RAP monthly payment. | • Retirement package |
| 43 | Final month TRA / RAP residual payment | If you retired on or before July 2004, your initial payment could have been a partial payment.  If this is the case, you will have a final month residual payment amount.  This residual amount will not show on your Pension Statement.  The residual payment payable in the final month of the TRA / RAP monthly payment, if any, as the plan intended.  This does not represent the outstanding amount that is owing to you as a result of the company terminating the payments. | • Retirement package and first payment |
| 44 | Gross Monthly SERP pension | Your monthly SERP pension | • Retirement package; or<br>• Copy of payment stub |
| 45 | Deceased pensioner date of death | This is the date of death of the original Nortel Canada pension plan member. | • Death certificate |
| 46 | Gross Monthly SIB / STB amount | For a survivor: this is the amount that you were in receipt of, or entitled to receive, for a survivor income benefit or a survivor transition benefit amount.<br><br>For union pensioners entitled to a survivor transition benefit: this is the amount that your survivor would be entitled to. | • Monthly benefit pay stub; or<br>• Bereavement letter from Nortel Canada |
| 47 | Lump-sum STB amount | The deceased member has chosen for the beneficiary to receive the Survivor Transition Benefit as a one-time lump sum rather than a monthly income benefit.  The lump sum benefit is based on the deceased member's benefit group and as indicated in your CAW Benefit Booklet. | • If this is incorrect, also make appropriate corrections to your Benefit Group for pension purpose (line 11). |

00507

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|--------|---------------------|------------|---------------------------------------------------------------------------------------------------------------------------------|
| 48 | STB end date | The date that the monthly STB income benefit will cease. Survivor transition benefits are provided for 60 months from the first of the month following the date of death, unless there are no eligible dependants. This date is provided in your bereavement letter. | • If this is incorrect, also make appropriate corrections to the deceased member's date of death (Line 45). |

12

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 49 | Retiree medical / dental plan | In order to receive retirement medical coverage, you must have retired from Nortel Canada, have become eligible for retirement benefits by the end of your notice period or were on LTD as at December 31, 2010. The coverage is based on your pension plan enrolment, age and years of service.  The retiree health care and life benefit plans are:<br>• GF - Traditional Program - Grandfathered Employees Pensioner health care plan<br>• CATA - Traditional Program Retiree health care plan members eligible for Catastrophic Medical Program in addition to the HCSA;<br>• HCSA - Health Care Spending Account - Traditional Program Retiree health care plan members eligible for HCSA only; or<br>• No Coverage<br><br>Some of the reasons for you to have "No Coverage" are:<br>   o You did not meet the eligibility requirements for continued medical/dental coverage under the CARP changes that were effective January 1, 2008;<br>   o You retired under the Investor Plan which had no retiree benefits; or<br>   o You were a union member and were under the Part II of the Negotiated Pension Plan which had no retiree benefits.<br><br>For Claimants on LTD as at December 31, 2007 and never returned to active status as at December 31, 2010, you were unaffected by the CARP amendments.  Therefore, you are eligible for the same retiree health care and life benefits plan available to the pension plan you were a member of as at December 31, 2007.  However, if the underlying coverage of the post-retirement plans has changed over time, your claim has been valued at the current plan coverage.<br><br>The determination of your eligibility for your Retiree medical/dental plan coverage is described in further detail in Appendix A of the Mercer 2011 Non-Pension Benefits Valuation. | • Retirement Package, if received<br><br>• Otherwise, if this is incorrect, also make appropriate corrections to your year of birth (line 5),CSD (line 10), grandfathered status for Pension purposes (line 14), and RPP (line 82) |

13

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 50 | Retiree medical / dental plan coverage option | For pensioners, this is the level of coverage you enrolled to receive under the retiree medical and dental plan:<br>• S - Single<br>• F - Family; or<br>• N - No Coverage.  See line 49 for reasons why you may not have coverage.<br><br>If you are receiving survivor benefits, you will be indicated as receiving single coverage as this is the only level of coverage available to survivors. | • Copy of Benefit Enrolment Confirmation; or<br>• Copy of stub of benefit payment showing payment of a spousal claim |
| 51 | Current retiree life insurance amount at December 31, 2010 | The amount of your current retiree life insurance benefit at December 31, 2010.<br><br>If you are non-union and in line 49, you have the indicator "GF", then your life insurance coverage at retirement began at your pre-retirement coverage amount, subject to applicable annual reductions.<br><br>If Line 49 indicates CATA or HCSA - The amount shown will be $35,000 if you chose both the life insurance and death benefit option; or $10,000 if you chose just the death benefit option.<br><br>For further details on the life insurance amounts and eligibilities, refer to Appendix A of the Mercer 2011 Non-Pension Benefits Valuation. | • Retirement Package/benefit enrolment forms, if applicable<br>• Any documents showing confirmation of coverage<br>• Otherwise, if this is incorrect, also make necessary corrections to your Retiree medical/dental plan (line 49) |
| 52 | Ultimate retiree life insurance amount | This amount is the ultimate – or lowest – amount the life insurance benefit will be, subject to applicable annual reductions. Depending on your year of retirement and pension plan, this may be equal to the current life insurance amount as shown on Line 51.<br><br>For further details on the life insurance amounts and eligibilities, refer to Appendix A of the Mercer 2011 Non-Pension Benefits Valuation. | • Retirement Package/benefit enrolment forms, if applicable<br>• Any documents showing confirmation of coverage<br>• Otherwise, if incorrect, also make necessary corrections to your Retiree medical/dental coverage (line 49) |

14

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 53 | Annual retiree health spending account amount at December 31, 2010 | For retirees covered by the Health Care Spending Account plan, this represents the annual healthcare spending account allocation based on the number of years of service rendered at your retirement date. You would only receive this if you have been identified as having "HCSA" as your Retiree Medical/Dental plan (line 49).<br><br>Refer to your Retiree Healthcare and Life Benefit booklet for more information. | • If this is incorrect, make appropriate corrections to Retiree medical/dental coverage (line 49) |
| 54 | Additional Death Benefit Amount | This coverage is not related to the death benefit that is available in various retirement plans.   This refers to an additional benefit that was grandfathered from a plan for certain retired Northern Electric Company former employees. | • Pension Package<br>• Other documentation |
| 55 | Earliest Enhanced retirement date | The date you will be eligible to commence your deferred pension with no reduction or a subsidized early retirement reduction. | • Pension  package<br>• Pension Statement |
| 56 | Total monthly deferred normal retirement pension under Part I of the Managerial Plan and the Excess Plan | This is only relevant for those who have indicated in their Pension Package to Mercer prior to September 30, 2010 to be a deferred pensioner under Part I of the Managerial Pension Plan.  As part of your pension is indexed based on the increase in the Consumer Price Index, your pension is split into three parts, the Basic, the eligible additional and the non-eligible pension.  The total Part I monthly pension payable from the Managerial Pension Plan at your normal retirement date before the application of any maximum pension cap as defined under the Income Tax Act. The portion of the monthly pension that cannot be paid from the Managerial Pension Plan due to the maximum pension cap would be payable from the Excess Plan | • Pension  package |
| 57 | Total monthly deferred normal retirement pension under Part II of the Managerial Plan and the Excess Plan | This is only relevant for those who have indicated in their Pension Package to Mercer prior to September 30, 2010 to be a deferred pensioner under the Part II of the Managerial Pension Plan.  This is the total monthly pension payable under Part II of the Managerial Pension Plan at your normal retirement date before the application of any maximum pension cap as defined under the Income Tax Act. | • Pension  package |

15

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 58 | Monthly deferred normal retirement pension payable from SERP | This is only relevant for those who have indicated in their Pension Package to Mercer prior to September 30, 2010 to be a deferred pensioner under the SERP pension plan. The portion of your monthly SERP pension at your normal retirement date | • Pension package |
| 59 | IPP Pensionable Service | This represents the pensionable service that is eligible for the International Pension Plan ("IPP"). | • IPP Communication <br> • 2007 IPP statements |
| 60 | Termination Date (used for IPP BAE) | This is the date you were terminated from Nortel Canada or any affiliates. Your BAE for IPP purposes takes into consideration all years of service up to your termination date. This date may be different from the end date used to calculate your IPP pensionable service if you continue to be employed by a Nortel affiliate after leaving the Transfer Country. | • Record of Employment or country equivalent <br> • IPP Communication <br> • Termination Letter <br> • Termination Package |
| 61 | Transfer Country | Country eligible for IPP. | • 2007 IPP statements <br> • IPP communication upon termination |
| 62 | Current Value of the IPP reductions in Transfer Country | This is for information purposes only. <br><br> This amount has been calculated by the actuaries, Mercer, based on the benefits available in the Transfer Country. As per the IPP, this is the amount that reduces the gross IPP amount. | For information purposes only. Can refer to the following documents for comparison: <br> • 2007 IPP statements, <br> • IPP communication upon termination |
| 63 | Annual indexing rate before age 65 | The annual increase in your Part II deferred monthly pension between your termination date and your normal retirement date of age 65 | • Pension Package |
| 64 | Annual indexing rate after age 65 | The annual increase in your Part II deferred monthly pension after your normal retirement date of age 65 | • Pension Package |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 65 | Date of hire only for severance calculation purposes | Based on the Court-approved Termination and Severance Claim Methodology:<br>• Rehire Date (RHD) is used if you left, previously terminated or had a break in service from Nortel Canada each for a period greater than 3 months, Moving among Nortel entities does not, for this purpose, constitute leaving employment or a break in service;<br>• Exception date as indicated in your employment contract/hire documents is used if the employment contract/hire documents specifically indicate a service date. For greater certainty, this does not preclude a Request for Correction by an Employee supported by a satisfactory evidence that establishes an exception date; otherwise<br>• Continuous Service Date (CSD) is used.<br>Note: Service bridging applies to vacation and benefits ONLY | • Letter of Offer or Employment Contract |
| 66 | Date of termination of employment | This is either:<br>• Date indicated on your termination agreement/letter<br>• For employees who transferred with a sale of a business unit, this is the date the transaction closed; or<br>• For employees that terminated before January 14, 2009 and had an Special leave of absence prior to pension ("SPLA"), end date of your SPLA<br>• For employees that were on LTD as at December 31, 2010, the termination date is December 31, 2010. | • Termination Letter<br>• Copy of your SPLA Letter |
| 67 | Annual salary | For non-union employees: This is your annual salary at the date of your termination<br><br>For non-union sales employees: This is your annual Targeted Total Compensation at the date of your termination<br><br>For union employees: This is your annual salary (unadjusted for COLA) at the date of your termination<br><br>For those on long-term disability: This is your annual salary at the date of your disability | • Bi-weekly pay stubs for the last payroll prior to termination |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 68 | Bi-Weekly Salary | For employees whose Termination Letter indicated a bi-weekly amount, this is the amount as set out in your Termination Letter. | • Bi-weekly pay stubs for the last payroll prior to termination<br>• Termination Letter |
| 69. | Standard Weekly Working Hours | The standard weekly working hours at the date of your termination. | • Pay stub |
| 70. | Union Cost of Living Adjustment (COLA) for Severance Purposes | This is relevant for union members only. This is the annual COLA for the year of your termination. | • Pay stub |
| 71 | Notice Date | This pertains to those who were terminated from Nortel Canada prior to January 14, 2009 and those who were terminated after January 14, 2009 who were given working notice. This is the date that you were notified of your effective termination date. | • Termination Agreement/Letter |
| 72 | Notice Period per Termination Agreement | This pertains to those who were terminated from Nortel Canada prior to January 14, 2009 and those who were terminated after January 14, 2009 who were given working notice. This is the notice period indicated in your termination letter.<br><br>For Union members, this is the notice period as per your CBA.<br><br>Note: The 60 day notice period is calendar days, which equates to 8.4 weeks. | • Termination Agreement/Letter |
| 73 | Termination Agreement Start Date | This pertains to those who had a termination agreement prior to January 14, 2009. This is the first date of your payment as indicated in your Termination Agreement | • Termination Agreement/Letter |
| 74 | Termination Agreement End Date | This pertains to those who had an agreement prior to January 14, 2009. This is the last date of your payment as indicated in your :<br>• Special leave of absence prior to pension("SPLA") Agreement;<br>• Bridging Agreement; or<br>• Approved Contingency Agreement | • Termination Agreement/Letter |
| 75 | # of Weeks per Agreement | # of Weeks indicated in your:<br>• Approved Contingency Agreement;<br>• Severance Weeks as per the Court Approved Termination and Severance Claim Methodology;<br>• Severance Weeks per your Termination Letter or<br>• Employment Contract. | • Documents showing Nortel Canada approval of contingency weeks<br>• Termination Letter<br>• Employment Contract |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 76 | Last Date of Payment | For those that were terminated before January 14, 2009, the date of the last payment period. | • Pay stubs<br>• Bank statements |
| 77 | Severance Amount per your Agreement with Nortel Canada | This is the severance amount that you have previously agreed, prior to January 14, 2009, as your termination/severance pay as per a:<br>• Termination Agreement; or<br>• Settlement Agreement. | • Termination Letter/ Agreement |
| 78 | Termination payments made by Nortel Canada | For employees terminated prior to January 14, 2009, the last payroll period was:<br>• For employees on Special leave of absence prior to pension ("SPLA") or Salary continuance, January 2, 2009;<br>• Otherwise, January 18, 2009.<br><br>For employees where their Notice Period is the ESA minimum, this is the severance amount that was paid by Nortel as a result of a prior severance.<br><br>*(Note: This amount has already been reduced from your claim value)* | • Pay stubs during your notice period<br>• Bank statements |
| 79 | Entitled statutory notice period | This is the notice period, in weeks, that you were entitled to based on your years of service, any mass termination eligibility and the act(s) in your province that relate to employment or labours standards. | • If this is incorrect, also make appropriate corrections to your date of hire for severance purposes (line 65) and/or your Termination Date (line 66) |
| 80 | Entitled *Employment Standards Act* Statutory Severance | Only for Ontario. This is the number of weeks required under the *Employment Standards Act* for severance pay. | • If this is incorrect, also make appropriate corrections to your date of hire for severance purposes (line 65) and/or your Termination Date (line 66) |

19

00515

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 81 | Annual Vacation Entitlement | Depending on your particular employment arrangement, you were entitled to either:<br>• 15 days;<br>• 20 days;<br>• 25 days ;<br>• The amount set out in your employment agreement; or<br>• The number of days as indicated in your union benefit booklet.<br><br>Note: Service bridging applies to vacation and benefits ONLY | • Based on your years of Service with Nortel Canada and Nortel Canada's vacation policy |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 82 | Registered Pension Plan | This data point is only required to be confirmed for those that are subject to a notice period as per the Court-approved Termination and Severance Claim Methodology.  This is the plan membership as at the earlier of your termination or the date the deal closed (for those who transferred to a buyer), and September 30, 2010, whichever is earlier.  Effective September 30, 2010, Nortel ceased to be plan administrator. Effective October 1, 2010 Morneau Shepell Ltd. (successor to Morneau Shepell LP) became the administrator of the pension plan.<br><br>For all other individuals, your other data points are sufficient to re-confirm your membership in a registered pension plan.<br><br>The pension plans are:<br>a) "Traditional program Part I" – Grandfathered and member of the Part I of the Managerial and non-negotiated Plan<br>b) "Traditional program Part II" – Grandfathered and member of the Part II of the Managerial and non-negotiated Plan<br>c) "Negotiated Part I" – Member of the Part I of the Negotiated Plan<br>d) "Negotiated Part II (DCPP) Member of the Part II of the Negotiated Plan<br>e) "DCPP (Part III) Previously Balanced" – was a Balanced Plan member and as a result of the 2007 CARP changes, became a DCPP member<br>f) "DCPP (Part III) Previously Investor"– was an Investor Plan member and as a result of the 2007 CARP changes, became a DCPP member<br>g) "DCPP/Non-grandfathered Part I" – was an Traditional program Part I member and as a result of the 2007 CARP changes, became a DCPP member<br>h) "DCPP/Non-grandfathered Part II" – was an Traditional program Part I member and as a result of the 2007 CARP changes, became a DCPP member<br>i) "DCPP (Part III)" – a member of the  Part III of the Managerial and non-negotiated | • 2009 Pension Statement |

00517

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 83 | Name of the company to which you were offered a deal as part of a transaction | This is the name of the company that you accepted employment with (or were offered employment by and declined) as a result of a transaction by Nortel Canada and the named company. | • Paystub from new company |
| 84 | Payment received from Termination Fund | Represents the $3,000 payment to those former employees (including those employees on LTD) who were eligible for a Termination Fund Payment. Those that are eligible have already been notified (pursuant to the eligibility requirements that can be found on the Monitor's website). (*Note: This amount has already been reduced from your claim value*) | • If you received your Termination Fund documents, and have not submitted them contact the Monitor. |
| 85 | Disclosure Number for Patent Filing Awards | The Disclosure Number is the unique number assigned to an invention submitted by an inventor(s) to Nortel Canada.

This is the Disclosure Number for which the Patent Filing Award is calculated. | • Any communication from Nortel Canada with the Disclosure number |
| 86 | Disclosure Number for Patent Issuance Awards | The Disclosure Number is the unique number assigned to an invention submitted by an inventor(s) to Nortel Canada.

This is the Disclosure Number for which the Patent Issuance Award is calculated. | • Any communication from Nortel Canada with the disclosure number |
| 87 | Cumulative Issuance Status as at December 31, 2009 | This is the cumulative status of all Disclosure Numbers as at December 31, 2009 for which you have received a Patent Issuance Award. | • Any communication from Nortel Canada with your cumulative status |
| 88 | Amounts owed to Nortel Canada | This amount is comprised of either:
• Overpayment of an item by Nortel Canada to you through payroll; or
• The amount of the Canadian Tax refund you were required to remit to Nortel Canada as per your agreement with Nortel Canada for tax equalization but have failed to remit payment as at July 26, 2011.
(*Note: This amount has already been reduced from your claim value*) | • Copy of payment to Nortel Canada.
• Pay stub deductions for payment |

| Line # | Personal Information | Definition | Documents from which this information can be found and be used for supporting documentation if data point is missing or incorrect |
|---|---|---|---|
| 89 | Amounts owed to Nortel Canada (local currency) | This is the amount, in the local currency indicated, which you were required to remit to Nortel Canada as per your agreement with Nortel Canada for tax equalization but have failed to remit payment as at July 26, 2011. <br><br>(*Note: This amount will be reduced from your claim value*) | • Copy of payment to Nortel Canada. <br> • Pay stub deductions for payment |

# APPENDIX "O"

00519

Only complete if you believe that you have: (a) a claim for compensation for acting as a director of Nortel Canada; (b) a claim against Nortel Canada for indemnification and/or contribution arising from your service to Nortel Canada as a director or officer; or (c) any other employment-related claim not referred to in Form A (collectively an "Other Compensation Claim").

### CANADIAN COMPENSATION PROOF OF CLAIM re: Other Compensation Claims
### Nortel Canada

Form C

**❶  Name of Debtor (the "Debtor")**

☐ Nortel Networks Limited  
☐ Nortel Networks International Corporation  
☐ Nortel Networks Corporation ☐  
☐ Nortel Networks Global Corporation ☐  
☐ Nortel Networks Technology Corporation. ☐

**❷  Original Creditor Identification (the "Creditor")**

| Legal Name of Creditor | | | Name of Contact if different |
|---|---|---|---|
| Address | GID/Employee # | | Phone # |
| | Social Insurance No. | | Fax # |
| City | Country | Postal/Zip code | e-mail |

**❸  Amount of Claim**

The Debtor was and still is indebted to the Creditor as follows:

*Claims will be recorded as "Unsecured" unless the "Secured" box is checked.*

If you are making a claim against an Officer or Director check the box below, list the Officers(s) and Directors(s) and against whom you assert your claim.[1]

| Currency | Original Currency Amount | Secured | |
|---|---|---|---|
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |

**❹  Documentation**

Provide all particulars of the Other Compensation Claim, including amount, description of transaction(s) or agreement(s) giving rise to the Other Compensation Claim, and name of any guarantor which has guaranteed the Other Compensation Claim and attach all supporting documentation.

**❺  Certification**

I hereby certify that:
? I am the Creditor, or Authorized Representative of the Creditor.
? I have knowledge of all the circumstances connected with this Other Compensation Claim.
? The Creditor asserts this claim against the Debtor; and the Officer(s) and Director(s) as indicated above.
? Complete documentation in support of this claim is attached.

This space reserved for use by the Monitor

| Signature | Name |
|---|---|
| Dated at | Signed at |

**❻  Filing of Other Compensation Claim**

**This Canadian Compensation Proof of Claim must be received by the Monitor by no later than 4:00 p.m. (Eastern Standard Time) on <u>December 23, 2011</u>, by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission at the following address:**

Ernst & Young Inc.
222 Bay St., P.O. Box 251
Toronto-Dominion Centre
Toronto, ON  M5K 1J7
CANADA
Attention: Nortel Claims

Fax: 416-943-2808
Tel: 1-866-942-7177 or
416-943-4439
e-mail:
nortel.monitor@ca.ey.com

[1] These claims are for compensation-related claims only and are limited by other claims Orders.

1

# GUIDE TO COMPLETING FORM C

You <u>do not</u> need to complete and submit *Form C* with respect to any Compensation Claim set out in *Form A*.

You may complete and submit *Form C* if you believe that you have: (a) a claim for compensation for acting as a director of Nortel Canada; (b) a claim against Nortel Canada for indemnification and/or contribution arising from your service to Nortel Canada as a director or officer; or (c) a grievance claim for monetary compensation; or (d) any other employment related claim not referred to above or in *Form A* (collectively an "Other Compensation Claim"). If you believe you have a grievance claim for monetary compensation, please contact your union as your union is to submit that claim on your behalf.  Please submit your claim in its original currency and indicate if it is not expressed in Canadian Dollars.  If not indicated, the Monitor will assume the Compensation Claim is in Canadian Dollars.

Please note that pursuant to the Order of the Court dated March 31, 2010 and the settlement agreement approved by that order, certain claims are barred or otherwise limited.

This Guide has been prepared to assist Creditors with Compensation Claims in filling out *Form C* with respect to the Debtors listed in Section 1, below.  If you have any additional questions regarding completion of the *Form C*, please consult the Monitor's website at www.ey.com/ca/nortel  or contact the Monitor, whose contact information is shown below.

Additional copies of the *Canadian Compensation Proof of Claim re: Other Compensation Claims* form may be found at the Monitor's website address noted above.

Please note that this is a guide only, and that, in the event of any inconsistency between the terms of this guide and the terms of the Compensation Claims Procedure Order made on October 7, 2011, the terms of the Compensation Claims Procedure Order will govern.

### Section 1 – Name of Debtor:
- The following is a list of Debtor companies against whom a claim may be asserted in this claims process.  Indicate on the form the name of the Debtor by ticking the appropriate box(es):
  - Nortel Networks Corporation
  - Nortel Networks Limited
  - Nortel Networks Global Corporation
  - Nortel Networks International Corporation
  - Nortel Networks Technology Corporation

### Section 2 – Original Creditor
- A separate *Canadian Compensation Proof of Claim re: Other Compensation Claims* form must be filed by each person asserting a claim against any Debtor listed in Section 1.
- The Creditor shall include any and all Claims it asserts against any Debtor in a single Proof of Claim.
- The full legal name of the Creditor must be provided.

1

- If the Creditor uses a different name or names, please indicate this in a separate schedule in the supporting documentation.
- All future correspondence, notices, etc. regarding the Claim will be directed to the address and contact indicated in this section.

## Section 3 – Amount of Claim of Creditor against Debtor

- Indicate the amount the Debtor / Officer(s) or Director(s) was, and still is, indebted to the Creditor

*Currency, Original Currency Amount*

- The amount of the Claim must be provided in the currency in which it arose.
- Indicate the appropriate currency in the Currency column.
- If the Claim is denominated in multiple currencies, use a separate line to indicate the Claim amount in each such currency. If there are insufficient lines to record these amounts, attach a separate schedule indicating the required information.

*Secured*

- Check the Secured box ONLY if the Claim recorded on that line is secured. Do not check this box if your Claim is unsecured. **NOTE**: Compensation Claims in general are unsecured claims.
- If the value of the collateral securing your Claim is less than the amount of your Claim, enter the shortfall portion on a separate line as an unsecured claim
- Evidence supporting the security you hold must be submitted with the Proof of Claim form. Provide full particulars of the nature of the security, including the date on which the security was given and the value you attribute to the collateral securing your Claim. Attach a copy of all related security documents.

*Officers and Directors*

- Check this box only if the Claim you are making is also being asserted against a current or former officer or director of the Debtor.
- You must identify the individual officer(s) or director(s) against whom you are asserting the Claim.

## Section 4 – Documentation

- Attach to the claim form all particulars of the Claim and supporting documentation, including amount, description of transaction(s) or agreement(s) giving rise to the Claim and name of any guarantor which has guaranteed the Claim.

## Section 5 – Certification

- The person signing the Compensation Proof of Claim form should
  - Have knowledge of all the circumstances connected with this Claim.
  - Be the Creditor, or an Authorized Representative of the Creditor.
    - An Authorized Representative is someone who has a Continuing/Non-continuing Power of Attorney for Property; or Estate Trustee/Administrator/Executor. You will need to attach a notarized copy of the Power of Attorney document, a notarized copy of the last will and testament of the deceased naming you as the estate trustee/executor, certificate of appointment of estate trustee, or other

2

00522

documents acceptable to the Monitor to the Compensation Proof of
Claim form.  All copies must be notarized by a Notary Public.

- By signing and submitting the Proof of Claim, the Creditor is asserting the claim against the Debtor and / or the indicated officer(s) or director(s)


**Section 6 – Filing of Claim**

- This Compensation Proof of Claim **must be received** by the Monitor by no later than 4:00 p.m. (Eastern Standard Time) on December 23, 2011.  Proofs of Claim should be sent by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission to the following address:

> Ernst & Young Inc.
> Court-appointed Monitor of Nortel Networks Corporation & others
> 222 Bay Street, P.O. Box 251
> Toronto, Ontario
> Canada M5K 1J7
> Attention:      Nortel Claims
>
> Telephone:    1-866-942-7177 or 416-943-4439
> E-mail:          nortel.monitor@ca.ey.com
> Fax:              416-943-2808

**Failure to file your *Compensation Proof of Claim re: Other Compensation Claims* so that it is received by the Monitor by 4:00 p.m. (Eastern Standard Time) on the Claims Bar Date of December 23, 2011 will result in your Other Compensation Claim being barred and you will be prevented from making or enforcing your Other Compensation Claim against the Debtor or any current or former officer or director of any of the Debtors.  In addition, you shall not be entitled to further notice in and shall not be entitled to participate as a creditor in these proceedings with respect to your Other Compensation Claim.**

3

# APPENDIX "P"

APPENDIX "P"                                          00523

Personal & Confidential

<NAME>
ADDR1>
<<ADDR2>>
<CITY>, <PROV>  <POSTAL>
<COUNTRY>

**Re:  Nortel Networks Limited, Nortel Networks Corporation, Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively "Nortel Canada")**

**Background:**

As you are aware, Nortel Canada filed for protection under the *Companies' Creditors Arrangement Act* (CCAA) on January 14, 2009 and Ernst & Young Inc. was appointed by the Court as the Monitor.

The Court has approved a claims process for claims arising out of employment with Nortel Canada (the "Compensation Claims Process), including the basis for calculating such claims ("Compensation Claim").  As part of the Compensation Claims Process and using the Court approved methodology, Nortel Canada has calculated a Compensation Claim value for its former employees using data as at December 31, 2010.  You can view additional details about the calculations, including the applicable Court-approved assumptions, at www.ey.com/ca/nortel.

Please note the Compensation Claims Process does not apply to claims for the funding deficits in Nortel Canada's registered pension plans.  Morneau Shepell Ltd., the current administrator of the registered pension plans, has made those claims.  Any questions regarding your registered pension plans are to be directed to Morneau Shepell Ltd at **1-877-392-2073** (Negotiated Plan) or **1-877-392-2074** (Managerial, Non-Negotiated Plan); or through email at: nortelwindup@morneausobeco.com.

**Your Circumstances:**

You are receiving this letter because Nortel Canada's records indicate that you were an active employee as at December 31, 2010 ("Active Employee").  As an Active Employee, the value of your Compensation Claim may change after December 31, 2010.  Therefore, Nortel Canada has deferred the calculation of your Compensation Claim.

If your employment status changed after December 31, 2010, but before January 1, 2012,  a package including your Compensation Claim calculated in accordance with the Court approved methodology, as well as the personal information used to calculate your claim (the "Claims Package"), will be mailed to you within 20 business days of December 31, 2011.

If you are still an active employee as at January 1, 2012, your Claims Package will be prepared based on the Court approved methodology within 20 business days after your employment with Nortel Canada is terminated.

- 2 -                                                                                      00524

You will have 45 days from the date your Claims Package is mailed to you  to dispute the personal information used in calculating your Compensation Claim, and/or provide details of any additional Compensation Claims that you believe you may have against Nortel Canada.

**If you have any questions with regards to this letter, please contact:**

- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.

- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.

- Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries: Koskie Minsky at  1.866.777.6344 or email:  nortel@kmlaw.ca

- Court-appointed Representative Counsel for Continuing and Transferred employees: Nelligan O'Brien Payne at 1-877-542-9254 or email: ncce@nelligan.ca

CAW – Canada:  Barry E. Wadsworth, Associate Counsel at 416-495-3776 or email: linda.cantin@caw.ca

# APPENDIX "Q"

00525

## APPENDIX "Q"

Personal & Confidential

<NAME>
ADDR1>
<<ADDR2>>
<CITY>, <PROV>  <POSTAL>
<COUNTRY>

**Re:  Nortel Networks Limited, Nortel Networks Corporation, Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively "Nortel Canada")**

### Background:

As you are aware, Nortel Canada filed for protection under the *Companies' Creditors Arrangement Act* (CCAA) on January 14, 2009 and Ernst & Young Inc. was appointed by the Court as the Monitor.

The Court has approved a claims process for claims arising out of employment with Nortel Canada (the "Compensation Claims Process"), including the basis for calculating such claims ("Compensation Claim").  As part of the Compensation Claims Process and using the Court approved methodology, Nortel Canada has calculated a Compensation Claim value for its former employees using data as at December 31, 2010.  You can view additional details about the calculations, including the applicable Court-approved assumptions, at www.ey.com/ca/nortel.

Please note the Compensation Claims Process will not apply to claims for the funding deficits in Nortel Canada's registered pension plans. Morneau Shepell Ltd., the current administrator of the registered pension plans, has made those claims.  Any questions regarding your registered pension plans are to be directed to Morneau Shepell Ltd, at **1-877-392-2073** (Negotiated Plan) or **1-877-392-2074** (Managerial, Non-Negotiated Plan); or through email at: nortelwindup@morneausobeco.com.

### Your Circumstances:

You are receiving this letter as Nortel Canada's records indicate you have no Compensation Claim.  Prior to December 31, 2010, you became employed with a third party employer as part of a transaction between the third-party and Nortel Canada for the purchase of Nortel Canada assets:

1.  As part of the transaction, your new employer agreed to recognize your years of service and to provide you with compensation substantially similar to that which you received from Nortel. As a result, you are not entitled to severance pay.

- 2 -                                                                00526

2.  You did not become eligible for retirement benefits or non-registered pension benefits by the end of the court-approved Notice Period[1] calculated for you pursuant to the court approved methodology; and

3.  During the Notice Period, you did not have a loss of registered pension accrual for either: (i) the increased pension amount, if any, you would have received under the defined benefit plan; or (ii) Nortel Canada's contribution under the defined contribution plan.

You can find the eligibility requirements and description of benefits in the Mercer 2011 Valuations available on the Monitor's website at www.ey.com/ca/Nortel.

**Further Action:**

Attached to this letter, is a blank proof of claim form ("*Form C*").  If you believe that you have a Compensation Claim, please complete *Form C* and return it to the Monitor prior to **[TIME]** on **[DATE]**.  If you do not return *Form C* with the required proof by **[date]** at **[time]**, you will be deemed to have no Compensation Claim against Nortel Canada for all purposes.

**If you have any questions with regards to this letter, please contact:**

- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.

- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.

- Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries: Koskie Minsky at 1.866.777.6344 or email: nortel@kmlaw.ca

- Court-appointed Representative Counsel for Continuing and Transferred employees: Nelligan O'Brien Payne at 1-877-542-9254 or email: ncce@nelligan.ca

CAW – Canada:  Barry E. Wadsworth, Associate Counsel at 416-495-3776 or email: linda.cantin@caw.ca

---

[1] For non-unionized employees the Notice Period is calculated based on 3.3 weeks per year of service (with a minimum of 8 weeks and a maximum of 78 weeks); for unionized employees it is based on your Collective Labour Agreement (assuming no recall rights).

APPENDIX "R"

00527

## APPENDIX "R"

Personal & Confidential

<NAME>
ADDR1>
<<ADDR2>>
<CITY>, <PROV>  <POSTAL>
<COUNTRY>

**Re:   Nortel Networks Limited, Nortel Networks Corporation, Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively "Nortel Canada")**

**Background:**

As you are aware, Nortel Canada filed for protection under the *Companies' Creditors Arrangement Act* (CCAA) on January 14, 2009 and Ernst & Young Inc. was appointed by the Court as the Monitor.

The Court has approved a claims process for claims arising out of employment with Nortel Canada (the "Compensation Claims Process"), including the basis for calculating such claims ("Compensation Claim"). As part of the Compensation Claims Process and using the Court approved methodology, Nortel Canada has calculated a Compensation Claim value for its former employees using data as at December 31, 2010. You can view additional details about the calculations, including the applicable Court-approved assumptions, at www.ey.com/ca/nortel.

Please note the Compensation Claims Process will not apply to claims for the funding deficits in Nortel Canada's registered pension plans. Morneau Shepell Ltd., the current administrator of the registered pension plans, has made those claims. Any questions regarding your registered pension plans are to be directed to Morneau Shepell Ltd, at **1-877-392-2073** (Negotiated Plan) or **1-877-392-2074** (Managerial, Non-Negotiated Plan); or through email at: nortelwindup@morneausobeco.com.

**Your Circumstances:**

You are receiving this letter because Nortel Canada's records indicate that you have no Compensation Claim against Nortel Canada. Specifically, the records indicate that as of December 31, 2010 you resided outside of Canada. The terms of the post-retirement benefits plan (the "Plan") require that you be eligible for provincial medical coverage in order to qualify for benefits under the Plan, and a key requirement for provincial medical coverage is residence in a province of Canada.

Accordingly, you are not entitled to post-retirement medical and dental benefits and Nortel's records do not indicate you have any other Compensation Claim.

**Further Action:**

Attached to this letter, is a blank proof of claim form ("*Form C*"). If you believe that you have a Compensation Claim, please complete *Form C*. In addition to *Form C*, you will need to provide proof that you resided in Canada on December 31, 2010. Acceptable proof includes a utility bill in respect of December 2010 in your name, or your 2010 Canada Revenue Agency Notice of Assessment. If you do not return *Form C* with the required proof by **[date]** at **[time]**, you will be deemed to have no Compensation Claim against Nortel Canada for all purposes.

- 2 -

00528

**If you have any questions with regards to this letter, please contact:**

- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.

- Monitor at 1-866-942-7177 or 416-943-4439 or email the Monitor at nortel.monitor@ca.ey.com.

- Court-appointed Representative Counsel for Former Employees, LTD Beneficiaries:  Koskie Minsky at  1.866.777.6344 or email:  nortel@kmlaw.ca

- Court-appointed Representative Counsel for Continuing and Transferred employees:  Nelligan O'Brien Payne at 1-877-542-9254 or email: ncce@nelligan.ca

CAW – Canada:  Barry E. Wadsworth, Associate Counsel at 416-495-3776 or email: linda.cantin@caw.ca

# APPENDIX "S"

00529

APPENDIX "S"

NOTICE TO EMPLOYEES, FORMER EMPLOYEES, PENSIONERS, LTD
BENEFICIARIES AND THEIR SURVIVORS, AND DIRECTORS AND OFFICERS OF
A COMPENSATION CLAIMS PROCEDURE IN RESPECT OF THE DEBTORS
PURSUANT TO THE *COMPANIES' CREDITORS ARRANGEMENT ACT*

Regarding NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

(hereinafter referred to as the "**Debtors**")

**PLEASE TAKE NOTICE** that this notice is being published pursuant to an Order of the
Ontario Superior Court of Justice (the "**Court**") made October 6, 2011 (the "**Compensation
Claims Procedure Order**"), approving a procedure for the calling of: (i) Compensation Claims
of the Debtors' employees, former employees, pensioners and their survivors (collectively, the
"**Employees**"); and (ii) Other Compensation Claims of Employees and of Directors and Officers
against one or more of the Debtors, and the establishment of bar dates by which such claims
must be filed. *Please refer to the Compensation Claims Procedure Order for the definitions of
capitalized terms herein.*

Compensation Claims are comprised of the following: (i) claims of Employees under the
Debtors' Non-Registered Pension Plans and claims for Non-Pension Benefits provided by the
Debtors; (ii) claims of Employees under the Debtors' patent award program; and (iii) claims of
Employees for termination and severance pay.  By separate Order dated October 6, 2011, the
Court approved a methodology for the calculation of these Compensation Claims (the
"**Compensation Claims Methodology Order**")

Other Compensation Claims are comprised of the following: (i) claims of an Employee against
any Debtor for amounts owing to him/her in his/her capacity as an Employee or arising from the
administration, management or oversight of any pension plans or employee benefit plans
administered or sponsored by the Debtors or their subsidiaries that is not contemplated in an
Employee's Information Statement (described below); (ii) claims of a Director for compensation
for acting as a director, including, without limitation, in respect of fees, deferred share-based
compensation, benefits and Director expenses; (iii) claims of a Director or Officer as of the date
of the Compensation Claims Procedure Order against any Debtor for indemnification and/or
contribution arising from such Director's or Officer's service to any Debtor; and (iv) certain
grievance claims.

Pursuant to the Compensation Claims Procedure Order, most Employees will receive: (i) a
personalized Information Statement Package reflecting the amount of an Employee's
Compensation Claim calculated in accordance with the court-approved methodology set out in
the Compensation Claims Methodology Order; (ii) a personal information change form allowing

00530

- 2 -

Employees an opportunity to correct any personal information contained in the package; and (iii) a Proof of Claim form to be completed by Employees if they believe they have Other Compensation Claims.

There will also be an opportunity for all Employees who did not receive an Information Statement Package and Directors and Officers who believe they have an Other Compensation Claim to file a Proof of Claim in respect of such Other Compensation Claim.

**As described in the Information Statement Package, requests for the correction of personal information contained in the package must be received by the Monitor: (i) with respect to Employees (other than Active Employees, Active Canadian Service Employees and Active Precision Employees), <u>on or before 4:00 p.m. (Eastern Time) on December 23, 2011</u>; and (ii) with respect to Active Employees, Active Canadian Service Employees and Active Precision Employees, <u>on or before 4:00 p.m. (Eastern Time) on the date that is forty-five (45) calendar days after the day on which an Information Statement Package is sent to such employee.</u>**

**As described in the Proof of Claim Document Package, completed Proofs of Claim must be received by the Monitor: (i) with respect to claimants (other than Active Employees, Active Canadian Service Employees and Active Precision Employees), <u>on or before 4:00 p.m. (Eastern Time) on December 23, 2011</u>; and (ii) with respect to Active Employees, Active Canadian Service Employees and Active Precision Employees, <u>on or before 4:00 p.m. (Eastern Time) on the date that is forty-five (45) calendar days after the day on which an Information Statement Package is sent to such employee.</u>**

Copies of the Compensation Claims Procedure Order, the Compensation Claims Methodology Order and a Proof of Claim Document Package may also be obtained from the website of Ernst & Young Inc., at "www.ey.com/ca/nortel", or by contacting the Monitor by telephone (1-416-943-4439 or 1-866-942-7177) or by fax (1-416-943-2808).

**It is your responsibility to complete the appropriate documents and ensure that the Monitor receives your completed documents by the applicable bar date.**

**REQUESTS FOR THE CORRECTION OF INFORMATION AND PROOFS OF CLAIM THAT ARE NOT RECEIVED BY THE APPLICABLE BAR DATE WILL NOT BE RECOGNIZED, AND WILL BE BARRED AND EXTINGUISHED FOREVER.**

**DATED** at Toronto this ● day of ●, 2011.

# APPENDIX "T"

APPENDIX "T"                                    00531

## NOTICE OF ACCEPTANCE (PERSONAL INFORMATION)

Regarding Nortel Networks Corporation, Nortel Networks Limited,
Nortel Networks Global Corporation, Nortel Networks International Corporation
and Nortel Networks Technology Corporation

(collectively, the "**Debtors**")

| TO: | [insert name of claimant] |
|---|---|
| **ID Number of claimant:** | |
| RE: | **Information Statement provided to the above-named claimant and the Request for Correction dated _____ filed by the above-named claimant with respect to information set out in that Information Statement.** |

Ernst & Young Inc., in its capacity as Monitor of the Debtors, hereby gives you notice that it has reviewed your Request for Correction, and has accepted the corrections requested by you, as follows:

| Information as contained in the Information Statement, with respect to which a Request for Correction was made: | Accepted correction to such information, as set out in the Request for Correction: |
|---|---|
| [Line # and description...] | |
| | |
| | |
| | |

**PLEASE NOTE that the correction(s) as accepted do not change the amount of your "Compensation Claim" as set out in the Information Statement, and that therefore a Revised Information Statement will not be sent to you. The amount of your Compensation Claim as set out in the Information Statement is final and binding for all purposes.**

**DATED** at Toronto, this         day of                 , 201●.

**ERNST & YOUNG INC.,** Court-appointed Monitor of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation.

# APPENDIX "U"

00532

APPENDIX "U"

**NOTICE OF DISALLOWANCE (PERSONAL INFORMATION)**

Regarding Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation

(collectively, the "**Debtors**")

**TO:**   [insert name of claimant and ID number]

**RE:**   **Information Statement contained in the Information Statement Package/Monitor Corrected Information Statement provided to you (the "Information Statement") and the Request for Correction dated [DATE] submitted by you with respect to that Information Statement.**

Ernst & Young Inc., in its capacity as Monitor of the Debtors, hereby gives you notice that it has reviewed your Request for Correction, and has accepted or rejected the corrections requested by you, as follows:

| Proposed correction to information in the original Information Statement,/Monitor Corrected Information Statement as set out in the Request for Correction: | Information as set out in the original Information Statement/Monitor Corrected Information Statement | Explanation |
|---|---|---|
| | [Line # and Description] | [The Monitor accepts/rejects …] |
| | | |
| | | |
| | | |

**D.**   **Reasons for Disallowance:**

**[insert explanation]**

If the proposed correction or any part of it has been accepted by the Monitor, and if that accepted correction will change the amount of the Compensation Claim as set out in the Information Statement, a revised Information Statement will be provided to you by the Monitor once your claim has been fully adjudicated.

- 2 -                                               00533

**Next Steps:**

If you do not agree with this Notice of Disallowance (Personal Information), please take notice of the following:

1.  **You must, <u>no later than 4:00 p.m. (Eastern Time) on [INSERT DATE], being twenty-eight (28) calendar days after this Notice of Disallowance (Personal Information) is sent to you by the Monitor,</u> and in accordance with paragraph [28] of the Compensation Claims Procedure Order dated October 6, 2011, notify the Monitor of your intention to dispute such Notice of Disallowance (Personal Information) by delivery of a Dispute Notice (Personal Information). The form of Dispute Notice (Personal Information) is enclosed.**

2.  If you do not deliver a Dispute Notice (Personal Information), the information as set out in your Information Statement (or Monitor Corrected Information Statement, if applicable) shall be deemed to be as set out in this Notice of Disallowance (Personal Information).

**IF YOU FAIL TO TAKE ACTION WITHIN THE PRESCRIBED TIME PERIOD, THIS NOTICE OF DISALLOWANCE (PERSONAL INFORMATION) WILL BE BINDING UPON YOU.**

**DATED** at Toronto, this _____ day of _____, 201●.

**ERNST & YOUNG INC.**, Court-appointed Monitor of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation.

APPENDIX "V"

00534

APPENDIX "V"

---

### NOTICE OF DISALLOWANCE (PROOF OF CLAIM)
Regarding Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation

(collectively, the "**Debtors**")

---

**TO:**    [insert name of claimant and ID number]

**RE:**    **Proof of Claim dated [DATE] filed by you against one or more of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (collectively, the "Debtors") and/or their respective Officers and Directors**

Ernst & Young Inc., in its capacity as Monitor of the Debtors, hereby gives you notice that it has reviewed your Proof of Claim, and has disallowed your claim as set out therein or any part thereof as follows:

| Proof of Claim as submitted: | Claim or portion of claim accepted by the Monitor: | Claim or portion of claim disallowed by the Monitor: | Explanation |
|---|---|---|---|
|  |  |  | [The Monitor accepts/rejects...] |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**D.    Reasons for Disallowance:**

[insert explanation]

**Next Steps**

If you do not agree with this Notice of Disallowance (Proof of Claim), please take notice of the following:

1.    **If you dispute this Notice of Disallowance (Proof of Claim), you must, no later than 4:00 p.m. (Eastern Time) on [INSERT DATE], being twenty-eight (28) calendar days after this Notice of Disallowance (Proof of Claim) is sent to you by the Monitor, and in accordance with paragraph [28] of the Compensation Claims Procedure**

- 2 -

00535

**Order dated October 6, 2011, notify the Monitor of your intention to dispute this Notice of Disallowance (Proof of Claim) by delivery of a Dispute Notice (Proof of Claim). The form of Dispute Notice (Proof of Claim) is enclosed.**

2.      If you do not deliver a Dispute Notice (Proof of Claim), your claim shall be deemed to be as set out in this Notice of Disallowance (Proof of Claim).

**IF YOU FAIL TO TAKE ACTION WITHIN THE PRESCRIBED TIME PERIOD, THIS NOTICE OF DISALLOWANCE (PROOF OF CLAIM) WILL BE BINDING UPON YOU.**

**DATED** at Toronto, this _____ day of _____, 201●.

**ERNST & YOUNG INC.,** Court-appointed Monitor of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation.

APPENDIX "W"

APPENDIX "W"                                    00536

---

## DISPUTE NOTICE (PERSONAL INFORMATION)
Regarding Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation

---

**Name of claimant:** _____

**ID Number of claimant:** _____

**RE:**   **Information Statement provided to the above-named claimant and the Request for Correction dated _____ filed by the above-named claimant with respect to information set out in that Information Statement.**

I hereby give you notice of my intention to dispute the Notice of Disallowance (Personal Information) bearing Reference Number _____ and dated _____ issued in respect of my Request for Correction.

**Reasons for Dispute** (attach additional sheet and copies of all supporting documentation if necessary):

_____    _____

(Signature of individual completing this    Date
Dispute Notice)

_____

(Please print name)

Telephone Number:        ( )  _____

E-mail Address:             _____

Facsimile Number:        ( )  _____

Full Mailing Address:       _____

                            _____

                            _____

- 2 -                                              00537

**THIS FORM IS TO BE RETURNED BY PREPAID ORDINARY MAIL, COURIER, PERSONAL DELIVERY OR ELECTRONIC OR DIGITAL TRANSMISSION AND MUST BE RECEIVED BY THE MONITOR NO LATER THAN 4:00 P.M. (EASTERN TIME) ON THE DAY THAT IS TWENTY-EIGHT (28) CALENDAR DAYS AFTER THE NOTICE OF DISALLOWANCE (PERSONAL INFORMATION) OR MONITOR CORRECTED INFORMATION STATEMENT WAS SENT TO YOU BY THE MONITOR, TO:**

**ERNST & YOUNG INC.**
Court-appointed Monitor of Nortel Networks Corporation & others
222 Bay Street, P.O. Box 251
Toronto, Ontario
Canada M5K 1J7

Attention:      Nortel Claims
Telephone:     1-416-943-4439 or 1-866-942-7177
E-mail          nortel.monitor@ca.ey.com
Fax:            1-416-943-2808

# APPENDIX "X"

00538

**APPENDIX "X"**

---

**DISPUTE NOTICE (PROOF OF CLAIM)**

Regarding Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global
Corporation, Nortel Networks International Corporation and Nortel Networks Technology
Corporation

---

**Name of claimant:** _____

**ID Number of claimant:** _____

RE:    **Proof of Claim dated _____ filed by the above-named claimant against
one or more of Nortel Networks Corporation, Nortel Networks Limited, Nortel
Networks Global Corporation, Nortel Networks International Corporation and
Nortel Networks Technology Corporation, and/or their respective Officers and
Directors.**

I hereby give you notice of my intention to dispute the Notice of Disallowance (Proof of Claim)
bearing Reference Number _____ and dated _____ issued       in
respect of my claim as set out in the above-noted Proof of Claim.

**Reasons for Dispute** (attach additional sheet and copies of all supporting documentation if
necessary):

_____        _____
(Signature of individual completing this    Date
Dispute Notice)

_____
(Please print name)

Telephone Number:        ( ) _____

E-mail Address:            _____

Facsimile Number:        ( ) _____

Full Mailing Address:    _____

                         _____

                         _____

**THIS FORM IS TO BE RETURNED BY PREPAID ORDINARY MAIL, COURIER,
PERSONAL DELIVERY OR ELECTRONIC OR DIGITAL TRANSMISSION AND**

00539

- 2 -

**MUST BE RECEIVED NO LATER THAN 4:00 P.M. (EASTERN TIME) ON THE DAY THAT IS TWENTY-EIGHT (28) CALENDAR DAYS AFTER THE NOTICE OF DISALLOWANCE (PROOF OF CLAIM) WAS SENT TO YOU BY THE MONITOR, TO:**

**ERNST & YOUNG INC.**
Court-appointed Monitor of Nortel Networks Corporation & others
222 Bay Street, P.O. Box 251
Toronto, Ontario
Canada M5K 1J7

Attention:    Nortel Claims
Telephone:  1-416-943-4439 or 1-866-942-7177
E-mail          nortel.monitor@ca.ey.com
Fax:             1-416-943-280

Court File No: 09-CL-7950

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

*ONTARIO*
SUPERIOR COURT OF JUSTICE (COMMERCIAL LIST)

Proceeding commenced at Toronto

SEVENTY-FIFTH REPORT OF THE MONITOR
DATED SEPTEMBER 19, 2011

**GOODMANS LLP**
Barristers & Solicitors
Bay Adelaide Centre, 333 Bay Street
Toronto, Canada  M5H 2S7

Jay A. Carfagnini (LSUC#: 222936)
Fred Myers (LSUC#: 26301A)
Gale Rubenstein (LSUC# 17088E)
Melaney J. Wagner (LSUC# 44063B)
Joseph Pasquariello (LSUC# 37389C)

Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

00540