## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.* [1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG) |
| Nortel Networks Inc.<br><br>and<br><br>Nortel Networks (CALA) Inc.,<br><br>        Plaintiffs,<br><br>v.<br><br>McCann-Erickson Worldwide, Inc., *et al*.<br><br>        Defendants. | (Jointly Administered)<br><br>Adv. Proc. No. 10-55937 (KG)<br><br>**Re: D.I. 6526; A.D.I. 109** |

### CERTIFICATION OF COUNSEL REGARDING [PROPOSED] ORDER FURTHER ENLARGING TIME PROVIDED BY FEDERAL RULES OF CIVIL PROCEDURE 4(m) IN AVOIDANCE ACTION

        I, Chad A. Fights, counsel for Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN CALA"), as two of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certify as follows regarding the *[Proposed] Order Further Enlarging Time Provided by Federal Rule Of Civil Procedure 4(m) In Avoidance Action* (the "Proposed Order"), attached as **Exhibit A** hereto:

---

[1] The Debtors in the Chapter 11 cases are: Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1. On December 6, 2010, NNI and NN CALA (the "Plaintiffs") filed the Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") against Defendant McCann-Erickson Worldwide, Inc. ("Defendant"). By the Complaint the Plaintiffs sought to avoid and recover certain transfers alleged to have been made to Defendant within the ninety (90) days preceding the Plaintiffs' bankruptcy filings.

2. On February 7, 2011, Defendant filed the *Answer To Complaint* (Adv. D.I. 6) asserting, among other things, that Defendant acted as a mere conduit between Plaintiffs and certain media outlets with respect to certain of the transfers challenged in the Complaint, and, therefore has no liability to the Plaintiffs for such transfers.

3. Pursuant to a stipulation between Plaintiffs and Defendant, on April 4, 2011 (Adv. D.I. 17), Plaintiffs filed an *Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (Adv. D.I. 18) which amended the Complaint for the purpose of adding various third parties as defendants (the "Group Defendants," collectively with Defendant, the "Defendants").

4. Also on April 4, 2011, the Plaintiffs filed the *Debtors' Motion Pursuant To 11 U.S.C. § 105(a), Federal Rules Of Bankruptcy Procedure 7004 And 9006, And Federal Rule Of Civil Procedure 4(m) For Enlargement Of The Time Period Provided By Rule Of 4(m)* (the "Motion") (D.I. 5208, Adv. D.I. 19).

5. Following a hearing with the Court on April 26, 2011, the Court entered the *Order Enlarging The Time Period Provided By Federal Rule Of Civil Procedure 4(m) In Avoidance Action* (D.I. 5784, Adv. D.I. 83), extending Plaintiffs' deadline within which to effectuate service of process through and including July 5, 2011.

6. On July 1, 2011, the Plaintiffs filed the *Plaintiffs' Motion Pursuant To 11 U.S.C. § 105(a), Federal Rules Of Bankruptcy Procedure 7004 And 9006, And Federal Rule Of*

*Civil Procedure 4(m) For Further Enlargement Of The Time Period Provided By Rule 4(m)* (the "Further Motion") (Adv. D.I. 92).

7. On July 22, 2011, the Court entered the *Order Further Enlarging Time Provided By Federal Rules Of Civil Procedure 4(m) In Avoidance Action* (Adv. D.I. 104), further extending Plaintiffs' deadline within which to effectuate service of process through and including October 3, 2011.

8. On September 29, 2011, the Plaintiffs filed the *Plaintiffs' Motion Pursuant To 11 U.S.C. § 105(a), Federal Rules Of Bankruptcy Procedure 7004 And 9006, And Federal Rule Of Civil Procedure 4(m) For Further Enlargement Of The Time Period Provided By Rule 4(m)* (the "Second Further Motion") (D.I. 6526; Adv. D.I. 109).

9. The objection deadline for the Second Further Motion was October 12, 2011. Prior to the objection deadline, the Plaintiffs received informal comments to the Proposed Order from counsel to Cable News Network, Inc., Time Inc., and Turner Broadcasting Sales, Inc., requesting language reserving certain rights of the Defendants. Accordingly, Plaintiffs have agreed to revise the Proposed Order. No objections or other responses were received. The Proposed Order is attached hereto as **Exhibit A**. A blackline showing changes to the order is attached hereto as **Exhibit B**.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Plaintiffs respectfully request that the Court (i) enter the Proposed Order attached hereto as **Exhibit A** and (ii) grant such other and further relief as is just and proper.

Dated:  October 14, 2011  MORRIS, NICHOLS, ARSHT & TUNNELL LLP
       Wilmington, Delaware

                                       */s/ Chad A. Fights*
                                   Donna L. Culver (No. 2983)
                                   Derek C. Abbott (No. 3376)
                                   Chad A. Fights (No. 5006)
                                   1201 North Market Street
                                   P.O. Box 1347
                                   Wilmington, Delaware 19801
                                   Telephone:  (302) 658-9200
                                   Facsimile: (302) 658-3989

                                   *Counsel for the Plaintiffs*