# EXHIBIT A

PROPOSED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.* [1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG) |
| Nortel Networks Inc.<br><br>and<br><br>Nortel Networks (CALA) Inc.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>McCann-Erickson Worldwide, Inc., *et al*.<br><br>　　　　Defendants. | (Jointly Administered)<br><br><br>Adv. Proc. No. 10-55937 (KG)<br><br><br><br>**Re: D.I. 6526; A.D.I. 109** |

## ORDER FURTHER ENLARGING TIME PROVIDED BY FEDERAL RULES OF CIVIL PROCEDURE 4(m) IN AVOIDANCE ACTION

Upon the motion (the "Motion")[2], of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for entry of an order pursuant to section 105 of title 11 of the United States Code and Rules 7004 and 9006 of the Bankruptcy Rules, and Federal Rule 4(m), enlarging the time period provided by Rule 4(m) in the above-captioned adversary proceeding and granting them such other and further

---

[1] The Debtors in the Chapter 11 cases are: Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The time period provided by Rule 4(m) is extended by approximately an additional ninety (90) days to January 4, 2012, without prejudice to the Plaintiffs' right to seek additional extensions of time.

3. The right of any defendant served with an amended complaint to assert any rights, claims or defenses, including, but not limited to, those set forth pursuant to Federal Rules of Civil Procedure 12(b)(6), 15(a) and 15(c), 11 U.S.C. Section 546, or otherwise, is hereby preserved.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE