**Exhibit "B"**

**(Beeline.com, Inc. Scheduling Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
   :
   :    Chapter 11
   :
*In re*   :
   :
Nortel Networks Inc., *et al.*,   :    Bankr. Case No. 09-10138 (KG)
   :
Debtors.[1]   :    (Jointly Administered)
   :
------------------------------------------------------- X
   :
This document relates to:   :
   :
[SEE ATTACHED EXHIBIT A]   :
   :
   :
   :    Adv. Pro. No. [See attached Exh. A]
   :
   :
   :
   :
   :
-------------------------------------------------------X

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the

following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

---

[1] The Debtors in the Chapter 11 cases are:  Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc.  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1.      Any extension of time to file a responsive pleading is not effective unless

approved by Order of the Court.  Any motion for extension of time to file a

responsive pleading or stipulated order for such an extension must be filed with

the Court no later than ten (10) days before the Initial Scheduling Conference in

the adversary proceeding.

2.      Unless otherwise agreed between the Parties, the above-captioned plaintiff (the

"Plaintiff") and defendants (each a "Defendant", and, together with Plaintiff, the

"Parties") are deemed to have completed the discovery planning conference

described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026.

3.      Unless otherwise agreed between the Parties, the Parties shall provide the initial

disclosures under Fed. R. Civ. P. 26(a)(1) by no later than November 2, 2012.

4.      Written fact discovery (i.e., requests for the production of documents,

interrogatories and requests for admission) shall be initiated so as to be completed

no later than March 19, 2012.

5.      Pursuant to the General Order Regarding Procedures in Adversary Proceedings

entered by the Honorable Mary F. Walrath on April 7, 2004, no later than March

15, 2012 the Parties shall file a Stipulation Regarding Appointment of a Mediator

or a statement that the Parties cannot agree on a mediator and a request that the

Court select and appoint a mediator to the proceeding.  All mediations shall be

concluded by May 14, 2012.

6.      Fact depositions may be noticed or subpoenaed for a date on or after May 22,

2012, and shall be noticed so as to be concluded by July 13, 2012.

2

7.      The Parties shall provide expert reports for any issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtors, by August 2, 2012.  If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by August 2, 2012.  Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided by August 22, 2012.  Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff by September 4, 2012.  All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).  All expert discovery shall be completed, and discovery shall close, by September 11, 2012.

8.      All dispositive motions shall be filed and served by September 26, 2012, and shall be subject to Del. Bankr. L.R. 7007.

9.      The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial on a date to be determined by the Court.  The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

10.     The Parties shall comply with the General Order Governing Pre-trial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin Gross. The Parties shall file, no later than two (2) business days prior to the earlier date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their Final Pre-trial Order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Gross' chambers.

11.     Pursuant to the Order Authorizing and Approving Settlement Procedures to Settle Certain Avoidance Claims (the "Settlement Procedures Order") (D.I. 4211), the Plaintiff shall periodically file with the Court a Notice of Settlement of Claims identifying those adversary proceedings subject to this Order that are settled, dismissed or otherwise resolved pursuant to the Settlement Procedures Order and the amount of such settlement.  The Plaintiff shall file a status report forty-five days (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order.  Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12.     Deadlines contained in this Scheduling Order may be extended by joint agreement of the parties or by the Court upon written motion for good cause shown.

13.     The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: _____, 2011
      Wilmington, DE


_____
KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY
JUDGE

# EXHIBIT "A"

| CASE | ADVERSARY CASE NO. |
|---|---|
| Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. Beeline.com, Inc., *et al.* | 10-55165 |
| Nortel Networks Inc. v. Ian Martin Limited and Ian Martin Technology Staffing, Inc. | 10-55929 |
| Nortel Networks Inc. v. TEKsystems Inc. | 10-55192 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |