IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                                        : Chapter 11
:
Nortel Networks Inc., et al.,[1]                             : Case No. 09-10138 (KG)
:
                            Debtors.                         : Jointly Administered
:
                                                             : RE: D.I. 6518
:
------------------------------------------------------------X

### ORDER APPROVING (I) SETTLEMENT AGREEMENT AMONG NORTEL PARTIES AND COMMUNICATIONS TEST DESIGN, INC. AND (II) RELATED SIDE AGREEMENT AMONG NORTEL PARTIES

Upon the motion dated September 28, 2011 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, (i) that certain Stipulation and Settlement Agreement dated as of September 26, 2011 by and among NNI, Nortel Networks Limited ("NNL", and together with NNI, the "Plaintiffs"), Nortel Networks Limited ("NNC", and together with the Plaintiffs, the "Nortel Parties") and Communications Test Design, Inc. ("CTDI" or "Defendant", and together with the Nortel Parties, the "Parties"), and (ii) that certain Side Agreement dated as of September 26, 2011 among the Nortel Parties

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

(the "Side Agreement"), and granting the Debtors such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. The Settlement Agreement and Side Agreement are hereby approved.

3. The Court finds that the Settlement Agreement and Side Agreement are in the best interests of NNI, its estate, its creditors and the other parties in interest in these proceedings.

4. NNI is authorized, but not directed, to take any and all actions that may be reasonably necessary or appropriate to perform its obligations arising under and to enforce the terms of the Settlement Agreement and Side Agreement.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Oct. 17, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE