# EXHIBIT A

ME1 12400779v.1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x
: Chapter 11
In re: :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
              Debtors. :
: **Related Docket No. 6570**
------------------------------------------------------------x

**ORDER AUTHORIZING EMPLOYMENT AND**
**RETENTION OF ALVAREZ & MARSAL HEALTHCARE**
**INDUSTRY GROUP, LLC AS FINANCIAL ADVISORS FOR THE**
**OFFICIAL COMMITTEE OF RETIRED EMPLOYEES AND THE**
**OFFICIAL COMMITTEE OF LONG-TERM DISABILITY**
**PARTICIPANTS,** *NUNC PRO TUNC* **TO SEPTEMBER 8, 2011**

Upon the joint motion (the "Motion") of the Official Committee of Retired Employees (the "Retiree Committee") and the Official Committee of Long-Term Disability Participants (the "LTD Committee" together with the Retiree Committee, the "Committees") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 328, 1103 and 1114 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to jointly retain Alvarez & Marsal Healthcare Industry Group, LLC as financial advisors; and upon the Declarations of Ronald M. Winters and Vincent L. Bodnar in support of the Motion; and due and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and it appearing that A&M[2] is not

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms which are not defined herein shall have the meanings set forth in the Motion. All references to A&M in this Order include DaVinci (as defined below).

representing any adverse interest in connection with these cases; and it appearing that the relief requested in the Motion is in the best interest of the Committees; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion be, and hereby is, granted, as set forth herein; and it is further

ORDERED that in accordance with sections 328(a), 1103 and 1114 of the Bankruptcy Code, the Committees are authorized to jointly employ and retain A&M as of September 8, 2011 as their financial advisors on the terms set forth in the engagement letter (the "Engagement Letter") and the Indemnification Agreement (the "Indemnification Agreement") which are annexed to the Motion as Exhibit C, as modified by this Order; and it is further

ORDERED that pursuant to the preceding paragraph, A&M is entitled to reimbursement of actual and necessary expenses, including any reasonable legal fees incurred for A&M's defense of its retention and fee applications in this matter, subject to Court approval; and it is further

ORDERED that in connection with the actuarial services to be provided by A&M, from time to time A&M may utilize the services of Vincent L. Bodnar, ASA, MAAA, principal and consulting actuary with DaVinci Consulting Group, LLC ("DaVinci"), as a subcontractor to perform a portion of the services described in the Engagement Letter. DaVinci's fees and expenses will be included with requests for fees and expenses by A&M without any mark-up or profit to A&M on account of such fees and expenses; and it is further

ORDERED that the indemnification provisions set forth in the Indemnification Agreement are reasonable terms and conditions of employment and are hereby approved, subject, during the pendency of these chapter 11 cases, to the following:

ME1 12400779v.1

(a) Subject to the provisions of subparagraph (c), *infra*, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to A&M, its members and employees, in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter, but not for any claim arising from, related to, or in connection with A&M's performance of any other services unless such A&M services and indemnification therefore are approved by the Bankruptcy Court;

(b) Notwithstanding any provisions of the Engagement Letter and Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify A&M or provide contribution or reimbursement to A&M (i) for any claim or expense that is judicially determined (the determination having become final) to have resulted from A&M's gross negligence, willful misconduct, bad faith or self-dealing or (ii) for a contractual dispute in which the Debtors allege the breach of A&M's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Bankruptcy Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter and the Indemnification Agreement, as modified by this Order;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, A&M must file an application before the Bankruptcy Court, and the Debtors shall not pay any such amounts to A&M before the entry of an order by the Bankruptcy Court approving the payment. This paragraph (c) is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for compensation and expenses by A&M for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify A&M;  and it is further

ORDERED that in all cases, and subject to further Order of this Court, A&M is authorized to perform the services set forth in the Engagement Letter to the extent that such services are consistent with the Committees' purposes as set forth in paragraph 3 of the Court's Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of

3

Retired Employees [D.I. 5783] and the Order Appointing an Official Committee of Long-Term Disability Participants [D.I. 5790]; and it is further

ORDERED that A&M shall be compensated in accordance with the procedures set forth in sections 328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines for the District of Delaware, the Interim Compensation Order and any other applicable procedures and orders of this Court; and it is further

ORDERED that notwithstanding the possible applicability of Rules 6004, 7062 and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

DATED: _____, 2011
        Wilmington, Delaware

                                              _____
                                              THE HONORABLE KEVIN GROSS
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE