IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                      Debtors. : Jointly Administered
:
: Hearing date: November 15, 2011 at 10:00 a.m. (ET)
: Objections due: November 8, 2011 at 4:00 p.m. (ET)
---------------------------------------------------------------X

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR
ENTRY OF AN ORDER (I) APPROVING THE STIPULATION RESOLVING
CLAIM NOS. 1578 AND 7147 FILED BY THE TEXAS COMPTROLLER OF
PUBLIC ACCOUNTS AND (II) GRANTING LIMITED RELIEF FROM THE
AUTOMATIC STAY TO EFFECTUATE A SETOFF**

      Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 362, 502 and 553 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing NNI's entry into and approving a stipulation (the "Stipulation") with the Texas Comptroller of Public Accounts ("Claimant"), attached hereto as **Exhibit B**, which resolves Claimant's claims against NNI including authorizing and approving the setoff of pre-petition amounts; (ii) granting limited

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1

relief from the automatic stay to effectuate the setoff; and (iii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 362, 502 and 553 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

**A.     Procedural History**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

---

[2]  Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7.By this Motion, the Debtors seek an order, pursuant to sections 105(a), 362, 502 and 553 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's entry into the Stipulation and approving the Stipulation, and (ii) granting them such other and further relief as the Court deems just and proper.

---

[3]The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

**Facts Relevant to this Motion**

8. On or about July 21, 2009, Claimant filed proof of claim number 1578 against NNI, asserting an unsecured priority claim on the basis of pre-petition sales and use taxes in the amount of $1,309,300.61 ("Claim No. 1578").

9. On or about March 12, 2010, Claimant filed proof of claim number 7147 against NNI, asserting an unsecured priority claim on the basis of pre-petition sales and use taxes in the amount of $5,838,967.02 ("Claim No. 7147," and with Claim No. 1578, the "Pre-Petition Claims").

10. On or about Feb 19, 2010, Claimant filed proof of claim number 7113 against NNI, on the basis of post-petition sales and use taxes, in the amount of $277,192.08 ("Claim No. 7113").

11. On or about April 13, 2011, Claimant filed proof of claim number 7702 against NNI, on the basis of post-petition franchise taxes, in the amount of $141,369.93 ("Claim No. 7702").

12. On or about April 14, 2011, Claimant filed proof of claim number 7705 against NNI, on the basis of post-petition sales and use taxes, in the amount of $2,193,167.64 ("Claim No. 7705" and with Claim No. 7113 and Claim No. 7702, the "Excluded Claims").

13. In an effort to negotiate an expeditious resolution of the dispute between the Debtors and Claimant (the "Parties"), the Parties entered into arm's-length settlement discussions.

14. As a result of these negotiations, subject to this Court's approval, NNI has reached a compromise with Claimant that (i) NNI owes to Claimant the amount of $1,371,167.75 in respect of the amounts claimed by Claimant in the Pre-Petition Claims, (ii) Claimant owes

NNI refunds for pre-petition sales and use taxes paid by NNI, in the amount of $2,406,875.99, that can be set-off against the Pre-Petition Claims, which will be withdrawn with prejudice, (iii) the Parties have agreed to setoff the maximum amounts mutually owed with respect to the Pre-Petition Claims as permitted by section 553 of the Bankruptcy Code, with the balance of $1,035,708.24 (the "Sales and Use Tax Refund") to be paid to NNI, and (iv) Claimant owes refunds to NNI for franchise tax amounts and interest for tax years 1999-2006 and 2009 in the amount of $241,002.68 (the "Franchise Tax Refund"), which will be paid to NNI by Claimant. In addition, the Parties have agreed that the Excluded Claims will be negotiated separately.

15.   The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of the Pre-Petition Claims through the Stipulation is appropriate and in the best interests of both their estates and their creditors.

### Basis for Relief

16.   The Debtors seek authorization to enter into the Stipulation under sections 105(a), 362, 502 and 553 of the Bankruptcy Code and Bankruptcy Rule 9019.

A.   NNI Should be Authorized to Enter Into the Stipulation With Claimant

17.   Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

18.   Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health

Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

19. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25. The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

20. The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"): "(1) the probability of success in

6

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

21.     The Debtors respectfully submit that the Martin Factors weigh heavily in favor of approving the Stipulation, and request that NNI's entry into the Stipulation be authorized under Bankruptcy Rule 9019.  While the Debtors are prepared to litigate the Pre-Petition Claims and seek recovery of the refunds owed to NNI by Claimant, and believe that they would prevail in such litigation, litigation carries with it inherent uncertainties and there is no assurance that such litigation would achieve a better result than the one set forth in the Stipulation.  Also, the settlement reflected in the Stipulation results in the withdrawal with prejudice of the Pre-Petition Claims, filed in the amount of $7,148,267.63, as well as the payment to NNI by Claimant of $1,276,710.92.  This resolution fairly balances the Debtors' likelihood of success on the merits of the Pre-Petition Claims against their interest in avoiding the uncertainty of litigation.

22.     In addition, litigation of the Pre-Petition Claims would result in the estate's expenditure of significant legal fees.  Finally, the interests of the creditors militate in favor of approval of the Stipulation.  The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Pre-Petition Claims and the avoidance of legal expenses that would be incurred if the Pre-Petition Claims were to be litigated.  In light of the foregoing, the Debtors respectfully seek authorization to enter into the Stipulation and approval of the Stipulation.

B. <u>Claimant Should be Permitted to Setoff Its Pre-petition Claim</u>

23. In order to establish a right to setoff under section 553 of the Bankruptcy Code, the party asserting the right must show: (1) a debt exists from the creditor to the debtor and that the debt arose prior to the commencement of the bankruptcy case; (2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; and (3) the debt must be owed by and to the same parties. <u>Pardo Nylcare Health Plans (In re APF Co.)</u>, 274 B.R. 408, 421 (Bankr. D. Del. 2001).

24. As set forth above, the Debtors have determined that Claimant holds a pre-petition claim against and owes a pre-petition debt to NNI arising out of NNI's pre-petition sales and use taxes. Further, NNI has agreed with Claimant as to the amount of the setoff to which it is entitled. Accordingly, the setoff satisfies the requirements of section 553 of the Bankruptcy Code. Notwithstanding that a right of setoff exists pursuant to section 553 of the Bankruptcy Code, the Court must grant relief from the automatic stay in order for the parties to exercise their right of setoff, as the setoff is stayed pursuant to section 362(a)(7) of the Bankruptcy Code. The Debtors submit that cause for limited relief from the automatic stay exists in the present case to permit Claimant and NNI to effectuate the setoff, as relief from the stay is in the best interests of the Debtors' estates. Authorizing relief from the automatic stay to permit the setoff will benefit these estates as it will allow the Debtors to reduce the amount of pre-petition claims asserted against their estates at a minimum of expense and with as little delay as possible. Accordingly, the Debtors believe that limited relief from the automatic stay will aid in the Debtors' efforts to reduce expenses and maximize value for the benefit of their stakeholders.

**Notice**

25.     Notice of the Motion has been given via first class mail to (i) counsel to the Claimant; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

26.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: October 25, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    */s/ Chad A. Fights*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Chad A. Fights (No. 5006)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*