**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                      : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                           : Case No. 09-10138 (KG)
:
            Debtors.       : Jointly Administered
:
:
------------------------------------------------------------X

### STIPULATION RESOLVING CLAIMS 1578 AND 7147 BY AND BETWEEN THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and the Texas Comptroller of Public Accounts ("Claimant", and together with NNI, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), NNI and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1

2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about July 21, 2009, Claimant filed proof of claim number 1578 against NNI, asserting an unsecured priority claim on the basis of pre-petition sales and use taxes in the amount of $1,309,300.61, ("Claim No. 1578"); and

WHEREAS, on or about March 12, 2010, Claimant filed proof of claim number 7147 against NNI, asserting an unsecured priority claim on the basis of pre-petition sales and use taxes in the amount of $5,838,967.02, ("Claim No. 7147," and with Claim No. 1578, the "Pre-Petition Claims"); and

WHEREAS, on or about Feb 19, 2010, Claimant filed proof of claim number 7113 against NNI, on the basis of post-petition sales and use taxes, in the amount of $277,192.08, ("Claim No. 7113"); and

WHEREAS, on or about April 13, 2011, Claimant filed proof of claim number 7702 against NNI, on the basis of post-petition franchise taxes, in the amount of $141,369.93, ("Claim No. 7702"); and

WHEREAS, on or about April 14, 2011, Claimant filed proof of claim number 7705 against NNI, on the basis of post-petition sales and use taxes, in the amount of $2,193,167.64, ("Claim No. 7705" and with Claim No. 7113 and Claim No. 7702, the "Excluded Claims"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Pre-Petition Claims, the Parties have agreed to this Stipulation to resolve their disputes; and

2

WHEREAS, the Parties have agreed that NNI owes to Claimant the amount of $1,371,167.75 in respect of the amounts claimed by Claimant in the Pre-Petition Claims; Claimant has agreed that Claimant owes NNI refunds for pre-petition sales and use taxes paid by NNI, in the amount of $2,406,875.99, that can be set-off against the Pre-Petition Claims; and the Parties have agreed to set-off the maximum amounts mutually owed with respect to the Pre-Petition Claims as permitted by section 553 of the Bankruptcy Code, with the balance of $1,035,708.24 (the "Sales and Use Tax Refund") to be paid to NNI by Claimant within 5 days of the entry of an order by the Bankruptcy Court approving this Stipulation (the "Order"); and

WHEREAS, Claimant has further agreed that Claimant owes refunds to NNI for franchise tax amounts and interest for tax years 1999-2006 and 2009 in the amount of $241,002.68 (the "Franchise Tax Refund"), which will be paid to NNI by Claimant within 5 days of the entry of the Order;

WHEREAS, Claimant and NNI are still in the process of negotiating the Excluded Claims and therefore this Stipulation does not address the amounts asserted under the Excluded Claims.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Certain Claims. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a) the Pre-Petition Claims will be deemed withdrawn with prejudice; and

(b) Claimant will pay NNI $1,276,710.92, representing (i) the Sales and Use Tax Refund ($1,035,708.24) and (ii) the Franchise Tax Refund ($241,002.68), within 5 days of the entry of the Order.

2. <u>Automatic Stay Modified</u>. Effective upon entry of the Order, the automatic stay will be modified, if so required, so that Claimant may effect a set-off of mutual pre-petition obligations between NNI and Claimant as described above.

3. <u>Other Setoffs Disallowed</u>. For the avoidance of doubt, the entry of the Order shall not constitute authorization for Claimant to set-off any other claims against any amounts owing by or to NNI or any affiliate thereof.

4. <u>Release</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to the Pre-Petition Claims. For the avoidance of doubt, nothing in this Stipulation shall release the Excluded Claims.

5. <u>No Further Claims</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending the Pre-Petition Claims or (ii) filing any further pre-petition claims against any of the Debtors in the Debtors' Chapter 11 cases.

6. <u>Binding Effect</u>. Effective upon the entry of the Order, this Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the

4

Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

7. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

8. <u>No Transfer</u>. Claimant represents that it has not sold, assigned or otherwise transferred the Pre-Petition Claims or any of the claims being released pursuant to this Stipulation to a third party.

9. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Pre-Petition Claims.

10. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all

of their rights and defenses with respect to the Pre-Petition Claims and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Pre-Petition Claims or that they have any liability thereunder.

14. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, effective upon an order of the Bankruptcy Court, the Parties have executed this Stipulation.

Dated: September 29, 2011

| Nortel Networks Inc. | Texas Comptroller of Public Accounts |
|---|---|
| By: _____ | By: _____ |
| John Ray | Mark Browning |
| Principal Officer | Assistant Attorney General |