**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------X :<br>*In re* :<br> :<br>Nortel Networks Inc., *et al.*,[1] :<br> :<br>                Debtors. :<br> :<br>------------------------------------------------------ X<br> :<br>Nortel Networks Inc., :<br> :<br>                Plaintiff, :<br> :<br>v. :<br> :<br>The Advertising Checking Bureau, Inc., :<br> :<br>                Defendant. :<br> :<br> :<br>------------------------------------------------------X | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br><br><br><br>Adv. Proc. No. 10-55905 (KG) |

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
NORTEL NETWORKS INC. AND THE ADVERTISING CHECKING BUREAU, INC.**

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and The Advertising Checking Bureau, Inc. ("Defendant", and together with Plaintiff, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

## **RECITALS**

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $2,084,282.67 (the "Subject Transfers"); and

WHEREAS, on December 6, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-55905 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

WHEREAS, on July 2, 2009, Defendant filed a proof of claim in Plaintiff's bankruptcy case ("Claim No. 1458"), asserting a general unsecured claim against Plaintiff in the amount of $79,717.75; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Proc. No. 10-55905) are in the form "Adv. D.I. __."

2

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order"), authorizing the Debtors, *inter alia*, to settle Proofs of Claim where the Proof of Claim was originally filed in an amount less than $250,000 without filing or serving any advance notice of such settlement and without further notice or order of the Bankruptcy Court [Main D.I. 3953]; and

WHEREAS, since the Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. Resolution of the Avoidance Claim. Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date (as defined below), this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases. Within five

(5) business days after the date that the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (as defined below) (the "Effective Date"), Plaintiff shall file with the Bankruptcy Court a notice of dismissal with prejudice of the Adversary Proceeding. The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (i) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken, or (i) withdrawal with prejudice of such appeal.

2. Release of Plaintiff. Upon the Effective Date, Defendant hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, any transaction described or referred to in the Complaint in the Adversary Proceeding, and the claim set forth in Claim No. 1458. For the avoidance of doubt, Defendant releases any and all claims arising under section 502(h) of the Bankruptcy Code.

4

3. <u>Release of Defendant</u>. Upon the Effective Date, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, Claim No. 1458, and any transaction described or referred to in the Complaint in the Adversary Proceeding.

4. <u>Waiver and Release of Claim No. 1458</u>. Defendant hereby withdraws with prejudice Claim No. 1458; hereby waives and releases the claim set forth therein; and agrees that it will not (i) seek to reinstate Claim No. 1458 or (ii) file or otherwise assert any claim against Plaintiff or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 1458, or that arises out of any pre-petition liability of any of the Debtors to Defendant.

5. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

6. <u>Effectiveness</u>. Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective

successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

7. <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

8. <u>Confidentiality</u>. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

9. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

10. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

11. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

12. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

13. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

14. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 18, 2011

| Nortel Networks Inc. | The Advertising Checking Bureau, Inc. |
|---|---|
| By: _____ *(signed)* | By: _____ |
| John Ray | Brian McShane |
| Principal Officer | President |

12. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

13. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

14. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 18, 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

The Advertising Checking Bureau, Inc.

By: _____
Brian McShane
President