**EXHIBIT B**

# NORTEL NETWORKS INC. INCENTIVE PLAN

**I.    PLAN OBJECTIVE**

The Nortel Networks Inc. Incentive Plan (the "Plan") is designed to provide cash incentive awards (the "Awards") to certain key employees of Nortel Networks Inc. and its subsidiaries (together, the "Company") to encourage the achievement of certain performance goals important to the Company relating to the wind down of the Company and a successful conclusion of its proceedings under the US Bankruptcy Code (the "Proceedings").

**II.   PARTICIPATING EMPLOYEES**

Each Company employee selected for participation in the Plan shall receive a letter (each, a "Participation Letter") that sets forth the Award Amount (as defined below) that he or she may be eligible to receive under the Plan, as well as the Performance Goals (as defined below) applicable to such employee and the expected achievement date for such Performance Goals (and corresponding expected date of termination of employment); however, the Participation Letter will clearly state that such expected date is provided for guidance only, is not binding upon the Company and that the actual achievement date (and corresponding date of termination of employment) will be determined by Nortel Networks Inc.'s Principal Officer (the "NNI Principal Officer") in his sole discretion. The Participation Letter will also require such employee to be bound by the terms and conditions of the Plan, including any amendments thereto. Upon execution and timely return of the Participation Letter in accordance with its terms, such employee shall become a participant in the Plan (a "Plan Participant") and will be eligible to receive an Award.

**III.  AWARDS**

(a) Each Plan Participant will be eligible to receive an Award in the amount set forth in the Participation Letter (the "Award Amount") determined in accordance with the criteria established by the NNI Principal Officer in his sole discretion.

(b) Vesting of each Plan Participant's Award shall be based upon the successful achievement of the goals in connection with the wind down of the Company and successful conclusion of the Proceedings set for such Plan Participant by the NNI Principal Officer in his sole discretion (the "Performance Goals").

(c) Except as required by applicable law or the terms of Company benefit plans or programs, Awards will not be taken into account for purposes of Company benefits in which a Plan Participant may participate and will not be included in "eligible earnings" for purposes of retirement plans or any other benefit plans offered by the Company.

## IV. VESTING AND PAYMENT OF AWARDS

(a) Subject to Section VI, each Plan Participant's Award will vest in full on the date the NNI Principal Officer designates as the achievement date of such Plan Participant's Performance Goals and corresponding date of termination of employment, as determined in the sole discretion of the NNI Principal Officer (such date, the "<u>Vesting Date</u>").

(b) A Plan Participant's Award will be paid to such Plan Participant in a lump sum cash payment as soon as practicable, but no later than 30 days, following the Vesting Date applicable to such Award.

## V. PLAN ADMINISTRATION

The NNI Principal Officer shall have full discretionary authority to administer the Plan, including discretionary authority to interpret and construe any and all provisions of the Plan.

## VI. TERMINATION OF EMPLOYMENT

(a) Upon termination of employment of a Plan Participant for any reason other than involuntary termination by the Company without Cause (as defined below) prior to the Vesting Date, the right to any outstanding unvested Award of the Plan Participant (the "<u>Unvested Award</u>") will be forfeited on the date of such employment termination and such Plan Participant will have no further rights under the Plan.

(b) Upon termination of employment of a Plan Participant by the Company without Cause prior to the Vesting Date, the Unvested Award will vest and be paid in a lump sum cash payment as soon as practicable, but no later than 30 days, following the date of termination.

(c) For the purposes of the Plan, "<u>Cause</u>" shall mean inappropriate actions or inactions, misconduct, breach of an agreement with the Company or unsatisfactory performance by a Plan Participant or "cause" as legally defined, if at all, in the relevant jurisdiction, as determined by the NNI Principal Officer in his sole discretion.

## VII. EFFECTIVE DATE OF PLAN

The Plan shall be effective as of January 1, 2012.

## VIII. NO PROMISE OF CONTINUED EMPLOYMENT

The Plan and any Plan Participant's selection as a participant in the Plan does not, and is in no manner intended to constitute, a promise of employment for any period of time or to change a Plan Participant's employment status, if applicable, as an at will employee subject to employment termination at any time for any reason.

**IX.    TAXES; SECTION 409A**

(a) All payments made pursuant to the Plan shall be subject to applicable taxes and standard withholding and deductions as determined by the Company. Neither the Company nor its officers or agents makes or has made any representation about the tax consequences of any payments made or offered to any Plan Participant under the Plan.

(b) All payments under the Plan are designed to comply with the short-term deferral exception from the requirements of section 409A of the US Internal Revenue Code of 1986 and regulations promulgated thereunder ("Section 409A"). Each Award will be treated as a separate payment for purposes of Section 409A.

**X.    CONFIDENTIALITY**

Subject to applicable law, a Plan Participant's participation in the Plan, Participation Letter and Award Amount are confidential and a Plan Participant may not disclose, publicize or discuss his or her participation in the Plan, Participation Letter or Award Amount with any current or former employee of the Company or any other person except a Plan Participant's spouse, accountant, financial advisor or attorney, who must be informed by the Plan Participant not to further disclose such confidential information. Notwithstanding the foregoing, the Company may disclose Participants' participation in the Plan, Participation Letter and Award Amounts as required under applicable law and as it deems necessary in the implementation and administration of the Plan and in the conduct of the Company's business.

**XI.    SEVERABILITY**

If any provision of the Plan is determined to be invalid or unenforceable, in whole or in part, this determination shall not affect any other provision of the Plan and the provision in question shall be modified as to be rendered enforceable in a manner consistent with the intent of the parties insofar as possible. Any waiver of or breach of any of the terms of the Plan shall not operate or be construed as a waiver of any other breach of such terms or conditions or of any other terms and conditions, nor shall any failure to enforce any provision hereof operate or be construed as a waiver of such provision or of any other provision.

**XII.    CHOICE OF LAW AND VENUE**

The Plan shall be governed by the laws of State of Delaware (without regard to provisions with respect to conflict of laws). Each Plan Participant and the Company will (a) irrevocably and unconditionally consent to the exclusive jurisdiction of the court in which the Company is subject to the Proceedings, (b) will irrevocably and unconditionally waive any objection to the laying of venue of any action, suit or proceeding arising out of or related to the Plan or any Award in such court and (c) will further irrevocably and unconditionally waive and agree not to plead or claim that any

such action, suit or proceeding brought in such court has been brought in an inconvenient forum.

## XIII. ENTIRE AGREEMENT AND AMENDMENT

This Plan document (together with the Participation Letters) constitutes the complete, final and exclusive embodiment of the terms and conditions of the Plan. Any amendments or modifications of the Plan must be authorized by the NNI Principal Officer; provided, in each case, subject to any approvals which may be required in light of the Proceedings. Any agreement between any Plan Participant and the Company with regard to the Plan and its subject matter is hereby superseded.

## XIV. NO ASSIGNMENT

The rights of a Plan Participant or any other person to any payment or other benefits under the Plan may not be assigned, transferred, pledged or encumbered except by will or the laws of descent and distribution.

## XV. FUNDING

The Plan is an unfunded plan and any and all amounts payable to a Plan Participant under the Plan shall be paid from the general assets of the Company.