IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : 
: Case No. 09-10138 (KG)
Debtors. : 
--------------------------------------------------------- : 
Nortel Networks Inc., : (Jointly Administered)
: 
Plaintiff, : 
X
: 
v. : 
: 
Oclaro Technology Ltd. f/k/a Oclaro Technology : Adv. Proc. No. 10-55919 (KG)
Plc. f/k/a Bookham Technology Plc., : 
: **Hearing date: November 29, 2011 at 10:00am**
and : **(ET)**
: **Objections due: November 9, 2011 at 4pm (ET)**
Oclaro (North America), Inc. f/k/a Avanex : 
Corporation, : 
: 
Defendants. : 
: 
---------------------------------------------------------X

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY
RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION
OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
NORTEL NETWORKS INC. AND OCLARO TECHNOLOGY LTD.
AND OCLARO (NORTH AMERICA), INC.**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 503(b)(1), 547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to enter into and approving a stipulation (the "Stipulation") with Oclaro Technology Ltd. f/k/a Oclaro Technology Plc. f/k/a Bookham Technology Plc. ("Oclaro Technology") and Oclaro (North America), Inc. f/k/a Avanex Corporation ("Oclaro (North America)") (collectively, the "Defendants", and together with NNI, the "Parties"), in the form attached hereto as **Exhibit B**, resolving the Adversary Proceeding entitled Nortel Networks Inc. v. Oclaro Technology Ltd. f/k/a Oclaro Technology Plc. f/k/a Bookham Technology Plc. and Oclaro (North America), Inc. f/k/a Avanex Corporation, Adv. Proc. No. 10-55919 (KG) (the "Adversary Proceeding"); and granting such other and further relief as the Court (the "Court" or the "Bankruptcy Court") deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 502, 503(b)(1), 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].

Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142][3], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors and a Monitor, Ernst & Young Inc., was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration under the control of individuals from Ernst & Young LLP. Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55919) are in the form "Adv. D.I. __."

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7. By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 503(b)(1), 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii) authorizing but not directing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation, and (iii) granting them such other and further relief as the Bankruptcy Court deems just and proper.

**Facts Relevant to this Motion**

8. Prior to the Petition Date, NNI retained Defendants' respective predecessors in interest, Bookham Technology Plc. and Avanex Corporation, to provide it with information technology equipment. Defendants' predecessors in interest invoiced NNI after goods were provided to NNI.

9. NNI's books and records indicate that within ninety (90) days prior to the Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit of Defendants' predecessors in interest in the aggregate amount of $4,593,152.00 (the "Subject Transfers").

10. On December 6, 2010, NNI filed its Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code (Adv. Pro. No. 10-55919) (the "Complaint") against Defendants in this Court, pursuant to which NNI sought to avoid and recover the Subject Transfers (the "Avoidance Claim").

11. In response to the Complaint, Defendants asserted ordinary course and new value defenses, pursuant to section 547 of the Bankruptcy Code, which, if successful, would reduce the Avoidance Claim significantly.

12. On September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953].

13. On October 27, 2010, the Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211].

14. On or about September 28, 2009, Oclaro (North America) filed against NNI proof of claim number 4685 in the amount of $177,805.00 ("Claim 4685").

15. On or about September 28, 2009, Oclaro (North America) filed against certain Debtors proof of claim numbers 4686, 4687, 4688, 4689, 4690, 4691, 4692, 4693, 4694, 4695, 4696, 4697, 4698 and 4699, each in the amount of $177,805.00 (the "Oclaro (North America) Duplicate Claims")).

16. On or about September 28, 2009, Oclaro Technology filed against NNI proof of claim number 4653 in the amount of $769,328.00 ("Claim 4653").

17. On or about September 28, 2009, Oclaro Technology filed against NNI proof of claim number 4684 in the amount of $868,412 ("Claim 4684").

5

18.     On or about September 28, 2009, Oclaro Technology filed against certain Debtors proof of claim numbers 4654, 4655, 4656, 4657, 4658, 4659, 4660, 4661, 4662, 4663, 4664, 4665, 4666 and 4667, each in the amount of $769,328.00, and proof of claim numbers 4670, 4671, 4672, 4673, 4674, 4675, 4676, 4677, 4678, 4679, 4680, 4681, 4682 and 4683, each in the amount of $868,412 (collectively, the "Oclaro Technology Duplicate Claims", and together with the Oclaro (North America) Duplicate Claims and Claim 4653, the "Oclaro Released Claims").

19.     On October 14, 2010, the Bankruptcy Court entered an Order Granting Debtors' Fourteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, Nobasis 503(b)(9) Claims And Misclassified 503(b)(9) Claims) which expunged the Oclaro (North America) Duplicate Claims and the Oclaro Technology Duplicate Claims [Main D.I. 4163].

20.     Since the Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, the Parties have agreed to settle the Adversary Proceeding on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

21.     Pursuant to the Stipulation[6] and subject to the Bankruptcy Court's approval, NNI has agreed to settle the Avoidance Claim in exchange for (i) Defendants' waiver and release of Claim 4653 (filed in the amount of $769,328.00); (ii) a reduction of Claim 4684 from $868,412.00 to $425,000.00; and (iii) a reduction of Claim 4685 from $177,805.00 to $175,000.00 (the "Settlement Consideration"). In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Defendants

---

[6] In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release the Debtors, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendants now have, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding, the Oclaro Released Claims and any and all claims arising under § 502(h) of the Bankruptcy Code. In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, NNI has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release Defendants, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees (i) regarding the Avoidance Claim, the Adversary Proceeding, the Oclaro Released Claims, and any transaction described or referred to in the Complaint in the Adversary Proceeding, and (ii) any claim based on any

transfer made prior to the Petition Date by Plaintiff to Defendants arising under, based upon, or relating to the avoidance powers under Chapter 5 of the Bankruptcy Code.

**Basis for Relief**

22.     The Debtors seek authorization for NNI to enter into the Stipulation under sections 105(a), 502, 503(b)(1), 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

23.     Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

24.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re

Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25. The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

25.  The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"): "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

26.  The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation. While NNI is prepared to litigate the Avoidance Claim and believes that there is a reasonable possibility it would prevail in such litigation, NNI recognizes that litigation of the Avoidance Claim carries with it inherent uncertainties and there can be no assurance that litigation of the Avoidance Claim would achieve a better result than the one set forth in the Stipulation. Indeed, the Debtors believe that Defendants have asserted ordinary

course and new value defenses, pursuant to section 547 of the Bankruptcy Code, that would require extensive litigation to address with no guarantee of success. In light of those defenses, the Settlement Consideration represents a significant return for the Debtors' estates.

27.     Pursuant to the settlement reflected in the Stipulation, Defendants have agreed to (i) waive and release Claim 4653 (filed in the amount of $769,328.00); (ii) reduce Claim 4684 from $868,412.00 to $425,000.00; and (iii) reduce Claim 4685 from $177,805.00 to $175,000.00. This resolution fairly balances NNI's likelihood of success on the merits of the Avoidance Claim against its interest in avoiding the uncertainty of litigation.

28.     In addition, further litigation of the Avoidance Claim would result in the estate's expenditure of considerable additional legal fees. These would include fees associated with formal discovery, motion practice, and potentially, a trial. In the absence of a settlement, the estate would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution of these cases.

29.     Finally, the interests of the creditors weigh in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Avoidance Claim and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claim were to be further litigated.

30.     In light of the foregoing, the Debtors respectfully seek authorization for NNI to enter into the Stipulation and approval of the Stipulation.

## Notice

31.     Notice of the Motion has been given via first class mail to (i) Defendants; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the

general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

32. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: October 26, 2011<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Deborah M. Buell (admitted *pro hac vice*)<br>Neil P. Forrest (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>    */s/ Chad A. Fights*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Chad A. Fights (No. 5006)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors<br>and Debtors in Possession* |

11