**<u>EXHIBIT B</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

                   Debtors.

Chapter 11

Bankr. Case No. 09-10138 (KG)

(Jointly Administered)

-------------------------------------------------------X

Nortel Networks Inc.,

                   Plaintiff,

v.

Oclaro Technology Ltd. f/k/a Oclaro Technology Plc. f/k/a Bookham Technology Plc.,

and

Oclaro (North America), Inc. f/k/a Avanex Corporation,

                   Defendants.

Adv. Proc. No. 10-55919 (KG)

-------------------------------------------------------X

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN NORTEL NETWORKS INC. AND OCLARO TECHNOLOGY LTD. AND OCLARO (NORTH AMERICA), INC.

This stipulation (the "Stipulation") is entered into by and between, on the one

hand, Plaintiff Nortel Networks Inc. ("Plaintiff" or "NNI") as one of the above-captioned debtors

and debtors in possession (collectively, the "Debtors") and, on the other hand, Oclaro

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

Technology Ltd. f/k/a Oclaro Technology Plc. f/k/a Bookham Technology Plc. ("Oclaro

Technology") and Oclaro (North America), Inc. f/k/a Avanex Corporation ("Oclaro (North

America)") (collectively, the "Defendants", and together with Plaintiff, the "Parties"). The

Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the

exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-

10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff alleges that its books and records indicate that within ninety

(90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its

property to or for the benefit of Defendants' respective predecessors in interest, Bookham

Technology Plc. and Avanex Corporation, in the aggregate amount of $4,593,152.00 (the

"Subject Transfers"); and

WHEREAS, on December 6, 2010, Plaintiff instituted this Adversary Proceeding,

Adv. Proc. No. 10-55919 (the "Adversary Proceeding") by filing a Complaint To Avoid And

Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections

2

547, 550, 551 and 502(d) of the Bankruptcy Code against Defendants, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on or about September 28, 2009, Oclaro (North America) filed against NNI proof of claim number 4685 in the amount of $177,805.00 ("Claim 4685"); and

WHEREAS, on or about September 28, 2009, Oclaro (North America) filed against certain Debtors proof of claim numbers 4686, 4687, 4688, 4689, 4690, 4691, 4692, 4693, 4694, 4695, 4696, 4697, 4698 and 4699, each in the amount of $177,805.00 (the "Oclaro (North America) Duplicate Claims"); and

WHEREAS, on or about September 28, 2009, Oclaro Technology filed against NNI proof of claim number 4653 in the amount of $769,328.00 ("Claim 4653"); and

WHEREAS, on or about September 28, 2009, Oclaro Technology filed against NNI proof of claim number 4684 in the amount of $868,412 ("Claim 4684"); and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55919) are in the form "Adv. D.I. __."

WHEREAS, on or about September 28, 2009, Oclaro Technology filed against certain Debtors proof of claim numbers 4654, 4655, 4656, 4657, 4658, 4659, 4660, 4661, 4662, 4663, 4664, 4665, 4666 and 4667, each in the amount of $769,328.00, and proof of claim numbers 4670, 4671, 4672, 4673, 4674, 4675, 4676, 4677, 4678, 4679, 4680, 4681, 4682 and 4683, each in the amount of $868,412 (collectively, the "Oclaro Technology Duplicate Claims", and together with the Oclaro (North America) Duplicate Claims and Claim 4653, the "Oclaro Released Claims"); and

WHEREAS, on October 14, 2010, the Bankruptcy Court entered an Order Granting Debtors' Fourteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, Nobasis 503(b)(9) Claims And Misclassified 503(b)(9) Claims) which expunged the Oclaro (North America) Duplicate Claims and the Oclaro Technology Duplicate Claims [Main D.I. 4163]; and

WHEREAS, since the Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.    Resolution of the Avoidance Claim and Dismissal of the Adversary Proceeding. Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date (defined below), this Stipulation

4

shall be effective and binding, by its terms, upon the Parties, and their respective successors and

assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in

the Debtors' Chapter 11 cases.  Within ten (10) business days after the date that the Bankruptcy

Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy

Rule 9019 becomes a Final Order (defined below) (hereinafter, the "Effective Date"), Plaintiff

shall file with the Bankruptcy Court a notice of dismissal with prejudice of the Adversary

Proceeding substantially in the form attached hereto as "Exhibit B."  The Bankruptcy Court

order approving this Stipulation and the settlement reflected herein shall become a "Final Order"

upon the occurrence of:  (i) the entry by the Bankruptcy Court of a final order approving this

Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the

expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's

final order approving this Stipulation, or if an appeal from a final order is taken, (A) the

affirmance of such order in its entirety, without modification, by the court of last resort to which

an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

        2.      Release of Plaintiff.  Effective upon the dismissal of the Adversary

Proceeding, Defendants hereby release and forever discharge Plaintiff, its past and present

parents, subsidiaries, their Debtor affiliates, general partners, limited partners, shareholders,

directors, officers, employees, agents, and attorneys, and each of their predecessors, successors

and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses,

demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether

known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past

or present, fixed or contingent, liquidated or unliquidated, that Defendants now have, had, may

have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance

5

Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint

in the Adversary Proceeding, the Oclaro Released Claims and any and all claims arising under §

502(h) of the Bankruptcy Code.   For the avoidance of doubt, Claims 4684 and 4685 in the

amounts set forth in Section 4 (the "Preserved Claims") shall not be released, discharged, or

otherwise limited by this Section 2.

           3.      Release of Defendants.  Effective upon the dismissal of the Adversary

Proceeding, Plaintiff hereby releases and forever discharges Defendants, their past and present

parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors,

officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns

(collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands,

liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or

unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or

present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have

had, or hereafter may have against any of the Defendant Releasees (i) regarding the Avoidance

Claim, the Adversary Proceeding, the Oclaro Released Claims, and any transaction described or

referred to in the Complaint in the Adversary Proceeding, and (ii) any claim based on any

transfer made prior to the Petition Date by Plaintiff to Defendants arising under, based upon, or

relating to the avoidance powers under Chapter 5 of the Bankruptcy Code.  For the avoidance of

doubt, the Preserved Claims shall not be increased or otherwise enhanced by this Section 3.

           4.      Settlement Consideration/Defendants' Proofs of Claim.  The Parties

hereby stipulate that, as of the Effective Date, (i) Claim 4684 shall be reduced from $868,412.00

to $425,000.00 and shall be allowed as an administrative expense claim under Sections 503(b)(9)

and 507(a)(2) of the Bankruptcy Code by Defendants against Plaintiff in the amount of

6

$425,000.00; (ii) Claim 4685 shall be reduced from $177,805.00 to $175,000.00 and shall be an

allowed as a general unsecured claim by Defendants against Plaintiff in the amount of

$175,000.00; and (iii) Defendants agree that the reduction and allowance of Claim 4684 and

Claim 4685 described herein shall be in full satisfaction of any and all claims based on the same

transactions or occurrences as those that gave rise to the claims set forth in Claim 4684 and

Claim 4685 or that were or could otherwise have been asserted as part of either of such Claims,

and shall also be deemed to amend and supersede any and all claim amounts the Debtors list on

their schedules filed with the Bankruptcy Court with respect to such transactions and occurrences

and such Claims. Defendants shall not have any further claims against the Debtors based on the

Debtors' schedules. Concurrently with the execution of this Stipulation, Defendants will execute

and deliver to NNI an original executed copy of a notice of withdrawal with respect to Claim

4653, in the form attached hereto as "Exhibit A," and Defendants acknowledge and agree that

NNI shall, promptly upon receipt of such notice, cause such notice to be filed with the

Bankruptcy Court. For the avoidance of doubt, such withdrawal of Claim 4653 shall be without

prejudice to Defendants' rights in respect of Claim 4684 as set forth herein.

    5.  <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq

Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all

necessary and appropriate actions to give effect to this Stipulation.

    6.  <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in

accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of

the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

    7.  <u>Confidentiality</u>. Each of the Parties agrees to keep confidential and not to

disclose (and shall use its reasonable best efforts to cause its officers, directors, employees,

7

agents, and attorneys to keep confidential and not to disclose) the fact of this Stipulation, and any

of the terms of this Stipulation or the discussions and negotiations leading up to or relating to the

preparation and execution of this Stipulation, except as required by law, or by any court,

administrative or legislative body, or as required to seek approval of this Stipulation by the

Bankruptcy Court.

      8.    Entire Agreement.  This Stipulation constitutes the entire agreement

between the Parties and supersedes all prior or contemporaneous written or oral communications,

understandings, and agreements with respect to the subject matter hereof and this Stipulation

cannot be amended except by an agreement in writing between the Parties.

      9.    No Admissions.  Each Party acknowledges and agrees that nothing in this

Stipulation constitutes an admission or concession of liability, culpability, statutory violation or

damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

      10.    Costs and Expenses.  Each Party agrees to bear its own costs (including,

without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the

Adversary Proceeding, and the discussions and negotiations leading up to or relating to the

preparation and execution of this Stipulation, and to not seek from each other reimbursement of

any such costs, expenses or disbursements.

      11.    Representations and Warranties.  Each Party represents and warrants that

it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents

and warrants that he/she has full authority to do so.

      12.    Construction.  This Stipulation shall be construed without regard to any

presumption or other rule requiring construction against the party causing the document to be

8

drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

13.      Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

14.      No Effect on Third Parties. This Stipulation shall not affect the rights or obligations of any entity other than Defendants and the Debtors in the Chapter 11 Cases; for the avoidance of doubt, this Stipulation shall not affect Defendants' rights or obligations with respect to any affiliates of the Debtors that are not Debtors in the Chapter 11 Cases.

15.      Manner of Execution. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

*[Remainder of page left intentionally blank]*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  October 6 , 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Oclaro Technology Ltd.

By: _____
Jerry Turin
Director

Witness: _____
Christopher Croddy
Oclaro, Inc. Corporate Controller
2560 Junction Ave., San Jose, CA

Oclaro (North America), Inc.

By: _____
Jerry Turin
CEO & CFO

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                          :
```
*In re*                                   :        Chapter 11

Nortel Networks Inc., *et al.*,[1]        :        Case No. 09-10138 (KG)

           Debtors.        :        Jointly Administered

                                                        :
```
-----------------------------------------------------------X
```

## NOTICE OF WITHDRAWAL OF PROOF OF CLAIM

Oclaro Technology Ltd. f/k/a Oclaro Technology Plc. f/k/a Bookham Technology Plc. hereby withdraws Proof of Claim number 4653 with prejudice in the above-captioned cases. For the avoidance of doubt, this withdrawal shall have no effect upon Proof of Claim numbers 4684 and 4685.

Dated:  October  7, 2011


Oclaro Technology Ltd.

By: _____          Witness: _____
**Jerry Turin**                       **Christopher Croddy**
**Director**                          **Oclaro, Inc. Corporate Controller**
                                      **2560 Junction Ave., San Jose, CA**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at available at http://epiq11.com/nortel.

2

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                           :
In re                                      :      Chapter 11
                                           :
Nortel Networks Inc., et al.,1             :
                                           :      Bankr. Case No. 09-10138 (KG)
              Debtors.                     :
-------------------------------------------- :    (Jointly Administered)
Nortel Networks Inc.,                      :
                                           X
              Plaintiff,                    :
                                           :
v.                                         :
                                           :
Oclaro Technology Ltd. f/k/a Oclaro Technology :   Adv. Proc. No. 10-55919 (KG)
Plc. f/k/a Bookham Technology Plc.,        :
                                           :
and                                        :
                                           :
Oclaro (North America), Inc. f/k/a Avanex  :
Corporation,                               :
                                           :
              Defendants.                  :
                                           :
-----------------------------------------------------------X
```

## <u>NOTICE OF VOLUNTARY DISMISSAL</u>

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, made applicable

to this proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure, and to the Order

Authorizing and Approving Settlement Procedures to Settle Certain Avoidance Claims (D.I.

4211), Plaintiff Nortel Networks Inc. hereby dismisses the above-captioned adversary

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

proceeding with prejudice, without costs, in accordance with a settlement agreement entered into by the parties. No responsive pleading has been filed in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Chad A. Fights (No. 5006)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Deborah M. Buell (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors*
*and Debtors in Possession*

October ___, 2011