**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
*In re* : Chapter 11
 :
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
 :
                Debtors. : Jointly Administered
 :
---------------------------------------------------------X

## STIPULATION RESOLVING CLAIM BY AND BETWEEN
## ONE BOSTON PLACE LLC AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and One Boston Place LLC ("Claimant", and together with the Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, Claimant, as successor landlord to BRE/One Boston, L.L.C. (the "Original Landlord"), and the Nortel Debtor were parties to a certain lease dated December 15, 2000 (as the same may have been amended, modified or supplemented from time to time in accordance with its terms, the "Lease") for nonresidential real property located at One Boston Place, Boston, Massachusetts; and

WHEREAS, on February 23, 2009, pursuant to the Order Under Sections 365(a) and 554(a) of the Bankruptcy Code Authorizing the Debtors to (1) Reject as of February 28, 2009, Certain Unexpired Leases of Nonresidential Real Property and Related Subleases, and (2) Abandon any Personal Property Located at Such Premises [D.I. 356], the Nortel Debtor rejected the Lease effective as of February 28, 2009; and

WHEREAS, on or about June 12, 2009, Claimant, under the name of the Original Landlord, filed proof of claim number 1337 in the amount of $1,898,213.16 (the "Claim"); and

WHEREAS, on or about September 30, 2009, Claimant filed a claim in the amount of $2,286,058.66 against the Nortel Debtor's affiliate, Nortel Networks Limited ("NNL"), in the Companies' Creditors Arrangement Act proceedings pending in Canada in the Ontario Superior Court of Justice, arising out of a guarantee of the Lease by Nortel Networks Limited (the "Canadian Claim"); and

WHEREAS, Claimant and NNL have agreed to settle the Canadian Claim, which settlement is the subject of an agreement to be entered into between NNL and Claimant; and

2

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the Claim should be allowed as a general unsecured claim in the reduced amount of $1,845,117.96.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. <u>Resolution of Claim</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a) The Claim shall be an allowed general unsecured claim by Claimant against the Nortel Debtor in the amount of $1,845,117.96.

(b) The allowed Claim described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claim and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

2. <u>Release</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Parties release and forever discharge each other and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which each Party now has or hereafter may have solely arising from or related to the Claim and the Lease, other than

the allowance of, and distributions on account of, the Claim in the amount of $1,845,117.96. Notwithstanding the foregoing, this paragraph 2 shall not release or have any effect on the Canadian Claim.

3.  No Further Claims. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending the amount or priority of the Claim or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases, arising out of the pre-petition liabilities of the Debtors to the Claimant. Other than with respect to the Canadian Claim, Claimant undertakes, covenants and agrees not to make any claim, participate in any proceeding or take any action in relation to the Claim or the Lease against any other person or entity who would as a result of such claim, proceeding or action have a claim for contribution or indemnity against NNI, the other Debtors or any of their respective shareholders, directors, officers, employees, agents, lawyers, and their personal representatives, successors and assigns.

4.  Binding Effect. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, this Stipulation and the Order approving this Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5.  Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6.  No Transfer. Claimant represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third

party. Notwithstanding the foregoing, nothing herein shall limit Claimant's right to assign, sell or transfer the Claim to a third party, provided that any assignee or transferee of the Claim shall, prior to the assignment or transfer of the Claim, acknowledge the terms of this Stipulation and agree to be bound by the terms hereof.

7. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claim.

8. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates or the Claimant regarding the validity, priority and/or amount of the Claim or that the Debtors have any liability thereunder.

12. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate

actions to give effect to this Stipulation, including to properly identify the Claim as being held by the Claimant in the amount of $1,845,117.96.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 31, 2011

| Nortel Networks Inc. | One Boston Place LLC |
|---|---|
| By: *(signature)* | By:_____ |
| Name: John Ray | Name: |
| Title: Principal Officer | Title: |

6

actions to give effect to this Stipulation, including to properly identify the Claim as being held by the Claimant in the amount of $1,845,117.96.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 31, 2011

| Nortel Networks Inc. | One Boston Place LLC |
|---|---|
| By:_____ | By: *[signature]* |
| Name: John Ray | Name: |
| Title: Principal Officer | Title: LAURA M. PALOMBO, DIRECTOR |

6