# EXHIBIT C

# Second Amendment Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

               Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Re: D.I.s 294, 507, 2397, 2561, 6567**

------------------------------------------------------------X

## ORDER APPROVING A SECOND AMENDMENT TO THE TERMS OF COMPENSATION OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS

Upon the Motion dated October 7, 2011 (the "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, approving a second amendment to the terms of compensation previously approved and amended with respect to the retention of Lazard Frères & Co. LLC ("Lazard") as financial advisor and investment banker to the Debtors; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. The Amended Fee Structure is approved.

3. Notwithstanding anything contained in the First Amendment Order to the contrary, the CVAS Minority Sale Transaction Fee shall become due and payable upon entry of this Order, subject to final approval of the Fee by this Court.

4. Notwithstanding anything contained in the First Amendment Order to the contrary, the Minority Sale Transaction Fees with respect to the MSS Sale Transaction and the IP Sale Transaction shall become due and payable upon approval of such Fees by this Court, subject to final approval of the Fees by this Court.

5. Effective as of the date of this Order, the retention and employment of Lazard as financial advisor and investment banker to the Debtors shall continue, without interruption, pursuant to the terms of the Engagement Agreement, as approved by the Original Retention Order and modified by the First Amendment Order, and as further modified by this Order.

6. Lazard shall continue to be compensated in accordance with the terms of the

2

Engagement Agreement as modified by the First Amendment Order and further modified by this Order, and as set forth in paragraph 4 of the Original Retention Order.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order, including without limitation to execute directive letters to the escrow agents and other documents necessary to make the payments of the Minority Sale Transaction Fees to Lazard as they become due and payable.

8. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Oct. 24, 2011
Wilmington, Delaware

HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

3