**EXHIBIT B**

Execution Copy

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                       :
:   Case No. 09-10138 (KG)
Debtors.                                                 :
--------------------------------------------------------- X
:   (Jointly Administered)
:
Nortel Networks Inc.                                     :
and                                                      :
Nortel Networks (CALA) Inc.,                             :
:
Plaintiffs,                                              :   Adv. Proc. No. 10-55840 (KG)
v.                                                       :
:
CoAMS, Inc.,                                             :
OneConnect Services Inc.,                                :
and                                                      :
Pomeroy IT Solutions, Inc.,                              :
:
Defendants.                                              :
---------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
NORTEL NETWORKS INC., NORTEL NETWORKS (CALA) INC. AND COAMS, INC.**

This stipulation (the "Stipulation") is entered into by and between Plaintiffs

Nortel Networks Inc. and Nortel Networks (CALA) Inc. ("Plaintiffs") as two of the above-

captioned debtors and debtors in possession (collectively, the "Debtors"), all of the Debtors, and

---

[1] In addition to Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN CALA"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

NEWYORK:2449191.6

The National Systems, Inc., as successor by merger to CoAMS, Inc. ("CoAMS", and together with Plaintiffs, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "NNI Petition Date"), the Debtors (with the exception of NN CALA) each filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, on July 14, 2009 NN CALA filed its petition (the "CALA Petition Date", and together with the NNI Petition Date, the "Petition Dates"); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiffs allege that their books and records indicate that within ninety (90) days prior to the Petition Dates, Plaintiffs made one or more transfers of an interest in their property to or for the benefit of CoAMS in the aggregate amount of $1,387,105.72 (the "Subject Transfers"); and

WHEREAS, on December 6, 2010, Plaintiffs instituted this Adversary Proceeding, Adv. Proc. No. 10-55840 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against CoAMS, in which they sought to avoid and recover the Subject Transfers [Adv. D.I. 1][2] ; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55840) are in the form "Adv. D.I. __."

2

Execution Copy

WHEREAS, on January 10, 2011, CoAMS filed an Answer to the Complaint [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, CoAMS asserts to Plaintiffs that it acted as a mere conduit between Plaintiffs and third parties, including OneConnect Services Inc. ("OneConnect") and Pomeroy IT Solutions, Inc. ("Pomeroy"), with regard to certain portions of one or more of the Subject Transfers and that the Subject Transfers are not avoidable by Plaintiffs; and

WHEREAS, on May 20, 2011, Plaintiffs filed an Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Amended Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against CoAMS, OneConnect Services Inc. ("OneConnect"), and Pomeroy IT Solutions, Inc. ("Pomeroy"), in which Plaintiffs sought to avoid and recover the Subject Transfers in full from CoAMS (the "CoAMS Avoidance Claim"), or, in the alternative, certain portions of the Subject Transfers from OneConnect or Pomeroy [Adv. D.I. 30]; and

WHEREAS, on June 16, 2011, CoAMS filed an Answer to the Amended Complaint [Adv. D.I. 42] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Settlement Procedures Order"), requiring the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

Execution Copy

WHEREAS, since the Amended Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the CoAMS Avoidance Claim, have agreed to settle the CoAMS Avoidance Claim on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Resolution of the CoAMS Avoidance Claim</u>.  Within five (5) business days after the entry of the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (as defined below) (the "<u>Effective Date</u>"), CoAMS shall pay to Plaintiffs the sum of $35,000.00 (the "<u>Settlement Amount</u>"), in full and final settlement and satisfaction of the CoAMS Avoidance Claim, by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel#302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "<u>Settlement Payment</u>").  The first date on which all of the following shall have occurred shall hereafter be referred to as the "<u>Settlement Date</u>": (i) Plaintiffs shall have received the Settlement Payment and (ii) the Settlement Payment clears.  The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of:  (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the

expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken (i) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken or (ii) withdrawal with prejudice of such appeal.

    2. <u>Release of Debtors</u>.  Effective upon the Settlement Date, CoAMS hereby releases and forever discharges Debtors, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that CoAMS now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the CoAMS Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Amended Complaint in the Adversary Proceeding.  For the avoidance of doubt, CoAMS releases any and all claims arising under section 502(h) of the Bankruptcy Code.

    3. <u>Release of CoAMS</u>.  Effective upon the Settlement Date, the Debtors hereby release and forever discharge The National Systems, Inc. and CoAMS, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>CoAMS Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or

Execution Copy

present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had, or hereafter may have against any of the CoAMS Releasees regarding (i) the CoAMS Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding and/or (ii) any claim relating to any transfer made prior to the Petition Date from Debtors to the CoAMS Releasees arising under, based upon, or relating to the avoidance powers under Chapter 5 of the Bankruptcy Code. For the avoidance of doubt, nothing herein shall release any claims the Debtors may have against other persons except the CoAMS Releasees, including but not limited to claims against other parties to the Adversary Proceeding or third parties that received funds from CoAMS.

4. <u>Dismissal of the Adversary Proceeding as to CoAMS</u>. Promptly following the Settlement Date, Plaintiffs will file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding as to CoAMS.

5. <u>Effectiveness</u>. Pursuant to the Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

6. <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

7. <u>Confidentiality</u>. Each of the Parties and the Debtors agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this

Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of or enforce this Stipulation by the Bankruptcy Court.

8. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

9. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the CoAMS Avoidance Claim.

10. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

11. <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

12. <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

Execution Copy

      13.    <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

      14.    <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _____, 2011

| | |
|---|---|
| Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. | The National Systems, Inc., as successor by merger to CoAMS, Inc.<br><br>By: _/s/ Gary L Weller_____<br>Title: EVP-CFO<br>Name: Gary L Weller |

By: _____
John Ray
Principal Officer

60919814

8

NEWYORK:2449191.6

Execution Copy

13. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

14. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 21, 2011

Nortel Networks Inc.,
Nortel Networks (CALA) Inc.,
Nortel Networks Capital Corporation,
Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc.

By: _____
John Ray
Principal Officer

The National Systems, Inc., as successor by merger to CoAMS, Inc.

By:_____
Title:
Name:

60919814

8

NEWYORK:2449191.6