**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NORTEL NETWORKS INC., *et al.*, [1] | : Case No. 09-10138 (KG) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Re: Docket No. 6870** |
| | : |
| Nortel Networks Inc., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Adv. Proc. No. 10-55931-KG |
| | : |
| Prudential Relocation, Inc., | : **Hearing Date: December 29, 2011 at 10:00 a.m. (ET)** |
| | : **Objection Deadline: December 21, 2011 at 4:00 p.m. (ET)** |
| Defendant. | : **Re: Docket No. 29** |
| | : |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO FILE UNDER
SEAL, IN PART, DEBTORS' MOTION PURSUANT TO
11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019
FOR ENTRY OF AN ORDER APPROVING
SETTLEMENT AGREEMENT AND EXHIBIT B THERETO**

Nortel Networks Inc. ("NNI"), and certain of their affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and

107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") authorizing the Debtors to file under seal, in part, the *Debtors'*

*Motion Pursuant to Bankruptcy Rule 9019 For An Order Authorizing Entry Into, And Approving,*

*The Stipulation Of Settlement Between Nortel Networks, Inc., And Prudential Relocation, Inc.*

(the "Approval Motion")[2] and Exhibit B ("Exhibit B") thereto.  In support of this Motion, the

Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b)

of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

### Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than CALA,[3] filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are

consolidated for procedural purposes only.  The Debtors continue to operate as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

---

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Approval Motion.

[3]  CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].

respect of the Debtors [Main D.I.s 141, 142][4], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[5] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[6] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[4]  Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __."  Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55159) are in the form "Adv. D.I. __."

[5]  The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[6]  The EMEA Debtors include the following entities:  NNUK (in administration), Nortel Networks S.A., Nortel Networks (Ireland) Limited (in administration), Nortel GmbH (in administration), Nortel Networks France S.A.S. (in administration), Nortel Networks Oy (in administration), Nortel Networks Romania SRL (in administration), Nortel Networks AB (in administration), Nortel Networks N.V. (in administration), Nortel Networks S.p.A. (in administration), Nortel Networks B.V. (in administration), Nortel Networks Polska Sp. z.o.o. (in administration), Nortel Networks Hispania, S.A. (in administration), Nortel Networks (Austria) GmbH (in administration), Nortel Networks, s.r.o. (in administration), Nortel Networks Engineering Service Kft (in administration), Nortel Networks Portugal S.A. (in administration), Nortel Networks Slovensko (in administration), s.r.o. (in administration) and Nortel Networks International Finance & Holding B.V. (in administration).

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7.      By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing the Debtors a portion of the Approval Motion and a portion of Exhibit B under seal.

**Facts Relevant to this Motion**

8.      On December 6, 2010, Plaintiffs commenced the Adversary Proceeding against the Defendant.  The claims asserted in the complaint in the Adversary Proceeding are preference claims under § 547 of the Bankruptcy Code ("Preference Claims").

9.      Specifically, the Preference Claim asserts that the Defendant received preferential transfers in the amount of $5,402,771.33.

10.      Subsequent to the commencement of the Adversary Proceeding, counsel for the Plaintiff and the Defendant, along with the Canadian Debtors, determined that it was in all of the parties' best interests to attempt to reach an amicable, global resolution of the respective claims between and among the Debtors and Canadian Debtors, on one hand, and the Defendant, on the other hand.

11.      With respect to the Preference Claims, substantial materials relating to new value and other defenses were provided by the Defendant to the Debtors, which were analyzed by the Debtors' preference consultant and counsel.

12.      Following the review of this voluminous material, the parties engaged in negotiations which resulted in a settlement, which is evidenced by the Stipulation, for which the Debtors seek this Court's approval.

13.     Pursuant to the Stipulation[7] and subject to the Bankruptcy Court's approval, NNI has agreed to settle the Adversary Proceeding for a lump sum payment from the Defendant in an amount which is to be kept confidential under the Stipulation (the "Settlement Amount").[8]  A copy of the Stipulation, with the Settlement Amount redacted therefrom, is annexed to the Approval Motion as Exhibit B.  Pursuant to the Stipulation, the Debtors may disclose the Settlement Amount to the Creditors' Committee and Bondholder Group.

14.     Under the Stipulation, the Defendant has also agreed to release, *inter alia*, Plaintiff, its past and present parents, subsidiaries, general partners, limited partners, shareholders, directors, officers, employees, agents and attorneys (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, in law or equity, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Defendant now has, had, may have had or hereafter may have against any of the Debtor Releasees, including without limitation all claims asserted in the Adversary Proceeding, and any claims arising under § 502(h) of the Bankruptcy Code.

15.     The Plaintiff has agreed under the Stipulation to release and forever discharge Defendant and its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents and attorneys (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, in law or equity, whether

---

[7]  In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

[8]  The Stipulation provides that the Settlement Amount may be disclosed to the Creditors' Committee and Ad Hoc Bondholders Group.

known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff has, had, may have had or hereafter may have against any of the Defendant Releasees, including without limitation all claims asserted in the Adversary Proceeding.

16.     The Approval Motion, filed simultaneously with this Motion, seeks approval of the Stipulation.  By this Motion, the Debtors seek to seal a portion of the Approval Motion and a portion of the Stipulation.  The sealed portion contains confidential information concerning the Settlement Amount agreed to by and among Plaintiff and Defendant.

### Basis for Relief

17.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information including "trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b).  Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operation of the debtor."  Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (quoting Ad Hoc Protective Comm. for 10 1/2 % Debenture Holders v. Itel Corp. (In re Itel Corp.), 17 B.R. 942, 944 (9th Cir. BAP 1982)).

18.     A movant is not required to demonstrate "good cause" to file under seal.  Rather, if the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application."  Orion, 21 F.3d at 27.

19.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

20.     The Debtors respectfully submit that the redacted information in the Approval Motion and the Stipulation is confidential and sensitive commercial information and that it is appropriate that the unredacted Stipulation be filed under seal.

21.     Absent the relief requested herein, the Stipulation would divulge confidential commercial information relating to the settlement by the parties of a preference n action.  It is important for Plaintiff to maintain its ability to protect its property and pursue its assets; such actual and potential claimants of Plaintiff should not be privy to the terms pursuant to which Plaintiff has settled an individual preference claim based on the individual relevant circumstances related to that claim.  Keeping such settlement terms confidential will further the Debtors' ability to maximize the value of their estates through protection of their property.

22.     Unredacted copies of the Stipulation will be provided to (i) this Court, (ii) the U.S. Trustee, (iii) the Committee and (iv) the Bondholder Group.

### Notice

23.     Notice of the Motion has been given via first class mail to (i) the Defendants; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

7

**No Prior Request**

24.     No prior request for the relief sought herein has been made to this or any other

court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and

the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other

and further relief as it deems just and proper.

Dated:  November 28, 2011                    **BENESCH, FRIEDLANDER, COPLAN**
        Wilmington, Delaware                       **& ARONOFF LLP**

                              By:    */s/ Raymond H. Lemisch*
                                     Raymond H. Lemisch, Esquire (No. 4204)
                                     Jennifer R. Hoover, Esquire (No. 5111)
                                     Jennifer E. Smith, Esquire (No. 5278)
                                     222 Delaware Avenue, Suite 801
                                     Wilmington, DE  19801
                                     (302) 442-7010  telephone
                                     (302) 442-7012  facsimile
                                     rlemisch@beneschlaw.com
                                     jhoover@beneschlaw.com
                                     jsmith@beneschlaw.com

                                     *Special Litigation Counsel to the Debtors*