**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS INC., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| Nortel Networks Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 10-55931-KG |
| | : | |
| Prudential Relocation, Inc., | : | |
| | : | **Re: _____** |
| Defendant. | : | |
| | : | |

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL,**
**IN PART, DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105**
**AND 363 AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER**
**APPROVING SETTLEMENT AGREEMENT AND EXHIBIT B THERETO**

Upon the motion (the "Motion")[2] of Nortel Networks Inc. ("NNI") and its affiliated

debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for

entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 107(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Delaware (the "Local Rules") authorizing the Debtors to file under seal, in part, the *Debtors'*
*Motion Pursuant to Bankruptcy Rule 9019 For An Order Authorizing Entry Into, And Approving,*
*The Stipulation Of Settlement Between And Among Nortel Networks, Inc., And Prudential*
*Relocation, Inc.* (the "Approval Motion") and Exhibit B Thereto ("Exhibit B"); and adequate
notice of the Motion having been given as set forth in the Motion; and it appearing that no other
or further notice is necessary; and the Court having jurisdiction to consider the Motion and the
relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined
that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the
Court having determined that the legal and factual bases set forth in the Motion establish just
cause for the relief requested in the Motion, and that such relief is in the best interests of the
Debtors, their estates, their creditors and the parties in interest; and upon the record in these
proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Settlement Amount, set forth in the Approval Motion and Stipulation
attached as Exhibit B to the Approval Motion, delivered to the Court by the Debtors, shall be
kept segregated and under seal by the Clerk of Court and shall not be made publicly available
pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and
Local Rule 9018-1(b).

3.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to
the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its
entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order.

4.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated:  December ___, 2011
          Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY
JUDGE

Doc 6884394   Ver 1