# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Objection Deadline: December 8, 2011 at 4:00 p.m.** |
|  | ) | **Hearing Date: December 15, 2011 at 10:00 a.m.** |

## MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR AN ORDER INCREASING THE LIMITS ON FEES FOR LTD COMMITTEE COUNSEL

The Official Committee of Long Term Disability Participants (the "LTD Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this motion for an order increasing the $200,000 cap on legal fees for LTD Committee counsel (the "Motion"). In support of this Motion, the LTD Committee respectfully represents as follows:

### BACKGROUND

1.     On January 14, 2009 (the "Petition Date"), each of the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]     The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2.      The Debtors continue to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      A significant number of LTD Plan Participants (defined below) filed the *Joinder of the Disabled Participants to Debtors' Motion for Entry of an Order Pursuant to Section 114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees* on June 3, 2011 (Docket No. 5595) (the "Appointment Motion").  Many other LTD Plan Participants who did not file the Appointment Motion filed correspondence with the Court supporting the relief sought in the Appointment Motion. (*See, e.g.* Docket Nos. 5659-61, 5670-5676, 5678-81, 5694-5701, 5703-5708, 5712-5716 and 5760-5764).  On the record, counsel for the LTD Plan Participants requested that there be a cap on fees, based upon a projection that the process of resolving issues with the Debtors for the retiree and LTD Plan Participants would take approximately four months. *See* Jun. 21, 2011 Hr. Tr. at 36:25-37:10.

4.      On June 22, 2011, the Court ordered the appointment of the LTD Committee (Docket No. 5790) (the "LTD Committee Appointment Order").  Pursuant to the LTD Committee Appointment Order, fees for counsel to the LTD Committee were capped at $200,000 (the "Cap"), "subject to the LTD Committee's right to seek, upon notice and a hearing, to increase the cap for good cause shown." LTD Committee Appointment Order at 2.

5.      The LTD Committee consists of the following members: Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts, and Deborah Jones. *See* Amended Notice of Appointment of Unsecured Creditors (Docket No. 6080).

6.      On August 2, 2011, (the "Retention Date") the LTD Committee was formed and selected Elliott Greenleaf ("EG") as proposed counsel to the committee.  Prior to the

Retention Date, EG acted as counsel to Barbara Gallagher and 58 other disabled individuals (the "Disabled Participants") of the approximately 250 disabled individuals ("LTD Plan Participants") who are participants in the long-term disability plan (the "LTD Plan") of the Debtors.

7.     On September 20, 2009, this Court entered an Order authorizing the employment and retention of EG as LTD Committee counsel, *nunc pro tunc* to August 2, 2011 (Docket No. 6415) (the "EG Retention Order").

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  These are core proceedings pursuant to 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

9.     The statutory predicates for this Application are Bankruptcy Code sections 328 and 330, and Federal Rule of Bankruptcy Procedure 2016.

## RELIEF REQUESTED

10.     By this Motion, the LTD Committee seeks to increase the Cap by $200,000, in the aggregate for the four-month period beginning December 1, 2011 through and including March 2012.

## BASIS FOR RELIEF

11.     "Cause" exists to increase the Cap.  Since its retention, EG has zealously advocated on behalf of the LTD Committee and performed its duties enumerated in the EG Retention Order.  Nevertheless, despite the best efforts EG and the Debtors, more work remains to be done before the LTD Plan Participants' issues are fully addressed.  The Cap must therefore be increased to allow EG to continue to represent the LTD Committee.

12.     Following the formation of the LTD Committee, it was anticipated that the LTD Committee's role would only last approximately four months. Due to the limited role of the LTD Committee, the Cap was set at $200,000 based on a calculation that EG, as LTD Committee counsel, would require approximately $50,000 in fees per month.

13.     Despite their best efforts, the Debtors and the LTD Committee have not been able to resolve the LTD Plan Participants' issues in the four months since EG was retained as LTD Committee counsel. Some of the reasons that the LTD Plan Participants' issues have not yet be resolved include, but are not limited to, the following facts:

a.      The Debtors are operating leanly, with a few employees charged with many tasks. Thus, it has often taken some time for the Debtors to fully respond LTD Committee information requests, including formal discovery requests;

b.      At its formation, the LTD Committee did not possess the number of LTD Plan Participants, nor did the LTD Committee have such peoples' names or contact information; such information has only relatively recently been provided;

c.      The LTD Committee and its professionals, including Alvarez & Marsal Healthcare Industry Group and the joint actuary for the LTD Committee and the Retiree Committee, have not been provided demographic information of the LTD creditor constituency, including necessary information that would allow a determination of the eligibility of LTD Plan Participants for retiree benefits, or to allow an actuarial analysis of the future benefits and income needed for their creditor constituency (a significant number of LTD Plan Participants were identified in proposals from the Debtors as eligible for retiree benefits without detailed explanation or the underlying actuarial information; the Debtors are in the process of providing this information, but have not yet completed providing the information to the Committee professionals) ;

d.      The Debtors have produced thousands of pages of documents to date, including complex benefit plan and tax documents in response to formal and informal discovery requests, which EG has had to closely analyze and is still analyzing. Identifying and producing even the applicable ERISA plans is still incomplete, but ongoing. EG's analysis of the documents produced to date by the

Debtors' and further information needed to assess and evaluate the Debtors' informal proposals to both the LTD and the Retiree Committees has necessitated the LTD Committee to propound a second set of discovery requests. Moreover, the documents produced by the Debtors were produced in no discernable order, necessitating considerable time spent by EG organizing the documents in a manner that would facilitate an efficient review;

e.    Documents containing information such as the cost to the Debtors of health and welfare benefits provided to the LTD group and the pension benefit elections made by the LTD group were provided in mid-November and will require time to assess and analyze by counsel for the LTD Committee, the Alvarez & Marsal Healthcare Industry group and the joint actuary for the LTD Committee and Retiree Committee; and

f.    Negotiations with Debtors' counsel over the need for modification of the order clarifying EG's and the LTD Committees' responsibilities regarding the dissemination of confidential information under Bankruptcy Code section 1102 to the LTD Committee members as opposed to "professional eyes" only which has been requested by the Debtors to ensure compliance with privacy concerns while still allowing for a full and complete analysis of the LTD Committee.

14.    Since its retention, EG has efficiently staffed its representation of the LTD Committee and zealously performed its duties as LTD Committee counsel including, but not limited to:

a.    Regularly holding meetings and providing updates to the LTD Committee;

b    Drafting discovery requests directed to the Debtors and analyzing the Debtors' responses;

c.    Analyzing the Debtors' long term disability plan documents;

d.    Analyzing ERISA and other long term disability issues;

e.    Preparing committee by-laws;

f.    Negotiating with and retaining Kurtzman Carlton Consultants, LLC as website provider for the LTD Committee;

g.  Negotiating with and retaining Alvarez & Marsal Healthcare Industry Group as financial advisor;

h.  Providing the LTD Committee website with content, including answers to frequently asked questions;

i.  Attending court hearings; and

j.  Attending meetings with the Debtors and benefit providers.

15.  Despite these efforts, critical work for the LTD Committee and its counsel still remains. EG continues to analyze the Debtors' benefit plans and future options for benefits for LTD Plan Participants. Document production in response to the LTD Committees' document requests is still ongoing, as numerous responses to the LTD's requests for production remain unsatisfied. EG and counsel to the Debtors continue to negotiate with respect to such plans and options. Moreover, the Debtors have not yet filed an amended plan of reorganization or disclosure statement addressing the LTD Plan Participants' issues. Until such documents are filed and plan is confirmed, the LTD Plan Participants need counsel representing their interests.

16.  It is therefore necessary and appropriate for this Court to increase the Cap by an additional $200,000 in the aggregate for an additional four months.

## NOTICE AND NO PRIOR APPLICATION

17.  Notice of this Motion has been provided to (a) counsel to the Debtors; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the Official Committee of Retired Employees; (d) the United States Trustee for the District of Delaware; and (e) all parties required to receive service under Rule 2002-1(b) of the Local Rules. The LTD Committee respectfully submits that, given the administrative nature of the relief requested, no other notice of the relief requested herein need to be given.

18.     No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the LTD Committee respectfully requests the entry of an Order, in the form attached herewith, (i) increasing the Cap an additional $200,000, in the aggregate for the four-month period beginning December 1, 2011 through and including March 2012, and (ii) granting the LTD Committee such other and further relief as is just and proper.

Dated:  November 28, 2011
        Wilmington, Delaware

**ELLIOTT GREENLEAF**

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Jonathan M. Stemerman (DE Bar No. 4510)
1105 North Market Street, Suite 1700
Wilmington, Delaware  19801
Telephone:  (302) 384-9400
Facsimile:  (302) 384-9399
Email:  rxza@elliottgreenleaf.com
Email:  sak@elliottgreenleaf.com

*Counsel for the Official Committee of Long Term Disability Participants*