# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                  :   Chapter 11
                                        :
Nortel Networks Inc., *et al.*,[1]      :   Case No. 09-10138 (KG)
                                        :
          Debtors.                      :   (Jointly Administered)
                                        :
                                        :   **Related Docket No. 6458**
------------------------------------------------------------ x

**AMENDED ORDER GRANTING MOTION OF THE OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES PURSUANT TO
11 U.S.C. §§ 105(a), 1102(b)(3)(A), 1103(c), 1114(b)(2) AND 1114(k)(3)
FOR ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO
PROVIDE ACCESS TO INFORMATION UNDER 11 U.S.C. § 1102(b)(3)(A)**

Upon the Motion of the Official Committee of Retirees (the "Retiree Committee") Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3), 1103(c), 1114(b)(2) and 1114(k)(3) for Entry of an Order Clarifying its Requirement to Provide Access to Information Under 11 U.S.C. § 1102(b)(3)(A) (the "Motion")[2]; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and any objections to the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Unless otherwise defined, all capitalized terms used herein shall have the same meaning ascribed to such terms in the Motion.

ME1 12629965v.1

having been resolved or overruled; and after due deliberation and sufficient cause appearing therefore, it is **ORDERED, ADJUDGED and DECREED** that:

1. The relief requested in the Motion is granted.

2. <u>Retiree Committee Confidential Information</u>. The Retiree Committee, its professionals and its members and their respective agents, representatives, advisors and counsel shall not be required, absent entry of an order of the Court, to disseminate information to Retiree Plan Participants developed independently or that is or becomes available to the Retiree Committee from a source other than the Debtors, which information is non-public in nature, including, but not limited to, any recommendations or reports to Retiree Committee members prepared by Togut, Segal & Segal LLP and McCarter & English, LLP, or any other advisor to the Retiree Committee (each, together with Togut, Segal & Segal LLP and McCarter & English, LLP, a "Retiree Committee Advisor"), and/or any information deemed by the Retiree Committee Advisors to be of a sensitive and confidential nature (the "Retiree Committee Confidential Information").

3. <u>Access to Retiree Plan Participant Information</u>. In satisfaction of the Retiree Committee's obligations to provide Retiree Plan Participants with access to information (the "Retiree Committee Information Protocol") in accordance with sections 1102(b)(3)(A) and (B) of title 11 of the Bankruptcy Code, the Retiree Committee shall, until the earliest to occur of (a) dissolution of the Retiree Committee, (b) dismissal or conversion of the Debtors' chapter 11 cases (the "Chapter 11 Cases"), or (c) a further order of the Court:

   a. Establish and maintain an Internet-accessible website (the "Retiree Committee Website"), to be hosted by Kurtzman Carson Consultants LLC (the "Information Agent") or such other information agent as is approved by the Court, that provides, without limitation:

      i. a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapter11.eqipsystems.com/nortel, which may include, among other things, the case docket and claims register;

2

ii. a link or other form of access to the website maintained by the information agent of Official Committee of Unsecured Creditors' (the "Unsecured Creditors Committee") at http://www.kccllc.net/nortelcommittee;

iii. highlights of significant events in the Debtors' chapter 11 cases (the "Chapter 11 Cases") affecting Retiree Plan Participants;

iv. a calendar with upcoming significant events in the Chapter 11 Cases affecting Retiree Plan Participants;

v. press releases (if any) issued by the Retiree Committee or the Debtors relevant to the Retiree Welfare Plans, the Retiree Plan Participants, and/or the Retiree Committee;

vi. a registration form for Retiree Plan Participants to request "real-time" updates regarding filings in the Chapter 11 Case via electronic mail;

vii. a form to submit Retiree Plan Participants' questions, comments and requests for access to information;

viii. responses to Retiree Plan Participants' questions, comments, and requests for access to information; provided, that the Retiree Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the retiree's agreement to appropriate confidentiality constraints;

ix. answers to frequently asked questions;

x. links to other relevant websites, if any;

xi. the names and contact information for the Debtors' counsel and restructuring advisors;

xii. the names and contact information for the Unsecured Creditors Committee's counsel and financial advisors;

xiii. the names and contact information for the LTD Committee's counsel; and

xiv. the names and contact information for the Retiree Committee's counsel and financial advisors.

3

    b.  Distribute updates by and through the Information Agent regarding the Chapter 11 Cases via electronic mail for Retiree Plan Participants that have registered for such service on the Retiree Committee Website; and

    c.  Establish and maintain a telephone number and electronic mail address by and through the Information Agent for Retiree Plan Participants to submit questions and comments.

  4.  <u>Privileged and Confidential Information</u>.  Absent entry of an order of this Court to the contrary, the Retiree Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(5), "Entity"): (a) Retiree Committee Advisor Confidential Information;[3] or (b) Retiree Committee Confidential Information.  In addition, absent entry of an order of this Court to the contrary, the Retiree Committee may not disseminate to any Entity: (a) Confidential Information;[4] or (d) Privileged Information,[5] and, absent entry of an order of this Court to the contrary, the Retiree Committee Advisors may not disseminate to any Entity, including the members of the Retiree Committee, Confidential Information that is plainly marked or otherwise identified by the Debtors or their Representatives as "Highly Confidential – Retiree Advisor Eyes Only."

---

[3] "Retiree Committee Advisor Confidential Information" shall mean any information relating to the Debtors and their affiliates that is non-public, confidential, or proprietary in nature, including, the content of any discussions, communications, negotiations, and evaluations in writing, orally or otherwise, in each case received by a Retiree Committee Advisor or any of its affiliates, members, partners, counsel, associates, employees, agents, advisors or representatives (each of the foregoing, other than the Retiree Committee Advisor, a "Representative") from the Debtors or their affiliates or any of their respective Representatives, agents, advisors or counsel, or to which a Retiree Committee Advisor or any of its Representatives was a party and all notes, reports, analyses, compilations, studies, files or other documents or materials, whether prepared by the Retiree Committee Advisor or others, which are based on, contain or otherwise reflect such information.

[4] Confidential Information" shall mean, any information relating to the Debtors and their affiliates and/or subsidiaries that is non-public, confidential, or proprietary in nature, including, without limitation, all matters discussed at Retiree Committee meetings (whether or not memorialized in any minutes thereof), any information or material (whether written, electronic or oral) distributed to a Retiree Committee member or its Representatives, and any information or material received from the Debtors or their Representatives, agents, advisors or counsel by or through the Retiree Committee, in each instance that is not generally available to the public and all notes, reports, analyses, compilations, studies, files or other documents or material, whether prepared by the members or their Representatives, which are based on, contain or otherwise reflect such information; provided, however, that, materials are not confidential if: (i) they are already in the Retiree Committee's or any of its members' possession and have not been provided to the Retiree Committee or its members on a confidential basis; (ii) they already are or become generally available to the public on a non-confidential basis; and (iii) they become available to the Retiree Committee or any of its members on a non-confidential basis from a source other than the Debtors or their Representatives, provided that the Retiree Committee and its members do not believe, after reasonable inquiry, that such source was bound by a confidentiality agreement with, or other obligation of secrecy to, the Debtors or another party.

[5] "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional privilege law.

5. Any information received (formally or informally) by the Retiree Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order, but, rather, by any order governing such discovery; provided, however, that any information received (formally or informally) by the Retiree Committee shall be governed by the terms of this Order and any confidentiality agreement between the Retiree Committee and the Debtors concerning the Chapter 11 Cases, including any confidentiality obligations contained in the Retiree Committee's bylaws.  In no instance shall Confidential Information, Retiree Committee Advisor Confidential Information, Retiree Committee Confidential Information or Privileged Information shared with them be used by any Retiree Committee member for any purpose inconsistent with their duties as members of the Retiree Committee, including, but not limited to, the preparation, prosecution, negotiation, litigation and/or settlement of their personal claims against any of the Debtors.

6. The Debtors shall assist the Retiree Committee in identifying any Confidential Information or Retiree Committee Advisor Confidential Information concerning the Debtors that is provided by (a) the Debtors or their agents or professionals of (b) by any third party, to the Retiree Committee, its agents or professionals.

7. The Debtors are authorized to share information regarding the individual Retiree Plan Participants and their benefits with the Retiree Committee Advisors.  For the avoidance of doubt, such information shall be treated as Confidential Information under this Order, and shall only be used in connection with the Retiree Committee Advisors' representation of the Retiree Committee and not for any other business, litigation or other purpose.

8. <u>Retiree Information Requests</u>.  If a Retiree Plan Participant (a "Requesting Retiree") submits a written request, including on the Retiree Committee Website or by electronic mail (the "Information Request"), for the Retiree Committee to disclose information, the Retiree Committee shall (i) as soon as practicable, but no more than twenty (20) business days after

receipt of the Information Request, provide (including on the Retiree Committee Website) the Requesting Retiree with a response to the Information Request (the "Response"), as well as provide access to the information requested or the reasons the Information Request cannot be compiled with and (ii) provide the Debtors with (x) notice of the Information Request within five (5) business day of the Retiree Committee's receipt of the Information Request and (y) a copy of the Response at least three (3) business days prior to providing the Response to the Requesting Retiree.  If the Response is to deny the Information Request because the Retiree Committee believes the Information Request implicates Confidential Information, Retiree Committee Advisor Confidential Information, Retiree Committee Confidential Information or Privileged Information that may or need not be disclosed pursuant to the terms of this Order or otherwise under the Bankruptcy Code section 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Retiree may, after a good faith effort to meet and confer with an authorized representative of the Retiree Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion brought before this Court.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases.  The Debtors, the Creditors' Committee and the Retiree Committee shall each have the right to oppose such motion.  The Retiree Committee shall not object to any Requesting Retiree's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Retiree from requesting (or the Debtors, the Creditors' Committee or the Retiree Committee objecting to such request) that the Retiree Committee provide the Requesting Retiree a log or other index of any of any information specifically responsive to the Requesting Retiree's request that the Retiree Committee deems to be Confidential Information, Retiree Committee Advisor Confidential Information, Retiree Committee Confidential Information or Privileged Information following notice and an opportunity for the Debtors to review such log in advance of it being furnished to the Requesting Retiree.  Furthermore, nothing herein shall be deemed to preclude the Requesting Retiree from

requesting that this Court conduct an <u>in camera</u> review of any information specifically responsive to the Requesting Retiree's request that the Retiree Committee claims is Confidential Information, Retiree Committee Advisor Confidential Information, or Privileged Information, provided, however, that if the Retiree Committee elected, subject to paragraph 9, to provide access to Confidential Information, Retiree Committee Advisor Confidential Information and Retiree Committee Confidential Information, the Retiree Committee shall have no responsibility for the Requesting Retiree's compliance with, or liability for violation of, applicable securities or other laws.  Any disputes with respect to this paragraph shall be resolved as provided in the next paragraph.

    9. <u>Release of Confidential Information or Privileged Information of the Debtors to Third Parties</u>.  If the Information Request implicates Confidential Information or Privileged Information of the Debtors (or any other Entity other than the Retiree Committee) or Retiree Committee Advisor Confidential Information and the Retiree Committee agrees that such request should be satisfied, or if the Retiree Committee or a Retiree Committee Advisor on its own wishes to disclose such Confidential Information, Retiree Committee Advisor Confidential Information or Privileged Information to Retiree Plan Participants, the Retiree Committee may make a demand (the "Demand") for the benefit of the Retiree Plan Participants in accordance with the following procedures: (a) if the Confidential Information or Privileged Information is information of the Debtors, or Retiree Committee Advisor Confidential Information, by submitting a written request, each captioned as a "Retiree Committee Information Demand," to Cleary Gottlieb Steen & Hamilton LLP, counsel for the Debtors, One Liberty Plaza, New York, NY 10006, attention: James L. Bromley at jbromley@cgsh.com and Lisa M. Schweitzer at lschweitzer@cgsh.com ("Debtors' Counsel"), stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Retiree Committee, the Requesting Retiree or the Debtors may schedule a hearing with this Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11

Cases seeking a ruling with respect to the Demand; and (b) if the Confidential Information, Retiree Committee Advisor Confidential Information or Privileged Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' Counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Retiree Committee, the Requesting Retiree, such Entity and the Debtors may schedule a hearing with the Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases seeking a ruling with respect to the Demand. In the event there is an objection to the disclosure of Confidential Information, Retiree Committee Advisor Confidential Information or Privileged Information pursuant to this paragraph, such information shall only be disclosed to the extent provided in an order by the Court that has become final and non-appealable.

        10.    Nothing in this Order requires or permits the Retiree Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Retiree Committee, in its sole discretion, or to the Court, that it is a participant in one or more of the Debtors' Retiree Welfare Plans.

        11.    <u>Exculpation</u>.  None of the Debtors, the Retiree Committee, nor any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (each acting in such capacity) (collectively, the "Exculpated Parties") shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Retiree Committee Information Protocol, the Retiree Committee Website any other information to be provided pursuant to Bankruptcy Code section 1102(b)(3); <u>provided, however</u>, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 11 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct,

8

or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

12. This Order shall be effective as of August 22, 2011 (the "Effective Date"); the terms of this Order, however, shall apply to all information governed by this Order, including information in the Retiree Committee's possession prior to the Effective Date.

13. This Order shall be binding in all respects upon the Debtors, the Retiree Committee and any successors thereto and all creditors and parties in interest.

14. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: _____, 2011
    Wilmington, DE

                                      The Honorable Kevin Gross
                                      Chief United States Bankruptcy Court Judge