## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS, INC., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| NORTEL NETWORKS INC. and | : | |
| NORTEL NETWORKS (CALA) INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. Pro. No. 10-55928 (KG) |
| | : | |
| RIGHT MANAGEMENT INC., | : | |
| | . | **Hearing Date:  January 10, 2012 at 10:00 a.m. (ET)** |
| Defendant. | : | **Objection Deadline:  January 3, 2012 at 4:00 p.m. (ET)** |
| | : | |

## DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC. AND RIGHT MANAGEMENT INC.

Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN CALA") and

certain of their affiliates, as debtors and debtors in possession (collectively, the "Debtors"),

hereby move this Court (the "Motion"), for the entry of an order substantially in the form

attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 503(b)(1), 547, and 550 of title

11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to enter into and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251) , CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Compoents Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

approving a stipulation (the "Stipulation") with Right Management Inc. (the "Defendant", and

together with NNI and NN CALA, the "Parties"), in the form attached hereto as **Exhibit B**,

resolving the Adversary Proceeding entitled Nortel Networks Inc. and Nortel Networks (CALA)

Inc. v. Right Management Inc., Adv. Proc. No. 10-55928 (KG) (the "Adversary Proceeding");

and granting such other and further relief as the Court (the "Court" or the "Bankruptcy Court")

deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502,

503(b)(1), 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

### Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA,[2]

filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are

consolidated for procedural purposes only.  The Debtors continue to operate as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

---

[2]    NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009,
which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for
procedural purposes [Main D.I. 1098].

respect of the Debtors [Main D.I.s 141, 142][3], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors and a monitor, Ernst & Young Inc., was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration under the control of individuals from Ernst & Young LLP.  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[3]     Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __."  Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55919) are in the form "Adv. D.I. __."

[4]     The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Relief Requested**

7.    By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 503(b)(1), 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii) authorizing but not directing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation, and (iii) granting them such other and further relief as the Bankruptcy Court deems just and proper.

**Facts Relevant to this Motion**

8.    NNI's and NN CALA's books and records indicate that within ninety (90) days prior to the Petition Date, NNI or NN CALA made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $595,445.74 (the "Subject Transfers").

9.    On December 6, 2010, NNI and NN CALA filed the Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code (Adv. Pro. No. 10-55919) (the "Complaint") against Defendants in this Court, pursuant to which NNI and NN CALA sought to avoid and recover the Subject Transfers (the "Avoidance Claim").

10.    In response to the Complaint, Defendant asserted ordinary course and new value defenses, pursuant to section 547 of the Bankruptcy Code, which, if successful, would reduce the Avoidance Claim significantly.

11.    On September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953].

12.     On October 27, 2010, the  Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order").

13.     On or about May 28, 2009, Defendant filed against NNI proof of claim number 1248 in the amount of $1,376,654 ("Claim 1248").

14.     Claim 1248 was amended on or about July 15, 2009 when Defendant filed against NNI proof of claim number 1543 in the amount of $1,376,654 ("Claim 3201").

15.     Claim 1543 was amended on or about September 18, 2009 when Defendant filed against NNI proof of claim number 3201 in the amount of $1,371,800 ("Claim 3201").

16.     Since the Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, the Parties have agreed to settle the Adversary Proceeding on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

17.     Pursuant to the Stipulation[6] and subject to the Bankruptcy Court's approval, NNI and NN CALA have agreed to settle the Adversary Proceeding in exchange for a reduction and reallocation of Claim 3201 as follows: (i) Defendant shall have an allowed general unsecured claim against debtor NNI in the amount of $1,270,900 (representing an agreed upon claim in the amount of $1,345,900, less a consensual reduction in the amount of $75,000 in full and final settlement of the Adversary Proceeding); (ii) Defendant shall have an allowed general unsecured claim against debtor NN CALA in the amount of $22,200; and (iii) Defendant shall have an allowed general unsecured claim against debtor Nortel Altsystems Inc. in the amount of $3,700 (collectively, the "Allowed Remaining RM Claims").  The Allowed Remaining RM Claims shall

---

[6]     In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

be allowed for all purposed relevant to the Debtors' bankruptcy cases and shall not be subject to

further challenge or objection and Defendant shall not have to file an amended proof of claim or

take any further action to ensure the allowance of the Allowed Remaining RM Claims.  In

consideration of the mutual promises and covenants set forth in the Stipulation and other good

and valuable consideration, Defendant has agreed, subject to the Bankruptcy Court's approval,

to, *inter alia*, release the Debtors, their past and present parents, subsidiaries, affiliates, general

partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and

each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from

any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits,

causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or

unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or

unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of

the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any

transaction described or referred to in the Complaint in the Adversary Proceeding and any and all

claims arising under § 502(h) of the Bankruptcy Code.  In consideration of the mutual promises

and covenants set forth in the Stipulation and other good and valuable consideration, NNI and

NN CALA have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release

Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners,

shareholders, directors, officers, employees, agents, and attorneys, and predecessors, successors

and assigns (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses,

demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether

known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past

or present, fixed or contingent, liquidated or unliquidated, that NNI and NN CALA now have,

had, may have had, or hereafter may have against any of the Defendant Releasees arising under

chapter 5 of the Bankruptcy Code including, without limitation, any claims regarding or arising

from the Avoidance Claim, the Adversary Proceeding, or any transaction described or referred to

in the Complaint.

### Basis for Relief

18.     The Debtors seek authorization for NNI and NN CALA to enter into the

Stipulation under sections 105(a), 502, 503(b)(1), 547, and 550 of the Bankruptcy Code and

Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may

issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11

U.S.C. § 105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the

trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed.

R. Bankr. P. 9019.

19.     Citing this authority, the Third Circuit has emphasized that "[c]ompromises are

favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996)

(quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health

Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally

favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'(i)n administering

reorganization proceedings in an economical and practical manner it will often be wise to

arrange the settlement of claims as to which there are substantial and reasonable doubts.'"  In re

Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for

Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  Courts

in this District have recognized that the approval of a proposed compromise and settlement is

committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare

Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

20.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330.  Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

21.     The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

22.     The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation. While NNI and NN CALA are prepared to litigate the Avoidance Claim and believe that there is a reasonable possibility they would prevail in such litigation, NNI and NN CALA recognize that litigation of the Avoidance Claim carries with it inherent

uncertainties and there can be no assurance that litigation of the Avoidance Claim would achieve

a better result than the one set forth in the Stipulation.  Indeed, the Debtors believe that

Defendant has asserted ordinary course and new value defenses, pursuant to section 547 of the

Bankruptcy Code, that would require extensive litigation to address with no guarantee of

success.  In light of those defenses, the reduction of Claim 3201 represents a significant return

for the Debtors' estates.

23.    Pursuant to the settlement reflected in the Stipulation, the Parties have agreed to

settle the Adversary Proceeding in exchange for a reduction and reallocation of Claim 3201 as

follows: (i) Defendant shall have an allowed general unsecured claim against debtor NNI in the

amount of $1,270,900 (representing an agreed upon claim in the amount of $1,345,900, less a

consensual reduction in the amount of $75,000 in full and final settlement of the Adversary

Proceeding); (ii) Defendant shall have an allowed general unsecured claim against debtor NN

CALA in the amount of $22,200; and (iii) Defendant shall have an allowed general unsecured

claim against debtor Nortel Altsystems Inc. in the amount of $3,700.  This resolution fairly

balances NNI and NN CALA's likelihood of success on the merits of the Avoidance Claim

against their interest in avoiding the uncertainty of litigation.

24.    In addition, further litigation of the Avoidance Claim would result in the estate's

expenditure of considerable additional legal fees.  These would include fees associated with

formal discovery, motion practice, and potentially, a trial.  In the absence of a settlement, the

estate would be burdened with the time and costs of ongoing litigation, which would be

disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution

of these cases.

25.     Finally, the interests of the creditors weigh in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Avoidance Claim and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claim were to be further litigated.

26.     In light of the foregoing, the Debtors respectfully seek authorization for NNI and NN CALA to enter into the Stipulation and approval of the Stipulation.

**Notice**

27.     Notice of the Motion has been given via first class mail to (i) Defendants; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

28.     No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this

Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A**

hereto; and (iii) grant such other and further relief as it deems just and proper.


Dated: December 6, 2011                       **BENESCH, FRIEDLANDER, COPLAN &**
      Wilmington, Delaware                  **ARONOFF LLP**

                By:  */s/ Raymond H. Lemisch*
                     Raymond H. Lemisch, Esquire (No. 4204)
                     Jennifer R. Hoover, Esquire (No. 5111)
                     Jennifer E. Smith, Esquire (No. 5278
                     222 Delaware Avenue, Suite 801
                     Wilmington, DE  19801
                     (302) 442-7010  telephone
                     (302) 442-7012  facsimile
                     rlemisch@beneschlaw.com
                     jhoover@beneschlaw.com
                     jsmith@beneschlaw.com

                     *Special Litigation Counsel to the Debtors*