**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS, INC., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| NORTEL NETWORKS INC. and | : | |
| NORTEL NETWORKS (CALA) INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. Pro. No. 10-55928 (KG) |
| | : | |
| RIGHT MANAGEMENT INC., | : | |
| | : | |
| Defendant. | : | |

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC. AND RIGHT MANAGEMENT INC.

This stipulation (the "Stipulation") is entered into by and between Plaintiffs Nortel Networks Inc. and Nortel Networks (CALA) Inc. ("Plaintiff"), on behalf of themselves and each of the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") and Right Management Inc. ("Defendant", and together with Plaintiffs, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of Nortel Networks (CALA) Inc., which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiffs' books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiffs made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $595,445.74 (the "Subject Transfers"); and

WHEREAS, on December 6, 2010, Plaintiffs instituted this adversary proceeding, Adv. Proc. No. [10-55928] (the "Adversary Proceeding"), by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I.1][2]; and

WHEREAS, on February 3, 2011, Defendant filed an Answer to the Complaint [Adv. D.I. 7] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55928) are in the form "Adv. D.I. __."

2

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims [Main D.I. 4211] (the "Settlement Procedures Order"); and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burdens that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.     Release of Plaintiff. Effective immediately upon the entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 9019, approving the compromise and settlement set forth in this Stipulation (the "Stipulation Approval Order"), without any further action of any person or entity whatsoever, Defendant shall be deemed to release and forever discharge Plaintiffs and their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of

3

action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees arising from the Avoidance Claim and the Adversary Proceeding, provided, however, that nothing herein shall in any way waive, release, discharge or in any way impair or adversely affect: (i) the Allowed Remaining RM Claims (as defined below), which claims shall be retained by the Defendant as allowed general unsecured claims as more fully set forth below; and (ii) any claims or rights filed or asserted by Defendant or any of its affiliates (the "RM Entities") against any non-Debtor affiliates of the Debtors (the "Non-Debtor Affiliates"), including, without limitation, any claims asserted by any of the RM Entities in any insolvency proceeding of any of the Non-Debtor Affiliates pending outside of the United States. For the avoidance of doubt, Defendant releases any and all claims arising under section 502(h) of the Bankruptcy Code against the Plaintiffs.

2. <u>Release of Defendant</u>. Effective upon the entry of the Stipulation Approval Order, without any further action of any person or entity whatsoever, Plaintiffs, on behalf of themselves and each of the Debtors, shall be deemed to release and forever discharge Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant

Releasees arising under chapter 5 of the Bankruptcy Code including, without limitation, any claims regarding or arising from the Avoidance Claim, the Adversary Proceeding, or any transaction described or referred to in the Complaint.

3. <u>Dismissal of the Adversary Proceeding</u>. Within fourteen days after the entry of the Stipulation Approval Order, Defendant and Plaintiffs will execute, and Plaintiffs will file with the Bankruptcy Court, a stipulation of dismissal dismissing the Adversary Proceeding with prejudice, with each of the Parties to bear its own costs and fees.

4. <u>Defendant's Proof of Claim and Resolution of the Avoidance Claim</u>. The Parties hereby agree that as part of the settlement and compromise reached by the Parties pursuant to this Stipulation, the claim set forth in Proof of Claim No. 3201, dated September 18, 2009, filed by Defendant in the bankruptcy case of Nortel Networks Inc. and asserting a claim in the amount of $1,371,800.00 (the "<u>Proof of Claim</u>") shall be reduced and reallocated as follows: (i) Defendant shall have an allowed general unsecured claim against debtor Nortel Networks Inc. in the amount of $1,270,900 (representing an agreed upon claim in the amount of $1,345,900, less a consensual reduction in the amount of $75,000 in full and final settlement of the Adversary Proceeding); (ii) Defendant shall have an allowed general unsecured claim against debtor Nortel Networks (CALA) Inc. in the amount of $22,200; and (iii) Defendant shall have an allowed general unsecured claim against debtor Nortel Altsystems Inc. in the amount of $3,700 (collectively, the "<u>Allowed Remaining RM Claims</u>"). The Allowed Remaining RM Claims shall be allowed for all purposes relevant to the Debtors' bankruptcy cases and shall not be subject to further challenge or objection and Defendant shall not have to file an amended proof of claim or take any further action to ensure the allowance of the Allowed Remaining RM Claims.

5

5. **Claims Register.** The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized and directed to take all necessary and appropriate actions to give effect to this Stipulation.

6. **Effectiveness.** Pursuant to the Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the entry of the Stipulation Approval Order by the Bankruptcy Court, this Stipulation shall be effective and binding, by its terms, upon the Parties, the Debtors, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

7. **Applicable Law.** This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

8. **Confidentiality.** Each of the Parties agrees to keep confidential and not to disclose any of the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose such information to third-parties), except: (a) as required by law or by any court, administrative or legislative body; (b) as to any person or entity to whom the disclosure of such information would be required or reasonably necessary in the course of any of the Parties' businesses, such as, by way of example only, their financial institutions, investment bankers, or auditors; (c) as required by the Settlement Procedures Order or the Prepetition Claims Settlement Procedures Order; or (d) in connection with any of the Parties' efforts to enforce the terms of this Stipulation. By way

of clarification, it is intended that this Stipulation and its terms shall be publicly disclosed and the Parties shall not be required to keep such information confidential.

9. **Entire Agreement.** This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

10. **No Admissions.** Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

11. **Costs and Expenses.** Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, the entry of the Stipulation Approval Order and the filing of a stipulation of dismissal, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

12. **Representations and Warranties.** Each Party represents and warrants that it is authorized to enter into this Stipulation on behalf of itself and on behalf of each person or entity that it purports to bind through this Stipulation. Each individual signing this Stipulation represents and warrants that he or she has full authority to do so.

13. **Construction.** This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

14. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. <u>Manner of Execution</u>. This Stipulation may be executed and delivered in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. True and correct copies of original signatures delivered by telefacsimile or through a "PDF" file delivered by electronic mail shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December ___, 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

Right Management Inc.

By: _____
Theodore A. Young
Executive Vice President and General Counsel

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December __, 2011

Nortel Networks Inc.

By:_____
John Ray
Principal Officer

Right Management Inc.

By: */s/ Theodore A. Young*
Theodore A. Young
Executive Vice President and General Counsel

Nortel Networks (CALA) Inc.

By:_____
John Ray
Principal Officer

9