# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
             Debtors. : Jointly Administered
:
: **RE:  D.I. 6880**
:
---------------------------------------------------------------- X

## DEBTORS' RESPONSE TO THE MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR AN ORDER INCREASING THE LIMITS ON FEES FOR LTD COMMITTEE COUNSEL

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this response (the "Response") to the *Motion of the Official Committee of Long Term Disability Participants for an Order Increasing the Limits on Fees for LTD Committee Counsel* [D.I. 6880] (the "LTD Fee Motion")[2] filed by the Official Committee of Long Term Disability Participants (the "LTD Committee").[3]  In support of this Response, the Debtors respectfully represent as follows:

---

[1]  The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]  Capitalized terms utilized but not defined herein shall have the meaning ascribed to them in the LTD Fee Motion.

[3]  As noted in the *Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees* [D.I. 5568] (the "1114 Motion"), LTD Plan Participants are not covered by § 1114 of the Bankruptcy Code and thus, are not eligible to serve on a § 1114 committee.  1114 Motion at ¶ 12.  While the Debtors have indicated a willingness to confer with the LTD Plan Participants, the

1.	Since the appointment of the LTD Committee this summer, the Debtors have worked diligently to further discussions with the LTD Committee regarding the wind down of the various benefits currently available to long term disabled employees of the Debtors, including through the provision of voluminous documents and meetings with the LTD Committee members and their advisors.  The Debtors are ready to engage in substantive discussions with the LTD Committee regarding the wind down of such benefits and believe such discussions should proceed expeditiously.  Accordingly, while the Debtors do not object to increasing the cap on legal fees for LTD Committee counsel by an additional $200,000, which equates to $50,000 per month for an additional four months, the Debtors also believe that any negotiations can and should be accomplished over that time period and would have strong reservations about any further extension of the LTD Committee's mandate beyond that time.[4]

2.	Since the appointment of the LTD Committee, the Debtors have made every effort to ensure the LTD Committee is well-informed and to advance discussions regarding a possible soft landing for long term disabled employees.  Following their receipt of the LTD Committee's request for documents and information on September 12, 2011 – which consisted of an eight-page request for eighteen categories of documents and a nine-page list of interrogatories, and which has been informally supplemented since that time – the Debtors worked quickly to begin providing information on a rolling basis to the LTD Committee.[5]  The

---

Debtors reserve the right to move forward, without further negotiation with the LTD Committee, to modify or terminate the LTD Plan in compliance with applicable law.

[4]	The order appointing the LTD Committee makes clear that the LTD Committee was appointed for the "sole purpose of serving as the authorized representative of the LTD Plan Participants in connection with negotiations regarding the modification or termination of the LTD Plan, and any claims relating thereto and for no other purpose." LTD Committee Appointment Order at ¶ 3.

[5]	The LTD Committee sent the Debtors requests stylized as document requests and requests for interrogatories pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The Debtors offered to provide information responsive to the substance of the requests on a consensual basis to

first materials were sent to the LTD Committee only four days later, on September 16, 2011. Subsequent productions have been made regularly throughout October, with the Debtors providing supplemental information in November, the last of which productions was made on November 18, 2011. All told, the Debtors have produced over 320 documents to date, consisting of 14 spreadsheets and other similar files and approximately 3,738 pages of other documents, including summary plan descriptions, employee benefit program binders, trust agreements, financial records, tax filings, insurance policies, the Debtors' internal presentations regarding long term disabled employee benefits, actuarial reports, census information, benefit confirmation statements and other supporting information. The Debtors similarly have provided the Official Committee of Retired Employees (the "Retiree Committee" and together with the LTD Committee, the "Committees") with information responsive to its separate requests, some of which overlap with the LTD Committee requests.

3. While the LTD Committee's information requests are broad in scope and seek documents going back several decades, the Debtors believe they have provided all readily available information responsive to the requests, and the information that the LTD Committee would want and need in order to consider any soft landing proposal by the Debtors. For example, the Debtors have provided the LTD Committee with all readily available "demographic information of the LTD creditor constituency," as well as all available and responsive plan documents for the LTD Plans.

4. The Debtors also have held several conference calls and an in-person meeting to further address the LTD Committee's information requests. During those exchanges, the Debtors have repeatedly confirmed that to the best of their knowledge, they have produced all

---

obviate the need for separate discovery motion practice, with all rights reserved as to any formal discovery that could be sought by the LTD Committee.

readily available information responsive to the LTD Committee's requests.[6] On the afternoon of December 7, 2011, after three weeks of silence from the LTD Committee with respect to the information requests, the Debtors received a list of follow-up requests for documents and information from the LTD Committee reiterating certain prior requests for which the Debtors have not yet found responsive information, as well as making new requests and seeking clarification of certain materials previously provided. While the Debtors intend to continue to provide the LTD Committee with all readily available documents and information they request, any further diligence can and should proceed in parallel with substantive discussions regarding the wind down of long term disabled employee benefits and the resolution of any related claims, given the substantial and comprehensive information already provided.

5.    In addition to the document productions, on October 6, 2011, the Debtors met with the members of the LTD Committee and the Retiree Committee and their legal and financial advisors to provide further information regarding the Debtors, their bankruptcy cases, the retiree and long term disability benefits and a potential soft landing alternative insurance program that was then available (but which there was no assurance will be offered by the carrier as an indefinite option), and had a follow-up meeting with the Committees' advisors on November 8, 2011. The Debtors have sought to schedule follow-up meetings with the Committees to further discuss alternative options and the wind down of benefits, but the Committees have said they are not yet prepared to meet. Given that the Debtors have now been in bankruptcy for nearly three years, and the Debtors have previously lost the availability of other potential soft landing insurance options they identified when they sought to terminate

---

[6]    The Debtors also have been in regular communication with the Retiree Committee regarding their document and information requests, and similarly believe that all readily available information responsive to those requests has been provided to the Retiree Committee, but the Debtors are working with the Retiree Committee to respond to any open requests, to the extent there are any, and to address any remaining questions that the Retiree Committee has regarding the information that has been produced.

benefits a year ago, the Debtors are eager to advance discussions promptly with the Committees in the new year.

6. Accordingly, the Debtors do not oppose the extension of the engagement of Elliott Greenleaf as counsel to the LTD Committee and an increase in their fee cap by an additional $200,000 at this time, but the Debtors would expect that any settlement discussions can be completed within the next four months and within that budget. The Debtors reserve their right to oppose any future request by Elliott Greenleaf to further increase the fee cap in addition to that amount.[7]

7. While the Debtors felt compelled to address the status of the information sharing efforts and discussions generally in light of certain statements made in the LTD Fee Motion, it is the Debtors' view that it is not necessary or appropriate to use the LTD Fee Motion as a platform for seeking findings regarding the LTD Committee's information requests or the sufficiency and good faith of the Debtors' efforts in responding to such requests and generally in conducting negotiations to date.[8] Accordingly, to the extent the LTD Fee Motion is granted, the order should make clear that such issues are not being adjudicated at this time and all parties' rights are reserved with respect to such matters.

8. Further to the reservations of rights set forth above, the Debtors request that the proposed order granting the LTD Fee Motion (the "Proposed Order") be modified as follows:

    a. Modify the final paragraph of the Proposed Order as follows: "ORDERED that this increase in the Cap shall not prejudice the LTD Committee's right to seek, upon notice and a hearing, a further increase in

---

[7] Additionally, the Debtors note that while long term disabled individuals are current employees of the Debtors, if their employment were terminated, a substantial majority of the long term disabled employees currently receiving medical benefits from the Debtors would be eligible to retire and as such their interests would be represented by the Retiree Committee.

[8] The Debtors note that the failure to correct or clarify any specific detail asserted by the LTD Committee in the LTD Fee Motion regarding the Debtors' actions or efforts does not reflect their acceptance of such statements or constitute an admission of their accuracy.

5

        the Cap for good cause shown, and is without prejudice to the Debtors' right to object on any and all grounds to any motion that may be filed by the LTD Committee seeking a further increase in the Cap."

b.     The addition of a new paragraph at the end of the Proposed Order as follows: "ORDERED that nothing herein shall constitute a finding of fact with respect to the sufficiency of the information provided by the Debtors to the LTD Committee and its advisors in order to assist it to evaluate any proposal from the Debtors with respect to the modification or termination of the LTD Plans, or the parties' good faith. All of the parties' rights with respect to such issues are reserved."

    [*Remainder of page left intentionally blank.*]

WHEREFORE, the Debtors respectfully submit this Response and request that, to the extent that the Court grants the LTD Fee Motion, the order include the language proposed in paragraph 8 above.

| | |
|---|---|
| Dated:  December 8, 2011<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |