IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
: Chapter 11
*In re* :
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : (Jointly Administered)
:
:
: **Re: D.I. 6818**
---------------------------------------------------------- X
:
Nortel Networks Inc. :
and :
Nortel Networks (CALA) Inc., :
: Adv. Proc. No. 10-55840 (KG)
Plaintiffs, : **Re: D.I. 59**
v. :
:
CoAMS, Inc., :
:
Defendant. :
---------------------------------------------------------------X

**ORDER APPROVING THE STIPULATION
OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
<u>NORTEL NETWORKS INC., NORTEL NETWORKS (CALA) INC. AND COAMS, INC.</u>**

Upon the motion dated November 18, 2011 (the "<u>Motion</u>"),[2] of Nortel Networks Inc.

("<u>NNI</u>"), Nortel Networks (CALA) Inc. ("<u>NN CALA</u>") and their affiliated debtors, as debtors

---

[1] In addition to Nortel Networks Inc. ("<u>NNI</u>"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing NNI and NN CALA's entry into and approving the Stipulation, attached to the Motion as **Exhibit B**, and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions LLC, and the Clerk of the Bankruptcy Court are authorized but not directed to take any and all action that may be reasonably necessary or appropriate to perform its obligations arising under the Stipulation.

4. The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulation be approved in its entirety.

5. In the event of any discrepancy between the Stipulation and the terms of a plan under Chapter 11 of the United States Bankruptcy Code confirmed pursuant to an order of this Court with respect to any of the Debtors, the terms of the Stipulation shall govern.

6. NNI, NN CALA and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 14, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

3