IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :   Chapter 11
:
Nortel Networks Inc., *et al.*,                             :   Bankr. Case No. 09-10138 (KG)
:
Debtors.[1]                                                 :
:   (Jointly Administered)
-------------------------------------------------------     :
X
Nortel Networks, Inc.,                                      :
:
Plaintiff,                                                  :
:
v.                                                          :
:   Adv. Pro. No. 11-50206 (KG)
International Business Machines Corporation,                :
IBM Credit LLC and IBM Canada Limited,                      :
:   Re: D.I. 6865, Adv. D.I. 21
Defendants.                                                 :
------------------------------------------------------------X

**ORDER APPROVING THE STIPULATION AND SETTLEMENT AGREEMENT OF
AVOIDANCE AND OTHER CLAIMS AMONG
NORTEL NETWORKS INC., THE CANADIAN DEBTORS, INTERNATIONAL
BUSINESS MACHINES CORPORATION, IBM CREDIT LLC,
<u>IBM CANADA LIMITED, AND IBM GLOBAL SERVICES (CHINA) CO. LTD.</u>**

Upon the motion dated November 23, 2011 (the "<u>Motion</u>"),[2] of Nortel Networks Inc. ("<u>NNI</u>"), as one of the above-captioned debtors and debtors in possession (collectively, the "<u>U.S. Debtors</u>"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i)

---

[1]   The U.S. Debtors in the above-captioned Chapter 11 cases are: Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

authorizing NNI's entry into and approving the Stipulation, attached to the Motion as **Exhibit B** and (ii) granting NNI such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of NNI, its estates, its creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. NNI is authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3. The U.S. Debtors are authorized, but not directed, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Stipulation.

4. On the Effective Date (as defined in the Stipulation), i) the IBM Original Proofs of Claim shall be deemed as disallowed in full as such claims were amended by the IBM Amended Proofs of Claim and settled in part by the Postpetition Claims Settlement Order, ii) Claim 7894, Claim 7895, and Claim 7896 shall be deemed disallowed in full, and iii) Claim 7897 shall be reduced to $19,049,760.74 and allowed as a general unsecured pre-petition claim in NNI's bankruptcy case.

5. Nothing in the Stipulation or the Motion shall constitute a waiver or amendment of the Debtors' rights under the Cross Border Claims Protocol concerning the resolution of any other claims in these proceedings; nor shall anything in this Stipulation or the Motion have any binding or precedential effect on the resolution of any other claims in these proceedings, including other Overlapping Claims or Same-Creditor Claims.

6. The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulation be approved in its entirety.

7. In the event of any discrepancy between the Stipulation and the terms of a plan under Chapter 11 of the United States Bankruptcy Code confirmed pursuant to an order of this Court with respect to any of the Debtors, the terms of the Stipulation shall govern.

8. NNI, the U.S. Debtors, the U.S. Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 14, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE