IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
               Debtors. : Jointly Administered
: *Re: D.I. Nos.: 6750, 6760, 6779, 6784,*
: *6803, 6812, 6814, 6817, 6820, 6824,*
: *6826, 6834, 6836, 6837, 6839, 6840,*
: *6844, 6849, 6853, 6859, 6861, 6862,*
: *6863, 6864, 6866*
------------------------------------------------------------X

### ELEVENTH OMNIBUS ORDER ALLOWING CERTAIN PROFESSIONALS INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

These matters come to be heard, in accordance with the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members, dated February 4, 2009 [D.I. 222] (the "Interim Compensation Procedures Order"), on the Interim Fee Statements[2] (unless otherwise specified) for the periods set forth hereto, filed by professionals (the "Professionals") in the above-captioned bankruptcy case; and this Court having determined that proper and adequate notice has been given and that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Compensation Procedures Order, unless context requires otherwise.

further notice is necessary; and upon consideration of the record of the hearing convened on December 14, 2011 (the "Hearing") and the entire record of this case; the requested compensation for those services detailed in the applicable Interim Fee Statements being so requested for reasonable and necessary services rendered by the applicable Professionals; the reimbursements for expenses detailed in the Interim Fee Statements representing reimbursements for actual and necessary expenses incurred by the applicable Professionals in connection with these cases; the legal and factual bases set forth in the Interim Fee Statements and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED:

1. Interim compensation and reimbursement of expenses for the Professionals are hereby allowed as set forth in this Order including **Exhibits A, B and C** attached hereto.

2. Unless otherwise ordered by the Court or agreed by the applicant, the entry of this Order is without prejudice to the right of the above-referenced Professionals at a future hearing to request the allowance and payment of compensation and/or expenses in amounts in excess of those allowed pursuant to the first decretal paragraph of this Order for the periods covered by the Interim requests for allowance and payment of compensation and expenses considered at the Hearing.

3. The above-captioned debtors and debtors-in-possession (the "Debtors") are authorized and directed to promptly disburse to each Professional, except for otherwise provided herein, payment in the amount of the difference between (a) 100% of the total fees and expenses allowed herein for such Professional as set forth in Column (9) on **Exhibits A, B and C** attached hereto and (b) the actual interim payments received by such Professional for the interim period covered herein, subject to final allowance by the Court pursuant to the terms of the Interim Compensation Procedures Order.

4. With respect to the professional fees and reimbursement of expenses requested by Lazard Frères & Co. LLC ("Lazard"), the Debtors having entered, upon approval of this Court by Order (I) Authorizing the Debtors to Enter into the Lazard Side Agreement and (II) Authorizing Debtors to Direct the Escrow Agents to Release Funds to NNL for Reimbursement of Certain Professional Fees (the "Lazard Side Agreement Order") [D.I. 4404], into the Lazard Side Agreement (as defined in the Lazard Side Agreement Order), under which Side Agreement the MSS Sale Transaction Fee and the IP Sale Transaction Fee shall be released from the relevant sale escrow accounts and paid to Lazard, the professional fees and reimbursement of expenses requested by Lazard are hereby approved, provided that the Debtors are responsible only for satisfaction of their allocable portion of such fees and expenses, in accordance with the Lazard Side Agreement.

5. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

7. This Order shall be effective immediately upon entry.

Dated: Dec. 14, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE