# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
:
              Debtors. : (Jointly Administered)
:
---------------------------------------------------------X
:
Nortel Networks Inc. and Nortel Networks : Adv. Proc. No. 10-55165 (KG)
(CALA) Inc. v. Beeline.com, Inc., *et al.* :
:
---------------------------------------------------------X
:
Nortel Networks Inc. v. TEKsystems Inc. :
: Adv. Pro. No. 10-55192 (KG)
:
: **Hearing date: January 10, 2012 at 10:00am (ET)**
: **Objections due: December 29, 2011 at 4pm (ET)**
:
---------------------------------------------------------X

### DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS AND PROOFS OF CLAIM BY AND BETWEEN NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC. AND TEKSYSTEMS INC. AND MARKETSOURCE, INC.

Nortel Networks Inc. ("NNI"), Nortel Networks (CALA) Inc. ("NN CALA"), and certain of their affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 547, and 550 of title 11 of the

---

[1] In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to enter into and approving a stipulation (the "Stipulation") with TEKsystems Inc. ("TEKsystems") and Marketsource, Inc., an affiliate of TEKsystems ("Marketsource" and together with NNI, NN CALA and TEKsystems, the "Parties"), in the form attached hereto as **Exhibit B.** If approved, the Stipulation will resolve: (i) the Adversary Proceeding entitled Nortel Networks Inc. v. TEKsystems Inc., Adv. Proc. No. 10-55192 (KG) (the "TEKsystems Adversary Proceeding"); and (ii) the claims asserted against TEKsystems in the Adversary Proceeding entitled Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. Beeline.com, Inc., *et al.*, Adv. Pro. No. 10-55165 (KG) (the "Beeline Adversary Proceeding" and together with the TEKsystems Adversary Proceeding, the "Adversary Proceedings"); and reduce and allow, in the reduced amounts, the proofs of claim filed by TEKsystems and Marketsource against NNI. In addition to authorizing the Debtors to enter into and approving the Stipulation, on this Motion the Debtors request that the Court (the "Court" or the "Bankruptcy Court") grant them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

3.  On January 14, 2009 (the "NNI Petition Date"), the Debtors, other than NN CALA,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142][3], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.  On the NNI Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors and a Monitor, Ernst & Young Inc., was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 (the "NN CALA Petition Date"), which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].

[3] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in the TEKsystems Adversary Proceeding (Adv. Pro. No. 10-55192) are in the form "TEKsystems Adv. D.I. __." Citations herein to the docket in the Beeline Adversary Proceeding (Adv. Pro. No. 10-55165) are in the form "Beeline Adv. D.I. __."

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Debtors")[5] into administration under the control of individuals from Ernst & Young LLP. Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.     Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7.     By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii) authorizing but not directing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation, and (iii) granting them such other and further relief as the Bankruptcy Court deems just and proper.

## Facts Relevant to this Motion

8.     Prior to the NNI Petition Date and the NN CALA Petition Date, NNI and NN CALA retained TEKsystems to provide them with information technology staffing and Marketsource to provide them with outsourced sales services and solutions and staffing management services.

9.     On or about May 11, 2009, TEKsystems filed proof of claim number 1158 against NNI in the amount of $1,738,599.07 ("Claim #1158").

---

[5] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

4

10. On January 21, 2010, the Bankruptcy Court entered an Order disallowing Claim #1158 [Main D.I. 2324].

11. On or about June 16, 2009, Marketsource filed proof of claim number 1369 against NNI in the amount of $1,966,984.39 ("Claim #1369").

12. On January 21, 2010, the Bankruptcy Court entered an Order disallowing Claim #1369 [Main D.I. 2324].

13. On or about September 29, 2009, TEKsystems filed proof of claim number 4612 against NNI in the amount of $1,749,061.81 ("Claim #4612").

14. On or about September 30, 2009, Marketsource filed proof of claim number 5443 against NNI in the amount of $1,966,984.39 ("Claim #5443" and together with Claim 4612, the "Surviving Proofs of Claim").

15. On January 25, 2011, the Bankruptcy Court entered an Order reclassifying the portion of Claim #5443 asserted as a priority status claim to a general unsecured claim [Main D.I. 4758].

16. NNI's books and records indicate that within ninety (90) days prior to the NNI Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit of TEKsystems in the aggregate amount of $1,241,802.39 (the "TEKsystems Transfers").

17. NNI and NN CALA's books and records indicate that within ninety (90) days prior to the NNI Petition Date and the NN CALA Petition Date, NNI and NN CALA each made one or more transfers of an interest in their property to or for the benefit of TEKsystems through Beeline.com, Inc. ("Beeline"), in the aggregate amount of $328,846.11 (the "Beeline Transfers" and together with the TEKsystems Transfers, the "Subject Transfers").

18. On November 9, 2011, NNI instituted the TEKsystems Adversary Proceeding by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "TEKsystems Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against TEKsystems, in which it sought to avoid and recover the TEKsystems Transfers (the "TEKsystems Avoidance Claim") [TEKsystems Adv. D.I. 1].

19. On June 22, 2011, NNI and NN CALA filed an amended complaint (the "Amended Beeline Complaint" and together with the TEKsystems Complaint, the "Complaints") in the Beeline Adversary Proceeding in which they added TEKsystems, among others, as a defendant pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code and sought to avoid and recover the Beeline Transfers from, among others, TEKsystems (the "Beeline Avoidance Claim" and together with the TEKsystems Avoidance Claim, the "Avoidance Claims") [Beeline Adv. D.I. 47].

20. On January 14, 2011, TEKsystems filed an Answer to the TEKsystems Complaint [TEKsystems Adv. D.I. 4] in the TEKsystems Adversary Proceeding, denying certain allegations and asserting various defenses.

21. On September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953].

22. On October 27, 2010, the Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to

6

Bankruptcy Rule 9019 before they settle certain avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211].

23. Since the Complaints and TEKsystems' Answer to the TEKsystems Complaint were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claims and the Surviving Proofs of Claim, the Parties have agreed to settle the Avoidance Claims and the Surviving Proofs of Claim on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

24. Pursuant to the Stipulation[6] and subject to the Bankruptcy Court's approval, NNI and NN CALA have agreed to settle the Avoidance Claims and the Surviving Proofs of Claim in exchange for (i) the reduction of Claim #4612 from $1,749,061.81 to $1,470,680.06 and allowance in such reduced amount against NNI (the "Claim #4612 Allowed Amount") and (ii) the reduction of Claim #5443 from $1,966,984.39 to $1,959,220.81 and allowance in such reduced amount against NNI (the "Claim #5443 Allowed Amount") (collectively, the "Settlement Consideration").

25. In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, TEKsystems has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release the Debtors, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent,

---

[6] In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

7

liquidated or unliquidated, that TEKsystems now has, had, may have had, or hereafter may have against any of the Debtor Releasees (i) regarding the Avoidance Claims, the Adversary Proceedings, any transaction described or referred to in the Complaints in the Adversary Proceedings, and any claim arising under section 502(h) of the Bankruptcy Code and (ii) arising from or related to Claim #4612 over and above the Claim #4612 Allowed Amount.

26. In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Marketsource has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release and forever discharge the Debtor Releasees from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, known or unknown, past or present, fixed or contingent, liquidated or unliquidated which it now has, had, may have had, or hereafter may have against any of the Debtor Releasees arising from or related to Claim #5443 over and above the Claim #5443 Allowed Amount.

27. In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, NNI and NN CALA have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release TEKsystems, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "TEKsystems Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that NNI and NN CALA now have, had,

may have had, or hereafter may have against any of the TEKsystems Releasees regarding the Avoidance Claims, the Adversary Proceedings, and any transaction described or referred to in either of the Complaints in the Adversary Proceedings.

**Basis for Relief**

28.     The Debtors seek authorization for NNI and NN CALA to enter into the Stipulation under sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.

29.     Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'"  In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

9

30.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness."  Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

31.     The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

32.     The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation. While NNI and NN CALA are prepared to litigate the Avoidance Claims and believe that there is a reasonable possibility they would prevail in such litigation, NNI and NN CALA recognize that litigation of the Avoidance Claims carries with it inherent

10

uncertainties and that there can be no assurance that such litigation would achieve a better result than the one set forth in the Stipulation.  Indeed, the Debtors believe that TEKsystems has asserted ordinary course and new value defenses, pursuant to section 547 of the Bankruptcy Code, that would require extensive litigation to address, with no guarantee of success.  In light of those defenses, the Settlement Consideration represents a significant return for the Debtors' estates.

33. Pursuant to the settlement reflected in the Stipulation, TEKsystems and Marketsource, respectively, have agreed to (i) reduce Claim #4612 from $1,749,061.81 to $1,470,680.06 and (ii) reduce Claim #5443 from $1,966,984.39 to $1,959,220.81.  This resolution fairly balances NNI and NN CALA's likelihood of success on the merits of the Avoidance Claims against its interest in avoiding the uncertainty of litigation.

34. In addition, further litigation of the Avoidance Claims would result in the estate's expenditure of considerable additional legal fees.  These would include fees associated with formal discovery, motion practice, and potentially, two separate trials.  In the absence of a settlement, the estate would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution of these cases.

35. Finally, the interests of the creditors weigh in favor of approval of the Stipulation.  The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Avoidance Claims and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claims were to be further litigated.

36. In light of the foregoing, the Debtors respectfully seek authorization for NNI and NN CALA to enter into the Stipulation and approval of the Stipulation.

**Notice**

37. Notice of the Motion has been given via first class mail to (i) TEKsystems and Marketsource; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

38. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: December 15, 2011  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)  
Neil P. Forrest (admitted *pro hac vice*)  
Nora K. Abularach (admitted *pro hac vice*)  
One Liberty Plaza  
New York, New York 10006  
(212) 225-2000

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Chad A. Fights*  
Donna L. Culver (No. 2983)  
Derek C. Abbott (No. 3376)  
Chad A. Fights (No. 5006)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
(302) 658-9200

*Counsel for the Debtors  
and Debtors in Possession*