## **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
:
:   Chapter 11
:
*In re*                                                                   :
:   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                              :
:
                    Debtors.                                       :   (Jointly Administered)
:
---------------------------------------------------------- X
:
Nortel Networks Inc. and Nortel Networks       :   Adv. Proc. No. 10-55165 (KG)
(CALA) Inc. v. Beeline.com, Inc., *et al*.          :
:
:
Nortel Networks Inc. v. TEKsystems Inc.      :   Adv. Pro. No. 10-55192 (KG)
:
:
:
----------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS AND PROOFS OF
CLAIM BY AND BETWEEN NORTEL NETWORKS INC. AND NORTEL NETWORKS
(CALA) INC. AND TEKSYSTEMS INC. AND MARKETSOURCE, INC.**

This stipulation (the "Stipulation") is entered into by and between Nortel

Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN CALA") (collectively, the

"Plaintiffs") as two of the above-captioned debtors and debtors in possession (collectively, the

"Debtors"), TEKsystems Inc. ("TEKsystems"), and Marketsource, Inc., an affiliate of

---

[1] In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

TEKsystems ("Marketsource" and together with Plaintiffs and TEKsystems, the "Parties").  The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "NNI Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009 (the "NN CALA Petition Date")) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about May 11, 2009, TEKsystems filed proof of claim number 1158 against NNI in the amount of $1,738,599.07 ("Claim #1158"); and

WHEREAS, on January 21, 2010, the Bankruptcy Court entered an Order disallowing Claim #1158 [Main D.I. 2324]; and

WHEREAS, on or about June 16, 2009, Marketsource filed proof of claim number 1369 against NNI in the amount of $1,966,984.39 ("Claim #1369"); and

WHEREAS, on January 21, 2010, the Bankruptcy Court entered an Order disallowing Claim #1369 [Main D.I. 2324]; and

WHEREAS, on or about September 29, 2009, TEKsystems filed proof of claim number 4612 against NNI in the amount of $1,749,061.81 ("Claim #4612"); and

WHEREAS, on or about September 30, 2009, Marketsource filed proof of claim number 5443 against NNI in the amount of $1,966,984.39 ("Claim #5443" and together with Claim 4612, the "Surviving Proofs of Claim"); and

WHEREAS, on January 25, 2011, the Bankruptcy Court entered an Order reclassifying the portion of Claim #5443 asserted as a priority status claim to a general unsecured claim [Main D.I. 4758]; and

WHEREAS, Plaintiffs allege that within ninety (90) days prior to the NNI Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit of TEKsystems in the aggregate amount of $1,241,802.39 (the "TEKsystems Transfers"); and

WHEREAS, Plaintiffs allege that within ninety (90) days prior to the NNI Petition Date and the NN CALA Petition Date respectively, NNI and NN CALA made one or more transfers of an interest in their property to or for the benefit of TEKsystems through Beeline.com, Inc. ("Beeline") in the aggregate amount of $328,846.11 (the "Beeline Transfers" and together with the TEKsystems Transfers, the "Subject Transfers"); and

WHEREAS, on November 9, 2011, NNI instituted the above-captioned Adversary Proceeding entitled Nortel Networks Inc. v. TEKsystems Inc., Adv. Proc. No. 10-55192 (the "TEKsystems Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "TEKsystems Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against TEKsystems, in which it sought to avoid and recover the TEKsystems Transfers (the "TEKsystems Avoidance Claim") [TEKsystems Adv. D.I. 1][2]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in the TEKsystems Adversary Proceeding (Adv. Pro. No. 10-55192) are in the form "TEKsystems Adv. D.I. __." Citations herein to the docket in the Beeline Adversary Proceeding (Adv. Pro. No. 10-55165) are in the form "Beeline Adv. D.I. __."

WHEREAS, on June 22, 2011, Plaintiffs filed an amended complaint (the "Amended Beeline Complaint" and together with the TEKsystems Complaint, the "Complaints") in the above-captioned Adversary Proceeding entitled Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. Beeline.com, Inc., *et al.*, Adv. Pro. No. 10-55165 (the "Beeline Adversary Proceeding" and together with the TEKsystems Adversary Proceeding, the "Adversary Proceedings"), in which they added TEKsystems, among others, as a defendant pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code and sought to avoid and recover the Beeline Transfers from, among others, TEKsystems (the "Beeline Avoidance Claim" and together with the TEKsystems Avoidance Claim, the "Avoidance Claims") [Beeline Adv. D.I. 47]; and

WHEREAS, on January 14, 2011, TEKsystems filed an Answer to the TEKsystems Complaint [TEKsystems Adv. D.I. 4] in the TEKsystems Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaints and TEKsystems' Answer to the TEKsystems Complaint were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claims and the Surviving Proofs of Claim, have agreed to settle the Avoidance Claims and the Surviving Proofs of Claim on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Settlement Consideration for Resolution of the Avoidance Claims and Resolution of Claim #4612</u>.

(a) In full and final settlement and satisfaction of the Avoidance Claims, Plaintiffs and TEKsystems hereby stipulate that, upon the Effective Date (as defined below), Claim #4612 shall be deemed reduced from $1,749,061.81 to $1,470,680.06 and shall be an allowed general unsecured claim by TEKsystems against NNI in the amount of $1,470,680.06 (the "<u>Claim #4612 Allowed Amount</u>"); and TEKsystems agrees that it will not file or otherwise assert any claim against Plaintiffs or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claim set forth in Claim #4612 or that arises out of any alleged pre-petition liability of any of the Debtors to TEKsystems, and TEKsystems releases and forever discharges the Debtors, together with each of their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected,

accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, known or unknown, past or present, fixed or contingent, liquidated or unliquidated which it now has or hereafter may have arising from or related to Claim #4612 over and above the Claim #4612 Allowed Amount.

      (b)      The allowance of Claim #4612 in the Claim #4612 Allowed Amount shall be granted in full satisfaction of any and all claims that have been or could have been asserted by TEKsystems against any of the Debtors, and shall amend and supersede any and all claim amounts for TEKsystems that the Debtors list on their schedules filed with the Bankruptcy Court.  TEKsystems shall not have any further claims against the Debtors based on the Debtors' schedules.

      2.      <u>Resolution of Claim #5443</u>.

      (a)      NNI and Marketsource hereby stipulate that, upon the Effective Date (as defined below), Claim #5443 shall be deemed reduced from $1,966,984.39 to $1,959,220.81 and shall be an allowed general unsecured claim by Marketsource against NNI in the amount of $1,959,220.81 (the "<u>Claim #5443 Allowed Amount</u>"); and Marketsource agrees that it will not file or otherwise assert any claim against NNI or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claim set forth in Claim #5443 or that arises out of any alleged pre-petition liability of any of the Debtors to Marketsource, and Marketsource releases and forever discharges the Debtors, together with each of their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected,

accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, known or unknown, past or present, fixed or contingent, liquidated or unliquidated which it now has or hereafter may have arising from or related to Claim #5443 over and above the Claim #5443 Allowed Amount.

(b) The allowance of Claim #5443 in the Claim #5443 Allowed Amount shall be granted in full satisfaction of any and all claims that have been or could have been asserted by Marketsource against any of the Debtors, and shall amend and supersede any and all claim amounts for Marketsource that the Debtors list on their schedules filed with the Bankruptcy Court. Marketsource shall not have any further claims against the Debtors based on the Debtors' schedules.

3. Release of Plaintiffs Regarding the Avoidance Claims. Effective upon the Effective Date (as defined below), TEKsystems hereby releases and forever discharges Plaintiffs, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that TEKsystems now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claims, the Adversary Proceedings, and any transaction described or referred to in either of the Complaints in the Adversary Proceedings. For the avoidance of doubt, TEKsystems releases any and all claims arising under section 502(h) of the Bankruptcy Code.

    4. <u>Release of TEKsystems Regarding the Avoidance Claims</u>.  Effective upon the Effective Date (as defined below), Plaintiffs hereby release and forever discharge TEKsystems, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>TEKsystems Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had, or hereafter may have against any of the TEKsystems Releasees regarding the Avoidance Claims, the Adversary Proceedings, and any transaction described or referred to in either of the Complaints in the Adversary Proceedings.

    5. <u>Effectiveness and Dismissal of the TEKsystems Adversary Proceeding and TEKsystems in the Beeline Adversary Proceeding</u>.  Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date (as defined below), this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.  Within ten (10) business days after the date that the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (defined below) (hereinafter, the "<u>Effective Date</u>"), Plaintiffs shall file with the Bankruptcy Court: (1) a stipulation of dismissal with prejudice of the TEKsystems Adversary Proceeding, and (2) a stipulation of dismissal with prejudice dismissing TEKsystems in the Beeline Adversary Proceeding.  The Bankruptcy Court order approving this Stipulation and the

8

settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

6. Claims Register. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

7. Applicable Law. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

8. Confidentiality. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

9. Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

10. No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claims.

11. Costs and Expenses. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceedings, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

12. Representations and Warranties. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

13. Construction. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

14. Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December ___, 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

TEKsystems Inc.

By: _____
Name: DERREK HIESTER
Title: REGIONAL CONTROLLER

Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

Marketsource, Inc.

By: _____
Name: MARK MUELLER
Title: VP of Finance

11