**<u>Exhibit C</u>**



**NORTEL**

**Execution Version**

Mr. John Doolittle
Senior Vice President Finance & Corporate Services
Nortel Networks Corporation
5945 Airport Road
Suite 360
Mississauga, Ontario, Canada L4V 1R9

December 15, 2011

Dear Mr. Doolittle:

        In furtherance of the Flextronics Settlement Agreement, the Canadian Debtors and the U.S. Debtors agree that:

1. the intercompany obligations between NNC or NNL, on the one hand, and NNI, on the other hand, listed on Schedule A hereto will be offset, and NNL shall pay to NNI in immediately available funds a net amount of $5,024,837.29 (the "Payment Amount") within three (3) business days of the Effective Date;

2. promptly following NNI's receipt of the Payment Amount, NNC, NNL and NNI shall reduce the accounts receivable and accounts payable related to the obligations listed on Schedule A hereto to zero balances in their respective books and records and accounting systems;

3. the Parties shall not assert any further claim or set off, demand payment or seek relief in any court or in any proceeding with respect to all or any of the obligations listed on Schedule A hereto;

4. subject to receipt by NNI of the Payment Amount, the U.S. Debtors, on the one hand, and the Canadian Debtors, on the other, hereby release and forever discharge each other and their respective directors, officers, employees,

1



agents, representatives and successors and assigns, from any and all liabilities, claims, defences, demands, obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, lawyers' fees), whether known or unknown, past or present, fixed or contingent, or liquidated or unliquidated, arising from or related to the Amending Agreement, the Settlement Agreement or the Side Letter, including, without limitation, the $145 Million Inventory Buy-Back Obligation. For greater certainty, this release shall not release or have any impact on the rights and obligations of the Canadian Debtors and the U.S. Debtors under the November 2009 Side Agreement; and

5. subject to receipt by NNI of the Payment Amount, the obligations listed on Schedule A hereto shall not, and shall not be deemed to, determine, ratify, adopt or have any impact whatsoever on the allocation of proceeds from the Sale Transactions.

This letter agreement relates solely to the matters set forth herein and on Schedule A hereto. Except as expressly provided herein, all rights, obligations, claims and defenses of the Parties by, against or among each other are preserved, and nothing in this letter agreement is intended to expand, modify or limit the existence of such rights, obligations, claims and defenses, if any, including, without limitation, such rights, obligations, claims and defenses as may exist under any agreement, side letter or side agreement entered into by the Parties (including side letters or side agreements as to which entities other than the Parties may be bound) on or after January 14, 2009.

This letter agreement may be executed in two or more counterparts (no one of which need contain the signature pages of all Parties), each of which will be an original and all of which together will constitute one and the same instrument. Delivery of an executed counterpart of this letter agreement via e-mail attachment shall be effective as a manually executed counterpart to this letter agreement.

Capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Flextronics Settlement Agreement. For purposes of this letter agreement:

"**Canadian Court**" means the Ontario Superior Court of Justice (Commercial List);

"**Canadian Debtors**" means Nortel Networks Corporation, Nortel Networks, Limited and certain of their Canadian affiliates who filed an application with the Canadian Court under the Companies' Creditors Arrangement Act on January 14, 2009;



"**Debtors**" means the Canadian Debtors, the U.S. Debtors and the EMEA Debtors;

"**EMEA Debtors**" means Nortel Networks U.K. Limited (in administration) and certain of its affiliates who were placed in administration by the High Court of England and Wales on January 14, 2009;

"**Flextronics Settlement Agreement**" means the Global Settlement and Release Agreement dated December 15, 2011 between Flextronics Corporation, certain of its affiliates, the Canadian Debtors, the U.S. Debtors and certain of the EMEA Debtors;

"**NNC**" means Nortel Networks Corporation;

"**NNI**" means Nortel Networks Inc.;

"**NNL**" means Nortel Networks, Limited;

"**Parties**" means the Canadian Debtors and the U.S. Debtors;

"**Sale Transactions**" means the sales of the Debtors' various business units and other assets, including the sale of the Debtors' patent portfolio and related asssets, approved by the Canadian Court and the U.S. Court;

"**U.S. Court**" means the United States Bankruptcy Court for the District of Delaware; and

"**U.S. Debtors**" means Nortel Networks Inc. and certain of its affiliates who commenced cases under Chapter 11 of Title 11 of the United States Code on January 14, 2009, by filing voluntary petitions for relief in the U.S. Court and Nortel Networks (CALA) Inc., which commenced its case under Chapter 11 of Title 11 of the United States Code on July 14, 2009, by filing a voluntary petition for relief in the U.S. Court.



IN WITNESS WHEREOF, the Parties hereto have caused this letter agreement to be duly executed and delivered as of this [●] day of [●], 2011.

NORTEL NETWORKS INC.

By _____
Name:
Title:

ARCHITEL SYSTEMS (U.S.) CORPORATION

By _____
Name:
Title:

CORETEK, INC.

By _____
Name:
Title:

NORTEL ALTSYSTEMS, INC.

By _____
Name:
Title:



NORTEL ALTSYSTEMS
INTERNATIONAL INC.

By  _____
    Name:
    Title:

NORTEL NETWORKS APPLICATIONS
MANAGEMENT SOLUTIONS INC.

By  _____
    Name:
    Title:

NORTEL NETWORKS CABLE
SOLUTIONS INC.

By  _____
    Name:
    Title:

NORTEL NETWORKS CAPITAL
CORPORATION

By  _____
    Name:
    Title:



NORTEL NETWORKS HPOCS INC.

By _____
Name:
Title:

NORTEL NETWORKS INTERNATIONAL INC.

By _____
Name:
Title:

NORTEL NETWORKS OPTICAL COMPONENTS INC.

By _____
Name:
Title:

NORTHERN TELECOM INTERNATIONAL INC.

By _____
Name:
Title:

QTERA CORPORATION

By _____
Name:
Title:



SONOMA SYSTEMS

By _____
    Name:
    Title:

XROS, INC.

By _____
    Name:
    Title:

NORTEL NETWORKS (CALA) INC.

By _____
    Name:
    Title:



NORTEL NETWORKS CORPORATION

By _____
Name: Anna Ventresca
Title: General Counsel - Corporate and Corporate Secretary

By _____
Name: Clarke Glaspell
Title: Controller

NORTEL NETWORKS LIMITED

By _____
Name: Anna Ventresca
Title: General Counsel - Corporate and Corporate Secretary

By _____
Name: Clarke Glaspell
Title: Controller

NORTEL NETWORKS GLOBAL CORPORATION

By _____
Name: Anna Ventresca
Title: Secretary

By _____
Name: Clarke Glaspell
Title: Controller

8



NORTEL NETWORKS INTERNATIONAL
CORPORATION

By _____
Name: Anna Ventresca
Title: Secretary

By _____
Name: Clarke Glaspell
Title: Treasurer

NORTEL NETWORKS TECHNOLOGY
CORPORATION

By _____
Name: Anna Ventresca
Title: Secretary

By _____
Name: Clarke Glaspell
Title: President & Controller

9

12388841_2.DOC



ACKNOWLEDGED BY:

ERNST & YOUNG INC.,
SOLELY IN ITS CAPACITY AS
MONITOR OF NORTEL NETWORKS
CORPORATION ET AL. AND NOT IN ITS
PERSONAL CAPACITY

By _____
Name: Tim Ayres
Title: SR. VICE PRESIDENT.

10



## Schedule A - Discharged Obligations

| Trading Partner | Transaction Description | NNL to NNI | NNI to NNL | Net Position |
|---|---|---|---|---|
| **Flextronics Inventory** | | | | |
| 1002 | Flextronics Inventory per Original Term Sheet | 12.9 | - | 12.9 |
| 1002 | Q1'11 Flextronics Activity / Adjustments | (0.7) | - | (0.7) |
| **Total Flex Inventory** | | **12.2** | **-** | **12.2** |
| | | | | |
| **Unsettled Post Petition Inter-Company Transactions** | | | | |
| 1002 | Misdirected Cash | 0.9 | - | 0.9 |
| 1002 | Misdirected Cash Jan thru Aug 2011 | 1.9 | | 1.9 |
| 1002 | Misdirected Cash Sept 2011 | 0.1 | (0.0) | 0.0 |
| 1002 | Misdirected Cash Oct 2011 | 0.0 | (0.0) | (0.0) |
| 1002 | Freight | 0.2 | - | 0.2 |
| 1002 | Avaya TSA | - | (0.4) | (0.4) |
| 1002 | Alteon Headcount Tax | - | (0.4) | (0.4) |
| 1002 | Clarify Charges | - | (0.4) | (0.4) |
| 1002 | Unmatched Inventory Transactions | - | (7.7) | (7.7) |
| 1003 | Summerhill investment duplicate payment | 0.7 | - | 0.7 |
| 1003 | Relocation | 0.3 | - | 0.3 |
| 3230 | Inventory Transactions | 0.7 | - | 0.7 |
| 1002 | Q2 2011 Inventory (Ericsson TSA Corrections) | 0.5 | - | 0.5 |
| 1002 | Q2 2011 Misdirected Cash | - | (1.4) | (1.4) |
| 1003 | Q2 2011 Misdirected Cash | - | (0.1) | (0.1) |
| 1003 | 2011 Insurance Agreement (E&O, EPL) | - | (0.3) | (0.3) |
| 3230 | Q2 2011 Misdirected Cash | - | (0.2) | (0.2) |
| 1002 | July 2011 Misdirected Cash | - | (1.5) | (1.5) |
| **Total Unsettled Post Petition Inter-Company Transactions** | | **5.2** | **(12.4)** | **(7.2)** |
| | | | | |
| **Net Post Petition Inter-Company** | | **17.5** | **(12.4)** | **5.0** |