**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
*In re*                                                   :   Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :   Case No. 09-10138 (KG)
                                                          :
                                    Debtors.              :   Jointly Administered
                                                          :
------------------------------------------------------------X

### STIPULATION RESOLVING CLAIM BY AND BETWEEN COX COMMUNICATIONS, INC. AND NORTEL NETWORKS INC.

This Stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Cox Communications, Inc. ("Claimant", and together with Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on or about January 11, 2008, Verizon Communications Inc. and certain of its affiliates commenced a lawsuit against Claimant and certain of Claimant's affiliates in the United States District Court for the Eastern District of Virginia, Civ. Nos. 2:08-cv-00020-JBF-TEM, 1:08-cv-00157-CMH-TRJ (the "Verizon Litigation"), asserting claims against Claimant for infringement of eight different patents;

WHEREAS, by letter dated February 8, 2008 and in subsequent correspondence, Claimant sought indemnification from the Nortel Debtor for litigation expenses and any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1

liability incurred in the Verizon Litigation on account of products the Nortel Debtor sold to Claimant, alleging that Claimant was entitled to such indemnity under the terms of a Purchase and License Agreement executed between the Parties dated January 1, 2002, as amended (the "License Agreement");

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered));

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases;

WHEREAS, on or about September 29, 2009, Claimant filed proof of claim number 4642 in the amount of $7,977,892.36, reflecting the amount of indemnity sought from the Nortel Debtor on account of the Verizon Litigation ("Claim No. 4642" or the "Claim");

WHEREAS, the Parties have engaged in arms' length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes and the Claim; and

WHEREAS, the Parties have agreed that Claim No. 4642 should be reduced and allowed as a general unsecured claim in the amount of Two Million, Four Hundred Thousand Dollars ($2,400,000.00);

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claim. Upon the approval of this Stipulation by the Bankruptcy Court:

   (a) Claim No. 4642 shall be deemed reduced and allowed as a general unsecured claim by Claimant against the Nortel Debtor in the amount of $2,400,000.

   (b) This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant, and Claimant shall have no other or further claims against the Debtors aside from Claim No. 4642 as reduced and allowed herein.

2. Release by Claimant. Effective upon approval of this Stipulation by the Bankruptcy Court, and except for the Nortel Debtor's liability on the Claim, as reduced and allowed herein, Claimant releases and forever discharges the Debtors, and each of their current and former parents, affiliates, subsidiaries, shareholders, directors, officers, employees, agents, general partners, limited partners, attorneys, personal representatives, predecessors, and successors (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, recoupments, costs, expenses (including, without limitation, attorney's fees), and setoffs, whether known or unknown, past or present, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, that Claimant now has, had, may have had, or hereafter may have against any of the Debtor Releasees arising out of or relating to the business relationship between

3

the Nortel Debtor and Claimant, including, without limitation, any claim arising from or related to the Claim, the Verizon Litigation, or the License Agreement.

3. <u>Release by the Nortel Debtor</u>. Effective upon approval of this Stipulation by the Bankruptcy Court, the Nortel Debtor releases and forever discharges the Claimant, and each of its current and former parents, affiliates, subsidiaries, shareholders, equity holders, directors, officers, employees, agents, general partners, limited partners, attorneys, personal representatives, predecessors, and successors (collectively, the "<u>Claimant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, recoupments, costs, expenses (including, without limitation, attorney's fees), and setoffs, whether known or unknown, past or present, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, that the Nortel Debtor now has, had, may have had, or hereafter may have against any of the Claimant Releasees arising out of or relating to the business relationship between Claimant and the Nortel Debtor, including any claim against any of the Claimant Releasees for avoidable transfers within the meaning of Section 547(b) of the Bankruptcy Code.

4. <u>No Further Claims</u>. Upon approval of this Stipulation by the Bankruptcy Court, Claimant shall be forever barred from (i) amending the Claim and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

5. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

6. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

7. <u>No Transfer</u>. Claimant represents that it has not sold, assigned or otherwise transferred the Claim to a third party.

8. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession with respect to liability or any allegation raised in or relating to the Claim.

9. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

12. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claim and this Stipulation shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or of any liability thereunder.

13. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  December 14, 2011

Nortel Networks Inc.

By: _____
John Ray, Principal Officer

Cox Communications, Inc.

By: _____
Jennifer Hightower, Vice-President Regulatory Affairs

6