**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------X
In re                                              :
                                                   :        Chapter 11
Nortel Networks Inc., et al.,¹                     :
                                                   :
                    Debtors.                       :        Bankr. Case No. 09-10138 (KG)
---------------------------------------------------------- X
Nortel Networks (CALA) Inc.,                       :
                                                   :        (Jointly Administered)
                    Plaintiff,                     :
                                                   :
                                                   :        Adv. Proc. No. 10-55939 (KG)
v.                                                 :
                                                   :
WIND Telecom, S.A.,                                :        Hearing date:  January 24, 2012 at 10:00am (ET)
                                                   :        Objections due: January 17, 2012 at 4:00 pm
                    Defendant.                     :        (ET)
----------------------------------------------------------X
```

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY**
**RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION**
**OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN NORTEL**
**NETWORKS (CALA) INC. AND WIND TELECOM, S.A.**

Nortel Networks (CALA) Inc. ("NN CALA"), and certain of its affiliates, as debtors and

debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for

the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections

105(a), 502, 547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing

the Debtors to enter into and approving a stipulation (the "Stipulation") between NN CALA and

---

[1]    In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are:  Nortel Networks Capital
Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera
Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks
Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks
International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel
Networks (CALA) Inc.  Contact information for the Debtors and their petitions are available at
http://dm.epiq11.com/nortel.

WIND Telecom, S.A. ("WIND," and together with NN CALA, the "Parties"), in the form attached hereto as **Exhibit B.**  If approved, the Stipulation will resolve: (i) the Adversary Proceeding entitled Nortel Networks (CALA) Inc. v. WIND Telecom, S.A., Adv. Proc. No. 10-55939 (KG) (the "Adversary Proceeding") and (ii) various proofs of claim filed by WIND against NN CALA.  In addition to authorizing the Debtors to enter into and approving the Stipulation, by this Motion the Debtors request that the Court (the "Court" or the "Bankruptcy Court") grant them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3.      On January 14, 2009 (the "NNI Petition Date"), the Debtors, other than NN CALA, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.

4.      NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 (the "NN CALA Petition Date"), which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142][2], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

6.     On the NNI Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors and a Monitor, Ernst & Young Inc., was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLP.  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

7.     Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[2]   Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __."  Citations herein to the docket in the Adversary Proceeding (Adv. Pro. No. 10-55939) are in the form "Adv. D.I. __."

[3]   The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]   The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Relief Requested**

8.      By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547,

and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii)

authorizing but not directing NN CALA to take all actions reasonably appropriate to perform its

obligations under the Stipulation, and (iii) granting it such other and further relief as the

Bankruptcy Court deems just and proper.

**Facts Relevant to this Motion**

9.      NN CALA's books and records indicate that within ninety (90) days prior to the

NN CALA Petition Date, NN CALA made one or more transfers of an interest in its property to

or for the benefit of WIND in the aggregate amount of $264,183.94 (the "WIND Transfers").

10.      On or about January 27, 2010, WIND filed against NN CALA a section 503(b)(9)

administrative expense claim in the amount of $1,050,000.00 designated as Claim No. 7011 in

NN CALA's bankruptcy case ("Claim 7011").

11.      On or about January 27, 2010, WIND filed against NN CALA a general

unsecured pre-petition proof of claim in the amount of $1,050,000.00 designated as Claim No.

7012 in NN CALA's bankruptcy case ("Claim 7012").

12.      On or about January 27, 2010, WIND filed against NN CALA a general

unsecured pre-petition proof of claim in the amount of $1,050,000.00 designated as Claim No.

7069 in Plain NN CALA's tiff's bankruptcy case ("Claim 7069").

13.      On or about January 27, 2010, WIND filed against NN CALA a section 503(b)(9)

administrative expense claim in the amount of $1,050,000.00 designated as Claim No. 7070 in

NN CALA's bankruptcy case ("Claim 7070", and with Claim 7011 and Claim 7012, the "WIND

Duplicate Claims").

4

14.     On September 16, 2010, the Court entered an *Order Authorizing And Approving Settlement Procedures To Settle Certain Prepetition Claims* (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953].

15.     On December 6, 2010, NN CALA instituted this Adversary Proceeding by filing the *Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the WIND Transfers (the "Avoidance Claim") [Adv. D.I. 1].

16.     On January 5, 2011, Defendant filed the *Answer To Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses.

17.     Since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks and burden that would be imposed by further litigation of the Avoidance Claim, Claim 7069 and the WIND Duplicate Claims, have agreed to settle the Adversary Proceeding, Claim 7069 and the WIND Duplicate Claims on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

18.     Pursuant to the Stipulation[5] and subject to the Bankruptcy Court's approval, NN CALA has agreed to settle: (i) the Avoidance Claim in exchange for payment by WIND in the amount of $200,000.00 (the "Settlement Amount") within ten business days of the Effective Date (as defined in the Stipulation) and (ii) Claim 7069 and the WIND Duplicate Claims in

---

[5]     In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

exchange for (y) the allowance of Claim 7069 as a general, unsecured claim against NN CALA in the amount of $1,050,000.00 and (z) the disallowance of the WIND Duplicate Claims in their entirety (collectively, the "Settlement Consideration").

19.     In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, WIND has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release and forever discharge NN CALA, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that WIND now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, the WIND Duplicate Claims, and any transaction described or referred to in the Complaint in the Adversary Proceeding, excluding only (i) WIND's potential claim under § 502(h) of the Bankruptcy Code arising from the payment of the Settlement Amount hereunder and provided that such proof of claim is filed within thirty (30) days of the Settlement Date and (ii) Claim 7069.

20.     In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, NN CALA has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release and forever discharge WIND, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns

(collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that NN CALA now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding, excluding only any claim based on the Stipulation.

## **Basis for Relief**

21.    The Debtors seek authorization for NN CALA to enter into the Stipulation under sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

22.    Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). And

courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

23.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25. The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

24.    The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"): "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

25.     The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation.  While NN CALA is prepared to litigate the Avoidance Claim, Claim 7069 and the WIND Duplicate Claims and believe that there is a reasonable possibility they would prevail in such litigation, NN CALA recognizes that litigation of the Avoidance Claim, Claim 7069 and the WIND Duplicate Claims carries with it inherent uncertainties and the Settlement Consideration represents a significant return for the Debtors' estates.

26.     This is particularly true given that further litigation of the Avoidance Claim, Claim 7069 and the WIND Duplicate Claims would result in the estate's expenditure of considerable additional legal fees.  These would include fees associated with formal discovery and potentially a trial.  In the absence of a settlement, the estate would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution of these cases.

27.     In addition, the interests of the creditors weigh in favor of approval of the Stipulation.  The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Avoidance Claim, Claim 7069 and the WIND Duplicate Claims and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claim, Claim 7069 and the WIND Duplicate Claims were to be further litigated.

28.     In light of the foregoing, the Debtors respectfully seek authorization for NN CALA to enter into the Stipulation and approval of the Stipulation.

## Notice

29.     Notice of the Motion has been given via first class mail to (i) WIND; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the

general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

30.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 3, 2012                   MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        Wilmington, Delaware

                                              */s/ Chad A. Fights*
                                       Donna L. Culver (No. 2983)
                                       Derek C. Abbott (No. 3376)
                                       Chad A. Fights (No. 5006)
                                       1201 North Market Street
                                       P.O. Box 1347
                                       Wilmington, Delaware 19801
                                       (302) 658-9200

                                       *Counsel for the Debtors*
                                       *and Debtors in Possession*