**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
In re                                                  :
                                                       :     Chapter 11
Nortel Networks Inc., *et al.*,[1]                     :
                                                       :     Bankr. Case No. 09-10138 (KG)
                               Debtors.                :
---------------------------------------------------- X
Nortel Networks (CALA) Inc.,                           :     (Jointly Administered)
                                                       :
                               Plaintiff,              :
                                                       :
v.                                                     :
                                                       :
WIND Telecom, S.A.,                                    :
                                                       :     Adv. Proc. No. 10-55939 (KG)
                               Defendant.              :
----------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
NORTEL NETWORKS (CALA) INC. AND WIND TELECOM, S.A.**

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks (CALA) Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") on the one hand and WIND Telecom, S.A. ("Defendant", and together with Plaintiff, the "Parties" and each a "Party") on the other hand. The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on January 14, 2009, the Debtors (with the exception of NN CALA, which filed on July 14, 2009 (the "Petition Date")) each filed a voluntary petition for relief under

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that on or within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $264,183.94 (the "Subject Transfers"); and

WHEREAS, on or about January 27, 2010, Defendant filed against Plaintiff a section 503(b)(9) administrative expense claim in the amount of $1,050,000.00 designated as Claim No. 7011 in Plaintiff's bankruptcy case ("Claim 7011"); and

WHEREAS, on or about January 27, 2010, Defendant filed against Plaintiff a general unsecured pre-petition proof of claim in the amount of $1,050,000.00 designated as Claim No. 7012 in Plaintiff's bankruptcy case ("Claim 7012"); and

WHEREAS, on or about January 27, 2010, Defendant filed against Plaintiff a general unsecured pre-petition proof of claim in the amount of $1,050,000.00 designated as Claim No. 7069 in Plaintiff's bankruptcy case ("Claim 7069"); and

WHEREAS, on or about January 27, 2010, Defendant filed against Plaintiff a section 503(b)(9) administrative expense claim in the amount of $1,050,000.00 designated as Claim No. 7070 in Plaintiff's bankruptcy case ("Claim 7070", and with Claim 7011 and Claim 7012, the "WIND Duplicate Claims"); and

WHEREAS, on September 16, 2010, the Court entered an *Order Authorizing And Approving Settlement Procedures To Settle Certain Prepetition Claims* (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an *Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims* (the "Avoidance Claims Settlement Procedures Order"), authorizing the Debtors, *inter alia*, to settle avoidance claims where the asserted claim amount is greater than $250,000 but equal to or less than $1,000,000 without further notice or order of the Bankruptcy Court, provided the Debtors notify the Notice Parties, defined in the Avoidance Claims Settlement Procedures Order (the "Notice Parties" and each, a "Notice Party"), of a settlement and provided no Notice Party objects in writing within ten (10) calendar days of receipt of notice of such settlement (the "Notice Period") [Main D.I. 4211]; and

WHEREAS, on December 6, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 11-55939 (the "Adversary Proceeding") by filing a *Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55939) are in the form "Adv. D.I. __."

3

WHEREAS, on January 5, 2011, Defendant filed the *Answer To Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, Claim 7069 and the WIND Duplicate Claims, have agreed to settle the Adversary Proceeding, Claim 7069 and the WIND Duplicate Claims on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. Resolution of the Avoidance Claim. The Parties hereby stipulate that, the date on which the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (as defined below) shall be deemed the "Effective Date" of this Stipulation. The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal. Defendant shall pay to Plaintiff the sum of $200,000.00 (the "Settlement Amount") within ten business days of the Effective Date, in full

and final settlement and satisfaction of the Avoidance Claim, by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel#: 302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks CALA Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks (CALA) Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "Settlement Payment"). The first date on which all of the following shall have occurred shall hereafter be referred to as the "Settlement Date": (i) Plaintiff shall have received the Settlement Payment; and (ii) the Settlement Payment clears the account upon which it is drawn.

2. Dismissal of the Adversary Proceeding. Within ten (10) business days after the Settlement Date, the Parties shall enter into a stipulation dismissing the Adversary Proceeding with prejudice, with each Party to bear its own costs and attorneys' fees.

3. Release of Plaintiff. Effective upon the dismissal of the Adversary Proceeding, Defendant hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, the WIND Duplicate Claims, and any transaction described or referred to in the Complaint in the Adversary Proceeding, excluding only (i) Defendant's

potential claim under § 502(h) of the Bankruptcy Code arising from the payment of the Settlement Amount hereunder and provided that such proof of claim is filed within thirty (30) days of the Settlement Date and (ii) Claim 7069. For the avoidance of doubt, nothing herein shall be deemed to constitute a waiver or release of Plaintiff's obligations hereunder.

4. <u>Release of Defendant</u>. Effective upon the dismissal of the Adversary Proceeding, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding, excluding only any claim based on this Stipulation. For the avoidance of doubt, nothing herein shall be deemed to constitute a waiver or release of Defendant's obligations hereunder.

5. <u>Settlement Consideration/Defendants' Proofs of Claim</u>. The Parties hereby stipulate that, in addition to the settlement of the Adversary Proceeding set forth herein and as of the Settlement Date, (i) Claim 7069 shall be allowed as a general, unsecured claim against Plaintiff in the amount of $1,050,000.00; (ii) the WIND Duplicate Claims shall be deemed disallowed in their entirety; and (iii) Defendant agrees that the allowance of Claim 7069 and the disallowance of the WIND Duplicate Claims described herein shall be in full satisfaction

of any and all claims based on the same transactions or occurrences as those that gave rise to the claims set forth in Claim 7069 and the WIND Duplicate Claims or that were or could otherwise have been asserted as part of either of such Claims, and shall also be deemed to amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court with respect to such transactions and occurrences and such Claims. Defendants shall not have any further claims against the Debtors based on the Debtors' schedules.

6. <u>Defendant's 502(h) Proof of Claim</u>. Defendant shall be entitled to file a proof of claim against Plaintiff's bankruptcy estate for a general unsecured claim under § 502(h) of the Bankruptcy Code for an amount not to exceed the Settlement Amount, provided that such proof of claim is filed within thirty (30) days of the Settlement Date (the "WIND 502(h) Claim"). The Parties hereby stipulate that upon filing, the WIND 502(h) Claim shall be an allowed general unsecured claim.

7. <u>Effectiveness</u>. Upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

8. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

9. <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

10.    Confidentiality. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court. Notwithstanding the foregoing, Defendant may disclose this Stipulation to a potential transferee of Claim 7069 or the WIND 502(h) Claim, so long as the potential transferee agrees in writing to maintain the confidentiality of such terms of this Stipulation as provided for herein.

11.    Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

12.    No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

13.    Costs and Expenses. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding and the WIND 502(h) Claim, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

14. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so

15. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or .pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _____, 2011

| Nortel Networks (CALA) Inc. | WIND Telecom, S.A. |
|---|---|
| By: _____ <br> John Ray <br> Principal Officer | By: _____ <br> [Name] <br> [Title] |

9

14. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

15. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or .pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December 5th, 2011

Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

WIND Telecom, S.A.

By: _____
Damián A. Báez Dorrejo
EVP / General Manager

9