## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
                                       :

*In re*                             :        Chapter 11

                              :

Nortel Networks Inc., *et al.*,[1]      :        Case No. 09-10138 (KG)

                              :

              Debtors.        :        Jointly Administered

                              :

                              :        **Hearing date: January 24, 2012 at 10:00 a.m. (ET)**

                              :        **Objections due: January 17, 2012 at 4:00 p.m. (ET)**

---------------------------------------------------------- X

## DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION RESOLVING CLAIM NO. 5508 WITH CORRE OPPORTUNITIES FUND, L.P. (AS TRANSFEREE FROM JOHNSON CONTROLS, INC.)

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing NNI's entry into and approving a stipulation (the "Stipulation") with Corre Opportunities Fund, L.P. (the "Claimant" and together with the Debtors, the "Parties") as transferee from Johnson Controls, Inc. ("JCI"), attached hereto as **Exhibit B**, which resolves the Claimant's claim against NNI; and (ii) granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

**Jurisdiction**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

3.     On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.     On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

---

[2]     Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7.      By this Motion, the Debtors seek an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's entry into and approving the Stipulation, and (ii) granting them such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

8.      On or about February 16, 2009, JCI filed a Motion for Relief from Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors [D.I. 300] (the "Setoff Motion"), seeking authority to effectuate a setoff of amounts that were owed from JCI to NNI against amounts that were owed from NNI to JCI.

---

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

9.      On or about February 18, 2009, JCI filed an Exhibit (Supplement to Motion for Relief from Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors) [D.I. 324] amending the Setoff Motion to include a previously unidentified invoice.

10.     On or about March 10, 2009, JCI filed an Exhibit (Second Supplement to Motion for Relief from Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors) [D.I. 448] further amending the Setoff Motion to reflect additional amounts owed from NNI to JCI.

11.     On or about March 20, 2009, the Court entered the Order Granting Motion of Johnson Controls, Inc. Relief From the Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors [D.I. 512] (the "Setoff Order") approving the Setoff Motion.

12.     On or about September 30, 2009, JCI filed proof of claim number 5508 in the amount of $1,300,030.75 to assert a claim that includes (i) the amount owed from NNI to JCI after the entry of the Setoff Order and the effect of the setoff and (ii) the amount with respect to additional prepetition invoices for services rendered that were identified by JCI after the Setoff Order was entered ("Claim No. 5508").

13.     On or about June 28, 2011, JCI transferred Claim No. 5508 to Claimant pursuant to the terms and conditions set forth in that certain Notice of Claims Purchase Agreement by and between Claimant and JCI (the "Transfer Agreement").

14.     On or about July 11, 2011, Claimant filed a Notice of Transfer of Claim Other Than for Security [D.I. 5932].

15.    On or about July 12, 2011, Epiq Bankruptcy Solutions, LLC served a Notice of Defective Transfer on JCI stating that the amount listed on the Transfer Agreement did not match the amount listed as being claimed in Claim No. 5508.

16.    On or about July 20, 2011, Claimant filed a Notice of Transfer of Claim Other Than for Security [D.I. 5987], restating the amount being transferred pursuant to the Transfer Agreement, and no objection to such notice was filed within the time permitted by the Bankruptcy Rules.

17.    In an effort to negotiate an expeditious resolution of the dispute between the Debtors and the Claimant, the Parties entered into arm's-length settlement discussions.

18.    As a result of these negotiations, subject to this Court's approval, NNI has reached a compromise with the Claimant, as memorialized in the Stipulation, to allow Claim No. 5508 as a general unsecured amount of $1,219,443.99.[5]

19.    The settlement of Claim No. 5508 includes a reduction of that claim by (i) $54,112.06 in invoices that were replaced by a subsequent invoice and such subsequent invoice was paid by NNI on May 4, 2009; (ii) $2,102.04 that was not located in NNI's books and records; (iii) $23,823.83 in invoices that were redundant of invoices that had previously been billed to NNI; and (iv) $548.83 that is the difference between the setoff amount listed on Claim No. 5508 and the setoff amount that was effectuated by NNI after the entry of the Setoff Order.  In consideration for the partial allowance of Claim No. 5508, Claimant has agreed, subject to this Court's approval, to release all claims against the Debtors that Claimant now has or hereafter may have arising from or related to Claim No. 5508.

---

[5]    This overview is intended as a summary of the terms of the Stipulation.  If any conflict arises between this overview and the Stipulation, the terms of the Stipulation shall control.

20.     The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of Claim No. 5508 through the Stipulation is appropriate and in the best interest of both their estates and their creditors.

**Basis for Relief**

21.     The Debtors seek authorization to enter into the Stipulation under sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

22.     Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.  Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts."  In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (internal quotation omitted) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

6

23.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

24.     The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

25.     The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation, and request that NNI's entry into the Stipulation be authorized under Bankruptcy Rule 9019.  While the Debtors are prepared to litigate Claim No. 5508 and believe that they would prevail in such litigation, litigation carries with it inherent uncertainties and there

is no assurance that such litigation would achieve a better result than the one set forth in the Stipulation.  Also, the settlement reflected in the Stipulation reduces a purported $1,300,030.75 from Claim No. 5508 filed by the Claimant against NNI's estate by $80,586.76 to the lesser amount of $1,219,443.99.  This resolution fairly balances the Debtors' likelihood of success on the merits of Claim No. 5508 against their interest in avoiding the uncertainty of litigation.

26.     In addition, litigation of Claim No. 5508 would result in the estate's expenditure of significant legal fees.  Finally, the interests of the creditors militate in favor of approval of the Stipulation.  The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of Claim No. 5508 and the avoidance of legal expenses that would be incurred if Claim No. 5508 were to be litigated.

27.     In light of the foregoing, the Debtors respectfully seek authorization to enter into the Stipulation and approval of the Stipulation.

## Notice

28.     Notice of the Motion has been given via electronic transmission, hand delivery or first class mail to (i) the Claimant; (ii) counsel to JCI; (iii) the U.S. Trustee; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; and (vi) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

29.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  January 3, 2012
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Chad A. Fights (No. 5006)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*