**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
------------------------------------------------------------X

**STIPULATION RESOLVING CLAIM NO. 5508 BY AND BETWEEN
CORRE OPPORTUNITIES FUND, LP AND NORTEL NETWORKS INC.**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Corre Opportunities Fund, LP ("Claimant", and together with the Nortel Debtor, the "Parties"), as transferee from Johnson Controls, Inc. ("JCI"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

1

2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about February 16, 2009, JCI filed a Motion for Relief from Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors [D.I. 300] (the "Setoff Motion"), seeking authority to effectuate a setoff of amounts that were owed from JCI to the Nortel Debtor against amounts that were owed from the Nortel Debtor to JCI; and

WHEREAS, on or about February 18, 2009, JCI filed an Exhibit (Supplement to Motion for Relief from Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors) [D.I. 324] amending the Setoff Motion to include a previously unidentified invoice; and

WHEREAS, on or about March 10, 2009, JCI filed an Exhibit (Second Supplement to Motion for Relief from Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors) [D.I. 448] further amending the Setoff Motion to reflect additional amounts owed from the Nortel Debtor to JCI; and

WHEREAS, on or about March 20, 2009, the Bankruptcy Court entered the Order Granting Motion of Johnson Controls, Inc. Relief From the Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors [D.I. 512] (the "Setoff Order") approving the Setoff Motion ; and

WHEREAS, on or about September 30, 2009, JCI filed proof of claim number 5508 in the amount of $1,300,030.75 to assert a claim that includes (i) the amount owed from the Nortel Debtor to JCI after the entry of the Setoff Order and the effect of the

setoff and (ii) the amount with respect to additional prepetition invoices for services rendered that were identified by JCI after the Setoff Order was entered ("Claim No. 5508"); and

WHEREAS, on or about June 28, 2011, JCI transferred Claim No. 5508 to Claimant pursuant to the terms and conditions set forth in that certain Notice of Claims Purchase Agreement by and between Claimant and JCI (the "Transfer Agreement"); and

WHEREAS, on or about July 11, 2011, Claimant filed a Notice of Transfer of Claim Other Than for Security [D.I. 5932]; and

WHEREAS, on or about July 12, 2011, Epiq Bankruptcy Solutions, LLC served a Notice of Defective Transfer on JCI stating that the amount listed on the Transfer Agreement did not match the amount listed as being claimed in Claim No. 5508; and

WHEREAS, on or about July 20, 2011, Claimant filed a Notice of Transfer of Claim Other Than for Security [D.I. 5987], restating the amount being transferred pursuant to the Transfer Agreement, and no objection to such notice was filed within the time permitted by the Federal Rules of Bankruptcy Procedure; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim No. 5508, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that Claim No. 5508 should be allowed as a general unsecured claim in the amount of $1,219,443.99.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. <u>Resolution of Claim</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

    a.  Claim No. 5508 shall be an allowed general unsecured claim by Claimant (as transferee from JCI) against the Nortel Debtor in the amount of $1,219,443.99.

    b.  The allowance of Claim No. 5508 as described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in Claim No. 5508 and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court arising from or related to the facts underlying Claim No. 5508. Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

2. <u>Release</u>.

    a.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to Claim No. 5508.

    b.  **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

3. <u>No Further Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending Claim No. 5508 or (ii) filing or otherwise asserting any further claim arising from or relating to Claim No. 5508, or the facts underlying Claim No. 5508, against any of the Debtors in the Debtors' chapter 11 cases.

4. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

5. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

6. <u>No Transfer to a Third Party</u>.  Claimant represents that it has not sold, assigned or otherwise transferred Claim No. 5508 or any of the claims being released pursuant to this Stipulation to a third party, including JCI.

7. <u>No Transfer to JCI</u>.  Claimant agrees that it shall not sell, assign or otherwise transfer Claim No. 5508 to JCI, in part or as a whole, either pursuant to the terms and conditions of the Transfer Agreement or otherwise.

8. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to Claim No. 5508.

9. Costs and Expenses.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. Jurisdiction.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. Manner of Execution.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

12. Court Approval.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to Claim No. 5508 and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of Claim No. 5508 or that they have any liability thereunder.

13. Claims Register.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[Remainder of Page Left Intentionally Blank]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December 8 , 2011

Nortel Networks Inc.

By: *[signature]*
Name: John J. Ray, III
Title: Principal Officer

Corre Opportunities Fund, LP (as transferee from Johnson Controls, Inc.)

By:_____
Name: Eric Soderlund
Title: Managing Partner

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December 6, 2011

| Nortel Networks Inc. | Corre Opportunities Fund, LP (as transferee from Johnson Controls, Inc.) |
|---|---|
| By: _____<br>Name: John J. Ray, III<br>Title: Principal Officer | By: _____<br>Name: Eric Soderlund<br>Title: Managing Partner |