**EXHIBIT A**

**(Proposed Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
          Debtors. :
: **RE: D.I. 7017**
:
---------------------------------------------------------X

### ORDER AUTHORIZING NNI TO DELIVER CONSENTS AND AUTHORIZATIONS AND ENTER INTO CERTAIN AGREEMENTS TO FACILITATE THE WIND-DOWN OF <u>NORTEL NETWORKS KABUSHIKI KAISHA</u>

Upon the motion dated December 20, 2011 (the "<u>Motion</u>"),[2] of Nortel Networks Inc. for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), (a) authorizing NNI to take all necessary actions to facilitate the wind-down of Nortel Networks Kabushiki Kaisha ("<u>NN Japan</u>"), including, without limitation, the repatriation of funds from NNI to NN Japan (the "<u>Cash Repatriation</u>"); (b) authorizing NNI to take all necessary actions to remove NN Japan as a party to (i) that certain MEN Distribution

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Escrow Agreement dated March 19, 2009 (the "MEN Escrow Agreement"), (ii) that certain Enterprise Distribution Escrow Agreement dated December 18, 2009 (the "Enterprise Escrow Agreement"), (iii) that certain CVAS Distribution Escrow Agreement dated May 27, 2010 (the "CVAS Escrow Agreement"), and (iv) that certain MSS Distribution Escrow Agreement dated March 11, 2011 (the "MSS Escrow Agreement" and, together with the MEN, Enterprise, and CVAS Escrow Agreements, the "Escrow Agreements"); (c) authorizing the assignment to NNI of remaining rights and obligations of NN Japan, if any, under the Escrow Agreements; (d) authorizing NNI to enter into an indemnification agreement substantially in the form of Exhibit B attached to the Motion (the "Indemnification Agreement") to indemnify and hold harmless NN Japan and its directors in connection with the Cash Repatriation; and (e) granting such other and further relief as the Court deems just and proper, and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED.

    2.    NNI is authorized, but not directed, to take all actions necessary to facilitate the wind-down of NN Japan, including, without limitation, the Cash Repatriation.

3.      Upon the conclusion of the liquidation or dissolution of NN Japan in accordance with Japanese law, NNI is authorized, but not directed, to deliver notices and take such other actions as are necessary to remove NN Japan as a party to the Escrow Agreements and to accept the rights and obligations, if any, of NN Japan under and as set forth in such Escrow Agreements.

4.      NNI is authorized, but not directed, to enter into an Indemnification Agreement to indemnify and hold harmless NN Japan and its directors in connection with the Cash Repatriation, and to perform its obligations under such Indemnification Agreement, including, but not limited to, payment of indemnification claims thereunder, without the need to obtain further Court approval.

5.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE