**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
      :
      :     Chapter 11
      :
*In re*      :
      :     Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]      :
      :     Jointly Administered
      Debtors.      :
      :
      :     **RE: D.I. _____**
      :
-------------------------------------------------------X

**ORDER (I) APPROVING THE STIPULATION RESOLVING CLAIMS
WITH AVNET INTERNATIONAL (CANADA) LTD. AND AVNET, INC.
(AS SUCCESSORS IN INTEREST TO BELL MICROPRODUCTS
CANADA-TENEX DATA ULC AND BELL MICROPRODUCTS INC.)
AND (II) GRANTING LIMITED RELIEF FROM THE AUTOMATIC
STAY TO EFFECTUATE A SETOFF**

Upon the motion dated January 19, 2012 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned

cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to

sections 105(a), 362, 502, 503(b)(9), 547, 550 and 553 of the Bankruptcy Code and Bankruptcy

Rule 9019, (i) authorizing NNI's entry into and approving the Stipulation, attached to the Motion

as Exhibit B, including authorizing and approving the setoff of prepetition amounts, (ii) granting

limited relief from the automatic stay to effectuate the setoff, and (iii) granting them such other

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and further relief as the Court deems just and proper; and adequate notice of the Motion having

been given as set forth in the Motion; and it appearing that no other or further notice is

necessary; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

     IT IS HEREBY ORDERED THAT:

     1.     The Motion is **GRANTED.**

     2.     NNI is authorized to enter into the Stipulation, and the Stipulation is approved in

its entirety.

     3.     The automatic stay is lifted to effectuate the setoff as set forth in the Stipulation,

which is hereby authorized and approved, and for no other purpose.

     4.     The Debtors are authorized, but not directed, to take any and all actions that may

be reasonably necessary or appropriate to perform their obligations and enforce their rights

arising under the Stipulation.

     5.     The failure specifically to describe or include any particular provision of the

Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being

the intent of this Court that the Stipulation be approved in its entirety.

6.      The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the

Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to

the Stipulation.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the

terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors

are not subject to any stay in the implementation, enforcement or realization of the relief granted

in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any

action and perform any act authorized under this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _____, 2012
          Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE