**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
                               :

*In re*                              :      Chapter 11

                              :

Nortel Networks Inc., *et al.*,[1]     :      Case No. 09-10138 (KG)

                              :

            Debtors.     :      Jointly Administered

                              :

----------------------------------------------------------X

**STIPULATION RESOLVING CLAIMS BY AND BETWEEN AVNET
INTERNATIONAL (CANADA) LTD., AVNET, INC. (AS SUCCESSORS IN INTEREST
TO BELL MICROPRODUCTS CANADA-TENEX DATA ULC AND BELL
MICROPRODUCTS INC.) AND NORTEL NETWORKS INC.**

This stipulation (the "Stipulation") is entered into by and among Nortel Networks Inc.

("NNI"), Avnet International (Canada) Ltd., as successor in interest to Bell Microproducts

Canada-Tenex Data ULC ("Avnet Canada" or the "Claimant"), and Avnet, Inc., as successor in

interest to Bell Microproducts Inc., ("Avnet").  NNI, Avnet Canada and Avnet (collectively, the

"Parties") hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), NNI and its

affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions

for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-

10138 (KG) (Jointly Administered));[2] and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30,

2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for

claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about June 29, 2009, Bell Microproducts, Inc. filed proof of claim

number 1432 in the amount of $590,099.98, comprised of $61,290.00 of administrative expenses

pursuant to sections 507(a)(2) and 503(b)(9) of the Bankruptcy Code and $528,809.98 of general

unsecured expenses ("Claim No. 1432"); and

WHEREAS, on or about June 29, 2009, Bell Microproducts, Inc. filed proof of claim

number 1433 in the amount of $61,290.00 of administrative expenses pursuant to section

503(b)(9) of the Bankruptcy Code ("Claim No. 1433"); and

WHEREAS, on or about September 24, 2009, Bell Microproducts Canada – Tenex Data

ULC filed proof of claim number 3615 in the amount of $61,290.00 of administrative expenses

pursuant to section 503(b)(9) of the Bankruptcy Code ("Claim No. 3615"); and

WHEREAS, on or about September 24, 2009, Bell Microproducts Canada – Tenex Data

ULC filed proof of claim number 3617 in the amount of $669,904.19, comprised of $61,290.00

of administrative expenses pursuant to section 507(a)(2) and 503(b)(9) of the Bankruptcy Code

and $608,614.19 of general unsecured expenses ("Claim No. 3617"); and

WHEREAS, on or about September 30, 2009, Bell Microproducts Canada – Tenex Data

ULC filed proof of claim number 5467 in the amount of $669,904.19, comprised of $61,290.00

---

[2]    The Petition Date for Debtors other than Nortel Networks (CALA) Inc. was January 14, 2009. The Petition
Date for Nortel Networks (CALA) Inc. was July 14, 2009.

of administrative expenses pursuant to section 503(b)(9) of the Bankruptcy Code and

$608,614.19 of general unsecured expenses ("Claim No. 5467"); and

WHEREAS, on or about September 30, 2009, Bell Microproducts Canada – Tenex Data

ULC filed proof of claim number 5468 in the amount of $61,290.00 of administrative expenses

pursuant to section 503(b)(9) of the Bankruptcy Code ("Claim No. 5468"); and

WHEREAS, on or about March 23, 2010, NNI filed its Twenty-Ninth Notice of

Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and

Debtors in Possession [D.I. 2744] effecting a rejection of two "Last time buy agreements" (each

dated October 16, 2008) between NNI and Bell Microproducts Canada - Tenex Data ULC; and

WHEREAS, on or about April 14, 2010, Bell Microproducts Canada – Tenex Data ULC

filed proof of claim number 7206 in the amount of $331,065.09 for general, unsecured damages

resulting from the above-noted contract rejection ("Claim No. 7206", and together with Claim.

No. 5467 and Claim No. 5468, the "Claims"); and

WHEREAS, on or about October 2, 2010, Bell Microproducts Canada – Tenex Data

ULC merged with and into Avnet Canada (and at that time Avnet Canada became successor in

interest to the Claims), and on or about December 17, 2010, Bell Microproducts Inc. merged

with and into Avnet; and

WHEREAS, the Order Granting Debtors Fourteenth Omnibus Objection (Substantive) To

Certain Claims Pursuant To 11 U.S.C. 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No

Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong

Debtor Claims, No-Basis 503(b)(9) Claims And Misclassified 503(b)(9) Claims) entered on

October 14, 2010 [D.I. 4163] expunged and disallowed Claim No. 1432 and Claim No. 1433

filed by Bell Microproducts, Inc. and Claim No. 3615 and Claim No. 3617 filed by Bell

Microproducts Canada – Tenex Data ULC as redundant of the Claims; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid

the cost and risk inherent in litigating the Claims, the Parties have agreed to this Stipulation to

resolve their disputes; and

WHEREAS, the Parties have agreed that (i) Claim No. 5467 should be allowed as a

general unsecured claim in the amount of $232,796.20, (ii) Claim No. 5468 should be allowed as

an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code in the

amount of $61,290.00, and (iii) Claim No. 7206 should be allowed as a general unsecured claim

in the amount of $331,065.09.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1.  Resolution of Claims.  Effective upon the entry of an order by the Bankruptcy Court

approving this Stipulation:

(a)  Claim No. 5467 shall be allowed as a general unsecured claim by Claimant against

NNI in the amount of $232,796.20, Claim No. 5468 shall be allowed as an administrative

expense claim pursuant to section 503(b)(9) of the Bankruptcy Code by Claimant against NNI in

the amount of $61,290.00, and Claim No. 7206 shall be allowed as a general unsecured claim by

Claimant against NNI in the amount of $331,065.09.

(b)  The allowance of the Claims described in paragraph 1(a) above shall be granted in

full satisfaction of any and all claims that have been or could have been asserted in the Claims

and shall amend and supersede any and all claim amounts the Debtors list on their schedules of

assets and liabilities filed with the Bankruptcy Court.  Neither Claimant nor Avnet shall have any

4

further claims against the Debtors arising out of the Debtors' relationship with predecessor

entities Bell Microproducts Inc. and Bell Microproducts Canada-Tenex Data ULC.

Notwithstanding the foregoing, nothing in this Stipulation shall alter or waive any claims by

Claimant in the Companies' Creditors Arrangement Act proceedings commenced in Canada in

the Ontario Superior Court of Justice by the Debtors' ultimate corporate parent, Nortel Networks

Corporation, and certain of its Canadian affiliates seeking relief from their creditors or proof of

claim number 503 filed by Avnet in the Debtors' chapter 11 cases.

2.  Release.  Effective upon the entry of an order by the Bankruptcy Court approving this

Stipulation, except for the terms of this Stipulation and the allowed Claims set forth in paragraph

1(a) above, the Claimant and Avnet, on the one hand, and NNI, on the other hand, release and

forever discharge each other, together with each of their respective current and former

shareholders, directors, officers, employees, agents, attorneys, and their personal representatives,

successors and assigns, from any and all liability from any claims, defenses, demands, liabilities

and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses

(including, without limitation, attorney's fees), known or unknown, past or present, fixed or

contingent, liquidated or unliquidated which they now have or hereafter may have arising from

or related to the contracts, agreements or other documents forming the basis for the Claims.

Claimant also releases any claims under section 502(h) of the Bankruptcy Code.

Notwithstanding the foregoing, nothing herein affects the rights of the Debtors and Avnet with

respect to proof of claim No. 503 filed by Avnet in these chapter 11 cases.

3.  No Further Claims.  Effective upon the entry of an order by the Bankruptcy Court

approving this Stipulation, Claimant and Avnet shall be forever barred from (i) amending the

Claims or (ii) filing or otherwise asserting any further claim against any of the Debtors in the

Debtors' chapter 11 cases, arising out of the Debtors' relationship with predecessor entities Bell

Microproducts Inc. and Bell Microproducts Canada – Tenex Data ULC.

4.   Avoidance Actions.  In consideration for the Claims amounts to be allowed as set forth in

paragraph 1(a) of this Stipulation, the Debtors have agreed not to commence an action to avoid

and recover preferential transfers pursuant to sections 547, 550, and 551 of the Bankruptcy Code

against Claimant with respect to any transactions between the Debtors and the Claimant's

predecessor entity, Bell Microproducts Canada-Tenex Data ULC.

5.   Binding Effect.  Effective upon the entry of an order by the Bankruptcy Court approving

this Stipulation, this Stipulation and the Order approving the Stipulation shall be binding upon

any successors or assigns of the Parties, including any trustee or receiver subsequently appointed

in the Debtors' chapter 11 cases.

6.   Entire Agreement.  This Stipulation constitutes the entire agreement between the Parties

and supersedes all prior or contemporaneous written or oral communications, understandings,

and agreements with respect to the subject matter hereof and this Stipulation cannot be amended

except by an authorized agreement between the Parties.

7.   No Transfer.  Claimant and Avnet represent that they have not sold, assigned or

otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation

to a third party.

8.   No Admissions.  Each Party acknowledges and agrees that nothing in this Stipulation

constitutes an admission or concession of any legal issue raised in or relating to the Claims.

9.  Costs and Expenses.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. Jurisdiction.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. Manner of Execution.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

12. Court Approval.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

13. Claims Register.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 18 , 2011

Nortel Networks Inc.

By:_____
Name: John J. Ray, III
Title: Principal Officer

Avnet, Inc., as successor in interest to Bell Microproducts Inc.

By:_____
Name:
Title:

Avnet International (Canada) Ltd., as successor in interest to Bell Microproducts Canada – Tenex Data ULC

By:_____
Name:
Title:

8

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties

have executed this Stipulation.

Dated: September    , 2011

Nortel Networks Inc.                          Avnet, Inc., as successor in interest to Bell
                                              Microproducts Inc.


By:
Name:  John Ray                               By:
Title:  Principal Officer                     Name:  Dennis E. Losik
                                              Title:  Sr. VP / Director of Credit


                                              Avnet International (Canada) Ltd., as successor
                                              in interest to Bell Microproducts Canada
                                              Tenex Data ULC

                                              By:
                                              Name:  Dennis E. Losik
                                              Title:  Sr. VP / Director of Credit

8