IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
In re                                                                           :         Chapter 11
                                                                                    :
Nortel Networks Inc., *et al.*,[1]                                    :         Case No. 09-10138 (KG)
                                                                                    :
                              Debtors.                                    :         Jointly Administered
                                                                                    :
                                                                                    :         Hearing date: February 9, 2012 at 10:00 a.m. (ET)
                                                                                    :         Objections due: February 2, 2012 at 4:00 p.m. (ET)
                                                                                    :
---------------------------------------------------------------X


**DEBTORS' MOTION FOR AN ORDER MODIFYING THE APPLICATION OF
(I) LOCAL RULE 3007-1 AND (II) THIS COURT'S PRIOR ORDER RELATED
TO BANKRUPTCY RULE 3007(e)(6) AND LOCAL RULE 3007-1(f) [D.I. 2125]**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 105(a) of title 11 of the Unites States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") modifying the application of (i) Local Rule 3007-1 and (ii) this Court's prior Order Modifying the Application of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f) pertaining to Omnibus Claims Objections [D.I. 2125] (the "Original Rule 3007 Order"); and granting them

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, as supplemented by Rule 3007 of the Bankruptcy Rules and Rule 3007-1 of the Local Rules.

### Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

Case 09-10138-MFW    Doc 7134    Filed 01/25/12    Page 3 of 9

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7. By this Motion, the Debtors seek an order modifying the application of (i) Local Rule 3007-1 and (ii) the Original Rule 3007 Order.

8. Specifically, the Debtors request relief from (i) the requirement of Local Rule 3007-1(e)(i)(A) that each omnibus objection be either substantive or non-substantive, but not both, (ii) the requirement of Local Rule 3007-1(e)(iii) that separate bases for objection to a single

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

claim be listed on separate exhibits and conform to the models set forth therein and (iii) the requirement of Local Rule 3007-1(f)(iii) that objections to the classification of a claim be filed separately from other objections to such claim.

### **Facts Relevant to this Motion**

9.     To date, the Debtors have taken numerous steps to establish claims processes and to address, reconcile and resolve claims filed against their estates.  This Court entered an order [D.I. 1280] fixing September 30, 2009 at 4:00 p.m. (Eastern Time) as the general bar date for filing proofs of claim or interests against the Debtors (other than NN CALA) and an order [D.I. 2059] fixing January 25, 2010 at 4:00 p.m. (Eastern Time) as the general bar date for filing proofs of claim or interests against NN CALA.   This Court also entered an order [D.I. 6464] fixing November 15, 2011 at 4:00 p.m. (Eastern Time) as the bar date for filing proofs of claim in respect of certain Non-Canadian intercompany and director and officer claims.  In response to these calls for claims, over 8,000 claims were filed against the Debtors.  To date, the Debtors have worked to reconcile these claims through negotiations with claimants, the filing of claims objections directed at particular claimants and the filing of twenty omnibus claims objections.

10.     As part of the Debtors' claims resolution processes, over 4,000 claims were filed by current or former employees of the Debtors ("Employees" and such claims, "Employee Claims").  The Debtors are diligently working though such claims in an attempt to determine which claims are valid, either in whole or in part, including with respect to the amount and priority asserted.  The Debtors have taken steps to reconcile such claims, including by amending the Schedules of Assets and Liabilities filed by NNI, NN CALA and Nortel Altsystems Inc. with

respect to certain liabilities to such Employees.[5] The Debtors anticipate furthering such reconciliation process by filing objections to certain of the Employee Claims, including omnibus objections to such claims, in the near term. Though the bulk of the claims that remain pending against the Debtors are Employee Claims, the Debtors also are continuing to work to resolve the non-employee claims that remain pending against them.

11. On December 14, 2009, upon a motion of the Debtors dated November 24, 2009 [D.I. 1981], this Court entered the Original Rule 3007 Order, which, among other things, modified the application of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f) to allow the Debtors to (i) include up to 200 substantive claims in substantive omnibus objections, (ii) include up to 200 non-substantive claims in non-substantive omnibus objections and (iii) file up to five (5) substantive omnibus objections per calendar month.

### Basis for Relief

12. The Debtors seek the modification of certain procedural requirements to facilitate the objective of addressing the remaining claims against them in a manner that is both efficient and that will be easy to understand for affected claimants. The Debtors respectfully submit that it is in the best interests of their estates, creditors and parties in interest to modify the application of Local Rule 3007-1 and the Original Rule 3007 Order in the following manner:

> i. Modifying the requirement of Local Rule 3007-1(e)(i)(A) that each omnibus objection be either substantive or non-substantive, but not both, to allow the Debtors to include substantive and non-substantive objections to claims in the same omnibus objection (e.g., allow the Debtors to object to the amount of an asserted claim and expunge any other duplicate claims filed by the same claimant in the same objection),

---

[5] These amendments to the Schedules of Assets and Liabilities of NNI, NN CALA and Nortel Altsystems Inc., which were filed on October 31, 2011, November 7, 2011, November 15, 2011 and November 21, 2011, relate to certain severance claims asserted against the Debtors and can be found at D.I.s 6702, 6719, 6780 and 6827.

  ii. Modifying the requirements of Local Rule 3007-1(e)(iii) that separate bases for objection to a single claim be listed on separate exhibits of an omnibus objection (<u>see</u> Local Rules 3007(e)(iii)(B) and (C)) and conform to the models set forth therein, to allow the Debtors to include separate bases for objection to a single claim (e.g., objection to amount and wrong debtor) on the same exhibit to an omnibus objection, and

  iii. Modifying the requirement of Local Rule 3007-1(f)(iii) that objections to the classification of a claim be filed separately from other objections to a claim, to allow the Debtors to include objections to the classification of claims in the same omnibus objection as other substantive and non-substantive objections to such claim (e.g., objections to the amount of such claim).

13. The Debtors propose these changes to provide them with additional flexibility in preparing objections, so as to streamline the claims resolution process with respect to the remaining claims pending against their estates, most of which are Employee Claims, and to simplify claimants' review of the claims objections, particularly in the case of Employees, many of whom may deal with objections filed by the Debtors without the assistance of counsel.

14. These procedures will enable the Debtors to include all objections to the claims filed by a particular claimant in a single exhibit to a single omnibus objection. Without these procedures, claimants faced with an objection to their claim(s) would be forced to review multiple omnibus objections and/or multiple exhibits to a single omnibus objection to their claim(s), which places an additional burden on individual claimants who are not represented by counsel.[6]

---

[6] An example illustrates the point. If (i) Employee John Doe filed identical claims against each of the Debtors for $100,000 asserting that all of such amount is entitled to priority under section 507(a)(4) of the Bankruptcy Code, (ii) the Debtors believe that Mr. Doe has a claim against NNI, but no other Debtor, for $90,000, $10,000 of which is entitled to priority under section 507(a)(4) of the Bankruptcy Code and (iii) the Debtors wish to object to Mr. Doe's claim in an omnibus objection, <u>then</u> Local Rule 3007-1 arguably requires the Debtors to serve three separate omnibus objections on Mr. Doe – a substantive claim reducing the amount of his claim to $90,000, a second substantive claim reclassifying the priority of his claim as $10,000 priority and $80,000 general unsecured and a separate non-substantive objection expunging any duplicate claims or claims filed against the wrong Debtor.

15.     The approval of the procedures sought herein is authorized by section 105(a) of the Bankruptcy Code and Local Rule 3007-1(f)(ii).  Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

16.     Relief from requirements of Local Rule 3007-1 has been granted in chapter 11 cases in this District, and relief analogous to the relief sought in this Motion has been granted in other districts.  See, e.g., In re Abitibibowater Inc., Case No. 09-11296 (KJC) (Bankr. D. Del. Oct. 19, 2010) (granting relief from requirements of Local Rule 3007-1(f) and permitting objections to the classification of claims and the amount of claims in the same omnibus objection); In re Old Carco LLC (f/k/a Chrysler LLC), Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. Nov. 19, 2009) (granting relief from requirements of Bankruptcy Rule 3007(e)(6) and permitting objections to classification and amount of claims in the same omnibus objection); In re WCI Communities, Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. Mar. 23, 2009) (granting relief from the requirements of Local Rule 3007-1); In re Buffet Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Oct. 14, 2008) (same); In re American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS) (Bankr. D. Del. May 27, 2008) (same); In re Global Power Equipment Group, Inc., Case No. 06-11045 (BLS) (Bankr. D. Del. July 30, 2007) (same).

17.     As set forth above, the Debtors submit that modifying the application of Local Rule 3007-1 and the Original Rule 3007 Order with respect to the remaining claims pending against their estates, including Employee Claims, as requested herein, is necessary and appropriate under the circumstances of these chapter 11 cases and in the best interests of the Debtors, their estates, creditors and all parties in interest.  Such procedures will enable the Debtors to administer a streamlined and efficient reconciliation process with respect to such

claims in a manner that is beneficial for the remaining claimants, in particular individual Employees.

## Notice

18.     Notice of the Motion has been given via overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

19.     No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated:  January 25, 2012<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |