IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[2] : Case No. 09-10138 (KG)
:
             Debtors. : Jointly Administered
:
:
----------------------------------------------------------X  Objections Due: February 16, 2012 at 4:00 p.m. (ET)

**COVERSHEET FOR FIRST MONTHLY APPLICATION OF TOGUT, SEGAL &
SEGAL LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED
EMPLOYEES, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD AUGUST 22, 2011 THROUGH SEPTEMBER 30, 2011**

| | |
|---|---|
| Name of Applicant: | **TOGUT, SEGAL & SEGAL LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Retired Employees |
| Date of Retention: | September 20, 2011 *nunc pro tunc* to August 22, 2011 |
| Period for Which Compensation and Reimbursement is Sought: | August 22, 2011 through September 30, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 616,084.50 |

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

    Amount of Reimbursement
    Sought as Actual,
    Reasonable and Necessary:    $2,843.48

This is a  x  monthly application.

The total time expended for fee application preparation is 2.1 hours and the corresponding compensation requested is $1,061.50.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

## COMPENSATION BY PROFESSIONAL
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

### August 22, 2011 Through September 30, 2011

| Name of Professional Person | Position of the Applicant | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Albert Togut | Partner | $935 | 136.3 | $127,440.50 |
| Frank A. Oswald | Partner | $810 | 2.0 | $1,620.00 |
| Neil Berger | Partner | $805 | 118.0 | $94,990.00 |
| Scott E. Ratner | Partner | $800 | 60.5 | $48,400.00 |
| Richard K. Milin | Of Counsel | $715 | 21.3 | $15,229.50 |
| Brian Moore | Associate | $615 | 138.0 | $84,870.00 |
| Jonathan Ibsen | Associate | $675 | 37.2 | $25,110.00 |
| Lara Sheikh | Associate | $520 | 142.4 | $74,048.00 |
| David Smith | Associate | $380 | 67.7 | $25,726.00 |
| James Lee | Associate | $405 | 39.4 | $15,957.00 |
| Michael D. Hamersky | Associate | $345 | 105.5 | $36,397.50 |
| Stephanie Skelly | Associate | $345 | 73.2 | $25,254.00 |
| Samantha Rothman | Law Clerk (Awaiting Admission) | $145 $185 | 66.6 | $12,193.00 |
| Lauren Lifland | Law Clerk (Awaiting Admission) | $145 $185 | 47.2 | $8,732.00 |
| Dawn Person | Paralegal | $285 | 48.6 | $13,851.00 |
| Krista Ackerman | Paralegal | $220 | 15.3 | $3,366.00 |
| Katie LaVerde | Paralegal | $145 | 20.0 | $2,900.00 |
| Total | | | 1,139.2 | $616,084.50 |
| GRAND TOTAL: | $ 616,084.50 | | | |
| BLENDED RATE: | $ 540.80 | | | |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

## August 22, 2011 Through September 30, 2011

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Status/Strategy | 310.7 | $170,809.50 |
| Fee Application/Monthly Fee Statements | 2.1 | $1,061.50 |
| Retention of Professionals | 90.5 | $59,590.00 |
| Retiree Benefits | 481.3 | $219,013.00 |
| Retiree Committee Matters | 254.6 | $165,610.50 |
| **TOTAL** | **1,139.2** | **$616,084.50** |

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

## August 22, 2011 Through September 30, 2011

| Expense Category | Total Expenses |
|---|---:|
| Meals | $507.04 |
| Overnight Courier | $55.94 |
| Photocopies | $579.20 |
| Postage | $.88 |
| Telephone | $85.54 |
| Travel-Ground | $1,614.88 |
| **Total Expenses** | **$2,843.48** |

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :    Chapter 11
:
Nortel Networks Inc., *et al.*,[3]                       :    Case No. 09-10138 (KG)
:
         Debtors.                 :    Jointly Administered
:
---------------------------------------------------------X    Objections Due: February 16, 2012 at 4:00 p.m. (ET)

**FIRST MONTHLY APPLICATION OF TOGUT, SEGAL & SEGAL LLP,
AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES,
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
<u>FOR THE PERIOD AUGUST 22, 2011 THROUGH SEPTEMBER 30, 2011</u>**

Togut, Segal & Segal LLP (the "<u>Togut Firm</u>"), as counsel to the Official Committee of Retired Employees (the "<u>Retiree Committee</u>") in the above-captioned cases (collectively, the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for interim allowance of compensation for professional services rendered by the Togut Firm, as counsel for the Retiree Committee for the period August 22, 2011 through September 30, 2011 (the "<u>Application Period</u>") and reimbursement of actual and necessary expenses incurred by the Togut Firm during the Application Period under

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

ME1 12893667v.1

sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "<u>Local Rules</u>"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "<u>Interim Compensation Procedures Order</u>")[4]. In support of this Application, the Togut Firm represents that:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

---

[4] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

2

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

### RETENTION OF TOGUT, SEGAL & SEGAL LLP

4. On September 20, 2011, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing the Retention and Employment of Togut, Segal & Segal LLP as Counsel to the Official Committee of Retired Employees *nunc pro tunc* to August 22, 2011 (D.I. 6412).

### FEE PROCEDURES ORDER

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. The Interim Compensation Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a Certificate of No Objection with the Court, after which the

Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

### A.    Preliminary Statement

7.     The Debtors' cases were pending for more than 2-1/2 years before the Retiree Committee was appointed. During that time, many significant events and proceedings occurred that impact the rights of Nortel retirees and the Retiree Committee. To effectively represent the Retiree Committee, the Togut Firm reviewed numerous pleadings and other materials during the Application Period to become familiar with the Debtors' cases and the rights of the Debtors' retirees under section 1114 of the Bankruptcy Code. Applicant also reviewed substantial pleadings and other material to understand how foreign proceedings concerning the Debtors' affiliates affect the Debtors and their retirees.

8.     This significant catch-up effort was performed as efficiently as possible to enable the Retiree Committee to be able to respond to requests by the Debtors for meetings concerning the Retiree Committee and the rights of retirees.

### B.    Request for Compensation and Reimbursement of Expenses

9.     The Togut Firm makes this Application (a) for allowance of compensation for the actual, reasonable and necessary professional services that it

rendered as Counsel for the Retiree Committee during the Application Period and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Retiree Committee during that same period.

10. During the Application Period, the Togut Firm incurred fees in the amount of $616,084.50 and necessary expenses totaling $2,843.48. As of the date of this Application, the Togut Firm has not received any payments on account of those amounts.

11. During the Application Period, the Togut Firm rendered professional services to the Retiree Committee as requested and as necessary and appropriate in furtherance of the Retiree Committee's rights under section 1114 of the Bankruptcy Code.

## COMPENSATION BY PROJECT CATEGORY

A. **CASE STATUS/STRATEGY:**
   Fees: $170,809.50; Total Hours: 310.7

12. The Retiree Committee was appointed to ensure that the interests of Nortel retirees are represented regarding matters in the Debtors' case that may affect their rights under Bankruptcy Code section 1114, and regarding any proposed modification or termination of benefits under the Nortel Debtors' Retiree Medical Plan and Retiree Life Insurance and Long-Term Care Plan (collectively, the "Retiree Welfare Plans").

13. As described above, many significant events occurred in the Debtors' cases during the more than 2-1/2 years before the Retiree Committee was

5

appointed and the Togut Firm was retained. The Togut Firm reviewed substantial pleadings and other materials to become familiar with the Debtors' cases and how those prior proceedings, including certain proceedings in foreign cases involving the Debtors' foreign affiliates, might impact the claims asserted by Nortel retirees under Bankruptcy Code section 1114. The Togut Firm also began to accumulate and review documents that memorialize and implement the Retiree Welfare Plans, and it worked with the Retiree Committee to retain other professionals whose assistance was deemed necessary and appropriate.

14. Throughout the Application Period, the Togut Firm conferred with parties in interest concerning the Debtors' cases and the rights of the Retiree Committee.

B. **RETIREE BENEFITS:**
   Fees: $219,013.00; Total Hours: 481.3

15. The Togut Firm spent significant time during the Application Period to begin to gather documents and information concerning Nortel's Retiree Welfare Plans. The Togut Firm reviewed and analyzed the legal issues raised by the Debtors' June 21, 2010 motion to terminate the Retiree Welfare Plans without compliance with the provisions of Bankruptcy Code § 1114 (the "Termination Motion") [Docket No. 3204], and the numerous responses that were filed in opposition to the Termination Motion. The Togut Firm also reviewed and analyzed the Debtors' June 2, 2011 motion to appoint the Retiree Committee (the "Appointment Motion") [Docket No. 5568].

16. The Togut Firm also began to analyze how Nortel's business

6

operations and events leading to the filing of the Chapter 11 Case impact rights of retirees under section 1114 of the Bankruptcy code.

17.  The Togut Firm reviewed and analyzed numerous pleadings that were filed in the Debtors' Chapter 11 case to assess their impact on the Retiree Committee's rights.  The Togut Firm also reviewed the Interim Funding and Settlement Agreement, dated June 9, 2009 (the "IFSA"), and subsequent settlements regarding intercompany claims and retiree claims that are relevant to the concerns of the Retiree Committee.

18.  The Togut Firm worked with the Retiree Committee's other professionals to develop and prepare information requests that were sent to the Debtors to obtain information and documents which are not publicly available, and which pertain to the Retiree Welfare Plans and the rights of retirees thereunder.

C.  **RETENTION OF PROFESSIONALS**:
   Fees:  $59,590.00; Total Hours: 90.5

19.  Because the Debtors' cases had been ongoing for more than 2-1/2 years before the Retiree Committee was appointed and the Togut Firm was retained, many of the professionals that would have otherwise been available to represent the Retiree Committee were unable to do so because they had already been retained by the Debtors, the Official Committee of Unsecured Creditors, and other parties in interest.

20.  As a result, the Togut Firm had to expend substantial time and effort working with the Retiree Committee to identify and interview professionals who would be able to represent the Retiree Committee.  Once those professionals were

7

selected by the Retiree Committee, the Togut Firm prepared the necessary applications and orders for approval of these retentions. The Togut Firm also negotiated with the Debtors and the Official Committee of Unsecured Creditors concerning the forms of orders to be entered to authorize the retention of the professionals selected by the Retiree Committee.

**D. RETIREE COMMITTEE MATTERS:**
Fees: $165,610.50; Total Hours: 254.6

21.  The Togut Firm participated in numerous calls, meetings, e-mails and correspondence with the Retiree Committee concerning the Debtors' case and the rights of the Retiree Committee under Bankruptcy Code section 1114. The Togut Firm also communicated on numerous occasions with representatives of the Debtors, the Official Committee of Unsecured Creditors, and the United States Trustee concerning the rights of the Retiree Committee.

22.  The Bankruptcy Code does not define the type of information the Retiree Committee is required to share with its constituents. Moreover, unfettered access to confidential information would compromise and undermine the ability of the Retiree Committee to negotiate effectively with Debtors. Consequently, the Togut Firm worked with Debtors to obtain entry of an order pursuant to Bankruptcy Code section 1102 to clarify the Retiree Committee's information sharing responsibilities (the "Information Protocol Order") [Docket No. 6634].

23.  The Information Protocol Order clarifies that the Retiree Committee is not required to disseminate proprietary, non-public, confidential information and

8

attorney-client communications to its constituents. In doing so, the Bankruptcy Court also required the Retiree Committee to provide its constituents with access to a website designed to include, among other things: (a) information regarding, and a calendar of, significant events in the Debtors' cases affecting benefits and claims pursuant to the Retiree Welfare Plans; and (b) any other information that the Retiree Committee concludes should be shared with it constituents. The Togut Firm worked with the Retiree Committee and Kurtzman Carson Consultants, LLC, the Communications Agent for the Retiree Committee, to develop a website that provides content that is helpful and informative for participants in the Retiree Welfare Plan.

24. The Togut Firm also coordinated with counsel to the Official Committee of Long-Term Disability Participants consistent with the June 22, 2011 Order authorizing the appointment of that committee.

E. **FEE APPLICATION/MONTHLY FEE STATEMENTS:**
Fees: $1,061.50; Total Hours: 2.1

25. During the Application Period, the Togut Firm followed the terms and procedures set forth under the Interim Compensation Order.

26. Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

27. Exhibit B attached hereto contains a breakdown of disbursements incurred by the Togut Firm during the Application Period.

28. The Togut Firm charges 10 cents per page for photocopying.

29. The Togut Firm charges $1 per page for outgoing long distance domestic facsimiles and does not charge for incoming facsimiles.

30. In accordance with Local Rule 2016-2, the Tout Firm has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

31. The Togut Firm has endeavored to represent the Retiree Committee in the most efficient manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at the Togut Firm so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, the Togut Firm has endeavored to coordinate with McCarter & English, LLP, local counsel for the Retiree Committee, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors estate.

32. No agreement or understanding exists between the Togut Firm and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

33. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, the Togut Firm respectfully requests that this Court: (a) allow the Togut Firm (i) interim compensation in the amount of $616,084.50 for actual,

reasonable and necessary professional services rendered on behalf of the Retiree Committee during the period August 22, 2011 through September 30, 2011, and (ii) interim reimbursement in the amount of $2,843.48 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to the Togut Firm the amount of $492,867.60, which is equal to the sum of 80% of the Togut Firms' allowed interim compensation, and $2,843.48, which is equal to 100% of the Togut Firms' allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: January 27, 2012
       Wilmington, DE

**MCCARTER & ENGLISH, LLP**

/s/ William F. Taylor, Jr._____
William F. Taylor, Jr. (DE Bar I.D. #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 Facsimile
wtaylor@mccarter.com

-and-

Albert Togut, Esquire
Neil Berger, Esquire
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119
(212) 594-5000
(212) 967-4258 Facsimile
neilberger@teamtogut.com

*Counsel to the Official Committee of Retirees*