## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                              :

*In re*                             :       Chapter 11

                               :

Nortel Networks Inc., *et al.*,[1]       :       Case No. 09-10138 (KG)

                               :

                Debtors.       :       Jointly Administered

                               :

---------------------------------------------------------X    **Objections Due:  February 16, 2012 @ 4:00 p.m.**

**COVERSHEET FOR SECOND MONTHLY APPLICATION OF TOGUT, SEGAL & SEGAL LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES <u>INCURRED FOR THE PERIOD OCTOBER 1, 2011 THROUGH OCTOBER 31, 2011</u>**

| | |
|---|---|
| Name of Applicant: | **TOGUT, SEGAL & SEGAL LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Retired Employees |
| Date of Retention: | September 20, 2011 *nunc pro tunc* to August 22, 2011 |
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2011 through October 31, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $259,567.00 |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Amount of Reimbursement
Sought as Actual,
Reasonable and Necessary:          $1,833.73

This is a  x  monthly application.

The total time expended for fee application preparation is 7.1 hours and the corresponding compensation requested is $2,883.50.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 1/27/12 | 8/22/11 – 9/30/11 | $616,084.50 | $2,843.48 |

2

ME1 12893983v.1

# COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

## October 1, 2011 Through October 31, 2011

| Name of Professional Person | Position of the Applicant | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Albert Togut | Partner | $935 | 29.4 | $31,135.50 |
| Neil Berger | Partner | $810 | 11.7 | 9,418.50 |
| Scott E. Ratner | Partner | $800 | 93.8 | 75,040.00 |
| Richard K. Milin | Of Counsel | $715 | 10.7 | 7,650.50 |
| Brian Moore | Associate | $615 | 112.2 | 69,003.00 |
| Lara Sheikh | Associate | $520 | 37.5 | 19,500.00 |
| David Smith | Associate | $380 | 28.4 | 10,792.00 |
| Michael D. Hamersky | Associate | $345 | 14.2 | 4,899.00 |
| Stephanie Skelly | Associate | $345 | 60.6 | 20,907.00 |
| Samantha Rothman | Law Clerk (Awaiting Admission) | $185 | 25.2 | 4,662.00 |
| Lauren Lifland | Law Clerk (Awaiting Admission) | $185 | 9.5 | 1,757.50 |
| Dawn Person | Paralegal | $285 | 25.4 | 7,239.00 |
| Krista Ackerman | Paralegal | $220 | 2.4 | 528.00 |
| Jayne Bernsten | Paralegal | $145 | 4.7 | 681.50 |
| **Total** | | | **465.7** | **$259,567.00** |
| **GRAND TOTAL:** | **$ 259,567.00** | | | |
| **BLENDED RATE:** | **$ 557.36** | | | |

ME1 12893983v.1

# COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

## October 1, 2011 Through October 31, 2011

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Status/Strategy | 8.3 | $4,441.00 |
| Fee Application/Monthly Fee Statements | 7.1 | 2,833.50 |
| Retention of Professionals | 26.1 | 14,325.00 |
| Retiree Benefits | 220.7 | 108,187.50 |
| Retiree Committee Matters | 203.5 | 129,780.00 |
| **TOTAL** | **465.7** | **$259,567.00** |

## EXPENSE SUMMARY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

## October 1, 2011 Through October 31, 2011

| Expense Category | Total Expenses |
|---|---|
| Meals | $742.85 |
| Overnight Courier | 173.84 |
| Photocopies | 457.50 |
| Postage | .88 |
| Telephone | 155.78 |
| Travel-Ground | 302.88 |
| **Total Expenses** | **$1,833.73** |

4

ME1 12893983v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                        :
In re                                   :    Chapter 11
                                        :
Nortel Networks Inc., et al., 2         :    Case No. 09-10138 (KG)
                                        :
                        Debtors.        :    Jointly Administered
                                        :
                                        :
-------------------------------------------------------X    Objections Due:  February 16, 2012 at 4:00 p.m. (ET)
```

**SECOND MONTHLY APPLICATION OF TOGUT, SEGAL & SEGAL LLP,
AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES,
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OCTOBER 1, 2011 THROUGH OCTOBER 31, 2011**

Togut, Segal & Segal LLP  (the "Togut Firm"), as counsel to the Official

Committee of Retired Employees (the "Retiree Committee") in the above-captioned

cases (collectively, the "Debtors"), submits this second application (the "Application")

for interim allowance of compensation for professional services rendered by the Togut

Firm, as counsel for the Retiree Committee for the period October 1, 2011 through

October 31, 2011 (the "Application Period") and reimbursement of actual and necessary

expenses incurred by the Togut Firm during the Application Period under sections 330

---

2    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number,
     are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769),
     Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
     (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
     Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
     Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks
     Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available
     at http://chapter11.epiqsystems.com/nortel.

ME1 12893983v.1

and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[3].  In support of this Application, the Togut Firm represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.     On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

---

[3]    Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

ME1 12893983v.1

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## RETENTION OF TOGUT, SEGAL & SEGAL LLP

4.      On September 20, 2011, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing the Retention and Employment of Togut, Segal & Segal LLP as Counsel to the Official Committee of Retired Employees *nunc pro tunc* to October 1, 2011 (D.I. 6412).

## FEE PROCEDURES ORDER

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      The Interim Compensation Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a Certificate of No Objection with the Court, after which the

7

Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

7.      The Togut Firm submits this Application (a) for allowance of compensation for the actual and necessary professional services that it rendered as Counsel for the Retiree Committee during the Application Period and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Retiree Committee during that same period.

8.      During the Application Period, the Togut Firm incurred fees in the amount of $259,567 and necessary expenses totaling $1,833.73.  As of the date of this Application, the Togut Firm has not received any payments on account of those amounts.

9.      During the Application Period, the Togut Firm rendered professional services to the Retiree Committee as requested and as necessary and appropriate in furtherance of the Retiree Committee's rights under section 1114 of the Bankruptcy Code.

## COMPENSATION BY PROJECT CATEGORY

**A.  CASE STATUS/STRATEGY:**
Fees:  $4,441.00; Total Hours: 8.3

10.      The Retiree Committee was appointed to ensure that the interests

8

of Nortel retirees are represented regarding matters in the Debtors' case that may affect

their rights under Bankruptcy Code section 1114 and regarding any proposed

modification or termination of benefits under the Nortel Debtors' Retiree Medical Plan

and Retiree Life Insurance and Long-Term Care Plan (collectively, the "Retiree Welfare

Plans").

11.    Many significant events occurred in the Debtors' cases during the

more than 2-1/2 years before the Retiree Committee was appointed and the Togut Firm

was retained.  During the Application Period, the Togut Firm continued to review

pleadings and other materials to determine how those prior proceedings impact the

claims asserted by Nortel retirees under Bankruptcy Code section 1114.

12.    Throughout the Application Period, the Togut Firm conferred with

parties in interest concerning the Debtors' cases and the rights of the Retiree Committee.

**B.  RETIREE BENEFITS:**
   Fees:  $108,187.50; Total Hours: 220.7

13.    The Togut Firm spent significant time during the Application

Period gathering documents and information concerning Nortel's Retiree Welfare Plans

and conducting factual and legal research concerning the rights and claims in favor of

the Retiree Committee under Bankruptcy Code section 1114.

14.    The Togut Firm also prepared for and attended a meeting with

members of the Retiree Committee, the Official Committee of Long-Term Disability

Participants (the "LTD Committee"), and representatives of the Debtors and the Official

Committee of Unsecured Creditors concerning the Debtors' cases.

ME1 12893983v.1

15.     The Togut Firm continued to work with the Retiree Committee's other professionals to obtain and analyze information and documents from the Debtors which are not publicly available and which pertain to the Retiree Welfare Plans and the rights of retirees under section 1114 of the Bankruptcy Code.

**C.  RETENTION OF PROFESSIONALS:**
Fees:  $14,325.00; Total Hours: 26.1

16.     The Debtors and the Official Committee of Unsecured Creditors raised questions and presented issues concerning the proposed retention of Alvarez & Marsal Healthcare Industry Group, LLC ("A&M") as financial advisors to the Retiree Committee and the LTD Committee. [4]  The Togut Firm engaged in negotiations, on behalf of the Retiree Committee, among the Debtors, the LTD Committee, the Official Committee of Unsecured Creditors and A&M and obtained a satisfactory resolution of the questions and issues that were raised.  On October 24, 2011, the Court entered its Order Authorizing Employment And Retention Of Alvarez & Marsal Healthcare Industry Group, LLC As Financial Advisors For The Official Committee Of Retired Employees And The Official Committee Of Long-Term Disability Participants, *Nunc Pro Tunc* To September 8, 2011 (D.I. 6679).

**D.  RETIREE COMMITTEE MATTERS:**
Fees:  $129,780.00; Total Hours: 203.5

17.     Throughout the Application Period, the Togut Firm participated in

---

[4]   The Order that appointed the LTD Committee requires the joint retention of a financial advisor for the Retiree Committee and the LTD Committee.

ME1 12893983v.1

regular meetings of the Retiree Committee and has advised the Retiree Committee

concerning its rights and obligations under Bankruptcy Code section 1114.  The Togut

Firm also assisted the Retiree Committee in connection with the maintenance of the

website that has been established by the Retiree Committee pursuant to the Court's

October 17, 2011 Order Granting Motion of the Official Committee of Retired

Employees for Entry of an Order Clarifying its Requirement to Provide Access to

Information (D.I. 6458).

18.    The Togut Firm also had numerous communications with

representatives of the Debtors and the Office of the Committee of Unsecured Creditors

throughout the Application Period concerning the rights of the Retiree Committee.

**E.  FEE APPLICATION/MONTHLY FEE STATEMENTS:**
Fees:  $2,833.50; Total Hours: 7.1

19.    During the Application Period, the Togut Firm followed the terms

and procedures set forth under the Interim Compensation Order.

20.    Exhibit A attached hereto contains logs, sorted by case project

category, which show the time recorded by professionals, paraprofessionals and other

support staff and descriptions of the services provided.

21.    Exhibit B attached hereto contains a breakdown of disbursements

incurred by the Togut Firm during the Application Period.

22.    The Togut Firm charges 10 cents per page for photocopying.

23.    The Togut Firm charges $1 per page for outgoing long distance

domestic facsimiles and does not charge for incoming facsimiles.

ME1 12893983v.1

24.    In accordance with Local Rule 2016-2, the Tout Firm has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

25.    The Togut Firm has endeavored to represent the Retiree Committee in the most efficient manner possible.    Tasks have been assigned to attorneys, paralegals, and other support staff at the Togut Firm so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.    Moreover, the Togut Firm has endeavored to coordinate with McCarter & English, LLP, local counsel for the Retiree Committee, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors estate.

26.    No agreement or understanding exists between the Togut Firm and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

27.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, the Togut Firm respectfully requests that this Court:  (a) allow the Togut Firm (i) interim compensation in the amount of $259,567 for actual, reasonable and necessary professional services rendered on behalf of the Retiree Committee during the period October 1, 2011 through October 31, 2011, and (ii) interim

reimbursement in the amount of $1,833.73 for actual, reasonable and necessary expenses

incurred during the same period;  (b) authorize and direct the Debtors to pay

to the Togut Firm the amount of $207,653.60, which is equal to 80% of the Togut Firms'

allowed interim compensation and $1,833.73, which is equal to 100% of the Togut

Firms' allowed expense reimbursement;  and (c) grant such other and further relief as is

just.

Dated: January 27, 2012  
      Wilmington, DE

**MCCARTER & ENGLISH, LLP**

/s/ William F. Taylor, Jr.  
William F. Taylor, Jr. (DE Bar I.D. #2936)  
Renaissance Centre  
405 N. King Street, 8th Floor  
Wilmington, DE 19801  
(302) 984-6300  
(302) 984-6399 Facsimile  
wtaylor@mccarter.com

-and-

Albert Togut, Esquire  
Neil Berger, Esquire  
Togut, Segal & Segal LLP  
One Penn Plaza  
New York, New York 10119  
(212) 594-5000  
(212) 967-4258 Facsimile  
neilberger@teamtogut.com

*Counsel to the Official Committee of Retirees*

ME1 12893983v.1