IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re )<br><br>Nortel Networks Inc., et al.,[1] )<br><br>  Debtors. ) | Chapter 11<br>Case No. 09-10138 (KG)<br>Jointly Administered<br><br>Re: Docket No. 290 |

**SUPPLEMENTAL DECLARATION OF JAY I. BOROW IN CONNECTION WITH THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CAPSTONE ADVISORY GROUP, LLC AS FINANCIAL ADVISOR, NUNC PRO TUNC TO JANUARY 26, 2009**

**JAY I. BOROW**, hereby declares:

1. I am a member of the firm and Executive Director of Capstone Advisory Group, LLC ("Capstone"), a professional services firm with offices located at 104 West 40th Street, 16th Floor, New York, New York 10018.

2. I am familiar with the matters set forth herein and make this supplemental declaration (the "Supplemental Declaration") in connection with Capstone's role as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (collectively, the "Debtors"). The purpose of this Supplemental Declaration is to fulfill Capstone's continuing obligation to update its disclosures as set forth in the Application of the Official Committee of Unsecured Creditors for Order Authorizing the Employment and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

Retention of Capstone Advisory Group, LLC as Financial Advisor, Nunc Pro Tunc to January 26, 2009 (the "Application") (Docket No. 290), and to update my initial declaration, dated February 13, 2009, submitted in connection therewith.

3.  On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee for the District of Delaware appointed the Committee. The Committee currently consists of three members: Pension Benefit Guaranty Corporation; Law Debenture Trust Company of New York, as indenture trustee; and The Bank of New York Mellon, as indenture trustee. On January 26, 2009, the Committee selected Capstone to serve as financial advisor pursuant to section 1103(a) of the Bankruptcy Code. This Court approved Capstone's retention pursuant to an order approving the Application, dated March 5, 2009 (Docket No. 431) (the "Capstone Retention Order").

4.  Capstone has a wholly-owned subsidiary, Capstone Valuation Services, Inc. ("CVS"). Employees of CVS regularly work on Capstone engagements, including advising the Committee, in the areas of their expertise. From time to time CVS may be asked to value and/or manage the liquidation of assets of investment funds. Such investment funds could, from time to time, have or take positions in debt or equity of the Debtors, without the knowledge or consent of Capstone or CVS. Neither Capstone nor CVS will (i) have any pecuniary interest in such investment funds or (ii) profit from the value realized from the sale of such funds' assets. To the extent any employee of CVS has been, or, in the future, will be, granted access to the Debtors' confidential information in connection with advising the Committee, that employee will not perform any valuation work on any debt or equity securities of the Debtors for any investment fund at any time. Under such circumstances, if CVS is providing valuation work on any debt or

equity securities of the Debtors for any investment fund at any time, then the CVS employee undertaking such work will be restricted and have no access to the confidential information of the Debtors.

5. In addition, in a matter wholly unrelated to these cases or Capstone's retention by the Committee, CVS has been retained to provide valuation services to parties who are adverse to Northern Trust Company ("NTC") in such unrelated matter. Upon information and belief, NTC is a party in interest in these cases. Capstone makes this disclosure out of an abundance of caution and to insure its full compliance with Federal Rule of Bankruptcy Procedure 2014 and the Capstone Retention Order.

I hereby declare under penalty of perjury that, based upon the information available to me, the foregoing is true and correct.

Executed on January 31, 2012

*[signature]*

Jay I. Borow