**<u>Exhibit A – Order</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
:     Chapter 11
:
*In re*                                          :
:     Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]        :
:     Jointly Administered
                Debtors.    :
:
:     **RE: D.I. 7134**
:
---------------------------------------------------------X

### ORDER MODIFYING THE APPLICATION OF (I) LOCAL RULE 3007-1 AND (II) THIS COURT'S PRIOR ORDER RELATED TO BANKRUPTCY RULE 3007(E)(6) AND LOCAL RULE 3007-1(f) [D.I. 2125]

Upon the motion dated January 25, 2012 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") modifying the application of (i) Local Rule 3007-1 and (ii) this Court's prior Order Modifying the Application of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f) pertaining to Omnibus Claims Objections [D.I. 2125] (the "Original Rule 3007 Order"); and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  The requirement of Local Rule 3007-1(e)(i)(A) that each omnibus objection be either substantive or non-substantive, but not both, is waived as to omnibus objections to claims filed by the Debtors.

3.  The requirement of Local Rules 3007-1(e)(iii)(B) and (C) that separate bases for objection to a single claim be listed on separate exhibits of an omnibus objection is waived as to omnibus objections to claims filed by the Debtors.

4.  The requirement of Local Rule 3007-1(e)(iii) that exhibits to omnibus objections conform to the models set forth in Local Rule 3007-1(e)(iii) is waived as to omnibus objections to claims filed by the Debtors, <u>provided</u>, <u>however</u>, that, the Debtors shall provide affected claimants at least as much information as is required under Local Rule 3007-1(e)(iii).

5.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

3

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
      Wilmington, Delaware

                                              _____
                                              THE HONORABLE KEVIN GROSS
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE