## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                       :
*In re*                                                :    Chapter 11
                                                       :
Nortel Networks Inc., *et al.*,[1]                     :    Case No. 09-10138 (KG)
                                                       :
                               Debtors.                :    Jointly Administered
                                                       :
                                                       :    Hearing date:  March 8, 2012 at 10:00 a.m. (ET)
                                                       :    Responses due: February 23, 2012 at 4:00 p.m. (ET)
-------------------------------------------------------X

## DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (RECLASSIFY CLAIMS)

**TO THE CLAIMANTS LISTED IN <u>EXHIBIT A</u>[2] ATTACHED TO THIS OBJECTION:**

- **CLAIMANTS' RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FUTURE OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN <u>EXHIBIT A</u>.**

- **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN <u>EXHIBIT A</u>.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]    Cleary Gottlieb Steen & Hamilton LLP is counsel to the Debtors with respect to the claims listed on **Exhibit A** with the exception of claim number 3951.  Morris, Nichols, Arsht & Tunnell LLP is counsel to the Debtors with respect to all of the claims listed on **Exhibit A**.

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby object (this "Objection"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to those certain claims listed on **Exhibit A** attached hereto and incorporated by reference.  In support of this Objection, the Debtors submit the Declaration of John J. Ray, III in Support of Debtors' Twenty-First Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Reclassify Claims) (the "Ray Declaration"), attached hereto as **Exhibit B** and incorporated by reference, and respectfully state as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1.

## Background

**A.      Procedural History**

1.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

---

[3]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 (the "CALA Petition Date"), which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

Code, which cases are consolidated for procedural purposes only [D.I. 36].  The Debtors

continue to operate their remaining businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

3.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration

(the "English Proceedings") under the control of individuals from Ernst & Young LLP

(collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the

---

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A.,
Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel
Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks
B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel
Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

4.    Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.    Bar Date and Schedules**

5.    On April 20, 2009 and May 29, 2009, the Debtors (other than NN CALA) filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I.s 616-627, 801-810].  On September 11, 2009, the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs for NN CALA (the "NN CALA Schedules") [D.I. 1477, 1478]. On November 4, 2009, the Debtors (other than NN CALA) filed their Amended Schedules of Assets and Liabilities and Amended Statements of Financial Affairs (together with the NN CALA Schedules, referred to as the "Schedules") [D.I.s 1811-1825].

6.    On August 4, 2009, the Court entered an order (the "Bar Date Order") establishing September 30, 2009 at 4:00 p.m. (Eastern Time) (the "General Bar Date") as the last date for all creditors holding a "claim" against the Debtors (other than NN CALA) to file and serve a written proof of claim, subject to certain enumerated exceptions set forth in the Bar Date Order.  On December 3, 2009, the Court entered an order establishing January 25, 2010 at 4:00 p.m. (Eastern Time) (the "CALA Bar Date") as the general claims bar date for all creditors holding a claim against NN CALA to file and serve written proofs of claim [D.I.  2059].

**C.    The Claims Resolution Process**

7.    In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

4

8.      The Debtors' claims, notice and balloting agent, Epiq Bankruptcy Solutions, LLC, has prepared and maintains a register (the "Claims Register") of all proofs of claim filed against the Debtors in these chapter 11 cases.  As of January 25, 2012, the Claims Register consisted of approximately 8,173 proofs of claim.  The Debtors and their advisors have been in the process of comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules and the claims asserted in the proofs of claim (including any supporting documentation).  The Debtors also have been comparing the claims asserted in the proofs of claim with the Books and Records to determine the validity of the asserted claims.

9.      This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance.  To reduce the number of claims, and to avoid possible double recovery or otherwise improper recoveries by claimants, the Debtors continue to file omnibus objections to such categories of claims if and where warranted.  This Objection is one such omnibus objection.

10.     On December 14, 2009, the Court entered an order granting the Debtors relief from the requirements of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1f(i) and (ii) [D.I. 2125].

11.     On September 16, 2010, the Court entered an order approving a cross-border claims protocol (the "Claims Protocol") establishing procedures to promote coordination and cooperation between the Debtors and the Canadian Debtors in the resolution of certain claims filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I. 3956].

## Relief Requested

12.     For the reasons set forth below, the Debtors object to each of the Claims listed on **Exhibit A** (the "Reclassify Claims"), attached hereto and incorporated by reference.  By this

5

Objection, the Debtors respectfully request that the Court enter an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reclassifying the Reclassify Claims as set forth on **Exhibit A** for the reasons set forth below.

13.     By requesting herein the relief with respect to the Reclassify Claims, the Debtors are not seeking the allowance of the Reclassify Claims at the requested amount, but only that the Reclassify Claims be reclassified.

<u>**Basis for Relief Requested**</u>

14.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).

15.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  <u>See</u> <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992); <u>In re Int'l Match Corp.</u>, 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d at 173.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  <u>Id.</u>  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.  <u>Id.</u> at 173-74.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  <u>Id</u>  The burden of persuasion is always on the claimant.  <u>Id.</u>

6

A.      **Reclassify Claims (Exhibit A)**[6]

16.      The Debtors object to each of the Reclassify Claims on the basis that the claim is incorrectly or improperly classified as each such Claim asserts administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code and/or priority status classification under section 507 of the Bankruptcy Code where there is no discernable basis for such classification.

17.      In evaluating the Reclassify Claims, the Debtors have carefully reviewed the Debtors' Books and Records, their Schedules and the proofs of claim, including any supporting documentation provided by each claimant.  As set out on **Exhibit A**, the Debtors' Books and Records and their Schedules indicate that all or a portion of the Reclassify Claims (other than Zyxel Communications Inc.'s Claim No. 295, described below) do not establish the claimant's right to payment either:

        a.      under section 503(b)(9) for the value of goods sold to the Debtors in the Debtors' ordinary course of business that were received by the Debtors within 20 days before the commencement of the Debtors' chapter 11 cases; or

        b.      under section 507 for services provided post-petition.

18.      Because such Reclassify Claims, or portion thereof, are not entitled to treatment as administrative expense under section 503(b)(9) or priority status classification under section 507 of the Bankruptcy Code, the Debtors seek to reclassify each Reclassify Claim, or portion thereof, as a general, unsecured, non-priority claim.

19.      As set out more fully on **Exhibit A**, the Debtors further seek to reclassify a certain portion of Claim No. 295, filed by Zyxel Communications, Inc., to reflect reclassification

---

[6]      Cleary Gottlieb Steen & Hamilton LLP is counsel to the Debtors with respect to all claims appearing on **Exhibit A** with the exception of claim number 3951.  Morris, Nichols, Arsht & Tunnell LLP is counsel to the Debtors with respect to all of the claims appearing on **Exhibit A**.

necessary to give effect to a previous reclamation settlement in these chapter 11 proceedings granting administrative expense priority status to such portion of the claim.

20.     By reclassifying the Reclassify Claims, or portion thereof, as set forth herein, the Debtors will be better positioned to ensure that the claimants entitled ultimately to receive distributions from the Debtors' estates receive the appropriate treatment and distribution.

21.     Unless included in the Debtors' concurrently filed Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No Basis 503(b)(9) Claims) ("Twenty-Second Omnibus Claims Objection") or the concurrently filed Motion for Entry of an Order Authorizing the Claims Agent to Reflect Certain Claims That Have Been Satisfied As Paid ("Motion to Deem Satisfied"), only the classification of the Reclassify Claims will be affected by the relief requested in this Objection.[7]  The Debtors reserve their rights to object to the Reclassify Claims on all other grounds, whether legal, factual, procedural, substantive or non-substantive.

### Separate Contested Matters

22.     To the extent that a response is filed regarding any claim identified in **Exhibit A** and the Debtors are unable to resolve the response (defined below), such claim, and the objection to such claim asserted by the Debtors herein, the Debtors respectfully request that such objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and that any

---

[7]     As indicated on **Exhibit A**, Archive America, Inc. (claim number 6903), AT4 Wireless, S.A. (claim number 3075), Innovational IP Solutions, LLC (claim number 1764), OFS Fitel, LLC (claim number 3951), Pangaia Partners, LLC (claim number 5355), Parker Hannifin Corp. (claim number 1110), Terremark Worldwide (claim number 3909), and Zyxel Communications (claim number 295) is also subject to the Twenty-Second Omnibus Claims Objection, filed concurrently with this Motion.  Further, as indicated on **Exhibit A**, Terremark Worldwide (claim number 3909) and Zyxel Communications (claim number 295) are also subject to reduction based on payments made in satisfaction of the claimed amount, as set out in the concurrently filed Motion to Deem Satisfied. Where noted on **Exhibit A**, claimants should locate their claim on the exhibits to the Twenty-Second Omnibus Claims Objection or on Exhibit B to the Motion to Deem Satisfied.

order entered by the Court regarding an objection asserted in this Objection shall be deemed a

separate order with respect to each claim.

## **Responses to Omnibus Objections**

23.    To contest this Objection, a claimant must file and serve a written response to this

Objection (a "Response") so that it is received no later than **4:00 p.m. (Eastern Time) on**

**February 23, 2012** (the "Response Deadline").  Every Response must be filed with:

> The Office of the Clerk
> The United States Bankruptcy Court for the District of Delaware
> 824 Market Street, Wilmington, Delaware 19801

and served upon the following entities so that the Response is received no later than the

Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  James L. Bromley and Lisa M. Schweitzer (except for claim number
> 3951)
>
> -and-
>
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street, P.O. Box 1347
> Wilmington, Delaware 19899-1347
> Attn:  Derek C. Abbott

24.    Every Response to this Objection must contain, at a minimum, the following

information:

> a.    A caption setting forth the name of the Court, the name of the Debtors, the
> case number, and the title of this Objection;
>
> b.    The name of the claimant, the claim number, and a description of the basis
> for the amount of the claim;
>
> c.    The specific factual basis and supporting legal argument upon which the
> party will rely in opposing this Objection;

     d.     Any supporting documentation, to the extent that it was not included in the proof of claim previously filed with the clerk or claims agent, upon which the claimant intends to rely to support the basis for and amounts asserted in the proof of claim; and

     e.     The name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or this Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

25.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order reclassifying the claim without further notice to the claimant or a hearing.

### Replies to Responses

26.     Pursuant to Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to any response so that it is received by the claimant (or the claimant's counsel, if represented) no later than three (3) days prior to the hearing.

### Adjournment of Hearing

27.     The Debtors reserve the right to seek an adjournment of the hearing on any Responses to this Objection.  In the event that the Debtors seek such an adjournment, it will be noted on the notice of agenda for the hearing, and such agenda will be served on the affected claimant by serving the person designated in the Response.

### Reservation of Rights

28.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should one or more of the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out substantive objections to the claims

identified in **Exhibit A**.  The Debtors reserve their right to assert non-substantive and/or one or more other substantive objections to the claims identified in **Exhibit A** at a later time.

29.     Notwithstanding anything contained in this Objection or the Exhibits attached hereto, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the claimants relating to such avoidance actions, or (c) seek disallowance pursuant to section 502(d) of the Bankruptcy Code of claims of the claimants that are subject to such avoidance actions.

## No Prior Request

30.     No prior request for the relief sought herein has been made to this or any other court.

## Notice

31.     Notice of this Objection has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) each of the parties listed in **Exhibit A** and (v) the general service list established in these chapter 11 cases.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

*[Remainder of page left intentionally blank.]*

11

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order substantially in the form attached hereto as **Exhibit C** reclassifying each of the Claims identified in **Exhibit A** as requested herein, and (ii) grant such other and further relief as is just and proper.

Dated:  February 7, 2012
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-3505
Facsimile:  (212) 225-3999

*Counsel for the Debtors*
*and Debtors in Possession,*
*except with respect to claim no. 3951*


        - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Chad A. Fights (No. 5006)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors-in-Possession*