```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE


IN RE:                              )    Case No. 09-10138 (KG)
                                    )    (Jointly Administered)
                                    )
NORTEL NETWORKS, INC., et al.  )         Chapter 11
                                    )    Courtroom
                                    )    824 Market Street
            Debtors.                )    Wilmington, Delaware
                                    )
                                    )    February 8, 2012
                                    )    4:00 p.m.



                   TRANSCRIPT OF TELEPHONIC PROCEEDINGS
                 BEFORE THE HONORABLE JUDGE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                  Cleary Gottlieb Steen & Hamilton
                             LLP
                             BY: JAMES BROMLEY, ESQ.
                             BY: HOWARD ZELBO, ESQ.
                             BY: LISA M. SCHWEITZER, ESQ.
                             (212) 225-2000

                             Hughes Hubbard & Reed
                             BY: DEREK ADLER, ESQ.
                             (212) 837-6086


                             Morris Nichols Arsht & Tunnell, LLP
                             BY: ANN C. CORDO, ESQ.
                             BY: DEREK C. ABBOTT, ESQ.
                             (302) 658-9200


ECRO:                        GINGER MACE

Transcription Service:       DIAZ DATA SERVICES
                             331 Schuylkill Street
                             Harrisburg, Pennsylvania  17110
                             (717) 233-6664
                             www.diazdata.com



Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Creditors
Committee:                  Richards, Layton & Finger
                             BY:  CHRISTOPHER M. SAMIS, ESQ.
                             (302) 651-7845

For Committee:              Akin Gump Strauss Hauer & Feld, LLP
                            BY:  FRED HODARA, ESQ.
                            BY:  DAVID T. BOTTER, ESQ.
                            (212) 872-8040

For Nortel
Networks, UK:               Herbert Smith
                            BY: JOHN WHITEOAK, ESQ.
                            44-20 7466 2010

For Ernst & Young:          Allen & Overy
                            BY: DANIEL GUYDER, ESQ.
                            (212) 756-1132

For Bond Holders
Group:                      Millbank Tweed Hadley & McCloy
                            BY: THOMAS KRELLER, ESQ.
                            (213) 892-4463

For Joint Administrators
And Foreign
Representatives:            Young Conaway Stargatt & Taylor
                            BY: RICHARD HILL, ESQ.
                            (302) 571-5732
                            BY: EDWIN HARRON, ESQ.
                            (30) 571-6703
```

1

1   WILMINGTON, DELAWARE, WEDNESDAY, FEBRUARY 8, 2012, 4:02 P.M.

2            THE COURT:  Mr. Abbott?  No.

3            MR. ABBOTT:  Your Honor, sorry, it's Derek

4   Abbott.

5            THE COURT:  Oh.

6            MR. ABBOTT:  I was having some phone problems.

7            UNKNOWN SPEAKER:  Derek, is Ed Harron on the line

8   or are they calling in?

9            MR. ABBOTT:  He was alerted to.  I don't know if

10  he is on the line or not.  He -- I didn't hear --

11           MR. HARRON:  Yeah, I'm on the line.  I'm on the

12  line.  Hello?

13           UNKNOWN SPEAKER:  Thank you.

14           MR. HARRON:  Okay.  I'm on.  This is Ed Harron.

15  I'm on the line.  I've made arrangements for co-counsel to

16  dial in as well.

17           UNKNOWN SPEAKER:  Okay, thank you.

18           MR. HARRON:  Okay.

19           THE COURT:  Mr. Harron, should we wait for your

20  co-counsel?

21           MR. HARRON:  Oh, hi, Judge Gross.

22           THE COURT:  Hi.

23           MR. HARRON:  It may be that they're on the line.

24  I haven't received confirmation.  Derek Adler, are you on

25  line?

1          MR. ADLER:  Yes, I'm here.  I am on.  Hello,

2   Judge Gross.

3          THE COURT:  Hello, good afternoon to you.

4          MR. HARRON:  And Judge Gross, we're also waiting

5   for John Whiteoak to dial in.  John, have you dialed in?

6          MR. WHITEOAK:  I'm on the line, Ed.

7          MR. HARRON:  Okay.  And I believe our Barrister,

8   Mr. Hill also is going to dial in.  Richard are you on?

9   John Whiteoak, do you know whether Richard Hill is dialing

10  in?

11         MR. WHITEOAK:  I understand he's dialing in.

12  I'll just follow up with him now, if that's okay.

13         MR. HARRON:  I'm sorry for the apparent chaos,

14  Judge Gross.  We only, as you know, learned of the call

15  recently and it took some time get coordinated through the

16  CourtCall.

17         THE COURT:  Oh, no, I completely understand.  And

18  just so I'm clear, it was John Whiteoak?

19         MR. HARRON:  That's right, John Whiteoak.

20         THE COURT:  And Richard Williams will be calling

21  in.

22         MR. HARRON:  Richard Hill.

23         THE COURT:  Richard Hill, I'm sorry.

24         MR. HARRON:  John Whiteoak is with Herbert Smith.

25  He's calling in from London.  And Mr. Hill also will be

1  calling in from London.

2             THE COURT:  Okay.

3             MR. GUYDER:  Hello, Your Honor.  This is Dan

4  Guyder from Allen & Overy.

5             THE COURT:  Yes.

6             MR. GUYDER:  For Ernest & Young and the Canadian

7  estate.

8             THE COURT:  All right, excellent.

9             MR. HODARA:  Good afternoon, Your Honor.  It's

10 Fred Hodara and David Botter.  How are you today?

11            THE COURT:  I am well, thank you.  And I do have

12 you on the list.  I'll tell you who I have on the list

13 besides Mr. Abbott and you, Mr. Hodara, and Mr. Botter.

14 I've got James Bromley, and Ms. Cordo, and Mr. Kreller, and

15 Mr. Samis, and Mr. Zelbo, Ms. Caloway, and now, of course,

16 Mr. Whiteoak, and Mr. Harron.  Anyone else on the phone?

17            MR. BROMLEY:  Your Honor, this is James Bromley.

18 Lisa Schweitzer is here as well.

19            THE COURT:  Well that doesn't surprise me one

20 bit.  Ms. Schweitzer, good afternoon.

21            MS. SCHWEITZER:  Good afternoon.

22            MR. BROMLEY:  Your Honor, it's Jim Bromley again.

23 We did -- we also gave notice to the Canadian debtors.  I

24 know Dan Guyder is on for the monitor.  Dan, do you know if

25 Joe or Jenny are going to join?

1            MR. GUYDER:  They are not.

2            MR. BROMLEY:  Okay.  I think then we might have

3    everyone that we're expecting.

4            THE COURT:  I think we're only missing Mr. Smith

5    and Mr. Hill at this point.

6            MR. BROMLEY:  Oh, okay.  I thought I had heard

7    they were on.  I'll wait.

8            THE COURT:  And I don't know, are they going to

9    be actively participating in the call?  Should we -- is it

10   best to wait for them?  I'm pleased to do that.

11           MR. HARRON:  Your Honor --

12           MR. ABBOTT:  I'm not sure about Mr. Smith, Your

13   Honor, but Richard Hill, I think we do want to be actively

14   involved in the call.

15           THE COURT:  Okay.

16           MR. WHITEOAK:  Your Honor, it's John Whiteoak.  I

17   have Richard Hill of counsel on the phone.

18           MR. HILL:  Hello, Your Honor.

19           THE COURT:  Good afternoon.  It's good to have

20   you on the call, Mr. Hill.

21           MR. HILL:  Thank you.  Good afternoon.

22           THE COURT:  I guess now we may be able to

23   proceed.  Is that correct?

24           MR. HARRON:  I think that's right, Your Honor.

25   That's everyone we anticipated participating from the side

1  of the UK administrators.

2              THE COURT:  All right.  All right.  As I'm about

3  to begin, I have no idea why you're calling.  So perhaps

4  someone could sort of give me the issues.

5              MR. ABBOTT:  Your Honor, it's Derek Abbott for

6  the debtors.  We asked for the call.  And I think, I believe

7  Mr. Bromley is going to address the Court to just explain

8  the situation to the Court and why we asked for the call.

9              THE COURT:  All right, good.  Mr. Bromley, good

10 afternoon.

11             MR. BROMLEY:  Good afternoon, Your Honor.  And

12 thank you very much for giving us this time this afternoon.

13 We realize that this is on very short notice, and we

14 apologize for that.  And we wouldn't do it, unless we felt

15 there was a very important reason to do so.

16             To give you a little bit of background, this is a

17 matter that we did not think we'd need to bring to the

18 Court.  And we were certainly hopeful that we would be able

19 to work out with the joint administrators and their counsel.

20 But it's become clear over the past 24 hours, that that is

21 not able to be done, at least in the timeframe that we're

22 faced with.

23             This relates to a request, a request for

24 documents that was made by the pensions regulator to the UK

25 administrators.  The pensions regulator, Your Honor, you may

1    recall, is the U.S. regulatory entity that has not appeared

2    in these cases in the United States, but is nevertheless

3    involved in attempting to determine the amount of any

4    potential pension claim that may exist.  And they made a

5    request to the UK joint administrators for the production of

6    certain documents and information to help the TPR determine

7    the amounts of any potential pension liability.  And leaving

8    aside entirely the fact that the pension liability issue has

9    been addressed up to the Third Circuit in the U.S. and to

10    the Supreme Court in Canada, nevertheless, TPR was moving

11    forward with that.

12            We have had, over a course of several months, a

13    series of frustrating conversations with counsel to the

14    joint administrators.  First, in which they told us that

15    they were going to produce certain documents without

16    identifying them to us with particularity.  Telling us that

17    there might be some documents among those they would produce

18    that could be subject to privilege, but nevertheless, not

19    telling us what those documents were.

20            We went through a series of phone calls and

21    letters attempting to identify with specificity the

22    documents, so that we could determine whether a privilege

23    existed.  And we were able to eventually, in January, obtain

24    copies after a long process, of the documents.

25            We are now down to a point where there are four

1  documents that we believe are privileged.  And we have gone

2  to extraordinary lengths in conversations with the joint

3  administrators' counsel to point out those privilege issues.

4  And I'll go into those in a moment, Your Honor.

5          We have been told, however, that if we want to

6  press any issue relating to the privilege of our documents,

7  the U.S. debtors' documents, that the only place that we

8  would be able to do that would be before the Court in the

9  United Kingdom.  And we believe erroneously, that there have

10  been assertions that the only privilege that matters in

11  connection with this production is the privilege relating to

12  UK Law.  But let me give a bit of background of this to

13  these documents.

14          These documents, Your Honor, relate to the

15  intellectual property that the Nortel Estate sold so

16  successfully last summer.  Before those intellectual

17  property assets, in particular, the patent portfolio, was

18  sold, the Nortel's debtors in the U.S., in conjunction with

19  the other sellers, including the UK and Canada, hired

20  outside counsel, pursuant to an order of this Court, Global

21  IP, a law firm that specializes in intellectual property

22  law.  And that firm was retained on a joint basis by all

23  three estates.

24          In addition, there were internal counsel in the

25  Nortel IP Department who were resident in North America, in

1  particular in the United States and Canada.  And they as

2  well worked on the exercise of packaging and selling the IP

3  portfolio.

4          What they did do at the same time, Your Honor, as

5  to packaging assets, was to work on a business plan for a

6  standalone business.  That would be an entity that licensed

7  and prosecuted intellectual property rights.  And that

8  business plan contained within it, very substantial and

9  detailed analysis of legal rights and remedies.  Indeed, the

10  entirety of the revenue that would be generated under that

11  business plan were to be generated by legal proceedings,

12  lawsuit and licenses, and licenses that would be entered

13  into only under threat of lawsuits.  That business plan was

14  put together with substantial input and was, indeed,

15  entirely relying on the input of internal counsel and

16  external counsel.  And privileges, legal privileges, exist

17  with respect to the advice that was provided both by

18  internal counsel and Global IP.

19          There are four documents that contain information

20  relating to the legal analysis of both legal counsel within

21  Nortel and within Global IP that are incorporated into these

22  four documents.  And those four documents, we believe,

23  without a doubt, are privileged under U.S. Law.  Those

24  lawyers were working in part with the U.S. estate, and they

25  -- and to the extent that they created any legal work

1  product, there's a privilege that exists with respect to the

2  U.S. debtors.

3         We do not want that privileged material to be

4  produced to the pensions regulator.  It's not simply because

5  we don't want that information to go to the pensions

6  regulator, but we are very concerned that that information,

7  once transmitted, would constitute a waiver of any privilege

8  that exists with respect to those materials, and could open

9  the door to additional materials that relate to legal

10  analysis of the patent portfolio.  That is important not

11  just because of us as the U.S. debtor.  It's also important

12  because we have actually sold the patent portfolio, and

13  therefore, all legal rights and privileges that exist with

14  respect to that portfolio, to the Rockstar Consortium for

15  $4.5 billion.  The Rockstar Consortium will do whatever it

16  wants to do with respect to those patents, but they also

17  have the right to prosecute and enforce those patents.

18  That's why they paid so much money for them.

19         We do not want to be in a situation where the

20  privilege that has been transferred to them is waived in the

21  context of providing this information to the pensions

22  regulator.  We have made this point on numerous occasions

23  with the counsel for the joint administrators.  And not

24  withstanding that, the joint administrative counsel informed

25  us yet last night and today, they intend to produce these

1  materials to the pensions regulator tomorrow.

2         Now admittedly, the last time we had a phone call

3  with them, which was just a few hours ago, they said they

4  would check again with their clients in the morning and with

5  the pensions regulator, but if they decided they needed to

6  produce them, they would just do so.  And so that's why,

7  unfortunately, Your Honor, we have to interrupt your

8  afternoon.

9         What we're looking for, Your Honor, is not any

10 permanent relief.  We are in the process of filing the

11 papers right now seeking a Temporary Restraining Order and

12 would be more than happy to then follow this up with a

13 hearing on a Preliminary Injunction in ten days time.  We

14 also think that the time that we would have between now and

15 that hearing, would be well spent in helping us to convince

16 the counsel for the joint administrators that it is in our

17 collective interest that these materials remain privileged,

18 and that they not be produced to the pensions regulator.

19        It is -- there's no irreparable injury that would

20 be suffered by the joint administrators if they do not

21 produce these documents tomorrow.  Indeed, the only

22 irreparable injury that we would have here is the potential

23 waiver of a privilege that exists and sits with the U.S.

24 debtors.  And the only Court competent to determine whether

25 or not the U.S. debtors privilege exists and is waived or

1  could be waived, is Your Honor.

2          What we're looking for here, Your Honor, is a

3  short breathing spell, if you will, so that we would be able

4  to have further conversations and discuss with the joint

5  administrators, why it is important for all us and our

6  collective interests to not produce these documents.

7          Just to give you an idea, Your Honor.  Under the

8  sale documents with Rockstar, with respect to the patent

9  portfolio, if there's any breach of obligations to Rockstar,

10  there's joint and several liability amongst the sellers.

11  Which would mean that even if we say that these documents

12  should not be produced and privilege is waived, the waiver

13  by the UK debtors, with respect to the privilege, which we

14  think is occurring if they produce these documents, would in

15  effect, create potential for damages on a joint and several

16  basis amongst all of the sellers, including the U.S.  We

17  think that if there were damages to be sought, it come

18  immediately to Your Honor.  That's why we think there is

19  irreparable injury and cause to hold up this process.

20          We also think it's important to note the options

21  that in effect we have been given with respect to this

22  exercise in the UK.  We have been told on several occasions

23  that if we think there's a privilege, we should go and

24  submit ourselves to the jurisdiction of the UK Court for a

25  determination of privilege.  And, Your Honor, we believe

1   that the privilege is a U.S. privilege and the only court

2   competent to determine whether or not the U.S. privilege

3   exists and can be waived is here in this Court, Your Honor.

4           Second, there has been a request made by the

5   joint administrators for directions to the UK Court as to

6   what they should do with respect to the fact that there are

7   certain issues that have been raised with respect to

8   privilege.  And the UK Court did issue an order that says,

9   in effect, that this determination relies solely within the

10  purview of the joint administrators.  The Court in the UK

11  did not come to any conclusion on any particular document,

12  and indeed, did not review any particular document, and left

13  it up to the joint administrators to determine if there's a

14  good faith basis of privilege to withhold the documents.

15          We don't believe that there's any requirement for

16  the joint administrators to be producing anything tomorrow.

17  And indeed, we think that as we said, these documents

18  created in North America by lawyers hired here in North

19  America, and the Global IP is a Chicago based law firm, and

20  in which the legal input of lawyers whose engagement was

21  approved by this Court, should not be determined in a Court

22  in London.  And I think Your Honor is well aware, that the

23  U.S. debtors have very carefully avoided subjecting

24  themselves to the jurisdiction of the UK Court.

25          So while without attributing any ulterior motives

1  to the exercise, we do not want to find three years of

2  careful avoidance of UK jurisdiction, frustrated by an

3  assertion of privilege with respect to documents created

4  here in the U.S. by the U.S. lawyers.

5         Your Honor, that's the upshot of our situation.

6  We certainly apologize for bringing it at this late date and

7  on such an emergency basis.  But in all honesty, Your Honor,

8  we did feel that we had a compelling argument here and we

9  felt that the joint administrators and their counsel would

10 recognize that the potential damage to all of the sellers

11 under the Rockstar documents would be manifest.

12        And, Your Honor, we are happy to, if this does

13 require that, to appear with you in camera to show you the

14 documents.  They're not voluminous.  And we can walk you

15 through where the legal analysis appears.  But to give you

16 an example, there is a -- there are line items in this -- in

17 these documents that say Company X, a U.S. listed top 100

18 company, we believe is infringing on Nortel patents and we

19 could be able -- we should be able to sue them at a cost of

20 Y and generate revenue of Z.

21        Those analyses are legal analyses.  They were

22 prepared by lawyers.  They were prepared by lawyers looking

23 at the potential damages under applicable IP Law, and we

24 don't think there's any real doubt that there's substantial

25 privilege attached them.  We also believe that if this issue

1    is going to be raised, that we need to make sure that the

2    U.S. estates are protected.  And for that reason, Your

3    Honor, we believe that at least the granting of some short

4    spell so that we can try to work this out is appropriate

5    under the circumstances.

6            THE COURT:  Mr. Bromley, how did the joint

7    administrators come into possession of these privilege

8    documents?  Were these assertedly privileged documents?

9            MR. BROMLEY:  Well, Your Honor, if you go back a

10   year or more, the exercise that we have employed in selling

11   all of the assets, whether or not the patent assets or the

12   businesses, were that we would sell these assets on a joint

13   basis, and that we would not argue beforehand about

14   allocation, but leave that for later, as you know, Your

15   Honor.

16           THE COURT:  Yes.

17           MR. BROMLEY:  That exercise for every one of the

18   sales, entailed that we would sit together and determine

19   what the value of the businesses were and the assets were,

20   and we would determine what the proposed price that would be

21   obtained in the sale process would in order to, in effect,

22   clear the threshold to sell.

23           While we did this process very specifically for

24   all of the businesses, we actually went a good deal further

25   for the IP in connection with the legal analysis.  It was

1  really for the patent which is the only circumstance where

2  we went and hired specific counsel, again, Global IP Group,

3  a Chicago based law firm, and retained them on a joint basis

4  amongst the estate.

5          We believe it's very clear that that was the

6  right thing to do so that we would all have a sense of the

7  value of the IP.  And we needed something, in all honesty,

8  Your Honor, to be able to compare the proposed prices that

9  we would get in the sale to what we thought we could obtain

10  if there was a retained business with respect to licensing

11  and enforcing of the intellectual property.

12          The creation of that business plan, the so called

13  IP Co., business plan, took place over a nine-month period

14  in 2010.  And what we're talking about here are very

15  specific materials created in connection with that business

16  plan on a joint basis.  So how did they get them?  Well,

17  they were one of the sellers of the intellectual property.

18  And they sat in those meetings, meetings which took place

19  entirely in the United States.  And they received the

20  materials created here in North America in connection with

21  that.  But they received it as a joint party holding the

22  privilege.  And they are not permitted to waive our

23  privilege and, indeed, that is the issue.

24          And I think the question is not a difficult one,

25  frankly, if you look at the documents.  And that's been one

1    of the levels of frustration that we've had, that we've been

2    unable to convince counsel for the joint administrators of

3    that.

4              THE COURT:  All right.  I certainly now

5    understand the issue.  And let me hear now from the joint

6    administrators.

7              MR. ADLER:  Thank you, Your Honor.  It's Derek

8    Adler.  I'll do the first part of this, but I should say

9    that I haven't really been involved in this matter.  I knew

10   virtually nothing about it until about an hour ago.  So I'll

11   provide you with a thumbnail of what I understand is going

12   on.  But one reason that we do have Mr. Whiteoak and Mr.

13   Hill on the line is to be able to address any questions that

14   may come up, or any gaps in my knowledge, or correct

15   anything that I may say wrong.

16             THE COURT:  Certainly.

17             MR. ADLER:  First of all, the background of this

18   is a Notice to Compel, a statutory Notice to Compel that was

19   issued by the UK pension regulators to the UK administrators

20   seeking disclosure of documents that are in the UK

21   regulators, the UK administrators, rather, possession in

22   England.  This is a UK authority, exercising a statutory

23   right to seek disclosure of certain materials that are held

24   by an officer of the English Court in England.  And the

25   consequences of failing to comply with such an order to

1  compel these materials are criminal sanctions, actually.

2  And this is a statutory right and the failure to comply, I

3  implore, it can not only be a Contempt of Court, whatever

4  other remedies you have against the joint administrators as

5  officers of the English Court, but also a statutory scheme

6  that provides for criminal liability.

7       The Notice to Compel was given initially, I think

8  last summer.  By October, the joint administrators did what

9  any party in the middle of a dispute like this would do.

10 They essentially don't really have a position as to whether

11 they should or should not disclosure these materials.  They

12 went to the English Court to seek directions.  They said,

13 we've got this Notice to Compel from the pension regulators.

14 The U.S. estate and various other parties are taking the

15 position that some of these documents are privileged.  We're

16 actually unclear about what the basis for that might be.

17 There were issues about privilege.  There were issues about

18 confidentiality, and various other things that have since

19 been resolved.

20      But they, in effect, you know, interpleaded

21 themselves.  They said tell us what to do.  We're in this

22 situation where we're holding these documents that we're

23 being asked to produce, and you know, tell us what to do,

24 English Court.  They've given notice to the U.S. estate and

25 to the various other interested parties about these

1   proceedings in every step of the way.  There's been extended

2   correspondence and other communications about the various

3   documents and about the proceedings.

4              And finally, after hearings, the UK Court did

5   issue an order fourteen days ago, I believe, which directed

6   the UK administrators to disclose certain materials by

7   tomorrow in the English Court.  And the English Court

8   specifically said, if anyone objects, if Cleary Gottlieb, if

9   the U.S. estate objects, they can come here and make the

10  case that these materials are privileged.  And the standards

11  that would apply to that are not surprisingly privileged

12  under UK Law, or under English Law, and under the statutory

13  scheme that applies here.

14             So that's the basic position.  It's not a

15  situation where the joint administrators desire to disclose

16  these materials.  They have been ordered to do so tomorrow

17  by 4:30 UK time in an order of the English Court.  And

18  Cleary Gottlieb, and the U.S. estate have been invited to

19  appear in those proceedings and make the case that this

20  stuff should not be disclosed repeatedly, and most recently,

21  in this order that was entered fourteen days ago.

22             So what the U.S. estate is asking for here is an

23  order that would put the UK administrators directly in a

24  bind, a classic situation where you would issue a TRO

25  preventing them from doing something that they are

1  statutorily obligated to do and obligated to do as officers

2  of the English Court with potential criminal liability that

3  attaches to that.

4          Now there have been negotiations going on as to

5  the basis of this.  And there is the possibility of seeking

6  an extension from the pension regulator for an additional

7  period of time.  I believe that the situation is that the

8  pension regulator would want, you know, a better

9  understanding, and that could be requested tomorrow morning.

10  It's obviously, the evening in England right now, but that

11  that might be able to be requested tomorrow morning.  And we

12  don't know whether they would agree to that or not, but it

13  is quite possible that they would.

14          Now a couple of points here about what Mr.

15  Bromley was saying.  First of all, the -- on the law that

16  applies on jurisdiction first of all.  I mean, it doesn't

17  seem to us, frankly, that Your Honor has jurisdiction over

18  this.  These are documents that are in the possession of an

19  officer of the English Court in England being sought under a

20  statutory scheme in England.  This is really, a classic

21  situation that arises in joint defense and joint privilege

22  situations where if one party to a joint defense agreement

23  is served with a notice or process that requires the

24  production of materials that have come under a joint

25  relationship, they give notice to the other parties that

1  they received this, and you go to the Court where that's

2  been requested and where the process comes from, to

3  determine whether it has to be disclosed or not.

4           Privilege is actually very much a matter of local

5  law.  And in the international context, when you provide

6  documents or information to a party internationally, you

7  have to understand that actually principles of privilege are

8  determined on a local basis.  Not necessarily under the law

9  of any particular jurisdiction in an international

10 situation.

11          With respect to whether providing the documents

12 in this situation would be a waiver of the privilege, it was

13 interesting to me that Mr. Bromley said that Your Honor

14 would have jurisdiction to determine whether the production

15 is a waiver, I think that that may well be right.  And what

16 that means is that Your Honor could rely on a pretty well

17 established doctrine that says that if you're compelled to

18 produce something, if you're ordered to produce something,

19 that does not constitute a waiver of the privilege for other

20 purposes.

21          I should also mention that the UK pension

22 regulator is under a statutory duty to maintain these

23 materials as confidential and they will not be disclosed to

24 the public.  And it's possible that the English Court could

25 also put in additional confidentiality protections for the

1  materials, if that was needed.

2           And I think that that may be the extent of it,

3  but, you know, what I have to say.  But, I mean, in summary,

4  they've had since October to go to the English Court and

5  raise these points.  That is the proper forum for this.  I

6  don't believe that going there to contest this particular

7  matter would be some kind of submission to English

8  jurisdiction for general purposes.  And that's the situation

9  we find ourselves in.

10          I'd like to invite my English colleagues to

11 correct anything I've said incorrectly or add anything else

12 that ought to be said.  And actually, I should say, respond

13 to any questions that Your Honor may have about the

14 scenario.

15          THE COURT:  All right, thank you, Mr. Adler.

16 Anyone else?

17          MR. HILL:  This is Richard Hill on behalf of the

18 Nortel UK, also.

19          Just to stress that the administrators are banned

20 by the existing Directions Order.  And so they are banned to

21 provide this material tomorrow.  Subject, of course, to the

22 order which allows Cleary's to intervene in the proceedings

23 and to voice their objection.  If they voice that objection,

24 then the matter -- then the documents won't be disclosed and

25 the matter can be determined by the English Court.  That's

1  the main -- that's one point.

2          And secondly, even if this Court were to make

3  some form of determination either now, or tomorrow, or in

4  the future, it doesn't assist the joint administrators in

5  any way in the UK because as I say, we are already banned by

6  that Directions Order and the determination in the U.S.

7  won't affect the existing obligations on the joint

8  administrators both under the Directions Order, and indeed,

9  under the penal provisions of the Pensions Act that give

10 rise to the application in the first place.

11          The last point I'd make is that the documents

12 that are at issue, we don't accept the characterization

13 that's been put on them by Mr. Bromley.  And, indeed, one of

14 the problems of this is that we have been seeking for some

15 months to have proper particulars of any grants or privilege

16 that are asserted.  And we've never had a coherent and

17 properly particularized case on privilege in respect to

18 these documents.  And that's what has largely created the

19 problem that we're in.  If there is a proper argument as to

20 privilege, then that can be advanced and it should be

21 advanced to the administrators promptly and ideally in

22 writing.  And if it's well founded, it could also be a basis

23 for Cleary's to intervene in the UK.

24          THE COURT:  Let me ask a few questions of you

25 then, Mr. Hill, if I may.  The first is, are you entitled to

1    take -- I have not seen, of course, the Court's order in

2    England.  I'm not sure precisely what it says.  I had

3    understood, from Mr. Bromley earlier, that it left to the

4    discretion of the joint administrators whether or not to

5    produce those documents.  Did I misunderstand?

6              MR. HILL:  That's not quite right.  If we, the

7    joint administrators, reach a bona fide view, the documents

8    are not privileged -- I'm sorry, the documents are

9    privileged, then we're entitled in the first instance to

10   withhold them.  But that is subject to then the pensions

11   regulator applying to the English Court to have the issue

12   texted and determined by the Judge.

13             So there's two things.  One, we have to reach a

14   bona fide view.  And the Judge, the English Judge has

15   already made it clear that we can't just rely on an

16   assertion from someone else, if we don't accept.  That we

17   have to be persuaded in the first place, bona fidely.

18             And secondly, even if we are persuaded, that's

19   not an end to the matter because if the pension regulator

20   doesn't accept that position, the English Judge will

21   ultimately determine it.

22             THE COURT:  Wouldn't an order of this Court

23   establish a bona fide view that you didn't have to produce

24   the documents?

25             MR. HILL:  Obviously, if this Court were to

1    actually look at the documents and reach a view on

2    privilege, which of course would have to be translated into

3    the terms of the English Statute because it's not discretion

4    of privilege so called, it's privilege within the specific

5    definition of the statute.  If the U.S. Court were to make

6    that determination, then obviously, that would inform the UK

7    administrators' bona fide view.

8            But equally, if the U.S. debtor is in a position

9    to establish at this Court, then it could, one, establish it

10   to the administrators in the first place, which it so far

11   failed to do and failed to give any particulars.  And two,

12   it can establish it to the UK Court.  And so far, we just

13   have not had the sort of particulars, and the sort of

14   explanation, and the sort of material that could justify a

15   claims privilege.  If we were to get that from the U.S.

16   debtor, then we could make our own bona fide view anyway.

17   And equally, even if we didn't, it would justify their

18   application to the UK Court.

19            MR. BROMLEY:  May I --

20            THE COURT:  All right.  And let me just ask one

21   more question and then I'll turn it over, Mr. Bromley.  Are

22   you allowed to produce redacted copies of documents?

23            MR. HILL:  Well that's -- if I may say, Your

24   Honor, that's a very good question and one that hasn't been

25   fully explored with the regulator.  It is possible that that

1  could be a negotiated outcome over the next few days.  As

2  Mr. Adler said, we are hoping that we can negotiate a few

3  extra days.  We'll know in the morning UK time.  And that's

4  one of -- one possible outcome, which we'd like to discuss

5  with the pension regulator.  Again, but even to do that

6  though, we would need to be satisfied that there's some

7  material that we can properly seek to redact.  And again,

8  that requires persuasion by the U.S. debtor.

9          THE COURT:  All right.  All right.  Mr. Bromley,

10  I'm sorry, I know you wish to be heard.

11          MR. BROMLEY:  Thank you, Your Honor.  With all

12  due respect to Mr. Hill, I think there's -- there are

13  responses to each of his points.

14          First of all, he used quite amount of emphasis on

15  the word bound by the order.  We have it, Your Honor.  We

16  will get it over to your chambers.  It is very specific.  It

17  says those who wish to assert a genuine privilege should

18  take one of two courses.  Number one, they should convince

19  the joint administrators that privilege should be claimed.

20  If the joint administrators are satisfied that there is a

21  claimed privilege, the document will be moved from Category

22  2 to Category 1, which means it does not have to be

23  produced.  Depending on the information provided, it may be

24  that said documents are moved instead to another category,

25  which is they definitely will -- there's three categories;

1   one has to be produced, one's in the middle, and one you

2   don't have to produce.

3          The route taken will depend on the quality of the

4   information provided in respect of which the joint

5   administrators are expected to take a bona fide view

6   exercising their judgment.  If the joint administrators are

7   satisfied, there is no need for the documents to be

8   produced.  That is number one.

9          Number two, they, meaning someone like the U.S.

10  debtors, could assert privilege themselves by applying to

11  intervene this application to the English Court.  And in

12  that event, the documents, the subject of the application,

13  are not to be produced until the outcome of the application.

14         Your Honor, there's two, two numbered paragraphs

15  and let's focus first on number one.  I think when Mr. Hill

16  was discussing this, he was referring to "bound" with

17  respect to number one and two together.  But the fact is,

18  Your Honor, there's nothing in here, nothing in this order,

19  that requires them to produce these documents.  Indeed, Mr.

20  Hill just mentioned, that if there's a bona fide view taken,

21  that these documents are, indeed, subject to a claim of

22  privilege that the only negative ramification, the only

23  ramification at all, is the TPR can seek to have that

24  determination tested.  So the reference to penal, criminal,

25  and other penalties is simply inappropriate.  There's no

1  penalties here that are going to do anything to the joint

2  administrators.

3  Let's go, second, Your Honor, to the idea that we

4  have not properly particularized our concerns.  Your Honor,

5  we first got notice of this exercise in October.  It is now

6  February.  We received the documents at issue on January 11.

7  We did not receive those documents in October, November, or

8  December, notwithstanding consistent and relentless demands

9  for that information.  We asked -- there were 25 documents.

10  They weren't described with any particularity.  We were told

11  by the counsel to the administrators that we should look at

12  our own files to find those documents.  Then they told us

13  there were 25 documents.  We asked for those 25 documents.

14  They sent us four documents.  So we had 21 documents.  We

15  said where are the other 21 documents?

16  Finally, when they sent us the documents after a

17  long Christmas break, the second week of January, they sent

18  them to us with a -- not on an email, but with a, you know,

19  a jump drive.  That jump drive they sent to us was

20  encrypted.  We then had to go back to them and ask for the

21  key to the encryption.  It was only in the middle of January

22  after three and a half months of asking for these documents,

23  that we received them.  So the idea that we could have given

24  any particularity before January 11 is ridiculous.  And the

25  joint administrators' counsel knows that.

1          So we're not talking about sitting here on our

2    hands since October, we're talking about a matter of three

3    weeks.  And when we actually then went through these

4    documents and started looking at them, the joint

5    administrators' counsel actually decided that several of the

6    documents we pointed out were subject to privilege, and in

7    their discretion, they removed them from the list.

8          The idea that the joint administrators actually

9    feel that they don't have a so called horse in this race is

10   actually shocking to us.  And frankly, it points to a point

11   where -- to an issue that we've not yet discussed which is

12   that if the view of the joint administrators is that any

13   time anyone asks them for documents that potentially impacts

14   their obligations under the Rockstar documents, documents

15   which were approved by you, Your Honor, and which contain

16   jurisdictional submissions by the joint administrators for

17   interpretation of those contracts, the only place that we

18   should be talking about it is before you and Justice

19   Morawetz, not in the UK Court.

20          What the joint administrators have created here,

21   Your Honor is yet another Catch 22.  They say that they

22   don't have the discretion.  They don't have the information.

23   The fact is they've had the discretion and they've had the

24   information.  We have written them voluminous letters.  We

25   have spent time and time again on the phone with them,

1  including today for an hour and a half, on exactly why these

2  issues need to be addressed and why there's a privilege.

3  The idea that we're sitting here after months and not

4  exercising -- and looking for a rescue so to speak from Your

5  Honor is simply wrong.  The idea that we are having a

6  dispute over this is frankly, difficult for us to understand

7  because we believe the documents on their face are

8  privileged.  The idea that they would not have on the face

9  of these documents where there are entries that say

10 litigation light, litigation heavy, Party X were going to

11 generate Revenue Y in 2014 and 2015, numbers and analyses

12 that were entirely put together by lawyers is really beyond

13 our imagination.

14          So the idea that we're sitting here at this point

15 is frustrating for us, Your Honor.  But I think the fact is

16 the UK administrators overplay their hand in terms of saying

17 that they are bound by criminal sanctions.  The fact is that

18 they have every reason and basis to determine that these

19 documents are privileged.  And they have -- the order

20 specifically authorizes them to make that determination and

21 withhold these documents.  There's no criminal liability.

22 There's no penalties that are going to be attached.  And if

23 the TPR doesn't agree with it, the TPR simply goes back to

24 the UK Court and says let's prove it.

25          Privilege, Your Honor, that we're talking about

1   is property of the U.S. estate.  They cannot take our

2   privilege and say that our privilege can only be determined

3   by the UK Court.  Our privilege is our property and the

4   waiver of that privilege if it's going to happen, is going

5   to happen under U.S. Law.  And we don't want to find

6   ourselves in a situation where Rockstar has a cause of

7   action against us or against the UK's case for breaching

8   those obligations.  Penalties that we're facing, the

9   difficulty that we're facing is the irreparable injury that

10  the U.S. estate will suffer if these documents are turned

11  over tomorrow.

12          We believe that we can work this out.  We believe

13  that if they feel, the UK administrators' counsel feel that

14  there hasn't yet been enough information that was provided

15  to them, which we find hard to believe, we'll certainly do

16  our best to satisfy their concerns.  The idea that if these

17  documents are not turned over to the TPR tomorrow, that

18  somebody's going to come down and put the cuffs on Mr. Bloom

19  or Mr. Hill, or anyone else is just wrong. It's not the

20  case.

21          THE COURT:  Mr. Hill have you consulted with Mr.

22  Adler for his views -- I'm not asking what they are

23  necessarily at the moment, for his views on whether or not

24  there is a bona fide basis to dispute or to make the claim

25  of privilege?

1              MR. HILL:  I'll just have to check that with

2    Herbert Smith and John Whiteoak.

3              MR. WHITEOAK:  Your Honor, it's John Whiteoak.

4    The question, in terms of the only ability under the UK

5    Statute in which we are able to withhold production to the

6    joint -- to the TPR, is a privilege under Section 311 of the

7    Pensions Act, which is a matter of English Law.  So as we've

8    tried to explain to the U.S. debtor, while they may assert

9    privilege in the U.S., what we really need them to do is to

10   explain it to us in the context of Section 311, so we can

11   test whether or not, under Section 311, is protected from

12   disclosure, and therefore, we are not obliged to disclose

13   it.

14             So it's more within us and we've also copied the

15   U.S. debtors, UK counsel in, it's a matter of whether the

16   privilege they're asserting is actually privilege under UK

17   Law.  So, no, we haven't raised it with Mr. Adler on that

18   basis.

19             THE COURT:  Well, here's my dilemma, of course.

20   You know, I don't have any of the documents at the moment.

21   I've heard the argument.  And I must say, without making any

22   premature findings, I hear a very strong case for asserting

23   a privilege here in the United States.  And, you know, it

24   may even be, for example, if I entered a Temporary

25   Restraining Order, I might include in that order, a

1   direction that the joint administrators return the documents

2   and all copies to me to be held in Court as further

3   protection.  But I'm not there yet because again, I haven't

4   seen, you know, any of the underlying documents.  It's

5   difficult for me.  They certainly sound like they must be

6   privileged, but again, I haven't actually read them.

7          So to the extent that a sitting Judge in the

8   United States who had jurisdiction over all of the matters

9   relating to the sale, the Rockstar sale, is indicating that

10  there is a basis for asserting a privilege here in the

11  United States, I would hope that that would create a bona

12  fide basis for the joint administrators not to produce those

13  documents.

14         And I do think I have the jurisdiction.  I don't

15  think there's any question that I have jurisdiction over the

16  joint administrators.  And that I'm not trying to make their

17  life more difficult, but rather easier.  I think if I make

18  this finding and enter a Temporary Restraining Order, I like

19  to think I've taken you off the hook.  That you would then

20  say yes, we have a bona fide reason and a very significant

21  -- a risk in producing these documents, a very large damages

22  risk because any damages asserted against the U.S. Nortel

23  entities, I am certain would involve a claim against the

24  joint administrators.

25         So if that doesn't create a bona fide basis for

1  you to withhold these documents, I'm not sure what more I

2  can do this evening, but I could schedule a hearing

3  tomorrow.  And I'm concerned about the time difference that

4  we would have here.  You're five, six hours ahead of us.

5  And I would hate to get Court, you know, at say 10:00

6  tomorrow morning or so and find out that because of the time

7  difference, you've already turned over documents.

8              MR. HILL:  Well, Your Honor, I think what's most

9  likely to happen is that by the time -- long before you get

10  to 10:00 tomorrow New York time, we will have reached an

11  accommodation with the pension regulator to at least get

12  extra time --

13              THE COURT:  Yes.

14              MR. HILL:  -- to address these four documents.  I

15  think what will effectively happen is that we will be --

16  reach an agreement with them to treat them as Category 1

17  documents anyway for the next ten days or so, until the

18  matter can be resolved further.  So I rather think that

19  there would be no need for any sort of TRO at this stage

20  anyway because I anticipate well before 10:00 tomorrow, we

21  will have got -- secured that agreement with the pension

22  regulator.

23              THE COURT:  Well, I've been known to get up

24  pretty early.  And I'm wondering, if we shouldn't schedule a

25  call for 4:00 or 5:00 a.m., just to find out where you are

1   and to see whether or not we, in fact, need a hearing.  That

2   would be 4:00 or 5:00 a.m., you know, our time, of course,

3   Mr. Hill and Mr. Whiteoak.  But I am concerned that the U.S.

4   debtors will not have the protections in place that they

5   might need and will find out too late that they need it.  So

6   that's one suggestion I'm making is an early morning call to

7   determine whether or not you've been able to obtain the

8   extension.

9           MR. HILL:  I would -- it's obviously to your

10  preference and availability, but I would have thought 9:00

11  a.m., UK -- 9:00 a.m., your time would be sufficient.

12          THE COURT:  Well, if you can provide assurance

13  that you would not turn over the documents before our call,

14  I --

15          MR. HILL:  Absolutely.  No documents, in any

16  event, would ever be going across before 4:30 tomorrow UK

17  time.

18          THE COURT:  All right.  And Mr. Bromley, does

19  that help somewhat?  I know it doesn't give you total peace,

20  but do you suggest anything different?

21          MR. BROMLEY:  Well, Your Honor, let me just tell

22  you what we're doing.  We are filing our papers.

23          THE COURT:  Yes.

24          MR. BROMLEY:  And so our Complaints and Motion

25  for a Temporary Restraining Order, a Form of Order, and a

1  copy of the UK Court Order will all be filed this evening.

2          You know, I understand what Mr. Hill is saying

3  and we certainly don't want to be in a position of not

4  trusting that nothing will go over.  But we also -- I would

5  note that, you know, the entry of CRO under those

6  circumstances is still a temporary exercise in any event.

7  We're not looking for permanent relief.  But, in any event,

8  Your Honor, as long as there's a representation made and all

9  of us are hearing it, that no documents will be turned over

10 and that -- until this Court has an opportunity to rule on

11 our request, I think we'd be satisfied with that.

12          THE COURT:  All right.

13          MR. WHITEOAK:  Excuse me, Your Honor?

14          THE COURT:  Yes.

15          MR. WHITEOAK:  Your Honor, John Whiteoak just to

16 give Mr. Bromley further comfort.  I mean, in the UK, the

17 joint administrators are officers of the English Court as

18 the Court's [indiscernible], so an assurance like that in

19 England is called an undertaking and that is enforceable by

20 contempt in this Court.  So we really are true to our word

21 when we confer to those things.

22          THE COURT:  Oh, there's still gentlemen in

23 England, aren't there?

24                    (Laughter)

25          THE COURT:  Now, all right, so why don't we plan

1   then on convening a call tomorrow morning at 9:00 a.m.  And

2   we can use CourtCall just as we have today.  And at that

3   time, depending upon the circumstances, I will also

4   entertain a hearing on the Motion for a Temporary

5   Restraining Order.

6           MR. BROMLEY:  Thank you very much, Your Honor, on

7   behalf of the U.S. debtors.  We certainly appreciate the

8   accommodations that you've given us both today and tomorrow

9   and we hope that we'll be able to resolve those in a more

10  expedited fashion.

11          THE COURT:  You're taking time away from me.  I'm

12  working on the opinion all day today and tomorrow,

13  unfortunately, but another question.  Could I -- could

14  someone send me, Mr. Hill, I believe referred to Section 311

15  of the Code in England relating to privilege.

16          MR. BROMLEY:  Yes.

17          THE COURT:  That would be --

18          MR. BROMLEY:  It's actually embodied in the order

19  entered by the UK Court.  You will find it very familiar,

20  Your Honor.

21          THE COURT:  Oh, excellent, okay.  That's helpful,

22  thank you.  All right, Counsel, we will reconvene tomorrow

23  morning at 9:00.

24          MR. BROMLEY:  Thank you very much, Your Honor.

25          THE COURT:  All right, everyone.  Good evening.

1          MR. HILL:  Thank you, good evening.

2      (Whereupon, at 4:55 p.m., the hearing was adjourned.)

3

4                    CERTIFICATION

5          I certify that the foregoing is a correct

6    transcript from the electronic sound recording of the

7    proceedings in the above-entitled matter.

8

9

10    _____          9 February 2012
11    Traci L. Calaman, Transcriber                Date
12

13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**a.m**(5) 35:25 36:2 36:11 36:11 38:1

**abbott**(10) 1:42 3:2 3:3 3:4 3:6 3:9 5:13 6:12 7:5 7:5

**ability**(1) 33:4
**able**(14) 6:22 7:18 7:21 8:23 9:8 13:3 15:19 15:19 17:8 18:13 21:11 33:5 36:7 38:9
**about**(19) 6:12 7:2 16:13 17:14 18:10 18:10 19:16 19:17 19:17 19:25 20:2 20:3 21:14 23:13 30:1 30:2 30:18 31:25 35:3

**aboveentitled**  (1) 39:7
**absolutely**(1) 36:15
**accept**(3) 24:12 25:16 25:20
**accommodation**(1) 35:11
**accommodations**(1) 38:8
**across**(1) 36:16
**act**(2) 24:9 33:7
**action**(1) 32:7
**actively**(2) 6:9 6:13
**actually**(15) 11:12 16:24 19:1 19:16 22:4 22:7 23:12 26:1 30:3 30:5 30:8 30:10 33:16 34:6 38:18
**add**(1) 23:11
**addition**(1) 9:24
**additional**(3) 11:9 21:6 22:25
**address**(3) 7:7 18:13 35:14
**addressed**(2) 8:9 31:2
**adjourned**(1) 39:2
**adler**(10) 1:35 3:24 4:1 18:7 18:8 18:17 23:15 27:2 32:22 33:17
**administered**(1) 1:6
**administrative**(1) 11:24
**administrators**(53) 2:77 7:1 7:19 7:25 8:5 8:14 9:3 11:23 12:16 12:20 13:5 14:5 14:10 14:13 14:16 15:9 16:7 18:2 18:6 18:19 18:21 19:4 19:8 20:6 20:15 20:23 23:19 24:4 24:8 24:21 25:4 25:7 26:7 26:10 27:19 27:20 28:5 28:6 29:2 29:11 29:25 30:5 30:8 30:12 30:16 30:20 31:16 32:13 34:1 34:12 34:16 34:24 37:17
**admittedly**(1) 12:2
**advanced**(2) 24:20 24:21
**advice**(1) 10:17
**affect**(1) 24:7
**after**(5) 8:24 20:4 29:16 29:22 31:3
**afternoon**(10) 4:3 5:9 5:20 5:21 6:19 6:21 7:10 7:11 7:12 12:8
**again**(8) 5:22 12:4 17:2 27:5 27:7 30:25 34:3 34:6
**against**(5) 19:4 32:7 32:7 34:22 34:23
**ago**(4) 12:3 18:10 20:5 20:21
**agree**(2) 21:12 31:23
**agreement**(3) 21:22 35:16 35:21
**ahead**(1) 35:4
**akin**(1) 2:58
**alerted**(1) 3:9
**all**(17) 5:5 8:7 7:2 7:2 7:9 9:22 11:13 13:5 13:16 15:7 15:10 16:11 16:24 17:6 17:7 18:4 18:17 21:15 21:16 23:15 26:20 27:9 27:9 27:11 27:14 28:23 34:2 34:8 36:18 37:1 37:8 37:12 37:25 38:12 38:22 38:25
**allen**(2) 2:68 5:4
**allocation**(1) 16:14
**allowed**(1) 26:22
**allows**(1) 23:22
**already**(3) 24:5 25:15 35:7
**also**(17) 4:4 4:8 4:25 5:23 11:11 11:16 12:14 13:20 15:25 19:5 22:21 22:25 23:18 24:22 33:14 37:4 38:3
**america**(4) 9:25 14:18 14:19 17:20

**among**(1) 8:17
**amongst**(3) 13:10 13:16 17:4
**amount**(2) 8:3 27:14
**amounts**(1) 8:7
**analyses**(3) 15:21 15:21 31:11
**analysis**(5) 10:9 10:20 11:10 15:15 16:25
**and**(236) 2:78 4:4 4:7 4:15 4:17 4:20 4:25 5:6 5:10 5:11 5:13 5:13 5:14 5:14 5:14 5:15 5:15 5:16 6:5 6:8 7:6 7:8 7:11 7:13 7:14 7:18 7:19 8:4 8:6 8:7 8:9 8:20 8:23 9:1 9:4 9:9 9:19 9:22 10:1 10:1 10:2 10:7 10:7 10:8 10:9 10:12 10:12 10:14 10:15 10:16 10:18 10:21 10:22 10:24 10:25 11:8 11:12 11:13 11:17 11:23 11:25 12:4 12:6 12:11 12:14 12:18 12:23 12:24 12:25 13:4 13:5 13:10 13:12 13:15 13:19 13:23 13:25 14:1 14:3 14:8 14:12 14:12 14:17 14:19 14:19 14:22 15:6 15:8 15:9 15:12 15:14 15:18 15:20 15:23 16:2 16:13 16:18 16:19 16:20 17:2 17:3 17:7 17:11 17:14 17:18 17:19 17:22 17:23 17:17 17:24 17:25 18:5 18:12 18:24 19:2 19:2 19:14 19:18 19:23 19:24 20:2 20:3 20:4 20:7 20:9 20:10 20:12 20:17 20:18 20:19 20:20 21:1 21:5 21:9 21:11 21:21 22:1 22:2 22:5 22:15 22:23 22:24 23:2 23:4 23:8 23:12 23:20 23:23 23:24 24:2 24:6 24:8 24:13 24:16 24:16 24:18 24:20 24:21 24:22 25:12 25:14 25:18 26:1 26:11 26:11 26:12 26:13 26:14 26:17 26:20 26:21 26:24 27:3 27:7 28:1 28:11 28:15 28:17 28:25 29:8 29:20 29:22 29:24 30:3 30:4 30:6 30:10 30:15 30:18 30:23 30:25 31:1 31:2 31:3 31:4 31:11 31:11 31:18 31:20 31:22 31:24 32:2 32:3 32:5 32:18 33:2 33:12 33:14 33:21 33:23 34:2 34:14 34:16 34:18 34:20 35:3 35:5 35:6 35:24 36:1 36:3 36:5 36:10 36:18 36:24 36:24 36:25 37:3 37:8 37:10 37:19 38:1 38:2 38:8 38:9 38:12

**ann**(1) 1:41
**another**(3) 27:24 30:21 38:13
**anticipate**(1) 35:20
**anticipated**(1) 6:25
**any**(33) 8:3 8:7 9:6 10:25 11:7 12:9 13:9 14:11 14:11 14:12 14:15 15:24 18:13 18:14 19:9 22:9 23:13 24:5 24:15 26:11 29:10 29:24 30:12 33:20 33:21 34:4 34:15 34:22 35:19 36:15 37:6 37:7
**anyone**(5) 5:16 20:8 23:16 30:13 32:19
**anything**(6) 14:16 18:15 23:11 23:11 29:1 36:20
**anyway**(3) 26:16 35:17 35:20
**apologize**(2) 7:14 15:6
**apparent**(1) 4:13
**appear**(2) 15:13 20:19
**appearances**(1) 2:1
**appeared**(1) 8:1
**appears**(1) 15:15
**applicable**(1) 15:23
**application**(5) 24:10 26:18 28:11 28:12 28:13
**applies**(2) 20:13 21:16
**apply**(1) 20:11
**applying**(2) 25:11 28:10
**appreciate**(1) 38:7
**appropriate**(1) 16:4
**approved**(2) 14:21 30:15

**are**(69) 3:8 3:24 4:8 5:10 5:25 6:1 6:8 8:25 8:25 9:1 10:19 10:21 10:23 11:6 12:10 14:6 15:12 15:16 15:21 16:2 17:14 17:22 18:20 18:23 19:1 19:14 19:15 20:10 20:11 20:25 21:18 21:18 22:7 23:19 23:20 24:5 24:12 24:16 24:25 25:8 25:8 25:18 26:21 27:2 27:12 27:20 27:24 28:5 28:6 28:13 28:21 29:1 29:15 31:5 31:7 31:9 31:17 31:19 31:22 32:10 32:17 32:22 33:5 33:12 35:25 36:22 37:9 37:17 37:20
**aren't**(1) 37:23
**argue**(1) 16:13
**argument**(3) 15:8 24:19 33:21
**arises**(1) 21:21
**arrangements**(1) 3:15
**arsht**(1) 1:39
**aside**(1) 8:8
**ask**(3) 24:24 26:20 29:20
**asked**(5) 7:6 7:8 19:23 29:9 29:13
**asking**(3) 20:22 29:22 32:22
**asks**(1) 30:13
**assert**(3) 27:17 28:10 33:8
**asserted**(2) 24:16 34:22
**assertedly**(1) 16:8
**asserting**(3) 33:16 33:22 34:10
**assertion**(2) 15:3 25:16
**assertions**(1) 9:10
**assets**(6) 9:17 10:5 16:11 16:11 16:12 16:12
**assist**(1) 24:4
**assurance**(2) 36:12 37:18
**attached**(2) 15:25 31:22
**attaches**(1) 21:3
**attempting**(2) 8:3 8:21
**attributing**(1) 14:25
**authority**(1) 18:22
**authorizes**(1) 31:20
**availability**(1) 36:10
**avoidance**(1) 15:2
**avoided**(1) 14:23
**aware**(1) 14:22
**away**(1) 38:11

**back**(3) 16:9 29:20 31:23
**background**(3) 7:16 9:12 18:17
**bankruptcy**(2) 1:1 1:20
**banned**(3) 23:19 23:20 24:5
**barrister**(1) 4:7
**based**(2) 14:19 17:3
**basic**(1) 20:14
**basis**(17) 9:22 13:16 14:14 15:7 16:13 17:3 17:16 19:16 21:5 22:8 24:22 31:18 32:24 33:18 34:10 34:12 34:25
**because**(11) 11:4 11:11 11:12 24:5 25:19 26:3 31:7 34:3 34:22 35:6 35:20
**become**(1) 7:20
**been**(23) 8:9 9:5 9:10 11:20 13:21 13:22 14:4 14:7 17:25 18:1 18:9 19:19 20:1 20:16 20:18 21:4 22:2 24:13 24:14 26:24 32:14 35:23 36:7
**before**(9) 1:19 9:8 9:16 29:24 30:18 35:9 35:20 36:13 36:16
**beforehand**(1) 16:13
**begin**(1) 7:3
**behalf**(2) 23:17 38:7
**being**(2) 19:23 21:19
**believe**(19) 4:7 7:6 9:1 9:9 10:22 13:25 14:15 15:18 15:25 16:3 17:5 20:5 21:7 23:6 31:7 32:12 32:12 32:15 38:14
**besides**(1) 5:13
**best**(2) 6:10 32:16
**better**(1) 21:8
**between**(1) 12:14
**beyond**(1) 31:12
**billion**(1) 11:15

**bind**(1) 20:24
**bit**(3) 5:20 7:16 9:12
**bloom**(1) 32:18
**bona**(12) 25:7 25:14 25:17 25:23 26:7 26:16 28:5 28:20 32:24 34:11 34:20 34:25
**bond**(1) 2:72
**both**(4) 10:17 10:20 24:8 38:8
**botter**(3) 2:60 5:10 5:13
**bound**(3) 27:15 28:16 31:17
**breach**(1) 13:9
**breaching**(1) 32:7
**break**(1) 29:17
**breathing**(1) 13:3
**bring**(1) 7:17
**bringing**(1) 15:6
**bromley**(30) 1:27 5:14 5:17 5:17 5:22 5:22 6:2 6:6 7:7 7:9 7:11 16:6 16:9 16:17 21:15 22:13 24:13 25:3 26:19 26:21 27:9 27:11 36:18 36:21 36:24 37:16 38:6 38:16 38:18 38:24
**business**(9) 10:5 10:6 10:8 10:11 10:13 17:10 17:12 17:13 17:15
**businesses**(3) 16:12 16:19 16:24
**but**(36) 6:13 7:20 8:2 8:18 9:12 11:6 11:16 12:15 15:7 15:15 16:14 17:21 18:8 18:12 19:5 19:20 21:10 21:22 23:3 23:3 25:10 26:8 27:5 28:17 29:18 31:15 34:3 34:6 34:17 35:2 36:3 36:10 36:20 37:4 37:7 38:13
**calaman**(1) 39:11
**call**(11) 4:14 6:9 6:14 6:20 7:6 7:8 12:2 35:25 36:6 36:13 38:1
**called**(4) 17:12 26:4 30:9 37:19
**calling**(5) 3:8 4:20 4:25 5:1 7:3
**calls**(1) 8:20
**caloway**(1) 5:15
**camera**(1) 15:13
**can**(18) 14:3 15:14 16:4 19:3 20:9 23:25 24:20 26:12 27:2 27:7 28:23 32:2 32:12 33:10 35:2 35:18 36:12 38:2
**can't**(1) 25:15
**canada**(3) 8:10 9:19 10:1
**canadian**(2) 5:6 5:23
**cannot**(1) 32:1
**careful**(1) 15:2
**carefully**(1) 14:23
**case**(7) 1:5 20:10 20:19 24:17 32:7 32:20 33:22
**cases**(1) 8:2
**catch**(1) 30:21
**categories**(1) 27:25
**category**(4) 27:21 27:22 27:24 35:16
**cause**(2) 13:19 32:6
**certain**(6) 8:6 8:15 14:7 18:23 20:6 34:23
**certainly**(5) 7:18 15:6 18:4 18:16 32:15 34:5 37:3 38:7
**certification**(1) 39:4
**certify**(1) 39:5
**chambers**(1) 27:16
**chaos**(1) 4:13
**chapter**(1) 1:8
**characterization**(1) 24:12
**check**(2) 12:4 33:1
**chicago**(2) 14:19 17:3
**christmas**(1) 29:17
**christopher**(1) 2:6
**circuit**(1) 8:9
**circumstance**(1) 17:1
**circumstances**(3) 16:5 37:6 38:3
**claim**(4) 8:4 28:21 32:24 34:23
**claimed**(2) 27:19 27:21
**claims**(1) 26:15

| Word | Page:Line |
|------|-----------|
| **classic**(2) 20:24 21:20 | |
| **clear**(5) 4:18 7:20 16:22 17:5 25:15 | |
| **cleary**(3) 1:24 20:8 20:18 | |
| **cleary's**(2) 23:22 24:23 | |
| **clients**(1) 12:4 | |
| **co-counsel**(2) 3:15 3:20 | |
| **code**(1) 38:15 | |
| **coherent**(1) 24:16 | |
| **colleagues**(1) 23:10 | |
| **collective**(2) 12:17 13:6 | |
| **come**(7) 13:17 14:11 16:7 18:14 20:9 21:24 32:18 | |
| **comes**(1) 22:2 | |
| **comfort**(1) 37:16 | |
| **committee**(2) 2:5 2:58 | |
| **communications**(1) 20:2 | |
| **company**(2) 15:17 15:18 | |
| **compare**(1) 17:8 | |
| **compel**(5) 18:18 18:18 19:1 19:7 19:13 | |
| **compelled**(1) 22:17 | |
| **compelling**(1) 15:8 | |
| **competent**(2) 12:24 14:2 | |
| **complaints**(1) 36:24 | |
| **completely**(1) 4:17 | |
| **comply**(2) 18:25 19:2 | |
| **conaway**(1) 2:79 | |
| **concerned**(3) 11:6 35:3 36:3 | |
| **concerns**(2) 29:4 32:16 | |
| **conclusion**(1) 14:11 | |
| **confer**(1) 37:21 | |
| **confidential**(1) 22:23 | |
| **confidentiality**(2) 19:18 22:25 | |
| **confirmation**(1) 3:24 | |
| **conjunction**(1) 9:18 | |
| **connection**(4) 9:11 16:25 17:15 17:20 | |
| **consequences**(1) 18:25 | |
| **consistent**(1) 29:8 | |
| **consortium**(2) 11:14 11:15 | |
| **constitute**(2) 11:7 22:19 | |
| **consulted**(1) 32:21 | |
| **contain**(2) 10:19 30:15 | |
| **contained**(1) 10:8 | |
| **contempt**(2) 19:3 37:20 | |
| **contest**(1) 23:6 | |
| **context**(3) 11:21 22:5 33:10 | |
| **continued**(1) 2:2 | |
| **contracts**(1) 30:17 | |
| **convening**(1) 38:1 | |
| **conversations**(3) 8:13 9:2 13:4 | |
| **convince**(3) 12:15 18:2 27:18 | |
| **coordinated**(1) 4:15 | |
| **copied**(1) 33:14 | |
| **copies**(3) 8:24 26:22 34:2 | |
| **copy**(1) 37:1 | |
| **cordo**(2) 1:41 5:14 | |
| **correct**(4) 6:23 18:14 23:11 39:5 | |
| **correspondence**(1) 20:2 | |
| **cost**(1) 15:19 | |
| **could**(20) 7:4 8:18 8:22 11:8 13:1 15:19 17:9 22:16 22:24 24:22 26:9 26:16 26:16 27:1 28:10 29:23 35:2 38:13 38:13 | |
| **counsel**(22) 6:17 7:19 8:13 9:2 10:15 10:16 10:18 10:20 11:23 11:24 12:16 15:9 17:2 18:2 29:11 29:25 30:5 32:13 33:15 38:7 | |
| **couple**(1) 21:14 | |
| **course**(7) 5:15 8:12 23:21 25:1 26:2 33:19 36:2 | |
| **courses**(1) 27:18 | |

| Word | Page:Line |
|------|-----------|
| **court**(95) 1:1 3:2 3:5 3:19 3:22 4:3 4:17 4:20 4:23 5:2 5:5 5:8 5:11 5:19 6:4 6:8 6:15 6:19 6:22 7:2 7:7 7:8 7:9 7:18 8:10 9:8 9:20 12:24 13:24 14:1 14:3 14:5 14:8 14:10 14:21 14:21 14:24 16:6 16:16 18:4 18:16 18:24 19:3 19:5 19:12 19:24 20:4 20:7 20:7 20:17 21:2 21:19 22:1 22:24 23:4 23:15 23:25 24:2 24:24 25:11 25:22 25:22 25:25 26:5 26:9 26:12 26:18 26:20 27:9 28:11 30:19 31:24 32:3 32:21 33:9 34:2 35:5 35:13 35:23 36:12 36:18 36:23 37:1 37:10 37:12 37:14 37:17 37:20 37:22 37:25 38:11 38:17 38:19 38:21 38:25 | |
| **court's**(2) 25:1 37:18 | |
| **courtcall**(2) 4:16 38:2 | |
| **courtroom**(1) 1:9 | |
| **create**(3) 13:15 34:11 34:25 | |
| **created**(7) 10:25 14:18 15:3 17:15 17:20 24:18 30:20 | |
| **creation**(1) 17:12 | |
| **creditors**(1) 2:4 | |
| **criminal**(6) 19:1 19:6 21:2 28:24 31:17 31:21 | |
| **cro**(1) 37:5 | |
| **cuffs**(1) 32:18 | |
| **damage**(1) 19:19 | |
| **damages**(5) 13:15 13:17 15:23 34:21 34:22 | |
| **dan**(3) 5:3 5:24 5:24 | |
| **daniel**(1) 2:69 | |
| **data**(1) 1:50 | |
| **date**(2) 15:6 39:11 | |
| **david**(2) 2:60 5:10 | |
| **day**(1) 38:12 | |
| **days**(6) 12:13 20:5 20:21 27:1 27:3 35:17 | |
| **deal**(1) 16:24 | |
| **debtor**(6) 2:24 11:11 26:8 26:16 27:8 33:8 | |
| **debtors**(14) 1:11 5:23 7:6 9:7 9:18 11:2 12:24 12:25 13:13 14:23 28:10 33:15 36:4 38:7 | |
| **december**(1) 29:8 | |
| **decided**(2) 12:5 30:5 | |
| **defense**(2) 21:21 21:22 | |
| **definitely**(1) 27:25 | |
| **definition**(1) 26:5 | |
| **delaware**(3) 1:2 1:11 3:1 | |
| **demands**(1) 29:8 | |
| **department**(1) 9:25 | |
| **depend**(1) 28:3 | |
| **depending**(2) 27:23 38:3 | |
| **derek**(7) 1:35 1:42 3:3 3:7 3:24 7:5 18:7 | |
| **described**(1) 29:10 | |
| **desire**(1) 20:15 | |
| **detailed**(1) 10:9 | |
| **determination**(7) 13:25 14:9 24:3 24:6 26:6 28:24 31:20 | |
| **determine**(13) 8:3 8:6 8:22 12:24 14:2 14:13 14:16 16:20 22:3 22:14 25:21 31:18 36:7 | |
| **determined**(5) 14:21 22:8 23:25 25:12 32:2 | |
| **dial**(3) 3:16 4:5 4:8 | |
| **dialed**(1) 4:5 | |
| **dialing**(2) 4:9 4:11 | |
| **diaz**(1) 1:50 | |
| **did**(14) 5:23 7:17 10:4 14:8 14:11 14:12 15:8 16:6 16:23 17:16 19:8 20:4 25:5 29:7 | |
| **didn't**(3) 10:5 25:23 26:17 | |
| **difference**(2) 35:3 35:7 | |
| **different**(1) 36:20 | |
| **difficult**(4) 17:24 31:6 34:5 34:17 | |
| **difficulty**(1) 32:9 | |
| **dilemma**(1) 33:19 | |
| **directed**(1) 20:5 | |
| **direction**(1) 34:1 | |

| Word | Page:Line |
|------|-----------|
| **directions**(5) 14:5 19:12 23:20 24:6 24:8 | |
| **directly**(1) 20:23 | |
| **disclose**(3) 20:6 20:15 33:12 | |
| **disclosed**(4) 20:20 22:3 22:23 23:24 | |
| **disclosure**(4) 18:20 18:23 19:11 33:12 | |
| **discretion**(5) 25:4 26:3 30:7 30:22 30:23 | |
| **discuss**(2) 13:4 27:4 | |
| **discussed**(1) 30:11 | |
| **discussing**(1) 28:16 | |
| **dispute**(3) 19:9 31:6 32:24 | |
| **district**(1) 1:2 | |
| **doctrine**(1) 22:17 | |
| **document**(3) 14:11 14:12 27:21 | |
| **documents**(84) 7:24 8:6 8:15 8:17 8:19 8:22 8:24 9:1 9:6 9:7 9:13 9:14 10:19 10:22 10:22 12:18 13:8 13:11 13:14 14:14 14:17 15:3 15:16 15:17 16:8 16:8 17:25 18:20 19:15 19:22 20:3 21:18 22:6 22:11 23:24 24:11 24:18 25:5 25:7 25:8 25:24 26:1 26:22 27:24 28:12 28:19 28:21 29:6 29:7 29:9 29:13 29:13 29:14 29:14 29:15 29:16 29:22 30:4 30:6 30:13 30:14 30:14 31:7 31:9 31:19 31:21 32:10 32:17 33:20 34:1 34:4 34:13 34:21 35:1 35:7 35:14 35:17 36:13 36:15 37:9 | |
| **does**(4) 15:12 22:19 27:22 36:18 | |
| **doesn't**(7) 5:19 21:16 24:4 25:20 31:23 34:25 36:19 | |
| **doing**(2) 20:25 36:22 | |
| **don't**(19) 3:9 6:8 11:5 14:15 15:24 19:10 21:12 23:6 24:12 25:16 28:2 30:9 30:22 30:22 32:5 33:20 34:14 37:3 37:25 | |
| **done**(1) 7:21 | |
| **door**(1) 11:9 | |
| **doubt**(1) 10:23 15:24 | |
| **down**(2) 8:25 32:18 | |
| **drive**(2) 29:19 29:19 | |
| **due**(1) 27:12 | |
| **duty**(1) 22:22 | |
| **each**(2) 27:13 | |
| **earlier**(1) 25:3 | |
| **early**(2) 35:24 36:6 | |
| **easier**(1) 34:17 | |
| **ecro**(1) 1:48 | |
| **edwin**(1) 2:82 | |
| **effect**(5) 13:15 13:21 14:9 16:21 19:20 | |
| **effectively**(1) 35:15 | |
| **either**(1) 24:3 | |
| **electronic**(1) 1:57 39:6 | |
| **else**(5) 5:16 23:11 23:16 25:16 32:19 | |
| **email**(1) 29:18 | |
| **embodied**(1) 38:18 | |
| **emergency**(1) 15:7 | |
| **emphasis**(1) 27:14 | |
| **employed**(1) 16:10 | |
| **encrypted**(1) 29:20 | |
| **encryption**(1) 29:21 | |
| **end**(1) 25:19 | |
| **enforce**(1) 11:17 | |
| **enforceable**(1) 37:19 | |
| **enforcing**(1) 17:11 | |
| **engagement**(1) 14:20 | |
| **england**(9) 18:22 18:24 21:10 21:19 21:20 25:2 37:19 37:23 38:15 | |
| **english**(22) 18:24 19:5 19:12 19:24 20:7 20:7 20:12 20:17 21:2 21:19 22:24 23:4 23:7 23:10 23:25 25:14 25:20 26:3 28:11 33:7 37:17 | |
| **enough**(1) 32:14 | |
| **entailed**(1) 16:18 | |
| **enter**(1) 34:18 | |
| **entered**(4) 10:12 20:21 33:24 38:19 | |
| **entertain**(1) 38:4 | |
| **entirely**(4) 8:8 10:15 17:19 31:12 | |

| Word | Page:Line |
|------|-----------|
| **entirety**(1) 10:10 | |
| **entities**(1) 34:23 | |
| **entitled**(2) 24:25 25:9 | |
| **entity**(2) 8:1 10:6 | |
| **entries**(1) 31:9 | |
| **entry**(1) 37:5 | |
| **equally**(2) 26:8 26:17 | |
| **ernest**(1) 5:6 | |
| **ernst**(1) 2:68 | |
| **erroneously**(1) 9:9 | |
| **esq**(14) 1:27 1:28 1:29 1:35 1:41 1:42 2:6 2:59 2:60 2:65 2:69 2:74 2:80 2:82 | |
| **essentially**(1) 19:10 | |
| **establish**(4) 25:23 26:9 26:9 26:12 | |
| **established**(1) 22:17 | |
| **estate**(15) 5:7 9:15 10:24 17:4 19:14 19:24 20:9 20:18 20:22 32:1 32:10 | |
| **estates**(2) 9:23 16:2 | |
| **even**(6) 13:11 24:2 25:18 26:17 27:5 33:24 | |
| **evening**(5) 21:10 35:2 37:1 38:25 39:1 | |
| **event**(4) 28:12 36:16 37:6 37:7 | |
| **eventually**(1) 8:23 | |
| **ever**(1) 36:16 | |
| **every**(3) 16:17 20:1 31:18 | |
| **everyone**(3) 6:3 6:25 38:25 | |
| **exactly**(1) 31:1 | |
| **example**(2) 15:16 33:24 | |
| **excellent**(2) 5:8 38:21 | |
| **excuse**(1) 37:13 | |
| **exercise**(7) 10:2 13:22 15:1 16:10 16:17 29:5 37:6 | |
| **exercising**(3) 18:22 28:6 31:4 | |
| **exist**(3) 8:4 10:16 11:13 | |
| **existed**(1) 8:23 | |
| **existing**(2) 23:20 24:7 | |
| **exists**(5) 11:1 11:8 12:23 12:25 14:3 | |
| **expected**(1) 28:5 | |
| **expecting**(1) 6:3 | |
| **expedited**(1) 38:10 | |
| **explain**(3) 7:7 33:8 33:10 | |
| **explanation**(1) 26:14 | |
| **explored**(1) 26:25 | |
| **extended**(1) 20:1 | |
| **extension**(2) 21:6 36:8 | |
| **extent**(3) 10:25 23:2 34:7 | |
| **external**(1) 10:16 | |
| **extra**(2) 27:3 35:12 | |
| **extraordinary**(1) 9:2 | |
| **face**(2) 31:7 31:8 | |
| **faced**(1) 7:22 | |
| **facing**(2) 32:8 32:9 | |
| **fact**(7) 8:8 14:6 28:17 30:23 31:15 31:17 36:1 | |
| **failed**(2) 26:11 26:11 | |
| **failing**(1) 18:25 | |
| **failure**(1) 19:2 | |
| **faith**(1) 14:14 | |
| **familiar**(1) 38:19 | |
| **far**(2) 26:10 26:12 | |
| **fashion**(1) 38:10 | |
| **february**(4) 1:13 3:1 29:6 39:10 | |
| **feel**(3) 15:8 30:9 32:13 32:13 | |
| **feld**(1) 2:58 | |
| **felt**(2) 7:14 15:9 | |
| **few**(4) 12:3 24:24 27:1 27:2 | |
| **fide**(11) 25:7 25:14 25:23 26:7 26:16 28:5 28:20 32:24 34:12 34:20 34:25 | |
| **fidely**(1) 25:17 | |
| **filed**(1) 37:1 | |
| **files**(1) 29:12 | |
| **filing**(2) 12:10 36:22 | |
| **finally**(2) 20:4 29:16 | |

| Word | Page:Line |
|------|-----------|
| find(9) | 15:1 23:9 29:12 32:5 32:15 35:6 35:25 36:5 38:19 |
| finding(1) | 34:18 |
| findings(1) | 33:22 |
| finger(1) | 2:5 |
| firm(4) | 9:21 9:22 14:19 17:3 |
| first(13) | 8:14 18:8 18:17 21:15 21:16 24:10 24:25 25:9 25:17 26:10 27:14 28:15 29:5 |
| five(1) | 35:4 |
| focus(1) | 28:15 |
| follow(2) | 4:12 12:12 |
| for(78) | 1:2 1:24 2:4 2:58 2:63 2:68 2:72 2:77 3:15 3:19 4:5 4:13 5:6 5:24 6:10 7:5 7:6 7:8 7:12 7:14 7:23 8:5 10:5 11:14 11:18 11:23 12:19 12:16 13:2 13:5 13:24 14:5 14:15 15:6 16:2 16:14 16:17 16:23 16:25 17:11 18:2 19:6 19:16 20:22 21:6 22:19 22:25 23:5 23:8 24:14 24:23 28:7 29:9 29:13 29:20 29:22 30:13 30:16 31:1 31:4 31:6 31:15 32:7 32:22 32:23 33:22 33:24 34:5 34:10 34:12 34:25 35:17 35:19 35:25 36:25 37:7 38:4 |
| foregoing(1) | 39:5 |
| foreign(1) | 2:78 |
| form(2) | 24:3 36:25 |
| forum(1) | 23:5 |
| forward(1) | 8:11 |
| founded(1) | 24:22 |
| four(6) | 8:25 10:19 10:22 10:22 29:14 |
| fourteen(1) | 20:5 20:21 |
| frankly(4) | 17:25 21:17 30:10 31:6 |
| fred(2) | 2:59 5:10 |
| from(18) | 4:25 5:1 5:4 6:25 18:5 19:13 20:25 21:6 21:6 22:22 25:3 25:16 26:15 27:21 30:7 31:4 33:11 38:11 39:6 |
| frustrated(1) | 15:2 |
| frustrating(2) | 8:13 31:15 |
| frustration(1) | 18:1 |
| fully(1) | 26:25 |
| further(5) | 13:4 16:24 34:2 35:18 37:16 |
| future(1) | 24:4 |
| gaps(1) | 18:14 |
| gave(1) | 5:23 |
| general(1) | 23:8 |
| generate(2) | 15:20 31:11 |
| generated(2) | 10:10 10:11 |
| gentlemen(1) | 37:22 |
| genuine(1) | 27:17 |
| get(9) | 4:15 17:9 17:16 26:15 27:16 35:5 35:9 35:15 35:23 |
| ginger(1) | 1:48 |
| give(10) | 7:4 7:16 9:12 13:7 15:15 21:25 24:9 26:11 36:19 37:16 |
| given(5) | 13:21 19:7 19:24 29:23 38:8 |
| giving(1) | 7:12 |
| global(5) | 9:20 10:18 10:21 14:19 17:2 |
| goes(1) | 31:23 |
| going(6) | 4:8 5:25 6:8 7:7 8:15 16:1 18:11 21:4 23:6 29:1 31:10 31:22 32:4 32:4 32:18 36:16 |
| gone(1) | 9:1 |
| good(15) | 4:3 5:9 5:20 5:21 6:19 6:19 6:21 7:9 7:9 7:11 14:6 16:24 26:24 38:25 39:1 |
| got(4) | 5:14 19:13 29:5 35:21 |
| gottlieb(3) | 1:24 20:8 20:18 |
| granting(1) | 16:3 |
| grants(1) | 24:15 |
| gross(5) | 1:19 3:21 4:2 4:4 4:14 |
| group(2) | 2:73 17:2 |
| guess(1) | 6:22 |
| gump(1) | 2:58 |
| guyder(6) | 2:69 5:3 5:4 5:6 5:24 6:1 |
| had(14) | 6:6 8:12 12:2 15:8 18:1 23:4 24:16 25:2 26:13 29:14 29:20 30:23 30:23 34:8 |
| hadley(1) | 2:73 |
| half(2) | 29:22 31:1 |
| hamilton(1) | 1:24 |
| hand(1) | 31:16 |
| hands(1) | 30:2 |
| happen(4) | 32:4 32:5 35:9 35:15 |
| happy(2) | 12:12 15:12 |
| hard(1) | 32:15 |
| harrisburg(1) | 1:52 |
| harron(18) | 2:82 3:7 3:11 3:14 3:14 3:18 3:19 3:21 3:23 4:4 4:7 4:13 4:19 4:22 4:24 5:16 6:11 6:24 |
| has(11) | 8:1 8:8 11:20 14:4 21:17 22:3 24:18 25:14 28:1 32:6 37:10 |
| hasn't(2) | 26:24 32:14 |
| hate(1) | 35:5 |
| hauer(1) | 2:58 |
| have(72) | 4:5 5:11 5:12 6:2 6:17 6:19 7:3 8:12 9:1 9:5 9:9 11:12 11:17 11:22 12:7 12:14 12:22 13:4 13:21 13:22 14:7 14:23 14:24 14:25 15:11 16:10 17:6 18:12 19:4 19:10 19:18 20:18 21:4 21:24 22:7 22:14 23:3 23:13 24:14 24:15 25:1 25:11 25:13 25:17 25:23 26:2 26:13 27:15 27:22 28:2 28:23 29:4 29:23 30:9 30:20 30:22 30:24 30:25 31:8 31:18 31:19 32:21 33:1 33:20 34:14 34:15 34:20 34:25 35:10 35:21 36:4 36:10 38:2 |
| haven't(5) | 3:24 18:9 33:17 34:3 34:6 |
| having(2) | 3:6 31:5 |
| he's(2) | 4:11 4:25 |
| hear(3) | 3:10 18:5 33:22 |
| heard(3) | 6:6 27:10 33:21 |
| hearing(7) | 12:13 12:13 35:2 36:1 37:9 38:4 39:2 |
| hearings(1) | 20:4 |
| heavy(1) | 31:10 |
| held(2) | 18:3 34:2 |
| hello(5) | 3:12 4:1 4:3 5:3 6:18 |
| help(2) | 8:6 36:19 |
| helpful(1) | 38:21 |
| helping(1) | 12:15 |
| herbert(3) | 2:64 3:24 33:2 |
| here(23) | 4:1 5:18 12:22 13:2 14:3 14:18 15:4 15:8 18:18 28:1 30:1 30:20 31:3 31:14 33:23 34:10 35:4 |
| here's(1) | 33:19 |
| hill(33) | 2:80 4:8 4:8 4:9 4:22 4:23 4:25 6:5 6:13 6:17 6:18 6:20 6:21 18:13 23:17 23:17 24:25 25:6 25:25 26:23 27:12 28:15 28:20 32:19 32:21 33:1 35:8 35:14 36:3 36:9 36:15 37:2 38:14 39:1 |
| him(1) | 4:12 |
| hired(1) | 9:19 14:18 17:2 |
| his(3) | 27:13 32:22 32:23 |
| hodara(4) | 2:59 5:9 5:10 5:13 |
| hold(1) | 13:19 |
| holders(1) | 2:72 |
| holding(2) | 17:21 19:22 |
| honesty(2) | 15:7 17:7 |
| honor(58) | 3:5 3:5 5:9 5:17 5:22 6:11 6:13 6:16 6:18 6:24 7:5 7:11 7:25 9:4 9:10 10:4 12:7 12:9 13:1 13:2 13:7 13:18 13:25 14:3 14:22 15:5 15:7 15:12 16:3 16:9 16:15 17:8 18:7 21:17 22:13 22:16 23:13 26:24 27:11 27:15 28:14 28:18 29:3 29:4 30:15 30:21 31:5 31:15 31:25 33:3 35:8 36:21 37:8 37:13 37:15 38:6 38:20 38:24 |
| honorable(1) | 1:19 |
| hook(1) | 34:19 |
| hope(2) | 34:11 38:9 |
| hopeful(1) | 7:18 |
| hoping(1) | 27:2 |
| horse(1) | 30:9 |
| hour(2) | 18:10 31:1 |
| hours(3) | 7:20 12:3 35:4 |
| how(3) | 5:10 16:6 17:16 |
| howard(1) | 1:28 |
| however(1) | 9:5 |
| hubbard(1) | 1:34 |
| hughes(1) | 1:34 |
| i'd(2) | 23:10 24:11 |
| i'll(7) | 4:12 5:12 9:4 18:8 18:10 26:21 33:1 |
| i'm(22) | 3:11 3:11 3:14 5:12 7:2 25:2 25:8 27:10 32:22 34:3 34:16 35:1 35:3 35:24 36:6 38:11 |
| i've(6) | 3:15 5:14 23:11 33:21 34:19 35:23 |
| idea(10) | 7:3 13:7 29:3 29:23 30:8 31:3 31:5 31:8 31:14 32:16 |
| ideally(1) | 24:21 |
| identify(1) | 8:21 |
| identifying(1) | 8:16 |
| immediately(1) | 13:18 |
| impacts(1) | 30:13 |
| implore(1) | 19:3 |
| important(7) | 7:15 11:10 11:11 13:5 13:20 |
| inappropriate(1) | 28:25 |
| inc(1) | 1:8 |
| include(1) | 33:25 |
| including(6) | 9:19 13:16 31:1 |
| incorporated(1) | 10:21 |
| incorrectly(1) | 23:11 |
| indeed(10) | 10:9 10:14 12:21 14:12 14:17 17:23 24:8 24:13 28:19 28:21 |
| indicating(1) | 34:9 |
| indiscernible(1) | 37:18 |
| inform(1) | 26:6 |
| information(8) | 8:6 10:19 11:5 11:6 11:21 22:6 27:23 28:4 29:9 30:22 30:24 32:14 |
| informed(1) | 11:24 |
| infringing(1) | 15:18 |
| initially(1) | 9:7 |
| injunction(1) | 12:13 |
| injury(4) | 12:19 12:22 13:19 32:9 |
| input(1) | 10:14 10:15 14:20 |
| instance(1) | 25:9 |
| instead(1) | 27:24 |
| intellectual(6) | 9:15 9:16 9:21 10:7 17:11 17:17 |
| intend(1) | 11:25 |
| intent(1) | 12:17 |
| interested(1) | 19:25 |
| interesting(1) | 22:13 |
| interests(1) | 13:6 |
| internal(3) | 9:24 10:15 10:18 |
| international(2) | 22:5 22:9 |
| internationally(1) | 22:6 |
| interpleaded(1) | 19:20 |
| interpretation(1) | 30:17 |
| interrupt(1) | 12:7 |
| intervene(3) | 23:22 24:23 28:11 |
| into(5) | 9:4 10:13 10:21 16:7 26:2 |
| invite(1) | 23:10 |
| invited(1) | 20:18 |
| involve(1) | 34:23 |
| involved(5) | 6:14 8:3 18:9 |
| irreparable(4) | 12:19 12:22 13:19 32:9 |
| issue(12) | 8:8 9:6 14:8 15:25 17:23 18:5 20:5 20:24 24:12 25:11 29:6 30:11 |
| issued(1) | 18:19 |
| issues(6) | 7:4 9:3 14:7 19:17 19:17 31:2 |
| it's(26) | 3:3 5:9 5:22 6:16 6:19 7:5 7:20 11:4 11:11 13:20 17:5 18:7 20:14 21:10 22:24 24:22 26:3 26:4 32:4 32:19 33:3 33:14 33:15 34:4 36:9 38:18 |
| items(1) | 15:16 |
| i'll(1) | 6:7 |
| i'm(1) | 4:6 |
| james(3) | 1:26 5:14 5:17 |
| january(5) | 8:23 29:6 29:17 29:21 29:24 |
| jenny(1) | 5:25 |
| jim(1) | 5:25 |
| joe(1) | 5:25 |
| john(11) | 2:65 4:5 4:5 4:9 4:18 4:19 4:24 6:16 33:2 33:3 37:15 |
| join(1) | 5:25 |
| joint(53) | 2:77 7:19 8:5 8:14 9:2 9:22 11:23 11:24 12:16 12:20 13:3 13:10 13:15 14:5 14:10 14:13 14:16 15:9 16:6 16:12 17:3 17:16 17:21 18:2 18:5 19:4 19:8 20:15 21:21 21:21 21:22 21:24 24:4 24:7 25:4 25:7 27:19 27:20 28:4 28:6 29:1 29:25 30:4 30:8 30:12 30:16 30:20 33:6 34:1 34:12 34:16 34:24 37:17 |
| jointly(1) | 1:6 |
| judge(1) | 1:19 1:20 3:21 4:2 4:4 4:14 25:12 25:14 25:14 25:20 34:7 |
| judgment(1) | 28:6 |
| jump(2) | 29:19 29:19 |
| jurisdiction(11) | 13:24 14:24 15:2 21:16 21:17 22:9 22:14 23:8 34:8 34:14 34:15 |
| jurisdictional(1) | 30:16 |
| just(18) | 4:12 4:18 7:7 11:11 12:3 12:6 13:7 23:19 25:15 26:12 26:20 28:20 32:19 33:1 35:25 36:21 37:15 38:2 |
| justice(1) | 30:18 |
| justify(2) | 26:14 26:17 |
| kevin(1) | 1:19 |
| key(1) | 29:21 |
| kind(1) | 23:7 |
| kingdom(1) | 9:9 |
| knew(1) | 18:9 |
| know(23) | 3:9 4:9 4:14 5:24 5:24 6:8 16:14 19:20 19:18 33:20 33:23 21:8 21:12 23:3 27:3 27:10 29:18 34:4 35:5 36:2 36:19 37:2 37:5 |
| knowledge(1) | 18:14 |
| known(1) | 35:23 |
| knows(1) | 29:25 |
| kreller(2) | 2:74 5:14 |
| large(1) | 34:21 |
| largely(1) | 24:18 |
| last(5) | 9:16 11:25 12:2 19:8 24:11 |
| late(2) | 15:6 36:5 |
| later(1) | 16:14 |
| laughter(1) | 37:24 |
| law(15) | 9:12 9:21 9:22 10:23 14:19 15:23 17:3 20:12 20:12 21:15 22:5 22:8 32:5 33:7 33:17 |
| lawsuit(1) | 10:12 |
| lawsuits(1) | 10:13 |
| lawyers(7) | 10:24 14:18 14:20 15:4 15:22 15:22 31:12 |
| layton(1) | 2:5 |
| learned(1) | 4:14 |
| least(3) | 7:21 16:3 35:11 |
| leave(1) | 16:14 |
| leaving(1) | 8:7 |
| left(2) | 14:12 25:3 |

| Word | Page:Line |
| --- | --- |

legal(12) 10:9 10:11 10:16 10:20 10:20 10:25 11:9 11:13 14:20 15:15 15:21 16:25
lengths(1) 9:2
let(5) 9:12 18:5 24:24 26:20 36:21
let's(3) 28:15 29:3 31:24
letters(2) 8:21 30:24
levels(1) 18:1
liability(6) 8:7 8:8 13:10 19:6 21:2 31:21
licensed(1) 10:6
licenses(2) 10:12 10:12
licensing(1) 17:10
life(1) 34:17
light(1) 31:10
like(7) 19:9 23:10 27:4 28:9 34:5 34:18 37:18
likely(1) 35:9
line(10) 3:7 3:10 3:11 3:12 3:15 3:23 3:25 4:6 15:16 18:13
lisa(2) 1:29 5:18
list(5) 5:12 5:12 30:7
listed(1) 15:17
litigation(2) 31:10 31:10
little(1) 7:16
llp(3) 1:25 1:39 2:58
local(2) 22:4 22:8
london(3) 4:25 5:1 14:22
long(4) 8:24 29:17 35:9 37:8
look(3) 17:25 26:1 29:11
looking(6) 12:9 13:2 15:22 30:4 31:4 37:7
mace(1) 1:48
made(5) 3:15 7:24 8:4 11:22 14:4 25:15 37:8
main(1) 24:1
maintain(1) 22:22
make(11) 16:1 20:9 20:19 24:2 24:11 26:5 26:16 31:20 32:24 34:16 34:17
making(2) 33:21 36:6
manifest(1) 15:11
market(1) 1:10
material(4) 11:3 23:21 26:14 27:7
materials(15) 11:8 11:9 12:1 12:17 17:15 17:20 18:23 19:1 19:11 20:6 20:10 20:16 21:24 22:23 23:1
matter(12) 7:17 18:9 22:4 23:7 23:24 23:25 25:19 30:2 33:7 33:15 35:18 39:7
matters(2) 9:10 34:8
may(15) 3:23 6:22 7:25 8:4 18:14 18:15 22:15 23:2 23:13 24:25 26:19 26:23 27:23 33:8 33:24
mccloy(1) 2:73
mean(4) 13:11 21:16 23:3 37:16
meaning(1) 28:9
means(2) 22:16 27:22
meetings(2) 17:18 17:18
mention(1) 22:21
mentioned(1) 28:20
middle(3) 19:9 28:1 29:21
might(6) 6:2 8:17 19:16 21:11 33:25 36:5
millbank(1) 2:73
missing(1) 6:4
misunderstand(1) 25:5
moment(3) 9:4 32:23 33:20
money(1) 11:18
monitor(1) 5:24
months(4) 8:12 24:15 29:22 31:3
morawetz(1) 30:19
more(7) 12:12 16:10 26:21 33:14 34:17 35:1 38:9

morning(8) 12:4 21:9 21:11 27:3 35:6 36:6 38:1 38:23
morris(1) 1:39
most(2) 20:20 35:8
motion(2) 36:24 38:4
motives(1) 14:25
moved(2) 27:21 27:24
moving(1) 8:10
much(5) 7:12 11:18 22:4 38:6 38:24
must(2) 33:21 34:5
necessarily(2) 22:8 32:23
need(10) 7:17 16:1 27:6 28:7 31:2 33:9 35:19 36:1 36:5 36:5
needed(3) 12:5 17:7 23:1
negative(1) 28:22
negotiate(1) 27:2
negotiated(1) 27:1
negotiations(1) 21:4
networks(2) 1:8 2:64
never(1) 24:16
nevertheless(3) 8:2 8:10 8:18
new(1) 35:10
next(2) 27:1 35:17
nichols(1) 1:39
night(1) 11:25
nine-month(1) 17:13
nortel(8) 1:8 2:63 9:15 9:25 10:21 15:18 23:18 34:22
nortel's(1) 9:18
north(4) 9:25 14:18 14:18 17:20
not(72) 3:10 6:1 6:12 7:17 7:21 8:1 8:18 11:3 11:4 11:10 11:19 11:23 12:9 12:18 12:20 12:25 13:6 13:12 14:2 14:11 14:12 14:21 15:1 15:14 16:11 16:13 17:22 17:24 19:3 19:11 20:11 20:14 20:20 21:12 22:3 22:8 22:19 22:23 25:1 25:2 25:4 25:6 25:8 25:19 26:3 26:13 27:22 28:13 29:4 29:7 29:18 30:1 30:11 30:19 31:3 31:4 32:17 32:19 32:22 32:23 33:11 33:12 34:3 34:12 34:16 35:1 36:1 36:4 36:7 36:13 37:3 37:7
note(2) 13:20 37:5
nothing(1) 10:18 28:18 28:18 37:4
notice(10) 5:23 7:13 18:18 18:18 19:7 19:13 19:24 21:23 21:25 29:5
notwithstanding(1) 29:8
november(1) 29:7
now(15) 4:12 5:15 6:22 8:25 12:2 12:11 12:14 18:4 18:5 21:4 21:10 21:14 24:3 29:5 37:25
number(5) 27:18 28:8 28:9 28:15 28:17
numbered(1) 28:14
numbers(1) 31:11
numerous(1) 11:22
objection(2) 23:23 23:23
objects(2) 20:8 20:9
obligated(2) 21:1 21:1
obligations(4) 13:9 24:7 30:14 32:8
obliged(1) 33:12
obtain(3) 8:23 17:9 36:7
obtained(1) 16:21
obviously(4) 21:10 25:25 26:6 36:9
occasions(1) 11:22 13:22
occurring(1) 13:14
october(5) 19:8 23:4 29:5 29:7 30:2
off(1) 34:19
officer(1) 18:24 21:19
officers(3) 19:5 21:1 37:17
okay(10) 3:14 3:17 3:18 4:7 4:12 5:2 6:2 6:6 6:15 38:21
once(1) 11:7

one(23) 5:19 16:17 17:17 17:24 17:25 18:12 21:22 24:1 24:13 25:13 26:9 26:20 26:24 27:4 27:4 27:18 27:18 28:1 28:1 28:8 28:15 28:17 36:6
one's(2) 28:1
only(16) 4:14 6:4 9:7 9:10 10:13 12:21 12:24 14:1 17:1 19:3 28:22 28:22 29:21 30:17 32:2 33:4
open(1) 11:8
opinion(1) 38:12
opportunity(1) 37:10
options(1) 13:23
order(26) 9:20 12:11 14:8 16:21 18:25 20:5 20:17 20:21 20:23 23:20 23:22 24:6 24:8 25:1 25:22 27:15 28:18 31:19 33:25 33:25 34:18 36:25 36:25 37:1 38:5 38:18
ordered(2) 20:16 22:18
other(10) 9:19 19:4 19:14 19:18 19:25 20:2 21:25 22:19 28:25 29:15
ought(2) 23:12
our(22) 4:7 9:6 12:16 13:5 15:5 17:22 26:16 29:4 29:12 30:1 31:13 32:1 32:2 32:3 32:3 32:16 36:3 36:22 36:24 37:11 37:20
ourselves(3) 13:24 23:9 32:6
out(5) 7:19 9:3 16:4 30:6 32:12 35:6 35:25 36:5
outcome(3) 27:1 27:4 28:13
outside(1) 9:20
over(16) 7:20 8:12 17:13 21:17 26:21 27:1 27:16 31:6 32:11 32:17 32:17 34:8 34:15 35:7 36:13 37:4 37:9
overplay(1) 31:16
overy(2) 2:68 5:4
own(2) 26:16 29:12
p.m(3) 1:15 3:1 39:2
packaging(1) 10:2 10:5
paid(1) 11:18
papers(2) 12:11 36:22
paragraphs(1) 28:14
part(2) 10:24 18:8
participating(2) 6:9 6:25
particular(6) 9:17 10:1 14:11 14:12 22:9 23:6
particularity(3) 8:16 29:10 29:24
particularized(2) 24:17 29:4
particulars(3) 24:15 26:11 26:13
parties(3) 19:14 19:25 21:25
party(5) 17:21 19:9 21:22 22:6 31:10
past(1) 7:20
patent(5) 9:17 11:10 11:12 13:8 16:11
patents(3) 11:16 11:17 15:18
peace(1) 36:19
penal(2) 24:9 28:24
penalties(4) 28:25 29:1 31:22 32:8
pennsylvania(1) 1:52
pension(12) 8:4 8:7 8:8 18:19 19:13 21:6 21:8 22:21 25:19 27:5 35:11 35:21
pensions(11) 7:24 7:25 11:4 11:5 11:21 12:1 12:5 12:18 24:9 25:10 33:7
perhaps(1) 7:3
period(2) 17:13 21:7
permanent(2) 12:10 37:7
permitted(1) 17:22
persuaded(2) 25:17 25:18
persuasion(1) 27:8
phone(6) 3:6 5:16 6:17 8:20 12:2 30:25 26:10 30:17 36:4
place(3) 9:7 17:13 17:18 24:10 25:17 26:10 30:17 36:4

plan(8) 10:5 10:8 10:11 10:13 17:12 17:13 17:16 37:25
pleased(1) 6:10
point(8) 6:5 8:25 9:3 11:22 24:1 24:11 30:10 31:14
pointed(1) 30:6
points(4) 21:14 23:5 27:13 30:10
portfolio(6) 9:17 10:3 11:10 11:12 11:14 13:9
position(6) 19:10 19:15 20:14 25:20 26:8 37:3
possession(3) 16:7 18:21 21:18
possibility(1) 21:5
possible(4) 21:13 22:24 26:25 27:4
potential(7) 8:4 8:7 12:22 13:15 15:10 15:23 21:2
potentially(1) 30:13
ppearances(1) 1:22
precisely(1) 25:2
preference(1) 36:10
preliminary(1) 12:13
premature(1) 33:22
prepared(3) 15:22 15:22
press(1) 9:6
pretty(2) 22:16 35:24
preventing(1) 20:25
price(1) 16:20
prices(1) 17:8
principles(1) 22:7
privilege(58) 8:18 8:22 9:3 9:6 9:10 9:10 11:1 11:7 11:20 12:23 12:25 13:12 13:13 15:3 13:25 14:1 14:1 14:8 14:8 14:14 15:3 15:25 16:7 17:22 17:23 19:17 21:21 22:4 22:7 22:12 22:19 24:15 24:17 24:20 26:2 26:4 26:4 26:15 27:17 27:19 27:21 28:10 28:22 30:6 31:2 31:25 32:2 32:2 32:3 32:4 32:25 33:6 33:9 33:16 33:16 33:23 34:10 38:15
privileged(13) 9:1 10:23 11:3 12:17 16:8 19:15 20:10 20:11 25:8 25:9 31:8 31:19 34:6
privileges(3) 10:16 10:16 11:13
problem(1) 24:19
problems(3) 3:6 24:14
proceed(1) 6:23
proceedings(8) 1:18 1:57 10:11 20:1 20:3 20:19 23:22 39:7
process(7) 8:24 12:10 13:19 16:21 16:23 21:23 22:2
produce(16) 8:15 8:17 11:25 12:6 12:21 13:6 13:14 19:23 22:18 22:18 25:5 25:23 26:22 28:2 28:19 34:12
produced(8) 1:58 12:18 13:12 27:23 28:1 28:8 28:13
producing(2) 14:16 34:21
product(1) 11:1
production(5) 8:5 9:11 21:24 22:14 33:5
promptly(1) 24:21
proper(3) 23:5 24:15 24:19
properly(3) 24:17 27:7 29:4
property(8) 9:15 9:17 9:20 10:7 17:11 17:17 32:1 32:3
proposed(2) 16:20 17:8
prosecute(1) 11:17
prosecuted(1) 10:7
protected(2) 16:2 33:11
protection(1) 34:3
protections(2) 22:25 36:4

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **prove**(1) 31:24 | | **respect**(17) 10:17 11:1 11:8 11:14 11:16 13:8 13:13 13:21 14:6 14:7 15:3 17:10 22:11 24:17 27:12 28:4 28:17 | | **significant**(1) 34:20 | | **talking**(5) 17:14 30:1 30:2 30:18 31:25 | |
| **provide**(4) 18:11 22:5 23:21 36:12 | | | | **simply**(4) 11:4 28:25 31:5 31:23 | | **taylor**(1) 2:79 | |
| **provided**(4) 10:17 27:23 28:4 32:14 | | | | **since**(3) 19:18 23:4 30:2 | | **telephonic**(1) 1:18 2:1 | |
| **provides**(1) 19:6 | | | | **sit**(1) 16:18 | | **tell**(4) 5:12 19:21 19:23 36:21 | |
| **providing**(2) 11:21 22:11 | | **respond**(1) 23:12 | | **sits**(1) 12:23 | | **telling**(2) 8:16 8:19 | |
| **provisions**(1) 24:9 | | **responses**(1) 27:13 | | **sitting**(4) 30:1 31:3 31:14 34:7 | | **temporary**(6) 12:11 33:24 34:18 36:25 | |
| **public**(1) 22:24 | | **restraining**(5) 12:11 33:25 34:18 36:25 | | **situation**(12) 7:8 11:19 15:5 19:22 20:15 | | 37:6 38:4 | |
| **purposes**(2) 22:20 23:8 | | **retained**(3) 9:22 17:3 17:10 | | 20:24 21:7 21:21 22:10 22:12 23:8 32:6 | | | |
| **pursuant**(1) 9:20 | | **return**(1) 34:1 | | | | **ten**(2) 12:13 35:17 | |
| **purview**(1) 14:10 | | **revenue**(3) 10:10 15:20 31:11 | | **situations**(1) 21:22 | | **terms**(3) 26:3 31:16 33:4 | |
| **put**(6) 10:14 20:23 22:25 24:13 31:12 | | **review**(1) 14:12 | | **six**(1) 35:4 | | **test**(1) 33:11 | |
| | | **richard**(9) 2:80 4:8 4:9 4:20 4:22 4:23 | | **smith**(5) 2:64 4:24 6:4 6:12 33:2 | | **tested**(1) 28:24 | |
| **quality**(1) 28:3 | | 6:13 6:17 23:17 | | **sold**(3) 9:15 9:18 11:12 | | **texted**(1) 25:12 | |
| **question**(6) 17:24 26:21 26:24 33:4 34:15 | | | | **solely**(1) 14:9 | | **than**(1) 12:12 | |
| 38:13 | | **richards**(1) 2:5 | | **some**(9) 3:6 4:15 8:17 16:3 16:9 19:15 23:7 | | **thank**(13) 3:13 3:17 5:11 6:21 7:12 18:7 | |
| | | **ridiculous**(1) 29:24 | | 24:3 24:14 27:6 | | 23:15 27:11 38:6 38:22 38:24 39:1 | |
| **questions**(3) 18:13 23:13 24:24 | | **right**(24) 4:19 5:8 6:24 7:2 7:2 7:9 11:17 | | | | | |
| **quite**(3) 21:13 25:6 27:14 | | 12:11 17:6 18:4 18:23 19:2 21:10 22:15 | | **somebody's**(1) 32:18 | | **that**(277) 3:23 5:19 6:3 6:10 6:23 7:13 | |
| | | 23:15 25:6 26:20 27:9 27:9 36:18 37:12 | | **someone**(4) 7:4 25:16 28:9 38:14 | | 7:14 7:17 7:18 7:20 7:20 7:21 7:24 8:1 | |
| **race**(1) 30:9 | | 37:25 38:22 38:25 | | **something**(4) 17:7 20:25 22:18 22:18 | | 8:4 8:8 8:11 8:14 8:16 8:18 8:22 9:1 9:5 | |
| **raise**(1) 23:5 | | | | **somewhat**(1) 36:19 | | 9:7 9:7 9:8 9:9 9:10 9:10 9:15 9:21 9:22 | |
| **raised**(3) 14:7 16:1 33:17 | | **rights**(3) 10:7 10:9 11:13 | | **sorry**(5) 3:3 4:13 4:23 25:8 27:10 | | 10:6 10:6 10:7 10:10 10:10 10:12 10:13 | |
| **ramification**(2) 28:22 28:23 | | **rise**(1) 24:10 | | **sort**(5) 7:4 26:13 26:13 26:14 35:19 | | 10:17 10:19 10:21 10:25 11:1 11:3 11:5 | |
| **rather**(3) 18:21 34:17 35:18 | | **risk**(2) 34:21 34:22 | | **sought**(2) 13:17 21:19 | | 11:6 11:6 11:8 11:9 11:10 11:13 11:14 | |
| **reach**(4) 25:7 25:13 26:1 35:16 | | **rockstar**(8) 11:14 11:15 13:8 13:9 15:11 | | **sound**(3) 1:57 34:5 39:6 | | 11:20 11:24 12:14 12:14 12:15 12:16 | |
| **reached**(1) 35:10 | | 30:14 32:6 34:9 | | **speak**(1) 31:4 | | 12:17 12:18 12:19 12:22 12:23 13:3 13:11 | |
| **read**(1) 34:6 | | | | **speaker**(3) 3:7 3:13 3:17 | | 13:11 13:17 13:21 13:23 14:1 14:6 14:7 | |
| **real**(1) 15:24 | | **route**(1) 28:3 | | **specializes**(1) 9:21 | | 14:8 14:9 14:15 14:17 14:22 15:8 15:9 | |
| **realize**(1) 7:13 | | **rule**(1) 37:10 | | **specific**(4) 17:2 17:16 26:4 27:16 | | 15:10 15:13 15:17 15:24 15:25 16:1 16:1 | |
| **really**(7) 17:1 18:9 19:10 21:20 31:12 | | **said**(11) 12:3 14:17 19:12 19:21 20:8 | | **specifically**(3) 16:23 20:8 31:20 | | 16:2 16:3 16:4 16:10 16:12 16:13 16:14 | |
| 33:9 37:20 | | 22:13 23:11 23:12 27:2 27:24 29:15 | | **specificity**(1) 8:21 | | 16:17 16:18 16:20 17:5 17:5 17:6 17:8 | |
| | | | | **spell**(2) 13:3 16:4 | | 17:12 17:15 17:21 17:23 18:1 18:1 18:3 | |
| **reason**(5) 7:15 16:2 18:12 31:18 34:20 | | **sale**(5) 13:8 16:21 17:9 34:9 34:9 | | **spent**(2) 12:15 30:25 | | 18:9 18:12 18:13 18:15 18:18 18:20 18:23 | |
| **recall**(1) 8:1 | | **sales**(1) 16:18 | | **stage**(1) 35:19 | | 19:6 19:15 19:16 19:18 19:22 20:10 20:11 | |
| **receive**(1) 29:7 | | **same**(1) 10:4 | | **standalone**(1) 10:6 | | 20:11 20:13 20:19 20:21 20:23 20:25 21:2 | |
| **received**(6) 3:24 17:19 17:21 22:1 29:6 | | **samis**(2) 2:6 5:15 | | **standards**(1) 20:10 | | 21:3 21:7 21:7 21:9 21:10 21:11 21:12 | |
| 29:23 | | **sanctions**(2) 19:1 31:17 | | **stargatt**(1) 2:79 | | 21:13 21:15 21:17 21:18 21:21 21:23 | |
| | | **sat**(1) 17:18 | | **started**(1) 30:4 | | 21:24 22:5 22:7 22:13 22:13 22:15 22:15 | |
| **recently**(2) 4:15 20:20 | | **satisfied**(4) 27:6 27:20 28:7 37:11 | | **states**(8) 1:1 1:20 8:2 10:1 17:19 33:23 | | 22:16 22:16 22:17 22:17 22:19 22:21 | |
| **recognize**(1) 15:10 | | **satisfy**(1) 32:16 | | 34:8 34:11 | | 22:24 23:1 23:2 23:2 23:5 23:6 23:12 | |
| **reconvene**(1) 38:22 | | **say**(14) 13:11 15:17 18:8 18:15 23:3 23:12 | | | | 23:13 23:19 23:23 24:6 24:9 24:11 24:12 | |
| **recorded**(1) 1:57 | | 24:5 26:23 30:21 31:9 32:2 33:21 34:20 | | **statute**(3) 26:3 26:5 33:5 | | 24:14 24:16 24:19 24:20 25:3 25:10 25:15 | |
| **recording**(2) 1:57 39:6 | | 35:5 | | **statutorily**(1) 21:1 | | 25:16 25:20 25:23 26:6 26:6 26:14 26:15 | |
| **redact**(1) 27:7 | | **saying**(3) 21:15 31:16 37:2 | | **statutory**(7) 18:18 18:22 19:2 19:5 20:12 | | 26:24 26:25 26:25 27:2 27:5 27:6 27:7 | |
| **redacted**(1) 26:22 | | **says**(5) 14:8 22:17 25:2 27:17 31:24 | | 21:20 22:22 | | 27:8 27:19 27:20 27:24 28:8 28:12 28:19 | |
| **reed**(1) 1:34 | | **scenario**(1) 23:14 | | | | 28:20 28:21 28:22 28:23 29:1 29:2 29:9 | |
| **reference**(1) 28:24 | | **schedule**(2) 35:2 35:24 | | **steen**(1) 1:24 | | 29:11 29:19 29:23 29:23 29:25 30:5 30:8 | |
| **referred**(1) 38:14 | | **scheme**(3) 19:5 20:13 21:20 | | **step**(1) 20:1 | | 30:9 30:11 30:12 30:12 30:13 30:17 30:21 | |
| **referring**(1) 28:16 | | **schuylkill**(1) 1:51 | | **still**(2) 37:6 37:22 | | 31:3 31:5 31:8 31:9 31:12 31:14 31:17 | |
| **regulator**(17) 7:24 7:25 11:4 11:6 11:22 | | **schweitzer**(4) 1:29 5:18 5:20 5:21 | | **strauss**(1) 2:58 | | 31:17 31:18 31:20 31:22 31:25 32:2 32:4 | |
| 12:1 12:5 12:18 21:6 21:8 22:22 25:11 | | **second**(3) 14:4 29:3 29:17 | | **street**(2) 1:10 1:51 | | 32:8 32:9 32:9 32:12 32:13 32:13 32:14 | |
| 25:19 26:25 27:5 35:11 35:22 | | **secondly**(2) 24:2 25:18 | | **stress**(1) 23:19 | | 32:16 32:17 33:1 33:17 33:25 34:1 34:7 | |
| | | **section**(4) 33:6 33:10 33:11 38:14 | | **strong**(1) 33:22 | | 34:9 34:11 34:11 34:15 34:16 34:19 34:25 | |
| **regulators**(3) 18:19 18:21 19:13 | | **secured**(1) 35:21 | | **stuff**(1) 20:20 | | 35:3 35:6 35:9 35:15 35:18 35:21 36:1 | |
| **regulatory**(1) 8:1 | | **see**(1) 36:1 | | **subject**(6) 8:18 23:21 25:10 28:12 28:21 | | 36:3 36:4 36:5 36:13 36:19 37:4 37:5 | |
| **relate**(2) 9:14 11:9 | | **seek**(4) 18:23 19:12 27:7 28:23 | | 30:6 | | 37:9 37:10 37:11 37:18 37:19 38:2 38:8 | |
| **relates**(1) 7:23 | | **seeking**(4) 12:11 18:20 21:5 24:14 | | | | 38:9 38:17 39:5 | |
| **relating**(5) 9:6 9:11 10:20 34:9 38:15 | | **seem**(1) 21:17 | | **subjecting**(1) 14:23 | | | |
| **relationship**(1) 21:25 | | **seen**(2) 25:1 34:4 | | **submission**(1) 23:7 | | **that's**(23) 4:12 4:19 6:24 6:25 11:18 12:6 | |
| **relentless**(1) 29:8 | | **sell**(2) 16:12 16:22 | | **submissions**(1) 30:16 | | 13:18 15:5 17:25 20:14 22:1 23:8 23:25 | |
| **relief**(2) 12:10 37:7 | | **sellers**(5) 9:19 13:10 13:16 15:10 17:17 | | **submit**(1) 13:24 | | 24:1 24:13 24:18 25:6 25:18 26:23 26:24 | |
| **relies**(1) 14:9 | | **selling**(2) 10:2 16:10 | | **substantial**(3) 10:8 10:14 15:24 | | 27:3 36:6 38:21 | |
| **rely**(2) 22:16 25:15 | | **send**(1) 38:14 | | **successfully**(1) 9:16 | | | |
| **relying**(1) 10:15 | | **sense**(1) 17:6 | | **such**(2) 15:7 18:25 | | | |
| **remain**(1) 12:17 | | **sent**(4) 29:14 29:16 29:17 29:19 | | **sue**(1) 15:19 | | | |
| **remedies**(2) 10:9 19:4 | | **series**(2) 8:13 8:20 | | **suffer**(1) 32:10 | | | |
| **removed**(1) 30:7 | | **served**(1) 21:23 | | **suffered**(1) 12:20 | | | |
| **repeatedly**(1) 20:20 | | **service**(2) 1:50 1:58 | | **sufficient**(1) 36:11 | | | |
| **representation**(1) 37:8 | | **services**(1) 1:50 | | **suggest**(1) 36:20 | | | |
| **representatives**(1) 2:79 | | **several**(5) 8:12 13:10 13:15 13:22 30:5 | | **suggestion**(1) 36:6 | | | |
| **request**(5) 7:23 7:23 8:5 14:4 37:11 | | **shocking**(1) 30:10 | | **summary**(1) 23:3 | | | |
| **requested**(3) 21:9 21:11 22:2 | | **short**(3) 7:13 13:3 16:3 | | **summer**(2) 9:16 19:8 | | | |
| **require**(1) 15:13 | | **should**(19) 3:19 6:9 13:12 13:23 14:6 | | **supreme**(1) 8:10 | | | |
| **requirement**(1) 14:15 | | 14:21 15:19 18:8 19:11 19:11 20:20 22:21 | | **sure**(4) 6:12 16:1 25:2 35:1 | | | |
| **requires**(3) 21:23 27:8 28:19 | | 23:12 24:20 27:17 27:18 27:19 29:11 | | **surprise**(1) 5:19 | | | |
| **rescue**(1) 31:4 | | 30:18 | | **surprisingly**(1) 20:11 | | | |
| **resident**(1) 9:25 | | **shouldn't**(1) 35:24 | | | | | |
| **resolve**(1) 38:9 | | **show**(1) 15:13 | | **take**(4) 25:1 27:18 28:5 32:1 | | | |
| **resolved**(2) 19:19 35:18 | | **side**(1) 6:25 | | **taken**(3) 28:3 28:20 34:19 | | | |
| | | | | **taking**(2) 19:14 38:11 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 1:1  1:2  1:19  3:2  3:5  3:7  3:10  3:11  3:11  3:15  3:19  3:22  3:23  4:3  4:6  4:13  4:14  4:14  4:15  4:17  4:20  4:23  5:2  5:5  5:6  5:8  5:11  5:12  5:12  5:16  5:19  5:23  5:24  6:4  6:8  6:9  6:14  6:15  6:17  6:20  6:22  6:25  7:1  7:2  7:4  7:6  7:6  7:7  7:8  7:8  7:9  7:17  7:19  7:20  7:21  7:24  7:24  7:25  8:1  8:2  8:3  8:5  8:5  8:6  8:7  8:8  8:8  8:9  8:10  8:13  8:21  8:24  9:2  9:6  9:7  9:7  9:8  9:8  9:10  9:11  9:14  9:15  9:17  9:18  9:18  9:19  9:19  9:24  10:1  10:2  10:2  10:4  10:9  10:10  10:15  10:17  10:20  10:24  10:25  11:1  11:4  11:5  11:9  11:10  11:11  11:12  11:14  11:15  11:17  11:19  11:20  11:21  11:23  11:23  11:24  12:1  12:2  12:4  12:5  12:10  12:10  12:14  12:16  12:16  12:18  12:20  12:21  12:22  12:23  12:24  12:25  13:4  13:7  13:8  13:10  13:12  13:13  13:13  13:16  13:16  13:20  13:22  13:24  13:24  14:1  14:1  14:2  14:4  14:5  14:6  14:8  14:9  14:10  14:10  14:10  14:13  14:14  14:16  14:19  14:20  14:22  14:24  14:24  15:1  15:4  15:4  15:5  15:9  15:10  15:10  15:11  15:13  15:15  15:23  16:1  16:3  16:5  16:6  16:6  16:10  16:11  16:11  16:11  16:16  16:16  16:17  16:19  16:19  16:19  16:20  16:21  16:22  16:24  16:25  16:25  17:1  17:1  17:4  17:5  17:6  17:7  17:8  17:9  17:11  17:12  17:12  17:17  17:17  17:17  17:19  17:21  17:23  17:24  17:25  18:1  18:2  18:4  18:5  18:5  18:8  18:13  18:16  18:17  18:19  18:19  18:20  18:21  18:24  18:24  19:2  19:4  19:5  19:7  19:8  19:9  19:12  19:13  19:14  19:14  19:16  19:24  19:25  20:1  20:2  20:3  20:4  20:6  20:7  20:7  20:9  20:9  20:10  20:12  20:14  20:15  20:17  20:18  20:19  20:22  20:23  21:2  21:5  21:5  21:6  21:7  21:7  21:10  21:15  21:15  21:18  21:19  21:23  21:25  22:1  22:2  22:5  22:8  22:11  22:12  22:14  22:19  22:21  22:24  22:24  22:25  23:2  23:4  23:5  23:8  23:13  23:15  23:17  23:19  23:20  23:21  23:22  23:24  23:24  23:25  23:25 | | **them**(28) 6:10  8:16  11:18  11:20  12:3  12:6  15:19  15:25  17:3  17:16  20:25  24:13  25:10  28:19  29:18  29:20  29:23  30:4  30:7  30:13  30:24  30:25  31:20  32:15  33:9  34:6  35:16  35:16 | | **time**(22) 4:15  7:12  10:4  12:2  12:13  12:14  20:17  21:7  27:3  30:13  30:25  30:25  35:3  35:6  35:9  35:10  35:12  36:2  36:11  36:17  38:3  38:11 | | **very**(18) 7:12  7:13  7:15  10:8  11:6  14:23  16:23  17:5  17:14  22:4  26:24  27:16  33:22  34:20  34:21  38:6  38:19  38:24 | |
| | | **themselves**(3) 14:24  19:21  28:10 | | **timeframe**(1) 7:21 | | **view**(9) 25:7  25:14  25:23  26:1  26:7  26:16  28:5  28:20  30:12 | |
| | | **then**(17) 6:2  12:12  23:24  23:24  24:20  24:25  25:9  25:10  26:6  26:9  26:16  26:21  29:12  29:20  30:3  34:19  38:1 | | **today**(6) 5:10  11:25  31:1  38:2  38:8  38:12 | | | |
| | | | | **together**(4) 10:14  16:18  28:17  31:12 | | **views**(2) 32:22  32:23 | |
| | | **there**(31) 7:15  8:17  8:25  9:9  9:24  10:19  13:17  13:18  14:4  14:6  15:16  15:16  17:10  19:17  19:17  21:4  21:5  23:6  24:19  27:12  27:20  28:7  29:9  29:13  31:9  32:14  32:24  34:3  34:10  35:19  37:23 | | **told**(5) 8:14  9:5  13:22  29:10  29:12 | | **virtually**(1) 18:10 | |
| | | | | **tomorrow**(20) 12:1  12:21  14:16  20:7  20:16  21:9  21:11  23:21  24:3  32:11  32:17  35:3  35:6  35:10  35:20  36:16  38:1  38:8  38:12  38:22 | | **voice**(2) 23:23  23:23 | |
| | | | | | | **voluminous**(2) 15:14  30:24 | |
| | | | | **too**(1) 36:5 | | **wait**(3) 3:19  6:7  6:10 | |
| | | | | **took**(3) 4:15  17:13  17:18 | | **waiting**(1) 4:4 | |
| | | **there's**(24) 11:1  12:19  13:9  13:10  13:23  14:15  14:15  15:24  15:24  20:1  25:13  27:6  27:12  27:25  28:14  28:18  28:20  28:25  31:2  31:21  31:22  34:15  37:8  37:22 | | **top**(1) 15:17 | | **waive**(1) 17:22 | |
| | | | | **total**(1) 36:19 | | **waived**(7) 11:20  12:25  13:1  13:12  14:3  22:19  32:4 | |
| | | | | **tpr**(7) 8:6  8:10  28:23  31:23  31:23  32:17  33:6 | | | |
| | | | | | | **walk**(1) 15:14 | |
| | | **therefore**(2) 11:13  33:12 | | | | **want**(9) 6:13  9:5  11:3  11:5  11:19  15:1  21:8  32:5  37:3 | |
| **the**(222) 24:1  24:4  24:4  24:5  24:6  24:6  24:7  24:7  24:8  24:9  24:9  24:10  24:10  24:11  24:11  24:12  24:14  24:18  24:21  24:23  24:24  24:25  25:1  25:3  25:4  25:6  25:7  25:8  25:9  25:10  25:11  25:11  25:12  25:14  25:14  25:17  25:19  25:19  25:20  25:22  25:24  26:1  26:3  26:3  26:4  26:5  26:5  26:6  26:8  26:10  26:10  26:12  26:13  26:13  26:14  26:15  26:18  26:20  26:25  27:1  27:3  27:5  27:8  27:9  27:15  27:15  27:19  27:20  27:21  27:23  28:1  28:3  28:3  28:4  28:6  28:7  28:9  28:11  28:12  28:12  28:12  28:13  28:13  28:17  28:22  28:22  28:23  28:24  29:1  29:3  29:6  29:11  29:11  29:15  29:16  29:17  29:20  29:21  29:21  29:23  29:24  30:4  30:5  30:7  30:8  30:8  30:12  30:12  30:14  30:16  30:17  30:19  30:20  30:22  30:22  30:23  30:23  30:23  30:25  31:3  31:5  31:7  31:8  31:8  31:14  31:15  31:16  31:17  31:19  31:23  31:23  31:24  32:1  32:3  32:3  32:7  32:8  32:9  32:10  32:13  32:16  32:17  32:18  32:19  32:21  32:23  32:24  33:4  33:4  33:4  33:5  33:6  33:8  33:8  33:9  33:10  33:14  33:15  33:19  33:20  33:20  33:21  33:25  34:1  34:1  34:4  34:7  34:7  34:8  34:9  34:9  34:10  34:12  34:14  34:15  34:19  34:22  34:23  35:3  35:6  35:9  35:11  35:13  35:15  35:17  35:17  35:23  36:3  36:4  36:7  36:12  36:13  36:18  36:23  37:1  37:5  37:12  37:14  37:16  37:16  37:17  37:18  37:22  37:25  38:3  38:4  38:7  38:7  38:11  38:12  38:15  38:17  38:18  38:19  38:21  38:25  39:2  39:5  39:6  39:6  39:7 | | **these**(39) 8:2  9:13  9:14  10:21  11:25  12:17  12:21  13:6  13:11  13:14  14:17  15:17  16:7  16:8  16:12  19:1  19:11  19:15  19:22  19:25  20:10  20:16  21:18  22:22  23:5  24:18  28:19  28:21  29:22  30:3  31:1  31:9  31:18  31:21  32:10  32:16  34:21  35:1  35:14 | | **traci**(1) 39:11 | | **wants**(1) 11:16 | |
| | | | | **transcriber**(1) 39:11 | | **was**(29) 3:6  3:9  4:18  7:15  7:24  8:10  9:17  9:22  10:5  10:13  10:14  10:17  12:3  14:20  16:25  17:5  17:10  18:18  19:7  20:21  21:15  22:12  23:1  28:16  28:16  29:19  29:21  32:14  39:2 | |
| | | | | **transcript**(3) 1:18  1:58  39:6 | | | |
| | | **they**(74) 3:8  6:1  6:7  6:8  8:4  8:14  8:15  8:17  10:1  10:4  10:20  11:25  11:16  11:18  11:25  12:3  12:3  12:5  12:5  12:6  12:18  12:20  13:14  14:6  15:21  15:22  17:16  17:17  17:18  17:19  17:21  17:22  19:10  19:11  19:11  19:12  19:20  19:21  20:16  20:25  21:12  21:13  21:25  22:1  22:23  23:20  23:23  27:18  27:25  28:9  29:10  29:12  29:14  29:16  29:17  29:19  30:7  30:9  30:21  30:21  30:22  31:8  31:17  31:18  31:19  32:1  32:13  32:22  33:8  34:5  34:5  36:4  36:5 | | **transcription**(2) 1:50  1:58 | | | |
| | | | | **transferred**(1) 11:20 | | | |
| | | | | **translated**(1) 26:2 | | | |
| | | | | **transmitted**(1) 11:7 | | | |
| | | | | **treat**(1) 35:16 | | | |
| | | | | **tried**(1) 33:8 | | | |
| | | | | **tro**(2) 20:24  35:19 | | **way**(2) 20:1  24:5 | |
| | | | | **true**(1) 37:20 | | **we'd**(3) 7:17  27:4  37:11 | |
| | | | | **trusting**(1) 37:4 | | **we'll**(2) 32:15  38:9 | |
| | | | | **try**(1) 16:4 | | **we're**(22) 4:4  6:3  6:4  7:21  12:9  13:2  17:14  19:15  19:21  19:22  19:22  24:19  25:9  30:1  30:2  31:3  31:14  31:25  32:8  32:9  36:22  37:7 | |
| | | | | **trying**(1) 34:16 | | | |
| | | **they're**(3) 3:23  15:14 | | **tunnell**(1) 1:39 | | | |
| | | **they've**(4) 19:24  30:23  30:23 | | **turn**(2) 26:21  36:13 | | **we've**(7) 18:1  18:1  19:13  24:16  30:11  33:7  33:14 | |
| | | **they're**(1) 33:16 | | **turned**(4) 32:10  32:17  35:7  37:9 | | | |
| | | **thing**(1) 17:6 | | **tweed**(1) 2:73 | | | |
| | | **things**(3) 19:18  25:13  37:21 | | **two**(7) 25:13  26:11  27:18  28:9  28:14  28:14  28:17 | | **wednesday**(1) 3:1 | |
| | | **think**(30) 6:2  6:4  6:13  6:24  7:6  7:17  12:14  13:14  13:17  13:18  13:20  13:23  14:17  14:22  15:24  17:24  19:7  19:22  27:12  28:15  31:15  34:14  34:15  34:17  34:19  35:8  35:15  35:18  37:11 | | | | **week**(1) 29:17 | |
| | | | | | | **weeks**(1) 30:3 | |
| | | | | **u.s**(38) 8:1  8:9  9:7  9:18  10:23  10:24  11:2  11:11  12:23  12:25  13:16  14:1  14:2  14:23  15:4  15:4  15:17  16:2  19:14  19:24  20:9  20:18  20:22  24:6  26:5  26:8  26:15  27:8  28:9  32:1  32:5  32:17  33:8  33:9  33:15  34:22  36:3  38:7 | | **well**(19) 3:16  5:11  5:18  5:19  10:2  12:15  14:22  16:9  17:16  22:15  22:16  24:22  26:23  33:19  35:8  35:20  35:23  36:12  36:21 | |
| | | | | | | **went**(5) 8:20  16:24  17:2  19:12  30:3 | |
| | | | | | | **were**(30) 6:7  7:18  8:15  8:19  8:23  9:24  9:25  10:11  10:24  13:17  15:21  15:22  16:8  16:12  16:19  16:19  17:17  19:17  24:2  25:25  26:5  26:15  29:9  29:10  29:13  30:6  30:15  31:10  31:12 | |
| | | **third**(1) 8:9 | | **uk's**(1) 32:7 | | | |
| | | **this**(64) 3:14  5:3  5:17  6:5  7:12  7:12  7:13  7:16  7:23  9:11  9:12  9:20  11:21  11:22  12:12  13:19  13:21  14:3  14:9  14:21  15:6  15:12  15:16  15:25  16:4  16:23  18:8  18:9  18:17  18:22  19:2  19:9  19:13  19:21  20:19  20:21  21:5  21:18  21:20  22:1  22:12  23:5  23:6  23:17  23:21  24:2  24:14  25:22  25:25  26:9  28:11  28:16  28:18  29:8  30:9  31:6  31:14  32:12  34:18  35:2  35:19  37:1  37:16  37:20 | | **ulterior**(1) 14:25 | | **weren't**(1) 29:10 | |
| | | | | **ultimately**(1) 25:21 | | **we'll**(1) 27:3 | |
| | | | | **unable**(1) 18:2 | | **what**(27) 8:19  10:4  12:9  13:2  14:6  16:19  16:20  17:9  17:14  18:11  19:8  19:16  19:21  19:23  20:22  21:14  22:15  23:3  24:18  25:2  30:20  32:22  33:9  35:1  35:15  36:22  37:2 | |
| | | | | **unclear**(1) 19:16 | | | |
| | | | | **under**(23) 10:10  10:13  10:23  13:7  15:11  15:23  16:5  20:12  20:12  20:12  21:19  21:24  22:8  22:22  24:8  24:9  30:14  32:5  33:4  33:6  33:11  33:16  37:5 | | | |
| | | | | | | **what's**(1) 35:8 | |
| | | **thomas**(1) 2:74 | | | | **whatever**(2) 11:15  19:3 | |
| | | **those**(24) 8:17  8:19  9:3  9:4  9:16  10:22  10:23  11:8  11:16  11:17  15:21  17:18  20:19  25:5  27:17  29:7  29:12  29:13  30:17  32:8  34:12  37:5  37:21  38:9 | | **underlying**(1) 34:4 | | **when**(5) 22:5  28:15  29:16  30:3  37:21 | |
| | | | | **understand**(7) 4:11  4:17  18:5  18:11  22:7  31:6  37:2 | | **where**(15) 8:25  11:19  15:15  17:1  19:22  20:15  20:24  22:12  22:1  22:2  29:15  30:11  31:9  32:6  33:25 | |
| | | | | **understanding**(1) 21:9 | | | |
| | | | | **understood**(1) 25:3 | | | |
| | | | | **undertaking**(1) 37:19 | | | |
| | | | | **unfortunately**(2) 12:7  38:13 | | **whereupon**(1) 39:2 | |
| | | **though**(1) 27:6 | | **united**(9) 1:1  1:20  8:2  9:9  10:1  17:19  33:23  34:8  34:11 | | **whether**(16) 4:9  8:22  12:24  14:2  16:11  19:10  21:12  22:3  22:11  22:14  25:4  32:23  33:11  33:15  36:1  36:7 | |
| | | **thought**(3) 6:6  17:9  36:10 | | | | | |
| | | **threat**(1) 10:13 | | **unknown**(3) 3:7  3:13  3:17 | | | |
| | | **three**(5) 9:23  15:1  27:25  29:22  30:2 | | **unless**(1) 7:14 | | | |
| | | **threshold**(1) 16:22 | | **until**(4) 18:10  28:13  35:17  37:10 | | **which**(21) 8:14  12:3  13:11  13:13  14:20  17:1  17:18  20:5  23:22  26:2  26:10  27:4  27:22  27:25  28:4  30:11  30:15  30:15  32:15  33:5  33:7 | |
| | | **through**(4) 4:15  8:20  15:15  30:3 | | **upon**(1) 38:3 | | | |
| | | **thumbnail**(1) 18:11 | | **upshot**(1) 15:5 | | | |
| | | | | **use**(1) 38:2 | | | |
| **their**(12) 7:19  12:4  15:9  23:23  26:17  28:6  30:7  30:14  31:7  31:16  32:16  34:16 | | | | **used**(1) 23:7 | | **while**(3) 14:25  16:23  33:8 | |
| | | | | **value**(2) 16:19  17:7 | | | |
| | | | | **various**(4) 19:14  19:18  19:25  20:2 | | | |

| Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|
| **whiteoak**(19) 2:65 4:5 4:6 4:9 4:11 4:18 4:19 4:24 5:16 6:16 6:16 18:12 33:2 33:3 33:3 36:3 37:13 37:15 37:15 | | **your**(63) 3:3 3:19 5:3 5:9 5:17 5:22 6:11 6:12 6:16 6:18 6:24 7:5 7:11 7:25 9:4 9:14 10:4 12:7 12:7 12:9 13:1 13:2 13:7 13:18 13:25 14:3 14:22 15:5 15:7 15:12 16:2 16:9 16:14 17:8 18:7 21:17 22:13 22:16 23:13 26:23 27:11 27:15 27:16 28:14 28:18 29:3 29:4 30:15 30:21 31:4 31:15 31:25 33:3 35:8 36:9 36:11 36:21 37:8 37:13 37:15 38:6 38:20 38:24 | |
| **who**(4) 5:12 9:25 27:17 34:8 | | | |
| **whose**(1) 14:20 | | | |
| **why**(9) 7:3 7:8 11:18 12:6 13:5 13:18 31:1 31:2 37:25 | | | |
| | | **zelbo**(2) 1:28 5:15 | |
| **will**(23) 4:20 4:25 11:15 13:3 22:23 25:20 27:16 27:21 27:25 28:3 32:10 35:10 35:15 35:15 35:21 36:4 36:5 37:1 37:4 37:9 38:3 38:19 38:22 | | | |
| **williams**(1) 4:20 | | | |
| **wilmington**(2) 1:11 3:1 | | | |
| **wish**(2) 27:10 27:17 | | | |
| **with**(58) 4:12 4:24 7:19 7:22 8:11 8:13 8:16 8:21 9:2 9:11 9:18 10:14 10:17 10:24 11:1 11:8 11:13 11:16 11:23 12:3 12:4 12:4 12:12 12:23 13:4 13:8 13:8 13:13 13:21 14:6 14:7 15:3 15:13 16:25 17:10 17:15 17:20 18:11 18:25 21:2 21:23 22:11 26:25 27:5 27:11 28:16 29:10 29:18 29:18 30:25 31:23 32:21 33:1 33:17 35:11 35:16 35:21 37:11 | | | |
| **withhold**(5) 14:14 25:10 31:21 33:5 35:1 | | | |
| **within**(6) 10:8 10:20 10:21 14:9 26:4 | | | |
| **without**(4) 8:15 10:23 14:25 33:21 | | | |
| **withstanding**(1) 11:24 | | | |
| **won't**(2) 23:24 24:7 | | | |
| **wondering**(1) 35:24 | | | |
| **word**(2) 27:15 37:20 | | | |
| **work**(5) 7:19 10:5 10:25 16:4 32:12 | | | |
| **worked**(1) 10:2 | | | |
| **working**(2) 10:24 38:12 | | | |
| **would**(58) 7:18 8:17 9:8 9:8 10:6 10:10 10:12 11:7 12:4 12:6 12:12 12:14 12:15 12:19 12:22 13:3 13:11 13:14 15:9 15:11 16:12 16:13 16:18 16:20 16:20 16:21 17:6 17:9 19:9 20:11 20:23 20:24 21:8 21:12 21:13 22:12 22:14 23:7 26:2 26:6 26:17 27:6 31:8 34:11 34:11 34:19 34:23 35:4 35:5 35:19 36:2 36:9 36:10 36:11 36:13 36:16 37:4 38:17 | | | |
| **wouldn't**(2) 7:14 25:22 | | | |
| **writing**(1) 24:22 | | | |
| **written**(1) 30:24 | | | |
| **wrong**(3) 18:15 31:5 32:19 | | | |
| **www.diazdata.com**(1) 1:54 | | | |
| **yeah**(1) 3:11 | | | |
| **year**(1) 16:10 | | | |
| **years**(1) 15:1 | | | |
| **yes**(8) 4:1 5:5 16:16 34:20 35:13 36:23 37:14 38:16 | | | |
| **yet**(5) 11:25 30:11 30:21 32:14 34:3 | | | |
| **york**(1) 35:10 | | | |
| **you**(73) 3:13 3:17 3:24 4:3 4:5 4:8 4:9 4:14 5:10 5:11 5:12 5:12 5:13 5:24 6:20 6:21 7:12 7:16 7:25 13:3 13:7 15:13 15:13 15:14 15:15 16:9 16:14 17:25 18:7 18:11 19:4 19:20 19:23 20:24 21:8 22:1 22:5 22:6 23:3 23:15 24:24 24:25 25:23 26:22 27:10 27:11 28:1 29:18 30:15 30:18 32:21 33:20 33:23 34:4 34:19 34:19 35:1 35:5 35:9 35:25 36:2 36:12 36:13 36:19 36:20 36:22 37:2 37:5 38:6 38:19 38:22 38:24 39:1 | | | |
| **you're**(5) 7:3 22:17 22:18 35:4 38:11 | | | |
| **you've**(3) 35:7 36:7 38:8 | | | |
| **young**(3) 2:68 2:79 5:6 | | | |