# **EXHIBIT A**

Court File No. 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**EIGHTIETH REPORT OF THE MONITOR**
**DATED FEBRUARY 10, 2012**

## INTRODUCTION

1. On January 14, 2009 (the "Filing Date"), Nortel Networks Corporation ("NNC" and collectively with all its subsidiaries "Nortel" or the "Company"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation ("NNTC"), Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively the "Applicants") filed for and obtained protection under the *Companies' Creditors Arrangement Act* ("CCAA"). Pursuant to the Order of this Court dated January 14, 2009, as amended and restated (the "Initial Order"), Ernst & Young Inc. was appointed as the Monitor of the Applicants (the "Monitor") in the CCAA proceedings. The stay of proceedings was extended to April 13, 2012 by this Court in its Order dated December 14, 2011.

2. Nortel Networks Inc. ("NNI") and certain of its U.S. subsidiaries and affiliates concurrently filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") on January 14, 2009 (the "Chapter 11 Proceedings").

As required by U.S. law, an official committee of unsecured creditors (the "Committee") was established in January, 2009.

3. An ad hoc group of holders of bonds issued by NNL, NNC and Nortel Networks Capital Corporation has been organized and is participating in these proceedings as well as the Chapter 11 Proceedings (the "Bondholder Group"). In addition, pursuant to Orders of this Court dated May 27, 2009, July 22, 2009 and July 30, 2009, respectively, representative counsel was appointed on behalf of the former employees of the Applicants, the continuing employees of the Applicants and the LTD Beneficiaries and each of these groups is participating in the CCAA proceedings.

4. Nortel Networks (CALA) Inc. ("NN CALA" and together with NNI and certain of its subsidiaries and affiliates that filed on January 14, 2009, the "U.S. Debtors") filed a voluntary petition under Chapter 11 of the Code in the U.S. Court on July 14, 2009.

5. Nortel Networks UK Limited ("NNUK") and certain of its affiliates located in EMEA were granted administration orders (the "UK Administration Orders") by the High Court of England and Wales on January 14, 2009 (collectively the "EMEA Debtors"). The UK Administration Orders appointed Alan Bloom, Stephen Harris, Alan Hudson and Chris Hill of Ernst & Young LLP as administrators of the various EMEA Debtors, except for Nortel Networks (Ireland) Limited, to which David Hughes (Ernst & Young LLP Ireland) and Alan Bloom were appointed (collectively the "Joint Administrators").

6. Subsequent to the filing date, Nortel Networks SA ("NNSA") commenced secondary insolvency proceedings within the meaning of Article 27 of the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings in the Republic of France pursuant to which a liquidator and an administrator have been appointed by the Versailles Commercial Court.

7. The CCAA proceedings and the UK Administration proceedings of NNUK and the other EMEA Debtors have been recognized by the U.S. Court as foreign main proceedings under Chapter 15 of the Code.

8. Subsequent to the Filing Date, certain other Nortel subsidiaries have filed for creditor protection or bankruptcy proceedings in the local jurisdiction in which they are located.

**PURPOSE**

9. The purpose of this eightieth report of the Monitor (the "Eightieth Report") is to support the relief sought by the Monitor concerning certain Misfiled Claims (as defined and discussed below).

**TERMS OF REFERENCE**

10. In preparing this Eightieth Report, the Monitor has relied upon unaudited financial information, the Company's books and records, financial information prepared by the Company and discussions with management of Nortel. The Monitor has not audited, reviewed or otherwise attempted to verify the accuracy or completeness of this information and accordingly, the Monitor expresses no opinion or other form of assurance on the information contained in this Eightieth Report.

11. Unless otherwise stated, all monetary amounts contained herein are expressed in Canadian dollars.

12. Capitalized terms not defined in this Eightieth Report are as defined in the Affidavit of John Doolittle sworn on January 14, 2009, the Pre-Filing Report or previous reports of the Monitor.

13. The Monitor has made various materials relating to the CCAA proceedings available on its website at www.ey.com/ca/nortel. The Monitor's website also

contains a dynamic link to Epiq Bankruptcy LLC's website where materials relating to the Chapter 11 Proceedings are posted.

**CLAIMS PROCESS BACKGROUND**

14. On July 30, 2009, this Court granted an Amended and Restated Claims Procedure Order (the "Claims Procedure Order") that provided the mechanism for the filing of certain claims against the Applicants and also established bar dates for the filing of such claims, which in the case of Prefiling Claims (as defined in the Claims Procedure Order) was September 30, 2009. On August 4, 2009, the U.S. Court granted an order establishing September 30, 2009 as the claims bar date for most types of claims against the U.S. Debtors in the Chapter 11 Proceedings.

15. On September 16, 2010, this Court granted a Claims Resolution Order which, together with certain other Orders, provides a mechanism for the resolution of proofs of claim filed in accordance with the Claims Procedure Order.

16. In connection with the granting of the Claims Resolution Order, this Court also granted an Order Approving Cross-Border Claims Protocol which approved that certain Cross-Border Protocol on the Resolution of Claims (the "Cross-Border Claims Protocol") to supplement the procedures of this Court and the U.S. Court with respect to the review and resolution of claims filed by the same creditor in each of the CCAA proceedings and the Chapter 11 Proceedings. Among other things, the Cross-Border Claims Protocol provides for the sharing of information and consultation among the Applicants, the Monitor and the U.S. Debtors regarding such "cross-border" claims.

17. Over the course of the past sixteen months, the Applicants, the Monitor and the U.S. Debtors have reviewed and cooperatively resolved approximately 200 cross-border claims, including, *inter alia*, by reconciling the ultimate liability for invoice based claims primarily on the basis of which Nortel entity issued the related

purchase order and apportioning the liability for such claim between the Applicants and the U.S. Debtors based on that criteria.

**MISFILED CLAIMS**

18. As part of the claims reconciliation process, the Applicants, the Monitor and the U.S. Debtors have sought to review and reconcile claims filed by their suppliers. In some cases, a supplier may have done business with more than one Nortel entity or they may have maintained agreements, entered into purchase orders or submitted invoices to one or more Nortel entities.

19. As part of their claims review, the Applicants, the Monitor and U.S. Debtors have identified certain specific instances in which a creditor filed claims or portions of a claim against the incorrect Nortel legal entity (such as where the claims were filed against a different entity than the invoiced customer). Of particular note, in the course of discussions regarding cross-border claims, the Applicants, Monitor and U.S. Debtors have identified certain claims that, while filed prior to the claims bar date of September 30, 2009, were filed in the incorrect proceeding; that is, the claim was timely filed in the Chapter 11 Proceedings against a U.S. Debtor when it was properly a claim in the CCAA proceedings against an Applicant, or vice versa.

20. Attached as Appendix "A" to this Eightieth Report is a listing of 18 claims totalling approximately USD 848,000 and one claim totalling approximately CAD 280,000 filed against a U.S. Debtor in the Chapter 11 Proceedings prior to the September 30, 2009 claims bar date which, based upon a review of the books and records of the Company, are properly claims against an Applicant (the "Misfiled Claims"). The Misfiled Claims relate primarily to invoice based liabilities where an Applicant issued the purchase order for the goods or services underlying the claim in question.

21. To permit the timely resolution of the Misfiled Claims, the Monitor is seeking an Order to deem such claims as validly filed against the appropriate Applicant in accordance with the Claims Procedure Order such that they may be resolved in

5

accordance with the Claims Resolution Order. Assuming such relief is granted, the Monitor understands the U.S. Debtors will then object to the corresponding claims in the Chapter 11 Proceedings.

22. Such relief will allow for the timely resolution of the Misfiled Claims consistent with the manner in which substantively similar claims have been resolved and assist in advancing the claims processes in both these CCAA proceedings and the Chapter 11 Proceedings. The Monitor is of the view such relief is appropriate as a result of the factors described above at paragraph 18 and because the claims at issue were timely filed by the September 30, 2009 claims bar date (albeit in the wrong jurisdiction).

23. The Monitor and the U.S. Debtors have spoken with each of the holders of the Misfiled Claims and advised them of the foregoing. The Monitor is not aware of any holder of a Misfiled Claim expressing any concern or objection in respect of same.

24. Similarly, five claims totalling approximately USD 345,000 were filed against the Applicants in the CCAA proceedings prior to the September 30, 2009 claims bar date which, based upon a review of the books and records of the Company, should have been asserted against a U.S. Debtor. In coordination with the relief sought in respect of the Misfiled Claims, the Monitor understands the U.S. Debtors will be amending their schedules of assets and liabilities to reflect such claims as unsecured liabilities of the applicable U.S. Debtor, which will permit the corresponding claims in the CCAA proceedings to be resolved.

## MONITOR'S RECOMMENDATION

25. For the reasons outlined herein, the Monitor respectfully requests and recommends this Court grant the relief requested with respect to the Misfiled Claims.

All of which is respectfully submitted this 10th day of February, 2012.

**ERNST & YOUNG INC.**
**In its capacity as Monitor of the Applicants**
**and not in its personal capacity**

Per: *[signature]*

Murray A. McDonald
President

7

# APPENDIX "A"

## Misfiled Claims

| Claimant | Nortel Legal Entity | Filed proof of claim amount in $USD | Filed proof of claim amount in $CAD |
|---|---|---|---|
| Accelink | NNTC | $5,943 | |
| CBCI Telecom Canada Inc. | NNL | $6,412 | |
| Cadence Design Systems (Canada) Ltd/Cadence Design Systems, Inc. | NNTC | $85,939 | |
| Ecompany Store Inc. | NNL | $20,862 | |
| GE Intelligent Platforms Embedded Systems, Inc | NNTC | $186,929 | |
| Glow Networks, Inc. | NNL | $19,250 | |
| Hydro Ottawa | NNL | | $280,169 |
| Innovational IP Solutions, LLC | NNL | $7,524 | |
| Kolisch Hartwell, P.C. | NNL | $9,413 | |
| Mindwave Research | NNL | $17,360 | |
| Opnext, Inc. | NNTC | $5,220 | |
| Parker Hannifin Corp | NNTC | $8,729 | |
| Progress Software Corporation | NNTC | $191,600 | |
| Redapt Systems, Inc. | NNL | $1,270 | |
| Redapt Systems, Inc. | NNTC | $3,840 | |
| Sybase Inc. | NNL | $42,144 | |
| The Curators of the University of Missouri | NNTC | $13,750 | |
| Tyco Electronics Corporation | NNTC | $6,500 | |
| Unisys Corporation | NNL | $215,603 | |
| Total | | $848,290 | $280,169 |

\6052511

8

| Court File No: 09-CL-7950 | |
|---|---|
| IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED<br><br>AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.* | **ONTARIO**<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>Proceeding commenced at Toronto<br><br>**EIGHTIETH REPORT OF THE MONITOR DATED FEBRUARY 10, 2012**<br><br>**GOODMANS LLP**<br>Barristers & Solicitors<br>Bay Adelaide Centre<br>333 Bay Street, Suite 3400<br>Toronto, ON  M5H 2S7<br><br>Jay A. Carfagnini (LSUC#: 22293T)<br>Joseph Pasquariello (LSUC# 38390C)<br>Christopher G. Armstrong (LSUC# 55148B)<br><br>Tel: 416.979.2211<br>Fax: 416.979.1234<br><br>Lawyers for the Monitor, Ernst & Young Inc. |