IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
In re:                                                              Chapter 11

NORTEL NETWORKS INC., et al.,                  Case No. 09-10138(KG)

                                                                    Jointly Administered
                              Debtors.
------------------------------------------------------------X

RESPONSE OF LONG ISLAND LIGHTING COMPANY,
d/b/a LIPA, IN OPPOSITION TO THE DEBTOR'S TWENTY-SECOND
OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM

Long Island Lighting Company, d/b/a LIPA ("LIPA"), by its attorneys, hereby opposes the Debtors' Twenty-Second Omnibus Objection to Certain Proofs of Claims (the "Objection") served by Nortel Networks Inc., *et al.* (the "Debtors"), which seeks, *inter alia*, to disallow LIPA's Claim No. 504, as follows:

1. Upon information and belief, on or about January 14, 2009, the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. Prior to the Debtors' bankruptcy filing, LIPA provided electric service to the Debtors at their Premises located at 4000 Veterans Highway, Bohemia, New York 11747, via electric account no. 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-25.

3. In connection with the Debtors' bankruptcy, LIPA submitted its Proof of Claim (the "Claim") as follows: (a) Claim No. 504 in the amount of $ 81,915.51. A copy of LIPA's Claim is attached hereto as Exhibit A.

4. In February 2012, LIPA was served with the Notice of the Debtors' Twenty-Second Omnibus Claims Objection in which the Debtors objected to LIPA's Claim No. 504 on the purported conclusory grounds of (a) the Debtors' books and

records indicate a lower amount is due. Accordingly, the Debtors seek to reduce LIPA's Claim No. 504 from $81,915.51 to $66,042.49.

5. Upon receipt of the Notice, LIPA reviewed its business records and determined that the amounts due for utility service provided to the Debtors are the same amounts which had been filed and listed by the Clerk of the Court as Claim No. 504 in the sum of $81,915.51. Attached hereto as <u>Exhibit B</u> are copies of the supporting documentation for the Claim – billing and payment records kept in the ordinary course of business showing all bills, the dates of billing, any payments made, the dates of payments, and other charges assessed during the time the account was open.[1]

6. The reason the Debtors' books and records do not reflect the full amount of LIPA's claim is that, when LIPA receives notice of a bankruptcy filing, LIPA bills the debtor's account and closes it as of the bankruptcy filing date but does not send out the final bill to the debtor because it does not want to be deemed to have violated the automatic stay in effect. The final bill on the Debtors' pre-petition account amounted to $15,873.02, which consisted of electric service in the amount of $14,882.38 for electric service supplied from December 31, 2008 to January 14, 2009, and a late payment charge of $990.64. The difference between LIPA's Claim and the amount that the Debtors contend is owed to LIPA is $15,873.02 – the exact amount of the final bill.

7. In the Motion, the Debtors make no evidentiary showing of any kind whatsoever to support its assertion that they do not owe the amount of LIPA's Claim. As such, pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), LIPA's Proof of

---

[1] The following pertinent information may be helpful in clarifying the attachments to LIPA's Claim: an "11" in the TE Column indicates a payment; "96" in the TE column indicates a late payment charge; the bill dates and bill amounts are listed under the columns "BILL-TOTAL" and "BILL-DATE"; and "AMT DUE" represents the Debtors' total outstanding indebtedness to LIPA as of January 14, 2009.

Claim (Exhibit A hereto) and the supporting documentation (Exhibit B hereto), in the absence of any affirmative evidence by the Debtors, stand as *prima facie* evidence of the validity and amount of such claim.  In re Michigan-Wisconsin Transportation Co., 161 B.R. 628 (Bankr. W.D.Mich. 1993) ("a party objecting to a claim must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim"); In re Allegheny International, Inc., 954 F.2d 167 (3d Cir. 1992) (the objector "must produce evidence which, if believed, would refute" the claim).

8. LIPA's Claim is based upon valid obligations and should be treated as Chapter 11 claim against the Debtors in the amounts listed in the proof of claim.

WHEREFORE, Long Island Lighting Company d/b/a LIPA, in the absence of any evidence refuting its Claim No. 504, respectfully requests that the Court issue an order sustaining LIPA's Claim No. 504 in the amount of $81,915.51.

Dated:  February 22, 2012                STEVENS & LEE, P.C.

                                                /s/  *John D. Demmy*
John D. Demmy (Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Facsimile: (610) 371-8515
E-mail: jdd@stevenslee.com

and

CULLEN AND DYKMAN LLP
Elisa M. Pugliese
177 Montague Street
Brooklyn, New York 11201
Telephone: (718) 780-0261
Facsimile: (718) 935-1304
E-mail: epugliese@cullenanddykman.com

*Co-counsel for Creditor Long Island Lighting Company d/b/a LIPA*