**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, ET AL | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: March 8, 2012 at 10:00 a.m. (ET) |
| | ) | Responses Due: February 23, 2012 at 4:00 p.m. (ET) |
| | ) | Related to Docket No. 7183 |

**BARNES & THORNBURG'S RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, REDUNDANT CLAIMS, <u>WRONG DEBTOR CLAIMS AND NO-BASIS 503(b)(9) CLAIMS</u>)**
**(Docket No. 7183)**

Barnes & Thornburg ("Claimant") hereby submits its Response to the Debtors' Twenty-Second Omnibus Claims Objection (Docket No. 7183) to Claim No. 5326 in the amount of $67,470.94 and represents as follows:

1.     As set forth by Claim 5326 and the attachments thereto, Claimant performed valuable and essential patent and related intellectual property work for one or more of the Debtors.

2.     Debtors object to Claim 5326 on the basis that $18,797 of the claim benefited a non-Debtor entity and that $31,148 is not recognized on Debtors' book and records.  *See* Page 4 to Exhibit B of Twenty-Second Omnibus Objection (Docket No. 7183).

3.     As pertains to the objection that the work is for a non-Debtor, Debtors offer no clue to whom the work benefited if not one of the Debtors.  The patents and IP that Claimant worked on were, on information and belief, part off the asset sale to the Rockstar consortium that

was approved by this Court. Furthermore, significant direction on Claimant's legal work came from Debtors' Richardson Texas location. Clearly all of the work benefited one or more of the Debtors and the objection on this issue should be overruled.

4. As pertains to the books and record portion of the Objection, the Claim clearly provides ample evidence to substantiate the claim.

5. The filing of a claim constitutes *prima facie* evidence of the claim's amount and validity. Fed. R. Bankr. Proc. 3001(f). Objector carries the initial burden to produce some evidence to overcome this presumption, and only if objector has produced some basis for questioning the allowability of a claim does the burden shift back to the claimant to produce evidence to meet the objection and establish that the claim is in fact allowable. *In re Carlito and Edna Soriaga*, 2001 WL 837918 at *4 (Bankr. N.D. Ill. 2001) (Judge Squires).

6. While objections to proofs of claim need not be pleaded with great precision, a court should be most "reluctant to sustain a substantive objection to a proof of claim" that does not place a claimant "on notice of what issues it must prove to sustain its claim." *In re Mall At One Associates*, 185 B.R. 1009, 1015 (Bankr. E.D. Pa. 1995).

7. In light of the detailed evidence attached to the claim, Debtors have not overcome the *prima facie* validity of the claim by simply arguing that their books and records don't agree. Even if the burden has shifted back to Claimant, the detailed timesheets and invoice attached to the Claim show that it is allowable. As proof of claim is sufficient if it sets for the amount and character of the claim. *In re Unioil, Inc.*, 962 F.2d 988 (10th Cir. 1992). The Claim meets these criteria - its sets forth the dollar amount of the claim and adequately apprises Debtors of the nature of the amounts claimed by Claimant.

WHEREFORE, Barnes & Thornburg hereby requests that Debtors' Twenty-Second Omnibus Objection (Docket No. 7183) to Claim No. 5326 be denied and overruled and for such other and additional and for such other relief that the Court may deem just and proper.

Dated: February 23, 2012                                  BARNES & THORNBURG LLP


                 By: /s/ *E. Rebecca Workman*_____
                    David M. Powlen (DE No. 4978)
                    E. Rebecca Workman (DE No. 5404)
                    BARNES & THORNBURG LLP
                    1000 N. West Street, Suite 1200
                    Wilmington, Delaware 19801
                    Tel: (302) 888-0301
                    Fax. (302) 888-0246
                    E-mail: rebecca.workman@btlaw.com

                    -and-

                    Deborah L. Thorne (ARDC #6186482)
                    Kevin C. Driscoll, Jr.  (ARDC #6272159)
                    BARNES & THORNBURG
                    One North Wacker Drive, Suite 4400
                    Chicago, Illinois  60606-2809
                    Tel. (312) 357-1313
                    Fax. (312) 759-5646

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing Response was served upon the following counsel for the Debtors in the manner indicated, on February 23, 2012:

**VIA HAND DELIVERY**

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
Chad A. Fights
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801

Raymond H. Lemisch
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801

**VIA FIRST CLASS MAIL**

James L. Bromley
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006

                                                      */s/ E. Rebecca Workman*
                                                      E. Rebecca Workman (Del. No. 5404)

CHDS01 739992v1