**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
               :

*In re*                               :             Chapter 11
               :

Nortel Networks Inc., *et al.,*[1]      :             Case No. 09-10138 (KG)
               :

                    Debtors.    :             Jointly Administered
               :

-----------------------------------------------------------X  **Objections Due: March 14, 2012 at 4:00 p.m. (ET)**

**THIRTY-SIXTH INTERIM APPLICATION OF HURON CONSULTING GROUP**
**AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND**
**DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND**
**FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES**
**INCURRED FOR THE PERIOD JANUARY 1, 2012 THROUGH JANUARY 31, 2012**

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 19, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to February 2, 2009 |
| Period for which Compensation and Reimbursement is sought: | January 1, 2012 through January 31, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $48,172.05 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $147.26 |

_____

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNCI) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

This is an __x__ interim            ___ final application

If this is not the first application filed, disclose the following for each prior application:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1st Quarterly | 6/3/2009 | February 2, 2009 through April 30, 2009 | $ | 1,194,400.93 | $ | 135,430.75 | $ | 1,194,400.93 | $ | 135,430.75 |
| 2nd Quarterly | 8/25/2009 | May 1, 2009 through July 31, 2009 | $ | 592,854.97 | $ | 75,612.54 | $ | 592,854.97 | $ | 75,612.54 |
| 3rd Quarterly | 11/20/2009 | August 1, 2009 through October 31, 2009 | $ | 696,673.78 | $ | 79,343.71 | $ | 696,673.78 | $ | 79,343.71 |
| 4th Quarterly | 2/18/2010 | November 1, 2009 through January 31, 2010 | $ | 538,504.65 | $ | 43,385.47 | $ | 538,504.65 | $ | 43,385.47 |
| 5th Quarterly | 5/26/2010 | February 1, 2010 through April 30, 2010 | $ | 871,859.93 | $ | 84,605.84 | $ | 871,859.93 | $ | 84,605.84 |
| 6th Quarterly | 8/24/2010 | May 1, 2010 through July 31, 2010 | $ | 892,349.10 | $ | 90,525.48 [2] | $ | 892,349.10 | $ | 90,525.48 |
| 7th Quarterly | 11/22/2010 | August 1, 2010 through October 31, 2010 | $ | 819,643.73 | $ | 62,812.77 | $ | 819,643.73 | $ | 62,812.77 |
| 8th Quarterly | 2/24/2011 | November 1, 2010 through January 31, 2011 | $ | 560,776.96 | $ | 20,463.15 | $ | 560,776.96 | $ | 20,463.15 |
| 9th Quarterly | 5/27/2011 | February 1, 2011 through April 30, 2011 | $ | 206,844.30 | $ | 1,567.80 | $ | 206,844.30 | $ | 1,567.80 |
| 10th Quarterly | 8/26/2011 | May 1, 2011 through July 31, 2011 | $ | 175,934.70 | $ | 82.99 | $ | 175,934.70 | $ | 82.99 |
| 11th Quarterly | 11/21/2011 | August 1, 2011 through October 31, 2011 | $ | 121,220.10 | $ | 160.40 | $ | 121,220.10 | $ | 160.40 |
| 34th Monthly | 12/15/2011 | November 1, 2011 through November 30, 2011 | $ | 43,299.45 | $ | 84.08 | $ | 34,639.56 | $ | 84.08 |
| 35th Monthly | 1/12/2012 | December 1, 2011 through December 31, 2011 | $ | 34,585.20 | $ | 83.55 | $ | 27,668.16 | $ | 83.55 |

---

[2]    Amount reflects reduction of $850.00 as discussed with U.S. Trustee's Office.

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

January 1, 2012 through January 31, 2012

| Professional | Title | Hours | | Rate | | Total |
|---|---|---|---|---|---|---|
| James Lukenda | Managing Director | 1.00 | hrs | $ | 725 / hr | $725.00 |
| Matthew J. Fisher | Director | 1.70 | hrs | $ | 565 / hr | $960.50 |
| Coley P. Brown | Manager | 114.20 | hrs | $ | 420 / hr | $47,964.00 |
| Michael Scannella | Associate | 10.00 | hrs | $ | 350 / hr | $3,500.00 |
| Jason D. Kirshner | Analyst | 1.50 | hrs | $ | 250 / hr | $375.00 |
| Total Fees | | 128.40 | | | | $53,524.50 |

| | | |
|---|---|---|
| Reduction for Travel Time Charges | | $0.00 |
| Agreed Accommodation on Monthly Invoice (10%) | $ | (5,352.45) |

**Net Fees:**                                                                **$48,172.05**

Blended Hourly Rate:          $          375.17

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

January 1, 2012 through January 31, 2012

| Task Code | Description | Hours | Fees |
|---|---|---|---|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 16.70 | $7,014.00 |
| 4 | Court Hearings / Preparation | 19.40 | $8,148.00 |
| 5 | Case Reporting: UST Reports, Statements & Schedules | 5.30 | $2,503.00 |
| 6 | Retention and Fee Applications | 4.20 | $1,764.00 |
| 11 | Asset Sale & Disposition Support | 11.50 | $3,875.00 |
| 15 | Avoidance Actions / Reclamation Analysis | 14.40 | $6,048.00 |
| 16 | Unsecured Claim Analysis | 56.40 | $23,810.00 |
| 25 | Case Administration | 0.50 | $362.50 |

TOTALS                                                          128.40        $53,524.50

Less travel time discount 50%                                                 $0.00
Agreed Accommodation on Monthly Invoice (10%)                 $      (5,352.45)

**Total Net Fees Due**                                              **$48,172.05**

**EXPENSE SUMMARY**

Nortel Networks Inc. et al.
(Case No. 09-10138 (KG))

January 1, 2012 through January 31, 2012

| Cost Type | Amount |
|---|---|
| Meals | $107.37 |
| Ground Transportation | $20.00 |
| Telecom | $19.89 |
| **Total Expenses** | **$147.26** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                                                   :

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

-----------------------------------------------------------X   **Objections Due: March 14, 2012 at 4:00 p.m. (ET)**

**THIRTY-SIXTH INTERIM APPLICATION OF HURON CONSULTING GROUP**
**AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND**
**DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND**
**FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES**
**INCURRED FOR THE PERIOD JANUARY 1, 2012 THROUGH JANUARY 31, 2012**

Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), Accounting

and Restructuring Consultant for Nortel Networks Inc. and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), submits this application

(the "Application") for interim allowance of compensation for professional services rendered

by Huron to the Debtors for the period January 1, 2012 through January 31, 2012 (the

"Compensation Period") and reimbursement of actual and necessary expenses incurred by

Huron during the Application Period under sections 330 and 331 of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNI) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United

States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee

Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del.

Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of

Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim

Compensation Procedures Order")[2].   In support of this Application, Huron represents as

follows:

## JURISDICTION

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.       On January 14, 2009 (the "Petition Date"), the Debtors, with the

exception of Nortel Networks (NNCI) Inc. ("NNCI"), each filed a voluntary petition for relief

under Chapter 11 of the Bankruptcy Code.  On July 14, 2009 (the "NNCI Petition Date"),

NNCI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The

Debtors continue to operate their businesses and manage their properties as debtors-in-

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.       On January 26, 2009, the United States Trustee for the District of

Delaware appointed the Official Committee of Unsecured Creditors ("UCC").

---

[2]        Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim
           Compensation Procedures Order.

**HURON'S RETENTION**

4.      On January 29, 2009 the Debtors engaged Huron as Accounting and Restructuring Consultant in connection with these bankruptcy cases.  On March 19, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Huron Consulting Services LLC *Nunc Pro Tunc to February 2, 2009* as Accounting and Restructuring Consultant to the Debtors and Debtors in Possession  (D.I. 496).

**FEE PROCEDURES ORDER**

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each month following the month for which compensation is sought.  Provided that no objections to such Monthly Fee Application are filed within the Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

**RELIEF REQUESTED**

7.      Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Accounting and Restructuring Consultant for the Debtors in these cases for the period from

January 1, 2012 through January 31, 2012, and (b) for reimbursement of actual, reasonable and

necessary expenses incurred in representing the Debtors during that same period.

        8.     During the period covered by this Application, Huron incurred fees in

the amount of $53,524.50 before reductions for an agreed upon 10% accommodation and

reduction in accordance with Local Rules regarding travel time.  Net fees for the Compensation

Period after the aforementioned reductions are $48,172.05.  For the same period, Huron

incurred actual, reasonable and necessary expenses totaling $147.26.  With respect to these

amounts, as of the date of this Application, Huron has received no payments.

        9.     Set forth on the foregoing "Compensation by Project Category" is a

summary by subject matter categories of the time expended by timekeepers billing time to these

cases.

        10.    During the Application Period, Huron professionals billed their time

devoted to matters on behalf of the Debtors' estates to 8 distinct service categories.  Below is a

summary of the activities performed by Huron professionals during the Compensation Period,

organized by task code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

       Huron consulted with the Debtors' management, counsel, and advisors in the

performance of its duties and responsibilities on an "as needed" basis; these meetings and

conferences were essential for furthering the various tasks assigned to Huron and determining

the nature, scope, priority and resources required.  In these meetings, the Huron team shared

information with Company management and advisors to prioritize tasks to most effectively

meet the Debtors needs and provided advice / recommendations, as requested.

Huron devoted 16.70 hours, which resulted in fees of $7,014.00[3], for a blended rate of $420 with regards to these services during the Compensation Period.

**Task Code 4 – Court Hearings / Preparation**

At the request of the Debtors, Huron assisted outside counsel with the contingency planning for the U.S. non-Debtor subsidiaries. Huron contributed to the case logistic preparation, documentation and analyses in support of contingency planning. Huron also devoted time organizing a claim objection process in preparation for upcoming omnibus hearings. Huron prepared claims for potential objection and conducted a final review of the claim images, supporting documentation and objection exhibits to ensure each claim objection satisfied the proper cause(s) of action.  A significant portion of the work performed to create the objection exhibits may be solely reflected in Task Code 16 as part of the Unsecured Claims Analysis.

Huron devoted 19.40 hours, which resulted in fees of $8,148.00, for a blended rate of $420 with regards to these services during the Compensation Period.

**Task Code 5 – Case Reporting: UST Reports, Statements & Schedules**

Huron has as one of its primary roles in these cases the responsibility for assisting the Debtors in completing the various filing and notification requirements under the Bankruptcy Code and related rules.  These filings include: Statements and Schedules, Form 26 required by Rule 2015.3 and the OUST's MOR requirements. In conjunction with the continued transition of the Nortel entities, Huron assisted with the reporting transition among Nortel personnel with primary external reporting responsibility.

Huron devoted 5.30 hours, which resulted in fees of $2,503.00, for a blended rate of $472 with regards to these services during the Compensation Period.

---

[3] Amounts are reflected before the agreed upon reductions discussed above.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' restructuring consultant, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the OUST guidelines with respect to retention of professionals in bankruptcy cases. Additionally, Huron is required to submit requests for fee allowances and expense reimbursement in the manner prescribed by this Court in the Interim Compensation Order. These requirements include maintaining disclosures as well as preparing monthly and quarterly interim fee applications for payment of fees and reimbursement of expenses.

Huron devoted 4.20 hours, which resulted in fees of $1,764.00, for a blended rate of $420 with regards to these requirements during the Compensation Period.

**Task Code 11 – Asset Sale & Disposition Support**

At the request of the Debtors, Huron devoted time during the Compensation Period assisting with the Enterprise Solutions, MEN, CVAS and Multi-Service Switch business contract assignment process. Huron also continued creating a database of Enterprise Solutions, MEN, CVAS and Multi-Service Switch contracts and investigating issues concerning parties and counterparties that received notice of the transactions. Huron worked closely with Epiq to ensure notification of the appropriate parties and counterparties affected by the various transactions.

Huron devoted 11.50 hours, which resulted in fees of $3,875.00, for a blended rate of $337 with regards to this effort.

**Task Code 15 – Avoidance Actions / Reclamation Analysis**

Huron devoted time during the Compensation Period investigating 90-day payments made to various creditors in order to address the potential preference exposure of each payment. At the request of the Debtors, Huron continued to analyze responses to preference demands submitted by the defendants. Huron investigated defendants' ordinary course and new value

- 6 -

defenses and updated preference action responses accordingly. Huron also provided prepetition

schedules and claim reconciliations for certain defendants in an effort to address both matters

concurrently. In order to track the status of outstanding preference demands, Huron maintained

and updated a database of preference actions including amnesty letters, complaints and tolling

agreements along with their status and any settlement amounts received and credited to the

Debtors' estates. Huron also continued compiling a discovery database complete with relevant

payment, invoice and other documentation support in order to satisfy discovery requests made

by the defendants.

Huron devoted 14.40 hours, which resulted in fees of $6,048.00, for a blended rate of

$420 with regards to these requirements during the Compensation Period.

**Task Code 16 – Unsecured Claim Analysis**

During the Compensation Period, Huron devoted time analyzing the various employee

claim causes of action to update participant lists and estimates in order to assist Cleary with

developing an employee claims methodology for estimating claim exposure. As part of the

estimating the Debtors' employee claim exposure, Huron devoted time preparing and

documenting detailed methodologies and calculations to share with Debtors' counsel. Huron

also worked with Cleary to update an employee claim objection methodology pursuant to local

rules. Huron has worked closely with the Debtors and Cleary in order to utilize Debtor

resources and complete the analyses in a timely and efficient manner.

Huron devoted 56.40 hours, which resulted in fees of $23,810.00, for a blended rate of

$422 with regards to these requirements during the Compensation Period.

**Task Code 25 – Case Administration**

In managing a large and complex case, a certain amount of administrative time is

necessary to assure overall effectiveness and efficiency.  Huron devoted time for general

administrative matters related to the Debtors' bankruptcy cases.  Given the size, nature, and

number of professionals involved in these cases, Huron professionals devoted time to project documentation, work planning, file management and staffing as requested by the Debtors to ensure efficiency, to avoid redundancy, and to keep the Debtors fully abreast of the progress on Huron's work streams.

Huron devoted 0.50 hours, which resulted in fees of $362.50, for a blended rate of $725 with regards to these services during the Compensation Period.

11.     Exhibit A attached hereto contains logs, sorted by case project category, which details the time recorded by Huron's professionals and descriptions of the services provided.

12.     Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

13.     Exhibit C attached hereto contains the invoice(s) for services rendered for the Compensation Period.

14.     At the time of its engagement, Huron agreed to provide the Debtors with a 10% accommodation in the form of a permanent reduction in the amount of Huron's monthly fee statements. The accompanying invoice(s) and this Application reflect the 10% accommodation adjustment.

15.     Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Huron has coordinated with Cleary, Epiq, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors.  We believe we have been successful in this regard.

16.     No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $48,172.05 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period January 1, 2012 through January 31, 2012, and (ii) interim reimbursement in the amount of $147.26 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $38,537.64 which is equal to the sum of 80% of Huron's allowed interim compensation and 100% of Huron's allowed expense reimbursement in the amount of $147.26 for a total amount of $38,684.90; and (c) grant such other and further relief as is just.

Dated:  February 23, 2012            HURON CONSULTING GROUP
New York, New York

_____
            James M. Lukenda, CIRA
            Huron Consulting Group
            1120 Avenue of the Americas, 8th Floor
            New York, NY 10036-6700

            Telephone: 646-277-2207
            Facsimile:  508-445-0256
            *Accounting and Restructuring Consultant for the*
            *Debtors and Debtors in Possession*