## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---------------------------------------------------------------X   **Objections Due: March 14, 2012 at 4:00 p.m. (ET)**

**THIRD MONTHLY APPLICATION OF ALVAREZ & MARSAL HEALTHCARE
INDUSTRY GROUP, LLC, AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES AND THE OFFICIAL COMMITTEE OF
LONG-TERM DISABILITY PARTICIPANTS OF NORTEL NETWORKS INC., *ET AL*,
AND ITS AFFILIATED DEBTORS, FOR ALLOWANCE OF INTERIM
COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
DECEMBER 1, 2011 THROUGH DECEMBER 31, 2011**

| | |
|---|---|
| Name of Applicant: | ALVAREZ & MARSAL HEALTHCARE INDUSTRY GROUP, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Retired Employees and The Official Committee of Long-Term Disability Participants |
| Date of Retention: | October 24, 2011 nunc pro tunc to September 8, 2011 |
| Period for which Compensation and reimbursement is sought: | December 1, 2011 through December 31, 2011 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Amount of compensation
sought as actual,
reasonable and necessary:          $ 46,267.50

Amount of reimbursement
sought as actual,
reasonable and necessary:          $0.00[2]

This is an  _x_  interim          ___  final application

The total time expended for fee application preparation is approximately 7 hours and the corresponding compensation requested is approximately $2,500.[3]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 11/21/11 | 9/8/11-10/31/11 | $68,062.50 | $0.00 |
| 2/10/12 | 11/1/11-11/30/11 | $89,215.00 | $0.00 |

---

[2]  Does not include all expenses incurred during the period.  The balance of any expenses will be included in a future fee application.

[3]  Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

December 1, 2011 through December 31, 2011

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Nick Alvarez | Managing Director | $825.00 | 0.5 | $412.50 |
| Ronald M. Winters | Managing Director / Healthcare and Restructuring | $650.00 | 16.7 | 10,855.00 |
| Douglas Greer | Director / Restructuring | $550.00 | 50.1 | 27,555.00 |
| Vincent Bodnar | Principal & Consulting Actuary / Actuarial | $475.00 | 7.0 | 3,325.00 |
| William Fugazy III | Analyst / Restructuring | $200.00 | 20.6 | 4,120.00 |
| **Total** | | | **94.9** | **$46,267.50** |
| **GRAND TOTAL:** | **$46,267.50** | | | |
| **BLENDED RATE:** | **$487.54** | | | |

# COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

December 1, 2011 through December 31, 2011

| Project Category | Project Description | Total Hours | Total Fees |
|---|---|---|---|
| 1. Information Requests | Preparation, review of or revisions to information requests; organization and distribution of information received in response to requests. | 10 | $5,275.00 |
| 2. Review – General | General review of documents provided by Debtor or other professionals and constituents | 4.7 | 2,595.00 |
| 3. Review – Actuarial | Review of actuarial reports, including the input and assumptions used therefor | 0 | 0.00 |
| 4. Review – Financial | Review monthly operating reports and other financial reports of the company | 0.1 | 65.00 |
| 5. Modeling | Development, review and revision of financial and actuarial models | 30.3 | 10,937.50 |
| 6. Other – Financial | Other financial analysis | 0 | 0.00 |
| 7. Comm – Client | Communications with client(s) | 0 | 0.00 |
| 8. Comm – Pro | Communications with other professionals | 17.5 | 8,945.00 |
| 9. Comm – Other | Communications with other constituents | 0 | 0.00 |
| 10. E-Mail | Inter-office email | 5.6 | 3,127.50 |
| 11. Meetings | Preparation for and participation in meetings with client(s), counsel, Debtor, other advisors, and other constituents | 21.9 | 12,612.50 |
| 12. Reports and Presentations | Preparation of reports and presentations to our clients, other advisors, counsel, or others constituents | 0 | 0.00 |
| 13. Legal | Preparation for, and attendance at, hearings before the Court, and support for counsel in identifying, pursuing, or defending causes of action. | 0 | 0.00 |
| 14. Research | Research related to the engagement. | 1.2 | 660.00 |
| 15. Engagement Management | Planning and coordinating the professionals' engagement team activities, participating in engagement team meetings, maintaining engagement files, preparation of fee applications, invoices, and time summaries and responding to inquiries by the U. S. Trustee and other Parties in Interest. | 2.7 | 1,555.00 |
| 16. Travel Time (Billed at 50% Rates)[4] | Non-working travel time to be billed at one-half total travel time. | 0.9 | 495.00 |
| | | | |
| | | | |
| **TOTAL** | | **94.9** | **$46,267.50** |

---

[4]    As further detailed in the time descriptions provided in Exhibit A, the total hours shown for travel time are 50% of the actual time incurred, and total fees are full rates multiplied by 50% of actual time.

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

December 1, 2011 through December 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **Total Expenses**[5] |  | **$0.00** |

---

[5] Does not include all expenses incurred during the period.  The balance of any expenses will be included in a future fee application.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

| | |
|---|---|
| In re: | :     Chapter 11 |
| | : |
| Nortel Networks Inc., *et al.*,[1] | :     Case No. 09-10138 (KG) |
| | : |
|               Debtors. | :     Jointly Administered |
| | : |

------------------------------------------------------------X    **Objections Due: March 14, 2012 at 4:00 p.m. (ET)**

### THIRD MONTHLY APPLICATION OF ALVAREZ & MARSAL HEALTHCARE INDUSTRY GROUP, LLC, AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES AND THE OFFICIAL COMMITTEE OF LONG-TERM DISABILITY PARTICIPANTS OF NORTEL NETWORKS INC., *ET AL*, AND ITS AFFILIATED DEBTORS, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD <u>DECEMBER 1, 2011 THROUGH DECEMBER 31, 2011</u>

Alvarez & Marsal Healthcare Industry Group, LLC ("A&M"), financial advisors to

The Official Committee of Retired Employees and The Official Committee of Long-Term

Disability Participants of Nortel Networks Inc. ("NNI") and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Committees"), submits this application

(the "Application") for interim allowance of compensation for professional services rendered by

A&M to the Committees for the period December 1 through December 31, 2011 (the "Application

Period") and reimbursement of actual and necessary expenses incurred by A&M during the

Application Period under sections 330 and 331 of title 11 of the United States Code (the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (Docket No. 222) (the "Interim Compensation Procedures Order")[2].  In support of this Application, A&M represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

---

[2]    Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

4.      On June 21, 2011, this Court appointed The Official Committee of Retired Employees.   On June 22, 2011, this Court appointed The Official Committee of Long-Term Disability Participants.

## A&M's RETENTION

5.      On September 8, 2011 the Committees engaged A&M as their financial advisor in connection with these bankruptcy cases.  On October 24, 2011, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of A&M as advisor to the Committees *nunc pro tunc* to September 8, 2011 (Docket No. 220).

## FEE PROCEDURES ORDER

6.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

8.    A&M submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as advisor to the Committees in these cases for the period from December 1 through December 31, 2011, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

9.    During the period covered by this Application, A&M incurred fees in the amount of $46,267.50. For the same period, A&M incurred actual, reasonable and necessary expenses totaling $0.00.[3] With respect to these amounts, as of the date of this Application, A&M has received no payments.

10.    Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

11.    During the Application Period, A&M worked on behalf of the Committees to request, analyze and explain information pertaining to medical, income replacement and other benefits currently provided to Nortel's retirees and long-term disability participants. In this capacity, A&M worked with representatives of the Committees' respective counsel including Togut, Segal and Segal, LLP and McCarter & English, LLP for The Official Committee of Retired Employees and Elliott Greenleaf for the Official Committee of Long-Term Disability Participants. In addition, A&M interacted with representatives of the Debtors, including their counsel Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), and Mercer on numerous occasions.

---

[3]    Does not include all expenses incurred during the period. The balance of any expenses will be included in a future fee application.

12.    Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals and other support staff and descriptions of the services provided.

13.    Exhibit B attached hereto contains a breakdown of disbursements incurred by A&M during the Application Period.

14.    In accordance with Local Rule 2016-2, A&M has reduced its request for compensation for non-working travel, if any, to 50 percent of its normal rate.

15.    A&M has endeavored to represent the Committees in the most expeditious and economical manner possible. Tasks have been assigned to professionals so that work has been performed by those most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter. Moreover, A&M has endeavored to coordinate with Togut, Segal & Segal, LLP, McCarter & English, LLP, Elliott Greenleaf, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors. We believe we have been successful in this regard.

16.    In this Court's order dated October 24, 2011, authorizing the appointment of A&M as financial advisor to the Committees, the Court also ordered that in connection with the actuarial services to be provided by A&M, from time to time A&M may utilize the services of Vincent L. Bodnar, ASA, MAAA, principal and consulting actuary with DaVinci Consulting Group, LLC ("DaVinci"). As ordered, DaVinci's fees and expenses have been included in this fee application by A&M without any mark-up or profit to A&M on account of such fees and expenses.

17.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

- 5 -

**WHEREFORE**, A&M respectfully requests that this Court: (a) allow A&M (i) interim compensation in the amount of $46,267.50 for actual, reasonable and necessary professional services rendered on behalf of the Committees during the period December 1, 2011 through December 31, 2011, and (ii) interim reimbursement in the amount of $0.0[4] for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to A&M the amount of $37,014.00 which is equal to the sum of 80% of A&M's allowed interim compensation and 100% of A&M's allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: February 23, 2012
New York, New York

ALVAREZ & MARSAL HEALTHCARE INDUSTRY GROUP, LLC

/s/ Ronald M. Winters
Ronald M. Winters
600 Lexington Avenue, 6th Floor
New York, NY 10022
Telephone: 212-759-4433
Facsimile: 240-331-1344

*Financial Advisor to the Committees*

---

[4] Does not include all expenses incurred during the period. The balance of any expenses will be included in a future fee application.