**EXHIBIT B**

EXECUTION COPY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                            :
                                            :          Chapter 11
                                            :
In re                                       :
                                            :          Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]            :
                                            :
                 Debtors.                   :          (Jointly Administered)
                                            :
------------------------------------------------------ X
                                            :
Nortel Networks Inc.,                       :
                                            :
                                            :
                 Plaintiff,                 :
                                            :          Adv. Proc. No. 53177 (KG)
v.                                          :
                                            :
Opnext Subsystems, Inc. f/k/a StrataLight   :
Communications, Inc.                        :
                                            :
and                                         :
                                            :
Opnext, Inc.,                               :
                                            :
                 Defendants.                :
-------------------------------------------------------X
```

### STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIM BY AND BETWEEN NORTEL NETWORKS INC. AND OPNEXT SUBSYSTEMS, INC. AND OPNEXT, INC.

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel

Networks Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), on the one hand, and Opnext Subsystems, Inc. f/k/a StrataLight

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

EXECUTION COPY

Communications, Inc. and Opnext, Inc. (collectively, "Defendants," and together with Plaintiff,
the "Parties"), on the other hand. The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the
exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief
under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United
States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-
10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to
sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days
prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or
for the benefit of Defendants in the aggregate amount of $1,117,180 (the "Subject Transfers");
and

WHEREAS, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-
53177 (the "Adversary Proceeding"), by filing a complaint on October 4, 2010, which was
amended on December 17, 2010 by filing an Amended Complaint To Avoid And Recover
Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550,
551 and 502(d) of the Bankruptcy Code against Defendants, in which it sought to avoid and
recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 4][2]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __."
Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 53177) are in the form "Adv.
D.I. __."

2

EXECUTION COPY

WHEREAS, on January 20, 2011, Defendants filed an Answer to the Complaint [Adv. D.I. 6] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on or about October 27, 2009, Defendant Opnext, Inc. filed proof of claim No. 6059 in the amount of $175,205 ("Claim No. 6059"); and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") authorizing the Debtors, *inter alia*, to settle Proofs of Claim where the Proof of Claim was originally filed in an amount less than $250,000 without filing or serving any advance notice of such settlement and without further notice or order of the Bankruptcy Court [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

3

EXECUTION COPY

1.     Settlement Consideration/Defendant's Proof of Claim. The Parties hereby stipulate that, as of the Effective Date (defined below) Claim No. 6059 shall be deemed reduced from $175,205 to $104,985 and shall be deemed an allowed general unsecured claim by Defendant Opnext, Inc. against Plaintiff in the amount of $104,985 (the "Allowed Amount"). Defendant Opnext, Inc. agrees not to assert any additional claim based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 6059 and releases Plaintiff from any and all claims as to any amount over and above the Allowed Amount. The allowance of Claim No. 6059 described herein shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court and any previously filed proof of claims by Defendants against Plaintiff. Defendants shall not have any further claims against the Debtors based on the Debtors' schedules.

2.     Resolution of the Avoidance Claim and Dismissal of the Adversary Proceeding. Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Final Approval Date (defined below) this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases. Within five (5) business days after the entry of the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (defined below) (hereinafter, the "Final Approval Date"), Plaintiff will file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding (the date of such filing, hereinafter, the "Effective Date"). The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy

4

Court of a final order approving this Stipulation, without modification of its terms, pursuant to

Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to

appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a

final order is taken, the affirmance of such order in its entirety, without modification, by the

court of last resort to which an appeal of such order may be taken.

        3.    <u>Release of Plaintiff</u>. Upon the Final Approval Date, Defendants hereby

release and forever discharge Plaintiff, its past and present parents, subsidiaries, affiliates,

general partners, limited partners, shareholders, directors, officers, employees, agents, and

attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor</u>

<u>Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages,

actions, suits, causes of action, and setoffs, whether known or unknown, suspected or

unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent,

liquidated or unliquidated, that Defendants now have, had, may have had, or hereafter may have

against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding,

any transaction described or referred to in the Complaint in the Adversary Proceeding, and Claim

No. 6059 to the extent not deemed allowed pursuant to this Stipulation. For the avoidance of

doubt, Defendants release any and all claims arising under section 502(h) of the Bankruptcy

Code.

        4.    <u>Release of Defendants</u>. Upon the Final Approval Date, Plaintiff hereby

releases and forever discharges Defendants, their past and present parents, subsidiaries, affiliates,

general partners, limited partners, shareholders, directors, officers, employees, agents, and

attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant</u>

<u>Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages,

actions, suits, causes of action, and setoffs, whether known or unknown, suspected or
unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent,
liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have
against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary
Proceeding, and any transaction described or referred to in the Complaint or in the Adversary
Proceeding.

     5.    Claims Register.  The Debtors, the Debtors' claims agent, Epiq
Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all
necessary and appropriate actions to give effect to this Stipulation, including, without limitation,
amending the claims register or Claim No. 6059 to reflect the Allowed Amount.

     6.    Effectiveness.  Pursuant to the Avoidance Claims Settlement Procedures
Order and the Prepetition Claims Settlement Procedures Order, upon the Final Approval Date,
this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective
successors and assigns, including, without limitation, any trustee or receiver that may hereafter
be appointed in the Debtors' Chapter 11 cases.

     7.    Applicable Law.  This Stipulation shall be interpreted and construed in
accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of
the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

     8.    Confidentiality.  Each of the Parties agrees to keep confidential and not to
disclose (and shall use its reasonable best efforts to cause its officers, directors, employees,
agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations
leading up to or relating to the preparation and execution of this Stipulation, except as required

6

by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

        9.      <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof. This Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

        10.      <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

        11.      <u>Costs and Expenses</u>. Each Party agrees (i) to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, including the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and (ii) not to seek from each other reimbursement of any such costs, expenses or disbursements.

        12.      <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

        13.      <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

7

14. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: February 27, 2012

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Opnext, Inc.

By:_____
Justin J. O'Neill
Senior Vice President, General Counsel &
Secretary

Opnext Subsystems, Inc.

By:_____
Michael C. Chan
President

8

14. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: February ____, 2012

Nortel Networks Inc.                         Opnext, Inc.

By:_____          By:_____
John Ray                                     Justin J. O'Neill
Principal Officer                            Senior Vice President, General Counsel &
                                             Secretary


                                             Opnext Subsystems, Inc.

                                             By:_____
                                             Michael C. Chan
                                             President

8