**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                                           :
*In re*                                                    :          Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :          Case No. 09-10138 (KG)
                                                           :
                               Debtors.                    :          Jointly Administered
                                                           :
-----------------------------------------------------------X

## STIPULATION RESOLVING CLAIM NO. 1461 BY AND BETWEEN
## THE SOBRATO ORGANIZATION AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel

Networks Inc. ("Nortel Debtor") and The Sobrato Organization ("Claimant", and together

with Nortel Debtor, the "Parties").  The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel

Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary

petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code")

in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September

30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

1

2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, Sobrato Land Holdings (predecessor-in-interest to The Sobrato Organization) and Alteon Web Systems were parties to certain leases dated July 31, 2000 (as the same may have been amended, modified or supplemented from time to time in accordance with its terms, the "Leases") for nonresidential real property located at 6373 & 6375 San Ignacio Avenue, San Jose, California 95119; and

WHEREAS, on or about May 25, 2001, Alteon Web Systems assigned its interest, as tenant, in each of the Leases to Nortel Debtor; and

WHEREAS, pursuant to the Leases, Claimant held a security deposit of Nortel Debtor in the amount of $350,000 (the "Deposit"); and

WHEREAS, on February 2, 2009, pursuant to the Debtors' First Motion for the Entry of an Order Under Sections 365(a) and 554(a) of the Bankruptcy Code Authorizing the Debtors to (1) Reject as of February 28, 2009, Certain Unexpired Leases of Nonresidential Real Property and Related Subleases, and (2) Abandon Any Personal Property Located at Such Premises [D.I. 196], Nortel Debtor rejected the Leases effective as of February 28, 2009; and

WHEREAS, on or about June 19, 2009, Claimant filed proof of claim number 1461 in the amount of $4,944,113.75 (the "Claim"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

2

WHEREAS, the Parties have agreed that the Claim should be allowed as a general unsecured claim in the amount of $4,594,113.75; reflecting application of the Deposit (which shall be retained by Claimant) to the initial Claim amount.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1.  Resolution of Claim.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a)  The Claim shall be an allowed general unsecured claim by Claimant against Nortel Debtor in the amount of $4,594,113.75.

(b)  The allowance of the Claim described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claim and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court.  Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

2.  Release.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Parties release and forever discharge each other and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated that they now have or hereinafter may have arising from or related to the Claim and the Leases (including, but not limited to, any and all claims arising from Nortel Debtor's occupation and surrender of the premises set forth in the

3

Leases). **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE PARTIES FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE PARTIES DO NOT KNOW OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES THAT:**

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."**

3. <u>No Further Claims</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending the Claim or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases.

4. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications,

4

understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. <u>No Transfer</u>. Claimant represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third party.

7. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claim.

8. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

5

12. Claims Register. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

6

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties
have executed this Stipulation.

Dated: February 2?, 2012

Nortel Networks Inc.                          The Sobrato Organization

By:_____                   By:_____
John J. Ray III                               John M. Sobrato
Principal Officer                             CEO

7

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties

have executed this Stipulation.

Dated:  February 24, 2012

Nortel Networks Inc.

By:_____

John J. Ray, III
Principal Officer

The Sobrato Organization

By:_____

John M. Sobrato
CEO

7