**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Nortel Networks, Inc., et al.,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |

**FIFTEENTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE
DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD OF NOVEMBER 1, 2011
THROUGH JANUARY 31, 2012 AND OTHER PREVIOUSLY UNPAID INVOICES**

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | February 5, 2009, *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement are sought: | November 1, 2011 through January 31, 2012[2] |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$1,158,441.50** |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $ 5,606 |
| This is a(n):  _x_ interim    __ quarterly    ___ final application | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] This application also seeks compensation for services rendered prior to the compensation period for which the applicant has not been previously paid.

4824-4237-4670.2

Prior Applications Filed:

| **Fee Application Filing Date** | **Period Covered By Application** | **Total Fees Requested** | **Total Expenses Requested** | **Total Approved** |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0.00 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0.00 | $39,739.00 |
| 10/16/09 | 8/1/09 – 9/30/09 | $26,301.00 | $0.00 | $26,301.00 |
| 11/19/09 | 10/1/09 – 10/31/09 | $13,607.00 | $0.00 | $13,607.00 |
| 2/24/10 | 11/1/09 – 12/31/09 | $186,040.00 | $670.00 | $186,710.00 |
| 2/24/10 | 1/1/10 – 1/31/10 | $74,330.00 | $375.58 | $74,705.58 |
| 6/4/10 | 2/1/10 – 4/30/10 | $265,434.50 | $858.82 | $266,293.32 |
| 9/10/10 | 5/1/10 – 7/31/10 | $230,428.50 | $674.09 | $231,102.59 |
| 11/24/10 | 8/1/10 – 10/31/10 | $260,941.50 | $954.00 | $261,895.50 |
| 3/1/11 | 11/1/10 – 1/31/11 | $591,660.00 | $0.00 | $591,660.00 |
| 5/31/11 | 2/1/11 – 4/30/11 | $2,456,156.00 | $1,904.00 | $2,458,060.00 |
| 8/18/11 | 5/1/11 – 5/31/11 | $761,845.00 | $0.00 | $761,845.00 |
| 8/26/11 | 6/1/11 – 7/31/11 | $1,320,000.00 | $0.00 | $1,320,000.00 |
| 11/22/11 | 8/1/11 – 10/31/11 | $2,367,641.00 | $0.00 | $2,367,641.00 |
| **TOTAL** | | **$8,879,123.50** | **$5,436.49** | **$8,884,559.99** |

4824-4237-4670.2

**COMPENSATION BY PROFESSIONAL**
**NOVEMBER 1, 2011 THROUGH JANUARY 31, 2012**

| Professional | Position | Hourly Billing Rate (including changes)[3] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Fixed Fee | | | ~1,410.0 | $540,000[4] |
| Human Capital Expatriate Compliance | | | -- | $3,020 |
| Abbott, Douglas J. | Partner | $640 | 110.0 | $70,080 |
| Beakey III, Andrew M. | Partner | $640 | 114.0 | $73,216 |
| Bosco, Richard | Senior Manager | $540 | 6.0 | $3,240 |
| Coats, Edward R. | Executive Director | $545 | 58.5 | $31,883 |
| Gentile, Matthew Donald | Manager | $430 | 48.0 | $20,640 |
| Jacks, Sarah Butler | Senior Manager | $540 | 16.4 | $8,856 |
| Jordan, Samuel C. | Senior | $300 | 15.6 | $4,680 |
| Klein, Scott Mitchell | Staff | $170 | 4.8 | $816 |
| Kunetka, Dennis Allan | Senior Manager | $540 | 1.0 | $540.00 |
| Lan, Tiffany | Staff | $170 | 63.0 | $10,710 |
| Lupton-Smith, Craig G. | Senior Manager | $540 | 115.0 | $62,100 |
| Moses, Anthony | Manager | $430 | 30.0 | $12,900 |
| Nunn, Jacob Randall | Senior | $300 | 0.4 | $120 |
| Poormon, Melissa | Senior | $300 | 11.7 | $3,510 |
| Probus, Carlos R. | Senior Manager | $540 | 22.5 | $11,765 |
| Puett, Stephen W. | Partner | $640 | 4.5 | $2,880 |
| Scott, James E. | Partner | $640 | 75.0 | $48,000 |
| Siegel Mark I. | Senior Manager | $545 | 4.0 | $2,180 |
| Sloop, Erin Pamela | Staff | $170 | 13.0 | $2,210 |
| Tart, Marta P. | Senior Manager | $540 | 7.3 | $3,942 |
| Weingartner, April Michelle | Manager | $430 | 72.5 | $31,175 |
| Williams, Charles F. | Executive Director | $640 | 133.0 | $72,485 |
| Willingham, Catrina D. | Senior | $300 | 23.5 | $7,050 |
| Wood, Jeffrey T. | Executive Director | $545 | 227.0 | $123,444 |

---

[3] Travel time has been billed at 50 percent of the professional's hourly rate.

[4] This amount reflects the application of a credit from a previous payment made by the Debtors.

4824-4237-4670.2

| Professional | Position | Hourly Billing Rate (including changes)[3] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| York, Jeffrey Allan | Senior Manager | $540 | 4.5 | $2,430 |
| Young, Suzanne N. | Senior | $300 | 63.0 | $18,900 |
| Zhang, Lu | Manager | $430 | 0.5 | $215 |
| Amount in excess of fee cap | | | | ($14,545) |
| **TOTAL** | | | **~2,654.7** | **$1,158,441.50** |

### COMPENSATION BY PROJECT CATEGORY
### NOVEMBER 1, 2011 THROUGH JANUARY 31, 2012

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fixed Fees | ~1,410.0 | $540,000[5] |
| Human Capital Expatriate Compliance | -- | $3,020 |
| Tax Performance Advisory | 105.7 | $53,310 |
| Modeling | 715.5 | $387,769 |
| Foreign Jurisdiction Tax Assistance | 63.4 | $34,385 |
| Foreign Bank Reporting | 36.7 | $14,545 |
| Financial Accounting Assistance | 322.8 | $141,957 |
| Amount in excess of fee cap | | ($14,545) |
| **TOTAL** | **~2,654.7** | **$1,158,441.50** |

### EXPENSE SUMMARY
### NOVEMBER 1, 2011 THROUGH JANUARY 31, 2012

| Expense Category | Total Expenses |
|---|---|
| Air Travel | $2,517.30 |
| Meals | $422.60 |
| Lodging | $2,016.88 |
| Mileage | $107.12 |
| Miscellaneous (tips, telephone, tolls) | $35.95 |
| Parking | $150.48 |
| Rental Car | $91.79 |
| Taxi | $264.55 |
| **TOTAL** | **$5,606.67** |

---

[5] This amount reflects the application of a credit from a previous payment made by the Debtors.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11<br>Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) |  |

**FIFTEENTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE
DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD OF NOVEMBER 1, 2011
THROUGH JANUARY 31, 2012 AND OTHER PREVIOUSLY UNPAID INVOICES**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP ("E&Y LLP") hereby files this Fifteenth Consolidated Interim Application for Allowance of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

4824-4237-4670.2

Compensation for Services Rendered as Indirect Tax Service Advisor to the Debtors and Debtors-in-Possession for the Period from November 1, 2011 through January 31, 2012 as well as Previously Unpaid Invoices (the "Application"). By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $1,158,441.50 in compensation and $5,606 in reimbursement for expenses incurred during the period November 1, 2011 through January 31, 2012 (the "Compensation Period")[2]. These amounts also include invoices from previous months that were not already requested by application. In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order [Docket No. 236]. The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in

---

[2] Although the majority of this Fee Applications seeks fees from the Compensation Period, this Fee Application also includes fees from prior to the Compensation Period that were not previously included in a fee application.

2

accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with the Compensation Order.

5. On March 1, 2011, the Debtors retained E&Y LLP to perform tax services, consisting of federal and state tax compliance, US reporting requirement for foreign operations, tax reporting, and federal, state, and international tax advisory pursuant to E&Y LLP's engagement with the Debtors (the "Master Tax Services Agreement"). On March 23, 2011, the Court entered an order [Docket No. 6021] (the "Retention Order").

6. On July 1, 2011, the Debtors filed a Supplemental Application for an Order Expanding the Scope of Employment and Retention of Ernst & Young LLP to Include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 5862] (the "Expansion Application").

7. On July 22, 2011, the Court granted the Expansion Application and authorized the Debtors to expand the scope of EY's employment and retention to include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 6021].

8. On December 22, 2011, the Debtors filed a Notice of the Third Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & young LLP [Docket No. 7021] (the "Third Amendment").

9. On January 12, 2012, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 5, 2011 authorizing the Third Amendment [Docket No. 7090].

**Compensation Paid and Its Source**

10. All services for which compensation is requested by E&Y LLP were

3

4824-4237-4670.2

performed for or on behalf of the Debtors.

11. E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

12. Pursuant to the Master Tax Services Agreement, E&Y LLP provides the Debtors with tax compliance reporting, tax controversy and tax advisory services for a fixed fee. A copy of the invoice for the fixed fee installment payments is attached hereto as Exhibit A. A schedule of compensation by each professional person (which lists an hourly billing rate and number of hours) is attached for all hourly services as Group Exhibit B. Copies of the invoices and statement of work performed relating to Human Capital Expatriate Compliance services is attached as Group Exhibit C.

13. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

### Actual and Necessary Expenses

14. A summary of actual and necessary expenses and daily logs of expenses incurred by E&Y LLP during the Fifteenth Interim Compensation Period are attached as Exhibit C. There were actual and necessary expenses of $5,606 incurred during the Compensation Period.

**Summary of Services Rendered**

15. E&Y LLP, by and through the above-named persons, has advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

**Summary of Services By Project**

16. The services rendered by E&Y LLP during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below.

Tax Compliance Reporting

17. E&Y LLP assisted with tax compliance, tax reporting and tax advisory consulting such as but not limited to the preparation and filing of all state and local sales and use tax returns and the preparation of reports and reconciliations to assist the Debtors with the proper accounting of payments and tax credits and E&Y LLP prepared and reviewed federal and state tax filing positions and compliance requirements.

Tax Performance Advisory

18. E&Y LLP provided consultation regarding tax data retention and tax technology needs of the U.S. residual company and related matters. E&Y LLP also provided review and consultation with respect to Quickbooks and the impact on the tax function..

Modeling

19. E&Y LLP provided consultation regarding tax models for 2009 and forward, including the preparation of tax models and related federal and state income tax scenarios, research of the impact of various transactions on federal and state income tax liabilities, and consultation and review of the timing of the various transactions and analysis of items for capitalization or deduction in a particular year. E&Y LLP also met with the Debtors' personnel and company advisors to review and discuss the various tax deductions, timing of the

5

transactions, and future assumptions.

### Foreign Jurisdiction Tax Assistance

20. E&Y LLP provided assistance with the coordination of data relating to the filing of local country income and indirect tax returns. E&Y LLP also provided consultation related to the resolution of tax controversies for tax periods open by statute, as well as assistance with procedural matters related to the wind-up and final withdrawal of the local entity or branch.

### Foreign Bank Reporting

21. E&Y LLP provided assistance with the report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 (the "FBAR Form") filings for account ownership and signature authority related to foreign bank accounts for calendar year 2010. E&Y LLP also provided assistance with the corporate FBAR Form amended filings for account ownership and signature authority related to foreign bank accounts, and also provided consultation services to the Debtors regarding the FBAR Form for calendar years 2004 through 2009.

### Financial Accounting Assistance

22. E&Y LLP provided consultation services to the Debtors regarding key accounting, finance and finance-process personnel. E&Y LLP also reviewed the Debtors proposed accounting process changes, including transition to Quickbooks and participated in periodic status calls for conversion to Quickbooks.

### Human Capital Expatriate Compliance

23. E&Y LLP prepared a Korean annual tax return, calculated tax reimbursement gross-ups as required under Korean law and analyzed 2010 Korean annual tax return filing obligation.

4824-4237-4670.2

**Valuation of Services**

24. The professionals and staff members of E&Y LLP have expended approximately 2,654.7 hours[3] in connection with this matter during the Compensation Period. The flat fee identified above are E&Y LLP's normal rates for work of this character. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $1,818,441.50.[4]

25. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the period Compensation Period, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $926,753.20 as compensation for necessary professional services rendered (80% of **$1,158,441.50**), as well as $5,606 in reimbursement for expenses incurred, for a total of $932,359.20 and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

---

[3] This number represents an estimate of the total hours of services provided during this Compensation Period and is subject to change from month to month.

[4] The total compensation requested has been reduced to $1,158,441.50 by payments previously made by the Debtor in connection with a previous fee application.

7

8

Dated: March 1, 2012        Respectfully submitted,

               /s/ Joanne Lee
               Joanne Lee
               Foley & Lardner LLP
               321 N. Clark Street, Suite 2800
               Chicago, IL 60654
               Tel. 312.832.4500
               jlee@foley.com

4824-4237-4670.2

# **VERIFICATION**

STATE OF NORTH CAROLINA   )
                          ) SS:
COUNTY OF WAKE            )

James E. Scott, after being duly sworn according to law, deposes and says:

a) I am a Partner with the applicant firm, Ernst & Young LLP.

b) I am familiar with the work performed on behalf of the Debtors by the professionals and staff members at Ernst & Young LLP.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_____
James E. Scott
Partner, Ernst & Young LLP

SWORN AND SUBSCRIBED before me
this  1  day of  March , 2012.

_Pamela Goodman_
Notary Public
My Commission Expires: 1/5/17

```
PAMELA GOODMAN
Notary Public, North Carolina
Durham County
My Commission Expires
January 05, 2017
```

4824-4237-4670.2