# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re: <u>Nortel Networks Inc.</u>    Case No. <u>09-10138</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>TRC MASTER FUND LLC</u>
Name of Transferee

Name and Address where notices to transferee should be sent:

TRC MASTER FUND LLC
Attn: Terrel Ross
336 Atlantic Avenue Suite 302
East Rockaway, NY 11518

Phone: <u>516-255-1801</u>
Last four digits of Acct#: <u>N/A</u>

Name and address where transferee payments should be sent (if different from above):

Phone: <u>N/A</u>
Last four digits of Acct#: <u>N/A</u>

<u>CORNING INCORPORATED</u>
Name of Transferor

Court Claim # (if known): <u>880</u>
Amount of Claim: USD<u>$124,867.31</u>
<u>And allowed in the amount of USD$107,798.25</u>
Date Claim Filed: <u>04/08/2009</u>

Phone: <u>907-974-9000</u>
Last four digits of Acct.#: <u>N/A</u>

Name and Current Address of Transferor:

CORNING INCORPORATED
One Museum Way
Corning, NY 14831

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: <u>/s/Terrel Ross</u>                                    Date: <u>March 6, 2012</u>
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# EVIDENCE OF TRANSFER OF CLAIM

Exhibit A to Assignment of Claim

TO: United States Bankruptcy Court ("Bankruptcy Court")
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801-3024
Attention: Clerk

AND TO: NORTEL NETWORKS INC. ("Debtor")
Case No. 09-10138

Claim # 880

**CORNING INCORPORATED**, its successors and assigns ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

TRC MASTER FUND LLC
336 Atlantic Avenue Suite 302
East Rockaway, NY 11518
Attention: Terrel Ross

its successors and assigns ("Assignee"), all of Assignor's rights, title, interest, claims and causes of action in and to, or arising under or in connection with its Claim in the amount of **USD$124,867.31** (and allowed in the amount of USD$107,798.25) ("Claim") against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by rule 3001 of the federal Rules of Bankruptcy procedure, the Bankruptcy code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring the Claim and recognizing the Assignee as the sole owners and holders of the Claim.

Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, THIS EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 6th DAY OF March, 2012.

ASSIGNOR: CORNING INCORPORATED

_____
(Signature)

THERESA GARVEY
(Print Name)

CREDIT MANAGER
(Title)

ASSIGNEE: TRC MASTER FUND LLC

_____
(Signature)

Terrel Ross
(Print Name)

Managing Member
(Title)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
:
------------------------------------------------------------X

## STIPULATION RESOLVING CLAIM BY AND BETWEEN CORNING INCORPORATED AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Corning Incorporated ("Claimant", and together with the Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

NEWYORK:2441548.4

WHEREAS, on or about April 8, 2009, Claimant filed proof of claim number 880 in the amount of $124,867.31 ("Claim No. 880"); and

WHEREAS, on April 28, 2011, the Debtors filed in the Bankruptcy Court the Debtors' Nineteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Wrong Debtor Claims And No-Basis 503(b)(9) Claims) [D.I. 5341] (the "Objection"), in which the Debtors objected to Claim No. 880 on the basis that Claim No. 880 asserted amounts that the Debtors did not recognize based upon review of their books and records as valid liabilities of any of the Debtors in these chapter 11 cases; and

WHEREAS, on May 11, 2011, Claimant filed its response to the Objection [D.I. 5410] (the "Response"); and

WHEREAS, on September 16, 2010, the Bankruptcy Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [D.I. 3953] (the "Settlement Procedures Order") in which the Bankruptcy Court authorized the Debtors to settle certain prepetition claims on limited notice; and

WHEREAS, since the filing of the Objection and the Response, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating Claim No. 880, the Objection and the Response, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that Claim No. 880 should be allowed as a general unsecured claim in the amount of $107,798.25.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claim.

(a) Claim No. 880 shall be allowed as a general unsecured claim by Claimant against the Nortel Debtor in the amount of $107,798.25.

(b) The allowance of Claim No. 880 under paragraph 1(a) herein shall be granted in full satisfaction of any and all claims that have been or could have been asserted in Claim No. 880 and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

(c) The Debtors shall withdraw the Objection within 5 business days of the execution of this Stipulation by both Parties.

2. Release. Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to the Claim No. 880.

3. No Further Claims. Claimant agrees that it will not (i) amend Claim No. 880 or (ii) file or otherwise assert any further claim against any of the Debtors in the Debtors' Chapter 11 cases arising out of pre-petition liabilities of the Debtors to Claimant. For the avoidance of doubt, the Parties reserve their respective rights to assert and to object to claims arising out of or from post-petition activities and businesses between the Parties.

4. Effectiveness. Pursuant to the Settlement Procedures Order, this Stipulation shall be effective and binding upon the Parties upon its execution by both Parties.

5. <u>Binding Effect</u>. This Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

6. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

7. <u>No Transfer</u>. Claimant represents that it has not sold, assigned or otherwise transferred Claim No. 880 or any of the claims being released pursuant to this Stipulation to a third party.

8. <u>Post-petition Claim</u>. As of the date of execution of this Stipulation, Claimant represents that, to the best of its knowledge, Claimant does not have any outstanding post-petition claim against any of the Debtors in these chapter 11 cases.

9. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to Claim No. 880.

10. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: August __23__, 2011

| Nortel Networks Inc. | Corning Incorporated, |
| --- | --- |
| | By Nixon Peabody LLP |
| | As Counsel and Authorized Signatory for Corning Incorporated |
| By: _____ | By: /s/ Lee Harrington |
| Name: John J. Ray, III<br>Title: Principal Officer | Name: Lee Harrington<br>Title: Partner |

13. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: August ____, 2011

Nortel Networks Inc.

By: _____

Name:  John J. Ray, III
Title:   Principal Officer

Corning Incorporated,
By Nixon Peabody LLP
As Counsel and Authorized Signatory for Corning Incorporated

By:_____

Name:  Lee Harrington
Title:   Partner