IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: RE: D.I. 7182
:
------------------------------------------------------------X

### ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (RECLASSIFY CLAIMS)

Upon the Debtors' Twenty-First Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Reclassify Claims) [D.I. 7182] (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reclassifying the Claims identified on Exhibit A attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Twenty-First Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1, attached to the Objection as Exhibit B and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in Exhibit A

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

thereto; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

1. The hearing on the Objection with respect to Claim No. 3470 held by Hain Capital Holdings, LLC is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

2. The hearing on the Objection with respect to Claim No. 3909 filed by Terremark Worldwide is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

3. The hearing on the Objection with respect to Claim No. 5355 filed by Pangaia Partners, LLC is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

4. Except as provided in paragraphs 1 through 3 above, the Objection is **GRANTED** with respect to each of the Claims identified on Exhibit A attached to the Objection.

5. Each of the Reclassify Claims is hereby reclassified in accordance with the "Modified Claim Amount" as identified on Exhibit A.

6. This Order shall be deemed a separate order with respect to each of the claims identified in Exhibit A to the Objection. Any stay of this Order pending appeal by any claimant whose claim is subject to this Order shall only apply to the contested matter that involves such claimant, and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

8. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: March 8, 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

3