IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                               : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                    : Case No. 09-10138 (KG)
:
: Jointly Administered
         Debtors.                                     :
: RE: D.I. 7183
:
------------------------------------------------------------X

**ORDER GRANTING DEBTORS' TWENTY-SECOND OMNIBUS
OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO
11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1
(NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, REDUNDANT
CLAIMS, WRONG DEBTOR CLAIMS AND NO-BASIS 503(b)(9) CLAIMS)**

Upon the Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7183] (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying or disallowing in full, as applicable, the claims identified in Exhibits A-E attached thereto; and upon the Declaration of John J. Ray, III in Support of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims), attached to the Objection as Exhibit F; and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in Exhibits A-E thereto; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The hearing on the Objection with respect to Claim Nos. 392 and 7076 held by Monarch Master Funding LTD is continued to the hearing scheduled in these cases on April 18, 2012 at 10:00 a.m.

2. The hearing on the Objection with respect to Claim No. 504 filed by Long Island Lighting Company d/b/a LIPA is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

3. The hearing on the Objection with respect to Claim No. 1472 held by United States Debt Recovery V, LP is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

4. The hearing on the Objection with respect to Claim No. 1472.01 held by United States Debt Recovery IIA, LLC is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

5. The hearing on the Objection with respect to Claim No. 1472.03 held by United States Debt Recovery VIII, LP is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

6. The hearing on the Objection with respect to Claim No. 2846 filed by JMock & Co., S.A. is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

7. The hearing on the Objection with respect to Claim No. 3909 filed by Terremark Worldwide is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

8. The hearing on the Objection with respect to Claim No. 5326 filed by Barnes & Thornburg LLP is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

9. The hearing on the Objection with respect to Claim No. 5355 filed by Pangaia Partners, LLC is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

10. The hearing on the Objection with respect to Claim No. 5951 held by ASM Capital is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

11. The hearing on the Objection with respect to Claim No. 5980 filed by Telefonica Internacional, S.A.U. is continued to the hearing scheduled in these cases on April 2, 2012 at 10:00 a.m.

12. The hearing on the Objection with respect to Claim No. 6646 filed by Kelly Temporary Services LTD is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

13. The hearing on the Objection with respect to Claim No. 6820 filed by Jaco Electronics, Inc., Claim 392 filed by Coface North America Insurance Company, and Claim

7076 filed by Monarch Master Funding LTD is continued to the hearing scheduled in these cases on April 18, 2012 at 10:00 a.m.

14. The hearing on the Objection with respect to Claim No. 7222 filed by Xeta Technologies, Inc. is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

15. The hearing on the Objection with respect to Claim No. 7819 held by ASM Capital is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

16. The Objection is resolved by agreement with respect to Claim No. 1583 filed by Dell Marketing, L.P. as modified by agreement by and between the Debtors and Dell Marketing, L.P. Pursuant to such agreement, Claim No. 1583 is hereby allowed (i) as an administrative expense claim under 11 U.S.C. § 503(b)(9) in the amount of $11,684.54 and (ii) as a general unsecured claim in the amount of $75,404.89.

17. Except as provided in paragraphs 1 through 16 above, the Objection is **GRANTED** with respect to each of the claims identified in Exhibits A-E attached thereto.

18. Each of the No Liability Claims identified in Exhibit A to the Objection is hereby disallowed in full.

19. Each of the Reduce and Allow Claims identified in Exhibit B to the Objection is hereby reduced and allowed for the Modified Claim Amounts identified therein.

20. Each of the Redundant Claims identified in Exhibit C to the Objection is hereby disallowed in full.

21. Each of the Wrong Debtor Claims identified in Exhibit D to the Objection is hereby modified and allowed against the Identified Debtor as listed therein for the amount stated therein.

22. Each of the No-Basis 503(b)(9) Claims identified in Exhibit E to the Objection is hereby disallowed in full.

23. Unless included in other Exhibits to the Objection, each of the Remaining Liability Claims, Corresponding Remaining Claims and the Corresponding Non-503(b)(9) Claims identified on Exhibits B, C and E attached to the Objection, respectively, will be unaffected by this Order, and each claimant's right to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to such claims on any and all grounds, whether legal, factual, procedural, substantive or non-substantive.

24. This Order shall be deemed a separate order with respect to each of the claims identified in Exhibits A-E to the Objection. Any stay of this Order pending appeal by any claimant whose claim is subject to this Order shall only apply to the contested matter that involves such claimant, and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

25. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

26. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: March 8, 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE