IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
: 
*In re* : Chapter 11
: 
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: RE: D.I. 7185
:
------------------------------------------------------X

## ORDER AUTHORIZING THE CLAIMS AGENT TO REFLECT CERTAIN CLAIMS THAT HAVE BEEN SATISFIED AS PAID

Upon the motion dated February 7, 2012 [D.I. 7185] (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, to authorize the Claims Agent to reflect in the Claims Register that the Satisfied Obligations identified on Exhibit B attached thereto have been paid and are entitled to no voting rights or distribution from the Debtors or the Debtors' estates in these chapter 11 cases; and upon the Declaration of John J. Ray, III in Support of Debtors' Motion for Entry of an Order Authorizing the Claims Agent to Reflect Certain Claims that Have Been Satisfied as Paid, attached to the Motion as Exhibit C;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

**IT IS HEREBY ORDERED THAT:**

1. The hearing on the Objection with respect to Claim No. 2846 filed by JMock & Co., S.A. is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

2. The hearing on the Objection with respect to Claim No. 3909 filed by Terremark Worldwide is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

3. The hearing on the Objection with respect to Claim No. 5326 filed by Barnes & Thornburg LLP is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

4. The hearing on the Motion with respect to Claim No. 7819 held by ASM Capital is continued to the hearing scheduled in these cases on March 22, 2012 at 10:00 a.m.

5. Except as provided in paragraphs 1 through 4 above, the Motion is **GRANTED** with respect to each of the Satisfied Obligations identified in Exhibit B to the Motion.

6. The Debtors' rights to object to the Remaining Obligations listed in Exhibit B on any and all factual or legal grounds are preserved in all respects.

7. The Debtors and their Claims Agent, Epiq Bankruptcy Solutions, LLC, are hereby authorized to reflect in the Claims Register that each of the Satisfied Obligations identified on Exhibit B to the Motion has been paid and is not entitled to any voting right or any distribution from the Debtors or the Debtors' estates in these chapter 11 cases.

8. This Order shall be deemed a separate order with respect to each of the claims listed in Exhibit B to the Motion. Any stay of this Order pending appeals by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant, and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Motion or this Order.

9. Nothing in the Motion or this Order shall be deemed or construed: (a) as an admission by the Debtors as to the validity of any claim; (b) as a waiver of the Debtors' rights to dispute any claim; (c) to waive or release any right, claim, defense or counterclaim of the Debtors, including without limitation with respect to chapter 5 causes of action or to estop the Debtors from asserting any right, claim, defense or counterclaim; (d) as an approval or assumption of any agreement, contract or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission by the Debtors that any obligation is entitled to administrative expense priority or any related contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors, the Debtors' Claims Agent, and the Clerk of the Court may, in their discretion and without further delay, take any action and perform any act authorized by this Order.

12. This Order is without prejudice to the Debtors' right to object to any claim or interest filed in these cases.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 8, 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE