```
                    IN THE UNITED STATES BANKRUPTCY COURT
                        FOR THE DISTRICT OF DELAWARE

IN RE:                           )     Case No. 09-10138(KG)
                                 )
NORTEL NETWORKS, INC.,           )     Chapter 11
         et al.,                 )
                                 )     Jointly Administered
                                 )
                                 )     Courtroom 3
                                 )     824 Market Street
              Debtors.           )     Wilmington, Delaware
                                 )
                                 )     March 8, 2012
                                 )     10:00 a.m.

                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:            Morris, Nichols, Arsht & Tunnell
                            BY: DEREK ABBOTT, ESQ.
                            BY: ANN CORDO, ESQ.
                            1201 North Market Street
                            18th Floor
                            Wilmington, DE 19899-1347
                            (302) 351-9459

                            Cleary, Gottlieb, Steen & Hamilton
                            BY: JAMES BROMLEY, ESQ.
                            BY: JANE KIM, ESQ.
                            One Liberty Plaza
                            New York, NY 10006
                            (212) 225-2629

ECRO:                       GINGER MACE

Transcription Service:      DIAZ DATA SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)


For the Committee:          Akin Gump Strauss Hauer & Feld, LLP
                            BY: FRED S. HODARA, ESQ.
                            BY: BRAD KAHN, ESQ.
                            One Bryant Park
                            New York, NY 10036
                            (212) 872-1000

                            Richards Layton & Finger
                            BY: CHRIS SAMIS, ESQ.
                            One Rodney Square
                            920 North King Street
                            Wilmington, DE  19801
                            (302) 651-7531

For E&Y, Canadian           Allen & Overy, LLP
Monitor & Canadian          BY: DAN GUYDER, ESQ.
Debtors:                    1221 Avenue of the Americas
                            New York, NY 10020
                            (212) 610-7300

                            Buchanan Ingersoll & Rooney, PC
                            BY: MARY CALOWAY, ESQ.
                            1105 N. Market St., Ste. 1900
                            Wilmington, DE  19801-1054
                            (302) 552-4214

For Bondholder Group:       Milbank Tweed Hadley McCloy
                            BY: THOMAS KRELLER, ESQ.
                            601 S. Figueroa St., 30th. Fl.
                            Los Angeles, CA 90017
                            (213) 892-4463

For Joint                   Young Conaway Stargatt & Taylor
Administrators:             BY: JOHN DORSEY, ESQ.
                            Rodney Square
                            1000 North King Street
                            Wilmington, DE 19801
                            (302) 571-6703

For Deferred Comp Plan      Blank Rome
Beneficiaries:              BY: BONNIE FATELL, ESQ.
                            1201 Market Street, Suite 800
                            Wilmington, DE  19801
                            (302) 425-6400

APPEARANCES:
(Continued)

For Office of U.S. Trustee:    Office of U.S. Trustee
                               BY: BENJAMIN HACKMAN, ESQ.
                               844 King Street, Suite 2207
                               Wilmington, DE  19801
                               (302) 573-6491

TELEPHONIC APPEARANCES:

For Official Committee         Togul Segal & Segal, LLP
to the Retirees:               BY: NEIL BERGER, ESQ.
                               (212) 594-5000

For Barclay's Capital, Inc.:   Barclays Capital, Inc.
                               BY: OLIVIA MAURO
                               (212) 412-6773

For Nortel Network UK          Willkie Farr & Gallagher, LLP
Pension Plan:                  BY: SAMEER ADVANI
                               (212) 728-3593

For Dow Jones & Co.:           BY: PEG BRICKLEY, ESQ.
                               (215) 462-0953

For PSAM, LP.:                 BY: PHILIP BROWN, ESQ.
                               (212) 649-0506

For Soros Fund Management:     BY: COURTNEY CARSON, ESQ.
                               (302) 657-4900

For Bank of America:           BY: BYUNG S. PARK, ESQ.
                               (646) 855-9619

For USB Securities, LLC:       BY: DENNIS RUGGERE, ESQ.
                               (203) 719-7875

For CITI:                      BY: REBECCA SONG, ESQ.
                               (212) 569-9933

For CRT Capital Group:         BY: KEVIN STARKE, ESQ.
                               (203) 569-6421

For Robert Horne:              BERNSTEIN SHUR SAWYER & NELSON
                               BY: ROBERT J. KEACH, ESQ.
                               (207) 774-1200

For Frank Larosa:              BY: FRANK LAROSA

For Selinda Melnik:            BY: SELINDA MELNIK

1    WILMINGTON, DELAWARE, THURSDAY, MARCH 8, 2012, 10:00 A.M.

2                    THE CLERK:  Please rise.

3                    THE COURT:  Good morning, everyone.  Thank you

4    and please be seated.  Good to see you all.  Ms. Cordo, good

5    morning.

6                    MS. CORDO:  Good morning, Your Honor.  Annie

7    Cordo, Morris, Nichols, Arsht & Tunnell, on behalf of the

8    debtors.

9                    We actually have, I think, what's going to be a

10   pretty quick uncontested agenda for you this morning.

11                   THE COURT:  All right.

12                   MS. CORDO:  We have three matters.  I have three

13   revised orders.  If I may approach with cleans and black

14   lines of them?

15                   THE COURT:  Yes, Ms. Cordo, please.  Good to see

16   you.  Thank you.

17                   MS. CORDO:  Your Honor, I can walk you through

18   the changes.

19                   THE COURT:  All right.

20                   MS. CORDO:  The first item which is our Twenty-

21   First Omnibus Objection, the only changes that we had to

22   that order was just Paragraphs 1 through 3 reflect

23   continuances while we're still working with the claimants on

24   resolving those issues.  And all of the other claimants that

25   were attached to the objection, we're going forward on

1    those, and have been seeking to have those claims

2    reclassified.

3             THE COURT:  Good, all right.  Does anyone wish to

4    be heard with respect to this matter?

5                      (No audible response.)

6             THE COURT:  All right.  Hearing no one, I am

7    prepared to sign the order.

8             MS. CORDO:  All right.  Thank you, Your Honor.

9    Item No. 2 was our second Motion to Deem Certain Claims as

10   Being Satisfied as Paid.  There's very similar changes to

11   that order, Your Honor.  Just Paragraphs 1 through 4 are

12   continuances claims and we're working with the claimants to

13   resolve any informal and formal comments they've made to

14   that.

15            THE COURT:  All right  Anyone wish to be heard

16   with respect to this matter?

17                     (No audible response.)

18            THE COURT:  No one.  Then I will sign that order

19   as well, Ms. Cordo.

20            MS. CORDO:  Thank you, Your Honor.  And then the

21   last item that we have is our Twenty-Second Omnibus

22   Objection which was a substantive omnibus objection.  That

23   one's a little longer.  Paragraphs 1 through 15 are actually

24   claims that are continued and those are we're working with

25   the claimants for their formal and informal responses.  And

1    Paragraph 16, we've reached an agreement with Dell

2    Marketing.  We had objected to their unsecured portion of

3    their claim.  They came back and provided the debtors with

4    more invoices and detail to support another $11,000.  So

5    we've agreed with them that they would be entitled to a

6    general unsecured claim in the amount of $75,404.89, and an

7    administrative claim in the amount of $11,684.54.

8                    THE COURT:  Very well, okay.

9                    MS. CORDO:  Okay.

10                   THE COURT:  Again, anyone with respect to that

11   matter?

12                        (No audible response.)

13                   THE COURT:  Hearing no one, I will sign the

14   order.

15                   MS. CORDO:  Thank you, Your Honor.  And I think

16   that concludes the items that are on the agenda this

17   morning.

18                   THE COURT:  On the agenda.  Yes, I had indicated

19   that I would discuss -- I know Ms. Fatell had filed a Motion

20   to Shorten Time with respect to the Scheduling Order that I

21   had entered.  And I had indicated that I just wanted to make

22   some comments.  And I think my comments are this.

23                   To some -- you can come forward, Ms. Fatell, I'm

24   sorry.  I don't know what counsel for Nortel might say.

25   There's nothing that would prevent you from filing, you

1  know, your brief.

2          MS. FATELL:  Okay.

3          THE COURT:  If you're prepared to file an opening

4  brief, you may certainly do so.  But I'm not going to hold

5  argument until the discovery is completed.  So to the extent

6  that you file your brief, that would be your -- you know, if

7  you will, your shot at your Motion For Summary Judgment.

8          MS. FATELL:  Okay.

9          THE COURT:  But I just didn't want to see a

10 situation in which parties came back and indicated in their

11 answering brief, here's the discovery we need, or discovery

12 required supplementation of the briefing.  That to me would

13 have been sort of wasteful of everyone's time and effort.

14 So I'll -- I'm certainly not going to prevent you from

15 filing a brief.  I just want it clear that it won't be

16 argued until the discovery is completed until I -- until --

17 and then the opposing briefs would be due, I can't remember

18 if we have it at 30 days.  Was it 30 days, Ms. Kim?  Hi.

19          MR. ABBOTT:  Your Honor, I think it's typically

20 fourteen days, fourteen days -- or fourteen and seven on the

21 regular briefing schedule, but --

22          THE COURT:  But I think we had --  well no, we

23 had -- that's right.

24          MR. ABBOTT:   It was -- I don't remember what

25 this Scheduling Order -- but, Your Honor, I guess the real

1   question that I have --

2              THE COURT:  Yes.

3              MR. ABBOTT:  -- Derek Abbott for the debtors,

4   Your Honor, just to be clear.

5              THE COURT:  Yes.

6              MR. ABBOTT:  You know, if they filed an opening

7   brief and you weren't going to hear argument until

8   discovery, we've already indicated that we believe there's

9   going to be discovery and there are disputed facts, our

10  answering brief wouldn't logically be due until after

11  discovery as well.  And that's what I just want to make

12  sure --

13             THE COURT:  That's what I -- yes.

14             MR. ABBOTT:  -- I understand from Your Honor.

15             THE COURT:  That's the point.  That's the point I

16  wanted to make.  I don't know why you would file an opening

17  brief --

18             MS. FATELL:  Right.

19             THE COURT:  -- before discovery is completed.

20  But if that's what you choose to do, that would be your

21  opening brief.  And then there would be an answering brief.

22  And your reply would be limited to the answering brief.  In

23  other words, at that point --

24             MS. FATELL:  And that's at the conclusion of

25  discovery?

1           THE COURT:  Yes.

2           MS. FATELL:  Okay.

3           THE COURT:  Yes.  Or -- yes, that's right.

4           MS. FATELL:  My co-counsel, Mr. Keach, is on the

5  phone, Your Honor.

6           THE COURT:  All right.

7           MS. FATELL:  I'm not sure if he had wanted to

8  weigh in on or respond at all.

9           THE COURT:  Mr. Keach?

10          MR. KEACH:  Thank you, Your Honor.  Robert Keach

11  for the ad hoc committee.

12          Well, we certainly understand Your Honor's

13  concern.  I think our -- the point we tried to make in the

14  motion we filed, and the point that we tried to make earlier

15  is that we're not at all clear what discovery the debtors

16  could possibly want to obtain that would be relevant to what

17  we intend to file.  And one of the reasons that we thought

18  going through the normal Rule 56(b) process might be

19  illuminating to all of us is that that would actually reveal

20  what discovery they think they need.  Because based on the

21  issues we intend to raise, we can't conceive of any relevant

22  discovery in opposition.

23          So that was frankly, why we thought filing the

24  motion and requiring at least a statement by the debtors as

25  to what relevant discovery they thought was pertinent to the

1  motion would be the better procedure and might save us all

2  some time and money.  Because we don't think that there's

3  any discovery that hasn't yet been taken that's relevant to

4  the motion.  And that was the basis upon which we proceeded.

5       THE COURT:  Well then it may be that your opening

6  brief would be helpful in that regard.  Ms. Kim, did you

7  wish to be heard?

8       MS. KIM:  Yes, Your Honor, with all due respect

9  to Mr. Keach, I think the manner in which this was briefed

10 and the pleadings that were put in, only created additional

11 expenses and more filings, certainly on the part of the

12 debtors and the Court's time and resources.  We have

13 indicated to Mr. Keach and his colleagues that we are

14 prepared to begin as soon as they are ready to serve

15 discovery, our initial discovery requests on Mr. Keach and

16 his clients.  And I think those discovery requests make

17 clear where the areas in which we think discovery is needed

18 to be developed --

19       THE COURT:  Certainly.

20       MS. KIM:  -- in order to -- before Summary

21 Judgment is appropriate.  And certainly, we haven't had the

22 opportunity to speak about those areas with Mr. Keach or any

23 of his colleagues.  And I think that might be helpful.

24       But in any event, what I can say is, and I think

25 we made this -- we made these points in our objection to the

1   Motion to Shorten, but we think that there are legal and

2   factual bars that at least some of which require discovery

3   on our part against the plaintiffs to develop.  And that, I

4   can assure you that if motions -- if there is briefing on a

5   Motion for Summary Judgment prior to the end of discovery,

6   that it will -- we will have to file a brief that says --

7   that both deals with the merits, but also makes clear that

8   there are issues of discovery that require development.

9         And I think if Your Honor -- you know, given what

10  Your Honor is indicating, that if you are not going to be

11  hearing the Motion for Summary Judgment until after the

12  completion of discovery, that it would be worthwhile for us

13  then not to have to respond to a Motion for Summary Judgment

14  until after the end of discovery given that it -- at that

15  point, we will have developed discovery on those points and

16  then we won't need to make the argument that we would have

17  to make, if we had to respond prior to the end of discovery.

18        THE COURT:  Exactly.  So let me be -- and maybe I

19  haven't been crystal clear this morning, but I won't -- I

20  will not require an answering brief to be filed until the

21  conclusion of discovery.  You will file your answering brief

22  and then the opposition will file a reply brief.  And then

23  we will have oral argument.  So you will be free to proceed

24  with discovery.

25        MS. KIM:  Thank you, Your Honor.

1          MS. FATELL:  Thank you, Your Honor.  I appreciate

2    the clarification.

3          THE COURT:  All right, thank you, Ms. Fatell.

4          MR. KEACH:  Thank you, Your Honor.

5          THE COURT:  Yes.  Good morning.

6          MR. GUYDER:  Good morning, Your Honor.  Dan

7    Guyder from Allen & Overy on behalf of Ernest & Young, as

8    monitor for the Canadian estates.

9          THE COURT:  Yes.

10          MR. GUYDER:  I just want to add to what Ms. Kim

11    noted here in terms of the process and what's happening

12    here.  And to alert the Court to the posture of this

13    proceeding at this time.  The Court may be aware that there

14    are a number of individuals named as defendants.  Some of

15    those individuals include current and former directors of

16    the Canadian debtors.

17          THE COURT:  Yes.

18          MR. GUYDER:  It's our view, and I believe counsel

19    for those defendants agrees that the mere filing of the

20    complaint against those Canadian directors is a violation of

21    the expressed terms of the initial Order and this Court's

22    Recognition Order in the Chapter 15 case.  We sent a letter

23    to Mr. Keach in January to alert him to this fact.  And so

24    it's our view that the proceeding as to those defendants in

25    all respects is stayed unless and until the Courts identify

1   what kind of relief, if any, they would give to allow those

2   things to go forward against those Defendants.

3           THE COURT:  All right.

4           MR. GUYDER:  And just wanted to alert Your Honor

5   to that as Mr. Keach has not yet replied to our letter.  And

6   we may, in the very near term, come to Your Honor, for

7   further relief on that front.

8           THE COURT:  All right, Mr. Guyder, thank you.

9           MR. GUYDER:  Thank you, Your Honor.

10          MR. KEACH:  Your Honor, if I might comment on

11  that briefly?

12          THE COURT:  Yes.

13          MR. KEACH:  This is Robert Keach for the ad hoc

14  committee.

15          We did receive the letter.  And it's not quite

16  accurate to say we didn't respond to it.  We responded with

17  two fairly detailed emails.  And we also indicated we would

18  file a formal response.

19          It's, frankly, the view of the ad hoc committee

20  that there's no violation of the committee in the initial

21  Order as extended or this Court's Recognition Order has

22  occurred, particularly in light of specific representations

23  made by the monitor and debtors' counsel in Canada about

24  these claims.  And the fact that those orders have been

25  specifically modified by the claims compensation procedure

1    orders in Canada.

2            We have, however, not pressed the directors to

3    answer and nor do we intend to at the moment.  In addition

4    to the formal response to the monitor, and it's frankly not

5    clear to us why the monitor should be involved in this at

6    all, but in addition to the formal response we intend to

7    file by letter, we also do intend to file pleadings in the

8    Chapter 15 case, specifically directed to asking Your Honor

9    to look at the issue as to whether the Recognition Order

10   does, in fact, bar the suit against the directors.  And if

11   it does, whether or not we should be relieved from that

12   order.

13           So there will be further proceedings on that.  I

14   mean, obviously, the ad hac committee has a different view.

15   We were not unaware of the initial order or the argument

16   about the stay.  We just have a different viewpoint and that

17   may be something the Court has to address.  But we are not

18   going to press the directors to respond until Your Honor's

19   had a chance to look at that.

20           THE COURT:  Mr. Guyder, anything further?

21           MR. GUYDER:  Just that we obviously disagree and

22   reserve --

23           THE COURT:  Sure.

24           MR. GUYDER:  -- all rights, respectfully.

25           THE COURT:  Absolutely.

1          MR. GUYDER:  Thank you, Your Honor.

2          THE COURT:  Thank you.  Ms. Kim, did you wish to

3    be heard on this?

4          MS. KIM:  Yes.  And just to make one small point

5    which is that so long as there is an issue outstanding as to

6    the jurisdiction which Court ought to be hearing which parts

7    of which complaint, we're in a little bit of an awkward

8    position because, as Your Honor knows, your Scheduling Order

9    provides that we have to move answer, move, or otherwise

10   respond to the complaint by April 2.

11         THE COURT:  Right.

12         MS. KIM:  Which we are prepared to do.  But we

13   should -- it comes as no surprise, too, I think we've

14   already indicated as much to the plaintiffs, but that we are

15   planning to move to dismiss.  And the question that arises

16   from this issue is before which Court we are to be moving to

17   dismiss and what the posture of which -- the Court

18   jurisdiction is.  And so, therefore, we would put that

19   before the Court.  I don't know if the Court would prefer to

20   have that issue -- I think it probably makes sense to have

21   that issue resolved prior to briefing or considering any

22   pleadings before the Court.  But, you know, I would put that

23   before the Court for some guidance.

24         MR. KEACH:  Well, Your Honor, Robert Keach of the

25   ad hoc committee.  I mean, with respect to the claims

1    against the debtors here and with respect to the territory

2    of judgment, we would request the effect of the Rabbi Trust.

3            And this is precisely the same relief that was

4    brought to bear by the debtors filing their turnover and

5    compromise motion and our response.  They've already invoked

6    the Court's jurisdiction with respect to that dispute.  And

7    there's no question, I think, no serious question so that

8    this Court has jurisdiction to decide the matter that is

9    against the debtor and those funds.  Whether or not the

10   directors can be sued in the U.S. or must be sued on Canada

11   or can't be sued at all, is a separate and distinct issue

12   that shouldn't affect the timing of the case against the

13   debtors.

14           In fact, one of the things we're prepared to

15   discuss with the directors, who incidentally, are only named

16   in the context of alternative relief.  One of the things

17   we're prepared to discuss with the directors is either

18   staying that indefinitely, or for that matter, dismissing

19   against the directors without prejudice given the

20   alternative nature of the relief.

21           So there's really no reason whatsoever given that

22   the debtors have already invoked the Court's jurisdiction to

23   determine the rights in the Rabbi Trust that this Court not

24   would have jurisdiction over those elements of the

25   complaint.  The complaint was filed with the agreement of

1   the parties simply to make sure that this Court could enter

2   all appropriate relief on those issues and not just deny or

3   grant the turnover order.

4           So that, you know, I think the issue of

5   jurisdiction over the basic underlying claims is a gigantic

6   red herring, frankly.

7           THE COURT:  Ms. Kim?

8           MS. KIM:  The only thing I wanted to say is that

9   the -- I don't have the complaint with me, but my

10  recollection is that the Declaratory Judgment Claim is

11  against all defendants.  And so we are -- I don't want to

12  speak for Mr. Guyder, but I would think that the -- or the

13  Canadian director defendants, but I would think that they

14  would not want the merits of that claim to be litigated

15  without their being able to be involved in that litigation

16  to the extent that there is some sort of preclusionary

17  affect against them on the like.  So that was where our

18  concern started.  And the other claims that we would be

19  moving to dismiss against also are asserted against all

20  defendants.

21          So that's -- it's because of the posture of the

22  complaint that we have this concern.  Certainly, from the

23  debtors' perspective, we acknowledge that the Court has

24  jurisdiction over claims against the debtors.  But it's

25  because of the way that the complaint is drafted that we

1   have a little bit of a confusion in that area.

2           THE COURT:  Okay.  Mr. Guyder, I'm going to

3   assume that staying the matter is to your -- as to the

4   directors is not really sufficient for your purposes.

5           MR. GUYDER:  That's correct, Your Honor.

6           THE COURT:  And dismissal without prejudice

7   probably wouldn't be that helpful to you as well because of

8   the potential preclusive effect of any ruling.

9           MR. GUYDER:  I think that's right, but obviously

10  we would like to --

11          THE COURT:  Oh, I'm sorry, we have to have you on

12  the microphone.

13          MR. GUYDER:  Oh, sorry.  I think that's correct,

14  Your Honor.  I mean, obviously before we delve into the

15  substance of that, we'd like the opportunity to discuss it

16  with Canadian counsel --

17          THE COURT:  All right.

18          MR. GUYDER:  -- and others, but I think that's

19  generally correct.

20          THE COURT:  And then after you've discussed it,

21  depending on what the outcome is, it sounds like the issues

22  you've raised probably have to be resolved as a preliminary

23  matter.

24          MR. GUYDER:  I think that's correct.  And I

25  think, you know, we've as I said, we've given a letter to

1  Mr. Keach.

2            THE COURT:  Okay.

3            MR. GUYDER:  He's acknowledged that he was aware

4  of the orders at the time they filed the complaint.  And I

5  think that's something that, you know, ought to be taken up

6  in kind of a -- in the first instance.

7            THE COURT:  Yes, okay.

8            MR. KEACH:  Your Honor, I don't want to crowd

9  this day with too much, but obviously if we dismissed

10  without prejudice, it would be the same as it we had not

11  sued them, and they certainly couldn't complain if we have

12  not sued them.  Nor would they have the right to hold up the

13  -- for example, they didn't appear in the turnover dispute

14  would have had -- which probably would have had the same

15  conclusive effect on the directors, quad directors as if

16  they had been there.

17            THE COURT:  Well but I think the issue would be

18  at that point, could you have sued them here in --

19            MR. KEACH:  Well that issue -- if we dismissed

20  without prejudice, that issue is preserved for them.  In

21  other words, the issue of where we would have to sue them,

22  if we had to sue them, and whether we could sue them, if we

23  dismissed without prejudice, would be preserved as to the

24  directors. So I don't think that option, you know, leaves

25  them in any other posture than other than as if we hadn't

1  sued them at all.  And I certainly can't complain about

2  that.

3         What the directors can't do is have it both ways

4  which is say we can't sue them or that we have to only sue

5  them in Canada, but we can't proceed at all in the U.S.

6  because if they're not present in the U.S., then they might

7  be affected by the U.S. proceeding.

8         I mean, this case has been going on for a year

9  now, Your Honor.  Had they wanted to intervene in the

10  turnover case, they certainly could have, if they felt it

11  affected their rights as directors.  But it seems to me,

12  they can't possibly have it both ways which is, we have to

13  be sued somewhere so that we can protect our rights, but you

14  can't do it in the U.S.  You know, that I think has no legal

15  basis, much less be fair to the participants.

16         MR. GUYDER:  Yeah, to be clear, Your Honor --

17         MR. KEACH:  And again, they sat on their rights

18  for a year, knowing full well that this was being

19  adjudicated in the turnover case.

20         MR. GUYDER:  And, Your Honor, I don't think that

21  we're asking to have it both ways.  And again, I'm trying to

22  limit, you know, delving into the substance of this today.

23         THE COURT:  Until you've had your conversation,

24  sure.

25         MR. GUYDER:  Of course.  But I think really at

1    bottom, what we're looking for today is just acknowledgement

2    that the action should not have been brought against these

3    directors, in the first instance.  It's a clear violation of

4    the expressed terms of the initial Order and this Court's

5    Order recognizing that Order.  And so before we get into

6    whether or not we would be prejudiced and can we just

7    dismiss without prejudice, I think we ought to go back to

8    the initial issue here which is the ongoing violation of

9    those two parts on Court Orders.

10                 MR. KEACH:  Well, again, Your Honor --

11                 THE COURT:  Mr. Keach, Mr. Keach?

12                 MR. KEACH:  Yeah, I'm sorry, Your Honor.  Robert

13    Keach for the ad hoc committee.

14                 Again, we don't think there is a violation, much

15    less a clear one.  And frankly, if this were to run afoul of

16    the Order of Recognition, we think that would be a matter

17    against public policy under Chapter 15 and Your Honor would

18    have to provide relief from the Order.  But those are not

19    issues before the Court today.  And again, there may be ways

20    to resolve that short of having to get that deeply into it.

21                 THE COURT:  All right.  Well why don't I allow

22    you an opportunity to discuss the matter, both Mr. Keach and

23    Mr. Guyder.  And then you'll notify the Court, if you need a

24    resolution by me of any of those sort of --

25                 MR. GUYDER:  That sounds --

1              THE COURT:  -- what I call preliminary issues,

2    jurisdictional issues.

3              MR. GUYDER:  I think that sounds good, Your

4    Honor.

5              THE COURT:  All right.  All right.

6              MR. KEACH:  I think that's an appropriate course

7    of action, Your Honor, thank you.

8              THE COURT:  Okay.  Very well, thank you.  Thank

9    you, Mr. Guyder.  Anything else?

10             MR. ABBOTT:  Your Honor, I -- Derek Abbott for

11   the debtor.  That does conclude the agenda items.  We had

12   asked Your Honor, obviously --

13             THE COURT:  Yes, now I know --

14             MR. ABBOTT:  -- for a chambers conference.

15             THE COURT:  Exactly.

16             MR. ABBOTT:  And we're prepared to move into that

17   when Your Honor is.

18             THE COURT:  I'm ready in two minutes.  Do you

19   think there will be a need for us to go back on the record

20   after the conference?  It's not that kind -- okay, all

21   right.  Then we will stand in recess.  And I'll see you back

22   in chambers shortly, thank you.

23             MR. ABBOTT:  Thank you very much.

24        (Whereupon, at 10:25 a.m., the hearing was adjourned.)

25

1                           CERTIFICATION

2            I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter.

5

6

7    _____        9 March 2012
8    Traci L. Calaman, Transcriber                Date
9

| Word | Page:Line |
|---|---|
| a.m(3) 1:15 4:1 22:24 | |
| abbott(12) 1:24 7:19 7:24 8:3 8:3 8:6 8:14 22:10 22:10 22:14 22:16 22:23 | |
| able(1) 17:15 | |
| about(4) 10:22 13:23 14:16 20:1 | |
| aboveentitled (1) 23:4 | |
| absolutely(1) 17:15 | |
| accurate(1) 13:16 | |
| acknowledge(1) 17:23 | |
| acknowledged(1) 19:3 | |
| acknowledgement(1) 21:1 | |
| action(2) 21:2 22:7 | |
| actually(3) 4:9 5:23 9:19 | |
| add(1) 12:10 | |
| addition(2) 14:3 14:6 | |
| additional(1) 10:10 | |
| address(1) 14:17 | |
| adjourned(1) 22:24 | |
| adjudicated(1) 20:19 | |
| administered(1) 1:8 | |
| administrative(1) 6:7 | |
| administrators(1) 2:37 | |
| advani(1) 3:21 | |
| affect(2) 16:12 17:17 | |
| affected(2) 20:7 20:11 | |
| afoul(1) 21:15 | |
| after(5) 8:10 11:11 11:14 18:20 22:20 | |
| again(6) 6:10 20:17 20:21 21:10 21:14 21:19 | |
| against(15) 11:3 12:20 13:2 14:10 16:1 16:9 16:12 16:19 17:11 17:17 17:19 17:19 17:24 21:2 21:17 | |
| agenda(4) 4:10 6:16 6:18 22:11 | |
| agreed(1) 6:5 | |
| agreement(2) 6:1 16:25 | |
| agrees(1) 12:19 | |
| akin(1) 2:5 | |
| alert(3) 12:12 12:23 13:4 | |
| all(31) 4:4 4:11 4:19 4:24 5:3 5:6 5:8 5:15 9:6 9:8 9:15 9:19 10:1 10:8 12:3 12:25 13:3 13:8 14:6 14:24 16:11 17:2 17:11 17:19 18:17 20:1 20:5 21:21 22:5 22:5 22:20 | |
| allen(2) 2:19 12:7 | |
| allow(2) 13:1 21:21 | |
| already(4) 8:8 15:14 16:5 16:22 | |
| also(4) 11:7 13:17 14:7 17:19 | |
| alternative(2) 16:16 16:20 | |
| america(1) 3:33 | |
| americas(1) 2:21 | |
| amount(2) 6:6 6:7 | |
| and(102) 4:4 4:13 4:24 5:1 5:12 5:13 5:20 5:24 5:25 5:25 6:3 6:4 6:6 6:15 6:21 6:22 7:10 7:13 7:17 7:20 8:7 8:9 8:11 8:21 8:22 8:24 9:14 9:17 9:24 10:1 10:2 10:4 10:10 10:11 10:12 10:12 10:13 10:15 10:16 10:21 10:23 10:24 11:1 11:3 11:9 11:15 11:18 11:22 12:11 12:11 12:12 12:15 12:18 12:21 12:23 12:25 13:4 13:15 13:15 13:17 13:23 13:24 14:3 14:4 14:10 14:16 14:21 15:4 15:15 15:18 16:1 16:3 16:4 16:5 16:6 16:9 16:11 17:2 17:11 17:18 18:6 18:18 18:20 18:24 19:4 19:11 19:22 20:1 20:17 20:20 20:21 21:4 21:5 21:6 21:15 21:17 21:19 21:22 21:23 22:16 22:21 | |
| angeles(1) 2:34 | |
| ann(1) 1:25 | |
| annie(1) 4:6 | |
| another(1) 6:4 | |
| answer(2) 14:3 15:9 | |
| answering(6) 7:11 8:10 8:21 8:22 11:20 11:21 | |

| Word | Page:Line |
|---|---|
| any(10) 5:13 9:21 10:3 10:22 10:24 13:1 15:21 18:8 19:25 21:24 | |
| anyone(3) 5:3 5:15 6:10 | |
| anything(2) 14:20 22:9 | |
| appear(1) 19:13 | |
| appearances(1) 3:10 | |
| appreciate(1) 12:1 | |
| approach(1) 4:13 | |
| appropriate(3) 10:21 17:2 22:6 | |
| april(1) 15:10 | |
| are(21) 5:11 5:23 5:24 5:24 6:16 6:22 8:9 10:13 10:14 11:1 11:8 11:10 12:14 14:17 15:12 15:14 15:16 16:15 17:11 17:19 21:18 | |
| area(1) 18:1 | |
| areas(2) 10:17 10:22 | |
| argued(1) 7:16 | |
| argument(5) 7:5 8:7 11:16 11:23 14:15 | |
| arises(1) 15:15 | |
| arsht(2) 1:23 4:7 | |
| asked(1) 22:12 | |
| asking(2) 14:8 20:21 | |
| asserted(1) 17:19 | |
| assume(1) 18:3 | |
| assure(1) 11:4 | |
| attached(1) 4:25 | |
| audible(3) 5:5 5:17 6:12 | |
| avenue(1) 2:21 | |
| aware(2) 12:13 19:3 | |
| awkward(1) 15:7 | |
| back(5) 6:3 7:10 21:7 22:19 22:21 | |
| bank(1) 3:33 | |
| bankruptcy(2) 1:1 1:19 | |
| bar(1) 14:10 | |
| barclays(1) 3:16 | |
| barclay's(1) 3:16 | |
| bars(1) 11:2 | |
| based(1) 9:20 | |
| basic(1) 17:5 | |
| basis(2) 10:4 20:15 | |
| bear(1) 16:4 | |
| because(7) 9:20 10:2 15:8 17:21 17:25 18:7 20:6 | |
| been(8) 5:1 7:13 10:3 11:19 13:24 19:16 20:8 21:2 | |
| before(10) 1:18 8:19 10:20 15:16 15:19 15:22 15:23 18:14 21:5 21:19 | |
| begin(1) 10:14 | |
| behalf(2) 4:7 12:7 | |
| being(3) 5:10 17:15 20:18 | |
| believe(2) 8:8 12:18 | |
| beneficiaries(1) 2:44 | |
| benjamin(1) 3:5 | |
| berger(1) 3:13 | |
| bernstein(1) 3:45 | |
| better(1) 10:1 | |
| bit(2) 15:7 18:1 | |
| black(1) 4:13 | |
| blank(1) 2:43 | |
| bondholder(1) 2:31 | |
| bonnie(1) 2:44 | |
| both(5) 11:7 20:3 20:12 20:21 21:22 | |
| bottom(1) 21:1 | |
| brad(1) 2:7 | |
| brickley(1) 3:24 | |
| brief(16) 7:1 7:4 7:6 7:11 7:15 8:7 8:10 8:17 8:21 8:21 8:22 10:6 11:6 11:20 11:21 11:22 | |
| briefed(1) 10:9 | |
| briefing(4) 7:12 7:21 11:4 15:21 | |
| briefly(1) 13:11 | |
| briefs(1) 7:17 | |
| bromley(1) 1:32 | |
| brought(2) 16:4 21:2 | |

| Word | Page:Line |
|---|---|
| brown(1) 3:27 | |
| bryant(1) 2:8 | |
| buchanan(1) 2:25 | |
| but(28) 7:4 7:9 7:21 7:22 7:25 8:20 10:24 11:1 11:7 11:19 14:6 14:17 15:12 15:14 15:22 17:9 17:12 17:13 17:24 18:9 18:18 19:9 19:17 20:5 20:11 20:13 20:25 21:18 | |
| byung(1) 3:33 | |
| calaman(1) 3:19 | |
| call(1) 22:1 | |
| caloway(1) 2:26 | |
| came(2) 6:3 7:10 | |
| can(7) 4:17 6:23 10:24 11:4 16:10 20:13 21:6 | |
| can't(9) 7:17 9:21 16:11 20:1 20:3 20:4 20:5 20:12 20:14 | |
| canada(4) 13:23 14:1 16:10 20:5 | |
| canadian(7) 2:19 2:20 12:8 12:16 12:20 17:13 18:16 | |
| capital(3) 3:16 3:16 3:42 | |
| carson(1) 3:30 | |
| case(7) 1:4 12:22 14:8 16:12 20:8 20:10 20:19 | |
| certain(1) 5:9 | |
| certainly(10) 7:4 7:14 9:12 10:11 10:19 10:21 17:22 19:11 20:1 20:10 | |
| certification(1) 23:1 | |
| certify(1) 23:2 | |
| chambers(2) 22:14 22:22 | |
| chance(1) 14:19 | |
| changes(3) 4:18 4:21 5:10 | |
| chapter(4) 1:6 12:22 14:8 21:17 | |
| choose(1) 8:20 | |
| chris(1) 2:13 | |
| citi(1) 3:39 | |
| claim(5) 6:3 6:6 6:7 17:10 17:14 | |
| claimants(4) 4:23 4:24 5:12 5:25 | |
| claims(10) 5:1 5:9 5:12 5:24 13:24 13:25 15:25 17:5 17:18 17:24 | |
| clarification(1) 12:2 | |
| cleans(1) 4:13 | |
| clear(10) 7:15 8:4 9:15 10:17 11:7 11:19 14:5 20:16 21:3 21:15 | |
| cleary(1) 1:31 | |
| clerk(1) 4:2 | |
| clients(1) 10:16 | |
| co-counsel(1) 9:4 | |
| colleagues(2) 10:13 10:23 | |
| come(2) 6:23 13:6 | |
| comes(1) 15:13 | |
| comment(1) 13:10 | |
| comments(5) 5:13 6:22 6:22 | |
| committee(9) 2:5 3:12 9:11 13:14 13:19 13:20 14:14 15:25 21:13 | |
| comp(1) 2:43 | |
| compensation(1) 13:25 | |
| complain(2) 19:11 20:1 | |
| complaint(9) 12:20 15:7 15:10 16:25 16:25 17:9 17:22 17:25 19:4 | |
| completed(3) 7:5 7:16 8:19 | |
| completion(1) 11:12 | |
| compromise(1) 16:5 | |
| conaway(1) 2:36 | |
| conceive(1) 9:21 | |
| concern(3) 9:13 17:18 17:22 | |
| conclude(1) 22:11 | |
| concludes(1) 6:16 | |
| conclusion(2) 8:24 11:21 | |
| conclusive(1) 19:15 | |

| Word | Page:Line |
|---|---|
| conference(2) 22:14 22:20 | |
| confusion(1) 18:1 | |
| considering(1) 15:21 | |
| context(1) 16:16 | |
| continuances(4) 4:23 5:12 | |
| continued(3) 2:2 3:2 5:24 | |
| conversation(1) 20:23 | |
| cordo(13) 1:25 4:4 4:6 4:12 4:15 4:17 4:20 5:8 5:9 5:20 6:9 6:15 | |
| correct(5) 18:5 18:13 18:19 18:24 23:2 | |
| could(5) 9:16 17:1 19:18 19:22 20:10 | |
| couldn't(1) 19:11 | |
| counsel(4) 6:24 12:18 13:23 18:16 | |
| course(2) 20:25 22:6 | |
| court(75) 1:1 4:3 4:11 4:15 4:19 5:3 5:6 5:15 5:18 6:8 6:10 6:13 6:18 7:3 7:9 7:22 8:2 8:5 8:13 8:15 8:19 9:1 9:3 9:6 9:9 10:5 10:19 11:18 12:3 12:5 12:9 12:12 12:13 12:17 13:3 13:8 13:12 14:17 14:20 14:23 14:25 15:2 15:6 15:11 15:16 15:17 15:19 15:19 15:22 15:23 16:8 16:23 17:1 17:7 17:23 18:2 18:6 18:11 18:17 18:20 19:2 19:7 19:17 20:23 21:9 21:11 21:19 21:21 21:23 22:1 22:5 22:8 22:13 22:15 22:18 | |
| court's(6) 10:12 12:21 13:21 16:6 16:22 21:4 | |
| courtney(1) 3:30 | |
| courtroom(1) 1:10 | |
| courts(1) 12:25 | |
| created(1) 10:10 | |
| crowd(1) 19:8 | |
| crt(1) 3:42 | |
| crystal(1) 11:19 | |
| current(1) 12:15 | |
| dan(2) 2:20 12:6 | |
| data(1) 1:40 | |
| date(1) 23:8 | |
| day(1) 19:9 | |
| days(4) 7:18 7:18 7:20 7:20 | |
| deals(1) 11:7 | |
| debtor(2) 16:9 22:11 | |
| debtors(17) 1:12 1:22 2:21 4:8 6:3 8:3 9:15 9:24 10:12 12:16 13:23 16:1 16:4 16:13 16:22 17:23 17:24 | |
| decide(1) 16:8 | |
| declaratory(1) 17:10 | |
| deem(1) 5:9 | |
| deeply(1) 21:20 | |
| defendants(7) 12:14 12:19 12:24 13:2 17:11 17:13 17:20 | |
| deferred(1) 2:43 | |
| delaware(3) 1:2 1:12 4:1 | |
| dell(1) 6:1 | |
| delve(1) 18:14 | |
| delving(1) 20:22 | |
| dennis(1) 3:36 | |
| deny(1) 17:2 | |
| depending(1) 18:21 | |
| derek(3) 1:24 8:3 22:10 | |
| detail(1) 6:4 | |
| detailed(1) 13:17 | |
| determine(1) 16:23 | |
| develop(1) 11:3 | |
| developed(2) 10:18 11:15 | |
| development(1) 11:8 | |
| diaz(1) 1:40 | |
| did(3) 10:6 13:15 15:2 | |
| didn't(3) 7:9 13:16 19:13 | |
| different(2) 14:14 14:16 | |
| directed(1) 14:8 | |
| director(1) 17:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **directors**(16) 12:15 12:20 14:2 14:10 14:18 16:10 16:15 16:19 16:22 18:4 19:15 19:15 19:24 20:3 20:11 21:3 | | **for**(48) 1:2 1:23 2:5 2:19 2:31 2:36 2:43 3:4 3:12 3:16 3:20 3:24 3:27 3:30 3:33 3:36 3:39 3:42 3:45 3:49 3:51 4:10 5:25 6:24 7:7 8:3 9:11 11:5 11:11 11:12 11:13 12:8 12:19 13:6 13:13 15:23 16:18 17:12 18:4 19:13 19:20 20:8 20:18 21:1 21:13 22:10 22:14 22:19 | | **heard**(4) 5:4 5:15 10:7 15:3 | | **keach**(28) 3:46 9:4 9:9 9:10 9:10 10:13 10:15 10:22 12:4 12:23 13:5 13:10 13:13 13:13 15:24 15:24 19:1 19:19 20:17 21:11 21:11 21:11 21:12 21:13 21:22 22:6 |
| | | | | **hearing**(5) 5:6 6:13 11:11 15:6 22:24 | | |
| **disagree**(1) 14:21 | | | | **helpful**(3) 10:6 10:23 18:7 | | **kevin**(2) 1:18 3:42 |
| | | | | **here**(5) 12:21 12:12 16:1 19:18 21:8 | | **kim**(12) 1:33 7:18 10:6 10:8 10:20 11:25 12:10 15:2 15:4 15:12 17:7 17:8 |
| **discovery**(12) 7:5 7:11 7:11 7:16 8:8 8:9 8:11 8:19 8:25 9:15 9:20 9:22 9:25 10:3 10:15 10:15 10:16 10:17 11:2 11:5 11:8 11:12 11:14 11:15 11:17 11:21 11:24 | | **foregoing**(1) 23:2 | | **here's**(1) 7:11 | | |
| | | | | **herring**(1) 17:6 | | |
| | | **formal**(5) 5:13 5:25 13:18 14:4 14:6 | | **him**(1) 12:23 | | **kind**(3) 13:1 19:6 22:20 |
| | | **former**(1) 12:15 | | **his**(3) 10:13 10:16 10:23 | | **king**(3) 2:15 2:39 3:6 |
| **discuss**(5) 6:19 16:15 16:17 18:15 21:22 | | **forward**(3) 4:25 6:23 13:2 | | **hoc**(5) 9:11 13:13 13:19 15:25 21:13 | | **know**(16) 6:19 6:24 7:1 7:6 8:6 8:16 11:9 15:19 15:22 17:4 18:25 19:5 19:24 20:14 20:22 22:13 |
| **discussed**(1) 18:20 | | **fourteen**(3) 7:20 7:20 7:20 | | **hodara**(1) 2:6 | | |
| **dismiss**(4) 15:15 15:17 17:19 21:7 | | **frank**(2) 3:49 3:49 | | **hold**(2) 7:4 19:12 | | |
| **dismissal**(1) 18:6 | | **frankly**(5) 9:23 13:19 14:4 17:6 21:15 | | **honor**(41) 4:6 4:17 5:8 5:11 5:20 6:15 7:19 7:25 8:4 8:14 9:5 9:10 10:8 11:9 11:10 11:25 12:1 12:4 12:6 13:4 13:6 13:9 13:10 14:8 15:1 15:8 15:24 18:5 18:14 19:8 20:9 20:16 20:20 21:10 21:12 21:17 22:4 22:7 22:10 22:12 22:17 | | **knowing**(1) 20:18 |
| **dismissed**(3) 19:9 19:19 19:23 | | **fred**(1) 2:6 | | | | **knows**(1) 15:8 |
| **dismissing**(1) 16:18 | | **free**(1) 11:23 | | | | **kreller**(1) 2:32 |
| **dispute**(2) 16:6 19:13 | | **from**(9) 6:25 7:14 8:14 12:7 14:11 15:16 17:22 21:18 23:3 | | | | **larosa**(2) 3:49 3:49 |
| **disputed**(1) 8:9 | | | | | | **last**(1) 5:21 |
| **distinct**(1) 16:11 | | | | **honor's**(2) 9:12 14:18 | | **layton**(1) 2:12 |
| **district**(1) 1:2 | | **front**(1) 13:7 | | **honorable**(1) 1:18 | | **least**(2) 9:24 11:2 |
| **does**(4) 5:3 14:10 14:11 22:11 | | **full**(1) 20:18 | | **horne**(1) 3:45 | | **leaves**(1) 19:24 |
| **don't**(12) 6:24 7:24 8:16 10:2 15:19 17:9 17:11 19:8 19:24 20:20 21:14 21:21 | | **fund**(1) 3:30 | | **however**(1) 14:2 | | **legal**(2) 11:1 20:14 |
| | | **funds**(1) 16:9 | | **i'll**(2) 7:14 22:21 | | **less**(2) 20:15 21:15 |
| | | **further**(3) 13:7 14:13 14:20 | | **i'm**(9) 6:23 7:4 7:14 9:7 18:2 18:11 20:21 21:12 22:18 | | **let**(1) 11:18 |
| **dorsey**(1) 2:37 | | | | | | **letter**(5) 12:22 13:3 13:15 14:7 18:25 |
| **dow**(1) 3:24 | | **gallagher**(1) 3:20 | | | | **liberty**(1) 1:34 |
| **drafted**(1) 17:25 | | **general**(1) 6:6 | | **identify**(1) 12:25 | | **light**(1) 13:22 |
| **due**(3) 7:17 8:10 10:8 | | **generally**(1) 18:19 | | **illuminating**(1) 9:19 | | **like**(4) 17:17 18:10 18:15 18:21 |
| **ey.** (2) 2:19 | | **get**(2) 21:5 21:20 | | **inc**(3) 1:6 3:16 3:16 | | **limit**(1) 10:22 |
| **earlier**(1) 9:14 | | **gigantic**(1) 17:5 | | **incidentally**(1) 16:15 | | **limited**(1) 8:22 |
| **ecro**(1) 1:38 | | **ginger**(1) 1:38 | | **include**(1) 12:15 | | **lines**(1) 4:14 |
| **effect**(3) 16:2 18:8 19:15 | | **give**(1) 13:1 | | **indefinitely**(1) 16:18 | | **litigated**(1) 17:14 |
| **effort**(1) 7:13 | | **given**(11) 11:9 11:14 16:19 16:21 18:25 19:3 20:16 20:20 20:25 21:23 21:25 22:3 22:9 | | **indicated**(7) 6:18 6:21 7:10 8:8 10:13 13:17 15:14 | | **litigation**(1) 17:15 |
| **either**(1) 16:17 | | | | | | **little**(3) 5:23 15:7 18:1 |
| **electronic**(2) 1:47 23:3 | | | | | | **llc**(1) 3:36 |
| **elements**(1) 16:24 | | | | **indicating**(1) 11:10 | | **llp**(4) 2:5 2:19 3:12 3:20 |
| **else**(1) 22:9 | | **good**(9) 4:3 4:4 4:4 4:6 4:15 5:3 12:5 12:6 22:3 | | **individuals**(2) 12:14 12:15 | | **logically**(1) 8:10 |
| **emails**(1) 13:17 | | | | **informal**(2) 5:13 5:25 | | **long**(1) 15:5 |
| **end**(3) 11:5 11:14 11:17 | | | | **ingersoll**(1) 2:25 | | **longer**(1) 5:23 |
| **enter**(1) 17:1 | | **gottlieb**(1) 1:31 | | **initial**(6) 10:15 12:21 13:20 14:15 21:4 | | **look**(2) 14:9 14:19 |
| **entered**(1) 6:21 | | **grant**(1) 17:3 | | **instance**(2) 19:6 21:3 | | **looking**(1) 21:1 |
| **entitled**(1) 6:5 | | **gross**(1) 1:18 | | **intend**(5) 9:17 9:21 14:3 14:6 14:7 | | **los**(1) 2:34 |
| **ernest**(1) 12:7 | | **group**(2) 2:31 3:42 | | **intervene**(1) 20:9 | | **mace**(1) 1:38 |
| **esq**(22) 1:24 1:25 1:31 1:33 2:6 2:7 2:13 2:20 2:26 2:32 2:37 2:44 3:5 3:13 3:24 3:27 3:30 3:33 3:36 3:39 3:42 3:46 | | **guess**(1) 7:25 | | **into**(5) 18:14 20:22 21:5 21:20 22:16 | | **made**(4) 5:13 10:25 10:25 13:23 |
| | | **guidance**(1) 15:23 | | **invoices**(1) 6:4 | | **make**(10) 6:21 8:11 8:16 9:13 9:14 10:16 11:16 11:17 15:4 17:1 |
| | | **gump**(1) 2:5 | | **invoked**(2) 16:5 16:22 | | |
| | | **guyder**(27) 2:20 12:6 12:7 12:10 12:18 13:4 13:8 13:9 14:20 14:21 14:24 15:1 15:12 18:2 18:5 18:9 18:13 18:18 18:24 19:3 20:16 20:20 20:25 21:23 21:25 22:3 22:9 | | **involved**(2) 14:5 17:15 | | **makes**(2) 11:7 15:20 |
| **estates**(1) 12:8 | | | | **issue**(12) 14:9 15:5 15:6 15:20 15:21 16:11 17:4 19:17 19:19 19:19 19:21 21:8 | | **management**(1) 3:30 |
| **event**(1) 10:24 | | | | | | **manner**(1) 10:9 |
| **everyone**(1) 4:3 | | | | | | **march**(3) 1:14 4:1 23:7 |
| **everyone's**(1) 7:13 | | **hac**(1) 14:14 | | **issues**(8) 4:24 9:21 11:8 17:2 18:21 21:19 22:1 22:2 | | **market**(4) 1:11 1:26 2:27 2:45 |
| **exactly**(2) 11:18 22:15 | | **hackman**(1) 3:5 | | | | **marketing**(1) 6:2 |
| **example**(1) 19:13 | | **had**(20) 4:21 6:2 6:18 6:19 6:21 6:21 7:22 7:23 9:7 10:21 11:17 14:19 19:10 19:14 19:14 19:16 19:22 20:9 20:23 22:11 | | **it's**(10) 7:19 12:18 12:24 13:15 13:19 14:4 17:21 17:24 21:3 22:20 | | **mary**(1) 2:26 |
| **expenses**(1) 10:11 | | | | | | **matter**(10) 5:4 5:16 6:11 16:8 16:18 18:3 18:23 21:16 21:22 23:4 |
| **expressed**(2) 12:21 21:4 | | | | | | |
| **extended**(1) 13:21 | | | | **item**(3) 4:20 5:9 5:21 | | **matters**(1) 4:12 |
| **extent**(2) 7:5 17:16 | | **hadley**(1) 2:31 | | **items**(2) 6:16 22:11 | | **mauro**(1) 3:17 |
| **fact**(4) 12:23 13:24 14:10 16:14 | | **hadn't**(1) 19:25 | | **james**(1) 1:32 | | **may**(4) 4:13 7:4 10:5 12:13 13:6 14:17 21:19 |
| **facts**(1) 8:9 | | **hamilton**(1) 1:31 | | **january**(1) 12:23 | | |
| **factual**(1) 11:2 | | **happening**(1) 12:11 | | **john**(1) 2:37 | | |
| **fair**(1) 20:15 | | **harrisburg**(1) 1:42 | | **joint**(1) 2:36 | | **maybe**(1) 11:18 |
| **fairly**(1) 13:17 | | **has**(8) 13:5 13:21 14:14 14:17 16:8 17:23 20:8 20:14 | | **jointly**(1) 1:8 | | **mccloy**(1) 2:31 |
| **farr**(1) 3:20 | | | | **jones**(1) 3:24 | | **mean**(4) 14:14 15:25 18:14 20:8 |
| **fatell**(12) 2:44 6:19 6:23 7:2 7:8 8:18 8:24 9:2 9:4 9:7 12:1 12:3 | | | | **judge**(1) 1:19 | | **melnik**(3) 3:51 3:51 |
| | | **hasn't**(1) 10:3 | | **judgment**(7) 7:7 10:21 11:5 11:11 11:13 16:2 17:10 | | **mere**(1) 12:19 |
| **feld**(1) 2:5 | | **hauer**(1) 2:5 | | | | **merits**(2) 11:7 17:14 |
| **felt**(1) 20:10 | | **have**(43) 4:9 4:12 4:12 5:1 5:1 5:21 7:13 7:18 8:1 10:12 11:6 11:13 11:15 11:16 11:23 13:24 14:2 14:16 15:9 15:20 15:20 16:22 16:24 17:9 17:22 18:1 18:11 18:11 18:22 19:11 19:12 19:14 19:14 19:18 19:21 20:3 20:4 20:10 20:12 20:22 20:21 21:2 21:18 | | **june**(1) 1:33 | | **microphone**(1) 18:12 |
| **figueroa**(1) 2:33 | | | | | | **might**(6) 6:24 9:18 10:1 10:23 13:10 20:6 |
| **file**(10) 7:3 7:6 8:16 9:17 11:6 11:21 11:22 13:18 14:7 14:7 | | | | **jurisdiction**(8) 15:6 15:18 16:6 16:8 16:22 16:24 17:5 17:24 | | |
| | | | | | | **milbank**(1) 2:31 |
| **filed**(6) 6:19 8:6 9:14 11:20 16:25 19:4 | | | | | | **minutes**(1) 22:18 |
| **filing**(5) 6:25 7:15 9:23 12:19 16:4 | | | | **jurisdictional**(1) 22:2 | | **modified**(1) 13:25 |
| **filings**(1) 10:11 | | **haven't**(2) 10:21 11:19 | | **just**(15) 4:22 5:11 6:21 7:9 7:15 8:4 8:11 12:10 13:4 14:16 14:21 15:4 17:2 21:1 21:6 | | **moment**(1) 14:3 |
| **finger**(1) 2:12 | | **having**(1) 21:20 | | | | **money**(1) 10:12 |
| **first**(4) 4:20 4:21 19:6 21:3 | | **he's**(1) 19:3 | | | | **monitor**(5) 2:20 12:8 13:23 14:4 14:5 |
| **floor**(1) 1:27 | | **hear**(1) 8:7 | | **kahn**(1) 2:7 | | **more**(2) 6:4 10:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| morning(8) 4:3 4:5 4:6 4:10 6:17 11:19 12:5 12:6 | | overy(2) 2:19 12:7 | | real(1) 7:25 | | schedule(1) 7:21 | |
| morris(2) 1:23 4:7 | | paid(1) 5:10 | | really(3) 16:21 18:4 20:25 | | scheduling(3) 6:20 7:25 15:8 | |
| motion(12) 5:9 6:19 7:7 9:14 9:24 10:1 10:4 11:1 11:5 11:11 11:13 16:5 | | paragraph(1) 6:1 | | reason(1) 16:21 | | schuylkill(1) 1:41 | |
| | | paragraphs(3) 4:22 5:11 5:23 | | reasons(1) 9:17 | | seated(1) 4:4 | |
| motions(1) 11:4 | | park(2) 2:8 3:33 | | rebecca(1) 3:39 | | second(1) 5:9 | |
| move(4) 15:9 15:9 15:15 22:16 | | part(2) 10:11 11:3 | | receive(1) 13:15 | | securities(1) 3:36 | |
| moving(2) 15:16 17:19 | | participants(1) 13:22 | | recess(1) 22:21 | | see(4) 4:4 4:15 7:9 22:21 | |
| much(5) 15:14 19:9 20:15 21:14 22:23 | | particularly(1) 13:22 | | reclassified(1) 3:36 | | seeking(1) 5:1 | |
| must(1) 16:10 | | parties(2) 7:10 17:1 | | recognition(4) 12:22 13:21 14:9 21:16 | | seems(1) 20:11 | |
| named(2) 12:14 16:15 | | parts(2) 15:6 21:9 | | recognizing(1) 21:5 | | segal(2) 3:12 3:12 | |
| nature(1) 16:20 | | peg(1) 3:24 | | recollection(1) 17:10 | | selinda(2) 3:51 3:51 | |
| near(1) 13:6 | | pennsylvania(1) 1:42 | | record(1) 22:19 | | sense(1) 15:20 | |
| need(5) 7:11 9:20 11:16 21:23 22:19 | | pension(1) 3:21 | | recorded(1) 1:47 | | sent(1) 12:22 | |
| needed(1) 10:17 | | perspective(1) 17:23 | | recording(2) 1:47 23:3 | | separate(1) 16:11 | |
| neil(1) 3:13 | | pertinent(1) 9:25 | | red(1) 17:6 | | serious(1) 16:13 | |
| nelson(1) 3:45 | | philip(1) 3:27 | | reflect(1) 4:22 | | serve(1) 10:14 | |
| network(1) 3:20 | | phone(1) 9:5 | | regard(1) 10:6 | | service(2) 1:40 1:48 | |
| networks(1) 1:6 | | plaintiffs(2) 11:3 15:14 | | regular(1) 7:21 | | services(1) 1:40 | |
| new(3) 1:35 2:9 2:22 | | plan(2) 2:43 3:21 | | relevant(4) 9:16 9:21 9:25 10:3 | | seven(1) 7:20 | |
| nichols(2) 1:23 4:7 | | planning(1) 15:15 | | relief(7) 13:1 13:7 16:3 16:16 16:20 17:2 21:18 | | short(1) 21:20 | |
| normal(1) 9:18 | | plaza(1) 1:34 | | | | shorten(2) 6:20 11:1 | |
| nortel(3) 1:6 3:20 6:24 | | pleadings(1) 10:10 14:7 15:22 | | relieved(1) 14:11 | | shortly(1) 22:22 | |
| north(3) 1:26 2:15 2:39 | | please(4) 4:2 4:4 4:15 | | remember(2) 7:17 7:24 | | shot(1) 7:7 | |
| not(26) 7:4 7:14 9:7 9:15 11:10 11:13 11:20 13:5 13:15 14:3 14:2 14:4 14:11 14:15 14:17 16:9 16:23 17:2 17:14 18:4 19:10 19:12 20:6 21:2 21:6 21:18 22:20 | | point(8) 8:15 8:15 8:23 9:13 9:14 11:15 15:4 19:18 | | replied(1) 13:5 | | should(4) 14:5 14:11 15:13 21:2 | |
| | | points(2) 10:25 11:15 | | reply(2) 8:22 11:22 | | shouldn't(1) 16:12 | |
| | | policy(1) 21:17 | | representations(1) 13:22 | | shur(1) 3:45 | |
| noted(1) 12:11 | | portion(1) 6:2 | | request(1) 16:2 | | sign(3) 5:7 5:18 6:13 | |
| nothing(1) 6:25 | | position(1) 15:8 | | requests(2) 10:15 10:16 | | similar(1) 5:10 | |
| notify(1) 21:23 | | possibly(2) 9:16 20:12 | | require(3) 11:2 11:18 11:20 | | simply(1) 17:1 | |
| now(2) 20:9 22:13 | | posture(4) 12:12 15:17 17:21 19:25 | | required(1) 7:12 | | situation(1) 7:10 | |
| number(1) 12:14 | | potential(1) 18:8 | | requiring(1) 9:24 | | small(1) 15:4 | |
| objected(1) 6:2 | | ppearances(3) 1:21 2:1 3:1 | | reserve(1) 14:22 | | some(7) 6:22 6:23 10:2 11:2 12:14 15:23 17:16 | |
| objection(5) 4:21 4:25 5:22 5:22 10:25 | | precisely(1) 16:3 | | resolution(1) 21:24 | | | |
| obtain(1) 9:16 | | preclusionary(1) 17:16 | | resolve(2) 5:13 21:20 | | something(2) 14:17 19:5 | |
| obviously(6) 14:14 14:21 18:9 18:14 19:9 22:12 | | preclusive(1) 18:8 | | resolved(2) 15:21 18:22 | | somewhere(1) 20:13 | |
| | | prefer(1) 15:19 | | resolving(1) 4:24 | | song(1) 3:39 | |
| occurred(1) 13:22 | | prejudice(6) 16:19 18:6 19:10 19:20 19:23 21:7 | | resources(1) 10:12 | | soon(1) 10:14 | |
| office(2) 3:4 3:4 | | | | respect(8) 5:4 5:16 6:10 6:20 10:8 15:25 16:1 16:6 | | soros(1) 3:30 | |
| official(1) 3:12 | | prejudiced(1) 21:6 | | | | sorry(4) 6:24 18:11 18:13 21:12 | |
| okay(10) 6:8 6:9 7:2 7:8 9:2 18:2 19:2 19:7 22:8 22:20 | | preliminary(2) 18:22 22:1 | | respectfully(1) 14:24 | | sort(3) 7:13 17:16 21:24 | |
| olivia(1) 3:17 | | prepared(7) 5:7 7:3 10:14 15:12 16:14 16:17 22:16 | | respects(1) 12:25 | | sound(2) 1:47 23:3 | |
| omnibus(3) 4:21 5:21 5:22 | | | | respond(6) 9:8 11:13 11:17 13:16 14:18 15:10 | | sounds(3) 18:21 21:25 22:3 | |
| one(11) 1:34 2:8 2:14 5:6 5:18 6:13 9:17 15:4 16:14 16:16 21:15 | | present(1) 20:6 | | | | speak(2) 10:22 17:12 | |
| | | preserved(2) 19:20 19:23 | | responded(1) 13:16 | | specific(1) 13:22 | |
| one's(1) 5:23 | | press(1) 14:18 | | response(7) 5:5 5:17 6:12 13:18 14:4 14:6 16:5 | | specifically(2) 13:25 14:8 | |
| ongoing(1) 21:8 | | pressed(1) 14:2 | | | | square(2) 2:14 2:38 | |
| only(5) 4:21 10:10 16:15 17:8 20:4 | | pretty(1) 4:10 | | responses(1) 5:25 | | stand(1) 22:21 | |
| opening(5) 7:3 8:6 8:16 8:21 10:5 | | prevent(2) 6:25 7:14 | | retirees(1) 3:13 | | stargatt(1) 2:36 | |
| opportunity(1) 10:22 18:15 21:22 | | prior(3) 11:5 11:17 15:21 | | reveal(1) 9:19 | | starke(1) 3:42 | |
| opposing(1) 7:17 | | probably(4) 15:20 18:7 18:22 19:14 | | revised(1) 4:13 | | started(1) 17:18 | |
| opposition(2) 9:22 11:22 | | procedure(1) 10:1 13:25 | | richards(1) 2:12 | | statement(1) 9:24 | |
| option(1) 19:24 | | proceed(2) 11:23 20:5 | | right(21) 4:11 4:19 5:3 5:6 5:8 5:15 7:22 8:18 9:3 9:6 12:3 13:3 13:8 15:11 18:9 18:17 19:12 21:21 22:5 22:5 22:21 | | states(2) 1:1 1:19 | |
| oral(1) 11:23 | | proceeded(1) 10:4 | | | | stay(1) 14:16 | |
| order(22) 4:22 5:7 5:11 5:18 6:14 6:20 7:25 10:20 12:21 12:22 13:21 13:21 14:9 14:12 14:15 15:8 17:3 21:4 21:5 21:5 21:16 21:18 | | proceeding(3) 12:13 12:24 20:7 | | rights(5) 15:24 16:23 20:11 20:13 20:17 | | stayed(1) 12:25 | |
| | | proceedings(4) 1:17 1:47 14:13 23:4 | | rise(1) 4:2 | | staying(2) 16:18 18:3 | |
| | | process(2) 9:18 12:11 | | robert(2) 3:45 3:46 9:10 13:13 15:24 | | ste(1) 2:27 | |
| orders(5) 4:13 13:24 14:1 19:4 21:9 | | produced(1) 1:48 | | rodney(2) 2:14 2:38 | | steen(1) 1:31 | |
| other(6) 4:24 8:23 17:18 19:21 19:25 | | protect(1) 20:13 | | rome(1) 2:43 | | still(1) 4:23 | |
| others(1) 18:18 | | provide(1) 21:18 | | rooney(1) 2:25 | | strauss(1) 2:5 | |
| otherwise(1) 15:9 | | provided(1) 6:3 | | ruggere(1) 3:36 | | street(7) 1:11 1:26 1:41 2:15 2:39 2:45 | |
| ought(3) 15:6 19:5 21:7 | | provides(1) 15:9 | | rule(1) 9:18 | | substance(2) 18:15 20:22 | |
| our(14) 4:20 5:9 5:21 8:9 9:13 10:15 10:25 11:3 12:18 12:24 13:5 16:5 17:17 20:13 | | psam(1) 3:27 | | ruling(1) 18:8 | | substantive(1) 5:22 | |
| | | public(1) 21:17 | | run(1) 21:15 | | sue(5) 19:21 19:22 19:22 20:4 20:4 | |
| outcome(1) 18:21 | | purposes(1) 18:4 | | said(1) 18:25 | | sued(8) 16:10 16:10 16:11 19:11 19:12 19:18 20:1 20:13 | |
| outstanding(1) 15:5 | | put(3) 10:10 15:18 15:22 | | same(3) 16:3 19:10 19:14 | | | |
| over(3) 16:24 17:5 17:24 | | quad(1) 19:15 | | sameer(1) 3:21 | | sufficient(1) 18:4 | |
| | | question(4) 8:1 15:15 16:7 16:7 | | samis(1) 2:13 | | suit(1) 14:10 | |
| | | quick(1) 4:10 | | sat(1) 20:17 | | suite(2) 2:45 3:6 | |
| | | quite(1) 13:15 | | satisfied(1) 15:13 | | summary(5) 7:7 10:20 11:5 11:11 11:13 | |
| | | rabbi(2) 16:2 16:23 | | save(1) 10:1 | | supplementation(1) 7:12 | |
| | | raise(1) 9:21 | | sawyer(1) 3:45 | | support(1) 6:4 | |
| | | raised(1) 18:22 | | say(5) 6:24 10:24 13:16 17:8 20:4 | | sure(5) 8:12 9:7 14:23 17:1 20:24 | |
| | | reached(1) 6:1 | | says(1) 11:6 | | surprise(1) 15:13 | |
| | | ready(2) 10:14 22:18 | | | | taken(2) 10:3 19:5 | |
| | | | | | | taylor(1) 2:36 | |
| | | | | | | telephonic(1) 3:10 | |

# NORTEL NETWORKS, INC. 03.08.12 TLC.DOC

| Word | Page:Line |
|---|---|
| **term**(1) 13:6 | |
| **terms**(3) 12:11 12:21 21:4 | |
| **territory**(1) 16:1 | |
| **than**(2) 19:25 19:25 | |
| **thank**(19) 4:3 4:16 5:8 5:20 6:15 9:10 11:25 12:1 12:3 13:8 13:9 15:1 15:2 22:7 22:8 22:8 22:22 22:23 | |
| **that**(126) 4:21 4:22 4:24 4:5 5:11 5:14 5:18 5:21 5:22 5:24 6:5 6:10 6:16 6:16 6:19 6:20 6:21 6:25 7:6 7:6 7:12 7:15 8:1 8:8 8:20 8:23 9:14 9:15 9:16 9:17 9:19 9:19 9:23 10:2 10:3 10:4 10:5 10:6 10:10 10:13 10:23 11:1 11:4 11:6 11:6 11:6 11:7 11:7 11:8 11:10 11:12 11:14 11:14 11:16 12:13 12:19 12:24 13:5 13:7 13:11 13:20 13:24 14:11 14:13 14:16 14:19 14:21 15:5 15:9 15:14 15:15 15:18 15:20 15:21 15:22 16:3 16:6 16:7 16:8 16:12 16:18 16:18 16:21 16:23 17:1 17:4 17:8 17:10 17:12 17:13 17:14 17:17 17:16 17:17 17:18 17:22 17:25 17:25 18:1 18:3 18:7 18:15 19:3 19:5 19:18 19:19 19:20 19:24 20:2 20:4 20:13 20:14 20:18 20:20 21:2 21:5 21:16 21:20 21:20 21:25 22:3 22:11 22:16 22:20 23:2 | |
| **that's**(17) 7:23 8:11 8:13 8:15 8:15 8:20 8:24 9:3 10:3 17:21 18:5 18:9 18:13 18:18 18:24 19:5 22:6 | |
| **the**(284) 1:1 1:2 1:18 1:23 2:5 2:21 3:13 4:2 4:3 4:7 4:11 4:15 4:18 4:19 4:20 4:21 4:23 4:24 4:25 5:3 5:6 5:7 5:12 5:15 5:18 5:20 5:25 6:3 6:6 6:7 6:8 6:10 6:13 6:13 6:16 6:16 6:18 6:20 7:3 7:5 7:5 7:9 7:11 7:12 7:16 7:17 7:20 7:22 7:25 8:2 8:3 8:5 8:13 8:15 8:15 8:15 8:19 8:22 8:24 9:1 9:3 9:4 9:6 9:9 9:11 9:13 9:13 9:14 9:15 9:17 10:1 10:3 10:7 10:10 10:25 11:3 10:1 10:4 10:4 10:5 10:9 10:10 10:11 10:11 10:12 10:17 10:19 10:21 10:25 11:3 11:5 11:7 11:11 11:11 11:14 11:16 11:17 11:18 11:20 11:22 12:2 12:3 12:5 12:8 12:9 12:11 12:12 12:12 12:13 12:16 12:17 12:19 12:21 12:21 12:22 12:22 12:24 12:25 13:3 13:6 13:8 13:12 13:13 13:15 13:19 13:19 13:20 13:23 13:23 13:24 13:25 14:2 14:3 14:4 14:4 14:5 14:6 14:7 14:9 14:9 14:10 14:10 14:14 14:15 14:16 14:16 14:17 14:18 14:18 14:23 14:25 15:2 15:6 15:15 15:11 15:14 15:15 15:17 15:17 15:19 15:19 15:22 15:23 15:24 15:25 16:1 16:1 16:2 16:3 16:4 16:6 16:6 16:8 16:15 16:9 16:10 16:12 16:12 16:14 16:15 16:16 16:16 16:17 16:19 16:19 16:20 16:22 16:22 16:23 16:23 16:24 16:25 16:25 17:1 17:3 17:4 17:5 17:7 17:9 17:9 17:10 17:12 17:12 17:14 17:16 17:17 17:18 17:21 17:22 17:22 17:23 17:24 17:25 17:25 18:2 18:3 18:3 18:6 18:8 18:11 18:12 18:14 18:15 18:17 18:20 18:21 18:21 19:2 19:4 19:4 19:4 19:6 19:7 19:10 19:12 19:12 19:13 19:13 19:17 19:17 19:21 19:23 20:3 20:5 20:6 20:7 20:9 20:14 20:15 20:16 20:23 20:25 20:25 21:2 21:3 21:4 21:4 21:8 21:8 21:11 21:13 21:16 21:18 21:19 21:21 21:22 21:24 22:5 22:8 22:11 22:11 22:13 22:15 22:18 22:19 22:20 22:24 23:2 23:3 23:3 23:4 | |
| **their**(8) 5:25 6:2 6:3 7:10 16:4 17:15 20:11 20:17 | |
| **them**(14) 4:14 6:5 17:17 19:11 19:12 19:18 19:20 19:21 19:22 19:22 19:25 20:1 20:4 20:5 | |

| Word | Page:Line |
|---|---|
| **then**(13) 5:18 5:20 7:17 8:21 10:5 11:13 11:16 11:22 11:22 18:20 20:6 21:23 22:21 | |
| **there**(13) 8:9 8:21 11:1 11:4 11:8 12:13 14:13 15:5 17:16 19:16 21:14 21:19 22:19 | |
| **there's**(7) 5:10 6:25 8:8 10:2 13:20 16:7 16:21 | |
| **therefore**(1) 15:18 | |
| **these**(3) 10:25 13:24 21:2 | |
| **they**(6) 6:3 6:5 8:6 9:20 9:20 9:25 10:14 13:1 17:13 19:4 19:11 19:12 19:13 19:16 20:6 20:9 20:10 20:10 20:12 20:17 | |
| **they're**(1) 20:6 | |
| **they've**(2) 5:13 16:5 | |
| **thing**(1) 17:8 | |
| **things**(3) 13:2 16:14 16:16 | |
| **think**(38) 4:9 6:15 6:22 7:19 7:22 9:13 9:20 10:2 10:9 10:16 10:17 10:23 10:24 11:1 11:9 15:13 15:20 16:7 17:4 17:12 17:13 18:9 18:13 18:18 18:24 18:25 19:5 19:17 19:24 20:14 20:20 20:25 21:7 21:14 21:16 22:3 22:6 22:19 | |
| **this**(29) 4:10 5:4 5:16 6:16 6:22 7:25 10:9 10:25 11:19 12:12 12:13 12:21 12:23 13:13 13:21 14:5 15:3 15:16 16:3 16:8 16:23 17:1 17:22 19:9 20:8 20:18 20:22 21:4 21:15 | |
| **thomas**(1) 2:32 | |
| **those**(20) 4:24 5:1 5:1 5:24 10:16 10:22 11:15 12:15 12:19 12:20 12:24 13:1 13:2 13:24 16:9 16:24 17:2 21:9 21:18 21:24 | |
| **thought**(3) 9:17 9:23 9:25 | |
| **three**(2) 4:12 4:12 | |
| **through**(5) 4:17 4:22 5:11 5:23 9:18 | |
| **thursday**(1) 4:1 | |
| **time**(6) 6:20 7:13 10:2 10:12 12:13 19:4 | |
| **timing**(1) 16:12 | |
| **today**(3) 20:22 21:1 21:19 | |
| **togul**(1) 3:12 | |
| **too**(2) 15:13 19:9 | |
| **traci**(1) 23:8 | |
| **transcriber**(1) 23:8 | |
| **transcript**(3) 1:17 1:48 23:3 | |
| **transcription**(2) 1:40 1:48 | |
| **tried**(2) 9:13 9:14 | |
| **trust**(2) 16:2 16:23 | |
| **trustee**(2) 3:4 3:4 | |
| **trying**(1) 20:21 | |
| **tunnell**(2) 1:23 4:7 | |
| **turnover**(5) 16:4 17:3 19:13 20:10 20:19 | |
| **tweed**(1) 2:31 | |
| **twenty**(1) 4:20 | |
| **twenty-second**(1) 5:21 | |
| **two**(3) 13:17 21:9 22:18 | |
| **typically**(1) 7:19 | |
| **u.s**(7) 3:4 3:4 16:10 20:5 20:6 20:7 20:14 | |
| **unaware**(1) 14:15 | |
| **uncontested**(1) 4:10 | |
| **under**(1) 21:17 | |
| **underlying**(1) 17:5 | |
| **united**(2) 1:1 1:19 | |
| **unless**(1) 12:25 | |
| **unsecured**(2) 6:2 6:6 | |
| **until**(12) 7:5 7:16 7:16 7:16 8:7 8:10 11:11 11:14 11:20 12:25 14:18 20:23 | |
| **upon**(1) 10:4 | |
| **usb**(1) 3:36 | |
| **very**(5) 5:10 6:8 13:6 22:8 22:23 | |
| **view**(4) 12:18 12:24 13:19 14:14 | |
| **viewpoint**(1) 14:16 | |
| **violation**(5) 12:20 13:20 21:3 21:8 21:14 | |

| Word | Page:Line |
|---|---|
| **walk**(1) 4:17 | |
| **want**(8) 7:9 7:15 8:11 9:16 12:10 17:11 17:14 19:8 | |
| **wanted**(6) 6:21 8:16 9:7 13:4 17:8 20:9 | |
| **was**(15) 4:22 5:9 5:22 7:18 7:24 9:23 9:25 10:4 10:9 16:3 16:25 17:17 19:3 20:18 22:24 | |
| **wasteful**(1) 7:13 | |
| **way**(1) 17:25 | |
| **ways**(4) 20:3 20:12 20:21 21:19 | |
| **we'd**(1) 18:15 | |
| **we're**(11) 4:23 4:25 5:12 5:24 9:15 15:7 16:14 16:17 20:21 21:1 22:16 | |
| **we've**(6) 6:1 6:5 8:8 15:13 18:25 18:25 | |
| **weigh**(1) 9:8 | |
| **well**(14) 5:19 6:8 7:22 8:11 9:12 10:5 15:24 18:7 19:19 20:18 21:10 21:21 22:8 | |
| **were**(4) 4:25 10:10 14:15 21:15 | |
| **weren't**(1) 8:7 | |
| **what**(18) 6:24 7:24 8:11 8:13 8:20 9:15 9:16 9:20 9:25 10:24 11:9 12:10 13:1 15:17 18:21 20:3 21:1 22:1 | |
| **what's**(2) 4:9 12:11 | |
| **whatsoever**(1) 16:21 | |
| **when**(1) 22:17 | |
| **where**(3) 10:17 17:17 19:21 | |
| **whereupon**(1) 22:24 | |
| **whether**(5) 14:9 14:11 16:9 19:22 21:6 | |
| **which**(18) 4:20 5:22 7:10 10:4 10:9 10:17 11:2 15:5 15:6 15:6 15:7 15:12 15:16 15:17 19:14 20:4 20:12 21:8 | |
| **while**(1) 4:23 | |
| **who**(1) 16:15 | |
| **why**(4) 8:16 9:23 14:5 21:21 | |
| **will**(14) 5:18 6:13 7:7 11:6 11:6 11:15 11:20 11:21 11:22 11:23 11:23 14:13 22:19 22:21 | |
| **willkie**(1) 3:20 | |
| **wilmington**(8) 1:12 1:28 2:16 2:28 2:40 2:46 3:7 4:1 | |
| **wish**(4) 5:3 5:15 10:7 15:2 | |
| **with**(25) 4:13 4:23 5:4 5:12 5:16 5:24 6:1 6:3 6:5 6:10 6:20 10:8 10:22 11:7 11:24 13:16 15:25 16:1 16:6 16:15 16:17 16:25 17:9 18:16 19:9 | |
| **without**(7) 16:19 17:15 18:6 19:10 19:20 19:23 21:7 | |
| **won't**(3) 7:15 11:16 11:19 | |
| **words**(2) 8:23 19:21 | |
| **working**(3) 4:23 5:12 5:24 | |
| **worthwhile**(1) 11:12 | |
| **would**(38) 6:5 6:19 6:25 7:6 7:12 7:17 8:16 8:20 8:21 8:22 9:16 9:19 10:1 10:6 11:12 11:16 13:1 13:17 15:18 15:19 15:22 16:2 16:24 17:12 17:13 17:14 17:18 18:10 19:10 19:12 19:14 19:14 19:17 19:21 19:23 21:6 21:16 21:17 | |
| **wouldn't**(2) 8:10 18:7 | |
| **www.diazdata.com**(1) 1:44 | |
| **yeah**(2) 20:16 21:12 | |
| **year**(2) 20:8 20:18 | |
| **yes**(16) 4:15 6:18 8:2 8:5 8:13 9:1 9:3 9:3 10:8 12:5 12:9 12:17 13:12 15:4 19:7 22:13 | |
| **yet**(2) 10:3 13:5 | |
| **york**(3) 1:35 2:9 2:22 | |

| Word | Page:Line |
|---|---|
| **you**(57) 4:3 4:4 4:10 4:16 4:16 4:17 5:8 5:20 6:15 6:23 6:25 6:25 7:4 7:6 7:6 7:7 7:14 8:6 8:7 8:16 8:20 9:10 10:6 11:4 11:9 11:10 11:12 11:23 11:25 12:1 12:3 12:4 13:8 13:9 15:1 15:2 15:22 15:22 17:4 18:7 18:11 18:25 19:5 19:18 19:24 20:13 20:14 20:22 21:22 21:23 22:7 22:8 22:9 22:18 22:21 22:22 22:23 | |
| **you'll**(1) 21:23 | |
| **you're**(1) 7:3 | |
| **you've**(3) 18:20 18:22 20:23 | |
| **young**(2) 2:36 12:7 | |
| **your**(56) 4:6 4:17 5:8 5:11 5:20 6:15 7:1 8:22 9:5 9:10 9:12 10:5 10:8 11:9 11:10 11:21 11:25 12:1 12:4 12:6 13:3 13:6 13:9 13:10 14:8 14:18 15:1 15:8 15:18 15:24 18:3 18:4 18:5 18:14 19:8 20:9 20:16 20:20 20:23 21:10 21:12 21:17 22:3 22:7 22:10 22:12 22:17 | |