## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
In re                                             :          Chapter 11
:          Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                  :          Jointly Administered
:
Debtors        :          <u>**Objection Deadline**</u>: March 26, 2012 at 4:00 p.m. (ET)
:          <u>**Hearing Date**</u>: April 2, 2012 at 10:00 a.m. (ET)
-------------------------------------------------------X

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING AN AMENDMENT TO TERMS OF RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby files this application (the "<u>Application</u>") for an order, substantially in the form attached hereto as <u>Exhibit B</u>, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing an amendment to the terms of retention of Jefferies & Company, Inc. ("<u>Jefferies</u>") as investment banker to the Committee.   In support of its Application, the Committee states as follows:

## I.        PRELIMINARY STATEMENT

1.        In an effort to rationalize the costs of administering the Debtors' estates in what is now the fourth year of these chapter 11 cases, the Committee requests Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226)

approval of an amendment to the terms of Jefferies' retention to reduce the monthly fees charged

for services provided to the Committee. This modification will bring Jefferies' fee structure in

line with Jefferies' ongoing role in advising the Committee in these proceedings. Throughout

these cases, Jefferies has been a valuable member of the Committee's team of professionals,

assisting the Committee, as well as the Debtors' professionals, in realizing approximately $7.5

billion in sale proceeds through the disposition of Nortel's business units and intellectual

property portfolio. Jefferies will continue to be valuable to the acquittal of the Committee's

fiduciary duties in these cases, including in connection with the allocation of sale proceeds in the

impending mediation or, if necessary, any other forum.

## II.    JURISDICTION AND VENUE

2.       The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and

this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    BACKGROUND

3.       On January 14, 2009, each of the Debtors other than NN CALA[2] filed a voluntary

petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the District of Delaware (the "Court").

4.       The Debtors are operating their businesses and managing their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On

January 15, 2009, the Court entered an order for the joint administration of these cases pursuant

to Bankruptcy Rule 1015(b) for procedural purposes only.

5.       On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks

Corporation, together with Nortel Networks Limited ("NNL") and certain of their Canadian

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

RLF1 5904429v. 1

affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court" and, together with the Court, the "Courts") for a plan of compromise or arrangement under Canada's Companies' Creditors Arrangement Act. The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor.

6.     On January 14, 2009, the High Court of Justice in England placed 19 of the Debtors' European affiliates (collectively, the "EMEA Debtors" and, together with the Debtors and the Canadian Debtors, the "Nortel Debtors"), including Nortel Networks U.K. Limited ("NNUK"), into administration under the control of individuals from Ernst & Young LLC (the "Administrators").

7.     On January 22, 2009, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee. No trustee or examiner has been appointed in these chapter 11 cases.

*The Retention of Jefferies*

8.     On February 13, 2009, the Committee filed an application for an order authorizing it to retain Jefferies as its investment banker in connection with the above-captioned chapter 11 cases, effective as of February 1, 2009 [ECF No. 291] (the "Original Application").

9.     On March 5, 2009, the Court entered that certain Order Authorizing the Official Committee of Unsecured Creditors to Retain Jefferies & Company, Inc. as Investment Banker

3

Pursuant to 11 U.S.C. §§ 328(a) and 1103 and Bankruptcy Rule 2014(a) and Granting Waiver of

Compliance with Del. Bankr. LR 2016-2(d) in Accordance with Del. Bankr. LR 2016-2(h) [ECF

No. 425] (the "Original Retention Order"), which approved the retention of Jefferies as

investment banker to the Committee, effective as of February 1, 2009, pursuant to the terms of

the Jefferies engagement as set forth in that certain letter agreement dated February 1, 2009 (the

"Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit A.

    10.    The Committee and Jefferies originally anticipated that Jefferies would advise the

Committee in examining and analyzing proposed restructuring efforts, including limited sales or

other M&A transactions.    As the Nortel Debtors undertook a wholesale effort to divest

substantially all of their assets and business units, the Committee required a significantly greater

dedication of Jefferies' time and resources.    Additionally, as the Committee worked closely with

the Debtors on the various divestiture efforts, Jefferies worked closely with the Debtors'

investment banker, Lazard Freres & Co. LLC, to carefully manage these processes.    In fact, in

many instances, Jefferies took a leading role on several aspects of these processes given its in-

house capital markets expertise and industry expertise and contacts.    Accordingly, on January

14, 2010, the Committee filed an application for an order approving expansion of the scope of

Jefferies' services and an amendment to the terms of Jefferies' retention as its investment banker

[ECF No. 2276] (the "Expansion Application").

    11.    On February 26, 2010, the Court entered that certain Order Approving an

Expansion of Scope of Services and Amendment to Terms of Retention of Jefferies & Company,

Inc. as Investment Banker to the Official Committee of Unsecured Creditors [ECF No. 2564]

(the "Expansion Order"), which expanded Jefferies' role in these cases include additional

responsibilities in connection with sale processes that were not contemplated in the Original
Application.

*The Sale Processes*

12.    Pursuant to the Expansion Order, Jefferies dedicated significant time and
resources in an ongoing effort to maximize the recoveries for the Debtors' unsecured creditors.
Because of the strength of Jefferies' industry relationships and its capital markets expertise, the
Committee believes that Jefferies has been instrumental in driving value maximization of the
sale transactions in these cases.

13.    Specifically, as part of the extensive sale processes referenced above, the Nortel
Debtors have sold their businesses and assets, including:  (i) the sale of certain portions of their
Layer 4-7 data portfolio to Radware Ltd. [ECF No. 539]; (ii) the sale of substantially all of their
CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson")
[ECF No. 1205]; (iii) the sale of substantially all of the assets of the Enterprise Solutions
business globally, including the shares of Nortel Government Solutions Incorporated and
DiamondWare Ltd. to Avaya Inc. [ECF No. 1514]; (iv) the sale of the assets of their Wireless
Networks business associated with the development of Next Generation Packet Core network
components to Hitachi Ltd. [ECF No. 1760]; (v) the sale of substantially all the assets of their
Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks
business unit to Ciena Corporation [ECF No. 2070]; (vi) the sale of substantially all of their
GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [ECF No. 2065]; (vii) the sale of
certain assets of their Carrier Voice Over IP and Application Solutions business to GENBAND
US LLC [ECF No. 2632]; (viii) the sale of certain assets of the Debtors' Multi-Service Switch
business to Ericsson [ECF No. 4054]; (ix) the sale of the Nortel Debtors' intellectual property

5

portfolio to a consortium comprised of Apple, EMC, Ericsson, Microsoft, Research In Motion and Sony Corporation [ECF No. 5935]; and (x) certain other sale transactions (collectively, the "Sale Transactions").  The Sale Transactions have resulted in sale proceeds of approximately $7.5 billion to the Nortel estates (the "Sale Proceeds").

*Sale Proceeds Allocation*

14.    On April 25, 2011, the Debtors and the Committee filed the *Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief* (the "Allocation Procedures Motion") in both the Courts, pursuant to which the Debtors and the Committee asked the Courts to hold a joint trial to determine the allocation of Sale Proceeds amongst the Nortel Debtors.  On May 19, 2011, the Administrators, on behalf of the EMEA Debtors, filed an objection to the Allocation Procedures Motion and cross-motion to compel the Nortel Debtors to enter into binding arbitration to resolve the allocation dispute (the "EMEA Objection and Cross Motion").  A joint hearing of the U.S. and Canadian Courts on the Allocation Procedures Motion took place on June 7, 2011, following which the Courts reserved judgment.  On June 17, this Court filed an order directing further mediation (the "Allocation Mediation") of the allocation dispute pending the Courts' decisions on the Allocation Procedures Motion and the EMEA Objection and Cross Motion.  On June 29, 2011, this Court entered a supplemental order appointing the Honorable Warren K. Winkler, Chief Justice of Ontario, to serve as mediator.

15.    On June 3, 2011, the Administrators, on behalf of the EMEA Debtors, filed 38 intercompany claims against certain of the Debtors, asserting various causes of action under foreign law and U.S. state law including, among others, breaches of fiduciary duties, aiding and abetting breaches of fiduciary duties by NNL and the de jure directors of the relevant EMEA

RLF1 5904429v. 1

Debtors and breach of contract (the "EMEA Claims").  On July 15, 2011, the Debtors and the Committee filed a joint objection to the EMEA Claims filed by NNUK and, on July 22, 2011, the Debtors and the Committee filed joint objections to the EMEA Claims filed by Nortel Networks S.A. and Nortel Networks (Ireland) Limited (collectively, the "EMEA Claims Objections").  A hearing on the EMEA Claims Objections took place before this Court on October 14, 2011, and a decision regarding such objections has not yet been issued.  In accordance with an order of this Court dated August 3, 2011, the Allocation Mediation has been stayed pending issuance of a decision of this Court on the EMEA Claims Objections.

## IV.    RELIEF REQUESTED

16.    By this Application, the Committee requests that the Court enter an order pursuant to Bankruptcy Code sections 328 and 1103 approving certain modifications to the terms of Jefferies' retention approved in the Expansion Order, including the reduction in the monthly fees to be charged by Jefferies for services provided to the Committee.

## V.    MOTION

17.    Following the consummation of the Sale Transactions, Jefferies has played a more limited role in advising the Committee in these chapter 11 cases.  Nevertheless, the Committee believes that Jefferies' services as an investment banker remain necessary and appropriate to enable the Committee to evaluate the ongoing complex financial and economic issues raised by the Debtors' reorganization proceedings and to effectively fulfill its statutory duties.  Not only does Jefferies have global expertise in providing investment banking services to both debtors and creditors in restructurings and distressed situations, but Jefferies has accumulated extensive institutional knowledge regarding the Debtors and their chapter 11 cases. Specifically, the Committee believes that Jefferies will be integral to its efforts to maximize value for U.S.

RLF1 5904429v. 1

creditors in connection with the allocation of Sale Proceeds, as well as in connection with any

additional Sales Transactions that the Nortel Debtors may pursue.

18.     In recognition of the change in case dynamics and more limited role of Jefferies in

advising the Committee going forward, the Committee and Jefferies have agreed, subject to

Court approval, to make certain modifications to the terms of Jefferies' compensation structure

(the "Amended Fee Structure"). The proposed Amended Fee Structure is as follows:

(a)     Monthly Fee Amount:  Pursuant to the Expansion Order, Jefferies' monthly fee
        was reduced from $250,000 to $200,000 on and after February 1, 2010.  As
        modified, Jefferies' monthly fee will (i) be reduced to $50,000 per month for the
        period beginning on January 1, 2012 and concluding on March 31, 2012 (the
        "Initial Period"), and (ii) be $150,000 per month thereafter.

(b)     Crediting Mechanism: Pursuant to the Expansion Order, 50% of the monthly fees
        paid to Jefferies for services rendered on and after August 1, 2010 are credited
        against the transaction fee payable to Jefferies under the Engagement Letter.  As
        modified, (i) during the Initial Period, Jefferies' monthly fees will not be credited
        against the transaction fee payable to Jefferies under the Engagement letter and
        (ii) thereafter, 50% of the monthly fees paid to Jefferies for services rendered will
        be credited against the transaction fee payable to Jefferies under the Engagement
        Letter.

19.     Other than those modifications specifically identified above, the Committee is

seeking no further changes to the existing compensation structure in the Engagement Letter, as

amended by the Expansion Order.  Except as set forth in this Application, all other terms and

conditions set forth in the Engagement Letter and amended by the Expansion Order shall remain

the same pursuant to this Application, including any of the Debtors' indemnification and

contribution obligations to Jefferies and other indemnified parties.

## VI.      RESERVATION OF RIGHTS

20.     Should this Court determine not to approve this Application for any reason, then

the Engagement Letter, as amended by the Expansion Order, shall remain in full force and effect,

without interruption.  The Committee and Jefferies hereby reserve any and all of their rights to

RLF1 5904429v. 1

further amend, restate or terminate the Engagement Letter pursuant to such agreement's terms, and subject to any necessary Court approval.

## VII.    NOTICE

21.    Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  Notice of this Application and any order entered hereon will be served in accordance with Local Rule 9013.  In light of the nature of the relief requested herein, the Committee submits that no other further notice is necessary.

## VIII.    REQUEST FOR WAIVER OF LOCAL RULE 2016-2(d)

22.    As set forth in the Original Retention Application, the Committee requests that Jefferies continue to utilize and comply with the compensation procedures previously approved in these cases.  The Committee has been advised by Jefferies that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys.  Jefferies' restructuring professionals, however, do keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on each activity on a daily basis.  Jefferies will also supplement this information with a list of the non-restructuring professionals who assist the restructuring group on this matter, but who do not keep their records in the same manner.

23.    Additionally, Jefferies' restructuring personnel do not maintain their time records on a "project category" basis.  The Committee has been advised that to have Jefferies recreate the time entries for its restructuring personnel in such a manner would be unduly burdensome and time-consuming.  The Committee submits that the time descriptions that Jefferies' restructuring personnel will provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation.  Accordingly, the Committee

9

requests that Jefferies be authorized to continue to file fee applications, which set forth the foregoing categories of information, and that the information requirements imposed by Delaware Bankruptcy Local Rule 2016-2(d) continue to be waived accordingly.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, authorizing (i) the Committee's continued retention of Jefferies as its investment banker pursuant to the terms of the Engagement Letter as modified by this Application, (ii) the continued payment and reimbursement of Jefferies' fees and disbursements, subject to interim and final allowance pursuant to Sections 328(a), 331 and 1103 of the Bankruptcy Code or as otherwise ordered by the Court subject to the terms of the Engagement Letter as modified by this Application, (iii) the continued waiver of Local Rule 2016-2(d) as to Jefferies' fee applications to the extent requested herein and (iv) granting such other relief as may be just and proper.

Dated:   March 13, 2012
         Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

10

RLF1 5904429v. 1

Fred S. Hodara, Esq. (*pro hac vice*)
David H. Botter, Esq. (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Counsel to the Official Committee of Unsecured
Creditors of Nortel Networks Inc., *et al.*

RLF1 5904429v. 1