**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
                                                            :
                                                            :      Chapter 11
                                                            :
*In re*                                                     :
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :      Case No. 09-10138 (KG)
                                                            :
                               Debtors.                     :      (Jointly Administered)
                                                            :
------------------------------------------------------ X
                                                            :
Nortel Networks Inc. and Nortel Networks                    :      Adv. Proc. No. 10-55165 (KG)
(CALA) Inc. v. Beeline.com, Inc., *et al.*                  :
                                                            :
Nortel Networks Inc. v. Ian Martin Limited and              :      Adv. Pro. No. 10-55929 (KG)
Ian Martin Technology Staffing, Inc.                        :
                                                            :      **Hearing date: April 18, 2012 at 10:00am (ET)**
                                                            :      **Objections due: April 2, 2012 at 4pm (ET)**
                                                            :
-------------------------------------------------------X

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF**
**AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE**
**CLAIMS BY AND BETWEEN NORTEL NETWORKS INC. AND NORTEL**
**NETWORKS (CALA) INC. AND IAN MARTIN LIMITED AND IAN MARTIN INC.**
**(f/k/a IAN MARTIN TECHNOLOGY STAFFING, INC.)**

Nortel Networks Inc. ("NNI"), Nortel Networks (CALA) Inc. ("NN CALA"),  and

certain of their affiliates, as debtors and debtors in possession (collectively, the "Debtors"),

hereby move this Court (the "Motion") for the entry of an order substantially in the form

attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 547, and 550 of title 11 of the

---

[1] In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc., the Debtors in the Chapter 11
cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International
Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications
Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc.,
Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International
Inc., and Nortel Networks Cable Solutions Inc.  Additional information regarding the Debtors can be
found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the Debtors to enter into and approving a

stipulation (the "Stipulation") with Ian Martin Limited and Ian Martin Inc. (f/k/a Ian Martin

Technology Staffing, Inc.) (the "Ian Martin Defendants", and together with NNI and NN CALA,

the "Parties"), in the form attached hereto as **Exhibit B.**  If approved, the Stipulation will

resolve: (i) the Adversary Proceeding entitled Nortel Networks Inc. v. Ian Martin Limited and

Ian Martin Technology Staffing, Inc., Adv. Proc. No. 10-55929 (KG) (the "Ian Martin Adversary

Proceeding"); and (ii) the claims asserted against the Ian Martin Defendants in the Adversary

Proceeding entitled Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. Beeline.com,

Inc., et al., Adv. Pro. No. 10-55165 (KG) (the "Beeline Adversary Proceeding" and together with

the Ian Martin Adversary Proceeding, the "Adversary Proceedings").  In addition to authorizing

the Debtors to enter into and approving the Stipulation, on this Motion the Debtors request that

the Court (the "Court" or the "Bankruptcy Court") grant them such other and further relief as the

Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as

follows:

<u>**Jurisdiction**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502, 547,

and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

3.     On January 14, 2009 (the "NNI Petition Date"), the Debtors, other than NN

CALA,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which

cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [Main D.I.s 141, 142][3], and an ad hoc group of bondholders has been

organized (the "Bondholder Group").

5.     On the NNI Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada), seeking relief from their creditors and a Monitor, Ernst & Young

Inc., was appointed by the Canadian Court.  Also on the Petition Date, the High Court of

England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA

---

[2]  NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 (the "NN CALA Petition Date"), which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].

[3]  Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in the Ian Martin Adversary Proceeding (Adv. Pro. No. 10-55929) are in the form "Ian Martin Adv. D.I. __."  Citations herein to the docket in the Beeline Adversary Proceeding (Adv. Pro. No. 10-55165) are in the form "Beeline Adv. D.I. __."

[4]  The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Debtors")[5] into administration under the control of individuals from Ernst & Young LLP. Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.    Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### Relief Requested

7.    By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii) authorizing but not directing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation, and (iii) granting them such other and further relief as the Bankruptcy Court deems just and proper.

### Facts Relevant to this Motion

8.    Prior to the NNI Petition Date and the NN CALA Petition Date, NNI and NN CALA retained the Ian Martin Defendants to provide them with information technology staffing services.

9.    On or about April 29, 2009, the Ian Martin Defendants filed proof of claim number 1055 against NNI in the amount of $969,679.55 ("Claim #1055").

10.    On or about July 30, 2010, the Ian Martin Defendants transferred Claim #1055 to ASM Capital III, L.P. [Main D.I. 3749].

---

[5] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

11.      NNI's books and records indicate that within ninety (90) days prior to the NNI

Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit

of the Ian Martin Defendants in the aggregate amount of $1,347,391.07 (the "Ian Martin

Transfers").

12.      NNI and NN CALA's books and records indicate that within ninety (90) days

prior to the NNI Petition Date and the NN CALA Petition Date respectively, NNI and NN

CALA respectively made one or more transfers of an interest in their property to or for the

benefit of the Ian Martin Defendants through Beeline.com, Inc. ("Beeline"), in the aggregate

amount of $108,300.63 (the "Beeline Transfers" and together with the Ian Martin Transfers, the

"Subject Transfers").

13.      On December 6, 2010, NNI instituted the Ian Martin Adversary Proceeding by

filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the

"Ian Martin Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code

against the Ian Martin Defendants, in which it sought to avoid and recover the Ian Martin

Transfers (the "Ian Martin Avoidance Claim") [Ian Martin Adv. D.I. 1].

14.      On June 22, 2011, NNI and NN CALA filed an amended complaint (the

"Amended Beeline Complaint" and together with the Ian Martin Complaint, the "Complaints")

in the Beeline Adversary Proceeding in which they added the Ian Martin Defendants, among

others, as defendants pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code and

sought to avoid and recover the Beeline Transfers from, among others, the Ian Martin

Defendants (the "Beeline Avoidance Claim" and together with the Ian Martin Avoidance Claim,

the "Avoidance Claims") [Beeline Adv. D.I. 47].

5

15.     On February 14, 2011, the Ian Martin Defendants filed an Answer to the Ian Martin Complaint [Ian Martin Adv. D.I. 21] in the Ian Martin Adversary Proceeding, denying certain allegations and asserting various defenses.

16.     On September 29, 2011, the Ian Martin Defendants filed an Answer to the Amended Beeline Complaint [Beeline Adv. D.I. 79] in the Beeline Adversary Proceeding, denying certain allegations and asserting various defenses.

17.     On October 27, 2010, the  Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211].

18.     Since the Complaints and the Ian Martin Defendants' Answers to the Complaints were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claims, the Parties have agreed to settle the Avoidance Claims on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

19.     Pursuant to the Stipulation[6] and subject to the Bankruptcy Court's approval, NNI and NN CALA have agreed to settle the Avoidance Claims in exchange for a payment of $22,000.00 from the Ian Martin Defendants to NNI and NN CALA and a waiver of any and all claims arising under section 502(h) of the Bankruptcy Code (the "Settlement Consideration").

20.     In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, the Ian Martin Defendants have agreed, subject to the

---

[6]  In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

Bankruptcy Court's approval, to, *inter alia*, release NNI and NN CALA, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Ian Martin Defendants now have, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claims, the Adversary Proceedings, and any transaction described or referred to in either of the Complaints in the Adversary Proceedings, and any claim arising under section 502(h) of the Bankruptcy Code.  For the avoidance of doubt, the Ian Martin Defendants have not released any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and/or setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, arising from or related to Claim #1055.

21.    In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, NNI and NN CALA have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release the Ian Martin Defendants, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Ian Martin Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or

present, fixed or contingent, liquidated or unliquidated, that NNI and NN CALA now have, had,

may have had, or hereafter may have against any of the Ian Martin Releasees regarding the

Avoidance Claims, the Adversary Proceedings, and any transaction described or referred to in

either of the Complaints in the Adversary Proceedings.  For the avoidance of doubt, NNI and NN

CALA have not released, and expressly preserve, any and all applicable defenses and/or grounds

for objection to Claim #1055, and the Stipulation in no way affects NNI and NN CALA's ability

to object to Claim #1055 on any grounds.

### Basis for Relief

22.     The Debtors seek authorization for NNI and NN CALA to enter into the

Stipulation under sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy

Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any

order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §

105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and

after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr.

P. 9019.

23.     Citing this authority, the Third Circuit has emphasized that "[c]ompromises are

favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996)

(quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health

Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally

favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'(i)n administering

reorganization proceedings in an economical and practical manner it will often be wise to

arrange the settlement of claims as to which there are substantial and reasonable doubts.'"  In re

Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for

Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And

courts in this District have recognized that the approval of a proposed compromise and

settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram

Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

   24. Before approving a settlement under Bankruptcy Rule 9019, a court must

determine whether "the compromise is fair, reasonable, and in the interest of the estate."  In re

Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211

B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the

need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer

Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best

possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330.

Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below

the lowest point in a range of reasonableness."  Travelers Cas. & Sur. Co. v. Future Claimants

Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of

Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at

330.

   25. The Third Circuit has set out four criteria for a bankruptcy court to consider when

evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved,

and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest

of the creditors."  In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62

B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.),

283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

26.     The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation. While NNI and NN CALA are prepared to litigate the Avoidance Claims and believe that there is a reasonable possibility they would prevail in such litigation, NNI and NN CALA recognize that litigation of the Avoidance Claims carries with it inherent uncertainties and that there can be no assurance that such litigation would achieve a better result than the one set forth in the Stipulation.  Indeed, the Debtors believe that the Ian Martin Defendants have asserted ordinary course and new value defenses, pursuant to section 547 of the Bankruptcy Code, that would require extensive litigation to address, with no guarantee of success.  In light of those defenses, the Settlement Consideration represents a significant return for the Debtors' estates.

27.     Pursuant to the settlement reflected in the Stipulation, the Ian Martin Defendants have agreed to pay to NNI and NN CALA $22,000.00 and waive any and all claims arising under section 502(h) of the Bankruptcy Code.  This resolution fairly balances NNI and NN CALA's likelihood of success on the merits of the Avoidance Claims against its interest in avoiding the uncertainty of litigation.

28.     In addition, further litigation of the Avoidance Claims would result in the estate's expenditure of considerable additional legal fees.  These would include fees associated with formal discovery, motion practice, and potentially, two separate trials.  In the absence of a settlement, the estate would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution of these cases.

29.     Finally, the interests of the creditors weigh in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient

resolution of the Avoidance Claims and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claims were to be further litigated.

30.    In light of the foregoing, the Debtors respectfully seek authorization for NNI and NN CALA to enter into the Stipulation and approval of the Stipulation.

## Notice

31.    Notice of the Motion has been given via first class mail to (i) the Ian Martin Defendants; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

32.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 19, 2012
         Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
Nora K. Abularach (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Chad A. Fights*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Chad A. Fights (No. 5006)

11

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9200

*Counsel for the Debtors*
*and Debtors in Possession*