**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
*In re*  :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]  :
:
               Debtors.  : (Jointly Administered)
:
------------------------------------------------------------X
:
Nortel Networks Inc. and Nortel Networks  : Adv. Proc. No. 10-55165 (KG)
(CALA) Inc. v. Beeline.com, Inc., *et al.*  :
:
:
Nortel Networks Inc. v. Ian Martin Limited and  : Adv. Pro. No. 10-55929 (KG)
Ian Martin Technology Staffing, Inc.  :
:
:
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC. AND
IAN MARTIN LIMITED AND IAN MARTIN INC.
(f/k/a IAN MARTIN TECHNOLOGY STAFFING, INC.)**

This stipulation (the "Stipulation") is entered into by and between Plaintiffs

Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN CALA") ("Plaintiffs") as

two of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and

Ian Martin Limited and Ian Martin Inc. (f/k/a Ian Martin Technology Staffing, Inc.) (the "Ian

---

[1] In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

Martin Defendants", and together with Plaintiffs, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "NNI Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009 (the "NN CALA Petition Date")) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about April 29, 2009, the Ian Martin Defendants filed proof of claim number 1055 against NNI in the amount of $969,679.55 ("Claim #1055"); and

WHEREAS, on or about July 30, 2010, the Ian Martin Defendants transferred Claim #1055 to ASM Capital III, L.P. [Main D.I. 3749]; and

WHEREAS, Plaintiffs allege that within ninety (90) days prior to the NNI Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit of the Ian Martin Defendants in the aggregate amount of $1,347,391.07 (the "Ian Martin Transfers"); and

WHEREAS, Plaintiffs allege that within ninety (90) days prior to the NNI Petition Date and the NN CALA Petition Date respectively, NNI and NN CALA respectively made one or more transfers of an interest in their property to or for the benefit of the Ian Martin

2

Defendants through Beeline.com, Inc. ("Beeline") in the aggregate amount of $108,300.63 (the "Beeline Transfers", and together with the Ian Martin Transfers, the "Subject Transfers"); and

WHEREAS, on December 6, 2011, NNI instituted the above-captioned Adversary Proceeding entitled Nortel Networks Inc. v. Ian Martin Limited and Ian Martin Technology Staffing, Inc., Adv. Proc. No. 10-55929 (the "Ian Martin Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Ian Martin Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against the Ian Martin Defendants, in which it sought to avoid and recover the Ian Martin Transfers (the "Ian Martin Avoidance Claim") [Ian Martin Adv. D.I. 1][2]; and

WHEREAS, on June 22, 2011, Plaintiffs filed an amended complaint (the "Amended Beeline Complaint", together with the Ian Martin Complaint, the "Complaints") in the above-captioned Adversary Proceeding entitled Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. Beeline.com, Inc., et al., Adv. Pro. No. 10-55165 (the "Beeline Adversary Proceeding", together with the Ian Martin Adversary Proceeding, the "Adversary Proceedings"), in which they added the Ian Martin Defendants, among others, as defendants pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code and sought to avoid and recover the Beeline Transfers from, among others, the Ian Martin Defendants (the "Beeline Avoidance Claim", together with the Ian Martin Avoidance Claim, the "Avoidance Claims") [Beeline Adv. D.I. 47]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in the Ian Martin Adversary Proceeding (Adv. Pro. No. 10-55929) are in the form "Ian Martin Adv. D.I. __." Citations herein to the docket in the Beeline Adversary Proceeding (Adv. Pro. No. 10-55165) are in the form "Beeline Adv. D.I. __."

WHEREAS, on February 14, 2011, the Ian Martin Defendants filed an Answer to the Ian Martin Complaint [Ian Martin Adv. D.I. 21] in the Ian Martin Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on September 29, 2011, the Ian Martin Defendants filed an Answer to the Amended Beeline Complaint [Beeline Adv. D.I. 79] in the Beeline Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaints and the Ian Martin Defendants' Answers to the Complaints were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claims, have agreed to settle the Avoidance Claims on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. Resolution of the Avoidance Claims. Within five (5) business days after the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (as defined below) (the "Effective Date"), the Ian Martin Defendants shall pay to Plaintiffs the sum of $22,000.00 (the "Settlement Amount"), in full and final settlement and satisfaction of the Avoidance Claims, by (a) delivering

via traceable courier to Nortel Lockbox 2937 (Tel#302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "Settlement Payment"). The first date on which all of the following shall have occurred shall hereafter be referred to as the "Settlement Date": (i) Plaintiffs shall have received the Settlement Payment; (ii) the Settlement Payment clears; and (iii) the Settlement Payment is collected. The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken (i) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken or (ii) withdrawal with prejudice of such appeal.

    2.    Release of Plaintiffs. Effective upon the Settlement Date, the Ian Martin Defendants hereby release and forever discharge Plaintiffs, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Ian Martin Defendants now have,

5

had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claims, the Adversary Proceedings, and any transaction described or referred to in either of the Complaints in the Adversary Proceedings. For the avoidance of doubt, the Ian Martin Defendants release any and all claims arising under section 502(h) of the Bankruptcy Code. For the further avoidance of doubt, the Ian Martin Defendants do not release any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and/or setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, arising from or related to Claim #1055.

        3. <u>Release of the Ian Martin Defendants</u>. Effective upon the Settlement Date, Plaintiffs hereby release and forever discharge the Ian Martin Defendants, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Ian Martin Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had, or hereafter may have against any of the Ian Martin Releasees regarding the Avoidance Claims, the Adversary Proceedings, and any transaction described or referred to in either of the Complaints in the Adversary Proceedings. For the avoidance of doubt, Plaintiffs do not release, and expressly preserve, any and all applicable defenses and/or grounds for objection to Claim #1055, and this Stipulation shall in no way affect Plaintiffs' ability to object to Claim #1055 on any grounds.

4. Plaintiffs further covenant and agree not to pursue a judgment for the Beeline Transfers in any forum against Beeline and any other present or future defendant in the Beeline Adversary Proceeding in respect of the Subject Transfers.

5. <u>Dismissal of the Ian Martin Adversary Proceeding and the Ian Martin Defendants in the Beeline Adversary Proceeding</u>. Promptly following the Settlement Date, Plaintiffs will file with the Bankruptcy Court: (1) a stipulation of dismissal with prejudice of the Ian Martin Adversary Proceeding, and (2) a stipulation of dismissal with prejudice dismissing the Ian Martin Defendants in the Beeline Adversary Proceeding.

6. <u>Effectiveness</u>. Pursuant to the Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

7. <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

8. <u>Confidentiality</u>. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

9. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications,

7

understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

10. No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claims.

11. Costs and Expenses. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceedings, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

12. Representations and Warranties. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

13. Construction. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

14. Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

8

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: January 31, 2012

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Ian Martin Limited

By: _____
Name: R. SINGARATNAM
Title:

Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

Ian Martin Inc. f/k/a Ian Martin Technology Staffing, Inc.

By: _____
Name: R. SINGARATNAM
Title: CFO

9