IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: RE: D.I. 7183, 7354
:
-------------------------------------------------------X

**FIRST SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-SECOND
OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO
11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1
(NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, REDUNDANT
CLAIMS, WRONG DEBTOR CLAIMS AND NO-BASIS 503(b)(9) CLAIMS)**

Upon the Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7183] (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying or disallowing in full, as applicable, the claims identified in Exhibits A-E attached thereto; and upon the Declaration of John J. Ray, III in Support of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims), attached to the Objection as Exhibit F; and upon all other documentation filed in connection with the Objection and the claims, including, without limitation, Objection to Debtors Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims [D.I. 7268], filed by JMock & Co., S.A. (the "JMock Objection"); and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and upon entry of the Order Granting Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7354]; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**[3]:

1. The hearing on the Objection with respect to Claim No. 3909 filed by Terremark Worldwide is continued to the hearing scheduled in these cases on April 18, 2012 at 10:00 a.m.

---

[3] NTD: MNAT to provide updates and language for claims that they are handling on the 22nd Omnibus Objection for which CGSH is conflicted.

2. The hearing on the Objection with respect to Claim No. 5326 filed by Barnes & Thornburg LLP is continued to the hearing scheduled in these cases on April 18, 2012 at 10:00 a.m.

3. The hearing on the Objection with respect to Claim No. 6646 filed by Kelly Temporary Services LTD is continued to the hearing scheduled in these cases on August 22, 2012 at 10:00 a.m.

4. The hearing on the Objection with respect to Claim No. 7222 filed by Xeta Technologies, Inc. is continued to the hearing scheduled in these cases on April 18, 2012 at 10:00 a.m.

5. The hearing on the Objection with respect to Claim No. 7819 held by ASM Capital is continued to the hearing scheduled in these cases on April 18, 2012 at 10:00 a.m.

6. The hearing on the Objection with respect to Claim No. 5980 filed by Telefonica International, S.A.I. is continued to the hearing scheduled in these cases on April 2, 2012 at 10:00 a.m.

7. The hearing on the Objection with respect to Claim No. 6820 filed by Jaco Electronics, Inc., Claim 392 filed by Coface North America Insurance Company, and Claim 7076 filed by Monarch Master Funding LTD is continued to the hearing scheduled in these cases on April 18, 2012 at 10:00 a.m.

8. The Objection with respect to Claim No. 504 filed by Long Island Lighting Company d/b/a LIPA is hereby **WTHDRAWN** without prejudice. Response of Long Island Lighting Company, d/b/a LIPA, in Opposition to the Debtor's Twenty-Second Omnibus Objection to Certain Proofs of Claim [D.I. 7246] is hereby **WITHDRAWN** without prejudice.

3

9. The Objection is **GRANTED** with respect to Claim No. 1472 held by United States Debt Recovery V, L.P., Claim No. 1472.01 held by United States Debt Recovery IIa, LLC and Claim No. 1472.03 held by United States Debt Recovery VIII, L.P. as modified pursuant to the Stipulation Resolving Claims by and among Nortel Networks Inc. and United States Debt Recovery IIa, LLC, United States Debt Recovery V, L.P., and United States Debt Recovery VIII, L.P. attached hereto as **Exhibit 1**.

10. The Objection is **GRANTED** with respect to Claim No. 2846 filed by JMock & Co., S.A. The JMock Objection is hereby **DENIED** with prejudice. Claim No. 2846 is hereby reduced and allowed as a general unsecured claim in the amount of $28,957.25 against Nortel Networks (CALA) Inc. as identified in Exhibits B and D to the Objection.

11. The Objection is **GRANTED** with respect to Claim No. 5355 filed by Pangaia Partners LLC ("Pangaia") as modified by agreement by and between the Debtors and Pangaia. Pursuant to such agreement, Claim No. 5355 is hereby allowed as a general unsecured claim in the amount of $102,688.00 against Nortel Networks Inc.

12. The Objection is **GRANTED** with respect to Claim No. 5951 held by ASM Capital. Claim No. 5951 is hereby disallowed in full.

13. This Order shall be deemed a separate order with respect to each of the claims identified herein. Any stay of this Order pending appeal by any claimant whose claim is subject to this Order shall only apply to the contested matter that involves such claimant, and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4

5

14. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

15. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: March 22, 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

5821088.1

5