## Exhibit 1

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
               :
*In re*               :   Chapter 11
               :
Nortel Networks Inc., *et al.*,[1]     :   Case No. 09-10138 (KG)
               :
       Debtors.    :   Jointly Administered
               :
-----------------------------------------------------------X

### STIPULATION RESOLVING CLAIMS BY AND AMONG NORTEL NETWORKS INC. AND UNITED STATES DEBT RECOVERY IIA, LLC, UNITED STATES DEBT RECOVERY V, L.P., AND UNITED STATES DEBT RECOVERY VIII, L.P.

This stipulation (the "Stipulation") is entered into by and among Nortel Networks Inc. (the "Nortel Debtor") and United States Debt Recovery IIa, LLC, United States Debt Recovery V, L.P., and United States Debt Recovery VIII, L.P. (the "Claimants", and together with the Nortel Debtor, the "Parties") as transferees from Glow Networks, Inc. ("Glow Networks"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about July 6, 2009, Glow Networks filed proof of claim number 1472 in the amount of $3,524,461.63 ("Claim No. 1472"); and

WHEREAS, on or about April 26, 2010, Glow Networks transferred Claim No. 1472 to GN Claim Sub, LLC ("GN Claim Sub") pursuant to the terms and conditions set forth in that certain Assignment of Claim agreement by and between Glow Networks and GN Claim Sub (the "Glow Transfer Agreement"); and

WHEREAS, on or about April 27, 2010, GN Claim Sub filed a Notice of Transfer/Assignment of Claim [D.I. 2922]; and

WHEREAS, on or about December 3, 2010, GN Claim Sub transferred Claim No. 1472 to United States Debt Recovery V, L.P. pursuant to the terms and conditions set forth in that certain Transfer of Claim agreement by and between GN Claim Sub and United States Debt Recovery V, L.P. [D.I. 4466] (the "GN Claim Sub Transfer Agreement"); and

WHEREAS, on or about December 13, 2010, United States Debt Recovery V, L.P. transferred 5.81 per cent of Claim No. 1472 to United States Debt Recovery IIa, LLC ("Claim No. 1472.01") pursuant to the terms and conditions set forth in that certain Transfer of Claim agreement by and between United States Debt Recovery V, L.P. and United States Debt Recovery IIa, LLC [D.I. 4588] (the "First U.S. Debt Recovery Transfer Agreement"); and

2

WHEREAS, on or about December 13, 2010, United States Debt Recovery V, L.P. transferred 8.02 per cent of Claim No. 1472 to United States Debt Recovery VIII, L.P. ("Claim No. 1472.03", and together with Claim No. 1472 and Claim No. 1472.01, the "Claims") pursuant to the terms and conditions set forth in that certain Transfer of Claim agreement by and between United States Debt Recovery V, L.P. and United States Debt Recovery VIII, L.P. [D.I. 4589] (the "Second U.S. Debt Recovery Transfer Agreement", and together with the First U.S. Debt Recovery Transfer Agreement, the GN Claim Sub Transfer Agreement and the Glow Transfer Agreement, the "Transfer Agreements"); and

WHEREAS, on or about February 7, 2012, the Nortel Debtor filed in the Bankruptcy Court the Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7183] (the "Objection"), in which the Nortel Debtor objected to the Claims on the bases that Claim No. 1472, as originally filed by Glow Networks, contained invoices that appear to relate to transactions with an affiliate which is not a Debtor in these chapter 11 cases; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims and the Objection, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that Claim No. 1472 should be allowed as a general unsecured claim in the amount of $3,020,440.87; Claim No. 1472.01 should be

3

allowed as a general unsecured claim in the amount of $203,652.79; and Claim No.
1472.03 should be allowed as a general unsecured claim in the amount of $281,117.97;

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claims. Effective upon the entry of an order by the Bankruptcy
Court approving this Stipulation:

(a) Claim No. 1472 shall be an allowed general unsecured claim by United States
Debt Recovery V, L.P. against the Nortel Debtor in the amount of $3,020,440.87; Claim
No. 1472.01 shall be an allowed general unsecured claim by United States Debt
Recovery IIa, LLC against the Nortel Debtor in the amount of $203,652.79; and Claim
No. 1472.03 shall be an allowed general unsecured claim by United States Debt
Recovery VIII, L.P. against the Nortel Debtor in the amount of $281,117.97.

(b) The allowance of the Claims as described in paragraph 1(a) shall be granted
in full satisfaction of any and all claims that have been or could have been asserted in the
Claims and shall amend and supersede any and all claim amounts the Debtors list on their
schedules filed with the Bankruptcy Court arising from or related to the facts underlying
the Claims.

2. Release. Effective upon the entry of an order by the Bankruptcy Court approving
this Stipulation:

(a) Claimants release and forever discharge the Debtors and their respective
current and former affiliates, subsidiaries, shareholders, directors, officers, employees,
agents, attorneys, and their personal representatives, successors and assigns, from any
and all liability from any claims, defenses, demands, liabilities and obligations, damages,
actions, causes of action, setoffs, recoupments, costs and expenses (including, without

4

limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimants now have or hereafter may have arising from or related to the Claims.

(b) **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

1. <u>No Further Claims</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimants shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim arising from or relating to the Claims, or the facts underlying the Claims, against any of the Debtors in the Debtors' chapter 11 cases. Claimants still hold various claims against the Debtors unrelated to the Claims addressed herein and based on separate facts and separate debtor-creditor relationships, and such claims shall be unaffected by this Stipulation.

2. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including CRT Special Investments LLC and any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

3. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

4.  <u>No Transfer to a Third Party</u>.  Claimants represent that they have not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party, including Glow Networks and GN Claim Sub except that United States Debt Recovery IIa, has sold, assigned and transferred its interest in Claim No. 1472.01 to CRT Special Investments LLC, for which a notice of transfer was filed with the Court on or about March 1, 2012 [D.I. 7319], who consents to and agrees to be bound by all terms and conditions of this Stipulation.

5.  <u>No Transfer to Glow Networks and GN Claim Sub</u>.  Claimants agree that they shall not sell, assign or otherwise transfer the Claims to Glow Networks or GN Claim Sub, in part or as a whole, either pursuant to the terms and conditions of any of the Transfer Agreements or otherwise.

6.  <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

7.  <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

8.  <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

9.  <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

10. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and the Objection and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

11. <u>Claims Register</u>.  The Debtors, the Debtors claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[Remainder of Page Left Intentionally Blank]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties

have executed this Stipulation.

Dated: March ___, 2012

Nortel Networks Inc.

By:_____

Name: John J. Ray III

Title:   Principal Officer

United States Debt Recovery V, L.P.
United States Debt Recovery IIa, LLC
United States Debt Recovery VIII, L.P.

By:_____

Name:  Nathan E. Jones

Title:   Managing Director

Acknowledged and Agreed to in its Entirety by:

CRT Special Investments LLC

By:_____
Name:
Title

8

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: March 16, 2012

Nortel Networks Inc.

By:_____
Name:  John J. Ray, III
Title:  Principal Officer

United States Debt Recovery V, L.P.
United States Debt Recovery IIa, LLC
United States Debt Recovery VIII, L.P.

By:_____
Name:  Nathan E. Jones
Title:   Managing Director

Acknowledged and Agreed to in its Entirety by:

CRT Special Investments LLC

By:_____
Name:
Title

8

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: March ___, 2012

|  |  |
|---|---|
| | United States Debt Recovery V, L.P. |
| | United States Debt Recovery IIa, LLC |
| Nortel Networks Inc. | United States Debt Recovery VIII, L.P. |

By:_____          By:_____
  Name:  John J. Ray, III              Name:  Nathan E. Jones
  Title:    Principal Officer            Title:    Managing Director

Acknowledged and Agreed to in its Entirety by:

CRT Special Investments LLC

By_____
Name:    JOHN D. AELSEN
Title     GENERAL COUNSEL

8