## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                              :

*In re*                       :    Chapter 11

Nortel Networks Inc., *et al.*,[1]   :

               Debtors.   :    Case No. 09-10138 (KG)

                              :    (Jointly Administered)

----------------------------------------------------- X

Nortel Networks Inc.         :

and                     :

Nortel Networks (CALA) Inc.,  :

               Plaintiffs,  :    Adv. Proc. No. 10-55165 (KG)

                           :    **Hearing date:  April 18, 2012 at 10:00am (ET)**

v.                     :    **Objections due: April 10, 2012 at 4pm (ET)**

Beeline.com, Inc., *et al.*,   :

               Defendants.  :

---------------------------------------------------------X

## DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS AND PROOFS OF CLAIM BY AND BETWEEN NORTEL NETWORKS INC., NORTEL ALTSYSTEMS INC. AND NORTEL NETWORKS (CALA) INC. AND BEELINE.COM, INC.

Nortel Networks Inc. ("NNI"), Nortel Altsystems Inc. ("NAI"), Nortel Networks (CALA)

Inc. ("NN CALA") and certain of their affiliates, as debtors and debtors in possession

(collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order

---

[1]  In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc.  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to enter into and approving a stipulation (the "Stipulation") with Beeline.com, Inc. ("Beeline" and together with NNI, NAI and NN CALA, the "Parties"), in the form attached hereto as **Exhibit B**. If approved, the Stipulation will resolve the claims asserted against Beeline in the above-captioned adversary proceeding, and certain claims asserted by Beeline against NNI, NAI and NN CALA. In addition to authorizing the Debtors to enter into and approving the Stipulation, on this Motion the Debtors request that the Court (the "Court" or the "Bankruptcy Court") grant them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

### Background

3.     On January 14, 2009 (the "NNI Petition Date"), the Debtors, other than NN CALA,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 (the "NN CALA Petition Date"), which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].

cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [Main D.I.s 141, 142][3], and an ad hoc group of bondholders has been

organized (the "Bondholder Group").

5.       On the NNI Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada), seeking relief from their creditors and a Monitor, Ernst & Young

Inc., was appointed by the Canadian Court.  Also on the Petition Date, the High Court of

England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA

Debtors")[5] into administration under the control of individuals from Ernst & Young LLP.  Other

Nortel affiliates have commenced and in the future may commence additional creditor

protection, insolvency and dissolution proceedings around the world.

---

[3]  Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __."
Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55165) are in the form
"Adv. D.I. __."

[4]  The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]  The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks
S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks
Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks
S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel
Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel
Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance &
Holding B.V.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7.      By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii) authorizing but not directing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation, and (iii) granting them such other and further relief as the Bankruptcy Court deems just and proper.

## Facts Relevant to this Motion

8.      Prior to the NNI Petition Date and the NN CALA Petition Date, NNI, NAI and NN CALA retained Beeline to provide them with information technology staffing services.

9.      On or about September 30, 2009, Beeline filed three proofs of claim in these Chapter 11 cases (collectively, the "Beeline Proofs of Claim").

10.      The Beeline Proofs of Claim are comprised of: (a) proof of claim number 5657, filed against NAI in the amount of $3,495,814.11 ("Claim #5657"); (b) proof of claim number 5658, filed against NN CALA in the amount of $3,495,814.11 ("Claim #5658"); and (c) proof of claim number 5659, filed against NNI in the amount of $3,495,814.11 ("Claim #5659").

11.      The liabilities asserted in each of the Beeline Proofs of Claim (collectively, the "Beeline Liabilities") are identical except that, in each of the Beeline Proofs of Claim, the Beeline Liabilities are asserted against the estate of a different Debtor.

12.      On or about May 26, 2010, Beeline transferred to ADEX Corporation ("ADEX") $387,503.42 of the Beeline Liabilities (the "ADEX Liabilities").

4

13.     On or about June 9, 2010, ADEX filed proof of claim number 7283 in the amount of $387,503.42 ("Claim #7283") asserting the ADEX Liabilities against NNI.

14.     On or about June 18, 2010, ADEX transferred Claim #7283 to US Debt Recovery V, LP.

15.     In the course of the Debtors' reconciliation of the Beeline Proofs of Claim against their books and records, the Debtors have confirmed that all of the ADEX Liabilities are validly asserted against NNI.

16.     NNI and NN CALA's respective books and records indicate that within ninety (90) days prior to the NNI Petition Date and the NN CALA Petition Date, respectively, NNI and NN CALA respectively made one or more transfers of an interest in their property to or for the benefit of Beeline in the aggregate amount of $6,142,366.07 (the "Subject Transfers").

17.     On November 9, 2011, NNI and NN CALA commenced this adversary proceeding, Adv. Proc. No. 10-55165 (the "Adversary Proceeding"), by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims [Adv. D.I. 1] (the "Complaint").

18.     By the Complaint, NNI and NN CALA sought to avoid and recover the Subject Transfers from Beeline pursuant to sections 547, 550 and 551 of the Bankruptcy Code and to disallow the Beeline Proofs of Claim under section 502(d) of the Bankruptcy Code.

19.     On February 28, 2011, Beeline filed its Answer [Adv. D.I. 22] (the "First Answer") to the Complaint denying certain of the allegations in the Complaint and asserting certain defenses, including, among other things, that it reserves all defenses, rights and benefits that may be available to Beeline under section 550 of the Bankruptcy Code.

20.    Upon information and belief, Beeline contends that it was a "mere conduit" with respect to certain of the Subject Transfers (the "Alleged Conduit Transfers") and therefore has no liability to NNI and NN CALA for the Alleged Conduit Transfers.

21.    Beeline identified certain entities that were alleged recipients of the Alleged Conduit Transfers (the "Alleged Conduit Transferees").

22.    On May 12, 2011, NNI and NN CALA filed a Motion for Leave to File an Amended Complaint (the "Motion for Leave to Amend") seeking to add certain of the Alleged Conduit Transferees as defendants in this Adversary Proceeding (the "Additional Defendants").

23.    On June 13, 2011, the Court granted the Motion for Leave to Amend [Adv. D.I. 46].

24.    On June 22, 2011, NNI and NN CALA filed an amended complaint (the "Amended Complaint") in which they added the Additional Defendants as defendants in the Adversary Proceeding [Adv. D.I. 47].

25.    By the Amended Complaint, NNI and NN CALA seek to avoid and recover the Subject Transfers from Beeline and/or the Additional Defendants pursuant to sections 547, 550 and 551 of the Bankruptcy Code and to disallow the Beeline Proofs of Claim under section 502(d) of the Bankruptcy Code (all such requested relief, the "Avoidance Claim").

26.    On July 6, 2011, Beeline filed its Answer to the Amended Complaint [Adv. D.I. 53] (the "Second Answer") in the Adversary Proceeding denying certain allegations in the Amended Complaint and asserting various defenses, including, among others, that Beeline reserves all defenses, rights and benefits that may be available to it under section 550 of the Bankruptcy Code.

27.     On September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [Main D.I. 3953] (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000.

28.     On October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims [Main D.I. 4211] (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000.

29.     Since the Complaint, the Amended Complaint, the First Answer and the Second Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim and the Beeline Proofs of Claim, the Parties have agreed to settle the Avoidance Claim and the Beeline Proofs of Claim on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

30.     Pursuant to the Stipulation[6] and subject to the Bankruptcy Court's approval, NNI, NAI and NN CALA have agreed to settle the Avoidance Claim and the Beeline Proofs of Claim in exchange for (i) the reduction of Claim #5657 from $3,495,814.11 to $73,646.00; (ii) the reduction of Claim #5658 from $3,495,814.11 to $28,370.80; (iii) the reduction of Claim #5659 from $3,495,814.11 to $2,906,293.49; and (iv) Beeline's waiver of any and all claims arising under section 502(h) of the Bankruptcy Code (the "Settlement Consideration"). Further, pursuant to the Stipulation, Claim #5657 shall be allowed as a general unsecured claim by

---

[6] In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

Beeline against NAI in the amount of $73,646.00 (the "Claim #5657 Allowed Amount"); Claim #5658 shall be allowed as a general unsecured claim by Beeline against NN CALA in the amount of $28,370.80 (the "Claim #5658 Allowed Amount"); and Claim #5659 shall be allowed as a general unsecured claim by Beeline against NNI in the amount of $2,906,293.49 (the "Claim #5659 Allowed Amount" and, together with the Claim #5657 Allowed Amount and the Claim #5658 Allowed Amount, the "Allowed Claim Amounts").

31.     In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Beeline has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release NNI and NN CALA, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Beeline now has, had, may have had or hereafter may have against any of the Debtor Releasees:  (a) regarding the Avoidance Claim, the Adversary Proceeding and any transaction described or referred to in the Complaint and the Amended Complaint in the Adversary Proceeding; and (b) arising from or related to the Beeline Proofs of Claim over and above the Allowed Claim Amounts.  For the avoidance of doubt, Beeline (a) has agreed that it will not file or otherwise assert any claim against NNI, NN CALA, NAI or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claims set forth in the Beeline Proofs of Claim or that arises out of

8

any alleged prepetition liability of any of the Debtors to Beeline; and (b) releases any and all claims arising under section 502(h) of the Bankruptcy Code.

32.    In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, NNI and NN CALA have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release Beeline, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Beeline Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that NNI and NN CALA now have, had, may have had or hereafter may have against any of the Beeline Releasees regarding the Avoidance Claim, the Adversary Proceeding and any transaction described or referred to in the Complaint and the Amended Complaint in the Adversary Proceeding.  For the avoidance of doubt, NNI and NN CALA do not release, and expressly preserve, their claims against the Additional Defendants in the Amended Complaint.

33.    In addition, in paragraph 2 of the Stipulation, the Debtors have agreed not to object to Claim #7283 on the grounds that (a) the ADEX Liabilities are not valid liabilities of one or more of the Debtors' estates or (b) Claim #7283 lacks sufficient documentation to permit the Debtors to determine whether the ADEX Liabilities are valid liabilities of one or more of the Debtors' estates.  Except as expressly set forth in paragraph 2 of the Stipulation, the Debtors shall retain all of their rights to object to Claim #7283 on any available grounds.

**Basis for Relief**

34.    The Debtors seek authorization for NNI, NAI and NN CALA to enter into the

Stipulation under sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy

Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any

order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §

105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and

after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr.

P. 9019.

35.    Citing this authority, the Third Circuit has emphasized that "[c]ompromises are

favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996)

(quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health

Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally

favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'(i)n administering

reorganization proceedings in an economical and practical manner it will often be wise to

arrange the settlement of claims as to which there are substantial and reasonable doubts.'"  In re

Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for

Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And

courts in this District have recognized that the approval of a proposed compromise and

settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram

Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

36.    Before approving a settlement under Bankruptcy Rule 9019, a court must

determine whether "the compromise is fair, reasonable, and in the interest of the estate."  In re

Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211

B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness."  Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

37.    The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

38.    The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation. While NNI and NN CALA are prepared to litigate the Avoidance Claim and believe that there is a reasonable possibility they would prevail in such litigation, NNI and NN CALA recognize that litigation of the Avoidance Claim carries with it inherent uncertainties and that there can be no assurance that such litigation would achieve a better result than the one set forth in the Stipulation.  Indeed, the Debtors believe that Beeline has asserted a "mere conduit" defense pursuant to section 550 of the Bankruptcy Code, as well as ordinary

course and new value defenses, pursuant to section 547 of the Bankruptcy Code, that would require extensive litigation to address, with no guarantee of success. In light of those defenses, the Settlement Consideration represents a significant return for the Debtors' estates.

39.    Pursuant to the settlement reflected in the Stipulation, Beeline has agreed to (i) the reduction of Claim #5657 from $3,495,814.11 to $73,646.00; (ii) the reduction of Claim #5658 from $3,495,814.11 to $28,370.80; (iii) the reduction of Claim #5659 from $3,495,814.11 to $2,906,293.49; and (iv) waive any and all claims arising under section 502(h) of the Bankruptcy Code. Pursuant to paragraph 2 of the Stipulation, the Debtors have agreed not to object to Claim #7283 on the grounds that (a) the ADEX Liabilities are not valid liabilities of one or more of the Debtors' estates or (b) Claim #7283 lacks sufficient documentation to permit the Debtors to determine whether the ADEX Liabilities are valid liabilities of one or more of the Debtors' estates. Except as expressly set forth in paragraph 2 of the Stipulation, the Debtors shall retain all of their rights to object to Claim #7283 on any available grounds. This resolution fairly balances NNI and NN CALA's likelihood of success on the merits of the Avoidance Claim against its interest in avoiding the uncertainty of litigation.

40.    In addition, further litigation of the Avoidance Claim would result in the estate's expenditure of considerable additional legal fees. These would include fees associated with formal discovery and motion practice. In the absence of a settlement, the estate would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution of these cases.

41.    Finally, the interests of the creditors weigh in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient

resolution of the Avoidance Claim and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claim were to be further litigated.

42.     In light of the foregoing, the Debtors respectfully seek authorization for NNI, NAI and NN CALA to enter into the Stipulation and approval of the Stipulation.

### Notice

43.     Notice of the Motion has been given via first class mail to (i) Beeline; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

44.     No prior request for the relief sought herein has been made to this or any other court.


*[Remainder of Page Intentionally Left Blank]*

13

WHEREFORE, the Debtors respectfully request that this Court (i) grant this

Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A**

hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 27, 2012
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
Nora K. Abularach (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____ */s/ Chad A. Fights* _____
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Chad A. Fights (No. 5006)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9200

*Counsel for the Debtors*
*and Debtors in Possession*