**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* :  Chapter 11
:
Nortel Networks Inc., *et al.*,[1] :
:  Case No. 09-10138 (KG)
        Debtors. :
:  (Jointly Administered)
------------------------------------------------------ X
Nortel Networks Inc. :
:
and :
:
Nortel Networks (CALA) Inc., :
:  Adv. Proc. No. 10-55165 (KG)
        Plaintiffs, :
:
v. :
:
Beeline.com, Inc., *et al.*, :
:
        Defendants. :
------------------------------------------------------------X

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS
## AND PROOFS OF CLAIM BY AND BETWEEN NORTEL NETWORKS INC.
## AND NORTEL NETWORKS (CALA) INC. AND BEELINE.COM, INC.

This stipulation (the "Stipulation") is entered into by and between Plaintiffs Nortel Networks Inc. ("NNI"), Nortel Networks (CALA) Inc. ("NN CALA") (together, "Plaintiffs") and Nortel Altsystems Inc. ("NAI") as three of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Beeline.com, Inc. ("Beeline" and, together with Plaintiffs, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

## RECITALS

WHEREAS, on January 14, 2009 (the "NNI Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009 (the "NN CALA Petition Date")) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about September 30, 2009, Beeline filed three proofs of claim in these Chapter 11 cases (collectively, the "Beeline Proofs of Claim"); and

WHEREAS, the Beeline Proofs of Claim are comprised of: (a) proof of claim number 5657, filed against NAI in the amount of $3,495,814.11 ("Claim #5657"); (b) proof of claim number 5658, filed against NN CALA in the amount of $3,495,814.11 ("Claim #5658"); and (c) proof of claim number 5659, filed against NNI in the amount of $3,495,814.11 ("Claim #5659"); and

WHEREAS, the liabilities asserted in each of the Beeline Proofs of Claim (collectively, the "Beeline Liabilities") are identical except that, in each of the Beeline Proofs of Claim, the Beeline Liabilities are asserted against the estate of a different Debtor; and

WHEREAS, on or about May 26, 2010, Beeline transferred to ADEX Corporation ("ADEX") $387,503.42 of the Beeline Liabilities (the "ADEX Liabilities"); and

WHEREAS, on or about June 9, 2010, ADEX filed proof of claim number 7283 in the amount of $387,503.42 ("Claim #7283") asserting the ADEX Liabilities against NNI ; and

2

WHEREAS, on or about June 18, 2010, ADEX transferred Claim #7283 to US Debt Recovery V, LP; and

WHEREAS, Plaintiffs allege that within 90 days prior to the NNI Petition Date and the NN CALA Petition Date, respectively, NNI and NN CALA respectively made one or more transfers of an interest in their property to or for the benefit of Beeline in the aggregate amount of $6,142,366.07 (the "Subject Transfers"); and

WHEREAS, on November 9, 2011, Plaintiffs commenced this adversary proceeding, Adv. Proc. No. 10-55165 (the "Adversary Proceeding"), by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims [Adv. D.I. 1][2] (the "Complaint"); and

WHEREAS, by the Complaint, Plaintiffs sought to avoid and recover the Subject Transfers from Beeline pursuant to sections 547, 550 and 551 of the Bankruptcy Code and to disallow the Beeline Proofs of Claim under section 502(d) of the Bankruptcy Code; and

WHEREAS, on February 28, 2011, Beeline filed its Answer [Adv. D.I. 22] (the "First Answer") to the Complaint denying certain of the allegations in the Complaint and asserting certain defenses, including, among other things, that it reserves all defenses, rights and benefits that may be available to Beeline under section 550 of the Bankruptcy Code (First Answer at ¶ 35); and

WHEREAS, upon information and belief, Beeline contends that it was a "mere conduit" with respect to certain of the Subject Transfers (the "Alleged Conduit Transfers") and therefore has no liability to Plaintiffs for the Alleged Conduit Transfers; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55165) are in the form "Adv. D.I. __."

3

WHEREAS, Beeline identified certain entities that were alleged recipients of the Alleged Conduit Transfers (the "Alleged Conduit Transferees"); and

WHEREAS, on May 12, 2011, Plaintiffs filed a Motion for Leave to File an Amended Complaint (the "Motion for Leave to Amend") seeking to add certain of the Alleged Conduit Transferees as defendants in this Adversary Proceeding (the "Additional Defendants"); and

WHEREAS, on June 13, 2011, the Court granted the Motion for Leave to Amend [Adv. D.I. 46]; and

WHEREAS, on June 22, 2011, Plaintiffs filed an amended complaint (the "Amended Complaint") in which they added the Additional Defendants as defendants in the Adversary Proceeding [Adv. D.I. 47]; and

WHEREAS, by the Amended Complaint, Plaintiffs seek to avoid and recover the Subject Transfers from Beeline and/or the Additional Defendants pursuant to sections 547, 550 and 551 of the Bankruptcy Code and to disallow the Beeline Proofs of Claim under section 502(d) of the Bankruptcy Code (all such requested relief, the "Avoidance Claim"); and

WHEREAS, on July 6, 2011, Beeline filed its Answer to the Amended Complaint [Adv. D.I. 53] (the "Second Answer") in the Adversary Proceeding denying certain allegations in the Amended Complaint and asserting various defenses, including, among other things, that Beeline reserves all defenses, rights and benefits that may be available to it under section 550 of the Bankruptcy Code; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [Main D.I. 3953] (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain

4

Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims [Main D.I. 4211] (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000; and

WHEREAS, in the course of the Debtors' reconciliation of the Beeline Proofs of Claim against their books and records, the Debtors have confirmed that all of the ADEX Liabilities are validly asserted against NNI; and

WHEREAS, since the Complaint, the Amended Complaint, the First Answer and the Second Answer were filed, the Parties have engaged in arm's-length negotiations. As a result of these negotiations and, to avoid the cost, risks and burden that would be imposed by further litigation of the Avoidance Claim and the Beeline Proofs of Claim, the Parties have agreed to settle the Avoidance Claim and the Beeline Proofs of Claim on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Settlement Consideration for the Resolution of the Avoidance Claim and the Beeline Proofs of Claim</u>.

   (a) In full and final settlement and satisfaction of the Avoidance Claim, NNI,

NN CALA, NAI and Beeline hereby stipulate that, upon the Effective Date (as defined below), (i) Claim #5657 shall be deemed reduced from $3,495,814.11 to $73,646.00 and shall be an allowed general unsecured claim by Beeline against NAI in the amount of $73,646.00 (the "Claim #5657 Allowed Amount"); (ii) Claim #5658 shall be deemed reduced from $3,495,814.11 to $28,370.80 and shall be an allowed general unsecured claim by Beeline against NN CALA in the amount of $28,370.80 (the "Claim #5658 Allowed Amount"); and (iii) Claim #5659 shall be deemed reduced from $3,495,814.11 to $2,906,293.49 and shall be an allowed general unsecured claim by Beeline against NNI in the amount of $2,906,293.49 (the "Claim #5659 Allowed Amount" and, together with the Claim #5657 Allowed Amount and the Claim #5658 Allowed Amount, the "Allowed Claim Amounts").

(b)     The allowance of the Beeline Proofs of Claim in the Allowed Claim Amounts shall be granted in full satisfaction of any and all claims that have been or could have been asserted by Beeline against any of the Debtors and shall amend and supersede any and all claim amounts for Beeline that the Debtors list on their schedules filed with the Bankruptcy Court. Beeline shall not have any further claims against the Debtors based on the Debtors' schedules.

2.      Agreement not to Object to Claim #7283 on Certain Grounds. The Debtors hereby agree not to object to Claim #7283 on the grounds that (a) the ADEX Liabilities are not valid liabilities of one or more of the Debtors' estates or (b) Claim #7283 lacks sufficient documentation to permit the Debtors to determine whether the ADEX Liabilities are valid liabilities of one or more of the Debtors' estates. Except as expressly set forth in this paragraph 2, the Debtors shall retain all of their rights to object to Claim #7283 on any available grounds.

3. <u>Release of Plaintiffs</u>. Effective upon the Effective Date (as defined below), Beeline hereby releases and forever discharges Plaintiffs, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents and attorneys and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Beeline now has, had, may have had or hereafter may have against any of the Debtor Releasees: (a) regarding the Avoidance Claim, the Adversary Proceeding and any transaction described or referred to in the Complaint and the Amended Complaint in the Adversary Proceeding; and (b) arising from or related to the Beeline Proofs of Claim over and above the Allowed Claim Amounts. For the avoidance of doubt, Beeline (a) agrees that it will not file or otherwise assert any claim against NNI, NN CALA, NAI or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claims set forth in the Beeline Proofs of Claim or that arises out of any alleged prepetition liability of any of the Debtors to Beeline; and (b) releases any and all claims arising under section 502(h) of the Bankruptcy Code.

4. <u>Release of Beeline Regarding the Avoidance Claim</u>. Effective upon the Effective Date (as defined below), Plaintiffs hereby release and forever discharge Beeline, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Beeline Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action and setoffs, whether

known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had or hereafter may have against any of the Beeline Releasees regarding the Avoidance Claim, the Adversary Proceeding and any transaction described or referred to in the Complaint and the Amended Complaint in the Adversary Proceeding. For the avoidance of doubt, Plaintiffs do not release, and expressly preserve, their claims against the Additional Defendants in the Amended Complaint.

        5.    <u>Effectiveness and Dismissal of Beeline in the Adversary Proceeding</u>. Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date (as defined below), this Stipulation shall be effective and binding, by its terms, upon the Parties and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases. Within ten business days after the date that the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (defined below) (hereinafter, the "<u>Effective Date</u>"), Plaintiffs shall file with the Bankruptcy Court a stipulation of dismissal with prejudice dismissing Beeline from the Adversary Proceeding. The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its entirety, without

modification, by the court of last resort to which an appeal of such order may be taken, or (B) the withdrawal with prejudice of such appeal.

6. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

7. <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

8. <u>Confidentiality</u>. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law or by any court, administrative or legislative body or as required to seek approval of this Stipulation by the Bankruptcy Court.

9. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings and agreements with respect to the subject matter hereof, and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

10. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

11. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses and disbursements incurred in connection with the

9

Adversary Proceeding and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation and not to seek from each other reimbursement of any such costs, expenses or disbursements.

12. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

13. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation and execution of this Stipulation and all matters covered by it.

14. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

15. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

*[Remainder of page left intentionally blank]*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: ~~February~~ March 14, 2012

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Nortel Networks CALA Inc.

By: _____
John Ray
Principal Officer

Nortel Altsystems Inc.

By: _____
John Ray
Principal Officer

Beeline.com, Inc.

By: _____
Name: Michael S. Wachtolz
Title: C.O.O.

11