**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
*In re*                                                    :   Chapter 11
:
:   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[6]                         :
:   Jointly Administered
Debtors.                                       :
:   **RE: D.I.s 4639, 4695, _____**
:
-----------------------------------------------------------X

**ORDER EXPANDING THE ORDER AUTHORIZING THE DEBTORS TO FUND
CERTAIN SUBSIDIARY AND AFFILIATE WIND-DOWN COSTS**

Upon the motion dated March 28, 2012 (the "Motion"),[7] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 327 and 363(c)(1) of title 11 of the United States Code (the "Bankruptcy Code") (i) expanding the Order Authorizing the Debtors to Fund Certain Subsidiary and Affiliate Wind-Down Costs, entered on January 11, 2011 [D.I. 4695] (the "Wind-Down Costs Order") to allow the Debtors to employ and retain certain foreign professionals necessary to wind down their branch offices pursuant to local law; and (ii) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.
[7] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. The Wind-Down Costs Order is expanded and clarified to allow the Debtors to employ and compensate the Foreign Professionals as they see necessary and appropriate to wind down the Branch Offices pursuant to local law, without further court approval pursuant to section 327 of the Bankruptcy Code or any other provisions of the Bankruptcy Code or Bankruptcy Rules; provided that compensation of the Foreign Professional is made pursuant to the Wind-Down Costs Order.

3. The Debtors are authorized, but not directed, to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, certificates, or other documents, including without limitation providing limited indemnities to certain Foreign Professionals to the extent they deem necessary and proper in their good-faith business judgment, and to take such other actions as shall be or become necessary, proper, and desirable to employ and retain the Foreign Professionals in connection to the wind down processes of the Branch Offices.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

2

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

     5.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
       Wilmington, Delaware

                                    _____
                                    THE HONORABLE KEVIN GROSS
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE