IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
                                                           :
*In re*                                                    :   Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :   Case No. 09-10138 (KG)
                                                           :
                Debtors.                :   Jointly Administered
                                                           :
                                                           :   **RE:  D.I. 7394**
                                                           :
---------------------------------------------------------- X

**DEBTORS' OBJECTION TO THE MOTION OF THE OFFICIAL
COMMITTEE OF LONG-TERM DISABILITY PARTICIPANTS
FOR AN ORDER LIFTING OR, IN THE ALTERNATIVE,
<u>INCREASING THE LIMITS ON FEES FOR LTD COMMITTEE COUNSEL</u>**

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "<u>Debtors</u>"), hereby respectfully submit this objection (the "<u>Objection</u>") to the *Motion of the Official Committee of Long-Term Disability Participants for an Order Lifting or, in the Alternative, Increasing the Limits on Fees for LTD Committee Counsel* [D.I. 7394] (the "<u>Second LTD Fee Motion</u>")[2] filed by the Official Committee of Long Term Disability Participants (the "<u>LTD Committee</u>").[3]  In support of this Objection, the Debtors respectfully represent as follows:

---

[1]     The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms utilized but not defined herein shall have the meaning ascribed to them in the Mediation Motion (defined below).

[3]     As noted in the *Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees* [D.I. 5568] (the "<u>1114 Motion</u>"), LTD Plan Participants are

1.     Since the appointment of the LTD Committee almost eight months ago, the Debtors have engaged in an ongoing information sharing process, have participated in meetings and telephone calls with the LTD Committee members and their professionals and, in January, made a settlement proposal to the LTD Committee.  In seeking authorization to incur further professional fees and expenses, the LTD Committee describes at length the various issues its professionals have attended to since last summer – including confidentiality stipulations approved by this Court in an order entered on September 20, 2011 [D.I. 6418], retaining other professionals, attending court hearings and other meetings and preparing for litigation contingencies if a deal cannot be reached.  However, it is troubling that after all this time, and despite all of the described activity, the LTD Committee has not responded to the Debtors' January proposal and rather suggests that it is uncertain whether it may need even more information, which in turn would result in further delays.

2.     While the Debtors supported the appointment of an LTD Committee to explore the negotiation of a consensual modification or termination of LTD benefits, the Debtors cannot fund the LTD Plans indefinitely to the detriment of their other creditors, and should not be required to continue to fund a committee that appears to be focused primarily, if not solely, on developing a litigation strategy against the Debtors rather than exploring a consensual winddown of the LTD Plans.  The time to determine if such a resolution can be reached is now – indeed it was several months ago.  This is particularly the case now that the mediation to allocate the sale proceeds amongst the various Nortel estates will be commencing in earnest, and the pathway to the confirmation of the Debtors' Joint Chapter 11 Plan is in sight.

---

not covered by § 1114 of the Bankruptcy Code and thus, are not eligible to serve on a § 1114 committee.  1114 Motion ¶ 12.  While the Debtors have indicated a willingness to confer with the LTD Plan Participants, the Debtors reserve the right to move forward, without further negotiation with the LTD Committee, to modify or terminate the LTD Plan in compliance with applicable law.

3.      Given the lack of progress to date and the mounting costs to the Debtors' estates, the Debtors cannot continue to consent to extensions of the engagement of Elliott Greenleaf ("EG") as counsel to the LTD Committee and corresponding increases to their fee cap unless safeguards are put in place to ensure the parties are focused on actively working towards a consensual solution. To that end, the Debtors have filed the *Debtors' Motion for Entry of an Order (I) Appointing a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long-Term Disability Plans; (II) Authorizing the Debtors to Pay the Costs of Engagement; and (III) Granting Related Relief* (the "Mediation Motion") contemporaneously with this Objection. As set forth in more detail in the Mediation Motion, the Debtors believe that the appointment of a neutral third-party mediator is desirable and even necessary to move the settlement negotiations forward. While the Debtors oppose the elimination of the fee cap for EG, if the Court were to appoint a mediator to ensure that the negotiation process will progress, then the Debtors would not oppose a concomitant limited fee cap increase of $200,000, as alternatively sought by EG. However, absent any assurance of real progress in the upcoming months that would justify the expenditure of further estate resources, the Debtors would oppose the proposed fee cap increase as well.

4.      In June 2011, the Debtors supported the appointment of the LTD Committee, which committee was directed to be appointed by order of the Court on June 22, 2011 [D.I. 5790] (the "Appointment Order") . An essential aspect of the Appointment Order was the provision that the fees of the counsel to the LTD Committee would be capped at $200,000 in the aggregate, subject to the LTD Committee's "right to seek, upon notice and a hearing, to increase the cap for good cause." See Appointment Order. Such a fee cap makes sense where, unlike for retirees, no statutory mandate exists for the appointment for a committee to represent disabled

3

employees and a debtor is not required to indefinitely fund the costs of providing counsel to such employees, particularly to the extent the employees are focused primarily on developing litigation claims against the company. Such considerations are further heightened in this case, since well more than half of the current LTD Participants are currently eligible to retire and as such, their interests are further represented by the statutory Official Committee of Retired Employees (the "Retiree Committee") or would be upon termination of their employment.

5.     On November 28, 2011, the LTD Committee filed the *Motion of the Official Committee of Long Term Disability Participants for an Order Increasing the Limits on Fees for LTD Committee Counsel* [D.I. 6880] (the "First LTD Fee Motion"), seeking to increase the original $200,000 fee cap by another $200,000. In the First Fee Cap Motion, the LTD Committee stated that "cause" existed to increase the original fee cap because although it was initially "anticipated that the LTD Committee's role would only last approximately four months" the LTD Committee was unable to negotiate a settlement with the Debtors during that time frame. See First LTD Fee Motion ¶ 12. The LTD Committee's primary argument for this lack of progress was that they had not yet received all documents and information requested from the Debtors and that the LTD Committee and its professionals needed additional time to process and analyze the information that it had received. See First Fee Cap Motion ¶ 13. As the Debtors explained in the Debtors' Response to the First Fee Cap Motion [D.I. 6880] (the "Response"), while the Debtors consented to the increase sought in the First Fee Cap Motion, they "believe[d] that any negotiations can and should be accomplished over that time period and would have strong reservations about any further extension of the LTD Committee's mandate beyond that time." See Response ¶ 1.

6. Now, after another four months have passed, EG seeks not only a further increase in its fee cap, but to eliminate it all together. The Debtors strongly oppose an elimination of the fee cap. The LTD Committee was appointed under section 1102(a)(2) pursuant to this Court's discretion "for the sole purpose of serving as the authorized representative of the LTD Plan Participants in connection with <u>negotiations regarding the modification or termination of the LTD Plan</u>, and any claims relating thereto and for no other purpose . . . ." See Appointment Order (emphasis added). To date, EG claims it still may not be ready to engage in substantive negotiations with the Debtors and instead seeks to eliminate the fee cap because they claim the cap would put the LTD Committee in an inferior position to the Retiree Committee "[s]hould litigation with the Debtors . . . be necessary," and so that the LTD Committee can oppose any non-consensual termination including to "be allowed to pursue all available appellate options." Second LTD Fee Motion ¶¶ 34, 35. The LTD Committee's focus on developing a litigation strategy rather than exploring a consensual solution – as further evidenced by its never-ending information requests and its failure to respond to the Debtors' January proposal to date – is a basis for disbanding the LTD Committee and allowing the employees to bear the costs of their strategy, rather than removing fee caps and allowing such a tact to continue indefinitely.

7. Although the Debtors have the contractual right to unilaterally terminate the employment of the LTD Participants and the LTD Plans without incurring further liability, the Debtors remain willing to explore the possibility of negotiating a consensual termination of the LTD Plans. However, such negotiations must proceed promptly and in earnest, rather than at the plodding pace seen to date. Therefore, the Debtors object to the elimination of the fee cap entirely, but do not oppose a final additional $200,000 increase in the fee cap over the next four months if granted in conjunction with the appointment of a neutral third-party mediator by this

5

Court. Should the Mediation Motion be denied, the Debtors would then object to the proposed fee increase as well.

WHEREFORE, the Debtors respectfully submit this Objection and request that the Court (i) deny the Second LTD Fee Motion to the extent it seeks to eliminate the fee cap applicable to EG; (ii) deny the portion of the Second LTD Fee Motion seeking a $200,000 increase of the fee cap should the Court deny the relief sought in the Mediation Motion; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 28, 2012
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    */s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*