IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
:
In re                                       :       Chapter 11
                                            :       Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]            :       Jointly Administered
                                            :
                       Debtors.             :       **Hearing Date: April 18, 2012 at 10:00 a.m. (ET)**
                                            :       **RE: D.I. 7394**
---------------------------------------------------x

## RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF THE OFFICIAL COMMITTEE OF LONG-TERM DISABILITY PARTICIPANTS FOR AN ORDER LIFTING OR, IN THE ALTERNATIVE, INCREASING THE LIMITS ON FEES FOR LTD COMMITTEE COUNSEL

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Nortel Networks Inc., et al. (the "Debtors") submits this response (the "Response") to the motion (the "Motion") of the official committee of long-term disability participants (the "LTD Committee") for an order lifting or, in the alternative, increasing the limits on fees for counsel to the LTD Committee ("LTD Committee Counsel") [D.I. 7394]. In support of this Response, the Creditors' Committee respectfully submits as follows:

### I.    PRELIMINARY STATEMENT

1.    The Creditors' Committee objects to the complete removal of the cap on fees incurred by LTD Committee Counsel. As this Court is aware, there have been two separate committees appointed: one to represent retirees under Bankruptcy Code section 1114, and another to represent long-term disabled employees (the "LTD Employees"). The Creditors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

RLF1 5955606v. 1

Committee continues to have concerns regarding the depletion of estate resources associated with the payment of the fees and expenses of these two separate committees, which, but for the unique treatment of LTD Employees by the Debtors pre-petition, would otherwise be combined with one set of professionals. This was the basis on which the parties and this Court agreed to a cap on the fees of LTD Committee Counsel, and is the basis on which this Court should now deny the request to remove that fee cap. Alternatively, the Creditors' Committee would not object to a limited expansion of the fee cap. The Creditors' Committee is concerned, however, by the lack of progress and urgency shown by the LTD Committee to date, and respectfully requests that the expansion of the fee cap be appropriately limited.

## II.   BACKGROUND

2.     On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On January 22, 2009, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Creditors' Committee [D.I.s 141, 142]. The Creditors' Committee currently consists of three members.[3]

4.     As this Court is aware, the Debtors have historically provided a number of benefits to their active employees and retirees through benefit plans and other programs,

---

[2]   Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3]   The Creditors' Committee currently consists of the following entities: Law Debenture Trust Company of New York, as indenture trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as indenture trustee.

2

RLF1 5955606v. 1

including certain welfare and benefit plans for retirees and long-term disabled employees (the "LTD Employees").

5.  On June 2, 2011, the Debtors filed a motion (the "Retiree Committee Motion") seeking entry of an order directing the appointment of a committee of retirees (the "Retiree Committee") to serve as the official representative for the retirees to engage in good faith negotiations regarding the termination or modification of the retiree welfare and benefit plans, pursuant to Bankruptcy Code section 1114. On June 3, 2011, a group of LTD Employees (the "LTD Movants") filed a joinder to the Debtors' Retiree Committee Motion [D.I. 5594] (the "LTD Joinder").

6.  Contemporaneously, the LTD Movants filed a motion seeking entry of an order directing the U.S. Trustee to appoint a committee as the official representative for LTD Employees [D.I. 5595] (the "LTD Committee Appointment Motion"). In the alternative, the LTD Movants "request[ed that] this Court direct the [U.S. Trustee] to appoint one or two representatives of the [LTD Employees] to the Creditors' Committee or the proposed Retiree Committee." On June 14, 2011, the Creditors' Committee filed a response [D.I. 5723] (the "Committee Appointment Response") to the LTD Committee Appointment Motion in which the Creditors' Committee argued that the Court should appoint a joint committee consisting of retirees and LTD Employees, and deny the request for appointment of a separate LTD Committee or, alternatively, if the Court orders that a separate LTD Committee be appointed, limit its scope and duties to avoid duplication of effort and minimize the costs incurred by having two such committees.

7.  On June 22, 2011, the Court entered an order authorizing the appointment of a separate LTD Committee, pursuant to which the fees for LTD Committee Counsel were capped

for the case at $200,000 (the "Original Cap"). The order further provided that the Original Cap could be increased for "good cause shown." The LTD Committee was formed on August 2, 2011 and selected Elliott Greenleaf as LTD Committee Counsel.

8.  On November 28, 2011, the LTD Committee filed a motion (the "Fee Increase Motion") seeking to increase the Original Cap by an additional $200,000, bringing the fee cap for LTD Committee Counsel to an aggregate amount of $400,000 (the "Amended Cap"). On December 8, 2011, the Debtors filed a response [D.I. 6938] (the "Debtors' Cap Increase Response") to the Fee Increase Motion in which the Debtors did not object to the Amended Cap, but noted that the Debtors were prepared to engage with the LTD Committee to quickly resolve the various issues related to the LTD Employees. Specifically, the Debtors stated that while they did not object to increasing the cap "by an additional $200,000, which equates to $50,000 per month for an additional four months," the Debtors believed that any negotiations with the LTD Committee should be completed within that four month time period. The Debtors further noted that they "would have strong reservations about any further extension of the LTD Committee's mandate beyond that." *See* Debtors' Cap Increase Response at ¶ 1.

9.  On December 14, 2011, the Court entered an order approving the Amended Cap, and leaving open the option for the LTD Committee to seek to increase the Amended Cap "for good cause shown." On March 16, 2012, the LTD Committee filed the instant Motion seeking to lift the Amended Cap entirely or, in the alternative, increase the Amended Cap by an additional $200,000.

### III.  RESPONSE

**A.  The Amended Cap Should Not Be Removed.**

10.  The same reasons that prompted the parties to agree to the Original Cap on the fees of LTD Committee Counsel should still counsel this Court in refusing the LTD Committee's

4

request to completely remove the Amended Cap and allow LTD Committee Counsel to accrue fees on an unlimited basis. In the Committee Appointment Response, the Creditors' Committee raised concerns that the appointment of a separate LTD Committee could lead to duplication of efforts with the Retiree Committee and the Creditors' Committee, and suggested the capping of fees and expenses of the LTD Committee's professionals to ensure that the LTD Committee's involvement in these cases remains efficient and narrowly tailored. The Creditors' Committee's concerns have not changed in the eight months since the formation of the LTD Committee.

11.   In considering the LTD Committee's request to remove the Amended Cap entirely, it is important to put in perspective the role of the LTD Committee in these cases. According to the Motion, as of August 2011, there were approximately 250 LTD Employees. This number is substantially smaller than the approximately 4,500 retirees whose interests are being represented by the Retiree Committee. Further, while the unique treatment of the LTD Employees as active employees by the Debtors means that such employees do not qualify as "retirees" under Bankruptcy Code section 1114, a substantial majority of the LTD Employees would be eligible to become "retirees" represented by the Retiree Committee if they were terminated. Thus, while the Creditors' Committee understands the importance of the outcome of these cases to the individual LTD Employees, the role of the LTD Committee and LTD Committee Counsel in connection with the resolution of the various retiree and employee-related issues is limited. In light of this fact, and the fact that there is a separate Retiree Committee with separate counsel engaging in negotiations with the Debtors and the Creditors' Committee, the Creditors' Committee believes that the continuance of a cap on the fees of LTD Committee Counsel is appropriate and necessary to avoid duplication of efforts and depletion of estate resources.

5

### B. The Creditors' Committee Does Not Object to a Limited Increase in the Amended Cap.

12. The Creditors' Committee does not object to the limited $200,000 increase in the Amended Cap requested in the alternative by the LTD Committee, but similar to the concerns expressed by the Debtors in the Debtors' Cap Increase Response, the Creditors' Committee would have concerns over any further increase in the cap on LTD Committee Counsel's fees.

13. Any increase in the Amended Cap must be limited to appropriately encourage the LTD Committee and its counsel to come to the table and negotiate with the Debtors and the Creditors' Committee regarding the issues relating to long term disability benefits. As noted in the Motion, LTD Committee Counsel has been incurring fees at a rate of approximately $50,000 per month. Similar to the $200,000 increase previously granted by this Court, an increase in the Amended Cap of $200,000 is effectively a four month extension of LTD Committee Counsel's retention at the expense of the Debtors' estates. The Creditors' Committee strongly believes that four more months is more than enough time to complete discussions with the LTD Committee.

14. Simply put, this process cannot go on forever. As the Court is aware, the Debtors have consummated sales of their operating businesses and the residual intellectual property portfolio. Thus, while these negotiations are pending, the Debtors are paying approximately $2 million per month in retiree and LTD benefits without having any ongoing business or revenues. At some point, it will be in the best interests of the Debtors' estates to pursue other options if a consensual resolution cannot be reached with the LTD Committee acting as a good faith negotiating partner with the Debtors and the Creditors' Committee. The Debtors submitted a proposal to the LTD Committee and the Retiree Committee nearly two months ago. While the LTD Committee has participated in a handful of meetings with the Debtors and the Creditors' Committee (including two meetings attended by individual members of the LTD Committee), the

LTD Committee has yet to provide a counter-proposal to the Debtors or truly engage with the other parties in negotiations. The Creditors' Committee is hopeful that these negotiations will progress in the near term, but believes that an appropriately limited increase in the Amended Cap is necessary to encourage that progress.[4]

## IV. CONCLUSION

15. For all of the foregoing reasons, the Creditors' Committee respectfully requests that the Court (i) deny the LTD Committee's request to remove the Amended Cap, (ii) if the Court sees fit, approve a limited increase in the Amended Cap, and (iii) grant the Creditors' Committee such other and further relief as this Court deems just and proper.

Dated: April 3, 2012
      Wilmington, Delaware

Respectfully submitted,

By: _/s/ Christopher M. Samis_
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

and

Lisa G. Beckerman (*pro hac vice*)
Brad M. Kahn (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000

Co-counsel to the Committee

---

[4] The Creditors' Committee would be happy to revisit any future amendments or modifications to the Amended Cap in the future if reasonable progress is being made in negotiations with the LTD Committee.