**EXHIBIT A**

31

Court File No. 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS*
*ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF
COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION

EIGHTY-SECOND REPORT OF THE MONITOR
DATED FEBRUARY 24, 2012

32

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PURPOSE AND OVERVIEW | 3 |
| III. | TERMS OF REFERENCE | 4 |
| IV. | BACKGROUND | 5 |
| V. | CURRENT STATUS | 6 |
| VI. | OUTSTANDING MATTERS | 8 |
| VII. | SIXTH INTERIM DISTRIBUTION | 9 |
| VIII. | MONITOR'S RECOMMENDATION | 10 |

33

Court File No. 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS*
*ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF
COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION

**EIGHTY-SECOND REPORT OF THE MONITOR**
**DATED FEBRUARY 24, 2012**

**I.    INTRODUCTION**

1.      On January 14, 2009 (the "**Filing Date**") Nortel Networks Corporation ("**NNC**" and collectively with all its subsidiaries "**Nortel**" or the "**Company**"), Nortel Networks Limited ("**NNL**"), Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively the "**Applicants**") filed for and obtained protection under the *Companies' Creditors Arrangement Act* ("**CCAA**"). Pursuant to the Order of this Court dated January 14, 2009, as amended and restated (the "**Initial Order**"), Ernst & Young Inc. was appointed as the Monitor of the Applicants (the "**Monitor**") in the CCAA proceedings. The stay of proceedings was extended to April 13, 2012, by this Court in its Order dated December 14, 2011.

2.      Nortel Networks Inc. ("**NNI**") and certain of its U.S. subsidiaries concurrently filed voluntary petitions under Chapter 11 of Title 11 of the U.S. Bankruptcy Code (the "**Code**") in the United States Bankruptcy Court for the District of Delaware (the "**U.S. Court**") on January 14, 2009 (the "**Chapter 11 Proceedings**"). As required by U.S. law, an official unsecured creditors committee (the "**Committee**") was established in January, 2009.

34

- 2 -

3.    An *ad hoc* group of holders of bonds issued by NNL, NNC and Nortel Networks Capital Corporation has been organized and is participating in these proceedings as well as the Chapter 11 Proceedings (the "**Bondholder Group**"). In addition, pursuant to Orders of this Court dated May 27, 2009, July 22, 2009 and July 30, 2009, representative counsel was appointed on behalf of the former employees of the Applicants, the continuing employees of the Applicants and the LTD Beneficiaries, respectively, and each of these groups is participating in the CCAA proceedings.

4.    Nortel Networks (CALA) Inc. (together with NNI and certain of its subsidiaries that filed on January 14, 2009, the "**U.S. Debtors**") filed a voluntary petition under Chapter 11 of Title 11 of the Code in the U.S. Court on July 14, 2009.

5.    Nortel Networks UK Limited ("NNUK") and certain of its subsidiaries located in EMEA were granted Administration orders (the "**UK Administration Orders**") by the High Court of England and Wales on January 14, 2009 (collectively the "**EMEA Debtors**"). The UK Administration Orders appointed Alan Bloom, Stephen Harris, Alan Hudson and Chris Hill of Ernst & Young LLP as Administrators of the various EMEA Debtors, except for Ireland, to which David Hughes (Ernst & Young LLP Ireland) and Alan Bloom were appointed (collectively the "**Joint Administrators**").

6.    Subsequent to the Filing Date, Nortel Networks SA commenced secondary insolvency proceedings within the meaning of Article 27 of the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings in the Republic of France pursuant to which a liquidator and an administrator have been appointed by the Versailles Commercial Court.

7.    The CCAA proceedings and the UK Administration proceedings of NNUK have been recognized by the U.S. Court as foreign main proceedings under Chapter 15 of the Code.

8.    Subsequent to the Filing Date, certain other Nortel subsidiaries have filed for creditor protection or bankruptcy proceedings in the local jurisdiction in which they are located.

35

- 3 -

## II.   PURPOSE AND OVERVIEW

9.   The purpose of this Eighty-Second Report of the Monitor (the "**Eighty-Second Report**")
is to seek this Court's approval of the Sixth Interim Distribution to the Income
Beneficiaries (being the LTD Beneficiaries, the SIB Beneficiaries and the STB
Beneficiaries entitled to STBs in pay) on account of their Income Benefits and to LTD
Beneficiaries entitled thereto on account of LTD Life and LTD Optional Life Benefits
from funds held in the HWT and for such ancillary relief as is just and convenient.

10.   As a result of the decision of the Supreme Court of Canada rendered June 9, 2011
dismissing an application by counsel for a small group of dissenting LTD Beneficiaries
for leave to appeal in respect of the HWT Allocation Order, there is now certainty that
the distribution of the corpus of the HWT is to be made in accordance with the Approved
HWT Allocation Methodology. Further, although the Monitor's review of claims and of
corrections to information that have been filed pursuant to the Compensation Claims
Process (which includes benefit claims) is still in process, there is now greater certainty
with respect to the value of the Participating Benefits.

11.   Some degree of uncertainty remains regarding the final amount that will be available to
distribute from the HWT, which will be based on the completion of matters referred to in
the Monitor's prior reports and again below. Accordingly, the Monitor is not yet able to
recommend that a final distribution be made from the HWT.

12.   However, the LTD Beneficiaries' Representative, the Former Employees'
Representatives and the CAW have asked the Monitor to bring a motion for a further
interim distribution to provide assistance to the beneficiaries. Given that approximately
8,700 individuals are entitled to Pensioner Life benefits so that interim distributions to
them are relatively expensive and the fact that there remains more uncertainty with
respect to their individual entitlements than with respect to those of the Income
Beneficiaries, the Monitor does not recommend a further interim distribution be made on
account of Pensioner Life. The Monitor does recommend the payment of a further
distribution on account of the Sixth Distribution Benefits, being Income Benefits and
LTD Life and LTD Optional Life Benefits.

- 4 -

13. The Monitor is recommending that the distribution be of an amount that, although not final, is a reasonable approximation of the final distribution of the HWT corpus. Because it is not final, there may be some further distribution on account of the Sixth Distribution Benefits. It is less likely but still possible that some downward adjustment will be required because of an over-distribution. Such over-payment would be recouped through a deduction firstly, from the HWT distribution of Pensioner Life benefits to any beneficiary who is overpaid on account of the Sixth Interim Distribution and secondly, from distributions from the estate. The potential for recoupment is necessary to ensure no beneficiaries are prejudiced by the making of the Sixth Interim Distribution.

14. The illustrative scenario reflecting the Approved HWT Allocation Methodology contained in the Supplemental Fifty-First Report shows 33.8% of the value of the Participating Benefits being paid to Income Beneficiaries from the corpus of the HWT. However, the Monitor now believes that the total ultimate distribution from the HWT will exceed 33.8%[1] of the value of the Participating Benefits. The Monitor is recommending that the amount of the Sixth Interim Distribution on account of the Sixth Distribution Benefits be the amount that, when taken with the previous interim distributions, will be 35% of each of his or her Income Benefits, LTD Life and LTD Optional Life Benefit as the case may be, as explained below. Since 25% has been paid thus far on these benefits, the Sixth Interim Distribution will be 10% thereof.

15. The LTD Beneficiaries' Representative, the Former Employees' Representatives, CAW Counsel and the Independent Counsel each consent to the within motion and the proposed Sixth Interim Distribution.

## III.    TERMS OF REFERENCE

16. In preparing this Eighty-Second Report, the Monitor has relied upon unaudited financial information, the Company's books and records, financial information prepared by the Company and discussions with Nortel management. The Monitor has not audited,

---

[1]    With the value of Pensioner Life relating to Pensioners being reduced as a result of actual 2010 Pensioner Life premiums. The value of Pensioner Life relating to LTD Beneficiaries will not be reduced as a result of actual 2010 Pensioner Life premiums.

- 5 -

reviewed or otherwise attempted to verify the accuracy or completeness of the information and accordingly, expresses no opinion or other form of assurance on the information contained in this Eighty-Second Report.

17.    Capitalized terms used herein (including in the preceding paragraphs) shall have the meanings given to them in the glossary attached as Appendix "A".

18.    Unless otherwise stated, all monetary amounts contained herein are expressed in Canadian dollars.

19.    The Monitor has made various materials relating to the CCAA proceeding available on its website at www.ey.com/ca/nortel.

## IV.    BACKGROUND

20.    The Monitor has filed a number of reports providing information concerning, among other things, the HWT, the Approved HWT Allocation Methodology and interim distributions and other payments made to Income Beneficiaries since January 1, 2011. An index and brief description of these reports is attached as Appendix "B". The illustrative allocation scenarios are attached as Appendix "B" to the Supplemental Fifty-First Report and are attached hereto as Appendix "C". Scenario 2 illustrates the Approved HWT Allocation Methodology.

21.    As further described in the Fifty-First Report, Nortel provided the following benefits through the HWT (using the HWT as a payment mechanism with respect to non-pension employee benefits and to fund (in part) certain other benefit plans using trust assets): (a) medical, dental and life insurance benefits to pensioners; (b) income payments to disabled employees; (c) medical, dental and life insurance benefits to disabled employees; (d) income benefits for beneficiaries of deceased employees; and (e) medical, dental and life insurance benefits to active employees.

22.    Under the Approved HWT Allocation Methodology, distributions would be made on account of the following benefits:

(a)    Pensioner Life;

- 6 -

38

    (b)    LTD Life;

    (c)    LTD Income;

    (d)    LTD Optional Life Benefit;

    (e)    SIBs; and

    (f)    STBs in pay

23.    The valuation of the above benefits using the Approved HWT Allocation Methodology was contained in two reports:

    (a)    the Mercer 2010 HWT Preliminary Valuation, providing a preliminary valuation of certain non-pension post retirement benefit plans and post employment benefit plans, estimated as at December 31, 2010, when payments under such plans ceased. As indicated in the Fifty-First Report, no amount was included in the valuation for the LTD Optional Life Benefit as there was insufficient data available at the date of the Fifty-First Report to determine the present value of this benefit to LTD Beneficiaries participating under Optional Life; and

    (b)    the Mercer 2010 Addendum, which provides a preliminary valuation of the LTD Optional Life Benefit based on the assumptions set out in the Mercer 2010 HWT Preliminary Valuation and data Nortel provided to Mercer and the Monitor following the date of the Fifty-First Report.

## V.    CURRENT STATUS

24.    The LTD Beneficiaries have received 25% of the value of their LTD Income as a result of a series of interim distributions approved by this Court. The most recent interim distribution on account of LTD Income was made in July 2011. The LTD Beneficiaries have also received 25% of the value of their LTD Life and LTD Optional Life Benefit and 20% of the value of their Pensioner Life.

- 7 -

39

25.     On November 9, 2010 this Court approved an interim distribution of 20% on account of the value of Pensioner Life.  That distribution resulted in payment to over 8,700 beneficiaries and is a significant step towards the full and final distribution of the HWT.

26.     The following distributions from the HWT have been approved (in $million):

(a)     LTD Income $18.8;

(b)     SIBs $4.0;

(c)     STBs in pay $1.3;

(d)     LTD Life $0.6;

(e)     LTD Optional Life Benefit $1.2; and

(f)     Pensioner Life $22.2.

27.     The Monitor and the Company continue to follow-up on outstanding cheques from previous distributions, reissue cheques where the eligible beneficiary has died, redirect returned cheques and take all other necessary and prudent steps to complete the distribution of the interim distributions approved thus far by this Court.

28.     The implementation of the Compensation Claims Process is a significant step towards the wind-up of the HWT.  While not yet completed, the Compensation Claims Process has contributed to the HWT wind-up process:

(a)     individuals entitled to Pensioner Life have been personally notified of the amount of their entitlement based on Nortel's books and records (where addresses are unavailable or incorrect in Nortel's records, steps are being taken to locate the individual);

(b)     individuals entitled to Pensioner Life, whether notified or not, have had the opportunity to provide the Monitor with their claims if Nortel's books and records did not reflect such claims; and

(c)     reporting of deaths.

40

29.   Based on the information currently available to the Monitor, it appears that the benefit liabilities calculated for purposes of the illustrative scenarios will likely exceed the ultimate benefit liabilities of the HWT, resulting in a favourable variance in the rate of the distribution.

## VI.   OUTSTANDING MATTERS

30.   A number of matters remain outstanding before the HWT can be fully and finally wound up and certain of those matters may have an impact on the ultimate total distributions from the HWT.

31.   Matters affecting the timing and amount of the ultimate distribution include:

(a)   The investment returns of the HWT are having a favourable impact on the cash available for distribution;

(b)   There are approximately $1 million of stale-dated cheques issued by the HWT in prior years. The Monitor has been working with Sun Life, which has attempted to locate certain pa yees. At the appropriate time, the Monitor will request the approval of this Court for a formal process for locating payees and for the inclusion in the HWT of the proceeds of stale-dated cheques of payees who are not located;

(c)   Pensioner Life liabilities are still being finalized as deaths continue to be reported. These Pensioner Life liabilities affect only the final Pensioner Life distribution and therefore are not a factor in establishing the amount of the proposed Sixth Interim Distribution;

(d)   The 2010 tax return for the HWT has been filed and an amount has been paid by the HWT on account of alternative minimum tax as determined of approximately $900,000. The amount of the alternative minimum tax may be amended to a lower amount, thus resulting in a refund from the Canada Revenue Agency. The amount of income tax, if any, owing for 2011 is not anticipated to be significant and has been provided for. Before completion of the HWT wind-up, a clearance

41

- 9 -

certificate from the CRA will have to be obtained, the process for which has started; and

(e)     Administrative costs chargeable to the HWT remain to be fully and finally determined.

32.     The Monitor and the Applicants are reviewing the cash available from the HWT with the LTD Beneficiaries' Representative and her advisors, the Former Employees' Representatives and their advisors, and the CAW, and will obtain the approval of this Court with respect to the accounting and form of financial reporting thereon.

33.     The Monitor will continue to work diligently with the Applicants, the Trustee, the LTD Beneficiaries' Representative and her advisors, the Former Employees' Representatives and their advisors, the CAW and others to finalize all outstanding matters so that the final distribution may be made to all Participating Beneficiaries.

## VII.    SIXTH INTERIM DISTRIBUTION

34.     Attached as Appendix "D" is a chart illustrating the proposed Sixth Interim Distribution of 10% of the Sixth Distribution Benefits calculated in accordance with the Approved HWT Allocation Methodology using data as at December 31, 2010 available from the Applicants, which when taken with the previous interim distributions, would total 35% of the value of the Sixth Distribution Benefits. The Sixth Interim Distribution would result in payment of a total of approximately $10 million.

35.     With the payment of the Sixth Interim Distribution, a total of 359 Income Beneficiaries will have received the equivalent of at least 18 months of Income Benefits. Those LTD Beneficiaries who will have received less than the equivalent of 18 months of Income Benefits are generally at or close to age 65. The STBs in pay are limited to a 5 year time period and those who will have received less than 18 months of benefits are at or close to the expiry of that period. Because the SIBs are life-time benefits, there are no SIB Beneficiaries who will have received less than 18 months of benefits.

- 10 -

42

36.    If approved, the Sixth Interim Distribution will be made in late March.  The Sixth Interim Distribution, except the portion relating to LTD Income, will be subject to applicable statutory withholdings.

## VIII.    MONITOR'S RECOMMENDATION

37.    The Monitor believes an interim distribution to Income Beneficiaries and LTD Beneficiaries on account of the Sixth Distribution Benefits is appropriate in the circumstances and that an interim distribution of the amount that, when taken with the previous interim distributions, will be 35% of his or her benefits is prudent and reasonable.   However, the Monitor believes it is appropriate there be provision for recoupment of such distribution in the event of an overpayment to an Income Beneficiary from firstly, distributions to that beneficiary from Pensioner Life distributions from the HWT and secondly, from the estate.  The Monitor believes that the proposed interim distribution will not prejudice other beneficiaries of the HWT and is responsive to the Income Beneficiaries' request for an interim payment pending final distribution of the HWT corpus.

38.    Accordingly, the Monitor requests that this Court grant the Order in the form submitted.

All of which is respectfully submitted this 24th day of February, 2012.

**ERNST & YOUNG INC.**
**In its capacity as Monitor of the Applicants**
Per:

Murray A. McDonald
President

# APPENDIX "A"

43

## GLOSSARY

| Term | Definition |
|------|------------|
| **Eighty-Second Report:** | The Report of the Monitor dated February 24, 2012 |
| **Active Employee:** | an Employee who was employed by an Applicant as of Year End 2010 |
| **Applicants:** | Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation |
| **Approved HWT Allocation Methodology:** | the methodology for allocation of the corpus of the HWT approved by the Court pursuant to the HWT Allocation Order |
| **Bondholder Group:** | the *ad hoc* group of holders of bonds issued by NNL, NNC and Nortel Networks Capital Corporation that has been organized and is participating in the Applicants' CCAA proceedings as well as the Chapter 11 Proceedings |
| **CAW:** | National Automobile, Aerospace, Transportation and General Workers Union of Canada (CAW-Canada) and its Locals 27, 1525, 1530, 1837, 1839, 1905 and/or 1915 and George Borosh et al. |
| **CAW Counsel:** | Barry E. Wadsworth and Lewis Gottheil, counsel to the CAW |
| **CCAA:** | *Companies' Creditors Arrangement Act* |
| **Chapter 11 Proceedings:** | the voluntary petitions under Chapter 11 of the Code filed by NNI and certain of its U.S. subsidiaries in the U.S. Court |
| **Code:** | United States Bankruptcy Code |
| **Committee:** | the official committee of unsecured creditors of the U.S. Debtors |
| **Company:** | Nortel Networks Corporation collectively with all of its subsidiaries |
| **Compensation Claims:** | those compensation claims of Employees as calculated pursuant to the Compensation Claims Methodology |
| **Compensation Claims Methodology:** | the assumptions and methodologies for calculating Compensation Claims as approved by the Court pursuant to the Compensation Claims Methodology Order |
| **Compensation Claims Methodology Order:** | the Order of the Court dated October 6, 2011 approving the Compensation Claims Methodology |

1

44

| Term | Definition |
|---|---|
| **Compensation Claims Procedure:** | the Applicants' compensation claims procedure as approved by the Court pursuant to the Compensation Claims Procedure Order |
| **Compensation Claims Procedure Order:** | the Order of the Court dated October 6, 2011 approving the Compensation Claims Procedure |
| **Compensation Claims Process:** | the Compensation Claims Methodology and the Compensation Claims Procedure |
| **Continuing Employees' Representative Counsel:** | Nelligan O'Brien Payne LLP and Shibley Righton LLP, as appointed by the Court on July 22, 2009 |
| **Court:** | Ontario Superior Court of Justice |
| **EMEA:** | Europe, Middle East and Asia |
| **EMEA Debtors:** | NNUK and certain of its subsidiaries located in EMEA in respect of which the U.K. Administration Orders were granted |
| **Employees:** | the Applicants' employees, former employees, pensioners and their survivors, including LTD Beneficiaries |
| **Fifty-First Report:** | the Fifty-First Report of the Monitor dated August 27, 2010 |
| **Filing Date:** | January 14, 2009 |
| **Former Employees:** | former employees, including pensioners, of the Applicants or any Person claiming an interest under or on behalf of such former employees or pensioners and surviving spouses in receipt of a Nortel pension, or group or class of them |
| **Former Employees' Representatives:** | Donald Sproule, David Archibald and Michael Campbell as representatives of the Former Employees, as appointed by the Court on May 27, 2009 |
| **HWT:** | the Applicants' Health and Welfare Trust |
| **HWT Allocation Order:** | the Order of the Court dated November 9, 2010 pursuant to which the Approved HWT Allocation Methodology was approved |
| **Income Beneficiaries:** | LTD Beneficiaries entitled to LTD Income, STB Beneficiaries entitled to STBs in pay and SIB Beneficiaries entitled to SIBs |
| **Income Benefits:** | LTD Income, STBs in pay and SIBs |

45

| Term | Definition |
|---|---|
| **Independent Counsel:** | independent counsel for the LTD Beneficiaries' Representative and the Former Employees' Representatives |
| **Initial Order:** | the Order of the Court dated January 14, 2009, as amended and restated |
| **Joint Administrators:** | the administrators appointed in respect of the EMEA Debtors, being Alan Bloom, Stephen Harris, Alan Hudson and Chris Hill of Ernst & Young LLP as administrators of the various EMEA Debtors, except for Ireland, to which David Hughes (Ernst & Young LLP Ireland) and Alan Bloom were appointed |
| **Life Beneficiaries:** | LTD Beneficiaries entitled to LTD Life or LTD Life and Optional Life Benefit |
| **LTD:** | Long-term disability |
| **LTD Beneficiaries:** | Employees of an Applicant who were not working at the time of their termination due to an injury, illness or medical condition in respect of which they were receiving or were entitled to receive disability income benefits by or through an Applicant, and who may assert an existing or future claim for payment, reimbursement or coverage arising in connection with their employment with an Applicant or termination thereof, a pension or benefit plan sponsored by an Applicant, including in relation to medical, dental, long-term or short-term disability benefits, life insurance or any other benefit, obligation or payment to which such person (or others who may be entitled to claim under or through such person) may be entitled, save and except those LTD Beneficiaries whose benefit or other payments, as described above, arise directly or inferentially out of a collective agreement between the Applicants, or any of them, and the CAW |
| **LTD Beneficiaries' Representative:** | Sue Kennedy, as representative of the LTD Beneficiaries, as appointed by the Court on July 30, 2009 |
| **LTD Income:** | Long-term disability income replacement benefits |
| **LTD Life:** | Long-term disability life insurance benefits |
| **LTD Optional Life Benefit:** | Long-term disability Optional Life |
| **Mercer:** | Mercer (Canada) Limited (the Applicants' actuarial advisor) |
| **Mercer 2010 HWT Preliminary Valuation:** | a report of Mercer dated August 27, 2010, providing a preliminary valuation of certain non-pension post retirement benefit plans and post employment benefit plans, which was attached as Appendix "C" to the Fifty-First Report and did not include an amount for the LTD Optional Life Benefit as there was insufficient data |

3

46

| Term | Definition |
|------|------------|
| **Mercer 2010 Addendum:** | an addendum to the Mercer 2010 HWT Preliminary Valuation regarding the LTD Optional Life Benefit, which was attached as Appendix "A" to the Supplemental Fifty- First Report |
| **Monitor:** | Ernst & Young Inc., in its capacity as monitor pursuant to the Initial Order |
| **NNC:** | Nortel Networks Corporation |
| **NNI:** | Nortel Networks Inc. |
| **NNL:** | Nortel Networks Limited |
| **NNUK:** | Nortel Networks UK Limited |
| **Nortel:** | Nortel Networks Corporation, collectively with all of its subsidiaries |
| **Optional Life:** | an optional life insurance program provided by Nortel (also known as group life -- part II), available to employees at their own cost, insured by Sun Life in a policy naming Nortel as the policyholder |
| **Participating Beneficiaries:** | beneficiaries under the HWT who are entitled to participate in the distribution of the HWT in accordance with the Approved HWT Allocation Methodology |
| **Participating Benefits:** | Pensioner Life, LTD Income, LTD Life, LTD Optional Life Benefit, STBs in pay and SIBs |
| **Pensioners:** | for the purposes of the Eighty-Second Report, all individuals whose right to Pensioner Life has vested as at December 31, 2010, whether or not an individual is in receipt of a pension, including Active Employees and terminated or transferred employees who became vested on or before December 31, 2010 without adjustment for a notice period, but excluding LTD Beneficiaries |
| **Pensioner Life:** | a group life insurance benefit provided to Pensioners, the amount of which varies and generally decreases on every anniversary of retirement and is available on the death of the Pensioner at any age and is insured by Sun Life under a policy naming Nortel as the policyholder plus a death benefit provided to the surviving spouses of certain eligible Pensioners |
| **Person:** | includes any individual (including an Employee), partnership, joint venture, trust, corporation, unlimited liability company, unincorporated organization, government body or agency or instrumentality thereof, or any other juridical entity howsoever designated or constituted |
| **SIBs:** | life-time income benefits for survivors of certain former non-unionized Nortel employees |

47

| Term | Definition |
| --- | --- |
| **SIB Beneficiaries:** | former employees of Nortel currently receiving SIBs |
| **Sixth Distribution Benefits:** | Income Benefits and LTD Life and LTD Optional Life Benefit |
| **Sixth Interim Distribution:** | a sixth interim distribution to the Income Beneficiaries on account of their Income Benefits and to LTD Beneficiaries on account of LTD Life and LTD Optional Life Benefit from funds held in the HWT |
| **STBs:** | income benefits for survivors of certain unionized former Nortel employees, payable for a five year period |
| **STB Beneficiaries:** | survivors currently receiving STBs and Pensioners and LTD Beneficiaries whose survivors would be eligible for STBs |
| **Supplemental Fifty-First Report:** | the Supplement to the Fifty-First Report of the Monitor dated September 17, 2010 |
| **Trust Agreement:** | agreement between Northern Telecom Limited (a predecessor company to NNL) and Montreal Trust Company (as trustee), amended by agreements made as of September 24, 1984, June 1, 1994 and December 1, 2005 and further amended by letter agreement dated December 1, 2005 |
| **Trustee:** | the trustee of the HWT |
| **UK Administration Orders:** | administration orders granted on January 14, 2009 by the High Court of England and Wales to NNUK and certain of its subsidiaries located in EMEA |
| **U.S. Court:** | the United States Bankruptcy Court for the District of Delaware |
| **U.S. Debtors:** | Nortel Networks (CALA), Inc. together with NNI and those of its subsidiaries that filed the Chapter 11 Proceedings on the Filing Date |
| **Year End 2010:** | Midnight on December 31, 2010 |

\6049320

# APPENDIX "B"

48

## APPENDIX "B"

## INDEX OF REPORTS

**Description of Reports of the Monitor in Respect of the HWT**

Fifty-First Report filed in support of the motion for approval of the HWT allocation methodology.

Supplemental Fifty-First Report, providing an update to the Fifty-First Report and attaching:

1. the Mercer 2010 Addendum reflecting information received with respect to the LTD Optional Life Benefit; and

2. revised illustrative allocation scenarios reflecting the valuation of the LTD Optional Life Benefit.

Fifty-Seventh Report filed in support of the January interim distribution on account of Income Benefits.

Fifty-Ninth Report filed in support of the termination fund payments.

Sixty-Second Report filed in support of the April SIB/STB payment.

Sixty-Fourth Report filed in support of the May/June interim distribution on account of Income Benefits.

Sixty-Ninth Report filed in support of the third interim distribution on account of Income Benefits.

Seventy-Third Report filed in support of the fourth interim distribution on account of LTD Life and LTD Optimal Life Benefit.

Seventy-Sixth Report filed in support of the fifth interim distribution on account of Pensioner Life.

# APPENDIX "C"

49

## APPENDIX "C"

### APPENDIX "B" TO SUPPLEMENTAL FIFTY-FIRST REPORT –
ILLUSTRATIVE SCENARIOS

# Nortel Health and Welfare Trust
## REVISED Illustrative Allocation Scenarios
Scenario: Optional Life does not participate
Cdn Millions

**REVISED Appendix D-1**
Scenarios 1 to 4

| Type of Benefit | Benefit Liabilities [6] | 1 All Benefits Share Pro Rata (Distribution %: 14.6%) | 2 Proposed Participating Benefits Share Pro Rata (Distribution %: 33.8%) | 3 Benefits in Pay Share Pro Rata (Distribution %: 72.1%) | 4 Reserved Asset Method [3,5] (Distribution %: N/A) |
|---|---|---|---|---|---|
| Pensioner Life (including ADB) [1] | $ 126.9 | $ 10.72 | $ 35.05 | $ - | $ 33.53 |
| Pensioner M&D | 251.3 | 36.67 | | - | - |
| Pensioner Benefit Total | 378.2 | 47.39 | 35.05 | - | 33.53 |
| LTD Income (including IBNR) | 79.9 | 11.66 | 26.98 | 57.57 | 21.47 |
| LTD M&D [2] | 29.7 | 4.33 | - | - | - |
| LTD - STB accrued | 0.3 | 0.04 | - | - | - |
| LTD Life [2] | 4.5 | 0.66 | 1.52 | - | 0.65 |
| LTD Optional Life Benefit (including IBNR) | 5.3 | 0.78 | 1.80 | - | - |
| LTD Benefit Total | 119.7 | 17.47 | 30.30 | 57.57 | 22.12 |
| SIB [4] | 16.2 | 2.36 | 5.47 | 11.67 | 16.55 |
| STB - in pay | 4.1 | 0.60 | 1.33 | 2.95 | - |
| STB - accrued | 30.0 | 4.38 | - | - | - |
| Optional Life | | - | - | - | - |
| Total Benefits | $ 548.2 | $ 72.2 | $ 72.2 | $ 72.2 | $ 72.2 |
| Pensioner Life 2010 Premiums [1] | NA | 7.80 | 7.80 | 7.80 | 7.80 |
| Total | $ 548.2 | $ 80.0 | $ 80.0 | $ 80.0 | $ 80.0 |

NOTES:
1. Pensioner Life Premiums for 2010 have been treated as charge against the distribution in respect of the Pensioner Life Benefit (if any)
2. LTD Life and LTD M&D includes $2.0 million and $5.2 million, respectively, related to LTD individuals who are assumed to proceed to retirement and become eligible as pensioners.
3. Optional Life reserved asset of $18.7 million has been allocated pro rata amongst the other reserved asset categories based on asset value
4. The pro-rata allocation of the optional life reserved asset amongst the other remaining reserved asset categories results in the SIB reserved asset allocation exceeding the total benefit claim attributable to this category. No adjustments have been made to limit the SIB distribution under the reserved asset method
5. The Reserved Asset Method allocates HWT Assets using the reserved asset mix as at December 31, 2009 (as disclosed in the 2009 Health Welfare Trust Financial Statements)
6. Source: Mercer 2010 HWT Preliminary Valuation

REVISED Illustrative Allocation Scenarios

51

# Nortel Health and Welfare Trust
## REVISED Illustrative Allocation Scenarios
Scenario: Optional Life is a participating benefit.
Cdn Millions

**REVISED Appendix D-2**
Scenarios 5 to 8

| Type of Benefit | Benefit Liabilities [4] | 5 All Benefits Share Pro Rata [Distribution %: 11.2%] | 6 Proposed Participating Benefits Share Pro Rata [Distribution %: 25.9%] | 7 Benefits in Pay Share Pro Rata [Distribution %: 53.3%] | 8 Reserved Asset Method [3] [Distribution %: N/A] |
|---|---|---|---|---|---|
| Pensioner Life (including ADB) [1] | $ 126.9 | $ 6.38 | $ 25.01 | $ - | $ 23.85 |
| Pensioner M&D | 251.3 | 28.08 | - | - | - |
| Pensioner Benefit Total | 378.2 | 34.46 | 25.01 | - | 23.85 |
| LTD income (including IBNR) | 79.9 | 8.93 | 20.66 | 42.63 | 16.44 |
| LTD M&D [2] | 29.7 | 3.32 | - | - | - |
| LTD - STB accrued | 0.3 | 0.03 | - | - | - |
| LTD - Life [2] | 4.5 | 0.50 | 1.16 | - | 0.50 |
| LTD Optional Life Benefit (including IBNR) | 5.3 | 0.60 | 1.38 | - | - |
| LTD Benefit Total | 119.7 | 13.38 | 23.20 | 42.63 | 16.94 |
| SIB | | | | | |
| STB - in pay | 16.2 | 1.81 | 4.19 | 8.64 | 12.67 |
| STB - accrued | 4.1 | 0.46 | 1.06 | 2.19 | - |
| Optional Life | 30.0 | 3.35 | - | - | - |
| | - | 18.74 | 18.74 | 18.74 | 18.74 |
| Total Benefits | $ 548.2 | $ 72.2 | $ 72.2 | $ 72.2 | $ 72.2 |
| Pensioner Life 2010 Premiums [1] | NA | 7.80 | 7.80 | 7.80 | 7.80 |
| Total | $ 548.2 | $ 80.0 | $ 80.0 | $ 80.0 | $ 80.0 |

NOTES:
1. Pensioner Life Premiums for 2010 have been treated as charge against the distribution in respect of the Pensioner Life Benefit (if any)
2. LTD Life and LTD M&D includes $2.0 million and $5.2 million, respectively, related to LTD individuals who are assumed to proceed to retirement and become eligible as pensioners.
3. The Reserved Asset Method allocates HWT Assets using the reserved asset mix as at December 31, 2009 (as disclosed in the 2009 Health Welfare Trust Financial Statements)
4. Source: Mercer 2010 HWT Preliminary Valuation

REVISED Illustrative Allocation Scenarios

52

# Nortel Health and Welfare Trust

## REVISED Illustrative Allocation Scenarios

Scenario: STB Liability is excluded and Optional Life does not participate

Cdn Millions

**REVISED Appendix D-3**

Scenarios 9 to 11

| Type of Benefit | Benefit Liabilities [3] | 9 All Benefits Share Pro Rata (Distribution %: 15.6%) | 10 Proposed Participating Benefits (Distribution %: 34.4%) | 11 Benefits in Pay Share Pro Rata (Distribution %: 75.1%) |
|---|---|---|---|---|
| Pensioner Life (including ADB) [1] | $ 126.9 | $ 11.96 | $ 35.80 | $ - |
| Pensioner M&D | 251.3 | 39.13 | - | - |
| Pensioner Benefit Total | 378.2 | 51.08 | 35.80 | - |
| LTD Income (including IBNR) | 79.9 | 12.44 | 27.45 | 60.03 |
| LTD M&D [2] | 29.7 | 4.62 | - | - |
| LTD - STB accrued | EXCLUDED | - | - | - |
| LTD Life [2] | 4.5 | 0.70 | 1.55 | - |
| LTD Optional Life Benefit (including IBNR) | 5.3 | 0.83 | 1.83 | - |
| LTD Benefit Total | 119.4 | 18.60 | 30.83 | 60.03 |
| SIB | 16.2 | 2.52 | 5.57 | 12.17 |
| STB - in pay | EXCLUDED | - | - | - |
| STB - accrued | EXCLUDED | - | - | - |
| Optional Life | | - | - | - |
| Total Benefits | $ 513.8 | $ 72.2 | $ 72.2 | $ 72.2 |
| Pensioner Life 2010 Premiums [1] | NA | 7.80 | 7.80 | 7.80 |
| Total | $ 513.8 | $ 80.0 | $ 80.0 | $ 80.0 |

NOTES:
1. Pensioner Life Premiums for 2010 have been treated as charge against the distribution in respect of the Pensioner Life Benefit (if any)
2. LTD Life and LTD M&D includes $2.0 million and $5.2 million, respectively, related to LTD individuals who are assumed to proceed to retirement and become eligible as pensioners.
3. Source: Mercer 2010 HWT Preliminary Valuation (excludes STB Liability)

REVISED Illustrative Allocation Scenarios

53

# Nortel Health and Welfare Trust

REVISED Illustrative Allocation Scenarios

REVISED Appendix D-4

Scenarios 12 to 14

Scenario: STB Liability is excluded and Optional Life is a participating benefit

Cdn Millions

| Type of Benefit | Benefit Liabilities [3] | 12 All Benefits Share Pro Rata (Distribution %: 11.9%) | 13 Proposed Participating Benefits (Distribution %: 26.3%) | 14 Benefits in Pay Share Pro Rata (Distribution %: 55.6%) |
|---|---|---|---|---|
| Pensioner Life (including ADB) [1] | $ 126.9 | $ 7.33 | $ 25.59 | $ - |
| Pensioner M&D | 251.3 | 29.96 | | - |
| Pensioner Benefit Total | 378.2 | 37.29 | 25.59 | - |
| LTD Income (including IBNR) | 79.9 | 9.53 | 21.02 | 44.45 |
| LTD M&D [2] | 29.7 | 3.54 | - | - |
| LTD - STB accrued | EXCLUDED | - | - | - |
| LTD Life [2] | 4.5 | 0.54 | 1.18 | - |
| LTD Optional Life Benefit (including IBNR) | 5.3 | 0.64 | 1.40 | - |
| LTD Benefit Total | 119.4 | 14.24 | 23.61 | 44.45 |
| SIB | 16.2 | 1.93 | 4.26 | 9.01 |
| STB - in pay | EXCLUDED | - | - | - |
| STB - accrued | EXCLUDED | - | - | - |
| Optional Life | - | 18.74 | 18.74 | 18.74 |
| Total Benefits | $ 513.8 | $ 72.2 | $ 72.2 | $ 72.2 |
| Pensioner Life 2010 Premiums [1] | NA | 7.80 | 7.80 | 7.80 |
| Total | $ 508.5 | $ 80.0 | $ 80.0 | $ 80.0 |

NOTES
1. Pensioner Life Premiums for 2010 have been treated as charge against the distribution in respect of the Pensioner Life Benefit (if any)
2. LTD Life and LTD M&D includes $2.0 million and $5.2 million, respectively, related to LTD individuals who are assumed to proceed to retirement and become eligible as pensioners.
3. Source: Mercer 2010 HWT Preliminary Valuation (excludes STB Liability)

REVISED Illustrative Allocation Scenarios

# APPENDIX "D"

# Nortel Health and Welfare Trust

**Appendix D**

## Proposed Sixth HWT Interim Distribution

Cdn (000s)

| Beneficiaries | # of Beneficiaries[1] | Estimated benefit claim[1] | Estimated Cumulative 35% HWT Interim Distributions | First HWT Interim Distribution[2,3] | Second HWT Interim Distribution[2,3] | Third HWT Interim Distribution[2,3] | Fourth HWT Interim Distribution[2,3] | Proposed Sixth HWT Interim Distribution[2,3] |
|---|---|---|---|---|---|---|---|---|
| LTD | 347 | $ 76,390 | $ 26,737 | $ 2,407 | $ 1,426 | $ 14,988 | $ - | $ 7,507 |
| LTD Life | 354 | $ 2,538 | $ 888 | $ - | $ - | $ - | $ 622 | $ 254 |
| LTD Optional Life | 269 | $ 5,036 | $ 1,763 | $ - | $ - | $ - | $ 1,238 | $ 500 |
| STB In Pay | 337 | $ 5,134 | $ 1,797 | $ 418 | $ 94 | $ 772 | $ - | $ 513 |
| SIB | 80 | $ 16,006 | $ 5,602 | $ 335 | $ 224 | $ 3,443 | $ - | $ 1,600 |
| | | $ 105,104 | $ 36,787 | $ 3,160 | $ 1,744 | $ 19,203 | $ 1,860 | $ 10,374 |

The following tables stratify the income beneficiaries by the number of months of monthly benefits[4] that they would receive on a cumulative basis, if a total distribution of 35% on account of Income Benefits, LTD Life Benefits and LTD Optional Life Benefits was approved:

**LTD[3,5]**

| # of months of net[4] monthly benefit | Total HWT Interim distribution | Median HWT Interim distribution | Average HWT Interim distribution | # of beneficiaries |
|---|---|---|---|---|
| <12 | $ 696 | $ 9.2 | $ 12.7 | 55 |
| ≥12 & <18 | 929 | 26.9 | 34.4 | 27 |
| ≥18 & <36 | 7,432 | 49.3 | 69.5 | 107 |
| ≥36 | 19,886 | 97.1 | 121.3 | 164 |
| Total | $ 28,942 | | | 353 |

**SIB[5]**

| # of months of net[4] monthly benefit | Total HWT Interim distribution | Median HWT Interim distribution | Average HWT Interim distribution | # of beneficiaries |
|---|---|---|---|---|
| <12 | $ - | $ - | $ - | - |
| ≥12 & <18 | - | - | - | - |
| ≥18 & <36 | 611 | 32.6 | 35.9 | 17 |
| ≥36 | 4,991 | 88.8 | 79.2 | 63 |
| Total | $ 5,602 | | | 80 |

**STB In Pay[5]**

| # of months of net[4] monthly benefit | Total HWT Interim distribution | Median HWT Interim distribution | Average HWT Interim distribution | # of beneficiaries |
|---|---|---|---|---|
| <12 | $ 733 | $ 3.4 | $ 3.5 | 207 |
| ≥12 & <18 | 968 | 7.6 | 7.9 | 122 |
| ≥18 & <36 | 96 | 11.8 | 11.9 | 8 |
| ≥36 | - | - | - | - |
| Total | $ 1,797 | | | 337 |

[1] Based on data as of December 31, 2010, updated for reported and validated changes, using the methodology used in the Monitor's Fifty-First Report. Numbers are subject to change based on any status changes and estimated benefits are subject to change based on confirmation of personal data. The estimated benefit claim for these same beneficiaries, as reflected in the illustrative HWT Allocation Scenario in Appendix D-1 to the Supplement to the Monitor's Fifty-First Report, totalled $108.2M, based on data as of June 30, 2010.

[2] Amounts exclude IBNR.

[3] The Fourth HWT Interim Distribution was on account of LTD Life and LTD Optional Life Benefits. The First (January), Second (May/June) and Third HWT Interim Distributions were on account of income benefits. The Fifth HWT Interim Distribution, which is not shown here, was on account of pensioner life benefits.

[4] Gross monthly benefits net of other income benefits (i.e. CPP, WSIB) as applicable but before income tax.

[5] Those LTD Beneficiaries who will have received less than the equivalent of 18 months of income Benefits are generally at or close to age 65. The STBs in pay are limited to a 5 year time period and those who will have received less than 18 months of benefits are at or close to the expiry of that period. Because the SIBs are life-time benefits, there are no SIB Beneficiaries who will have received less than 18 months of benefits.

54

Court File No: 09-CL-7950

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

| |
|---|
| *ONTARIO*<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>Proceeding commenced at Toronto |
| **EIGHTY-SECOND REPORT**<br>**OF THE MONITOR**<br>**DATED FEBRUARY 24, 2012** |
| **GOODMANS LLP**<br>Barristers & Solicitors<br>Bay Adelaide Centre, 333 Bay Street<br>Toronto, Canada M5H 2S7<br><br>Jay A. Carfagnini  (LSUC#: 22293T)<br>Fred Myers  (LSUC#: 26301A)<br>Gale Rubenstein (LSUC# 17088E)<br>Melaney J. Wagner (LSUC# 44063B)<br><br>Tel: 416.979.2211<br>Fax: 416.979.1234<br><br>Lawyers for the Monitor, Ernst & Young Inc. |

55

\6048188