**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------X
                                  :

                                  :          Chapter 11

*In re*                              :

                                  :          Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.*,[1]        :

                                  :          Jointly Administered

                      Debtors.      :

                                  :          **RE: D.I. _____**

                                  :
------------------------------------------------------X

**ORDER APPROVING DEBTORS' MOTION PURSUANT TO**
**BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER**
**APPROVING THE STIPULATION OF SETTLEMENT**
**BY AND AMONG CERTAIN AMPHENOL AFFILIATES AND THE DEBTORS**

Upon the motion dated April 10, 2012 (the "Motion"),[2] of the Debtors for entry of an

order, as more fully described in the Motion, authorizing the Debtors' entry into and approving

the Stipulation, attached to the Motion as **Exhibit B**, and granting them such other and further

relief as the Court deems just and proper; and adequate notice of the Motion having been given

as set forth in the Motion; and it appearing that no other or further notice is necessary; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, with each of their respective estates, the "Debtors").  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The Debtors are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3.     Claim No. 5499 is hereby reduced and allowed on a final basis as a general unsecured claim in the reduced amount of $1,197,515.49; the administrative expense priority portion of Claim No. 5499 is disallowed in its entirety.

4.     Claim No. 5501 is hereby reduced and allowed on a final basis as an administrative expense priority claim pursuant to section 503(b)(9) of the Bankruptcy Code in the reduced amount of $61,521.47.

5.     Claim No. 5503 is hereby reduced and allowed on a final basis as a general unsecured claim in the reduced amount of $130,172.54; the administrative expense priority portion of Claim No. 5503 is disallowed in its entirety.

6.     Claim Nos. 5500, 5502, 5504, 5505 and 5506 are hereby disallowed in their entirety and expunged on a final basis.

7.     The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation and are authorized to take any and all actions that may be reasonably necessary or appropriate to perform their obligations arising under the Stipulation,

including modifying the Debtors' claims register in accordance with the terms of the Stipulation and this Order.

8.      The failure to specifically describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision in any way, it being the intent of this Court that the Stipulation be approved in its entirety as if the Stipulation were fully set forth herein.

9.      In the event of any discrepancy between the Stipulation and the terms of a plan under Chapter 11 of the United States Bankruptcy Code confirmed pursuant to an order of this Court with respect to any of the Debtors, the terms of the Stipulation shall govern.

10.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
          Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE