**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                    :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                         :    Case No. 09-10138 (KG)
:
                              Debtors.                     :    Jointly Administered
:
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT BY AND AMONG AMPHENOL CORPORATION, AMPHENOL INTERCONNECT PRODUCTS CORP., AMPHENOL PRINTED CIRCUITS, AMPHENOL TECHNICAL PRODUCTS INTERNATIONAL, AMPHENOL CONNEX CORPORATION AND THE DEBTORS**

This stipulation (the "Stipulation") is entered into by and among Nortel Networks Inc. ("NNI"), and, to the extent provided herein, each of the other Debtors (as defined in footnote 1), and Amphenol Corporation ("Amphenol Corp."), and, to the extent provided herein, each of Amphenol Interconnect Products Corp. ("Amphenol Interconnect"), Amphenol Printed Circuits ("Amphenol Circuits") and Amphenol Technical Products International ("Amphenol International," collectively with Amphenol Corp., Amphenol Interconnect and Amphenol Circuits, the "Claimants"), Amphenol Connex Corporation ("Amphenol Connex," and collectively with the Claimants and the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, with each of their respective estates, the "Debtors"). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

WHEREAS, on January 14, 2009, and July 14, 2009, (the "Petition Dates"), NNI and the other Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about May 25, 2009, pursuant to the *Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Sections 105(a), 362 and 546(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure* [D.I. 336] and the *Notice of Proposed Settlement of Reclamation Demands of Amphenol Corporation and its Affiliates* [D.I. 749], the *Stipulation of Settlement of Reclamation Demand of Amphenol Corporation and its Affiliates* (the "Reclamation Claim Settlement") was approved; and

WHEREAS, pursuant to the Reclamation Claim Settlement, Amphenol Corp. and certain of its affiliates were granted an allowed reclamation claim against NNI in the amount of $95,872.84 and NNI paid $95,872.84 to Amphenol Corp. in full and final satisfaction of such claim, which events are not affected by this Stipulation; and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009, (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010, (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, the Bankruptcy Court established uniform procedures for the filing and resolution of claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code [D.I.

2

590], including the approval of a special claim form for the assertion of such claims (the "503(b)(9) Claim Form"); and

WHEREAS, on or about September 14, 2009, Amphenol Circuits filed proof of claim number 2930 asserting a claim in the amount of $5,828.74 against NNI ("Claim No. 2930"); and

WHEREAS, Claim No. 2930 has been disallowed in full by the Bankruptcy Court's *Order Granting Debtors' First Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Amended Claims)* [D.I. 2324]; and

WHEREAS, on or about September 30, 2009, Amphenol Corp. filed proof of claim number 5499 asserting a claim in the amount of $1,259,036.96 ($84,061.54 of which was asserted as entitled to administrative expense priority) and certain other contingent, unliquidated claims against NNI ("Claim No. 5499"); and

WHEREAS, on or about September 30, 2009, Amphenol Corp. filed proof of claim number 5500 on a 503(b)(9) Claim Form asserting an administrative expense priority claim in the amount of $64,009.49 against NNI ("Claim No. 5500"); and

WHEREAS, on or about September 30, 2009, Amphenol Corp. filed proof of claim number 5501 on a 503(b)(9) Claim Form asserting an administrative expense priority claim in the amount of $84,061.54 against NNI ("Claim No. 5501"); and

WHEREAS, on or about September 30, 2009, Amphenol International filed proof of claim number 5502 on a 503(b)(9) Claim Form asserting an administrative expense priority claim in the amount of $84,061.54 against NNI ("Claim No. 5502"); and

3

WHEREAS, on or about September 30, 2009, Amphenol Corp. filed proof of claim number 5503 asserting a claim in the amount of $205,172.54 ($64,009.49 of which was asserted as entitled to administrative expense priority) and certain other contingent, unliquidated claims against NNI ("Claim No. 5503"); and

WHEREAS, on or about September 30, 2009, Amphenol Circuits filed proof of claim number 5504 asserting a claim in the amount of $5,828.74 and certain other contingent, unliquidated claims against NNI ("Claim No. 5504"); and

WHEREAS, on or about September 30, 2009, Amphenol International filed proof of claim number 5505 asserting a claim in the amount of $1,202,924.83 ($84,061.54 of which was asserted as entitled to administrative expense priority) and certain other contingent, unliquidated claims against NNI ("Claim No. 5505"); and

WHEREAS, on or about September 30, 2009, Amphenol Interconnect filed proof of claim number 5506 asserting a claim in the amount of $50,283.39 and certain other contingent, unliquidated claims against NNI ("Claim No. 5506"); and

WHEREAS, on September 14, 2010, the Debtors filed the *Debtors' Fourteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, No Basis 503(b)(9) Claims and Misclassified 503(b)(9) Claims* [D.I. 3942] (the "Fourteenth Omnibus Objection"), which included objections to Claim Nos. 5500, 5501, 5502, 5504, 5505 and 5506 (the "Redundant Claims") on the basis that such claims were redundant of Claim Nos. 5499 and 5503 (the "Remaining Claims," and together with the Redundant Claims, the "Claims"); and

WHEREAS, although an Order was entered approving the Fourteenth Omnibus Objection [D.I. 4163], a hearing on the Fourteenth Omnibus Objection with respect to the Redundant Claims was continued to the hearing then scheduled for November 23, 2010, a date that since has been continued numerous times on consent of the Parties, most recently to the hearing scheduled for [March 22], 2012; and

WHEREAS, by letter dated April 29, 2011, NNI informed Amphenol Corp. that Thomas & Betts Manufacturing, Inc. a/k/a Thomas & Betts Fabrication Inc. d/b/a its GFI Division ("T&B"), the defendant in the adversary proceeding numbered 11-50203 and alleged recipient of preferential transfers from NNI, had asserted the "conduit" defense with respect to a transfer of $1,062,933 from NNI to T&B (the "Indirect Preference"), which according to T&B was for Amphenol Corp.'s benefit and was passed on to Amphenol Corp. by T&B; and

WHEREAS, NNI asserts that its books and records reflect that within ninety (90) days prior to the Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit of Amphenol Corp., Amphenol International, Amphenol Interconnect and Amphenol Connex (collectively, the "Subject Transfer Recipients") in the aggregate amount of $1,915,669.15; and

WHEREAS, in October 2010, NNI informed Amphenol Corp. of the Subsequent Transfer Recipients' potential preference exposure according to NNI's books and records; and

WHEREAS, NNI and Amphenol Corp., on behalf of itself and its affiliates, entered into a tolling agreement on January 12, 2011, (the "Initial Tolling Agreement") pursuant to which NNI and Amphenol Corp. agreed, among other things, that the running of any applicable limitations period including, but not limited to, the time period set forth in section 546(a) of the Bankruptcy Code, and any applicable statute of limitations, with respect to any

claim, action or proceeding relating in any respect to the transfers identified at that time, pursuant to sections 547, 550, 551 or 502(d) of the Bankruptcy Code, or under any other provision of law or legal theory (collectively, including for the avoidance of doubt the Indirect Preference, the "Potential Preference Action"), shall be deemed tolled until February 28, 2011; and

WHEREAS, the Initial Tolling Agreement has been extended numerous times on consent of the Parties, most recently until [March 6], 2012; and

WHEREAS, Amphenol Corp., on behalf of itself and its affiliates, has informally asserted various defenses to the Potential Preference Action; and

WHEREAS, on July 14, 2009, in the ordinary course of business, Amphenol Corp., on behalf of itself and its affiliates (collectively, "Amphenol"), and NNI entered into an agreement (the "Post-Petition Agreement") under which, among other things, Amphenol agreed to purchase and maintain sufficient inventory in order to satisfy purchase orders placed by NNI on certain terms and NNI agreed to purchase certain remaining inventory from Amphenol in the event NNI discontinued its operations or in certain other circumstances in accordance with the Post-Petition Agreement (the "Remaining Inventory"); and

WHEREAS, on November 18, 2010, Amphenol Corp. asserted that NNI was obligated to purchase Remaining Inventory in the amount of $1,030,522 under the Post-Petition Agreement, an amount later reduced to $1,024,676 (the "Post-Petition Demand") as a result of mitigation efforts by Amphenol; and

WHEREAS, NNI has informally asserted various defenses to payment of the full amount of the Post-Petition Demand; and

6

WHEREAS, on September 16, 2010, the Bankruptcy Court entered an *Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims* [D.I. 3953], which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed proofs of claim that were originally filed in an amount equal to or greater than $1,000,000; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an *Order Authorizing And Approving Settlement Procedures to Settle Certain Avoidance Claims* [D.I. 4211], which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims, the Potential Preference Action and the Post-Petition Demand, the Parties have agreed to this Stipulation to resolve their disputes.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree and stipulate as follows:

1. <u>Resolution of Claims</u>.  On the Settlement Date (as defined in paragraph 1(f), below):

    (a) Claim No. 5499 shall be reduced from $1,259,036.96 to $1,197,515.49 and allowed on a final basis not subject to further offset, defense, reclassification, reduction or reconsideration as a general unsecured claim in the amount of $1,197,515.49 by Amphenol Corp. against NNI.

(b) Claim No. 5501 shall be reduced from $84,061.54 to $61,521.47 and allowed on a final basis not subject to further offset, defense, reclassification, reduction or reconsideration as an administrative expense priority claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $61,521.47 by Amphenol Corp. against NNI.

(c) Claim No. 5503 shall be reduced from $205,172.54 to $130,172.54 and allowed on a final basis not subject to further offset, defense, reclassification, reduction or reconsideration as a general unsecured claim in the amount of $130,172.54 by Amphenol Corp. against NNI.

(d) Claim Nos. 5499, 5501 and 5503 shall be deemed amended to reflect the final allowance of such claims as described in the foregoing sub-paragraphs 1(a), 1(b) and 1(c) (collectively, the "Allowed Claims"), respectively.  The Allowed Claims shall be granted in full satisfaction of any and all claims that have been or could have been asserted in, or in connection with, the Claims and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court.  The Claimants shall not have any further claims against the Debtors based on the Debtors' schedules, and the Debtors waive all rights to object to, disallow, expunge or otherwise seek to modify the Allowed Claims.

(e) Claim Nos. 5500, 5502, 5504, 5505 and 5506 shall be disallowed in their entirety and expunged.

(f) "Final Order" means:  (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms (unless agreed to by the Parties in writing), pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken (A) the affirmance of such order in its

entirety, without modification (unless agreed to by the Parties in writing), by the court of last resort to which an appeal of such order may be taken or (B) withdrawal with prejudice of such appeal. The date on which such order becomes a Final Order shall be the "Settlement Date" for purposes of this Stipulation.

2.     Resolution of Post-Petition Demand. NNI shall pay $595,000 to Amphenol Corp. or its designee (the "Payment") within five (5) business days after the Settlement Date in accordance with the wiring instructions attached hereto as Schedule 1, and the Debtors hereby waive all interests in or rights to any Remaining Inventory.

3.     Potential Preference Action. The Debtors shall not commence the Potential Preference Action against the Subject Transfer Recipients and waive all rights to commence any other action or proceeding pursuant to Chapter 5 of the Bankruptcy Code or similar law for the avoidance and/or recovery of property against the Claimants and Amphenol Connex.

4.     Release of Debtors.

(a) "Released Nortel Claims" means any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, costs and expenses (including, without limitation, attorneys' fees) whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that any of the Claimants and Amphenol Connex now has, had, may have had, or hereafter may have against any of the Debtors and each of their subsidiaries[2] (together the "Debtor Releasees"), including, without limitation, those arising from

---

[2]     The Debtors subsidiaries are: Nortel Networks India International Inc.; Nortel Ventures LLC; Nortel Networks Technology Ltd.; Bay Networks Redes de Dados para Sistemas Informaticos, Lda.; Nortel Networks Eastern Mediterranean Ltd.; Nortel Technology Excellence Centre Private Limited; Nortel Networks Japan; Nortel Networks Technology K.K.; Nortel Networks Southeast Asia Pte Ltd.; Nortel Networks Technology (Thailand) Ltd.; Nortel AltSystems International Limited; Nortel AltSystems AB; Nortel Networks de Guatemala, Ltda.; and Nortel Trinidad and Tobago Limited.

9

or related to the Claims, the Master Purchase Agreement between Nortel Networks Limited and Amphenol Corp. dated December 4, 2007 (as amended or supplemented since that date, including with respect to related purchase orders, the "MPSA"), the Post-Petition Agreement, the Post-Petition Demand and the Potential Preference Action.

(b) On the Settlement Date, each of the Claimants and Amphenol Connex releases and forever discharges all Released Nortel Claims as against each of the Debtor Releasees and, with respect to each of the Debtor Releasees, each of their: general partners, limited partners, shareholders, directors, officers, employees, agents and attorneys, and each of their predecessors, successors and assigns; provided that (i) no obligation under this Stipulation shall be released hereby, and (ii) nothing herein shall release or otherwise affect any claims against Nortel Networks Limited, Nortel Networks Technology Corporation and Nortel Networks UK Limited. For the avoidance of doubt, the Claimants and Amphenol Connex release any and all claims arising under section 502(h) of the Bankruptcy Code.

5. Release of Claimants and Amphenol Connex.

(a) "Released Amphenol Claims" means any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, costs and expenses (including, without limitation, attorneys' fees) whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that any of the Debtors has, had, may have had, or hereafter may have against any of the Claimants and Amphenol Connex and each of their subsidiaries (together the "Amphenol Releasees"), including, without limitation, those arising from or related to the MPSA, the Post-Petition Agreement, the Post-Petition Demand, the

10

Potential Preference Action and any other action or proceeding pursuant to Chapter 5 of the Bankruptcy Code or similar law for the avoidance and/or recovery of property.

(b) On the Settlement Date, each of the Debtors releases and forever discharges all Released Amphenol Claims as against each of the Amphenol Releasees and, with respect to each of the Amphenol Releasees, each of their: general partners, limited partners, shareholders, directors, officers, employees, agents and attorneys, and each of their predecessors, successors and assigns; provided that no obligation under this Stipulation shall be released hereby.

6. <u>Release Waiver</u>. With respect to the releases provided herein, the Parties further acknowledge and expressly waive the benefit of any statutory provision or common law rule that provides that a release does not extend to claims that a party does not know or suspect to exist in its favor at the time of execution, including, without limitation, the provisions of California Civil Code Section 1542.

7. <u>No Further Claims</u>. On the Settlement Date (a) the Claimants and Amphenol Connex shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim or cause of action against any of the Debtors in the Debtors' Chapter 11 cases with respect to the matters released pursuant to paragraph 4, and (b) the Debtors shall be forever barred from (i) seeking to challenge or modify the Allowed Claims or NNI's obligation to make the Payment or (ii) filing or otherwise asserting any further claim or cause of action against Claimants and Amphenol Connex with respect to the matters released pursuant to paragraph 5.

8. <u>Binding Effect</u>. This Stipulation shall be binding, in accordance with its terms, upon the Parties, and their respective successors and assigns, including without limitation, any

11

trustee, receiver or other estate representative that hereafter may be appointed with respect to any Debtor.

9. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement among the Parties and supersedes all prior or contemporaneous written or oral communications, understandings or agreements with respect to the subject matter hereof, and this Stipulation cannot be amended except by an authorized written agreement among the Parties.

10. <u>No Transfer</u>.  Claimants represent that they have not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party.

11. <u>No Admissions</u>.  Each Party acknowledges and agrees that this is a settlement and that nothing herein constitutes an admission or concession of any fact or legal issue raised in or relating to the Claims, the Post-Petition Agreement, the Post-Petition Demand or the Potential Preference Action for any purpose other than enforcement of the terms of this Stipulation.

12. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

13. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation or enforcement of this Stipulation and any disputes arising hereunder or with respect hereto.

14. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

15. <u>Notice to Subsidiaries</u>.  The Debtors shall provide notice of the motion seeking Bankruptcy Court approval of this Stipulation to each of their subsidiaries listed in footnote 2 and each of Amphenol Corp.'s subsidiaries.  Amphenol Corp. agrees that the Debtors' obligation to provide such notice to each of Amphenol Corp.'s subsidiaries will be satisfied by providing notice to Amphenol Corp.

16. <u>Court Approval</u>.  In the event this Stipulation is not approved by the Bankruptcy Court, all of the rights and defenses of each Party, including those with respect to the Claims, the Post-Petition Agreement, the Post-Petition Demand or the Potential Preference Action are reserved; no provision hereof (other than this paragraph) shall be of any further force or effect; and this proposed settlement shall not constitute an admission by any Party of any matter for any purpose.

17. <u>Efforts</u>.  The Parties agree that they will use their commercially reasonable efforts to obtain a Final Order within 90 days of the date hereof.

18. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation from and after the Settlement Date.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: March 30, 2012

NORTEL NETWORKS INC.

By: ______________________
John Ray
Principal Officer

NORTEL NETWORKS CAPITAL CORPORATION

By: ______________________
John Ray
Principal Officer

NORTEL ALTSYSTEMS INC.

By: ______________________
John Ray
Principal Officer

NORTEL ALTSYSTEMS INTERNATIONAL INC.

By: ______________________
John Ray
Principal Officer

XROS, INC.

By: ______________________
John Ray
Principal Officer

AMPHENOL CORPORATION

By: ______________________
Edward C. Wetmore
Vice President, Secretary and General Counsel

AMPHENOL TECHNICAL PRODUCTS INTERNATIONAL

By: ______________________
Edward C. Wetmore
Secretary and General Counsel

AMPHENOL PRINTED CIRCUITS

By: ______________________
Edward C. Wetmore
Secretary and General Counsel

AMPHENOL INTERCONNECT PRODUCTS CORP.

By: ______________________
Edward C. Wetmore
Secretary and General Counsel

AMPHENOL CONNEX CORPORATION

By: ______________________
Edward C. Wetmore
Secretary and General Counsel

SONOMA SYSTEMS

By: _/s/ John Ray/_
John Ray
Principal Officer

QTERA CORPORATION

By: _/s/ John Ray/_
John Ray
Principal Officer

CORETEK, INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

NORTEL NETWORKS
APPLICATIONS MANAGEMENT
SOLUTIONS INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

NORTEL NETWORKS OPTICAL
COMPONENTS INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

NORTEL NETWORKS HPOCS INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

ARCHITEL SYSTEMS (U.S.)
CORPORATION

By: _/s/ John Ray/_
John Ray
Principal Officer

NORTEL NETWORKS INTERNATIONAL INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

NORTHERN TELECOM INTERNATIONAL INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

NORTEL NETWORKS CABLE SOLUTIONS INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

NORTEL NETWORKS (CALA) INC.

By: _/s/ John Ray/_
John Ray
Principal Officer

## Schedule 1

Bank Name:  HSBC Bank Canada
Address:  330 St. Mary Avenue, Winnipeg, Manitoba, Canada, R3C3Z5
Account Number:  10317-101161-071
Currency:  USD
Account Beneficiary's Name:  Amphenol TAT Technologies
SWIFT Code:  HKBC CATT