IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| NORTEL NETWORKS INC., *et al.*,[1] | ) |
| | ) Case No. 09-10138 (KG) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Re: Docket Nos. 7394, 7434, 7464 & 7485** |
| | ) |
| | ) Objection Deadline: March 28, 2012 at 4:00 p.m. |
| | ) (extended for certain parties) |
| | ) Hearing Date: April 18, 2012 at 10:00 a.m. |

**THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS'
OMNIBUS REPLY TO THE DEBTORS' OBJECTION AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO
THE MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY
PARTICIPANTS FOR AN ORDER LIFTING OR, IN THE ALTERNATIVE,
INCREASING THE LIMITS ON FEES FOR LTD COMMITTEE COUNSEL**

The Official Committee of Long Term Disability Participant's (the "LTD Committee") hereby replies (the "Reply") to (i) *Debtors' Objection to the Motion of the Official Committee of Long Term Disability Participants for an Order Lifting or, in the Alternative, Increasing the Limits on Fees for LTD Committee Counsel* (Docket No. 7464) (the "Debtors' Objection") filed on March 28, 2012, and (ii) *Response of the Official Committee of Unsecured Creditors to Motion of the Official Committee of Long Term Disability Participants for an Order Lifting or, in the Alternative, Increasing the Limits on Fees for LTD Committee Counsel* (Docket No. 7485 (the "Creditors' Committee's Response," and collectively with the Debtors' Objection, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

"Objections") filed on April 3, 2012. In support of this Reply, the LTD Committee respectfully submits as follows:

1.  By its *Motion of the Official Committee of Long Term Disability Participants for an Order Lifting or, in the Alternative, Increasing the Limits on Fees for LTD Committee Counsel* (Docket No. 7394) (the "LTD Motion"), filed March 16, 2012, the LTD Committee seeks to lift the current self-imposed limit on the LTD Committee's professional fees (the "Fee Cap"), or, in the alternative, increase the Fee Cap by $200,000 (the "Fee Cap Increase").

2.  As set forth in the Objections, both the above-captioned debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "Creditors' Committee") agree to the Fee Cap Increase; however, the Debtors condition their assent to the Fee Cap Increase on the LTD Committee's agreement to participate in mediation. *See Debtors' Objection*, ¶ 3 and *Creditors' Committee Response*, ¶¶ 1 and 12.

3.  On April 11, 2012, the LTD Committee filed a response (Docket No. 7515) (the "Mediation Response") to *Debtors' Motion For Entry Of An Order (I) Appointing A Neutral Mediator Concerning The Modification Or Termination Of The Nortel Retiree Welfare Plans And The Nortel Long Term Disability Plans; (Ii) Authorizing Debtors To Pay The Costs Of Engagement; And (Iii) Granting Related Relief* (Docket No. 7463) (the "Mediation Motion"), in which the LTD Committee agreed to mediate, but requested modest modifications to the proposed form of order for the Debtors' Mediation Motion in order to advance a fair and equitable mediation process. Therefore, as the LTD Committee has agreed to mediate (and expressed its agreement to the Debtors prior to the Debtors filing of the Mediation Motion), the opposition of the Debtors and the Creditors' Committee to the Fee Cap Increase is mooted. No other party objected to the relief requested in the LTD Committee's Motion.

4. Therefore, the only remaining issue before the Court regarding the LTD Motion is its alternative request to remove the Fee Cap altogether, which both the Debtors and the Creditors' Committee oppose. The Fee Cap creates an artificial and unnecessary constraint on the LTD Committee counsel's efforts to zealously represent the LTD Committee. The LTD Committee believes removal of the Fee Cap is appropriate at this juncture, given the demonstrated tactical advantage it provides the Debtors and the Creditors' Committee, as evidenced by the Objections.

5. The Debtors have already attempted to use the Fee Cap as leverage to force the LTD Committee to mediate. The Debtors' assent to the Fee Cap Increase was conditioned on the LTD Committee's agreement to mediate, coupled with a concomitant objection to the Fee Cap Increase if the Mediation Motion was denied. *Debtors' Objection*, ¶ 7 ("the Debtors object to the elimination of the fee cap entirely, but do not oppose a final additional $200,000 increase in the fee cap over the next four months if granted in conjunction with the appointment of a neutral third-party mediator by this Court. Should the Mediation Motion be denied, the Debtors would then object to the proposed fee increase as well."). *Id.* The LTD Committee fears that the Debtors and other parties in interest will continue to use the Fee Cap to gain an unfair tactical litigation advantage that results in an inequitable and unequal bargaining advantage for the Debtors and the Creditors' Committee.

6. Moreover, the Debtors' attempt to unfairly use the Fee Cap to its advantage is evidenced in the Debtors' complaint that the LTD Committee "appears to be focused primarily, if not solely, on developing a litigation strategy against the Debtors rather than exploring a consensual winddown [sic] of the LTD Plans" (*Debtors' Objection*, ¶ 2), which actually flies in the face of the detailed breakdown of activities the LTD Committee has been engaged in to date

contained in the LTD Motion. *See, e.g., LTD Motion*, pp. 7 – 12. In fact, the Debtors go so far as to suggest that the LTD Committee's activities "is a basis for disbanding the LTD Committee and allowing the employees to bear the costs of their strategy, rather than removing fee caps and allowing such a tact to continue indefinitely." *Debtors' Objection*, ¶ 6.

7.  The LTD Committee was appointed "for the sole purpose of serving as the authorized representative of the LTD Participants in connection with **negotiations regarding the modification or termination of the LTD Plan, and any claims relating thereto** and for no other purpose . . . ." *See Order Authorizing the Employment and Retention of Elliott Greenleaf as Counsel to the Official Committee of Long Term Disability Participants, nunc pro tunc to August 2, 2011* (Docket No. 6415). The LTD Committee and its counsel have a fiduciary duty to examine any claims related to modification and termination of the benefit plans, and to both analyze any proposal put forth by the Debtors, *ad hoc* committee of bondholders or Creditors' Committee, as well as develop a legal position and financial analysis to negotiate with these constituencies. It is improper for the Debtors to attempt to curtail the fiduciary duties of the LTD Committee by imposing restrictions or conditions on the payment of LTD Committee professionals. For this reason alone, the Fee Cap should be removed.

8.  Importantly, the Bankruptcy Code itself provides safeguards as all professionals' fee applications must be publically filed and are subject to objection by any interested party, including the Debtors, the United States Trustee and the Court, thereby negating the Creditors' Committee fear that removal of the Fee Cap would "allow LTD Committee Counsel to accrue fees on an unlimited basis." *Creditors' Committee Response*, ¶ 10. Counsel's fees and expenses would still be subject to the reasonableness requirements of section 330 of the Bankruptcy Code. Therefore, there is no reason to limit LTD Committee counsel's fees to an artificial cap and

continue to require the LTD Committee to request further increases to the Fee Cap. It is therefore necessary and appropriate for this Court to lift the Fee Cap and allow the LTD counsel to be judge according to the same standards as other professionals in the case receiving fees and expenses from the estate.

9. On April 13, 2012, counsel for the LTD Committee, the Retiree Committee (as defined herein), the Creditors' Committee and the Debtors engaged in negotiations in an attempt to consensually resolve the Fee Cap issue in a manner that prevents any party from using professionals' fees as a tactical advantage. Although the LTD Committee is hopeful that the parties are close to a resolution, one was not reached prior to the deadline for filing this Reply.

10. It is important to remember what is at stake for the LTD Committee and its constituency. The LTD Participants, employees of the Debtors, were promised long term disability benefits in the event they should be impaired by a serious and long term disability and hoping to insure themselves and their families in case the unforeseeable should happen, unfortunately faced the "worst case scenario" and had to rely upon their long term disability benefits. The LTD Participants lack the physical ability to find other employment and have no other means for gainful employment. They also have spouses and children who depend on them for support. Now these people face the potential termination of their health and disability benefits. Debtors' response is to call for the disbanding of the LTD Committee, effectively forcing them to bear the financial burden of the circumstances they did everything to protect against.

11. Further, it is irrelevant to the relief requested by the LTD Committee that there is a separate Retiree Committee or that there are fewer LTD Participants than retirees, absent a determination that the LTD Participants are in fact retirees subject to the protections afforded by

section 1114 of the Bankruptcy Code. As set forth above, the LTD Participants are not in the same position as the Retirees; their needs and income potential are obviously different. Additionally, although there are a fewer number of LTD Participants than retirees, the fees incurred by the LTD Committee professionals is also correspondingly less than that of the Retiree Committee professionals.

12. Finally, the LTD Committee disputes the statements of the Debtors' and the Creditors' Committee's statement that section 1114 of the Bankruptcy Code does not provide certain protections to the benefits of the LTD Participants. S*ee Creditors' Committee Response*, ¶ 11 and *Debtors' Objection*, pp. 1-2, n. 3. Likewise, the LTD Committee does not agree that "the Debtors have the contractual right to unilaterally terminate the employment of the LTD Participants and LTD Plans without incurring further liability." *Debtors' Objection*, ¶ 7. Accordingly, this Reply serves as a full reservation of rights as to these and any other legal arguments that have been encapsulated in the Objections.

13. The LTD Committee agrees with the Debtors that "the time to determine if such a resolution can be reached is now," but disagrees with the Debtors' statement that "indeed it was [the time] several months ago" (*Debtors' Objection*, ¶ 2), given that the LTD Committee, the Official Committee of Retirees (the "Retiree Committee"), and their financial advisors, Alvarez & Marsal Healthcare Industry Group, LLC, have been submerged in the process of obtaining substantial and complex data from the Debtors and other parties, and analysis of the same. The Debtors attempt to mischaracterize the efforts of the LTD Committee and Retiree Committee as a "lack of progress" (*Debtors' Objection*, ¶ 3) is unfair; this general mischaracterization was addressed more fully in the LTD Committee's Mediation Response. Nonetheless, the LTD

Committee and its professionals remain hopeful that the time for resolution is near and that all parties can continue to work towards that end.

WHEREFORE, the LTD Committee respectfully submits this Reply and requests that the Court (i) enter the proposed Order lifting the Fee Cap, or in the alternative, (ii) increasing the current Fee Cap by an additional $200,000, and (iii) grant such other and further relief as it deems just and proper.

Dated: April 13, 2012

ELLIOTT GREENLEAF

*/s/ Shelley A. Kinsella*

Rafael X. Zahraddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Jonathan M. Stemerman (DE Bar No. 4510)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: jms@elliottgreenleaf.com

*Counsel to the Official Committee of*
*Long Term Disability Participants*