**EXHIBIT B**
**Reply**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

*In re*

Nortel Networks Inc., *et al.*,[1]

               Debtors.

-------------------------------------------------------- X

:
:
:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Hearing date: April 18, 2012 10:00 AM (ET)**

**Re:  D.I. 7463, 7513, 7515**

## DEBTORS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR ENTRY OF AN ORDER (I) APPOINTING A NEUTRAL MEDIATOR CONCERNING THE MODIFICATION OR TERMINATION OF THE NORTEL RETIREE WELFARE PLANS AND THE NORTEL LONG-TERM DISABILITY PLANS; (II) AUTHORIZING THE DEBTORS TO PAY THE COSTS OF ENGAGEMENT; AND (III) GRANTING RELATED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), respectfully submit this reply (the "Reply") in further

support of, and in reply to the responses of the Retiree Committee and LTD Committee

(collectively, the "Responses")[2] to, the Debtors' *Motion for Entry of an Order (I) Appointing a*

*Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]      See Response of the Official Committee of Retired Employees to the Debtors' Motion for Appointment of a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long-Term Disability Plan [D.I. 7513]; The Official Committee of Long Term Disability Participants' Response to Debtors' Motion for Entry of an Order (I) Appointing a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long Term Disability Plans; (II) Authorizing Debtors to Pay the Costs of Engagement; and (III) Granting Related Relief [D.I. 7515].

*Plans and the Nortel Long Term Disability Plans; (II) Authorizing the Debtors to Pay the Costs*

*of Engagement; and (III) Granting Related Relief* (the "<u>Mediation Motion</u>").[3]

1.       The Responses are noteworthy in that they reveal the extent to which the Debtors

and the Retiree Committee and LTD Committee disagree regarding the respective parties' rights,

the amount of progress that has been made and the reasons why we still remain eight months into

this process without having received a response or proposal from either Committee.[4]

Thankfully, the Committees both agree that the appointment of a mediator may serve to advance

this process and therefore all parties support the appointment of a mediator.  Consistent with

Rule 9019-2(e)(i) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware, the Debtors have been in active discussions with

the Retiree Committee, the LTD Committee, the UCC and have consulted with the Bondholder

Group to see whether the parties can reach an agreement on an individual who can serve as a

mediator.  These discussions are continuing, and the Debtors are hopeful that such an agreement

can be reached.

2.       To the extent that the parties cannot agree on a mediator prior to the hearing on

the Mediation Motion, the Debtors are concerned that the selection process not be further

delayed and would object to either the Retiree Committee or the LTD Committee having consent

rights over a mediator coupled with a further prolonged period to discuss the selection of an

appropriate mediator.  Rather, the Debtors respectfully request that the Court intercede to appoint

a mediator if the parties cannot reach agreement on a mediator prior to the hearing.  Above any

---

[3]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Mediation Motion.

[4]       While the Debtors disagree with the characterizations in the Responses with respect to the status of the exchange of information and the negotiations, the Debtors do not wish to engage in needless back and forth about the Debtors' good faith efforts throughout the process to date where the parties agree generally on the appointment of a mediator.  However, to the extent that the Mediation Motion is granted, the record should make clear that such issues are not being adjudicated at this time and all parties' rights are reserved with respect to such matters.

other qualities, it is vitally important that the mediator be both sophisticated and truly independent and unbiased in order to have credibility with all the parties. We are aware that in other complex cases pending in the District of Delaware, various judges of this Court have served as mediators. Absent an agreement among the parties, the Debtors would support that approach in this case.

3.      Aside from the selection of a mediator, the Committees have proposed certain other changes to the Debtors' proposed form of order approving the Mediation Motion. While not reflected in the Responses, the Debtors have engaged with the Committees on the proposed form of order, including by sharing a draft of the motion and proposed order with the Committees prior to filing and incorporating some suggested changes into the proposed form of order originally filed with the Court. The Debtors have been in further communication with the Committees and have provided additional feedback to the Committees' proposed changes both prior to and since the filing of the Responses.

4.      Based on these exchanges with the Committees, and putting aside the selection of a mediator, the parties have agreed in principle on a revised form of order other than with respect to one issue – the Committees' proposal that the Debtors be affirmatively prohibited from being able to seek the modification or termination of benefits under the Plans for an indefinite period of time while the mediation is pending. Such a request is simply inappropriate. Bankruptcy Code section 1114 sets forth specific procedures for the negotiation of the modification or termination of retiree benefits – including requiring the exchange of certain information and the parties meeting and conferring in good faith – and the instances in which the Court can approve a non-consensual modification or termination of benefits. The Debtors proposed the appointment of a mediator to further and to expedite this process, and not to waive or curtail their right to seek

relief from the Court as permitted under section 1114.[5]   While the Committees have suggested a

stay is necessary to prevent the Debtors from threatening to seek judicial relief as leverage in the

mediation process, such concerns are misplaced at best.  The Debtors have proposed to mediate

these issues in good faith, consistent with their good-faith efforts over the last several months

and if the Debtors were driven to seek Court relief before a formal impasse is declared in

mediation, the Debtors would be cognizant of the showings that would need to be made to the

Court.  The Committees do not need further protections that, under the Committees' own logic,

could have the perverse effect of giving them artificial leverage (real or perceived) in

maintaining benefits for an extended period through their conduct in the mediation.  Rather, the

status quo should be maintained and the order should be silent on this point.  Indeed, the

maintenance of the status quo is essential in light of the re-commencement of the separate

mediation over the allocation of the $7.5 billion in sale proceeds.  In the event that a settlement is

reached on allocation, the existence of an indefinite stay of those rights the Debtors possess

today could substantially delay the ultimate resolution of these cases.

     5.      While the Debtors strongly oppose imposing any additional constraints on their

rights under section 1114, in the spirit of compromise, the Debtors informed the Committees of

their willingness to agree to a limited standstill for 60 days from the entry of the Order on the

condition that the Debtors' rights were otherwise expressly preserved. The Debtors specifically

proposed the following language to the Committees:

> The Debtor may not take any steps to seek to modify or terminate
> benefits under the Nortel Retiree Welfare Plans and the Nortel
> LTD Plans for sixty (60) days from the entry of this Order, unless
> the mediation concludes earlier, which period may be extended
> further upon mutual agreement of the Debtors, Creditors

---

[5]    As the LTD Committee is appointed under section 1102(a)(2) not section 1114, the Debtors are not constrained by such standards in seeking relief although the Debtors have proceeded and intend to continue to proceed in good faith in their discussions with the LTD Committee.

Committee, Bondholder Group, Retiree Committee and the LTD
Committee.  This agreed upon provision shall not constitute a
finding regarding the Debtors' rights to modify or terminate
benefits under the Nortel Retiree Welfare Plans and the Nortel
LTD Plans pursuant to applicable law, or with respect to the
Retiree Committee's or LTD Committee's rights to oppose any
request by the Debtors to modify or terminate such benefits.

The Debtors did not believe such a concession was necessary and merely reflected the Debtors'

intention to proceed in good faith.  However, that proposed compromise was rejected summarily

by the Committees and has been withdrawn by the Debtors.

6.    Accordingly, for the reasons stated herein, the Debtors respectfully request that

the Court grant the Mediation Motion in the form of the modified proposed order attached as

Exhibit A hereto.

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant the Mediation

Motion and the relief requested therein; (ii) enter the modified proposed order attached as

Exhibit A hereto; and (iii) grant such other and further relief as it deems just and proper.


Dated:  April 16, 2012          CLEARY GOTTLIEB STEEN & HAMILTON LLP
        Wilmington, Delaware

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

      - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

<u>**Exhibit A**</u>
**Modified Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
    :
    :        Chapter 11
    :
*In re*    :        Case No. 09-10138 (KG)
    :
Nortel Networks Inc., *et al.*,[1]    :        Jointly Administered
    :
           Debtors.    :
    :        **RE: D.I. _____**
    :
----------------------------------------------------------X

**ORDER (I) APPOINTING A NEUTRAL MEDIATOR CONCERNING
THE MODIFICATION OR TERMINATION OF THE NORTEL RETIREE
WELFARE PLANS AND THE NORTEL LONG-TERM DISABILITY
PLANS; (II) AUTHORIZING THE DEBTORS TO PAY
THE COSTS OF ENGAGEMENT; AND (III) GRANTING RELATED RELIEF**

Upon the motion dated March 28, 2012 (the "Motion"),[2] of Nortel Networks Inc. and

certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, (i) appointing a neutral

mediator concerning the modification or termination of the Nortel Retiree Welfare Plans and the

Nortel LTD Plans; (ii) authorizing the Debtors to pay the costs of engagement; and (iii) granting

them such other and further relief as the Court deems just and proper and adequate notice of the

Motion having been given as set forth in the Motion; and it appearing that no other or further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      _____ is appointed neutral mediator (the "Mediator") in connection with the modification or termination of the Nortel Retiree Welfare Plans and the Nortel LTD Plans subject to Local Bankruptcy Rules 9019-2, 9019-3 and 9019-5, provided that the Mediator may modify deadlines set forth in those rules.

3.      For the purposes of Local Bankruptcy Rule 9019-2 and this Order, the mediation parties are (a) the Debtors; (b) the Retiree Committee; (c) the LTD Committee; (d) the UCC; and (e) the Bondholder Group (the "Mediation Parties").

4.      Notwithstanding the Local Bankruptcy Rules, the Mediator may conduct the mediation as the Mediator sees fit, establish rules of the mediation and location of the mediation sessions, and consider and take appropriate action on any matters the Mediator deems appropriate which may assist the Mediation Parties in resolving disputes.

5.      The Debtors are authorized and directed to pay the reasonable fees and costs related to the services of the Mediator.

2

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      Nothing contained herein: (a) constitutes a finding or a determination whether the parties have conferred in good faith to date in attempting to reach mutually satisfactory modifications of benefits under the Nortel Retiree Welfare Plans and the Nortel LTD Plans or have otherwise satisfied any of the provisions of Bankruptcy Code section 1114; or (b) precludes any party from arguing in a subsequent proceeding brought before this Court that the mediation constitutes evidence that the parties have conferred in good faith in attempting to reach mutually satisfactory modifications of benefits under the Nortel Retiree Welfare Plans and the Nortel LTD Plans or any party from opposing such argument.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2012          _____
        Wilmington, Delaware            THE HONORABLE KEVIN GROSS
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE