IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
In re                                                          :   Chapter 11
                                                               :
                                                               :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                               :
                                                               :   Jointly Administered
             Debtors.                                          :
                                                               :
                                                               :   RE: D.I. 7463
                                                               :
---------------------------------------------------------------X

### ORDER (I) APPOINTING A NEUTRAL MEDIATOR CONCERNING THE MODIFICATION OR TERMINATION OF THE NORTEL RETIREE WELFARE PLANS AND THE NORTEL LONG-TERM DISABILITY PLANS; (II) AUTHORIZING THE DEBTORS TO PAY THE COSTS OF ENGAGEMENT; AND (III) GRANTING RELATED RELIEF

Upon the motion dated March 28, 2012 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, (i) appointing a neutral mediator concerning the modification or termination of the Nortel Retiree Welfare Plans and the Nortel LTD Plans; (ii) authorizing the Debtors to pay the costs of engagement; and (iii) granting them such other and further relief as the Court deems just and proper and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Richard Levin is appointed neutral mediator (the "Mediator") in connection with the modification or termination of the Nortel Retiree Welfare Plans and the Nortel LTD Plans subject to Local Bankruptcy Rules 9019-2, 9019-3 and 9019-5, provided that the Mediator may modify deadlines set forth in those rules.

3. For the purposes of Local Bankruptcy Rule 9019-2 and this Order, the mediation parties are (a) the Debtors; (b) the Retiree Committee; (c) the LTD Committee; (d) the UCC; and (e) the Bondholder Group (the "Mediation Parties").

4. Notwithstanding the Local Bankruptcy Rules, the Mediator may conduct the mediation as the Mediator sees fit, establish rules of the mediation and location of the mediation sessions, and consider and take appropriate action on any matters the Mediator deems appropriate which may assist the Mediation Parties in resolving disputes.

5. The Debtors are authorized and directed to pay the reasonable fees and costs related to the services of the Mediator.

6.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.  The Debtors, the UCC and the Bondholder Group agree that for a period of 60 days following entry of this order (the "Standstill Period"), they will not seek either individually or collectively, any relief from this Court that will seek to modify or terminate benefits under the Plans. The Retiree Committee and the LTD Committee agree that during the Standstill Period, neither Committee shall seek any relief, whether before this Court or otherwise, with respect to the Plans, including without limitation, any determination as to the status or enforceability of the Debtors' obligations, if any, under the Plans. During the Standstill Period each Mediation Participant agrees that it will negotiate, and participate in the mediation, in good faith. Each Mediation Participant also recognizes and acknowledges that the timely exchange of settlement proposals and the reservation of adequate time for in person meetings is necessary to maximize the potential for consensual resolution of the current dispute. The Standstill Period may be terminated or extended upon the mutual agreement of the Mediation Participants and the provision of written notice to the Court. Upon the termination or expiration of the Standstill Agreement, in the event that any Mediation Participant seeks relief from this Court with respect to the Plans, no hearing shall be scheduled with respect of a motion seeking such relief on less than 30 days notice, unless for cause shown, the Court concludes that such period may be reduced. This agreed upon provision shall not constitute a finding regarding the Debtors' rights to modify or terminate benefits under the Nortel Retiree Welfare Plans and the Nortel LTD Plans

3

pursuant to applicable law, or with respect to the Retiree Committee's or LTD Committee's rights to oppose any request by the Debtors to modify or terminate such benefits.

8. Nothing contained herein: (a) constitutes a finding or a determination whether the parties have conferred in good faith to date in attempting to reach mutually satisfactory modifications of benefits under the Nortel Retiree Welfare Plans and the Nortel LTD Plans or have otherwise satisfied any of the provisions of Bankruptcy Code section 1114; or (b) precludes any party from arguing in a subsequent proceeding brought before this Court that the mediation constitutes evidence that the parties have conferred in good faith in attempting to reach mutually satisfactory modifications of benefits under the Nortel Retiree Welfare Plans and the Nortel LTD Plans or any party from opposing such argument.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 18, 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE