IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-10138(KG) |
| | ) | |
| NORTEL NETWORKS, INC., | ) | Chapter 11 |
| et al., | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | Courtroom 3 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | April 18, 2012 |
| | ) | 10:00 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:          Morris, Nichols, Arsht & Tunnell
                          BY: ANNIE CORDO, ESQ.
                          BY: DONNA CULVER, ESQ.
                          1201 North Market St., 18TH Floor
                          Wilmington, DE 19899-1347
                          (302) 351-9200

                          Cleary, Gottlieb, Steen & Hamilton
                          BY: JAMES BROMLEY, ESQ.
                          BY: JANE KIM, ESQ.
                          One Liberty Plaza
                          New York, NY 10006
                          (212) 225-2629

ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)


For the Creditors'
Committee:                  Richards Layton & Finger
                            BY: CHRIS SAMIS, ESQ.
                            One Rodney Square
                            920 North King Street
                            Wilmington, DE  19801
                            (302) 651-7531

                            Akin Gump Strauss Hauer & Feld, LLP
                            BY: LISA G. BECKERMAN, ESQ.
                            One Bryant Park
                            New York, NY  10036-6745
                            (212) 872-8012


For EMEA Debtors:           Young Conaway Stargatt & Taylor,
                            LLP
                            BY: JOHN DORSEY, ESQ.
                            Rodney Square
                            1000 North King Street
                            Wilmington, Delaware  19801
                            (302)571-6712


For Retirees:               McCarter & English
                            BY: WILLIAM TAYLOR, ESQ.
                            Renaissance Centre
                            405 N. King St., 8th Floor
                            Wilmington, DE  19801
                            (302) 984-6300


For LTD Committee:          Elliott Greenleaf
                            BY: RAFAEL X. ZAHRALDDIN, ESQ.
                            1105 Market Street, Ste. 1700
                            Wilmington, DE  19801
                            (302) 384-9400


For Nortel Retiree
Committee:                  Togut Segal & Segal, LLP
                            BY: ALBERT TOGUT, ESQ.
                            BY: NEIL BERGER, ESQ.
                            One Penn Plaza, Ste. 3335
                            New York, NY  10119
                            (212) 594-5000

TELEPHONIC APPEARANCES:

For Barclay's Capital,
Inc.:                         Barclays Capital, Inc.
                              BY: OLIVIA MAURO
                              (212) 412-6773

For CITI:                     BY: REBECCA SONG, ESQ.
                              (212) 569-9933

For Monitor, Ernst
& Young:                      Allen & Overy, LLP
                              BY: LISA KRAIDIN, ESQ.
                              (212) 610-7300

For Ad Hoc Committee:         Milbank Tweed Hadley & McCloy
                              BY: CINDY CHEN DELANE, ESQ.
                              (212) 530-8978

For The Bond Holders
Group:                        Milbank Tweed Hadley & McCloy
                              BY: THOMAS KRELLER, ESQ.
                              (213) 892-4763

For Farallon Capital:         Farallon Capital Management
                              BY: MICHAEL LINN, ESQ.
                              (415) 421-2132

For Virginia Department
of Taxation:                  Taxing Authority Consulting
                              Services
                              BY: JEFFREY SCHARF
                              (703) 425-7751

1

```
 1    WILMINGTON, DELAWARE, WEDNESDAY, APRIL 18, 2012, 10:01 A.M.

 2              THE CLERK:  Please rise.

 3              THE COURT:  Good morning, everyone.  Thank you.

 4    Please be seated.  It's good to see you all.  Ms. Cordo,

 5    good morning.

 6              MS. CORDO:  Good morning, Your Honor.  For the

 7    record, Annie Cordo, Morris, Nichols, Arsht & Tunnell, on

 8    behalf of the debtors.

 9              We just have a couple small revised orders to

10    hand up before we get to the real items going forward today.

11              THE COURT:  All right.

12              MS. CORDO:  Your Honor, we heard from chambers

13    that Items 3, 4, and 5, that we submitted a certificate of

14    no objection, the orders have hit the docket on those.

15              THE COURT:  Yes.

16              MS. CORDO:  And if you don't mind, we're going to

17    go slightly out of order.  I'm going to take Item 7 before

18    Item 6.

19              THE COURT:  Okay.

20              MS. CORDO:  Item 7 is our Twenty-Second Omnibus

21    Objection.  We just have a Supplemental Order on that where

22    most of the items are continued and we did reach agreement

23    with claimant, Xeta Technologies, to reduce and allow their

24    claim in the amount of $544,012.01 against Nortel Networks.

25              THE COURT:  All right.
```

1           MS. CORDO:  If I may approach with a form of

2    order.

3           THE COURT:  You sure may, Ms. Cordo, absolutely.

4           MS. CORDO:  Thank you.

5           THE COURT:  Thank you.  Thank you very much.  I

6    take it no one else wishes to be heard with this -- with

7    respect to this order, so I will be pleased to sign it.

8           MS. CORDO:  Thank you, Your Honor.  Then with

9    Item No. 6, which is the debtors' Fifteenth Omnibus

10   Objection.  That one has two parts.  We have a revised form

11   of order because we reached agreement with one of the

12   claimants.  And then Mr. Bromley will be giving a status

13   update on one of the other claimants that isn't affected by

14   the order at this point.

15          THE COURT:  All right.

16          MS. CORDO:  With regards to the revised order

17   that we have with the claimant, GE Fanuc Intelligent

18   Platforms, we've reached an agreement with them to modify

19   the claim as set forth in the original objection.

20          THE COURT:  Very well.

21          MS. CORDO:  So we're just handing up an order

22   that has that.  If I may approach?

23          THE COURT:  You sure may, thank you.  And I will

24   as well sign this order.

25          MS. CORDO:  And that is all I have on this and I

1    will turn the podium over to Mr. Bromley to handle the rest

2    of the Fifteenth Omnibus Objection.

3             THE COURT:  Thank you, Ms. Cordo.  Good morning,

4    Mr. Bromley.

5             MR. BROMLEY:  Good morning, Your Honor.  James

6    Bromley from Cleary, Gottlieb, Steen & Hamilton, on behalf

7    of the Nortel debtors.

8             Your Honor, the matter I wanted to discuss is

9    with respect to a tax claim filed by the Commonwealth of

10   Virginia.

11            THE COURT:  Yes.

12            MR. BROMLEY:  And I just want to confirm that

13   counsel for the Commonwealth is on the phone, Mr. Scharf.

14            THE COURT:  Let me see --

15            MR. SCHARF:  Yes, Your Honor --

16            THE COURT:  Oh.

17            MR. SCHARF:  -- Jeffrey Scharf for the Department

18   of Taxation.

19            THE COURT:  Good morning, Mr. Scharf.

20            MR. SCHARF:  Good morning.

21            MR. BROMLEY:  Your Honor, we have been trying to

22   resolve this claim with the Commonwealth of Virginia and

23   unfortunately, we've been unable to do so.  And we have been

24   in conversations with Mr. Scharf as recently as yesterday.

25   And we'd like to proceed in the following manner.

1            We have -- we'd objected to the Commonwealth's

2    claim which was timely filed, through one of our omnibus

3    objections.  A response was received by the Commonwealth and

4    a settlement proposal was made to the Commonwealth by the

5    debtors approximately five months ago.  And in the last two

6    weeks, we received a perfunctory rejection of the settlement

7    proposal and no invitation to continue negotiations and no

8    counterproposal.  We were obviously disappointed to hear

9    that, but that's their decision.  And so we do believe that

10   we need to proceed to resolve their claim.

11           In having conversations with Mr. Scharf, he told

12   us that if we were going to proceed on the basis of the

13   objection to the claim and a contested matter, that he would

14   have an objection to proceeding in that manner, and that it

15   would be better for an adversary complaint to be filed for a

16   determination under Section 505.

17           And frankly, Your Honor, we are indifferent.  We

18   believe that the present procedural posture is sufficient,

19   but rather than needlessly argue that point, we will -- we

20   are willing to file an adversary complaint.  And we would

21   propose to do it in the following manner and on the

22   following schedule which amends a little bit some of the

23   timelines.  And we've received from Mr. Scharf an agreement

24   via email to this schedule.

25           THE COURT:  Okay.

1              MR. BROMLEY:  And, hopefully, Your Honor, it's

2    acceptable to you as well.

3              Under the schedule, we would file an adversary

4    complaint against the Commonwealth of Virginia by the 27th

5    of April, at the end of this month, the last Friday of the

6    month.  Virginia, the Commonwealth will have approximately

7    35 days to answer which would be June 1, 2012.  We

8    understand that the Commonwealth intends to file a motion

9    requesting that this Court abstain from determining the tax

10   liability and to allow the matter to proceed before a Court,

11   Circuit in the State of Virginia.  The debtors oppose that

12   -- will oppose that Motion to Abstain.

13             It's our view, Your Honor, that given that we are

14   exposed to sales and tax use issues in fifty states, plus

15   the federal government, that we need to deal with all of

16   these issues here in this Court.  Plus, we obviously, have

17   substantially fewer people involved at the debtors at this

18   point and need to consolidate our resources.

19             Our view would be that we would then respond to

20   that Motion to Abstain by the 22nd of June which would be 21

21   days after the motion is filed, assuming it's file on the

22   1st of June.  Virginia would then have a reply due by the

23   2nd of July which is ten days after our response brief and

24   that we would have an oral argument on this on the 11th of

25   July which is scheduled right now to be an omnibus hearing

1  date.

2          THE COURT:  All right.

3          MR. BROMLEY:  And if that's acceptable to Your

4  Honor, that's the schedule we would like to follow.

5          THE COURT:  Mr. Scharf, let me just confirm that

6  that is your agreement as well.

7          MR. SCHARF:  That's agreeable and --

8          THE COURT:  All right.

9          MR. SCHARF:  -- I've communicated such to the

10  debtor.

11          THE COURT:  Very well.

12          MR. BROMLEY:  And, Your Honor, just --

13          THE COURT:  And I didn't mean to question Mr.

14  Bromley's word, but I had you on the phone and I thought it

15  would make sense to just cover that and that schedule is

16  perfectly acceptable to me.

17          MR. BROMLEY:  We've added a few extra days into

18  the schedule for -- in the hope that we will actually be

19  able to have settlement conversations.  We understand that

20  the taxing authority in Virginia is a government bureaucracy

21  and has certain policies that it seeks to enforce around the

22  country.  But by the same token, our view is that we should

23  spend the first portion of this exercise trying to settle

24  the matter.  And so we strongly encourage Mr. Scharf and his

25  clients to respond to the proposal that we've made so that

1  we might be able to simply avoid the need for this

2  litigation.  But in the event that we can't do that, we're

3  more than happy to proceed.

4          It is worthwhile to note, Your Honor, that in

5  connection with the settlement proposal we've made, we have

6  provided all the detail necessary for the Commonwealth to

7  determine the merits of our claim.  So, and to the extent

8  that there's anything that Virginia feels that it has not

9  received from us, they should tell us and we will do our

10 best to provide that additional information.

11         THE COURT:  All right.  That's -- I appreciate

12 that information.  Mr. Scharf, I would hope that despite the

13 rejection thus far of the settlement offer, that you would

14 certainly consider negotiation.

15         MR. SCHARF:  Yeah.  And that's my intention as

16 counsel.  You know, the department is a large bureaucracy

17 and different people get involved at different times.  And

18 sometimes the legal mind and the accounting mind are of

19 different minds.  And I -- with our -- with my conversation

20 with Mr. Bromley yesterday, I thought that moving forward

21 would create the opportunity to perhaps have those

22 discussions.

23         THE COURT:  Okay.  I certainly understand.  And I

24 hope it will work out as you anticipate.  So thank you,

25 thank you both.  And as far as I'm concerned, I don't really

1  need a stipulation.

2            MR. BROMLEY:  We will memorialize this --

3            THE COURT:  You will, okay.

4            MR. BROMLEY:  -- in a letter, but it's simply

5  going to follow the email that we've exchanged with Mr.

6  Sharp yesterday.

7            THE COURT:  Very well.

8            MR. BROMLEY:  Your Honor, there -- I'd like to

9  hand over the podium now to Ms. Kim in connection with the

10  retiree and LTD committee matters.

11            THE COURT:  Very well, thank you, Mr. Bromley.

12            MR. SCHARF:  Thank you, Your Honor.  I'm going to

13  be dropping the line.

14            THE COURT:  You may, Mr. Scharf, thank you.  Ms.

15  Kim?  Good morning Mr. Zahralddin.

16            MR. ZAHRALDDIN:  Good morning, Your Honor.  How

17  are you?

18            THE COURT:  Am I getting the -- finally getting

19  the accent on the right syllable?

20                          (Laughter)

21            MR. ZAHRALDDIN:  Your Honor, it's fine.  I've

22  told you before, it's just horseshoes and you get the post

23  almost every time, so.

24                          (Laughter)

25            MR. ZAHRALDDIN:  Your Honor, good morning.

1  Rafael Zahralddin for the long-term disabled committee in

2  this matter.

3  　　　　　Your Honor, we're happy to report that on the

4  issue of whether or not to lift or in the alternative,

5  increase our fees in this matter, we've reached a resolution

6  with all the parties, including the creditors' committee, as

7  well as, the debtors.  I was able to get a resolution late

8  last night, memorializing the certification of counsel.  I

9  have spoken to your chambers staff and they have indicated

10  that the most appropriate thing so that we don't sign two

11  orders is for me to simply hand up an order.  May I

12  approach?

13  　　　　　THE COURT:  You sure may.  Thank you, sir.  Good

14  morning.

15  　　　　　MR. ZAHRALDDIN:  This includes a black line as

16  well.

17  　　　　　THE COURT:  Oh, good, all right.

18  　　　　　MR. ZAHRALDDIN:  Your Honor, the order is fairly

19  self-explanatory.  We have agreed to take the alternative

20  which is another $200,000.  The parties believe that this

21  was the most pragmatic of a way to approach this, since

22  we're in agreement on mediation to begin with and we do need

23  funding to be able to represent our constituency through the

24  mediation process.  We've put in enough flexibility so that

25  we can come back at a later time should we need further

1   funding.  And, of course, all of our fees are subject to the

2   same tests as any other parties fees in this matter --

3                    THE COURT:  Yes.

4                    MR. ZAHRALDDIN:  -- under our fee application

5   process both on a monthly or quarterly basis.

6                    With that, Your Honor, we have little else to be

7   said.  I think we've stated everything in our papers and

8   would like to leave it at that.

9                    THE COURT:  All right.  Anyone else?

10                        (No audible response.)

11                   THE COURT:  Well I am going to enter the order.

12  I think it's important for me to make it clear, as I think

13  everyone understands, that it is a cap.  And it's certainly

14  not, you know, the authorization of the fees themselves.

15  And I'm a little concerned that the case is where I should

16  say these issues are not progressing as quickly and as

17  completely as I would like to see.  And I am not going to

18  say much more because the parties have agreed and I honor

19  agreements for the most part.

20                   MR. ZAHRALDDIN:  Um-hum.

21                   THE COURT:  But I don't, frankly, think that it

22  should take another $200,000 to mediate this matter, but

23  that will be certainly something that I'll review and I'll

24  compare it, of course, I think in this particular instance

25  to, you know, what fees expenses other constituents are

1    charging for their work on the mediation.  And I think with

2    that, I will just -- I will enter the order.

3            MR. ZAHRALDDIN:  And, Your Honor, we hope that we

4    progress quickly as well and we also are going to make sure

5    that that $200,000 is used not just for the mediation, but

6    for anything else that we have to be prepared to do, whether

7    it's modification or any subsequent matters related to that

8    modification or termination of the benefits.

9            THE COURT:  All right, thank you.

10           MR. ZAHRALDDIN:  Thank you, Your Honor.

11           THE COURT:  Thank you, Mr. Zahralddin.  All

12   right.  I'm signing this order.  Ms. Kim, good morning.

13   Good to see you.

14           MS. KIM:  Good morning, Your Honor.  For the

15   record, Jane Kim from Cleary, Gottlieb, Steen & Hamilton, on

16   behalf of the debtors.

17           That segways, Your Honor, into Item No. 9 on the

18   agenda.

19           THE COURT:  Yes.

20           MS. KIM:  Which is the motion filed by the

21   debtors to appoint a mediator concerning the termination or

22   modification of the retiree and LTD benefits.

23           THE COURT:  Yes.

24           MS. KIM:  As Your Honor's aware, the retiree

25   committee and the LTD committee have both filed responses to

1  the motion.  And I'm pleased to report, that we have, with

2  the exception of one issue, reached agreement as to all of

3  the issues that are in dispute with respect to this motion

4  and the proposed order.  And in particular, I'm pleased to

5  inform the Court, that the parties have agreed on the

6  selection of the mediator.

7          THE COURT:  Oh.

8          MS. KIM:  And we're able to agree to propose the

9  appointment of Richard Levin from Cravath, Swaine & Moore as

10  the proposed mediator.  So we would -- we understand that

11  Mr. Levin is in the process of finalizing conflict

12  clearance, but that he expects that he would so and is

13  otherwise available to mediate this matter.  So the parties

14  would propose that the Court appoint Mr. Levin as our

15  mediator.

16          THE COURT:  All right.  He's an excellent choice

17  and I would be pleased to certainly approve that agreement

18  of the mediator.

19          MS. KIM:  Thank you, Your Honor.  The retiree

20  committee and the LTD committee raised some other issues

21  with respect to the proposed form of order.  And some of

22  those issues had actually already been reflected in the

23  proposed form of order that the debtors had submitted with

24  their motion.

25          And other issues have, as I said, been resolved.

1   And while there is disagreement as to the characterization

2   of the negotiations that have taken place and the status of

3   the process, at this point, the only issue that is before

4   the Court today is whether the debtor should be prohibited

5   from being able to seek the modification or termination of

6   benefits indefinitely while the mediation is pending.

7        Throughout this process, the debtors have

8   attempted to balance two principles; the need for a good

9   process that protects the statutory and/or contractual

10  rights of the retirees and LTD participants, and the

11  interests in conserving the debtors' -- the cost to the

12  debtors' estates which would otherwise be made available to

13  creditors and the committees' constituents.  And these twin

14  principles have informed the debtors' position with respect

15  to this one remaining issue.

16       THE COURT:  Yes.

17       MS. KIM:  There has been a lot of rhetoric and

18  disagreement's in the responses, but I think for purposes of

19  this issue, those issues are not really relevant.  All of

20  those characterizations and rhetoric aside, the following

21  facts are not in dispute.

22       Ten months ago, this Court appointed the retiree

23  committee and the LTD committee.  And the committees were

24  formed eight months ago.  And during this entire time, the

25  debtors have continued to pay the retiree and LTD benefits

1    at a cost of approximately $2 million a month, which comes

2    out to, since the appointment of the committees eight months

3    ago, more than $15 million.  And just so there's no

4    confusion, that figure is almost entirely due to just the

5    payment of the retiree and LTD benefits.  So there was some,

6    I think misconstruing in the LTD committees' response that

7    we were referring to that as the cost of going through this

8    process and negotiating with the committees.  And the large

9    part of that figure really relates just to the payment of

10   benefits.

11            So there's been a substantial passage of time.

12   The debtor submitted a settlement proposal to the committees

13   three months ago in the middle of January.  And regardless

14   of what that proposal was or whether it was reasonable or

15   not, the fact is that the committees still have not

16   responded with a counterproposal.

17            So it's because of all of these facts and the

18   substantial passage of time, that the debtors, in the

19   interest of conserving the estates, but also ensuring a good

20   process, proposed the appointment of a mediator for this

21   process.  And it's also because of these facts, that it

22   would be in appropriate to prohibit the debtors from seeking

23   to terminate the retiree and LTD benefits indefinitely while

24   this mediation is going on.

25            The status quo today is that the debtors can come

1  to the Court at any point and ask the Court to terminate or

2  modify the retiree and LTD benefits.  And one of the

3  arguments that we could make today is we tried.  We went

4  through this process and we've been unable to come to a

5  consensual resolution.  And obviously, the committees would

6  have the equal right to argue that -- to oppose the request

7  and argue that this request is premature, that the

8  negotiations are continuing, and that there hasn't been an

9  impasse.  And if the Court found that termination or

10  modification of the retiree and LTD benefits were premature,

11  the Court could then deny the debtors' request.  So that's

12  the status quo today is we have our rights and the

13  committees have their rights and their arguments.

14          What the committees seek to do today is impose an

15  absolute standstill on such requests while the mediation is

16  pending.  And that changes the status quo fundamentally.

17  This means that until a formal impasse is declared in the

18  mediation, whenever that might be, the debtors are

19  foreclosed from doing what it otherwise could do today.  And

20  there's no telling when that impasse might be declared by a

21  mediator.  We, as I mentioned, just select -- agreed on the

22  selection of a mediator.  We have not had any discussions

23  with the mediator as to what the schedule of that mediation

24  is or had any discussion with the -- we have not had the

25  opportunity to have discussions with the parties as to how

1    the schedule of the mediation is anticipated to go.

2            So while the debtors and I believe all of the

3    parties intend to go into this mediation in good faith and

4    anticipate that all parties will do the same, and we

5    wouldn't have proposed it otherwise, the -- even if all of

6    the parties act in good faith throughout the mediation, we

7    cannot anticipate that the debtors eventually might decide

8    that it no longer makes sense to continue to mediate.  And

9    at that point, the twin principles of preserving the

10   debtors' estates, while ensuring a good process, may weigh

11   in favor of the debtors bringing this before the Court.

12           And this is not an illusory concern.  As this

13   Court is aware, the mediation of the global allocation

14   issues is about to be underway.

15           THE COURT:  Yes.

16           MS. KIM:  And if that mediation is successful,

17   then the indefinite standstill in this mediation with the

18   retiree and the LTD committees, could prevent the debtors

19   from coming forward to confirmation of a plan until the

20   mediation with the committees end.  The debtors have no

21   ongoing operations and any plan would be that of liquidating

22   debtors.  So anything that the debtors propose to do with

23   the retiree and LTD benefits through a plan, would not be

24   permitted if the committees were able to have the standstill

25   that they request and which effectively gives them a veto

1   right on confirmation of a plan.

2           And it's worth emphasizing that keeping the

3   status quo does not do any harm to the committees.  Even

4   without a standstill as I said, the committees keep all of

5   their arguments as to why the termination or modification of

6   their benefits is not proper.  And certainly, if the

7   mediation is ongoing and proceeding well, then the debtors

8   have to make a showing as to why termination or modification

9   of the benefits is appropriate at that point.  So the

10  debtors are not trying to grab artificial leverage here.  We

11  simply object to the committees trying to change the status

12  quo in a way that substantially prejudices them.

13          In trying to resolve this issue prior to the

14  hearing, the debtors did offer a compromise that it would

15  impose a 60-day standstill period.

16          THE COURT:  Right.

17          MS. KIM:  Which we mentioned in our reply while

18  the parties pursued mediation.  The committees rejected that

19  proposal.  We just, before this hearing, attempted again to

20  try to maybe beef up that proposal and we added two

21  additional points in a proposed rider that we gave to the

22  committees.  One was to give -- to affirmatively say what I

23  said was sort of implicit which is that the parties agree to

24  go into this mediation in good faith and in good faith,

25  negotiate.

1          And the second thing that we added in was that

2     even after the expiration or termination of the standstill

3     period, that any motion or any relief sought by the debtors

4     or any other party with respect to the benefits at issue

5     would be heard on no less than 30 days notice.  So if you

6     take the 60 day standstill period, plus the 30 day notice

7     period, that's 90 days and with an extension that -- upon

8     mutual agreement of the parties.

9          So we think that we've really tried our best to

10    reach some sort of a compromise that would balance the

11    concerns of the committees that the debtors would have undue

12    leverage here.  And we're hopeful that even though we did

13    not think that a standstill was appropriate, that in any

14    event, that with that, that that would have been a

15    reasonable compromise.  We understand that the committees,

16    at least at this point, have rejected that compromise

17    proposal so that's why we're here before the Court today.

18          THE COURT:  Yes.

19          MS. KIM:  And so with that, I will cede the

20    podium to Mr. Zahralddin and Mr. Togut, but we would request

21    that the Court approve our motion with the -- either with

22    the compromise or without a standstill at all.

23          THE COURT:  And it is your motion, Ms. Kim.  And

24    I assume you didn't file a motion unless you had every

25    intention of proceeding to the mediation in good faith.

1           MS. KIM:  That's exactly it, Your Honor.

2           THE COURT:  Yes, yes.  Okay, thank you.  Good

3 morning, Mr. Togut.

4           MR. TOGUT:  Good morning.  I haven't been before

5 you in this case.  And it's a great pleasure to be here,

6 Your Honor.

7           THE COURT:  It's good to have you here.

8           MR. TOGUT:  Thank you.  Albert Togut of Togut,

9 Segal & Segal for the retiree committee.

10           THE COURT:  Yes.

11           MR. TOGUT:  You know what, I'm too tall.  That's

12 the whole problem.

13                     (Laughter)

14           THE COURT:  We'll pick it up, I think, that

15 distance --

16           MR. TOGUT:  Okay.

17           THE COURT:  -- from the microphone.

18           MR. TOGUT:  No, I'm talking about reading my

19 notes.

20           THE COURT:  Oh, okay.

21                     (Laughter)

22           THE COURT:  Okay.

23           MR. TOGUT:  First off, let me say at the outset,

24 that we know and have worked with closely debtors' counsel.

25 We've been involved in many cases with them on all sides of

1  a case, and nothing I'm about to say has anything to do with

2  personalities, or integrity, or courtesy.  We have an

3  excellent working relationship.  There's just an honest

4  difference of opinion on this.  And I'm not going to get

5  into all the static that appears in the pleadings on both

6  sides.

7           Your Honor knows because you've been here in this

8  case from the beginning, that the debtor believes it has the

9  absolute right to terminate the benefit plans and, in fact,

10  tried to do that.  Filed the motion.  It was a month before

11  *Visteon* was decided.  Read *Visteon* and said, oops, we better

12  withdraw the motion and they did.  And then they waited over

13  a year before they sought the appointment of the retiree

14  committee.  And we concede to you that these lay people took

15  a long time once they were appointed to get themselves

16  organized, to figure out who would be counsel, to figure out

17  who would be the financial advisors.

18           And at this point in the case, Nortel's down to a

19  skeleton crew.  So once we started bombarding, and I'm

20  talking about the long-term people as well.  Once we started

21  bombarding Cleary with information requests, it was very

22  burdensome, frankly, for them to respond.  And the flow of

23  information has been a frustration.  It comes through in the

24  pleadings.  And it's been a frustration to both sides.

25           We've gotten now, I'm pleased to say, most of

1   what we need.  We're still missing a few things.  That in

2   and of itself is not what has bogged down any progress in

3   negotiations.  We've only met with the debtor -- my

4   committee has only met with the debtor twice.  The first was

5   like a meet and greet where the debtor wanted to introduce

6   us to an insurance proposal in lieu of the benefits.  We

7   said to them, wait a minute.  We don't know anything about

8   the case yet.  We need to some due diligence.  We need to

9   have an understanding of what it is you're telling us so we

10  can listen with educated ears.

11          And then we had a second meeting in which the

12  presentation was made for -- and the amount that was

13  available to us was quantified.  And we said, well, this

14  isn't going to get it done.  And we want to go out on our

15  own to see if we can find alternative insurance providers or

16  programs or whatever.  And then we'd come back with a

17  counter.  We didn't finish that process and this motion

18  came.

19          Now there's a weird dynamic in this case.

20  Normally, in this kind of a conversation, you have a

21  business you're trying to restructure.  You want to emerge

22  on the other side.  You need to deal with these expenses in

23  order to get there.  There's a greater good of trying to

24  save the enterprise.  None of that exists in this case.

25  Nortel's out of business and no longer is concerned and we

1  understand this.  They're no longer concerned about the

2  employee issues in terms of anything going forward and

3  treating the employees in a way that would help facilitate a

4  business going forward.

5          And from our perspective, partly because, and I

6  don't want to completely belittle this, but it's almost like

7  we're a nuisance.  This is one of the things you got to get

8  out of the way in order to make it to confirmation.  And

9  when we tried talking to Nortel about other things connected

10 with retirees, it just seemed to us like they weren't

11 listening.

12         Lisa Beckerman's official committee of creditors

13 legitimately wants to maximize the return to that

14 constituency which has been characterized to us as the real

15 creditors, we're not, but they are.  And the group

16 represented by Millbank who I'm sure you've seen from time

17 to time, that group hasn't said much of anything, but is a

18 necessary party to any kind of solution we would come up

19 with.  Because whatever goes to retirees, of course, doesn't

20 go to the other creditors.

21         So the truth is that despite goodwill on both

22 sides, we really haven't engaged in a negotiation.  That's a

23 really important point because when Ms. Kim says we have the

24 right to file a motion today to terminate the retiree

25 benefits, the reality is they don't.  This is really

1  important.  The reason they don't is because the Bankruptcy

2  Code says we had to have engaged in a good faith negotiation

3  before that can occur.  There hasn't been a negotiation.  So

4  when the debtor says well, we have the right today to file

5  this motion, the reality is they don't, or if they did, it

6  would be denied because it just doesn't comply with the

7  code.

8           So they need this mediation.  They need it so

9  that they can come back to you and they can say to you,

10  okay, we have engaged in a negotiation.  We satisfied the

11  statute and proof positive is the mediation and we have a

12  mediator, highly regarded nationally, who could testify and

13  say yes, in fact, there was a negotiation and now they've

14  satisfied that element of the statute.  Okay.

15           Here -- and we're in agreement on everything

16  except this one point.  We want there to be an honest to God

17  mediation.  Not window dressing.  Not a means to tell you,

18  okay, we've actually engaged in the discussion.  And the way

19  the debtor is acting, and I don't mean this in a pejorative

20  way.  I'm just saying that when we look at this, the facts

21  to us look like the debtor doesn't want to treat this as a

22  real mediation.  It's just a step along the way to file the

23  Termination Motion they wanted to file before *Visteon*.  That

24  they wanted to get granted before *Visteon*.

25           THE COURT:  Well, but they've moved for

1 mediation.  They didn't have to have a mediation process.

2 They could have said come on over, Mr. Togut, we'll sit down

3 for a few hours, we'll negotiate with you.

4          MR. TOGUT:  Well, but they haven't gotten

5 attraction they want.  So that's why they want the

6 mediation.  So that they can say to you, we had that

7 conversation, we did that.  Okay?

8          Now, let me just disclose to the Court, I am a

9 mediator.  I've been formally trained.  If you look at the

10 Southern District website, you'll see I'm there.  I've been

11 involved in cases that are amazingly complex with big

12 dollars.

13          In a real mediation, when they're working the way

14 they're supposed to work, you have to create the right

15 atmosphere for success.  And to do that, Your Honor,

16 everyone has to be fully invested in the mediation.  No one

17 can have a leg up.  The classic example of a mediation and

18 I'm sure you've done this many, many times.  You have

19 parties bogged down in a litigation.  And you say, okay,

20 enough of this, I'm going to send you off to mediation.

21 When you do that, there's a standstill.  The litigation

22 stops and the mediation commences and no one can litigate

23 until the mediation is over either because there's a

24 settlement or the mediator declares an impasse.

25          Okay.  So now let me read to you this highly

1  objectionable language that we proposed in the order that we

2  filed with the Court.  The debtor may not take any steps to

3  seek to modify or terminate benefits under the Nortel

4  Retiree Welfare Plans and the Nortel LTD Plans while the

5  mediation is being conducted.  That's the violent language.

6  That's a standstill and it's nothing more.

7          The debtor here wants a hard stop.  And whether

8  we do the 60 days they're talking about or the 90 days or

9  you come up and say it should be 120 days, I mean, whatever,

10 right?  They want a hard stop.  And that gives the debtor an

11 advantage.  And that does not allow for a level playing

12 field.  And frankly, Your Honor, that poisons the mediation

13 and we'll start with a process that's probably going to

14 fail.

15         And we're here on the debtor's motion.  I'm going

16 to say it one more time.  They need this mediation to

17 satisfy the statute's requirement that they negotiated in

18 good faith.  That's why they want this, okay?  It's their

19 motion.  You have every ability to say, okay, we'll buy into

20 this, but I'm going to condition it.  And all we're asking

21 you to condition it on is that the parties standstill and

22 invest themselves in the mediation so that everyone has an

23 equal stake in making it work.  Nobody has a leg up.

24         THE COURT:  When do you foresee this mediation

25 commencing?

1          MR. TOGUT:  Well I hope right away.  And I'm

2    going to get to their point about plan confirmation because

3    we take the point.

4          For the mediation to work, I respectfully suggest

5    to you there can't be threats of litigation.  There can't be

6    a hard stop.  There can't be conditions imposed.  That's for

7    the mediator, okay?  And both sides need to be under

8    pressure to settle.  If you want this to work, the debtor

9    needs to say, okay, we need to be fully invested in the

10   mediation.  We want it to succeed.  We can't just pull out

11   and file our motion.  We need to be fully invested in this.

12   There needs to be a real need to reaching an agreement until

13   the mediation runs its course.

14          THE COURT:  Doesn't there have to be some

15   pressure on both sides?

16          MR. TOGUT:  Well there is.

17          THE COURT:  And what is --

18          MR. TOGUT:  We have lots of pressure on us.

19          THE COURT:  Okay.

20          MR. TOGUT:  They want a deprive us of all of our

21   benefits.  We're probably more incentivized than anybody to

22   make this work.

23          THE COURT:  But I mean pressure to settle.

24          MR. TOGUT:  We have pressure to settle, Your

25   Honor.  We know what's waiting for us on the other side of

1   mediation if we don't settle.

2              THE COURT:  Okay.

3              MR. TOGUT:  Okay?  Now let me address their point

4   about plan confirmation.  The mother of all mediations is

5   about to begin.  It's -- I haven't been at any of these

6   sessions, but they've been described to me.  It's like

7   trying to form the United Nations.  It's a monstrously large

8   group.  The issues are amazingly complex.

9              THE COURT:  You don't have to tell me.

10                       (Laughter)

11             MR. TOGUT:  Yeah, but I know, okay?

12             THE COURT:  Yes.

13             MR. TOGUT:  I understand that.

14             UNKNOWN SPEAKER:  It's the Queen Mother.

15             MR. TOGUT:  The Queen Mother.

16             THE COURT:  Yeah, that's right, that's right.

17             MR. TOGUT:  Okay.  I'll accept that, the Queen

18  Mother.  And although everyone would love for it to be

19  finished quickly, the likelihood is it won't.  The

20  likelihood is that even if you accept my standstill

21  language, they're not going to be anywhere close to finished

22  by the time we -- and I'm talking without an artificial

23  stop, 60 days, 90 days, whatever.  You just let us run our

24  course and have Rich Levin either get us to settle or

25  declare an impasse.  And the likelihood is all that occurs

1   long before they're done with the Queen Mother of all

2   mediations.

3            But if I'm wrong, if I'm wrong, what you could do

4   is you could say we're going to have the standstill.

5   Debtor, I'm directing you to be involved in the mediation.

6   You can't file your Termination Motion while that's going

7   on.  Mediation is what we're going to try to get done here.

8   If that mediation gets done or it looks like it's getting

9   done, then you give us like 45 days and say you got to be

10  done in that 45 days and that's it.  But what that does is

11  it forces us to comply with their plan confirmation

12  schedule.

13           And I think this is a highly academic thing I'm

14  talking about.  But that solves that problem.  And you take

15  away the advantage that the debtor is looking for here in

16  being able to say at every negotiating session, well we're

17  not going to agree to that and by the way, in 60 days, we're

18  filing our motion.  That gives the debtor a very unfair

19  advantage.  It predetermines the outcome.  It does a lot of

20  bad things.  It doesn't create the right setting for a

21  productive mediation.

22           You've got the parties in agreement on everything

23  else on the order.  You've got us in an agreement on the

24  mediator.  I can stand here and tell you that my group and

25  Rafael will tell you the same.  By the way, I don't even try

1    his last name.

2                        (Laughter)

3              MR. TOGUT: And I'll ask for that privilege in

4    this courtroom.

5              THE COURT:  Yes, very well.

6              MR. TOGUT:  Rafael will tell you the same thing.

7    That we're here to negotiate in good faith and we will.  We

8    don't want -- but we need to stop this what's been going on.

9    That they sit there and they tell us, well we can file a

10   motion, but you're not really entitled to this.  You better

11   go away for a little bit of money or we're done.  That is

12   the wrong environment for the mediation.

13             So I again, ask you to accept the language we

14   proposed which is while we're in this mediation, a

15   standstill.  It doesn't prejudice anybody's rights.

16   Nobody's acknowledging anything about positions, just a

17   simple standstill.  And have the debtor be fully invested in

18   the process this motion represents, the debtors' motion.

19   Thank you.

20             THE COURT:  All right, thank you, thank you.  Mr.

21   Zahralddin?

22             MR. ZAHRALDDIN:  Your Honor, Rafael Zahralddin

23   for the long-term disabled.  And Mr. Togut's always a tough

24   act to follow.  I will make this brief, but bring up a

25   couple different points.

 1            THE COURT:  Okay.

 2            MR. ZAHRALDDIN:  I think one of the things that

 3  we were able to quickly agree upon, once we got out of --

 4  into a mode of compromise was getting down to a list or a

 5  short list of names of people to be our mediator.  And we

 6  did that by getting to what we believed were the qualities

 7  that we would need in a mediator.  And we were actually able

 8  to get to Mr. Levin's name relatively quickly because we had

 9  identified certain characteristics in our mediator.  That

10  when his name came up, it was very easy to get to a quick

11  yes from everybody.  And I believe my yes even came as late

12  as yesterday afternoon.

13            If we're going to putting -- if this is something

14  the parties can all agree on, and if we're going to be

15  putting a lot of stock in this mediator, then I agree with

16  everything Mr. Togut said.  I think that we need to allow

17  the mediator to have the discretion to clear an impasse when

18  there's an impasse or to allow the mediation to go on.  And

19  I like the elegance of Al's, and I'll use your first name as

20  you used mine.

21            MR. TOGUT:  That's okay.

22            MR. ZAHRALDDIN:  Of Al's proposal here to put in

23  that 45-day window to address the concerns of the debtor so

24  that we don't end up, I guess hijacking -- I mean, I'm

25  arguing for them at this point in time -- the process by

1    delaying our mediation.

2              And secondly, Your Honor, I also agree with Mr.

3    Togut in regard to the idea that --  and look, the LTD'rs

4    are in a different situation.  I know I've been in front of

5    you and we had a committee formed because of an ambiguous

6    way that we were treated in terms of the plan documents

7    being lumped in with the active employees.  And we found at

8    that point in time, it was an issue that needed to be

9    resolved by the appointment of a committee.

10             I will say that we have found many things that

11   aren't ripe for presentation to the Court today that explain

12   why we were lumped in with the active employees.  And we've

13   also done extensive case law to figure out whether or not

14   LTD'rs are retirees or not retirees or defined within the

15   Code as such.  And we think those are better left for

16   another time.

17             But practically speaking, those have been

18   intertwined with other things that we have found in the plan

19   documents where a significant portion of our long-term

20   disabled may be eligible for a retiree benefit through the

21   PBGC.  They may be eligible in other ways.  There are, in

22   essence, ways that they become either early retirees or

23   become retirees at some point.  And that has come through

24   the document production and information requests that we've

25   had.  And that's an issue that still needs to be pulled

1   apart.

2           I use that by way of example, Your Honor, because

3   in order for us to get to a counterproposal, we need to

4   flesh out and look at those things and exercise our

5   fiduciary duty.  And it's not as if we have not spent the

6   time doing those things.  And while I sympathize, with the

7   debtors' plight, I've been debtors' counsel in many

8   different cases and I know what it's like to get down to a

9   skeleton crew.

10          THE COURT:  Um-hum.

11          MR. ZAHRALDDIN:  These issues can't be ignored.

12  They have to be addressed.  We have been doing our best and

13  we are not casting aspersions that the debtors haven't.  But

14  the facts of the case are as they are.  We're in this

15  situation with the skeleton crew and we cannot simply gloss

16  over or speed through unnecessarily, any of these issues in

17  order to accommodate anyone's schedule.  We're working hard

18  to get those things done and we're moving in the same sort

19  of good faith as I believe the debtor is moving in.

20          Lastly, Your Honor, I do believe that we do have

21  pressure to settle.  That has been a point we brought up in

22  all of our papers in regard to the cap that we have hanging

23  over heads in terms of making sure we get this done in a

24  judicious an expeditious manner.  But even without a cap, I

25  know that both our shared financial advisor and the retiree

1  committee have been diligently pursing that and that's

2  public record.  We do our fee apps every month.  We have not

3  elicited any objections, and we have been working hard,

4  despite our differences, with the debtors to try to get

5  things done in a timely manner.

6          We are working towards a counterproposal.  And

7  look, this is something that was acknowledged by both the

8  bond holders and the creditors' committee.  We need to have

9  the information in order to form our counterproposal.  And

10 we are happy to report that in the last three or four weeks,

11 we've been able to get a lot of that information in.

12         And, of course, we're also relying on our shared

13 financial advisor at Alvarez and Marsal to indicate when

14 they have the appropriate level of actuarial information to

15 handle that part of it, which is assessing the debtors'

16 proposals.  But also, we need to be able to formulate, if

17 we're doing a counterproposal, our best possible response to

18 formulate that counterproposal.  And that doesn't mean

19 necessarily always relying upon the actuarial expertise of

20 the debtors' actuary, that's why we have a separate actuary.

21         That's all I really have, Your Honor, and --

22         THE COURT:  How long do you think this mediation

23 will take?  And I know it depends upon people's schedules

24 and particularly, Mr. Levin's schedule, but if it's going to

25 start fairly soon --

1          MR. ZAHRALDDIN:  I don't know how long it will

2    take to complete, Your Honor, but we also are eager to move

3    this forward.  I have the other consideration of having

4    very, very sick constituents who regularly call us and

5    engage with us.  And I have to engage with them primarily or

6    other members of my staff, or Alvarez and Marsal because we

7    want to try to protect our committee.  And they have

8    restrictions based on the 1102 orders that were placed in

9    this.

10          THE COURT:  Right.

11          MR. ZAHRALDDIN:  And we have very concerned

12   people who want closure and they want to be able to prepare

13   and go forward.  And that's something that we need to

14   resolve sooner rather than later.  And I think we have

15   really particular binding issues here as well and

16   information issues that are going to need to go beyond

17   simply getting to a settlement and then hoping people sign

18   on.  So I'm hopeful that, though I wanted to start as soon

19   as possible and I expect that that's what the parties want

20   as well, I don't know how long it will take, but we want to,

21   with enough buffer period for people to prepare to adjust to

22   their situations, we'd certainly want this to go as

23   expeditiously as possible.

24          THE COURT:  Okay, thank you.

25          MR. ZAHRALDDIN:  Thank you, Your Honor.

1              THE COURT:  Thank you.  Yes, Ms. Beckerman, it's

2    good to see you.

3              MS. BECKERMAN:  Nice to see you, too, Your Honor.

4    I don't get here too often as you know.

5              THE COURT:  No.

6              MS. BECKERMAN:  Unless it involves pensioners or

7    retirees it seems like.

8              THE COURT:  That's right.

9              MS. BECKERMAN:  Your Honor, Lisa Beckerman from

10   Akin Gump on behalf of the official creditors' committee.

11             Your Honor, when I'm sitting here listening to

12   Mr. Togut speak who's always eloquent.

13             THE COURT:  Yes, he is.

14             MS. BECKERMAN:  And I always enjoy listening to

15   him.

16             THE COURT:  I did, too.

17             MS. BECKERMAN: In the many cases that I've sat

18   and listened to him in other Courts, including this one.  I

19   had a bit of a Rashomon moment.  So I want to explain that

20   to you.

21             THE COURT:  Please.

22             MS. BECKERMAN:  You know, I'm sitting in this --

23   in here, listening to him describe the process that he's

24   been going through and I'm thinking well, you know,

25   obviously my constituency has a different view of how this

1    has been going.  And, you know, where this should be going.

2    And our concerns, and I, unfortunately, feel like I need to

3    express those to Your Honor so you sort of understand, you

4    know, the other side of it.

5         I, totally -- I've been committee counsel as you

6    know in many cases.

7         THE COURT:  Yes.

8         MS. BECKERMAN:  And I've been committee

9    counsel --

10         THE COURT:  Yes.

11         MS. BECKERMAN:  -- in many cases that had

12    significant retiree issues, 1114 issues, and I've engaged in

13    my share of those negotiations on behalf of the creditors.

14    And what I've had a difficult time explaining to my clients

15    in connection with this case is the process that we've been

16    undergoing here.  Because, you know, we obviously, as Your

17    Honor yourself commented, there's been a fairly long

18    timeline in this process.  And I'm not blaming anyone or

19    casting any aspersions, I'm just putting my client's

20    viewpoint on the record here.

21         I mean, we're in a situation where,

22    unfortunately, as Mr. Togut said, again quite eloquently, we

23    are going to have a termination of these plans because we

24    don't have an ongoing business anymore.  We are down to a --

25    the company is down to a skeleton staff.  And at some point,

1 whenever some point is, you know, there will have to be a

2 termination of these plans because there won't be a company

3 to have plans.

4            THE COURT:  Right.

5            MS. BECKERMAN:  And that's just the reality of

6 it.  And when that day will come, obviously, you know,

7 hopefully it will come through a nice negotiated resolution.

8 That's obviously what my constituency has been wanting to

9 have happen here.  But it's going to have to happen

10 regardless at some point in this case.  And that's just the

11 reality of where we are here in these facts.

12            And so when we started this process, you know, I

13 think the concept was that we'd obviously been paying

14 benefits in these cases for a few years.  And we were

15 getting to the end of the cases.  We'd sold everything.  We

16 were trying to move the process along.  We were down to the

17 skeleton staff where the debtor wasn't going to have so many

18 employees covered by these various health plans where it

19 would make sense necessarily to continue to keep doing this

20 forever.  And we were obviously, also hoping that someday,

21 we would get out of these cases because we'd figure out some

22 Haller [ph] allocation problem and be able to move forward.

23 And all those things meant, gee, let's try to see if we can,

24 you know, move this issue along and this process.

25            And it's not in any way meant negatively or --

1  it's just a reality as Mr. Togut said, this is an issue.  I

2  don't think it's a small issue.  We don't take it as a small

3  issue.

4            THE COURT:  No.

5            MS. BECKERMAN:  And both Mr. Togut's clients, as

6  well as, Mr. Zahralddin's clients -- hopefully, I said that

7  right -- are, you know, potentially my constituency as well

8  because one of the things I've said to them in the

9  negotiations that we've had so far is basically all we can

10  talk about on my end is the cash or claims.

11            THE COURT:  Um-hum.

12            MS. BECKERMAN:  Because that's all I've got to

13  offer them in the discussions from the perspective of the

14  creditors' committee because we aren't going to have a plan

15  anymore.  We're not going to have an entity that can support

16  a plan anymore.  And so, pretty much those are the options

17  that we have in dealing with their situation.

18            So you also have to remember that my clients have

19  been in this case from the beginning.  And have been through

20  several rounds of mediation in the allocation process.

21            THE COURT:  Um-hum.

22            MS. BECKERMAN:  And does that color our

23  viewpoint?  For certain it does.  But the idea that you

24  could be in a mediation, and again, this is no aspersion of

25  Mr. Levin, who I've the utmost regard in this world for and

1  think is one of the smartest lawyers I've ever encountered

2  and --

3          THE COURT:  You bet.

4          MS. BECKERMAN:  -- a truly wonderful temperament

5  and a decent human being.

6          THE COURT:  Yes.

7          MS. BECKERMAN:  I don't think that he will

8  unnecessarily drag out the process, but we have all been

9  through this where we've had a very fine mediator in other

10  circumstances, and the process has gone on and on and on,

11  and we haven't gotten to impasse.  And so yes, does that

12  color our thinking about this?  Of course it does.  And

13  maybe unfairly, but it is a viewpoint.  So when the debtors,

14  who have been in this case for years, three years, my

15  constituency has been in this case for three years, and

16  we're going into another mediation.  Do we have to think

17  about that?  Yes, we do.

18          So we're in this process and we finally have

19  meetings.  And then a few months later, my clients obviously

20  have encouraged the debtors to actually make a proposal that

21  we've undoubtedly signed off on in our circumstances at

22  least to start the process going.  And then we have a few

23  more months go by where we don't have any response to that

24  proposal.  And we have another meeting.  And I encourage a

25  counterproposal.  I know that the ad hoc committee counsel

1   encouraged a counterproposal.  We were trying to move the

2   process along.  Again, not casting any aspersions, but it

3   hasn't happened.

4            So when the debtors came to me and said, gee,

5   we're thinking about filing this Mediation Motion, I have to

6   admit, I was a little skeptical.  Not because I don't want a

7   resolution.  I want a resolution.  We have been trying to

8   take this very seriously.  We have encouraged the debtors to

9   make a proposal.  We've encouraged the parties to counter to

10  our proposal.  We've offered to meet anytime, anywhere,

11  anyplace to negotiate, and we have definitely wanted to see

12  this resolved.  And the debtors have wanted to engage in

13  active negotiations as well.  So we're both on our side of

14  this taking this extremely seriously and going into this

15  process.

16            But what I was a little skeptical about is, my

17  own experience with mediation often has been, that it's

18  better when you have an idea of what both sides positions

19  are because then the mediator has something to actually

20  mediate.  Here, we're going into this mediation where I

21  don't have any idea what the other side's position is with

22  respect to what they would counter or where they are in the

23  scheme of things.  They know where we've started.  And we're

24  obviously willing to engage.  But nevertheless, we need to

25  move this process along.  It's important for the estate.

1   It's important for the retirees and the LTD'rs to know

2   what's going to happen to them.  I understand that.  So

3   we're taking this all very seriously.

4           So when the debtors came to me and said we want

5   to do this, despite my concerns about perhaps having another

6   mediation session that might be like some of the few we've

7   been in before, despite my concern about not having even an

8   idea what the other side's viewpoint is on this yet, I said,

9   yes.  And I encouraged my clients to say yes, which they

10  did.  And we said wholeheartedly, just like all the

11  constituencies say, we need to go to mediation.  But we're

12  going into this extremely seriously and with all of the

13  utmost best intentions to get a resolution because we need

14  to get a resolution.  And I think a mediator can be helpful

15  in this situation despite my original viewpoint and concerns

16  that I really don't have the usual things I would know in a

17  mediation when I'm going into it.  In that sense, I'm going

18  into it a little blind here.

19          So thinking, again, on our perspective on this,

20  and I think the debtors will probably tell you they have

21  some of my concerns on this, the reason that we reacted to I

22  think the paragraph that was proposed by Mr. Togut's

23  constituency in this is because we don't want to be in a

24  situation where there's no ending.  Where we're in a

25  situation where the mediator hasn't called an impasse.

1  We're all -- if we're all negotiating good faith and we're

2  going to extend the time, that's why we suggested a time.

3  We suggested we'd even make that time longer.  We, you know,

4  on my side.  But we felt that that -- that the idea of just

5  having -- that the whole time we're in mediation, however

6  long it takes, that there can't be any, you know, process in

7  case we're stuck in a similar situation where process --

8  progress isn't being made is not correct here or appropriate

9  here because , A, the debtor continues to pay these benefits

10  every month and has to legally unless there's a process.

11  And again, no disrespect, but that's just where we are.  And

12  B, we've been in this a while already.

13          And so my concern about Mr. Togut's language is

14  just what can happen that we've all experienced at least the

15  debtors and the committee have experienced in other

16  mediation sessions.  Again, no disrespect meant for Mr.

17  Togut's view or Mr. Zahralddin's view, or to Mr. Levin in

18  any way, shape, or form.  But just under those

19  circumstances, I -- we are not comfortable as the creditors'

20  committee with an indefinite standstill for an indefinite

21  period of time, which in this case, we've seen can be quite

22  a long period of time sometimes.

23          So that is why we haven't been comfortable with

24  their language.  It's not that anyone is not going in here

25  with good faith intentions.  It's not that the debtors are

1   trying to check the box.  You know, personally, I can at

2   least speak for my constituencies, we're not trying to check

3   the box.  And I don't believe the debtors are.  We're trying

4   to get to a result here.  And we're trying to get to a

5   resolution.  And we're all going to go in and negotiate

6   hard, but if we can't reach a resolution where things drag

7   on, there are consequences here.  And it just can't be that

8   we're stuck in that sort of situation.  And that's why we're

9   just not comfortable with the language.

10          Again, I can see why other people's perspectives

11  would be different.  That's why I likened Mr. Rashomon --

12          THE COURT:  Yes.

13          MS. BECKERMAN:  -- but they have to understand

14  that we have three years in this case.  We have other

15  mediation experiences here that in part color our views.

16  And we have legitimate concerns because, again, you know,

17  every month that goes by, you know, we're not getting to

18  that resolution that has to happen here.  So that is why we

19  obviously support the debtors' view, either that there

20  shouldn't be this paragraph in the order, or that it should

21  be something more like the debtors had previously suggested

22  in their order.

23          THE COURT:  All right, thank you, Ms. Beckerman.

24  Ms. Kim?

25          MS. KIM:  Your Honor, nothing that Mr. Togut or

1   Mr. Zahralddin said, with all due respect to both of them,

2   addresses the key question which is why this mediation

3   cannot be done in 60 days, which I think, Your Honor, has

4   been going to as well.  We've already spent months on --

5   many months on this.  Volumes of information have been

6   exchanged which kind of makes the issue of the skeleton crew

7   at Nortel a red herring since we've already exchanged a ton

8   of information and both committees at this point agree that

9   while information exchanges at least complete or almost

10  complete enough to be able to negotiate.  And we are not

11  treating this -- that just shows that we're not treating

12  this as just a formality.  We really spent a lot of

13  resources and we're devoting a lot of resources at this

14  point, considering that we have no ongoing obligations of

15  the debtors.  This is really what we're working on.

16          We at the meet and greet that Mr. Togut referred

17  to, we brought people to negotiate.  The said that they

18  weren't ready so we had a second meeting in February, weeks

19  after we had already sent the proposal.  And we still have

20  not received a counterproposal to our settlement offer.

21          So at this point, we're paying millions of

22  dollars in benefits, and as well as, the debtors'

23  professional fees, the committees -- the creditors'

24  committees professional fees, and the retiree and LTD

25  committees' professional fees in -- that have been incurred

1    as part of this process.  And we just don't see any reason

2    that this should -- this process should take an additional

3    60 days, which is why we brought this motion before this

4    Court, because we're hopeful that despite all the time that

5    -- or perhaps in light of all the time that has already

6    passed, that the appointment of a mediator and bringing a

7    mediator into this process to move it along will help to

8    speed up this process, rather than slow it down.

9            So we're fully hopeful that this mediation will

10   be able to give us a resolution quickly.  But as you've

11   heard, there's not very much disincentive on the committees'

12   part at this point, to speed that mediation along because of

13   what as Mr. Togut said lies on the other side of the

14   mediation.

15           So what we want to do is provide some sort of an

16   incentive considering that there are many things that the

17   debtors throughout this case have been able to do in 60

18   days, including selloff our businesses and --

19           THE COURT:  Um-hum.

20           MS. KIM:  -- have other hearings on important

21   issues.  And we're -- so we're at this point where when we

22   need to speed things along, we can.  We've given all the

23   information that we need to give and so we're not really

24   sure why there's a concern that 60 days is not going to be

25   enough.  And we need to reserve the right to be able to come

1    back to the Court to explain what's been happening if it

2    does turn out that the mediation is for whatever reason

3    dragging along.

4         And as Ms. Beckerman said, we have all -- we are

5    confident and -- as to Mr. Levin's ability to mediate this.

6    But as Your Honor knows, there are many things that can

7    happen in mediation and it's all speculation until it

8    actually starts to take place.  So we want to be able to

9    reserve the right to come back to this Court and explain to

10   this Court what's happened and give the Court the facts to

11   consider and not be bound to depend on the mediator to make

12   the determination that nothing more can happen.

13        So that's why we proposed language.  We beefed up

14   that language as I mentioned before to include a good faith,

15   affirmative good faith obligation on the parts of the

16   parties, which we hope would give some comfort, as well as,

17   the 30-day notice.  And if Your Honor would like, I can

18   submit this or show Your Honor the proposed language that we

19   just -- the debtors came up with that the committee -- that

20   the creditors' committee has also agreed to.

21             THE COURT:  Okay.

22             MS. KIM:  And if I can approach?

23             THE COURT:  You may.  You certainly may.  Thank

24   you, Ms. Kim, thank you.

25             MS. KIM:  As Your Honor sees that proposed

1  language says that during the standstill period, which we've

2  proposed is 60 days and we are amenable to discussing

3  whether 60 days is -- should be 75 days, but we're as I

4  said, not really sure why you would need more than that to

5  respond to a counterproposal -- to a proposal that's already

6  been here for three months.  Each mediation participant

7  agrees that it will negotiate and participate in the

8  mediation in good faith.  And then we added that after the

9  standstill period expires or terminates, that -- well,

10  first, we said that the standstill period can be extended

11  upon mutual agreement of all the parties.  And that once it

12  terminates or expires, that then any hearing on any relief

13  requested would be on no less than 30 days notice.

14          And so we think that that provides the kind of

15  comfort and protections that would be warranted in this

16  circumstance, but at this point, we're really concerned that

17  if we're bound to an indefinite standstill, that that really

18  just doesn't give much in terms of comfort in that this

19  mediation will proceed as quickly as we think it ought to,

20  especially in light of all of the costs that are being

21  incurred in the meantime.

22          THE COURT:  All right, thank you, Ms. Kim.

23          MR. TOGUT:  Just briefly, Your Honor.

24          THE COURT:  Yes, Mr. Togut.

25          MR. TOGUT:  Thank you.  I want to bring us back

1  to the motion.

2            THE COURT:  Yes.

3            MR. TOGUT:  The debtor filed a Motion for

4  Mediation, never once talking about any of this.  Didn't say

5  time is of the essence, didn't say in the motion we need to

6  get it done in 60 days, none of that.  It's only in reaction

7  to our proposed language that said while the mediation is

8  taking place, the debtor will not seek to modify or

9  terminate the benefits, okay?  But they didn't ask for this

10  in the motion, it's an afterthought, this time limit thing.

11            The motion is for a mediation.  If we have faith

12  in Richard Levin, as the mediator, then we need to let him

13  do his thing without interference, without deadlines,

14  without hard stops, without artificial stops, without any of

15  that stuff.  Lisa Beckerman says we don't know what the

16  position is.  The mediator will require, I'm sure, position

17  statements at the outset.  Lisa Beckerman says, and the

18  debtor says, we're concerned this thing will drag on with no

19  apparent progress.  Well, that's what the mediator is there

20  for.  If that happens, the mediator declares an impasse.

21  That's the solution.  If the parties are negotiating in good

22  faith, we should not handcuff the mediator in any way.  And

23  we should not give the debtor a leg up in any way to be able

24  to say, okay, all bets are off, we're filing the motion,

25  we're past 60 days.  We're past 75 days.

1          What I offered works.  Let's trust Mr. Levin.

2    Let's let him run his mediation the way he wants to run his

3    mediation.  We'll all tell him if we're not making progress,

4    you have to declare an impasse, okay, because the Court

5    wants not to waste everyone's time.  If they finish what was

6    it the Queen Mary, the Queen Mother, the Queen, I don't

7    know.

8                    (Laughter)

9          MR. TOGUT:  If they finish the monster mediation,

10   you can put in this order that then we have a hard stop, you

11   know, like as they're getting to a term sheet, 45 days

12   later, whatever, so we don't get in the way of plan

13   confirmation.  But I implore you, standing here as an honest

14   to God card carrying mediator, don't constrain Rich Levin.

15   Don't do this.  Don't do what they're asking for.  Thank

16   you.

17         THE COURT:  All right.  Mr. Bromley?

18         MR. BROMLEY:  Your Honor, if I could just respond

19   to Mr. Togut for one moment because I do think that the

20   perspective of the entirety of this case is important.  And

21   as I stood here a much younger man --

22                    (Laughter)

23         MR. BROMLEY:  -- several years ago, I'd just like

24   to say two things about this.  First, we've done a number of

25   mediations in this case.  All but for the international

1  mediation of the allocation matter, every one of them has

2  been successful in generating a result.  And we have used

3  Judge Lyons.  We have -- I forget the names of the other

4  mediators, but never in those situations did we ever provide

5  to the mediator the discretion that really resides with the

6  Court, which is to determine when a matter should come back

7  to this Court.

8            It's only in the context of the allocation

9  mediation that the orders actually said that the mediator,

10  in that case, Chief Justice Winkler --

11            THE COURT:  Yes.

12            MR. BROMLEY:  -- would consult with both you and

13  Justice Morawetz about whether or not there was an impasse

14  and whether or not the mediation had failed and should

15  revert back to Your Honor's.  And in all due respect, I

16  believe that is the appropriate way to take a look at this.

17  Which is in that situation, where we are dealing with very

18  unique circumstances in an international setting, it makes

19  sense to cede to go the Chief Justice a discretion,

20  particularly when there's so many different parties.

21            THE COURT:  And particularly when he's the Chief

22  Justice.

23            MR. BROMLEY:  And he is the Chief Justice.

24            THE COURT:  Yes.

25            MR. BROMLEY:  I have to say that it's very hard

1    in the emails to type out Chief Justice Winkler and not

2    misspell it.

3            THE COURT:  Right.

4                    (Laughter)

5            MR. BROMLEY:  So I've abbreviated it CJW with no

6    disrespect.  But he is the Chief Justice of the Court of

7    Appeal of Ontario.

8            THE COURT:  Right.

9            MR. BROMLEY:  So there's -- and I think Rich

10   Levin is a fabulous lawyer.  And, indeed, when I spoke with

11   him yesterday, he was very happy to accept and very eager to

12   get started, and feels that he has the time right now --

13           THE COURT:  Good.

14           MR. BROMLEY:  -- within the next 60 days or

15   whatever it happens to be to proceed.  So I'm very confident

16   in Mr. Levin.

17           But one of the issues that we were facing in the

18   international mediation was that where did the decision

19   default to if there was an impasse.  And dealing with joint

20   hearings, and Your Honor may recall a pending motion from

21   June of 2011, the question of who would decide whether or

22   not there was an impasse, what that impasse meant.  Whether

23   there was an arbitration clause, all of that fed into the

24   decisions that were made and are understandable.

25           Here, however, we're dealing with something that

1  is relatively contained entirely within your jurisdiction,

2  Your Honor.

3            THE COURT:  Sure.

4            MR. BROMLEY:  So while I certainly respect the --

5  Mr. Togut's point of view that we need to have the

6  opportunity to have the mediation and have that be a

7  successful mediation and for ideas and positions to be

8  exchanged, the simple fact is is that if we stand here today

9  with an unlimited amount of time in front of us, the danger

10 is that the task will fill the time.  And not to say that if

11 the task requires more time, that it wouldn't fall to a

12 decision maker to determine whether or not more time is

13 necessary, but luckily, that decision maker is you.

14           THE COURT:  Right.

15           MR. BROMLEY:  And we are sitting here in this

16 Court.

17           THE COURT:  That's how I feel about it, too, Mr.

18 Bromley.

19           MR. BROMLEY:  And so, you know, if it's -- and

20 frankly, when you look at it, if we suggested 60 days, we

21 also suggested 75 days.  If that helps, I'm happy to add to

22 it.  The reason it helps is that Your Honor's on vacation

23 for two weeks in July and then it kicks and any first

24 possible hearing from the beginning of July to the beginning

25 of August.  So in effect, it's a 15 day, plus a 15 day

1  pickup because Your Honor, hopefully, will be getting some

2  R&R.

3          But the fact is, Your Honor, we do believe that

4  the issues are relatively constrained, the legal issue in

5  *Visteon*.  We can all read it and argue about it.  We all

6  know what the facts are, we're out of business.  And we need

7  to figure out a way to solve this problem.

8          THE COURT:  Yes.

9          MR. BROMLEY:  But it is certainly, very possible

10 that peace will break out.  And that folks will recognize

11 that money needs to be distributed to creditors and be

12 distributed quickly.  And the concern that the U.S. estates

13 have for the retirees and the LTD participants should not be

14 underestimated, all right.  From the very beginning of this

15 case, we started off by saying how many employees we have --

16         THE COURT:  Yes.

17         MR. BROMLEY:  -- and we have always tried to

18 gauge our success by how many employees we've been able to

19 place with purchasers.  And the benefits that we're able to

20 maintain.  And so in the two years that *Visteon* has been

21 decided, we have spent over $20 million in maintaining all

22 the benefits for the retirees.  Notwithstanding the fact

23 that there is when you read *Visteon*, plenty of room to argue

24 that perhaps that doesn't apply to this situation.  So we

25 have continued to maintain those benefits and those benefits

1 are for a substantial amount of money have been maintained.

2 Believe me, when we talk to certain creditors, they're not

3 particularly happy that that much money has been spent.

4          THE COURT:  Sure.

5          MR. BROMLEY:  But we have reached that decision

6 that it made sense to do it.  But the fact is is that, you

7 know, the seasons change.  It was the fall and the Phillies

8 were playing.

9               (Laughter)

10          THE COURT:  That's right.

11          MR. BROMLEY:  When this motion was first filed.

12          THE COURT:  And they were playing well in that

13 fall.

14          MR. BROMLEY:  And now they're playing again.  And

15 I must say, as a Met's fan, I was happy with this weekend's

16 result.

17               (Laughter)

18          THE COURT:  Oh, boy.

19          MR. BROMLEY:  But believe me, I'm not going to be

20 very happy this year so give me this weekend.

21          THE COURT:  Yes.

22               (Laughter)

23          MR. BROMLEY:  So the point, Your Honor, though is

24 I think we are at a position after starting this in the fall

25 and setting up the committees, and setting up the experts,

1    and setting up the representatives, all of whom were

2    fantastic, and then finding, I think, the perfect mediator

3    to put this all --

4              THE COURT:  Great.

5              MR. BROMLEY:  -- to a schedule to actually sit

6    down and work on it.  And you know what, if at the end of

7    that period of time, we're not at a position where we're in

8    agreement as to where we stand on how we've behaved with

9    each other, I have no doubt that Your Honor will be able to

10   determine by taking to us, and if necessary, Mr. Levin, as

11   to who is misbehaving in the sandbox.  My suspicion though

12   is we all know how to behave in the sandbox.  Sand stings

13   when it gets in the eyes.  We're not going to go down that

14   road.  We all want this result to be fair and appropriate

15   for everyone involved.  With all due respect to the retirees

16   who helped make Nortel the company that it was and generate

17   the proceeds that we did through the sales, and for the

18   long-term disabled who are unfortunately, in a situation

19   that is difficult in and of itself.

20             We do want to resolve this.  We want to resolve

21   it fairly and appropriately and quickly.  That doesn't mean

22   that we want to do it in a manner that's inconsistent with

23   anyone's rights.  We want to do it completely consistent

24   with those rights.  But we want to do it in a manner that

25   allows all of us the right incentives to be in the right

1  place with the right information and the right proposals to

2  come to a solution.  And there's no way that we're going to

3  walk away from a negotiation that is proceeding towards a

4  solution and file a motion inappropriately.  Indeed, we

5  built into our language the statement that we had the right

6  to extend that standstill period.  And we believe the

7  standstill period should provide substantial comfort.  It's

8  something that we don't have to do.

9          THE COURT:  Right.

10         MR. BROMLEY:  And something that we believe is an

11 appropriate demonstration of good faith to everyone

12 involved.

13         I would note, you know, I know Mr. Togut is

14 involved in another active case where there are 1113 motions

15 happening.  And I think it's all going to happen over a

16 period of, as far as I can calculate, you know, 30 days.  I

17 understand it's a different thing, you're trying to save a

18 company in that situation, but we're trying to do something

19 that we started in September of last year.  And, indeed, you

20 know, two years ago when *Visteon* came down, we felt it was

21 the appropriate time to resolve.  We're ready to do this.

22 We're ready to sit down in good faith.  The point that we

23 have no other business means that this is our business.

24         THE COURT:  Um-hum.

25         MR. BROMLEY:  To negotiate and focus on these

1    issues.  And when the time comes, if the Queen Mother does

2    resolve itself and we're certainly hopeful on that front,

3    that we'll be able to immediately convert that into quick

4    distributions for everyone involved, including the retirees

5    and the LTD's.

6            THE COURT:  Thank you, Mr. Bromley, thank you.

7    Well I -- let me make a couple of observations.  But I am

8    going to accept the debtors' proposal here.

9            First of all, I want to note that this is far

10   from a nuisance matter.  This is a very significant matter

11   to the Court.  And I've always understood the debtors to

12   take it in that same vain as a significant matter and for

13   them, an important and that the rights of the retirees,

14   within the confines of the law, are also highly significant.

15           I've done a few mediations in my day.  And I have

16   never declared an impasse.  As far as I'm concerned, I keep

17   working the phones months after the mediation session.  And

18   that's why if, in fact -- and I appreciate the debtors'

19   offer.  If I had been ruling on this, I probably would not

20   have declared any stay because it all comes back here

21   anyway.  And I would determine whether or not to consider

22   the motion based upon what was happening in that mediation.

23   And the fact that you have an excellent mediator, gives me

24   great comfort because he's a busy lawyer and we all know

25   that busy lawyers act promptly and thoroughly because they

1    don't have time to waste.  And he's not going to let the

2    parties waste their time either.

3           And I have no reason to think that all of the

4    parties aren't going to enter into this in good faith.  I

5    also don't -- I'm not deluded to think that it's going to be

6    an easy matter because the creditors' committee has its own

7    views and rightfully so, and the debtors and the retirees.

8           But so I think that the 60-day standstill is

9    certainly adequate.  And as I said, I probably wouldn't have

10   imposed any standstill, but as a practical matter, 60 days

11   is what it's going to take probably to get this done in any

12   event.  And had the debtors come back with a motion before

13   the 60 days, I would have -- I don't know they wouldn't

14   have, but I would have looked at them and said, no, this is

15   not right.

16          So I think that the retirees -- and I include

17   within that the -- obviously, the long-term disability.

18          MR. BROMLEY:  I like to hear that, Your Honor.

19          THE COURT:  Yes, make that clear.  I should have

20   made that clear right at the outset, but I think that they

21   have, you know, the protection that they need under this --

22   under the facts of the case and the fact that they have an

23   excellent mediator and the Judge will do what is necessary

24   to protect that mediation process.  But again, it shouldn't

25   be open-ended because we just don't know what will happen in

1   the mediation and I want to give the mediator the

2   flexibility.  And I think that he'll address this promptly,

3   and I don't think it should take, frankly, more than 60

4   days. I hope it doesn't take more than 60 days.  And there

5   is a gatekeeper and it's me.  And I'm content to play that

6   role.

7            So I am going to enter the order as proposed with

8   the additional language, Ms. Kim, Mr. Bromley, and everyone,

9   Ms. Beckerman, and all.  And then you'll get started.  And I

10  have no doubt that Mr. Levin will get this process going and

11  within 60 days, you will have a settlement or you'll know

12  that you can't reach a settlement and I'll be around to then

13  decide a motion when one is filed, okay?  Ms. Kim, did you

14  anticipate this and have it in an order already?

15           MS. KIM:  Yes, Your Honor.

16           THE COURT:  Good.

17           MS. KIM:  Thank you, Your Honor.

18           THE COURT:  Yes.

19           MS. KIM:  I actually do have a clean and a black

20  line of the order with our rider attached and --

21           THE COURT:  Wonderful.

22           MS. KIM:  -- Mr. Levin as the proposed mediator.

23           THE COURT:  Wonderful.

24           MS. KIM:  So if I can approach?

25           THE COURT:  Please.  Thank you.  Thank you, Ms.

1    Kim.  I don't want the debtors to feel like they've given

2    something away, by the way, in agreeing to this standstill

3    because as I said as a practical matter, I know they

4    wouldn't have come to this Court before 60 days in any

5    event.  And I wouldn't have considered a motion sooner than

6    60 days.  I wish you all the success on this and let me know

7    when you've settled, all right?  Thank you, Counsel.  Was

8    there anything else for today?

9              MR. BROMLEY:  There's one other matter, Your

10   Honor.

11             THE COURT:  Oh, please.

12             MR. BROMLEY:  Which is --

13             THE COURT:  Oh, the status report, forgive me, on

14   the UK matter.

15             MR. BROMLEY:  Yes.  This relates to the adversary

16   proceeding we brought for the Temporary Restraining Order in

17   connection with the production of certain documents to

18   the --

19             THE COURT:  Yes.

20             MR. BROMLEY:  -- UK pension authorities.  We are

21   on the verge of agreeing to certain final language.  We were

22   hopeful that we'd be able to resolve it by today, but our

23   anticipation is within the next week, we will be filing a

24   dismissal without prejudice.

25             THE COURT:  Sure.

1         MR. BROMLEY:  With lots of lawyer language in

2  there about --

3                    (Laughter)

4         MR. BROMLEY:  -- what prejudice means.  But once

5  we -- we're confident that we'll reach that conclusion, Your

6  Honor, and we will simply file it under certification of

7  counsel.  I believe Young Conaway --

8         THE COURT:  Mr. Dorsey, good morning.

9         MR. DORSEY:  Good morning, Your Honor.  John

10 Dorsey, Young Conaway, on behalf of the UK debtors.

11        We have reached a little bit of a impasse on the

12 language.  It's not a big deal, but -- or maybe the Court

13 could give some guidance on it.  We've agreed that if the

14 pension regulators come back and say, well we want the

15 redacted information from the four documents you provided,

16 that we would immediately notify the debtors of that.  Or if

17 they asked for other documents that are privileged documents

18 of the debtors, we would again, notify them of that.  The

19 language they're proposing goes a little bit beyond that and

20 says anything the pension regulators ask us for, they would

21 want us to note.  And we think that's beyond the scope of

22 what's necessary given what's at issue, Your Honor.

23        THE COURT:  All right.  Do you want me to

24 actually rule on this today or do you want to keep talking

25 or --

1          MR. DORSEY:  Well, I don't -- I'm not sure

2    whether you've seen the language that we'd sent over this

3    morning.

4          MR. BROMLEY:  I may not have, Your Honor.

5          MR. DORSEY:  We had proposed a resolution to Mr.

6    Adler by email this morning at around 9:00 and I think it

7    should resolve that issue.

8          THE COURT:  Well let me make this suggestion.  If

9    you find that you are still in a dispute, you'll submit

10   alternative forms of order and then I'll, you know, select

11   one that I think is more appropriate, if that's acceptable

12   to everyone.

13         MR. DORSEY:  All right.

14         THE COURT:  Or would you want to be heard on it

15   first?

16         MR. DORSEY:  Well, I think that would be fine,

17   Your Honor.

18         THE COURT:  Okay.

19         MR. DORSEY:  That's fine with us, Your Honor.

20         THE COURT:  Very well.  Okay.  That's how we'll

21   handle that.  Then otherwise, I'll just see one form of

22   order and that's what I'll enter.

23         MR. DORSEY:  Thank you, Your Honor.

24         THE COURT:  Excellent.  Thank you, Mr. Dorsey.

25         MR. BROMLEY:  I think that's it, Your Honor.

1          THE COURT:  Anything else?  Counsel, thank you.

2    I appreciate everyone's participation.  Mr. Togut, I would

3    love to have you back in Court because I enjoy your

4    argument, but I hope you settle and you don't have to come

5    back.

6          MR. TOGUT:  Me, too.

7          THE COURT:  Yes, let's hope so.  All right,

8    everyone, good day to you and travel safely.

9          MR. BROMLEY:  Thank you.

10       (Whereupon, at 11:24 a.m., the hearing was adjourned.)

11

12                        CERTIFICATION

13       I certify that the foregoing is a correct

14   transcript from the electronic sound recording of the

15   proceedings in the above-entitled matter.

16

17

18   _____        19 April 2012
19   Traci L. Calaman, Transcriber                Date
20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **30-day**(1) 49:17 | | **agreement**(15) 4:22 5:11 5:18 7:23 9:6 | | **and**(301) 4:13 4:16 4:22 4:23 5:12 5:23 | | **any**(36) 13:2 14:7 18:1 18:22 18:24 19:21 | |

**30-day**(1) 49:17
**45-day**(1) 33:23
**60-day**(2) 20:15 61:8
**a.m**(3) 1:15 4:1 66:10
**abbreviated**(1) 54:5
**ability**(2) 28:19 49:5
**able**(25) 9:19 10:1 12:7 12:23 15:8 16:5 19:24 31:16 33:3 33:7 36:11 36:16 37:12 40:22 47:10 48:10 48:17 48:25 49:8 51:23 56:18 56:19 58:9 60:3 63:22
**about**(27) 19:14 22:18 23:1 23:20 24:7 25:1 25:9 28:8 29:2 30:4 30:5 31:14 32:16 41:10 42:12 42:17 43:5 43:16 44:5 44:7 45:13 51:4 52:24 53:13 55:17 56:5 64:2
**aboveentitled**  (1) 66:15
**absolute**(2) 18:15 23:9
**absolutely**(1) 5:3
**abstain**(3) 8:9 8:12 8:20
**academic**(1) 31:13
**accent**(1) 11:19
**accept**(5) 30:17 30:20 32:13 54:11 60:8
**acceptable**(4) 8:2 9:3 9:16 65:11
**accommodate**(1) 35:17
**accounting**(1) 10:18
**acknowledged**(1) 36:7
**acknowledging**(1) 32:16
**act**(3) 19:6 32:24 60:25
**acting**(1) 26:19
**active**(4) 34:7 34:12 43:13 59:14
**actually**(11) 9:18 15:22 26:18 33:7 42:20 43:19 49:8 53:9 58:5 62:19 64:24

**actuarial**(2) 34:16 36:19
**actuary**(2) 36:20 36:20
**add**(1) 55:21
**added**(4) 9:17 20:20 21:1 50:8
**additional**(4) 10:10 20:21 48:2 62:8
**address**(3) 30:3 33:23 62:2
**addressed**(1) 35:12
**addresses**(1) 47:2
**adequate**(1) 61:9
**adjourned**(1) 66:10
**adjust**(1) 37:21
**adler**(1) 65:6
**administered**(1) 1:8
**admit**(1) 43:6
**advantage**(3) 28:11 31:15 31:19
**adversary**(4) 7:15 7:20 8:3 63:15
**advisor**(2) 35:25 36:13
**advisors**(1) 23:17
**affected**(1) 5:13
**affirmative**(1) 49:15
**affirmatively**(1) 20:22
**after**(7) 8:21 8:23 21:2 47:19 50:8 57:24 60:17

**afternoon**(1) 33:12
**afterthought**(1) 51:10
**again**(13) 20:19 32:13 39:22 41:24 43:2 44:19 45:11 45:16 46:10 46:16 57:14 61:24 64:18

**against**(2) 4:24 8:4
**agenda**(1) 14:18
**ago**(7) 7:5 16:22 16:24 17:3 17:13 52:23 59:20
**agree**(8) 15:8 20:23 31:17 33:3 33:14 33:15 34:2 47:8

**agreeable**(1) 9:7
**agreed**(6) 12:19 13:18 15:5 18:21 49:20 64:13

**agreeing**(2) 63:2 63:21

**agreement**(15) 4:22 5:11 5:18 7:23 9:6 12:22 15:2 15:17 21:8 26:15 29:12 31:22 31:23 50:11 58:8

**agreements**(1) 13:19
**agrees**(1) 50:7
**akin**(2) 2:13 38:10
**albert**(2) 2:42 22:8
**all**(84) 4:4 4:11 4:25 5:15 5:25 8:15 9:2 9:8 10:6 10:11 12:6 12:17 13:1 13:9 14:9 14:11 15:2 15:16 16:19 17:17 19:2 19:4 19:5 20:4 21:22 22:25 23:5 28:20 29:20 30:4 30:25 31:1 32:20 33:14 35:22 36:21 40:23 41:9 41:12 42:8 44:3 44:10 44:12 45:1 45:1 45:4 46:16 46:23 47:1 48:4 48:5 48:22 49:4 49:7 50:11 50:20 50:22 51:24 52:3 52:17 52:25 53:15 54:23 56:5 56:5 56:14 56:21 58:1 58:3 58:12 58:14 58:15 58:25 59:15 60:9 60:20 60:24 61:3 62:9 63:6 63:7 64:23 65:13 66:7

**allen**(1) 3:12
**allocation**(5) 19:13 40:22 41:20 53:1 53:8
**allow**(5) 4:23 8:10 28:11 33:16 33:18
**allows**(1) 58:25
**almost**(4) 11:23 17:4 25:6 47:9
**along**(9) 26:22 40:16 40:24 43:2 43:25 48:7 48:12 48:22 49:3

**already**(8) 15:22 45:12 47:4 47:7 47:19 48:5 50:5 62:14

**also**(14) 14:4 17:19 17:21 34:2 34:13 36:12 36:16 37:2 40:20 41:18 49:20 55:21 60:14 61:5

**alternative**(4) 12:4 12:19 24:15 65:10
**although**(1) 30:18
**alvarez**(2) 36:13 37:6
**always**(6) 32:23 36:19 38:12 38:14 56:17 60:11

**amazingly**(2) 27:11 30:8
**ambiguous**(1) 34:5
**amenable**(1) 50:2
**amends**(1) 7:22
**amount**(4) 4:24 24:12 55:9 57:1

**and**(152) 45:10 45:11 45:11 45:13 45:15 46:3 46:4 46:5 46:5 46:7 46:8 46:16 47:8 47:10 47:13 47:16 47:19 47:22 47:24 47:24 48:1 48:6 48:18 48:21 48:23 48:25 49:4 49:5 49:7 49:9 49:10 49:11 49:17 49:22 50:2 50:7 50:8 50:11 50:14 50:15 51:17 51:22 52:20 53:2 53:12 53:14 53:14 53:15 53:21 53:23 54:1 54:9 54:10 54:11 54:12 54:19 54:20 54:24 55:7 55:7 55:10 55:15 55:19 55:19 55:23 55:23 56:5 56:6 56:10 56:11 56:14 56:17 56:19 56:20 56:25 57:7 57:12 57:14 57:14 57:25 57:25 58:1 58:2 58:6 58:6 58:10 58:14 58:16 58:17 58:19 58:21 58:21 59:1 59:2 59:4 59:6 59:10 59:15 59:19 59:25 60:1 60:2 60:5 60:11 60:12 60:15 60:17 60:18 60:21 60:24 60:25 61:1 61:3 61:7 61:7 61:7 61:9 61:12 61:14 61:16 61:22 61:23 62:1 62:2 62:3 62:4 62:5 62:5 62:8 62:9 62:9 62:10 62:12 62:14 62:19 62:20 63:3 63:6 64:6 64:14 64:19 64:21 65:6 65:10 65:22 66:4 66:8

**and/or**(1) 16:9
**annie**(2) 1:24 4:7
**another**(7) 12:20 13:22 34:16 42:16 42:24 44:5 59:14

**answer**(1) 8:7
**anticipate**(4) 10:24 19:4 19:7 62:14
**anticipated**(1) 19:1
**anticipation**(1) 63:23

**and**(301) 4:13 4:16 4:22 4:23 5:12 5:23 5:25 5:25 6:12 6:22 6:23 6:25 7:3 7:5 7:7 7:7 7:9 7:13 7:14 7:17 7:20 7:21 7:23 8:1 8:10 8:14 8:18 8:23 9:3 9:7 9:12 9:13 9:14 9:15 9:21 9:24 9:24 10:7 10:9 10:15 10:17 10:17 10:18 10:19 10:23 10:25 11:10 11:22 12:9 12:22 13:1 13:7 13:13 13:15 13:16 13:17 13:18 13:23 14:1 14:3 14:4 14:22 14:25 15:1 15:4 15:8 15:12 15:17 15:20 15:21 15:25 16:1 16:2 16:10 16:10 16:13 16:13 16:17 16:20 16:23 16:24 16:25 17:3 17:5 17:8 17:8 17:13 17:17 17:21 17:23 18:1 18:2 18:2 18:4 18:5 18:7 18:8 18:9 18:10 18:12 18:13 18:16 18:19 19:2 19:3 19:4 19:8 19:12 19:16 19:18 19:21 19:23 19:25 20:2 20:6 20:7 20:20 20:24 21:1 21:7 21:12 21:19 21:20 21:23 21:23 22:5 22:9 23:1 23:4 23:9 23:11 23:12 23:12 23:14 23:18 23:19 23:22 23:24 24:2 24:5 24:11 24:12 24:13 24:14 24:16 24:17 24:25 24:25 25:2 25:5 25:5 25:8 25:15 26:9 26:11 26:11 26:12 26:13 26:15 26:18 26:19 27:15 27:17 27:19 27:22 27:22 28:4 28:6 28:7 28:9 28:10 28:11 28:12 28:13 28:15 28:20 28:21 29:1 29:7 29:11 29:17 30:18 30:22 30:24 30:25 31:9 31:10 31:13 31:14 31:17 31:24 31:24 32:3 32:7 32:9 32:17 32:23 33:5 33:7 33:11 33:14 33:18 33:19 34:2 34:3 34:5 34:7 34:12 34:15 34:23 34:24 34:25 35:4 35:5 35:6 35:8 35:12 35:15 35:18 35:25 36:1 36:3 36:6 36:8 36:9 36:12 36:13 36:18 36:21 36:23 36:24 37:4 37:5 37:6 37:7 37:11 37:12 37:13 37:13 37:14 37:15 37:17 37:19 38:14 38:18 38:24 39:1 39:2 39:2 39:8 39:12 39:14 39:18 39:25 40:5 40:6 40:10 40:12 40:14 40:20 40:22 40:23 40:24 40:25 41:5 41:16 41:19 41:22 41:24 41:25 42:2 42:5 42:10 42:10 42:11 42:11 42:12 42:15 42:18 42:19 42:22 42:24 43:4 43:11 43:12 43:14 43:23 44:1 44:4 44:9 44:10 44:12 44:14 44:15 44:20 45:1

**anybody**(1) 29:21
**anybody's**(1) 32:15
**anymore**(3) 39:24 41:15 41:16
**anyone**(3) 13:9 39:18 45:24
**anyone's**(2) 35:17 58:23
**anyplace**(1) 43:11
**anything**(11) 10:8 14:6 19:22 23:1 24:7 25:2 25:17 32:16 63:8 64:20 66:1

**anytime**(1) 43:10
**anyway**(1) 60:21
**anywhere**(2) 30:21 43:10
**apart**(1) 35:1
**apparent**(1) 51:19
**appeal**(1) 54:7
**appearances**(1) 3:1
**appears**(1) 23:5
**application**(1) 13:4
**apply**(1) 56:24
**appoint**(2) 14:21 15:14
**appointed**(1) 16:22 23:15
**appointment**(6) 15:9 17:2 17:20 23:13 34:9 48:6

**appreciate**(3) 10:11 60:18 66:2
**approach**(6) 5:1 5:22 12:12 12:21 49:22 62:24

**appropriate**(11) 12:10 17:22 20:9 21:13 36:14 45:8 53:16 58:14 59:11 59:21 65:11

**appropriately**(1) 58:21
**approve**(2) 15:17 21:21
**approximately**(3) 7:5 8:6 17:1
**apps**(1) 36:2
**april**(4) 1:14 4:1 8:5 66:18
**arbitration**(1) 54:23
**are**(63) 4:22 7:17 7:20 8:13 10:18 11:17 13:1 13:16 13:25 14:4 15:3 16:19 16:21 18:8 18:18 20:20 25:15 27:11 30:8 34:4 34:14 34:15 34:21 35:13 35:14 35:14 36:6 36:10 37:2 37:16 39:23 39:24 40:11 41:7 41:16 43:19 43:22 45:11 45:19 45:25 46:3 46:7 47:10 48:9 49:4 49:6 50:2 50:7 51:21 51:24 53:17 54:24 55:15 56:4 56:6 57:1 57:24 58:18 59:14 60:14 63:20 64:17 65:9

**aren't**(3) 34:11 41:14 61:4
**argue**(5) 7:19 18:6 18:7 56:5 56:23
**arguing**(1) 33:25
**argument**(2) 8:24 66:4
**arguments**(3) 18:3 18:13 20:5
**around**(3) 9:21 62:12 65:6
**arsht**(2) 1:23 4:7
**artificial**(3) 20:10 30:22 51:14
**aside**(1) 16:20
**ask**(5) 18:1 32:3 32:13 51:9 64:20
**asked**(1) 64:17
**asking**(2) 28:20 52:15
**aspersion**(1) 41:24
**aspersions**(3) 35:13 39:19 43:2
**assessing**(1) 36:15
**assume**(1) 21:24
**assuming**(1) 8:21
**atmosphere**(1) 27:15
**attached**(1) 62:20
**attempted**(2) 16:8 20:19
**attraction**(1) 27:5
**audible**(1) 13:10
**august**(1) 55:25
**authorities**(1) 63:20

| Word | Page:Line |
| --- | --- |

**authority**(2) 3:30 9:20
**authorization**(1) 13:14
**available**(3) 15:13 16:12 24:13
**avoid**(1) 10:1
**aware**(4) 14:24 19:13
**away**(5) 29:1 31:15 32:11 59:3 63:2
**back**(13) 12:25 24:16 26:9 49:1 49:9 50:25 53:6 53:15 60:20 61:12 64:14 66:3 66:5
**bad**(1) 31:20
**balance**(2) 16:8 21:10
**bankruptcy**(3) 1:1 1:19 26:1
**barclays**(1) 3:4
**barclay's**(1) 3:3
**based**(2) 37:8 60:22
**basically**(1) 41:9
**basis**(2) 7:12 13:5
**because**(41) 5:11 13:18 17:17 17:21 23:7 25:5 25:19 25:23 26:1 26:6 27:23 29:2 33:8 34:5 35:2 37:6 39:16 39:23 40:2 40:21 41:8 41:12 41:14 43:6 43:19 44:13 44:23 45:9 46:16 48:4 48:12 52:4 52:19 56:1 60:20 60:20 60:25 61:6 61:25 63:3 66:3
**beckerman**(23) 2:14 38:1 38:3 38:6 38:9 38:9 38:14 38:17 38:22 39:8 39:11 40:5 41:5 41:12 41:22 42:4 42:7 46:13 46:23 49:4 51:15 51:17 62:9
**beckerman's**(1) 25:12
**become**(2) 34:22 34:23
**beef**(1) 20:20
**beefed**(1) 49:13
**been**(60) 6:21 6:23 6:23 15:22 15:25 16:17 17:11 18:4 18:8 21:14 22:4 22:25 23:7 23:23 23:24 25:14 26:6 27:9 27:10 30:5 30:6 32:8 34:4 34:17 35:7 35:12 35:21 36:1 36:3 36:11 38:24 39:1 39:5 39:8 39:15 39:17 40:8 40:13 41:19 42:8 42:14 42:15 43:17 44:7 45:12 45:23 47:4 47:5 47:25 48:7 49:1 50:6 53:2 56:18 56:20 57:1 57:3 60:19
**before**(21) 1:18 4:10 4:17 8:10 11:22 16:3 19:11 20:19 21:17 22:4 23:10 23:13 26:3 26:23 26:24 31:1 44:7 48:3 49:14 61:12 63:4
**begin**(2) 12:22 30:5
**beginning**(5) 23:8 41:19 55:24 55:24 56:14
**behalf**(6) 4:8 6:6 14:16 38:10 39:13 64:10
**behave**(1) 58:12
**behaved**(1) 58:8
**being**(7) 16:5 28:5 31:16 34:7 42:5 45:8 50:20
**believe**(15) 7:9 7:18 12:20 19:2 33:11 35:19 35:20 46:3 53:16 56:3 57:2 57:19 59:6 59:10 64:7
**believed**(1) 33:6
**believes**(1) 23:9
**belittle**(1) 25:6
**benefit**(2) 23:9 34:20
**benefits**(25) 14:8 14:22 16:6 16:25 17:5 17:10 17:23 18:2 18:10 19:23 20:6 20:9 21:4 24:6 25:25 28:3 29:21 40:14 45:9 47:22 51:9 56:19 56:22 56:25 56:25
**berger**(1) 2:43
**best**(5) 10:10 21:9 35:12 36:17 44:13
**bet**(1) 42:3
**bets**(1) 51:24
**better**(5) 7:15 23:11 32:10 34:15 43:18
**beyond**(3) 37:16 64:19 64:21
**big**(2) 27:11 64:12
**binding**(1) 37:15
**bit**(5) 7:22 32:11 38:19 64:11 64:19
**black**(2) 12:15 62:19
**blaming**(1) 39:18
**blind**(1) 44:18

**bogged**(2) 24:2 27:19
**bombarding**(2) 23:19 23:21
**bond**(2) 3:20 36:8
**both**(16) 10:25 13:5 14:25 23:5 23:24 25:21 29:7 29:15 35:25 36:7 41:5 43:13 43:18 47:1 47:8 53:12
**bound**(2) 49:11 50:17
**box**(2) 46:1 46:3
**boy**(1) 57:18
**break**(1) 56:10
**brief**(2) 8:23 32:24
**briefly**(1) 50:23
**bring**(2) 32:24 50:25
**bringing**(2) 19:11 48:6
**bromley**(52) 1:31 5:12 6:1 6:4 6:5 6:6 6:12 6:21 8:1 9:3 9:12 9:17 10:20 11:2 11:4 11:8 11:11 52:17 52:18 52:23 53:12 53:23 53:25 54:5 54:9 54:14 55:4 55:15 55:18 55:19 56:9 56:17 57:5 57:11 57:14 57:19 57:23 58:5 59:10 59:25 60:6 61:18 62:8 63:9 63:12 63:15 63:20 64:1 64:4 65:4 65:25 66:9
**bromley's**(1) 9:14
**brought**(4) 35:21 47:17 48:3 63:16
**bryant**(1) 2:15
**buffer**(1) 37:21
**built**(1) 59:5
**burdensome**(1) 23:22
**bureaucracy**(2) 9:20 10:16
**business**(7) 24:21 24:25 25:4 39:24 56:6 59:23 59:23
**businesses**(1) 48:18
**busy**(2) 60:24 60:25
**but**(76) 7:9 7:19 9:14 9:22 10:2 11:4 13:21 13:22 14:5 15:12 16:18 17:19 21:20 25:6 25:15 25:17 26:25 27:4 28:20 29:23 30:6 30:11 31:3 31:10 31:14 32:8 32:10 32:24 34:17 35:13 35:24 36:16 36:24 37:2 37:20 40:9 41:23 42:8 42:13 43:2 43:16 43:24 44:11 45:4 45:11 45:18 46:6 46:13 47:9 48:10 49:6 50:3 50:16 51:9 52:13 52:25 53:4 54:6 54:17 55:13 56:3 56:9 57:5 57:6 57:19 58:24 59:18 60:7 61:8 61:10 61:14 61:20 61:24 63:22 64:4 64:12 66:4
**buy**(1) 28:19
**calaman**(1) 66:19
**calculate**(1) 59:16
**call**(1) 37:4
**called**(1) 44:25
**came**(7) 24:18 33:10 33:11 43:4 44:4 49:19 59:20
**can**(31) 12:25 17:25 24:10 24:15 26:3 26:9 26:9 27:6 27:17 27:22 31:24 32:9 33:14 40:23 41:9 41:15 44:14 45:14 45:21 46:1 46:10 48:22 49:6 49:12 49:17 49:22 50:10 52:10 56:5 59:16 62:24
**can't**(11) 10:2 29:5 29:5 29:6 29:10 31:6 35:11 45:6 46:6 46:7 62:12
**cannot**(3) 19:7 35:15 47:3
**cap**(3) 13:13 35:22 35:24
**capital**(4) 3:3 3:4 3:25 3:25
**card**(1) 52:14
**carrying**(1) 52:14
**case**(26) 1:4 13:15 22:5 23:1 23:8 23:18 24:8 24:19 24:24 34:13 35:14 39:15 41:10 41:19 42:14 42:15 45:7 45:21 46:14 48:17 52:20 52:25 53:10 56:15 59:14 61:22
**cases**(9) 22:25 27:11 35:8 38:17 39:6 39:11 40:14 40:15 40:21
**cash**(1) 41:10
**casting**(3) 35:13 39:19 43:2

**cede**(2) 21:19 53:19
**centre**(1) 2:39
**certain**(6) 9:21 39:3 41:23 57:2 63:17
**certainly**(12) 10:14 10:23 13:13 13:23 15:17 20:6 37:22 49:23 55:4 56:9 60:2 61:9
**certificate**(1) 4:13
**certification**(3) 12:8 64:6 66:12
**certify**(1) 66:13
**chambers**(2) 4:12 12:9
**change**(2) 20:11 57:7
**changes**(1) 18:16
**chapter**(1) 1:6
**characteristics**(1) 33:9
**characterization**(1) 16:11
**characterizations**(1) 16:20
**characterized**(1) 25:14
**charging**(1) 14:1
**check**(2) 46:1 46:2
**chen**(1) 3:17
**chief**(6) 53:10 53:19 53:21 53:23 54:1 54:6
**choice**(1) 15:16
**chris**(1) 2:7
**cindy**(1) 3:17
**circuit**(1) 8:11
**circumstance**(1) 50:16
**circumstances**(4) 42:10 42:21 45:19 53:18
**citi**(1) 3:8
**cjw**(1) 54:5
**claim**(8) 4:24 5:19 6:9 6:22 7:2 7:10 7:13 10:7
**claimant**(2) 4:23 5:17
**claimants**(2) 5:12 5:13
**claims**(1) 41:10
**classic**(1) 27:17
**clause**(1) 54:23
**clean**(1) 62:19
**clear**(4) 13:12 33:17 61:19 61:20
**clearance**(1) 15:12
**cleary**(4) 1:30 6:6 14:15 23:21
**clerk**(1) 4:2
**client's**(1) 39:19
**clients**(7) 9:25 39:14 41:5 41:6 41:18 42:19 44:9
**close**(1) 30:21
**closely**(1) 22:24
**closure**(1) 37:12
**code**(3) 26:2 26:7 34:15
**color**(3) 41:22 42:12 46:15
**come**(19) 12:25 17:25 18:4 24:16 25:18 26:9 27:2 28:9 34:23 40:6 40:7 48:25 49:9 53:6 59:2 61:12 63:4 64:14 66:4
**comes**(4) 17:1 23:23 60:1 60:20
**comfort**(5) 49:16 50:15 50:18 59:7 60:24
**comfortable**(3) 45:19 45:23 46:9
**coming**(1) 19:19
**commences**(1) 27:22
**commencing**(1) 28:25
**commenced**(1) 39:17
**committee**(32) 2:6 2:34 2:41 3:16 11:10 12:1 12:6 14:25 14:25 15:20 15:20 16:23 16:23 22:9 23:14 24:4 25:12 34:5 34:9 36:1 36:8 37:7 38:10 39:5 39:8 41:14 42:25 45:15 45:20 49:19 49:20 61:6
**committees**(26) 16:13 16:23 17:2 17:6 17:8 17:12 17:15 18:5 18:13 18:14 19:20 19:24 20:3 20:4 20:11 20:18 20:22 21:11 21:15 47:8 47:23 47:24 47:25 48:11 57:25
**commonwealth**(9) 6:9 6:13 6:22 7:3 7:4 8:4 8:6 8:8 10:6
**commonwealth's**(1) 7:1
**communicated**(1) 9:9
**company**(4) 39:25 40:2 58:16 59:18

**compare**(1) 13:24
**complaint**(3) 7:15 7:20 8:4
**complete**(3) 37:2 47:9 47:10
**completely**(3) 13:17 25:6 58:23
**complex**(2) 27:11 30:8
**comply**(2) 26:6 31:11
**compromise**(6) 20:14 21:10 21:15 21:16 21:22 33:4
**conaway**(3) 2:19 64:7 64:10
**concede**(1) 23:14
**concept**(1) 40:13
**concern**(5) 19:12 44:7 45:13 48:24 56:12
**concerned**(8) 10:25 13:15 24:25 25:1 37:11 50:16 51:18 60:16
**concerning**(1) 14:21
**concerns**(7) 21:11 33:23 39:2 44:5 44:15 44:21 46:16
**conclusion**(1) 64:5
**condition**(2) 28:20 28:21
**conditions**(1) 29:6
**conducted**(1) 28:5
**confident**(3) 49:5 54:15 64:5
**confines**(1) 60:14
**confirm**(2) 6:12 9:5
**confirmation**(7) 19:19 20:1 25:8 29:2 30:4 31:11 52:13
**conflict**(1) 15:11
**confusion**(1) 17:4
**connected**(1) 25:9
**connection**(4) 10:5 11:9 39:15 63:17
**consensual**(1) 18:5
**consequences**(1) 46:7
**conserving**(2) 16:11 17:19
**consider**(3) 10:14 49:11 60:21
**consideration**(1) 37:3
**considered**(1) 63:5
**considering**(2) 47:14 48:16
**consistent**(1) 58:23
**consolidate**(1) 8:18
**constituencies**(2) 44:11 46:2
**constituency**(7) 12:23 25:14 38:25 40:8 41:7 42:15 44:23
**constituents**(3) 13:25 16:13 37:4
**constrain**(1) 52:14
**constrained**(1) 56:4
**consult**(1) 53:12
**consulting**(1) 3:30
**contained**(1) 55:1
**content**(1) 62:5
**contested**(1) 7:13
**context**(1) 53:8
**continue**(3) 7:7 19:8 40:19
**continued**(4) 2:2 4:22 16:25 56:25
**continues**(1) 45:9
**continuing**(1) 18:8
**contractual**(1) 16:9
**conversation**(3) 10:19 24:20 27:7
**conversations**(3) 6:24 7:11 9:19
**convert**(1) 60:3
**cordo**(15) 1:24 4:4 4:6 4:7 4:12 4:16 4:20 5:1 5:3 5:4 5:8 5:16 5:21 5:25 6:3
**correct**(2) 45:8 66:13
**cost**(3) 16:11 17:1 17:7
**costs**(1) 50:20
**could**(11) 18:3 18:11 18:19 19:18 26:12 27:2 31:3 31:4 41:24 52:18 64:13
**counsel**(12) 6:13 10:16 12:8 22:24 23:16 35:7 39:5 39:9 42:25 63:7 64:7 66:1
**counter**(3) 24:17 43:9 43:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **counterproposal**(11) 7:8 17:16 35:3 36:6 36:9 36:17 36:18 42:25 43:1 47:20 50:5 | | **debtors'**(1) 46:19 | | **doing**(5) 18:19 35:6 35:12 36:17 40:19 | | **entity**(1) 41:15 | |

*(This page is an alphabetical word index from a court transcript.)*

**counterproposal**(11) 7:8 17:16 35:3 36:6 36:9 36:17 36:18 42:25 43:1 47:20 50:5

**country**(1) 9:22

**couple**(3) 4:9 32:25 60:7

**course**(7) 13:1 13:24 25:19 29:13 30:24 36:12 42:12

**court**(164) 1:1 4:3 4:11 4:15 4:19 4:25 5:3 5:5 5:15 5:20 5:23 6:3 6:11 6:14 6:16 6:19 7:25 8:9 8:10 8:16 9:2 9:5 9:8 9:11 9:13 10:11 10:23 11:3 11:7 11:11 11:14 11:18 12:13 12:17 13:3 13:9 13:11 13:21 14:9 14:11 14:19 14:23 15:5 15:7 15:14 15:16 16:4 16:16 16:22 18:1 18:1 18:9 18:11 19:11 19:13 19:15 20:16 21:17 21:18 21:21 21:23 22:7 22:10 22:14 22:17 22:20 22:22 26:25 27:8 28:2 28:8 29:14 29:17 29:19 29:23 30:2 30:9 30:12 30:16 32:5 32:20 33:1 34:11 35:10 36:22 37:10 37:24 38:1 38:5 38:8 38:13 38:16 38:21 39:7 39:10 40:4 41:4 41:11 41:21 42:3 42:6 46:12 46:23 48:4 48:19 49:1 49:9 49:10 49:10 49:21 49:23 50:22 50:24 51:2 52:4 52:17 53:3 53:11 53:21 53:24 54:3 54:6 54:8 54:13 55:3 55:14 55:16 55:17 56:6 56:16 57:4 57:10 57:12 57:18 57:21 58:4 59:9 59:24 60:6 60:11 61:19 62:16 62:18 62:21 62:23 62:25 63:4 63:11 63:13 63:19 63:25 64:8 64:12 64:23 65:8 65:14 65:18 65:20 65:24 66:1 66:3 66:7

**courtesy**(1) 23:2

**courtroom**(2) 1:10 32:4

**courts**(1) 38:18

**cover**(1) 9:15

**covered**(1) 40:18

**cravath**(1) 15:9

**create**(3) 10:21 27:14 31:20

**creditors**(15) 12:6 16:13 25:12 25:15 25:20 36:8 38:10 39:13 41:14 45:19 47:23 49:20 56:11 57:2 61:6

**creditors'**(1) 2:5

**crew**(4) 23:19 35:9 35:15 47:6

**culver**(1) 1:25

**danger**(1) 55:9

**data**(1) 1:39

**date**(2) 9:1 66:19

**day**(7) 21:6 21:6 40:6 55:25 55:25 60:15 66:8

**days**(37) 8:7 8:21 8:23 9:17 21:5 21:7 28:8 28:8 28:9 30:23 30:23 31:9 31:10 31:17 47:3 48:3 48:18 48:24 50:2 50:3 50:3 50:3 51:6 51:25 51:25 52:11 54:14 55:20 55:21 59:16 61:10 61:13 62:4 62:4 62:11 63:4 63:6

**debtor's**(1) 28:15

**debtors**(68) 1:12 1:23 2:19 4:8 5:9 6:7 7:5 8:11 8:17 12:7 14:16 14:21 15:23 16:7 16:11 16:12 16:14 16:16 16:25 17:8 17:22 17:25 18:11 18:18 19:2 19:7 19:10 19:11 19:18 19:20 19:22 19:22 20:7 20:10 20:14 21:3 21:11 21:22 22:24 32:18 35:7 35:7 35:13 36:4 36:15 36:20 42:13 42:20 43:4 43:8 43:12 44:4 44:20 45:15 45:25 46:3 46:21 47:15 47:22 48:17 49:19 60:8 60:11 60:18 61:7 61:12 63:1 64:10 64:16 64:18

**debtors'**(1) 46:19

**decent**(1) 42:5

**decide**(3) 19:7 54:21 62:13

**decided**(2) 23:11 56:21

**decision**(5) 7:9 54:18 55:12 55:13 57:5

**decisions**(1) 54:24

**declare**(2) 30:25 52:4

**declared**(4) 18:17 18:20 60:16 60:20

**declares**(2) 27:24 51:20

**default**(1) 54:19

**defined**(1) 34:14

**definitely**(1) 43:11

**delane**(1) 3:7

**delaware**(4) 1:2 1:12 2:24 4:1

**delaying**(1) 34:1

**deluded**(1) 61:5

**demonstration**(1) 59:11

**denied**(1) 26:6

**deny**(1) 18:11

**department**(3) 3:29 6:17 10:16

**depend**(1) 49:11

**depends**(1) 36:23

**deprive**(1) 29:20

**describe**(1) 38:23

**described**(1) 30:6

**despite**(7) 10:12 25:21 36:4 44:5 44:7 44:15 48:4

**detail**(1) 10:6

**determination**(2) 7:16 49:12

**determine**(5) 10:7 53:6 55:12 58:10 60:21

**determining**(1) 8:9

**devoting**(1) 47:13

**diaz**(1) 1:39

**did**(13) 4:22 20:14 21:12 23:12 26:5 27:7 33:6 38:16 44:10 53:4 54:18 58:17 62:13

**didn't**(7) 9:13 21:24 24:17 27:1 51:4 51:5 51:9

**difference**(1) 23:4

**differences**(1) 36:4

**different**(10) 10:17 10:17 10:19 32:25 34:4 35:8 38:25 46:11 53:20 59:17

**difficult**(2) 39:14 58:19

**diligence**(1) 24:8

**diligently**(1) 36:1

**directing**(1) 31:5

**disability**(1) 61:17

**disabled**(4) 12:1 32:23 34:20 58:18

**disagreement**(1) 16:1

**disagreement's**(1) 16:18

**disappointed**(1) 7:8

**disclose**(1) 27:8

**discretion**(3) 33:17 53:5 53:19

**discuss**(1) 6:8

**discussing**(1) 50:2

**discussion**(2) 18:24 26:18

**discussions**(4) 10:22 18:22 18:25 41:13

**disincentive**(1) 48:11

**dismissal**(1) 63:24

**dispute**(3) 15:3 16:21 65:9

**disrespect**(3) 45:11 45:16 54:6

**distance**(1) 22:15

**distributed**(2) 56:11 56:12

**distributions**(1) 60:4

**district**(2) 1:2 27:10

**docket**(1) 4:14

**document**(1) 34:24

**documents**(6) 34:6 34:19 63:17 64:15 64:17 64:17

**does**(10) 20:3 28:11 31:10 31:19 41:22 41:23 42:11 42:12 49:2 60:1

**doesn't**(11) 25:19 26:6 26:21 29:14 31:20 32:15 36:18 50:18 56:24 58:21 62:4

**doing**(5) 18:19 35:6 35:12 36:17 40:19

**dollars**(2) 17:22 47:22

**don't**(44) 4:16 10:25 12:10 13:21 24:7 25:6 25:25 26:1 26:5 26:19 30:1 30:9 31:25 32:8 33:24 37:1 37:20 38:4 39:9 41:2 41:2 42:7 42:23 43:6 43:21 44:16 44:23 46:3 48:1 51:15 52:6 52:12 52:14 52:15 52:15 59:8 61:1 61:5 61:13 61:25 62:3 63:1 65:1 66:4

**done**(17) 24:14 27:18 31:1 31:7 31:8 31:9 31:10 32:11 34:13 35:18 35:23 36:5 47:3 51:6 52:24 60:15 61:11

**donna**(1) 1:25

**dorsey**(15) 2:21 64:8 64:9 64:10 65:1 65:5 65:13 65:16 65:19 65:23 65:24

**doubt**(2) 58:9 62:10

**down**(14) 23:18 24:2 27:2 27:19 33:4 35:8 39:24 39:25 40:16 48:8 58:6 58:13 59:20 59:22

**drag**(3) 42:8 46:6 51:18

**dragging**(1) 49:3

**dressing**(1) 26:17

**dropping**(1) 11:13

**due**(8) 8:22 17:4 24:8 47:1 53:15 58:15

**during**(2) 16:24 50:1

**duty**(1) 35:5

**dynamic**(1) 24:19

**each**(2) 50:6 58:9

**eager**(1) 37:2 54:11

**early**(1) 34:22

**ears**(1) 24:10

**easy**(2) 33:10 61:6

**ecro**(1) 1:37

**educated**(1) 24:10

**effect**(1) 55:25

**effectively**(1) 19:25

**eight**(2) 16:24 17:2

**either**(6) 21:21 27:23 30:24 34:22 46:19 61:2

**electronic**(2) 1:46 66:14

**elegance**(1) 33:19

**element**(1) 26:14

**elicited**(1) 36:3

**eligible**(2) 34:20 34:21

**elliott**(1) 2:34

**eloquent**(1) 38:12

**eloquently**(1) 39:22

**else**(7) 5:6 13:6 13:9 13:9 14:6 31:23 63:8 66:1

**email**(3) 7:24 11:5 65:6

**emails**(1) 54:1

**emea**(1) 2:19

**emerge**(1) 24:21

**emphasizing**(1) 20:2

**employee**(1) 25:2

**employees**(3) 25:3 34:7 34:12 40:18 56:15 56:18

**encountered**(1) 42:1

**encourage**(2) 9:24 42:24

**encouraged**(5) 42:20 43:1 43:8 43:9 44:5

**end**(6) 8:5 19:20 33:24 40:15 41:10 58:6

**ending**(1) 44:24

**enforce**(1) 9:21

**engage**(4) 37:5 37:5 43:12 43:24

**engaged**(5) 25:22 26:2 26:10 26:18 39:12

**english**(1) 2:27

**enjoy**(2) 38:14 66:3

**enough**(5) 12:24 27:20 37:21 47:10 48:25

**ensuring**(2) 17:19 19:10

**enter**(5) 13:11 14:2 61:4 62:7 65:22

**enterprise**(1) 24:24

**entire**(1) 16:24

**entirely**(2) 17:4 55:1

**entirety**(1) 52:20

**entitled**(1) 32:10

**entity**(1) 41:15

**environment**(1) 32:12

**equal**(2) 18:6 28:23

**ernst**(1) 3:11

**especially**(1) 50:20

**esq**(16) 1:24 1:25 1:31 1:32 2:7 2:14 2:21 2:28 2:35 2:42 2:43 3:8 3:13 3:17 3:22 3:26

**essence**(2) 34:22 51:5

**estate**(1) 43:25

**estates**(4) 16:12 17:19 19:10 56:12

**even**(10) 19:5 20:3 21:2 21:12 30:20 31:25 33:11 35:24 44:7 45:3

**event**(4) 10:2 21:14 61:12 63:5

**eventually**(1) 19:7

**ever**(2) 42:1 53:4

**every**(8) 11:23 21:24 28:19 31:16 36:2 45:10 46:17 55:1

**everybody**(1) 33:11

**everyone**(11) 4:3 13:13 27:16 28:22 30:18 58:15 59:11 60:12 62:8 65:12 66:8

**everyone's**(2) 52:5 66:2

**everything**(5) 13:7 26:15 31:22 33:16

**exactly**(1) 22:1

**example**(2) 27:17 35:2

**excellent**(5) 15:16 23:3 60:23 61:23 65:24

**except**(1) 26:16

**exception**(1) 15:2

**exchanged**(4) 11:5 47:6 47:7 55:8

**exchanges**(1) 47:9

**exercise**(2) 9:23 35:4

**exists**(1) 24:24

**expect**(1) 37:19

**expects**(1) 15:12

**expeditious**(1) 35:24

**expeditiously**(1) 37:23

**expenses**(1) 13:25 64:12

**experience**(1) 43:17

**experienced**(2) 45:14 45:15

**experiences**(1) 46:15

**expertise**(1) 36:19

**experts**(1) 57:25

**expiration**(1) 21:2

**expires**(2) 50:9 50:12

**explain**(4) 34:11 38:19 49:1 49:9

**explaining**(1) 39:14

**explanation**(1) 21:7

**exposed**(1) 8:14

**express**(1) 39:3

**extend**(2) 45:2 59:6

**extended**(1) 50:10

**extension**(1) 21:7

**extensive**(1) 34:13

**extent**(1) 10:7

**extra**(1) 9:17

**extremely**(2) 43:14 44:12

**eyes**(1) 58:13

**fabulous**(1) 54:10

**facilitate**(1) 25:3

**facing**(1) 54:17

**fact**(10) 17:15 23:9 26:13 55:8 56:3 56:22 57:6 60:18 60:23 61:22

**facts**(9) 16:21 17:17 17:21 26:20 35:14 40:11 49:10 56:6 61:22

**fail**(1) 28:14

**failed**(1) 53:14

**fair**(1) 58:14

**fairly**(4) 12:18 36:25 39:17 58:21

**faith**(19) 19:3 19:6 20:24 20:24 21:25 26:2 28:18 32:7 35:19 45:1 45:25 49:14 49:15 50:8 51:11 51:22 59:11 59:22 61:4

**fall**(4) 55:11 55:7 57:13 57:24

**fan**(1) 57:15

**fantastic**(1) 58:2

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**fanuc**(1) 5:17

**far**(6) 10:13 10:25 41:9 59:16 60:9 60:16

**farallon**(2) 3:25 3:25

**favor**(1) 19:11

**february**(1) 47:18

**fed**(1) 54:23

**federal**(1) 8:15

**fee**(2) 13:4 36:2

**feel**(3) 39:2 55:17 63:1

**feels**(2) 10:8 54:12

**fees**(8) 12:5 13:1 13:2 13:14 13:25 47:23 47:24 47:25

**feld**(1) 2:13

**felt**(2) 45:4 59:20

**few**(8) 9:17 24:1 27:3 40:14 42:19 42:22 44:6 60:15

**fewer**(1) 8:17

**fiduciary**(1) 35:5

**field**(1) 28:12

**fifteenth**(2) 5:9 6:2

**fifty**(1) 8:14

**figure**(7) 17:4 17:9 23:16 23:16 34:13 40:21 56:7

**file**(14) 7:20 8:3 8:8 8:21 21:24 25:24 26:4 26:22 26:23 29:11 31:6 32:9 59:4 64:6

**filed**(11) 6:9 7:2 7:15 8:21 14:20 14:25 23:10 28:2 51:3 57:11 62:13

**filing**(4) 31:18 43:5 51:24 63:23

**fill**(1) 55:10

**final**(1) 63:21

**finalizing**(1) 15:11

**finally**(2) 11:18 42:18

**financial**(3) 23:17 35:25 36:13

**find**(2) 24:15 65:9

**finding**(1) 58:2

**fine**(4) 11:21 42:9 65:16 65:19

**finger**(1) 2:6

**finish**(3) 24:17 52:5 52:9

**finished**(2) 30:19 30:21

**first**(10) 9:23 22:23 24:4 33:19 50:10 52:24 55:23 57:11 60:9 65:15

**five**(1) 7:5

**flesh**(1) 35:4

**flexibility**(2) 12:24 62:2

**floor**(2) 1:26 2:30

**flow**(1) 23:22

**focus**(1) 59:25

**folks**(1) 56:10

**follow**(3) 9:4 11:5 32:24

**following**(4) 6:25 7:21 7:22 16:20

**for**(88) 1:2 1:23 2:5 2:19 2:27 2:34 2:40 3:3 3:8 3:11 3:16 3:20 3:25 3:29 4:6 6:13 6:17 7:15 7:15 9:18 10:1 10:6 12:1 12:11 13:12 13:19 14:1 14:5 14:6 14:14 16:8 16:18 17:20 22:9 23:22 24:12 26:25 27:3 27:15 28:11 29:4 29:6 29:25 30:18 31:15 31:20 32:3 32:11 32:12 32:23 33:25 34:11 34:15 34:20 35:3 37:21 40:14 41:23 42:5 42:14 42:15 44:15 44:5 45:16 45:20 46:2 49:2 50:6 51:3 51:9 51:11 51:20 52:15 52:19 52:25 53:7 55:23 56:13 56:22 57:1 58:15 58:17 60:4 60:12 63:8 63:16 64:17 64:20

**forces**(1) 31:11

**foreclosed**(1) 18:19

**foregoing**(1) 66:13

**foresee**(1) 28:24

**forever**(1) 40:20

**forget**(1) 53:3

**forgive**(1) 63:13

**form**(8) 5:1 5:10 15:21 15:23 30:7 36:9 45:18 65:21

**formal**(1) 18:17

**formality**(1) 47:12

**formally**(1) 27:9

**formed**(2) 16:24 34:5

**forms**(1) 65:10

**forth**(1) 5:19

**forward**(8) 4:10 10:20 19:19 25:2 25:4 37:3 37:13 40:22

**found**(4) 18:9 34:7 34:10 34:18

**four**(2) 36:10 64:15

**frankly**(6) 7:17 13:21 23:22 28:12 55:20 62:3

**friday**(1) 8:5

**from**(26) 4:12 6:6 7:23 8:9 10:9 14:15 15:9 16:5 17:22 18:19 19:19 23:12 23:8 25:5 25:16 33:11 38:9 41:13 41:19 54:20 55:24 56:14 59:3 60:10 64:15 66:14

**front**(3) 34:4 55:9 60:2

**frustration**(2) 23:23 23:24

**fully**(5) 27:16 29:9 29:11 32:17 48:9

**fundamentally**(1) 18:16

**funding**(2) 12:23 13:1

**further**(1) 12:25

**gatekeeper**(1) 62:5

**gauge**(1) 56:18

**gave**(1) 20:21

**gee**(2) 40:23 43:4

**generate**(1) 58:16

**generating**(1) 53:2

**get**(25) 4:10 10:17 11:22 12:7 23:4 23:15 24:14 24:23 25:7 26:24 29:2 30:24 31:7 33:8 33:10 35:3 35:8 35:18 35:23 36:4 36:11 38:4 40:21 44:13 44:14 46:4 46:4 51:6 52:12 54:12 61:11 62:9 62:10

**gets**(2) 31:8 58:13

**getting**(10) 11:18 11:18 31:8 33:4 33:6 37:17 40:15 46:17 52:11 56:1

**ginger**(1) 1:37

**give**(11) 20:21 31:9 48:10 48:23 49:10 49:16 50:18 51:23 57:20 62:1 64:13

**given**(4) 8:13 48:22 63:1 64:22

**gives**(4) 19:25 28:10 31:18 60:23

**giving**(1) 5:12

**global**(1) 19:13

**gloss**(1) 35:15

**go**(12) 26:16 52:14

**goes**(3) 25:19 46:17 64:19

**going**(62) 4:10 4:16 4:17 7:12 11:5 11:12 13:11 13:17 14:4 17:7 17:24 23:4 24:14 25:2 25:4 27:20 28:13 28:15 28:20 29:2 30:21 31:4 31:6 31:7 31:17 32:8 33:13 33:14 36:24 37:16 38:24 39:1 39:1 39:23 40:9 40:17 41:14 41:15 42:16 42:22 42:23 42:24 43:20 40:7 41:14 41:18 41:19 42:8 42:14 42:16 42:18 42:20 42:22 42:23 42:24 43:5 43:7 43:8 43:11 43:12 43:18 43:21 44:16 44:20 45:16 46:4 46:14 46:16 46:17 47:5 47:14 47:19 47:25 48:17 48:20 49:4 51:11 52:4 52:10 53:2 53:3 53:25 55:6 55:6 55:6 56:13 56:15 56:17 56:21 56:25 57:1 57:5 58:9 59:8 59:23 60:15 60:20 60:23 60:8 60:60:8 60:60:8

**gone**(1) 42:10

**good**(47) 4:3 4:4 4:5 4:6 6:3 6:5 6:19 6:20 11:15 11:16 11:25 12:13 12:17 14:12 14:13 14:14 16:18 17:19 19:3 19:6 19:10 20:24 20:24 21:25 22:2 22:4 22:7 24:23 26:2 28:18 32:7 35:19 38:2 45:1 45:25 49:14 49:15 50:8 51:21 54:13 59:11 59:22 61:4 62:16 64:8 64:9 66:8

**goodwill**(1) 25:21

**got**(6) 25:7 31:9 31:22 31:23 33:3 41:12

**gotten**(2) 23:25 27:4 42:11

**gottlieb**(3) 1:30 6:6 14:15

**government**(2) 8:15 9:20

**grab**(1) 20:10

**granted**(1) 26:24

**great**(3) 22:5 58:4 60:24

**greater**(1) 24:23

**greenleaf**(1) 2:34

**greet**(2) 24:5 47:16

**gross**(1) 1:18

**group**(5) 3:21 25:15 25:17 30:8 31:24

**guess**(1) 33:24

**guidance**(1) 64:13

**gump**(2) 2:13 38:10

**had**(26) 9:14 15:22 15:23 18:22 18:24 18:24 22:24 24:11 26:2 27:6 33:8 34:5 34:25 38:19 39:11 39:14 40:9 42:9 46:21 47:18 47:19 53:14 59:5 60:19 61:12 65:5

**hadley**(2) 3:16 3:21

**haller**(1) 40:22

**hamilton**(3) 1:30 6:6 14:15

**hand**(3) 4:10 11:9 12:11

**handcuff**(1) 51:22

**handing**(1) 5:21

**handle**(3) 6:1 36:15 65:21

**hanging**(1) 35:22

**happen**(9) 40:9 40:9 44:2 45:14 46:18 49:7 49:12 59:15 61:25

**happened**(2) 43:3 49:10

**happening**(3) 49:1 59:15 60:22

**happens**(2) 51:20 54:15

**happy**(8) 10:3 12:3 36:10 54:11 55:21 57:3 57:15 57:20

**hard**(9) 28:7 28:10 29:6 35:17 36:3 46:6 51:14 52:10 53:25

**harm**(1) 20:3

**harrisburg**(1) 1:41

**has**(33) 5:10 5:22 9:21 10:8 16:17 23:1 23:8 23:23 24:2 24:24 24:24 28:23 28:23 34:23 35:21 38:25 39:1 40:8 42:10 42:15 43:17 43:19 44:14 45:10 46:18 47:3 48:5 49:20 53:1 54:12 56:20 57:3 61:6

**hasn't**(5) 18:8 25:17 26:3 43:3 44:25

**hauer**(1) 2:13

**have**(173) 4:9 4:14 4:21 5:10 5:17 5:25 6:21 6:23 7:1 7:14 8:6 8:16 8:22 8:24 9:19 10:5 10:21 12:9 12:9 12:19 13:6 13:18 14:6 14:25 15:1 15:5 15:25 16:2 16:7 16:14 16:25 17:15 18:6 18:12 18:13 18:22 18:24 18:25 19:5 19:20 19:24 20:8 21:11 21:14 21:16 22:7 22:24 23:2 24:9 24:20 25:23 26:2 26:4 26:10 26:11 27:1 27:1 27:2 27:14 27:17 27:18 28:19 29:14 29:18 29:24 30:9 30:24 31:4 32:7 33:17 34:10 34:17 34:18 35:5 35:12 35:12 35:20 35:22 36:1 36:2 36:3 36:8 36:14 36:20 36:21 37:3 37:5 37:7 37:11 37:14 39:23 39:24 40:1 40:3 40:9 40:9 40:17 41:14 41:15 41:17 41:18 41:18 41:19 42:8 42:14 42:16 42:18 42:20 42:22 42:23 42:24 43:5 43:7 43:8 43:11 43:12 43:18 43:21 44:16 44:20 45:16 46:4 46:14 46:16 46:17 47:5 47:14 47:19 47:25 48:17 48:20 49:4 51:11 52:4 52:10 53:2 53:3 53:25 55:6 55:6 55:6 56:13 56:15 56:17 56:21 56:25 57:1 57:5 58:9 59:8 59:23 60:15 60:20 60:23

**haven't**(7) 22:4 25:22 27:4 30:5 35:13 42:11 45:23

**having**(5) 7:11 37:3 44:5 44:7 45:5

**he'll**(1) 42:5

**he's**(5) 15:16 38:23 53:21 60:24 61:1

**heads**(1) 35:23

**health**(1) 40:18

**hear**(2) 7:8 61:18

**heard**(5) 4:12 5:6 21:5 48:11 65:14

**hearing**(6) 8:25 20:14 20:19 50:12 55:24 66:10

**hearings**(2) 48:20 54:20

**help**(2) 25:3 48:7

**helped**(1) 58:16

**helpful**(1) 44:14

**helps**(2) 55:21 55:22

**here**(40) 8:16 20:10 21:12 21:17 22:5 22:7 23:7 26:15 28:7 28:15 31:7 31:15 31:24 32:7 33:22 37:15 38:4 38:11 38:23 39:16 39:20 40:9 40:11 43:20 44:18 45:8 45:9 45:24 46:4 46:7 46:15 46:18 50:6 52:13 52:21 54:25 55:8 55:15 60:8 60:20

**herring**(1) 47:7

**highly**(4) 26:12 27:25 31:13 60:14

**hijacking**(1) 33:24

**him**(7) 38:15 38:18 38:23 51:12 52:2 52:3 54:11

**his**(6) 9:24 32:1 33:10 51:13 52:2 52:2

**hit**(1) 4:14

**hoc**(2) 3:16 42:25

**holders**(2) 3:20 36:8

**honest**(3) 23:3 26:16 52:13

**honor**(71) 4:6 4:12 5:8 6:5 6:8 6:15 6:21 7:17 8:1 8:13 9:4 9:12 10:4 11:8 11:12 11:16 11:21 11:25 12:3 12:18 13:6 13:18 14:3 14:10 14:14 14:17 15:19 22:1 22:6 23:7 27:15 28:12 29:25 32:22 34:2 35:2 35:20 36:21 37:2 37:25 38:3 38:9 38:11 39:3 39:17 46:25 47:3 49:6 49:17 49:18 49:25 50:23 52:18 54:20 55:2 56:1 56:3 57:23 58:9 61:18 62:15 62:17 63:10 64:6 64:9 64:22 65:4 65:17 65:19 65:23 65:25

**honor's**(3) 14:24 53:15 55:22

**honorable**(1) 1:18

**hope**(9) 9:18 10:12 10:24 14:3 29:1 49:16 62:4 66:4 66:7

**hopeful**(6) 21:12 37:18 48:4 48:9 60:2 63:22

**hopefully**(4) 8:1 40:7 41:6 56:1

**hoping**(2) 37:17 40:20

**horseshoes**(1) 11:22

**hours**(1) 27:3

**how**(12) 11:16 18:25 36:22 37:1 37:20 38:25 55:17 56:15 56:18 58:8 58:12 65:20

**however**(2) 45:5 54:25

**human**(1) 42:5

**i'd**(2) 11:8 52:23

**i'll**(9) 13:23 13:23 30:17 32:3 33:19 62:12 65:10 65:21 65:23

**i'm**(43) 4:17 10:25 11:12 13:15 14:12 15:1 15:4 22:11 22:18 23:1 23:4 23:19 23:25 25:16 26:20 27:10 27:18 27:20 28:15 28:20 29:1 30:22 31:3 31:3 31:5 31:13 33:24 37:18 38:11 38:22 38:24 39:18 39:19 44:17 44:17 51:16 54:15 55:21 57:19 60:16 61:5 62:5 65:1

**i've**(18) 9:9 11:21 27:9 27:10 34:4 35:7 38:17 39:5 39:8 39:12 39:14 41:8 41:12 41:25 42:1 54:5 60:11 60:15

**idea**(6) 34:3 41:23 43:18 43:21 44:8 45:4

**ideas**(1) 55:7

**identified**(1) 33:9

**ignored**(1) 35:11

**illusory**(1) 19:12

**immediately**(1) 60:3 64:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| impasse(17) 18:9 18:17 18:20 27:24 30:25 33:17 33:18 42:11 44:25 51:20 52:4 53:13 54:19 54:22 54:22 60:16 64:11 | | items(3) 4:10 4:13 4:22 | | let(13) 6:14 9:5 22:23 27:8 27:25 30:3 30:23 51:12 52:2 60:7 61:1 63:6 65:8 | | man(1) 52:21 | |
| | | its(2) 29:13 61:6 | | | | management(1) 3:25 | |
| | | itself(1) 24:2 58:19 60:2 | | | | manner(7) 6:25 7:14 7:21 35:24 36:5 58:22 58:24 | |
| implicit(1) 20:23 | | james(1) 1:31 6:5 | | let's(4) 40:23 52:1 52:2 66:7 | | | |
| implore(1) 52:13 | | jane(2) 1:32 14:15 | | letter(1) 11:4 | | many(15) 22:25 27:18 27:18 34:10 35:7 38:17 39:6 39:11 40:17 47:5 48:16 49:6 53:20 56:15 56:18 | |
| important(8) 13:12 25:23 26:1 43:25 44:1 48:20 52:20 60:13 | | january(1) 17:13 | | level(2) 28:11 36:14 | | | |
| | | jeffrey(2) 3:32 6:17 | | leverage(2) 20:10 21:12 | | | |
| | | john(2) 2:21 64:9 | | levin(14) 15:9 15:11 15:14 30:24 41:25 45:17 51:12 52:1 52:14 54:10 54:16 58:10 62:10 62:22 | | market(3) 1:11 1:26 2:36 | |
| impose(2) 18:14 20:15 | | joint(1) 54:19 | | | | marsal(2) 36:13 37:6 | |
| imposed(2) 29:6 61:10 | | jointly(1) 1:8 | | | | mary(1) 52:6 | |
| inappropriately(1) 59:4 | | judge(3) 1:19 53:3 61:23 | | | | matter(20) 6:8 7:13 8:10 9:24 12:2 12:5 13:2 13:22 15:13 53:1 53:6 60:10 60:10 60:12 61:6 61:10 63:3 63:9 63:14 66:15 | |
| inc(3) 1:6 3:4 3:4 | | judicious(1) 35:24 | | levin's(3) 33:8 36:24 49:5 | | | |
| incentive(1) 48:16 | | july(4) 8:23 8:25 55:23 55:24 | | liability(1) 8:10 | | | |
| incentives(1) 58:25 | | june(4) 8:7 8:20 8:22 54:21 | | liberty(1) 1:33 | | | |
| incentivized(1) 29:21 | | jurisdiction(1) 55:1 | | lies(1) 48:13 | | | |
| include(2) 49:14 61:16 | | just(45) 4:9 4:21 5:21 6:12 9:5 9:12 9:15 11:22 14:2 14:5 17:3 17:4 17:9 18:21 20:19 23:3 25:10 26:6 26:20 26:22 27:8 29:10 30:23 32:16 39:19 40:5 40:10 41:1 44:10 45:4 45:11 45:14 45:18 46:7 46:9 47:11 47:12 48:1 49:19 50:18 50:23 52:18 52:23 61:25 65:21 | | lieu(1) 24:6 | | matters(2) 11:10 14:7 | |
| includes(1) 12:15 | | | | lift(1) 12:4 | | mauro(1) 3:5 | |
| including(4) 12:6 38:18 48:18 60:4 | | | | light(4) 48:5 50:20 | | maximize(1) 25:13 | |
| inconsistent(1) 58:22 | | | | like(24) 6:25 9:4 11:8 13:8 13:17 24:5 25:6 25:10 26:21 30:6 31:8 31:9 33:19 35:8 38:7 39:2 44:6 44:10 46:21 49:17 52:11 52:23 61:18 63:1 | | may(15) 1:1 5:3 5:22 5:23 11:14 12:11 12:13 19:10 28:2 34:20 34:21 49:23 49:23 54:20 65:4 | |
| increase(1) 12:5 | | | | | | | |
| incurred(1) 47:25 50:21 | | | | | | | |
| indeed(3) 54:10 59:4 59:19 | | | | | | | |
| indefinite(4) 19:17 45:20 45:20 50:17 | | | | likelihood(3) 30:19 30:20 30:25 | | maybe(3) 20:20 42:13 64:12 | |
| indefinitely(2) 16:6 17:23 | | justice(7) 53:10 53:13 53:19 53:22 53:23 54:1 54:6 | | likened(1) 46:11 | | mccarter(1) 2:27 | |
| indicate(1) 36:13 | | | | limit(1) 51:10 | | mccloy(3) 3:16 3:21 | |
| indicated(1) 12:9 | | | | line(3) 11:13 12:15 62:20 | | mean(8) 9:13 26:19 28:9 29:23 33:24 36:18 39:21 58:21 | |
| indifferent(1) 7:17 | | keep(2) 20:4 40:19 60:16 64:24 | | linn(1) 3:26 | | | |
| inform(1) 15:5 | | keeping(1) 20:2 | | liquidating(1) 19:21 | | | |
| information(15) 10:10 10:12 23:21 23:23 34:24 36:9 36:11 36:14 37:16 47:5 47:8 47:9 48:23 59:1 64:15 | | kevin(1) 1:18 | | lisa(6) 2:14 3:13 25:12 38:9 51:15 51:17 | | means(4) 18:17 26:17 59:23 64:4 | |
| | | key(1) 47:2 | | list(2) 33:4 33:5 | | meant(4) 40:23 40:25 45:16 54:22 | |
| | | kicks(1) 55:23 | | listen(1) 24:10 | | meantime(1) 50:21 | |
| informed(1) 16:14 | | kim(32) 1:32 11:9 11:15 14:12 14:14 14:15 14:20 14:24 15:8 15:19 16:17 19:16 20:17 21:19 21:23 22:1 25:23 46:24 46:25 48:20 49:22 49:24 49:25 50:22 62:8 62:13 62:15 62:17 62:19 62:22 62:24 63:1 | | listened(1) 38:18 | | mediate(5) 13:22 15:13 19:8 43:20 49:5 | |
| instance(1) 13:24 | | | | listening(4) 25:11 38:11 38:14 38:23 | | mediation(88) 12:22 12:24 14:1 14:5 16:6 17:24 18:15 18:18 18:23 19:1 19:3 19:6 19:13 19:16 19:17 19:20 20:7 20:18 20:24 21:25 26:8 26:11 26:17 26:22 27:1 27:1 27:6 27:13 27:16 27:17 27:20 27:22 27:23 28:5 28:12 28:16 28:22 28:24 29:4 29:10 29:13 30:1 31:5 31:7 31:8 31:21 32:12 32:14 33:18 34:1 36:2 41:20 41:24 42:16 43:5 43:17 43:20 44:6 44:11 44:17 45:5 45:16 46:15 47:2 48:9 48:12 48:14 49:2 49:7 50:6 50:8 50:19 51:4 51:7 51:11 52:2 52:3 52:9 53:1 53:9 53:14 54:18 55:6 55:7 60:17 60:22 61:24 62:1 | |
| insurance(2) 24:6 24:15 | | | | litigate(1) 27:22 | | | |
| integrity(1) 23:2 | | | | litigation(4) 10:2 27:19 27:21 29:5 | | | |
| intelligent(1) 5:17 | | | | little(9) 7:22 13:6 13:15 32:11 43:6 43:16 44:18 64:11 64:19 | | | |
| intend(1) 19:3 | | | | | | | |
| intends(1) 8:8 | | kind(4) 24:20 25:18 47:6 50:14 | | | | | |
| intention(2) 10:15 21:25 | | king(3) 2:9 2:23 2:30 | | llp(4) 2:13 2:20 2:41 3:12 | | | |
| intentions(2) 44:13 45:25 | | know(55) 10:16 13:14 13:25 22:11 22:24 24:7 29:25 30:11 34:4 35:8 35:25 36:23 37:1 37:20 38:4 38:22 38:24 39:1 39:4 39:6 39:16 40:1 40:6 40:12 40:24 41:7 42:25 43:23 44:1 44:16 45:3 45:6 46:1 46:16 46:17 51:15 52:7 52:11 55:19 56:6 57:7 58:6 58:12 59:13 59:13 59:16 59:20 60:24 61:13 61:21 61:25 62:11 63:3 63:6 65:10 | | long(8) 23:15 31:1 36:22 37:1 37:20 39:17 45:6 45:22 | | | |
| interest(1) 17:19 | | | | | | | |
| interests(1) 51:13 | | | | | | | |
| interference(1) 51:13 | | | | | | | |
| international(3) 52:25 53:18 54:18 | | | | long-term(6) 12:1 23:20 32:23 34:19 58:18 61:17 | | | |
| intertwined(1) 34:18 | | | | | | mediations(4) 30:4 31:2 52:25 60:15 | |
| into(18) 9:17 14:17 19:3 20:24 23:5 28:19 33:4 42:16 43:14 43:20 44:12 44:17 44:18 48:7 54:23 59:5 60:3 61:4 | | | | longer(9) 19:8 24:25 25:1 45:3 | | mediator(39) 14:21 15:6 15:10 15:15 15:18 17:20 18:21 18:22 18:23 26:12 27:9 27:24 29:7 31:24 33:5 33:7 33:9 33:15 33:17 42:9 43:19 44:14 44:25 48:6 48:7 49:11 51:12 51:16 51:19 51:20 51:22 52:14 53:5 53:9 58:2 60:23 61:23 62:1 62:22 | |
| | | knows(2) 23:7 49:6 | | look(8) 26:20 26:21 27:9 34:3 35:4 36:7 53:16 55:20 | | | |
| | | kraidin(1) 3:13 | | | | | |
| introduce(1) 24:5 | | kreller(1) 3:22 | | | | | |
| invest(1) 28:22 | | language(19) 28:1 28:5 30:21 32:13 45:13 45:24 46:9 49:13 49:14 49:18 50:1 51:7 59:5 62:8 63:21 64:1 64:12 64:19 65:2 | | looked(1) 61:14 | | | |
| invested(4) 27:16 29:9 29:11 32:17 | | | | looking(1) 31:15 | | | |
| invitation(1) 7:7 | | | | looks(1) 31:8 | | | |
| involved(9) 8:17 10:17 22:25 27:11 31:5 58:15 59:12 59:14 60:4 | | | | lot(6) 16:17 31:19 33:15 36:11 47:12 47:13 | | mediators(1) 53:4 | |
| | | large(3) 10:16 17:8 30:7 | | lots(2) 29:18 64:1 | | meet(3) 24:5 43:10 47:16 | |
| | | last(6) 7:5 8:5 12:8 32:1 36:10 59:19 | | love(2) 30:18 66:3 | | meeting(3) 24:11 42:24 47:18 | |
| involves(1) 38:6 | | lastly(1) 35:20 | | ltd(18) 2:34 11:10 14:22 14:25 15:20 16:10 16:23 16:25 17:5 17:6 17:23 18:2 18:10 19:18 19:23 28:4 47:24 56:13 | | meetings(1) 42:19 | |
| isn't(3) 5:13 24:14 45:8 | | late(2) 12:7 33:11 | | | | members(1) 37:6 | |
| issue(17) 12:4 15:2 16:3 16:15 16:19 20:13 21:4 34:8 34:25 40:24 41:1 41:2 41:3 47:6 56:4 64:22 65:7 | | later(4) 12:25 37:14 42:19 52:12 | | | | memorialize(1) 11:2 | |
| | | laughter(13) 11:20 11:24 22:13 22:21 30:10 32:22 52:8 52:22 54:4 57:9 57:17 57:22 64:3 | | ltd'rs(3) 34:3 34:14 44:1 | | memorializing(1) 12:8 | |
| | | | | ltd's(1) 66:3 | | mentioned(3) 18:21 20:17 49:14 | |
| | | | | luckily(1) 55:13 | | merits(1) 10:7 | |
| issues(21) 8:14 8:16 13:16 15:3 15:20 15:22 15:25 16:19 19:14 25:2 30:8 35:11 35:16 37:15 37:16 39:12 39:12 48:21 54:17 56:4 60:1 | | law(2) 34:13 60:14 | | lumped(2) 34:7 34:12 | | met(2) 24:3 24:4 | |
| | | lawyer(3) 54:10 60:24 64:1 | | lyons(1) 53:3 | | met's(1) 57:15 | |
| | | lawyers(2) 42:1 60:25 | | mace(1) 1:37 | | michael(1) 3:26 | |
| | | lay(1) 23:14 | | made(9) 7:4 9:25 10:5 16:12 24:12 45:8 54:24 57:6 61:20 | | microphone(2) 22:17 | |
| | | layton(1) 2:6 | | | | middle(1) 17:13 | |
| | | least(5) 21:16 42:22 45:14 46:2 47:9 | | | | might(5) 10:1 18:18 18:20 19:7 44:6 | |
| it's(52) 4:4 8:1 8:13 8:21 11:4 11:21 11:22 13:12 13:13 14:7 17:17 17:21 20:2 22:5 22:7 23:24 25:6 26:22 28:6 28:18 30:5 30:6 30:7 30:14 31:8 35:5 35:8 36:24 38:1 40:9 40:25 41:1 41:2 43:17 43:25 44:1 45:24 45:25 49:7 51:6 51:10 53:8 53:25 55:9 55:25 59:7 59:15 59:17 61:5 61:11 62:5 64:12 | | leave(1) 13:8 | | maintain(2) 56:20 56:25 | | milbank(2) 3:16 3:21 | |
| | | left(1) 34:15 | | maintained(1) 57:1 | | millbank(1) 2:16 | |
| | | leg(3) 27:17 28:23 51:23 | | maintaining(1) 56:21 | | million(3) 17:1 17:3 56:21 | |
| | | legal(2) 10:18 56:4 | | make(17) 9:15 13:12 14:4 18:3 20:8 25:8 29:22 32:24 40:19 42:20 43:9 45:3 49:11 58:16 60:7 61:19 65:8 | | millions(1) 47:21 | |
| | | legally(1) 45:10 | | | | mind(3) 4:16 10:18 10:18 | |
| | | legitimate(1) 46:16 | | | | minds(1) 10:19 | |
| | | legitimately(1) 25:13 | | | | mine(1) 33:20 | |
| | | less(2) 21:5 50:13 | | maker(2) 55:12 55:13 | | minute(1) 24:7 | |
| item(5) 4:17 4:18 4:20 5:9 14:17 | | | | makes(3) 19:8 47:6 53:18 | | misbehaving(1) 58:11 | |
| | | | | making(3) 28:23 35:23 52:3 | | | |

Page 71 of 76

04/19/12 15:01:51

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| misconstruing(1) 17:6 | | negotiations(7) 7:7 16:2 18:8 24:3 39:13 41:9 43:13 | | one(29) 1:33 2:8 2:15 2:44 5:6 5:10 5:11 5:13 7:2 15:2 16:15 18:2 20:22 25:7 26:16 27:16 27:22 28:16 33:2 38:18 41:8 42:1 52:19 53:1 54:17 62:13 63:9 65:11 65:21 | | pejorative(1) 26:19 pending(3) 16:6 18:16 54:20 penn(1) 2:44 pennsylvania(1) 1:41 pension(3) 63:20 64:14 64:20 pensioners(1) 38:6 |
| missing(1) 24:1 | | | | | | |
| misspell(1) 54:2 | | neil(1) 2:43 | | | | |
| mode(1) 33:4 | | networks(1) 1:6 4:24 | | ongoing(3) 19:21 20:7 39:24 47:14 | | people(9) 8:17 10:17 23:14 23:20 33:5 37:12 37:17 37:21 47:17 |
| modification(7) 14:7 14:8 14:22 16:5 18:10 20:5 20:8 | | never(3) 51:4 53:4 60:16 nevertheless(1) 43:24 | | only(5) 16:3 24:3 24:4 51:6 53:8 ontario(1) 54:7 | | |
| | | new(3) 1:34 2:16 2:45 | | oops(1) 23:11 | | people's(2) 36:23 46:10 |
| modify(4) 5:18 18:2 28:3 51:8 | | next(2) 54:14 63:23 | | open-ended(1) 61:25 | | perfect(1) 58:2 |
| moment(2) 38:19 52:19 | | nice(2) 38:3 40:7 | | operations(1) 19:21 | | perfectly(1) 9:16 |
| money(4) 32:11 56:11 57:1 57:3 | | nichols(2) 1:23 4:7 | | opinion(1) 23:4 | | perfunctory(1) 7:6 |
| monitor(1) 3:11 | | night(1) 12:8 | | opportunity(3) 10:21 18:25 55:6 | | perhaps(4) 10:21 44:5 48:5 56:24 |
| monster(1) 52:9 | | nobody(1) 28:23 | | oppose(3) 8:11 8:12 18:6 | | period(14) 20:15 21:3 21:6 21:7 37:21 |
| monstrously(1) 30:7 | | nobody's(1) 32:16 | | options(1) 41:16 | | 45:21 45:22 50:1 50:9 50:10 58:7 59:6 |
| month(7) 8:5 8:6 17:1 23:10 36:2 45:10 46:17 | | none(2) 24:24 51:6 | | oral(1) 8:24 | | 59:7 59:16 |
| | | normally(1) 24:20 | | order(33) 4:17 4:21 5:2 5:7 5:11 5:14 | | permitted(1) 19:24 |
| monthly(1) 13:5 | | nortel(9) 1:6 2:40 4:24 6:7 25:9 28:3 28:4 47:7 58:16 | | 5:16 5:21 5:24 12:11 12:18 13:11 14:2 | | personalities(1) 23:2 |
| months(11) 7:5 16:22 16:24 17:2 17:13 42:19 42:23 47:4 47:5 50:6 60:17 | | | | 14:12 15:4 15:21 15:23 24:23 25:8 28:1 | | personally(1) 46:1 |
| | | | | 31:23 35:3 35:17 36:9 46:20 46:22 52:10 | | perspective(4) 25:5 41:13 44:19 52:20 |
| moore(1) 15:9 | | nortel's(2) 23:18 24:25 | | 62:7 62:14 62:20 63:16 65:10 65:22 | | perspectives(1) 46:10 |
| morawetz(1) 53:13 | | north(3) 1:26 2:9 2:23 | | | | phillies(1) 57:7 |
| more(10) 10:3 13:18 17:3 28:6 28:16 29:21 42:23 46:21 49:12 50:4 55:11 55:12 62:3 62:4 65:11 | | not(80) 10:8 12:4 13:14 13:16 13:17 14:5 16:19 16:21 17:15 17:15 18:22 18:24 24:2 25:15 26:17 26:17 28:2 28:11 30:21 31:17 32:10 34:13 34:14 35:5 35:5 35:13 36:2 39:18 40:25 41:15 43:2 43:4 46:9 | | orders(5) 4:9 4:14 12:11 37:8 53:9 organized(1) 23:16 original(2) 5:19 44:15 other(29) 5:13 13:22 13:25 15:20 15:25 21:4 24:22 25:9 25:20 29:25 34:18 34:21 37:3 37:6 38:18 39:4 42:9 43:21 44:8 45:15 46:10 46:14 48:13 48:20 53:3 58:9 59:23 63:9 64:17 | | phone(2) 6:13 9:14 phones(1) 60:17 pick(1) 22:14 pickup(1) 56:1 place(5) 16:2 49:8 51:8 56:19 59:1 placed(1) 37:8 plan(12) 19:19 19:21 19:23 20:1 29:2 30:4 31:11 34:6 34:18 41:14 41:16 52:12 |
| morning(19) 4:3 4:5 4:6 6:3 6:5 6:19 6:20 11:15 11:16 11:25 12:14 14:12 14:14 22:3 22:4 64:8 64:9 65:3 65:6 | | 46:17 47:10 47:11 47:20 48:11 48:23 48:24 49:11 50:4 51:8 51:22 51:23 52:3 52:5 53:13 53:14 54:1 54:22 55:10 55:12 56:13 57:2 57:19 58:7 58:13 60:19 60:21 61:1 61:5 61:15 64:12 65:11 65:4 | | | | |
| | | | | otherwise(5) 15:13 16:12 18:19 19:5 65:21 ought(1) 50:19 | | plans(7) 23:9 28:4 28:4 39:23 40:2 40:3 40:18 |
| morris(2) 1:23 4:7 | | | | | | |
| most(5) 4:22 12:10 12:21 13:19 23:25 | | | | our(56) 4:20 7:2 8:13 8:18 8:19 8:23 9:22 10:7 10:9 10:19 12:5 12:23 13:1 13:4 13:7 15:14 18:12 20:17 21:9 21:21 24:14 25:5 29:11 29:20 30:23 31:18 33:5 33:9 34:1 34:19 35:4 35:12 35:22 35:25 36:2 36:4 36:9 36:12 36:17 37:7 39:2 41:22 42:12 42:21 43:10 43:13 44:19 46:15 47:20 48:18 51:7 56:18 59:5 59:23 62:20 63:22 | | platforms(1) 5:18 |
| mother(7) 30:4 30:14 30:15 30:18 31:1 52:6 60:1 | | note(4) 10:4 59:13 60:9 64:21 notes(1) 22:19 nothing(21) 28:1 28:6 46:25 49:12 | | | | play(1) 62:5 playing(4) 28:11 57:8 57:12 57:14 plaza(2) 1:33 2:44 pleadings(1) 23:5 23:24 |
| | | notice(4) 21:5 21:6 49:17 50:13 | | | | please(5) 4:2 4:44 38:21 62:25 63:11 |
| motion(41) 8:8 8:12 8:20 8:21 14:20 15:1 15:3 15:24 21:3 21:21 21:23 21:24 23:20 23:12 24:17 25:24 26:5 26:23 28:15 28:19 29:11 31:6 31:18 32:10 32:18 32:18 43:5 48:3 51:1 51:3 51:5 51:10 51:11 51:24 54:20 57:11 59:4 60:22 61:12 62:13 63:5 | | notify(2) 64:16 64:18 notwithstanding(1) 56:22 now(10) 8:25 11:9 23:25 24:19 26:13 27:8 27:25 30:3 54:12 57:14 | | | | pleased(5) 5:7 15:1 15:4 15:17 23:25 pleasure(1) 22:5 plenty(1) 56:23 plight(1) 35:7 plus(4) 8:14 8:16 21:6 55:25 podium(3) 6:1 11:9 21:20 point(30) 5:14 7:19 8:18 16:3 18:1 19:9 20:9 21:16 23:18 25:23 26:16 29:2 29:3 30:3 33:25 34:8 34:23 35:21 39:25 40:1 40:10 47:8 47:14 48:12 48:21 50:16 55:5 57:23 59:22 |
| | | | | out(20) 4:17 10:24 17:2 23:16 23:16 24:14 24:25 25:8 29:10 33:3 34:13 35:4 40:21 40:21 42:8 49:2 54:1 56:6 56:7 56:10 | | |
| | | nuisance(2) 25:7 60:10 number(1) 52:24 | | | | |
| motions(1) 59:14 | | object(1) 20:11 | | | | |
| move(7) 37:2 40:16 40:22 40:24 43:1 43:25 48:7 | | objected(1) 7:1 | | outcome(1) 31:19 | | |
| | | objection(7) 4:14 4:21 5:10 5:19 6:2 7:13 7:14 | | outset(3) 22:23 51:17 61:20 over(10) 6:1 11:9 23:12 27:2 27:23 35:16 35:23 56:21 59:15 65:2 | | |
| moved(1) 26:25 | | | | | | points(2) 20:21 32:25 |
| moving(3) 10:20 35:18 35:19 | | objectionable(1) 28:1 | | | | poisons(1) 28:12 |
| much(8) 5:5 13:18 15:17 41:16 48:11 50:18 52:21 57:3 | | objections(2) 7:3 36:3 | | | | policies(1) 9:21 |
| | | obligation(1) 49:15 | | overy(1) 3:12 | | portion(2) 9:23 34:19 |
| must(1) 57:15 | | obligations(1) 47:14 | | own(25) 14:25 43:17 61:6 | | position(6) 16:14 43:21 51:16 51:16 57:24 58:7 |
| mutual(2) 21:8 50:11 | | observations(1) 60:7 | | | | |
| name(4) 32:1 33:8 33:10 33:19 | | obviously(13) 7:8 8:16 18:5 38:25 39:16 40:6 40:8 40:13 40:20 42:19 43:24 46:19 61:17 | | papers(2) 13:7 35:22 paragraph(4) 44:22 46:20 | | positions(3) 32:16 43:18 55:7 |
| names(2) 33:5 53:3 | | | | park(1) 2:15 | | positive(1) 26:11 |
| nationally(1) 26:12 | | | | part(6) 13:19 17:9 36:15 46:15 48:1 48:12 | | possible(5) 36:17 37:19 37:23 55:24 56:9 |
| nations(1) 30:7 | | occur(1) 26:3 | | participant(1) 50:6 | | post(1) 11:22 |
| necessarily(2) 36:19 40:19 | | occurs(1) 30:25 | | participants(2) 16:10 56:13 | | posture(1) 7:18 |
| necessary(6) 10:6 25:18 55:13 58:10 61:21 64:22 | | off(5) 22:23 27:20 42:21 51:24 56:15 | | participation(1) 66:2 | | potentially(1) 41:7 |
| | | offer(5) 10:13 20:14 41:13 47:20 60:19 | | particular(3) 13:24 15:4 37:15 | | ppearances(2) 1:21 2:1 |
| need(40) 7:10 8:15 8:18 10:1 11:1 12:22 12:25 16:8 24:1 24:8 24:8 24:22 26:8 26:8 28:16 29:7 29:9 29:11 29:12 32:8 33:7 33:16 35:3 36:6 36:16 37:13 37:16 39:2 43:24 44:11 44:13 48:22 48:23 48:25 50:4 51:5 51:12 55:5 56:6 61:21 | | offered(2) 43:10 52:1 | | participation(1) 66:2 | | practical(2) 61:10 63:3 |
| | | official(2) 25:12 38:10 | | particularly(4) 36:24 53:20 53:21 57:3 | | practically(1) 34:17 |
| | | often(2) 38:4 43:17 | | parties(25) 12:6 12:20 13:2 13:18 15:5 15:13 18:25 19:3 19:4 19:6 20:18 20:23 21:8 27:19 28:21 31:22 33:14 37:19 43:9 49:16 50:11 51:21 53:20 61:2 61:4 | | pragmatic(1) 12:21 |
| | | okay(33) 4:19 7:25 10:23 11:3 22:2 22:16 22:20 22:22 26:10 26:14 26:18 27:7 27:19 27:25 28:18 28:19 29:7 29:9 29:19 30:2 30:3 30:11 30:17 33:1 33:17 37:24 49:21 51:9 51:24 52:4 62:13 65:18 65:20 | | | | predetermines(1) 31:19 |
| | | | | | | prejudice(3) 32:15 63:24 64:4 |
| needed(1) 34:8 | | | | | | prejudices(1) 20:12 |
| needlessly(1) 7:19 | | | | partly(1) 25:5 | | premature(2) 18:7 18:10 |
| needs(4) 29:9 29:12 34:25 56:11 | | | | parts(5) 5:10 49:15 | | prepare(2) 37:12 37:21 |
| negatively(1) 40:25 | | | | party(2) 21:4 25:18 | | prepared(1) 14:6 |
| negotiate(9) 20:25 27:3 32:7 43:11 46:5 47:10 47:17 50:7 59:25 | | olivia(1) 3:5 omnibus(5) 4:20 5:9 6:2 7:2 8:25 once(7) 23:15 23:19 23:20 33:3 50:11 51:4 64:4 | | passage(2) 17:11 17:18 passed(1) 48:6 past(2) 51:25 51:25 | | present(1) 7:18 presentation(2) 24:12 34:11 |
| negotiated(2) 28:17 40:7 | | | | pay(2) 16:25 45:9 | | preserving(1) 19:9 |
| negotiating(4) 17:8 31:16 45:1 51:21 | | | | paying(1) 43:17 42:21 | | |
| negotiation(7) 10:14 25:22 26:2 26:3 26:10 26:13 59:3 | | | | payment(2) 17:5 17:9 | | |
| | | | | pbgc(1) 34:21 | | |
| | | | | peace(1) 56:10 | | |

| Word | Page:Line |
|---|---|
| **pressure**(6) | 29:8 29:15 29:18 29:23 29:24 35:21 |
| **pretty**(1) | 41:16 |
| **prevent**(1) | 19:18 |
| **previously**(1) | 46:21 |
| **primarily**(1) | 37:5 |
| **principles**(3) | 16:8 16:14 19:9 |
| **prior**(1) | 20:13 |
| **privilege**(1) | 32:3 |
| **privileged**(1) | 64:17 |
| **probably**(6) | 28:13 29:21 44:20 60:19 61:9 61:11 |
| **problem**(4) | 22:12 31:14 40:22 56:7 |
| **procedural**(1) | 7:18 |
| **proceed**(7) | 6:25 7:10 7:12 8:10 10:3 50:19 54:15 |
| **proceeding**(5) | 7:14 20:7 21:25 59:3 63:16 |
| **proceedings**(3) | 1:17 1:46 66:15 |
| **proceeds**(1) | 58:17 |
| **process**(39) | 12:24 13:5 15:11 16:3 16:7 16:9 16:9 17:8 17:20 17:21 18:4 19:10 24:17 27:1 28:13 32:18 33:25 38:23 39:15 39:18 40:12 40:16 40:24 41:20 42:8 42:10 42:15 42:22 43:2 43:9 43:10 43:15 43:25 45:6 45:7 45:10 48:1 48:2 48:7 48:8 61:24 62:10 |
| **produced**(1) | 1:47 |
| **production**(2) | 34:24 63:17 |
| **productive**(1) | 31:21 |
| **professional**(3) | 47:23 47:24 47:25 |
| **programs**(1) | 24:16 |
| **progress**(5) | 14:4 24:2 45:8 51:19 52:3 |
| **progressing**(1) | 13:16 |
| **prohibit**(1) | 17:22 |
| **prohibited**(1) | 16:4 |
| **promptly**(2) | 60:25 62:2 |
| **proof**(1) | 26:11 |
| **proper**(1) | 20:6 |
| **proposal**(18) | 7:4 7:7 9:25 10:5 17:12 17:14 17:14 20:19 20:20 21:17 24:6 33:22 42:20 42:24 43:9 43:10 47:19 50:5 60:8 |
| **proposals**(2) | 36:16 59:1 |
| **propose**(4) | 7:21 15:8 15:14 19:22 |
| **proposed**(18) | 15:4 15:10 15:21 15:23 17:20 19:5 20:21 28:1 32:14 44:22 49:13 49:18 49:25 50:2 51:7 62:7 62:22 65:5 |
| **proposing**(1) | 64:19 |
| **protect**(2) | 37:7 61:24 |
| **protection**(1) | 61:21 |
| **protections**(1) | 50:15 |
| **protects**(1) | 16:9 |
| **provide**(4) | 10:10 48:15 53:4 59:7 |
| **provided**(2) | 10:6 64:15 |
| **providers**(1) | 24:15 |
| **provides**(1) | 50:14 |
| **public**(1) | 36:2 |
| **pull**(1) | 29:10 |
| **pulled**(1) | 34:25 |
| **purchasers**(1) | 56:19 |
| **purposes**(1) | 16:18 |
| **pursing**(1) | 36:1 |
| **pursued**(1) | 20:18 |
| **put**(4) | 12:24 33:22 52:10 58:3 |
| **putting**(3) | 33:13 33:15 39:19 |
| **qualities**(1) | 33:6 |
| **quantified**(1) | 24:13 |
| **quarterly**(1) | 13:5 |
| **queen**(8) | 30:14 30:15 30:17 31:1 52:6 52:6 52:6 60:1 |
| **question**(3) | 9:13 47:2 54:21 |
| **quick**(2) | 33:10 60:3 |
| **quickly**(9) | 13:16 14:4 30:19 33:3 33:8 48:10 50:19 56:12 58:21 |
| **quite**(2) | 39:22 45:21 |
| **quo**(5) | 17:25 18:12 18:16 20:3 20:12 |
| **rr**(1) | 56:2 |
| **rafael**(5) | 2:35 12:1 31:25 32:6 32:22 |
| **raised**(1) | 15:20 |
| **rashomon**(2) | 38:19 46:11 |
| **rather**(3) | 7:19 37:14 48:8 |
| **reach**(5) | 4:22 21:10 46:6 62:12 64:5 |
| **reached**(6) | 5:11 5:18 12:5 15:2 57:5 64:11 |
| **reaching**(1) | 29:12 |
| **reacted**(1) | 44:21 |
| **reaction**(1) | 51:6 |
| **read**(4) | 23:11 27:25 56:5 56:23 |
| **reading**(1) | 22:18 |
| **ready**(3) | 47:18 59:21 59:22 |
| **real**(5) | 22:5 24:22 26:22 27:13 29:12 |
| **reality**(5) | 25:25 26:5 40:5 40:11 41:1 |
| **really**(18) | 10:25 16:19 17:9 21:9 25:22 25:23 25:25 32:10 36:21 37:15 44:16 47:12 47:15 48:23 50:4 50:16 50:17 53:5 |
| **reason**(6) | 26:1 44:21 48:1 49:2 55:22 61:3 |
| **reasonable**(2) | 17:14 21:15 |
| **rebecca**(1) | 3:8 |
| **recall**(1) | 54:20 |
| **received**(5) | 7:3 7:6 7:23 10:9 47:20 |
| **recently**(1) | 6:24 |
| **recognize**(1) | 56:10 |
| **record**(4) | 4:7 14:15 36:2 39:20 |
| **recorded**(1) | 1:46 |
| **recording**(2) | 1:46 66:14 |
| **red**(1) | 47:7 |
| **redacted**(1) | 64:15 |
| **reduce**(1) | 4:23 |
| **referred**(1) | 47:16 |
| **referring**(1) | 17:7 |
| **reflected**(1) | 15:22 |
| **regard**(3) | 34:3 35:22 41:25 |
| **regarded**(1) | 26:12 |
| **regardless**(2) | 17:13 40:10 |
| **regards**(1) | 5:16 |
| **regularly**(1) | 37:4 |
| **regulators**(2) | 64:14 64:20 |
| **rejected**(2) | 20:18 21:16 |
| **rejection**(2) | 7:6 10:13 |
| **related**(1) | 14:7 |
| **relates**(2) | 17:9 63:15 |
| **relationship**(1) | 23:3 |
| **relatively**(2) | 33:8 55:1 56:4 |
| **relevant**(1) | 16:19 |
| **relief**(2) | 21:3 50:12 |
| **relying**(2) | 36:12 36:19 |
| **remaining**(1) | 16:15 |
| **remember**(1) | 41:18 |
| **renaissance**(1) | 2:29 |
| **reply**(2) | 8:22 20:17 |
| **report**(4) | 12:3 15:1 36:10 63:13 |
| **represent**(1) | 12:23 |
| **representatives**(1) | 58:1 |
| **represented**(1) | 25:16 |
| **represents**(1) | 32:18 |
| **request**(5) | 18:6 18:7 18:11 19:25 21:20 |
| **requested**(1) | 50:13 |
| **requesting**(1) | 8:9 |
| **requests**(3) | 18:15 23:21 34:24 |
| **require**(1) | 51:16 |
| **requirement**(1) | 28:17 |
| **requires**(1) | 55:11 |
| **reserve**(2) | 48:25 49:9 |
| **resides**(1) | 53:5 |
| **resolution**(13) | 12:5 12:7 18:5 40:7 43:7 43:7 44:13 44:14 46:5 46:6 46:18 48:10 65:5 |
| **resolve**(10) | 6:22 7:10 20:13 37:14 58:20 58:20 59:21 60:2 63:22 65:7 |
| **resolved**(3) | 15:25 34:9 43:12 |
| **resources**(3) | 8:18 47:13 47:13 |
| **respect**(11) | 5:7 6:9 15:3 15:21 16:14 21:4 43:22 47:1 53:15 55:4 58:15 |
| **respectfully**(1) | 29:4 |
| **respond**(5) | 8:19 9:25 23:22 50:5 52:18 |
| **responded**(1) | 17:16 |
| **response**(6) | 7:3 8:23 13:10 17:6 36:17 42:23 |
| **responses**(2) | 14:25 16:18 |
| **rest**(1) | 6:1 |
| **restraining**(1) | 63:16 |
| **restrictions**(1) | 37:8 |
| **restructure**(1) | 24:21 |
| **result**(4) | 46:4 53:2 57:16 58:14 |
| **retiree**(21) | 2:40 11:10 14:22 14:24 15:19 16:22 16:25 17:5 17:23 18:2 18:16 18:19 19:23 22:9 23:13 25:24 28:4 34:20 35:25 39:12 47:24 |
| **retirees**(17) | 2:27 16:10 25:10 25:19 34:14 34:14 34:22 34:23 38:7 44:1 56:13 56:22 58:15 60:4 60:13 61:7 61:16 |
| **return**(1) | 25:13 |
| **revert**(1) | 53:15 |
| **review**(1) | 13:23 |
| **revised**(3) | 4:9 5:10 5:16 |
| **rhetoric**(2) | 15:17 16:10 |
| **rich**(3) | 30:24 52:14 54:9 |
| **richard**(2) | 15:9 51:12 |
| **richards**(1) | 2:6 |
| **rider**(2) | 20:21 62:20 |
| **right**(53) | 4:11 4:25 5:15 8:25 9:2 9:24 10:11 11:19 12:17 13:9 14:9 14:12 15:16 18:6 20:1 20:16 23:9 25:24 26:4 27:14 28:10 29:1 30:16 30:16 32:20 37:10 38:8 40:4 41:7 46:23 48:25 49:9 50:22 52:17 54:3 54:8 54:12 55:14 56:14 57:10 58:25 58:25 59:1 59:1 59:5 59:9 61:15 61:20 63:7 64:23 65:13 66:7 |
| **rightfully**(1) | 61:7 |
| **rights**(7) | 16:10 18:12 18:13 32:15 58:23 58:24 60:13 |
| **ripe**(1) | 34:11 |
| **rise**(1) | 4:2 |
| **road**(1) | 3:31 |
| **rodney**(2) | 2:8 2:22 |
| **role**(1) | 62:6 |
| **room**(1) | 56:23 |
| **rounds**(1) | 41:20 |
| **rule**(1) | 64:24 |
| **ruling**(1) | 60:19 |
| **run**(3) | 30:23 52:2 52:2 |
| **runs**(1) | 29:13 |
| **safely**(1) | 66:8 |
| **said**(29) | 13:7 15:25 20:4 20:23 23:11 24:7 24:13 25:17 27:2 33:16 39:22 41:1 41:6 41:8 43:4 44:4 44:8 44:10 47:1 47:17 48:13 49:4 50:4 50:10 51:7 53:9 61:9 61:14 63:3 |
| **sales**(2) | 8:14 58:17 |
| **same**(7) | 9:22 13:2 19:4 31:25 32:6 35:18 60:12 |
| **samis**(1) | 2:7 |
| **sand**(1) | 58:12 |
| **sandbox**(2) | 58:11 58:12 |
| **sat**(1) | 38:17 |
| **satisfied**(2) | 26:10 26:14 |
| **satisfy**(1) | 28:17 |
| **save**(2) | 24:24 59:17 |
| **say**(28) | 13:16 13:18 20:22 22:23 23:1 23:25 26:9 26:13 27:6 27:19 28:9 28:16 28:19 29:9 31:4 31:9 31:16 34:10 44:9 44:11 51:4 51:5 51:24 52:24 53:25 55:10 57:15 64:14 |
| **saying**(2) | 26:20 56:15 |
| **says**(8) | 25:23 26:2 26:4 50:1 51:15 51:17 51:18 64:20 |
| **scharf**(18) | 3:32 6:13 6:15 6:17 6:17 6:19 6:20 6:24 7:11 7:23 9:5 9:7 9:9 9:24 10:12 10:15 11:12 11:14 |
| **schedule**(12) | 7:22 7:24 8:3 9:4 9:15 9:18 18:23 19:1 31:12 35:17 36:24 58:5 |
| **scheduled**(1) | 8:25 |
| **schedules**(1) | 36:23 |
| **scheme**(1) | 43:23 |
| **schuylkill**(1) | 1:40 |
| **scope**(1) | 64:21 |
| **seasons**(1) | 57:7 |
| **seated**(1) | 4:4 |
| **second**(3) | 21:1 24:11 47:18 |
| **secondly**(1) | 34:2 |
| **section**(1) | 7:16 |
| **see**(13) | 4:4 6:14 13:17 14:13 24:15 27:10 38:2 38:3 40:23 43:11 46:10 48:1 65:21 |
| **seek**(4) | 16:5 18:14 28:3 51:8 |
| **seeking**(1) | 17:22 |
| **seeks**(1) | 9:21 |
| **seemed**(1) | 25:10 |
| **seems**(1) | 38:7 |
| **seen**(3) | 25:16 45:21 65:2 |
| **sees**(1) | 49:25 |
| **segal**(4) | 2:41 2:41 22:9 22:9 |
| **segways**(1) | 14:17 |
| **select**(3) | 18:21 65:10 |
| **self-explanatory**(1) | 12:19 |
| **selloff**(1) | 48:18 |
| **send**(1) | 27:20 |
| **sense**(6) | 9:15 19:8 40:19 44:17 53:19 57:6 |
| **sent**(2) | 47:19 65:2 |
| **separate**(1) | 36:20 |
| **september**(1) | 59:19 |
| **seriously**(4) | 43:8 43:14 44:3 44:12 |
| **service**(1) | 1:39 1:47 |
| **services**(2) | 1:39 3:31 |
| **session**(3) | 31:16 44:6 60:17 |
| **sessions**(2) | 30:6 45:16 |
| **set**(1) | 5:19 |
| **setting**(5) | 31:20 53:18 57:25 57:25 58:1 |
| **settle**(8) | 9:23 29:8 29:23 29:24 30:1 30:24 35:21 66:4 |
| **settled**(1) | 63:7 |
| **settlement**(11) | 7:4 7:6 9:19 10:5 10:13 17:12 27:24 37:17 47:20 62:11 62:12 |
| **several**(2) | 41:20 52:23 |
| **shape**(1) | 45:18 |
| **share**(1) | 39:13 |
| **shared**(2) | 35:25 36:12 |
| **sharp**(1) | 11:6 |
| **sheet**(1) | 52:11 |
| **short**(1) | 33:5 |
| **should**(5) | 9:22 10:9 12:25 13:15 13:22 16:4 28:9 36:21 46:20 48:2 48:2 50:3 51:22 51:23 53:6 53:14 56:13 59:7 61:19 62:3 65:7 |
| **shouldn't**(2) | 46:20 61:24 |
| **show**(1) | 49:18 |
| **showing**(1) | 20:8 |
| **shows**(1) | 47:11 |
| **sick**(1) | 37:4 |
| **side**(6) | 24:22 29:25 39:4 43:13 45:4 48:13 |
| **side's**(2) | 43:21 44:8 |

| Word | Page:Line |
|---|---|
| **sides**(7) | 22:25 23:6 23:24 25:22 29:7 29:15 43:18 |
| **sign**(4) | 5:7 5:24 12:10 37:17 |
| **signed**(1) | 42:21 |
| **significant**(5) | 34:19 39:12 60:10 60:12 60:14 |
| **signing**(1) | 14:12 |
| **similar**(1) | 45:7 |
| **simple**(2) | 32:17 55:8 |
| **simply**(7) | 10:1 11:4 12:11 20:11 35:15 37:17 64:6 |
| **since**(3) | 12:21 17:2 47:7 |
| **sir**(1) | 12:13 |
| **sit**(4) | 27:2 32:9 58:5 59:22 |
| **sitting**(3) | 38:11 38:22 55:15 |
| **situation**(13) | 34:4 35:15 39:21 41:17 44:15 44:24 44:25 45:7 46:8 53:17 56:24 58:18 59:18 |
| **situations**(2) | 37:22 53:4 |
| **skeleton**(6) | 23:19 35:9 35:15 39:25 40:17 47:6 |
| **skeptical**(2) | 43:6 43:16 |
| **slightly**(1) | 4:17 |
| **slow**(1) | 48:8 |
| **small**(3) | 4:9 41:2 41:2 |
| **smartest**(1) | 42:1 |
| **sold**(1) | 40:15 |
| **solution**(4) | 25:18 51:21 59:2 59:4 |
| **solve**(1) | 56:7 |
| **solves**(1) | 31:14 |
| **some**(18) | 7:22 15:20 15:21 17:5 21:10 24:8 29:14 34:23 39:25 40:1 40:10 40:21 44:6 44:21 48:15 49:16 56:1 64:13 |
| **someday**(1) | 40:20 |
| **something**(11) | 13:23 33:13 36:7 37:13 43:19 46:21 54:25 59:8 59:10 59:18 63:2 |
| **sometimes**(2) | 10:18 45:22 |
| **song**(1) | 3:8 |
| **soon**(2) | 36:25 37:18 |
| **sooner**(2) | 37:14 63:5 |
| **sort**(6) | 20:23 21:10 35:18 39:3 46:8 48:15 |
| **sought**(2) | 21:3 23:13 |
| **sound**(2) | 1:46 66:14 |
| **southern**(1) | 27:10 |
| **speak**(2) | 38:12 46:2 |
| **speaker**(1) | 30:14 |
| **speaking**(1) | 34:17 |
| **speculation**(1) | 49:7 |
| **speed**(4) | 35:16 48:8 48:12 48:22 |
| **spend**(1) | 9:23 |
| **spent**(5) | 35:5 47:4 47:12 56:21 57:3 |
| **spoke**(1) | 54:10 |
| **spoken**(1) | 12:9 |
| **square**(2) | 2:8 2:22 |
| **staff**(4) | 12:9 37:6 39:25 40:17 |
| **stake**(1) | 28:23 |
| **stand**(3) | 31:24 55:8 58:8 |
| **standing**(1) | 52:13 |
| **standstill**(26) | 18:15 19:17 19:24 20:4 20:15 21:2 21:6 21:13 21:22 27:21 28:6 28:21 30:20 31:4 32:15 32:17 45:20 50:1 50:9 50:10 50:17 59:6 59:7 61:8 61:10 63:2 |
| **stargatt**(1) | 2:19 |
| **start**(4) | 28:13 36:25 37:18 42:22 |
| **started**(8) | 23:19 23:20 40:12 43:23 54:12 56:15 59:19 62:9 |
| **starting**(1) | 57:24 |
| **starts**(1) | 49:8 |
| **state**(1) | 8:11 |
| **stated**(1) | 13:7 |
| **statement**(1) | 59:5 |

| Word | Page:Line |
|---|---|
| **statements**(1) | 51:17 |
| **states**(3) | 1:1 1:19 8:14 |
| **static**(1) | 23:5 |
| **status**(8) | 5:12 16:2 17:25 18:12 18:16 20:3 20:11 63:13 |
| **statute**(2) | 26:11 26:14 |
| **statute's**(1) | 28:17 |
| **statutory**(1) | 16:9 |
| **stay**(1) | 60:20 |
| **ste**(2) | 2:36 2:44 |
| **steen**(3) | 1:30 6:6 14:15 |
| **step**(1) | 26:22 |
| **steps**(1) | 28:2 |
| **still**(5) | 17:15 24:1 34:25 47:19 65:9 |
| **stings**(1) | 58:12 |
| **stipulation**(1) | 11:1 |
| **stock**(1) | 33:15 |
| **stood**(1) | 52:21 |
| **stop**(6) | 28:7 28:10 29:6 30:23 32:8 52:10 |
| **stops**(3) | 27:22 51:14 51:14 |
| **strauss**(1) | 2:13 |
| **street**(5) | 1:11 1:40 2:9 2:23 2:36 |
| **strongly**(1) | 9:24 |
| **stuck**(2) | 45:7 46:8 |
| **stuff**(1) | 51:15 |
| **subject**(1) | 13:1 |
| **submit**(2) | 49:18 65:9 |
| **submitted**(3) | 4:13 15:23 17:12 |
| **subsequent**(1) | 14:7 |
| **substantial**(4) | 17:11 17:18 57:1 59:7 |
| **substantially**(2) | 8:17 20:12 |
| **succeed**(1) | 29:10 |
| **success**(3) | 27:15 56:18 63:6 |
| **successful**(3) | 19:16 53:2 55:7 |
| **such**(3) | 9:9 18:15 34:15 |
| **sufficient**(1) | 7:18 |
| **suggest**(1) | 29:4 |
| **suggested**(5) | 45:2 45:3 46:21 55:20 55:21 |
| **suggestion**(1) | 65:8 |
| **supplemental**(1) | 4:21 |
| **support**(2) | 41:15 46:19 |
| **supposed**(1) | 27:14 |
| **sure**(14) | 5:3 5:23 12:3 12:13 14:4 25:16 27:18 35:23 48:24 50:4 51:16 55:3 57:4 63:25 |
| **suspicion**(1) | 58:11 |
| **swaine**(1) | 15:9 |
| **syllable**(1) | 11:19 |
| **sympathize**(1) | 35:6 |
| **take**(20) | 4:17 5:6 12:19 13:22 21:6 28:2 29:3 31:14 36:23 37:2 37:20 41:2 43:8 48:2 49:8 53:16 60:12 61:11 62:3 62:4 |
| **taken**(1) | 16:2 |
| **takes**(1) | 45:6 |
| **taking**(4) | 43:14 44:3 51:8 58:10 |
| **talk**(2) | 41:10 57:2 |
| **talking**(8) | 22:18 23:20 25:9 28:8 30:22 31:14 51:4 64:24 |
| **tall**(1) | 22:11 |
| **task**(2) | 55:10 55:11 |
| **tax**(3) | 6:9 8:9 8:14 |
| **taxation**(2) | 3:30 6:18 |
| **taxing**(2) | 3:30 9:20 |
| **taylor**(2) | 2:19 2:28 |
| **technologies**(1) | 4:23 |
| **telephonic**(1) | 3:1 |
| **tell**(9) | 10:9 26:17 30:9 31:24 31:25 32:6 32:9 44:20 52:3 |
| **telling**(2) | 18:20 24:9 |
| **temperament**(1) | 42:4 |
| **temporary**(1) | 63:16 |
| **ten**(2) | 8:23 16:22 |
| **term**(1) | 52:11 |

| Word | Page:Line |
|---|---|
| **terminate**(6) | 17:23 18:1 23:9 25:24 28:3 51:9 |
| **terminates**(2) | 50:9 50:12 |
| **termination**(11) | 14:8 14:21 16:5 18:9 20:5 20:8 21:2 26:23 31:6 39:23 40:2 |
| **terms**(4) | 25:2 34:6 35:23 50:18 |
| **testify**(1) | 26:12 |
| **tests**(1) | 13:2 |
| **than**(12) | 7:19 10:3 17:3 21:5 29:21 37:14 48:8 50:4 50:13 62:3 62:4 63:5 |
| **thank**(41) | 4:3 5:4 5:5 5:5 5:8 5:23 6:3 10:24 10:25 11:11 11:12 11:14 12:13 14:9 14:10 14:11 15:19 22:2 22:8 32:19 32:20 32:20 37:24 37:25 38:1 46:23 49:23 49:24 50:22 50:25 52:15 60:6 60:6 62:17 62:25 62:25 63:7 65:23 65:24 66:1 66:9 |
| **that**(301) | 4:13 4:13 4:21 5:10 5:13 5:17 5:22 5:22 5:25 6:12 7:9 7:9 7:12 7:13 7:14 7:14 7:18 7:19 8:8 8:9 8:11 8:12 8:13 8:13 8:15 8:19 8:20 8:23 9:6 9:6 9:15 9:15 9:18 9:19 9:21 9:22 9:25 9:25 10:2 10:2 10:4 10:8 10:8 10:8 10:10 10:12 10:12 10:13 10:20 11:5 12:3 12:10 12:10 12:20 12:24 13:4 13:8 13:13 13:15 13:21 13:23 13:23 14:2 14:3 14:5 14:5 14:6 14:7 14:17 15:1 15:3 15:5 15:10 15:12 15:12 15:14 15:17 15:23 16:2 16:3 16:9 17:4 17:6 17:7 17:9 17:14 17:15 17:18 17:21 17:25 18:3 18:6 18:7 18:7 18:8 18:9 18:16 18:17 18:18 18:20 18:23 19:4 19:7 19:8 19:9 19:16 19:21 19:22 19:25 20:2 20:9 20:12 20:14 20:18 20:20 20:21 20:23 21:1 21:1 21:3 21:7 21:9 21:10 21:11 21:12 21:13 21:13 21:14 21:14 21:14 21:14 21:15 21:16 21:19 21:23 21:24 22:24 23:5 23:8 23:10 23:14 24:1 24:12 24:17 24:24 25:3 25:13 25:17 25:21 26:3 26:9 26:14 26:20 26:23 27:6 27:6 27:7 27:11 27:15 27:21 28:1 28:1 28:10 28:11 28:12 28:17 28:21 28:22 30:13 30:17 30:20 30:25 31:8 31:10 31:10 31:13 31:14 31:15 31:17 31:18 31:24 32:3 32:7 32:9 32:11 33:2 33:6 33:7 33:9 33:16 33:23 33:24 34:3 34:6 34:8 34:8 34:10 34:14 34:18 34:22 34:23 34:24 34:25 35:3 35:13 35:20 35:21 35:22 35:25 36:1 36:7 36:10 36:11 36:15 36:18 36:18 37:8 37:13 37:16 37:18 37:19 38:17 38:19 38:23 39:11 39:15 40:6 40:13 40:20 41:6 41:9 41:15 41:17 41:18 41:22 41:23 42:7 42:11 42:17 42:20 42:23 42:25 43:17 44:2 44:6 44:16 44:17 44:21 44:22 45:3 45:4 45:4 45:4 45:5 45:6 45:14 45:23 45:24 45:25 46:7 46:8 46:14 46:15 46:17 46:18 46:18 46:19 46:20 46:25 47:8 47:11 47:11 47:14 47:16 47:17 47:25 48:2 48:4 48:4 48:5 48:6 48:9 48:17 48:18 48:16 48:16 48:23 48:24 49:2 49:6 49:12 49:14 49:18 49:19 49:19 49:25 50:1 50:4 50:7 50:8 |
| **that**(117) | 50:9 50:10 50:11 50:12 50:14 50:14 50:15 50:16 50:17 50:17 50:18 50:20 51:6 51:7 51:15 51:20 52:10 52:19 53:5 53:9 53:9 53:10 53:13 53:16 53:17 53:25 54:12 54:17 54:18 54:22 54:23 54:24 54:25 55:5 55:6 55:8 55:10 55:10 55:11 55:13 55:21 55:22 56:3 56:10 56:10 56:11 56:12 56:19 56:20 56:24 56:24 57:3 57:3 57:5 57:6 57:6 57:12 58:7 58:9 58:13 58:16 58:17 58:19 58:21 58:22 58:24 59:2 59:3 59:5 59:5 59:6 59:8 59:10 59:18 59:19 59:22 59:23 60:2 60:3 60:3 60:9 60:12 60:13 60:22 60:23 60:25 61:3 61:5 61:8 61:16 61:17 61:18 61:19 61:20 61:20 61:21 61:21 61:24 62:2 62:5 62:10 62:12 63:22 64:5 64:5 64:13 64:16 64:16 64:17 64:18 64:19 65:2 65:7 65:9 65:11 65:16 65:21 66:13 |
| **that's**(52) | 7:9 9:3 9:4 9:7 10:11 10:15 18:11 21:7 21:17 22:1 22:21 25:22 27:5 28:5 28:6 28:13 28:18 29:6 30:16 30:16 31:6 31:10 33:21 34:25 36:1 36:20 36:21 37:13 37:19 38:8 40:5 40:8 40:10 41:12 45:2 45:11 46:8 46:11 49:13 50:5 51:9 51:21 55:17 57:10 58:22 60:18 64:21 65:11 65:19 65:20 65:22 65:25 |

| Word | Page:Line |
|---|---|
| **the**(301) | 1:1 1:2 1:18 1:23 2:5 3:20 4:2 4:3 4:6 4:8 4:10 4:11 4:14 4:14 4:15 4:19 4:22 4:24 4:25 5:3 5:5 5:9 5:11 5:13 5:14 5:15 5:16 5:17 5:19 5:19 5:20 5:23 6:1 6:1 6:2 6:3 6:7 6:8 6:9 6:11 6:13 6:13 6:14 6:16 6:17 6:19 6:22 6:25 7:1 7:3 7:4 7:4 7:5 7:6 7:12 7:12 7:13 7:18 7:21 7:21 7:22 7:25 8:3 8:4 8:4 8:5 8:5 8:5 8:6 8:8 8:9 8:10 8:11 8:11 8:15 8:17 8:20 8:21 8:21 8:22 8:24 9:2 9:4 9:5 9:8 9:9 9:11 9:13 9:14 9:18 9:18 9:20 9:21 9:22 9:23 9:24 9:25 10:1 10:2 10:5 10:6 10:6 10:7 10:7 10:11 10:12 10:13 10:16 10:18 10:18 10:21 10:23 11:3 11:5 11:7 11:9 11:9 11:11 11:13 11:14 11:18 11:18 11:19 11:19 11:22 12:1 12:3 12:4 12:6 12:6 12:7 12:8 12:10 12:13 12:17 12:18 12:19 12:20 12:21 12:23 13:1 13:3 13:9 13:11 13:11 13:14 13:14 13:15 13:18 13:19 13:21 14:1 14:2 14:5 14:8 14:9 14:11 14:14 14:16 14:17 14:19 14:20 14:20 14:21 14:22 14:23 14:24 14:25 15:1 15:2 15:3 15:4 15:5 15:5 15:6 15:7 15:8 15:10 15:11 15:13 15:14 15:16 15:18 15:19 15:20 15:21 15:22 15:23 16:1 16:2 16:2 16:3 16:3 16:4 16:6 16:5 16:6 16:6 16:8 16:9 16:10 16:11 16:11 16:11 16:8 16:13 16:14 16:16 16:18 16:20 16:22 16:23 16:23 16:24 16:25 17:2 17:2 17:4 17:5 17:6 17:7 17:8 17:9 17:12 17:12 17:13 17:15 17:15 17:17 17:18 17:18 17:19 17:19 17:20 17:22 17:23 17:25 17:25 18:1 18:1 18:2 18:2 18:5 18:6 18:6 18:7 18:9 18:10 18:11 18:11 18:11 18:12 18:12 18:14 18:15 18:16 18:17 18:18 18:21 18:23 18:23 18:24 18:24 18:25 19:1 19:1 19:2 19:2 19:4 19:5 19:6 19:6 19:7 19:9 19:9 19:11 19:13 19:13 19:15 19:17 19:17 19:18 19:18 19:19 19:20 19:22 19:23 19:24 19:24 20:2 20:3 20:4 20:5 20:6 20:7 20:9 20:9 20:11 20:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 20:13 20:14 20:16 20:18 20:18 20:21 20:23 21:1 21:2 21:2 21:3 21:4 21:6 21:6 21:8 21:10 21:11 21:11 21:15 21:17 21:18 21:19 21:21 21:21 21:22 21:23 21:25 22:2 22:7 22:9 22:10 22:12 22:14 22:17 22:17 22:20 22:22 22:23 23:5 23:5 23:8 23:8 23:9 23:10 23:12 23:13 23:13 23:17 23:18 23:20 23:22 23:23 24:3 24:4 24:4 24:5 24:6 24:8 24:11 24:12 24:22 24:24 25:1 25:3 25:7 25:8 25:13 25:14 25:15 25:20 25:21 25:23 25:24 25:25 26:1 26:4 26:4 26:5 26:6 26:10 26:11 26:14 26:16 26:18 26:19 26:20 26:21 26:22 26:22 26:25 27:3 27:7 27:9 27:13 27:14 27:16 27:17 27:21 27:22 27:23 27:24 28:1 28:2 28:2 28:3 28:4 28:4 28:5 28:7 28:8 28:8 28:10 28:12 28:15 28:17 28:21 28:22 28:24 29:3 29:4 29:7 29:8 29:9 29:13 29:14 29:17 29:19 29:23 29:25 30:2 30:4 30:7 30:8 30:9 30:12 30:14 30:15 30:16 30:17 30:19 30:19 30:22 30:25 31:1 31:4 31:5 31:6 31:15 31:17 31:18 31:19 31:20 31:22 31:23 31:23 31:25 31:25 32:5 32:6 32:12 32:12 32:13 32:17 32:18 32:18 32:20 32:23 33:1 33:2 33:6 33:14 33:17 33:18 33:19 33:23 33:23 33:25 34:3 34:3 34:6 34:7 34:9 34:11 34:12 34:14 34:18 34:20 34:24 35:5 35:6 35:10 35:13 35:14 35:15 35:15 35:18 35:22 35:25 36:4 36:7 36:8 36:9 36:10 36:14 36:15 36:19 36:20 36:22 37:3 37:8 37:10 37:19 37:24 38:1 38:5 38:8 38:10 38:13 38:16 38:17 38:21 38:23 39:4 39:7 39:10 39:13 39:15 39:20 39:25 40:4 40:5 40:10 40:13 40:15 40:15 40:16 40:16 40:17 41:4 41:8 41:10 41:11 41:13 41:13 41:13 41:16 41:19 41:20 42:1 42:3 42:11 42:25 42:1 42:3 42:6 42:8 42:10 42:13 42:20 42:22 42:25 43:1 43:4 43:8 43:9 43:12 43:19 43:22 43:25 44:1 44:1 44:4 44:6 44:8 44:10 44:12 44:16 44:20 44:21 44:22 44:25 45:2 45:4 45:5 45:9 45:14 45:15 45:19 45:25 46:1 46:3 46:3 46:9 46:12 46:19 46:20 | | **the**(267) 46:21 46:23 47:2 47:6 47:6 47:15 47:16 47:17 47:19 47:22 47:23 47:23 47:24 48:4 48:5 48:6 48:11 48:13 48:13 48:16 48:19 48:22 48:25 49:1 49:2 49:9 49:10 49:10 49:11 49:12 49:15 49:15 49:17 49:18 49:19 49:19 49:20 49:21 49:23 50:1 50:7 50:8 50:10 50:11 50:14 50:21 50:22 50:24 51:1 51:2 51:3 51:5 51:5 51:7 51:8 51:9 51:10 51:11 51:12 51:15 51:16 51:17 51:17 51:19 51:20 51:21 51:21 51:22 51:23 51:24 52:2 52:4 52:6 52:6 52:6 52:9 52:12 52:17 52:19 52:20 52:25 53:1 53:3 53:3 53:5 53:5 53:5 53:8 53:8 53:9 53:9 53:11 53:14 53:16 53:19 53:21 53:21 53:23 53:24 54:1 54:3 54:6 54:6 54:8 54:12 54:13 54:14 54:17 54:17 54:18 54:21 54:23 55:3 55:4 55:5 55:6 55:8 55:9 55:10 55:10 55:11 55:14 55:17 55:22 55:24 56:3 56:4 56:4 56:6 56:8 56:12 56:13 56:13 56:14 56:16 56:19 56:20 56:22 56:22 56:22 57:4 57:6 57:7 57:7 57:7 57:10 57:12 57:18 57:21 57:23 57:24 57:25 57:25 58:1 58:2 58:4 58:6 58:11 58:12 58:13 58:15 58:16 58:17 58:17 58:17 58:25 58:25 59:1 59:1 59:5 59:5 59:6 59:9 59:21 59:22 59:24 60:1 60:1 60:4 60:5 60:6 60:8 60:11 60:11 60:13 60:13 60:14 60:14 60:17 60:17 60:18 60:22 60:23 61:1 61:3 61:6 61:7 61:7 61:8 61:12 61:13 61:16 61:17 61:17 61:19 61:20 61:21 61:22 61:22 61:22 61:23 62:1 62:1 62:1 62:7 62:8 62:16 62:18 62:20 62:22 62:22 62:23 62:25 63:1 63:2 63:6 63:11 63:13 63:13 63:14 63:15 63:16 63:17 63:18 63:19 63:21 63:23 63:25 64:8 64:10 64:11 64:12 64:13 64:14 64:15 64:16 64:18 64:18 64:20 64:21 64:23 65:2 65:8 65:14 65:18 65:20 65:24 66:1 66:7 66:10 66:13 66:16 66:16 66:15 | | **they're**(11) 25:1 27:13 27:14 28:8 30:21 31:1 52:11 52:15 57:2 57:14 64:19<br>**they've**(4) 26:13 26:25 30:6 63:1<br>**thing**(8) 12:10 21:1 31:13 32:6 51:10 51:13 51:18 59:17<br>**things**(20) 24:1 25:7 25:9 31:20 33:2 34:10 34:18 35:4 35:6 35:18 36:5 40:23 41:8 43:23 44:16 46:6 48:16 48:22 49:6 52:24<br>**think**(45) 13:7 13:12 13:12 13:21 13:24 14:1 16:18 17:6 21:9 21:13 22:14 31:13 33:2 33:16 34:15 36:22 37:14 40:13 41:2 42:1 42:7 42:16 44:14 44:20 44:22 47:3 50:14 50:19 52:19 54:9 57:24 58:2 59:15 61:3 61:5 61:8 61:16 61:20 62:2 62:3 64:21 65:6 65:11 65:16 65:25<br>**thinking**(4) 38:24 42:12 43:5 44:19<br>**this**(202) 5:6 5:7 5:14 5:24 5:25 6:22 7:24 8:5 8:9 8:16 8:17 8:24 9:23 10:1 11:2 12:2 12:5 12:15 12:20 12:21 13:2 13:22 13:24 14:12 15:3 15:13 16:3 16:7 16:15 16:19 16:22 16:24 17:7 17:20 17:24 18:4 18:7 18:17 19:3 19:11 19:12 19:12 19:17 20:13 20:19 20:24 21:16 22:5 23:4 23:7 23:18 24:13 24:17 24:19 24:20 24:24 25:1 25:6 25:7 25:25 26:5 26:8 26:16 26:19 26:20 26:21 27:18 27:20 27:25 28:16 28:18 28:20 28:21 29:3 29:11 29:22 31:13 32:4 32:8 32:10 32:14 32:24 33:13 33:15 33:25 35:14 35:23 36:7 36:22 37:3 37:9 37:22 38:18 38:22 39:1 39:15 39:18 40:10 40:12 40:19 40:24 40:24 41:1 41:19 41:24 41:25 42:9 42:12 42:14 42:15 42:18 43:5 43:8 43:12 43:14 43:14 43:14 44:19 44:21 44:23 45:12 45:21 46:14 46:20 47:2 47:5 47:8 47:11 47:12 47:13 47:15 47:21 48:1 48:2 48:2 48:3 48:7 48:8 48:9 48:12 48:17 48:21 49:5 49:9 49:10 49:18 50:15 50:16 50:18 51:4 51:9 51:10 51:18 52:10 52:15 52:20 52:24 52:25 53:7 53:16 55:15 56:7 56:14 56:24 57:11 57:15 57:20 57:20 57:24 58:3 58:14 58:20 59:21 59:23 60:10 60:19 61:4 61:11 61:11 61:21 62:2 62:10 62:14 63:2 63:4 63:6 63:15 64:24 65:2 65:6 65:8 | | **today**(15) 4:10 16:4 17:25 18:3 18:12 18:14 18:19 21:17 25:24 26:4 34:11 55:8 63:8 63:22 64:24<br>**togut**(44) 2:41 2:42 21:20 22:3 22:4 22:8 22:8 22:8 22:11 22:16 22:18 22:23 27:2 27:4 29:1 29:16 29:18 29:20 29:24 30:3 30:11 30:13 30:15 30:17 32:3 32:6 33:16 33:21 34:3 38:12 39:22 41:1 46:25 47:16 48:13 50:23 50:24 50:25 51:3 52:9 52:19 59:13 66:2 66:6<br>**togut's**(6) 32:23 41:5 44:22 45:13 45:17 55:5<br>**token**(1) 9:22<br>**told**(2) 7:11 11:22<br>**ton**(1) 47:7<br>**too**(6) 22:11 38:3 38:4 38:16 55:17 66:6<br>**took**(1) 23:14<br>**totally**(1) 39:5<br>**tough**(1) 32:23<br>**towards**(2) 36:6 59:3<br>**traci**(1) 66:19<br>**trained**(1) 27:9<br>**transcriber**(1) 66:19<br>**transcript**(3) 1:17 1:47 66:14<br>**transcription**(2) 1:39 1:47<br>**travel**(1) 66:8<br>**treat**(1) 26:21<br>**treated**(1) 34:6<br>**treating**(3) 25:3 47:11 47:11<br>**tried**(5) 18:3 21:9 23:10 25:9 56:17<br>**truly**(1) 42:4<br>**trust**(1) 52:1<br>**truth**(1) 25:21<br>**try**(6) 20:20 31:7 31:25 36:4 37:7 40:23<br>**trying**(17) 6:21 9:23 20:10 20:11 20:13 24:21 24:23 30:7 40:16 43:1 43:7 46:1 46:2 46:3 46:4 59:17 59:18<br>**tunnell**(2) 1:23 4:7<br>**turn**(2) 6:1 49:2<br>**tweed**(2) 3:16 3:21<br>**twenty-second**(1) 4:20<br>**twice**(1) 24:4<br>**twin**(2) 11:3 19:9<br>**two**(9) 5:10 7:5 12:10 16:8 20:20 52:24 55:23 56:20 59:20<br>**type**(1) 54:1<br>**u.s**(1) 56:12<br>**um-hum**(6) 13:20 35:10 41:11 41:21 48:19 59:24<br>**unable**(2) 6:23 18:4<br>**under**(9) 7:16 8:3 13:4 28:3 29:7 45:18 61:21 61:22 64:6<br>**underestimated**(1) 56:14<br>**undergoing**(1) 39:16<br>**understand**(11) 8:8 9:19 10:23 15:10 21:15 25:1 30:13 39:3 44:2 46:13 59:17<br>**understandable**(1) 54:24<br>**understanding**(1) 24:9<br>**understands**(1) 13:13<br>**understood**(1) 30:11<br>**underway**(1) 19:14<br>**undoubtedly**(1) 42:21<br>**undue**(1) 21:11<br>**unfair**(1) 31:18<br>**unfairly**(1) 42:13<br>**unfortunately**(4) 6:23 39:2 39:22 58:18<br>**unique**(1) 53:18<br>**united**(3) 1:1 1:19 30:7<br>**unknown**(1) 30:14<br>**unless**(3) 21:24 38:6 45:10<br>**unlimited**(1) 55:9 |
| | | **their**(18) 4:23 7:9 7:10 14:1 15:24 18:13 18:13 20:5 20:6 28:18 29:2 30:3 31:11 37:22 41:17 45:24 46:22 61:2<br>**them**(16) 5:18 19:25 20:12 22:25 23:22 24:7 33:25 37:5 41:8 41:13 44:2 47:1 53:1 60:13 61:14 64:18<br>**themselves**(3) 13:14 23:15 28:22<br>**then**(26) 5:8 5:12 8:19 8:22 18:11 19:17 20:7 23:12 24:11 24:16 31:9 33:15 37:17 42:19 42:22 43:19 50:8 50:12 51:12 52:10 55:23 58:2 62:9 62:12 65:10 65:21<br>**there**(35) 11:8 16:1 16:17 17:5 18:8 24:23 26:3 26:13 26:16 27:10 29:5 29:5 29:6 29:12 29:14 29:16 32:9 34:21 40:1 40:2 45:6 46:7 46:19 48:16 49:19 53:13 54:19 54:22 54:23 56:23 59:14 62:4 63:8 64:2<br>**there's**(19) 10:8 17:3 17:11 18:20 23:3 24:19 24:23 27:21 27:23 33:18 39:17 44:24 45:10 48:11 48:24 53:20 54:9 59:2 63:9<br>**these**(18) 8:16 13:16 16:13 17:17 17:21 23:14 24:22 30:5 35:11 35:16 39:23 40:2 40:11 40:14 40:18 40:21 45:9 59:25<br>**they**(58) 10:9 12:9 19:25 23:12 23:12 23:13 23:15 25:10 25:15 25:25 26:1 26:5 26:5 26:8 26:8 26:9 26:9 26:23 26:24 27:1 27:2 27:4 27:5 27:5 27:6 28:10 28:16 28:17 28:18 29:20 32:9 34:21 34:22 35:12 35:14 36:14 37:7 37:12 43:22 43:22 43:23 44:9 44:20 46:13 47:17 51:9 52:5 52:9 57:12 60:25 61:13 61:20 61:21 61:22 63:3 64:17 64:20 | | **thomas**(1) 3:22<br>**thoroughly**(1) 60:25<br>**those**(19) 4:14 10:21 15:22 16:19 16:20 34:15 34:17 35:4 35:6 35:18 39:3 39:13 40:23 41:16 45:18 53:4 56:25 56:25 58:24<br>**though**(4) 21:12 37:18 57:23 58:11<br>**thought**(2) 9:14 10:20<br>**threats**(1) 29:5<br>**three**(6) 17:13 36:10 42:14 42:15 46:14 50:6<br>**through**(14) 7:2 12:23 17:7 18:4 19:23 23:23 34:20 34:23 35:16 38:24 40:7 41:19 42:9 58:17<br>**throughout**(3) 16:7 19:6 48:17<br>**thus**(1) 10:13<br>**time**(36) 11:23 12:25 16:24 17:11 17:18 23:15 25:16 25:17 28:16 30:22 33:25 34:8 34:16 35:6 39:14 45:2 45:2 45:3 45:5 45:21 45:22 48:4 48:5 51:5 51:10 52:5 54:12 55:9 55:10 55:11 55:12 58:7 59:21 60:1 61:1 61:2<br>**timeline**(1) 39:18<br>**timelines**(1) 7:23<br>**timely**(2) 7:2 36:5<br>**times**(2) 10:17 27:18 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**unnecessarily**(2) 35:16 42:8

**until**(5) 18:17 19:19 27:23 29:12 49:7

**update**(1) 5:13

**upon**(6) 21:7 33:3 36:19 36:23 50:11

**use**(3) 8:14 33:19 35:2

**used**(3) 14:5 33:20 53:2

**usual**(1) 44:16

**utmost**(2) 41:25 44:13

**vacation**(1) 55:22

**vain**(1) 60:12

**various**(1) 40:18

**verge**(1) 63:21

**very**(26) 5:5 5:20 9:11 11:7 11:11 23:21 31:18 32:5 33:10 37:4 37:4 37:11 42:9 43:8 44:3 48:11 53:17 53:25 54:11 54:11 54:15 56:9 56:14 57:20 60:10 65:20

**veto**(1) 19:25

**via**(1) 7:24

**view**(8) 8:13 8:19 9:22 38:25 45:17 45:17 46:19 55:5

**viewpoint**(5) 39:20 41:23 42:13 44:8 44:15

**views**(2) 46:15 61:7

**violent**(1) 28:5

**virginia**(9) 3:29 6:10 6:22 8:4 8:6 8:11 8:22 9:20 10:4

**visteon**(8) 23:11 23:11 26:23 26:24 56:5 56:20 56:23 59:20

**volumes**(1) 47:5

**wait**(1) 24:7

**waited**(1) 23:12

**waiting**(1) 29:25

**walk**(1) 59:3

**want**(42) 6:12 24:14 24:21 25:6 26:16 26:21 27:5 27:25 28:10 28:18 29:8 29:10 29:20 32:8 37:7 37:12 37:12 37:19 37:20 37:22 38:19 43:6 43:7 44:4 44:23 48:15 49:8 50:25 58:14 58:20 58:20 58:22 58:23 58:24 60:9 62:1 63:1 64:14 64:21 64:23 64:24 65:14

**wanted**(7) 6:8 24:5 26:23 26:24 37:18 43:11 43:12

**wanting**(1) 40:8

**wants**(4) 25:13 28:7 52:2 52:5

**warranted**(1) 50:15

**was**(43) 7:2 7:3 7:4 12:7 12:21 17:5 17:14 17:14 20:22 20:23 21:1 21:13 23:10 23:11 23:21 24:4 24:12 24:12 24:13 26:13 33:4 33:10 34:8 36:7 40:13 43:6 43:16 44:22 52:5 53:13 54:11 54:18 54:19 54:22 54:23 57:7 57:11 57:15 58:16 59:20 60:22 63:7 66:10

**wasn't**(1) 40:17

**waste**(3) 52:5 61:1 61:2

**way**(22) 12:21 20:12 25:3 25:8 26:18 26:20 26:22 27:13 31:17 31:25 34:6 35:2 40:25 45:18 51:22 51:23 52:2 52:12 53:16 56:7 59:2 63:2

**ways**(2) 34:21 34:22

**we'd**(9) 6:25 7:1 24:16 40:13 40:15 40:21 45:3 63:22 65:2

**we'll**(9) 22:14 27:2 27:3 28:13 28:19 52:3 60:3 64:5 65:20

**we're**(81) 4:16 5:21 10:2 12:3 12:22 15:8 21:12 21:17 24:1 25:7 25:15 26:15 28:15 28:20 29:21 31:4 31:7 31:16 31:17 32:7 32:11 32:14 33:13 33:14 35:14 35:17 35:18 36:12 36:17 39:21 41:15 42:16 42:18 43:5 43:13 43:20 43:23 44:11 44:24 45:1 45:1 45:1 45:5 45:7 46:2 46:3 46:4 46:5 46:8 46:8 46:17 47:11 47:13 47:15 47:21 48:4 48:9 48:21 48:21 48:23 50:3 50:16 50:17 51:18 51:24 51:25 51:25 52:3 54:25 56:6 56:19 58:7 58:7 58:13 59:2 59:18 59:21 59:22 60:2 64:5

**we've**(38) 5:18 6:23 7:23 9:17 9:25 10:5 11:5 12:5 12:24 13:7 18:4 21:9 22:25 23:25 24:3 26:18 34:12 34:24 36:11 39:15 41:9 42:9 42:21 43:9 43:10 43:23 44:6 45:12 45:14 45:21 47:4 47:7 48:22 50:1 52:24 56:18 58:8 64:13

**website**(1) 27:10

**wednesday**(1) 4:1

**week**(1) 63:23

**weekend**(1) 57:20

**weekend's**(1) 57:15

**weeks**(4) 7:6 36:10 47:18 55:23

**weigh**(1) 19:10

**weird**(1) 24:19

**welfare**(1) 28:4

**well**(40) 5:20 5:24 8:2 9:6 9:11 11:7 11:11 12:7 12:16 13:11 14:4 20:7 23:20 24:13 26:4 26:25 27:4 29:1 29:16 31:16 32:5 32:9 37:15 37:20 38:24 41:6 41:7 43:13 47:4 47:22 49:16 50:9 51:19 57:12 60:7 64:14 65:1 65:8 65:16 65:20

**went**(1) 18:3

**were**(24) 7:8 7:12 16:23 17:7 18:10 19:24 23:15 33:3 33:6 33:7 34:6 34:12 37:8 40:14 40:16 40:16 40:20 43:1 54:17 54:24 57:8 57:12 58:1 63:21

**weren't**(2) 25:10 47:18

**we'd**(1) 37:22

**what**(42) 13:25 17:14 18:14 18:19 18:23 20:22 22:11 24:1 24:2 24:9 29:17 31:3 31:7 31:10 33:6 35:8 37:19 39:14 40:8 43:16 43:18 43:21 43:22 44:8 45:14 47:15 48:13 48:15 51:15 51:19 52:1 52:5 52:15 54:22 56:6 58:6 60:22 61:11 61:23 61:25 64:4 65:22

**what's**(7) 29:25 32:8 44:2 49:1 49:10 64:22 64:22

**whatever**(7) 24:16 25:19 28:9 30:23 49:2 52:12 54:15

**when**(33) 18:20 25:9 25:23 26:4 26:20 27:13 27:21 28:24 33:10 33:17 36:13 37:18 40:25 40:12 42:13 43:4 43:18 44:4 44:17 48:21 53:6 53:20 53:21 54:10 55:20 56:23 57:2 57:11 58:13 59:20 60:1 62:13 63:7

**whenever**(2) 18:18 40:1

**where**(26) 4:21 13:15 24:5 34:19 39:1 39:21 40:11 40:17 40:18 42:9 42:23 43:20 43:22 43:23 44:24 44:24 44:25 45:7 45:11 46:6 48:21 53:17 54:18 58:7 58:8 59:14

**whereupon**(1) 66:10

**whether**(14) 12:4 14:6 16:4 17:14 28:7 34:13 50:3 53:13 53:14 54:21 54:22 55:12 60:21 65:2

**which**(29) 5:9 7:2 7:22 8:7 8:20 8:23 8:25 12:20 14:20 16:12 17:1 19:25 20:23 24:11 25:14 32:14 36:15 44:9 45:21 47:2 47:3 47:6 48:3 49:16 50:1 53:6 53:17 63:12

**while**(15) 16:1 16:6 17:23 18:15 19:2 19:10 20:17 28:4 31:6 32:14 35:6 45:12 47:9 51:7 55:4

**who**(12) 23:16 23:17 25:16 26:12 37:4 37:12 41:25 42:14 54:21 58:11 58:16 58:18

**who's**(1) 38:12

**whole**(2) 22:12 45:5

**wholeheartedly**(1) 44:10

**whom**(1) 58:1

**why**(19) 20:5 20:8 21:17 27:5 28:18 34:12 36:20 45:2 45:23 46:8 46:10 46:11 46:18 47:2 48:3 48:24 49:13 50:4 60:18

**will**(48) 5:7 5:12 5:23 6:1 7:19 8:6 8:12 9:18 10:9 10:24 11:2 11:3 13:23 14:2 14:21 19:4 21:19 31:25 32:6 32:7 32:24 34:10 36:23 37:1 37:20 40:1 40:6 40:7 42:7 44:20 48:7 48:9 50:7 50:19 51:8 51:16 51:18 55:10 56:10 56:10 56:18 56:9 61:23 61:25 62:10 62:11 63:23 64:6

**william**(1) 2:28

**willing**(2) 7:20 43:24

**wilmington**(7) 1:12 1:27 2:10 2:24 2:31 2:37 4:1

**window**(2) 26:17 33:23

**winkler**(2) 53:10 54:1

**wish**(1) 63:6

**wishes**(1) 5:6

**with**(105) 4:23 5:1 5:6 5:6 5:8 5:11 5:16 5:17 5:18 6:9 6:22 6:24 7:11 8:15 10:5 10:19 10:19 10:20 11:5 11:9 12:6 12:22 13:6 14:1 15:1 15:3 15:21 15:23 16:14 17:8 17:16 18:23 18:24 18:25 19:17 19:20 19:22 21:4 21:7 21:14 21:19 21:21 21:21 22:24 22:25 23:1 23:21 24:3 24:4 24:10 24:16 24:22 25:10 25:19 26:6 27:3 27:11 28:2 28:13 31:1 31:13 31:15 34:2 34:7 34:12 34:18 35:6 35:15 36:4 37:5 37:5 37:21 39:15 41:17 43:17 43:21 44:12 45:20 45:23 45:25 46:9 47:1 49:19 51:18 53:5 53:12 53:17 54:5 54:10 54:19 54:25 55:9 56:19 57:15 58:8 58:15 58:22 58:24 59:1 61:12 62:20 63:17 64:1 65:19

**withdraw**(1) 23:12

**within**(7) 34:14 54:14 55:1 60:14 61:17 62:11 63:23

**without**(10) 20:4 21:22 30:22 35:24 51:13 51:13 51:14 51:14 51:14 63:24

**won't**(2) 30:19 40:2

**wonderful**(3) 42:4 62:21 62:23

**word**(1) 9:14

**work**(8) 10:24 14:1 27:14 28:23 29:4 29:8 29:22 58:6

**worked**(1) 22:24

**working**(7) 23:3 27:13 35:17 36:3 36:6 47:15 60:17

**works**(1) 52:1

**world**(1) 41:25

**worth**(1) 20:2

**worthwhile**(1) 10:4

**would**(62) 7:13 7:15 7:20 8:3 8:7 8:19 8:19 8:20 8:22 8:24 9:4 9:15 10:12 10:13 10:21 13:8 13:17 15:10 15:12 15:14 15:17 16:12 17:22 18:5 19:21 19:23 20:14 21:5 21:10 21:11 21:14 21:20 23:16 23:17 23:22 44:16 46:11 49:16 49:17 50:4 50:13 50:15 53:12 54:21 59:13 60:19 60:21 61:13 61:14 64:16 64:18 64:20 65:14 65:16 66:2

**wouldn't**(6) 19:5 55:11 61:9 61:13 63:4 63:5

**wrong**(3) 31:3 31:3 32:12

**www.diazdata.com**(1) 1:43

**xeta**(1) 4:23

**yeah**(3) 10:15 30:11 30:16

**year**(3) 23:13 57:20 59:19

**years**(8) 40:14 42:14 42:14 42:15 46:14 52:23 56:20 59:20

**yes**(40) 4:15 6:11 6:15 13:3 14:19 14:23 16:16 19:15 21:18 22:2 22:2 22:10 26:13 30:12 32:5 33:11 33:11 38:1 33:8 39:7 39:10 42:6 42:11 42:17 44:9 44:9 46:12 50:24 51:2 53:11 53:24 56:8 56:16 57:21 61:19 62:15 62:18 63:15 63:19 66:7

**yesterday**(5) 6:24 10:20 11:6 33:12 54:11

**yet**(2) 24:8 44:8

**york**(3) 1:34 2:16 2:45

**you**(166) 4:3 4:4 4:16 5:3 5:4 5:5 5:5 5:8 5:23 5:23 6:3 8:2 9:14 10:13 10:16 10:24 10:24 10:25 11:3 11:11 11:12 11:14 11:14 11:17 11:22 11:22 12:13 12:13 13:14 13:25 14:9 14:10 14:11 14:13 15:19 21:5 21:24 21:24 22:2 22:2 22:8 22:11 23:14 24:20 24:21 24:22 25:7 26:9 26:9 26:17 27:3 27:6 27:9 27:14 27:18 27:19 27:20 27:21 27:25 28:9 28:19 28:21 28:24 29:5 29:8 30:9 30:20 30:23 31:3 31:4 31:5 31:6 31:9 31:9 31:14 31:24 31:25 32:6 32:10 32:13 32:19 32:20 32:20 33:20 34:5 36:22 37:24 37:25 38:1 38:2 38:3 38:4 38:20 38:22 38:24 39:1 39:3 39:5 39:16 40:1 40:6 40:12 40:24 41:7 41:18 41:23 42:3 43:18 44:20 45:3 45:6 46:1 46:16 46:17 46:23 49:23 49:23 49:24 49:24 50:4 50:22 50:25 52:4 52:10 52:10 52:13 52:16 53:12 55:13 55:19 55:20 56:23 57:6 58:9 59:16 59:19 60:6 60:6 60:23 61:21 62:11 62:12 62:13 62:17 62:25 62:25 63:6 63:7 64:15 64:23 64:24 65:9 65:9 65:10 65:23 65:24 66:1 66:3 66:4 66:8 66:9

**you'll**(4) 27:10 62:9 62:11 65:9

**you're**(4) 24:9 24:21 32:10 59:17

**you've**(8) 23:7 25:16 27:18 31:22 31:23 48:10 63:7 65:2

**young**(4) 2:19 3:12 64:7 64:10

**younger**(1) 52:21

**your**(80) 4:6 4:12 5:8 6:5 6:8 6:15 6:21 7:17 8:1 8:13 9:3 9:6 9:12 10:4 11:8 11:12 11:16 11:21 11:25 12:3 12:19 12:18 13:6 14:3 14:10 14:14 14:17 14:24 15:19 21:23 22:1 22:6 23:7 27:15 28:12 29:24 31:6 32:22 33:19 34:2 35:2 35:20 36:21 37:2 37:25 38:3 38:9 38:11 39:3 39:16 46:25 47:3 49:6 49:17 49:18 49:25 50:23 52:18 53:15 54:0 55:1 55:2 55:22 56:1 56:3 57:23 58:9 61:18 62:15 62:17 63:9 64:5 64:9 64:22 65:4 65:19 65:23 65:25 66:3

**yourself**(1) 39:17

**zahralddin**(24) 2:35 11:15 11:16 11:21 11:25 12:1 12:15 12:18 13:4 13:20 14:3 14:10 14:11 21:20 32:21 32:22 32:22 33:22 35:11 37:1 37:11 37:25 47:1

**zahralddin's**(2) 41:6 45:17