## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
:
In re                          :       Chapter 11
:       Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]    :       Jointly Administered
:
Debtors    :       <u>Objection Deadline</u>: May 21, 2012 at 4:00 p.m. (ET)
:       <u>Hearing Date</u>: Scheduled only if necessary
--------------------------------------------------------X

### THIRTY-EIGHTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM MARCH 1, 2012 THROUGH MARCH 31, 2012

This is a(n): __X__ monthly _____ interim _____ final application.

Name of Applicant:  <u>Akin Gump Strauss Hauer & Feld LLP</u>

Authorized to Provide
Professional Services to:  <u>Official Committee of Unsecured Creditors</u>

Date of Retention:  <u>March 5, 2009 (nunc pro tunc to January 22, 2009)</u>

Period for which Compensation
and Reimbursement is sought:  <u>March 1, 2012 through March 31, 2012</u>

Amount of Compensation sought as
actual, reasonable, and necessary:  <u>$364,445.00</u>

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:  <u>$11,844.42</u>

The total time expended during this Compensation Period for the preparation of Akin Gump's Thirty-Seventh Monthly Fee Application was 4.30 hours and the corresponding compensation is $1,971.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

**Prior Fee Applications:**

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/22/09 – 02/28/09 (First Monthly Fee Application) | $1,002,466.75 | $14,994.50 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the First Monthly Fee Application. |
| 03/01/09 – 03/31/09 (Second Monthly Fee Application) | $866,587.25 | $14,080.55 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Second Monthly Fee Application. Akin Gump voluntarily agreed to reduce the expenses requested by $1,459.22. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Second Monthly Fee Application. |
| 04/01/09 – 04/30/09 (Third Monthly Fee Application) | $919,594.75 | $22,201.07 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Third Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/09 – 05/31/09 (Fourth Monthly Fee Application) | $766,765.75 | $54,512.10 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fourth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourth Monthly Fee Application. |
| 06/01/09 – 06/30/09 (Fifth Monthly Fee Application) | $962,202.75 | $25,000.85 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fifth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifth Monthly Fee Application. |
| 07/01/09 – 07/31/09 (Sixth Monthly Fee Application) | $1,042,206.00 | $24,587.92 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Sixth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixth Monthly Fee Application. |
| 08/01/09 – 08/31/09 (Seventh Monthly Fee Application) | $653,999.00 | $44,610.63 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Seventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/09 – 09/30/09 (Eighth Monthly Fee Application) | $1,103,982.50 | $24,753.35 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Eighth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighth Monthly Fee Application. |
| 10/01/09 – 10/31/09 (Ninth Monthly Fee Application) | $1,036,266.50 | $35,745.59 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Ninth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Ninth Monthly Fee Application. |
| 11/01/09 – 11/30/09 (Tenth Monthly Fee Application) | $1,008,811.00 | $40,388.57 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Tenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Tenth Monthly Fee Application. |
| 12/01/09 – 12/31/09 (Eleventh Monthly Fee Application) | $1,003,203.75 | $40,839.88 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Eleventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eleventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/10 – 01/31/10 (Twelfth Monthly Fee Application) | $638,879.75 | $34,184.80 | On March 17, 2010, this Court entered an order (Docket No. 2370) awarding Akin Gump 100% of the fees and expenses requested in the Twelfth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twelfth Monthly Fee Application. |
| 02/01/10 – 02/28/10 (Thirteenth Monthly Fee Application) | $636,531.00 | $26,874.51 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Thirteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Thirteenth Monthly Fee Application. |
| 03/01/10 – 03/31/10 (Fourteenth Monthly Fee Application) | $958,619.25 | $20,735.21 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fourteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourteenth Monthly Fee Application. |
| 04/01/10 – 04/30/10 (Fifteenth Monthly Fee Application) | $608,880.50 | $23,821.31 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fifteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/10 – 05/31/10 (Sixteenth Monthly Fee Application) | $633,157.50 | $28,308.46 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Sixteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixteenth Monthly Fee Application. |
| 06/01/10 – 06/30/10 (Seventeenth Monthly Fee Application) | $591,154.50 | $13,375.36 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Seventeenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventeenth Monthly Fee Application. |
| 07/01/10 – 07/31/10 (Eighteenth Monthly Fee Application) | $405,934.00 | $11,538.54 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Eighteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighteenth Monthly Fee Application. |
| 08/01/10 – 08/31/10 (Nineteenth Monthly Fee Application) | $720,036.50 | $19,953.51 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Nineteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Nineteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/10 – 09/30/10 (Twentieth Monthly Fee Application) | $613,100.25 | $26,293.55 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twentieth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and 100% of the expenses requested in the Twentieth Monthly Fee Application. |
| 10/01/10 – 10/31/10 (Twenty-First Monthly Fee Application) | $673,206.00 | $15,082.70 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twenty-First Monthly Fee Application. |
| 11/01/10 – 11/30/10 (Twenty-Second Monthly Fee Application) | $791,081.50 | $25,964.65 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. Akin Gump has received 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. |
| 12/01/10- 12/31/10 (Twenty-Third Monthly Fee Application) | $475,468.75 | $26,719.94 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/11 - 01/31/11 (Twenty-Fourth Monthly Fee Application) | $451,106.50 | $8,338.24 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. |
| 02/01/11 – 02/28/11 (Twenty-Fifth Monthly Fee Application) | $504,764.00 | $16,131.39 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Fifth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Fifth Monthly Fee Application. |
| 03/01/11 – 03/31/11 (Twenty-Sixth Monthly Fee Application) | $869,471.50 | $26,728.17 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Sixth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Sixth Monthly Fee Application. |
| 04/01/11 – 04/30/11 (Twenty-Seventh Monthly Fee Application) | $712,988.00 | $29,194.82 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Seventh Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/11 – 05/31/11 (Twenty-Eighth Monthly Fee Application) | $626,244.00 | $26,511.30 | On September 21, 2011, this Court entered an order (Docket No. 6444) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Eighth Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Eighth Monthly Fee Application. |
| 06/01/11 – 06/30/11 (Twenty-Ninth Monthly Fee Application) | $1,127,196.00 | $34,887.34 | On September 21, 2011, this Court entered an order (Docket No. 6444) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Ninth Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Ninth Monthly Fee Application. |
| 07/01/11 – 07/31/11 (Thirtieth Monthly Fee Application) | $539,191.50 | $25,627.16 | On September 21, 2001, this Court entered an order (Docket No. 6444) awarding Akin Gump 100% of the fees and expenses requested in the Thirtieth Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Thirtieth Monthly Fee Application. |
| 08/01/11 – 08/31/11 (Thirty-First Monthly Fee Application) | $589,812.00 | $14,229.01 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-First Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-First Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/11 – 09/30/11 (Thirty-Second Monthly Fee Application) | $849,769.00 | $32,935.82 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Second Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Second Monthly Fee Application. |
| 10/01/11 – 10/31/11 (Thirty-Third Monthly Fee Application) | $482,721.00 | $84,772.59 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Third Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Third Monthly Fee Application. |
| 11/01/11 – 11/30/11 (Thirty-Fourth Monthly Fee Application) | $233,453.50 | $27,620.69 | On March 21, 2012, this Court entered an order (Docket No. 7721) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Fourth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Fourth Monthly Fee Application. |
| 12/01/11 – 12/31/11 (Thirty-Fifth Monthly Fee Application) | $251,080.50 | $5,490.47 | On March 21, 2012, this Court entered an order (Docket No. 7721) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Fifth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Fifth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/12 – 01/31/12 (Thirty-Sixth Monthly Fee Application) | $239,269.00 | $10,346.13 | On March 21, 2012, this Court entered an order (Docket No. 7721) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Sixth Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Sixth Monthly Fee Application. |
| 02/01/12 – 02/29/12 (Thirty-Seventh Monthly Fee Application) | $196,766.50 | $8,361.89 | On April 11, 2012, the Thirty-Seventh Monthly Fee Application was filed with the Court (Docket No. 7512).  The objection deadline for the Thirty-Seventh Monthly Fee Application is May 1, 2012.  Akin Gump has not received any fees and expenses requested in the Thirty-Seventh Monthly Fee Application. |

**SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
RENDERING SERVICES DURING THE PERIOD
MARCH 1, 2012 THROUGH MARCH 31, 2012**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Lisa G. Beckerman | Partner for 13 years; Admitted in 1989; Financial Restructuring Department | $995 | 11.00 | $10,945.00 |
| David H. Botter | Partner for 11 years; Admitted in 1990; Financial Restructuring Department | $975 | 69.10 | $67,372.50 |
| Fred S. Hodara | Partner for 23 years; Admitted in 1982; Financial Restructuring Department | $1,050 | 67.90 | $71,295.00 |
| Stephen B. Kuhn | Partner for 12 years; Admitted in 1991; Corporate Department | $825 | 6.80 | $5,610.00 |
| Abid Qureshi | Partner for 5 years; Admitted in 1995; Financial Restructuring Department | $825 | 32.10 | $26,482.50 |
| Sarah Link Schultz | Partner for 3 years; Admitted in 2001; Financial Restructuring Department | $775 | 16.20 | $12,555.00 |
| Kevin M. Rowe | Senior Counsel for 12 years; Admitted in 1985; Tax Department | $705 | 67.90 | $47,869.50 |
| Renuka S. Drummond | Counsel for 1 year; Admitted in 2005; Corporate Department | $600 | 3.00 | $1,800.00 |
| Jason P. Rubin | Counsel for 1 year; Admitted in 2005; Financial Restructuring Department | $600 | 9.50 | $5,700.00 |
| David C. Vondle | Counsel for 3 years; Admitted in 2002; Intellectual Property Department | $580 | 25.60 | $14,848.00 |
| Graeme D. Bell | International Law Advisor for 4 years; Admitted in 2003; Financial Restructuring Department | $630 | 21.20 | $13,356.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Sara L. Brauner | Associate for 2 years; Admitted in 2011; Financial Restructuring Department | $425 | 12.20 | $5,185.00 |
| Brad M. Kahn | Associate for 5 years; Admitted in 2008; Financial Restructuring Department | $575 | 86.40 | $49,680.00 |
| Adam S. Krotman | Associate for 3 years; Admitted in 2010; Tax Department | $475 | 19.40 | $9,215.00 |
| Joshua Y. Sturm | Associate for 6 years; Admitted in 2007; Financial Restructuring Department | $600 | 25.40 | $15,240.00 |
| Sarah J. Woodell | Associate for 2 years; Admitted in 2010; Financial Restructuring Department | $370 | 16.50 | $6,105.00 |
| Brenda R. Kemp | Legal Assistant for 14 years; Financial Restructuring Department | $215 | 1.10 | $236.50 |
| Dagmara Krasa-Berstell | Legal Assistant for 22 years; Financial Restructuring Department | $235 | 1.40 | $329.00 |
| Peter J. Sprofera | Legal Assistant for 36 years; Financial Restructuring Department | $270 | 2.30 | $621.00 |

Total Amount of Fees:     $364,445.00
Total Number of Hours:    495.00
Blended Hourly Rate:      $736.25

## COMPENSATION BY PROJECT CATEGORY
## MARCH 1, 2012 THROUGH MARCH 31, 2012

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Case Administration | 15.60 | $12,772.50 |
| Akin Gump Fee Applications/Monthly Billing Reports | 4.30 | $1,971.00 |
| Analysis of Other Professionals Fee Applications/Reports | 2.90 | $1,667.50 |
| Retention of Professionals | 13.80 | $7,782.00 |
| Creditors' Committee Meetings | 109.90 | $83,036.50 |
| Court Hearings | 9.70 | $7,778.00 |
| General Claims Analysis/Claims Objections | 9.90 | $5,698.00 |
| Canadian Proceedings/Matters | 4.30 | $3,872.50 |
| General Adversary Proceedings | 3.50 | $2,092.50 |
| Tax Issues | 34.50 | $20,641.00 |
| Labor Issues/Employee Benefits | 13.70 | $11,886.50 |
| Asset/Stock Transaction/Business Liquidations | 11.50 | $8,254.50 |
| Travel (billed at 50% of actual time) | 2.80 | $2,227.50 |
| Avoidance Actions | 0.50 | $525.00 |
| Non-Debtor Affiliates | 0.90 | $517.50 |
| Intercompany Analysis | 227.40 | $175,518.00 |
| European Proceedings/Matters | 0.10 | $105.00 |
| Intellectual Property | 29.70 | $18,099.50 |
| **TOTAL** | **495.00** | **$364,445.00** |

**DISBURSEMENT SUMMARY**
**MARCH 1, 2012 THROUGH MARCH 31, 2012**

| | |
|---|---:|
| Computerized Research, Corporate Service Fees & PACER Charges | $2,027.99 |
| Conference Call /Telephone/Video Conferencing | $4,435.50 |
| Duplicating | $324.80 |
| Meals/Committee Meeting Expenses | $4,424.25 |
| Travel Expenses – Ground Transportation | $631.88 |
| **TOTAL** | **$11,844.42** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., <u>et al.</u>, [1] | : | Jointly Administered |
|  | : |  |
| Debtors | : | <u>Objection Deadline</u>: May 21, 2012 at 4:00 p.m. (ET) |
|  | : | <u>Hearing Date</u>: Scheduled only if necessary |

------------------------------------------------------X

### THIRTY-EIGHTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM MARCH 1, 2012 THROUGH MARCH 31, 2012

Akin Gump Strauss Hauer & Feld LLP ("<u>Akin Gump</u>" or the "<u>Applicant</u>"), co-counsel to

the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Nortel Networks Inc.

("<u>NNI</u>"), <u>et al.</u> (collectively, the "<u>Debtors</u>"), hereby submits its thirty-eighth monthly application

(the "<u>Application</u>") pursuant to (i) sections 330 and 331 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the

District of Delaware (the "<u>Local Rules</u>"), and (iv) the Administrative Order Pursuant to 11

U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing

Procedures for Interim Compensation and Reimbursement of Fees and Expenses for

Professionals and Official Committee Members entered on February 4, 2009 (the

"<u>Administrative Fee Order</u>"), for interim allowance of compensation for services rendered in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. ("<u>NN CALA</u>") (4226).

aggregate amount of $364,445.00 and for reimbursement of actual and necessary expenses incurred by Akin Gump in connection therewith in the amount of $11,844.42 for the period from March 1, 2012 through March 31, 2012 (the "Compensation Period"). In support of this Application, Akin Gump respectfully states as follows:

## I.   JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 1103 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.   BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), each of the Debtors other than NN CALA[2] filed a voluntary petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

4.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation ("NNC"), together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court" and,

_____

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

together with the Court, the "Courts") for a plan of compromise or arrangement under Canada's Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the "Monitor").

5.    On January 14, 2009, the High Court of Justice in England (the "U.K. Court") placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors" and, together with the Debtors and the Canadian Debtors, the "Nortel Debtors"), including Nortel Networks U.K. Limited ("NNUK"), into administration (the "European Proceedings" and, together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC (the "Administrators").

6.    On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee. No trustee or examiner has been appointed in these chapter 11 cases.

7.    On March 5, 2009, this Court entered an order authorizing the retention of Akin Gump as co-counsel to the Committee, *nunc pro tunc* to January 22, 2009. On that same day, the Court authorized the Committee to retain and employ Jefferies & Company, Inc. ("Jefferies") as the Committee's investment banker, Capstone Advisory Group, LLC ("Capstone") as the Committee's financial advisor, Fraser Milner Casgrain LLP ("FMC") as the Committee's Canadian counsel, Ashurst LLP ("Ashurst") as the Committee's European counsel, and Kurtzman Carson Consultants, LLC ("KCC") as the Committee's communications agent.

8.      On June 10, 2009, Akin Gump filed its First Interim Fee Application Request for

the Period January 22, 2009 through April 30, 2009 (the "First Interim Application"). In its First

Interim Application, Akin Gump sought the award and allowance of fees in the amount of

$2,788,648.75 and the reimbursement of expenses in the amount of $48,632.74.[3] On July 17,

2009, this Court entered an order approving 100% of the fees and expenses sought in the First

Interim Application and Akin Gump has received payment of such amounts.

9.      On September 10, 2009, Akin Gump filed its Second Interim Fee Application

Request for the Period May 1, 2009 through July 31, 2009 (the "Second Interim Application").

In its Second Interim Application, Akin Gump sought the award and allowance of fees in the

amount of $2,771,174.50 and the reimbursement of expenses in the amount of $104,100.87.[4] On

September 30, 2009, this Court entered an order approving 100% of the fees and expenses

sought in the Second Interim Application and Akin Gump has received payment of such

amounts.

10.      On November 24, 2009, Akin Gump filed its Third Interim Fee Application

Request for the Period August 1, 2009 through October 31, 2009 (the "Third Interim

Application"). In its Third Interim Application, Akin Gump sought the award and allowance of

fees in the amount of $2,794,248.00 and the reimbursement of expenses in the amount of

---

[3] The First Interim Application sought the award of fees and expenses for the period from January 22, 2009 through April 30, 2009, as follows: (a) January 22, 2009 through February 28, 2009: $1,002,466.75 of fees and $14,994.50 of expenses; (b) March 1, 2009 through March 31, 2009: $866,587.25 of fees and $14,080.55 of expenses; and (c) April 1, 2009 through April 30, 2009: $919,594.75 of fees and $22,201.07 of expenses. Following discussions with the U.S. Trustee, Akin Gump agreed to a voluntary reduction of $1,184.16 for expenses incurred during the period covered by the First Interim Application.

[4] The Second Interim Application sought the award of fees and expenses for the period from May 1, 2009 through July 31, 2009, as follows: (a) May 1, 2009 through May 31, 2009: $766,765.75 of fees and $54,512.10 of expenses; (b) June 1, 2009 through June 30, 2009: $962,202.75 of fees and $25,000.85 of expenses; and (c) July 1, 2009 through July 31, 2009: $1,042,206.00 of fees and $24,587.92 of expenses.

$105,109.57.[5] On December 15, 2009, this Court entered an order approving 100% of the fees and expenses sought in the Third Interim Application and Akin Gump has received payment of such amounts.

11.    On February 24, 2010, Akin Gump filed its Fourth Interim Fee Application Request for the Period November 1, 2009 through January 31, 2010 (the "Fourth Interim Application").[6] In its Fourth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,650,894.50 and the reimbursement of expenses in the amount of $115,413.25.[7] On March 17, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fourth Interim Application and Akin Gump has received payment of such amounts.

12.    On May 28, 2010, Akin Gump filed its Fifth Interim Fee Application Request for the Period February 1, 2010 through April 30, 2010 (the "Fifth Interim Application"). In its Fifth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,204,030.75 and the reimbursement of expenses in the amount of $71,431.03.[8] On June 24, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fifth Interim Application and Akin Gump has received payment of such amounts.

---

[5] The Third Interim Application sought the award of fees and expenses for the period from August 1, 2009 through October 31, 2009, as follows: (a) August 1, 2009 through August 31, 2009: $653,999.00 of fees and $44,610.63 of expenses; (b) September 1, 2009 through September 30, 2009: $1,103,982.50 of fees and $24,753.35 of expenses; and (c) October 1, 2009 through October 31, 2009: $1,036,266.50 of fees and $35,745.59 of expenses.

[6] On March 1, 2010, Akin Gump filed an Amended Notice of Fourth Interim Fee Application Request solely to provide information regarding a change in its hourly billing rates effective January 1, 2010.

[7] The Fourth Interim Application sought the award of fees and expenses for the period from November 1, 2009 through January 31, 2010, as follows: (a) November 1, 2009 through November 30, 2009: $1,008,811.00 of fees and $40,388.57 of expenses; (b) December 1, 2009 through December 31, 2009: $1,003,203.75 of fees and $40,839.88 of expenses; and (c) January 1, 2010 through January 31, 2010: $638,879.75 of fees and $34,184.80 of expenses.

[8] The Fifth Interim Application sought the award of fees and expenses for the period from February 1, 2010 through April 30, 2010, as follows: (a) February 1, 2010 through February 28, 2010: $636,531.00 of fees and $26,874.51 of expenses; (b) March 1, 2010 through March 31, 2010: $958,619.25 of fees and $20,735.21 of expenses; and (c) April 1, 2010 through April 30, 2010: $608,880.50 of fees and $23,821.31 of expenses.

13.     On September 7, 2010, Akin Gump filed its Sixth Interim Fee Application

Request for the Period May 1, 2010 through July 31, 2010 (the "Sixth Interim Application"). In

its Sixth Interim Application, Akin Gump sought the award and allowance of fees in the amount

of $1,630,246.00 and the reimbursement of expenses in the amount of $53,222.36.[9]  On

September 30, 2010, this Court entered an order approving 100% of the fees and expenses

sought in the Sixth Interim Application and Akin Gump has received payment of such amounts.

14.     On November 24, 2010, Akin Gump filed its Seventh Interim Fee Application

Request for the Period August 1, 2010 through October 31, 2010 (the "Seventh Interim

Application").  In its Seventh Interim Application, Akin Gump sought the award and allowance

of fees in the amount of $1,970,342.75 and the reimbursement of expenses in the amount of

$61,329.76.[10]  On December 15, 2010, this Court entered an order approving 100% of the fees

and expenses sought in the Seventh Interim Application and Akin Gump has received payment of

such amounts.

15.     On February 28, 2011, Akin Gump filed its Eighth Interim Fee Application

Request for the Period November 1, 2010 through January 31, 2011 (the "Eighth Interim

Application").  In its Eighth Interim Application, Akin Gump sought the award and allowance of

fees in the amount of $1,717,656.75 and the reimbursement of expenses in the amount of

---

[9] The Sixth Interim Application sought the award of fees and expenses for the period from May 1, 2010 through July 31, 2010, as follows: (a) May 1, 2010 through May 31, 2010: $633,157.50 of fees and $28,308.46 of expenses; (b) June 1, 2010 through June 30, 2010: $591,154.50 of fees and $13,375.36 of expenses; and (c) July 1, 2010 through July 31, 2010: $405,934.00 of fees and $11,538.34 of expenses.

[10] The Seventh Interim Application sought the award of fees and expenses for the period from August 1, 2010 through October 31, 2010, as follows: (a) August 1, 2010 through August 31, 2010: $720,036.50 of fees and $19,953.51 of expenses; (b) September 1, 2010 through September 30, 2010: $613,100.25 of fees and $26,293.55 of expenses; and (c) October 1, 2010 through October 31, 2010: $637,206.00 of fees and $15,082.70 of expenses.

$61,022.83.[11]  On March 23, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Eighth Interim Application and Akin Gump has received payment of such amounts.

16.     On May 27, 2011, Akin Gump filed its Ninth Interim Fee Application Request for the Period February 1, 2011 through April 30, 2011 (the "Ninth Interim Application").  In its Ninth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,114,223.50 and the reimbursement of expenses in the amount of $72,054.38.[12]  On June 21, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Ninth Interim Application and Akin Gump has received payment of such amounts.

17.     On August 30, 2011, Akin Gump filed its Tenth Interim Fee Application Request for the Period May 1, 2011 through July 31, 2011 (the "Tenth Interim Application").  In its Tenth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,292,631.50 and the reimbursement of expenses in the amount of $87,025.80.[13]  On September 21, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Tenth Interim Application and Akin Gump has received payment of such amounts.

18.     On November 23, 2011, Akin Gump filed its Eleventh Interim Fee Application Request for the Period August 1, 2011 through October 31, 2011 (the "Eleventh Interim

---

[11] The Eighth Interim Application sought the award of fees and expenses for the period from November 1, 2010 through January 31, 2011, as follows: (a) November 1, 2010 through November 30, 2010: $791,081.50 of fees and $25,964.65 of expenses; (b) December 1, 2010 through December 31, 2010: $475,468.75 of fees and $26,719.94 of expenses; and (c) January 1, 2011 through January 31, 2011: $451,106.50 of fees and $8,338.24 of expenses.

[12] The Ninth Interim Application sought the award of fees and expenses for the period from February 1, 2011 through April 30, 2011, as follows: (a) February 1, 2011 through February 28, 2011: $504,764.00 of fees and $16,131.39 of expenses; (b) March 1, 2011 through March 31, 2011: $896,471.50 of fees and $26,728.17 of expenses; and (c) April 1, 2011 through April 30, 2011: $712,988.00 of fees and $29,194.82 of expenses.

[13] The Tenth Interim Application sought the award of fees and expenses for the period from May 1, 2011 through July 31, 2011, as follows: (a) May 1, 2011 through May 31, 2011: $626,244.00 of fees and $26,511.30 of expenses; (b) June 1, 2011 through June 30, 2011: $1,127,196.00 of fees and $34,887.34 of expenses; and (c) July 1, 2011 through July 31, 2011: $539,191.50 of fees and $25,627.16 of expenses.

Application"). In its Eleventh Interim Application, Akin Gump sought the award and allowance

of fees in the amount of $1,922,302.00 and the reimbursement of expenses in the amount of

$131,937.52.[14] On December 14, 2011, this Court entered an order approving 100% of the fees

and expenses sought in the Eleventh Interim Application and Akin Gump has received payment

of such amounts.

19.     On February 29, 2012, Akin Gump filed its Twelfth Interim Fee Application

Request for the Period November 1, 2011 through January 31, 2012 (the "Twelfth Interim

Application"). In its Twelfth Interim Application, Akin Gump sought the award and allowance

of fees in the amount of $723,803.00 and the reimbursement of expenses in the amount of

$43,457.29.[15] On March 21, 2012, this Court entered an order approving 100% of the fees and

expenses sought in the Twelfth Interim Application and Akin Gump has received payment of

such amounts.

20.     On April 11, 2012, Akin Gump filed its Thirty-Seventh Monthly Application for

Interim Allowance of Compensation and Reimbursement of Expenses for Services Rendered

During the Period February 1, 2012 through February 29, 2012 (the "Thirty-Seventh Monthly

Application"). In its Thirty-Seventh Monthly Application, Akin Gump sought the award and

allowance of fees in the amount of $196,766.50 and the reimbursement of expenses in the

amount of $8,361.89. The objection deadline for the Thirty-Seventh Monthly Application is

---

[14] The Eleventh Interim Application sought the award of fees and expenses for the period from August 1, 2011
through October 31, 2011, as follows: (a) August 1, 2011 through August 31, 2011: $589,812.00 of fees and
$14,229.01 of expenses; (b) September 1, 2011 through September 30, 2011: $849,769.00 of fees and $32,935.82 of
expenses; and (c) October 1, 2011 through October 31, 2011: $482,721.00 of fees and $84,772.69 of expenses.

[15] The Twelfth Interim Application sought the award of fees and expenses for the period from November 1, 2011
through January 31, 2012, as follows: (a) November 1, 2011 through November 30, 2011: $233,453.50 of fees and
$27,620.69 of expenses; (b) December 1, 2011 through December 31, 2011: $251,080.50 of fees and $5,490.47 of
expenses; and (c) January 1, 2012 through January 31, 2012: $239,269.00 of fees and $10,346.13 of expenses.

May 1, 2012.  Akin Gump has not yet received payment of the fees and expenses requested in the

Thirty-Seventh Monthly Application.

### III.    RELIEF REQUESTED

21.    By this Application, Akin Gump seeks (i) interim allowance and award of

compensation for the professional services rendered by Akin Gump as attorneys during the

Compensation Period in the amount of $364,445.00, representing 490.20 hours of professional

services and 4.80 hours of paraprofessional services; and (ii) reimbursement of actual and

necessary expenses incurred by Akin Gump during the Compensation Period in connection with

the rendition of such professional and paraprofessional services in the amount of $11,844.42.

22.    Pursuant to the Administrative Fee Order, Akin Gump is seeking payment of 80%

of its fees ($291,556.00) and 100% of its expenses ($11,844.42) relating to services rendered

during the Compensation Period.

23.    Akin Gump has received no payment and no promises for payment from any

source for services rendered in connection with these chapter 11 cases other than in accordance

with the Administrative Fee Order.  There is no agreement or understanding between the

Applicant and any other person (other than members of Akin Gump) for the sharing of

compensation to be received for the services rendered in these cases.

24.    As stated in the Affirmation of Fred S. Hodara, Esq. (the "Hodara Affirmation"),

annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein

were rendered for or on behalf of the Committee solely in connection with these cases.

### IV.    SUMMARY OF SERVICES RENDERED

25.    Akin Gump has rendered professional services to the Committee as requested and

as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors

during the Compensation Period.  The variety and complexity of the issues in these Insolvency

Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the

Committee's needs have required the expenditure of substantial time by Akin Gump personnel

from several legal disciplines.

26.    In the ordinary course of its practice, Akin Gump maintains written records of the

time expended by attorneys and paraprofessionals in the rendition of their professional services.

In accordance with the provisions of the Administrative Fee Order, a compilation showing the

name of the attorney or paraprofessional, the date on which the services were performed, a

description of the services rendered, and the amount of time spent in performing the services for

the Committee during the Compensation Period is annexed hereto as Exhibit B.

27.    In the ordinary course of its practice, Akin Gump also maintains records of all

actual and necessary out-of-pocket expenses incurred in connection with the rendition of its

services, all of which are available for inspection. A schedule of the categories of expenses and

amounts for which reimbursement is requested is annexed hereto as Exhibit C. A detailed

summary of the expenses is attached hereto as Exhibit D.

28.    Akin Gump respectfully submits that the professional services that it rendered on

behalf of the Committee were necessary and appropriate, and have directly contributed to the

effective administration of these chapter 11 cases.

29.    The following summary of services rendered during the Compensation Period is

not intended to be a detailed description of the work performed, as those day-to-day services and

the time expended in performing such services are fully set forth in Exhibit B. Rather, it is

merely an attempt to highlight certain of those areas in which services were rendered to the

Committee, as well as to identify some of the problems and issues that Akin Gump was required

to address.

### Case Administration

(Fees: $12,772.50; Hours: 15.60)

30.    This subject matter relates to services rendered to the Committee to satisfy the Committee's continuing organizational and administrative needs and enable the Committee to continue to function as a coordinated group and to acquit its fiduciary duties.

31.    During the Compensation Period, Akin Gump, along with the Committee's other professionals, participated in routine teleconferences with the U.S. Principal Officer, John Ray, and the Debtors' professionals to review and discuss the status of these proceedings, and to coordinate the efficient administration of these cases. These status conferences allowed the Committee's advisors to have a complete understanding of the management of the Debtors' estates in advising the Committee on any issues impacting the Debtors' unsecured creditors.

32.    Due to Akin Gump's experience in counseling creditors' committees, Akin Gump believes it was able to efficiently address all issues relating to case administration that have arisen during the pendency of these Insolvency Proceedings.

### Akin Gump Fee Application/Monthly Billing Reports

(Fees: $1,971.00; Hours: 4.30)

33.    This subject matter relates to time spent reviewing invoices and drafting monthly and interim fee statements as required under the Administrative Fee Order, including attorney time to ensure that such materials do not improperly disclose highly confidential information related to the Debtors' businesses or these chapter 11 cases.

### Committee Meetings

(Fees: $83,036.50; Hours: 109.90)

34.    This subject matter relates to Committee matters and meetings and conference calls with the Committee as a whole, with individual Committee members and with the

Committee's other legal and financial advisors. Akin Gump, together with the other Committee professionals, held one in-person meeting and five telephonic meetings with the full Committee during the Compensation Period. In addition, during the Compensation Period, Akin Gump had telephonic conferences with individual Committee members and their respective outside professionals, as well as among the Committee's legal and financial advisors.

35. Prior to its meetings with the Committee, Akin Gump reviewed each pending matter requiring the Committee's attention and all underlying documentation in connection therewith. Thereafter, Akin Gump discussed each of these matters with the Committee's other professionals, the Committee, as well as individual Committee members. During these discussions, Akin Gump assisted the Committee in formulating a position with respect to each pending matter. In addition, Akin Gump prepared and/or assisted the Committee's other professionals in preparing detailed memoranda for the Committee discussing the status of pertinent matters in these proceedings.

36. During the Compensation Period, Akin Gump routinely held internal meetings with the professionals assigned to this matter to ensure that Akin Gump was representing the Committee in the most efficient manner at the least cost to these estates. In addition, Akin Gump coordinated all Committee activities, including attending to member issues and interacting with the Committee's other professionals in setting agendas for the Committee's meetings and conference calls. Akin Gump also regularly consulted with Jefferies, Capstone, FMC and Ashurst with respect to documents and other information received from the Debtors, their representatives, and other sources.

37. Through meetings, telephone conferences, and correspondence, Akin Gump has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the

various issues that have arisen in these chapter 11 cases, to monitor closely the Debtors'

management of these proceedings, and to reach independent conclusions on the merits of specific

matters.

### Retention of Professionals

(Fees: $7,782.00; Hours: 13.80)

38.     As noted above, at the outset of these chapter 11 cases, the Committee retained

Jefferies as its investment banker.  In an effort to rationalize the costs of administering the

Debtors' estates in what is now the fourth year of these chapter 11 cases, Akin Gump, on behalf

of the Committee filed a motion (the "Jefferies Amended Retention Motion") seeking

Bankruptcy Court approval of an amendment to the terms of Jefferies' retention to reduce the

monthly fees charged for services provided to the Committee.  On March 30, 2012, this Court

entered an order approving the Jefferies Amended Retention Motion.

### Labor and Employee Benefits Issues

(Fees: $11,886.50; Hours: 13.70)

39.     During the Compensation Period, Akin Gump attorneys continued to work closely

with the Debtors and their professionals to discuss and assess issues relating to the Debtors'

retirement benefit plans.  On June 21, 2011, this Court entered an order authorizing the U.S.

Trustee to appoint an official committee of retirees pursuant to Bankruptcy Code section 1114

(the "Retiree Committee") to act on behalf of the Debtors' retirees in good-faith negotiations

regarding the modification or termination of the Debtors' retirement benefit plans.  On June 22,

2011, this Court also entered an order appointing an official committee of long term disabled

employees (the "LTD Committee") with a limited scope of authority and capped professional

fees.  On March 16, 2012, the LTD Committee filed a motion seeking to lift the cap on its

counsel's fees or, alternatively, to increase the existing cap by $200,000 (the "LTD Fee Cap

<u>Motion</u>"). During the Compensation Period, Akin Gump attorneys spent time discussing the LTD Fee Cap Motion with the Debtors as well as the LTD Committee counsel. On April 3, 2012, Akin Gump, on behalf of the Committee, filed a response to the LTD Fee Cap Motion in which the Committee opposed the lifting of the fee cap but did not object to an extension of such cap by $200,000. On April 18, 2012, the Court entered an agreed upon order approving the limited extension of the fee cap. Additionally, during the Compensation Period, Akin Gump, on behalf of the Committee, discussed with the Debtors their motion to appoint a neutral mediator to help resolve issues related to the Retiree Committee and LTD Committee, which motion was filed with the Court on March 28, 2012. Following a hearing on April 18, 2012, this Court entered an order appointing Richard Levin as mediator with respect to the Retiree Committee and LTD Committee disputes.

### Tax Issues

(Fees: $20,641.00; Hours: 34.50)

40.     This subject matter relates to legal services rendered by Akin Gump relating to tax matters affecting the Nortel Debtors. During the Compensation Period, Akin Gump continued an in-depth analysis of various tax issues affecting the Nortel Debtors' estates. In connection therewith, Akin Gump attorneys conferred with the Committee's other professionals and the Debtors' advisors to discuss U.S. and cross-border tax issues in the context of these Insolvency Proceedings and to consider strategic options related thereto.

### Intellectual Property

(Fees: $18,099.50; Hours: 29.70)

41.     Akin Gump attorneys spent time during the Compensation Period evaluating issues related to the Nortel Debtors' intellectual property assets. On or about February 14, 2012, several news outlets reported an alleged breach of network security at Nortel. During the

Compensation Period, Akin Gump discussed the alleged security breach with the Debtors and analyzed the impact any such alleged breach could have on these Insolvency Proceedings.

### Intercompany Issues

(Fees: $175,518.00; Hours: 227.40)

42.     This subject matter relates to time spent by Akin Gump attorneys reviewing and analyzing certain intercompany issues arising among the various Nortel entities around the world, and the impact of such issues on the Nortel Debtors' Insolvency Proceedings. Akin Gump attorneys, along with the Committee's other professionals, spent time during the Compensation Period analyzing and examining issues related to the allocation of sale proceeds and discussing such issues with the Committee, including in-depth analyses of various methodologies for allocating value among the Nortel entities.

43.     The mediation mandated by the U.S. and Canadian Courts regarding allocation of sale proceeds had been stayed pursuant to an order of this Court pending its decision on motions brought by the Debtors and the Committee to dismiss (the "EMEA Motions to Dismiss") certain intercompany claims asserted by the Administrators against NNI (collectively, the "EMEA Claims"). On March 20, 2012, the Court issued a decision (the "EMEA Claims Decision") granting in part and denying in part the EMEA Motions to Dismiss, by which the Court dismissed certain primary liability claims asserted against NNI, including claims for breaches of fiduciary duty. During the Compensation Period, Akin Gump attorneys spent significant time analyzing the EMEA Claims Decision and related issues, and discussing the same with the Committee.

44.     Following the issuance of the EMEA Claims Decision, the Honorable Warren K. Winkler, Chief Justice of Ontario, as mediator, reached out to the various parties to begin the allocation mediation process. During the Compensation Period, Akin Gump, along with the

15

Committee's other advisors, spent considerable time preparing for the allocation mediation. Specifically, Akin Gump, on behalf of the Committee, engaged with the other parties to discuss the relevant issues, including through meetings and telephone conferences with such parties. An introductory mediation session was held by Justice Winkler in Toronto on April 24, 2012. Akin Gump will continue to work with the other parties in an effort to ensure that the mediation is a constructive process.

## V.    ALLOWANCE OF COMPENSATION

45.    The professional services rendered by Akin Gump required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited not only the members of the Committee, but also the unsecured creditor body as a whole and the Debtors' estates.

46.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> . . . any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. Moreover, this Court has authorized the filing of this Application pursuant to the Administrative Fee Order.

47.    With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for

actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1)(A).  Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).  The clear Congressional intent and policy expressed in this statute is to

provide for adequate compensation in order to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases.

48.     The total time spent by Akin Gump attorneys and paraprofessionals during the

Compensation Period was 495.00 hours.  The work involved, and thus the time expended, was

carefully assigned in light of the experience and expertise required for a particular task.

49.     As shown by this application and supporting documents, Akin Gump spent its

time economically and without unnecessary duplication of time.  Attached hereto as Exhibit E is

a schedule of the hours expended by the attorneys and paraprofessionals during the

Compensation Period, their normal hourly rates, and the value of their services.  In addition,

17

Akin Gump incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $11,844.42 for which Akin Gump respectfully requests reimbursement in full.

50.     The disbursements and expenses have been incurred in accordance with Akin Gump's normal practice of charging clients for expenses clearly related to and required by particular matters. Akin Gump has endeavored to minimize these expenses to the fullest extent possible.

51.     Akin Gump's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, since the needs of each client for such services differ. Akin Gump believes that it is fairest to charge each client only for the services actually used in performing services for it. Akin Gump charges $.10 per page for internal duplicating and does not charge for facsimile transmissions. Akin Gump has negotiated a discounted transactional rate for computer assisted legal research.

52.     No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

53.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period.

**WHEREFORE**, Akin Gump respectfully requests that this Court:

(a)    approve the allowance of $364,445.00 for compensation for professional services rendered to the Committee during the period from March 1, 2012 through and including March 31, 2012;

(b)    approve the reimbursement of Akin Gump's out-of-pocket expenses incurred in connection with the rendering of such services during the period from March 1, 2012 through and including March 31, 2012 in the amount of $11,844.42; and

(c)    authorize and direct the Debtors to immediately pay to Akin Gump the amount of $303,400.42, which is equal to the sum of 80% of Akin Gump's fees and 100% of Akin Gump's expenses incurred during the Compensation Period.

Dated:   New York, New York
        May 1, 2012

                              **AKIN GUMP STRAUSS HAUER & FELD LLP**

By:    _____
                  Fred S. Hodara (*pro hac vice*)
                  A Member of the Firm
                  One Bryant Park
                  New York, New York 10036
                  (212) 872-1000
                  Co-Counsel to the Official Committee of
                  Unsecured Creditors