## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                    :

*In re*                        :     Chapter 11

                        :

Nortel Networks Inc., *et al.*,[1]   :     Case No. 09-10138 (KG)

                        :

            Debtors.      :     Jointly Administered

                        :

                        :     **Objections due: May 22, 2012 at 4 p.m.**

                        :

-------------------------------------------------------X

## THIRTY NINTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD <u>MARCH 1, 2012 THROUGH MARCH 31, 2012</u>

| | |
|---|---|
| Name of Applicant: | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | February 4, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to January 14, 2009 |
| Period for which compensation and reimbursement is sought: | March 1, 2012 through March 31, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 1,766,951.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $ 212,322.80 |

This is an  _x_  interim ___ final application

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 65.00 hours and the corresponding compensation requested is approximately $28,000.00.[2]

[REST OF PAGE LEFT INTENTIONALLY BLANK]

---

[2]        Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 3/13/2009 | 1/14/09 – 1/31/09 | $1,332,922.00 / $40,486.21 | $1,332,922.00 / $40,486.21 |
| 4/24/2009 | 2/1/09 – 2/28/09 | $2,401,013.00 / $85,992.41 | $2,401,013.00 / $85,992.41 |
| 6/8/2009 | 3/1/09 – 3/31/09 | $2,576,907.00 / $72,828.04 | $2,576,907.00 / $72,828.04 |
| 6/26/2009 | 4/1/09 – 4/30/09 | $3,623,969.00 / $120,840.61 | $3,623,969.00 / $120,840.61 |
| 8/12/2009 | 5/1/09 – 5/31/09 | $4,189,301.00 / $149,375.78 | $4,189,301.00 / $149,375.78 |
| 8/28/2009 | 6/1/09 – 6/30/09 | $6,719,870.00 / $260,256.78 | $6,719,870.00 / $260,256.78 |
| 9/2/2009 | 7/1/09 – 7/31/09 | $6,401,447.00 / $105,860.59 | $6,401,447.00 / $105,860.59 |
| 10/12/09 | 8/1/09 – 8/31/09 | $3,500,255.50 / $144,692.17 | $3,500,255.50 / $144,692.17 |
| 11/4/09 | 9/1/09 – 9/30/09 | $6,121,796.50 / $211,814.25 | $6,121,796.50 / $211,814.25 |
| 11/20/09 | 10/1/09 – 10/31/09 | $5,809,684.00 / $113,043.44 | $5,809,684.00 / $113,043.44 |
| 1/27/10 | 11/1/09 – 11/30/09 | $6,749,148.00 / $331,025.87 | $6,749,148.00 / $331,025.87 |
| 2/17/10 | 12/1/09 – 12/31/09 | $5,464,702.00 / $181,160.07 | $5,464,702.00 / $181,160.07 |
| 2/24/10 | 1/1/10 – 1/31/10 | $4,140,091.00 / $219,515.26 | $4,140,091.00 / $219,515.26 |
| 4/29/10 | 2/1/10 – 2/28/10 | $4,905,787.00 / $171,181.35 | $4,905,787.00 / $171,181.35 |
| 5/25/10 | 3/1/10 – 3/31/10 | $5,773,802.50 / $192,424.98 | $5,773,802.50 / $192,424.98 |
| 6/3/10 | 4/1/10 – 4/30/10 | $4,167,775.00 / $99,664.64 | $4,167,775.00 / $99,664.64 |
| 7/30/10 | 5/1/10 – 5/31/10 | $5,235,168.50 / $122,250.74 | $5,235,168.50 / $122,250.74 |
| 8/20/10 | 6/1/10 – 6/30/10 | $4,656,897.50 / $125,657.93 | $4,656,897.50 / $125,657.93 |
| 9/7/10 | 7/1/10 – 7/31/10 | $3,807,758.00 / $61,121.85 | $3,807,758.00 / $61,121.85 |
| 10/1/10 | 8/1/10 – 8/31/10 | $4,768,299.00 / $68,351.89 | $4,768,299.00 / $68,351.89 |
| 11/4/10 | 9/1/10 – 9/30/10 | $5,064,338.00 / $101,664.93 | $5,064,338.00 / $101,664.93 |
| 11/24/10 | 10/1/10 – 10/31/10 | $5,283,347.50 / $184,289.11 | $5,283,347.50 / $184,289.11 |
| 1/14/11 | 11/1/10 – 11/30/10 | $5,105,656.50 / $271,866.71 | $5,105,656.50 / $271,866.71 |
| 2/10/11 | 12/1/10 – 12/31/10 | $3,399,682.50 / $130,866.79 | $3,399,682.50 / $130,866.79 |
| 2/25/11 | 1/1/11 – 1/31/11 | $4,280,308.00 / $59,060.14 | $4,280,308.00 / $59,060.14 |
| 3/30/11 | 2/1/11 – 2/28/11 | $4,082,343.50 / $105,648.81 | $4,082,343.50 / $105,648.81 |

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 5/3/11 | 3/1/11 – 3/31/11 | $7,029,897.00 / $129,162.41 | $7,029,897.00 / $129,162.41 |
| 5/25/11 | 4/1/11 – 4/30/11 | $5,241,975.50 / $123,255.29 | $5,241,975.50 / $123,255.29 |
| 7/5/11 | 5/1/11 – 5/31/11 | $5,622,130.00 / $130,820.87 | $5,622,130.00 / $130,571.00 |
| 7/28/11 | 6/1/11 – 6/30/11 | $6,152,797.50 / $144,954.40 | $6,152,797.50 / $144,954.40 |
| 8/19/11 | 7/1/11 – 7/31/11 | $4,566,733.00 / $457,823.71 | $4,566,733.00 / $455,412.71 |
| 9/28/11 | 8/1/11 – 8/31/11 | $3,121,464.50 / $324,511.42 | $3,121,464.50 / $324,511.42 |
| 10/26/11 | 9/1/11 – 9/30/11 | $3,260,567.50 / $88,807.26 | $3,260,567.50 / $88,807.26 |
| 11/17/11 | 10/1/11 – 10/31/11 | $2,867,288.00 / $443,206.27 | $2,867,288.00 / $438,820.88 |
| 1/10/12 | 11/1/11 – 11/30/11 | $1,900,718.00 / $61,672.25 | $1,900,718.00 / $61,672.25 |
| 1/31/12 | 12/1/11 – 12/31/11 | $1,918,815.75 / $35,151.11 | $1,918,815.75 / $35,151.11 |
| 2/23/12 | 1/1/12 – 1/31/12 | $2,143,255.50 / $38,556.35 | $2,143,255.50 / $38,556.35 |
| 3/28/12 | 2/1/12 – 2/29/12 | $2,138,345.50 / $35,253.58 | $1,710,676.40/ $35,253.58 |

**COMPENSATION BY PROFESSIONAL**
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

March 1, 2012 through March 31, 2012[3]

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| TEMP. PARALEGAL | Temp. Paralegal | $230.00 | 156.50 | $35,995.00 |
| OPOLSKY, JEREMY | Associate | 490.00 | 152.70 | 74,823.00 |
| BAIK, ROBIN | Associate | 660.00 | 141.70 | 93,522.00 |
| KIM, JANE | Associate | 710.00 | 127.70 | 90,667.00 |
| RYAN, ROBERT J. | Associate | 490.00 | 125.40 | 61,446.00 |
| FLEMING, MEGAN J. | Associate | 660.00 | 110.00 | 72,600.00 |
| BROMLEY, JAMES L. | Partner – Bankruptcy, Litigation | 1,095.00 | 109.50 | 119,902.50 |
| BRITT, TAMARA J. | Associate | 565.00 | 106.10 | 59,946.50 |
| UZIEL, JESSICA L. | Associate | 415.00 | 106.00 | 43,990.00 |
| ECKENROD, RUSSELL D. | Associate | 630.00 | 102.40 | 64,512.00 |
| CROFT, JAMES | Associate | 660.00 | 100.40 | 66,264.00 |
| BUSSIGEL, EMILY A. | Associate | 565.00 | 87.20 | 49,268.00 |
| COLEMAN, RONALD | Associate | 415.00 | 83.20 | 34,528.00 |
| ROLL, JESSICA | Paralegal | 255.00 | 82.20 | 20,961.00 |
| HAILEY, KARA | Senior Attorney – Corporate, Bankruptcy | 840.00 | 69.90 | 58,716.00 |
| KIM, JOAN | Paralegal | 255.00 | 60.50 | 15,427.50 |
| SCHWEITZER, LISA M. | Partner – Litigation, Bankruptcy | 1,040.00 | 60.00 | 62,400.00 |
| PEACOCK, LAUREN L. | Associate | 700.00 | 59.50 | 41,650.00 |
| BAGARELLA, LAURA | Associate | 565.00 | 56.50 | 31,922.50 |
| LIPNER, LOUIS | Associate | 630.00 | 52.50 | 33,075.00 |
| KLIPPER, ERICA | Associate | 415.00 | 49.90 | 20,708.50 |
| ROZENBERG, INNA | Senior Attorney – Litigation | 840.00 | 46.10 | 38,724.00 |
| FORREST, NEIL | Senior attorney – Litigation | 840.00 | 44.60 | 37,464.00 |
| SHERRETT, JESSE D.H. | Associate | 490.00 | 42.80 | 20,972.00 |
| GALVIN, JAMIE R. | Associate | 490.00 | 39.60 | 19,404.00 |
| BAREFOOT, LUKE | Associate | 710.00 | 37.80 | 26,838.00 |
| PALMER, JENNIFER M. | Associate | 690.00 | 36.70 | 25,323.00 |
| ANDERSON, JOSH | Associate | 490.00 | 34.20 | 16,758.00 |
| KOSTOV, MARTIN N. | Associate | 490.00 | 32.20 | 15,778.00 |
| ILAN, DANIEL | Counsel – Intellectual Property | 790.00 | 28.90 | 22,831.00 |

---

[3]    Arranged in descending order according to Total Billed Hours.

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| BROD, CRAIG B. | Partner – Corporate | 1,095.00 | 28.60 | 31,317.00 |
| FRANCOIS, DAPHNEY | Associate | 565.00 | 28.00 | 15,820.00 |
| PAK, JOANNA | Paralegal | 230.00 | 26.30 | 6,049.00 |
| ROZENBLIT, JULIA | Associate | 490.00 | 26.00 | 12,740.00 |
| EZIE, ANDREA CHINYERE | Associate | 415.00 | 23.10 | 9,586.50 |
| FAUBUS, BRYAN G. | Associate | 490.00 | 22.70 | 11,123.00 |
| SCOTT, IAN E. | Associate | 490.00 | 21.50 | 10,535.00 |
| PHILBRICK, JENNIFER E. | Associate | 565.00 | 21.50 | 12,147.50 |
| LEITCH, EVAN J. | Associate | 670.00 | 21.00 | 14,070.00 |
| O'KEEFE, PETER | Paralegal | 310.00 | 19.80 | 6,138.00 |
| ZELBO, HOWARD S. | Partner – Litigation | 1,095.00 | 19.70 | 21,571.50 |
| WEISS, EMILY | Associate | 565.00 | 19.60 | 11,074.00 |
| ROSENTHAL, JEFFREY A. | Partner – Litigation | 1,085.00 | 18.50 | 20,072.50 |
| FISCHER, CRAIG M. | Associate | 490.00 | 18.10 | 8,869.00 |
| CHEUNG, SU | Assistant Managing Clerk | 150.00 | 17.80 | 2,670.00 |
| ERICKSON, JODI | Associate | 355.00 | 17.10 | 6,070.50 |
| REEB, REBECCA | Associate | 565.00 | 16.30 | 9,209.50 |
| SHEA, ZOE E. | Associate | 415.00 | 16.00 | 6,640.00 |
| GIBBON, BRENDAN H. | Associate | 700.00 | 15.90 | 11,130.00 |
| MCCOY, SCOTT D. | Associate | 690.00 | 15.50 | 10,695.00 |
| O'NEILL, KATHLEEN M. | Associate | 690.00 | 14.40 | 9,936.00 |
| WHATLEY, CAROL | Assistant Managing Clerk | 150.00 | 14.20 | 2,130.00 |
| RAYMOND, SAMUEL L. | Associate | 415.00 | 13.90 | 5,768.50 |
| ALCOCK, MARY E. | Counsel – Employee Benefits | 905.00 | 13.80 | 12,489.00 |
| BELYAVSKY, VICTORIA S. | Associate | 490.00 | 12.30 | 6,027.00 |
| MARQUARDT, PAUL D. | Partner – Corporate | 1,065.00 | 11.70 | 12,460.50 |
| KLEIN, KERRIN T. | Associate | 565.00 | 11.60 | 6,554.00 |
| FLOW, SANDRA | Partner – Corporate | 1,065.00 | 11.20 | 11,928.00 |
| TEELUCK, BENAZIR | Paralegal | 310.00 | 10.50 | 3,255.00 |
| MOESSNER, JACQUELINE | Associate | 690.00 | 10.40 | 7,176.00 |
| LIEN, LIANA-MARIE | Paralegal | 255.00 | 10.30 | 2,626.50 |
| HERRINGTON, DAVID H. | Counsel – Litigation | 905.00 | 10.20 | 9,231.00 |
| NARULA, RITU | Associate | 490.00 | 9.90 | 4,851.00 |
| CERCEO, ANTHONY R. | Associate | 565.00 | 9.60 | 5,424.00 |
| MCRAE, WILLIAM L. | Partner – Tax | 1,055.00 | 9.40 | 9,917.00 |
| JONES, MAGNUS | Associate | 500.00 | 9.40 | 4,700.00 |
| SIDHU, KAMAL | Associate | 490.00 | 9.30 | 4,557.00 |
| CAMERON, SEBASTIAN | Trainee Solicitor | 350.00 | 8.50 | 2,975.00 |
| KOGAN, ANNA | Associate | 565.00 | 8.50 | 4,802.50 |
| LANZKRON, JOSEPH | Associate | 565.00 | 7.40 | 4,181.00 |
| KOLODNER, JONATHAN | Counsel – Litigation | 905.00 | 6.50 | 5,882.50 |
| KARLAN, MATTHEW M. | Associate | 415.00 | 5.60 | 2,324.00 |
| FAVRE, LAURANNE | Stagiaire | 275.00 | 5.50 | 1,512.50 |
| CARPENTER, KEITH | Paralegal | 255.00 | 5.50 | 1,402.50 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| VANEK, MATTHEW J. | Associate | 660.00 | 5.40 | 3,564.00 |
| DELAHAYE, SHANNON | Associate | 630.00 | 5.40 | 3,402.00 |
| ABELEV, ALEKSANDR | Practice Support Specialist | 265.00 | 5.40 | 1,431.00 |
| WU, ALEXANDER | Associate | 490.00 | 5.10 | 2,499.00 |
| TOTAL HOURS: | | | 3,016.60 | |
| GRAND TOTAL: | | | | $1,766,951.00 |
| BLENDED RATE: | | $583.65 | | |

## COMPENSATION BY PROJECT CATEGORY[4]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

March 1, 2012 through March 31, 2012

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Dispositions | 6.00 | $ 3,741.00 |
| Case Administration | 1,231.40 | 771,372.50 |
| Claims Administration and Objections | 464.30 | 281,435.50 |
| M&A Advice | 21.40 | 14,493.50 |
| Employee Matters | 672.20 | 375,066.00 |
| Customer Issues | 1.00 | 630.00 |
| Supplier Issues | 4.30 | 2,494.50 |
| Plan of Reorganization and Disclosure Statement | 128.60 | 64,848.50 |
| Tax | 28.10 | 20,308.00 |
| Intellectual Property | 46.80 | 29,557.00 |
| Regulatory | 19.10 | 17,659.50 |
| Chapter 15 | 0.50 | 267.00 |
| Fee and Employment Applications | 153.60 | 72,543.00 |
| Litigation | 229.20 | 106,752.50 |
| Real Estate | 10.10 | 5,782.50 |
| **TOTAL** | **3,016.60** | **$ 1,766,951.00** |

---

[4]      Note: This Application includes certain fees incurred during a period related to a previously submitted fee application, but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

**EXPENSE SUMMARY**[5]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

March 1, 2012 through March 31, 2012

| Expense Category | | Total Expenses |
|---|---|---|
| Telephone | | $       465.14 |
| Travel – Transportation | | 4,315.99 |
| Travel – Meals | | 9.91 |
| Mailing and Shipping Charges | | 1,173.27 |
| Scanning Charges (at $0.10/page) | | 69.10 |
| Duplicating Charges (at $0.10/page) | | 3,302.00 |
| Color Duplicating Charges (at $0.65/page) | | 37.70 |
| Legal Research | Lexis | 5,819.98 |
| | Westlaw | 7,263.73 |
| Late Work – Meals | | 1,508.70 |
| Late Work – Transportation | | 6,143.51 |
| Conference Meals | | 7,556.08 |
| Other (see attached schedules for details) | | 28.85 |
| Expert Expenses | | 174,628.84 |
| **Grand Total Expenses** | | **$    212,322.80** |

---

[5]       Note: This Application includes certain expenses incurred during a period related to a previously submitted fee application, but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
 :
*In re*                                                  :       Chapter 11
 :
Nortel Networks Inc., *et al.*,[1]                       :       Case No. 09-10138 (KG)
 :
               Debtors.          :       Jointly Administered
 :
 :       **Objections due: May 21, 2012 at 4 p.m.**
 :
-----------------------------------------------------------X

**THIRTY NINTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN &
HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-
POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY
EXPENSES INCURRED FOR THE PERIOD
MARCH 1, 2012 THROUGH MARCH 31, 2012**

       Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for Nortel Networks

Inc. ("NNI") and its affiliated debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), submits this application (the "Application") for interim allowance

of compensation for professional services rendered by Cleary Gottlieb to the Debtors for the

period March 1, 2012 through March 31, 2012 (the "Application Period") and reimbursement of

actual and necessary expenses incurred by Cleary Gottlieb during the Application Period under

sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the

District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330,

effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Administrative Order under

11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members [D.I. 293] (the

"Interim Compensation Procedures Order").  In support of this Application, Cleary Gottlieb

represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code.

## BACKGROUND

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]        Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4.       The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.       On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding before the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3]       The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]       The EMEA Debtors include the following entities:  Nortel Networks (UK) Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### CLEARY GOTTLIEB'S RETENTION

7.      Prior to the Petition Date, the Debtors engaged Cleary Gottlieb as counsel in connection with potential bankruptcy filings by the Debtors.  On February 4, 2009, this Court entered the Order Authorizing the Retention and Employment of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors nunc pro tunc to the Petition Date [D.I. 221].

### FEE PROCEDURES ORDER

8.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order [D.I. 222], which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[5]

9.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

---

[5]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

10.     On June 26, 2009, Cleary Gottlieb filed its First Interim Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period January 14, 2009 Through April 30, 2009 [D.I. 978] (the "First Quarterly Application").  On July 17, 2009, this Court entered an Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses [D.I. 1103], approving the First Quarterly Application.  On September 2, 2009, Cleary Gottlieb filed its Second Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period May 1, 2009 Through July 31, 2009 [D.I. 1421] (the "Second Quarterly Application").  On September 30, 2009, this Court entered the Second Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses [D.I. 1582], approving the Second Quarterly Application.  On November 20, 2009, Cleary Gottlieb filed its Third Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period August 1, 2009 Through October 31, 2009 [D.I. 1943] (the "Third Quarterly Application").  On December 15, 2009, this Court entered the Third Omnibus Order Allowing Certain Professionals Interim Compensation For Services Rendered and Reimbursement of Expenses [D.I. 2143], approving the Third Quarterly Application.  On February 25, 2010, Cleary Gottlieb filed its Fourth Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For the Period November 1, 2009 Through January 31, 2010 [D.I. 2535] (the "Fourth Quarterly Application").  On March 17, 2010, this Court entered the Fourth Omnibus Order Allowing Certain Professionals Interim Compensation For Services Rendered and Reimbursement of Expenses [D.I. 2730], approving the Fourth Quarterly Application.  On June

14

4, 2010, Cleary Gottlieb filed its Fifth Quarterly Fee Application Request of Cleary Gottlieb

Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For the Period

February 1, 2010 Through April 30, 2010 [D.I. 3147] (the "Fifth Quarterly Application").  On

June 24, 2010, this Court entered the Fifth Omnibus Order Allowing Certain Professionals

Interim Compensation For Services Rendered and Reimbursement of Expenses [D.I. 3217],

approving the Fifth Quarterly Application.  On September 8, 2010, Cleary Gottlieb filed its Sixth

Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For

Debtors And Debtors-In-Possession, For the Period May 1, 2010 Through July 31, 2010 [D.I.

3892] (the "Sixth Quarterly Application").  On September 30, 2010, this Court entered the Sixth

Omnibus Order Allowing Certain Professionals Interim Compensation For Services Rendered

and Reimbursement of Expenses [D.I. 4048], approving the Sixth Quarterly Application.  On

November 24, 2010, Cleary Gottlieb filed its Seventh Quarterly Fee Application Request of

Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession,

For the Period August 1, 2010 Through October 31, 2010 [D.I. 4434] (the "Seventh Quarterly

Application").  On December 15, 2010, this Court entered the Seventh Omnibus Order Allowing

Certain Professionals Interim Compensation For Services Rendered and Reimbursement of

Expenses [D.I. 4605], approving the Seventh Quarterly Application.  On February 28, 2011,

Cleary Gottlieb filed its Eighth Quarterly Fee Application Request of Cleary Gottlieb Steen &

Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For the Period November

1, 2010 Through January 31, 2011 [D.I. 5022] (the "Eighth Quarterly Application").  On March

23, 2011, this Court entered the Eighth Omnibus Order Allowing Certain Professionals Interim

Compensation For Services Rendered and Reimbursement of Expenses [D.I. 5156], approving

the Eighth Quarterly Application.  On May 27, 2011, Cleary Gottlieb filed its Ninth Quarterly

Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors

And Debtors-In-Possession, For the Period February 1, 2011 Through April 30, 2011 [D.I. 5511]

(the "Ninth Quarterly Application").  On June 21, 2011, this Court entered the Ninth Omnibus

Order Allowing Certain Professionals Interim Compensation For Services Rendered and

Reimbursement of Expenses [D.I. 5781], approving the Ninth Quarterly Application.  On August

22, 2011, Cleary Gottlieb filed its Tenth Quarterly Fee Application Request of Cleary Gottlieb

Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For the Period

May 1, 2011 Through July 31, 2011 [D.I. 6188] (the "Tenth Quarterly Application").  On

September 21, 2011, this Court entered the Tenth Omnibus Order Allowing Certain

Professionals Interim Compensation For Services Rendered and Reimbursement of Expenses

[D.I. 6444], approving the Tenth Quarterly Application.  On November 21, 2011, Cleary

Gottlieb filed its Eleventh Quarterly Fee Application Request of Cleary Gottlieb Steen &

Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For the Period August 1,

2011 Through October 31, 2011 [D.I. 6824] (the "Eleventh Quarterly Application").  On

December 14, 2011, this Court entered the Eleventh Omnibus Order Allowing Certain

Professionals Interim Compensation For Services Rendered and Reimbursement of Expenses

[D.I. 6979], approving the Eleventh Quarterly Application.  On February 29, 2012, Cleary

Gottlieb filed its Twelfth Quarterly Fee Application Request of Cleary Gottlieb Steen &

Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For the Period November

1, 2011 Through January 31, 2012 [D.I. 7311] (the "Twelfth Quarterly Application").  On March

21, 2012, this Court entered the Twelfth Omnibus Order Allowing Certain Professionals Interim

Compensation For Services Rendered and Reimbursement of Expenses [D.I. 7421], approving

the Twelfth Quarterly Application.

16

11.     During the Application Period, Cleary Gottlieb provided extensive services to the

Debtors.  During such period, with the aid of Cleary Gottlieb and Morris, Nichols, Arsht &

Tunnell LLP ("Morris Nichols"), the Debtors were successful in obtaining certain relief

including, without limitation: (i) an order granting the Debtors' Twenty-First Omnibus Objection

to Certain Claims; (ii) an order Granting the Debtors' Twenty-Second Omnibus Objection to

Certain Claims; (iii) an order Granting the Debtors' Twenty-Third Omnibus Objection to Certain

Claims; (iv) an order Granting the Debtors' Twenty-Fourth Omnibus Objection to Certain

Claims; (v) an order Granting the Debtors' Twenty-Fifth Omnibus Objection to Certain claims;

and (vi) orders approving certain settlement stipulations.  The Debtors continued to address

various employee-related issues, which included efforts to negotiate with and provide requested

information to the Official Committee of Retirees and the Official Committee of Long-Term

Disability Participants.  Moreover, during the Application Period, the Debtors continued the

process of reviewing and reconciling claims filed by creditors prior to the general claims bar

dates established in the chapter 11 proceedings, including filing omnibus objections to certain

claims filed by creditors in the proceedings.  The Debtors also continued their efforts to avoid

and recover preferential transfers made to parties in the ninety days prior to the Petition Date.

12.     Cleary Gottlieb also continued to assist the Debtors in effectively addressing

many of the matters which arise during a chapter 11 case involving vendors, suppliers,

customers, employees and governmental agencies.  Many of these issues were more complex due

to the international nature of the Debtors' operations.  Cleary Gottlieb also responded to

numerous inquiries by vendors, suppliers, creditors and other interested parties.  In addition,

Cleary Gottlieb engaged in numerous discussions with representatives of the Committee, the

Bondholder Group, the Canadian Debtors, the Monitor, the EMEA Debtors and the Joint

17

Administrators on a wide range of matters including, without limitation, inter-estate issues and sales of assets, and assisted the Debtors in preparing for and engaging in discussions with the same.  Cleary Gottlieb also assisted the Debtors with numerous other matters, including regulatory and other work relating to the Debtors' reporting obligations, including those established by the Code.

13.    Cleary Gottlieb also continued to assist the Debtors in effectively addressing many of the matters which arise during a chapter 11 case involving vendors, suppliers, employees and governmental agencies.  Many of these issues were more complex due to the international nature of the Debtors' operations.  Cleary Gottlieb also responded to numerous inquiries by vendors, suppliers, creditors and other interested parties.  In addition, Cleary Gottlieb engaged in numerous discussions with representatives of the Committee, the Bondholder Group, the Canadian Debtors, the Monitor, the EMEA Debtors and the Joint Administrators on a wide range of matters including, without limitation, inter-estate issues and sales of assets, and assisted the Debtors in preparing for and engaging in discussions with the same.  Cleary Gottlieb also assisted the Debtors with numerous other matters, including regulatory and other work relating to the Debtors' reporting obligations, including those established by the Bankruptcy Code.

14.    Included in this Application are certain fees and expenses incurred during a period related to an application previously submitted, but which were not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

## RELIEF REQUESTED

15.    Cleary Gottlieb submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered

as bankruptcy counsel for the Debtors in these cases for the period from March 1, 2012 through

March 31, 2012 (and previous periods, as discussed above), and (b) for reimbursement of actual,

reasonable and necessary expenses incurred in representing the Debtors during that same period

(and previous periods, as discussed above).

16.     During the period covered by this Application (and previous periods, as discussed

above), Cleary Gottlieb accrued fees in the amount of $1,766,951.00.  For the same period (and

previous periods, as discussed above), Cleary Gottlieb incurred actual, reasonable and necessary

expenses totaling $212,322.80.  With respect to these amounts, as of the date of this Application,

Cleary Gottlieb has received no payments.

17.     Set forth on the foregoing "Compensation by Project Category" is a summary by

subject matter categories of the time expended by timekeepers billing time to these cases.

18.     Exhibit A attached hereto contains logs, sorted by case project category, which

show the time recorded by professionals, paralegals and other support staff and descriptions of

the services provided.

19.     Exhibit B attached hereto contains a breakdown of disbursements incurred by

Cleary Gottlieb during the Application Period.

20.     Cleary Gottlieb charges $0.10 per page for photocopying.

21.     Cleary Gottlieb charges $0.65 per page for color photocopying and printing.

22.     Cleary Gottlieb charges $1.00 per page for outgoing domestic facsimiles and does

not charge for incoming facsimiles.

23.     In accordance with Local Rule 2016-2, Cleary Gottlieb has reduced its request for

compensation for non-working travel, if any, to 50% of its normal rate.

24.     Cleary Gottlieb has endeavored to represent the Debtors in the most expeditious

and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Cleary Gottlieb so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Cleary Gottlieb has endeavored to coordinate with Morris Nichols and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  We believe we have been successful in this regard.

25.    No agreement or understanding exists between Cleary Gottlieb and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

26.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Cleary Gottlieb respectfully requests that this Court:  (a) allow Cleary Gottlieb (i) interim compensation in the amount of $1,766,951.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period March 1, 2012 through March 31, 2012 (and previous periods, as discussed above), and (ii) interim reimbursement in the amount of $212,322.80 for actual, reasonable and necessary expenses incurred during the same period (and previous periods, as discussed above); (b) authorize and direct the Debtors to pay to Cleary Gottlieb the amount of $1,625,883.60, which is equal to the sum of 80% of Cleary Gottlieb's allowed interim compensation and 100% of Cleary Gottlieb's allowed expense reimbursement; and (c) grant such other and further relief as the Court deems just and proper.

Dated: May 2, 2012
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

_____

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors and Debtors in Possession*