IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

             Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. 7183, 7354, 7430, 7559**

------------------------------------------------------------X

## THIRD SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, REDUNDANT CLAIMS, WRONG DEBTOR CLAIMS AND NO-BASIS 503(b)(9) CLAIMS)

Upon the Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7183] (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying or disallowing in full, as applicable, the claims identified in Exhibits A-E attached thereto; and upon the Declaration of John J. Ray, III in Support of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims), attached to the Objection as Exhibit F; and upon all other documentation filed in connection with the Objection and the claims, including, without limitation, Response to Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7252], filed by Barnes & Thornburg LLP (the "Barnes & Thornburg Response"); and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and upon entry of the Order Granting Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7354]; and upon entry of the First Supplemental Order Granting Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7430]; and upon entry of the Second Supplemental Order Granting Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant

Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 7559]; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The hearing on the Objection with respect to Claim No. 6646 filed by Kelly Temporary Services LTD is continued to the hearing scheduled in these cases on August 22, 2012 at 10:00 a.m.

2. The hearing on the Objection with respect to Claim No. 7819 held by ASM Capital is continued to the hearing scheduled in these cases on June 21, 2012 at 10:00 a.m.

3. The hearing on the Objection with respect to Claim No. 6820 filed by Jaco Electronics, Inc., Claim No. 392 filed by Coface North America Insurance Company, and Claim No. 7076 filed by Monarch Master Funding LTD is continued to the hearing scheduled in these cases on June 6, 2012 at 10:00 a.m.

4. The Objection is **WITHDRAWN** with prejudice with respect to Claim No. 5980 filed by Telefonica International, S.A.I. Claim 5980 is hereby allowed as a general unsecured claim in the amount of $2,339,137.50 against Nortel Networks (CALA), Inc.

5. The Objection is **GRANTED** with respect to Claim No. 5326 filed by Barnes & Thornburg LLP as modified by agreement by and between the Debtors and Barnes & Thornburg LLP. Pursuant to such agreement, Claim No. 5326 is hereby allowed as a general unsecured claim in the amount of $20,040.94 against Nortel Networks Inc. The Barnes & Thornburg Response is hereby **DENIED** with prejudice.

6. The Objection is **GRANTED** with respect to Claim No. 3909 filed by Terremark Worldwide as modified by agreement by and between the Debtors and Terremark Worldwide. Pursuant to such agreement, Claim No. 3909 is hereby allowed as an administrative expense

3

priority claim in the amount of $38,215.00 and as a general unsecured claim in the amount of $89,507.24 against Nortel Networks Inc.

7. This Order shall be deemed a separate order with respect to each of the claims identified herein. Any stay of this Order pending appeal by any claimant whose claim is subject to this Order shall only apply to the contested matter that involves such claimant, and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

8. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: May 9, 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE