## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

              Debtors.

---------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

RE: D.I. 7617

### ORDER AUTHORIZING AND APPROVING PROCEDURES TO RESOLVE OR OTHERWISE SETTLE CLAIMS OF EMPLOYEES TERMINATED POST-PETITION

Upon the motion dated May 7, 2012 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, as more fully described in the Motion, authorizing and approving procedures to resolve or otherwise settle Post-Petition Employee Claims of employees terminated from employment by the Debtors following the Petition Date; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized in accordance with Bankruptcy Rule 9019 to settle Post-Petition Employee Claims (as defined in the Motion) in accordance with the following Settlement Procedures:

    a. Any settlement of a Post-Petition Employee Claim pursuant to these Settlement Procedures shall be based on the reasonable business judgment of the Debtors, upon consideration of (i) the probability of success if the claim is litigated, (ii) the complexity, expense and likely duration of any litigation with respect to the claim, (iii) other factors relevant to assessing the wisdom of the settlement, and (iv) the fairness of the settlement vis-à-vis the Debtors' estates and their creditors.

    b. The Debtors' employees, counsel and other representatives responsible for negotiating or settling Post-Petition Employee Claims may attempt to resolve, mediate, compromise or otherwise settle any Post-Petition Employee Claim without further hearing or notice to this Court or other parties in interest in these proceedings.

    c. The Debtors are authorized to settle any Post-Petition Employee Claim where such settlement would result in such claim being allowed in an amount less than $100,000 without further hearing or notice to this Court or other parties in interest in these proceedings.

    d. For any Post-Petition Employee Claim that the Debtors propose to allow in an amount greater than or equal to $100,000 and less than $250,000, where the amount of the relevant proof(s) of claim do not exceed the proposed allowed amount of such claim by more than $25,000, the Debtors shall notify (i) the U.S. Trustee, (ii) counsel to the Committee and (iii) counsel to the Bondholder Group (the "Notice Parties") in writing of the proposed settlement of such Post-Petition Employee Claim. If no Notice Party objects

        in writing to the settlement of a Post-Petition Employee Claim within ten (10) calendar days of receipt of notice under this paragraph, then the Debtors may proceed immediately with the settlement of such claim.[3] If an objection is received within such period that cannot be resolved, such Post-Petition Employee Claim may not be settled except upon further order of the Court after notice and a hearing.

e.    Where the Debtors propose to allow a Post-Petition Employee Claim (i) in an amount greater than or equal to $250,000 and less than $1,000,000 or (ii) in an amount greater than or equal to $100,000 and less than $250,000, where the amount of the relevant proof(s) of claim exceed the proposed allowed amount of such claim by more than $25,000, the Debtors shall file one or more notices (each a "<u>Proposed Post-Petition Employee Claims Settlement Notice</u>") with the Court listing (a) the claimant(s) with whom the Debtors propose to settle Post-Petition Employee Claim(s), (b) the asserted amount and priority of any proof(s) of claim proposed to be settled, and (c) the proposed allowed amount and priority of such Post-Petition Employee Claim(s). If no party in interest files an objection with the Court to a proposed settlement of a Post-Petition Employee Claim listed in a Post-Petition Employee Claims Notice within twenty (20) days of the date of such notice, then the Debtors may proceed immediately with the settlement of such claim. If an objection is filed within such period that cannot be resolved, such Post-Petition Employee Claim may not be settled except upon further order of the Court after notice and a hearing.

f.    With respect to a proposed settlement reached and approved pursuant to these Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing. The Debtors shall periodically file with the Court a Notice of Settlement of Post-Petition Employee Claims (the "<u>Settled Post-Petition Employee Claims Notice</u>") that lists the Post-Petition Employee Claims settled pursuant to these Settlement Procedures and the allowed amount and priority of such Post-Petition Employee Claims.

---

[3]     The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

3

    g. Nothing in the foregoing Settlement Procedures shall prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed settlement upon notice and a hearing.

    h. The Debtors, in their sole discretion, shall have the authority to exchange mutual releases as part of any settlement of any Post-Petition Employee Claim.

    i. The entry by the Debtors into settlement, mediation or compromise negotiations does not constitute a waiver of the automatic stay applicable to judicial, administrative or other actions or proceedings against the Debtors pursuant to section 362 of the Bankruptcy Code.

3. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the Settlement Procedures and the terms of this Order.

4. The Debtors' claims agent is authorized and empowered to take such actions as may be necessary and appropriate to implement the Settlement Procedures and the terms of this Order, including by updating the Debtors' claims registry based on the settlements entered into by the Debtors and the periodic Settled Post-Petition Employee Claims Notices filed by the Debtors with this Court.

5. Nothing in this Order is intended to limit or otherwise affect the Debtors' authority to settle claims pursuant to prior Orders of this Court.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: **May 24**, 2012
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE