**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- X
                                                        :
In re                                                   :        Chapter 11
                                                        :
Nortel Networks Inc., et al.,¹                          :        Case No. 09-10138 (KG)
                                                        :
                              Debtors.                  :        Jointly Administered
                                                        :
                                                        :
------------------------------------------------------- X
```

**NOTICE OF HEARING ON CANADIAN
MOTION WITH RESPECT TO GROUP D&O POLICY**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "U.S. Debtors"), by and through their undersigned counsel, hereby

file this notice (the "Notice") of (i) the May 30, 2012[2] hearing currently scheduled in front of the

Ontario Superior Court of Justice (the "Canadian Court") for oral argument on the motion of

Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors") for a determination of certain specific

obligations of Chartis, Inc. ("Chartis") as provider of an executive and organization liability

insurance policy (the "D&O Policy") to the Canadian Debtors, their subsidiaries, and the

directors and officers of the Canadian Debtors and their subsidiaries (the "Chartis Motion"), and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     For the avoidance of confusion, the U.S. Debtors are not requesting that this Court participate in the May
30, 2012 hearing in front of the Canadian Court.  The U.S. Debtors file this Notice to reserve their right to invoke a
Joint Hearing (as defined herein) in the event certain issues are raised at the May 30, 2012 hearing.

(ii) the U.S. Debtors' protective request for a joint hearing (a "<u>Joint Hearing</u>") pursuant to the Cross-Border Insolvency Protocol [D.I.  990] (the "<u>Cross Border Protocol</u>") in the event the relief to be granted by the Canadian Court in connection with the Chartis Motion exceeds the scope of the relief requested by the Canadian Debtors, and further reservation of rights as set forth in a factum filed by the U.S. Debtors in the Canadian Court (attached hereto as <u>Exhibit A-6</u>, the "<u>U.S. Debtor Factum</u>").

### Introduction

1.      In October 2011, the Canadian Debtors filed the Chartis Motion for a determination by the Canadian Court whether a certain retention amount must be satisfied before Chartis is obligated to pay for any insured losses for a certain identified director and officer indemnification claim under Nortel's group D&O Policy.  Chartis has opposed the motion.  A hearing on the narrow issues raised by the Chartis Motion is scheduled for May 30, 2012 in front of the Canadian Court.

2.      Due to the U.S. Debtors' interest in the D&O Policy and certain trusts created for the benefit of Nortel directors and officers as described herein, the U.S. Debtors initially requested that the Chartis Motion be heard at a Joint Hearing.  The U.S. Debtors subsequently consented to the Chartis Motion proceeding in front of the Canadian Court without need for a Joint Hearing based on representations and assurances provided by the Canadian Debtors as set forth below, including the representation that the relief requested in the Chartis Motion was limited to the relief set forth in a draft order provided by the Canadian Debtors.

3.      The U.S. Debtors file this Notice as a protective request for Joint Hearing in the event the relief to be granted by the Canadian Court in connection with the Chartis Motion exceeds the scope of relief requested by the Canadian Debtors.  In addition, the U.S. Debtors

reserve the right to invoke a Joint Hearing with respect to any other matters related to the D&O

Policy, D&O Trust (as defined herein) or any other trusts established for the benefit of the Nortel

directors and officers, and also reserve the right to seek relief from this Court regarding the

application of the automatic stay in these proceedings in connection with the D&O Policy, the

D&O Trust or any other trusts established for the benefit of the Nortel directors and officers, and

any claims or payments made thereunder.  Any relief granted in connection with the Chartis

Motion shall not prejudice these rights in the absence of a Joint Hearing at which these matters

are addressed.

### Relevant Facts

4.       The U.S. Debtors and their directors and officers are insureds under the D&O

Policy, which provides them with executive and organization liability insurance.  See D&O

Policy, Tab A of the Motion Record, attached hereto as Exhibit A-1.  The U.S. Debtors have

notified Chartis of claims under the D&O Policy.

5.       Pursuant to a trust indenture dated January 13, 2009, a trust has been established

in the amount of $11,941,440 for the benefit of (i) individuals serving as directors and officers of

NNC, and (ii) individuals serving as directors and officers of NNC's subsidiaries in accordance

with the trust indenture, including the directors and officers of the U.S. Debtors (the "D&O

Trust").  See D&O Trust, Tab D of the Motion Record.

6.       On October 7, 2011, the Canadian Debtors filed the Chartis Motion,[3] requesting

that the Canadian Court order and declare that (i) the Retention Amount (as defined in the D&O

---

[3]       The papers filed to date with the Canadian Court in respect of the Chartis Motion are attached to this Notice as Exhibit A.  Due to the volume of the papers, certain briefs of authorities were omitted from Exhibit A, but are available upon request.

Policy[4]) does not apply to claims made by officers and directors of NNC and its subsidiaries, and (ii) Chartis is obligated to pay and respond to Losses (as defined in the D&O Policy) on behalf of the directors and officers without reference to or subtraction for the Retention Amount.  See Exhibit 1 to the U.S. Debtor Factum, attached hereto as Exhibit A-6 (the "Draft Order").  Chartis opposes such relief, and in connection with its opposition has suggested that funds in the D&O Trust may be used to satisfy claims of directors and officers up to the Retention Amount.  See Chartis Factum, attached hereto as Exhibit A-4.

7.    Shortly after the Chartis Motion was filed, the U.S. Debtors notified the Canadian Debtors of their intention to have the Chartis Motion heard at a Joint Hearing due to the interest of the U.S. Debtors in the D&O Policy and D&O Trust.  The U.S. Debtors subsequently consented to the Chartis Motion proceeding in the Canadian Court without the need for a Joint Hearing based on (i) the Canadian Debtors' representation that the only relief sought in connection with the Chartis Motion is the narrow relief set forth in the Draft Order, (ii) the Canadian Debtors' confirmation that in the event the relief sought in the Draft Order is granted, the Canadian Debtors will provide the U.S. Debtors with twenty (20) business days prior written notice in advance of any proposed payment under the D&O Policy, (iii) assurances from the Canadian Debtors and their court-appointed Monitor that the D&O Trust, and right to payment from the D&O Trust, is unrelated to the Chartis Motion, and (iv) the Canadian Debtors' confirmation that they have no objection to the reservations set out herein.

---

[4]    Section 6 of the D&O Policy provides in part: "For each Claim, the Insurer shall only be liable for the amount of Loss arising from a Claim which is in excess of the applicable Retention amounts . . . such Retention amounts to be borne by an Organization and/or the Insured Person and remain uninsured, with regard to all Loss other than Non-Indemnifiable Loss." D&O Policy, § 6. The D&O Policy lists the Retention Amount as $10,000,000. D&O Policy, at 1.

## Protective Notice of Joint Hearing

8.      The Cross-Border Protocol provides that the U.S. Debtors may request a Joint

Hearing to the extent any motion is filed or relief is sought in either the Canadian Court or the

this Court relating to relief from, *inter alia*, the automatic stay in place in these chapter 11

proceedings to pursue actions having a material impact on the assets, operations, obligations,

rights, property or business of at least one U.S. Debtor and one Canadian Debtor and involving

damages in excess of US$30,000,000.  Cross Border Protocol, ¶ 15.

9.      Both the Canadian Debtors and the U.S. Debtors and their directors and officers

are insureds under the D&O Policy.  As such, matters pertaining to the D&O Policy have a

material impact on the assets, operations, obligations, rights, property or business of the U.S.

Debtors and the Canadian Debtors.  Furthermore, the D&O Policy and any proceeds are subject

to the automatic stay in the U.S. Debtors' chapter 11 proceedings.  See, e.g., In re Downey Fin.

Corp., 428 B.R. 595, 603 (Bankr. D. Del. 2010); In re World Health Alternatives, Inc., 369 B.R.

805, 809 (Bankr. D. Del. 2007).  Additionally, because the directors and officers of the U.S.

Debtors are beneficiaries of the D&O Trust, the U.S. Debtors have an interest in the

interpretation and application of the D&O Trust.  Therefore, the U.S. Debtors have the right to

request a Joint Hearing under the Cross Border Protocol with respect to matters relating to the

D&O Policy and D&O Trust

10.     To the extent any party seeks findings or other relief in connection with the

Chartis Motion beyond that set forth in the Draft Order, the U.S. Debtors have not waived, and

expressly reserve their right, under the Cross Border Protocol to request a Joint Hearing in

respect of the Chartis Motion, and this Notice shall constitute a request for Joint Hearing on such

matters.  Specifically, and without limitation, the U.S. Debtors would require a Joint Hearing

under the Cross Border Protocol if the relief sought to be granted in connection with the Chartis Motion included findings (i) authorizing or directing payments to the Canadian Debtors or third parties from the D&O Policy proceeds, (ii) regarding the ownership of, or rights of individuals to receive payments from, the D&O Policy or any trusts established for the benefit of Nortel directors and officers, including without limitation the D&O Trust, (iii) regarding whether specific claims are covered by the D&O Policy or any such trust, (iv) regarding the potential for exhaustion of the D&O Policy, or (v) that could be construed to constitute an admission or concession of the U.S. Debtors with respect to any issue raised in or relating to any claim that has been or may be filed by Chartis (or any predecessor or successor in interest) against the U.S. Debtors.

*[Remainder of Page Intentionally Left Blank]*

6

Dated:  May 25, 2012
    Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Chad A. Fights*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Chad A. Fights (No. 5006)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*