**EXHIBIT B**

EXECUTION COPY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------- X
:
Nortel Networks Inc., :
:
:
Plaintiff, : Adv. Proc. No. 11-50203 (KG)
:
v. :
:
Thomas & Betts Manufacturing, Inc. a/k/a :
Thomas & Betts Fabrication Inc., d/b/a its GFI :
Division, :
:
Defendant. :
----------------------------------------------------------X

**STIPULATION OF SETTLEMENT BY AND BETWEEN NORTEL
NETWORKS INC.AND THOMAS & BETTS MANUFACTURING, INC.
A/K/A THOMAS & BETTS FABRICATION INC., D/B/A ITS GFI DIVISION**

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel

Networks Inc. ("NNI" or "Plaintiff") as one of the above-captioned debtors and debtors in

possession (collectively the "Debtors") and Thomas & Betts Manufacturing, Inc. a/k/a Thomas

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

& Betts Fabrication Inc., d/b/a its GFI Division ("Defendant", and together with Plaintiff, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about September 25, 2009, Defendant timely filed general unsecured proof of claim number 3830 against NNI in the amount of $1,050,439.37 in connection with its delivery of goods to NNI, ("Claim No. 3830"); and

WHEREAS, on or about September 25, 2009, Defendant timely filed administrative claim number 3834 against NNI in the amount of $40,951.30 in connection with its delivery of goods to NNI; and

WHEREAS, on June 7, 2011 the Court entered an order granting Debtors' Motion to Deem Satisfied [Main D.I. 5625] whereby Defendant's claim number 3834 against NNI was reduced from $40,951.30 to $35,162.30 and deemed an allowed administrative claim in the amount of $35,162.30 (the "Administrative Claim"); and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or

for the benefit of Defendant in the aggregate amount of $5,466,378.15 (the "Subject Transfers"); and

WHEREAS, on January 14, 2011, Plaintiff instituted an Adversary Proceeding, Adv. Proc. No. 11-50203 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which they sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

WHEREAS, on April 15, 2011, Defendant filed an Answer to the Complaint [Adv. D.I. 8] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claim Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 11-50203) are in the form "Adv. D.I. __."

3

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding and the Claims on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Settlement Consideration/Defendant's Proofs of Claim</u>. The Parties hereby stipulate that, as of the Effective Date of this Stipulation, (as defined below), Claim No. 3830 shall be reduced from $1,050,439.37 to $925,439.37 and shall be deemed an allowed general unsecured claim by Defendant against NNI in the amount of $925,439.37 and shall not be subject to further objection, disallowance, reduction, subordination, offset, avoidance or expungement (the "<u>Allowed Amount</u>"). Except as provided for under Defendant's Administrative Claim, the allowance of Claim No. 3830 in the Allowed Amount herein shall be granted in full satisfaction of any and all claims that have been or could have been asserted in Claim 3830 and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court with respect to Defendant. Except for Defendant's Administrative Claim and the Allowed Amount, Defendant shall not have any further claims against the Debtors based on the Debtors' schedules or otherwise that could have been raised or asserted prior to the date of this Stipulation. For purposes of clarity, the Administrative Claim shall also not be subject to any further objection, disallowance, reduction, subordination, offset, avoidance or expungement.

2.  <u>Resolution of the Avoidance Claim</u>. Pursuant to the Avoidance Claims Settlement Procedures Order, upon the Effective Date (defined below), this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases or in any subsequent or converted Chapter 7 case. Within five (5) business days after the entry of the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (as defined below) (the "<u>Effective Date</u>"), Plaintiff will file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding. The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

3.  <u>Release of Plaintiff</u>. Upon the Effective Date of this Stipulation, Defendant hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent,

liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, Claim 3830 in excess of the Allowed Amount, and any transaction described or referred to in the Complaint or in Claim 3830 (in excess of the Allowed Amount). For the avoidance of doubt, Defendant releases any and all claims arising under § 502(h) of the Bankruptcy Code. For the further avoidance of doubt, nothing in this Stipulation shall release (i) NNI, its estate or their successors and assigns from their obligations to Defendant pursuant to Defendant's Administrative Claim, or the Allowed Amount. Notwithstanding anything to the contrary herein, nothing herein shall release any claims Defendant may have in the Canadian and/or European Nortel bankruptcy or insolvency proceedings.

        4.     <u>Release of Defendant</u>. Upon the Effective Date of this Stipulation, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of its predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, Claim 3830 (in excess of the Allowed Amount) and any transaction described or referred to in the Complaint, in Claim 3830 or the Administrative Claim (except as provided herein).

5. <u>No Further Claims</u>. Upon the Effective Date of this Stipulation, Defendant shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases that could have been raised or asserted prior to the date of this Stipulation.

6. <u>No Transfer</u>. Defendant represents that it has not sold, assigned or otherwise transferred Claim 3830 or any of the claims being released pursuant to this Stipulation to a third party. As of the Effective Date of this Stipulation, nothing in this Stipulation shall act as a restriction of Defendant's right to sell, convey, hypothecate or otherwise transfer title to Claim No. 3830 or the Administrative Claim.

7. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation, including, without limitation, identifying Defendant as holding an allowed general unsecured claim in the amount of $925,439.37 against NNI under Claim No. 3830.

8. <u>Effectiveness</u>. Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases or in any subsequent or converted Chapter 7 case.

9. <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

10. <u>Confidentiality</u>. The Parties agree to keep confidential and not to disclose (and shall use their reasonable best efforts to cause their officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the fact of this stipulation, and any of the terms of this Stipulation or the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except: (a) as required by law or by any court, administrative or legislative body; (b) as to any person or entity to whom the disclosure of such information would be required or reasonably necessary in the course of either Party's businesses, such as, by way of example only, their financial institutions, financial advisors, or auditors; (c) as required by the Settlement Procedures Order; or (d) in connection with efforts to enforce the terms of this Stipulation.

11. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

12. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim or the Claims.

13. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding and the Claims, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

14. <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

15. <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

*[Signatures on following page.]*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: May _10_, 2012

Nortel Networks Inc.

By:_____
John Ray
Principal Officer

Thomas & Betts Manufacturing, Inc. a/k/a
Thomas & Betts Fabrication Inc., d/b/a its GFI Division

By: _/s/ Vince Pesce_____
Name: VINCE PESCE
Title: Vice-President - Finance

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: May ___, 2012

| Nortel Networks Inc. | Thomas & Betts Manufacturing, Inc. a/k/a Thomas & Betts Fabrication Inc., d/b/a its GFI Division |
|---|---|
| By: *(signed)* <br> John Ray <br> Principal Officer | By: _____ <br> Name: <br> Title: |