**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
In re :
:
Nortel Networks Inc., et al.,[1] :
: Bankr. Case No. 09-10138 (KG)
:
Debtors. :
: (Jointly Administered)
:
------------------------------------------------------------X
:
Nortel Networks Inc., :
:
Plaintiff, :
: Adv. Pro. No. 11-50195 (KG)
v. :
:
SCI Brockville Corp. d/b/a BreconRidge :
Corporation, :
:
Defendant. :
:
------------------------------------------------------------X

STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS
BY AND BETWEEN NORTEL NETWORKS INC. AND
SCI BROCKVILLE CORP. d/b/a BRECONRIDGE CORPORATION

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel

Networks Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession

---

[1] The Debtors in the Chapter 11 cases are: Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

(collectively, the "Debtors") and SCI Brockville Corp. d/b/a BreconRidge Corporation ("Defendant", and together with Plaintiff, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09- 10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $9,729,837.88 (the "Subject Transfers"); and

WHEREAS, on January 12, 2011 Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 11-50195 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. ___." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 11-50195) are in the form "Adv. D.I. ___."

2

WHEREAS, on July 6, 2011, Defendant filed an Answer to the Complaint [Adv. D.I. 15] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "<u>Settlement Procedures Order</u>"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [D.I. 4211]; and

WHEREAS, since the Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein (the "<u>Settlement</u>"); and

WHEREAS, the Debtors have discussed the Settlement contained herein with the Official Committee of Unsecured Creditors.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Resolution of the Avoidance Claim</u>. Within five (5) business days after the Bankruptcy Court order approving this Stipulation and the settlement reflected herein, pursuant to Bankruptcy Rule 9019, becoming final a Final Order (as defined below) (the "<u>Effective Date</u>"), Defendant shall pay to Plaintiff the sum of $20,000.00 (the "<u>Settlement Amount</u>"), in full and final settlement and satisfaction of the Avoidance Claim, by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel# 302-325-6047), Lockbox Operations, 3rd Floor, 8430 W. Bryn Mawr Avenue, Chicago, IL 60631, a check in the Settlement Amount, payable to "Nortel

3

Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "Settlement Payment"). The first date on which all of the following shall have occurred shall hereafter be referred to as the "Settlement Date": (i) Plaintiff shall have received the Settlement Payment; (ii) the Settlement Payment clears; and (iii) the Settlement Payment is collected. The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken.

2. Release of Plaintiff. Effective upon the Settlement Date, Defendant hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding. For

the avoidance of doubt, Defendant releases any and all claims arising under section 502(h) of the Bankruptcy Code. For the further avoidance of doubt, the release contained herein does not apply and shall not effect in any way the claims, if any, filed or scheduled in these bankruptcy cases by Defendant and any parent, subsidiary or other affiliate of Defendant. For the further avoidance of doubt, Plaintiff does not release, and expressly preserves, any and all applicable defenses and/or grounds for objection to any claims filed or scheduled in these bankruptcy cases by Defendant and any parent, subsidiary or other affiliate of Defendant.

3. <u>Release of Defendant</u>. Effective upon the Settlement Date, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding.

4. <u>Dismissal of the Adversary Proceeding</u>. Promptly following the Settlement Date, Plaintiff will file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding. Defendant will cooperate fully in executing the stipulation of dismissal in a timely manner.

5. **Effectiveness**. Pursuant to the Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

6. **Applicable Law**. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

7. **Confidentiality**. Except those disclosures required by Defendant to its predecessors, successors and assigns in facilitating the payment of the Settlement Amount, each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

8. **Entire Agreement**. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

9. **No Admissions**. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

10. **Costs and Expenses**. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the

Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

11. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

12. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

13. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

14. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: June ___, 2012

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

SCI Brockville Corp. d/b/a
BreconRidge Corporation

By: _____
Christopher Sadeghian
Corporate Secretary

7