IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
: 
*In re* : Chapter 11
 :
Nortel Networks Inc., *et al.*, : Case No. 09-10138 (KG)
 :
                            Debtors.[1] : Jointly Administered
 :
 : **Hearing date: June 21, 2012 at 10:00 am (ET)**
 :
------------------------------------------------------------ X **RE: D.I. 7660, 7800**

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC, ET AL. TO THE DEBTORS' OPPOSITION TO GENBAND US LLC'S MOTION FOR DISCOVERY PURSUANT TO RULE 2004

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby joins (the "Joinder") in the *Debtors' Opposition to GENBAND US LLC's Motion for Discovery Pursuant to Rule 2004* [ECF No. 7800] (the "Debtors' Objection'), and requests that this Court deny the relief requested in the *Motion of GENBAND US LLC for Leave to Conduct* Discovery *Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1* [ECF No. 7660] (the "2004 Motion"). In support of the Joinder, the Committee respectfully submits as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

## PRELIMINARY STATEMENT

1.      Nearly eight months after this Court approved a settlement of Nortel's disputes with Communications Test Design Inc. ("CTDI"), GENBAND US, LLC ("GENBAND") now seeks discovery as to whether they are entitled to the proceeds of such settlement. GENBAND's request is untimely, burdensome, and inappropriate. Moreover, the 2004 Motion is merely an attempt by GENBAND to extract additional value from a liquidating debtor estate to which it is clearly not entitled under the CVAS Sale Agreement (as defined below). Accordingly, the 2004 Motion should be denied.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On that same day, the Debtors' ultimate corporate parent, Nortel Networks Corporation ("NNC"), together with Nortel Networks Limited ("NNL" and, together with NNC and their affiliates, including the Debtors, "Nortel") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") filed an application with the Ontario Superior Court of Justice (the "Canadian Court" and, together with the Bankruptcy Court, the "Courts") for a plan of compromise or arrangement. The Canadian Court appointed Ernst & Young Inc. as "Monitor."

3.      On January 22, 2009, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of

2

RLF1 6100873v. 1

New York Mellon, as indenture trustee. No trustee or examiner has been appointed in these chapter 11 cases.

*The CVAS Sale*

4. Earlier in these chapter 11 cases, GENBAND purchased Nortel's Carrier Voice Over IP and Applications Solutions Business (the "CVAS Business") pursuant to, among other agreements, that certain Asset Sale Agreement, dated December 22, 2009, by and among GENBAND, NNC, NNL, NNI and certain other sellers (as amended, the "CVAS Sale Agreement"). On March 4, 2010, following a joint hearing with the Canadian Court, the Bankruptcy Court entered an order (the "CVAS Sale Order") granting final approval of the sale of the CVAS Business to GENBAND (the "CVAS Sale") and the CVAS Sale Agreement. The Canadian Court entered a substantially similar order on that same date. The parties consummated the CVAS Sale on May 28, 2010.

5. Pursuant to the CVAS Sale Agreement, the assets purchased by GENBAND included, among other things, all "income, royalties, damages and payments due or payable after the Closing Date" relating to certain intellectual property (the "Transferred Intellectual Property") and the right to sue and recover damages, other compensation or equitable relief for past, present or future infringements, dilutions, misappropriations of such Transferred Intellectual Property.

*The CTDI Settlement*

6. On September 21, 2010, the Debtors and the Canadian Debtors commenced adversary proceedings against CTDI (the "CTDI Adversary Proceeding"). *See* Complaint, *Nortel Networks Inc v. Communications Test Design Inc.*, Ad. Proc. 10-53065, [ECF No. 1]; Complaint, *Nortel Networks Ltd. v Communications Test Design Inc.*, Ad. Proc. 10-53066, [ECF

3

No. 1] (as amended, collectively the "Complaints"). By the Complaints, Nortel asserted claims for misappropriation of trade secrets, trademark infringement, trademark dilution, false designation of origin, fraud, breach of contract, breach of implied duty of good faith and fair dealing and unjust enrichment based on CTDI's alleged unauthorized use of Nortel's intellectual property by improperly manufacturing and selling Nortel telephone sets and circuit packs.

7.   Following a mediation at which the parties reached agreement in principle on the terms of a settlement, on September 28, 2011, the Debtors filed the *Debtors' Motion for Entry of an Order Approving (I) Settlement Agreement Among Nortel Parties and Communications Test Design, Inc. and (II) Related Side Agreement Among Nortel Parties* (the "CTDI Settlement Motion"), pursuant to which the Debtors requested approval of, among other things, that certain Stipulation and Settlement Agreement, dated September 26, 2011, by and among NNC, NNL, NNI and CTDI (the "CTDI Settlement Agreement"). Pursuant to the CTDI Settlement Agreement, Nortel released the claims it asserted against CTDI in the CTDI Adversary Proceeding in exchange for, among other things, a certain settlement payment (the "Settlement Payment") to be made to NNI and NNL, and mutual releases. On October 17, 2011, this Court entered an order approving the CTDI Settlement Agreement [ECF No. 6626]. No objections, including from GENBAND, were filed to the CTDI Settlement Motion.

*The 2004 Motion*

8.   On May 18, 2012, GENBAND filed the 2004 Motion, pursuant to which GENBAND seeks production of documents from Nortel and the examination of witnesses in order to determine whether the claims and causes of action asserted by Nortel in the CTDI Adversary Proceeding and settled pursuant to the CTDI Settlement Agreement related to certain

Transferred Intellectual Property or any other assets sold to GENBAND pursuant to the CVAS Sale Agreement.

9. On June 6, 2012, the Debtors filed the Debtors' Objection, arguing that the 2004 Motion should be denied because, among other things: (i) the motion is inappropriate and untimely in light of the nearly eight months that have passed since this Court's approval of the CTDI Settlement Agreement; (ii) GENBAND no longer has standing to pursue the 2004 Motion in light of the fact that it has sold its claims against the Debtors and is not a party in interest; and (iii) GENBAND has no interest in the Settlement Payment or any proceeds of the CTDI Settlement Agreement as GENBAND has no such entitlement under the CVAS Sale Agreement.

10. On June 6, 2012, the Canadian Debtors filed a joinder to the Debtors' Objection, in which they joined the Debtors' request to deny the 2004 Motion and reserved their rights to seek a joint hearing of the U.S. and Canadian Courts in the event GENBAND seeks similar relief in the Canadian proceedings.

## **THE COMMITTEE'S JOINDER**

11. Based on the facts available to the Committee, the Committee agrees with the arguments set forth in the Debtors' Objection and, accordingly, files this Joinder in support thereof.

12. The Committee supports the Debtors' position that the request for documents and depositions with respect to the CTDI Settlement Agreement nearly eight months after this Court entered an order approving such settlement is dilatory, overly burdensome, and an improper attempt to reopen an order of this Court. As the Debtors state, GENBAND was given appropriate notice of the CTDI Settlement Motion and failed to object thereto. GENBAND's request for a substantial and overbroad production of documents and depositions from a

liquidating debtor entity that has little in the way of remaining personnel resources (which resources are appropriately focused on the wind down of NNI's businesses) is unreasonable and should be denied by this Court.

13. Further, the Committee supports the Debtors' argument that the 2004 Motion is inappropriate because GENBAND has no claim to the proceeds of the CTDI Settlement Agreement. Specifically, GENBAND has no entitlement to the proceeds of the settlement because (i) the causes of action asserted in the CTDI Adversary Proceeding are not the types of causes of action transferred to GENBAND in the CVAS Sale and (ii) the technology at issue in the CTDI Adversary Proceeding was not exclusively used in the CVAS business as required by the definition of "Transferred Intellectual Property" under the CVAS Sale Agreement.

## CONCLUSION

For all of the foregoing reasons, the Committee respectfully requests that the Court (a) deny the relief requested in the 2004 Motion, and (b) grant the Committee such other and further relief as the Court deems just, proper and equitable

RLF1 6100873v. 1

Dated: June 12, 2012
       Wilmington, Delaware

Respectfully submitted,

By: _____
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel.: (302) 651-7700

and

Fred S. Hodara (*pro hac vice*)
David H. Botter (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1000
Co-counsel to the Committee