# EXHIBIT J

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON
MOSCOW · FRANKFURT · COLOGNE · ROME · MILAN
HONG KONG · BEIJING · BUENOS AIRES · SÃO PAULO

Writer's Direct Dial: +1 212 225 2264
E-Mail: jbromley@cgsh.com

LESLIE B SAMUELS
EVAN A DAVIS
LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
A. RICHARD SUSKO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
WILLIAM F GORIN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
ANDREA G PODOLSKY
JAMES A DUNCAN
STEVEN M LOEB
DONALD A STERN
CRAIG B BROD
SHELDON H ALSTER
WANDA J OLSON
MITCHELL A LOWENTHAL
EDWARD J ROSEN
JOHN PALENBERG
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L FISHER
DAVID L SUGERMAN
HOWARD S ZELBO
DAVID E BRODSKY
MICHAEL R LAZERWITZ
ARTHUR H KOHN
RAYMOND B CHECK

RICHARD J COOPER
JEFFREY S LEWIS
FILIP MOERMAN
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
KRISTOFER W HESS
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA

BENET J O REILLY
DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
CHRISTOPHER P MOORE
JOON H KIM
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
GABRIEL J MESA
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
HUGH C CONROY, JR
KATHLEEN M EMBERGER
WALLACE L LARSON, JR
JAMES D SMALL
AVRAM E LUFT
ELIZABETH LENAS
DANIEL ILAN
CARLO DE VITO PISCICELLI
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
RESIDENT COUNSEL

May 11, 2012

VIA E-MAIL AND FEDEX

Allison Dietz, Esq.
Assistant Attorney General
State of Michigan
3030 West Grand Boulevard
Suite 10-200
Detroit, Michigan 48202

Re: Nortel Networks Inc.
Account No: F042486332

Dear Ms. Dietz:

We write on behalf of Nortel Networks Inc. ("NNI") in its pending proceedings under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). NNI and certain of its advisors, employees and former employees have received the following communications from you and your colleagues at the Michigan Department of Treasury (the "Department"):

- Letter, dated October 17, 2011, from Allison Dietz regarding prompt determination requests submitted by NNI;

- Letter of Inquiry, dated January 17, 2012, from the Department to Allen Stout, current employee of NNI, contending that Mr. Stout may be responsible for $1,718,874.59 (the "Stout Letter of Inquiry");

- Letter, dated February 23, 2012, from Allison Dietz regarding Claim Number 7719 filed by the Department on April 27, 2011 against NNI;

- Notices of Additional Michigan Business Tax Due in the amounts of $1,460,060 for the 2009 tax year and $196,478 for the 2010 tax year, dated March 14, 2012 and March 20, 2012, respectively (together, the "Post-Petition Assessments");

- Letter of Inquiry, dated April 13, 2012, from the Department to Jeffrey Wood, former employee of NNI, contending that Mr. Wood may be responsible for $1,730,873.95 (the "Wood Letter of Inquiry"); and

- Email, dated April 18, 2012, from Allison Dietz regarding resolution of pre-petition and post-petition amounts.

**Prompt Determination Requests for the Post-Petition Assessments**

As an initial matter, we disagree with your characterization of NNI's requests for prompt determination of tax liability under section 505(b)(2) of the Bankruptcy Code with respect to its 2009 and 2010 Michigan Business Tax Returns (the "Prompt Determination Requests").[1] NNI is confident that the Prompt Determination Requests were valid requests for an expedited determination of any additional tax liability with respect to its 2009 and 2010 Michigan Business Tax returns (the "MBT Returns"). The Department failed to comply with the expedited timeline for determination provided in the Bankruptcy Code. Therefore, the Post-Petition Assessments are time-barred.

NNI timely filed the MBT Returns on or about December 17, 2010 for the 2009 tax year and December 7, 2011 for the 2010 tax year. NNI remitted final payment of the tax shown on the 2009 MBT return at the time the return was filed, and paid the entire amount of the tax shown on the 2010 MBT return before the return was filed. In order to obtain an expedited determination of its tax liability and evaluate the impact of any such liability on its estate, NNI submitted the Prompt Determination Requests with each MBT Return. Specifically, NNI attached written statements requesting determination under section 505(b)(2) to both the 2009 and 2010 MBT Returns and also included language invoking section 505(b)(2) on the first page of the 2010 MBT Return.[2]

---

[1] Your letter of October 17, 2011 refers to prior correspondence from the Department regarding other prompt determination requests submitted by NNI. For the avoidance of doubt, NNI disagrees with the characterization of all prompt determination requests submitted with NNI tax returns for the reasons set forth in this letter.

[2] This language read: "This return is being filed by a Debtor or Debtor-in-Possession under Chapter 11, Title 11, United States Code (the "Bankruptcy Code"), pursuant to case number 09-10138 filed in the Bankruptcy Court of the District of Delaware on January 14, 2009. Pursuant to Section 505(b) of the same referenced code, taxpayer requests that you make a Determination of Tax Liability for this return."

As you are aware, section 505(b)(2) of the Bankruptcy Code allows a debtor to request an expedited determination of tax liability incurred after the filing of a bankruptcy petition "by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax . . . ." 11 U.S.C. § 505(b)(2). After a debtor requests a prompt determination, section 505(b)(2) requires that the taxing authority notify the debtor within sixty days that the return has been selected for further examination and complete such examination and notify the debtor of any additional tax due within 180 days after the request. See id. If the taxing authority does not comply with the statutory deadlines, the debtor is discharged from liability for any additional tax upon payment of the tax shown on the return. See, e.g., In re PT-1 Commc'ns, 357 B.R. 217, 221 (Bankr. E.D.N.Y. 2006) ("When the IRS failed to respond within the 60-day statutory period, PT-1, debtor and debtor in possession, was discharged from any further tax liability for the 2002 tax year.").

NNI properly filed its Prompt Determination Requests in accordance with the procedure provided by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Department did not notify NNI that either of the MBT Returns was selected for examination as required by section 505(B)(2)(A)(i). Thus, NNI's tax liability with respect to the 2009 MBT return was discharged on or about February 15, 2011, and NNI's tax liability with respect to the 2010 MBT return was discharged on or about February 5, 2012, sixty days after each return was filed. Notwithstanding such discharge, in March 2012, approximately fifteen months after the Prompt Determination Request submitted with the 2009 MBT return and three months after the Prompt Determination Request submitted with the 2010 MBT return, NNI received the Post-Petition Assessments for additional tax, interest and penalties in connection with the MBT Returns. These Post-Petition Assessments are time-barred as a matter of law under section 505(b)(2).

Furthermore, your characterization of the Prompt Determination Requests as improper requests "for acknowledgment of payments" is puzzling. Prompt determination requests under section 505(b)(2) provide a means for a debtor to determine whether additional tax is due above that reported and paid in connection with a filed return. They are not requests for confirmation of payment. Indeed, NNI knew full well that payment had been made. Simply put, NNI's submission of the Prompt Determination Requests fully comports with the letter of section 505(b) as well as its purpose – to create "a vehicle for . . . debtors in possession to use in obtaining a determination of tax liability for postpetition periods in an expedited manner." 15-TX5 Collier on Bankruptcy ¶ 5.04[1] (16th ed. 2009).

As a result of the filing of the Prompt Determination Requests, the Department had sixty days after the requests to notify NNI that it was conducting an examination of the MBT Returns. 11 U.S.C. § 505(b)(2)(A). The Department did not notify NNI of an examination within either sixty-day period. Therefore, by operation of section 505(b)(2), NNI has been discharged from any and all liability asserted in the Post-Petition Assessments.

### Resolution of Pre-Petition Assessments

We were surprised and disappointed to learn from your most recent email that the Department is unwilling to resolve the pre-petition assessments (as alleged in Claim Number 7719 and in the letters of inquiry sent to Mr. Stout and Mr. Wood, the "Pre-Petition Assessments") without simultaneous resolution of the Post-Petition Assessments.

As outlined above, NNI has been discharged from liability for the Post-Petition Assessments and NNI, as a debtor-in-possession, cannot dilute its estate by making payments to Michigan in respect of claims for which it has no liability. We understand that unless the Post-Petition Assessments are resolved, the Department intends to file a motion for leave to allow an administrative claim in the Bankruptcy Court. We urge you to file that motion as promptly as possible.

### Wood Letter of Inquiry

Despite NNI's ongoing chapter 11 proceedings, the unresolved nature of Claim Number 7719 and the above-referenced settlement discussions, the Department now contends that a third employee of NNI, Mr. Wood, may be liable for $1,730,873.95 in respect of NNI's alleged outstanding liabilities to Michigan. Please accept this letter as notification that NNI disagrees with the assessments against Mr. Wood, Mr. Stout and NNI. If the Department is unwilling to resolve the Pre-Petition Assessments separately from the Post-Petition Assessments, NNI will take all action necessary in front of the Bankruptcy Court to vigorously protect its estate and its directors and officers against the Pre-Petition Assessments.

Notwithstanding the foregoing, NNI remains willing to resolve the Pre-Petition Assessments on the terms previously discussed with you and the Department and looks forward to continuing these discussions.

Very truly yours,

James L. Bromley

cc: D.L. Cushman
Sandy Braun
Allen Stout (via e-mail)
Jeffrey Wood (via e-mail)