IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.*, | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Hearing Date: June 21, 2012 at 10:00 a.m. |
| | ) | |
| | ) | Regarding Docket No. 7660 and 7800 |

**REPLY IN SUPPORT OF MOTION OF GENBAND US LLC
FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2004-1**

GENBAND US LLC, formerly GENBAND Inc. ("GENBAND"), hereby files its reply in support of its Motion For Leave To Conduct Discovery Pursuant To Rule 2004 Of The Federal Rules Of Bankruptcy Procedure And Local Rule 2004-1 (the "Rule 2004 Motion").

On May 18, 2012, GENBAND filed the Rule 2004 Motion seeking authority to take discovery from Nortel Networks, Inc., Nortel Networks Limited and their affiliated companies related to the intellectual property and other assets that formed the basis for the allegations in the consolidated action *Nortel Networks, Inc. and Nortel Networks Limited v. Communications Test Design, Inc.*, Adversary No. 10-53065 (KG) the ("Adversary Proceeding") and the subsequent settlement of the Adversary Proceeding. Since filing the Rule 2004 Motion, GENBAND has agreed to withdraw the motion against Nortel Networks Corporation and certain of its direct and indirect subsidiaries that are in proceedings under Canada's *Company's Creditors Arrangement Act* (collectively, the "Nortel Canada Debtors") and contemporaneously with filing this reply, a supplement to the Rule 2004 Motion will be filed with the Court withdrawing the Rule 2004 Motion as to the Nortel Canada Debtors.

On June 6, 2012, Nortel Networks Inc. and certain of its affiliates (the "Nortel U.S. Debtors") filed their Objection to the Rule 2004 Motion (the "Objection"). Pursuant to the

Objection, the Nortel U.S. Debtors incorrectly assert that GENBAND is not entitled to the discovery it seeks because (i) the discovery is barred by the Court's approval of the Settlement Agreement[1]; (ii) the discovery is outside the scope of Rule 2004; and (iii) GENBAND has no basis for claim against the debtors.

The Objection mischaracterizes the relief GENBAND is seeking and the scope of Rule 2004.

## ARGUMENT

### I. GENBAND'S REQUEST FOR RULE 2004 DISCOVERY IS NOT FORECLOSED BY THE COURT'S APPROVAL OF THE SETTLEMENT AGREEMENT

The Nortel U.S. Debtors mischaracterize GENBAND's request for Rule 2004 discovery as an attempt to reopen and change the Settlement. GENBAND is not requesting discovery from the Nortel U.S. Debtors for purposes of reopening or vacating the Settlement. Instead, GENBAND is investigating whether, as a result of the Adversary Proceeding and Settlement, it has claims against the Debtors or the proceeds of the Settlement to the extent Transferred Intellectual Property or any other assets sold to GENBAND were the basis for the claims against, and ultimate settlement with, CTDI. Such an investigation is not barred by the Court's approval of the Settlement Agreement and will not reopen the Adversary Proceeding or the Settlement.

The Nortel U.S. Debtors attempt to portray *In re Carlton Concrete Corp.*, No. 08-CV-242 (JFB), 2008 WL 443233 (E.D.N.Y. Sept. 26, 2008) as "a case analogous to this one," which it is not. In *Carlton*, the debtor, Carlton Concrete Corporation, was a subcontractor on an apartment complex construction project. Engineered Devices Corporation ("ECD") was a subcontractor of the debtor. When the debtor stopped work on the project, ECD filed a mechanics lien for the

---

[1] Capitalized terms used here but not defined herein shall have the meaning given such terms in the Rule 2004 Motion or the Objection.

2

value of unreturned equipment and materials supplied to the debtor.  After the debtor filed a voluntary chapter 11 petition, it filed an adversary proceeding against the general contractor *and against subcontractors who filed mechanics liens, including ECD*.  The debtor sought to recover unpaid amounts from the general contractor and a determination of the validity and priority of the mechanics liens filed by the subcontractors.  ECD filed an answer to the complaint and asserted a cross-claim against the general contractor to recover the value of the unreturned equipment.  The debtor and the general contractor agreed to a settlement of the debtor's claims against the general contractor.  The proposed order approving the settlement provided that all persons or entities claiming through or under the debtor, including subcontractors like ECD, were enjoined from filing mechanics liens or commencing or continuing any actions against the general contractor and related parties.  The debtor served ECD with the motion to approve the settlement, including a copy of the proposed form of order.  ECD did not object to the settlement and the court signed the order approving the settlement.  Subsequently, ECD filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which is incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure, seeking to vacate the portion of the settlement that enjoined ECD from commencing or continuing claims against the general contractor.  The court concluded that there was no basis for vacating the order approving the settlement because the court found that the proposed order clearly provided that ECD's claims against the general contractor would be enjoined and ECD acknowledged that it simply missed the injunction language in the order.  The *Carlton* case is not analogous to the present matter.  GENBAND was not a party to the Adversary Proceeding like ECD was in *Carlton*.  In addition, neither the Settlement Agreement nor the Court's order approving the Settlement Agreement bars or enjoins claims GENBAND may have against the Nortel U.S. Debtors which may result if they used GENBAND's intellectual property or other assets as a basis for the Adversary Proceeding and

3

Settlement. The Nortel U.S. Debtors also acknowledge that the Settlement Agreement does not release any claims GENBAND may have against CTDI.

Permitting the discovery requested by GENBAND does not risk reopening or disturbing the Settlement. Pursuant to the Settlement Agreement, CTDI paid an undisclosed settlement amount and a portion of proceeds are now part of the Nortel U.S. Debtors' estates. Neither the Settlement Agreement nor the Court's approval of the Settlement Agreement determines how those settlement proceeds will be distributed by the Nortel U.S. Debtors in their bankruptcy cases. The Settlement Agreement and the Court's approval of the Settlement Agreement also does not foreclose claims against the Nortel U.S. Debtors such as the claims GENBAND is investigating.

## II.   GENBAND IS ENTITLED TO RULE 2004 DISCOVERY

The Nortel U.S. Debtors incorrectly assert that GENBAND is not entitled to Rule 2004 discovery because any claim GENBAND may have against the Nortel U.S. Debtors is barred by the Court's approval of the Settlement Agreement. For the reasons stated in Section I of this reply, GENBAND asserts that the Court's approval of the Settlement Agreement does not bar the Rule 2004 discovery being requested by GENBAND.

The Nortel U.S. Debtors are also too restrictive in their view of the scope of the Rule 2004. The Nortel U.S. Debtors appear to assert that Rule 2004 can only be used to discover the existence of assets on behalf of a debtor. To the contrary, the text of Rule 2004 permits broad investigation by parties in interest. Rule 2004(b) provides that the scope of the examination may relate to:

> "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate… In a…case under chapter 11 of the Code . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for

4

purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan."

Fed. R. Bankr. P. 2004(b).

The Nortel U.S. Debtors also have a too narrow view of who is a "party in interest" in a bankruptcy case. Section 1109(b) of the Bankruptcy Code provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. §1109(b). Significantly, "[t]he list of potential parties in interest in §1109(b) is not exclusive. On the contrary, that section 'has been construed to create a broad right of participation in Chapter 11 cases.'" *In re Global Industrial Technologies, Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 n.21 (3d Cir. 2004)). The United States Court of Appeals for the Third Circuit defined a party in interest as someone who "has a sufficient stake in the proceeding so as to require representation." *In re Amatex Corp.*, 755 F.2d 1034 (3d Cir. 1985). Recently, in the *Global Industrial* case, the Third Circuit recognized that the United States Court of Appeals for the Seventh Circuit has described a party in interest as "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *In re Global Industrial*, 645 F.3d at 210 (quoting *In re James Wilson Associates*, 965 F.2d 160, 169 (7th Cir. 1992)). The Third Circuit "adopt[ed] the test set forth by the Seventh Circuit in *James Wilson* as a helpful amplification of our definition in *Amatex*." *Id.* at 210-211.

GENBAND has a legally protectable interest and a sufficient stake in the Nortel U.S. Debtors' bankruptcy cases to be a party in interest for purpose Rule 2004. As a purchaser of assets from the Nortel U.S. Debtors, GENBAND is a party in interest in the bankruptcy case in general and, in particular, for purposes of bringing the Rule 2004 Motion. GENBAND also has

5

a legally protectable interest in the Transferred Intellectual Property and the other assets it purchased in the bankruptcy cases that may have been and could be affected by the Nortel U.S. Debtors' bankruptcy cases.

### III. GENBAND SHOULD BE PERMITTED TO INVESTIGATE WHETHER IT HAS A BASIS FOR CLAIMS AGAINST THE NORTEL U.S. DEBTORS

Pursuant to the Rule 2004 Motion, GENBAND is seeking limited and tailored discovery from the Nortel U.S. Debtors to try to determine if it has the basis for claims against the Nortel U.S. Debtors or the proceeds of the Settlement. The publicly available information (i.e. the complaints filed in the Adversary Proceeding and the Settlement Agreement) do not provide sufficient information for GENBAND to make that determination. In their Objection, the Nortel U.S. Debtors emphatically take the position that GENBAND has no basis for a claim because (i) GENBAND only has an interest in one of the many causes of action brought against CTDI in the Adversary Proceeding; (ii) none of the technology at issue in the Adversary Proceeding would qualify as Transferred Intellectual Property under GENBAND's Sale Agreement; and (iii) even if some of the technology would qualify as Transferred Intellectual Property, the terms of the Sale Agreement excluded the claims brought against CTDI. The Nortel U.S. Debtors may or may not be correct, but GENBAND will not know that unless it is given the discovery requested

by the Rule 2004 Motion and can investigate the claims.

Dated: June 18, 2012

DUANE MORRIS LLP

*/s/ Richard W. Riley*
Michael L. Lastowski (No. 3892)
Richard W. Riley (No. 4052)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-Mail: mlastowski@duanemorris.com
   rwriley@duanmorris.com

*Counsel for GENBAND US LLC*