**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X
                                                     :
                                                     :    Chapter 11
                                                     :
In re                                                :
                                                     :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                       :
                                                     :    Jointly Administered
                    Debtors.                         :
                                                     :    RE: D.I. _____
                                                     :
-----------------------------------------------------X
```

### ORDER (I) AUTHORIZING AND APPROVING THE NON-FILED ENTITY SETTLEMENT AGREEMENT; (II) AUTHORIZING AND APPROVING THE DEBTORS TO TAKE CERTAIN ACTIONS IN CONNECTION THEREWITH; AND (III) GRANTING RELATED RELIEF

Upon the motion dated June 20, 2012 (the "Motion"),² of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 363 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) approving that certain Allocation Settlement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Agreement dated as of June 19, 2012 (the "Non-Filed Entity Settlement Agreement")[3], attached hereto as Exhibit B and entered into by and among (i) Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL") and the other affiliated Canadian entities set forth in Schedule 1 of the Non-Filed Entity Settlement Agreement (the "Canadian Debtors"),[4] (ii) the Debtors, (iii) Nortel Networks UK Limited (In Administration) and the other affiliated European entities set forth in Schedule 3 of the Non-Filed Entity Settlement Agreement (the "EMEA Debtors"), (iv) Nortel Networks (Northern Ireland) Limited (in liquidation) and Nortel Networks Optical Components Limited (in liquidation) (the "EMEA Liquidation Debtors"), (v) NNSA, (vi) certain affiliates of NNC that have not commenced insolvency or creditor protection proceedings as set forth in Schedule 4 of the Non-Filed Entity Settlement Agreement (the "APAC Entities"),[5] (vii) certain affiliates of NNC that have not commenced insolvency or creditor protection proceedings as set forth in Schedule 5 of the Non-Filed Entity Settlement Agreement (the "CALA Entities,"[6] and, together with the APAC Entities, the "Non-Filed Entities"), (viii) certain affiliates of the EMEA Debtors that have not commenced insolvency or creditor protection proceedings as set forth in Schedule 6 of the Non-Filed Entity Settlement Agreement (the "EMEA NFEs"), (ix) the

---

[3]   The description of the Non-Filed Entity Settlement Agreement set forth herein is for informational purposes only. In the event of any discrepancy between the description and the terms of the Non-Filed Entity Settlement Agreement, the terms of the Non-Filed Entity Settlement Agreement shall govern.

[4]   The Canadian Debtors include the following entities: NNC (1001), NNL (1002/1003), Nortel Networks Technology Corporation (1101), Nortel Networks Global Corporation (1104) and Nortel Networks International Corporation (1102).

[5]   The APAC Entities include Nortel Networks (Asia) Limited (7100), Nortel Networks Australia Pty. Limited (6100), Nortel Networks (India) Private Limited (6111), PT Nortel Networks Indonesia (6120), Nortel Networks Japan (Japanese name is Nortel Networks Kabushiki Kaisha)(6130), Nortel Networks Korea Limited (6140), Nortel Networks Malaysia Sdn. Bhd. (6160), Nortel Networks New Zealand Limited (6180), Nortel Networks Singapore Pte Ltd. (6210), Nortel Networks (Thailand) Limited (6220), Nortel Vietnam Limited (6231), Nortel Networks (China) Ltd. (7120), Nortel Networks Telecommunications Equipment (Shanghai) Co., Ltd. (7121), and Nortel Technology Excellence Centre Private Limited (6112).

[6]   The CALA Entities include Nortel Networks de Argentina S.A. (3100), Nortel Networks Chile S.A. (3130), Nortel Networks del Ecuador S.A. (3150), Nortel Networks de Guatemala Ltda. (3160), Nortel Networks de Mexico S.A. (3170), Nortel Networks Peru S.A.C. (3200), Nortel Networks del Uruguay S.A. (3210), Nortel de Mexico, S. De R.L de C.V. (3171), and Nortel Trinidad and Tobago Limited (3280).

Joint Administrators, (x) the NNSA Office Holder, (xi) the Monitor, (xii) certain individuals from Ernst & Young LLP acting as joint liquidators of the EMEA Liquidation Debtors (the "Joint Liquidators"), and (xiii) the Committee (together with the Canadian Debtors, the Debtors, the EMEA Debtors, the EMEA Liquidation Debtors, NNSA, the Non-Filed Entities, the EMEA NFEs, the Joint Administrators, the NNSA Office Holder, the Monitor, and the Joint Liquidators, the "Parties"); (b) resolving certain claims among the Parties and authorizing the Debtors to take all necessary actions to enter into and fulfill their obligations under the Non-Filed Entity Settlement Agreement; and (c) granting such other and further relief as the Court deems just and proper; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Subject to the approval of such Non-Filed Entity Settlement Agreement by the Canadian Court in the Canadian Proceedings with respect to the Canadian Debtors, the Non-Filed Entity Settlement Agreement is approved in its entirety.

3. The Escrow Amendments are approved in their entirety.

4. The Debtors are authorized, but not directed, pursuant to sections 105, 363 and 502 of the Bankruptcy Code and Bankruptcy Rule 9019, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Non-Filed Entity Settlement Agreement, including, without limitation, execution and delivery of the Escrow Amendments and the Payment Instructions.

5. Upon the Escrow Release Effective Date (as defined in the Non-Filed Entity Settlement Agreement), (a) the amounts set out in Appendix C-1 of the Non-Filed Entity Settlement Agreement shall supersede (i) any amounts reflected in the schedules filed by the Debtors in these chapter 11 cases with respect to amounts owed to any Non-Filed Entity, (ii) any proofs of claim that have been or could have been filed by or on behalf of the Non-Filed Entities or any of their predecessors, successors, and assigns, each in such capacities, in these chapter 11 cases, (b) all such schedules and proofs of claim are hereby (i) deemed amended such that they are superseded by the amounts set forth on Appendix C-1 under the heading "Net pre-filing balance as at September 30, 2011," which shall be the only amounts owed by the Debtors with respect to such claims, (ii) deemed (as so amended) allowed in the amounts set forth on Appendix C-1, and otherwise deemed disallowed or rejected, and (iii) deemed partially or wholly satisfied to the extent paid through Net Cash Balance Payments (as defined in the Non-Filed Entity Settlement Agreement) as set forth on Appendix C-1, or to the extent otherwise paid under the Non-Filed Entity Settlement Agreement.

6. The Debtors' claims agent is authorized and empowered to take such actions as may be necessary and appropriate to implement the provisions of the Non-Filed Entity Settlement Agreement and the terms of this Order, including, without limitation, by updating the Debtors' claims registry as described in Paragraph 4 of this Order.

7. The Non-Filed Entity Settlement Agreement may be amended, modified or supplemented, or the provisions thereof waived, in accordance with the terms thereof without further order of this Court or notice thereof to any party in interest in the Debtors' chapter 11 cases; provided, however, that if there is an amendment, modification, supplement or waiver to the Non-Filed Entity Settlement Agreement that has a material and adverse impact on such

Debtor, the Debtor shall provide written notice to the U.S. Trustee and the Committee of any amendment, modification, supplement or waiver.

8. The failure specifically to include any particular provision of the Non-Filed Entity Settlement Agreement in this Order shall not diminish or impair the effectiveness of each provision, it being the intent of the Court that the Non-Filed Entity Settlement Agreement be authorized and approved in its entirety.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, pursuant to Bankruptcy Rules 9014 and 6004(h), (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE