**EXHIBIT A**

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: **RE: D.I.** _____
:
------------------------------------------------------------X

### ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT PROCEDURES TO RESOLVE CLAIMS OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN

Upon the motion dated June 20, 2012 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving settlement procedures by which the Debtors are authorized to resolve claims of beneficiaries ("Beneficiaries") of the Nortel Networks U.S. Deferred Compensation Plan on a voluntary basis, and granting such other and further relief as the Court deems just and proper; and adequate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to settle Deferred Compensation Claims (as defined in the Motion) in accordance with the following Settlement Procedures:

   a. The Debtors will grant each settling Beneficiary, or its transferee, (each, a "Settling Beneficiary") an allowed unsecured claim against the Debtors in the amount of the Settling Beneficiary's nominal account balance in the Trust as of the Petition Date (the "Allowed Claim") in full settlement of all of the Settling Beneficiary's Deferred Compensation Claims (as defined below).

   b. The Allowed Claim shall be granted in full settlement and satisfaction of any and all claims held by the Settling Beneficiary arising from or relating to the Plan, the Trust, and the Trust assets whether or not previously asserted, including without limitation claims related to participation in the Plan, the receipt of payments related to the Plan, the management and administration of the Plan, Trust and Trust assets, and claims arising from or relating to ownership or constructive ownership of any Trust assets (collectively, the "Deferred Compensation Claims").

   c. In exchange for being granted the Allowed Claim, the Settling Beneficiary will release and forever discharge the Debtors, the Canadian Debtors, the Individual Defendants, U.S. Bank, any administrator of the Plan, the compensation committee that functioned as the plan administrator (the "Compensation Committee") and any person who has served on the Compensation Committee at any time (collectively, the "Released Parties"), their respective past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, administrators, liquidators, directors, officers, employees, managers, agents,

attorneys, solicitors and advisors, and each of their predecessors, successors and assigns, from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, whether sounding in law or equity, and in contract, tort or otherwise (collectively, "<u>Released Claims</u>"), that the Settling Beneficiary now has, had, may have had, or hereafter may have against any of the Released Parties concerning or relating to the Deferred Compensation Claims. The Settling Beneficiary covenants forever not to sue or bring any Released Claims against the Released Parties concerning or relating to the Deferred Compensation Claims.

    d. Each Settling Beneficiary or its transferee shall represent that they are the sole owner of the Deferred Compensation Claims sought to be settled and released.

    e. The Debtors reserve the right to withhold all applicable federal, state and local taxes from distributions (if any) that will be made with respect to the Deferred Compensation Claims.

3. The Debtors are authorized, but not directed, and empowered to take such actions as may be necessary and appropriate to implement the Settlement Procedures and the terms of this Order.

4. The Debtors' claims agent is authorized and empowered to take such actions as may be necessary and appropriate to implement the Settlement Procedures and the terms of this Order, including by updating the Debtors' claims registry based on the settlement entered into by the Debtors.

5. Nothing in this Order is intended to limit or otherwise affect the Debtors' authority to settle claims pursuant to prior Orders of this Court.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2012
       Wilmington, Delaware          _____
                                     THE HONORABLE KEVIN GROSS
                                     CHIEF UNITED STATES BANKRUPTCY JUDGE