**EXHIBIT B**

EXECUTION VERSION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
: Chapter 11
: 
*In re*
: 
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]
: 
: 
        Debtors.
: (Jointly Administered)
: 
--------------------------------------------------------- X
: 
Nortel Networks Inc.,
: 
: 
        Plaintiff,
: 
: Adv. Proc. No. 11-52298 (KG)
v.
: 
: 
AudioCodes, Inc.,
: 
: 
and
: 
: 
AudioCodes, Ltd.,
: 
: 
        Defendants.
---------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS AND
RECOUPMENT OF CLAIMS BY AND BETWEEN THE DEBTORS,
<u>AUDIOCODES, INC. AND AUDIOCODES, LTD.</u>**

This stipulation (the "<u>Stipulation</u>") is entered into by and between Plaintiff Nortel

Networks Inc. ("<u>NNI</u>" or "<u>Plaintiff</u>"), the above-captioned debtors and debtors in possession

(collectively with NNI, the "<u>Debtors</u>"), and AudioCodes, Inc. and AudioCodes, Ltd.

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("<u>NN CALA</u>"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

EXECUTION VERSION

(collectively, "AudioCodes" or "Defendants", and together with Plaintiff, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

**Background**

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, also on the Petition Date, the Debtors' ultimate corporate parent, Nortel Networks Corporation, Plaintiff's direct corporate parent Nortel Networks Limited, and certain of their Canadian affiliates (collectively, the "Canadian Debtors") filed an application with the Ontario Superior Court of Justice under the Companies' Creditors Arrangement Act (Canada) (the "Canadian Proceedings"), seeking relief from their creditors;

WHEREAS, also on the Petition Date, the High Court of England and Wales placed 19 of Nortel's European affiliates, (collectively, the "EMEA Debtors"), NNUK, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks,

s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V., into administration under the control of individuals from Ernst & Young LLP (the "EMEA Proceedings") pursuant to the English Insolvency Statute and the European Insolvency Regulation.

**The Claims**

WHEREAS, Plaintiff and Defendants are parties to certain contracts and agreements (collectively, the "Agreements") pursuant to which prepetition and post-petition amounts are owed to and from each Party.  Defendants supplied goods to Plaintiff under a global supply agreement (the "Supply Agreement") and Defendants were customers of Plaintiff in that they contracted with Plaintiff under a separate agreement (the "Testing Agreement")[2] to use Plaintiff's lab space to test new equipment, which they then sold to Plaintiff under the Supply Agreement; and

WHEREAS, Plaintiff has alleged that Defendants have both prepetition and post-petition obligations due to Plaintiff in the aggregate amount of $649,574.00 for testing services provided to Defendants under the Testing Agreement (the "Testing Services") and for discounts on Plaintiff's supply orders under the Supply Agreement that were not properly applied (the "Discounts" and together with the Testing Services, the "AudioCodes Obligations"); and

WHEREAS, on or about September 30, 2009, Defendant AudioCodes, Ltd. filed proof of claim No. 5589 in the amount of $606,770.76 ("Claim 5589" ); and

WHEREAS, Defendants have alleged that Plaintiff has post-petition obligations due to Defendants in the amount of $125,000.00 for development of SRTP/v150 NRE and for an

---

[2] The Supply Agreement and Testing Agreement both constitute "Agreements" as such term is used in this Stipulation.

3

agreed reduction in the Discounts (collectively with the allowable amount of Claim 5589, the "NNI Obligations"); and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [Main D.I. 3953] (the "Prepetition Claims Settlement Procedures Order") authorizing the Debtors, *inter alia*, to settle Proofs of Claim where the Proof of Claim was originally filed in an amount equal to or greater than $500,000 and less than $1,000,000 without further notice or order of the Bankruptcy Court provided the Debtors notify the Notice Parties, defined in the Prepetition Claims Settlement Procedures Order (the "Prepetition Claims Notice Parties"), of a settlement and provided no Prepetition Claims Notice Party objects in writing within ten (10) calendar days of receipt of notice of such settlement (the "Prepetition Claims Notice Period"); and

WHEREAS, representatives of each of the Parties have engaged in a review of their books and records, and have exchanged information in order to reconcile the various accounts receivable owed by and to NNI and Defendants for the periods prior to and after the Petition Date under the Agreements; and

WHEREAS, based on these reviews and discussions, the Parties have reached a compromise to resolve the AudioCodes Obligations and the NNI Obligations; and

WHEREAS, the Parties have agreed to reconcile the AudioCodes Obligations and the NNI Obligations and have agreed to recoup the AudioCodes Obligations for $649,574.00 against NNI's Obligations for $707,024.58 (the "Offset"), which obligations arose out of an integrated transaction, after which Offset Defendants would be left with a general unsecured claim against NNI in the amount of $57,450.58 (the "AudioCodes Net Claim"), and have further agreed that such net claim shall be resolved as part of a resolution of the Avoidance Action.

4

**The Adversary Proceeding**

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendants in the aggregate amount of $3,153,127.90 (the "Subject Transfers"); and

WHEREAS, on May 27, 2011, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 11-52298 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendants, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][3]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim and the NNI Obligations, AudioCodes Obligations and AudioCodes Net Claim have agreed to settle the Adversary Proceeding and the Parties' respective claims and obligations on the terms set forth herein.

---

[3] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 11-52298) are in the form "Adv. D.I. __."

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.  Resolution of The AudioCodes Obligations and the NNI Obligations. Effective upon the Settlement Date, as defined herein, the Parties agree to the Offset and the Debtors withdraw, waive and release the NNI Obligations and Defendants withdraw, waive and release the AudioCodes' Obligations, including, but not limited to the AudioCodes Net Claim.

2.  Resolution of the Avoidance Claim. Within five (5) business days after the entry of the Bankruptcy Court Order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (as defined below) (the "Effective Date"), Defendants shall pay to Plaintiff the sum of $20,000.00 (the "Settlement Amount"), in full and final settlement and satisfaction of the Avoidance Claim, by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel#302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "Settlement Payment"). The first date on which all of the following shall have occurred shall hereafter be referred to as the "Settlement Date": (i) Plaintiff shall have received the Settlement Payment; (ii) the Settlement Payment clears; and (iii) the Settlement Payment is collected. The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the

expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken (i) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken or (ii) withdrawal with prejudice of such appeal.

        3.     <u>Release of the Debtors</u>.  Effective upon the Settlement Date, and except with respect to the obligations created under this Agreement, which obligations are expressly preserved notwithstanding this paragraph 3, Defendants hereby release and forever discharge the Debtors, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendants now have, had, may have had, or hereafter may have against any of the Debtor Releasees from the beginning of the world to the date of this Release, including, without limitation, those regarding any matter relating, directly or indirectly to the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding, and the NNI Obligations, including Claim 5589 and the AudioCodes Net Claim, and the AudioCodes Obligations (collectively, the "<u>Released Obligations</u>").  With respect to the Released Obligations, the Parties intend that this release shall be a general release, subject only to any conditions or exclusions set forth herein, and the inclusion of the foregoing specifically included released matters shall not be construed as detracting from the purposefully general nature of this release.  For the avoidance of doubt, Defendants release any and all claims

7

arising under section 502(h) of the Bankruptcy Code. For the further avoidance of doubt, Defendants do not release any claim that they hold or have asserted against the Canadian Debtors or EMEA Debtors in the Canadian Proceedings or the EMEA Proceedings, respectively.

4. <u>Release of Defendants</u>. Effective upon the Settlement Date, and except with respect to the obligations created under this Agreement, which obligations are expressly preserved notwithstanding this paragraph 4, the Debtors hereby release and forever discharge Defendants, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtors now have, had, may have had, or hereafter may have against any of the Defendant Releasees from the beginning of the world to the date of this Release, including, without limitation, those regarding any matter relating, directly or indirectly to the Released Obligations. With respect to the Released Obligations, the Parties intend that this release shall be a general release, subject only to any conditions or exclusions set forth herein, and the inclusion of the foregoing specifically included released matters shall not be construed as detracting from the purposefully general nature of this release. For the avoidance of doubt, the Debtors do not release, and expressly preserve, any and all rights to amend, supplement or otherwise modify the Schedules and the Claims Register, including Claim 5589, as the Debtors deem necessary or appropriate consistent with this Stipulation, provided, however, that any such amendment, supplement or modification shall only be made to reflect the aforementioned release. For the

further avoidance of doubt, the Debtors do not release any objections, rights or defenses relating to any claim held or asserted by Defendants in the Canadian Proceedings and/or the EMEA Proceedings.

5. <u>Dismissal of the Adversary Proceeding</u>.  Promptly following the Settlement Date, Plaintiff will file with the Bankruptcy Court a notice of dismissal with prejudice of the Adversary Proceeding.

6. <u>Withdrawal of Defendants' Proof of Claim</u>.  Defendants hereby withdraw with prejudice Claim 5589; hereby waive and release the claim set forth therein; and agree that they will not seek to reinstate Claim 5589 or file or otherwise assert any claim against Plaintiff or any other of the Debtors in the Chapter 11 cases based on the same transaction or occurrence as gave rise to the claim set forth in Claim 5589, or that arises out of any prepetition or post-petition liability of any of the Debtors to the Defendants.

7. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

8. <u>Effectiveness</u>.  Pursuant to the Avoidance Claims Settlement Procedures Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

9. <u>Applicable Law</u>.  This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

10. <u>Confidentiality</u>.  Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

11. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

12. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim, the Adversary Proceding, the Subject Transfers, the AudioCodes Obligations, the NNI Obligations, the AudioCodes Net Claim and/or Claim 5589.

13. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

14. <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

EXECUTION VERSION

15. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: June __, 2012

| | |
|---|---|
| Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. | AudioCodes, Inc. and AudioCodes, Ltd.<br><br>By:_____<br>Name:<br>Title: |
| By:_____<br>John Ray<br>Principal Officer | |

11

EXECUTION VERSION

15. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: June ___, 2012

Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc.

By:_____
John Ray
Principal Officer

AudioCodes, Inc. and AudioCodes, Ltd.

By: _____
Name: _____
Title: CFO and VP Finance

11