IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

-------------------------:------------------------

In re:                                                    :           Chapter 11
                                                          :        Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,1                          :
Debtors.                                                  :   MOTION FOR THE ORDER PROMISSORY ESTOPPEL
                                                          : ORDER AUTHORIZING AND APPROVING AND
                                                          :  APPROVING PROCEDURES   FUNDING OR BUYOUT
                                                          : ERICSSON INC. AND TELEFONAKTIEBOLAGET L M
                                                          : ERCISSION AND NORTEL

-----------------------------------------------------------------------------------

MOTION FOR THE ORDER PROMISSORY ESTOPPEL (DETRIMENTAL RELIANCE) AGAINST( REFER TO DOCKET ID 3204)(REFER TO EXHIBIT A) DEBTORS ALL OF THEIR RIGHTS RESERVE WITH RESPECT TO THE RELIEF SOUGHT IN THE MOTION NOTICE OF WITHDRAWAL OF DEBTORS' MOTION AUTHORIZING DEBTORS TO TERMINATE LONG TERM DISABILITY PLANS PARTICIPANT[S] (REF TO DOCKET ID3204].

ALSO MOTION FOR AN ORDER AUTHORIZING AND APPROVING AND APPROVING PROCEDURES FUNDING OR BUYOUT RESOLVE OR OTHERWISE ENFORCE THE PROMISE TO LONG TERM DISABILITY PLANS PARTICIPANT[S] TO STEPHEN PAROSKI SO THAT INJUSTICE CAN BE AVOIDED. ORDER RELIEF OF PAYMENT JUST COMPENSATION FROM THE ERICSSON INC. AND TELEFONAKTIEBOLAGET L M ERCISSION AND NORTEL AS THEY HAVE ENTER INTO ASSETS SALE AGREEMENT DATED AS OF NOVEMBER 24, 2009 ERCISSION AND NORTEL ATTEMPTING CAN'T GET AWAY WITH WHAT THEY COULDN'T DO SEPARATELY AGAINST THE. (LTDP)

## ITRODUCTION 1

The doctrine of PROMISSORY ESTOPPEL (also referred to as detrimental reliance) prevents one party from withdrawing a promise made to a second party if the latter has reasonably relied on that promise and acted upon it to its detriment. Estoppel in its broadest sense is a legal term referring to a series of legal and equitable[1] doctrines that preclude "a person from denying or asserting anything to the contrary of that which has, in contemplation of law, been established as the truth, either by the acts of judicial or legislative officers, or by his own deed, acts, or representations, either express or implied."[2]It is well established that Nortel provide for the

Employees long term disability plans for the Protection of each employee. It is also well established that over 200 employee here in the US rely on the protection to prevent from being a burden to the Families or to their city, state or Country'. Long term disability plans participant[s] have detrimental reliance on Long term disability plans n their Health Plan. They will be unable to purchase Health Care. This is not possible for them to go find the job that will provide this protection ever again. For most of the long term disability plans participant[s]the loss of this protection will detriment will be "substantial".

I read in a blog on line that spoke of this (REFER TO DOCKET ID 3204) Nortel is casting off the Sick and the Dying. A very harsh way to express the reality what almost what Nortel and the Creditors had motion and approve of doing. I do believe that"docket 3257"( Refer to EXHIBIT A) had it place to Force Nortel to withdraw their Motion that Providence of God our Savior Christ Jesus had given me ability to file with the Court and caused Nortel to withdraw.

Thereby the court should sign the Order MOTION FOR THE ORDER PROMISSORY ESTOPPEL (detrimental reliance) AGAINST( REFER TO

DOCKET ID 3204)(refer to exhibit A) DEBTORS ALL OF THEIR RIGHTS RESERVE WITH RESPECT TO THE RELIEF SOUGHT IN THE MOTION NOTICE OF WITHDRAWAL OF DEBTORS' MOTION AUTHORIZING DEBTORS TO TERMINATE LONG TERM DISABILITY PLANS BENEFICIARIES (REF TO DOCKET ID3204].

## 2 INTRODUCTION TO THE COURT PROJECT COPPERHEAD (REFER TO EXHIBIT D)

1. Cynthia Paroski  will show and prove to the court Ercission acting in concert with Nortel .

   Ercission and Nortel attempting can't get away with what they couldn't do separately against the. (LTDB) STEPHEN PAROSKI,     It runs afoul of the "too   clever by half"

Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of

the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d

1369, 1372

Further insights

2. You can do search on Goggle using project copperhead bankruptcy Strange the web site

Ernst & Young will come up. Project%20Copperhead will be use on every file if a part of

Nortel Bankruptcy. Strange Ernst & Young would use Project%20Copperhead to use a

Name of very stealthy snake used for bankruptcy files?

3. No other files has been name after a snake on Ernst & Young website/unless Nortel

Bankruptcy Things that make you wonder a bit and ask Why? Could this be how they

decided to proceed in Stealth? Copperhead is a very hard snake to see they are describe

in Wikipedia,: Like all pit viper scontortrix (copperhead) is generally an ambush predator: it

takes up a promising position and waits for suitable prey to arrive. Am I way off topic

not quite let explore what occur with Asset Sale Agreement By and Among Nortel

Networks Corporation Nortel Networks Limited Nortel Networks And The Other Entities

Identified Herein As Sellers and Telefonaktiebolaget L M Ericsson (Pub) Dated As Of

November 24, 2009

**Short Note 2:** PDF File which store the Sales Assets Agreement( refer to Exhibit D) can be
download on Canada site Ernst & young Nortel restricting site
http://documentcentre.eycan.com/eycm_library/Project%20Copperhead%5CEnglish%5CEricsso
n%20Sale%20Agreement%5CEricsson%20Asset%20Sale%20Agreement%20dated%20Novemb
er%2024,%202009.pdf

4. IN UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION ) CASE NO. 3:12- cv-00210-N  STEPHEN PAROSKI, Plaintiff,

ERICSSON INC. AND TELEFONAKTIEBOLAGET  L M ERICSSON (PUBL), the

Defendants Counsel Andrew M. Gould made me aware of this Order approving the Asset

Sale AGREEMENT  and the  Following SEVEN ERRORS the UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE has made which introduce

the next Introduction

The sales order s were cited and refer to by Defendants Counsel Andrew M. Gould

. IN  UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS DALLAS

DIVISION  ) CASE NO. 3:12- cv-00210-N  STEPHEN PAROSKI, Plaintiff,     v.

ERICSSON INC. AND TELEFONAKTIEBOLAGET  L M ERICSSON (PUBL) by Defendants

Counsel Andrew M. Gould proving that ERICSSON INC. AND TELEFONAKTIEBOLAGET

L M ERICSSON (PUBL) ploy in acting together further proves This ploy to dump workers on

long term disability violates ERISA for the reasons cogently explained in Judge Fletcher's

opinion, plus one more: It runs afoul of the too clever by half" Doctrine. See, e.g., Foster v.

Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third Order of St. Francis v.

Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372 73 (7th Cir.1990)

(Easterbrook, J.). Parties acting in concert can't get away with what they couldn't do separately.

See Maj. Op. at 1023. The lawyers who papered this transaction should have advised against ,

and the clients should  have heeded the warning. One hopes, perhaps in vain, that future lawyers

and clients will know better. EVEN FURTHER was not cited and should have been I do cite

Following the Supreme Court's Following the Supreme Court's

admonition in Inter Modal Rail, 520 U.S. at 515, 117 S.Ct. 1513, we do not read West to permit

two or more companies incident to an asset sale to take joint action that violates the express

terms of the statute.(Refer to Exhibit D) As stated above, Paroski find that section 510 is

violated when an employer selects for presumptive termination and denial of benefits or being

excludes specifically those employees presently On a page 56 asset Sale agreement ( Refer to

Exhibit D ) Section 4.10. Labor and Employee Benefits Matters liabilities of A post

employment medical or life obligations, pension contributions or benefits, Taxes, ERISA

Affiliate Liability, any obligation, liability or expense relating to any employment agreement or

contract,@ Violation of Civil Rights Act of 1991(1991 Act) for Title VII Excluded Employee

Liabilities Section E make very clear that they understood their Violation of ERISA was direct

and intentional demonstrates" that the employer has engaged in intentional discrimination and

has done so "with malice or with reckless indifference to the Paroski and all (LTDB) federally

protected rights which was Ignore by this court and trustee. Even when I brought these to their

attention they were reminded of these court decision and willfully chose to Ignore them. These

orders further more were written against the (LTDB) at a Time when they had No Legal

Representation though they do now it seem that it came at a time after the finalization of these

orders, But these orders can be Changed and will be ; Cynthia Paroski will continue to trust

Trust in the Providence of God our Savior Christ Jesus had given me ability to file with the Court

and caused Nortel to withdraw (docket 3257"( Refer to EXHIBIT A ). Even more thankful that

he let me discover PROJECT COPPERHEAD( above).

INTRODUCTION 3   THE  COURT HAS ERROR (7) SEVEN TIMES  IN ASSEST  SALES

ORDERS ¶ 36.7 Defendants Counsel Andrew M. Gould made me aware of this Order approving

the Asset Sale and the  Errors the Court has made.

1.   1st Error - Sales orders ¶ 36.7 - . Proof of discrimination is direct and UN controverted.

   Direct violation page 14 asset Sale agreement ( Refer to EXHIBIT B)  Section 7.1(a) of

   the Agreement facially discriminates against employees. We find that this conduct

   constitutes discrimination on its face. Violation of Civil Rights Act of 1991(1991 Act)

   for Title VII

   **A. The definition of "Inactive Employees in assets sale agreement from page 14.**

      "Inactive Employees" means Employees on a Seller-approved leave of

      absence who are expected to return and actually return to work within the

      relevant time period set out below; Which goes on to say "for any other

      leave, is expected to return to work and actually returns to work in

      accordance with the terms of such leave but not longer than

      ninety (90) days. If you were not expected to return . You are not classified at all

By Ercission.inc  This would be like a description being said this way All white people  are to be

inactive Employee.  Would this leave to Fact the direct intentional discrimination against all

others races that was not white. Plaintiff Stephen Paroski is correct in the direct intentional

discrimination

      **B This to give appearances all inactive will be given condensations** in offer

         for employment. But the reality is at ninety (90) days Stephen Paroski was

         expected ( demanded to return to work to be consider Inactive  Employee with

         ERICSSON. INC.  (Ericsson entities) ( Refer to Exhibit D Page 14 inactive

compared  IN 7.1.1 C page 93 ) . The Violations ( Count 1 and Count 2

stated above ) by ERICSSON against Stephen Paroski had Occur on

February 24. 2010. They knew the the disable were not to return in 90 or ever

3.  IN 7.1.1 C page 93 )( Refer to Exhibit D Page 14 inactive compared  IN

7.1.1 C page 93 ) . Section 7.3. Excluded Employee Liabilities.

2.  2nd Error of Court Sales orders In Direct Violation of Title 29 U.S.C. ' 1140. Section 510

incorporates the enforcement structure of  ERISA's civil enforcement provision, section

502, which generally provides that civil actions may be brought by "participant[s],"

"beneficiar[ies], fiduciar[ies], and the Secretary of Labor. 29 U.S.C. ' 1132(a). The

purpose of section 510 is to "prevent persons and entities from taking actions which

might cut off or interfere with a participant's ability to collect present or future benefits or

which punish a participant for exercising his or her rights under an employee benefit

plan." Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir.1992); accord Blaw

Knox Ret. Income Plan v. White Consolidated Industries, Inc., 998 F.2d 1185, 1191 (3d

Cir.1993), cert.denied, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). Cite and refer  to

that the Supreme Court stated

in Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510

(1997), the "right that an employer or plan sponsor may enjoy in some circumstances to

unilaterally amend or eliminate its welfare benefit plan does not . . . justify a departure from §

510's plain language." Id. at 515. *FURTHERMORE* St. Francis v. Swedish American Group

Health  was not cited and should have been This ploy to dump workers on long term disability

violates ERISA for the reasons cogently explained in Judge Fletcher's opinion, plus one more: It runs afoul of the too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372 73 (7th Cir.1990) (Easterbrook, J.). Parties acting in concert can't get away with what they couldn't do separately. See Maj. Op. at 1023. The lawyers who papered this transaction should have advised against , and the clients should have heeded the warning. One hopes, perhaps in vain, that future lawyers and clients will know better. EVEN FURTHER was not cited and should have been I do cite  Following the Supreme Court's

admonition in Inter Modal Rail, 520 U.S. at 515, 117 S.Ct. 151

3.   3rd Error- Error-Sales orders In Direct Violation 28 U.S.C. § 157 : US Code - Section 157 Procedure  (5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending. limitations upon a Bankruptcy Court's Subject Matter Jurisdiction Section  1334(b) of  Title 28 provides that the district courts shall have original but not exclusive jurisdiction of  all civil proceedings  arising under title 11 or arising in or related to cases Under title 11."

4.   4th Error Sales orders In Direct Violation In Direct Violation Supreme Court Decision stated in Inter-Modal Rail Employees Court However, as the Supreme  Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510 (1997), the "right that an employer or plan sponsor may enjoy in some circumstances to unilaterally amend or eliminate its welfare

8

benefit plan does not . . . justify a departure from § 510's plain language." Id. at 515.

5. 5th Error  Sales orders In Direct Violation Bankruptcy Court cannot maintain exclusive

jurisdiction over the Defendant Erission.inc. Pursuant to 28 U.S.C. §157(b)(1), a

bankruptcy judge "may hear and determine all...core; BUT As a non-core proceeding,

the Court may hear the present dispute, but it cannot enter a final judgment without the

parties' consent. 28 U.S.C.§ 157(c)(2). Proceedings arising under title 11...and may enter

appropriate orders and judgments, subject to Review [under 28 U.S.C. § 158]." Section

157(b)(2)

6. 6th Error - Sales orders In Direct Violation in that the Permanently Disability on Long

Term Disability participant[s]had no Legal Representation, though they do now!

The Court has it seems to have admitted it Error as they now  provide a Representation

For Long Term Disability participant[s]at this Time; But Not at the Time of the sale

Note: maintains exclusive jurisdiction over the Defendant Ercission.inc
      See Knox v. Sunstar Acceptance Corp see also Aiello v. Providian Financial Corp.

7. 7th Error - Sales orders In Direct Violation of a decision UNITED STATES

COURT OF APPEALS FOR THE NINTH CIRCUIT KOZINSKI, Circuit Judge,

concurring: This ploy to dump workers on long-term disability violates ERISA for the

reasons cogently explained in Judge Fletcher's opinion, plus one more: It runs afoul of the

"too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995)

(Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372-73 (7th Cir.1990) (Easterbrook, J.). Parties acting in concert can't get away with what they couldn't do separately. See Maj. Op. at 1023. The lawyers who papered this transaction should have advised against , and the clients should have heeded the warning. One hopes, perhaps in vain, that future lawyers and clients will know better.

The Sale Order provides, among other things, that the Bankruptcy Court "retains jurisdiction with respect to all matters arising from or related to the implementation of this Order." Sale Order, ¶ 36.7   It further states the following:

Purchaser [Ericsson] shall not be liable for any claims against, and Liabilities and Obligations of,   the Debtors or any of the Debtors' predecessors or affiliates.

***

(a) [Ericsson] shall have no liability or obligation to pay wages, bonuses, severance pay, benefits (including, without limitation, contributions or payments on account of any under-funding with respect to any pension plans) or make any other payment to employees of the Debtors,

***

(b) [Ericsson] shall have no liability or obligation in respect of any employee pension plan, employee health plan, employee retention program, employee incentive program or any other similar agreement, plan or program to which any Debtors are a party (including, without limitation, liabilities or obligations arising from or related to the rejection or other termination of any such plan, program agreement or benefit),

***

(c) [Ericsson] shall in no way be deemed a party to or assignee of any such employee benefit, agreement, plan or program, and

Nortel state was, was withdrawn by Nortel. Id. at Ex. C. however Note the last sentence

10

of that motion But they state "they reserved the right to terminate Long Act) of Title VII

cases where the employee "shows" that the employer conducts intentional Discrimination

and has done so "with malice or reckless indifference to The Inactive Permanently

Disable on Long Term Disability.
***

Conclusion:

The court has error in Sales orders ¶ 36.7  because they did not consider LESSARD,

Plaintiff  Appellant, v. APPLIED RISK MANAGEMENT; MMI BETTY B. FLETCHER,

Circuit Judge.   Concluded ) question that remains is the extent of each defendant's liability.

Ordinarily "a  corporation which purchases the assets of another corporation does not

thereby become liable for  the selling corporation's obligations." Harry G. Henn & John R.

Alexander, Laws of  Corporations 967 (3d ed.1983).

However, courts make exceptions for corporate mergers fraudulently executed to avoid

the predecessor's liabilities, id., or for transactions where the purchaser has specified

which liabilities it intends to assume, see Chaveriat v. Williams Pipe Line Co., 11 F.3d

1420, 1425 (7th Cir.1993) docket 3257 had before reference the court to this court case"(

 (Refer  to    EXHIBIT A)

2nd Error of the court   Violation of  Title VII and or Ersia 510  is they have allowed In addition

the court has Error The Inactive Permanently Disable on Long Term Disability include. They are

and were intentional left out; the definition of "Inactive Employees in assets sale agreement from

page 21 is below "Inactive Employees" means Employees on a Seller-approved leave of absence

who are expected to return and actually return to work within the relevant time period set

out below. An Employee shall be an Inactive Employee for purposes hereof only if such

individual is absent as a result of military service, pregnancy or parental leave, disability

leave, medical leave, jury duty or any leave provided under applicable Law and, in the

case of leaves provided under applicable Law, is expected to return to work and actually

returns to work in the time permitted for such leave under applicable Law and, for any

other leave, is expected to return to work and actually returns to work in accordance with

the terms of such leave but not longer than ninety (90) days (or, if such Employee is located in

Canada, six (6) months) following the Closing Date. Note- at the start who are expected to return

and actually return to work within the relevant time period set out below(.ninety (90) days) The

Inactive Permanently Disable on Long Term disability would not be include and  discrimination

claim, whether it is brought under Title VII or the ADA, does not fails as a matter of law and is

proven.

The Inactive Permanently Disable on Long Term Disability were never included in this group

and would not have Been consider in this group as it is not possible for Plaintiff Paroski to ever

return to work in ninety days or ever. The definition of "Inactive Employees in assets sale

agreement from page 21. Paroski contentions that Ericsson and Nortel (a) violated "Title VII of

the Civil Rights Act of 1991" 4 (Cmplt. p. 1), and (b) interfered with Plaintiff's rights under he

\
Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1140 a. matter jurisdiction in

light of Nortel's pending bankruptcy and the Bankruptcy Court's Order approving the Asset

Sale.  This courts Error further by stating "Bankruptcy Court, makes clear that the

Bankruptcy Court maintains exclusive jurisdiction".

    1. This Court does lack the subject exclusive matter jurisdiction.


    2. Bankruptcy Court cannot maintains exclusive jurisdiction over the Defendant
       Ercission.inc

3.28 U.S.C. § 157 : US Code – Section 157 Limitations upon a Bankruptcy Court's Subject Matter Jurisdiction Section 1334(b) of Title 28 provides that "the district courts shall have original but not Exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases Under title 11."

4. Pursuant to 28 U.S.C. §157(b)(1), a bankruptcy judge "may hear and determine all...core Proceedings arising under title 11...and may enter appropriate orders and judgments, subject to Review [under 28 U.S.C. § 158]." Section 157(b)(2) has no bearing of the count 1 and count 2 that can not be consider "core proceedings." Of a bankruptcy judge under title 11 "may hear and determine.

5. Bankruptcy Court cannot maintain exclusive jurisdiction over the Defendant Erission.inc. Bankruptcy Court cannot maintains exclusive jurisdiction of the count 1 and count 2 charged against Defendant Ercission.inc

6. Bankruptcy Court cannot maintains exclusive jurisdiction over the Defendant Ercission.inc See Knox v. Sunstar Acceptance Corp see also Aiello v. Providian Financial Corp.

Prayer to the Court that the the court will sign the order promissory estoppel (detrimental reliance) against( refer to docket id 3204)(refer to exhibit a) Nortel debtors all of their rights reserve with respect to the relief sought in the motion notice of withdrawal of debtors' motion authorizing debtors to terminate long term disability plans beneficiaries (ref to docket id3204]. Also motion for an order to be signed authorizing and approving and approving procedures Mediation between Nortel the Debtors and ERICSSON INC. AND TLEFONAKTIEBOLAGET L M ERICSSON (PUBL) and ERICSSON INC. AND TELEFONAKTIEBOLAGET  L M

ERICSSON (PUBL) and Cynthia Paroski and ...Other interested parities? Funding or negotiate a Buyout ( one time Payment) to resolve or otherwise enforce the promise to long term disability plans participant[s] (s) Stephen Paroski ..and Other interested parities? So that injustice can be avoided. Thereby saving the courts time and money in righteous appeals that will be most certainly be Pursue to the primary appellate courts are the U.S. courts of appeals and the U.S. Supreme Court.Supreme court if necessary to right this wrong application of Justice.

Wherefore, the long term disability plans participant[s] (s)? Cynthia Paroski/Stephen Paroski respectfully request that the orders Attached to the motions be entered at the earliest convenience of the court. Dated: June 14 , 2012

**Case that has been file and is ongoing below UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS DALLAS DIVISION, case No. 3:12- cv-00210-N Plaintiff, STEPHEN PAROSKI v. ERICSSON INC. AND TELEFONAKTIEBOLAGET L M ERICSSON (PUBL), Defendants.**

**Plaintiff, STEPHEN PAROSKI (Paroski) Response to Defendants ERICSSON INC. AND TELEFONAKTIEBOLAGET ERICSSON**

I.    INTRODUCTION

Defendants  Andrew M. Gould States in his opening Introduction

Plaintiff Stephen Paroski, an individual who has never worked for Ericsson or even sought employment with it, yes Stephen Paroski  claims Ericsson discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (and/or the Americans With Disabilities Act), and interfered with his right to long-term disability benefits in violation of Section 510 of the Employee Retirement Income Security Act, when it acquired parts of Nortel's Carrier Networks division relating to GSM technology in 2009.

Ericsson did indeed engaged in actionable conduct excluding Liabilities of A postemployment medical or life obligations, pension contributions or benefits, Taxes, ERISA Affiliate Liability, any obligation, liability or expense relating to any employment agreement or contract. Ercission in the assets sale agreement are attempting what they cannot get away with what they couldn't do separately against the (LTDB). Plaintiff STEPHEN PAROSKI, It runs afoul of the "too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372. 510 (1997) I do now cite that the Supreme Court stated in Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510 (1997), the "right that an employer or plan sponsor may enjoy in some circumstances to unilaterally amend or eliminate its welfare benefit plan does not . . . justify a departure from § 510's plain language." Id. at 515. *FURTHERMORE* St. Francis v. Swedish American Group Health cite This ploy to dump workers on long term disability violates ERISA for the reasons cogently explained in Judge Fletcher's opinion, plus one more: It runs afoul of the too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372 73 (7th Cir.1990) (Easterbrook, J.). Parties acting in concert can't get away with what they couldn't do separately. See Maj. Op. at 1023. The lawyers who papered this transaction should have advised against , and the clients should have heeded the warning. One hopes, perhaps in vain, that future lawyers and clients will know better. EVEN FURTHER I Following the Supreme Court's admonition in Inter Modal Rail, 520 U.S. at 515, 117 S.Ct. 1513, we do not read West to permit two or more companies incident to an asset sale to take joint action that violates the express terms of the statute.(Refer to Exhibit D) As stated above, Paroski find that section 510 is violated when an employer selects for presumptive termination and denial of benefits or being excludes specifically those employees presently On a page 56 asset Sale agreement ( Refer to Exhibit D ) Section 4.10. Labor and Employee Benefits Matters liabilities

of  A post employment medical or life obligations, pension contributions or  benefits, Taxes,
ERISA Affiliate Liability, any obligation, liability or expense relating to any employment
agreement or contract,@ Violation of Civil Rights Act of 1991(1991 Act) for Title VII(and/or
the Americans With Disabilities Act),  Excluded  Employee  Liabilities Section E make very
clear that they understood their Violation of ERISA was direct and intentional; That
demonstrates" that the employer has engaged in intentional discrimination and has done so with
malice with reckless indifference to the Paroski federally protected rights.

ERICSSON INC. TELEFONAKTIEBOLAGET  LM ERICSSON (PUBL),. (Ericsson entities).  Defendant  has
engaged in intentional discrimination against Plaintiff Stephen Paroski who is a inactive employee that is
Permanent Disability discriminates against all  other inactive employees that are Permanent Disability.
For the purpose of interfering with the attainment of any right to which such Participant may become
entitled.  This ploy to dump workers on long term disability violates ERISA for the reasons cogently
explained in Judge Fletcher's opinion, plus one more: It runs afoul of the too clever by half" Doctrine.
See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995)  (Selya, J.); Sisters of the third Order of St.
Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372 73 (7th Cir.1990)
(Easterbrook, J.).


 Parties acting in concert can't get away with what they couldn't do separately. See Maj. Op. at 1023. he
lawyers who papered this transaction should have advised against , and the clients should  have heeded
the warning. One hopes, perhaps in vain, that future lawyers and clients will  know better.


Defendants Counsel Andrew M. Gould has proven Ercission in the assets sale agreement are
Attempting what they cannot get away with what they couldn't do separately against the (LTDB)
Plaintiff STEPHEN PAROSKI.  It runs afoul of the "too   clever by half" Doctrine Foster v. Dalton, 71 F.3d
52, 56 (1st Cir. 1995). He attempts to use sales Order approving the Asset Sale, entered December 2,
2009

by the United States Bankruptcy Court .

## INTRODUCTION 2

## INTRODUCTION TO THE COURT PROJECT COPPERHEAD (REFER TO EXHIBIT D)

1.      Cynthia Paroski  will show and prove to the court Ercission acting in concert with Nortel .

Ercission and Nortel attempting can't get away with what they couldn't do separately against the. (LTDB)

STEPHEN PAROSKI,    It runs afoul of the "too   clever by half" Doctrine. See, e.g., Foster v. Dalton, 71

F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third  Order of St. Francis v. Swedish American Group

Health Benefit Trust, 901 F.2d 1369, 1372

Further insights

2. You can do search on Goggle using project copperhead bankruptcy Strange the web site Ernst &

Young  will come up. Project%20Copperhead will be use on every file if a part of Nortel Bankruptcy.

Strange Ernst & Young would use Project%20Copperhead to use a Name of very stealthy snake used for

bankruptcy files? Asset Sale Agreement By and Among Nortel Networks Corporation Nortel Networks

Limited Nortel Networks And The Other Entities Identified Herein As Sellers and Telefonaktiebolaget

L M Ericsson (Pub) Dated As Of  November 24, 2009.

3. No other files has been name after a snake on Ernst & Young website/unless Nortel  Bankruptcy

Things that make you wonder a bit and ask Why?  Could this be how they decided to proceed in Stealth?

Copperhead is a very hard snake to see they are describe in Wikipedia,:   Like all pit viper scontortrix

(copperhead) is generally an ambush predator: it takes up a promising position and waits for suitable

prey to arrive.  Am I way off topic not quite let explore what occur with  Asset Sale Agreement By and

17

Among Nortel Networks Corporation Nortel Networks Limited Nortel Networks And The Other Entities

Identified Herein As Sellers and Telefonaktiebolaget L M Ericsson (Pub) Dated As Of November 24, 2009

 Short Note 2: PDF File which store the Sales Assets Agreement( refer to Exhibit D) can be download on
Canada site Ernst & young Nortel restricting site
http://documentcentre.eycan.com/eycm_library/Project%20Copperhead%5CEnglish%5CEricsson% 4.
The Plaintiff claim has facial plausibility when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for the misconduct alleged.

### INTRODUCTION 3

## THE IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE HAS COMMITTED  SEVEN ERROR IN ASSEST  SALES ORDERS.

Defendants Counsel  Andrew M. Gould  Falsely  States" First, as a threshold matter, this Court lacks

subject matter jurisdiction in light of Nortel's pending bankruptcy and the Bankruptcy Court's Order

approving the Asset Sale." The entirety of Plaintiff's Complaint concerns the asset sale between Nortel

and Ericsson that was consummated in 2009, and approved by the United States Bankruptcy Court for

the District of Delaware that same year.  Defendants Counsel Andrew  M. Gould  has Error referring to

the Sales orders of truly having  Exclusive jurisdiction.


In Direct Violation 28 U.S.C. § 157 : Procedure  (5) The district court shall order that personal injury tort

and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or

in the district court in the district in which the claim arose, as determined by the district court in which

the bankruptcy case is pending. Limitations upon a Bankruptcy Court's Subject  Matter Jurisdiction

Section 1334(b) of  Title 28 provides that the district courts shall have original but not exclusive

jurisdiction of  all civil proceedings  arising under title 11 or arising in or related to cases Under title 11."


ORDERS ¶ 36.7 Defendants Counsel Andrew M. Gould made me aware of this Order approving the Asset

Sale I read the order;  I Discover  Seven (7) the UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT

OF DELAWARE has made. I will present these Seven (7) Errors UNITED STATES BANKRUPTCY COURT FOR

18

THE DISTRICT OF DELAWARE has made Defendants Counsel Andrew M. Gould made me aware of this Order approving the Asset Sale I read the order I Discover Seven (7) Errors the Court has made and will Present these Errors

1st Error - Sales orders ¶ 36.7 - . The definition of "Inactive Employees Proof of discrimination is direct and UN controverted.   Direct violation page 14 asset Sale agreement ( Refer to EXHIBIT B)  Section 7.1(a) of the Agreement facially discriminates against employees. We find that this conduct

constitutes discrimination on its face. Violation of Civil Rights Act of 1991(1991 Act) for Title VII

A.    The definition of "Inactive Employees in assets sale agreement from page 14.

"Inactive Employees" means Employees on Seller-approved leaves of absence that are expected to return and actually return to work within the relevant time period set out below; Which goes on to say "for any other  leave, is expected to return to work and actually returns to work in accordance with the terms of such leave but not longer than ninety (90) days

B.  But for Stephen Paroski to be an Inactive Employee per description in sub point A he means Employees on a Seller-approved leave of absence that are expected to return and actually return to work within the relevant time period set out below;  expected to return and actually return to work within the relevant time period set out  below; for Employment with  ERICSSON. INC.  (Ericsson entities) ( Refer to Exhibit D Page 14 inactive compared  IN 7.1.1 C page 93 ) . The  Violations ( Count 1 and Count 2 stated above ) by ERICSSON against Stephen Paroski had Occur on February 24. 2010. They knew the the disable would not be able to return to return in 90 days or ever  IN 7.1.1 C page 93 )( Refer to Exhibit D Page 14 inactive compared  IN 7.1.1 C page 93 ) .  Section 7.3. Excluded Employee Liabilities.  The person(s) who was disable was already

2.  2nd Error of Court Sales orders In Direct Violation of Title 29 U.S.C. ' 1140. Section 510
    incorporates the enforcement structure of ERISA's civil enforcement provision, section 502, which
    generally provides that civil actions may be brought by "participant[s]," "beneficiar[ies], fiduciar[ies],
    and the Secretary of Labor. 29 U.S.C. ' 1132(a). The purpose of section 510 is to "prevent persons and
    entities from taking actions which might cut off or interfere with a participant's ability to collect present
    or future benefits or which punish a participant for exercising his or her rights under an employee
    benefit plan." Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir.1992); accord Blaw
    Knox Ret. Income Plan v. White Consolidated Industries, Inc., 998 F.2d 1185, 1191 (3d Cir.1993),
    cert.denied, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).

3.  3rd  Error- Error-Sales orders In Direct Violation 28 U.S.C. § 157 : US Code - Section 157 8 USC
    157 – Procedure 5   (5) The district court shall order that personal Injury tort and wrongful death
    claims shall be tried in the district court in which the bankruptcy case is pending, or in the
    district court in the district in which the claim arose, as determined by the district court in which
    the bankruptcy case is pending. Limitations upon a Bankruptcy Court's Subject  Matter
    Jurisdiction Section 1334(b) of Title 28 provides that the district courts shall have original but
    not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to
    cases Under title 11."

4.  4th Error Sales orders In Direct Violation In Direct Violation Supreme Court Decision
    stated in Inter-Modal Rail Employees Court However, as the Supreme  Ass'n v. Atchison,
    Topeka & Santa Fe Ry. Co., 520 U.S. 510 (1997), the "right that an employer or plan
    sponsor may enjoy in some circumstances to unilaterally amend or eliminate its welfare

20

benefit plan does not . . . justify a departure from § 510's plain language." Id. at 515.

5.    5th Error Sales orders In Direct Violation Bankruptcy Court cannot maintain exclusive

jurisdiction over the Defendant Erission.inc. Pursuant to 28 U.S.C. §157(b)(1), a bankruptcy judge "may

hear and determine all...core;  BUT As a non-core proceeding, the Court may hear the present dispute,
but it cannot enter a final judgment without the parties' consent. 28 U.S.C.§ 157(c)(2). Proceedings
arising under title 11...and may enter appropriate orders and judgments, subject to Review [under 28
U.S.C. § 158]." Section 157(b)(2)

6.    6th Error - Sales orders In Direct Violation in that the Permanently Disability on Long

Term Disability had no Legal Representation at the time. Though they do now!

The Court has it seems to have admitted it Error as they  now  provide a Representation

For Long Term Disability participant[s],at this Time; But Not at the Time of the sale .

7.    7th Error - Sales orders In Direct Violation of a decision UNITED STATES

COURT OF APPEALS FOR THE NINTH CIRCUIT KOZINSKI, Circuit Judge,  concurring: This ploy to dump

workers on long term disability violates ERISA for the  reasons cogently explained in Judge Fletcher's

opinion, plus one more: It runs afoul of the "too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71

F.3d 52, 56 (1st Cir. 1995)  (Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group

Health  Benefit Trust, 901 F.2d 1369, 1372 73 (7th Cir.1990) (Easterbrook, J.). Parties acting in concert

can't get away with what they couldn't do separately. See Maj. Op. at 1023. The lawyers who papered this transaction should have advised against , and the clients should  have heeded the warning. One hopes, perhaps in vain, that future lawyers and clients will     know better.


**4th INTRODUCTION**
**C. Even If the Court Were to Evaluate the Substance of Plaintiff's Claims, Dismissal under Rule 12 Would NOT BE Proper.**

**1. Plaintiff's discrimination claim, whether it is brought under Title VII or the ADA, is Valid as a matter of law.**

Defendants Counsel Andrew M. Gould Falsely States" A plaintiff who claims employment discrimination must timely exhaust administrative remedies before pursuing claims in federal court. *See, e.g.,*42 U.S.C. § 2000e-5(e);*Dao v .Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (upholding dismissal of disability discrimination claim where the plaintiff did not file a disability discrimination charge with the EEOC or with a state or local agency).In Texas, a complainant has up to 300 days from the allegedly unlawful conduct to file an administrative charge or it is barred. *See Subbiah v. Univ. of Tex. at Dallas*, No. 3:10-CV-115-B, 2011 U.S. Dist. LEXIS 50002,*7-8 (N.D. Tex. 2011) *citing Nat'l R.R. Passenger Corp. v. Morgan,*536 U.S. 101, 109 (2002) (additional citations omitted).Hoever Defendants Counsel Andrew M. Gould is wrong in his assumption;


Plaintiff Stephen Paroski Citing the Supreme Court In Occidental Life Insurance Co. v. EEOC, the Supreme Court addresses many of the procedural arguments advanced by employers which have prevented EEOC's lawsuits from going forward. The Court holds that EEOC lawsuits do not have to be filed in court within 180 days after the filing of a charge and that EEOC lawsuits are not subject to state statutes of limitation.

**2. Defendants Counsel Andrew M. Gould Falsely States moreover, no employment discrimination**

could have occurred by Ericsson here, as Plaintiff never alleges that he was employed by, or even

**2.(continued) Defendants Counsel Andrew M. Gould Falsely States Moreover, no employment discrimination**

sought employment by, Ericsson. Indeed, Plaintiff admits that he received no communication from

Nortel or Defendants pertaining to the asset sale, but that the Asset Sale Agreement requires that

offer letters be issued to in-scope active and inactive employees. Cmplt. pp. 5-6.

Defendants Counsel Andrew M. Gould attempt to explain away Plaintiff Stephen Paroski is not now

ever was or consider to be employ by Ercission.inc the defendant is correct Plantiff Stephen Paroski

is  Permanently Disable and is a Long Term Disability beneficiary .

Defendants Counsel Andrew M. Gould has not attempted to explain away or mention Inter-Modal

Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510 (1997) s was not refer

**2.(continued) Defendants Counsel Andrew M. Gould Falsely States Moreover, no employment discrimination**

I do now cite that the Supreme Court stated in Inter-Modal Rail Employees

Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510 (1997), the "right that an employer or

plan sponsor may enjoy in some circumstances to unilaterally amend or eliminate its welfare benefit

plan does not . . . justify a departure from § 510's plain language." Id. at 515.  FURTHERMORE St.

Francis v. Swedish American Group Health  This ploy to dump workers on long term disability

violates ERISA for the reasons cogently explained in Judge Fletcher's opinion, plus one more: It runs

afoul of the too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995)

(Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group Health Benefit Trust,

901 F.2d 1369, 1372 73 (7th Cir.1990) (Easterbrook, J.). Parties acting in concert can't get away with

what they couldn't do separately. See Maj. Op. at 1023. The lawyers who papered this transaction

should have advised against , and the clients should  have heeded the warning. One hopes, perhaps in

vain, that future lawyers and clients will know better. EVEN FURTHER cite   Following the

Supreme Court's admonition in Inter Modal Rail, 520 U.S. at 515, 117 S.Ct. 1513, we do not read

West to permit two or more companies incident to an asset sale to take joint action that violates the

express terms of the statute.(Refer to Exhibit  D) As stated above, Paroski find that section 510 is

violated when an employer selects for presumptive termination and denial of  benefits or being

excludes specifically those employees presently On a page 56 asset Sale agreement ( Refer to Exhibit

24

D ) Section 4.10. Labor and Employee Benefits Matters liabilities of A post employment medical

or life obligations, pension contributions or benefits, Taxes, ERISA Affiliate Liability, any

obligation, liability or expense relating to any employment agreement or contract,@ Violation of

Civil Rights Act of 1991(1991 Act) for Title VII Excluded Employee Liabilities Section E make

very clear that they understood their Violation of ERISA was direct and intentional demonstrates"
**2 (Continued) Defendants Counsel Andrew M. Gould Falsely States Moreover, no employment
discrimination**

. that the employer has engaged in intentional discrimination and has done so "with malice or with

reckless indifference to the Paroski federally protected rights.

This ploy to dump workers on long term disability Violates ERISA for the reasons cogently

explained in Judge Fletcher's opinion, plus one more: It runs afoul of the too clever by half"

Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third

Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372 73 (7th

Cir.1990) (Easterbrook, J.). Parties acting in concert can't get away with what they couldn't do

separately. See Maj. Op. at 1023. The lawyers who papered this transaction should have advised

against , and the clients should have heeded the warning. One hopes, perhaps in vain, that future

lawyers and clients will know better. EVEN FURTHER was not cited and should have been I do cite

Following the Supreme Court's admonition in Inter Modal Rail, 520 U.S. at 515, 117 S.Ct. 151

Permanently Disable on Long Term Disability, They are and were intentional left out; the

definition of "Inactive Employees in assets sale agreement from page 21 (refer to Exhibit D Those on

any Inactive Employees" means Employees on a Seller-approved leave of absence who are

expected to return and actually return to work within the relevant time period set out below. (90

Days) If you were not expected to return in 90 days. You are not classified By Ercission.inc to be an

inactive employee In Direct violation of Title 29 U.S.C. ' 1140. Section 510

25

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

**2.(continued) Defendants Counsel Andrew M. Gould Falsely States Moreover, no employment discrimination**

Following the Supreme Court's admonition in Inter Modal Rail, 520 U.S. at 515, 117 S.Ct. 1513, we do not read West to permit two or more companies incident to an asset sale to take joint action that violates the express terms of the statute. (Refer to Exhibit D) As stated above, Paroski find that section 510 is violated when an employer selects for presumptive termination and denial of benefits or being excludes specifically those employees presently On a page 56 asset Sale agreement ( Refer to Exhibit D ) Section 4.10.  Labor and Employee Benefits Matters. Liabilities of post employment medical or life obligations, pension contributions or  benefits, Taxes, ERISA Affiliate Liability, any obligation, liability or expense relating to any employment agreement or contract,@ Violation of Civil Rights Act of 1991(1991 Act) for Title VII Excluded  Employee However, as the Supreme Court stated in Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510 (1997), the "right that an employer or plan sponsor may enjoy in some circumstances to unilaterally amend or eliminate its welfare benefit plan does not . . . justify a departure from § 510's plain language." Id. at 515.

Unlike the facts in Lessard, there is no evidence that Plaintiff was part of a group of employees who were eligible to join Ericsson and no evidence that anything in the asset sale

Defendants Counsel Andrew M. Gould correctly states Moreover, Ericsson agreed to offer employment to all active and inactive employees of Nortel who worked in the Carrier Networks Division relating to GSM technology (Orig. Cmplt. Ex. D ¶ 7.1), Defendants Counsel Andrew M.

Gould correctly adds; But, apparently, Plaintiff was not in such group and therefore did not receive

an offer. Orig. Cmplt. p. 5. Why was Plaintiff Stephen Paroski not in such group; permanently

Disable on Long Term Disability participant. They are and were intentional left out; the

Definition of "Inactive Employees in assets sale agreement from page 21 (refer to Exhibit D Those

**2.(continued) Defendants Counsel Andrew M. Gould Falsely States Moreover, no employment
discrimination**

on any Inactive  Employees" means Employees on a Seller-approved leave of absence who are

expected to return and actually return to work within the relevant time period set out below.  (90

Days) If you were not expected to return. You are not classified at all By Ercission.inc

This would be like a description being said this way all white people are to be inactive Employee.

Would this leave to Fact the direct intentional discrimination against all others races

that was not white. Plaintiff Stephen Paroski is correct in the direct intentional discrimination

## A.  Count 1

Violation of Civil Rights Act of 1991(1991 Act) for Title VII or ADA demonstrates" that the

employer ERICSSON. INC. (Ericsson entities).  Defendant has engaged in intentional

discrimination against Plaintiff Stephen Paroski who is a ( inactive employee that is Permanent

Disability ) discriminates against all inactive employee that are Permanent Disability  under the

provisions of an employee benefit plan. For the purpose of interfering with the attainment of any

right to which such participant may become entitled under the plan on Long Term Disability

permanently Disable and has done so "with malice or with reckless indifference to [the

employee's] federally protected rights." 42 U. S. C. ' 1981a(b)(1).

## 3.  B. Count 2

Violation of Title 29 U.S.C. ' 1140. Section 510 incorporates the enforcement structure of

ERISA's civil enforcement provision, section 502, which generally provides that civil actions

may be brought by "participant[s]," participant[s] [ies], fiduciar[ies], and the Secretary of labor.
29
U.S.C. ' 1132(a). The purpose of section 510 is to "prevent persons and entities from taking

**3. (continued)  B. Count 2 Violation of Title 29 U.S.C. ' 1140. Section 510**

Actions which might cut off or interfere with a participant's ability to collect present or future

benefits or which punish a participant for exercising his or her rights under an employee benefit

plan." Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir.1992); accord Blaw Knox Ret.

Income Plan v. White Consolidated Industries, Inc., 998 F.2d 1185, 1191 (3d Cir.1993), cert.

denied, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). T

Section 510  further says  It shall be unlawful for any person to discharge, fine, suspend, expel,

discipline, or discriminate against a participant or beneficiary for exercising any right to which

he is entitled under the provisions of an employee benefit plan... or for the purpose of interfering

with the attainment of any right to which such participant may become entitled under the plan

510. Defendants Counsel Andrew M. Gould  attempt to explain away Plaintiff Stephen Paroski

counts 1 and count 2 charged against Ericsson inc. And Telefonaktiebolaget LM E Ericsson (publ),

by citing McGann v. H & H Music Co., 946 F.2d 401, 407 (5th Cir. 1991) ("To interpret

28

discrimination' broadly to include defendants' conduct would clearly conflict with Congress's intent

that employers remain free to create, modify and terminate the terms and conditions of employee

benefits plans without governmental interference"). Plaintiff's Complaint concerns the asset sale

**3. (continued) B. Count 2 Violation of Title 29 U.S.C. ' 1140. Section 510**

between Nortel and Ericsson that was consummated in 2009, and approved by the United States

Bankruptcy Court for the District of Delaware that same year. Defendants Counsel Andrew M.

Gould In short, nothing that Ericsson did in connection with the transaction with Nortel, or regarding

any Nortel employees, supports a claim for interference under section 510. Citing McGann v. H & H

Music Co., 946 F.2d 401, 407 (5th Cir. 1991) let see what more does it says l, McGann would

bear the burden of proving the existence of defendants' specific discriminatory intent as an essential

element of either of his claims. Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 881 (9th Cir. 1989

Section 510. Under section 510, the asserted discrimination is illegal only if it is motivated by a

desire to retaliate against an employee or to deprive an employee of an existing right to which he

may become entitled. Direct intentional discrimination count 1 Violation of Civil Rights Act of

1991(1991 Act) for Title VII demonstrates" that the employer ERICSSON. INC. (Ericsson entities).

Defendant has engaged in intentional discrimination against Plaintiff Stephen Paroski under the

29

provisions of an employee benefit plan. and count2 Violation of Title 29 U.S.C. ' 1140. Section 510

are proven on Page 14, 13, and 12. Defendants Counsel Andrew M. Gould attempts to explain away

Plaintiff Stephen Paroski proves counts 1 Violation of Civil Rights Act of 1991(1991 Act) for Title

VII demonstrates" that the employer ERICSSON. INC. (Ericsson entities). Defendant has engaged
**3. (continued) B. Count 2 Violation of Title 29 U.S.C. ' 1140. Section 510**

in intentional discrimination against Plaintiff Stephen Parosk and count 2 supports a claim for

interference under section charged against Ericsson inc. And Telefonaktiebolaget LM E Ericsson

(publ), by citing McGann v. H & H Music Co., 946 F.2d 401, 407 (5th Cir. 1991) ("To interpret

discrimination' that Ericsson did in connection with the transaction with Nortel, or regarding any

Nortel employees, supports a claim for interference under Section 510. Under section 510, the

asserted discrimination is illegal only if it is motivated by a desire to retaliate against an employee or

to deprive an employee of an existing right to which he may become entitled. Refer to page 12, 13,

14,cite Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510

(1997 See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third Order

of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372 73 (7th

Cir.1990) (Easterbrook, J.).

Cynthia Paroski did show and prove to the court Ercission acting in concert with Nortel .

Ercission and Nortel attempting can't get away with what they couldn't do separately against the. (LTDB) STEPHEN PAROSKI,    It runs afoul of the "too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d plan on Long Term (Permanently) Disability Plan

### 3. (continued)  B. Count 2 Violation of Title 29 U.S.C. ' 1140. Section 510

Plaintiff STEPHEN PAROSKI, t runs afoul of the "too clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of   the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372

1. The Plaintiff claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

2. Smith v. Crest Cadillac

Defendants Counsel Andrew M. Gould Note 10 on Page 9 attempts to play down the attempt by Nortel And His client Ericsson Inc. And Telefonaktiebolaget LM Ericsson. Defendants Counsel Andrew M. Gould attempt to explain away Plaintiff Stephen Paroski counts 1 and count 2 charged against Ericsson Inc. And Telefonaktiebolaget LM E Ericsson (publ), by citing McGann v. H & H Music Co., 946 F.2d 401, 407 (5th Cir. 1991) ("To interpret discrimination' broadly to include defendants' conduct would clearly conflict with Congress's intent that employers remain free to create, modify and terminate the terms and conditions of employee benefits plans without governmental interference"). Plaintiff's Complaint concerns the asset sale between Nortel GMS and Ericsson that was consummated in 2009, and the company are one approved by the United States Bankruptcy Court for the District of Delaware that same year. ERICSSON INC. AND TELEFONAKTIEBOLAGET  ERICSSON (PUBL),  Defendants.  Counsel

31

Andrew M. Gould In short States," nothing that Ericsson did in connection with the transaction with Nortel, or regarding any Nortel employees, supports a claim for interference under section 510. Citing McGann v. H & H Music Co., 946 F.2d 401, 407 (5th Cir. 1991) let see what more does it says At trial, McGann would bear the burden of proving the existence of defendants' specific discriminatory intent as an essential element of

either of his claims. Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 881 (9th Cir. 1989 Section

### 3. (continued)  B. Count 2 Violation of Title 29 U.S.C. ' 1140. Section 510

510. Under section 510, the asserted discrimination is illegal only if it is motivated by a desire to retaliate against an employee or to deprive an employee of an existing right to which he may become entitled. Had the 'specific intent to violate ERISA.'" Refer to Page 12, 13, 14 and 15 and the proof is shown on these Pages as well the case I have cited which proves Ericsson Inc. And Telefonaktiebolaget LM Ericsson. Defendants Counsel Andrew M. Gould is what they attempt to explain away. Section 510 of ERISA prohibits employer action against an employee who participates in a pension benefit plan for 'the purpose of interfering with the attainment of any right to which such Defendants Counsel Andrew M. Gould attempts to play down the charges of count and count by stating The crux of Plaintiff's Complaint appears to be the Ninth Circuit decision, Lessard v. Applied Risk Mgmt., 307 F.3d 1020 (2002). Which is false and Defendants Counsel Andrew M. Gould, accuses plaintiff writing 22 pages of unintelligible language that makes it difficult for Ericsson to determine what exact Case against his client; further he states there not sufficient clarity in pleadings to permit a defendant to know what it is accused of, and the basis of those allegations. He States Plaintiff's Complaint, which is comprised of incoherent rambling, is not sufficiently specific. When a person resort to outlandish criticism; they cannot defend their position or in this case cannot defend ERICSSON Inc. AND TELEFONAKTIEBOLAGET ERICSSON (PUBL) on what they did. Ninth Circuit decision, Lessard v. Applied Risk Mgmt., is so similar that I was able to cite all the supporting

cases Ninth Circuit decision, Lessard v. Applied Risk Mgmt.307 F.3d 1020 (2002)is that applied said what they were going to do directly  whereas ERICSSON Inc. AND TELEFONAKTIEBOLAGET ERICSSON (PUBL)  decided to exclude silently the (LTDP), refer to pages 12 13 14 for the rest the story of deceit.

**Introduction 4**

**Violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA)**

Stephen Paroski is a Veteran of the U.S Air Force with regards to Military Leave of Absence over 90 days were shamefully  treated  same as were Permanently Disable on Long Term Disability participant. They are and were intentional left out; the Definition of "Inactive Employees(*refer to assets sale agreement from page 21  Exhibit D) Those Inactive  Employees" means Employees on a Seller-appro*ved leave of absence who are expected to return and actually return to work within the relevant time period set out below.  (90  Days) If you were not expected to return. You are not classified at all By Ercission.inc This would be like a description being said this way all white people are to be inactive Employee. Would this leave to Fact the direct intentional discrimination against all others races that were not?

Plaintiff Stephen Paroski is correct in the direct intentional discrimination to the Permanently Disable on Long Term Disability participant and Military Leave of Absence over 90 days; with that ERICSSON INC. And TELEFONAKTIEBOLAGET  L M ERICSSON (PUBL),  the Defendants with intent and Malice intentional Violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA)  is clear.  This is disappointing  all Veterans  would think ERICSSON INC. And TELEFONAKTIEBOLAGET  L M ERICSSON (PUBL), the Defendants could and would do better here , it just shameful.

**The Right to Re-Employment**

The Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) is intended to minimize the disadvantages to an individual that occur when a service member needs to be absent from his or her civilian employment to serve in this country's uniformed services. USERRA makes major improvements in protecting service members' rights and benefits by clarifying the law and improving enforcement mechanisms. Specifically, USERRA expands the cumulative length of time that an individual may be absent from work for uniformed services duty and retain reemployment rights.

A major concern of those called to active military duty is getting their old jobs back once they return to civilian life.  An employee who is called to military duty is considered to be on unpaid leave of absence. Federal law provides that you have the right to be re-employed in the job you would have if you had not been called to active duty (more on this important federal law below).  You are entitled to the same salary and other benefits that come with seniority, although there are some limitations on this right to Re-employment. How  Have they done our military that they  give Military Leave of Absence same description as the disability (LTDP)  ( Refer to Exhibit D Page 14 inactive) (refer to page 12,  13 , 14), this document  you would think they would do better here , but it is their document how they wrote and sign agreeing  to all . (refer to assets sale agreement from page 21  Exhibit D)

**Prayer**

Plaintiff Stephen Paroski Prayer to the Court for relief That I will be awarded for the Loss of Medical, Life Insurance, and Pension Contributions, LTD payments, Emotional stress  caused by TELEFONAKTIEBOLAGET L M  ERICSSON  (PUBL) reckless indifference to [the employee's] federally protected rights." 42 U. S. C.  ' 1981a(b)(1).TELEFONAKTIEBOLAGET L M ERICSSON (PUBL) Further  discriminates against Stephen Paroski inactive employee that is Permanent Disability T29 U.S.C.  ' 1140. Section 510 incorporates the enforcement structure of ERISA's civil enforcement provision, section 502, which generally provides that civil actions

34

may be brought by "participant[s]," "beneficiar[ies]," "fiduciar[ies]," and the Secretary of Labor. 9 U.S.C. ' 1132(a). The purpose of section 510 is to "prevent persons and entities from taking

actions which might cut off or interfere with a participant's ability to collect present or future

benefits or which punish a participant for exercising his or her rights under an employee benefit

plan." Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir.1992); accord Blaw Knox Ret.

Income Plan v. White Consolidated Industries, Inc., 998 F.2d 1185, 1191 (3d Cir.1993), cert.

Denied, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).Plaintiff Stephen Paroski Motion for Order

of Relief of Payment just compensation from the ERICSSON INC. And TELEFONAKTIEBOLAGET L M

ERICSSON (PUBL), the Defendants

Loss of Medical, Life Insurance, and Pension Contributions  $  7,000,000.00        Seven Million Dollars

  Punitive damage be awarded award of                                    $ 17,000,000.00 Seventeen Million  Dollars

                                        Total Award   $ 24,000,000.00 Twenty Four Million Dollars

Ericsson Inc.   And   TELEFONAKTIEBOLAGET L M ERICSSON (PUBL) North  American Headquarters Name

Fax (877)-530-1078     Phone: 972-583-0000      Street address:   6300 Legacy Drive  Plano, Texas 75024


### Prayer IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Prayer that the Court will issue THE ORDER PROMISSORY ESTOPPEL (detrimental reliance) AGAINST( REFER TODOCKET ID 3204)(refer to exhibit A) DEBTORS ALL OF THEIR RIGHTS RESERVE WITH RESPECT TO THE RELIEF SOUGHT IN THE MOTION NOTICE OF WITHDRAWAL OF DEBTORS' MOTION AUTHORIZING DEBTORS TO TERMINATE LONG TERM DISABILITY PLANS participant[s] (REF TO DOCKET ID3204). Following the Supreme Court's admonition in Inter Modal Rail, 520 U.S. at 515, 117 S.Ct. 1513, we do not read West to permit two or more companies Incident to an asset sale to take joint action that violates the express terms of the statute ALSO MOTION FOR AN ORDER AUTHORIZING AND APPROVING AND APPROVING PROCEDURES FUNDING OR BUYOUT Relief of Payment just compensation from the ERICSSON INC. And TELEFONAKTIEBOLAGET L M Ercission and Nortel as they have enter into Assets sale Agreement DATED AS OF NOVEMBER 24, 2009 Ercission and Nortel attempting can't get away with what they couldn't do separately against the. (LTDP) STEPHEN PAROSKI,    It runs afoul of the "too   clever by half" Doctrine. See, e.g., Foster v. Dalton, 71 F.3d 52, 56 (1st Cir. 1995) (Selya, J.); Sisters of the third Order of St. Francis v. Swedish American Group Health Benefit Trust, 901 F.2d 1369, 1372  Francis v. Swedish American Group Health Benefit Trust, 901F.2d 1369, 1372  ERICSSON (PUBL), See Maj. Op. at 1023. The lawyers who papered this transaction should have advised against, and the clients should have heeded the warning. One hopes, perhaps in vain, that future lawyers and clients will know better.

RESOLVE OR OTHERWISE ENFORCE THE PROMISE TO LONG TERM DISABILITY PLANS participant[s]SO THAT INJUSTICE CAN BE AVOIDED

Copy sent to

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Andrew M. Gould

State Bar No.  00792541

Angeleque P. Linville

State Bar No. 24058793

WICK PHILLIPS GOULD &MARTIN, LLP

2100 Ross Avenue, Suite 950

Dallas, Texas 75201

Telephone: (214) 692-6200

Facsimile: (214) 692-6255

 Counsels  for  Ericsson Inc.  And  TELEFONAKTIEBOLAGET L
M ERICSSON (PUBL)

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

 - and -

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

Respectfully Submitted:  BY Cynthia Paroski for Stephen Paroski

333 El Rio Drive   Email

Mesquite Texas 75150

Phone: 214-378 0735

Fax : (877)-530-1078

EMAIL:  sparkyray@ tx.rr.com

Cynthia Paroski for Stephen Paroski