IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE

IN RE:                      )    Case No. 09-10138(KG)
                            )    (Jointly Administered)
                            )
NORTEL NETWORKS, INC.,      )    Chapter 11
            et.al.,         )
                            )
                            )    Courtroom 3
            Debtors.        )    824 Market Street
                            )    Wilmington, Delaware
                            )
                            )
                            )    June 21, 2012
                            )    2:00 p.m.
                            )

                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JUDGE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                 Morris Nichols Arsht & Tunnel, LLP
                            BY: DEREK ABBOTT, ESQ.
                            BY: ANNIE CORDO, ESQ.
                            1201 North Market St., 18th Fl.
                            Wilmington, DE  19899-1347
                            (302) 351-9357

                            Cleary Gottlieb Steen & Hamilton
                            BY: EMILY BUSSIGEL, ESQ.
                            BY: DAVID H. HERRINGTON, ESQ.
                            One Liberty Plaza
                            New York, NY  10006
                            (212) 225-2629

ECRO:                       GINGER MACE

Transcription Service:      DIAZ DATA SERVICES, LLC
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For Creditors' Committee:          Richards Layton & Finger
                                   BY: CHRIS SAMIS, ESQ.
                                   One Rodney Square
                                   920 North King Street
                                   Wilmington, DE  19801
                                   (302) 651-7839

                                   Akin Gump Strauss Hauer &
                                   Feld, LLP
                                   BY: BRAD M KAHN, ESQ.
                                   One Bryant Park
                                   New York, NY  10036-6745
                                   (212) 872-8121

For UK Joint Administration:       Young Conaway Stargatt &
                                   Taylor, LLP
                                   BY: MARIS J. KANDESTIN, ESQ.
                                   Rodney Square
                                   1000 North King Street
                                   Wilmington, DE  19801
                                   (302) 571-6706

For GENBAND:                       Duane Morris, LLP
                                   BY: RICHARD W. RILEY, ESQ.
                                   222 Delaware Avenue
                                   Wilmington, DE  19801-0801
                                   (302) 397-4928

For Retirees:                      McCarter & English
                                   BY: WILLIAM F. TAYLOR, ESQ.
                                   405 N. King St., 8th Fl.
                                   Wilmington, DE  19801
                                   (302) 984-6313

TELEPHONIC APPEARANCES:

For Debtor, Nortel
Networks, Inc., et.,al.:           Cleary Gottlieb Steen &
                                   Hamilton
                                   BY: JAMES BROMLEY, ESQ.
                                   BY: NICHOLAS FUNG, ESQ.
                                   (212) 225-2264
                                   BY: LISA SCHWEITZER, ESQ.
                                   (212) 225-2629
                                   BY: ANDREW UNGBERG, ESQ.
                                   (212) 225-2000

```
For Nortel Networks Inc.:     Torys, LLP
                              BY: WILLIAM F. GRAY, ESQ.
                              (212) 880-6000

For Official Committee to
The Retirees:                 Togut Segal & Segal, LLP
                              BY: NEIL BERGER, ESQ.
                              (212) 594-5000
                              BY: BRIAN MOORE, ESQ.
                              (212) 201-5568

For Official Committed of
Unsecured Creditors:          Akin Gump Strauss Hauer &
                              Feld, LLP
                              BY: DAVID BOELTER, ESQ.
                              (212) 872-1055
                              BY: FRED HODARA, ESQ.
                              (212) 872-8040

For Bank of America:          Bank of America
                              BY: ESTHER CHUNG
                              (646) 855-6705

For Mercer US, Inc.:          Freeborn & Peters, LLP
                              BY: DEVON J. EGGERT, ESQ.
                              (312) 360-6378

For Monitor Ernst & Young:    Allen & Overy, LLP
                              BY: LISA KRAIDIN, ESQ.
                              (212) 610-7300

For Financial Advisor,
Ernst & Young, LLP:           Foley & Lardner, LLP
                              BY: JOANNE LEE, ESQ.
                              (312) 832-4557

For Law Debenture Trust
Company of New York:          Patterson Belknap Webb & Tyler
                              BY: DANIEL A. LOWENTHAL, ESQ.
                              (212) 336-2720

For Barclays Capital, Inc.:   Barclays Capital, Inc.
                              BY: OLIVIA MAURO, ESQ.
                              (212) 412-6773

For UBS Securities:           UBS Securities, LLC
                              BY: DENNIS RUGGERE, ESQ.
                              (203) 719-7875
```

```
For Hondo Sen:                 Cetus Capital
                               BY: HONDO SEN
                               (203) 552-3528

For Citi:                      Citi
                               BY: REBECCA SONG, ESQ.
                               (212) 559-9933

For Jefferies & Co.:           Jefferies & Company
                               BY: ROBERT J. TENNENBAUM, ESQ.
                               (212) 284-2226

For UK Pension Trust
Limited:                       Willkie Farr & Gallagher, LLP
                               BY: JACK TRACY, ESQ.
                               (212) 728-8744

For Fraser Milner &
Casgrain:                      Fraser Milner & Casgrain
                               BY: MICHAEL J. WUNDER, ESQ.
                               (416) 863-4715

For Aurelius Capital
Management:                    Aurelius Capital Management,
                               LP
                               BY: MATTHEW A. ZLOTO, ESQ.
                               (646) 445-6518
```

WILMINGTON, DELAWARE, THURSDAY, JUNE 21, 2012, 10:05 A.M.

1          THE COURT:  Good morning, everyone.  Thank you.

2   Please be seated.  Good morning, Ms. Cordo.

3          MS. CORDO:  Good morning, Your Honor.  For the

4   record, Annie Cordo, Morris, Nichols, Arsht & Tunnell, on

5   behalf of the debtors.

6          THE COURT:  Yes.

7          MS. CORDO:  If we could take the agenda slightly

8   out of order this morning and do the fee applications first?

9   I passed the message along through Chambers that you guys

10  had no comments on the fee applications --

11         THE COURT:  That's right.

12         MS. CORDO:  -- and let all the Professionals

13  know, but in case anyone had dialed in, if we could get rid

14  of this order first --

15         THE COURT:  Let's do that.

16         MS. CORDO:  -- and then move on?  I have a --

17         THE COURT:  I'll be pleased to sign the order.

18         MS. CORDO:  All right.  I have a form of order if

19  I may approach?

20         THE COURT:  Please.  Thank you.  The first day of

21  summer, or at least it used to be.  I don't know what it is

22  anymore with the astronomers, but in my book, it's still the

23  first day.

24         MR. ABBOTT:  Just judging by the temperature,

1  Your Honor --

2          THE COURT:  Yes.  Yes, Mr. Abbott.

3          MR. ABBOTT:  -- I think it's absolutely the first

4  day.

5          THE COURT:  It definitely is.  All right.  Ms.

6  Cordo, I've signed the order.

7          MS. CORDO:  All right.  Thank you so much, Your

8  Honor.  So if anyone is on the phone for the Fees, may they

9  drop off, please?

10          THE COURT:  Yes, they certainly may.

11          MS. CORDO:  Thank you.  And then, the next item

12  on the agenda is Item #4, Your Honor, which is the debtors'

13  Twenty-seventh Omnibus Objection.  We have a supplemental

14  order with regards to that.  We have received informal

15  comments from Guangdong Nortel Telecommunications Equipment

16  Company, Ltd., and we reached an agreement with them.  They

17  had filed several redundant claims and we agreed to a

18  reduction in their claims.  I have a form of order which

19  allows claim 6818 as an administrative expense claim in the

20  amount of $13,526.28, and I have a general unsecured claim

21  in the amount of $36,403.21 against Nortel Networks CALA,

22  Inc., and then they have another general unsecured claim

23  against Nortel Networks, Inc., in the amount of $11,879,139.

24          THE COURT:  All right.

25          MS. CORDO:  If I may approach?

1          THE COURT:  You certainly may.  I've reviewed

2    those claims and the objections, and with that supplement, I

3    am prepared to sign the order.  And if anyone is on the

4    telephone just for this matter, they may be excused as well.

5          MS. CORDO:  Thank you, Your Honor.  Then the next

6    item on the agenda is the Motion of GENBAND, and I will turn

7    the podium over to Counsel for GENBAND.

8          THE COURT:  All right.  I think that's Mr. Riley.

9          MS. CORDO:  Thank you.

10          THE COURT:  Thank you, Ms. Cordo.  Good morning,

11    Mr. Riley.

12          MR. RILEY:  Good morning, Your Honor, Richard

13    Riley, from Duane Morris, on behalf of GENBAND.  Your Honor,

14    we're here today on a Rule 2004 Motion in which my client is

15    trying to get limited discovery from the debtor regarding

16    whether any of their intellectual property or other assets

17    that they purchased from the debtor were used or were the

18    basis for the adversary proceeding and settlement that was

19    -- the adversary proceeding against Communication Test

20    Design and the settlement.

21          THE COURT:  Yes.

22          MR. RILEY:  And we're -- my client, in reviewing

23    the publicly available information, just has concerns that

24    some of their intellectual property or other assets that

25    they purchased may have been used or formed the basis of

1   that adversary proceeding, and they're just trying to

2   determine if that occurred, and if it did occur, would they

3   have any claims against the debtors for the use of their

4   assets?  So that's simply what we're trying to do here, Your

5   Honor.  We're not saying we will bring claims, and we're not

6   -- you know, we're not out there drafting a Complaint right

7   now.  We're actually really just trying to investigate what

8   occurred.

9           So that's -- Your Honor, I don't believe the fact

10  that the adversary settled, and Your Honor approved the

11  settlement, bars the request we're making.  There's -- from

12  my review of the settlement agreement and Your Court's

13  Order, there's no term in there that bars or enjoins this

14  type of investigation, and if the investigation turns up

15  something, a claim against the debtor for the use of our

16  assets.  We're not trying to reopen the settlement.  We're

17  not trying to change any of the terms of the settlement.  A

18  lot of the case law that the debtors cited in their

19  objection, that was more of a case where the parties were

20  actually trying to change a term of the settlement; mainly

21  the *Carlton* case.  In that case, the entity that was seeking

22  relief was actually a party to the litigation, and then, as

23  part of the litigation -- as part of the settlement, there

24  was a specific provision barring them from bringing future

25  claims against the defendant.

1          THE COURT:  Right.

2          MR. RILEY:  But that's not our case here.  We

3 weren't parties to this adversary proceeding or the

4 settlement, and we're really just trying to look into what,

5 if anything, was used of ours, and if the debtor is correct.

6 They say nothing was used, and even if it was used, they

7 have defenses to it, then just show us and then

8 -- and this would be over.  So we're not trying to reopen

9 anything.  We're not trying to get into all sorts of

10 extensive discovery.  We're just trying to do some limited

11 investigation.  And, Your Honor, you know, we will -- we'll

12 be reasonable.  You know our firm.  You know me and Mr.

13 Lastowski.  We're not trying to create some big event here.

14          So we actually were kind of surprised at the

15 uproar that this caused.  So we also think that GENBAND is

16 clearly a party in interest that can use 2004 for this

17 motion.  We were the purchaser of assets, or the assets may

18 be affected by the bankruptcy case.  It may have been

19 affected by the settlement.  So I think we clearly fall into

20 the category of party in interest that can use Rule 2004.

21          Your Honor, one thing I was looking at when I was

22 preparing for the hearing, and I don't know if it's of any

23 moment, but as part of the APA, to the extent that they're

24 going to claim some type of waiver, there is a provision in

25 the APA that says any failure of either party to exercise

1  their rights or remedies under the APA it's just not a

2  waiver.  Everyone's agreed to that.  So to the extent that

3  the discovery would lead to some type -- we don't know what

4  it would lead to, but if it would lead to some type of

5  breach of contract claim under APA, of course, that remedy

6  section would protect us.

7           THE COURT:  All right.

8           MR. RILEY:  Your Honor, I just would like to have

9  an opportunity to respond to --

10          THE COURT:  Always.  Of course, Mr. Riley.  Yes.

11  Mr. Herrington, good morning.

12          MR. HERRINGTON:  Yes, good morning, Your Honor.

13  Mr. Riley was commendably brief, and with the indulgence of

14  the Court, I won't be quite as brief because I would like to

15  explain to the Court why this has caused a real uproar --

16          THE COURT:  Please.

17          MR. HERRINGTON:  -- and a real concern on our

18  part.  And just very briefly, to make sure I don't forget

19  it, Mr. Riley raised a new point this morning about the

20  contracts not providing for waiver.  Well, Your Honor, we're

21  not just dealing with the contract.  We are dealing with

22  Your Honor's orders, with the rules of the Bankruptcy Court,

23  and with a process in which GENBAND was provided actual

24  notice and an opportunity to be heard before this settlement

25  was approved and the underlying lawsuit was resolved and

1   terminated, and they did not appear at that time and raise

2   any issue, any concern, any claim, any question, because

3   that would have been the time to address this issue.  If

4   they're going to claim a right to some of the settlement

5   proceeds, that needed to be resolved before the settlement

6   occurred and before the underlying lawsuit was essentially

7   dismantled, Your Honor.

8           THE COURT:  Help me out for a minute, too, and I

9   certainly will not mind your sticking, if you will, to the

10  order of your argument.

11          MR. HERRINGTON:  Sure.

12          THE COURT:  But I am concerned about the party-

13  in-interest issue under Rule 2004.

14          MR. HERRINGTON:  Understood, Your Honor, and I

15  certainly will address that.  And I think before getting to

16  that issue, it is important to provide the context and the

17  background, but also, Your Honor, to begin with an important

18  point about Rule 2004, is that it is discretionary with Your

19  Honor.

20          THE COURT:  Absolutely.

21          MR. HERRINGTON:  And the Rule says that Your

22  Honor may order an examination.  And, as the Courts

23  emphasize, that means it's up to the Court's discretion.  We

24  have the *Board of Directors of Hopewell International*

25  *Insurance Company*, 258 B.R. 580,that explains that point.

1   The Rule provides that a Court may order disclosure giving

2   the Court significant discretion, and it goes on to explain

3   why in that case the Court declines, in its discretion, to

4   order an examination.

5           So Your Honor, we believe, as we submitted in our

6   papers, that GENBAND's motion is improper and that it cannot

7   be granted.  But secondary to that, even if, theoretically,

8   it could be granted, under the facts and circumstances here,

9   in the Court's discretion, it should not be granted.

10          So Your Honor, what are those facts and

11  circumstances?  Your Honor will well recall Nortel's lawsuit

12  against CTDI.

13          THE COURT: I do.

14          MR. HERRINGTON:  And this was filed in September

15  of 2010, so getting on to two years ago, both NNI and NNL

16  filed their own separate Complaints.  They both believe they

17  had their own separate claims against CTDI.  Those

18  Complaints were consolidated for purposes of --

19          THE COURT:  I'm sorry.

20          MR. HERRINGTON:  Oh, no problem.

21          THE COURT:  I left my notes on my desk.

22          MR. HERRINGTON:  Okay.  For purposes of handling

23  the lawsuit, but they were two separate lawsuits; two

24  separate claimants, both against CTDI.  The case emerged

25  from a repair contract --

1              THE COURT:  Yes.

2              MR. HERRINGTON:  -- that Nortel had with CTDI

3   under which CTDI was permitted to provide repair services

4   for Nortel products, and what ended up happening, in our

5   belief and understanding, is that CTDI ended up not just

6   repairing products, but taking the components that were

7   intended for repair and fabricating brand new telsets, you

8   know, telephone units that Nortel sells, and in addition,

9   some other Nortel products.  So when Nortel discovered that,

10  there was a back-and-forth process for almost a year of

11  trying to get information, trying to resolve the claims.

12  When ultimately those claims could not be resolved, we had

13  to file a lawsuit.  As Your Honor will, I think, remember,

14  it was a very intense lawsuit.

15             THE COURT:  I do remember.

16             MR. HERRINGTON:  It was met with a Motion to

17  Dismiss, which we had to brief and present to Your Honor.

18  Your Honor declined CTDI's Motion to Dismiss so the case

19  proceeded.

20             THE COURT:  Yes.

21             MR. HERRINGTON:  CTDI asserted some counterclaims

22  so we had to address those.  The parties engaged in very

23  intensive and very expensive discovery, and as Your Honor

24  may remember, that, unfortunately, gave rise to a lot of

25  settlements, discovery disputes.  At some point, Your Honor

1   wisely appointed a Discovery Special Master to help the

2   parties in resolving those issues and we met several times

3   with the Special Master and got guidance and got those

4   issues resolved.  After litigating intensively for several

5   months, the parties agreed to a mediation, and Your Honor

6   referred us to Judge Lyons --

7           THE COURT:  Yes

8           MR. HERRINGTON:  -- a District of New Jersey

9   Bankruptcy Court to engage in a mediation.  That was a

10  fruitful process.  The parties came together.  There were a

11  lot of issues to be negotiated, to be resolved; a lot of

12  trade-offs, a lot of compromises, but we did achieve a

13  settlement.  And, Your Honor, one critical aspect of that

14  settlement was the proceeds that would be paid to both NNI

15  and NNL; and not only that, how those proceeds would be

16  divided.  If we could not have reached agreement on that,

17  there would have been no settlement.  So that had to be the

18  bottom line, sine qua non.  That was a linchpin of a

19  settlement.  We had to resolve how much money are we getting

20  in order to give up our claims in this lawsuit and our

21  opportunity to pursue the suit, and perhaps, get a whole lot

22  more money.

23          THE COURT:  And that's why, potentially, it seems

24  to me this possible action, possible I say, by GENBAND would

25  be or may be prejudicial under these circumstances --

1          MR. HERRINGTON:  Well absolutely, Your Honor.

2          THE COURT:  -- because had you known there was an

3    objection to the settlement, depending upon my ruling on

4    that objection, you may have not proceeded with the

5    settlement.

6          MR. HERRINGTON:  Absolutely, Your Honor;

7    categorically, absolutely true.  There is no way we would

8    have settled that case and terminated the suit, dismantled

9    the entire apparatus, if it had not been resolved whether

10   someone else had the right to the settlement proceeds.

11         THE COURT:  Right.

12         MR. HERRINGTON:  If someone wanted to make that

13   claim, the time to do it was then, because there is no way

14   we would have settled without that being resolved.  Your

15   Honor, in order to avoid that situation, we filed a 9019

16   Motion to seek the Court's approval.

17         THE COURT:  Yes.

18         MR. HERRINGTON:  And we, very carefully, served

19   that 9019 Motion on a number of parties, and that absolutely

20   included GENBAND.  It was GENBAND's General Counsel in their

21   corporate offices and it was GENBAND's Counsel, Duane

22   Morris, the same folks who are -- you know, representing

23   GENBAND in the motion here.  So they received actual notice

24   of the settlement describing the settlement, the claims that

25   were being settled, and the fact that it would be settled.

1  They received that actual notice, and of course, they

2  received an opportunity to be heard.  Now, if they wanted to

3  be heard to raise a claim to say well, some of these

4  settlement proceeds are ours.  We actually think you may be

5  asserting some of our claims, and therefore, some of this

6  money should come to us, the time to do that was then.

7            THE COURT:  And the time, it seems to me, to

8  pursue discovery under Rule 2004 perhaps was then.

9            MR. HERRINGTON:  Absolutely, Your Honor.  If we

10 had been there with that Rule 2004 discovery request then,

11 it would have been a completely different story, and we

12 would have welcomed whatever process needed to be followed

13 to ventilate their claims and resolve their claims before

14 this settlement was consummated.  Your Honor, they had that

15 notice.  They had that opportunity to be heard, and they

16 said nothing.  They didn't raise a question.  They didn't

17 raise an objection.  They didn't -- certainly didn't bring a

18 claim and simply did nothing at all.  And Your Honor, again,

19 that settlement was a balance of considerations.  If they

20 had appeared, we would have addressed their claims.  We

21 might have chosen not to settle and to continue to litigate

22 against CTDI.  We might have chosen to litigate against

23 them.  But it would have been resolved before this

24 settlement was approved by the Court and consummated.

25            Now, Your Honor, I think it's helpful to

1   understand what were the implications of having a settlement

2   consummated?  Obviously, it terminated the lawsuit.  It

3   resulted in a certain amount of money that was distributed

4   to the two estates that had brought the claim, both NNL and

5   NNI.  And as part of the mediation process, we had agreed

6   -- reached an agreement on how those proceeds would be

7   divided.  But, Your Honor, what would especially make it

8   unfair to have to confront even a -- you know, what they

9   would argue -- GENBAND would argue is an innocuous bland

10  2004 request now, is that the entire litigation apparatus

11  has been dismantled.  You know, at that time, we had a team

12  of lawyers working actively on the case at Cleary Gottlieb,

13  but in addition, we had four businesspeople -- well, three

14  businesspeople and one Nortel in-house lawyer who were at

15  Nortel who were actively assisting us in prosecuting the

16  matter, in understanding the facts, in finding evidence.

17  One person would have otherwise been laid off and was kept

18  on specifically to assist with this lawsuit.  Now, six

19  months later, half-a-year later, all of those individuals

20  are gone, including the one who had stayed on specifically

21  to assist us.  So again, if there was a 2004 request to be

22  made, it should have been made back then when all of this

23  was in place and we could have responded to it.

24          As part of the termination of the settlement,

25  under the Protective Order, we were actually required to

1   destroy all the documents that the other side provided to us

2   so all of that was undone.  The materials were taken off the

3   servers that were used to make all of this searchable and

4   findable.  Certainly, the lawyers on the case had moved on

5   to other things.  The entire war machine has been

6   dismantled.

7          So now here we are.  That all happened.  That was

8   approved.  The settlement was approved and entered and

9   consummated in the fall of 2011.  Here we are in the spring

10  of 2012 when GENBAND comes to the surface and said well,

11  wait a minute, you know, let's go back in time; we think we

12  might have a claim to the settlement.  And, Your Honor,

13  there are just three fundamental problems.  Number one, it's

14  just too late for them to start a process that the entire

15  purpose of the process is try to affect the settlement, to

16  say nice job, Nortel; you've brought this case; you've

17  litigated it; you achieved a settlement; you gave us notice

18  of the settlement; you got the proceeds; we'll take some of

19  that.  It's too late to do that.

20         Your Honor, as we cited in our papers, this is in

21  paragraph 16, Courts, rightly, are very reluctant to disturb

22  a settlement, especially a settlement that has been noticed

23  to parties and then approved by the Court without objection.

24  And when a party has received notice and simply failed to

25  pay attention, which apparently is what GENBAND did here,

1  then, as the *Carlton Concrete* case discusses, you can't come

2  back later and say sorry, we made a mistake; we weren't

3  paying attention back then when you were getting this done,

4  but we woke up some time later and now we'd like to

5  basically start probing into the settlement and seeing if we

6  have a claim.  It's just too late.

7         Your Honor, there's language from *Carlton*

8  *Concrete* that really applies directly here.  The Court said

9  that the party trying to do this, belatedly, should have

10  objected to the settlement agreement during the time

11  provided in the Notice of Settlement, not after the approval

12  order was placed into effect.  In denying that claimant's

13  motion, the Bankruptcy Court held that, "to allow the party

14  to partially vacate the approval order and reopen the

15  adversary proceeding after the settlement money has been

16  paid to the debtor would be unfair, prejudicial, and

17  contrary to the policy of preserving the finality of

18  judgments."

19         THE COURT:  Yes.

20         MR. HERRINGTON:  So that all applies here, Your

21  Honor.  And Counsel for GENBAND said, well, we're not really

22  trying to undo the settlement.  We're not trying to reopen

23  the settlement.  Well, of course, it would reopen the

24  settlement.  The settlement is we give up our claims; we get

25  a certain amount of money for those claims.  That was a very

1    intensive decision to make.  We could have decided to

2    litigate on.  We might have gotten ten times what we settled

3    for.  But we decided to make a compromise because the exact

4    amount of money we were receiving was, in our assessment,

5    with the consultation with the Creditor's Committee and all

6    the constituents that we have to consult with, was

7    appropriate.  So for another party to come in and say, you

8    know what, we'll take some of that money; some or all of

9    that money is what GENBAND says in its papers; obviously,

10   would be to reopen the settlement.

11          THE COURT:  Yes, and the *Carlton* Court also

12   focused on the fact that the party had notice and that this

13   might have a significant impact on other creditors.

14          MR. HERRINGTON:  Exactly, Your Honor.  And the

15   Court there noted that you can't just pull one string out of

16   a settlement and say, well, I'm not really reopening the

17   settlement.  It's a trade-off and it's a package deal, and

18   the reason parties accept it is it's an overall package

19   deal.  Your Honor, you raised the question of 2004 standing

20   and party in interest.

21          THE COURT:  Yes.

22          MR. HERRINGTON:  And I think that really is an

23   issue here, and it goes to both the argument that GENBAND

24   simply cannot invoke 2004, but it also goes to the Court's

25   discretion, whether, under all the facts and circumstances

1  here, it would be appropriate to let GENBAND impose these

2  2004 obligations on the debtor in these circumstances.  So

3  2004 is obviously intended to allow a party that truly has

4  an interest in the estate to find out necessary information

5  that relate to that interest.  But it's not intended to take

6  an adversarial party, the party that is not a creditor, and

7  is not certainly a stakeholder in the estate itself.  What

8  GENBAND is here, is a third party and an adverse third party

9  who was party to a sales contract with Nortel; it paid

10 money, and it got assets.  It now is saying we think we

11 might have a claim against the estate by virtue of being a

12 party to this contract.  Well, that's just a third-party

13 litigant.  That's just a civilian, as it were.  That's not a

14 member of the bankruptcy constituency.  And, if they want to

15 bring a claim, Your Honor, they can either do it or they can

16 talk to us about it, and we certainly are willing to discuss

17 with them informally, you know, any claim that they may want

18 to bring.  Your Honor's not deciding today whether they can

19 bring a claim or not.  We think they could not succeed on a

20 claim for all the reasons we've stated, but that's not

21 what's at issue today.  What's at issue today is whether

22 they get the privilege and are entitled to impose the burden

23 on the estate of using 2004, a coercive mechanism, to

24 require us to go back and try to answer their questions.

25 One of the things they asked for is a deposition.  We don't

1   have anybody to be deposed anymore.  They are all gone.

2   They weren't gone back when the 9019 Motion was filed, but

3   they are gone now.  Your Honor, to allow them, in the

4   posture that they're in, to claim the privileges of 2004

5   would be inappropriate.

6          And finally, Your Honor, this is really getting

7   to the merits, and Your Honor would not have to address this

8   today but -- and if it's any consolation to GENBAND, if

9   they're not -- if they choose not to pursue their claim, is

10  that they would not have a claim here.  In order to have a

11  claim, they would have to say that what drove that

12  settlement, is IP that belonged to us.  Well, Your Honor,

13  the lawsuit asserted claims for breach of contract, which

14  they have no interest in; fraud, which they have no interest

15  in; trademark, which they have no interest in; unjust

16  enrichment, which they have no interest in; and in trade

17  secrets.  The trade secrets related to telsets, which they

18  have no interest in.

19          THE COURT:  Right.

20          MR. HERRINGER:  They didn't buy the telset

21  business.  They claim well, there are these things, circuit

22  packs; maybe we have an interest in those.  Well, circuit

23  packs were a type of product that was ubiquitous across all

24  kinds of Nortel product lines, and for something to be

25  transferred IP, to be IP that ownership of the IP went to a

1   buyer, it has to be unique to that single product line.

2              THE COURT:  Right.

3              MR. HERRINGTON:  And the rationale for that, Your

4   Honor, is, if it's technology that was used in more than one

5   business, how can we sell it to any one buyer?  What we have

6   to do is keep it, and then we can license it to everybody

7   who needs it for their fields, but we can't transfer

8   ownership.  So this IP, even as to circuit packs, was not

9   transferred to GENBAND.  So at the end of the day, if they

10  choose to bring a claim and it can overcome all the other

11  obstacles, they will lose because they just can't meet that

12  requirement.  That's not, again, what we're asking Your

13  Honor to --

14             THE COURT:  That's not the test.

15             MR. HERRINGTON:  -- decide today.

16             THE COURT:  Right.

17             MR. HERRINGTON:  But it is part of the facts and

18  circumstances, Your Honor, that I think helps explain why,

19  to impose on us 2004 obligations, would be improper.

20             So just to summarize, it's too late to do it.

21  They don't have the right standing to invoke 2004, and they

22  haven't made a showing on this last point -- you know, they

23  haven't made a showing in their papers that they really

24  would have a basis for a claim.  We're not asking the Court

25  to decide that, but it certainly goes to the merits of their

1    demand that we be faced with a 2004 obligation.

2              THE COURT:  A likelihood of success sort of

3    issue.

4              MR. HERRINGTON:  Exactly, Your Honor.  So all of

5    that, in addition to meaning they can't invoke 2004, it does

6    mean that, in the Court's discretion, the appropriate

7    outcome here is to deny the relief and not impose these

8    obligations on the debtor.

9              THE COURT:  Thank you, Mr. Herrington.

10             MR. HERRINGTON:  Thank you, Your Honor.

11             THE COURT:  Thank you, sir.  Good morning.

12             MR. KAHN:  Good morning, Your Honor.  Brad Kahn,

13   Akin, Gump, Strauss, Hauer, & Feld, for the Committee.

14             THE COURT:  Yes sir.

15             MR. KAHN:  As you know, the Committee filed a

16   joinder in support of the debtors' objection.  We support

17   everything Mr. Herrington just said so I'll be brief with a

18   couple points, although the air-conditioning is really nice

19   in here so I might want to take a little bit longer.

20             THE COURT:  I think people may be straggling a

21   little bit, but just one preliminary question.  The

22   Committee, as I recall, was intimately involved in the

23   litigation and in the settlement process, is that right?

24             MR. KAHN:  Yes, we were present at the mediation.

25             THE COURT:  Yes.

1          MR. KAHN:  The debtors consulted us the entire

2   way, and that's actually something that has informed our

3   position here.  As an estate fiduciary, the one point I

4   think we really want to focus on is the cost and the burden

5   issue.  You know, the debtors kept the Committee apprised

6   throughout the entire CTDI litigation process and the

7   mediation.  We know how much effort and cost went into doing

8   the investigation that the debtors did before bringing that

9   adversary proceeding and then in pursuing that adversary

10  proceeding.  We think it is entirely inappropriate now to

11  impose a burden to basically recreate that expense and cost

12  on a liquidating debtor estate.

13          And that goes to the next point, which Mr.

14  Herrington also touched on, is there are only a handful of

15  employees left at NNI.  He actually even made a more

16  specific point that those that were involved in this

17  litigation aren't there anymore.  The few employees that are

18  left at NNI are focused on winding down these estates in an

19  efficient manner; dealing with claims, taxes, and other

20  issues.  The Committee's perspective is that those employees

21  should really be focused on doing that and not be saddled

22  with the burden of this discovery request.  So we would

23  support the debtors' request to deny the 2004 request.

24          THE COURT:  All right.  Thank you.  Thank you,

25  sir.  Anyone else against the Rule 2004 discovery?

1                    (No audible response)

2                THE COURT:  Hearing no one, Mr. Riley, it's your

3    turn and I -- you know, I may have --

4                MR. RILEY:  I've got an uphill battle, Your

5    Honor.

6                THE COURT:  I may have at least tipped my

7    thinking with some of the questions but I did that --

8                MR. RILEY:  I think your thinking showed --

9                THE COURT:  -- partly for your benefit.

10               MR. RILEY:  Yes.  But, Your Honor, I appreciate

11   it, and I just want to be clear.  We're not disputing the

12   service of the 9019, and we're not disputing that GENBAND

13   did not object to the 9019 Motion.  But that -- again, I

14   don't believe that ends everything; that if the debtors did

15   use GENBAND's property, GENBAND has claims against the

16   debtor, not -- you may rule that they don't have claims to

17   the actual settlement proceeds, but they might have claims

18   for that -- for the infringement, breach of contract, or

19   some other misappropriation of GENBAND's property, and I

20   believe 2004 is appropriate there.  GENBAND is a party in

21   interest under 2004.  They were a purchaser of assets of the

22   debtor and those -- the assets that were purchased may have

23   been impacted or -- by the settlement and may be impacted by

24   the bankruptcy.  Under Third Circuit law, that makes them a

25   party in interest.  It's kind of ironic they're saying we're

a party in interest and we're barred because we got -- we

were a party in interest as to the settlement they believed

and they could notice us and bar us from everything.  But

now we're not a party in interest when we come in saying

well, we might still have some rights.  I still -- I think

the *Carlton* case is distinguishable in this case.  In

*Carlton*, the parties seeking the relief -- they weren't

seeking Rule 2004 discovery.

THE COURT:  No.

MR. RILEY:  They were actually going under Rule

60 because they made a mistake.  They -- in that settlement,

they were a party to the litigation.  They were fully

involved in the litigation.  When the settlement occurred,

there was a specific injunction against the parties seeking

the relief that said you cannot bring claims against the

defendant.  I think it was the general contractor.  The

party seeking the Rule 60 relief was a subcontractor of the

subcontractor.  The subcontractor was the plaintiff.  There,

they got notice of the settlement and there was a specific

provision in the settlement agreement that barred exactly

what they were asking to do.  And, in that case, the Court

said -- and the attorney admitted I didn't read it.  I

didn't read the injunction and I missed it.

THE COURT:  Right.

MR. RILEY:  That, of course, he's barred.  Here,

1  the settlement agreement doesn't determine what happens to

2  the settlement proceeds.  The settlement proceeds have been

3  paid into the debtors' estate.  Who gets them, as part of

4  the debtors' bankruptcy, I think is yet to be determined.

5  And if we have a claim against the debtor, if it's to those

6  proceeds; it may be, but it may just be a general claim

7  against the debtor, a post-petition claim, for using our

8  property that we bought in the bankruptcy case.  I also --

9  you know, it's hard to sit up here.  The debtor knows all

10 the information.

11           THE COURT:  If you think it's hard to sit up

12 there, it's harder to sit up here.

13           MR. RILEY:  No, I mean to stand --

14                 (Laughter)

15           MR. RILEY:  It's also -- it's hard to really have

16 a response to when the debtor says, well look, it wasn't

17 transferred intellectual property or we only settled the

18 contract claims or we mainly settled the contract claims and

19 you didn't have a contract.  That's our problem here, Your

20 Honor.  That's why we've come forward with 2004.  We didn't

21 want to just file a claim against the debtor and try to get

22 it that way.  We also -- we could also do this a lot of

23 different ways.  The debtor admits that we can still sue the

24 defendant in this case.  There's nothing barring us from --

25 and the settlement.  You know, it was just a release by the

1   debtor; it didn't release our claims.  We could -- if we sue

2   the debtor, we're probably going to have to bring in the --

3   or seek third-party discovery from Nortel related to that

4   claim.  I'm going to be back here.  So what we're trying to

5   do is investigate, and I believe that's what Rule 2004 would

6   allow us to do.  The settlement -- there's no term of the

7   settlement or term of your approval order that bars this.

8               THE COURT:  All right.  Mr. Herrington?

9               MR. HERRINGTON:  Your Honor, just very briefly.

10  The -- both the 9019 Motion and the settlement itself both

11  expressly say this is a settlement in which these claims are

12  being compromised and the defendant is paying money,

13  proceeds, to NNI and to NNL.

14              THE COURT:  Yes.

15              MR. HERRINGTON:  So that's an explicit provision.

16  Again, that's the fundamental linchpin of the settlement and

17  it didn't say these payments, these settlement proceeds, are

18  going to be paid to GENBAND or some other third party.

19  GENBAND wanted to appear and say no, it shouldn't be paid to

20  NNI; they should be paid to us.  That's why they had to do

21  that then.  It certainly would undo the settlement, and

22  really, CTDI -- I don't know if they're here, you know, they

23  -- if this were to all come to pass, they may even be faced

24  with more litigation, and I'm sure they won't happy about

25  that.

1              Your Honor, to -- again, this is why it's so

2    important to the debtor is to allow what GENBAND is seeking

3    here would set a terrible precedent because it would mean

4    that parties who actually are given notice; because maybe

5    they do have an interest at that time; they're given notice

6    and they've got an opportunity to be heard, could say

7    nothing, whether because they choose strategically to say

8    nothing or because they don't pay attention, and not paying

9    attention is not an excuse.  They say nothing; the

10   settlement is done; all the apparatus of the litigation is

11   unwound and set aside; and then they appear six months later

12   and say, you know, we want to probe into this and we want to

13   use 2004 to impose compulsive discovery obligations on the

14   debtor.

15              THE COURT:  You're actually being kind.  I think

16   it's eight months ago, but that's --

17              MR. HERRINGTON:  Eight months ago, Your Honor?

18              THE COURT:  Yes.

19              MR. HERRINGTON:  And, Your Honor, again, if they

20   think they've got a claim, they can write us a letter.

21   We'll discuss it.  That would be under protection of Rule

22   408 when parties are discussing compromises.  I think we can

23   show them they don't have a claim.  But we shouldn't have to

24   do that under the compulsive requirements of Rule 2004.

25   They could have that conversation just like parties do

1   everyday in the real world, in the business world.  If they

2   think they've got a question, they've got a concern, they've

3   got a potential claim, they engage in a discussion.  Either

4   it gets resolved or it doesn't.  If it doesn't, then they,

5   unfortunately, will have to litigate.  But that's the way to

6   resolve it, not to impose on the debtor the obligations of

7   the Rule 2004 order requiring an examination.  Thank you,

8   Your Honor.

9          THE COURT:  Thank you, Mr. Herrington.  Mr.

10  Riley, of course, you get the last word.

11         MR. RILEY:  No, I just --

12         THE COURT:  It's your motion and --

13         MR. RILEY:  Your Honor, on the point about all

14  the litigation apparatus being disbanded and everything,

15  we're trying to seek very limited discovery here.  We're not

16  trying to tell the debtors they have to start gearing up,

17  you know, putting their team back together for litigation.

18  We're just trying to get limited information to see if

19  there's something there.  So I don't know if that's really

20  so prejudicial, and if the documents have been destroyed,

21  they don't have the documents.  They can't give them to us.

22  So that's their response to our discovery.  But -- so I

23  don't see how that really factors into it.

24         THE COURT:  All right.  I'll just note, in

25  response to that last comment though, that that would, it

1    seems to me, sort of go to prejudice to the debtors if

2    claims were asserted because they no longer have all of the

3    documents and information and personnel assembled, so that

4    would be of some concern at this point.

5            I'm going to deny the motion and I just think

6    that, you know, it's not just that the time has passed

7    because that's a significant factor, but it's also because

8    this was a very, very hotly contested piece of litigation as

9    I know full well, and it -- we have a settlement that was

10   finalized, approved by me, on notice to GENBAND and others a

11   significant amount of time ago.  There is significant

12   prejudice here to the debtors under these circumstances, and

13   I think that the cases really, although perhaps, for

14   example, *Carlton Concrete,* is not directly on point, I think

15   that the rationale for the decision is equally applicable

16   here and my notes, you know, indicate that that Court found

17   that to permit that party to proceed would be unfair,

18   prejudicial, and contrary to the preservation of finality

19   where there was notice and there was a significant impact

20   potentially on other creditors.  And here, I think that the

21   equitable doctrine of laches clearly applies.  This is a

22   discretionary issue for the Court, and you know, I always

23   find that discretionary issues make it more important for me

24   to be careful because it is discretionary and parties are

25   counting on me to be fair.  But the fact that the settlement

1  itself took into account that there were no objections, by

2  approval, took into account that there were no objections,

3  and for GENBAND now to come along and seek discovery which,

4  frankly, would -- is claim-related, I just think is

5  inappropriate.  So I am going to deny the motion.

6          I will say this, and Mr. Herrington has indicated

7  it, I think it's important for the debtors to sit down with

8  GENBAND because there's nothing that prevents them from now

9  pursuing a claim or litigation.  That would certainly not be

10 in anyone's interest at this time.  I'm not suggesting that

11 I would look favorably upon such litigation, but someone

12 once told me, you know, anybody can sue; the question is can

13 they collect.  And just suing, has significant implications

14 in a case such as this.  So I would hope that a sit-down and

15 a discussion with GENBAND might prevent that from happening

16 and that's, I think, in everyone's interest, including

17 GENBAND's.  But I will say that I just think that the proper

18 exercise of discretion is to deny the motion and that is

19 what I will do.

20         MR. HERRINGTON:  Thank you, Your Honor.

21         THE COURT:  Thank you, Mr. Herrington.  Thank

22 you, Mr. Riley, for a good argument and --

23         MR. ABBOTT:  Your Honor, I think that concludes

24 things for today.

25         THE COURT:  All right.  It was good to see

1  everyone and walk slowly or drink a lot of water out there

2  and be careful.

3          MR. ABBOTT:  Thank you, Your Honor.

4          THE COURT:  And thank you.  We'll stand in

5  recess, everyone.  Good day to you.

6          MR. HERRINGTON:  Thank you, Your Honor.

7    (Whereupon, at 10:43 a.m., the hearing was adjourned.)

8

9                    CERTIFICATION

10         I certify that the foregoing is a correct

11  transcript from the electronic sound recording of the

12  proceedings in the above-entitled matter.

13

14  _____        21 June 2012
15  Tammy L. Kelly, Transcriber                 Date
16  Diaz Data Services, LLC

17

| Word | Page:Line |
|---|---|
| **580,that**(1) 11:25 | |
| **a.m**(2) 5:1 34:7 | |
| **abbott**(6) 1:26 5:25 6:2 6:3 33:23 34:3 | |
| **about**(6) 10:19 11:12 11:18 21:16 29:24 31:13 | |
| **aboveentitled** (1) 34:12 | |
| **absolutely**(7) 6:3 11:20 15:1 15:6 15:7 15:19 16:9 | |
| **accept**(1) 20:18 | |
| **account**(2) 33:1 33:2 | |
| **achieve**(1) 14:12 | |
| **achieved**(1) 18:17 | |
| **across**(1) 22:23 | |
| **action**(1) 14:24 | |
| **actively**(2) 17:12 17:15 | |
| **actual**(4) 10:23 15:23 16:1 26:17 | |
| **actually**(11) 8:7 8:20 8:22 9:14 16:4 17:25 25:2 25:15 27:10 30:4 30:15 | |
| **addition**(3) 13:8 17:13 24:5 | |
| **address**(4) 11:3 11:15 13:22 22:7 | |
| **addressed**(1) 16:20 | |
| **adjourned**(1) 34:7 | |
| **administered**(1) 1:5 | |
| **administration**(1) 2:18 | |
| **administrative**(1) 6:19 | |
| **admits**(1) 28:23 | |
| **admitted**(1) 27:22 | |
| **adversarial**(1) 21:6 | |
| **adversary**(8) 7:18 7:19 8:1 8:10 9:3 19:15 25:9 25:9 | |
| **adverse**(1) 21:8 | |
| **advisor**(1) 3:32 | |
| **affect**(1) 18:15 | |
| **affected**(2) 9:18 9:19 | |
| **after**(3) 14:4 19:11 19:15 | |
| **again**(7) 16:18 17:21 23:12 26:13 29:16 30:1 30:19 | |
| **against**(19) 6:21 6:23 7:19 8:3 8:15 8:25 12:12 12:17 12:24 16:22 16:22 21:11 25:25 26:15 27:14 27:15 28:5 28:7 28:21 | |
| **agenda**(3) 5:8 6:12 7:6 | |
| **ago**(4) 12:15 30:16 30:17 32:11 | |
| **agreed**(4) 6:17 10:2 14:5 17:5 | |
| **agreement**(7) 6:16 8:12 14:16 17:6 19:10 27:20 28:1 | |
| **air-conditioning**(1) 24:18 | |
| **akin**(3) 2:11 3:13 24:13 | |
| **all**(33) 5:13 5:19 6:5 6:7 6:24 7:8 9:9 10:7 16:18 17:19 17:22 18:1 18:2 18:3 18:7 19:20 20:5 20:8 20:25 21:20 22:1 22:23 23:10 24:4 25:24 28:9 29:8 29:23 30:10 31:13 31:24 32:2 33:25 | |
| **allen**(1) 3:28 | |
| **allow**(5) 19:13 21:3 22:3 29:6 30:2 | |
| **allows**(1) 6:19 | |
| **almost**(1) 13:10 | |
| **along**(2) 5:10 33:3 | |
| **also**(9) 9:15 11:17 20:11 20:24 25:14 28:8 28:15 28:22 28:22 32:7 | |
| **although**(2) 24:18 32:13 | |
| **always**(2) 10:10 32:22 | |
| **america**(2) 3:20 3:20 | |
| **amount**(7) 6:20 6:21 6:23 17:3 19:25 20:4 32:11 | |

| Word | Page:Line |
|---|---|
| **and**(201) 5:9 5:13 5:17 6:11 6:16 6:17 6:20 6:22 7:2 7:2 7:3 7:6 7:18 7:20 7:22 8:1 8:2 8:5 8:10 8:12 8:14 8:22 9:4 9:5 9:6 9:7 9:8 9:11 9:12 9:22 10:13 10:17 10:18 10:23 10:24 10:25 10:25 11:1 11:1 11:6 11:18 11:14 11:15 11:16 11:21 11:22 12:2 12:6 12:8 12:10 12:14 12:15 13:4 13:5 13:7 13:8 13:17 13:23 13:23 14:2 14:3 14:5 14:13 14:15 14:20 14:21 14:23 15:8 15:18 15:19 15:21 15:25 16:1 16:5 16:7 16:11 16:13 16:15 16:18 16:18 16:21 16:24 17:4 17:5 17:14 17:7 17:23 18:3 18:8 18:8 18:10 18:12 18:23 18:24 18:24 19:2 19:4 19:5 19:14 19:16 19:21 20:5 20:7 20:11 20:12 20:14 20:16 20:17 20:17 20:20 20:22 20:23 20:25 21:6 21:8 21:10 21:14 21:16 21:22 21:24 22:6 22:7 22:8 22:16 22:24 23:3 23:6 23:10 23:17 23:21 24:7 24:23 25:2 25:4 25:6 25:7 25:9 25:11 25:13 25:19 25:21 26:3 26:11 26:12 26:19 26:22 26:23 27:1 27:3 27:3 27:19 27:21 27:22 27:23 28:5 28:18 28:21 28:25 29:5 29:10 29:12 29:13 29:16 29:19 29:21 29:24 30:6 30:8 30:11 30:11 30:12 30:19 30:19 31:12 31:14 31:20 32:3 32:3 32:5 32:9 32:10 32:12 32:16 32:18 32:19 32:20 32:22 32:24 33:3 33:6 33:13 33:14 33:16 33:18 33:22 34:1 34:2 34:4 | |
| **andrew**(1) 2:47 | |
| **annie**(1) 2:17 5:5 | |
| **another**(2) 6:22 20:7 | |
| **answer**(1) 21:24 | |
| **any**(12) 7:16 8:3 8:17 9:22 9:25 11:2 11:2 11:21 11:27 22:8 23:5 | |
| **anybody**(2) 22:1 33:12 | |
| **anymore**(3) 5:23 22:1 25:17 | |
| **anyone**(4) 5:14 6:8 7:3 25:25 | |
| **anyone's**(1) 33:10 | |
| **anything**(2) 9:5 9:9 | |
| **apa**(4) 9:23 9:25 10:1 10:5 | |
| **apparatus**(4) 15:9 17:10 30:10 31:14 | |
| **apparently**(1) 18:25 | |
| **appear**(3) 11:1 29:19 30:11 | |
| **appearances**(1) 2:37 | |
| **appeared**(1) 16:20 | |
| **applicable**(1) 32:15 | |
| **applications**(2) 5:9 5:11 | |
| **applies**(3) 19:8 19:20 32:21 | |
| **appointed**(1) 14:1 | |
| **appreciate**(1) 26:10 | |
| **apprised**(1) 25:5 | |
| **approach**(2) 5:20 6:25 | |
| **appropriate**(4) 20:7 21:1 24:6 26:20 | |
| **approval**(5) 15:16 19:11 19:14 29:7 33:2 | |
| **approved**(7) 8:10 10:25 16:24 18:8 18:8 18:23 32:14 | |
| **are**(23) 10:21 12:10 14:19 15:22 16:4 17:20 18:7 18:9 18:13 18:21 21:16 21:22 22:1 22:3 22:21 25:14 25:17 25:18 29:11 29:17 30:4 30:22 32:24 | |
| **aren't**(1) 25:17 | |
| **argue**(1) 17:9 17:9 | |
| **argument**(3) 11:10 20:23 33:22 | |
| **arsht**(2) 1:25 5:5 | |
| **aside**(1) 30:11 | |
| **asked**(1) 21:25 | |
| **asking**(3) 23:12 23:24 27:21 | |
| **aspect**(1) 14:13 | |
| **assembled**(1) 32:3 | |
| **asserted**(3) 13:21 22:13 32:2 | |
| **asserting**(1) 16:5 | |
| **assessment**(1) 20:4 | |
| **assets**(9) 7:16 7:24 8:4 8:16 9:17 9:17 21:10 26:21 26:22 | |
| **assist**(2) 17:18 17:21 | |

| Word | Page:Line |
|---|---|
| **assisting**(1) 17:15 | |
| **astronomers**(1) 5:23 | |
| **attention**(4) 18:25 19:3 30:8 30:9 | |
| **attorney**(1) 27:22 | |
| **audible**(1) 26:1 | |
| **aurelius**(2) 4:23 4:24 | |
| **available**(1) 7:23 | |
| **avenue**(1) 2:28 | |
| **avoid**(1) 15:15 | |
| **b.r**(1) 11:25 | |
| **back**(8) 17:22 18:11 19:2 19:3 21:24 22:2 29:4 31:17 | |
| **back-and-forth**(1) 13:10 | |
| **background**(1) 11:17 | |
| **balance**(1) 16:19 | |
| **bank**(2) 3:20 3:20 | |
| **bankruptcy**(10) 1:1 1:21 9:18 10:22 14:9 19:13 21:14 26:24 28:4 28:8 | |
| **bar**(1) 27:3 | |
| **barclays**(2) 3:42 3:42 | |
| **barred**(3) 27:1 27:20 27:25 | |
| **barring**(2) 8:24 28:24 | |
| **bars**(3) 8:11 8:13 29:7 | |
| **basically**(2) 19:5 25:11 | |
| **basis**(3) 7:18 7:25 23:24 | |
| **battle**(1) 26:4 | |
| **because**(17) 10:14 11:12 15:2 15:13 20:3 23:11 27:1 27:11 30:3 30:4 30:7 30:8 32:2 32:7 32:7 32:24 33:8 | |
| **been**(17) 7:25 9:18 11:3 14:17 15:9 16:10 16:11 16:13 17:11 17:17 17:22 18:5 18:22 19:15 26:23 28:2 31:20 | |
| **before**(8) 1:20 10:24 11:5 11:6 11:15 16:13 16:23 25:8 | |
| **begin**(1) 11:17 | |
| **behalf**(2) 5:6 7:13 | |
| **being**(6) 11:15 15:25 21:11 29:12 30:15 31:14 | |
| **belatedly**(1) 19:9 | |
| **belief**(1) 13:5 | |
| **believe**(6) 8:9 12:5 12:16 26:14 26:20 29:5 | |
| **believed**(1) 27:2 | |
| **belknap**(1) 3:38 | |
| **belonged**(1) 22:12 | |
| **benefit**(1) 26:9 | |
| **berger**(1) 3:7 | |
| **big**(1) 9:13 | |
| **bit**(2) 24:19 24:21 | |
| **bland**(1) 17:9 | |
| **board**(1) 11:24 | |
| **boelter**(1) 3:15 | |
| **book**(1) 5:23 | |
| **both**(8) 12:15 12:16 12:24 14:14 17:4 20:23 29:10 29:10 | |
| **bottom**(1) 14:18 | |
| **bought**(1) 28:8 | |
| **brad**(2) 2:13 24:12 | |
| **brand**(1) 13:7 | |
| **breach**(3) 10:5 22:13 26:18 | |
| **brian**(1) 3:9 | |
| **brief**(4) 10:13 10:14 13:17 24:17 | |
| **briefly**(2) 10:18 29:9 | |
| **bring**(8) 8:5 16:17 21:15 21:18 21:19 23:10 27:15 29:2 | |
| **bringing**(2) 8:24 25:8 | |
| **bromley**(1) 2:47 | |
| **brought**(2) 17:4 18:16 | |
| **bryant**(1) 2:14 | |
| **burden**(4) 22:21 25:4 25:11 25:22 | |
| **business**(3) 22:21 23:5 31:1 | |
| **businesspeople**(2) 17:13 17:14 | |

| Word | Page:Line |
|---|---|
| **bussigel**(1) 1:33 | |
| **but**(39) 5:14 5:23 9:2 9:23 10:4 11:12 11:17 12:7 12:23 13:6 14:12 16:23 17:7 17:13 19:4 20:3 20:24 21:5 21:20 22:2 22:8 23:7 23:17 23:25 24:21 26:7 26:10 26:13 26:17 27:3 28:6 30:16 30:23 31:5 31:22 32:7 32:25 33:11 33:17 | |
| **buy**(1) 22:20 | |
| **buyer**(2) 23:1 23:5 | |
| **cala**(1) 6:21 | |
| **came**(1) 14:10 | |
| **can**(13) 9:16 9:20 21:15 21:15 21:18 23:5 23:6 23:10 28:23 30:20 30:22 33:12 33:12 | |
| **cannot**(2) 12:6 20:24 27:15 | |
| **can't**(6) 19:1 20:15 23:7 23:11 24:5 31:21 | |
| **capital**(5) 3:42 3:42 4:1 4:23 4:24 | |
| **careful**(2) 32:24 34:2 | |
| **carefully**(1) 15:18 | |
| **carlton**(8) 7:21 8:21 19:1 19:7 20:11 27:6 27:7 32:14 | |
| **case**(22) 1:4 5:14 8:18 8:19 8:21 8:21 9:2 9:18 12:3 12:24 13:18 15:8 17:12 18:4 18:16 19:1 27:6 27:6 27:21 28:23 28:24 33:14 | |
| **cases**(1) 32:13 | |
| **casgrain**(2) 4:19 4:19 | |
| **categorically**(1) 15:7 | |
| **category**(1) 9:20 | |
| **caused**(2) 9:15 10:15 | |
| **certain**(2) 17:3 19:25 | |
| **certainly**(11) 6:10 7:1 11:9 11:15 16:17 18:4 21:7 21:16 23:25 29:21 33:9 | |
| **certification**(1) 34:9 | |
| **certify**(1) 34:10 | |
| **cetus**(1) 4:1 | |
| **chambers**(1) 5:10 | |
| **change**(2) 8:17 8:20 | |
| **chapter**(1) 1:7 | |
| **choose**(3) 22:9 23:10 30:7 | |
| **chosen**(1) 16:21 16:22 | |
| **chris**(1) 2:5 | |
| **chung**(1) 3:21 | |
| **circuit**(4) 22:21 22:22 23:8 26:24 | |
| **circumstances**(7) 12:8 12:11 14:25 20:25 21:2 23:18 32:12 | |
| **cited**(2) 8:18 8:20 | |
| **citi**(2) 4:5 4:5 | |
| **civilian**(1) 21:13 | |
| **claim**(36) 6:16 6:19 6:20 6:22 8:15 9:24 10:5 11:12 11:4 15:13 16:3 16:18 17:4 18:12 19:6 21:11 21:15 21:17 21:19 21:20 22:4 22:9 22:10 22:11 22:21 23:10 23:24 28:5 28:6 28:7 28:21 29:4 30:20 30:23 31:3 33:9 | |
| **claim-related**(1) 33:4 | |
| **claimants**(1) 12:24 | |
| **claimant's**(1) 19:12 | |
| **claims**(28) 6:17 6:18 7:2 8:3 8:5 8:25 12:17 13:11 13:12 14:20 15:24 16:5 16:13 16:13 16:20 19:24 19:25 22:13 25:19 26:15 26:16 26:17 27:15 28:18 28:18 29:1 29:11 32:2 | |
| **clear**(1) 26:11 | |
| **clearly**(3) 9:16 9:19 32:21 | |
| **cleary**(3) 1:32 2:40 17:12 | |
| **client**(2) 7:14 7:22 | |
| **coercive**(1) 21:23 | |
| **collect**(1) 33:13 | |
| **come**(7) 16:6 19:1 20:7 27:4 28:20 29:23 33:3 | |
| **comes**(1) 18:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| commendably(1) | 10:13 | creditors(3) | 3:13 20:13 32:20 | disputes(1) | 13:25 | example(1) | 32:14 |
| comment(1) | 31:25 | creditors'(1) | 2:4 | disputing(2) | 26:11 26:12 | excuse(1) | 30:9 |
| comments(2) | 5:11 6:15 | creditor's(1) | 20:5 | distinguishable(1) | 27:6 | excused(1) | 7:4 |
| committed(1) | 3:12 | critical(1) | 14:13 | distributed(1) | 17:3 | exercise(2) | 9:25 33:18 |
| committee(7) | 2:4 3:5 20:5 24:13 24:15 24:22 25:5 | ctdi(10) | 12:12 12:17 12:24 13:2 13:3 13:5 13:21 16:22 25:6 29:22 | district(2) | 1:2 14:8 | expense(2) | 6:19 25:11 |
| | | | | disturb(1) | 18:21 | expensive(1) | 13:23 |
| committee's(1) | 25:20 | ctdi's(1) | 13:18 | divided(2) | 14:16 17:7 | explain(3) | 10:15 12:2 23:18 |
| communication(1) | 7:19 | daniel(1) | 3:39 | doctrine(1) | 32:21 | explains(1) | 11:25 |
| company(4) | 3:38 4:9 6:16 11:25 | data(1) | 1:41 34:16 | documents(4) | 18:1 31:20 31:21 32:3 | explicit(1) | 29:15 |
| complaint(1) | 8:6 | date(1) | 34:15 | does(1) | 24:5 | expressly(1) | 29:11 |
| complaints(2) | 12:16 12:18 | david(2) | 1:34 3:15 | doesn't(3) | 28:1 31:4 31:4 | extensive(1) | 9:10 |
| completely(1) | 16:11 | day(5) | 5:21 5:24 6:4 23:9 34:5 | doing(2) | 25:7 25:21 | extent(2) | 9:23 10:2 |
| components(1) | 13:6 | deal(2) | 20:17 20:19 | done(2) | 19:3 30:10 | fabricating(1) | 13:7 |
| compromise(1) | 20:3 | dealing(3) | 10:21 10:21 25:19 | don't(15) | 5:22 8:9 9:22 10:3 10:18 21:25 23:21 26:14 26:16 29:22 30:8 30:23 31:19 31:21 31:23 | faced(2) | 24:1 29:23 |
| compromised(1) | 29:12 | debenture(1) | 3:37 | | | fact(4) | 8:9 15:25 20:12 32:25 |
| compromises(2) | 14:12 30:22 | debtor(23) | 1:25 2:39 7:15 7:17 8:15 9:5 19:16 21:2 24:8 25:12 26:16 26:22 28:5 28:7 28:9 28:16 28:21 28:23 29:1 29:2 30:2 30:14 31:6 | | | factor(1) | 32:7 |
| compulsive(2) | 30:13 30:24 | | | down(2) | 25:18 33:7 | factors(1) | 31:23 |
| conaway(1) | 2:18 | | | drafting(1) | 8:6 | facts(5) | 12:8 12:10 17:16 20:25 23:17 |
| concern(4) | 10:17 11:2 31:2 32:4 | | | drink(1) | 34:1 | failed(1) | 18:24 |
| concerned(1) | 11:12 | | | drop(1) | 6:9 | failure(1) | 9:25 |
| concerns(1) | 7:23 | | | drove(1) | 22:11 | fair(1) | 32:25 |
| concludes(1) | 33:23 | debtors(12) | 1:11 5:6 8:3 8:18 25:1 25:5 25:8 26:14 31:6 32:1 32:12 33:7 | duane(2) | 2:26 7:13 15:21 | fall(2) | 9:19 18:9 |
| concrete(3) | 19:1 19:8 32:14 | | | during(1) | 19:10 | farr(1) | 4:14 |
| confront(1) | 17:8 | | | ecro(1) | 1:39 | favorably(1) | 33:11 |
| considerations(1) | 16:19 | debtors'(5) | 6:12 24:16 25:23 28:3 28:4 | effect(1) | 19:12 | fee(2) | 5:9 5:11 |
| consolation(1) | 22:8 | decide(2) | 23:15 23:25 | efficient(1) | 25:19 | fees(1) | 6:8 |
| consolidated(1) | 12:18 | decided(2) | 20:1 20:3 | effort(1) | 25:7 | feld(3) | 2:12 3:14 24:13 |
| constituency(1) | 21:14 | deciding(1) | 21:18 | eggert(1) | 3:25 | few(1) | 25:17 |
| constituents(1) | 20:6 | decision(2) | 20:1 32:15 | eight(2) | 30:16 30:17 | fiduciary(1) | 25:3 |
| consult(1) | 20:6 | declined(1) | 13:18 | either(3) | 9:25 21:15 31:3 | fields(1) | 23:7 |
| consultation(1) | 20:5 | declines(1) | 12:3 | electronic(1) | 1:48 34:11 | file(2) | 13:13 28:21 |
| consulted(1) | 25:1 | defendant(4) | 8:25 27:16 28:24 29:12 | else(1) | 15:10 25:25 | filed(6) | 6:17 12:14 12:16 15:15 22:2 24:15 |
| consummated(4) | 16:14 16:24 17:2 18:9 | defenses(1) | 9:7 | emerged(1) | 12:24 | finality(2) | 19:17 32:18 |
| contested(1) | 32:8 | definitely(1) | 6:5 | emily(1) | 1:33 | finalized(1) | 32:10 |
| context(1) | 11:16 | delaware(4) | 1:2 1:12 2:28 5:1 | emphasize(1) | 11:23 | finally(1) | 22:6 |
| continue(1) | 16:21 | demand(1) | 24:1 | employees(3) | 25:15 25:17 25:20 | financial(1) | 3:32 |
| continued(1) | 2:2 | dennis(1) | 3:47 | end(1) | 23:9 | find(2) | 21:4 32:23 |
| contract(10) | 10:5 10:21 12:25 21:9 21:12 22:13 26:18 28:18 28:18 28:19 | deny(5) | 24:7 25:23 32:5 33:5 33:18 | ended(2) | 13:4 13:5 | findable(1) | 18:4 |
| | | denying(1) | 19:12 | ends(1) | 26:14 | finding(1) | 17:16 |
| contractor(1) | 27:16 | depending(1) | 15:3 | engage(2) | 14:9 31:3 | finger(1) | 2:4 |
| contracts(1) | 10:20 | deposed(1) | 22:1 | engaged(1) | 13:22 | firm(1) | 9:12 |
| contrary(2) | 19:17 32:18 | deposition(1) | 21:25 | english(1) | 2:32 | first(5) | 5:9 5:15 5:21 5:24 6:3 |
| conversation(1) | 30:25 | derek(1) | 1:26 | enjoins(1) | 8:13 | focus(1) | 25:4 |
| cordo(15) | 1:27 5:3 5:4 5:5 5:8 5:13 5:17 5:19 6:6 6:7 6:11 6:25 7:5 7:9 7:10 | describing(1) | 15:24 | enrichment(1) | 22:16 | focused(3) | 20:12 25:18 25:21 |
| | | design(1) | 7:20 | entered(1) | 17:10 | foley(1) | 3:33 |
| | | desk(1) | 12:21 | entire(6) | 15:9 17:10 18:5 18:14 25:1 25:6 | folks(1) | 15:22 |
| corporate(1) | 15:21 | destroy(1) | 18:1 | entirely(1) | 25:10 | followed(1) | 16:12 |
| correct(2) | 9:5 34:10 | destroyed(1) | 31:20 | entitled(1) | 21:22 | for(66) | 1:2 1:25 2:4 2:18 2:26 2:32 2:39 3:1 3:5 3:12 3:20 3:24 3:28 3:32 3:37 3:42 3:46 4:1 4:5 4:9 4:13 4:18 4:23 5:4 6:8 7:4 7:7 7:18 8:3 8:15 9:16 9:22 10:20 11:8 12:18 12:22 13:4 13:7 13:10 14:4 18:14 19:21 19:25 20:3 21:20 21:25 22:13 22:24 23:3 23:7 23:24 24:13 26:9 26:18 26:18 28:7 31:17 32:13 32:15 32:22 32:23 33:3 33:7 33:22 33:24 |
| cost(3) | 25:4 25:7 25:11 | determine(2) | 8:2 28:1 | entity(1) | 8:21 | |
| could(13) | 5:8 5:14 12:8 13:12 14:16 17:23 20:1 21:19 27:3 28:22 29:1 30:6 30:25 | determined(1) | 28:4 | equally(1) | 32:15 | |
| | | devon(1) | 3:25 | equipment(1) | 6:15 | |
| | | dialed(1) | 5:24 | equitable(1) | 32:21 | |
| counsel(4) | 7:7 15:20 15:21 19:21 | diaz(2) | 1:41 34:16 | ernst(2) | 3:28 3:33 | |
| counterclaims(1) | 13:21 | did(9) | 8:2 11:1 14:12 16:18 18:25 25:8 26:7 26:13 26:14 | especially(2) | 17:7 18:22 | |
| counting(1) | 32:25 | | | esq(29) | 1:26 1:27 1:33 1:34 2:5 2:13 2:20 2:27 2:33 2:42 2:43 2:45 2:47 3:2 3:7 3:9 3:15 3:17 3:25 3:29 3:34 3:39 3:43 3:47 4:5 4:6 4:10 4:15 4:20 4:26 | foregoing(1) | 34:10 |
| couple(1) | 24:18 | didn't(11) | 16:16 16:16 16:17 16:17 22:20 27:22 27:23 28:19 28:20 29:1 29:17 | | | forget(1) | 10:18 |
| course(6) | 10:5 10:10 16:1 19:23 27:25 31:10 | | | essentially(1) | 11:6 | form(2) | 5:19 6:18 |
| | | different(2) | 16:11 28:23 | estate(7) | 21:4 21:7 21:11 21:23 25:3 25:12 28:3 | formed(1) | 7:25 |
| court(81) | 1:1 5:2 5:7 5:12 5:16 5:18 5:21 6:2 6:5 6:10 6:24 7:1 7:8 7:10 7:21 9:1 10:7 10:10 10:14 10:15 10:16 10:22 11:8 11:12 11:20 12:1 12:2 12:3 12:13 12:19 12:21 13:1 13:15 13:20 14:7 14:9 14:23 15:2 15:11 15:15 15:17 16:7 16:24 18:3 19:8 19:13 19:19 20:11 20:11 20:15 20:21 22:19 23:2 23:14 23:16 23:24 24:2 24:9 24:11 24:14 24:20 24:25 25:4 26:2 26:6 26:9 27:9 27:21 27:24 28:11 29:8 29:14 30:15 30:18 31:9 31:12 31:24 32:16 32:22 33:21 33:25 34:4 | directly(2) | 19:8 32:14 | | | forward(1) | 28:20 |
| | | directors(1) | 11:24 | estates(2) | 17:4 25:18 | found(1) | 32:16 |
| | | disbanded(1) | 31:14 | esther(1) | 3:21 | four(1) | 17:13 |
| | | disclosure(1) | 12:1 | et,al(1) | 2:40 | frankly(1) | 33:4 |
| | | discovered(1) | 13:9 | et.al(1) | 1:8 | fraser(2) | 4:18 4:19 |
| | | discovery(16) | 7:15 9:10 10:3 13:23 13:25 14:1 16:8 16:16 25:22 25:25 27:8 29:3 30:13 31:15 31:22 33:3 | even(6) | 9:6 12:7 17:8 23:8 25:15 29:23 | fraud(1) | 22:14 |
| | | | | event(1) | 9:13 | fred(1) | 3:17 |
| | | discretion(7) | 11:23 12:2 12:3 12:9 20:25 24:6 33:18 | everybody(1) | 23:6 | freeborn(1) | 3:24 |
| | | | | everyday(1) | 31:1 | from(14) | 6:15 7:13 7:15 7:17 8:11 8:24 12:25 19:7 27:3 28:24 29:3 33:8 33:15 34:11 |
| courtroom(1) | 1:10 | discretionary(4) | 11:18 32:22 32:23 32:24 | everyone(5) | 5:2 34:1 34:5 | |
| courts(2) | 11:22 18:21 | discuss(2) | 21:16 30:21 | everyone's(2) | 10:2 33:16 | fruitful(1) | 14:10 |
| court's(6) | 8:12 11:23 12:9 15:16 20:24 | discusses(1) | 19:1 | everything(4) | 24:7 26:14 27:3 31:14 | full(1) | 32:9 |
| create(1) | 9:13 | discussing(1) | 30:22 | evidence(1) | 17:16 | fully(1) | 27:12 |
| creditor(1) | 21:6 | discussion(2) | 31:3 33:15 | exact(1) | 20:3 | fundamental(2) | 18:13 29:16 |
| | | dismantled(4) | 11:7 15:8 17:11 18:6 | exactly(3) | 20:14 24:4 27:20 | fung(1) | 2:43 |
| | | dismiss(2) | 13:17 13:18 | examination(3) | 11:22 12:4 31:7 | future(1) | 8:24 |
| | | | | | | gallagher(1) | 4:14 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| gave(2) 13:24  18:17 | | helps(1) 23:18 | | investigation(4) 8:14  8:14  9:11  25:8 | | letter(1) 30:20 | |
| gearing(1) 31:16 | | here(29) 7:14  8:4  9:2  9:13  12:8  15:23 | | invoke(3) 20:24  23:21  24:5 | | let's(2) 5:16  18:11 | |
| genband(29) 2:26  7:6  7:7  7:13  9:15  10:23 | | 18:7  18:9  18:25  19:8  19:20  20:23  21:1 | | involved(3) 24:22  25:16  27:13 | | liberty(1) 1:35 | |
| 14:24  15:20  15:23  17:9  18:10  18:25  19:21 | | 21:18  22:10  24:7  24:19  25:3  27:25  28:9 | | ironic(1) 26:25 | | license(1) 23:6 | |
| 20:9  20:23  21:1  21:8  22:8  23:9  26:12 | | 28:12  28:19  29:4  29:22  30:3  31:15  32:12 | | issue(10) 11:2  11:3  11:13  11:16  20:23 | | like(4) 10:8  10:14  19:4  30:25 | |
| 26:15  26:20  29:18  29:19  30:2  32:10  33:3 | | 32:16  32:20 | | 21:21  21:21  24:3  25:5  32:22 | | likelihood(1) 24:2 | |
| 33:8  33:15 | | herringer(1) 22:20 | | | | limited(5) 4:14  7:15  9:10  31:15  31:18 | |
| | | herrington(40) 1:34  10:11  10:12  10:17 | | issues(5) 14:2  14:4  14:11  15:20  32:23 | | linchpin(2) 14:18  29:16 | |
| genband's(6) 12:6  15:20  15:21  26:15 | | 11:11  11:14  11:21  12:14  12:20  12:22  13:2 | | item(3) 6:11  6:12  7:6 | | line(1) 14:18  23:1 | |
| 26:19  33:17 | | 13:16  13:21  14:8  15:1  15:6  16:3  16:9 | | its(2) 12:3  20:9 | | lines(1) 22:24 | |
| | | 16:9  19:20  20:14  20:22  23:3  23:15  23:17 | | itself(3) 21:7  29:10  33:1 | | liquidating(1) 25:12 | |
| general(5) 6:20  6:22  15:20  27:16  28:6 | | 24:4  24:9  24:10  24:17  25:14  29:8  29:9 | | it's(30) 5:23  6:3  9:22  10:1  11:23  16:25 | | lisa(2) 2:45  3:29 | |
| get(10) 5:14  7:15  9:9  13:11  14:21  19:24 | | 29:15  30:17  30:19  31:9  33:6  33:20  33:21 | | 18:13  18:19  19:6  20:17  20:17  20:18  21:5 | | litigant(1) 21:13 | |
| 21:22  28:21  31:10  31:18 | | 34:6 | | 22:8  23:4  23:20  26:2  26:25  28:5  28:9 | | litigate(4) 16:21  16:22  20:2  31:5 | |
| | | he's(1) 27:25 | | 28:11  28:12  28:15  28:15  30:1  30:16  31:12 | | litigated(1) 18:17 | |
| gets(2) 28:3  31:4 | | hodara(1) 3:17 | | 32:6  32:7  33:7 | | litigating(1) 14:4 | |
| getting(5) 11:15  12:15  14:19  19:3  22:6 | | hondo(2) 4:1  4:2 | | | | litigation(15) 8:22  8:23  17:10  24:23  25:6 | |
| ginger(1) 1:39 | | honor(68) 5:4  6:1  6:8  6:12  7:5  7:12  7:13 | | i'll(3) 5:18  24:17  31:24 | | 25:17  27:12  27:13  29:24  30:10  31:14 | |
| give(3) 14:20  19:24  31:21 | | 8:5  8:9  8:10  9:11  9:21  10:8  10:12  10:20 | | i'm(6) 12:19  20:16  29:4  29:24  32:5  33:10 | | 31:17  32:8  33:9  33:11 | |
| given(2) 30:4  30:5 | | 11:7  11:14  11:17  11:19  11:22  12:5  12:10 | | i've(6) 6:6  7:1  26:4 | | | |
| giving(1) 12:1 | | 12:11  13:13  13:17  13:18  13:23  13:25  14:5 | | jack(1) 4:15 | | little(2) 24:19  24:21 | |
| goes(5) 12:2  20:23  20:24  23:25  25:13 | | 14:13  15:1  15:6  15:15  16:9  16:14  16:18 | | james(1) 2:42 | | llc(3) 1:41  3:46  34:16 | |
| going(8) 9:24  11:4  27:10  29:2  29:4  29:18 | | 16:25  17:7  18:12  18:20  19:7  19:21  20:14 | | jefferies(2) 4:9  4:9 | | llp(12) 1:25  2:12  2:19  2:26  3:1  3:6  3:14 | |
| 32:5  33:5 | | 20:19  21:15  22:3  22:6  22:7  22:12  23:4 | | jersey(1) 14:8 | | 3:24  3:28  3:33  3:33  4:14 | |
| | | 23:13  23:18  24:4  24:10  24:12  26:5  26:10 | | joanne(1) 3:34 | | | |
| gone(4) 17:20  22:1  22:2  22:3 | | 28:20  29:9  30:1  30:17  30:19  31:8  31:13 | | job(1) 8:16 | | longer(1) 24:19  32:2 | |
| good(5) 5:2  5:3  5:4  7:10  7:12  10:11 | | 33:20  33:23  34:4  34:6 | | joinder(1) 24:16 | | look(3) 9:4  28:16  33:11 | |
| 10:12  24:11  24:12  33:22  33:25  34:5 | | | | joint(1) 2:18 | | looking(1) 9:21 | |
| | | honorable(1) 1:20 | | jointly(1) 1:5 | | lose(1) 23:11 | |
| got(12) 14:3  14:3  18:18  21:10  26:4  27:1 | | honor's(2) 10:22  21:18 | | judge(1) 1:20  1:21  14:6 | | lot(8) 8:18  13:24  14:11  14:11  14:12  14:21 | |
| 27:19  30:6  30:20  31:2  31:2  31:3 | | hope(1) 33:14 | | judging(1) 5:25 | | 28:22  34:1 | |
| | | hopewell(1) 11:24 | | judgments."(1) 19:18 | | | |
| gotten(1) 20:2 | | hotly(1) 32:8 | | | | lowenthal(1) 3:39 | |
| gottlieb(3) 1:32  2:40  17:12 | | how(6) 14:15  14:19  17:6  23:5  25:7  31:23 | | june(3) 1:15  5:1  34:14 | | ltd(1) 6:16 | |
| granted(3) 12:7  12:8  12:9 | | | | just(37) 5:25  7:4  7:23  8:1  8:7  9:4  9:7 | | lyons(1) 14:6 | |
| gray(1) 3:2 | | impact(2) 20:13  32:19 | | 9:10  10:1  10:8  10:18  10:21  13:5  18:13 | | mace(1) 1:39 | |
| gross(1) 1:20 | | impacted(2) 26:23  26:23 | | 18:14  19:6  20:15  21:12  21:13  23:11  23:20 | | machine(1) 18:5 | |
| guangdong(1) 6:15 | | implications(1) 17:1  33:13 | | 24:17  24:21  26:11  28:6  28:21  28:25  29:9 | | made(7) 17:22  17:22  19:2  23:22  23:23 | |
| guidance(1) 14:3 | | important(5) 11:16  11:17  30:2  32:23  33:7 | | 30:25  31:11  31:18  31:24  32:5  32:6  33:3 | | 25:15  27:11 | |
| gump(3) 2:11  3:13  24:13 | | impose(2) 21:1  21:22  23:19  24:7  25:11 | | 33:13  33:17 | | | |
| guys(1) 5:10 | | 30:13  31:6 | | kahn(6) 2:13  24:12  24:12  24:15  24:24 | | mainly(2) 8:20  28:18 | |
| had(25) 5:11  5:14  6:17  12:17  13:2  13:12 | | | | kandestin(1) 2:20 | | make(7) 10:18  15:12  17:7  18:3  20:1  20:3 | |
| 13:17  13:22  14:17  14:19  15:2  15:9  15:25 | | improper(2) 12:6  23:19 | | keep(1) 23:6 | | 32:23 | |
| 16:10  16:14  16:15  16:20  17:4  17:5  17:11 | | in-house(1) 17:14 | | kelly(1) 34:15 | | | |
| 17:13  17:20  18:4  20:12  29:20 | | in-interest(1) 11:13 | | kept(2) 17:17  25:5 | | makes(1) 26:24 | |
| | | inappropriate(3) 22:5  25:10  33:5 | | kevin(1) 1:20 | | making(1) 8:11 | |
| half-a-year(1) 17:19 | | inc(8) 1:7  2:40  3:1  3:24  3:42  3:42  6:22 | | kind(3) 9:14  26:25  30:15 | | management(2) 4:24  4:24 | |
| hamilton(1) 1:32  2:41 | | 6:23 | | kinds(1) 22:24 | | manner(1) 25:19 | |
| handful(1) 25:14 | | | | king(3) 2:7  2:22  2:34 | | maris(1) 2:20 | |
| handling(1) 12:22 | | included(1) 15:20 | | know(32) 5:14  5:22  8:6  9:11  9:12  9:12 | | market(2) 1:11  1:28 | |
| happened(1) 18:7 | | including(1) 17:20  33:16 | | 9:22  10:3  13:8  15:22  17:8  17:11  18:11 | | master(2) 14:1  14:3 | |
| happening(2) 13:4  33:15 | | indicate(1) 32:16 | | 20:8  21:17  23:22  24:15  25:5  25:7  26:3 | | materials(1) 18:2 | |
| happens(1) 28:1 | | indicated(1) 33:6 | | 28:9  28:25  29:22  29:22  30:12  31:17  31:19 | | matter(3) 7:4  17:16  34:12 | |
| happy(1) 29:24 | | individuals(1) 17:19 | | 32:6  32:9  32:16  32:22  33:12 | | matthew(1) 4:26 | |
| hard(3) 28:9  28:11  28:15 | | indulgence(1) 10:13 | | | | mauro(1) 3:43 | |
| harder(1) 28:12 | | informal(1) 6:14 | | known(1) 15:2 | | may(25) 5:20  6:8  6:10  6:25  7:1  7:4  7:25 | |
| harrisburg(1) 1:43 | | informally(1) 21:17 | | knows(1) 28:9 | | 9:17  9:18  11:22  12:1  13:24  14:25  15:4 | |
| has(14) 7:23  10:15  17:11  18:5  18:22 | | information(6) 7:23  13:11  21:4  28:10 | | kraidin(1) 3:29 | | 16:4  21:17  24:20  26:3  26:6  26:16  26:22 | |
| 18:24  19:15  21:3  23:1  25:2  26:15  32:6 | | 31:18  32:3 | | laches(1) 32:21 | | 26:23  28:6  28:6  29:23 | |
| 33:6  33:13 | | | | laid(1) 17:17 | | | |
| hauer(3) 2:11  3:13  24:13 | | informed(1) 25:2 | | language(1) 19:7 | | maybe(2) 22:22  30:4 | |
| have(72) 5:17  5:19  6:13  6:14  6:18  6:20 | | infringement(1) 26:18 | | lardner(1) 3:33 | | mccarter(1) 2:32 | |
| 6:22  7:25  8:3  9:7  9:18  10:8  11:3  11:24 | | injunction(2) 27:14  27:23 | | last(3) 23:22  31:10  31:25 | | mean(3) 24:6  28:13  30:3 | |
| 14:16  14:17  15:4  15:8  15:14  16:11  16:12 | | innocuous(1) 17:9 | | lastowski(1) 9:13 | | meaning(1) 24:5 | |
| 16:20  16:21  16:22  16:23  17:8  17:17  17:22 | | insurance(1) 11:25 | | late(4) 18:14  18:19  19:6  23:20 | | means(1) 11:23 | |
| 17:23  18:12  19:6  19:9  20:1  20:2  20:6 | | intellectual(3) 7:16  7:24  28:17 | | later(5) 17:19  17:19  19:2  19:4  30:11 | | mechanism(1) 21:23 | |
| 20:13  21:11  22:1  22:7  22:10  22:10  22:11 | | intended(3) 13:7  21:3  21:5 | | laughter(1) 28:14 | | mediation(5) 14:5  14:9  17:5  24:24  25:7 | |
| 22:14  22:14  22:23  22:24  22:25  22:25  23:5 | | intense(1) 13:14 | | law(3) 3:37  8:18  26:24 | | meet(1) 23:11 | |
| 23:21  23:24  26:3  26:6  26:16  26:17  26:22 | | intensive(2) 13:23  20:1 | | lawsuit(10) 10:25  11:6  12:11  12:23  13:13 | | member(1) 21:14 | |
| 27:5  28:2  28:5  28:19  29:2  30:5 | | intensively(1) 14:4 | | 13:14  14:20  17:2  17:18  22:13 | | mercer(1) 3:24 | |
| 30:23  30:23  30:25  31:5  31:16  31:20  31:21 | | interest(19) 9:16  9:20  20:20  21:4  21:5 | | | | merits(2) 22:7  23:25 | |
| 32:2  32:9 | | 22:14  22:14  22:15  22:16  22:18  22:22 | | lawsuits(1) 12:23 | | message(1) 5:10 | |
| haven't(2) 23:22  23:23 | | 26:21  26:25  27:1  27:2  27:4  30:5  33:10 | | lawyer(1) 17:14 | | met(2) 13:16  14:2 | |
| having(1) 17:1 | | 33:16 | | lawyers(2) 17:12  18:4 | | michael(1) 4:20 | |
| heard(5) 10:24  16:2  16:3  16:15  30:6 | | international(1) 11:24 | | layton(1) 2:19 | | might(10) 16:21  16:22  18:12  20:2  20:13 | |
| hearing(3) 9:22  26:2  34:7 | | intimately(1) 24:22 | | lead(3) 10:3  10:4  10:4 | | 21:11  24:19  26:17  27:5  33:15 | |
| held(1) 19:13 | | into(15) 9:4  9:9  9:19  9:19  15:9  19:12  25:7 | | least(2) 5:22  26:6 | | | |
| help(2) 11:8  14:1 | | 28:3  30:12  31:23  33:1  33:2 | | lee(1) 3:34 | | milner(2) 4:18  4:19 | |
| helpful(1) 16:25 | | | | left(3) 12:21  25:15  25:18 | | mind(1) 11:9 | |
| | | investigate(2) 8:7  29:5 | | let(2) 5:13  21:1 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| minute(2) 11:8 18:11 | | occur(1) 8:2 | | phone(1) 6:8 | | question(6) 11:2 16:16 20:19 24:21 31:2 33:12 | |
| misappropriation(1) 26:19 | | occurred(4) 8:2 8:8 11:6 27:13 | | piece(1) 32:8 | | | |
| missed(1) 27:23 | | off(3) 6:9 17:17 18:2 | | place(1) 17:23 | | questions(2) 21:24 26:7 | |
| mistake(2) 19:2 27:11 | | offices(1) 15:21 | | placed(1) 19:21 | | quite(1) 10:14 | |
| moment(1) 9:23 | | official(2) 3:5 3:12 | | plaintiff(1) 27:18 | | raise(4) 11:1 16:3 16:16 16:17 | |
| money(11) 14:19 14:22 16:6 17:3 19:15 | | okay(1) 1:35 | | plaza(1) 1:35 | | raised(2) 19:20 20:19 | |
| 19:25 20:4 20:8 20:9 21:10 29:12 | | olivia(1) 3:43 | | please(4) 5:3 5:21 6:9 10:16 | | rationale(2) 23:3 32:15 | |
| | | omnibus(1) 6:13 | | pleased(1) 5:18 | | real(3) 10:15 10:17 31:1 | |
| monitor(1) 3:28 | | once(1) 33:12 | | podium(1) 7:7 | | really(16) 8:7 9:4 19:8 19:21 20:16 20:22 | |
| months(5) 14:5 17:19 30:11 30:16 30:17 | | one(16) 1:35 2:6 2:14 9:21 14:13 17:14 | | point(11) 10:19 11:18 11:25 13:25 23:22 | | 22:6 23:23 24:18 25:4 25:21 28:15 29:22 | |
| moore(1) 3:9 | | 17:17 17:20 18:13 20:15 21:25 23:4 23:5 | | 25:3 25:15 25:16 31:13 32:4 32:14 | | 31:19 31:23 32:13 | |
| more(6) 8:19 14:22 23:4 25:15 29:24 | | 24:21 25:3 26:2 | | | | | |
| morning(11) 5:2 5:3 5:4 5:9 7:10 7:12 | | | | points(1) 24:18 | | reason(1) 20:18 | |
| 10:11 10:12 10:19 24:11 24:12 | | only(3) 14:15 25:14 28:17 | | policy(1) 19:17 | | reasonable(1) 9:12 | |
| | | opportunity(6) 10:9 10:24 14:21 16:2 | | position(1) 25:3 | | reasons(1) 21:20 | |
| morris(5) 1:25 2:26 5:5 7:13 15:22 | | 16:15 30:6 | | possible(2) 14:24 14:24 | | rebecca(1) 4:6 | |
| motion(17) 7:6 7:14 9:17 12:6 13:16 | | | | post-petition(1) 28:7 | | recall(2) 12:11 24:22 | |
| 13:18 15:16 15:19 15:23 19:13 22:2 26:13 | | order(21) 5:9 5:15 5:18 5:19 6:6 6:14 | | posture(1) 22:4 | | received(5) 6:14 15:23 16:1 16:2 18:24 | |
| 29:10 31:12 32:5 33:5 33:18 | | 6:18 7:3 8:13 11:10 11:22 12:1 12:4 14:20 | | potential(1) 31:3 | | receiving(1) 20:4 | |
| | | 15:15 17:25 19:12 19:14 22:10 29:7 31:7 | | potentially(2) 14:23 32:20 | | recess(1) 34:5 | |
| move(1) 5:17 | | | | ppearances(2) 1:23 2:1 | | record(1) 5:5 | |
| moved(1) 18:4 | | orders(1) 10:22 | | precedent(1) 30:3 | | recorded(1) 1:48 | |
| much(3) 6:7 14:19 25:7 | | other(11) 7:16 7:24 13:9 18:1 18:5 20:13 | | prejudice(2) 32:1 32:12 | | recording(2) 1:48 34:11 | |
| necessary(1) 21:4 | | 23:10 25:19 26:19 29:18 32:20 | | prejudicial(4) 14:25 19:16 31:20 32:18 | | recreate(1) 25:11 | |
| needed(2) 11:5 16:12 | | | | preliminary(1) 24:21 | | reduction(1) 6:18 | |
| needs(1) 23:7 | | others(1) 32:10 | | prepared(1) 7:3 | | redundant(1) 6:17 | |
| negotiated(1) 14:11 | | otherwise(1) 17:17 | | preparing(1) 9:22 | | referred(1) 14:6 | |
| neil(1) 3:7 | | our(17) 8:15 9:2 9:12 10:17 12:5 13:4 | | present(2) 13:17 24:24 | | regarding(1) 7:15 | |
| networks(5) 1:7 2:40 3:1 6:21 6:23 | | 14:20 14:20 16:5 18:20 19:24 20:4 25:2 | | preservation(1) 32:18 | | regards(1) 6:14 | |
| new(6) 1:36 2:15 3:38 10:19 13:7 14:8 | | 28:7 28:19 29:1 31:22 | | preserving(1) 19:17 | | relate(1) 21:5 | |
| next(3) 6:11 7:5 25:13 | | | | prevent(1) 33:15 | | related(2) 22:17 29:3 | |
| nice(2) 18:16 24:18 | | ours(2) 9:5 16:4 | | prevents(1) 33:8 | | release(2) 28:25 29:1 | |
| nicholas(1) 2:43 | | out(6) 5:9 8:6 11:8 20:15 21:4 34:1 | | privilege(1) 21:22 | | relief(5) 8:22 24:7 27:7 27:15 27:17 | |
| nichols(2) 1:25 5:5 | | outcome(1) 24:7 | | privileges(1) 22:4 | | reluctant(1) 18:21 | |
| nni(7) 12:15 14:14 17:5 25:15 25:18 29:13 | | over(2) 7:7 9:8 | | probably(1) 29:2 | | remedies(1) 10:1 | |
| 29:20 | | overall(1) 20:18 | | probe(1) 30:12 | | remedy(1) 10:5 | |
| | | overcome(1) 23:10 | | probing(1) 19:5 | | remember(3) 13:13 13:15 13:24 | |
| nnl(4) 12:15 14:15 17:4 29:13 | | overy(1) 3:28 | | problem(2) 12:20 28:19 | | reopen(6) 8:16 9:8 19:14 19:22 19:23 | |
| non(1) 14:18 | | own(2) 12:16 12:17 | | problems(1) 18:13 | | reopening(1) 20:16 | |
| nortel(17) 1:7 2:39 3:1 6:15 6:21 6:23 | | ownership(2) 22:25 23:8 | | proceed(1) 32:17 | | repair(3) 12:25 13:3 13:7 | |
| 13:2 13:4 13:8 13:9 13:9 17:14 17:15 | | | | proceeded(2) 13:19 15:4 | | repairing(1) 13:6 | |
| 18:16 21:9 22:24 29:3 | | p.m(1) 1:16 | | proceeding(7) 7:18 7:19 8:1 9:3 19:15 | | representing(1) 15:22 | |
| | | package(2) 20:17 20:18 | | 25:9 25:10 | | request(7) 8:11 16:10 17:10 17:21 25:22 | |
| nortel's(1) 12:11 | | packs(3) 22:22 22:23 23:8 | | | | 25:23 25:23 | |
| north(3) 1:28 2:7 2:22 | | paid(7) 14:14 19:16 21:9 28:3 29:18 29:19 | | proceedings(3) 1:19 1:48 34:12 | | | |
| not(57) 8:5 8:5 8:6 8:16 8:17 9:2 9:8 9:9 | | 29:20 | | proceeds(13) 11:5 14:14 14:15 15:10 16:4 | | require(1) 21:24 | |
| 9:13 10:1 10:20 10:21 11:1 11:9 12:9 13:5 | | | | 17:6 18:18 26:17 28:2 28:2 28:6 29:13 | | required(1) 17:25 | |
| 13:12 14:15 14:16 15:4 15:9 16:21 19:11 | | papers(4) 12:6 18:20 20:9 23:23 | | 29:17 | | requirement(1) 23:12 | |
| 19:21 19:22 20:16 21:5 21:6 21:7 21:13 | | paragraph(1) 18:21 | | | | requirements(1) 30:24 | |
| 21:18 21:19 21:19 21:20 22:7 22:9 22:9 | | park(1) 2:14 | | process(9) 10:23 13:10 14:10 16:12 17:5 | | requiring(1) 31:7 | |
| 22:10 23:8 23:12 23:14 23:24 24:7 25:21 | | part(5) 8:23 8:23 9:23 10:18 17:5 17:24 | | 18:14 18:15 24:23 25:6 | | resolve(4) 13:11 14:19 16:13 31:6 | |
| 26:11 26:12 26:13 26:16 27:4 30:8 30:9 | | 23:17 28:3 | | | | resolved(9) 10:25 11:5 13:12 14:4 14:11 | |
| 31:6 31:15 32:6 32:14 33:9 33:10 | | | | produced(1) 1:49 | | 15:9 15:14 16:23 31:4 | |
| | | partially(1) 19:14 | | product(3) 22:23 22:24 23:1 | | | |
| note(1) 31:24 | | parties(15) 8:19 9:3 13:22 14:2 14:5 | | products(3) 13:4 13:6 13:9 | | resolving(1) 14:2 | |
| noted(1) 20:15 | | 14:10 15:19 18:23 20:18 27:7 27:14 30:4 | | professionals(1) 5:13 | | respond(1) 10:9 | |
| notes(2) 12:21 32:16 | | 30:22 30:25 32:24 | | proper(1) 33:17 | | responded(1) 17:23 | |
| nothing(8) 9:6 16:16 16:18 28:24 30:7 | | | | property(6) 7:16 7:24 26:15 26:19 28:8 | | response(4) 26:1 28:16 31:22 31:25 | |
| 30:8 30:9 33:8 | | partly(1) 26:9 | | 28:17 | | resulted(1) 17:3 | |
| | | party(27) 8:22 9:16 9:20 9:25 11:12 18:24 | | | | retirees(2) 2:32 3:6 | |
| notice(14) 10:24 15:23 16:1 16:15 18:17 | | 19:9 19:13 20:7 20:12 20:20 21:3 21:6 | | prosecuting(1) 17:15 | | review(1) 8:12 | |
| 18:24 19:11 20:12 27:3 27:19 30:4 30:5 | | 21:6 21:8 21:8 21:9 21:12 26:20 26:25 | | protect(1) 10:6 | | reviewed(1) 7:1 | |
| 32:10 32:19 | | 27:1 27:2 27:4 27:12 27:17 29:18 32:17 | | protection(1) 30:21 | | reviewing(1) 7:2 | |
| | | | | protective(1) 17:25 | | richard(2) 2:27 7:12 | |
| noticed(1) 18:22 | | pass(1) 29:23 | | provide(2) 11:16 13:3 | | richards(1) 2:4 | |
| now(13) 8:7 16:2 16:25 17:10 17:18 18:7 | | passed(2) 5:10 32:6 | | provided(3) 10:23 18:1 19:11 | | rid(1) 5:14 | |
| 19:4 21:10 22:3 25:10 27:4 33:3 33:8 | | patterson(1) 3:38 | | provides(1) 12:1 | | right(22) 5:12 5:19 6:5 6:7 6:24 7:8 8:6 | |
| | | pay(2) 18:25 30:8 | | providing(1) 10:20 | | 9:1 10:7 11:4 15:5 15:11 22:19 23:2 | |
| number(2) 15:19 18:13 | | paying(3) 19:3 29:12 30:8 | | provision(4) 8:24 9:24 27:20 29:15 | | 23:16 23:21 24:23 25:24 27:24 29:8 31:24 | |
| object(1) 26:13 | | payments(1) 29:17 | | publicly(1) 7:23 | | 33:25 | |
| objected(1) 19:10 | | pennsylvania(1) 1:43 | | pull(1) 20:15 | | | |
| objection(7) 6:13 8:19 15:3 15:4 16:17 | | pension(1) 4:13 | | purchased(3) 7:17 7:25 26:22 | | rightly(1) 18:21 | |
| 18:23 24:16 | | people(1) 24:20 | | purchaser(2) 9:17 26:21 | | rights(2) 10:1 27:5 | |
| | | perhaps(3) 14:21 16:8 32:13 | | purpose(1) 18:15 | | | |
| objections(3) 7:2 33:1 33:2 | | permit(1) 32:17 | | purposes(2) 12:18 12:22 | | | |
| obligation(1) 24:1 | | permitted(1) 13:3 | | pursue(3) 14:21 16:8 22:9 | | | |
| obligations(5) 21:2 23:19 24:8 30:13 31:6 | | person(1) 17:17 | | pursuing(2) 25:9 33:9 | | | |
| obstacles(1) 23:11 | | personnel(1) 32:3 | | putting(1) 31:17 | | | |
| obviously(3) 17:2 20:9 21:3 | | perspective(1) 25:20 | | qua(1) 14:18 | | | |
| | | peters(1) 3:24 | | | | | |

| Word | Page:Line |
|---|---|
| riley(23) | 2:27 7:8 7:11 7:12 7:13 7:22 9:2 10:8 10:10 10:13 10:19 26:2 26:4 26:8 26:10 27:10 27:25 28:13 28:15 31:10 31:11 31:13 33:22 |
| rise(1) | 13:24 |
| robert(1) | 4:10 |
| rodney(2) | 2:6 2:21 |
| ruggere(1) | 3:47 |
| rule(17) | 7:14 9:20 11:13 11:18 11:21 12:1 16:8 16:10 25:25 26:16 27:8 27:10 27:17 29:5 30:21 30:24 31:7 |
| rules(1) | 10:22 |
| ruling(1) | 15:3 |
| saddled(1) | 25:21 |
| said(7) | 16:16 18:10 19:8 19:21 24:17 27:15 27:22 |
| sales(1) | 21:9 |
| same(1) | 15:22 |
| samis(1) | 2:5 |
| say(7) | 9:6 14:24 16:3 18:16 19:2 20:7 20:16 22:1 29:11 29:17 29:19 30:6 30:7 30:9 30:12 33:6 33:17 |
| saying(4) | 8:5 21:10 26:25 27:4 |
| says(4) | 9:25 11:21 20:9 28:16 |
| schuylkill(1) | 1:42 |
| schweitzer(1) | 2:45 |
| searchable(1) | 18:3 |
| seated(1) | 5:3 |
| secondary(1) | 12:7 |
| section(1) | 10:6 |
| securities(2) | 3:46 3:46 |
| see(3) | 31:18 31:23 33:25 |
| seeing(1) | 19:5 |
| seek(6) | 15:16 29:3 31:15 33:3 |
| seeking(6) | 8:21 27:7 27:8 27:14 27:17 |
| seems(3) | 14:23 16:7 32:1 |
| segal(2) | 3:6 3:6 |
| sell(1) | 23:5 |
| sells(1) | 13:8 |
| sen(2) | 4:1 4:2 |
| separate(4) | 12:16 12:17 12:23 12:24 |
| september(1) | 12:14 |
| served(1) | 15:18 |
| servers(1) | 18:3 |
| service(3) | 1:41 1:49 26:12 |
| services(3) | 1:41 13:3 34:16 |
| set(2) | 30:3 30:11 |
| settle(1) | 16:21 |
| settled(8) | 8:10 15:8 15:14 15:25 15:25 20:2 28:17 28:18 |
| settlement(69) | 7:18 7:20 8:11 8:12 8:16 8:17 8:20 8:23 9:4 9:19 10:24 11:4 11:5 14:13 14:14 14:17 14:19 15:3 15:5 15:10 15:24 15:24 16:14 16:16 16:19 16:24 17:1 17:24 18:8 18:12 18:15 18:17 18:18 18:22 18:22 19:5 19:10 19:11 19:15 19:22 19:24 19:24 20:10 20:16 20:17 22:12 24:23 26:17 26:23 27:2 27:11 27:13 27:19 27:20 28:1 28:2 28:2 28:25 29:6 29:7 29:10 29:11 29:16 29:17 29:21 30:10 32:9 32:25 |
| settlements(1) | 13:25 |
| several(3) | 6:17 14:2 14:4 |
| should(6) | 12:9 16:6 17:22 19:9 25:21 |
| shouldn't(2) | 29:19 30:23 |
| show(2) | 9:7 30:23 |
| showed(1) | 26:8 |
| showing(2) | 23:22 23:23 |
| side(1) | 18:1 |
| sign(2) | 5:18 7:3 |
| signed(1) | 6:6 |

| Word | Page:Line |
|---|---|
| significant(7) | 12:2 20:13 32:7 32:11 32:11 32:19 33:13 |
| simply(4) | 8:4 16:18 18:24 20:24 |
| sine(1) | 14:18 |
| single(1) | 23:1 |
| sir(3) | 24:11 24:14 25:25 |
| sit(4) | 28:9 28:11 28:12 33:7 |
| sit-down(1) | 33:14 |
| situation(1) | 15:15 |
| six(2) | 17:18 30:11 |
| slightly(1) | 5:8 |
| slowly(1) | 34:1 |
| some(22) | 7:24 9:10 9:13 9:24 10:3 10:4 11:4 13:9 13:21 13:25 16:3 16:5 16:5 18:18 19:4 20:8 20:8 26:7 26:19 27:5 29:18 32:4 |
| someone(3) | 15:10 15:12 33:11 |
| something(4) | 8:15 22:24 25:2 31:19 |
| song(1) | 4:6 |
| sorry(2) | 12:19 19:2 |
| sort(2) | 24:2 32:1 |
| sorts(1) | 9:9 |
| sound(2) | 1:48 34:11 |
| special(2) | 14:1 14:3 |
| specific(4) | 8:24 25:16 27:14 27:19 |
| specifically(2) | 17:18 17:20 |
| spring(1) | 18:9 |
| square(2) | 2:6 2:21 |
| stakeholder(1) | 21:7 |
| stand(2) | 28:13 34:4 |
| standing(2) | 20:19 33:21 |
| stargatt(1) | 2:18 |
| start(3) | 18:14 19:5 31:16 |
| stated(1) | 21:20 |
| states(2) | 1:1 1:21 |
| stayed(1) | 17:20 |
| steen(2) | 1:32 2:40 |
| sticking(1) | 11:9 |
| still(4) | 5:23 27:5 27:5 28:23 |
| story(1) | 16:11 |
| straggling(1) | 14:20 |
| strategically(1) | 30:7 |
| strauss(3) | 2:11 3:13 24:13 |
| street(4) | 1:11 1:42 2:7 2:22 |
| string(1) | 20:15 |
| subcontractor(3) | 27:17 27:18 27:18 |
| submitted(1) | 12:5 |
| succeed(1) | 21:19 |
| success(1) | 24:2 |
| such(2) | 33:11 33:14 |
| sue(3) | 28:23 29:1 33:12 |
| suggesting(1) | 33:10 |
| suing(1) | 13:13 |
| suit(2) | 14:21 15:8 |
| summarize(1) | 23:20 |
| summer(1) | 5:22 |
| supplement(1) | 7:2 |
| supplemental(1) | 6:13 |
| support(3) | 24:16 24:16 25:23 |
| sure(3) | 10:18 11:11 29:24 |
| surface(1) | 18:10 |
| surprised(1) | 9:14 |
| take(5) | 5:8 18:18 20:8 21:5 24:19 |
| taken(1) | 18:2 |
| taking(1) | 13:6 |
| talk(1) | 21:16 |
| tammy(1) | 34:15 |
| taxes(1) | 25:19 |
| taylor(2) | 2:19 2:33 |
| team(2) | 17:11 31:17 |
| technology(1) | 23:4 |
| telecommunications(1) | 6:15 |
| telephone(2) | 7:4 13:8 |
| telephonic(1) | 2:37 |
| tell(1) | 31:16 |
| telset(1) | 22:20 |

| Word | Page:Line |
|---|---|
| telsets(2) | 13:7 22:17 |
| temperature(1) | 5:25 |
| ten(1) | 20:2 |
| tennenbaum(1) | 4:10 |
| term(4) | 8:13 8:20 29:6 29:7 |
| terminated(3) | 11:1 15:8 17:2 |
| termination(1) | 17:24 |
| terms(1) | 8:17 |
| terrible(1) | 30:3 |
| test(2) | 7:19 23:14 |
| than(1) | 23:4 |
| thank(20) | 5:2 5:21 6:7 6:11 7:5 7:9 7:10 24:9 24:10 24:11 25:24 25:24 31:7 31:9 33:20 33:21 33:21 34:3 34:4 34:6 |
| that(183) | 5:10 5:16 6:14 7:2 7:17 7:18 7:23 7:24 8:1 8:2 8:10 8:13 8:18 8:19 8:21 8:21 9:15 9:15 9:16 9:20 9:23 9:25 10:2 10:2 10:5 11:1 11:3 11:5 11:15 11:16 11:18 11:21 11:23 11:25 12:1 12:3 12:6 12:6 12:7 13:2 13:5 13:6 13:8 13:9 13:24 14:9 14:13 14:14 14:15 14:16 14:17 14:18 15:4 15:8 15:12 15:14 15:15 15:19 15:19 15:24 15:25 16:1 16:6 16:10 16:14 16:15 16:19 17:3 17:4 17:10 17:11 18:1 18:2 18:3 18:7 18:7 18:14 18:19 18:19 18:22 19:8 19:9 19:12 19:13 19:20 19:25 20:6 20:8 20:8 20:9 20:12 20:15 20:22 20:23 21:3 21:5 21:5 21:6 21:17 22:4 22:10 22:11 22:12 22:22 22:25 23:1 23:3 23:4 23:4 24:23 23:18 23:18 23:23 24:1 24:5 24:6 24:23 24:25 25:8 25:8 25:9 25:11 25:13 25:16 25:16 25:17 25:20 25:21 26:7 26:12 26:14 26:14 26:16 26:16 26:18 26:22 26:24 27:11 27:15 27:20 27:21 27:25 28:8 28:22 28:21 29:3 29:7 29:21 29:25 30:4 30:5 30:21 30:24 30:25 31:23 31:25 31:25 31:25 32:3 32:6 32:6 32:9 33:10 33:14 33:15 33:17 33:17 33:18 33:23 34:10 |
| that's(25) | 5:12 7:8 8:4 8:9 9:2 14:23 21:12 21:13 21:13 21:20 23:12 23:14 25:2 28:19 28:20 29:5 29:15 29:16 29:20 30:16 31:5 31:19 31:22 32:7 33:16 |

| Word | Page:Line |
|---|---|
| the(301) | 1:1 1:2 1:20 3:6 5:2 5:4 5:6 5:7 5:8 5:9 5:10 5:11 5:12 5:13 5:16 5:18 5:18 5:21 5:21 5:23 5:23 5:23 5:25 6:2 6:3 6:5 6:6 6:8 6:8 6:10 6:11 6:12 6:12 6:19 6:21 6:23 6:24 7:1 7:2 7:3 7:5 7:6 7:6 7:7 7:7 7:8 7:10 7:15 7:17 7:17 7:17 7:18 7:19 7:20 7:21 7:23 7:25 8:3 8:3 8:9 8:10 8:11 8:12 8:14 8:15 8:15 8:16 8:17 8:21 8:22 8:23 8:25 8:25 9:1 9:3 9:5 9:14 9:17 9:17 9:18 9:19 9:19 9:22 9:22 9:23 9:25 10:1 10:2 10:3 10:7 10:10 10:13 10:14 10:15 10:16 10:19 10:21 10:22 10:25 11:3 11:4 11:5 11:6 11:6 11:9 11:12 11:12 11:16 11:16 11:21 11:22 11:23 11:24 12:1 12:1 12:2 12:13 12:18 12:19 12:21 12:23 12:24 13:1 13:6 13:11 13:15 13:18 13:20 13:22 13:24 14:3 14:5 14:7 14:10 14:14 14:17 14:21 14:23 15:2 15:3 15:4 15:5 15:16 15:17 15:22 15:23 15:23 15:24 15:24 15:25 16:6 16:7 16:7 16:24 17:1 17:2 17:4 17:4 17:5 17:10 17:12 17:15 17:16 17:20 17:24 17:24 17:24 18:1 18:2 18:2 18:4 18:4 18:5 18:8 18:9 18:9 18:10 18:15 18:18 18:18 18:18 18:23 19:1 19:5 19:8 19:9 19:10 19:10 19:11 19:11 19:13 19:13 19:14 19:14 19:15 19:16 19:17 19:17 19:19 19:19 19:22 19:23 19:23 19:24 20:3 20:5 20:5 20:6 20:10 20:10 20:11 20:12 20:12 20:14 20:16 20:18 20:19 20:21 20:23 20:24 20:25 21:2 21:4 21:6 21:7 21:11 21:14 21:20 21:20 21:22 21:23 21:25 22:2 22:3 22:4 22:7 22:13 22:19 22:20 22:22 23:2 23:3 23:9 23:9 23:10 23:14 23:14 23:16 23:17 23:21 23:24 24:2 24:6 24:6 24:15 24:16 24:18 24:20 24:21 24:22 24:23 24:24 24:25 25:1 25:3 25:3 25:4 25:5 25:5 25:6 25:6 25:8 25:8 25:13 25:17 25:20 25:22 |
| the(123) | 25:23 25:23 25:24 25:25 26:2 26:6 26:7 26:9 26:11 26:12 26:13 26:14 26:15 26:17 26:18 26:21 26:22 26:23 26:24 27:2 27:6 27:7 27:7 27:9 27:12 27:13 27:13 27:14 27:15 27:15 27:16 27:16 27:17 27:17 27:18 27:18 27:19 27:20 27:21 27:22 27:23 27:24 27:24 28:2 28:3 28:4 28:5 28:7 28:8 28:9 28:10 28:11 28:16 28:17 28:18 28:21 28:23 28:23 28:25 29:2 29:2 29:6 29:6 29:8 29:10 29:10 29:10 29:12 29:14 29:16 29:16 29:21 30:2 30:9 30:10 30:10 30:13 30:15 30:18 30:24 31:1 31:1 31:5 31:6 31:6 31:7 31:9 31:10 31:12 31:13 31:14 31:16 31:20 31:21 31:24 32:1 32:2 32:5 32:6 32:12 32:13 32:15 32:15 32:18 32:20 32:22 32:22 32:25 33:3 33:7 33:17 33:18 33:21 33:25 34:4 34:7 34:10 34:11 34:11 34:12 |
| their(19) | 6:18 7:16 7:24 8:3 8:18 10:1 12:16 12:17 15:20 16:13 16:13 16:20 21:24 22:9 23:7 23:23 23:25 31:17 31:22 |
| them(11) | 6:16 8:24 16:23 18:14 21:17 26:24 28:3 30:23 31:21 33:8 |
| then(20) | 5:17 6:11 6:22 7:5 8:22 9:7 9:7 15:13 16:6 18:22 18:22 19:1 19:3 23:6 25:9 29:21 30:11 31:4 |
| theoretically(1) | 12:7 |
| there(29) | 8:6 8:13 8:23 9:24 13:10 14:10 14:17 15:13 15:17 16:10 17:21 18:13 20:15 22:21 25:14 25:17 26:20 27:14 27:18 28:12 31:19 32:11 32:19 32:19 33:1 33:2 34:1 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **therefore**(1) 16:5 | | **trust**(2) 3:37 4:13 | | **were**(33) 7:17 7:17 8:19 9:14 9:17 12:18 12:23 13:6 14:10 15:25 17:1 17:14 17:15 17:25 18:12 18:3 19:3 20:4 21:13 22:23 24:24 25:16 26:21 26:22 27:2 27:10 27:12 27:12 27:21 29:23 32:2 33:1 33:2 | | **yes**(20) 5:7 6:2 6:2 6:10 7:21 10:10 10:12 13:1 13:20 14:7 15:17 19:19 20:11 20:21 24:14 24:24 24:25 26:10 29:14 30:18 | |
| **there's**(7) 8:11 8:13 19:7 28:24 29:6 31:19 33:8 | | **try**(3) 18:15 21:24 28:21 | | | | | |
| | | **trying**(21) 7:15 8:1 8:4 8:7 8:16 8:17 8:20 9:4 9:8 9:9 9:10 9:13 13:11 13:11 19:9 19:22 19:22 24:9 24:4 31:15 31:16 31:18 | | | | **yet**(1) 28:4 | |
| **these**(11) 14:25 16:3 21:1 21:2 22:21 24:7 25:18 29:11 29:17 29:17 32:12 | | | | | | **york**(3) 1:36 2:15 3:38 | |
| | | | | **weren't**(4) 9:3 19:2 22:2 27:7 | | **you**(63) 5:2 5:10 5:21 6:7 6:11 7:1 7:5 7:9 7:10 8:6 9:11 9:12 9:12 11:9 13:7 15:2 15:4 15:22 16:4 17:8 17:11 18:11 18:17 18:17 18:18 19:1 19:3 20:7 20:15 20:19 21:17 23:22 24:9 24:10 24:11 24:15 25:5 25:24 25:24 26:3 26:16 27:15 28:9 28:11 28:19 28:25 29:22 30:12 31:7 31:9 31:10 31:17 32:6 32:16 32:22 33:12 33:20 33:21 33:22 34:3 34:4 34:5 34:6 | |
| **they**(90) 6:8 6:10 6:16 6:22 7:4 7:17 7:25 8:2 9:6 9:6 11:1 12:16 12:16 12:23 15:23 16:1 16:1 16:2 16:14 16:15 16:15 16:16 16:16 16:17 16:19 17:8 21:14 21:15 21:15 21:17 21:18 21:19 21:22 21:25 22:1 22:2 22:3 22:9 22:10 22:11 22:14 22:14 22:15 22:16 22:17 22:20 22:21 23:9 23:11 23:21 23:21 23:22 23:23 24:5 26:16 26:17 26:21 27:2 27:3 27:7 27:10 27:11 27:17 27:12 27:12 27:19 27:21 29:20 29:20 29:22 29:23 29:24 30:5 30:7 30:8 30:9 30:11 30:19 30:20 30:23 30:25 31:1 31:3 31:4 31:16 31:21 31:21 32:2 33:13 | | **tunnel**(1) 1:25 | | | | | |
| | | **tunnell**(1) 5:5 | | **we'd**(1) 19:4 | | | |
| | | **turn**(2) 7:6 26:3 | | **we'll**(5) 9:11 18:18 20:8 30:21 34:4 | | | |
| | | **turns**(1) 8:14 | | **we're**(30) 7:14 7:22 8:4 8:5 8:5 8:6 8:7 8:11 8:16 8:16 9:4 9:8 9:9 9:10 9:13 10:20 19:21 19:22 23:12 23:24 26:11 26:12 26:25 27:1 27:4 29:2 29:4 31:15 31:15 31:18 | | | |
| | | **twenty-seventh**(1) 6:13 | | | | | |
| | | **two**(4) 12:15 12:23 12:23 17:4 | | | | | |
| | | **tyler**(1) 3:38 | | **we've**(2) 21:20 28:20 | | | |
| | | **type**(5) 8:14 9:24 10:3 10:4 22:23 | | | | | |
| | | **ubiquitous**(1) 22:23 | | **what**(24) 5:22 8:4 8:7 9:4 10:3 12:10 13:4 17:1 17:7 17:8 18:25 20:2 20:8 20:9 21:7 22:11 23:5 23:12 27:21 28:1 29:4 29:5 30:2 33:19 | | | |
| **they're**(8) 8:1 9:23 11:4 22:4 22:9 26:25 29:22 30:5 | | **ubs**(2) 3:46 3:46 | | | | **young**(3) 2:18 3:28 3:33 | |
| | | **ultimately**(1) 13:12 | | | | **your**(78) 5:4 6:1 6:7 6:12 7:5 7:12 7:13 8:8 8:9 8:10 8:12 9:11 9:21 10:8 10:12 10:20 10:22 11:7 11:9 11:10 11:14 11:17 11:18 11:21 12:5 12:10 12:11 13:13 13:17 13:18 13:23 13:25 14:5 14:13 15:1 15:6 15:14 16:9 16:14 16:18 16:25 17:7 18:12 18:20 19:7 19:20 20:14 20:19 21:15 21:18 22:3 22:6 22:7 22:12 23:3 23:12 23:18 24:4 24:10 24:12 26:2 26:4 26:8 26:9 26:10 28:19 29:7 29:9 30:1 30:17 30:19 31:8 31:12 31:13 33:20 33:23 34:3 34:6 | |
| | | **under**(15) 10:1 10:5 11:13 12:8 13:3 14:25 16:8 17:25 20:25 26:21 26:24 27:10 30:21 30:24 32:12 | | | | | |
| **they've**(5) 30:6 30:20 31:2 31:2 31:2 | | | | **whatever**(1) 16:12 | | | |
| **thing**(1) 9:21 | | | | **what's**(2) 21:21 21:21 | | | |
| **things**(4) 18:5 21:25 22:21 33:24 | | **underlying**(2) 10:25 11:6 | | **when**(12) 9:21 13:9 13:12 17:22 18:10 18:24 19:3 22:2 27:4 27:13 28:16 30:22 | | **you're**(1) 30:15 | |
| **think**(34) 6:3 7:8 9:15 9:19 11:15 13:13 16:4 16:25 18:11 20:22 21:10 21:19 23:18 24:20 25:4 25:10 26:8 27:5 27:16 28:4 28:11 30:15 30:20 30:22 31:2 32:5 32:13 32:14 32:20 33:4 33:7 33:16 33:17 33:23 | | **understand**(1) 17:1 | | | | **you've**(2) 18:16 18:16 | |
| | | **understanding**(2) 13:5 17:16 | | **where**(2) 8:19 32:19 | | **zloto**(1) 4:26 | |
| | | **understood**(1) 11:14 | | **whereupon**(1) 34:7 | | | |
| | | **undo**(1) 19:22 29:21 | | **whether**(6) 7:16 15:9 20:25 21:18 21:21 30:7 | | | |
| | | **undone**(1) 18:2 | | | | | |
| | | **unfair**(3) 17:8 19:16 32:17 | | | | | |
| **thinking**(2) 26:7 26:8 | | **unfortunately**(2) 13:24 31:5 | | **which**(15) 6:12 6:18 7:14 10:23 13:3 13:17 18:25 22:13 22:14 22:15 22:16 22:17 25:13 29:11 33:3 | | | |
| **third**(4) 21:8 21:8 26:24 29:18 | | **ungberg**(1) 2:47 | | | | | |
| **third-party**(2) 21:12 29:3 | | **unique**(1) 23:1 | | | | | |
| **this**(47) 5:9 5:15 7:4 8:13 9:3 9:8 9:15 9:16 10:15 10:19 10:24 11:3 12:14 14:20 14:24 16:5 16:14 16:23 17:18 17:22 18:3 18:16 18:20 19:3 19:9 20:12 21:12 22:6 22:7 23:8 23:22 25:16 25:22 27:6 28:22 28:24 29:7 29:11 29:23 30:1 30:12 32:4 32:8 32:21 33:6 33:10 33:14 | | **united**(3) 1:1 1:21 | | **who**(8) 15:22 17:14 17:15 17:20 21:9 23:7 28:3 30:4 | | | |
| | | **units**(1) 13:8 | | | | | |
| | | **unjust**(2) 22:15 | | | | | |
| | | **unsecured**(3) 3:13 6:20 6:22 | | **whole**(1) 14:21 | | | |
| | | **unwound**(1) 30:11 | | **why**(7) 10:15 12:3 14:23 23:18 28:20 29:20 30:1 | | | |
| **those**(16) 7:2 12:10 12:17 13:12 13:22 14:2 14:3 14:15 17:6 17:19 19:25 22:22 25:16 25:20 26:22 28:5 | | **uphill**(1) 26:4 | | | | | |
| | | **upon**(1) 15:3 33:11 | | **will**(13) 7:6 8:5 9:11 11:9 11:9 11:15 12:11 13:13 23:11 31:5 33:6 33:17 33:19 | | | |
| | | **uproar**(2) 9:5 10:15 | | | | | |
| | | **use**(6) 8:3 8:15 9:16 9:20 26:15 30:13 | | | | | |
| | | **used**(8) 5:22 7:17 7:25 9:5 9:6 9:6 18:3 23:4 | | **william**(2) 2:33 3:2 | | | |
| **though**(1) 31:25 | | | | **willing**(1) 21:16 | | | |
| **three**(2) 17:13 18:13 | | | | **willkie**(1) 4:14 | | | |
| **through**(1) 5:10 | | **using**(2) 21:23 28:7 | | **wilmington**(7) 1:12 1:29 2:8 2:23 2:29 2:35 5:1 | | | |
| **throughout**(1) 25:6 | | **vacate**(1) 19:14 | | | | | |
| **thursday**(1) 5:1 | | **ventilate**(1) 16:13 | | | | | |
| **time**(13) 11:1 11:3 15:13 16:6 16:7 17:11 18:11 19:4 19:10 30:5 32:6 32:11 33:10 | | **very**(11) 10:18 13:14 13:22 13:23 15:18 18:21 19:25 29:9 31:15 32:8 32:8 | | **winding**(1) 25:18 | | | |
| | | | | **wisely**(1) 14:1 | | | |
| **times**(2) 14:2 20:2 | | **virtue**(1) 21:11 | | **with**(31) 5:23 6:14 6:16 7:2 10:13 10:21 10:21 10:22 10:23 11:17 11:18 13:2 13:16 14:3 15:4 16:10 17:18 20:5 20:5 20:6 21:9 21:17 24:1 24:17 25:19 25:22 26:7 28:20 29:24 33:7 33:15 | | | |
| **tipped**(1) 26:6 | | **wait**(1) 18:11 | | | | | |
| **today**(7) 7:14 21:18 21:21 21:21 22:8 23:15 33:24 | | **waiver**(3) 9:24 10:2 10:20 | | | | | |
| | | **walk**(1) 34:1 | | | | | |
| | | **want**(8) 21:14 21:17 24:19 25:4 26:11 28:21 30:12 30:12 | | **without**(2) 15:14 18:23 | | | |
| **together**(2) 14:10 31:17 | | | | **woke**(1) 19:4 | | | |
| **togut**(1) 3:6 | | | | **won't**(2) 10:14 29:24 | | | |
| **told**(1) 33:12 | | **wanted**(3) 15:12 16:2 29:19 | | **word**(1) 31:10 | | | |
| **too**(5) 11:8 18:14 18:19 19:6 23:20 | | **war**(1) 18:5 | | **working**(1) 17:12 | | | |
| **took**(2) 33:1 33:2 | | **was**(61) 7:18 8:19 8:21 8:22 8:24 9:5 9:6 9:6 9:21 9:21 10:13 10:23 10:25 10:25 11:6 12:14 13:3 13:10 13:14 13:16 14:9 14:14 14:18 15:2 15:13 15:20 15:21 16:6 16:8 16:14 16:19 16:24 17:3 17:17 17:21 17:23 18:2 17:16 18:8 19:12 19:25 20:4 20:6 21:9 22:2 22:23 23:4 23:8 24:22 27:14 27:16 27:17 27:18 27:19 28:25 32:8 32:9 32:19 32:19 33:25 34:7 | | **world**(2) 31:1 31:1 | | | |
| **torys**(1) 3:1 | | | | **would**(48) 8:2 9:8 10:3 10:4 10:4 10:6 10:8 10:14 11:3 14:14 14:15 14:17 14:24 15:7 15:14 15:25 16:11 16:12 16:20 16:23 17:6 17:7 17:9 17:9 17:17 19:16 19:23 20:10 21:1 22:5 22:7 22:10 22:11 23:19 23:24 25:22 29:5 29:21 30:3 30:3 30:21 31:25 32:4 32:17 33:4 33:9 33:11 33:14 | | | |
| **touched**(1) 25:14 | | | | | | | |
| **tracy**(1) 4:15 | | | | | | | |
| **trade**(2) 22:16 22:17 | | | | | | | |
| **trade-off**(1) 20:17 | | **wasn't**(1) 28:16 | | | | | |
| **trade-offs**(1) 14:12 | | **water**(1) 34:1 | | | | | |
| **trademark**(1) 22:15 | | **way**(5) 15:7 15:13 25:2 28:22 31:5 | | **write**(1) 30:20 | | | |
| **transcriber**(1) 34:15 | | **ways**(1) 28:23 | | **wunder**(1) 4:20 | | | |
| **transcript**(3) 1:19 1:49 34:11 | | **webb**(1) 3:38 | | **www.diazdata.com**(1) 1:45 | | | |
| **transcription**(2) 1:41 1:49 | | **welcomed**(1) 16:12 | | **year**(1) 13:10 | | | |
| **transfer**(1) 23:7 | | **well**(17) 7:4 10:20 12:11 15:1 16:3 17:13 18:10 19:21 19:23 20:16 21:12 22:12 22:21 22:22 27:5 28:16 32:9 | | **years**(1) 12:15 | | | |
| **transferred**(2) 22:25 23:9 28:17 | | | | | | | |
| **true**(1) 15:7 | | | | | | | |
| **truly**(1) 21:3 | | **went**(2) 22:25 25:7 | | | | | |