# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
                                                                 :
In re                                                            :    Chapter 11
                                                                 :
Nortel Networks Inc., et al.,                                    :    Case No. 09-10138 (KG)
                                                                 :
                   Debtors.[1]                           :    Jointly Administered
                                                                 :
                                                                 :    **Hearing date: July 11, 2012 at 10:00 am (ET)**
                                                                 :
---------------------------------------------------------------- X    **RE: D.I. 7818, 7919 & 7942**

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' PLEADINGS WITH RESPECT TO THE OBJECTION TO PROOFS OF CLAIM FILED BY THE UK PENSION CLAIMANTS

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby joins (the "Joinder") in (A) the *Debtors' Objection to the Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund, and Motion for an Order Requiring a More Definitive Statement of Claim* [ECF No. 7818] (the "Claims Objection"), and (B) the *Debtors' Reply in Further Support of Their Objection to the Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund, and Motion for an Order Requiring a More Definitive Statement of Claim* [ECF No. 7942] (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

RLF1 6231923v.1

"Debtors' Reply" and, together with the Claims Objection, the "Debtors' Pleadings"). In support of the Joinder, the Committee respectfully submits as follows:

## THE COMMITTEE'S JOINDER[2]

1. The Committee supports the Debtors in seeking entry of an order requiring the UK Pension Claimants to file a more definitive statement of their claims (with supporting documentation) by July 31, 2012,[3] and failing that, disallowing and expunging the Proofs of Claim with prejudice. The Committee files this Joinder in support of the arguments set forth in the Debtors' Pleadings and to address two arguments made in the *Response of the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund to Debtors' Objection to Proofs of Claim and Motion for an Order Requiring a More Definite Statement of Claim* [ECF No. 7919] (the "UK Pension Response"). The UK Pension Claimants argue that: (i) prosecuting the Claims Objection at this time is premature; and (ii) their deadline to file amended claims should be extended to October 31, 2012 because, *inter alia*, "many of the U.K. Pension Claimants' principal decision makers and advisors in the U.K. will be away in July and August *due to the London Olympics and scheduled vacations*." UK Pension Response, ¶ 6 (emphasis added).

2. First, the Committee believes that expeditious prosecution of the Claims Objection is critical to the progress of the Debtors' chapter 11 cases and, far from being premature, is necessary at this time to avoid harm to the Debtors' estates. The ongoing mediation should not halt the Debtors and the Committee, as estate fiduciaries, from addressing material claims in their own jurisdiction. The prompt resolution of the UK Pension Claimants'

---

[2] The background set forth in the Debtors' Pleadings is incorporated by reference herein. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Pleadings.

[3] The Debtors state in the Debtors' Reply that they would not object to an extension of the deadline for the UK Pension Claimants to submit amended claims to August 15, 2012. The Committee would likewise not object to such a limited extension.

2

claims will allow for the speedy prosecution of a plan process and distributions to creditors. The Claims Objection is not "unnecessary litigation", as the UK Pension Claimants assert; rather, the Debtors and the Committee have a duty to continue to prosecute these chapter 11 cases, including objecting to, and reconciling, claims filed against the Debtors.[4]

3. Further, while the Committee remains hopeful that the mediation will result in a resolution of the allocation and other inter-estate issues, the UK Pension Response correctly points out that since this Court's ruling on the EMEA Debtors' claims on March 20, 2012, there has been only one introductory mediation session. No further mediation sessions have been scheduled, and it is unclear when those sessions will occur. The management of the Debtors' chapter 11 cases, and the litigation of substantial disputed claims, must not be held in abeyance while the mediation slowly unfurls.

4. Second, the Committee sees no legitimate reason for extending the UK Pension Claimants' deadline to file amended claims to October 31, 2012, as the UK Pension Response suggests. The UK Pension Claimants assert, nearly three years after the Proofs of Claim were originally filed, and over a year and a half since filing amended claims in the Canadian Proceedings, that they are unable to meet a reasonable July 31 deadline because "many of the U.K. Pension Claimants' principal decision makers and advisors in the U.K. will be away in July and August *due to the London Olympics and scheduled vacations*." UK Pension Response, ¶ 6 (emphasis added). The Committee respectfully submits that these are not sufficient bases to delay these proceedings.

---

[4] The Committee also notes that the UK Pension Claimants' argument that the Claims Objection amounts to one-sided discovery in order to give the Debtors an advantage in the mediation is misplaced. The mediation is not a forum for litigating the Proofs of Claims in front of a fact-finder. It is entirely unclear what "undue advantage" the Debtors would gain in a Court-ordered non-binding mediation regarding the inter-estate allocation issues, where the UK Pension Claimants are free to walk away at any time.

3

5.  Notably, if the UK Pension Claimants believe that this Claims Objection Process should be stayed while the mediation continues, their stated rationale for requesting an extension of time to file amended claims – the London Olympics and planned summer vacations – raises the question of how the UK Pension Claimants intend to participate and make progress in the mediation during that time. As this Court is aware, there is nearly $7.5 billion of sale proceeds sitting in escrow accounts accruing nearly zero interest. Estate professional fees continue to accrue, and thousands of creditors continue to wait for distributions. The Debtors and the Committee are committed – now and always – to advancing these cases towards a value-maximizing conclusion for the Debtors' unsecured creditors. Accordingly, the Committee joins the Debtors in asking this Court to allow the Claims Objections to proceed as requested, setting a July 31, 2012 deadline for the UK Pension Claimants to submit amended claims.

## CONCLUSION

For all of the foregoing reasons, the Committee respectfully requests that the Court (a) grant the relief requested in the Claims Objection, (b) overrule the objections set forth in the UK Pension Response, and (c) grant the Committee such other and further relief as the Court deems just, proper and equitable.

Dated: July 6, 2012
       Wilmington, Delaware

Respectfully submitted,

By: _____
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
Tel.:  (302) 651-7700

and

Fred S. Hodara (*pro hac vice*)
David H. Botter (*pro hac vice*)
Brad M. Kahn (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
Tel.:  (212) 872-1000
Co-counsel to the Committee