## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*, | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |
|  | : | **Hearing Date: July 11, 2012 at 10:00 am (ET)** |
|  | : | **Re: Docket Nos.  7876, 7937, 7940 & 7943** |

------------------------------------------------------------- X

### STATEMENT OF THE OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS IN SUPPORT OF DEBTORS'
### MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT
### PROCEDURES TO RESOLVE CLAIMS OF BENEFICIARIES OF
### THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks

Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the

"Debtors"), by and through its undersigned counsel, hereby supports the Debtors' *Motion for the*

*Entry of an Order Authorizing and Approving Settlement Procedures to Resolve Claims of*

*Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan* [ECF No. 7876] (the

"Motion").  In support of this statement (the "Statement"), the Committee respectfully submits as

follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

## THE COMMITTEE'S STATEMENT[2]

1.      The Committee supports approval of the Settlement Procedures to provide

Beneficiaries a *voluntary opportunity* to monetize deferred compensation claims quickly.  The

Settlement Procedures were designed by the Debtors, in consultation with the Committee and

Bondholder Group, in response to requests from certain Beneficiaries to resolve their contested

claims.  The Settlement Procedures benefit the Debtors' estates and creditors by providing

Beneficiaries a means to accomplish this—without affecting Beneficiaries who do not choose to

participate.

2.      The Committee also files this Statement to address two arguments made in the

objection (the "Objection") to the Motion of Robert Horne, Mason James Young, Ellen

Bovarnick, Charla Crisler, Bart Kohnhorst, Brian Page, Benjamin Warren and the Ad Hoc Group

of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (collectively, the "Ad

Hoc Group").  The Ad Hoc Group argues that (i) filing and simultaneous service of the Motion

on members of the Ad Hoc Group and its counsel was improper; and (ii) the Motion was

materially misleading and highly prejudicial to the integrity of the Adversary Proceeding.

3.      First, the Debtor's simultaneous service of the Motion upon all Beneficiaries and

their counsel was not only proper, but necessary.  As explained in the Debtors' reply to the

Objection (the "Reply"), the simultaneous service of court documents on counsel and parties is

consistent with Model Rule of Professional Conduct 4.2.  Reply at ¶20 (citing *In re Lomas Fin.

Corp.*, 212 B.R. 46, 54 (Bankr. D. Del. 1997)).  Furthermore, Rule 2002-1(b) of the Local Rules

for the United States Bankruptcy Court of the District of Delaware (the "Local Rules") requires

that any motion in a chapter 11 case be served on all parties whose rights are affected by the

---

[2] The facts set forth in the Motion are incorporated by reference herein.  All capitalized terms not otherwise
defined herein shall have the meanings ascribed to them in the Motion.

2

motion. Local Rule §2002-1(b). If the Motion were to be granted, the Settlement Procedures

will be available to all Beneficiaries so all of the Beneficiaries' rights are affected by the Motion.

Accordingly, service of the Motion on all known Beneficiaries, simultaneously with service on

their counsel, was the appropriate means to comply with this applicable Local Rule.

4.    There are also over 130 Beneficiaries who have not participated in the Ad Hoc

Group and are not represented by the Ad Hoc Group or its counsel. No motion for class

certification has even been filed so the Ad Hoc Group and its counsel cannot claim to represent

any Beneficiaries who have not signed engagement letters with counsel for the Ad Hoc Group.

Moreover, certain Beneficiaries that have not participated in the Ad Hoc Group have specifically

asked the Debtors for the opportunity to resolve their claims separate from the Ad Hoc Group's

Adversary Proceeding. Litigation with the Ad Hoc Group has already dragged on for 18 months,

two settlement efforts have failed, and the Debtors have expressed doubt that there will be an

imminent resolution. Accordingly, in response to specific requests by certain Beneficiaries, the

Motion seeks Court approval of settlement procedures that provide any Beneficiary who

voluntarily chooses to participate with the ability to fix the amount of his or her Deferred

Compensation Claims and to have such claims allowed.

5.    Second, the Ad Hoc Group's allegations that the Motion is materially misleading

and highly prejudicial are baseless. As set forth in more detail in the Reply, the Motion describes

the Turnover Motion and Adversary Proceeding and explicitly encourages Beneficiaries to

determine whether they would like to voluntarily settle their claims by (i) reviewing the relevant

pleadings, which are available on Epiq's website, and (ii) consulting with counsel on the merits

of the Deferred Compensation Claims being settled. Motion at ¶27. The section of Epiq's

website listing "Deferred Compensation Pleadings" includes copies of the Ad Hoc Group's

objection to the Turnover Motion and the Adversary Proceeding Complaint, which set forth the Ad Hoc Group's arguments and claims in the Ad Hoc Group's own words.  Rather than trying to coerce or confuse any of the Beneficiaries into settling with the Debtors, the Motion specifically directs Beneficiaries to review the Ad Hoc Group's pleadings and to consult independent counsel prior to making any decision whether to voluntarily enter into a settlement with the Debtors in accordance with the Settlement Procedures.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Committee respectfully requests that the Court (a) grant the relief requested in the Motion, (b) overrule the Objection, and (c) grant the Committee such other and further relief as the Court deems just, proper and equitable.

4

Dated: July 9, 2012
       Wilmington, Delaware

Respectfully submitted,

By:_____
    Mark D. Collins (No. 2981)
    Christopher M. Samis (No. 4909)
    Richards, Layton & Finger, P.A.
    One Rodney Square
    920 North King Street
    Wilmington, DE  19801
    Tel.:  (302) 651-7700

    -and-

    Fred S. Hodara (*pro hac vice*)
    David H. Botter (*pro hac vice*)
    Lisa G. Beckerman (*pro hac vice*)
    Joshua Y. Sturm  (*pro hac vice*)
    Akin Gump Strauss Hauer & Feld LLP
    One Bryant Park
    New York, NY  10036
    Tel.:  (212) 872-1000

    Co-counsel to the Committee

RLF1 6235306v.1