Appendix C - 1
Inter-company balances as at September 30, 2011
in USD
Pre-filing balances using January 14, 2009 fx rates
Post-filing balances using September 30, 2011 fx rates
India Pvt. Net payable pre-filing balances per RBI approval submission (November 30, 2010 fx rates)
For Balances a positive number = Receivable and a negative number = Payable

## India

| | Code | Trading Parter | Legal Entity Name | Net post filing position as at September 30, 2011 | Net Pre-Filing position per RBI approval submission | | Net pre-filing balance as at November 30, 2010 | 4th Estate Settlement Net Cash Balance Payments | Remaining pre-filing balance | Withholding tax | Net cash balance received |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pre-filing receivables from | 6111 | 2002 | NN Caja Inc. | (1,960) | - | | 167,634 | | 167,634 | - | - |
| | 6111 | 2115 | NN Int. Inc. | - | - | | 17,184 | | 17,184 | - | - |
| | 6111 | 4110 | Nortel Networks N.V | 14,686 | - | | 5,030 | | 5,030 | - | - |
| | 6111 | 4162 | Nortel France SAS | 553 | - | | 200 | | 200 | - | - |
| | 6111 | 4210 | Nortel (Ireland) Ltd | 22,478 | - | | 341 | | 341 | - | - |
| | 6111 | 6120 | Nortel Indonesia | 265,245 | - | | 7,381 | | 7,381 | - | - |
| | 6111 | 6160 | Nortel Malaysia Sdn. Bhd. | - | - | | 54,035 | | 54,035 | - | - |
| | 6111 | 6210 | Nortel Networks Singapore Pte | (5,995,200) | - | | 39,029,335 | | 39,029,335 | - | - |
| | 6111 | 6220 | Nortel (Thailand) Ltd. | - | - | | 17,704 | | 17,704 | - | - |
| | 6111 | 6231 | Nortel Vietnam Ltd | 80 | - | | 615,838 | | 615,838 | - | - |
| Pre-filing payables to: | 6111 | 1101 | NNTC | - | (14,345) | | (14,345) | | (14,345) | - | - |
| | 6111 | 2112 | NIB | (300,929) | - | | (19,237,898) | | (19,237,898) | - | - |
| | 6111 | 1002 | NNL - Taiwan sales (7111) | (7,434,643) | (35,599,654) | | (35,599,654) | | (35,599,654) | - | - |
| | 6111 | 2001 | NNI | (3,232,297) | (44,195,761) | | (44,195,761) | | (44,195,761) | - | - |
| | 6111 | 4160 | Nortel Networks SA (French entity) | (958) | (3,048,477) | | (3,048,477) | | (3,048,477) | - | - |
| | 6111 | 4220 | Nortel Networks S.p.A. | 9,162 | - | | - | | - | - | - |
| | 6111 | 4240 | Nortel Networks BV | (556,836) | (4,121,612) | | (4,121,612) | | (4,121,612) | - | - |
| | 6111 | 4290 | O.O.O. Nortel Networks | - | - | | - | | - | - | - |
| | 6111 | 4310 | Nortel Networks Hispania | 4,743 | - | | - | | - | - | - |
| | 6111 | 4360 | Nortel Networks UK Limited | (1,360,784) | (10,182,233) | | (10,182,233) | | (10,182,233) | - | - |
| | 6111 | 5102 | NN Israel (Sales and Marketing) Limited | (21,882) | (29,289) | | (29,289) | | (29,289) | - | - |
| | 6111 | 6100 | Nortel Networks Australia Pty Limited | (51,483) | (7,127,169) | | (7,127,189) | | (7,127,189) | - | - |
| | 6111 | 6130 | NN Japan | - | - | | - | | - | - | - |
| | 6111 | 6180 | Nortel Networks New Zealand Limited | (2) | (24,595) | | (24,595) | | (24,595) | - | - |
| | 6111 | 7100 | NN (Asia) Ltd. - Taiwan sales (7112) | (446,607) | (253,027) | | (253,027) | | (253,027) | - | - |
| | 6111 | 7120 | NN China | 62,402 | - | | (68,961) | | (68,961) | - | - |
| | 6111 | 7124 | GDNT | 27,129 | - | | (34,421) | | (34,421) | - | - |
| | 6111 | 3171 | Nortel de México | (54,720) | - | | (5,466) | | (5,466) | - | - |
| | TOTAL | | | | (104,596,152) | | (123,942,847) | | (123,942,847) | | |

## NTEC

| | Code | Trading Parter | Legal Entity Name | Net post filing position as at September 30, 2011 | | | Net pre-filing balance as at September 30, 2011 | 4th Estate Settlement Net Cash Balance Payments | Remaining pre-filing balance | Withholding tax | Net cash balance received |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pre-filing receivables from | 6112 | 2001 | Nortel Networks Inc. | (2,079) | | | 111,432 | | 111,432 | - | - |
| | 6112 | 6210 | Nortel Networks Singapore Pte | - | | | 11,516 | | 11,516 | - | - |
| Pre-filing payables to: | 6112 | 1002 | Nortel Networks Limited | (448,905) | | | (40,818) | | (40,818) | - | - |
| | 6112 | 6100 | Nortel Networks Australia Pty | - | | | (142,467) | | (142,467) | - | - |

## China

| | Code | Trading Parter | Legal Entity Name | Net post filing position as at September 30, 2011 | | | Net pre-filing balance as at September 30, 2011 | 4th Estate Settlement Net Cash Balance Payments | Remaining pre-filing balance | Withholding tax | Net cash balance received |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pre-filing receivables from | 7120 | 1002 | Nortel Networks Limited | 9,236,258 | | | 104,218,075 | | 104,218,075 | - | - |
| | 7120 | 1102 | Nortel Int Corp | - | | | 734,289 | | 734,289 | - | - |
| | 7120 | 3110 | Nortel Industria e Comerc | - | | | - | | - | - | - |
| | 7120 | 4360 | Nortel Networks UK Limited | (175,997) | | | 69,849 | | 69,849 | - | - |
| | 7120 | 6111 | Nortel (India) Pvt. Ltd. | (62,402) | | | 68,961 | | 68,961 | - | - |
| | 7120 | 6120 | Nortel Indonesia | - | | | 25,280 | | 25,280 | - | - |
| | 7120 | 6130 | Nortel Japan | 26,821 | | | 47,896 | | 47,896 | - | - |
| | 7120 | 6140 | Nortel Korea Ltd | - | | | 6,000 | | 6,000 | - | - |
| | 7120 | 6160 | Nortel Malaysia Sdn. Bhd. | - | | | 19,961 | | 19,961 | - | - |
| | 7120 | 6210 | Nortel Networks Singapore Pte | - | | | 419,492 | | 419,492 | - | - |
| | 7120 | 6231 | Nortel Vietnam Ltd | - | | | 976,187 | | 976,187 | - | - |
| | 7120 | 7121 | Nortel Shanghai Co Ltd | (56,150) | | | 541,938 | | 541,938 | - | - |
| | 7120 | 7123 | SNTC | (33,758) | | | 31,524 | | 31,524 | - | - |
| | 7120 | 7125 | Nortel Networks Communications | (3,855,746) | | | 3,551,291 | | 3,551,291 | - | - |
| Pre-filing payables to: | 7120 | 1101 | Nortel Technology Corp | (169,254) | | | (1,441,088) | | (1,441,088) | - | - |
| | 7120 | 2001 | Nortel Networks Inc. | (169,010) | | | (7,874,695) | | (7,874,695) | - | - |
| | 7120 | 3170 | Nortel Networks de Mexico S.A. | - | | | (33,798) | | (33,798) | - | - |
| | 7120 | 3171 | Nortel de México | - | | | (8,203) | | (8,203) | - | - |
| | 7120 | 4160 | Nortel Networks S.A. | - | | | (285,469) | | (285,469) | - | - |
| | 7120 | 4162 | Nortel France SAS | - | | | (409) | | (409) | - | - |
| | 7120 | 4210 | Nortel (Ireland) Ltd | - | | | (9,904) | | (9,904) | - | - |
| | 7120 | 4220 | Nortel Networks S.p.A. | - | | | (60,030) | | (60,030) | - | - |
| | 7120 | 4240 | Nortel Networks B V | - | | | (177,532) | | (177,532) | - | - |
| | 7120 | 4310 | Nortel Networks Hispania | - | | | (69,288) | | (69,288) | - | - |
| | 7120 | 6100 | Nortel Networks Australia Pty | - | | | (293,104) | | (293,104) | - | - |
| | 7120 | 6220 | Nortel (Thailand) Ltd. | - | | | (1,572) | | (1,572) | - | - |
| | 7120 | 7100 | Nortel Networks (Asia) Limited | (1,583,920) | | | (5,884,628) | | (5,884,628) | - | - |
| | 7120 | 7124 | Guandong Nortel Telecom. | (2,211,203) | | | (115,333) | | (115,333) | - | - |

## Shanghai

| | Code | Trading Parter | Legal Entity Name | Net post filing position as at September 30, 2011 | | | Net pre-filing balance as at September 30, 2011 | 4th Estate Settlement Net Cash Balance Payments | Remaining pre-filing balance | Withholding tax | Net cash balance received |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pre-filing payables to: | 7121 | 1002 | Nortel Networks Limited | (277,163) | | | (599,129) | | (599,129) | - | - |
| | 7121 | 1101 | Nortel Technology Corp | - | | | (74,577) | | (74,577) | - | - |
| | 7121 | 2001 | Nortel Networks Inc. | (22,782) | | | (351,187) | | (351,187) | - | - |
| | 7121 | 3171 | Nortel de México | (3,429) | | | (730) | | (730) | - | - |
| | 7121 | 4260 | Nortel Polska Sp. z o.o. | - | | | (169,326) | | (169,326) | - | - |
| | 7121 | 4360 | Nortel Networks UK Limited | - | | | - | | - | - | - |
| | 7121 | 6100 | Nortel Networks Australia Pty | - | | | (23,517) | | (23,517) | - | - |
| | 7121 | 6210 | Nortel Networks Singapore Pte | (21,840) | | | - | | - | - | - |
| | 7121 | 6220 | Nortel (Thailand) Ltd | - | | | (272) | | (272) | - | - |
| | 7121 | 6231 | Nortel Vietnam Ltd | - | | | (460) | | (460) | - | - |
| | 7121 | 7100 | Nortel Networks (Asia) Limited | (1,737,876) | | | (3,277,335) | | (3,277,335) | - | - |
| | 7121 | 7120 | Nortel (China) Ltd | 56,150 | | | (541,938) | | (541,938) | - | - |
| | 7121 | 7124 | Guandong Nortel Telecom. | 527,968 | | | (352,142) | | (352,142) | - | - |
| | 7121 | 7125 | Nortel Networks Communications | 149,425 | | | (149,408) | | (149,408) | - | - |

Appendix C - 1
Inter-company balances as at September 30, 2011
*in USD*
Pre-filing balances using January 14, 2009 fx rates
Post-filing balances using September 30, 2011 fx rates
India Pvt. Net payable pre-filing balances per RBI approval submission (November 30, 2010 fx rates)
For Balances a positive number = Receivable and a negative number = Payable

## Mexico (3170)

| | Code | Trading Parter | Legal Entity Name | Net post filing position as at September 30, 2011 | | | Net pre-filing balance as at September 30, 2011 | 4th Estate Settlement Net Cash Balance Payments | Remaining pre-filing balance | Withholding tax | Net cash balance received |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pre-filing receivables from | 3170 | 2002 | Nortel Networks (CALA) Inc | 2,440 | | | 563,142 | | 563,142 | - | - |
| | 3170 | 3150 | Nortel del Ecuador S.A. | - | | | - | | - | - | - |
| | 3170 | 3160 | Nortel de Guatemala Ltda | - | | | - | | - | - | - |
| | 3170 | 4160 | Nortel Networks S.A. | - | | | 1,490 | | 1,490 | - | - |
| | 3170 | 7120 | Nortel (China) Ltd | - | | | 33,798 | | 33,798 | - | - |
| Pre-filing payables to: | 3170 | 1002 | Nortel Networks Limited | 154,260 | | | (11,705,861) | | (11,705,861) | - | - |
| | 3170 | 2001 | Nortel Networks Inc. | 176,313 | | | (8,834,568) | | (8,834,568) | - | - |
| | 3170 | 3100 | Nortel de Argentina S.A. | - | | | - | | - | - | - |
| | 3170 | 3110 | Nortel Industria e Comerc | - | | | - | | - | - | - |
| | 3170 | 3130 | Nortel Chile S.A. | - | | | - | | - | - | - |
| | 3170 | 3140 | Nortel Networks Colombia | - | | | (120,183) | | (120,183) | - | - |
| | 3170 | 3171 | Nortel de México | 330,996 | | | - | | - | - | - |
| | 3170 | 4240 | Nortel Networks B.V | - | | | (58,062) | | (58,062) | - | - |
| | 3170 | 6160 | Nortel Malaysia Sdn. Bhd. | - | | | (28,793) | | (28,793) | - | - |

## Mexico (3171)

| | Code | Trading Parter | Legal Entity Name | Net post filing position as at September 30, 2011 | | | Net pre-filing balance as at September 30, 2011 | 4th Estate Settlement Net Cash Balance Payments | Remaining pre-filing balance | Withholding tax | Net cash balance received |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pre-filing receivables from. | 3171 | 1001 | Nortel Networks Corporation | - | | | 59 | | 59 | | - |
| | 3171 | 1101 | Nortel Technology Corp | - | | | 276,176 | | 276,176 | | - |
| | 3171 | 2001 | Nortel Networks Inc. | (3,539,478) | | | 4,658,948 | | 4,658,948 | | - |
| | 3171 | 2002 | Nortel Networks (CALA) Inc | (2,316,249) | | | 3,045,807 | | 3,045,807 | | - |
| | 3171 | 2107 | Altean WebSystems, Inc. | 66 | | | 5,164 | | 5,164 | | - |
| | 3171 | 2112 | Nortel Networks India Int | - | | | 50 | | - | | - |
| | 3171 | 2115 | Nortel Int Inc. | - | | | 836 | | 836 | | - |
| | 3171 | 3100 | Nortel de Argentina S.A. | - | | | 200 | | 200 | | - |
| | 3171 | 3110 | Nortel Industria e Comerc | 366,804 | | | 106,957 | | - | | - |
| | 3171 | 3130 | Nortel Chile S.A. | - | | | - | | - | | - |
| | 3171 | 3140 | Nortel Networks Colombia | 376,444 | | | 254,159 | | 254,159 | | - |
| | 3171 | 3150 | Nortel del Ecuador S.A. | - | | | - | | - | | - |
| | 3171 | 3160 | Nortel de Guatemala Ltda. | - | | | - | | - | | - |
| | 3171 | 3170 | Nortel Networks de Mexico S.A. | (330,996) | | | - | | - | | - |
| | 3171 | 3190 | Nortel del Paraguay | 122 | | | - | | - | | - |
| | 3171 | 3200 | Nortel Peru S.A.C | - | | | 200 | | 200 | | - |
| | 3171 | 3210 | Nortel del Uruguay S.A. | - | | | - | | - | | - |
| | 3171 | 3220 | Nortel de Venezuela | 42,326 | | | 858 | | 858 | | - |
| | 3171 | 3280 | Nortel Trinidad and Tobago | 15,978 | | | 55 | | 55 | | - |
| | 3171 | 4100 | Nortel (Austria) GmbH | 28 | | | 8,821 | | 8,821 | | - |
| | 3171 | 4130 | Nortel Networks, s.r.o | - | | | 3,613 | | 3,613 | | - |
| | 3171 | 4162 | Nortel France SAS | - | | | 3,315 | | 3,315 | | - |
| | 3171 | 4180 | Nortel GmbH | - | | | 29,481 | | 29,481 | | - |
| | 3171 | 4200 | Nortel Hungary | 1,816 | | | 4,427 | | 4,427 | | - |
| | 3171 | 4210 | Nortel (Ireland) Ltd | - | | | 4,336 | | 4,336 | | - |
| | 3171 | 4260 | Nortel Polska Sp. z o.o. | - | | | 1,823 | | 1,823 | | - |
| | 3171 | 4270 | 4270 Nortel Portugal S.A. | 3,405 | | | 3,103 | | 3,103 | | - |
| | 3171 | 4280 | Nortel Networks Romania Srl | -3,478 | | | 532 | | 532 | | - |
| | 3171 | 4290 | O.O.O. Nortel Networks | 31,451 | | | 42 | | 42 | | - |
| | 3171 | 4340 | Nortel NETAS Tel A.S. | 927 | | | 4,908 | | 4,908 | | - |
| | 3171 | 4350 | Nortel Ukraine Limited | - | | | - | | - | | - |
| | 3171 | 4360 | Nortel Networks UK Limited | 804 | | | 58,159 | | 58,159 | | - |
| | 3171 | 5102 | Nortel Israel Ltd | 10,410 | | | 18,478 | | 18,478 | | - |
| | 3171 | 6111 | Nortel (India) Pvt. Ltd. | 54,720 | | | 5,486 | | 5,486 | | - |
| | 3171 | 6120 | Nortel Indonesia | - | | | 171 | | 171 | | - |
| | 3171 | 6160 | Nortel Malaysia Sdn. Bhd. | - | | | 780 | | 780 | | - |
| | 3171 | 6210 | Nortel Networks Singapore Pte | - | | | 478 | | 478 | | - |
| | 3171 | 6220 | Nortel (Thailand) Ltd. | - | | | 503 | | 503 | | - |
| | 3171 | 6231 | Nortel Vietnam Ltd | 2,637 | | | 2,768 | | 2,768 | | - |
| | 3171 | 7100 | Nortel Networks (Asia) Limited | 2,844 | | | 77,557 | | 77,557 | | - |
| | 3171 | 7120 | Nortel (China) Ltd | - | | | 8,203 | | 8,203 | | - |
| | 3171 | 7121 | Nortel Shanghai Co Ltd | 3,429 | | | 730 | | 730 | | - |
| Pre-filing payables to: | 3171 | 1002 | Nortel Networks Limited | (235,386) | | | (8,872,816) | | (8,872,816) | | - |
| | 3171 | 4110 | Nortel Networks N.V. | - | | | (585) | | (585) | | - |
| | 3171 | 4140 | Nortel HPOCS Denmark A/S | - | | | (1,185) | | (1,185) | | - |
| | 3171 | 4150 | Nortel Networks Oy | - | | | (179) | | (179) | | - |
| | 3171 | 4160 | Nortel Networks S.A. | - | | | (4,854) | | (4,854) | | - |
| | 3171 | 4220 | Nortel Networks S.p.A. | - | | | (1,019) | | (1,019) | | - |
| | 3171 | 4240 | Nortel Networks B.V | - | | | (4,200) | | (4,200) | | - |
| | 3171 | 4310 | Nortel Networks Hispania | - | | | (12,060) | | (12,060) | | - |
| | 3171 | 4320 | Nortel Networks AB | - | | | (377) | | (377) | | - |
| | 3171 | 4330 | Nortel Networks AG | - | | | (1,046) | | (1,046) | | - |

**Appendix C - 1**
Inter-company balances as at September 30, 2011
*in USD*
Pre and post filing balances using September 30, 2011 fx rates
For Balances a positive number = Receivable and a negative number = Payable

## Argentina

| | Code | Legal Entity Name | Net pre-filing balance as at September 30, 2011 | Post filing position as at September 30, 2011 |
|---|---|---|---|---|
| Receivables from: | 3130 | Nortel Networks Chile S.A. | 61,400 | 325,400 |
| Payables to: | 1002 | Nortel Networks Limited | (4,403,400) | (636,000) |
| | 2001 | Nortel Networks Inc. | (214,000) | - |
| | 2002 | Nortel Networks (CALA) Inc. | (9,219,000) | 209,500 |
| | 3171 | Nortel de México, S. de R.L. de C.V. | (200) | - |
| | 3100 | Nortel Networks de Argentina S.A. | - | - |
| | 3150 | Nortel Networks del Ecuador S.A. | - | - |
| | 3160 | Nortel Networks de Guatemala Ltda. | - | - |
| | 3200 | Nortel Networks Peru S.A.C. | - | - |
| | 3210 | Nortel Networks del Uruguay S.A. | - | - |

## Chile

| | Code | Legal Entity Name | Net pre-filing balance as at September 30, 2011 | Post filing position as at September 30, 2011 |
|---|---|---|---|---|
| Payables to: | 1002 | Nortel Networks Limited | (1,900) | - |
| | 2001 | Nortel Networks Inc. | - | - |
| | 2002 | Nortel Networks (CALA) Inc. | (5,054,100) | (13,000) |
| | 3100 | Nortel Networks de Argentina S.A. | (61,400) | (325,400) |
| | 3130 | Nortel Networks Chile S.A. | - | - |
| | 3150 | Nortel Networks del Ecuador S.A. | - | - |
| | 3160 | Nortel Networks de Guatemala Ltda. | - | - |
| | 3171 | Nortel de México, S. de R.L. de C.V. | - | - |
| | 3200 | Nortel Networks Peru S.A.C. | - | 1,700 |
| | 3210 | Nortel Networks del Uruguay S.A. | - | - |

## Ecuador

| | Code | Legal Entity Name | Net pre-filing balance as at September 30, 2011 | Post filing position as at September 30, 2011 |
|---|---|---|---|---|
| Payables to: | 1002 | Nortel Networks Limited | (612,700) | (394,000) |
| | 2001 | Nortel Networks Inc. | - | - |
| | 2002 | Nortel Networks (CALA) Inc. | (252,800) | - |
| | 3100 | Nortel Networks de Argentina S.A. | - | - |
| | 3130 | Nortel Networks Chile S.A. | - | - |
| | 3150 | Nortel Networks del Ecuador S.A. | - | - |
| | 3160 | Nortel Networks de Guatemala Ltda. | - | - |
| | 3171 | Nortel de México, S. de R.L. de C.V. | - | - |
| | 3200 | Nortel Networks Peru S.A.C. | - | - |
| | 3210 | Nortel Networks del Uruguay S.A. | - | - |

Inter-company balances as at September 30, 2011
*in USD*
Pre and post filing balances using September 30, 2011 fx rates
For Balances a positive number = Receivable and a negative number = Payable

## Peru

| | Code | Legal Entity Name | Net pre-filing balance as at September 30, 2011 | Post filing position as at September 30, 2011 |
|---|---|---|---|---|
| Receivables from: | 2002 | Nortel Networks (CALA) Inc. | 212,700 | (238,400) |
| Payables to: | 1002 | Nortel Networks Limited | - | - |
| | 2001 | Nortel Networks Inc. | - | - |
| | 3100 | Nortel Networks de Argentina S.A. | - | - |
| | 3130 | Nortel Networks Chile S.A. | - | (1,700) |
| | 3150 | Nortel Networks del Ecuador S.A. | - | - |
| | 3200 | Nortel Networks Peru S.A.C. | - | - |
| | 3210 | Nortel Networks del Uruguay S.A. | - | - |
| | 3171 | Nortel de México, S. de R.L. de C.V. | (200) | - |
| | 3160 | Nortel Networks de Guatemala Ltda. | (50,000) | - |

## Uruguay

| | Code | Legal Entity Name | Net pre-filing balance as at September 30, 2011 | Post filing position as at September 30, 2011 |
|---|---|---|---|---|
| Receivables from: | 3171 | Nortel de México, S. de R.L. de C.V. | - | - |
| Payables to: | 1002 | Nortel Networks Limited | (2,563,700) | - |
| | 2001 | Nortel Networks Inc. | - | - |
| | 2002 | Nortel Networks (CALA) Inc. | (3,187,600) | - |
| | 3100 | Nortel Networks de Argentina S.A. | - | - |
| | 3130 | Nortel Networks Chile S.A. | - | - |
| | 3150 | Nortel Networks del Ecuador S.A. | - | - |
| | 3160 | Nortel Networks de Guatemala Ltda. | - | - |
| | 3200 | Nortel Networks Peru S.A.C. | - | - |
| | 3210 | Nortel Networks del Uruguay S.A. | - | - |

## Guatemala

| | Code | Legal Entity Name | Net pre-filing balance as at September 30, 2011 | Post filing position as at September 30, 2011 |
|---|---|---|---|---|
| Receivables from: | 3171 | Nortel de México, S. de R.L. de C.V. | - | - |
| | 3200 | Nortel Networks Peru S.A.C. | 50,000 | - |
| | 3150 | Nortel Networks del Ecuador S.A. | - | - |
| | 3130 | Nortel Networks Chile S.A. | - | - |
| | 3100 | Nortel Networks de Argentina S.A. | - | - |
| Payables to: | 1002 | Nortel Networks Limited | - | - |
| | 2001 | Nortel Networks Inc. | - | 59,232 |
| | 2002 | Nortel Networks (CALA) Inc. | (332,794) | 240,524 |
| | 3160 | Nortel Networks de Guatemala Ltda. | - | - |
| | 3210 | Nortel Networks del Uruguay S.A. | - | - |

## Appendix C-2

**Post-filing payments**

| Payment made by: | Legal Entity Name | Payment made to: | Legal Entity Name | Amount (USD) | Date |
|---|---|---|---|---|---|
| 2001 | Nortel Networks Inc. | 6210 | Nortel Networks Singapore Pte Ltd | 14,782 | Q4 2011 |
| 2001 | Nortel Networks Inc. | 7100 | Nortel Networks (Asia) Limited | 151,055 | Q4 2011 |
| 2001 | Nortel Networks Inc. | 3170 | Nortel Networks de Mexico S.A. | 176,313 | Feb-12 |
| 6130 | Nortel Networks Japan | 1002 | Nortel Networks Limited | 182,595 | Feb-12 |
| 6130 | Nortel Networks Japan | 7120 | Nortel (China) Limited | 26,821 | Jan-12 |
| 7120 | Nortel (China) Limited | 2001 | Nortel Networks Inc. | 1,400,668 | Dec-11 |
| 6231 | Nortel Vietnam Ltd | 2001 | Nortel Networks Inc. | 46,899 | Feb-12 |

**Pre-filing payments**

| Payment made by: | Legal Entity Name | Payment made to: | Legal Entity Name | Amount (USD) | Date |
|---|---|---|---|---|---|
| 6100 | Nortel Networks Australia Pty Limited | 2001 | Nortel Networks Inc. | 323,000 | Feb-12 |
| 7120 | Nortel (China) Limited | 2001 | Nortel Networks Inc. | 2,592,125 | Dec 2011 & Jan 2012 |
| 7121 | Nortel Shanghai Co Ltd | 2001 | Nortel Networks Inc. | 207,199 | Oct-11 |

Appendix C-3 – Certain Surviving Obligations

- Ongoing obligations under the August 2011 Timeline for and Proposed Resolutions of Pending US/Canada Issues, dated September 8, 2011.

# APPENDIX E

Form of Amendments to Escrow Agreements

## THIRD AMENDMENT TO CVAS DISTRIBUTION ESCROW AGREEMENT

This Third Amendment, dated as of [●], 2012 (this "Amendment") to the CVAS Distribution Escrow Agreement dated as of May 27, 2010 (as amended from time to time, the "Distribution Escrow Agreement"), is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the affiliates of the Main Sellers listed on Schedule A of the Distribution Escrow Agreement (the "Other Sellers"), (v) the entities set out in Schedule B of the Distribution Escrow Agreement (the "EMEA Sellers" and, together with the Main Sellers and the Other Sellers, the "Sellers"), which in the case of the EMEA Debtors (as defined in the Distribution Escrow Agreement) are acting by their joint administrators Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators) (collectively, the "Joint Administrators") who act as agents for the EMEA Debtors without any personal liability whatsoever, (vi) Nortel Networks S.A. (in administration and liquidation judiciare) ("NNSA") acting by the French Liquidator (as defined in the Distribution Escrow Agreement), who acts as agent for NNSA without any personal liability whatsoever (NNSA, the Sellers and the EMEA Sellers, together, the "Depositors"), (vii) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "Monitor"); (viii) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "Committee", and together with the Monitor, the "Estate Fiduciaries") , and (ix) JPMorgan Chase Bank, N.A., as escrow and distribution agent under the Distribution Escrow Agreement (the "Distribution Agent"). Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries (collectively, the "Settlement Parties") and the Distribution Agent (together with the Settlement Payment Parties, the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court (collectively, the "Courts"), respectively, approved a first amendment to the Distribution Escrow Agreement, effective as of September 6, 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. ("Nortel Israel") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent or participation of Nortel Israel will no longer be required for any purpose thereunder.

WHEREAS, on August 23, 2011, the Courts approved a second amendment to the Distribution Escrow Agreement, effective as of September 22, 2011 (the "Second Amendment"), that removed all references to o.o.o. Nortel Networks ("Nortel Russia") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Russia will no longer be required for any purpose thereunder.

WHEREAS pursuant to the Second Amendment, Nortel Networks International Finance & Holding B.V. became a Depositor (as defined in the Distribution Escrow Agreement) and was added to the list of EMEA Sellers party to the Distribution Escrow Agreement as reflected on Schedule B of the Distribution Escrow Agreement.

WHEREAS, on [●], 2012 the Settlement Parties entered into that certain Allocation Settlement Agreement (APAC/CALA) (as amended, the "Settlement Agreement") pursuant to which the Distribution Agent shall be authorized to transmit Aggregate Settlement Shares (as defined in the Settlement Agreement) from the Distribution Account to certain non-debtor Nortel entities and to certain of their intercompany creditors upon satisfaction of specified conditions precedent, including the delivery of instructions (the "Release Instructions") by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, pursuant to the Settlement Agreement, the Distribution Escrow Agreement is to be amended to remove all references to each of the entities listed on Schedule A attached hereto (each a "Non-Filed Entity" and, collectively, the "Non-Filed Entities") as a Depositor.

WHEREAS, on [●], 2012, the Courts approved the Settlement Agreement and the Courts authorized certain of the Settlement Parties to enter into this Amendment and perform their obligations hereunder, as required under Paragraph 14(a) of the Distribution Escrow Agreement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. Amendment of Schedule A. Conditioned upon, and with effect from, the transmission of all Aggregate Settlement Shares (as defined in the Settlement Agreement) by the Distribution Agent from the Intermediate Distribution Account (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Release Instructions, Schedule A of the Distribution Escrow Agreement shall be amended to remove each of the Non-Filed Entities from the list of Other Sellers party to the Distribution Escrow Agreement. Each Non-Filed Entity shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent or participation of any of the Non-Filed Entities shall no longer be required for any purposes thereunder.

2. Authorization. Each Party hereto represents to the others that (a) such Party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3. Distribution Escrow Agreement Remains in Effect. This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect

to the matters set forth herein. Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the Parties thereto. This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.  **Counterparts**. This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*

**Copy to:**

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

## THIRD AMENDMENT TO ESCROW AGREEMENT

This Third Amendment, dated as of [●], 2012 (this "Amendment") to the Escrow Agreement dated as of December 18, 2009 (as amended, the "Distribution Escrow Agreement"), is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the affiliates of the Main Sellers listed on Schedule A Parts 1 and 2 of the Distribution Escrow Agreement (the "Other Sellers" and, together with the Main Sellers, the "Sellers"), (v) the companies set out in Schedule B Part 1 of the Distribution Escrow Agreement (the "EMEA Filed Entities"), which are acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively the "Joint Administrators")) who act as agents for the EMEA Filed Entities without any personal liability, (vi) the companies listed in Schedule B Part 2 (the "EMEA Non-Filed Entities"); (vii) Nortel Networks S.A. (in administration and liquidation judiciare) ("NNSA", and, collectively with the EMEA Filed Entities, the EMEA Non-Filed Entities, the Main Sellers and the Other Sellers, the "Depositors")) acting by Maitre Cosme Rogeau, 26, avenue Hoche, 7800 Versailles as *Liquidateur Judiciaire* of NNSA , who acts as agent for NNSA without any personal liability whatsoever, (viii) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "Monitor"); (ix) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "Committee", and together with the Monitor, the "Estate Fiduciaries") , and (x) JPMorgan Chase Bank, N.A. as escrow and distribution agent under the Distribution Escrow Agreement and any successors appointed pursuant to the terms thereof (the "Distribution Agent"). Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries (collectively, the "Settlement Parties") and the Distribution Agent (together with the Settlement Payment Parties, the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court (collectively, the "Courts"), respectively, approved a first amendment to the Distribution Escrow Agreement, effective as of September 6, 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. and Nortel Communications and Holdings (1997) Limited (collectively, "Nortel Israel") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent or participation of Nortel Israel will no longer be required for any purpose thereunder.

WHEREAS, on August 23, 2011, the Courts approved a second amendment to the Distribution Escrow Agreement, effective as of September 22, 2011 (the "Second Amendment"), that removed all references to o.o.o. Nortel Networks ("Nortel Russia") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Russia will no longer be required for any purpose thereunder.

WHEREAS pursuant to the Second Amendment, Nortel Networks International Finance & Holding B.V. became a Depositor (as defined in the Distribution Escrow Agreement) and was added to the list of EMEA Sellers party to the Distribution Escrow Agreement as reflected on Schedule B of the Distribution Escrow Agreement.

WHEREAS, on [●], 2012 the Settlement Parties entered into that certain Allocation Settlement Agreement (APAC/CALA) (as amended, the "Settlement Agreement") pursuant to which the Distribution Agent shall be authorized to transmit Aggregate Settlement Shares (as defined in the Settlement Agreement) from the Distribution Account to certain non-debtor Nortel entities and to certain of their intercompany creditors upon satisfaction of specified conditions precedent, including the delivery of instructions (the "Release Instructions") by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, pursuant to the Settlement Agreement, the Distribution Escrow Agreement is to be amended to remove all references to each of the entities listed on Schedule A attached hereto (each a "Non-Filed Entity" and, collectively, the "Non-Filed Entities") as a Depositor.

WHEREAS, on [●], 2012, the Courts approved the Settlement Agreement and the Courts authorized certain of the Settlement Parties to enter into this Amendment and perform their obligations hereunder, as required under Paragraph 15(a) of the Distribution Escrow Agreement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1.   Amendment of Schedule A. Conditioned upon, and with effect from, the transmission of all Aggregate Settlement Shares (as defined in the Settlement Agreement) by the Distribution Agent from the Intermediate Distribution Account (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Release Instructions, Schedule A of the Distribution Escrow Agreement shall be amended to remove each of the Non-Filed Entities from the list of Other Sellers party to the Distribution Escrow Agreement. Each Non-Filed Entity shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent or participation of any of the Non-Filed Entities shall no longer be required for any purposes thereunder.

2.   Authorization. Each Party hereto represents to the others that (a) such party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3.   Distribution Escrow Agreement Remains in Effect. This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect

to the matters set forth herein. Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the Parties thereto. This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

    4.    Counterparts. This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*

**Copy to:**

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

## SECOND AMENDMENT TO GSM/GSM-R DISTRIBUTION ESCROW AGREEMENT

This Second Amendment, dated as of [●], 2012 (this "Amendment") to the GSM/GSM-R Distribution Escrow Agreement dated as of March 31, 2010 (as amended from time to time, the "Distribution Escrow Agreement"), is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the affiliates of the Main Sellers listed on Schedule A of the Distribution Escrow Agreement (the "Other Sellers"), (v) the entities set out in Schedule B of the Distribution Escrow Agreement (the "EMEA Sellers" and, together with the Main Sellers and the Other Sellers, the "Sellers"), which are, in the case of the EMEA Debtors, acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively the "Joint Administrators")) who act as agents for the EMEA Debtors without any personal liability, (vi) Nortel Networks S.A. (In Administration and liquidation judiciare) ("NNSA") acting by the French Office Holders (as defined in the Distribution Escrow Agreement) who act as agents for NNSA without any personal liability whatsoever, (vii) Nortel Networks (Asia) Limited ("NN Asia"), (viii) each affiliate of the Main Sellers listed in Schedule C of the Distribution Escrow Agreement (each such entity, a "North American ALT Selling Debtor"), (ix) each affiliate of the EMEA Sellers listed in Schedule D of the Distribution Escrow Agreement (each such entity, an "EMEA ALT Selling Debtor" and together with the Sellers, NNSA, NN Asia and the North American ALT Selling Debtors, the "Depositors"), (x) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "Monitor"); (xi) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "Committee", and together with the Monitor, the "Estate Fiduciaries") and (xii) JPMorgan Chase Bank, N.A. ("JPMorgan"), a national banking association organized and existing under the laws of the United States of America and acting through its TS/Escrow Services Division and solely in its capacity as escrow and distribution agent under the Distribution Escrow Agreement and any successors appointed pursuant to the terms thereof (JPMorgan in such capacity, the "Distribution Agent"). Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries (collectively, the "Settlement Parties") and the Distribution Agent (together with the Settlement Payment Parties, the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on August 23, 2011, the U.S. Bankruptcy Court and the Canadian Court (collectively, the "Courts") approved a first amendment to the Distribution Escrow Agreement, effective as of September 22, 2011, that removed all references to o.o.o. Nortel Networks ("Nortel Russia") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Russia will no longer be required for any purpose thereunder.

WHEREAS, on [●], 2012 the Settlement Parties entered into that certain Allocation Settlement Agreement (APAC/CALA) (as amended, the "Settlement Agreement") pursuant to which the Distribution Agent shall be authorized to transmit Aggregate Settlement Shares (as defined in the Settlement Agreement) from the Distribution Account to certain non-debtor Nortel entities and to certain of their intercompany creditors upon satisfaction of specified conditions precedent, including the delivery of instructions (the "Release Instructions") by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, pursuant to the Settlement Agreement, the Distribution Escrow Agreement is to be amended to remove all references to each of the entities listed on Schedule A attached hereto (together with NN Asia, each a "Non-Filed Entity" and, collectively, the "Non-Filed Entities") as a Depositor.

WHEREAS, on [●], 2012, the Courts approved the Settlement Agreement and the Courts authorized certain of the Settlement Parties to enter into this Amendment and perform their obligations hereunder, as required under Paragraph 15(a) of the Distribution Escrow Agreement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. Amendment. Conditioned upon, and with effect from, the transmission of all Aggregate Settlement Shares (as defined in the Settlement Agreement) by the Distribution Agent from the Intermediate Distribution Account (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Release Instructions, (a) Schedule A of the Distribution Escrow Agreement shall be amended to remove each of the Non-Filed Entities other than NN Asia from the list of Other Sellers party to the Distribution Escrow Agreement and (b) the Distribution Escrow Agreement shall be amended to remove all references to NN Asia as a party to or Depositor under the Distribution Escrow Agreement. Each Non-Filed Entity shall immediately and irrevocably cease to be a Depositor under, and NN Asia shall immediately and irrevocably cease to be a party to, the Distribution Escrow Agreement for any and all purposes, and the consent or participation of any of the Non-Filed Entities shall no longer be required for any purposes thereunder.

2. Authorization. Each Party hereto represents to the others that (a) such Party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3. Distribution Escrow Agreement Remains in Effect. This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein. Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the Parties thereto. This

Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

    4.  Counterparts.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*

Copy to:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

# AMENDMENT TO GSM RETAINED CONTRACTS DISTRIBUTION ESCROW AGREEMENT

This Amendment, dated as of [●], 2012 (this "Amendment") to the GSM Retained Contracts Distribution Escrow Agreement dated as of June 3, 2010, (the "Distribution Escrow Agreement") by and among (i) Nortel Networks Limited ("NNL"); (ii) Nortel Networks Inc. ("NNI"); and (iii) Nortel Networks (CALA) Inc. ("CALA" and, together with NNL and NNI, the "Main Sellers"); (iv) the affiliates of the Main Sellers listed on Schedule A to the Distribution Escrow Agreement (the "Other Sellers" and, together with the Main Sellers, the "Depositors"); (v) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "Monitor"); (vi) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "Committee", and together with the Monitor, the "Estate Fiduciaries"); and (vii) JPMorgan Chase Bank, N.A., a national banking association organized and existing under the laws of the United States of America ("JPMorgan") and acting through its TS/Escrow Services Division and solely in its capacity as escrow and distribution agent under the Distribution Escrow Agreement, and any successor appointed pursuant to the terms of the Distribution Escrow Agreement (JPMorgan in such capacity, the "Distribution Agent"). Capitalized terms used and not otherwise defined herein shall have the meaning given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries (collectively, the "Settlement Parties") and the Distribution Agent (together with the Settlement Payment Parties, the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on [●], 2012 the Settlement Parties entered into that certain Allocation Settlement Agreement (APAC/CALA) (as amended, the "Settlement Agreement") pursuant to which the Distribution Agent shall be authorized to transmit Aggregate Settlement Shares (as defined in the Settlement Agreement) from the Distribution Account to certain non-debtor Nortel entities and to certain of their intercompany creditors upon satisfaction of specified conditions precedent, including the delivery of instructions (the "Release Instructions") by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, pursuant to the Settlement Agreement, the Distribution Escrow Agreement is to be amended to remove all references to each of the entities listed on Schedule A attached hereto (each a "Non-Filed Entity" and, collectively, the "Non-Filed Entities") as a Depositor.

WHEREAS, on [●], 2012, the U.S. Bankruptcy Court and the Canadian Court (collectively, the "Courts") approved the Settlement Agreement and the Courts authorized certain of the Settlement Parties to enter into this Amendment and perform their obligations hereunder, as required under Paragraph 15(a) of the Distribution Escrow Agreement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Amendment of Schedule A**. Conditioned upon, and with effect from, the transmission of all Aggregate Settlement Shares (as defined in the Settlement Agreement) by the Distribution Agent from the Intermediate Distribution Account (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Release Instructions, Schedule A of the Distribution Escrow Agreement shall be amended to remove each of the Non-Filed Entities from the list of Other Sellers party to the Distribution Escrow Agreement. Each Non-Filed Entity shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent or participation of any of the Non-Filed Entities shall no longer be required for any purposes thereunder.

2. **Authorization**. Each Party hereto represents to the others that (a) such Party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3. **Distribution Escrow Agreement Remains in Effect**. This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein. Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the Parties thereto. This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4. **Counterparts**. This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

*[Signature pages follow.]*

**Copy to:**
The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

## THIRD AMENDMENT TO MEN DISTRIBUTION ESCROW AGREEMENT

This Third Amendment, dated as of [●], 2012 (this "Amendment") to the MEN Distribution Escrow Agreement dated as of March 19, 2010 (as amended from time to time, the "Distribution Escrow Agreement"), is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the Additional U.S. Debtors (as defined in the Distribution Escrow Agreement) and the other affiliates of the Main Sellers listed on Schedule A of the Distribution Escrow Agreement, but excluding Nortel Networks de Colombia S.A. (collectively, the "Other Sellers"), (v) the companies listed on Schedule B of the Distribution Escrow Agreement (the "EMEA Sellers" and, together with the Main Sellers and the Other Sellers, the "Sellers")), acting by their joint administrators Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration)), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively, the "Joint Administrators")) who act as agents for the EMEA Debtors (as defined in the Distribution Escrow Agreement), (vi) Nortel Networks S.A. (In Administration and liquidation judiciare) ("NNSA") acting by the NNSA Office Holders (as defined in the Distribution Escrow Agreement), (vii) each affiliate of the Main Sellers listed on Schedule C of the Distribution Escrow Agreement (each such entity, a "North American ALT Selling Debtor"), (viii) each affiliate of the EMEA Sellers listed on Schedule D of the Distribution Escrow Agreement (each such entity, an "EMEA ALT Selling Debtor," and together with the Sellers, NNSA and the North American ALT Selling Debtors, the "Depositors"), (ix) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "Monitor"); (x) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "Committee", and together with the Monitor, the "Estate Fiduciaries") and (xi) JPMorgan Chase Bank, N.A., as escrow and distribution agent under the Distribution Escrow Agreement (the "Distribution Agent"). Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries (collectively, the "Settlement Parties") and the Distribution Agent (together with the Settlement Payment Parties, the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court (collectively, the "Courts"), respectively, approved a first amendment to the Distribution Escrow Agreement, effective as of September 6, 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. ("Nortel Israel") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent or participation of Nortel Israel will no longer be required for any purpose thereunder.

WHEREAS, pursuant to orders of the Courts dated June 21, 2011, any term or condition of the Distribution Escrow Agreement that explicitly or implicitly requires the consent or participation of Nortel Networks de Colombia S.A. is now forever deemed to be not required.

1

WHEREAS, on August 23, 2011, the Courts approved a second amendment to the Distribution Escrow Agreement, effective as of September 22, 2011, that removed all references to o.o.o. Nortel Networks ("Nortel Russia") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Russia will no longer be required for any purpose thereunder.

WHEREAS, on [●], 2012 the Settlement Parties entered into that certain Allocation Settlement Agreement (APAC/CALA) (as amended, the "Settlement Agreement") pursuant to which the Distribution Agent shall be authorized to transmit Aggregate Settlement Shares (as defined in the Settlement Agreement) from the Distribution Account to certain non-debtor Nortel entities and to certain of their intercompany creditors upon satisfaction of specified conditions precedent, including the delivery of instructions (the "Release Instructions") by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, pursuant to the Settlement Agreement, the Distribution Escrow Agreement is to be amended to remove all references to each of the entities listed on Schedule A attached hereto (each a "Non-Filed Entity" and, collectively, the "Non-Filed Entities") as a Depositor.

WHEREAS, on [●], 2012, the Courts approved the Settlement Agreement and the Courts authorized certain of the Settlement Parties to enter into this Amendment and perform their obligations hereunder, as required under Paragraph 15(a) of the Distribution Escrow Agreement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. _Amendment of Schedule A_. Conditioned upon, and with effect from, the transmission of all Aggregate Settlement Shares (as defined in the Settlement Agreement) by the Distribution Agent from the Intermediate Distribution Account (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Release Instructions, Schedule A of the Distribution Escrow Agreement shall be amended to remove each of the Non-Filed Entities from the list of Other Sellers party to the Distribution Escrow Agreement. Each Non-Filed Entity shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent or participation of any of the Non-Filed Entities shall no longer be required for any purposes thereunder.

2. _Authorization_. Each Party hereto represents to the others that (a) such Party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.