3.    <u>Distribution Escrow Agreement Remains in Effect</u>.  This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein.  Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the Parties thereto.  This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.    <u>Counterparts</u>.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

*[Signature pages follow.]*

**Copy to:**

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

**SECOND AMENDMENT TO MSS DISTRIBUTION ESCROW AGREEMENT**

This Amendment, dated as of [●], 2012 (this "Amendment") to the MSS Distribution Escrow Agreement, dated as of March 11, 2011 (as amended from time to time, the "Distribution Escrow Agreement"), is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the affiliates of the Main Sellers listed on Schedule A of the Distribution Escrow Agreement (collectively, the "Other Sellers"), (v) the companies listed on Schedule B of the Distribution Escrow Agreement (the "EMEA Sellers" and, together with the Main Sellers and the Other Sellers, the "Sellers"), which in the case of the EMEA Sellers are acting by their joint administrators Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively, the "Joint Administrators")) who act as agents for the EMEA Debtors (as defined in the Distribution Escrow Agreement), (vi) Nortel Networks S.A. (In Administration) ("NNSA", together with the Sellers and the EMEA Sellers, the "Depositors" ) acting by the French Liquidator (as defined in the Distribution Escrow Agreement), (vii) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "Monitor"); (viii) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "Committee", and together with the Monitor, the "Estate Fiduciaries") , and (ix) JPMorgan Chase Bank, N.A., as escrow and distribution agent under the Distribution Escrow Agreement (the "Distribution Agent"). Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries (collectively, the "Settlement Parties") and the Distribution Agent (together with the Settlement Payment Parties, the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court (collectively, the "Courts"), respectively, approved a first amendment to the Distribution Escrow Agreement, effective as of September 6, 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. ("Nortel Israel") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent or participation of Nortel Israel will no longer be required for any purpose thereunder.

WHEREAS, on [●], 2012 the Settlement Parties entered into that certain Allocation Settlement Agreement (APAC/CALA) (as amended, the "Settlement Agreement") pursuant to which the Distribution Agent shall be authorized to transmit Aggregate Settlement Shares (as defined in the Settlement Agreement) from the Distribution Account to certain non-debtor Nortel entities and to certain of their intercompany creditors upon satisfaction of specified conditions precedent, including the delivery of instructions (the "Release Instructions") by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, pursuant to the Settlement Agreement, the Distribution Escrow Agreement is to be amended to remove all references to each of the entities listed on Schedule A attached hereto (each a "Non-Filed Entity" and, collectively, the "Non-Filed Entities") as a Depositor.

WHEREAS, on [●], 2012, the Courts approved the Settlement Agreement and the Courts authorized certain of the Settlement Parties to enter into this Amendment and perform their obligations hereunder, as required under Paragraph 14(a) of the Distribution Escrow Agreement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1.    Amendment of Schedule A.  Conditioned upon, and with effect from, the transmission of all Aggregate Settlement Shares (as defined in the Settlement Agreement) by the Distribution Agent from the Intermediate Distribution Account (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Release Instructions, Schedule A of the Distribution Escrow Agreement shall be amended to remove each of the Non-Filed Entities from the list of Other Sellers party to the Distribution Escrow Agreement.  Each Non-Filed Entity shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent or participation of any of the Non-Filed Entities shall no longer be required for any purposes thereunder.

2.    Authorization.  Each Party hereto represents to the others that (a) such Party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3.    Distribution Escrow Agreement Remains in Effect.  This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein.  Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the parties thereto.  This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.    Counterparts.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

2

*[Signature pages follow.]*

**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

## SECOND AMENDMENT TO RADWARE ESCROW AGREEMENT

This Amendment, dated as of [●], 2012 (this "Amendment") to the Radware Distribution Escrow Agreement dated as of March 31, 2009 (as amended from time to time, the "Distribution Escrow Agreement"), is by and among (i) Nortel Networks Inc. ("NNI"), acting on behalf of itself and on behalf of its wholly-owned subsidiary Alteon WebSystems Inc., (ii) Nortel Networks Limited ("NNL"), acting on behalf of itself and on behalf of Nortel Networks Technology Corporation and NNL's wholly-owned subsidiaries identified as Non-Debtor Nortel Networks Entities on Exhibit I of the Distribution Escrow Agreement (collectively, the "Non-Debtor Nortel Networks Entities"), those entities listed under the heading EMEA Sellers on the signature pages of the Distribution Escrow Agreement (collectively, the "Depositors" and each a "Depositor"), and A.R. Bloom, S. Harris, A. M. Hudson and C. Hill of Ernst & Young LLP, in their capacity as the joint administrators of the EMEA Sellers (other than Nortel Networks (Ireland) Limited) and A.R. Bloom and D. Hughes in their capacity as the joint administrators of Nortel Networks (Ireland) Limited (the "Joint Administrators"), and JP Morgan Chase Bank, N.A., as escrow agent ("Distribution Agent").  Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Joint Administrators (collectively, the "Settlement Parties") and the Escrow Agent (together with the Settlement Parties, the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court (collectively, the "Courts"), respectively, approved a first amendment to the Distribution Escrow Agreement, effective as of September 6, 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. ("Nortel Israel") as a "Depositor" (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent or participation of Nortel Israel will no longer be required for any purpose thereunder.

WHEREAS, on [●], 2012 the Settlement Parties entered into that certain Allocation Settlement Agreement (APAC/CALA) (as amended, the "Settlement Agreement") pursuant to which the Distribution Agent shall be authorized to transmit Aggregate Settlement Shares (as defined in the Settlement Agreement) from the Distribution Account to certain non-debtor Nortel entities and to certain of their intercompany creditors upon satisfaction of specified conditions precedent, including the delivery of instructions (the "Release Instructions") by the Depositors and the Estate Fiduciaries to certain distribution escrow agreements.

WHEREAS, pursuant to the Settlement Agreement, the Distribution Escrow Agreement is to be amended to remove all references to each of the entities listed on Schedule A attached hereto (each a "Non-Filed Entity" and, collectively, the "Non-Filed Entities") as a Depositor.

WHEREAS, on [●], 2012, the Courts approved the Settlement Agreement and the Courts authorized certain of the Settlement Parties to enter into this Amendment and perform

their obligations hereunder, as required under Paragraph 15(a) of the Distribution Escrow Agreement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1.      Amendment of Exhibit 1.  Conditioned upon, and with effect from, the transmission of all Aggregate Settlement Shares (as defined in the Settlement Agreement) by the Distribution Agent from the Intermediate Distribution Account (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Release Instructions, Exhibit 1 of the Distribution Escrow Agreement shall be amended to (a) remove each of the Non-Filed Entities from the list of entities with voting and interest allocation percentages and (b) for those entities listed on Exhibit 1 of the Distribution Escrow Agreement other than the Non-Filed Entities (each a "Remaining Entity"),  replace the values in the column entitled "Interest Allocation Percentage" with the values in the column entitled "Voting Percentage."  For avoidance of doubt, the effect of this amendment shall be that the Interest Allocation Percentage for each Remaining Entity shall be equal to its Voting Percentage.  Each Non-Filed Entity shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent or participation of any of the Non-Filed Entities shall no longer be required for any purposes thereunder.

2.      Authorization.  Each Party hereto represents to the others that (a) such party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3.      Distribution Escrow Agreement Remains in Effect.  This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein.  Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the Parties thereto.  This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.      Counterparts.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*

**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

**APPENDIX F**

Form of Escrow Account Release Instructions



# N⊘RTEL

[●], 2012

<u>**Via Facsimile (212.623.6168)**</u>

JPMorgan Chase Bank, N.A.
TS / Escrow Services
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Andy Jacknick
Phone: 212.623.0241

      Re:    <u>Joint Instruction and Waiver of Security Procedures – CDMA/LTE Escrow
           Agreement</u>

Ladies and Gentlemen:

      Reference is made to that certain CDMA/LTE Escrow Agreement dated as of November
11, 2009 (the "<u>Distribution Escrow Agreement</u>"), by and among (i) Nortel Networks Corporation
("<u>NNC</u>"); (ii) Nortel Networks Limited ("<u>NNL</u>"); (iii) Nortel Networks Inc. ("<u>NNI</u>"); (iv) the
companies set out in Schedule A to the Distribution Escrow Agreement (the "<u>EMEA Filed
Entities</u>"), which are acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson
and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks
(Ireland) Limited (in administration) for which David Hughes of Ernst & Young Chartered
Accountants and Allan Robert Bloom serve as joint administrators (collectively, the "<u>Joint
Administrators</u>")) who act as agents of the EMEA Filed Entities (as defined in the Distribution
Escrow Agreement) (the EMEA Filed Entities, collectively with NNL, NNI, and NNC, being the
"<u>Depositors</u>"); (v) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors
in connection with the CCAA Cases (the "<u>Monitor</u>"); (vi) the Official Committee of Unsecured
Creditors as representative for the unsecured creditors of the U.S. Debtors (the "<u>Committee</u>", and
together with the Monitor, the "<u>Estate Fiduciaries</u>"); and (vii); JPMorgan Chase Bank, N.A. as
escrow and distribution agent under the Distribution Escrow Agreement (the "<u>Distribution
Agent</u>"), entered into in connection with the North American ASA and the EMEA ASA (each as
defined in the Distribution Escrow Agreement).  Capitalized terms used and not otherwise
defined herein shall have the meaning given to them in the Distribution Escrow Agreement.

      Reference is also made to that certain Authorization of Intermediate Distribution
Account, Joint Instructions and Waiver of Security Procedures dated as of [●], 2012 (the
"<u>Intermediate Distribution Account Joint Instruction</u>") executed by the Depositors, the Joint
Administrators, the Estate Fiduciaries, and certain other affiliates of the Depositors, and
delivered to the Distribution Agent contemporaneously with this joint instruction.

1. Waiver of Security Procedures

By signing below, (i) each of the Depositors, the Estate Fiduciaries and the Joint Administrators (the "Parties") acknowledges and agrees that the security procedures set forth in Schedule D attached to and referenced in Section 12 of the Distribution Escrow Agreement do not require the Distribution Agent to make telephone callbacks to all the Depositors and the Estate Fiduciaries as to the joint instruction (the "Instruction") set forth in paragraph 2 below, (ii) the Parties authorize the Distribution Agent to perform a single telephone callback to either of the two individuals designated by the Parties as to the Instruction, and (iii) the Parties designate the following individuals to confirm the Instruction by telephone callback:

> Name: Anna Ventresca
> Telephone Number: 905-863-1204, or 905-536-2604
>
> Name: Allan Bifield
> Telephone Number: 905-863-6840, or 613-853-8077

Additionally, by signing below, each of the Depositors acknowledges and agrees that, except in the case of the Distribution Agent's gross negligence or willful misconduct, its indemnification of the Distribution Agent as set forth in Section 9 of the Distribution Escrow Agreement shall apply to the Distribution Agent following this Instruction and waiver of security procedures described herein.

2. Instructions to You as the Distribution Agent

Pursuant to Section 5(a)(i) of the Distribution Escrow Agreement, the Depositors and the Estate Fiduciaries hereby instruct the Distribution Agent to immediately disburse $600,000 out of the sale proceeds to the following intermediate distribution account established by the Distribution Agent in accordance with the Intermediate Account Distribution Account Joint Instructions:

> Bank: JPMorgan Chase Bank, N.A.
> Bank address: ●[1]
> Account number: ●
> Routing number: ●
> Account name: ●

The Parties hereby instruct the Distribution Agent, if required by applicable law and solely to the extent necessary to reflect the transaction contemplated hereby, to amend any tax forms the Distribution Agent has previously delivered to any of the Parties or otherwise filed with any governmental authority in accordance with Section 4(a) of the Distribution Escrow Agreement, including without limitation IRS Forms 1099 and 1042-S.

---

[1]    NTD: Should include information for intermediate JPM distribution account to be created (per JPM, account name may be assigned by Nortel).

2

Please acknowledge receipt of this Instruction by signing and returning the enclosed copy of this letter by email to Russell Eckenrod (reckenrod@cgsh.com) and Evan Cobb (Evan.Cobb@nortonrose.com) by [●], 2012.

Should you have any questions about this letter, please contact the Depositors at your earliest convenience.  Thank you for your assistance with this matter.

*[Signature pages to follow.]*

**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735



# N⊙RTEL

[●], 2012

<u>**Via Facsimile (212.623.6168)**</u>

JPMorgan Chase Bank, N.A.
TS / Escrow Services
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Andy Jacknick
Phone: 212.623.0241

    Re:    <u>Joint Instruction and Waiver of Security Procedures – CVAS Escrow Agreement</u>

Ladies and Gentlemen:

        Reference is made to that certain CVAS Distribution Escrow Agreement dated as of May 27, 2010 (as amended, the "<u>Distribution Escrow Agreement</u>"), by and among (i) Nortel Networks Corporation ("<u>NNC</u>"); (ii) Nortel Networks Limited ("<u>NNL</u>"); (iii) Nortel Networks Inc. ("<u>NNI</u>," and together with NNC and NNL, the "<u>Main Sellers</u>"); (iv) each affiliate of the Main Sellers listed on <u>Schedule A</u> of the Distribution Escrow Agreement (the "<u>Other Sellers</u>"); (v) the companies listed on <u>Schedule B</u> of the Distribution Escrow Agreement (the "<u>EMEA Sellers</u>"), acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively, the "<u>Joint Administrators</u>")); (vi) Nortel Networks S.A. (in administration) ("<u>NNSA</u>") acting by the French Liquidator (as defined in the Distribution Escrow Agreement) (NNSA, together with the Main Sellers, the Other Sellers and the EMEA Sellers, the "<u>Depositors</u>"); (vii) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "<u>Monitor</u>"); (viii) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "<u>Committee</u>," and together with the Monitor, the "<u>Estate Fiduciaries</u>"); and (ix) JPMorgan Chase Bank, N.A., as escrow and distribution agent under the Distribution Escrow Agreement (the "<u>Distribution Agent</u>"), entered into in connection with the North American ASA and the EMEA ASA (each as defined in the Distribution Escrow Agreement).  Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

Reference is also made to that certain Authorization of Intermediate Distribution Account, Joint Instructions and Waiver of Security Procedures dated as of [●], 2012 (the "Intermediate Distribution Account Joint Instruction") executed by the Depositors, the Joint Administrators, the Estate Fiduciaries, and certain other affiliates of the Depositors, and delivered to the Distribution Agent contemporaneously with this joint instruction.

1.  Waiver of Security Procedures

By signing below, (i) each of the Depositors, the Joint Administrators and the Estate Fiduciaries (the "Parties") acknowledges and agrees that the security procedures set forth in Schedule F attached to and referenced in Section 11 of the Distribution Escrow Agreement do not require the Distribution Agent to make telephone callbacks to all the Depositors and the Estate Fiduciaries as to the joint instruction (the "Instruction") set forth in paragraph 2 below, (ii) the Parties authorize the Distribution Agent to perform a single telephone callback to either of the two individuals designated by the Parties as to the Instruction, and (iii) the Parties designate the following individuals to confirm the Instruction by telephone callback:

> Name: Anna Ventresca
> Telephone Number: 905-863-1204, or 905-536-2604
>
> Name: Allan Bifield
> Telephone Number: 905-863-6840, or 613-853-8077

Additionally, by signing below, each of the Depositors acknowledges and agrees that, except in the case of the Distribution Agent's gross negligence or willful misconduct, its indemnification of the Distribution Agent as set forth in Section 9 of the Distribution Escrow Agreement shall apply to the Distribution Agent's following of this Instruction and waiver of security procedures described herein.

2.  Instructions to You as the Distribution Agent

Pursuant to Section 5(a)(i) of the Distribution Escrow Agreement, the Depositors and the Estate Fiduciaries hereby instruct the Distribution Agent to immediately disburse $5,600,000 out of the sale proceeds to the following intermediate distribution account established by the Distribution Agent in accordance with the Intermediate Account Distribution Account Joint Instructions:

> Bank: JPMorgan Chase Bank, N.A.
> Bank address: ●[1]
> Account number: ●
> Routing number: ●
> Account name: ●

---

[1]    NTD: Should include information for intermediate JPM distribution account to be created (per JPM, account name may be assigned by Nortel).

2

The Parties hereby instruct the Distribution Agent, if required by applicable law and solely to the extent necessary to reflect the transaction contemplated hereby, to amend any tax forms the Distribution Agent has previously delivered to any of the Parties or otherwise filed with any governmental authority in accordance with Section 4(a) of the Distribution Escrow Agreement, including without limitation, IRS Forms 1099 and 1042-S.

Please acknowledge receipt of this Instruction by signing and returning the enclosed copy of this letter by email to Russell Eckenrod (reckenrod@cgsh.com) and Evan Cobb (Evan.Cobb@nortonrose.com) by [●], 2012.

Should you have any questions about this letter, please contact the Depositors at your earliest convenience.  Thank you for your assistance with this matter.

*[Signature pages to follow.]*

**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

3



# NØRTEL

[●], 2012

<u>**Via Facsimile (212.623.6168)**</u>

JPMorgan Chase Bank, N.A.
TS / Escrow Services
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Andy Jacknick
Phone: 212.623.0241

       Re:    <u>Joint Instruction and Waiver of Security Procedures – Enterprise Escrow</u>
                   <u>Agreement</u>

Ladies and Gentlemen:

       Reference is made to that certain Escrow Agreement dated as of December 18, 2009 (as amended, the "<u>Distribution Escrow Agreement</u>"), by and among (i) Nortel Networks Corporation ("<u>NNC</u>"); (ii) Nortel Networks Limited ("<u>NNL</u>"); (iii) Nortel Networks Inc. ("<u>NNI</u>" and, together with NNC and NNL, the "<u>Main Sellers</u>"); (iv) each affiliate of the Main Sellers listed on <u>Schedule A</u> <u>Parts 1 and 2</u> of the Distribution Escrow Agreement (the "<u>Other Sellers</u>" and, together with the Main Sellers, the "<u>Sellers</u>"), (v) the companies listed on <u>Schedule B</u> <u>Part 1</u> of the Distribution Escrow Agreement (the "<u>EMEA Filed Entities</u>"), which are acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration) for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively the "<u>Joint Administrators</u>")) who act as agents for the EMEA Filed Entities (as defined in the Distribution Escrow Agreement; (vi) the companies listed on <u>Schedule B</u> <u>Part 2</u> of the Distribution Escrow Agreement (the "<u>EMEA Non-Filed Entities</u>", and together with the EMEA Filed Entities, the Main Sellers and the Other Sellers, the "<u>Depositors</u>"); (vii) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the Canadian Cases (the "<u>Monitor</u>"); (viii) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "<u>Committee</u>", and together with the Monitor, the "<u>Estate Fiduciaries</u>"); and (ix) JPMorgan Chase Bank, N.A. as escrow agent under the Distribution Escrow Agreement (the "<u>Distribution Agent</u>"), entered into in connection with the ASSA and the EMEA ASA (each as defined in the Distribution Escrow Agreement). Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

       Reference is also made to that certain Authorization of Intermediate Distribution Account, Joint Instructions and Waiver of Security Procedures dated as of [●], 2012 (the "<u>Intermediate Distribution Account Joint Instruction</u>") executed by the Depositors, the Joint

Administrators, the Estate Fiduciaries, and certain other affiliates of the Depositors, and delivered to the Distribution Agent contemporaneously with this joint instruction.

    1.   <u>Waiver of Security Procedures</u>

        By signing below, (i) each of the Depositors, the Joint Administrators and the the Estate Fiduciaries (the "<u>Parties</u>") acknowledges and agrees that the security procedures set forth in Schedule E attached to and referenced in Section 12 of the Distribution Escrow Agreement do not require the Distribution Agent to make telephone callbacks to all the Depositors and the Estate Fiduciaries as to the joint instruction (the "<u>Instruction</u>") set forth in paragraph 2 below, (ii) the Parties authorize the Distribution Agent to perform a single telephone callback to either of the individuals designated by the Parties as to the Instruction, and (iii) the Parties designate the following individuals to confirm the Instruction by telephone callback:

            Name:  Anna Ventresca
            Telephone Number:  905-863-1204, or 905-536-2604

            Name:  Allan Bifield
            Telephone Number:  905-863-6840, or 613-853-8077

        Additionally, by signing below, each of the Depositors acknowledges and agrees that, except in the case of the Distribution Agent's gross negligence or willful misconduct, its indemnification of the Distribution Agent as set forth in Section 9 of the Distribution Escrow Agreement shall apply to the Distribution Agent following this Instruction and waiver of security procedures described herein.

    2.   <u>Instructions to You as the Distribution Agent</u>

        Pursuant to Section 5(a)(i) of the Distribution Escrow Agreement, the Depositors and the Estate Fiduciaries hereby instruct the Distribution Agent to immediately disburse $14,200,000 out of the sale proceeds to the following intermediate distribution account established by the Distribution Agent in accordance with the Intermediate Account Distribution Account Joint Instructions:

            Bank: JPMorgan Chase Bank, N.A.
            Bank address: ●[1]
            Account number: ●
            Routing number: ●
            Account name: ●

        The Parties hereby instruct the Distribution Agent, if required by applicable law and solely to the extent necessary to reflect the transaction contemplated hereby, to amend any tax forms the Distribution Agent has previously delivered to any of the Parties or otherwise filed

---

[1]     NTD: Should include information for intermediate JPM distribution account to be created (per JPM, account name may be assigned by Nortel).

2

with any governmental authority in accordance with Section 4(a) of the Distribution Escrow Agreement, including, without limitation IRS Forms 1099 and 1042-S.

Please acknowledge receipt of this Instruction by signing and returning the enclosed copy of this letter by email to Russell Eckenrod (reckenrod@cgsh.com) and Evan Cobb (Evan.Cobb@nortonrose.com) by [●], 2012.

Should you have any questions about this letter, please contact the Depositors at your earliest convenience.  Thank you for your assistance with this matter.

[*Signature pages to follow.*]

Copy to:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735



# N⦶RTEL

[●], 2012

<u>**Via Facsimile (212.623.6168)**</u>

JPMorgan Chase Bank, N.A.
TS / Escrow Services
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Andy Jacknick
Phone: 212.623.0241

  Re: <u>Joint Instruction and Waiver of Security Procedures – GSM/GSM-R Escrow
     Agreement</u>

Ladies and Gentlemen:

  Reference is made to that certain GSM/GSM-R Distribution Escrow Agreement, dated as of March 31, 2010 (as amended, the "<u>Distribution Escrow Agreement</u>"), by and among (i) Nortel Networks Corporation ("<u>NNC</u>"); (ii) Nortel Networks Limited ("<u>NNL</u>"); (iii) Nortel Networks Inc. ("<u>NNI</u>," and together with NNC and NNL, the "<u>Main Sellers</u>"); (iv) each affiliate of the Main Sellers listed on <u>Schedule A</u> of the Distribution Escrow Agreement (the "<u>Other Sellers</u>"); (v) the companies listed on <u>Schedule B</u> of the Distribution Escrow Agreement (the "<u>EMEA Sellers</u>"), acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively, the "<u>Joint Administrators</u>")) who act as agents for the EMEA Debtors (as defined in the Distribution Escrow Agreement); (vi) Nortel Networks S.A. (In Administration) ("<u>NNSA</u>") acting by the French Office Holders (as defined in the Distribution Escrow Agreement); (vii) Nortel Networks (Asia) Limited ("<u>NN Asia</u>"); (viii) each affiliate of the Main Sellers listed on <u>Schedule C</u> of the Distribution Escrow Agreement (each such entity, a "<u>North American ALT Selling Debtor</u>"); (ix) each affiliate of the EMEA Sellers listed on <u>Schedule D</u> of the Distribution Escrow Agreement (each such entity, an "<u>EMEA ALT Selling Debtor</u>," and together with the Main Sellers, the Other Sellers, the EMEA Sellers, NNSA, NN Asia and the North American ALT Selling Debtors, the "<u>Depositors</u>"); (x) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "<u>Monitor</u>"); (xi) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "<u>Committee</u>," and together with the Monitor, the "<u>Estate Fiduciaries</u>"); and (xii) JPMorgan Chase Bank, N.A., as escrow and distribution agent under the Distribution Escrow Agreement (the "<u>Distribution Agent</u>"), entered into in connection with the North American ASA and EMEA ASA (each as defined in the Distribution Escrow Agreement).  Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

Reference is also made to that certain Authorization of Nortel-Intermediate Distribution Account, Joint Instructions and Waiver of Security Procedures dated as of [•], 2012 (the "Intermediate Distribution Account Joint Instruction") executed by the Depositors, the Joint Administrators, the Estate Fiduciaries, and certain other affiliates of the Depositors, and delivered to the Distribution Agent contemporaneously with this joint instruction.

    1.   Waiver of Security Procedures

By signing below, (i) each of the Depositors, the Estate Fiduciaries and the Joint Administrators (the "Parties") acknowledges and agrees that the security procedures set forth in Schedule G attached to and referenced in Section 12 of the Distribution Escrow Agreement do not require the Distribution Agent to make telephone callbacks to all the Depositors and the Estate Fiduciaries as to the joint instruction (the "Instruction") set forth in paragraph 2 below, (ii) the Parties authorize the Distribution Agent to perform a single telephone callback to either of the two individuals designated by the Parties as to the Instruction, and (iii) the Parties designate the following individuals to confirm the Instruction by telephone callback:

        Name:  Anna Ventresca
        Telephone Number:  905-863-1204, or 905-536-2604

        Name:  Allan Bifield
        Telephone Number:  905-863-6840, or 613-853-8077

Additionally, by signing below, each of the Depositors acknowledges and agrees that, except in the case of the Distribution Agent's gross negligence or willful misconduct, its indemnification of the Distribution Agent as set forth in Section 9 of the Distribution Escrow Agreement shall apply to the Distribution Agent's following of this Instruction and waiver of security procedures described herein.

    2.   Instructions to You as the Distribution Agent

Pursuant to Section 5(a)(i) of the Distribution Escrow Agreement, the Depositors and the Estate Fiduciaries hereby instruct the Distribution Agent to immediately disburse $8,300,000 out of the sale proceeds to the following intermediate distribution account established by the Distribution Agent in accordance with the Intermediate Account Distribution Account Joint Instructions:

        Bank: JPMorgan Chase Bank, N.A.
        Bank address: ●[1]
        Account number: ●
        Routing number: ●
        Account name: ●

---

[1]    NTD: Should include information for intermediate JPM distribution account to be created (per JPM, account name may be assigned by Nortel).

2

The Parties hereby instruct the Distribution Agent, if required by applicable law and solely to the extent necessary to reflect the transaction contemplated hereby, to amend any tax forms the Distribution Agent has previously delivered to any of the Parties or otherwise filed with any governmental authority in accordance with Section 4(a) of the Distribution Escrow Agreement, including without limitation IRS Forms 1099 and 1042-S.

Please acknowledge receipt of this Instruction by signing and returning the enclosed copy of this letter by email to Russell Eckenrod (reckenrod@cgsh.com) and Evan Cobb (Evan.Cobb@nortonrose.com) by [●], 2012.

Should you have any questions about this letter, please contact the Depositors at your earliest convenience.  Thank you for your assistance with this matter.

*[Signature pages to follow.]*

**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

3



# N⊘RTEL

[●], 2012

<u>**Via Facsimile (212.623.6168)**</u>

JPMorgan Chase Bank, N.A.
TS / Escrow Services
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Andy Jacknick
Phone: 212.623.0241

      Re:    <u>Joint Instruction and Waiver of Security Procedures – GSM Retained Contracts</u>
              <u>Escrow Agreement</u>

Ladies and Gentlemen:

      Reference is made to that certain GSM Retained Contracts Distribution Escrow Agreement dated as of June 3, 2010, (the "<u>Distribution Escrow Agreement</u>") by and among (i) Nortel Networks Limited ("<u>NNL</u>"); (ii) Nortel Networks Inc. ("<u>NNI</u>"); (iii) Nortel Networks (CALA) Inc. ("<u>CALA</u>" and, together with NNL and NNI, the "<u>Main Sellers</u>"); (iv) each affiliate of the Main Sellers listed on Schedule A to the Distribution Escrow Agreement (the "<u>Other Sellers</u>" and, together with the Main Sellers, the "<u>Depositors</u>"); (v) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "<u>Monitor</u>"); (vi) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "<u>Committee</u>", and together with the Monitor, the "<u>Estate Fiduciaries</u>"); and (vii) JPMorgan Chase Bank, N.A. as escrow and distribution agent under the Distribution Escrow Agreement (the "<u>Distribution Agent</u>"). Capitalized terms used and not otherwise defined herein shall have the meaning given to them in the Distribution Escrow Agreement.

      Reference is also made to that certain Authorization of Intermediate Distribution Account, Joint Instructions and Waiver of Security Procedures dated as of [●], 2012 (the "<u>Intermediate Distribution Account Joint Instruction</u>") executed by the Depositors, the Joint Administrators, the Estate Fiduciaries, and certain other affiliates of the Depositors, and delivered to the Distribution Agent contemporaneously with this joint instruction.

      1.   <u>Waiver of Security Procedures</u>

      By signing below, (i) each of the Depositors, the Estate Fiduciaries and the Joint Administrators (the "<u>Parties</u>") acknowledges and agrees that the security procedures set forth in Schedule E attached to and referenced in Section 11 of the Distribution Escrow Agreement do not require the Distribution Agent to make telephone callbacks to all the Depositors and the

Estate Fiduciaries as to the joint instruction (the "Instruction") set forth in paragraph 2 below, (ii) the Parties authorize the Distribution Agent to perform a single telephone callback to either of the two individuals designated by the Parties as to the Instruction, and (iii) the Parties designate the following individuals to confirm the Instruction by telephone callback:

> Name:  Anna Ventresca
> Telephone Number:  905-863-1204, or 905-536-2604

> Name:  Allan Bifield
> Telephone Number:  905-863-6840, or 613-853-8077

Additionally, by signing below, each of the Depositors acknowledges and agrees that, except in the case of the Distribution Agent's gross negligence or willful misconduct, its indemnification of the Distribution Agent as set forth in Section 9 of the Distribution Escrow Agreement shall apply to the Distribution Agent following this Instruction and waiver of security procedures described herein.

2.    Instructions to You as the Distribution Agent

Pursuant to Section 5(a)(i) of the Distribution Escrow Agreement, the Depositors and the Estate Fiduciaries hereby instruct the Distribution Agent to immediately disburse $500,000 out of the sale proceeds to the following intermediate distribution account established by the Distribution Agent in accordance with the Intermediate Distribution Account Joint Instructions:

> Bank: JPMorgan Chase Bank, N.A.
> Bank address: ●[1]
> Account number: ●
> Routing number: ●
> Account name: ●

The Parties hereby instruct the Distribution Agent, if required by applicable law and solely to the extent necessary to reflect the transaction contemplated hereby, to amend any tax forms the Distribution Agent has previously delivered to any of the Parties or otherwise filed with any governmental authority in accordance with Section 4(a) of the Distribution Escrow Agreement, including without limitation IRS Forms 1099 and 1042-S.

Please acknowledge receipt of this Instruction by signing and returning the enclosed copy of this letter by email to Russell Eckenrod (reckenrod@cgsh.com) and Evan Cobb (Evan.Cobb@nortonrose.com) by [●], 2012.

---

[1]    NTD: Should include information for intermediate JPM distribution account to be created (per JPM, account name may be assigned by Nortel).

2

Should you have any questions about this letter, please contact the Depositors at your earliest convenience.  Thank you for your assistance with this matter.

*[Signature pages to follow.]*

**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

3

N**Ⓡ**RTEL 

[●], 2012

<u>**Via Facsimile (212.623.6168)**</u>

JPMorgan Chase Bank, N.A.
TS / Escrow Services
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Andy Jacknick
Phone: 212.623.0241

      Re:    <u>Joint Instruction and Waiver of Security Procedures – MEN Escrow Agreement</u>

Ladies and Gentlemen:

      Reference is made to that certain MEN Distribution Escrow Agreement dated as of March 19, 2010 (as amended, the "<u>Distribution Escrow Agreement</u>"), by and among (i) Nortel Networks Corporation ("<u>NNC</u>"); (ii) Nortel Networks Limited ("<u>NNL</u>"); (iii) Nortel Networks Inc. ("<u>NNI</u>" and, together with NNC and NNL, the "<u>Main Sellers</u>"); (iv) the Additional U.S. Debtors (as defined in the Distribution Escrow Agreement) and other affiliates of the Main Sellers listed on <u>Schedule A</u> of the Distribution Escrow Agreement but excluding Nortel Networks de Colombia S.A.[1] (collectively, the "<u>Other Sellers</u>"), (v) the companies listed on <u>Schedule B</u> of the Distribution Escrow Agreement (the "<u>EMEA Sellers</u>" and, together with the Main Sellers and the Other Sellers, the "<u>Sellers</u>"), acting by their joint administrators Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively, the "<u>Joint Administrators</u>")) who act as agents for the EMEA Debtors (as defined in the Distribution Escrow Agreement); (vi) Nortel Networks S.A. (In Administration) ("<u>NNSA</u>") acting by the NNSA Office Holders (as defined in the Distribution Escrow Agreement); (vii) each affiliate of the Main Sellers listed on <u>Schedule C</u> of the Distribution Escrow Agreement (each such entity, a "<u>North American ALT Selling Debtor</u>"); (viii) each affiliate of the EMEA Sellers listed on <u>Schedule D</u> of the Distribution Escrow Agreement (each such entity an "<u>EMEA ALT Selling Debtor</u>" and, together with the Sellers, NNSA, and the North American ALT Selling Debtors, the "<u>Depositors</u>"); (ix) Ernst & Young Inc. as the court-appointed Monitor of the Canadian Debtors in connection with the CCAA Cases (the "<u>Monitor</u>"); (x) the Official Committee of Unsecured Creditors as representative for the unsecured creditors of the U.S. Debtors (the "<u>Committee</u>", and together with the Monitor, the

---

[1]      Pursuant to orders of the U.S. Bankruptcy Court and the Canadian Court dated June 21, 2011, any term or condition of the Distribution Escrow Agreement that explicitly or implicitly requires the consent or participation of Nortel Networks de Colombia S.A. is now forever deemed to be not required.