**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
                                          :       Chapter 11
:
*In re*                                 :       Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.,*[1]           :       Jointly Administered
:
                          Debtors.    : 
:
                                             :       **RE: D.I. _____**
:
------------------------------------------------------X

### ORDER APPROVING THE STIPULATION REGARDING CLAIM 7179 BY AND BETWEEN WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SPECIAL SERVICER AND NORTEL NETWORKS INC.

Upon the motion (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's entry into and approving the Stipulation, attached to the Motion as Exhibit B and (ii) granting the Debtors such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions, are available at http://dm.epiq11.com/nortel.

[2]        Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.       The Motion is GRANTED.

2.       NNI is authorized to enter into the Stipulation, and the Stipulation is approved in

its entirety.

3.       The Debtors are authorized, but not directed, to take any and all action that may

be reasonably necessary or appropriate to perform their obligations arising under the Stipulation.

4.       Nothing in the Stipulation or the Motion shall constitute a waiver or amendment

of the Debtors' rights under the Cross Border Claims Protocol concerning the resolution of any

other claims in these proceedings; nor shall anything in this Stipulation or the Motion have any

binding or precedential effect on the resolution of any other claims in these proceedings,

including other Overlapping Claims or Same-Creditor Claims.

5.       The failure specifically to describe or include any particular provision of the

Stipulation in this Order,  including, without limitation, Paragraphs 6 and 7 of the Stipulation,

shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court

that the Stipulation be approved in its entirety.

6.       The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the

Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to

the Stipulation.

2

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE