## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X
                                                     :
                                                     :    Chapter 11
                                                     :
In re                                                :
                                                     :
Nortel Networks Inc., et al.,¹                       :    Case No. 09-10138 (KG)
                                                     :
                      Debtors.                       :    (Jointly Administered)
                                                     :
----------------------------------------------------- X
                                                     :
Nortel Networks Inc.,                                :
                                                     :
                      Plaintiff,                     :
                                                     :    Adv. Proc. No. 10-53166 (KG)
                                                     :
v.                                                   :    Hearing date: August 1, 2012 at 10:00 am (ET)
                                                     :    Objections due: July 25, 2012 at 4:00 pm (ET)
AsteelFlash California, Inc.,                        :
                                                     :
                      Defendant.                     :
                                                     :
                                                     :
-----------------------------------------------------X
```

### DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER (I) APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIM BY AND BETWEEN NORTEL NETWORKS INC. AND AFFILIATED CHAPTER 11 DEBTORS, ON THE ONE HAND AND ASTEELFLASH CALIFORNIA, INC., ON THE OTHER HAND AND (II) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE A SETOFF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

---

¹ In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 362, 502, 547, 550 and 553 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors' entry into and approving a stipulation (the "Stipulation") with AsteelFlash California, Inc. sued in the name "Asteelflash California, Inc." ("Defendant", and together with the Debtors, the "Parties"), attached hereto as **Exhibit B**, resolving the Adversary Proceeding entitled Nortel Networks Inc. v. Asteelflash California, Inc., Adv. Proc. No. 10-53166 (KG) (the "Adversary Proceeding"); (ii) deeming Defendant's general unsecured claim filed against NNI as allowed in the reduced amount, as discussed below; (iii) granting limited relief from the automatic stay to effectuate a setoff and (iv) granting such other and further relief as the Court (the "Court" or the "Bankruptcy Court") deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory bases for the relief requested herein are sections 105(a), 362, 502, 547, 550 and 553 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3.        On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

---

[2]  Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142][3], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.       On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP

---

[3] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53166) are in the form "Adv. D.I. __."

[4] The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

(collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Facts Relevant to this Motion

7.      Defendant manufactured components and finished products for the Debtors for several years prior to the Petition Date.

8.      On or about September 30, 2009, Defendant filed proof of claim No. 5512 in the amount of $2,631,840.09, comprised of $102,490.00 as an asserted secured claim and $2,529,350.09 as an asserted unsecured claim ("Claim No. 5512").

9.      On or about September 30, 2009, Defendant filed proof of claim No. 5947 in the amount of $2,631,840.09, comprised of $102,490.00 as an asserted secured claim and $2,529,350.09 as an asserted unsecured claim ("Claim No. 5947").

10.      On October 14, 2010, the Court entered the Order Granting Debtors' Fourteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, No-Basis 503(b)(9) Claims And Misclassified 503(b)(9) Claims) [Main D.I. 4163], which expunged and disallowed Claim No. 5947 as redundant of Claim No. 5512.

11.     The Debtors' books and records indicate a pre-petition debt is owed by Defendant to NNI in the amount of $97,634.73 based upon pre-petition invoices, and that Claim No. 5512 is overstated.

12.     On September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953].

13.     On October 27, 2010, the Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claim Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211].

14.     The Debtors' books and records indicate that within ninety (90) days prior to the Petition Date (the "Preference Period"), NNI made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $2,715,341.59 (the "Subject Transfers").

15.     On October 4, 2010, NNI filed its Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code (Adv. Pro. No. 10-53166) [Adv. D.I. 1] (the "Complaint") against the Defendant in this Court, pursuant to which NNI sought to avoid and recover the Subject Transfers (the "Avoidance Claim").

16.     On November 3, 2010, Defendant filed an Answer to the Complaint [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses.

17.     Since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, the Parties have agreed to settle the Adversary Proceeding through the reduction and allowance of Claim No. 5512, on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.  The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of the Avoidance Claim and Claim No. 5512 through the Stipulation is appropriate and in the best interest of both their estates and their creditors.

18.     Pursuant to the Stipulation[6] and subject to the Bankruptcy Court's approval, the Debtors have agreed to settle the Avoidance Claim by agreement with the Defendant that, as of the Effective Date (as defined in the Stipulation), Claim No. 5512 shall be reduced from $2,631,840.09 to $1,215,000.00 (the "Allowed Amount") and shall be allowed as a general unsecured claim by Defendant against NNI in the amount of $1,215,000.00.  This reduction of Claim No. 5512 to the Allowed Amount includes a reduction of Claim No. 5512 by $97,634.73 for pre-petition invoices owed by Defendant to NNI that the Parties have agreed to setoff against $97,634.73 in pre-petition invoices owed by NNI to Defendant and claimed as part of Claim No. 5512.  Pursuant to the Stipulation, Defendant agrees not to assert against the Debtor Releasees (as defined below) any claim based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 5512 and releases the Debtor Releasees from any and all claims as to any amount over and above the Allowed Amount. The allowance of Claim No. 5512 shall be

---

[6]  This discussion is intended as a summary of the terms of the Stipulation.  If any conflict arises between this overview and the Stipulation, the terms of the Stipulation shall control.

granted in full satisfaction of any and all claims that have been or could have been asserted in Claim No. 5512 and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court, and any previously filed proof of claims by Defendant against NNI, including, but not limited to, Claim No. 5947. Defendant shall not have any further claims against the Debtors based on the Debtors' schedules.

19.     In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Defendant has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release the Debtors, their respective estates, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding (i) the Avoidance Claim, the Adversary Proceeding, any transaction described or referred to in the Complaint in the Adversary Proceeding; (ii) any amount above the Allowed Amount on or with respect to Claim No. 5512; and/or (iii) any claim based upon any past or currently existing purchase orders from Debtors, including those listed on the Debtors' schedules. For the avoidance of doubt, Defendant releases any and all claims arising under § 502(h) of the Bankruptcy Code.  For the avoidance of doubt, the Debtor Releasees shall not include the Canadian Debtors, as that term is defined in the Complaint.  The Release shall be effective upon the entry by the Clerk of the Court of a Stipulation and Order dismissing the Adversary Proceeding (the "Dismissal Date").

7

20.    In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, the Debtors on behalf of themselves and their respective estates, have agreed, subject to the Bankruptcy Court's approval, to each, *inter alia*, release the Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtors now have, had, may have had, or hereafter may have against any of the Defendant Releasees regarding (i) the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding; (ii) any claim under any avoidance power under Chapter 5 of the Bankruptcy Code; and/or (iii) any claim based upon any past or currently existing purchase orders from the Debtors, including those listed on the Debtors' schedules.  This Release shall be effective as of the Dismissal Date.

## Relief Requested

21.    By this Motion, the Debtors seek an order, pursuant to sections 105(a), 362, 502, 547, 550 and 553 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing the Debtors' entry into and approving the Stipulation, (ii) deeming Defendant's general unsecured proof of claim filed against NNI allowed as reduced pursuant to the Stipulation, (iii) granting limited relief from the automatic stay to effectuate a setoff, (iv) authorizing but not directing the Debtors to take all actions reasonably appropriate to perform their obligations under the

Stipulation, and (v) granting them such other and further relief as the Bankruptcy Court deems just and proper.

**Basis for Relief**

22.     The Debtors seek authorization to enter into the Stipulation under sections 105(a), 362, 502, 547, 550 and 553 of the Bankruptcy Code and Bankruptcy Rule 9019.

A.      <u>The Debtors Should Be Authorized to Enter Into the Stipulation With Defendant.</u>

23.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.  Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."  <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 <u>Collier on Bankruptcy</u> ¶ 9019.03[1] (15th ed. 1993)); <u>see also</u> <u>In re World Health Alternatives, Inc.</u>, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts."  <u>In re Penn Cent. Transp. Co.</u>, 596 F.2d 1102, 1113 (3d Cir. 1979) (internal quotation omitted) (quoting <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  <u>See, e.g.</u>, <u>In re Coram Healthcare Corp.</u>, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

24.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate."  <u>In re</u>

9

Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211

B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the

need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer

Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best

possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330.

Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below

the lowest point in a range of reasonableness."  Travelers Cas. & Sur. Co. v. Future Claimants

Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of

Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at

330.

       25.     The Third Circuit has set out four criteria for a bankruptcy court to consider when

evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved,

and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest

of the creditors."  In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62

B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.),

283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

       26.     The Debtors respectfully submit that the Martin Factors weigh in favor of

approving the Stipulation.  While NNI is prepared to litigate the Avoidance Claim, Defendant

has contended that the ordinary course of business defense pursuant to 11 U.S.C. § 547(c)(2) is

particularly strong based on the average payment time during the history of the parties' dealings.

Specifically, Defendant has contended that all but approximately $75,000.00 of the Subject

Transfers were paid within a range of average payment times established over the history of the

parties' dealings.  In addition, Defendant claimed to have provided significant new value to NNI subsequent to the transfers, such that Defendant has contended that it has a complete new value defense to the Avoidance Claim pursuant to 11 U.S.C. § 547(c)(4).

27.    The Debtors recognizes that litigation of the Avoidance Claim carries with it inherent uncertainties and there can be no assurance that litigation of the Avoidance Claim would achieve a better result than the one set forth in the Stipulation.  Pursuant to the settlement reflected in the Stipulation, Claim No. 5512 shall be reduced by $1,416,840.09 from $2,631,840.09 to $1,215,000.00, both to resolve a dispute as to the appropriate amount of Claim No. 5512 to be allowed, and to resolve the Avoidance Claim.  This resolution fairly balances the NNI's likelihood of success on the merits of the Avoidance Claim against the Debtors' interest in avoiding the uncertainty of litigation.

28.    In addition, further litigation of the Avoidance Claim or of Claim No. 5512 would result in the estate's expenditure of considerable additional legal fees.  These would include fees associated with formal discovery and litigation.  In the absence of a settlement, the estate would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution of these cases.

29.    Finally, the interests of the creditors militate in favor of approval of the Stipulation.  The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Avoidance Claim and Claim No. 5512 and the avoidance of litigation risk and substantial legal expenses that would be incurred if these claims were to be further litigated.

30.    The Debtors consulted the Committee with regard to the Stipulation prior to the filing of this Motion, and the Committee has expressed no objection to the Stipulation.

31.     In light of the foregoing, the Debtors respectfully seek authorization to enter into the Stipulation and approval of the Stipulation.

B.      Defendant Should Be Permitted to Setoff a Portion of its Prepetition Claim.

32.     In order to establish a right to setoff under section 553 of the Bankruptcy Code, the party asserting the right must show:  (1) a debt exists from the creditor to the debtor and that the debt arose prior to the commencement of the bankruptcy case; (2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; and (3) the debt must be owed by and to the same parties.  Pardo v. Nylcare Health Plans (In re APF Co.), 274 B.R. 408, 421 (Bankr. D. Del. 2001).

33.     As set forth above, the Debtors have determined that Defendant owes a mutual prepetition debt to NNI in the amount of $97,634.73 and have agreed with Defendant that such amount should be setoff against the same amount asserted in Claim No. 5512.  Accordingly, the setoff satisfies the requirements of section 553 of the Bankruptcy Code.

34.     Notwithstanding that a right of setoff exists pursuant to section 553 of the Bankruptcy Code, the Court must grant relief from the automatic stay in order for the parties to exercise their right of setoff, as the setoff is stayed pursuant to section 362(a)(7) of the Bankruptcy Code.  The Debtors submit that cause for limited relief from the automatic stay exists in the present case to permit Defendant and the Debtors to effectuate the setoff, as relief from the stay is in the best interests of the Debtors' estates.  Authorizing relief from the automatic stay to permit the setoff will benefit these estates as it will allow the Debtors to reduce the amount of prepetition claims asserted against their estates at a minimum of expense and with as little delay as possible, and that the setoff will facilitate the reduction and allowance of Claim No. 5512 and the Avoidance Claim.  Accordingly, the Debtors believe that the limited relief

from the automatic stay will aid in the Debtors' efforts to reduce expenses and maximize value

for the benefit of their stakeholders.

## Notice

35.     Notice of the Motion has been given via electronic transmission, hand delivery or

first class mail to (i) counsel to the Defendant; (ii) the U.S. Trustee; (iii) counsel to the

Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in

these chapter 11 cases.  The Debtors submit that under the circumstances no other or further

notice is necessary.

## No Prior Request

36.     No prior request for the relief sought herein has been made to this or any other

court.

[*Remainder of Page Intentionally Left Blank*]

13

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  July 11, 2012
         Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
Brendan Gibbon (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*