**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
::
*In re*                                                  ::    Chapter 11
::
Nortel Networks Inc., *et al.*,[1]                       ::    Case No. 09-10138 (KG)
::
         Debtors.  ::    (Jointly Administered)
::
---------------------------------------------------- X
::
Nortel Networks Inc.,                                    ::
::
         Plaintiff, ::
v.                                                       ::    Adv. Proc. No. 10-53166 (KG)
::
AsteelFlash California, Inc.,                            ::
::
         Defendant. ::
::
---------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIM BY AND BETWEEN NORTEL NETWORKS INC. AND AFFILIATED CHAPTER 11 DEBTORS, ON THE ONE HAND, AND ASTEELFLASH CALIFORNIA, INC., ON THE OTHER HAND**

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks Inc. ("Plaintiff") and the above-captioned debtors and debtors in possession (collectively, the "Debtors") on the one hand and AsteelFlash California, Inc. sued in the name "Asteeflash California, Inc." ("Defendant", and together with the Debtors, the "Parties") on the other hand.  The Parties hereby stipulate and agree as follows:

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.



## RECITALS

WHEREAS, on January 14, 2009 (the "<u>Petition Date</u>"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $2,715,341.59 (the "<u>Subject Transfers</u>"), and also indicate that Defendant owes Plaintiff a pre-petition debt in the amount of $97,634.73 based upon pre-petition invoices; and

WHEREAS, on October 4, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-53166 (the "<u>Adversary Proceeding</u>") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "<u>Complaint</u>") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "<u>Avoidance Claim</u>") [Adv. D.I. 1][2]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53166) are in the form "Adv. D.I. __."

2

WHEREAS, on November 3, 2010, Defendant filed an Answer to the Complaint [Adv. D.I. 4] in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") which requires the Debtors to obtain Bankruptcy Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000 [Main D.I. 3953]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, on or about September 30, 2009, Defendant filed proof of claim No. 5512 in the amount of $2,631,840.09, comprised of $102,490.00 as an asserted secured claim and $2,529,350.09 as an asserted unsecured claim ("Claim No. 5512"); and

WHEREAS, on or about September 30, 2009, Defendant filed proof of claim No. 5947 in the amount of $2,631,840.09, comprised of $102,490.00 as an asserted secured claim and $2,529,350.09 as an asserted unsecured claim ("Claim No. 5947"); and

WHEREAS, the Order Granting Debtors' Fourteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied

3



Claims, Wrong Debtor Claims, No-Basis 503(b)(9) Claims And Misclassified 503(b)(9) Claims) entered on October 14, 2010 [Main D.I. 4163] expunged and disallowed Claim No. 5947 as redundant of the Claim No. 5512; and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Resolution of the Avoidance Claim and Dismissal of the Adversary Proceeding</u>. Pursuant to the Avoidance Claims Settlement Procedures Order, upon the Effective Date (defined below) this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases. Within five (5) business days after the entry of the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (defined below) (hereinafter, the "<u>Effective Date</u>"), Plaintiff will file with the Bankruptcy Court a stipulation and order of dismissal with prejudice of the Adversary Proceeding (the date of entry of the stipulation and order of dismissal shall be referred to as the "Dismissal Date"). The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule

4

9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken.

2. <u>Settlement Consideration/Defendant's Proof of Claim</u>. The Parties hereby stipulate that, as of the Effective Date, Claim No. 5512 shall be reduced from $2,631,840.09 to $1,215,000.00, which reduction shall include a setoff of the mutual pre-petition debts owed by each party to the other in the amount of $97,634.73, and that Claim No. 5512 shall be allowed as a general unsecured claim by Defendant against Plaintiff in the reduced amount of $1,215,000.00 (the "Allowed Amount"); and Defendant agrees not to assert against the Debtor Releasees (as defined below) any claim based on the same transaction or occurrence as gave rise to the claim set forth in Claim No. 5512 and releases the Debtor Releasees from any and all claims as to any amount over and above the Allowed Amount. The allowance of Claim No. 5512 described herein shall be granted in full satisfaction of any and all claims that have been or could have been asserted in Claim No. 5512 and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court, and any other filed proof of claims by Defendant against Plaintiff, including, but not limited to, proof of claim No. 5947. Defendant shall have no further claims against the Debtors based on the Debtors' schedules.

3. <u>Release of Debtors</u>. Effective upon the Dismissal Date, Defendant hereby releases and forever discharges the Debtors, their respective estates, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands,