liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or

unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or

present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had, may have

had, or hereafter may have against any of the Debtor Releasees regarding (i) the Avoidance

Claim, the Adversary Proceeding, any transaction described or referred to in the Complaint in the

Adversary Proceeding; (ii) any amount above the Allowed Amount on or with respect to Claim

No. 5512; and/or (iii) any claim based upon any past or currently existing purchase orders from

the Debtors, including those listed on the Debtors' schedules.  For the avoidance of doubt,

Defendant releases any and all claims arising under § 502(h) of the Bankruptcy Code.  For the

avoidance of doubt, the Debtor Releasees shall not include the Canadian Debtors, as that term is

defined in the Complaint.

        4.     <u>Release of Defendant</u>.  Effective upon the Dismissal Date, the Debtors on

behalf of themselves and their respective estates, each hereby releases and forever discharges

Defendant, its past and present parents, subsidiaries, affiliates, general partners, limited partners,

shareholders, directors, officers, employees, agents, and attorneys, and each of their

predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all

claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of

action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued,

matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the

Debtors now have, had, may have had, or hereafter may have against any of the Defendant

Releasees regarding (i) the Avoidance Claim, the Adversary Proceeding, and any transaction

described or referred to in the Complaint in the Adversary Proceeding; (ii) any claim under any

avoidance power under Chapter 5 of the Bankruptcy Code; and/or (iii) any claim based upon any

past or currently existing purchase orders from the Debtors, including those listed on the

Debtors' schedules.

        5.        <u>Unknown Claims Released.</u>

        **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE PARTIES FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH A PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

        6.        <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq

Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all

necessary and appropriate actions to give effect to this Stipulation, including, without limitation,

amending the claims register or Claim No. 5512 to reflect the Allowed Amount.

        7.        <u>Effectiveness</u>.  Pursuant to the Avoidance Claims Settlement Procedures

Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this

Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective

successors and assigns, including, without limitation, any trustee or receiver that may hereafter

be appointed in the Debtors' Chapter 11 cases.

        8.        <u>Applicable Law</u>.  This Stipulation shall be interpreted and construed in

accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of

the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

        9.        <u>Confidentiality</u>.  Each of the Parties agrees to keep confidential and not to

disclose (and shall use its reasonable best efforts to cause its officers, directors, employees,

agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations

leading up to or relating to the preparation and execution of this Stipulation, except as required

by law, or by any court, administrative or legislative body, or as required to seek approval of this

Stipulation by the Bankruptcy Court; provided, however, that nothing contained in this paragraph shall limit the Defendant's right to sell or otherwise transfer Claim No. 5512 in the Allowed Amount.

10.     Entire Agreement.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof, and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

11.     No Admissions.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

12.     Costs and Expenses.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

13.     Representations and Warranties.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

14.     Construction.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

15.     Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

16.     Manner of Execution. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have

executed this Stipulation.

Dated: _____June 29_____ , 2012

Nortel Networks Inc.                                   AsteelFlash California, Inc.


By:_____              By: _____
Name:  John Ray                                         Name:  CHLOE WAN
Title:   Principal Officer                              Title:   CONTROLLER

Nortel Networks Capital Corporation

By:_____
Name:  John Ray
Title:   Principal Officer

Nortel Altsystems Inc.

By:_____
Name:  John Ray
Title:   Principal Officer

Nortel Altsystems International Inc.

By:_____
Name:  John Ray
Title:   Principal Officer

Xros, Inc.

By:_____
Name:  John Ray
Title:   Principal Officer

Sonoma Systems

By:_____
Name:  John Ray
Title:   Principal Officer

Qtera Corporation

By:_____
Name:  John Ray
Title:   Principal Officer

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have

executed this Stipulation.

Dated: _____June 29_____, 2012

Nortel Networks Inc.                                    AsteelFlash California, Inc.

By:_____            By:_____
Name:  John Ray                                          Name:
Title:    Principal Officer                               Title:

Nortel Networks Capital Corporation

By:_____
Name:  John Ray
Title:    Principal Officer

Nortel Altsystems Inc.

By:_____
Name:  John Ray
Title:    Principal Officer

Nortel Altsystems International Inc.

By:_____
Name:  John Ray
Title:    Principal Officer

Xros, Inc.

By:_____
Name:  John Ray
Title:    Principal Officer

Sonoma Systems

By:_____
Name:  John Ray
Title:    Principal Officer

Qtera Corporation

By:_____
Name:  John Ray
Title:    Principal Officer

CoreTek, Inc.

By: _____
Name: John Ray
Title: Principal Officer

Nortel Networks Applications Management
Solutions Inc.

By: _____
Name: John Ray
Title: Principal Officer

Nortel Networks Optical Components Inc.

By: _____
Name: John Ray
Title: Principal Officer

Nortel Networks HPOCS Inc.

By: _____
Name: John Ray
Title: Principal Officer

Architel Systems (U.S.) Corporation

By: _____
Name: John Ray
Title: Principal Officer

Nortel Networks International Inc.

By: _____
Name: John Ray
Title: Principal Officer

Northern Telecom International Inc.

By: _____
Name: John Ray
Title: Principal Officer

Nortel Networks Cable Solutions Inc.

By: _____

Name:  John Ray

Title:  Principal Officer

Nortel Networks (CALA) Inc.

By: _____

Name:  John Ray

Title:  Principal Officer