**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 <br> ) Case No. 09-10138 (KG) <br> ) |
| Nortel Networks, Inc., et al.,[1] | ) Jointly Administered <br> ) |
| Debtors. | ) Objection Deadline: August 1, 2012 |

**SEVENTEENTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR
TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD
OF MAY 1, 2012 THROUGH JUNE 30, 2012**

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | February 5, 2009, *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement are sought: | May 1, 2012 to June 30, 2012[2] |
| Amount of Compensation sought as actual, reasonable, and necessary: | $ 1,389,524 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $ 0 |

This is a(n):  _x_ interim    __ quarterly    ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] This application also requests fees incurred during months prior to the Compensation Period which have not been requested in a previous fee application or otherwise been paid.

Prior Applications Filed:

| Fee Application Filing Date | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Total Approved |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0.00 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0.00 | $39,739.00 |
| 10/16/09 | 8/1/09 – 9/30/09 | $26,301.00 | $0.00 | $26,301.00 |
| 11/19/09 | 10/1/09 – 10/31/09 | $13,607.00 | $0.00 | $13,607.00 |
| 2/24/10 | 11/1/09 – 12/31/09 | $186,040.00 | $670.00 | $186,710.00 |
| 2/24/10 | 1/1/10 – 1/31/10 | $74,330.00 | $375.58 | $74,705.58 |
| 6/4/10 | 2/1/10 – 4/30/10 | $265,434.50 | $858.82 | $266,293.32 |
| 9/10/10 | 5/1/10 – 7/31/10 | $230,428.50 | $674.09 | $231,102.59 |
| 11/24/10 | 8/1/10 – 10/31/10 | $260,941.50 | $954.00 | $261,895.50 |
| 3/1/11 | 11/1/10 – 1/31/11 | $591,660.00 | $0.00 | $591,660.00 |
| 5/31/11 | 2/1/11 – 4/30/11 | $2,456,156.00 | $1,904.00 | $2,458,060.00 |
| 8/18/11 | 5/1/11 – 5/31/11 | $761,845.00 | $0.00 | $761,845.00 |
| 8/26/11 | 6/1/11 – 7/31/11 | $1,320,000.00 | $0.00 | $1,320,000.00 |
| 11/22/11 | 8/1/11 – 10/31/11 | $2,367,641.00 | $0.00 | $2,367,641.00 |
| 3/1/12 | 11/1/11- 1/31/12 | $1,158,441.50 | $5,606.00 | $1,164,047.50 |
| 5/21/12 | 2/1/12 – 4/40/12 | $1,772,779 | $8,709.00 | Still pending |
| **TOTAL** | | **$11,810,344.00** | **$19,751.49** | **$10,048,607.49** |

## COMPENSATION BY PROFESSIONAL
## MAY 1, 2012 THROUGH JUNE 30, 2012

| Professional | Position | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Fixed Fee | N/A | N/A | ~2,532.0 | $1,060,000 |
| Andrew M. Beakey, III | Partner | $640 | 2.9 | $1,856 |
| Becky M. McCully | Senior Manager | $540 | 140.4 | $75,816 |
| Brian A. Peabody | Partner | $640 | 8.0 | $5,120 |
| Brian Short | Senior Manager | $540 | 20.5 | $11,070 |
| Charles F. Williams | Executive Director | $545 | 34.0 | $18,530 |
| Daniel J. Holles | Staff | $170 | 3.6 | $612 |
| David J. Canale | Partner | $640 | 1.5 | $960 |
| Douglas J. Abbott | Partner | $640 | 8.0 | $5,120 |
| Edward R. Coats | Executive Director | $545 | 9.5 | $5,178 |
| Erin P. Sloop | Staff | $170 | 77.7 | $13,209 |
| Jon E. Hudson | Staff | $170 | 248.2 | $42,194 |
| James E. Scott | Partner | $640 | 32.7 | $20,928 |
| Jeffrey A. York | Senior Manager | $540 | 2.0 | $1,080 |
| Jeffrey Lonard | Senior Manager | $540 | 1.5 | $810 |
| Jeffrey T. Wood | Executive Director | $545 | 86.0 | $46,871 |
| John C. Donovan | Partner | $640 | 1.0 | $640 |
| John W. Chitty | Staff | $170 | 5.6 | $952 |
| Juan C. Rivera | Manager | $430 | 3.0 | $1,290 |
| Kathryn A. Dodson | Senior | $300 | 138.4 | $41,520 |
| Mark S. Mesler | Partner | $640 | 2.5 | $1,600 |
| Matthew D. Gentile | Manager | $430 | 53.8 | $23,134 |
| Megan M. Kirmil | Manager | $430 | 4.8 | $2,064 |
| Melissa Poormon | Senior | $300 | 8.1 | $2,430 |
| Suzanne N. Young | Senior | $300 | 8.5 | $2,550 |
| William C. Whaley, III | Senior | $300 | 13.3 | $3,990 |
| **TOTAL** | | | **~3,447.5** | **$1,389,524.00** |

4833-8821-4799.1

## COMPENSATION BY PROJECT CATEGORY
## MAY 1, 2012 THROUGH JUNE 30, 2012

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Fixed Fees | ~2,532.0 | $1,060,000 |
| Modeling | 276.5 | $113,997 |
| Tax Performance Advisory | 45.7 | $19,561 |
| Foreign Jurisdiction Tax Assistance | 7.9 | $3,961 |
| NC Apportionment | 5.2 | $3,118 |
| Pre-Controversy Transfer Pricing Analysis | 30.4 | $16,123 |
| E&P Analysis | 533.3 | $162,964 |
| 9100 Relief | 16.5 | $9,800 |
|  |  |  |
| **TOTAL** | **~3,447.5** | **$1,389,524.00** |

## EXPENSE SUMMARY
## MAY 1, 2012 THROUGH JUNE 30, 2012

| Expense Category | Total Expenses |
|---|---:|
| **TOTAL** | **$0** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11<br>Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) | Objection Deadline: August 1, 2012 |

**SEVENTEENTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AS INDIRECT
TAX SERVICE ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR
PERIOD OF MAY 1, 2012 THROUGH JUNE 30, 2012**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP ("E&Y LLP") hereby files this Seventeenth Interim Application for Allowance of Compensation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

for Services Rendered as Indirect Tax Service Advisor to the Debtors and Debtors-in-Possession for the Period from May 1, 2012 through June 30, 2012 (the "Application").  By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $1,389,524 in compensation and $0 in reimbursement for expenses incurred during the period May 1, 2012 through June 30, 2012 (the "Compensation Period").  This application also requests fees incurred during months prior to the Compensation Period which have not been requested in a previous fee application or otherwise been paid.  In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order [Docket No. 236].  The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with

2

the Compensation Order.

5. On March 1, 2011, the Debtors retained E&Y LLP to perform tax services, consisting of federal and state tax compliance, US reporting requirement for foreign operations, tax reporting, and federal, state, and international tax advisory pursuant to E&Y LLP's engagement with the Debtors (the "Master Tax Services Agreement"). On March 23, 2011, the Court entered an order [Docket No. 6021] (the "Retention Order").

6. On July 1, 2011, the Debtors filed a Supplemental Application for an Order Expanding the Scope of Employment and Retention of Ernst & Young LLP to Include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 5862] (the "Expansion Application").

7. On July 22, 2011, the Court granted the Expansion Application and authorized the Debtors to expand the scope of EY's employment and retention to include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 6021].

8. On December 22, 2011, the Debtors filed a Notice of the Third Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7021] (the "Third Amendment").

9. On January 12, 2012, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 5, 2011 authorizing the Third Amendment [Docket No. 7090].

10. On February 29, 2012, the Debtors filed a Notice of the Fourth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7312] (the "Fourth Amendment"). No objections were filed to

the Fourth Amendment.

## Compensation Paid and Its Source

11. All services for which compensation is requested by E&Y LLP were performed for or on behalf of the Debtors.

12. E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

13. Pursuant to the Master Tax Services Agreement, E&Y LLP provides the Debtors with tax compliance reporting, tax controversy and tax advisory services for a fixed fee. Copies of the invoices for the fixed fee installment payments for May and June 2012 are attached hereto as Exhibit A. Copies of the billing detail for the hourly work are attached hereto as Group Exhibit B.

14. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## Actual and Necessary Expenses

15. EY is not seeking reimbursement of expenses with this Application.

## Summary of Services Rendered

16. E&Y LLP, by and through the above-named persons, has advised the

Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

## Summary of Services By Project

17. The services rendered by E&Y LLP during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below.

### Tax Compliance Reporting

18. E&Y LLP assisted with tax compliance, tax reporting and tax advisory consulting such as but not limited to the preparation and filing of all state and local sales and use tax returns and the preparation of reports and reconciliations to assist the Debtors with the proper accounting of payments and tax credits and E&Y LLP prepared and reviewed federal and state tax filing positions and compliance requirements.

### Tax Performance Advisory

19. E&Y LLP provided consultation regarding tax data retention and tax technology needs of the U.S. residual company and related matters. E&Y LLP also provided review and consultation with respect to Quickbooks and the impact on the tax function.

### Modeling

20. E&Y LLP provided holdback calculations iterated and updated for revised model assumptions. E&Y LLP also prepared and communicated output, assumptions and strategic options to various constituencies, including the committee of unsecured creditors.

### Foreign Jurisdiction Assistance

21. E&Y LLP provided an assessment of local country tax advice, assisted with the coordination of data relating to the filing of local country income and indirect tax returns, provided consultation related to the resolution of tax controversies for tax periods open

by the statute, and provided assistance with procedural matters related to the wind-up and final withdrawal of the local entity or branch for Trinidad and Tobago.

### Transfer Pricing

22. E&Y LLP provided a compilation and documentation of pre-controversy transfer pricing documentation to defend against non-arm's-length assertions by the IRS. E&Y further provided a draft profit split calculations for 2009 through 2011.

### NC Alternative Apportionment

23. E&Y provided revisions to the North Carolina alternative apportionment request.

### E&P Analysis

24. E&Y provided calculations of earnings and profits for the tax years ending December 31, 1971 through December 31, 2012, including cumulative E&P at December 31, 2009, 2010 and 2011. E&Y also provided a compilation and reconciliation of source return documentation and a review of the Debtors' transaction history, including restatements and IRS examinations.

### 9100 Relief

25. E&Y provided research and analysis related to 9019 relief, including the preparation of the ruling request, to secure an extension of time to treat the Debtors' 2008 net operating loss as an "applicable net operating loss" pursuant to I.R.C. § 172(b)(1)(H).

## Valuation of Services

26. The professionals and staff members of E&Y LLP have expended

approximately 3,447.5 hours[2] in connection with this matter during the Compensation Period. The flat fee identified above is E&Y LLP's normal rate for work of this character. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $1,389,524.

27. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the period Compensation Period, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $1,111,619.20 as compensation for necessary professional services rendered (80% of $1,389,524), and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: July 12, 2012                    Respectfully submitted,

/s/ Joanne Lee
Joanne Lee
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Tel. 312.832.4500
jlee@foley.com

---

[2] This number represents an estimate of the total hours of services provided during this Compensation Period and is subject to change from month to month.

4833-8821-4799.1