```
 1                IN THE UNITED STATES BANKRUPTCY COURT
 2                   FOR THE DISTRICT OF DELAWARE
 3
 4  IN RE:                      )    Case No. 09-10138(KG)
 5                              )    (Jointly Administered)
 6  NORTEL NETWORKS, INC.,      )    Chapter 11
 7              et.al.,         )
 8                              )    Courtroom 3
 9          Debtors.            )    824 Market Street
10                              )    Wilmington, Delaware
11  ----------------------------)
12  NORTEL NETWORKS, INC.       )    Case No. ADV: 1-12-50608
13                              )
14          vs.                 )
15                              )
16  COMMONWEALTH OF VIRGINIA    )
17                              )
18  ----------------------------
19  NORTEL NETWORKS, INC.       )    Case No. ADV: 1-12-50773
20                              )
21          vs.                 )
22                              )
23  STATE OF MICHIGAN DEPARTMENT)
24  OF TREASURY                 )
25  ----------------------------
26  NORTEL NETWORKS, INC.       )    Case No. ADV: 1-11-50195
27                              )
28          vs.                 )
29                              )
30  SCI BROCKVILLE CORP.,       )
31    d/b/a BRECONRIDGE C       )
32  ----------------------------
33  NORTEL NETWORKS, INC.       )    Case No. ADV: 1-11-52298
34                              )
35          vs.                 )
36                              )    July 11, 2012
37  AUDIOCODES, INC.            )    10:00 a.m.
38  ----------------------------
39                   TRANSCRIPT OF PROCEEDINGS
40           BEFORE THE HONORABLE JUDGE KEVIN GROSS
41               UNITED STATES BANKRUPTCY JUDGE
42
43  ECRO:                  GINGER MACE
44
45  Transcription Service:   DIAZ DATA SERVICES, LLC
46                           331 Schuylkill Street
47                           Harrisburg, Pennsylvania 17110
48                           (717) 233-6664
49                           www.diazdata.com
50
51  Proceedings recorded by electronic sound recording;
52  transcript produced by transcription service
53
```

```
1   APPEARANCES:
2
3   For Debtor:                      Morris Nichols Arsht & Tunnel,
4                                    LLP
5                                    BY: DEREK ABBOTT, ESQ.
6                                    BY: ANNIE CORDO, ESQ.
7                                    1201 North Market St., 18th Fl.
8                                    Wilmington, DE  19899-1347
9                                    (302) 351-9357
10
11                                   Cleary Gottlieb Steen &
12                                   Hamilton
13                                   BY: EMILY BUSSIGEL, ESQ.
14                                   BY: LISA SCHWEITSZER, ESQ.
15                                   BY: JAMES BROMLEY, ESQ.
16                                   BY: NEIL FORREST, ESQ.
17                                   BY: JANE KIM, ESQ.
18                                   BY: KARA HAILEY, ESQ.
19                                   BY: MEGAN FLEMING, ESQ.
20                                   One Liberty Plaza
21                                   New York, NY  10006
22                                   (212) 225-2629

    For Creditors' Committee:        Richards Layton & Finger
                                     BY: CHRIS SAMIS, ESQ.
                                     One Rodney Square
                                     920 North King Street
                                     Wilmington, DE  19801
                                     (302) 651-7839

                                     Akin Gump Strauss Hauer &
                                     Feld, LLP
                                     BY: BRAD M KAHN, ESQ.
                                     BY: DAVID BOTTER, ESQ.
                                     BY: ABID QUERSHI, ESQ.
                                     BY: FRED HODARA, ESQ.
                                     One Bryant Park
                                     New York, NY  10036-6745
                                     (212) 872-8121

    For EMEA Debtors:                Young Conaway Stargatt &
                                     Taylor, LLP
                                     BY: JOHN DORSEY, ESQ.
                                     Rodney Square
                                     1000 North King Street
                                     Wilmington, DE  19801
                                     (302) 571-6712
```

APPEARANCES:
(Continued)

For Trustee of Nortel UK:        Willkie Farr & Gallagher, LLP
                                 BY: BRIAN E. O'CONNOR, ESQ.
                                 787 Seventh Avenue
                                 New York, NY  10019-6099
                                 (212) 728-8251

For Virginia Department of
Taxation:                        Taxing Authority Consulting
                                 Services, PC
                                 BY: JEFFREY SCHAIF
                                 P.O. Box 1270
                                 Midlothian, VA 23113
                                 (804) 649-2445

For Ernst & Young
as Monitor:                      Allen & Overy
                                 BY: KEN COLEMAN, ESQ.
                                 1221 Avenue of the Americas
                                 New York, NY  10020
                                 (212) 610-6434

                                 Buchanan Ingersoll
                                 BY: MARY CALOWAY, ESQ.
                                 1105 N. Market St., Ste. 1900
                                 Wilmington, DE  19801-1054
                                 (302) 552-4209

For UK Pension Claimants:        Bayard, PA
                                 BY: JUSTIN ALBERTO, ESQ.
                                 222 Delaware Ave., Ste. 900
                                 Wilmington, DE  19899
                                 (302) 429-4226

For LTD Committee:               Elliott Greenleaf
                                 BY: RAFAEL X. ZAHRALDDIN, ESQ.
                                 The Brandywine Building
                                 1105 Market St., Ste. 1700
                                 Wilmington, DE  19801
                                 (302) 656-3714

APPEARANCES:
(Continued)

For Ad Hoc Committee of
Deferred Comp Plan
Beneficiaries:                          Blank Rome
                                        BY: GONNIE GLANTZ FATELL, ESQ.
                                        1201 Market St., Ste. 800
                                        Wilmington, DE  19801
                                        (302) 425-6423

                                        Bernstein Shur
                                        BY: ROBERT KEACH, ESQ.
                                        100 Middle Street
                                        Portland, ME  04401-5029
                                        (201) 228-7334

For Fourth Estate:                      Mayer Brown
                                        BY: THOMAS VITALE, ESQ.
                                        1675 Broadway
                                        New York, NY  10019-5820
                                        (212) 262-1910

For U. S. Trustee:                      Office of the U. S. Trustee
                                        Department of Justice
                                        BY: PATRICK TINKER, ESQ.
                                        844 King St., Ste. 2207
                                        Wilmington, DE
                                        (302) 573-6541

TELEPHONIC APPEARANCES:

For Bank of America:                    Bank of America
                                        BY: ESTHER CHUNG
                                        (646) 855-6705

For Law Debenture Trust
Company of New York:                    Patterson Belknap Webb & Tyler
                                        BY: DANIEL A. LOWENTHAL, ESQ.
                                        (212) 336-2720

For Barclays Capital, Inc.:             Barclays Capital, Inc.
                                        BY: OLIVIA MAURO, ESQ.
                                        (212) 412-6773

For UBS Securities:                     UBS Securities, LLC
                                        BY: DENNIS RUGGERE, ESQ.
                                        (203) 719-7875

TELEPHONIC APPEARANCES:
(Continued)

For Citi:                      Citi
                               BY: REBECCA SONG, ESQ.
                               (212) 559-9933

For Aurelius Capital
Management:                    Aurelius Capital Management,
                               LP
                               BY: MATTHEW A. ZLOTO, ESQ.
                               (646) 445-6518

For Chuck Barry:               Elliott Greenleaf
                               BY: CHUCK BARRY
                               (302) 384-9400

For Brent Beasley:             Elliott Greenleaf
                               BY: BRENT BEASLEY
                               (302) 384-9400

For Bonnie Boyer:              Elliott Greenleaf
                               BY: BONNIE BOYER
                               (302) 384-9400

For Nortel Network, Inc.:      Cleary Gottlieb Steen &
                               Hamilton
                               BY: VICTORIA BELYAVSKY, ESQ.
                               (212) 225-2000

Solus LP:                      Solus LP
                               BY: STEPHEN BLAUNER
                               (212) 373-1562

For Peg Brickley:              Dow Jones & Co.
                               BY: PEG BRICKLEY
                               (215) 462-0953

For Macquarie Bank:            Macquarie Bank
                               BY: SUSAN S. CHEN
                               (212) 231-2380

For Marilyn Day:               Elliott Greenleaf
                               BY: MARILYN DAY
                               (302) 384-9400

TELEPHONIC APPEARANCES:
(Continued)

For State of Michigan
Department of Treasury:          State of Michigan
                                 BY: HEATHER DONALD
                                 (313) 456-0410
                                 BY: ALLISON M. DIETZ
                                 (313) 456-1118


For Claims Recovery Group:       Claims Recovery Group, LLC
                                 BY: SCOTT FRIEDMAN
                                 (201) 266-6988


For Scott Gennett:               Elliott Greenleaf
                                 BY: MAUREEN GENNETT
                                 (302) 384-9400

For Brad Henry:                  Brad Henry, In Pro Per/Pro se
                                 (623) 444-7435

For Robert Home:                 CCC, Inc.
                                 BY: ROBERT HOME
                                 (404) 374-5277

For Dianna Irish:                Elliott Greenleaf
                                 BY: DIANNA IRISH
                                 (302) 384-9400

For Mark Janis:                  Elliott Greenleaf
                                 BY: MARK JANIS
                                 (302) 384-9400

For Deb Jones:                   Deb Jones, In Pro Per/Pro se
                                 (570) 439-1153

For Peter Lawrence:              Elliott Greenleaf
                                 BY: PETER LAWRENCE
                                 (302) 384-9400

For Nortel Networks:             Estelle Loggins, In Pro
                                 Per/Pro se
                                 (207) 228-7260

For Vernon Long:                 Elliott Greenleaf
                                 BY: VERNON LONG
                                 (302) 384-9400

TELEPHONIC APPEARANCES:
(Continued)

For Ad Hoc Group of
Beneficiaries of the Nortel
Networks U.S.:                    Bernstein Shur Sawyer & Nelson
                                  BY: PAUL MCDONALD, ESQ.
                                  (207) 228-7260

For Michael McWalters:            Elliott Greenleaf
                                  BY: MICHAEL MCWALTERS
                                  (302) 384-9400

For Paul Morrison:                Paul Morrison, In Pro Per/
                                  Pro se
                                  (302) 384-9400

For Carol Raymond:                Nortel Networks, Inc.
                                  BY: CAROL RAYMOND
                                  (305) 238-4951

For Aristeia Capital:             Aristeia Capital
                                  BY: STEVEN ROBINSON
                                  (212) 842-1961

For John J. Rossi:                John J. Rossi, In Pro Per/
                                  Pro se
                                  (330) 264-7737

Official Committee of
Retirees:                         Togut Segal & Segal, LLP
                                  BY: STEPHANIE SKELLY
                                  (212) 594-5000

For CRT Capital Group:            CRT Capital Group, LLC
                                  BY: KEVIN J. STARKE
                                  (203) 569-6421

For Nancy A. Wilson:              Nancy A. Wilson, In Pro Per/
                                  Pro se
                                  (972) 754-8449

1

1    WILMINGTON, DELAWARE, WEDNESDAY, JULY 11, 2012, 10:04 A.M.

2              THE COURT:  Good morning, everyone.  Thank you,

3    and please be seated.  Mr. Abbott, good morning.

4              MR. ABBOTT:  Good morning, Your Honor.  And good

5    morning, Mr. Justice Morawetz.  Derek Abbott of Morris

6    Nichols here for the U.S. debtors.  Your Honor, we have a

7    lengthy U.S. agenda.

8              THE COURT:  Yes.

9              MR. ABBOTT:  But only one item for the joint

10   hearing.  What I would propose, Your Honor, is that we

11   handle that joint matter right away and then once that's

12   concluded, we have a suggestion about a schedule for the

13   balance of the hearing which will obviously take some time

14   given the matters that are on the calendar for today.

15             THE COURT:  Very well.  And Justice Morawetz and

16   I had spoken about doing just what you've suggested.  I know

17   he has matters that are just unique to the Canadian

18   proceedings as well.

19             MR. ABBOTT:  Perfect, Your Honor. I'll cede the

20   podium to Ms. Schweitzer then.

21             THE COURT:  All right, thank you.  Justice

22   Morawetz, good morning.

23             JUSTICE MORAWETZ:  Good morning, Judge Gross.

24   And we certainly received Mr. Abbott's comments and your

25   comments and that's satisfactory.  We'll proceed in the way

1   in which you've suggested.

2          THE COURT:  Very well.  You're looking in the

3   pink, Justice Morawetz.

4                    (Laughter)

5          JUSTICE MORAWETZ:  Wee, the doctor says.

6                    (Laughter)

7          THE COURT:  Good morning, Ms. Schweitzer.  How

8   are you?

9          MS. SCHWEITZER:  Good morning, Your Honor.  And

10  good morning, Mr. Justice Morawetz.  For the record, Lisa

11  Schweitzer from Cleary Gottlieb Steen & Hamilton for the

12  U.S. debtors.

13         And we're here for the Motion to Approve the

14  fourth estate settlement or the settlement with the non-

15  filed entities on their allocation issues.

16         THE COURT:  Yes.

17         MS. SCHWEITZER:  As Mr. Abbott said, we have a

18  very busy agenda today.  We -- after we finish with this

19  part, we're on to our Motion for the U.K. Pension Fund is to

20  file their more definitive statement and the deal with the

21  deferred compensation claim procedures, tax disputes, and

22  then EMEA status conference.

23         THE COURT:  Yes.

24         MS. SCHWEITZER:  But first, we'll kick it off

25  with what we've accomplished which is that we've taken a

1    step forward and with the allocation of reaching a

2    settlement with what we call the fourth estate or the non-

3    filed entities of the Nortel affiliates.

4               THE COURT:  Yes.

5               MS. SCHWEITZER:  We wish this was somewhat of a

6    recent development since the motion's been filed recently,

7    but, in fact, the settlement was reached in principle, way

8    back in our first mediation in November of 2010.  And we've

9    been working since that time to finalize details on the

10   margins and document it.  And so, of course, we hope that in

11   the allocation matters, they keep moving and that we're able

12   to complete the rest of them on a more expeditious

13   timeframe.  In the middle -- the meantime, we're actually

14   happy to come forward and say that we've taken away 23

15   parties from the table and made it a three-party dispute.

16               So in that way, the fourth estate settlement is

17   definitely a positive step forward in the allocation front.

18   What we're doing in the motion is primarily settling the

19   claims to the sale escrows that each of the sale proceeds

20   were put into different escrows and we're settling the sale

21   escrow claims, as well as, any sale allocation related

22   claims of these 23 non-filed entities which are Nortel

23   affiliates who had, what we call, keys to the lockboxes or

24   potential claims against the sale proceeds.

25               The non-filed entities are mostly located or all

1  are located in Asia and Latin America to speak, Nortel

2  World, that's APAC and CALA.

3          THE COURT:  Yes.

4          MS. SCHWEITZER:  And the payment that was

5  proposed is in the aggregate of $44.9 million.  But, of

6  course, we're now having a secondary allocation so this in

7  the settlement agreement is allocated among the non-filed

8  entities, but it's in aggregate of $44.9 million coming out

9  of the lockbox.

10          The settlement also is settling certain

11  intercompany claims that the non-filed entities on the one

12  hand have against and may have coming towards them from the

13  debtor entities effectively on the other hand.  And what the

14  non-filed entities claim -- entities might have against each

15  other.  Right now, the --

16          THE COURT:  There are mutual releases that are

17  involved.

18          MS. SCHWEITZER:  Right.  Mutual releases that are

19  -- the non-filed entities give and get from everyone.  The

20  debtors settling who parties are giving up between each

21  other, right.  The debtor level claims are all preserved.

22          THE COURT:  Yes.

23          MS. SCHWEITZER:  But there are mutual releases of

24  the allocation theories and also of just general

25  intercompany claims.  And the idea of once we're done with

1    these entities, we're done with these entities.  And if

2    we're not done with these entities, it's explicitly

3    enumerated what's leftover.

4              THE COURT:  Yes.

5              MS. SCHWEITZER:  That's on a schedule.  It's

6    spelled out, so that we know where we stand more globally.

7    This is obviously beneficial in that many of these non-filed

8    entities that are U.S. debtor subsidiaries and all over the

9    world are in advanced stages of their wind down.  They're

10   not operating.  Many of them have either commenced

11   liquidation or about to commence liquidation.  And so it's

12   in everyone's interest to sort of call it a day, have

13   finality, and crystallize any remaining obligations.

14             The settlement agreement itself enumerates

15   certain carve outs from the releases.  We schedule certain

16   liquidated claims between the estates.  So in lieu of filing

17   more proofs of claims or superseding any proofs of claims

18   that have been filed, there's actually schedules of the

19   claims that are outstanding between the non-filed entities

20   on one hand and the debtor entities or the parent entities

21   on the other hand, and issuing the non-filed entities

22   themselves.

23             In the case of the U.S. debtors, we provided that

24   for our own non-filed entity subsidiaries.  We're not

25   releasing those claims.  We're going to leave them as is in

1   the idea that we have more flexibility during the wind down

2   process if something were to pop up and we know our own

3   claims, so we're less concerned about it.  But generally,

4   the agreement liquidates those claims, lists them, and

5   releases everything else.  There are certain narrow ordinary

6   course obligations that might arise in the future.  We don't

7   expect any.  We don't know of any.  But for example, if you

8   traded yesterday and shipped goods, which we don't have any

9   expectation happened, that obviously, wouldn't have been

10  released.

11          There is -- also there was a prior, to use more

12  Nortel lingo, there is a prior APAC Agreement or the ARA,

13  the Asia Restructuring Agreement.  And while it -- their

14  releases with respect to performance on the allocation

15  front, anything else under that agreement in terms of

16  flowing up money to the parents and recognizing claims are

17  obviously left in place.  This is only settling this

18  particular allocation issue.

19          And so looking at all that, obviously, the

20  benefits are, as I said, 23 keys to the lockbox are gone.

21  We have resolution for people.  It streamlines the rest of

22  the allocation procedures.

23          THE COURT:  Sure.

24          MS. SCHWEITZER:  And it also will free up cash.

25  For the U.S. debtors, particularly, and their subsidiaries,

1    we're getting about $12 million coming out of the settlement

2    that is coming to the U.S. debtors or subsidiaries either in

3    the effect of direct payments coming from allocated proceeds

4    or because money is going through the companies.  It came to

5    someone in Asia who paid an intercompany claim who round

6    tripped it and came over to the U.S. debtors or their

7    subsidiaries.  So all in, we're going to get about $12

8    million into the U.S. estates or through equity.  So that's

9    a great progress on that front.

10             And the other point that's important to the large

11   allocation picture, is obviously, the settlement is a one

12   off settlement and everyone's agreed that this was no effect

13   on the larger allocation claims.  No one's committing

14   themselves to a position.  No one's surrendering a theory.

15   No one's adopting a theory here.  This is, you know, being

16   done in business judgment as a one off settlement of these

17   particular entity claims without prejudice to the big estate

18   claims against each other --

19             THE COURT:  All right.

20             MS. SCHWEITZER:  -- in that allocation process.

21             THE COURT:  All right.

22             MS. SCHWEITZER:  We have in the courtroom today,

23   Mr. Ray who's a principal officer of the U.S. debtors who

24   would be prepared to testify, if needed for -- to support

25   the motion, otherwise, I'm happy to proffer his testimony.

1          THE COURT:  Does anyone object to proceeding by

2   proffer at this time?

3                    (No audible response.)

4          THE COURT:  All right.  Hearing no one, then you

5   may proceed, Ms. Schweitzer, with your proffer.

6          MS. SCHWEITZER:  As I said, Mr. Ray is in the

7   courtroom today.  He's a principal officer of the U.S.

8   debtor and if he was called the stand, he would -- I'm

9   sorry.  If he was called to the stand, he would testify as

10  follows in support of the motion.

11         First, Mr. Ray was appointed by the Court in

12  December of 2009.  He oversees and is familiar with the

13  debtors' businesses such as they are, their cash positions

14  and assets as they are at this point.  And he's familiar

15  with the allocation efforts and the settlement efforts

16  around there.

17         And if called to testify, Mr. Ray would testify

18  that he was actively participating in the negotiation of the

19  Non-Filed Entity Settlement Agreement and is familiar with

20  its terms.

21         Mr. Ray would testify that the negotiations

22  started in 2010, and that in 2010, an agreement in principle

23  was reached on the economics of the settlement.  Since then,

24  the parties have worked at arm's length and vigorously to

25  negotiate and finalize the documents that are presented to

1    the Court today in terms of the Settlement Agreement.

2              Mr. Ray would testify that the Non-Filed Entity

3    Settlement Agreement is a good faith means to mitigate the

4    risks around both the allocation theories in the allocation

5    settlement process, and also, the intercompany claims that

6    are being settled and resolved through the Settlement

7    Agreement.

8              And accordingly, Mr. Ray would testify that the

9    settlement's beneficial to the U.S. debtors and their

10   subsidiaries.  The benefits that Mr. Ray would enumerate are

11   first, that the subsidiaries have now ceased operations.

12   They're ready in the case of the U.S. debtors to wind up.

13   They have wound up their operations.  They're ready to

14   commence their liquidation to solution procedures.  And by

15   entering into the Settlement Agreement, it furthers that

16   process in terms of resolving allocation claims, resolving

17   claims that they may have against other estates or have

18   coming into it themselves and is a step towards finality.

19             Mr. Ray would also testify that the settlement by

20   reducing the claims for -- the claims against the allocated

21   sale proceeds would simplify the logistics of any further

22   allocation negotiations, among the remaining the parties.

23             Mr. Ray would testify that if the settlement were

24   not reached, that there could be difficulties in the future

25   obtaining the consent of these entities to unlock the

1  proceeds from the sale escrows in the event that the

2  entities were to wind up or liquidate or the principals were

3  no longer available to sign away so that the -- by settling,

4  you're not only resolving the allocation, but you're also

5  removing other procedural or substantive obstacles to

6  freeing up cash from the lockbox for the remainder of the

7  entities.

8          Mr. Ray would also testify that the mutual

9  release of claims in the settlement intercompany balances

10  simplifies the process for settling those intercompany

11  claims for both the debtors and their subsidiaries.

12          And Mr. Ray would testify that the value that's

13  being proposed to pay -- to be paid to the non-filed

14  entities is fair and reasonable in consideration of the

15  claims being resolved, both on the side of those entities

16  that are U.S. debtor subsidiaries, and also from the side of

17  the U.S. debtors for settling those claims.

18          Mr. Ray would testify that the debtors consulted

19  and worked closely with the official committee of unsecured

20  creditors and the bondholder groups in negotiating the

21  settlement and gotten the requisite approvals that are

22  reflected in the documents being executed in connection with

23  the agreement.

24          And for all those reasons, Mr. Ray would testify

25  that the settlement is in the best interest of the debtors'

1  estates and their creditors.  And so that would conclude Mr.

2  Ray's proffer in support of the motion.  I'm not sure if

3  other people in the courtroom want to be heard.

4         I think there's one thing we wanted to raise on

5  the record which is a very small thing in the larger Nortel

6  scheme, but we just wanted it to be disclosed to the Court,

7  which is that there's one entity, Nortel Networks

8  Application Management Solutions, Inc., which is due to

9  receive a grand total of $328.  There's no millions or

10  billions or anything associated with that, but it's still

11  $328.  Unfortunately, they don't have their own bank account

12  open right now and it would cost let's say $80 a month to

13  open the bank account for $300.

14                          (Laughter)

15         THE COURT:  Yes.

16         MS. SCHWEITZER:  So what the debtors would

17  propose to do is have that money held at NNI in an NNI

18  account and have an accounting ledger that just reflects

19  that the money has come in and I'm sure it will be absorbed

20  into the larger process of administering the estates.  But

21  just so that everyone understands that the money would be

22  directed towards NNI and it would be accounted for in an

23  accounting ledger.  So as not to spend the money getting the

24  money.

25         THE COURT:  Certainly.

1           MS. SCHWEITZER:  And with that, I'll cede the

2    podium to anyone else who wants to be heard on the motion.

3           THE COURT:  All right, thank you.  Let me first

4    ask if anyone either objects to the admission into evidence

5    of that proffer or wishes to cross examine Mr. Ray?

6               (No audible response.)

7           THE COURT:  All right.  Hearing no one, then, Ms.

8    Schwartz, it is admitted into evidence.

9           MS. SCHWEITZER:  Thank you, Your Honor.

10          THE COURT:  Mr. Hodara, good to see you again.

11          MR. HODARA:  Good to see you, Your Honor, thank

12   you.  Fred Hodara for the official committee of unsecured

13   creditors, from Akin, Gump, Strauss, Hauer & Feld.

14          Your Honor, the creditors' committee fully

15   supports the motion.  As Ms. Schweitzer said, we were

16   heavily involved in the preparation of the papers and the

17   negotiation of this arrangement.

18          I rise in addition, however, to emphasize a point

19   that Ms. Schweitzer made to put this settlement in the

20   broader context of the case.  Ms. Schweitzer indicated that

21   this settlement is a product of an earlier mediation

22   process.  That mediation took place in 2010.  In essence, it

23   took 18 months to document and finalize the settlement.

24   That is indicative of what Your Honor and what Justice

25   Morawetz, I think, understands full well the deep problem

1   that we have in this case of getting to an ultimate

2   conclusion of the case, of our allocation issues.

3          And so while this settlement is a very good

4   thing, it should not be taken as an indication that the

5   parties are working any better together than they have in

6   the past on the deeper issues.  In fact, the length of time

7   it took to get this done is indicative of the continuing

8   problems.  I think later on today in other context we'll

9   have more of a discussion about the mediation.  Ours, of

10  course, in the United States is a very transparent process.

11  And I think it's important for Your Honor and for the

12  constituencies in the United States, to understand a little

13  bit about what is happening in that process.  Our mediation

14  process, is painfully slow and the pain that's being

15  suffered by creditor groups around the world continues.  So

16  we'll talk, I think, more about that as the day goes on.

17          THE COURT:  All right.  All right.  Thank you,

18  Mr. Hodara.  I will wait to hear your information on the

19  mediation.

20          MR. HODARA:  Thank you.

21          THE COURT:  Anyone else?

22              (No audible response.)

23          THE COURT:  All right.  Then let me turn it over

24  then, Mr. Justice Morawetz to you in your Court.

25          JUSTICE MORAWETZ:  All right.  Thank you, Judge

1    Gross.  Ms. Stam, what is your take?

2              MS. STAM:  Good morning, Your Honor.  Judge

3    Gross.

4              THE COURT:  Good morning.

5              MS. STAM:  Jennifer Stam for the Ont [ph] case.

6    Your Honors, I'm going to be brief because as usual, Ms.

7    Schweitzer was quite thorough in her description of the

8    settlement and the terms and goals.  Of course, from the

9    Canadian estate perspective, we're quite happy with the

10   conclusion of the negotiations on the Fourth Estate

11   Settlement.  And we do see it as an important --

12             THE COURT:  Oh.  Justice Morawetz, I don't know

13   if you can hear me, but we've lost you, at least the voice.

14             JUSTICE MORAWETZ:  Hopefully, you're back on

15   Judge Gross.  One of the difficulties we're having today is

16   some feedback, so Ms. Stam as she's making her submissions

17   hears herself on about a two-second delay.

18             THE COURT:  All right.

19             JUSTICE MORAWETZ:  So she'll do the best that she

20   can.

21             MS. STAM:  Well --

22             THE COURT:   Thank you.

23             MS. STAM:  -- I'll be brief in hearing the

24   submissions twice in my cases.

25                        (Laughter)

1              MS. STAM:  I do wish to confirm you have our

2   motion record which has the affidavit of Anna Vantresca, as

3   well as, the eighty-sixth report.  I think it goes without

4   saying that the monitor was heavily involved in the

5   negotiation of this agreement, including the schedules and

6   the resolution of the claims.  And we are comfortable with

7   the outcome including the proposed [indiscernible] funds,

8   which results in the Canadian estate receiving approximately

9   $11.6 million dollars.  And that's outlined in Paragraph 17

10  of the report.

11             We also do wish to confirm that as both as Ms.

12  Schweitzer indicated, this allocation is a -- was a business

13  settlement.  It is not without prejudice to the larger

14  allocation issues.  I think everybody acknowledges that it

15  is in the agreement itself.  It is highlighted in Paragraph

16  18 of the report.

17             Your Honor, I don't propose to go through the

18  terms of the agreement.  They were reviewed by Ms.

19  Schweitzer and they are set out in the materials.  So unless

20  you have any questions, Your Honor, those are my

21  submissions.

22             JUSTICE MORAWETZ:  Well think it is very

23  straightforward and well set out on both the affidavits and

24  the report [indiscernible].

25             MS. STAM:  Thank you, Your Honor.

1          JUSTICE MORAWETZ:  Anybody, counsel have any

2    submissions?  Mr. Pasquariello?

3          MR. PASQUARIELLO:  Good morning, Your Honor.

4    Good morning, Judge Gross.

5          THE COURT:  Good morning.

6          MR. PASQUARIELLO:  Joe Pasquariello for the

7    monitor.

8          Your Honor, the monitor's 86 report was filed in

9    support of the Fourth Estate Settlement Agreement.  The

10   monitor was extensively involved in the negotiations that

11   led to that agreement.  And the monitor is of the view that

12   the settlement represents a fair and reasonable one in the

13   context of the greater Nortel cases and does view this as

14   being a significant step forward in the resolution of the

15   Nortel cases globally.

16         Ms. Stam and Ms. Schweitzer did make reference to

17   reservation of rights.  And certainly, no agreement on this

18   case is complete without a reservation of rights.  But I did

19   want to raise specific attention to that to Your Honor.  The

20   Settlement Agreement can be found at Exhibit A of the

21   monitor's report.  And the extensive reservation of right

22   paragraph is found at Section 8.1 of the agreement which is

23   on Page 15.

24         JUSTICE MORAWETZ:  Yes.

25         MR. PASQUARIELLO:  And you will note, Your Honor,

1  that the reservation of right is quite broad.  And in

2  summation, is meant to get to the point that nothing in the

3  agreement itself or behind the thinking on the allocation be

4  [indiscernible] in the settlement agreement is meant to

5  prejudice anybody's rights one way or another in making any

6  arguments as it relates to allocation [indiscernible], more

7  generally, that the parties are engaging in continued

8  mediation about --

9         JUSTICE MORAWETZ:  And you're able to sum up in

10  ten seconds what took out to be likely a year and a half

11  negotiating.

12         MR. PASQUARIELLO:  But much more eloquently laid

13  out in the agreement.

14              (Laughter)

15         MR. PASQUARIELLO:  In any event, Your Honor,

16  those are my submissions.  The monitor does approve of the

17  settlement.  And we look forward to hopefully a fruitful

18  mediation discussion going forward on the general, more

19  general allocation and discussion.

20         JUSTICE MORAWETZ:  Okay, thank you.  Does anyone

21  else wish to make a submission?  Ms. Stam, if you could

22  write the order as well and some observations of whether or

23  not this joint hearing should be extended to hear what has

24  to come from the United States on the status of the

25  mediation generally.

1          MS. STAM:  Your Honor, I had a brief conversation

2    with Mr. Bomhof about the status conference that I believe

3    is going to take place in the U.S.  I don't believe it's

4    necessary to continue the joint hearing, unless Judge Gross

5    and yourself wish to hear that update jointly.  I believe if

6    you'd like, we could provide a similar update offline.

7          JUSTICE MORAWETZ:  Yes, I think that would be

8    appropriate and I'll ask the monitor to provide that in that

9    submission, draft order. And I assume that all parties have

10   seen this?

11         MS. STAM:  Yes, Your Honor.  There were no

12   changes to the order, except where there was the small

13   correction to a typo in the address.

14         JUSTICE MORAWETZ:  All right.  That will be --

15   that report will be a part of the submissions.  Judge Gross,

16   given that this is a somewhat uncontroversial hearing this

17   morning, if you're ready to proceed with your ruling, I will

18   follow up immediately thereafter.

19         THE COURT:  All right, Justice Morawetz, thank

20   you.  And I am ready to rule because this is certainly one

21   of the more straightforward matters that has been presented

22   to the Court, to both Courts, and I'm certainly going to

23   approve the motion.

24         It's the Court's responsibility to take into

25   consideration all salient factors and to establish that

1    their transaction was proposed in good faith with adequate

2    notice, and that the debtor is receiving fair and reasonable

3    value in exchange.  And that certainly is the basic standard

4    under our case law.  And settlements are, of course, also

5    addressed to the Court's discretion, but it's important to

6    note that they are highly favored.

7           I am satisfied that all of the factors which are

8    set forth in *Myers vs. Martin*, a Third Circuit decision

9    which really is somewhat of a standard for settlements in

10   this circuit have been met.  Those requirements are the

11   probability of success in the litigation, likely

12   difficulties in collection, complexity of litigation

13   involved in the expense, inconvenience, and delay that would

14   result were the settlement not approved, and the paramount

15   interest of creditors.

16          And there's no question that this settlement

17   meets all of those requirements for Court approval.  It

18   eliminates the cost and delay that litigation would require

19   in determining the claims of the non-filed entities.  And

20   such entities' entitlement to a portion of the sale

21   proceeds.  It removes 23 entities from the complex

22   allocation issues in the mediation before this Court and the

23   Canadian Court.  It facilitates the wind down of these non-

24   filed entities.  And the settlement also removes claims

25   disputes in the bankruptcy cases.

1          The Court, therefore, finds that the settlement

2    is fair and reasonable, is in the best interest of the

3    debtors' estates, has been proposed in good faith, and falls

4    easily within the range of reasonableness.  Further, if

5    there are no objections, the Court will exercise its right

6    to waive the 14-day stay period under Rule 6004(h), and I'll

7    be pleased to sign the order when presented.  Thank you, Ms.

8    Schweitzer.

9          MS. SCHWEITZER:  Your Honor, if I could approach,

10   Your Honor?

11         THE COURT:  Sure, please.  Thank you.  All right.

12   Justice Morawetz?

13         JUSTICE MORAWETZ:  Thank you, Judge Gross. The

14   following is my oral endorsement and the transcription of

15   which we will be provided in due course.

16         This hearing proceeded in accordance with the

17   terms of the cross border protocol that was previously

18   approved by both this Court and the U.S. Court in the

19   District of Delaware, Judge Gross presiding over the hearing

20   today in Delaware.

21         Nortel brings this motion to approve the

22   Allocation Sale Agreement which has been provided as the

23   Fourth Estate Settlement Agreement involving non-filed

24   entities of Nortel.  It also seeks approval of certain

25   Escrow Agreements and escrow release instructions associated

1    with the Fourth Estate Settlement Agreement.

2            The non-filed entities include several wholly

3    owned or majority owned subsidiaries of Nortel, most of

4    which have ceased active operations and many of which are

5    preparing to commence liquidation or dissolution under the

6    laws of their various respective jurisdictions.  Following

7    good faith negotiations, the officers of the U.S. debtors,

8    the EMEA debtors, and then the same non-filed entities have

9    executed the Fourth Estate Settlement Agreement.  The

10   applicants have included that it is in their best interest

11   to settle on the allocation of the sale proceeds to the non-

12   filed entities on the terms that have been negotiated which

13   they take the position that greatly simplify the global

14   allocation negotiation by reducing the number of

15   participating parties and allow the non-filed entities to

16   efficiently resolve their remaining liabilities and

17   liquidate them without further delay.

18           Under the proposed settlement, the parties have

19   agreed that most of the non-filed entities will receive sale

20   proceeds allocation in consideration for termination of

21   their rights under the relevant Escrow Agreements and their

22   removal as depositors under the related escrow agreements.

23   For the aggregate amount, the sale proceeds to folks can be

24   paid to the non-filed entities of $44.9 million.  The Fourth

25   Settlement Agreement will crystallize in company balances

1    between the non-filed entities and other parties, including

2    the applicants, the U.S. debtors, the EMEA debtors.  And

3    there are also certain mutual releases that [indiscernible].

4              Now the motion proceeded unopposed.  The

5    applicants are [indiscernible] to the Fourth Settlement

6    Agreement represents an important step forward in the

7    ultimate allocation of the sale proceeds in one of the known

8    various Nortel estates.  This estate [indiscernible] or is

9    supported by the estate and in the record in the affidavit

10   of Anna Ventresca, sworn on June 26, 2012.  In addition, the

11   monitor in its eighty-sixth report, has arrived at the same

12   conclusion.  It's in Paragraph 28 of the report.  Again,

13   indicating that it is of the view that this is a fair and

14   reasonable resolution of the upstanding matters, and

15   represents a significant step forward in the estate,

16   generally.

17             Having heard the submissions and having reviewed

18   the record, I am of the view that the settlement is fair and

19   reasonable, and should be approved, as well as, the

20   accelerated relief requested which will allow the parties to

21   implement the settlement transaction.  For the foregoing

22   reasons, the motion has [indiscernible] and the order will

23   be signed in the form presented.  Thank you.  This concludes

24   the reasons.

25             And Judge Gross, I think according to the

1    schedule, this will likely terminate the joint hearing.  I

2    have asked the Canadian monitor to provide me with a summary

3    of the status report of mediation generally.  And we will

4    continue now in the Canadian only matters.  I see Mr. Hodara

5    at the podium.  I don't know whether he wishes to address

6    this Court or Judge Gross or both.  Thank you.

7         MR. HODARA:  Thank you, Justice Morawetz.  Yes,

8    Judge Gross and Justice Morawetz, a suggestion before we do

9    separate.  Perhaps it does make sense because what we're

10   dealing with a cross border mediation process --

11        THE COURT:  Yes.

12        MR. HODARA:  -- for both of Your Honors to hear

13   what the various parties have to say about it, rather than

14   do it separately.  That's just a suggestion.  And obviously,

15   we'll proceed as Your Honor, and as Justice Morawetz

16   suggests.  But I think the debtor and the creditors'

17   committee in the United States both feel that the process

18   could probably be served better if you each had the

19   opportunity to hear what all of us have to say about it.

20        THE COURT:  That's certainly acceptable to me.

21   Justice Morawetz?

22        JUSTICE MORAWETZ:  Well I'm looking around the

23   corner and I don't see anybody shaking their head

24   horizontally, but I see a lot of vertical nods, so we'll

25   proceed accordingly.  Thank you.

```
 1              THE COURT:  All right.

 2              MR. HODARA:  Thank you.

 3              THE COURT:  Mr. Hodara?

 4              MR. HODARA:  And I'll cede the podium to Mr.

 5    Bromley.

 6              THE COURT:  All right, thank you.  Mr. Bromley,

 7    good to see you again, sir.

 8              MR. BROMLEY:  Good to see Your Honor.  James

 9    Bromley, Cleary Gottlieb on behalf of the U.S debtors.  It

10    was nice to see a couple of Phillies finishing out the all

11    star game last night.

12                        (Laughter)

13              THE COURT:  Yes.  But I don't think you'll see

14    them at the end of the season, after the season.

15                        (Laughter)

16              MR. BROMLEY:  Well as a Met fan, I can't say I'm

17    broken up about that.

18                        (Laughter)

19              THE COURT:  I've never held it against you, Mr.

20    Bromley.

21                        (Laughter)

22              MR. BROMLEY:  Yeah, exactly.

23                        (Laughter)

24              MR. BROMLEY:  Your Honors, there -- and Justice

25    Morawetz, hello.  And we'll try not to take up too much
```

1  time.

2           There are two matters that are on the calendar

3  that are worth mentioning, where, I think, the timelines and

4  status of the mediation come into play and it would be

5  worthwhile to mention them now.  So we're going a little bit

6  out of order.  And if I can just describe both of them in

7  general terms.  One is a status conference with respect to

8  the EMEA claims.

9           THE COURT:  Right.

10          MR. BROMLEY:  Those claims filed by the joint

11 administrators against the U.S. debtors.  And as to which

12 Your Honor issued the opinion in March of this year

13 dismissing essentially the direct claims and allowing to

14 continue certain other indirect claims.

15          We received a phone call last week from the joint

16 administrators with respect to those claims with their U.S.

17 counsel and they wanted to have a status conference.  And

18 that is scheduled for today.

19          THE COURT:  Yes.

20          MR. BROMLEY:  We also had filed a motion with

21 respect to the claims that had been filed by the trustee's

22 of the U.K. pension plan and the pension protection fund

23 against the U.S. debtors, and as Your Honor knows, and

24 perhaps Justice Morawetz has heard, the United States

25 Supreme Court denied certiorari two weeks ago.  And as a

1    result, the U.K. pension parties are now permanently

2    resident in this Court in terms of dealing with their claims

3    against the U.S. debtors.  And so we had filed, prior to

4    this cert denial, a motion asking for a statement, a more

5    definitive statement of their claims.  And in connection

6    with that, that's scheduled for hearing today.

7              THE COURT:  Yes.

8              MR. BROMLEY:  And in connection with that, an

9    objection was filed by Mr. O'Connor from the Willkie firm

10   asking for certain additional timing and making certain

11   statements with respect to the pendency of the mediation.

12             THE COURT:  Right.

13             MR. BROMLEY:  And as background, it is worth

14   noting, it's been just over a year since the patent auction

15   successfully concluded.  And it was in the middle of that

16   patent auction that Your Honors both entered the orders

17   appointing Justice -- Chief Justice Winkler as the mediator.

18             With respect to the status conference on the EMEA

19   claims, we received a phone call, as I mentioned, from Mr.

20   Adler at the Hughes Hubbard firm, and I understand his

21   partner, Mr. Dorsey, is present today, asking for a status

22   conference.  In connection with that status conference,

23   we've had a phone call or two to discuss how to move

24   forward.  And the view has been, and continues to be, that

25   what we need to do in the U.S. is work on the claims; that

1  the material claims have been filed against the U.S.

2  estates.  And we had been doing that on a number of

3  different fronts as Your Honor is aware on the 1114 front,

4  on the long-term disabled front, the deferred comp front,

5  both of which will be dealt with in certain respects today,

6  and with respect to the EMEA claims, which we moved to

7  dismiss last year and a long hearing on in October of last

8  year.

9            Our view was that with respect to the U.K.

10  pension claims, we needed to put the onto the same to the

11  same type of schedule.  We were waiting for the Supreme

12  Court to decide, in all honesty.  And we anticipated cert

13  denial and we had a sense it would happen in the last week

14  of June and that's why we scheduled the hearing for today.

15            On the joint administrators' front, they

16  expressed to us, and Mr. Dorsey can speak for himself, a

17  concern that the mediation progress has been slower than

18  expected.  And that as a result of that, they were concerned

19  that certain memories, documents, the like, would fade as

20  time went on and it really was important to move forward

21  with the remaining claims that had been filed against the

22  U.S. estates.

23            Oddly enough, simultaneously with that, we have

24  been in discussions with the creditors' committee and the

25  bondholders about doing the exact same thing because the

1  mediation hasn't moved as fast as we had been hoping it

2  would.  Our view is that what we should be doing is taking

3  steps to move forward to reduce and allow the claims that

4  have been made against the estates.  And, you know, as Your

5  Honor is aware, the pension claims are in excess of $3

6  billion.

7           THE COURT:  Yes.

8           MR. BROMLEY:  And the EMEA claims are hard to

9  calculate.  I know the monitor in Canada had calculated the

10  claims filed against the Canadian debtors in the $10, $8,

11  $9, $10 billion range.  I mean, what's a couple of billion

12  among friends?

13                    (Laughter)

14           MR. BROMLEY:  Our view has been that we should be

15  working to reduce and allow them here as well.  So we intend

16  to have a meet and confer within the next week or so on that

17  front with the joint administrators' U.S. counsel, and come

18  back to the Court, hopefully with a consensual schedule to

19  deal with those claims.  And if not on a consensual basis,

20  then we'll both have different points of view that we can

21  ask the Court to decide upon.  But our view is that those

22  claims are ripe for determination.  We should move forward

23  and we shouldn't wait for mediation.

24           By the same token, our view is that we don't want

25  mediation to stop.

1              THE COURT:  Right.

2              MR. BROMLEY:  We certainly are fully engaged in

3    that to the extent we have been requested to be engaged.

4    And we'll continue as far as we are requested to be engaged

5    going forward.  On that front, we have submitted materials

6    on the two deadlines that have been established by the

7    mediator, a whole set of briefing materials, and a

8    subsequent request for certain factual information related

9    to claims and the like.

10             We have -- we're in the midst of having, I think

11   there's a meeting scheduled tomorrow on the U.S. side with

12   certain members of the team representing the mediator, but

13   we haven't had substantive full scale meetings yet.  That's

14   just the fact.  And there has been some concern that it

15   hasn't moved as fast as folks would like.

16             On the U.K. pension side of things, there's a

17   motion on for today for a motion -- for a more definitive

18   statement.  We'll go into that in more detail, and certainly

19   don't want to foreclose Mr. O'Connor's ability to make his

20   objections.  But our point there is really the same, which

21   is that claim is a substantial claim against the U.S.

22   estates.  It is ripe for determination.  All appellate

23   rights have been exhausted and the time to proceed is now.

24   There are certain concerns that have been raised about the

25   timing of that, but I don't think that Mr. O'Connor

1  disagrees at all with the fact that it's time to make those

2  claims, and the place to make them is here.

3          So from our perspective, the mediation is

4  something that we are engaged on to the extent that we've

5  been requested to be engaged.  We'd like it to move faster.

6  We understand that the Chief Justice has different points of

7  view.  We may come back if it doesn't proceed in a form and

8  in a fashion that we feel comfortable with.  But we are

9  fully engaged in it in good faith.

10          Mr. Hodara's comments, though, I think are

11  accurate that there is a growing concern in the creditor

12  body.  And I think certainly here in the United States, but

13  I've heard comments elsewhere that it would be helpful if we

14  had more clarity as to how it was going to proceed and on

15  what timeframe.  And but it's certainly our, you know, hope

16  to engage and use it to the fullest extent possible.

17          Notwithstanding that, we do feel that it's

18  important, not just important, but essential to move forward

19  on reducing and allowing the claims that have been asserted

20  against the U.S. estates.  And that is if you step back and

21  you look at the exercise, we, you know, in I think it was

22  March or April of last year that we first approached you

23  with respect to the EMEA claims.  We asked for a more

24  definitive statement.  And I think it was 45 or 60 days that

25  they had to file those more definitive claims.  They filed

1    58 claims, 30 pages worth of claims.  We moved to dismiss

2    them by Labor Day.  We had full briefing on that by -- more

3    or less by the second week of September, and a hearing on

4    the merits in October.  We want to be as deliberate and yet

5    aggressive as possible in moving to deal with the U.K.

6    pension claims, as well as, the remaining EMEA claims

7    because frankly, they are obstacles both to resolving the

8    claim, these cases here, they're obstacles to resolving

9    allocation, and ultimately they're obstacles distributions.

10                THE COURT:  Right.

11                MR. BROMLEY:  And so on that front, I think

12   that's the framework in which we're working on.  It's been

13   -- and Your Honor issued your opinion March 20 or 22nd or

14   something along those lines.  We're here in July on the

15   11th.  It's nearly four months later.  We, you know, we want

16   to be, you know, moving on.

17                THE COURT:  Yes.

18                MR. BROMLEY:  And so from perspective of what we

19   can work on here in this Court, we want to work on it.  And

20   in terms of what's going on in mediation, that's separate

21   and apart.  And frankly, in terms of the amount of activity

22   that's been going on, it's certainly not an obstacle to

23   getting -- to doing everything else at the same time.  I

24   don't know, Mr. Hodara, if you have any comments?

25                THE COURT:  Yes.  And anyone else.  Mr. Hodara?

1          MR. HODARA:  If -- in fact, Your Honor, I was

2    going to suggest since I have said something at the outset

3    on this, there's a lot of parties, perhaps I should hold

4    back and see if there's anything left not said and be happy

5    to make some comments at the end.

6          THE COURT:  All right, thank you.  We're going to

7    hear from Mr. Dorsey.  I say that for the benefit of the

8    people in Canada, on behalf of the EMEA debtors.

9          MR. DORSEY:  Good morning, Your Honor.  Good

10   morning, Justice Morawetz.

11         THE COURT:  Good morning.

12         MR. DORSEY:  John Dorsey, Young, Conaway,

13   Stargatt & Taylor on behalf of the EMEA debtors.

14         Mr. Bromley has very accurately described the

15   events that occurred over the last few days in terms of the

16   EMEA debtors' concerns about the loss of evidence given the

17   length of time that's passing since the events that would be

18   the evidence in the claims process.  And we are still

19   hopeful that the mediation process will result in a

20   resolution of the claims.  But in the meantime, given the

21   length of time it has taken, we did want to start the

22   process of collecting that evidence and preparing to be able

23   to move forward in the event that the mediation does not

24   work.  But we do remain hopeful that it will.  But we didn't

25   want to do that without coming to Your Honor first and

1  letting you know what we'd like to do and getting the

2  Court's guidance on whether that was an appropriate way to

3  proceed.

4          THE COURT:  All right.  All right.  Thank you,

5  Mr. Dorsey.  Anyone else?

6                  (No audible response.)

7          THE COURT:  All right.  I guess, Mr. Hodara, if

8  you wish to speak, this would probably the best time.

9          MR. HODARA:  Okay, thank you, Your Honor.  So

10 then, I will say just one thing, which is that I want to

11 convey a need for urgency, a sense of urgency that I don't

12 know has come across in the comments yet.  Urgency simply

13 because there is so much money sitting in accounts that

14 cannot be touched by the beneficiaries of those funds.  And

15 the idea of proceeding methodically, or in separate silos,

16 or seriatim so that the issues that must get taken care of

17 are put on hold while this very slow mediation process goes

18 wherever it's going to go and as I think you started to

19 hear, unclear to any of us, the major participants in it,

20 where that might be.

21         It's a very slow process with no clear path.  And

22 no indication that there's movement from any of the parties

23 so that even if there were a clear path to an end date say,

24 suppose we were working toward a specific end date, no real

25 reason for optimism that the parties in this process are

1   going to get there.  And we're hoping because there are

2   finally now some meetings being scheduled, that we'll learn

3   very soon if there's a specific process that the mediator

4   has in mind, perhaps will put us in a better position to

5   assess whether this mediation will be any different than the

6   ones before.

7            But for all of those reasons, we think that there

8   is an urgency to get as much done in these cases as we can,

9   so that if we fail once again, and at this point, I'm sorry

10  to say, but there's no reason to be optimistic about it,

11  that we're not simply starting over at that time.

12           THE COURT:  All right.  Thank you, Mr. Hodara.

13  You know, I'm certainly going to -- I think what I would

14  prefer to do is reserve my comments until Justice Morawetz

15  and I have had an opportunity to confer.  But I certainly --

16  your message has come across clearly to me and it's a matter

17  of concern to me.  And I think that when you turn to a Court

18  for help, all of the parties, that the Court ought to be

19  responsive.  So I appreciate the status and the sense of

20  urgency.

21           Mr. Justice Morawetz, I'll turn it over to you,

22  sir.

23           JUSTICE MORAWETZ:  Does any party wish to make

24  submissions here?

25           UNIDENTIFIED SPEAKER:  Yes, just very briefly.

1    Good morning, Judge Gross, Your Honor.

2              THE COURT:  Good morning.

3              UNIDENTIFIED SPEAKER:  I think just simply to

4    confirm on the fact that we, too, are somewhat in the dark

5    in terms of where this process is going to go.  It sounds

6    like the U.S. is one step further ahead than us because they

7    have a meeting with the mediators' representatives, it

8    sounds like.  None of the Canadian parties, as far as I

9    know, have been approached by the mediator or any of its

10   representatives for a meeting.  But I assume that if that

11   process is starting, then we will hear as well.  But I think

12   the joint message is everyone's keen to get going.

13   Everyone's keen to resolve the issue.  And everyone's keen

14   to have a little bit more insight into how this process --

15   how and when this process is going to unfold.  Thank you.

16             JUSTICE MORAWETZ:  Thank you. Mr. Schwill?

17             MR. SCHWILL:  Good morning, Your Honor, Judge

18   Gross.  Robin Schwill for the -- Canadian counsel for the

19   EMEA debtors.

20             I just wanted to bring to your attention or jog

21   your memory, Your Honor, about the fact that there is a

22   companion motion with respect to discovery schedules and all

23   that stuff dealing with the EMEA claims that at the first

24   time brought, we adjourned at *sine die* in light of the fact

25   that the mediation was ongoing.  So depending on what

1  happens in the U.S., and the status conference, and what

2  they plan on doing with the U.S. claims, we will work with

3  counsel here and our counterparts in the U.S. to attempt to

4  coordinate what to do in connection with the motion which

5  was really designed two-fold for figuring out a schedule to

6  discovery and those related issues in connection with

7  progressing the EMEA claims in Canada, as well as, the

8  companion issues on protecting the evidence, both physical

9  and witness statements and stuff like that, given that, you

10  know, people are leaving every day.  But there will be -- we

11  will try to link that process up so that we've got companion

12  processes going on in the U.S. and Canada at the same time

13  for efficiency sake.

14            JUSTICE MORAWETZ:  Efficiency is good.  Thank

15  you.  Anyone else?

16                 (No audible response.)

17            JUSTICE MORAWETZ:  Judge Gross, as you indicated,

18  we may have a procedural discussion and see what, if

19  anything, that's going to come from this status conference.

20  I'll leave that for you to initiate once you've concluded

21  your matters in the Court today in the U.S.

22            THE COURT:  Yes, I will do so later today,

23  Justice Morawetz.

24            JUSTICE MORAWETZ:  Thank you very much.

25            THE COURT:  All right.  If we've now concluded

1   this portion of the hearing, I think that we can proceed

2   separately, Mr. Justice Morawetz.  And it was good to see

3   you and all in Canada.

4           JUSTICE MORAWETZ:  And likewise.  Thank you,

5   Judge Gross and counsel in your Court.

6           THE COURT:  Thank you.  Thank you.  Thank you,

7   Ginger.  Well, Mr. Abbott, by the way, just with reference

8   to what we've talked about.  I will work with counsel.  And

9   I will talk with Justice Morawetz, but I certainly

10  understand everyone's concerns.  And I am likewise

11  concerned.  And my thought is that matters can proceed on

12  separate tracks, and that is, I think, largely what I will

13  express to Justice Morawetz.

14          MR. ABBOTT:  Thank you, Your Honor.  Your Honor,

15  what I plan to do now is simply to suggest a little bit of a

16  road map for the balance of the day.

17          THE COURT:  And let me just raise one question

18  because there's something I'm a little bit confused about

19  and that is the long-term disability parties are on the

20  agenda, but so far as I know there is no -- there are

21  letters and I know that they're on the telephone.  I don't

22  know how that happened or why it happened.  And I'm not sure

23  what the parties expect --

24          MR. ABBOTT:  Your Honor, we are at a similar

25  loss.  We put them on the agenda given the tone and content

1  of the letters --

2         THE COURT:  Sure.

3         MR. ABBOTT:  -- and obviously a desire of the

4  authors of those letters to ask the Court, Your Honor.  My

5  suggestion, and I know I -- well, I don't know, but I

6  believe a number of them are on the telephone as we speak.

7         THE COURT:  That's right.

8         MR. ABBOTT:  Your Honor, our suggestion was going

9  to be that we address that issue next.  Whether Your Honor

10 wishes to hear from those folks, or wishes to explain

11 something to them in response of the letters, or simply

12 defer that to a later date.  We're at the Court's pleasure,

13 obviously, on that.  But we did at least want to acknowledge

14 that the request had been made and give Your Honor --

15        THE COURT:  Yes.

16        MR. ABBOTT:  -- the opportunity to --

17        THE COURT:  And I don't want those individuals to

18 be, you know, this is going to be, I think, a fairly lengthy

19 hearing and I don't want those individuals to be waiting and

20 waiting, only to be told that this is probably not the

21 appropriate time for me to hear from them.  I certainly --

22 Ms. Schweitzer, I certainly read their letters with great

23 care, but I'm just not sure in what context I would consider

24 their letters.

25        MS. SCHWEITZER:  Right.  Your Honor, Lisa

1  Schweitzer.  Mr. Zahralddin, who's counsel to the LTD

2  committee, is in the courtroom as well and might have

3  additional views he wants to add in.  My understanding, from

4  reviewing the letters and talking to Mr. Zahralddin, is that

5  what is in the letters is what the concerns were.  That some

6  people have one off concerns, that there's no motion

7  pending.  That's hard to address on a one off basis.  We're

8  prepared on some of those instances to give information, but

9  it's, you know, I don't know that there's a request for

10 relief.  I think other people were raising questions about

11 the process of the LTD negotiations.  I'm happy, from the

12 U.S. debtors' side, to give Your Honor, as well as, anyone

13 on the phone, a one-minute update of how we got to this

14 place, where we are in the mediator discussions, and what we

15 see as the next steps, if we can't reach a settlement.

16 Imminently, I think that would take a minute.

17          I am -- again, if Your Honor wants or not, I

18 don't know if Your Honor wants to hear from individuals or

19 to just -- if your views of what is premature or not

20 premature today, then obviously we'd want -- I'd be happy to

21 give Mr. Zahralddin to -- an opportunity to speak as well

22 with respect to what he thinks individuals might want or

23 should be addressed today.

24          THE COURT:  Well why don't we do this.  If you

25 don't mind, I would like to hear your brief status report.

1  And that may sort of put everything in a little bit better

2  context from my benefit.

3           MS. SCHWEITZER:  Um-hum, okay, sure.  No problem,

4  Your Honor.

5           So again, Lisa Schweitzer for the record.  I've

6  grabbed the wrong pad.  That's the problem with having seven

7  things on the motion today, right?

8                    (Laughter)

9           THE COURT:  Yes, yes.

10          MS. SCHWEITZER:  So just as we've discussed is

11 that there are employees who were asking, among other

12 things, for an update and questions about the process.  And

13 as Your Honor will remember, that the long-term disability

14 committee was appointed in June of 2011.  And they retained

15 Elliott Greenleaf as their counsel in August of 2011.

16          Over the last year now, there's been an exchange

17 of information by the debtors to that committee.  As Your

18 Honor is also aware, there's a parallel retiree committee --

19          THE COURT:  Yes.

20          MS. SCHWEITZER:  -- appointed for retirees.  And

21 we've been working with them as well in similar exercise.

22          And there was a lot of exchange of information.

23 The debtors, you know, a couple months ago, did not see

24 headway towards a consensual resolution of the process and

25 thought that the appointment of a mediator might facilitate

1  that process.  So we had come to Your Honor and in April of

2  2012, a mediator, in fact, was appointed.  And Mr. Levin, of

3  Cravath, has been serving as a mediator since April 2012.

4  The debtors in connection with that order, agreed to

5  standstill from seeking Court relief that would terminate

6  the benefits of either the disabled or retired employees for

7  60 days.

8           THE COURT:  Right.

9           MS. SCHWEITZER:  And obviously, people are free

10  to talk longer, but it was at a standstill agreed to for 60

11  days.  And that standstill period actually ended in June 18.

12           THE COURT:  Um-hum, yes.

13           MS. SCHWEITZER:  And the parties have still been

14  talking and have someone working with a mediator.  We're

15  going to try to reach settlement with the LTD committee,

16  which obviously, any settlement means agreement upon a term

17  sheet as to the termination of the benefits and any

18  consideration that would be paid or any other secondary

19  conditions to that termination would be memorialized in a

20  term sheet.  That term sheet would then be brought to the

21  Court in a motion for approval of the terms which would

22  roughly be termination of employees, termination of their

23  participation in the plans, or termination of the benefit

24  plan themselves.  And whatever consideration, if any, is

25  agreed to, to be provided to the disabled employees with

1   respect to the termination of their benefits.

2           Obviously, I don't want to use this opportunity

3   to negotiate the merits.  We all feel differently about the

4   merits.  Settlement discussions have been, you know, we've

5   been working hard.  It's not clear if we're going to get to

6   a resolution.  And we're at the point where we've determined

7   that we're going to work for the next several days and if we

8   can't reach a solution in the next several days, the debtors

9   expect that we will be coming to the Court and asking for a

10  termination of the benefits and the employees on, you know,

11  just to move the issues forward and to if we can't do it

12  consensually, we'll do it through a motion.

13          In either event, of course, for the benefit of

14  the people who have written letters and have concerns and

15  have raised issues about, you know, what legal standards

16  will be applied or what their legal rights are, is that

17  there will be, whatever we do, a motion before the Court,

18  whether it's consensual or whether it's the debtors seeking

19  a non-consensual termination of benefits and employees.  We

20  will come to the Court with a motion in the future.  It

21  could be a week or it could be longer.  And to terminate the

22  plans and the employees.  And if we file a motion, at that

23  time, every employee and every represented party will have

24  an opportunity, obviously, to be heard and to either support

25  or oppose that relief, either participate or not participate

1  in settlement.

2           So I think some of the questions went to, you

3  know, what type of relief has been given or whether plans

4  have been terminated, or the status of these negotiations.

5  From the debtors' side, that's our update on just where the

6  facts are and where the situation is.  So I don't think that

7  there's necessarily a pending motion that the letters are

8  responding to or that relief can be granted to today.

9           THE COURT:  Right.

10          MS. SCHWEITZER:  But I think it's at least

11 helpful for people to understand, at least from our side of

12 where the process is.  And obviously, I'd cede the podium to

13 Mr. Zahralddin, if you'd like to speak as well.

14          THE COURT:  One of the questions I just had for

15 you, Ms. Schweitzer, is this.  A number of the letters

16 addressed concerns that benefits are not being paid.

17          MS. SCHWEITZER:  Um-hum.

18          THE COURT:  It's my understanding that that is

19 not the debtors acting in any way to prevent those benefits

20 from being paid --

21          MS. SCHWEITZER:  Right.

22          THE COURT:  -- but rather that is an insurance

23 issue between the disabled member and the insurance company.

24          MS. SCHWEITZER:  Well, so actually, Your Honor,

25 it's a good question.  In Nortel's case, we did not buy

1    fully insured policies for disabled employees.

2                    THE COURT:  Okay.

3                    MS. SCHWEITZER:  Some companies, when you go on

4    disability, go to an insurer and say here's an insurance

5    policy, I'm buying it today, you're covered.

6                    THE COURT:  Right.

7                    MS. SCHWEITZER:  In Nortel's case, we're self-

8    funded.

9                    THE COURT:  Yes.

10                   MS. SCHWEITZER:  That said, the plans are

11   administered by a third party administrator.  So if there's

12   a challenge --

13                   THE COURT:  Okay, okay.

14                   MS. SCHWEITZER:  -- to a denial of benefits, it

15   does go to that third party plan administrator for, you

16   know, hey, you cut me a check that was too small or you took

17   money as an offset that you shouldn't have.  That there is

18   an administrative process by which complaints shall be made.

19   The only difference is that there's not true third party

20   insurance --

21                   THE COURT:  Okay.

22                   MS. SCHWEITZER:  -- in the same way that for the

23   debtors, we don't have true third party health insurance, we

24   have administrators, but it's our check, it's our economic

25   risk.

1          THE COURT:  All right.

2          MS. SCHWEITZER:  And, you know, and I'm -- to

3    address some of those concerns as well is that I -- and just

4    to make clear on the record, is the debtors are paying

5    retiree and disability benefits on an ongoing basis.  A

6    couple individuals had raised questions about setoffs that

7    were taken 20 years ago or that, you know, judgments that

8    had been appealed.  And there are specific facts and we've

9    tried in every instance to respond to those individuals and

10   to look into their concerns and confirm that there's nothing

11   that's fallen through the crack on our end.  And we haven't

12   found things that are falling through the crack.  But those

13   are one off complaints, for lack of a better word, about the

14   manner in which their particular check was cut or not cut as

15   opposed to some general administration that we've cut off

16   benefits generally, so.

17          THE COURT:  All right.  All right.  Thank you.

18          MS. SCHWEITZER:  Sure.

19          THE COURT:  Thank you, Ms. Schweitzer.  Mr.

20   Zahralddin?

21          MR. ZAHRALDDIN:  Good morning, Your Honor.

22          THE COURT:  Good morning.

23          MR. ZAHRALDDIN:  Rafael Zhralddin from the long-

24   term disability committee.

25          I only rise because I was kind of called up to

1    rise.  I didn't expect really to put on any sort of

2    presentation today.  The individuals who filed letters are

3    doing so on their own behalf.  As an 1102 committee, we do

4    not represent each one of these folks individually.  We

5    cannot tell them what to do or not to do.  We have been as

6    responsive as possible.  We do have, obviously, like most

7    1102 committees, confidentiality restrictions.  We have

8    actually, to the debtors' credit, been talking about that

9    issue, particularly as we come closer and closer to some

10   sort of resolution that we need to have a more open line of

11   communication and we'll continue to work with them.  We

12   haven't finalized anything in terms of that, but obviously,

13   we need to do that in order to get as broad a buy in into

14   any settlement that we propose to the Court because it has

15   to be proposed to the individual LTDs as well.

16           I can't speak to individual one off situations.

17   I can't discuss those because we don't represent them

18   individually.  I would say that to the extent the folks were

19   on the phone, perhaps those are issues that need to be

20   addressed because they had been put before the Court. But

21   again, that's not our committee's responsibility.  I also

22   know that we have at least one long-term disabled member

23   here in Court who traveled up to be heard.

24           But aside from that, I will say that everything

25   that Ms. Schweitzer has said is accurate.  We are continuing

1   to mediate.  We're trying to get to a settlement.  We

2   understand that the constituency has some frustrations, but

3   we are working with the debtor and with the creditors'

4   committee and the ad hoc bond holders' committee to get to a

5   resolution.  And we're working specifically with the debtor

6   to try to make this a process by which they'll be making an

7   informed decision when we present something to them.  You

8   know, we have our differences on the law with the debtors,

9   but in terms of some of the procedures, I think that they've

10  been striving to try to make sure that we're treating

11  everyone fairly.

12          However, there are some issues that always come

13  up when you have a constituency, particularly this active of

14  a constituency.  They're a little bit different, I think

15  from a traditional 1102 like [indiscernible]creditors --

16          THE COURT:  Yes.

17          MR. ZAHRALDDIN:  -- constituency, and have things

18  which weigh upon them.  So I think that's caused some of the

19  activism within the ranks.  And I think that that's

20  something that's to be expected and not necessarily a bad

21  thing.  But that's all we have to say.  I don't know if

22  there's anything else that Ms. Schweitzer wants to add to

23  that.

24          THE COURT:  Would it be at all helpful if I set

25  some time of a -- some kind of timeframe here for the

1    parties either to reach that settlement or to proceed or are

2    the debtors going to basically take that unto themselves?

3          MR. ZAHRALDDIN:  I don't think we have an issue

4    necessarily with the way the mediation is proceeding.  I

5    think that we are meeting again on the 19th.  And I don't

6    think that we have had an issue.  We've actually met with

7    the mediator early on to try to clear off the brush to move

8    towards a settlement.  I don't believe that that's

9    necessarily -- and I don't even think from the letters, that

10   that was necessarily a concern.  I think it's the access to

11   information while this going on.  We have a lot of

12   constituents from the outside looking in who don't believe

13   they have enough to give them.  And, of course, we have

14   confidentiality restrictions and these are confidential

15   settlement negotiations.  So this is the way it works --

16          THE COURT:  Right.

17          MR. ZAHRALDDIN:  -- in lots of situations.  It's

18   just again, you don't have as active a group, I think,

19   sometimes as you do here.  It's rare to have a whole almost

20   the entire constituency calling you up on a daily basis

21   trying to get information.  And we've been trying to work

22   with them as much as possible and give them as much guidance

23   and help as we can without violating any sort of

24   confidential information that we get from the debtors or

25   from the committee.

1          THE COURT:  Very well.  All right, thank you.

2     Ms. Schweitzer?

3          MS. SCHWEITZER:  Your Honor, just on the deadline

4     point.  Mr. Zahralddin is correct, in fact, that we have --

5     while there is no stay in place --

6          THE COURT:  Right.

7          MS. SCHWEITZER:  -- but we, in fact, have set our

8     own deadline of that we'll give it roughly another week and

9     then we'll make our decision that we'll probably be filing a

10    motion right after that, if we haven't reached settlement.

11    And so we've been working hard during this time, but we all

12    realize the process can't go on endlessly.  We're spending

13    $2 million a month on benefits that, you know, are currently

14    in place, but decisions do have to be made and there does

15    have to be closure at some point to the issues one way or

16    another.

17         With respect to the information flow, obviously,

18    this is Mr. Zahralddin's territory.

19         THE COURT:  Sure.

20         MS. SCHWEITZER:  It's his committee.  He has to

21    determine what he feels that he -- is in his interest or is

22    able to share with his committee members, but you know, I

23    leave that to him, obviously, to communicate with his

24    committee members at this time.

25         THE COURT:  All right.  All right.  Well at least

1  we now are aware that negotiations are continuing, but that

2  there is an ending to those negotiations.  And at that time,

3  the Court will certainly take into consideration letters,

4  concerns, from members, you know, from the disabled members.

5  But I don't think that this is necessarily the hearing to do

6  that.  However, out of courtesy to someone who has traveled

7  to Delaware to be heard, I would be willing at least to hear

8  from the individual who has come forward.  Yes, sir, please.

9            MR. DAVID:  Good morning, Your Honor.

10           THE COURT:  Come forward.  And this is an

11  opportunity for you at least as one individual, but

12  without --

13           MS. SCHWEITZER:  Understood.  Your Honor, I'd

14  just like to introduce Mr. David.  Mr. David's, in fact, a

15  member of the steering committee --

16           THE COURT:  All right.

17           MS. SCHWEITZER:  -- or of the formal committee,

18  just so you're aware.  He can introduce himself, but just so

19  you're aware that he actually sits on the committee that Mr.

20  Zahralddin is counsel to.

21           THE COURT:  Oh, very well.  So I will hear from

22  you.  I'm not expecting any response from anyone.  And I'm

23  certainly not going to respond myself, but I do want to give

24  you the forum, if you will, to be heard.

25           MR. DAVID:  Your Honor, I'd like to go over some

1  of the things that I noted down.  I have a hard time

2  recalling words and all that, so I'm going to try my best.

3            THE COURT:  Yes, sir.

4            MR. DAVID:  I worked 26 years in engineering,

5  process control, robotics, financials, and insurance,

6  banking, and manufacturing. In Nortel, I had the

7  responsibility for $5.5 billion manufacturing process of

8  automation and helped them develop just in time/on time

9  delivery environment in the Nortel manufacturing process and

10 manufacturing systems.

11           I was responsible for developing, implementing,

12 and maintaining both configuration, order tracking,

13 manufacturing system, and accounts receivable systems.  I

14 contributed my expertise and recommendations in all phases

15 of manufacturing process all the way from manufacturing

16 floor, to the executives.  In just one of my

17 recommendations, I saved Nortel $117 million.

18           I just wanted to talk about what the benefit plan

19 is and benefits and claims.  The employee benefits plan is

20 comprised of benefits, possibly the entire limit restriction

21 conditions and limitation of the benefits.  Employee

22 benefits are compensations in addition to the employees'

23 salary which could be -- could vary from fiscal year to

24 year.  Benefit claims are filed and approved -- for an

25 approval, and if approved, becomes a claim, when the

1  conditions in the plans are met.  A claim can be a fixed

2  claim, a claim can be a variable claim like LTD.  If I was

3  supposed to die tomorrow, the Nortel liability is over.  And

4  if I live to be 65, the liability goes on.  In the case of

5  some of the fixed claims we talk about, if I went to my

6  doctor and had a diagnosis of gall stones and he recommended

7  I have the gall bladder removed, so we apply -- he goes and

8  applies for the gall bladder operation and schedules it and

9  gets this approved from the claim administrator at

10  Prudential or CIGNA, and Nortel, therefore, approves the

11  $14,000 expense.

12          THE COURT:  Okay.

13          MR. DAVID:  But after I let's say, if that claim

14  is approved and the operation takes place and after that the

15  company calls bankruptcy and terminates the employee after

16  that, is the company still liable for that $14,000?  I would

17  say yes.

18          And a fixed and variable claims both can have

19  time limitations.  An employee benefit plan can be modified

20  at the end of each year, each fiscal year, by the executive

21  review board and board of trustees.  And, therefore, any new

22  claims filed under the -- will be under the new guidelines.

23  But once a claim is approved, it follows the guidelines in

24  which it was approved or executed.

25          The long-term disability 2000 claim in which I

1    filed my claim, and was approved by the claim administrator,

2    however, once my claim was -- is approved and continued to

3    meet the guidelines in the Year 2000 plan documents, I would

4    continue to receive my monetary compensation until I attain

5    age 65.

6              In conclusion, intention of Nortel Motion Docket

7    7463 is to terminate and modify LTD claims, not just

8    associated benefits.  There is a difference in claims versus

9    LTD benefits that are covering future benefits.  There's

10   language in the SPD document talking about termination of

11   plan and that plan is concerned with most of the usual

12   approval of new claims.  And if you are going to terminate

13   the existing claims, it would be an injustice.

14             And in trying to include the already approved

15   claims into the negotiation, I don't know where that's

16   coming from, but they are already committed to the dollar

17   value.  And they have the liability for the LTD claim, but

18   they don't have the liability for associated benefits that

19   come through the LTD claim.  I would say that they're open

20   to negotiation.

21             And my claim is from the Year 2000.  And I don't

22   see any language in the document that says that they can

23   terminate my claim.  And that's all, Your Honor, thank you

24   very much.

25             THE COURT:  Thank you.  May I bother you for your

1  spelling, the spelling of your last name, sir?

2          MR. DAVID:  David, D-A-V-I-D.

3          THE COURT:  D-A-V-I-D, oh, all right, thank you.

4          MR. DAVID:  Simple.

5          THE COURT:  Yes.  Mr. David, thank you.  I just

6  want to be clear, this is an issue that may or may not arise

7  depending upon what happens in the future.  But I think it

8  was appropriate and helpful for me to at least explain the

9  issues which I think are applicable to a number of the other

10  parties who wrote to the Court.

11          MR. DAVID:  Okay.

12          THE COURT:  And I appreciate your appearance here

13  today, sir.  Thank you.

14          MR. DAVID:  Thank you very much, sir.

15          THE COURT:  Thank you, Mr. David.  And I know

16  that a number of other parties have written to me.  I've

17  read each and every letter carefully.  But they're matters

18  that are not presently before me, the issues are not before

19  me today.  And at some point in the future, it may be that I

20  have to take into consideration, testimony or statements

21  from other disability participants.  Yes, Mr. -- yes?

22          MR. ZAHRALDDIN:  Your Honor, again for the

23  record, Rafael Zahralddin.

24          It may be instructive to those on the phone as to

25  if they're going to try to appear pro se, let's say they

1  decide to opt out of the settlement, or if they have

2  something which they believe is an issue that is a current

3  claim as opposed to one that is for future benefits, which

4  is really the focus of the negotiations with the other

5  constituencies in the case, if you could provide them a

6  little bit of guidance as to how to do so.  I can't do that.

7  I'm actually restricted from doing that because there's a

8  conflict as committee counsel.  But it may be useful for the

9  Court maybe to tell them how you'd like them to proceed,

10 should they want to appear pro se.  Or maybe if they just

11 need to contact the Clerk's Office, however, you want to

12 proceed.  But I think that might be useful to help contain

13 some of the issues.

14           THE COURT:  All right.  Is that acceptable to

15 other parties?

16           MS. SCHWEITZER:  That's fine, Your Honor.

17           THE COURT:  All right.  For those of you who

18 wrote to me and others with whom you might speak, I think it

19 would be very useful were you to send a letter indicating

20 that you are entering your appearance in this case on your

21 own behalf and would like to be heard and furnished with

22 service of documents going forward.  And it doesn't have to

23 be -- and then if you will send that to me, I will make

24 certain that it is docketed in the Clerk's Office.  All

25 right?  I may just do an order to -- well, I don't know how

1  parties would receive the order if they're not -- yes, Mr.

2  Abbott?

3          MR. ABBOTT:  Your Honor, I just have one

4  suggestion --

5          THE COURT:  Please.

6          MR. ABBOTT:  -- that might ease the burden on

7  those folks sending such a letter.

8          THE COURT:  All right.

9          MR. ABBOTT:  It might be prudent that they

10 indicate that they want service of papers filed relating to

11 long-term disability issues.  There is obviously an enormous

12 volume of paper that's being served in this case --

13         THE COURT:  Yes.

14         MR. ABBOTT:  -- and I would hate to burden them

15 with documents that might confuse them that aren't related

16 to that.  They're welcome to get it all if they want, but if

17 they would choose to limit it, it might be in their best

18 interest to do so, Your Honor.

19         THE COURT:  Here's what we will do.  From my

20 office, all of those who wrote to me, I will prepare a

21 simple form for you to file with the Court.  And then as Mr.

22 Abbott, who is representing the debtors, just indicated, you

23 really don't need to get the tremendous number of documents

24 that are filed on other issues.  But at least you will have

25 something to submit so that I will know that you're

1    proceeding on your own behalf and not as part of the

2    unofficial committee.  And we will also -- and have, in

3    fact, docketed your letters so they are part of the record

4    in the case, but at least you will be more official, if I

5    may, as participants in the case.  Mr. Abbott --

6              MR. ABBOTT:  Thank you, Your Honor.

7              THE COURT:  -- did you want to make any other

8    suggestion or --

9              MR. ABBOTT:  Not with respect to that, Your

10   Honor.

11             THE COURT:  All right.

12             MR. ABBOTT:  I'm back to the agenda --

13             THE COURT:  Right.

14             MR. ABBOTT:  -- and the balance of the hearing,

15   if Your Honor's ready for that.

16             THE COURT:  I will be ready.  But let me just

17   suggest to those of you who wrote letters to me, the

18   disabled participants, this might be an appropriate time for

19   you to leave the call because it's going to be a lengthy

20   hearing and the issues will not directly impact you

21   whatsoever.  I leave that entirely up to you.  All right.

22             MR. ABBOTT:  Thank you, Your Honor.  Derek Abbott

23   again, for the debtors.

24             Your Honor, what we suggest, obviously, there are

25   a number of matters that will require some discussion on the

1    calendar for the balance of the day.

2                    THE COURT:  Yes.

3                    MR. ABBOTT:  It's now about 11:20.  Our proposed

4    approach, Your Honor, would be next to hear Docket Item No.

5    6, which is the Motion for a More Definitive Statement

6    regarding the U.K. pension claims and those are the PPF.

7                    THE COURT:  Yes.

8                    MR. ABBOTT:  Your Honor, we thought after that,

9    it might be an appropriate time to break for lunch.

10                   THE COURT:  That's good.

11                   MR. ABBOTT:  And then, Your Honor, we would

12   propose to proceed with Item No. 7.

13                   THE COURT:  Yes.

14                   MR. ABBOTT:  Which is the Deferred Comp

15   Settlement Procedures Motion.  Your Honor, then pick up

16   Docket Item No. 9 which is the Michigan tax matter.

17                   THE COURT:  Okay.

18                   MR. ABBOTT:  Then No. 8 which is the Virginia --

19                   THE COURT:  Virginia.

20                   MR. ABBOTT:  -- tax matter.  And after that, Your

21   Honor, then move to the status conference that Mr. Dorsey

22   and the debtors have discussed previously.

23                   THE COURT:  That's certainly acceptable to me.

24   Depending how long No. 6 takes -- yes, that's acceptable.

25   You've obviously given greater thought to it then --

1          MR. ABBOTT:  Well, Your Honor, it may be that

2    you've heard the status conference on that already based on

3    the -- some of the prior discussion.  Why don't we proceed

4    on that counter and if folks decide, through the balance of

5    the day, that there really isn't much more to say, we just

6    won't do it at the end.

7          THE COURT:  All right, that's fair.  That's

8    certainly fair.  Let me just ask about Agenda No. 6, Item

9    No. 6 which is, you know, the issue relating to the pension,

10   the U.K. pension proof of claim, proofs of claim.  My

11   understanding is, and I may be wrong, but as I read the

12   papers, the U.K. pension trustees agree to file a more

13   definite statement here.  That the issue is the attachment

14   of documentation or the issues are attachment of

15   documentation and timing.  Would I be --

16         MR. ABBOTT:  You are correct, Your Honor.

17         THE COURT:  All right, all right.  So that may, I

18   think reduce some of the --

19         MR. O'CONNOR:  Your Honor, I would think I would

20   be no more than 15 --

21         THE COURT:  We're not hearing you, I'm sorry.

22         MR. O'CONNOR:  I'm sorry.  I just was going to

23   let you know I thought I'd be 15 minutes at most.

24         THE COURT:  All right, very well.

25         MS. SCHWEITZER:  Your Honor?

1          THE COURT:  Ms. Schweitzer, yes.

2          MS. SCHWEITZER:  Yes, sir, and again, Lisa

3   Schweitzer for the U.S. debtors.

4          As Your Honor noted, that we are here to seek an

5   order to require the filing of the a more definite

6   statement, the motion had asked for it to be done by July

7   31.  And as Your Honor also noted, that there's no

8   disagreement that this claim has to move forward.  It's what

9   -- it's when and what needs to be included in the claim.

10         THE COURT:  Sure.

11         MS. SCHWEITZER:  And, Your Honor, is very

12  familiar also with the U.K. pension issues, generally.  In

13  the most general terms, these are claims being asserted by

14  the U.K. pension claimants for -- related to underfunding of

15  a U.K. pension plan and contributions that they're seeking

16  against the U.S. debtors, with underfunding they allege is

17  about $3.1 billion.  The problem is, three and a half years

18  into the case, we're still at the most general level of the

19  most general terms.  And all that we have publicly filed is

20  the proof of claim from 2009.

21         The -- you know, since that time, and it's set

22  forth in the motion, we have a recitation of some of things

23  that have happened.  There have been warning notices issued

24  by the pension regulator in January of 2010.  You'll

25  remember them as my colleague, Ms. Buell, had brought them

1  in in the sealed boxes that we'd love to share with you, but

2  we'd have to kill you, and we don't like doing that with

3  Judges, you know, so.

4                    (Laughter)

5            THE COURT:  That's right, that's right.

6            MS. SCHWEITZER:  So we, you know, we were also

7  kindly invited to participate in the U.K. administrative

8  process.  We just as kindly declined to do so and came to

9  Your Honor for a Protective Order enforcing the automatic

10  stay.  We've gone up to the Supremes and you'll be happy to

11  know, they all agreed that that was appropriate, the claims

12  should be liquidated and filed here and --

13            THE COURT:  Right.

14            MS. SCHWEITZER:  -- pled here --

15            THE COURT:  Yes.

16            MS. SCHWEITZER:  -- in fact.  So, you know, in

17  the meantime, over across the pond, there was in June of

18  2010, a determination panel decision issued where they said

19  they were going to issue more Nortel acronyms, FSD's or

20  Financial Service Support Directives against NNI and NN CALA

21  are the only two U.S. debtors.

22            As you'll recall, there are 16 debtors.  Proofs

23  of claims originally filed against all 16 debtors.  The

24  financial -- the FSDs were alleged against two of the

25  debtors with no mention of any other debtors.  And in April

1    2011, again, more than a year ago, those FSD's were issued

2    which say, hey, you guys should be liable for something,

3    right?  But I haven't told you how much.  Those are coming

4    out of the proceedings, which based on your prior order, is

5    null, void, of no effect in this case, and certainly, is not

6    sufficient because none of this is in the proof of claim.

7              So, you know, I don't want to rehash the things

8    you've heard today at length, which is it's really time to

9    get moving, and get moving quickly, and the issues really

10   are the timing.  I think, as you heard before, that while

11   the debtors are optimistic or, I guess, willing to

12   participate in mediation and are hopeful that mediation can

13   lead to a successful result, that that alone doesn't make it

14   premature at this time to file claims.  We shouldn't be

15   holding back.  And I think Your Honor indicated your

16   agreement with that.

17             You know, the second thing is an argument that

18   they just simply need more time; that they want until the

19   end of October.  And hey, what's another couple months,

20   right, we've been here for three and a half years.  I think

21   where the debtors come out on that is exactly the opposite

22   which is we have been here for three and a half years.  And

23   as I said, in this recitation of -- that they've known for

24   three years.  Three years ago they should have filed proper

25   claims.  And the only thing that's happened between then and

1    now is that more facts have come out, maybe to them.  Or

2    certainly over the last three years, they've had the

3    opportunity and should have been on notice after your

4    Court's, Your Honor's decision back in 2010, telling them

5    you're going to liquidate your claims here.  You're going to

6    file claims here.  That they should have been developing

7    those facts.

8          So the debtors really aren't in a position to

9    standstill and give them another four and a half months from

10   the time we filed this motion, in order to develop these

11   claims, which may in the end, wind up being against only two

12   debtors as opposed to 15, 16.  We don't know because we just

13   simply don't know anything about the claims that are going

14   to be filed.

15         So in that, you know, we look to the practice of

16   the original Bar Date Orders which were, you know, the

17   original Bar Date Orders and then the provisions in there

18   providing for supplemental claims in the case of schedule

19   amendments or any rejection of contract.  Those are all 20-

20   to 30-day deadlines.  Everyone in this case is being held to

21   those deadlines.  And we don't see why after three and a

22   half years, where these claims have been out there and been

23   discussed that there should be any longer deadlines.

24   Notwithstanding the Olympics, notwithstanding summer

25   vacations.  You see, we're all working very hard through the

1   summer to get these done and we want to keep them moving.

2          As we had said in our reply, that we've offered

3   to give the pension claimants until August 15.  Which from

4   the beginning of the motion, would give them when it was

5   filed and they were on notice that they needed to amend

6   their claims, would still be over two months.

7          THE COURT:  Yes.

8          MS. SCHWEITZER:  But we think that that alone is

9   really sufficient time.

10         On the obligation to attach documents, I view

11  that almost as a red herring.  That, you know, when we get

12  into the whole procedure of what are we doing, right?  It's

13  not very hard what we're doing.  The Bankruptcy Code, I

14  mean, Bankruptcy Rule 3001, it says file proofs of claims,

15  attach supporting documents.

16         THE COURT:  Yes.

17         MS. SCHWEITZER:  If you intend to assert a claim

18  based on documents, attach the documents, right?  Then you

19  look to Form 10, which again says more generally, give us

20  your documents, right?

21         THE COURT:  Right.

22         MS. SCHWEITZER:  And so it's not that we're

23  injecting something new or different here, right?  The fact

24  that we're now seeking a more definitive statement on top of

25  that, doesn't preempt Rule 3001.  It's not within -- you

1   don't lose power to enforce Bankruptcy Code 3001.  It's

2   meant to facilitate and further the resolution of the

3   claims, not to divert them into suddenly becoming an

4   adversary proceeding or being held to different standards.

5   So we're not looking for every document.  We're not looking

6   for --

7           THE COURT:  Well that's, I think, I'm going to

8   anticipate a concern from the trustees.  And that is since

9   this isn't discovery --

10          MS. SCHWEITZER:  Right.

11          THE COURT:  -- that the documents attached,

12  assuming that I do require them to be attached, are not the

13  sole universe of their case.

14          MS. SCHWEITZER:  Yep.  And to that extent, I

15  mean, we're not looking for every last email correspondence,

16  but we are looking for them to state the facts of their

17  claims.  And if they're not based on documents at all, and

18  they, you know, there's no documents that support their

19  claims, then don't attach them.  But they're not being held

20  to a standard that's different than all the 9,000 people who

21  filed claims three years ago which is attach your documents,

22  right?

23          THE COURT:  Yes, yes.

24          MS. SCHWEITZER:  And to the extent that they want

25  the order clarified to say attach all supporting documents

1    as required by applicable law and prior orders of this

2    Court, we're happy to make that change, but attach your

3    documents.  And there's no need to pre-rule to say

4    certainly, we're not waiving that requirement.  And we don't

5    need to pre-rule not knowing what those claims are, not

6    knowing if they're going to look to the U.K. proceedings.

7    If they intend to say that proceeding is dispositive and

8    that is the reason for the my claim here, you know, I'm

9    relying on that proceeding, we think that would be foolish

10    in light of the fact that we're telling you come here and

11    liquidate your claim, but if that's their position, then

12    they should be attaching those documents and making those

13    documents available --

14              THE COURT:  Sure.

15              MS. SCHWEITZER:  -- to other parties.  It's not

16    wholesale discovery of every last email and every last post-

17    it note.  That's not what we're looking for.  And it doesn't

18    have to turn into some mutual exchange of documents or

19    something more than it is.  It's simply the law is what it

20    is, attach your documents.

21              So I think that those really are the two issues.

22    I don't want to belabor them at any length, but we really do

23    think it's important, given where we are in the case, to get

24    these moved forward and recognizing that any claims that

25    come in, we need to digest them, turn them, and obviously

1    prepare.  I just remain wildly skeptical that we're going to

2    move to allow them on an expedited basis, so we'll need some

3    time to prepare our response and deal with the claims, if

4    they come in, so.

5              THE COURT:  Sure.

6              MS. SCHWEITZER:  And we do have to recognize that

7    we do have to bring resolution to the cases.  So with that,

8    I'll cede the podium to Mr. O'Connor to respond to those

9    points, but --

10             THE COURT:  All right.

11             MS. SCHWEITZER:  Oh, I'm sorry.

12             THE COURT:  Oh, I'm sorry, Mr. Hodara, certainly.

13             MS. SCHWEITZER:  I apologize.

14             THE COURT:  Why don't we hear from you next

15   because you joined in the motion.

16             MR. HODARA:  We did, Your Honor. Fred Hodara for

17   the official committee.

18             Two points, first with respect to timing.  As

19   Your Honor noted right at the beginning of this session, the

20   difference between the parties really is a matter of timing,

21   should it be October, should it be earlier.

22             THE COURT:  Right.

23             MR. HODARA:  The creditors' committee supports

24   all the arguments that Ms. Schweitzer made entirely.  And we

25   would just suggest to Your Honor that the reasons stated in

1   the pleading by the pension parties for why they need a

2   little more time rather than a little less time, we think is

3   something that Your Honor should probe.  They state their

4   reasons here.  To us, they do not seem to justify those

5   extra months.  And as we've been saying throughout the

6   proceedings today, each month really does make a difference

7   at --

8                  THE COURT:  Sure.

9                  MR. HODARA:  -- this stage.

10                 The second point, Your Honor, has to do with what

11  Ms. Schweitzer referred to as "need to kill people" in

12  certain circumstances here, that is if they see the

13  confidential documents.  We think it is important that the

14  creditors' committee, which is subject to fiduciary duties

15  to duties of confidentiality, and therefore, should be in a

16  position to properly handle such documents, should have

17  access to them, so that we can exercise our duty, which is

18  to review matters, all matters in a case of this sort, but

19  especially matters of such import as these $3 billion of

20  claims.

21                 THE COURT:  All right.

22                 MR. HODARA:  Thank you, Your Honor.

23                 THE COURT:  All right.  I will certainly take

24  that into consideration, too, Mr. Hodara.  I think it's

25  appropriate whether it requires the signing of further

1    Confidentiality Agreement or whatever, but clearly the

2    committee has an important role here to play.

3              MR. HODARA:  And we're amenable to signing any

4    appropriate documents.

5              THE COURT:  Sure, okay, thank you.

6              MR. HODARA:  Thank you.

7              THE COURT:  Mr. O'Connor.  You're just worried

8    about having to get bad news about vacations.

9              MR. O'CONNOR:  No, I'm glad that everybody's so

10   happy to see me back in Court.

11             THE COURT:  Yes.

12             MR. O'CONNOR:  Thank you.

13             THE COURT:  Of course.

14             MR. ABBOTT:  Back where you belong.

15             MR. O'CONNOR:  Back where I belong, yes.

16                        (Laughter)

17             MR. O'CONNOR:  Your Honor, let me start by simply

18   saying that we, again, as you have discerned from our

19   papers, we don't dispute the fact that we are in Court now

20   and that you are going to be the decision maker with respect

21   to our claims.

22             THE COURT:  Yes.

23             MR. O'CONNOR:  And I think I regret having said

24   anything in the papers about the mediation.  That was really

25   not the major point that we were making.  I think at the

1    time that we submitted our response, it was certainly our

2    belief, based upon what had happened with the Justice

3    Winkler, Chief Justice Winkler, that there would likely be

4    some further meetings with the parties that were likely to

5    occur sometime during the summer, whether it was July,

6    August.  And we thought that if that was going on at the

7    time, that this was probably an inopportune time to require

8    us to be diverting our attention from the mediation efforts,

9    which we were going to put a good faith effort in to try to

10   resolve this, to be dealing with this.

11            I do understand now, the parties' concerns.  And

12   frankly, we share the concern as well, that we don't really

13   have a sense of what is going on.  That's the first that we

14   heard it today, too, of the U.S. debtors perhaps meeting

15   with the representatives of the mediator.  So let's put that

16   aside for the moment.

17            THE COURT:  Okay.

18            MR. O'CONNOR:  The real concern that we have here

19   is a number of things.  This is really not as simple a

20   matter as everyone would like Your Honor to believe.  This

21   is not a situation where we have a claim and that all we

22   need to do is amend the claim.  And I'll explain what I mean

23   by that.  Let's go back, if I can, just for a couple of

24   minutes and review how we got to where we are.

25            You'll remember, Your Honor, that under the

1   Pensions Act of 2004, it is the pensions regulator which is

2   the sole entity that has the ability to assert a claim under

3   the Pensions Act of 2004 for support of an underfunded

4   pension plan from the affiliates of the employer of that

5   plan.

6           THE COURT:  Yes.

7           MR. O'CONNOR:  We, the trustee, or the PPF, had

8   no ability to commence that action.  It's not our claim.

9   It's not our burden to prosecute that action.  Admittedly,

10  what does happen is in the event, as the regulator was here,

11  successful in obtaining a financial support direction

12  against NNI and NN CALA, that triggers, but for your

13  Automatic Stay Order, an obligation of NNI and NN CALA to

14  come forward and to propose a manner to secure financial

15  support for the scheme that is satisfactory, not to the

16  trustee, not to the PPF, but to the regulator.

17          Here, of course, given the Automatic Stay Order,

18  NNI and NN CALA, did not attempt to do that.  And the next

19  step in the process, would be for the regulator to go back

20  to the determinations panel and seek the issuance of a

21  contribution notice.  The FSD is simply a direction to come

22  forward with a proposal.  It doesn't specify an amount.

23  It's up for the parties to come forward and reach an

24  agreement.  So it's an unliquidated amount at that point.

25  And it's only if they can't reach an agreement and the

1  regulator has to go back and get the issuance of a

2  contribution notice, that is a liquidated amount.  And under

3  the U.K. Law, that amounts to a debt which would be owed to

4  either the trustee or the Pension Protection Fund, if the

5  plan had been accepted into the fund by that time.  And that

6  essentially amounts to a judgment under the U.K. Law.

7         So if you recall, Your Honor, when we were back

8  arguing about the Automatic Stay Order, we had filed proofs

9  of claim consisting of the Bar Date Order back in September

10 of 2010.  At that point, all that had happened was that the

11 regulator had commenced its investigation --

12         THE COURT:  Right.

13         MR. O'CONNOR:  -- of the financial affairs of the

14 plan.  It wasn't until January of 2010 that it issued its

15 Warning Notice, which I'll call it's charging document, if

16 you will, as to what entities were going to be the target of

17 its attempt to get an FSD and what the basis for that FSD

18 was.

19         So we filed a claim which was admittedly

20 unliquidated and contingent, attached 4,000 pages of

21 documents which included references to the Pension Act of

22 2004, and everything we knew at the time about what the

23 regulator was doing.  Of course, it was our belief at the

24 time, that if, in fact, the U.K. regulatory procedure went

25 forward, and if FSD's were issue, and either a settlement

1  was reached or in the absence of a settlement, a

2  contribution notice was issued, we would be coming back to

3  Court here.  We would be amending our proofs of claim to

4  reflect the fact that either there was a settlement and the

5  debtors would presumably be asking Your Honor to approve

6  that.  Or we would be asking you, in the face of a

7  contribution notice, to treat that as a judgment issued in

8  the U.K. and to defer under principles of comedy and enforce

9  that here.

10              THE COURT:  But I stopped that proceeding.

11              MR. O'CONNOR:  You stopped that.  You stopped

12  that.

13              THE COURT:  Right, right.

14              MR. O'CONNOR:  That was done.  So, Your Honor --

15              THE COURT:  So you don't have a liquidated amount

16  and the --

17              MR. O'CONNOR:  We don't.

18              THE COURT:  Right.

19              MR. O'CONNOR:  So what did we do?  Obviously, we

20  respectfully disagreed with Your Honor.  We went to the

21  District Court.  The District Court affirmed.  The Third

22  Circuit said it was a close question, but they affirmed it,

23  too.  And most recently, two weeks ago, the Supreme Court

24  denied certiorari.

25              Now I think even Mr. Bromley admitted that the

1  reason we didn't amend our proof of claim, the reason they

2  didn't seek to force us to amend the proof of claim is

3  because everybody was waiting to see whether all of our

4  appellate rights were exhausted.

5          THE COURT:  Absolutely.

6          MR. O'CONNOR:  Now they are.

7          THE COURT:  Yes.

8          MR. O'CONNOR:  So we agree, that we now have to

9  come before Your Honor.  We have to amend that proof of

10 claim.  And we have to plead our case before Your Honor.

11         So what is our problem with the motion?  The

12 problem with the motion is twofold; the timing.  And the

13 timing on that for us is the following.  We need in addition

14 to properly do this and plead and to file a more definite

15 statement, which we're again, willing to have Your Honor

16 apply in Rule 7012, we don't have an argument with that.

17         THE COURT:  Okay.

18         MR. O'CONNOR:  But again, this is not our claim.

19 We're in the very unique position of having to plead and

20 prove before Your Honor, the pension regulator's claim that

21 they would normally be pleading and proving before the

22 determination's panel.  So it's a little bit different than

23 the usual situation.  It certainly is not garden variety

24 plain vanilla.

25         Now what do we need to do then?  We need to have

1    consultation with our actuarial advisers with the PWC which

2    has been our advisors in connection with trying to assess

3    what the resources of the various U.S. debtors are.

4                    THE COURT:  Right.

5                    MR. O'CONNOR:  Our legal counsel, and

6    importantly, which I think people have not really focused

7    on, is we need to consult with the pensions regulator.  And

8    why do I say that?  We understood that we were barred and

9    enjoined, which we obviously obeyed the Automatic Stay

10   Order, from participating in any way, in the U.K. regulatory

11   procedure with respect to the U.S. debtors.  That doesn't

12   change the fact that under U.K. Law, it's the pensions

13   regulator that is responsible for regulating occupation

14   pension schemes like the NN UK scheme, and supervises the

15   trustees.

16                    And we have to make sure that whatever we do

17   here, we are not going to run into problems and have any

18   exposure in the U.K. for doing something that the pensions

19   regulator thinks was inappropriate.  For example, the issue

20   about the confidentiality.  That's not the -- that's not our

21   claim.  That's the pensions regulator that is saying that

22   some of this information can't be disclosed.  Again, to

23   plead things in the complaint, we need to be able to go in

24   and talk to the pensions regulator and make sure that we are

25   not going to be doing something that we get accused of

1   having done something improperly in the U.K.

2           Now the timing.  Unfortunately, the Supreme Court

3   only decided just two weeks ago.

4           THE COURT:  Right.

5           MR. O'CONNOR:  The month of July is unique this

6   year in London with the London Olympics.

7           THE COURT:  The Olympics, the end of July.

8           MR. O'CONNOR:  Everyone, I am told, is basically

9   either leaving London to avoid the Olympics.  August is

10  extremely unique in the U.K., in that the entire Court

11  system is closed for the entire month of August.  I'm

12  advised by our counsel in the U.K., that everyone gets a

13  toll for the entire month of August, of any deadlines with

14  respect to Court papers.  All the barristers are gone.  In

15  the U.K, the only year, the only month when every child is

16  off from school is August, so that everyone leaves for the

17  month of August.

18          It's just an inopportune time for us to be forced

19  into a case of this magnitude where it's not our claim.  We

20  have to consult with the pensions regulator and try to do,

21  you know, what we want to do, and that is to plead as

22  definite a statement as we can in terms of what the elements

23  of the claims are, in terms of what the amount of damages

24  are, to be put under the gun at this point in time.

25          And I would respectfully submit, Your Honor, that

1    I haven't heard, other than the general notion that we want

2    to move things along, which we agree with, we agree with

3    that as well.  What is the real prejudice to the debtors if

4    instead of having to have the definite statement filed by

5    August 15, for example, it was October 30, or some date in

6    between?  I just don't see where the claim of this magnitude

7    and the unique circumstances having just found out that we

8    do have to amend the complaint because we do have to plead

9    and prove this before Your Honor, rather than simply rely on

10   what happens in the U.K., we need the time to do that.

11   That's point one.

12            The second point, Your Honor, is the

13   documentation.  Number one, as I read Rule 3001(c), and

14   having read the cases, that rule is intended to apply to

15   cases where you are relying on a writing.  And if you look

16   at the commentary in the cases, that basically is a

17   situation where you're relying on a contract, you're relying

18   with a secured claim on a Security Agreement --

19            THE COURT:  A judgment, something of that nature.

20            MR. O'CONNOR:  A judgment.

21            THE COURT:  Yeah.

22            MR. O'CONNOR:  Maybe some invoices.

23            THE COURT:  Right.

24            MR. O'CONNOR:  But it doesn't apply to a case

25   like this when we're -- our claim is based upon the Pensions

1  Act of 2004.  It's not a writing.  Now there may be evidence

2  once we plead our case.  What we need to do is we need

3  under, if we're going to apply Rule 7012, our burden is

4  under Rule 7008 to give the parties a clear and concise

5  statement of our case.  And what we need to do is we need to

6  plead all the elements of our case.  We have to do that in a

7  way which is not conclusory.  But we don't have to prove our

8  case at this point.

9          If I were filing an adversary complaint in the

10 Bankruptcy Court, I would plead my case.  I wouldn't be

11 filing any evidence or any documents to support that.  Now

12 if the debtors want to move to dismiss our more definite

13 statement on the ground that we have -- we failed to state a

14 claim, and they're successful, then we're out of business.

15 But if we've stated a claim, we're entitled to take

16 discovery.  I can't tell you that we have all the documents

17 that would support our claim today.

18          THE COURT:  Sure.

19          MR. O'CONNOR:  We need to take discovery on that.

20          The other point, I think on this, Your Honor, is

21 that this whole idea of 3001(c), well, you know, if we did

22 have a requirement of attaching documents to the proof of

23 claim, and we failed to do that, the only result of that, is

24 that we lose the prima facie validity of the claim, and it

25 relieves the debtors of the burden of coming forward and

1  rebutting at least one element of our claim.  It still

2  leaves us with the burden of proving our claim by a

3  preponderance of the evidence.  So whether or not we had the

4  documents attached or not, wouldn't be a grounds for

5  dismissing our claim in its own right.

6          So having said all that, what I'm -- what we're

7  really asking for, Your Honor, is we want to amend our

8  complaint.  We want to plead a more definite statement.  I

9  think it's going to look like an adversary complaint,

10  frankly.

11          THE COURT:  Yes.

12          MR. O'CONNOR:  I think that's what it is, it's

13  going to be.  And as long as we plead what are the necessary

14  elements under the U.K. Law, that's what our requirement

15  should be.  And in terms of timing, all we're asking is

16  since July and August are basically dead to us, to have the

17  two months and give us to the end of October.  Given the

18  magnitude of the claim here, the uniqueness of the claim,

19  the complexity of having to deal with the regulator, we just

20  don't think that is an unreasonable thing to ask.

21          THE COURT:  All right.

22          MR. O'CONNOR:  Unless you have further questions,

23  Your Honor, that's our position.

24          THE COURT:  All right.  Thank you, Mr. O'Connor.

25  I'll hear back from the debtors and/or the committee and

1    then I'll tell you where we're going.  Yes?

2              MS. SCHWEITZER:  Thank you, Your Honor.  Lisa

3    Schweitzer for the debtors once again.

4              When I listened to Mr. O'Connor describe how

5    difficult it is to file a proof of claim this time because

6    of the status of the U.K. process, it just makes me step

7    back and say, wait, wait, two things.

8              First, two years ago, Your Honor ruled that that

9    process does not govern your claim.  You have to come to the

10   U.S. Court.  The fact that they chose to appeal that all the

11   way up to the Supremes and every Court along the way has

12   agreed, doesn't mean that it was within their, you know,

13   purview to just sit on their hands and not develop their

14   evidence during that time.  In fact, I don't actually think

15   they have sat on their hands and failed to take any thoughts

16   of developing evidence during that time.  Because my

17   understanding is that while the U.K. pension claimants were

18   not permitted to participate in those proceedings to put

19   evidence forward against the U.S. debtors, that they were,

20   in fact, present for all of those U.K. proceedings, and

21   because they were there against other Nortel affiliates.

22   And so they sat through that process.

23             THE COURT:  Well evidence has to have been

24   developed.

25             MS. SCHWEITZER:  Evidence absolutely was

1    developed.  Also, there's this warning notice that you see

2    it, we'll kill everyone.

3              THE COURT:  Yes, yes.

4              MS. SCHWEITZER:  We were told by the pension

5    regulator, true or not, we were told by the pension

6    regulator whose evidence it is, is someone just has to ask

7    them and they'll consent to it being shared.  And whether

8    it's shared under a condition or shared not under a

9    condition, you know, maybe they've rethought it, but they

10   have to ask, right?  And they probably should have asked

11   long ago.  It can't be that three and a half years into the

12   case, we're being told that now we need to start.  That this

13   is suddenly a surprise, and that there are all these reasons

14   that we have to step back.  At the same time, we're on our

15   third mediation session.  We've been talking about this

16   claims forever.  And we know PWC's engaged with it because

17   we ourselves have flown to London and had face-to-face

18   meetings with them several times over the last several

19   years, to talk to them about the claims and talk to them

20   about possible resolutions of the claims.

21              So it's not as if we're starting from ground zero

22   here, right?  And it's not as if, in our view, and again,

23   they can proceed at their own peril, but it's certainly not

24   our view that if they come in and say oh, look, look what

25   happened in the U.K., here are all the decisions in the U.K.

1    ta-da we're done, we think we -- that's a slam dunk.  Those

2    -- we did not appear.  Those decisions are not binding on

3    us.

4                THE COURT:  Right.

5                MS. SCHWEITZER:  They're welcome to get access to

6    those -- that evidence.  They're welcome to develop evidence

7    from any source they want over the last three years, but

8    they can't just walk in and hand those dispositive papers to

9    us.

10               Again, the confidentiality, I think is a red

11   herring.  We can solve for confidentiality.  They can solve

12   for confidentiality.  They don't need to give someone else's

13   documents.  They need to state a claim, right?

14               With respect to the Olympics, I mean, I don't

15   know.  TPR's in Brighten.  My co-counsel is sitting here in

16   London asking me if they're participating in the Olympics

17   because he can't even get tickets.  He says no one he knows

18   is going.  Either way, the point is this isn't really about

19   two weeks in July of whether people will be available for

20   two weeks in July, this is people have been given three

21   years to develop these claims.  We filed the motion June 11,

22   I believe, well before the Olympics started.  I mean, there

23   was Wimbledon.  I understand it's a busy month.  We've got

24   the All Star Game.  Like there's a lot going on, but on the

25   other hand, we do need to get the proofs of claims filed.

1    And there is prejudice that if it went into September or

2    October, and then you're looking to, you know, there's

3    Thanksgiving, there's Christmas Holiday, there's Boxing Day.

4    There's always going to be a holiday and a reason --

5                         (Laughter)

6              MS. SCHWEITZER:  -- that these have to stretch

7    on.  But really, we are at a point where days, and weeks,

8    and months count and it's the current theme across today.

9    And it really is very important for us to get these claims

10   moving.  We gave -- we offered another half month, but we

11   can't offer indefinitely on that.

12             On the Rule 3001 point of the document point, I

13   mean, I think I addressed that before that we're not looking

14   for every last scrap of evidence.  We're willing to put in

15   the order to say that you have to attach supporting

16   documents as required by applicable law or priority to the

17   Court so that it's not a predetermination.  But we also

18   don't think it's appropriate for them to ask a

19   predetermination on that issue.

20             And then one point I do want to make clear is in

21   bringing this motion, we are not seeking conversion to an

22   adversary proceeding.  We are not asking --

23             THE COURT:  I understand.

24             MS. SCHWEITZER:  -- them to file a complaint.

25   We're not invoking the entire adversary proceeding system.

1  What Your Honor has the discretion to do is take those parts

2  of the rules of evidence and parts of the -- I'm sorry,

3  parts of the bankruptcy procedure, and bring them into the

4  proof of claim setting.  So it's still a proof of claim --

5           THE COURT:  Just as we've done done with the EMEA

6  debtors.

7           MS. SCHWEITZER:  Exactly.  Just with the EMEA --

8           THE COURT:  Yeah.

9           MS. SCHWEITZER:  -- debtors.  It doesn't convert

10  it to a complaint, but it does have to plead like a

11  complaint.  Tell us your facts.  Tell us your claim.  Tell

12  us your law.  Tell us why you're suing us.  Set forth your

13  facts and if those are facts based on documents, identify

14  those documents and tell us why they're important, and if

15  they're relevant, attach them, right?  So I don't think that

16  we need to go past that.  I don't think we need to pre-

17  litigate that issue and particularly, when we don't know

18  what the claims would look like.  But I do want to make

19  clear that we were not seeking a sudden conversion of the

20  entire proceeding, we're just -- it's EMEA all over again.

21           THE COURT:  Okay.

22           MS. SCHWEITZER:  So with that, I'm not sure if

23  Mr. Hodara has anything else to add or --

24           MR. HODARA:  We have nothing to add, Your Honor.

25           THE COURT:  All right.  I have a question for Mr.

1    O'Connor on the documents because --

2            MR. O'CONNOR:  Thank you.  That will give me an

3    opportunity, hopefully, to at least say one thing.

4            THE COURT:  Oh, always, always, don't worry about

5    that.  But on the documents, I have to assume you submitted,

6    the trustees submitted, documents in connection with the

7    mediation, in connection with the proceedings before the

8    regulator.  Those are documents that must be assembled and

9    that you're in a position to submit.

10            MR. O'CONNOR:  Well, Your Honor, we were enjoined

11   from participating in the U.K. proceedings, so we did not

12   submit submissions there.

13            THE COURT:  Okay.

14            MR. O'CONNOR:  With respect to the mediation

15   statement, we certainly, I have to say, I'm trying to go

16   back and think, there may have been some documents.  I mean,

17   if there was a document that we had in our mediation

18   statement, I'd certainly consider if that's what they want,

19   although they have that document because we exchanged the

20   mediation statements --

21            THE COURT:  Oh.

22            MR. O'CONNOR:  -- with the parties.

23            THE COURT:  Well --

24            MR. O'CONNOR:  They have the warning notice.  I

25   mean, I'm not quite sure.  There's a lot of hullabaloo here

1  about them not knowing what this is all about.  But frankly,

2  they've had the warning notice, the same thing we have.

3  They have our mediation statement.  And, you know, I just

4  wanted to make one point in this is --

5          THE COURT:  Yes.

6          MR. O'CONNOR:  -- you know, I don't think the

7  debtors can have it both ways.  They can't say that we're

8  going to treat this as plain proof of claim that we check

9  the box, and fill the form, and we attach the contract to.

10 And at the same time, have you apply Rule 7012, which is

11 applied in the context of really a more formal type of a

12 pleading.  And you can't have it both ways.

13         And also, you know, they've cited no case in

14 their brief where a Court has done that and said, okay,

15 we're going to make you file a more definite statement and

16 at the same time, we're going to require under Rule 3001(c),

17 for you to attach to that more definite statement, some

18 general statement about all documents that support that.  I

19 mean, number one, as I said, there's no case under 3001(c)

20 that any Court has ever done that.  They apply to a

21 contract, you know, a note, something like that.

22         So this would be a, to my mind, a very novel

23 ruling by a Court to apply a more definite statement

24 standard under 7012 and somehow then require us to provide

25 all supporting documentation at this time when we haven't

1    had any discovery.  I understand as long as we can file our

2    claim, it states a legally cognizable claim, and they're

3    unable to dismiss that, then we'll be entitled to discovery.

4    And I think this is just an end run around discovery.  And

5    they have basically what we have now.

6              So I come back again, Your Honor, finally to this

7    is unique.  This is not your standard claim.  There are some

8    reasons why we do have to consult with particularly the

9    regulator.  And although they can talk about Boxing Day, and

10   Thanksgiving, and Christmas, we're not talking about that.

11   We're asking for a very limited additional period of time

12   for a unique and complex claim.  And they really have not

13   come forward with any evidence of any prejudice.

14             We all waited until after the Supreme Court had

15   denied cert to do something.  For the reason that, the

16   trustees are fiduciaries.  They have to report to what they

17   call the Bellows Court in the U.K. to justify their

18   expenditure of funds to prosecute these claims.  And, you

19   know, obviously, we were holding off going through the whole

20   process of taking on the burden of pleading and proving what

21   was the regulator's case, until we absolutely knew we had to

22   do that.  Thank you.

23             THE COURT:  Thank you.  Ms. Schweitzer?

24             MS. SCHWEITZER:  Your Honor, I'm getting sharp

25   elbows from my co-counsel being -- reminding me of one issue

1    which is on my paper I forgot to raise.  Which is that the

2    argument that they are incapable of filing amended claims is

3    belied by the fact that in Canada, amended claims, our

4    understanding, were filed in November of 2010.  And our

5    understanding was, did attach documents.  Certainly, in

6    Canada, our understanding is that they were guaranteed

7    claims that are contractual guaranteed claims, but that that

8    wasn't necessarily the limit of the claims.  That in

9    addition, there are these group liability type claims

10   asserted and that additional documents were attached.

11          And the other interesting aspect of that, of this

12   idea of I can only do this once I know that the process is

13   complete or in there it would be a process, but they, in

14   fact, filed those proofs of claims in Canada in November

15   2010, before the Supreme Court had actually ruled in Canada

16   that they had to go to Canada.  So this idea that I have to

17   wait, I only realized, that, you know, only when our Supreme

18   spoke is just contradictory to what happened in Canada both

19   in terms of timing and in terms of ability.  They had

20   ability two years ago.  We don't see why they don't have

21   ability now.

22          MR. O'CONNOR:  Your Honor, I'm sorry --

23          THE COURT:  No, no, Mr. O'Connor, I --

24          MR. O'CONNOR:  I just want to -- it's a

25   completely different story in Canada.

1           THE COURT:  Yes.

2           MR. O'CONNOR:  While that appeal was pending in

3    the Court, the -- Justice Morawetz essentially ordered us to

4    file those amended claims.  We didn't have a choice.  We

5    wouldn't have filed amended claims in Canada either.  And as

6    counsel indicates, those are very different claims.  A

7    substantial amount of those claims are based upon guarantees

8    that were also based upon the oppression remedy in Canada,

9    not simply what was going on in the U.K.  So it's a very

10   different situation.  Thank you.

11          THE COURT:  Thank you, Mr. O'Connor.  All right.

12   As far as timing is concerned, you know, Judges are always

13   asked to sort of make these difficult decisions on timing,

14   where it's, you know, obviously, it's other parties' lives

15   and other parties' schedules. I am very sensitive to the

16   Olympics.  I've seen on the news, you know, the missiles on

17   tops of buildings and that sort of thing.  And I'm -- I

18   wouldn't want to go to London or be in London during the

19   Olympics either, but that's just -- that's only two weeks

20   and it's not until the very end of July, first 12 days of

21   August, I think is when the Olympics are scheduled.

22          And what I'm -- my thought is to take those two

23   weeks out and to have the amended proofs of claim, let's

24   see, I was doing some calculating and I thought I had a

25   date.  And I'm terrible with a calendar, so I want to go

1  back to it, but it was the Wednesday after Labor Day that I

2  thought was appropriate under the circumstances, which would

3  be the 5th of September.  And that really ought to provide

4  sufficient time.  I know the Courts are closed, but that

5  doesn't mean that lawyers and other government officials

6  don't continue to operate and function and do business.  So

7  I think that September 5 is a realistic date for the filing

8  of the amended proof of claim, proofs of claim.

9        And as far as the attaching of documents or a

10 submission of documents, I think that that has to occur

11 here, too.  And I think that there are sources for doing

12 that.  It is as I've said, it's not the entire universe of

13 documents, but certainly it is -- it will provide a basis

14 upon which to determine whether or not the trustees' stated

15 a claim or the regulator, whoever it may be, has stated a

16 claim here.  And I can't specify what documents have to be

17 attached.  I can say that if documents aren't attached,

18 those documents that are not attached, obviously will not be

19 available to defend against a Motion to Dismiss on the basis

20 of failure to state a claim.  So it behooves the trustees or

21 regulator to attach -- to be as complete in attaching

22 documents as possible.

23        And then, I do think the case has to get moving

24 forward.  It's been a long time in -- on appeals and I am

25 well -- very sensitive to the fact that creditors are still

1    waiting for distributions after all this time and all this

2    money has been so ably generated from sales through hard

3    work of a lot of people.  And the money is just sitting

4    there and the people entitled to receive it are not.  And in

5    the meantime, the expenses of the case and they're

6    substantial here, just continue to grow.  So that's my

7    ruling as far as a date is concerned.  Mr. O'Connor?

8               MR. O'CONNOR:  Can I seek clarification on one

9    point, Your Honor?

10              THE COURT:  Come forward, sure.

11              MR. O'CONNOR:  On the documents, I have to say

12   I'm having a little difficult time thinking in my own mind

13   exactly what is encompassed by this.  Because when Your

14   Honor said we wouldn't have documents available to defend

15   against a Motion for Failure to State a Claim, I'm a little

16   unsure of that because you typically wouldn't have any

17   documents with respect to whether you state a claim.  What I

18   would be envisioning here is --

19              THE COURT:  Well what I meant is usually it's the

20   four corners of a complaint, you know --

21              MR. O'CONNOR:  Right.

22              THE COURT:  -- that parties talk -- speak to.

23              MR. O'CONNOR:  Absolutely.

24              THE COURT:  And for -- and here you will -- here

25   if you have documents attached, you'll be able to refer to

1  documents in defending against that sort of an effort.

2              MR. O'CONNOR:  Right.  But for example, I guess,

3  Your Honor, what I'm thinking of, a lot of the documents

4  that we may ultimately rely on to prove as opposed to state

5  our claim are in the possession of the U.S. debtors that we

6  don't have.

7              THE COURT:  Okay.

8              MR. O'CONNOR:  So, I mean, the problem with this

9  I'm envisioning, I want to make sure we're all on the same

10  page is we're laying out a complaint.  This is what the

11  elements are under the U.K. Statute.

12              THE COURT:  Right.

13              MR. O'CONNOR:  And this is the factual

14  allegations that we are making that support the relief being

15  granted.

16              THE COURT:  And they're -- and you're entitled to

17  the assumption of the truth of those statements.

18              MR. O'CONNOR:  Truth of those things.

19              THE COURT:  Right.

20              MR. O'CONNOR:  To the extent we have documents,

21  I'm not quite sure what the extent of those are going to be

22  because a lot of the documents that would, for example,

23  prove that NNI or NN CALA derived benefit from the NN UK

24  would be in the hands of the U.S. debtors.  I don't have

25  access those documents.

1                 THE COURT:  Okay.  All right.

2                 MR. O'CONNOR:  Now I want to raise one other

3    point, Your Honor, because this was a reference in the

4    debtors' brief and I want to make sure that I at least

5    address this and understand the debtors' position and what

6    Your Honor's position would be.  There was reference in the

7    debtors' brief about the fact that we -- it would be not

8    permissible for us to even make reference to the fact of

9    what happened before the determinations panel in the U.K.

10   regulatory proceeding.  For example, that the FSD's were

11   issued.  And for example, I assume that even if we would

12   have attached documents which had been submitted in the U.K.

13   regulatory proceeding.

14                 And I would point out, that in the opinion of the

15   Third Circuit, the Third Circuit specifically made the point

16   that they were not being asked at that point to decide to

17   what extent, if any, it would be appropriate for Your Honor

18   to give any weight to what happened and findings that were

19   made before the determinations panel.

20                 So it's certainly our intention in the course of

21   this proceeding, although this is not binding on you, and

22   it's null and void from the point of view of Your Honor's

23   order, to be able to introduce that type of evidence.  And,

24   Your Honor, will give it whatever weight you think is

25   appropriate.  But I don't think it's in any way a violation

1   of the Automatic Stay Order to be able to refer to those in

2   the context of us trying to plead and prove our case before

3   you.

4            THE COURT:  I don't think I'm going to decide

5   this issue today, but I'll -- certainly, I understand.  I --

6            MR. O'CONNOR:  Yeah, I just didn't want to plead

7   something and then have -- being accused of doing something

8   in violation of the Automatic Stay Order.

9            THE COURT:  Understood.  All right.  Ms.

10  Schweitzer, do you take -- I know you may take a different

11  view about my consideration of such evidence, but --

12           MS. SCHWEITZER:  Right.  Absolutely.  I don't

13  think we said it's a violation of the Automatic Stay.

14           THE COURT:  Okay.

15           MS. SCHWEITZER:  We said it has no effect.  But

16  on the other hand, on the cake and eat it, too, issue of if

17  that is your evidence and you're saying there was a warning

18  notice issued and that's the basis of my claim, that's

19  exactly the documents you would normally attach, right?  So

20  if the warning notice in the FSD --

21           THE COURT:  Those documents, yes.

22           MS. SCHWEITZER:  -- those are the documents

23  you're basing your claim on, those should be attached, full

24  stop, end of sentence.

25           MR. O'CONNOR:  Okay, Your Honor, look, I'm happy

1   to attach it.  They have the warning notice.  My point is

2   this open ended --

3           THE COURT:  I --

4           MR. O'CONNOR:  -- idea of any documents that

5   support your claim, that's impossible to comply with

6   because, you know, we can say, sure, we have the warning

7   notice.  This is what happened before the determinations

8   panel.  There may be some documents we have, but the vast

9   majority of the documents are not under -- within our

10  control.  They will get those in the course of discovery,

11  provided we've been able to state a claim.  That's our

12  obligation to state a claim, not to prove it.

13          THE COURT:  My ability to be more helpful to you

14  is somewhat limited, because -- but it seems to me that the

15  regulator did not issue a warning notice without some

16  evidence.  So the extent you're even referring to a warning

17  notice or the trustee is referring to warning notice, I have

18  to imagine that those documents that generated that warning

19  notice would be available and would be attached.  That's the

20  kind of -- I think that's the kind of evidentiary

21  information to be attached.

22          MR. O'CONNOR:  I have no problem with that, to

23  extent, number one, they have the warning notice, but we can

24  attach the warning notice.  To the extent that there may be

25  documents that the regulator has that they haven't even

1   shared with us, so I can't tell you that everything that was

2   before the regulator, we have access to.  One of the reasons

3   again, why we needed time to consult with the regulator to

4   determine what we could use, what we have, and what we don't

5   have, but we'll do our best, Your Honor.

6                THE COURT:  I understand, Mr. O'Connor.  That's

7   all that can be asked.

8                MS. SCHWEITZER:  Right.  Thank you, Your Honor.

9   And on that, obviously, we're being told a hundred times we

10  have documents, we'd like them actually to be filed so

11  they're in the record, right?  That it's not our secret

12  vault of documents, but I agree.

13               The one thing I was going to offer to hand up to

14  Your Honor, which I just showed to Mr. O'Connor, is just the

15  revised order which would have the caveat that I explained

16  which is the supporting documents need to be attached are

17  the ones required by applicable law and prior orders of the

18  Court, just so that there's no concern that we've -- you've

19  now ruled that we need to attach emails or things that we

20  have, or something, that there's something larger than that.

21  I also have an order with a blank date to be filled in for

22  the date.  You're welcome to fill it in or if you'd prefer

23  typing, we can flip one over lunch.

24               THE COURT:  I'll fill that in.  Sure, I'll fill

25  that in.

1              MS. SCHWEITZER:  Okay.

2              THE COURT:  That's no problem.

3              MS. SCHWEITZER:  May I approach?

4              THE COURT:  Yes.  I don't know if Mr. O'Connor

5   has any concern with the form of notice or the language.

6              MR. O'CONNOR:  Your Honor, the only point, I

7   don't know, frankly, what that means, applicable law.  And

8   I've told you, applicable law says we don't have to attach

9   anything.  So I'm not quite what that means.  All I can say

10  is we're going to do our best to attach what we think we

11  have, but I don't think that really adds much to the order.

12  Thank you.

13             THE COURT:  Maybe I'll think of something.  Thank

14  you, Ms. Schweitzer.  Now -- thank you.

15             MS. SCHWEITZER:  And this is a black line.

16             THE COURT:  Oh, good, okay.  And I'll take care

17  of that during lunch.

18             There's one thing I would like the parties to

19  discuss over lunch.  And I know it's a little bit -- one

20  matter we haven't even addressed which is the retiree

21  matter.  But having listened to the parties, I want to get

22  things moving and I need to get things on the calendar.  And

23  I would like parties to the extent possible, even if we have

24  to take a few extra minutes, can discuss potential hearing

25  dates with the U.K. pension issues.

1          And with the retirees, I must say, that is a

2   matter that's been pending for a long time.  And I have in

3   mind, I think at some point, somebody talked about

4   potentially a Motion for Summary Judgment on -- there.  But

5   absent the Motion for Summary Judgment, I would want to have

6   the trial or the evidentiary hearing, how ever we're going

7   to proceed, early.  I'm going to direct, for example, that

8   the Motion for Class Certification be filed in ten days and

9   or not --

10          MR. ABBOTT:  It's been filed, Your Honor.

11          THE COURT:  Oh, it has been filed now?  All

12   right.

13          MR. ABBOTT:  It was filed yesterday.

14          THE COURT:  Oh.

15          MS. SCHWEITZER:  Your Honor, just to clarify the

16   record is that this is the deferred compensation claims,

17   right.

18          THE COURT:  Deferred comp, yes, forgive me.

19          MS. SCHWEITZER:  So just so the record's clear.

20          THE COURT:  Thank you.

21          MS. SCHWEITZER:  But there the next step is the

22   Motions to Dismiss have been filed.

23          THE COURT:  Okay.

24          MS. SCHWEITZER:  And we filed ours on Monday.  We

25   had expected theirs on Monday, they filed it Tuesday, so

1   we're -- those briefs are filed, but that would be the next

2   hearing and we're happy to count up the days of the briefing

3   cycle and put that next hearing date on the calendar as

4   well.

5              THE COURT:  Okay.  Well I'm going to hear those,

6   both those motions, I think, I think we have a hearing what,

7   around August 19?

8              MS. SCHWEITZER:  I have to look.  I, off the top

9   of my head --

10             THE COURT:  Ms. Cordo --

11             MS. SCHWEITZER:  Do you have the briefing

12  schedule?

13             THE COURT:  Try and talk about some dates

14  because --

15             MS. SCHWEITZER:  Yes.

16             THE COURT:  -- let's get things really moving

17  here --

18             MS. SCHWEITZER:  Yes, absolutely.

19             THE COURT:  -- on a fast track.

20             MS. SCHWEITZER:  Absolutely, Your Honor.

21             THE COURT:  And if the mediation is successful,

22  there's no reason.  I know, Mr. Dorsey and I on other

23  completely separate matters, I want to assure you, have

24  talked about the fact, I think it's Mr. Dorsey, that, you

25  know, you have a negotiation team and you have a litigation

1  team and you can't necessarily mix the two because it

2  doesn't always work that way, but that's what I have kind of

3  in mind at this point, is we'll litigate and we'll mediate.

4           MR. O'CONNOR:  Your Honor?

5           THE COURT:  Mr. O'Connor, sir?

6           MR. O'CONNOR:  I just want to make sure.  A

7  moment ago, I thought you made reference to some dates about

8  the U.K. Trustee Motion where you --

9           THE COURT:  I was not mentioning any dates --

10          MR. O'CONNOR:  Okay.

11          THE COURT:  -- as to you.

12          MR. O'CONNOR:  Okay.  I just wanted to make sure

13  because --

14          THE COURT:  No, no.

15          MR. O'CONNOR:  -- if it's all right with Your

16  Honor, I'm going to excuse myself and I didn't want to leave

17  if there was some other issues still on the table.

18          THE COURT:  If you just -- all right.  We can

19  talk about that -- you can talk about that later and call

20  chambers and sort of indicate what I should be reserving.

21          MS. SCHWEITZER:  Absolutely.  For the U.K.

22  pension claims we can -- now that we know that the -- when

23  the brief -- I'm sorry, when the proofs of claim are coming

24  in, we can look at our calendar as well and then have a

25  better view.  But we're happy to talk to Mr. O'Connor as

1  appropriate to figure out the next layer of schedules.

2            THE COURT:  Very well, okay.

3            MS. SCHWEITZER:  We won't keep him in Delaware.

4  It's lovely here today, but we'll allow him to catch his

5  Amtrak train.

6            MR. O'CONNOR:  I always love to be in Delaware.

7  Thank you, Your Honor.

8            THE COURT:  Go play a round of golf, Mr.

9  O'Connor.

10            MR. O'CONNOR:  Yes, thank you.

11            THE COURT:  It's been that kind of day.

12            MR. O'CONNOR:  Yes.

13            THE COURT:  Anything further before take a lunch

14  recess?

15            MS. SCHWEITZER:  No, Your Honor. So it just -- so

16  I believe what's on the record, I mean, what's up for

17  hearing after, will be the Deferred Compensation Motion --

18            THE COURT:  Yes.

19            MS. SCHWEITZER:  -- and the two tax disputes.

20            THE COURT:  Okay.

21            MS. SCHWEITZER:  And I think we're done with the

22  EMEA status conference.

23            THE COURT:  All right, very well.

24            MS. SCHWEITZER:  So it's just those three issues.

25            THE COURT:  All right.

1          MS. SCHWEITZER:  All right?

2          THE COURT:  All right, that's helpful.  Shall we

3  say just to give people a little bit of time to actually

4  digest their food, do you want until 1:30 or would you like

5  to back sooner?  I'm here and I can be available, you know,

6  any time.

7          MS. SCHWEITZER:  1:30 is good, Your Honor.

8          THE COURT:  All right.  Then we will be back at

9  1:30.  You may leave your things in the room, we'll lock the

10  doors, if you'd like.

11          MS. SCHWEITZER:  Thank you, Your Honor.

12          THE COURT:  And enjoy lunch and I'll see you at

13  1:30.

14          MS. SCHWEITZER:  Thank you, Your Honor.

15          THE COURT:  Thank you.

16          (Recess from 12:14 p.m. to 1:33 p.m.)

17          THE CLERK:  Please rise.

18          THE COURT:  Thank you, everyone, please be

19  seated.  And we are ready for the afternoon session.  Mr.

20  Bromley, whenever you're ready, sir.  Take your time, but

21  whenever you're ready, I'm ready.

22          MR. BROMLEY:  Thank you, Your Honor.  James

23  Bromley for Clearly Gottlieb on behalf of the debtors.

24          We -- when we -- I think when we adjourned, we

25  were talking about a slightly different order.

1           THE COURT:  Yes.

2           MR. BROMLEY:  And that was going to start with

3   the Deferred Comp Procedures Motion and then go to the two

4   Tax Motions.  After we adjourned, one of the counsel for one

5   of the Tax Motions has asked if we could try to reverse the

6   order so that we deal with the two Tax Motions first and

7   deferred comp second and we've agreed to that, so --

8           THE COURT:  Okay, I have no problem with that.

9           MR. BROMLEY:  Thank you, Your Honor.  Let me just

10  set the stage, if you --

11          THE COURT:  Which one are we doing?  Which one

12  are we doing?  Which of the tax matters?

13          MR. BROMLEY:  There are -- these are Items 8 and

14  9 --

15          THE COURT:  Yes.

16          MR. BROMLEY:  -- on the agenda letter.  And if I

17  can just confirm that counsel for Michigan Treasury are on

18  the phone?

19          MS. DIETZ:  Yes, Allison Dietz and Heather Donald

20  are present.

21          THE COURT:  Very well.

22          MR. BROMLEY:  So, Your Honor, we have two

23  motions.  No. 8, a motion with respect to the State of

24  Virginia, Request for Abstention where Virginia is the

25  movant and the second is a motion by NNI for a Preliminary

1   Injunction.  And if we could, we'll start with Michigan --

2              THE COURT:  Okay.

3              MR. BROMLEY:  -- where the debtors are the

4   movants and then move to Virginia.

5              Your Honor, in connection with -- and so now I'll

6   just start at No. 9 on Michigan, Your Honor.

7              THE COURT:  Sure.

8              MR. BROMLEY:  As Your Honor is aware, the Nortel

9   debtors conducted business throughout the world.  The Nortel

10  U.S. debtors conducted business in every one of the 50

11  states and in Puerto Rico.  And as a result, were

12  responsible for filing tax returns in every one of those

13  domestic jurisdictions.

14             We've had, to date, over 200 proofs of claims

15  filed by various taxing jurisdictions.  And we've been

16  working very hard to resolve as many of them as possible.

17  And in addition, we also had a number of tax claims that had

18  been filed by the federal government, the Internal Revenue

19  Service.  And as Your Honor is aware, we did have a bit of

20  excitement early on in the case with the IRS, and

21  successfully, frankly, resolved two major issues with the

22  IRS, both to allow the enterprise transaction to go forward,

23  generating $900 million for the estates, and also to deal

24  with that very nebulous world of transfer pricing between

25  the competent authorities of Canada and the United States,

1  and that led to the allowance of a $2 billion claim against

2  the Canadian estates and a corresponding adjustment of

3  Nortel U.S.'s revenue.  And it's worthwhile focusing on that

4  for a moment because it does play into the Michigan

5  situation.

6           Your Honor, as you recall, from the Years 2000 to

7  2009 on the filing, the Nortel entities around the world

8  were part of a transfer pricing mechanic or mechanism that

9  allocated income to different jurisdictions trying to

10 account for on an arm's length value basis where

11 transactions took place and should be taxed.

12          The Internal Revenue Service had taken the point

13 of view that the methodology that was used by the Nortel

14 Group of companies, particularly for the Years 2000 to 2005

15 was flawed.  And that gave rise to an adjustment of income,

16 a $2 billion adjustment of income.  That was an adjustment

17 that took place with the IRS in the United States,

18 negotiating with, and working with the CRA, the Canadian

19 Revenue Authority, their version of the IRS, to determine

20 where it was appropriate to tax income.  And whether it

21 should be taxed in the United States and, therefore, we're

22 down to the benefit of U.S. taxpayers or taxed in Canada and

23 we're down to the benefit of Canadian taxpayers.

24          The methodology that was adopted in 2000 was a

25 methodology that was different than the methodology that

1   existed before that time.  The methodology that existed

2   before that time was a cost plus, a very -- a more

3   simplistic approach to allocating revenue and income to

4   different jurisdictions.

5           So Nortel around the world, filed tax returns for

6   the Years 2000 to 2009, based on the transfer pricing

7   methodology that was adopted as of 2000.  And the IRS and

8   the CRA both recognized that for the Years 2000 to 2005,

9   there were problems with that methodology.

10          The system that takes place between countries on

11  transfer pricing, takes place pursuant to treaty.

12          THE COURT:  Right.

13          MR. BROMLEY:  And these two groups, have within

14  their department, something known as the competent authority

15  in each jurisdiction.  They then talk to each other and come

16  to a conclusion, occasionally talking to the taxpayers about

17  what should be or shouldn't be income in various

18  jurisdictions.  And Nortel, both in Canada and the U.S.,

19  submitted massive amounts of documentation to both the IRS

20  and the CRA about these adjustments in income.  The end

21  result was that there was an over allocation of revenue and

22  income to Canada for the Years 2000 to 2005.  And as a

23  result, the U.S. underreported its income to the IRS during

24  that period of time by an amount of $2 billion.

25          Part of the settlement that was adopted, and that

1    was negotiated and approved by this Court at the end of

2    2009, required that we get a claim against the Canadian

3    debtors for $2 billion.  Correspondingly, we needed to amend

4    our tax returns here in the United States and re-file the

5    tax returns for those periods.  And of the $2 billion, we

6    basically took $600 million a year for five years and we

7    then readjusted it, re-filed these tax returns.  That flows

8    through this entire system that Nortel has in place for

9    filing these tax returns in every one of the individual

10   states.

11                THE COURT:  Right.

12                MR. BROMLEY:  Because the income that's reported

13   in the state is based on the income that's reported to the

14   federal government.

15                So what we had to do was once we got the $2

16   billion claim against Canada, we had to re-file tax returns

17   in the United States.  That, on the federal level, resulted

18   in a substantial degradation of the net operating loss

19   carry-forward tax shelter for income that the United States

20   entities have under the federal tax laws.

21                It also required that we go back to each of the

22   states and re-file tax returns.  And as you might imagine,

23   what it then did was once you say okay in the United States

24   there was $2 billion of unreported income, then you have to

25   figure out which of the 50 states, plus Puerto Rico, get

1    parts of that reallocated income.

2           So we had to do a couple of things.  We then --

3    we had filed tax returns and there were certain challenges

4    that had been made about those tax returns that had been

5    based on the prior methodology.  Once the settlement was

6    reached with the CRA and the IRS, and we got our $2 billion

7    claim, we had to re-file.  Because tax claims and issues

8    take awhile to be resolved, they hadn't been fully -- the

9    existing challenges hadn't been fully resolved.

10          We then had to re-file the tax returns.  And that

11   meant that in many jurisdictions, we had to pay more tax.

12   Some we didn't have to pay more tax, some it didn't change

13   it.

14          It relates to this exercise because when we're

15   talking about the Michigan situation, some of the situation

16   that we're talking about is that we had to go back and amend

17   certain tax returns and some things changed.

18          That's the background of kind of the complexity

19   of the Nortel tax universe.  And if you take that tax

20   universe and say we've got 51 domestic jurisdictions, plus

21   the federal government, 52 in total, we have 200 pre-

22   petition claims, a number of them resolved, a number of them

23   still open, and the fact that we have post-petition tax

24   returns that needed to be filed as well, all of which are to

25   be paid in the ordinary course and challenged in the

1    ordinary course, we've got a fairly complex set of issues

2    relating to taxes.  And up to this point, Your Honor, we had

3    not really come to you to talk about tax issues since really

4    our last adventure with the IRS.

5              When you look at the set of issues that we have

6    left in this case though, we have employee issues and we've

7    talked a lot about those and we'll continue to.  We have the

8    EMEA claims and the U.K. pension claims, but we also have

9    tax issues.  And when you sit and you look at the Virginia

10   and the Michigan materials that are before you, it really

11   focuses, at least for these two relatively small dollar

12   amount claims, on the substance of what we're trying to deal

13   with and why we believe that this Court is the right place

14   to deal with all of them.  And that it's very important that

15   we keep this going on a steady -- in a steady state.

16             One of the other things that is important to

17   know, Your Honor, is that as we've been working to resolve

18   all of our claims, we've also been winding down the

19   operations of the debtors.  And the number of employees at

20   the debtors has been decreasing substantially.  And we're

21   now in the tens of employees, not hundreds or thousands.

22   And we believe by the end of the year, could be down to the

23   single digits, managing a very large set of assets with the

24   help of outside advisors, obviously.  But in terms of the

25   individuals who are actually employees of the company with

1    signing authority and responsibility, the number is

2    shrinking on a daily basis.

3         And that really brings us to the State of

4    Michigan.  The State of Michigan is a -- was one of the

5    jurisdictions that Nortel did business in.  And we have

6    filed a motion for a preliminary injunction against the

7    State of Michigan taking actions with respect to certain

8    employees.

9         It is not uncommon for state and federal taxing

10   laws to include within them, certain provisions that purport

11   to hold individuals, officers usually, responsible for the

12   tax obligations of the underlying debtor entity.  And in

13   many respects, when you're looking at those provisions in

14   the different taxing laws, there is a question that is out

15   there which is what exactly are these laws intended to do?

16   Are they intended to provide an alternative opportunity for

17   the state or federal entity to obtain recovery on the taxes

18   from an individual?  Is it really intended to provide an

19   alternative means of making the debtor pay?  And that's

20   really where we come into this.

21        I will go into a little bit of detail because I

22   do think that one of the issues we're facing with the State

23   of Michigan is that they haven't followed their procedures

24   on how to go about doing this.  They haven't done it in a

25   fashion that is dependable in the sense of we keep finding

1    things out.  We seem to be talking to some people at the

2    State of Michigan and yet coming around the bend from an

3    alternative source are additional forms, assessments,

4    letters, attempts to collect.

5          Even this morning, Your Honor, when we were

6    getting ready for the hearing, we had sent to us notices of

7    intent to assess that had been sent to a former employee

8    that just arrived this morning.  And last week, we got --

9    and they did not come to us as counsel to the debtors,

10   notwithstanding the fact that this motion was open and

11   pending, asking for very specific relief relating to that

12   individual.

13         We also last week were -- and that person is

14   Jeffrey Wood.  He's a former director of tax.  He no longer

15   works for Nortel.  He now works for Ernst & Young, but

16   continues to provide support to the Nortel tax system

17   through his retention by Ernst & Young.

18         Last week, we were informed by an employee who

19   left the employ of the company over two years ago, that he

20   had separately received notices from the State of Michigan

21   relating to certain taxes.  And I'll get into the substance

22   of those taxes in a moment.

23         Again, we had not been informed by the State of

24   Michigan that they were attempting to locate Mr. Paul Carr,

25   another employee.

1              A former employee, Ms. Clare Barbieri, had been

2    pursued last year.  The pursuit had been dropped.  It was

3    then taken up again and then dropped again. She's had to

4    hire lawyers twice.  We've had to pay for those lawyers.

5              Mr. Stough, who currently is employed by the

6    debtors, has also received these notices.  Again, they're

7    not the right notices in the right form at the right time,

8    but nevertheless, he's gotten them.  He works for the

9    company right now.  We don't believe that they followed the

10   rules in terms of their own rules to determine who might be

11   responsible and how they might be responsible.

12             Indeed, one element of this is the State of

13   Michigan on the pre-petition claims filed proofs of claim

14   for pre-petition amounts.  They then filed pre-petition

15   claims for interest and penalties.  We objected to the pre-

16   petition claims for interest and penalties and they withdrew

17   them with prejudice.  We know we can't collect them.  Every

18   one of those individuals I've mentioned to you, Your Honor,

19   they are pursuing for those very same interest and penalties

20   that they have withdrawn the claims as to the debtors.

21             Every one of those individuals we have an

22   absolute obligation to indemnify.  So we are currently

23   paying for their lawyers and will have to pay for any

24   assessment that is made and any collection that's attempted

25   by the State of Michigan against those individuals.  So

1   while the automatic stay right now clearly prevents the

2   State of Michigan from pursuing any of our -- any of the

3   debtors for these pre-petition amounts, and absolutely bars

4   them from attempting to collect interest and penalties on

5   the pre-petition amounts, they are out going after at least

6   four, and based on our experience, who knows how many more

7   because they don't tell us, individuals who had worked for

8   the debtors.

9           And so right now, we are in the midst of four

10  simultaneous representations paying for every one of them

11  against the State of Michigan, all to collect amounts that

12  they are barred by the automatic stay from collecting from

13  this debtor, and as to interest and penalties that they are

14  absolutely barred and, indeed, have withdrawn their proof of

15  claim in respect of, with prejudice.

16          So when you look at the pre-petition amounts,

17  Your Honor, we've got this very odd situation here which is

18  they can't come against us, but they can come against their

19  -- the officers or the employees.  In their papers, in

20  opposition to our Motion for Preliminary Injunction, they

21  say well, you know what, the debtors are asking for an

22  agreement that the debtors -- that the State of Michigan

23  will not collect collection actions.

24          Now admittedly, we use that term in a generic

25  sense.  And they said, well, you know what, we're allowed to

1   assess against debtors, right?  There's an exception to the

2   automatic stay, that assessment against debtors.  And what

3   we're doing is we're continuing to assess.  So what we have

4   the right to do against these individuals is we can track

5   them down, we can put the noose around their neck, and we

6   can put them up on the gallows, but we're not going to pull

7   the trigger.

8           Well that I find a little bit interesting because

9   so far they have not been able to tell us who they're going

10  after.  They've not been able to tell us how they're going

11  after them.  They haven't been able to fill out their own

12  forms and follow their own procedures.

13          Indeed, last week, we got a notice of assessment

14  against the debtors for a post-petition period.  The post-

15  petition period tax returns for 2010 and 2009.  The tax

16  returns filed both said that the address is in North

17  Carolina.  They sent the notice of assessment to Texas to a

18  facility we sold over a year ago.  Notwithstanding that the

19  tax returns say that we're now located in North Carolina.

20  They didn't send it to counsel.  Notwithstanding the fact

21  that we're suing them on this very matter.

22          I don't trust the State of Michigan to not

23  execute these people.  I don't trust them to not go after

24  their assets, to not seek to get -- to enforce, to collect,

25  to assess, to do anything.  Based on the behavior of the

1   State of Michigan to date, there's no basis for us to

2   believe that they could stop short.  And I don't want them

3   to come back and say I'm sorry, it was a mistake, but we've

4   actually ruined the credit rating and the responsibility of

5   these individuals.  Because you know what, we have to

6   indemnify those individuals and I don't know exactly what

7   we're supposed to do if one of these individuals comes to us

8   and says, you know what, I've had a higher interest rate on

9   my next car loan.  Or I've had someone deny credit here or

10  there because I've got some assessment against me by the

11  State of Michigan.

12          And it's important to put this in context, right?

13  The State of Michigan has enacted a law.  They've enacted a

14  law notwithstanding the fact that there's another law called

15  the U.S. Constitution, Article 1, Section 8, which says that

16  congress shall enact uniform laws on bankruptcies.  In the

17  same section where it says congress shall enact uniform laws

18  on citizenship.

19          So it's not like this isn't a supremacy clause

20  issue, it is.  So when you're sitting here looking at what

21  the State of Michigan has done, the State of Michigan has

22  enacted a no fault provision in their law.  It says that if

23  you're an officer of the company, you're responsible for

24  those taxes.  Whether or not you've had any role whatsoever

25  in filing those taxes or not filing them or paying them or

1   not paying them.

2           Now I could see if this was a situation where you

3   own a corner drugstore.  And the individual is essentially

4   the company.

5           THE COURT:  Right.

6           MR. BROMLEY:  Right?

7           THE COURT:  Right.

8           MR. BROMLEY:  But that's not what we have here.

9   We have the automatic stay, a large international

10  corporation paying taxes in 51, 52 U.S. jurisdictions

11  involved in all of these weird treaty relationships around

12  the world.  These individuals are not people who have made

13  any decision to pay or not pay.

14          Michigan Laws also provides that the

15  responsibility of these individuals is entirely derivative

16  of the responsibility of the debtors.  And if the debtors

17  are not responsible for these, under law, under Bankruptcy

18  Law, than the individuals cannot be held responsible.

19          So what we have, Your Honor, is a situation where

20  the State of Michigan wants to be able to avoid the impact

21  of the automatic stay.  They want to hold our employees,

22  former and current, hostage.  And they want us to pay for

23  the claims, including claims for interest and penalty that

24  they've walked away for here.  And if we have four separate

25  proceedings going against four individuals right now, now

1   granted, they've withdrawn the action as to Ms. Barbieri,

2   but they already did that once and started it again, so I

3   can't tell, maybe they've already restarted it.  Or they

4   might find someone else that they want to start it against.

5          We are faced with also the problem of having the

6   potential for the facts of these assessments, and these

7   collections, and these tax obligations to be dealt with in

8   the administrative process in Michigan.  So not only are we

9   paying for the fees and expenses of them to litigate it and

10  protect their good names, if it gets passed the initial

11  stages and it actually has to be litigated on the merits,

12  then we have the potential of dealing with collateral

13  estoppel issues.  So we would have the choice of either not

14  intervening and then being -- and relying on this Court to

15  not pay any attention to that, or intervening because we

16  don't want any decisions to be made on facts and

17  circumstances that we believe are properly before this

18  Court.

19         So when you step back, and you say, okay, on the

20  one hand, these people are non-debtors and that's what the

21  State of Michigan says, they are not subject to this Court's

22  jurisdiction, therefore, we shouldn't be dealing with them.

23  And it's not -- we don't have standing, the State of

24  Michigan says, to try to protect their rights.

25         We are not looking to protect their rights.  We

1  are currently paying out of pocket, their legal fees.  We

2  are currently engaged in dealing with every bit of this on

3  behalf of the U.S. debtors.  Because if we have to litigate

4  these issues, if those individuals have to litigate those

5  issues in Michigan, we are going to have to litigate them.

6  And on interest and penalties, they're not allowed to

7  collect them here.

8          So if there is a decision in Michigan that says

9  that notwithstanding the fact that we can't pay them here,

10  that those individuals have to pay interest and penalties,

11  we will have to indemnify them.  And that is the absolute

12  back door entry to get interest and penalties paid by the

13  U.S. debtors.  Because if they can't get them directly from

14  us, but they can get them from our employees, and we have to

15  pay our employees --

16          THE COURT:  Um-hum.

17          MR. BROMLEY:  -- because we don't have the same

18  issue.  We have a current obligation to indemnify those

19  people.  And they wouldn't work for us if they wouldn't --

20  if we didn't do that.  Then this is nothing other than a

21  farce.  This is not respect for the automatic stay.  And it

22  is not some sort of independent right against someone that

23  is independently liable.  The liability is entirely

24  derivative and it's no fault under Michigan Law.

25          Now it's interesting where we are because there's

1    two worlds, right?  We have the pre-petition world and the

2    post-petition world.  So when you sit there and you look at

3    the post-petition world, we have filed 505 determination

4    letters with the State of Michigan.  We sent them a check

5    and we sent them a letter.  And we said this is how much we

6    think we owe you from 2009.  If you don't agree with it,

7    tell us and object and follow the procedures.  We did the

8    same thing for 2010.  The deadline's passed and they said

9    nothing, absolutely nothing.  The notices of assessments

10   that they sent to the wrong address that we only got last

11   week, those notices of assessment were not sent within the

12   timeframe set out in the 505.

13              THE COURT:  Okay.

14              MR. BROMLEY:  And, indeed, it took them like 45

15   days after we pointed that out to them to actually send it

16   to the wrong address.  Those amounts are done.  We sent them

17   a check.  We don't owe them anything more.  We told them

18   they needed to tell us whether they thought we owed anything

19   more.  And they had to do it within a specific timeline.

20   We're in a liquidation mode here.  We're trying to wrap

21   things up.  The fact that they didn't notice that they had

22   deadlines, shouldn't bear at all on the process.

23              And the reason I bring it up, Your Honor, is

24   because we had -- we were very close to a settlement.  We

25   were sitting and talking to Michigan and we said here's what

1    we'll do.  In order to get you to stop badgering our

2    employees, we will agree that your pre-petition claim

3    without interest and penalties will be allowed in full and

4    paid immediately at 75 cents on the dollar.  Now, obviously,

5    it was subject to the Court's approval, but we thought it

6    was worthwhile to go down that road.  And we were told by

7    the State of Michigan that sounded good.

8              We started exchanging documentation on the --

9    settling that. And we built into that documentation a

10   statement that says, oh, and this deals with everything,

11   including the post-petition amounts.  Then they noticed that

12   the 505 letters had gone out and they had missed the

13   deadline --

14             THE COURT:  Um-hum.

15             MR. BROMLEY:  -- to file claims with us to tell

16   us that the amounts that we paid were not enough.  Then they

17   said we'll only go forward with the pre-petition settlement,

18   the one that we thought sounded good, admittedly, they

19   didn't sign it.  If you deal with these post-petition

20   assessments, assessments that they hadn't made, but amounts

21   they told us they were going to assess, we said, how could

22   we do that in good conscience, right?  We sent you this

23   notice.  We told you, you needed to tell us.  Then they sent

24   us what they said was their excuse.  They said well when you

25   sent us that, we sent you a notice back that said we don't

1    treat this as a 505 determination letter, we see this as a

2    request for confirmation of payment.  And if you'd like to

3    confirm that you've paid, please dial this 800 number.  Now

4    I'm not making this up.

5              So we sent them hundreds of thousands of dollars.

6    They sent us a form letter back that said if you want to

7    know if you paid, dial this 800 number.  We know we paid.

8    We sent you a letter with a check.  And now you've just

9    noticed that you missed a deadline.  Well bad for you, but

10   not bad for us.  And you can't continue to hold our

11   employees hostage.

12             And, indeed, what they've done as a result of it

13   is they've stepped up their efforts.  They've started going

14   after these people for post-petition assessments as well.

15   Notwithstanding the fact that they haven't exhausted their

16   rights on the post-petition amounts, right?  They haven't

17   proceeded in this Court to try to collect.  There's no

18   automatic stay with respect to post-petition amounts.  And

19   that's why we filed our complaint to say they don't -- we

20   don't owe them another dime on post-petition.

21             So we're sitting here with a situation where

22   there's nothing other than outright harassment of our

23   employees in order for them to do two things; to get paid

24   interest and penalties on pre-petition claims that they're

25   not entitled to be paid, and to make up for the fact that

1    they missed the deadline on their 505 determination letters.

2              We're not talking about a lot of dollars here,

3    but we're talking about 52 taxing jurisdictions.

4              THE COURT:  Right, right.

5              MR. BROMLEY:  And every one of these tax returns

6    that gets filed by anyone, and is signed by anyone, they're

7    putting their personal credibility on the line and their

8    personal credit ratings on the line.  And, you know, the

9    fact that the State of Michigan can't get themselves

10   together and figure out how to get the right things to the

11   right people at the right times is not our responsibility.

12             So when we're sitting here trying to, you know,

13   look at this from a fair perspective, it's not like we did

14   this overnight.  We've been talking to them for months.  And

15   the materials that we submitted to the Court show that there

16   have been constant and iterative communications with

17   Michigan to try to resolve this.  But we've been left really

18   with no alternative.  We have a situation here where the

19   individuals are at risk, the debtors are paying entirely

20   every dollar that it has to to support this thing, we're

21   litigating claims we don't have to litigate, and they're

22   using hostage value with respect to those individuals to

23   keep -- to force us to pay amounts on the post-petition

24   assessments that their rights have expired on.

25             So, and we're doing this, you know, in many

1   respects, Your Honor, because we've got to protect the 52

2   state -- 52 jurisdiction exercise here.  We want to make

3   sure that as we're resolving these things, that the

4   determination of liability on these claims, on all these

5   taxing jurisdictions remains right here.  And that we figure

6   it all out and figure it out fairly and squarely, but we

7   don't start taking these things and running to different

8   jurisdictions and holding people hostage in different ways.

9            So that's our submissions, Your Honor, with

10  respect to our Motion for a Preliminary Injunction.  I'm

11  happy to cede the speaker to Michigan and respond to any

12  comments today or questions.

13           THE COURT:  All right, thank you.  Thank you, Mr.

14  Bromley.  The State of Michigan?

15           MS. DIETZ:  Yes, Your Honor, Allison Dietz

16  speaking and co-counsel Heather Donald is here present with

17  me.

18           I don't have nearly as much to labor on about as

19  Mr. Bromley did, other than to make -- before I get to the

20  nuts and bolts what Treasury's ultimate position is, is to

21  make some clarifying comments to some of the

22  misrepresentations, or maybe misrepresentation is a strong

23  word, perhaps any inaccurate characterizations that were

24  just formed in Nortel's opening statement.

25           I want to start with the mischaracterization of

1    the Department of Treasury, what we affectionately call the

2    Corporate Officer Liability Statute.  And that's the statute

3    under which Michigan is proceeding in its investigation and

4    assessment efforts against those individuals, third party

5    individuals, identified with potential liability for

6    Nortel's outstanding tax liability.

7              And despite Mr. Bromley's representation to the

8    contrary, Subsection 5 of the applicable statute, which is

9    quoted in our papers, specifically says that those persons

10   who -- those third parties who may be held potentially

11   liable, it's only after an audit or an investigation and

12   "that have control, or supervision of, or responsibility for

13   making the return or payment that would be personally liable

14   for the failure".  And that means a failure to either pay or

15   the failure to file.

16             Michigan Treasury is not, as Mr. Bromley

17   characterized it, a no fault statute that can just assess

18   any particular person that's been identified as a corporate

19   officer holding a position at any point in time.  There is

20   clearly an investigation process it goes through.  And as

21   evidenced by the fact the corporate officers in the

22   assessment process are regularly released upon production of

23   the appropriate documentation, that it's an investigation

24   seeking to hold only those persons liable that do, in fact,

25   have either control, or supervision of, or responsibility

1   for making the returns or making the payments.  Any

2   characterization to the otherwise is inaccurate, to say the

3   least.

4            Also, it was -- some time was spent on the 505(b)

5   issue.  And although I don't see how that's germane to the

6   preliminary injunction that we're here on today, it was

7   addressed.  As the Court is well aware, that this is the

8   primary issue involved in the adversary complaint and

9   whether or not the Michigan Department of Treasury is

10  precluded from recovery of the additional tax due under the

11  2009-2010 Michigan Business Tax Returns.

12           Well there was some additional

13  mischaracterizations of Mr. Bromley's statements regarding

14  that.  First and foremost, there has been no Court

15  determination.  And Treasury believes that it's got viable

16  expenses to the 505(b) argument.  There has been no final

17  Court determination that those tax liabilities are, in fact,

18  discharged as Nortel or anyone else for that matter.

19           Furthermore, there was representations that the

20  Department of Treasury letters to Nortel regarding those two

21  subject returns, the '09 and 2010 MBT returns, basically

22  saying that we consider this to be a request for

23  confirmation of payment and if you want to go look it up in

24  this 800 number, then feel free to do so.  Any letter

25  regarding that was sent in response to the STW's

1  [indiscernible] is the withholding returns, Your Honor, and

2  was never, in fact, sent with respect to the subject 2009-

3  2010 MBT returns.

4         And finally, Mr. Bromley indicated to the Court

5  today, that the Treasury is now seeking to assess the

6  potentially identified parties for post-assessment.  And as

7  I sit, and Heather sits in my office today, that is

8  factually inaccurate.  Our representation from Treasury is

9  that they have not asserted post-assessments against the

10  corporate officers on any [audio skipped] and if there's

11  something [audio skipped], I would ask that it be produced

12  because it has not been produced to my attention.  And all

13  the documents that have been supported, or excuse me,

14  provided by Nortel have, in fact, been for pre-petition tax

15  liabilities.

16         Touching briefly again on the 505(b) issue, I

17  would hope that for purposes of providing Treasury the

18  appropriate timeframe to answer the complaint, that's not an

19  issue that we delve into any further today.  Like I said,

20  Treasury believes it's got a viable defense to those issues

21  and those will be things are born out during the progression

22  of the adversary proceeding.

23         And that being said, I would also like to, as

24  stated in our filings, Your Honor, bring again to the

25  Court's attention, that Heather and I can only speak today

1   about Treasury assessment process with respect to the

2   corporate officers in general terms.  I cannot speak or

3   provide specific information regarding any corporate officer

4   investigation.  I cannot tell you at what phase, if any, any

5   of the other individuals identified by Nortel are, in fact,

6   in the process, or the status of that.  And there are

7   several reasons for that.

8              Whether Nortel believes it's entitled to the

9   information or not, it simply isn't.  These individuals are

10  separate entities.  They are separate taxpayers.  And we

11  have a confidentiality requirement that runs to each

12  individual taxpayer.  As I sit here today, I have not been

13  provided anything that would document that Nortel's counsel

14  represents any of these individuals as legal counsel, nor

15  have I, nor has the Department of Treasury been provided any

16  information that a power of attorney has been executed by

17  these individuals, authorizing the release of the specific

18  information to Nortel.

19             Nortel's broad assertions that it's unaware of

20  how many potential other corporate officers may be pushed

21  through the assessment process is accurate because frankly,

22  Treasury can't know until its investigation process is

23  concluded.  New people are identified at regular -- are

24  regularly identified not just with Nortel, but any Chapter

25  11 debtor in these sorts of situations.

1             I am unaware of any legal obligation that

2   requires the Department of Treasury to run it by a Chapter

3   11 debtor and basically seek permission or otherwise give

4   them notice for people that they believe they may or may not

5   be investigating.  I don't believe that's a legal -- excuse

6   me, a legal obligation that the Michigan Department of

7   Treasury has whether or not Nortel believes that it's

8   entitled to the information.

9             I keep hearing reference about legal fees and we

10  need to pay the legal costs associated with, or Nortel

11  needs, Nortel is the bankruptcy estate is going to bear the

12  cost of legal fees and indemnification arguments.

13            The reality is the corporate officer hearings

14  that are conducted by the Michigan Tax tribunal are the

15  informal conferences that are conducted by in-house of the

16  Department of Treasury before you ever get to the tax

17  tribunal, are very informal.  Typically speaking, you're

18  usually talking about a half day's worth of hearing. Very,

19  very, often as in the case of one of the identified

20  corporate officers for Nortel, the issues resolved with the

21  simple submission of necessary documentation indicating that

22  they are not a person who is responsible for or had control

23  and supervision of the filing of the payment of taxes.

24            And finally, with respect to clarifying some of

25  the issues raised by Mr. Bromley, I believe it's not

1    proposing to indicate that the Michigan Department of

2    Treasury Corporate Officer or Third Party Liability Statute

3    is intended to do nothing more but strong arm a debtor into

4    paying its outstanding tax liabilities.  And, in fact, the

5    opposite is true.  The corporate officer liability or third

6    party liability provision in the Michigan compiled laws,

7    provide Treasury with an alternate source of recovery.

8    That's one that Treasury can seek, for example, for those

9    amounts that don't get paid on an unsecured claim in the

10   pending Chapter 11, can then be collected from a corporate

11   officer, an inappropriately identified and assessed

12   corporate officer.

13          So this not a tool used to put the screws to a

14   debtor and force it to pay its debts.  It provides an

15   alternate source of recovery for the Michigan Department of

16   Treasury.  And likewise, I would presume for the taxing

17   authorities throughout the country that have similar

18   statutes.

19          Mr. Bromley stated kind of, I thought Nortel's

20   position kind of seems to be coming -- speaking out of both

21   sides of the mouth.  On the one hand, they're saying that we

22   have, you know, we're dealing with non-debtors and they're

23   not applicable [audio skipped] that aren't subject to the

24   Bankruptcy Code.  Some are being called, I'm sorry, are

25   characterized as employees when it's [audio skipped] there's

1   only one remaining there that's in the assessment process.

2   But the simple fact of the matter is despite the statement

3   to the contrary, the Michigan Department of Treasury has

4   offered to act solely within the confines of the Bankruptcy

5   Statute.

6           Now without waiving any arguments as set forth in

7   our brief, or without waiving the right to further assert

8   the standing issues and the fact that Nortel is not the

9   appropriate party to be raising some of the defenses on

10  behalf of the identified corporate officers, Treasury is

11  still willing to limit its actions to those that are

12  expressly provided by the Bankruptcy Code.

13          Now remember, these third parties that we're

14  discussing are non-debtors.  They're not subject to the

15  Bankruptcy Code.  So it's our position, it's Treasury's

16  position that it's right to those individuals are actually

17  much more expansive than provided by the Bankruptcy Code.

18          But in a proposed stipulation to Nortel, which

19  was rejected in a footnote in its reply brief, the Michigan

20  Department of Treasury offered to specifically limit its

21  activities to those provided in Section 362(b)(9).  Limit

22  its activities to those assessment activities that are

23  expressly provided by 362(b)(9).  And based on the availed

24  rejection in the footnote and from what counsel is saying

25  today, at best Treasury [indiscernible] is basically because

1    Nortel doesn't like Michigan Corporate Officer Liability

2    Statute.

3            Well Nortel availed itself to the benefits of

4    doing business in Michigan for years to the tunes of several

5    hundred billions of dollars in sales.  Well accordingly,

6    it's also subject to the laws that go with it.  And included

7    in that is MCL 205.27(a) and that provides for potential

8    third party liability.

9            And, Your Honor, with respect to 362(b)(9),

10   Michigan Department of Treasury is seeking to do nothing

11   more than take advantage of a provision that provides some

12   creditor protection and allowing it to continue the

13   assessment process.  The Department of Treasury in dealing

14   with statutes of limitations with respect to its efforts to

15   assess these corporate officers, if this Court were to issue

16   an automatic stay, or excuse me, issue the injunction or

17   extend the automatic stay without [audio skipped] the

18   Treasury, it's right to continue the assessment process as

19   specifically provided by the Bankruptcy Code, the Treasury

20   very well may be detrimentally harmed because there's no way

21   of telling how long this adversary proceeding may last.  The

22   statute of limitations and its ability to assess against

23   potentially liable third parties, could very well last in

24   the meantime.

25           But again, trying to preserve judicial resources

1    and avoid the necessity to have to bring this in front of

2    Your Honor's attention, Treasury proposed to do just that.

3    I don't know what more can be expected of Treasury under the

4    circumstances.  Thank you, Your Honor, that's all we have.

5                THE COURT:  All right thank you.  Mr. Bromley?

6                MR. BROMLEY:  Your Honor, a couple of points in

7    response.  You know, one of the things that's difficult

8    about dealing with -- in the world of bankruptcy and

9    government bureaucracy, and I don't mean that in a

10   pejorative sense yet, is that words take on different levels

11   of importance.  And but I have to say, that the thing that

12   struck me as I was listening to Ms. Dietz's comments, is

13   semantics, right?  What we're talking about here is

14   semantics.

15               Let's start with the Michigan statute.  And I use

16   the term no fault.  And Ms. Dietz said that was a

17   mischaracterization or perhaps even a misrepresentation, but

18   let's just stop for a second and think about that.

19   Everything that appears in the statute is about status, all

20   right?

21               THE COURT:  Yes.

22               MR. BROMLEY:  Not about fault.

23               THE COURT:  Right.

24               MR. BROMLEY:  It's if you are a person, if you

25   were in a position, if you were responsible for one thing or

1  another, paying taxes or signing tax returns, you're caught.

2  That's not a question of fault.  It's a question of status.

3  It's not as if you're running the corner drugstore and you

4  say, well, you know what, I can either buy dinner for my

5  family or I can pay the taxes.  I'm going to buy dinner for

6  my family.  It's I have the status of a particular type of

7  corporate responsibility and my employer is subject to the

8  Chapter 11 provisions of the United States Code and I cannot

9  write that check under law.

10            It's not that somebody had the right and the

11  ability to do it and they consciously chose not to do it and

12  to give it to someone else.  So when I say no fault, I'm

13  talking about there's no mens rea, if you will.  There's no

14  intent to harm Michigan consciously to the detriment -- to

15  the benefit of some other creditor.  What we are talking

16  about is that the corporate entity that is responsible, and

17  as to which its liability, the liability of the employees

18  entirely derivative is legally unable to pay the tax.

19            THE COURT:  Right.

20            MR. BROMLEY:  And notwithstanding the legal

21  inability of the actual taxpayer to pay the tax, Michigan

22  says I'm simply pursuing an alternative source of recovery.

23  That --

24            THE COURT:  For income that that individual did

25  not receive.

1              MR. BROMLEY:  Right.  It's not like any of these

2    individuals sat there and had any responsibility for the

3    bankruptcy filing, for the Bankruptcy Code, for the United

4    States Constitution.  These people are employees who sign

5    forms, sent them in to the taxing jurisdictions when legally

6    capable by the supreme law of the land, instruct checks or

7    wire transfers to be made.

8              So when we talk about alternative sources of

9    recovery and not putting the screws to the debtor, I don't

10   see that, Your Honor.  We have an independent obligation to

11   these individuals, right?  An independent obligation to

12   indemnify them for acts taken in good faith or in actions

13   taken in good faith in the pursuit of the corporate purpose.

14   We have to indemnify.

15             And that brings me back to the other point which

16   is you know, Your Honor, we are prohibited by Michigan Law

17   telling them anything about anything.  I wish I could, but I

18   can't.  It's just impossible.

19             It sounds like the State of Michigan has taken

20   some hints from the British government in terms of saying

21   I'm going to get you in one way, but I can't tell you about

22   it, right?  We're fully and entirely responsible for these

23   individuals and their tax liabilities with respect to what

24   they did as corporate officers.  And yet we're told, oh,

25   there's no power of attorney and we haven't appeared as

1    their attorney.  Well we can't, right?  Clearly Gottlieb

2    cannot appear as their lawyers.  We have identified their

3    lawyers.  We have talked to their lawyers.  We are paying

4    for their lawyers, but we cannot be their lawyers.  And

5    they're saying up until that point in time, the State of

6    Michigan can't actually talk to us about it.

7              So I have the individuals calling us up and

8    saying this is scaring me to death.  I'm sitting here

9    working for a liquidating company and I have the State of

10   Michigan telling me that they're going to take me to oh,

11   just an hour or so, up in Ann Arbor and I live in North

12   Carolina.  I've got to hire a lawyer in Michigan.  I've got

13   to worry about, you know, the responsibilities that I have

14   trying to do my job with only a dozen people to wind down

15   this business, but I don't have to worry about it because

16   it's really not that big a deal.

17             It seems to me that the semantics of this

18   situation is that if anyone wants their cake and eat it,

19   too, it's the State of Michigan, right?  When we talk about

20   the 505(b) issue --

21             THE COURT:  Yes.

22             MR. BROMLEY:  -- Ms. Dietz says, well, you know

23   what, that's in the complaint.  We haven't had to answer the

24   complaint so I'm not going to talk about now.  Well that's

25   her choice.  We put it in the motion for preliminary

1  injunction.  And if she doesn't want to talk about it

2  because she doesn't think she has to talk about it until the

3  complaint, there seems to be a trend here in Michigan in

4  terms of not doing things by certain deadlines.

5         The fact is we're having a hearing today.  I'm

6  raising the issue.  We raised it in our papers.  If they

7  want to be heard on it, they can be heard on it.  If they

8  want to say okay, we're fine with a preliminary injunction

9  until we have this adversary proceeding, which they don't,

10  that's okay, too.  But you can't have it both ways.  You

11  can't say I'm not going to talk about it at all and I don't

12  want any relief given to protect these individuals.

13         In terms of the prejudice to the State of

14  Michigan, as far as we know, the statute of limitations that

15  are applied here are a four year statute of limitations and

16  they wouldn't run until 2014, okay?  That being said, we are

17  obviously paying for the defense for these individuals.  We

18  would advise them to agree to extensions of the statute of

19  limitations as part of our assumption of their defense.  So

20  I don't see -- there's no immediate crisis.  I don't see

21  anything not being able to be resolved until 2014 on these

22  issues.  And, if necessary, we could get Tolling Agreements

23  with respect to statutes of limitations.  So we really don't

24  see this as being an issue.

25         THE COURT:  Do I even have to get into those

1   issues though if I rely on the automatic stay as the basis

2   for the relief?

3         MR. BROMLEY:  I don't think you do, Your Honor.

4   I don't think you do.  And I do think it's important to talk

5   about the automatic stay, right?  Because Ms. Dietz did

6   spend a fair amount of time talking about 362(b)(9).  It

7   seems 362(b)(9) is an exception with respect to actions

8   taken against the debtor.

9         THE COURT:  Right.

10         MR. BROMLEY:  Right?  We're not talking about

11   actions taken against the debtor.  The reason 362(b)(9)

12   makes sense for actions taken against the debtor is that

13   everything comes into this Court.  This Court is where it

14   ends.  This Court is where it's decided.  This is the Court

15   that understands the entirety of the case.

16         So taking all the steps necessary up to that

17   final point, that all happens here.  But if they take some

18   sort of effort to collect or enforce a judgment against an

19   individual in some Michigan exercise, that's going to be not

20   in front of this Court, and we're going to then have to come

21   to this Court and ask for an order to enjoin that Court.

22   The reason 362(b)(9) applies to debtors and provides an

23   exception is a favor to taxing jurisdictions as to actions

24   against the debtor.

25         THE COURT:  Right.

1          MR. BROMLEY:  Right?  And so if Ms. Dietz wants

2    the automatic stay exception to apply, then she should take

3    the burden of what the automatic stay says with respect to

4    debtors, which is that these claims cannot be enforced

5    against the debtors.  They cannot be pursued.  And

6    everything that we're talking about here, at least is

7    something that we can talk about.  Because we're only asking

8    for a preliminary injunction.  We can brief all of these

9    issues if we want and have a further hearing on it.

10          I would suggest that the State of Michigan engage

11   with us on settlement.  We didn't reject out of hand

12   unnecessarily, a settlement proposal because we didn't

13   believe that that stipulation that was being proposed by

14   Michigan would give us any protection that what they

15   intended to do is exactly what Ms. Dietz said, which is to

16   pursue any and all of these individuals as far as they can

17   up to the extent of 362(b)(9), but 362(b)(9) doesn't apply

18   to this.

19          THE COURT:  Right.

20          MR. BROMLEY:  So, Your Honor, our view is we're

21   not talking about a lot of dollars here.  We may be talking

22   about an issue of principle under the officer statute,

23   derivative liability statute in Michigan.  My advice to

24   Michigan would be if they want to protect that statute long-

25   term, they should be more careful about how they're trying

1  to enforce it against individuals because in this

2  circumstance, I don't see this being anything other than

3  attempting to make the debtors pay one way or another.

4  And in terms of the point that the post-petition

5  assessments haven't been made yet against the individuals, I

6  do take that point.  They have not yet been made against the

7  individuals, but the point is, everything that's happened up

8  to this point is leading to that happening.  And tomorrow,

9  that could happen.  I don't want to be faced with a

10  situation where we're constantly dealing, as we have been

11  for the last eight months, with someone calling us up and

12  saying Michigan's at it again.  And including people who

13  have said, don't worry about it, Michigan let go of us.  And

14  then three weeks later she calls back and says, they're back

15  again.  There's no level of, you know, this is something

16  that we shouldn't be dealing with.  We should settle this

17  matter like we've settled lots of other states and just be

18  done with it and not make this an issue of principle.

19  THE COURT:  All right.

20  MR. BROMLEY:  Thank you, Your Honor.

21  THE COURT:  Thank you.  All right.  Well I've

22  heard the evidence and the arguments and I am prepared to

23  grant the injunctive relief here.  I think it's highly

24  appropriate.

25  You know, first of all, this really is a matter

1  that is directed to the debtors.  There's no question about

2  it.  The liability is, as has been said repeatedly,

3  derivative liability.  This Court is tasked under Section

4  505, with determining tax related liabilities and this

5  authority extends to the determination of a non-debtors

6  liability, if such liability will affect the debtors' estate

7  which clearly this will under the indemnification

8  requirements.  And we have case law in the Third Circuit

9  saying just that.  The *Quattro* and *Accountants* decision

10 among them.  And it is clear to the Court that there is the

11 likelihood of success on the merits; that there is immediate

12 and irreparable harm to the debtors in that they have to

13 continue to fund the defense of the individuals, and/or

14 themselves intervene in the proceedings in Michigan in order

15 to protect their interests.

16         Balancing the hardships, I don't see any hardship

17 whatsoever to the State of Michigan given the fact that the

18 statute of limitations is far from expiring.  And in any

19 event, the State of Michigan is free to come to this Court

20 and pursue its -- and pursue relief.

21         So under the circumstances, it's clear to the

22 Court, that injunctive relief is warranted and I will grant

23 it.  And that injunctive relief, of course, is from pursuing

24 individuals for any taxes which the debtors may or may not

25 -- may owe or at least Michigan is claiming is owed.  I

1  don't think it's a difficult case at all, frankly.  I think

2  it's fairly obvious.

3          MR. BROMLEY:  Thank you very much, Your Honor.

4  We --

5          MS. DIETZ:  Your Honor?

6          THE COURT:  Yes.

7          MS. DIETZ:  Your Honor?

8          THE COURT:  Ms. Dietz?

9          MS. DIETZ:  I'm sorry for interrupting.

10          THE COURT:  No, no, go ahead, I was finished.

11          MS. DIETZ:  Well I interrupted Mr. Bromley and

12  I'm sorry.  A point of clarification just so that I'm

13  completely clear on what you're saying.  You said enjoining

14  the State of Michigan or the Department of Treasury from

15  pursuing.  When you say pursing, you're including in that

16  the assessment process as well, I assume.

17          THE COURT:  Yes, yes, yes, certainly, because

18  there again, that procedure would prejudice the debtors

19  here.

20          MS. DIETZ:  And if I -- I want to make sure that

21  I understood you correctly.  Is the Court -- I guess

22  Treasury would then request that the Court include in the

23  order then that because we don't have a guarantee of how

24  long this adversary proceeding is going to go on, that --

25  or, you know, for all we know, there could be appeals that

1   are taken and this process could, in fact, draw out longer

2   than anticipated, although for the record, the Treasury is

3   not hoping that's the case.  Is the Court willing to

4   consider including in its order, a provision that would

5   specifically then extend the four-year statute of

6   limitations by a length of time equal to the duration of the

7   injunction?

8            THE COURT:  Mr. Bromley?

9            MR. BROMLEY:  Your Honor, I -- two things.  One,

10  as to Ms. Dietz's first point.  We had circulated a revised

11  form of order which I was just about to explain to Your

12  Honor.  And so let me just go with that first which is what

13  we wanted to add in the names of the four individuals that

14  have been pursued to date specifically, including without

15  limitation the context --

16           THE COURT:  Yes, I just wanted to say, yes, so

17  we're not back here next week --

18           MR. BROMLEY:  And then the -- right.

19           THE COURT:  -- for someone else.  The operative

20  language would be take -- that the Department of Treasury is

21  in enjoined and stayed from taking any action against NNI's

22  current, former, or future employees, including without

23  limitation, Alan Stough, Paul Carr, Clare Barbieri, or

24  Jeffrey Wood --

25           THE COURT:  Right.

1          MR. BROMLEY:  -- to collect, assess, enforce, or

2    otherwise pursue in any manner whatsoever, these taxes,

3    interest, penalties, or any derivations thereof, allegedly

4    owed, owing, or owed -- to be owed by NNI without further

5    order of this Court.

6          Without further order of this Court is, of

7    course, the -- goes to the second point which is to the

8    extent that the State of Michigan feels that there's risk

9    with respect to the statute of limitations, then we would

10   say that the appropriate time to come before the Court and

11   ask for that relief is when they specifically state what

12   those statutes of limitations are and can show the Court

13   that the time is now to actually do that.  We don't -- we

14   think it's a four year statute of limitations.  Ms. Dietz

15   said that.  We believe it's 2014.  It is now July of 2012.

16          THE COURT:  Yes.

17          MR. BROMLEY:  You know, I think it's a premature

18   request at this point.  And don't mean to say that if -- it

19   wouldn't be an appropriate request later on, but, you know,

20   if we've got two years to try to resolve this, that should

21   be plenty of time.  And if for some reason we're running up

22   against it, Ms. Dietz has every right to come in and ask the

23   Court to extend.

24          THE COURT:  And I can just say on the record,

25   that this is without prejudice to the Department or the

1    State's right to do so at an appropriate time, but I do

2    think it is premature now.

3             MR. BROMLEY:  That's what we would say, Your

4    Honor.

5             THE COURT:  All right.

6             MR. BROMLEY:  And I would note, George Riedel,

7    you know --

8             THE COURT:  Yes.

9             MR. BROMLEY:  -- the former chief strategy

10   officer, did suggest at one point that we should all have

11   tattoos made of I reserve my rights --

12                        (Laughter)

13            MR. BROMLEY:  -- and in Latin.

14            THE COURT:  Yes.

15            MR. BROMLEY:  And he did sent it once during one

16   of the Court hearings by email.

17                        (Laughter)

18            MR. BROMLEY:  So I haven't taken him up on that,

19   but by the end, we may.

20            THE COURT:  I don't think people realize rights

21   are always reserved, I think, but yes, certainly, Mr.

22   Bromley.

23            MR. BROMLEY:  May I approach, Your Honor?

24            THE COURT:  You may.

25            MR. BROMLEY:  Thank you.

1            THE COURT:  Thank you.  Okay.  Oh, good.  All

2   right.  And what you read is certainly appropriate and more

3   specific and appropriately so.

4            MR. BROMLEY:  Thank you, Your Honor.

5            THE COURT:  All right.  Ms. Dietz, although Mr.

6   Bromley is a Met's fan, he's a very fine and reasonable man.

7   And I think you could probably resolve this matter with him

8   in short order.

9            MS. DIETZ:  Your Honor, the Department of

10  Treasury and I can speak for Heather and myself personally,

11  we don't disagree -- well I can't speak to the Met's fan

12  part, we're Tiger fans here, so.  But and we are likewise

13  very hopeful that we should be able to resolve this in the

14  near future.

15           THE COURT:  All right, very well.  And I

16  appreciate your arguments and I may see you here.

17           MS. DIETZ:  I -- no offense, but I really hope

18  not.

19                     (Laughter)

20           THE COURT:  Okay.  All right, Ms. Dietz.  Thank

21  you very much for your participation.  You're welcome to

22  remain on the phone or your -- or be excused.

23           MS. DIETZ:  We'd like to stay on the phone, Your

24  Honor.

25           THE COURT:  All right, very well.

1              MS. DIETZ:  Thank you.

2              THE COURT:  Good afternoon.

3              MR. SCHARF:  Good afternoon, Your Honor.  Jeffrey

4    Scharf here from Taxing Authority Consulting Services on

5    behalf of the --

6              THE COURT:  Yes.

7              MR. SCHARF:  -- Virginia Department of Taxation.

8    Another taxing matter.  And for the record, I'm a National's

9    fan and I hope both you and Mr. Bromley don't hold that

10   against me.

11                          (Laughter)

12             THE COURT:  They're becoming worse than the Met's

13   as far as we're concerned in Philadelphia, but go right

14   ahead.

15             MR. SCHARF:  Your Honor, we are here on the

16   Department's Motion for Abstention.

17             THE COURT:  Yes, yes.

18             MR. SCHARF:  With regard to an audit

19   determination that was made by Virginia which was taken

20   through an appeal process twice with the state tax

21   commissioner in administrative appeal.  Which a legal appeal

22   was then filed by the debtor in Virginia Court to preserve

23   its rights to pursue.  And then a motion, originally, a

24   claim objection converted to a Motion to Determine Tax

25   Liability which is now before the Court.

1          THE COURT:  Right.

2          MR. SCHARF:  The -- without spending a lot of

3   time and belaboring the Court with what, you know, I know

4   knows the standard are for mandatory and discretionary

5   abstention, I'd prefer just to point out a couple of salient

6   facts that I think some of -- or salient points that some of

7   the cases, I don't think necessarily pick up on which are

8   starting with mandatory abstention.  Courts generally look

9   at four items to determine whether mandatory discretion is

10  appropriate.  And the reach between the parties really have

11  focused on one of them and that is whether or not the Motion

12  to -- for Determination is a core matter or a non-core

13  matter relating to the jurisdiction given under 1334.

14          In Section 157, 28 USC 157, determining what is a

15  core versus a non-core matter, there is a long list of items

16  that are considered core matters.  Now it is not a

17  comprehensive list.

18          THE COURT:  Right.

19          MR. SCHARF:  But it is a long list.  And a Motion

20  to Determine Tax Liability is not on that list for what

21  that's -- for that -- what that's worth.

22          THE COURT:  But isn't this an issue relating to

23  the proof of claim that the State of Virginia filed?

24          MR. SCHARF:  Well, it's really not, Your Honor.

25  It's really, you know, the Department did file a claim and

1  for the amount of this audit assessment.  And the issue

2  isn't really the allowance or disallowance of the claim.  I

3  think the debtor acknowledges that a claim will be allowed.

4  The issue is really the determination of this tax liability,

5  the determination of this audit.  And not only this audit,

6  but the standard that Virginia has used for audits of this

7  type which is a --

8              THE COURT:  The methodology?

9              MR. SCHARF:  -- published public document

10  available to all taxpayers to say, you know, when there's

11  going to be a use tax audit, yeah, we're going to use

12  sampling and this is how we're going to do it.  And that is

13  the determination that's at issue here.

14              So, I mean, I do acknowledge that allowance or

15  disallowance of the claim is listed as one of the items that

16  is a core matter, but I don't know semantically, that this

17  case is about an allowance or disallowance of the claim,

18  it's about the determination of liability for the amount of

19  the claim.

20              THE COURT:  Well are they challenging your

21  methodology or are they simply saying that they want the

22  claim reduced by what was paid?  Then it's not a

23  methodology, it's really more of setoff issue, is it not?

24              MR. SCHARF:  Well they're challenging the

25  methodology because the audit was a sample.  And they were

1    given credit for evidence they produced for those months of

2    the audit sampling.

3              THE COURT:  Okay.

4              MR. SCHARF:  The Department did not then

5    extrapolate that evidence into the error rate for the audit.

6    So it is not simply providing the information for the

7    credit, it's challenging the methodology.

8              THE COURT:  Or are they not challenging not the

9    methodology, but the application by the Department of its

10   own methodology?

11             MR. SCHARF:  Well, I believe it is a challenge to

12   the methodology.  I mean, I think they're not happy with the

13   application either, but I don't think the application of the

14   methodology was inconsistent with the methodology.  I think

15   it's the methodology that's really at issue.

16             THE COURT:  All right.

17             MR. SCHARF:  The core proceedings are defined as

18   arising in or arising under Title 11 as opposed to related

19   matters.  And instructive, Judge Lundeen in Tennessee did an

20   extensive opinion in the *New Coat Industries* case on venue

21   question.  But again, dealing with these same terms.  And I

22   think the key thing that came out is that the core

23   proceedings, the arising in or arising under, involved

24   substantive bankruptcy rights.  Substantive bankruptcy

25   rights that are the creation of substantive rights.

1          And I would submit that 505, while an actual

2    substantive bankruptcy procedure, no new rights are being

3    created by this motion.  The debtor has had the opportunity

4    and has, in fact, contested this matter administratively

5    through the tax commissioner, not once, but twice, and then

6    has appealed to the Virginia Circuit Court.  You know, the

7    -- and is coming here.  You know, there's a potential

8    chilling effect as well, if the debtor has these non-stop

9    rights to continue to pursue this matter and still always

10   come back to Bankruptcy Court and file a Motion for

11   Determination.

12          And I think under the debtors' argument, the

13   debtor could have actually proceeded in Virginia Circuit

14   Court, gotten a judgment, had the case resolved, and they

15   would still have argued that they could have come back to

16   this Court and said, oh, well, it's a Motion for a

17   Determination of Tax Liability and, you know, this

18   proceeding had not been completed before the bankruptcy was

19   filed, so there you have it, we are still within our rights

20   under 505.

21          THE COURT:  Well one of the purposes of 505 among

22   others is to protect the debtor against having to litigate

23   tax claims all around the country.  And, of course, we just

24   heard one example, the Michigan example right before this.

25   Isn't that a reason for the Court to apply 505 here?

1          MR. SCHARF:  Well I think one of the key reasons,

2    the key purposes behind 505 is actually to protect the

3    unsecured creditors.  And the fact that they haven't -- if

4    there's a debtor that's not interested in pursuing their tax

5    liability, it's to the detriment of the unsecured creditors,

6    not to the debtor necessarily.  And Courts have gone out of

7    their way to point that out.  The debtor here is obviously

8    engaged and interested in it.  Does the debtor have an

9    interest in keeping everything consolidated here?  Sure.

10          But I will point out that -- and I think this

11   gets short tripped, but taxing authorities all over the

12   country are involuntary creditors, okay?  We're not like a

13   business that has chosen to operate with the debtor.  We are

14   before the Court because the debtor did business in our

15   locality.  And then the debtor filed bankruptcy in Delaware,

16   or the Southern District of New York, or Idaho, or

17   California, and the Virginia Department of Taxation or Dade

18   County, Florida, or the Michigan State Department of

19   Treasury become a creditor in another jurisdiction.

20          So, you know, the fact that the debtor wants to

21   be here and this is a convenient forum, you know, is well

22   and good for them, but for the taxing authority who's there,

23   is only there because the debtor chose to do business in

24   their locality, in their jurisdiction.  And the debtor chose

25   and did business in Virginia, submitted itself to Virginia

1   Laws, and now when it's filed -- and filed bankruptcy, but

2   still continued to proceed with its Virginia administrative

3   appeal and filing the legal appeal, and asked -- still wants

4   this Court to step in and make that determination.

5              THE COURT:  All right.

6              MR. SCHARF:  We're sort of mixing, I think

7   mandatory abstention along with discretionary abstention.

8              THE COURT:  Right.

9              MR. SCHARF:  And I apologize for confusing that

10  track, but, you know, there -- you know, this Court's got a

11  very busy docket.  I'm just sitting here today and the

12  complexity of the issues that the Court is facing and you're

13  facing, you know, it almost seems it will be an ease of a

14  burden to have another Court determine some of these issues.

15             The debtor has made much of the 200 claims that

16  have been filed by taxing authorities in this case and how

17  they might have to deal with them in fifty-two different

18  state jurisdictions, but no assertion can be made about how

19  many adversary proceedings, how many -- and how many cases

20  actually will go to litigation.  As far as I can tell, and I

21  did not review almost 8,000 docket entries, it's only this

22  and the Michigan one are the only two adversary proceedings

23  currently under way with taxing authorities.

24             Your Honor, there's really no reason that the

25  Virginia Circuit Courts can't hear this matter.  It can be

1  done timely.  You know, and perhaps if the debtor had

2  proceeded from the time they originally filed their

3  petition, it could have been done by now, but or at least

4  well on its way.  You know, for these reasons, we would like

5  to ask the Court to abstain in this matter.

6             THE COURT:  All right.  All right.  Thank you,

7  Mr. Scharf.

8             MR. BROMLEY:  Your Honor, James Bromley for

9  Clearly Gottlieb again.

10            This is a Motion to Abstain, right?  And so we're

11 talking about mandatory abstention or permissible

12 abstention.

13            THE COURT:  Permissive, yes.

14            MR. BROMLEY:  A mandatory abstention is not

15 applicable where the matter is a core matter.

16            THE COURT:  Right.

17            MR. BROMLEY:  The debtors -- the materials that

18 are before the Court today, originate in a motion that the

19 debtors filed on October 8, 2010.  It's the debtors'

20 Fifteenth Omnibus Objection to certain claims, blah, blah,

21 blah.  It's an objection to claims.  It has several

22 attachments to it.  Exhibit B is reduce and allow claims.

23 When you go all the way to the last claim of Exhibit B, it

24 says Virginia Department of Taxation and it's this claim.

25 Claim Number 641 and it was filed on March 19, 2009.

1          I don't think there's any doubt that what we're

2    talking about is a claim objection.  We -- the way we got to

3    where we are is that we filed the claim objection, an

4    omnibus objection, our 50th and many have come after that.

5          THE COURT:  Or more significantly, they filed a

6    claim.

7          MR. BROMLEY:  And they filed a claim.

8          THE COURT:  And you filed a claim objection.

9          MR. BROMLEY:  And I find it interesting that they

10   filed a claim on the March 19, 2009, just about two months

11   after we filed, and six months before the bar date was

12   September 30, and before we even filed the motion for the

13   bar date.  So there are certain people who, you know, you

14   have to coax into the pool.

15         THE COURT:  They couldn't wait to be here.

16         MR. BROMLEY:  We walked in and turned the lights

17   on and found them in the pool.

18         THE COURT:  Right.

19                   (Laughter)

20         MR. BROMLEY:  And so it's very hard for us to

21   feel that this is anything other than a claims objection

22   and, therefore, mandatory abstention doesn't apply.

23         THE COURT:  Right.

24         MR. BROMLEY:  Which then brings us into the world

25   of permissive abstention.  And permissive abstention, Your

1   Honor, is really a six part test.  And we have to take into

2   account a number of things.  They would include the

3   complexity of the tax issue, the need to administer the

4   bankruptcy estate in an expeditious manner, the burden on

5   the Bankruptcy Court's docket, the length of time necessary

6   to conduct the hearing, and to render a decision, the asset

7   and liability structure of the debtor, and the potential

8   prejudice to the debtor, to the taxing authority, and to the

9   creditors.

10          If we could start with a point that Mr. Scharf

11  focused on which is the complexity of the tax issue because

12  this really does relate to a reduction and allowance of a

13  claim.  Mr. Scharf is correct, we do believe there's a

14  claim.  And we wish to reduce it and allow it.

15          And it's a very interesting exercise here.

16  Methodology comes into this in the following way.  And

17  Virginia admits this in their papers.  They don't disagree

18  with what happened.  It's a three-year period.  There are

19  thirty-six months in the three-year period.  Six of those

20  months don't count because there was a different tax regime

21  in place.

22          THE COURT:  Okay.

23          MR. BROMLEY:  And this is really sales and use

24  taxes.  So normally, in the old regime we would sell things

25  and hold back the sales tax and remit it to Virginia.  The

1    new regime, the purchaser pays the sales tax.

2              THE COURT:  Right.

3              MR. BROMLEY:  A little bit of miscommunication

4    between the purchaser and the seller, but nevertheless, the

5    purchaser for each of these 30 months in question, paid the

6    tax to Virginia.

7              The way Michigan -- I mean, Virginia looks at

8    this is they say, okay, we're going to take a sample of the

9    period.  They admit the period is 30 months, they take three

10   months and they look at those three months.  They then

11   report it to the taxpayer, Nortel, and says this is the way

12   we think the three month sample is, and we then apply it

13   over the entirety of the applicable period, here's thirty

14   months, there you go.

15             We said, well, let's look at those three months.

16   The taxes that you say we didn't pay, here's the evidence

17   that our purchasers actually pay it.  They'd look at that

18   and they'd go, you're right, good point.  We say, okay.  So

19   the taxes for those three months are reduced.  Please apply

20   it to the other 27 months.  No.  Well what do you mean, no?

21   Your methodology is you take the three months and you apply

22   it over the entire period, it's a thirty month period, we

23   proved that the three months were wrong, multiply it by ten

24   and we're done.  No.  Okay.

25             This is in the pre-petition period.  We file an

1  appeal in there and we get a note back and it basically says

2  no.  It doesn't say much more than no.  It does have an 800

3  number to call, but it's a form and it just says we stand by

4  our methodology.  So --

5          THE COURT:  Is this like a two-year-old who says

6  no because I don't want to or --

7                    (Laughter)

8          MR. BROMLEY:  Kind of.  But that's the issue,

9  right?  The taxes have already been paid.

10         THE COURT:  Right.

11         MR. BROMLEY:  They've been paid by the purchaser.

12 We have the evidence and we provide --

13         THE COURT:  There's a sum certain.

14         MR. BROMLEY:  Right.  It's a sum certain and we

15 provided the evidence for the sample period and they said,

16 you're right.  And we said, okay, apply it to the rest of

17 the sample period, they said no.  We said, here's the

18 evidence for the other 27 months that we -- that the

19 purchasers paid those taxes.  They said that's not our

20 methodology.  But you changed your methodology for the

21 sample period when we showed you the evidence.

22                    (Laughter)

23         MR. BROMLEY:  No.  So that's the issue.  That's

24 really the sum and substance of it.  If they applied the

25 three month sample of over the thirty months, we'll

1  stipulate to the claim and we're done, literally.

2         So what I've heard is that the auditing team in

3  Virginia wants to have this determined in the Virginia

4  Circuit Court.  And there's a concern that this is being,

5  you know, would be dealt with here and not in Virginia.  But

6  that is inconsistent, frankly, with the fact that they filed

7  a proof of claim here.

8         THE COURT:  Yes.

9         MR. BROMLEY:  They submitted themselves

10  voluntarily to the jurisdiction of this Court.  We did file

11  something in the Virginia Circuit Court to preserve our

12  rights with an expressed statement that it was submit to

13  this Court's jurisdiction and the resolution of the claim in

14  this jurisdiction.

15         THE COURT:  Right.

16         MR. BROMLEY:  We have filed the claim objection.

17  We have provided them all of the information that shows that

18  the claim is as we say it should be.  We would like to sit

19  down and resolve it with them.  But we don't think any of

20  the standards for permissive abstention exist here.  And

21  that to the extent that they -- there's another problem with

22  this somewhere along the lines, then we're happy to talk

23  about it.  But frankly, I think their papers here actually

24  more or less admit that what we say is correct.  And they

25  have a principle that they'd like to stand on with respect

1    to methodology.  And if that's going to be their defense,

2    then I think this Court should be the one to be dealing with

3    it.  There's nothing unique about sales and use taxes.

4    There's nothing specific to the Virginia jurisdiction that

5    the Virginia Courts can deal with that Your Honor can't.

6    Indeed, with respect to sales and use taxes, with respect to

7    the sale of telecom equipment by Nortel, this is the place

8    where the -- all matters relating that should be dealt with

9    on a consistent manner, on a consistent basis.

10              So, Your Honor, we, you know, we think it's a

11   fairly binary choice.  There's -- this is a claim objection.

12   It's a core matter.

13              THE COURT:  Yes.

14              MR. BROMLEY:  Therefore, mandatory abstention

15   doesn't apply.  None of the standards for permissive

16   abstention apply.  And we should just deal with the claim

17   objection.

18              One thing we did do, Virginia asked us to file an

19   adversary complaint in order to make it -- in order to deal

20   with the claim objection.  We agreed to that.  And so they

21   should answer the complaint and we should just deal with it.

22   We'll move for Summary Judgment and be done with it.  But

23   there's simply in our view, no basis for mandatory or

24   permissive abstention.

25              THE COURT:  All right.  Thank you, Mr. Bromley.

1          MR. BROMLEY:  Thank you, Your Honor.

2          MR. BOTTER:  Your Honor, very briefly.

3          THE COURT:  Yes, Mr. Botter.  Good to see you.

4          MR. BOTTER:  Good afternoon, Your Honor.

5          THE COURT:  Good afternoon.

6          MR. BOTTER:  David Botter, Akin, Gump, Strauss,

7    Hauer & Feld on behalf of the official committee.

8          I'll be very brief, Your Honor.  Mr. Scharf

9    referred to the interest of unsecured creditors and we have

10   no doubt that Mr. Bromley and the debtors are looking out

11   for the interest of unsecured creditors and protecting those

12   interests quite well thus far.  There are 200 claims.  There

13   are fifty-two jurisdictions.

14         THE COURT:  Yes.

15         MR. BOTTER:  A piecemeal dealing with these types

16   of major, potentially major claims is not in the interest of

17   unsecured creditors.  So we are quite happy with Your Honor

18   looking after those interests as well and we think this is

19   the appropriate place to do so.

20         THE COURT:  All right.  Thank you, Mr. Botter.

21   Anything further, Mr. Scharf?  You get the last word.

22         MR. SCHARF:  Yes, Your Honor.

23         THE COURT:  It's your motion,

24         MR. SCHARF:  Just briefly as so Your Honor can

25   rule, but just to clarify something that Mr. Bromley, a

1   couple of things that Mr. Bromley said.

2           THE COURT:  Please.

3           MR. SCHARF:  Is this is more than just a claims

4   objection be that as it may.  And the history in this goes

5   back even further.  And the Nortel debtors were given an

6   option of having a full audit to start and chose to use the

7   sample methodology.  And then when it came out to their

8   detriment, all of a sudden, they then wanted the department

9   to do a far reaching audit.  It is not as simple as Mr.

10  Bromley's made it sound.  It's not like Nortel had one

11  customer in Virginia and that one customer paid the taxes.

12  There are dozens, if not hundreds of customers.  The

13  documentation is old.  It would require significant

14  expenditure of time and effort by an audit team in order to

15  do that.  So that opportunity also had been there.

16          THE COURT:  All right.

17          MR. SCHARF:  Thank you.

18          THE COURT:  All right.  Well I don't want to get

19  into the merits at this point. I know --

20          MR. SCHARF:  I didn't either, but Mr. Bromley

21  seemed to want to so --

22          THE COURT:  Sure.  No, no, and I'm not -- I'm

23  just saying that I'm not going to go back -- I'm not going

24  to pursue that, but I understand your argument and your

25  response to Mr. Bromley.  But I am not going to abstain

1    here.  I agree that a claim was filed.  There was a claim

2    objection.  It is a claim objection issue which is a core

3    proceeding, and therefore, mandatory as Mr. Bromley

4    indicated and as I know well, mandatory abstention does not

5    apply.

6               As far as the permissive abstention is concerned,

7    I there also don't think that it's applicable.  The matter

8    is not so complex that it would be a burden to this Court

9    and I will certainly be able to deal with it promptly.  And

10   the fact is given the number of claims from the number of

11   jurisdictions taxing authorities, I think that the salutary

12   -- one of the salutary purposes of 505, Section 505 is

13   applicable here.  And, therefore, I'm going to deny your

14   Motion for Abstention and we will take this case up

15   promptly.

16              MR. SCHARF:  Thank you, Your Honor.

17              THE COURT:  Thank you, Mr. Scharf.

18              MR. BROMLEY:  Your Honor, may I approach the bar?

19              THE COURT:  Please, sure.

20              MR. BROMLEY:  I just shared it with Mr. Scharf.

21              THE COURT:  All right.  He's reviewing it at the

22   moment?  Thank you, Mr. Bromley.

23              MR. BROMLEY:  You're welcome, Your Honor.

24              THE COURT:  Any issue with the form of order, Mr.

25   Scharf?

1          MR. SCHARF:  No, Your Honor.

2          THE COURT:  All right, thank you.  I am going to

3   sign it then.  And thank you very much.  I appreciate your

4   argument.

5          MR. BROMLEY:  Thank you, Your Honor.

6          THE COURT:  Why don't I suggest a ten minute

7   recess, if that's all right with everyone?  And then we'll

8   take up, I think it's our final matter.  Is that correct?

9          MR. BROMLEY:  Yes, Your Honor.

10          THE COURT:  All right.  Let's take a -- just a

11   ten minute recess.  I'll see what kind of trouble I'm in

12   back in chambers and then I'll be right out.  Thank you.

13              (Recess from 2:59 p.m. to 3:13 p.m.)

14          THE CLERK:  Please rise.

15          THE COURT:  Thank you, everyone.  Please be

16   seated.  And we are onto the settlement, I guess.

17          MS. SCHWEITZER:  Yes.

18          THE COURT:  What are we calling it?

19          MS. SCHWEITZER:  Settlement procedures, Your

20   Honor.

21          THE COURT:  Settlement procedures.  Let me raise

22   an issue with you at the outset.

23          MS. SCHWEITZER:  Um-hum.

24          THE COURT:  Well, no, you know what, go ahead.

25          MS. SCHWEITZER:  Are you sure?

1              THE COURT:  Yes, I'm sure.

2              MS. SCHWEITZER:  Okay.  Well, Your Honor, the

3    best for last, or last but not least, or whatever we're up

4    to at this hour, but we are here for the Motion to Approve

5    Settlement Procedures on the deferred compensation claims.

6              THE COURT:  Yes.

7              MS. SCHWEITZER:  And the procedures we're

8    proposing are procedures by which individuals can

9    voluntarily choose or not choose to liquidate their deferred

10   compensation claims and fix those claims.  Whether they end

11   up fixing the claims is potentially being able to monetize

12   them on the market or just have finality with respect to the

13   claims one way or another.

14             THE COURT:  Yes.

15             MS. SCHWEITZER:  Procedures intended to propose

16   settlement, a mechanism where can offer settlements in a

17   wholly voluntary basis.  And there are two objections filed

18   as indicated in the agenda letter.  There was the objection

19   by the ad hoc group and one individual beneficiary.  The

20   individual beneficiary objection, I think is subsumed in the

21   same topic, so I'll just refer to the ad hoc group

22   objection.

23             And I think the ad hoc group's objections is

24   really two discrete objections in a remaining theme.  The

25   two dispute objections are you gave too much notice, then

1   you gave too little notice and information.  And then the

2   rest is, gee, I just don't like it, right?  I just don't

3   like this at all.  I don't like it because I don't like the

4   ad hoc group members.  If you propose these settlement

5   offers, we wouldn't accept them.  Okay, fine, that's in the

6   purview.  But I also don't like it because no other

7   beneficiary holding any sort of deferred comp claim whether

8   they filed it or didn't file it or whether they're

9   represented by me or not, should not be allowed to settle

10  those claims no matter what.

11          And they want to extend that objection to shut

12  down procedures that would prevent the debtors from

13  proposing this settlement to individuals that were not

14  represented or participating in the ad hoc group, and people

15  who have never objected along the way, right?  People who

16  didn't object to the original turnover motion.  People who

17  after a year and a half of knowing about this litigation or

18  at least having the opportunity to know about it, haven't

19  stepped up  in any way.  And even including we couldn't

20  settle or make the settlement procedure offers to people who

21  filed proofs of claims in the beginning of the case and

22  filed proofs of claim and said, hey, I've got an unsecured

23  claim against the debtors for whatever amount I think I

24  have.

25          THE COURT:  And some people who approached

1    debtors.

2              MS. SCHWEITZER:  Yes.  We have individuals that

3    approached the debtors, both an individual holding a claim,

4    and then people who had claims purchased, which is another

5    thing which is the debtors -- the individual creditors have

6    sold claims.  There's at least a dozen people who have sold

7    off their claim, so those claims, too, are already

8    monetized.  And so that what -- it's not to say that they

9    couldn't be included in some larger liquidation, but in a

10   way, that decision of monetization and what the value of the

11   claim is worth, already has been made.  And to the extent

12   that they've been monetized is on an unsecured basis.  As of

13   the petition date balance, maybe they have no interest,

14   right, in going forward.

15             And I think that -- so when we read the objection

16   and we hear the I don't like it and if the ad hoc group

17   members don't want to participate and don't want to receive

18   a settlement offer letter in the mail and they don't want to

19   accept it, that's all well and good.  What's not okay, in

20   our view, is that when the -- there's no class that's been

21   certified, the Class Certification Motion only was filed

22   last night.  And, therefore, counsel doesn't represent this

23   larger group.  This is a bankruptcy.  It's not a securities

24   class action.  It's not something else.  There's a

25   bankruptcy.  I think about 280 proofs of claims have been

1  filed.  Whether they now, people are taking contrary

2  petitions in the litigation, they're welcome to, but there

3  are 280 proofs of claims on file for 325 deferred comp

4  claimants.  And so there should be an opportunity for the

5  debtors on a wholly voluntary basis, to allow people to make

6  a determination what they want to do with resolve their

7  claims?  Do they want to have them be part of a larger

8  process of a class action?  Do they want to litigate them on

9  an individual basis?  Or do they just want to fix their

10  claims at the petition date unsecured balances?

11          And I think our concern is that if these

12  procedures were stopped, that the members of the ad hoc

13  group are effectively paralyzing other individual

14  beneficiaries' right to exercise their own decision making

15  with respect to their own claims.  Now the ad hoc group,

16  ironically, isn't really the 100 -- I don't even know a 130,

17  160, 170, every day the number changes.  There's -- it's

18  hard to follow when you look at the documents.  But whatever

19  that ad hoc group, the decision makers aren't that large a

20  group, it's been sub delegated to seven members, at most, of

21  a committee who make all the decisions for the litigation.

22          So you're saying 253 deferred comp claimants have

23  to stand still because seven members want to pursue a

24  purported class action.  Why?  Maybe they want -- I don't --

25  we can only speculate why.  Maybe they want a bigger group

1  because they think it puts more pressure on the debtors.

2  Maybe they want to spread out attorney's fees and have a

3  bigger class to pull money from.  Maybe they have 5,000

4  reasons.  It doesn't matter.  The point being, that people

5  should have individual choices to decide how they're going

6  to liquidate their claims.

7          Now I think the motion -- the history of how

8  we've gotten here 18 months in to past the turnover motion

9  is set forth in the motion.  I mean, the original motion we

10  sought was a Turnover Motion way back in December 2010,

11  objections file February 2010.  We spent last spring and

12  summer giving very, very much information to the counsel for

13  the ad hoc group.  In the late summer or early fall, we

14  heard that they wanted to file a complaint.  It took four

15  months to file that complaint, we were told, because they

16  were trying to grapple with issues of joining the individual

17  Canadian debtor, Canadian defendants, and the stay issues

18  and all of that.  Waited four months, decided to just go for

19  it, right?  And then we spent another six months only to

20  come full circle where the other people added were U.S.

21  Bank, which was withdrawn, as a defendant, and then the

22  individual Canadian debtors -- I'm sorry, individual

23  Canadian directors, officers, members, individuals, however

24  you want to call them, were just dismissed without

25  prejudice.

1          THE COURT:  Right.

2          MS. SCHWEITZER:  So basically, the last year has

3 been an exercise in false starts, right?  We are where we

4 are.  We have now filed Motions to Dismiss that we actually

5 think are very strong.  And they filed a Motion for Class

6 Certification, we intend to oppose. But we are where we are

7 and it's time that in the same time we're liquidating all

8 the other claims in this case and people have stood still

9 three and a half years again into the case, and over a year

10 and a half since we started the turnover motion, that we

11 want to make sure that individuals again, have the right to

12 not just be sucked into a process that they have to wait

13 months and months, or years and years, to even just opt out

14 of.  This is no different than opting out at the end of the

15 settlement class, it's just that you don't have to get swept

16 into the class only to opt out, unless you want to, right?

17 That's the choice, it's totally voluntary.

18          Now just to go through what the motion is.  The

19 motion is rather simple.  The motion seeks -- proposes

20 procedures.  It's not a settlement offer itself.  It's

21 seeking authority --

22          THE COURT:  Correct.

23          MS. SCHWEITZER:  -- to propose procedures by

24 which the [indiscernible] can make settlement offers to

25 individuals.  The debtors today say hey, look, we wanted --

1  we could settle any claim on an individual basis, but we

2  want, in an effort of transparency, and so that anyone --

3  we're not dealing with individual phone calls and we're not

4  dealing with people being given some offer.  But even

5  engaging in negotiations, we say, if you want, you don't

6  even have to pick up the phone, we'll tell you what -- the

7  same way a claims trader would take a call, our going rate

8  for this claim is a petition date unsecured claim in your

9  petition date nominal balance, right?

10             And the idea is that everyone gets full

11  transparency.  And in exchange for that petition date claim,

12  you give releases of the debtors and all the people who have

13  been named along the way as potential defendants, so that

14  we're not round tripping claims just like the ones you've

15  heard about in Michigan or wherever else.  That you settle

16  with us, you settle your deferred compensation claims.

17  Again, voluntary, you can do it or not, but that's the

18  settlement procedures.

19             The ad hoc group complains that the proposal is

20  not in the interest of the creditors or it's not -- it

21  doesn't give them anything they don't already have.  I mean,

22  I think that as far as being in the interest of creditors,

23  it's really for individual creditors to decide.  There's

24  over 130 beneficiaries who after one and a half years,

25  haven't chosen to join the group, right?  And we don't know

1  why they haven't chosen to join the group, but they're not

2  represented by the group and they should be able to make

3  their own decisions.

4            And while there's a lot of trees that have been

5  killed and a lot of suggestions that the issues are very

6  complicated and every issue is complicated on some level,

7  we're really fighting over only two issues, right?  We're

8  fighting over what do you measure the claim by?  Do you

9  measure it on the petition date?  Do you measure it on the

10 date of plan termination where it's just a nominal balance,

11 right?  The debtors think it's petition date.  People can

12 disagree, we'll ultimately litigate that if we have to, but

13 we're stating our position which is the petition date

14 balance.

15           The fact is, is that for -- out of the 325 total

16 claimants, for many of them, that's a non-issue.  There's

17 about 80 of the beneficiaries who either lost money, their

18 money stayed the same, or just to put a benchmark of a

19 nominal increase, their balance went up no more than $5,000.

20 So that's about 80 people who might, again, may or may not,

21 decide that they don't care about that issue.  Of those 80,

22 that includes 50 beneficiaries that, as best as we can tell,

23 aren't represented or included in the ad hoc group.  We have

24 a little problem who's in the ad hoc group, who's not in the

25 ad hoc group because there hasn't been a 2019 statement

1  updated in the last year.  And every document we looked to

2  has a different list and we can't, you know, it's constantly

3  shifting.  But as far as we can tell, 50 of them are

4  represented.

5          The second issue is whether beneficiaries hold an

6  unsecured claim as the debtors believe and as the case law

7  and the plan states itself.  Is it just an unsecure claim or

8  is there some heightened equitable relief, constructive

9  trust, restitution, whatever the ad hoc group has alleged

10  over time?  Now the ad hoc group certainly has made its

11  position clear in its complaint.  It's complaint is 30 plus

12  pages.  I think 167 paragraphs of allegations.  And so the

13  idea that there's some secret confidential information or

14  people aren't aware of the facts and arguments, I mean,

15  that's a pretty fulsome complaint for someone who says that

16  the arguments aren't out there.  But the ad hoc group's made

17  its position loud and clear in every motion it's filed, in

18  every complaint, the documents, the debate is out there.

19          The debtors obviously feel just as strongly that

20  there is nothing more than a right to an unsecured claim.  I

21  mean, this is a plan where the plan, on its face, says this

22  is a deferred comp plan.  The trust says in the event of

23  bankruptcy, these assets are going to be held for the

24  general unsecured creditors.  People who enrolled, signed a

25  form saying I understand in the event of a bankruptcy, I am

1  an unsecured creditor.

2          Back in February 2011, when this whole thing

3  started, some individuals actually filed letters with the

4  Court which was stylizing and objection, but saying I

5  acknowledge.  I signed these forms.  I understand.  I can

6  read them.  I know what they say.  And they do say I'm just

7  an unsecured creditor, can you do something for me?  Well we

8  don't have to deal with that ultimately, but there are a

9  wide variety of people who do acknowledge that those are the

10 facts.

11         As I said, we filed a Motion to Dismiss on

12 Monday.  You know, I assume, Your Honor, hasn't had the

13 chance to read it --

14         THE COURT:  I have not.

15         MS. SCHWEITZER:  -- when we have filled your desk

16 with these other things.

17         THE COURT:  Yes.

18         MS. SCHWEITZER:  But certainly, and it's not the

19 time to argue the ultimate merits, but our arguments are

20 pointing to the case law which says Rabbi trusts are simply

21 not constructive trusts because of the tax law implications

22 of doing so; that by definition for a deferred compensation

23 claim to exist, it's all for a tax benefit of, I am not

24 earning this money today, I'm earning it in the future.  In

25 order for me to earn it in the future, I can have no claim,

1    tie, tracing, attribution to myself today.  People might

2    want to make arguments all around and use [indiscernible]

3    and fancy words, but in the end, we look at the case law and

4    we say it all comes back to an unsecured claim.

5           Now again, we don't -- the same way we look at

6    their Motion to Certify a class, we think they've got

7    problems with commonality.  We think we look at this class

8    pool and some people participated in deferred comp plans

9    long ago, and their money sort of just rolled through into

10   the new plans.  Other people participated more recently.

11   They're making arguments that people who weren't highly

12   compensated employees are required to -- you know, were

13   allowed to participate.

14          Well, certainly, there has to be someone who was

15   at least in their view, not a highly compensated employee.

16   And there has to be at least one person who was.  So right

17   there, you don't have commonality, if you're lumping

18   everyone together.  People filed proofs of claims.  People

19   didn't file proofs of claims.  People filed objections, they

20   didn't file objections.  They've had all sorts of

21   commonality issues.  Again, not here to decide that finally

22   today, but what I'm saying is, there's no slam dunk path to

23   the fact that they're going to win.

24          Now what's really most important is not to look

25   at the ultimate merits and litigate the ultimate merits

1  today, but we're proposing settlement procedures.  And in

2  the settlement procedures, the inquiry is whether it's

3  reasonable for the debtor to extend those types of offers.

4  For all the reasons I've stated, the debtors believe it's

5  reasonable for us to extend those offers.

6           The second inquiry that's basically raised by the

7  objection is whether it's reasonable for beneficiaries to

8  receive those offers, right?  And I think that it's

9  certainly reasonable for beneficiaries who weigh all those

10 facts, and weigh all those considerations, and have all

11 those different individual circumstances, to decide, at

12 least be offered the choice.  There's no compulsion, but to

13 at least be offered the choice of whether they today want to

14 just end their proof of claim litigation and their

15 participation in some larger purported class action to the

16 extent it even can get certified at some point.  They just

17 want to be done, and they just want to fix their claim

18 today.

19          And the fact is there's many reasons they might

20 decide to do that.  The things I've said, they might agree.

21 They might have already agreed this is their balance.  They

22 filed a proof of claim.  That's the level of their

23 expectation.  They may have all sorts of reasons.  They

24 might say, you know what, I don't want to be part of

25 litigation.  I don't want to be part of discovery.  I don't

1  want to be part of depositions.  I don't want to pay

2  attorney's fees.  I just want my claim.  I like this.  I

3  know what it is.  I'm done.  And all we're trying to do is

4  give people that choice.

5          Now on the point that the claimant's already have

6  the claim, it's addressed in our briefs and I don't think we

7  have to say it at any length.  But the fact is is that under

8  the bar date orders, people -- the schedule -- there was a

9  scheduled filed.  The schedule file listed deferred comp

10 claims as unliquidated claims.  It did list balances next to

11 them to give people a sense of whatever they thought, you

12 know, the debtors thought at that time, but there was these

13 unliquidated claims because the debtors weren't committing

14 to those balances at the start of the case.  And the Bar

15 Date Order says if it's unliquidated, you've got to file a

16 proof of claim to get your claim.

17         Whether or not ultimately people did file claims,

18 didn't file claims, all the permutations again, not for

19 today, but this isn't some procedure giving someone

20 something they already have.  There is no allowed claim

21 today on the books and records of the debtors.

22         Now putting aside all those general reasons and

23 the background reasons, and we'll get to the two really

24 discrete objections raised on the law as opposed to the I

25 don't like objections, right?  The two legal objections

1 basically are the too much notice objection and then the too

2 little notice and information objection.

3        On the too much notice of objection,

4 respectfully, Your Honor, it's a complete red herring.  It's

5 -- we're in Bankruptcy Court.  These are people who filed

6 proofs of claims.  And there's no precedent cited where

7 someone complained because they said my attorney and I got

8 notice, and therefore, I wasn't able to -- what are the

9 reasons you have ethical rules?  I wasn't able to respond

10 with the advice of counsel.  I was being asked to respond in

11 person.  I was asked to negotiate something by myself.  I

12 was asked to take some position without being able to confer

13 with my counsel.

14        In fact, all we see from the record is the

15 procedures work.  Counsel filed an objection and attached

16 emails where his clients contacted him and said, hey, what's

17 up?  That's exactly what's envisioned by the Bankruptcy

18 Code.

19        THE COURT:  Well, more significantly there wasn't

20 -- not only wasn't there a class certified at that point --

21        MS. SCHWEITZER:  There --

22        THE COURT:  -- there wasn't even a motion filed

23 for a class certification at that time.

24        MS. SCHWEITZER:  Exactly.  So there's no Motion

25 for Class Certification, so anyone not part of the ad hoc

1  group should get their own notice and they should decide for

2  themselves.  And anyone represented within the ad hoc group

3  similarly, their counsel got notice, right?

4          And so that there was an idea that you were --

5  the language you see in these cases surreptitious reaching

6  out, going and skirting behind attorneys, this is publicly

7  filed on the docket, right?  There's a public docket listing

8  a complaint, listing a motion out there saying they're

9  settlement procedures.  So putting it as one of a bundle in

10  the mail is not somehow surreptitious or hiding it from

11  counsel, or hiding it from anyone.  The only response to

12  this motion is I object.  I don't like it.  There's no

13  asking for a concession in return or asking for anyone to do

14  anything of the sort that you see in the cases of people

15  complaining about.

16          I would note, that for people who are pointing at

17  rules, there's hasn't been strict compliance with rules on

18  this side of the table either.  In fact, we're 18 months

19  into the case, and we all know Mr. Keach is around, but they

20  actually haven't file a Notice of Appearance in this case.

21  They filed a Rule 2019 statement, but there was no official

22  notice of appearance on the docket.

23          So under the rules, I am not even sure I'm

24  supposed to serve them, right?  And I'm certainly not

25  supposed to serve them in lieu of their clients when, to my

1  knowledge, and I'm happy to be corrected if I'm wrong, we

2  couldn't find a Notice of Appearance on the docket.

3        Similarly, to the extent that people are

4  concerned about inappropriate approaches to their clients,

5  the only 2019 statement which is required, it's a statutory

6  -- it's a rule, we're supposed to follow them, was filed

7  last March and then last May. So again, a year and a half

8  ago.  That was at our insistence because we wanted to know

9  who is taking part in that group.  There's been no update.

10  When you look at the numbers, you know, there's a lot of

11  language in the motion of, well, I have this many people

12  signing engagement letters, but there's this bigger group.

13  I'm not really sure if there's people on the penumbra.  Are

14  they clients?  Are they not clients?  The complaint has a

15  different number.

16        We propounded interrogatories in the spring of

17  this year and said give us your engagement letters.  Give us

18  your agreements to show you bound.  And the answer was that

19  request is irrelevant and protected by attorney/client

20  privilege.  So we weren't actually given the signature pages

21  that were attached to the motion today, even though we asked

22  for them a couple months back, right?  And the only

23  engagement letter we've seen, again, contrary to Rule 2019,

24  has a page and a half of redactions about fee arrangements

25  which quite frankly, Rule 2019 says you were supposed to

1  reveal the terms of your engagement.  And quite frankly,

2  here, we're seeking attorney's fees in a complaint in a

3  purported class action, and you're taking a stand about, you

4  know, being full, and fair, and open and disclosing all

5  information.  We've asked and we've been told repeatedly,

6  I'm not producing that on an un-redacted basis.  I'm not

7  filing it.

8          So in terms of rule compliance, it's not, you

9  know, we don't want to be the two-year-olds, we don't want

10  to be finger pointers, but in fact, we're in a place where

11  in terms of full, fair information, information that would

12  be helpful to proceeding with the case, we'd ask, if

13  anything, that there be compliance on the other side of the

14  table.

15          Now the other objection on the two little

16  information because we've been, you know, damned if we do,

17  damned if we don't today.  But on the too little

18  information, the other complaint is, well you didn't say

19  enough in your motion --

20          THE COURT:  Right.

21          MS. SCHWEITZER:  -- or people won't know enough,

22  right?  And so there's the 'you didn't tell them

23  everything'.  And then the secondary theme of 'you could

24  never tell them anything because of everything, because of

25  course there's some part of this that's confidential',

1    right?

2              On the 'you didn't tell them everything', there

3    -- as you noted, there's no class certified.  There's no

4    motion that's been filed until last night to certify a

5    class.

6              And the Third, in the Third Circuit, the District

7    Court in Delaware in *Jennifer* said, before a class is

8    certified ordinarily it's not even appropriate to settle

9    individual claims.

10              THE COURT:  Right.

11              MS. SCHWEITZER:  There's nothing wrong with that.

12    I mean, there's nothing wrong with talking to people.  And

13    you need to find clear records of communications that would

14    be considered coercive.  There's nothing less coercive than

15    a publicly filed motion that points people to a website

16    where all the complaints are attached and we're happy to

17    throw the motions on as well and say here is our Motion to

18    Dismiss.  Here is our class certification.  We'll throw any

19    of the pleadings up there and say, hey, look, there are two

20    sides to this story, but we're just telling you ours, and if

21    you don't want to participate, we'll take out our tattoo,

22    your rights are reserved, right?

23                        (Laughter)

24              THE COURT:  Right.

25              MS. SCHWEITZER:  We can offer like maybe stick on

1  tattoos for the claimants, right?  Learn our motto, rights

2  are reserved, no prejudice, right?  But you should have that

3  choice, right?  This isn't the incidence again, of those

4  cases that are cited where people are putting checks in the

5  mail and say, oh, got you, you settled, right?

6             THE COURT:  Right.

7             MS. SCHWEITZER:  That they're going around

8  attorneys.  There's nothing -- clearly, we didn't go around

9  anyone.  We're standing here litigating an objection today.

10  And certainly, we've made both sides of the issue available

11  to people.

12             Yes, there is a certain amount of documents that

13  are -- were given on a confidential basis.  They're the

14  names and income of people who are non-participants in the

15  deferred comp program and are non-clients of the objectors.

16  And we said, you can't go around putting that on a website.

17  But you'll notice in their complaint, they put the

18  aggregated information in there.  They put their own

19  version.  And we don't agree with the way they spun the

20  numbers, but they put in all their best efforts at a

21  complaint.  This is the percentages, I think participated.

22  Again, over 160 paragraphs of the allegations against the

23  debtors.  Certainly, to give your best foot forward in the

24  story in terms of what the issues are.  And again, it's for

25  individuals to decide.

1              So in short, Your Honor, all we're seeking is for

2    authority for procedures by which we can extend voluntary

3    offers, to make voluntary settlements.  I think we've heard

4    now the objection can basically be summarized as a 'no

5    thanks from our group' which is totally fine.  The one

6    individual objector maybe said no thanks from her as well.

7    That's totally fine.  But they're still over at least 130

8    people.  That's actually rounding down a little bit because

9    we want to make sure we're not on the margins of one up, one

10   down, but it's at least 130 people who just should be given

11   the opportunity, if they like, to fix their claims.  It's

12   consistent with all the procedures we've sought from Your

13   Honor before and actually have been very effective in

14   resolving claims in the case, and is as appropriate as all

15   of those other procedures were.

16             And in short, we come down to the point where

17   this litigation strategy that's being developed and pursued

18   and monitored by seven individual members of a group,

19   shouldn't paralyze or punish the people who are not part of

20   that group.  And those other people that choose to stay

21   along for the ride, they're welcome, too.  If they choose

22   not to, that's all we're asking for is an opportunity to

23   settle with them.

24             THE COURT:  Here is a question I wanted to ask,

25   but I wanted -- I did want to hear all of your arguments,

1    too.  We -- it's been a long time coming, but we do have a

2    Motion for Class Certification.  And I intend to hear that

3    on the 19th of August and to rule promptly.

4              MS. SCHWEITZER:  Um-hum.

5              THE COURT:  Whether I'll rule at the hearing or,

6    you know, take a week to do it, I don't know, but it will

7    certainly be no more than that amount of time, as well as,

8    the Motion to Dismiss because I want to move things along.

9              MS. SCHWEITZER:  Right.

10              THE COURT:  Why shouldn't I wait until then to

11   rule on your motion today to avoid what otherwise could be

12   some confusion here?  And, in effect, have both notices sent

13   out.  If I certify a class, the class notice.  If I don't

14   certify a class, it would just at that point be your notice,

15   but it would seem to me to make -- it will, I hope, prevent

16   some confusion that might otherwise occur if your notice

17   goes out now and in a month class certification notice goes

18   out.

19              MS. SCHWEITZER:  Right.  Your Honor, I think

20   there's two answers to that which we appreciate you offering

21   to hear the motion on August 19.  The motions are not fully

22   briefed.

23              THE COURT:  No.

24              MS. SCHWEITZER:  And while the debtors have every

25   interest in moving this case forward, I have to say that

1  unlike the beneficiaries who have been living with the

2  substantive issues and maybe if you'll respond to the Motion

3  to Dismiss in a week, we -- this is the first we've ever

4  seen of the class --

5          THE COURT:  Okay.

6          MS. SCHWEITZER:  -- certification allegations.

7          THE COURT:  And you may want some discovery?

8          MS. SCHWEITZER:  So, well we actually just need

9  to time to write our responsive briefing.

10         THE COURT:  Okay. Okay.

11         MS. SCHWEITZER:  So we were looking at a

12 schedule.  And I think that we more likely would be able to

13 finish the briefing in September with, you know, depending

14 on where the hearing days fall because you have the

15 holidays, and Court availability, and all of that.

16         THE COURT:  Right.

17         MS. SCHWEITZER:  It's the end of September,

18 beginning of October.

19         THE COURT:  Okay.

20         MS. SCHWEITZER:  So it isn't -- I do appreciate

21 your offer and we have every interest in moving it forward,

22 but given the fact that this is a new motion for us and

23 we're starting afresh, unlike the things that we've been

24 working on forever, that we -- the debtors would request

25 that we be given a further opportunity to brief that.

1          THE COURT:  All right.

2          MS. SCHWEITZER:  I think the second point is

3    that, you know, I would expect that if -- that nothing's

4    really over until it's over, right?  And that -- and in

5    prior examples where Mr. Keach has represented clients in

6    these similar issues, things have gotten all the way up to

7    the Third Circuit, right?

8          And so, yes, I appreciate Your Honor would -- you

9    know, if we have a couple months, Your Honor rules, and then

10   someone wants to appeal and then says no, freeze it for an

11   appeal, or a stay, or one more issue or an amended

12   complaint.  Like there's always going to be a reason that

13   it's a couple more months, a couple more months, a couple

14   more months.

15         And I think in that way, that for people who have

16   been standing by, that again, that we're happy to tell them,

17   look, you know, there is these motions pending and this is

18   the schedule, and you know, you can stay tuned.  We're happy

19   to give them a period of time that they can decide to accept

20   because we're not -- we've never given people like two days

21   notice, you know, of take it or leave it in a day or two.

22   We're happy to give people 30 days to consider the offer or

23   whatever makes sense, you know.  And, you know, the motions

24   are out there that they can always come back and accept the

25   offer later depending on what plays out.  But we do think

1    that given that people have approached and given that there

2    is an interest in whittling down claims and not having

3    people kind of stuck in the process, that it shouldn't

4    continue to pass on for more time.

5              THE COURT:  But what they can't do and this is my

6    concern, they can't accept your offer and then later be just

7    like gee, I wish I had been a member of that class.

8              MS. SCHWEITZER:  Right, Your Honor, but I have to

9    say that I think that would be more concerning if this is a

10   brand new litigation.  If this was the oh, wait, you know,

11   that you get these things in the mail, your cable bill.  You

12   didn't realize for three years that you were over paying on

13   your cable bill, right?  And just yesterday, the cable

14   company made you sign a release.

15             This litigation has been open and people have

16   been out there.  Mr. Keach has rounded up somewhere between

17   100 and 180 people.  And you would expect that he has made

18   every opportunity and effort to get people to participate.

19   And we're happy to tell people, there is a committee.  Do

20   you want to talk to him?  Here is his number.  Do you want

21   to participate?  Do you want to hold off?  That's fine, but

22   this is your offer to the extent that you do want to

23   liquidate now.

24             And quite frankly, Your Honor, we never took it

25   -- this is some of the case law that says we can settle with

1    anyone at any time.  We never took it that we, on an

2    individual basis, can't actually if someone called us up,

3    settle, right?

4              THE COURT:  I agree.

5              MS. SCHWEITZER:  I mean, we absolutely can settle

6    with people on a one off basis.  But the fact is is that we

7    do have -- we are getting calls.  We're getting calls, you

8    know, on this issue.  We're getting calls on all sorts of

9    claims, and we wanted to make sure that everyone understands

10   that on a consistent basis, this is the number, right?  And

11   so -- and it's time consuming to take calls in that basis.

12   It's time consuming to write up individual -- it's expensive

13   to write up individual stipulations.  And it's, you know,

14   for people who are sitting by the wayside, only really now

15   getting one side of the story which is hold and wait, that

16   we wanted to let them know, like look, no, there is, you

17   know.  The same way everyone else is monetizing their claims

18   and people are, you know, being able to realize and finish

19   their own claims against the debtor, you should have that

20   same opportunity, if you want that.

21             THE COURT:  But the difference here is that it's

22   under kind of the imprimatur of a Court that adds, I think,

23   a little -- other than -- it's one thing for people to

24   individually approach debtors, and it's another thing for

25   them to do it with an order of a Court in hand and a notice

1   that the Court has approved.  That's my issue.

2             MS. SCHWEITZER:  Right.  I mean, I think that can

3   easily be addressed to just say that, you know, the Court

4   hasn't made any rulings, right?  We can -- we're happy to

5   spell all that out.  The Court has not made any rulings and

6   approving this as a possible settlement that, you know,

7   authorizing the debtors to make this, the Court has not

8   taken any position with respect to the merits of the claim

9   and whether you'd be entitled to a bigger claim, or a

10  smaller claim, or whether you should or shouldn't

11  participate in this larger class, right?  As those issues

12  have not been decided and remain open before the Court.  And

13  I think that that is, you know, this free air and disclosure

14  that people can get.

15            I mean, I think that the issue is is really in

16  these cases, you start from the presumption that you're

17  allowed to talk and the burden under the case law is to show

18  actual coercion.  And there's, you know, I think --

19            THE COURT:  Right.

20            MS. SCHWEITZER:  -- all this can be addressed

21  with disclosure of just saying here is a complaint, you

22  know, that they're actively litigating, that there are

23  motions pending.  That in offering the settlement, this is

24  made by the debtors and not backstop.  You know, it's

25  approved by the Court.  It's not, you know, in the sense

1  that the Court doesn't espouse that says an adjudication of

2  your rights.

3        THE COURT:  Okay.  All right.

4        MS. SCHWEITZER:  So and we're happy to send it

5  from counsel.  We're happy to send it on the debtors'

6  letterhead, if that makes it seem less Court-ish, right?  Is

7  the debtors are extending it by themselves and we can put

8  any language that's corrective language.

9        But I think the concern is that those -- the more

10 time that goes on, then those arguments get kicked -- oh,

11 now we're this much further, we're this closer, we're this

12 -- you know, the issues are getting harder.  Now we're going

13 to be on appeal.  Like now, you know, it -- there's not --

14 this is actually the natural breakpoint is before you start

15 going into this litigation.  Before people, quite frankly,

16 are going to, you know, be subjected potentially to

17 discovery and be subjected to a longer process by which

18 their right to -- or their ability to act out is going to

19 be, you know, much more restricted and it will be slowed

20 down.

21        So I think that it's not that we're trying to be,

22 you know, manipulative to people, we're trying to give

23 people an opportunity.  And we filed this motion before

24 anything was even certified.  We're trying to give people an

25 opportunity who have been standing still, to just get

1    finality in this instance.  And I really do think that we

2    can address -- those concerns are valid concerns, but they

3    can definitely be addressed in whatever's sent out.  And

4    we're open to any suggestions in that regard.

5            THE COURT:  And then my last question for you is

6    why do you need a Court Order if this is something that you

7    can do anyway?

8            MS. SCHWEITZER:  Well, I think that we're -- if

9    Your Honor tells us we're allowed to do it without a Court

10    Order, we're happy to do it without a Court Order.  I think

11    ironically that for, you know, after all the finger

12    pointing, we like to do things publicly.  We like to let

13    people know where they are.  And the advantage of the Court

14    Order is that we don't have to come back when we resolve

15    claims on an individual basis to come back with individual

16    9019 settlements, right?

17            THE COURT:  Okay, yes.

18            MS. SCHWEITZER:  So there's a time and cost

19    issue.  And we found that in using these procedures, that

20    you don't have to spend the time and money to notice up to,

21    you know, to have stipulations signed by people.  That it's

22    just a more efficient process and it's less time consuming.

23    And quite frankly, we've used it, we've most recently used

24    it with post-petition severance claims. I think we now sent

25    out those letters.  I heard 125 acceptances in the first

10

1  week or two after the letters went out.  So people -- this

2  actually has been an effective way, where again, where

3  people want it, not where people, you know, have issues.

4  When people want it, this has been an effective and cost

5  efficient way both for the debtors and for the claimants not

6  to have to come into Court, not to have to have their name

7  on Court documents, not to have their balances publicly

8  filed or revealed, right?

9          THE COURT:  Sure, yes.

10          MS. SCHWEITZER:  So I think that that's the

11  reason we've proposed the procedures.

12          THE COURT:  Okay.  All right.  Thank you.  Thank

13  you, Ms. Schweitzer.  Mr. Botter?

14          MR. BOTTER:  Yes, Your Honor.  Again, for the

15  record, David Botter, Akin, Gump, Strauss, Hauer & Feld on

16  behalf of the official committee on unsecured creditors.

17          Your Honor, the committee is fully supportive of

18  the debtors' motion.  We have worked hand-in-hand with the

19  debtors on the development of these procedures and agree

20  with everything Ms. Schweitzer said.

21          I think that, Your Honor, what we've heard today

22  is a theme.  And the theme is regardless of the movement of

23  the mediation or the lack thereof, the debtors and the

24  committee have -- would like to move these cases forward.

25  We've had 27 omnibus claims objections filed in these cases.

1    We've had scores of claims settled.  We've had scores of

2    claims resolved.  We've had scores of claims withdrawn.

3         To the extent, Your Honor, we have 130 less

4    claims, or to the extent, Your Honor, we have 50 less

5    claims, or to the extent, Your Honor, we have 25 less

6    claims, we will have been moving these cases forward to the

7    point in time where we can get to the resolution of the big

8    issues in these cases and ultimately make distributions to

9    unsecured creditors which is what we're supposed to do, Your

10   Honor.

11        So we do think that the debtors have come up with

12   an appropriate procedure.  We think it is cost effective not

13   to have to come back every single time we enter into a

14   fairly small settlement to seek 9019 approval.  And we are

15   trying to preserve the assets of the estate and preserve the

16   time of this Court.  And so, Your Honor, again, we are fully

17   supportive.

18        THE COURT:  Very well. All right, Mr. Botter.

19   Thank you, sir.  Mr. Keach, it's been a long wait.  Good

20   afternoon.

21        MR. KEACH:  Thank you, Your Honor.  Well it's

22   always educational to sit through a day here, Your Honor.

23                    (Laughter)

24        THE COURT:  It is, it is.  For me, too.

25        MR. KEACH:  Robert Keach of Bernstein Shur here

1  with Bonnie Fatell with Blank Rome, counsel to the ad hoc

2  group.

3           Your Honor, I don't know what objection the

4  debtors were responding to, but it wasn't ours.  Let me be

5  clear about our objection.  And I think we've got to be very

6  careful to deal with two distinct groups of people here.

7  But the important point that we can't possibly make clearly

8  enough is that there is no such as a bankruptcy exception to

9  the ethics rules.

10          We have, Bernstein Shur and Blank Rome, have

11  individual attorney/client relationships with the ad hoc

12  group members, each of them.  There's no ambiguity about who

13  they are.  We filed a 2019 statement, an amended 2019

14  statement.  We listed every single member of the ad hoc

15  group as an exhibit to the complaint.  And we have now filed

16  with Court, the signature pages from the engagement letters

17  of all of those people who have signed engagement letters.

18  There is absolutely no ambiguity about that.

19          What -- we can forget about what's already

20  happened for a second and we'll get back to that, but --

21  because we don't see this as a simple motion.  This was a

22  settlement offer embodied in Settlement Procedures Motion.

23  But we can forget about the history for a second and talk

24  about what the motion proposes.  And there's been some

25  waffling on this in the course of the argument as to who

1  exactly the target audience for the motion is.  But what the

2  motion says is they want the ability to have direct

3  settlement conversations with all of the participants in the

4  deferred compensation plan.

5          Well 168 of those people have signed engagement

6  letters with our firm and with Blank Rome.  There is no

7  Bankruptcy Rule.  There is no Court Order.  There is no

8  provision of the Bankruptcy Statute of the Code or any other

9  related statute that could permit debtors' counsel or the

10 debtors at the direction of their counsel, to contact any of

11 those people about settlement directly.  It can't be done

12 under the ethics rules, Your Honor.  And even if Your Honor

13 were to issue an order authorizing them to do it, it

14 wouldn't protect them under the State Ethics Rule.  It

15 wouldn't relieve me of my reporting responsibilities under

16 the ethics rules.  It just can't be done.

17         So when we talk about the participants, we have

18 to breakup -- break them up into two groups.  There's the

19 group that is clearly, you know, consists of clients of

20 Bernstein Shur and Blank Rome.  And those people have been

21 clearly identified.  Those people can't be contacted about

22 settlement.  The Bar Rules are very clear on this.  Even if

23 one of those people were to voluntarily contact Cleary or

24 the debtor, they would have to not talk to them.

25         THE COURT:  Right.

1          MR. KEACH:  Even if they thought we weren't

2   passing along settlement offers, which is not the case, they

3   still can't talk to them.  They can't even talk to them to

4   ask them if we are passing along settlement offers.  So with

5   respect to that group, there's no way this motion can be

6   authorized as to that group because you'd be authorizing a

7   clear breach of the rules of evidence.

8          With respect to the remainder, that we'll call,

9   you know, the rest of the putative class. We'll call them

10  the non-client group.  With respect to the non-client group,

11  Your Honor, we have a number of responses there, but the

12  first is that we tend to agree with, the suggestion Your

13  Honor made from the bench.  A motion to certify the class

14  has been filed, as has a Motion to Dismiss.

15         Let the record be clear.  We would have filed

16  that Motion to Certify the class long ago.  The debtors

17  insisted that we not do so.  That our being able to file

18  that motion be tied to when they had to file their response.

19  And they tied those issues together and the constant

20  extensions of the Scheduling Order not done at our request,

21  done at the debtors' request as various other issues were

22  worked out.  We were happy to accommodate because, you know,

23  we just want to get to the point here.  But to suggest that

24  we were somehow dilatory with the class certification is

25  simply not accurate.  We would have done that a long time

1  ago.

2          But we do think that Your Honor should wait to at

3  least hear that motion before authorizing any contact with

4  the non-client group for two reasons.  One, Your Honor

5  pointed out, which is somebody would be sacrificing their

6  possible membership in the class, after full disclosure, if

7  they were to settle in the interim.

8          Secondly, Your Honor, it avoids all kinds of

9  problems if Your Honor hears that motion first.  One, you

10  could choose not to certify the class.  We happen to think

11  this a relatively easy, straightforward issue.  Obviously,

12  the debtors disagree.  But, if Your Honor, did not certify

13  the class, the issue of whether or not the debtors could or

14  could not contact them and what they said to them would be a

15  straightforward one.

16          On the other hand, if Your Honor does certify the

17  class, then Under Rule 23, all of the settlement

18  communications have to be approved by the Court.  All the

19  settlement contacts have to be approved by the Court, as

20  does any settlement.  If you allow this procedure to go

21  forward as to the non-client group and then certified the

22  class, you could have a situation where you had to undo

23  things that had been said and then bring them back into the

24  class fold and have a new set of procedures apply.  What

25  would happen to people who made deals, but hadn't had their

1  deals approved yet?  You, I mean, you are basically going to

2  have chaos.

3           Well the other problem you have, Your Honor, is

4  that what you would have been now and when Your Honor rules

5  on the Motion to Certify is essentially a competition for

6  the hearts and minds of the non-client class.  They're going

7  to call them, the steering committee from ad hoc group is

8  going to call them.

9           Incidentally, let me clarify one thing.  We

10  didn't round up anybody in this case.  All of the contacts

11  with all of the people who want to be in our client group or

12  in the ad hoc group were made by the steering committee.  We

13  were approached by Mr. Horn and Mr. Young early in this

14  case.  We have since had contact with the steering

15  committee.  All of the solicitation of membership in the ad

16  hoc group has been done by the steering committee.  We don't

17  do that.  When those people agree to be part of the group,

18  we send them an engagement letter and they sign the

19  engagement letter.  But just wanted to clarify that point.

20           But more importantly, if you allow this to sort

21  of go forward while the motion for class cert is under

22  consideration, these people are going to be inundated by the

23  steering committee, by the debtors.  They're already being

24  inundated by claims traders, Your Honor.  And incidentally,

25  there is no inability to monetize claims from the non-client

1    group.  Believe me, I think they are getting about, you

2    know, five or six opportunities to monetize their claims on

3    a weekly basis.  You know, the biggest question we have from

4    people, some from outside the group is what to do with

5    offers, unsolicited offers they've gotten from claims

6    traders.  So I don't think this is an issue about being able

7    to monetize the claim.

8              We do think that for those reasons, to one, not

9    have people have a change of heart and want to get back into

10   a class they've opted out of by settling.  Two, to avoid the

11   confusion.  Three, to avoid the competition for the hearts

12   and minds, that it'd be better off to hear the Motion for

13   Class Certification first.

14             With respect to the -- what the non-client group

15   has already been told, Your Honor, it's not enough -- what

16   -- let me just back up for a second.  As Your Honor has

17   pointed out, the case law with respect to putative classes,

18   in this case, the non-client groups, who we're only talking,

19   I believe people who are not already represented by client

20   is and I think quite accurately, that somebody who is simply

21   part of the putative class and not otherwise engaged is not

22   yet the client of the perspective class counsel.  We haven't

23   argued that.  We're only arguing that as to the people who

24   have actually engaged us.

25             And under appropriate circumstances, that a

1    defendant can approach those people to settle.  Those

2    circumstances are that there must be full and fair

3    disclosure.  There must be --

4            THE COURT:  In fact, they cited *Gulf Oil* and I

5    thought they cited it incorrectly.  As I read *Gulf Oil, it*

6    was really more a situation in which the Court was enjoining

7    -- and it was ruled inappropriate to enjoin them -- was

8    enjoining parties from telling potential class members why

9    they shouldn't be class members, if I'm not mistaken.

10            MR. KEACH:  That's right.  It was essentially

11    discouraging membership --

12            THE COURT:  Right.

13            MR. KEACH:  -- in the class, Your Honor.

14            THE COURT:  Right.

15            MR. KEACH:  And what *Gulf Oil* says is the Court

16    can regulate communications to make sure there's full and

17    fair disclosure.

18            THE COURT:  Yes.

19            MR. KEACH:  That there's -- that disclosure is

20    not misleading.  And that there is no coercion involved.

21            The -- in this case, and a case directly on point

22    we cited in the brief, Your Honor, is the *Southern Milk*

23    antitrust litigation case, because our case has -- is on --

24    is four square with the concern in that case.  In that case,

25    the defendants wanted to try to have individual settlements.

1  In that case, it was dairy farmers, but another

2  unsophisticated class.

3              THE COURT:  Right.

4              MR. KEACH:  They wanted to have individual

5  settlements with dairy farmers who were potential members of

6  antitrust plaintiff's class.  But in the course of the case,

7  there had been a number of protective orders with respect to

8  the discovery.  There had been a number of confidentiality

9  agreements signed.  And it was impossible for the people who

10  wanted to settle, to get at the information upon which they

11  could make an informed judgment.        That's our case,

12  Your Honor.  With respect to the mediation we've already

13  conducted in this case, we're bound by confidentiality.  We,

14  for example, can't tell people whether the settlement offer

15  that was made in the Settlement Procedures Motion is the

16  best one to date, in a range of the best ones to date.  We

17  can't have that conversation.  We can't reveal what happened

18  in the last non-mediated settlement that might shed some

19  light on whether people want to take this deal or not.

20              More importantly, virtually every document that's

21  been produced to us that has any material relevance to the

22  outcome is either -- was produced to us either under

23  confidentiality, or in most cases, the most revealing and

24  most important documents were produced to us under a

25  designation of attorney's eyes only.  We haven't even been

1  able to share that information with the steering committee,

2  Your Honor.

3        So as was -- as the Court pointed out in the

4  *Southern Milk* antitrust litigation, people are never, as

5  long as those provisions are in place, going to be able to

6  get the information with which they could make an informed

7  judgment.  It's not enough to go read the pleadings and the

8  briefs.  These aren't lawyers.  What they need are facts.

9  And what we can't give them are facts because they're bound

10  by that.

11        We do think that the settlement offer embodied in

12  the Settlement Procedures Motion is materially misleading.

13  It suggests and it's couched.  If you're a lawyer, you get

14  that it's couched in argument.  That the best anybody can

15  hope to do is an unsecured claim, so why not just take it

16  now and be done with it?  You know, you and I may recognize

17  that as argument, but I can tell you from the reaction we've

18  gotten from people, that other people don't see that as

19  argument, they see it as a statement of fact.  They see that

20  document as a Court document when you serve it on them.  And

21  confusion has been created about that.

22        We happen to think that these people already have

23  that in place.  But more importantly, and we don't just

24  argue what's been argued before, we don't just argue for

25  constructive trust or reformation, those are secondary

1    arguments.

2            THE COURT:  Right.

3            MR. KEACH:  What we have argued very clearly is

4    that this is the participant's money today as a matter of a

5    specific ERISA statutory trust that went into place the

6    moment it was withheld from their paychecks.

7            Some reference has been made to other cases that

8    we've been involved in.  We were involved in *New Century*

9    which just to correct my colleague, Ms. Schweitzer, didn't

10   get to the Third Circuit, we settled.  The case got settled

11   before it got there.  It settled after the District Court in

12   Delaware ruled in our favor on some fairly important issues.

13   And that case settled as a matter of public knowledge,

14   paying the participants in that case, a 65 percent premium

15   over what was then being projected to be paid to unsecured

16   claims.  So that case actually stands for the merits of

17   these top hat arguments, not for some record of delay on our

18   part.

19           *Home Bank* which was a case that started exactly

20   the same was as this one with a Turnover Motion, we settled

21   in under six months for a similar 60 percent distribution

22   above unsecured claim premium.

23           So these aren't frivolous arguments.  Other very

24   bright people from very big law firms have to convince their

25   clients to pay a lot of money to satisfy participants, Your

1   Honor.

2           The other reason I think, Your Honor, should wait

3   until you decide the Classification Motion is that we're

4   talking about the non-client group.  And I don't want to

5   speculate about why they're in or why they're out anymore

6   than anybody else, but there are some facts worth bringing

7   to bear.  And that is that the -- depending on whether

8   you're going by proofs of claims or scheduled amounts, the

9   ad hoc group members, and on a dollar amount basis,

10  represent something between $17 million and slightly over

11  $20 million of the $27 to $28 million at petition date

12  balances.  They represent a larger percentage of the later

13  date balances.

14          The -- what that means is you've got 130 or 140

15  or so of people in this non-client group, who together

16  represent a much smaller monetary pool than the ad hoc

17  group.  There are a lot of small claims in that group.  Our

18  experience with the other cases is that the reason the small

19  claimants don't participate is number one, they obviously

20  just have less at stake.  And number two, frankly, they

21  often just can't afford it, and so they ride the coattails

22  of the ad hoc group and hope for the best.

23          What that means is that if you authorize a set of

24  settlement procedures for the non-client group before

25  certifying the class, and I don't -- I'm not making the

1    suggestions anybody's going to prey on anybody, but what you

2    are left with is the most vulnerable, least economically

3    capable segment of the group.  And it seems to me you want

4    to -- we want to go out of the way to protect that group

5    even more so than the represented group.

6              So for all of those reasons, Your Honor, we think

7    your suggestion's a good one, that this motion should be

8    denied with prejudice, certainly as to the client group.

9    Without prejudice, if you wish, as to the non-client group

10   and pending class certification because we think that's

11   what's fairest to the largest group of people least likely

12   to create confusion.  And frankly, least likely to implicate

13   the ethical problems that we raised in our response.

14             The only other thing I would say, Your Honor, is

15   first with respect to the timetable.  We'd be happy to have

16   those motions heard on August 19.  That would mean

17   considerable shortening of the time for us to respond to the

18   Motion to Dismiss, but we want to get to the merits of this

19   case.  We'd also be happy to try this case on the merits in

20   September.  We only have to take a few depositions.

21   Frankly, a couple of those depositions are just to preserve

22   testimony from witnesses who are potentially beyond the

23   Court's subpoena power.  And if we could be assured that

24   those witnesses would be at trial through the debtors'

25   auspices or otherwise, we might even be able to forego some

1  of those.  So, we could be ready to go and want to be ready

2  to go very, very quickly.

3          Of the cases that we've been involved in, we

4  think this is the most straightforward in terms of not

5  qualifying as a top hat plan.  I'm sure the debtors will

6  disagree with that, but we think the discovery is pretty

7  revealing here.  And we're more than happy to get to the

8  point.  As Mr. Botter pointed out, everybody wants to get

9  this case over with and get their money.  Our clients are no

10  different than that.  They would like to get their money.

11  This is money they earned.  In some people's cases, it's

12  their life savings and we'd like to get on with giving it

13  back to them.

14          So we would be more than happy to expedite this

15  process so that the period of time between now and when Your

16  Honor certifies the class or not is shortened.

17          THE COURT:  All right.

18          MR. KEACH:  And unless Your Honor has other

19  questions, I'll rest.

20          THE COURT:  I don't, but I thank you, Mr. Keach.

21          MR. KEACH:  Thank you, Your Honor.

22          MS. SCHWEITZER:  Your Honor?

23          THE COURT:  Yes, Ms. Schweitzer?

24          MS. SCHWEITZER:  Thank you, Your Honor.  I'd like

25  to address a few points that were made by Mr. Keach.

1           First, on the client contact issue denying this

2    motion with prejudice.  I think that Mr. Keach's concern is

3    that the motion is somehow authorizing us on a go forward

4    basis to contact his named clients individually rather than

5    through him.  We already, I thought, addressed that in the

6    reply.  That if he wants to be the recipient of any future

7    communications or if he stands at the podium right now and

8    says I don't -- my clients already told me or I -- some

9    subset or whatever, we don't want it, save the letter, save

10   the paper.  That's fine.  It's easily solvable.  That's kind

11   of a complete red herring.

12           With respect to the rest of the class, while we

13   appreciate Mr. Keach's new found vigor in wanting to get to

14   the end zone here, in fact, we have been sitting around 18

15   months on unilateral discovery.  We served responses.  We

16   have served our own discovery.  We got, I don't know, you

17   know, this much stuff back.  We got a little half a box full

18   of documents back.  Whatever it is, we certainly didn't get

19   anything close to what we have.  We haven't gotten

20   depositions of his clients.  There's a new client group

21   that's changing every day.  We certainly are allowed to make

22   our own discovery.  The fact that we have, on our voluntary

23   basis, gone forward and given our side of the case forward,

24   it's a little ironic at minimum, to be told, oh, now we want

25   to hurry up.  Why don't we just have a trial on the merits,

1   when all of the issues that we could dispose of it on

2   without having to go through a trial, without having their

3   witness get deposed, should go first, right?

4           So and even in the last year, we weren't asking

5   to hold off on the Motions to Certify because we wanted to

6   slow the litigation down.  But as you'll recall, there were

7   Canadian individuals saying we don't even know if we're a

8   party to this litigation, how can you certify a class, when

9   we don't even know if we're a defendant?  So it's not to

10  point fingers at anyone, but we don't appreciate the fingers

11  being pointed at us.

12          As far as this idea of that, you know, Mr. Keach

13  concludes or suggests that people would, you know, that they

14  have very strong claims and people would be worse off if

15  they had to sacrifice their membership in a class.  I think

16  quite frankly, Your Honor, you know, I don't have a crystal

17  ball.  I wish I was so smart to know at the end of the

18  litigation.  We certainly feel strongly in our claims.  And

19  maybe and then people don't get unsecured, anything more

20  than unsecured claims.

21          A typical class action, whatever the settlement

22  is, the first thing that comes off the top is attorney's

23  fees.  So the net amount to people and the delay, I don't

24  know that we conclude that people are actually worse off if

25  they don't participate.  And even if they get a claim now or

1   in the future, monetization of claims moves all over the

2   place over time.  You look at *Delphi* that went from 100

3   cents on the dollar to cents on the dollar.  And people have

4   to make their own choice as to when and how much they want

5   to monetize their claims for.

6           Now while Mr. Keach is, you know, insistent that

7   chaos would breakout, and that we should be completely

8   gagged from talking to people, and that this is completely

9   inappropriate, ironically, the main argument he raises is

10  because there would be competing of affection.  And Mr.

11  Keach is saying by that, his steering committee is out there

12  calling people and has been for the last year and a half

13  inviting people, actively aggressively soliciting people,

14  join my class.  They've had a year and a half of a

15  unilateral approach and his clients advocating.  I'm sure if

16  they're, you know, fierce advocates.  They're sitting here

17  calling their peers saying here are all the reasons you

18  should enjoin.  Look what he's doing for me.  I have

19  confidence in him.  And what they're saying is I've been

20  doing it so it would be wrong, it would be chaotic and

21  confusion if you could actually put your view forward which

22  is the height of irony because that's his complaint to me.

23  Which is hey, if you make a settlement offer, that's only

24  one side of the story.

25          All we're hearing is that they fully intend to

1   keep dialing and they've been dialing for a year and a half.

2   So if anything, now I want to double my motion and say, well

3   we definitely should be able to put our side of the story

4   forward and say you have his call.  And from our side, you

5   can certainly get an unsecured claim and liquidate it today.

6           As far as the confidentiality, prior settlement

7   offers, and settlement generally, I think the

8   confidentiality of the information that is in -- we already

9   talked about that.  There's a lot of information that's been

10  exchanged, but his complaint reflects that there's a lot of

11  information in the public record.

12          We also while we can't talk about prior

13  settlement offers, they're not outstanding anymore.  There's

14  no pending offer.  All we know is those claims were

15  rejected.  We also can't reveal the fee claims that were

16  made as part of the settlement offers back and forth.  And

17  so as far as full information, no, there isn't.  It's not a

18  one sided upside necessarily for people and no one should

19  expect or conclude again, that there's some golden ring that

20  they're missing out on.  There's a lot of stuff that happens

21  in mediation.  All we know is that the mediation failed and

22  that there's no offer on the table other than the offer

23  that's in front of people now.

24          As far as his experience in other cases, my, you

25  know, without re-litigating other cases, my understanding of

1    *New Century* is they weren't litigating the deferred comp

2    merits, they were litigating sub con issues and other issues

3    related to the plan.  So we don't need to say that this

4    works because other cases work.  Every case is different.

5    And in this case, the claimant should be asked to evaluate

6    it based on their own, you know, the facts of their

7    claimants and where they are in the papers that are before

8    them and the facts of the plan in front of them.

9         I guess one thing I would ask Your Honor, as I

10   said, I think we completely can cure all of these issues

11   through notice, right?  We are happy to send the notices

12   from the debtor rather than counsel.  We're happy to make

13   clear in the notice that this is not a Court sanction

14   offering this, the Court didn't bless the number or rule on

15   the merits at all.  But now we do want to be able to let

16   people know of what the debtor position is so that there

17   isn't a unilateral solicitation and there isn't a unilateral

18   hard core press.

19        I mean, the one thing that Your Honor said before

20   and I would want to confirm is that Your Honor agrees that

21   the debtors, because no class is certified, the debtors are,

22   in fact, authorized in their name to send those kind of

23   letters out with or without these procedures.  Because the

24   debtors are happy to send the letters out, we came to the

25   Court to get the procedures, as I said, in order to

1  streamline and save costs.  But, you know, the debtors don't

2  feel themselves as hamstrung and we're happy to get to that

3  result any way that makes sense, but we've never viewed

4  ourselves as hamstrung from selling the individual

5  defendants.  As the cases in Delaware say, you're not

6  hamstrung, the class isn't certified.

7          THE COURT:  Well I do agree as to the non-

8  clients, that you're free to communicate.  As to parties

9  with whom Mr. Keach's firm and Ms. Fatell's firm have a

10  retainer agreement, I think that those people are off limits

11  for solicitation.

12          MS. SCHWEITZER:  Right.  And we're totally

13  respectful of that, that we, you know, we're happy to direct

14  -- as we said, I think nothing prevents us from making an

15  offer to Mr. Keach.  He's aware of the offer.  If he says

16  no, that's fine.  And we're fine to, you know, go forward on

17  that basis with respect to the settlement offers that could

18  made.

19          THE COURT:  But --

20          MR. KEACH:  Well I'll respectfully wait until --

21          THE COURT:  Yes, please.  My only concern really

22  does go to the information available to individuals.  And I

23  know that there is information on the docket.  I know that

24  you could even put together a package or a website with the

25  complaint and the Motion to Dismiss and the like.  But as

1  Mr. Keach pointed out, these are not lawyers.  And I think,

2  you know, what was isn't anymore.  We now have a Motion for

3  a Class Certification.  It's been awhile, but -- and that's

4  not laying the fault at anyone's feet at the moment.  I'm

5  not going to make that misstep.  But this is a time when

6  we're about to proceed into a different regime.  And I

7  really believe that the appropriate time -- if I certify a

8  class, a notice will go out.  We can talk about whether at

9  that same time your notice would go out saying you have a

10 choice, but I think it's inappropriate to contact people at

11 this time while we are on the verge of perhaps certifying a

12 class.  And allowing --

13         MR. KEACH:  May I, Your Honor?

14         THE COURT:  Yes.  Because communication would be

15 coming from only one side at that point.

16         MS. SCHWEITZER:  But then, Your Honor, I would

17 ask that that be a reciprocal effort, which is that there's

18 not unilateral solicitation for class members on the same

19 time, you know, maybe because that's --

20         THE COURT:  Right.

21         MS. SCHWEITZER:  -- the unfairness of this all is

22 that he has clients calling and telling people to join and

23 another side is saying oh, no, it's completely inappropriate

24 to put fingers on the scale at this point.  It's all or

25 nothing on that side.

1          MR. KEACH:  Your Honor, let me just clarify that

2     for a second.  First, let me just clarify that the -- to my

3     knowledge, the existing membership of the ad hoc group has

4     been set for months, if not a year.  We, to my knowledge,

5     the steering committee is not soliciting new members for the

6     class.  We only communicate, my firm only communicates

7     through the steering committee to the people who are our

8     clients.  We don't communicate to the larger group.  And let

9     me say for the record, and I'm happy to have this embodied

10    in an order if Your Honor wants, we won't contact members of

11    the non-client group during this period.  And I'll instruct

12    the steering committee not to do so.  We --

13          THE COURT:  That would be well.

14          MR. KEACH:  I don't disagree that it's what's

15    good for them is good for us, if we're going to allow these

16    people, you know, peace.  Then they should have peace on

17    both sides.

18          THE COURT:  Right.  And at the appropriate time,

19    they should have -- they should be -- have the information

20    needed --

21          MR. KEACH:  Agreed, Your Honor.

22          THE COURT:  -- to make a decision.  I think

23    that's my concern.

24          MR. KEACH:  Thank you, Your Honor.

25          THE COURT:  Thank you, Mr. Keach.

1            MS. SCHWEITZER:  Your Honor, a couple

2    clarifications to that.

3            THE COURT:  Yes.

4            MS. SCHWEITZER:  First, as I had noted earlier,

5    is that the Rule 2019 statement is a year out of date, if

6    not more.  And, in fact, while Mr. Keach is saying the

7    numbers haven't changed, his motion said the opposite which

8    is that the numbers were changing.  Either way that I look

9    at the 2019 statement from May and there's somewhere between

10   137 and 170 clients.  In the complaint is 162.  In his

11   motion, it says 189.

12           So the one thing I would ask is that Mr. Keach be

13   instructed to file, if he intends to appear, a Notice of

14   Appearance on who he's appearing on behalf of and a Rule

15   2019 statement and listing exactly who his clients are and

16   explaining if the clients include only those with engagement

17   letters or if there's some larger group.  We need to have

18   some clarity as to who these clients are.

19           The second thing is Mr. Keach just agreed that

20   the steering committee, which only means seven members of

21   this group of 100 whatever, would not contact any other

22   people.  And I think that if he's going to make a

23   representation, it should be that all of his clients which

24   he two minutes ago stood up and said these are all

25   individual clients, these are my clients, that he should

1  tell all of his clients, not the mere subset of seven of

2  them, that they shouldn't be going out and talking to other

3  people about joining the class.

4          MR. KEACH:  Your Honor, first on the amending the

5  2019, we're happy to do it.

6          THE COURT:  Okay.

7          MR. KEACH:  We attached every single engagement

8  letter to the last pleading.  We've had lists.  We're happy

9  to amend the 2019.  I'll happily file a Notice of

10 Appearance. I think we've certainly appeared enough times

11 and filed enough pleadings, but if she wants one, we'll file

12 one.

13          With respect to the notice, the reason I said the

14 steering committee is they're the ones who are in charge of

15 communicating, but --

16          THE COURT:  Right.

17          MR. KEACH:  -- I'm happy to have -- we'll put out

18 a notice through the steering committee that nobody is to

19 solicit further membership and that's fine.

20          THE COURT:  All right.  All right.  Thank you.

21 And -- yes, Ms. Schweitzer?

22          MS. SCHWEITZER:  So the other thing, Your Honor,

23 that maybe if you prefer, we're happy to do it by way of

24 separate motion, but the other thing that Mr. Keach has been

25 non-compliant on in the Rule 2019 is that he's been filing

1  redacted forms of his engagement letter that do not

2  disclosure what he said is redacted.  It's his fee

3  arrangements.  But regardless, 2019 requires you to

4  disclosure the entirety of your engagement.  And in this

5  case, particularly, where he's seeking class certification,

6  it's going to come into those issues as well.  But

7  regardless, 2019 does require a full disclosure of fee

8  arrangements not on just a, you know, mediation basis, but

9  on a -- put it on the record basis.  And we would orally

10  move, if you need papers on it, I'm happy to, but I think

11  it's non-controversial that the fee, the full fee letter

12  should be filed.

13          THE COURT:  Mr. Keach, is it in your view non-

14  controversial?

15          MR. KEACH:  Your Honor, I was just going to say,

16  we're about to file the full non-redacted engagement letter

17  with respect to the motion to have us appointed as class

18  counsel, so.

19          THE COURT:  Sure, that's -- I would have

20  anticipated that.

21          MR. KEACH:  We'll both include it with the 2019

22  and it will be on our motion to be appointed class counsel.

23          THE COURT:  Okay, very well.  Okay.

24          MS. SCHWEITZER:  Well that was much to do about

25  nothing for 18 months then.

1                    (Laughter)

2            MS. SCHWEITZER:  We were told it was privileged

3    for 18 months.

4            MR. KEACH:  There are so many things that are

5    much to do about nothing.  I'd say that's one of the minor

6    ones.

7            MS. SCHWEITZER:  So --

8            THE COURT:  All right.  So I am not denying your

9    motion.  I'm essentially adjourning it so that it can be

10   considered in connection more fully, including the

11   information that would be conveyed to deferred compensation

12   members to the Motion for Class Certifications.

13           MS. SCHWEITZER:  Go ahead.

14           THE COURT:  And so I'm really deferring --

15           MS. SCHWEITZER:  Um-hum, okay.

16           THE COURT:  -- decision on the motion at this

17   point.

18           MS. SCHWEITZER:  Thank you, Your Honor.

19           THE COURT:  Yes.

20           MS. SCHWEITZER:  And then with respect to the

21   briefing schedule on the motion, one of my colleagues who's

22   leading the briefing is unavailable.  He's in a deposition

23   today.

24           THE COURT:  All right.

25           MS. SCHWEITZER:  So we had proposed some dates to

1    Mr. Keach, but we would propose is that we just try to work

2    it out and put a revised scheduling order.  And then look at

3    the hearing date --

4                    THE COURT:  Good.

5                    MS. SCHWEITZER:  -- for which the Class

6    Certification Motion listed to be heard.  I expect it will

7    be late September, early October based on where the holidays

8    are looking right now.

9                    THE COURT:  Just give me a good week after the

10   reply --

11                   MS. SCHWEITZER:  Okay.

12                   THE COURT:  -- so that I have an opportunity to

13   prepare and --

14                   MS. SCHWEITZER:  Right.

15                   THE COURT:  -- hopefully --

16                   MS. SCHWEITZER:  Okay.

17                   THE COURT:  -- be able to even rule in detail at

18   the hearing.

19                   MS. SCHWEITZER:  Okay.  And would you like us to

20   start first with omnibus hearing dates or just tell you when

21   we would likely be done and see if there's another date?

22                   THE COURT:  Let's do that.  Let's see.  We'll see

23   if there's another date that I could specially schedule this

24   that's convenient for all parties.

25                   MS. SCHWEITZER:  Okay.

1          MR. KEACH:  Your Honor, may I?

2          THE COURT:  Please.

3          MR. KEACH:  I think that just so that the

4  record's clear, I think what Ms. Schweitzer is talking about

5  is the schedule for the Motion to Dismiss and the Motion for

6  Class Cert --

7          THE COURT:  Correct.

8          MR. KEACH:  -- which I think is important.  It

9  may also be important, and I'm happy to try to do this

10 offline, and then to only ask the Court for assistance.  We

11 do want to get to the merits here.  We have always wanted to

12 get to the merits.

13         THE COURT:  Yes.

14         MR. KEACH:  That's why we tried to file Motions

15 for Summary Judgment in the past.  It seems to me, it would

16 also be useful to go beyond what we have and set a trial

17 date and back from that, deadlines for the completion of

18 discovery.  As I said, we're basically done.  The debtors

19 served us their first discovery in a year or so.  Recently,

20 it's been responded to.  The fact of the matter is our

21 clients don't have much by way of information.  That should

22 come as no surprise to anybody.

23         THE COURT:  Right.

24         MR. KEACH:  But it seems to me we should set

25 deadlines for the completion of discovery and get a trial

1    date.  And if Your Honor continues the case after the Class

2    Certification Motion and the Motion to Dismiss as we hope

3    and expect, then we'll be on a definitive track to get this

4    resolved.  And we're --

5              THE COURT:  I think that's fine.  I'd like, I

6    think I mentioned just before lunch, in fact --

7              MR. KEACH:  Right.

8              THE COURT:  -- the lunch recess, that I would

9    like to have a date on the calendar reserved.  I don't know

10   how many days we're talking about for a trial, two days,

11   three days.

12             MR. KEACH:  I think a couple of days, Your Honor,

13   tops.

14             MS. SCHWEITZER:  Your Honor, I think that from

15   our side, that the Motion to Dismiss and the Class

16   Certification Motion would obviously affect that.

17             THE COURT:  Yes.

18             MS. SCHWEITZER:  As Mr. Keach noted, he only has

19   one or two people he needs to depose.  He's got 187

20   potential clients.  So we have to -- we do have to account

21   for the fact that he's had discovery for a year and a half.

22             THE COURT:  Okay.

23             MS. SCHWEITZER:  And we haven't.

24             THE COURT:  All right.

25             MS. SCHWEITZER:  So we are committed to get to

1  the merits, but I'm feeling a little gamesmanship in the

2  idea --

3            THE COURT:  A little rushed.

4            MS. SCHWEITZER:  Right.  A little gamesmanship in

5  the idea that, you know, after a year and a half one way,

6  that we're being told let's put it on for trial in

7  September.  That's for of --

8            MR. KEACH:  Well --

9            MS. SCHWEITZER:  And, you know, we're actually

10 prepared and happy to go through the merits.  We've been

11 happy to do that for a year and a half, but on the other

12 hand, it shouldn't be a game.  What I would propose, which

13 I'm fine with what Mr. Keach suggesting, is that we take it

14 offline.  We see what we can negotiate even as tentative

15 dates or how far we can get into a schedule and then we can

16 come back to Your Honor.  But I don't want it to be lost on

17 Your Honor of that while we are committed to the merits,

18 when it's our turn, we shouldn't be unduly rushed in that

19 process.

20            MR. KEACH:  Well --

21            THE COURT:  Understood.  And I --

22            MR. KEACH:  -- Your Honor, I'm happy to do it

23 offline.  I don't know about terms.  The reason we got

24 discovery in the last year and a half is we asked for it,

25 but they chose not to.  But in any event, we're not trying

1   to rush it unduly either, but we do want to get to the point

2   here.

3            THE COURT:  Sure.  You'll --

4            MR. KEACH:  I will -- we'll have -- my suggestion

5   is we have a discussion about this.

6            THE COURT:  Discuss it and obviously take your

7   time in determining how much time you might need for

8   discovery and the like and then -- nobody -- I'm not rushing

9   it, but I've had the sense, you know, today really, of

10  urgency of moving the case forward and I just want to sort

11  of pick up on that theme.

12           MS. SCHWEITZER:  Absolutely, Your Honor.

13           MR. KEACH:  Your Honor, we're there, too.  I

14  mean, this money means probably more to our clients then it

15  does to the debtors and we'd like to get there.

16           THE COURT:  Sure.

17           MR. KEACH:  Thank you, Your Honor.

18           THE COURT:  Thank you, Mr. Keach.

19           MS. SCHWEITZER:  Thank you, Your Honor.

20           THE COURT:  All right, everyone.  I think that

21  does it, Mr. Abbott?

22           MR. ABBOTT:  It does, Your Honor, thank you very

23  much.

24           THE COURT:  You get to say when it's the end.

25           MR. ABBOTT:  Your Honor, it's the end.

1                        (Laughter)

2              THE COURT:  All right.  Counsel, thank you all.

3              MS. SCHWEITZER:  Thank you, Your Honor.

4              THE COURT:  It was a pleasure to be with you, and

5    we will stand in recess.  Good day everybody.

6              MS. SCHWEITZER:  Thank you.

7              THE COURT:  Safe trip home all.

8              MR. ABBOTT:  Thank you.

9         (Whereupon, at 4:23 p.m., the hearing was adjourned.)

10

11                        CERTIFICATION

12         I certify that the foregoing is a correct

13    transcript from the electronic sound recording of the

14    proceedings in the above-entitled matter.

15

16

17    _____          13 July 2012
18    Traci L. Calaman, Transcriber                Date
19    Diaz Data Services, LLC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **14-day**(1) 27:6 | | **account**(6) 18:11 18:13 18:18 112:10 162:2 228:20 | | **adv**(4) 1:12 1:19 1:26 1:33 | | **agreement**(38) 11:7 12:14 13:4 13:12 13:13 13:15 15:19 15:22 16:1 16:3 16:7 16:15 17:23 22:5 22:15 22:18 23:9 23:11 23:17 23:20 23:22 24:3 24:4 24:13 27:22 27:23 28:1 28:9 28:25 29:6 48:16 69:16 76:1 78:24 78:25 84:18 120:22 219:10 | |
| **30-day**(1) 70:20 | | | | **advanced**(1) 12:9 | | | |
| **362(b)(9)**(9) 137:21 137:23 138:9 144:6 144:7 144:11 144:22 145:17 145:17 | | **accountants**(1) 147:9 | | **advantage**(2) 138:11 198:13 | | | |
| | | **accounted**(1) 18:22 | | **adventure**(1) 116:4 | | | |
| **a.m**(2) 1:37 8:1 | | **accounting**(2) 18:18 18:23 | | **adversary**(13) 72:4 85:9 86:9 90:22 90:25 132:8 133:22 138:21 143:9 148:24 159:19 159:22 166:19 | | | |
| **abbott**(41) 2:5 8:3 8:4 8:5 8:9 8:19 9:17 44:7 44:14 44:24 45:3 45:8 45:16 63:2 63:3 63:6 63:9 63:14 63:22 64:5 64:6 64:9 64:12 64:14 64:22 64:22 65:3 65:8 65:11 65:14 65:18 65:20 66:1 66:16 76:1 105:10 105:13 230:21 230:22 230:25 231: | | **accounts**(2) 40:13 58:13 | | | | **agreements**(6) 27:25 28:21 28:22 143:22 186:18 208:9 | |
| | | **accurate**(4) 37:11 53:25 134:21 203:25 | | **advice**(2) 145:23 184:10 | | | |
| | | **accurately**(2) 39:14 206:20 | | **advise**(1) 143:18 | | **agrees**(1) 218:20 | |
| **abbott's**(1) 8:24 | | **accused**(2) 82:25 101:7 | | **advised**(1) 83:12 | | **ahead**(5) 42:6 148:10 153:14 170:24 | |
| **abid**(1) 2:35 | | **acknowledge**(4) 45:13 155:14 180:5 180:9 | | **advisers**(1) 82:1 | | **air**(1) 196:13 | |
| **ability**(1) 36:19 78:2 78:8 95:19 95:20 95:21 102:13 138:22 140:11 197:18 202:2 | | **acknowledges**(2) 22:14 155:3 | | **advisors**(2) 82:2 116:24 | | **akin**(2) 4:31 19:13 167:6 199:15 | |
| | | **acronyms**(1) 68:19 | | **advocates**(1) 216:16 | | **alan**(1) 149:23 | |
| | | **across**(4) 40:12 41:16 68:17 90:8 | | **advocating**(1) 216:15 | | **alberto**(1) 3:32 | |
| **able**(31) 10:11 24:9 39:22 56:22 82:23 98:25 100:23 101:1 102:11 121:9 121:10 121:11 123:20 143:21 152:13 169:9 171:1 178:2 184:8 184:9 184:12 192:12 195:18 203:17 206:6 209:1 209:5 212:25 217:3 218:15 226:17 | | **act**(6) 78:1 78:3 79:21 85:1 137:4 197:18 | | **affairs**(1) 79:13 | | **all**(239) 8:21 10:25 11:21 12:8 13:19 14:7 14:19 14:21 15:4 17:24 19:3 19:7 20:17 20:17 20:23 20:25 21:18 25:9 25:14 25:19 25:25 26:7 26:17 27:11 30:19 31:1 31:6 31:10 34:12 36:22 37:1 39:6 40:4 40:4 40:7 41:7 41:12 41:18 42:22 43:25 44:3 49:3 52:1 52:17 52:17 54:21 54:24 56:1 56:11 56:25 56:25 57:16 58:2 58:14 58:15 60:23 61:3 62:14 62:17 62:24 63:8 63:16 63:20 64:11 64:21 66:7 66:17 66:17 66:24 67:19 68:11 68:23 70:19 70:25 72:17 72:20 72:25 74:10 74:24 75:18 75:21 75:23 77:21 79:10 81:3 83:14 85:6 85:16 86:6 86:15 86:21 86:24 87:10 87:20 88:13 88:25 89:24 91:20 91:25 93:1 93:18 93:25 94:14 96:11 98:1 98:1 99:9 100:1 101:9 103:7 104:9 105:11 107:15 107:18 108:23 108:25 109:1 109:2 109:8 115:24 116:14 116:18 120:11 123:11 126:22 130:4 130:6 130:13 133:12 139:4 139:5 139:19 143:11 144:16 144:17 145:8 145:16 146:19 146:21 146:25 148:1 148:25 151:5 151:10 152:1 152:5 152:15 152:20 152:25 155:10 156:16 157:23 158:11 159:5 160:6 160:6 160:23 165:17 166:8 166:25 167:20 168:8 168:16 168:18 169:21 170:2 170:7 170:10 172:3 173:19 174:21 175:18 176:7 177:12 180:23 181:2 181:4 181:20 182:4 182:9 182:10 182:10 182:23 183:3 183:18 183:22 184:14 185:19 187:4 188:16 189:20 190:1 190:12 190:14 190:22 190:25 192:15 193:1 193:6 195:8 196:5 196:20 197:3 198:11 199:12 200:18 201:17 202:3 204:8 204:17 204:18 205:10 205:11 205:15 212:6 213:17 215:1 216:1 216:17 216:25 217:14 217:21 218:10 218:15 220:21 220:24 222:23 222:24 223:1 223:20 223:20 225:8 225:24 226:24 228:24 230:20 231:2 231:2 231:7 | |
| | | **acting**(1) 50:19 | | **affect**(2) 147:6 228:16 | | | |
| | | **action**(10) 78:8 78:9 124:1 149:21 173:24 174:8 174:24 182:15 187:3 215:21 | | **affection**(1) 216:10 | | | |
| | | | | **affectionately**(1) 131:1 | | | |
| | | **actions**(8) 117:7 120:23 137:11 141:12 144:7 144:11 144:12 144:23 | | **affidavit**(2) 22:2 29:9 | | | |
| | | | | **affidavits**(1) 22:23 | | | |
| **ably**(1) 98:2 | | **active**(3) 28:4 54:13 55:18 | | **affiliates**(4) 10:3 10:23 78:4 87:21 | | | |
| **about**(149) 8:12 8:16 12:11 13:3 14:1 14:7 20:9 20:13 20:16 21:17 24:8 25:2 30:13 30:19 31:17 34:25 36:24 39:16 41:10 42:21 44:8 44:18 46:10 47:12 49:3 49:15 52:6 52:13 53:8 58:18 59:5 60:10 65:3 66:8 67:17 70:13 76:8 76:8 76:24 79:8 79:22 82:20 88:19 88:20 89:18 92:4 93:1 93:1 93:18 94:9 94:10 100:7 101:11 105:3 106:13 106:24 107:7 107:19 107:19 109:25 113:16 113:20 115:4 115:15 115:16 116:3 116:7 117:24 129:2 129:3 130:18 134:1 135:9 135:18 139:8 139:13 139:18 139:19 139:22 140:13 140:16 141:3 141:17 141:21 141:22 142:15 142:19 142:24 143:1 143:2 143:11 144:5 144:6 144:10 145:6 145:7 145:21 145:22 145:25 146:13 147:1 149:11 155:17 155:11 159:18 160:11 161:2 160:11 165:23 166:3 172:17 172:18 173:25 177:15 178:17 178:20 178:21 185:15 186:4 186:24 187:3 201:5 201:12 201:18 201:19 201:23 201:23 202:11 202:17 202:21 206:1 206:6 209:21 211:4 211:5 217:9 217:12 220:6 220:8 223:3 224:16 224:24 225:5 227:4 228:10 229:23 230:5 | | **actual**(3) 140:21 157:1 196:18 **actually**(9) 10:13 12:18 48:11 50:24 53:8 55:6 57:19 62:7 87:14 95:15 103:10 109:25 116:25 122:4 124:11 126:15 137:16 142:6 150:13 157:13 158:2 159:20 163:17 165:2 176:4 180:3 185:20 186:20 190:8 190:13 192:8 195:2 197:14 199:2 206:24 210:16 215:24 216:21 229:9 | | **affirmed**(2) 80:21 80:22 | | | |
| | | | | **afford**(1) 211:21 | | | |
| | | | | **afresh**(1) 192:23 | | | |
| | | | | **after**(34) 9:18 31:14 56:10 59:13 59:14 59:15 65:8 65:20 70:3 70:21 94:14 97:1 98:1 108:17 110:4 120:5 121:10 121:1 121:23 126:15 128:14 131:11 161:4 161:1 167:18 172:17 177:24 198:11 199:1 204:6 210:11 226:9 228:1 229:5 | | | |
| | | **actuarial**(1) 82:1 | | **afternoon**(6) 109:19 153:2 153:3 167:4 167:5 200:20 | | | |
| | | **actuary**(5) 46:3 54:22 91:23 91:24 149:13 | | **again**(54) 19:10 29:12 31:7 41:9 46:17 47:5 53:21 55:5 55:18 61:22 64:23 67:2 69:1 71:19 76:18 81:15 81:18 82:22 87:3 88:22 89:10 91:20 94:6 103:3 118:23 119:3 119:3 119:6 124:2 133:16 133:24 138:25 146:12 146:15 148:18 156:21 160:1 176:9 176:11 177:17 178:20 181:5 181:21 183:18 186:7 186:23 189:3 189:22 189:24 193:16 199:2 199:14 200:16 217:19 | | | |
| | | **added**(1) 175:20 | | | | | |
| **above**(1) 210:22 | | **addition**(6) 19:18 29:10 58:22 81:13 95:9 111:17 | | | | | |
| **aboveentitled**(1) 231:14 | | | | | | | |
| **absence**(1) 80:1 | | **additional**(7) 33:10 46:3 94:11 95:10 118:3 132:10 132:12 | | | | | |
| **absent**(1) 105:5 | | | | | | | |
| **absolute**(2) 119:22 125:11 | | **address**(11) 25:13 30:5 45:9 46:7 52:3 100:5 121:16 126:10 126:16 198:2 213:25 | | **against**(62) 10:24 11:12 11:14 14:18 16:17 16:20 31:19 32:11 32:23 33:3 34:1 34:21 35:4 35:10 36:21 37:20 67:16 68:20 68:23 68:24 70:11 78:12 87:19 87:21 97:19 98:15 99:1 112:1 114:2 114:16 117:6 119:25 120:11 120:18 120:18 121:11 121:22 121:21 121:14 122:10 123:25 124:4 125:22 131:4 133:9 138:22 144:8 144:11 144:12 144:18 144:24 145:5 146:1 146:5 146:6 149:21 150:22 153:10 157:22 172:23 192:10 195:19 | | | |
| **absolutely**(14) 81:5 87:25 94:21 98:23 101:12 106:18 106:20 107:21 120:3 120:5 126:9 195:5 201:18 230:12 | | | | | | | |
| | | **addressed**(12) 26:5 46:23 50:16 53:20 90:13 104:20 132:7 183:6 196:3 196:20 198:3 214:5 | | | | | |
| **absorbed**(1) 18:19 | | **adds**(2) 104:11 195:22 | | | | | |
| **abstain**(3) 160:5 160:10 168:25 | | **adequate**(1) 26:1 | | | | | |
| **abstention**(19) 110:24 153:16 154:5 154:8 159:7 159:7 160:11 160:12 160:14 161:22 161:25 161:25 165:20 166:14 166:16 166:24 169:4 169:6 169:14 | | **adjourned**(4) 42:24 109:24 110:4 231:9 | | **age**(1) 60:5 | | | |
| | | **adjourning**(1) 225:9 | | **agenda**(8) 8:7 9:18 44:20 44:25 64:12 66:8 110:16 171:18 | | | |
| | | **adjudication**(1) 197:1 | | | | | |
| | | **adjustment**(4) 112:2 112:15 112:16 112:16 | | | | | |
| **accelerated**(1) 29:20 | | **adjustments**(1) 113:20 | | | | | |
| **accept**(5) 172:5 173:19 193:19 193:24 | | **adler**(1) 33:20 | | **aggregate**(3) 11:5 11:8 28:23 | | | |
| **acceptable**(4) 30:20 62:14 65:23 65:24 | | **administer**(1) 162:3 | | **aggregated**(1) 189:18 | | | |
| **acceptances**(1) 198:25 | | **administered**(2) 1:5 51:11 | | **aggressive**(1) 38:5 | | | |
| **accepted**(1) 79:5 | | **administering**(1) 18:20 | | **ago**(19) 33:25 47:23 52:7 69:1 69:24 72:21 80:23 83:3 87:8 88:11 95:20 107:7 118:19 121:18 181:9 186:8 203:16 204:1 222:24 | | | |
| **access**(5) 55:10 75:17 89:5 99:25 103:2 | | **administration**(2) 52:15 | | | | | |
| **accommodate**(1) 203:22 | | **administrativ**(5) 51:18 68:7 124:8 153:21 159:2 | | | | | |
| **accomplished**(1) 9:25 | | | | | | | |
| **accordance**(1) 27:16 | | **administratively**(1) 157:4 | | **agree**(16) 66:12 81:8 84:2 84:2 103:12 126:6 127:2 143:18 169:1 182:20 189:19 195:4 199:19 203:12 205:17 219:7 | | | |
| **according**(1) 29:25 | | **administrator**(4) 51:11 51:15 59:9 60:1 | | | | | |
| **accordingly**(3) 16:8 30:25 138:5 | | **administrators**(5) 32:11 32:16 34:15 35:17 51:24 | | | | | |
| | | | | **agreed**(12) 14:12 28:19 48:4 48:10 48:25 68:11 87:12 110:7 166:20 182:21 221:21 222:19 | | | |
| | | **admission**(1) 19:4 | | | | | |
| | | **admit**(2) 163:9 165:24 | | | | | |
| | | **admits**(1) 162:17 | | | | | |
| | | **admitted**(2) 19:8 80:25 | | | | | |
| | | **admittedly**(4) 78:9 79:19 120:24 127:18 | | | | | |
| | | **adopted**(3) 112:24 113:7 113:25 | | | | | |
| | | **adopting**(1) 14:15 | | | | | |
| | | | | | | **allegations**(4) 99:14 179:12 189:22 192:6 | |
| | | | | | | **allege**(1) 67:16 | |
| | | | | | | **alleged**(2) 68:24 179:9 | |
| | | | | | | **allegedly**(1) 150:3 | |
| | | | | | | **allen**(1) 3:19 | |
| | | | | | | **allison**(3) 6:8 110:19 130:15 | |
| | | | | | | **allocated**(4) 11:7 14:3 16:20 112:9 | |
| | | | | | | **allocating**(1) 113:3 | |
| | | | | | | **allocation**(33) 9:15 10:1 10:11 10:17 10:21 11:6 11:24 13:14 13:18 13:22 14:11 14:13 14:20 15:15 16:4 16:4 16:16 16:22 17:4 20:2 22:12 22:14 24:3 24:6 24:19 26:22 27:22 28:11 28:14 28:20 29:7 38:9 113:21 | |
| | | | | | | **allow**(13) 28:15 29:20 35:3 35:15 74:2 108:4 111:22 160:22 162:14 174:5 204:20 205:20 221:15 | |
| | | | | | | **allowance**(5) 112:1 155:2 155:14 155:17 162:12 | |
| | | | | | | **allowed**(10) 120:25 125:6 127:3 155:3 172:9 181:13 183:20 196:17 198:9 214:21 | |
| | | | | | | **allowing**(4) 32:13 37:19 138:12 220:12 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **almost**(4) 55:19 71:11 159:13 159:21 | | **and**(301) 8:3 8:4 8:11 8:15 8:15 8:24 8:24 8:25 9:9 9:13 9:20 9:21 10:1 10:8 10:10 10:10 10:11 10:14 10:15 10:20 11:1 11:2 11:4 11:12 11:13 11:19 11:24 12:1 12:1 12:8 12:11 12:13 12:20 12:21 13:2 13:4 13:8 13:13 13:16 13:19 13:24 13:25 14:6 14:10 14:12 15:8 15:12 15:14 15:14 15:15 15:17 15:19 15:22 15:24 15:25 16:5 16:6 16:8 16:9 16:14 16:18 17:11 17:12 17:14 17:16 17:19 17:20 17:21 17:24 18:1 18:1 18:12 18:18 18:19 18:22 19:1 19:16 19:2 19:24 20:3 20:11 20:11 20:14 21:8 21:8 21:11 22:5 22:6 22:9 22:19 22:23 22:23 23:11 23:12 23:13 23:16 23:17 23:21 23:25 24:1 24:9 24:10 24:17 24:19 24:22 25:5 25:8 25:9 25:20 25:22 25:25 26:2 26:2 26:3 26:4 26:13 26:14 26:16 26:18 26:19 26:22 26:24 27:2 27:3 27:6 27:14 27:18 27:25 28:4 28:8 28:15 28:16 28:21 28:25 29:4 29:4 29:9 29:13 29:14 29:18 29:19 29:22 29:25 30:3 30:8 30:14 30:15 30:16 30:23 31:4 31:24 31:25 32:3 32:4 32:6 32:11 32:13 32:17 32:17 32:22 32:22 32:23 32:25 33:3 33:5 33:8 33:10 33:13 33:15 33:20 33:24 33:24 34:2 34:6 34:7 34:12 34:13 34:14 34:16 34:18 34:20 34:24 35:3 35:4 35:8 35:15 35:16 35:17 35:19 35:23 36:4 36:7 36:9 36:14 36:18 36:23 37:2 37:7 37:12 37:14 37:15 37:16 37:19 37:20 37:20 37:24 38:4 38:9 38:11 38:13 38:18 38:19 38:21 38:21 38:25 39:4 39:4 39:18 39:22 39:25 40:1 40:14 40:18 40:21 41:1 41:9 41:15 41:16 41:17 41:17 41:19 42:15 42:22 43:1 43:1 43:3 43:6 43:9 43:9 43:12 43:18 44:2 44:3 44:4 44:5 44:8 44:10 44:11 44:12 44:17 44:19 44:21 44:22 44:25 45:3 45:5 45:14 45:17 45:19 45:19 46:2 46:4 46:14 47:1 47:12 47:12 47:14 47:20 47:22 47:22 48:1 48:2 48:9 48:11 48:13 48:14 48:17 48:24 49:6 49:7 49:9 49:10 49:11 49:14 49:14 49:19 49:21 49:22 49:22 49:23 49:24 50:6 50:12 50:23 51:4 52:2 52:2 52:3 52:5 52:8 | | **and**(301) 52:8 52:9 52:10 52:11 53:9 53:11 54:3 54:4 54:5 54:17 54:19 54:20 55:5 55:9 55:13 55:14 55:21 55:22 55:23 56:8 56:11 56:14 57:2 57:10 57:22 58:2 58:5 58:6 58:8 58:9 58:12 58:13 58:14 58:19 58:19 58:21 58:24 58:25 59:3 59:6 59:6 59:7 59:8 59:8 59:10 59:14 59:14 59:15 59:18 59:18 59:21 59:21 60:1 60:2 60:7 60:11 60:12 60:14 60:17 60:21 60:23 60:23 61:8 61:12 61:15 61:17 61:19 62:18 62:21 62:21 62:22 62:23 63:14 63:21 64:1 64:2 64:2 64:14 64:20 65:6 65:11 65:20 65:22 66:4 66:11 66:15 67:2 67:7 67:9 67:11 67:15 67:17 67:19 67:21 68:2 68:8 68:10 68:12 68:12 68:20 68:25 69:5 69:9 69:9 69:12 69:15 69:19 69:20 69:22 69:22 69:25 69:25 70:3 70:9 70:9 70:17 70:21 70:21 70:22 71:1 71:5 71:22 72:2 72:8 72:14 72:17 72:17 72:24 73:1 73:3 73:4 73:10 73:11 73:10 73:12 73:16 73:17 73:24 73:25 74:3 74:6 74:24 75:5 75:15 76:3 76:20 76:23 77:6 77:11 77:21 77:22 77:24 78:11 78:12 78:14 78:18 78:18 78:20 78:23 78:25 78:25 79:1 79:2 79:5 79:17 79:20 79:22 79:25 79:25 80:4 80:8 80:8 80:16 80:23 81:10 81:12 81:14 81:14 81:19 81:20 81:25 82:7 82:8 82:14 82:16 82:17 82:24 82:24 83:20 83:21 83:25 84:7 84:9 84:13 84:15 85:4 85:5 85:14 85:23 85:24 85:25 86:13 86:16 86:17 86:25 87:11 87:13 87:15 87:20 87:22 88:7 88:7 88:10 88:11 88:13 88:16 88:17 88:19 88:22 88:22 88:24 89:8 90:1 90:2 90:4 90:7 90:8 90:8 90:9 90:20 91:2 91:3 91:13 91:14 91:14 91:17 92:8 92:16 93:3 93:9 93:9 93:10 93:12 93:13 93:15 93:24 94:2 94:4 94:4 94:9 94:9 94:10 94:12 94:12 94:18 94:20 95:4 95:10 95:11 96:5 96:15 96:17 96:17 96:20 96:22 96:23 96:24 96:25 97:7 97:9 97:6 97:9 97:11 97:16 97:23 97:24 98:1 98:3 98:4 98:4 98:5 98:24 98:24 99:13 99:16 99:16 100:4 100:5 100:5 100:11 100:14 100:18 100:21 100:22 100:23 101:2 101:7 | | **and**(301) 101:16 101:17 101:18 102:19 103:4 103:9 103:17 104:7 104:15 104:16 104:19 104:22 104:22 105:1 105:2 105:8 105:24 106:2 106:3 106:13 106:21 106:22 106:25 107:1 107:3 107:16 107:19 107:20 107:24 108:19 108:21 109:5 109:12 109:12 109:19 110:2 110:3 110:6 110:7 110:13 110:16 110:19 110:25 111:1 111:4 111:5 111:11 111:11 111:15 111:17 111:19 111:20 111:23 111:25 112:1 112:2 112:3 112:11 112:15 112:18 112:20 112:21 112:22 113:3 113:7 113:7 113:13 113:15 113:18 113:18 113:20 113:21 113:22 113:25 114:1 114:4 114:5 114:6 114:22 114:22 115:3 115:6 115:6 115:7 115:10 115:16 115:17 115:19 115:20 115:23 115:25 116:2 116:6 116:7 116:8 116:9 116:9 116:10 116:13 116:14 116:19 116:20 116:22 117:1 117:3 117:5 117:9 117:12 117:19 118:2 118:8 118:9 118:10 118:13 118:21 119:3 119:11 119:15 119:16 119:16 119:19 119:23 119:24 120:3 120:4 120:6 120:9 120:13 120:13 120:14 120:25 121:2 121:5 121:12 121:15 122:2 122:3 122:4 122:6 122:8 122:12 122:3 123:16 123:22 123:22 123:23 123:24 124:2 124:6 124:7 124:9 124:9 124:11 124:14 124:14 124:16 124:19 124:20 124:23 125:6 125:6 125:10 125:11 125:12 125:14 125:19 125:21 125:24 126:1 126:2 126:5 126:5 126:7 126:7 126:8 126:14 126:19 126:23 126:25 126:25 127:3 127:3 127:6 127:9 127:10 127:12 128:2 128:8 128:10 128:12 128:18 128:24 128:25 129:5 129:6 129:7 129:8 129:10 129:14 129:16 129:21 129:25 130:5 130:6 130:6 130:7 130:8 130:11 130:16 130:20 131:2 131:3 131:7 131:11 131:14 131:20 132:5 132:8 132:14 132:15 132:21 132:23 133:1 133:4 133:6 133:7 133:10 133:12 133:21 133:23 133:25 134:6 134:10 135:3 135:9 135:12 135:23 135:24 136:4 136:11 136:14 136:16 136:22 137:8 137:28 137:24 138:6 138:7 138:9 138:12 138:22 139:1 139:8 139:9 139:11 139:15 139:16 139:18 140:3 140:7 140:8 140:10 140:11 140:11 140:16 140:20 141:2 141:9 141:15 141:22 141:23 141:24 141:25 142:4 142:7 142:9 142:11 142:18 143:1 143:11 143:15 143:22 144:4 144:20 144:21 144:22 145:1 145:5 145:9 145:16 146:4 146:8 146:11 146:12 146:13 146:14 146:17 146:18 146:22 146:22 147:4 |
| **alone**(2) 69:13 71:8 | | | | | | | |
| **along**(11) 38:14 84:2 87:11 159:7 165:22 172:15 177:13 190:21 191:8 203:2 203:4 | | | | | | | |
| **already**(21) 60:14 60:16 66:2 124:2 124:3 164:9 173:7 173:11 177:21 182:21 183:5 183:20 201:19 205:23 206:15 206:19 208:12 209:22 214:5 214:8 217:8 | | | | | | | |
| **also**(46) 11:10 11:24 13:11 13:24 16:5 16:19 17:4 17:8 17:16 22:11 26:4 26:24 27:24 29:3 32:20 47:18 53:21 64:2 67:7 67:12 68:6 88:1 90:17 93:13 96:8 103:21 111:17 111:23 114:21 116:8 116:18 118:1 119:6 123:14 124:5 132:4 133:23 138:6 168:15 169:7 172:6 212:19 217:12 217:15 227:9 227:16 | | | | | | | |
| **alternate**(2) 136:7 136:15 | | | | | | | |
| **alternative**(6) 117:16 117:19 118:3 129:18 140:22 141:8 | | | | | | | |
| **although**(6) 92:19 94:9 100:21 132:5 149:2 152:5 | | | | | | | |
| **always**(13) 54:12 90:4 92:4 92:4 96:12 107:2 108:6 151:21 157:9 193:12 193:24 200:22 227:11 | | | | | | | |
| **ambiguity**(2) 201:12 201:18 | | | | | | | |
| **amenable**(1) 76:3 | | | | | | | |
| **amend**(10) 71:5 77:22 81:1 81:2 81:9 84:8 86:7 114:3 115:16 223:9 | | | | | | | |
| **amended**(8) 95:2 95:3 96:4 96:5 96:23 97:8 193:11 201:13 | | | | | | | |
| **amending**(2) 80:3 223:4 | | | | | | | |
| **amendment**(1) 70:19 | | | | | | | |
| **america**(3) 4:33 4:33 11:1 | | | | | | | |
| **americas**(1) 3:21 | | | | | | | |
| **among**(6) 11:7 16:22 35:12 47:11 147:10 157:21 | | | | | | | |
| **amount**(18) 28:23 38:21 78:22 78:24 79:2 80:15 83:23 96:7 113:24 116:12 144:6 155:1 155:18 172:23 189:12 191:7 211:9 215:23 | | | | | | | |
| **amounts**(17) 79:3 79:6 113:19 119:14 120:3 120:5 120:11 120:16 126:16 127:11 127:16 127:20 128:16 128:18 129:23 136:9 211:8 | | | | | | | |
| **amtrak**(1) 108:5 | | | | | | | |

| Word | Page:Line |
|---|---|

and(301) 147:8 147:9 147:10 147:12 147:18 147:20 147:20 147:22 147:23 148:11 148:20 149:1 149:12 149:18 149:21 150:10 150:12 150:18 150:21 150:22 150:24 151:6 151:13 151:15 152:2 152:2 152:3 152:6 152:7 152:10 152:12 152:12 152:15 152:16 153:8 153:9 153:9 153:23 154:3 154:4 154:10 154:11 154:19 154:25 155:1 155:5 155:12 155:12 155:25 156:19 156:21 157:1 157:4 157:5 157:7 157:9 157:10 157:12 157:14 157:16 157:17 157:23 158:3 158:6 158:8 158:10 158:15 158:17 158:21 158:22 158:24 158:25 159: 159:1 159:3 159:3 159:4 159:9 159:11 159:12 159:16 159:19 159:20 159:22 160: 160:10 160:22 160:24 160:25 161:4 161:7 161:8 161:9 161:11 161:12 161:16 161:17 161:20 161:22 161:25 162:1 162:6 162:7 162:7 162:8 162:12 162:14 162:14 162:15 162:16 162:23 162:23 162:25 162:25 163: 163:10 163:11 163:12 163:18 163:21 163:24 164:1 164:1 164:3 164:12 164:14 164:15 164:16 164:24 165:1 165:4 165:5 165:13 165:19 165:20 165:24 166:1 166:3 166:6 166:16 166:20 166:21 166:22 167:9 167:10 167:11 167:18 168:4 168:5 168:6 168:7 168:11 168:14 168:22 168:24 169:3 169:4 169:9 169:9 169:13 169:14 170:3 170:7 170:12 170:16 171:7 171:10 171:17 171:19 171:23 172:1 172:1 172:14 172:17 172:19 172:21 172:22 172:25 173: 173:8 173:10 173:11 173:15 173:16 173:16 173:17 173:18 173:19 173:22 174: 174:11 175:2 175:11 175:17 175:18 175:19 175:21 176:5 176:7 176:8 176:9 176:9 176:10 176:13 176:13 177:2 177:3 177:10 177:11 177:12 177:24 177:25 178: 178:4 178:5 178:6 179:1 179:2 179:6 179:7 179:12 179:14 179:17 180:4 180:6 180:18 181:2 181:3 181:3 181:8 181:9 181:16 181:25 182:1 182:8 182:10 182:10 182:14 182:17 182:19 183:3 183:6 183:14 183:21 183:22 183:23 184:1 184:2 184:6 184:7 184:8 184:15 184:16 184:25 185:2 185:4 185:6 185:19 185:24 186:1 186:7 186:7 186:17 186:18 186:19 186:22 186:2 187:1 187:3 187:4 187:4 187:4 187:5 187:22 187:23 188:6 188:12 188:16 188:1 188:19 188:20 189:5 189:10 189:14 189:15 189:16 189:19 189:24 190:13 190:14 190:16 190:17 190:18 190:20 191:2 191:3 191:12 191:17 191:24 192:2

and/or(2) 86:25 147:13
ann(1) 142:11
anna(2) 22:2 29:10
annie(1) 2:6
another(23) 24:5 56:8 56:16 69:19 70:9 90:10 118:25 122:14 128:20 140:1 146:3 153:8 158:19 159:14 165:21 171:13 173:4 175:19 195:24 208:1 220:23 226:21 226:2

answer(4) 133:18 142:23 166:21 186:18
answers(1) 191:20
anticipate(1) 72:8
anticipated(3) 34:12 149:2 224:20
antitrust(3) 207:23 208:6 209:4
any(113) 10:21 12:13 12:17 13:7 13:7 13:8 16:21 20:5 22:20 23:1 24:5 24:15 38:24 40:19 40:22 41:5 41:23 42:9 48:16 48:17 48:18 48:24 50:19 53:1 53:14 55:2 57:22 59:21 60:22 64:7 68:25 70:19 70:2 73:22 73:24 76:3 82:10 82:17 83:13 85:1 85:11 87:15 89:7 93:20 94:1 94:13 94:3 98:16 100:17 100:18 100:25 102:4 104:5 107:9 109:6 119:23 119:24 120:2 120:2 122:24 123:13 124:15 124:16 130:11 130:23 131:18 131:19 132:1 132:1 132:24 133:19 134:3 134:4 134:4 134:14 134:15 134:24 135:1 137:6 141:1 141:2 143:12 145:14 145:16 147:16 147:18 147:24 149:21 150:2 150:3 161:15 169:24 172:7 172:19 177:1 183:7 188:18 195:1 196:4 196:5 196:8 197:8 198:4 202:8 202:10 204:3 204:20 208:21 214:6 219:3 222:21 229:25

anybody(7) 23:1 30:23 205:10 209:14 211:6 212:1 227:22

anybody's(2) 24:5 212:1
anymore(3) 211:5 217:13 220:2

and(230) 192:7 192:12 192:15 192:15 192:21 192:22 193:4 193:4 193:8 193:9 193:10 193:15 193:17 193:18 193:23 193:24 194:1 194:2 194:5 194:6 194:13 194:15 194:17 194:17 194:18 194:19 194:24 195:9 195:10 195:11 195:13 195: 195:18 195:18 195:24 195:25 196:5 196: 196:12 196:12 196:16 196:17 196:18 196:24 197:4 197:7 197:17 197:19 197:23 198:1 198:3 198:5 198:13 198:18 198:19 198:20 198:22 198:23 199:4 199:5 199:19 199:22 199:23 200:8 200:14 200:15 200:1 201:5 201:10 201:15 201:20 201:23 201:24 202:6 202:12 202:20 202:20 203:1 203:19 204:14 204:21 204:23 204:24 205:4 205:6 205:13 205:18 205:24 206:9 206:12 206:20 206:21 206:25 207:2 207:4 207:7 207:15 207:16 207:20 207:21 208:9 208:20 209:7 209:9 209:13 209:16 209:16 209:20 209:23 210:13 211:4 211:7 211:9 211:10 211:20 211:21 211:22 211:25 212: 212:10 212:12 212:23 213:1 213:7 213:9 213:12 213:15 213:18 214:7 214:23 215:4 215:14 215:18 215:19 215:23 215:25 216: 216:4 216:7 216:8 216:10 216:12 216:12 216:14 216:15 216:19 216:20 217:1 217:1 217:2 217:4 217:4 217:5 217:7 217:16 217:16 217:18 217:21 218:2 218:5 218:7 218:8 218:17 218:20 219:1 219:2 219:9 219:12 219:16 219:22 219:25 219:25 220: 220:3 220:6 220:12 220:22 220:22 221:8 221:9 221:11 221:18 222:6 222:9 222:10 222:14 222:15 222:15 222:22 222:24 223: 223:11 223:19 223:21 223:24 224:9 224:17 225:14 225:20 226:2 226:2 226:13 226:19 226:21 227:5 227:9 227:10 227:16 227:17 227:25 228:1 228:2 228:3 228:4 228:15 228:21 228:23 229:5 229:9 229:10 229:11 229:15 229:21 229:24 230:6 230:8 230:8 230:10 230:15 231:4

and/or(2) 86:25 147:13
ann(1) 142:11
anna(2) 22:2 29:10
annie(1) 2:6
another(23) 24:5 56:8 56:16 69:19 70:9

answer(4) 133:18 142:23 166:21 186:18
answers(1) 191:20
anticipate(1) 72:8
anticipated(3) 34:12 149:2 224:20
antitrust(3) 207:23 208:6 209:4

anyone(22) 15:1 19:2 19:4 20:21 24:20 38:25 40:5 43:15 46:12 57:22 129:6 129:1 132:18 142:18 177:2 184:25 185:2 185:11 185:13 189:9 195:1 215:10

anyone's(1) 220:4
anything(29) 13:15 18:10 39:4 43:19 53:12 54:22 70:13 76:24 91:23 104:9 108:13 121:25 126:17 126:18 134:13 141:17 141:17 143:21 146:2 161:21 167:2 177:21 185:14 187:13 187:24 197:24 214:19 215:19 217:2

anyway(1) 198:7
apac(2) 11:2 13:12
apart(1) 38:21
apologize(2) 74:13 159:9
appeal(11) 87:10 96:2 153:20 153:21 153:21 159:3 159:3 164:1 193:10 193:1 197:13
appealed(2) 52:8 157:6
appeals(2) 97:24 148:25
appear(5) 61:25 62:10 89:2 142:2 222:13
appearance(7) 61:12 62:20 185:20 185:22 186:2 222:14 223:10

appearances(4) 4:31 5:1 6:1 7:1
appeared(2) 141:25 223:10
appearing(1) 222:14
appears(1) 139:19
appellate(2) 36:22 81:4
applicable(12) 61:9 73:1 90:16 103:17 104:7 104:18 136:23 160:15 163:13 169:7 169:13
applicants(3) 28:10 29:2 29:5
application(4) 18:8 156:9 156:13 156:13
applied(4) 49:16 93:11 143:15 164:24
applies(2) 59:8 144:22
apply(20) 59:7 81:16 84:14 84:24 85:3 93:10 93:20 93:23 145:2 145:17 157:25 161:22 163:12 163:19 163:21 164:16 166:15 166:16 169:5 204:24

appointed(6) 15:11 47:14 47:20 48:2 224:17 224:22

appointing(1) 33:17
appointment(1) 47:25
appreciate(9) 41:19 61:12 152:16 170:3 191:20 192:20 193:8 214:13 215:10

approach(9) 27:9 65:4 104:3 113:3 151:23 169:18 195:24 207:1 216:15

approached(6) 37:22 42:9 172:25 173:3 194:1 205:13

approaches(1) 186:4
appropriate(31) 25:8 40:2 45:21 61:8 64:18 65:9 68:11 75:25 76:4 90:18 97:2 100:17 100:25 108:1 112:20 131:23 133:18 137:9 146:24 150:10 150:19 151:1 152:2 154:10 167:19 188:8 190:14 200:12 206:2 220:7 221:18

appropriately(1) 152:3
approval(7) 26:17 27:24 48:21 58:25 60:12 127:5 200:14

approvals(1) 17:21
approve(6) 9:13 24:16 25:23 27:21 80:5 171:4

approved(18) 26:14 27:18 29:19 58:24 58:25 59:9 59:14 59:23 59:24 60:1 60:2 60:14 114:1 196:1 196:25 204:18 204:19 205:1

approves(1) 59:10
approving(1) 196:6
approximately(1) 22:8
april(4) 37:22 48:1 48:3 68:25

ara(1) 13:12
arbor(1) 142:11
are(301) 8:14 8:17 9:8 10:22 10:25 11:1 11:16 11:16 11:18 11:20 11:21 11:23 12:8 12:9 12:19 13:5 13:16 13:20 13:20 15:13 15:14 15:25 16:6 16:10 17:16 17:21 20:5 22:6 22:19 22:20 24:7 24:16 26:4 26:6 26:7 26:10 27:5 28:4 29:3 29:5 32:2 32:2 32:3 33:1 35:5 35:8 35:22 36:2 36:4 36:24 37:4 37:8 37:10 38:7 39:18 40:17 40:25 41:1 42:4 43:10 44:19 44:20 44:24 45:6 46:14 47:11 48:9 49:16 50:6 50:7 50:16 51:10 52:2 52:8 52:12 52:13 53:2 53:19 53:25 54:3 54:12 55:1 55:5 55:14 56:13 57:1 57:1 58:22 58:24 59:1 60:9 60:12 60:16 61:9 61:18 61:18 62:20 63:24 64:3 64:24 65:6 66:14 66:16 67:4 67:13 68:21 68:22 69:3 69:10 69:11 69:12 70:13 70:19 71:12 72:12 72:16 73:5 73:21 73:23 76:19 76:20 77:24 81:6 82:3 82:17 82:24 83:14 83:23 83:24 84:15 86:13 86:16 88:13 88:25 89:2 90:7 90:21 90:22 91:13 92:8 94:7 94:16 95:2 95:7 95:9 96:6 96:7 96:12 96:21 97:4 97:11 97:18 97:25 98:4 99:5 99:11 99:14 99:21 101:22 102:9 103:16 106:1 107:23 109:19 110:11 110:12 110:13 110:13 110:17 110:20 111:3 115:24 116:10 116:25 117:15 117:16 118:3 119:19 119:22 120:5 120:9 120:12 120:13 120:21 123:12 123:17 124:5 124:8 124:17 124:20 124:21 124:25 125:1 125:2 125:5 125:25 126:16 129:19 129:19 131:22 132:17 133:21 134:5 134:6 134:9 134:10 134:23 134:23 135:14 135:14 135:15 135:17 135:22 136:24 136:24 137:11 137:14 137:16 137:22 139:24 140:15 141:4 141:16 142:3 143:15 143:15 143:16 149:1 150:12 151:21 152:12 153:15 154:4 154:7 154:16 155:20 155:21 156:8 156:17 156:25 157:2 157:19 158:12 158:13 159:22 160:18 161:3 161:13 162:18 163:19 167:10 167:12 167:13 167:17 168:12 170:16 170:18 170:25 171:4 171:8 171:17 171:25 173:7 174:1 174:3 174:13 176:3 176:4 176:5 176:6 176:6 178:5 179:3 179:23 180:8 180:9 180:19 180:20 181:12 184:1 184:5 184:8 185:16 186:3 186:13 186:14 188:16 188:19 188:22 189:2 189:4 189:4 189:13 189:14 189:15 189:24 190:19 191:21 193:24 195:7 195:14

aren't(10) 63:15 70:8 97:17 136:23 174:19 178:23 179:14 179:16 209:8 210:23

argue(3) 180:19 209:24 209:24
argued(4) 157:15 206:23 209:24 210:3
arguing(2) 79:8 206:23
argument(12) 69:17 81:16 95:2 132:16 157:12 168:24 170:4 201:25 209:14 209:17 209:19 216:9

arguments(16) 24:6 74:24 135:12 137:6 146:22 152:16 179:14 179:16 180:19 181:2 181:11 190:25 197:10 210:1 210:17 210:23

arise(3) 61:3 61:6
arising(4) 156:18 156:18 156:23 156:23
aristeia(2) 7:22 7:22
arm(1) 136:3
arm's(2) 15:24 112:10

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**around**(18) 15:16 16:4 20:15 30:22 94:4 106:7 112:7 113:5 118:2 121:5 123:11 157:23 181:2 185:19 189:7 189:8 189:16 214:14

**arrangement**(1) 19:17
**arrangements**(3) 186:24 224:3 224:8
**arrived**(2) 29:11 118:8
**arsht**(1) 2:3
**article**(1) 122:15
**asia**(3) 11:1 13:13 14:5
**aside**(3) 53:24 77:16 183:22
**ask**(21) 19:4 25:8 35:21 45:4 66:8 86:20 88:6 88:10 90:18 133:11 144:21 150:11 150:22 160:5 187:12 190:24 203:4 218:9 220:17 222:12 227:10

**asked**(17) 30:2 37:23 67:6 88:10 96:13 100:16 103:7 110:5 159:3 166:18 184:10 184:11 184:12 186:21 187:5 218:5 229:24

**asking**(19) 33:4 33:10 33:21 47:11 49:9 80:5 80:6 86:7 86:15 89:16 90:22 94:11 118:11 120:21 145:7 185:13 185:13 190:2 215:4

**aspect**(1) 95:11
**assembled**(1) 92:8
**assert**(3) 71:17 78:2 137:7
**asserted**(4) 37:19 67:13 95:10 133:9

**assertion**(1) 159:18
**assertions**(1) 134:19
**assess**(12) 41:5 82:2 118:7 121:1 121:3 121:25 127:21 131:17 133:5 138:15 138:22 150:1

**assessed**(1) 136:11
**assessment**(16) 119:24 121:2 121:13 121:17 122:10 126:11 131:4 131:22 134:1 134:21 137:1 137:22 138:18 148:1 155:1

**assessments**(8) 118:3 124:6 126:9 127:20 127:20 128:14 129:24 146:5

**asset**(1) 162:6
**assets**(5) 15:14 116:23 121:24 179:23 200:15

**assistance**(1) 227:10
**associated**(5) 18:10 27:25 60:8 60:18 180:12

**assuming**(1) 72:12
**assumption**(2) 99:17 143:19
**assure**(1) 106:23
**assured**(1) 212:23
**attach**(20) 71:10 71:15 71:18 72:19 72:21 72:25 73:2 73:20 90:15 91:15 93:9 93:17 95:5 97:21 101:19 102:1 102:24 103:19 104:8 104:10

**attached**(18) 72:11 72:12 79:20 86:4 95:10 97:17 97:17 97:18 98:25 100:12 101:23 102:19 102:21 103:16 184:15 186:21 188:16 223:7

**attaching**(4) 73:12 85:22 97:9 97:21
**attachment**(2) 66:13 66:14
**attachments**(1) 160:22
**attain**(1) 60:4
**attempt**(3) 43:3 78:18 79:17
**attempted**(1) 119:24
**attempting**(3) 118:24 120:4 146:3
**attempts**(1) 118:4
**attention**(7) 23:19 42:20 77:8 124:15 133:12 133:25 139:2
**attorney**(4) 134:16 141:25 142:1 184:7

**attorney's**(5) 175:2 183:2 187:2 208:25 215:22

**attorney/client**(2) 186:19 201:11
**attorneys**(2) 185:6 189:8
**attribution**(1) 181:1
**auction**(2) 33:14 33:16
**audible**(5) 15:3 19:6 20:22 40:6 43:16
**audience**(1) 202:1
**audio**(5) 133:10 133:11 136:23 136:25 138:17

**audit**(12) 131:11 153:18 155:1 155:5 155:5 155:11 155:25 156:2 156:5 168:6 168:9 168:14
**auditing**(1) 165:2
**august**(15) 47:15 71:3 77:6 83:9 83:11 83:13 83:16 83:17 84:5 86:16 96:21 106:7 191:3 191:21 212:16

**aurelius**(2) 5:8 5:9
**auspices**(1) 12:2
**authorities**(6) 111:25 136:17 158:11 159:16 159:23 169:11

**authority**(10) 3:11 112:19 113:14 117:1 147:5 153:4 158:22 162:8 176:21 190:2

**authorize**(1) 211:23
**authorized**(2) 203:6 218:22
**authorizing**(6) 134:17 196:7 202:13 203:6 204:3 214:3

**authors**(1) 45:4
**automatic**(21) 68:9 78:13 78:17 79:8 82:9 101:1 101:8 101:13 120:1 120:12 121:2 123:9 123:21 125:21 128:18 138:16 138:1 144:1 144:5 145:2 145:3

**automation**(1) 58:8
**availability**(1) 192:15
**available**(10) 17:3 73:13 89:19 97:19 98:14 102:19 109:5 155:10 189:10 219:22

**availed**(2) 137:23 138:3
**ave**(1) 3:33
**avenue**(2) 3:6 3:21
**avoid**(6) 83:9 123:20 139:1 191:11 206:10 206:11

**avoids**(1) 204:8
**aware**(11) 34:3 35:5 47:18 57:1 57:18 57:19 111:8 111:19 132:7 179:14 219:15

**away**(4) 8:11 10:14 17:3 123:24
**awhile**(2) 115:8 220:3
**back**(62) 10:8 21:14 35:18 37:7 37:20 39:4 64:12 69:15 70:4 76:10 76:14 76:15 77:23 78:19 79:1 79:7 79:9 80:2 86:25 87:7 88:14 92:16 94:6 97:1 109:5 109:8 114:21 115:16 122:3 124:19 125:12 127:2 128:6 141:15 146:14 146:14 149:17 157:10 157:15 162:25 164:1 168:5 168:23 170:12 175:10 180:2 181:4 186:22 193:24 198:14 198:15 200:13 201:20 204:23 206:9 206:16 213:13 214:17 214:18 217:16 227:17 229:16

**background**(3) 33:13 115:18 183:23
**backstop**(1) 196:24
**bad**(1) 76:8 76:8 128:9 128:10
**badgering**(1) 127:1
**balance**(11) 8:13 44:16 64:14 65:1 66:4 173:13 177:9 178:10 178:14 178:19 182:21

**balances**(8) 17:9 28:25 174:10 183:10 183:14 199:7 211:12 211:13

**balancing**(1) 147:16

**ball**(1) 215:17

**bank**(8) 4:33 4:33 5:39 5:39 18:11 18:13 175:21 210:19

**banking**(1) 58:6
**bankruptcies**(1) 122:16
**bankruptcy**(38) 1:1 1:41 26:25 59:15 71:13 71:14 72:1 85:10 91:3 123:17 135:11 136:24 137:4 137:12 137:15 137:1 138:19 139:8 141:3 141:3 156:24 156:24 157:2 157:10 157:18 158:15 159:1 162:4 162:5 173:23 173:25 179:23 179:23 179:25 184:5 184:17 201:8 202:7 202:8

**bar**(9) 70:16 70:17 79:9 161:11 161:13 169:18 183:8 183:14 202:22

**barbieri**(3) 119:1 124:1 149:23
**barclays**(4) 4:42 4:42
**barred**(3) 82:8 120:12 120:14
**barristers**(1) 83:14
**barry**(5) 5:14 5:15
**bars**(1) 120:3
**based**(17) 66:2 69:4 71:18 72:17 77:2 84:25 91:13 96:7 96:8 113:6 114:13 115:25 120:6 121:25 137:23 218:6 226:7

**basic**(1) 26:3
**basically**(16) 55:2 83:8 84:16 86:16 94:5 114:6 122:21 135:3 137:25 164:1 176:2 182:6 184:1 190:4 205:1 227:18

**basing**(1) 101:23
**basis**(34) 35:19 46:7 52:5 55:20 74:2 79:17 97:13 97:19 101:18 112:10 117:2 122:1 144:1 166:9 166:23 171:17 173:12 174:5 174:9 177:1 187:6 189:13 195:2 195:6 195:10 195:11 198:15 206:3 211:9 214:4 214:23 219:17 224:8 224:9

**bayard**(1) 3:31
**bear**(3) 126:22 135:11 211:7
**beasley**(2) 5:18 5:19
**because**(102) 14:4 21:6 25:20 30:9 34:25 38:7 40:13 41:1 42:6 44:18 52:25 53:14 53:17 53:20 62:7 64:19 69:6 70:12 75:11 81:3 84:8 87:5 87:16 87:21 88:16 89:17 92:1 92:19 98:13 98:16 99:22 100:3 102:6 102:14 106:14 107:1 107:13 112:4 114:12 115:7 115:14 117:21 120:7 121:8 122:5 122:10 124:15 125:3 125:13 125:17 125:2 126:24 130:1 133:12 134:21 137:25 138:20 142:15 143:22 144:5 145:7 145:12 146:1 146:17 148:23 155:25 158:14 158:23 162:11 162:20 164:6 172:3 172:6 174:2 175:1 175:15 178:25 180:21 183:13 184:7 186:8 187:16 187:24 187:24 190:8 191:8 192:14 193:20 201:21 203:6 203:22 207:2 209:9 212:10 215:5 216:10 216:22 218:4 218:21 218:23 220:14 220:19

**become**(1) 158:19
**becomes**(1) 58:25
**becoming**(2) 72:3 153:12

**been**(163) 10:6 10:9 12:18 13:9 25:21 26:10 27:3 27:22 28:12 32:21 33:14 33:24 34:1 34:2 34:17 34:21 34:24 35:1 35:4 35:14 36:3 36:6 36:14 36:23 36:24 37:5 37:19 38:12 38:22 42:9 45:14 47:16 47:21 48:3 48:13 49:4 49:5 50:3 50:4 52:8 53:5 53:8 53:20 54:10 55:21 56:11 67:23 69:20 69:22 70:3 70:6 70:22 70:22 75:5 79:5 82:2 87:23 88:15 89:20 92:16 97:24 98:2 100:12 102:11 105:2 105:10 105:11 105:22 108:11 111:15 111:18 115:4 115:4 115:8 115:9 116:17 116:18 116:20 118:7 118:23 119:1 119:2 121:9 121:10 121:11 129:14 129:16 129:17 131:18 132:14 132:16 133:12 133:13 133:13 134:14 134:15 134:16 134:17 134:24 135:1 135:4 134:16 144:16 143:21 143:24 143:24 145:13 146:2 157:2 165:4 171:11 175:4 177:4 177:22 184:10 184:12 187:4 190:17 195:18 203:17 205:23 206:6 210:15 215:11 229:6

**before**(51) 1:40 26:22 30:8 41:6 49:17 53:20 61:18 61:18 69:10 81:9 81:10 81:20 81:21 84:9 89:22 90:13 92:7 95:15 100:9 100:19 101:2 102:7 103:2 108:13 113:1 113:2 116:10 124:17 130:19 135:16 150:1 153:25 157:18 157:24 158:14 160:18 161:11 161:12 188:7 190:13 196:12 197:14 197:15 197:23 204:3 209:24 210:11 211:24 218:7 218:19 228:6

**beginning**(4) 71:4 74:19 172:21 192:18
**behalf**(13) 31:9 39:8 39:13 53:3 62:21 64:1 109:23 125:3 137:10 153:5 167:7 199:16 222:14
**behavior**(1) 121:25
**behind**(3) 24:3 158:2 185:6
**behooves**(1) 97:20
**being**(48) 14:15 16:6 17:13 17:15 17:22 20:14 23:14 41:12 56:16 57:20 63:12 67:13 70:11 70:20 72:4 72:19 88:7 88:12 94:25 99:14 100:16 101:7 103:9 124:14 133:23 136:24 143:16 143:21 143:24 145:13 146:2 157:2 165:4 171:11 175:4 177:4 177:22 184:10 184:12 187:4 190:17 195:18 203:17 205:23 206:6 210:15 215:11 229:6

**belabor**(1) 73:22
**belaboring**(1) 154:3
**belied**(1) 95:3
**belief**(2) 77:2 79:23
**believe**(27) 25:2 25:3 25:5 45:6 55:8 55:12 62:2 77:20 89:22 108:16 116:13 116:22 119:9 122:2 124:17 135:4 135:5 135:25 145:13 150:15 156:11 162:13 179:5 182:4 206:1 206:19 220:7

**believes**(4) 132:15 133:20 134:8 135:7
**belknap**(1) 4:38
**bellows**(1) 94:17
**belong**(2) 76:14 76:15
**belyavsky**(1) 5:28
**bench**(1) 203:13
**benchmark**(1) 178:18
**bend**(1) 118:2
**beneficial**(2) 12:7 16:9
**beneficiaries**(11) 4:6 7:5 40:14 174:14 177:24 178:17 178:22 179:5 182:7 182:9 192:1
**beneficiary**(3) 171:19 171:20 172:7

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **benefit**(12) 39:7 47:2 48:23 49:13 58:18 58:24 59:19 99:23 112:22 112:23 140:15 180:23 | | **breakup**(1) 202:18 | | **but**(293) 8:9 9:24 10:7 11:5 11:8 11:23 13:3 13:7 17:4 18:6 18:10 18:20 21:13 23:18 24:12 26:5 30:16 30:24 31:13 35:2 36:12 36:20 36:25 37:8 37:12 37:15 37:18 39:20 39:24 39:24 41:7 41:10 41:15 42:23 42:11 43:10 44:9 44:20 45:5 45:13 45:23 46:8 48:10 50:10 50:22 51:24 52:12 53:11 53:20 53:24 54:2 54:9 54:21 56:7 56:11 56:14 56:22 57:1 57:5 57:11 57:18 57:23 59:13 59:23 60:16 60:17 61:7 61:17 62:8 62:12 63:16 63:24 64:4 64:16 66:11 68:1 69:3 71:8 72:16 72:19 73:2 73:11 73:22 74:9 75:18 76:1 78:12 78:16 80:10 80:22 81:18 84:24 85:7 85:15 88:9 88:23 89:7 89:24 90:7 90:10 90:17 91:10 91:18 92:5 93:1 95:7 95:13 96:19 97:1 97:4 97:13 99:2 100:20 101:5 101:11 101:15 102:8 102:14 102:23 103:5 103:12 104:11 104:22 105:4 105:21 106:1 107:2 107:25 108:4 109:20 116:8 116:24 118:15 119:8 120:18 121:6 122:3 123:8 124:2 125:14 127:5 127:20 128:9 129:3 129:17 130:6 134:24 136:3 137:2 137:18 138:25 139:11 139:17 141:17 141:21 142:4 142:15 143:10 144:1 145:17 146:7 150:19 151:1 151:19 151:21 152:12 152:17 153:13 154:19 154:22 155:1 155:16 156:9 156:13 156:21 157:5 158:10 158:11 158:22 159:1 159:10 159:18 160:3 163:4 164:3 164:8 164:20 165:5 165:19 165:23 166:22 167:25 168:20 168:24 168:25 171:3 171:4 172:6 173:9 174:2 174:18 176:6 177:1 177:4 177:17 178:1 178:12 179:1 179:16 180:4 180:8 180:18 180:19 181:3 181:22 182:1 182:12 183:7 183:12 183:19 185:19 185:21 186:12 187:10 187:17 188:20 189:2 189:17 189:22 190:7 190:10 190:25 191:1 191:6 191:15 192:22 193:25 194:9 194:8 194:21 195:6 195:21 197:9 198:2 201:4 201:7 201:20 201:23 203:1 203:23 204:2 204:12 204:25 205:19 205:20 208:1 208:6 209:17 209:23 211:6 212:1 212:18 213:6 213:20 215:6 215:10 217:10 218:15 219:1 219:3 219:19 219:25 220:3 220:5 220:10 220:16 223:11 223:15 223:24 224:3 224:6 224:8 226:10 226:1 227:24 229:11 229:16 229:25 229:25 230:1 230:9 |
| **benefits**(24) 13:20 16:10 48:6 48:17 49:1 49:10 49:19 50:16 50:19 51:14 52:5 52:10 56:13 58:19 58:19 58:20 58:21 58:22 60:8 60:9 60:9 60:18 62:3 138:3 | | **breconridge**(1) 1:31 | | | | | |
| | | **brent**(2) 5:18 5:19 | | | | | |
| | | **brian**(1) 3:5 | | | | | |
| | | **brickley**(5) 5:35 5:36 | | | | | |
| **bernstein**(5) 4:12 7:6 200:25 201:10 | | **brief**(14) 21:6 21:23 25:1 46:25 93:14 100:4 100:7 107:23 137:7 137:19 145:8 167:8 192:25 207:22 | | | | | |
| **best**(18) 17:25 21:19 27:2 28:10 40:8 58:2 63:17 103:5 104:10 137:25 171:3 178:22 189:20 189:23 208:16 208:16 209:14 211:22 | | **briefed**(1) 191:22 | | | | | |
| | | **briefing**(8) 36:7 38:2 106:2 106:11 192:9 192:13 225:21 225:22 | | **buy**(4) 50:25 53:13 140:4 140:5 | | **can**(112) 21:13 21:20 23:20 28:23 32:6 34:16 35:20 38:19 41:8 44:1 44:11 50:8 55:23 57:18 59:1 59:2 59:18 59:19 60:22 60:25 72:5 77:17 77:23 83:22 88:23 89:11 89:11 93:7 94:1 94:9 95:12 97:17 98:8 102:6 102:23 103:7 103:23 104:9 104:24 107:18 107:19 107:22 107:24 109:5 110:17 120:18 121:4 121:5 121:6 125:14 131:17 133:25 136:8 136:10 139:3 140:4 140:5 143:7 145:7 145:8 145:16 150:12 150:24 152:10 159:18 159:20 159:25 166:5 167:24 171:8 171:16 174:25 176:24 177:17 178:11 178:22 179:3 180:5 180:7 180:20 182:16 188:25 190:2 190:4 193:18 193:19 193:24 194:25 195:5 196:2 196:4 196:14 196:20 197:7 198:2 198:3 198:7 200:7 201:19 201:23 203:5 207:1 207:16 209:14 209:17 215:5 217:5 218:10 220:8 225:9 224:14 229:15 229:15 |
| **better**(7) 20:5 30:18 41:4 47:1 52:13 107:25 206:12 | | | | **buying**(1) 51:5 | | | |
| **between**(16) 11:20 12:16 12:19 29:1 50:23 69:25 74:20 84:6 111:24 113:10 154:10 163:4 194:16 211:10 213:15 222:9 | | **briefly**(4) 41:25 133:16 167:2 167:24 | | **cable**(3) 194:11 194:13 194:13 | | | |
| | | **briefs**(3) 106:1 183:6 209:8 | | **cake**(2) 101:16 142:18 | | | |
| | | **bright**(1) 210:24 | | **cala**(6) 11:2 68:20 78:12 78:13 78:18 | | | |
| **beyond**(2) 212:22 227:16 | | **brighten**(1) 89:15 | | **calaman**(1) 231:18 | | | |
| **big**(4) 14:17 142:16 200:7 210:24 | | **bring**(7) 42:20 74:7 91:3 126:23 133:24 139:1 204:23 | | **calculate**(1) 35:9 | | **canada**(19) 35:9 39:8 43:7 43:12 44:3 95:3 95:6 95:14 95:15 95:16 95:18 95:25 96:5 96:8 111:25 112:22 113:18 113:22 114:16 | |
| **bigger**(4) 174:25 175:3 186:12 196:9 | | | | **calculated**(1) 35:9 | | | |
| **biggest**(1) 206:3 | | **bringing**(2) 90:21 211:6 | | **calculating**(1) 96:24 | | | |
| **bill**(2) 194:11 194:13 | | **brings**(4) 27:21 117:3 141:15 161:24 | | **calendar**(8) 8:4 32:2 65:1 96:25 104:22 106:3 107:24 228:9 | | **canadian**(18) 8:17 21:9 22:8 26:23 30:2 30:4 35:10 42:8 42:18 112:2 112:18 112:23 114:2 175:17 175:17 175:22 175:23 215:7 | |
| **billion**(14) 35:6 35:11 35:11 58:7 67:17 75:19 112:1 112:16 112:23 114:3 114:5 114:16 114:24 115:6 | | **british**(1) 141:20 | | | | | |
| | | **broad**(3) 24:1 53:13 134:19 | | **california**(1) 158:17 | | | |
| | | **broader**(1) 19:20 | | **call**(19) 10:2 10:23 12:12 32:15 33:19 33:23 64:19 79:15 94:17 107:19 131:1 164:3 175:24 177:7 203:8 203:9 205:7 205:8 217:4 | | **cannot**(10) 40:14 53:5 123:18 134:2 134:4 140:8 142:2 142:4 145:4 145:5 | |
| **billions**(2) 18:10 138:5 | | **broadway**(1) 4:20 | | | | | |
| **binary**(1) 166:11 | | **brockville**(1) 1:30 | | | | | |
| **binding**(2) 89:2 100:21 | | **broken**(1) 31:17 | | | | | |
| **bit**(17) 20:13 32:5 42:14 44:15 44:18 47:1 54:14 62:6 81:22 104:19 109:3 111:19 117:21 121:8 125:2 163:3 190:8 | | **bromley**(107) 2:15 31:5 31:6 31:8 31:9 31:16 31:20 31:22 31:24 32:10 32:20 33:8 33:13 35:8 35:14 36:2 38:11 38:18 39:14 40:25 43:09 109:22 109:23 110:2 110:9 110:13 110:16 110:22 111:3 111:8 111:13 114:12 123:6 123:8 125:17 126:14 127:15 129:5 130:14 130:19 131:16 133:4 133:25 136:19 139:5 139:6 139:22 139:24 140:20 141:1 142:22 144:3 144:10 145:1 145:20 146:20 148:3 148:11 149:8 149:9 149:18 150:1 150:17 151:3 151:6 151:9 151:12 151:15 151:18 151:22 151:23 151:25 152:2 152:6 153:9 160:8 160:8 160:14 160:17 161:7 161:9 161:16 161:20 161:24 162:23 163:3 164:8 164:11 164:14 164:23 165:9 165:16 166:14 166:25 167:1 167:10 167:23 168:1 168:20 168:25 169:18 169:20 169:22 170:5 170:9 | | **calling**(7) 55:20 142:7 146:11 170:18 216:12 216:17 220:22 | | **capable**(2) 141:6 212:3 | |
| | | | | **calls**(7) 59:15 146:14 177:3 195:7 195:7 195:8 195:11 | | **capital**(8) 4:42 4:42 5:8 5:9 7:22 7:22 7:35 7:35 | |
| **black**(1) 104:15 | | | | | | **car**(1) 122:9 | |
| **bladder**(2) 59:7 59:8 | | | | **caloway**(1) 3:26 | | **care**(4) 40:16 45:23 104:16 178:21 | |
| **blah**(2) 160:20 160:20 160:21 | | | | **came**(6) 14:4 14:6 68:8 156:22 168:7 218:24 | | **careful**(2) 145:25 201:6 | |
| **blank**(6) 4:6 103:21 201:1 201:10 202:6 202:20 | | | | | | **carefully**(1) 61:17 | |
| | | **bromley's**(3) 131:7 132:13 168:10 | | | | **carol**(2) 7:18 7:19 | |
| **blauner**(1) 5:32 | | **brought**(3) 42:24 48:20 67:25 | | | | **carolina**(3) 121:17 121:19 142:12 | |
| **bless**(1) 218:14 | | **brown**(1) 4:18 | | | | **carr**(2) 118:24 149:23 | |
| **board**(2) 59:21 59:21 | | **brush**(1) 55:7 | | | | **carry-forward**(1) 114:19 | |
| **body**(1) 37:12 | | **bryant**(1) 2:37 | | | | **carve**(1) 12:15 | |
| **bolts**(1) 130:20 | | **buchanan**(1) 3:25 | | | | | |
| **bomhof**(1) 25:2 | | **buell**(1) 67:25 | | | | **case**(98) 1:4 1:12 1:19 1:26 1:33 12:23 16:12 19:20 20:1 20:2 21:5 23:18 26:4 50:25 51:7 59:4 62:5 62:20 63:12 64:4 64:5 67:18 69:5 70:18 70:20 72:13 73:23 75:18 81:10 83:19 84:24 85:2 85:5 85:6 85:8 85:10 88:2 93:13 93:19 94:21 97:23 98:5 101:2 111:20 116:6 135:19 144:15 147:8 148:1 149:3 155:17 156:20 157:14 159:16 169:14 172:21 176:8 176:9 179:6 180:20 181:3 183:14 185:19 185:20 187:12 190:14 191:25 194:25 196:17 203:2 205:10 205:14 206:17 206:18 207:21 207:21 207:23 207:23 207:24 207:24 208:1 208:6 208:11 208:13 210:10 210:13 210:14 210:16 210:19 212:19 212:19 213:9 214:23 218:4 218:5 224:5 228:1 230:10 | |
| **bond**(1) 54:4 | | **building**(1) 3:39 | | | | | |
| **bondholder**(1) 17:20 | | **buildings**(1) 96:17 | | | | | |
| **bondholders**(1) 34:25 | | **built**(1) 127:9 | | | | | |
| **bonnie**(5) 5:22 5:23 201:1 | | **bundle**(1) 185:9 | | | | | |
| **books**(1) 183:21 | | **burden**(12) 63:6 63:14 78:9 85:3 85:25 86:2 94:20 145:3 159:14 162:4 169:8 196:17 | | | | | |
| **border**(2) 27:17 30:10 | | | | | | | |
| **born**(1) 13:21 | | **bureaucracy**(1) 139:9 | | | | | |
| **both**(36) 16:4 17:11 17:15 22:11 22:23 25:22 27:18 30:6 30:12 30:17 32:6 33:16 34:5 35:20 38:7 43:8 58:12 59:18 93:7 93:12 95:18 106:6 111:22 113:8 113:18 113:19 121:16 136:20 143:10 153:9 173:3 189:10 191:12 199:5 221:17 224:21 | | **business**(14) 14:16 22:12 85:14 97:6 111:10 117:5 132:11 138:4 142:15 158:11 158:14 158:22 158:23 158:25 | | | | | |
| | | | | | | | |
| **bother**(1) 60:25 | | **businesses**(1) 15:13 | | | | | |
| **botter**(13) 2:34 167:2 167:3 167:4 167:6 167:6 167:15 167:20 199:13 199:14 199:11 200:18 213:8 | | **bussigel**(1) 2:13 | | | | | |
| | | **busy**(3) 9:18 89:23 159:11 | | **called**(7) 15:8 15:9 15:17 52:25 122:14 136:24 195:2 | | | |
| **bound**(3) 186:18 208:13 209:9 | | | | | | | |
| **box**(3) 3:14 93:9 214:17 | | | | | | | |
| **boxes**(1) 68:1 | | | | | | | |
| **boxing**(2) 90:3 94:9 | | | | | | | |
| **boyer**(2) 5:22 5:23 | | | | | | | |
| **brad**(3) 2:33 6:20 6:20 | | | | | | | |
| **brand**(1) 194:10 | | | | | | | |
| **brandywine**(1) 3:39 | | | | | | | |
| **breach**(1) 203:7 | | | | | | | |
| **break**(2) 65:9 202:18 | | | | | | **cash**(3) 13:24 15:13 17:6 | |
| **breakout**(1) 216:7 | | | | | | **catch**(1) 108:4 | |
| **breakpoint**(1) 197:14 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| caught(1) 140:1 | | christmas(2) 90:3 94:10 | | claims(208) 6:11 6:11 10:19 10:21 10:22 | | close(3) 80:22 126:24 214:19 | |
| caused(1) 54:18 | | chuck(2) 5:14 5:15 | | 10:24 11:11 11:21 11:25 12:16 12:17 | | closed(2) 83:11 97:4 | |
| caveat(1) 103:15 | | chung(1) 4:34 | | 12:17 12:19 12:25 13:3 13:4 13:16 14:13 | | closely(1) 17:19 | |
| ccc(1) 6:23 | | cigna(1) 59:10 | | 14:17 14:18 16:5 16:16 16:17 16:20 16:20 | | closer(3) 53:9 53:9 197:11 | |
| ceased(2) 16:11 28:4 | | circle(1) 175:20 | | 17:9 17:11 17:15 17:15 17:17 26:19 26:24 | | closure(1) 56:15 | |
| cede(6) 8:19 19:1 31:4 50:12 74:8 130:11 | | circuit(14) 26:8 26:10 80:22 100:15 | | 32:8 32:10 32:13 32:14 32:16 32:21 33:2 | | co-counsel(3) 89:15 94:25 130:16 | |
| cents(3) 127:4 216:3 216:3 | | 100:15 147:8 157:6 157:13 159:25 165:4 | | 33:5 33:19 33:25 34:1 34:6 34:10 34:21 | | coat(1) 156:20 | |
| century(2) 210:8 218:1 | | 165:11 188:6 193:7 210:10 | | 35:3 35:5 35:8 35:10 35:19 35:22 36:9 | | coattails(1) 211:21 | |
| cert(5) 33:4 34:12 94:15 205:21 227:6 | | | | 37:2 37:19 37:23 37:25 38:1 38:1 38:6 | | coax(1) 161:14 | |
| certain(27) 11:10 12:15 12:15 13:5 27:24 | | circulated(1) 149:10 | | 38:6 39:18 39:20 42:23 43:2 43:7 58:19 | | code(11) 71:13 72:1 136:24 137:12 137:15 | |
| 29:3 32:14 33:10 33:10 34:5 34:19 36:8 | | circumstanc(1) 146:2 | | 58:24 59:5 59:18 59:22 60:7 60:8 60:12 | | 137:17 138:19 140:8 141:3 184:18 202:8 | |
| 36:12 36:24 62:24 75:12 115:3 115:17 | | circumstances(9) 75:12 84:7 97:2 124:17 | | 60:13 60:15 65:6 67:13 68:11 68:23 69:14 | | |
| 117:7 117:10 118:21 143:4 160:20 161:13 | | 139:4 147:21 182:11 206:25 207:2 | | 69:25 70:5 70:6 70:11 70:13 70:18 70:22 | | coercion(2) 196:18 207:20 |
| 164:13 164:14 189:12 | | | | 71:6 71:14 72:3 72:17 72:19 72:21 73:5 | | coercive(2) 188:14 188:14 | |
| | | cited(6) 93:13 184:6 189:4 207:4 207:5 | | 73:24 74:3 75:20 76:21 83:23 88:16 88:19 | | cognizable(1) 94:2 | |
| certainly(53) 8:24 18:25 23:17 25:20 | | 207:22 | | 88:20 89:21 89:25 90:9 91:18 94:18 95:2 | | collateral(1) 124:12 | |
| 25:22 26:3 30:20 36:2 36:18 37:12 37:15 | | | | 95:3 95:7 95:7 95:8 95:9 95:14 96:4 96:5 | | colleague(2) 67:25 210:9 | |
| 38:22 41:13 41:15 44:9 45:21 45:22 57:3 | | citi(2) 5:4 5:4 | | 96:6 96:7 105:16 107:22 111:14 111:17 | | colleagues(1) 225:21 | |
| 57:23 65:23 66:8 69:5 70:2 73:4 74:12 | | citizenship(1) 122:18 | | 115:7 115:22 116:8 116:8 116:12 116:18 | | collect(10) 118:4 119:17 120:4 120:11 | |
| 75:23 77:1 81:23 88:23 92:15 92:18 95:5 | | claim(157) 9:21 11:14 14:5 36:21 36:21 | | 119:13 119:15 119:16 119:20 123:23 | | 120:23 121:24 125:7 128:17 144:18 150:1 | |
| 97:13 100:20 101:5 148:17 151:21 152:2 | | 59:13 59:23 59:25 60:1 60:1 60:2 60:17 | | 123:23 127:15 128:24 129:21 130:4 145:4 | | |
| 169:9 179:10 180:18 181:14 182:9 185:24 | | 67:9 67:20 69:6 71:7 73:8 73:11 77:21 | | 157:23 159:15 160:20 160:21 160:22 | | collected(1) 136:10 | |
| 189:10 189:23 191:7 212:8 214:18 214:21 | | 77:22 78:2 78:8 79:9 79:19 80:3 81:1 | | 161:21 167:12 167:16 168:3 169:10 171:5 | | collecting(2) 39:22 120:12 | |
| 215:18 217:5 223:10 | | 81:2 81:10 81:18 81:20 82:21 83:19 84:6 | | 171:10 171:10 171:11 171:13 172:10 | | collection(3) 26:12 119:24 120:23 | |
| | | 84:18 84:25 85:14 85:15 85:17 85:23 | | 172:21 173:4 173:6 173:7 173:25 174:3 | | collections(1) 124:7 | |
| certification(18) 105:8 173:21 176:6 | | 85:24 86:1 86:2 86:5 86:18 86:18 87:5 | | 174:7 174:10 174:15 175:6 176:8 177:7 | | |
| 184:23 184:25 188:18 191:2 191:17 192:6 | | 87:9 89:13 91:4 91:4 91:11 93:8 94:2 | | 177:14 177:16 181:18 181:19 183:10 | | come(55) 10:14 18:19 24:24 32:4 35:17 | |
| 203:24 206:13 212:10 220:3 224:5 226:6 | | 94:2 94:7 94:12 96:23 97:8 97:8 97:15 | | 183:10 183:13 183:17 183:18 184:6 188:9 | | 37:7 40:12 41:16 43:19 48:1 49:20 53:9 | |
| 228:2 228:16 231:11 | | 97:16 97:20 98:15 98:17 99:5 101:18 | | 190:11 190:14 194:2 195:9 195:17 195:19 | | 54:12 57:8 57:10 60:19 69:21 70:1 73:10 | |
| | | 101:23 102:5 102:11 102:12 107:23 112:1 | | 198:15 198:24 199:25 200:1 200:2 200:2 | | 73:25 74:4 78:14 78:21 78:23 81:9 87:9 | |
| certifications(1) 225:12 | | 112:4 114:16 115:7 119:13 120:15 127:2 | | 200:4 200:5 200:6 205:24 205:25 206:2 | | 88:24 94:6 94:13 98:10 113:15 116:3 | |
| certified(9) 173:21 182:16 184:20 188:3 | | 136:9 153:24 154:23 154:25 155:2 155:3 | | 206:5 210:16 211:8 211:17 215:14 215:18 | | 117:20 118:9 120:18 120:18 122:3 144:20 | |
| 188:8 197:24 204:21 218:21 219:6 | | 155:15 155:17 155:19 155:22 160:23 | | 215:20 216:1 216:5 217:14 217:15 | | 147:19 150:10 150:22 157:10 157:15 161:4 | |
| certifies(1) 213:16 | | 160:24 160:25 161:2 161:3 161:6 161:7 | | | | 175:20 190:16 193:24 198:14 198:15 | |
| certify(14) 181:6 188:4 191:13 191:14 | | 165:8 161:10 162:13 162:14 165:1 165:7 | | clare(2) 119:1 149:23 | | 199:6 200:11 200:13 224:6 227:22 229:16 | |
| 203:13 203:16 204:10 204:12 204:16 205: | | 165:13 165:16 165:18 166:11 166:16 | | clarification(2) 98:8 148:12 | | |
| 215:5 215:8 220:7 231:12 | | 166:20 169:1 169:1 169:2 172:7 172:22 | | clarifications(1) 222:2 | | comedy(1) 80:8 | |
| | | 172:23 173:3 173:7 173:11 177:1 177:8 | | clarified(1) 72:25 | | comes(5) 122:7 144:13 162:16 181:4 | |
| certifying(2) 211:25 220:11 | | 177:8 177:11 178:8 179:6 179:7 179:20 | | clarify(6) 105:15 167:25 205:9 205:19 | | comfortable(2) 22:6 37:8 | |
| certiorari(2) 32:25 80:24 | | 180:23 180:25 181:4 182:14 182:17 182: | | 221:1 221:2 | | coming(18) 11:8 11:12 14:1 14:2 14:3 | |
| challenge(2) 51:12 156:11 | | 183:2 183:6 183:16 183:16 183:20 196:8 | | | | 16:18 39:25 49:9 60:16 69:3 80:2 85:25 | |
| challenged(1) 115:25 | | 196:9 196:10 206:7 209:15 210:22 215:25 | | clarifying(2) 130:21 135:24 | | 107:23 118:2 136:20 157:7 191:1 220:15 | |
| challenges(1) 115:3 115:9 | | 217:5 | | clarity(2) 37:14 222:18 | | |
| challenging(4) 155:20 155:24 156:7 156:8 | | | | class(74) 105:8 173:20 173:21 173:24 | | commence(4) 12:11 16:14 28:5 78:8 | |
| chambers(2) 107:20 170:12 | | claimant(1) 218:5 | | 174:8 174:24 175:3 176:5 176:15 176:16 | | commenced(2) 12:10 79:11 | |
| chance(1) 180:13 | | claimant's(1) 183:5 | | 181:6 181:7 182:15 184:20 184:23 184:25 | | commentary(1) 84:16 | |
| change(4) 73:2 82:12 115:12 206:9 | | claimants(11) 3:31 67:14 71:3 87:17 174:4 | | 187:3 188:3 188:5 188:7 188:18 191:2 | | comments(4) 8:24 8:25 37:10 37:13 | |
| changed(3) 115:17 164:20 222:7 | | 174:22 178:16 189:1 199:5 211:19 218:7 | | 191:13 191:13 191:14 191:17 192:4 194:7 | | 38:24 39:5 40:12 41:14 130:12 130:21 | |
| changes(2) 25:12 174:17 | | | | 196:11 203:9 203:13 203:16 203:24 204:6 | | 139:12 | |
| changing(2) 214:21 222:8 | | claiming(1) 147:25 | | 204:10 204:13 204:17 204:22 204:24 205: | | |
| chaos(2) 205:2 216:7 | | | | 205:21 206:10 206:13 206:21 206:22 | | commissione(2) 153:21 157:5 | |
| chaotic(1) 216:20 | | | | 207:8 207:9 207:13 208:2 208:6 211:25 | | committed(3) 60:16 228:25 229:17 | |
| chapter(5) 1:6 134:24 135:2 136:10 140:8 | | | | 212:10 213:16 214:12 215:8 215:15 215:2 | | committee(51) 2:24 3:37 4:4 7:30 17:19 | |
| characterization(1) 132:2 | | | | 216:14 218:21 219:6 220:3 220:8 220:12 | | 19:12 19:14 30:17 34:24 46:2 47:14 47:17 | |
| characterization(1) 130:23 | | | | 220:18 221:6 223:3 224:5 224:17 224:22 | | 47:18 48:15 52:24 53:3 54:4 54:4 55:25 | |
| characterized(2) 131:17 136:25 | | | | 225:12 226:5 227:6 228:1 228:15 | | 56:20 56:22 56:24 57:15 57:17 57:19 62:8 | |
| charge(1) 223:14 | | | | | | 64:2 74:17 74:23 75:14 76:2 86:25 167:7 | |
| charging(1) 79:15 | | | | classes(1) 206:17 | | 174:21 194:19 199:16 199:17 199:24 205:7 | |
| | | | | classification(1) 211:3 | | 205:12 205:15 205:16 205:23 209:1 | |
| check(8) 51:16 51:24 52:14 93:8 126:4 | | | | clause(1) 122:19 | | 216:11 221:5 221:7 221:12 222:20 223:14 | |
| 126:17 128:8 140:9 | | | | clear(22) 40:21 40:23 49:5 52:4 55:7 61:6 | | 223:18 | |
| | | | | 85:4 90:20 91:19 105:19 147:10 147:21 | | committee's(1) 53:21 | |
| checks(2) 141:6 189:4 | | | | 148:13 179:11 179:17 188:13 201:5 202:2 | | committee(1) 53:7 | |
| chen(1) 5:40 | | | | 203:7 203:15 218:13 227:4 | | committing(2) 14:13 183:13 | |
| chief(4) 33:17 37:6 77:3 151:9 | | | | | | commonality(3) 181:17 181:17 181:21 | |
| child(1) 83:15 | | | | clearly(13) 41:16 76:1 109:23 120:1 | | commonwealth(1) 1:16 | |
| chilling(1) 157:8 | | | | 131:20 142:1 147:7 160:9 189:8 201:7 | | communicat(4) 56:23 219:8 221:6 221:8 | |
| choice(11) 96:4 124:13 142:25 166:11 | | | | 202:19 202:21 210:3 | | communicate(1) 221:6 | |
| 176:17 182:12 182:13 183:4 189:3 216:4 | | | | | | communicating(1) 223:15 | |
| 220:10 | | | | cleary(5) 2:11 5:26 9:11 31:9 202:23 | | communication(2) 53:11 220:14 | |
| choices(1) 175:5 | | | | clerk(2) 109:17 170:14 | | communications(5) 129:16 188:13 204:18 | |
| choose(6) 63:17 171:9 171:9 190:20 | | | | clerk's(2) 62:11 62:24 | | 207:16 214:7 | |
| 190:21 204:10 | | | | client(6) 205:11 206:19 206:22 212:8 | | |
| | | | | 214:1 214:20 | | comp(14) 4:5 34:4 65:14 105:18 110:3 | |
| chose(6) 87:10 140:11 158:23 158:24 | | | | | | 110:7 172:7 174:3 174:22 179:22 181:8 | |
| 168:6 229:25 | | | | clients(27) 184:16 185:25 186:4 186:14 | | 183:9 189:15 218:1 | |
| | | | | 186:14 193:5 202:19 210:25 213:9 214:4 | | |
| chosen(3) 158:13 177:25 178:1 | | | | 214:8 214:20 216:15 219:8 220:22 221:8 | | companies(3) 14:4 51:3 112:14 | |
| chris(1) 2:25 | | | | 222:10 222:15 222:16 222:24 227:21 | | companion(3) 42:22 43:8 43:11 | |
| | | | | 222:25 222:25 223:1 227:21 228:20 230:14 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **company**(12) 4:38  28:25  50:23  59:15 59:16  116:25  118:19  119:9  122:23  123:4 142:9  194:14 | | **confidentiality**(14) 53:7  55:14  75:15  76:1 82:20  89:10  89:11  89:12  134:11  208:8 208:13  208:23  217:6  217:8 | | **contribution**(4) 78:21  79:2  80:2  80:7 | | **court**(301) 1:1  8:2  8:8  8:15  8:21  9:2  9:7 9:16  9:23  10:4  11:3  11:16  11:22  12:4 | |
| **compensated**(2) 181:12  181:15 | | | | **contributions**(1) 67:15 | | 13:23  14:19  14:21  15:1  15:4  15:11  16:1 | |
| **compensation**(10) 9:21  60:4  105:16  108:17 171:5  171:10  177:16  180:22  202:4  225:1 | | **configuration**(1) 58:12 | | **control**(5) 58:5  102:10  131:12  131:25 135:22 | | 18:6  18:15  18:25  19:3  19:7  19:10  20:17 20:21  20:23  20:24  21:4  21:12  21:18  21:22 | |
| | | **confirm**(7) 22:1  22:11  42:4  52:10  110:17 128:3  218:20 | | | | 23:5  25:19  25:22  26:17  26:22  26:23  27:1 | |
| **compensation**(1) 58:22 | | | | **controversial**(1) 224:14 | | 27:5  27:11  27:18  27:18  30:6  30:11  30:20 | |
| **competent**(2) 11:25  113:14 | | **confirmation**(2) 128:2  132:23 | | **convenient**(2) 158:21  226:24 | | 31:1  31:3  31:6  31:13  31:19  32:9  32:19 | |
| **competing**(1) 216:10 | | **conflict**(1) 62:8 | | **conversation**(2) 25:1  208:17 | | 32:25  33:2  33:7  33:12  34:12  35:7  35:18 | |
| **competition**(2) 205:5  206:11 | | **confuse**(1) 63:15 | | **conversations**(1) 203:3 | | 35:21  36:1  38:10  38:17  38:19  38:25  39:6 | |
| **compiled**(1) 136:6 | | **confused**(1) 44:18 | | **conversion**(2) 90:21  91:19 | | 39:11  40:4  40:7  41:12  41:17  41:18  42:2 | |
| **complained**(1) 184:7 | | **confusing**(1) 159:9 | | **convert**(1) 91:9 | | 43:21  43:22  43:25  44:5  44:6  44:7  45:2 | |
| **complaining**(1) 185:15 | | **confusion**(6) 191:12  191:16  206:11  209:21 212:12  216:21 | | **converted**(1) 153:24 | | 45:4  45:7  45:15  45:17  46:24  47:9  47:19 | |
| **complains**(1) 177:19 | | | | **convey**(1) 40:11 | | 48:5  48:8  48:12  48:21  49:9  49:17  49:20 | |
| **complaint**(37) 82:23  84:8  85:9  86:8  86:9 90:24  91:10  91:11  98:20  99:10  128:19 132:8  133:18  142:23  142:24  143:3  166:19 166:21  175:14  175:15  179:11  179:11 179:15  179:18  185:8  186:14  187:2  187:18 189:17  189:21  193:12  196:21  201:15 216:22  217:10  219:25  222:10 | | **congress**(2) 122:16  122:17 | | **conveyed**(1) 225:11 | | 50:9  50:14  50:18  50:22  51:2  51:6  51:9 | |
| | | **connection**(5) 17:22  33:5  33:8  33:22  43:4 43:6  48:4  82:2  92:6  92:7  111:5  225:10 | | **convince**(1) 210:24 | | 51:13  51:21  52:1  52:17  52:19  52:22  53:14 | |
| | | | | **coordinate**(1) 43:4 | | 53:20  53:23  54:16  54:24  55:16  56:1  56:6 | |
| | | **conscience**(1) 127:22 | | **cordo**(2) 2:6  106:10 | | 56:19  56:25  57:3  57:10  57:16  57:21  58:3 | |
| **complaints**(3) 51:18  52:13  188:16 | | **consciously**(2) 140:11  140:14 | | **core**(10) 154:12  154:15  154:16  155:16 156:17  156:22  160:15  166:12  169:2  218:1 | | 59:12  60:25  61:3  61:5  61:10  61:12  61:15 | |
| **complete**(6) 60:12  23:18  95:13  97:21 184:4  214:11 | | **consensual**(4) 35:18  35:19  47:24  49:18 | | | | 62:9  62:14  62:17  63:5  63:8  63:13  63:19 | |
| | | **consensually**(1) 49:12 | | **corner**(3) 30:23  123:3  140:3 | | 63:21  64:7  64:11  64:13  64:16  65:2  65:7 | |
| **completed**(1) 157:18 | | **consent**(6) 16:25  88:7 | | **corners**(1) 98:20 | | 65:10  65:13  65:17  65:19  65:23  66:7  66:17 | |
| **completely**(7) 95:25  106:23  148:13  216:7 216:8  218:10  220:23 | | **consider**(5) 45:23  92:18  132:22  149:4 193:22 | | **corp**(1) 1:30 | | 66:21  66:6  67:1  67:10  68:5  68:13  68:15 | |
| | | | | **corporate**(20) 131:2  131:18  131:21  133:10 134:2  134:3  134:20  135:13  135:20  136:2 | | 71:7  71:16  71:21  72:7  72:11  72:23  73:2 | |
| **completion**(2) 227:17  227:25 | | **considerable**(1) 212:17 | | 136:5  136:10  136:12  137:10  138:1  138:15 | | 73:14  74:5  74:10  74:12  74:14  74:22  75:8 | |
| **complex**(4) 26:21  94:12  116:1  169:8 | | **consideration**(10) 17:14  25:25  28:20  48:18 48:24  57:3  61:20  75:24  101:11  205:22 | | 140:7  140:16  141:13  141:24 | | 75:21  75:23  76:5  76:7  76:10  76:11  76:13 | |
| **complexity**(6) 26:12  86:19  115:18  159:12 162:3  162:11 | | | | **corporation**(1) 123:10 | | 76:19  76:22  77:17  78:6  79:12  80:3  80:10 | |
| | | **considerations**(1) 182:10 | | **correct**(9) 56:4  66:16  162:13  165:24  170:8 176:22  210:9  227:7  231:12 | | 80:13  80:15  80:18  80:21  80:21  80:23  81:5 | |
| **compliance**(3) 185:17  187:8  187:13 | | **considered**(3) 134:16  188:14  225:10 | | | | 81:7  81:17  82:4  83:2  83:4  83:7  83:10 | |
| **complicated**(2) 178:6  178:6 | | **consistent**(4) 166:9  166:9  190:12  195:10 | | **corrected**(1) 186:1 | | 83:14  84:19  84:21  84:23  85:10  85:13  86:6 | |
| **comply**(1) 102:5 | | **consisting**(1) 79:9 | | **correction**(1) 25:13 | | 86:11  86:21  86:24  87:10  87:11  87:23  88:3 | |
| **comprehensive**(1) 154:17 | | **consists**(1) 202:19 | | **corrective**(1) 197:8 | | 89:4  90:17  90:23  91:5  91:8  91:21  91:25 | |
| **comprised**(1) 58:20 | | **consolidated**(1) 158:9 | | **correctly**(1) 148:21 | | 92:4  92:13  92:21  92:23  93:5  93:14  93:20 | |
| **compulsion**(1) 182:12 | | **constant**(1) 129:16  203:19 | | **correspondence**(1) 72:15 | | 93:23  94:14  94:17  94:23  95:15  95:23  96:1 | |
| **con**(1) 218:2 | | **constantly**(2) 146:10  179:2 | | **corresponding**(1) 112:2 | | 96:3  96:11  98:10  98:19  98:22  98:24  99:7 | |
| **conaway**(2) 2:41  39:12 | | **constituencies**(2) 20:12  62:5 | | **correspondingly**(1) 114:3 | | 99:12  99:16  99:19  100:1  101:4  101:9 | |
| **concern**(18) 34:17  36:14  37:11  41:17 55:10  72:8  77:12  77:18  103:18  104:5 165:4  174:11  194:6  197:9  207:24  214:2 219:21  221:23 | | **constituency**(5) 54:2  54:13  54:14  54:17 55:20 | | **cost**(7) 18:12  26:18  113:2  135:12  198:18 199:4  200:12 | | 101:14  101:21  102:3  102:13  103:6  103:18 103:24  104:2  104:4  104:13  104:16  105:11 | |
| | | | | | | 105:14  105:18  105:20  105:23  106:5  106:10 | |
| | | **constituents**(1) 55:12 | | **costs**(2) 135:10  219:1 | | 106:13  106:16  106:19  106:21  107:5  107:9 | |
| **concerned**(9) 13:3  34:18  44:11  60:11 96:12  98:7  153:13  169:6  186:4 | | **constitution**(2) 122:15  141:4 | | **couched**(2) 209:13  209:14 | | 107:11  107:14  107:18  108:2  108:8  108:11 | |
| | | **constructive**(3) 179:8  180:21  209:25 | | **could**(45) 16:24  24:21  25:6  27:9  30:18 49:21  49:21  58:23  58:23  62:5  103:4  110:5 | | 108:13  108:18  108:20  108:23  108:25  109:2 | |
| **concerning**(1) 194:9 | | **consult**(4) 82:7  83:20  94:8  103:3 | | 111:1  116:22  122:2  123:2  127:21  138:23 | | 109:8  109:12  109:15  109:18  110:1  110:8 | |
| **concerns**(13) 36:24  39:16  44:10  46:5  46:6 49:14  50:16  52:3  52:10  57:4  77:11  198:2 198:2 | | **consultation**(1) 82:1 | | 141:17  143:22  146:9  148:25  149:1  152:7 157:13  157:15  160:3  162:10  177:1  187:23 | | 110:11  110:15  110:21  111:2  111:7  113:12 114:1  114:11  116:13 | |
| | | **consulted**(1) 17:18 | | 191:11  202:9  204:10  204:13  204:14  204:22 | | | |
| **concession**(1) 185:13 | | **consulting**(2) 3:11  153:4 | | 208:11  209:6  212:23  213:1  215:1  216:21 219:17  219:24  226:23 | | | |
| **concise**(1) 85:4 | | **consuming**(3) 195:11  195:12  198:22 | | | | | |
| **conclude**(3) 18:1  215:24  217:19 | | **contact**(11) 62:11  202:10  202:23  204:3 204:14  205:14  214:1  214:4  220:10  221:10 222:21 | | **couldn't**(4) 161:15  172:19  173:9  186:2 | | | |
| **concluded**(5) 8:12  33:15  43:20  43:25 | | | | **counsel**(37) 23:1  32:17  35:17  42:18  43:3 44:5  44:8  46:1  47:15  57:20  62:8  82:5 | | | |
| **concludes**(2) 29:23  215:13 | | **contacted**(2) 184:16  202:21 | | 83:12  96:6  110:4  110:17  118:9  121:20 | | | |
| **conclusion**(5) 20:2  21:10  29:12  60:6 | | **contacts**(2) 204:19  205:10 | | 134:13  134:14  137:24  173:22  175:12 | | | |
| **conclusory**(1) 85:7 | | **contain**(1) 62:12 | | 184:10  184:13  184:15  185:3  185:11  197:5 201:1  202:9  202:10  206:22  218:12  224:18 | | | |
| **condition**(2) 88:8  88:9 | | **content**(1) 44:25 | | 224:22  231:2 | | | |
| **conditions**(3) 48:19  58:21  59:1 | | **contested**(1) 157:4 | | | | | |
| | | **context**(9) 19:20  20:8  23:13  45:23  47:2 93:11  101:2  122:12  149:15 | | **count**(3) 90:8  106:2  162:20 | | | |
| **conduct**(1) 162:6 | | | | **counter**(1) 66:4 | | | |
| **conducted**(5) 111:9  111:10  135:14  135:15 208:13 | | **contingent**(1) 79:20 | | **counterparts**(1) 43:3 | | | |
| | | **continue**(15) 25:4  30:4  32:14  36:4  53:11 60:4  97:6  98:6  116:7  128:10  138:12 | | **countries**(1) 113:10 | | | |
| | | 138:18  147:13  157:9  194:4 | | **country**(3) 136:17  157:23  158:12 | | | |
| **confer**(3) 35:16  41:15  184:12 | | | | **county**(1) 158:18 | | | |
| **conference**(12) 9:22  25:2  32:7  32:17  33:18 33:22  33:22  43:1  43:19  65:21  66:2  108:2 | | **continued**(8) 3:2  4:2  5:2  6:2  7:2  24:7 60:2  159:2 | | **couple**(18) 31:10  35:11  47:23  52:6  69:19 77:23  115:2  139:6  154:5  168:1  186:22 | | | |
| | | | | 193:9  193:13  193:13  193:13  212:21  222:1 | | | |
| **conferences**(1) 135:15 | | **continues**(4) 20:15  33:24  118:16  228:1 | | 228:12 | | | |
| **confidence**(1) 216:19 | | **continuing**(4) 20:7  53:25  57:1  121:3 | | **course**(22) 10:10  11:6  13:6  20:10  21:8 | | | |
| **confidential**(6) 55:14  55:24  75:13  179:13 187:25  189:13 | | **contract**(4) 70:19  84:17  93:9  93:21 | | 26:4  27:15  49:13  55:13  76:13  78:17  79:23 100:20  102:10  115:25  116:1  147:23  150:7 | | | |
| | | **contractual**(1) 95:7 | | 157:23  187:25  201:25  208:6 | | | |
| | | **contradictory**(1) 95:18 | | | | | |
| | | **contrary**(4) 131:8  137:3  174:1  186:23 | | | | | |
| | | **contributed**(1) 58:14 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**court**(264) 123:5 123:7 124:14 124:18 125:16 126:13 127:14 128:17 129:4 129:1 130:13 132:1 132:14 132:17 133:4 138:15 139:5 139:21 139:23 140:19 140:24 142:2 143:25 144:9 144:13 144:13 144:14 144:14 144:20 144:21 144:21 144:25 145:19 146:19 146:21 147:3 147:10 147:19 147:22 148:6 148:8 148:10 148:17 148:2 148:22 149:3 149:8 149:16 149:19 149:25 150:5 150:6 150:10 150:12 150:16 150:23 150:24 151:5 151:8 151:14 151:16 151:20 151:24 152:1 152:5 152:15 152:20 152:25 153:2 153:6 153:12 153:17 153:22 153:25 154:1 154:3 154:18 154:22 155:8 155:20 156:3 156:8 156:16 156:16 157:10 157:14 157:16 157:21 157:25 158:14 159:4 159:5 159:8 159:12 159:14 160:5 160:6 160:13 160:16 160:18 161:5 161:8 161:15 161:18 161:23 162:22 162:3 164:5 164:10 164:13 165:4 165:8 165:10 165:11 165:15 166:2 166:13 166:25 167:3 167:5 167:14 167:20 167:23 168:2 168:16 168:18 168:22 169:8 169:17 169:19 169:21 169:24 170:2 170:6 170:10 170:15 170:18 170:21 170:24 171:1 171:6 171:14 172:25 176:1 176:22 180:4 180:14 180:17 184:5 184:19 184:22 187:22 188:7 188:10 188:24 189:6 190:24 191:5 191:10 191:23 192:5 192:7 192:10 192:15 192:16 192:19 193:1 194:5 194:5 194:21 195:22 195:25 196:1 196:3 196:5 196:7 196:12 196:19 196:25 197:1 197:3 198:5 198:6 198:9 198:10 198:13 198:17 199:6 199:7 199:9 199:12 200:16 200:18 200:24 201:16 202:7 202:25 204:18 204:19 207:4 207:6 207:12 207:14 207:15 207:18 208:3 209:3 209:20 210:2 210:11 213:17 213:5 213:23 218:13 218:14 218:25 219:7 219:19 219:21 220:14 220:20 221:13 221:18 221:22 221:25 222:3 223:6 223:16 223:20 224:13 224:19 224:23 225:8 225:14 225:1 225:19 225:24 226:4 226:9 226:12 226:15 226:17 226:22 227:2 227:7 227:10 227:13 227:23 228:5 228:8 228:17 228:22 228:24 229:3 229:21 230:3 230:6 230:24 230:20 230:24 231:2 231:4 231:7

**court's**(12) 25:24 26:5 40:2 45:12 70:4 124:21 127:5 133:25 159:10 162:5 165:13 212:23

**court-ish**(1) 197:6
**courtesy**(1) 57:6
**courtroom**(5) 1:8 14:22 15:7 18:3 46:2
**courts**(6) 25:22 97:4 154:8 158:6 159:25 166:5

**covered**(1) 51:5
**covering**(1) 60:9

**cra**(4) 112:18 113:8 113:20 115:6
**crack**(2) 52:11 52:12
**cravath**(1) 48:3
**create**(1) 212:12
**created**(2) 157:3 209:21
**creation**(1) 156:25
**credibility**(1) 129:7
**credit**(6) 53:8 122:4 122:9 129:8 156:1 156:7

**creditor**(7) 20:15 37:11 138:12 140:15 158:19 180:1 180:7

**creditors**(25) 17:20 18:1 19:13 19:14 26:15 30:16 34:24 54:3 74:23 75:14 97:25 158:3 158:5 158:12 162:9 167:9 167:11 167:17 173:5 177:20 177:22 177:23 199:16 200:9

**creditors'**(1) 2:4
**crisis**(1) 143:20
**cross**(3) 19:5 27:17 30:10
**crt**(2) 7:35 7:35

**crystal**(1) 215:16
**crystallize**(1) 28:25
**cure**(1) 218:10
**current**(5) 62:2 90:8 123:22 125:18 149:22
**currently**(6) 56:13 119:5 119:22 125:1 125:2 159:23

**customer**(2) 168:11 168:11
**customers**(1) 168:12
**cut**(4) 51:16 52:14 52:14 52:15
**cycle**(1) 106:3

**d-a-v-i-d**(2) 61:2 61:3
**d/b/a**(1) 1:31
**dade**(1) 158:17
**daily**(2) 55:20 117:2
**dairy**(2) 208:1 208:5
**damages**(1) 83:23
**damned**(2) 187:16 187:17
**daniel**(1) 4:39
**dark**(1) 42:4
**data**(2) 1:45 231:19
**date**(41) 40:23 40:24 45:12 70:16 70:17 79:9 84:5 96:25 97:7 98:7 103:21 103:22 106:3 111:14 122:1 149:14 161:11 161:13 173:13 174:10 177:8 177:9 177:11 178:9 178:10 178:11 178:13 183:8 183:15 208:16 208:16 211:11 211:13 222:5 226:3 226:2 226:23 227:17 228:1 228:9 231:18

**dates**(7) 104:25 106:13 107:7 107:9 225:25 226:20 229:15

**david**(15) 2:34 57:9 57:14 57:25 58:4 59:13 61:2 61:2 61:4 61:5 61:11 61:14 61:15 167:6 199:15

**david's**(1) 57:14
**day**(18) 5:43 5:44 12:12 20:16 38:2 43:10 44:16 65:1 66:5 90:3 94:9 97:1 108:11 174:11 193:21 200:22 214:21 231:5

**day's**(1) 135:18
**days**(18) 37:24 39:15 48:7 48:11 49:7 49:8 90:7 91:6 105:8 106:2 126:15 192:14 193:20 193:22 228:10 228:10 228:11 228:12

**dead**(1) 81:6
**deadline**(5) 56:3 56:8 127:13 128:9 129:1
**deadline's**(1) 57:6
**deadlines**(9) 36:6 70:20 70:21 70:23 83:13 126:22 143:4 227:17 227:25

**deal**(20) 9:20 35:19 38:5 74:3 86:19 110:6 111:23 116:12 116:14 127:19 142:16 159:17 166:5 166:16 166:19 166:21 169:9 180:8 201:6 208:19

**dealing**(17) 30:10 33:2 42:23 77:10 124:12 124:22 125:2 136:22 138:13 139:8 146:10 146:16 156:21 166:2 167:15 177:3 177:4

**deals**(3) 127:10 204:25 205:1
**dealt**(4) 34:5 124:7 165:5 166:8

**death**(1) 142:8
**deb**(2) 6:35 6:35
**debate**(1) 179:18
**debenture**(1) 4:37
**debt**(1) 79:3
**debtor**(49) 2:3 11:13 11:21 12:8 12:20 15:8 17:16 26:2 30:16 54:3 54:5 117:12 117:19 120:13 134:25 135:3 136:3 136:14 137:19 144:8 144:11 144:12 144:24 153:22 155:3 157:3 157:8 157:13 157:22 158:4 158:6 158:7 158:8 158:13 158:14 158:15 158:20 158:23 158:24 159:15 160:1 162:7 162:8 175:17 182:3 195:19 202:24 218:12 218:16

**debtors**(161) 1:9 2:41 8:6 9:12 11:20 12:23 13:25 14:2 14:6 14:23 15:13 16:9 16:12 17:11 17:17 17:18 17:25 18:16 27:3 28:7 28:8 29:2 29:2 31:9 32:11 32:23 33:3 35:10 39:8 39:13 39:16 42:19 46:12 47:17 47:23 48:4 49:8 49:18 50:5 50:19 51:23 52:4 53:8 54:8 55:2 55:24 63:22 64:23 65:22 67:3 67:16 68:22 68:22 68:25 68:25 69:11 69:21 70:8 70:12 77:14 80:5 82:3 82:11 84:3 85:12 85:25 86:25 87:3 87:19 91:6 91:9 93:7 99:5 99:24 100:4 100:5 100:7 109:23 111:3 111:9 111:10 114:3 116:19 116:20 118:9 119:6 119:20 120:3 120:8 120:21 120:22 121:1 121:2 121:14 123:16 123:16 125:3 125:13 129:19 144:22 145:4 145:5 146:3 147:1 147:6 147:12 147:24 148:18 157:12 160:17 160:19 160:19 167:10 168:5 172:12 172:23 173:1 173:3 173:5 174:5 175:1 175:22 176:25 177:12 178:16 179:1 182:4 183:12 183:13 183:21 189:23 191:24 192:24 195:24 196:7 196:24 197:15 197:7 199:5 199:18 199:19 199:23 200:11 201:4 202:9 202:10 203:16 203:21 204:12 204:13 205:23 212:24 213:5 218:21 218:2 218:24 219:1 227:18 230:15

**debts**(1) 136:14
**december**(2) 15:12 175:10
**decide**(16) 34:12 35:21 62:1 66:4 100:16 101:4 175:5 177:23 178:21 181:21 182:11 182:20 185:1 189:25 193:19 211:3

**decided**(4) 83:3 144:14 175:18 196:12
**decision**(15) 26:8 54:7 56:9 68:18 70:4 76:20 123:13 125:8 147:9 162:6 173:10 174:14 174:19 221:22 225:16

**decisions**(7) 56:14 88:25 89:2 96:13 124:16 174:21 178:3

**declined**(1) 68:8
**decreasing**(1) 116:20
**deep**(1) 19:25
**deeper**(1) 20:6
**defend**(2) 97:19 98:14
**defendant**(3) 175:21 207:1 215:9
**defendants**(4) 175:17 177:13 207:25 219:5
**defending**(1) 99:1
**defense**(3) 123:20 143:17 143:19 147:13 166:1

**defenses**(1) 137:9
**defer**(2) 45:12 80:8
**deferred**(23) 4:5 9:21 34:4 65:14 105:16 105:18 108:17 110:3 110:7 171:5 171:9 172:7 174:3 174:22 177:16 179:22 180:22 181:8 183:9 189:15 202:4 218:1 225:11

**deferring**(1) 225:14
**defined**(1) 156:17
**definite**(10) 66:13 67:5 81:14 83:22 84:4 85:12 86:8 93:15 93:17 93:23

**definitely**(3) 10:17 198:3 217:3
**definition**(1) 180:22
**definitive**(8) 9:20 33:5 36:17 37:24 37:25 65:5 71:24 228:3

**degradation**(1) 114:18
**delaware**(13) 1:2 1:10 3:33 8:1 27:19 27:20 57:7 108:3 108:6 158:15 188:7 210:12 219:5
**delay**(6) 21:17 26:13 26:18 28:17 210:17 215:23
**delegated**(1) 174:20
**deliberate**(1) 38:4
**delivery**(1) 58:9
**delphi**(1) 216:2

**delve**(1) 133:19
**denial**(3) 33:4 34:13 51:14
**denied**(4) 32:25 80:24 94:15 212:8
**dennis**(1) 4:47
**deny**(2) 122:9 169:13
**denying**(2) 214:1 225:8
**department**(30) 1:23 3:10 4:25 6:5 113:14 131:1 132:9 132:20 134:15 135:2 135:6 135:16 136:1 136:15 137:3 137:20 138:10 138:13 148:14 149:20 150:25 152:9 153:7 154:25 156:4 156:19 158:17 158:18 160:24 168:8

**department's**(1) 153:16
**dependable**(1) 117:25
**depending**(6) 42:25 61:7 65:24 192:13 193:25 211:7

**depose**(1) 228:19
**deposed**(1) 215:3
**deposition**(1) 225:22
**depositions**(4) 183:1 212:20 212:21 214:20
**depositors**(1) 28:22
**derek**(3) 2:5 8:5 64:22
**derivations**(1) 150:3
**derivative**(5) 123:15 123:24 140:18 145:23 147:3

**derived**(1) 99:23
**describe**(2) 32:6 87:4
**described**(1) 39:14
**description**(1) 21:7
**designation**(1) 208:25
**designed**(1) 43:5
**desire**(1) 45:3
**desk**(1) 180:15
**despite**(2) 131:7 137:2
**detail**(3) 36:18 117:21 226:17
**details**(1) 10:9
**determination**(20) 35:22 36:22 68:18 126:3 128:1 129:1 130:4 132:15 132:17 147:5 153:19 154:12 155:4 155:5 155:13 155:18 157:11 157:17 159:4 174:6

**determination's**(1) 81:22
**determinations**(4) 78:20 100:9 100:19
**determine**(9) 56:21 97:14 103:4 112:19 119:10 153:24 154:9 154:20 159:14

**determined**(2) 49:6 165:3
**determining**(4) 26:19 147:4 154:14 230:7
**detriment**(3) 140:14 158:5 168:8
**detrimentally**(1) 138:20
**develop**(5) 58:8 70:10 87:13 89:6 89:21
**developed**(3) 87:24 88:1 190:17
**developing**(3) 58:11 70:6 87:16
**development**(2) 10:6 199:19
**diagnosis**(1) 59:6
**dial**(2) 128:3 128:7
**dialing**(2) 217:1 217:1
**dianna**(2) 6:27 6:28
**diaz**(2) 1:45 231:19
**did**(40) 23:16 23:18 39:21 45:13 47:23 50:25 64:7 74:16 78:18 80:19 85:21 89:2 92:11 95:5 102:15 111:19 114:23 117:5 118:9 122:4 126:7 129:13 130:19 140:24 141:24 144:5 151:10 151:15 154:25 156:4 156:19 158:14 158:25 159:21 165:10 166:18 183:10 183:17 190:25 204:12

**didn't**(31) 39:24 53:1 81:1 81:2 96:4 101:6 107:16 115:12 115:12 121:20 125:2 126:21 127:19 145:11 145:12 163:16 168:20 172:8 172:16 181:19 181:20 183:18 187:18 187:22 188:2 189:8 194:12 205:10 210:9 214:18 218:14

**die**(2) 42:24 59:3

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **dietz**(24) 6:8 10:19 110:19 130:15 130:15 139:16 142:22 144:5 145:1 145:15 148:7 148:8 148:9 148:11 148:20 150:14 150:22 152:5 152:9 152:17 152:20 152:23 153:1 | | **district**(7) 1:2 27:19 80:21 80:21 158:16 188:6 210:11 | | **don't**(199) 13:6 13:7 13:8 18:11 21:12 22:17 25:3 30:5 30:23 31:13 35:24 36:19 36:25 38:24 40:11 44:21 45:5 45:17 45:19 46:9 46:18 46:24 46:25 49:2 50:6 51:23 53:17 54:21 55:3 55:5 55:8 55:9 55:12 55:18 57:5 60:15 60:18 60:21 62:25 63:23 66:3 68:2 69:7 70:12 70:13 70:21 72:1 72:19 73:4 73:22 74:14 76:19 77:12 80:15 80:17 81:16 84:6 85:7 86:20 87:14 89:12 89:14 90:18 91:15 91:16 91:17 92:4 93:6 95:20 95:20 97:6 99:6 99:24 100:25 101:4 101:12 103:4 104:4 104:7 104:8 104:11 119:9 120:7 121:22 121:23 122:2 122:6 124:16 124:23 125:17 126:6 126:17 127:2 128:19 128:20 129:21 130:7 130:18 132:5 135:5 136:9 139:3 139:9 141:9 142:15 143:9 143:11 143:20 143:20 143:23 144:3 144:4 146:2 146:9 146:13 147:16 148:1 148:23 150:13 150:18 151:20 152:11 153:5 154:7 155:16 156:13 161:1 162:17 162:20 164:6 165:19 168:18 169:7 170:6 172:2 172:2 172:3 172:3 172:6 173:16 173:17 173:17 173:18 174:16 174:24 176:15 177:21 177:25 178:21 180:8 181:15 182:24 182:25 182:25 183:1 183:6 183:25 185:12 187:9 187:9 187:17 188:21 189:7 191:6 191:13 198:14 198:20 201:3 201:21 205:16 206:6 209:18 209:23 209:24 211:4 211:19 211:25 213:20 214:8 214:9 214:16 214:25 215:7 215:9 215:10 215:16 215:19 215:23 215:25 218:3 219:1 221:8 221:14 227:21 228:9 229:16 229:23 | | **earning**(2) 180:24 180:24 **ease**(2) 63:6 159:13 **easily**(3) 27:4 196:3 214:10 **easy**(1) 204:11 **eat**(2) 101:16 142:18 **economic**(1) 51:24 **economically**(1) 212:2 **economics**(1) 15:23 **ecro**(1) 1:43 **educational**(1) 200:22 **effect**(6) 14:3 14:12 69:5 101:15 157:8 191:12 |
| **dietz's**(2) 139:12 149:10 | | **divert**(1) 72:3 **diverting**(1) 77:8 | | | | | |
| **difference**(5) 51:19 60:8 74:20 75:6 195:2 **differences**(1) 54:8 | | **docket**(11) 60:6 65:4 65:16 159:11 159:21 162:5 185:7 185:7 185:22 186:2 219:23 | | | | **effective**(4) 190:13 199:2 199:4 200:12 **effectively**(2) 11:13 174:13 **efficiency**(2) 43:13 43:14 **efficient**(2) 198:22 199:5 **efficiently**(1) 28:16 **effort**(7) 77:9 99:1 144:18 168:14 177:2 194:18 220:17 |
| **different**(31) 10:20 34:3 35:20 37:6 41:5 54:14 71:23 72:4 72:20 81:22 95:25 96:6 96:10 101:10 109:25 112:9 112:25 113:4 117:14 130:7 130:8 139:10 159:17 162:20 176:14 179:2 182:11 186:15 213:10 218:4 220:6 | | **docketed**(2) 62:24 64:3 **doctor**(2) 9:5 59:6 **document**(15) 10:19 19:23 60:10 60:22 72:5 79:15 90:12 92:17 92:19 134:13 155:9 179:1 208:20 209:20 209:20 | | | | |
| **differently**(1) 49:3 | | **documentation**(10) 66:14 66:15 84:13 93:25 113:19 127:8 127:9 131:23 135:21 168:13 | | | | **efforts**(7) 15:15 15:15 77:8 128:13 131:4 138:14 189:20 |
| **difficult**(5) 87:5 96:13 98:12 139:7 148:1 **difficulties**(3) 16:24 21:15 26:12 | | **documents**(77) 15:25 17:22 34:19 60:3 62:22 63:15 63:23 71:10 71:15 71:18 71:18 71:20 72:11 72:17 72:18 72:21 72:25 73:3 73:12 73:13 73:18 73:20 75:11 75:16 76:4 79:21 85:11 85:16 85:22 86:4 89:13 90:16 91:13 91:14 92:1 92:5 92:6 92:8 92:16 93:18 95:5 95:10 97:9 97:10 97:13 97:16 97:17 97:18 97:22 98:11 98:14 98:17 98:25 99:1 99:3 99:20 99:22 99:25 100:12 101:19 101:21 101:22 102:4 102:8 102:9 102:18 102:25 103:10 103:12 103:16 133:13 174:18 179:18 189:12 199:23 208:24 214:18 | | | | **eight**(1) 146:11 **eighty-sixth**(2) 22:3 29:11 **either**(27) 12:10 14:2 19:4 46:9 49:13 49:24 49:25 55:1 79:4 79:25 80:4 83:9 89:18 96:5 96:19 124:13 131:14 131:25 140:4 156:13 168:20 178:17 185:18 208:22 208:22 222:8 230:1 |
| **digest**(2) 73:25 109:4 **digits**(1) 116:23 **dilatory**(1) 203:24 **dime**(1) 128:20 **direct**(5) 14:3 32:13 105:7 202:2 219:13 **directed**(2) 18:22 147:1 **direction**(3) 78:11 78:21 202:10 **directives**(1) 68:20 **directly**(4) 64:20 125:13 202:11 207:21 **director**(1) 118:14 **directors**(1) 175:23 | | **does**(25) 15:1 23:13 24:16 24:20 30:9 39:23 41:23 51:15 56:14 75:6 78:10 87:9 91:10 112:4 158:8 162:12 164:2 169:4 204:16 204:20 219:22 224:7 230:15 230:22 230:22 | | | | **elbows**(1) 94:25 **electronic**(1) 1:51 231:13 **element**(2) 86:1 119:12 **elements**(4) 83:22 85:6 86:14 99:11 **eliminates**(1) 26:18 **elliott**(12) 3:37 5:14 5:18 5:22 5:43 6:16 6:27 6:31 6:38 6:46 7:10 47:15 |
| **disability**(8) 44:19 47:13 51:4 52:5 52:24 59:25 61:21 63:11 | | **doesn't**(23) 37:7 62:22 69:13 71:25 73:17 78:22 82:11 84:24 87:12 91:9 97:5 107:2 138:1 143:1 143:2 145:17 161:22 164:2 166:15 173:22 175:4 177:21 197:1 | | | | **eloquently**(1) 24:12 |
| **disabled**(8) 34:4 48:6 48:25 50:23 51:1 53:22 57:4 64:18 | | | | | | **else**(19) 13:5 13:15 19:2 20:21 24:21 38:23 38:25 40:5 43:15 54:22 91:23 124:4 132:18 140:12 149:19 173:24 177:15 195:17 211:6 |
| **disagree**(6) 152:11 162:17 178:12 204:12 213:6 221:14 | | **doing**(28) 8:16 10:18 34:2 34:25 35:2 38:23 43:2 53:3 62:7 68:2 71:12 71:13 79:23 82:18 82:25 96:24 97:11 101:7 110:11 110:12 117:24 121:3 129:25 138:4 143:4 180:22 216:18 216:20 | | **don**(3) 6:6 110:19 130:16 **done**(37) 11:25 12:1 12:2 14:16 20:7 41:8 67:6 71:10 80:14 83:1 89:1 91:5 91:5 93:14 93:20 100:8 117:24 122:21 126:16 128:12 146:18 160:1 160:3 163:24 165:1 166:22 182:17 183:3 202:11 202:16 203:2 203:21 203:25 205:16 209:16 226:21 227:18 | | **else's**(1) 89:12 **elsewhere**(1) 37:13 **email**(3) 72:15 73:16 151:16 **emails**(2) 103:19 184:16 **embodied**(3) 201:22 209:11 221:9 **emea**(21) 2:41 9:22 28:8 29:2 32:8 33:18 34:6 35:8 37:23 38:6 39:8 39:13 39:16 42:19 42:23 43:7 91:5 91:7 91:20 108:22 116:8 |
| **disagreed**(1) 80:20 **disagreement**(1) 67:8 **disagrees**(1) 37:1 | | | | | | **emily**(1) 2:13 **emphasize**(1) 19:18 **employ**(1) 118:19 **employed**(1) 119:5 |
| **disallowance**(3) 155:2 155:15 155:17 | | **dollar**(7) 60:16 116:11 127:4 129:20 211:9 216:3 216:3 | | **door**(1) 125:12 **doors**(1) 109:10 **dorsey**(11) 2:43 33:21 34:16 39:7 39:9 39:12 39:12 40:3 40:5 65:21 106:22 106:24 | | **employee**(25) 47:11 48:6 48:22 48:25 49:10 49:19 49:22 51:1 58:22 116:19 116:21 116:25 117:8 120:19 123:21 125:14 125:15 127:2 128:11 128:23 136:25 140:17 141:4 149:22 181:12 |
| **discerned**(1) 76:18 **discharged**(1) 132:18 **disclosed**(2) 18:6 82:22 **disclosing**(1) 187:4 | | **dollars**(5) 22:9 128:5 129:2 138:5 145:21 **domestic**(2) 111:13 115:20 | | | | **employee**(25) 47:11 48:6 48:22 48:25 49:10 49:19 49:22 51:1 58:22 116:19 116:21 116:25 117:8 120:19 123:21 125:14 125:15 127:2 128:11 128:23 136:25 140:17 141:4 149:22 181:12 |
| **disclosure**(9) 196:13 196:21 204:6 207:3 207:17 207:19 224:2 224:4 224:7 | | | | **double**(1) 217:2 **doubt**(2) 161:1 167:10 **dow**(1) 5:35 **down**(19) 12:9 13:1 26:23 58:1 112:22 112:23 116:18 116:22 121:5 127:6 142:14 165:19 172:12 190:8 190:10 190:16 194:2 197:20 215:6 | | **employer**(2) 78:4 140:7 **enact**(2) 122:16 122:17 **enacted**(3) 122:13 122:13 122:22 **encompassed**(1) 98:13 **end**(27) 31:14 39:5 40:23 40:24 52:11 59:20 66:6 69:19 70:11 83:7 86:17 94:4 96:20 101:24 113:20 114:1 116:22 151:19 171:10 176:14 181:3 182:14 192:17 214:14 215:17 230:24 230:25 |
| **discouraging**(1) 207:11 | | | | | | |
| **discovery**(24) 42:22 43:6 72:9 73:16 85:16 85:19 94:1 94:3 94:4 102:10 182:25 192:7 197:17 208:8 213:6 214:15 214:16 214:22 227:18 227:19 227:25 228:21 229:24 230:8 | | | | **dozen**(2) 142:14 173:6 **dozens**(1) 168:12 **draft**(1) 129:7 **draw**(1) 149:1 **dropped**(2) 119:2 119:3 **drugstore**(2) 123:3 140:3 **due**(3) 18:8 27:15 132:10 **dunk**(2) 89:1 181:22 **duration**(1) 149:6 | | | | |
| **discrete**(2) 171:24 183:24 **discretion**(3) 26:5 91:1 154:9 **discretionary**(2) 154:4 159:7 **discuss**(5) 33:23 53:17 104:19 104:24 **discussed**(3) 47:10 65:22 70:23 **discussing**(1) 137:14 **discussion**(7) 20:9 24:18 24:19 43:18 64:25 66:3 230:5 | | | | | | **emily**(1) 2:13 |
| **discussions**(3) 34:24 46:14 49:4 **dismiss**(17) 34:7 38:1 85:12 94:3 97:19 105:22 176:4 180:11 188:18 191:8 192:3 203:14 212:18 219:25 227:5 228:2 228:15 | | | | **during**(11) 13:1 56:11 77:5 87:14 87:16 96:18 104:17 113:23 133:21 151:15 221:1 | | |
| **dismissed**(1) 175:24 **dismissing**(2) 32:13 86:5 **dispose**(1) 215:1 **dispositive**(2) 73:7 89:8 **dispute**(3) 10:15 76:19 171:25 **disputes**(3) 9:21 26:25 108:19 **dissolution**(1) 28:5 **distinct**(1) 201:6 **distribution**(1) 210:21 **distributions**(3) 38:9 98:1 200:8 | | | | **duties**(2) 75:14 75:15 **duty**(1) 75:17 **each**(16) 10:19 11:14 11:20 14:18 30:18 53:4 59:20 59:20 61:17 75:6 113:15 113:15 114:21 134:11 163:5 201:12 **earlier**(3) 49:21 74:21 222:4 **early**(6) 55:7 105:7 111:20 175:13 205:13 226:7 **earn**(1) 180:25 **earned**(1) 213:11 | | **employer**(2) 78:4 140:7 **employees**(25) 47:11 48:6 48:22 48:25 49:10 49:19 49:22 51:1 58:22 116:19 116:21 116:25 117:8 120:19 123:21 125:14 125:15 127:2 128:11 128:23 136:25 140:17 141:4 149:22 181:12 **ended**(2) 48:11 102:2 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| ending(1) 57:2 | | essentially(7) 32:13 79:6 96:3 123:3 205:5 207:10 225:9 | | excitement(1) 111:20 | | fact(73) 10:7 20:6 36:14 37:1 39:1 42:4 42:21 42:24 48:2 56:4 56:7 57:14 64:3 68:16 71:23 73:10 76:19 79:24 80:4 82:12 87:10 87:14 87:20 95:3 95:14 97:25 100:7 100:8 106:24 115:23 118:10 121:20 122:14 125:9 126:21 128:15 128:25 129:9 131:21 131:24 132:17 133:2 133:14 134:5 136:4 137:2 137:8 143:5 147:17 149:1 157:4 158:3 158:20 165:6 169:10 178:15 181:23 182:19 183:7 184:14 185:18 187:10 192:22 195:6 207:4 209:19 214:14 214:22 218:22 222:6 227:20 228:6 228:21 | |
| endlessly(1) 56:12 | | | | excuse(5) 107:16 127:24 133:13 135:5 138:16 | | | |
| endorsement(1) 27:14 | | establish(1) 25:25 | | | | | |
| ends(1) 144:14 | | established(1) 36:6 | | excused(1) 152:22 | | | |
| enforce(6) 72:1 80:8 121:24 144:18 146:1 150:1 | | estate(19) 4:18 9:14 10:2 10:16 14:17 21:9 21:10 22:8 23:9 27:23 28:1 28:9 29:8 29:9 29:15 135:11 147:6 162:4 200:15 | | execute(1) 121:23 | | | |
| | | | | executed(4) 17:22 28:9 59:24 134:16 | | | |
| enforced(1) 145:4 | | | | executive(1) 59:20 | | factors(2) 25:25 26:7 | |
| enforcing(1) 68:9 | | estates(14) 12:16 14:18 16:17 18:1 18:20 27:3 29:8 34:2 34:22 35:4 36:22 37:20 111:23 112:2 | | executives(1) 58:16 | | factors(19) 50:6 52:8 70:1 70:7 72:16 91:11 91:13 91:13 124:6 124:16 154:6 179:14 180:10 182:10 209:8 209:9 211:6 218:6 218:8 | |
| engage(2) 37:16 145:10 | | | | exercise(10) 27:5 37:21 47:21 75:17 115:14 130:12 149:12 162:15 174:14 176:3 | | | |
| engaged(11) 36:2 36:3 36:4 37:4 37:5 37:9 88:16 125:2 158:8 206:21 206:24 | | estelle(1) 6:42 | | | | | |
| | | esther(1) 4:34 | | exhausted(3) 36:23 81:4 128:15 | | factual(2) 36:8 99:13 | |
| engagement(14) 186:12 186:17 186:23 187:1 201:16 201:17 202:5 205:18 205:19 222:16 223:7 224:1 224:4 224:16 | | estoppel(1) 124:13 | | exhibit(4) 23:20 160:22 160:23 201:15 | | factually(1) 133:8 | |
| | | et.al(1) 1:7 | | exist(2) 165:20 180:23 | | fade(1) 34:19 | |
| | | ethical(2) 184:9 212:13 | | existed(2) 113:1 113:1 | | fail(1) 41:9 | |
| engaging(2) 24:7 177:5 | | ethics(4) 201:9 202:12 202:14 202:16 | | existing(3) 60:13 115:9 221:3 | | failed(5) 85:13 85:23 87:15 217:21 | |
| engineering(1) 58:4 | | evaluate(1) 218:5 | | expansive(1) 137:17 | | failure(5) 97:20 98:15 131:14 131:14 131:14 | |
| enjoin(3) 144:21 207:7 216:18 | | even(40) 40:23 55:9 80:25 89:17 100:8 100:11 102:16 102:25 104:20 104:23 118:5 139:17 143:25 161:12 168:5 172:19 174:16 176:13 177:4 177:6 182:16 184:22 185:23 186:21 188:8 197:24 202:12 203:1 203:3 208:25 212:5 212:25 215:4 215:7 215:9 215:25 219:24 226:17 229:14 | | | | | |
| enjoined(3) 82:9 92:10 149:21 | | | | expect(9) 13:7 44:23 49:9 53:1 193:3 194:17 217:19 226:6 228:3 | | fair(14) 17:14 23:12 26:2 27:2 29:13 29:18 66:7 66:8 129:13 144:6 187:4 187:11 207:2 207:17 | |
| enjoining(3) 148:13 207:6 207:8 | | | | | | | |
| enjoy(1) 109:12 | | | | expectation(2) 13:9 182:23 | | fairest(1) 212:11 | |
| enormous(1) 63:11 | | | | expected(4) 34:18 54:20 105:25 139:3 | | | |
| enough(10) 34:23 55:13 127:16 187:19 187:21 201:8 206:15 209:7 223:10 223:11 | | | | expecting(1) 57:22 | | fairly(8) 45:18 54:11 116:1 130:6 148:2 166:11 200:14 210:12 | |
| | | | | expedite(1) 213:14 | | | |
| | | event(9) 17:1 24:15 39:23 49:13 78:10 147:19 179:22 179:25 229:25 | | expedited(1) 74:2 | | faith(8) 16:3 26:1 27:3 28:7 37:9 77:9 141:12 141:13 | |
| enrolled(1) 179:24 | | | | expeditious(2) 10:12 162:4 | | | |
| enter(1) 200:13 | | | | expenditure(2) 94:18 168:14 | | | |
| entered(1) 33:16 | | events(2) 39:15 39:17 | | expense(2) 26:13 59:11 | | fall(2) 175:13 192:14 | |
| entering(2) 16:15 62:20 | | ever(4) 93:20 105:6 135:16 192:3 | | expenses(1) 195:12 | | fallen(1) 52:11 | |
| enterprise(1) 111:22 | | every(36) 43:10 49:23 49:23 52:9 61:17 72:5 72:15 73:16 73:16 83:15 87:11 90:1 111:10 111:12 114:9 119:17 119:21 120:1 125:2 129:5 129:20 150:22 174:17 178:6 179:1 179:17 179:18 191:24 192:21 194:1 200:13 201:14 208:20 214:21 218:4 223:7 | | experience(3) 120:6 211:18 217:24 | | falling(1) 52:12 | |
| entire(10) 55:20 58:20 83:10 83:11 83:13 90:25 91:20 97:12 114:8 163:22 | | | | expertise(1) 58:14 | | falls(1) 27:3 | |
| | | | | expired(1) 129:24 | | false(1) 176:3 | |
| | | | | expiring(1) 147:18 | | | |
| | | | | explain(4) 45:10 61:8 77:22 149:11 | | familiar(4) 15:12 15:14 15:19 67:12 | |
| entirely(7) 64:21 74:24 123:15 125:23 129:19 140:18 141:22 | | | | explained(1) 103:15 | | family(2) 140:5 140:6 | |
| | | | | explaining(1) 222:16 | | fan(4) 31:16 152:6 152:11 153:9 | |
| | | | | explicitly(1) 12:2 | | fancy(1) 181:3 | |
| entirety(3) 144:15 163:13 224:4 | | everybody(4) 22:14 81:3 213:8 231:5 | | exposure(1) 82:18 | | fans(1) 152:12 | |
| entities(39) 9:15 10:3 10:22 10:25 11:8 11:11 11:13 11:14 11:14 11:19 12:1 12:1 12:2 12:8 12:19 12:20 12:21 12:21 16:25 17:2 17:7 17:14 17:15 26:19 26:20 26:24 26:24 27:24 28:2 28:8 28:12 28:15 28:19 28:24 29:1 79:16 112:7 114:20 134:10 | | everybody's(1) 76:9 | | express(1) 44:13 | | far(22) 36:4 42:8 44:20 96:12 97:9 98:7 121:9 143:14 145:16 147:18 153:13 159:20 167:12 168:9 169:6 177:22 179:3 215:12 217:6 217:17 217:24 229:15 | |
| | | everyone(18) 8:2 11:19 18:21 54:11 70:20 77:20 83:8 83:12 83:16 88:2 109:18 170:10:15 177:10 181:18 195:9 195:17 230:2 | | expressed(2) 34:16 165:12 | | | |
| | | | | expressly(2) 137:12 137:23 | | | |
| | | | | extend(7) 138:17 149:5 150:23 172:11 182:3 182:5 190:2 | | | |
| | | | | | | | |
| entitled(8) 85:15 94:3 98:4 99:16 128:25 134:8 135:8 196:9 | | everyone's(6) 12:12 14:12 42:12 42:13 42:13 44:10 | | extended(1) 24:23 | | farce(1) 125:21 | |
| | | | | extending(1) 197:7 | | farmers(2) 208:1 208:5 | |
| | | | | extends(1) 147:5 | | farr(1) 3:4 | |
| entitlement(1) 26:20 | | everything(16) 13:5 38:23 47:1 53:24 79:22 103:1 127:10 139:19 144:13 145:6 146:7 158:9 187:23 187:24 188:2 199:20 | | extensions(2) 143:18 203:20 | | fashion(2) 37:8 117:25 | |
| entity(9) 12:24 14:17 15:19 16:2 18:7 78:2 117:12 117:17 140:16 | | | | extensive(3) 23:21 156:20 | | fast(3) 35:1 36:15 106:19 | |
| | | | | extensively(1) 23:10 | | faster(1) 37:5 | |
| | | | | extent(23) 36:3 37:4 37:16 53:18 72:14 72:24 99:20 99:21 100:17 102:16 102:23 102:24 103:23 145:17 150:8 165:21 172:1 182:16 186:3 194:22 200:3 200:4 200:5 | | fatell(2) 4:7 201:1 | |
| entries(1) 159:21 | | evidence(33) 19:4 19:8 39:16 39:18 39:22 43:8 85:1 85:11 86:3 87:14 87:16 87:19 87:23 87:25 88:6 89:6 89:6 90:14 91:2 94:13 100:23 101:11 101:17 102:16 146:2 156:1 156:5 163:16 164:12 164:15 164:18 164:21 203:7 | | | | fatell's(1) 219:9 | |
| entry(1) 125:12 | | | | | | fault(8) 122:22 125:24 131:12 139:16 139:22 140:2 140:12 220:4 | |
| enumerate(1) 16:10 | | | | | | | |
| enumerated(1) 12:3 | | | | extra(2) 75:5 104:24 | | | |
| enumerates(1) 12:14 | | | | extrapolate(1) 156:5 | | favor(2) 144:23 210:12 | |
| environment(1) 58:9 | | | | extremely(1) 83:10 | | favored(1) 26:6 | |
| envisioned(1) 184:17 | | evidenced(1) 131:21 | | eyes(1) 208:25 | | february(2) 175:11 180:2 | |
| envisioning(2) 98:18 99:9 | | evidentiary(2) 102:20 105:6 | | | | federal(7) 111:18 114:14 114:17 114:20 115:21 117:9 117:17 | |
| equal(1) 149:6 | | exact(1) 34:25 | | face(2) 80:6 179:21 | | | |
| equipment(1) 166:7 | | exactly(13) 31:22 69:21 91:7 98:13 101:19 117:15 122:6 145:15 184:17 184:24 202: 210:19 222:15 | | face-to-face(1) 88:17 | | | |
| equitable(1) 179:8 | | | | faced(2) 124:5 146:9 | | fee(6) 186:24 217:15 224:2 224:7 224:11 224:11 | |
| equity(1) 14:8 | | | | facie(1) 85:24 | | | |
| erisa(1) 210:5 | | | | facilitate(2) 47:25 72:2 | | | |
| ernst(3) 3:18 118:15 118:17 | | examine(1) 19:5 | | facilitates(1) 26:23 | | | |
| error(1) 156:5 | | example(12) 13:7 82:19 84:5 99:2 99:22 100:10 100:11 105:7 136:8 157:24 157:24 208:14 | | facility(1) 121:18 | | feedback(1) 21:16 | |
| escrow(5) 10:21 27:25 27:25 28:21 28:22 | | | | facing(3) 117:22 159:12 159:13 | | | |
| escrows(3) 10:19 10:20 17:1 | | | | | | feel(9) 30:17 37:8 37:17 49:3 132:24 161:21 179:19 215:18 219:2 | |
| especially(1) 75:19 | | examples(1) 193:5 | | | | | |
| espouse(1) 197:1 | | except(1) 25:12 | | | | feeling(1) 229:1 | |
| esq(31) 2:5 2:6 2:13 2:14 2:15 2:16 2:17 2:18 2:19 2:25 2:33 2:34 2:35 2:36 2:43 3:5 3:20 3:26 3:32 3:38 4:7 4:13 4:19 4:26 4:39 4:43 4:47 5:5 5:11 5:28 7:7 | | exception(5) 121:1 144:7 144:23 145:2 201:8 | | | | feels(2) 56:21 150:8 | |
| | | | | | | fees(8) 124:9 125:1 135:9 135:12 175:2 183:2 187:2 215:23 | |
| essence(1) 19:22 | | excess(1) 35:5 | | | | | |
| essential(1) 37:18 | | exchange(5) 26:3 47:16 47:22 73:18 | | | | | |
| | | exchanged(2) 92:19 217:10 | | | | feet(1) 220:4 | |
| | | exchanging(1) 127:8 | | | | | |

| Word | Page:Line |
|---|---|

feld(4) 2:32 19:13 167:7 199:15
few(4) 39:15 104:24 212:20 213:25
fiduciaries(1) 94:16
fiduciary(1) 75:14
fierce(1) 216:16
fifteenth(1) 160:20
fifty-two(2) 159:17 167:13
fighting(2) 178:7 178:8
figure(5) 108:1 114:25 129:10 130:5 130:6
figuring(1) 43:5
file(40) 9:30 37:25 49:22 63:21 66:12
69:14 70:6 71:14 81:14 87:5 90:24 93:15
94:1 96:4 127:15 131:15 154:25 157:10
163:25 165:10 166:18 172:8 174:3 175:11
175:14 175:15 181:19 181:20 183:9 183:13
183:17 183:18 185:20 203:17 203:18
222:13 223:9 223:11 224:16 227:14

filed(111) 9:15 10:13 10:6 12:18 23:8 26:24
28:12 32:10 32:20 32:21 33:3 33:9 34:1
34:21 35:10 37:25 53:2 58:24 59:22 60:1
63:10 63:24 67:19 68:12 68:23 69:24
70:10 70:14 71:5 72:21 79:8 79:19 84:4
89:21 89:25 95:4 95:14 96:5 103:10 105:8
105:10 105:11 105:13 105:22 105:24
105:25 106:1 111:15 111:18 113:5 115:3
115:24 117:6 119:13 119:14 121:16 126:3
128:19 129:6 153:22 154:23 157:19 158:1
159:1 159:11 159:16 160:2 160:19 160:25
161:3 161:5 161:7 161:8 161:10 161:11
161:12 165:6 165:16 169:1 171:17 172:8
172:21 172:22 173:21 174:1 176:4 176:5
179:17 180:3 180:11 181:18 181:19 182:2
183:9 184:5 184:15 184:22 185:7 185:21
186:6 188:4 188:15 197:23 199:8 199:25
201:13 201:15 203:14 203:15 223:11
224:12

filing(17) 12:16 56:9 67:5 85:9 85:11 95:2
97:7 111:12 112:7 114:9 122:25 122:25
135:23 141:3 159:3 187:7 223:25

filings(1) 133:24
fill(5) 93:9 103:22 103:24 103:24 121:11
filled(2) 103:21 180:15
final(3) 132:16 144:17 170:8
finality(4) 12:13 16:18 171:12 198:1
finalize(3) 10:9 15:25 19:23
finalized(1) 53:12
finally(5) 41:2 94:6 133:4 135:24 181:21
financial(5) 68:20 68:24 78:11 78:14 79:13
financials(1) 58:5
find(5) 121:8 124:4 161:9 186:2 188:13
finding(1) 117:25
findings(1) 100:18
finds(1) 27:1
fine(13) 62:16 143:8 152:6 172:5 190:5
190:7 194:21 214:10 219:16 219:16 223:1
228:5 229:13

finger(3) 2:24 187:10 198:11
fingers(3) 215:10 215:10 220:24
finish(3) 9:18 192:13 195:18
finished(1) 148:10
finishing(1) 31:10
firm(6) 33:9 33:20 202:6 219:9 219:9
firms(1) 210:24
first(31) 9:24 10:8 15:11 16:11 19:3 37:22
39:25 42:23 74:18 77:13 87:8 96:20 110:4
132:14 146:25 149:10 149:12 192:3
198:25 203:12 204:9 206:13 212:15 214:1
215:3 215:22 221:2 222:4 223:4 226:20
227:19

fiscal(2) 58:23 59:20
five(2) 114:6 206:2
fix(4) 171:10 174:9 182:17 190:11
fixed(3) 59:1 59:5 59:18
fixing(1) 171:11
flawed(1) 112:15
fleming(1) 2:19

flexibility(1) 13:1
flip(1) 103:23
floor(1) 58:16
florida(1) 153:18
flow(1) 56:17
flowing(1) 13:16
flown(1) 88:17
flows(1) 114:7
focus(1) 62:4
focused(3) 82:6 154:11 162:11
focuses(1) 116:11
focusing(1) 112:3
fold(1) 204:24
folks(7) 28:23 36:15 45:10 53:4 53:18
follow(5) 25:18 121:12 126:7 174:18 186:6
followed(2) 117:23 119:9
following(4) 27:14 28:6 81:13 162:16
follows(2) 15:10 59:23
food(1) 109:4
foolish(1) 73:9
foot(1) 189:23
footnote(2) 137:19 137:24
for(301) 1:2 2:3 2:24 2:41 3:4 3:10 3:18
3:31 3:37 4:4 4:18 4:24 4:33 4:37 4:42
4:46 5:4 5:8 5:14 5:18 5:22 5:26 5:35
5:39 5:43 6:4 6:11 6:16 6:20 6:23 6:27
6:31 6:35 6:38 6:42 6:46 7:4 7:10 7:14
7:18 7:22 7:26 7:35 7:39 8:6 8:9 8:12
8:14 9:10 9:11 9:13 9:19 12:24 13:7
13:21 13:25 14:24 16:20 17:6 17:10 17:1
17:17 17:24 18:13 18:22 19:12 20:11
20:11 21:5 23:6 26:9 26:17 28:20 28:23
34:11 34:14 34:16 35:22 35:23 36:8 36:1
36:17 36:17 36:22 37:23 39:7 40:11 40:20
41:7 41:18 42:10 42:18 42:18 43:5 43:13
43:20 44:16 45:21 46:9 47:5 47:12 47:20
48:6 48:10 48:21 49:7 49:9 49:13 50:11
50:14 51:1 51:15 51:22 52:13 54:25 57:1
58:7 58:11 58:24 59:8 59:16 60:17 60:18
60:25 61:8 61:22 62:3 62:8 62:17 63:21
64:15 64:18 64:23 65:1 65:5 65:9 67:3
67:6 67:14 68:9 69:2 69:20 69:22 69:23
70:18 72:5 72:6 72:15 72:16 73:8 73:17
74:16 75:1 77:16 77:23 78:3 78:12 78:15
78:19 78:23 79:17 81:13 82:13 82:18
82:19 83:11 83:13 83:16 83:18 84:5 86:4
86:7 87:3 87:20 89:11 89:12 89:19 90:9
94:15 99:7 97:11 98:1 98:15 98:24 99:2
99:22 100:8 100:10 100:11 100:17 103:21
108:16 109:19 109:23 110:4 110:17 110:2
110:25 111:12 111:23 112:4 112:10
112:14 113:5 113:8 113:22 114:3 114:5
114:6 114:8 114:19 116:11 117:6 117:9
117:11 117:16 118:6 118:11 118:15 118:1
119:4 119:8 119:14 119:15 119:16 119:1
119:23 119:23 120:3 120:7 120:10 120:20
120:21 121:14 121:15 121:2 122:23 123:1
123:22 123:23 123:24 124:6 124:9 125:19
125:21 126:8 128:2 128:9 128:10 128:14
128:23 128:25 129:14 130:10 131:5 131:7
131:14 132:1 132:18 132:22 133:6 133:14
133:17 134:7 135:4 135:20 135:22 136:8
136:8 136:15 136:16 138:4 138:7 139:18
139:25 140:4 140:5 140:24 141:2 141:3
141:3 141:12

for(161) 141:22 142:4 142:9 142:25
143:17 143:17 144:2 144:12 144:21 145:8
146:11 147:24 148:9 148:25 149:2 149:19
150:11 150:21 152:10 152:21 153:8 153:16
154:4 154:12 154:20 154:21 155:1 155:6
155:18 156:1 156:1 156:5 156:6 157:10
157:16 157:25 158:22 158:22 159:9 160:4
160:8 161:12 161:20 163:5 163:19 164:15
164:18 164:20 165:20 166:15 166:22
166:23 167:11 169:14 171:3 171:4 172:23
174:3 174:4 174:21 175:12 175:18 176:5
177:8 177:11 177:23 178:15 178:16 179:1
179:23 180:7 180:22 180:23 180:25 182:2
182:4 182:5 182:7 182:9 183:18 184:23
184:25 185:1 185:13 185:13 185:16 186:2
189:1 189:24 190:1 190:2 190:21 190:2
191:2 192:22 193:10 193:15 194:4 194:12
195:14 195:23 195:24 198:5 198:11 199:5
199:5 199:14 200:24 201:20 201:23 202:1
204:4 205:5 205:21 206:8 206:11 206:12
206:16 208:9 208:14 209:24 210:16 210:1
210:21 211:22 211:24 212:6 212:17 216:5
216:12 216:18 217:1 217:18 219:11 220:2
220:18 221:2 221:4 221:5 221:9 221:15
221:15 224:25 225:3 225:12 226:5 226:24
225:7 227:5 227:10 227:15 227:17 227:25
228:10 228:21 228:21 229:6 229:7 229:11
229:24 230:7

force(3) 81:2 129:23 136:14
forced(1) 83:18
foreclose(1) 36:19
forego(1) 212:25
foregoing(2) 29:21 231:12
foremost(1) 132:14
forever(2) 88:16 192:24
forget(2) 201:19 201:23
forgive(1) 105:18
forgot(1) 95:1
form(12) 29:23 37:7 63:21 71:19 93:9
104:5 119:7 128:6 149:11 164:3 169:24
179:25
formal(2) 57:17 93:11
formed(1) 130:24
former(6) 118:7 118:14 119:1 123:22
149:22 151:9
forms(5) 118:3 121:12 141:5 180:5 224:1
forrest(1) 2:16
forth(6) 26:8 67:22 91:12 137:6 175:9
217:16
forum(2) 57:24 158:21
forward(47) 10:1 10:14 10:17 23:14 24:17
24:18 29:6 29:15 33:24 34:20 35:3 35:22
36:5 37:18 39:23 49:11 57:8 57:10 62:22
67:8 73:24 78:14 78:22 78:23 79:25 85:25
87:19 94:13 97:24 98:10 111:22 127:7
173:14 189:23 191:25 192:21 199:24 200:6
204:21 205:21 214:3 214:23 214:23
216:21 217:4 219:16 230:10

found(7) 23:20 23:22 52:12 84:7 161:17
198:19 214:13
four(14) 38:15 70:9 98:20 120:6 120:9
123:24 123:25 143:15 149:13 150:14 154:
175:14 175:18 207:24
four-year(1) 149:5
fourth(11) 4:18 9:14 10:2 10:16 21:10
23:9 27:23 28:1 28:9 28:24 29:5

framework(1) 38:12
frankly(20) 38:7 38:21 77:12 86:10 93:1
104:7 111:21 134:21 148:1 165:6 165:23
186:25 187:1 194:24 197:15 198:23 211:20
212:12 212:21 215:16

fred(3) 2:36 19:12 74:16
free(5) 13:24 48:9 132:24 147:19 196:13
219:8
freeing(1) 17:6
freeze(1) 193:10
friedman(1) 6:12
friends(1) 35:12
frivolous(1) 210:23
from(129) 9:11 10:15 11:12 11:19 12:15
14:3 17:1 17:6 17:16 19:13 21:8 24:24
26:21 32:15 33:9 33:19 37:3 38:18 39:7
40:22 43:19 45:10 45:21 46:3 46:11 46:18
47:2 48:5 50:5 50:11 50:20 52:23 53:24
54:15 55:9 55:12 55:24 55:25 57:4 57:4
57:8 57:21 57:22 58:15 58:23 59:9 60:16
60:21 61:21 62:7 63:19 67:20 70:9 71:3
72:8 74:14 76:18 77:8 78:4 82:10 83:16
86:25 88:21 89:7 92:11 94:25 98:2 99:23
100:22 109:16 112:6 117:18 118:2 118:20
120:2 120:4 120:12 120:12 125:13 125:14
126:6 129:13 132:10 133:8 136:10 137:24
141:20 147:18 147:23 148:14 149:21 153:4
160:2 169:10 170:13 172:12 175:3 184:14
185:10 185:11 190:5 190:6 190:12 196:16
197:5 201:16 203:13 205:7 205:25 206:3
206:4 206:5 207:8 209:17 209:18 210:6
210:24 212:22 216:2 216:8 217:4 218:12
219:4 219:14 220:15 222:9 227:17 228:14
231:13

front(14) 10:17 13:15 14:9 34:3 34:4 34:4
34:15 35:17 36:5 38:11 139:1 144:20
217:23 218:8

fronts(1) 34:3
fruitful(1) 24:17
frustrations(1) 54:2
fsd(4) 78:21 79:17 79:17 101:20
fsd's(4) 68:19 69:1 79:25 100:10
full(18) 19:25 36:13 38:2 101:23 127:3
168:6 175:20 177:10 187:4 187:11 204:6
207:2 207:16 214:17 217:17 224:7 224:11
224:16
fullest(1) 37:16
fully(12) 19:14 36:2 37:9 51:1 115:8
115:9 141:22 191:21 197:17 200:16 216:25
225:10
fulsome(1) 179:5
function(1) 97:6
fund(5) 9:19 122:22 79:4 79:5 147:13
funded(1) 51:3
funds(3) 22:7 40:14 94:18
furnished(1) 62:21
further(19) 16:21 27:4 28:17 42:6 72:2
75:25 77:4 86:22 108:13 133:19 137:7
145:9 150:4 150:6 167:21 168:5 192:25
197:11 223:19

furthermore(1) 132:19
furthers(1) 16:15
future(13) 13:6 16:24 49:20 60:9 61:7
61:19 62:3 149:22 152:14 180:24 180:25
214:6 216:1

gagged(1) 216:8
gall(3) 59:6 59:7 59:8
gallagher(1) 3:4
gallows(1) 121:6
game(3) 31:11 89:24 229:12
gamesmanship(2) 229:1 229:4
garden(1) 81:23
gave(4) 90:10 112:15 171:25 172:1
gee(2) 172:2 194:7
general(13) 11:24 24:18 24:19 32:7 52:15
67:13 67:18 67:19 84:1 93:18 134:2
179:24 183:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **generally**(10) 13:3 24:7 24:25 29:16 30:3 52:16 67:12 71:19 154:8 217:7 | | **gone**(6) 13:20 68:10 83:14 127:12 158:6 214:23 | | **gun**(1) 83:24 | | **has**(110) 8:17 18:19 22:2 24:23 25:21 27:3 27:22 29:11 29:22 32:24 33:24 34:17 35:14 36:14 37:6 39:14 39:21 40:12 41:4 |
| | | | | **guys**(1) 69:2 | | 41:16 48:3 50:3 53:14 53:25 54:2 56:20 |
| **generated**(2) 98:2 102:18 | | **gonnie**(1) 4:7 | | **had**(115) 8:16 10:23 25:1 30:18 32:20 | | 57:6 57:8 67:8 75:10 76:2 78:2 79:1 82:2 |
| | | | | 32:21 33:3 33:23 34:2 34:13 34:21 35:1 | | 87:11 87:23 88:6 91:1 91:23 93:14 93:20 |
| **generating**(1) 111:23 | | **good**(62) 8:2 8:3 8:4 8:4 8:22 8:23 9:7 | | 35:9 36:13 37:14 37:25 38:2 41:15 45:14 | | 97:10 97:15 97:23 98:2 101:15 102:25 |
| | | 9:9 9:10 16:3 19:10 19:11 20:3 21:2 21:4 | | 48:1 50:14 52:6 52:8 53:20 55:6 58:6 | | 104:5 105:11 110:5 114:8 116:20 119:6 |
| **generic**(1) 10:24 | | 23:3 23:4 23:5 26:1 27:3 28:7 31:7 31:8 | | 59:6 67:6 67:25 70:2 71:2 77:2 78:7 79:5 | | 122:13 122:21 122:21 124:11 129:20 |
| | | 37:9 39:9 39:9 39:11 42:1 42:2 42:17 | | 79:8 79:10 79:11 86:3 88:17 92:17 93:2 | | 132:14 132:16 133:12 134:15 134:16 135:7 |
| **gennett**(2) 6:16 6:17 | | 43:14 44:2 50:25 52:21 52:22 57:9 65:10 | | 94:1 94:14 94:21 95:15 95:16 95:19 96:2 | | 137:3 141:19 143:2 147:2 150:22 155:6 |
| | | 77:9 104:16 109:7 124:10 127:7 127:18 | | 100:12 105:25 111:14 116:11 117:1 111:17 | | 157:3 157:4 157:6 157:8 158:13 159:15 |
| **george**(1) 151:6 | | 127:22 141:12 141:13 152:1 153:2 153:3 | | 112:12 114:15 114:16 115:2 115:3 115:4 | | 160:21 173:11 176:2 179:2 179:9 179:10 |
| | | 158:22 163:18 167:3 167:4 167:5 173:19 | | 115:4 115:7 115:10 115:11 115:16 116:2 | | 181:14 181:16 186:14 186:24 193:5 194:15 |
| **germane**(1) 132:5 | | 200:19 212:7 221:15 221:15 226:4 226:9 | | 118:6 118:7 118:20 118:23 119:1 119:2 | | 194:16 194:17 196:1 196:5 196:7 199:2 |
| | | 231:5 | | 119:3 119:4 120:7 122:8 122:9 122:24 | | 199:4 203:14 203:14 205:16 206:15 206:16 |
| **get**(95) 11:19 14:7 20:7 24:2 40:16 41:1 | | | | 126:19 126:21 126:24 127:12 127:12 | | 207:23 208:21 209:21 210:7 213:18 |
| 41:8 42:12 49:5 53:13 54:1 54:4 55:21 | | **goods**(1) 13:8 | | 135:22 140:10 141:2 142:23 149:10 157:3 | | 216:12 220:22 221:3 223:24 228:18 |
| 55:24 63:16 63:23 69:9 69:9 71:1 71:11 | | | | 157:14 157:18 160:1 168:10 168:15 173:4 | | |
| 73:23 76:8 79:1 79:17 82:25 89:5 89:17 | | **got**(35) 43:11 46:13 77:24 89:23 114:15 | | 180:12 181:20 194:7 199:25 200:1 200:1 | | **hasn't**(6) 35:1 36:15 178:25 180:12 185:17 |
| 89:25 90:9 97:23 102:10 104:21 104:22 | | 115:6 115:20 116:1 118:8 120:17 121:13 | | 200:2 203:18 204:22 204:23 204:25 205:14 | | 196:4 |
| 106:16 114:2 114:25 118:21 121:24 125:1 | | 122:10 126:10 130:1 132:15 133:20 142:1 | | 208:7 208:8 215:15 216:14 222:4 223:8 | | |
| 125:13 125:14 127:1 128:23 129:9 129:10 | | 142:12 150:20 159:10 161:2 172:22 181:17 | | 225:25 228:21 230:9 | | **hat**(2) 210:17 213:5 |
| 130:19 135:16 136:9 141:21 143:22 143:22 | | 183:15 184:7 185:3 185:5 201:5 210:10 | | | | |
| 164:1 167:21 168:18 176:15 182:16 | | 210:11 211:14 216:16 214:17 228:19 | | **hadn't**(4) 115:8 115:9 127:20 204:25 | | **hate**(1) 63:14 |
| 183:16 183:23 185:1 194:11 194:18 196:1 | | 229:23 | | | | |
| 197:10 197:25 200:7 201:20 203:23 206:8 | | | | **hailey**(1) 2:18 | | **hauer**(4) 2:31 19:13 167:7 199:15 |
| 208:10 209:6 209:13 210:10 212:18 213:7 | | **gotten**(8) 17:21 119:8 157:14 175:8 193:6 | | | | |
| 213:8 213:9 213:10 213:12 214:1 214:18 | | 206:5 209:18 214:19 | | **half**(23) 24:10 67:17 69:20 69:22 70:9 | | **have**(301) 8:6 8:12 9:17 11:12 11:12 |
| 215:3 215:19 215:25 217:5 218:25 219:2 | | | | 70:22 88:11 90:10 135:18 172:17 176:9 | | 11:14 12:10 12:12 12:18 13:1 13:8 13:9 |
| 227:11 227:12 227:25 228:3 228:25 229:1 | | **gottlieb**(7) 2:11 5:26 9:11 31:9 109:23 | | 176:10 177:24 186:7 186:24 214:17 216:1 | | 16:17 18:11 18:17 18:18 20:1 20:5 20:9 |
| 230:1 230:15 230:24 | | 142:1 160:9 | | 216:14 217:1 228:21 229:5 229:11 229:24 | | 22:1 22:20 23:1 25:9 26:10 28:4 28:8 |
| | | | | | | 28:10 28:12 28:18 30:2 30:13 30:19 32:17 |
| **gets**(6) 59:9 83:12 124:10 129:6 158:11 | | **govern**(1) 87:9 | | **hamilton**(3) 2:12 5:27 9:11 | | 34:1 34:23 35:4 35:16 35:20 36:3 36:5 |
| 177:10 | | | | | | 36:6 36:10 36:23 36:24 37:19 38:24 39:2 |
| | | **government**(6) 97:5 111:18 114:14 115:21 | | **hamstrung**(3) 219:2 219:4 219:6 | | 41:15 42:7 42:9 44:9 44:14 49:14 49:23 |
| **getting**(13) 14:1 18:23 20:1 38:23 40:1 | | 139:9 141:20 | | | | 50:4 51:17 51:23 51:24 53:5 53:6 53:7 |
| 94:24 118:6 195:7 195:7 195:8 195:15 | | | | **hand**(14) 11:12 11:13 12:20 12:21 89:8 | | 53:10 53:22 54:8 54:13 54:17 54:21 55:3 |
| 197:12 206:1 | | **grabbed**(1) 47:6 | | 89:25 101:16 103:13 124:20 136:21 145:1 | | 55:6 55:11 55:13 55:13 55:18 55:19 56:4 |
| | | | | 195:25 204:16 229:12 | | 56:7 56:14 56:15 58:1 59:7 59:18 60:17 |
| **ginger**(2) 1:43 44:7 | | **grand**(1) 18:9 | | | | 60:18 61:16 61:20 62:1 62:22 63:3 63:24 |
| | | | | **hand-in-hand**(1) 199:18 | | 64:2 65:22 67:19 67:22 67:23 67:23 68:24 |
| **give**(36) 11:19 45:14 46:8 46:12 46:21 | | **grant**(2) 146:23 147:22 | | | | 69:22 69:24 70:1 70:3 70:6 70:22 73:18 |
| 55:13 55:22 56:8 57:23 70:9 71:3 71:4 | | | | **handle**(2) 8:11 75:16 | | 74:6 74:7 75:16 76:18 77:13 77:18 77:21 |
| 71:19 85:4 86:17 89:12 92:2 100:18 | | **granted**(3) 50:8 99:15 124:1 | | | | 80:15 81:8 81:9 81:10 81:15 81:16 81:25 |
| 100:24 109:3 135:3 140:12 145:14 177:12 | | | | **hands**(5) 87:13 87:15 99:24 | | 82:6 82:16 82:17 83:20 84:4 84:8 84:8 |
| 177:21 183:4 183:11 186:17 186:17 189:2 | | **grapple**(1) 175:16 | | | | 85:6 85:7 85:13 85:16 85:22 86:16 86:22 |
| 193:19 193:22 197:22 197:24 209:9 226:9 | | | | **happen**(6) 34:13 78:10 146:9 204:10 | | 87:9 87:15 87:23 88:10 88:10 88:14 88:17 |
| | | **great**(2) 14:9 45:22 | | 204:25 209:22 | | 89:20 90:6 90:15 91:10 91:24 91:25 92:5 |
| **given**(28) 8:14 25:16 39:16 39:20 43:9 | | | | | | 92:15 92:16 92:19 92:24 93:2 93:3 93:7 |
| 44:25 50:3 65:25 73:23 78:17 86:17 89:20 | | **greater**(2) 23:13 65:25 | | **happened**(16) 13:9 44:22 44:22 67:23 | | 93:10 93:12 94:5 94:5 94:8 94:12 94:16 |
| 143:12 147:17 154:13 156:1 168:5 169:10 | | | | 69:25 77:2 79:10 88:25 95:18 100:9 | | 95:16 95:20 96:14 96:5 96:23 97:16 98:11 |
| 177:4 186:20 189:13 190:10 192:22 192:2 | | **greatly**(1) 140:12 | | 100:18 102:7 146:7 162:18 201:20 208:17 | | 98:14 98:16 98:25 99:6 99:20 100:1 |
| 193:20 194:1 194:1 214:23 | | | | | | 100:12 101:7 102:1 102:6 102:8 102:17 |
| | | **greenleaf**(12) 3:37 5:14 5:18 5:22 5:43 | | **happening**(2) 20:13 146:8 | | 102:22 102:23 103:2 103:4 103:5 103:10 |
| **giving**(4) 11:20 175:12 183:19 213:12 | | 6:16 6:27 6:31 6:38 6:46 7:10 47:15 | | | | 103:15 103:20 103:21 104:8 104:11 104:23 |
| | | | | **happens**(5) 43:1 61:7 84:10 144:17 217:20 | | 105:2 105:5 105:22 106:6 106:8 106:11 |
| **glad**(1) 76:9 | | **gross**(17) 1:40 8:23 21:1 21:3 21:15 23:4 | | | | 106:23 106:25 106:25 107:2 107:24 110:8 |
| | | 25:4 25:15 27:13 27:19 29:25 30:6 30:8 | | **happily**(1) 223:9 | | 110:22 111:19 113:13 114:20 114:24 |
| **glantz**(1) 4:7 | | 42:1 42:18 43:17 44:5 | | | | 115:12 115:21 115:23 116:5 116:6 116:7 |
| | | | | **happy**(46) 10:14 14:25 21:9 39:4 46:11 | | 116:8 117:5 119:20 119:21 119:23 120:14 |
| **global**(1) 28:13 | | **ground**(2) 85:13 88:21 | | 46:20 68:10 73:2 76:10 101:25 106:2 | | 121:3 121:9 122:5 123:8 123:9 123:12 |
| | | | | 107:25 130:11 156:12 165:22 167:17 186: | | 123:19 123:24 124:12 124:13 124:23 125:3 |
| **globally**(2) 12:6 23:15 | | **grounds**(1) 86:4 | | 188:16 193:16 193:18 193:22 194:19 | | 125:4 125:5 125:10 125:11 125:14 125:17 |
| | | | | 196:4 197:4 197:5 198:10 203:22 212:15 | | 125:18 126:1 126:3 129:16 129:18 129:21 |
| **goals**(1) 21:8 | | **group**(73) 6:11 6:11 7:4 7:35 7:35 55:18 | | 212:19 213:7 213:14 218:11 218:12 218:2 | | 129:24 130:18 131:12 131:25 133:9 133:13 |
| | | 95:9 112:14 171:19 171:21 172:4 172:14 | | 219:2 219:11 219:22 221:9 223:5 223:8 223:17 | | 133:14 134:11 134:12 134:15 136:17 |
| **goes**(11) 20:16 22:3 40:17 59:4 59:7 | | 173:16 173:23 174:13 174:15 174:19 | | 223:23 224:10 227:9 229:10 229:11 229:2 | | 136:22 139:1 139:4 139:11 140:6 141:10 |
| 131:20 150:7 168:4 191:17 191:17 197:10 | | 174:20 174:25 175:13 177:19 177:25 178: | | | | 141:14 142:2 142:3 142:7 142:9 142:13 |
| | | 178:2 178:23 178:24 178:25 179:9 179:10 | | **harassment**(1) 128:22 | | 142:15 143:9 143:10 143:25 144:20 145:9 |
| **going**(124) 12:25 14:4 14:7 21:6 24:18 | | 185:1 185:2 186:9 186:12 190:5 190:18 | | | | 146:6 146:10 146:13 147:8 147:12 148:23 |
| 25:3 25:22 32:5 36:5 37:14 38:20 38:22 | | 190:20 201:2 201:12 202:19 202:25 203:5 | | **hard**(12) 35:8 46:7 49:5 56:11 58:1 70:25 | | 149:14 151:10 154:10 157:13 157:15 |
| 39:2 39:6 40:18 41:1 41:13 42:5 42:12 | | 203:6 203:10 203:10 204:4 204:21 205:7 | | 71:13 98:2 111:16 161:20 174:18 218:18 | | 157:15 157:19 158:6 158:8 159:14 |
| 42:15 43:12 43:19 45:8 45:18 48:15 49:5 | | 205:11 205:12 205:16 205:17 206:1 206:4 | | | | |
| 49:7 55:2 55:11 57:23 58:2 60:12 61:25 | | 206:14 211:4 211:9 211:15 211:17 211:17 | | **harder**(1) 197:12 | | |
| 62:22 64:19 66:22 68:19 70:5 70:5 70:13 | | 211:21 211:24 212:3 212:4 212:5 212:8 | | | | |
| 72:7 73:6 74:1 76:20 77:6 77:9 77:13 | | 212:9 212:11 214:20 221:3 221:8 221:11 | | **hardship**(1) 147:16 | | |
| 79:16 82:17 82:25 85:3 86:9 86:13 87:1 | | 222:17 222:21 | | | | |
| 89:18 89:24 90:4 93:8 93:15 93:16 94:19 | | | | **hardships**(1) 147:16 | | |
| 96:9 99:21 101:4 103:13 104:10 105:6 | | **group's**(2) 171:23 179:16 | | | | |
| 105:7 106:5 107:16 110:2 116:15 120:5 | | | | **harm**(2) 140:14 147:12 | | |
| 121:6 121:9 121:10 123:25 125:5 127:21 | | **groups**(6) 17:20 20:15 113:13 201:6 | | | | |
| 128:13 135:11 140:5 141:21 142:10 142:2 | | 202:18 206:18 | | **harmed**(1) 138:20 | | |
| 143:11 144:19 144:20 148:24 155:11 | | | | | | |
| 155:11 155:12 163:8 166:1 168:23 168:25 | | **grow**(1) 98:6 | | **harrisburg**(1) 1:47 | | |
| 168:25 169:13 170:2 173:14 175:5 177:7 | | | | | | |
| 179:23 181:23 185:6 189:7 193:12 197:12 | | **growing**(1) 37:11 | | | | |
| 197:15 197:16 197:18 205:1 205:6 205:8 | | | | | | |
| 205:22 209:5 211:8 212:1 220:5 221:15 | | **guarantee**(1) 148:23 | | | | |
| 222:22 223:2 224:6 224:15 | | | | | | |
| | | **guaranteed**(2) 95:6 95:7 | | | | |
| **golden**(1) 217:19 | | | | | | |
| | | **guarantees**(1) 96:7 | | | | |
| **golf**(1) 108:8 | | | | | | |
| | | **guess**(6) 40:7 91:11 99:2 148:21 170:16 | | | | |
| | | 218:9 | | | | |
| | | | | | | |
| | | **guidance**(3) 40:2 55:22 62:6 | | | | |
| | | | | | | |
| | | **guidelines**(3) 59:22 59:23 60:3 | | | | |
| | | | | | | |
| | | **gulf**(3) 207:4 207:5 207:15 | | | | |
| | | | | | | |
| | | **gump**(4) 2:31 19:13 167:6 199:15 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**have**(149) 159:16 159:17 160:3 161:4 161:14 162:1 164:2 164:9 164:12 165:3 165:16 165:17 165:25 167:9 171:12 172:15 172:24 173:2 173:5 173:6 173:13 173:25 174:7 174:22 175:2 175:3 175:5 176:4 176:8 176:11 176:12 176:15 177:6 177:12 177:21 178:4 178:12 178:23 180:8 180:14 180:15 180:25 181:17 182:10 182:21 182:23 183:5 183:7 183:20 184:9 186:11 189:2 190:13 191:1 191:12 191:24 191:25 192:1 192:14 192:21 193:6 193:9 193:15 194:1 194:8 194:15 195:7 195:19 196:12 197:25 198:14 198:20 198:21 199:3 199:6 199:6 199:6 199:7 199:18 199:24 200:3 200:4 200:5 200:6 200:11 200:13 201:10 201:10 201:15 201:17 202:2 202:5 202:17 202:20 202:24 203:11 203:15 203:25 204:18 204:19 204:22 204:24 205:2 205:3 205:4 205:14 206:3 206:9 206:9 206:24 207:25 208:4 208:17 209:22 210:3 210:24 211:20 212:15 212:20 214:14 214:16 214:19 214:22 214:25 215:14 215:16 216: 216:18 217:4 219:9 220:2 220:9 221:9 221:16 221:19 221:19 222:17 223:17 224:17 224:19 226:12 227:11 227:16 227:21 228:9 228:20 228:20 230:4 230:5

**haven't**(28) 36:13 52:11 53:12 56:10 69:3 84:1 93:25 102:25 104:20 117:23 117:24 121:11 128:15 128:16 141:25 142:23 146: 151:18 158:3 172:18 177:25 178:1 185:20 206:22 208:25 214:19 222:7 228:23

**having**(25) 11:6 21:15 29:17 29:17 36:10 47:6 76:8 76:23 81:19 83:1 84:4 84:7 84:14 86:6 86:19 98:12 104:21 124:5 143:5 157:22 168:6 172:18 194:2 215:2 215:2

**he's**(15) 15:7 15:14 118:14 119:8 152:6 169:21 216:18 219:15 222:14 222:22 223:25 224:5 225:22 228:19 228:21

**head**(2) 30:23 106:9
**headway**(1) 47:24
**health**(1) 51:23
**hear**(26) 20:18 21:13 24:23 25:5 30:12 30:19 39:7 40:19 42:11 45:10 45:21 46:18 46:25 57:7 57:21 65:4 74:14 86:25 106:5 159:25 173:16 190:25 191:2 191:21 204:3 206:12
**heard**(27) 18:3 19:2 29:17 32:24 37:13 49:24 53:23 57:7 57:24 62:21 66:2 69:8 69:10 77:14 84:1 143:7 143:7 146:22 157:24 165:2 175:14 177:15 190:3 198:25 199:21 212:16 226:6
**hearing**(40) 8:10 8:13 15:4 19:7 21:23 24:23 25:4 25:16 27:16 27:19 30:1 33:6 34:7 34:14 38:3 44:1 45:19 57:5 64:14 64:20 66:21 104:24 105:6 106:2 106:3 106:6 108:17 118:6 135:9 135:18 143:5 145:9 162:6 191:5 192:14 216:25 226:3 226:18 226:20 231:9
**hearings**(2) 135:13 151:16
**hears**(2) 21:17 204:9
**heart**(1) 206:9
**hearts**(2) 205:6 206:11
**heather**(6) 6:6 110:19 130:16 133:7 133:25 152:10
**heavily**(2) 19:16 22:4
**height**(1) 216:22
**heightened**(1) 179:8
**held**(8) 18:17 31:19 70:20 72:4 72:19 123:18 131:10 179:23
**hello**(1) 31:25
**help**(4) 41:18 55:23 62:12 116:24
**helped**(1) 58:8

**helpful**(7) 37:13 50:11 54:24 61:8 102:13 109:2 187:12
**henry**(2) 6:20 6:20
**her**(4) 21:7 21:16 142:25 190:6
**here**(118) 8:6 9:13 14:15 35:15 37:2 37:13 38:8 38:14 38:19 41:24 43:3 53:23 54:25 55:19 61:12 66:13 67:4 68:12 68:14 69:20 69:22 70:5 70:6 71:23 73:8 73:10 75:4 75:12 76:2 77:18 78:10 78:17 80:3 80:9 82:17 86:18 88:22 88:25 89:15 92:25 97:11 97:16 98:6 98:18 98:24 98:24 106:17 108:4 109:5 114:4 120:17 122:9 122:20 123:8 123:24 125:7 125:9 126:20 128:21 129:2 129:12 129:18 130:2 130:5 130:16 132:6 142:12 143:8 143:13 143:15 144:17 145:6 145:21 146:23 148:1 149:17 152:12 152:16 153:4 153:15 155:13 157:7 157:25 158:7 158:9 158:21 159:11 161:15 162:15 165:5 165:7 166:5 165:23 169:1 169:13 171:4 175:8 181:21 187:2 188:17 188:18 189:9 190:24 191:12 194:20 195:21 196:21 200:22 200:25 201: 203:23 213:7 214:14 216:16 216:17 227:11 230:2

**here's**(6) 51:4 63:19 126:25 163:13 163:16 164:17
**herring**(4) 71:11 89:11 184:4 214:11
**herself**(1) 21:17
**hey**(8) 51:16 69:2 69:19 172:22 176:25 184:16 188:19 216:23
**hiding**(2) 185:10 185:11
**higher**(1) 122:8
**highlighted**(1) 22:15
**highly**(4) 26:6 146:23 181:11 181:15
**him**(9) 56:23 108:3 108:4 151:18 152:7 184:16 194:20 214:5 216:19
**himself**(2) 34:16 57:18
**hints**(1) 141:20
**hire**(2) 119:4 142:12
**his**(26) 14:25 33:20 36:19 56:20 56:21 56:22 56:23 108:4 118:17 184:16 194:20 214:4 214:20 216:11 216:15 216:22 217:2 217:10 217:24 222:7 222:10 222:15 222:17 223:1 224:1 224:2
**history**(3) 168:4 175:7 201:23
**hoc**(32) 4:4 7:4 54:4 171:19 171:21 171:23 172:4 172:14 173:16 174:12 174:1 174:19 175:13 177:19 178:23 178:24 178:25 179:9 179:10 179:16 184:25 185:2 201:1 201:11 201:14 205:7 205:12 205:16 211:9 211:16 211:22 221:3
**hodara**(29) 2:36 19:10 19:11 19:12 20:18 20:20 30:4 30:7 30:12 31:2 31:3 31:4 38:24 38:25 39:1 40:7 40:9 41:12 74:12 74:16 74:16 74:23 75:9 75:22 75:24 76:3 76:6 91:23 91:24
**hodara's**(1) 37:10
**hold**(12) 39:3 40:17 117:11 123:21 128:10 131:24 153:9 162:25 179:5 194:21 195:15 215:5
**holders**(1) 54:4
**holding**(6) 69:15 94:19 130:8 131:19 172:7 173:3
**holiday**(2) 90:3 90:4
**holidays**(2) 192:15 226:7
**home**(4) 6:23 6:24 210:19 231:7
**honesty**(1) 34:12

**honor**(272) 8:4 8:6 8:10 8:19 9:9 19:9 19:11 19:14 19:24 20:11 21:2 22:17 22:20 22:25 23:3 23:8 23:19 23:25 24:15 25:1 25:11 27:9 27:10 30:15 31:8 32:12 32:23 34:3 35:5 38:13 39:1 39:9 39:25 40:9 42:1 42:17 42:21 44:14 44:14 44:24 45:4 45:8 45:9 45:14 45:25 46:12 46:17 46:18 47:4 47:13 47:18 48:1 52:9 52:21 56:3 57:9 57:13 57:25 60:23 61:22 62:16 63:3 63:18 64:6 64:10 64:22 64:24 65:4 65:8 65:11 65:15 65:21 66:1 66:16 66:19 66:25 67:4 67:7 67:11 68:9 69:15 74:16 74:19 74:25 75:3 75:10 75:22 76:17 77:20 77:25 79:7 80:5 80:14 80:20 81:9 81:10 81:15 81:20 83:25 84:9 84:12 85:20 86:7 86:23 87:2 87:8 91:1 91:24 92:10 94:6 94:24 95:22 98:9 98:14 99:3 100:3 100:17 100:24 101:25 103:5 103:8 103:14 104:6 105:10 105:15 106:20 107:4 107:16 108:7 108:15 109:7 109:11 109:14 109:22 110:9 110:22 111:5 111:6 111:8 111:19 112:6 116:2 116:17 118:5 119:18 120:17 123:9 126:23 130:1 130:9 130:15 133:1 133:24 138:9 139:4 139:6 141:10 141:16 144:3 145:20 146:20 148:3 148:5 148:7 149:9 149:12 151:4 151:23 152:4 152:9 152:24 153:3 153:15 154:24 159:24 160:8 162:1 166:5 166:10 167:1 167:2 167:4 167:8 167:17 167:22 167:24 169:16 169:18 169:23 170:1 170:5 170:9 170:20 171:2 180:12 184:4 190:1 190:13 191:19 193:8 193:9 194:8 194:24 198:9 199:14 199:17 199:21 200:1 200:4 200:5 200:10 200:16 200:21 200:22 201:3 202:12 202:12 203:1 203:13 204:2 204:4 204:8 204:9 204:12 204:16 205:3 205:4 205:24 206:16 206:16 207:13 207:22 208:12 209:2 211:1 211:2 212:6 212:14 213:16 213:18 213:21 213:22 213:24 215:16 218:9 218:19 218:20 220:13 220:16 221:1 221:10 221:21 221:2 222:1 223:4 223:22 224:15 225:18 227:1 228:1 228:12 228:14 229:16 229:17 229:2 230:12 230:13 230:17 230:19 230:22 230:25 231:3

**honor's**(5) 64:15 70:4 100:6 100:22 139:2
**honorable**(1) 1:40
**honors**(4) 21:6 30:12 31:24 33:16
**hope**(9) 10:10 37:15 133:17 152:17 153:9 191:15 209:15 211:22 228:2
**hopeful**(4) 39:19 39:24 69:12 152:13
**hopefully**(5) 21:14 24:17 35:18 92:3
**hoping**(3) 35:1 41:1 149:3
**horizontally**(1) 30:24
**horn**(1) 205:13
**hostage**(4) 123:22 128:11 129:22 130:8
**hour**(2) 142:11 171:4
**how**(39) 9:7 33:23 37:14 42:14 42:15 44:22 46:13 62:6 62:9 62:25 65:24 69:3 77:24 87:4 105:6 117:24 119:11 120:16 121:10 126:5 127:21 129:10 132:5 134:20 138:21 145:25 148:23 155:12 159:16 159:18 159:19 159:19 175:5 175:7 215:8 216:4 228:10 229:15 230:7
**however**(6) 19:18 54:12 57:6 60:2 62:11 175:23
**hubbard**(1) 33:20
**hughes**(1) 33:20
**hullabaloo**(1) 92:25
**hundred**(2) 103:9 138:5
**hundreds**(3) 116:21 128:5 168:12
**hurry**(1) 214:25
**i'd**(10) 46:20 50:12 57:13 57:25 66:23 92:18 154:5 213:24 225:5 228:5

**i'll**(30) 8:19 19:1 21:23 25:8 27:6 31:4 41:21 43:20 74:8 77:22 79:15 86:25 87:1 101:5 103:24 103:24 104:13 104:16 109:12 111:5 118:21 167:8 170:11 170:12 171:21 191:5 213:19 219:20 221:11 223:9
**i'm**(104) 14:25 15:8 18:2 18:19 21:6 25:22 30:22 31:16 41:9 41:13 44:18 44:22 45:23 46:11 51:5 52:2 57:22 57:22 58:2 62:7 64:12 66:21 66:22 72:7 73:8 74:11 74:12 76:9 83:11 86:6 91:2 91:22 92:15 92:25 94:24 95:22 96:17 96:22 96:25 98:12 98:15 99:3 99:9 99:9 99:21 101:4 101:25 104:9 105:7 106:5 107:16 107:23 109:5 109:21 122:3 128:4 130:10 136:24 140:5 140:12 140:22 141:21 142:8 142:24 143:11 143:11 148:9 148:12 148:12 153:8 159:11 168:22 168:22 168:23 168:23 169:13 170:11 171:1 175:22 180:6 180:24 181:22 183:3 185:23 185:24 186:1 186:1 186:13 187:6 187:6 207:9 211:25 213:5 216:15 220:4 221:9 223:17 224:10 225:9 225:14 227:9 229:1 229:13 229:22 230:8
**i've**(20) 31:19 37:13 47:5 61:16 96:16 97:12 104:8 119:18 122:8 122:9 122:10 142:12 142:12 146:21 165:2 172:22 182:4 182:20 216:19 230:9
**idaho**(1) 158:16
**idea**(13) 11:25 13:1 40:15 85:21 95:12 95:16 102:4 177:10 179:13 185:4 215:12 229:2 229:5
**identified**(11) 131:5 131:18 133:6 134:5 134:23 134:24 135:19 136:11 137:10 142:2 202:21
**identify**(1) 91:13
**imagine**(2) 102:18 114:22
**immediate**(2) 143:20 147:11
**immediately**(2) 25:18 127:4
**imminently**(1) 46:16
**impact**(2) 64:20 123:20
**implement**(1) 29:21
**implementing**(1) 58:11
**implicate**(1) 212:12
**implications**(1) 180:21
**import**(1) 75:19
**importance**(1) 139:11
**important**(23) 14:10 20:11 21:11 26:5 29:6 34:20 37:18 37:18 73:23 75:13 76:2 90:9 91:14 116:14 116:16 122:12 144:4 181:24 201:7 208:24 210:12 227:8 227:9
**importantly**(4) 82:6 205:20 208:20 209:23
**impossible**(3) 102:5 141:18 208:9
**imprimatur**(1) 195:22
**improperly**(1) 83:1
**in-house**(1) 135:15
**inability**(2) 140:21 205:25
**inaccurate**(3) 130:23 132:2 133:8
**inappropriate**(6) 82:19 186:4 207:7 216:9 220:10 220:23
**inappropriately**(1) 136:11
**inc**(12) 1:6 1:12 1:19 1:26 1:33 1:37 4:42 4:42 5:26 6:23 7:18 18:8
**incapable**(1) 95:2
**incidence**(1) 189:3
**incidentally**(2) 205:9 205:24
**include**(7) 28:2 60:14 117:10 148:22 162:2 222:16 224:21
**included**(6) 28:10 67:9 79:21 138:6 173:9 178:23
**includes**(1) 178:22

| Word | Page:Line |
|---|---|
| **including**(12) 22:5 22:7 29:1 13:23 127:11 146:12 148:15 149:4 149:14 149:2 172:19 225:10 | |
| **income**(16) 112:9 112:15 112:16 112:20 113:3 113:7 113:20 113:22 113:23 114:1 114:13 114:19 114:24 115:1 140:24 189:14 | |
| **inconsistent**(2) 156:14 165:6 | |
| **inconvenience**(1) 26:13 | |
| **incorrectly**(1) 207:5 | |
| **increase**(1) 178:19 | |
| **indeed**(6) 119:12 120:14 121:13 126:14 128:12 166:6 | |
| **indefinitely**(1) 90:11 | |
| **indemnification**(2) 135:12 147:7 | |
| **indemnify**(6) 119:22 122:6 125:11 125:18 141:12 141:14 | |
| **independent**(3) 125:22 141:10 141:11 | |
| **independently**(1) 125:23 | |
| **indicate**(3) 63:10 107:20 136:1 | |
| **indicated**(8) 19:20 22:12 43:17 63:22 69:15 133:4 169:4 171:18 | |
| **indicates**(1) 96:6 | |
| **indicating**(3) 29:13 62:19 135:21 | |
| **indication**(2) 20:4 40:22 | |
| **indicative**(2) 19:24 20:7 | |
| **indirect**(1) 32:14 | |
| **indiscernible**(12) 22:7 22:24 24:4 24:6 29:3 29:5 29:8 29:22 133:1 137:25 176:24 181:2 | |
| **indiscernible]creditors**(1) 54:15 | |
| **individual**(38) 53:15 53:16 57:8 57:11 114:9 117:18 118:12 123:3 134:12 140:24 144:19 171:19 171:20 173:3 173:5 174:9 174:13 175:5 175:16 175:22 175:22 177:1 177:3 177:23 182:11 188:9 190:6 190:18 195:2 195:12 195:13 198:15 198:15 201:1 207:25 208:4 219:4 222:25 | |
| **individually**(4) 53:4 53:18 195:24 214:4 | |
| **individuals**(55) 45:17 45:19 46:18 46:22 52:6 52:9 53:2 116:25 117:11 119:18 119:21 119:25 120:7 121:4 122:5 122:6 122:7 123:12 123:15 123:18 123:25 125:4 125:10 129:19 129:22 131:4 131:5 134:5 134:9 134:14 134:17 137:16 141:2 141:11 141:23 142:7 143:12 143:17 145:16 146:1 146:5 146:7 147:13 147:24 149:13 171:8 172:13 173:2 175:23 176:11 176:25 180:3 189:25 215:7 219:22 | |
| **industries**(1) 156:20 | |
| **informal**(2) 135:15 135:17 | |
| **information**(40) 20:18 36:8 46:8 47:17 47:22 55:11 55:21 55:24 56:17 82:22 102:21 134:3 134:9 134:16 134:18 135:8 156:6 165:17 172:1 175:12 179:13 184:2 187:5 187:11 187:11 187:18 187:18 189:1 208:10 209:1 209:6 217:8 217:9 217:11 217:17 219:22 219:23 221:19 225:11 227:21 | |
| **informed**(5) 54:7 118:18 118:23 208:11 209:6 | |
| **ingersoll**(1) 3:25 | |
| **initial**(1) 124:10 | |
| **initiate**(1) 43:20 | |
| **injecting**(1) 71:23 | |
| **injunction**(10) 111:1 117:6 120:20 130:10 132:6 138:16 143:1 143:8 145:8 149:7 | |
| **injunctive**(3) 146:23 147:22 147:23 | |
| **injustice**(1) 60:13 | |
| **inopportune**(2) 77:7 83:18 | |
| **inquiry**(2) 182:2 182:6 | |

| Word | Page:Line |
|---|---|
| **insight**(1) 42:14 | |
| **insisted**(1) 203:17 | |
| **insistence**(1) 186:8 | |
| **insistent**(1) 216:6 | |
| **instance**(2) 52:9 198:1 | |
| **instances**(1) 46:8 | |
| **instead**(1) 84:4 | |
| **instruct**(2) 141:6 221:11 | |
| **instructed**(1) 222:13 | |
| **instructions**(1) 27:25 | |
| **instructive**(2) 61:24 156:19 | |
| **insurance**(6) 50:22 50:23 51:4 51:20 51:23 58:5 | |
| **insured**(1) 51:1 | |
| **insurer**(1) 51:4 | |
| **intend**(6) 35:15 71:17 73:7 176:6 191:2 216:25 | |
| **intended**(7) 84:14 117:15 117:16 117:18 136:3 145:15 171:15 | |
| **intends**(1) 222:13 | |
| **intent**(2) 118:7 140:14 | |
| **intention**(2) 60:6 100:20 | |
| **intercompany**(6) 16:11 11:25 14:5 16:5 17:9 17:10 | |
| **interest**(30) 12:12 17:25 26:15 27:2 28:10 56:21 63:18 119:15 119:16 119:19 120:4 120:13 122:8 123:23 125:6 125:10 125:12 127:3 128:24 150:3 158:9 167:9 167:11 167:16 173:13 177:20 177:22 191:25 192:21 194:2 | |
| **interested**(2) 158:4 158:8 | |
| **interesting**(5) 95:11 121:8 125:25 161:9 162:15 | |
| **interests**(3) 147:15 167:12 167:18 | |
| **interim**(1) 204:7 | |
| **internal**(2) 111:18 112:12 | |
| **international**(1) 123:9 | |
| **interrogatories**(1) 186:16 | |
| **interrupted**(1) 148:11 | |
| **interrupting**(1) 148:9 | |
| **intervene**(1) 147:14 | |
| **intervening**(2) 124:14 124:15 | |
| **into**(57) 10:20 14:8 16:15 16:18 18:20 19:4 19:8 25:24 32:4 36:18 42:14 52:10 53:13 57:3 60:15 61:20 67:9 78:13 78:18 75:24 79:5 82:17 83:19 88:11 90:1 91:3 112:4 117:20 117:21 118:21 127:9 133:19 136:3 143:25 144:13 156:5 161:14 161:24 162:1 162:16 176:8 176:9 176:12 176:16 181:9 185:19 197:15 199:6 200:13 202:18 204:23 206:9 210:5 220:6 224:6 229:15 | |
| **introduce**(3) 57:14 57:18 100:23 | |
| **inundated**(2) 205:22 205:24 | |
| **investigating**(1) 135:5 | |
| **investigation**(7) 79:11 131:3 131:11 131:20 131:23 134:4 134:22 | |
| **invited**(1) 68:7 | |
| **inviting**(1) 216:13 | |
| **invoices**(1) 84:22 | |
| **invoking**(1) 90:25 | |
| **involuntary**(1) 158:12 | |
| **involved**(12) 11:17 19:16 22:4 23:10 26:13 123:11 132:8 156:23 207:20 210:8 210:8 213:3 | |
| **involving**(1) 27:23 | |
| **irish**(2) 6:27 6:28 | |
| **ironic**(1) 214:24 | |
| **ironically**(3) 174:16 198:11 216:9 | |
| **irony**(1) 216:22 | |
| **irrelevant**(1) 186:19 | |
| **irreparable**(1) 147:12 | |

| Word | Page:Line |
|---|---|
| **irs**(9) 111:20 111:22 112:17 112:19 113:7 113:19 113:23 115:6 116:4 | |
| **isn't**(17) 66:5 72:9 89:18 122:19 134:9 154:22 155:2 157:25 174:16 183:19 189:3 192:20 217:17 218:17 218:17 219:6 220:2 | |
| **issuance**(2) 78:20 79:1 | |
| **issue**(60) 13:18 42:13 45:9 50:23 53:9 55:3 55:6 61:6 62:9 66:13 68:19 79:25 82:19 90:19 91:17 94:25 101:5 101:16 102:15 122:20 125:18 132:5 132:8 133:16 133:19 138:15 138:16 142:20 143:3 143:24 145:22 146:18 154:22 155:1 155:4 155:13 155:23 156:15 162:3 162:11 164:8 164:23 169:2 169:24 170:22 178:6 178:21 179:5 189:10 193:11 195:8 196:1 196:15 198:19 202:13 204:11 204:13 206:6 214:1 | |
| **issued**(10) 32:12 38:13 67:23 68:18 69:1 79:14 80:2 80:7 100:11 101:18 | |
| **issues**(66) 9:15 20:2 20:6 22:14 26:22 40:16 43:6 43:8 49:11 49:15 53:19 54:12 56:15 61:9 61:18 62:13 63:11 63:24 64:20 66:14 67:12 69:9 73:21 104:25 107:17 108:24 111:21 115:7 116:1 116:3 116:5 116:6 116:9 117:22 124:13 125:4 125:5 133:20 135:20 135:25 137:8 143:22 144:1 145:9 159:12 159:14 175:16 175:18 175:25 178:7 181:21 189:24 192:2 193:6 196:11 197:12 199:3 200:8 203:19 203:21 210:12 215:1 218:2 218:2 218:10 224:6 | |
| **issuing**(1) 12:21 | |
| **it'd**(1) 206:12 | |
| **it's**(229) 11:5 12:2 12:5 12:11 18:10 20:11 25:3 25:24 26:5 29:12 33:14 37:1 37:15 37:17 38:12 38:15 38:22 40:18 40:21 41:16 46:9 49:5 49:18 49:18 50:10 50:18 50:25 51:24 51:24 55:10 55:17 55:19 56:20 64:19 65:3 67:8 67:9 67:21 69:8 71:12 71:22 71:25 72:1 73:15 73:19 73:22 75:24 78:8 78:9 78:23 78:24 78:25 79:15 81:22 82:12 83:18 83:19 85:1 86:9 86:12 88:8 88:21 88:22 88:23 89:23 90:8 90:17 90:18 91:4 91:20 95:24 96:9 96:14 96:14 96:20 97:12 97:24 98:19 100:20 100:22 100:25 101:13 103:11 104:19 105:10 106:24 107:15 108:4 108:11 108:24 112:3 116:14 122:12 122:19 124:23 125:24 125:25 129:13 131:11 131:23 132:15 133:20 134:8 134:19 135:7 135:25 136:25 137:15 137:15 137:16 138:6 138:18 139:24 140:2 140:3 140:6 140:10 141:1 141:18 142:16 142:19 144:4 144:14 146:23 147:21 148:1 148:2 150:14 150:15 150:17 154:24 157:16 158:5 159:1 159:21 160:19 160:21 160:24 161:20 162:15 162:18 163:22 164:3 164:14 166:10 166:12 167:23 168:10 169:7 170:8 173:8 173:23 173:24 174:17 174:20 176:7 176:15 176:17 176:20 176:20 177:20 177:23 178:10 178:11 179:2 179:11 179:17 180:18 180:23 182:2 182:4 182:7 182:8 183:6 183:15 184:4 184:4 186:5 186:6 187:8 188:8 189:24 190:10 190:11 191:1 192:17 193:4 193:13 193:11 195:12 195:12 195:13 195:21 195:23 195:24 196:24 196:25 197:21 198:21 198:22 200:19 200:21 206:15 209:7 209:13 209:14 211:11 214:24 215:9 217:17 220:3 220:10 220:23 220:24 221:14 224:2 224:6 224:11 227:20 229:18 230:24 230:25 | |
| **item**(5) 8:9 65:4 65:12 65:16 66:8 | |
| **items**(4) 110:13 154:9 154:15 155:15 | |
| **iterative**(1) 129:16 | |

| Word | Page:Line |
|---|---|
| **its**(30) 15:20 27:5 29:11 42:9 79:11 79:14 79:17 86:5 113:23 131:3 134:22 136:4 136:14 137:11 137:19 137:20 137:22 138:14 138:22 140:17 147:20 149:4 153:28 156:9 159:2 160:4 179:10 179:11 179:17 179:21 | |
| **itself**(7) 12:14 22:15 24:3 138:3 158:25 176:20 179:7 | |
| **james**(4) 2:15 31:8 109:22 160:8 | |
| **jane**(1) 2:17 | |
| **janis**(2) 6:31 6:32 | |
| **january**(2) 67:24 79:14 | |
| **jeffrey**(4) 3:13 118:14 149:24 153:3 | |
| **jennifer**(2) 21:5 188:7 | |
| **job**(1) 142:14 | |
| **joe**(1) 23:6 | |
| **jog**(1) 42:20 | |
| **john**(2) 2:43 7:26 7:26 39:12 | |
| **join**(4) 177:25 178:1 216:14 220:22 | |
| **joined**(1) 74:15 | |
| **joining**(2) 175:16 223:3 | |
| **joint**(10) 8:9 8:11 24:23 25:4 30:1 32:10 32:15 34:15 35:17 42:12 | |
| **jointly**(2) 1:5 25:5 | |
| **jones**(3) 5:35 6:35 6:35 | |
| **judge**(19) 1:40 1:41 8:23 20:25 21:2 21:15 23:4 25:4 25:15 27:13 27:19 29:25 30:6 30:8 42:1 42:17 43:17 44:5 156:19 | |
| **judges**(2) 68:3 96:12 | |
| **judgment**(13) 14:16 79:6 80:7 84:19 84:20 105:4 105:5 144:18 157:14 166:22 208:11 209:7 227:15 | |
| **judgments**(1) 52:7 | |
| **judicial**(1) 138:25 | |
| **july**(13) 1:36 8:1 38:14 67:6 77:5 83:5 83:7 86:16 89:19 89:20 96:20 150:15 231:17 | |
| **june**(6) 29:10 34:14 47:14 48:11 68:17 89:21 | |
| **jurisdiction**(10) 113:15 124:22 130:2 154:13 158:19 158:24 165:10 165:13 165:14 166:4 | |
| **jurisdictions**(18) 28:6 111:13 111:15 112:9 113:4 113:18 115:11 115:20 117:5 123:10 129:3 130:5 130:8 141:5 144:23 159:18 167:13 169:11 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**just**(167) 8:16 8:17 11:24 18:6 18:18 18:21 30:14 32:6 33:14 36:14 37:18 40:10 41:25 42:3 42:20 44:7 44:17 45:23 46:19 47:10 49:11 50:5 50:14 52:3 55:18 56:3 57:14 57:18 57:18 58:8 58:16 58:18 60:7 61:5 62:10 62:25 63:3 63:22 64:16 66:5 66:8 66:22 68:8 69:18 70:12 74:1 74:25 76:7 77:23 83:13 88:6 84:7 86:19 87:6 87:13 88:6 89:8 91:5 91:7 91:20 93:3 94:4 95:18 95:24 96:19 98:3 98:6 101:6 103:14 103:14 103:18 105:15 105:18 107:6 107:12 107:18 108:24 109:10 110:9 110:17 111:6 118:8 128:8 130:24 131:17 134:24 139:2 139:18 141:18 142:1 146:17 147:9 148:12 149:11 149:12 149:16 150:24 154:5 157:23 159:11 161:11 164:3 166:16 166:21 167:24 167:25 168:23 169:20 170:10 171:12 171:21 172:2 174:9 175:18 175:24 176:12 176:13 176:15 176:18 177:14 178:10 178:18 179:19 180:6 181:9 182:14 182:16 182:17 183:2 188:20 190:10 191:14 192:8 194:6 194:13 196:3 196:21 197:25 198:22 202:1 203:23 205:19 206:16 209:15 209:23 209:24 210:9 211:20 211:21 212:21 214:8 221:1 221:2 222:19 224:8 224:15 226:1 226:9 226:20 227:3 228:6 230:10

**justice**(50) 4:25 8:5 8:15 8:21 8:23 9:3 9:5 9:10 19:24 20:24 20:25 21:12 21:14 21:19 22:22 23:1 23:24 24:9 24:20 25:7 25:14 25:19 27:12 27:13 30:7 30:8 30:15 30:21 30:22 31:24 32:24 33:17 37:6 39:10 41:14 41:21 41:23 42:16 43:14 43:17 43:23 43:24 44:2 44:4 44:9 44:13 77:2 77:3 96:3

**justify**(2) 75:4 94:17

**justin**(1) 3:32

**kahn**(1) 2:33

**kara**(1) 2:18

**keach**(59) 4:13 185:19 193:5 194:16 200:19 200:21 200:25 200:25 203:1 207:11 207:13 207:15 207:19 208:4 210:3 213:18 213:20 213:21 213:25 215:12 216:6 216:11 219:15 219:20 220:1 220:13 221:1 221:14 221:21 221:24 221:25 222:6 222:12 222:15 223:4 223:7 223:17 223:24 224:13 224:15 224:21 225:4 226:1 227:1 227:3 227:8 227:14 227:24 228:7 228:12 228:18 229:8 229:13 229:20 229:22 230:4 230:13 230:1 230:18

**keach's**(3) 214:2 214:13 219:9

**keen**(3) 42:12 42:13 42:13

**keep**(8) 10:11 71:1 108:3 116:15 117:25 129:23 135:9 217:1

**keeping**(1) 158:9

**ken**(1) 3:20

**kevin**(2) 1:40 7:36

**key**(3) 156:22 158:1 158:2

**keys**(2) 10:23 13:20

**kick**(1) 9:24

**kicked**(1) 197:10

**kill**(3) 68:2 75:11 88:2

**killed**(1) 178:5

**kim**(1) 2:17

**kind**(15) 52:25 54:25 102:20 102:20 107:2 108:11 115:18 136:19 136:20 164:8 170:11 194:3 195:22 214:10 218:22

**kindly**(2) 68:7 68:8

**kinds**(1) 204:8

**king**(3) 2:27 2:45 4:27

**knew**(2) 79:22 94:21

**know**(226) 8:16 12:6 13:2 13:7 14:15 21:12 30:5 35:4 35:9 37:15 37:21 38:15 38:16 38:24 40:1 40:12 41:13 42:9 43:10 46:9 46:18 47:23 49:4 49:10 49:15 50:3 51:16 52:2 52:7 53:22 54:8 54:21 56:13 56:22 57:4 60:15 61:15 62:25 63:25 66:9 66:23 67:21 68:3 68:6 68:11 68:16 69:7 69:17 70:12 70:13 70:15 70:16 71:11 72:18 73:8 83:21 85:21 87:12 88:9 88:16 89:15 90:2 91:17 93:3 93:6 93:13 93:21 94:19 95:12 95:17 96:12 96:14 96:16 97:1 98:20 101:10 102:6 104:4 104:7 104:19 106:22 106:25 107:22 109:5 116:17 119:1 120:21 120:25 122:5 122:6 122:8 128:7 129:18 129:12 129:21 134:22 136:22 139:3 139:7 140:4 141:16 142:13 142:22 143:14 146:15 146:25 148:25 148:25 150:17 150:19 151:7 154:3 154:3 154:25 155:10 155:16 157:6 157:7 157:17 158:20 158:21 159:10 159:10 160:1 160:4 161:13 165:5 166:10 168:19 169:4 170:24 172:18 174:16 177:25 179:2 180:6 180:12 181:12 182:24 183:3 183:12 185:19 186:5 186:10 187:4 187:9 187:16 187:21 191:16 191:6 192:13 193:3 193:9 193:17 193:18 193:21 193:23 193:23 194:10 195:8 195:1 195:16 195:17 195:18 196:3 196:6 196:1 196:18 196:22 196:24 196:25 197:12 197:13 197:16 197:19 197:22 198:11 198:13 198:21 199:3 201:3 202:19 203:9 203:22 206:2 206:3 209:16 214:16 214:17 215:7 215:9 215:12 215:13 215:16 215:17 215:24 216:6 216:16 217:4 217:21 217:7 218:6 218:16 219:1 219:13 219:16 219:22 219:23 220:2 220:19 221:16 224:8 228:9 229:5 229:9 229:23 230:9

**knowing**(4) 73:5 73:6 93:1 172:17

**knowledge**(4) 186:1 210:13 221:3 221:4

**known**(3) 29:7 69:23 113:14

**knows**(4) 32:23 89:17 120:6 154:4

**labor**(3) 38:2 97:1 130:18

**lack**(2) 52:13 199:23

**laid**(1) 24:12

**land**(1) 141:6

**language**(8) 60:10 60:22 104:5 149:20 185:5 186:11 197:8 197:8

**large**(4) 14:10 116:23 123:9 174:19

**largely**(1) 44:12

**larger**(13) 14:13 18:5 18:20 22:13 103:20 173:9 173:23 174:7 182:15 196:11 211:12 221:8 222:17

**largest**(1) 212:11

**last**(30) 31:11 32:15 34:7 34:7 34:13 37:22 39:15 47:16 61:1 70:2 72:15 73:16 73:16 88:18 89:7 90:14 116:4 118:8 118:13 118:18 119:2 121:13 126:10 138:2 138:23 146:11 160:23 167:21 171:3 171:5 173:22 175:11 176:2 179:1 186:7 186:7 188:4 198:5 208:18 215:4 216:12 223:8 229:24

**late**(2) 175:13 226:7

**later**(10) 20:8 38:15 43:22 45:12 107:19 146:14 150:19 193:25 194:6 211:12

**latin**(2) 11:1 151:13

**laughter**(26) 9:4 9:6 18:14 21:25 24:14 31:12 31:15 31:18 31:21 31:23 35:13 47:8 68:4 76:16 90:5 151:12 151:17 152:19 153:11 161:19 164:7 164:22 188:23 200:7 225:1 231:1

**law**(34) 4:37 26:4 54:8 73:1 73:19 79:3 79:6 82:12 86:14 90:16 91:12 103:17 104:7 104:8 122:13 122:14 122:14 122:22 123:17 123:18 125:24 140:9 141:6 141:16 147:8 179:6 180:20 180:21 181:3 183:24 194:25 196:17 206:17 210:24

**lawrence**(2) 6:38 6:39

**laws**(11) 28:6 114:20 117:10 117:14 117:15 122:16 122:17 123:14 136:6 138:6 159:1

**lawyer**(2) 142:12 209:13

**lawyers**(11) 97:5 119:4 119:4 119:23 142:2 142:3 142:3 142:4 142:4 209:8 220:1

**layer**(1) 108:1

**laying**(2) 99:10 220:4

**layton**(1) 2:24

**leading**(2) 146:8 225:22

**learn**(2) 41:2 189:1

**least**(33) 41:13 45:13 50:10 50:11 53:22 56:25 57:7 57:11 61:6 63:24 64:4 86:1 92:3 100:4 116:11 120:5 132:3 145:6 147:25 160:3 171:3 172:18 173:6 181:1 181:16 182:12 182:13 190:7 190:10 204:3 211:21 212:21 212:12

**leave**(8) 12:25 43:20 56:23 64:19 64:21 107:16 109:9 193:21

**leaves**(2) 83:16 86:2

**leaving**(2) 43:10 83:9

**led**(2) 23:11 112:1

**ledger**(2) 18:18 18:23

**left**(6) 13:17 39:4 116:6 118:19 129:17 212:2

**leftover**(1) 12:3

**legal**(15) 49:15 49:16 82:5 125:1 134:14 135:1 135:5 135:6 135:9 135:10 135:12 140:20 153:21 159:3 183:25

**legally**(3) 94:2 140:18 141:5

**length**(10) 15:24 20:6 39:17 39:21 69:8 73:22 112:10 149:6 162:5 183:7

**lengthy**(3) 8:7 45:18 64:19

**less**(11) 13:3 38:3 75:2 165:24 188:14 197:6 198:22 200:3 200:4 200:5 211:20

**let**(21) 19:3 20:23 44:17 64:16 66:8 66:23 76:17 110:9 116:13 149:12 170:21 195:16 198:12 201:4 203:15 205:9 206:16 218:15 221:1 221:2 221:8

**let's**(14) 18:12 59:13 61:25 77:15 77:23 96:23 106:16 139:15 139:18 163:15 170:1 226:22 226:22 229:6

**letter**(19) 61:17 62:19 63:7 110:16 126:5 126:8 128:6 128:8 132:24 171:18 173:18 183:23 205:18 205:19 214:9 223:8 224:1 224:11 224:16

**letterhead**(1) 197:6

**letters**(32) 44:21 45:1 45:4 45:11 45:22 45:24 46:4 46:5 49:14 50:7 50:15 53:2 55:9 57:3 64:3 64:17 118:4 126:4 127:12 129:1 132:20 180:3 186:12 186:17 198:25 199:1 201:16 201:17 202:6 218:23 218:24 222:17

**letting**(1) 40:1

**level**(6) 11:21 67:18 114:17 146:15 178:6 182:22

**levels**(1) 139:10

**levin**(1) 48:2

**liabilities**(6) 28:16 132:17 133:15 136:4 141:23 147:4

**liability**(29) 59:3 59:4 60:17 60:18 95:9 125:23 130:4 131:2 131:5 131:6 136:2 136:5 136:16 138:1 138:8 140:17 140:17 145:23 147:2 147:3 147:6 147:6 153:25 154:20 155:4 155:18 157:17 158:5 162:7

**liable**(7) 59:16 69:2 125:23 131:11 131:13 131:24 138:23

**liberty**(1) 2:20

**lieu**(2) 12:16 185:25

**life**(1) 213:12

**light**(3) 42:24 73:10 208:19

**lights**(1) 161:16

**like**(78) 25:6 34:19 36:9 36:15 37:5 40:1 42:6 42:8 43:9 46:25 50:13 53:6 54:15 57:14 57:25 59:2 62:9 62:21 68:2 77:20 82:14 84:25 86:9 89:24 91:10 91:18 93:21 103:10 104:18 104:23 109:4 109:10 122:19 126:14 128:2 129:13 133:19 133:23 138:1 141:1 141:19 146:17 152:23 158:12 160:4 164:5 165:18 165:25 168:10 172:2 172:3 172:3 172:3 172:6 173:16 177:14 183:2 183:25 185:12 188:25 190:11 193:12 193:20 194:7 195:16 197:13 198:12 198:12 199:24 213:10 213:12 213:24 219:25 226:19 228:5 228:9 230:8 230:15

**likelihood**(1) 147:11

**likely**(9) 24:10 26:11 30:1 77:3 77:4 192:12 212:11 212:12 226:21

**likewise**(4) 44:4 44:10 136:16 152:12

**limit**(6) 58:20 63:17 95:8 137:11 137:20 137:21

**limitation**(3) 58:21 149:15 149:23

**limitations**(12) 59:19 138:14 138:22 143:14 143:15 143:19 143:23 147:18 149:6 150:9 150:12 150:14

**limited**(2) 94:11 102:14

**limits**(1) 219:10

**line**(4) 53:10 104:15 129:7 129:8

**lines**(2) 38:14 165:22

**lingo**(1) 3:12

**link**(1) 43:11

**liquidate**(8) 17:2 28:17 70:5 73:11 171:9 175:6 194:23 217:5

**liquidated**(4) 12:16 68:12 79:2 80:15

**liquidates**(1) 13:4

**liquidating**(2) 142:9 176:7

**liquidation**(6) 12:11 12:11 16:14 28:5 126:20 173:9

**lisa**(2) 2:14 9:10 45:25 47:5 67:2 87:2 87:10

**list**(6) 154:15 154:17 154:19 154:20 170:7 183:10

**listed**(4) 155:15 183:9 201:14 226:6

**listened**(2) 87:4 104:21

**listening**(1) 3:47

**listing**(3) 185:7 185:8 222:15

**lists**(2) 13:4 223:8

**literally**(1) 165:1

**litigate**(11) 91:17 107:3 124:9 125:3 125:4 125:5 129:21 157:22 174:8 178:12 181:25

**litigated**(1) 124:11

**litigating**(5) 129:21 189:9 196:22 218:1 218:2

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**litigation**(19) 26:11 26:12 26:18 106:25 159:20 172:17 174:2 174:21 182:14 182: 190:17 194:10 194:15 197:15 207:23 209:4 215:6 215:8 215:18

**little**(30) 20:12 32:5 42:14 44:15 44:18 47:1 54:14 62:6 75:2 75:2 81:22 98:12 98:15 104:19 109:3 117:21 118:3 163:3 172:1 178:24 184:2 187:15 187:17 190:8 195:23 214:17 214:24 229:1 229:3 229:4

**live**(2) 59:4 142:11
**lives**(1) 96:14
**living**(1) 192:1
**llc**(5) 1:45 4:46 6:11 7:35 231:11
**llp**(5) 2:4 2:32 2:42 3:4 7:31
**loan**(1) 122:9
**locality**(2) 158:15 158:24
**locate**(1) 118:24
**located**(3) 10:25 11:1 121:19
**lock**(1) 109:9
**lockbox**(3) 11:9 13:20 17:6
**lockboxes**(1) 10:23
**loggins**(1) 6:42
**logistics**(1) 16:21
**london**(7) 83:6 83:6 83:9 88:17 89:16 96:16 96:18

**long**(21) 6:46 6:47 34:7 52:23 65:24 86:13 88:11 94:1 97:24 105:2 138:21 145:24 148:24 154:15 154:19 181:9 191:1 200:19 203:16 203:25 209:5

**long-term**(6) 34:4 44:19 47:13 53:22 59:25 63:11

**longer**(7) 17:3 48:10 49:21 70:23 118:14 149:1 197:17

**look**(38) 24:17 37:21 52:10 70:15 71:19 73:6 84:15 86:9 88:24 88:24 91:18 101:2 106:8 107:24 116:5 116:9 120:16 126:2 129:13 132:23 154:8 163:10 163:15 163:1 174:18 176:25 181:3 181:5 181:7 181:24 186:10 188:19 193:17 195:16 216:2 216:18 222:8 226:2

**looked**(1) 179:1

**looking**(18) 9:2 13:19 30:22 55:12 72:5 72:5 72:15 72:16 73:17 90:2 90:13 117:13 122:20 125:24 167:10 167:18 192:11 226:

**looks**(1) 163:7
**lose**(2) 72:1 85:24
**loss**(3) 39:16 44:25 114:18
**lost**(3) 21:13 178:17 229:16
**lot**(21) 30:24 39:3 47:22 55:11 89:24 92:25 98:3 99:3 99:22 116:7 129:2 145:2 154:2 178:4 178:5 186:10 210:25 211:17 217:9 217:10 217:20
**lots**(2) 55:17 146:17
**loud**(1) 179:7
**love**(2) 68:1 108:6
**lovely**(1) 108:4
**lowenthal**(1) 4:39
**ltd**(9) 3:37 46:1 46:11 48:15 59:2 60:7 60:9 60:17 60:19
**ltds**(1) 53:15
**lumping**(1) 181:17
**lunch**(8) 65:9 103:23 104:17 104:19 108:13 109:12 228:6 228:8

**lundeen**(1) 156:19
**mace**(1) 1:43
**macquarie**(2) 5:39 5:39

**made**(40) 10:15 19:19 35:4 45:14 51:18 56:14 74:24 100:15 100:19 107:7 115:4 119:24 123:12 124:16 127:20 141:7 146:5 146:6 151:11 153:19 159:15 159:18 168:1 173:11 179:10 179:16 189:10 194:14 194:17 196:4 196:5 196:24 203:13 204:25 205:12 208:15 210:7 213:25 217:16 219:1

**magnitude**(3) 83:19 84:6 86:18
**mail**(4) 173:18 185:10 189:5 194:11
**main**(1) 216:9
**maintaining**(1) 58:12
**major**(5) 40:19 76:25 111:21 167:16

**majority**(2) 28:3 102:9

**make**(62) 23:16 24:21 30:9 36:19 37:1 37:2 39:5 41:23 52:4 54:6 54:10 56:9 62:23 64:7 69:13 73:2 75:6 82:8 82:24 90:20 91:18 93:4 93:15 96:13 99:9 100:4 100:8 107:6 107:12 128:25 130:2 130:19 130:21 146:3 146:18 148:20 159:4 166:19 172:20 174:5 174:21 176:11 176:24 178:2 178:23 181:2 190:3 190:9 191:15 195:9 196:7 200:8 201:7 207:16 208:11 209:6 214:21 216:4 216:23 218:12 220:5 221:22 222:22

**maker**(1) 76:20
**makers**(1) 174:19
**making**(16) 21:16 24:5 33:10 54:6 73:12 76:25 99:14 117:19 128:4 131:13 132:1 132:1 174:14 181:11 211:25 219:14

**man**(1) 152:6
**management**(3) 5:9 5:9 18:8
**managing**(1) 116:23
**mandatory**(11) 154:4 154:8 154:9 154:9 160:11 160:14 161:22 166:14 166:23 169:4

**manipulativ**(1) 197:22
**manner**(5) 52:14 78:14 150:2 162:4 166:9
**manufacturing**(7) 58:6 58:7 58:9 58:10 58:13 58:15 58:15

**many**(18) 12:7 12:10 28:4 111:16 115:11 117:13 120:6 129:25 134:20 159:19 159:19 159:19 161:4 178:16 189:12 186:11 225:228:10

**map**(1) 44:16
**march**(6) 32:12 37:22 38:13 160:25 161:10 186:7

**margins**(2) 10:10 190:9
**marilyn**(1) 5:43 5:44
**mark**(2) 6:31 6:32
**market**(6) 1:9 2:7 3:27 3:40 4:8 171:12
**martin**(1) 26:8
**mary**(1) 3:26
**massive**(1) 113:19
**material**(2) 34:1 208:21
**materially**(1) 209:12
**materials**(6) 22:19 36:5 36:7 116:10 129:15 160:17

**matter**(35) 8:11 41:16 65:16 65:20 74:20 77:20 104:20 104:21 105:2 121:21 132:18 137:2 146:17 146:25 152:7 153:8 154:12 154:13 154:15 155:16 157:4 157:9 159:25 160:5 160:15 160:15 166:12 169:7 170:8 172:10 175:4 210:4 210:13 227:20 231:14

**matters**(19) 8:14 8:17 10:11 25:21 29:14 30:4 32:2 43:21 44:11 61:17 64:25 75:18 75:18 75:19 106:23 110:12 154:16 156:19 166:8

**matthew**(1) 5:11
**maureen**(1) 6:17
**mauro**(1) 4:43

**may**(53) 11:12 15:5 16:17 37:7 43:18 47: 60:25 61:6 61:6 61:9 61:24 62:8 62:25 64:5 66:1 66:1 66:17 70:11 85:1 92:16 97:15 99:4 101:10 102:8 102:24 104:3 109:9 131:10 134:20 135:4 135:4 138:20 138:21 145:21 147:24 147:24 147:25 151:19 151:23 151:24 152:16 168:4 169:1 178:20 178:20 182:23 186:7 192:7 209:16 220:13 222:9 227:1 227:9

**maybe**(19) 62:9 62:10 70:1 84:22 88:9 104:13 124:3 130:22 173:13 174:24 174:2 175:2 175:3 188:25 190:6 192:2 215:19 220:19 223:23

**mayer**(1) 4:18
**mbt**(2) 132:21 133:3
**mcdonald**(1) 7:7
**mcl**(1) 138:7
**mcwalters**(2) 7:10 7:11

**mean**(32) 35:11 71:14 72:15 77:22 87:12 89:14 89:22 90:13 92:16 92:25 93:19 97:5 99:8 108:16 139:9 150:18 155:14 156:12 163:7 163:20 175:9 177:21 179:14 179:21 188:12 195:5 196:2 196:15 205:1 212:16 218:19 230:14

**means**(10) 16:3 48:16 104:7 104:9 117:19 131:14 211:14 211:23 222:20 230:14

**meant**(5) 24:2 24:4 72:2 98:19 115:11
**meantime**(5) 10:13 39:20 68:17 98:5 98:5
**measure**(3) 178:8 178:9 178:9
**mechanic**(1) 112:8
**mechanism**(2) 112:8 171:16
**mediate**(2) 54:1 107:3

**mediation**(42) 10:18 19:21 19:22 20:9 20:13 20:19 24:8 24:18 24:25 26:22 30:3 30:10 32:4 33:11 34:17 35:1 35:23 35:25 37:3 38:20 39:19 39:23 40:17 41:5 42:25 55:4 69:12 69:12 76:24 77:8 88:15 92:7 92:14 92:17 92:20 93:3 106:21 199:23 208:12 217:21 217:21 224:8

**mediator**(12) 33:17 36:7 36:12 41:3 42:9 46:14 47:25 48:2 48:3 48:14 55:7 77:15

**mediators**(1) 42:7
**meet**(2) 35:16 60:3
**meeting**(5) 36:11 42:7 42:10 55:5 77:14
**meetings**(4) 36:13 41:2 77:4 88:18
**meets**(1) 26:17
**megan**(1) 2:19
**member**(5) 50:23 53:22 57:15 194:7
**members**(22) 36:12 56:22 56:24 57:4 57:4 172:4 173:17 174:12 174:20 174:23 175:2 190:18 201:12 207:8 207:9 208:5 211:9 220:18 221:5 221:10 222:20 225:12

**membership**(6) 204:6 205:15 207:11 215:15 221:3 223:19

**memorialized**(1) 48:19
**memories**(1) 34:19
**memory**(1) 42:21
**mens**(1) 140:13
**mention**(2) 32:5 68:25
**mentioned**(3) 33:19 119:18 228:6
**mentioning**(2) 32:3 107:9
**mere**(1) 223:1

**merits**(21) 38:4 49:3 49:4 124:11 147:11 168:19 180:19 181:25 181:25 196:8 210:1 212:18 212:19 214:25 218:2 218:15 227:11 227:12 229:1 229:10 229:17

**message**(2) 41:16 42:12
**met**(4) 26:10 31:16 55:6 59:1
**met's**(3) 152:6 152:11 153:12
**methodically**(1) 40:15

**methodology**(26) 112:13 112:24 112:25 112:25 113:1 113:7 113:9 115:5 115:8 155:21 155:23 155:25 156:7 156:9 156:10 156:12 156:14 156:14 156:15 162:16 163:21 164:4 164:20 164:20 166:1 168:7

**michael**(2) 7:10 7:11

**michigan**(85) 1:23 6:4 6:5 65:16 110:17 111:1 111:6 112:4 115:15 116:10 117:4 117:4 117:7 117:23 118:2 118:20 118:24 119:13 119:25 120:2 120:11 120:22 121:22 122:1 122:11 122:13 122:21 122:21 123:14 123:20 124:8 124:21 124:24 125:5 125:8 125:24 126:4 126:25 127:7 129:9 129:17 130:11 130:14 131:3 131:16 132:9 132:11 135:6 135:14 136:1 136:6 136:15 137:3 137:19 138:1 138:4 138:10 139:15 140:14 140:21 141:16 141:19 142:6 142:10 142:12 142:19 143:3 143:14 144:19 145:10 145:14 145:23 145:24 146:13 147:14 147:17 147:19 147:25 148:14 150:8 157:24 158:18 159:22 163:7 177:15

**michigan's**(1) 146:12
**middle**(3) 4:14 10:13 33:15
**midlothian**(1) 3:15
**midst**(2) 36:10 120:9

**might**(29) 11:14 13:16 40:20 46:2 46:22 47:25 62:12 62:18 63:6 63:9 63:15 63:17 64:18 65:9 114:22 119:10 119:11 124:4 159:17 178:20 181:1 182:19 182:20 182:21 182:24 191:16 208:18 212:25 230:7

**milk**(2) 207:22 209:4
**million**(13) 11:5 11:8 14:1 14:8 22:9 28:24 56:13 58:17 111:23 114:6 211:10 211:11 211:11
**millions**(1) 18:9
**mind**(6) 41:4 46:25 93:22 98:12 105:3 107:3

**minds**(2) 205:6 206:12
**minimum**(1) 214:24
**minor**(1) 225:5
**minute**(3) 46:16 170:6 170:11
**minutes**(4) 66:23 77:24 104:24 222:24
**mischaracterization**(2) 130:25 139:17
**mischaracterization**(1) 132:13
**miscommunication**(1) 163:3
**misleading**(2) 207:20 209:12
**misrepresentation**(2) 130:22 139:17
**misrepresentations**(1) 130:22
**missed**(2) 127:12 128:9 129:11
**missiles**(1) 96:16
**missing**(1) 217:20
**misstep**(1) 220:5
**mistake**(1) 122:3
**mistaken**(1) 207:9
**mitigate**(1) 16:3
**mix**(1) 107:1
**mixing**(1) 159:6
**mode**(1) 126:20
**modified**(1) 59:19
**modify**(1) 60:7
**moment**(7) 76:17 107:7 112:4 118:22 169:22 210:6 220:4

**monday**(3) 105:24 105:25 180:12
**monetary**(2) 60:4 211:16
**monetization**(2) 173:10 216:1
**monetize**(5) 171:11 205:25 206:2 206:7 216:5

**monetized**(2) 173:8 173:12
**monetizing**(1) 195:17

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**money**(23) 13:16 14:4 18:17 18:19 18:21 18:23 18:24 40:13 51:17 98:2 98:3 175:3 178:17 178:18 180:24 181:9 198:20 210:4 210:25 213:9 213:10 213:11 230:14

**monitor**(10) 3:19 22:4 23:7 23:10 23:11 24:16 25:8 29:11 30:2 35:9

**monitor's**(2) 23:8 23:21
**monitored**(1) 190:18
**month**(14) 18:12 56:13 75:6 83:5 83:11 83:13 83:15 83:17 89:23 90:10 163:12 163:22 164:25 191:17

**months**(45) 19:23 38:15 47:23 69:19 70:9 71:6 75:5 86:17 90:8 129:14 146:11 156:1 161:10 161:11 162:19 162:20 163:5 163:9 163:10 163:10 163:14 163:15 163:19 163:20 163:21 163:23 164:18 164:25 175:7 175:15 175:18 175:19 176:14 176:13 185:18 186:22 193:9 193:13 193:13 193:11 210:21 214:15 221:4 224:25 225:3

**morawetz**(44) 8:5 8:15 8:22 8:23 9:3 9:5 9:10 19:25 20:24 20:25 21:12 21:14 21:19 22:22 23:1 23:24 24:9 24:20 25:7 25:14 25:19 27:12 27:13 30:7 30:8 30:15 30:21 30:22 31:25 32:24 39:10 41:14 41:21 41:23 42:16 43:14 43:17 43:23 43:24 44:4 44:4 44:9 44:13 96:3

**more**(87) 9:20 10:12 12:6 12:17 13:1 13:11 20:9 20:16 24:6 24:12 24:18 25:21 33:4 36:17 36:18 37:14 37:23 37:25 38:2 42:14 53:10 64:4 65:5 66:5 66:12 66:20 67:5 68:19 69:1 69:18 70:1 71:19 71:24 73:19 75:2 81:14 85:12 86:8 93:11 93:15 93:17 93:23 102:13 113:2 115:11 115:12 120:6 126:17 126:19 136:3 137:17 138:11 139:3 145:25 152:2 155:23 161:5 164:2 165:24 168:3 175:1 178:19 179:20 181:10 184:19 191:7 192:12 193:11 193:13 193:1 193:14 194:4 194:9 197:9 197:19 198:22 205:20 207:6 208:20 209:23 212:5 213:7 213:14 215:19 222:6 225:10 230:14

**morning**(26) 8:2 8:3 8:4 8:5 8:22 8:23 9:7 9:9 9:10 21:12 21:4 23:3 23:4 23:5 25:17 39:9 39:10 39:11 42:1 42:2 42:17 52:21 52:22 57:9 118:5 118:8

**morris**(2) 2:3 8:5
**morrison**(2) 7:14 7:14
**most**(17) 28:3 28:19 53:6 60:11 66:23 67:13 67:18 67:19 80:23 174:20 181:24 198:23 208:23 208:23 208:24 212:2 213:4

**mostly**(1) 10:25

**motion**(144) 9:13 9:19 10:18 14:25 15:10 18:2 19:2 19:15 22:2 25:23 27:21 29:4 29:22 32:20 33:4 36:17 36:17 42:22 43:4 46:6 47:7 48:21 49:12 49:17 49:20 49:22 50:7 56:10 60:6 65:5 65:15 67:6 67:22 70:10 71:4 74:15 81:11 81:12 89:21 90:21 97:19 98:15 105:4 105:5 105:8 107:8 108:17 110:3 110:23 110:25 117:6 118:10 120:20 130:10 142:25 153:16 153:23 153:24 154:11 154:19 157:3 157:10 157:1 160:10 160:18 161:12 167:23 169:14 171:4 172:16 173:21 175:7 175:8 175:9 175:10 176:5 176:10 176:18 176:19 176:19 179:17 180:11 181:6 184:22 185:8 185:12 186:11 186:21 187:19 188:4 188:15 188:17 191:2 191:8 191:11 191:22 192:2 192:22 197:23 199:18 201:21 201:2 201:24 202:1 202:2 202:5 203:13 203:14 203:16 203:18 204:3 204:9 205:5 205:21 206:12 208:15 209:12 210:20 211:3 212:7 212:18 214:2 214:3 217:2 219:25 220:2 222:7 222:11 223:24 224:17 224:22 225:9 225:12 225:16 225:21 226:6 227:5 227:5 228:2 228:2 228:15 228:16

**motion's**(1) 10:6
**motions**(15) 105:22 106:6 110:4 110:5 110:6 110:23 176:4 188:17 191:21 193:17 193:23 196:23 212:16 215:5 227:14

**motto**(1) 189:1
**mouth**(1) 136:21
**movant**(1) 110:25
**movants**(1) 111:4
**move**(19) 33:23 34:20 35:3 35:22 37:5 37:18 39:23 49:11 55:7 65:21 67:8 74:2 84:2 85:12 111:4 166:22 191:8 199:24 224:10
**moved**(5) 34:6 35:1 36:15 38:1 73:24
**movement**(2) 40:22 199:22
**moves**(1) 216:1
**moving**(14) 10:11 38:5 38:16 69:9 69:9 90:1 90:10 97:23 104:22 106:16 191:25 221:23 226:10 230:10

**much**(34) 24:12 31:25 40:13 41:8 43:24 55:22 55:22 60:24 61:14 66:5 69:3 104:1 126:5 130:18 137:17 148:3 152:21 159:15 164:2 170:3 171:25 175:12 184:1 184:3 197:11 197:19 211:16 214:17 216:4 224:2 225:5 227:21 230:7 230:23

**multiply**(1) 163:23
**must**(5) 40:16 92:8 105:1 207:2 207:3
**mutual**(6) 11:16 11:18 11:23 17:8 29:3 73:18

**myers**(1) 26:8
**myself**(5) 57:23 107:16 152:10 181:1 189:1
**name**(3) 61:1 199:6 218:22
**named**(2) 177:13 214:4
**names**(3) 124:10 149:13 189:14
**nancy**(2) 7:39 7:39
**narrow**(1) 13:5
**national's**(1) 153:8
**natural**(1) 197:14
**nature**(1) 84:19
**near**(1) 152:14
**nearly**(2) 38:15 130:18
**nebulous**(1) 111:24
**necessarily**(11) 50:7 54:20 55:4 55:9 55:10 57:5 95:8 107:1 154:7 158:6 217:15

**necessary**(6) 25:4 86:13 135:21 143:22 144:16 162:5

**necessity**(1) 139:1
**neck**(1) 121:5

**need**(45) 33:25 40:11 53:10 53:13 53:19 62:11 63:23 69:18 73:3 73:5 73:25 74:2 75:1 75:11 77:22 81:13 81:25 81:25 82:7 82:23 84:10 85:2 85:2 85:5 85:5 85:19 88:12 89:12 89:13 89:25 91:16 91:16 103:16 103:19 104:22 135:10 162:3 188:1 192:8 198:6 209:8 218:3 222:17 224:10 230:7

**needed**(9) 14:24 34:10 71:5 103:3 114:3 115:24 126:18 127:23 221:20

**needs**(3) 67:9 135:11 228:19
**negotiate**(2) 28:12 114:1
**negotiated**(2) 28:12 114:1
**negotiating**(3) 17:20 24:11 112:18
**negotiation**(7) 15:18 19:17 22:5 28:14 60:15 60:20 106:25

**negotiations**(12) 15:21 16:22 21:10 23:10 28:7 46:11 50:4 55:15 57:1 57:2 62:4 177:5
**neil**(1) 2:16
**nelson**(1) 7:6
**net**(2) 114:18 215:23
**network**(1) 5:26
**networks**(9) 1:6 1:12 1:19 1:26 1:33 6:42 7:6 7:18 18:7

**never**(9) 31:19 133:2 172:15 187:24 193:20 194:24 195:1 209:4 219:3

**nevertheless**(2) 119:8 163:4
**new**(24) 2:21 2:38 3:7 3:22 4:21 4:38 59:21 59:22 60:12 71:23 134:23 156:20 157:2 158:16 163:1 181:10 192:22 194:10 204:24 210:8 214:13 214:20 218:1 221:5

**news**(2) 76:8 96:16
**next**(15) 35:16 45:9 46:15 49:7 49:8 65:4 74:14 78:18 105:21 106:1 106:3 108:1 122:9 149:17 183:10

**nice**(1) 31:10
**nichols**(2) 2:3 8:6
**night**(3) 31:11 173:22 188:4
**nni**(10) 18:17 18:17 18:22 68:20 78:12 78:13 78:18 99:23 110:25 150:4

**nni's**(1) 149:21
**nobody**(2) 223:18 230:8
**nods**(1) 30:24
**nominal**(3) 177:9 178:10 178:19
**non**(6) 9:14 10:2 26:23 28:11 219:7 224:1
**non-client**(13) 203:10 203:10 204:4 204:21 205:6 205:25 206:14 206:18 211:4 211:15 211:24 212:9 221:11

**non-clients**(1) 189:15
**non-compliant**(1) 223:25
**non-consensual**(1) 49:19
**non-controversial**(1) 224:11
**non-core**(2) 154:12 154:15
**non-debtors**(4) 124:20 136:22 137:14 147:3
**non-filed**(21) 10:22 10:25 11:7 11:11 11:14 11:19 12:7 12:19 14:22 15:16 16:2 17:13 26:19 27:23 28:2 28:8 28:15 28:19 28:24 29:1

**non-issue**(1) 178:16
**non-mediated**(1) 208:18
**non-participants**(1) 189:14
**non-redacted**(1) 224:16
**non-stop**(1) 157:8
**none**(3) 42:8 69:6 166:15
**noose**(1) 121:5
**nor**(2) 134:14 134:15
**normally**(3) 81:21 101:19 162:24

**nortel**(61) 1:6 1:12 1:19 1:26 1:33 3:4 5:26 6:42 7:5 7:18 10:3 10:22 11:1 13:12 18:5 18:7 23:13 23:15 27:21 27:24 28:3 29:8 58:6 58:9 58:17 59:3 59:10 60:6 68:19 87:21 111:8 111:9 112:3 112:7 112:13 113:5 113:18 114:8 115:19 117:5 118:15 118:16 132:18 132:20 133:14 134:5 134:8 134:18 134:24 135:7 135:10 135:11 135:20 137:8 137:18 138:1 138:3 163:11 166:7 168:5 168:10

**nortel's**(7) 50:25 51:7 130:24 131:6 134:13 134:19 136:19

**north**(6) 2:7 2:27 2:45 121:16 121:19 142:11

**not**(301) 12:2 12:10 12:24 16:24 17:4 18:2 18:23 20:4 22:13 24:23 26:14 31:25 35:19 37:18 38:22 39:4 39:23 41:11 44:22 45:20 45:23 46:17 46:19 47:23 49:9 49:25 50:16 50:19 50:25 51:19 52:14 53:4 53:5 53:21 54:20 57:22 57:23 60:7 61:6 61:18 61:18 63:1 64:1 64:9 64:20 66:21 69:5 71:13 71:22 71:25 72:2 72:5 72:12 72:15 72:17 72:19 73:4 73:5 73:5 73:15 73:17 75:4 76:25 77:19 77:21 78:8 78:9 78:5 78:16 78:18 81:18 81:23 82:6 82:17 82:20 82:20 82:25 83:19 85:1 85:7 86:3 86:4 87:9 87:13 87:18 88:5 88:8 88:21 88:22 88:23 89:2 89:2 90:13 90:17 90:21 90:22 90:25 91:19 91:22 92:11 92:25 93:1 94:7 94:10 94:12 96:9 96:20 97:12 97:14 97:18 97:18 98:4 99:21 100:7 100:16 100:21 102:9 102:12 102:15 103:11 104:9 105:9 107:9 116:3 116:21 117:9 118:9 118:23 119:7 120:23 121:6 121:9 121:10 121:22 121:23 121:24 122:19 122:24 122:25 123:1 123:8 123:12 123:13 123:17 124:8 124:13 124:15 124:21 124:23 124:25 125:6 125:21 125:22 126:11 127:16 128:4 128:10 128:25 129:2 129:11 129:13 131:16 132:9 133:9 133:12 133:18 134:9 134:12 134:24 135:4 135:7 135:22 135:25 136:3 136:23 137:8 137:14 139:22 140:2 140:3 140:10 140:11 140:25 141:1 141:9 142:6 142:24 143:4 143:11 143:21 144:10 144:19 145:2 146:6 146:18 147:24 149:3 149:17 152:18 154:11 154:16 154:20 154:24 155:5 155:22 155:23 156:4 156:6 156:8 156:8 156:12 157:5 157:18 158:4 158:6 158:12 159:21 160:14 164:19 165:5 167:16 168:9 168:10 168:12 168:22 168:23 168:23 168:25 169:4 169:8 171:3 171:9 172:9 172:9 172:13 173:8 173:19 173:23 173:24 176:12 176:20 177:3 177:3 177:14 177:17 177:20 177:20 178:1 178:20 178:24 180:14 180:18 180:22 180:23 181:15 181:21 181:24 183:17 183:18 184:20 184:25 185:10 185:23 185:24 186:13 186:14 187:6 187:6 187:8 188:8 190:9 190:19 190:22 191:21 193:20 194:2 196:5 196:7 196:12 196:24 196:25 197:13 197:21 199:3 199:5 199:6 199:7 200:12 202:24 203:2 203:17 203:20 203:25 204:10 204:12 204:13 204:14 206:8 206:15 206:19

**not**(32) 206:21 206:21 207:9 207:20 208:19 209:7 209:15 210:17 211:25 213:4 213:16 215:9 217:13 217:17 218:13 219:5 220:1 220:4 220:5 220:18 221:4 221:5 221:12 222:6 222:21 223:1 224:1 224:8 225:8 229:25 229:25 230:8

**note**(7) 23:25 26:6 73:17 93:21 151:6 164:1 185:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **noted**(7) 58:1 67:4 67:7 74:19 188:3 222:4 228:18 | | **objection**(32) 33:9 153:24 160:20 160:21 161:2 161:3 161:4 161:8 161:21 165:16 166:11 166:17 166:20 168:4 169:2 169:2 171:18 171:20 171:22 172:11 173:15 180:2 182:7 184:1 184:2 184:3 184:15 187:15 189:9 190:4 201:3 201:5 | | **okay**(64) 24:20 40:9 47:3 51:2 51:13 51:13 51:21 59:12 61:11 65:17 76:5 77:11 81:17 91:21 92:13 93:14 99:7 100:1 101:14 101:25 104:1 104:16 105:23 106:5 107:10 107:12 108:2 108:20 110:8 111:2 114:23 124:19 126:13 143:8 143:10 143:1 152:1 152:20 156:3 158:12 162:22 163:8 163:18 163:24 164:16 171:2 172:5 191:9 192:5 192:10 192:10 192:19 197:3 198:17 199:12 223:6 224:23 224:23 225:15 226:1 226:16 226:19 226:25 228:22 | | **opposed**(6) 52:15 62:3 70:12 99:4 156:18 183:24 |
| **nothing**(20) 24:2 52:10 91:24 125:20 126:9 126:9 128:22 136:3 138:10 166:3 166:4 179:20 188:11 188:12 188:14 189:8 219:14 220:25 224:25 225:5 | | | | | | **opposite**(3) 69:21 136:5 222:7 **opposition**(1) 120:20 **oppression**(1) 96:8 **opt**(3) 62:1 176:13 176:16 **opted**(1) 206:10 **optimism**(1) 40:25 |
| **nothing's**(1) 193:3 | | **objections**(13) 27:5 36:20 171:17 171:23 171:24 171:25 175:11 181:19 181:20 183:24 183:25 183:25 199:25 | | | | **optimistic**(2) 41:10 69:11 |
| **notice**(55) 26:2 70:3 71:5 78:21 79:2 79:15 80:2 80:7 88:1 92:24 93:2 101:18 101:20 102:1 102:7 102:15 102:17 102:17 102:19 102:23 102:24 104:5 121:13 121:13 126:21 127:23 127:25 135:4 171:25 172:1 184:1 184:2 184:3 184:8 185:1 185:3 185:20 185:22 186:2 189:17 191:13 191:1 191:16 191:17 193:21 195:25 198:20 218:11 218:13 220:8 220:9 222:13 223:9 223:13 223:18 | | **objector**(1) 190:6 **objectors**(1) 189:15 **objects**(1) 19:4 **obligation**(9) 71:10 78:13 102:12 119:22 125:18 135:1 135:6 141:10 141:11 | | **old**(2) 162:24 168:13 **olivia**(1) 4:43 **olympics**(10) 70:24 83:6 83:7 83:9 89:14 89:16 89:22 96:16 96:19 96:21 | | **opting**(1) 176:14 **option**(1) 168:6 **oral**(1) 27:14 **orally**(1) 224:9 **order**(57) 24:22 25:9 25:12 27:7 29:22 32:6 48:4 53:13 58:12 62:25 63:1 67:5 68:9 69:4 70:10 72:25 78:13 78:17 79:8 79:9 82:10 90:15 100:23 101:1 101:8 103:15 103:21 104:11 109:25 110:6 127:1 128:23 144:21 147:14 148:23 149:4 149:11 150:5 150:6 152:8 166:19 166:19 168:14 169:24 180:25 183:15 195:25 198:6 198:10 198:10 198:14 202:7 202:13 203:20 218:25 221:10 226:2 |
| | | **obligations**(4) 12:13 13:6 117:12 124:7 **observations**(1) 24:22 **obstacle**(1) 38:22 **obstacles**(4) 17:5 38:7 38:8 38:9 **obtain**(1) 117:17 **obtaining**(2) 16:25 78:11 **obvious**(1) 148:2 | | **omnibus**(4) 160:20 161:4 199:25 226:20 **once**(15) 8:11 11:25 41:9 43:20 59:23 60:2 85:2 87:3 95:12 114:15 114:23 115:5 124:2 151:15 157:5 | | |
| **noticed**(2) 127:11 128:9 **notices**(9) 67:23 118:6 118:20 119:6 119:7 126:9 126:11 191:12 218:11 | | | | **one**(125) 2:20 2:26 2:37 8:9 11:11 12:20 14:11 14:16 15:4 18:4 18:7 19:7 21:15 23:12 24:5 25:20 29:7 32:7 40:10 42:6 44:17 46:6 46:7 50:14 52:13 53:4 53:15 52:22 56:15 57:11 58:16 62:3 63:3 84:11 84:13 86:1 89:17 90:20 92:3 93:4 93:19 94:25 98:8 100:2 102:23 103:2 103:13 103:23 104:18 104:19 110:4 110:11 | | **ordered**(1) 96:3 **orders**(7) 33:16 70:16 70:17 73:1 103:17 183:8 208:7 |
| **noting**(1) 33:14 **notion**(1) 84:1 **notwithstanding**(10) 37:17 70:24 70:24 118:10 121:18 121:20 122:14 125:9 140:20 | | **obviously**(38) 8:13 12:7 13:9 13:17 13:19 14:11 30:14 45:3 45:13 46:20 48:9 48:16 49:2 49:24 50:12 53:6 53:12 56:9 56:22 63:11 64:24 65:25 73:25 80:19 82:9 94:18 96:14 97:18 103:9 116:24 127:4 143:17 158:7 179:19 204:11 211:19 228:16 230:6 | | 110:11 111:10 111:12 114:9 116:16 117:4 117:22 119:12 119:18 119:21 120:10 122:20 124:20 127:18 129:5 135:19 136:8 136:21 137:1 139:7 139:25 141:21 146:3 149:9 151:10 151:15 154:11 155:15 157:21 157:24 158:1 159:22 166:2 166:18 168:10 168:11 169:12 171:13 171:19 177:24 181:16 185:9 190:5 190:9 190:9 193:11 195:9 195:15 195:23 202:23 204:4 204:9 204:15 205:9 206:8 208:16 210:20 211:19 212:7 216:24 217:18 217:18 218:9 218:19 220:15 222:12 223:11 223:12 225:5 225:2 228:19 229:5 | | |
| **novel**(1) 93:22 **november**(3) 10:8 95:4 95:14 **now**(92) 11:6 11:15 16:11 18:12 29:4 30:4 32:5 33:1 36:23 41:2 43:25 44:15 47:16 57:1 65:3 70:1 71:24 76:19 77:11 80:25 81:6 81:8 81:25 83:2 85:1 85:11 88:12 94:5 95:21 100:2 103:19 104:14 105:11 107:22 111:5 116:21 118:15 119:9 120:1 120:9 120:24 121:19 123:2 123:25 123:25 125:25 127:4 128:3 128:8 133:5 137:6 137:13 142:24 150:13 150:15 151:2 153:2 154:16 159:1 160:3 174:1 174:15 175:7 176:4 176:18 179:10 181:5 181:24 183:5 183:22 187:15 190:4 191:17 194:23 195:11 197:11 197:12 197:13 198:24 201:15 205:4 209:16 213:15 214:7 214:24 215:25 216:6 217:2 217:23 218:15 220:2 226:8 | | **occasionally**(1) 113:16 **occupation**(1) 82:13 **occur**(3) 77:5 97:10 191:16 **occurred**(1) 39:15 **october**(10) 34:7 38:4 69:19 74:21 84:5 86:17 90:2 160:19 192:18 226:7 **odd**(1) 120:17 **oddly**(1) 34:23 **off**(21) 9:24 14:12 14:16 46:6 46:7 52:13 52:15 53:16 55:7 83:16 94:19 106:8 173:7 194:21 195:6 206:12 215:5 215:14 215:22 215:24 219:10 | | **one's**(3) 14:13 14:14 14:15 **one-minute**(1) 46:13 **ones**(6) 41:6 103:17 177:14 208:16 223:14 225:6 **ongoing**(2) 42:25 52:5 **only**(57) 8:9 13:17 17:4 30:4 45:20 51:19 52:25 68:21 69:25 70:11 78:25 83:3 83:15 83:15 85:23 95:12 95:17 95:17 96:19 104:6 124:8 126:10 127:17 131:11 131:24 133:25 137:1 137:14 142:24 145:7 155:5 158:23 159:21 159:22 173:21 174:25 175:19 176:16 178:7 184:20 185:11 186:5 186:22 195:14 206:18 206:23 208:25 212:14 212:20 216:23 219:21 220:15 221:6 221:6 222:16 222:20 227:10 228:18 | | **others**(2) 62:18 157:22 **otherwise**(8) 14:25 132:2 135:3 150:2 191:11 191:16 206:21 212:25 **ought**(2) 41:18 97:3 |
| **null**(2) 69:5 100:22 **number**(35) 28:14 34:2 45:6 50:15 61:9 61:16 63:23 64:25 77:19 84:13 93:19 102:23 111:17 115:22 115:22 116:19 117:1 128:3 128:7 132:24 160:25 162:2 164:3 169:10 169:10 174:17 186:15 194:20 195:10 203:11 208:7 208:8 211:19 211:20 218:14 | | **offense**(1) 152:17 **offer**(21) 90:11 103:13 171:16 173:18 176:20 177:4 188:25 192:21 193:22 193:2 194:6 194:22 201:22 208:14 209:11 216:23 217:14 217:22 217:22 219:15 219:15 **offered**(6) 71:2 90:10 137:4 137:20 182:13 182:13 **offering**(3) 191:20 196:23 218:14 **offers**(15) 172:5 172:20 176:24 182:3 182:5 182:8 190:3 203:2 203:4 206:5 206:5 217:7 217:13 217:16 219:17 | | **ont**(1) 21:5 | | |
| **numbers**(4) 186:10 189:20 222:7 222:8 **nuts**(1) 130:20 **o'connor**(74) 33:9 36:25 66:19 66:22 74:8 76:7 76:9 76:12 76:15 76:17 76:23 77:18 78:7 79:13 80:11 80:14 80:17 80:19 81:6 81:8 81:18 82:5 83:5 83:8 84:20 84:22 84:24 85:19 86:12 86:22 86:24 87:4 92:1 92:2 92:10 92:14 92:22 92:24 93:6 95:22 95:23 95:24 96:2 96:11 98:7 98:8 98:11 98:21 98:23 99:2 99:8 99:13 99:18 99:20 100:2 101:6 101:25 102:4 102:22 103:6 103:14 104:4 104:6 107:4 107:5 107:6 107:10 107:12 107:15 107:25 108:6 108:9 108:10 108:12 | | **onto**(2) 34:10 170:16 **open**(11) 18:12 18:13 53:10 60:19 102:2 115:23 118:10 187:4 194:15 196:12 198:4 | | | | |
| | | **office**(5) 4:24 62:11 62:24 63:20 133:7 **officer**(14) 14:23 15:7 122:23 131:2 131:19 134:3 135:13 136:2 136:5 136:11 136:12 138:1 145:22 151:10 **officers**(12) 28:7 117:11 120:19 131:21 133:10 134:2 134:20 135:20 137:10 138:1 141:24 175:23 **official**(8) 7:30 17:19 19:12 64:4 74:17 167:7 185:21 199:16 | | **opening**(1) 130:24 **operate**(2) 97:6 158:13 **operating**(2) 12:10 114:18 **operation**(2) 59:8 59:14 **operations**(4) 16:11 16:13 28:4 116:19 **operative**(1) 149:19 **opinion**(4) 32:12 38:13 100:14 156:20 **opportunities**(1) 206:2 **opportunity**(22) 30:19 41:15 45:16 46:21 49:2 49:24 57:11 70:3 92:3 117:16 157:3 168:15 172:18 174:4 190:11 190:22 192:25 194:18 195:20 197:23 197:25 226:12 | | |
| **o'connor's**(1) 36:19 **obeyed**(1) 82:9 **object**(4) 15:1 126:7 172:16 185:12 **objected**(2) 119:15 172:15 | | **officials**(1) 97:5 **offline**(4) 25:6 227:10 229:14 229:23 **offset**(1) 51:17 **often**(2) 135:19 211:21 **oil**(3) 207:4 207:5 207:15 | | **oppose**(2) 49:25 176:6 | | |

| Word | Page:Line |
| --- | --- |

**our**(156) 9:19 10:8 12:24 13:2 20:2 20:13 22:1 26:4 34:9 35:2 35:14 35:21 35:24 36:20 37:3 37:15 43:3 45:8 50:5 50:11 51:24 51:24 52:4 53:8 54:8 56:7 56:9 65:3 71:2 74:3 75:17 76:18 76:21 77:1 77:1 77:8 78:8 78:9 79:23 80:3 81:1 81:10 81:11 81:18 82:1 82:2 82:5 82:20 83:12 83:19 84:25 85:2 85:3 85:5 85:6 85:7 85:12 85:17 86:1 86:2 86:5 86:7 86:14 86:23 88:14 88:22 88:24 92:17 93:3 94:1 95:3 95:4 95:6 95:17 99:5 100:20 101:2 102:9 102:11 103:5 103:11 104:10 107:24 114:4 115:6 116:4 116:18 120:2 120:6 120:20 123:21 125:14 125:15 127:1 128:10 128:19 128:22 129:11 130:9 130:1 131:9 133:8 133:24 137:7 137:15 143:6 143:19 145:20 157:19 158:14 161:4 163:1 164:4 164:19 165:11 166:23 170:8 173:20 174:11 177:7 178:13 180:19 183:6 186:8 188:17 188:18 188:21 189:11 190:5 192:9 201:5 202:6 203:17 203:20 205:11 207:23 208:11 210:12 210:17 212:13 213: 214:16 214:22 214:22 214:23 215:18 217:3 217:4 221:7 224:22 227:20 228:15 229:18 230:14

**ours**(4) 20:9 105:24 188:20 201:4

**ourselves**(2) 88:17 219:4

**out**(86) 11:8 12:6 14:1 22:19 22:23 24:10 24:13 31:10 32:6 43:5 57:6 62:1 69:4 69:21 70:1 70:22 84:7 85:14 96:23 99:10 100:14 108:1 114:25 117:14 118:1 120:5 121:11 125:1 126:12 126:15 127:12 129:1 130:6 130:6 133:21 136:20 145:11 149:1 154:5 156:22 158:6 158:7 158:10 167:10 168:7 170:12 175:2 176:13 176:14 176:16 178:15 179:16 179:16 185:6 185:8 188:21 191:13 191:17 191:18 193:24 193:25 194:16 196:5 197:18 198:3 198:25 199:1 203:22 204:5 206:10 206:17 209:3 211:5 212:4 213:8 216:11 217:20 218:23 218:24 220:1 220:8 220:9 222:5 223:2 223:17 226:2

**outcome**(2) 22:7 208:22

**outlined**(1) 22:9

**outright**(1) 128:22

**outs**(1) 12:15

**outset**(2) 39:2 170:22

**outstanding**(4) 12:19 131:6 136:4 217:13

**over**(42) 12:8 14:6 20:23 27:19 33:14 39:15 41:11 41:21 47:16 57:25 59:3 68:17 70:2 71:6 88:18 89:7 91:20 103:23 104:19 111:14 113:21 118:19 121:18 158:11 163:13 163:22 164:25 176:9 177:24 178:7 178:8 179:10 189:22 190:7 193:4 193:4 194:12 210:15 211:10 213:9 216:11 216:2

**overnight**(1) 129:14

**oversees**(1) 15:12

**overy**(1) 3:19

**owe**(4) 126:6 126:17 128:20 147:25

**owed**(6) 79:3 126:18 147:25 150:4 150:4

**owing**(1) 150:4

**own**(25) 12:24 13:2 18:11 53:3 56:8 62:21 64:1 86:5 88:23 98:12 119:10 121:11 121:12 123:3 156:10 174:14 174:15 178:3 185:1 189:18 195:19 214:16 214:22 216:4 218:6

**owned**(2) 28:3 28:3

**o'connor**(1) 3:5

**p.m**(5) 109:16 109:16 170:13 170:13 231:9

**p.o**(1) 3:14

**package**(1) 219:24

**pad**(1) 47:6

**page**(5) 23:23 99:10 186:24

**pages**(5) 38:1 79:20 179:12 186:20 201:6

**paid**(23) 14:5 17:13 28:24 48:18 50:16 50:20 115:25 125:12 127:4 127:16 128:3 128:7 128:7 128:23 128:25 136:9 155:22 163:5 164:9 164:11 164:19 168:11 210:15

**pain**(1) 20:14

**painfully**(1) 20:14

**panel**(6) 68:18 78:20 81:22 100:9 100:19 102:8

**paper**(3) 63:12 95:1 214:10

**papers**(14) 19:16 63:10 66:12 76:19 76:24 83:14 89:8 120:19 131:9 143:6 162:17 165:23 218:7 224:10

**paragraph**(4) 22:9 22:15 23:22 29:12

**paragraphs**(2) 179:12 189:22

**parallel**(1) 47:18

**paralyze**(1) 190:19

**paralyzing**(1) 174:13

**paramount**(1) 26:14

**parent**(1) 12:20

**parents**(1) 13:16

**park**(1) 2:37

**part**(21) 9:19 25:15 64:1 64:3 112:8 113:25 143:19 152:12 162:1 174:7 182:24 182:25 183:1 184:25 186:9 187:25 190:19 205:17 206:21 210:18 217:16

**participant's**(1) 210:4

**participants**(8) 40:19 61:21 64:5 64:18 202:3 202:17 210:14 210:25

**participate**(13) 49:25 49:25 68:7 69:12 87:18 173:17 181:13 188:21 194:18 194:2 196:11 211:19 215:25

**participated**(3) 181:8 181:10 189:21

**participating**(6) 15:18 28:15 82:10 89:16 92:11 172:14

**participation**(3) 48:23 152:21 182:15

**particular**(5) 13:18 14:17 52:14 131:18 140:6

**particularly**(7) 13:25 53:9 54:13 91:17 94:8 112:14 224:5

**parties**(48) 10:15 11:20 15:24 16:22 20:5 24:7 25:9 28:18 28:18 29:1 29:20 30:13 33:1 39:3 40:22 40:25 41:18 42:8 44:19 44:23 48:13 55:1 61:10 61:16 62:15 63:1 73:15 74:20 75:1 77:4 77:11 78:23 85:4 92:22 96:14 96:15 98:22 104:18 104:21 104:23 131:10 133:6 137:13 138:23 154:1 207:8 219:8 226:24

**partner**(1) 33:21

**parts**(4) 91:1 91:2 91:3 115:1

**party**(12) 41:23 49:23 51:11 51:15 51:19 51:23 131:4 136:2 136:6 137:9 138:8 215:8

**pasquariello**(7) 23:2 23:3 23:6 23:6 23:25 24:12 24:15

**pass**(1) 194:4

**passed**(2) 124:10 126:8

**passing**(3) 39:17 203:2 203:4

**past**(4) 20:6 91:16 175:8 227:15

**patent**(2) 33:14 33:16

**path**(3) 40:21 40:23 181:22

**patrick**(1) 4:26

**patterson**(1) 4:38

**paul**(5) 7:7 7:14 7:14 118:24 149:23

**pay**(25) 17:13 115:11 115:12 117:19 119:4 119:23 123:13 123:13 123:22 124:15 125:9 125:10 125:15 129:23 131:14 135:1 136:14 140:5 140:18 140:21 146:3 163:16 163:17 183:11 210:25

**paychecks**(1) 210:6

**paying**(15) 52:4 119:23 120:10 122:25 123:1 123:10 124:5 125:1 129:19 136:4 140:1 142:3 143:17 194:12 210:14

**payment**(5) 11:4 128:2 131:13 132:23 135:23

**payments**(2) 14:3 132:1

**pays**(1) 163:1

**peace**(2) 221:16 221:16

**peers**(1) 216:17

**peg**(1) 5:35 5:36

**pejorative**(1) 139:10

**penalties**(11) 119:15 119:16 119:19 120:4 120:13 125:6 125:10 125:12 127:3 128:24 150:3

**penalty**(1) 123:23

**pendency**(1) 33:11

**pending**(10) 46:7 50:7 96:2 105:2 118:11 136:10 193:17 196:23 212:10 217:14

**pennsylvania**(1) 1:47

**pension**(30) 3:31 9:19 32:22 32:22 33:1 34:10 35:5 36:16 38:6 65:6 66:9 66:10 66:12 67:12 67:14 67:14 67:15 67:24 71:3 75:1 78:4 79:4 79:21 81:20 82:14 87:17 88:4 88:5 104:25 107:22 116:8

**pensions**(10) 78:1 78:1 78:3 82:7 82:12 82:18 82:21 82:24 83:20 84:25

**penumbra**(1) 186:13

**people**(149) 13:21 18:3 39:8 43:10 46:6 46:10 48:9 49:4 50:11 72:20 75:11 82:6 89:19 89:20 98:3 98:4 109:3 118:1 121:23 123:12 124:20 125:19 128:14 129:11 130:1 134:23 135:4 141:4 142:14 146:12 151:20 161:13 172:14 172:15 172:16 172:20 172:25 173:4 173:6 174:1 174:5 174:4 175:20 176:8 177:4 177:12 178:11 178:20 179:14 179:24 180:9 181:1 181:8 181:10 181:11 181:18 181:19 181:24 183:8 183:11 183:17 184:5 185:14 185:16 186:3 186:11 186:13 187:21 188:12 188:15 189:1 189:11 189:14 190:8 190:10 190:19 190:20 193:15 193:20 193:22 194:1 194:2 194:15 194:17 194:18 194:19 195:6 195:1 195:18 195:23 196:14 197:15 197:22 197:23 197:24 198:13 198:21 199:1 199:3 199:4 201:6 201:17 202:22 202:11 205:17 205:22 206:4 206:9 206:19 206:2 207:1 208:9 208:14 208:19 209:4 209:18 209:18 209:22 210:24 211:15 212:11 215:13 215:14 215:19 215:23 215:24 216:7 216:8 216:12 216:13 216:13 217:18 217:23 218:16 219:10 220:10 220:22 221:7 221:16 222:22 223:3 228:19

**people's**(1) 213:11

**per**(3) 7:14 7:26 7:39

**per/pro**(3) 6:20 6:35 6:43

**percent**(2) 210:14 210:21

**percentage**(1) 211:12

**percentages**(1) 189:21

**perfect**(1) 8:19

**performance**(1) 13:14

**perhaps**(10) 30:9 32:24 39:3 41:4 53:19 77:14 130:23 139:17 160:1 220:11

**peril**(1) 88:23

**period**(20) 27:6 48:11 94:11 113:24 121:14 121:15 162:18 162:19 163:9 163:9 163:13 163:22 163:22 163:25 164:15 164:17 164:21 193:19 213:15 221:11

**periods**(1) 114:5

**permanently**(1) 33:11

**permissible**(2) 100:8 160:11

**permission**(1) 135:3

**permissive**(7) 160:13 161:25 161:25 165:20 166:15 166:24 169:6

**permit**(1) 202:9

**permitted**(1) 87:18

**permutations**(1) 183:18

**person**(6) 118:13 131:18 135:22 139:24 181:16 184:11

**personal**(2) 129:7 129:8

**personally**(2) 131:13 152:10

**persons**(2) 131:9 131:24

**perspective**(5) 21:9 37:3 38:18 129:13 206:22

**peter**(2) 6:38 6:39

**petition**(13) 115:22 119:16 121:15 160:3 173:13 174:10 177:8 177:9 177:11 178:9 178:11 178:13 211:11

**petitions**(1) 174:2

**phase**(1) 134:4

**phases**(1) 58:14

**philadelphia**(1) 153:13

**phillies**(1) 3:24

**phone**(11) 32:15 33:19 33:23 46:13 53:19 61:24 110:18 152:22 152:23 177:3 177:6

**physical**(1) 43:8

**pick**(4) 65:15 154:7 177:6 230:11

**picture**(1) 14:11

**piecemeal**(1) 167:15

**pink**(1) 9:3

**place**(22) 13:17 19:22 25:3 37:2 46:14 56:5 56:14 59:14 112:11 112:17 113:10 113:11 114:8 116:13 162:21 166:7 167:19 187:10 209:5 209:23 210:5 216:2

**plain**(2) 81:24 93:8

**plaintiff's**(1) 208:6

**plan**(26) 4:5 32:22 43:2 44:15 48:24 51:15 58:18 58:19 59:19 60:3 60:11 60:11 67:15 78:4 78:5 79:5 79:14 118:10 179:7 179:21 179:21 179:22 202:4 213:5 218:3 218:8

**plans**(7) 48:23 49:22 50:3 51:10 59:1 181:8 181:10

**play**(4) 32:4 76:2 108:8 112:4

**plays**(1) 193:25

**plaza**(1) 2:20

**plead**(14) 81:10 81:14 81:19 82:23 83:21 84:8 85:2 85:6 85:10 86:8 86:13 91:10 101:2 101:6

**pleading**(5) 75:1 81:21 93:12 94:20 223:8

**pleadings**(3) 188:19 209:7 223:11

**please**(14) 8:3 27:11 57:8 63:5 109:17 109:18 128:3 163:19 168:2 169:19 170:14 170:15 219:21 227:2

**pleased**(1) 27:7

**pleasure**(2) 45:12 231:4

**pled**(1) 68:14

**plenty**(1) 150:21

**plus**(4) 113:2 114:25 115:20 179:11

**pocket**(1) 125:1

**podium**(7) 8:20 19:2 30:5 31:4 50:12 74:8 214:7

## Case 09-10138-MFW NORTEL 7.11.12.TXTDOC Filed 07/17/12 Page 251 of 265

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **point**(74) 14:10 15:14 19:18 24:2 36:20 41:9 49:6 56:4 56:15 61:19 75:10 76:25 78:24 79:10 83:24 84:11 84:12 85:8 85:20 89:18 90:7 90:12 90:12 90:20 93:4 98:9 100:3 100:14 100:15 100:16 100:22 102:1 104:6 105:3 107:3 112:12 116:2 131:19 141:15 142:5 144:17 146:4 146:6 146:7 146:8 148:12 149:10 150:7 150:18 151:10 154:5 158:7 158:10 162:10 163:18 168:19 175:4 182:16 183:5 184:20 190:16 191:14 193:2 200:7 201:7 203:23 205:19 207:21 213:8 215:10 220:15 220:24 225:17 230:1 | | **premium**(2) 210:14 210:22 | | **proceedings**(17) 1:39 1:51 8:18 69:4 73:6 75:6 87:18 87:20 92:7 92:11 123:25 147:14 156:17 156:23 159:19 159:22 231:14 | | **providing**(3) 70:18 133:17 156:6 | |
| | | **preparation**(1) 19:16 | | **proceeds**(10) 10:19 10:24 14:3 16:21 17:1 26:21 28:11 28:20 28:23 29:7 | | **proving**(3) 81:21 86:2 94:20 | |
| | | **prepare**(4) 63:20 74:1 74:3 226:13 | | | | **provision**(5) 122:22 136:6 138:11 149:4 202:8 | |
| | | **preparing**(2) 28:5 39:22 | | **process**(65) 13:2 14:20 16:5 16:16 17:10 18:20 19:22 20:10 20:13 20:14 30:10 30:17 39:18 39:19 39:22 40:17 40:21 40:25 41:3 42:5 42:11 42:14 42:15 43:11 46:11 47:12 47:24 48:1 50:12 51:18 54:6 56:12 58:5 58:7 58:9 58:15 68:8 78:19 87:6 87:9 87:22 94:20 95:12 95:13 124:8 126:22 131:20 131:22 134:1 134:6 134:21 134:22 137:1 138:13 138:18 148:16 149:1 153:20 174:8 176:12 194:3 197:17 198:22 213:15 229:19 | | | |
| | | **preponderance**(1) 86:3 | | | | **provisions**(5) 70:17 117:10 117:13 140:8 209:5 | |
| **pointed**(7) 126:15 204:5 206:17 209:3 213:8 215:11 220:1 | | **present**(5) 33:21 54:7 87:20 110:20 130:16 | | | | | |
| | | **presentation**(1) 53:2 | | | | **prudent**(1) 63:9 | |
| **pointers**(1) 187:10 | | **presented**(4) 15:25 25:21 27:7 29:23 | | | | **prudential**(1) 59:10 | |
| **pointing**(3) 180:20 185:16 198:12 | | **presently**(1) 61:18 | | | | **public**(4) 155:9 185:7 210:13 217:11 | |
| **points**(8) 35:20 37:6 74:9 74:18 139:6 154:6 188:15 213:25 | | **preserve**(6) 138:25 153:22 165:11 200:15 200:15 212:21 | | | | **publicly**(5) 67:19 185:6 188:15 198:12 199:7 | |
| | | | | | | | |
| **policies**(1) 51:1 | | **preserved**(1) 11:21 | | | | **published**(1) 155:9 | |
| **policy**(1) 51:5 | | **presiding**(1) 27:19 | | **processes**(1) 43:12 | | **puerto**(2) 111:11 114:25 | |
| **pond**(1) 68:17 | | **press**(1) 218:18 | | **produced**(7) 1:52 133:11 133:12 156:1 208:21 208:22 208:24 | | **pull**(2) 121:6 175:3 | |
| **pool**(4) 161:14 161:17 181:8 211:16 | | **pressure**(1) 175:1 | | | | **punish**(1) 190:19 | |
| **pop**(1) 13:2 | | **presumably**(1) 80:5 | | | | **purchased**(1) 173:4 | |
| **portion**(2) 26:20 44:1 | | **presume**(1) 136:16 | | **producing**(1) 187:6 | | **purchaser**(4) 163:1 163:4 163:5 164:11 | |
| **portland**(1) 4:15 | | **presumption**(1) 196:16 | | **product**(1) 19:21 | | **purchasers**(2) 163:17 164:19 | |
| **position**(23) 14:14 28:13 41:4 70:8 73:11 75:16 81:19 86:23 92:9 100:5 100:6 130:20 131:19 136:20 137:15 137:16 139:25 178:13 179:11 179:17 184:12 196:2 218:16 | | **pretty**(2) 179:15 213:6 | | **production**(1) 131:22 | | **purport**(1) 117:10 | |
| | | **prevent**(3) 50:19 172:12 191:15 | | **proffer**(5) 14:25 15:2 15:5 18:2 19:5 | | **purported**(3) 174:24 182:15 187:3 | |
| | | **prevents**(2) 120:1 219:14 | | **program**(1) 189:15 | | **purpose**(1) 141:13 | |
| | | **previously**(2) 27:17 65:22 | | **progress**(2) 14:9 34:17 | | **purposes**(4) 133:17 157:21 158:2 169:12 | |
| | | **prey**(1) 212:1 | | **progressing**(1) 43:7 | | **pursing**(1) 148:15 | |
| | | **pricing**(4) 111:24 112:8 113:6 113:11 | | **progression**(1) 133:21 | | **pursuant**(1) 113:11 | |
| | | **prima**(1) 85:24 | | **prohibited**(1) 141:16 | | **pursue**(8) 145:16 147:20 147:20 150:2 153:23 157:9 168:24 174:23 | |
| **positions**(1) 15:13 | | **primarily**(1) 10:18 | | **projected**(1) 210:15 | | | |
| **positive**(1) 10:17 | | **primary**(1) 132:8 | | **promptly**(3) 169:9 169:15 191:3 | | **pursued**(6) 119:2 145:5 149:14 190:17 | |
| **possession**(1) 99:5 | | **principal**(2) 14:23 15:7 | | **proof**(18) 66:10 67:20 69:6 81:1 81:2 81:9 85:22 87:5 91:4 91:4 93:8 97:8 120:14 154:23 165:7 182:14 182:22 183:16 | | **pursuing**(6) 119:19 120:2 140:22 147:23 148:15 158:4 | |
| **possible**(10) 37:16 38:5 53:6 55:22 88:20 97:22 104:23 111:16 196:6 204:6 | | **principals**(1) 17:2 | | | | | |
| | | **principle**(5) 10:7 15:22 145:22 146:18 165:25 | | | | **pursuit**(2) 119:2 141:13 | |
| **possibly**(2) 58:20 201:7 | | | | **proofs**(22) 12:17 12:17 66:10 68:22 71:14 79:8 80:3 89:25 95:14 96:23 97:8 107:23 111:14 119:13 172:21 172:22 173:25 174:1 181:18 181:19 184:6 211:8 | | **purview**(2) 87:13 172:6 | |
| **post**(2) 73:16 121:14 | | **principles**(1) 80:8 | | | | **pushed**(1) 134:20 | |
| **post-assessment**(1) 133:6 | | **prior**(11) 13:11 13:12 33:3 66:3 69:4 73:1 103:17 115:5 193:5 217:6 217:12 | | | | **put**(33) 10:20 19:19 34:10 40:17 41:4 44:25 47:1 53:1 53:20 77:9 77:15 83:24 87:18 90:14 106:3 121:5 121:6 122:12 136:13 142:25 178:18 189:17 189:18 189:20 197:7 216:21 217:3 219:24 220:24 223:17 224:9 226:2 229:6 | |
| **post-assessments**(1) 133:9 | | | | | | | |
| **post-petition**(13) 115:23 121:14 126:2 126:3 127:11 127:19 128:14 128:16 128:1 128:20 129:23 146:4 198:24 | | **priority**(1) 90:16 | | **proper**(1) 69:24 | | | |
| | | **privilege**(1) 186:20 | | **properly**(3) 75:16 81:14 124:17 | | | |
| | | **privileged**(1) 225:2 | | **proposal**(3) 78:22 145:12 177:19 | | | |
| **potential**(13) 10:24 104:24 124:6 124:12 131:5 134:20 138:7 157:7 162:7 177:13 207:8 208:5 228:20 | | **pro**(11) 6:20 6:35 6:42 7:14 7:15 7:26 7:27 7:39 7:40 61:25 62:10 | | **propose**(11) 8:10 18:17 22:17 53:14 65:12 78:14 171:15 172:4 176:23 226:1 229:12 | | **putative**(3) 203:9 206:17 206:21 | |
| | | | | | | **puts**(1) 175:1 | |
| | | | | | | **putting**(6) 129:7 141:9 183:22 185:9 189:4 189:16 | |
| **potentially**(8) 105:4 131:10 133:6 138:23 167:16 171:11 197:16 212:22 | | **probability**(1) 26:11 | | **proposed**(13) 11:5 17:13 22:7 26:1 27:3 28:18 53:15 65:3 137:18 139:2 145:13 199:11 225:25 | | | |
| | | **probably**(8) 30:18 40:8 45:20 56:9 77:7 88:10 152:7 230:14 | | | | | |
| **power**(4) 72:1 134:16 141:25 212:23 | | **probe**(1) 75:3 | | **proposes**(2) 176:19 201:24 | | **pwc**(1) 82:1 | |
| **ppearances**(3) 2:1 3:1 4:1 | | **problem**(14) 19:25 47:3 47:6 67:17 81:11 81:12 99:8 102:22 104:2 110:8 124:5 165:21 178:24 205:3 | | **proposing**(4) 136:1 171:8 172:13 182:1 | | **pwc's**(1) 88:16 | |
| **ppf**(3) 65:6 78:7 78:16 | | | | **propounded**(1) 186:16 | | **qualifying**(1) 213:5 | |
| **practice**(1) 70:15 | | | | **prosecute**(2) 78:9 94:18 | | **quattro**(1) 147:9 | |
| **pre**(3) 91:16 115:21 119:15 | | | | **protect**(11) 124:10 124:24 124:25 130:1 143:12 145:24 147:15 157:22 158:2 202:1 212:4 | | **quershi**(1) 2:35 | |
| **pre-petition**(12) 119:13 119:14 119:14 120:3 120:5 120:16 126:1 127:2 127:17 128:24 133:14 163:25 | | **problems**(6) 20:8 82:17 113:9 181:7 204:9 212:13 | | | | **question**(14) 26:16 44:17 50:25 80:22 91:25 117:14 140:2 140:2 147:1 156:21 163:5 190:24 198:5 206:3 | |
| | | | | **protected**(1) 186:19 | | | |
| | | **procedural**(2) 17:5 43:18 | | **protecting**(2) 43:8 167:11 | | | |
| **pre-rule**(2) 73:3 73:5 | | **procedure**(10) 71:12 79:24 82:11 91:3 148:18 157:12 172:20 183:19 200:12 204:2 | | **protection**(4) 32:22 79:4 138:12 145:14 | | | |
| **precedent**(1) 184:6 | | | | **protective**(2) 68:9 208:7 | | **questions**(9) 22:20 46:10 47:12 50:2 50:14 52:6 86:22 130:12 213:19 | |
| **precluded**(1) 132:10 | | | | **protocol**(1) 27:17 | | | |
| **predetermined**(2) 90:17 90:19 | | **procedures**(37) 9:21 13:22 16:14 54:9 65:15 110:3 117:23 121:12 126:7 170:19 170:21 171:5 171:7 171:8 171:15 172:12 174:12 176:20 176:23 177:18 182:1 182:7 184:15 185:9 190:2 190:12 190:15 198:19 199:11 199:19 201:22 204:24 208:15 209:12 211:24 218:23 218:25 | | **prove**(7) 81:20 84:9 85:7 99:4 99:23 101:2 102:12 | | | |
| **preempt**(1) 71:25 | | | | | | **quickly**(2) 69:9 213:2 | |
| **prefer**(4) 41:14 103:22 154:5 223:23 | | | | **proved**(1) 163:23 | | **quite**(15) 21:7 21:9 24:1 92:25 99:21 104:9 167:12 167:17 186:25 187:1 194:24 197:15 198:23 206:20 215:16 | |
| **prejudice**(17) 14:17 22:13 24:5 84:3 90:1 94:13 119:17 120:15 143:13 148:18 150:2 162:8 175:25 189:2 212:8 212:9 214:2 | | | | **provide**(13) 25:6 25:8 30:2 62:5 93:24 97:3 97:13 117:16 117:18 118:16 134:3 136:7 164:12 | | | |
| | | | | | | **quoted**(1) 131:9 | |
| | | | | **provided**(15) 12:23 27:15 27:22 48:25 102:11 133:14 134:13 134:15 137:12 137:17 137:21 137:23 138:19 164:15 165:17 | | **rabbi**(1) 180:20 | |
| **preliminary**(8) 110:25 117:6 120:20 130:10 132:6 142:25 143:8 145:8 | | **proceed**(20) 8:25 15:5 25:17 30:15 30:25 37:3 57:14 40:3 44:1 44:11 55:1 62:9 62:12 65:12 66:3 88:23 105:7 159:2 220:6 | | | | **rafael**(3) 3:38 52:23 61:23 | |
| | | | | | | **raise**(6) 18:4 23:19 44:17 95:1 100:2 | |
| | | | | **provides**(5) 123:14 136:14 138:7 138:11 144:22 | | **raised**(8) 36:24 49:15 52:6 135:25 143:6 182:6 183:24 212:13 | |
| **premature**(5) 46:19 46:20 69:14 150:17 151:2 | | **proceeded**(5) 27:16 29:4 128:17 157:13 160:2 | | | | | |
| | | | | | | **raises**(1) 216:9 | |
| | | | | | | **raising**(3) 46:10 137:9 143:6 | |
| | | **proceeding**(22) 15:1 40:15 55:4 64:1 72:4 73:7 73:9 80:10 90:22 90:25 91:20 100:10 100:13 100:21 131:3 133:22 138:21 143:9 148:24 157:18 169:3 187:12 | | | | **range**(3) 27:4 35:11 208:16 | |
| | | | | | | **ranks**(1) 54:19 | |
| | | | | | | **rare**(1) 55:19 | |
| | | | | | | **rate**(3) 122:8 156:5 177:7 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **rather**(7) 30:13 50:22 75:2 84:9 176:19 214:4 218:12 | | **recess**(7) 108:14 109:16 170:7 170:11 170:13 228:8 231:5 | | **relevance**(1) 208:21 | | **respect**(57) 13:14 32:7 32:16 32:21 33:11 33:18 34:6 34:9 37:23 42:22 46:22 49:1 56:17 64:9 74:18 76:20 82:11 83:14 89:14 92:14 98:17 110:23 117:7 120:15 125:21 128:18 129:22 130:10 133:2 134:1 135:24 138:9 138:14 141:23 143:23 144:7 145:3 150:9 165:25 166:6 166:6 171:12 174:15 196:8 203:5 203:8 203:10 206:14 206:17 208:7 208:12 212:15 214:12 219:17 223:13 224:17 225:20 | |
| **rating**(1) 122:4 | | **recipient**(1) 214:6 | | **relevant**(2) 28:21 91:15 | | | |
| **ratings**(1) 129:8 | | **reciprocal**(1) 220:17 | | **relief**(16) 29:20 46:10 48:5 49:25 50:3 50:8 99:14 118:11 143:12 144:2 146:23 147:20 147:22 147:23 150:11 179:8 | | | |
| **ray**(15) 14:23 15:6 15:11 15:17 15:21 16:2 16:8 16:10 16:19 16:23 17:8 17:12 17:18 17:24 19:5 | | **recitation**(2) 67:22 69:23 | | | | | |
| | | **recognize**(2) 74:6 209:16 | | **relieve**(1) 202:15 | | | |
| **ray's**(1) 18:2 | | **recognized**(1) 113:8 | | **relieves**(1) 85:25 | | **respectful**(1) 219:13 | |
| **raymond**(2) 7:18 7:19 | | **recognizing**(2) 13:16 73:24 | | **rely**(3) 84:9 99:4 144:1 | | **respectfully**(4) 80:20 83:25 184:4 219:20 | |
| **re-file**(5) 114:4 114:16 114:22 115:7 | | **recommendation**(1) 59:6 | | **relying**(5) 73:9 84:15 84:17 84:17 124:14 | | **respective**(1) 28:6 | |
| **re-filed**(1) 114:7 | | **recommended**(1) 59:6 | | **remain**(4) 39:24 74:1 152:22 196:12 | | **respects**(3) 34:5 117:13 130:1 | |
| **re-litigating**(1) 217:25 | | **record**(22) 9:10 18:5 22:2 29:9 29:18 47:5 52:4 61:23 64:3 103:11 105:16 108:16 149:12 150:24 153:8 184:14 199:15 203:15 210:17 217:11 221:9 224:9 | | **remainder**(2) 17:6 203:8 | | **respond**(8) 52:9 57:23 74:8 130:11 184:9 184:10 192:2 212:17 | |
| **rea**(1) 140:13 | | | | **remaining**(7) 12:13 16:22 28:16 34:21 38:6 137:1 171:24 | | | |
| **reach**(7) 46:15 48:15 49:8 55:1 78:23 78:25 154:10 | | | | **remains**(1) 130:5 | | **responded**(1) 227:20 | |
| | | **record's**(2) 105:19 227:4 | | **remedy**(1) 96:8 | | **responding**(2) 50:8 201:4 | |
| **reached**(6) 10:7 15:23 16:24 56:10 80:1 115:6 | | **recorded**(1) 1:51 | | **remember**(4) 47:13 67:25 77:25 137:13 | | **response**(15) 15:3 19:6 20:22 40:6 43:16 45:11 57:22 74:3 77:1 132:25 139:7 168:25 185:11 203:18 212:13 | |
| | | **recording**(2) 1:51 231:13 | | **reminding**(1) 94:25 | | | |
| **reaching**(3) 10:1 168:9 185:5 | | **records**(2) 183:21 188:13 | | **remit**(1) 162:25 | | | |
| **reaction**(1) 209:17 | | **recovery**(6) 6:11 6:11 117:17 132:10 136:7 136:15 140:22 141:9 | | **removal**(1) 28:22 | | **responses**(2) 203:11 214:15 | |
| **read**(11) 45:22 61:17 66:11 84:13 84:14 152:2 173:15 180:6 180:13 207:5 209:7 | | | | **removed**(1) 59:7 | | **responsibilities**(2) 142:13 202:15 | |
| | | **red**(4) 71:11 89:10 184:4 214:11 | | **removes**(2) 26:21 26:24 | | **responsibility**(12) 25:24 53:21 58:7 117:1 122:4 123:15 123:16 129:11 131:12 131:25 140:7 141:2 | |
| **readjusted**(1) 114:7 | | **redacted**(2) 224:1 224:2 | | **removing**(1) 17:5 | | | |
| **ready**(13) 16:12 16:13 25:17 25:20 64:15 64:16 109:19 109:20 109:21 109:21 118:6 213:1 213:1 | | **redactions**(1) 186:24 | | **render**(1) 162:6 | | | |
| | | **reduce**(5) 35:3 35:15 66:18 160:22 162:14 | | **repeatedly**(2) 147:2 187:5 | | **responsible**(13) 58:11 82:13 111:12 117:11 119:11 119:11 122:23 123:17 123:18 135:22 139:25 140:16 141:22 | |
| **real**(3) 40:24 77:18 84:3 | | **reduced**(2) 155:22 163:19 | | **reply**(4) 71:2 137:19 214:6 226:10 | | | |
| **realistic**(1) 97:7 | | **reducing**(3) 16:20 28:14 37:19 | | **report**(13) 22:3 22:10 22:16 22:24 23:8 23:21 25:15 29:11 29:12 30:3 46:25 94:16 163:11 | | | |
| **reality**(1) 135:13 | | **reduction**(1) 162:12 | | | | **responsive**(3) 41:19 53:6 192:9 | |
| **realize**(4) 56:12 151:20 194:12 195:18 | | **refer**(3) 98:25 101:1 171:21 | | | | **rest**(7) 10:12 13:21 164:16 172:2 203:9 213:19 214:12 | |
| **realized**(1) 95:17 | | **reference**(8) 23:16 44:7 100:3 100:6 100:8 107:7 135:9 210:7 | | **reported**(2) 114:12 114:13 | | | |
| **reallocated**(1) 115:1 | | | | **reporting**(1) 202:15 | | | |
| **really**(68) 26:9 34:20 36:20 43:5 53:1 62:4 63:23 66:5 69:8 69:9 70:8 71:9 73:21 73:22 74:20 75:6 76:24 77:12 77:15 82:6 86:7 89:18 90:7 90:9 93:11 94:12 97:3 104:11 106:16 116:3 116:3 116:10 117:3 117:18 117:20 129:17 142:16 143:2 146:25 152:17 154:10 154:24 154:25 155:2 155:4 155:23 156:15 159:24 162:1 162:12 162:23 164:24 171:24 174:16 177:23 178:7 181:24 183:23 186:13 193:4 195:14 196:15 198:1 207:6 219:21 220:7 225:14 230:9 | | **references**(1) 79:21 | | **represent**(6) 53:4 53:17 173:22 211:10 211:12 211:16 | | **restarted**(1) 124:3 | |
| | | **referred**(2) 75:11 167:9 | | | | **restitution**(1) 179:9 | |
| | | **referring**(2) 102:16 102:17 | | **representation**(3) 131:7 133:8 222:23 | | **restricted**(2) 62:7 197:19 | |
| | | **reflect**(1) 80:4 | | **representations**(2) 120:10 132:19 | | **restriction**(1) 58:20 | |
| | | **reflected**(1) 17:22 | | **representatives**(3) 42:7 42:10 77:15 | | **restrictions**(2) 53:7 55:14 | |
| | | **reflects**(2) 18:18 217:10 | | **represented**(10) 49:23 172:9 172:14 178:2 178:23 179:4 185:2 193:5 206:19 212:5 | | **restructuring**(1) 13:13 | |
| | | **reformation**(1) 209:25 | | | | **result**(11) 26:14 33:1 34:18 39:19 69:13 85:23 111:11 113:21 113:23 128:12 219:3 | |
| | | **regard**(2) 153:18 198:4 | | **representing**(2) 36:12 63:22 | | | |
| **reason**(20) 40:25 41:10 73:8 81:1 81:1 90:4 94:15 106:22 126:23 144:11 144:22 150:21 157:25 159:24 193:12 199:11 211:11:18 223:13 229:23 | | **regarding**(5) 65:6 132:13 132:20 132:25 134:3 | | **represents**(4) 23:12 29:6 29:15 134:14 | | | |
| | | | | **request**(13) 36:8 45:14 46:9 110:24 128:2 132:22 148:22 150:18 150:19 186:19 192:24 203:20 203:21 | | **resulted**(1) 114:17 | |
| | | **regardless**(3) 199:22 224:3 224:7 | | | | **results**(1) 22:8 | |
| **reasonable**(11) 17:14 23:12 26:2 27:2 29:14 29:19 152:6 182:3 182:5 182:7 182:9 | | **regime**(4) 162:20 162:24 163:1 220:6 | | **requested**(4) 29:20 36:3 36:4 37:5 | | **retained**(1) 47:14 | |
| | | **regret**(1) 76:23 | | **require**(9) 26:18 64:25 67:5 72:12 77:7 93:16 93:24 168:13 224:7 | | **retainer**(1) 219:10 | |
| **reasonableness**(1) 27:4 | | **regular**(1) 134:23 | | | | **retention**(1) 118:17 | |
| **reasons**(9) 17:24 29:22 29:24 41:7 74:25 75:4 88:13 94:8 103:2 134:7 158:1 160:4 175:4 182:4 182:19 182:23 183:22 183:23 184:9 204:4 206:8 212:6 216:17 | | **regularly**(2) 131:22 134:24 | | **required**(7) 73:1 90:16 103:17 114:2 114:21 181:12 186:5 | | **rethought**(1) 88:9 | |
| | | **regulate**(1) 207:16 | | | | **retired**(1) 48:6 | |
| | | **regulating**(1) 82:13 | | **requirement**(4) 73:4 85:22 86:14 134:11 | | **retiree**(3) 47:18 52:5 104:20 | |
| | | **regulator**(25) 67:24 78:1 78:10 78:16 78:19 79:1 79:11 79:23 82:7 82:13 82:19 82:21 82:24 83:20 86:19 88:5 88:6 92:8 94:9 97:15 97:21 102:15 102:25 103:2 103:3 | | **requirements**(4) 35:2 26:17 147:8 | | **retirees**(2) 7:31 47:20 105:1 | |
| | | | | **requires**(3) 75:25 135:2 224:3 | | **return**(2) 131:13 185:13 | |
| **rebecca**(1) 5:5 | | | | **requisite**(1) 17:21 | | **returns**(24) 111:12 113:5 114:4 114:5 114:7 114:9 114:16 114:22 115:3 115:4 115:10 115:17 115:24 121:5 121:6 121:19 129:5 132:1 132:11 132:21 132:21 133:1 133:3 140:1 | |
| **rebutting**(1) 86:1 | | **regulator's**(2) 81:20 94:21 | | **reservation**(3) 23:17 23:18 23:21 24:1 | | | |
| **recall**(4) 68:22 79:7 112:6 215:6 | | **regulatory**(4) 79:24 82:10 100:10 100:13 | | **reserve**(2) 41:14 151:11 | | | |
| **recalling**(1) 58:2 | | **rehash**(1) 69:7 | | **reserved**(4) 151:21 188:22 189:2 228:9 | | | |
| **receivable**(1) 131:6 | | **reject**(1) 145:11 | | **reserving**(1) 107:20 | | | |
| **receive**(8) 18:9 28:19 60:4 63:1 98:4 140:25 173:17 182:8 | | **rejected**(2) 137:19 217:15 | | **resident**(1) 33:2 | | **reveal**(3) 187:1 208:17 217:15 | |
| | | **rejection**(2) 70:19 137:24 | | **resolution**(13) 13:21 22:6 23:14 29:14 39:20 47:24 49:6 53:10 54:5 72:2 74:7 165:13 200:7 | | **revealed**(1) 199:8 | |
| | | **relate**(1) 162:12 | | | | **revealing**(2) 208:23 213:7 | |
| **received**(5) 8:24 32:15 33:19 118:20 119:6 | | **related**(10) 10:21 28:22 36:8 43:6 63:15 67:14 147:4 156:18 202:9 218:3 | | **resolutions**(1) 88:20 | | **revenue**(6) 111:18 112:3 112:12 112:19 113:3 113:21 | |
| **receiving**(2) 42:8 26:2 | | **relates**(2) 24:6 115:14 | | **resolve**(12) 28:16 42:13 77:10 111:16 116:17 129:17 150:20 152:7 152:13 165:1 174:24 198:14 | | **reverse**(1) 110:5 | |
| **recent**(1) 10:6 | | **relating**(8) 63:10 66:9 116:2 118:11 118:21 154:13 154:22 166:8 | | | | **review**(4) 59:21 75:18 77:24 159:21 | |
| **recently**(5) 10:6 80:23 181:10 198:23 227:19 | | **relationships**(2) 123:11 201:11 | | **resolved**(11) 16:6 17:15 111:21 115:8 115:9 115:22 135:20 143:21 157:14 200:2 228:4 | | **reviewed**(2) 22:18 29:17 | |
| | | **relatively**(2) 116:11 204:11 | | | | **reviewing**(2) 46:4 169:21 | |
| | | **release**(4) 17:9 27:25 134:17 194:14 | | **resolving**(7) 16:16 16:16 17:4 38:7 38:8 130:3 190:14 | | **revised**(3) 103:15 149:10 226:2 | |
| | | **released**(2) 13:10 131:22 | | | | **richards**(1) 2:24 | |
| | | **releases**(8) 11:16 11:18 11:23 12:15 13:5 13:14 29:3 177:12 | | **resources**(2) 82:3 138:25 | | **rico**(2) 111:11 114:25 | |
| | | **releasing**(1) 12:25 | | | | **ride**(2) 190:21 211:21 | |
| | | | | | | **riedel**(1) 151:6 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **right**(283) 8:11 8:21 11:15 11:18 11:21 14:19 14:21 15:4 18:12 19:3 19:7 20:17 20:17 20:23 20:25 21:18 23:21 24:1 25:14 25:19 27:5 27:11 31:1 31:6 32:9 33:12 36:1 38:10 39:6 40:4 40:4 40:7 41:12 43:25 45:7 45:25 47:7 48:8 50:9 50:21 51:6 52:1 52:17 52:17 55:16 56:1 56:6 56:10 56:25 56:25 57:16 61:3 62:14 62:17 62:25 63:8 64:11 64:13 64:21 66:7 66:17 66:17 66:24 68:5 68:5 68:13 69:3 69:20 71:12 71:18 71:20 71:21 71:23 72:10 72:22 74:10 74:19 74:22 75:21 75:23 79:12 80:13 80:13 80:18 82:4 83:4 84:23 86:5 86:21 86:24 88:10 88:22 89:4 89:13 91:15 91:25 96:11 98:21 99:2 99:12 99:19 100:1 101:9 101:12 101:19 103:8 103:15 105:12 105:17 107:15 107:18 108:23 108:25 109:1 109:2 109:8 113:12 114:11 116:13 119:7 119:7 119:7 119:9 120:1 120:9 121:1 121:4 122:12 123:5 123:6 123:7 123:25 125:22 126:1 127:22 128:16 129:4 129:4 129:10 129:11 129:11 130:5 130:13 130:13 137:7 137:16 138:18 139:5 139:13 139:20 139:23 140:10 140:19 141:1 141:1 141:22 142:1 142:19 144:5 144:9 144:10 144:25 145:1 145:19 146:19 146:21 149:1 149:25 150:22 151:1 151:5 152:2 152:5 152:15 152:20 152:25 153:13 154:1 154:1 156:16 157:24 159:5 159:8 160:6 160:6 160:10 160:16 161:18 161:23 163:2 163:13 164:9 164:10 164:14 164:16 165:15 166:25 167:20 168:16 168:18 169:21 170:7 170:7 170:10 170:12 172:2 172:15 173:14 174:14 175:19 176:1 176:3 176:11 176:16 177:9 177:25 178:7 178:11 179:20 181:16 182:8 183:25 185:3 185:7 185:24 186:22 187:20 187:22 188:1 188:10 188:22 188:22 189:1 189:2 189:3 189:5 189:6 191:9 191:19 192:16 193:1 193:4 193:7 194:8 194:13 195:3 195:10 196:2 196:4 196:11 196:19 197:3 197:6 197:18 198:16 199:8 199:12 200:18 202:25 207:10 207:12 207:14 208:3 210:2 213:17 214:7 215:5 218:11 219:12 220:20 221:18 223:16 223:20 223:20 225:8 225:24 226:8 226:14 227:23 228:7 228:24 229:4 230:20 231:2 | | | | | | |
| | | | | | | |
| **rights**(24) 23:17 23:18 24:5 28:21 36:23 49:16 81:4 124:24 124:25 128:16 129:24 151:11 151:20 153:23 156:24 156:25 156:25 157:2 157:9 157:19 165:12 188:22 189:1 197:2 | | | | | | |
| | | | | | | |
| **ring**(1) 217:19 | | | | | | |
| **ripe**(2) 35:22 36:22 | | | | | | |
| **rise**(6) 19:18 52:25 53:1 109:17 112:15 170:14 | | | | | | |
| | | | | | | |
| **risk**(3) 51:25 129:19 150:8 | | | | | | |
| **risks**(1) 16:4 | | | | | | |
| **road**(2) 44:16 127:6 | | | | | | |
| **robert**(4) 4:13 6:23 6:24 200:25 | | | | | | |
| **robin**(1) 42:18 | | | | | | |
| **robinson**(1) 7:23 | | | | | | |
| **robotics**(1) 58:5 | | | | | | |
| **rodney**(2) 2:26 2:44 | | | | | | |
| **role**(2) 76:2 122:24 | | | | | | |
| **rolled**(1) 181:9 | | | | | | |
| **rome**(5) 4:6 201:1 201:10 202:6 202:20 | | | | | | |
| **room**(1) 109:3 | | | | | | |
| **rossi**(2) 7:26 7:26 | | | | | | |
| **roughly**(2) 48:22 56:8 | | | | | | |
| **round**(4) 14:5 108:8 177:14 205:10 | | | | | | |
| **rounded**(1) 194:16 | | | | | | |
| **rounding**(1) 190:8 | | | | | | |
| **ruggere**(1) 4:47 | | | | | | |
| **ruined**(1) 122:4 | | | | | | |

| Word | Page:Line |
|---|---|
| **rule**(29) 25:20 27:6 71:14 71:25 81:16 84:13 84:14 85:3 85:4 90:12 93:10 93:16 167:25 185:21 186:6 186:13 186:25 187:8 191:3 191:5 191:11 202:7 202:14 204:17 218:14 222:5 222:14 223:25 226:17 |
| **ruled**(5) 87:8 95:15 103:19 207:7 210:12 |
| **rules**(14) 91:2 119:10 119:10 184:9 185:17 185:17 185:23 193:9 201:9 202:12 202:16 202:22 203:7 205:4 |
| **ruling**(3) 25:17 93:23 98:7 |
| **rulings**(2) 196:4 196:5 |
| **run**(4) 82:17 94:4 135:2 143:16 |
| **running**(3) 130:7 140:3 150:21 |
| **runs**(1) 134:11 |
| **rush**(1) 230:1 |
| **rushed**(2) 229:3 229:18 |
| **rushing**(1) 230:8 |
| **sacrifice**(1) 215:15 |
| **sacrificing**(1) 204:5 |
| **safe**(1) 231:7 |
| **said**(69) 9:17 13:20 15:6 19:15 39:2 39:4 51:10 53:25 68:18 69:23 71:2 76:23 80:2 86:6 93:14 93:19 97:12 98:14 101:13 101:15 120:25 121:16 126:5 126:8 126:25 127:17 127:21 127:24 127:24 127:25 128:5 133:19 133:23 139:16 143:16 145:15 146:13 147:2 148:13 150:15 157:16 163:15 164:15 164:16 164:17 164:17 164:19 168:1 172:22 180:11 182:20 184:7 184:16 186:17 188:7 189:16 190:6 199:20 204:14 204:23 218:10 218:19 218:25 219:14 222:24 223:13 224:2 227:18 |
| **sake**(1) 43:13 |
| **salary**(1) 58:23 |
| **sale**(14) 10:19 10:19 10:20 10:21 10:24 16:21 17:1 26:20 27:22 28:11 28:19 28:25 29:7 166:7 |
| **sales**(7) 98:2 138:5 162:23 162:25 163:1 166:3 166:6 |
| **salient**(3) 25:25 154:5 154:6 |
| **salutary**(2) 169:11 169:12 |
| **same**(30) 28:8 29:11 34:10 34:11 34:25 35:24 36:20 38:23 43:12 51:22 88:14 93:2 93:10 93:16 99:9 119:19 122:17 125:17 126:5 126:11 126:11 171:21 176:7 177:7 178:18 181:5 195:17 195:20 210:20 220:9 220:18 |
| **samis**(1) 2:25 |
| **sample**(8) 155:25 163:8 163:12 164:15 164:17 164:21 164:25 168:7 |
| **sampling**(2) 155:12 156:2 |
| **sanction**(1) 218:13 |
| **sat**(3) 87:15 87:22 141:2 |
| **satisfactory**(2) 8:25 78:15 |
| **satisfied**(1) 26:7 |
| **satisfy**(1) 210:25 |
| **save**(3) 214:9 214:9 219:1 |
| **saved**(1) 58:17 |
| **savings**(1) 213:12 |
| **sawyer**(1) 7:6 |

| Word | Page:Line |
|---|---|
| **say**(85) 10:14 18:12 30:13 30:19 31:16 39:7 40:10 40:23 41:10 51:4 53:18 53:24 54:21 59:13 59:17 60:19 61:25 66:5 69:7 72:25 73:3 73:7 82:8 87:7 88:24 90:15 92:3 92:15 93:7 97:17 98:11 102:6 104:9 105:1 109:3 114:23 115:20 120:21 121:19 122:3 124:19 128:19 132:2 139:11 140:4 140:12 143:8 143:11 148:15 149:16 150:15 150:18 150:24 151:3 155:10 163:8 163:16 163:18 164:2 165:24 173:8 176:25 177:5 180:6 180:6 181:4 182:24 183:7 187:18 188:17 188:19 189:5 191:25 194:9 196:3 212:14 217:2 217:4 218:3 219:5 221:9 224:15 225:5 230:24 |
| **saying**(29) 22:14 75:5 76:18 82:21 101:17 132:22 136:21 137:24 141:20 142:5 142:8 146:12 147:9 148:13 155:21 168:23 174:2 179:25 180:4 181:22 185:8 196:21 215:7 216:11 216:17 216:19 220:9 220:23 222:6 |
| **says**(38) 9:5 60:22 71:14 71:19 89:17 104:8 122:15 122:17 122:22 124:21 124:24 125:8 127:10 131:9 140:22 142:7 145:3 146:14 160:24 163:11 164:1 164:3 164:5 179:15 179:21 179:22 180:20 183:1 186:25 193:10 194:25 197:1 202:2 207:15 214:8 219:15 222:11 |
| **scale**(2) 36:13 220:24 |
| **scaring**(1) 142:8 |
| **schai**(1) 3:13 |
| **scharf**(31) 153:3 153:4 153:7 153:15 153:18 154:2 154:19 154:24 155:9 155:24 156:4 156:11 156:17 158:1 159:6 159:9 160:7 162:10 162:13 167:8 167:21 167:24 167:24 168:3 168:17 168:20 169:16 169:1 169:20 169:25 170:1 |
| **schedule**(17) 8:12 12:5 12:15 30:1 34:11 35:18 43:5 70:18 106:12 183:8 183:9 192:12 193:18 225:21 226:23 227:5 229:1 |
| **scheduled**(8) 32:18 33:6 34:14 36:11 41:2 96:21 183:9 211:8 |
| **schedules**(6) 12:18 22:5 42:22 59:8 96:15 108:1 |
| **scheduling**(2) 203:20 226:2 |
| **scheme**(3) 78:15 82:14 |
| **schemes**(1) 82:14 |
| **school**(1) 83:16 |
| **schuylkill**(1) 1:46 |
| **schwartz**(1) 19:8 |
| **schweitzer**(1) 2:14 |

| Word | Page:Line |
|---|---|
| **schweitzer**(193) 8:20 9:7 9:9 9:11 9:17 9:24 10:5 11:4 11:18 11:23 12:5 13:24 14:20 14:22 15:5 15:6 18:16 19:1 19:9 19:15 19:19 19:20 21:7 22:12 22:19 23:16 27:8 27:9 45:22 45:25 46:1 47:3 47:5 47:10 47:20 48:9 48:13 50:10 50:15 50:17 50:21 50:24 51:3 51:7 51:10 51:14 51:22 52:2 52:18 52:19 53:25 54:22 56:2 56:3 56:7 56:20 57:13 57:17 62:16 66:25 67:1 67:2 67:3 67:11 68:6 68:14 68:16 71:8 71:17 72:2 72:10 72:14 72:24 73:15 74:6 74:11 74:13 74:24 75:11 87:2 87:3 87:25 88:4 89:5 90:6 90:24 91:7 91:9 91:22 94:23 94:24 101:10 101:12 101:15 101:22 103:8 104:1 104:3 104:14 104:15 105:15 105:19 105:21 105:24 106:8 106:11 106:15 106:18 106:20 107:21 108:3 108:15 108:19 108:21 108:24 109:1 109:7 109:11 109:14 170:17 170:19 170:23 170:25 171:2 171:7 171:15 173:2 176:2 176:23 180:15 180:18 184:21 184:24 187:21 188:11 188:25 189:7 191:14 191:9 191:19 191:24 194:8 195:5 196:2 196:20 197:4 198:8 198:18 199:10 199:13 199:20 210:9 213:22 213:23 213:24 219:12 220:16 220:21 222:1 222:4 223:21 223:22 224:24 225:2 225:7 225:13 225:15 225:18 225:20 225:25 226:5 226:11 226:14 226:16 226:19 226:25 227:4 228:14 228:18 228:23 228:25 229:4 229:9 230:12 230:19 231:3 231:6 |
| **schwill**(3) 42:16 42:17 42:18 |
| **sci**(1) 1:30 |
| **scores**(3) 200:1 200:1 200:2 |
| **scott**(2) 6:12 6:16 |
| **scrap**(1) 90:14 |
| **screws**(2) 136:13 141:9 |
| **sealed**(1) 68:1 |
| **season**(2) 31:14 31:14 |
| **seated**(3) 8:3 109:19 170:16 |
| **second**(16) 38:3 69:17 75:10 84:2 110:7 110:25 139:18 150:7 179:5 182:6 193:2 201:20 201:23 206:16 221:2 222:19 |
| **secondary**(4) 11:6 48:18 187:23 209:25 |
| **secondly**(1) 204:8 |
| **seconds**(1) 24:10 |
| **secret**(2) 103:11 179:13 |
| **section**(3) 23:22 122:15 122:17 137:21 147:3 154:14 169:12 |
| **secure**(1) 78:14 |
| **secured**(1) 84:18 |
| **securities**(3) 4:46 4:46 173:23 |
| **security**(1) 84:18 |
| **see**(49) 19:10 19:11 21:11 30:4 30:23 30:24 31:7 31:8 31:10 31:13 39:4 43:18 44:2 46:15 47:23 60:22 70:21 70:25 75:12 76:10 81:3 84:6 88:1 95:20 96:24 109:12 123:1 128:1 132:5 141:10 143:20 143:20 143:24 144:2 147:16 152:16 167:3 170:11 184:14 185:5 185:14 201:21 209:18 209:19 209:19 226:21 226:22 226:22 229:14 |
| **seek**(8) 67:4 78:20 81:2 99:8 121:24 135:3 136:8 200:14 |
| **seeking**(13) 48:5 49:18 67:15 71:24 90:21 91:19 131:24 133:5 138:10 176:21 187:2 190:1 224:5 |
| **seeks**(2) 27:24 176:19 |
| **seem**(4) 75:4 118:1 191:15 197:6 |
| **seemed**(1) 168:21 |
| **seems**(9) 102:14 136:20 142:17 143:3 144:7 159:13 212:3 227:15 227:24 |
| **seen**(4) 25:10 96:16 186:23 192:4 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| segal(2) 7:31  7:31 | | settling(10) 10:18  10:20  11:10  11:20  13:17  17:3  17:10  17:17  127:9  206:10 | | simply(20) 40:12  41:11  42:3  44:15  45:11  69:18  70:13  73:19  76:17  78:21  84:9  96:9  134:9  140:22  155:21  156:6  166:23  180:20  203:25  206:20 | | someone(17) 14:5  48:14  57:6  88:6  89:12  122:9  124:4  125:22  140:12  146:11  149:19  179:15  181:14  183:19  184:7  193:10  195:2 | |
| segment(1) 212:3 | | | | | | | |
| self(1) 51:7 | | | | | | | |
| sell(1) 162:24 | | seven(6) 47:6  174:20  174:23  190:18  222:20  223:1 | | | | something(37) 13:2  37:4  38:14  39:2  44:18  45:11  54:7  54:20  62:2  63:25  69:2  71:23  73:19  75:3  82:18  82:25  83:1  84:19  93:21  94:15  101:7  101:7  103:20  103:20  104:13  113:14  133:11  145:7  146:15  165:11  167:25  173:24  180:7  183:20  184:11  198:6  211:10 | |
| seller(1) 163:4 | | | | simultaneous(1) 120:10 | | | |
| selling(1) 219:4 | | seventh(1) 3:6 | | simultaneously(1) 34:23 | | | |
| semantically(1) 155:16 | | several(8) 28:2  49:7  49:8  88:18  88:18  134:7  138:4  160:21 | | since(13) 10:6  10:9  15:23  33:14  39:2  39:17  48:3  67:21  72:8  86:16  116:3  176:10  205:14 | | | |
| semantics(3) 139:13  139:14  142:17 | | | | | | | |
| send(10) 62:19  62:23  121:20  126:15  197:4  197:5  205:18  218:11  218:22  218:24 | | severance(1) 198:24 | | sine(1) 42:24 | | sometime(1) 77:5 | |
| | | shaking(1) 30:23 | | single(4) 116:23  200:13  201:14  223:7 | | sometimes(1) 55:19 | |
| sending(1) 63:7 | | shall(4) 51:18  109:2  122:16  122:17 | | sir(11) 31:7  41:22  57:8  58:3  61:1  61:13  61:14  67:2  107:5  109:20  200:19 | | somewhat(4) 10:5  25:16  26:9  42:4  102:14 | |
| sense(14) 30:9  34:13  40:11  41:19  77:13  117:25  120:25  139:10  144:12  183:11  193:23  196:25  239:2  230:9 | | share(4) 56:22  68:1  77:12  209:1 | | | | somewhere(3) 165:22  194:16  222:9 | |
| | | shared(5) 88:7  88:8  88:8  103:1  169:20 | | | | song(1) 5:5 | |
| | | sharp(1) 94:24 | | sit(7) 87:13  116:9  126:2  133:7  134:12  165:18  200:22 | | soon(1) 41:3 | |
| sensitive(2) 96:15  97:25 | | she(7) 21:19  143:1  143:2  143:2  145:2  146:14  223:11 | | | | sooner(1) 109:5 | |
| sent(22) 118:6  118:7  121:17  126:4  126:5  126:10  126:11  126:16  127:22  127:23  127:25  127:25  128:5  128:6  128:8  132:25  133:2  141:5  151:15  191:12  198:3  198:24 | | | | sits(2) 57:19  133:7 | | sorry(14) 15:9  41:9  66:21  66:22  74:11  74:12  91:2  95:22  107:23  122:3  136:24  148:9  148:12  175:22 | |
| | | she'll(1) 21:19 | | sitting(12) 40:13  89:15  98:3  122:20  126:25  128:21  129:12  142:8  159:11  195:14  214:14  216:16 | | | |
| | | she's(2) 21:16  119:3 | | | | | |
| | | shed(1) 208:18 | | | | sort(18) 12:12  47:1  53:1  53:10  55:23  75:18  96:13  96:17  99:1  107:20  125:22  144:18  159:6  172:7  181:9  185:14  205:20  230:10 | |
| sentence(1) 101:24 | | sheet(3) 48:17  48:20  48:20 | | | | | |
| separate(9) 30:9  38:20  40:15  44:12  106:23  123:24  134:10  134:10  223:24 | | shelter(1) 114:19 | | situation(17) 50:6  77:21  81:23  84:17  96:10  112:5  115:15  115:15  120:17  123:2  123:19  128:21  129:18  142:18  146:10  204:22  207:6 | | | |
| | | shifting(1) 179:3 | | | | sorts(4) 134:25  181:20  182:23  195:8 | |
| | | shipped(1) 13:8 | | | | sought(2) 175:10  190:12 | |
| separately(3) 30:14  44:2  118:20 | | short(5) 122:2  152:8  158:11  190:1  190:16 | | | | sound(3) 1:51  168:10  231:13 | |
| september(11) 38:3  79:9  90:1  97:3  97:7  161:12  192:13  192:17  212:20  226:7  229:7 | | shortened(1) 213:16 | | situations(3) 53:16  55:17  134:25 | | sounded(2) 127:7  127:18 | |
| | | shortening(1) 212:17 | | six(6) 161:11  162:1  162:19  175:19  206:2  210:21 | | sounds(3) 42:5  42:8  141:19 | |
| seriatim(1) 40:16 | | should(67) 20:4  24:23  29:19  35:2  35:14  35:22  39:3  46:23  62:10  68:12  69:2  69:24  70:3  70:6  70:23  73:12  74:21  74:21  75:3  75:15  75:16  86:15  88:10  101:23  107:20  112:11  112:21  113:17  145:2  145:25  146:1  150:20  151:10  152:13  165:18  166:2  166:23  166:16  166:21  166:21  172:9  174:4  175:5  178:2  185:1  185:1  189:2  190:10  195:19  196:10  204:2  211:2  212:7  215:3  216:7  216:18  217:3  217:18  218:5  221:16  221:19  221:19  222:23  222:25  224:12  227:21  227:24 | | | | source(5) 89:7  118:3  136:7  136:15  140:22 | |
| serve(3) 185:24  185:25  209:20 | | | | skelly(1) 7:32 | | sources(2) 97:11  141:8 | |
| served(5) 30:8  63:12  214:15  214:16 | | | | skeptical(1) 74:1 | | southern(3) 158:16  207:22  209:4 | |
| service(7) 1:45  1:52  62:22  63:10  68:20  111:19  112:12 | | | | skipped(5) 133:10  133:11  136:23  136:25  138:17 | | spd(1) 60:10 | |
| | | | | | | speak(13) 11:1  34:16  40:8  45:6  46:21  50:13  53:16  62:18  98:22  133:25  134:2  152:10  152:11 | |
| services(4) 1:45  3:12  153:4  231:19 | | | | skirting(1) 185:6 | | | |
| serving(1) 48:3 | | | | slam(2) 89:1  181:22 | | speaker(3) 41:25  42:3  130:11 | |
| session(3) 74:19  88:15  109:19 | | | | slightly(2) 109:25  211:10 | | speaking(3) 130:16  135:17  136:20 | |
| set(20) 22:19  22:23  26:8  36:7  54:24  56:7  67:21  91:12  110:10  116:1  116:5  116:23  126:12  137:6  175:9  204:24  211:23  221:4  227:16  227:24 | | | | slow(4) 20:14  40:17  40:21  215:6 | | specially(1) 226:23 | |
| | | shouldn't(15) 35:23  51:17  69:14  113:17  124:22  126:22  146:16  190:19  191:10  194:1  196:10  207:9  223:2  229:12  229:18 | | slowed(1) 197:19 | | specific(11) 23:19  40:24  41:3  52:8  118:11  126:19  134:3  134:17  152:3  166:4  210:5 | |
| | | | | slower(1) 34:17 | | | |
| setoff(1) 155:23 | | | | small(7) 18:5  25:12  51:16  116:11  200:14  211:17  211:18 | | | |
| setoffs(1) 52:6 | | | | | | specifically(8) 54:5  100:15  131:9  137:20  138:19  149:5  149:14  150:11 | |
| setting(1) 91:4 | | show(4) 129:15  150:12  186:18  196:17 | | | | | |
| settle(15) 28:11  146:16  172:9  172:20  177:1  177:15  177:16  188:8  190:23  194:25  195:3  195:5  204:7  207:1  208:10 | | showed(2) 103:14  164:21 | | smaller(2) 196:10  211:16 | | | |
| | | shows(1) 165:17 | | smart(1) 215:17 | | specify(2) 78:22  97:15 | |
| | | shur(5) 4:12  7:6  200:25  201:10  202:20 | | sold(3) 12:18  173:6  173:6 | | speculate(2) 174:25  211:5 | |
| | | shut(1) 172:11 | | sole(2) 72:13  78:2 | | spell(1) 196:5 | |
| settled(9) 16:6  146:17  189:5  200:1  210:10  210:10  210:11  210:13  210:20 | | side(18) 17:15  17:16  36:11  36:16  46:12  50:5  50:11  185:18  187:13  195:15  214:23  216:24  217:3  217:4  220:15  220:23  220:25  228:15 | | solely(1) 137:4 | | spelled(1) 12:6 | |
| | | | | solicit(1) 223:19 | | spelling(2) 61:1  61:1 | |
| | | | | solicitation(4) 205:15  218:17  219:11  220:1 | | spend(3) 18:23  144:6  198:20 | |
| settlement(113) 9:14  9:14  10:2  10:7  10:16  11:7  11:10  12:14  14:1  14:11  14:12  14:16  15:15  15:19  15:23  16:1  16:3  16:5  16:6  16:15  16:19  16:23  17:9  17:21  17:25  19:15  19:21  19:23  20:3  21:8  21:11  22:13  23:9  23:12  23:20  24:4  24:17  26:14  26:16  26:24  27:1  27:23  28:1  28:9  28:18  28:25  29:5  29:18  29:21  46:15  48:15  48:16  49:4  50:1  53:14  54:1  55:1  55:8  55:15  56:10  62:1  65:15  79:25  80:1  80:4  113:25  115:5  126:24  127:17  145:11  145:12  170:16  170:19  170:21  171:5  171:16  172:4  172:13  172:20  173:18  176:15  176:20  176:24  177:18  182:1  182:2  185:9  196:6  196:23  200:14  201:22  201:22  202:3  202:11  202:22  203:2  203:4  204:17  204:19  204:20  208:14  208:15  208:18  209:11  209:12  211:24  215:21  216:23  217:6  217:7  217:13  217:16  219:17 | | sided(1) 217:18 | | soliciting(2) 216:13  221:5 | | spending(2) 56:12  154:2 | |
| | | | | solus(2) 5:31  5:31 | | spent(3) 132:4  175:11  175:19 | |
| | | sides(4) 136:21  188:20  189:10  221:17 | | solution(2) 16:14  49:8 | | spoke(1) 95:18 | |
| | | sign(7) 17:3  27:7  127:19  141:4  170:3  194:14  205:18 | | solutions(1) 18:8 | | spoken(1) 8:16 | |
| | | | | solvable(1) 214:10 | | spread(1) 175:2 | |
| | | | | solve(2) 89:11  89:11 | | spring(2) 117:1  186:16 | |
| | | signature(2) 186:20  201:16 | | some(98) 8:13  21:16  24:22  36:14  39:5  41:2  46:5  46:8  50:2  51:3  52:3  52:15  53:9  54:2  54:9  54:12  54:18  54:25  54:25  56:15  57:25  59:5  61:19  62:13  64:25  66:3  66:18  67:22  73:18  74:2  77:4  82:22  84:5  84:22  92:16  93:17  94:7  96:24  102:8  102:15  105:3  106:13  107:7  107:17  115:12  115:12  115:15  115:17  118:1  122:10  125:22  130:21  130:24  132:12  135:24  136:24  137:5  138:11  140:15  141:20  144:17  144:19  150:21  154:6  154:6  159:14  172:25  173:9  177:4  178:6  179:8  179:13  180:3  181:8  182:15  182:16  183:19  184:12  187:25  191:12  191:16  192:7  194:25  201:24  206:4  208:18  210:7  210:12  210:17  211:6  212:25  213:11  214:8  217:19  222:17  222:18  225:2 | | spun(1) 189:19 | |
| | | signed(8) 29:23  129:6  179:24  180:5  198:21  201:17  202:5  208:9 | | | | square(3) 2:26  2:44  207:24 | |
| | | | | | | squarely(1) 130:6 | |
| | | | | | | stage(2) 75:9  110:10 | |
| | | significant(3) 23:14  29:15  168:13 | | | | stages(2) 12:9  124:11 | |
| | | significantly(2) 161:5  184:19 | | | | stake(1) 211:20 | |
| | | signing(5) 75:25  76:3  117:1  140:1  186:12 | | | | stam(13) 21:1  21:2  21:5  21:5  21:16  21:21  21:23  22:1  22:25  23:16  24:21  25:1  25:11 | |
| settlement's(1) 16:9 | | silos(1) 40:15 | | | | | |
| settlements(7) 26:4  26:9  171:16  190:3  198:16  207:25  208:5 | | similar(6) 25:6  44:24  47:21  136:17  193:6  210:21 | | somebody(4) 105:3  140:10  204:5  206:20 | | stand(8) 12:6  15:8  15:9  164:3  165:25  174:23  187:3  231:5 | |
| | | | | somehow(4) 93:24  185:10  203:24  214:3 | | | |
| | | similarly(2) 185:3  186:3 | | | | standard(7) 26:3  26:9  72:20  93:24  94:7  154:4  155:6 | |
| | | simple(6) 61:4  63:21  77:19  135:21  137:2  168:9  176:19  201:21 | | | | | |
| | | | | | | standards(4) 49:15  72:4  165:20  166:15 | |
| | | simplifies(1) 17:10 | | | | standing(5) 124:23  137:8  189:9  193:16  197:25 | |
| | | simplify(2) 16:21  28:13 | | | | | |
| | | simplistic(1) 113:3 | | | | stands(2) 210:16  214:7 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| standstill(4) 48:5 48:10 48:11 70:9 | | stick(1) 188:25 | | suggested(2) 8:16 9:1 | | talk(35) 20:16 44:9 48:10 58:18 59:5 82:24 88:19 88:19 94:9 98:22 106:13 107:19 107:19 107:25 113:15 116:3 141:8 142:6 142:19 142:24 143:1 143:2 143:11 144:4 145:7 165:22 194:20 196:17 201:23 202:17 202:24 203:3 203:3 217:12 220:8 | |
| star(2) 31:11 89:24 | | still(22) 18:10 39:18 48:13 59:16 67:18 71:6 86:1 91:4 97:25 107:17 115:23 137:11 157:9 157:15 157:19 159:2 159:3 174:23 176:8 190:7 197:25 203:3 | | suggesting(1) 229:13 | | | |
| stargatt(2) 2:41 39:13 | | | | suggestion(9) 8:12 30:8 30:14 45:5 45:8 63:4 64:8 203:12 230:4 | | | |
| starke(1) 7:36 | | | | | | | |
| start(16) 39:21 76:17 88:12 110:2 111:1 111:6 124:4 130:7 130:25 139:15 162:10 168:6 183:14 196:16 197:14 226:20 | | | | suggestion's(1) 212:7 | | talked(6) 44:8 105:3 106:24 116:7 142:3 217:9 | |
| | | stipulate(1) 165:1 | | suggestions(3) 178:5 198:4 212:1 | | | |
| | | stipulation(2) 137:18 145:13 | | suggests(3) 30:16 209:13 215:13 | | | |
| started(9) 15:22 40:18 89:22 124:2 127:8 128:13 176:10 180:3 210:19 | | stipulations(2) 195:13 198:21 | | suing(2) 91:12 121:21 | | talking(33) 46:4 48:14 53:8 60:10 88:15 94:10 109:25 113:16 115:15 115:16 118:1 126:25 129:2 129:3 129:14 135:18 139:13 140:13 140:15 144:6 144:10 145:6 145:21 145:21 160:11 161:2 188:12 206:18 211:4 216:8 223:2 227:4 228:10 | |
| | | stones(1) 59:6 | | sum(2) 24:9 164:13 164:14 164:24 | | | |
| | | stood(2) 176:8 222:24 | | summarized(1) 190:4 | | | |
| starting(5) 41:11 42:11 88:21 154:8 192:2 | | stop(5) 35:25 101:24 122:2 127:1 139:18 | | summary(5) 30:2 105:4 105:5 166:22 227:15 | | | |
| starts(1) 176:3 | | stopped(4) 80:10 80:11 80:11 174:12 | | | | | |
| state(60) 1:23 6:4 6:5 72:16 75:3 85:13 89:13 97:20 98:15 98:17 99:4 102:11 102:12 110:23 114:13 116:15 117:3 117:4 117:7 117:9 117:17 117:22 118:2 118:20 118:23 119:12 119:25 120:2 120:11 120:2 121:22 122:1 122:11 122:13 122:21 122:21 123:20 124:21 124:23 126:4 127:7 129:9 130:2 130:14 141:19 142:5 142:9 142:19 143:13 145:10 147:17 147:19 148:14 150:8 150:11 153:20 154:23 158:1 159:18 202:14 | | story(6) 95:25 188:20 189:24 195:15 216:24 217:3 | | summation(1) 24:2 | | target(2) 79:16 202:1 | |
| | | | | summer(5) 70:24 71:1 77:5 175:12 175:13 | | tasked(1) 147:3 | |
| | | | | superseding(1) 12:17 | | tattoo(1) 188:21 | |
| | | stough(2) 119:5 149:23 | | supervises(1) 82:14 | | tattoos(2) 151:11 189:1 | |
| | | straightforward(5) 22:23 25:21 204:11 204:15 213:4 | | supervision(3) 131:12 131:25 135:23 | | tax(70) 9:21 65:16 65:20 108:19 110:4 110:5 110:6 110:12 111:12 111:17 112:20 113:5 114:4 114:5 114:7 114:9 114:16 114:19 114:20 114:22 115:3 115:4 115:7 115:10 115:11 115:12 115:17 115:19 115:19 115:23 116:3 116:9 117:12 118:14 118:16 121:15 121:15 121:19 124:7 129:5 131:6 132:10 132:11 132:17 133:14 135:14 135:16 136:4 140:1 140:18 140:21 141:23 147:4 153:20 153:24 154:20 155:4 155:11 157:5 157:17 157:23 158:4 162:3 162:11 162:20 162:25 163:1 163:6 180:21 180:23 | |
| | | | | supplemental(1) 70:18 | | | |
| | | strategy(2) 151:9 190:17 | | support(17) 14:24 15:10 18:2 23:9 49:24 68:20 72:18 78:3 78:11 78:15 85:11 85:17 93:18 99:14 102:5 118:16 129:20 | | | |
| state's(1) 151:1 | | strauss(4) 2:31 19:13 167:6 199:15 | | | | | |
| stated(7) 74:25 85:15 97:14 97:15 133:24 136:19 182:4 | | streamline(1) 219:1 | | | | | |
| | | streamlines(1) 13:21 | | supported(2) 29:9 133:13 | | | |
| | | street(5) 1:9 1:46 2:27 2:45 4:14 | | supporting(5) 71:15 72:25 90:15 93:25 103:16 | | | |
| statement(35) 9:20 33:4 33:5 36:18 37:24 65:5 66:13 67:6 71:24 81:15 83:22 84:4 85:5 85:13 86:8 92:15 92:18 93:3 93:15 93:17 93:18 93:23 127:10 130:24 137:2 165:12 178:25 185:21 186:5 201:13 201:1 209:19 222:5 222:9 222:15 | | stretch(1) 90:6 | | | | | |
| | | strict(1) 185:17 | | supportive(2) 199:17 200:17 | | | |
| | | striving(1) 54:10 | | supports(2) 19:15 74:23 | | | |
| | | strong(4) 130:22 136:3 176:5 215:14 | | suppose(1) 40:24 | | | |
| | | strongly(2) 179:19 215:18 | | supposed(7) 59:3 122:7 185:24 185:25 186:6 186:25 200:9 | | taxation(4) 3:11 153:7 158:17 160:24 | |
| | | struck(1) 139:12 | | | | taxed(3) 112:11 112:21 112:22 | |
| statements(6) 33:11 43:9 61:20 92:20 99:17 132:13 | | structure(1) 162:7 | | | | taxes(20) 116:2 117:17 118:21 118:22 122:24 122:25 123:10 135:23 140:1 140:5 147:24 150:2 162:24 163:16 163:19 164:9 164:19 166:3 166:6 168:11 | |
| | | stuck(1) 194:3 | | supremacy(1) 122:19 | | | |
| | | stuff(4) 42:23 43:9 214:17 217:20 | | supreme(8) 32:25 34:11 80:23 83:2 94:14 95:15 95:17 141:6 | | | |
| states(24) 1:1 1:41 20:10 20:12 24:24 30:17 32:24 37:12 94:2 111:1 111:25 112:17 112:21 114:4 114:10 114:17 114:1 114:22 114:23 114:25 140:8 141:4 146:17 179:7 | | stw's(1) 132:25 | | | | | |
| | | stylizing(1) 180:4 | | | | | |
| | | sub(2) 174:20 218:2 | | supremes(2) 68:10 87:11 | | taxing(17) 3:11 111:15 117:9 117:14 129:3 130:5 136:16 141:5 144:23 153:4 153:8 158:11 158:22 159:16 159:23 162:8 169:11 | |
| | | subject(9) 75:14 124:21 127:5 132:21 133:2 136:23 137:14 138:6 140:7 | | sure(49) 13:23 18:2 18:19 27:11 44:22 45:2 45:23 47:3 52:18 54:10 56:19 67:10 73:14 74:5 75:8 76:5 82:16 82:24 89:18 91:22 92:25 98:10 99:9 99:21 100:4 102:3 103:24 107:6 107:12 111:7 130:3 148:20 158:9 168:22 169:19 170:25 171:1 176:11 185:23 186:13 190:9 195:9 199:9 200:7 207:16 213:5 216:15 224:19 230:3 230:16 | | | |
| stating(1) 178:13 | | | | | | | |
| status(23) 9:22 24:24 25:2 30:3 32:4 32:7 32:17 33:18 33:21 33:24 42:19 43:1 43:19 46:25 50:4 65:21 66:2 87:6 108:22 134:6 139:19 140:2 140:24 | | subjected(2) 197:16 197:17 | | | | taxpayer(3) 134:12 140:21 163:11 | |
| | | submission(4) 24:21 25:9 97:10 135:21 | | | | taxpayers(5) 112:22 112:23 113:16 134:10 155:10 | |
| | | submissions(10) 21:16 21:24 22:21 23:2 24:16 25:15 29:17 41:24 92:12 130:9 | | | | | |
| | | | | surprise(2) 88:13 227:22 | | | |
| | | submit(6) 63:25 83:25 92:9 92:12 157:1 165:12 | | surrendering(1) 14:14 | | taylor(2) 2:42 39:13 | |
| statute(23) 99:11 131:2 131:2 131:8 131:17 136:2 137:5 138:2 138:22 139:15 139:19 143:14 143:15 143:18 145:22 145:23 145:24 147:18 149:5 150:9 150:14 202:8 202:9 | | | | surreptitious(2) 185:5 185:10 | | team(5) 36:12 106:25 107:1 165:2 168:14 | |
| | | | | susan(1) 5:40 | | telecom(1) 166:7 | |
| | | submitted(9) 36:5 77:1 92:5 92:6 100:12 113:19 129:15 158:25 165:9 | | swept(1) 176:15 | | telephone(2) 44:21 45:6 | |
| | | | | sworn(1) 29:10 | | telephonic(4) 4:31 5:1 6:1 7:1 | |
| | | | | system(6) 58:13 83:11 90:25 113:10 114:8 118:16 | | tell(33) 53:5 62:9 85:16 87:1 91:11 91:11 91:11 91:12 91:14 100:1 120:7 121:9 121:10 124:3 126:7 126:18 127:15 127:23 134:4 141:21 159:20 177:6 178:22 179:3 187:22 187:24 188:2 193:16 194:19 208:14 209:17 223:1 226:20 | |
| statutes(4) 136:18 138:14 143:23 150:12 | | subpoena(1) 212:23 | | | | | |
| statutory(2) 186:5 210:5 | | subsection(1) 131:8 | | | | | |
| stay(28) 27:6 56:5 68:10 78:13 78:17 79:8 82:9 101:1 101:8 101:13 120:1 120:12 121:2 123:9 123:21 125:21 128:18 138:16 138:17 144:1 144:5 145:2 145:3 152:23 175:17 190:20 193:11 193:18 | | subsequent(1) 36:8 | | | | | |
| | | subset(2) 214:9 223:1 | | systems(2) 58:10 58:13 | | | |
| | | subsidiaries(10) 12:8 12:24 13:25 14:2 14:7 16:10 16:11 17:11 17:16 28:3 | | ta-da(1) 89:1 | | telling(8) 70:4 73:10 138:21 141:17 142:10 188:20 207:8 220:22 | |
| | | | | table(5) 10:15 107:17 185:18 187:14 | | | |
| stayed(2) 149:21 178:18 | | | | take(49) 81:8 21:1 25:3 25:24 28:13 31:25 46:16 55:2 57:3 61:20 75:23 85:15 85:19 87:15 91:1 96:22 101:10 101:10 104:16 104:24 108:13 109:20 115:8 115:19 138:1 139:10 142:10 144:17 145:2 146:6 149:20 162:1 163:8 163:9 163:21 169:14 170:8 170:10 177:7 184:12 188:21 191:6 193:21 195:11 208:19 209:15 212:20 229:13 230: | | tells(1) 199:8 | |
| ste(5) 3:27 3:33 3:40 4:8 4:27 | | substance(3) 116:12 118:21 164:24 | | | | ten(5) 24:10 105:8 163:23 170:6 170:11 | |
| steady(2) 116:15 116:15 | | substantial(4) 36:21 96:7 98:6 114:18 | | | | tend(1) 203:12 | |
| steen(3) 2:11 5:26 9:11 | | substantially(1) 116:20 | | | | tennessee(1) 156:19 | |
| steering(14) 57:15 205:7 205:12 205:14 205:16 205:23 209:1 216:11 221:5 221:7 221:12 222:20 223:14 223:18 | | substantive(7) 17:5 36:13 156:24 156:24 156:25 172:7 192:2 | | | | tens(1) 116:21 | |
| | | | | | | tentative(1) 229:14 | |
| | | | | taken(18) 9:25 10:14 20:4 39:21 40:16 52:7 112:12 119:3 141:12 141:13 141:19 144:8 144:11 144:12 149:1 151:18 153:19 196:8 | | term(7) 48:16 48:20 48:20 52:24 120:24 139:16 145:25 | |
| step(14) 10:1 10:17 16:18 23:14 29:6 29:15 37:20 42:6 78:19 87:6 88:14 105:2 124:19 159:4 | | subsumed(1) 171:20 | | | | | |
| | | success(2) 26:11 147:11 | | | | | |
| | | successful(4) 69:13 78:11 85:14 106:21 | | | | | |
| | | successfully(2) 33:15 111:21 | | takes(4) 59:14 65:24 113:10 113:11 | | terminate(6) 30:1 48:5 49:21 60:7 60:12 60:23 | |
| stephanie(1) 7:32 | | such(6) 15:13 26:20 63:7 75:16 75:19 101:11 147:6 201:8 | | taking(9) 35:2 94:20 117:7 130:7 144:16 149:21 174:1 186:9 187:3 | | | |
| stephen(1) 5:32 | | | | | | | |
| stepped(2) 128:13 172:19 | | sucked(1) 176:10 | | | | | |
| steps(3) 35:3 46:15 144:16 | | sudden(2) 91:19 168:8 | | | | terminated(1) 50:4 | |
| steven(1) 7:23 | | suddenly(2) 72:3 88:13 | | | | terminates(1) 59:15 | |
| | | suffered(1) 20:15 | | | | | |
| | | sufficient(3) 69:17 91:9 97:4 | | | | | |
| | | suggest(9) 39:2 44:15 64:17 64:24 74:25 145:10 151:10 170:6 203:23 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**termination**(11) 28:20 48:17 48:19 48:22 48:22 48:23 49:1 49:10 49:19 49:19 60:10 178:10

**terms**(38) 13:15 15:20 16:1 16:16 21:8 22:18 27:17 28:12 32:7 33:2 38:20 38:21 39:15 42:5 48:21 53:12 54:9 67:13 67:19 83:22 83:23 86:15 95:19 95:19 116:24 119:10 134:2 141:20 143:4 143:13 146:4 156:21 187:1 187:8 187:11 189:24 213:4 229:23

**terrible**(1) 96:25

**territory**(1) 56:18

**test**(1) 162:1

**testify**(13) 14:24 15:9 15:17 15:17 15:21 16:2 16:8 16:19 16:23 17:8 17:12 17:18 17:24

**testimony**(3) 14:25 61:20 212:22

**texas**(1) 121:17

**than**(43) 20:5 30:13 34:17 41:5 42:6 66:20 69:1 72:20 73:19 75:2 81:22 84:1 84:9 103:20 112:25 123:18 125:20 128:22 130:19 137:17 138:11 146:2 149:2 153:12 161:21 164:2 168:3 176:14 178:19 179:20 188:14 191:7 195:23 211:6 211:16 212:5 213:7 213:10 213:14 214:4 215:20 217:22 218:12

**thank**(114) 8:2 8:21 19:3 19:9 19:11 20:17 20:20 20:25 21:22 22:25 24:20 25:19 27:7 27:11 27:13 29:23 30:6 30:7 30:25 31:2 31:6 39:6 40:4 40:9 41:12 42:15 42:16 43:14 43:24 44:4 44:6 44:6 44:6 44:14 52:17 52:19 56:1 60:23 60:25 61:3 61:5 61:13 61:14 61:15 64:6 64:22 75:22 76:5 76:6 76:12 86:24 87:2 92:2 94:22 94:23 96:10 96:11 103:8 104:12 104:13 104:14 105:20 108:7 108:10 109:1 109:14 109:15 109:18 109:22 110:9 130:13 130:13 139:4 139:5 146:20 146:21 148:3 151:25 152:1 152:4 152:20 153:1 160:6 166:25 167:1 167:20 168:17 169:16 169:17 169:22 170:2 170:3 170:5 170:12 170:15 199:12 199:12 200:19 200:21 213:20 213:21 213:24 221:24 221:25 223:20 225:18 230:17 230:18 230:19 230:22 231:2 231:3 231:6 231:8

**thanks**(2) 190:5 190:6

**thanksgiving**(2) 90:3 94:10

**that**(301) 8:10 8:11 8:14 8:17 9:25 10:9 10:10 10:11 10:14 10:16 10:19 11:4 11:11 11:16 11:18 12:6 12:7 12:8 12:18 12:19 12:23 13:1 13:6 13:9 13:15 13:19 14:2 14:9 14:12 14:20 15:18 15:21 15:22 15:22 16:2 16:5 16:8 16:10 16:11 16:15 16:17 16:19 16:23 16:24 17:1 17:3 17:8 17:12 17:16 17:18 17:21 17:25 18:1 18:7 18:10 18:17 18:18 18:19 18:21 18:21 19:1 19:5 19:19 19:20 19:22 19:24 20:1 20:4 20:13 20:16 21:19 22:4 22:11 22:14 23:10 23:11 23:11 23:19 24:1 24:2 24:7 25:2 25:5 25:7 25:8 25:8 25:9 25:14 25:15 25:16 25:21 25:25 26:2 26:3 26:6 26:7 26:13 26:16 26:18 27:7 27:17 28:10 28:12 28:17 28:19 29:3 29:19 29:13 29:18 30:17 31:11 32:2 32:3 32:18 32:21 33:6 33:8 33:15 33:16 33:22 33:24 33:25 34:2 34:9 34:17 34:18 34:18 34:19 34:21 34:23 35:2 35:3 35:14 35:16 35:20 35:21 35:24 36:3 36:5 36:6 36:14 36:18 36:21 36:24 36:25 36:25 37:1 37:4 37:4 37:6 37:8 37:11 37:13 37:17 37:17 37:19 37:20 37:22 37:24 38:7 38:11 39:7 39:15 39:17 39:19 39:22 39:22 39:24 39:25 40:2 40:10 40:11 40:13 40:15 40:16 40:20 40:22 40:23 40:25 41:2 41:3 41:7 41:9 41:11 41:11 41:17 41:18 42:4 42:10 42:12 42:21 42:23 42:23 42:25 43:8 43:9 43:11 43:11 43:20 44:1 44:11 44:12 44:19 44:21 44:22 45:9 45:9 45:12 45:13 45:14 45:20 46:4 46:5 46:6 46:9 46:16 47:1 47:11 47:13 47:17 47:25 48:1 48:4 48:5 48:11 48:18 48:19 48:20 49:7 49:9 49:16 49:22 49:25 50:6 50:7 50:8 50:16 50:18 50:18 50:22 51:10 51:15 51:16 51:17 51:17 51:19 51:22 52:3 52:6 52:7 52:7 52:10 52:12 52:15 53:8 53:10 53:12 53:13 53:14 53:18 53:19 54:7 54:9 53:24 53:25 54:2 54:9 54:10 54:12 54:19 54:22 54:23 55:1 55:2 55:5 55:6 55:8 55:9 55:10 55:24 56:4 56:8 56:9 56:10 56:13 56:21 56:23 57:1 57:1 57:2 57:5 57:6 57:19 57:19 58:1 58:2 59:13 59:14 59:16 59:16 60:9

**that**(301) 60:11 60:18 60:19 60:22 60:22 61:6 61:16 61:18 61:19 62:2 62:3 62:6 62:7 62:12 62:14 62:20 62:23 62:24 63:6 63:9 63:10 63:15 63:15 63:16 63:24 63:25 63:25 64:9 64:15 64:21 64:25 65:8 65:20 65:21 66:1 66:2 66:4 66:5 66:13 66:17 67:4 67:7 67:8 67:15 67:19 67:21 67:23 68:1 68:2 68:11 68:11 69:10 69:12 69:13 69:13 69:16 69:17 69:18 69:21 69:23 70: 70:6 70:13 70:15 70:23 71:2 71:5 71:8 71:8 71:11 71:11 71:21 71:22 71:24 71:25 72:8 72:11 72:12 72:14 72:18 72:24 73:2 73:4 73:7 73:8 73:9 73:9 73:10 73:21 73:24 73:24 74:1 74:6 74:7 74:24 74:25 75:3 75:12 75:13 75:17 75:24 76:9 76:18 76:19 77:6 77:7 77:12 77:13 77:15 77:18 77:21 77:23 77:25 78:2 78:4 78:8 78:9 78:12 78:15 78:18 78:24 79:2 79:3 79:5 79:5 79:10 79:10 79:10 79:14 79:17 79:24 80:4 80:5 80:7 80:9 80:10 80:11 80:12 80:14 80:25 81:8 81:9 81:13 81:16 81:20 82:8 82:8 82:11 82:12 82:13 82:16 82:18 82:21 82:21 82:24 82:25 83:10 83:12 83:16 83:21 83:25 84:1 84:3 84:7 84:10 84:14 84:16 84:19 85:6 85:13 85:16 85:17 85:19 85:21 85:23 85:23 85:24 86:6 86:20 87:8 87:8 87:10 87:10 87:12 87:14 87:16 87:17 87:19 87:22 88:1 88:11 88:12 88:13 88:14 88:24 89:6 90:1 90:6 90:11 90:13 90:13 90:15 90:17 90:19 91:15 91:16 91:17 91:19 91:22 92:2 92:5 92:8 92:9 92:17 92:19 93:7 93:8 93:14 93:17 93:18 93:18 93:20 93:20 93:21 94:3 94:10 94:15 94:22 95:1 95:2 95:3 95:6 95:7 95:7 95:7 95:8 95:11 95:12 95:16 95:16 95:17 96:2 96:8 96:17 97:1 97:3 97:4 97:5 97:7 97:10 97:10 97:11 97:12 97:17 97:18 97:25 98:16 98:22 99:1 99:4 99:5 99:14 99:14 99:22 99:23 100:4 100:7 100:10 100:11 100:14 100:16 100:16 100:18 100:23 101:17 102:4 102:14 102:18 102:18 102:22 102:24 102:25 102:25 103:1 103:1 103:7 103:9 103:11 103:15 103:18 103:18

**that**(301) 103:19 103:19 103:20 103:20 103:24 103:25 104:7 104:9 104:11 104:17 105:1 105:7 105:16 106:1 106:3 106:24 107:2 107:19 107:19 107:22 107:22 108:11 110:2 110:6 110:7 110:8 110:17 111:17 111:24 112:1 112:3 112:8 112:13 112:13 112:15 112:16 112:17 112:24 112:25 112:25 113:1 113:1 113:2 113:7 113:8 113:9 113:10 113:21 113:24 113:25 113:25 114:2 114:7 114:8 114:17 114:19 114:21 115:1 115:4 115:4 115:10 115:11 115:16 115:16 115:19 115:23 115:24 116:5 116:10 116:13 116:14 116:14 116:16 116:17 117:3 117:5 117:10 117:14 117:22 117:23 117:25 118:7 118:8 118:10 118:11 118:13 118:19 118:24 119:9 119:20 119:24 120:11 120:13 120:22 120:22 120:24 121:2 121:8 121:16 121:18 121:19 121:21 122:2 122:14 122:15 122:22 123:14 123:23 124:2 124:4 124:15 124:17 125:8 125:9 125:9 125:10 125:11 125:20 125:22 126:10 126:10 126:15 126:21 126:21 127:2 127:6 127:7 127:9 127:9 127:10 127:11 127:16 127:16 127:18 127:20 127:22 127:25 127:25 128:3 128:6 128:9 128:15 128:24 128:25 129:6 129:9 129:15 129:15 129:20 129:24 130:3 130:3 130:5 130:23 131:9 131:12 131:13 131:14 131:17 131:23 131:24 132:6 132:7 132:14 132:15 132:17 132:18 132:19 132:22 132:25 133:5 133:7 133:9 133:11 133:13 133:17 133:19 133:23 133:25 134:6 134:7 134:11 134:13 134:13 134:16 134:19 135:1 135:4 135:6 135:7 135:14 135:15 135:21 136:1 136:8 136:9 136:17 136:21 136:23 137:8 137:11 137:13 137:16 137:22 138:6 138:7 138:7 138:11 139:2 139:9 139:10 139:11 139:11 139:16 139:18 139:19 140:9 140:10 140:16 140:16 140:23 140:24 140:24 141:10 141:15 142:5 142:10 142:13 142:16 142:17 142:18 143:14 143:16 144:12 144:15 144:16 144:17 144:21 145:4 145:6 145:7 145:10 145:13 145:13 145:13 145:14 145:24 146:4 146:6 146:8 146:9 146:16 147:1 147:9 147:10 147:11 147:12 147:17 147:22 147:23 148:12 148:15 148:18 148:20 148:22 148:23 148:24 148:25 149:4 149:12 149:13 149:19 150:8 150:8 150:10 150:11 150:13 150:13 150:15 150:18 150:20 150:25 151:10 151:18 152:13 153:9 153:19 154:6 154:6 154:11 154:16 154:20 154:21 154:23 155:3 155:6 155:12 155:14 155:15 155:16 155:21

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**that(301)** 156:5 156:22 156:22 156:25 157:1 157:15 157:25 158:3 158:7 158:10 158:13 158:20 159:4 159:9 159:12 159:15 159:24 160:17 160:18 161:1 161:3 161:4 161:9 161:21 162:10 163:16 163:17 163: 163:23 164:18 164:18 165:2 165:4 165:6 165:6 165:12 165:17 165:17 165:21 165:2 165:24 165:25 166:4 166:5 166:8 166:20 167:10 167:25 168:1 168:4 168:11 168:15 168:15 168:23 168:24 169:1 169:7 169:8 169:11 170:8 172:11 172:12 172:13 173:2 173:8 173:8 173:10 173:12 173:15 173:20 174:11 174:12 174:19 174:19 175:4 175:1 175:15 175:18 176:4 176:7 176:10 176:11 176:12 176:15 177:2 177:10 177:11 177:11 177:15 177:19 177:22 178:4 178:5 178:12 178:15 178:21 178:21 178:22 178:22 179:13 179:15 179:19 180:8 180:9 180:22 181:11 181:21 181:23 182:8 182:20 183:4 183:5 183:7 183:12 184:20 184:23 185:4 185:4 185:14 185:16 186:3 186:8 186:9 186:18 186:21 187:6 187:11 187:13 188:1 188:13 188:15 189:2 189:4 189:7 189:12 189:16 190:20 190:20 191:2 191:7 191:14 191:16 191:20 191:25 192:12 192:15 192:22 192:23 192:24 192:25 192:25 193:8 193:3 193:3 193:4 193:12 193:15 193:15 193:16 193:16 193:19 193:24 194:1 194:1 194:1 194:3 194:7 194:9 194:9 194:11 194:12 194:17 194:22 194:25 195:1 195:6 195:9 195:10 195:11 195:15 195:19 195:2 195:21 195:22 196:1 196:2 196:3 196:5 196:6 196:13 196:13 196:14 196:15 196:1 196:22 196:23 196:23 197:1 197:1 197:6 197:9 197:10 197:21 197:21 198:1 198:4 198:6 198:8 198:11 198:14 198:19 198:19 198:21 199:10 199:21 200:11 201:7 201:8 201:18 201:20 202:9 202:19 203:5 203:6 203:8 203:12 203:16 203:17 203:17 203:1 203:23 203:25 204:2 204:3 204:9 204:23 205:4 205:17 205:19 206:8 206:12 206:20 206:23 206:23 206:25 207:2 207:19 207:1 207:20 207:24 207:24 208:1 208:15 208:17 208:18 208:21 209:1 209:10 209:1 209:14 209:14 209:17 209:18 209:18 209:19 209:21 209:22 209:23 210:4 210:5 210:7 210:13 210:14 210:16 210:19 211:3 211:7 211:7 211:14 211:17 211:20 211:21 211:23 212:4 212:7 212:13 212:16 212:23 213:3 213:6 213:10 213:15 213:25 214:2 214:3 214:5 214:6 214:22 215:1 215:12 215:13

**that(92)** 215:13 215:22 215:24 215:24 216:2 216:6 216:7 216:8 216:11 216:25 217:8 217:9 217:17 217:15 217:19 217:19 217:20 217:21 217:22 218:3 218:7 218:13 218:16 218:19 218:20 218:20 219:2 219:3 219:8 219:10 219:13 219:13 219:17 219:19 219:23 219:23 220:5 220:7 220:9 220:15 220:17 220:17 220:17 220:20 220:25 221:1 221:2 221:13 221:14 222:2 222:5 222:8 222:8 222:12 222:19 222:22 222:23 222:2 223:2 223:18 223:23 223:24 223:25 224:1 224:11 224:20 224:24 225:4 225:9 225:11 226:1 226:12 226:22 226:23 227:3 227:3 227:17 227:21 228:8 228:14 228:15 228:1 228:21 229:5 229:6 229:11 229:13 229:17 229:18 230:11 230:20 231:12

**that's(150)** 8:11 8:25 11:2 12:5 14:8 14:10 17:12 20:14 22:9 30:14 30:20 33:6 34:14 36:13 38:12 38:20 38:22 39:17 43:19 45: 46:7 47:6 50:5 52:11 53:21 54:18 54:19 54:20 54:21 55:8 60:15 60:23 62:16 63:1 65:10 65:23 65:24 66:7 66:7 68:5 68:5 69:25 72:7 72:20 73:11 73:17 77:13 82:20 82:20 82:21 84:11 86:12 86:14 86:23 89: 92:18 96:19 96:19 98:6 101:18 101:18 102:5 102:11 102:19 102:20 103:6 104:2 105:2 107:2 109:2 114:12 114:13 115:18 117:19 119:24 123:8 124:20 128:19 130:9 131:2 131:18 132:5 133:18 135:5 136:8 137:1 139:4 139:7 140:2 142:23 142:24 143:10 144:19 146:7 149:3 151:3 154:21 154:21 155:13 156:15 158:4 164:8 164:12 164:23 164:23 166:1 170:7 172:5 173:19 173:20 176:17 177:17 178:16 178:20 179:15 182:6 182:22 184:17 187:25 188:4 190:1 190:18 190:17 190:22 194:21 196:1 197:8 199:10 207:10 208:11 208:20 212:1 214:10 214:10 214:21 216:22 216:23 217:9 217:23 219:16 220:3 220:19 221:23 223:19 224:19 225:5 226:24 227:14 228:5 229:7

**the(301)** 1:1 1:2 1:40 3:21 3:39 4:24 7:5 8:2 8:6 8:8 8:9 8:12 8:13 8:14 8:14 8:15 8:17 8:19 8:21 8:25 9:2 9:2 9:5 9:7 9:10 9:11 9:13 9:13 9:14 9:14 9:16 9:19 9:20 9:20 9:23 10:1 10:2 10:2 10:3 10:4 10:6 10:7 10:9 10:11 10:12 10:13 10:13 10:15 10:16 10:17 10:18 10:18 10:19 10:19 10:20 10:24 10:24 10:25 11:3 11:4 11:5 11:7 11:7 11:9 11:10 11:11 11:11 11:12 11:13 11:13 11:15 11:16 11:19 11:19 11:21 11:22 11:24 11:25 12:4 12:8 12:14 12:15 12:16 12:18 12:19 12:20 12:20 12:21 12:21 12:23 12:23 13:1 13:1 13:4 13:6 13:12 13:13 13:14 13:16 13:19 13:20 13:23 13:23 13:23 13:25 14:1 14:2 14:3 14:14 14:19 14:21 14:22 14:23 14:25 15: 14:17 15:6 15:7 15:8 15:9 15:10 15:11 15:12 15:15 15:15 15:18 15:18 15:21 15:23 15:23 15:24 15:25 16:1 16:1 16:2 16:3 16:4 16:4 16:5 16:6 16:8 16:9 16:10 16:11 16:12 16:12 16:15 16:19 16:20 16:20 16:20 16:21 16:22 16:22 16:23 16:24 16:25 16:25 17:1 17:1 17:1 17:2 17:3 17:4 17:6 17:6 17:6 17:8 17:9 17:10 17:11 17:12 17:13 17:14 17:15 17:16 17:17 17:18 17:19 17:20 17:20 17:21 17:22 17:23 17:25 17:25 18:2 18:2 18:3 18:5 18:5 18:6 18:13 18:15 18:16 18:19 19:2 19:3 19:4 19:7 19:10 19:12 19:14 19:15 19:16 19:16 19:16 19:19 19:20 19:23 19:25 20:2 20:4 20:6 20:6 20:6 20:7 20:9 20:10 20:11 20:12 21:4 21:12 21:7 21:8 21:8 21:9 21:10 21:11 21:12 21:13 21:15 21:18 21:19 21:22 21:23 22:2 22:8 22:10 22:13 22:15 22:16 22:17 22:18 22:19 22:21 22:23 22:24 23:5 23:8 23:9 23:9 23:10 23:11 23:11 23:12 23:12 23:13 23:14 23:14 23:19 23:20 23:21 23:22 24: 24:2 24:2 24:3 24:3 24:4 24:7 24:13

**the(301)** 24:16 24:16 24:18 24:22 24:24 24:24 24:24 25:2 25:3 25:4 25:8 25:12 25:12 25:13 25:15 25:19 25:21 25:22 25:23 25:24 26:2 26:3 26:5 26:7 26:10 26:11 26:13 26:14 26:14 26:18 26:19 26:19 26:20 26:21 26:22 26:22 26:23 26:24 26:25 27:1 27:1 27:2 27:2 27:4 27:5 27:6 27:7 27:11 27:13 27:14 27:16 27:17 27:18 27:18 27:19 27:21 27:22 28: 28:2 28:5 28:7 28:7 28:8 28:8 28:9 28:9 28:11 28:11 28:11 28:12 28:13 28:13 28:14 28:15 28:18 28:18 28:19 28:21 28:22 28:23 28:23 28:24 28:24 29:1 29:2 29:2 29:2 29:4 29:4 29:5 29:6 29:7 29:7 29:9 29:9 29:9 29:10 29:11 29:12 29:13 29:14 29:15 29:17 29:18 29:18 29:18 29:19 29:20 29:21 29:21 29:22 29:22 29:23 29:24 29:25 30:1 30:2 30:3 30:4 30:5 30:11 30:13 30:16 30:16 30:17 30:1 31:9 31:10 31:13 31:14 31:14 31:14 31:19 32:2 32:3 32:4 32:8 32:9 32:10 32:11 32:12 32:13 32:15 32:19 32:21 32:21 32:22 32:22 32:23 32:24 33:1 33:3 33:7 33:9 33:11 33:11 33:12 33:14 33:15 33:16 33:17 33:18 33:18 33:20 33:24 33:25 33:25 34:1 34:1 34:3 34:4 34:4 34:6 34:9 34:10 34:10 34:10 34:11 34:13 34:14 34:15 34:17 34:19 34:21 34:21 34:24 34:25 34:25 35:2 35:3 35:4 35:5 35:7 35:8 35:9 35:9 35:10 35:15 35:16 35:17 35:18 35:21 35:24 36:1 36:3 36:6 36:6 36:9 36:10 36:11 36:12 36:12 36:14 36:15 36:20 36:21 36:23 36:24 37:1 37:2 37:3 37:4 37:6 37:11 37:12 37:16 37:19 37:20 37:21 37:23 38:3 38:4 38:5 38:6 38:7 38:10 38:12 38:14 38:17 38:21 38:23 38:25 39:2 39:5 39:6 39:7 39:7 39:8 39:11 39:13 39:14 39:15 39:15 39:16 39:16 39:17 39:18 39:18 39:19 39:20 39:20 39:20 39:21 39:23 39:23 40:1 40:4 40:7 40:8 40:12 40:14 40:15 40:16 40:19 40:22 40:25 41:3 41:5 41:12 41:18 41:18 41:19 41:19 42:2 42:4 42:4 42:6 42:7 42:8 42:9 42:12 42:13 42:18 42:18

**the(301)** 42:21 42:23 42:23 42:24 42:25 43:1 43:1 43:2 43:3 43:4 43:7 43:7 43:8 43:12 43:12 43:21 43:21 43:22 43:25 44: 44:6 44:7 44:16 44:16 44:17 44:19 44:19 44:21 44:23 44:25 44:25 45:1 45:2 45:3 45:4 45:6 45:7 45:11 45:12 45:14 45:15 45:16 45:17 45:20 46:1 46:2 46:4 46:5 46:5 46:11 46:11 46:11 46:13 46:14 46:15 46:24 47:5 47:6 47:6 47:7 47:9 47:12 47:13 47:16 47:17 47:19 47:23 47:24 47:25 48:4 48:6 48:6 48:8 48:12 48:13 48:15 48:17 48:17 48:20 48:21 48:23 48:23 48:25 49:1 49:3 49:3 49:6 49:7 49:8 49:8 49:9 49:10 49:10 49:11 49:13 49:14 49:17 49:18 49:20 49:20 49:21 49:22 50:2 50:4 50:5 50:5 50:6 50:7 50:9 50:12 50:12 50:14 50:14 50:15 50:18 50:19 50:22 50:23 50:23 51:2 51:6 51:9 51:10 51:13 51:19 51:21 51:22 51:22 52: 52:4 52:4 52:11 52:12 52:13 52:17 52:19 52:22 52:23 53:2 53:8 53:14 53:15 53:18 53:18 53:19 53:20 54:2 54:3 54:3 54:4 54:5 54:8 54:8 54:9 54:16 54:18 54:19 54:24 54:25 55:2 55:4 55:4 55:5 55:7 55:7 55:9 55:10 55:10 55:12 55:15 55:16 55:20 55:24 55:25 56:1 56:3 56:6 56:12 56:15 56:17 56:19 56:25 57:3 57:4 57:5 57:8 57:10 57:15 57:16 57:17 57:19 57:21 57:24 58:1 58:3 58:6 58:7 58:9 58:15 58:16 58:18 58:19 58:20 58:21 58:22 58:25 59: 59:3 59:4 59:4 59:5 59:7 59:8 59:9 59:10 59:12 59:14 59:14 59:15 59:16 59:20 59:20 59:22 59:22 59:23 59:25 60:1 60:3 60:3 60:10 60:11 60:13 60:14 60:15 60:16 60:17 60:17 60:18 60:19 60:21 60:22 60:25 61:1 61:3 61:5 61:7 61:8 61:9 61:10 61:12 61:15 61:18 61:19 61:22 61:24 62:1 62:4 62:4 62:4 62:5 62:8 62:11 62:13 62:14 62:17 62:24 63:1 63:5 63:6 63:8 63:13 63:19 63:21 63:22 63:23 64:1 64:3 64:4 64:5 64:7 64:11 64:12 64:13 64:14 64:14 64:16 64:17 64:19 64:20 64:23 64:25 65:1 65:1 65:2 65:5 65:6 65:6 65:7 65:10 65:13 65:14 65:16 65:17

| Word | Page:Line |
|---|---|

**the**(301) 65:18 65:19 65:21 65:22 65:23 66:2 66:3 66:3 66:4 66:5 66:6 66:7 66:9 66:10 66:11 66:12 66:13 66:13 66:1 66:17 66:18 66:21 66:24 67:1 67:3 67:5 67:5 67:6 67:9 67:10 67:12 67:13 67:14 67:16 67:17 67:18 67:18 67:18 67:20 67:21 67:22 67:24 68:1 68:5 68:7 68:9 68:10 68:11 68:13 68:15 68:17 68:17 68:21 68:23 68:24 68:24 69:4 69:6 69:7 69:9 69:10 69:11 69:17 69:18 69:21 69:2 69:25 70:2 70:2 70:8 70:10 70:11 70:13 70:15 70:16 70:16 70:17 70:18 70:24 70:25 71:3 71:4 71:4 71:7 71:10 71:12 71:13 71:16 71:18 71:21 71:23 72:2 72:2 72:7 72:8 72:11 72:11 72:12 72:16 72:20 72:23 72:24 72:25 73:6 73:8 73:8 73:10 73:14 73:19 73:21 73:23 74:3 74:5 74:7 74:8 74:10 74:12 74:14 74:15 74:17 74:19 74:19 74:20 74:22 74:23 74:24 74:25 75: 75:1 75:5 75:8 75:10 75:12 75:13 75:21 75:23 75:25 76:1 76:5 76:7 76:11 76:13 76:19 76:20 76:22 76:24 76:25 77:2 77:4 77:5 77:6 77:8 77:11 77:12 77:13 77:14 77:15 77:15 77:16 77:17 77:18 77:22 77:25 78:1 78:2 78:2 78:3 78:4 78:4 78:6 78:7 78:7 78:10 78:10 78:15 78:15 78:16 78:16 78:17 78:18 78:19 78:20 78:20 78:21 78:23 78:25 79:1 79:3 79:4 79:4 79:4 79:5 79:6 79:8 79:9 79:10 79:12 79:13 79:16 79:17 79:19 79:22 79:22 79:23 79:24 80:1 80:4 80:4 80:6 80:8 80:10 80:13 80:15 80:16 80:18 80:20 80:21 80:21 80:23 80:25 81:1 81:2 81:5 81:7 81:11 81:11 81:12 81:12 81:12 81:13 81:17 81:19 81:20 81:21 81:23 82:1 82:3 82:3 82:4 82:7 82:9 82:10 82:11 82:12 82:12 82:14 82:14 82:18 82:18 82:19 82:20 82:20 82:21 82:23 82:24 83:1 83:2 83:2 83:4 83:5 83:6 83:7 83:7 83:9 83:10 83:10 83:11 83:12 83:13 83:14 83:15 83:15 83:15 83:16 83:20 83:22 83:23 83:23 83:24 84:1 84:3 84:3 84:4 84:6 84:7 84:8 84:10 84:10 84:12 84:14 84:16 84:16 84:19 84:21

**the**(301) 84:23 84:25 85:4 85:6 85:9 85:12 85:13 85:16 85:18 85:20 85:22 85:23 85:24 85:24 85:25 85:25 86:2 86:3 86:3 86:11 86:13 86:14 86:16 86:17 86:17 86:18 86:18 86:18 86:19 86:19 86:21 86:24 86:25 86:25 87:3 87:6 87:6 87:9 87:10 87:10 87:11 87:11 87:17 87:19 87:23 88:3 88:4 88:5 88:11 88:14 88:18 88:19 88:20 88:25 88:25 88:25 89:4 89:7 89:10 89:14 89:16 89:18 89:21 89:22 89:24 89:24 89:25 90:8 90:12 90:12 90:1 90:16 90:23 90:25 91:1 91:2 91:3 91:3 91:5 91:5 91:7 91:8 91:18 91:19 91:21 91:25 92:1 92:4 92:5 92:6 92:6 92:7 92:7 92:11 92:13 92:14 92:19 92:21 92:22 92:23 92:24 93:2 93:2 93:5 93:6 93:9 93:9 93:9 93:10 93:11 93:16 94:8 94:14 94:15 94:15 94:17 94:17 94:19 94:20 94:21 94:23 95:1 95:3 95:8 95:8 95:11 95:12 95:15 95:23 96:1 96:3 96:3 96:8 96:9 96:11 96:15 96:16 96:16 96:18 96:20 96:21 96:23 97:1 97:2 97:3 97:4 97:7 97:8 97:9 97:12 97:14 97:15 97:19 97:20 97:23 97:25 98:3 98:4 98:5 98:5 98:8 98:10 98:11 98:19 98:19 98:22 98:24 99:3 99:5 99:5 99:7 99:8 99:9 99:10 99:11 99:12 99:13 99:14 99:16 99:17 99:17 99:19 99:20 99:21 99:22 99:23 99:24 99:24 100:1 100:3 100:5 100:6 100:7 100:8 100:9 100:9 100:10 100:12 100:14 100:14 100:15 100:15 100:19 100:20 100:22 101:1 101:2 101:4 101:8 101:9 101:13 101:14 101:16 101:16 101:1 101:19 101:20 101:20 101:21 101:22 102:1 102:3 102:6 102:7 102:8 102:9 102:10 102:13 102:14 102:16 102:17 102:19 102:20 102:23 102:24 102:24 102:25 103:2 103:2 103:3 103:6 103:11 103:13 103:14 103:15 103:16 103:17 103:17 103:22 103:24 104:2 104:4 104:5 104:5 104:6 104:11 104:13 104:16 104:18 104:20 104:21 104:22 104:23 104:25 105: 105:5 105:6 105:6 105:8 105:11 105:14 105:15 105:16 105:18 105:19 105:20 105:21 105:21 105:25 106:1 106:2 106:2 106:3 106:5 106:8 106:10 106:11 106:13 106:16 106:19 106:21 106:21 106:24 107: 107:5 107:8 107:9 107:11 107:14 107:17

**the**(301) 107:18 107:21 107:22 107:23 107:23 108:1 108:2 108:8 108:11 108:13 108:16 108:17 108:18 108:19 108:20 108:21 108:23 108:25 109:2 109:8 109:9 109:9 109:12 109:15 109:17 109:18 109:1 109:23 110:1 110:3 110:3 110:4 110:5 110:5 110:6 110:8 110:10 110:11 110:12 110:15 110:16 110:18 110:21 110:23 110:24 110:25 111:2 111:3 111:3 111:7 111:8 111:9 111:9 111:10 111:18 111:18 111:20 111:20 111:21 111:22 111:23 111:25 111:25 112:1 112:2 112:4 112:6 112:7 112:7 112:7 112:12 112:12 112:13 112:13 112:14 112:17 112:17 112:18 112:18 112:19 112:21 112:22 112:23 112:24 112:25 113:1 113:5 113:6 113:6 113:7 113:8 113:8 113:10 113:12 113:14 113:16 113:18 113:19 113:20 113:20 113:22 113:23 113:23 113:25 114:1 114:2 114:4 114:4 114:5 114:9 114:11 114:12 114:13 114:13 114:13 114:15 114:17 114:17 114:18 114:19 114:20 114:21 114:23 114:25 115:5 115:5 115:6 115:6 115:8 115:10 115:15 115:15 115:18 115:1 115:19 115:21 115:23 115:25 115:25 116:4 116:5 116:7 116:8 116:9 116:10 116:12 116:13 116:16 116:18 116:19 116:19 116:20 116:21 116:22 116:22 116:23 116:24 116:25 117:1 117:3 117:4 117:4 117:6 117:11 117:12 117:14 117:17 117:17 117:19 117:22 117:22 117:25 118:1 118:2 118:6 118:9 118:10 118:16 118:19 118:19 118:20 118:21 118:23 119:2 119:5 119:7 119:7 119:7 119:8 119:9 119:12 119:13 119:15 119:20 119:20 119:25 120:1 120:1 120:2 120:8 120:9 120:11 120:12 120:16 120:19 120:19 120:21 120:22 120:22 121:1 121:4 121:5 121:6 121:7 121:14 121:14 121:15 121:16 121:17 121:18 121:20 121:22 121:25 121:25 122:4 122:4 122:10 122:13 122:14 122:15 122:16 122:21 122:22 122:23 123:3 123:4 123:5 123:7 123:9 123:12 123:14 123:16 123:18 123:20 123:20 123:21 123:23 124: 124:5 124:5 124:6 124:8 124:9 124:10 124:11 124:12 124:13 124:19 124:20 124:23 125:3 125:9 125:11 125:12 125:16 125:17 125:21 125:23 126:1 126:1 126:3 126:4 126:7 126:7 126:8 126:9 126:10 126:11 126:12 126:13 126:16 126:21 126:22 126:23 127:4 127:5 127:7 127:8 127:11 127:12 127:12 127:14 127:16 127:17 127:18 128:15 128:16

**the**(301) 128:25 129:1 129:4 129:7 129:8 129:8 129:9 129:10 129:10 129:11 129:15 129:15 129:18 129:19 129:23 130:1 130:3 130:11 130:13 130:14 130:19 130:21 130:25 131:1 131:1 131:2 131:7 131:8 131:13 131:14 131:15 131:21 131:21 131:21 131:23 132:1 132:1 132:2 132:2 132:4 132:5 132:7 132:7 132:8 132:9 132:10 132:10 132:16 132:19 132:21 132:25 133:1 133:2 133:4 133:5 133:5 133:9 133:13 133:16 133:17 133:18 133:21 133:22 133:24 134:1 134:5 134:6 134:6 134:8 134:15 134:17 134:17 134:21 135:2 135:6 135:8 135:10 135:11 135:11 135:13 135:13 135:14 135:14 135:15 135:16 135:19 135:19 135:20 135:20 135:23 135:23 135:25 136:1 136:4 136:5 136:6 136:9 136:13 136:15 136:16 136:17 136:2 136:21 136:23 137:1 137:2 137:2 137:2 137:3 137:3 137:4 137:4 137:7 137:8 137:8 137:8 137:9 137:10 137:12 137:14 137:17 137:19 137:23 137:24 138:3 138:4 138:6 138:12 138:13 138:16 138:17 138:17 138:18 138:19 138:19 138:21 138:24 139:1 139:3 139:5 139:7 139:8 139:11 139:15 139:16 139:19 139:19 139:21 139:23 140:3 140:5 140:6 140:7 140:8 140:10 140:10 140:14 140:15 140:16 140:17 140:17 140:18 140:19 140:20 140:21 140:21 140:24 141:2 141:3 141:3 141:5 141:6 141:6 141:9 141:9 141:13 141:13 141:15 141:19 141:20 142:5 142:7 142:9 142:13 142:17 142:19 142:20 142:21 142:23 142:23 142:25 143:2 143:5 143:6 143:13 143:13 143:14 143:17 143:18 143:25 144: 144:1 144:2 144:5 144:8 144:9 144:11 144:11 144:12 144:14 144:15 144:15 144:16 144:22 144:24 144:25 145:2 145:3 145:3 145:5 145:10 145:17 145:19 145:22 146:3 146:4 146:4 146:5 146:6 146:7 146:11 146:19 146:21 146:22 146:22 146:23 147:1 147:2 147:5 147:6 147:7 147:8 147:9 147:10 147:10 147:11 147:12 147:13 147:13 147:14 147:16 147:17 147:17 147:17 147:19 147:21 147:21 147:24 148:6 148:8 148:10 148:14 148:14 148:16 148:17 148:18 148:21 148:22 148:22 149:2 149:2 149:3 149:5 149:6 149:6 149:8 149:13 149:15 149:16 149:18 149:19 149:19 149:20 149:25 150:7 150:7 150:7 150:8 150:9 150:10 150:10 150:12 150:13 150:16 150:22 150:24 150:24 150:25 150:25 151:5

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

the(301) 151:8 151:9 151:14 151:16
151:19 151:20 151:24 152:1 152:5 152:9
152:11 152:13 152:15 152:20 152:22
152:23 152:25 153:2 153:5 153:6 153:8
153:12 153:12 153:15 153:17 153:20
153:22 153:25 154:1 154:2 154:3 154:4
154:7 154:10 154:10 154:11 154:13 154:1
154:22 154:23 154:23 154:25 155:1 155:1
155:2 155:2 155:3 155:4 155:4 155:5
155:6 155:8 155:8 155:13 155:15 155:15
155:17 155:18 155:18 155:19 155:20
155:21 155:24 155:25 156:2 156:3 156:4
156:5 156:5 156:6 156:6 156:7 156:8
156:8 156:9 156:9 156:12 156:12 156:13
156:13 156:14 156:15 156:16 156:17
156:20 156:22 156:23 156:25 156:25 157:
157:3 157:5 157:6 157:6 157:8 157:12
157:12 157:14 157:18 157:21 157:21
157:22 157:23 157:24 157:25 158:1 158:2
158:2 158:3 158:5 158:5 158:6 158:7
158:8 158:11 158:13 158:14 158:14 158:1
158:16 158:17 158:18 158:20 158:20
158:22 158:23 158:24 159:3 159:5 159:8
159:11 159:12 159:12 159:15 159:15
159:22 159:22 159:24 160:1 160:2 160:5
160:6 160:13 160:15 160:16 160:17 160:1
160:18 160:18 160:19 160:23 160:23
161:2 161:3 161:5 161:8 161:10 161:11
161:12 161:12 161:14 161:15 161:16
161:17 161:18 161:23 161:24 162:2 162:3
162:3 162:3 162:4 162:5 162:5 162:6
162:6 162:7 162:7 162:8 162:8 162:8
162:11 162:11 162:16 162:19 162:22
162:24 162:25 162:25 163:1 163:1 163:2
163:4 163:4 163:4 163:5 163:7 163:8
163:9 163:11 163:11 163:12 163:13 163:1
163:16 163:16 163:19 163:20 163:21
163:22 163:23 163:25 164:5 164:8 164:9
164:10 164:11 164:12 164:13 164:15
164:15 164:16 164:17 164:17 164:18
164:18 164:20 164:21 164:23 164:24
164:24 164:25 165:1 165:2 165:3 165:6
165:8 165:10 165:11 165:13 165:13 165:1
165:16 165:17 165:18 165:20 165:21
165:22 166:2 166:4 166:5 166:7 166:7
166:8 166:13 166:15 166:16 166:20 166:2
166:25 167:3 167:5 167:7 167:9 167:10
167:11 167:14 167:16 167:19 167:20
167:21 167:23 168:2 168:4 168:5 168:6
168:8 168:11 168:12 168:16 168:18 168:1
168:22 169:6 169:7 169:10 169:10 169:10
169:11 169:12 169:17 169:18 169:19
169:21 169:21 169:24 169:24 170:2 170:6
170:10 170:14

the(301) 170:15 170:16 170:18 170:21
170:22 170:24 171:1 171:2 171:4 171:5
171:6 171:7 171:11 171:12 171:12 171:14
171:18 171:18 171:19 171:19 171:20
171:21 171:23 171:24 172:1 172:3 172:5
172:12 172:14 172:15 172:16 172:18
172:20 172:21 172:21 172:23 172:25 173:
173:5 173:5 173:10 173:10 173:11 173:13
173:15 173:16 173:16 173:18 173:20
173:21 174:2 174:4 174:10 174:12 174:12
174:15 174:16 174:17 174:18 174:19
174:21 174:21 175:1 175:4 175:7 175:7
175:8 175:9 175:9 175:12 175:13 175:13
175:16 175:17 175:20 175:21 176:1 176:2
176:7 176:8 176:9 176:10 176:11 176:14
176:14 176:16 176:17 176:18 176:18
176:19 176:22 176:24 176:25 177:6 177:6
177:10 177:12 177:12 177:13 177:14
177:17 177:19 177:19 177:20 177:20
177:22 177:25 178:1 178:2 178:5 178:8
178:9 178:9 178:11 178:13 178:15 178:15
178:17 178:18 178:23 178:24 178:24 179:
179:5 179:6 179:6 179:7 179:9 179:10
179:12 179:14 179:16 179:16 179:18
179:18 179:19 179:21 179:22 179:22
179:23 179:25 180:3 180:9 180:12 180:14
180:17 180:18 180:19 180:20 180:21
180:24 180:25 181:3 181:3 181:5 181:9
181:23 181:25 181:25 182:1 182:2 182:3
182:4 182:4 182:6 182:6 182:12 182:13
182:15 182:19 182:20 182:22 183:5 183:5
183:6 183:7 183:8 183:8 183:9 183:12
183:13 183:14 183:14 183:14 183:18
183:21 183:21 183:23 183:23 183:24
183:24 183:25 184:1 184:1 184:3 184:8
184:10 184:14 184:14 184:17 184:19
184:22 184:25 185:2 185:5 185:7 185:10
185:11 185:14 185:14 185:18 185:19
185:22 185:23 186:2 186:3 186:5 186:10
186:11 186:13 186:14 186:16 186:18
186:20 186:21 186:22 187:1 187:9 187:12
187:13 187:13 187:15 187:15 187:17
187:18 187:20 187:22 187:23 188:2 188:6
188:6 188:6 188:10 188:16 188:17 188:19
188:24 189:1 189:3 189:4 189:6 189:10
189:13 189:14 189:15 189:17 189:19
189:19 189:21 189:22 189:22 189:23
189:24 190:4 190:5 190:9 190:11 190:12
190:14 190:16 190:19 190:21 190:24 191:
191:5 191:5 191:8 191:10 191:13 191:21
191:21 191:23 191:24 192:1 192:1 192:2
192:3 192:4 192:5 192:7 192:10 192:13
192:14 192:14 192:16 192:17 192:19
192:22 192:23 192:24 193:1

the(301) 193:2 193:6 193:7 193:18 193:22
193:23 193:24 194:3 194:5 194:10 194:11
194:13 194:22 194:25 195:4 195:6 195:10
195:14 195:15 195:17 195:19 195:21
195:21 195:22 196:1 196:3 196:5 196:7
196:7 196:8 196:8 196:12 196:15 196:16
196:17 196:17 196:19 196:23 196:24
196:25 196:25 197:1 197:3 197:5 197:7
197:9 197:9 197:12 197:14 198:5 198:11
198:13 198:13 198:17 198:20 198:25 199:
199:5 199:5 199:9 199:10 199:11 199:12
199:14 199:16 199:17 199:18 199:18
199:19 199:22 199:22 199:23 199:23
199:23 199:23 200:3 200:4 200:5 200:6
200:7 200:7 200:11 200:15 200:15 200:15
200:18 200:24 201:1 201:3 201:7 201:9
201:11 201:14 201:15 201:16 201:16
201:23 201:24 201:25 201:25 202:1 202:1
202:1 202:2 202:3 202:3 202:8 202:8
202:9 202:10 202:12 202:14 202:16 202:1
202:18 202:22 202:24 202:25 203:2 203:7
203:8 203:9 203:9 203:10 203:10 203:11
203:12 203:13 203:13 203:15 203:16
203:16 203:19 203:20 203:21 203:23
203:24 204:4 204:6 204:7 204:10 204:12
204:13 204:13 204:13 204:16 204:16
204:17 204:18 204:18 204:19 204:21
204:21 204:23 205:3 205:5 205:6 205:6
205:7 205:10 205:11 205:12 205:12 205:1
205:15 205:15 205:16 205:17 205:18
205:21 205:22 205:23 205:25 206:3 206:4
206:7 206:10 206:11 206:11 206:12 206:2
206:14 206:17 206:18 206:21 206:22
206:22 206:23 207:4 207:6 207:12 207:13
207:14 207:15 207:18 207:21 207:22
207:22 207:24 207:25 208:3 208:6 208:6
208:8 208:9 208:10 208:12 208:14 208:15
208:15 208:16 208:18 208:21 208:23 209:
209:3 209:3 209:6 209:7 209:7 209:11
209:12 209:14 209:17 210:2 210:4 210:5
210:10 210:10 210:11 210:14 210:16
210:20 211:2 211:3 211:4 211:7 211:8
211:11 211:12 211:14 211:16 211:18
211:18 211:21 211:25 211:25 212:2 212:4
212:5 212:8 212:9 212:11 212:13 212:14
212:15 212:17 212:17 212:18 212:19
212:22 212:24 213:3 213:4 213:5 213:6
213:7 213:15 213:16 213:17 213:20 213:2
214:1 214:3 214:5 214:6 214:7 214:9
214:10 214:12 214:12 214:14 214:22
214:23 214:25 215:1 215:4 215:5 215:6
215:10 215:17 215:17 215:21 215:22
215:22 215:23

the(204) 215:23 216:1 216:1 216:3 216:3
216:9 216:12 216:17 216:22 216:24 217:3
217:6 217:7 217:8 217:11 217:15 217:16
217:21 217:22 217:22 218:1 218:3 218:5
218:6 218:7 218:8 218:8 218:11 218:12
218:13 218:14 218:14 218:15 218:16
218:19 218:21 218:21 218:23 218:24
218:24 218:25 219:1 219:4 219:5 219:6
219:7 219:7 219:15 219:17 219:19 219:21
219:22 219:23 219:24 219:25 219:25 220:4
220:4 220:7 220:11 220:14 220:18 220:20
220:21 220:24 221:2 221:3 221:3 221:5
221:5 221:7 221:7 221:8 221:9 221:11
221:12 221:13 221:18 221:18 221:19
221:22 221:25 222:3 222:5 222:6 222:7
222:8 222:9 222:10 222:12 222:16 222:19
222:20 223:1 223:3 223:4 223:4 223:6
223:8 223:9 223:13 223:13 223:13 223:14
223:16 223:18 223:20 223:22 223:24
223:25 224:4 224:9 224:11 224:11 224:13
224:16 224:17 224:19 224:21 224:23 225:5
225:8 225:10 225:12 225:14 225:16
225:16 225:19 225:20 225:21 225:22
225:24 226:3 226:4 226:5 226:7 226:9
226:9 226:12 226:15 226:17 226:18 226:22
227:2 227:3 227:5 227:5 227:5 227:7
227:10 227:11 227:12 227:13 227:15
227:17 227:18 227:20 227:20 227:23
227:25 228:1 228:1 228:2 228:5 228:8
228:8 228:9 228:15 228:15 228:17 228:21
228:22 228:24 229:1 229:1 229:3 229:5
229:10 229:11 229:17 229:21 229:23
229:24 230:1 230:3 230:6 230:8 230:9
230:10 230:15 230:16 230:18 230:20
230:24 230:24 230:25 231:2 231:4 231:7
231:9 231:12 231:13 231:13 231:14

their(141) 9:15 9:20 12:9 13:13 13:25
14:6 15:13 16:9 16:13 16:14 17:11 18:1
18:11 26:1 28:6 28:10 28:16 28:21 28:21
30:23 32:16 33:2 33:5 45:22 45:24 47:15
48:22 49:1 49:16 52:10 52:14 53:3 63:17
71:6 72:13 72:16 72:18 73:11 75:3 87:12
87:13 87:13 87:15 88:23 93:14 94:17
109:4 112:19 113:14 117:23 119:10 119:23
120:14 120:18 120:19 121:5 121:11
121:12 121:24 122:22 124:10 124:24
124:25 125:1 127:24 128:13 128:15 129:1
129:7 129:7 129:24 141:23 142:1 142:2
142:2 142:3 142:4 142:4 142:18 143:19
147:15 158:4 158:7 158:24 158:24 160:2
162:17 165:23 166:1 168:7 173:9 173:7
174:6 174:9 174:14 174:15 175:6 178:3
178:17 178:19 181:6 181:9 181:15 182:14
182:14 182:17 182:21 182:22 185:1 185:3
185:25 186:4 189:17 189:18 189:20 190:11
195:17 195:19 197:18 197:18 199:6 199:7
202:10 203:18 204:5 204:25 206:2 210:6
210:24 213:9 213:10 213:12 215:2 215:15
216:4 216:5 216:17 218:6 218:6 218:22
227:19

theirs(1) 105:25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**them**(152) 10:12  11:12  12:10  12:25  13:4  28:17  31:14  32:5  32:6  35:15  37:2  38:2  44:25  45:6  45:11  45:21  47:21  53:5  53:11  53:17  54:7  54:18  55:13  55:22  55:22  58:8  62:5  62:9  62:9  63:14  63:15  67:25  67:25  70:1  70:4  70:9  71:1  71:4  72:3  72:12  72:16  72:19  73:22  73:25  73:25  74:2  75:17  88:7  88:18  88:19  88:19  90:18  90:24  91:3  91:15  93:1  103:10  111:16  115:22  115:22  116:14  117:10  119:8  119:17  119:17  120:4  120:10  121:5  121:6  121:11  121:21  121:23  122:2  122:25  122:25  123:1  124:9  124:22  125:5  125:7  125:9  125:11  125:13  125:14  126:4  126:5  126:14  126:15  126:16  126:17  126:17  128:5  128:20  128:23  129:14  135:4  141:5  141:12  141:17  143:18  147:10  154:1  158:22  159:17  161:17  165:17  165:19  171:12  172:5  174:7  174:8  175:24  177:21  178:16  179:3  180:6  183:11  185:24  185:25  186:6  186:22  187:22  187:24  188:2  190:23  193:16  193:19  195:16  195:25  201:12  202:13  202:14  202:18  202:24  203:3  203:3  203:4  203:9  204:14  204:14  204:23  205:7  205:8  205:18  207:7  209:9  209:20  213:13  218:8  218:8  221:15  223:2

**theme**(6) 90:8  171:24  187:23  199:22  199:22  230:11

**themselves**(11) 12:22  14:14  16:18  48:24  55:2  129:9  147:14  165:9  185:2  197:7  219:2

**then**(110) 8:11  8:20  9:22  15:4  15:23  19:7  20:23  20:24  28:8  33:20  40:10  42:11  46:20  48:20  56:9  62:23  63:21  65:11  65:15  65:18  65:21  65:25  69:25  70:17  71:18  72:19  73:11  81:25  85:14  87:1  90:2  90:20  93:24  94:3  97:23  101:7  107:24  109:8  110:3  111:4  113:15  114:7  114:23  114:24  115:2  115:10  119:3  119:3  119:14  124:12  124:14  125:20  127:11  127:16  127:23  132:24  136:10  144:20  145:2  146:14  148:22  148:22  149:5  149:18  150:9  153:22  153:23  155:22  156:4  157:5  158:15  161:24  163:10  163:12  165:22  166:2  168:7  168:8  170:3  170:7  170:12  171:25  172:1  173:4  175:19  175:21  184:1  186:7  187:23  191:10  193:9  193:10  194:6  197:10  198:5  204:17  204:21  204:23  210:15  215:19  220:16  221:16  224:25  225:20  226:2  227:10  228:3  229:15  230:8  230:14

**theories**(2) 11:24  16:4
**theory**(2) 14:14  14:15

**there**(169) 11:16  11:23  13:5  13:11  13:11  13:12  15:16  16:24  25:11  25:12  27:5  29:3  31:24  32:2  36:14  36:20  36:24  37:11  40:1  40:23  41:1  41:1  41:7  42:21  43:10  44:20  44:20  47:11  47:22  49:17  51:17  52:8  54:1  56:5  56:14  57:2  60:8  63:11  64:24  66:5  67:23  68:17  68:22  70:17  70:22  70:23  77:6  80:4  85:1  87:21  88:13  89:22  90:1  92:12  92:16  92:17  94:7  95:9  95:13  97:11  98:4  100:6  101:17  102:8  102:24  105:4  105:21  107:17  110:13  113:9  113:21  114:24  115:3  117:14  117:15  122:10  125:8  126:2  129:15  131:19  132:12  132:14  132:16  132:19  134:1  137:1  141:2  143:3  147:10  147:11  148:18  148:25  154:15  157:19  158:22  158:23  159:10  161:13  162:18  162:20  163:14  164:1  167:12  167:12  168:12  168:15  169:1  169:7  171:17  171:18  174:2  174:4  178:25  179:8  179:16  179:18  179:20  180:8  181:14  181:1  181:17  183:8  183:12  183:20  184:19  184:20  184:21  184:22  185:4  185:8  185:21  187:13  188:2  188:19  188:19  189:12  189:1  191:23  193:24  194:1  194:16  194:19  195:16  196:22  201:8  201:18  202:6  202:7  202:7  203:11  205:25  207:2  207:3  207:20  208:7  208:8  210:11  211:6  211:17  215:6  216:10  216:11  217:17  218:16  218:17  219:23  225:4  230:13  230:15

**there's**(119) 12:18  18:4  18:7  18:9  26:16  36:11  36:16  39:3  39:4  40:22  41:3  41:10  44:18  46:6  46:9  47:16  47:18  50:7  51:11  51:19  52:10  54:22  60:9  62:7  67:7  72:18  73:3  88:1  89:24  90:2  90:3  90:3  90:4  92:25  93:19  103:18  103:20  104:18  106:22  121:1  122:1  122:14  125:25  128:17  128:22  133:10  136:25  138:20  140:13  140:13  141:25  143:20  146:15  147:1  150:8  155:10  157:7  158:4  159:24  161:1  162:13  164:13  165:4  165:21  166:3  166:4  166:11  166:23  173:6  173:20  173:24  174:17  177:23  178:4  178:16  179:13  181:22  182:12  182:19  184:6  184:24  185:7  185:12  185:17  186:18  186:12  186:13  187:22  187:25  188:3  188:3  188:11  188:18  188:14  188:9  191:20  193:1  196:18  197:13  198:18  201:12  201:24  202:18  203:5  207:16  207:19  214:20  217:9  220:17  222:9  222:17  226:21  226:23

**thereafter**(1) 25:18

**therefore**(12) 27:1  59:10  59:21  75:15  112:21  124:22  161:22  166:14  169:3  169:1  173:22  184:8

**thereof**(2) 150:3  199:23

**these**(108) 10:22  12:1  12:1  12:2  12:7  14:16  16:25  26:23  38:8  41:8  50:4  53:4  55:14  67:13  70:10  70:22  71:1  73:24  75:7  88:13  89:21  90:6  90:9  94:18  95:9  96:13  110:13  113:13  114:7  114:9  116:11  117:15  119:6  120:3  121:4  121:23  122:5  122:7  123:11  123:12  123:17  124:6  124:6  124:7  124:20  125:4  127:19  128:14  129:5  130:3  130:4  130:4  130:7  134:9  134:14  134:17  134:25  137:13  138:15  141:1  141:4  141:11  141:22  143:12  143:17  143:21  145:4  145:8  145:16  150:2  156:21  157:8  159:14  160:4  163:5  167:15  172:4  174:11  179:23  180:5  180:16  183:12  184:5  185:5  193:6  193:17  194:11  196:16  198:19  199:19  199:24  199:25  200:6  200:8  205:22  209:8  209:22  210:17  210:23  218:10  218:2  220:1  221:15  222:18  222:24  222:25

**they**(301) 10:11  15:13  15:14  16:13  16:17  18:11  20:5  22:18  22:19  26:6  28:13  32:7  34:15  34:18  37:25  37:25  38:7  42:6  43:2  47:14  53:20  55:13  60:16  60:17  60:18  60:22  61:25  62:1  62:2  62:10  62:10  63:9  63:10  63:16  63:17  64:3  67:16  68:10  68:17  68:19  69:18  69:18  69:18  69:24  70:6  71:5  71:5  72:18  72:24  73:7  73:12  74:4  75:1  75:3  75:4  75:12  78:25  80:22  81:1  81:6  81:21  87:10  87:15  87:19  87:21  87:22  88:9  88:1  88:23  88:24  89:7  89:8  89:11  89:12  89:13  92:18  92:19  92:24  93:3  93:7  93:20  94:5  94:9  94:12  94:16  94:16  95:2  95:6  95:13  95:16  95:19  95:20  100:16  102:1  102:10  102:23  102:25  105:25  113:15  115:8  117:15  117:23  117:24  118:9  118:24  119:9  119:11  119:14  119:16  119:19  119:20  120:5  120:7  120:12  120:13  120:18  120:18  120:20  120:25  121:9  121:11  121:17  121:20  122:2  123:21  123:22  124:2  124:3  124:4  124:21  125:13  125:14  125:19  125:19  126:8  126:17  126:18  126:19  126:21  126:21  127:11  127:12  127:16  127:18  127:20  127:21  127:21  127:23  127:24  127:24  128:1  128:15  128:16  128:19  129:1  133:9  134:11  135:4  135:5  135:22  140:11  141:24  143:6  143:7  143:7  143:9  143:16  144:17  145:5  145:14  145:16  145:24  145:25  146:6  147:1  150:11  150:20  155:21  155:21  155:25  156:1  156:8  157:14  157:15  158:3  159:17  162:1  165:1  161:7  161:9  161:15  162:2  162:17  163:8  163:9  163:10  163:10  164:15  164:17  164:19  164:24  165:6  165:9  165:21  165:24  166:20  168:8  171:10  172:8  172:11  173:8  173:13  173:18  174:1  174:6  174:7  174:8  174:9  174:24  174:25  175:5  175:1  175:3  175:3  175:14  175:15  176:5  176:12  177:21  178:1  178:2  178:21  180:6  180:6  181:19  182:13  182:16  182:17  182:19  182:20  182:21  182:22  182:23  182:23  183:11  183:20  184:7  185:1  185:19  185:21  186:14  186:14  189:17  189:18  189:19  189:17  190:11  190:21  193:19  193:24  194:5  194:6  198:2  198:13  201:13  202:2  204:7  204:14  205:18  206:6  207:4  207:5  207:7  208:4  208:10  209:6  209:8  209:19  209:19  211:12  211:19  211:20  211:21  213:10  213:11  215:13  215:15  215:25  215:25  216:25  218:1  218:2  218:7  221:16

**they**(4) 221:19  221:19  223:2  229:25
**they'd**(3) 163:17  163:18  165:25
**they'll**(2) 54:6  88:7
**they're**(66) 12:9  16:12  16:13  38:8  38:9  44:21  54:14  60:19  61:17  61:25  63:1  63:16  67:15  72:17  72:19  73:6  85:14  89:5  89:6  89:16  91:14  91:15  94:2  98:5  99:16  103:11  119:6  121:9  121:10  125:6  128:24  129:6  129:21  136:21  136:22  137:14  142:5  142:10  145:25  146:14  153:12  155:24  156:12  172:8  174:2  175:5  178:1  181:11  181:23  185:8  189:7  189:13  190:7  190:21  196:22  205:6  205:23  209:9  211:5  211:5  216:16  216:16  216:19  217:13  217:20  223:14

**they've**(22) 54:9  69:23  70:2  88:9  93:2  93:13  121:10  122:13  123:24  124:1  124:3  128:12  128:13  128:13  164:11  173:12  181:6  181:20  206:5  206:10  216:14  217:1

**thing**(33) 18:4  18:5  20:4  34:25  40:10  54:21  69:17  69:25  86:20  92:3  93:2  96:17  103:13  104:18  126:8  129:20  139:11  139:25  156:22  166:18  173:5  180:2  195:23  195:24  205:9  212:14  215:22  218:9  218:19  222:12  222:19  223:22  223:24

**things**(43) 36:16  47:7  47:12  52:12  54:17  58:1  67:22  69:7  77:19  82:23  84:2  87:7  99:18  103:19  104:22  104:22  106:16  109:9  115:2  115:17  116:16  118:1  126:21  128:23  129:10  130:3  130:7  133:21  139:7  143:4  149:9  162:2  162:24  168:1  180:16  182:20  191:8  192:23  193:6  194:11  198:12  204:23  225:4

**think**(209) 18:4  19:25  20:8  20:11  20:16  22:3  22:14  22:22  25:7  29:25  30:16  31:13  32:3  36:10  36:25  37:10  37:12  37:21  37:24  38:11  40:18  41:7  41:13  41:17  42:3  42:11  44:1  44:12  45:18  46:10  46:16  50:2  50:6  50:10  54:9  54:14  54:18  54:19  55:3  55:5  55:6  55:9  55:10  55:18  57:5  61:7  61:9  62:12  62:18  66:18  66:19  69:10  69:15  69:20  71:8  72:7  73:9  73:21  73:23  75:2  75:13  75:24  76:23  76:25  80:25  82:6  85:20  86:9  86:12  86:20  87:14  89:1  89:10  90:13  90:18  91:15  91:16  92:16  93:6  94:4  96:21  97:7  97:10  97:11  97:23  100:24  100:25  101:4  101:13  102:20  104:10  104:13  105:3  106:6  106:6  106:24  108:21  109:24  117:22  126:6  139:18  143:3  144:4  144:4  146:23  148:1  148:1  150:14  150:17  151:2  151:20  151:21  152:7  154:6  154:7  155:3  156:12  156:13  156:14  156:22  157:12  158:1  158:10  159:6  161:1  163:12  165:19  165:23  166:2  166:10  167:18  169:7  169:11  170:8  171:20  171:23  172:23  173:15  173:25  174:11  175:1  175:7  176:5  177:22  178:11  179:12  181:6  181:7  182:8  183:6  189:21  190:3  191:19  192:12  193:2  193:15  193:25  194:9  195:22  196:2  196:13  196:15  196:18  197:9  197:21  198:1  198:8  198:10  198:24  199:10  199:21  200:11  200:12  201:5  204:2  204:10  206:1  206:6  206:8  206:20  209:11  209:22  211:2  212:6  212:10  213:4  213:6  214:2  215:15  217:7  218:10  219:10  219:14  220:1  220:10  221:22  222:22  223:10  224:11  227:3  227:4  227:8  228:5  228:6  228:12  228:14  230:20

**thinking**(3) 24:3  98:12  99:3
**thinks**(2) 46:22  82:19
**third**(21) 26:8  51:11  51:15  51:19  51:23  80:21  88:15  100:15  100:15  131:4  131:10  136:2  136:5  137:13  138:8  138:23  147:8  188:6  188:6  193:7  210:10

**thirty**(3) 163:13  163:22  164:25
**thirty-six**(1) 162:19

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**this(301)** 9:18 10:5 11:6 12:7 13:17 13:17 14:12 14:15 15:2 15:14 19:17 19:19 19:21 20:1 20:3 20:7 22:5 22:12 23:13 23:17 24:23 25:10 25:16 25:16 25:20 26:10 26:16 26:22 27:16 27:18 27:21 29:8 29:13 29:23 30:1 30:6 32:12 33:2 33:4 38:17 39:3 40:8 40:17 40:25 41:5 41:9 42:5 42:14 42:15 43:4 44:1 45:18 45:20 46:17 46:24 49:2 50:15 54:6 54:13 55:11 55:15 56:11 56:18 56:24 57:5 57:10 59:9 61:6 62:20 63:12 64:18 67:8 69:5 69:6 69:14 69:23 70:10 70:20 72:9 73:1 74:19 75:18 77:7 77:10 77:10 77:19 77:20 81:14 81:18 82:22 83:5 83:19 83:24 84:6 84:9 84:25 85:8 85:20 85:21 87:5 88:1 88:12 88:15 89:18 89:20 90:21 93:1 93:4 93:8 93:22 93:25 94:4 94:6 94:7 95:11 95:12 95:16 98:1 98:1 98:13 99:8 99:10 99:13 100:3 100:5 100:21 100:21 101:5 102:2 102:7 104:15 105:16 107:3 114:1 114:8 115:14 116:2 116:6 116:13 116:15 117:20 117:24 118:5 118:8 118:10 119:12 120:13 120:17 121:21 122:12 122:19 123:2 124:1 124:17 124:21 125:2 125:20 125:21 126:5 127:10 127:22 128:1 128:1 128:3 128:4 128:7 128:17 129:13 129:14 129:17 129:22 129:25 132:7 132:22 132:24 136:13 138:15 138:21 139:1 142:8 142:15 142:17 143:9 143:24 144:13 144:13 144:14 144:14 144:20 144:21 145:18 146:1 146:2 146:8 146:15 146:16 146:18 146:25 147:3 147:4 147:7 147:19 148:24 149:1 150:5 150:6 150:18 150:20 150:25 152:7 152:13 154:2 155:1 155:4 155:5 155:5 155:6 155:12 155:16 157:3 157:4 157:9 157:16 157:17 157:24 158:10 158:21 159:4 159:10 159:1 159:21 159:25 160:5 160:10 160:24 161:21 162:12 162:16 162:17 162:23 163:1 163:11 163:25 164:5 165:3 165:4 165:10 165:13 165:14 165:22 166:2 166:7 166:11 167:18 168:3 168:4 168:19 169:8 169:14 171:4 172:3 172:13 172:17 173:22 173:23 176:8 176:14 177:8 179:21 179:21 180:2 180:24 181:7 182:21 183:2 183:19 185:6 185:12 185:18 185:20 186:11 186:12 186:17 187:25 188:20 189:3 189:21 190:1 191:25 192:3 192:22 193:17 194:5 194:9 194:10 194:15 194:22 194:25 195:8 195:15

**this(65)** 196:6 196:7 196:11 196:13 196:20 196:23 197:11 197:11 197:14 197:14 197:15 197:23 198:1 198:6 199:1 199:4 200:16 201:21 201:21 201:25 202:22 203:1 204:11 204:20 205:10 205:13 205:20 206:6 206:18 207:21 208:13 208:19 210:4 210:20 211:15 212:7 212:18 212:19 213:4 213:9 213:11 213:14 214:1 214:17 215:8 215:12 216:8 218:3 218:5 218:13 218:14 220:5 220:11 220:21 220:24 221:9 221:11 222:21 224:4 225:16 226:23 227:9 228:3 230:5 230:14

**thomas(1)** 4:19
**thorough(1)** 21:7

**those(167)** 12:25 13:4 17:10 17:15 17:17 17:24 22:20 24:16 26:10 26:17 32:10 32:16 35:19 35:21 37:1 37:25 38:14 40:15 41:7 43:6 45:4 45:10 45:17 45:19 46:8 50:19 52:3 52:9 52:12 53:17 53:19 57:2 61:24 62:17 63:7 63:20 64:17 65:6 69:1 69:3 70:7 70:19 70:21 73:5 73:12 73:12 73:21 74:8 75:4 87:18 87:20 89:1 89:2 89:6 89:8 91:1 91:13 91:14 92:8 95:14 96:4 96:6 96:7 96:22 97:18 99:17 99:18 99:21 99:25 101:1 101:21 101:22 101:23 102:10 102:18 106:1 106:5 106:6 108:24 111:12 114:5 115:4 116:7 117:13 118:22 119:4 119:18 119:19 119:21 119:25 122:6 122:24 122:25 125:4 125:4 125:10 125:18 126:11 126:16 129:22 131:4 131:9 131:12 131:24 131:22 132:20 133:20 133:21 136:17 137:11 137:16 137:21 137:22 143:25 150:12 156:1 162:19 163:10 163:15 163:1 164:19 167:11 167:18 171:10 172:10 173:7 178:21 180:9 182:3 182:5 182:8 182:9 182:10 182:11 183:14 183:22 189:3 190:15 190:20 196:11 197:9 197:10 198:2 198:25 201:17 202:5 202:11 202:20 202:2 202:23 203:19 205:17 206:8 207:1 207:1 205:9 209:25 212:6 212:16 212:21 212:24 213:1 217:14 218:22 219:10 222:16 224:6

**though(4)** 37:10 116:6 144:1 186:21 **thought(19)** 44:11 47:25 65:8 65:25 66:23 77:6 96:22 96:24 97:2 107:7 126:18 127:5 127:18 136:19 183:11 183:12 203:1 207:5 214:5

**thoughts(1)** 87:15 **thousands(2)** 116:21 128:5 **three(25)** 67:17 69:20 69:22 69:24 69:24 70:2 70:21 72:20 88:11 89:7 89:20 108:22 146:14 163:9 163:10 163:12 163:15 163:1 163:21 163:23 164:25 176:9 194:12 206:11 228:11

**three-party(1)** 10:15 **three-year(2)** 162:18 162:19 **through(29)** 14:4 14:8 16:6 22:17 49:12 52:11 52:12 60:19 66:4 70:25 87:22 94:11 98:2 114:8 118:17 131:20 134:21 153:20 157:5 176:18 181:9 200:22 212:24 214:5 215:2 218:11 221:7 223:18 229:10

**throughout(3)** 75:5 111:9 136:17 **throw(2)** 187:18 188:18 **thus(1)** 167:12 **tickets(1)** 89:17 **tie(1)** 181:1 **tied(2)** 203:18 203:19 **tiger(1)** 152:12 **time(111)** 8:13 10:9 15:2 20:6 32:1 34:20 36:23 37:1 38:23 39:17 39:21 40:8 41:1 42:24 43:12 45:21 49:23 54:25 56:11 56:24 57:2 58:1 58:8 59:19 64:18 65:9 67:21 69:8 69:14 69:18 70:10 71:9 74:3 75:2 75:2 77:1 77:7 77:7 79:5 79:22 79:24 83:18 83:24 84:10 87:5 87:17 88:14 93:10 93:16 93:25 94:11 97:4 97:2 98:1 98:12 103:3 105:2 109:3 109:6 109:20 111:3 113:2 113:24 119:7 131:19 132:4 142:5 144:6 149:6 150:10 150:13 150:21 151:1 154:3 160:2 162:5 168:14 176:7 176:7 179:10 180:19 183:12 184:23 191:1 191:7 192:9 193:19 194:4 195:1 195:11 195:12 197:10 198:18 198:20 198:22 200:7 200:13 200:16 203:25 212:1 213:15 216:2 220:5 220:7 220:11 220:19 221:18 230:7 230:7

**time/on(1)** 58:8 **timeframe(5)** 10:13 37:15 54:25 126:12 133:18

**timeline(1)** 126:19 **timelines(1)** 32:3 **timely(1)** 160:1 **times(4)** 88:18 103:9 129:11 223:10 **timetable(1)** 212:15 **timing(13)** 33:10 36:25 66:15 69:10 74:18 74:20 81:12 81:13 83:2 86:15 95:19 96:13 96:13

**tinker(1)** 4:26 **title(1)** 156:18 **today(60)** 8:14 9:18 14:22 15:7 16:1 20:8 21:15 27:20 32:18 33:6 33:21 34:5 34:14 36:17 43:21 43:22 46:20 46:23 47:7 50:8 51:5 53:2 61:13 61:19 69:8 75:6 77:14 85:17 90:8 101:5 108:4 130:12 132:6 133:5 133:7 133:19 133:25 134:12 137:25 143:5 159:11 160:18 176:25 180:24 181:1 181:22 182:1 182:13 182:18 183:19 183:2 186:21 187:17 189:9 191:11 199:21 210:4 217:5 225:23 230:9

**together(6)** 20:5 129:10 181:18 203:19 211:15 219:24

**togut(1)** 7:31 **token(1)** 35:24 **told(20)** 45:20 69:3 83:8 88:4 88:5 88:12 103:9 104:8 126:17 127:6 127:21 127:23 141:24 175:15 187:5 206:15 214:8 214:24 225:2 229:6

**toll(1)** 83:13 **tolling(1)** 143:22 **tomorrow(3)** 36:11 59:3 146:8 **tone(1)** 44:25 **too(21)** 31:25 42:4 51:16 75:24 77:14 80:23 97:11 101:16 142:19 143:10 171:25 172:1 173:7 184:1 184:1 184:3 187:17 190:21 191:1 200:24 230:13

**took(12)** 19:22 19:23 20:7 24:10 51:16 112:11 112:17 114:6 126:14 175:14 194:2 195:1

**tool(1)** 136:13 **top(5)** 71:24 106:8 210:17 213:5 215:22 **topic(1)** 171:21 **tops(2)** 96:17 228:13 **total(3)** 18:9 115:21 178:15 **totally(4)** 176:17 190:5 190:7 219:12 **touched(1)** 40:14 **touching(1)** 133:16 **toward(1)** 40:24 **towards(5)** 55:12 16:18 18:22 47:24 55:8 **tpr's(1)** 89:15 **traci(1)** 231:18 **tracing(1)** 181:1 **track(4)** 106:19 121:4 159:10 228:3 **tracking(1)** 58:12 **tracks(1)** 44:12 **traded(1)** 13:8 **trader(1)** 177:7 **traders(2)** 205:24 206:6 **traditional(1)** 54:15 **train(1)** 108:5 **transaction(3)** 26:1 29:21 111:22 **transactions(1)** 112:11 **transcriber(1)** 231:18 **transcript(3)** 1:39 1:52 231:13 **transcription(3)** 1:45 1:52 27:14 **transfer(4)** 111:24 112:8 113:6 113:11 **transfers(1)** 141:7 **transparency(2)** 177:2 177:11 **transparent(1)** 20:10 **traveled(2)** 53:23 57:6

**treasury(38)** 1:24 6:5 110:17 131:1 131:16 132:9 132:15 132:20 133:5 133:8 133:17 133:20 134:1 134:15 134:22 135:2 135:7 135:16 136:2 136:7 136:8 136:16 137:3 137:10 137:20 137:25 138:10 138:13 138:18 138:19 139:2 139:3 148:14 148:22 149:2 149:20 152:10 158:19

**treasury's(2)** 130:20 137:15 **treat(3)** 80:7 93:8 128:1 **treating(1)** 54:10 **treaty(2)** 113:11 123:11 **trees(1)** 178:4 **tremendous(1)** 63:23 **trend(1)** 143:3 **trial(8)** 105:6 212:24 214:25 215:2 227:16 227:25 228:10 229:6

**tribunal(2)** 135:14 135:17 **tried(2)** 52:9 227:14 **trigger(1)** 121:7 **triggers(1)** 78:12 **trip(1)** 231:7 **tripped(2)** 14:6 158:11 **tripping(1)** 177:14 **trouble(1)** 170:11 **true(4)** 51:19 51:23 88:5 136:5 **trust(7)** 4:37 121:21 121:23 179:9 179:22 209:25 210:5

**trustee(8)** 3:4 4:24 4:24 78:7 78:16 79:4 102:17 107:8

**trustee's(1)** 32:21 **trustees(8)** 59:21 66:12 72:8 82:15 92:6 94:16 97:14 97:20

**trusts(2)** 180:20 180:21 **truth(2)** 99:17 99:18 **try(20)** 31:25 43:11 48:15 54:6 54:10 55:7 58:2 61:25 77:9 83:20 106:13 110:5 124:24 128:17 129:17 150:20 207:25 212:19 226:1 227:9

**trying(21)** 54:1 55:21 55:21 60:14 82:2 92:15 101:2 112:9 116:12 126:20 129:12 138:25 142:14 145:25 175:16 183:3 197:21 197:22 197:24 200:15 229:25

**tuesday(1)** 105:25 **tuned(1)** 193:18 **tunes(1)** 138:4 **tunnel(1)** 2:3 **turn(6)** 20:23 41:17 41:21 73:18 73:25 229:18

**turned(1)** 161:16 **turnover(5)** 172:16 175:8 175:10 176:10 210:20

**twice(4)** 21:24 119:4 153:20 157:5 **two(56)** 32:2 32:25 33:23 36:6 68:21 68:24 70:11 71:6 73:21 74:18 80:23 83:3 86:17 87:7 87:8 89:19 89:20 95:20 96:19 96:22 107:1 108:19 110:3 110:6 110:22 111:21 113:13 116:11 118:19 126:1 128:23 132:20 149:9 150:20 159:22 161:10 171:17 171:24 171:25 178:7 183:23 183:25 187:15 188:19 191:20 193:20 193:21 199:1 201:6 202:18 204:4 206:10 211:20 222:24 228:10 228:19

**two-fold(1)** 43:5 **two-second(1)** 21:17 **two-year-old(1)** 164:5 **two-year-olds(1)** 187:9 **twofold(1)** 81:12 **tyler(1)** 4:38

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**type**(7) 34:11  50:3  93:11  95:9  100:23
140:6  155:7

**types**(2) 167:15  182:3

**typical**(1) 215:21

**typically**(2) 69:18  135:17

**typing**(1) 103:23

**typo**(1) 25:13

**u.k**(42) 9:19  32:22  33:1  34:9  36:16  38:5
65:6  66:10  66:12  67:12  67:14  67:15  68:7
73:6  79:3  79:6  79:24  80:8  82:10  82:12
82:18  83:1  83:10  83:12  83:15  84:10  86:1
87:6  87:17  87:20  88:25  88:25  92:11  94:1
96:9  99:11  100:9  100:12  104:25  107:8
107:21  116:8

**u.s.**(58) 7:6  8:6  8:7  9:12  12:8  12:23  13:25
14:2  14:6  14:8  14:23  15:7  16:9  16:12
17:16  17:17  25:3  27:18  28:7  29:2  31:9
32:11  32:16  32:23  33:3  33:25  34:1  34:22
35:17  36:11  36:21  37:20  42:6  43:1  43:2
43:3  43:12  43:21  46:12  67:3  67:16  68:21
77:14  82:3  82:11  87:10  87:19  99:5  99:24
111:10  112:22  113:18  113:23  122:15
123:10  125:3  125:13  175:20

**u.s.'s**(1) 112:3

**ubs**(2) 4:46  4:46

**udiocodes**(1) 1:37

**ultimate**(6) 20:1  29:7  130:20  180:19
181:25  181:25

**ultimately**(6) 38:9  99:4  178:12  180:8
183:17  200:8

**um-hum**(8) 47:3  48:12  50:17  125:16
127:14  170:23  191:4  225:15

**un-redacted**(1) 187:6

**unable**(2) 94:3  140:18

**unavailable**(1) 225:22

**unaware**(2) 134:19  135:1

**unclear**(1) 40:19

**uncommon**(1) 117:9

**uncontroversial**(1) 25:16

**under**(58) 13:15  26:4  27:6  28:5  28:18
28:21  28:22  59:22  59:22  77:8  77:22  79:2
79:6  80:8  82:12  83:24  85:3  85:4  86:14
88:8  88:8  93:16  93:19  93:24  97:2  99:11
102:9  114:20  123:17  123:17  125:24  131:3
132:10  139:3  140:9  145:22  147:3  147:7
147:21  154:13  156:18  156:23  157:12
157:20  159:23  183:7  185:23  195:22  196:1
202:12  202:14  202:15  204:17  205:21
206:25  208:22  208:24  210:21

**underfunded**(1) 78:3

**underfunding**(2) 67:14  67:16

**underlying**(1) 117:12

**underreported**(1) 113:23

**understand**(16) 20:12  33:20  37:6  44:10
50:11  54:2  77:11  89:23  90:23  94:1  100:5
101:5  103:6  168:24  179:25  180:5

**understanding**(8) 46:3  50:18  66:11  87:17
95:4  95:5  95:6  217:25

**understands**(4) 18:21  19:25  144:15  195:9

**understood**(5) 57:13  82:8  101:9  148:21
229:21

**undo**(1) 204:22

**unduly**(2) 229:18  230:1

**unfairness**(1) 220:21

**unfold**(1) 42:15

**unfortunately**(2) 18:11  83:2

**unidentified**(2) 41:25  42:3

**uniform**(2) 122:16  122:17

**unilateral**(5) 214:15  216:15  218:17  218:17
220:18

**unique**(8) 8:17  81:19  83:5  83:10  84:7
94:7  94:12  166:3

**uniqueness**(1) 86:18

**united**(17) 1:1  1:41  20:10  20:12  24:24
30:17  32:24  37:12  111:25  112:17  112:21
114:4  114:17  114:19  114:23  140:8  141:3

**universe**(4) 72:13  97:12  115:19  115:20

**unless**(5) 22:19  25:4  86:22  176:16  213:18

**unlike**(2) 192:1  192:23

**unliquidated**(5) 78:24  79:20  183:10  183:13
183:15

**unlock**(1) 16:25

**unnecessarily**(1) 145:12

**unofficial**(1) 64:2

**unopposed**(1) 29:4

**unreasonable**(1) 86:20

**unreported**(1) 114:24

**unsecure**(1) 179:7

**unsecured**(26) 17:19  19:12  136:9  158:3
158:5  167:9  167:11  167:17  172:22  173:12
174:10  177:8  179:16  179:24  180:1
180:7  181:4  199:16  200:9  209:15  210:15
210:22  215:19  215:20  217:5

**unsolicited**(1) 206:5

**unsophisticated**(1) 208:2

**unsure**(1) 98:16

**until**(20) 41:14  60:4  69:18  71:3  79:14
94:14  94:21  96:20  109:4  134:22  142:5
143:2  143:9  143:16  143:21  188:4  191:10
193:4  211:3  219:20

**unto**(1) 55:2

**update**(6) 25:5  25:6  46:13  47:12  50:5
168:6

**updated**(1) 179:1

**upon**(11) 35:21  48:16  54:18  61:7  77:2
84:25  96:7  96:8  97:14  131:22  208:10

**upside**(1) 217:18

**upstanding**(1) 29:14

**urgency**(6) 40:11  40:11  40:12  41:8  41:20
230:10

**use**(1) 154:14

**use**(13) 13:11  37:16  49:2  103:4  120:24
139:15  155:11  155:11  162:23  166:3  166:6
168:6  181:2

**used**(5) 112:13  136:13  155:6  198:23

**useful**(4) 62:8  62:12  62:19  227:16

**using**(2) 129:22  198:19

**usual**(3) 21:6  60:11  81:23

**usually**(3) 98:19  117:11  135:18

**vacations**(2) 70:25  76:8

**valid**(1) 198:2

**validity**(1) 85:24

**value**(6) 17:12  26:3  60:17  112:10  129:22
173:10

**vanilla**(1) 81:24

**vantresca**(1) 22:2

**variable**(2) 59:2  59:18

**variety**(2) 81:23  180:9

**various**(7) 24:6  29:8  30:13  82:3  111:15
113:17  203:21

**vary**(1) 58:23

**vast**(1) 102:8

**vault**(1) 103:12

**ventresca**(1) 29:10

**venue**(1) 156:20

**verge**(1) 220:11

**vernon**(2) 6:46  6:47

**version**(2) 112:19  189:19

**versus**(2) 60:8  154:15

**vertical**(1) 30:24

**very**(77) 8:15  9:2  9:18  18:5  20:3  20:10
22:22  39:14  40:17  40:21  41:3  41:25  43:2
56:1  57:21  60:24  61:14  62:19  66:24  67:1
70:25  71:13  81:19  90:9  93:22  94:11  96:6
96:9  96:15  96:20  97:25  108:2  108:23
110:21  111:16  111:24  113:2  116:14  116:2
118:11  119:19  120:17  121:21  126:24
135:17  135:18  135:19  138:20  138:23  148:
152:6  152:13  152:15  152:21  152:25
159:11  161:20  162:15  167:2  167:8  170:3
175:12  175:12  176:5  178:5  190:13  200:18
201:5  202:22  210:3  210:23  210:24  213:2
213:2  215:14  224:23  230:22

**viable**(3) 132:15  133:20

**victoria**(1) 5:28

**view**(25) 23:11  23:13  29:13  29:18  33:24
34:9  35:2  35:14  35:20  35:21  35:24  37:7
71:10  88:22  88:24  100:22  101:11  107:25
112:13  145:20  166:23  173:20  181:15
216:21  224:13

**viewed**(1) 219:3

**views**(2) 46:3  46:19

**vigor**(1) 214:13

**vigorously**(1) 15:24

**violating**(1) 55:23

**violation**(3) 100:25  101:8  101:13

**virginia**(33) 1:16  3:10  65:18  65:19  110:24
110:24  111:4  114:10  114:14  153:7  153:19
154:23  155:6  157:6  157:13  158:17  158:25
158:25  159:2  159:25  160:24  162:17  162:2
163:6  163:7  165:3  165:3  165:5  165:11
166:4  166:5  166:18  168:11

**virtually**(1) 208:20

**vitale**(1) 4:19

**voice**(1) 21:13

**void**(2) 69:5  100:22

**volume**(1) 63:12

**voluntarily**(3) 165:10  171:9  202:23

**voluntary**(7) 171:17  174:5  176:17  177:17
190:2  190:3  214:22

**vulnerable**(1) 212:2

**waffling**(1) 201:25

**wait**(14) 20:18  35:23  87:7  87:7  95:17
161:15  176:12  191:10  194:10  195:15
200:19  204:2  211:2  219:20

**waited**(2) 94:14  175:18

**waiting**(5) 34:11  45:19  45:20  81:3  98:1

**waive**(1) 27:6

**waiving**(3) 73:4  137:6  137:7

**walk**(1) 89:8

**walked**(2) 123:24  161:16

**want**(131) 18:3  23:19  35:24  36:19  38:4
38:15  38:19  39:21  39:25  40:10  45:15
45:17  45:19  46:20  46:22  49:2  57:23  61:6
62:10  62:11  63:10  63:16  64:7  69:7  69:18
71:1  72:24  73:22  83:21  84:1  85:12  86:7
86:8  89:7  90:20  91:18  92:18  95:24  96:18
96:25  99:9  100:2  100:4  101:6  104:21
105:5  106:23  107:6  107:16  109:4  122:2
123:21  123:22  124:4  124:16  128:6  130:2
130:25  132:23  143:1  143:7  143:8  143:12
145:9  145:24  146:9  148:20  155:21  164:6
168:18  168:21  172:11  173:17  173:17
173:18  174:6  174:7  174:8  174:9  174:23
174:24  174:25  175:2  175:24  176:11  176:16
177:2  177:5  181:2  182:13  182:17  182:17
182:24  182:25  183:1  183:1  183:2  187:9
187:9  188:21  190:9  190:25  191:8  192:7
194:20  194:20  194:21  194:22  195:20  199:3
199:4  202:2  203:23  205:11  206:9  208:19
211:4  212:3  212:24  212:18  213:1  214:9
214:24  216:4  217:2  218:15  218:20  227:11
229:16  230:1  230:10

**wanted**(23) 18:4  18:6  32:17  42:20  58:18
93:4  107:12  149:13  149:16  168:8  175:14
176:25  186:8  190:24  190:25  195:9  195:16
205:19  207:25  208:4  208:10  215:5  227:11

**wanting**(1) 214:13

**wants**(16) 19:2  46:3  46:17  46:18  54:22
123:20  142:18  145:1  158:20  159:3  165:3
193:10  213:8  214:6  221:10  223:11

**warning**(15) 67:23  79:15  88:1  92:24  93:2
101:17  101:20  102:1  102:6  102:15  102:16
102:17  102:18  102:23  102:24

**warranted**(1) 147:22

**was**(181) 10:5  10:7  11:4  13:11  14:12  15:8
15:9  15:11  15:18  15:23  21:7  22:24  22:12
23:8  23:10  25:12  26:1  27:17  31:10  33:9
33:15  34:9  34:20  37:14  37:21  37:24  39:1
40:2  42:25  43:5  44:2  45:8  47:14  47:22
48:2  48:10  51:16  52:14  52:25  55:10  58:11
59:2  59:24  60:1  60:2  61:8  66:22  68:11
68:17  71:4  76:24  77:1  77:5  77:6  77:7
78:10  79:10  79:18  79:19  79:23  79:23  80:1
80:2  80:4  80:4  80:22  81:3  82:19  84:5
87:12  87:25  89:23  92:17  94:21  95:5  96:2
96:9  96:24  97:1  97:2  100:3  100:6  101:17
103:1  103:13  105:13  107:9  107:17  110:2
112:13  112:15  112:16  112:20  112:24
112:24  112:25  113:2  113:7  113:21  113:21
113:25  114:1  114:15  114:23  114:24  115:5
117:4  118:10  119:2  122:3  123:2  127:5
127:6  127:24  132:4  132:4  132:6  132:12
132:19  132:25  133:2  137:19  139:12  139:15
145:13  148:10  149:11  153:19  153:19
153:22  155:22  155:25  156:14  157:18
160:25  161:11  162:20  165:12  169:1  169:1
171:18  173:21  175:10  175:21  180:4  181:14
181:16  183:8  183:12  184:10  184:11
184:12  185:4  185:21  186:6  186:8  186:18
194:10  197:24  201:21  207:6  207:6  207:7
207:7  207:10  208:1  208:9  208:15  208:22
209:3  210:6  210:15  210:19  210:20  215:17
220:2  224:15  224:24  225:2  231:4  231:9

**wasn't**(8) 79:14  95:8  184:8  184:9  184:19
184:20  184:22  201:4

**way**(51) 8:25  10:7  10:16  24:5  40:2  44:7
50:19  51:22  55:4  55:15  56:15  58:15  82:10
85:7  87:11  87:11  89:18  100:25  107:2
138:20  141:21  146:3  158:7  159:23  160:4
160:23  161:2  162:16  163:7  163:11  171:13
172:15  172:19  173:10  175:10  177:7  177:18
181:5  189:19  193:6  193:15  195:17  199:2
199:5  203:5  212:4  219:3  222:8  223:23
227:21  229:5

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **ways**(4) 93:7 93:12 130:8 143:10 | | **well**(115) 8:15 8:18 9:2 10:21 19:25 21:21 22:3 22:22 22:23 24:22 29:19 30:22 31:11 35:15 38:6 42:11 43:7 44:7 45:5 46:2 46:12 46:21 46:24 47:21 50:13 50:24 52:3 53:15 56:1 56:25 57:21 62:25 66:1 66:24 72:7 77:12 84:3 85:21 87:23 89:22 92:10 92:23 97:25 98:19 106:4 106:5 107:24 108:2 108:23 110:21 115:24 120:21 120:25 121:8 127:24 128:9 128:14 132:7 132:12 138:3 138:5 138:20 138:23 140:4 142:1 142:22 142:24 146:21 148:11 148:16 152:11 152:15 152:25 154:24 155:20 155:24 156:11 157:8 157:16 157:21 158:1 158:21 160:4 163:15 163:20 167:12 167:17 168:18 169:4 170:24 171:2 173:19 180:7 181:14 184:19 186:11 187:18 188:17 190:1 191:7 192:8 198:8 200:18 200:21 202:5 205:3 217:2 219:7 219:20 221:13 224:6 224:23 224:24 229:8 229:20 | **what's**(14) 12:3 35:11 38:20 69:19 108:16 108:16 173:19 181:24 184:16 184:17 201:19 209:24 212:11 221:14 | | **who**(81) 10:23 11:20 14:5 14:5 14:23 19:2 47:11 49:14 53:2 53:23 55:12 57:6 57:8 61:10 62:17 63:20 63:22 64:17 72:20 116:25 118:18 119:5 119:10 120:6 120:7 121:9 123:12 131:10 131:10 135:22 141:4 146:12 161:13 164:5 172:15 172:15 172:16 172:20 172:25 173:4 173:6 174:21 177:12 177:24 178:17 178:20 179:15 179:24 180:9 181:11 181:14 181:16 182:9 184:5 185:16 186:9 189:14 190:10 190:19 192:1 193:15 195:14 197:25 201:12 201:17 201:25 204:25 205:11 206:18 206:19 206:20 206:23 208:5 208:9 211:15 212:22 221:7 222:14 222:15 222:18 223:14 |
| **wayside**(1) 195:14 | | | | **whatever**(15) 48:24 49:17 76:1 82:16 100:24 171:3 172:23 174:18 179:9 183:11 193:23 214:9 214:18 215:21 222:21 | | | |
| **we'd**(12) 37:5 40:1 46:20 68:1 68:2 103:10 152:23 187:12 212:15 212:19 213:12 230:15 | | | | | | | |
| **we'll**(45) 8:25 9:24 20:8 20:16 30:15 30:24 31:25 35:20 36:4 36:18 41:2 49:12 53:11 56:8 56:9 56:9 74:2 88:2 94:3 103:5 107:3 107:3 108:4 109:9 111:1 116:7 121:1 127:17 164:25 166:22 170:7 177:6 178:12 183:23 188:18 188:21 201:2 203:8 203:9 223:11 223:17 224:21 226:22 228:3 230:4 | | | | **whatever's**(1) 198:3 | | **who's**(6) 14:23 46:1 158:22 178:24 178:24 225:21 |
| | | | | **when**(68) 27:7 41:17 42:15 51:3 54:7 54:13 58:25 67:9 71:4 71:11 79:7 83:15 84:25 87:4 91:17 93:25 95:17 96:21 98:1 107:22 107:23 109:24 109:24 115:14 116:21 116:9 117:13 118:5 120:16 122:20 124:19 126:2 127:24 129:12 136:25 140:12 141:15 141:8 142:19 148:15 150:11 155:10 159:1 160:23 164:21 168:7 173:15 173:20 174:18 180:2 180:15 185:25 186:10 198:14 199:2 202:17 203:18 205:4 205:17 209:20 213:1 215:1 215:8 216:4 220:5 226:20 229:18 230:24 | | **whoever**(1) 97:15 |
| **we're**(204) 9:13 9:19 10:11 10:13 10:18 10:20 11:6 11:25 12:1 12:22 12:24 12:25 13:3 14:1 14:7 21:9 21:15 30:9 32:5 36:10 38:12 38:14 39:6 41:1 41:11 45:12 46:7 48:14 49:5 49:6 49:7 51:7 54:1 54:5 54:10 56:12 66:21 67:18 70:25 71:13 71:22 71:24 72:5 72:15 73:2 73:4 73:10 73:17 74:1 76:3 81:15 81:19 84:25 85:3 85:14 85:15 86:6 86:15 87:1 88:12 88:14 88:21 89:1 90:13 90:14 90:25 91:20 93:7 93:15 93:16 94:10 94:11 99:9 99:10 103:9 104:10 105:6 106:1 106:2 107:25 108:21 112:21 112:23 115:14 115:16 116:12 116:20 117:22 120:25 121:3 121:23 121:6 121:19 121:21 122:7 126:20 126:20 128:21 129:2 129:3 129:12 129:20 129:25 130:3 132:6 136:22 137:13 139:13 141:22 141:24 143:5 143:8 144:10 144:20 145:6 145:7 145:20 146:10 149:17 150:21 152:1 153:13 155:11 155:12 158:12 159:6 160:10 161:1 163:8 163:24 165:1 165:22 171:3 171:7 176:7 177:3 177:3 177:14 178:7 178:7 178:13 182:1 183:3 184:5 185:18 186:6 187:2 187:10 188:16 188:20 189:9 190:1 190:9 190:22 192:23 193:16 193:18 193:20 193:22 194:19 195:7 195:8 196:4 197:4 197:5 197:11 197:11 197:11 197:12 197:21 197:22 197:24 198:4 198:8 198:9 198:10 200:9 206:18 206:23 208:13 211:3 213:7 215:7 215:9 216:25 218:12 219:2 219:12 219:13 219:16 220:6 221:15 223:5 223:8 223:23 224:16 227:18 228:4 228:10 229:6 229:9 229:25 230:13 | | **went**(10) 34:20 50:2 59:5 79:24 80:20 90:1 178:19 199:1 210:5 216:2 | | **whenever**(2) 109:20 109:21 | | **whole**(6) 36:7 55:19 71:12 85:21 94:19 180:2 |
| | | **were**(104) 10:20 13:2 16:23 17:2 17:2 19:15 22:18 25:11 26:14 34:11 34:18 40:23 40:24 46:5 46:10 47:11 52:7 53:18 62:19 68:6 68:19 68:24 69:1 70:16 71:5 76:25 77:4 77:9 79:7 79:16 79:25 81:4 82:8 85:9 87:17 87:19 87:21 88:4 88:5 91:19 92:10 94:19 95:4 95:6 95:10 96:8 100:10 100:16 100:18 100:25 111:11 112:1 113:9 115:3 118:5 118:13 118:18 118:24 126:11 126:24 126:25 127:6 127:16 127:2 130:23 138:15 139:25 139:25 155:25 163:23 168:5 172:13 174:12 175:15 175:1 175:20 175:24 181:12 185:4 186:21 186:25 189:13 190:15 192:11 194:12 201:4 202:13 202:23 203:21 203:22 203:24 204:7 205:12 205:13 208:5 208:24 210:8 213:25 215:6 217:14 217:15 218:2 222:8 225:2 | | **where**(68) 12:6 25:12 32:3 40:20 42:5 46:14 49:6 50:5 50:6 50:12 60:15 68:18 69:21 70:22 73:23 74:16 76:15 77:21 77:24 83:19 84:6 84:15 84:17 87:1 90:7 93:14 96:14 107:8 110:24 111:3 112:10 112:20 117:20 122:17 123:2 123:19 125:2 128:21 129:18 144:13 144:14 146:10 160:15 161:3 166:8 171:16 175:20 176:3 176:6 178:10 179:21 184:6 184:16 187:10 188:16 189:4 190:16 192:14 193:5 198:13 199:2 199:2 199:3 200:7 204:22 218:7 224:5 226:7 | | **wholesale**(1) 73:16 |
| | | | | | | **wholly**(3) 28:2 171:17 174:5 |
| | | | | | | **whom**(2) 62:18 219:9 |
| | | | | | | **whose**(1) 88:6 |
| | | | | **whereupon**(1) 231:9 | | **why**(27) 34:14 44:22 46:24 66:3 70:21 74:14 75:1 82:8 91:12 91:14 94:8 95:20 103:3 116:13 128:19 170:6 174:24 174:25 178:1 191:10 198:6 207:8 209:15 211:5 211:5 214:25 227:14 |
| | | **weren't**(6) 181:11 183:13 186:20 203:1 215:4 218:1 | | **wherever**(2) 40:18 177:15 | | | |
| | | | | **whether**(41) 24:22 30:5 40:2 41:5 45:9 49:18 49:18 50:3 55:25 77:5 81:3 86:3 88:7 89:19 97:14 98:17 112:20 122:24 126:18 132:9 134:8 135:7 154:9 154:11 171:10 172:7 172:8 174:1 179:5 182:2 182:17 183:13 183:17 191:5 196:9 196:10 204:13 208:14 208:19 211:7 220:8 | | **wide**(1) 180:9 |
| | | | | | | **wildly**(1) 74:1 |
| **what**(207) 8:10 8:16 9:25 10:2 10:18 10:23 11:13 18:16 19:24 19:24 20:13 21:24:10 24:23 30:9 30:13 30:19 33:25 35:2 37:15 38:18 40:1 41:13 42:25 43:1 43:4 43:18 44:8 44:12 44:15 44:23 45:23 46:5 46:5 46:14 46:19 46:22 49:15 49:16 50:3 53:5 56:21 58:18 61:7 63:19 64:24 67:8 67:9 71:12 71:13 73:5 73:17 73:19 75:10 77:13 77:23 77:22 78:10 79:16 79:17 79:2 80:19 81:11 81:25 82:3 83:21 83:22 83:22 84:3 84:10 85:2 85:5 86:6 86:6 86:12 86:13 86:14 88:24 91:1 91:18 92:18 93:1 94:5 94:16 94:20 95:18 96:9 96:22 97:16 98:13 98:17 98:19 99:3 99:10 99:21 100:1 100:9 100:17 100:18 102:7 103:4 103:4 103:4 104:7 104:9 104:10 106:6 107:2 107:20 113:17 114:15 114:23 116:12 117:15 120:21 120:25 121:2 121:3 122:5 122:6 122:8 122:20 123:8 123:19 124:20 126:25 127:24 128:12 130:20 131:1 134:4 137:24 139:13 139:13 140:18 140:15 141:23 142:23 145:3 145:14 145:15 148:13 149:1 150:11 151:3 152:2 154:3 154:14 154:20 154:21 155:22 161:1 162:18 163:20 165:2 165:24 170:11 170:18 170:24 172:10 173:8 173:10 174:6 176:18 177:6 178:8 180:6 181:22 182:24 183:3 184:8 189:24 191:11 193:23 194:5 199:21 200:9 201:3 201:19 201:24 202:1 204:14 204:24 205:4 206:4 206:14 206:15 207:15 208:17 209:8 209:9 210:3 210:15 211:14 211:23 212:1 214:19 216:18 216:19 218:16 220:2 224:2 227:4 227:16 229:12 229:13 229:14 | | **which**(137) 8:13 9:1 9:25 10:22 13:8 18:5 18:7 18:8 22:2 22:8 23:22 26:7 26:9 27:15 27:22 28:4 28:4 28:12 29:20 32:11 34:5 34:6 36:20 38:12 40:10 43:4 48:16 48:21 51:18 52:14 54:6 54:18 58:23 59:24 59:25 61:9 62:2 62:3 65:5 65:14 65:16 65:18 66:9 69:2 69:4 69:8 69:22 70:11 70:16 71:3 71:19 72:21 75:14 75:17 77:9 78:1 79:3 79:15 79:19 79:21 81:15 82:1 82:6 82:9 84:2 85:7 93:10 95:1 95:1 97:2 97:14 100:12 103:14 103:15 103:16 104:2 110:11 110:11 110:12 114:25 115:24 117:15 120:17 122:15 131:3 131:8 137:18 140:17 141:15 143:9 145:5 145:15 147:5 147:24 149:11 149:12 150:7 153:19 153:22 153:25 154:7 155:7 161:24 162:11 169:2 171:8 173:4 173:5 175:21 176:24 178:13 191:20 195:15 197:17 200:9 203:2 204:5 207:6 208:10 209:6 210:9 210:19 216:21 216:23 220:17 222:7 222:20 222:23 226:5 227:8 229:12 | | |
| | | | | | | **willing**(6) 57:7 69:11 81:15 90:14 137:11 149:3 |
| | | | | | | **willkie**(2) 3:4 33:9 |
| **we've**(73) 9:25 9:25 10:8 10:14 13:3 33:23 37:4 43:11 43:25 44:8 47:10 47:21 49:4 49:6 52:8 52:15 55:6 55:21 56:11 68:10 69:20 71:2 75:5 85:15 88:15 89:23 91:5 102:11 103:18 110:7 111:4 111:15 115:20 116:1 116:6 116:17 116:18 119:4 120:17 122:3 129:14 129:17 130:1 146:17 150:20 175:8 186:23 187:5 187:5 187:16 189:10 190:3 190:12 192:3 192:23 193:20 198:23 198:23 199:11 199:21 199:25 200:1 200:2 201:5 208:12 209:17 210:8 213:3 219:3 223:8 223:10 229:10 | | | | | | **wilmington**(10) 1:10 2:8 2:28 2:46 3:28 3:34 3:41 4:9 4:28 8:1 |
| | | | | | | **wilson**(2) 7:39 7:39 |
| | | | | | | **wimbledon**(1) 89:23 |
| | | | | | | **win**(1) 181:23 |
| | | | | **while**(19) 13:13 20:3 40:17 55:11 56:5 69:10 87:17 96:2 120:1 157:1 178:4 191:24 205:21 214:12 216:6 217:12 220:11 222:6 229:17 | | **wind**(7) 12:9 13:1 16:12 17:2 26:23 70:11 142:14 |
| | | | | | | **winding**(1) 116:18 |
| **webb**(1) 4:38 | | | | | | **winkler**(3) 33:17 77:3 77:3 |
| **website**(3) 188:15 189:16 219:24 | | | | | | **wire**(1) 141:7 |
| **wednesday**(2) 8:1 97:1 | | | | | | **wish**(12) 10:5 22:1 22:11 24:21 25:5 40:8 41:23 141:17 162:14 194:7 212:9 215:17 |
| **wee**(1) 9:5 | | | | | | |
| **week**(16) 32:15 34:13 35:16 38:3 49:21 56:8 118:8 118:13 118:18 121:13 126:11 149:17 191:6 192:3 199:1 226:9 | | | | | | **wishes**(4) 19:5 30:5 45:10 45:10 |
| **weekly**(1) 206:3 | | | | | | |
| **weeks**(9) 32:25 80:23 83:3 89:19 89:20 90:7 96:19 96:23 146:5 | | | | **whittling**(1) 194:2 | | | |
| **weigh**(3) 54:18 182:9 182:10 | | | | | | | |
| **weight**(2) 100:18 100:24 | | | | | | | |
| **weird**(1) 123:11 | | | | | | | |
| **welcome**(8) 63:16 89:5 89:6 103:22 152:21 169:23 174:2 190:21 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**with(301)** 9:14 9:18 9:20 9:25 10:1 10:2 11:25 12:1 12:2 13:14 15:5 15:12 15:15 15:19 17:19 17:22 18:10 19:1 21:9 22:6 25:2 25:17 26:1 27:16 28:1 30:2 30:10 32:7 32:16 32:16 32:20 33:2 33:6 33:8 33:11 33:18 33:22 34:5 34:6 34:9 34:21 34:23 34:24 35:17 35:18 35:19 36:11 37:1 37:8 37:23 38:5 40:21 42:7 42:22 42:23 43:2 43:2 43:4 43:6 44:7 44:8 44:9 45:22 46:22 47:6 47:21 48:4 48:14 48:15 48:25 49:20 53:11 54:3 54:3 54:5 54:8 55:4 55:6 55:22 56:17 56:22 56:23 60:11 62:4 62:18 62:21 63:15 63:21 64:9 65:12 67:1 67:16 68:1 68:2 68:25 69:16 74:3 74:7 74:18 75:10 76:20 77:2 77:4 77:10 77:15 78:22 80:20 81:11 81:12 81:16 82:1 82:1 82:2 82:7 82:11 83:6 83:13 83:20 84:2 84:2 84:18 86:2 86:19 88:16 88:18 89:14 91:5 91:7 91:22 92:6 92:7 92:14 92:22 94:8 94:13 96:25 98:17 99:8 102:5 102:22 103:1 103:3 103:21 104:5 104:25 105:1 107:15 108:21 110:2 110:6 110:8 110:23 111:1 111:5 111:20 111:21 111:24 112:17 112:18 112:18 113:9 115:6 116:4 116:13 116:14 116:23 116:25 117:7 117:22 119:1 120:15 124:5 124:7 124:12 124:22 125:2 126:4 126:6 127:10 127:15 127:17 127:19 128:8 128:18 128:21 129:16 129:18 129:22 130:9 130:16 130:25 131:5 133:2 134:1 134:24 135:10 135:20 135:24 136:7 136:22 138:6 138:9 138:14 138:14 139:8 139:15 141:23 142:14 143:8 143:23 144:7 145:3 145:11 146:9 146:11 146:16 146:18 147:4 149:12 150:9 152:7 153:18 153:20 154:3 154:8 156:12 156:14 156:21 158:13 159:2 159:7 159:17 159:23 162:10 162:18 165:5 165:5 165:12 165:19 165:21 165:25 166:2 166:5 166:6 166:6 166:8 166:16 166:20 166:21 166:22 167:15 167:17 169:9 169:2 169:24 170:7 170:22 171:12 174:6 174:15 175:16 177:3 177:4 177:16 180:3 180:8 180:16 181:7 184:10 184:13 185:17 187:1 188:11 188:12 189:19 190:12 190:23 192:1 192:13 194:25 195:6 195:25 196:8 196:21 198:15 198:24 199:18 199:20 200:11 201:1 201:1 201:6 201:11 201:16 202:3 202:6 202:6 203:4 203:8 203:10 203:12

**with(36)** 203:24 204:3 205:11 205:14 206:4 206:14 206:17 207:24 208:5 208:7 208:12 209:1 209:6 209:16 210:20 211:18 212:2 212:8 212:15 213:6 213:9 213:12 214:2 214:12 218:23 219:9 219:17 219:24 222:16 223:13 224:17 224:21 225:20 226:20 229:13 231:4

**withdrawn(5)** 119:20 120:14 124:1 175:21 200:2

**withdrew(1)** 119:16
**withheld(1)** 210:6
**withholding(1)** 133:1
**within(13)** 27:4 35:16 54:19 71:25 87:12 102:9 113:13 117:10 126:11 126:19 137:4 157:19 185:2

**without(28)** 14:17 22:3 22:13 23:18 28:17 39:25 55:23 57:12 102:15 127:3 137:6 137:7 138:17 149:14 149:22 150:4 150:6 150:25 154:2 175:24 184:12 198:9 198:10 212:9 215:2 215:22 217:25 218:23

**witness(2)** 43:9 215:3
**witnesses(2)** 212:22 212:24
**won't(4)** 66:6 108:3 187:21 221:10
**wood(2)** 118:14 149:24
**word(3)** 52:13 130:23 167:21
**words(3)** 58:2 139:10 181:3

**work(15)** 33:25 38:19 38:19 39:24 43:2 44:8 49:7 53:11 55:21 98:3 107:2 125:19 184:15 218:4 226:1

**worked(6)** 15:24 17:19 58:4 120:7 199:18 203:22

**working(17)** 10:9 20:5 35:15 38:12 40:24 47:21 48:14 49:5 54:3 54:5 56:11 70:25 111:16 112:18 116:17 142:9 192:24

**works(5)** 55:15 118:15 118:15 119:8 218:4
**world(13)** 11:2 12:9 20:15 111:9 111:24 112:7 113:5 123:12 126:1 126:2 126:3 139:8 161:24

**worlds(1)** 126:1
**worried(1)** 76:7
**worry(4)** 92:4 142:13 142:15 146:13
**worse(3)** 153:12 215:14 215:24
**worth(7)** 32:3 33:13 38:1 135:18 154:21 173:11 211:6

**worthwhile(3)** 32:5 112:3 127:6
**would(172)** 8:10 14:24 15:8 15:9 15:17 17:8 17:12 17:18 17:24 18:1 18:12 18:16 18:21 18:22 25:7 26:13 26:18 32:4 34:13 45:23 46:16 46:25 48:5 48:18 48:19 48:20 48:21 53:18 54:24 57:7 59:16 60:3 60:13 60:19 62:19 62:21 63:1 63:4 63:17 65:4 65:11 66:15 66:19 66:19 71:4 71:6 73:9 74:25 77:3 77:20 78:19 79:3 80:2 80:3 80:5 80:6 81:21 83:25 85:10 85:17 91:18 93:22 95:13 97:22 98:18 99:22 99:24 100:7 100:11 100:14 100:17 101:19 102:2 102:19 103:15 104:18 104:23 105:5 106:2 109:4 124:13 131:13 133:11 133:17 133:2 134:13 136:16 143:18 145:10 145:14 145:24 148:18 148:22 149:4 149:20 150:9 151:3 151:6 157:1 157:15 160:4 162:2 162:24 165:5 165:18 166:3 169:8 172:12 177:7 185:16 187:11 188:13 191:14 191:1 192:12 192:24 193:3 193:8 194:9 194:17 199:24 202:24 203:15 203:25 204:5 204:1 204:25 205:4 212:14 212:16 212:24 213:10 213:14 215:13 215:14 216:7 216:1 220:16 221:13 222:22 222:21 224:9 224:1 225:11 226:1 226:19 226:21 227:15 228:1 228:16 229:12

**wouldn't(14)** 13:9 85:10 86:4 96:5 96:18 98:14 98:16 125:19 125:19 143:16 150:19 172:5 202:14 202:15

**wound(1)** 16:13
**wrap(1)** 126:20
**write(5)** 24:22 140:9 192:9 195:12 195:13
**writing(2)** 84:15 85:1
**written(2)** 49:14 61:16
**wrong(9)** 47:6 66:11 126:10 126:16 163:23 186:1 188:11 188:12 216:20

**wrote(4)** 61:10 62:18 63:20 64:17
**www.diazdata.com(1)** 1:49
**yeah(5)** 31:22 84:21 91:8 101:6 155:11
**year(39)** 24:10 32:12 33:14 34:7 34:8 37:22 47:16 58:23 58:24 59:20 59:20 60:2 60:21 69:1 83:6 83:15 114:6 116:22 119:2 121:18 143:15 150:14 172:17 176:2 176:9 179:1 186:7 186:17 215:4 216:12 216:14 217:1 221:4 222:5 227:19 228:21 229:5 229:11 229:24

**years(30)** 52:7 58:4 67:17 69:20 69:22 69:24 69:24 70:2 70:22 72:21 87:8 88:11 88:19 89:7 89:21 95:20 112:6 112:14 113:6 113:8 113:22 114:6 118:19 138:2 150:20 176:9 176:13 176:13 177:24 194:1

**yep(1)** 72:14
**yes(112)** 8:8 9:16 9:23 10:4 11:3 11:22 14:18 15:23 23:24 25:7 25:11 30:7 30:11 31:13 32:19 33:7 35:7 38:17 38:25 41:25 43:22 45:15 47:9 47:9 47:19 48:12 51:9 54:16 57:8 58:3 59:17 61:5 61:21 61:1 63:1 63:15 65:2 65:7 65:13 65:24 67:1 67:2 68:15 71:7 71:16 72:23 72:23 76:11 76:15 76:22 78:6 81:7 86:11 87:1 88:3 88:3 93:5 96:1 101:21 104:4 105:18 106:15 106:18 108:10 108:12 108:18 110: 110:15 110:19 130:15 139:21 142:21 148:6 148:17 148:17 148:17 149:16 149:1 150:16 151:8 151:14 151:21 153:6 153:1 153:17 160:13 165:8 166:13 167:3 167:14 167:22 170:9 170:17 171:1 171:6 171:14 173:2 180:17 189:12 193:8 198:17 199:9 199:14 207:18 213:23 219:21 220:14 222: 223:21 225:19 227:13 228:17

**yesterday(3)** 13:8 105:13 194:13
**yet(10)** 36:13 38:4 40:12 118:2 139:10 144:16 145:6 146:6 205:1 206:22

**york(7)** 2:21 2:38 3:7 3:22 4:21 4:38 158:16

**you(301)** 8:2 8:21 9:8 13:7 14:15 15:4 19:3 19:9 19:10 19:11 19:12 20:17 20:20 20:24 20:25 21:13 21:13 21:22 22:1 22:22 22:25 23:5 24:20 24:21 25:20 27:7 27:11 27:13 29:23 30:6 30:7 30:18 30:25 31:2 31:6 31:7 31:19 35:4 37:15 37:20 37:21 37:21 37:22 38:15 38:16 38:24 39:6 40:1 40:4 40:8 40:9 40:18 41:12 41:13 41:17 41:21 42:15 42:16 43:9 43:15 43:7 43:20 43:24 44:3 44:4 44:6 44:6 44:14 45:18 46:9 46:24 47:23 49:4 49:10 49:15 50:2 50:15 51:3 51:15 51:16 51:17 52:2 52:7 52:17 52:19 54:7 54:13 55:18 55:19 55:20 56:1 56:13 56:22 57:4 57:11 57:22 57:24 57:24 60:12 60:23 60:25 60:25 61:3 61:5 61:14 61:15 62:5 62:11 62:17 62:18 62:19 62:20 62:23 63:21 63:22 63:24 64:4 64:6 64:7 64:17 64:19 64:20 64:21 64:22 66:9 66:16 66:2 66:23 67:21 68:1 68:2 68:3 68:6 68:16 69:2 69:3 69:7 69:10 69:17 70:15 70:16 70:25 71:1 71:17 71:18 71:25 72:18 73:3 73:10 74:14 74:15 75:22 76:5 76:6 76:12 76:14 76:18 76:20 79:7 79:16 80:6 80:11 80:11 80:15 83:21 84:15 84:15 85:6 85:21 86:22 86:24 87:1 87:2 87:9 87:12 88:1 88:9 90:2 90:15 92:2 92:5 93:3 93:6 93:10 93:12 93:13 93:15 93:17 93:21 94:18 94:22 94:23 95:17 96:10 96:11 96:12 96:14 96:16 98:16 98:17 98:20 98:24 98:25 100:21 100:24 101:3 101:10 101:10 101:19 102:6 102:13 103:1 103:8 104:8 104:12 104:14 104:14 105:20 106:1 106:23 106:24 106:25 106:25 107:1 107:7 107:8 107:11 107:18 107:19 108:7 108:10 109:4 109:4 109:5 109:9 109:11 109:12 112:6 114:22 114:23 114:24 115:19 116:3 116:5 116:9 116:9 116:10 119:18 120:16 120:21 120:25 122:5 122:8 123:2 124:19 124:19 126:2 126:2 126:6 126:6 127:1 127:19 127:22 127:23 127:23 127:24 127:25 128:6 128:7 128:8 128:9 128:9 128:10 129:8 129:12 129:25 130:13 130:13 132:23 134:4 135:16 136:22 139:4 139:5 139:7 139:24 139:24 139:25 140:3 140:4 140:13 141:16

**you(251)** 141:21 141:21 142:13 142:22 143:10 143:10 144:3 144:4 146:15 146:20 146:21 146:25 148:3 148:13 148:15 148:21 148:25 150:17 150:19 151:7 151:24 151:25 152:1 152:2 152:4 152:7 152:16 152:21 153:1 153:9 154:3 154:25 155:10 157:6 157:7 157:17 157:19 158:20 158:21 159:10 159:10 159:13 160:1 160:6 160:6 160:23 161:8 161:13 161:13 163:14 163:16 163:20 163:21 163:21 164:20 164:21 165:5 166:10 166:25 167:1 167:3 167:20 167:21 168:17 169:16 169:17 169:22 170:2 170:3 170:5 170:12 170:15 170:22 170:24 170:25 171:25 172:1 172:4 174:18 175:24 176:15 176:16 177:5 177:5 177:6 177:12 177:15 177:16 177:17 178:8 178:9 178:9 179:2 180:7 180:12 181:12 181:17 182:24 183:11 184:9 185:4 185:5 185:14 186:10 186:10 186:16 186:25 187:3 187:8 187:16 187:18 187:22 187:23 188:2 188:3 188:3 188:20 188:21 189:2 189:5 189:5 189:16 191:6 191:20 192:7 192:13 192:14 193:3 193:8 193:17 193:18 193:18 193:21 193:23 193:23 194:10 194:11 194:11 194:12 194:14 194:17 194:20 194:20 194:21 194:22 195:7 195:13 195:16 195:18 195:19 195:20 196:3 196:6 196:10 196:13 196:16 196:18 196:21 196:24 196:25 197:12 197:13 197:14 197:16 197:19 197:22 198:5 198:6 198:8 198:11 198:20 198:21 199:3 199:12 199:13 200:19 200:21 202:19 203:9 203:22 204:9 204:20 204:22 204:22 205:1 205:1 205:3 205:4 205:20 206:1 206:3 209:13 209:16 209:16 209:17 209:20 211:3 211:23 212:1 212:3 212:9 213:20 213:21 213:24 214:16 215:8 215:12 215:13 215:16 216:2 216:6 216:16 216:17 216:21 216:23 217:4 217:4 217:24 218:6 219:1 219:13 219:16 219:24 220:2 220:9 220:19 221:16 221:24 221:25 223:20 223:23 224:3 224:8 224:10 225:18 226:19 226:20 229:5 229:9 230:7 230:9 230:17 230:18 230:19 230:22 230:24 231:2 231:3 231:4 231:6 231:8

**you'd(8)** 25:6 50:13 62:9 103:22 109:10 128:2 196:9 203:6
**you'll(10)** 31:13 67:24 68:10 68:22 77:25 98:25 189:17 192:2 215:6 230:3
**you're(47)** 9:2 17:4 17:4 21:14 24:9 25:17 51:5 57:18 57:19 63:25 70:5 70:5 76:7 84:17 84:17 90:2 91:12 92:9 99:16 101:7 101:23 102:16 103:22 109:20 109:21 117:13 122:20 122:23 122:23 135:17 140:1 140:3 148:13 148:15 152:21 159:12 163:18 164:16 169:23 174:22 181:17 187:3 196:16 209:13 211:8 219:5 219:8
**you've(13)** 8:16 9:1 43:20 65:25 66:2 69:8 103:18 122:24 128:3 128:8 177:14 183:15 211:14
**young(6)** 2:41 3:18 39:12 118:15 118:17 205:13

| Word | Page:Line |
|---|---|

**your**(301) 8:4 8:6 8:10 8:19 8:24 9:9 15:5
19:9 19:11 19:14 19:24 20:11 20:18 20:24
21:1 21:2 21:6 22:17 22:20 22:25 23:3
23:8 23:19 23:25 24:15 25:1 25:11 25:17
27:9 27:10 30:12 30:15 31:8 31:24 32:12
32:23 33:16 34:3 35:4 38:13 38:13 39:1
39:9 39:25 40:9 41:16 42:1 42:17 42:20
42:21 42:21 43:21 44:5 44:14 44:14 44:24
45:4 45:8 45:9 45:14 45:25 46:12 46:17
46:18 46:19 46:25 47:4 47:13 47:17 48:1
50:24 52:21 56:3 57:9 57:13 57:25 60:23
60:25 61:1 61:12 61:22 62:16 62:20 62:20
63:3 63:18 64:1 64:3 64:6 64:9 64:15
64:22 64:24 65:4 65:8 65:11 65:15 65:20
66:1 66:16 66:19 66:25 67:4 67:7 67:11
68:9 69:4 69:15 69:15 70:3 70:4 70:5
71:20 72:21 73:2 73:11 73:20 74:16 74:19
74:25 75:3 75:10 75:22 76:17 77:20 77:25
78:12 79:7 80:5 80:14 80:20 81:9 81:10
81:15 81:20 83:25 84:9 84:12 85:20 86:7
86:23 87:2 87:8 87:9 91:1 91:11 91:11
91:12 91:12 91:24 92:10 94:6 94:7 94:24
95:22 98:9 98:13 99:3 100:3 100:6 100:17
100:22 100:24 101:17 101:23 101:25 102:5
103:5 103:8 103:14 104:6 105:10 105:15
106:20 107:4 107:15 108:7 108:15 109:7
109:9 109:11 109:14 109:20 109:22 110:9
110:22 111:5 111:6 111:8 111:19 112:6
116:2 116:17 118:5 119:18 120:17 123:19
126:23 127:2 130:1 130:9 130:15 133:1
133:24 138:9 139:2 139:4 139:6 141:10
141:16 144:3 145:20 146:20 148:3 148:5
148:7 149:9 149:11 151:3 151:23 152:4
152:9 152:16 152:21 152:22 152:23 153:3
153:15 154:24 155:20 159:24 160:8 161:25
163:21 164:20 166:5 166:10 167:1 167:2
167:4 167:8 167:17 167:22 167:23 167:24
168:24 168:24 169:13 169:16 169:18
169:23 170:1 170:3 170:5 170:9 170:19
171:2 177:8 177:16 180:12 180:15 183:16
184:4 186:17 186:18 187:1 187:19 188:22
189:23 190:1 190:12 190:25 191:11 191:14
191:16 191:19 192:21 193:8 193:9 194:6
194:8 194:11 194:13 194:22 194:24 197:2
198:9 199:14 199:17 199:21 200:3 200:4
200:5 200:9 200:16 200:21 200:22 201:3
202:12 202:12 203:11

**your**(61) 203:12 204:2 204:4 204:8 204:9
204:12 204:16 205:3 205:4 205:24 206:15
206:16 207:13 207:22 208:12 209:2 210:25
211:2 212:6 212:7 212:14 213:15 213:18
213:21 213:22 213:24 215:16 216:21 218:9
218:19 218:20 220:9 220:13 220:16 221:1
221:10 221:21 221:24 222:1 223:4 223:22
224:4 224:13 224:15 225:8 225:18 227:1
228:1 228:12 228:14 229:16 229:17 229:22
230:6 230:12 230:13 230:17 230:19
230:22 230:25 231:3

**yourself**(1) 25:5
**zahralddin**(15) 3:38 46:1 46:4 46:21 50:13
52:20 52:21 52:23 54:17 55:3 55:17 56:4
57:20 61:22 61:23

**zahralddin's**(1) 56:18
**zero**(1) 88:21
**zhralddin**(1) 52:23
**zloto**(1) 5:11
**zone**(1) 214:14