# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re:

NORTEL NETWORKS INC., *et al.*[1]

Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

SNMP RESEARCH INTERNATIONAL INC.

and

SNMP RESEARCH, INC.,

Plaintiffs,

v.

NORTEL NETWORKS INC., et al., NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION, NORTEL NETWORKS TECHNOLOGY CORPORATION, GENBAND US LLC, GENBAND, INC., PERFORMANCE TECHNOLOGIES, INC., PERFTECH (PTI) CANADA, AVAYA INC., RADWARE LTD.,

and

JOHN DOE DEFENDANTS 1–100,

Defendants.

Adv. Proc. No. 11-53454 (KG)

## MOTION AND BRIEF TO FILE UNDER SEAL AVAYA INC.'S ANSWER TO COMPLAINT

[1] The U.S. Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

Docket No. 34
March 2, 2012



ruthwaksman@gmail.com

Avaya Inc. ("Avaya"), by and through its undersigned counsel, files this motion and brief ("Seal Motion") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to file under seal its Answer ("Answer") to the Plaintiffs' Complaint ("Complaint"). In support of this Seal Motion, Avaya respectfully states as follows:

1. On November 2, 2011, the Plaintiffs filed the Complaint [D.I. 1].

2. On November 3, 2011, the Plaintiffs filed the Motion of SNMP Research International, Inc. and SNMP Research, Inc. Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authorization to File Adversary Proceeding Complaint Under Seal ("Plaintiffs' Seal Motion") [D.I. 3]. The Plaintiffs' Seal Motion sought authority to file the Complaint under seal because "the Complaint contains highly confidential information including a detailed and intricate discussion of SNMP's Intellectual Property and allegations about how the Intellectual Property is used by the Debtors and various third parties. Revealing such confidential information in a public filing may materially harm the Debtors and the third parties that purchased the assets from the Debtors, not to mention the damage that might be done to SNMP." Plaintiffs' Seal Motion, at ¶ 12.

3. The Plaintiffs' Seal Motion sought a direction from the Court that the Complaint was to be filed and remain under seal to all persons and entities other than: (i) the Court; (ii) the Debtors and the Committee and their counsel; (iii) any persons or entities upon joint consent of SNMP and the Debtors with written permission; (iv) each third party defendant; and (v) upon further order of the Court. Plaintiffs' Seal Motion, at ¶ 6.

4. On December 28, 2011, the Court entered the Order Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Authorization to File Adversary Proceeding Under Seal (the "Seal Order") [D.I. 20], granting the Plaintiffs' Seal Motion and directing that the Complaint shall be filed and remain under seal to all persons and entities other than (i) the Court; (ii) the Defendants named in the Complaint and their counsel; (iii) Ernst & Young Inc., in its capacity as the monitor of the Canadian Debtors; (iv) any person or entity upon SNMP, the Debtors' and the Canadian Debtors' written permission; and (v) others upon further Court order (collectively, the "Limited Parties").

5. On December 28, 2011, the Complaint was filed under seal. [D.I. 21].

6. Avaya did not object to the Plaintiffs' Seal Motion, and agrees with the Plaintiffs that the Complaint contains highly confidential information that, if publicly available, could materially harm the Debtors and the third parties that purchased the assets from the Debtors, including but not limited to Avaya.

7. Concurrently with this Seal Motion, Avaya is filing its Answer to the Complaint. The nature of the Answer necessarily requires discussion of the confidential information contained in the Complaint. Avaya therefore believes its Answer to the Complaint should likewise be filed and remain under seal other than to the Plaintiffs and the Limited Parties.

8. Because the Court ordered that the Complaint be filed and remain under seal other than to the Limited Parties, Avaya files this motion pursuant to Local Rule 9018-1(b) seeking an order authorizing the Avaya to file the Answer under seal. Unredacted copies of the Answer will be served on Plaintiffs, the U.S. Trustee, and the Limited Parties, to be held in strict

confidence unless and until this Court determines that it is not to be filed or shall no longer remain under seal.

WHEREFORE, Avaya respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing Avaya to file the Answer under seal pursuant to Local Rule 9018-1(b), and granting such other relief as it deems just and proper.

Dated: March 2, 2012

/s/ Michael J. Custer
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
Michael J. Custer (DE No. 4843)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Tel: 302-777-6500
Fax: 302-421-8390

and

Paul R. Gupta (*pro hac vice pending*)
Clifford R. Michel (*pro hac vice pending*)
Toi Frederick (*pro hac vice pending*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
Tel.: 212-506-5000
Fax: 212-506-5151

*Attorneys for Defendant Avaya Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., *et al.*[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |
| SNMP RESEARCH INTERNATIONAL INC.<br><br>and<br><br>SNMP RESEARCH, INC.,<br><br>Plaintiffs,<br>v.<br><br>NORTEL NETWORKS INC., et al., NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION, NORTEL NETWORKS TECHNOLOGY CORPORATION, GENBAND US LLC, GENBAND, INC., PERFORMANCE TECHNOLOGIES, INC., PERFTECH (PTI) CANADA, AVAYA INC., RADWARE LTD.,<br><br>and<br><br>JOHN DOE DEFENDANTS 1–100,<br><br>Defendants. | Adv. Proc. No. 11-53454 (KG)<br><br>RE: D.I. _____ |

**ORDER GRANTING MOTION TO FILE UNDER SEAL AVAYA INC.'S ANSWER TO COMPLAINT**

[2] The U.S. Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

UPON the Motion and Brief to File Under Seal Avaya Inc.'s Answer to Complaint (the "Seal Motion") of Avaya Inc. ("Avaya"); and the Court having determined that granting the relief requested in the Seal Motion is appropriate; and it appearing that due and adequate notice of the Seal Motion having been given, and that no other or further notice need be given, and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The Seal Motion is GRANTED.

2. Avaya's Answer to the Complaint in the above captioned adversary proceeding shall be filed and remain under seal and confidential and shall not be made available to any person or entity other than (i) the Plaintiffs; (ii) the Court; (iii) the U.S. Trustee; (iv) the Defendants named in the Complaint and their counsel; (v) Ernst & Young Inc., in its capacity as the monitor of the Canadian Debtors; (vi) any person or entity upon Avaya's, SNMP's, the Debtors' and the Canadian Debtors' written permission; and (vii) others upon further Court order.

Dated: _______________, 2012
Wilmington, Delaware

_______________________________
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT



#15739093 v1