UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------------x
In re:                                                               :    **Chapter 11 Case No.**
                                                                     :
NORTEL NETWORKS, INC.                                                :    **09-10138 (KG)**
                                                                     :
                                        Debtor.                      :
---------------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **WB Claims Holding – Nortel, LLC** | **AsteelFlash California, Inc.** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

    c/o Whitebox Advisors, LLC
    3033 Excelsior Blvd., Suite 300
    Minneapolis, MN 55416-4675
    Attn: Dale Willenbring
    Tel: (612) 253-6068
    Email: dwillenbring@whiteboxadvisors.com

Name and Address where transferee payments should be sent (if different from above):  N/A

Court Claim # (if known): 5512
Amount of Claim as Filed: $2,631,840.09, consisting of $102,490.00 secured claim and $2,529,350.09 general unsecured claim

Stipulated Claim Amount: $1,215,000.00 general unsecured claim
Amount of Claim to be Transferred: $1,215,000.00, or 100.00% of the Stipulated Claim Amount

Date Claim Filed: September 30, 2009

Name and Address of Transferor:
4211 Starboard Drive
Fremont, CA 94538
Attn: Betty Chow

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____         Date: July 17, 2012
    Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Exhibit A

Evidence of Transfer of Claim

Schedule 2

## FORM OF EVIDENCE OF TRANSFER OF CLAIM

**AsteelFlash California, Inc.**, its successors and assigns (collectively, "Assignor"), pursuant to that certain Transfer of Claim Agreement dated July 17, 2012, has hereby absolutely and unconditionally sold, transferred and assigned to **WB Claims Holding - Nortel, LLC**, its successors and assigns (collectively, "Assignee") 100% of proof of claim number 5512 (the "Claim") attached hereto, in the stipulated general unsecured amount of $1,215,000.00.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing the assignment of this Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Evidence of Transfer of Claim by its duly authorized representative this 17 day of July 2012.

AsteelFlash California, Inc.

By: *(signature)*
Name: Chloe Wan
Title: Controller

WB Claims Holding - Nortel, LLC
By: Whitebox Advisors, LLC

By: *(signature)*
Name: Mark Strefling
Title: CLO

<u>Exhibit B</u>

Proof of Claim

| United States Bankruptcy Court for the District of Delaware<br>Nortel Networks Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station. P.O. Box 5075<br>New York, NY 10150-5075 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Nortel Networks Inc., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 09-10138 (KG)<br>Jointly Administered<br>Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. A separate claim form must be used for claims asserted under 11 U.S.C. § 503(b)(9).

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Asteelflash California, Inc.
4211 Starboard Dr.
Fremont, CA 94538

(510) 440-2840
Telephone number:         Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Attn: Betty Chow

(510) 360-2105       Betty.Chow@us.asteelflash.com
Telephone number:     Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are filing a claim against any of the Canadian Debtors for the same claim herein in their creditor protection proceedings pending in Canada.

1. Amount of Claim as of Date Case Filed: $ 2,631,840.09

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. Basis for Claim: Breach of Contract - see attached addendum
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
   Describe: Accounts payable

   Value of Property: $_____ Annual Interest Rate _____ %

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____ Basis for perfection: _____

   Amount of Secured Claim: $ 102,490.00   Amount Unsecured: $ 2,529,350.09

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:

   $_____

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)        0000005512

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED | RECEIVED**

SEP 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:           Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Sep. 28, 09

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## AsteelFlash California, Inc. Addendum to Proof of Claim
## Against Nortel Networks, Inc.

### Executive Summary

AsteelFlash California, Inc. (AFCA) manufactures finished products for Nortel Networks, Inc. (Nortel). In doing so, AFCA is required to procure and hold inventory on behalf of Nortel while providing a line of credit. Therefore, Nortel has a contractual obligation to pay for all products and services. These obligations are inventory, A/R, inventory sold below Nortel's agreed price, and un-invoiced account maintenance costs which total $2,631,840.09, and which is the amount of AFCA's claim against Nortel.

### (1) Inventory

The total inventory value at AFCA is $1,601,861.15. This is divided between raw materials procured and semi-finished goods assembled based on Nortel's demand. Also included is the value add to materials to transform materials into semi-finished and finished goods.

### Raw Inventory On-Hand: (refer to Exhibit 1A)

Raw materials: $856,072.97
Semi-finished goods: $488,611.23
Semi-finished goods Value Added: $129,949.46

*Raw materials are categorized as materials that have been purchased from vendors or customers and residing in AFCA stockroom.*

*Semi-finished goods are built up from materials pull from the raw material category*

*Semi-finished goods Value Added is the calculated value of overhead that has been put into building the semi-finished goods.*

### WIP ( Work in Progress): (refer to Exhibit 1B)

WIP Materials: $102,631.63
WIP Value Added: $24,595.87

*WIP materials are the value of materials that have been consumed on a production work order.*

*WIP Value Added is the calculated value associated with the production labor, test, and box build effort of building toward a finished product.*

### (2) A/R: (refer to Exhibit 2)

The accounts receivable due to AFCA prior to Nortel's bankruptcy filing is $861,072.77. Accounts receivable are generated when shipments of raw materials or finished products are made. AFCA and Nortel have agreed the amount stated above is the amount due prior to the filing.

### (3) Inventory sold below Nortel agreed price due to bankruptcy: (refer to Exhibit 3)

Following the filing of bankruptcy, from the period of Jan, 16 09 to May, 22 09 there have been assembly and raw material shipments made from Nortel inventory either directly to Nortel, Sanmina, or other parties. In most instances, these sales were conducted at a loss to relieve AFCA of the inventory burden as a result of the bankruptcy filing. The unit loss was calculated based on what the unit would have sold for before bankruptcy versus what the unit actually sold for after. The total loss of these sales is $87,010.72. This loss is broken down into $81,703.49 for assemblies and $5,307.23 for raw materials.

### (4) Un-invoiced account maintenance cost after bankruptcy filing: (refer to Exhibit 4)

AFCA has continued to provide space, utility and resources for the Nortel account during the period from Jan, 16 09 to May, 22 09. The rates used for the space and utility calculation were based on an approved rate of $2.33/sq ft for space and $0.34 for utility. Nortel inventory has been maintained in the production floor and stockroom at 46457 Landing Parkway, Fremont, CA 94538 ($10,081.92) and warehouse space at 47658 Kato Road, Fremont, CA 94538 ($22,855.20). In addition, there have been personnel (Program Manager, Planner, Financial Analysts, and Business Development) that have dedicated a portion of their schedule to the Nortel account ($48,958.33). In all, the overall impact of space, utility and personnel used to maintain the Nortel account during this period is $81,895.45.

Reservation of Rights

AFCA asserts its claim against Nortel Networks, Inc. (the "Claim"). To the extent it is determined that a different Debtor is responsible for the Claim, AFCA reserves the right to assert the claim against the proper Debtor entity. However, AFCA seeks only one satisfaction of its Claim.

In asserting its Claim, AFCA does not waive, but rather expressly reserves all of its rights and remedies, including, without limitation, those he has or may have against

any other entity or person. AFCA does not waive, but rather expressly reserves all of its rights and remedies in connection with the Claim, including, without limitation, the following: (i) to fix, increase, amend and/or supplement the Claim, the addendum thereto, and/or any supporting documentation (ii) to assert that any additional portion of the Claim is secured, including, without limitation, by a right of setoff, recoupment, or otherwise, and (iii) to assert that the Claim, or any portion thereof, is a priority unsecured claim or administrative expense claim.

Nortel Liability Status 5/22/09

|  | Value |
|---|---|
| 1) Raw Inventory *(Exhibit 1A)* | |
|     On Hand | $ 1,344,684.20 |
|         -Raw Material | $ 856,072.97 |
|         -MRB | $ - |
|         -Semi Finished Goods | $ 488,611.23 |
|         *-Semi Finished Goods Value Add* | $ 129,949.46 |
|     On Order | $ |
| 2) WIP-material add *(Exhibit 1B)* | $ 102,631.63 |
|     *-WIP Value Add* | $ 24,595.87 |
| 3) A/R *(Exhibit 2)* | $861,072.77 |
| 4) Inventory Price Delta *(Exhibit 3)* | $87,010.72 |
| 5) Un-invoiced account maintenance costs *(Exhibit 4)* | $81,895.45 |
| **Total Liability** | $ 2,631,840.09 |

**[Note: The remainder of this Proof of Claim was redacted by Transferee due to volume, and is available from Transferee upon request.]**