IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
|  | RE: D.I.'s 24, 195, 371, 686, 1046, 1367, 2191, 2349, 2830, 3744, 4027, 4258, 4388, 4464, 5069, 5666, 5875, 5915, 6951 and 7359 |

------------------------------------------------------------X

## TWENTIETH SUPPLEMENTAL DECLARATION OF JAMES L. BROMLEY IN SUPPORT OF APPLICATION AUTHORIZING EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

I, JAMES L. BROMLEY, do hereby declare as follows:

1.      I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary

Gottlieb" or the "Firm") which maintains an office for the practice of law, among other places, at

One Liberty Plaza, New York, New York 10006. I am an attorney at law admitted to practice

before the courts of the State of New York, the United States Court of Appeals – Second, Third

and Ninth Circuits, and the United States District Courts for the District of New Jersey and the

Eastern and Southern Districts of New York.

2.      I submit this declaration (the "Twentieth Supplemental Declaration") to

supplement the Application For an Order Authorizing Employment and Retention of Cleary

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Gottlieb Steen & Hamilton LLP Nunc Pro Tunc to the Petition Date [D.I. 24] (the

"Application")[2], filed on January 14, 2009 (the "Petition Date"), the declaration of James L.

Bromley in support of and annexed as Exhibit A to the Application (the "Initial Declaration"),

the Supplemental Declaration of James L. Bromley in support of the Application [D.I. 195] (the

"First Supplemental Declaration"), filed on February 2, 2009, the Second Supplemental

Declaration of James L. Bromley in support of the Application [D.I. 371] (the "Second

Supplemental Declaration"), filed on February 25, 2009, the Third Supplemental Declaration of

James L. Bromley in support of the Application [D.I. 686] (the "Third Supplemental

Declaration") filed on May 1, 2009, the Fourth Supplemental Declaration of James L. Bromley

in support of the Application [D.I. 1046] (the "Fourth Supplemental Declaration") filed on July

8, 2009, the Fifth Supplemental Declaration of James L. Bromley in support of the Application

[D.I. 1367] (the "Fifth Supplemental Declaration") filed on August 24, 2009, the Sixth

Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2191] (the

"Sixth Supplemental Declaration") filed on December 22, 2009, the Seventh Supplemental

Declaration of James L. Bromley in support of the Application [D.I. 2349] (the "Seventh

Supplemental Declaration") filed on January 26, 2010, the Eighth Supplemental Declaration of

James L. Bromley in support of the Application [D.I. 2830] (the "Eighth Supplemental

Declaration"), filed on April 2, 2010, the Ninth Supplemental Declaration of James L. Bromley

in support of the Application [D.I. 3744] (the "Ninth Supplemental Declaration"), filed on July

28, 2010, the Tenth Supplemental Declaration of James L. Bromley in support of the Application

[D.I. 4027] (the "Tenth Supplemental Declaration"), filed on September 27, 2010, the Eleventh

Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4258] (the

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

"Eleventh Supplemental Declaration"), filed on November 8, 2010, the Twelfth Supplemental

Declaration of James L. Bromley in support of the Application [D.I. 4388] (the "Twelfth

Supplemental Declaration"), filed on November 22, 2010, the Thirteenth Supplemental

Declaration of James L. Bromley in support of the Application [D.I. 4464] (the "Thirteenth

Supplemental Declaration"), filed on December 2, 2010, the Fourteenth Supplemental

Declaration of James L. Bromley in support of the Application [D.I. 5069] (the "Fourteenth

Supplemental Declaration"), filed on March 4, 2011, the Fifteenth Supplemental Declaration of

James L. Bromley in support of the Application [D.I. 5666] (the "Fifteenth Supplemental

Declaration"), filed on June 13, 2011, the Sixteenth Supplemental Declaration of James L.

Bromley in support of the Application [D.I. 5875] (the "Sixteenth Supplemental Declaration"),

filed on July 5, 2011, the Seventeenth Supplemental Declaration of James L. Bromley in support

of the Application [D.I. 5915] (the "Seventeenth Supplemental Declaration"), filed on July 8,

2011, the Eighteenth Supplemental Declaration of James L. Bromley in support of the

Application [D.I. 6951] (the "Eighteenth Supplemental Declaration"), filed on December 9, 2011

and the Nineteenth Supplemental Declaration of James L. Bromley in support of the Application

[D.I. 7359] (the "Nineteenth Supplemental Declaration"), filed on March 9, 2012.

      3.      As set forth in the Initial Declaration, in order to ensure compliance with the

requirements of chapter 11 of the United States Code (the "Bankruptcy Code") and the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of

professionals by the Debtors, Cleary Gottlieb undertook to determine whether Cleary Gottlieb

had any conflicts or other relationships that might cause it not to be disinterested or to hold or

represent an interest adverse to the Debtors. Specifically, I directed a list (the "Conflicts Check

List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to

the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key

creditors of the Debtors and their respective counsel, and (iv) certain other parties in interest in

these chapter 11 cases and their respective counsel be submitted to the Firm's Records

Department.  Cleary Gottlieb's Records Department ran a computerized check of each of these

persons or entities against the Firm's client database (the "Client Database") to determine which

persons or entities, if any, Cleary Gottlieb currently represents ("Current Clients") or has

represented in three years prior to the Petition Date ("Former Clients").  A list of Current Clients

matching those entities on the Conflicts Check List is attached to the Initial Declaration as

Exhibit II.  A list of Former Clients matching those entities on the Conflicts Check List is

attached to the Initial Declaration as Exhibit III.

4.      As set forth in the Application, Cleary Gottlieb has updated and will continue to

update periodically its conflicts review during the pendency of these chapter 11 cases to ensure

that no conflicts or other disqualifying circumstances exist or arise.

5.      In connection with the twentieth such periodic review, I directed the Firm's

Records Department to run a computerized check of (i) persons or entities that have filed Notices

of Appearance in these chapter 11 cases as of July 17, 2012 but were not included in prior

periodic reviews and (ii) certain other parties in interest against the Firm's Client Database to

determine which person or entities, if any, are Current Clients or Former Clients of Cleary

Gottlieb.

6.      I am submitting this Twentieth Supplemental Declaration to update certain

disclosures previously made regarding the Firm's representation of the Prudential Insurance

Company of America ("Prudential Insurance"), which administers the Long-Term Disability

Plan (the "LTD Plan") of Nortel Networks Inc. ("NNI").  In the First Supplemental Declaration,

I disclosed that the Firm represents Prudential Financial, an affiliate of Prudential Insurance in matters wholly unrelated to these chapter 11 proceedings. At the request of the Principal Officer of the Debtors, the Firm currently also represents Prudential Insurance and/or the Debtors as defendants or interested parties in certain lawsuits (the "Litigation") brought by former employees seeking review of denials of benefit decisions under the Debtors' LTD Plan made by Prudential Insurance as plan administrator.[3] The Debtors have provided certain indemnities to Prudential Insurance in connection with its role as Plan Administrator. The Firm will not represent Prudential in asserting any claim against the Debtors with respect to these matters.

*[Remainder of Page Intentionally Left Blank]*

---

[3]     At this time, the Firm's representation includes the following three matters: Gillen v. The Prudential Life Ins. Co. of America, Case No. 11-CV-05908 (E.D.N.Y.); Reese v. Nortel Networks, Inc. Long-Term Disability Plan et al., Case No. 12-CV-00877 (N.D. Cal.); and Molodetskiy v. Nortel Networks Short-Term and Long-Term Disability Plan, Case No. 07-CV-01046 (M.D. Tenn.). In the future, the Firm may represent Prudential Insurance in other similar matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2012.

JAMES L. BROMLEY