IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Objection Deadline: August 13, 2012 @ 4:00 PM |
| | ) Hearing Date: Only if Objections Filed |

**TENTH MONTHLY APPLICATION OF ELLIOTT GREENLEAF,
COUNSEL TO THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY
PARTICIPANTS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD MAY 1, 2012 THROUGH MAY 31, 2012**

| | |
|---|---|
| Name of Applicant: | Elliott Greenleaf |
| Authorized to Provide Professional Services to: | Official Committee of Long Term Disability Participants |
| Date of Retention: | *Nunc Pro Tunc* to August 2, 2011 |
| Period for which compensation and reimbursement is sought: | May 1, 2012 through May 31, 2012 |
| Amount of Compensation sought as actual, reasonable and necessary: | $56,073.75 (80% - $44,859.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $8,616.28 |

This is a: __x__ monthly: ____ interim ____ final application

The total time expended for fee application preparation is approximately 8.0 hours and the corresponding compensation requested is approximately $1,998.00.

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

If this is not the first application filed, disclose the following for each prior application:

|  | Fee Application Covered Dates, Date Filed, Doc. No. | Total Fee Request | Total Expense Request | Certificate of No Objection/ Certification of Counsel Filing Date, Doc. No. | Total Amount of Fees Approved | Total Amount of Expenses Approved |
|---|---|---|---|---|---|---|
| 1st | 8/2/2011-8/31/2011 11/2/2011 Doc. No. 6708 | $59,704.50 | $457.80 | 11/2/2011 Doc. No. 6872 | $59,704.50 | $457.80 |
| 2nd | 9/1/2011-9/30/2011 11/2/2011 Doc. No. 6709 | $53,242.00 | $4,946.63 | 11/28/2011 Doc. No. 6875 | $53,242.00 | $4,946.63 |
| 3rd | 10/1/2011- 10/31/2011 11/10/2011 Doc. No. 6749 | $48,812.00 | $1,402.14 | 12/2/2011 Doc. No. 6902 | $48,812.00 | $1,402.14 |
| 4th | 11/1/2011- 11/30/2011 12/6/2011 Doc. No. 6926 | $49,172.50 | $3,299.99 | 12/29/2011 Doc. No. 7052 | $49,172.50 | $3,299.99 |
| 5th | 12/1/2011- 12/31/2011 1/19/2012 Doc. No. 7106 | $39,164.50 | $11,092.89 | 2/14/2012 Doc. No. 7212 | $39,164.50 | $11,092.89 |
| 6th | 1/1/2012- 1/31/2012 2/22/2012 Doc. No. 7243 | $62,379.50 | $4,335.50 | 3/15/2012 Doc. No. 7384 | $62,379.50 | $4,335.50 |
| 7th | 2/1/2012 – 2/29/2012 3/22/2012 Doc. No. 7437 | $68,413.25 | $2,909.01 | 4/13/2012 Doc No. 7529 | $68,413.25 | $2,909.01 |
| 8th | 3/1/2012- 3/31/2012 5/29/2012 Doc. No. 7706 | $61,815.50 | $1,866.59 | 6/20/2012 Doc. No. 7878 | $61,815.50 | $1,866.59 |
| 9th | 4/1/2012– 4/30/2012 5/31/12 Doc. No. 7753 | $84,933.00 | $649.71 | 6/22/2012 Doc. No. 7894 | $84,933.00 | $649.71 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) (Jointly Administered) |
|   | ) **Objection Deadline: August 13, 2012 @ 4:00 PM** |
|   | ) **Hearing Date: Only if Objections Filed** |

### TENTH MONTHLY APPLICATION
### OF ELLIOTT GREENLEAF, COUNSEL TO THE OFFICIAL
### COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS,
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
### FOR THE PERIOD MAY 1, 2012 THROUGH MAY 31, 2012

Elliott Greenleaf ("EG"), counsel to the Official Committee of Long Term Disability Participants (the "LTD Committee") of the above-captioned debtors (the "Debtors"), hereby submits this *Tenth Monthly Application of Elliott Greenleaf, Counsel to the Official Committee of Long Term Disability Participants, for Compensation and Reimbursement of Expenses for the period May 1, 2012 through May 31, 2012* (the "Application"). In support thereof, EG respectfully represents as follows:

### BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On June 22, 2011, the Court ordered the appointment of the LTD Committee (Docket No. 5790). The LTD Committee consists of the following members: Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts, and Deborah Jones. *See Amended Notice of Appointment of Unsecured Creditors* (Docket No. 6080).

4. On August 2, 2011, (the "Retention Date") the LTD Committee was formed and selected EG as counsel to the committee.

5. Prior to the Retention Date, EG acted as counsel to Barbara Gallagher and 58 other disabled individuals who are participants in the long term disability plan of the Debtors.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper on this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

7. The statutory bases for relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## TERMS AND CONDITIONS OF COMPENSATION OF EG

8. Subject to Court approval, EG seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by EG for the period commencing May 1, 2012 through and including May 31, 2012 (the "Application Period").

With the exception of copy charges (which are charged at lower rate), the rates charged by EG in this case do not materially differ from the rates charged to EG's non-bankruptcy clients and are lower in many cases.

9. A summary of the hours spent, the names of each professional and paraprofessional rendering services to the LTD Committee during the Application Period, the regular customary billing rates and the total value of time incurred by each of the EG attorneys rendering services to the Committee is attached hereto as Exhibit A. A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "Guidelines"), is attached hereto as Exhibit B. A statement of expenses incurred by EG during the Application Period is also included in Exhibit C. All time entries and requested expenses are in compliance with Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").[2]

10. On February 4, 2009, this Court entered the *Administrative Order Pursuant to U.S.C. §§ 105(A) and 331 Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (the "Interim Compensation Order") (Docket No. 222). Pursuant to the Interim Compensation Order, EG and other professionals retained in this case are authorized to file and to serve upon the Debtors and the parties identified in the Interim Compensation Order monthly fee applications (the "Monthly Fee Applications") of their fees and expenses. After the expiration of a twenty (20) day objection period, the Debtors are

---

[2] EG has also attempted to ensure that this Application complies with the Guidelines. To the extent that the Guidelines conflict with the Local Rules, in particular, Local Rule 2016-2, EG has chosen to comply with such Local Rule. EG will supplement this Application with additional detail or information upon request.

3

authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection specifically objects to fees and/or expenses of a professional, or the Court orders otherwise.

11. In accordance with the Interim Compensation Order, EG has filed and served upon the Notice Parties identified in the Interim Compensation Order this Application with respect to fees and expenses incurred during the Application Period; in the amount of $56,073.75 (80% - $44,859.00) in fees and in the amount of $8,616.28 in expenses.

12. All services and costs for which compensation is requested by EG in this Application were reasonable and necessary and were performed for and on behalf of the LTD Committee during the Application Period.

## NARRATIVE SUMMARY OF SERVICES

13. EG has rendered actual and necessary services on behalf of the LTD Committee and is requesting reasonable compensation for their services for the Application Period. As noted above, a summary by project category is attached as <u>Exhibit B</u>,[3] as are detailed time entries organized by category and chronology within the categories. EG has acted as the primary source for information and communication to and from the LTD Committee and Court, including collecting and preserving, in an electronic database, all relevant pleadings for the LTD Committee and the LTD Committee professionals. In addition, EG has provided summaries, calendaring, and periodically distributed a memorandum of all statutory and procedural deadlines to the LTD Committee professionals and Chair of the Committee.

14. EG has filed with the Court and assisted in preparation of all documents filed on behalf of the LTD Committee. In its capacity as Counsel, EG has reviewed all relevant

---

[3] The time records have been redacted where necessary to preserve the attorney-client privilege and the LTD Committee's confidential litigation strategy.

4

pleadings in the Debtors' Bankruptcy Cases for deadlines. EG has reviewed all filings in the case to conform LTD Committee filings to the requirements of local practice and the applicable local rules and chambers procedures. EG has also provided substantive review of all Delaware case law in LTD Committee filings. EG has assisted the LTD Committee professionals in other substantive areas in which it has specific expertise beyond Delaware law, such as in the area of labor and employment law.

15. EG has expertise in employment and labor law, with a specialty in healthcare and bankruptcy. As such, the LTD Committee has asked EG to review several employment and related compensation agreements for the purposes of identifying both possible causes of action and other non-litigation recoveries.

## COMPENSATION REQUESTED

16. EG expended 166.40 hours during the Application Period in furtherance of its efforts on behalf of the LTD Committee. EG requests allowance of compensation in the amount of $56,073.75 for legal services rendered during the Application Period at a blended hourly rate of $336.98. Pursuant to the Interim Compensation Order, EG requests payment of 80% of the total fees requested in the amount of $44,859.00. None of the requested fees detailed herein have been paid.

## REIMBURSEMENT OF EXPENSES

17. During the Application Period, EG incurred certain necessary expenses in rendering legal services to the LTD Committee as set forth in Exhibit C. Exhibit C sets forth in summary detail the expenses incurred during the Application Period (copies of invoices from EG's vendors are available for inspection upon request). Telecopying services completed in-house by EG were charged at $1.00 per page for outgoing facsimiles only. EG represents that its

5

rate for duplication is $0.10 per page, consistent with the Local Rules and Guidelines. Finally, EG seeks reimbursement for computer assisted research, which is the actual cost of such charges, if any.

18. EG seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period for the total amount of $8,616.28.

## LEGAL STANDARD

19. Section 330(a)(1) of the Bankruptcy Code allows the payment of:

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and cost of comparable services in the non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.*, 19 F.3d 833, 849 (3d Cir, 1994). Thus, the "baseline rule is for films to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

20. In accordance with its practices in non-bankruptcy matters, EG has calculated its compensation requested in their Application by applying the standard hourly rates. EG's calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in similar bankruptcy cases. Accordingly, EG's rates should be determined to be reasonable under Section 330 of the Bankruptcy Code.

21. EG's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the

6

complexity, accelerated deadlines, aggressive sale schedule, and size of the Debtors' Chapter 11 Bankruptcy cases. EG's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar Chapter 11 cases. Accordingly, EG's fees are reasonable pursuant to Section 330 of the Bankruptcy Code.

22. Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses. EG's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the LTD Committee. EG has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

23. Except as permitted by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), no agreement or understanding exists between EG and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the LTD Committee.

24. Pursuant to the standards set forth in Sections 330 and 331 of the Bankruptcy Code, EG submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

25. The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints under which EG actually rendered these services. The considerable challenges of these Bankruptcy Cases have been attended to and managed by EG at all levels, promptly, expertly, and often to the exclusion of the other matters in EG's office. EG submits, therefore, that its fees

and expenses were actually, necessary, reasonable and justified, and should be allowed in full.

## NOTICE AND NO PRIOR APPLICATION

26.     No trustee or examiner has been appointed in this Chapter 11 case. Notice and service of this Application has been given to the Debtors; counsel to the Debtors; the UST; and counsel to the Official Committee of Unsecured Creditors pursuant to the Interim Compensation Order. Pursuant to the Bankruptcy Rule 2002(a)(6), Notice of this Application has also been given to all parties requesting notices. In light of the nature of the relief requested herein, EG submits that no further or other notice is required.

27.     No previous application for the relief sought herein has made to this or any other Court.

## VERIFICATION

28.     I am familiar with the work performed on behalf of the LTD Committee by the lawyers and paraprofessionals in the firm.

29.     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Local Rule.

*[Remainder of page intentionally left blank]*

WHEREFORE, EG requests that its Application for fees in the amount of $56,073.75 and expenses in the amount of $8,616.28 be allowed and that if no objections are filed, 80% of the requested fees in the amount of $44,859.00 and 100% of the amount of $8,616.28 be paid for reimbursement of actual and necessary costs and expenses incurred during the Application Period, and further requests such other and further relief as the Court may deem just and proper.

Dated: July 24, 2012  
       Wilmington, Delaware

**ELLIOTT GREENLEAF**

/s/Shelley A. Kinsella  
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)  
Shelley A. Kinsella (DE Bar No. 4023)  
1105 North Market Street, Suite 1700  
Wilmington, Delaware 19801  
Telephone: (302) 384-9400  
Facsimile: (302) 384-9399  
Email: rxza@elliottgreenleaf.com  
Email: sak@elliottgreenleaf.com

*Counsel to the Official Committee of  
Long Term Disability Participants*