# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Bankr. Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: (Jointly Administered)
              Debtors. :
:
-------------------------------------------------- X
:
Nortel Networks Inc. :
:
              Plaintiff, :
:
v. :
: Adv. Proc. No. 10-53187 (KG)
Maritz Canada Inc., :
: **Hearing date: August 22, 2012 at 10:00 am (ET)**
L.S.O. International, : **Objections due: August 8, 2012 at 4:00 pm (ET)**
:
MGM Resorts International, :
:
and :
:
Lampsa Hellenic S.A. Hotels, :
:
              Defendants. :
:
----------------------------------------------------------X

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF
AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE
CLAIMS BY AND BETWEEN NORTEL NETWORKS INC.
AND MARITZ CANADA INC.**

---

[1] In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc. ("NN CALA"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to enter into and approving a stipulation (the "Stipulation") with Maritz Canada Inc. ("Maritz", and together with NNI, the "Parties"), in the form attached hereto as **Exhibit B**. If approved, the Stipulation will resolve the claims asserted against Maritz in the above-captioned adversary proceeding. In addition to authorizing the Debtors to enter into and approving the Stipulation, on this Motion the Debtors request that the Court (the "Court" or the "Bankruptcy Court") disallow Maritz's proof of claim against NNI and grant them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Main D.I. 1098].

consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142][3], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.     On the NNI Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors and a Monitor, Ernst & Young Inc., was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration under the control of individuals from Ernst & Young LLP. Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53187) are in the form "Adv. D.I. __."

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### Relief Requested

7. By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation; (ii) authorizing but not directing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation; (iii) disallowing Maritz's proof of claim against NNI (proof of claim number 268); (iv) dismissing the Additional Defendants (as defined below) from the Adversary Proceeding; and (v) granting them such other and further relief as the Bankruptcy Court deems just and proper.

### Facts Relevant to this Motion

8. Prior to the Petition Date, NNI retained Maritz to provide it with conference planning services.

9. On or about February 13, 2009, Maritz filed proof of claim number 268 against NNI in the amount of $133,500.00 ("Claim #268").

10. On or about February 23, 2009, Maritz filed a claim duplicative of Claim #268, which was subsequently assigned proof of claim number 379 ("Claim #379").

11. On January 21, 2010, the Court entered an order disallowing Claim #379 [Main D.I. 2320].

12. NNI's books and records indicate that within ninety (90) days prior to the Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit of Maritz in the aggregate amount of $3,015,661.49 (the "Subject Transfers").

13. On October 4, 2010, NNI commenced this adversary proceeding, Adv. Proc. No. 10-53187 (the "Adversary Proceeding"), by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims [Adv. D.I. 1] (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Maritz, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1].

14. On November 2, 2010, Maritz filed an answer to the Complaint (the "Answer"), denying certain allegations and asserting various defenses [Adv. D.I. 5].

15. On June 3, 2011, NNI filed an amended complaint (the "Amended Complaint") in this Adversary Proceeding against Maritz and three additional defendants (the "Additional Defendants")[6] seeking to avoid and recover the Subject Transfers from Maritz or, in the alternative, from the Additional Defendants [Adv. D.I. 43].

16. On June 17, 2011, Maritz filed an amended answer (the "Amended Answer") denying certain allegations and asserting various defenses [Adv. D.I. 46].

17. On September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") authorizing the Debtors, inter alia, to settle Proofs of Claim where the Proof of Claim was originally filed in an amount less than $250,000 without filing or serving any advance notice of such settlement and without further notice or order of the Bankruptcy Court [Main D.I. 3953].

18. On October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims [Main D.I. 4211] (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain

---

[6] The Additional Defendants are L.S.O. International, MGM Resorts International and Lampsa Hellenic S.A. Hotels.

5

Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000.

19. Since the Complaint, Amended Complaint, Answer and Amended Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Avoidance Claim, Claim #268 and Claim #379 on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

20. Pursuant to the Stipulation[7] and subject to the Bankruptcy Court's approval, NNI has agreed to settle the Avoidance Claim in exchange for (i) a payment from Maritz to NNI in the amount of $90,000.00; (ii) the disallowance and release by Maritz of Claim #268 and release by Maritz of Claim #379; (iii) Maritz's waiver of any and all claims arising under section 502(h) of the Bankruptcy Code; and (iv) the dismissal of the Additional Defendants from the Adversary Proceeding (the "Settlement Consideration").

21. In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Maritz has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release NNI, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Maritz now has, had, may have had, or hereafter may have against any of the

---

[7] In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

6

Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, any transaction described or referred to in the Amended Complaint in the Adversary Proceeding, Claim #268 and Claim #379, and any claim that could have been asserted in Claim #268 or Claim #379. For the avoidance of doubt, Maritz has agreed to release any and all claims arising under section 502(h) of the Bankruptcy Code.

22.     In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, NNI has agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release Maritz, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Maritz Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that NNI now has, had, may have had, or hereafter may have against any of the Maritz Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Amended Complaint in the Adversary Proceeding. In addition, NNI has agreed to dismiss the claims asserted against the Additional Defendants.

**Basis for Relief**

23.     The Debtors seek authorization for NNI to enter into the Stipulation under sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

24.     Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

25.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25. The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants

Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing <u>Matter of Jasmine, Ltd.</u>, 258 B.R. 119 (D.N.J. 2000)); <u>see also</u> <u>In re Coram Healthcare Corp.</u>, 315 B.R. at 330.

26.  The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "<u>Martin Factors</u>"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  <u>In re Martin</u>, 91 F.3d at 393 (citing <u>In re Neshaminy Office Bldg. Assocs.</u>, 62 B.R. 798, 803 (E.D. Pa. 1986)); <u>see also</u> <u>Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)</u>, 283 F.3d 159, 165 (3d Cir. 2002); <u>In re eToys, Inc.</u>, 331 B.R. 176, 198 (Bankr. D. Del. 2005).

27.  The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation. While NNI is prepared to litigate the Avoidance Claim and believes that there is a possibility it would prevail in such litigation, NNI recognizes that litigation of the Avoidance Claim carries with it inherent uncertainties and risks.  There can be no assurance that such litigation would achieve a better result than the one set forth in the Stipulation and, potentially, the result could be worse.  Maritz has asserted a "mere conduit" defense pursuant to section 550 of the Bankruptcy Code, as well as an ordinary course defense, pursuant to section 547 of the Bankruptcy Code, that would require extensive litigation to address, with no guarantee of success.  In particular, Maritz has asserted that it acted as a "mere conduit" for the vast majority of the Subject Transfers and, in addition, that all of the Subject Transfers were paid within the historical averages of dates payable outstanding for invoices from Maritz to NNI.  The Debtors believe that these defenses are potentially strong and, in light of those defenses, the Settlement Consideration represents a significant return for the Debtors' estates.

9

28. Pursuant to the settlement reflected in the Stipulation, Maritz has agreed to (i) pay to NNI the amount of $90,000.00; (ii) waive and release Claim #268, with prejudice, and release Claim #379, with prejudice; and (iii) waive any and all claims arising under section 502(h) of the Bankruptcy Code. NNI has also agreed to dismiss the claims asserted against the Additional Defendants. This resolution fairly balances NNI's likelihood of success on the merits of the Avoidance Claim against its interest in avoiding the uncertainty and potential risks of litigation.

29. In addition, further litigation of the Avoidance Claim would result in the estate's expenditure of considerable additional legal fees. These would include fees associated with formal discovery and motion practice. In the absence of a settlement, the estate would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estate's efforts to resolve the matters that are essential to the ultimate resolution of these cases.

30. Finally, the interests of the creditors weigh in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Avoidance Claim and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claim were to be further litigated.

31. In light of the foregoing, the Debtors respectfully seek authorization for NNI to enter into the Stipulation and approval of the Stipulation.

**Notice**

32. Notice of the Motion has been given via first class mail to (i) Maritz; (ii) the Additional Defendants; (iii) the U.S. Trustee; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; and (vi) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

33.  No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: July 25, 2012<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>Neil P. Forrest (admitted *pro hac vice*)<br>Brendan Gibbon (admitted *pro hac vice*)<br>Jesse D.H. Sherrett (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>(212) 225-2000<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Tamara K. Minott*<br>Donna L. Culver (No. 2983)<br>Derek C. Abbott (No. 3376)<br>Tamara K. Minott (No. 5643)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>(302) 658-9200<br><br>*Counsel for the Debtors<br>and Debtors in Possession* |