**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------X
```
                                              :
                                              :      Chapter 11
                                              :
*In re*                                       :
                                              :
Nortel Networks Inc., *et al.*,[1]            :      Bankr. Case No. 09-10138 (KG)
                                              :
               Debtors.                       :
                                              :      (Jointly Administered)
                                              :
```
------------------------------------------------------  X
```
Nortel Networks Inc.                          :
                                              :
               Plaintiff,                     :
                                              :
v.                                            :
                                              :      Adv. Proc. No. 10-53187 (KG)
Maritz Canada Inc.,                           :
                                              :
L.S.O. International,                         :
                                              :
MGM Resorts International,                    :
                                              :
and                                           :
                                              :
Lampsa Hellenic S.A. Hotels,                  :
                                              :
               Defendants.                    :
                                              :
```
------------------------------------------------------X
```

**STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN**
**NORTEL NETWORKS INC. AND MARITZ CANADA INC.**

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel

Networks Inc. ("Plaintiff" or "NNI") as one of the above-captioned debtors and debtors in

---

[1] In addition to Nortel Networks Inc. and Nortel Networks (CALA) Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

possession (collectively, the "Debtors") and Maritz Canada Inc. ("Maritz", and together with

Plaintiff, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the

exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-

10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on or about February 13, 2009, Maritz filed proof of claim number

268 against NNI in the amount of $133,500.00 ("Claim #268"); and

WHEREAS, on or about February 23, 2009, Maritz filed a claim duplicative of

Claim #268, which was subsequently assigned proof of claim number 379 ("Claim #379"); and

WHEREAS, on January 21, 2010, the Court entered an order disallowing Claim

#379 [Main D.I. 2320][2]; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days

prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or

for the benefit of Maritz in the aggregate amount of $3,015,661.49 (the "Subject Transfers"); and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __."
Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53187) are in the form
"Adv. D.I. __."

WHEREAS, on October 4, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-53187 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Maritz, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]; and

WHEREAS on November 2, 2010, Maritz filed an answer to the Complaint (the "Answer"), denying certain allegations and asserting various defenses [Adv. D.I. 5]; and

WHEREAS, on June 3, 2011, Plaintiff filed an amended complaint (the "Amended Complaint") in this Adversary Proceeding against Maritz and three additional defendants (the "Additional Defendants") seeking to avoid and recover the Subject Transfers from Maritz or, in the alternative, from the Additional Defendants [Adv. D.I. 43]; and

WHEREAS, on June 17, 2011, Maritz filed an amended answer to the Amended Complaint (the "Amended Answer") denying certain allegations and asserting various defenses [Adv. D.I. 46]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Avoidance Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, on September 16, 2010, the Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims (the "Prepetition Claims Settlement Procedures Order") authorizing the Debtors, inter alia, to settle Proofs of Claim where the Proof of Claim was originally filed in an amount less than $250,000 without filing or

serving any advance notice of such settlement and without further notice or order of the

Bankruptcy Court [Main D.I. 3953]; and

WHEREAS, since the Complaint, Amended Complaint, Answer and Amended

Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid

the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim,

have agreed to settle the Adversary Proceeding on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set

forth herein and other good and valuable consideration, the receipt and sufficiency of which are

hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.        Resolution of the Avoidance Claim. Within five (5) business days after

the Bankruptcy Court order approving this Stipulation and the settlement reflected herein

pursuant to Bankruptcy Rule 9019 becoming a Final Order (as defined below) (the "Effective

Date"), Maritz shall pay to Plaintiff the sum of $90,000.00 (the "Settlement Amount"), in full

and final settlement and satisfaction of the Avoidance Claim, by (a) delivering via traceable

courier to Nortel Lockbox 2937 (Tel#302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn

Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks

Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel

Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift

Number CITIUS33, Account Number 30463444 (the "Settlement Payment"). The first date on

which all of the following shall have occurred shall hereafter be referred to as the "Settlement

Date": (i) Plaintiff shall have received the Settlement Payment; (ii) the Settlement Payment

clears; and (iii) the Settlement Payment is collected. The Bankruptcy Court Order approving this

Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence

of:  (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without

modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time

for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this

Stipulation, or if an appeal from a final order is taken (i) the affirmance of such order in its

entirety, without modification, by the court of last resort to which an appeal of such order may be

taken or (ii) withdrawal with prejudice of such appeal.

        2.      <u>Maritz's Proof of Claim.</u>  Maritz hereby withdraws with prejudice Claim

#268, and  hereby waives and releases the claim set forth therein; and all claims that could have

been set forth therein.  Maritz further agrees that it will not (i) seek to reinstate Claim #268 or (ii)

file or otherwise assert any claim against Plaintiff or any other of the Debtors in the Chapter 11

cases (i) based on the same transaction or occurrence as gave rise to the claim set forth in Claim

#268 and/or in Claim #379, (ii) that could have been asserted in Claim #268 or Claim # 379; or

(iii) that arises out of any pre-petition liability of any of the Debtors to Maritz.

        3.      <u>Release of Plaintiff.</u>  Effective upon the Settlement Date, Maritz hereby

releases and forever discharges Plaintiff, its past and present parents, subsidiaries, affiliates,

general partners, limited partners, shareholders, directors, officers, employees, agents, and

attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor</u>

<u>Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages,

actions, suits, causes of action, and setoffs, whether known or unknown, suspected or

unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent,

liquidated or unliquidated, that Maritz now has, had, may have had, or hereafter may have

against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding,

any transaction described or referred to in the Amended Complaint in the Adversary Proceeding,

Claim #268 and Claim #379, and any claim that could have been asserted in Claim #268 or

Claim #379. For the avoidance of doubt, Maritz releases any and all claims arising under section

502(h) of the Bankruptcy Code.

      4.    Release of Maritz. Effective upon the Settlement Date, Plaintiff hereby

releases and forever discharges Maritz, its past and present parents, subsidiaries, affiliates,

general partners, limited partners, shareholders, directors, officers, employees, agents, and

attorneys, and each of their predecessors, successors and assigns (collectively, the "Maritz

Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages,

actions, suits, causes of action, and setoffs, whether known or unknown, suspected or

unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent,

liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have

against any of the Maritz Releasees regarding the Avoidance Claim, the Adversary Proceeding,

and any transaction described or referred to in the Amended Complaint in the Adversary

Proceeding.

      5.    Dismissal of the Adversary Proceeding. Promptly following the

Settlement Date, Plaintiff will file with the Bankruptcy Court a stipulation of dismissal with

prejudice of the Adversary Proceeding, which shall include dismissal of the claims against the

Additional Defendants.

      6.    Claims Register. The Debtors, the Debtors' claims agent, Epiq

Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all

necessary and appropriate actions to give effect to this Stipulation.

      7.    Effectiveness. Pursuant to the Avoidance Claims Settlement Procedures

Order and the Prepetition Claims Settlement Procedures Order, upon the Effective Date, this

Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

8.      Applicable Law.  This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

9.      Confidentiality.  Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

10.     Entire Agreement.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

11.     No Admissions.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

12.     Costs and Expenses.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the

preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

13.     Representations and Warranties. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

14.     Construction. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

15.     Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

16.     Manner of Execution. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: July 19, 2012

Nortel Networks Inc.                          Maritz Canada Inc.

By: _____          By: _____
John Ray                                            Name:
Principal Officer                               Title:

9

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  July ___, 2012

Nortel Networks Inc.                          Maritz Canada Inc.

By: _____          By: _____
John Ray                                      Name:    DAWN EVERS
Principal Officer                             Title:    CHIEF FINANCIAL OFFICER

9