**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
*In re*                                                        : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                             : Case No. 09-10138 (KG)
:
                      Debtors.   : Jointly Administered
:
:
---------------------------------------------------------------X

## STIPULATION RESOLVING CLAIMS BY AND BETWEEN
## JDS UNIPHASE CORPORATION AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("Nortel Debtor") and JDS Uniphase Corporation (the "Claimant", and together with Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel Networks Inc. and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about January 16, 2009, the Claimant sent a reclamation demand notice to the Debtors asserting a reclamation demand in the amount of $5,208,860.00 (the "Reclamation Demand"); and

WHEREAS, consistent with paragraph 9 to the Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Section 105(a), 362 and 546(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure [D.I. 336], the Debtors paid $2,034,623.00 to the Claimant for a portion of the Claimant's Reclamation Demand; and

WHEREAS, on or about July 27, 2009, Nortel Debtor and the Claimant entered into a Stipulation of Settlement of Reclamation Demand of JDS Uniphase Corp. (the "Reclamation Settlement"), which resulted in allowance of an additional reclamation claim by the Claimant against Nortel Debtor in the amount of $208,787.00. As part of the Reclamation Settlement, the Parties agreed that the Claimant also had an administrative claim under 11 U.S.C. § 503(b)(9), which is entitled to priority under 11 U.S.C. § 507(a)(2), in the amount of $9,330.00 (the "Reclamation Administrative Amount"); and

WHEREAS, on or about July 29, 2009, Nortel Debtor filed a Notice of Proposed Settlement of Reclamation Demand of JDS Uniphase Corp. [D.I. 1229] regarding the Reclamation Settlement; and

WHEREAS, on or about September 30, 2009, the Claimant filed proof of claim number 5548 for goods sold in the amount of $653,932.00 ("Claim No. 5548"); and

WHEREAS, on or about September 30, 2009, the Claimant filed proof of claim number 5549 for goods sold in the amount of $3,009,690.00 ("Claim No. 5549"); and

WHEREAS, on or about September 30, 2009, the Claimant filed proof of claim number 5550 in the amount of $9,330.00 as an administrative priority claim pursuant to 11 U.S.C. § 503(b)(9) to assert the Reclamation Administrative Amount as agreed in the Reclamation Settlement ("Claim No. 5550" and together with Claim No. 5548 and Claim No. 5549, the "Claims"); and

WHEREAS, it is contemplated that the Claimant and Nortel Networks Corporation, Nortel Networks Limited and Nortel Networks Technology Corporation (the "Canadian Debtors") will duly execute and deliver that certain Claim Settlement Agreement on or about the same date herewith (the "JDSU Canadian Settlement") to be acknowledged by Ernst & Young Inc. as monitor of the Canadian Debtors, (the "Monitor") pursuant to which the Claimant and the Canadian Debtors have agreed to settle the claims asserted by the Claimant against the Canadian Debtors in their proceedings under the *Companies' Creditors Arrangement Act* (Canada) before the Ontario Superior Court of Justice (Commercial List); and

WHEREAS, the Parties have engaged in arm's-length negotiations and have agreed to resolve their disputes with respect to the Claims in order to avoid the cost and risk inherent in litigating such disputes; and

WHEREAS, the Parties have agreed that Claim No. 5548 should be disallowed in its entirety and expunged, Claim No. 5549 should be allowed as a general unsecured claim in the amount of $3,009,690.00 and Claim No. 5550 should be allowed as an

administrative priority claim pursuant to 11 U.S.C. § 503(b)(9) in the amount of $9,330.00; and

WHEREAS, this Stipulation shall be effective on the first date on which all of the following have occurred: (i) entry of an order by the Bankruptcy Court approving this Stipulation (the "Order") and (ii) due execution and delivery of the JDSU Canadian Settlement by the Claimant and each of the Canadian Debtors, and acknowledgment by the Monitor, in its capacity as Monitor of the Canadian Debtors.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claims. Effective upon the Settlement Effective Date:

    (a) Claim No. 5548 shall be disallowed in its entirety and expunged.

    (b) Claim No. 5549 shall be allowed as a general unsecured claim by the Claimant against the Nortel Debtor in the amount of $3,009,690.00.

    (c) Claim No. 5550 shall be allowed as an administrative priority claim pursuant to 11 U.S.C. § 503(b)(9) by the Claimant against Nortel Debtor in the amount of $9,330.00.

    (d) The allowance of the Claim No. 5549 and Claim No. 5550 as described in paragraphs 1(b) and paragraph 1(c) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. The Claimant shall not have any further claims against any of the Debtors, based on the Debtors' schedules. Notwithstanding the foregoing, nothing in this Stipulation shall alter or waive any claims by the Claimant or any of its affiliates in the administration proceedings in High Court of England and Wales whereby nineteen of

Nortel Networks Limited's European affiliates were placed into administration under the control of individuals from Ernst & Young LLP (the "EMEA Debtors").

2. Release.

a. Effective upon the Settlement Effective Date, the Claimant, on the one hand, and NNI, on the other hand, release and forever discharge each other, together with each of their respective current and former affiliates (but not the EMEA Debtors), subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which they now have or hereafter may have arising from or related to the Claims, the OEM Purchase and Sale Agreement dated effective January 1, 2006 between the Claimant and Nortel Networks Limited (the "MPSA"), and the various purchase orders issued by the Debtors to the Claimant under the MPSA. Notwithstanding the foregoing, nothing herein releases, waives or othewise affects the Debtors' right to take any action or pursue any claim or case against the Claimant as provided for or allowed in Section 11, Warranties, and Section 18, Indemnity, of the MPSA.

b. **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE PARTIES FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH A PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

3. <u>No Further Claims</u>. Effective upon the Settlement Effective Date, the Claimant shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' chapter 11 cases.

4. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

5. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

6. <u>No Transfer</u>. The Claimant represents that it has not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party.

7. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

8. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Effectiveness</u>.  All provisions of this Stipulation are subject to: (i) entry of the Order and (ii) due execution and delivery of the JDSU Canadian Settlement by the Claimant and each of the Canadian Debtors, and acknowledgment by the Monitor, in its capacity as Monitor of the Canadian Debtors (the date on which the later of (i) or (ii) has occurred shall constitute the "<u>Settlement Effective Date</u>").  In the event that on or before August 31, 2012, or on such further extended date to which the Parties have agreed by written agreement, either (i) the Order is not entered or (ii) the JDSU Canadian Settlement is not duly executed and delivered by the Claimant and each of the Canadian Debtors and acknowledged by the Monitor, in its capacity as Monitor of the Canadian Debtors, this Stipulation shall be of no force and effect; the Parties reserve all of their rights and defenses with respect to the Claims; and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

12. <u>Claims Register</u>.  Effective upon the Settlement Effective Date, the Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: __July 24__, 2012

Nortel Networks Inc.

By: _____

Name: John J. Ray, III
Title: Principal Officer

JDS Uniphase Corporation

By: _[signature]_____

Name: Andrew R. Pollack
Title: Senior Vice President, General Counsel & Secretary

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: ____July 24____, 2012

| Nortel Networks Inc. | JDS Uniphase Corporation |
|---|---|
| By: _____ | By: _____ |
| Name: John J. Ray, III | Name: |
| Title: Principal Officer | Title: |