**EXHIBIT B**

EXECUTION COPY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

In re

Nortel Networks Inc., *et al.*,[1]

                  Debtors.

------------------------------------------------------------X

Nortel Networks Inc.,

                  Plaintiff,

v.

CSWL, Inc.,

                    Defendant.

------------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

(Jointly Administered)

Adv. Proc. No. 10-53169 (KG)

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN NORTEL NETWORKS INC., NORTEL NETWORKS (CALA) INC., CSWL, INC. AND CALIFORNIA SOFTWARE COMPANY LTD.

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks Inc. ("Plaintiff") and Nortel Networks (CALA) Inc. ("NN CALA") as two of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and CSWL, Inc. ("Defendant,") and California Software Company Limited ("Calsoft," and together with

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

Plaintiff, NN CALA and Defendant, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "NNI Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009 (the "NN CALA Petition Date")) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the NNI Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $1,651,978 (the "Subject Transfers"); and

WHEREAS, on October 4, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-53169 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover certain enumerated transfers [Adv. D.I. 1][2]; and

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53169) are in the form "Adv. D.I. __."

2

WHEREAS, on November 9, 2010, Plaintiff and NN CALA instituted a separate Adversary Proceeding against Beeline.com, Inc., Adv. Proc. No. 10-55165 (the "Beeline Proceeding"), in which they sought to avoid and recover certain transfers of interests in their respective property in the 90 days prior to the NNI Petition Date and the NN CALA Petition Date, as applicable; and

WHEREAS, on February 23, 2011, Defendant filed an Answer to the Complaint in the Adversary Proceeding [Adv. D.I. 23], denying certain allegations and asserting various defenses; and

WHEREAS, after the filing of the Complaint and Answer, Plaintiff determined that (a) one of the transfers identified in the Complaint, in the amount of $466,394.24, was not made in the 90 days prior to the NNI Petition Date; (b) Plaintiff had made a transfer in the amount of $122,500 to Defendant in the 90 days prior to the NNI Petition Date which was not among the transfers enumerated in the Complaint; and (c) Plaintiff had made transfers to Beeline.com, Inc. for the benefit of Defendant in the amount of $245,438 (the "Beeline Transfers"), which transfers were the subject of the Beeline Proceeding; and

WHEREAS, on June 22, 2011, Plaintiff and NN CALA filed an amended complaint in the Beeline Proceeding (the "Amended Beeline Complaint") naming Defendant as an additional defendant in that proceeding and seeking recovery of the Beeline Transfers from Defendant; and

WHEREAS, Plaintiff's claim against Defendant to avoid and recover alleged preferential transfers (the "Avoidance Claim") encompasses all of the Subject Transfers, consisting of (a) the transfers identified in the Complaint with the exception of the transfer in the amount of $466,394.24 that Plaintiff later determined was not made in the 90 days prior to the

Petition Date; (b) the transfer by Plaintiff to Defendant in the amount of $122,500 not identified in the Complaint; and (c) the Beeline Transfers; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, since the Complaint and Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Avoidance Claim on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. Resolution of the Avoidance Claim. Within ten (10) business days after the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (as defined below) (the "Effective Date"), Calsoft shall pay to Plaintiff the sum of $100,000 (the "Settlement Amount"), in full and final settlement and satisfaction of the Avoidance Claim, by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel#302-325-6047), Lockbox Operations 3rd Fl, 8430 W Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift

Number CITIUS33, Account Number 30463444 (the "Settlement Payment"). The first date on which all of the following shall have occurred shall hereafter be referred to as the "Settlement Date": (i) Plaintiff shall have received the Settlement Payment; (ii) the Settlement Payment clears; and (iii) the Settlement Payment is collected. The Bankruptcy Court Order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken (i) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken or (ii) withdrawal with prejudice of such appeal.

        2.      Release of Plaintiff and NN CALA. Effective upon the Settlement Date, Defendant and Calsoft hereby release and forever discharge Plaintiff and NN CALA, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant or Calsoft now has, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding, the Beeline Proceeding, any transaction described or referred to in the Complaint, and any transaction described or referred to in the Amended Beeline Complaint. For the avoidance of doubt, Defendant and Calsoft release any and all

claims arising under section 502(h) of the Bankruptcy Code. Nothing contained herein is intended to affect the rights of any Party as they relates to proof of claim number 1356 filed by Calsoft on or about June 15, 2009, and now believed to be held by ASM Capital III, L.P. and/or another non-party to this Agreement.

        3.      Release of Defendant and Calsoft. Effective upon the Settlement Date, Plaintiff hereby releases and forever discharges Defendant, its past and present parents, subsidiaries, affiliates (including without limitation Calsoft), general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, the Beeline Proceeding, any transaction described or referred to in the Complaint, and any transaction described or referred to in the Amended Beeline Complaint.

        4.      Dismissal of the Adversary Proceeding. Promptly following the Settlement Date, Plaintiff will file with the Bankruptcy Court (1) a stipulation of dismissal with prejudice of the Adversary Proceeding and (2) a stipulation of dismissal with prejudice dismissing Defendant from the Beeline Proceeding.

        5.      Effectiveness. Pursuant to the Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and

their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

6. **Applicable Law.** This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

7. **Confidentiality.** Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

8. **Entire Agreement.** This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

9. **No Admissions.** Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

10. **Costs and Expenses.** Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

11. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

12. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

13. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

14. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or .pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: July 12, 2011

| Nortel Networks Inc. | CSWL, Inc. |
|---|---|
| By: _____ | By: _____ |
| John Ray | Frederick Bendle, A.C.A. |
| Principal Officer | CEO |

| Nortel Networks (CALA) Inc. | California Software Company Limited |
|---|---|
| By: _____ | By: _____ |
| John Ray | Frederick Bendle, A.C.A. |
| Principal Officer | CEO |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: July 12, 2011

| Nortel Networks Inc. | CSWL, Inc. |
|---|---|
| By: _____ <br> John Ray <br> Principal Officer | By: _____ <br> Frederick Bendle, A.C.A. <br> President and CEO |
| Nortel Networks (CALA) Inc. | California Software Company Limited |
| By: _____ <br> John Ray <br> Principal Officer | By: _____ <br> Frederick Bendle, A.C.A. <br> CEO |