- 4 -

(g)     "Chapter 11 Cases" means the proceedings commenced by Nortel Networks Inc. and others in the United States Bankruptcy Court for the District of Delaware, lead case number 09-10138;

(h)     "Charges" means the Charges as defined in the Initial Order, other than the Directors' Charge, as defined in the Initial Order;

(i)     "Claim" means each of:

(i)     any right of any Person against the Applicants, or any of them, in connection with any indebtedness, liability or obligation of any kind of the Applicants, or any of them, whether liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, present, future, known or unknown, by guarantee, surety or otherwise and whether or not such right is executory in nature, including the right or ability of any Person to advance a claim for contribution or indemnity or otherwise with respect to any matter, action, cause or chose in action, whether existing at present or commenced in the future, which indebtedness, liability or obligation (A) is based in whole or in part on facts existing prior to the Filing Date, (B) relates to a time period prior to the Filing Date, or (C) would have been a claim provable in bankruptcy had the Applicants become bankrupt on the Filing Date (each, a "Prefiling Claim", and collectively, the "Prefiling Claims"),

(ii)     any indebtedness, liability or obligation of any kind arising out of the restructuring, termination, repudiation or disclaimer of any lease, contract,

- 5 -

or other agreement or obligation on or after the Filing Date and whether such restructuring, termination, repudiation or disclaimer took place or takes place before or after the date of this Order (each, a "Restructuring Claim", and collectively, the "Restructuring Claims"); and

(iii)   any right of any Person against the Directors or Officers of the Applicants, or any of them, that relates to a Prefiling Claim or a Restructuring Claim for which the Directors or Officers of the Applicants are by law liable to pay in their capacity as Directors or Officers or in any other capacity, including without limitation, any capacity relating to the administration, management or oversight of any of the pension plans or employee benefit plans administered or sponsored by the Applicants or their subsidiaries (each, a "Director/Officer Claim", and collectively, the "Directors/Officers Claims"),

provided however, that "Claim" shall not include an Excluded Claim;

(j)   "Claims Bar Date" means the Prefiling Claims Bar Date or the Restructuring Claims Bar Date, as the case may be;

(k)   "Claims Resolution Order" has the meaning ascribed to that term in paragraph 17 of this Order;

(l)   "Compensation Claims" has the meaning ascribed to that term in paragraph 3(t)(iii) of this Order;

(m)   "Court" means the Ontario Superior Court of Justice (Commercial List);

- 6 -

(n)     "Creditor" means any Person having a Claim;

(o)     "Creditors' Guide to Completing the Proof of Claim form" means the guide to completing the Proof of Claim form, in substantially the form attached as Schedule "C" hereto;

(p)     "Creditors' Meeting" means the meeting or meetings of Creditors scheduled pursuant to further Order of this Court, or by a Plan if and when filed with this Court;

(q)     "Cross Border Claims Protocol" means a protocol for the resolution of cross-border claims filed in these CCAA proceedings and/or in the Chapter 11 Cases, once approved by the courts presiding in these CCAA proceedings and in the Chapter 11 Cases;

(r)     "Directors" means all current and former directors of the Applicants, and "Director" means any one of them;

(s)     "Directors/Officers Claim" has the meaning ascribed to that term in paragraph 3(i)(iii) of this Order;

(t)     "Excluded Claim" means the following claims, whether liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, present, future, known or unknown:

    (i)     claims secured by any of the Charges;

    (ii)    inter-company claims , as between any of the Applicants (and any person appointed in respect of any of the Applicants), and as between any of the

Applicants and any of the Applicants' direct or indirect subsidiaries or affiliates (and any person appointed in respect of such subsidiaries or affiliates of the Applicants), including, for greater certainty, claims by such entities against the Directors and Officers, other than claims by any Joint Venture;

(iii)    claims of (A) any current or former employee of any of the Applicants, for amounts owing to him or her in his or her capacity as a current or former employee of any of the Applicants, including without limitation claims on account of wages, salaries, any other form of compensation (whether sales-based, incentive-based, deferred, retention-based, share-based, or otherwise), severance or termination pay, employee benefits (including, but not limited to, medical and similar benefits, disability benefits, relocation or mobility benefits, and benefits under employee assistance programs), pension and retirement benefits, vacation pay, and employee expenses, (B) any current or former employee of any of the Applicants arising from the administration, management or oversight of any of the pension plans or employee benefit plans administered or sponsored by the Applicants or their subsidiaries, and (C) any Director for compensation for acting as a Director, including without limitation fees, deferred share-based compensation, benefits and Director expenses (collectively, including employee and Director claims of the above nature, "Compensation Claims");

- 8 -

(iv)    grievances under any collective agreements to which the Applicants, or any of them, are a party; and

(v)    claims of any Director or Officer for indemnification and/or contribution arising from such Director's or Officer's service to any Applicant;

(u)    "Filing Date" means January 14, 2009, the date of the Initial Order;

(v)    "Initial Order" has the meaning ascribed to that term in paragraph 2 of this Order;

(w)    "Joint Venture" means each of Nortel Networks Netas Telekomunikasyon A.S., L-G Nortel Co. Ltd., Senyang Nortel Telecommunications Co. Ltd., Guangdong-Nortel Telecommunications Equipment Company Ltd., and Nortel Networks Communications Engineering Ltd.;

(x)    "Known Creditors" means:

(i)    those Creditors which, to the knowledge of the Applicants and the Monitor, were owed monies by any Applicant as of the Filing Date and which monies remain unpaid in whole or in part;

(ii)    any Person who commenced a legal proceeding against the Applicants, or any of them, which legal proceeding was commenced and served upon an Applicant prior to the Filing Date, and which legal proceeding is known to the Monitor;

(iii)    any Person who is party to a lease, contract, or other agreement or obligation of any Applicant which was (to the knowledge of the Applicants and the Monitor) restructured, terminated, repudiated or

disclaimed by such Applicant between the Filing Date and the date of this Order; and

(iv)     any other Creditor actually known to the Applicants and the Monitor as of the date of this Order;

(y)     "Monitor" means Ernst & Young Inc. in its capacity as monitor pursuant to the Initial Order;

(z)     "Notice to Creditors" means the notice to Creditors for publication in substantially the form attached as Schedule "A" hereto;

(aa)     "Officers" means all current and former officers of the Applicants, and "Officer" means any one of them;

(bb)     "Person" includes any individual, partnership, joint venture, trust, corporation, unlimited liability company, unincorporated organization, government body or agency or instrumentality thereof, or any other juridical entity howsoever designated or constituted;

(cc)     "Plan" means any plan of compromise and arrangement by one or more of the Applicants, if and when filed and approved by this Court, as revised, amended, modified or supplemented from time to time in accordance with its terms;

(dd)     "Prefiling Claim" has the meaning ascribed to that term in paragraph 3(i)(i) of this Order;

(ee)     "Prefiling Claims Bar Date" means 4:00 p.m. (prevailing Eastern Time) on September 30, 2009;

(ff)    "Proof of Claim" means the form of Proof of Claim in substantially the form attached as Schedule "B" hereto;

(gg)    "Proof of Claim Document Package" means a document package that includes a copy of the Notice to Creditors, the Creditors' Guide to Completing the Proof of Claim form, a Proof of Claim, and such other materials as the Monitor may consider appropriate or desirable;

(hh)    "Proven Claim" means a Claim as finally determined, including for the purposes of voting and distribution under the Plan;

(ii)    "Restructuring Claim" has the meaning ascribed to that term in paragraph 3(i)(ii) of this Order; and

(jj)    "Restructuring Claims Bar Date" means, in respect of each Restructuring Claim and each Person having a Restructuring Claim, 4:00 p.m. (prevailing Eastern Time) on the later of (i) September 30, 2009, and (ii) the date that is 30 days after the date on which the Monitor sends a Proof of Claim Document Package to the Person with respect to a Restructuring Claim that arose or that may have arisen by virtue of the restructuring, termination, repudiation or disclaimer of any lease, contract, or other agreement or obligation on or after the Filing Date.

## NOTICE TO CREDITORS

4.    THIS COURT ORDERS that:

- 11 -

(a)    the Monitor shall no later than five (5) days following the making of this Order, post a copy of the Proof of Claim Document Package on its website at "www.ey.com/ca/nortel";

(b)    the Monitor shall no later than five (5) days following the making of this Order, send on behalf of the Applicants to each Bondholder Trustee a copy of the Proof of Claim Document Package;

(c)    the Monitor shall no later than ten (10) days following the making of this Order, send on behalf of the Applicants to each of the Known Creditors (for which it has an address) a copy of the Proof of Claim Document Package, provided however that the Monitor is not required to send Proof of Claim Document Packages to Bondholders or to the current or former employees of any Applicant;

(d)    the Monitor shall cause to be published, on or before August 15, 2009, the Notice to Creditors in *The Globe and Mail* (National Edition) and *The Wall Street Journal* (national and global editions);

(e)    with respect to Restructuring Claims arising from the restructuring, termination, repudiation or disclaimer of any lease, contract, or other agreement or obligation, the Monitor shall send to the counterparty(ies) to such lease, contract, or other agreement or obligation a Proof of Claim Document Package no later than ten (10) days following the time that the Monitor becomes aware of the restructuring, termination, repudiation or disclaimer of any such lease, contract, or other agreement or obligation; and

- 12 -

(f)     the Monitor shall, provided such request is received by the Monitor prior to the applicable Claims Bar Date, deliver as soon as reasonably possible following receipt of a request therefor a copy of the Proof of Claim Document Package to any Person claiming to be a Creditor and requesting such material.

5.     THIS COURT ORDERS that neither the Applicants nor the Monitor are under any obligation to give notice to or deal with any Person other than the Creditor holding a Claim, and without limitation shall have no obligation to give notice to or deal with any Person having a security interest in the Claim (including the holder of a security interest created by way of a pledge or a security interest created by way of an assignment of the Claim), and such Persons shall be bound by any notices given to the Creditor and any steps taken in respect of such Claim in accordance with this Order.

6.     THIS COURT ORDERS that a separate process shall be established by further Order of this Court, to deal with Compensation Claims, and that this Order shall be without prejudice to any matter relating to any Compensation Claims now existing or arising in the future, and without prejudice to any claims that now exist or that may in the future exist against the Ontario Pension Benefits Guarantee Fund.

**CLAIMS BAR DATES**

7.     THIS COURT ORDERS that Proofs of Claim with respect to (i) a Prefiling Claim, shall be filed with the Monitor on or before the Prefiling Claims Bar Date, (ii) a Restructuring Claim, shall be filed with the Monitor on or before the Restructuring Claims Bar Date, and (iii) a Directors/Officers Claim, shall be filed on or before the Prefiling Claims Bar Date, except to the extent that the Directors/Officers Claim relates to a Restructuring

- 13 -

Claim, in which case such Directors/Officers Claim shall be filed with the Monitor on or before the applicable Restructuring Claims Bar Date.

8.     THIS COURT ORDERS that any Creditor that does not file a Proof of Claim as provided for herein such that such Proof of Claim is received by the Monitor on or before the applicable Claims Bar Date (a) shall be and is hereby forever barred from making or enforcing any Claim against the Applicants, or any of them, or the Directors or Officers, or any of them; (b) shall not be entitled to vote at the Creditors' Meeting in respect of the Plan or to receive any distribution thereunder; and (c) shall not be entitled to any further notice in, and shall not be entitled to participate as a creditor in, these proceedings.


**PROOFS OF CLAIM**

9.     THIS COURT ORDERS that each Creditor shall file a separate Proof of Claim for each Applicant against whom it asserts a Claim and, if the Claim is also being asserted against the Directors or Officers of that Applicant, such Claim against those Directors or Officers shall be included in the same Proof of Claim.

10.    THIS COURT ORDERS that each Creditor shall include any and all Claims it asserts against an Applicant in a single Proof of Claim, provided however that where a Creditor has taken an assignment or transfer of a Claim after the Filing Date, that Creditor shall file a separate Proof of Claim for each such assigned or transferred Claim.

11.    THIS COURT ORDERS that where a Claim against any Applicant is based on that Applicant's guarantee of the repayment of a debt of another Applicant or the debt of any other Person, the Proof of Claim in respect of such Claim shall clearly state that it is based on such a guarantee, and that where any Applicant has guaranteed the repayment of

the debt of any other Applicant, a Proof of Claim in respect of that debt shall be filed against each such Applicant.

12.     THIS COURT ORDERS that if any Claim arose in a currency other than Canadian dollars, then the Creditor making the Claim shall complete its Proof of Claim indicating the amount of the Claim in such currency, rather than in Canadian dollars or any other currency.  The Monitor shall subsequently calculate the amount of such Claim in Canadian dollars, using the Reuters closing rate on January 13, 2009, without prejudice to the ability of the Applicants to utilize a different exchange rate in any Plan.

13.     THIS COURT ORDERS that each Bondholder Trustee is authorized and directed to file one or more Proofs of Claim on or before the Prefiling Claims Bar Date in respect of all of the Bonds for which such Bondholder Trustee acts, indicating the amount owing on an aggregate basis for each separate series of Bonds issued under each Bondholder Trust Indenture.  Notwithstanding any other provisions of this Order, Bondholders are not required to file individual Proofs of Claim in respect of Claims relating solely to the debt evidenced by their Bonds.  The Applicants and the Monitor may disregard any Proof of Claim filed by any individual Bondholder claiming the debt evidenced by the Bonds, or any of them, and such Proofs of Claims shall be ineffective for all purposes.  The process for determining each individual Bondholder's Claim for voting purposes with respect to the Plan will be established by further order of the Court.

14.     THIS COURT ORDERS that the Monitor may, where it is satisfied that a Claim has been adequately filed, waive strict compliance with the requirements of this Order as to completion and execution of Proofs of Claim.

- 15 -

### REVIEW OF PROOFS OF CLAIM

15.     THIS COURT ORDERS that the Monitor, in consultation with the Applicants, shall review all Proofs of Claims that are filed on or before the applicable Claims Bar Date. At any time, the Monitor or the Applicants may request additional information from a Creditor with respect to a Claim, and the Monitor may request that the Creditor file a revised Proof of Claim.

16.     THIS COURT ORDERS that a Claim shall not be a Proven Claim unless and until the Claim has been allowed or otherwise finally determined in accordance with the claims dispute and resolution procedures to be set out in the Claims Resolution Order and the Cross Border Claims Protocol.

### DETERMINATION OF PROVEN CLAIM

17.     THIS COURT ORDERS that the Proven Claim of a Creditor shall be as allowed or as finally determined in accordance with the other forms and claim procedures to be authorized by further Order of this Court (the "Claims Resolution Order") and in the Cross Border Claims Protocol, provided however that no Claim may be allowed or may be established as a Proven Claim unless a Proof of Claim with respect to that Claim is filed in accordance with this Order, on or prior to the applicable Claims Bar Date.

### NOTICE OF TRANSFEREES

18.     THIS COURT ORDERS that neither the Applicants nor the Monitor shall be obligated to give notice to or to otherwise deal with a transferee or assignee of a Claim as the Creditor in respect thereof unless and until (i) actual written notice of transfer or assignment, together with satisfactory evidence of such transfer or assignment, shall have been received by the Monitor, and (ii) the Monitor shall have acknowledged in writing such

transfer or assignment, and thereafter such transferee or assignee shall for the purposes hereof constitute the "Creditor" in respect of such Claim. Any such transferee or assignee of a Claim, and such Claim, shall be bound by any notices given or steps taken in respect of such Claim in accordance with this Order prior to the written acknowledgement by the Monitor of such transfer or assignment.

19.   THIS COURT ORDERS that if the holder of a Claim has transferred or assigned the whole of such Claim to more than one Person or part of such Claim to another Person or Persons, such transfer or assignment shall not create a separate Claim or Claims and such Claim shall continue to constitute and be dealt with as a single Claim notwithstanding such transfer or assignment, and the Applicants and the Monitor shall in each such case not be bound to acknowledge or recognize any such transfer or assignment and shall be entitled to give notices to and to otherwise deal with such Claim only as a whole and then only to and with the Person last holding such Claim in whole as the Creditor in respect of such Claim. Provided that a transfer or assignment of the Claim has taken place in accordance with paragraph 18 of this Order and the Monitor has acknowledged in writing such transfer or assignment, the Person last holding such Claim in whole as the Creditor in respect of such Claim may by notice in writing to the Monitor direct that subsequent dealings in respect of such Claim, but only as a whole, shall be with a specified Person and, in such event, such Creditor, such transferee or assignee of the Claim and the whole of such Claim shall be bound by any notices given or steps taken in respect of such Claim by or with respect to such Person in accordance with this Order.

20.   THIS COURT ORDERS that the transferee or assignee of any Claim (i) shall take the Claim subject to the rights and obligations of the transferor/assignor of the Claim, and

subject to the rights of any Applicant against any such transferor or assignor, including

any rights of set-off which any Applicant had against such transferor or assignor, and (ii)

cannot use any transferred or assigned Claim to reduce any amount owing by the

transferee or assignee to any Applicant, whether by way of set off, application, merger,

consolidation or otherwise.

**PROTECTIONS FOR MONITOR**

21.    THIS COURT ORDERS that (i) in carrying out the terms of this Order, the Monitor shall

have all of the protections given to it by the CCAA and the Initial Order or as an officer

of this Court, including the stay of proceedings in its favour, (ii) the Monitor shall incur

no liability or obligation as a result of the carrying out of the provisions of this Order, (iii)

the Monitor shall be entitled to rely on the books and records of the Applicants, and any

information provided by the Applicants, all without independent investigation, and (iv)

the Monitor shall not be liable for any claims or damages resulting from any errors or

omissions in such books, records or information.

**DIRECTIONS**

22.    THIS COURT ORDERS that any Applicant or the Monitor may, at any time, and with

such notice as this Court may require, seek directions from the Court with respect to this

Order and the Claims process set out herein, including the forms attached as Schedules

hereto.

## SERVICE AND NOTICE

23.     THIS COURT ORDERS that the Monitor or the Applicants, as the case may be, are at liberty to deliver the Proof of Claim Document Package, and any letters, notices or other documents to Creditors or other interested Persons, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission to such Persons at the address as last shown on the records of the Applicants and that any such service or notice by courier, personal delivery or electronic or digital transmission shall be deemed to be received on the next Business Day following the date of forwarding thereof, or if sent by prepaid ordinary mail, on the fourth Business Day after mailing.

24.     THIS COURT ORDERS that any notice or other communication (including, without limitation, Proofs of Claim) to be given under this Order by a Creditor to the Monitor shall be in writing in substantially the form, if any, provided for in this Order and will be sufficiently given only if given by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission addressed to:

> ERNST & YOUNG INC.
> Court-appointed Monitor of Nortel Networks Corporation & others
> 222 Bay Street, Suite 1600
> Toronto, Ontario
> Canada M5K 1J7
>
> Attention:     Nortel Claims
> Telephone:     1-416-943-4439 or 1-866-942-7177
> E-mail         nortel.monitor@ca.ey.com
> Fax:           1-416-943-2808

Any such notice or other communication by a Creditor shall be deemed received only upon actual receipt thereof during normal business hours on a Business Day.

- 19 -

## MISCELLANEOUS

25.  THIS COURT ORDERS AND REQUESTS the aid and recognition of any court of any

judicial, regulatory or administrative body in any province or territory of Canada

(including the assistance of any court in Canada pursuant to Section 17 of the CCAA)

and any court or any judicial, regulatory or administrative body of the United States of

America, the United Kingdom, the French Republic, the State of Israel, and the Republic

- 20 -

of Korea, and of any other nation or state, to act in aid of and to be complementary to this

Court in carrying out the terms of this Order.

ENTERED AT / INSCRIT A TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT 0 7 2009

PER / PAR: Ñ

SCHEDULE "A"

NOTICE TO CREDITORS
of NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION
(hereinafter referred to as the "Debtors")

RE:    NOTICE OF CLAIMS PROCEDURE FOR THE DEBTORS PURSUANT TO THE
*COMPANIES' CREDITORS ARRANGEMENT ACT* (the "CCAA")

**PLEASE TAKE NOTICE** that this notice is being published pursuant to an Order of the Superior Court of Justice of Ontario made July 30, 2009 (the "Order"). Pursuant to the Order, Proof of Claim packages will be sent to creditors by mail, on or before August 15, 2009, if those creditors are known to the Debtors, and if the Debtors have a current address. Creditors may also obtain the Order and a Proof of Claim package from the website of Ernst & Young Inc., Court-appointed monitor of the Debtors, at "www.ey.com/ca/nortel", or by contacting the Monitor by telephone (1-416-943-4439 or 1-866-942-7177) or by fax (1-416-943-2808).

Proofs of Claim must be submitted to the Monitor for any claim against any Debtor, whether unliquidated, contingent or otherwise, or a claim against any current or former officer or director of the Debtors, or any of them, in each case where the claim (i) arose prior to January 14, 2009, or (ii) arose on or after January 14, 2009 as a result of the restructuring, termination, repudiation or disclaimer of any lease, contract, or other agreement or obligation. Please consult the Proof of Claim package for more details.

**Completed Proofs of Claim must be received by the Monitor by 4:00 p.m. (prevailing Eastern Time) on the applicable Claims Bar Date, as set out in the Order. The Claims Bar Date for most claims is SEPTEMBER 30, 2009. It is your responsibility to ensure that the Monitor receives your Proof of Claim by the applicable Claims Bar Date.**

**Certain Creditors are exempted from the requirement to file a Proof of Claim. Among those creditors who do not need to file a Proof of Claim are (i) current or former employees of the Debtors, for amounts owing to him or her in his or her capacity as a current or former employee of any of the Debtors, and (ii) individual bondholders in respect of Claims relating solely to the debt evidenced by their bonds. Please consult the Claims Procedure Order made on July 30, 2009 for details with respect to these and other exemptions.**

**PLEASE NOTE that these procedures apply ONLY to claims filed against the Debtors in the CCAA proceedings. Several of the Debtors' affiliates are subject to creditor protection proceedings in other jurisdictions, including in the United States. Separate proceedings and deadlines have been or will be established in those cases for the filing of claims. With respect to the U.S. proceedings, a general bar date of September 30, 2009 at 4:00 p.m. (prevailing Eastern Time) has been established by the U.S. Court. If you believe you have claims against the U.S. Debtors, any such claims must be filed in, and only in, the U.S.**

- 2 -

proceedings with the U.S. Debtors' claims agent. A list of the U.S. Debtors and procedures for filing such claims in the U.S. Proceedings can be found by going to the following internet link: www.chapter11.epiqsystems.com/nortel.

**CLAIMS WHICH ARE NOT RECEIVED BY THE APPLICABLE CLAIMS BAR DATE WILL BE BARRED AND EXTINGUISHED FOREVER.**

**DATED** at Toronto this ● day of ●, 2009.

SCHEDULE "B"

(form of Proof of Claim attached)

- 2 -

## SCHEDULE "C"

## GUIDE TO COMPLETING THE PROOF OF CLAIM FORM

This Guide has been prepared to assist Creditors in filling out the Proof of Claim form with respect to the Debtors listed in Section 1, below.  If you have any additional questions regarding completion of the Proof of Claim form, please consult the Monitor's website at www.ey.com/ca/nortel or contact the Monitor, whose contact information is shown below.

Additional copies of the Proof of Claim form may be found at the Monitor's website address noted above.

Please note that this is a guide only, and that in the event of any inconsistency between the terms of this guide and the terms of the Claims Procedure Order made on July 30, 2009, the terms of the Claims Procedure Order will govern.


**Section 1 – Name of Debtor:**
- A separate Proof of Claim form must be filed for each Debtor against whom a claim is being asserted.
- The following is a list of Debtor companies against whom a claim may be asserted in this claims process:
  - Nortel Networks Corporation
  - Nortel Networks Limited
  - Nortel Networks Global Corporation
  - Nortel Networks International Corporation
  - Nortel Networks Technology Corporation.
- Please note that these procedures apply ONLY to claims filed against the five Debtor companies listed above.  Several of the Debtors' affiliates are subject to creditor protection proceedings in other jurisdictions, including in the United States.  Separate proceedings and deadlines have been or will be established in those cases for the filing of claims.  With respect to the U.S. proceedings, a general bar date of September 30, 2009 at 4:00 p.m. (prevailing Eastern Time) has been established by the U.S. Court.  If you believe you have claims against the U.S. Debtors,[1] any such claims must be filed in, and only in, the U.S. proceedings with the U.S. Debtors' claims agent.  Procedures for filing such claims in the U.S. Proceedings can be found by going to the following internet link: www.chapter11.epiqsystems.com/nortel.

---

[1] The U.S. Debtors are: Nortel Networks Inc.; Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Nortel Networks (CALA) Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; and Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

## Section 2 – Original Creditor

- A separate Proof of Claim form must be filed by each legal entity or person asserting a claim against a Debtor listed in Section 1.
- The Creditor shall include any and all Claims it asserts against a single Debtor in a single Proof of Claim[2].
- The full legal name of the Creditor must be provided.
- If the Creditor operates under a different name, or names, please indicate this in a separate schedule in the supporting documentation.
- If the Claim has been assigned or transferred to another party, Section 3 must also be completed.
- Unless the Claim is assigned or transferred, all future correspondence, notices, etc. regarding the Claim will be directed to the address and contact indicated in this section.
- Certain Creditors are exempted from the requirement to file a Proof of Claim. Among those creditors who do not need to file a Proof of Claim are (i) current or former employees of the Debtors, for amounts owing to him or her in his or her capacity as a current or former employee of any of the Debtors, and (ii) individual bondholders in respect of Claims relating solely to the debt evidenced by their bonds. Please consult the Claims Procedure Order made on July 30, 2009 for details with respect to these and other exemptions.

## Section 3 – Assignee

- If the Creditor has assigned or otherwise transferred its Claim, then Section 3 must be completed.
- The full legal name of the Assignee must be provided.
- If the Assignee operates under a different name, or names, please indicate this in a separate schedule in the supporting documentation.
- If the Monitor is satisfied that an assignment or transfer has occurred, all future correspondence, notices, etc. regarding the Claim will be directed to the Assignee at the address and contact indicated in this section.

## Section 4 – Amount of Claim of Creditor against Debtor

- Indicate the amount the Debtor / Officer(s) or Director(s) was, and still is indebted to the Creditor

*Currency, Original Currency Amount*

- The amount of the Claim must be provided in the currency in which it arose.
- Indicate the appropriate currency in the Currency column.
- If the Claim is denominated in multiple currencies, use a separate line to indicate the Claim amount in each such currency. If there are insufficient lines to record these amounts, attach a separate schedule indicating the required information.

---

[2] Paragraph 10 of the Claims Procedure Order made on [DATE] provides that: "THIS COURT ORDERS that each Creditor shall include any and all Claims it asserts against an Applicant in a single Proof of Claim, provided however that where a Creditor has taken an assignment or transfer of a Claim after the Filing Date, that Creditor shall file a separate Proof of Claim for each such assigned or transferred Claim."

- 4 -

- Claims denominated in a currency other than Canadian dollars will be converted into Canadian dollars by the Monitor using the exchange rates set out in Appendix A.

*Secured*
- Check the Secured box ONLY if the Claim recorded on that line is secured. Do not check this box if your Claim is unsecured
- If the value of the collateral securing your Claim is less than the amount of your Claim, enter the shortfall portion on a separate line as an unsecured claim
- Evidence supporting the security you hold must be submitted with the Proof of Claim form. Provide full particulars of the nature of the security, including the date on which the security was given and the value you attribute to the collateral securing your Claim. Attach a copy of all related security documents.

*S. 136 Priority*
- Check this box ONLY if the amount of your Claim has a right to priority pursuant to Section 136 of the Bankruptcy and Insolvency Act (Canada) (the "BIA") or would be entitled to claim such a priority if this Proof of Claim were being filed in accordance the provisions of the BIA.
- If a priority claim is being asserted, please provide details as to the nature of the claim being asserted, and the basis for priority on which you rely.

*Restructuring*
- Check this box ONLY if the amount of the Claim against the Debtor arose out of the restructuring, termination, repudiation or disclaimer of a lease, contract, or other agreement or obligation on or after January 14, 2009.

*Officers and Directors*
- Check this box only if the Claim you are making is also being asserted against a current or former officer or director of the Debtor.
- You must identify the individual officer(s) or director(s) against whom you are asserting the Claim.


**Section 5 – Documentation**
- Attach to the claim form all particulars of the Claim and supporting documentation, including amount, description of transaction(s) or agreement(s) giving rise to the Claim, name of any guarantor which has guaranteed the Claim[3], and amount of invoices, particulars of all credits, discounts, etc. claimed, description of the security, if any, granted by the debtor or any officer or director to the Creditor and estimated value of such security, and particulars of any restructuring claim.


**Section 6 – Certification**
- The person signing the Proof of Claim form should

---

[3] If the guarantor is another of the Debtors listed in Section 1, or one of the U.S. Debtors, a Proof of Claim against that Debtor or U.S. Debtor, as the case may be, must also be filed in these Canadian Proceedings or (in the case of U.S. Debtors) in the U.S. proceedings.

- 5 -

      ○  Be the Creditor, or authorized Representative of the Creditor.

      ○  Have knowledge of all the circumstances connected with this Claim.

- By signing and submitting the Proof of Claim, the Creditor is asserting the claim against the Debtor and / or the indicated officer(s) or director(s)

## Section 7 – Filing of Claim

- This Proof of Claim **must be received** by the Monitor by no later than 4:00 p.m. (prevailing Eastern Time) on SEPTEMBER 30, 2009. Proofs of Claim should be send by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission to the following address:

      Ernst & Young Inc.
      Court-appointed Monitor of Nortel Networks Corporation & others
      222 Bay Street, Suite 1600
      Toronto, Ontario
      Canada M5K 1J7
      Attention:    Nortel Claims

      Telephone:   1-866.942-7177  or  416-943-4439
      E-mail:       Nortel.monitor@ca.ey.com
      Fax:          416-943-2808

**Failure to file your Proof of Claim so that it is received by the Monitor by 4:00 p.m., on the Claims Bar Date of September 30, 2009 will result in your claim being barred and you will be prevented from making or enforcing a Claim against the Debtor or any current or former officer or director of any of the Debtors. In addition, you shall not be entitled to further notice in and shall not be entitled to participate as a creditor in these proceedings.**

- 6 -

## Appendix A

Currency conversion factors
Source: Reuters, January 14, 2009

This Appendix is for information only.  You are to make your claim in the currency in which it arose.  The Monitor will calculate all currency conversions.

|     |     | CAD per unit of Currency |
|-----|-----|-----|
| CAD | Canadian Dollar | 1 |
| USD | United States Dollar | 1.22025 |
| EUR | Euro | 1.6170753 |
| GBP | United Kingdom: Pnd Ster | 1.77741615 |
| JPY | Japan: Yen | 0.01362647 |

| | | | | | |
|-----|-----|-----|-----|-----|-----|
| AED | United Arab Emir.: Dirham | 0.33221709 | LTL | Lithuanian Litas | 0.46830925 |
| ARS | Argentine Peso | 0.35410621 | LVL | Latvian Lats | 2.29456567 |
| AUD | Australian Dollar | 0.82275356 | MAD | Moroccan Dirham | 0.14500201 |
| BBD | Barbados Dollar | 0.61319095 | MXN | Mexican Peso | 0.08842392 |
| BDT | Bangladeshi Taka | 0.01772331 | MYR | Malaysian Ringgit | 0.34156754 |
| BGN | Bulgaria: New Lev | 0.82683968 | NGN | Nigerian Naira | 0.00816494 |
| BOB | Bolivian Boliviano | 0.17345416 | NOK | Norwegian Krone | 0.17167276 |
| BRL | Brazilian Real | 0.52726527 | NZD | New Zealand Dollar | 0.6711375 |
| CHF | Swiss Franc | 1.09468915 | OMR | Oman: Rial Omani | 3.16980987 |
| CLP | Chilean Peso | 0.0019827 | PAB | Panama: Balb0A | 1.22025 |
| CNY | China: Yuan Renminbi | 0.17854268 | PEN | Peru: Nuevo Sol | 0.3889243 |
| COP | Colombian Peso | 0.00054867 | PGK | Papua New Guinea Kina | 0.4671117 |
| CRC | Costa Rican Colon | 0.00219273 | PHP | Philippine Peso | 0.02592415 |
| CZK | Czech Koruna | 0.06004872 | PKR | Pakistan Rupee | 0.015414 |
| DKK | Danish Krone | 0.21701242 | PLN | Poland: Zloty | 0.39077386 |
| DOP | Dominican Peso | 0.03444601 | PYG | Paraguay: Guarani | 0.0002498 |
| DZD | Algerian Dinar | 0.01682672 | QAR | Qatar: Qatari Rial | 0.33516446 |
| EEK | Estonian Kroon | 0.10334226 | RON | New Romania Leu | 0.37703348 |
| EGP | Egyptian Pound | 0.22086973 | RUB | Russian Ruble | 0.03847246 |
| FJD | Fiji Dollar | 0.67418812 | SAR | Saudi Arabia: Saudi Riyal | 0.32539566 |
| GTQ | Guatemala: Quetzal | 0.15495238 | SEK | Swedish Krona | 0.14788041 |
| HKD | Hong Kong Dollar | 0.15732068 | SGD | Singapore Dollar | 0.82052921 |
| HUF | Hungary: Forint | 0.00583154 | THB | Thailand: Baht | 0.03495417 |
| IDR | Indonesia: Rupiah | 0.00010993 | TND | Tunisian Dinar | 0.89144172 |
| ILS | Israel: Shekel | 0.31449742 | TRY | New Turkish Lira | 0.76914592 |
| INR | Indian Rupee | 0.02499872 | TTD | Trinidad & Tobago Dollar | 0.19524 |
| ISK | Iceland Krona | 0.00966994 | UAH | Ukraine: Hryvnia | 0.13945714 |
| JMD | Jamaican Dollar | 0.01515838 | UYU | Uruguay: Peso | 0.05016444 |
| JOD | Jordanian Dinar | 1.72084329 | VEF | Bolivar Fuerte | 0.56827178 |
| KPW | North Korean Won | 0.00853023 | VND | Vietnam: Dong | 0.00006981 |
| KRW | Republic Of Korea: Won | 0.00090543 | XCD | East Caribbean Dollar | 0.4587406 |
| KWD | Kuwaiti Dinar | 4.28157891 | ZAR | South Africa: Rand | 0.12249969 |
| LBP | Lebanese Pound | 0.00080945 | ZMK | Zambia: Kwacha | 0.00024601 |
| LKR | Sri Lanka Rupee | 0.01072276 | | | |

82

Court File No: 09-CL-7950

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, C. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, C. C-36, AS AMENDED

---

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

---

CLAIMS PROCEDURE ORDER

---

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario  M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants

---

File No. 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE- COMMERCIAL LIST**

| THE HONOURABLE MR. | ) | THURSDAY, THE 16TH |
|---|---|---|
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF SEPTEMBER, 2010 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION (the "Applicants")

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

**CLAIMS RESOLUTION ORDER**

THIS MOTION, made by the Applicants for an Order substantially in the form included in the Applicants' Amended Motion Record, was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the Applicants' Notice of Motion dated June 8, 2010, the Applicant's Amended Notice of Motion dated September 10, 2010, the affidavit of John Doolittle sworn on June 7, 2010, the supplemental affidavit of John Doolittle dated September 10, 2010, the forty-eighth report of the Monitor dated June 8, 2010, the fifty-third report of the Monitor dated September 13, 2010, and on hearing the submissions of counsel for the Applicants, the Monitor, and those other parties present, no one appearing for the other parties served with the Applicants'

1