Motion Record and the Applicants' Amended Motion Record, although duly served as appears from the affidavit of service of Marna McGeorge sworn September 13, 2010, filed:

## SERVICE

1.      THIS COURT ORDERS that the time for service of the Notice of Motion, the Amended Notice of Motion and the Motion Records filed by the Applicants in support of this Motion be and it is hereby abridged and validated such that the Motion is properly returnable today.

## PURPOSE OF THIS ORDER

2.      THIS COURT ORDERS that this Order is the "Claims Resolution Order" as defined in the Amended and Restated Claims Procedure Order dated July 30, 2009 made in these proceedings, as such Claims Procedure Order may be further amended from time to time by order of this Court (the "Claims Procedure Order"), and that the purpose of this Order, together with the Cross-Border Claims Protocol, is to establish mechanisms to determine the Proven Claims of Creditors, including Protocol Claims.

3.      THIS COURT ORDERS that this Order shall apply to all Claims as defined in and governed by the Claims Procedure Order, including Protocol Claims.  For the avoidance of doubt, the provisions of this Order dealing with Specific Claims, Same-Creditor Claims and Overlapping Claims and the reporting requirement in paragraph 11 hereof, shall not be construed as limited to Claims as defined in the Claims Procedure Order.

4.      THIS COURT ORDERS that in the event of a conflict between the terms of this Order and the terms of the Claims Procedure Order, the terms of this Order shall govern.

DOCSTOR: 2010978\3

- 3 -

## MONITOR'S ROLE

5.      THIS COURT ORDERS that the Monitor, in addition to its prescribed rights and obligations pursuant to the CCAA, the Initial Order, the Order of this Court made on August 14, 2009, the Claims Procedure Order and the Cross-Border Claims Protocol, is hereby directed and empowered to take such other actions and fulfill such other roles as are authorized by this Order and the Cross-Border Claims Protocol, and that in taking such other actions and in fulfilling such other roles, the Monitor shall have the protections given to it in the Initial Order, the August 14, 2009 Order, the Claims Procedure Order and this Order, including without limitation the protections provided in paragraph 24 of this Order.

## DEFINITIONS

6.      Unless otherwise defined herein, all capitalized terms used in this Order shall have the meanings ascribed to those terms in the Claims Procedure Order.   In addition, the following terms shall have the following meanings ascribed thereto:

(a)      "Bond Claims" means any claims arising from or related to the Bondholder Trust Indentures including claims filed by the indenture trustees;

(b)      "Chapter 11 Cases" means the reorganization cases under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, commenced by the U.S. Debtors in the U.S. Court, and consolidated under Case No. 09-10138 (KG).

(c)      "Claims Officer" means the person or persons so designated by the Monitor and approved by the Court, or designated by the Court, as the case may be;

3

- 4 -

(d)     "Claims Procedure Order" has the meaning ascribed to that term in paragraph 2 of
this Order;

(e)     "Cross-Border Claims Protocol" means the Cross-Border Claims Protocol
approved by this Court and the U.S. Court on September 16, 2010, as such Cross
Border Claims Protocol may be amended from time to time in accordance with its
terms;

(f)     "Dispute Notice" means a written notice to the Monitor, in substantially the form
attached as Schedule "B" hereto, delivered to the Monitor by a Creditor who has
received a Notice of Disallowance, of its intention to dispute such Notice of
Disallowance;

(g)     "EMEA Debtor" means Nortel Networks S. A. (in Administration) ("NNSA") and
the "EMEA Debtors" as defined in that certain Interim Funding and Settlement
Agreement dated June 9, 2009 ("IFSA") among the Applicants, the U.S. Debtors,
the Joint Administrators (as defined in the IFSA) and as acceded to by NNSA;

(h)     "Notice of Disallowance" means a notice, in substantially the form attached as
Schedule "A" hereto, advising a Creditor that the Monitor, in consultation with
the Applicants, has revised or disallowed all or part of such Creditor's Claim set
out in the Creditor's Proof of Claim;

(i)     "Overlapping Claims" shall have the meaning ascribed to that term in the Cross-
Border Claims Protocol;

4

- 5 -

(j)     "Protocol Claims" means the Claims governed by the Cross-Border Claims Protocol, being Overlapping Claims and Same-Creditor Claims;

(k)     "Proven Claim" has the meaning ascribed to that term in paragraph 12 of this Order;

(l)     "Same-Creditor Claims" shall have the meaning ascribed to that term in the Cross-Border Claims Protocol;

(m)     "Secured Claim" means any Claim or portion thereof that is secured by a security interest, pledge, mortgage, lien, hypothec or charge on any property of any Applicant, or any Claim of a Secured Creditor as defined in the CCAA, but only to the extent of the value of the security in respect of the Claim;

(n)     "Specific Claims" shall have the meaning ascribed to that term in paragraph 7 of this Order;

(o)     "U.S. Court" means the United States Bankruptcy Court for the District of Delaware, acting in the Chapter 11 Cases; and

(p)     "U.S. Debtors" means Nortel Networks Inc.; Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; Nortel

DOCSTOR: 2010978\3

- 6 -

Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc., and "U.S. Debtor" means any one of them.

## SPECIFIC CLAIMS

7.  THIS COURT ORDERS that, in addition to complying with the requirements set forth in paragraph 8 below, the Monitor or the Applicants, as applicable, shall seek and obtain this Court's approval prior to the acceptance, stipulation or settlement of any of the following categories of claims or related procedures as noted below (each, a "Specific Claim", and collectively "Specific Claims"):

(a)    U.K. pension claims (including but not limited to, funding guarantee claims, insolvency guarantee claims, Financial Support Direction liability claims and claims by Nortel Networks U.K. Pension Trust Limited, the U.K. Pension Protection Fund, the Pensions Regulator under The Pensions Act 2004 (U.K.) and the joint administrators of the various EMEA Debtors related to the foregoing);

(b)    claims in respect of the determination of liabilities and funded status of the Nortel Networks Negotiated Pension Plan and the Nortel Networks Limited Managerial and Non-Negotiated Pension Plan and in respect of the Ontario Pension Benefits Guarantee Fund;

(c)    Bond Claims;

(d)    the following employee-related matters: (i) any procedure, protocol or methodology for calculating termination and severance pay claims and any process for any resolution of disagreements regarding contract obligations and

6

qualifications for eligibility of such claims (including the calculation of benefits or liabilities), (ii) the actuarial methods and assumptions that will be used to determine non-registered pension claims, LTD claims and benefit claims and any process for any resolution of disagreements regarding the interpretation or application of plan criteria for such claims (including the calculation of benefits or liabilities), (iii) the form of a an order approving procedures related to Compensation Claims (including, proposed procedures relating to any bar date for claims of employees and retirees), (iv) deferred compensation claims relating to the Nortel Networks U.S. Deferred Compensation Plan (to the extent not otherwise addressed by the Cross-Border Claims Protocol), (v) the Calgary employee claims contemplated by the action bearing court file number 0901-10504 in the Alberta Court of Queen's Bench, (vi) proposed allowance of any claims provided to executives relating to their retention or compensation for an amount over $5 million and (vii) proposed allowance of any claim for an amount over $10 million relating to an insurance policy that covers director and officer claims;

(e)     pre-filing U.K. and other EMEA Debtor intercompany claims against any Applicant; and

(f)     any other claim to be allowed for an amount over $50 million (CDN);

provided however that, subject to complying with the requirements of paragraph 8 below, in a Notice of Disallowance the Monitor may provisionally accept, stipulate, settle, disallow, modify or revise any Specific Claim, so long as such acceptance, stipulation,

DOCSTOR: 2010978\3

- 8 -

settlement, disallowance, modification or revision is expressly subject to the approval of the Court.

8. THIS COURT ORDERS that, prior to agreeing on a proposed allowed amount of any Specific Claim (or procedures related thereto) with any claimant(s) and prior to seeking Court approval thereof as set forth in paragraph 7, the Monitor and the Applicants shall first consult with the U.S. Debtors regarding the applicable Specific Claim (or procedures, as the case may be) and the proposed allowed amount of such claim.

## CROSS BORDER CLAIMS PROTOCOL AND PROTOCOL CLAIMS

9. THIS COURT ORDERS that with respect to Protocol Claims:

(a) such claims shall be finally determined in accordance with the Cross-Border Claims Protocol, this Order and the Claims Procedure Order;

(b) in the event of a conflict between the terms of this Order or the Claims Procedure Order, on the one hand, and the Cross-Border Claims Protocol, on the other hand, the terms of the Cross-Border Claims Protocol shall govern in all such cases; and

(c) the provisions of this Order (including provisions applying to the determination of Proven Claims, review of Proofs of Claim, issuance of Notices of Disallowance, Dispute Notices, and the resolution of Claims), shall be subject in all cases to the terms of the Cross-Border Claims Protocol and the procedures set out therein.

DOCSTOR: 2010978\3

## GENERAL PROVISIONS - SPECIFIC CLAIMS AND PROTOCOL CLAIMS

10.    THIS COURT ORDERS that with respect to Specific Claims and Protocol Claims:

  (a)    information exchanged between the Monitor, the Applicants and the U.S. Debtors as contemplated in this Order or in the Cross-Border Claims Protocol may be shared by such parties with their respective stakeholders, subject to appropriate written confidentiality agreements, and the Monitor, the Applicants and the U.S. Debtors may consult with their respective stakeholders with respect to all such information;

  (b)    the Applicants, the U.S. Debtors, the Creditors' Committee (as defined in the Cross-Border Claims Protocol) and the Bondholder Group (also as defined in the Cross-Border Claims Protocol) shall have the right to support or object and to be heard at any hearing provided for in this Order or in the Cross-Border Claims Protocol with respect to Specific Claims or Protocol Claims, where such hearing is in either this Court or in a joint hearing of both this Court and the U.S. Court; and

  (c)    that for any matter with respect to which this Order or the Cross-Border Claims Protocol requires the Monitor to seek and obtain this Court's approval, the Monitor shall serve its request for such approval along with its report on the Service List herein (which shall include the affected claimant in respect of the matter in question and its counsel if known) no less than 10 calendar days prior to the proposed hearing.

DOCSTOR: 2010978\3

## PERIODIC CLAIMS REPORTING

11.    THIS COURT ORDERS that the Monitor will report as to the status of claims, including without limitation the Specific Claims and the Protocol Claims, filed in Canada (a) on a monthly basis, such reports to be posted on the Monitor's website in the form attached hereto as Schedule "C"; and (b) to the Applicants and the U.S. Debtors, on not less than a monthly basis, such reports to be in the form attached hereto as Schedule "D".

## DETERMINATION OF PROVEN CLAIM

12.    THIS COURT ORDERS that the amount and status of every Claim of a Creditor as finally determined in accordance with the forms and procedures authorized in the Claims Procedure Order, this Order and the Cross-Border Claims Protocol, including any determination as to the nature, amount, value, priority or validity of any Claim, including any Secured Claim (each, a "Proven Claim"), shall be final for all purposes, including for voting on and distributions made to Creditors of the Applicants pursuant to the Plan.

## REVIEW OF PROOFS OF CLAIM

13.    THIS COURT ORDERS that the Monitor, subject to the terms of this Order, in consultation with the Applicants, shall review all Proofs of Claims filed, and at any time:

(a)    may request additional information from a Creditor, in accordance with paragraph 15 of the Claims Procedure Order;

(b)    may request that the Creditor file a revised Proof of Claim, in accordance with paragraph 15 of the Claims Procedure Order;

10

(c)    may attempt to resolve and settle any issue arising in the Proof of Claim or in respect of the Claim;

(d)    may accept (in whole or in part) the amount and/or status of any Claim; and

(e)    may by notice in writing revise or disallow (in whole or in part) the amount and/or status of any Claim.

14.    THIS COURT ORDERS that where a Claim has been accepted by the Monitor, such Claim shall constitute such Creditor's Proven Claim for all purposes, including for the purposes of voting and distribution under any Plan.

15.    THIS COURT ORDERS that where a Claim is revised or disallowed (in whole or in part, and whether as to amount and/or as to status), the Monitor shall deliver to the Creditor a Notice of Disallowance, attaching the form of Dispute Notice.

16.    THIS COURT ORDERS that where a Claim has been disallowed (in whole or in part, and whether as to amount and/or as to status), the disallowed Claim (or disallowed portion thereof) shall not be a Proven Claim unless the Creditor has disputed the disallowance and proven the disallowed Claim (or disallowed portion thereof) in accordance with paragraphs 17 to 22 of this Order, or as otherwise ordered by this Court.

**DISPUTE NOTICE**

17.    THIS COURT ORDERS that a Creditor who intends to dispute a Notice of Disallowance shall file a Dispute Notice with the Monitor as soon as reasonably possible but in any event such that such Dispute Notice shall be received by the Monitor on or before 4:00 p.m. (prevailing time in Toronto) on the day that is fourteen (14) days after the Creditor is

deemed to have received the Notice of Disallowance in accordance with paragraph 25 of this Order. The filing of a Dispute Notice with the Monitor within the fourteen (14) day period specified in this paragraph shall constitute an application to have the amount or status of such Claim determined as set out in paragraphs 19 to 22 hereof.

18. THIS COURT ORDERS that where a Creditor that receives a Notice of Disallowance fails to file a Dispute Notice with the Monitor within the time period provided therefore in paragraph 17 above, the amount and status of such Creditor's Claim shall be deemed to be as set out in the Notice of Disallowance and such amount and status, if any, shall constitute such Creditor's Proven Claim.

## RESOLUTION OF CLAIMS

19. THIS COURT ORDERS that as soon as practicable after the delivery of the Dispute Notice to the Monitor, the Creditor and the Monitor, in consultation with the Applicants, shall attempt to resolve and settle the Creditor's Claim.

20. THIS COURT ORDERS that in the event that a dispute raised in a Dispute Notice is not settled within a time period or in a manner satisfactory to the Monitor, the Monitor may refer the dispute to a Claims Officer for determination, or in the alternative may in its sole discretion bring the dispute before the Court for determination. If the Monitor refers the dispute to a Claims Officer for determination, then (i) the Claims Officer shall determine the manner, if any, in which evidence may be brought before the Claims Officer by the parties as well as any other matters, procedural or substantive, which may arise in respect of the Claims Officer's determination of a Creditor's Claim, and (ii) the provisions of paragraphs 21 and 22 of this Order shall apply to the determination of the

DOCSTOR: 2010978\3

- 13 -

Claims Officer.   For greater certainty, the Claims Officer may require written submissions, and may limit submissions to written submissions, at the Claims Officer's discretion.

21.  THIS COURT ORDERS that the Claims Officer shall as soon as is practicable, and in any event by no later than (i) thirty (30) days from the closing of submissions (whether written or oral or both), or (ii) such other date as the Claims Officer may order, notify the Creditor, the Monitor and the Applicants in writing of the Claims Officer's determination of the amount and status of such Creditor's Claim.

22.  THIS COURT ORDERS that the Claims Officer's determination of any Creditor's Proven Claim shall be final and binding, unless within ten (10) days of the delivery of the Claims Officer's determination, the Applicants, the Monitor or the Creditor has filed with this Court an appeal, by way of Notice of Motion, of the Claims Officer's determination.

23.  THIS COURT ORDERS that with respect to Specific Claims, the procedures set out in paragraphs 13 through 22 hereof are expressly subject to paragraphs 7 and 8 of this Order.

## PROTECTIONS FOR MONITOR

24.  THIS COURT ORDERS that (i) in carrying out the terms of this Order and the Cross-Border Claims Protocol, the Monitor shall have all of the protections given to it by the CCAA, the Initial Order, the August 14, 2009 Order and the Claims Procedure Order or as an officer of this Court, including without limitation the stay of proceedings in its favour, (ii) the Monitor shall incur no liability or obligation as a result of the carrying out

13

of the provisions of this Order, except for its own wilful misconduct or gross negligence, (iii) the Monitor shall be entitled to rely on the books and records of the Applicants and any information provided by the Applicants, all without independent investigation, and (iv) the Monitor shall not be liable for any claims or damages resulting from any errors or omissions in such books, records and information.

## SERVICE AND NOTICE

25.     THIS COURT ORDERS that the Monitor or the Applicants, as the case may be, are at liberty to deliver any letters, notices or other documents relating to Claims to Creditors or other interested Persons, by forwarding true copies thereof by prepaid ordinary mail, registered mail, courier, personal delivery or electronic or digital transmission to such Persons (i) at the address shown on the Proof of Claim filed by that Person, or (ii) if a Proof of Claim has not been filed by that Person or does not contain a valid address, then at the address last shown on the records of the Applicants, and that any such service or notice by courier, personal delivery or electronic or digital transmission shall be deemed to be received on the next Business Day following the date of forwarding thereof, or if sent by prepaid ordinary mail or by registered mail, on the fourth Business Day after mailing.  Notwithstanding anything to the contrary in this paragraph 25, Notices of Disallowance shall be sent only by (i) facsimile to a number that has been provided in writing by the Creditor, (ii) registered mail, or (iii) courier.

26.     THIS COURT ORDERS that any notice or other communication to be given under this Order by a Creditor to the Monitor shall be in writing and will be sufficiently given only if given by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission addressed to:

14

- 15 -

ERNST & YOUNG INC.
Court-appointed Monitor of Nortel Networks Corporation & others
222 Bay Street, Suite 1600
Toronto, Ontario
Canada M5K 1J7

| | |
|---|---|
| Attention: | David Saldanha |
| Telephone: | 1-416-943-4431 |
| E-mail | david.saldanha@ca.ey.com |
| Fax: | 1-416-943-3300 |

Any such notice or other communication by a Creditor shall be deemed received only upon actual receipt thereof during normal business hours on a Business Day.  Where the communication is to be by way of a form attached as a Schedule to this Order, such communication shall be in substantially the form of the attached Schedule.


## MISCELLANEOUS

27.    THIS COURT ORDERS AND REQUESTS the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any court in Canada pursuant to Section 17 of the CCAA) and any court or any judicial, regulatory or administrative body of the United States of America, the United Kingdom, the French Republic, the State of Israel, and the Republic of Korea, and of any other nation or state, to act in aid of and to be complementary to this Court in carrying out the terms of this Order.


ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

SEP 17 2010

15 PER / PAR:

SCHEDULE "A"

## NOTICE OF DISALLOWANCE

**For creditors of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (each a "CCAA Applicant" and collectively, the "CCAA Applicants") and/or their respective Officers and Directors**

Claim Reference Number: _____

Name of CCAA Applicant: _____

TO: _____
        *(Name of Creditor)*

Defined terms not defined in this Notice of Disallowance have the meaning ascribed in the Orders of the Ontario Superior Court of Justice dated July 30, 2009 and September 16, 2010 (the "Claims Procedure Order" and "Claims Resolution Order" respectively). **All dollar values contained herein are in Canadian dollars unless otherwise noted.**

Pursuant to paragraph 15 of the Claims Resolution Order, Ernst & Young Inc., in its capacity as Court-appointed Monitor of the CCAA Applicant, hereby gives you notice that it has reviewed your Proof of Claim in conjunction with the CCAA Applicant and has disallowed all or part of your Claim. Subject to further dispute by you in accordance with the Claims Resolution Order, your Claim will be allowed as follows:

| | Proof of Claim amount as submitted | | Amount allowed by Monitor |
|---|---|---|---|
| | (original currency amount) | (in Canadian dollars) | (in Canadian dollars) |
| A. Unsecured Prefiling Claim | | $ | $ |
| B. Secured Prefiling Claim | | $ | $ |
| C. Section 136 Prefiling Claim | | $ | $ |
| D. Restructuring Claim | | $ | $ |

1

- 2 -

| | Proof of Claim amount as submitted | | Amount allowed by Monitor |
|---|---|---|---|
| | (original currency amount) | (in Canadian dollars) | (in Canadian dollars) |
| E. Directors/Officers Claim | | $ | $ |
| F. Total Claim | | $ | $ |

**Reasons for Disallowance:**

_____

_____

_____

_____

## SERVICE OF DISPUTE NOTICES

If you intend to dispute this Notice of Disallowance, you must, no later than 4:00 pm (prevailing time in Toronto) on the day that is fourteen (14) days after this Notice of Disallowance is deemed to have been received by you (in accordance with paragraph 25 of the Claims Resolution Order), deliver a Notice of Dispute to the Monitor by prepaid ordinary mail, registered mail, courier, personal delivery or electronic or digital transmission to the address below.  In accordance with the Claims Resolution Order, notices shall be deemed to be received upon actual receipt thereof by the Monitor during normal business hours on a Business Day, or if delivered outside of normal business hours, on the next Business Day.  The form of Dispute Notice is enclosed and can also be accessed on the Monitor's website at www.ey.com/ca/nortel.

ERNST & YOUNG INC.
Court-appointed Monitor of Nortel Networks Corporation & others
222 Bay Street, Suite 1600
Toronto, Ontario
Canada M5K 1J7

Attention:    David Saldanha
Telephone:   1-416-943-4431
E-mail        david.saldanha@ca.ey.com
Fax:          1-416-943-3300

2

- 3 -

**IF YOU FAIL TO FILE A DISPUTE NOTICE WITHIN THE PRESCRIBED TIME PERIOD, THIS NOTICE OF DISALLOWANCE WILL BE BINDING UPON YOU.**

**DATED** at Toronto, this        day of                        , 2010.

**ERNST & YOUNG INC.,** in its capacity as Court-appointed Monitor of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation.

Per:

3

## SCHEDULE "B"

### DISPUTE NOTICE

**For Voting And/Or Distribution Purposes with respect to Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (each a "CCAA Applicant" and collectively, the "CCAA Applicants") and/or their respective Officers and Directors**

Claim Reference Number: _____

Name of CCAA Debtor against
which a Claim is asserted: _____

1.    **Particulars of Creditor:**

Full Legal Name of Creditor (include trade name, if different):

_____

_____

*(the "Creditor")*.

Full Mailing Address of the Creditor:

_____

_____

Other Contact Information of the Creditor:

Telephone Number: _____

Email Address: _____

Facsimile Number: _____

Attention (Contact Person): _____

1

- 2 -

2.    **Particulars of original Creditor from whom you acquired the Claim, if applicable:**

Have you acquired this Claim by assignment?

Yes: ☐       No: ☐

If yes and if not already provided, attach documents evidencing assignment.

Full Legal Name of original Creditor(s): _____

3.    **Dispute of Disallowance of Claim:**

*For the purposes of the Claims Procedure Order and Claims Resolution Order only (and without prejudice to the terms of any plan of arrangement or compromise) claims in a foreign currency will be converted to Canadian dollars at the exchange rates approved by the Claims Procedure Order. A copy of the applicable exchange rate can be found on the Monitor's website at www.ey.com/ca/nortel.*

The Creditor hereby disagrees with the value of its Claim as set out in the Notice of Disallowance and asserts a Claim as follows:

| | Amount allowed by Monitor: (Notice of Disallowance) (in Canadian dollars) | Amount claimed by Creditor: (in Canadian Dollars) |
|---|---|---|
| A. Unsecured Prefiling Claim | $ | $ |
| B. Secured Prefiling Claim | $ | $ |
| C. Section 136 Prefiling Claim | $ | $ |
| D. Restructuring Claim | $ | $ |
| E. Directors/Officers Claim | $ | $ |
| F. Total Claim | $ | $ |

**REASON(S) FOR THE DISPUTE:**

*(You must include a list of reasons as to why you are disputing your Claim as set out in the Notice of Disallowance.)*

_____

_____

_____

_____

DOCSTOR: 2010978\3

**SERVICE OF DISPUTE NOTICES**

**If you intend to dispute the Notice of Disallowance, you must by no later than the date that is fourteen (14) days after the Notice of Disallowance is deemed to have been received by you (in accordance with paragraph 25 of the Claims Resolution Order) deliver to the Monitor this Dispute Notice by prepaid ordinary mail, registered mail, courier, personal delivery or electronic or digital transmission to the address below.** In accordance with the Claims Resolution Order, notices shall be deemed to be received upon actual receipt thereof by the Monitor during normal business hours on a Business Day, or if delivered outside of normal business hours, on the next Business Day.

ERNST & YOUNG INC.
Court-appointed Monitor of Nortel Networks Corporation & others
222 Bay Street, Suite 1600
Toronto, Ontario
Canada M5K 1J7

Attention:     David Saldanha
Telephone:    1-416-943-4431
E-mail          david.saldanha@ca.ey.com
Fax:             1-416-943-3300

DATED this _____ day of _____, 2010.

Name of Creditor: _____

_____          Per: _____
Witness                                                         Name:
                                                                      Title:
                                                                      *(please print)*

DOCSTOR: 2010978\3

- 4 -

## SCHEDULE "C"

## FORM OF REPORT TO BE POSTED ON MONITOR'S WEBSITE MONTHLY

## (NEXT PAGE)

DOCSTOR: 2010978\3

[NOT ACTUAL AMOUNTS - FOR ILLUSTRATIVE PURPOSES ONLY]

Schedule C

## Nortel Networks - CCAA Applicants Overall Claims Status

(Date)
All amounts in CAD $ millions

| Debtor | Claim Category | Filed Proof of Claim # | $ | Under Review # | $ | Accepted or Reviewed and unadjusted # | $ | Value per Notice of Disallowance # | $ | Value per Notice of Dispute # | $ | Valued by Claims Officer # | $ | Valued by Court # | $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Debtor A** | Trade | 10 | 1,000 | 5 | 500 | 5 | 500 | | | | | | | | |
| | Bonds | 5 | 25,000 | 10 | 1,000 | 5 | 1,000 | 5 | 3,000 | 5 | 25,000 | | | | |
| | Term. & Severance | 30 | 10,000 | 25 | 2,000 | 5 | 5,000 | | | 10 | 3,000 | | | | |
| | Pension & Benefits | 40 | 25,000 | | | | | | | 10 | 2,000 | 40 | 7,000 | 10 | 15,000 |
| | Other | 50 | 10,000 | | | | | | | | | | | | |
| | **Total** | 135 | 71,000 | 40 | 3,500 | 15 | 6,500 | 5 | 3,000 | 25 | 30,000 | 40 | 7,000 | 10 | 15,000 |
| **Debtor B** | Trade | 5 | 25,000 | | | 2 | 1,000 | 3 | 10,000 | | | | | | |
| | Bonds | 5 | 10,000 | | | | | | - | | | | | 5 | 10,000 |
| | Term. & Severance | 30 | 150,000 | 20 | 10,000 | 10 | 100,000 | 5 | 10,000 | 3 | 10,000 | | | | |
| | Pension & Benefits | 10 | 30,000 | | | 2 | 5,000 | | | 5 | 10,000 | 5 | 10,000 | | |
| | Other | 10 | 45,000 | | | | | | | | | | | | |
| | **Total** | 60 | 260,000 | 20 | 10,000 | 14 | 106,000 | 8 | 20,000 | 8 | 20,000 | 5 | 10,000 | 5 | 10,000 |
| **Debtor C** | Trade | 10 | 45,000 | | | 5 | 5,000 | 1 | 10,000 | 4 | 15,000 | | | | |
| | Bonds | 5 | 50,000 | | | | | | | | | | | 5 | 50,000 |
| | Term. & Severance | 5 | 75,000 | 1 | 10,000 | 4 | 50,000 | | | | | | | | |
| | Pension & Benefits | 5 | 100,000 | | | | | 5 | 100,000 | | | | | | |
| | Other | 20 | 50,000 | 10 | 15,000 | | | 1 | 10,000 | | | 9 | 10,000 | | |
| | **Total** | 45 | 320,000 | 11 | 25,000 | 9 | 55,000 | 7 | 120,000 | 4 | 15,000 | 9 | 10,000 | 5 | 50,000 |

Notes:

Note 1   The estimated value of individual claims by category is aggregated and shown in one claim stage only.

Note 2   All amounts (other than Accepted) are subject to potential material change (i.e., negotiation, appeal, etc.) as the process for the determination of claims proceeds.

Internal purposes only:
Trade claims include: Contract rejection, Non-Real Estate, Tax & Governmental and Late Claims
Other claims include: Employee, Equity, Litigation, Treasury and Real Estate Claims

- 5 -

## SCHEDULE "D"

### FORM OF REPORT TO APPLICANTS AND U.S. DEBTORS

### (NEXT PAGE)

DOCSTOR: 2010978\3

[NOT ACTUAL AMOUNTS - FOR ILLUSTRATIVE PURPOSES ONLY]

Schedule D

# Nortel Networks - CCAA Applicants Individual Claims Status
(Date)
All amounts in CAD $

| | | | | | | | | Current and previous to current claim stages | | | | | | |
| | | | | As filed per proof of claim | | | | | | | | | | |
| Claim ID | Creditor Name | Debtor | Claim Category | Pref. / Sec. | Duplicate | Cross Border | Proof of claim amount | Under Review | Accepted or Reviewed and unadjusted | Value per Notice of Disallowance | Value per Notice of Dispute | Valued by Claims Officer | Valued by Court | Estimated value based on current claim stage |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Creditor A | Debtor A | Trade | P | | X | 1,000 | 1,000 | 1,000 | - | - | - | - | 1,000 |
| 2 | Creditor B | Debtor A | Other | | D | | 10,000 | 10,000 | | - | - | - | - | 5,000 |
| 3 | Creditor C | Debtor B | Trade | | | | 10,000 | | | 5,000 | 10,000 | - | - | 10,000 |
| 4 | Creditor D | Debtor C | Trade | | | | 5,000 | 5,000 | | 1,500 | - | - | - | 1,500 |
| 5 | Creditor E | Debtor C | Contract Repudiation | | D | | 10,000 | | | 2,500 | 5,000 | - | - | 5,000 |
| 6 | Creditor F | Debtor C | Treasury | | | X | 1,015,000 | 1,015,000 | | 515,000 | 5,000 | - | - | 515,000 |
| 7 | Creditor G | Debtor D | Trade | S | | | 20,000 | | | - | - | 18,000 | 10,000 | 10,000 |
| 8 | Creditor H | Debtor D | Treasury | | | | 5,000 | | | - | - | 2,500 | 5,000 | 5,000 |
| 9 | Creditor I | Debtor D | Employee | P | | X | 10,000 | | | - | 10,000 | 8,000 | - | 8,000 |
| 10 | Creditor J | Debtor E | Trade | | | | 12,000 | 12,000 | 12,000 | - | - | - | - | 12,000 |
| | | | | | | | 1,098,000 | 12,000 | 12,000 | | | | | 572,500 |

Notes:
Note 1: The claim values disclosed are as of the current and previous to current stages of claims determination. No further historic stage values of claims are presented.
Note 2: All amounts (other than Accepted) are subject to potential material change (i.e. negotiation, appeal, etc.) as the process for the determination of claims are presented.
Note 3: All employee claims will be reported in aggregate with the exception of certain executive claims that are Specific Claims which will be reported individually.
Note 4: The Claim Categories will consist of: Contract Repudiation - Non Real Estate; Employee, Equity; Law Claims; Litigation; Pension & Benefits; Real Estate; Tax and Governmental; Trade Payables; Bonds, Treasury and Other

Schedules to be provided by Monitor:
1) The form above sorted by Claim ID
2) The form above sorted by Claim Category / Debtor / Creditor Name
3) The form above sorted by Debtor / Claim Category / Creditor Name

108

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**ORDER**
**(CLAIMS RESOLUTION ORDER)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario  M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Jennifer Stam LSUC#: 46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants

File No. 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE- COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | THURSDAY, THE 16TH |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF SEPTEMBER, 2010 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION (the "Applicants")

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

**ORDER APPROVING CROSS-BORDER CLAIMS PROTOCOL**

THIS MOTION, made by the Applicants for an Order substantially in the form included in the Applicants' Motion Record, was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the Applicants' Notice of Motion, the affidavit of John Doolittle sworn on September 10, 2010, the Fifty-Third Report of the Monitor dated September 13, 2010 (the "Monitor's Report"), and on hearing the submissions of counsel for the Applicants, the Monitor, and those other parties present, no one appearing for the other parties served with the Applicants' Motion Record, although duly served as appears from the affidavit of service of Marna McGeorge sworn September 13, 2010, filed:

1

## SERVICE

1.    THIS COURT ORDERS that the time for service of the Notice of Motion and the Motion Record filed by the Applicants in support of this Motion be and it is hereby abridged and validated such that the Motion is properly returnable today.

## APPROVAL OF CROSS-BORDER CLAIMS PROTOCOL

2.    THIS COURT ORDERS that the Cross-Border Claims Protocol attached hereto as Schedule "A" is hereby approved, and that the Cross-Border Claims Protocol shall become effective upon approval by the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") acting in the reorganization cases commenced by the U.S. Debtors[1] under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

3.    THIS COURT ORDERS that references in this Order to the Cross-Border Claims Protocol shall mean the Cross-Border Claims Protocol attached as Schedule "A", as such Cross-Border Claims Protocol may be amended from time to time in accordance with its terms.  Other capitalized terms used in paragraphs 4 through 6 of this Order shall have the meanings given to them in the Cross-Border Claims Protocol.

---

[1] As defined in the Cross-Border Claims Protocol, being Nortel Networks Inc.; Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; Nortel Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc.

DOCSTOR: 2011331\2

**CROSS-BORDER CLAIMS PROTOCOL TO GOVERN CERTAIN CLAIMS**

4.      THIS COURT ORDERS that the Cross-Border Claims Protocol shall govern the coordination and resolution of Overlapping Claims and Same-Creditor Claims filed in the Canadian Proceedings and the Chapter 11 Cases, in accordance with the terms of the Cross-Border Claims Protocol.  Any and all claims resolution procedures which have been or may be approved by this Court, including those contained in the Claims Resolution Order that this Court may approve today, as they relate to Overlapping Claims and Same-Creditor Claims, shall be subject to the provisions and requirements of the Cross-Border Claims Protocol.

**AGGREGATE DISTRIBUTIONS NOT TO EXCEED 100%**

5.      THIS COURT ORDERS that no claimant holding an Overlapping Claim or Same-Creditor Claim shall receive aggregate distributions from the Debtors on account of such claim(s) in excess of 100% of the amount of such allowed claim(s) (including any post-filing interest or other amounts permitted under applicable law).

**GENERAL**

6.      THIS COURT ORDERS that resolution of any Overlapping Claims and Same-Creditor Claims in the Canadian Proceedings shall be without prejudice to the rights and defenses of the U.S. Debtors with respect to such Overlapping Claims and Same-creditor Claims in the Chapter 11 Cases.

7.      THIS COURT ORDERS AND REQUESTS the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any court in Canada pursuant to Section 17 of the CCAA)

3

- 4 -

and any court or any judicial, regulatory or administrative body of the United States of

America, the United Kingdom, the French Republic, the State of Israel, and the Republic

of Korea, and of any other nation or state, to act in aid of and to be complementary to this

Court in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

SEP 1 7 2010

PER / PAR:

4

Schedule "A" _(handwritten)_

**Final Version**

## TABLE OF CONTENTS

PART I - BACKGROUND ....................................................................................................................... 1
   Canadian and U.S. Proceedings.................................................................................................... 1
   Cross-Border Insolvency Protocol.............................................................................................. 3
   Notice of Deadline and of Procedures for Filing Claims.......................................................... 4

PART II – SCOPE OF THIS CLAIMS PROTOCOL ...................................................................... 5

PART III – COOPERATION AND CONSULTATION ................................................................... 7

PART IV – APPLICABLE PROCEDURES FOR RESOLVING CLAIMS ................................... 7
   Resolution of Overlapping Claims .............................................................................................. 7
   Resolution of Same-Creditor Claims........................................................................................ 10

PART V – THE COURTS AND THIS CLAIMS PROTOCOL ..................................................... 11
   Comity and Independence of the Courts................................................................................... 11
   Effectiveness; Modification........................................................................................................ 12
   Procedure for Resolving Disputes under the Claims Protocol............................................... 12

PART VI - GENERAL ........................................................................................................................ 13
   Distributions on Overlapping Claims and Same-Creditor Claims......................................... 13
   Rights to Appear and Be Heard................................................................................................. 13
   Preservation of Rights ................................................................................................................ 14
   Discharge, Removal or Dissolution of the Creditors' Committee or the Bondholders' Committee....................... 16