- 11 -

limitation shall have no obligation to give notice to or deal with any Person having a security interest in such EMEA Claim (including the holder of a security interest created by way of a pledge or a security interest created by way of an assignment of such EMEA Claim), and such Persons shall be bound by any notices given to the EMEA Creditor (or its representatives) and any steps taken in respect of such EMEA Claim in accordance with this Order.

## EMEA CLAIMS BAR DATE

12.    THIS COURT ORDERS that Proofs of Claim with respect to an EMEA Claim shall be filed with the Monitor no later than 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date, which for greater certainty is March 18, 2011.

13.    THIS COURT ORDERS that any EMEA Creditor that does not file a Proof of Claim as provided for herein such that such Proof of Claim is received by the Monitor by 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date (a) shall be and is hereby forever barred from making or enforcing any EMEA Claim against the Applicants, or any of them, or the Directors or Officers, or any of them; (b) shall not be entitled to vote an EMEA Claim at any creditors' meeting in respect of the Plan or to receive any distribution thereunder; and (c) shall not be entitled to any further notice in, and shall not be entitled to participate as an EMEA Creditor in, these proceedings.

14.    THIS COURT ORDERS that nothing in the Order Approving Tolling made by this Court on December 20, 2011 shall permit the filing of an EMEA Claim after 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date, and that the tolling provided for in the Order Approving Tolling shall terminate at such time on the EMEA Claims Bar Date.

- 12 -

## PROOFS OF CLAIM

15.   THIS COURT ORDERS that each EMEA Creditor shall file a separate Proof of Claim for each Applicant against whom it asserts an EMEA Claim and, if the EMEA Claim is also being asserted against the Directors or Officers of that Applicant, such EMEA Claim against those Directors or Officers shall be included in the same Proof of Claim.

16.   THIS COURT ORDERS that each EMEA Creditor shall include any and all EMEA Claims it asserts against an Applicant in a single Proof of Claim, provided however that where an EMEA Creditor has taken an assignment or transfer of an EMEA Claim after the Filing Date, that EMEA Creditor shall file a separate Proof of Claim for each such assigned or transferred EMEA Claim.

17.   THIS COURT ORDERS that where an EMEA Claim against any Applicant is based on that Applicant's guarantee of the repayment of a debt of another Applicant or the debt of any other Person, the Proof of Claim in respect of such EMEA Claim shall clearly state that it is based on such a guarantee, and that where any Applicant has guaranteed the repayment of the debt of any other Applicant, a Proof of Claim in respect of that debt shall be filed against each such Applicant.

18.   THIS COURT ORDERS that if any EMEA Claim arose in a currency other than Canadian dollars, then the EMEA Creditor making the EMEA Claim shall complete its Proof of Claim indicating the amount of the EMEA Claim in such currency, rather than in Canadian dollars or any other currency.  The Monitor shall subsequently calculate the amount of such EMEA Claim in Canadian dollars, using the Reuters closing rate on January 13, 2009, without prejudice to the ability of the Applicants to utilize a different exchange rate in any Plan.

- 13 -

**DETERMINATION OF PROVEN EMEA CLAIMS**

19.     THIS COURT ORDERS that an EMEA Claim shall not be a Proven EMEA Claim unless
and until the EMEA Claim has been allowed or otherwise finally determined in
accordance with this Order and, where applicable, the Claims Resolution Order and the
Cross-Border Claims Protocol, provided however that no EMEA Claim may be allowed
or may be established as a "Proven EMEA Claim" unless a Proof of Claim with respect
to that EMEA Claim is filed in accordance with this Order by 4:00 p.m. (prevailing time
in Toronto, Ontario, Canada) on the EMEA Claims Bar Date.

20.     THIS COURT ORDERS that the amount and status of every EMEA Claim of an EMEA
Creditor as finally determined in accordance with the forms and procedures authorized in
this Order and, where applicable, the Claims Resolution Order and the Cross-Border
Claims Protocol, including any determination as to the nature, amount, value, priority or
validity of any EMEA Claim, including any Secured Claim (each, a "Proven EMEA
Claim"), shall be final and binding for all purposes, including without limitation for
voting on and distributions made to EMEA Creditors of the Applicants pursuant to the
Plan.

**REVIEW OF PROOFS OF CLAIM**

21.     THIS COURT ORDERS that the Monitor, in consultation with the Applicants and where
applicable any Affected Director of Officer, shall review all Proofs of Claims that are
filed on or before the EMEA Claims Bar Date. At any time, the Monitor:

    (a)     may request additional information from an EMEA Creditor with respect to an
            EMEA Claim;

- 14 -

(b)     may request that the EMEA Creditor file a revised Proof of Claim;

(c)     may attempt to resolve and settle any issue arising in the Proof of Claim or in respect of the EMEA Claim;

(d)     may accept (in whole or in part) the amount and/or status of any EMEA Claim; and

(e)     may by notice in writing revise or disallow (in whole or in part) the amount and/or status of any EMEA Claim,

provided, however, that an EMEA Claim that has been asserted against an Applicant and an Affected Director or Officer cannot be settled or accepted by the Monitor except (i) with the consent of the Affected Director or Officer, or on further Order of this Court, or (ii) on a basis that is expressly without prejudice to the Affected Director or Officer, and further provided that if an EMEA Claim is asserted only against an Affected Director and Officer, and not against an Applicant, then such EMEA Claim shall not be settled or accepted by the Monitor without the consent of the Affected Director or Officer, or on further Order of this Court.

22.     THIS COURT ORDERS that where an EMEA Claim has been accepted by the Monitor and approved by the Court in accordance with the Claims Resolution Order, such EMEA Claim shall constitute such EMEA Creditor's Proven EMEA Claim for all purposes, including for the purposes of voting and distribution under the Plan.

23.     THIS COURT ORDERS that where an EMEA Claim is revised or disallowed (in whole or in part, and whether as to amount and/or as to status), the Monitor shall deliver to the EMEA Creditor a Notice of Disallowance, attaching the form of Dispute Notice. Where

- 15 -

a Notice of Disallowance relates to an EMEA Claim that has been made against a Director or Officer, a copy of the Notice of Disallowance shall also be delivered by the Monitor to the Affected Director or Officer.

24.     THIS COURT ORDERS that where an EMEA Claim has been disallowed (in whole or in part, and whether as to amount and/or as to status), the disallowed EMEA Claim (or disallowed portion thereof) shall not be a Proven EMEA Claim unless that EMEA Creditor has disputed the disallowance and proven the disallowed EMEA Claim (or disallowed portion thereof) in accordance with paragraphs 25 to 28 of this Order, or as otherwise ordered by this Court.

**DISPUTE NOTICE**

25.     THIS COURT ORDERS that an EMEA Creditor who intends to dispute a Notice of Disallowance shall file a Dispute Notice with the Monitor as soon as reasonably possible but in any event such that such Dispute Notice shall be received by the Monitor on or before 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the day that is fourteen (14) days after the EMEA Creditor is deemed to have received the Notice of Disallowance in accordance with paragraph 35 of this Order. The filing of a Dispute Notice with the Monitor within the fourteen (14) day period specified in this paragraph shall constitute an application to have the amount or status of such EMEA Claim determined as set out in paragraphs 27 to 28 hereof. Where a Dispute Notice relates to an EMEA Claim that has been made against a Director or Officer, a copy of the Dispute Notice shall be delivered by the Monitor, promptly after receipt by the Monitor, to the Affected Director or Officer.

- 16 -

26.    THIS COURT ORDERS that where an EMEA Creditor that receives a Notice of
Disallowance fails to file a Dispute Notice with the Monitor within the time period
provided therefore in paragraph 25 above, the amount and status of such EMEA
Creditor's EMEA Claim shall be deemed to be as set out in the Notice of Disallowance
and such amount and status, if any, shall constitute such EMEA Creditor's Proven EMEA
Claim.

**RESOLUTION OF EMEA CLAIMS**

27.    THIS COURT ORDERS that as soon as practicable after the delivery of the Dispute
Notice to the Monitor, the EMEA Creditor and the Monitor, in consultation with the
Applicants and, where applicable, any Affected Director or Officer, shall attempt to
resolve and settle such EMEA Creditor's EMEA Claim.

28.    THIS COURT ORDERS that in the event that a dispute raised in a Dispute Notice is not
settled within a time period or in a manner satisfactory to the Monitor, the Monitor will
bring the dispute before the Court.

29.    THIS COURT ORDERS that the procedures set out in paragraphs 21-28 herein are
expressly subject to paragraphs 7, 8 and 10 of the Claims Resolution Order and, where
applicable, the terms of the Cross-Border Claims Protocol.

**NOTICE OF TRANSFEREES**

30.    THIS COURT ORDERS that neither the Applicants nor the Monitor shall be obligated to
give notice to or to otherwise deal with a transferee or assignee of an EMEA Claim as the
EMEA Creditor in respect thereof unless and until (i) actual written notice of transfer or
assignment, together with satisfactory evidence of such transfer or assignment, shall have

- 17 -

been received by the Monitor, and (ii) the Monitor shall have acknowledged in writing such transfer or assignment, and thereafter such transferee or assignee shall for the purposes hereof constitute the "EMEA Creditor" in respect of such EMEA Claim. Any such transferee or assignee of an EMEA Claim, and such EMEA Claim, shall be bound by any notices given or steps taken in respect of such EMEA Claim in accordance with this Order prior to the written acknowledgement by the Monitor of such transfer or assignment.

31.    THIS COURT ORDERS that if the holder of an EMEA Claim has transferred or assigned the whole of such EMEA Claim to more than one Person or part of such EMEA Claim to another Person or Persons, such transfer or assignment shall not create a separate EMEA Claim or EMEA Claims and such EMEA Claim shall continue to constitute and be dealt with as a single EMEA Claim notwithstanding such transfer or assignment, and the Applicants and the Monitor shall in each such case not be bound to acknowledge or recognize any such transfer or assignment and shall be entitled to give notices to and to otherwise deal with such EMEA Claim only as a whole and then only to and with the Person last holding such EMEA Claim in whole as the EMEA Creditor in respect of such EMEA Claim. Provided that a transfer or assignment of the EMEA Claim has taken place in accordance with paragraph 30 of this Order and the Monitor has acknowledged in writing such transfer or assignment, the Person last holding such EMEA Claim in whole as the EMEA Creditor in respect of such EMEA Claim may by notice in writing to the Monitor direct that subsequent dealings in respect of such EMEA Claim, but only as a whole, shall be with a specified Person and, in such event, such EMEA Creditor, such transferee or assignee of the EMEA Claim and the whole of such EMEA Claim shall be

- 18 -

bound by any notices given or steps taken in respect of such EMEA Claim by or with respect to such Person in accordance with this Order.

32.     THIS COURT ORDERS that the transferee or assignee of any EMEA Claim (i) shall take the EMEA Claim subject to the rights and obligations of the transferor/assignor of the EMEA Claim, and subject to the rights of any Applicant against any such transferor or assignor, including any rights of set-off which any Applicant had against such transferor or assignor, and (ii) cannot use any transferred or assigned EMEA Claim to reduce any amount owing by the transferee or assignee to any Applicant, whether by way of set off, application, merger, consolidation or otherwise.

33.     THIS COURT ORDERS that nothing in this Order is intended to or shall be deemed to permit, enable or authorize the transfer or assignment of an EMEA Claim or to in any way affect the validity or invalidity of any such transfer or assignment.

**PROTECTIONS FOR MONITOR**

34.     THIS COURT ORDERS that (i) in carrying out the terms of this Order, the Monitor shall have all of the protections given to it by the CCAA, the Initial Order and the August 14, 2009 Order made in these proceedings, or as an officer of this Court, including without limitation the stay of proceedings in its favour, (ii) the Monitor shall incur no liability or obligation as a result of the carrying out of the provisions of this Order, except for its own wilful misconduct or gross negligence, (iii) the Monitor shall be entitled to rely on the books and records of the Applicants, and any information provided by the Applicants, all without independent investigation, and (iv) the Monitor shall not be liable for any claims or damages resulting from any errors or omissions in such books, records and information.

- 19 -

## SERVICE AND NOTICE

35.     THIS COURT ORDERS that the Monitor or the Applicants, as the case may be, are at

liberty to deliver any letters, notices or other documents relating to EMEA Creditors or

other interested Persons, by forwarding true copies thereof by prepaid ordinary mail,

registered mail, courier, personal delivery or electronic or digital transmission to such

Persons (i) at the address shown on the Proof of Claim filed by that Person, or (ii) if a

Proof of Claim has not been filed by that Person or does not contain a valid address, then

at the address last shown on the records of the Applicants, and that any such service or

notice by courier, personal delivery or electronic or digital transmission shall be deemed

to be received on the next Business Day following the date of forwarding thereof, or if

sent by prepaid ordinary mail or by registered mail, on the fourth Business Day after

mailing.

36.     THIS COURT ORDERS that any notice or other communication to be given under this

Order by an EMEA Creditor to the Monitor shall be in writing and will be sufficiently

given only if given by prepaid ordinary mail, courier, personal delivery or electronic or

digital transmission addressed to:

> ERNST & YOUNG INC.
> Court-appointed Monitor of Nortel Networks Corporation & others
> 222 Bay Street, Suite 1600
> Toronto, Ontario
> Canada M5K 1J7
>
> Attention:    David Saldanha
> Telephone:    1-416-943-4431
> E-mail        david.saldanha@ca.ey.com
> Fax:          1-416-943-3300

Any such notice or other communication by an EMEA Creditor shall be deemed received

only upon actual receipt thereof during normal business hours on a Business Day.  Where

- 20 -

the communication is to be by way of a form attached as a Schedule to this Order, such communication shall be in substantially the form of the attached Schedule.

37.    THIS COURT ORDERS that where, pursuant to this Order, consultation is to occur with any Affected Director or Officer, notice is to be given to any such Person, or the consent of any such Person is to be obtained, and such Affected Director or Officer is represented by counsel, then such consultation, notice or consent may be with, to, or obtained from, such counsel.

**MISCELLANEOUS**

38.    THIS COURT ORDERS AND REQUESTS the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any court in Canada pursuant to Section 17 of the CCAA) and any court or any judicial, regulatory or administrative body of the United States of America, the United Kingdom, the French Republic, the State of Israel, and the Republic of Korea, and of any other nation or state, to act in aid of and to be complementary to this Court in carrying out the terms of this Order.

ENTERED AT / INSCRIT A TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JAN 2 0 2011

PER / PAR:

DOCSTOR: 2078480\5

- 21 -

## SCHEDULE "A"

### List of EMEA Companies

Entity Name

Nortel Networks S.A. (in administration and *liquidation judiciaire*)
Nortel Networks UK Limited (in administration)
Nortel GmbH (in administration)
Nortel Networks S.p.A. (in administration)
Nortel Networks Hispania, S.A. (in administration)
Nortel Networks B.V. (in administration)
Nortel Networks AB (in administration)
Nortel Networks N.V. (in administration)
Nortel Networks (Austria) GmbH (in administration)
Nortel Networks Polska Sp. z.o.o. (in administration)
Nortel Networks Portugal, S.A. (in administration)
Nortel Networks s.r.o. (in administration)
Nortel Networks France S.A.S. (in administration)
Nortel Networks (Ireland) Limited (in administration)
Nortel Networks Engineering Services Kft (in administration)
Nortel Networks Slovensko, s.r.o. (in administration)
Nortel Networks Romania Srl (in administration)
Nortel Networks Oy (in administration)
Nortel Networks International Finance & Holding BV (in administration)
Nortel Networks Israel (Sales and Marketing) Limited (in administration)

### SCHEDULE "B"

---

### NOTICE TO CREDITORS
### of NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
### NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
### INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
### CORPORATION
(hereinafter referred to as the "Debtors")

---

RE:   NOTICE OF EMEA CLAIMS PROCEDURE FOR THE DEBTORS PURSUANT TO
THE *COMPANIES' CREDITORS ARRANGEMENT ACT* (the "CCAA")

**PLEASE TAKE NOTICE** that pursuant to an Order of the Superior Court of Justice of Ontario
made January 14, 2011 (the "Order"), Proof of Claim Document Packages will be sent to all EMEA
Creditors and certain representatives, on or before January 28, 2011.  Copies of the Order and the
Proof of Claim Document Package are available from the website of Ernst & Young Inc., the Court-
appointed monitor of the Debtors, at "www.ey.com/ca/nortel", or by contacting the Monitor by
telephone (1-416-943-4439 or 1-866-942-7177) or by fax (1-416-943-2808).  Capitalized terms not
otherwise defined in this Notice to Creditors shall have the meanings ascribed to such terms in
the Order. Proofs of Claim must be submitted to the Monitor for any EMEA Claim against any
Debtor, whether unliquidated, contingent or otherwise, or an EMEA Claim against any current or
former director or officer of the Debtors, or any of them.  Please consult the Proof of Claim
Document Package for more details.

**Completed Proofs of Claim must be received by the Monitor by 4:00 p.m. (prevailing time in
Toronto, Ontario, Canada) on the EMEA Claims Bar Date, which for greater certainty is
March 18, 2011.  It is your responsibility to ensure that the Monitor receives your Proof of
Claim by the EMEA Claims Bar Date.**

**PLEASE NOTE** that these procedures apply ONLY to EMEA Claims filed against the Debtors,
or their current or former directors and officers, in the CCAA proceedings. Several of the
Debtors' affiliates are subject to creditor protection proceedings in other jurisdictions,
including in the United States.  Separate proceedings and deadlines have been or will be
established in those cases for the filing of claims.  If you believe you have claims against the
U.S. Debtors, any such claims must be filed in, and only in, the U.S. proceedings with the U.S.
Debtors' claims agent.  A list of the U.S. Debtors and procedures for filing such claims in the
U.S.   Proceedings   can   be   found   by   going   to   the   following   internet   link:
www.chapter11.epiqsystems.com/nortel.

**EMEA CLAIMS WHICH ARE NOT RECEIVED BY THE CLAIMS BAR DATE WILL BE
BARRED AND EXTINGUISHED FOREVER.**

**DATED** at Toronto this ● day of ●, 2011.

## SCHEDULE "C"

### (form of Proof of Claim attached)

**CANADIAN EMEA CCAA Proof of Claim**          **re Nortel Networks Corporation and others**

**❶    Name of Debtor (the "Debtor")**
Debtor:

**❷    Original Creditor Identification (the "Creditor")**

| Legal Name of EMEA Creditor | | | | Name of Contact |
|---|---|---|---|---|
| Address | | | | Phone # |
| | | | | Fax # |
| City | Country | Postal/Zip code | | e-mail |

**❸    Assignee, if claim has been assigned**

| Full Legal Name of Assignee | | | | Name of Contact |
|---|---|---|---|---|
| Address | | | | Phone # |
| | | | | Fax # |
| City | Country | Postal/Zip code | | e-mail |

**❹    Amount of Claim**

The Debtor / Officer(s) / Director(s) was/were and still is/are indebted to the EMEA Creditor as follows:

| | | Claims will be recorded as "Unsecured" unless the "Secured" box is checked | *(Check only if applicable)* | | If you are making a claim against an Officer or Director check the box below, and list the Officer(s) and Director(s) against whom you assert your claim |
|---|---|---|---|---|---|
| Currency | Original Currency Amount | Secured | S. 136 Priority | Restructuring | |
| | | ☐ | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ | ☐ |

**❺    Documentation**

Provide all particulars of the EMEA Claim and supporting documentation, including amount, description of transaction(s) or agreement(s) giving rise to the EMEA Claim, name of any guarantor which has guaranteed the EMEA Claim, and amount of invoices, particulars of all credits, discounts, etc. claimed, description of the security, if any, granted by the affected Debtor to the EMEA Creditor and estimated value of such security, particulars of any restructuring claim

**❻    Certification**

I hereby certify that:
- I am the EMEA Creditor, or authorized Representative of the EMEA Creditor.
- I have knowledge of all the circumstances connected with this EMEA Claim.
- The EMEA Creditor asserts this claim against the Debtor; and the Officer(s) and Director(s) as indicated above.
- Complete documentation in support of this claim is attached.

| Signature | Name |
|---|---|
| | Title |
| Dated at | Signed at |

**❼    Filing of EMEA Claim**

**This Proof of Claim must be received by the Monitor by no later than 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on FEBRUARY 11, 2011, by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission at the following address:**

Ernst & Young Inc.
222 Bay St., P.O. Box 251
Toronto-Dominion Centre
Toronto, ON  M5K 1J7
CANADA
Attention: Nortel Claims

Fax: 416-943-2808
Tel: 1-866-942-7177 or 416-943-4439
e-mail: nortel.monitor@ca.ey.com

An electronically fillable version of this form is available at www.ey.com/ca/nortel

SCHEDULE "D"

## GUIDE TO COMPLETING THE PROOF OF CLAIM FORM

This Guide has been prepared to assist EMEA Creditors, which for greater certainty means the EMEA Creditors asserting an EMEA Claim, in filling out the Proof of Claim form with respect to the Debtors listed in Section 1, below.  If you have any additional questions regarding completion of the Proof of Claim form, please consult the Monitor's website at www.ey.com/ca/nortel or contact the Monitor, whose contact information is shown below.

Capitalized terms not defined in this Guide shall have the meanings ascribed to such terms in the Order of the Ontario Superior Court of Justice dated January 14, 2011 (the "EMEA Claims Procedure Order").

Additional copies of the Proof of Claim form may be found at the Monitor's website address noted above.

Please note that this is a guide only, and that in the event of any inconsistency between the terms of this guide and the terms of the EMEA Claims Procedure Order or any other applicable Order, the terms of the EMEA Claims Procedure Order or other Order will govern.

**Section 1 – Name of Debtor:**
- A separate Proof of Claim form must be filed for each Debtor against whom an EMEA Claim is being asserted.
- The following is a list of Debtor companies against whom an EMEA Claim may be asserted in this claims process:
  - Nortel Networks Corporation
  - Nortel Networks Limited
  - Nortel Networks Global Corporation
  - Nortel Networks International Corporation
  - Nortel Networks Technology Corporation.
- Please note that these procedures apply ONLY to EMEA Claims filed against the five Debtor companies listed above, or their current or former directors and officers.  Several of the Debtors' affiliates are subject to creditor protection proceedings in other jurisdictions, including the United States.  Separate proceedings and deadlines have been or will be established in those cases for the filing of claims.

**Section 2 – Original EMEA Creditor**
- A separate Proof of Claim form must be filed by each legal entity or person asserting an EMEA Claim against a Debtor listed in Section 1.
- The EMEA Creditor shall include any and all EMEA Claims it asserts against a single Debtor in a single Proof of Claim[1].

---

[1] Paragraph 16 of the EMEA Claims Procedure Order provides that: "THIS COURT ORDERS that each EMEA Creditor shall include any and all EMEA Claims it asserts against an Applicant in a single Proof of Claim, provided

- 2 -

- The full legal name of the EMEA Creditor must be provided.
- If the EMEA Creditor operates under a different name, or names, please indicate this in a separate schedule in the supporting documentation.
- If the EMEA Claim has been assigned or transferred to another party, Section 3 must also be completed.
- Unless the EMEA Claim is assigned or transferred, all future correspondence, notices, etc. regarding the EMEA Claim will be directed to the address and contact indicated in this section.

**Section 3 – Assignee**
- If the EMEA Creditor has assigned or otherwise transferred its EMEA Claim, then Section 3 must be completed.
- The full legal name of the Assignee must be provided.
- If the Assignee operates under a different name, or names, please indicate this in a separate schedule in the supporting documentation.
- If the Monitor is satisfied that an assignment or transfer has occurred, all future correspondence, notices, etc. regarding the EMEA Claim will be directed to the Assignee at the address and contact indicated in this section.

**Section 4 – Amount of EMEA Claim of EMEA Creditor against Debtor and/or Directors and Officers**
- Indicate the amount the Debtor / Director(s) or Officer(s) was, and still is indebted to the EMEA Creditor

*Currency, Original Currency Amount*
- The amount of the EMEA Claim must be provided in the currency in which it arose.
- Indicate the appropriate currency in the Currency column.
- If the EMEA Claim is denominated in multiple currencies, use a separate line to indicate the EMEA Claim amount in each such currency. If there are insufficient lines to record these amounts, attach a separate schedule indicating the required information.
- EMEA Claims denominated in a currency other than Canadian dollars will be converted into Canadian dollars by the Monitor using the exchange rates set out in Appendix A.

*Secured*
- Check the Secured box ONLY if the EMEA Claim recorded on that line is secured. Do not check this box if your EMEA Claim is unsecured.
- If the value of the collateral securing your EMEA Claim is less than the amount of your EMEA Claim, enter the shortfall portion on a separate line as an unsecured claim

---

however that where an EMEA Creditor has taken an assignment or transfer of an EMEA Claim after the Filing Date, that EMEA Creditor shall file a separate Proof of Claim for each such assigned or transferred EMEA Claim."

- 3 -

- Evidence supporting the security you hold must be submitted with the Proof of Claim form. Provide full particulars of the nature of the security, including the date on which the security was given and the value you attribute to the collateral securing your EMEA Claim. Attach a copy of all related security documents.

*Directors and Officers*
- Check this box only if the EMEA Claim you are making is also being asserted against a current or former director or officer of the Debtor.
- You must identify the individual director(s) or officer(s) against whom you are asserting the EMEA Claim.

### Section 5 – Documentation
- Attach to the claim form all particulars of the EMEA Claim and supporting documentation, including amount, description of transaction(s) or agreement(s) giving rise to the EMEA Claim, name of any guarantor which has guaranteed the EMEA Claim[2], and amount of invoices, particulars of all credits, discounts, etc. claimed, description of the security, if any, granted by the debtor or any director or officer to the EMEA Creditor and estimated value of such security.

### Section 6 – Certification
- The person signing the Proof of Claim form should
  - o Be the EMEA Creditor, or authorized Representative of the EMEA Creditor.
  - o Have knowledge of all the circumstances connected with this EMEA Claim.
- By signing and submitting the Proof of Claim, the EMEA Creditor is asserting the EMEA Claim against the Debtor and / or the indicated director(s) or officer(s).

### Section 7 – Filing of EMEA Claim
- This Proof of Claim **must be received** by the Monitor by no later than 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on March 18, 2011. Proofs of Claim should be sent by prepaid ordinary mail, courier, personal delivery or electronic or digital transmission to the following address:

   ERNST & YOUNG INC.
   Court-appointed Monitor of Nortel Networks Corporation & others
   222 Bay Street, Suite 1600
   Toronto, Ontario
   Canada M5K 1J7

   Attention:    David Saldanha
   Telephone:    1-416-943-4431

---

[2] If the guarantor is another of the Debtors listed in Section 1, or one of the U.S. Debtors, a Proof of Claim against that Debtor or U.S. Debtor, as the case may be, must also be filed in these Canadian Proceedings or (in the case of U.S. Debtors) in the U.S. proceedings.

- 4 -

E-mail      david.saldanha@ca.ey.com
Fax:        1-416-943-3300

**Failure to file your Proof of Claim so that it is received by the Monitor by 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date of March 18, 2011 will result in your claim being barred and you will be prevented from making or enforcing an EMEA Claim against the Debtor or any current or former director or officer of any of the Debtors.  In addition, you shall not be entitled to further notice in and shall not be entitled to participate as a creditor in these proceedings.**

- 5 -

Appendix A

Currency conversion factors
Source: Reuters, January 14, 2009

This Appendix is for
information only.  You are
to make your claim in the
currency in which it arose.
The Monitor will calculate
all currency conversions.

| | | CAD per unit of Currency |
|---|---|---|
| CAD | Canadian Dollar | 1 |
| USD | United States Dollar | 1.22025 |
| EUR | Euro | 1.6170753 |
| GBP | United Kingdom: Pnd Ster | 1.77741615 |
| JPY | Japan: Yen | 0.01362647 |

| | | | | | |
|---|---|---|---|---|---|
| AED | United Arab Emir.: Dirham | 0.33221709 | LTL | Lithuanian Litas | 0.46830925 |
| ARS | Argentine Peso | 0.35410621 | LVL | Latvian Lats | 2.29456567 |
| AUD | Australian Dollar | 0.82275356 | MAD | Moroccan Dirham | 0.14500201 |
| BBD | Barbados Dollar | 0.61319095 | MXN | Mexican Peso | 0.08842392 |
| BDT | Bangladeshi Taka | 0.01772331 | MYR | Malaysian Ringgit | 0.34156754 |
| BGN | Bulgaria: New Lev | 0.82683968 | NGN | Nigerian Naira | 0.00816494 |
| BOB | Bolivian Boliviano | 0.17345416 | NOK | Norwegian Krone | 0.17167276 |
| BRL | Brazilian Real | 0.52726527 | NZD | New Zealand Dollar | 0.6711375 |
| CHF | Swiss Franc | 1.09468915 | OMR | Oman: Rial Omani | 3.16980987 |
| CLP | Chilean Peso | 0.0019827 | PAB | Panama: Balb0A | 1.22025 |
| CNY | China: Yuan Renminbi | 0.17854268 | PEN | Peru: Nuevo Sol | 0.3889243 |
| COP | Colombian Peso | 0.00054867 | PGK | Papua New Guinea Kina | 0.4671117 |
| CRC | Costa Rican Colon | 0.00219273 | PHP | Philippine Peso | 0.02592415 |
| CZK | Czech Koruna | 0.06004872 | PKR | Pakistan Rupee | 0.015414 |
| DKK | Danish Krone | 0.21701242 | PLN | Poland: Zloty | 0.39077386 |
| DOP | Dominican Peso | 0.03444601 | PYG | Paraguay: Guarani | 0.0002498 |
| DZD | Algerian Dinar | 0.01682672 | QAR | Qatar: Qatari Rial | 0.33516446 |
| EEK | Estonian Kroon | 0.10334226 | RON | New Romania Leu | 0.37703348 |
| EGP | Egyptian Pound | 0.22086973 | RUB | Russian Ruble | 0.03847246 |
| FJD | Fiji Dollar | 0.67418812 | SAR | Saudi Arabia: Saudi Riyal | 0.32539566 |
| GTQ | Guatemala: Quetzal | 0.15495238 | SEK | Swedish Krona | 0.14788041 |
| HKD | Hong Kong Dollar | 0.15732068 | SGD | Singapore Dollar | 0.82052921 |
| HUF | Hungary: Forint | 0.00583154 | THB | Thailand: Baht | 0.03495417 |
| IDR | Indonesia: Rupiah | 0.00010993 | TND | Tunisian Dinar | 0.89144172 |
| ILS | Israel: Shekel | 0.31449742 | TRY | New Turkish Lira | 0.76914592 |
| INR | Indian Rupee | 0.02499872 | TTD | Trinidad & Tobago Dollar | 0.19524 |
| ISK | Iceland Krona | 0.00966994 | UAH | Ukraine: Hryvnia | 0.13945714 |
| JMD | Jamaican Dollar | 0.01515838 | UYU | Uruguay: Peso | 0.05016444 |
| JOD | Jordanian Dinar | 1.72084329 | VEF | Bolivar Fuerte | 0.56827178 |
| KPW | North Korean Won | 0.00853023 | VND | Vietnam: Dong | 0.00006981 |
| KRW | Republic Of Korea: Won | 0.00090543 | XCD | East Caribbean Dollar | 0.4587406 |
| KWD | Kuwaiti Dinar | 4.28157891 | ZAR | South Africa: Rand | 0.12249969 |
| LBP | Lebanese Pound | 0.00080945 | ZMK | Zambia: Kwacha | 0.00024601 |
| LKR | Sri Lanka Rupee | 0.01072276 | | | |

## SCHEDULE "E"

### NOTICE OF DISALLOWANCE

**For EMEA Creditors of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (each a "CCAA Applicant" and collectively, the "CCAA Applicants") and/or their respective Directors and Officers**

Claim Reference Number: _____

Name of CCAA Applicant: _____

TO: _____
*(Name of EMEA Creditor)*

Defined terms not defined in this Notice of Disallowance have the meaning ascribed in the Order of the Ontario Superior Court of Justice dated January 14, 2011 (the "EMEA Claims Procedure Order"). **All dollar values contained herein are in Canadian dollars unless otherwise noted.**

Pursuant to paragraph 23 of the EMEA Claims Procedure Order, Ernst & Young Inc., in its capacity as Court-appointed Monitor of the CCAA Applicant, hereby gives you notice that it has reviewed your Proof of Claim in conjunction with the CCAA Applicant (and, where applicable, the Applicant's former directors or officers) and has disallowed all or part of your EMEA Claim. Subject to the terms of the EMEA Claims Procedure Order, including any further dispute by you in accordance with such Order, your EMEA Claim will be allowed as follows:

| | Proof of Claim amount as submitted by EMEA Creditor | | Amount allowed by Monitor |
|---|---|---|---|
| | (original currency amount) | (in Canadian dollars) | (in Canadian dollars) |
| A. Unsecured EMEA Claim | | $ | $ |
| B. Secured EMEA Claim | | $ | $ |
| E. Directors/Officers Claim | | $ | $ |
| F. Total Claim (without duplication) | | $ | $ |

DOCSTOR: 2078480\5

- 2 -

**Reasons for Disallowance:**

_____

_____

_____

**SERVICE OF DISPUTE NOTICES**

**If you intend to dispute this Notice of Disallowance, you must, no later than 4:00 pm (prevailing time in Toronto, Ontario, Canada) on the day that is fourteen (14) days after this Notice of Disallowance is deemed to have been received by you (in accordance with paragraph 35 of the EMEA Claims Procedure Order), deliver a Notice of Dispute to the Monitor by prepaid ordinary mail, registered mail, courier, personal delivery or electronic or digital transmission to the address below.** In accordance with the EMEA Claims Procedure Order, notices shall be deemed to be received upon actual receipt thereof by the Monitor during normal business hours on a Business Day, or if delivered outside of normal business hours, on the next Business Day. The form of Dispute Notice is enclosed and can also be accessed on the Monitor's website at www.ey.com/ca/nortel.

ERNST & YOUNG INC.
Court-appointed Monitor of Nortel Networks Corporation & others
222 Bay Street, Suite 1600
Toronto, Ontario
Canada M5K 1J7

Attention:     David Saldanha
Telephone:   1-416-943-4431
E-mail         david.saldanha@ca.ey.com
Fax:            1-416-943-3300

**IF YOU FAIL TO FILE A DISPUTE NOTICE WITHIN THE PRESCRIBED TIME PERIOD, THIS NOTICE OF DISALLOWANCE WILL BE BINDING UPON YOU.**

**DATED** at Toronto, this        day of                        , 201●.

**ERNST & YOUNG INC.**, in its capacity as Court-appointed Monitor of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation and not in its personal capacity.

Per:

DOCSTOR: 2078480\5

SCHEDULE "F"

DISPUTE NOTICE

**For Voting And/Or Distribution Purposes with respect to Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (each a "CCAA Applicant" and collectively, the "CCAA Applicants") and/or their respective Directors and Officers**

Claim Reference Number: _____

Name of CCAA Debtor against
which an EMEA Claim is asserted:_____

1.      **Particulars of EMEA Creditor:**

Full Legal Name of EMEA Creditor (include trade name, if different):

_____

_____

*(the "EMEA Creditor").*

Full Mailing Address of the EMEA Creditor:

_____

_____

Other Contact Information of the EMEA Creditor:

Telephone Number:      _____

Email Address:          _____

Facsimile Number:       _____

Attention (Contact Person):  _____

- 2 -

2.    **Particulars of original EMEA Creditor from whom you acquired the EMEA Claim, if applicable:**

Have you acquired this EMEA Claim by assignment?

Yes: ☐    No: ☐

If yes and if not already provided, attach documents evidencing assignment.

Full Legal Name of original EMEA Creditor(s): _____

3.    **Dispute of Disallowance of EMEA Claim:**

*For the purposes of the EMEA Claims Procedure Order only (and without prejudice to the terms of any plan of arrangement or compromise) claims in a foreign currency will be converted to Canadian dollars at the exchange rates approved by the EMEA Claims Procedure Order. A copy of the applicable exchange rate can be found on the Monitor's website at www.ey.com/ca/nortel.*

The EMEA Creditor hereby disagrees with the value of its EMEA Claim as set out in the Notice of Disallowance and asserts an EMEA Claim as follows:

| | Amount allowed by Monitor: (Notice of Disallowance) (in Canadian dollars) | Amount claimed by EMEA Creditor: (in Canadian Dollars) |
|---|---|---|
| A.   Unsecured EMEA Claim | $ | $ |
| B.   Secured EMEA Claim | $ | $ |
| E.   Directors/Officers Claim | $ | $ |
| F.   Total Claim (without duplication) | $ | $ |

**REASON(S) FOR THE DISPUTE:**

*[You must include a list of reasons as to why you are disputing your EMEA Claim as set out in the Notice of Disallowance. Reasons must be provided for each type of EMEA Claim being asserted and under dispute (that is, each unsecured claim, each secured claim, and each claim against a director or officer).]*

_____

_____

_____

_____

- 3 -

SERVICE OF DISPUTE NOTICES

**If you intend to dispute the Notice of Disallowance, you must by no later than the date that is fourteen (14) days after the Notice of Disallowance is deemed to have been received by you (in accordance with paragraph 35 of the EMEA Claims Procedure Order) deliver to the Monitor this Dispute Notice by prepaid ordinary mail, registered mail, courier, personal delivery or electronic or digital transmission to the address below.** In accordance with the EMEA Claims Procedure Order, notices shall be deemed to be received upon actual receipt thereof by the Monitor during normal business hours on a Business Day, or if delivered outside of normal business hours, on the next Business Day.

> ERNST & YOUNG INC.
> Court-appointed Monitor of Nortel Networks Corporation & others
> 222 Bay Street, Suite 1600
> Toronto, Ontario
> Canada M5K 1J7
>
> Attention:     David Saldanha
> Telephone:    1-416-943-4431
> E-mail          david.saldanha@ca.ey.com
> Fax:             1-416-943-3300

DATED this _____ day of _____, 2010.

Name of EMEA Creditor: _____

_____          Per:    _____
            Witness                                              Name:
                                                                     Title:
                              *(please print)*