**Exhibit A – Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
:
: Chapter 11
:
*In re* :
:
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
:
      Debtors. : (Jointly Administered)
:
-------------------------------------------------------  X
:
Nortel Networks Inc., :
:
      Plaintiff, :
: Adv. Proc. No. 10-53166 (KG)
v. :
:
AsteelFlash California, Inc., :
:
      Defendant. :
:
:
---------------------------------------------------------X

**ORDER (I) APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIM BY AND BETWEEN NORTEL NETWORKS INC. AND AFFILIATED CHAPTER 11 DEBTORS, ON THE ONE HAND AND ASTEELFLASH CALIFORNIA, INC., ON THE OTHER HAND AND (II) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE A SETOFF**

  Upon the motion dated July 11, 2012 (the "Motion"),[2] of Nortel Networks Inc. ("NNI")

and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 362, 502, 547, 550 and 553 of the United States Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, (i) authorizing the Debtors' entry into and approving the Stipulation, attached to the Motion as **Exhibit B**, providing that the Avoidance Claim shall be settled and Claim No. 5512 shall be reduced from $2,631,840.09 to $1,215,000.00 and shall be allowed as a general unsecured claim by Defendant against Plaintiff in the amount of $1,215,000.00, (ii) granting limited relief from the automatic stay to effectuate a setoff, and (iii) granting such other and further relief as the Court deems just and proper; and upon the certification of counsel filed in connection with the Motion on July 30, 2012; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is **GRANTED.**

    1.    The Debtors are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

    2.    The automatic stay is lifted to effectuate the setoff as set forth in the Stipulation, which is hereby authorized and approved, and for no other purpose.

3.      On the Effective Date (as defined in the Stipulation), Claim No. 5512 shall be reduced from $2,631,840.09 to $1,215,000.00 and shall be allowed as a general unsecured claim by WB Claims Holding – Nortel, LLC, as transferee of Defendant, against Plaintiff in the amount of $1,215,000.00.

4.      The Debtors are authorized, but not directed, to take any and all action that may be reasonably necessary or appropriate to perform their obligations and enforce their rights arising under the Stipulation.

5.      The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Stipulation be approved in its entirety.

6.      In the event of any discrepancy between the Stipulation and the terms of a plan under Chapter 11 of the United States Bankruptcy Code confirmed pursuant to an order of this Court with respect to any of the Debtors, the terms of the Stipulation shall govern.

7.      The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY
JUDGE