# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------x
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Joint ly Administered
Debtors. :
: **RE: D.I. _____**
:
----------------------------------------------------------x

**ORDER GRANTING**
**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER TERMINATING RETIREE BENEFITS AND**
**APPROVING A SETTLEMENT PROPOSAL PURSUANT TO 11 U.S.C. § 1114**

Upon the motion dated July 30, 2012 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 1114(g) of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Debtors to terminate the Retiree Welfare Plans; and (ii) approving the Proposal; and the Court having reviewed and considered the Motion, and after due deliberation thereon, and good cause appearing therefore:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief sought in the Motion are sections 105(a) and 1114(g) of the Bankruptcy Code.

D.    Notice of the Motion has been provided to (i) the U.S. Trustee; (ii) counsel to the Retiree Committee; (iii) counsel to the LTD Committee; (iv) counsel to the Bondholder Group; (v) counsel to the UCC; and (vi) the general service list established in these chapter 11 cases.

E.    No further or other notice beyond that described in the forgoing Paragraph is required in connection with the Motion.

F.    The Debtors have made a Proposal to the Retiree Committee that fulfills the requirements of section 1114(f) of the Bankruptcy Code.

G.    The Proposal is based upon the most complete and reliable information available.

H.    The Debtors provided the Retiree Committee with all relevant information necessary to evaluate the Proposal.

I.    The Debtors have met and been available to meet with the Retiree Committee at all reasonable times.

J.    The Debtors have conferred with the Retiree Committee in good faith.

K.    The Retiree Committee has failed to accept the Proposal without good cause.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

    L.    Termination of the Retiree Welfare Plans is necessary to permit the reorganization of the Debtors.

    M.    The Proposal assures that all parties are treated fairly and equitably.

    N.    The balance of the equities clearly favors termination of the Retiree Welfare Plans and the approval of the Proposal.

    O.    The Debtors have demonstrated compelling and sound business justifications for termination of the Retiree Welfare Plans.

    P.    Approval of the Proposal is in the best interests of the Debtors and the Debtors' estates and creditors.

    Q.    The Proposal is fair and reasonable.

    R.    The Retiree Welfare Plans are terminable at will by the Debtors.

    S.    The Proposal does not constitute a sub rosa plan or reorganization and the entry into and performance under the Proposal does not constitute the solicitation of a vote on a plan of reorganization.

    T.    The Debtors' decision to enter into the terms of the Proposal is consistent with their fiduciary duties and does not give rise to any claim or remedy against the Debtors, except as may be expressly set forth in this Order or the Proposal; and it is therefore:

    **ORDERED ADJUDGED AND DECREED THAT:**

    1.    The Motion is GRANTED and any objections thereto are OVERRULED.

    2.    The Proposal is approved in its entirety.

    3.    This Order shall bind all holders of Retiree Claims to the terms of the Proposal.

    4.    The Debtors are authorized and directed pursuant to section 1114 of the Bankruptcy Code to terminate the Retiree Welfare Plans as of December 31, 2012 according to

the terms of the Proposal and to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Proposal.

5. The Retiree Committee is authorized and directed to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Proposal.

6. The failure to specifically describe or include any particular provision of the Proposal in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Proposal be approved in its entirety.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
       Wilmington, Delaware        _____
                                                   THE HONORABLE KEVIN GROSS
                                                   CHIEF UNITED STATES BANKRUPTCY JUDGE