**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
: 
: Chapter 11
: 
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: 
: **RE: D.I.** _____
: 
----------------------------------------------------------X

## ORDER GRANTING
## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE
## DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM
## DISABILITY PLANS AND THE EMPLOYMENT OF THE LTD EMPLOYEES

Upon the motion dated July 30, 2012 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 363(b) and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Debtors to terminate the LTD Plans effective as of December 31, 2012 so as to cease providing employer-paid benefits, including for long-term disability income continuation benefits, for current and future participants as of that date, and (ii) terminating the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

employment of the LTD Employees; and the Court having reviewed and considered the Motion, and after due deliberation thereon, and good cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B.  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.  The statutory predicates for the relief sought in the Motion are sections 105(a), 363(b) and 1108 of the Bankruptcy Code.

D.  Notice of the Motion has been provided to (i) the U.S. Trustee; (ii) counsel to the LTD Committee; (iii) the LTD Employees; (iv) counsel to the Bondholder Group; (v) counsel to the UCC; and (vi) the general service list established in these chapter 11 cases.

E.  No further or other notice beyond that described in the forgoing paragraph is required in connection with the Motion.

F.  The Debtors have demonstrated compelling and sound business justifications for termination of the LTD Plans, including the Benefits provided thereunder.

G.  The LTD Employees are not retired employees of the Debtors governed by section 1114 of the Bankruptcy Code.

H.  Termination of the LTD Plans, including the Benefits provided thereunder, is in the best interests of the Debtors and the Debtors' estates and creditors.

I.  The Debtors may terminate the LTD Plans and the employment of the LTD Employees in the ordinary course of business.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

J.   The LTD Employees do not have a vested right to continue to receive the Benefits, and therefore do not have a claim for lost Benefits based on termination of the LTD Plans.

K.   The Debtors unambiguously reserved their right to amend or terminate the LTD Plans and the Benefits provided thereunder in the various LTD Plans.

L.   The LTD Employees are at will employees of the Debtors.

M.   The Debtors no longer will sponsor or provide any employee benefits, including without limitation, any health, medical or surgical benefits for employees after the termination of the LTD Plans.

N.   The LTD Plans are terminable at will by the Debtors; and it is therefore:

**ORDERED ADJUDGED AND DECREED THAT:**

1.   The Motion is GRANTED and any objections thereto are OVERRULED.

2.   The Debtors are authorized to terminate the LTD Plans and, for the avoidance of doubt, all coverage and benefits thereunder, effective as of December 31, 2012.  After December 31, 2012, the Debtors will cease to sponsor or provide any Benefits under the LTD Plans, including the Nortel Networks Inc. Medical Plan, to any of their employees.

3.   Any and all proofs of claim filed by LTD Employees on account of claims arising under or relating to the LTD Plans, including, but not limited to, claims arising from the termination of the LTD Plans or for future benefits, shall be disallowed and expunged from the Debtors' claims register on or after December 31, 2012, solely with respect to the portion of the proof of claim relating to claims arising under or relating to the LTD Plans.

4.   Notwithstanding the foregoing, nothing contained herein shall: (i) waive the rights of any LTD Employee to pursue any timely filed proofs of claim in the Debtors' chapter 11 cases

for any matter other than an LTD Claim; or (ii) relieve the Debtors of any obligations to pay for professional fees and/or expenses of the LTD Committee's retained professionals in accordance with a final order of this Court; (iii) waive or limit defenses available against a proof of claim filed against the Debtors based on a failure to timely file such claim on or before the applicable bar date.

5.  The Debtors are authorized to terminate the employment of the LTD Employees as of December 31, 2012.

6.  This Order shall not result in the loss or waiver of any right of current employees of the Debtors as of date of this Order, including the LTD Employees, or former employees of the Debtors to participate in the Retiree Welfare Plans and/or any settlement made with respect to the termination of the Retiree Welfare Plans (whether consensual or pursuant to section 1114(g)), which right to participate and receive benefits or payments thereunder shall be based on the individual's eligibility to receive benefits under the Retiree Welfare Plans as of the date that an order regarding the termination of the Retiree Welfare Plans becomes final and non-appealable, provided that in order to preserve any such right, such employees must make an election to participate in the Retiree Welfare Plans for which they are eligible within thirty (30) days after the date that an order regarding the termination of the Retiree Welfare Plans becomes final and non-appealable.

7.  LTD Employees may submit a claim for reimbursement for benefits covered by and approved pursuant to the relevant LTD Plans for claims incurred prior to the date of this Order on or before June 30, 2013.

8.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
       Wilmington, Delaware             _____
                                                  THE HONORABLE KEVIN GROSS
                                                  CHIEF UNITED STATES BANKRUPTCY JUDGE