## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

      Debtors.

---------------------------------------------------------X

:   Chapter 11

:   Case No. 09-10138 (KG)

:   Jointly Administered

:   **Hearing Date: August 22, 2012, at 10:00 a.m. (ET)**

:   **Objections Due: August 14, 2012, at 4:00 p.m. (ET)**

:   **RE:  8066, 8067**

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING THE DEBTORS TO FILE UNDER SEAL
## CERTIFICATES OF SERVICE RELATED TO LTD EMPLOYEES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and

107(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9018 and 9037 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1(b) and

9018-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file

under seal any and all certificates of service related to LTD Employees (as defined below).  In

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 105(a) and 107(c) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and 9037 and Local Rules 9018-1(b) and 9018-1(c).

## Background

3.     On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.    On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

---

[2]    Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel

**Relief Requested**

7.      By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018 and 9037 and Local Rules 9018-1(b) and 9018-1(c) authorizing the Debtors to file any and all certificates of service containing the names and addresses of the LTD Employees (as defined below) under seal.

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s r.o. and Nortel Networks International Finance & Holding B.V.

### Facts Relevant to this Motion

1.      The Debtors historically have provided a number of benefits to their long-term disabled employees (the "LTD Employees") through benefit plans and other programs, including (as amended or modified from time to time) the Nortel Networks Inc. Long-Term Disability Plan, the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan,[5] predecessor plans and other formal or informal benefit plans funds, programs (including through the purchase of insurance) or arrangements for disabled employees, their surviving spouses and eligible dependents, including for medical, surgical, or hospital care benefits, income continuation benefits or any other benefits in the event of sickness, accident, disability, or death (collectively, and in each case as such plans have been amended or modified from time to time, the "LTD Plans").

2.      The Debtors have also historically provided a number of benefits to their retired employees, as well as such employees' surviving spouses and eligible dependents, through various benefit plans and other programs, including the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan, and other formal or informal benefit plans, agreements, arrangements or programs (including plans, agreements, arrangements or programs that are funded through the purchase of insurance) or arrangements for current or future retired employees, their surviving spouses and eligible

---

[5]     The Nortel Networks Inc. Long-Term Investment Plan was terminated effective as of June 30, 2012, for all of the Debtors' employees.  The Nortel Networks Inc. Health Care Reimbursement Account Plan and the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan were previously terminated for all of the Debtors' employees, effective as of December 31, 2010.

dependents, including plans, arrangements, agreements or programs for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death (collectively and in each case as amended or modified from time to time, the "Retiree Welfare Plans", and together with the LTD Plans the "Plans"). During the course of these chapter 11 cases, the Debtors have continued to provide certain benefits under the Plans, including as authorized by this Court's January 15, 2009 *Order Authorizing, But Not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits* [D.I. 59].

3.      The Debtors have determined that they must now seek to terminate the Plans and the employment of the LTD Employees. Accordingly, contemporaneous with the filing of this motion the Debtors have filed the LTD Plan Termination Motion[6] and the Retiree Plan Termination Motion[7] seeking, among other things, to terminate the LTD Plans and the Retiree Welfare Plans. There are currently approximately 215 LTD Employees receiving Benefits under the LTD Plans and the Debtors intend to serve these individuals with the LTD Plan Termination Motion since the relief sought by that motion could ultimately affect the rights of the LTD Employees. The Retiree Plan Termination Motion could also arguably affect the rights of the LTD Employees. Accordingly, the Debtors have served the LTD Plan Termination Motion and the Retiree Plan Termination Motion on the LTD Employees, and intend to serve any additional pleadings that could affect the rights of the LTD Employees on the LTD Employees. Publically filing a certificate of service that indentifies who the LTD Employees are and their addresses

---

[6]      *Debtors' Motion for Entry of an Order Authorizing the Debtors to terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067]. Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the LTD Termination Motion.

[7]      *Debtors Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Pursuant to 11 U.S.C.§ 1114* [D.I. 8066].

could arguably be a violation of applicable privacy law.  Therefore, by this motion the Debtors

seek the authority to allow the Debtors to file any and all certificates of service, including but not

limited to certificates of service related to the LTD Plan Termination Motion and the Retiree

Plan Termination Motion, containing the names and addresses of the LTD Employees under seal.

<u>**Basis for Relief**</u>

8.      The relief requested by the Debtors is authorized under the Bankruptcy Code.

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §

105(a).  Section 107(c) of the Bankruptcy Code provides bankruptcy courts with the power to

protect an individual to the extent the court finds that disclosure of information would create

undue risk of identity theft or other unlawful injury to the individual:

> (2)  The bankruptcy court, for cause, may protect an individual,
>       with respect to the following types of information . . . .
>
>       (A)  Any means of identification (as defined in section
>            1028(d) of title 18) contained in a paper to be filed, in
>            a case under this title.

11 U.S.C. § 107(c)(2).

9.      Section 1028(d) defines "means of identification" as "any name or number that

may be used, alone or in conjunction with any other information, to identify a specific individual

. . ." 18 U.S.C. § 1028(d)(7).  This definition includes names and other personally identifying

information.

10.     Bankruptcy Rule 9018 defines the procedure by which a party may move for

relief under section 107(c) of the Bankruptcy Code.  Rule 9018-1 requires any party who seeks

to file documents under seal to file a motion to that effect.  <u>See</u> Del. Bankr. L.R. 9018-1(b).

Local Rule 9018 also permits an order to be signed granting the filing of future documents under

seal. <u>See</u> Del. Bankr. L.R. 9018-1(c).

11.     Furthermore, Bankruptcy Rule 9037 states that the Court "may order that a filing be made under seal without redaction." <u>See</u> Fed. R. Bankr. P. 9037(c).

12.     The Health Insurance Portability and Accountability Act of 1996 ("<u>HIPAA</u>") prohibits the wrongful disclosure of "individually identifiable health information" to another person. 42 U.S.C. § 1320D-6(a)(3).  Such information is defined as "any information" that relates to the past, present or future physical or mental health or condition of an individual or to the "past, present, or future payment for the provision of health care to an individual" if that information identifies the individual or if "there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1320D(6).

13.     Courts in this district have previously recognized their power to protect individuals from injury caused by disclosure. <u>See, e.g.</u>, <u>In re ACandS, Inc.</u>, 462 B.R. 88, 98-99 (Bankr. D. Del. 2011) (applying section 107(c) to Rule 2019 Orders).

14.     A certificate of service that lists the identities of the LTD Employees could arguably contain individually identifiable health information because such a filing would make available the names and addresses of people who are receiving long-term disability benefits from the Debtors.  Their membership in such a group reflects information relating to their past and present physical or mental health condition. <u>See</u> 42 U.S.C. § 1320D(6)(B).  Furthermore, their membership in such a group also indicates payments for provision of health care to the individuals.  <u>See</u> 42 U.S.C. § 1320D(6).  It is reasonable to believe that publically filing the names and addresses of the LTD Employees would either identify them or allow them to be identified.  <u>See</u> 42 U.S.C. § 1320D(6)(B)(1), (2).

15.     Disclosure of individually identifiable health information, as defined by HIPAA,

is an unlawful injury by the terms of that statute.  <u>See</u> 42 U.S.C. § 1320D-6(a)(3).  Therefore, the

Debtors respectfully request that this Court enter an order authorizing the Debtors to file any and

all certificates of service, including but not limited to certificates of service related to the LTD

Plan Termination Motion and the Retiree Plan Termination Motion, containing the names and

addresses of the LTD Employees under seal.

### <u>Notice</u>

16.     Notice of the Motion has been given via overnight mail to (i) the U.S. Trustee;

(ii) counsel to the LTD Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the

UCC; and (v) the general service list established in these chapter 11 cases.

### <u>No Prior Request</u>

17.     No prior request for the relief sought herein has been made to this or any other

court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  July 30, 2012
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999


- and -


MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Ann C. Cordo*_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*