# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------- X
                                                            :
*In re*                                                     :     Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :     Case No. 09-10138 (KG)
                                                            :
                                    Debtors.                :     Jointly Administered
                                                            :
                                                            :
----------------------------------------------------------- X

**SCHEDULING ORDER FOR**
**HEARING ON DEBTORS' PROCESS**
**TO TERMINATE LTD BENEFITS PURSUANT TO 11 U.S.C. § 105(a), 363 AND 1108**

WHEREAS, on June 3, 2011, several of the Debtors' long-term disability employees filed the *Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants* [D.I. 5595];

WHEREAS, on June 22, 2011, the Court issued an order directing the United States Trustee to appoint a committee of the Debtors' long-term disability employees (the "LTD Employees") for the sole purpose of serving as the authorized representative of the LTD Employees in connection with negotiations regarding the modification or termination of the LTD Plans,[2] and for no other purpose (the "LTD Committee," and together with the Debtors, the "Parties") [D.I. 5790];

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]   The Debtors historically have provided a number of benefits to the LTD Employees, including (as amended or modified from time to time) the Nortel Networks Inc. Long-Term Disability Plan, the Nortel Networks Inc.

WHEREAS, On August 2, 2011, as directed by the Court, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], which appointment was later amended on August 4, 2011 [D.I. 6080];

WHEREAS, since the appointment of the LTD Committee, the Parties have worked to negotiate a resolution of their dispute regarding the modification or termination of the LTD Plans;

WHEREAS, to date, the Parties have been unable to come to a consensual agreement regarding the modification or termination of the LTD Plans;

WHEREAS, on July 30, 2012, the Debtors filed the *Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067] (the "LTD Termination Motion") seeking to terminate as of December 31, 2012 the employment of the LTD Employees and the LTD Plans that remain in effect;

WHEREAS, the Debtors and the LTD Committee have agreed upon a schedule to proceed with the LTD Termination Motion (the "Scheduling Order");

WHEREAS, the Scheduling Order has been reviewed and agreed to by counsel for the LTD Committee;

NOW THEREFORE, **IT IS HEREBY ORDERED,** that the following dates, deadlines and limitations herein shall apply to the LTD Termination Hearing (as defined below):

---

Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan,[2] predecessor plans and other formal or informal benefit plans funds, programs (including through the purchase of insurance) or arrangements for disabled employees, their surviving spouses and eligible dependents, including for medical, surgical, or hospital care benefits, income continuation benefits or any other benefits in the event of sickness, accident, disability, or death (collectively, and in each case as such plans have been amended or modified from time to time, the "LTD Plans").

1. **Nature of Proceeding**: The LTD Termination Hearing shall be conducted as an evidentiary hearing and treated as a contested matter pursuant to Bankruptcy Rule 9014.

2. **Witness Disclosure Deadline**: On or before September 14, 2012, the Debtors shall serve upon the LTD Committee the Debtors' list of witnesses expected to testify on the Debtors' behalf at trial. On or before September 21, 2012, the LTD Committee[3] shall serve upon the Debtors the LTD Committee's list of witnesses expected to testify on the LTD Committee's behalf at trial. On or before November 7, 2012, the Debtors and the LTD Committee shall serve upon the other Party their final lists of witnesses expected to testify on their behalf at trial.

3. **Expert Witness Disclosures**: Together with their respective moving or responsive papers, all Parties shall file and serve upon the other Party declarations or affidavits of any expert witnesses relied upon in their papers or to be used at trial. Such declarations or affidavits shall include all information required by Federal Rule of Civil Procedure 26(a)(2), as incorporated by Bankruptcy Rule 7026. The Debtors expert witness or witnesses shall file their report or reports on or before September 14, 2012. The LTD Committee's expert witness or witnesses shall file their report or reports on or before October 5, 2012. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than 7 days before the LTD Termination Hearing, unless otherwise ordered by the Court.

4. **Trial Exhibits**: The Parties shall exchange copies of all exhibits, not including those to be used exclusively for impeachment purposes, on or before November 7, 2012. All exhibits not objected to in writing by the LTD Termination Hearing shall be admitted into evidence at trial without further proof, except for relevance. Written objections to the admissibility of particular exhibits will be taken up either at the beginning of, or during the course of, the LTD Termination Hearing. Each party shall submit a set of its exhibits to the Court's chambers on November 7, 2012, and provide a courtesy set of such exhibits to the other Party by that date.

5. **Discovery**:

    a. **Cut-Off**: All document discovery in this case shall be initiated so that it will be completed on or before September 7, 2012. Written discovery requests shall be served on or before August 6, 2012, and all written responses and objections thereto shall be served on or before August 20, 2012. The Parties are to confer on scheduling so as to set mutually agreeable locations and times so that any party who wishes to attend a deposition may do so. No person shall be deposed more than once except upon order of the Court for good cause shown,

---

[3] For the avoidance of doubt, any and all deadlines applicable to the LTD Committee shall also apply to any LTD Employees in their individual capacity.

and except as set forth below, all depositions of LTD Committee witnesses shall be concluded on or before October 19, 2012, and all depositions of Debtor witnesses shall be concluded on or before September 28, 2012, except for any depositions of any rebuttal witnesses. Depositions after this date may be conducted only upon mutual agreement of all Parties or upon order of the Court for good cause shown.

b. **Discovery Disputes**: Del. Bankr.L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 252-2913, extension 3 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the Party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any Party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls during depositions in an attempt to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

c. **UCC and Bondholder Group**: The Debtors are authorized to and agree to provide copies of the documents produced in discovery, expert reports and trial exhibits to the UCC and the Bondholder Group, provided that the UCC and Bondholder Group agree to abide by any confidentiality requirements with respect to such documents and, to the extent that there is any protective order entered that governs confidential information, agree to be bound by the terms of such protective order.

6. **Application to Court for Protective Order**: In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. If counsel is unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 5b above.

Any proposed order should include the following paragraph:

**Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

      Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. **Confidential Information**: All pleadings, exhibits or other materials that contain or are based upon information that has been marked by the Debtors or the LTD Committee as "confidential" shall be filed under seal. When filing papers under seal, counsel should deliver to Chambers an original and one copy of the papers.

8. **Status Conference**: On October 18, 2012 the Court will hold a Rule 16(a), (b) and (c) Conference by telephone with counsel beginning at 10am. If all parties agree that there is nothing to report, nor anything to add to the interim status report to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. **Testimony at Trial**: Direct testimony at the LTD Termination Hearing may be presented by live testimony, declaration or affidavit. Any Party may elect to conduct a live cross-examination of a witness testifying by declaration or affidavit, or may designate portions of the witness' deposition in lieu of live cross-examination. The Party whose witness testifies by declaration or affidavit may then conduct a live re-direct or designate portions of the witness' deposition as re-direct testimony. On or before November 7, 2012, the Parties shall serve upon each other a list identifying for each witness whether that witness will be called for live direct testimony or whether his or her testimony will be presented by declaration or affidavit with respect to the LTD Termination Hearing. All such declarations or affidavits that a Party intends to use for direct testimony shall be served on the other Party, with a courtesy copy to the Court, on or before November 7, 2012. A party in interest may request a copy of a declaration or affidavit by submitting a request in writing to counsel for the relevant Party.

10. **Adjudication of the LTD Termination Motion**: The Court understands that the Debtors have requested a determination on the LTD Termination Motion on or before November 30, 2012.

11. **Applicable Rules**: Except as otherwise modified by this Order, the discovery taken in connection with the LTD Termination Hearing shall be conducted in accordance with the Federal Rules of Civil Procedure, as adopted by the Federal Rules of Bankruptcy Procedure, as well as Bankruptcy Rule 9006.

12. **Jurisdiction**: The Court shall retain jurisdiction to decide all issues relating to this Scheduling Order.

13. **Service**: All notices, motions or other documents required to be served by this Order shall be served by facsimile, e-mail or same-day hand delivery, with a copy to follow by overnight mail. All such notices, motions and other documents shall

be served on the other Party as well as on all parties who have served a notice of appearance, provided that in the case of non-Parties, such service need only be made in accordance with this Court's Case Management Order.

14. **Modification of the Scheduling Order**: Deadlines contained in this scheduling order may be extended by joint agreement of the Parties or by the Court upon written motion for good cause shown.

15. **Supplemental Submissions to LTD Termination Motion**: The Debtors, the UCC and the Bondholder Group shall have the right to file supplemental submissions and declarations in support of the LTD Termination Motion by no later than September 14, 2012.

16. **Further Submissions**: All responses to the LTD Termination Motion shall be filed no later than October 5, 2012. All parties shall be entitled to file further submissions in respect of the LTD Termination Motion no later than October 26, 2012.

17. **Trial Date**: The proceeding on the LTD Termination Motion shall commence on Week of November 12, 2012, and shall continue for such additional dates (if needed) as ordered by the Court (the "LTD Termination Hearing").

Dated: _____, 2012
       Wilmington, DE

                                                                                              _____
                                                                                       THE HONORABLE KEVIN GROSS
                                                                                       CHIEF UNITED STATES BANKRUPTCY JUDGE