```
                 IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE


IN RE:                         )   Case No. 09-10138(KG)
                               )   (Jointly Administered)
NORTEL NETWORKS, INC.,         )
      et al.,                  )   Chapter 11

                               )   Courtroom 3
                               )   824 Market Street
            Debtors.           )   Wilmington, Delaware
                               )
                               )   August 1, 2012
                               )   10:00 a.m.

                    TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JUDGE KEVIN GROSS
               UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:                   Morris Nichols Arsht & Tunnell, LLP
                               BY: DEREK ABBOTT, ESQ.
                               BY: BILL ALLEMAN, ESQ.
                               1201 North Market St., 18th Floor
                               Wilmington, DE  19899-1347
                               (302) 351-9357


                               Cleary Gottlieb Steen & Hamilton
                               BY: JAMES BROMLEY, ESQ.
                               BY: LUKE BAREFOOT, ESQ.
                               One Liberty Plaza
                               New York, NY  10006
                               (212) 437-4350


ECRO:                          GINGER MACE

Transcription Service:         DIAZ DATA SERVICES
                               331 Schuylkill Street
                               Harrisburg, Pennsylvania 17110
                               (717) 233-6664
                               www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Official Creditors'
Committee:                          Akin Gump Strauss & Hauer &
                                    Feld
                                    BY: ABID QURESHI, ESQ.
                                    BY: LISA BECKERMAN, ESQ.
                                    One Bryant Park
                                    New York, NY  10036-6745
                                    (212) 872-1000

                                    Richards Layton & Finger
                                    BY: CHRIS SAMIS, ESQ.
                                    One Rodney Square
                                    920 King Street
                                    Wilmington, DE  19801
                                    (302) 651-7845

For Bondholder Group:               Milbank Tweed Hadley & McCloy
                                    BY:  THOMAS MATZ, ESQ.
                                    One Chase Manhattan Plaza
                                    New York, NY  10005
                                    (212) 530-5000

For EMEA Debtors:                   Young Conaway Stargatt &
                                    Taylor
                                    BY: JOHN DORSEY, ESQ.
                                    Rodney Square
                                    1000 North King Street
                                    Wilmington, DE  19801
                                    (302) 571-6712

                                    Hughes & Hubbard
                                    BY: DEREK ADLER, ESQ.
                                    One Battery Park Plaza
                                    New York, NY  10004-1482
                                    (212) 837-6000

For Official Retiree
Committee:                          McCarter & English
                                    BY: KATE BUCK, ESQ.
                                    Renaissance Centre
                                    405 N. King St., 8th Floor
                                    Wilmington, DE  19801
                                    (302) 984-6300

                                    Togut Segal & Segal & LLP
                                    BY: NEIL BERGER, ESQ.
                                    One Penn Plaza, Ste. 3335
                                    New York, NY  10119
                                    (212) 594-5000

APPEARANCES:
(Continued)

For Ernst & Young:                     Buchanan Ingersoll & Rooney
                                       BY: KATHLEEN MURPHY, ESQ.
                                       1105 N. Market St., Ste. 1900
                                       Wilmington, DE  19801-1054
                                       (302) 552-4200


For LTD Committee:                     Elliott Greenleaf
                                       BY: RAFAEL ZAHRALDDIN, ESQ.
                                       The Brandywine Building
                                       1000 West St., Ste. 1440
                                       Wilmington, DE  19801
                                       (302) 384-9400

TELEPHONIC APPEARANCES:

For Official Committee of
Unsecured Creditors:                   Akin Gump Strauss Hauer & Feld
                                       BY:  DAVID BOTTER, ESQ.
                                       (212) 872-1055
                                       BY: FRED S. HODARA, ESQ.
                                       (212) 872-8040

For Ad Hoc Committee:                  Milbank Tweed Hadley & McCloy
                                       BY: CINDY CHEN DELANO, ESQ.
                                       (212) 530-8978

For Law Debenture:                     Patterson Belknap Webb & Tyler
                                       BY: BRIAN GUINEY, ESQ.
                                       (212) 336-2305


For Ernst & Young:                     Allen & Overy, LLP
                                       BY: LISA KRAIDIN, ESQ.
                                       (212) 610-7300

For Hondo Sen:                         Cetus Capital
                                       BY: HONDO SEN
                                       (203) 552-3528

For Citi Capital:                      Citi Capital Advisors
                                       BY: REBECCA J. SONG
                                       (212) 559-9933

For Aurelius Capital
Management:                            Aurelius Capital Management
                                       BY: MATTHEW A. ZLOTO
                                       (646) 445-6518

1            THE COURT:  Good morning, everyone.  Thank you,

2   and please be seated.  Good morning, Mr. Abbott.

3            MR. ABBOTT:  Good morning, Your Honor, Derek

4   Abbott here for the Nortel debtors --

5            THE COURT:  Yes.

6            MR. ABBOTT:  -- on this Omnibus date, Your Honor.

7   And a look at the agenda letter and the docket, thankfully

8   reveals that Your Honor has been busy entering a lot of

9   those orders --

10           THE COURT:  Yes.

11           MR. ABBOTT:  -- submitted under Certificate.

12  Your Honor, I think without much ado, the only -- there are

13  a couple things, but the first item is the long-term

14  disability participant's Motion for an Order Increasing

15  Limits on Fees.  An Order had been submitted under

16  Certificate on that.

17           THE COURT:  Yes.  I had not signed that, and I

18  wanted to discuss that, which I guess is the reason we're

19  all here today.

20           MR. ABBOTT:  That and the status conference.

21  Maybe, Your Honor, I'll cede the podium to Mr. Bromley who

22  can give you a little bit --

23           THE COURT:  Yes.

24           MR. ABBOTT:  -- sort of the big picture status

1  update, and then we can go from there.

2          THE COURT:  All right.  Thank you.  I know you

3  had a mediation session a week or so ago, and I guess I also

4  noted that a Motion has been filed relating to the long-term

5  disability participants, and I suspect that perhaps the

6  mediation did not result in settlement.

7          MR. BROMLEY:  Good morning, Your Honor, James

8  Bromley, from Cleary Gottlieb, on behalf of the Nortel

9  Networks, Incorporated and affiliated debtors.

10          We've had the pleasure of being before Your Honor

11  many times to announce consensual resolutions.  Only

12  occasionally have we had to come before you and announce a

13  failure to -- the meeting of the minds.  And unfortunately,

14  I think we've got a lot of that today and in the coming

15  months.

16          If I could take a couple of moments to kind of

17  give you the lay of the land --

18          THE COURT:  Find.

19          MR. BROMLEY:  -- because there's a number of

20  different disputes and issues that are out there --

21          THE COURT:  Yes.

22          MR. BROMLEY:  -- and I think it would be helpful

23  for the Court to have a view of that.  At the moment, the

24  debtors have about 18 employees at this point.  We had

25  nearly 10,000 when we commenced these cases in January of

 1  2009, and that was out of about 24,000 around the world.

 2  About 10,000 were here in the U.S.

 3              THE COURT:  I was thinking of a political joke,

 4  but I don't think I'm allowed to make those, so I'll resist.

 5              MR. BROMLEY:  I think the only political jokes we

 6  need, Your Honor, is just to turn on the TV.  It's just

 7  right there for the asking.

 8              THE COURT:  Yes.

 9              MR. BROMLEY:  The -- so where we are today, Your

10  Honor, is we have 18 employees.

11              THE COURT:  Yes.

12              MR. BROMLEY:  We have several hundred million

13  dollars here in the U.S., nearly a billion dollars, and

14  seven and a half billion dollars in escrow around the world

15  that we're trying to find a way to unlock.  In the U.S.

16  we've come down to a number of issues.  We've got our

17  retirees, the 1114 committee --

18              THE COURT:  Right.

19              MR. BROMLEY:  -- got a group of long-term

20  disabled employees. The retirees are in the 2,000 to 3,000

21  range, numbers.  LTD group in the 200 plus range.  Again, 18

22  active employees.  We've got a Motion that we filed with

23  respect to the U.K. Pension Claims, which are over $3

24  billion.

25              THE COURT:  Yes.

1    MR. BROMLEY:  And Your Honor kindly entered an

2  Order setting a schedule for the submission of more

3  definitive statements with respect to the U.K. Pension

4  claims, and that will go off on that road with respect to

5  discovery and resolution.

6    THE COURT:  Right.

7    MR. BROMLEY:  Our hope is to try to deal with

8  them -- those claims very much the way we dealt with the

9  EMEA claims, which is to, once we get the more definitive

10  statements, make a Motion to Dismiss, try to narrow the

11  issues, and then proceed on that basis.

12    The U.K. Pension claims which are at a maximum

13  amount of about 3.1 billion U.S., are in many ways very

14  similar to the EMEA claims, and will also be coming to a bit

15  with my colleague, Mr. Barefoot, about a proposed schedule

16  for dealing with the resolution of the remaining EMEA

17  claims.  As Your Honor is well aware, you issued an Order on

18  March 20th dismissing a substantial number of those claims,

19  allowing other claims to continue, and we believe it's very

20  important that we work forward in terms of getting rid of

21  those claims.

22    And then of course we have the allocation issues

23  with respect to the big dollar amounts.  In order to make

24  distributions to our creditors, we need to do two things, we

25  need to reduce and allow claims, and we need to bring all of

1    the cash into the estate.  It's like any other case, but

2    we've gotten a number of large issues that we need to try to

3    deal with.

4           On the first front, in allocation, it's been over

5    a year since we were able to close the -- almost -- it was a

6    year just three days ago that we closed the patent sale and

7    brought the last of the proceeds in.  And it was near the

8    end of last year, 2011, that we were able to run off our

9    transition services agreements with our purchasers, very

10   successfully, I might add, so that the liabilities that

11   related to the potential for breaching those transition

12   services went away.  That was a critical issue in terms of

13   resolving the situation because as we transferred these

14   businesses, we had lots of spaghetti-like infrastructure

15   that needed to be carefully taken apart and moved over to

16   different businesses.  And we've been successful in doing

17   that.  And that's been a joint effort.  It's not just the

18   U.S. debtors, but also the Canadian debtors and the joint

19   administrators for the EMEA debtors working very closely.

20          At the same time we were selling and trying to

21   dispose of the businesses and the patent portfolio, we were

22   recognizing that we needed to allocate, and we started

23   informal discussions in the summer of 2010.  We had -- and

24   when I say informal discussions, we had 50 people in a room

25   around a big table, everyone making statements about legal

1  positions and theories, and so that's over two years ago

2  that we first had those meetings.  And the group of parties

3  that needed to allocate and mediate, if you will, coalesced

4  at that time with the U.S. Creditors' Committee, the

5  bondholder group, the Canadian debtors and Monitor, the

6  Canadian stand-alone creditors, creditors only of claims in

7  Canada, the French liquidator and our joint administrators

8  and pension parties.  It's a big group when they get

9  together but we did start getting together and having

10  informal discussions about how to allocate in 2010.

11            Then in the Fall of 2010, in November, we had our

12  first formal mediation and Layn Phillips, former U.S.

13  District Court Judge and former U.S. Attorney from Oklahoma,

14  was appointed by Your Honor and Justice Morawetz as a

15  mediator.  I think we brought that motion in September of

16  2010, and then we had our first mediation sessions in

17  November of 2010.  We had five full days of sessions where

18  all the parties got together, and there were offers made.

19  It was an unwieldy process.  I think when Judge Phillips

20  looked at us at the first day of the mediation, he said he

21  was taken back to the movie Jaws, when Robert Shaw said, I

22  think we're going to need a bigger boat.  And I think he was

23  right.  But nevertheless, we all were together, and we sat

24  together for five days, and I think we felt that there was

25  progress that was made.  At the time we didn't yet have our

1    patent portfolio fully marketed.  We were marketing it.  We

2    had a sense of where bids might come in, but we had no

3    formal bids, and we had no stalking horse.

4            We then scheduled a further mediation for the

5    next year, in May, early May.  And when you fast-forward to

6    that, what had happened by early May, right.  Well, in

7    January, the Canadian debtors had asked for more definitive

8    statements on the EMEA claims and on the U.K. Pension claims

9    and both of those had been submitted to the Canadian Court.

10   Those were more definitive claims in a very fulsome sense.

11   The first claims that had been filed in Canada as here had

12   been placed over claims contingent, unliquidated, disputed.

13   They were reduced to, you know, detail.  We then followed

14   suit in the U.S. after having informed Your Honor that we

15   were going to do that with respect to the EMEA claims.  We

16   filed that Motion and took it through in 2011.

17           We also, at the same time, didn't proceed with

18   respect to the U.K. Pension claims.  We had our Third

19   Circuit appeal and eventually the Cert denial at the Supreme

20   Court.

21           THE COURT:  Right.

22           MR. BROMLEY:  And so that's why a month ago we

23   came before you and said we needed to start on the U.K.

24   Pension claims.  But to go back to the beginning of 2010,

25   after those more definitive statements were filed in Canada,

1    two things happened.  One is we knew that there was a second

2    mediation session coming up.  We also knew that the auction

3    was underway.  We had a sense of the bidding.  We didn't

4    anticipate that the number would go as high as it did, which

5    obviously is terrific, but that second set of mediations

6    lasted three or four days.  Again, everyone got together in

7    a big group.  There was progress, and there were proposals

8    made.  But at the end of the day the two things hanging over

9    that process that -- that mediation session that didn't

10   allow it really to proceed to fruition.

11            One is we did not know how much we would get for

12   the patents, and we didn't know whether we would be able to

13   successfully conclude our transition services obligations.

14   So a big liability question was opened, and a big asset

15   question was open.  When we finished those meetings, I think

16   there was a sense that we had done as much as we could in

17   mediation and then we made our motion before Your Honor and

18   before Justice Morawetz asking for the two Courts to take

19   control of the allocation.  We briefed that substantially,

20   and Your Honor may recall that the only party that actually

21   opposed the relief were the joint administrators.

22            THE COURT:  Yes.

23            MR. BROMLEY:  And they said there was an

24   agreement to arbitrate.

25            THE COURT:  Right.

1          MR. BROMLEY:  Even the U.K. Pension folks came in

2    and basically said we don't oppose it or support it.  We

3    just want to get it over with, and then sat down.  But that

4    motion was supported by the U.S. Debtors, the Canadian

5    Debtors, the U.S. Creditors' Committee, the bondholder group

6    and the Canadian Creditors, the Triple C, as we call them.

7          We had that hearing, long day, on June 7, 2011.

8    The auction was going to proceed, I think, on June 24th.  And

9    so between the -- that hearing and the beginning of the

10   auction, we had a chambers call with Your Honor and Justice

11   Morawetz.  I think the only chambers call we had where both

12   of you were on the line.  And at that point you told us that

13   you needed time to write your opinions, both you and Justice

14   Morawetz, and that we were going to go back to -- you would

15   like us to go back to mediation, and you would appoint, in

16   relatively short order, a mediator.

17         And lo and behold, in the middle of our auction,

18   I think it came through 7:00 or 8:00 at night in one of the

19   days.  I'm not sure if it was the $3 billion day or the $2

20   and a half billion day but we got the orders coming almost

21   simultaneously from you and Justice Morawetz appointing

22   Chief Justice Winkler, and so that was in June 25th, 26th,

23   27th, something like that, of 2011.  And now we're 13 months

24   past that.

25         With respect to the allocation mediation, which

1   is now going on before Chief Justice Winkler, when we were

2   here a month ago, we told Your Honor that we were concerned

3   that not a lot had taken place.  And those comments were

4   echoed not only by the U.S. Debtors, Creditors' Committee

5   and the bondholder group -- actually, I don't think the

6   bondholder group stood up, but they certainly were

7   whispering loudly in our ears.  But also the U.K. Pension

8   folks had indicated they didn't really know where things

9   were heading, and that the Canadian Debtors had said the

10  same thing.

11          And that's, when we sit back and look at the

12  entirety of our disputes that we have going forward, that's

13  the biggest one that we have.  And we continue to be

14  concerned, Your Honor that there's not progress.  We did

15  have a meeting with, I think as we told the Court, we were

16  planning on or we had been told that we would be having a

17  meeting with the advisors and Chief Justice Winkler, but

18  we've not yet seen Chief Justice Winkler since the first day

19  of the -- it was an introductory session.  I think it was

20  April 24th of 2012.

21          THE COURT:  The one that was on the internet?

22          MR. BROMLEY:  Yes.  And while we've been invited

23  to a meeting later this month, I -- we don't have any

24  understanding based on the conversation so far, without

25  disclosing any confidences that that's actually going to be

1    a multiple-entity session.  I think we're just going to sit

2    and talk with Justice Winkler for a couple of hours.  And

3    respectfully, Your Honor, I think that the U.S. Debtors and

4    the U.S. interests are concerned that we need some finality

5    to this.  It has been four months, four and a half months

6    since the -- since Your Honor issued the Order with respect

7    to the EMEA claims.  If this rolls into September, it will

8    be six months, and it's frustrating for us in the sense

9    that, you know, the prior set of mediations, they didn't

10   reach a result, but within six months we did meet in person

11   for eight or nine or ten days.  And we're concerned that we

12   don't have a sense of where it's going at this point.

13          And so I think from the U.S. Debtors'

14   perspective, our view is that there should be some sort of

15   deadline that be put on the mediation process.  It is not --

16   it's not without having thought about this quite a bit that

17   we are asking Your Honor.  We have sat quietly, in effect,

18   asking for direction and guidance.  But when we sat and we

19   were here before you just about three weeks ago and so many

20   parties stood up and echoed the same types of concerns and

21   then we had another three weeks go by with no additional

22   progress.  We felt that it was important to come back and

23   let you know that.  So, in that context, Your Honor, when we

24   think of all we've accomplished and tried to put together,

25   we do think that we all need to get this moving.  And either

1  we're going to have a mediated settlement or not, and then

2  we have to figure out -- and Your Honors will have to figure

3  out where it goes from there.  But we really need to have

4  meetings and exchanges of proposals, and that's not

5  happened.  So our view, Your Honor, is that we would like a

6  deadline and, you know, this is not a point of view that

7  we've kept to ourselves.  So --

8          THE COURT:  Has this been addressed to Justice

9  Morawetz as well?

10         MR. BROMLEY:  We have not expressed it to Justice

11  Morawetz --

12         THE COURT:  All right.

13         MR. BROMLEY:  -- Your Honor.

14         THE COURT:  All right.  Because without -- again,

15  without revealing confidences, first of all, as you know,

16  the progress of the case has been highly dependent upon the

17  cooperation between the Courts and it's for that reason that

18  I agreed with the view that another medication was

19  appropriate.  The selection of the mediator I think should

20  indicate where -- you know, who the mediator is or indicates

21  the primary force behind the mediation, and I can't go off

22  on my own.  You know, I don't -- I mean I could.  I could

23  rule that we're not going to continue with mediation beyond

24  a certain date and, at that point, I'm going to decide the

25  allocation issue, which is well under way, the decision.

1  But I don't know how that unilateral effort on my part is

2  going to advance the case because there's another Court

3  involved who also has to decide that allocation issue and

4  then there's always the fear of inconsistent decisions and

5  appeals and it could be a very awkward situation.  And after

6  our last hearing, during which the parties expressed

7  concerns, I did make a call and the response was that things

8  were well under way.  So I think I'm operating on a

9  different understanding than -- in fact, we had several

10 calls and I won't say what was said but it was -- the clear

11 message was there's a lot going on and so it's -- I won't

12 say anymore because I don't want to reveal the confidences

13 but, you know, I'm prepared to push and I will make calls to

14 push and I'm going to do -- I'll do that this afternoon, in

15 fact, because it's of concern to me as well.  There's a lot

16 of money involved and it's sitting there and there are a lot

17 of people who would like to see that money distributed,

18 including me.  But it's somewhat awkward because of the -- I

19 don't want to say the politics but -- I don't mean politics

20 in a political sense, but I mean the sort of sensitivities

21 involved.

22          MR. BROMLEY:  We certainly appreciate that, Your

23 Honor.  We wanted, first of all, to give you an update --

24          THE COURT:  Yes.

25          MR. BROMLEY:  -- just to let you know where

1  things are.

2         THE COURT:  Yes.

3         MR. BROMLEY:  And we're prepared to do whatever

4  is helpful to facilitate that.  We have tried to be

5  extraordinarily respectful of the international dynamics

6  here, and I think throughout this case, we've demonstrated

7  over and over how well the two Court systems work together.

8         THE COURT:  Right.

9         MR. BROMLEY:  And perhaps, you know, what we need

10 to do is if -- you know, I think that the U.S. Debtors do

11 feel very strongly that we need to have more structure and

12 -- while I said U.S. Debtors, I think the Committee and the

13 Bonds believe the same thing.  We need more structure and

14 more certainty as to where it's going to go because we do

15 have the ability, Your Honor, to make a motion for you and

16 Justice Morawetz and ask for this to be teed up.

17        THE COURT:  You clearly do.

18        MR. BROMLEY:  And we haven't done that.  But I

19 think that we're prepared to do that if we don't have

20 clarity in where it's going.  And, you know, one

21 alternative, Your Honor, is we have only had one Chambers

22 Conference with both you and Justice Morawetz together on

23 the phone.

24        THE COURT:  That's my fault.

25        MR. BROMLEY:  Maybe we could have another one.

1          THE COURT:  Yes.

2          MR. BROMLEY:  In which we can, you know, have a

3     more fulsome conversation and perhaps even have a

4     representative of the mediator or the mediator himself

5     participate so that we all understand where it's going.

6          THE COURT:  You know, I just want you to know too

7     that, at the beginning of the mediation process, the message

8     to me was this is of great urgency in Canada and so I was

9     sort of -- I had the understanding that things were going to

10     move very quickly and so it's not a comfortable situation

11     but I do understand the concern, and my thought was, as I

12     was sitting here listening to you, was the same as yours and

13     that is I think it's time for Justice Morawetz and I to

14     become participants, at least in the structuring of the

15     process.  Now, look, we're in open Court; it's on the

16     record, Justice Morawetz has a little bit of a different

17     problem than I do.  Justice Winkler is not my Chief Justice

18     and --

19                         (Laughter)

20          THE COURT:  -- were the mediator in this case,

21     for example, the Chief Judge of the Third Circuit Court of

22     Appeals, it might be a little more awkward for me to call up

23     and say we've really got to get this thing going.  But it

24     does have to get going and I appreciate it, Mr. Bromley.

25     Yes?

1        MR. QURESHI:  Good morning, Your Honor.

2        THE COURT:  Good morning.

3        MR. QURESHI:  Abid Qureshi, of --

4        THE COURT:  Yes, Mr. Qureshi?

5        MR. QURESHI:  -- Akin Gump Strauss Hauer & Feld,

6   on behalf of the Committee.  If I could just very briefly

7   jump in on this point?

8        THE COURT:  Sure.

9        MR. QURESHI:  And Mr. Hodara could not be here

10  today but he is on the phone.

11        THE COURT:  Oh, good.

12        MR. QURESHI:  I just wanted to make sure Your

13  Honor hears directly from the Committee.  We do indeed echo

14  what Your Honor heard from Mr. Bromley.  We are very

15  concerned at the slow pace.  We recognize and appreciate the

16  difficulties associated with a multi-national situation such

17  as this and, Your Honor, I don't think it would be

18  appropriate to get into in detail the conversations we've

19  had with the mediator --

20        THE COURT:  No.

21        MR. QURESHI:  -- or with his representatives.

22        THE COURT:  No.

23        MR. QURESHI:  But I will say that we are doing

24  what we can outside of that process to push things along

25  because we do, at the end of the day, believe that if a

1   mediated solution cannot be achieved, there is an

2   alternative and whatever that alternative is, we have to get

3   on with it.  And Your Honor is seeing that and you're seeing

4   that, in part, today with the status conference that we will

5   have on the remaining EMEA claims which, of course, are a

6   significant roadblock to getting to a resolution on

7   allocation.  So we firmly are of the view that the process

8   needs to move forward and move forward quickly and would

9   welcome the Court's participation to make that happen.

10             THE COURT:  Thank you, Mr. Qureshi.  I certainly

11  understood that you were in agreement but I appreciate your

12  putting it on the record.

13             MR. BROMLEY:  So, Your Honor, we -- James Bromley

14  again for the Nortel debtors.  I was giving that as a

15  precede to everything else that we're going to talk about

16  today.

17             THE COURT:  Sure.

18             MR. BROMLEY:  But before we leave that, I do want

19  to emphasize we are available at any time to have a call and

20  I do think it would be most useful to have the mediator on

21  the phone as well so we understand directly what's going to

22  happen.  The -- and what we don't want to -- we don't want

23  to make things difficult in where we stand right now but

24  it's -- you know, there's only so much we can do.  And, you

25  know, there have been expressions of a particular point of

1   view which is there's no litigation solution to the issues

2   that we face and, unfortunately, I think we disagree with

3   that and disagree with it strongly.   We have focused very

4   carefully on how to produce and allow claims to get them out

5   of the way.   We have worked tirelessly over the past 18

6   months to do exactly that with the largest claims that we

7   have.   That has not been done in the Canadian Court.   The

8   Canadian process has stopped in terms of reconciling the

9   U.K. Pension claims and the EMEA claims and both Courts have

10  exclusive jurisdiction over those claims to resolve them and

11  deal with them.   Yes, there's some overlapping issues and

12  perhaps some discovery that needs to be shared, and that

13  will come up in some other things we'll discuss, but it is

14  not impossible.   And the -- so it may be true that there

15  could be concerns about the decision on the motion with

16  respect to deciding allocation.   There are lots and lots of

17  other issues that are entirely within the purview of each

18  individual Court.

19              THE COURT:   Sure.

20              MR. BROMLEY:   And so that's why we focused very

21  clearly on taking the U.K. Pension claims and making sure

22  they would be resolved here and here alone, the claims

23  against our debtors and working on the EMEA claims in the

24  same way.

25              And maybe it's worthwhile now to talk a little

1  bit about the other things on the agenda because I think

2  they all do interrelate to each other.

3          THE COURT:  Just one question too just so that

4  when I make my call I have some -- have a better picture.

5  Have you been in regular communication with the mediator's

6  Counsel?

7          MR. BROMLEY:  It's -- we've had several

8  conversations with the mediator's Counsel and he has

9  Canadian and U.S. Counsel.

10          THE COURT:  Right.

11          MR. BROMLEY:  I wouldn't necessarily describe it

12  as regular.

13          THE COURT:  Okay.

14          MR. BROMLEY:  Periodic and other adjectives that

15  are along the sliding scale.

16          THE COURT:  And I take it you've expressed

17  similar concerns to Counsel?

18          MR. BROMLEY:  They are -- I think they're fully

19  aware of our concerns, Your Honor.

20          THE COURT:  Okay.  All right.  Thank you.

21          MR. BROMLEY:  With respect to the other issues

22  that we have outstanding; so the EMEA claims are part of the

23  agenda today --

24          THE COURT:  The remaining claims after the

25  Dismissal Order is what --

1          MR. BROMLEY:  Exactly.

2          THE COURT:  Yes.

3          MR. BROMLEY:  And then we also have the

4    mediations that have just concluded with respect to the

5    retirees and the long-term disabled.  So, if I could, Your

6    Honor, I'd like to focus on those for a moment.

7          THE COURT:  Sure.

8          MR. BROMLEY:  So we did file on the 31st of July

9    two motions, Your Honor.  One, a Motion under Section 1114

10   of the Bankruptcy Code and another under Section 1108 of the

11   Bankruptcy Code.  The 1114 Motion is with respect to retiree

12   medical benefits and the 1108 Motion is with respect to the

13   employment of and provision of benefits to certain active

14   employees who are classified as long-term disabled.  It's

15   worthwhile to have a little bit of a historical review there

16   as well just to put this in context.  Your Honor may recall

17   that in June of 2010, and that's over two years ago, so 25

18   months ago, actually, almost 26 months ago, Your Honor.  We

19   filed a motion seeking to terminate the -- well, not seeking

20   to terminate under Section 1114 but, in effect, seeking a

21   comfort Order that it was appropriate for the debtors to

22   terminate their medical benefits to retirees.  Now, it's

23   important to note that we're not talking about any

24   interaction with Section 1113.  This is not a collectively

25   bargained set of retiree medical benefits.

1          THE COURT:  Right.

2          MR. BROMLEY:  As luck would have it, or timing

3  would have it, when we filed the motion, the Third Circuit

4  was sitting on a case known as *Visteon*, the parts subsidiary

5  -- the corner part subsidiary of Ford Motor Company.  And

6  literally a day or two before we were scheduled to hear the

7  motion, the Third Circuit issued its decision in this town.

8  Rather than proceed at that time, in light of the *Visteon*

9  decision, the debtors withdrew without prejudice its pending

10  motion with respect to retiree medical benefits.  The

11  *Visteon* decision I think is a matter of -- the import of it

12  in this circumstance is a matter of debate and, in part,

13  that is what will fuel the litigation that we've set forth

14  in filing our motion.  But, in part, it's worthwhile to say

15  a couple of things.  Visteon, a large auto parts

16  manufacturer, former subsidiary of Ford Motor Company,

17  sought bankruptcy protection, reorganized successfully, out

18  of bankruptcy, apparently doing quite well.  It certainly

19  downsized.  It certainly lost liabilities and trimmed its

20  excesses but has successfully reorganized an emerged

21  operating company.  And there was never any doubt during the

22  course of the *Visteon* bankruptcy, particularly, by the time

23  of the decision in 2010 that *Visteon* wasn't going to be able

24  to reorganize.  There was no doubt about it; it's a

25  reorganization.  There may have been doubt about who was

1    going to get what or how --

2              THE COURT:  Sure.

3              MR. BROMLEY:  -- it was going to be funded, but

4    it was coming out and it would continue to operate.  And in

5    that context for that company, there had been a decision

6    made during the pendency of the bankruptcy to stop paying

7    the benefits, retiree medical benefits, to a group of

8    retirees, and again, non-union representative retirees.

9    Based on language in the Plan documents which said that the

10   company retained the right to amend those benefits, and

11   including eliminate those benefits.  Visteon, more or less,

12   said you have to follow 1114 if you're going to do that

13   during the pendency of a bankruptcy case whether or not

14   there's language contained -- that language in the

15   documentation retains the right.  The decision makes clear,

16   in our view, that the relief being provided was procedural

17   and not substantive, meaning that you have to go through the

18   1114 process of exchanging offers and proposals and sitting

19   in good faith and talking about things.  But it didn't make

20   any statement about the underlying entitlement to benefits

21   and the underlying argument that you would have to terminate

22   those benefits and whether those benefits would have to

23   continue for any particular period of time.

24             THE COURT:  Right.  In *Visteon*, they had not

25   followed those procedures.

1              MR. BROMLEY:  That's right.  So we backed out.

2    There had been an objection filed, however, by a group of

3    retirees, an ad hoc group of retirees represented by a

4    lawyer named Dean Gloster who had, in a prior case, worked

5    to try to put together a solution for retiree medical.  And

6    we spent a fair amount of time during the Summer of 2010

7    meeting with Mr. Gloster and his purported group and other

8    representatives they had retained and we went out and tried

9    to find soft landing replacement insurance coverage that

10   would be beneficial to the retiree group, as well as to the

11   company, recognizing that the *Visteon* decision had changed

12   the legal landscape and that there was a litigation issue at

13   risk.  Those talks fell apart by the end of 2010 and we made

14   a motion to actually appoint an 1114 committee after a

15   lengthy period of consideration.

16              During the period of time after withdrawing the

17   motion in June of 2010, it continued to pay benefits to the

18   retirees on the scale of more or less a million dollars a

19   month.  So it's 25 or 26 months since we withdrew that

20   motion and if we had gotten the relief that we were

21   anticipating that we were entitled to in June of 2010, we

22   would have $26 million more in the bank accounts of Nortel

23   to spread out to pay creditors generally.  We spent a lot of

24   time with Mr. Gloster, as I mentioned, trying to find a soft

25   landing.  Insurance companies are not easy to deal with, as

1   I think every one of us has -- any time we talk about

2   insurance companies, the first half-hour of any one of these

3   meetings is a litany of the last issue that any one of us

4   has felt dealing with an insurance company.  So actually

5   having one there willing to provide coverage is a difficult

6   task.  The opportunity that we had in 2010 with respect to

7   replacement coverage disappeared because they just weren't

8   willing to wait around.

9           THE COURT:  Right.

10          MR. BROMLEY:  We then worked to get an 1114

11  committee appointed.  An 1114 committee was appointed.  They

12  chose Counsel and financial advisors.  They've been retained

13  and they've been working on this for over a year.  They have

14  spent an awful lot of time and effort on that and they have

15  been compensated for that, their advisors.

16          At the same time that we've been dealing with the

17  retirees, there's another group, a smaller group of people,

18  and you've seen representatives of them, Your Honor, the

19  long-term disabled.  They're a little different.  They are

20  not retiring from the company.  The retirees have retired.

21  Any of our actives that we started this case with have

22  either transitioned to new jobs with our purchasers or have

23  been severed.  Right now, we have an active population which

24  is 18 people who come to work every day and work to resolve

25  the case.  There's 215 or so long-term disabled who are

1    still on the active rosters because of the way the situation

2    works.  They are not terminated and they have not retired.

3    But a group of those people are entitled to retire and, as

4    time goes on, more and more of them are entitled to retire.

5    And so, in part, the two groups have been tied together to a

6    certain extent because there can be a migration from the

7    long-term disabled group into the retiree group.  People can

8    choose to retire and move into the other group for now

9    because we haven't terminated the benefits under 1114 for

10    the retirees and we haven't done anything with respect to

11    the long-term disabled.

12                Around the same time that we moved for an 1114

13    committee, there were concerns raised about the proper

14    representation -- of certain with these long-term disabled

15    employees and another committee was established by the U.S.

16    Trustee's Office under Section 1102.  And we have had, as

17    Your Honor knows, seriatim applications for fees and for

18    authorization to pay fees going forward.  So they're

19    forward-looking, not retroactive.  And so Counsel has been

20    retained.  They are sharing financial advisors with the 1114

21    committee, Alvarez & Marsal, and they have been paid.  More

22    or less, the U.S. Debtors, in the year since those two

23    committees have been appointed, have paid about a little

24    less than $3 million in terms of fees and expenses of the

25    representatives of the two committees.

1          You may recall, Your Honor, in April; I believe

2     it was April 18th of this year, we had a hearing.  And the

3     discussions about retiree medical and long-term disabled

4     benefits had, in our view, reached an impasse and there was

5     a motion made to appoint a mediator to help facilitate the

6     resolution of these matters.  And the debtors were

7     supportive of that to try to see if mediation would be a

8     solution.  We had our differences but we were able to select

9     a mediator and that mediator was Mr. Richard Levin, of the

10    Cravath Swaine & Moore firm --

11              THE COURT:  Yes.

12              MR. BROMLEY:  -- in New York.

13              THE COURT:  Yes.

14              MR. BROMLEY:  And Mr. Levin is a well-known

15    bankruptcy lawyer and --

16              THE COURT:  Yes, and highly respected.

17              MR. BROMLEY:  One of the draftspersons of the

18    Code itself.

19              THE COURT:  Yes.

20              MR. BROMLEY:  At that hearing on April 18th, we

21    talked very specifically about a stay period, a period

22    during which the debtors would agree to forebear from filing

23    any motion to take any steps with respect to the benefits

24    under either the LTD or the 1114 Committees and we had to

25    debate that.  Of course, you may recall Mr. Togut was here

1   and he was asking for no deadline and we were arguing for a

2   60-day deadline.  And Your Honor agreed with the debtors and

3   we had a 60-day deadline.  That deadline was June 18th.  For

4   whatever reason, the mediation -- notwithstanding the

5   appointment of the mediator, took a while to take hold and

6   there had been a number of sessions with respect to the

7   mediation with Mr. Levin in person in New York.  Sometimes

8   some of the participants from the committees had been on the

9   phone, but these have been long, full-day exercises with a

10  good faith exchange of proposals with both the LTD Committee

11  and the 1114 Committee.  Notwithstanding the expiration of

12  the stay period, and your Order on the -- appointing Mr.

13  Levin, of April 18th, the debtors did not file a motion on

14  June 18th or 19th or any date up until July 31 and, in good

15  faith, worked to try to find a resolution and,

16  unfortunately, we have not been able to and so we filed our

17  two motions on the 31st and we filed those motions on the 31st

18  and have asked for an aggressive schedule.  I'm not going to

19  sugarcoat it; I think it is aggressive, but I think it's

20  appropriate and it's an aggressive schedule for both the

21  1114 and LTD groups and it's aggressive for the following

22  reason.  Insurance is an annual exercise.  It -- the debtors

23  are laser-focused on resolving this before the end of the

24  year because, right now, the group of retirees and LTD'ers

25  outnumbers the group of active employees by an expediential

1   number.  You're talking in the neighborhood of over -- of

2   2,500 people versus 18.

3              THE COURT:  Right.

4              MR. BROMLEY:  And you roll that forward, those 18

5   are going to reduce even further as the year goes on.  It is

6   simply no longer viable for Nortel to be maintaining benefit

7   plans when Nortel has no business.  It has no prospect of

8   having a business and the only thing it's going to do is

9   distribute monies to its creditors.  And we believe we have

10  the right under the law, both -- and the documents, with

11  respect to both committees to bring this to a conclusion in

12  an expedited fashion.  I would note that, notwithstanding

13  the fact that we filed the motions, that doesn't mean we're

14  not going to be willing to continue to talk to try to

15  resolve this.

16             THE COURT:  Understood.

17             MR. BROMLEY:  Indeed, I think history shows that

18  most of the settlements with respect to these matters take

19  place once litigation has actually been commenced.  There's

20  a -- you know, perhaps pavlovian exercise that goes on; you

21  just need to ring the bell in order for people to recognize

22  that things have to happen.  And so we've rung the bell on

23  Monday.  And in connection with that, we've had

24  conversations with both the retiree advisors and the long-

25  term disabled advisors for timelines to litigate these

 1    matters.  And the timelines have a number of different

 2    components; discovery, briefing, and trial being the three

 3    main components.  And we have proposed timelines to both

 4    committees.  I believe that we've reached agreement with the

 5    LTD Committee on the schedule.  We have not, unfortunately,

 6    reached an agreement with the 1114 Committee on the

 7    schedule.  And what we're aiming to do, Your Honor, is to

 8    have a hearing, and this is obviously subject to Your

 9    Honor's availability, on the week of November 5th with

10    respect to the 1114 relief and the week of November 12th,

11    which is the next week, with respect to the long-term

12    disabled.  We've sequenced it retirees first and long-term

13    disabled second because there is, as I have mentioned, a

14    relationship between the retirees and the long-term

15    disabled.

16              THE COURT:  Sure.

17              MR. BROMLEY:  And we believe that the ability of

18    certain long-term disabled employees who are eligible to opt

19    into the retiree treatment means that we need to have a

20    decision on the retiree relief first.

21              THE COURT:  Yes, I certainly understand that, Mr.

22    Bromley.  Do you have a sense of the length of the hearing?

23              MR. BROMLEY:  Well, we --

24              THE COURT:  A week -- a solid week do you think?

25              MR. BROMLEY:  Well, I think -- we've actually

1    thought it should be no more than three days.

2            THE COURT:  Okay.

3            MR. BROMLEY:  And that kind of goes into a little

4    bit with respect to the discovery because discovery is now

5    limited to this exercise.  There have been voluntary

6    exchanges of documents in over the year since the two

7    committees have been appointed and there have been

8    complaints made over time that have been relayed to Your

9    Honor that the debtors have not been as fulsome or complete

10   in their production as the committees might believe they

11   should have been.  I can say, Your Honor, that we have been

12   diligently going through the materials and, as we find them,

13   we have produced the materials and we have produced

14   substantially all the materials to date that we've located

15   and we have people literally on site today and yesterday and

16   the day before trying to locate the rest of the documents to

17   the extent there are any.  It is important to recognize, you

18   know, that what we're talking about is a -- again, a company

19   that employed 10,000 people; now down to 18.  We have been

20   working diligently to provide the materials.  Sometimes it

21   may appear that there's a document that might be missing.

22   That doesn't mean that we haven't produced it.  It means

23   that we haven't been able to locate it.  But, in terms of

24   the production to date, it's been rolling and ongoing and it

25   has informed the conversations and negotiations that we've

1   had.  As a result, we don't think that there's an enormous

2   amount of discovery that needs to happen going forward.  We

3   think that the exercise here is going to be driven in large

4   part by experts and I'm, you know, fully aware that my

5   colleagues will dispute that it's going to just be experts.

6   But, even if it gets into fact witnesses who were there and

7   present at the time, I don't think that we're talking about

8   long sets of testimony either in deposition or in Court.

9   And it's certainly our hope that with respect to

10  documentation which will be submitted to Your Honor that

11  we'd be able to do that all on stipulation and not have to

12  spend a lot of time here authenticating documents as

13  business records and the like.

14          THE COURT:  Sure.

15          MR. BROMLEY:  So our hope is that, once we get to

16  the claim, we will, you know, trial, we will have a binder

17  or two of key documents that are already stipulated as to

18  admissibility and we'll have a handful of witnesses at most,

19  experts speaking on things like actuarial assumptions and

20  discount rates and, you know, I would encourage everybody

21  that day to come caffeinated --

22          THE COURT:  Yes.

23          MR. BROMLEY:  -- to pay attention during that.

24  But we do think that we're going to be in a position to

25  resolve it fairly quickly.  The -- so it would be -- if I

1    could, Your Honor, we'd have -- I can describe and then I'll

2    let my colleagues get up and make their opposing statements.

3    If I can just go through both the LTD schedule and the 1114

4    schedule that we proposed?

5                    THE COURT:  Yes.

6                    MR. BROMLEY:  I'll start with the LTD schedule

7    because I believe that schedule has been agreed.  I know

8    that Counsel to the LTD Committee might want to make a

9    statement or two reserving rights and we -- everybody

10   reserves the rights as we say every time we appear.  But

11   that being said, what we're looking at is, and I can provide

12   a copy of this to Your Honor to follow along if that would

13   be helpful.

14                   THE COURT:  Please.  That would be helpful, Mr.

15   Bromley.  Thank you.  Thank you.

16                   MR. BROMLEY:  So, Your Honor, with -- and I've

17   also given the schedule, the timelines, to Counsel for the

18   LTD group.  The -- what we're talking about is we've already

19   met by one day the deadline to file the motion and the

20   deadline to serve written discovery would be August 6th; the

21   deadline to serve written responses and objections to

22   discovery requests, August 20th; the close of document

23   discovery for all parties, September 7th; deadline to make

24   supplemental submissions, and that's the debtors'

25   supplemental submissions in support of the motion, September

1    14th; the deadline to file the debtors' expert witness

2    reports, September 14th; the deadline for the debtors to

3    disclose their witnesses, September 14th; the deadline for

4    the long-term disabled group to identify their witnesses,

5    September 21; the deadline to complete all depositions of

6    debtor witnesses, September 28th; the deadline for the LTD

7    group to file objections to the motion, October 5; the

8    deadline to file the LTD expert witness reports, if any,

9    October 5; a status conference with Your Honor to discuss

10   where things stand and what else needs to be done, October

11   18th; the deadline to complete depositions of all of the LTD

12   witnesses, October 19th; the deadline to file replies,

13   October 26th; the deadline to file trial exhibit lists and

14   witness lists, November 7; and a hearing on the week of

15   November 12th.

16          THE COURT:  All right.

17          MR. BROMLEY:  And I think that is -- accurately

18   reflects the conversations that we've had.

19          MR. ZAHRALDDIN:  Thank you, Mr. Bromley.

20          THE COURT:  Good morning.

21          MR. ZAHRALDDIN:  How are you, Your Honor?

22          THE COURT:  Good morning.  Good to see you.

23          MR. ZAHRALDDIN:  Raphael Zahralldin from the

24   long-term -- from Elliott Greenleaf, for the long-term

25   disability claim.

1           THE COURT:  Yes.

2           MR. ZAHRALDDIN:  Your Honor, and there was a lot

3  of information I know that -- by Mr. Bromley who was trying

4  to get everyone up to speed on what's been happening, and

5  I'm not going to take the time to express my disagreements.

6  I think that's unnecessary.  I will say that we -- I will

7  echo his comments that we've all been working diligently to

8  try to get something done, even as recently as yesterday.

9  We got our committee together and had a session, without the

10  mediator but with the parties, that lasted from noon until

11  some time around 9:00 at night.  We still are hopeful that

12  we'll be able to get another proposal over to the debtors

13  and the committee and -- the ad hoc committee bondholders,

14  to try to settle this without going to litigation.  So it

15  isn't as if we're not trying and that we're also not part of

16  the team trying to row the boat across the finish line here.

17  But I will that one piece that we do have of -- I think I'd

18  like to put in a little bit of caution here is that we have

19  been receiving documents over a year and Mr. Bromley is

20  correct, we have had some issues with, from our point of

21  view, how the documents have come over to us and we've

22  diligently gone through them and we were also in a time

23  period where we're in settlement discussions and mediation.

24           THE COURT:  Right.

25           MR. ZAHRALDDIN:  And so, hopefully, that will be

1  resolved when we get responses back and they've certified

2  that they've done a reasonable and diligent search.  But if

3  for some reason we have an issue with what's come over to

4  us, and as Mr. Bromley said, everyone reserves the right to

5  whenever they come in, but we want to make sure it's

6  communicated to you in terms of our agreement, with the one

7  copy for our agreement to the Scheduling Order, which is

8  that if we have an issue, we'll be coming back and we'll

9  address it with you by motion in Court.  But we're hopeful

10  that we get the documents certainly, as much as I love

11  reading ERISA plans and summary plan descriptions, and my

12  colleagues relishing it as well, we're hoping that the time

13  to be doing that is over and we'll have hopefully a pack of

14  discovery close-off that's appropriate for this case.  With

15  that, we certainly agree to the Scheduling Order.

16  Obviously, we'd all like to have a little more time but we

17  understand that there -- exigence here in this case and that

18  we're trying to get the case closed out and, like I said, if

19  we think we need more time, we'll come back and discuss it

20  with -- we'll discuss it with the parties first and then

21  we'll come back to Your Honor if we think we need to go any

22  further.

23              THE COURT:  Yes.

24              MR. ZAHRALDDIN:  Okay.

25              THE COURT:  All right.  Thank you.

1          MR. ZAHRALDDIN:  Thank you, Your Honor.

2          THE COURT:  Thank you, Mr. Zahraldin.  I -- the

3    only thing I would ask is that, given the tight time

4    schedule here, you know, filing formal motions and

5    responses, and waiting for a hearing date, obviously takes

6    time and it would ruin the schedule.  So if there are

7    disputes, get me on the telephone right away and I will hear

8    you right away, even if it's after hours so that we can keep

9    to the schedule.  All right?  I think that's very important.

10   If it can't be resolved on the telephone, obviously, that

11   will create some concern for everyone but I think usually I

12   have found that disputes can be and are.  Okay?  For both

13   sides, for all parties.

14          MR. BROMLEY:  We're obviously very, very happy to

15   hear that, Your Honor, and I mean it is -- we understand the

16   reservation of rights and, obviously, if there are concerns

17   on either side, we'll try to work them out --

18          THE COURT:  Sure.

19          MR. BROMLEY:  -- on our own and, if necessary,

20   involve Your Honor.  I think the debtors are particularly

21   sensitive to discovery concerns and, you know, I think one

22   of the issues with respect to mediation is you're focusing

23   entirely on the mediation exercise.  There are explanations

24   for the perceived gaps.  We are happy to provide them and

25   discuss them and, if we need to, Your Honor, we'll certainly

1  take you up on your offer to give you a call.

2              THE COURT:  Absolutely.

3              MR. BROMLEY:  So at the end, we can hand up an

4  Order with respect to that settlement.

5              THE COURT:  All right.  And I will have dates for

6  you the week of the 12th.  All right?

7              MR. BROMLEY:  Thank you, Your Honor.  We --

8  you'll see in the Order there is one blank date which is --

9  we would appreciate if Your Honor is comfortable giving a

10  date by which you think you can rule on the motion because,

11  as we said, we do have year-end concerns.

12              THE COURT:  Yes.

13              MR. BROMLEY:  And, you know, the issues that have

14  to deal with rolling insurance over and -- are very

15  substantial and so --

16              THE COURT:  Mr. Zahralddin, yes sir?

17              MR. ZAHRALDDIN:  Your Honor, again, Rafael

18  Zahralddin for Elliott Greenleaf, for the LTD Committee.

19  The one question I had, Your Honor, is we had submitted an

20  agreed Order for the motion that was to be heard today that

21  we had filed in order to extend our fees.

22              THE COURT:  Yes.

23              MR. ZAHRALDDIN:  And you had said earlier that

24  you had some questions.  I wasn't sure if they were related

25  or tied to the scheduling; if you wanted me to address them

1    now or if you were comfortable in signing that Order that

2    will take us to the 22nd when we can discuss, probably in the

3    context of the litigation motions that will be driven by the

4    Scheduling Order, what we'll be doing on a going forward

5    basis or did you have specific questions of us?

6          THE COURT:  Here's what I wanted to say, and key

7    issues are always uncomfortable for everyone and for me

8    included, and I recognize that this has been a very

9    expensive case and I'll also say that no one enjoys seeing

10   attorneys earn their money more than I do frankly, and I

11   recognize how hard lawyers work.  But as I was looking

12   through the case, I was struck by the fact that, other than

13   fee-related motions and documents, the committee had only

14   filed two pleadings in the case and there had been no

15   discovery and the amount of money paid in fees seemed very

16   large to me and, you know, I read your motion and I see that

17   there's -- I know that there's a lot of work being done.

18   But I was concerned with the fact that, at the beginning of

19   the case, there wasn't a lot of movement.  It took the

20   filing of a Motion for Mediation to get the committee to

21   submit a proposal so that was of concern to me in the way

22   the case had been conducted.  Now, what I would propose to

23   do is this.  What I would like to do is I recognize, based

24   on the schedule, that there's a lot of work to be done and

25   it's not easy work.  On the other hand, in the context of

1  this enormously complex case, the issues are fairly

2  confined.  So my thought is that I would like to remove the

3  fee limit with the understanding that the fees will be

4  subject to Court approval, which they are obviously, and

5  that, given the removal of the cap, that what I would like

6  to do is to really bring back into play is all of the fees

7  that have been awarded in the case so that I can do so

8  within the entire context of the committee's efforts and

9  that would obviously be subject to objection from parties,

10  from other parties.  But it would at least give me an

11  opportunity now that the cap is increasing to review what's

12  happened in the case.

13           MR. RAHRALDDIN:  And, Your Honor, we would

14  actually welcome that because I think that we've played --

15  we have kept very quiet in terms of what's been going on

16  during the settlement or mediation process and I think that

17  the reason we haven't filed a lot of motions is not really

18  the purpose for our committee to file motions.  Our

19  committee went through incredibly complex issues related to

20  these Plans.  They are narrow.  The ERISA issues are not

21  easy, particularly some of the ERISA remedies and the way

22  they tie into this.  We're also kind of in a situation

23  where, though Mr. Bromley refers to us as active employees,

24  there's a dispute between ourselves and the debtors and the

25  committee on that characterization and we believe that,

1   since there's no definition of retiree in the Bankruptcy

2   Code, though benefits, retiree benefits, are defined,

3   retiree is not, that there is some case law out there that

4   provides us with more than a colorful argument that, in this

5   situation, we have some very strange facts that could go one

6   way or the other.  But we dutifully presented arguments in

7   response to the mediator.  Everything that I have done has

8   been in reaction to documents produced to us or requests

9   from the mediator and, if we have to go in and provide a

10  full record, we're happy to do that because it hasn't been

11  that the committee has been reluctant to produce or provide

12  offers that led to the settlement.  I think it was a very

13  cold winter for all sides and, again, we didn't go into that

14  in our motions; we simply put down the work we've done.  But

15  we don't have any hesitation coming to you and educating you

16  further, Your Honor, if we need to in regard to our fees.

17          THE COURT:  Okay.

18          MR. ZAHRALDDIN:  I do believe that the fact that

19  we got to consents on those Orders and a consent on the

20  Order we presented indicates that we have proceeded in good

21  faith and the parties understand that.  And while the

22  process has been expensive, I'm more than happy to prepare

23  our competitive advantage and our rates, particularly the

24  folks that we have staffed and the years of experience they

25  have just because we happen to have a suburban Philadelphia

1    office that provides us that luxury so to speak.  So I'm

2    more than happy to address that at the motion on the 22nd

3    and, hopefully, we can come to a resolution.  But I

4    appreciate the fact that Your Honor has -- you know, is

5    inclined to lift the cap and allow us to proceed.  And we're

6    also happy, and we will provide to you, whether under seal

7    or just the parties, a litigation budget that would help

8    instruct you further because we definitely have a claim

9    going forward and, while I can't control the other side in

10   other circumstances, I certainly can control our costs and

11   our procedure as we go forward.

12           THE COURT:  Very well.  All right.  Thank you.

13   Yes?

14           MR. ZAHRALDDIN:  Thank you, Your Honor.

15           MS. BECKERMAN:  Good morning --

16           THE COURT:  Yes.

17           MS. BECKERMAN:  -- Judge Gross.  Lisa Beckerman.

18           THE COURT:  Yes, Ms. Beckerman?

19           MS. BECKERMAN:  Akin Gump, on behalf of the

20   Committee.

21           THE COURT:  Sure.

22           MS. BECKERMAN:  Just wanting to respond to a

23   couple things that you raised.  Unfortunately, as you may

24   recall, our negotiations at the beginning of this matter, I

25   was probably the architect for the fee cap.

1          THE COURT:  Okay.

2          MS. BECKERMAN:  Because when we were going into

3    this process and we were dealing with two committees, there

4    was definitely a very strong concern on the part of my

5    committee that we have some limitations on the process and

6    that's why we had also asked and negotiated with Mr.

7    Zahralddin about having one shared financial advisor as well

8    because of the --

9          THE COURT:  right.

10          MS. BECKERMAN:  -- concern about costs.  You

11    remember that --

12          THE COURT:  I do.

13          MS. BECKERMAN:  -- back in June or July, whenever

14    we were in front of you.  I just don't remember, but it was

15    a year ago, more than a year ago, Your Honor.

16          THE COURT:  Yes.

17          MS. BECKERMAN:  And one of the reasons that we

18    have I think -- so we've had that cap rolling and each time,

19    we've obviously had discussions both debtors' Counsel,

20    ourselves, and the ad hoc bondholder committee Counsel about

21    -- group Counsel, about the cap and increasing it and we've

22    obviously been going through that process.  I think the

23    reason that we have proposed the type of Order we did in

24    this case, Your Honor, was that, until we had worked out

25    scheduling on the litigation, had any idea of what we were

1    talking about for -- had actually filed the motion which, at

2    the time, we needed to respond to the most recent motion, we

3    wouldn't have.  We felt that it was a good interim situation

4    and, after having looked at everything, that we would deal

5    with the fees through the date of August 22nd.  We put the

6    rest of the motion off until August 22nd.

7              THE COURT:  That's right.

8              MS. BECKERMAN:  So we would have a chance to see

9    and discuss a litigation budget for the reasons that we

10   discussed.  And the parties have been working very

11   cooperatively together.  We haven't had I think a lot of

12   disputes amongst ourselves.  We've just been trying to be

13   cognizant of the fact that there was a purpose for that fee

14   cap originally and, while I realize this process has gone on

15   much longer than we all thought because we thought it would

16   be a four-month process and we're way into a year, I think

17   we obviously thought that the way that this Order that was

18   before you was structured, it would allow all the parties to

19   now talk about a litigation budget and figure out where we

20   are when we're back before you on the 22nd and meanwhile not

21   penalizing, you know, Elliott Greenleaf for us wanting to

22   have some more time to deal with that issue by putting it

23   off for a few weeks while we could have worked out the

24   litigation schedule and have a better sense to have a

25   conversation.  So I just wanted to give you that background,

1  Your Honor.  Obviously, and you're certainly -- you know,

2  it's Your Honor's prerogative to decide to enter the Order

3  or not but that was the thinking behind this Interim Order

4  that was before you and why we were putting everything off

5  until the 22nd.

6             THE COURT:  Okay.  So it confuses me a little bit

7  only because I had the motion to which there were no

8  objections that I was hearing today.

9             MS. BECKERMAN:  No, I understand.  But the Order

10 itself says --

11            THE COURT:  Yes.

12            MS. BECKERMAN:  -- that the time for the -- that

13 the motion is dealt with with fees through a certain date.

14            THE COURT:  Right.  Through August 22nd.

15            MS. BECKERMAN:  That the -- right.  That's right.

16            THE COURT:  Yes.

17            MS. BECKERMAN:  And that the time that the motion

18 is re-calendared again for the 22nd with respect to going

19 forward, and that there's a deadline for objections, which I

20 believe is August 15th.

21            THE COURT:  Okay.

22            MS. BECKERMAN:  I don't actually have the Order

23 in front of me but that's what I recall.  And that's to

24 allow us the next two weeks now that we've actually filed --

25 the debtors have actually filed their LTD Motion and we've

1  obviously agreed to a litigation schedule to sit down, all

2  the constituencies, and work through a litigation budget.

3  And then we'll either be back with some kind of proposal for

4  a litigation budget, a cap, no cap, depending on what we're

5  able to work out or not.  And if we're not able to work

6  something out to Elliott Greenleaf's satisfaction, I'm sure

7  they'll be seeking to have no cap and we'll be discussing it

8  then.  So that was the thinking.  It's not a perfect

9  solution but it was just that we really didn't feel it was

10 appropriate while we were all trying to mediate while we

11 hadn't even filed this motion, while we hadn't even agreed

12 with the schedule, where we were coming up on an objection

13 deadline on their motion to not just figure out a solution

14 that was constructive, and so this was our attempt at a

15 constructive solution.

16        THE COURT:  All right.  All right.  So what

17 you're saying is I've jumped the gun a little bit?

18        MS. BECKERMAN:  Sort of, Your Honor.

19        THE COURT:  All right.

20        MS. BECKERMAN:  I was trying to be perhaps a

21 little polite about it.

22        THE COURT:  My concern was that, since things are

23 moving ahead so quickly, I did not want Counsel to feel

24 restricted in --

25        MS. BECKERMAN:  I understand, and we've made sure

1  --

2           THE COURT:  And that it's a short term -- in

3  other words, if this were going on for months and months and

4  years, you know, that would be one thing but -- and I also

5  -- and the other thing that I added in my comments was to I

6  hope give some relief to the concerns of the committee and

7  the debtors and other parties that I was going to now reopen

8  the consideration of all of the fees in the case.  There may

9  even be, for example, that may result in some disgorgement

10  of fees.

11           MS. BECKERMAN:  Understood.  So again, as I said

12  -

13           THE COURT:  But if you'd prefer to come back to

14  negotiate the budget and come back --

15           MS. BECKERMAN:  Well, I think we'd like to at

16  least discuss it.

17           THE COURT:  All right.

18           MS. BECKERMAN:  Which we obviously haven't had

19  any chance to do so --

20           THE COURT:  That is acceptable.

21           MR. ZAHRALDDIN:  One thing, Your Honor.  We'd be

22  more than happy to put together a budget, try to get

23  something essentially done.  What I'd hate to do is, as you

24  said, and the only thing we've been filing have been motions

25  to increase the cap and --

1           THE COURT:  Right.

2           MR. ZAHRALDDIN:  -- honestly, I don't know if the

3   cap really served that much utility.  I don't think it would

4   have changed what we've been doing since we started and, in

5   the few months where we went over the cap, it was because we

6   had to press forward, produce a mediation statement or what

7   have you.  So I am more than happy to try to work with

8   everyone and maybe get something to you ahead of time so

9   that we don't have to show up on the 22nd --

10          THE COURT:  That's fine.

11          MR. ZAHRALDDIN:  -- at all.

12          THE COURT:  That's fine.

13          MR. ZAHRALDDIN:  And be able to present an Order.

14  And I certainly do not want to cut off the rights of either

15  the committees or the debtors to engage with us in that

16  conversation.  I will state that I do believe that a budget

17  is probably more appropriate than a cap for the reasons that

18  you have expressed.  And certainly, since the beginning of

19  the case, we always knew that our -- just as the debtors and

20  the other committees, we always knew that any estate

21  professionals, subject to disgorgement and subject to your

22  review anyway, we just had that extra little, you know, I

23  guess angel sitting on our shoulder trying to keep us honest

24  by virtue of the fact that we're a Section 1102 Committee

25  and I understand the standards there.  But I think that

1  we've been good boys and girls over at Elliott Greenleaf and

2  that the record will prove that out should we have to prove

3  it so.

4           THE COURT:  I hope so too and what -- so I should

5  withhold any ruling today and await further word and,

6  hopefully, a Certificate of No Objection to an Order?

7           MR. ZAHRALDDIN:  Or a Certification of Counsel --

8           THE COURT:  right.

9           MR. ZAHRALDDIN:  -- to the proposed Order and if

10  you'd like, Your Honor, we can revise the Order that we

11  provided to you to carry us to the 22nd because we originally

12  --

13           THE COURT:  Fine.

14           MR. ZAHRALDDIN:  -- scheduled it for today.

15           MS. BECKERMAN:  Yes, and that's, of course, no

16  objection because the Order itself I think already

17  anticipated that and --

18           MR. ZAHRALDDIN:  Right.

19           MS. BECKERMAN:  -- we, of course, are not trying

20  to cut off any fees --

21           THE COURT:  Then that's what I'll do.

22           MS. BECKERMAN:  -- in the process.

23           THE COURT:  That's what we'll do.

24           MR. ZAHRALDDIN:  Okay.  And then we'll --

25           THE COURT:  Very well.

1          MR. ZAHRALDDIN:  And then hopefully we'll get

2     something to you so we don't have to see you on this issue

3     on the 22nd and --

4          MS. BECKERMAN:  That's fine.

5          MR. ZAHRALDDIN:  Okay.  Thank you, Your Honor.

6          THE COURT:  Good.  All right, Mr. Zahralddin.

7     Thank you.  All right.  So I am certainly -- I mean it's a

8     consensual schedule and it certainly meets my approval and

9     we will have the hearing the week of November 12th.  I'm

10    thinking I'm going to -- I have other matters on for that

11    week but I'll move those.  None of them are -- as I'm

12    looking, I do have one confirmation hearing I guess.  That's

13    -- but what I'll do -- and we're closed on the 12th.  It's a

14    federal holiday.  So -- but I'll schedule four days that

15    week and I'll schedule four days the preceding week,

16    assuming that that's my decision to stick with your proposed

17    schedule there.  And that way, if there's a little bit of

18    overrun, you know, we can work with the parties.  All right.

19         MR. BROMLEY:  We certainly appreciate your

20    flexibility, Your Honor.

21         THE COURT:  But on the Section 1114 Committee

22    schedule, that is another matter at this point, right?

23    That's --

24         MR. BROMLEY:  Yes.

25         THE COURT:  -- still being contested?

1    MR. BROMLEY:  Yes it is, and if I could just hand

2  you, Your Honor, the schedule that we have --

3    THE COURT:  Sure.

4    MR. BROMLEY:  -- last tendered to the 1114

5  Committee.

6    THE COURT:  Okay.  Thank you.  Thank you.  Okay.

7  And you also want a date from me by which I may be able to

8  decide this?

9    MR. BROMLEY:  Yes, Your Honor.

10   THE COURT:  And I know you need it before the end

11 of the year.  How much before the end of the year?

12   MR. BROMLEY:  That's a good question, Your Honor.

13 There's --

14   THE COURT:  Two weeks before because you need

15 some lead time?  One week?

16   MR. BROMLEY:  We're looking for -- if Your Honor

17 can accommodate us, November 30th.  It's --

18   THE COURT:  By November 30th?  Well, I will --

19 it's kind of -- I've never really seen something like this

20 because it's really my own Order.  I'm ordering myself it

21 seems.

22                     (Laughter)

23   THE COURT:  There's only one person I know who

24 can do that.

25                     (Laughter)

1          THE COURT:  And she's not here.  So --

2          MR. BROMLEY:  Yes, I --

3          THE COURT:  -- here's what I'll do.  I -- what

4    I'd like to do, perhaps, is just change that language to

5    make it clear that the Court understands the importance of a

6    ruling by November 30, something to that affect.  All right?

7          MR. BROMLEY:  That would be very helpful, Your

8    Honor.

9          THE COURT:  Okay.

10          MR. BROMLEY:  We certainly appreciate the

11    exercise and the uniqueness of the request.

12          THE COURT:  Sure.

13          MR. BROMLEY:  And I personally participate in a

14    similar dynamic to Your Honor.  So if we can move on to

15    1114?

16          THE COURT:  Sure.

17          MR. BROMLEY:  The Counsel for the 1114 Committee

18    is here in poise to disagree.  But if I can at least plunge

19    forward and describe the timeline?  We propose that we file

20    our motion by August 1, which we've done; that we file a

21    Scheduling Order today; that we serve written discovery

22    requests for all parties on August 10; the written responses

23    and objections to discovery requests, August 24; close of

24    document discovery, September 7.  Those dates are roughly

25    equivalent to the LTD schedule.

1          THE COURT:  Right.

2          MR. BROMLEY:  The deadline for the Retiree

3  Committee to file objections to the 1114 motion would be

4  September 13th.  That's a Thursday.  The deadline to file

5  expert witness reports, and this is for both parties, would

6  be September 14th, the next day; and we did inform Counsel to

7  the 1114 Committee that our anticipation is to have an

8  expert on actuarial plan valuation.  While we certainly

9  reserve the right to have additional expert witnesses,

10  there's nothing right now that we've contemplated but we

11  will see what discovery develops.  And it is important to

12  note, Your Honor, while the discovery will be largely one

13  way with the debtor producing, through the course of

14  mediation both with LTD and 1114, there have been a number

15  of statements made along the lines of the existence of

16  documents and personal files with respect to individuals

17  which may or may not turn the analysis.  We'll obviously

18  need to have those documents from the opposing side.

19  October 5th would be the deadline to complete depositions.

20  And then on October 12th would be the deadline to file

21  replies.  The one thing we did mention last night to the

22  1114 Committee's Counsel was that we would be happy to have

23  simultaneous replies --

24          THE COURT:  Okay.

25          MR. BROMLEY:  -- if there's a concern there.  And

1  then we would have -- and that would be replies/sur-reply,

2  but it would really just be both parties submitting on the

3  same date, the 12th, anything else they need to say to Your

4  Honor; Status Conference on October 31; deadline to file the

5  trial exhibit lists and witness lists on November 2nd; and

6  then a hearing the week of November 5.

7              THE COURT:  Okay.

8              MR. BROMLEY:  So that is our proposal, and I know

9  -- I'm not sure if it's Mr. Berger --

10             THE COURT:  Mr. Berger.

11             MR. BROMLEY:  -- or Mr. Milin who's going to

12  address the Court.

13             THE COURT:  All right.  Thank you, Mr. Bromley.

14  Good morning.

15             MR. BERGER:  Good morning, Judge.  Neil Berger,

16  of Togut Segal & Segal.

17             THE COURT:  Yes, Mr. Berger.

18             MR. BERGER:  I'm going to speak for just a moment

19  on behalf of the Retiree Committee.  Mr. Milin is my

20  litigation colleague who will speak to the schedule which

21  was just handed to us.  First, Your Honor, so that the

22  record is clear, the Retiree Committee is eager to reach a

23  consensual resolution.  We've been working very hard to

24  reach that point since we've been appointed and trying very

25  diligently to obtain documents, and I think we've heard from

1 the debtors today confirming that this has been a piecemeal

2 rolling production.  Each one brings its own issues.  But we

3 have been working very hard.  We've been in constant contact

4 with Mr. Levin, the Court-appointed mediator since his

5 appointment, including over the last weekend and really this

6 week.  The last mediation session occurred on July 19th at

7 the mediator's law firm.  Your Honor may recall that the day

8 before, was the day of the terrible storms that virtually

9 shut down all of the airports in the Northeast.

10          THE COURT:  Right.

11          MR. BERGER:  Our committee members don't live in

12 New York City.  Two braved the storms and were able to make

13 it.  The balance were participating by phone.  All of our

14 committee members were present either by phone or in person

15 and we worked in mediation session for 16 hours, I believe

16 until 1:00 a.m. that evening as we worked I think

17 productively toward a resolution.  And ultimately, the

18 mediators, perhaps thankfully, observed we were all very

19 exhausted.  We were told to go home.  We were ready to

20 resume the next day.  That didn't happen.

21          THE COURT:  I'll have to talk to Mr. Levin.  You

22 never let people go home.

23                    (Laughter)

24          THE COURT:  You finally have them where you want

25 them.  Tired.

1            MR. BERGER:    Tired and --

2            THE COURT:  Yes.

3            MR. BERGER:   -- hungry.

4            THE COURT:  Yes.

5            MR. BERGER:  But as I mentioned, that's the way

6    that day ended as we worked toward a resolution and the

7    mediator hasn't seemed to reach out to the parties, despite

8    the motion having been filed.  The Retiree Committee, who

9    does represent a great number of individuals; we've heard

10   this morning somewhere in the range of 2,000.  It's actually

11   more in the range of 4,500 people who are the most

12   vulnerable people in this case.  We entered into that

13   mediation with the desire to settle.  We worked hard to

14   reach a settlement and we're ready to settle.  To that end,

15   we've asked the mediator to continue in his service and he's

16   agreed to do that.  So, from our perspective, the mediator

17   is still available to facilitate a final resolution and one

18   that's fair for us.  These are individuals who worked

19   loyally, contributed their services, and contributed to the

20   value of this company, Your Honor.  In light of all of that,

21   and given the one day that we've had to digest the debtors'

22   motion, we still aren't completely clear, although we've

23   heard a bunch of -- a number of reasons this morning of why

24   the debtors are insisting now to pursue this motion on such

25   an aggressive timeframe and, in a moment, you'll hear from

1  Mr. Milin some of the challenges and some of the solutions

2  that we think ought to be taken into consideration.  We did

3  spend a considerable amount of time with Mr. Bromley

4  yesterday and we're committed to continuing working with Mr.

5  Bromley to work out an acceptable solution.  As we do that,

6  we observe that these debtors sought the mediation.  We

7  entered into it willingly with a desire to settle and that

8  has affected the calendar.  We also observed that many of

9  the functions --

10          THE COURT:  Well, but one of the reasons they

11  sought the mediation was because they were having difficulty

12  engaging the committee.

13          MR. BERGER:  And I don't know that this is a

14  fact-finding hearing, Your Honor.

15          THE COURT:  It certainly isn't.

16          MR. BERGER:  But one of the reasons that we were

17  having trouble formulating a response was because of the way

18  that the documents were coming to us and the big open

19  issues, gaps in documents, gaps in information.  For

20  purposes of mediation, we went in and said put that aside

21  for the moment and let's negotiate.  But here we are at this

22  point.  We've heard one of the reasons this morning that the

23  debtors need to compress the schedule, move so quickly, and

24  asked Your Honor to rule so quickly before the end of the

25  year as insurance but we do observe that the debtors,

1  historically, and do now, contract out a vast amount of the

2  services concerned with those insurance issues to third

3  party administrators.  We're happy to work with them with

4  regard to structure.  We've raised that issue and continue

5  to work through that.  There are certain dates and in

6  sequencing in the debtors' proposed timeline that prevent --

7  or excuse me, present a challenge to us, Your Honor.  We

8  don't think that the way that they're stated here are

9  workable.  Mr. Milin will speak for a moment.  I'd like Your

10 Honor to hear from him for a moment.

11                THE COURT:  Sure.

12                MR. BERGER:  So that he can fill in the picture a

13 little bit more as to how we see ourselves getting from A to

14 B.  If Your Honor would, I would cede the podium.

15                THE COURT:  Of course, Mr. Berger.  Thank you,

16 sir.

17                MR. BERGER:  Thank you.

18                THE COURT:  Mr. Milin, good morning.

19                MR. MILIN:  Good morning, Your Honor.  Thank you

20 very much for your time.  Richard Milin, Togut Segal,

21 representing the retirees.

22                THE COURT:  Is that M-I-L-O-N?

23                MR. MILIN:  M-I-L-I-N.

24                THE COURT:  I-N?  Thank you, sir.

25                MR. MILIN:  Once upon a time, it was Milinski but

1    it wasn't up to me.

2              THE COURT:  Okay.

3              MR. MILIN:  Your Honor, in order to make any kind

4    of decision about scheduling, you need to know the facts.

5    We were served with the motion yesterday.  We were provided

6    with a schedule, preliminary schedules, yesterday.  We have

7    been provided with one just now.  In order to determine

8    whether that schedule is reasonable, doable, and fair, Your

9    Honor needs to know a little bit about this motion and about

10   the issues it raises.

11             As Mr. Berger said, it is our goal to work out a

12   reasonable settlement of the retiree's claims, which we

13   believe to be in the best interest of all parties.  We

14   certainly don't want to get in the way of the debtors'

15   progress towards confirmation, though we understand that

16   that appears to be somewhat far off, and it's certainly far

17   enough off to permit reasonably timed discovery schedule

18   with respect to the debtors' motion.  However, we believe

19   that the retirees are entitled to a fair procedure in

20   litigating the debtors' motion and that the Court should

21   have a sufficient record to make a just decision.  Your

22   Honor, there are approximately 4,700, 4,600, 4,700 retirees

23   at issue here.  More than 2,000 have life insurance -- have

24   health insurance.  It appears from the debtors' proposal

25   that many of -- that we will not be able to work out an

1    insurance program that many of those people will be

2    insurable as a result -- just so Your Honor understands, our

3    -- one of our goals is to try to get them through until the

4    Affordable Care Act makes them all insurable if -- assuming

5    that that is possible.  Now, the debtors' proposed schedule

6    is too compressed to allow a just decision because it

7    doesn't take into account the unique factual issues that

8    must be decided on the debtors' motion.  I'd like to inform

9    the Court briefly why and correct some directly relevant

10   misstatements that we heard today in the debtors' motion.

11            The first reason why the debtors' motion --

12   proposed schedule is too compressed and why we're going to

13   need substantial discovery is that the Plan documents that

14   govern the retirees' benefits do not, as the debtors claim,

15   reserve a "unilateral right to amend or terminate the

16   various retiree welfare plans at any time and for any

17   reason."  That is a quote from the motion at page -- at

18   paragraph 31.  The debtors' 1991 summary plan description,

19   which we believe governed Nortel retiree's rights for more

20   than a decade, says the company intends to continue the

21   plans indefinitely.  However, to protect against unforeseen

22   situations, changes in the law, and changes in the financial

23   environment, the company does reserve the right to change

24   the plans and, if necessary, discontinue either of the plans

25   at any time.  Well, Your Honor, a 1991 SPD does not give the

1  debtors a right to terminate the retirees' benefits for any

2  reason.  It is a right to terminate only if necessary, and

3  we don't think that termination for the sake of paying the

4  unsecured creditors more than $.80 or $.90 on the dollar

5  counts as necessary as that term is used in the SPD.  Nor do

6  we think that changing the plans now to reduce or terminate

7  benefits is a change to protect against an unforeseen

8  situation.  Nortel's current situation is well-known, and

9  changing the plans now would do nothing to protect Nortel.

10 The company is in liquidation.  Your Honor, the 1991 SPD is

11 just one item of clear evidence that substantial discovery

12 will be necessary to adjudicate the motion.  The law in this

13 Circuit is that the SPD, not the plan quoted in the debtors'

14 motion, controls the retirees' rights.  Though the debtors

15 only talk about whether retirees' rights vest in their

16 motion, there are two other legal bases for stopping the

17 company from terminating retiree benefits under ERISA.  One

18 of those is breach of fiduciary duty which can be asserted

19 as here.  The company tries to terminate benefits even

20 though it told employees that it wouldn't.  The debtors

21 never produced the 1991 SPD.  We got it by reaching out to

22 retirees, and there's still substantial gaps in the debtors'

23 production of plans and SPDs, let alone documents relevant

24 to whether the debtors breached their fiduciary duties and

25 questions which we understand they will raise about what

1    exactly these documents mean.  So the debtors' motion

2    depends on the facts, facts concerning what the 1991 SPD

3    means, how broadly it was distributed, what the debtors told

4    its employees, told their employees, and retirees about

5    benefits.  To be realistic, given that we are likely to have

6    to subpoena several witnesses given this very small number

7    of people who currently work for the debtors, that decision

8    is likely to take six weeks.

9            Your Honor should also know that, although the

10   debtors did provide us with documents, they provided us with

11   less than one page per retiree.  They say that they've made

12   a diligent search.  They've never been willing to share with

13   us exactly what they did.  They said today that they have

14   people on site.  When we asked what sites have you sent

15   people to, they refused to respond.  The debtors should not

16   be able to take advantage of their own refusal to produce

17   documents in order to force us to litigate with our hands

18   tied behind our back on an expedited schedule.  The Third

19   Circuit has recognized that Section 1114 is intended to give

20   retirees a microphone.  The debtors' motion quotes that, a

21   microphone.  This schedule is an attempt to turn that

22   microphone off and it should not be allowed.

23           Now, there are also equally relevant multi-

24   million dollar facts relevant to the debtor's motion.  I'll

25   mention only two.  First, the debtors' latest proposal to

1  find retirees benefits so broadly that it would make the

2  retirees' settlement fund responsible for retiree benefits.

3           MR. BROMLEY:  Your Honor, I object to the

4  introduction of any statements with respect to negotiations

5  or any offers or proposals that were made.  They're all

6  protected by (indiscernible) benefits.

7           THE COURT:  Oh, are we getting into settlement

8  discussions, Mr. Milin?

9           MR. MILIN:  I don't think so.

10          MR. BROMLEY:  Your Honor, I heard Mr. Milin start

11  to describe what the last proposal of the debtors may have

12  said.

13          MR. MILIN:  Right, which is described in the

14  motion.

15          MR. BROMLEY:  The one in the motion?

16          MR. MILIN:  Yes.

17          MR. BROMLEY:  Okay.

18          THE COURT:  All right.

19          MR. MILIN:  And so the other issue, we might come

20  back to it.  The proposal, which is presented in the

21  debtors' motion, defines retiree benefits so broadly that it

22  would make the retirees' settlement fund responsible for

23  retiree benefit claims asserted by people we know nothing

24  about.  We need to know who those people are and how much

25  their claims are worth to assess the debtors' proposal.  The

1  debtors have refused to give us any information so far about

2  potential claims, and our own review of the claims against

3  the debtors, identified individuals seeking hundreds of

4  thousands of dollars, and potentially many millions, in

5  retirement benefits that were left out of the census of

6  information the debtors gave us.

7          THE COURT:  Now, that has to do with the

8  settlement negotiations, is that correct?

9          MR. MILIN:  No, sir.

10          THE COURT:  NO?

11          MR. MILIN:  No, Your Honor.  This has to do with

12  the proposal that is described in the debtors' motion.

13          THE COURT:  Okay.

14          MR. MILIN:  They propose to settle on the ground

15  that would make the settlement fund responsible for all

16  kinds of retirement benefits, not just the ones they told us

17  about in their census of here's what we're paying and -- so

18  that we could do an actuarial calculation, but also claims

19  that we don't know about.  So we asked them.  They said that

20  could tell us.  We went to the Claims Register and we pulled

21  the claims and we reviewed claims trying to identify retiree

22  benefits.  What was found was claims for millions.  There's

23  also -- there's a particular letter, for example, in which

24  -- and it comes from Canada, which is another issue, a

25  letter from Nortel Canada to a particular retiree saying we

1    will let you participate in the retirement plan and we will

2    pay you 201,500, I think the number is, in a lump sum to

3    your beneficiary upon your death.  So that is a specific

4    contractual promise.  We don't know whether there's a

5    defense or we don't know the full story; we only know that a

6    claim has been asserted.  But that $200,000, if valid, would

7    seem to come out of the settlement fund and we just don't

8    know what's out there.  It could be the claims will eat up a

9    very substantial portion of the amount that's been offered.

10          Also, Your Honor, the date of debtors' latest

11    proposal, the one in their motion, refuses to pay a

12    settlement directly to VIVA trust; that virtually every

13    other case we know about pays a settlement to a VIVA.

14    Section 1114 requires the debtors to show that any

15    modification of retiree benefits is necessary but the

16    debtors seem to convert retirees' tax-free benefits into

17    taxable ones by refusing to pay to a VIVA.  We don't

18    understand why.  We've asked.  They refuse to say.  That is

19    a subject that will require substantial discovery.

20          Our last point, Your Honor, is equally crucial to

21    assessing the debtors' expedited schedule, and that is that

22    their motion must be viewed as a tactical move because it is

23    obviously fatally flawed.  We should not be forced to engage

24    in an expedited litigation for the sake of that tactic, and

25    I will be very brief.

1          First, Section 1114 requires the debtors to show

2    that their proposed modification, "provides for those

3    necessary modifications in the retiree benefits that are

4    necessary to permit reorganization of the debtor."  That is

5    from 1114(f) and, yes, it's touchy because it uses the word

6    necessary twice.  But the debtors have billions and the

7    retiree benefits cost only about 12 million per year.

8    Terminating benefits now is not a necessary modification.

9          Second, the debtors must show that their

10   modification of retiree benefits, "assures that all

11   creditors, the debtor, and all of the affected parties are

12   treated fairly and equitably.  That too is from 1114(f).

13   The debtors can't show that because we don't know how much

14   other creditors will get, and we understand that it may be

15   fully a hundred cents on the dollar.

16          Finally, the debtor must show that the retirees

17   rejected the debtors' proposal without good cause.  That's

18   from 1114(g).  Now, you've heard we're not supposed to talk

19   about what happened in the settlement.  That's an issue that

20   we'll need to discuss because that is an issue which the

21   debtors have the burden.  But we would point out that the

22   debtors tell you, in paragraph 26, that they presented us

23   with substantially the same proposal they are making now on

24   June 4th, 2012, before our first mediation session.  That is

25   incorrect.  That is just incorrect.  I'm happy to discuss

1    some of the differences, but Your Honor needs to know that.

2    Even putting that aside, the debtors are telling you that

3    their current proposal is the same as the one they offered

4    ten days before we met in our first mediation session.  If

5    they were working hard in the mediation, why are we back

6    before, or maybe worse than before, we were before those

7    mediation meetings?  Based on that, and further facts to be

8    developed, we don't think the debtors can show, having --

9    they made counter-proposals and proposals and so on, that we

10   rejected the proposal they're making now which we saw for

11   the first time yesterday without good cause.  So we'll go

12   ahead and litigate the debtor's motion if that's the way

13   they want to proceed, but we should be given a fair

14   opportunity to do so.  And our schedule, which we can send

15   one to the Court or provide the Court with one, should be

16   adopted; not the one that was suggested earlier.  Your Honor

17   should know that not only does that schedule not allow time

18   for depositions, for developing the record on breach of

19   fiduciary duty, for reaching out to people who relied on the

20   debtors' statements, for going to Canada where it appears

21   some of the documents are, that should say that we asked the

22   debtors whether they had looked in Canada; whether they

23   would ask for documents from Canada.  Because they're the

24   debtors' documents, you would think they would have a right

25   to look.  They said no, go use international discovery

1   methods.  That takes time, Your Honor.  That takes a lot of

2   time.  So in addition to the schedule, one of the issues is

3   the proposal that the debtors handed up which they didn't

4   provide to us.  We didn't know exactly what they going to

5   give Your Honor until they actually gave it.  But we note

6   that, in addition to the compressed schedule that isn't

7   realistic and isn't fair, it does things like require us to

8   file our opposition to their motion before discovery is

9   complete.  It also allows only three weeks for depositions.

10  So on their schedule, we are to file our objection on

11  September 13th, and then we have three weeks of depositions.

12  That's not efficient for Your Honor and it's not reasonable.

13  It doesn't work.  Thank you, Your Honor.

14          THE COURT:  All right.  Thank you, Mr. Milin.

15  Can we do this; I'd like to take maybe a five to ten-minute

16  break, and then I'll hear from you, Mr. Bromley, if that's

17  acceptable to everyone and we'll proceed.

18          MR. BROMLEY:  Absolutely, Your Honor.

19          THE COURT:  Thank you.

20          (Recess from 11:41 a.m. to 11:58 a.m.)

21          THE CLERK:  Okay.  Everybody ready?  Please rise.

22          THE COURT:  Thank you everyone.  Please be

23  seated.  All right, Mr. Bromley.  I just wanted to say, by

24  the way, and it's fine; I think it's appropriate that we do

25  this.  I was quite a little bit unprepared for it and one of

1  the reasons I didn't review the motions that were filed

2  yesterday is I wasn't aware that we were going to have a

3  status conference and scheduling conference in all these

4  matters.  But again, I have the time and I'm pleased to do

5  it.  But I just don't want the parties to think that I, you

6  know, was unprepared for today.

7          MR. BROMLEY:  Your Honor, we apologize for the

8  late filing of the motions and for any confusion about the

9  calendar, and we certainly appreciate the time.

10          THE COURT:  Sure.

11          MR. BROMLEY:  Your Honor, it's -- I've been

12  sitting trying to figure out how -- exactly how to respond

13  to Mr. Milin's concerns and comments.  Let me try to do this

14  in the following way.  What we're here about is a Scheduling

15  Order and how to take the motion that we filed on Monday and

16  move it through to conclusion.

17          THE COURT:  Well, let me say a few things.  It

18  might be helpful to everyone because look, these issues, I

19  recognize that the parties have been negotiating.  But these

20  issues are not new issues or come as a surprise to anyone.

21  The only surprise I suppose is, and I'll put surprises in

22  quotes, is that it was filed when it was and that the

23  parties are looking to -- or at least certain parties are

24  looking to get to hearing on an expedited basis.  But

25  everyone has to recognize that there are a lot of issues.

1  In other words, if this were the last issue and confirmation

2  couldn't take place for an extended period of time because

3  of the mediation that's sitting here, that would be one

4  thing and I would say well, you know, we're rushing to

5  nowhere.  But we are rushing to somewhere.  We're rushing to

6  my being able to decide this and other matters of great

7  importance to resolving the cases and there is -- I never

8  got a Rule 2004 Motion from the Committee; nobody ever

9  raised with me concerns about the lack of production or

10  anything of that nature; and I think the Committee, in

11  fairness, had to know that, at some point absent resolution

12  which was not happening, there was going to be a motion.  So

13  I don't think that this should be any surprise or any

14  complaint about the document production that's taken place

15  thus far.  Now, implicit in the schedule, which the debtors

16  are proposing, is the debtors, frankly, and the Committee

17  moving heaven and earth to produce documents and not put any

18  impediments in the way of the 1114 Committee.  You know, if

19  that happens, then all bets are going to be off on this

20  schedule, and I know it's a difficult schedule and it's

21  going to be a difficult schedule for the Court to have to

22  decide it in a very short time but there is a need for it

23  within the context of this case and, accordingly, I am

24  prepared to approve the schedule.  But I will want,

25  obviously, to be monitoring it and to know that witnesses

1   are being made available for depositions, documents are

2   being provided promptly, and we have a status conference in

3   October and I would then be in a position to take into

4   consideration any problems that may have arisen.  And again,

5   I am available.  I'm available seven days a week for

6   telephone calls if there are issues and I go to bed very

7   late.  So I'm even available in the evening, you know.  So I

8   don't want parties to think that this is a Judge setting a

9   schedule and then disappearing.  I'm not going anywhere and

10  I am prepared to say let's go with this schedule and, if

11  problems arise, I'll hear them then.

12          MR. BROMLEY:  Well, thank you very much, Your

13  Honor.  Before I give Mr. Milin a chance to respond, again,

14  I just --

15          THE COURT:  And I didn't mean to cut you off, Mr.

16  Bromley.  You may want to respond to some of the arguments

17  that have been made through the record and that's certainly

18  fine with me.

19          MR. BROMLEY:  Well, I want to just respond to a

20  couple of comments because I don't actually think that what

21  we're here to do is argue the motion.  That will be --

22          THE COURT:  I haven't read it yet.

23          MR. BROMLEY:  That will be in November.  And I do

24  think it's important though that a couple of the undisputed

25  facts are out there.  First, Section 1114, Mr. Milin argued

1   certain points under 1114(g) and requirements.  That will

2   all be briefed and argued and the facts will be developed

3   and we'll get into that.  But 1114 is an interesting statute

4   in the sense that it actually sets forth a very specific

5   timeline, statutory timeline, that tells all of us how to do

6   this and how quickly it has to happen.  And so while I will

7   admit that in the context of perhaps standard litigation,

8   the calendar that we're proposing might be short in some

9   way, and I wouldn't even concede that, frankly.

10          With respect to the calendar that's required

11  under Section 1114, we're already tripling the time at least

12  that 1114 requires.  1114(k) says that, upon the application

13  -- filing of an application for modifying retiree benefits,

14  the Court shall schedule a hearing to be held not later than

15  14 days after the filing of the application; shall schedule

16  not later than 14 days, which would me that, according to

17  1114(k): 1) the hearing on our motion which we filed

18  yesterday would be held two weeks from yesterday.  All

19  interested parties may appear and be heard at such hearing.

20  Adequate notice shall be provided at least ten days before

21  the date of the hearing, and the Court may extend the time

22  for the commencement of such hearing for a period not

23  exceeding seven days where the circumstances of the case and

24  the interests of justice requires such extension.  So the

25  Court's discretion is to extend the timeline from 14 to 21

1   days in the interest of justice, or for additional periods

2   of time to which the Trustee and the authorized

3   representative agree, and that's where we are.  We're in the

4   last clause.  We're proposing to agree to a timeline that is

5   almost four times longer than the statute requires and we're

6   being criticized for only agreeing to that level of an

7   extension.  We believe that it's appropriate to proceed on

8   this calendar, but we also believe that we're going well

9   beyond what the statute requires.   The statute also states

10  that the Court shall rule on the application within 90 days

11  after the date of the commencement of the hearing.  These

12  are all issues which we deal with in lots of different

13  cases.  I know, for instance, in *American Airlines*, they are

14  dealing with the same sorts of issues on a very expedited

15  timeline, both under 1113 and 1114.  To have Counsel for the

16  Official Committee of Retirees appointed under 1114, to not

17  recognize that the statute itself requires that this be

18  tried within 21 days of the filing of the motion just isn't

19  credible, Your Honor.

20          THE COURT:  Maybe I should ask if anyone objects

21  to not having our hearing in 21 days.  Mr. Berger, I assume

22  you're not standing to object?

23          MR. BERGER:  I'm sorry' I missed Your Honor.

24          THE COURT:  We won't be able to pick you up, Mr.

25  Berger, if you don't speak into a microphone, and I'm sorry

1    for that.

2             MR. BERGER:  Just the one final note.  I was

3    being held back by Mr. Milin who wanted to say something as

4    well.  The Order directing the appointment of the mediator

5    contained language insistent by the debtors that the motion

6    would be heard on a 30-day motion, not --

7             THE COURT:  Okay.

8             MR. BERGER:  -- the 1114 schedule.

9             THE COURT:  Okay.

10            MR. BERGER:  So we're outside of that 1114

11    schedule pursuant to the language that the debtors put into

12    the Order.

13            THE COURT:  All right.  Very -- well, and also --

14    so then we're also though outside the 30 days so.

15            MR. BROMLEY:  I hate to use the term no good deed

16    goes unpunished, but we've agreed consistently to give more

17    than the statute requires.  We agreed then.  We're agreeing

18    even more than that now.  And, Your Honor, you know, with

19    respect to Mr. Milin's comments about the offer, we made a

20    motion in June 2010 that said, under the law and the

21    documents, we had the right to terminate those benefits

22    then, period, full stop with no claim.  We believe the law

23    stills says that.  While we want to reach a consensual

24    resolution, it's important to recognize that since we

25    commenced the issues with respect to retiree medical

1   benefits, we have paid $25 million, and we have put into our

2   motion an offer for 40 million.  Section 1114(g) requires

3   that that be the minimum offer.  So we've already put a

4   floor.  When we went in in June of 2010, we said retirees

5   should get nothing because the law and the documents allowed

6   that.  And since that time, they've received $25 million in

7   benefits and we've made an offer of $40 million.  So we've

8   gone on the record from zero in June of 2010 to $65 million

9   today.  So when we're talking about good faith and we're

10  talking about trying to reach a resolution, there is a $65

11  million offer on the table; 25 of it paid in full in cash.

12  If you were an employee of Nortel on January 9th, not a

13  retiree, and you lost your job, you have a claim for

14  severance and you know how much that severance claim has

15  paid to those individuals?  Zero.  Zero.  Thousands of

16  people have had their jobs terminated and they have received

17  nothing in respect to their unsecured pre-petition claim,

18  and we have been paying month-after-month a million dollars

19  a month to the retirees.  The Retiree Committee has been

20  appointed for a year.  They've spent over $2 million in

21  fees.  They cannot credibly say that they're not ready to

22  litigate this.  And if they want documents, they should give

23  us the requests and we will produce them.  We have been

24  doing that on a voluntary basis and to be criticized for the

25  performance of what we've been doing on a voluntary basis,

1   absent a 2004 motion, just isn't fair.  And, you know, we

2   all have a great deal of sympathy for the retiree population

3   and the LTD population.  That is why we've made the offers

4   that we've made.  Ultimately, these cases boil down to legal

5   rights and entitlements, and it's that we want the Court to

6   decide.  We fully agree that if we haven't performed in a

7   manner that's consistent with our obligations, that we will

8   be chastised for that.  And it is for that reason that,

9   throughout this case, we've never, ever gotten close to that

10  line and we have no intention of doing it now.  But on the

11  other hand, Your Honor, we do need to get this resolved.

12  It's not as simple as calling up an insurance company.  You

13  can't call the GEICO gecko and say I want to insure 4,500

14  retirees and please send me a bill in the mail.  They want

15  to know that those populations are going to be with them for

16  specific periods of time, long periods of time.  You can't

17  call up and say, you know what, I can't return my lease car

18  this month; can I buy another month?  That's not the way it

19  works when you're providing healthcare.  The actuarial

20  assumptions with respect to survivorship and disease and all

21  of that takes place on a minimum of a year and we're going

22  to be substantially prejudiced if we have to do that for a

23  month or two.  So it's not as simple as saying you can just

24  ring it up and fix it.  And, since we've been paying the $25

25  million at a million dollars a month, we have had two

1  specific offers for replacement insurance coverage, both of

2  which were rejected.  So we had gone out.  We found them.

3  The first meeting that we had with the retiree group, the

4  first meeting, we brought representatives from a major

5  insurance company and the representatives refused to meet

6  with those insurance representatives.  I don't want to get

7  into an argument with Mr. Milin, yet.  In fact, I'll leave

8  that to Ms. Schweitzer in November but I do --

9                    (Laughter)

10         MR. BROMLEY:  -- disagree with his

11  characterization of what has gone forward.  It's now time

12  for us to resolve this and when we were here before you

13  asking for a mediator, we said a deadline is critical for

14  people to actually show up to the table.  We think now that

15  the motions have been filed that it's critical that we have

16  a deadline for that and whether any issues with respect to

17  taxed advantage structures or the like come up, we certainly

18  completely disagree with all of those issues.  And again,

19  Your Honor, we object to the introduction of any statements

20  that have anything to do with the negotiations that took

21  place in the presence of the mediator.

22         THE COURT:  Of course.

23         MR. BROMLEY:  And that was an issue that went

24  over the line and I should have objected at the time.  We

25  will not talk any further about those discussions.  And if

1  Mr. Milin or Mr. Berger wants to approach us about

2  consenting to allowing information to come in that went

3  forward in the context of the negotiations, in effect, a

4  waiver of Rule 408, we dropped a footnote in our motion that

5  said if you want to do that, we'll talk to you about it but

6  it has to be on a reciprocal basis.  It cannot be that the

7  things that they want to mention about the negotiations can

8  be admitted but the things that we would like to enter into

9  evidence cannot.  And so we're happy to have that

10  conversation but it's very important, you know, for the

11  sanctity that the mediations survive that the offers that go

12  back-and-forth are not communicated in public.  That was the

13  guidelines that were set forth in the very beginning and

14  they are the ones that we continue to abide by.  Like I

15  said, we're willing to talk.  And, Your Honor, we're ready

16  and, believe me, it is pulling out all the stops on the

17  debtors' side to do this.  This is not a convenient

18  exercise.

19              THE COURT:  I understand.

20              MR. BROMLEY:  And we'll do it diligently and

21  appropriately.  Thank you.

22              THE COURT:  Thank you, Mr. Bromley.  Mr. Milin?

23              MR. MILIN:  Your Honor, some of the things that

24  Mr. Bromley said were quite interesting.  I would like to

25  point that we do not consider it appropriate to use the

1   shield of mediation both as a shield and as a sword.  We

2   have said nothing beyond contradicting expressed statements

3   in the motion for the record and talking about our own

4   position.  Yet Mr. Bromley would tell the Court about what

5   happened in a mediation session about insurance and state

6   that inaccurately.  Also, Your Honor has raised the question

7   and Mr. Bromley has raised the question about what happened

8   in document discovery.  Your Honor, the reason you haven't

9   heard about that is because of the cloak of mediation and

10  nothing else.  The reason we did not make a motion was

11  because we did not want to circumvent the mediator who was

12  appointed by this Court.  Your Honor, these are not new

13  issues but they are not resolved issues either.  If I may?

14  The record should reflect that there is no evidence

15  whatsoever to support the debtors' assurance that they need

16  to terminate these benefits now because of the number of

17  employees.

18              MR. BROMLEY:  Your Honor?

19              MR. MILIN:  They did put them -- I'm talking.

20              MR. BROMLEY:  Your Honor, I have an objection.

21              MR. MILIN:  Sorry.

22              THE COURT:  Yes?  We're getting --

23              MR. BROMLEY:  We're not at an evidentiary

24  hearing.

25              THE COURT:  No.  I mean that's --

1          MR. MILIN:  I understand that.

2          MR. BROMLEY:  He hasn't put in any evidence of

3    anything.

4          THE COURT:  Right.

5          MR. MILIN:  I understand that.  But Your Honor

6    said that they need to do this now.  I am simply pointing

7    out that they put in a declaration in support of their

8    motion that does not address that point.  It is stated in

9    their motion but there is no supporting it.  That's my only

10   point.

11         Lastly, the schedule does seem to make room for

12   the sur reply that Mr. Bromley mentioned.  As we pointed out

13   earlier, we consider it extremely unfair in the schedule not

14   only the compressed timeframe, but the fact that we are

15   required to make a submission before any of the depositions

16   have taken place.  However, I see on the schedule that

17   there's a long time between their reply on October 12th and

18   the status conference on October 31st.  We would request that

19   the schedule be modified to allow us to file a sur reply

20   let's say on the 26th, two weeks after they have filed their

21   reply, and five days before the status conference.

22         THE COURT:  Well, it seems to me that it's -- you

23   know, I've always considered sur replies to be helpful not

24   only to the Court but to opposing parties to read positions

25   that are going to be taken at a hearing and/or argument or

1  whatever and I think that it may be appropriate -- Mr.

2  Bromley, I'll ask you, but I believe it's appropriate to

3  allow the committee to file a sur reply or a -- to file a

4  reply after taking discovery to provide the Court with facts

5  that they would propose the discovery shows and those could

6  be simultaneous filings or contemporaneous filings.

7        MR. BROMLEY:  Your Honor, I'm totally comfortable

8  with that and, indeed, I thought in the opening statement I

9  said that we were very comfortable with having simultaneous

10 replies.

11       THE COURT:  I thought so too now that you mention

12 it, yes.

13       MR. BROMLEY:  You know, the way -- we filed our

14 motion.  We didn't have any discovery.

15       THE COURT:  Right.

16       MR. BROMLEY:  The objections should be filed.  I

17 see this as there being four pleadings; two for each side;

18 and one each being filed before discovery and one each being

19 filed after discovery.

20       THE COURT:  I mean the objection is in the form

21 of an answer, and parties answer before they take discovery

22 usually and I don't see any reason that that isn't the case

23 here.

24       MR. MILIN:  As long as we have an opportunity to

25 address discovery which would seem pretty basic, that's

1    right, and again, the 26th seems to us the appropriate date

2    because that lets us take everything into account and that

3    fits directly into the schedule that the debtors have

4    proposed.

5                    THE COURT:  Excellent.

6                    MR. MILIN:  October 26th.

7                    THE COURT:  All right, Mr. Milin.  That's fine,

8    and I see Mr. Zahralddin rising, probably wants the same

9    opportunity?

10                   MR. ZAHRALDDIN:  Your Honor, especially since you

11   said it would be helpful to you --

12                   THE COURT:  Yes.

13                   MR. ZAHRALDDIN:  -- I was going to ask Mr.

14   Bromley if he didn't mind adjusting that Order so that we

15   had the similar treatment on the sur reply.  That's the only

16   reason I decided to rise --

17                   THE COURT:  Sure.

18                   MR. ZAHRALDDIN:  -- and inch my way up towards

19   the podium.

20                   THE COURT:  Yes, and I could certainly write that

21   in, Mr. Bromley, if that's acceptable?

22                   MR. BROMLEY:  Yes.  I think, right now, the LTD

23   schedule has October 26th as being the date to file replies.

24                   THE COURT:  It does.

25                   MR. BROMLEY:  And I -- maybe we simply say the

1  deadline for debtors or the LTD Committee to file replies.

2          THE COURT:  Very well.  That's -- yes.

3          MR. BROMLEY:  I would note, however, Your Honor,

4  because the 26th is the date in the LTD schedule, I do have

5  an objection of having that exact same date being in the

6  1114 schedule, and I do note that the 12th is --

7          THE COURT:  Oh, I'm sorry; forgive me.  You know,

8  I was looking at the wrong schedule and I see -- yes, I

9  understand.

10          MR. BROMLEY:  So I'm comfortable with moving the

11  date from the 12th back.  I had actually stuck it there after

12  having a conversation with Mr. Togut.  But I'm happy to pick

13  another date for the simultaneous exchange.

14          THE COURT:  Like the 19th, perhaps or?

15          MR. BROMLEY:  The 19th is a Friday.  That will be

16  fine with us or the 22nd is a Monday.

17          THE COURT:  I don't think you'll get much --

18          MR. MILIN:  With due respect?

19          THE COURT:  Yes?

20          MR. MILIN:  I see no need to move that back.  I

21  also see no need for simultaneous submissions.  But, at a

22  minimum, there is a period in the schedule between the 12th

23  and the 31st of October in which nothing in particular is

24  happening other than preparing for trial.  There's no reason

25  to move the filing back from that period.

1      MR. BROMLEY:  I'm sorry; Mr. Milin, I thought you

2    just asked to move the filings --

3      MR. MILIN:  What I asked was to be able to file

4    our own sur reply on the 26th.

5      MR. BROMLEY:  So you want us to file a reply and

6    then two weeks before you file the reply?

7      MR. MILIN:  Okay.  We'll file a reply addressing

8    your points and the discovery and clarifying the issues for

9    the Court.

10      THE COURT:  No, I think the parties can submit

11    simultaneously here given the compressed schedule so that

12    you'll each be making your arguments reflecting on the

13    evidence, and I recognize there may not be the perfect, you

14    know, counter-responses, one to the other, but it will still

15    be helpful I think to the parties and to the Court.  So I

16    think we could make that later than the 12th since it's going

17    to be simultaneous.

18      MR. MILIN:  All right.  How about the 23rd?

19      MR. BROMLEY:  That's fine with us, Judge.

20      THE COURT:  All right.  That's what -- we'll do

21    it then.  We're changing the October 12 date to the October

22    23rd date.  Very well.  Thank you, Mr. Milin.  Thank you, Mr.

23    Bromley.  All right.  I think that takes - -

24      MR. ZAHRALDDIN:  Your Honor, I --

25      THE COURT:  Yes?

1          MR. ZAHRALDDIN:  -- just want to clarify one

2   thing, only because Mr. Bromley -- I know we all kind of

3   interchangeably put the LTD and the retirees together,

4   particularly, because there's an overlap.  I do want to,

5   just for the record; state that we did file a 2004 Motion.

6   We then were reminded by -- I think Mr. Abbott at one point

7   that we needed to have a cool-down period and have a

8   discussion and we came to a negotiated resolution on that

9   2004 Motion which is still kind of sitting out there and

10  it's not as if we haven't talked about some of the discovery

11  issues.  And I only bring that up because I wanted to keep

12  the record clear on that and only because Mr. Bromley put us

13  both together in the same basket briefly and, not to

14  antagonize anybody but I just wanted to make that clear.

15          THE COURT:  All right.

16          MR. ZAHRALDDIN:  Thank you.

17          THE COURT:  Now, I think we've now resolved -- I

18  have to do the Orders and I'm assuming the November 30 date

19  for a decision clearly -- now, obviously, that's for both.

20          MR. BROMLEY:  In light of the conversations we've

21  had, Your Honor, and some of the interlineations, maybe

22  we'll just go back, make the interlineations, and submit the

23  Orders in a conformed fashion to everybody simultaneously.

24          THE COURT:  It would be a smart move given what I

25  do with Orders on occasions with dates.  Thank you, Mr.

1   Bromley, that's great.  I appreciate that.

2           MR. BROMLEY:  Thank you.  And I think that -- we

3   can move on to the scheduling --

4           THE COURT:  EMEA?

5           MR. BROMLEY:  -- on the EMEA claims.

6           THE COURT:  Yes.  I see Mr. Adler here so I was

7   prepared to here you on that.

8           MR. BROMLEY:  The debtors feel the love today.

9   All of our friends are present.

10          THE COURT:  Yes.  Mr. Adler, welcome to you.

11          MR. ADLER:  Thank you, Your Honor.  It's a

12  pleasure to be back here after some months away.

13          THE COURT:  Yes.

14          MR. ADLER:  I haven't had occasion to attend

15  recently.  Before we talk about the claims process, I did

16  listen with interest this morning to Mr. Bromley and Mr.

17  Qureshi's comments about the mediation process.  I don't

18  have any specific instructions to say anything on behalf of

19  the joint administrators about the mediation process but I'm

20  confident that, if I did have instructions, they would echo

21  what Mr. Bromley and Mr. Qureshi have said.  The joint

22  administrators have also been somewhat disappointed at the

23  pace of things, are eager for many reasons to move things

24  forward, and, as far as I know, I'm not in the thick of it,

25  but I think that the status in terms of context with the

1    mediator is the same --

2                THE COURT:  All right.

3                MR. ADLER:  -- for the joint administrators as

4    well.

5                THE COURT:  I appreciate your input.

6                MR. ADLER:  And Mr. Bromley mentioned the idea of

7    having perhaps a Chambers conference.  I would just suggest

8    that the EMEA debtors, the joint administrators as the third

9    pole in this universe, should be included in that process as

10   well.

11               THE COURT:  Oh, yes.  There's no doubt about

12   that.

13               MR. ADLER:  All right.  Well, the --

14               THE COURT:  Sure.

15               MR. ADLER:  The other issue then today is the

16   schedule for moving forward with the EMEA claims against the

17   U.S. Debtor.  As Mr. Bromley reminded us, you had upheld a

18   number of those claims back in March.  At that time, we had

19   considered coming before Your Honor and asking to set a

20   schedule for moving forward with disclosure and so on.  We

21   refrained from doing so because of the mediation.  We didn't

22   want to be seen to be doing something that might interfere

23   with the mediation process, but as time has passed, last

24   month, I reached out to Mr. Bromley and said why don't we go

25   forward with this and try and get some headway towards the

1  resolution of those claims so that we're not wasting the

2  time that's going on and --

3           THE COURT:  Let me just ask you real quickly.

4  Are you equally somewhat pessimistic about the ability to

5  resolve the disputes in mediation?

6           MR. ADLER:  You know, as Mr. Bromley rehearsed

7  what happened in the last mediation --

8           THE COURT:  Yes.

9           MR. ADLER:  -- and I guess I don't want to say

10 pessimistic.  You know, we're participating in good faith.

11          THE COURT:  Sure.  No, no, I understand.

12          MR. ADLER:  But obviously, we all recognize

13 there's a risk that we'll wind up in the same place.

14          THE COURT:  All right.

15          MR. ADLER:  And so I wouldn't go so far as to say

16 pessimistic.  Concerned I think is a word that I would use.

17 And again, I am speaking without specific instructions from

18 my clients on that, Your Honor.  That's --

19          THE COURT:  Understood.

20          MR. ADLER:  -- a personal view perhaps.

21          THE COURT:  Okay.

22          MR. ADLER:  So we had suggested moving forward

23 with the disclosure process and Mr. Bromley and Mr. Qureshi

24 agreed that that was a good idea.  What's happened since

25 then is we've discussed how disclosure should be approached.

1   We had suggested a kind of a normal process where the sides

2   would exchange their document demands and so on within 30

3   days; 30 days after that, responses; and then a period that

4   would go on we think perhaps for a year actually.  There are

5   some complicated issues.  There are some very complicated

6   issues about getting disclosure from Canada that will come

7   up.  As you know, the claims, many of them are secondary

8   liability claims --

9                THE COURT:  Correct.

10                MR. ADLER:  -- to a primary liability in Canada.

11   So necessarily, we will need disclosure from Canada on many

12   of those claims.  I'll let Mr. Barefoot speak.  In essence,

13   what's happened is that they've come back to us with a

14   proposal to try and do disclosure in a piecemeal fashion.

15   They've suggested that there are certain legal issues that

16   may be what they call gateway issues that could be the

17   target of focused discovery on a preliminary basis, leading

18   to dispositive motions by the U.S. Debtor.  We looked at

19   that proposal.  We think it doesn't work.  But the two sides

20   have concluded that it's a very complicated issue and we

21   would both like the opportunity to make written submissions

22   to Your Honor fleshing out the reasons for approaching it in

23   a conventional fashion versus approaching it in the

24   piecemeal fashion that they've suggested.  And so the two

25   sides have actually agreed on a schedule for briefing this

1  in advance of the next August Twenty-Second Omnibus hearing

2  date, and I can present those dates to you.  I'm not sure if

3  Your Honor would agree with that approach but --

4           THE COURT:  No, I do.  I certainly understand the

5  approach and I think it makes sense.

6           MR. ADLER:  All right.  Well, then we -- I'll

7  just state for the record we have agreed that the U.S.

8  Debtor would submit its briefs on August 6th.  We would put

9  in the EMEA debtors' opposition on August 13th and the U.S.

10 side would put their reply in on August 17th, thereby

11 complying with the Local Rule for getting it in five days in

12 advance of the Twenty-Second Omnibus hearing date.

13          THE COURT:  That's fine.  That way I do have an

14 opportunity to review it.

15          MR. ADLER:  Yes.

16          THE COURT:  Mr. Barefoot, it's good to see you

17 again.

18          MR. BAREFOOT:  Thank you, Your Honor.  Those

19 dates that Mr. Adler set out are the agreed upon dates

20 between the parties in the event that Your Honor would like

21 briefing on this issue.  I certainly want to disagree at the

22 outset that the issues or the differences between the

23 parties are particularly complicated or messy.  The parties,

24 fortunately, are of one mind and we need to move forward on

25 disclosure and issues in order to resolve these claims.  I

1   think the main difference between the parties is not on any

2   particular date on which discovery is going to end, because

3   Mr. Adler suggested a year.  I think it's very difficult at

4   this time, given the number of issues on the claims as a

5   whole, to determine exactly what that date's going to be.

6   But what the U.S. Debtors have been thinking of, in looking

7   back at Your Honor's Opinion and looking at the claims,

8   there really are some gating or threshold issues that, if

9   the parties were able to engage in limited or targeted fact

10  and expert discovery on, could significantly winnow, if not

11  eliminate, the claims.  Your Honor, just in particular,

12  having dismissed all of the primary liability claims, as

13  well as the claims based on secondary liability related to

14  the U.K. Pension scheme --

15          THE COURT:  Right.  Right.

16          MR. BAREFOOT:  -- the remaining claims fall

17  really into two buckets; secondary liability tort claims,

18  conspiracy, aiding and abetting, and unjust enrichment.

19          THE COURT:  Yes.

20          MR. BAREFOOT:  And then a varying smaller bucket

21  of contract claims for breach of contract, mistake, etc.

22  And in terms of materiality, Your Honor, the NNUK claim is

23  really far and away the largest.  It's over -- in addition

24  to unliquidated claims, it's about 2.5 billion.  That's 75

25  percent of the total universe of EMEA claims; eight times

1  bigger than France -- or excuse me, eight times bigger than

2  Ireland; five times bigger than France.  And on that NNUK

3  claim where we're particularly focused in light of the

4  materiality, there are really two legal issues that we see a

5  very real opportunity to limit the burden on the Court and

6  the burden of discovery on the estates, including on the

7  Canadian estates.  And those issues are familiar to Your

8  Honor from the briefing on the Motion to Dismiss.  It's

9  solvency --

10            THE COURT:  Yes.

11            MR. BAREFOOT:  -- and ratification.

12            THE COURT:  Yes.

13            MR. BAREFOOT:  Which would eliminate any

14  underlying breach and, therefore, eliminate the claims for

15  aiding and abetting, conspiracy, and dishonest assistance,

16  and a tracing analysis which would eliminate claims of

17  unconscionable or knowing receipt under English law, as well

18  as claims for unjust enrichment under U.S. state law to the

19  extent applicable.  And really, the appeal of this

20  structure, Your Honor, is that, as I think these issues

21  channel, they're really expert-based discovery.  So it

22  limits the amount of fact discovery that we would have to do

23  both for the U.S. Estates and the Canadian Estates.  And if

24  we use the remaining contract claims, which are not only

25  much more focused, but frankly, less material.  So that if

1  we could get through this discovery, which we're going to be

2  doing in any event on the front end, it would allow the

3  parties to re-visit and see if there -- what further

4  proceedings were required or if there were another

5  opportunity to resolve what was left.  So I think this is

6  the way that the U.S. Debtors would propose to go forward.

7  It significantly limits the amount of discovery and really

8  channels it into issues of law.  We are happy to proceed

9  with a briefing schedule should Your Honor wish, but I did

10  want to lay out briefly the differences between the parties

11  because I don't think they're that complicated.

12         THE COURT:  All right.  Thank you, Mr. Barefoot.

13  I'm absorbing it as you speak.  Mr. Qureshi?

14         MR. QURESHI:  Very briefly, Your Honor.  Abid

15  Qureshi, Akin Gump, on behalf of the Committee.  We're

16  supportive of the debtors approach here.  We think it makes

17  an abundance of sense to stage the issues and stage the

18  discovery in this way.  I think the important thing to bear

19  in mind, Your Honor, is that no time will be lost by the

20  proposal that we are making.  So that even if ultimately we

21  are unsuccessful in leaving behind some issues that might be

22  able to be consensually resolved and we do have to litigate

23  everything, we're no worse off by staging the issues in the

24  manner that Mr. Barefoot described.  But, of course, there's

25  an opportunity for great efficiencies if, indeed, things

1  unfold as we hope they might.

2           THE COURT:  All right.  Thank you.  I know -- Mr.

3  Adler, have you had an opportunity to talk in any detail

4  with the parties about this proposal at this point?

5           MR. ADLER:  I mean we, in the sense of my

6  clients?

7           THE COURT:  Yes.

8           MR. ADLER:  Yes, Your Honor.

9           THE COURT:  Okay.

10           MR. ADLER:  We disagree with the proposal but,

11  you know, I don't know if you want to do the briefing -- I

12  mean I'd suggest we do the briefing.

13           THE COURT:  Yes.

14           MR. ADLER:  Because I think I can lay it out.

15  There's some --

16           THE COURT:  Well, I want to give you that

17  opportunity, frankly.

18           MR. ADLER:  All right.  Thank you.

19           THE COURT:  If you'd like it and --

20           MR. ADLER:  Your Honor, we would like that

21  opportunity and we'll be back before Your Honor in three

22  weeks and then address it fully there.

23           THE COURT:  All right.  They don't have to be

24  particularly lengthy briefs, all right?  I think I -- Mr.

25  Barefoot I think really set out what the issues are pretty

1  nicely and -- not pretty nicely, very nicely, and you should

2  have an opportunity to respond and then I'll be able to

3  consider the arguments.

4          MR. ADLER:  All right, good.  We'll do that, Your

5  Honor.

6          THE COURT:  All right.  Thank you.

7          MR. ADLER:  Thank you.

8          MR. BAREFOOT:  Thank you, Your Honor.  We'll file

9  our brief on August the 6th as per the schedule Mr. Adler

10 lined out.

11         THE COURT:  All right.  Thank you, Mr. Barefoot.

12         MR. BAREFOOT:  Thank you, Your Honor.

13         THE COURT:  So we're not looking today to set an

14 evidentiary hearing or, you know, a trial date or are we

15 somewhere out in the future?

16         MR. BAREFOOT:  No, Your Honor.  I think once we

17 get the staging issue resolved as to how the parties should

18 structurally proceed, we'll be in a better position to

19 discuss the next steps.

20         THE COURT:  Okay.  Fine.  That makes sense.

21 Thank you, gentlemen.

22         MR. BROMLEY:  Your Honor, I think that concludes

23 matters for today.  We will revise those Orders as discussed

24 and submit them to the Court, with copying the parties at

25 the same time.

1      THE COURT:  All right.  And on the long-term

2  disability Counsel, on the fees, are you revising that

3  Order, Mr. Zahralddin or am I -- or is it at least unopposed

4  as it was presented with your --

5      MR. ZAHRALDDIN:  I think it's unopposed as it's

6  presented.

7      THE COURT:  Okay.

8      MR. ZAHRALDDIN:  And I think that your comments

9  are going help and be instructive in our discussions as to

10  what we do in terms of presenting another Order that will

11  carry us through the litigation.

12      THE COURT:  Very well.

13      MS. BECKERMAN:  Post-August 29th.

14      MR. ZAHRALDDIN:  Yes, post-August 29th.

15      THE COURT:  Right.

16      MR. ZAHRALDDIN:  I think we took it through what,

17  the 22nd --

18      THE COURT:  22nd.

19      MR. ZAHRALDDIN:  -- or so and I think that Order

20  is sufficient.  Obviously, we had a caveat and a discussion

21  as to fact discovery, you know.  We said sure, 50,000 will

22  get us there but it depends on what you tell us that you

23  have to give to us, obviously.

24      THE COURT:  Sure.

25      MR. ZAHRALDDIN:  But with those considerations,

1  everything was consensual and we'll try to get another

2  consensual Order so we can keep our powder dry for the real

3  stuff and not for this.

4           THE COURT:  All right.  I thank you.  Thank you,

5  Counsel.

6           MR. ZAHRALDDIN:  Thank you, Your Honor.

7           MS. BECKERMAN:  Thank you.

8           THE COURT:  I appreciate everyone's participation

9  and arguments and information provided to me which was very

10  helpful.  All right.  That's it.  Thank you, Counsel.  Good

11  day to all of you.  Oh, Mr. Berger?

12           MR. BERGER:  Mr. Bromley.

13           THE COURT:  Oh.

14           MR. BROMLEY:  We've -- in discussing the

15  schedule --

16           THE COURT:  Yes.

17           MR. BROMLEY:  -- for the 1114 briefing, Mr.

18  Berger had suggested we do the joint replies on the 19th and

19  that's acceptable to us rather than the 23rd.

20           THE COURT:  Whatever works for both sides, if you

21  can reach agreement on that as you have, that's fine with

22  me.

23           MR. BERGER:  Hopefully, this is fertile ground

24  for more agreement, Judge.

25                      (Laughter)

1          THE COURT:  I hear you.  I hear you, Mr. Berger.

2    All right, everyone.  Good day to you and thank you.

3          MR. BROMLEY:  Thank you very much, Your Honor.

4          THE COURT:  We'll stand in recess.

5       (Whereupon, at 12:36 p.m., the hearing was adjourned.)

6                        CERTIFICATION

7          I certify that the foregoing is a correct

8    transcript from the electronic sound recording of the

9    proceedings in the above-entitled matter.

10

11
12    _____        2 August 2010
13    Tammy L. Kelly                              Date
14    Diaz Data Services, LLC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| 30-day(1) 76:6 | | advance(3) 16:2 92:1 92:12 | | alternative(3) 17:21 20:2 20:2 | | and(301) 37:21 37:22 37:23 37:25 38:1 |
| 60-day(2) 30:2 30:3 | | advantage(3) 43:23 64:16 79:17 | | although(2) 58:22 64:9 | | 38:2 38:4 38:8 38:11 38:11 38:13 38:17 |
| a.m(5) 1:15 4:1 57:16 70:20 70:20 | | advisor(1) 45:7 | | alvarez(1) 28:21 | | 38:18 38:19 38:20 39:4 39:5 39:6 39:7 |
| abbott(9) 1:23 4:3 4:4 4:5 4:7 4:12 4:21 | | advisors(7) 3:44 13:17 27:12 27:15 28:20 | | amend(2) 25:10 62:15 | | 39:12 39:15 39:16 39:19 39:21 39:24 |
| 4:25 87:6 | | 31:24 31:25 | | american(1) 75:13 | | 39:25 40:5 40:13 40:14 40:15 40:23 41:6 |
| | | | | amongst(1) 46:12 | | 41:7 41:8 41:9 41:10 41:11 41:14 41:15 |
| abetting(2) 93:18 94:15 | | affect(1) 54:6 | | amount(9) 7:13 26:6 34:2 41:15 59:3 60:1 | | 41:16 41:16 41:21 42:4 42:4 42:8 42:13 42:16 |
| abid(3) 2:7 19:3 95:14 | | affected(2) 59:8 68:11 | | 67:9 94:22 95:7 | | 42:21 42:24 42:24 42:25 43:9 43:9 43:13 |
| abide(1) 80:14 | | affiliated(1) 5:9 | | | | 43:15 43:19 43:21 43:21 43:23 43:24 44:3 |
| ability(3) 17:15 32:17 90:4 | | affordable(1) 62:4 | | amounts(1) 7:23 | | 44:5 44:5 44:6 44:9 44:10 45:3 45:5 45:6 |
| able(22) 8:5 8:8 11:12 24:23 29:8 30:16 | | after(16) 10:14 10:25 16:5 22:24 26:14 | | analysis(2) 55:17 94:16 | | 45:17 45:18 45:20 45:21 45:21 46:4 46:9 |
| 33:23 34:11 37:12 48:5 48:5 50:13 53:7 | | 26:16 39:8 46:4 74:15 75:11 82:20 83:4 | | and(301) 4:3 4:8 4:8 4:18 4:21 5:1 5:3 | | 46:10 46:14 46:16 46:19 46:20 46:24 47:1 |
| 57:12 61:25 64:16 72:6 75:24 86:3 93:9 | | 83:19 85:11 88:12 91:3 | | 5:5 5:9 5:12 5:13 5:14 5:20 5:22 6:1 6:13 | | 47:4 47:17 47:19 47:23 47:25 48:2 48:3 |
| 95:22 97:2 | | | | 6:14 7:1 7:4 7:5 7:11 7:14 7:19 7:22 | | 48:5 48:7 48:14 48:25 49:2 49:3 49:3 |
| | | afternoon(1) 16:14 | | 7:25 7:25 8:6 8:7 8:15 8:16 8:17 8:18 | | 49:4 49:5 49:6 49:7 49:14 49:24 49:25 |
| about(71) 5:24 6:1 6:2 7:13 7:15 8:25 | | again(17) 6:21 11:6 15:14 20:14 25:8 | | 8:20 8:21 8:22 8:23 9:1 9:1 9:2 9:3 9:5 | | 50:4 50:8 50:13 50:14 50:18 50:19 50:21 |
| 9:10 14:16 14:19 20:15 21:15 22:1 23:23 | | 33:18 40:17 43:13 47:18 49:11 71:4 73:4 | | 9:7 9:8 9:9 9:12 9:13 9:14 9:16 9:18 9:22 | | 50:25 51:1 51:1 51:4 51:5 51:5 51:9 |
| 24:24 24:25 25:19 25:20 27:1 28:13 28:23 | | 73:13 79:18 84:1 90:17 92:17 | | 9:23 9:24 10:3 10:5 10:8 10:9 10:16 | | 51:15 51:17 51:24 52:1 52:3 52:8 52:8 |
| 29:3 29:21 33:18 34:7 35:18 45:7 45:10 | | | | 10:19 10:22 10:23 11:7 11:12 11:14 11:17 | | 52:13 52:15 52:17 53:1 53:7 53:10 54:1 |
| 45:20 45:21 46:1 46:19 48:21 61:4 61:9 | | against(5) 21:23 62:21 63:7 66:2 89:16 | | 11:17 11:20 11:23 12:2 12:3 12:6 12:8 | | 54:11 54:13 54:19 54:23 55:5 55:6 55:11 |
| 61:9 63:15 63:25 64:4 65:24 66:1 66:17 | | agenda(3) 4:8 22:1 22:23 | | 12:9 12:10 12:12 12:13 12:14 12:15 12:17 | | 55:14 55:16 55:20 55:25 56:1 56:5 56:5 |
| 66:19 67:13 68:7 68:19 71:8 71:14 72:9 | | aggressive(5) 30:18 30:19 30:20 30:21 | | 12:17 12:20 12:21 12:22 12:23 13:3 13:5 | | 56:8 56:24 56:25 57:5 57:12 57:15 57:17 |
| 72:14 76:19 77:9 77:10 79:25 80:1 80:5 | | 58:25 | | 13:9 13:11 13:11 13:13 13:17 13:22 14:2 | | 58:1 58:6 58:14 58:15 58:17 58:19 58:21 |
| 80:7 81:3 81:4 81:5 81:7 81:9 86:18 | | | | 14:2 14:3 14:5 14:8 14:11 14:13 14:18 | | 58:25 59:1 59:4 59:7 59:13 59:18 59:20 |
| 87:10 88:15 88:17 88:19 89:11 90:4 91:6 | | ago(11) 5:3 8:6 9:1 10:22 13:2 14:19 | | 14:18 14:19 14:20 14:20 14:22 14:24 | | 59:21 59:23 60:1 60:4 60:5 61:8 61:9 |
| 93:24 96:4 | | 23:17 23:18 23:18 45:15 45:15 | | 14:25 15:1 15:2 15:4 15:6 15:6 15:17 | | 61:16 61:20 62:9 62:12 62:16 62:22 62:24 |
| aboveentitled(1) 100:9 | | | | 15:21 15:24 16:3 16:4 16:5 16:5 16:7 | | 63:2 63:8 63:22 63:23 63:24 64:4 64:22 |
| absent(2) 72:11 78:1 | | agree(6) 29:22 38:15 75:3 75:4 78:6 92:3 | | 16:10 16:11 16:13 16:14 16:16 16:16 16:17 | | 65:19 65:24 66:2 66:4 66:17 66:20 66:21 |
| absolutely(2) 40:2 70:18 | | agreed(13) 15:18 30:2 35:7 40:20 48:1 | | 17:6 17:7 17:9 17:11 17:12 17:13 17:15 | | 66:24 67:1 67:7 67:21 67:24 68:5 68:6 |
| absorbing(1) 95:13 | | 48:11 58:16 76:16 76:17 90:24 91:25 92:7 | | 17:16 17:18 17:20 17:22 18:3 18:8 18:10 | | 68:11 68:12 68:14 69:7 69:9 69:9 69:12 |
| abundance(1) 95:17 | | 92:19 | | 18:11 18:12 18:13 18:18 18:23 18:24 19:9 | | 69:14 70:7 70:11 70:12 70:16 70:17 70:24 |
| acceptable(5) 49:20 59:5 70:17 84:21 | | | | 19:15 19:17 20:2 20:3 20:3 20:8 20:8 | | 70:25 71:3 71:4 71:8 71:9 71:13 71:15 |
| accommodate(1) 53:17 | | agreeing(2) 75:6 76:17 | | 20:19 20:22 20:24 21:2 21:3 21:4 21:9 | | 71:15 71:21 71:22 72:1 72:4 72:6 72:7 |
| accomplished(1) 14:24 | | agreement(8) 11:24 20:11 32:4 32:6 38:6 | | 21:9 21:10 21:11 21:12 21:14 21:16 21:20 | | 72:10 72:16 72:17 72:17 72:20 72:20 |
| according(1) 74:16 | | 38:7 99:21 99:24 | | 21:21 21:22 21:23 21:25 22:8 22:9 22:14 | | 72:23 72:25 73:2 73:3 73:4 73:6 73:9 |
| accordingly(1) 72:23 | | | | 22:16 23:3 23:5 23:10 23:12 23:13 23:17 | | 73:9 73:10 73:15 73:17 73:23 74:1 74:2 |
| account(2) 62:7 84:2 | | agreements(1) 8:9 | | 24:5 24:12 24:19 24:21 25:4 25:4 25:8 | | 74:2 74:3 74:6 74:6 74:9 74:19 74:21 |
| accounts(1) 26:22 | | ahead(3) 48:23 50:8 69:12 | | 25:10 25:17 25:18 25:18 25:19 25:21 | | 74:23 75:2 75:3 75:5 75:15 75:25 76:13 |
| accurately(1) 36:17 | | aiding(2) 93:18 94:15 | | 25:22 26:5 26:7 26:7 26:8 26:8 26:12 | | 76:18 76:20 77:1 77:5 77:6 77:7 77:9 |
| achieved(1) 20:1 | | aiming(1) 32:7 | | 26:13 26:20 27:12 27:13 27:14 27:14 | | 77:13 77:14 77:16 77:18 77:22 77:23 |
| across(1) 37:16 | | airlines(1) 75:13 | | 27:18 27:24 28:2 28:3 28:4 28:5 28:8 | | 77:24 78:1 78:3 78:5 78:5 78:8 78:10 |
| act(1) 62:4 | | airports(1) 57:9 | | 28:10 28:15 28:16 28:17 28:19 28:21 | | 78:13 78:14 78:17 78:20 78:20 78:21 |
| active(6) 6:22 23:13 27:23 28:1 30:25 | | akin(5) 2:5 3:21 19:5 44:9 95:15 | | 28:24 28:24 29:3 29:4 29:6 29:9 29:14 | | 78:24 78:24 79:5 79:12 79:16 79:18 79:23 |
| actives(1) 27:21 | | all(96) 4:20 5:2 7:25 9:18 9:23 14:24 | | 29:15 29:16 29:24 30:1 30:1 30:2 30:2 | | 79:24 79:25 80:9 80:13 80:15 |
| actually(21) 11:20 13:5 13:25 23:18 26:14 | | 14:25 15:12 15:14 15:15 16:23 18:5 22:2 | | 30:5 30:11 30:12 30:14 30:15 30:16 30:17 | | |
| 27:4 31:19 32:25 42:14 46:1 47:22 47:24 | | 22:20 33:14 34:11 35:23 36:5 36:11 36:16 | | 30:18 30:20 30:21 30:21 30:24 31:4 31:8 | | and(107) 80:16 80:20 80:20 81:1 81:3 |
| 47:25 58:10 70:5 73:20 74:4 79:14 85:11 | | 36:16 38:25 38:39 39:13 40:5 40:6 | | 31:9 31:10 31:21 31:23 31:24 32:1 32:2 | | 81:5 81:7 81:9 82:17 82:21 83:1 83:5 |
| 91:4 91:25 | | 42:6 43:13 44:12 46:15 46:18 48:1 48:10 | | 32:3 32:7 32:8 32:10 32:12 32:14 32:17 | | 83:8 83:18 83:18 83:21 83:22 84:1 84:2 |
| | | 48:16 48:16 48:19 49:8 49:17 50:11 52:6 | | 32:17 33:3 33:12 33:13 33:15 33:15 33:15 | | 84:8 84:18 84:20 84:25 85:6 85:8 85:23 |
| actuarial(4) 34:19 55:8 66:18 78:19 | | 52:7 52:18 54:6 54:22 56:13 57:9 57:13 | | 33:24 33:24 33:25 34:4 34:6 34:9 34:11 | | 86:5 86:8 86:8 86:13 86:15 87:3 87:7 |
| add(1) 8:10 | | 57:18 58:20 61:13 62:4 65:5 65:18 66:15 | | 34:13 34:18 34:19 34:20 35:1 35:2 35:3 | | 87:8 87:9 87:11 87:12 87:13 87:18 87:21 |
| added(1) 49:5 | | 68:10 68:11 70:14 70:23 71:3 72:19 74:2 | | 35:9 35:11 35:16 35:19 35:21 35:24 36:10 | | 87:22 88:2 88:16 88:21 88:24 89:6 89:19 |
| addition(3) 70:2 70:6 93:23 | | 74:5 74:18 75:12 76:13 78:2 78:20 79:18 | | 36:13 36:14 36:17 37:2 37:13 37:13 | | 89:20 89:24 89:25 89:25 90:2 90:9 90:15 |
| additional(3) 14:21 55:9 75:1 | | 80:16 84:7 86:18 86:20 86:23 87:2 87:15 | | 37:13 37:15 37:19 | | 90:17 90:23 90:23 91:2 91:3 91:14 91:20 |
| address(7) 38:9 40:25 44:2 56:12 82:8 | | 88:9 89:2 89:13 90:12 90:14 92:6 93:12 | | | | 91:24 92:2 92:5 92:9 92:24 92:25 93:7 |
| 83:25 96:22 | | 95:12 96:2 96:18 96:23 96:24 97:4 97:6 | | | | 93:10 93:18 93:18 93:20 93:22 93:23 94:2 |
| | | 97:11 98:1 99:4 99:10 99:11 100:2 | | | | 94:5 94:7 94:11 94:14 94:15 94:15 94:16 |
| addressed(1) 15:8 | | | | | | 94:19 94:23 94:23 95:3 95:7 95:17 96:2 |
| addressing(1) 86:7 | | alleman(1) 1:24 | | | | 96:19 96:21 96:22 97:1 97:1 97:2 97:24 |
| adequate(1) 74:20 | | allen(1) 3:36 | | | | 98:1 98:8 98:9 98:9 99:18 98:20 99:1 99:3 |
| adjectives(1) 22:14 | | allocate(3) 8:22 9:3 9:10 | | | | 99:9 99:9 99:9 99:18 100:2 |
| adjourned(1) 100:5 | | allocation(8) 7:22 8:4 11:19 12:25 15:25 | | | | |
| adjudicate(1) 63:12 | | 16:3 20:7 21:16 | | | | and/or(1) 82:25 |
| adjusting(1) 84:14 | | | | | | angel(1) 50:23 |
| adler(30) 2:35 88:6 88:10 88:11 88:14 | | allow(11) 7:25 11:10 21:4 44:5 46:18 | | | | announce(2) 5:11 5:12 |
| 89:3 89:6 89:13 89:15 90:6 90:9 90:12 | | 47:24 62:6 69:17 82:19 83:3 95:2 | | | | annual(1) 30:22 |
| 90:15 90:20 90:22 91:10 92:6 92:15 92:19 | | | | | | another(15) 14:21 15:18 16:2 17:25 23:10 |
| 93:3 96:3 96:5 96:8 96:10 96:14 96:18 | | allowed(3) 6:4 64:22 77:5 | | | | 27:17 28:15 37:12 52:22 66:24 78:18 |
| 96:20 97:4 97:7 97:9 | | allowing(2) 7:19 80:2 | | | | 85:13 95:4 98:10 99:9 |
| | | allows(1) 70:9 | | | | |
| administered(1) 1:6 | | almost(4) 8:5 12:20 23:18 75:5 | | | | answer(2) 83:21 83:21 |
| administrators(8) 8:19 9:7 11:21 60:3 | | alone(2) 21:22 63:23 | | | | antagonize(1) 87:14 |
| 88:19 88:22 89:3 89:8 | | along(4) 19:24 22:15 35:12 55:15 | | | | anticipate(1) 11:4 |
| | | already(5) 34:17 35:18 51:16 74:11 77:3 | | | | anticipated(1) 51:17 |
| admissibility(1) 34:18 | | also(31) 5:3 7:14 8:18 10:17 11:2 13:7 | | | | anticipating(1) 26:21 |
| admit(1) 74:7 | | 16:3 23:3 35:17 37:15 37:22 41:9 42:22 | | | | anticipation(1) 55:7 |
| admitted(1) 80:8 | | 44:6 45:6 49:4 53:7 59:8 64:9 64:23 | | | | |
| ado(1) 4:13 | | 66:18 66:23 67:10 70:9 75:8 75:9 76:13 | | | | |
| adopted(1) 69:16 | | 76:14 81:6 85:21 88:22 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| any(50) 8:1 13:23 13:25 20:19 23:23 24:21 25:20 25:23 27:1 27:2 27:3 27:21 29:23 29:23 30:14 33:17 36:8 38:21 43:15 45:25 49:19 50:20 51:1 51:20 61:3 62:16 62:16 62:25 63:1 65:4 65:5 66:1 67:14 71:8 72:13 72:13 72:17 73:4 79:16 79:19 79:25 82:22 82:15 83:14 83:22 88:18 93:1 94:13 95:2 96:3 | | ask(7) 17:16 39:3 69:23 75:20 83:2 84:13 90:3 | | because(57) 5:19 8:13 15:14 16:2 16:12 16:15 16:18 17:14 19:25 22:1 27:7 28:1 28:6 28:9 30:24 32:13 33:4 35:7 40:10 42:14 43:10 43:25 44:8 45:2 45:8 46:15 47:7 50:5 51:11 51:16 53:14 53:20 59:11 59:17 62:6 67:22 68:5 68:13 68:20 69:23 71:18 72:2 73:20 77:5 81:9 81:11 81:16 84:2 85:4 87:2 87:4 87:11 87:12 89:21 93:2 95:11 96:14 | | bidding(1) 11:3 bids(2) 10:2 10:3 big(8) 4:25 7:23 8:25 9:8 11:7 11:14 11:14 59:18 |
| | | asked(11) 10:7 30:18 45:6 58:15 59:24 64:14 66:19 67:18 69:21 86:2 86:3 | | | | bigger(4) 9:22 94:1 94:1 94:2 biggest(1) 13:13 bill(2) 1:24 78:14 billion(7) 6:13 6:14 6:24 7:13 12:19 12:20 93:24 |
| anybody(1) 87:14 | | asking(7) 6:7 11:18 14:17 14:18 30:1 79:13 89:19 | | | | |
| anymore(1) 16:12 anyone(2) 71:20 75:20 anything(6) 28:10 56:3 72:10 79:20 82:3 88:18 | | asserted(3) 63:18 65:23 67:6 assess(1) 65:25 assessing(1) 67:21 asset(1) 11:14 assistance(1) 94:15 | | beckerman(29) 2:8 44:15 44:17 44:17 44:18 44:19 44:22 45:2 45:10 45:13 45:17 46:8 47:9 47:12 47:15 47:17 47:22 48:18 48:20 48:25 49:11 49:15 49:18 51:15 51:19 51:22 52:4 98:13 99:7 | | billions(1) 68:6 binder(1) 34:16 bit(14) 4:23 7:14 14:16 18:16 22:1 23:15 33:4 37:18 47:6 48:17 52:17 60:13 61:9 70:25 |
| anyway(1) 50:22 anywhere(1) 73:9 | | associated(1) 19:16 assume(1) 75:21 | | | | blank(1) 40:8 boat(2) 9:22 37:16 |
| apart(2) 8:15 26:13 apologize(1) 71:7 | | assuming(3) 52:16 62:4 87:18 assumptions(2) 34:19 78:20 | | become(1) 18:14 bed(1) 73:6 been(86) 4:9 4:16 5:4 8:4 8:16 8:17 10:9 10:11 10:12 13:16 13:22 14:5 15:8 15:16 20:25 21:7 22:5 24:25 25:5 26:2 27:12 27:13 27:15 27:16 27:23 28:5 28:19 28:21 28:23 30:6 30:8 30:9 30:16 31:19 33:5 33:7 33:7 33:8 33:9 33:11 33:11 33:19 33:23 33:24 35:7 37:4 37:7 37:19 41:8 41:14 41:22 42:7 42:15 43:8 43:10 43:11 43:22 45:22 46:10 46:12 49:24 49:24 50:4 51:1 55:14 56:23 56:24 57:1 57:3 57:3 58:8 61:7 64:12 67:6 67:9 71:11 71:19 73:17 77:18 77:19 77:23 77:25 78:24 79:15 88:22 93:6 | | boil(1) 78:4 bondholder(6) 2:20 9:5 12:5 13:5 13:6 45:20 |
| apparently(1) 24:18 appeal(2) 10:19 94:19 appeals(2) 16:5 18:22 appear(3) 33:21 35:10 74:19 appearances(1) 3:18 appears(3) 6:11 61:24 69:20 | | assurance(1) 81:15 attempt(2) 48:14 64:21 attend(1) 88:14 attention(1) 34:23 attorney(1) 9:13 attorneys(1) 41:10 | | | | bondholders(1) 37:13 bonds(1) 17:13 both(25) 10:9 12:11 12:13 17:22 21:9 30:10 30:20 31:10 31:11 31:24 32:3 35:3 39:12 45:19 55:5 55:14 56:2 75:15 79:1 81:1 87:13 87:19 91:21 94:23 99:20 |
| applicable(1) 94:19 application(4) 74:12 74:13 74:15 75:10 applications(1) 28:17 appoint(3) 12:15 26:14 29:5 | | auction(4) 11:2 12:8 12:10 12:17 aurelius(2) 3:48 3:49 authenticating(1) 34:12 authorization(1) 28:18 | | | | botter(1) 3:22 boys(1) 71:5 brandywine(1) 3:13 braved(1) 57:12 |
| appointed(9) 9:14 27:11 27:11 28:23 33:7 56:24 75:16 77:20 81:12 | | authorized(1) 75:2 auto(1) 24:15 availability(1) 32:9 available(6) 20:19 58:17 73:1 73:5 73:5 73:7 | | before(37) 1:18 5:10 5:12 10:23 11:17 11:18 13:1 14:19 20:18 24:6 30:23 33:16 46:18 46:20 47:4 53:10 53:11 53:14 57:8 59:24 68:24 69:4 69:6 69:6 69:6 70:8 73:13 74:20 79:12 82:15 82:21 83:18 83:21 86:6 88:15 89:19 96:21 | | breach(4) 63:18 69:18 93:21 94:14 breached(1) 63:24 breaching(1) 8:11 break(1) 70:16 brian(1) 3:32 brief(2) 67:25 97:9 |
| appointing(2) 12:21 30:12 appointment(3) 30:5 57:5 76:4 appreciate(12) 16:22 18:24 19:15 20:11 40:9 44:4 52:19 54:10 71:9 88:1 89:5 99:8 | | await(1) 51:5 awarded(1) 42:7 aware(4) 7:17 22:19 34:4 71:2 away(5) 8:12 39:7 39:8 88:12 93:23 awful(1) 27:14 awkward(3) 16:5 16:18 18:22 | | | | briefed(2) 11:19 74:2 briefing(8) 32:2 91:25 92:21 94:8 95:9 96:11 96:12 99:17 briefly(5) 19:6 62:9 87:13 95:10 95:14 |
| approach(4) 80:1 92:3 92:5 95:16 approached(1) 90:25 approaching(3) 91:22 91:23 91:23 | | | | beginning(7) 10:24 12:9 18:7 41:18 44:24 50:18 80:13 behalf(6) 5:8 19:6 44:19 56:19 88:18 behind(4) 15:21 47:3 64:18 95:21 | | briefs(2) 92:8 96:24 bring(4) 7:25 31:11 42:6 87:11 brings(1) 57:2 broadly(3) 64:3 65:1 65:21 |
| appropriate(15) 15:19 19:18 23:21 30:20 38:14 48:10 50:17 70:24 75:7 80:25 83:1 83:2 84:1 | | back(29) 9:21 10:24 12:14 12:15 13:11 14:22 38:1 38:8 38:19 38:21 42:6 45:13 46:20 48:3 49:13 49:14 64:18 65:20 69:5 76:3 85:11 85:20 85:25 87:22 88:12 89:18 91:13 93:7 96:21 | | behold(1) 12:17 being(16) 5:10 25:16 32:2 35:11 41:17 52:25 72:6 73:1 73:2 75:6 76:3 83:17 83:18 83:18 84:23 85:5 | | bromley(149) 1:30 4:22 5:7 5:8 5:19 5:22 6:5 6:9 6:12 6:19 7:1 7:7 10:22 11:23 12:1 13:22 15:10 15:13 16:22 16:25 17:3 17:9 17:18 17:25 18:2 18:24 19:14 20:13 22:21 23:1 23:3 23:8 24:2 25:3 26:1 27:10 29:12 29:14 29:17 29:20 31:4 31:17 32:17 32:22 32:23 32:25 33:3 34:15 34:23 38:6 35:13 35:16 36:17 36:19 37:3 37:19 38:4 39:14 39:19 40:3 40:7 40:13 42:23 52:19 52:24 53:1 53:4 53:9 53:12 53:16 54:2 54:7 54:10 54:13 54:17 55:2 55:25 56:8 56:11 56:13 59:3 59:5 65:3 65:10 65:15 65:17 70:16 70:18 70:23 71:7 71:11 73:12 73:16 73:19 73:23 76:15 79:10 79:23 80:20 80:22 80:24 81:4 81:7 81:18 81:20 81:23 82:2 82:12 83:2 83:7 83:13 83:16 84:14 84:21 84:22 84:25 85:3 85:10 85:16 86:1 86:5 86:19 86:23 87:2 87:12 87:20 88:1 88:2 88:5 88:8 88:16 88:21 89:6 89:17 89:24 90:6 90:23 97:22 99:12 99:14 99:17 100:1 |
| appropriately(1) 80:21 approval(2) 42:4 52:8 approve(1) 72:24 approximately(1) 61:22 april(5) 13:20 29:1 29:2 29:20 30:13 arbitrate(1) 11:24 architect(1) 44:25 are(117) 4:13 5:20 6:9 6:20 6:23 7:12 7:13 14:4 14:17 16:16 17:1 19:14 19:23 20:5 20:7 20:19 21:16 21:17 22:15 22:18 22:22 23:14 26:25 27:19 27:25 28:2 28:3 28:4 28:20 30:23 31:5 32:18 33:17 34:17 36:21 37:11 39:6 39:12 39:16 39:20 39:23 39:24 40:14 41:7 42:1 42:4 42:20 42:20 43:2 46:20 48:22 51:19 52:11 54:24 58:11 58:18 58:24 59:21 60:5 60:8 61:19 61:22 63:16 64:5 64:23 65:7 65:24 65:25 68:5 68:11 68:23 69:2 69:5 69:21 70:10 71:20 71:23 71:23 71:25 72:5 72:16 72:19 73:1 73:12 73:16 73:25 75:3 75:12 75:13 78:15 80:12 80:14 81:12 81:13 82:14 82:25 88:9 88:23 90:4 91:4 91:5 91:7 91:15 92:19 92:23 92:24 93:8 94:4 94:7 94:24 95:8 95:20 95:21 96:25 97:14 98:2 98:9 | | back-and-forth(1) 80:12 backed(1) 26:1 background(1) 46:25 balance(1) 57:13 bank(1) 26:22 bankruptcy(11) 1:1 1:19 23:10 23:11 24:17 24:18 24:22 25:6 25:13 29:15 43:1 | | believe(22) 7:19 17:13 19:25 29:1 31:9 32:4 32:17 33:10 35:7 42:25 43:18 47:20 50:16 57:15 61:13 61:18 62:19 75:7 75:8 76:22 80:16 83:2 belknap(1) 3:31 bell(2) 31:21 31:22 beneficial(1) 26:10 beneficiary(1) 67:3 benefit(2) 31:6 65:23 | | |
| aren't(1) 58:22 argue(1) 73:21 argued(2) 73:25 74:2 arguing(1) 30:1 argument(4) 25:21 43:4 79:7 82:25 arguments(5) 43:6 73:16 86:12 97:3 99:9 arise(1) 73:11 arisen(1) 73:4 around(6) 6:1 6:14 8:25 27:8 28:12 37:11 | | barefoot(16) 1:31 7:15 91:12 92:16 92:18 93:16 93:20 94:11 94:13 95:12 95:24 96:25 97:8 97:11 97:12 97:16 bargained(1) 23:25 based(5) 13:24 25:9 41:23 69:7 93:13 bases(1) 63:16 basic(1) 83:25 basically(1) 12:2 basis(7) 7:11 41:5 71:24 77:24 77:25 80:6 91:17 | | benefits(42) 23:12 23:13 23:22 23:25 24:10 25:7 25:7 25:10 25:11 25:20 25:22 25:22 26:17 28:9 29:4 29:23 43:2 43:2 62:14 63:1 63:7 63:17 63:19 64:5 65:2 65:2 65:5 65:21 66:5 66:5 66:16 66:22 67:15 67:16 68:3 68:7 68:8 68:10 74:13 76:21 77:1 77:7 81:16 | | brought(3) 8:7 9:15 79:4 bryant(1) 2:9 buchanan(1) 3:4 buck(1) 2:42 bucket(1) 93:20 buckets(1) 93:17 |
| arsht(1) 1:22 aside(2) 59:20 69:2 | | basket(1) 87:13 battery(1) 2:36 bear(1) 95:18 | | berger(29) 2:49 56:9 56:10 56:15 56:15 56:17 56:18 57:11 58:1 58:3 58:5 59:13 59:16 60:12 60:15 60:17 61:11 75:21 75:23 75:25 76:2 76:8 76:10 80:1 99:11 99:12 99:18 99:23 100:1 | | budget(8) 44:7 46:9 46:19 48:2 48:4 49:14 49:22 50:16 |
| | | | | best(1) 61:13 bets(1) 72:19 better(3) 22:4 46:24 97:18 between(10) 12:9 15:17 32:14 42:24 82:17 85:22 92:20 92:22 93:1 95:10 beyond(3) 15:23 75:9 81:2 | | |

| Word | Page:Line |
|---|---|

**building**(1) 3:13
**bunch**(1) 58:23
**burden**(3) 68:21 94:5 94:6
**business**(3) 31:7 31:8 34:13
**businesses**(3) 8:14 8:16 8:21
**busy**(1) 4:9
**but**(127) 4:14 6:4 8:1 8:18 9:9 9:23 10:2 10:24 11:5 11:8 12:3 12:20 13:6 13:7 13:17 14:10 14:18 15:3 16:1 16:10 16:15 16:18 16:19 16:20 17:18 18:11 18:23 19:10 19:23 20:11 20:18 20:23 21:13 23:20 24:14 24:20 25:9 25:19 28:3 29:8 30:9 30:19 33:23 34:6 34:24 35:10 37:10 37:17 38:2 38:5 38:9 38:16 39:11 41:11 41:18 42:10 43:6 43:14 44:3 45:14 47:3 47:9 47:23 48:9 49:4 49:13 50:25 52:11 52:13 52:14 52:21 54:18 55:10 56:2 57:2 58:5 59:10 59:16 59:21 59:25 60:25 66:18 67:6 67:15 68:6 68:21 69:1 69:13 70:5 71:4 71:5 71:17 71:24 72:5 72:22 72:24 74:3 75:8 76:16 78:10 79:8 80:5 80:8 80:10 81:13 82:5 82:9 82:14 82:24 85:12 85:21 86:14 87:14 88:19 88:25 89:23 90:12 91:19 92:3 93:6 94:25 95:9 95:24 96:10 98:22 98:25
**buy**(1) 78:18
**caffeinated**(1) 34:21
**calculation**(1) 66:18
**calendar**(5) 59:8 71:9 74:8 74:10 75:8
**call**(11) 12:6 12:10 12:11 16:7 18:22 20:19 22:4 40:1 78:13 78:17 91:16
**calling**(1) 78:12
**calls**(3) 16:10 16:13 73:6
**came**(4) 10:23 12:1 12:18 87:8
**can**(39) 4:23 5:11 18:2 19:24 20:24 28:6 28:7 33:11 35:1 35:3 35:11 39:8 39:12 40:3 40:10 41:2 42:7 44:3 44:10 51:10 52:18 53:17 53:24 54:14 54:18 60:12 63:18 69:8 69:14 70:15 78:18 78:23 80:7 86:10 88:3 92:2 96:14 99:2 99:21
**canada**(12) 9:7 10:11 10:25 18:8 66:24 66:25 69:20 69:22 69:23 91:6 91:10 91:11
**canadian**(13) 8:1 9:5 9:6 10:7 10:9 12:4 12:6 13:9 21:7 21:8 22:9 94:7 94:23
**cannot**(4) 20:1 77:21 80:6 80:9
**can't**(7) 15:21 39:10 44:9 66:13 78:13 78:16 78:17
**cap**(14) 42:5 42:11 44:5 44:25 45:18 45:21 46:14 48:4 48:4 48:7 49:25 50:3 50:5 50:17
**capital**(5) 3:40 3:44 3:44 3:48 3:49
**car**(1) 78:17
**care**(1) 62:4
**carefully**(2) 8:15 21:4
**carry**(2) 51:11 98:11
**case**(32) 1:5 8:1 15:16 16:2 17:6 18:20 24:4 25:13 26:4 27:21 27:25 38:14 38:17 38:18 41:9 41:12 41:14 41:19 41:22 42:1 42:7 42:12 43:3 45:24 49:8 50:19 58:12 67:13 72:23 74:23 78:9 83:2
**cases**(4) 5:25 72:7 75:13 78:4
**cash**(2) 8:1 77:11
**cause**(2) 68:17 69:11
**caution**(1) 37:18
**caveat**(1) 98:20
**cede**(2) 4:22 60:14
**census**(2) 66:5 66:17
**centre**(1) 2:43
**cents**(1) 68:15
**cert**(1) 10:19
**certain**(10) 15:24 23:13 28:6 28:14 32:18 47:13 60:5 71:23 74:1 91:15

**certainly**(28) 13:6 16:22 20:10 24:18 24:19 32:21 34:9 38:10 38:15 39:25 44:10 47:1 50:14 50:18 52:7 52:8 52:19 54:10 55:8 59:15 61:14 61:16 71:9 73:17 79:17 84:20 92:4 92:21
**certainty**(1) 17:14
**certificate**(3) 4:12 4:17 51:6
**certification**(2) 51:7 100:6
**certified**(1) 38:1
**certify**(1) 100:7
**cetus**(1) 3:40
**challenge**(1) 60:7
**challenges**(1) 59:1
**chambers**(4) 12:10 12:11 17:21 89:7
**chance**(3) 46:8 49:19 73:13
**change**(3) 54:4 62:23 63:7
**changed**(2) 26:11 50:4
**changes**(2) 62:22 62:22
**changing**(3) 63:6 63:9 86:21
**channel**(1) 94:21
**channels**(1) 95:8
**chapter**(1) 1:8
**characterization**(2) 42:25 79:11
**chase**(1) 2:22
**chastised**(1) 78:8
**chen**(1) 3:28
**chief**(6) 12:22 13:1 13:17 13:18 18:17
**choose**(1) 28:8
**chose**(1) 27:12
**chris**(1) 2:14
**cindy**(1) 3:28
**circuit**(6) 10:19 18:21 24:3 24:7 63:13 64:19
**circumstance**(1) 24:12
**circumstances**(2) 44:10 74:23
**circumvent**(1) 81:11
**citi**(2) 3:44 3:44
**city**(1) 57:12
**claim**(11) 34:16 36:25 44:8 62:14 67:6 76:22 77:13 77:14 77:17 93:22 94:3
**claims**(66) 6:23 7:4 7:8 7:9 7:12 7:14 7:17 7:18 7:19 7:21 7:25 9:6 10:8 10:8 10:10 10:11 10:12 10:15 10:18 10:24 14:7 20:5 21:4 21:6 21:9 21:9 21:10 21:21 21:22 21:23 22:22 22:24 61:12 65:23 65:25 66:2 66:2 66:18 66:20 66:21 66:21 66:22 67:8 88:5 88:15 89:16 89:18 90:1 91:7 91:8 91:12 92:25 93:4 93:7 93:11 93:12 93:13 93:16 93:17 93:21 93:24 93:25 94:14 94:16 94:18 94:24
**clarify**(1) 87:1
**clarifying**(1) 86:8
**clarity**(1) 17:20
**classified**(1) 23:14
**clause**(1) 75:4
**clear**(8) 16:10 25:15 54:5 56:22 58:22 63:11 87:12 87:14
**clearly**(3) 17:17 21:21 87:19
**cleary**(2) 1:29 5:8
**clerk**(1) 70:21
**clients**(2) 90:18 96:6
**cloak**(1) 81:9
**close**(4) 8:5 35:22 54:23 78:9
**close-off**(1) 38:14
**closed**(3) 8:6 38:18 52:13
**closely**(1) 8:19
**coalesced**(1) 9:3
**code**(4) 23:10 23:11 29:18 43:2
**cognizant**(1) 46:13
**cold**(1) 43:13
**colleague**(2) 7:15 56:20
**colleagues**(3) 34:5 35:2 38:12
**collectively**(1) 23:24
**colorful**(1) 43:4

**come**(22) 5:12 6:16 10:2 14:22 21:13 27:24 34:21 37:21 38:3 38:5 38:19 38:21 44:3 49:13 49:14 65:19 67:7 71:20 79:17 80:2 91:6 91:13
**comes**(1) 66:24
**comfort**(1) 23:21
**comfortable**(6) 18:10 40:9 41:1 83:7 83:9 85:10
**coming**(10) 5:14 7:14 11:2 12:20 25:4 38:8 43:15 48:12 59:18 89:19
**commenced**(3) 5:25 31:19 76:25
**commencement**(2) 74:22 75:11
**comments**(8) 13:3 37:7 49:5 71:13 73:20 76:19 88:17 98:8
**committed**(1) 59:4
**committee**(58) 2:5 2:41 3:11 3:20 3:27 6:17 9:4 12:5 13:4 17:12 19:6 19:13 26:14 27:11 27:11 28:13 28:15 28:21 30:10 30:11 32:5 32:6 35:8 37:9 37:13 37:13 40:18 41:13 41:20 42:18 42:19 42:25 43:11 44:20 45:5 45:20 49:6 50:24 52:21 53:5 54:17 55:3 55:7 56:19 56:22 57:11 57:14 58:8 59:12 72:8 72:10 72:16 72:18 75:16 77:19 83:3 85:1 95:15
**committees**(11) 28:23 28:25 29:24 30:8 31:11 32:4 33:7 33:15 45:3 50:15 50:20
**committee's**(2) 42:8 55:22
**communicated**(2) 38:6 80:12
**communication**(1) 22:5
**companies**(2) 26:25 27:2
**company**(17) 24:5 24:16 24:21 25:5 25:10 26:11 27:4 27:20 33:18 58:20 62:20 62:23 63:10 63:17 63:19 78:12 79:5
**compensated**(1) 27:15
**competitive**(1) 43:23
**complaint**(1) 72:14
**complaints**(1) 33:8
**complete**(5) 33:9 36:5 36:11 55:19 70:9
**completely**(2) 58:22 79:18
**complex**(2) 42:1 42:19
**complicated**(4) 91:5 91:5 91:20 92:23
**complying**(1) 92:11
**components**(2) 32:2 32:3
**compress**(1) 59:23
**compressed**(5) 62:6 62:12 70:6 82:14
**conaway**(1) 2:26
**concede**(1) 74:9
**concern**(6) 16:15 18:11 39:11 41:21 45:4 45:10 48:22 55:25
**concerned**(8) 13:2 13:14 14:4 14:11 19:15 41:18 60:2 90:16
**concerning**(1) 64:2
**concerns**(12) 14:20 16:7 21:15 22:17 22:19 28:13 39:16 39:21 40:11 49:6 71:13 72:9
**conclude**(1) 11:13
**concluded**(2) 23:4 91:20
**concludes**(1) 97:22
**conclusion**(2) 31:11 71:16
**conducted**(1) 41:22
**conference**(11) 4:21 17:22 20:4 36:9 56:4 71:3 71:3 73:2 82:18 82:21 89:7
**confidences**(3) 13:25 15:15 16:12
**confident**(1) 88:20
**confined**(1) 42:2
**confirmation**(3) 52:12 61:15 72:1
**confirming**(1) 57:1
**conformed**(1) 87:23
**confuses**(1) 47:6

**confusion**(1) 71:8
**connection**(1) 31:23
**consensual**(6) 5:11 52:8 56:23 76:23 99:1 99:2
**consensually**(1) 95:22
**consent**(1) 43:19
**consenting**(1) 80:2
**consents**(1) 43:19
**consider**(3) 80:25 82:13 97:3
**considerable**(1) 59:3
**consideration**(4) 26:15 49:8 59:2 73:4
**considerations**(1) 98:25
**considered**(2) 82:23 89:19
**consistent**(1) 78:7
**consistently**(1) 76:16
**conspiracy**(2) 93:18 94:15
**constant**(1) 57:3
**constituencies**(1) 48:2
**constructive**(2) 48:14 48:15
**contact**(1) 57:3
**contained**(2) 25:14 76:5
**contemplated**(1) 55:10
**contemporaneous**(1) 83:6
**contested**(1) 52:25
**context**(10) 14:23 23:16 25:5 41:3 41:25 42:8 72:23 74:7 80:3 88:25
**contingent**(1) 10:12
**continue**(10) 7:19 13:13 15:23 25:4 25:23 31:14 58:15 60:14 62:20 80:14
**continued**(3) 2:2 3:2 26:17
**continuing**(1) 59:4
**contract**(4) 60:1 93:21 93:21 94:24
**contractual**(1) 67:4
**contradicting**(1) 81:2
**contributed**(2) 58:19 58:19
**control**(3) 11:19 44:9 44:10
**controls**(1) 63:14
**convenient**(1) 80:17
**conventional**(1) 91:23
**conversation**(6) 13:24 18:3 46:25 50:16 80:10 85:12
**conversations**(6) 19:18 22:8 31:24 33:25 36:18 87:20
**convert**(1) 67:16
**cool-down**(1) 87:7
**cooperation**(1) 15:17
**cooperatively**(1) 46:11
**copy**(2) 35:12 38:7
**copying**(1) 97:24
**corner**(1) 24:5
**correct**(5) 37:20 62:9 66:8 91:9 100:7
**cost**(1) 68:7
**costs**(2) 44:10 45:10
**could**(23) 5:16 11:16 15:22 15:22 16:5 17:25 19:6 19:9 21:15 23:5 35:1 43:5 46:23 53:1 66:18 66:20 67:18 83:5 84:20 86:16 91:16 93:10 95:1
**couldn't**(1) 72:2
**counsel**(20) 22:6 22:8 22:9 22:17 27:12 28:19 35:8 35:17 45:19 45:20 45:21 48:23 51:7 54:17 55:6 55:22 75:15 98:2 99:5 99:10
**counter-proposals**(1) 69:9
**counter-responses**(1) 86:14
**counts**(1) 63:5
**couple**(7) 4:14 5:16 14:2 24:15 44:23 73:20 73:24
**course**(10) 7:22 20:5 24:22 29:25 51:15 51:19 55:13 60:15 79:22 95:24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**court**(268) 1:1 4:2 4:6 4:11 4:18 4:24 5:2 5:18 5:21 5:23 6:3 6:8 6:11 6:18 6:25 7:6 9:13 10:9 10:20 10:21 11:22 11:25 13:15 13:21 15:8 15:12 15:14 16:2 16:24 17:2 17:7 17:8 17:17 17:24 18:1 18:6 18:15 18:20 18:21 19:2 19:4 19:8 19:11 19:20 19:22 20:10 20:17 21:7 21:18 21:19 22:3 22:10 22:13 22:16 22:20 22:24 23:2 23:7 24:1 25:2 25:24 27:9 29:11 29:13 29:16 29:19 31:3 31:16 32:16 32:21 32:24 33:2 34:8 34:14 34:22 35:5 35:14 36:16 36:20 36:22 37:1 37:24 38:9 38:23 38:25 39:2 39:18 40:2 40:5 40:12 40:16 40:22 41:6 42:4 43:17 44:12 44:18 44:44 44:21 45:1 45:9 45:12 45:16 46:7 47:6 47:11 47:14 47:16 47:21 48:16 48:19 48:22 49:2 49:13 49:17 49:20 50:1 50:10 50:12 51:4 51:8 51:13 51:21 51:23 51:25 52:6 52:21 52:25 53:3 53:6 53:10 53:14 53:18 53:23 54:1 54:3 54:5 54:9 54:12 54:16 55:1 55:24 56:7 56:10 56:12 56:13 56:17 57:10 57:21 57:24 58:2 58:4 59:10 59:15 60:11 60:15 60:18 60:22 60:24 61:2 61:20 62:9 65:7 65:18 66:7 66:10 66:13 69:15 69:25 70:14 70:19 70:22 71:10 71:17 72:21 73:15 73:22 74:14 74:21 75:10 75:20 75:24 76:7 76:9 76:13 78:5 79:22 80:19 80:22 81:4 81:12 81:22 82:15 82:4 82:22 82:24 83:4 83:11 83:15 83:20 84:5 84:7 84:12 84:17 84:20 84:24 85:2 85:7 85:14 85:17 85:19 86:9 86:10 86:15 86:20 86:25 87:15 87:17 87:24 88:4 88:6 88:10 88:13 89:2 89:5 89:11 89:14 90:3 90:8 90:11 90:14 90:19 90:21 91:9 92:4 92:13 92:16 93:15 93:19 94:5 94:10 94:12 95:12 96:2 96:7 96:9 96:13 96:16 96:19 96:23 97:6 97:11 97:17 97:20 97:24 98:1 98:7 98:12 98:15 98:18 98:24 99:4 99:8 99:13 99:16 99:20 100:1 100:4

**court-appointed**(1) 57:4
**courtroom**(1) 1:10
**courts**(3) 11:18 15:17 21:9
**court's**(2) 20:9 74:25
**coverage**(4) 26:9 27:5 27:7 79:1
**cravath**(1) 29:10
**create**(1) 39:11
**credible**(1) 75:19
**credibly**(1) 77:21
**creditors**(10) 3:21 7:24 9:6 9:6 12:6 26:23 31:9 63:4 68:11 68:14

**creditors'**(4) 2:4 9:4 12:5 13:4
**critical**(3) 8:12 79:13 79:15
**criticized**(2) 75:6 77:24
**crucial**(1) 67:20
**current**(2) 63:8 69:3
**currently**(1) 64:7
**cut**(3) 50:14 51:20 73:15

**data**(1) 1:37
**date**(29) 4:7 15:24 30:14 33:14 33:24 39:5 40:8 40:10 46:5 47:13 53:7 56:3 67:10 74:21 75:11 84:1 84:23 85:4 85:5 85:11 85:13 86:21 86:22 87:18 92:2 92:12 93:2 97:14 100:13

**dates**(2) 40:5 54:24 60:5 87:25 92:2 92:19 92:19

**date's**(1) 93:5
**david**(1) 3:22
**day**(20) 9:20 11:8 12:7 12:19 12:20 13:18 19:25 24:6 27:24 33:16 34:21 35:19 55:6 57:7 57:8 57:20 58:6 58:21 99:11 100:2

**days**(24) 8:6 9:17 9:24 11:6 12:19 14:11 33:1 52:14 52:15 69:4 73:5 74:15 74:16 74:20 74:23 75:1 75:10 75:18 75:21 76:14 82:21 91:3 91:3 92:11

**deadline**(29) 14:15 15:6 30:1 30:2 30:3 30:3 35:19 35:20 35:21 35:23 36:1 36:2 36:3 36:5 36:6 36:8 36:11 36:12 36:13 47:19 48:13 55:2 55:4 55:19 55:20 56:4 79:13 79:16 85:1

**deal**(9) 7:7 8:3 21:11 26:25 40:14 46:4 46:22 75:12 78:2

**dealing**(5) 7:16 27:4 27:16 45:3 75:14
**dealt**(2) 7:8 47:13
**dean**(1) 26:4
**death**(1) 67:3
**debate**(2) 24:12 29:25
**debenture**(1) 3:31
**debtor**(7) 36:6 55:13 68:11 68:16 89:17 91:18 92:8

**debtor."**(1) 68:4
**debtors**(78) 1:12 1:22 2:26 4:5 5:9 5:24 8:18 8:18 8:19 9:5 10:7 12:4 12:5 13:4 13:9 14:3 17:10 17:12 20:14 21:23 23:21 24:9 28:22 29:6 29:22 30:2 30:13 30:22 33:9 36:2 37:12 39:20 42:24 47:25 49:7 50:15 50:19 57:1 58:24 59:6 59:23 59:25 62:14 63:1 63:14 63:20 63:24 64:3 64:7 64:10 64:15 65:11 66:1 66:3 66:6 67:14 67:16 68:1 68:6 68:9 68:13 68:21 68:22 69:2 69:8 69:22 70:3 72:13 72:16 76:5 76:11 84:3 85:1 88:8 89:8 93:6 95:6 95:16

**debtors'**(31) 14:13 35:24 36:1 45:19 58:21 60:6 61:14 61:18 61:20 61:24 62:8 62:10 62:11 62:18 63:13 63:22 64:1 64:20 64:25 65:21 65:25 66:12 67:10 67:21 68:17 69:20 69:24 80:17 81:15 92:9

**debtor's**(2) 64:24 69:12
**decade**(1) 62:20
**decide**(7) 15:24 16:3 47:2 53:8 72:6 72:22 78:6

**decided**(2) 62:8 84:16
**deciding**(1) 21:16
**decision**(16) 15:25 21:15 24:7 24:9 24:11 24:23 25:5 25:15 26:11 32:20 52:16 61:4 61:21 62:6 64:7 87:19

**decisions**(1) 16:4
**declaration**(1) 82:7
**deed**(1) 76:15
**defense**(1) 67:5
**defined**(1) 43:2
**defines**(1) 65:21
**definitely**(2) 44:8 45:4
**definition**(1) 43:1
**definitive**(5) 7:3 7:9 10:7 10:10 10:25
**delano**(1) 3:28
**delaware**(3) 1:2 1:12 4:1
**demands**(1) 91:2
**demonstrated**(1) 17:6
**denial**(1) 10:19
**dependent**(1) 15:16
**depending**(1) 48:4
**depends**(2) 64:2 98:22
**deposition**(1) 34:8
**depositions**(8) 36:5 36:11 55:19 69:18 70:9 70:11 73:1 82:5

**derek**(1) 1:23 2:35 4:4
**describe**(4) 22:11 35:1 54:19 65:11
**described**(3) 65:13 66:12 95:24
**description**(1) 62:18
**descriptions**(1) 38:11
**desire**(2) 58:13 59:7
**despite**(1) 58:7
**detail**(3) 10:13 19:18 96:3
**determine**(2) 61:7 93:5
**developed**(2) 69:8 74:2

**developing**(1) 69:18
**develops**(1) 55:11
**diaz**(1) 1:37
**did**(24) 5:6 9:9 11:4 11:11 13:14 14:10 16:7 23:8 30:13 41:5 45:23 48:23 55:6 55:21 59:2 64:10 64:13 81:10 81:11 81:19 87:5 88:15 88:20 95:9

**didn't**(18) 9:25 10:17 11:3 11:9 11:12 13:8 14:9 23:19 43:13 48:9 57:20 70:3 70:4 71:1 73:15 83:14 84:14 89:21

**difference**(1) 93:1
**differences**(4) 29:8 69:1 92:22 95:10
**different**(7) 5:20 8:16 16:9 18:16 27:19 32:1 75:12

**difficult**(5) 20:23 27:5 72:20 72:21 93:3
**difficulties**(1) 19:16
**difficulty**(1) 59:11
**digest**(1) 58:21
**diligent**(2) 38:2 64:12
**diligently**(6) 33:12 33:20 37:7 37:22 56:25 80:20

**directing**(1) 76:4
**direction**(1) 14:18
**directly**(5) 19:13 20:21 62:9 67:12 84:3
**disability**(4) 4:15 5:5 36:25 98:2
**disabled**(15) 6:20 23:5 23:14 27:19 27:25 28:7 28:11 28:14 29:3 31:25 32:12 32:13 32:15 32:18 36:4

**disagree**(7) 21:2 21:3 54:18 79:10 79:18 92:21 96:10

**disagreements**(1) 37:5
**disappeared**(1) 27:7
**disappearing**(1) 73:9
**disappointed**(1) 88:22
**disclose**(1) 36:3
**disclosing**(1) 13:25
**disclosure**(7) 89:20 90:23 90:25 91:6 91:11 91:14 92:25

**discontinue**(1) 62:24
**discount**(1) 34:20
**discovery**(43) 7:5 21:12 32:2 33:4 33:4 34:2 35:20 35:22 35:23 38:14 39:21 41:15 54:21 54:23 54:24 55:11 55:12 61:17 62:13 63:11 67:19 69:25 70:8 81:8 83:4 83:5 83:14 83:18 83:19 83:21 83:25 86:8 87:10 91:17 93:2 93:10 94:6 94:21 94:22 95:1 95:7 95:18 98:21

**discretion**(1) 74:25
**discuss**(12) 4:19 21:13 36:9 38:19 38:20 39:25 41:2 46:9 49:16 68:20 68:25 97:19

**discussed**(3) 46:10 90:25 97:23
**discussing**(2) 48:7 99:14
**discussion**(2) 87:8 98:20
**discussions**(9) 8:23 8:24 9:10 29:3 37:23 45:19 65:8 79:25 98:9

**disease**(1) 78:20
**disgorgement**(2) 49:9 50:21
**dishonest**(1) 94:15
**dismiss**(2) 7:10 94:8
**dismissal**(1) 22:25
**dismissed**(1) 93:12
**dismissing**(1) 7:18
**dispose**(1) 8:21
**dispositive**(1) 91:18
**dispute**(2) 34:5 42:24
**disputed**(1) 10:12
**disputes**(6) 5:20 13:12 39:7 39:12 46:12 90:5

**distribute**(1) 31:9
**distributed**(2) 16:17 64:3
**distributions**(1) 7:24
**district**(2) 1:2 9:13
**doable**(1) 61:8
**docket**(1) 4:8
**document**(6) 33:21 35:22 54:24 72:14 81:8 91:2

**documentation**(2) 25:15 34:10
**documents**(29) 25:9 31:10 33:6 33:16 34:12 34:17 37:19 37:21 38:10 41:13 43:8 55:16 55:18 56:25 59:18 59:19 62:13 63:23 64:1 64:10 64:17 69:21 69:23 69:24 72:17 73:1 76:21 77:5 77:22

**does**(9) 18:24 58:9 62:23 62:25 69:17 70:7 82:8 82:11 84:24

**doesn't**(5) 31:13 33:22 62:7 70:13 91:19
**doing**(12) 8:16 19:23 24:18 38:13 41:4 50:4 77:24 77:25 78:10 89:21 89:22 95:2

**dollar**(4) 7:23 63:4 64:24 68:15
**dollars**(7) 6:13 6:13 6:14 26:18 66:4 77:18 78:25

**done**(13) 11:16 17:18 21:7 28:10 36:10 37:8 38:2 41:17 41:24 43:7 43:14 49:23 54:20

**don't**(50) 6:4 12:2 13:5 13:23 14:12 15:22 16:1 16:12 16:19 16:19 17:19 19:17 20:22 20:22 34:1 34:7 43:15 45:14 47:22 50:2 50:3 50:9 52:2 57:11 59:13 60:8 61:14 63:3 65:9 66:19 67:4 67:5 67:7 67:17 68:13 69:8 71:5 72:13 73:8 73:20 75:25 79:6 83:22 85:17 88:17 89:24 90:9 95:11 96:11 96:23

**dorsey**(1) 2:28
**doubt**(4) 24:21 24:24 24:25 89:11
**down**(7) 6:16 12:3 33:19 43:14 48:1 57:9 78:4

**downsized**(1) 24:19
**draftspersons**(1) 29:17
**driven**(2) 34:3 41:3
**dropped**(1) 80:4
**dry**(1) 99:2
**due**(1) 85:18
**during**(9) 16:6 24:21 25:6 25:13 26:6 26:16 29:22 34:23 42:16

**duties**(1) 63:24
**dutifully**(1) 43:6
**duty**(2) 63:18 69:19
**dynamic**(1) 54:14
**dynamics**(1) 17:5
**each**(8) 21:17 22:2 45:18 57:2 83:17 83:18 83:18 86:12

**eager**(2) 56:2 88:23
**earlier**(3) 40:23 69:16 82:13
**early**(2) 10:5 10:6
**earn**(1) 41:10
**ears**(1) 73:17
**earth**(1) 72:17
**easy**(3) 26:25 41:25 42:21
**eat**(1) 67:8
**echo**(3) 19:13 37:7 88:20
**echoed**(2) 13:4 14:20
**ecro**(1) 1:35
**educating**(1) 43:15
**effect**(3) 14:17 23:20 80:3
**efficiencies**(1) 95:25
**efficient**(1) 70:12
**effort**(3) 8:17 16:1 27:14
**efforts**(1) 42:8
**eight**(3) 14:11 93:25 94:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

either(10) 14:25 27:22 29:24 34:8 39:17 48:3 50:14 57:14 62:24 81:13

electronic(2) 1:43 100:8
eligible(1) 32:18
eliminate(5) 25:11 93:11 94:13 94:14
elliott(6) 3:11 36:24 40:18 46:21 48:6 51:1
else(4) 20:15 36:10 56:3 81:10
emea(18) 2:26 7:9 7:14 7:16 8:19 10:8 10:15 14:7 20:5 21:9 21:23 22:22 88:4 88:5 89:8 89:16 92:9 93:25

emerged(1) 24:20
emphasize(1) 20:19
employed(1) 33:19
employee(1) 77:12
employees(13) 5:24 6:10 6:20 6:22 23:14 28:15 30:25 32:18 42:23 63:20 64:4 64:4 81:17

employment(1) 23:13
encourage(1) 34:20
end(12) 8:8 11:8 19:25 26:13 30:23 40:3 53:10 53:11 58:14 59:24 93:2 95:2

ended(1) 58:6
engage(3) 50:15 67:23 93:9
engaging(1) 59:12
english(2) 2:41 94:17
enjoys(1) 41:9
enormous(1) 34:1
enormously(1) 42:1
enough(1) 61:17
enrichment(2) 93:18 94:18
enter(2) 47:2 80:8
entered(3) 7:1 58:12 59:7
entering(1) 4:9
entire(1) 42:8
entirely(2) 21:17 39:23
entirety(1) 13:12
entitled(4) 26:21 28:3 28:4 61:19
entitlement(1) 25:20
entitlements(1) 78:5
environment(1) 62:23
equally(3) 64:23 67:20 90:4
equitably(1) 68:12
equivalent(1) 54:25
erisa(4) 38:11 42:20 42:21 63:17
ernst(2) 3:4 3:36
escrow(1) 6:14
especially(1) 84:10
esq(19) 1:23 1:24 1:30 1:31 2:7 2:8 2:14 2:21 2:28 2:35 2:42 2:49 3:5 3:12 3:22 3:24 3:28 3:32 3:37

essence(1) 91:12
essentially(1) 49:23
established(1) 28:15
estate(2) 8:1 50:20
estates(4) 94:6 94:7 94:23 94:23
etc(1) 93:21
even(15) 12:1 18:3 31:5 34:6 37:8 39:8 48:11 48:11 49:9 63:19 69:2 73:7 74:9 76:18 95:20

evening(2) 57:16 73:7
event(2) 92:20 95:2
eventually(1) 10:19
ever(2) 72:8 78:9
every(4) 27:1 27:24 35:10 67:12
everybody(4) 34:20 35:9 70:21 87:23
everyone(13) 4:2 8:25 11:6 37:4 38:4 39:11 41:7 50:8 70:17 70:22 71:18 71:25 100:2

everyone's(1) 99:8
everything(7) 20:15 43:7 46:4 47:4 84:2 95:23 99:1

evidence(5) 63:11 80:9 81:14 82:2 86:13
evidentiary(2) 81:23 97:14

exact(1) 85:5
exactly(7) 21:6 23:1 64:1 64:13 70:4 71:12 93:5

example(3) 18:21 49:9 66:23
exceeding(1) 74:23
excellent(1) 84:5
excesses(1) 24:20
exchange(3) 30:10 85:13 91:2
exchanges(2) 15:4 33:6
exchanging(1) 25:18
exclusive(1) 21:10
excuse(2) 60:7 94:1
exercise(7) 30:22 31:20 33:5 34:3 39:23 54:11 80:18

exercises(1) 30:9
exhausted(1) 57:19
exhibit(3) 36:13 56:5
exigence(1) 38:17
existence(1) 55:15
expediential(1) 30:25
expedited(6) 31:12 64:18 67:21 67:24 71:24 75:14

expenses(1) 28:24
expensive(2) 41:9 43:22
experience(1) 43:24
expert(6) 36:1 36:8 55:5 55:8 55:9 93:10
expert-based(1) 94:21
experts(3) 34:4 34:5 34:19
expiration(1) 30:11
explanations(1) 39:23
express(1) 37:5
expressed(5) 15:10 16:6 22:16 50:18 81:2
expressions(1) 20:25
extend(3) 40:21 74:21 74:25
extended(1) 72:2
extension(2) 74:24 75:7
extent(3) 28:6 33:17 94:19
extra(1) 50:22
extraordinarily(1) 17:5
extremely(1) 82:13
face(1) 84:3
facilitate(3) 17:4 29:5 58:17
fact(15) 16:9 16:15 31:13 34:6 41:12 41:18 43:18 44:4 46:13 50:24 79:7 82:14 93:9 94:22 98:21

fact-finding(1) 59:14
facts(5) 43:5 61:4 64:2 64:2 64:24 69:7 73:25 74:2 83:4

factual(1) 62:7
failure(1) 5:13
fair(7) 26:6 58:18 61:8 61:19 69:13 70:7 78:1

fairly(3) 34:25 42:1 68:12
fairness(1) 72:11
faith(6) 25:19 30:10 30:15 43:21 77:9
fall(2) 9:11 93:16
familiar(1) 94:7
far(8) 13:24 61:16 61:16 66:1 72:15 88:24 90:15 93:23

fashion(5) 31:12 87:23 91:14 91:23 91:24
fast-forward(1) 10:5
fatally(1) 67:23
fault(1) 17:24
fear(1) 16:4
federal(1) 52:14
fee(3) 42:3 44:25 46:13
fee-related(1) 41:13
feel(4) 17:11 48:9 48:23 88:8
fees(16) 4:16 28:17 28:18 28:24 40:21 41:15 42:3 42:6 43:16 46:5 47:13 49:8 49:10 51:20 77:21 98:2

feld(3) 2:6 3:21 19:5
fell(1) 26:13
felt(4) 9:24 14:22 27:4 46:3
fertile(1) 99:23
few(3) 46:23 50:5 71:17
fiduciary(3) 63:18 63:24 69:19
figure(5) 15:2 15:2 46:19 48:13 71:12
file(28) 23:8 30:13 35:19 36:1 36:7 36:8 36:12 36:13 42:18 54:19 54:20 55:3 55:4 55:20 56:4 70:8 70:10 82:19 83:3 83:3 84:23 85:1 86:3 86:5 86:6 86:7 87:5 97:8

filed(29) 5:4 6:22 10:11 10:16 10:25 23:19 24:3 26:2 30:16 30:17 31:13 40:21 41:14 42:17 46:1 47:24 47:25 48:11 58:8 71:1 71:15 71:22 74:17 79:15 82:20 83:13 83:16 83:18 83:19

files(1) 55:16
filing(10) 24:14 29:22 39:4 41:20 49:24 71:8 74:13 74:15 75:18 85:25

filings(3) 83:6 83:6 86:2
fill(1) 60:12
final(2) 58:17 76:2
finality(1) 14:4
finally(2) 57:24 68:16
financial(4) 27:12 28:20 45:7 62:22
find(7) 5:18 6:15 26:9 26:24 30:15 33:12 65:1

fine(12) 50:10 50:12 51:13 52:4 70:24 73:18 84:7 85:16 86:19 92:13 97:20 99:21

finger(1) 2:13
finish(1) 37:16
finished(1) 11:15
firm(2) 29:10 57:7
firmly(1) 20:7
first(24) 4:14 8:4 9:2 9:12 9:16 9:20 10:11 13:18 15:15 16:23 27:2 32:12 32:20 38:20 56:21 62:11 64:25 68:1 68:24 69:4 69:11 73:25 79:3 79:4

fits(1) 84:3
five(6) 9:17 9:24 70:15 82:21 92:11 94:2
fix(1) 78:24
flawed(1) 67:23
fleshing(1) 91:22
flexibility(1) 52:20
floor(3) 1:25 2:44 77:4
focus(1) 23:6
focused(5) 21:3 21:20 91:17 94:3 94:25
focusing(1) 39:22
folks(3) 12:1 13:8 43:24
follow(2) 25:12 35:12
followed(10) 10:13 25:25
following(2) 30:21 71:14
footnote(1) 80:4

for(195) 1:2 1:22 2:4 2:20 2:26 2:40 3:4 3:11 3:20 3:27 3:31 3:36 3:40 3:44 3:48 4:5 4:15 5:23 6:7 7:2 7:16 8:11 8:19 9:24 10:4 10:7 11:11 11:18 14:2 14:8 14:11 14:18 15:17 17:15 17:16 18:13 18:21 18:22 20:14 23:6 23:21 25:5 25:23 26:5 27:13 27:15 28:8 28:9 28:12 28:17 28:17 30:1 30:1 30:3 30:18 30:20 30:21 31:6 31:21 31:25 35:17 35:23 36:2 36:3 36:6 36:24 38:3 38:7 38:14 39:5 39:11 39:12 39:13 39:24 40:5 40:18 40:18 40:20 41:7 41:7 41:20 42:18 43:13 44:25 46:1 46:9 46:13 46:21 46:23 47:12 47:18 47:19 48:3 49:3 49:9 50:17 51:14 52:10 53:16 54:17 54:22 55:2 55:5 56:18 57:15 58:18 59:19 59:21 60:9 60:10 60:20 62:19 63:1 63:3 63:16 64:7 65:2 65:22 66:15 66:22 66:23 67:24 68:2 69:10 69:18 69:18 69:19 69:20 69:23 70:9 70:12 70:25 71:6 71:7 71:8 72:2 72:21 72:22 73:1 73:5 74:13 74:22 74:22 75:1 75:6 75:13 75:15 76:1 77:2 77:13 77:20 77:24 78:2 78:8 78:8 78:15 78:22 79:1 79:12 79:13 79:13 79:16 80:10 81:3 82:11 83:17 85:1 85:13 85:21 85:24 86:8 87:5 87:19 87:19 88:23 89:3 89:16 89:20 91:4 91:22 91:25 92:7 92:11 93:21 94:14 94:18 94:23 95:25 97:23 99:2 99:3 99:17 99:20 99:24

force(2) 15:21 64:17
forced(1) 67:23
ford(2) 24:5 24:16
forebear(1) 29:22
foregoing(1) 100:7
forgive(1) 85:7
form(1) 83:20
formal(3) 9:12 10:3 39:4
former(3) 9:12 9:13 24:16
formulating(1) 59:17
forth(3) 24:13 74:4 80:13
fortunately(1) 92:24
forward(22) 7:20 13:12 20:8 20:8 28:18 31:4 34:2 41:4 44:9 44:11 47:19 50:6 54:19 79:11 80:3 88:24 89:16 89:20 89:25 90:22 92:24 95:6

forward-looking(1) 28:19
found(3) 39:12 66:22 79:2
four(7) 11:6 14:5 14:5 52:14 52:15 75:5 83:17

four-month(1) 46:16
france(2) 94:1 94:2
frankly(5) 41:10 72:16 74:9 94:25 96:17
fred(1) 3:24
french(1) 9:7
friday(1) 85:15
friends(1) 88:9
from(50) 5:1 5:8 9:13 12:21 14:13 15:3 19:13 19:14 27:20 28:6 29:22 30:8 36:23 36:24 37:10 37:20 42:9 42:10 43:9 53:7 55:18 56:25 58:16 58:25 60:10 60:13 61:24 62:17 63:17 66:24 66:25 68:5 68:12 68:18 69:23 70:16 70:20 72:8 74:18 74:25 77:8 79:4 85:11 85:25 89:21 90:17 91:6 91:11 94:8 100:8

front(4) 8:4 45:14 47:23 95:2
fruition(1) 11:7
frustrating(1) 14:8
fuel(1) 24:13
full(5) 9:17 43:10 67:5 76:22 77:11
full-day(1) 30:9
fully(6) 10:1 22:18 34:4 68:15 78:6 96:22
fulsome(3) 10:10 18:3 33:9
functions(1) 59:9
fund(4) 65:2 65:22 66:15 67:7
funded(1) 25:3

| Word | Page:Line |
|------|-----------|
| **further**(9) 10:4  31:5  38:22  43:16  44:8 51:5  69:7  79:25  95:3 | |
| **future**(1) 97:15 | |
| **gaps**(4) 39:24  59:19  59:19  63:22 | |
| **gateway**(1) 91:16 | |
| **gating**(1) 93:8 | |
| **gave**(2) 66:6  70:5 | |
| **gecko**(1) 78:13 | |
| **geico**(1) 78:13 | |
| **generally**(1) 26:23 | |
| **gentlemen**(1) 97:21 | |
| **get**(39) 7:9  9:8  11:11  12:3  14:25  18:23 19:24  19:18  20:2  21:4  25:1  27:10  34:15 35:2  37:4  37:8  37:12  38:1  38:10  38:18 39:7  41:20  49:22  50:8  52:1  61:14  62:3 68:14  71:24  74:3  77:5  78:11  79:6  85:17 89:25  95:1  97:17  98:22  99:1 | |
| **gets**(1) 34:6 | |
| **getting**(8) 7:20  9:9  20:6  60:13  65:7  81:22 91:6  92:11 | |
| **girls**(1) 51:1 | |
| **give**(16) 4:23  5:17  16:23  40:1  42:10  46:25 49:6  62:25  64:19  66:1  70:5  73:13  76:16 77:22  96:16  98:23 | |
| **given**(10) 35:17  39:3  42:5  58:21  64:5  64:6 69:13  86:11  87:24  93:4 | |
| **giving**(2) 20:14  40:9 | |
| **gloster**(3) 26:4  26:7  26:24 | |
| **goal**(1) 61:11 | |
| **goals**(1) 62:3 | |
| **goes**(6) 15:3  28:4  31:5  31:20  33:3  76:16 | |
| **going**(69) 9:22  10:15  12:8  12:14  13:1 13:12  13:25  14:1  14:12  15:1  15:23  15:24 16:2  16:11  16:14  17:14  17:20  18:5  18:9 18:23  18:24  20:15  20:21  24:23  25:1  25:3 25:12  28:18  30:18  31:5  31:8  31:14  33:4 34:2  34:3  34:5  34:24  37:5  37:14  41:4 42:15  44:9  45:2  45:22  47:18  49:3  49:7 52:10  56:11  56:18  62:12  69:20  70:4  71:2 72:12  72:19  72:21  73:9  75:8  78:15  78:21 82:25  84:13  86:16  90:2  93:2  93:5  95:1 98:9 | |
| **gone**(5) 37:22  46:14  77:8  79:2  79:11 | |
| **good**(33) 4:2  4:3  4:4  5:7  19:1  19:2  19:11 25:19  30:10  30:14  36:20  36:22  36:22 43:20  44:15  46:3  51:1  52:6  53:12  56:14 56:15  60:18  60:19  68:17  69:11  76:15  77:9 90:10  90:24  92:16  97:4  99:10  100:2 | |
| **got**(12) 5:14  6:16  6:19  6:22  9:18  11:6 12:20  18:23  37:9  43:19  63:21  72:8 | |
| **gotten**(3) 8:2  26:20  78:9 | |
| **gottlieb**(1) 1:29  5:8 | |
| **govern**(1) 62:14 | |
| **governed**(1) 62:19 | |
| **great**(6) 18:8  58:9  72:6  78:2  88:1  95:25 | |
| **greenleaf**(5) 3:11  36:24  40:18  46:21  51:1 | |
| **greenleaf's**(1) 48:6 | |
| **gross**(2) 1:18  44:17 | |
| **ground**(2) 66:14  99:23 | |
| **group**(28) 2:20  6:19  6:21  9:2  9:5  9:8  11:7 12:5  13:5  13:6  25:7  26:2  26:3  26:7  26:10 27:17  27:17  28:3  28:7  28:7  28:8  30:24 30:25  35:18  36:4  36:7  45:21  79:3 | |
| **groups**(2) 28:5  30:21 | |
| **guess**(5) 4:19  5:3  50:23  52:12  90:9 | |
| **guidance**(1) 14:18 | |
| **guidelines**(1) 80:13 | |
| **guiney**(1) 3:32 | |
| **gump**(5) 2:5  3:21  19:5  44:19  95:15 | |
| **gun**(1) 48:17 | |

| Word | Page:Line |
|------|-----------|
| **had**(96) 4:16  4:18  5:3  5:10  5:12  5:24  8:14 8:23  8:24  9:2  9:11  9:16  9:17  10:2  10:2 10:3  10:6  10:7  10:9  10:11  10:11  10:18 11:3  11:16  12:7  12:10  12:11  13:3  13:8 13:9  13:16  14:21  16:9  17:21  18:9  19:19 22:7  25:5  25:24  26:2  26:4  26:8  26:11 26:20  27:6  28:16  29:2  29:4  29:8  29:24 30:3  30:6  30:8  31:23  34:1  36:18  37:9 37:20  40:19  40:19  40:21  40:23  40:24 41:13  41:14  41:22  45:6  45:18  45:19  45:24 45:25  46:1  46:11  47:7  49:18  50:6  50:22 58:21  69:22  72:11  76:21  77:16  78:25  79:2 79:3  84:15  85:11  87:21  88:14  89:17  89:18 90:22  91:1  96:3  98:20  99:18 | |
| **hadley**(2) 2:20  3:27 | |
| **hadn't**(2) 48:11  48:11 | |
| **half**(3) 6:14  12:20  14:5 | |
| **half-hour**(1) 27:2 | |
| **hamilton**(1) 1:29 | |
| **hand**(4) 40:3  41:25  53:1  78:11 | |
| **handed**(2) 56:21  70:3 | |
| **handful**(1) 34:18 | |
| **hands**(1) 64:17 | |
| **hanging**(1) 11:8 | |
| **happen**(7) 20:9  20:22  31:22  34:2  43:25 57:20  74:6 | |
| **happened**(10) 10:6  11:1  15:5  42:12  68:19 81:5  81:7  90:7  90:24  91:13 | |
| **happening**(3) 37:4  72:12  85:24 | |
| **happens**(1) 72:19 | |
| **happy**(14) 39:14  39:24  43:10  43:22  44:2 44:6  49:22  50:7  55:22  60:3  68:25  80:9 85:12  95:8 | |
| **hard**(5) 41:11  56:23  57:3  58:13  69:5 | |
| **harrisburg**(1) 1:39 | |
| **has**(41) 4:9  5:4  14:5  15:8  15:16  16:3 18:16  21:7  21:8  22:8  24:20  27:1  27:4 28:19  31:7  31:19  33:25  35:7  41:8 43:7  43:11  43:22  44:4  46:14  57:1  59:9 64:19  66:7  66:11  67:6  71:25  74:6  77:14 77:19  79:11  80:6  81:6  81:7  84:23  89:23 | |
| **hasn't**(3) 43:10  58:7  82:2 | |
| **hate**(2) 49:23  76:15 | |
| **hauer**(3) 2:5  3:21  19:5 | |

| Word | Page:Line |
|------|-----------|
| **have**(211) 5:12  5:23  5:24  6:10  6:12  7:22 9:25  13:12  13:13  13:15  13:23  14:12  14:17 15:1  15:2  15:2  15:3  15:10  17:4  17:11 17:15  17:19  17:21  17:25  18:2  18:3  18:24 20:2  20:5  20:19  20:20  20:25  21:3  21:5 21:7  21:9  22:4  22:4  22:5  22:22  23:4  23:24 23:15  24:2  24:3  24:25  25:12  25:17  25:21 25:22  26:22  27:13  27:14  27:20  27:21 27:22  27:23  28:2  28:5  28:16  28:21  28:23 30:3  30:16  30:18  31:9  31:22  32:1  32:3  32:5  32:8  32:13  32:19  32:22  33:5 33:7  33:7  33:8  33:9  33:11  33:16  34:4  35:1 37:17  37:18  37:20  37:21  38:3  38:8  38:13 38:16  39:12  40:5  40:11  40:13  41:5  42:7 42:15  43:5  43:7  43:9  43:15  43:20  43:24 43:25  43:25  44:8  45:5  45:18  45:23  46:3 46:8  46:10  46:22  46:23  46:24  46:24  47:22 47:25  48:7  49:24  50:4  50:7  50:9  50:18 51:2  52:2  52:9  52:10  52:12  53:2  55:7 55:9  55:14  55:18  55:22  56:1  57:3  57:7 57:24  61:6  61:21  61:23  61:23  64:5  64:13 64:14  65:11  66:1  68:6  68:21  69:24  70:11 71:2  71:4  71:19  72:21  73:2  73:4  73:17 75:15  77:1  77:1  77:13  77:16  77:16  77:18 77:23  78:2  78:10  78:22  78:25  79:15  79:15 79:20  79:24  80:9  81:2  81:20  82:16  82:20 83:14  83:24  84:3  85:4  87:7  87:7  87:18 88:18  88:20  88:21  88:22  91:20  91:25  92:7 92:13  93:6  94:22  95:22  96:3  96:23  97:2 98:23  99:21 | |
| **haven't**(13) 17:18  28:9  28:10  33:22  33:23 42:17  46:11  49:18  73:22  78:6  81:8  87:10 88:14 | |
| **having**(18) 9:9  10:14  13:16  14:16  27:5 31:8  45:7  46:4  58:8  59:11  59:17  69:8 75:21  83:9  85:5  85:12  89:7  93:12 | |
| **heading**(1) 13:9 | |
| **headway**(1) 89:25 | |
| **health**(1) 61:24 | |
| **healthcare**(1) 78:19 | |
| **hear**(9) 24:6  39:7  39:15  58:25  60:10 70:16  73:11  100:1  100:1 | |
| **heard**(12) 19:14  40:20  56:25  58:9  58:23 59:22  62:10  65:10  68:18  74:19  76:6  81:9 | |
| **hearing**(28) 12:7  12:9  16:6  29:2  29:20 32:8  32:22  36:14  39:5  47:8  52:9  52:12 56:6  59:14  71:24  74:14  74:17  74:19  74:21 74:22  75:11  75:21  81:24  82:25  92:1  92:12 97:14  100:5 | |
| **hears**(1) 19:13 | |
| **heaven**(1) 72:17 | |
| **held**(3) 74:14  74:18  76:3 | |
| **help**(3) 29:5  44:7  98:9 | |
| **helpful**(10) 5:22  17:4  35:13  35:14  54:7 71:18  82:23  84:11  86:15  99:10 | |
| **here**(35) 4:5  4:20  6:2  6:13  10:11  13:2 14:19  17:6  18:12  19:9  21:22  21:22  29:25 34:3  34:12  37:16  37:18  38:17  39:4  54:1 54:18  59:21  60:8  61:23  63:19  71:14  72:3 73:21  79:12  83:23  86:11  88:6  88:7  88:12 95:16 | |
| **here's**(3) 41:6  54:3  66:17 | |
| **hesitation**(1) 43:15 | |
| **he's**(1) 58:15 | |
| **high**(1) 11:4 | |
| **highly**(2) 15:16  29:16 | |
| **him**(1) 60:10 | |
| **himself**(1) 18:4 | |
| **his**(6) 19:21  26:7  37:7  57:4  58:15  79:10 | |
| **historical**(1) 23:15 | |
| **historically**(1) 60:1 | |
| **history**(1) 31:17 | |
| **hoc**(4) 3:27  26:3  37:13  45:20 | |

| Word | Page:Line |
|------|-----------|
| **hodara**(2) 3:24  19:9 | |
| **hold**(1) 30:5 | |
| **holiday**(1) 52:14 | |
| **home**(2) 57:19  57:22 | |
| **hondo**(2) 3:40  3:41 | |
| **honest**(1) 50:23 | |
| **honestly**(1) 50:2 | |
| **honor**(154) 4:4  4:7  4:9  4:13  4:22  5:7  5:10 6:6  6:10  7:1  7:17  9:14  10:14  11:17  11:20 12:10  13:2  13:14  14:3  14:6  14:17  14:23 15:5  15:13  16:23  17:15  17:21  19:1  19:13 19:14  19:17  20:3  20:13  22:19  23:6  23:9 23:16  23:18  27:18  28:17  29:1  30:2  32:7 33:9  33:11  34:10  35:1  35:12  35:16  36:9 36:21  37:2  38:21  39:1  39:15  39:20  39:25 40:7  40:9  40:17  40:19  42:13  43:16  44:4 44:14  45:15  45:24  47:1  48:18  49:21  51:10 52:5  52:20  53:2  53:9  53:12  53:16  54:8 54:14  55:12  56:4  56:21  57:7  58:20  59:14 59:24  60:7  60:10  60:14  60:19  61:3  61:9 61:22  62:2  62:25  63:10  64:9  65:3  65:10 66:11  67:10  67:20  69:1  69:16  70:1  70:5 70:12  70:13  70:18  71:7  71:11  73:13  75:19 75:23  76:18  78:11  79:19  80:15  80:23  81:6 81:8  81:12  81:18  81:20  82:5  83:7  84:10 85:3  86:24  87:21  88:11  89:19  90:18  91:22 92:3  92:18  92:20  93:11  93:22  94:8  94:20 95:9  95:14  95:19  96:8  96:20  96:21  97:5 97:8  97:12  97:16  97:22  99:6  100:3 | |
| **honorable**(1) 1:18 | |
| **honors**(1) 15:2 | |
| **honor's**(3) 32:9  47:2  93:7 | |
| **hope**(6) 7:7  34:9  34:15  49:6  51:4  96:1 | |
| **hopeful**(2) 37:11  38:9 | |
| **hopefully**(6) 37:25  38:13  44:3  51:6  52:1 99:23 | |
| **hoping**(1) 38:12 | |
| **horse**(1) 10:3 | |
| **hours**(3) 14:2  39:8  57:15 | |
| **how**(23) 9:10  11:11  16:1  17:7  21:4  25:1 36:21  37:21  41:11  53:11  60:13  64:3  65:24 68:13  71:12  71:12  71:15  74:5  74:6  77:14 86:18  90:25  97:17 | |
| **however**(5) 26:2  61:18  62:21  82:16  85:3 | |
| **hubbard**(1) 2:34 | |
| **hughes**(1) 2:34 | |
| **hundred**(2) 6:12  68:15 | |
| **hundreds**(1) 66:3 | |
| **hungry**(1) 58:3 | |
| **i-n**(1) 60:24 | |
| **idea**(3) 45:25  89:6  90:24 | |
| **identified**(1) 66:3 | |
| **identify**(2) 36:4  66:21 | |
| **impasse**(1) 29:4 | |
| **impediments**(1) 72:18 | |
| **implicit**(1) 72:15 | |
| **import**(1) 24:11 | |
| **importance**(2) 54:5  72:7 | |
| **important**(10) 7:20  14:22  23:23  33:17 39:9  55:11  73:24  76:24  80:10  95:18 | |
| **impossible**(1) 21:14 | |
| **inaccurately**(1) 81:6 | |
| **inc**(1) 1:7 | |
| **inch**(1) 84:18 | |
| **inclined**(1) 44:5 | |
| **included**(2) 41:8  89:9 | |
| **including**(4) 16:18  25:11  57:5  94:6 | |
| **inconsistent**(1) 16:4 | |
| **incorporated**(1) 5:9 | |
| **incorrect**(2) 68:25  68:25 | |
| **increase**(1) 49:25 | |
| **increasing**(3) 4:15  42:11  45:21 | |
| **incredibly**(1) 42:19 | |
| **indeed**(4) 19:13  31:17  83:8  95:25 | |
| **indefinitely**(1) 62:21 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **indicate**(1) 15:20 | | **it's**(78) 6:6 7:19 8:1 8:4 8:17 9:8 14:8 | | **know**(88) 5:2 10:13 11:11 11:12 13:8 14:9 | | **like**(31) 8:1 12:15 12:23 15:5 16:17 23:6 | |
| **indicated**(1) 13:8 | | 14:12 14:16 15:17 16:11 16:15 16:16 | | 14:23 15:6 15:15 15:20 15:22 16:1 16:3 | | 34:13 34:19 37:18 38:16 38:18 41:23 42:2 | |
| **indicates**(2) 15:20 43:20 | | 16:18 17:14 17:20 18:5 18:10 18:13 18:15 | | 16:25 17:9 17:10 17:20 18:2 18:6 18:6 | | 42:5 49:15 51:10 53:19 54:4 60:9 62:8 | |
| **indiscernible**(1) 65:6 | | 20:24 21:25 22:7 23:14 23:22 24:14 24:24 | | 20:24 20:25 31:20 33:18 34:4 34:16 34:20 | | 70:7 70:15 79:17 80:8 80:14 80:24 85:14 | |
| **individual**(1) 21:18 | | 26:19 30:19 30:20 30:21 31:8 33:24 34:5 | | 35:7 37:3 39:4 39:21 40:13 41:16 41:17 | | 91:21 92:20 96:19 96:20 | |
| **individuals**(5) 55:16 58:9 58:18 66:3 77:15 | | 52:13 53:17 53:19 53:20 56:9 58:10 61:16 | | 44:4 46:21 47:1 49:4 50:2 50:22 52:18 | | |
| **inform**(2) 55:6 62:8 | | 68:5 70:12 70:24 70:24 71:11 72:20 72:20 | | 53:10 53:23 56:8 59:13 61:4 61:9 64:9 | | **likely**(2) 64:5 64:8 |
| **informal**(3) 8:23 8:24 9:10 | | 73:24 75:7 76:24 78:5 78:12 78:23 79:11 | | 65:23 65:24 66:19 69:1 69:17 70:4 71:6 72:4 | | **limit**(2) 42:3 94:5 |
| **information**(6) 37:3 59:19 66:1 66:6 80:2 | | 79:15 80:10 82:22 83:2 86:16 87:10 88:11 | | 67:13 68:13 69:1 69:17 70:4 71:6 72:4 | | **limitations**(1) 45:5 |
| 99:9 | | 91:20 92:16 93:3 93:23 93:24 94:8 98:5 | | 72:11 72:18 72:20 72:25 73:7 75:13 76:18 | | **limited**(2) 33:5 93:9 |
| | | 98:5 | | 77:14 78:1 78:15 78:17 80:18 82:23 83:13 | | **limits**(4) 3:16 94:22 95:7 |
| **informed**(2) 10:14 33:25 | | | | 85:7 86:14 87:2 88:24 90:6 90:10 91:7 | | **line**(4) 12:12 37:16 78:10 79:24 |
| **infrastructure**(1) 8:14 | | **i'd**(8) 23:6 37:17 49:23 54:4 60:9 62:8 | | 96:2 96:11 96:11 97:11 98:21 | | **lined**(1) 97:10 |
| **ingersoll**(1) 3:4 | | 70:15 96:12 | | | | **lines**(1) 55:15 |
| **input**(1) 89:5 | | | | **knowing**(1) 94:17 | | **liquidation**(1) 63:10 |
| **insistent**(1) 76:5 | | **i'll**(22) 4:22 6:4 16:14 35:1 35:6 41:9 | | **known**(1) 24:4 | | **liquidator**(1) 9:7 |
| **insisting**(1) 58:24 | | 51:21 52:11 52:13 52:14 52:15 54:3 57:21 | | **knows**(1) 28:17 | | **lisa**(3) 2:8 3:37 44:17 |
| **instance**(1) 75:13 | | 64:24 70:16 71:21 73:11 79:7 83:2 91:12 | | **kraidin**(1) 3:37 | | **listen**(1) 88:16 |
| **instruct**(1) 44:8 | | 92:6 97:2 | | **lack**(1) 72:9 | | **listening**(1) 18:12 |
| **instructions**(3) 88:18 88:20 90:17 | | **i'm**(36) 6:4 12:19 15:24 16:8 16:13 16:14 | | **land**(1) 51:17 | | **lists**(4) 36:13 36:14 56:5 56:5 |
| **instructive**(1) 98:9 | | 30:18 34:4 37:5 43:22 44:1 48:6 52:9 | | **landing**(2) 26:9 26:25 | | **litany**(1) 27:3 |
| **insurable**(2) 62:2 62:4 | | 52:10 52:11 53:20 56:9 56:18 68:25 71:4 | | **landscape**(1) 26:12 | | **literally**(2) 24:6 33:15 |
| **insurance**(16) 26:9 26:25 27:2 27:4 30:22 | | 73:5 73:7 73:9 75:23 75:25 81:19 83:7 | | **language**(6) 25:9 25:14 25:14 54:4 76:5 | | **litigate**(5) 31:25 64:17 69:12 77:22 95:22 |
| 40:14 59:25 60:2 61:23 61:24 62:11 78:12 | | 85:7 85:10 85:12 86:1 87:18 88:19 88:24 | | 76:11 | | **litigating**(1) 61:20 |
| 79:1 79:5 79:6 81:5 | | 92:2 95:13 | | | | **litigation**(18) 21:1 24:13 26:12 31:19 |
| | | | | **large**(4) 8:2 24:15 34:3 41:16 | | 37:14 41:3 44:7 45:25 46:9 46:19 46:24 |
| **insure**(1) 78:13 | | **i've**(6) 35:16 48:17 53:19 71:11 82:23 | | **largely**(1) 55:22 | | 48:1 48:2 48:4 56:20 67:24 74:7 98:11 |
| **intended**(1) 64:19 | | **james**(3) 1:30 5:7 20:13 | | **largest**(2) 21:6 93:23 | | |
| **intends**(1) 62:20 | | **january**(3) 5:25 10:7 77:12 | | **laser-focused**(1) 30:23 | | **little**(18) 4:23 18:16 22:5 23:15 23:15 |
| **intention**(1) 78:10 | | **jaws**(1) 9:21 | | **last**(14) 8:7 8:8 16:6 27:3 53:4 55:21 57:5 | | 27:19 28:23 33:3 37:18 38:16 47:6 48:17 |
| **interaction**(1) 23:24 | | **job**(1) 77:13 | | 57:6 65:11 67:20 72:1 75:4 89:23 90:7 | | 48:21 50:22 52:17 60:13 61:9 70:25 |
| **interchangeably**(1) 87:3 | | **jobs**(2) 27:22 77:16 | | | | |
| **interest**(3) 61:13 75:1 88:16 | | **john**(1) 2:28 | | **lasted**(2) 11:6 37:10 | | **live**(1) 57:11 |
| **interested**(1) 74:19 | | **joint**(9) 8:17 8:18 9:7 11:21 88:19 88:21 | | **lastly**(1) 82:11 | | **llp**(3) 1:22 2:48 3:36 |
| **interesting**(2) 74:3 80:24 | | 89:3 89:18 99:18 | | **late**(2) 71:8 73:7 | | **local**(1) 92:11 |
| **interests**(2) 14:4 74:24 | | | | **later**(4) 13:23 74:14 74:16 86:16 | | **locate**(2) 33:16 33:23 |
| **interfere**(1) 89:22 | | **jointly**(1) 1:6 | | **latest**(2) 64:5 67:10 | | **located**(1) 33:14 |
| **interim**(2) 46:3 47:3 | | **joke**(1) 6:3 | | **laughter**(6) 18:19 53:22 53:25 57:23 79:9 | | **long**(7) 12:7 30:9 31:24 34:8 78:16 82:17 |
| **interlineations**(2) 87:21 87:22 | | **jokes**(1) 6:5 | | 99:25 | | 83:24 |
| **international**(1) 17:5 69:25 | | **judge**(10) 1:18 1:19 9:13 9:19 18:21 44:17 | | | | **long-term**(19) 4:14 5:4 6:19 23:5 23:14 |
| **internet**(1) 13:21 | | 56:15 73:8 86:19 99:24 | | **law**(12) 3:31 31:10 43:3 57:7 62:22 63:12 | | 27:19 27:25 28:7 28:11 28:14 29:3 32:11 |
| **interrelate**(1) 22:2 | | | | 76:20 76:22 77:5 94:17 94:18 95:8 | | 32:12 32:14 32:18 36:4 36:24 36:24 98:1 |
| **into**(30) 8:1 14:7 19:18 28:7 28:8 32:19 | | **july**(4) 23:8 30:14 45:13 57:6 | | | | |
| 33:3 34:6 42:6 42:22 43:13 45:2 46:16 | | **jump**(1) 19:7 | | **lawyer**(2) 26:4 29:15 | | **longer**(3) 31:6 46:15 75:5 |
| 58:12 59:2 59:7 62:7 65:7 67:16 73:3 | | **jumped**(1) 48:17 | | **lawyers**(1) 41:11 | | **look**(5) 4:8 13:11 18:15 69:25 71:18 |
| 74:3 75:25 76:11 77:1 79:7 80:8 84:2 84:3 | | **june**(13) 12:7 12:8 12:22 23:17 26:17 | | **lay**(3) 5:17 95:10 96:14 | | **looked**(4) 9:20 46:4 69:22 91:18 |
| 93:17 95:8 | | 26:21 30:3 30:14 45:13 68:24 76:20 77:4 | | **layn**(1) 9:12 | | **looking**(10) 35:11 41:11 52:12 53:16 71:23 |
| | | 77:8 | | **layton**(1) 2:13 | | 71:24 85:8 93:6 93:7 97:13 |
| **introduction**(2) 65:4 79:19 | | **jurisdiction**(1) 21:10 | | **lead**(1) 53:15 | | |
| **introductory**(1) 13:19 | | **just**(59) 6:6 6:6 8:6 8:17 12:3 14:1 14:19 | | **leading**(1) 91:17 | | **lost**(3) 24:19 77:13 95:19 |
| **invited**(1) 13:22 | | 16:25 18:6 19:6 19:12 22:3 22:3 23:4 | | **lease**(1) 78:17 | | **lot**(17) 4:9 5:14 13:3 16:11 16:15 16:16 |
| **involve**(1) 39:20 | | 23:16 27:7 31:21 34:5 35:3 43:25 44:7 | | **least**(8) 18:14 42:10 49:16 54:18 71:23 | | 26:23 27:14 34:12 37:2 41:17 41:19 41:24 |
| **involved**(3) 16:3 16:16 16:21 | | 44:22 45:14 46:12 46:25 48:9 48:13 50:19 | | 74:11 74:20 98:3 | | 42:17 46:11 70:1 71:25 |
| **ireland**(1) 94:2 | | 50:22 53:1 54:4 56:2 56:18 56:21 61:7 | | | | |
| **isn't**(7) 37:15 59:15 70:6 70:7 75:18 78:1 | | 61:21 62:2 62:6 63:11 66:16 67:7 68:25 | | **leave**(2) 20:18 79:7 | | **lots**(4) 8:14 21:16 21:16 75:12 |
| 83:22 | | 70:23 71:5 73:14 73:19 75:18 76:2 78:1 | | **leaving**(1) 90:3 | | **loudly**(1) 13:7 |
| | | 78:23 86:2 87:1 87:5 87:14 87:22 89:7 | | **led**(1) 43:12 | | **love**(2) 58:10 88:8 |
| **issue**(21) 8:12 15:25 16:3 26:12 27:3 38:3 | | 90:3 92:7 93:11 | | **left**(2) 66:5 95:5 | | **loyally**(1) 58:19 |
| 38:8 46:22 52:2 60:4 61:23 65:19 66:24 | | | | **legal**(6) 8:25 26:12 63:16 78:4 91:15 94:4 | | **ltd**(22) 3:11 6:21 29:24 30:10 30:21 32:5 |
| 68:19 68:20 72:1 79:23 89:15 91:20 92:21 | | **justice**(20) 9:14 11:18 12:10 12:13 12:21 | | **length**(1) 32:22 | | 35:3 35:6 35:8 35:18 36:6 36:8 36:11 |
| 97:17 | | 12:22 13:1 13:17 13:18 14:2 15:8 15:10 | | **lengthy**(2) 26:15 96:24 | | 40:18 47:25 54:25 55:14 78:3 84:22 85:1 |
| | | 17:16 17:22 18:13 18:16 18:17 18:17 | | **less**(6) 25:11 26:18 28:22 28:24 64:11 | | 85:4 87:3 |
| **issued**(3) 7:17 14:6 24:7 | | 74:24 75:1 | | **let**(10) 14:23 16:25 35:2 57:22 63:23 67:1 | | |
| **issues**(52) 5:20 6:16 7:11 7:22 8:2 21:1 | | | | 71:13 71:17 90:3 91:12 | | **ltd'ers**(1) 30:24 |
| 21:11 21:17 22:21 37:20 39:22 40:13 41:7 | | **kate**(1) 2:42 | | | | **luck**(1) 24:2 |
| 42:1 42:19 42:20 57:2 59:19 60:2 61:10 | | **kathleen**(1) 3:5 | | **lets**(1) 84:2 | | **luke**(1) 1:31 |
| 62:7 70:2 71:18 71:20 71:20 71:25 73:6 | | **keep**(4) 39:8 50:23 87:11 99:2 | | **letter**(3) 4:8 66:23 66:25 | | **lump**(1) 67:2 |
| 75:12 75:14 76:25 79:16 79:18 81:13 | | **kelly**(1) 100:13 | | **let's**(3) 59:21 73:10 82:20 | | **luxury**(1) 44:1 |
| 81:13 86:8 87:11 91:5 91:6 91:15 91:16 | | **kept**(2) 15:7 42:15 | | **level**(1) 75:6 | | **m-i-l-i-n**(1) 60:23 |
| 92:22 92:25 93:4 93:8 94:4 94:7 94:20 | | **kevin**(1) 1:18 | | **levin**(6) 29:9 29:14 30:7 30:13 57:4 57:21 | | **m-i-l-o-n**(1) 60:22 |
| 95:8 95:17 95:21 95:23 96:25 | | **key**(2) 34:17 41:6 | | **liabilities**(2) 8:10 24:19 | | **made**(19) 9:18 9:25 11:8 11:17 25:6 26:13 |
| | | **kind**(6) 9:16 33:3 42:22 48:3 53:19 61:3 | | **liability**(6) 11:14 91:8 91:10 93:12 93:13 | | 29:5 33:8 48:25 55:15 64:11 65:5 69:9 |
| **item**(2) 4:14 63:11 | | 87:2 87:9 91:1 | | 93:17 | | 73:1 73:17 76:19 77:7 78:3 78:4 |
| **its**(7) 24:7 24:9 24:19 31:9 57:2 64:4 92:8 | | | | | | |
| **itself**(4) 29:18 47:10 51:16 75:17 | | **kindly**(1) 7:1 | | **liberty**(1) 1:32 | | **mail**(1) 78:14 |
| | | **kinds**(1) 66:16 | | **life**(1) 61:23 | | **main**(2) 32:3 93:1 |
| | | **king**(3) 2:16 2:30 2:44 | | **lift**(1) 44:5 | | **maintaining**(1) 31:6 |
| | | **knew**(4) 11:1 11:2 50:19 50:20 | | **light**(4) 24:8 58:20 87:20 94:3 | | **major**(1) 79:4 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| make(29) 6:4 7:10 7:23 16:7 16:13 17:15 19:12 20:9 20:23 22:4 25:19 35:2 35:8 35:23 38:5 54:5 57:12 61:3 61:21 65:1 65:22 66:15 81:10 82:11 82:15 86:16 87:14 87:22 91:21 | | messy(1) 92:23 met(2) 35:19 69:4 methods(1) 70:1 microphone(4) 64:20 64:21 64:22 75:25 middle(1) 12:17 might(12) 8:10 10:2 18:22 33:10 33:21 35:8 65:19 71:18 74:8 89:22 95:21 96:1 | | motion(89) 4:15 5:4 6:22 7:10 9:15 10:16 11:17 12:4 17:15 23:9 23:11 23:12 23:19 24:3 24:7 24:10 24:14 26:14 26:17 26:20 29:5 29:23 30:13 35:19 35:25 36:7 38:9 40:10 40:20 41:16 41:20 44:2 46:1 46:2 46:6 47:7 47:13 47:17 47:25 48:11 48:13 54:20 55:3 58:8 58:22 58:24 61:5 61:9 61:18 61:20 62:8 62:10 62:11 62:17 63:12 63:14 63:16 64:1 64:20 64:24 65:14 65:15 65:21 66:12 67:11 67:22 69:12 70:8 71:15 72:8 72:12 73:21 74:17 75:18 76:5 76:6 76:20 77:2 78:1 80:4 81:3 81:10 82:8 82:9 83:14 87:5 87:9 94:8 | | night(3) 12:18 37:11 55:21 nine(1) 14:11 nnuk(2) 93:22 94:2 nobody(1) 25:8 non-union(1) 25:8 none(1) 52:11 noon(1) 37:10 nor(1) 63:5 normal(1) 91:1 nortel(11) 1:7 4:5 5:8 20:14 26:22 31:6 31:7 62:19 63:9 66:25 77:12 |
| makes(5) 25:15 62:4 92:5 95:16 97:20 making(6) 8:25 21:21 68:23 69:10 86:12 95:20 | | migration(1) 28:6 milbank(2) 2:20 3:27 milin(41) 56:11 56:19 59:1 60:9 60:18 60:19 60:20 60:23 60:25 61:3 65:8 65:9 65:10 65:13 65:16 65:19 66:9 66:11 66:14 70:14 73:13 73:25 76:3 79:7 80:1 80:22 80:23 81:19 81:21 82:1 82:5 83:24 84:6 84:7 85:18 85:20 86:1 86:3 86:7 86:18 86:22 | | | | nortel's(1) 63:8 north(2) 1:25 2:30 northeast(1) 57:9 not(113) 4:18 5:6 8:17 11:11 12:19 13:3 13:4 13:14 13:18 14:15 14:16 15:1 15:4 15:6 15:10 15:23 18:10 18:17 19:9 21:7 21:14 23:19 23:23 23:24 25:13 25:17 25:24 26:25 27:20 28:2 28:2 28:19 30:13 30:16 30:18 31:14 32:5 33:9 34:11 37:5 37:15 37:15 41:25 42:17 42:20 43:3 46:20 47:3 48:5 48:5 48:8 48:13 48:23 50:14 51:19 54:1 55:17 56:9 61:25 62:14 62:25 63:13 64:15 64:22 66:16 67:23 68:8 68:18 69:16 69:17 69:17 70:12 70:12 71:20 72:12 72:17 73:9 74:14 74:16 74:22 75:16 75:21 75:22 76:6 77:12 77:21 78:12 78:18 78:23 79:25 80:12 80:17 80:25 81:10 81:11 81:12 81:13 81:23 82:8 82:13 82:23 86:13 87:10 87:13 88:24 90:1 92:2 93:1 93:10 94:24 97:1 97:13 99:3 |
| management(2) 3:49 3:49 manhattan(1) 2:22 manner(2) 78:7 95:24 manufacturer(1) 24:16 many(10) 5:11 7:13 14:19 59:8 61:25 62:1 66:4 88:23 91:7 91:11 | | milinski(1) 60:25 milin's(2) 71:13 76:19 million(16) 6:12 26:18 26:22 28:24 64:24 68:7 77:1 77:2 77:6 77:7 77:8 77:11 77:18 77:20 78:25 78:25 | | | | |
| march(2) 7:18 89:18 market(3) 1:11 1:25 3:6 marketed(1) 10:1 marketing(1) 10:1 marsal(1) 28:21 material(1) 94:25 materiality(2) 93:22 94:4 | | millions(2) 66:4 66:22 mind(3) 84:14 92:24 95:19 minds(1) 5:13 minimum(3) 77:3 78:21 85:22 missed(1) 75:23 missing(1) 33:21 | | motions(15) 23:9 30:17 30:17 31:13 39:4 41:3 41:13 42:17 42:18 43:14 49:24 71:1 71:8 79:15 91:18 motor(2) 24:5 24:16 move(16) 18:10 20:8 20:8 28:8 52:11 54:14 59:23 67:22 71:16 85:20 85:25 86:2 87:24 88:3 88:23 92:24 | | note(7) 23:23 31:12 55:12 70:5 76:2 85:3 85:6 noted(1) 5:4 nothing(8) 55:10 63:9 65:23 77:5 77:17 81:2 81:10 85:23 |
| materials(4) 33:12 33:13 33:14 33:20 matter(5) 24:11 24:12 44:24 52:22 100:9 matters(7) 29:6 31:18 32:1 52:10 71:4 72:6 97:23 | | misstatements(1) 62:10 mistake(1) 93:21 modification(4) 67:15 68:2 68:8 68:10 modifications(1) 68:3 modified(1) 82:19 modifying(1) 74:13 moment(7) 5:23 23:6 56:18 58:25 59:21 60:9 60:10 | | moved(2) 8:15 28:12 movement(1) 41:19 movie(1) 9:21 moving(7) 14:25 48:23 72:17 85:10 89:16 89:20 90:22 much(17) 4:13 7:8 11:11 11:16 20:24 38:10 46:15 50:3 53:11 60:20 65:24 68:13 73:12 77:14 85:17 94:25 100:3 | | notice(1) 74:20 notwithstanding(3) 30:4 30:11 31:12 november(15) 9:11 9:17 32:9 32:16 36:14 36:15 52:9 53:17 53:18 54:6 56:5 56:6 73:23 79:8 87:18 |
| matthew(1) 3:50 matz(1) 2:21 maximum(1) 7:12 may(27) 10:5 10:5 10:6 11:20 21:14 23:16 24:25 29:1 29:25 33:21 44:23 49:8 49:9 53:7 55:17 55:17 57:7 65:11 68:14 73:4 73:16 74:19 74:21 81:13 83:1 86:13 91:16 | | moments(1) 5:16 monday(3) 31:23 71:15 85:16 money(4) 16:16 16:17 41:10 41:15 monies(1) 31:9 monitor(1) 9:5 monitoring(1) 72:25 month(10) 10:22 13:2 13:22 13:23 26:19 77:19 78:18 78:18 78:23 78:25 89:24 | | multi(1) 64:23 multi-national(1) 19:16 multiple-entity(1) 14:1 murphy(1) 3:5 must(4) 62:8 67:22 68:9 68:16 myself(1) 53:20 named(1) 26:4 narrow(2) 7:10 42:20 | | now(42) 12:23 13:1 18:15 20:23 21:25 23:22 27:23 28:8 30:24 33:4 33:19 41:1 41:22 42:11 46:19 49:4 49:7 55:10 58:24 60:1 61:7 62:5 63:6 63:9 64:23 66:7 68:8 68:18 68:23 69:10 72:15 76:18 78:10 79:11 79:14 81:16 82:6 83:11 84:22 87:17 87:17 87:19 |
| maybe(9) 4:22 17:25 21:25 50:8 69:6 70:15 75:20 84:25 87:21 | | month-after-month(1) 77:18 months(14) 5:15 12:23 14:5 14:5 14:8 14:10 21:6 23:18 23:18 26:19 49:3 49:3 50:5 88:12 moore(1) 29:10 morawetz(11) 9:14 11:18 12:11 12:14 12:21 15:9 15:11 17:16 17:22 18:13 18:16 | | nature(1) 72:10 near(1) 8:7 nearly(2) 5:25 6:13 necessarily(2) 22:11 91:11 necessary(10) 39:19 62:24 63:2 63:5 63:12 67:15 68:3 68:4 68:6 68:8 | | nowhere(1) 72:5 number(16) 5:19 6:16 7:18 8:2 11:4 30:6 31:1 32:1 55:14 58:9 58:23 64:6 67:2 81:16 89:18 93:4 |
| mccarter(1) 2:41 mccloy(2) 2:20 3:27 mean(13) 15:22 16:19 16:20 31:13 33:22 39:15 52:7 64:1 73:15 81:25 83:20 96:5 96:12 meaning(1) 25:17 means(3) 32:19 33:22 64:3 meanwhile(1) 46:20 mediate(2) 9:3 48:10 mediated(2) 15:1 20:1 mediation(45) 5:3 5:6 9:12 9:16 9:20 10:4 11:2 11:9 11:17 12:15 12:25 14:15 15:21 15:23 18:7 29:7 30:4 30:7 37:23 39:22 39:23 41:20 42:16 50:6 55:14 57:6 57:15 58:13 59:6 59:11 59:20 68:24 69:4 69:5 69:7 72:3 81:1 81:5 81:9 88:17 88:19 89:21 89:23 90:5 90:7 | | more(37) 7:2 7:9 10:7 10:25 17:15 17:11 17:13 17:14 18:3 18:22 25:11 26:18 26:22 28:4 28:4 33:1 38:16 38:19 41:10 43:4 43:22 44:2 45:15 46:22 49:22 50:7 50:17 58:11 60:13 61:23 62:19 63:4 76:16 76:18 94:25 99:24 | | needed(1) 72:5 needs(2) 20:8 21:12 34:2 56:10 61:9 69:1 negotiate(2) 49:14 59:21 negotiated(2) 45:6 87:8 negotiating(1) 71:19 negotiations(7) 33:25 44:24 65:4 66:8 79:20 80:3 80:7 neighborhood(1) 31:1 neil(2) 2:49 56:15 networks(2) 1:7 5:9 never(7) 24:21 53:19 57:22 63:21 64:12 72:7 78:9 nevertheless(1) 9:23 new(11) 1:33 2:10 2:23 2:37 2:51 27:22 29:12 30:7 57:12 71:20 81:12 next(10) 10:5 32:11 47:24 55:6 57:20 92:1 97:19 nicely(3) 97:1 97:1 97:1 nichols(1) 1:22 | | numbers(1) 6:21 object(3) 65:3 75:22 79:19 objected(1) 79:24 objection(9) 26:2 42:9 48:12 51:6 51:16 70:10 81:20 83:10 85:25 objections(7) 35:21 36:7 47:8 47:19 54:23 55:3 83:16 objects(1) 75:20 obligations(2) 11:13 78:7 observe(2) 59:6 59:25 observed(2) 57:18 59:8 obtain(1) 56:25 obviously(22) 11:5 32:8 38:16 39:5 39:10 39:14 39:16 42:4 42:9 45:19 45:22 46:17 47:1 48:1 49:18 55:17 67:23 72:25 87:17 90:12 98:20 98:23 |
| mediations(4) 11:5 14:9 23:4 80:11 mediator(25) 9:15 12:16 15:19 15:20 18:4 18:4 18:20 19:19 20:20 29:5 29:9 29:9 30:5 37:10 43:7 43:9 57:4 58:7 58:15 58:16 76:4 79:13 79:21 81:11 89:1 | | morning(17) 4:2 4:3 4:4 5:7 19:1 19:2 36:20 36:22 44:15 56:14 56:15 58:10 58:23 59:22 60:18 60:19 88:16 morris(1) 1:22 most(5) 20:20 31:18 34:18 46:2 58:11 | | | | occasion(1) 88:14 occasionally(1) 5:12 |
| mediators(1) 57:18 mediator's(3) 22:5 22:8 57:7 medical(8) 23:12 23:22 23:25 24:10 25:7 26:5 29:3 76:25 medication(1) 15:18 meet(2) 14:10 79:5 meeting(7) 5:13 13:15 13:17 13:23 26:7 79:3 79:4 meetings(5) 9:2 11:15 15:4 27:3 69:7 meets(1) 52:8 members(2) 57:11 57:14 mention(5) 51:21 64:25 80:7 83:11 mentioned(5) 26:24 32:13 58:5 82:12 89:6 message(2) 16:11 18:7 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| occasions(1) 87:25 | | our(77) 6:16 7:7 7:24 8:8 8:9 9:7 9:11 9:16 9:25 10:18 11:13 11:17 12:17 13:7 13:12 14:14 15:5 16:6 21:23 22:19 24:14 25:16 27:21 27:22 29:4 29:8 30:16 34:7 34:15 37:9 37:20 38:6 38:7 39:19 40:21 42:18 42:18 43:14 43:16 43:23 43:23 44:10 44:11 44:24 48:14 50:19 50:23 54:20 55:7 56:8 57:11 57:13 58:16 61:11 62:2 62:3 64:17 64:18 66:2 67:20 68:24 69:4 69:14 70:8 70:10 74:7 75:21 77:1 78:7 80:4 81:3 83:13 86:4 88:9 97:9 98:9 99:2 | | pendency(2) 25:6 25:13 | | position(4) 34:24 73:3 81:4 97:18 |
| occurred(1) 57:6 | | | | pending(1) 24:9 | | positions(2) 9:1 82:24 |
| | | | | penn(1) 2:50 | | possible(1) 62:5 |
| october(16) 36:7 36:9 36:10 36:12 36:13 55:19 55:20 56:4 73:3 82:17 82:18 84:6 84:23 85:23 86:21 86:21 | | | | pennsylvania(1) 1:39 | | post-august(2) 98:13 98:14 |
| | | | | pension(12) 6:23 7:3 7:12 9:8 10:8 10:18 10:24 12:1 13:7 21:9 21:21 93:14 | | potential(2) 8:11 66:2 |
| off(14) 7:4 8:8 15:21 44:6 46:23 47:4 50:14 51:20 61:16 61:17 64:22 72:19 73:15 95:23 | | | | people(23) 8:24 16:17 27:17 27:24 28:3 28:7 31:2 31:21 33:15 33:19 57:22 58:11 58:12 62:1 64:7 64:14 64:15 65:23 65:24 69:19 77:16 79:14 | | potentially(1) 66:4 |
| | | | | | | powder(1) 99:2 |
| | | | | | | ppearances(3) 1:21 2:1 3:1 |
| offer(6) 40:1 76:19 77:2 77:3 77:7 77:11 | | ourselves(5) 15:7 42:24 45:20 46:12 60:13 | | per(3) 64:11 68:7 97:9 | | pre-petition(1) 77:17 |
| offered(2) 67:9 69:3 | | out(46) 5:20 6:1 15:2 15:3 21:4 24:17 25:4 26:1 26:8 26:23 38:18 39:17 43:3 45:24 46:19 46:23 48:5 48:6 48:13 51:2 58:7 59:5 60:1 61:11 61:25 63:21 66:5 67:7 67:8 68:21 69:19 71:12 73:25 79:2 80:16 82:7 82:12 87:9 89:24 91:22 92:19 95:10 96:14 96:25 97:10 97:15 | | perceived(1) 39:24 | | precede(1) 20:15 |
| offers(7) 9:18 25:18 43:12 65:5 78:3 79:1 80:11 | | | | percent(1) 93:25 | | preceding(1) 52:15 |
| | | | | perfect(2) 48:8 86:13 | | prefer(1) 49:13 |
| office(2) 28:16 44:1 | | | | performance(1) 77:25 | | prejudice(1) 24:9 |
| official(4) 2:4 2:40 3:20 75:16 | | | | performed(1) 78:6 | | prejudiced(1) 78:22 |
| okay(27) 22:13 22:20 33:2 38:24 39:12 43:17 45:1 47:6 47:21 51:24 52:5 53:6 53:6 54:9 55:24 56:7 61:2 65:17 66:13 70:21 76:7 76:9 86:7 90:21 96:9 97:20 98:7 | | | | perhaps(13) 5:5 17:9 18:3 21:12 31:20 48:20 54:4 57:18 74:7 85:14 89:7 90:20 91:4 | | preliminary(2) 61:6 91:17 |
| | | outnumbers(1) 30:25 | | | | prepare(1) 43:22 |
| | | outset(1) 92:22 | | | | prepared(6) 16:13 17:3 17:19 72:24 73:10 88:7 |
| oklahoma(1) 9:13 | | outside(3) 19:24 76:10 76:14 | | period(14) 25:23 26:15 26:16 29:21 29:21 30:12 37:23 72:2 74:22 76:22 85:22 85:25 87:7 91:3 | | |
| omnibus(3) 4:17 92:1 92:12 | | outstanding(1) 22:22 | | | | preparing(1) 85:24 |
| once(5) 7:9 31:19 34:15 60:25 97:16 | | over(28) 6:23 8:4 8:15 9:1 10:12 11:8 12:3 17:17 21:5 21:10 23:17 27:13 31:1 33:6 33:8 37:12 37:19 37:21 38:3 38:13 40:14 50:5 51:1 57:5 57:20 79:24 93:23 | | periodic(1) 22:14 | | prerogative(1) 47:2 |
| one(65) 1:32 2:9 2:15 2:22 2:36 2:50 11:1 11:11 12:18 13:13 13:21 17:20 17:21 17:25 22:3 23:9 27:2 27:12 27:3 27:5 29:17 35:19 37:17 38:6 39:21 40:8 40:19 41:9 43:5 45:7 45:17 49:4 49:21 52:12 53:15 53:23 55:12 55:21 57:2 58:17 58:21 59:10 59:16 59:22 61:7 62:3 63:11 63:17 64:11 65:15 67:11 69:3 69:15 69:16 70:2 70:25 72:3 76:2 83:18 83:18 86:14 87:1 87:6 92:24 | | | | periods(3) 75:1 78:16 78:16 | | presence(1) 79:21 |
| | | | | permit(2) 61:17 68:4 | | present(6) 34:7 50:13 57:14 60:7 88:9 |
| | | | | person(4) 14:10 30:7 53:23 57:14 | | presented(6) 43:6 43:20 65:20 68:22 98:4 98:6 |
| | | | | personal(2) 55:16 90:20 | | |
| | | | | personally(1) 54:13 | | |
| | | | | perspective(2) 14:14 58:16 | | presenting(1) 98:10 |
| | | overlap(1) 87:4 | | pessimistic(3) 90:4 90:10 90:16 | | press(1) 50:6 |
| | | overlapping(1) 21:11 | | philadelphia(1) 43:25 | | pretty(3) 83:25 96:25 97:1 |
| ones(3) 66:16 67:17 80:14 | | overrun(1) 52:18 | | phillips(2) 9:12 9:19 | | prevent(1) 60:6 |
| ongoing(1) 33:24 | | overy(1) 3:36 | | phone(6) 17:23 19:10 20:21 30:9 57:13 57:14 | | primary(3) 15:21 91:10 93:12 |
| only(32) 4:13 5:11 6:5 9:6 11:20 12:11 13:4 17:21 20:24 31:8 39:3 41:13 47:7 49:24 53:23 63:2 63:15 64:25 67:5 68:7 69:17 70:9 71:21 75:6 82:9 82:14 82:24 84:15 87:21 87:11 87:12 94:24 | | own(8) 15:22 39:19 53:20 57:2 64:16 66:2 81:3 86:4 | | | | prior(3) 14:9 26:4 |
| | | | | | | probably(4) 41:2 44:25 50:17 84:8 |
| | | | | | | problem(1) 18:17 |
| | | | | piece(1) 37:17 | | problems(2) 73:4 73:11 |
| | | p.m(1) 100:5 | | piecemeal(3) 57:1 91:14 91:24 | | procedural(1) 25:16 |
| | | pace(2) 19:15 88:23 | | place(8) 13:3 31:19 72:2 72:14 78:21 79:21 82:16 90:13 | | procedure(2) 44:11 61:19 |
| | | pack(1) 38:13 | | | | procedures(1) 25:25 |
| open(3) 11:15 18:15 59:18 | | page(2) 62:17 64:11 | | | | proceed(11) 7:11 10:17 11:10 12:8 24:8 44:5 69:13 70:17 75:7 95:8 97:18 |
| opened(1) 11:14 | | paid(6) 28:21 28:23 41:15 77:1 77:11 | | placed(1) 10:12 | | |
| opening(1) 83:8 | | paragraph(2) 62:18 68:22 | | plan(7) 25:9 38:11 55:8 62:13 62:18 63:13 67:1 | | |
| operate(1) 25:4 | | park(2) 2:9 2:36 | | | | proceeded(1) 43:20 |
| operating(2) 16:8 24:21 | | part(10) 16:1 20:4 22:22 24:5 24:12 24:14 28:5 34:4 37:15 45:4 | | | | proceedings(4) 1:17 1:43 95:4 100:9 |
| opinion(1) 93:7 | | | | planning(1) 13:16 | | proceeds(1) 8:7 |
| opinions(1) 12:13 | | | | plans(10) 31:7 38:11 42:20 62:16 62:21 62:24 62:24 63:6 63:9 63:23 | | process(24) 9:19 11:9 14:15 18:7 18:15 19:24 20:7 21:8 25:18 42:16 43:22 45:3 45:5 45:22 46:14 46:16 51:22 58:15 88:17 88:19 89:9 89:23 90:23 91:1 |
| oppose(1) 12:2 | | | | play(1) 42:6 | | |
| opposed(1) 11:21 | | participants(3) 5:5 18:14 30:8 | | played(1) 42:14 | | |
| opposing(3) 35:2 55:18 82:24 | | participant's(1) 4:15 | | plaza(4) 1:32 2:22 2:36 2:50 | | |
| opposition(2) 70:8 92:9 | | participate(3) 18:5 54:13 67:1 | | pleadings(2) 41:14 83:17 | | |
| opt(1) 32:18 | | participating(2) 57:13 90:10 | | please(5) 4:3 35:14 70:21 70:22 78:14 | | produce(6) 21:4 43:11 50:6 64:16 72:17 77:23 |
| order(45) 4:15 4:16 7:2 7:17 7:23 12:16 14:6 22:25 23:21 30:12 31:21 38:7 38:15 40:4 40:8 40:20 40:21 41:1 41:4 43:20 45:23 46:17 47:2 47:3 47:9 47:22 50:13 51:6 51:9 51:10 51:16 53:20 54:21 61:3 61:7 64:17 71:15 76:4 76:12 84:14 92:25 98:3 98:10 99:19 99:2 | | | | pleased(1) 71:4 | | |
| | | | | pleasure(2) 5:10 88:12 | | producing(1) 55:13 |
| | | particular(7) 20:25 25:23 66:23 66:25 85:23 93:2 93:11 | | plunge(1) 54:18 | | production(6) 33:10 33:24 57:2 63:23 72:9 72:14 |
| | | | | plus(1) 6:21 | | |
| | | particularly(8) 24:22 39:20 42:21 43:23 87:4 92:23 94:3 96:24 | | podium(3) 4:22 60:14 84:19 | | |
| | | | | point(19) 5:24 12:12 14:12 15:6 15:24 19:7 20:25 52:20 52:22 56:24 59:22 67:20 68:21 72:11 80:25 82:8 82:10 87:6 96:4 | | productively(1) 57:17 |
| | | | | | | professionals(1) 50:21 |
| | | | | | | program(1) 62:1 |
| ordering(1) 53:20 | | | | | | progress(9) 9:25 11:7 13:14 14:22 15:16 61:15 |
| orders(7) 4:10 12:20 43:19 87:18 87:23 87:25 97:23 | | parts(2) 24:4 24:15 | | pointed(1) 82:12 | | |
| | | party(1) 11:20 60:3 | | pointing(1) 82:6 | | |
| | | passed(1) 89:23 | | points(2) 74:1 86:8 | | promise(1) 67:4 |
| | | past(2) 12:24 21:5 | | poise(1) 54:18 | | promptly(1) 73:2 |
| originally(2) 46:14 51:11 | | patent(3) 8:6 8:21 10:1 | | pole(1) 89:9 | | proper(1) 28:13 |
| other(31) 7:19 8:1 21:13 21:17 22:1 22:2 22:14 22:21 26:7 28:8 41:12 41:25 42:10 43:6 44:9 44:10 49:3 49:5 49:7 50:20 52:10 63:16 65:19 67:13 68:14 72:1 72:6 78:11 85:24 86:14 89:15 | | patents(1) 11:12 | | polite(1) 48:21 | | proposal(21) 37:12 41:21 48:3 56:8 61:24 64:25 65:11 65:20 65:25 66:12 67:11 68:17 68:23 69:3 69:10 70:3 91:14 91:19 95:20 96:4 96:10 |
| | | patterson(1) 3:31 | | political(3) 6:3 6:5 16:20 | | |
| | | pavlovian(1) 31:20 | | politics(2) 16:19 16:19 | | |
| | | pay(7) 26:17 26:23 28:18 34:23 67:2 67:11 67:17 | | population(3) 27:23 78:2 78:3 | | |
| | | | | populations(1) 78:15 | | proposals(6) 11:7 15:4 25:18 30:10 65:5 69:9 |
| ought(1) 59:2 | | paying(5) 25:6 63:3 66:17 77:18 78:24 | | portfolio(2) 8:21 10:1 | | propose(5) 41:22 54:19 66:14 83:5 95:6 |
| | | pays(1) 67:13 | | portion(1) 67:9 | | |
| | | penalizing(1) 46:21 | | | | |

| Word | Page:Line |
|---|---|
| **proposed**(11) 7:15 32:3 35:4 45:23 51:9 52:16 60:6 62:5 62:12 68:2 84:4 | |
| **proposing**(2) 72:16 74:8 75:4 | |
| **prospect**(1) 31:7 | |
| **protect**(3) 62:21 63:7 63:9 | |
| **protected**(1) 65:6 | |
| **protection**(1) 24:17 | |
| **prove**(2) 51:2 51:2 | |
| **provide**(7) 27:5 33:20 35:11 39:24 43:9 43:11 44:6 64:10 69:15 70:4 83:4 | |
| **provided**(8) 25:16 51:11 61:5 61:7 64:10 73:2 74:20 99:9 | |
| **provides**(2) 43:4 44:1 | |
| **providing**(1) 78:19 | |
| **provision**(1) 23:13 | |
| **public**(1) 80:12 | |
| **pulled**(1) 66:20 | |
| **pulling**(1) 80:16 | |
| **purchasers**(2) 8:9 27:22 | |
| **purported**(1) 26:7 | |
| **purpose**(2) 42:18 46:13 | |
| **purposes**(1) 59:20 | |
| **pursuant**(1) 76:11 | |
| **pursue**(1) 58:24 | |
| **purview**(1) 21:17 | |
| **push**(3) 16:13 16:14 19:24 | |
| **put**(21) 14:15 14:24 23:16 26:5 37:18 43:14 46:5 49:22 59:20 71:21 72:17 76:11 77:1 77:3 81:19 82:2 82:7 87:3 87:12 92:8 92:10 | |
| **putting**(4) 20:12 46:22 47:4 69:2 | |
| **question**(7) 11:14 11:15 22:3 40:19 53:12 81:6 81:7 | |
| **questions**(3) 40:24 41:5 63:25 | |
| **quickly**(8) 18:10 20:8 34:25 48:23 59:23 59:24 74:6 90:3 | |
| **quiet**(1) 42:15 | |
| **quietly**(1) 14:17 | |
| **quite**(4) 14:16 24:18 70:25 80:24 | |
| **quote**(1) 62:17 | |
| **quoted**(1) 63:13 | |
| **quotes**(2) 62:20 71:22 | |
| **qureshi**(16) 2:7 19:1 19:3 19:3 19:4 19:5 19:9 19:12 19:21 19:23 20:10 88:21 90:23 95:13 95:14 95:15 | |
| **qureshi's**(1) 88:17 | |
| **rafael**(1) 3:12 40:17 | |
| **rahralddin**(1) 42:13 | |
| **raise**(1) 63:25 | |
| **raised**(6) 28:13 44:23 60:4 72:9 81:6 81:7 | |
| **raises**(1) 61:10 | |
| **range**(4) 6:21 6:21 58:10 58:11 | |
| **raphael**(1) 36:23 | |
| **rates**(2) 34:20 43:23 | |
| **rather**(2) 24:8 99:19 | |
| **ratification**(1) 94:11 | |
| **re-calendared**(1) 47:18 | |
| **re-visit**(1) 95:3 | |
| **reach**(8) 14:10 56:22 56:24 58:7 58:14 76:23 77:10 99:21 | |
| **reached**(4) 29:4 32:4 32:6 89:24 | |
| **reaching**(2) 63:21 69:19 | |
| **reaction**(1) 43:8 | |
| **read**(3) 41:16 73:22 82:24 | |
| **reading**(1) 38:11 | |
| **ready**(5) 57:19 58:14 70:21 77:21 80:15 | |
| **real**(3) 90:3 94:5 99:2 | |
| **realistic**(2) 64:5 70:7 | |
| **realize**(1) 46:14 | |

| Word | Page:Line |
|---|---|
| **really**(20) 11:10 13:8 15:3 18:23 42:6 42:17 48:9 50:3 53:19 53:20 56:2 57:5 93:8 93:17 93:23 94:4 94:19 94:21 95:7 96:25 | |
| **reason**(15) 4:19 15:17 30:4 30:22 38:3 42:17 45:23 62:11 63:2 78:8 81:8 81:10 83:22 84:16 85:24 | |
| **reason."**(1) 62:17 | |
| **reasonable**(4) 38:2 61:8 61:12 70:12 | |
| **reasonably**(1) 61:17 | |
| **reasons**(10) 45:17 46:9 50:17 58:23 59:10 59:16 59:22 71:1 88:23 91:22 | |
| **rebecca**(1) 3:45 | |
| **recall**(7) 11:20 23:16 29:1 29:25 44:24 47:23 57:7 | |
| **receipt**(1) 94:17 | |
| **received**(2) 77:6 77:16 | |
| **receiving**(1) 37:19 | |
| **recent**(1) 46:2 | |
| **recently**(2) 37:8 88:15 | |
| **recess**(2) 70:20 100:4 | |
| **reciprocal**(1) 80:6 | |
| **recognize**(12) 19:15 31:21 33:17 41:8 41:11 41:23 71:19 71:25 75:17 76:24 86:13 90:12 | |
| **recognized**(1) 64:19 | |
| **recognizing**(2) 8:22 26:11 | |
| **reconciling**(1) 21:8 | |
| **record**(14) 18:16 20:12 43:10 51:2 56:22 61:21 69:18 73:17 77:8 81:3 81:14 87:5 87:12 92:7 | |
| **recorded**(1) 1:43 | |
| **recording**(2) 1:43 100:8 | |
| **records**(1) 34:13 | |
| **reduce**(3) 7:25 31:5 63:6 | |
| **reduced**(1) 10:13 | |
| **refers**(1) 42:23 | |
| **reflect**(1) 81:14 | |
| **reflecting**(1) 86:12 | |
| **reflects**(1) 36:18 | |
| **refrained**(1) 89:21 | |
| **refusal**(1) 64:16 | |
| **refuse**(1) 67:18 | |
| **refused**(2) 64:15 66:1 79:5 | |
| **refuses**(1) 67:11 | |
| **refusing**(1) 67:17 | |
| **regard**(2) 43:16 60:4 | |
| **register**(1) 66:20 | |
| **regular**(2) 22:5 22:12 | |
| **rehearsed**(1) 90:6 | |
| **rejected**(3) 68:17 69:10 79:2 | |
| **related**(4) 8:11 40:24 42:19 93:13 | |
| **relating**(1) 5:4 | |
| **relationship**(1) 32:14 | |
| **relatively**(1) 12:16 | |
| **relayed**(1) 33:8 | |
| **relevant**(4) 62:9 63:23 64:23 64:24 | |
| **relied**(1) 69:19 | |
| **relief**(6) 11:21 25:16 26:20 32:10 32:20 49:6 | |
| **relishing**(1) 38:12 | |
| **reluctant**(1) 43:11 | |
| **remaining**(5) 7:16 20:5 22:24 93:16 94:24 | |
| **remedies**(1) 42:21 | |
| **remember**(2) 45:11 45:14 | |
| **reminded**(2) 87:6 89:17 | |
| **removal**(1) 42:5 | |
| **remove**(1) 42:2 | |
| **renaissance**(1) 2:43 | |
| **reopen**(1) 49:7 | |
| **reorganization**(2) 24:25 68:4 | |
| **reorganize**(1) 24:24 | |
| **reorganized**(2) 24:17 24:20 | |
| **replacement**(3) 26:9 27:7 79:1 | |

| Word | Page:Line |
|---|---|
| **replies**(8) 36:12 55:21 55:23 82:23 83:10 84:23 85:1 99:18 | |
| **replies/sur-reply**(1) 56:1 | |
| **reply**(12) 82:17 82:19 82:21 83:3 83:4 84:15 86:4 86:5 86:6 86:7 92:10 | |
| **reports**(3) 36:2 36:8 55:5 | |
| **represent**(1) 58:9 | |
| **representation**(1) 28:14 | |
| **representative**(3) 18:4 25:8 75:3 | |
| **representatives**(7) 19:21 26:8 27:18 28:25 79:4 79:5 79:6 | |
| **represented**(1) 26:3 | |
| **representing**(1) 60:21 | |
| **request**(2) 54:11 82:18 | |
| **requests**(5) 35:22 43:8 54:22 54:23 77:23 | |
| **require**(2) 67:19 70:7 | |
| **required**(4) 74:10 82:15 95:4 | |
| **requirements**(1) 74:1 | |
| **requires**(9) 67:14 68:1 74:12 74:24 75:5 75:9 75:17 76:17 77:2 | |
| **reservation**(1) 39:16 | |
| **reserve**(3) 55:9 62:15 62:23 | |
| **reserves**(2) 35:10 38:4 | |
| **reserving**(1) 35:9 | |
| **resist**(1) 6:4 | |
| **resolution**(15) 7:5 7:16 20:6 29:6 30:15 44:3 56:23 57:17 58:6 58:17 72:11 76:24 77:10 87:8 90:1 | |
| **resolutions**(1) 5:11 | |
| **resolve**(6) 21:10 27:24 31:15 34:25 79:12 90:5 92:25 95:5 | |
| **resolved**(8) 21:22 38:1 39:10 78:11 81:13 87:17 95:22 97:17 | |
| **resolving**(3) 8:13 30:23 72:7 | |
| **respect**(37) 6:23 7:3 7:4 7:23 10:15 10:18 12:25 14:6 21:16 22:21 23:4 23:11 23:12 24:10 27:6 28:10 29:23 30:6 31:11 31:18 32:10 32:11 33:4 34:9 39:22 40:4 47:18 55:16 61:18 65:4 74:10 76:19 76:25 77:17 78:20 79:16 85:18 | |
| **respected**(1) 29:16 | |
| **respectful**(1) 17:5 | |
| **respectfully**(1) 14:3 | |
| **respond**(8) 44:22 46:2 64:15 71:12 73:13 73:16 73:19 97:2 | |
| **response**(3) 16:7 43:7 59:17 | |
| **responses**(5) 35:21 38:1 39:5 54:22 91:3 | |
| **responsible**(3) 65:2 65:22 66:15 | |
| **rest**(2) 33:16 46:6 | |
| **restricted**(1) 48:24 | |
| **result**(5) 5:6 14:10 34:1 49:9 62:2 | |
| **resume**(1) 57:20 | |
| **retained**(3) 25:10 26:8 27:12 28:20 | |
| **retains**(1) 25:15 | |
| **retire**(3) 28:3 28:4 28:8 | |
| **retired**(2) 27:20 28:2 | |
| **retiree**(37) 2:40 23:11 23:25 24:10 25:7 26:5 26:10 28:7 29:3 31:24 32:19 32:20 43:1 43:2 43:3 55:2 56:19 56:22 58:8 62:16 63:17 64:11 65:2 65:21 65:23 66:1 66:25 67:15 68:3 68:7 68:10 74:13 76:25 77:13 77:19 78:2 79:3 | |
| **retirees**(28) 6:17 6:20 23:5 23:22 25:8 25:8 26:3 26:6 26:18 27:17 27:20 28:10 30:24 32:12 32:14 60:21 61:19 61:22 63:22 64:4 64:20 65:1 68:16 75:16 77:4 77:19 78:14 87:3 | |
| **retirees'**(7) 62:14 63:1 63:14 63:15 65:2 65:22 67:16 | |

| Word | Page:Line |
|---|---|
| **retiree's**(2) 61:12 62:19 | |
| **retirement**(3) 66:5 66:16 67:1 | |
| **retiring**(1) 27:20 | |
| **retroactive**(1) 28:19 | |
| **return**(1) 78:17 | |
| **reveal**(1) 16:12 | |
| **revealing**(1) 15:15 | |
| **reveals**(1) 4:9 | |
| **review**(6) 23:15 42:11 50:22 66:2 71:1 92:14 | |
| **reviewed**(1) 66:21 | |
| **revise**(2) 51:10 97:23 | |
| **revising**(1) 98:2 | |
| **richard**(2) 29:9 60:20 | |
| **richards**(1) 2:13 | |
| **rid**(1) 7:20 | |
| **right**(95) 5:2 6:7 6:18 7:6 9:23 10:6 10:21 11:25 15:12 15:14 17:8 20:23 22:10 22:20 24:1 25:10 25:15 25:24 26:1 27:9 27:23 30:24 31:3 31:10 36:14 37:24 38:4 38:25 39:7 39:8 39:9 40:5 40:6 44:12 45:9 46:7 47:14 47:15 47:15 48:16 48:16 48:19 49:17 50:1 51:8 51:18 52:6 52:7 52:18 52:22 54:6 55:1 55:9 55:10 56:13 57:10 62:15 62:23 63:1 63:2 65:13 65:18 69:24 70:14 70:23 76:13 76:21 82:4 83:15 84:1 84:7 84:22 86:18 86:20 86:23 87:15 89:2 89:13 90:14 90:23 91:15 92:13 95:12 96:2 96:18 96:23 96:24 97:4 97:6 97:11 98:1 98:15 99:4 99:10 100:2 | |
| **rights**(8) 35:9 35:10 39:16 50:14 62:19 63:14 63:15 78:5 | |
| **ring**(2) 31:21 78:24 | |
| **rise**(2) 70:21 84:16 | |
| **rising**(1) 84:8 | |
| **risk**(2) 26:13 90:13 | |
| **road**(1) 7:4 | |
| **roadblock**(1) 20:6 | |
| **robert**(1) 9:21 | |
| **rodney**(2) 2:15 2:29 | |
| **roll**(1) 31:4 | |
| **rolling**(4) 33:24 40:14 45:18 57:2 | |
| **rolls**(1) 14:7 | |
| **room**(2) 8:24 82:11 | |
| **rooney**(1) 3:4 | |
| **rosters**(1) 28:1 | |
| **roughly**(1) 54:24 | |
| **row**(1) 37:16 | |
| **ruin**(1) 39:6 | |
| **rule**(7) 15:23 40:10 59:24 72:8 75:10 80:4 92:11 | |
| **ruling**(2) 51:5 54:6 | |
| **run**(1) 8:8 | |
| **rung**(1) 31:22 | |
| **rushing**(3) 72:4 72:5 72:5 | |
| **said**(36) 9:20 9:21 10:23 11:23 12:2 13:9 16:10 17:12 25:9 25:12 35:11 38:4 38:18 40:11 40:23 49:11 49:24 59:20 61:11 64:13 65:12 66:19 69:25 76:20 77:4 79:13 80:5 80:15 80:24 81:2 82:6 83:9 84:11 88:21 89:24 98:21 | |
| **sake**(2) 63:3 67:24 | |
| **sale**(1) 8:6 | |
| **same**(19) 8:20 10:17 13:10 14:20 17:13 18:12 21:24 27:16 28:12 56:3 68:23 69:3 75:14 84:8 85:5 89:1 90:13 97:25 | |
| **samis**(1) 2:14 | |
| **sanctity**(1) 80:11 | |
| **sat**(4) 9:23 12:3 14:17 14:18 | |
| **satisfaction**(1) 48:6 | |
| **saw**(1) 69:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| say(29) | 8:24 16:10 16:12 16:19 18:23 19:23 24:14 33:11 35:10 37:6 41:6 41:9 56:3 64:11 67:18 69:21 70:23 71:17 72:4 73:10 76:3 77:21 78:13 78:17 82:20 84:25 88:18 90:9 90:15 | settlement(17) | 5:6 15:1 37:23 40:4 42:16 43:12 58:14 61:12 65:2 65:7 65:22 66:8 66:15 67:7 67:12 67:13 68:19 | sometimes(2) | 30:7 33:20 | stuck(1) | 85:11 |
| | | | | somewhat(4) | 16:18 61:16 88:22 90:4 | stuff(1) | 99:3 |
| | | | | somewhere(3) | 58:10 72:5 97:15 | subject(6) | 32:8 42:4 42:9 50:21 50:21 |
| | | | | song(1) | 3:45 | submission(2) | 7:2 82:15 |
| | | | | sorry(4) | 75:25 81:21 85:7 86:1 | submissions(4) | 35:24 35:25 85:21 91:21 |
| saying(3) | 48:17 66:25 78:23 | settlements(1) | 31:18 | sorry'(1) | 75:23 | submit(5) | 41:21 86:10 87:22 92:8 97:24 |
| says(4) | 47:10 62:20 74:12 76:23 | seven(1) | 6:14 73:5 74:23 | sort(5) | 4:25 14:14 16:20 18:9 48:18 | submitted(5) | 4:12 4:16 10:9 34:10 40:19 |
| scale(2) | 22:15 26:18 | several(6) | 6:12 16:9 22:7 64:6 | sorts(1) | 75:14 | submitting(1) | 56:2 |
| schedule(68) | 7:2 7:15 30:18 30:20 32:5 32:7 35:3 35:4 35:6 35:7 35:17 39:4 39:6 39:9 41:24 46:24 48:1 48:12 52:8 52:14 52:15 52:17 52:22 53:2 54:25 56:20 59:23 61:6 61:8 61:17 62:5 62:12 64:18 64:21 67:21 69:14 69:17 70:2 70:10 72:15 72:20 72:20 72:21 72:24 73:9 73:10 74:14 74:15 76:8 76:11 82:11 82:13 82:16 82:19 84:3 84:23 85:4 85:6 85:8 85:22 86:11 89:16 89:20 91:25 95:9 97:9 99:15 | severance(2) | 77:14 77:14 | sought(3) | 24:17 59:6 59:11 | subpoena(1) | 64:6 |
| | | severed(1) | 27:23 | sound(2) | 1:43 100:8 | subsidiary(3) | 24:4 24:5 24:16 |
| | | shall(4) | 74:14 74:15 74:20 75:10 | spaghetti-like(1) | 8:14 | substantial(7) | 7:18 40:15 62:13 63:11 63:22 67:9 67:19 |
| | | share(1) | 64:12 | spd(6) | 62:25 63:5 63:10 63:13 63:21 64:2 | | |
| | | shared(2) | 21:12 45:7 | spds(1) | 63:23 | | |
| | | sharing(1) | 28:20 | speak(7) | 44:1 56:18 56:20 60:9 75:25 91:12 95:13 | substantially(4) | 11:19 33:14 68:23 78:22 |
| | | shaw(1) | 9:21 | | | substantive(1) | 25:17 |
| | | she's(1) | 54:1 | | | suburban(1) | 43:25 |
| | | shield(2) | 81:1 81:1 | | | successful(1) | 8:16 |
| | | short(4) | 12:16 49:2 72:22 74:8 | speaking(2) | 34:19 90:17 | successfully(4) | 8:10 11:13 24:17 24:20 |
| scheduled(3) | 10:4 24:6 51:14 | should(27) | 14:14 15:19 33:1 33:11 51:2 51:4 61:20 64:9 64:15 64:22 67:23 69:13 69:15 69:17 69:21 72:13 75:20 77:5 77:22 79:24 81:14 83:16 89:9 90:25 95:9 97:1 97:17 | specific(7) | 41:5 67:3 74:4 78:16 79:1 88:18 90:17 | such(5) | 19:16 58:24 74:19 74:22 74:24 |
| schedules(1) | 61:6 | | | | | sufficient(2) | 61:21 98:20 |
| scheduling(10) | 38:7 38:15 40:25 41:4 45:25 54:21 61:4 71:3 71:14 88:3 | | | | | sugarcoat(1) | 30:19 |
| | | | | specifically(1) | 29:21 | suggest(2) | 89:7 96:12 |
| | | | | speed(1) | 37:4 | suggested(7) | 69:16 90:22 91:1 91:15 91:24 93:3 99:18 |
| scheme(1) | 93:14 | shoulder(1) | 50:23 | spend(2) | 34:12 59:3 | | |
| schuylkill(1) | 1:38 | show(8) | 50:9 67:14 68:1 68:9 68:13 68:16 69:8 79:14 | spent(2) | 26:6 26:23 27:14 77:20 | | |
| schweitzer(1) | 79:8 | | | spread(1) | 26:23 | suit(1) | 10:14 |
| seal(1) | 44:6 | | | square(2) | 2:15 2:29 | sum(1) | 67:2 |
| search(2) | 38:2 64:12 | shows(2) | 31:17 83:5 | staffed(1) | 43:24 | summary(2) | 38:11 62:18 |
| seated(2) | 4:3 70:23 | shut(1) | 57:9 | stage(2) | 95:17 95:17 | summer(2) | 8:23 26:6 |
| second(4) | 11:1 11:5 32:13 68:9 | side(6) | 39:17 44:9 55:18 80:17 83:17 | staging(2) | 95:23 97:17 | supplemental(2) | 35:24 35:25 |
| secondary(3) | 91:7 93:13 93:17 | sides(6) | 39:13 43:13 91:1 91:19 91:25 | stalking(1) | 10:3 | support(4) | 12:2 35:25 81:15 82:7 |
| section(13) | 23:9 23:10 23:20 23:24 28:16 50:24 52:21 64:19 67:14 68:1 73:25 74:11 77:2 | signed(1) | 4:18 | stand(3) | 3:20 36:10 100:4 | supported(1) | 12:4 |
| | | significant(1) | 20:6 | stand-alone(1) | 9:6 | supporting(1) | 82:9 |
| | | significantly(2) | 93:10 95:7 | standard(1) | 74:7 | supportive(2) | 29:7 95:16 |
| | | signing(1) | 41:1 | standards(1) | 50:25 | suppose(1) | 71:21 |
| see(20) | 16:17 29:7 36:22 40:8 41:16 46:8 52:2 55:11 60:13 82:16 83:17 83:22 84:8 85:8 85:20 85:21 88:6 92:16 94:4 95:3 | similar(4) | 31:6 43:14 84:2 84:25 | standing(1) | 75:22 | supposed(1) | 68:18 |
| | | simple(2) | 78:12 78:23 | stargatt(1) | 2:26 | supreme(1) | 10:19 |
| | | simply(4) | 31:6 43:14 84:2 84:25 | start(4) | 9:9 10:23 35:6 65:10 | sure(28) | 12:19 19:8 19:12 20:17 21:19 21:21 23:7 25:2 32:16 34:14 38:5 39:18 40:24 44:21 48:6 48:25 53:3 54:12 54:16 56:9 60:11 71:10 84:17 89:14 90:11 92:2 98:21 98:24 |
| | | simultaneous(6) | 55:23 83:6 83:9 85:13 85:21 86:17 | started(3) | 8:22 27:21 50:4 | | |
| | | | | state(5) | 50:16 81:5 87:5 92:7 94:18 | | |
| seeing(3) | 20:3 20:3 41:9 | simultaneously(3) | 12:21 86:11 87:23 | stated(2) | 60:8 82:8 | | |
| seeking(5) | 23:19 23:19 23:20 48:7 66:3 | since(19) | 8:5 13:18 14:6 14:6 26:19 29:22 33:6 43:1 48:22 50:4 50:18 56:24 57:4 76:24 77:6 78:24 84:10 86:16 90:24 | statement(4) | 25:20 35:9 50:6 83:8 | | |
| seem(4) | 67:7 67:16 82:11 83:25 | | | statements(11) | 7:3 7:10 8:25 10:8 10:25 35:2 55:15 65:4 69:20 79:19 81:2 | surprise(3) | 71:20 71:21 72:13 |
| seemed(2) | 41:15 58:7 | | | | | surprises(1) | 71:21 |
| seems(3) | 53:21 82:22 84:1 | | | | | survive(1) | 80:11 |
| seen(4) | 13:18 27:18 53:19 89:22 | sir(4) | 40:16 60:16 60:24 66:9 | states(3) | 1:1 1:19 75:9 | survivorship(1) | 78:20 |
| segal(5) | 2:48 2:48 56:16 56:16 60:20 | sit(3) | 13:11 14:1 48:1 | status(10) | 4:21 4:25 20:4 36:9 56:4 71:3 73:2 82:18 82:21 88:25 | suspect(1) | 5:5 |
| select(1) | 29:8 | site(2) | 33:15 64:14 | | | swaine(1) | 29:10 |
| selection(1) | 15:19 | sites(1) | 64:14 | | | sword(1) | 81:1 |
| selling(1) | 8:20 | sitting(8) | 16:16 18:12 24:4 25:18 50:23 71:12 72:3 87:9 | statute(6) | 74:3 75:5 75:9 75:9 75:17 76:17 | sympathy(1) | 78:2 |
| sen(2) | 3:40 3:41 | | | statutory(1) | 74:5 | systems(1) | 17:7 |
| send(2) | 69:14 78:14 | | | stay(2) | 29:21 30:12 | table(3) | 8:25 77:11 79:14 |
| sense(14) | 10:2 10:10 11:3 11:16 14:8 14:12 16:20 32:22 46:24 74:4 92:5 95:17 96:5 97:20 | situation(10) | 8:13 16:5 18:10 19:16 28:1 42:22 43:5 46:3 63:8 63:8 | ste(2) | 2:50 3:6 3:14 | tactic(1) | 67:24 |
| | | | | steen(1) | 1:29 | tactical(1) | 67:22 |
| | | | | steps(2) | 29:23 97:19 | take(18) | 5:16 11:18 22:16 29:23 30:5 31:18 37:5 40:1 41:2 62:7 64:8 64:16 70:15 71:15 72:2 73:3 83:21 84:2 |
| sensitive(1) | 39:21 | situations(1) | 62:22 | stick(1) | 52:16 | | |
| sensitivities(1) | 16:20 | six(3) | 14:8 14:10 64:8 | still(8) | 28:1 37:11 52:25 58:17 58:22 63:22 86:14 87:9 | | |
| sent(1) | 64:14 | sliding(1) | 22:15 | | | | |
| | | slow(1) | 19:15 | stills(1) | 76:23 | taken(7) | 8:15 9:21 13:3 59:2 72:14 82:16 82:25 |
| september(12) | 9:15 14:7 35:23 35:25 36:2 36:3 36:5 36:6 54:24 55:4 55:6 70:11 | small(1) | 64:6 | stipulated(1) | 34:17 | | |
| | | smaller(2) | 27:17 93:20 | stipulation(1) | 34:11 | | |
| | | smart(1) | 87:24 | stood(2) | 13:6 14:20 | takes(5) | 39:5 70:1 70:1 78:21 86:23 |
| sequenced(1) | 32:12 | soft(2) | 26:9 26:24 | stop(2) | 25:6 76:22 | taking(2) | 21:21 83:4 |
| sequencing(1) | 60:6 | solid(1) | 32:24 | stopped(1) | 21:8 | talk(14) | 14:2 20:15 21:25 27:1 31:14 46:19 57:21 63:15 68:18 79:25 80:5 80:15 88:15 96:3 |
| seriatim(1) | 28:17 | solution(6) | 20:1 21:1 26:5 29:8 48:9 48:13 48:15 59:5 | stopping(1) | 63:16 | | |
| serve(3) | 35:20 35:21 54:21 | | | stops(1) | 80:14 | | |
| served(2) | 50:3 61:5 | | | storms(2) | 57:8 57:12 | | |
| service(3) | 1:37 1:44 58:15 | solutions(1) | 59:1 | story(1) | 67:5 | talked(2) | 29:21 87:10 |
| services(6) | 1:37 8:9 8:12 11:13 58:19 60:2 | solvency(1) | 94:9 | strange(1) | 43:5 | talking(11) | 23:23 25:19 31:1 33:18 34:7 35:18 46:1 77:9 77:10 81:3 81:19 |
| session(11) | 5:3 11:2 11:9 13:19 14:1 37:9 57:6 57:15 68:24 69:4 81:5 | some(39) | 14:4 14:14 21:11 21:12 21:13 22:4 30:8 37:11 37:20 38:3 39:11 40:24 42:21 43:3 43:5 45:5 46:22 48:3 49:6 49:9 53:15 59:1 59:1 62:9 69:1 69:21 72:11 73:16 74:8 80:23 87:10 87:21 88:12 89:25 91:5 91:5 93:8 95:21 96:15 | strauss(3) | 2:5 3:21 19:5 | | |
| | | | | street(4) | 1:11 1:38 2:16 2:30 | talks(1) | 26:13 |
| | | | | strong(1) | 45:4 | tammy(1) | 100:13 |
| sessions(3) | 9:16 9:17 30:6 | | | strongly(2) | 17:11 21:3 | target(1) | 91:17 |
| set(9) | 11:15 14:9 23:25 24:13 80:13 89:19 92:19 96:25 97:13 | | | struck(1) | 41:12 | targeted(1) | 93:9 |
| | | | | structurally(1) | 97:18 | task(1) | 27:6 |
| sets(2) | 34:8 74:4 | | | structure(4) | 17:11 17:13 60:4 94:20 | tax-free(1) | 67:16 |
| setting(2) | 7:2 73:8 | something(10) | 12:23 37:8 48:6 49:23 50:8 52:2 53:19 54:6 76:3 89:22 | structured(1) | 46:18 | | |
| settle(1) | 37:14 58:13 58:14 59:7 66:14 | | | structures(1) | 79:17 | | |
| | | | | structuring(1) | 18:14 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **taxable**(1) 67:17 | | **that**(301) 4:9  4:17  4:18  4:19  4:21  5:4  5:5 5:14  5:20  5:23  6:1  6:15  6:22  7:4  7:4  7:11 7:20  8:2  8:6  8:8  8:10  8:10  8:12  8:15 8:17  8:22  9:2  9:3  9:4  9:15  9:24  9:25  10:6 10:11  10:14  10:15  10:16  11:1  11:2  11:4 11:5  11:9  11:9  11:9  11:9  11:16  11:19 11:20  11:20  12:3  12:7  12:9  12:12  12:12 12:14  12:22  12:23  12:24  13:2  13:3  13:9 13:12  13:13  13:14  13:16  13:21  13:25  14:3 14:4  14:9  14:11  14:14  14:15  14:16  14:22 14:23  14:23  14:25  15:5  15:6  15:17  15:17 15:18  15:23  15:24  16:1  16:3  16:7  16:14 16:17  16:22  17:4  17:10  17:11  17:18  17:19 17:19  18:5  18:7  18:9  18:13  19:23  19:24 19:25  20:2  20:3  20:4  20:4  20:7  20:9  20:11 20:14  20:15  20:18  21:2  21:3  21:6  21:6 21:7  21:12  21:12  21:14  21:17  22:3  22:14 22:22  23:4  23:17  23:21  23:23  24:8  24:13 24:13  24:23  25:5  25:5  25:9  25:12  25:14 25:16  25:17  25:21  26:9  26:11  26:12  26:19 26:20  26:21  27:3  27:6  27:14  27:15  27:16 27:21  28:12  29:7  29:9  29:20  29:25  30:3 31:4  31:12  31:13  31:13  31:17  31:20  31:22 31:23  32:4  32:17  32:19  32:21  33:3  33:8 33:9  33:11  33:14  33:18  33:19  33:21  33:21 33:22  33:22  33:23  33:25  34:1  34:2  34:3 34:4  34:5  34:7  34:9  34:10  34:11  34:15 34:17  34:21  34:23  34:24  35:4  35:7  35:8 35:11  35:12  35:14  36:17  36:18  37:3  37:6 37:7  37:10  37:11  37:15  37:17  37:17  37:17 37:25  38:2  38:8  38:10  38:12  38:13  38:15 38:17  38:17  39:3  39:8  39:10  39:12  39:15 40:4  40:13  40:20  40:20  40:23  41:1  41:1 41:3  41:8  41:9  41:12  41:16  41:17  41:18 41:21  41:24  42:2  42:3  42:5  42:5  42:7 42:7  42:9  42:11  42:14  42:14  42:16  42:25 42:25  43:3  43:3  43:4  43:5  43:7  43:10 43:11  43:12  43:13  43:18  43:18  43:20 43:21  43:24  44:1  44:1  44:2  44:4  44:7 44:23  45:5  45:11  45:17  45:18  45:22  45:23 45:24  46:3  46:4  46:9  46:13  46:13  46:17 46:17  46:17  46:22  46:25  47:3  47:4  47:8 47:12  47:12 | **that**(301) 47:15  47:17  47:17  47:19  47:24 48:8  48:9  48:14  48:22  49:2  49:4  49:5 49:7  49:9  49:20  50:3  50:9  50:15  50:16 50:16  50:17  50:19  50:20  50:22  50:24 50:25  51:2  51:2  51:10  51:17  52:10  52:14 52:15  52:17  52:22  53:2  53:24  54:4  54:5 54:6  54:7  54:19  54:20  54:21  55:7  55:10 55:22  56:1  56:8  56:21  56:24  57:1  57:8 57:8  57:16  57:20  58:6  58:12  58:14  58:16 58:20  58:21  59:2  59:5  59:6  59:7  59:8 59:13  59:16  59:18  59:20  59:22  59:25  60:4 60:5  60:6  60:8  60:8  60:12  60:22  61:8 61:15  61:16  61:19  61:20  61:25  61:25  62:1 62:5  62:5  62:7  62:10  62:13  62:13  62:17 63:3  63:5  63:6  63:11  63:13  63:20  64:5 64:7  64:9  64:11  64:13  64:19  64:20  64:21 65:1  65:5  65:21  66:5  66:7  66:8  66:12 66:15  66:18  66:19  66:19  67:3  67:5  67:6 67:12  67:14  67:18  67:19  67:21  67:21 67:24  68:2  68:3  68:4  68:9  68:10  68:12 68:13  68:14  68:16  68:19  68:20  68:21 69:2  69:8  69:24  68:25  69:1  69:2  69:7 70:1  70:3  70:6  70:6  70:24  71:1  71:2  71:5 71:15  71:19  71:22  71:22  71:25  72:3  72:10 72:11  72:13  72:19  72:25  73:4  73:8  73:17 73:20  73:21  73:23  73:24  74:1  74:3  74:4 74:5  74:7  74:8  74:9  74:12  74:12  74:16 74:1  76:5  76:10  76:11  76:16  76:20  76:23 76:24  77:3  77:3  77:6  77:6  77:14  77:21 77:24  78:3  78:4  78:5  78:6  78:7  78:8  78:8 78:8  78:9  78:15  78:21  78:22  79:3  79:8 79:14  79:15  79:15  79:16  79:20  79:20 79:23  79:23  80:2  80:4  80:5  80:6  80:7 80:8  80:9  80:11  80:11  80:11  80:12  80:13 80:14  80:23  80:25  81:6  81:9  81:14  81:15 82:1  82:5  82:6  82:7  82:8  82:8  82:12 82:14  82:16  82:18  82:22  82:25  83:1  83:5 83:9  83:19  83:11  83:22  83:22  84:2  84:2 84:3  84:14  84:14  84:20  85:5  85:6  85:15 85:20  85:25  86:11  86:16  86:23  87:5  87:7 87:8  87:11  87:12  87:14  88:1  88:2  88:7 88:20  88:25  89:8  89:9 | **the**(301) 1:1  1:2  1:18  3:13  4:2  4:5  4:6  4:8 4:8  4:11  4:13  4:14  4:14  4:18  4:19  4:21 4:22  4:24  4:25  5:2  5:4  5:5  5:8  5:10  5:13 5:13  5:14  5:17  5:17  5:18  5:21  5:23  5:23 5:23  6:1  6:2  6:3  6:5  6:6  6:7  6:8  6:9  6:11 6:13  6:14  6:15  6:17  6:18  6:20  6:20  6:21 6:23  6:25  7:2  7:3  7:6  7:8  7:8  7:9  7:10 7:12  7:14  7:16  7:16  7:22  7:23  8:1  8:1  8:4 8:5  8:6  8:7  8:7  8:7  8:10  8:11  8:13  8:17 8:18  8:18  8:19  8:20  8:21  8:21  8:23  9:2 9:4  9:4  9:5  9:5  9:7  9:11  9:18  9:20  9:20 9:21  9:25  10:4  10:7  10:8  10:8  10:9  10:11 10:14  10:15  10:17  10:18  10:19  10:19 10:21  10:23  10:24  11:2  11:3  11:4  11:8 11:8  11:11  11:12  11:18  11:19  11:20  11:21 11:21  11:22  11:25  12:1  12:4  12:4  12:5 12:5  12:6  12:6  12:8  12:9  12:9  12:9  12:11 12:12  12:17  12:18  12:19  12:19  12:20 12:25  13:4  13:5  13:5  13:7  13:9  13:9  13:11 13:13  13:15  13:17  13:18  13:19  13:21 13:21  13:21  13:24  14:3  14:4  14:6  14:6 14:7  14:8  14:9  14:13  14:15  14:20  15:8 15:12  15:14  15:16  15:16  15:16  15:17 15:18  15:19  15:19  15:20  15:21  15:21 15:24  15:25  16:2  16:4  16:6  16:7  16:10 16:12  16:18  16:19  16:20  16:24  17:2  17:5 17:7  17:8  17:10  17:12  17:12  17:13  17:15 17:17  17:23  17:24  18:1  18:4  18:4  18:6 18:7  18:7  18:7  18:9  18:11  18:12  18:14 18:14  18:15  18:20  18:20  18:21  18:21  19:2 19:4  19:6  19:8  19:10  19:11  19:13  19:15 19:15  19:18  19:19  19:20  19:22  19:25 19:25  20:4  20:5  20:7  20:7  20:9  20:10 20:12  20:14  20:17  20:20  20:21  20:22  21:1 21:5  21:5  21:6  21:7  21:7  21:8  21:9  21:14 21:15  21:15  21:17  21:19  21:21  21:22 21:23  21:23  22:1  22:1  22:3  22:5  22:8 22:10  22:13  22:15  22:16  22:16  22:20  22:21 22:22  22:22  22:24  22:24  22:24  23:2  23:3 23:4  23:5  23:7  23:8  23:10  23:10  23:11 23:12  23:12  23:19  23:21  24:1  24:3  24:3 |
| **taxed**(1) 79:17 | | | | | | | |
| **taylor**(1) 2:27 | | | | | | | |
| **team**(1) 37:16 | | | | | | | |
| **teed**(1) 17:16 | | | | | | | |
| **telephone**(3) 39:7  39:10  73:6 | | | | | | | |
| **telephonic**(1) 3:18 | | | | | | | |
| **tell**(4) 66:20  68:22  81:4  98:22 | | | | | | | |
| **telling**(1) 69:2 | | | | | | | |
| **tells**(1) 74:5 | | | | | | | |
| **ten**(3) 14:11  69:4  74:20 | | | | | | | |
| **ten-minute**(1) 70:15 | | | | | | | |
| **tendered**(1) 53:4 | | | | | | | |
| **term**(4) 31:25  49:2  63:5  76:15 | | | | | | | |
| **terminate**(11) 23:19  23:20  23:22  25:21 62:15  63:1  63:2  63:6  63:19  76:21  81:16 | | | | | | | |
| **terminated**(3) 28:2  28:9  77:16 | | | | | | | |
| **terminating**(2) 63:17  68:8 | | | | | | | |
| **termination**(1) 63:3 | | | | | | | |
| **terms**(10) 7:20  8:12  21:8  28:24  33:23 38:6  42:15  88:25  93:22  98:10 | | | | | | | |
| **terrible**(1) 57:8 | | | | | | | |
| **terrific**(1) 11:5 | | | | | | | |
| **testimony**(1) 34:8 | | | | | | | |
| **than**(31) 16:9  18:17  24:8  28:24  33:1 41:10  41:12  43:4  43:22  44:2  45:15  46:15 49:22  50:7  50:17  61:23  62:20  63:4  64:11 69:6  74:14  74:16  75:5  76:17  76:18  85:24 86:16  94:1  94:1  94:2  99:19 | | | | **that**(51) 89:12  89:18  89:22  90:1  90:13 90:16  90:18  90:24  90:24  91:3  91:3  91:6 91:13  91:15  91:15  91:16  91:19  91:20 91:24  92:3  92:7  92:13  92:19  92:20  92:22 93:5  93:8  94:2  94:4  94:20  94:22  94:25 95:6  95:11  95:19  95:20  95:20  95:21  95:24 96:16  96:20  97:4  97:20  97:22  98:2  98:8 98:10  98:19  98:22  99:21  100:7 | | |
| **thank**(52) 4:2  5:2  20:10  22:20  35:15 35:15  36:19  38:25  39:1  39:2  40:7  44:12 44:14  52:5  52:7  53:6  53:6  56:13  60:15 60:17  60:19  60:24  70:13  70:14  70:19 70:22  73:12  80:21  80:22  86:22  86:22 87:16  87:25  88:2  88:11  92:18  95:12  96:2 96:18  97:6  97:7  97:8  97:11  97:12  97:21 99:4  99:4  99:6  99:7  99:10  100:2  100:3 | | **that's**(64) 8:17  9:1  10:22  13:11  13:12 13:25  15:4  17:24  21:20  23:17  26:1  35:24 37:6  38:14  39:9  45:6  46:7  47:15  47:23 47:23  50:10  50:12  51:15  51:21  51:23  52:4 52:12  52:16  52:23  53:12  55:4  58:5  58:18 67:9  68:17  68:19  69:12  70:12  70:16  72:3 72:14  73:17  74:10  75:3  78:7  78:18  81:25 82:9  83:25  84:7  84:15  84:21  85:2  86:19 86:20  87:19  88:1  90:2  90:18  92:13  93:24 99:10  99:19  99:21 | | |
| **thankfully**(2) 4:8  57:18 | | | | | | | |

| Word | Page:Line |
|---|---|
| the(301) | 24:4 24:5 24:6 24:7 24:8 24:9 24:10 24:11 24:13 24:21 24:22 24:22 24:23 25:2 25:6 25:6 25:7 25:9 25:9 25:10 25:13 25:14 25:15 25:15 25:16 25:17 25:20 25:21 25:24 26:6 26:10 26:10 26:11 26:12 26:13 26:16 26:16 26:17 26:18 26:20 26:22 27:2 27:3 27:6 27:9 27:16 27:16 27:18 27:20 27:20 27:25 28:1 28:1 28:1 28:5 28:6 28:7 28:8 28:9 28:10 28:11 28:12 28:13 28:15 28:20 28:22 28:22 28:24 28:25 29:2 29:5 29:6 29:9 29:11 29:13 29:16 29:17 29:17 29:19 29:22 29:23 29:24 29:24 30:2 30:4 30:4 30:5 30:6 30:8 30:8 30:8 30:10 30:11 30:11 30:12 30:12 30:13 30:17 30:17 30:20 30:21 30:22 30:23 30:23 30:24 30:25 31:1 31:3 31:5 31:8 31:10 31:10 31:10 31:13 31:13 31:16 31:18 31:21 31:22 31:24 31:24 32:1 32:2 32:4 32:5 32:6 32:6 32:9 32:10 32:10 32:12 32:14 32:14 32:16 32:17 32:19 32:20 32:21 32:22 32:22 32:24 33:2 33:4 33:6 33:6 33:9 33:10 33:12 33:13 33:14 33:16 33:16 33:16 33:17 33:20 33:24 33:25 34:3 34:7 34:13 34:14 34:16 34:22 34:25 35:3 35:3 35:5 35:6 35:8 35:10 35:14 35:17 35:17 35:18 35:19 35:19 35:19 35:20 35:22 35:24 35:25 36:1 36:1 36:2 36:2 36:3 36:4 36:5 36:6 36:6 36:7 36:7 36:8 36:11 36:11 36:12 36:13 36:14 36:16 36:18 36:20 36:22 36:23 36:24 37:1 37:5 37:9 37:10 37:12 37:13 37:13 37:13 37:16 37:16 37:16 37:21 37:24 38:4 38:6 38:7 38:10 38:12 38:15 38:18 38:20 38:23 38:25 39:2 39:2 39:3 39:6 39:7 39:9 39:10 39:15 39:18 39:20 39:22 39:23 39:24 40:2 40:3 40:5 40:6 40:6 40:8 40:10 40:12 40:13 40:16 40:18 40:19 40:20 40:22 40:25 41:2 41:2 41:3 41:3 41:6 41:12 41:12 41:13 41:14 41:15 41:18 41:18 41:19 41:19 41:20 41:21 41:22 41:24 41:25 41:25 42:1 42:2 42:3 42:3 42:5 42:5 42:6 42:7 42:8 42:8 42:11 42:12 42:16 42:17 42:18 42:20 42:21 42:21 42:24 42:24 43:1 43:6 43:7 43:9 43:11 |
| the(301) | 43:12 43:14 43:17 43:18 43:19 43:21 43:21 43:23 43:24 44:2 44:2 44:4 44:5 44:7 44:9 44:12 44:16 44:18 44:19 44:21 44:24 44:25 44:25 45:1 45:4 45:5 45:8 45:9 45:12 45:16 45:17 45:20 45:21 45:22 45:23 45:25 46:1 46:2 46:2 46:5 46:5 46:5 46:6 46:7 46:9 46:10 46:13 46:17 46:18 46:20 46:23 47:2 47:3 47:5 47:6 47:7 47:9 47:11 47:12 47:12 47:13 47:14 47:15 47:16 47:17 47:17 47:18 47:21 47:22 47:24 47:25 48:2 48:8 48:12 48:16 48:17 48:19 48:22 49:2 49:5 49:6 49:6 49:7 49:8 49:8 49:8 49:13 49:14 49:17 49:20 49:24 49:25 50:1 50:2 50:5 50:5 50:9 50:10 50:12 50:14 50:15 50:15 50:17 50:18 50:19 50:19 50:20 50:24 50:25 51:2 51:4 51:8 51:9 51:10 51:11 51:13 51:16 51:21 51:22 51:23 51:25 52:3 52:6 52:9 52:9 52:13 52:15 52:18 52:21 52:21 52:25 53:2 53:3 53:4 53:6 53:10 53:10 53:11 53:11 53:11 53:14 53:18 53:23 54:1 54:3 54:5 54:5 54:9 54:10 54:11 54:11 54:12 54:16 54:17 54:17 54:19 54:22 54:25 55:1 55:2 55:2 55:3 55:4 55:6 55:7 55:9 55:12 55:13 55:13 55:15 55:15 55:17 55:18 55:19 55:20 55:21 55:21 55:24 56:2 56:3 56:4 56:6 56:7 56:10 56:12 56:13 56:19 56:20 56:21 56:22 57:1 57:4 57:5 57:6 57:7 57:13 57:17 57:20 57:21 57:24 58:2 58:4 58:5 58:6 58:7 58:8 58:8 58:10 58:11 58:11 58:13 58:15 58:16 58:19 58:21 58:21 58:24 59:1 59:1 59:6 59:8 59:9 59:10 59:10 59:11 59:12 59:15 59:16 59:17 59:18 59:18 59:21 59:22 59:22 59:23 59:24 59:24 59:25 60:1 60:6 60:8 60:11 60:12 60:14 60:15 60:18 60:21 60:22 60:24 61:2 61:4 61:5 61:10 61:12 61:16 61:14 61:14 61:18 61:19 61:20 61:20 61:24 62:3 62:5 62:7 62:8 62:9 62:10 62:11 62:11 62:13 62:14 62:14 62:15 62:17 62:18 62:20 62:20 62:22 62:22 62:23 62:23 62:24 62:24 62:25 63:1 63:3 63:3 63:4 63:5 63:6 63:9 63:10 |
| the(301) | 63:10 63:12 63:12 63:13 63:13 63:13 63:14 63:14 63:16 63:19 63:20 63:21 63:22 63:24 64:1 64:2 64:2 64:3 64:7 64:9 64:15 64:18 64:20 64:24 64:25 65:1 65:3 65:7 65:11 65:11 65:13 65:15 65:15 65:18 65:19 65:20 65:20 65:22 65:25 65:25 66:2 66:3 66:5 66:6 66:7 66:7 66:10 66:12 66:12 66:13 66:14 66:15 66:16 66:20 66:21 67:1 67:2 67:5 67:7 67:8 67:9 67:10 67:11 67:14 67:15 67:21 67:24 68:1 68:3 68:4 68:5 68:6 68:6 68:9 68:11 68:11 68:13 68:15 68:16 68:16 68:17 68:19 68:20 68:21 68:21 68:23 69:1 69:2 69:3 69:3 69:5 69:8 69:10 69:11 69:12 69:12 69:15 69:15 69:16 69:18 69:19 69:21 69:21 69:23 70:2 70:2 70:3 70:3 70:6 70:14 70:19 70:21 70:22 70:24 71:1 71:1 71:4 71:5 71:7 71:8 71:8 71:9 71:10 71:14 71:15 71:17 71:19 71:21 71:22 72:1 72:3 72:7 72:8 72:9 72:10 72:14 72:15 72:15 72:16 72:16 72:18 72:18 72:21 72:23 72:24 73:7 73:15 73:16 73:17 73:21 73:22 73:24 74:2 74:4 74:7 74:8 74:10 74:11 74:12 74:14 74:15 74:15 74:17 74:21 74:21 74:21 74:22 74:23 74:24 74:24 74:25 75:1 75:2 75:2 75:3 75:5 75:9 75:9 75:10 75:10 75:11 75:11 75:14 75:15 75:17 75:18 75:20 75:24 76:2 76:4 76:4 76:4 76:5 76:5 76:7 76:8 76:9 76:11 76:11 76:12 76:13 76:14 76:15 76:17 76:19 76:20 76:20 76:21 76:22 76:25 77:3 77:5 77:5 77:8 77:11 77:19 77:19 77:23 77:24 78:2 78:3 78:5 78:10 78:13 78:14 78:18 78:19 78:24 79:3 79:3 79:3 79:5 79:14 79:15 79:17 79:19 79:20 79:21 79:21 79:22 79:24 80:3 80:3 80:6 80:7 80:8 80:10 80:11 80:11 80:12 80:13 80:14 80:16 80:16 80:19 80:22 80:23 80:25 81:3 81:3 81:4 81:6 81:7 81:8 81:9 81:10 81:11 81:14 81:15 81:16 81:22 81:25 82:4 82:11 82:12 82:13 82:14 82:14 82:15 82:16 82:18 82:19 82:20 82:21 82:22 82:24 83:3 83:4 83:5 83:8 83:11 83:13 83:15 83:16 83:20 |
| the(259) | 83:20 83:20 83:22 84:1 84:1 84:3 84:3 84:5 84:7 84:8 84:12 84:15 84:15 84:15 84:17 84:19 84:20 84:22 84:23 84:24 84:25 85:1 85:2 85:4 85:4 85:4 85:5 85:6 85:7 85:8 85:10 85:11 85:13 85:14 85:14 85:15 85:16 85:17 85:19 85:22 85:22 85:23 85:25 86:2 86:4 86:6 86:8 86:8 86:9 86:10 86:10 86:11 86:12 86:13 86:14 86:15 86:15 86:16 86:18 86:20 86:21 86:21 86:25 87:3 87:3 87:5 87:10 87:12 87:13 87:15 87:17 87:18 87:18 87:20 87:21 87:22 87:22 87:22 87:24 88:3 88:4 88:5 88:6 88:8 88:8 88:10 88:13 88:15 88:17 88:19 88:20 88:22 88:24 88:25 88:25 89:1 89:2 89:3 89:5 89:6 89:8 89:8 89:8 89:11 89:13 89:14 89:15 89:15 89:16 89:16 89:21 89:23 89:25 90:1 90:3 90:4 90:5 90:7 90:8 90:11 90:13 90:14 90:19 90:21 90:23 91:1 91:7 91:9 91:16 91:18 91:19 91:21 91:22 91:23 91:24 92:1 92:4 92:4 92:7 92:7 92:9 92:9 92:11 92:12 92:13 92:16 92:19 92:20 92:20 92:21 92:22 92:22 92:22 92:23 93:1 93:1 93:4 93:4 93:6 93:7 93:9 93:11 93:12 93:13 93:14 93:15 93:16 93:19 93:22 93:23 93:25 94:3 94:5 94:5 94:6 94:6 94:6 94:8 94:8 94:8 94:10 94:12 94:14 94:18 94:19 94:22 94:23 94:23 94:24 95:2 95:2 95:6 95:6 95:7 95:15 95:17 95:18 95:19 95:23 95:23 96:2 96:4 96:3 96:6 96:9 96:10 96:11 96:12 96:13 96:16 96:19 96:23 96:25 97:3 97:6 97:9 97:9 97:11 97:13 97:15 97:17 97:17 97:19 97:20 97:24 97:24 97:25 98:1 98:1 98:2 98:7 98:11 98:12 98:15 98:17 98:18 98:24 99:2 99:4 99:8 99:13 99:14 99:16 99:17 99:18 99:18 99:19 99:20 100:1 100:4 100:5 100:7 100:8 100:8 100:9 |
| their(31) | 23:22 27:15 33:10 35:2 36:3 36:4 41:10 47:25 48:13 58:19 63:15 63:24 64:4 64:16 65:25 66:17 67:11 67:22 68:2 68:9 69:3 70:8 70:10 77:16 77:17 82:7 82:9 82:17 82:20 91:2 97:10 |
| them(27) | 7:8 12:6 21:4 21:10 21:11 27:18 28:4 33:12 37:22 39:17 39:24 39:25 40:25 52:11 57:24 57:25 60:3 62:3 62:4 66:19 73:11 77:23 78:15 79:2 81:19 91:7 97:24 |
| then(43) | 5:1 7:11 7:22 9:11 9:16 10:4 10:13 11:17 12:3 14:21 15:1 16:4 23:3 27:10 35:1 38:20 48:3 48:8 51:21 51:24 52:1 55:20 56:1 56:6 70:11 70:16 72:19 73:3 73:9 73:11 76:14 76:17 76:22 86:6 86:21 87:6 89:15 90:25 91:3 92:6 93:20 96:22 97:2 |
| theories(1) | 9:1 |
| there(82) | 4:13 5:1 5:20 6:7 9:18 9:24 11:1 11:7 11:7 11:16 11:23 14:14 15:3 16:16 16:16 20:1 20:25 21:14 21:16 23:15 24:21 24:24 24:25 25:5 26:2 26:12 27:5 28:6 28:13 29:4 30:6 32:13 33:5 33:7 33:17 34:6 37:2 38:17 39:6 39:16 39:23 40:8 41:14 41:19 43:3 43:3 45:3 46:13 47:7 49:8 50:25 52:17 55:14 55:25 60:5 61:22 63:16 64:23 67:8 71:25 72:7 72:12 72:22 73:6 73:25 77:10 81:14 82:9 83:17 85:11 85:22 86:13 87:9 91:4 91:5 91:15 93:8 94:4 95:3 95:4 96:22 98:22 |
| thereby(1) | 92:10 |
| therefore(1) | 94:14 |
| there's(37) | 5:19 13:14 16:2 16:4 16:11 16:15 20:24 21:1 21:11 25:14 27:17 27:25 31:19 33:21 34:1 41:17 41:17 41:24 42:24 43:1 47:19 52:17 53:13 53:23 55:10 55:25 63:22 66:22 66:23 67:4 82:17 85:24 87:4 89:11 90:13 95:24 96:15 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**these**(21) 5:25 8:13 27:2 28:14 29:6 30:9 31:18 31:25 42:20 58:18 59:6 64:1 71:3 71:18 71:19 75:11 78:4 81:12 81:16 92:25 94:20

**they**(74) 9:8 10:13 11:23 13:6 13:8 14:9 21:22 22:2 22:18 25:24 26:8 27:7 27:11 27:13 27:14 27:19 28:2 28:2 28:20 28:21 33:10 38:5 40:24 42:4 42:20 42:22 43:24 56:3 59:10 59:11 63:25 64:10 64:11 64:13 64:13 64:13 64:15 66:14 66:16 66:19 67:18 68:22 68:23 69:3 69:5 69:9 69:13 69:22 69:22 69:24 69:25 70:3 70:4 70:5 75:13 77:16 77:21 77:22 77:22 78:14 80:7 80:14 81:13 81:15 81:19 82:6 82:7 82:20 83:5 83:21 88:20 91:16 96:1 96:23

**they'll**(1) 48:7

**they're**(10) 22:18 27:19 28:18 60:8 65:5 69:10 69:23 77:21 94:21 95:11

**they've**(11) 27:12 27:13 38:1 38:2 64:11 64:12 77:6 77:23 91:13 91:15 91:24

**thick**(1) 88:24

**thing**(13) 10:13 17:13 18:23 31:8 39:3 49:4 49:5 49:21 49:24 55:21 72:4 87:2 95:18

**things**(27) 4:14 7:24 11:1 11:8 13:8 16:7 17:1 18:9 19:24 20:23 21:13 22:1 24:15 25:19 31:22 34:19 36:10 44:23 48:22 70:7 71:17 80:7 80:8 80:23 88:23 88:23 95:25

**think**(115) 4:13 5:14 5:22 6:4 6:5 9:15 9:19 9:22 9:22 9:24 11:15 12:8 12:11 12:18 13:5 13:15 13:19 14:1 14:3 14:13 14:24 14:25 15:19 16:8 17:6 17:10 17:12 17:19 18:13 19:17 20:20 21:2 22:1 22:18 24:11 27:1 30:19 30:19 31:17 32:24 32:25 34:1 34:3 34:7 34:24 36:17 37:6 37:17 38:19 38:21 39:9 39:11 39:20 39:21 40:10 42:14 42:16 43:12 45:18 45:22 46:11 46:16 49:15 50:3 50:25 51:16 56:25 57:16 59:2 60:8 63:3 63:6 65:9 67:2 69:8 69:22 70:24 71:5 72:10 72:13 73:8 73:20 73:24 79:14 83:1 84:22 85:17 86:10 86:15 86:16 86:23 87:6 87:17 88:2 88:25 90:16 91:4 91:19 92:5 93:1 93:3 94:20 95:5 95:11 95:16 95:18 96:14 96:24 96:25 97:16 97:22 98:5 98:8 98:16 98:19

**thinking**(5) 6:3 47:3 48:8 52:10 93:6

**third**(7) 10:18 18:21 24:3 24:7 60:2 64:18 89:8

**this**(105) 4:7 5:24 13:23 14:5 14:7 14:12 14:16 14:25 15:6 15:8 16:14 17:6 17:16 18:8 18:20 18:23 19:7 19:17 23:16 23:24 24:7 24:12 27:13 27:21 29:2 30:23 31:11 31:15 32:25 33:5 35:12 37:14 38:14 38:17 41:8 41:23 42:1 42:13 43:4 44:24 45:3 52:2 52:22 53:8 53:19 55:5 57:1 57:5 58:10 58:12 58:20 58:23 58:24 59:13 59:21 59:22 61:9 63:12 64:6 64:21 66:11 70:15 70:25 71:13 72:1 72:6 72:13 72:19 72:23 73:8 73:10 74:6 75:8 75:17 77:22 78:9 78:11 78:18 79:12 80:17 80:17 81:12 82:6 83:17 88:16 89:9 89:25 91:25 92:21 93:4 94:19 95:1 95:18 96:4 96:4 99:3 99:23

**thomas**(1) 2:21

**those**(49) 4:10 6:4 7:8 7:18 7:21 8:11 9:2 10:9 10:10 10:25 11:15 13:3 21:10 23:6 25:10 25:11 25:22 25:22 25:26 26:13 28:3 28:22 30:17 31:4 43:19 51:22 54:14 55:18 60:2 62:1 63:18 65:24 68:2 69:6 76:21 77:15 78:15 79:6 79:18 79:25 83:5 89:18 90:1 91:12 92:2 94:7 97:23 98:25

**though**(7) 42:23 43:2 61:15 63:14 63:20 73:24 76:14

**thought**(10) 14:16 18:11 33:1 42:2 46:15 46:15 46:17 83:8 83:11 86:1

**thousands**(2) 66:4 77:15

**three**(9) 8:6 11:6 14:19 14:21 32:2 33:1 70:9 70:11 96:21

**threshold**(1) 93:8

**through**(21) 10:16 12:18 25:17 33:12 35:3 37:22 41:12 42:19 45:22 46:5 47:13 47:14 48:2 55:13 60:5 62:3 71:16 73:17 95:1 98:11 98:16

**throughout**(2) 17:6 78:9

**thursday**(1) 55:4

**thus**(1) 72:15

**tie**(1) 42:22

**tied**(3) 28:5 40:25 64:18

**tight**(1) 39:3

**time**(65) 8:20 9:4 9:25 10:17 12:13 18:13 20:19 24:8 24:22 25:23 26:6 26:16 26:24 27:1 27:14 27:16 28:4 28:12 33:8 34:7 34:12 35:10 37:5 37:11 37:22 38:12 38:16 38:19 39:3 39:6 45:18 46:2 46:22 47:12 47:17 50:3 63:2 69:11 69:17 70:1 70:2 71:4 71:9 72:2 72:22 74:11 74:21 75:2 77:6 78:16 78:16 79:11 79:24 82:17 89:18 89:23 90:2 93:8 95:19 97:25

**timed**(1) 61:17

**timeframe**(2) 58:25 82:14

**timeline**(7) 54:19 60:6 74:5 74:5 74:25 75:4 75:15

**timelines**(4) 31:25 32:1 32:3 35:17

**times**(5) 5:11 75:5 93:25 94:1 94:2

**timing**(1) 24:2

**tired**(2) 57:25 58:1

**tirelessly**(1) 21:5

**today**(19) 9:9 9:9 9:18 9:23 9:24 11:6 14:24 17:7 17:22 26:5 28:5 37:9 46:11 49:22 87:3 87:13

**togut**(5) 2:48 29:25 56:16 60:20 85:12

**told**(9) 12:12 13:2 13:15 13:16 57:19 63:20 64:3 64:4 66:16

**too**(7) 18:6 22:3 51:4 62:6 62:12 68:12 83:11

**took**(5) 10:16 30:5 41:19 79:20 98:16

**tort**(1) 93:17

**total**(1) 93:25

**totally**(1) 83:7

**touchy**(1) 68:5

**toward**(2) 57:17 58:6

**towards**(3) 61:15 84:18 89:25

**town**(1) 24:7

**tracing**(1) 94:16

**transcript**(3) 1:17 1:44 100:8

**transcription**(2) 1:37 1:44

**transferred**(1) 8:13

**transition**(3) 8:9 8:11 11:13

**transitioned**(1) 27:22

**treated**(1) 68:12

**treatment**(2) 32:19 84:15

**trial**(6) 32:2 34:16 36:13 56:5 85:24 97:14

**tried**(4) 14:24 17:4 26:8 75:18

**tries**(1) 63:19

**trimmed**(1) 24:19

**triple**(1) 12:6

**tripling**(1) 74:11

**trouble**(1) 59:17

**true**(1) 21:14

**trust**(1) 67:12

**trustee**(1) 75:2

**trustee's**(1) 28:16

**try**(17) 7:7 7:10 8:2 26:5 29:7 30:15 31:14 37:8 37:14 39:17 49:22 50:7 62:3 71:13 89:25 91:14 99:11

**trying**(17) 6:15 8:20 26:24 33:16 37:3 37:15 37:16 38:18 46:12 48:10 48:20 50:23 51:19 56:24 66:21 71:12 77:10

**tunnell**(1) 1:22

**turn**(3) 6:6 55:17 64:21

**tweed**(2) 2:20 3:27

**twenty-second**(2) 92:1 92:12

**twice**(1) 68:6

**two**(33) 7:24 9:1 11:1 11:8 11:18 17:7 23:9 23:17 24:6 28:5 28:22 30:17 33:6 34:17 35:9 41:14 45:3 47:24 53:14 57:12 63:16 64:25 74:18 78:23 78:25 82:20 83:17 86:6 91:19 91:24 93:17 94:4

**tyler**(1) 3:31

**type**(1) 45:23

**types**(1) 14:20

**u.k**(11) 6:23 7:3 7:12 10:8 10:18 10:23 12:1 13:7 21:9 21:21 93:14

**u.s**(28) 6:2 6:13 6:15 7:13 8:18 9:4 9:12 9:13 10:14 12:4 12:5 13:4 14:3 14:4 14:13 17:10 17:12 22:9 28:15 28:22 89:17 91:18 92:7 92:9 93:6 94:18 94:23 95:6

**ultimately**(3) 57:17 78:4 95:20

**uncomfortable**(1) 41:7

**unconscionable**(1) 94:17

**under**(20) 4:12 4:16 15:25 16:8 23:9 23:10 23:20 28:9 28:16 29:24 31:10 44:6 63:17 74:1 74:11 75:15 75:16 76:20 94:17 94:18

**underlying**(3) 25:20 25:21 94:14

**understand**(20) 18:5 18:11 20:21 32:21 38:17 39:15 43:21 47:9 48:25 50:25 61:15 63:25 67:18 68:14 80:19 82:1 82:5 85:9 90:11 92:4

**understanding**(4) 13:24 16:9 18:9 42:3

**understands**(2) 54:5 62:2

**understood**(4) 20:11 31:16 49:11 90:19

**underway**(1) 11:3

**undisputed**(1) 73:24

**unfair**(1) 82:13

**unfold**(1) 96:1

**unforeseen**(2) 62:21 63:7

**unfortunately**(5) 5:13 21:2 30:16 32:5 44:23

**unilateral**(1) 16:1

**unique**(1) 62:7

**uniqueness**(1) 54:11

**united**(2) 1:1 1:19

**universe**(2) 89:9 93:25

**unjust**(2) 93:18 94:18

**unliquidated**(2) 10:12 93:24

**unlock**(1) 6:15

**unnecessary**(1) 37:6

**unopposed**(2) 98:5 98:5

**unprepared**(2) 70:25 71:6

**unpunished**(1) 76:16

**unsecured**(3) 3:21 63:4 77:17

**unsuccessful**(1) 95:21

**until**(8) 30:14 37:10 45:24 46:6 47:5 57:16 62:3 70:5

**unwieldy**(1) 9:19

**update**(2) 5:1 16:23

**upheld**(1) 89:17

**upon**(5) 15:16 60:25 67:3 74:12 92:19

**urgency**(1) 18:8

**use**(5) 62:5 76:15 80:25 90:16 94:24

**used**(1) 63:5

**useful**(1) 20:20

**uses**(1) 68:5

**usually**(2) 39:11 83:22

**utility**(1) 50:3

**valid**(1) 67:6

**valuation**(1) 55:8

**value**(1) 58:20

**various**(1) 62:16

**varying**(1) 93:20

**vast**(1) 60:1

**versus**(2) 31:2 91:23

**very**(56) 7:8 7:13 7:19 8:9 8:19 10:10 16:5 17:11 18:10 19:6 19:14 21:3 21:20 29:21 39:9 39:14 39:14 40:14 41:8 41:15 42:15 43:5 43:12 44:12 45:4 46:10 51:25 54:7 56:23 56:24 57:3 57:18 60:20 64:6 67:9 67:25 72:22 73:6 73:12 74:4 75:14 76:13 80:10 80:13 83:9 85:2 86:22 91:5 91:20 93:3 94:5 95:14 97:1 98:12 99:9 100:3

**vest**(1) 63:15

**viable**(1) 31:6

**view**(11) 5:23 14:14 15:5 15:6 15:18 20:7 21:1 25:16 29:4 37:21 90:20

**viewed**(1) 67:22

**virtually**(2) 57:8 67:12

**virtue**(1) 50:24

**visteon**(9) 24:4 24:8 24:11 24:15 24:22 24:23 25:11 25:24 26:11

**viva**(3) 67:12 67:13 67:17

**voluntary**(3) 33:5 77:24 77:25

**vulnerable**(1) 58:12

**wait**(1) 27:8

**waiting**(1) 39:5

**waiver**(1) 80:4

**want**(38) 12:3 16:12 16:19 18:6 20:18 20:22 20:22 35:8 38:5 48:23 50:14 53:7 57:24 61:14 69:13 71:5 72:24 73:8 73:16 73:19 76:23 77:22 78:5 78:13 78:14 79:6 80:5 80:7 81:11 86:5 87:1 87:4 89:22 90:9 92:21 95:10 96:11 96:16

**wanted**(10) 4:19 16:23 19:12 40:25 41:6 46:25 70:23 76:3 87:11 87:11

**wanting**(2) 44:22 46:21

**wants**(2) 80:1 84:8

**was**(114) 6:1 6:3 8:5 8:7 8:12 9:14 9:19 9:21 9:22 9:24 9:25 11:1 11:3 11:7 11:14 11:15 11:16 11:23 12:4 12:8 12:19 12:22 13:19 13:19 13:21 14:22 15:18 16:7 16:10 16:10 16:11 18:8 18:8 18:11 18:12 18:12 20:14 23:21 24:4 24:21 24:24 24:25 25:3 25:4 25:16 26:12 27:11 28:15 29:2 29:4 29:9 29:25 30:1 30:3 37:2 37:3 40:20 41:11 41:12 41:18 41:21 43:12 44:25 45:4 45:14 45:24 46:3 46:13 46:17 46:18 47:3 47:4 47:8 48:8 48:9 49:7 50:5 55:22 56:21 57:8 59:11 59:17 60:25 64:3 66:22 66:22 69:16 70:25 71:6 71:22 71:22 72:12 72:12 76:2 79:23 80:12 81:10 81:11 84:13 85:8 86:3 88:6 90:24 95:25 98:9 100:5

**wasn't**(5) 24:23 40:24 41:19 61:1 71:2

**wasting**(1) 90:1

**way**(29) 6:15 7:8 15:25 16:8 21:5 21:24 28:1 41:21 42:21 43:6 46:16 46:17 52:17 55:13 58:5 59:17 60:8 61:14 69:12 70:24 71:14 72:18 74:9 78:18 83:13 84:18 92:13 95:6 95:18

**ways**(1) 7:13

| Word | Page:Line |
|------|-----------|

**webb**(1) 3:31
**wednesday**(1) 4:1
**week**(16) 5:3 32:9 32:10 32:11 32:24 32:24 36:14 40:6 52:9 52:11 52:15 52:15 53:15 56:6 57:6 73:5

**weekend**(1) 57:5
**weeks**(12) 14:19 14:21 46:23 47:24 53:14 64:8 70:9 70:11 74:18 82:20 86:6 96:22

**welcome**(3) 20:9 42:14 88:10
**welfare**(1) 62:16
**well**(40) 7:17 10:6 15:9 15:25 16:8 16:15 17:7 20:21 23:16 23:19 24:18 26:10 32:23 32:25 38:12 44:12 45:7 49:15 51:25 53:18 59:10 62:25 71:17 72:4 73:12 73:19 75:8 76:4 76:13 82:22 85:2 86:22 89:4 89:10 89:13 92:6 93:13 94:17 96:16 98:12

**well-known**(2) 29:14 63:8
**went**(9) 34:12 36:8 42:19 50:5 59:20 66:20 77:4 79:23 80:2

**were**(75) 6:2 8:5 8:8 8:20 8:21 9:18 9:23 10:1 10:10 10:13 10:15 10:25 11:7 11:21 12:12 12:14 13:1 13:2 13:3 13:6 13:9 13:15 14:19 16:8 18:9 18:20 20:11 24:6 26:20 26:21 28:13 29:6 29:8 30:1 34:6 37:22 40:24 41:1 45:2 45:3 45:14 45:25 47:4 47:7 48:10 48:12 49:3 57:12 57:13 57:14 57:18 57:19 57:19 59:11 59:16 59:18 61:5 61:5 65:5 66:5 69:5 69:6 71:1 71:2 72:1 77:2 79:2 79:12 80:13 80:24 83:9 87:6 93:9 95:4 95:4

**weren't**(1) 27:7
**west**(1) 3:14
**we'd**(5) 34:11 35:1 38:16 49:15 49:21
**we'll**(34) 21:13 34:18 37:12 38:8 38:8 38:13 38:19 38:20 38:21 39:17 39:25 41:4 48:3 48:7 51:23 51:24 52:1 55:17 68:20 69:11 70:17 74:3 80:5 80:20 86:7 86:20 87:22 90:13 96:21 97:4 97:8 97:18 99:1 100:4

**we're**(72) 4:19 6:15 9:22 12:23 14:1 14:11 15:1 15:23 17:3 17:19 18:15 20:15 23:23 31:13 32:7 33:18 34:7 34:24 35:11 35:18 37:15 37:15 37:23 38:9 38:12 38:18 39:14 42:22 43:10 44:5 46:16 46:20 48:4 48:5 50:24 52:13 53:16 58:14 59:4 60:3 62:12 66:17 68:18 71:14 72:4 72:5 73:21 74:8 74:11 75:3 75:4 75:5 75:8 76:10 76:14 76:17 77:9 77:9 78:21 80:9 80:15 80:15 81:12 81:23 86:21 90:1 90:10 94:3 95:1 95:15 95:23 97:13

**we've**(66) 5:10 5:14 6:16 6:16 6:22 8:2 8:16 13:18 13:22 14:24 15:7 17:6 18:23 19:18 22:7 24:13 27:16 31:22 31:23 32:4 32:12 32:25 33:14 33:25 35:18 36:18 37:7 37:21 42:14 43:14 45:18 45:19 45:21 46:12 47:24 47:25 48:25 49:24 50:4 51:1 54:20 55:10 56:23 56:24 56:25 57:3 58:9 58:15 58:21 58:22 59:22 60:4 67:18 76:16 77:3 77:7 77:7 77:25 78:3 78:4 78:9 78:24 87:17 87:20 90:25 99:14

**what**(65) 10:6 16:10 17:9 19:14 19:24 20:22 22:25 24:13 25:1 32:7 33:18 35:11 35:18 36:10 41:4 41:6 41:22 41:23 42:5 45:25 47:23 48:4 48:16 49:23 50:4 50:6 51:4 51:21 51:23 52:13 54:3 54:3 55:11 63:25 64:2 64:3 64:13 64:14 65:11 66:17 66:22 68:19 70:4 71:14 73:20 75:9 77:25 78:17 79:11 81:4 81:7 86:3 86:20 87:24 88:21 90:7 91:16 93:5 93:6 95:3 95:5 96:25 98:10 98:16 98:22

**whatever**(5) 17:3 20:2 30:4 83:1 99:20
**whatsoever**(1) 81:15

**what's**(8) 20:21 37:4 38:3 42:11 42:15 67:8 90:24 91:13

**when**(24) 5:25 8:24 9:8 9:19 9:21 10:5 11:15 13:1 13:11 14:18 14:23 22:4 24:3 31:7 38:1 41:2 45:2 46:20 64:14 71:22 77:4 77:9 78:19 79:12

**whenever**(2) 38:5 45:13
**where**(25) 6:9 9:17 10:2 12:11 13:8 14:12 15:3 15:20 16:25 17:14 17:20 18:5 20:23 36:10 37:23 42:23 46:19 48:12 50:5 57:24 69:20 74:23 75:3 91:1 94:3

**whereupon**(1) 100:5
**whether**(11) 11:12 25:13 25:22 44:6 61:8 63:15 63:24 67:4 69:22 69:22 79:16

**which**(56) 4:19 6:23 7:9 7:12 11:4 12:25 15:25 16:6 18:2 20:5 21:1 25:9 27:23 29:22 32:11 34:10 38:7 40:8 40:18 42:24 46:1 47:7 47:19 49:18 53:7 54:20 55:17 56:20 61:12 62:19 63:18 63:25 65:13 65:20 66:23 66:24 68:20 69:10 69:14 70:3 72:12 72:15 74:16 74:17 75:2 75:12 79:2 83:25 85:23 87:9 93:2 94:13 94:16 94:24 95:1 99:9

**while**(14) 13:22 17:12 30:5 43:21 44:9 46:14 46:23 48:10 48:10 48:11 55:8 55:12 74:6 76:23

**whispering**(1) 13:7
**who**(22) 4:22 15:20 16:3 16:17 23:14 24:25 26:4 27:24 27:25 32:18 34:6 37:3 53:23 56:20 58:8 58:11 58:18 64:7 65:24 69:19 76:3 81:11

**whole**(1) 93:5
**who's**(1) 56:11
**why**(12) 10:22 21:20 45:6 47:4 58:23 62:9 62:11 62:12 67:18 69:5 78:3 89:24

**will**(60) 7:4 7:14 9:3 14:7 15:2 16:13 19:23 20:4 21:13 24:13 34:5 34:10 34:16 34:16 37:6 37:6 37:17 37:25 39:7 39:11 40:5 41:2 41:3 42:3 44:6 50:16 51:2 52:9 53:18 55:11 55:12 56:20 60:9 61:25 62:1 63:12 63:25 67:1 67:1 67:8 67:19 67:25 68:14 72:24 73:21 73:23 74:1 74:2 74:6 77:23 78:7 79:25 85:15 86:14 91:6 91:11 95:19 97:23 98:10 98:21

**willing**(5) 27:5 27:5 31:14 64:12 80:15
**willingly**(1) 59:7
**wilmington**(8) 1:12 1:26 2:17 2:31 2:45 3:7 3:15 4:1

**wind**(1) 90:13
**winkler**(6) 12:22 13:1 13:17 13:18 14:2 18:17

**winnow**(1) 93:10
**winter**(1) 43:13
**wish**(1) 95:9

**with**(169) 6:22 7:3 7:4 7:7 7:8 7:15 7:16 7:23 8:3 8:9 9:4 10:15 10:17 12:3 12:10 12:25 13:15 13:17 14:2 14:6 14:21 15:18 15:23 17:22 19:16 19:19 19:21 20:3 20:4 21:2 21:3 21:6 21:11 21:15 22:5 22:8 22:21 23:4 23:11 23:12 23:24 24:10 26:7 26:24 26:25 27:4 27:6 27:16 27:21 27:22 28:10 28:14 28:20 29:23 30:2 30:6 30:7 30:9 30:10 31:10 31:18 31:23 31:24 32:4 32:6 32:9 32:11 33:4 34:9 35:6 35:16 36:9 37:10 37:20 38:3 38:6 38:9 38:14 38:20 38:20 39:22 40:4 40:14 41:18 42:3 43:4 45:3 45:6 46:5 46:22 47:13 47:13 47:18 48:3 48:12 50:7 50:15 52:16 52:18 55:13 55:14 55:16 57:4 58:13 59:3 59:4 59:7 60:2 60:3 60:3 61:5 61:6 61:7 61:18 64:10 64:10 64:12 64:17 65:4 66:7 66:11 68:23 69:15 72:9 73:10 73:18 74:10 75:12 75:14 76:18 76:22 76:25 78:7 78:15 78:20 79:3 79:6 79:7 79:10 79:16 79:18 79:20 83:4 83:8 83:9 85:10 85:12 85:16 85:18 86:19 87:25 87:25 88:16 88:25 89:16 89:20 89:23 89:25 90:23 91:13 92:3 92:11 95:9 96:4 96:10 97:24 98:4 98:25 99:21

**withdrawing**(1) 26:16
**withdrew**(2) 24:9 26:19
**withhold**(1) 51:5
**within**(7) 14:10 21:17 42:8 72:23 75:10 75:18 91:2

**without**(11) 4:13 13:24 14:16 15:14 15:15 24:9 37:9 37:14 68:17 69:11 90:17

**witness**(5) 36:1 36:8 36:14 55:5 56:5
**witnesses**(9) 34:6 34:18 36:3 36:4 36:6 36:12 55:9 64:6 72:25

**won't**(3) 16:10 16:11 75:24
**word**(3) 51:5 68:5 90:16
**words**(2) 49:3 72:1
**work**(23) 7:20 17:7 27:24 27:24 39:17 41:11 41:17 41:24 41:25 43:14 48:2 48:5 48:5 50:7 52:18 59:5 60:3 60:5 61:11 61:25 64:7 70:13 91:19

**workable**(1) 60:9
**worked**(11) 21:5 26:4 27:10 30:15 45:24 46:23 57:15 57:16 58:6 58:13 58:18

**working**(10) 8:19 21:23 27:13 33:20 37:7 46:10 56:23 57:3 59:4 69:5

**works**(3) 28:2 78:19 99:20
**world**(2) 6:1 6:14
**worse**(2) 69:6 95:23
**worth**(1) 65:25
**worthwhile**(3) 21:25 23:15 24:14
**would**(97) 5:22 11:4 11:11 11:12 12:14 12:15 13:16 15:5 16:17 19:17 20:8 20:20 21:22 24:2 24:3 25:4 25:21 25:22 26:10 26:22 29:7 29:22 31:12 34:20 34:25 35:12 35:14 35:20 39:3 39:6 40:9 41:22 41:23 42:2 42:5 42:5 42:9 42:10 42:13 44:7 46:4 46:8 46:15 46:18 49:4 50:3 54:7 55:3 55:5 55:19 55:20 55:22 56:1 56:1 56:2 60:14 60:14 63:9 65:1 65:22 66:15 67:6 68:21 69:23 69:24 69:24 72:3 72:4 73:3 74:16 74:18 76:6 80:8 80:8 81:4 82:18 83:5 83:25 84:11 85:3 87:24 88:20 89:7 90:16 91:2 91:4 91:21 92:3 92:8 92:8 92:10 92:20 94:13 94:16 94:22 95:2 95:6 96:20

**wouldn't**(5) 22:11 46:3 63:20 74:9 90:15
**write**(2) 12:13 84:20
**written**(5) 35:20 35:21 54:21 54:22 91:21
**wrong**(1) 85:8
**www.diazdata.com**(1) 1:41

**year**(22) 8:5 8:6 8:8 10:5 27:13 28:22 29:2 30:24 31:5 33:6 37:19 45:15 45:15 46:16 53:11 53:11 59:25 68:7 77:20 78:21 91:4 93:3

**year-end**(1) 40:11
**years**(4) 9:1 23:17 43:24 49:4
**yes**(68) 4:6 4:11 4:18 4:24 5:21 6:8 6:11 6:25 11:22 13:22 16:24 17:2 18:1 18:25 19:4 21:11 23:2 29:11 29:13 29:16 29:19 32:21 34:22 35:5 37:1 38:23 40:12 40:16 40:22 44:13 44:16 44:18 45:16 47:11 47:16 51:15 52:24 53:1 53:9 54:2 56:17 58:2 58:4 65:16 68:5 81:22 83:12 84:12 84:20 84:22 85:2 85:8 85:19 86:25 88:6 88:10 88:13 89:11 90:8 92:15 93:19 94:10 94:12 96:7 96:8 96:13 98:14 99:16

**yesterday**(9) 33:15 37:8 59:4 61:5 61:5 69:11 71:2 74:18 74:18

**yet**(5) 9:25 13:18 73:22 79:7 81:4
**york**(8) 1:33 2:10 2:23 2:37 2:51 29:12 30:7 57:12

**you**(226) 4:2 4:23 5:2 5:2 5:12 5:17 7:17 9:3 10:5 10:13 10:23 12:12 12:12 12:13 12:13 12:14 12:15 12:21 14:9 14:19 14:23 15:6 15:15 15:20 15:22 16:13 16:23 16:25 17:9 17:10 17:15 17:17 17:20 17:22 18:2 18:6 18:6 18:12 20:10 20:11 20:24 20:24 22:5 22:20 25:12 25:17 25:21 29:1 29:25 31:4 31:20 31:22 32:22 32:24 33:17 34:4 34:16 34:20 35:15 35:15 36:19 36:21 36:22 38:6 38:9 38:25 39:1 39:2 39:4 39:8 39:21 40:1 40:1 40:6 40:7 40:10 40:10 40:13 40:23 40:24 40:25 41:1 41:5 41:16 43:15 43:15 44:4 44:6 44:8 44:12 44:14 44:23 44:23 45:10 45:14 46:18 46:20 46:21 46:25 47:1 47:4 49:4 49:23 50:7 50:8 50:18 50:22 51:11 52:2 52:2 52:5 52:7 52:18 53:2 53:6 53:6 53:7 53:10 53:14 56:13 57:21 57:24 57:24 60:15 60:17 60:19 60:24 61:4 61:4 64:14 67:1 67:2 68:22 69:2 69:24 70:13 70:14 70:16 70:19 70:22 71:5 72:4 72:18 73:7 73:12 73:15 73:16 75:24 75:25 76:18 77:12 77:13 77:13 77:14 78:1 78:12 78:16 78:17 78:23 79:12 80:5 80:5 80:10 80:21 80:22 81:8 82:22 83:2 83:11 83:13 84:10 84:11 85:7 86:1 86:5 86:6 86:13 86:22 86:22 87:16 87:25 88:2 88:7 88:10 88:11 89:17 90:3 90:4 90:6 90:10 91:7 92:2 92:16 92:18 95:12 95:13 96:2 96:3 96:11 96:11 96:16 96:18 97:1 97:6 97:7 97:8 97:11 97:12 97:14 97:21 98:2 98:21 98:22 99:4 99:4 99:6 99:7 99:10 99:11 99:20 99:21 100:1 100:1 100:2 100:2 100:3

**young**(3) 2:26 3:4 3:36

| Word | Page:Line |
|------|-----------|

**your**(175) 4:4  4:7  4:9  4:13  4:22  5:7  5:10
6:6  6:9  7:1  7:17  9:14  10:14  11:17  11:20
12:10  12:13  13:2  13:14  14:3  14:6  14:17
14:23  15:2  15:5  15:13  16:22  17:15  17:21
19:1  19:12  19:14  19:17  20:3  20:11  20:13
22:19  23:5  23:9  23:16  23:18  27:18  28:17
29:1  30:2  30:12  32:7  32:8  33:8  33:11
34:10  35:1  35:12  35:16  36:9  36:21  37:2
38:21  39:1  39:15  39:20  39:25  40:1  40:7
40:9  40:17  40:19  41:16  42:13  43:16  44:4
44:14  45:15  45:24  47:1  47:2  48:18  49:21
50:21  51:10  52:5  52:16  52:19  52:20  53:2
53:9  53:12  53:16  54:7  54:14  55:12  56:3
56:21  57:7  58:20  59:14  59:24  60:7  60:9
60:14  60:19  60:20  61:3  61:8  61:21  62:2
62:25  63:10  64:9  65:3  65:10  66:11  67:3
67:3  67:10  67:20  69:1  69:16  70:1  70:5
70:12  70:13  70:18  71:7  71:11  73:12  75:19
75:23  76:18  77:13  78:11  79:19  80:15
80:23  81:6  81:8  81:12  81:18  81:20  82:5
83:7  84:10  85:3  86:8  86:12  86:24  87:21
88:11  89:5  89:19  90:18  91:22  92:3  92:18
92:20  93:7  93:11  93:22  94:7  94:20  95:9
95:14  95:19  96:8  96:20  96:21  97:4  97:8
97:12  97:16  97:22  98:4  98:8  99:6  100:3

**yours**(1) 18:12
**you'd**(3) 49:13  51:10  96:19
**you'll**(4) 40:8  58:25  85:17  86:12
**you're**(8) 20:3  25:12  31:1  39:22  47:1
48:17  75:22  78:19

**you've**(3) 22:16  27:18  68:18
**zahralddin**(43) 3:12  36:19  36:21  36:23
37:2  37:25  38:24  39:1  39:2  40:16  40:17
40:18  40:23  43:18  44:14  45:7  49:21  50:2
50:11  50:13  51:7  51:9  51:14  51:18  51:24
52:1  52:5  52:6  84:8  84:10  84:13  84:18
86:24  87:1  87:16  98:3  98:5  98:8  98:14
98:16  98:19  98:25  99:6

**zahralldin**(1) 36:23
**zero**(3) 77:8  77:15  77:15
**zloto**(1) 3:50
**"assures**(1) 68:10
**"provides**(1) 68:2
**"unilateral**(1) 62:15