IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
---------------------------------------------------------X   Objections Due: August 27, 2012 at 4:00 p.m. (ET)


**TWENTY-THIRD MONTHLY APPLICATION OF RLKS EXECUTIVE SOLUTIONS LLC, AS CONSULTANTS TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MAY 1, 2012 THROUGH MAY 31, 2012**

| | |
|---|---|
| Name of Applicant: | RLKS EXECUTIVE SOLUTIONS LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | August 18, 2010 <u>nunc</u> <u>pro</u> <u>tunc</u> to July 9, 2010 |
| Period for which Compensation and reimbursement is sought: | May 1, 2012 Through May 31, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $340,132.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $24,463.88 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

This is an  x  interim         ___ final application

The total time expended for fee application preparation is approximately 11.50 hours and the corresponding compensation requested is approximately $5,175.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
| --- | --- | --- | --- |
| 09/09/2010 | 07/09-31/2010 | $15,637.50 / $927.14 | $15,637.50 / $927.14 |
| 09/09/2010 | 08/01-31/2010 | $19,800.00 / $1,263.80 | $19,800.00 / $1,263.80 |
| 11/10/2010 | 09/01-30/2010 | $34,627.50 / $4,229.39 | $34,627.50 / $4,229.39 |
| 11/15/2010 | 10/01-30/2010 | $43,042.50 / $4,181.32 | $43,042.50 / $4,181.32 |
| 02/21/2011 | 11/01-30/2010 | $71,662.50 / $14,681.34 | $71,662.50 / $14,681.34 |
| 02/21/2011 | 12/01-31/2010 | $56,745.00 / $6,133.00 | $56,745.00 / $6,133.00 |
| 02/24/2011 | 01/01-31/2011 | $98,865.00 / $13,980.50 | $98,865.00 / $13,980.50 |
| 05/31/2011 | 02/01-28/2011 | $98,775.00 / $9,139.12 | $98,775.00 / $9,139.12 |
| 05/31/2011 | 03/01-31/2011 | $98,190.00 / $11,570.24 | $98,190.00 / $11,570.24 |
| 05/31/2011 | 04/01-30/2011 | $62,685.00 / $8,528.80 | $62,685.00 / $8,528.80 |
| 08/29/2011 | 05/01-31/2011 | $59,265.00 / $8,298.19 | $59,265.00 / $8,298.19 |
| 08/29/2011 | 06/01-30/2011 | $143,100.00 / $18,150.50 | $143,100.00 / $18,150.50 |
| 08/29/2011 | 07/01-31/2011 | $151,605.00 / $8,287.64 | $151,605.00 / $8,287.64 |
| 11/14/2011 | 08/01-31/2011 | $243,832.50 / $19,835.57 | $243,832.50 / $19,835.57 |
| 11/14/2011 | 09/01-30/2011 | $276,952.50 / $20,268.96 | $276,952.50 / $20,268.96 |
| 11/14/2011 | 10/01-31/2011 | $221,422.50 / $22,342.00 | $221,422.50 / $22,342.00 |
| 02/06/2012 | 11/01-30/2011 | $174,802.50 / $14,085.77 | $174,802.50 / $14,085.77 |
| 02/07/2012 | 12/01-31/2011 | $187,627.50 / $8,230.01 | $187,627.50 / $8,230.01 |
| 02/27/2012 | 01/01-31/2012 | $336,375.00 / $42,037.13 | $336,375.00 / $42,037.13 |
| 05/22/2012 | 02/01-29/2012 | $391,725.00 / $20,741.37 | $391,725.00 / $20,741.37 |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

| 05/22/2012 | 03/01-31/2012 | $388,597.50 / $17,617.17 | $388,597.50 / $17,617.17 |
|---|---|---|---|
| 05/29/2012 | 04/01-30/2012 | $339,435.00 / $12,567.42 | $339,435.00 / $12,567.42 |

**COMPENSATION BY PROFESSIONAL**

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2012 through May 31, 2012

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Richard A. Lydecker | CEO / Bankruptcy Wind Down | 450 | 68.40 | $ 25,942.50 |
| Kathryn Schultea | COO / Bankruptcy Wind Down | 450 | 181.70 | 74,565.00 |
| Raj Perubhatla | Sr. Director / Systems & Information | 450 | 209.00 | 88,087.50 |
| Mary Cilia | Sr. Director / Claims Administration | 450 | 168.90 | 73,755.00 |
| Brandon Bangerter | Director / Systems & Information | 450 | 182.50 | 77,962.50 |
| **Total** | | | 810.50 | $ 340,132.50 |
| **GRAND TOTAL:** | $340,132.50 | | | |
| **BLENDED RATE:** | $450.00 | | | |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

May 1, 2012 through May 31, 2012

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---|---|
| NNI Document and eData Preservation Projects | 218.80 | $ 98,460.00 |
| Facility Document Inventory & Evacuation Review | 34.50 | 15,525.00 |
| Human Resources – Employee Related Projects | 106.00 | 47,700.00 |
| Fee Apps | 11.50 | 5,175.00 |
| Non-working travel | 108.50 | 24,412.50 |
| Claims Administration | 280.10 | 126,045.00 |
| Tax/Finance Matters & Budget Projects | 45.60 | 20,520.00 |
| Misc Debtor Issues and Communications | 5.50 | 2,475.00 |
| **TOTAL** | **810.50** | **$ 340,132.50** |

- 5 -

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

May 1, 2012 through May 31, 2012

| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
|---|---|---|
| Travel – Airline | | $ 13,806.26 |
| Travel – Lodging | | 6,863.81 |
| Travel – Transportation | | 2,572.64 |
| Travel – Meals | | 1,221.17 |
| Office Expense | | 0.00 |
| **Grand Total Expenses** | | **$ 24,463.88** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | Objections Due: August 27, 2012 at 4:00 p.m. (ET) |

**TWENTY-THIRD MONTHLY APPLICATION OF RLKS EXECUTIVE SOLUTIONS LLC, AS CONSULTANTS TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MAY 01, 2012 THROUGH MAY 31, 2012**

RLKS Executive Solutions LLC ("RLKS"), Consultants to Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by RLKS to the Debtors for the period May 1, 2012 through May 31, 2012 (the "Application Period") and reimbursement of actual and necessary expenses incurred by RLKS during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "<u>Interim Compensation Procedures Order</u>")[2]. In support of this Application, RLKS represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## RLKS' RETENTION

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

4. Subsequent to the Petition Date, the Debtors engaged RLKS as document management and data preservation consultants to the Debtors in connection with these bankruptcy cases. On August 18, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 328(a), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 Authorizing Employment and Retention of RLKS Executive Solutions LLC as consultants to the Debtors *nunc pro tunc* to July 9, 2010 (D.I. 3800).

**FEE PROCEDURES ORDER**

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

**RELIEF REQUESTED**

7. RLKS submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as consultants to the Debtors in these cases for the period from May 1, 2012 through May 31, 2012,

and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, RLKS incurred fees in the amount of $340,132.50. For the same period, RLKS incurred actual, reasonable and necessary expenses totaling $24,463.88. With respect to these amounts, as of the date of this Application, RLKS has received no payments.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. During the Application Period, RLKS provided services largely around data and document retention projects, system and infrastructure reduction and changes, claims review and administration, as well as assisted with employee related matters. Efforts continue with projects in the finance and tax area related matters. RLKS continues to coordinate the document preservation projects and litigation document recovery support. Multiple work streams continue in the IT area to secure data and support the end estate as defined by the key subject functional areas. RLKS has helped drive these efforts and has provided leadership and services to support the infrastructure and business requirements. As necessary, RLKS continues to participate and lead projects in several key human resources subject areas supporting wind down projects, and other current and former employee related matters.

11. <u>Exhibit A</u> attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

- 5 -

12. <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by RLKS during the Application Period.

13. In accordance with Local Rule 2016-2, RLKS has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

14. RLKS has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned within RLKS so that work has been performed by those most familiar with the particular matter or task. Moreover, RLKS has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors. We believe we have been successful in this regard.

15. No agreement or understanding exists between RLKS and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

16. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, RLKS respectfully requests that this Court: (a) allow RLKS (i) interim compensation in the amount of $340,132.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period May 1, 2012 through May 31, 2012, and (ii) interim reimbursement in the amount of $24,462.88 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to RLKS the amount of $272,250.00 which is equal to the sum of 80% of RLKS' allowed interim compensation and 100% of RLKS' allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: August 6, 2012                     RLKS EXECUTIVE SOLUTIONS LLC


                                          */s/  Kathryn Schultea*
                                          Richard A. Lydecker
                                          Kathryn Schultea
                                          101 Westcott, #706
                                          Houston, TX  77007
                                          P.O. Box 131726
                                          Houston, TX 77219-1726
                                          Telephone:  713-824-2905
                                          Facsimile:  713-869-3102