# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
: Chapter 11
: 
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
         Debtors. :
: **RE:  D.I. [ ]**
: 
: 
: 
---------------------------------------------------------X


**ORDER GRANTING JOINT MOTION FOR A SCHEDULING ORDER
BIFURCATING PROCEEDINGS AND STAYING CERTAIN
DISCOVERY ON CLAIMS BY THE EMEA CLAIMANTS**

Upon the Joint Motion for a Scheduling Order Bifurcating Proceedings and Staying Certain Discovery on Claims by the EMEA Claimants (the "Motion")[2] filed by Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), requesting an order pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003, 3007, 7042, and 9014, bifurcating proceedings relating to the EMEA Claims to prioritize discovery and resolution of certain claims brought by Nortel

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2

Networks UK Limited ("NNUK") pursuant to Claim No. 7786, and staying discovery on the remaining claims brought on behalf of NNUK and the other EMEA Claimants; and upon the Declaration of Luke A. Barefoot in Support of the Joint Motion for a Scheduling Order Bifurcating Proceedings and Staying Certain Discovery on Claims by the EMEA Claimants [D.I.  ], as well as the documents attached thereto; and upon the record of these Chapter 11 proceedings; and upon the record of the hearing on the Motion held on August 22, 2012; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED**.

2. Resolution of the EMEA Claims is hereby bifurcated pursuant to Bankruptcy Rule 7042, which (i) provides the most efficient manner of resolving the claims of NNUK and the other EMEA Claimants, and (ii) will materially progress resolution of those claims and the Debtors' proceedings while conserving judicial resources and potentially avoiding time-consuming and unnecessary discovery, without prejudice to any party.

3. The parties shall proceed with discovery and resolution of the NNUK Claim solely on the issues of: (1) whether NNUK was solvent at all times relevant to NNUK's claims ("Solvency"); and (2) whether NNI received any funds traceable to NNUK or otherwise causally related to payments or transfers made by NNUK ("Tracing").

4. In conducting the limited discovery authorized by this order on the issues of Solvency and Tracing, and in furtherance of a bifurcated resolution of the EMEA Claims

3

prioritizing resolution of those issues, the Debtors and NNUK (the "Parties") shall adhere to the following schedule, *provided however*, that the parties may vary such schedule on mutual agreement:

    i. By September 5, 2012, the Parties shall:

        (a) Serve reasonable requests for the production of non-privileged documents, including any third-party document requests;

        (b) Propound no more than twenty (20) interrogatories.

    ii. By September 19, 2012, the Parties shall:

        (a) Serve objections and responses to the document requests and interrogatories;

        (b) Commence rolling productions of documents in response to the requests for production to the extent not objected to, working in good faith to produce all requested documents at the earliest practicable date.

    iii. By October 3, 2012, the Parties shall:

        (a) By simultaneous submission, present to this Court any disputes regarding document requests or interrogatories.

    iv. By November 7, 2012, the Parties shall:

        (a) Complete production of all responsive documents, except as directed by the Court in response to properly submitted disputes;

        (b) Identify experts solely with respect to the issues of Solvency and Tracing.

    v. By November 28, 2012, the Parties shall:

        (a) Exchange expert reports on the issues of Solvency and Tracing.

    vi. By December 21, 2012, the Parties shall:

        (a) Exchange expert rebuttal reports on the issues of Solvency and Tracing.

    vii.    By January 16, 2013, the Parties shall:

        (a)    Complete depositions of each other's experts on the issues of Solvency and Tracing.

    viii.    *In the event of a motion for summary judgment:*

        (a)    By February 6, 2013, the Movants shall:

            (A)    File with this Court a written summary judgment motion (if any) on the issues of Solvency and Tracing.

        (b)    By February 27, 2013, the EMEA Claimants shall:

            (A)    File with this Court any written opposition to a summary judgment motion on the issues of Solvency and Tracing.

        (c)    By March 13, 2013, the Movants shall:

            (A)    File with this Court any reply in support of a summary judgment motion

    ix.    *In the event no motion for summary judgment is made:*

        (i)    By February 13, 2013, the Parties shall:

            (A)    By simultaneous submission, file with this Court their written pre-trial submissions on the issues of Solvency and Tracing.

        (ii)    By March 6, 2013, the Parties shall:

            (A)    By simultaneous submission, file with this Court their written reply pre-trial submissions on the issues of Solvency and Tracing.

5.    The Court shall set a date for oral argument on summary judgment regarding the issues of Solvency and Tracing (or a hearing on the issues of Solvency and Tracing in the event that no motion for summary judgment is filed), which, subject to the calendar and scheduling discretion of the Court, shall commence no later than two weeks after either the Movants' reply submission in support of summary judgment or the Parties' simultaneous reply pre-trial submissions.

6. Except as expressly authorized by this Order or further order of the Court all other discovery on the EMEA Claims is hereby stayed.

7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: _____, 2012
      Wilmington, Delaware

                                          _____
                                          THE HONORABLE KEVIN GROSS
                                          CHIEF UNITED STATE BANKRUPTCY JUDGE