IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
                                                            :    Case No. 09-10138(KG)
Nortel Networks Inc., *et al.*,[1]                          :
                                                            :    (Jointly Administered)
                Debtors.                                    :
                                                            :
------------------------------------------------------------x

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE THAT, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, plaintiff intends to serve the attached subpoena on the ad hoc group of bondholders of the above-captioned Debtors, to the attention of Milbank, Tweed, Hadley & McCloy LLP, c/o Thomas J. Matz, Esq.

| | |
|---|---|
| Dated: August 10, 2012<br>Wilmington, DE | **MCCARTER & ENGLISH, LLP**<br><br>*/s/ William F. Taylor, Jr.*<br>―――――――――――――――――――<br>William F. Taylor, Jr. (DE Bar I.D. #2936)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>(302) 984-6300<br>(302) 984-6399 Facsimile<br>wtaylor@mccarter.com<br><br>-and- |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

Albert Togut, Esq.
Neil Berger, Esq.
Richard K. Milin, Esq.
Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
   (212) 967-4258 Facsimile
altogut@teamtogut.com
neilberger@teamtogut.com
rmilin@teamtogut.com

*Counsel to the Official Committee of Retired Employees*

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Nortel Networks Inc., *et al.*

**SUBPOENA IN BANKRUPTCY CASE**

Case No. 09-10138 (KG)
Chapter 11

Debtors.

**To:**  Ad hoc group of bondholders of the above-caption Debtors
Attn:  Milbank, Tweed, Hadley & McCloy LLP
       1 Chase Manhattan Plaza
       New York, NY 10005
Attn:  Thomas J. Matz, Esq

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Documents as set forth on Schedule A attached hereto.**

| PLACE Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119<br>c/o Richard K. Milin | DATE AND TIME<br><br>**August 24, 2012 at 5:00 p.m.** |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>   /s/ Richard K. Milin, Esq. | DATE<br><br>**August 10, 2012** |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
       Richard K. Milin
       Togut, Segal & Segal LLP
       One Penn Plaza, Suite 3335
       New York, NY 10119
       (212) 594-5000

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

ME1 11740747v.1

B255 (Form 255 - Subpoena in an Adversary Proceeding) (12/07)

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                DATE                                                               SIGNATURE OF SERVER

                                                                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivision (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty to impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form of forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, or on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(b)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held:
            (iii) requires disclosure of privilege or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information.
            (ii) disclosing an unretained expert's opinion or information that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified condition if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

1. The use of the singular form of any word includes the plural and vice versa.

2. "All," "any," and "each" shall each be construed to include all, any, and each.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all documents that might otherwise be construed to be outside of its scope. "And" and "or" shall also be construed either disjunctively or conjunctively in any definition as necessary to give the definition its broadest scope.

4. "Bondholder Group" means the ad hoc group of bondholders holding claims against certain of the Debtors that is jointly represented by the Milbank Tweed firm in the Chapter 11 case.

5. The term "Chapter 11 Case" means the jointly administered chapter 11 cases reference in the subpoena.

6. The term "Chapter 11 plan" means a plan of reorganization or liquidation approved under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*.

7. The term "communication" means any transmission of words, images, facts, numbers or ideas, including but not limited to any transmission in or by means of a document (as defined below), spoken word, conversation, conference, discussion, interview, audio or video recording, report or meeting, or any email, telephone, facsimile or other electronic transmission.

8. The term "concerning" means relating to, referring to, describing, mentioning, evidencing or constituting.

9. The terms "Debtor" and "Debtors" refer to any one or more of the debtors in the Chapter 11 Case, including, Nortel Networks Inc., Nortel Networks Capital Corporation,

Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems, Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc., and any of their predecessor entities, any parents, subsidiaries, members or affiliates of any of the foregoing, and any directors, officers, employees, representatives, advisors, agents, attorneys, associates or persons acting for or on behalf of any of the foregoing.

10. The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes any written, printed, typed, electronic, or other recorded matter of any type or nature, however produced or reproduced, including information recorded in paper, digital, analog, graphic, electronic or photographic form; writings; emails; drawings; graphs; tables; photographs; telephone logs and records; electronic or computerized information, data or data compilations; term sheets; pitch books; financial records and books of account; journals; ledgers; audio recordings; video recordings; transcripts; memoranda; calendars; tables; invoices; appointment books; computer databases; PowerPoint or other presentations; CDs or DVDs; pamphlets; personnel files; correspondence; notes; bills; invoices; and communications of any kind.  A draft or non-identical copy is a separate document within the meaning of this term.

11. The term "identify," when used in reference to:

    (a)    a person, means to state (i) his, her, or its full name; present or last known address, present or last known email address and telephone number; and (ii) if a natural person, his or her present business affiliation and position or title;

    (b)    a document or communication, means to state (i) the date; (ii) the author(s), signatory or signatories; (iii) the recipient(s) or addressee(s); (iv) the type

of document (i.e., correspondence, memorandum, etc.); (v) the contents with sufficient particularity to enable the propounding party to confirm the document's identification; and (vi) its present or last known custodian and location.

12. The term "includes" means "includes but is not limited to," and "including" means "including but not limited to."

13. The term "person" means any natural person or legal entity, including but not limited to any partnership, corporation, unincorporated association, professional association or other form of business or governmental entity or association.

14. The term "Plan" means any agreement, plan, fund or program which offers, promises or provides "Retiree Benefits" as defined below through the purchase of insurance or otherwise, or any employee welfare benefit plan, fund or program established or maintained by the Debtors to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services.

15. The term "Potential Retiree" means any current employee of the Debtors who (i) was age 50 or older with at least five years of service as January 1, 2006; or (ii) was not age 50 or older with at least five years of service as January 1, 2006, but (a) was hired after January 1, 2008, (b) is age 50 or older with at least five years of service as of the date of retirement, and (c) is a member of the active employees' medical plan immediately before retirement.

16. The "Proposal" refers to the document identified as the "Proposal" in the Debtors' Termination Motion (as defined below).

17. The term "Retiree" means (a) any former employee of the Debtors who has retired, (b) any Potential Retiree, and (c) any present or former spouse or dependent of a former employee of the Debtors who has retired or of a Potential Retiree.

18. The term "Retiree Benefit" means any payment to any entity or person for the purpose of providing or reimbursing payments for retired employees, or their spouses or dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death.

19. The term "Retiree Claim" means any and all actual or potential claims, demands, causes of action, debts, liabilities or obligations, whether based on any legal or equitable theory or otherwise, including, but not limited to suits in contract, tort or equity, whether arising under contract, the Employee Retirement Income Security Act of 1974 (ERISA), the Consolidated Omnibus Budget Reconciliation Act (COBRA), or any other statute, rule, regulation, common law or otherwise, and whether arising under the laws of the United States, any political subdivision thereof or the laws of any other jurisdiction, in all cases relating to:

> i. Any benefits, other obligation or other claims arising under or relating to Retiree Welfare Plans (as defined below) or Retiree Benefits;
>
> ii. The administration of Retiree Welfare Plans, including, but not limited to, the calculation of Retiree Benefits, the application of offsets against Retiree Benefits, the denial of Retiree Benefits, the determination of eligibility to receive Retiree Benefits, the interpretation of Retiree Welfare Plans and the drafting of Retiree Welfare Plans; or
>
> iii. The past, present or future amendment, modification and/or termination of any Retiree Welfare Plan and/or any benefits or coverage thereunder.

20. The term "Retiree Committee" means the Official Committee of Retired Employees of the Debtors appointed in the Chapter 11 Case by the Office of the United States Trustee for the District of Delaware on August 2, 2011.

21. The term "Retiree Welfare Plans" means the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan,

predecessor plans and other formal or informal benefit plans, agreements, arrangements or programs (including plans, agreements, arrangements or programs that are funded through the purchase of insurance) or arrangements for current or future retired employees, their surviving spouses and eligible dependents, including plans, arrangements, agreements or programs for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death collectively and in each case as amended or modified from time to time.

22. "Termination Motion" means the Debtors' Motion For Entry Of An Order Terminating Retiree Benefits And Approving A Settlement Proposal Pursuant To 11 U.S.C. § 1114 dated July 30, 2012.

23. "UCC" means the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case by the Office of the United States Trustee for the District of Delaware on January 26, 2009.

24. "VEBA" means a voluntary employees' beneficiary association within the meaning of section 501(c)(9) of the Internal Revenue Code of 1986, as amended.

25. "You" means, and "your" refers to, the Bondholder Group.

### INSTRUCTIONS

1. In response to each request for documents set forth below (each, a "Document Request"), produce each responsive document in the Bondholder Group's possession, custody or control, including documents in the possession, custody or control of the Bondholder Group's members and the Bondholder Group's present or former attorneys, accountants and other agents or representatives.

2. If any document responsive to these requests is withheld under a claim of privilege or immunity from disclosure, furnish a list specifying each such document and setting forth the information required to be furnished by the applicable rules, including:

  (a) the reason for withholding the document;

  (b) a statement of the basis for the claim of privilege, work product or other basis of nondisclosure;

  (c) a brief description of the document including:

    i. the date and type of the document;

    ii. the number of pages, attachments, and appendices;

    iii. the names of the author, authors or preparers and an identification of each such person's employment title and position at the time;

    iv. the name of each person who was sent, shown, or copied on the document, who sent or received the document, or who had access to or custody of the document, together with an identification of each such person's employment title and position at the time;

    v. each present location and custodian of the document;

    vi. the number of pages of the document

    vii. a description of the subject matter and content of the document and, if the document is concerning a meeting or conversation, a description of the time, date and location of and participants in the meeting or conversation.

3. If any document requested herein was formerly in the Bondholder Group's possession, custody or control but, in whole or in part, has been lost, destroyed or otherwise disposed of, identify the document or its missing part and provide the information specified below:

  (a) the date and type of the document;

  (b) the names of the author, authors or preparers and an identification of each such person's employment title and position at the time;

  (c) the name of each person who was sent, shown, or copied on the document, who sent or received the document, or who had access to or custody of

6

the document, together with an identification of each such person's employment title and position at the time;

    (d) each present location and custodian of the document;

    (e) the number of pages of the document;

    (f) a description of the subject matter and content of the document, and if the document is concerning a meeting or conversation, a description of the time, date and location of and participants in the meeting or conversation;

    (g) a description of the date on which the document was lost or destroyed and, if destroyed, the conditions of and reason(s) for the destruction and each person requesting, performing or having knowledge of the destruction.

4. All documents should be produced as they are kept in the usual course of the Bondholder Group's business or shall be organized and labeled to correspond to the categories in this Exhibit A. A Document Request shall be deemed to include a request for any and all file folders within which each responsive document was contained, and transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

5. Documents attached to each other should not be separated.

6. Each Document Request shall be continuing, and supplemental responses shall be served in accord with Rule 26 of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure.

**DOCUMENT REQUESTS**

Please produce the following documents concerning the Debtors or their Retirees:

1. All documents dated, created, sent, received or reviewed at any time after January 1, 2009 concerning Retiree Benefits, Retiree Claims, Retiree Welfare Plans, or terminating or modifying any of the foregoing.

2. All documents dated, created, sent, received or reviewed at any time after January 1, 2009 concerning the Proposal.

3. All documents dated, created, sent, received or reviewed at any time after January 1, 2009 concerning any alternative to the Proposal.

4. All documents dated, created, sent, received or reviewed at any time after January 1, 2009 concerning a VEBA.

5. All documents dated, created, sent, received or reviewed at any time after January 1, 2009 concerning any alternative to a VEBA.

6. All documents dated, created, sent, received or reviewed at any time after January 1, 2009 concerning any actual or potential common interest agreement or joint defense agreement to which the Bondholder Group, the UCC, or the Debtors was an actual or potential party, or any common interest or joint defense of any two or more of the foregoing.

7. All documents dated, created, sent, received or reviewed at any time after January 1, 2009 concerning communications between or among the Bondholder Group, the UCC, the Debtors, and/or any other person concerning Retiree Benefits, Retiree Claims, and the Retiree Welfare Plans.