# UNITED STATES BANKRUPTCY COURT

_____Eastern District of Texas_____

| | |
|---|---|
| In re    Nortel Networks Inc., et. al.,<br>Debtor | **SUBPOENA IN<br>A CONTESTED MATTER**<br>Case No. * 09-10138 (KG)_____<br>Chapter    11 (Pending, U.S.B.C. De.)_____ |

To: Gary R. Donahee
    5517 St. Andrews Court, Plano, TX 75039

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Attachment A

| PLACE<br>Gary R. Donahee<br>5517 St. Andrews Court, Plano, TX 75039*<br>* Please contact the issuing attorney to arrange for receipt/delivery of the documents sought. | DATE AND TIME<br>August 24, 2012 at 5:00PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (FOR THE DEBTORS)<br>*Ann Cordo/DGS* | DATE<br>8/9/12 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Ann C. Cordo, Morris, Nichols, Arsht & Tunnell, 1201 North Market Street, 18th Floor, Wilmington, DE 19801 (302)658-9200

---

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
          DATE                              SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena any documents or other information which might otherwise be construed to be outside their scope.

2. The term "Benefits" means the benefits provided under the Retiree Welfare Plans.

3. "Communication" means any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

4. The phrase "concerning" means relating to, referring to, describing, evidencing, reflecting or constituting.

5. "Debtors" means the debtors in these chapter 11 cases: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.

6. The term "Document" means every original (any copy of any original and any copy which differs in any way from any original) of every writing and recording, photograph, or other memorialization, of every kind or description, whether handwritten, typed,

drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, communications of any nature, memoranda, advertisements, notebooks, plans, summaries or records of personal conversations, appointment books, diaries, reports, publications, minutes or records of meetings, transcripts of oral testimony or statements, reports and/or summaries of interviews, agreements and contracts, including all modifications and/or revisions thereof, court papers, brochures, pamphlets, press releases, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records, e-mail, voice mail, computer records, personal digital assistants, data bases and facsimiles to which you now have or have had access to in the past, <u>excluding</u> documents that have been produced to you by the Debtors in response to the Retiree Committee Requests (as defined below). Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this subpoena (the "Subpoena").

7. The term "Motion" means the *Debtors' Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Pursuant to 11 U.S.C. § 1114* [D.I. 8066].

8. "Person" shall mean and include a natural person, individual, partnership, firm, labor organization, corporation, governmental body, or any kind of business or legal entity, its agents or employees.

9. The term "Retirees" means the Debtors' retired employees, their surviving spouses and eligible dependents, and current employees of the Debtors eligible for benefits under the Retiree Welfare Plans, including you.

10. The term "Retiree Committee" means the committee created by the *Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees* [D.I. 5783].

11. The term "Retiree Committee Requests" means the Retiree Committee's requests for documents and information from the Debtors including, but not limited to, those sent on September 29, 2011, November 9, 2011 and December 11, 2011.

12. The term "Retiree Parties" means the Retirees and the Retiree Committee.

13. The term "Retiree Welfare Plans" means collectively, and in each case as such plans have been amended or modified from time to time, any and all benefit plans and other programs maintained for the benefit of retired employees of the Debtors including (as amended or modified from time to time) the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan, any predecessor plans and/or other formal or informal benefit plans, agreements, arrangements or programs (including plans, agreements, arrangements or programs that are funded through the purchase of insurance) or arrangements for current or future retired employees, their surviving spouses and eligible dependents, including plans, arrangements, agreements or programs for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability or death.

14. "You" or "your" as used herein means Gary R. Donahee, as well as any former or current employee, agent, trust, custodian, predecessor, successor, attorney, accountant, representative, or other Person(s) purporting to act on your behalf.

15. All other capitalized terms not defined herein shall have the meaning assigned to them in the Motion.

## **INSTRUCTIONS**

16. Each request for the production of documents in the Subpoena (collectively, the "Discovery Requests") shall be answered fully and in writing.

17. If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the Communication or other matter as to which such claim is made, the subject of the Communication or other matter and the basis upon which you assert the claim of privilege, as well as provide a description of each Document withheld sufficient to validate the privilege claimed, including the date of each Document, its author and all recipients.

18. These Discovery Requests are continuing in nature, and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you shall provide, by way of supplemental responses, such additional information as you or any Person acting on your behalf may hereafter obtain or become aware of, which will augment, modify or clarify the responses now given, or otherwise be responsive to any of these Discovery Requests.

19. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to obtain the broadest possible meaning.

20. These Discovery Requests are intended to cover all information and documents in your possession, custody or control.

21. Each Discovery Request is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be an excuse for failure to answer each Discovery Request as fully as possible.

22. In construing these requests the word "any" shall be read to mean each and every.

23. No part of a Discovery Request shall be left unanswered merely because an objection is made to another part of the Discovery Request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: All Documents concerning the Retiree Welfare Plans.

REQUEST NO. 2: All Documents concerning the vesting of Benefits or obligation of the Debtors to continue to provide any of the Benefits generally or with respect to you or any other individual Retiree.

REQUEST NO. 3: All Documents concerning the Debtors' right or ability to terminate any of the Retiree Welfare Plans or any of the Benefits or coverage provided under any of the Retiree Welfare Plans generally or with respect to you or any other individual Retiree.

REQUEST NO. 4: All Documents concerning your or any other Retiree's eligibility or ineligibility to participate in any of the Retiree Welfare Plans.

REQUEST NO. 5: All Communications concerning the Retiree Welfare Plans between any of the Retiree Parties and any of the Debtors, or any of their respective agents or representatives.

REQUEST NO. 6: All Communications between any of the Retiree Parties and any other Person, or any of their agents or representatives, concerning the Retiree Welfare Plans.

REQUEST NO. 7: All Documents concerning the value of Benefits that you or any other individual Retiree are or may be entitled to receive under the Retiree Welfare Plans.

REQUEST NO. 8: All Documents concerning any modification or termination of any Retiree Welfare Plans or any Benefits or coverage provided to you or any other Retiree thereunder that has occurred on or prior to the date of these Discovery Requests.

REQUEST NO. 9: All Documents concerning any other benefits or payments to which you or any other individual Retiree are or may be entitled to from the Debtors, or claims that you or any other individual Retiree may hold against the Debtors, relating to any payment to be made upon an individual's retirement from employment or any other entitlement to payment related to medical, surgical, or hospital care, or other benefits in the event of sickness, accident, disability or death.

REQUEST NO. 10: All Documents concerning any efforts made to identify alternative medical, life or other insurance for you or any other individual Retiree either individually or on a group basis since July 1, 2010, including, without limitation, any proposals received by insurance providers.

REQUEST NO. 11: All Documents concerning the eligibility of you or any other individual Retiree to receive the Health Care Coverage Tax Credit or pension benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Plan, Northern Telecom Inc. Retirement Plan for Employees or the Nortel Networks Capital Accumulation and Retirement Program, or any predecessor plans thereto including, without limitation, the amount of such claims or credits.

REQUEST NO. 12: All Documents you intend to rely upon in responding to the Motion.

7