# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*                                                   :     Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :     Case No. 09-10138 (KG)
                                                          :
                Debtors.                                  :     Jointly Administered
                                                          :
                                                          :     **RE:  D.I. [7886]**
                                                          :
----------------------------------------------------------X

### DEBTORS' OBJECTION TO THE MOTION
### OF STEPHEN PAROSKI FOR THE ORDER
### PROMISSORY ESTOPPEL ORDER AUTHORIZING
### AND APPROVING AND APPROVING PROCEDURES FUNDING OR BUYOUT
### ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERCISSION AND NORTEL

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this objection (the "Objection") to the *Motion for the Order Promissory Estoppel Order Authorizing and Approving Procedures Funding or Buyout Ericsson Inc. and Telefonaktiebolaget LM Ercission and Nortel* [D.I. 7886] (the "Motion") filed by Cynthia Paroski on behalf of Stephen Paroski ("Mr. Paroski").[2]  In support of this Objection, the Debtors respectfully represent as follows:

---

[1]     The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     While the text of the Motion refers to allegations by both Cynthia and Stephen Paroski, the Objection will assume that the allegations are undifferentiated unless otherwise noted.  Cynthia Paroski has not alleged any facts that would provide her with independent standing to assert claims against the Debtors, and the Motion also should be denied on that basis.

1.       The Motion appears to seek relief from this Court on two grounds.[3] First, the Motion seeks to have this Court declare that the Debtors cannot terminate the long-term disability benefit plans pursuant to which Mr. Paroski currently is receiving benefits. Second, the Motion raises complaints, including alleged violations of the Employee Retirement Income Security Act ("ERISA") and the Americans with Disabilities Act ("ADA"), based on the failure of Telefonaktiebolaget LM Ericsson ("Ericsson") to hire Mr. Paroski in connection with its acquisition of the GSM assets from the Debtors.[4] For the reasons stated below the Debtors submit that (i) any relief sought with respect to the Debtors' right to terminate the long-term disability benefit plans under which Mr. Paroski currently receives benefits should be denied without prejudice as premature, and (ii) all other relief sought by the Motion should be denied with prejudice.

**A.      The Relief Sought With Respect to the Termination of Benefit Plans is Premature**

2.       Mr. Paroski first appears to seek a finding that the Debtors are barred from terminating their long-term disability plans pursuant to which Mr. Paroski currently receives benefits (the "LTD Plans"). Such request for relief should be denied as premature given that the Debtors have not sought to terminate the LTD Plans without first seeking Court relief and, at the current time, a motion is pending that seeks authority to terminate the Debtors' long term disability plans as of December 31, 2012. A separate objection deadline has been established for

---

[3]      The Debtors respectfully submit that the Motion is unintelligible at times, contains case citations and quotations from various opinions that are neither precedential nor relevant, and lacks basic aspects of a compliant Motion. See Fed. R. Bankr. P. 9013; Del. Bankr. L.R. 9013-1. Accordingly, the Motion is difficult to comprehend, and the Debtors reserve their right to object to any other relief the Motion may seek.

[4]      The Paroskis also have filed suit against Ericsson in the United States District Court for the Northern District of Texas seeking similar relief. *Paroski v. Ericsson Inc. and Telefonaktiebolaget L M Ericsson (Publ)*, No. 3:12-cv-00210-N (N.D. Tex. filed Jan. 20, 2012). Ericsson has moved to dismiss that complaint and a decision on the motion is pending. *Defendants' Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement, and Supporting Brief, Paroski*, 3:12-cv-00210-N (N.D. Tex. May 16, 2012), ECF No. 24.

employees such as Mr. Paroski to file an objection to the relief sought in that motion if they so choose.

3. Mr. Paroski is a current long-term disabled employee of the Debtors and is currently receiving certain benefits ("<u>Benefits</u>") under the LTD Plans.[5] Mr. Paroski does not allege in the Motion that the Debtors have discontinued paying such Benefits at any time prior to or since the GSM sale, and rather seems to object to the Debtors' prior motion to terminate benefits being provided to long-term disabled employees that was filed in June 2010 and withdrawn without prejudice on July 2010.[6]

4. As this Court is aware, on July 30, 2012, the Debtors filed the *Motion to Authorize Debtors Motion for Entry of an Order Pursuant to 11 U.S.C. 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors Long-Term Disability Plans and the Employment of the LTD Employees Filed by Nortel Networks Inc., et al.* [D.I. 8067] (the "<u>LTD Termination Motion</u>") seeking to terminate the LTD Plans and the Employment of the LTD Employees as of December 31, 2012. On August 1, 2012, this Court entered the *Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 105(a), 363 and 1108* [D.I. 8079] (the "<u>Scheduling Order</u>") which provided that all objections to the LTD Termination Motion be filed by October 5, 2012, and that a hearing to consider the LTD Termination Motion would be held on the week of November 12, 2012. Accordingly,

---

[5] For purposes of responding to the Motion, the Debtors have not independently investigated whether there are any independent claims or defenses the Debtors may have against Mr. Paroski related to his individual entitlement to receive Benefits under the LTD Plans or whether any claims exist based on the amounts of payments made to Mr. Paroski at any time and, accordingly, the Debtors reserve their rights with respect to any such claims or defenses that may have existed in the past, currently exist or may exist in the future.

[6] See *Debtors' Motion for Entry of an Order Authorizing Debtors to Terminate Certain Retiree and Long-Term Disability Plans*, dated June 21, 2010 [D.I. 3204]; *Notice of Withdrawal of Debtors Motion For Entry Of An Order Authorizing Debtors To Terminate Certain Retiree And Long-Term Disability Plans*, dated July 16, 2010 [D.I. 3651].

pursuant to the Scheduling Order, this Court will determine the Debtors' right to terminate the LTD Plans at that hearing.

5. Given the pendency of the LTD Termination Motion, it would be inefficient and premature to litigate Mr. Paroski's claims related to the proposed future termination of the LTD Plans separately. Accordingly, the Debtors respectfully request that the Motion be denied without prejudice or, alternatively that the Motion be adjourned to the date the LTD Termination Motion is heard and be deemed an objection to the LTD Termination Motion solely to the extent the Motion contests the Debtors' right to terminate the LTD Plans on a future basis.

**B.     The Motion Otherwise Should Be Denied with Prejudice**

6. Except as proposed in Section A above, the Motion should be denied with prejudice. In particular, the Motion appears to raise certain vague claims under ERISA and the ADA based on Ericsson's not hiring Mr. Paroski in connection with its acquisition of the Debtors' GSM business assets. The Motion fails to assert any valid claims – or arguably any request for relief at all – against the Debtors related to the sale transaction, and generally lacks merit.

7. As a primary matter, it is not clear that the Motion articulates any claim for damages against the Debtors, nor could it. As noted above, both prior to and since the closing of the GSM sale transaction, Mr. Paroski has been a long-term disabled employee of the Debtors who has been receiving Benefits on a current basis. Mr. Paroski does not allege otherwise and, rather, appears to make claims against Ericsson based on its not hiring him in connection with the sale. Accordingly, there is no allegation that the Debtors have terminated Mr. Paroski, terminated his Benefits or taken any other action that even conceivably could serve as a basis for asserting a damages claim against the Debtors.

8. Mr. Paroski's purported claim under section 510 of ERISA (11 U.S.C. § 1140) fails because there is no allegation that the Debtors have taken any retaliatory action against him in connection with the GSM sale. Section 510 provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

The Debtors have not terminated Mr. Paroski's employment or otherwise taken any adverse action against him related to his entitlement to receive Benefits from the Debtors and, accordingly, this claim fails on its face. See generally Blaw Knox Retirement Income Plan v. White Consol. Indus., 998 F.2d 1185, 1191 (3d Cir. 1993) (finding no claim under section 510 where the transfer of plans did not affect the participants' eligibility since "employees who were participants in the plans prior to the sale continued their participation immediately after the sale").

9. Mr. Paroski also cannot state a viable claim related to the transfer of employees under the GSM sale agreement. Both active and inactive employees (including employees on disability leave and other types of absences) were offered employment with Ericsson, provided that disabled employees had to be capable of returning to work within 90 days following the closing of the sale.[7] To the extent Mr. Paroski was disabled and unable to commence working

---

[7] See *Asset Sale Agreement by and Among Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and the other Entities Identified Herein as Sellers and Telefonaktiebolaget L M Erisson (Publ)*, dated November 27, 2009 [D.I. 2018, Ex. A]. (Under section 7.1.1 offers were extended to listed active and inactive employees, where "Inactive Employees" means "Employees on a Seller-approved leave of absence who are expected to return and actually return to work within the relevant time period set out below. An Employee shall be an Inactive Employee for purposes hereof only if such individual is absent as a result of military service, pregnancy or parental leave, disability leave, medical leave, jury duty or any leave provided under applicable Law and, in the case of leaves provided under applicable Law, is expected to return to work and actually returns to work in the time permitted for such leave under applicable Law and, for any other leave, is expected to return to work and actually

for Ericsson at the time of the closing of the sale, no discrimination claim could arise based on Ericsson's not hiring him. See Holtzclaw v. DSC Comms. Corp., 255 F.3d 254, 260-61 (5th Cir. 2001) (holding that qualification for the position sought is an element of a prima facie claim under section 510).

10. Mr. Paroski's alleged discrimination claims under the ADA fail against the Debtors for the same reasons and also because his claim is time barred and does not satisfy the prerequisites of the statute. The time for Mr. Paroski to bring a discrimination claim has long since passed. A plaintiff has either 180 or 300 days from the date of the alleged discrimination to file a claim with Equal Employment Opportunity Commission or an equivalent state agency. 42 U.S.C. § 2000-e5. The closing of the GSM sale occurred over two years ago, on March 31, 2010[8], and this claim, even if it had any merit which it does not, has long since gone stale.[9]

11. Finally, to the extent Mr. Paroski raises complaints regarding the terms of the GSM sale agreement or the Debtors' conduct in entering into the sale agreement, those claims are long since barred. Mr. Paroski did not appear or object to either the proposed sale or bidding procedures approved by the Court,[10] or to the proposed final sale agreement or the order

---

returns to work in accordance with the terms of such leave but not longer than ninety (90) days (or, if such Employee is located in Canada, six (6) months) following the Closing Date.").

[8] See Proposed Disclosure Statement for the Joint Chapter 11 Plan of Nortel Networks Inc. and Its Affiliated Debtors, dated September 3, 2010 [D.I. 3874], p. 42)

[9] Mr. Paroski also has not sought to pursue or explained his failure to pursue the administrative remedies required to be exhausted before pursuing an action under the ADA in court. See Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999) (finding that plaintiff bringing employment discrimination claim under Title I of the ADA "must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1974"). Mr. Paroski does not allege how he would have been a "qualified individual", i.e., someone who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires," 42 U.S.C. § 12111, who could have commenced working for Ericsson at the time of the closing of the sale even if an employment offer had been extended to him. Indeed, his continued long-term disability status suggests he was not, and still is not, able to return to work even if a job were available.

[10] See *Debtors Motion For Orders (I)(A) Authorizing And Approving The Bidding Procedures, (B) Approving The Notice Procedures, And (C) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving Sale Of*

approving the sale.[11] Accordingly, Mr. Paroski is now barred from raising objections to the terms of that sale or asserting claims against the Debtors for their conduct in entering into the sale – much less claims that lack any proper legal or factual basis.

12. Accordingly, for the reasons stated herein, the Motion should be denied.

[*Remainder of page left intentionally blank.*]

---

*Certain Assets Of Debtors GSM/GSM-R Business Filed by Nortel Networks Inc., et al.*, dated September 30, 2009 [D.I. 1587].

[11] See *Order Authorizing and Approving Sale of Debtors GSM/GSM-R Free and Clear of all Liens, Claims and Encumbrances* (the "Sale Order"), dated December 3, 2009 [D.I. 2065]; *Notice of Filing of Successful Bid*, dated November 27, 2009 [D.I. 2018]; *Asset Sale Agreement by and Among Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and the other Entities Identified Herein as Sellers and Telefonaktiebolaget L M Erisson (Publ)* (the "Sale Agreement"), dated November 27, 2009 [D.I. 2018, Ex. A].

**Conclusion**

For the reasons set forth above, the Debtors respectfully submit that (i) the relief sought by the Motion should be denied without prejudice or alternatively adjourned until the hearing on the LTD Termination Motion to the extent the Motion seeks a determination of Debtors' right to terminate the LTD Plans, and (ii) all other relief sought by the Motion should be denied with prejudice.

.

Dated:  August 13, 2012
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

  */s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*