# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |
| | ) RE: Docket No. 8068 |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTIFICATES OF SERVICE RELATED TO LTD EMPLOYEES

The Official Committee of Long Term Disability Participants (the "LTD Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this limited objection (the "Objection") to the Debtors'[2] motion for entry of an order authorizing the Debtors to file under seal certificates of service related to long term disability plan participants (Docket No. 8068) (the "Motion to Seal"). In support of this Objection, the LTD Committee respectfully represents as follows:

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), each of the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] All capitalized terms not defined herein shall have the same meaning as set forth in the Motion to Seal.

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  The Debtors continue to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  On June 22, 2011, the Court ordered the appointment of the LTD Committee (Docket No. 5790).

4.  On July 30, 2012, the Debtors filed *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors Long-Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067) (the "LTD Plan Termination Motion").

5.  Contemporaneously with the LTD Plan Termination Motion, the Debtors filed the Motion to Seal.

6.  On August 1, 2012, this Court entered a scheduling order for a hearing on the Debtors' process to terminate long term disability benefits (Docket No. 8085) (the "Scheduling Order").

**OBJECTION**

7.  The LTD Committee objects to the Debtors' motion to seal the list of long term disability plan participants ("LTD Plan Participants"), especially in light of the objection filed by several of the members of the LTD Plan Participants constituency.

8.  Counsel to the LTD Committee and the LTD Committee members have been inundated with inquiries to which they are obligated to respond under section 1102 of the United States Bankruptcy Code regarding the LTD Plan Termination Motion

and the Scheduling Order. Some LTD Plan Participants received the LTD Plan Termination Motion through the information website of the LTD Committee (the "Information Website"); others indicated that they know of LTD Plan Participants who may not have been served with the LTD Plan Termination Motion because they have moved and are in health care facilities; still others have indicated that they know of LTD Plan Participants who do not have access to the internet and cannot access the Information Website or other websites operated by other official committees in these bankruptcy cases. Because of the grave consequences and the accelerated schedule in this contested matter, at a minimum, the service list should be provided to the LTD Committee and the United States Trustee. The LTD Committee also believes that the Court should consider the issue of whether the list should be made public in light of the lack of support system for many of the LTD Plan Participants and the willingness of fellow employees and the LTD Committee to assist in making sure the service list is accurate.

9. There is a strong presumption and public policy in favor of public access to court records. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984) ("This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.").

10. "In evaluating a motion to seal, the judge must carefully and skeptically review the motion and the underlying documents to ensure that compelling or

extraordinary circumstances exist." *In re Oldco M. Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012) (quotations and citations omitted).

11. The Debtors have not indicated in their Motion to Seal that they served the individual LTD Plan Participants. *See* Motion to Seal at ¶ 16 (listing notice of the Motion to Seal as being sent to "(i) the U.S. Trustee; (ii) counsel to the LTD Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the UCC; and (v) the general service list established in these chapter 11 cases").

12. By keeping the service list for the LTD Plan Termination Motion under seal, the Debtors have prevented the LTD Committee and others from determining whether all LTD Plan Participants received notice of that critical motion.

13. Moreover, the Debtors have not shown that the LTD Plan Participants object to their identities being hidden from even the LTD Committee, the U.S. Trustee or other LTD Plan Participants. By failing to serve the Motion to Seal on the LTD Plan Participants, we may never know the position of all of the LTD Plan Participants.

14. What is known is that many LTD Plan Participants have already publicly entered their appearance or filed documents in these cases. *See, e.g.*, Docket Nos. 4496, 4501, 5586, 5791, 5595, 7970-7975, 7978-7979. Indeed, approximately 68 LTD Plan Participants filed an objection to the Motion to Seal and listed their name and address. *See* Docket No. 8160.

15. Thus there can be no claim of privacy with respect to these individuals. Nevertheless, the Debtors' Motion to Seal seeks to keep under seal the identities of even those people who have already identified themselves as LTD Plan

4

Participants (assuming *arguendo* that all those people were even served with the LTD Plan Termination Motion).

16. With the information currently available to the LTD Committee as to who was served with the LTD Plan Termination Motion, the LTD Committee cannot say with certainty that LTD Plan Participants were served. Accordingly, the LTD Committee believes that, at a minimum, the service list should be provided to the LTD Committee and the U.S. Trustee. The LTD Committee reserves its right to argue that the service list be made public so that all interested parties can ensure that all LTD Plan Participants were provided notice of the LTD Plan Termination Motion.

WHEREFORE, the LTD Committee respectfully requests this Court: (i) deny the Debtors' Motion to Seal; (ii) grant access to the information sought to be placed under seal to the LTD Committee and the United States Trustee; and (iii) such other and further relief as may be just and proper.

Dated: August 14, 2012  
Wilmington, Delaware

**ELLIOTT GREENLEAF**

/s/ *Jonathan M. Stemerman*
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Jonathan A. Stemerman (DE Bar No. 4510)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: jms@elliottgreenleaf.com

*Counsel to the Official Committee of*
*Long Term Disability Participants*