# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Derek C. Abbott
302 351 9357
302 425 4664 Fax
dabbott@mnat.com

August 17, 2012

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
824 N. Market St., 6th Floor
Wilmington, DE 19801

        Re: *In re: Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

        I write as counsel to the debtors in the above-captioned chapter 11 cases (the "Debtors") in accordance with paragraph 5(b) of the *Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits*, dated as of August 1, 2012 [D.I. 8084] (the "Scheduling Order"). Consistent with the Scheduling Order, the Debtors currently are engaged in discovery with the Official Committee of Retired Employees (the "Retiree Committee" and together with the Debtors, the "Parties") regarding the Debtors' motion for entry of an order terminating Retiree Benefits.[1] Pursuant to the Scheduling Order, the Parties served written discovery requests on each other on August 10, 2012, with written responses and objections due to be served on or before August 24, 2012. The Debtors have been unable to resolve their objections to the voluminous Requests for Admission served by the Retiree Committee and the obligation to respond to those requests at this time, and accordingly submit this statement in advance of the call scheduled for Monday, August 20th with your Honor to resolve this dispute. Copies of the Document Requests (as defined below) are attached hereto.

**The Retiree Discovery Requests and Efforts to Resolve this Dispute**

        On August 10, 2012, the Retiree Committee served lengthy discovery requests upon the Debtors. These requests include (i) *The Official Committee of Retired Employees' First Request for Production of Documents Directed to the Debtors*, dated August 10, 2012 (the

---

[1] *Debtors' Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Purusant to 11 U.S.C. § 1114* (the "Termination Motion"), dated July 30, 2012 [D.I. 8066]. All capitalized terms herein shall have the meaning set forth in the Termination Motion.

The Honorable Kevin Gross, p. 2

"Requests for Production"), consisting of 156 requests for the production of documents, (ii) *The Official Committee of Retired Employees' First Set of Interrogatories Directed to the Debtors*, dated August 10, 2012 (the "Interrogatories"), and (iii) *The Official Committee of Retired Employees' First Request for Admission Directed to the Debtors*, dated August 10, 2012 ("Requests for Admission", and collectively with the Document Requests and the Interrogatories, the "Discovery Requests"). While the Debtors reserve their right to object to the Discovery Requests generally,[2] in light of the volume of the requests and certain facial objections the Debtors have to the Discovery Requests, particularly the Requests for Admission, the Debtors met and conferred with counsel to the Retiree Committee by telephone on August 16, 2012 to request that the Requests for Admission be voluntarily withdrawn. The Retiree Committee declined to do so and the parties were not able to reach an alternative resolution with respect to the Requests for Admission.

**The Requests for Admission Should Be Struck**

While the meet and confer was a productive start to the resolution of certain other issues, no agreement could be reached regarding the Retiree Committee's Requests for Admission. The RFAs are inappropriate because they are not formulated to limit the issues for trial, are cumulative, seek information better obtained through other means of discovery and it would be unduly burdensome for the Debtors to respond to them. The Debtors therefore respectfully request that the Court enter an order striking the requests as improper.

Requests for admission are properly used to narrow issues for trial, not as a means of fact discovery. *Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, Civ. A. No. 3:2003-57, 2007 WL 1300772, at *2-3 (W.D. Pa. May 2, 2007) (granting in part and denying in part a motion for a protective order and noting that requests for admission should be phrased simply in order to narrow issues for trial); *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988) ("The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested."). To that end, the Debtors made clear to the Retiree Committee that rather than respond to the Requests for Admission at this time, the Debtors would be amenable to having discussions at the close of discovery whether issues could be simplified at trial through agreement on the authentication of documents or the stipulation as to uncontested facts.

The Retiree Committee's Request for Admissions provide no such benefit and would not even serve the purpose of limiting discovery, much less limiting issues at trial. In fact, not only are several Requests irrelevant to the issues raised in the Motion, they will not even limit discovery. For example, many of the Requests seek admissions regarding the legal precedent provided or not provided to the Retiree Committee by the Debtors (*see, e.g.*, RFA 42), admissions regarding as-yet incomplete discovery (*see, e.g.*, RFA 6) or admissions "as of the

---

[2] Scheduling Order contemplates the close of fact discovery less than one month after service of Discovery Requests, yet the Retiree Committee seeks responses to one hundred and fifty six Requests for Production, ninety three Requests for Admission, and eleven Interrogatories. Many of these Discovery Requests are cumulative, duplicative, irrelevant, and can be obtained in more convenient and less burdensome ways. Moreover, the burden of responding to these requests far exceeds any potential benefit especially considering the expedited discovery schedule, the potential costs to the Debtors' estates and the substantial prior discovery in this case.

The Honorable Kevin Gross, p. 3

date of the Termination Motion," regarding facts that may change over time (*see, e.g.*, RFA 40). The Requests also are unnecessarily cumulative. *See, e.g.,* RFAs 28 through 32, 53 and 69.

      Requiring the Debtors to respond by way of objection or denials to the various Requests for Admission also would be unduly burdensome and contrary to the purpose of such requests. Consider, by way of example, RFA 78, which asks the Debtors to admit or deny that at least 10% of retirees are "likely" to be unable to obtain insurance. Even to simply deny this claim would require objections as to the timeframe and the definition of "likely," and research on a fluid issue which could be dependent on information outside of the Debtors' knowledge. Indeed, few RFAs are worded to be susceptible to simple admission or denial, and rather would require detailed objections, and investigation of facts to the extent such facts even exist at this time.[3] *Marietta Materials,* 2007 WL 1300772 at *2 (requests "should require minimal response and explanation as well as rarely requiring reliance on documentation of facts outside of the requests themselves"). To impose such an undue burden on the Debtors would be particularly inappropriate where the Debtors simultaneously are responding to the other voluminous Discovery Requests and where such responses are due on August 24.

      Finally, to the extent that the Request for Admissions seek discoverable information, other Discovery Requests are adequate. Almost all of the Requests relate to topics also addressed in the Requests for Production and Interrogatories. For example, and reserving any objections the Debtors may have to the Retiree Committee's other discovery requests, RFA 20 (regarding confirmation of a Chapter 11 plan) is duplicative of several Requests for Production, including RFPs 26 through 28; RFA 33 (regarding the cost of providing Benefits) is duplicative of Request for Production 5; and RFA 53 (regarding the Debtors' search efforts) is duplicative of Interrogatory 10 and Requests for Production 97 through 101.

      For the foregoing reasons, the Debtors request that the Retiree Committee's Requests for Admission be struck in their entirety.

Respectfully submitted,

Derek C. Abbott

cc:    Richard Milin, Esq.
        Lisa Schweitzer, Esq
        Kate Buck, Esq
        Lisa Beckerman, Esq.
        Christopher Samis, Esq.
        Tom Matz, Esq.
        Kathleen P. Makowksi, Esq
        Kenneth Coleman, Esq.

---

[3]    Even those that are susceptible to such response, such as RFA 1 or 3, are better answered after discovery is complete and both Debtors and the Committee have been able to produce all responsive documents.

The Honorable Kevin Gross, p. 4

    Mary Calloway, Esq.
    Ed Harron, Esq.
    Derek Adler, Esq.
     (all via electronic email)