IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                                           :
In re                                                      :   Chapter 11
                                                           :
                                                           :
Nortel Networks Inc., et al.,¹                             :   Case No. 09-10138 (KG)
                                                           :
              Debtors.                                     :   Jointly Administered
                                                           :
                                                           :   RE:  8068, 8160, 8173
                                                           :
-----------------------------------------------------------X
```

**DEBTORS' REPLY IN FURTHER SUPPORT OF
DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO FILE UNDER SEAL
CERTIFICATES OF SERVICE RELATED TO LTD EMPLOYEES**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), respectfully submit this reply (the "Reply") in further support of, and in reply to the responses of certain LTD Employees and the LTD Committee (collectively, the "Responses")[2] to, the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certificates of Service Related to LTD Employees* (the "Motion to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] See *Nortel US LTD Employees Objection to Motion of the Debtors to File Under Seal Certificates of Service Related to LTD Employees* [D.I. 8068] (the "LTD Employee Objection"); *Limited Objection of the Official Committee of Long Term Disability Participants to the Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certificates of Service Related to LTD Employees* [D.I. 8173] (the "LTD Committee Objection").

Seal").[3]

1.      The Debtors filed the Motion to Seal to respect the privacy of the LTD Employees. The LTD Employee Objection, which was purportedly signed by 65 individual LTD Employees (the "Objecting LTD Employees"), and the LTD Committee Objection, which was filed after the objection deadline, object to the relief sought by the Motion to Seal for two reasons. First, they argue the full service list should be publicly disclosed so that individual LTD Employees and the LTD Committee can verify that the LTD Plan Termination Motion[4] was properly served. Second, they argue that disclosure is warranted so that those LTD Employees can contact other LTD Employees whose contact information has not been made public. For the reasons stated below these generalized concerns are not valid reasons to deny the motion to seal the service list containing the names and addresses of all LTD Employees.

2.      First, verification that the LTD Plan Termination Motion was properly served on the LTD Employees does not require public disclosure of the names and addresses of all of the LTD Employees. The Debtors made diligent efforts to serve all LTD Employees with the LTD Plan Termination Motion. To the extent the LTD Committee purports to express any uncertainty about whether the LTD Employees were served with the LTD Plan Termination Motion, the LTD Plan Termination Motion makes this clear and the Debtors would have readily confirmed this if counsel to the LTD Committee had simply asked. See LTD Plan Termination Motion ¶ 51. However, the LTD Committee never asked the Debtors to confirm service and to provide the

---

[3]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Seal.

[4]   See *Debtors' Motion for Entry of an Order Authorizing the Debtors to terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067] (the "LTD Plan Termination Motion"). The Debtors also served the *Debtors Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Pursuant to 11 U.S.C.§ 1114* [D.I. 8066] (the "Retiree Plan Termination Motion") on the LTD Employees. While the Responses did not express any concern as to whether they were served with that motion, all statements in this Reply regarding the certificates of service for the LTD Plan Termination Motion similarly apply to the Retiree Plan Termination Motion.

2

certificate of service for the LTD Plan Termination Motion.  Rather they first expressed any interest in this matter whatsoever in their objection, which was filed after the objection deadline had passed – two weeks after the LTD Plan Termination Motion was served – and apparently only in reaction to the objection filed by the Objecting LTD Employees.  Regardless of the merit of their expressed concerns, the Debtors have now provided counsel to the LTD Committee a copy of the service list for the LTD Termination Motion which directly addresses and moots their objection in this regard.[5]  The LTD Committee also argues that the Office of the United States Trustee should be allowed to review the certificate of service which was filed under seal.  While the United States Trustee's Office has not requested a copy of the service list or raised any concern regarding the relief sought in the Motion, the Debtors would be happy to accommodate such a request if made.

3.      With regard to the LTD Employee Objection, while the Objecting LTD Employees argue that LTD Employees should be allowed to verify service addresses, it is notable that they do not allege that any of them were not served with the LTD Plan Termination Motion.  If an individual LTD Employee has a question as to whether they were served or wants to verify their address used for service purposes, the Debtors are happy to confirm that information on an individual basis.  However, it is not the role of the Objecting LTD Employees to raise such hypothetical concerns with regard to *other* LTD Employees and to demand disclosure of other employees' names and addresses.

4.      <u>Second</u>, the public disclosure of the names and addresses of all LTD Employees is not appropriate solely to further the apparent desire of the Objecting LTD Employees to contact

---

[5] This information was shared subject to the confidentiality order that has been entered by this Court to protect against the disclosure of this information.  See *Order Granting Motion of the Official Committee of Long Term Disability Plan Participants to Establish Procedures for Compliance with 11 U.S.C. § 1102(b)(3)* [D.I. 6418].

other LTD Employees who may not have made their contact information public. The Objecting LTD Employees plainly state the real reason they want the certificate of service listing all LTD Employees publically filed: to contact and "mobilize" other LTD Employees who have not yet made their identities and contact information public. See LTD Employee Objection ¶6. Certificates of service are filed in order to confirm service of a pleading to the Court, and not as a directory to be used for "mobilizing" people. See Bankr. D. Del. Local Rule 9013-1(f). The Debtors first filed a motion to terminate the LTD Plans in June 2010 (which original motion subsequently was withdrawn),[6] and the LTD Committee subsequently was appointed in August 2011[7] to represent the interests of all LTD Employees. Counsel to the LTD Committee was provided contact information for the LTD Employees shortly after the committee's appointment and confidentiality protections were put in place to further the Debtors' ability to share this information. The LTD Committee counsel has the ready ability to contact individual employees to ensure they are updated with developments in these cases, as they have for nearly a year. The LTD Committee also has established its own website where individual LTD Employees can both provide the LTD Committee with their preferred contact information and ask questions which can be answered by the LTD Committee and its counsel. Moreover, as the Objecting LTD Employees emphasize in their objection, individual LTD Employees can file notices of appearances and individually contact other LTD Employees who have chosen to publicly identify themselves. The Objecting LTD Employees also provide their own addresses in case other LTD Employees who have not yet identified themselves wish to contact the objecting LTD Employees. These various options – many of which have been available for many months –

---

[6]   See *Debtors' Motion for Entry of an Order Authorizing Debtors to Terminate Certain Retiree and Long-Term Disability Plans*, dated June 21, 2010 [D.I. 3204].

[7]   See *Notice of Appointment of Official Committee of Long-Term Disability Participants*, dated August 2, 2011 [D.I. 6073], as amended on August 4, 2011 [D.I. 6080].

leave more than adequate opportunities for individual LTD Employees to identify themselves and protect their own interests. The choice should be left to those individual employees whether, when and how to identify themselves to other employees and to the public, to the extent they wish to at all. The Debtors have sought to protect the privacy of these individuals in order to leave these choices in the hands of the individual employees. Accordingly, the Debtors respectfully request that the Motion to Seal be granted.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant the Motion to Seal and the relief requested therein; and (ii) grant such other and further relief as it deems just and proper.

Dated:  August 17, 2012  
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)  
Lisa M. Schweitzer (admitted *pro hac vice*)  
One Liberty Plaza  
New York, New York 10006  
Telephone:  (212) 225-2000  
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Ann C. Cordo (No. 4817)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
Telephone:  (302) 658-9200  
Facsimile: (302) 658-3989

*Counsel for the Debtors  
and Debtors in Possession*