# **EXHIBIT 1**

**(Nortel Networks South Africa (Proprietary) Limited Proof of Claim No. 7773)**

B10 (Official Form 10) (12/07) – Cont.

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | AMENDED PROOF OF CLAIM |
|---|---|
| Name of Debtor:<br>Nortel Networks, Inc. | Case Number:<br>09-10138 (KG) |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor:<br>Nortel Networks South Africa (Proprietary) Limited and/or any Court-appointed administrator or liquidator thereof | ☑ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Herbert Smith LLP<br>Attention:  Stephen Gale<br>              Kevin Lloyd<br>Exchange House<br>Primrose Street<br>London EC2A 2HS<br>UNITED KINGDOM<br><br>Telephone number: 44-20-7374-8000 | Court Claim Number: _____<br>(If known)<br><br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor trustee in this case. |

1. **Amount of Claim as of Date Case Filed:** See attached Rider

   If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** See attached Rider to Proof of Claim of Nortel Networks South Africa (Proprietary) Limited
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identified debtor:_____
   3a. Debtor may have scheduled account as:
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe:
   Value of Property: $_____    Annual Interest Rate ___%
   Amount of arrearage and other charges as of time case filed included in secured claim.
   If any: $_____    Basis for perfection: _____
   Amount of Secured Claim: Unknown    Amount Unsecured: Unknown

6. **Credits:** The amount of all payments on this claim ... ing this proof of claim.

7. **Documents:** Attach reda... ory notes, purchase orders, invoices, itemized statements ... y agreements. You may also attach a summary. Attach ... a security interest. You may also attach a summary. (S...
   DO NOT SEND ORIGINAL ... YED AFTER
   SCANNING.
   If the documents are not avail...

   Filed: USBC - District of Delaware
   Nortel Networks Inc., Et Al.
   09-10138 (KG)      0000007773

5. Amount of claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories check the box and state the amount.

   Specify the priority of this claim.
   Unknown

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (__).

   **Amount entitled to priority:**

   Unknown

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 6/3/11 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]* S.J. MEGMANTLE DIRECTOR | FOR COURT USE ONLY<br><br>FILED / RECEIVED<br><br>JUN - 3 2011<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

10/33502486_1                                                                                         1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS, INC., *et al.*, | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

## RIDER TO PROOF OF CLAIM OF NORTEL NETWORKS SOUTH AFRICA (PROPRIETARY) LIMITED AGAINST NORTEL NETWORKS INC

### PRELIMINARY STATEMENT

1. Nortel Networks South Africa (Proprietary) Limited ("NN South Africa") hereby submits this rider (the "Rider") to the proof of claim (the "Claim"). This Rider is an integral part of the Claim and is hereby incorporated into the Claim in full and for all purposes.

I    **CLAIMS IN RESPECT OF FSD LIABILITY**

2. By a Determination Notice dated 25 June 2010, the Determinations Panel ("the DP") of the UK Pensions Regulator ("the UK Regulator") determined that a Financial Support Direction ("FSD") requiring the provision of financial support to the Nortel Networks UK Pension Plan ("the Scheme") should be issued in respect of certain EMEA Companies (the "EMEA Targets"). NN South Africa is an EMEA Target.

3. By two References dated 23 July 2010, the EMEA Targets have referred the decision of the DP to the Upper Tribunal (Tax and Chancery Chamber). The References have not yet been heard.

4. As well as the EMEA Targets, the Determination Notice referred to above determined that an FSD should be issued in respect of NNI. NNI have not referred the decision of the DP to the Upper Tribunal. Following an application by the TPR, the Upper Tribunal issued directions on 3 February 2011 that confirmed that FSDs can be issued by TPR as against NNI.

**The basis for and effect of an FSD**

5. The basis for and effect of an FSD are matters which are governed by English law. As a matter of English law, the power of the UK Regulator to issue an FSD is derived from section 43 of the UK Pensions Act 2004 ("the 2004 Act"). Under that section, the UK Regulator may only issue an FSD to a particular person in relation to a particular pension scheme if a number of conditions are satisfied. One of those conditions is that the UK Regulator must be of the opinion that it is reasonable to impose the requirements of the FSD on the person in question.

6. In deciding whether it is reasonable to impose the requirements of the FSD on a particular person, the UK Regulator is required to have regard to such matters as it considers to be relevant, including, where relevant, the following matters:

    a. the relationship which the person has or has had with the sponsoring employer of the pension scheme in question (including, where the person is a company, whether the person has or has had control of the employer);

      b. the value of any benefits received directly or indirectly by the person from the employer;

      c. any connection or involvement which the person has or has had with the scheme; and

      d. the financial circumstances of the person.

7. The principal effect of an FSD is to require the persons to whom it is issued to secure that "financial support" for the pension scheme in question is put in place within the period specified in the FSD, and maintained in place thereafter. By section 45 of the 2004 Act, "financial support" means one or more arrangements falling within section 45(2) of the 2004 Act, the details of which are approved by a notice issued by the UK Regulator.

8. In the event that there is non-compliance with an FSD, the UK Regulator has power under section 47 of the 2004 Act to issue a notice (a "Contribution Notice" or "CN") to any one or more of the persons to whom the FSD was issued stating that the person is under a liability to pay to the trustees or managers of the pension scheme the sum specified in the CN. The UK Regulator may only issue a CN to a particular person if it is of the opinion that it is reasonable to impose liability on the person to pay the sum specified in the CN.

**Claims against NNI**

9. At the present time, it is not yet known:

      a. whether any one or more of the EMEA Targets will ultimately be required pursuant to an FSD or CN to make a payment or series of payments to the trustee of the Scheme ("the Trustee") or otherwise provide financial support for the Scheme;

  b. whether NNI will ultimately be required pursuant to an FSD or CN to make a payment or series of payments to the Trustee or otherwise provide financial support for the Scheme; or

  c. if one or more of the EMEA Targets and NNI are ultimately required pursuant to an FSD or CN to make a payment or series of payments to the Trustee or otherwise provide financial support for the Scheme, what the relationship between their respective obligations will be.

10. However, in the event that NN South Africa is ultimately required pursuant to an FSD or CN to make a payment or series of payments to the Trustee or otherwise provide financial support for the Scheme NN South Africa has the following claims against NNI which it hereby asserts:

**Claim 1.**   **Contribution**

11. A claim under English law, South African law or alternatively as a matter of US law to recover a contribution from NNI, including without limitation pursuant to the UK Civil Liability (Contribution) Act 1978, under common law, general equitable principles, under English, South African and US statute and/or by reason of breaches of the duties owed by NNI to NN South Africa referred to elsewhere in this Proof of Claim.

12. In this respect it is just and equitable for NN South Africa to recover from NNI having regard to the extent of NNI's responsibility for the damage in question.

**Claim 2.**   **Claims against NNI on the basis of recoupment, contribution and or unjust enrichment**

13. A Claim for recoupment or contribution against NNI arising under English law, South African law, or alternatively under US law, on the basis that NN South

Africa will have been required by compulsion of law to satisfy in whole or in part an obligation owed by NNI to the Trustee, and NNI will therefore have been unjustly enriched at the expense of NN South Africa.

**Claim 3.     Subrogation**

14. A Claim under English law, South African law, or alternatively under US law, to be subrogated in whole or in part to any claim which the Trustee would otherwise have had against NNI pursuant to an FSD or CN or otherwise.

**Claim 4.     Obligation to repay**

15. A claim against NNI on the basis that it is otherwise obliged under English, South African or alternatively US law to repay, in whole or in part that obligation. Full particulars of such claim are subject to the circumstances leading to NN South Africa's obligation.

The quantum of these claims is not capable of determination at the present time.

**II.     FUTURE AND CONTINGENT RIGHTS**

16. In the event that a claim is made or intimated against NN South Africa after the bar date (whether on the basis of matters currently known or unknown, and whensoever occurring), NN South Africa will assert and hereby asserts all rights of contribution and indemnity against NNI. NN South Africa's position is that such claims are not subject to this bar date but for completeness and the avoidance of doubt hereby includes all rights to contribution or indemnity in respect of all claims, liabilities, costs and expenses from any person or persons, whensoever occurring and whether arising before or after the bar date, to the fullest extent possible and without limitation. NN South Africa reserves the right to further identify, particularize and modify all its entitlements in this respect in due course.

## III. REMEDIES

17. NN South Africa claims all equitable, common law, civil law, statutory and other remedies available under the applicable laws of any jurisdiction including, but not limited to, damages, equitable compensation, an equitable account of profits, restitution and/or any other recovery in respect of the matters the subject of this Claim.

## IV. RESERVATIONS

**Reservation regarding jurisdiction, applicable law and forum**

18. In so far as liability or quantum in respect of any claim identified in the Claim is disputed, neither the filing of the Claim nor anything in its content is to be taken as acceptance that the US Court is the appropriate forum for litigating such dispute or that it has jurisdiction (or should exercise any jurisdiction) to determine the merits of the same. In the event that such a dispute arises, NN South Africa reserves the right to contend in respect of any of its claims that the appropriate forum for litigating such dispute is a different or foreign forum (and in particular the Courts of England and Wales).

19. In so far as the Claim is silent as to applicable law, this is not to be taken as acceptance that US law is, or is necessarily, the applicable law, and NN South Africa reserves the right further to identify appropriate foreign law as being the law applicable to its claims.

**Reservation regarding claims and quantum**

20. The Claim set out herein represents the best current assessment on the part of NN South Africa. NN South Africa reserves the right to add to and/or modify the Claim, the nature of the claims, the facts relied on in support of those claims, and their quantum in due course, including as a result of documentary and other information

obtained from NNI (or elsewhere) and/or in the light of expert evidence produced in connection with the claims.

## V. MISCELLANEOUS

21. <u>Notice</u>. All notices to the claimants concerning the Claim should be sent to:

Herbert smith LLP
Attn:  Kevin Lloyd
       Stephen Gale
Exchange House
Primrose Street
London EC2A 2HS
UNITED KINGDOM

22. <u>Protective Filing/Amendments</u>. The Claim is filed to protect NN South Africa from forfeiture of its claims.

10/33518309_1                                                                 7

_Jacqu[signature]_      6/3/11     3:30 pm
RECEIVED BY:     DATE     TIME

**HAND DELIVERY**