**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Nortel Networks, Inc., et al.,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) | Objection Deadline: September 11, 2012 |

**EIGHTEENTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR
TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD
OF JULY 1, 2012 THROUGH JULY 31, 2012**

Name of Applicant:     Ernst & Young LLP

Authorized to Provide Professional Services to:     The above-captioned debtors and debtors-in-possession

Date of Retention:     February 5, 2009, *nunc pro tunc* to January 14, 2009

Period for which compensation
and reimbursement are sought:     July 1, 2012 to July 31, 2012

Amount of Compensation sought as actual,
reasonable, and necessary:     $ 530,000

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:     $ 0

This is a(n):  _x_ interim     __ quarterly     ___ final application

Prior Applications Filed:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

4816-6690-4080.1

| Fee Application Filing Date | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Total Approved |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0.00 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0.00 | $39,739.00 |
| 10/16/09 | 8/1/09 – 9/30/09 | $26,301.00 | $0.00 | $26,301.00 |
| 11/19/09 | 10/1/09 – 10/31/09 | $13,607.00 | $0.00 | $13,607.00 |
| 2/24/10 | 11/1/09 – 12/31/09 | $186,040.00 | $670.00 | $186,710.00 |
| 2/24/10 | 1/1/10 – 1/31/10 | $74,330.00 | $375.58 | $74,705.58 |
| 6/4/10 | 2/1/10 – 4/30/10 | $265,434.50 | $858.82 | $266,293.32 |
| 9/10/10 | 5/1/10 – 7/31/10 | $230,428.50 | $674.09 | $231,102.59 |
| 11/24/10 | 8/1/10 – 10/31/10 | $260,941.50 | $954.00 | $261,895.50 |
| 3/1/11 | 11/1/10 – 1/31/11 | $591,660.00 | $0.00 | $591,660.00 |
| 5/31/11 | 2/1/11 – 4/30/11 | $2,456,156.00 | $1,904.00 | $2,458,060.00 |
| 8/18/11 | 5/1/11 – 5/31/11 | $761,845.00 | $0.00 | $761,845.00 |
| 8/26/11 | 6/1/11 – 7/31/11 | $1,320,000.00 | $0.00 | $1,320,000.00 |
| 11/22/11 | 8/1/11 – 10/31/11 | $2,367,641.00 | $0.00 | $2,367,641.00 |
| 3/1/12 | 11/1/11– 1/31/12 | $1,158,441.50 | $5,606.00 | $1,164,047.50 |
| 5/21/12 | 2/1/12 – 4/40/12 | $1,772,779.00 | $8,709.00 | still pending |
| 7/12/12 | 5/1/12 – 6/30/12 | $1,389,524.00 | $0.00 | still pending |
| **TOTAL** |  | **$13,199,868.00** | **$19,751.49** | **$10,048,607.49** |

## COMPENSATION BY PROFESSIONAL
## JULY 1, 2012 THROUGH JULY 31, 2012

| Professional | Position | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Fixed Fee | N/A | N/A | ~1,266 | $530,000 |
| **TOTAL** | | | **~1,266** | **$530,000** |

## COMPENSATION BY PROJECT CATEGORY
## JULY 1, 2012 THROUGH JULY 31, 2012

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fixed Fees | ~1,266 | $530,000 |
| **TOTAL** | **~1,266** | **$530,000** |

## EXPENSE SUMMARY
## JULY 1, 2012 THROUGH JULY 31, 2012

| Expense Category | Total Expenses |
|---|---|
| **TOTAL** | **$0** |

4816-6690-4080.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11<br>Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) |  |

### EIGHTEENTH INTERIM APPLICATION OF ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD OF JULY 1, 2012 THROUGH JULY 31, 2012

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP ("E&Y LLP") hereby files this Eighteenth Interim Application for Allowance of Compensation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

for Services Rendered as Indirect Tax Service Advisor to the Debtors and Debtors-in-Possession for the Period from July 1, 2012 through July 31, 2012 (the "Application"). By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $530,000 in compensation and $0 in reimbursement for expenses incurred during the period July 1, 2012 through July 31, 2012 (the "Compensation Period"). In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order [Docket No. 236]. The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with the Compensation Order.

5. On March 1, 2011, the Debtors retained E&Y LLP to perform tax

2

services, consisting of federal and state tax compliance, US reporting requirement for foreign operations, tax reporting, and federal, state, and international tax advisory pursuant to E&Y LLP's engagement with the Debtors (the "Master Tax Services Agreement"). On March 23, 2011, the Court entered an order [Docket No. 6021] (the "Retention Order").

6. On July 1, 2011, the Debtors filed a Supplemental Application for an Order Expanding the Scope of Employment and Retention of Ernst & Young LLP to Include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 5862] (the "Expansion Application").

7. On July 22, 2011, the Court granted the Expansion Application and authorized the Debtors to expand the scope of EY's employment and retention to include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 6021].

8. On December 22, 2011, the Debtors filed a Notice of the Third Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7021] (the "Third Amendment").

9. On January 12, 2012, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 5, 2011 authorizing the Third Amendment [Docket No. 7090].

10. On February 29, 2012, the Debtors filed a Notice of the Fourth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7312] (the "Fourth Amendment"). No objections were filed to the Fourth Amendment.

11. On July 18, 2012, the Debtors filed a Notice of the Fifth Amendment to

the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 8015] (the "Fifth Amendment").  No objections were filed to the Fourth Amendment.

### Compensation Paid and Its Source

12.    All services for which compensation is requested by E&Y LLP were performed for or on behalf of the Debtors.

13.    E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

14.    Pursuant to the Master Tax Services Agreement, E&Y LLP provides the Debtors with tax compliance reporting, tax controversy and tax advisory services for a fixed fee. A copy of the invoice for the fixed fee installment payment for July 2012 is attached hereto as Exhibit A.

15.    To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

### Actual and Necessary Expenses

16.    EY is not seeking reimbursement of expenses with this Application.

**Summary of Services Rendered**

17. E&Y LLP, by and through the above-named persons, has advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

**Summary of Services By Project**

18. The services rendered by E&Y LLP during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below.

Tax Compliance Reporting

19. E&Y LLP assisted with tax compliance, tax reporting and tax advisory consulting such as but not limited to the preparation and filing of all state and local sales and use tax returns and the preparation of reports and reconciliations to assist the Debtors with the proper accounting of payments and tax credits and E&Y LLP prepared and reviewed federal and state tax filing positions and compliance requirements.

**Valuation of Services**

20. The professionals and staff members of E&Y LLP have expended approximately 1,266 hours[2] in connection with this matter during the Compensation Period. The flat fee identified above is E&Y LLP's normal rate for work of this character. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $530,000.

21. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of

---

[2] This number represents an estimate of the total hours of services provided during this Compensation Period and is subject to change from month to month.

comparable services other than in a case under this title. Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the period Compensation Period, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $424,000 as compensation for necessary professional services rendered (80% of $530,000), and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: August 21, 2012

Respectfully submitted,

/s/ Joanne Lee
Joanne Lee
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Tel. 312.832.4500
jlee@foley.com