```
                  IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE


IN RE:                        )    Case No. 09-10138
                              )    (Jointly Administered)
NORTEL NETWORKS, INC.         )
       et al.,                )    Chapter 11

                              )    Courtroom 3
                              )    824 Market Street
            Debtors.          )    Wilmington, Delaware
                              )
                              )    August 20, 2012
                              )    3:30 p.m.
```

                    TRANSCRIPT OF TELECONFERENCE
               BEFORE THE HONORABLE JUDGE KEVIN GROSS
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: ANN C. CORDO, ESQ.
                          (302) 351-9459
                          BY: DEREK ADLER, ESQ.
                          (302) 351-9357

                          Cleary Gottlieb Steen & Hamilton
                          BY: ROBER A. COOPER, ESQ.
                          (212) 225-2283
                          BY: LISA M. SCHWEITZER, ESQ.
                          (212) 225-2629

                          Young Conaway Stargatt & Taylor
                          BY: JOHN DORSEY, ESQ.
                          (302) 571-6712


ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
APPEARANCES:
(Continued)

For Official Committee
Of Unsecured Creditors:        Richards Layton & Finger
                               BY: CHRIS SAMIS, ESQ.
                               (302) 651-7886

                               Akin Gump Strauss Hauer & Feld
                               BY: LISA BECKERMAN, ESQ.
                               (212) 872-8012

For Official Committee of
Retired Employees:             Togut Segal & Segal LLP
                               BY: MICHAEL D. HAMERSKY, ESQ.
                               BY: RICHARD K. MILIN, ESQ.
                               BY: NEIL BERGER, ESQ.
                               (212) 594-5000

                               McCarter & English
                               BY: KATE R. BUCK, ESQ.
                               (302) 984-6300

For Joint Administrators
And Foreign Representatives:   Hughes Hubbard & Reed (NY)
                               BY: DEREK ADLER, ESQ.
                               (212) 837-6000

For Ernst & Young:             Buchanan Ingersoll & Rooney
                               BY: KATHLEEN MURPHY, ESQ.
                               (302) 552-4209

                               Allen & Overy, LLP
                               BY: LISA KRAIDIN, ESQ.
                               (212) 610-7300

For Bondholder:                Milbank Tweed Hadley & Tweed
                               BY: THOMAS MATZ, ESQ.
                               (212) 530-5885
```

<u>WILMINGTON, DELAWARE, MONDAY, AUGUST 20, 2012, 3:33 P.M.</u>

1      THE COURT:  Good afternoon, counsel.  Judge Gross

2  on the phone.

3      MR. ABBOTT:  Good morning, Your Honor, or

4  afternoon, Your Honor, I apologize.  Derek Abbott here for

5  the debtors.

6      THE COURT:  Yes, Mr. Abbott, and I have a list of

7  the participants.  And I know that Ginger has told you all

8  to announce your names before you speak so we have an

9  accurate record.  And I've read your papers.  I am prepared

10  to proceed.  I have an initial question, though, and that's

11  this.  I've read the Motion to Terminate filed by the

12  debtors in the case.  Am I correct that as of yet the

13  retirees have not filed an objection?

14      MS. BUCK:  That's correct, Your Honor.  Their

15  objection is due September 13.

16      THE COURT:  Okay, that's fine, thank you.  All

17  right.  Here is in the first instance, my question that I'll

18  pose to the debtors.  And that is, because we obviously have

19  not yet seen the position of the retirees, the bases for the

20  motion, are the terms of the plan and the debtors' best

21  interest or best business judgment, I should say.  So what

22  I'd really like to know, I suppose, I guess it's really for

23  the retirees is essentially what their case will be in

24  opposition to the motion.  Because I think that I have to

1  kind of have a better sense of that before I hear more on

2  the requests for admission.

3           MR. MILIN:  Sure, Your Honor.  This is Richard

4  Milin from Togut Segal --

5           THE COURT:  Yes, sir.

6           MR. MILIN:  -- committee.

7           THE COURT:  Good afternoon, Mr. Milin.

8           MR. MILIN:  Good afternoon, Judge.  The answer is

9  that Section 1114 of the Bankruptcy Code, imposes a number

10  of limits on any motion of a debtor to terminate retiree

11  benefits.

12           THE COURT:  Right.

13           MR. MILIN:  Business judgment is not enough.

14  And, of course, the right to terminate is only relevant

15  after the effective date, under Visteon, if then, and has

16  not been established in this case.  So the essence of our

17  case -- I'm sorry, is there a telephone issue?

18           THE COURT:  I think someone is maybe calling in

19  or -- it's not from this end.

20           MR. MILIN:  Okay.  So the essence of our case is

21  actually set forth, obviously in very brief form, in our

22  letter.  In order to terminate benefits under 1114(f) and

23  (g), the debtor must show that it's necessary to terminate

24  benefits.  Not simply that it wants to, or has a right to,

25  or it in its business judgment would like to, but that it's

1    necessary.  I said the last time I was in front of Your

2    Honor, the statute actually says it twice.

3            In addition, the debtor must show that they

4    provided all of the information we need in order to evaluate

5    their proposal, that their proposal is fair and equitable,

6    and a number of other requirements.  There actually is a

7    nine-factor test.  But the essential arguments that we would

8    make are here in our letter; that the debtors did not, in

9    fact, reserve the right to terminate as far as we can tell,

10   with respect to at least from 1991 to 2000 and '02, '03, or

11   '04.  And that's a large number of people.  And that's even

12   on the ERISA theory that's most favorable to the debtors

13   which is vesting theory.  Under a breach of fiduciary duty

14   theory which is an alternative theory, all of the

15   representations made to employees about the plan's benefits

16   and [audio skipped] are relevant.

17           THE COURT:  And that's why you've raised in your

18   request for admission at least, issues relating to the

19   summary plan description.  Is that correct?

20           MR. MILIN:  That is correct, Your Honor.

21           THE COURT:  Okay.  All right.

22           MR. MILIN:  A second ground as we state in our

23   letter is that they must show that terminating the benefits

24   is not -- is necessary.

25           THE COURT:  Right.

1          MR. MILIN:  And it's not both because they have

2     ample resources to continue paying us.  And because -- and

3     certainly to offer a much higher proposal than they offered.

4     The administrative burdens of maintaining the benefits have

5     neither been established nor explored.  And a number of the

6     RFA's ask, well, did you consider whether you could move

7     people over to temporary employment or whether third parties

8     could continue to maintain the benefits?  Your Honor, we

9     don't want to get in the way of confirmation as long as our

10    benefits are protected.  We feel that they could be

11    protected and the debtors have not investigated whether, in

12    fact, they can be protected, even if the debtors wind down.

13    So both on the administrative side and on the benefit side,

14    the ability to pay, we believe they can show necessity.

15          Another argument before us is fair and equitable.

16    In order to assess whether their proposal is fair and

17    equitable, we need to assess how much other creditors are

18    getting.  We need to assess how much benefits that are going

19    to retirees will be and what they will buy.  And there are a

20    number of factual issues there, Your Honor, including the

21    fact that it's subtle.  But there's no question that the

22    proposal that they make would require the settlement funds

23    that they're offering to pay a wide variety of claims that

24    retirees might assert under individual contracts and so on

25    that are not traditional ERISA plan demands.  So we asked in

1  various discovery requests on claims, this is benefits that

2  would be due under 1114 and are trying to look at that

3  issue.

4           There's also the fact that where the motion says

5  that retirees will get $40 million and that that will pay

6  for five years of benefits.  They also say that the cost of

7  the benefits is $12 to $15 million a year.  So we would like

8  them to correct the record that, in fact, much less is being

9  offered.  There's also the fact relevant to fair and

10 equitable, that people will be left without insurance if

11 this proposal were accepted and there must be a way to try

12 to help them out.  So that's the -- there are other issues,

13 too, but fair and equitable is another basis for defense.

14          Another opposition to the motion is that the

15 statute required them to show that we rejected their offer

16 for good reason.  And -- or to show that -- I'm sorry, that

17 we did not reject -- did not -- that we rejected their --

18 what they are required to show that the debtors did not have

19 good reason -- that the retirees did not have a good reason

20 for rejecting the offer.  Sorry that took so many words.

21          THE COURT:  That's all right, I understand.

22          MR. MILIN:  Okay.  So here, they say in their

23 motion that they're current offer is substantially the same

24 as the offer that they made before mediation sessions even

25 began.  That's one problem with it.  The other is that it

1    would cover so little and would leave people without

2    insurance.  Another is that they refuse to agree to a

3    structure.  They drop a footnote in the proposal that they

4    won't accept Aviva.  And they haven't provided any reason

5    for that.  And they haven't proposed any tax advantage

6    structure to accept to distribute benefits to retirees.  And

7    [audio skipped] should be and would go much less far than we

8    think it should.

9           So, Your Honor, given the expedited hold that the

10   debtors have placed on us and the fact we need to file our

11   objection to their motion four business days after they

12   complete document discovery, we served RFA's.  As our letter

13   showed you, those RFA's are all tied to issues in dispute.

14   The points I've just made are all tied to our RFA letter.

15   We believe that the RFA's are perfectly proper, perfectly

16   normal.  There's no precedent that the debtors have cited

17   and none that we're aware of that would justify striking

18   them from 1 to 93 on principle.  We think they should be

19   answered.

20           THE COURT:  All right.  All right, Mr. Milin,

21   thank you, sir.  Before we get into any more specifics, does

22   -- do the debtors wish to be heard as to what it is that the

23   retirees have stated they are going to prove?

24           MS. SCHWEITZER:  Your Honor, it's Lisa Schweitzer

25   from Cleary Gottlieb.

1        This is one of those cases where I think that our

2   disagreements on the basic issues or the way you would prove

3   the basic elements, runs far and deep between us and the

4   retirees.  We all agree on the standards of 1114, that you

5   have to show that, you know, the necessity to termination in

6   a fair and equitable standard.  I think beyond that, we

7   disagree with almost everything Mr. Milin has said.  So I

8   will spare you going through each of those points, but I

9   will highlight some of them.  Which is that Mr. Milin starts

10  with a premise that Visteon has now established that your

11  contractual right to terminate is, I think he said,

12  irrelevant or only relevant after the effective date.  That

13  it's not a relevant issue.  He also asserted that the

14  debtors haven't preserved, or don't have, or however he

15  phrased it, the contractual right to terminate.

16        We fundamentally disagree with those statements.

17  We also in the request for admission, Mr. Milin picks up one

18  example of one plan type document and asks for specific

19  admissions regarding that one plan document, but that's not

20  the only plan document that's been produced to him.  And

21  certainly, because we're not done with our production, is

22  not necessarily the only plan document that will be produced

23  to him ever.  So it's not an effort to narrow issues by

24  pointing to selective documents in the way he does.  It's

25  the first of many "gotcha" tests that he's trying to

1  establish.

2          I think that there's an overlay of a breach of

3  fiduciary theory that I don't think even has a place in this

4  litigation.  And with respect to the way that you can show

5  fair and equitable in an administrative -- that there would

6  be administrative or other reasons the debtors could

7  continue to provide benefits, I mean, he made his

8  categorical statement that they were never shown that.  The

9  debtors have never shown that they gave the committee

10  reasons for rejecting or for the proposing offers in certain

11  ways or disagreement structures in other ways.

12          I mean, some of these are touching on discussions

13  that were made under settlement privilege.  Some of them are

14  just categorically wrong or over-statements of what

15  happened.  And, you know, I'm happy to now or later go into

16  the specific requests to remit, but to say that I do

17  disagree with some of the issues or the way he describes in

18  an unqualified way that they're right, we're wrong.

19          And I do think that even if those are relevant

20  issues, is a second question of whether the request for

21  admission are an appropriate way of getting out that

22  information given the nature of the questions.  And even if

23  they were, what the timing would be for making such

24  admissions, given that we're in this funny place where the

25  committee has been around for a year.  We've been providing

1    them information for a year.  They have the benefit of a lot

2    of information from us.  When we've asked for them for

3    documents, we've never really gotten the production from the

4    retirees.  And they first claimed they didn't ever think

5    that they were asked.  But even after we wrote another

6    letter to make sure they thought they were asked, we've

7    gotten nothing other than dribbling out of strategic

8    documents.

9         So in this purported guise of being full and open

10   and interested in a quick resolution of issues, that's been

11   unilateral.  We've been the ones producing, they've been the

12   ones taking and complaining they haven't gotten more.  But

13   we're also being asked to answer these before our production

14   is complete and before we've gotten their side of the story

15   either through the filing of an objection, which as Your

16   Honor noted at the last hearing, they would do before

17   document discovery was complete and they would have the

18   opportunity for a second submission based on the evidence.

19        And before, certainly, we've got their side of

20   the story, were some of the requests to admit have the kind

21   of, you know, debtor should admit that one point in time

22   they sent a retiree a letter that says that they're entitled

23   to X benefits.  If you have a letter, attach your letter, or

24   if you, you know, want to send it in as evidence, that's

25   fine, but these kind of "gotcha" questions are never

1   appropriate, but particularly not appropriate in terms of

2   where we're at procedurally.

3           THE COURT:  But you don't -- the basic issue you

4   don't disagree with and that is that Section 1114 and those

5   standards apply here?

6           MS. SCHWEITZER:  Right.  I mean, I think there

7   the statutory standards do apply.  I think that -- I think

8   generally we're in rough agreement on the scope of issues

9   being litigated, we just disagree on the law and the facts

10  that would be relevant to litigate those issues.

11          THE COURT:  Okay.  All right.  Well let me hear

12  your argument then specifically.  I mean, maybe I -- maybe

13  you've already given it to me just now and if so, that's

14  fine, as to the basis for the Motion to Strike or the

15  Request to Strike.

16          MS. SCHWEITZER:  Sure, Your Honor.  Lisa

17  Schweitzer again, just for the record.

18          I think that I touched upon procedurally where

19  we're at in terms that, you know, we've been going through

20  discovery for the retirees for a year.  The retirees now

21  have served on us extensive discovery, some of which are

22  things they've asked over and over again, and they've now

23  blessed us with 156 document requests to be answered in 14

24  days and with a production due by September 7.  So another

25  week or two to provide all the documents.  But we do have

1    156 document requests to respond to and deal with our own

2    objections to those, as well as, the substantive response.

3    We also have interrogatories and now the 93 requests for

4    admissions.

5              I mean, the debtors are right now working very

6    hard to focus substantively on responding to the discovery.

7    And as I had just said, that Mr. Milin's objection to the

8    motion is due September 14.  In anticipation, my

9    understanding from the last hearing was in setting that

10   date, that Mr. Milin would put forth his objections

11   initially understanding that he won't have full fact

12   discovery or expert discovery at that point.  And then both

13   parties would have the supplemental opportunity to make

14   reply submissions or submissions on full evidence closer to

15   the hearing.

16             On the law, requests to admit are usually made

17   after discovery.  And the reason that they're made after

18   discovery or at the end of discovery is because the

19   intention of them is not to force one side to conduct

20   discovery or to force, to enable one side to effectively

21   shift the burden.  Just admit you're wrong, I'm right.

22   That's not the purpose for requests to admit.

23             We cited the *United Coal* case and the *Marietta*

24   *Material* case as well where they addressed that pretty

25   quickly as that you should be able to look at admissions and

1   either say yes or no.  Yes, that is a document; no, it's

2   not.  The goal being that you can either facilitate proof

3   such as through the authentication of documents

4   systematically or that you can narrow fact issues where

5   there's really no disagreements.

6           And, quite frankly, their admissions are just not

7   designed to accomplish either of those goals.  They, in

8   fact, in their cover letter, suggest as the limiting

9   principle that it should be for fact discovery just has no

10  application here.  So they're even really hiding their

11  intent that this is meant to plan other discovery tools.

12  And while they blame it on the fast pace of discovery, that

13  should be measured in light of the fact that they've had a

14  year to obtain information and to raise issues as to

15  adequacy of the information provided for them up to date or

16  in the rest of the information in connection with the motion

17  hadn't even been provided to them, so it was premature for

18  them to complain.

19          To look at -- and again, I am happy to go through

20  all the 93 RFA's and explain why each one of them is

21  improper, but I try to usually pick my best example.  And I,

22  quite frankly, in dealing with an adversary, usually try to

23  reach compromise.  In this case, when we went through the

24  RFA's, I think our concern is not merely that we could have

25  a word processor turn around the documents and write deny,

1 deny, objectionable, deny, deny, deny, objectionable, but

2 given the other substantive discovery that's going on, the

3 compressed time pressure, and the fact that we expected we'd

4 just be having the call in a week or two, that we felt it

5 was necessary to direct up front that these are just simply

6 objectionable requests.

7           I'll pick some of the examples.  I'm happy to

8 address any and all of the requests for admission

9 individually or in groups because I think they tend to pick

10 up certain themes.  But for example, there's a whole line of

11 questioning or requests to admit regarding expected

12 creditors raised in this case and the sufficiency of assets,

13 and the amount of claims, and how those three facts

14 intersect.

15           Your Honor is aware as anyone that the debtors

16 don't have operating businesses.  We have roughly $1 billion

17 in the bank.  But the fact is, we file a monthly operating

18 report so there's no secret as to our -- an amount of our

19 assets that we know about.  Allocations we don't have an

20 answer for.  So it's hard for us to answer or make any

21 admissions, where admissions are just that, statements we

22 can't abandon regarding expected creditor recoveries in the

23 case.

24           We also, as Your Honor knows, have the EMEA

25 claims motion scheduling -- is to be heard by you this

1  Wednesday.  And the UK pension claims themselves are set to

2  be amended next month.  We have $4 million in bond claims.

3  So between the three buckets, we could have, I don't know,

4  $4 billion to north of $10, $20, $30 billion.  Your Honor

5  would have to be part of our discovery of what would be a

6  reasonable estimate of all those things because we just

7  don't know as they're all pending litigations.

8          So if the attempt is to cut through and have

9  admissions about exact creditor recoveries, that's not

10  possible.  And if the attempt is to have the debtors write

11  deny and write essays about why, you know, what the range

12  could be, then you're just implanting other discovery.  Mr.

13  Milin in that instance when we raised it with him said,

14  well, of course, you know where claims are trading at and

15  that could be something you could talk about.  But it's not

16  our job in requests for admission to go do that type of

17  research.  And, in any event, what claims are trading at

18  isn't necessarily anyone's best estimate.  But what our

19  estimates at this point are highly contingent and are --

20  have a lot of attorney work product and other issues

21  surrounding them.

22          Mr. Milin, another example that he has in his

23  letter and raised on the call is admissions regarding

24  whether certain retirees are insurable or uninsurable.

25  Quite frankly, Your Honor, this is his constituency, so he

1  probably has better information than we do as to the

2  insurability of individual retirees.  He has to submit 10,

3  or 15, or fixed percentages of the pot are "likely" to be

4  uninsured, likely to be unable to obtain "individual"

5  healthcare insurance.

6          Now that's a perfect example of something that

7  it's not really in our facts, in our knowledge to completely

8  know.  So it's not really an appropriate admission.  Second

9  of all, even if we wanted to give our best opinion, we would

10 have to do research on all the retirees and their individual

11 likelihood to obtain individual healthcare insurance which

12 I'm not sure we know because we don't about of all their

13 disabilities, or injuries, or things that would qualify them

14 to get health insurance.

15         And third of all, I don't think it ends the

16 inquiry.  Is that I don't think Mr. Milin is going to say

17 that he's, therefore, not going to call any witnesses or not

18 ask any questions at deposition or ask for any further

19 information about the retirees, alternate insurance that

20 might have been explored for them, any cost associated with

21 that.  We don't know if they're Medicare eligible, what time

22 period he's talking about.  So that's a set of questions

23 that's objectionable on its face because it's poorly worded.

24 The facts aren't really in our hands.  To the extent the

25 facts are in our hands, it would require a lot of

1  investigation.  And it doesn't foreclose an issue by saying

2  either admit or deny.

3         There's, as I mentioned, a series of "gotcha"

4  questions about, for example, request No. 10 just -- and

5  these are including without limitation, examples solely to

6  not be on the phone all day, but were -- there was a request

7  to admit that the 1991 SPD was distributed to employees of

8  the debtors who might become eligible for those benefits

9  during the period the SPD was operative.

10        Now even let's just say the debtor said yes to

11 that.  I'm not saying that they would because again, that

12 there's no time period on that.  So the debtors would have

13 to investigate which they're not required to do for requests

14 to admit.  They'd have to investigate all the time periods,

15 every employee that it was sent to.  But even if you said

16 yes, then I would imagine that Mr. Milin would not waive his

17 right to ask at a deposition, particularly the person who

18 admitted that, that, you know, which employees were covered?

19 Which employees did you think were eligible or might become

20 eligible?  Which benefits were they offered?  And which

21 years was the SPD operative?

22        So just, again, just it seems like that doesn't

23 actually foreclose discovery, it just creates a further

24 angle for impeachment style discovery rather than just

25 getting into the merits.

1              Again, No. 70 is another one that I had mentioned

2    in passing about the debtors having promised one or more

3    retirees in writing that their beneficiaries would receive

4    benefits upon death of more than $100,000.  I mean, that's

5    just asking the debtors to fish through their files to find

6    a particular letter.  Who knows what they have in mind.  I'm

7    sure they had something very specific in mind.  And I'm sure

8    that by the end of the document discovery, they'll produce

9    it.  But again, I don't think that would narrow any

10   discovery.  I don't think that they wouldn't ask our

11   witnesses about them.  I mean, they would like the facts,

12   but they wouldn't -- it wouldn't preclude a narrow

13   discovery.  And it's not something susceptible of us

14   answering.

15              I'm happy as I said to go through 93 examples of

16   this, but I will spare you in the first round.  But as you

17   see, there are common themes which is that the requests to

18   admit are individually objectionable in the way they're

19   worded.  The sheer burden of having to make 93 objections to

20   93 requests on prematurity, improper wording,

21   inappropriateness as a request to submit, and the fact that

22   after going through that entire exercise at the same time

23   we're producing documents and trying to work on other

24   substantive discovery, not only with the retirees, but

25   obviously, the disabled population as well in parallel, that

1    it seems like a pointless exercise and it doesn't, in fact,

2    serve the goal of narrowing issues.

3            We did, again, offer Mr. Milin that if, you know,

4    that we don't think that this is appropriate at this time,

5    if we get to the end of discovery and we are preparing for

6    trial, we're happy to discuss with Mr. Milin on a mutual

7    basis of whether you called and requested a note or

8    stipulated facts.  There are various tools you can use in

9    advance of a hearing to potentially narrow issues in a

10   constructive and bilateral way, but I don't think that's the

11   goal here.  And I don't think answering these particularly

12   when the answers are not succeptible to quick admissions,

13   will actually serve any of those purposes.

14           THE COURT:  Well, let me ask you a question, Ms.

15   Schweitzer.  For example, to the extent that at the moment

16   you don't know how much creditors will recover, does that

17   impact the timing of your motion?  Does it make it

18   premature, and if not, why not?

19           MS. SCHWEITZER:  Well, Your Honor, I think that

20   the fact that is that if doesn't make it premature because

21   of the nature of the showing isn't that these individuals

22   are necessarily getting -- they're necessarily getting

23   something that's not appropriate or fair or reasonable.  If

24   you start with a premise that there's a contractual right to

25   terminate the plans and that they don't have a legal claim,

1    then they are being treated fairly and equitably and, in

2    fact, better than any other creditor that doesn't have a

3    legal claim.  Because any other creditor such as all the

4    suppliers and creditors and non-disabled and non-retired

5    employees have now had their relationships with the company

6    severed and they, therefore, have no claim and no payments.

7    And so the fact is the retirees are -- and the disabled

8    population as well, although we're dealing with the retirees

9    on this call, are getting a benefit longer than any other

10   person in a similar position.  As I said, it's a legal

11   question what Visteon has ruled, but Visteon does not say

12   that there is no -- that the fact that you have a legal

13   right to terminate becomes irrelevant or that a debtor per

14   se has no right to terminate its benefits in bankruptcy.

15              Also, you know, and quite frankly, the debtors

16   have offered the committee claims.  And if they get a claim,

17   then they -- it doesn't really matter what the creditor

18   recoveries are because they're treated equally as the same

19   as other people with unsecured claims.  I mean, there wasn't

20   necessarily interest in that, but certainly, that's the way

21   of getting around any fair and equitable concerns in terms

22   of how other creditor recoveries are.  All the creditors are

23   getting what they're getting.

24              I think also in the necessity of termination, as

25   Mr. Milin has said, that the debtors have -- he disagrees,

1  but it's not that we haven't argued, and it's not that we

2  wouldn't argue, that the fact that you have a liquidating

3  company with less than 20 employees now and less than 5

4  employees by the end of the year is not an appropriate

5  corporation to be providing benefits where you have to

6  maintain records and you have to have people there to answer

7  the phone to provide information.  And you have to be ready

8  to deal with the claims that Mr. Milin is now so eagerly

9  espousing of breaches of the fiduciary duty and

10  administration and, you know, that they're -- the committee

11  is the first to complain about all the things the debtors

12  have ever done wrong and all our imperfections about

13  administrating the plans in the same breath that they say

14  it's appropriate for us to continue this well past the

15  corporate -- the corporation's general existence as an

16  operating company in bankruptcy.

17          I mean, the debtor effectively is a liquidated

18  debtor at this point but for a couple of claims and

19  allocations which quite frankly could be settled in a day, a

20  well, a month, or a year.  So I think the debtor can and

21  will make those showings.  And I think that it's not that

22  the debtor hasn't given information relevant to these

23  prongs, but we've given them the factual information and

24  they're able to make any legal arguments they want.  It

25  doesn't make that the case, that every fact that will be

1    litigated is ripe for request for admissions.

2              THE COURT:  All right.  I appreciate the

3    argument.  Mr. Milin, would you care to respond?

4              MR. MILIN:  Well, [audio skipped], Your Honor.

5    Let's talk about what we didn't hear.  What we didn't hear

6    is any authority for concluding that our RFA's are per se

7    improper.  They're not improper.  They're perfectly proper.

8    And one only needs to read them together with our letter,

9    together with 1114, to see that what we are trying to do is

10   narrow the issues and, in particular, to facilitate proof of

11   issues in dispute which is a goal and purpose of RFA's is

12   endorsed both by the committee that wrote the rule and by

13   the Third Circuit.  We cite a case citing.

14             Ms. Schweitzer complains that there are

15   "gotchas".  Your Honor, that's how you narrow the issues.

16   That's what RFA's are for to take issues that really should

17   not be disputed and get an answer that they aren't disputed,

18   even though a party may prefer not to say that.  Are the

19   RFA's relevant?  Clearly, they are.  We went through

20   specifying what issues, almost 90 of them are relevant to.

21   Is there a precedent for striking a whole set of RFA's like

22   this?  There is not and none is cited.

23             Ms. Schweitzer complains about burdens, but she

24   doesn't specify any real burdens.  She only has the burden

25   of making a reasonable inquiry that is not an overly

1  difficult burden to sustain.  Furthermore, she mentions

2  again, the problem of determining how many are uninsurable.

3  There the debtors' own expert has made representations about

4  the percentage of retirees we should expect to be

5  uninsurable and Ms. Schweitzer should simply contact their

6  expert and find out.

7          With respect to whether the motion --

8          MS. SCHWEITZER:  Mr. Milin, Mr. Milin, Mr. Milin,

9  I apologize, I do not like to interrupt you on the phone.

10  I'd be standing up if we were in Court, but you're referring

11  to documents provided to you under settlement privilege and

12  I don't want that established further on the record.

13  There's no need to explore that right now, but those are

14  settlement documents you're referring to.  So I think the

15  record needs to be clear on that.

16          MR. MILIN:  Sure, do you --

17          MS. SCHWEITZER:  I apologize.  You may proceed.

18  I didn't mean to interrupt you.  I just think that really

19  needs to be clarified before we keep having things being

20  called admissions.

21          MR. MILIN:  I would respectfully suggest that

22  we've just heard at confirmation that your expert can help

23  you with this issue, doesn't matter what they said in any

24  context.  The point is that they have the information.

25          Moving on, there's no question that this motion

1   is premature.  In order to rule on the motion, Your Honor,

2   will need to determine that we have been provided with all

3   information necessary to evaluate the proposal.  We have not

4   and you've just heard that they do not expect to provide

5   that to us.

6             Your Honor must determine whether the offer is

7   fair and reasonable, fair and equitable, which requires and

8   as required in numerous cases, a comparison of how much

9   retirees are getting relative to other constituencies.

10            Your Honor must determine whether termination of

11  benefits is necessary.  That requires a determination as to

12  the financial resources of the company's net, not just

13  assets.  And it requires a determination that to the extent

14  the argument is solely administrative as it appears to be in

15  the motion, that as an administrative matter, there is no

16  way it's absolutely necessary to terminate benefits.  We

17  don't believe that and we have no information about it.

18            As to Visteon, we should be clear that we don't

19  seem to differ greatly about Visteon.  The holding of

20  Visteon is, however, that a debtor must show necessity to

21  terminate benefits during the course of the case no matter

22  what, even if the debtor claims that there's a right to

23  terminate.  And as we've said, and we've heard no real

24  answer other than disagreement, even if the debtors had a

25  right to terminate.

1          So there are a few points Your Honor should

2    consider that if we are not given an answer to our RFA's, a

3    good faith estimate for Your Honor's purposes of how much

4    other constituencies are likely to get are going to have to

5    retain a financial expert.  We had planned not do that

6    because the debtors, we thought, would answer us or at least

7    to retain only a consulting expert, but how are we going to

8    establish, and remember, our expert reports are due on

9    September 14.  But how are we going to establish how much

10   those constituencies are likely to get, if the debtors don't

11   admit it.  And experts as you know are expensive, time

12   consuming, and we certainly would be likely to be back to

13   Your Honor about that issue.

14          It was also suggested that we need to complete

15   discovery for them to answer.  Your Honor, they have all the

16   documents.  The only documents we have are documents that

17   were provided by the company to the retirees that they ought

18   to have, but don't seem to or at least have not produced to

19   us.

20          I think that's the essence of our arguments.  If

21   Your Honor has questions, I'll address them, but they should

22   be answering our RFA's.  If there are really particular

23   objections they have to make, yes, maybe we'll be back in

24   front of Your Honor, but maybe they will give us the

25   information we need.  I should add that under Rule 36, if a

1  party denies our request for admission, they must fairly

2  respond to the substance of the matter.  So there's a limit

3  to how much weight can be placed on wording issues.  And, of

4  course, we're not aware of the wording issues with these

5  RFA's which we consider proper.  And also, you know, good

6  faith, when good faith requires a party to qualify an answer

7  or deny only a part of a matter, the answer must specify the

8  part admitted and qualify or deny the rest.

9        Your Honor, the debtors are in a position to

10  answer these RFA's.  They don't want to because they

11  consider them "gotchas".  It's the "gotchas" that make them

12  important for narrowing the issues and they should be

13  required to respond.

14        THE COURT:  All right.  Any --

15        MS. SCHWEITZER:  Your Honor, if I --

16        THE COURT:  Yes.

17        MS. SCHWEITZER:  -- may a brief response.  It's

18  Lisa Schweitzer.

19        THE COURT:  Yes, Ms. Schweitzer.

20        MS. SCHWEITZER:  Again, I don't want to belabor

21  line-by-line what Mr. Milin said.  I do disagree with many

22  of his statements, but I think that there's a 30,000-foot

23  issue here which is that Mr. Milin suggests that we have to

24  be able to give him perfect information on all aspects of

25  every issue, otherwise, you know, that we're not on a fair

1   litigation.  But under 1114, and I think this is a non-

2   controversial statement, that case law establishes that you

3   have to make a showing based on the best information

4   available to the debtor at the time the motion is made.  As

5   you're aware, in other pending cases, motions have been made

6   very early on the case where full and final information on

7   plan recoveries and the like is just simply not available

8   because it's early on in the case.  And the case law says

9   that you just have to make your decisions based on the best

10  available information at that time.  And that a debtor does

11  not have to wait making a Section 1114 modification until a

12  more complete or final information is developed.  So it's

13  not the case that you can only do this at the end of the

14  case, a bankruptcy case, when you have full and final

15  information about the plan recovery.  That is not a showing.

16          The second point is Mr. Milin likes to raise many

17  issues that he thinks are relevant for discovery or relevant

18  ultimate trial, but that doesn't necessarily mean that

19  they're appropriate requests for admissions that -- or that

20  he [indiscernible], you know, is not another extreme of

21  having to retain experts or take a million depositions.  As

22  Mr. Milin said, hey, you know, it's not that I have no

23  documents in my hand, it's just that I have documents that I

24  haven't gotten from the debtor that I think the debtors

25  ought to have, maybe it's their own documents.

1          We have tried in this case at every opportunity

2    to be cooperative, to be responsive for a year now on

3    documents, and issues, and fact gathering, but to get a

4    request for over 90 requests for admissions at the start of

5    this litigation process when Mr. Milin is specifically and

6    consciously holding back documents, even if they're our own

7    documents, makes it even more suspicious to me when you

8    don't get requests for admission that are systematically

9    seeking to rule out effort -- issues, but they merely are

10   appearing to allude to a specific document, or a specific

11   issue, or a specific letter that only they have in mind.

12   These aren't requests for documents.  These aren't

13   interrogatories.  These aren't even questions at

14   depositions.  These are being used to forestall discovery

15   that would normally happen on a level playing field.

16          And that brings me to the last point which as Mr.

17   Milin said it's not problematic to make the debtors just

18   answer and answer and write answers, that they can't answer

19   the question just simply yes or no, but as the *United Coal*

20   decision makes clear in that case, the one party is seeking

21   sanctions against the other party because they didn't like

22   the fact that they had partial denials and they weren't

23   satisfied with all the explanations.  And the Court said

24   that such sanctions, you know, and having them deemed

25   admitted or [indiscernible] sanctions wasn't appropriate

1  because, in fact, you're not required to do complete

2  research and that the, you know, the reason you ask for a

3  request for admission is that the facts can be stated in

4  simple, concise terms so it can be admitted and denied with

5  minimum of explanation or qualification.  And that just yes,

6  no, or I don't know are very simple explanations is

7  acceptable on many of these requests for admit would be

8  likely and they use different adjectives, and they ask for

9  common English understandings of words.  They're not just

10  simply yes and no questions.

11         And if necessary, we will go through and raise

12  all objections to individual questions.  And we will, you

13  know, answer -- I can't even say there's one or two that we

14  could answer simply yes or no, but we would do our best.

15  But I think that our -- what we're trying to tell Your Honor

16  is simply that when we read these, we understand that

17  they'll be discovery on these issues.  We understand we'll

18  produce documents on these issues.  We understand that at

19  the end of that document and discovery efforts where we've

20  seen their arguments they intend to argue and we see the

21  facts that they intend to raise, that we might be able to

22  narrow these issues.  But at this time, it's basically

23  putting us on an unfair playing field where we're being

24  asked -- where they have the benefit of our information.

25  They have the benefit of their information.  They're asking

1   strategic strike questions and not issues that would take

2   any depositions away, take any witnesses away, or narrow

3   issues generally at trial, and trying to frontload discovery

4   instead of having these heard, or raised, or answered at the

5   end of the discovery process which all the cases say is when

6   you would do these requests to admit because they're meant

7   to narrow issues at trial and not to serve as discovery or

8   circumvent discovery.

9           MR. MILIN:  Well, Your Honor, again, many, many

10  points.  I will try to be brief because the key point still

11  has not been addressed.  It's Richard Milin for the retiree

12  committee.

13          Your Honor, we're not looking for perfect

14  information nor is the best information available now as a

15  correct test.  The rule states what the correct test is is

16  that you should answer based on a reasonable inquiry.

17          Next, you heard that the debtors have been

18  cooperative and responsive.  Those are quotes from Ms.

19  Schweitzer.  It's untrue.  Every time we say something that

20  gets near what happened in negotiations, we get an objection

21  from the debtors, but then they make statements like we've

22  been perfectly cooperative and responsive that are untrue.

23  Your Honor, I'm not going to go into it in detail, but Your

24  Honor, will note that several RFA's are directed to the

25  debtors' provision of information, provision of documents,

1  that show that they have not been cooperative and

2  responsive.

3          Your Honor heard that there are more than 90

4  requests for admission.  That is true.  Your Honor will also

5  note that the *Martin Marietta* case cited by the debtors said

6  that 91 requests for admission are objectively reasonable.

7  And even though there were more than 600 propounded in that

8  case, the Court doesn't strike for undue burden, but rather

9  for a difficulty of form and the particular documents that

10  the responding party would have to refer to.  So it's not

11  really relevant here except that it says that 91 RFA's can

12  be objectively reasonable.

13          Your Honor heard that the debtors are withholding

14  -- holding back documents.  That, too, is completely untrue.

15  We have, however, been [audio skipped] because when we've

16  asked and provided the debtors with documents and ask them

17  to look for them or documents similar to the ones that we

18  had, they have -- they refused.  They have typically ignored

19  our requests.  However, we are prepared to produce

20  everything that we received.  And remember, what we have is

21  documents that the debtors provided to their employees over

22  time.  We have no idea why the debtors claim or have claimed

23  so far not to have these documents, but certainly, we're not

24  holding them back.  We are ready to produce them Wednesday,

25  if the debtor, whether the debtors are willing to commence a

document production on Wednesday, I don't know. That would be good because otherwise, they are relegating us to a review of what may be and really should be tens of thousands of documents in four-working-day-period before we: A, respond to their motion; B, file expert reports; and C, designate our witnesses for trial. Your Honor, that schedule is objectively unfair. I can see no way that the debtors are not -- that the retirees are not prejudiced by this schedule. The RFA's are a move in the right direction and if fully answered, they might get us where we need to be, but this is a real problem.

Your Honor heard that it's not a problem to write an answer to the RFA's, that's right. No factual investigation other than a reasonable inquiry is necessary and no undue burden has truly been identified.

You know, those are my main points in response to Ms. Schweitzer. Obviously, there's much I agree with -- I disagree with in what she said this time than last time, but I'm trying to keep the discussion focused.

THE COURT: Sure. Well here's where we are. First of all, I'm not going to strike the request for admissions in their entirety. I don't -- again, I could not find any basis, any precedent for that. And we are dealing with a very, very compressed time schedule which the debtors requested, and which the retirees opposed, and which I

1   agreed to require based upon the arguments that were made at

2   that last hearing.

3           You know, requests for admission certainly serve

4   the purpose of narrowing or eliminating factual issues for

5   trial, but in this case, given the compressed timeframe, I

6   think they will also serve a benefit and that is to narrow

7   the discovery issues.  To the extent that answers are given,

8   that they can be relied upon, that might eliminate certain

9   areas of discovery that the retirees would be required to

10   investigate.

11           MR. MILIN:  Thank you, Your Honor.

12           THE COURT:  So I am not going to strike these.

13   Now that means -- and I'm certainly not going to go through

14   90 some requests as to determine, you know, whether they're

15   -- the language is appropriate or not.  I think that

16   certainly requests for admission must be able to be answered

17   simply with an admitted or denied, or if there is an

18   objection, a brief statement as to the basis for that

19   objection.  But this is a time -- this is a schedule which

20   really has been requested by the debtors and accordingly,

21   unfortunately, any hardship is literally of the debtors'

22   making here.  And the request for admission should be

23   answered.  To the extent there are objections, the parties

24   can discuss those objections.  And to the extent they're not

25   resolved, then we can go through those.  But I think that a

1   reasonable -- as I read the requests for admission, I

2   thought a reasonable inquiry could provide an admitted or

3   denied at this point and then we'll see where we go from

4   there.  So I'll deny the request to strike the request for

5   admissions.

6           MS. SCHWEITZER:  Your Honor, I appreciate that

7   ruling.  In light of the fact that there are 93 requests to

8   admit in addition to the 150 document requests, and to the

9   extent that these being treated as effectively as discovery

10  pool, that I would then alternatively ask that the time for

11  us to answer be extended from this Friday to the other

12  completion of discovery which is September 7, so that we

13  have the time to account for the documents that we're

14  producing and align our responses.

15          MR. MILIN:  I have no objection.  Richard Milin

16  for the retiree committee.  I have no objection, provided

17  that our other deadlines which depend on getting the facts

18  in place in time are also extended.

19          MS. SCHWEITZER:  Your Honor, that does affect the

20  end run of the schedule because we have until September 7 to

21  complete document production generally, so to suggest that

22  admissions that would narrow that review of documents by

23  getting them then should extend the schedule is

24  disingenuous.

25          THE COURT:  Well let me do this.  Rather than

1   extend your time to September 7, I will extend your time to

2   the 27th and then I'll tack on a day for the retirees to

3   file their objection.  I think there's enough discovery

4   that's being, you know, produced here, documents and

5   interrogatories, that certainly the retirees are going to

6   have their work cut out for them.  And it should not be of

7   any prejudice to give, you know, a few additional days and

8   then to tack on that day for the retirees' response.

9            MR. MILIN:  Thank you, Your Honor.  And the two

10  dates that are current -- deadlines that are currently on

11  for 8/14.  There are two different deadlines here.  The

12  response is currently the 8/13.  Your Honor just extended

13  that to 8/14.  We also have a deadline to designate

14  witnesses and file expert reports of the 14th.  Can we

15  extend that by a day as well?

16           THE COURT:  Yes.  I think that's --

17           MS. SCHWEITZER:  Is that --

18           THE COURT:  And you said August, Mr. Milin, I

19  think you meant September.

20           MR. MILIN:  I did.

21           THE COURT:  Yes.

22           MR. MILIN:  Thank you, Your Honor.

23           THE COURT:  Sure.

24           MS. SCHWEITZER:  And the deadline to disclose

25  file experts and disclose witnesses is the same date for

1  both parties.  I assume that's getting moved for both

2  parties?

3           THE COURT:  That's right.

4           MS. SCHWEITZER:  So the request to admit, the

5  responses will be served on August 27 and then the deadline

6  to file the objection is September 14.  The deadline to file

7  expert reports and disclose witnesses for both parties is

8  September 15.

9           THE COURT:  Yes.

10          MS. SCHWEITZER:  Is that correct?

11          THE COURT:  Yes, that's correct.

12          MR. MILIN:  Okay.

13          MS. SCHWEITZER:  Thank you, Your Honor.  Thank

14 you for your time this afternoon.

15          THE COURT:  Of course.  Of course.  And I wish

16 everybody a good day.

17          MR. MILIN:  Thank you, Your Honor.

18          THE COURT:  We'll stand in recess.

19

1    (Whereupon, at 4:25 p.m., the hearing was adjourned.)

2

3                         CERTIFICATION

4         I certify that the foregoing is a correct

5    transcript from the electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8

9    _____          21 August 2012
10   Traci Calaman, Transcriber                Date
11

12

13

14

| Word | Page:Line |
|------|-----------|

**30,000-foot**(1) 27:22
**abandon**(1) 15:22
**abbott**(3) 3:4 3:5 3:7
**ability**(1) 6:14
**able**(5) 13:25 22:24 27:24 30:21 34:16
**about**(20) 5:15 15:19 16:9 16:11 16:15 17:12 17:19 17:22 18:4 19:2 19:11 22:11 22:12 23:5 23:23 24:3 25:17 25:19 26:13 28:15
**aboveentitled** (1) 38:6
**absolutely**(1) 25:16
**accept**(2) 8:4 8:6
**acceptable**(1) 30:7
**accepted**(1) 7:11
**accomplish**(1) 14:7
**accordingly**(1) 34:20
**account**(1) 35:13
**accurate**(1) 3:10
**actually**(5) 4:21 5:2 5:6 18:23 20:13
**add**(1) 26:25
**addition**(2) 5:3 35:8
**additional**(1) 36:7
**address**(2) 15:8 26:21
**addressed**(2) 13:24 31:11
**adequacy**(1) 14:15
**adjectives**(1) 30:8
**adjourned**(1) 38:1
**adler**(2) 1:25 2:26
**administered**(1) 1:6
**administrating**(1) 22:13
**administration**(1) 22:10
**administrative**(6) 6:4 6:13 10:5 10:6 25:14 25:15
**administrators**(1) 2:24
**admission**(16) 4:2 5:18 9:17 10:21 15:8 16:16 17:8 27:1 29:8 30:3 32:4 32:6 34:3 34:16 34:22 35:1
**admissions**(17) 9:19 10:24 13:4 13:25 14:6 15:21 15:21 16:9 16:23 20:12 23:1 24:20 28:19 29:4 33:22 35:5 35:22
**admit**(15) 11:20 11:21 13:16 13:21 13:22 15:11 18:2 18:7 18:14 19:18 26:11 30:7 31:6 35:8 37:4
**admitted**(6) 18:18 27:8 29:25 30:4 34:17 35:2
**advance**(1) 20:9
**advantage**(1) 8:5
**adversary**(1) 14:22
**affect**(1) 35:19
**after**(7) 4:15 8:11 9:12 11:5 13:17 13:17 19:22
**afternoon**(5) 3:2 3:5 4:7 4:8 37:14
**again**(12) 12:17 12:22 14:19 18:11 18:22 19:1 19:9 20:3 24:2 27:20 31:9 33:22
**against**(1) 29:21
**agree**(3) 8:2 9:4 33:17
**agreed**(1) 34:1
**agreement**(1) 12:8
**akin**(1) 2:9
**align**(1) 35:14
**all**(36) 3:8 3:17 5:4 5:14 5:21 7:21 8:13 8:14 8:20 8:20 9:4 12:11 12:25 14:20 15:8 16:6 16:7 17:9 17:10 17:12 17:15 18:6 18:14 21:3 21:22 22:11 22:12 23:2 25:2 26:15 27:14 27:24 29:23 30:12 31:5 33:21
**allen**(1) 2:33
**allocations**(2) 15:19 22:19
**allude**(1) 2:17
**almost**(2) 9:7 23:20
**already**(1) 12:13

**also**(16) 7:4 7:6 7:9 9:13 9:17 11:13 13:3 15:24 21:15 21:24 26:14 27:5 32:4 34:6 35:18 36:13
**alternate**(1) 17:19
**alternative**(1) 5:14
**alternatively**(1) 35:10
**although**(1) 21:8
**amended**(1) 16:2
**amount**(2) 15:13 15:18
**ample**(1) 6:2
**and**(220) 2:25 3:7 3:8 3:10 3:11 3:19 3:21 4:14 4:15 4:22 5:5 5:6 5:10 5:11 5:11 5:16 5:17 6:1 6:2 6:2 6:5 6:11 6:13 6:15 6:16 6:19 6:19 6:24 7:2 7:5 7:9 7:11 7:13 7:16 8:1 8:4 8:5 8:6 8:7 8:10 8:17 9:3 9:3 9:6 9:18 9:20 10:4 10:15 10:19 10:22 11:4 11:9 11:10 11:12 11:14 11:17 11:19 12:4 12:4 12:9 12:13 12:22 12:22 12:24 13:1 13:3 13:7 13:12 13:17 13:23 13:25 14:6 14:12 14:14 14:19 14:20 14:21 14:25 15:3 15:8 15:12 15:13 15:21 16:1 16:8 16:10 16:11 16:14 16:17 16:19 16:20 16:23 17:10 17:15 18:1 18:4 18:20 19:7 19:13 19:21 19:23 20:1 20:5 20:7 20:10 20:11 20:18 20:25 21:1 21:1 21:4 21:4 21:4 21:6 21:6 21:7 21:7 21:15 21:16 21:21 21:21 22:3 22:6 22:7 22:9 22:10 22:12 22:18 22:20 22:21 22:23 23:8 23:10 23:11 23:12 23:17 23:22 24:5 24:6 24:11 25:4 25:7 25:7 25:7 25:13 25:17 25:23 25:23 26:8 26:11 26:12 27:3 27:5 27:8 27:12 28:1 28:6 28:7 28:8 28:10 28:14 29:3 29:3 29:5 29:16 29:18 29:18 29:22 29:23 29:24 30:2 30:4 30:5 30:8 30:8 30:10 30:11 30:11 30:12 30:19 30:20 31:1 31:3 31:7 31:18 31:22 32:1 32:7 32:9 33:16 33:22 32:20 33:3 33:5 33:10 33:15 33:23 33:25 33:25 34:6 34:13 34:20 34:22 34:24 35:3 35:8 35:14 36:2 36:4 36:6 36:7 36:9 36:14 36:18 36:24 36:25 37:5 37:7 37:15
**angle**(1) 18:24
**ann**(1) 1:23
**announce**(1) 3:9
**another**(9) 6:15 7:13 7:14 8:2 11:5 12:24 16:22 19:1 32:2
**answer**(21) 4:8 11:13 15:20 15:20 22:6 23:17 25:24 26:2 26:6 26:15 27:6 27:7 27:10 29:24 29:18 29:18 30:13 30:14 31:16 33:13 35:11
**answered**(6) 8:19 12:23 31:4 33:10 34:16 34:23
**answering**(3) 19:14 20:11 26:22
**answers**(3) 20:12 29:18 34:7
**anticipation**(1) 13:8
**any**(28) 4:10 8:4 8:5 8:7 15:8 15:20 16:17 17:17 17:18 17:18 17:20 19:9 20:13 21:2 21:3 21:9 21:21 22:24 23:6 23:24 24:23 27:14 31:2 31:2 33:23 33:23 36:7
**anyone**(1) 15:15
**anyone's**(1) 16:18
**apologize**(3) 3:5 24:9 24:17
**appearing**(1) 29:10
**appears**(1) 25:14
**application**(1) 14:10
**apply**(2) 12:5 12:7
**appreciate**(2) 23:2 35:6
**appropriate**(11) 10:21 12:1 12:1 17:8 20:4 20:23 22:4 22:14 28:19 29:25 34:15

**are**(98) 3:21 5:8 5:16 6:10 6:17 6:18 6:19 6:25 7:2 7:12 7:18 8:13 8:14 8:15 8:23 10:12 10:13 10:19 10:21 11:25 12:21 13:5 13:16 14:6 15:5 15:21 16:1 16:14 16:17 16:19 16:19 16:24 17:13 17:25 18:5 19:17 19:18 20:5 20:8 20:12 20:22 21:1 21:7 21:9 21:18 21:22 21:22 23:6 23:9 23:14 23:16 23:18 23:19 23:20 24:2 24:13 25:9 26:1 26:2 26:4 26:4 26:7 26:8 26:9 26:10 26:11 26:16 26:22 27:8 28:17 29:8 29:9 29:14 30:6 31:18 31:22 31:24 32:3 32:6 32:13 32:19 32:24 32:25 33:8 33:8 33:9 33:16 33:20 33:23 34:7 34:23 35:7 35:18 36:5 36:10 36:10 36:11
**areas**(1) 34:9
**aren't**(5) 17:24 23:17 29:12 29:12 29:13
**argue**(2) 22:2 32:20
**argued**(1) 22:1
**argument**(4) 6:15 12:12 23:3 25:14
**arguments**(5) 5:7 22:24 26:20 30:20 34:1
**around**(3) 10:25 14:25 21:21
**arsht**(1) 1:22
**ask**(10) 6:6 17:18 17:18 18:17 19:10 20:14 30:2 30:8 32:16 35:10
**asked**(8) 6:25 11:2 11:5 11:6 11:13 12:22 30:24 32:16
**asking**(2) 19:5 30:25
**asks**(1) 9:18
**aspects**(1) 27:24
**assert**(1) 6:24
**asserted**(1) 9:13
**assess**(3) 6:16 6:17 6:18
**assets**(3) 15:12 15:19 25:13
**associated**(1) 17:20
**assume**(1) 37:1
**attach**(1) 11:23
**attempt**(2) 16:8 16:10
**attorney**(1) 16:20
**audio**(4) 5:16 8:7 23:4 32:15
**august**(5) 1:14 3:1 36:18 37:5 38:9
**authentication**(1) 14:3
**authority**(1) 23:6
**available**(4) 28:4 28:7 28:10 31:14
**aviva**(1) 1:17
**aware**(4) 8:17 15:15 27:4 28:5
**away**(2) 3:1 32:12
**back**(5) 26:12 26:23 29:6 32:14 32:24
**bank**(1) 15:17
**bankruptcy**(6) 1:1 1:19 4:9 21:14 22:16 28:14
**based**(5) 11:18 28:3 28:9 31:16 34:1
**bases**(1) 3:20
**basic**(3) 9:2 9:3 12:3
**basically**(1) 30:22
**basis**(5) 7:13 12:14 20:7 33:23 34:18
**because**(24) 3:19 3:25 6:1 6:2 9:21 13:18 15:9 16:6 17:12 17:23 18:11 20:20 21:3 21:18 26:6 27:10 28:8 29:21 30:1 31:6 31:10 32:15 33:2 35:20
**beckerman**(1) 2:10
**become**(2) 18:8 18:19
**becomes**(1) 21:13
**been**(20) 4:16 6:5 9:20 10:25 10:25 11:10 11:11 11:11 12:19 14:17 17:20 25:2 28:5 31:11 31:17 31:22 32:1 32:15 33:15 34:20
**before**(12) 1:18 3:9 4:1 6:15 7:24 8:21 11:13 11:14 11:16 11:19 24:19 33:4
**began**(1) 7:25
**being**(11) 7:8 11:1 11:13 12:9 14:2 21:1 24:19 29:14 30:23 35:9 36:4
**belabor**(1) 27:20

**believe**(3) 6:14 8:15 25:17
**beneficiaries**(1) 19:3
**benefit**(6) 6:13 11:1 21:9 30:24 30:25 34:6 6:8 6:10 6:17 7:6 7:7 8:6 10:7 11:23 18:8 18:20 19:4 21:14 22:5 25:11 25:16 25:21
**berger**(1) 2:17
**best**(9) 3:21 3:22 14:21 16:18 17:9 28:3 28:9 30:14 31:14
**better**(3) 4:1 17:1 21:2
**between**(2) 9:3 16:3
**beyond**(1) 9:6
**bilateral**(1) 20:10
**billion**(3) 15:16 16:4 16:4
**blame**(1) 14:12
**blessed**(1) 12:23
**bond**(1) 16:2
**bondholder**(1) 2:37
**both**(7) 6:1 6:13 13:12 23:12 37:1 37:7
**breach**(2) 5:13 10:2
**breaches**(1) 22:9
**breath**(1) 22:13
**brief**(4) 4:21 27:17 31:10 34:18
**brings**(1) 29:16
**buchanan**(1) 2:29
**buck**(2) 2:21 3:15
**buckets**(1) 16:3
**burden**(6) 13:21 19:19 23:24 24:1 32:8 33:15
**burdens**(3) 6:4 23:23 23:24
**business**(4) 3:22 4:13 4:25 8:11
**businesses**(1) 15:16
**but**(58) 4:25 5:7 6:21 7:13 9:8 9:19 10:16 11:5 11:12 11:25 12:1 12:3 12:25 14:21 15:1 15:10 15:17 16:15 16:18 18:6 18:15 19:9 19:12 19:16 19:24 19:24 20:10 21:11 21:20 22:1 22:18 22:23 23:23 24:10 24:13 26:7 26:9 26:18 26:21 26:24 27:22 28:1 28:18 29:3 29:9 29:19 30:14 30:15 30:22 31:21 31:23 32:8 32:23 33:11 33:18 34:5 34:19 34:25
**buy**(1) 6:19
**calaman**(1) 38:10
**call**(4) 15:4 16:23 17:17 21:9
**called**(2) 20:7 24:20
**calling**(1) 4:18
**can**(19) 5:9 6:12 6:14 10:4 14:2 14:4 20:8 22:20 24:22 27:3 28:9 30:3 30:4 32:11 33:7 34:8 34:24 34:25 36:14
**can't**(3) 15:22 29:18 30:13
**care**(1) 23:3
**case**(26) 1:5 3:13 3:24 4:16 4:17 4:20 13:23 13:24 14:23 15:12 15:23 22:25 23:13 25:21 28:2 28:6 28:8 28:8 28:13 28:14 28:14 29:1 29:20 32:5 32:8 34:5
**cases**(4) 9:1 25:8 25:8 31:5
**categorical**(1) 10:8
**categorically**(1) 10:14
**certain**(4) 10:10 15:10 16:24 34:8
**certainly**(10) 6:3 9:21 11:19 21:20 26:12 32:23 34:3 34:13 34:16 36:5
**certification**(1) 38:3
**certify**(1) 38:4
**chapter**(1) 1:8
**chris**(1) 2:6
**circuit**(1) 23:13
**circumvent**(1) 31:8
**cite**(1) 23:13
**cited**(4) 8:16 13:23 23:22 32:5
**citing**(1) 23:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| claim(5) 20:25 21:3 21:6 21:16 32:22 | | covered(1) 18:18 | | disclose(3) 36:24 36:25 37:7 | | equitable(9) 5:5 6:15 6:17 7:10 7:13 9:6 |
| claimed(1) 11:4 32:22 | | creates(1) 18:23 | | discovery(39) 7:1 8:12 11:17 12:20 12:21 | | 10:5 21:21 25:7 |
| claims(13) 6:23 7:1 15:13 15:25 16:1 16:2 | | creditor(6) 15:22 16:9 21:2 21:3 21:17 | | 13:6 13:12 13:12 13:17 13:18 13:18 13:20 | | |
| 16:14 16:17 21:16 21:19 22:8 22:18 25:22 | | 21:22 | | 14:9 14:11 14:12 15:2 16:6 16:24 18:23 | | equitably(1) 21:1 |
| 31:22 | | | | 18:24 19:8 19:10 19:13 19:24 20:5 26:15 | | erisa(2) 5:12 6:25 |
| | | creditors(6) 2:5 6:17 15:12 20:16 21:4 | | 28:17 29:14 30:17 30:19 31:3 31:5 31:7 | | ernst(1) 2:29 |
| clarified(1) 24:19 | | 21:22 | | 31:8 34:7 34:9 35:9 35:13 36:2 36:3 | | espousing(1) 22:9 |
| clear(3) 24:15 25:18 29:20 | | | | | | esq(15) 1:23 1:25 1:29 1:31 1:35 2:6 2:10 |
| clearly(1) 23:19 | | current(2) 7:23 36:10 | | discuss(2) 20:6 34:24 | | 2:15 2:16 2:17 2:21 2:26 2:30 2:34 2:38 |
| cleary(2) 1:28 8:25 | | currently(2) 36:10 36:12 | | discussion(1) 33:19 | | |
| closer(1) 13:14 | | cut(2) 16:8 36:6 | | discussions(1) 35:24 | | essays(1) 16:11 |
| coal(2) 13:23 29:19 | | | | disingenuous(1) 35:24 | | essence(1) 28:2 |
| code(1) 4:9 | | data(1) 1:40 | | dispute(2) 8:13 23:11 | | essential(1) 4:16 4:20 26:20 |
| | | date(6) 4:15 9:12 13:10 14:15 36:25 38:10 | | disputed(2) 23:17 23:17 | | essential(1) 5:7 |
| commence(1) 32:25 | | dates(1) 36:10 | | distribute(1) 8:6 | | essentially(1) 3:24 |
| committee(10) 2:4 2:13 4:6 10:9 10:25 | | day(6) 18:6 22:19 36:2 36:8 36:15 37:16 | | distributed(1) 18:7 | | establish(3) 10:1 26:8 26:9 |
| 21:16 22:10 23:12 31:12 35:16 | | days(3) 8:11 12:24 36:7 | | district(1) 1:2 | | established(4) 4:16 6:5 9:10 24:12 |
| | | deadline(4) 36:13 36:24 37:5 37:6 | | document(15) 8:12 9:18 9:19 9:20 9:22 | | establishes(1) 28:2 |
| common(2) 19:17 30:9 | | deadlines(3) 35:17 36:10 36:11 | | 11:17 12:23 13:1 14:1 19:8 29:10 30:19 | | estimate(3) 16:6 16:18 26:3 |
| company(4) 21:5 22:3 22:16 26:17 | | deal(2) 13:1 22:8 | | 33:1 35:8 35:21 | | estimates(1) 16:19 |
| company's(1) 25:12 | | dealing(3) 14:22 21:8 33:23 | | | | evaluate(2) 5:4 25:3 |
| comparison(1) 25:8 | | death(1) 19:4 | | documents(31) 9:24 11:3 11:8 12:25 14:3 | | even(5) 5:11 6:12 7:24 10:3 10:19 10:22 |
| complain(2) 14:18 22:11 | | debtor(16) 4:10 4:23 5:3 11:21 18:10 | | 14:25 19:23 24:11 24:14 26:16 26:16 | | 11:5 14:10 14:17 17:9 18:10 18:15 23:18 |
| complaining(1) 11:12 | | 21:13 22:17 22:18 22:20 24:3 24:24 | | 26:16 28:23 28:23 28:25 29:3 29:6 29:7 | | 25:22 23:24 29:6 29:7 29:13 30:13 32:7 |
| complains(2) 13:14 23:23 | | 25:22 28:4 28:10 28:12 28:24 | | 29:12 30:18 31:25 32:9 32:14 32:16 32:17 | | |
| complete(7) 8:12 11:14 11:17 26:14 28:12 | | | | 32:21 32:23 33:4 35:13 35:22 36:4 | | event(1) 16:17 |
| 30:1 35:21 | | debtors(47) 1:12 1:22 3:6 3:13 3:19 5:21 | | | | ever(5) 9:23 11:4 22:12 |
| | | 5:8 5:12 6:11 6:12 7:18 8:10 8:16 8:22 | | does(7) 8:21 9:24 20:16 20:17 21:11 28:10 | | every(15) 18:15 22:25 27:25 29:1 31:19 |
| completely(2) 17:7 32:14 | | 9:14 10:6 10:9 13:5 15:15 16:10 18:8 | | 35:19 | | everybody(1) 37:16 |
| completion(1) 35:12 | | 18:12 19:2 19:5 21:15 21:25 22:11 24:3 | | | | everything(2) 9:7 32:20 |
| compressed(3) 15:3 33:24 34:5 | | 25:24 26:6 26:10 27:9 28:24 29:17 31:17 | | doesn't(11) 18:1 18:22 20:1 20:20 21:2 | | evidence(3) 11:18 11:24 13:14 |
| compromise(1) 14:23 | | 31:21 31:25 32:5 32:13 32:16 32:21 32:22 | | 21:17 22:25 23:24 24:23 28:18 32:8 | | exact(1) 16:9 |
| conaway(1) 1:34 | | 32:25 33:8 33:24 34:20 34:21 | | | | example(9) 9:18 14:21 15:10 16:22 17:6 |
| concern(1) 14:24 | | | | don't(31) 6:9 9:14 10:3 12:3 12:4 15:16 | | 18:4 20:15 |
| concerns(1) 21:21 | | decision(1) 29:20 | | 15:19 16:3 16:7 17:12 17:15 17:16 17:21 | | |
| concise(1) 30:4 | | decisions(1) 28:9 | | 19:9 19:10 20:4 20:10 20:11 20:16 20:25 | | examples(3) 15:7 18:5 19:15 |
| concluding(1) 23:6 | | deemed(1) 29:24 | | 24:12 25:17 25:18 26:10 26:18 27:10 | | except(1) 32:11 |
| conduct(1) 13:19 | | deep(1) 9:3 | | 27:20 29:8 30:6 33:1 33:22 | | exercise(2) 19:22 20:1 |
| confirmation(2) 6:9 24:22 | | defense(1) 7:13 | | | | existence(1) 22:15 |
| connection(1) 14:16 | | delaware(3) 1:2 1:12 3:1 | | done(2) 9:21 22:12 | | expect(2) 24:4 25:4 |
| consciously(1) 29:6 | | demands(1) 6:25 | | dorsey(1) 1:35 | | expected(3) 15:3 15:11 15:22 |
| consider(4) 6:6 26:2 27:5 27:11 | | denials(1) 29:22 | | down(1) 6:12 | | expedited(1) 8:9 |
| constituencies(3) 25:9 26:4 26:10 | | denied(2) 30:4 34:17 35:3 | | dribbling(1) 11:7 | | expensive(1) 26:11 |
| constituency(1) 16:25 | | denies(1) 21:7 | | drop(1) 8:3 | | expert(10) 13:12 24:3 24:6 24:22 26:5 |
| constructive(1) 20:10 | | deny(10) 14:25 15:1 15:1 15:1 15:1 16:11 | | due(5) 3:16 7:2 12:24 13:8 26:8 | | 26:7 26:8 33:5 36:14 37:7 |
| consulting(1) 26:7 | | 18:2 27:7 27:8 35:4 | | during(1) 18:9 25:21 | | |
| consuming(1) 26:12 | | | | duty(2) 5:13 22:8 | | experts(3) 26:11 28:21 36:25 |
| contact(1) 24:5 | | depend(1) 35:17 | | each(2) 9:8 14:20 | | explain(1) 14:20 |
| context(1) 24:24 | | deposition(2) 17:18 18:17 | | eagerly(1) 22:8 | | explanation(1) 30:5 |
| contingent(1) 16:19 | | depositions(3) 28:21 29:14 31:2 | | early(2) 28:6 28:8 | | explanations(2) 29:23 30:6 |
| continue(4) 6:2 6:8 10:7 22:14 | | derek(3) 1:25 2:26 3:5 | | ecro(1) 1:38 | | explore(1) 24:13 |
| continued(1) 2:2 | | describes(1) 10:17 | | effective(2) 4:15 9:12 | | explored(2) 6:5 17:20 |
| contracts(1) 6:24 | | description(1) 5:19 | | effectively(3) 13:20 22:17 35:9 | | extend(4) 35:23 36:1 36:1 36:15 |
| contractual(3) 9:11 9:15 20:24 | | designate(2) 33:6 36:13 | | effort(2) 9:23 29:9 | | extended(3) 35:11 35:18 36:12 |
| controversial(1) 28:2 | | designed(1) 14:7 | | efforts(1) 30:19 | | extensive(1) 12:21 |
| cooper(1) 1:29 | | detail(1) 31:23 | | either(5) 11:15 14:1 14:2 14:7 18:2 | | extent(7) 17:24 20:15 25:13 34:7 34:23 |
| cooperative(4) 29:2 31:18 31:22 32:1 | | determination(2) 25:11 25:13 | | electronic(2) 1:46 38:5 | | 34:24 35:9 |
| cordo(1) 1:23 | | determine(4) 25:2 25:6 25:10 34:14 | | elements(1) 9:3 | | |
| corporate(1) 22:15 | | determining(1) 24:2 | | eligible(4) 17:21 18:8 18:19 18:20 | | experts(3) 26:11 28:21 36:25 |
| corporation(1) 22:5 | | developed(1) 28:12 | | eliminate(1) 34:8 | | extreme(1) 28:20 |
| corporation's(1) 22:15 | | diaz(1) 1:40 | | eliminating(1) 34:4 | | face(1) 17:23 |
| correct(10) 3:13 3:15 5:19 5:20 7:8 31:15 | | did(9) 5:8 6:6 7:17 7:17 7:18 7:19 18:19 | | emea(1) 15:24 | | facilitate(1) 14:2 23:10 |
| 31:15 37:10 37:11 38:4 | | 20:3 36:20 | | employee(1) 18:15 | | fact(26) 5:9 6:12 6:21 7:4 7:9 7:9 8:10 |
| | | | | employees(9) 2:4 5:15 18:7 18:18 18:19 | | 13:11 14:4 14:8 14:9 14:13 15:3 15:17 |
| cost(2) 7:6 17:20 | | didn't(5) 11:4 23:5 23:5 24:18 29:21 | | 21:5 22:3 22:4 32:21 | | 19:21 20:1 20:20 21:2 21:7 21:12 22:2 |
| could(13) 6:6 6:8 6:10 10:6 14:24 16:3 | | differ(1) 25:19 | | | | 22:25 29:3 29:22 30:1 35:7 |
| 16:12 16:15 16:15 22:19 30:14 33:22 35:2 | | different(2) 30:8 36:11 | | employment(1) 6:7 | | |
| | | difficult(1) 24:1 | | enable(1) 13:20 | | facts(10) 12:9 15:13 17:7 17:24 17:25 |
| counsel(1) 3:2 | | difficulty(1) 32:9 | | end(9) 4:19 13:18 19:8 20:5 22:4 28:13 | | 19:11 20:3 30:3 30:21 35:17 |
| couple(1) 22:18 | | direct(1) 15:5 | | 30:19 31:5 35:20 | | |
| course(4) 4:3 14:16 14:6 25:21 27:4 37:15 | | directed(1) 31:24 | | | | factual(4) 6:20 22:23 33:13 34:4 |
| 37:15 | | direction(1) 33:9 | | endorsed(1) 23:12 | | fair(5) 6:15 6:15 6:16 7:9 7:13 9:6 10:5 |
| | | disabilities(1) 17:13 | | ends(1) 17:15 | | 20:23 21:21 25:7 25:7 27:25 |
| court(35) 5:1 3:2 3:7 3:17 4:5 4:7 4:12 | | disabled(2) 19:25 21:7 | | english(2) 2:20 30:9 | | |
| 4:18 5:17 5:21 5:25 7:21 8:20 12:3 12:11 | | disagree(7) 9:7 9:16 10:17 12:4 12:9 | | enough(2) 4:13 36:3 | | fairly(2) 21:1 27:1 |
| 20:14 23:2 24:10 27:14 27:16 27:19 29:23 | | 27:21 33:18 | | entire(1) 19:22 | | faith(3) 26:3 27:6 27:6 |
| 32:8 33:20 34:12 35:25 36:6 36:18 36:21 | | | | entirety(1) 33:22 | | far(4) 5:9 8:7 9:3 32:23 |
| 36:23 37:3 37:9 37:11 37:15 37:18 | | disagreement(2) 10:11 25:24 | | entitled(1) 11:22 | | fast(1) 14:12 |
| | | disagreements(2) 9:2 14:5 | | entitled(1) 11:22 | | favorable(1) 5:12 |
| courtroom(1) 1:10 | | disagrees(1) 21:25 | | equally(1) 21:18 | | feel(1) 6:10 |
| cover(2) 8:1 14:8 | | | | | | feld(1) 2:9 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**felt**(1) 15:4
**few**(2) 26:1 36:7
**fiduciary**(3) 5:13 10:3 22:9
**field**(2) 29:15 30:23
**file**(8) 8:10 15:17 33:5 36:3 36:14 36:25 37:6 37:6

**filed**(2) 3:12 3:14
**files**(1) 19:5
**filing**(1) 11:15
**final**(3) 28:6 28:12 28:14
**financial**(2) 25:12 26:5
**find**(3) 19:5 24:6 33:23
**fine**(3) 3:17 11:25 12:14
**finger**(1) 2:5
**first**(6) 3:18 9:25 11:4 19:16 22:11 33:21
**fish**(1) 19:5
**five**(1) 7:6
**fixed**(1) 17:3
**focus**(1) 13:6
**focused**(1) 33:19
**footnote**(1) 8:3
**for**(100) 1:2 1:22 2:4 2:13 2:24 2:29 2:37 3:5 3:20 3:23 4:2 5:18 7:6 7:13 7:16 7:20 8:5 9:17 9:18 10:10 10:10 10:20 10:23 10:25 11:1 11:2 11:18 12:14 12:17 12:20 12:20 13:3 13:22 14:9 14:15 14:17 15:8 15:10 15:20 15:20 16:16 17:18 17:20 18:4 18:8 18:13 18:24 20:5 20:15 22:14 22:18 23:1 23:1 23:6 23:16 23:21 26:3 26:15 27:7 27:12 28:17 28:19 29:2 29:4 29:4 29:8 29:12 30:2 30:3 30:7 30:8 31:1 31:13 32:4 32:6 32:8 32:9 32:17 33:6 33:21 33:23 34:3 34:4 34:16 34:18 34:22 35:1 35:4 35:10 35:15 35:16 36:2 36:6 36:8 36:11 36:25 37:1 37:7 37:14

**force**(2) 13:19 13:20
**foreclose**(2) 18:1 18:23
**foregoing**(1) 38:4
**foreign**(1) 2:25
**forestall**(1) 29:14
**form**(2) 4:21 32:9
**forth**(2) 4:21 13:10
**four**(1) 8:11
**four-working-day-period**(1) 33:4
**frankly**(5) 14:6 14:22 16:25 21:15 22:19
**friday**(1) 35:11
**from**(14) 4:4 4:19 5:10 8:18 8:25 11:2 11:3 13:9 28:24 31:18 31:21 35:3 35:11 38:5
**front**(3) 5:1 15:5 26:24
**frontload**(1) 31:3
**full**(5) 11:9 13:11 13:14 28:6 28:14
**fully**(1) 33:10
**fundamentally**(1) 9:16
**funds**(1) 6:22
**funny**(1) 10:24
**further**(3) 17:18 18:23 24:12
**furthermore**(1) 24:1
**gathering**(1) 29:3
**gave**(1) 10:9
**general**(1) 22:15
**generally**(3) 12:8 31:3 35:21
**get**(13) 6:9 7:5 8:21 17:14 20:5 21:16 23:17 26:4 26:10 29:3 29:8 31:20 33:10

**gets**(1) 33:10
**getting**(13) 6:18 10:21 18:25 20:22 20:22 21:9 21:21 21:23 21:23 25:9 35:17 35:23 37:1
**ginger**(2) 1:38 3:8
**give**(4) 17:9 26:24 27:24 36:7
**given**(10) 8:9 10:22 10:24 12:13 15:2 22:22 22:23 26:2 34:5 34:7

**goal**(4) 14:2 20:2 20:11 23:11
**goals**(1) 14:7

**going**(16) 6:18 8:23 9:8 12:19 15:2 17:16 17:17 17:22 19:22 26:4 26:7 26:9 31:23 33:21 34:12 34:13 36:5

**good**(12) 3:2 3:4 4:7 4:8 7:16 7:19 7:19 26:3 27:5 27:6 33:2 37:16

**got**(1) 11:19
**gotten**(5) 11:3 11:7 11:12 11:14 28:24
**gottlieb**(2) 1:28 8:25
**greatly**(1) 25:19
**gross**(2) 1:18 3:2
**ground**(1) 5:22
**groups**(1) 15:9
**guess**(1) 3:23
**guise**(1) 11:9
**gump**(1) 1:29
**had**(9) 13:7 14:13 19:1 19:7 21:5 25:24 26:5 29:22 32:18

**hadley**(1) 2:37
**hadn't**(1) 14:17
**hamersky**(1) 2:15
**hamilton**(1) 1:28
**hand**(1) 28:23
**hands**(2) 17:24 17:25
**happen**(1) 29:15
**happened**(2) 10:15 31:20
**happy**(5) 10:15 14:19 15:7 19:15 20:6
**hard**(2) 13:6 15:20
**hardship**(1) 34:21
**harrisburg**(1) 1:42
**has**(20) 3:8 4:15 4:24 9:7 9:10 10:3 10:25 14:9 16:21 17:1 17:2 21:11 21:14 21:25 23:24 24:3 26:21 31:11 33:15 34:20

**hasn't**(1) 22:22
**hauer**(1) 2:9
**have**(95) 3:3 3:7 3:9 3:11 3:14 3:19 3:25 4:1 6:1 6:4 6:11 7:18 7:19 8:10 8:16 8:23 9:5 9:14 10:9 11:1 11:17 11:20 11:23 12:21 12:25 13:3 13:11 13:13 14:24 15:16 15:16 15:19 15:24 16:2 16:3 16:5 16:8 16:10 16:20 17:10 17:20 18:12 18:14 19:6 20:25 21:2 21:5 21:6 21:12 21:16 21:25 22:2 22:5 22:6 22:6 22:7 22:12 24:24 25:2 25:3 25:17 26:4 26:15 26:16 26:18 26:23 26:23 27:23 28:3 28:5 28:9 28:11 28:14 28:22 28:23 28:25 29:1 29:11 30:24 30:25 31:17 32:1 32:10 32:15 32:18 32:20 32:22 32:22 32:23 33:13 35:15 35:16 35:20 36:6 36:13

**haven't**(6) 8:4 8:5 9:14 11:12 22:1 28:24
**having**(7) 15:4 19:2 19:19 24:19 28:21 29:24 31:4

**he's**(3) 9:25 17:17 17:22
**health**(1) 17:14
**healthcare**(2) 17:5 17:11
**hear**(4) 4:1 12:11 23:5 23:5
**heard**(10) 8:22 15:25 24:22 25:4 25:23 31:4 31:17 32:3 32:13 33:12

**hearing**(6) 11:16 13:9 13:15 20:9 34:2
**help**(2) 7:12 24:22
**here**(12) 3:5 3:18 5:8 7:22 12:5 14:10 20:11 27:23 32:11 34:22 36:4 36:11

**here's**(1) 33:20
**hey**(1) 28:22
**hiding**(1) 14:10
**higher**(1) 6:3
**highlight**(1) 9:9
**highly**(1) 16:19
**him**(4) 9:20 9:22 16:13 27:24
**his**(6) 10:7 13:10 16:22 16:25 18:16 27:22
**hold**(1) 8:9
**holding**(4) 25:19 29:6 32:14 32:24

**honor**(47) 3:4 3:5 3:15 4:3 5:2 5:20 6:8 6:20 8:9 8:24 11:16 12:16 15:15 15:24 16:4 16:25 20:19 23:4 23:15 25:1 25:6 25:10 26:1 26:13 26:15 26:21 26:24 27:9 27:15 30:15 31:9 31:13 31:23 31:24 32:3 32:4 32:13 33:6 33:12 34:11 35:6 35:19 36:9 36:12 36:22 37:13 37:17

**honor's**(1) 26:3
**honorable**(1) 1:18
**how**(13) 6:17 6:18 15:13 20:16 21:22 23:15 24:2 25:8 26:3 26:7 26:9 26:9 27:3

**however**(4) 9:14 25:20 32:15 32:19
**hubbard**(1) 2:25
**hughes**(1) 2:25
**i'd**(2) 3:23 24:10
**i'll**(5) 3:18 15:7 26:21 35:4 36:2
**i'm**(14) 4:17 7:16 10:15 13:21 15:7 17:12 18:11 19:6 19:7 19:15 31:23 33:19 33:21 34:13
**i've**(3) 3:10 3:12 8:14
**idea**(1) 32:22
**identified**(1) 33:15
**ignored**(1) 32:18
**imagine**(1) 18:16
**impact**(1) 20:17
**impeachment**(1) 18:24
**imperfections**(1) 22:12
**implanting**(1) 16:12
**important**(1) 27:12
**imposes**(1) 4:9
**improper**(4) 14:21 19:20 23:7 23:7
**inappropriateness**(1) 19:21
**inc**(1) 1:7
**including**(2) 6:20 18:5
**indiscernible**(2) 28:20 29:25
**individual**(6) 6:24 17:2 17:4 17:10 17:11 30:12

**individually**(2) 15:9 19:18
**individuals**(1) 20:21
**information**(27) 5:4 10:22 11:1 11:2 14:14 14:15 14:16 17:1 17:19 22:7 22:22 22:23 24:24 25:3 25:17 26:25 27:24 28:3 28:6 28:10 28:12 28:15 30:24 30:25 31:14 31:14 31:25

**ingersoll**(1) 2:29
**initial**(1) 3:11
**initially**(1) 13:11
**injuries**(1) 17:13
**inquiry**(5) 17:16 23:25 31:16 33:14 35:2
**instance**(2) 3:18 16:13
**instead**(1) 31:4
**insurability**(1) 17:2
**insurable**(1) 16:24
**insurance**(6) 7:10 8:2 17:5 17:11 17:14 17:19

**intend**(2) 30:20 30:21
**intent**(1) 14:11
**intention**(1) 13:19
**interest**(2) 3:22 21:20
**interested**(1) 11:10
**interrogatories**(3) 13:3 29:13 36:5
**interrupt**(2) 24:9 24:18
**intersect**(1) 9:11
**into**(4) 8:21 10:15 18:25 31:23
**investigate**(3) 18:13 18:14 34:10
**investigated**(1) 6:11
**investigation**(2) 18:1 33:14
**irrelevant**(2) 9:12 21:13
**isn't**(2) 16:18 20:21
**issue**(10) 4:17 7:3 9:13 12:3 18:1 24:23 26:13 27:23 27:25 29:11

**issues**(35) 5:18 6:20 7:12 8:13 9:2 9:23 10:17 10:20 11:10 12:8 12:10 14:4 14:14 16:20 20:2 20:9 23:10 23:11 23:15 23:16 23:20 27:3 27:4 27:12 28:17 29:3 29:9 30:17 30:18 30:22 31:1 31:3 31:7 34:4 34:7

**it's**(35) 3:23 4:19 4:23 4:25 6:1 6:21 8:24 9:13 9:23 9:24 14:1 15:20 16:15 17:8 17:23 19:13 21:10 22:1 22:14 22:21 25:16 27:11 27:17 28:8 28:12 28:22 28:23 28:25 29:17 30:22 31:11 31:19 32:10 33:12

**its**(3) 4:25 17:23 21:14
**it's**(1) 17:7
**job**(1) 16:16
**john**(1) 1:35
**joint**(1) 2:24
**jointly**(1) 1:6
**judge**(4) 1:18 1:19 3:2 4:8
**judgment**(3) 3:22 4:13 4:25
**just**(33) 8:14 10:14 12:9 12:13 12:17 13:7 13:21 14:6 14:9 15:4 15:5 15:21 16:6 16:12 18:4 18:10 18:22 18:22 18:23 18:24 19:5 24:18 24:22 25:4 25:12 28:7 28:9 28:23 29:17 29:19 30:5 30:9 36:12

**justify**(1) 8:17
**kate**(1) 2:21
**kathleen**(1) 2:30
**keep**(2) 24:19 33:19
**kevin**(1) 1:18
**key**(1) 31:10
**kind**(3) 4:1 11:20 11:25
**know**(35) 3:8 3:23 9:5 10:15 11:21 11:24 12:19 15:19 16:3 16:7 16:11 16:14 17:8 17:12 17:21 18:18 20:3 20:16 21:15 22:10 26:11 27:5 27:25 28:20 28:22 29:24 30:2 30:6 30:13 33:1 33:16 34:3 34:14 36:4 36:7

**knowledge**(1) 17:7
**knows**(2) 15:24 19:6
**kraidin**(1) 2:34
**language**(1) 34:15
**large**(1) 5:11
**last**(6) 5:1 11:16 13:9 29:16 33:18 34:2
**later**(1) 10:15
**law**(4) 12:9 13:16 28:2 28:8
**layton**(1) 2:5
**least**(4) 5:10 5:18 26:6 26:18
**leave**(1) 8:1
**left**(1) 7:10
**legal**(5) 20:25 21:3 21:10 21:12 22:24
**less**(4) 7:8 8:7 22:3 22:3
**let**(3) 12:11 20:14 35:25
**let's**(2) 18:10 23:5
**letter**(14) 4:22 5:8 5:23 8:12 8:14 11:6 11:22 11:23 11:23 14:8 16:23 19:6 23:8 29:11
**level**(1) 29:15
**light**(2) 14:13 35:7
**like**(11) 3:23 4:25 7:7 18:22 19:11 20:1 23:21 24:9 28:7 29:21 31:21

**likelihood**(1) 17:11
**likely**(6) 17:3 17:4 26:4 26:10 26:12 30:8
**likes**(1) 28:16
**limit**(1) 27:2
**limitation**(1) 18:5
**limiting**(1) 14:8
**limits**(1) 4:10
**line**(1) 15:10
**line-by-line**(1) 27:21
**liquidated**(1) 22:17
**liquidating**(1) 22:2
**lisa**(6) 1:31 2:10 2:34 8:24 12:16 27:18
**list**(1) 3:7
**literally**(1) 34:21
**litigate**(1) 12:10
**litigated**(2) 12:9 23:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| litigation(3) 10:4 28:1 29:5 | | motion(19) 3:12 3:21 3:25 4:10 7:4 7:14 7:23 8:11 12:14 13:8 14:16 15:25 20:17 24:7 24:25 25:1 25:15 28:4 33:5 | | objections(7) 13:2 13:10 19:19 26:23 30:12 34:23 34:24 | | picks(1) 9:17 |
| litigations(1) 16:7 | | | | | | place(3) 10:3 10:24 35:18 |
| little(1) 8:1 | | | | objectively(3) 32:6 32:12 33:7 | | placed(2) 8:10 27:3 |
| llp(3) 1:22 2:14 2:33 | | motions(1) 28:5 | | obtain(3) 14:14 17:4 17:11 | | plan(10) 3:21 5:19 6:25 9:18 9:19 9:20 9:22 14:11 28:7 28:15 |
| long(1) 6:9 | | move(2) 6:6 33:9 | | obviously(3) 3:19 4:21 19:25 33:17 | | |
| longer(1) 21:9 | | moved(1) 37:1 | | offer(7) 6:3 7:15 7:20 7:23 7:24 20:3 25:6 | | planned(1) 26:5 |
| look(4) 7:2 13:25 14:19 32:17 | | moving(1) 24:25 | | offered(4) 6:3 7:9 18:20 21:16 | | plans(2) 20:25 22:13 |
| looking(1) 31:13 | | much(11) 6:3 6:17 6:18 7:8 8:7 20:16 25:8 26:3 26:9 27:3 33:17 | | offering(1) 6:23 | | plan's(1) 5:15 |
| lot(3) 11:1 16:20 17:25 | | | | offers(1) 10:10 | | playing(2) 29:15 30:23 |
| mace(1) 1:38 | | | | official(2) 2:4 2:13 | | point(9) 11:21 13:12 16:19 22:18 24:24 28:16 29:16 31:10 35:3 |
| made(11) 5:15 7:24 8:14 10:7 10:13 13:16 13:17 24:3 28:4 28:5 34:1 | | murphy(1) 2:30 | | okay(6) 3:17 4:20 5:21 7:22 12:11 37:12 | | |
| | | must(10) 4:23 5:3 5:23 7:11 25:6 25:10 25:20 27:1 27:7 34:16 | | one(14) 7:25 9:1 9:17 9:18 9:19 11:21 13:19 13:20 14:20 19:1 19:2 23:8 29:20 30:13 | | pointing(1) 9:24 |
| main(1) 33:16 | | | | | | pointless(1) 20:1 |
| maintain(2) 6:8 22:6 | | mutual(1) 20:6 | | | | points(5) 8:14 9:8 26:1 31:10 33:16 |
| maintaining(1) 6:4 | | names(1) 3:9 | | ones(3) 11:11 11:12 32:17 | | pool(1) 35:10 |
| make(17) 5:8 6:22 11:6 13:13 15:20 19:19 20:17 20:20 22:21 22:24 22:25 26:23 27:11 28:3 28:9 29:17 31:21 | | narrow(12) 9:23 14:4 19:9 19:12 20:9 23:10 23:15 30:22 31:2 31:7 34:6 35:22 | | only(12) 4:14 9:12 9:20 9:22 19:24 23:8 23:24 26:7 26:16 27:7 28:13 29:11 | | poorly(1) 17:23 |
| | | | | | | population(2) 19:25 21:8 |
| makes(2) 29:7 29:20 | | narrowing(3) 20:2 27:12 34:4 | | open(1) 11:9 | | pose(1) 3:19 |
| making(4) 10:23 23:25 28:11 34:22 | | nature(2) 10:22 20:21 | | operating(3) 15:16 15:17 22:16 | | position(3) 3:20 21:10 27:9 |
| many(8) 7:20 9:25 24:2 27:21 28:16 30:7 31:9 31:9 | | near(1) 31:20 | | operative(2) 18:9 18:21 | | possible(1) 16:10 |
| | | necessarily(6) 9:22 16:18 20:22 20:22 21:20 28:18 | | opinion(1) 17:9 | | pot(1) 17:3 |
| marietta(2) 13:23 32:5 | | | | opportunity(3) 9:11:18 13:13 29:1 | | potentially(1) 20:9 |
| market(1) 1:11 | | necessary(9) 4:23 5:1 5:24 15:5 25:3 25:11 25:16 30:11 33:14 | | opposed(1) 33:25 | | ppearances(2) 1:21 2:1 |
| martin(1) 32:5 | | | | opposition(2) 3:25 7:14 | | precedent(3) 8:16 23:21 33:23 |
| material(1) 13:24 | | necessity(4) 6:14 9:5 21:24 25:20 | | order(4) 4:22 5:4 6:16 25:1 | | preclude(1) 19:12 |
| matter(7) 21:17 24:23 25:15 25:21 27:2 27:7 38:6 | | need(9) 5:4 6:17 6:18 8:10 24:13 25:2 26:14 26:25 33:10 | | other(25) 5:6 6:17 7:12 7:25 10:6 10:11 11:7 14:11 15:2 16:12 16:20 19:23 21:2 21:3 21:9 21:11 21:22 25:9 25:24 26:4 28:5 29:21 33:14 35:11 35:17 | | prefer(1) 23:18 |
| | | | | | | prejudice(1) 36:7 |
| matz(1) 2:38 | | needs(3) 23:8 24:15 24:19 | | | | prejudiced(1) 33:8 |
| may(4) 23:18 24:17 27:17 33:3 | | negotiations(1) 31:20 | | otherwise(2) 27:25 33:2 | | premature(4) 14:17 20:18 20:20 25:1 |
| maybe(6) 4:18 12:12 12:12 26:23 26:24 28:25 | | neil(1) 2:17 | | ought(2) 26:17 28:25 | | prematurity(1) 19:20 |
| | | neither(1) 6:5 | | our(41) 4:16 4:20 4:21 5:8 5:22 6:9 8:10 8:12 8:14 9:1 9:21 11:13 13:1 14:24 15:18 15:18 16:5 16:16 16:18 17:7 17:7 17:9 17:24 17:25 19:10 22:12 23:6 23:8 26:2 26:8 26:20 26:22 27:1 29:6 30:14 30:15 30:24 32:19 33:6 35:14 35:17 | | premise(2) 9:10 20:24 |
| mccarter(1) 2:20 | | net(1) 25:12 | | | | prepared(3) 3:10 32:19 |
| mean(11) 10:7 10:12 12:6 12:12 13:5 19:4 19:11 21:19 22:12 24:18 28:18 | | networks(1) 1:7 | | | | preparing(1) 20:5 |
| | | never(4) 10:8 10:9 11:3 11:25 | | | | preserved(1) 9:14 |
| means(1) 34:13 | | next(2) 16:2 31:17 | | | | pressure(1) 15:3 |
| meant(3) 14:11 31:6 36:19 | | nichols(1) 1:22 | | | | pretty(1) 13:24 |
| measured(1) 14:13 | | nine-factor(1) 5:7 | | out(6) 7:12 10:21 11:7 24:6 29:9 36:6 | | principle(2) 8:18 14:9 |
| mediation(1) 7:24 | | non(1) 28:1 | | over(5) 6:7 12:22 12:22 29:4 32:21 | | privilege(2) 10:13 24:11 |
| medicare(1) 17:21 | | non-disabled(1) 21:4 | | over-statements(1) 10:14 | | probably(1) 17:1 |
| mentioned(2) 18:3 19:1 | | non-retired(1) 21:4 | | overlay(1) 11:9 | | problem(4) 7:25 24:2 33:11 33:12 |
| mentions(1) 24:1 | | none(2) 8:17 23:22 | | overly(1) 23:25 | | problematic(1) 29:17 |
| merely(2) 14:24 29:9 | | nor(2) 6:5 31:14 | | overy(1) 2:33 | | procedurally(2) 12:2 12:18 |
| merits(1) 18:25 | | normal(1) 8:16 | | own(4) 13:1 24:3 28:25 29:6 | | proceed(2) 3:11 24:17 |
| michael(1) 2:15 | | normally(1) 29:15 | | | | proceedings(2) 1:46 38:6 |
| might(7) 6:24 17:20 18:8 18:19 30:21 33:10 34:8 | | nortel(1) 1:7 | | p.m(3) 1:15 3:1 38:1 | | process(2) 29:5 31:5 |
| | | north(1) 16:4 | | pace(1) 14:12 | | processor(1) 14:25 |
| milbank(1) 2:37 | | not(90) 3:14 3:20 4:13 4:16 4:19 4:24 5:8 5:24 6:1 6:11 6:25 7:17 7:17 7:18 7:19 9:13 9:19 9:21 9:22 9:23 12:1 13:19 13:22 14:2 14:6 14:24 14:6 16:5 16:17 17:8 17:12 17:17 17:17 18:6 18:11 18:13 18:20 20:23 21:11 22:1 22:21 22:24 23:25 24:9 25:3 23:17 23:18 23:22 23:25 24:9 25:3 25:4 25:12 26:2 26:5 26:18 27:4 27:25 28:7 28:11 28:13 28:15 28:20 28:22 29:17 30:1 30:9 31:1 31:7 31:11 31:13 31:23 32:1 32:10 32:23 32:23 33:8 33:8 33:12 33:21 33:22 34:12 34:13 34:15 34:24 36:6 | | papers(1) 3:10 | | produce(4) 19:8 30:18 32:19 32:24 |
| milin(49) 2:16 4:3 4:4 4:6 4:7 4:8 4:13 4:20 5:20 5:22 6:1 7:22 8:20 9:7 9:9 9:17 13:10 16:13 16:22 17:16 18:16 20:3 20:6 21:25 22:8 23:3 23:4 24:8 24:8 24:8 24:16 24:21 27:21 27:23 28:16 28:22 29:5 29:17 31:9 31:11 34:11 35:15 35:15 36:9 36:18 36:20 36:22 37:12 37:17 | | | | parallel(1) 19:25 | | produced(5) 1:47 9:20 9:22 26:18 36:4 |
| | | | | part(3) 16:5 27:7 27:8 | | producing(3) 11:11 19:23 35:14 |
| | | | | partial(1) 29:22 | | product(1) 16:20 |
| | | | | participants(1) 3:8 | | production(9) 6:21 11:3 11:13 12:24 33:1 35:21 |
| milin's(1) 13:7 | | | | particular(4) 19:6 23:10 26:22 32:9 | | |
| million(4) 7:5 7:7 16:2 28:21 | | | | particularly(3) 12:1 18:17 20:11 | | promised(1) 19:2 |
| mind(3) 19:6 19:7 29:11 | | | | parties(6) 6:7 13:13 34:23 37:1 37:2 37:7 | | prongs(1) 22:23 |
| minimum(1) 30:5 | | note(3) 20:7 31:24 32:5 | | party(6) 23:18 27:1 27:6 27:6 29:20 29:21 | | proof(2) 14:2 23:10 |
| modification(1) 28:11 | | noted(1) 11:16 | | passing(1) 19:2 | | proper(3) 8:15 23:7 27:5 |
| moment(1) 20:15 | | nothing(1) 11:7 | | past(1) 22:14 | | proposal(8) 5:5 5:5 6:3 6:16 6:22 7:11 8:3 25:3 |
| monday(1) 3:1 | | now(16) 9:10 10:15 12:13 12:20 12:22 13:3 13:5 17:6 18:10 21:5 22:3 22:8 24:13 29:2 31:14 34:13 | | pay(3) 6:14 6:23 7:5 | | |
| month(2) 16:2 22:20 | | | | paying(1) 6:2 | | proposed(1) 8:5 |
| monthly(1) 15:17 | | | | payments(1) 21:6 | | proposing(1) 10:10 |
| more(9) 4:1 8:21 11:12 19:2 19:4 28:12 29:7 32:3 32:7 | | number(5) 4:9 5:6 5:11 6:5 6:20 | | pending(2) 16:7 28:5 | | propounded(1) 32:7 |
| | | numerous(1) 25:8 | | pennsylvania(1) 1:42 | | protected(5) 6:10 6:11 6:12 |
| morning(1) 3:4 | | | | pension(1) 16:1 | | prove(2) 8:23 9:2 |
| morris(1) 1:22 | | objection(12) 3:14 3:16 8:11 11:15 13:7 31:20 34:18 34:19 35:15 35:16 36:3 37:6 | | people(6) 5:11 6:7 7:10 8:1 21:19 22:6 | | provide(5) 10:7 12:25 22:7 25:4 35:2 |
| most(1) 5:12 | | | | per(2) 21:13 23:6 | | provided(10) 5:4 8:4 14:5 14:17 24:11 25:2 27:12 32:16 32:21 35:16 |
| | | | | percentage(1) 24:4 | | |
| | | objectionable(5) 15:1 15:1 15:6 17:23 | | percentages(1) 17:3 | | providing(2) 10:25 22:5 |
| | | | | perfect(3) 17:6 27:24 31:13 | | provision(2) 31:25 31:25 |
| | | | | perfectly(4) 8:15 8:15 23:7 31:22 | | purported(1) 11:9 |
| | | | | period(3) 17:22 18:9 18:12 | | purpose(3) 13:22 23:11 34:4 |
| | | | | periods(1) 18:14 | | purposes(2) 20:13 26:3 |
| | | | | person(2) 18:17 21:10 | | put(1) 13:10 |
| | | | | phone(4) 3:3 18:6 22:7 24:9 | | putting(1) 30:23 |
| | | | | phrased(1) 9:15 | | qualification(1) 30:5 |
| | | | | pick(3) 14:21 15:7 15:9 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| qualify(3) 17:13 27:6 27:8 | | requires(4) 25:7 25:11 25:13 27:6 | | seen(2) 3:20 30:20 | | still(1) 31:10 | |
| question(8) 3:11 3:18 6:21 10:20 20:14 21:11 24:25 29:19 | | research(3) 16:17 17:10 30:2 | | segal(3) 2:14 2:14 4:4 | | stipulated(1) 20:8 | |
| | | reserve(1) 5:9 | | selective(1) 9:24 | | story(2) 11:14 11:20 | |
| questioning(1) 15:11 | | resolution(1) 11:10 | | send(1) 11:24 | | strategic(2) 11:7 31:1 | |
| questions(10) 10:22 11:25 17:18 17:22 18:4 26:21 29:13 30:10 30:12 31:1 | | resolved(1) 34:25 | | sense(4) 4:1 | | strauss(1) 2:9 | |
| | | resources(2) 6:2 25:12 | | sent(2) 11:22 18:15 | | street(2) 1:11 1:41 | |
| quick(2) 11:10 20:12 | | respect(3) 5:10 10:4 24:7 | | september(10) 3:16 12:24 13:8 26:9 35:12 35:20 36:1 36:19 37:6 37:8 | | strike(7) 12:14 12:15 31:1 32:8 33:21 34:12 35:4 | |
| quickly(1) 13:25 | | respectfully(1) 24:21 | | | | | |
| quite(5) 14:6 14:22 16:25 21:15 22:19 | | respond(5) 13:1 23:3 27:2 27:13 33:5 | | series(1) 18:3 | | striking(2) 8:17 23:21 | |
| quotes(1) 31:18 | | responding(2) 13:6 32:10 | | serve(5) 20:2 20:13 31:7 34:3 34:6 | | structure(2) 8:3 8:6 | |
| | | response(5) 13:2 27:17 33:16 36:8 36:12 | | served(3) 8:12 12:21 37:5 | | structures(1) 10:11 | |
| raise(4) 14:14 28:16 30:11 30:21 | | responses(2) 35:14 37:5 | | service(2) 1:40 1:47 | | style(1) 31:9 | |
| raised(5) 5:17 15:12 16:13 16:23 31:4 | | responsive(4) 29:2 31:18 31:22 32:2 | | services(1) 1:40 | | submission(1) 11:18 | |
| range(1) 16:11 | | rest(2) 14:16 27:8 | | sessions(1) 7:24 | | submissions(2) 13:14 13:14 | |
| rather(3) 18:24 32:8 35:25 | | retain(3) 26:5 26:7 28:21 | | set(4) 4:21 16:1 17:22 23:21 | | submit(2) 17:2 19:21 | |
| reach(1) 14:23 | | retired(1) 2:14 | | setting(1) 13:9 | | substance(1) 27:2 | |
| read(5) 3:10 3:12 23:8 30:16 35:1 | | retiree(4) 4:10 11:22 31:11 35:16 | | settled(1) 22:19 | | substantially(1) 7:23 | |
| ready(2) 22:7 32:24 | | retirees(30) 3:14 3:20 3:24 6:19 6:24 7:5 7:19 8:6 8:23 9:4 11:4 12:20 12:20 16:24 17:2 17:10 17:19 19:24 21:7 21:8 24:4 25:9 26:17 33:8 33:25 34:9 36:2 36:5 36:8 | | settlement(4) 6:22 10:13 24:11 24:14 | | substantive(3) 13:2 15:2 19:24 | |
| real(3) 23:24 25:23 33:11 | | | | several(1) 31:24 | | substantively(1) 13:6 | |
| really(15) 3:23 3:23 11:3 14:5 14:10 17:7 17:8 17:24 21:17 23:16 24:18 26:22 32:11 33:3 34:20 | | | | severed(1) 21:24 | | subtle(1) 6:21 | |
| | | | | she(4) 23:23 23:24 24:1 33:18 | | succeptible(1) 20:12 | |
| | | | | sheer(1) 19:19 | | such(4) 10:23 14:3 21:3 29:24 | |
| reason(6) 7:16 7:19 7:19 8:4 13:17 30:2 | | review(2) 33:3 35:22 | | shift(1) 13:21 | | sufficiency(1) 15:12 | |
| reasonable(10) 16:6 20:23 23:25 25:7 31:16 32:6 32:12 33:14 35:1 35:2 | | rfa(1) 8:14 | | should(21) 3:22 8:7 8:8 8:18 11:21 13:25 14:9 14:13 23:16 24:4 24:5 25:18 26:1 26:21 26:25 27:12 31:16 33:3 34:22 35:23 36:6 | | suggest(3) 14:8 24:21 35:21 | |
| | | rfa's(19) 6:6 8:12 8:13 8:15 14:20 14:24 23:6 23:11 23:16 23:19 23:21 26:2 26:22 27:5 27:10 31:24 32:11 33:9 33:13 | | | | suggested(1) 26:14 | |
| reasons(2) 10:6 10:10 | | | | | | suggests(1) 27:23 | |
| receive(1) 19:3 | | | | | | summary(1) 5:19 | |
| received(1) 32:20 | | richard(4) 2:16 4:3 31:11 35:15 | | show(11) 4:23 5:3 5:23 6:14 7:15 7:16 7:18 9:5 10:4 25:20 32:1 | | supplemental(1) 13:13 | |
| recess(1) 37:18 | | richards(1) 2:5 | | | | suppliers(1) 21:4 | |
| record(5) 3:10 7:8 12:17 24:12 24:15 | | right(29) 3:18 4:12 4:14 4:24 5:9 5:21 5:25 7:21 8:20 8:20 9:1 9:16 9:16 11:3 12:11 13:5 13:21 18:17 20:24 21:13 21:14 23:2 24:13 25:22 25:25 27:14 33:9 33:13 37:3 | | showed(1) 8:13 | | suppose(1) 3:23 | |
| recorded(1) 1:46 | | | | showing(3) 20:21 28:3 28:15 | | sure(9) 4:3 11:6 12:16 17:12 19:7 19:7 24:16 33:20 36:23 | |
| recording(2) 1:46 38:5 | | | | showings(1) 22:21 | | | |
| records(1) 22:6 | | | | shown(1) 10:8 10:9 | | surrounding(1) 16:21 | |
| recover(1) 20:16 | | ripe(1) 23:1 | | side(6) 6:13 6:13 11:14 11:19 13:19 13:20 | | susceptible(1) 19:13 | |
| recoveries(5) 15:22 16:9 21:18 21:22 28:7 | | rober(1) 1:29 | | similar(2) 21:10 32:17 | | suspicious(1) 29:7 | |
| recovery(1) 28:15 | | rooney(1) 2:29 | | simple(2) 30:4 30:6 | | sustain(1) 24:1 | |
| reed(1) 2:25 | | rough(1) 12:8 | | simply(9) 4:24 15:5 24:5 28:7 29:19 30:10 30:14 30:16 34:17 | | systematically(2) 14:4 29:8 | |
| refer(1) 32:10 | | roughly(1) 15:16 | | | | | |
| referring(2) 24:10 24:14 | | round(1) 9:16 | | | | tack(2) 36:2 36:8 | |
| refuse(1) 8:2 | | rule(5) 23:12 25:1 26:25 29:9 31:15 | | sir(2) 4:5 8:21 | | take(4) 23:16 28:21 31:1 31:2 | |
| refused(1) 32:18 | | ruled(1) 21:11 | | skipped(4) 5:16 8:7 23:4 32:15 | | taking(1) 11:12 | |
| regarding(4) 9:19 15:11 15:22 16:23 | | ruling(1) 35:7 | | solely(2) 18:5 25:14 | | talk(2) 16:15 23:5 | |
| reject(1) 7:17 | | run(1) 35:20 | | some(8) 9:9 10:12 10:13 10:17 11:20 12:21 15:7 34:14 | | talking(1) 17:22 | |
| rejected(2) 7:15 7:17 | | runs(1) 9:3 | | | | tax(1) 8:5 | |
| rejecting(2) 7:20 10:10 | | | | | | taylor(1) 1:34 | |
| relating(1) 5:18 | | said(19) 5:1 9:7 9:11 13:7 16:13 18:10 18:15 21:10 21:25 24:23 25:23 27:21 28:22 29:17 29:23 32:5 33:18 36:18 | | someone(1) 4:18 | | teleconference(1) 1:17 | |
| relationships(1) 21:5 | | | | something(6) 16:15 17:6 19:7 19:13 20:23 31:19 | | telephone(1) 4:17 | |
| relative(1) 25:9 | | | | | | tell(2) 5:9 30:15 | |
| relegating(1) 33:2 | | same(5) 7:23 19:22 21:18 22:13 36:25 | | | | temporary(1) 6:7 | |
| relevant(13) 4:14 5:16 7:9 9:12 9:13 10:19 12:10 22:22 23:19 23:20 28:17 28:17 32:11 | | samis(1) 2:6 | | sorry(3) 4:17 7:16 7:20 | | tend(1) 15:9 | |
| | | sanctions(3) 29:21 29:24 29:25 | | sound(2) 1:46 38:5 | | tens(1) 33:3 | |
| | | satisfied(1) 29:23 | | spare(2) 9:8 19:16 | | terminate(15) 3:12 4:10 4:14 4:22 4:23 5:9 9:11 9:15 10:20 20:25 21:13 21:14 25:16 25:21 25:23 25:25 | |
| relied(1) 34:8 | | say(13) 3:22 7:6 7:22 10:16 14:1 17:16 18:10 21:11 22:13 23:18 30:13 31:5 31:19 | | spd(3) 18:7 18:9 18:21 | | | |
| remember(2) 26:8 32:20 | | | | speak(1) 3:9 | | | |
| remit(1) 10:16 | | | | specific(6) 9:18 10:16 19:7 29:10 29:10 29:11 | | terminating(1) 5:23 | |
| reply(1) 13:14 | | saying(2) 18:1 18:11 | | | | terminating(2) 9:5 21:24 25:10 | |
| report(1) 15:18 | | says(5) 5:2 7:4 11:22 28:8 32:11 | | | | terms(5) 3:21 12:1 12:19 21:21 30:4 | |
| reports(4) 26:8 33:5 36:14 37:7 | | schedule(6) 33:7 33:9 33:24 34:19 35:20 35:23 | | specifically(2) 12:12 29:5 | | test(3) 5:7 31:15 31:15 | |
| representations(2) 5:15 24:3 | | | | specifics(1) 8:21 | | tests(1) 9:25 | |
| representatives(1) 2:25 | | scheduling(1) 15:25 | | specify(2) 23:24 27:7 | | than(16) 6:3 8:7 11:7 17:1 18:24 19:4 21:2 21:9 22:3 22:3 25:24 32:3 32:7 33:14 33:18 35:25 | |
| request(16) 5:18 9:17 10:20 12:15 18:4 18:6 19:21 23:1 27:1 29:4 30:3 33:21 34:22 35:4 35:4 37:4 | | schuylkill(1) 1:41 | | specifying(1) 23:20 | | | |
| | | schweitzer(27) 1:31 8:24 8:24 12:6 12:16 12:17 20:15 20:19 23:14 23:23 24:5 24:8 24:17 27:15 27:17 27:18 27:20 31:19 33:17 35:6 35:19 36:17 36:24 37:4 37:10 37:13 | | stand(1) 37:18 | | | |
| | | | | standard(1) 9:6 | | thank(8) 3:17 8:21 34:11 36:9 36:22 37:13 37:13 37:17 | |
| requested(3) 20:7 33:25 34:20 | | | | standards(9) 9:4 12:5 12:7 | | | |
| requests(31) 4:2 7:1 10:16 11:20 12:23 13:1 13:3 13:16 13:22 15:6 15:8 15:11 16:16 18:13 19:17 19:20 28:19 29:4 29:8 29:12 30:7 31:2 31:25 32:4 32:19 34:3 34:14 34:16 35:1 35:7 35:8 | | | | standing(1) 24:10 | | | |
| | | scope(1) 12:8 | | stargatt(1) 1:34 | | | |
| | | second(5) 5:22 10:20 11:18 17:8 28:16 | | start(2) 20:24 29:4 | | | |
| | | secret(1) 15:18 | | starts(1) 9:9 | | | |
| require(3) 6:22 17:25 34:1 | | section(3) 4:9 12:4 28:11 | | state(1) 31:15 | | | |
| required(7) 7:15 7:18 18:13 25:8 27:13 30:1 34:9 | | see(5) 19:17 23:9 30:20 33:7 35:3 | | stated(2) 8:23 30:3 | | | |
| | | seeking(2) 29:9 29:20 | | statement(3) 10:8 28:2 34:18 | | | |
| | | seem(2) 25:19 26:18 | | statements(4) 9:16 15:21 27:22 31:21 | | | |
| requirements(1) 5:6 | | seems(2) 18:22 20:1 | | states(3) 1:1 1:19 31:15 | | | |
| | | | | statute(2) 5:2 7:15 | | | |
| | | | | statutory(1) 12:7 | | | |
| | | | | steen(1) 1:28 | | | |

| Word | Page:Line |
|---|---|
| **that**(301) | 3:8 3:13 3:18 3:19 3:25 4:1 4:9 4:23 4:24 4:25 5:3 5:5 5:7 5:8 5:19 5:20 5:23 5:23 6:10 6:18 6:21 6:21 6:22 6:23 6:23 6:25 7:1 7:2 7:4 7:5 7:5 7:6 7:8 7:10 7:14 7:15 7:16 7:16 7:17 7:18 7:19 7:20 7:23 7:24 7:25 8:2 8:3 8:5 8:9 8:15 8:16 8:17 8:17 8:22 9:1 9:4 9:5 9:6 9:9 9:10 9:10 9:11 9:13 9:15 9:16 9:24 7:6 10:3 10:4 10:5 10:8 10:8 10:9 10:13 10:16 10:18 10:21 10:24 11:5 11:21 11:22 11:22 12:4 12:4 12:7 12:10 12:18 12:19 13:7 13:9 13:10 13:11 13:12 13:17 13:24 14:1 14:2 14:4 14:9 14:11 14:12 14:13 14:24 15:3 15:4 15:5 15:10 15:19 15:21 16:13 16:15 16:16 16:22 17:6 17:13 17:16 17:17 17:19 17:21 18:7 18:11 18:11 18:12 18:15 18:16 18:18 18:18 18:22 19:1 19:3 19:8 19:9 19:10 19:17 19:21 19:22 19:25 20:3 20:4 20:4 20:15 20:16 20:19 20:20 20:20 20:21 20:24 20:25 21:2 21:12 21:12 21:12 21:13 21:20 21:25 22:1 22:1 22:2 22:2 22:8 22:10 22:13 22:21 22:21 22:25 22:25 23:6 23:9 23:12 23:14 23:16 23:17 23:18 23:25 24:12 24:13 24:15 24:18 24:21 24:22 24:24 24:25 25:2 25:4 25:5 25:11 25:13 25:15 25:17 25:18 25:20 25:22 26:2 26:5 26:13 26:14 26:16 26:25 27:11 27:22 27:23 27:25 28:2 28:7 28:9 28:10 28:13 28:15 28:17 28:18 28:18 28:19 28:22 28:23 28:23 28:24 29:11 29:15 29:16 29:18 29:20 29:22 29:24 30:2 30:3 30:5 30:13 30:15 30:16 30:18 30:19 30:21 30:21 31:1 31:16 31:17 31:19 31:22 31:24 32:1 32:1 32:3 32:4 32:5 32:6 32:7 32:9 32:11 32:11 32:13 32:14 32:17 32:20 32:21 33:1 33:6 33:9 34:1 34:2 34:6 34:7 34:8 34:8 34:9 34:13 34:15 34:18 34:25 35:6 35:7 35:9 35:10 35:10 35:12 35:13 35:17 35:19 35:21 35:22 35:22 36:5 36:8 36:10 36:10 36:13 36:15 36:17 |
| **that**(2) | 37:10 38:4 |
| **that's**(34) | 3:11 3:15 3:17 5:11 5:11 5:12 5:17 7:12 7:21 7:25 9:19 9:20 11:10 11:24 12:13 13:22 15:2 16:9 17:6 17:22 17:23 19:4 20:10 20:23 21:20 23:15 23:16 26:20 33:13 36:4 36:16 37:1 37:3 37:11 |

| Word | Page:Line |
|---|---|
| **the**(301) | 1:1 1:2 1:18 3:2 3:3 3:6 3:7 3:8 3:12 3:12 3:13 3:13 3:17 3:18 3:19 3:20 3:20 3:21 3:21 3:21 3:24 3:24 4:2 4:5 4:7 4:8 4:9 4:12 4:14 4:15 4:16 4:18 4:20 4:23 5:1 5:2 5:3 5:4 5:7 5:8 5:9 5:12 5:12 5:14 5:15 5:17 5:18 5:21 5:23 5:25 6:4 6:4 6:5 6:8 6:9 6:11 6:12 6:13 6:13 6:14 6:20 6:21 6:22 7:4 7:4 7:6 7:7 7:8 7:9 7:12 7:14 7:14 7:18 7:19 7:20 7:21 7:23 7:24 7:25 8:3 8:9 8:9 8:10 8:14 8:15 8:16 8:20 8:22 8:22 9:2 9:3 9:3 9:4 9:5 9:12 9:13 9:15 9:17 9:19 9:20 9:22 9:24 9:25 10:4 10:6 10:8 10:9 10:10 10:16 10:17 10:17 10:20 10:22 10:22 10:23 10:24 11:1 11:3 11:11 11:11 11:14 11:15 11:16 11:17 11:18 11:19 11:20 11:20 12:3 12:3 12:7 12:8 12:9 12:9 12:11 12:14 12:14 12:14 12:17 12:20 12:20 12:25 13:2 13:3 13:5 13:6 13:7 13:9 13:13 13:15 13:16 13:17 13:18 13:18 13:21 13:22 13:23 13:24 14:3 14:8 14:12 14:13 14:14 14:15 14:16 14:16 14:16 14:20 14:23 14:25 15:2 15:3 15:4 15:7 15:8 15:15 15:15 15:17 15:17 15:22 15:24 16:1 16:3 16:8 16:10 16:10 16:11 16:16 17:1 17:3 17:10 17:11 17:17 17:24 17:24 18:6 18:7 18:8 18:8 18:9 18:10 18:12 18:14 18:17 18:21 18:25 19:2 19:5 19:8 19:11 19:16 19:16 19:18 19:19 19:19 19:22 19:24 19:25 20:2 20:5 20:8 20:10 20:12 20:14 20:15 20:15 20:17 20:20 20:21 20:21 20:25 21:3 21:5 21:7 21:7 21:12 21:16 21:17 21:18 21:18 21:20 21:22 22:2 22:4 22:7 22:8 22:9 22:10 22:11 22:11 22:13 22:13 22:15 22:17 22:20 22:22 22:23 22:25 23:10 23:12 23:13 23:13 23:15 23:18 23:24 24:2 24:3 24:4 24:7 24:9 24:12 24:14 24:14 25:2 25:3 25:6 25:11 25:13 25:14 25:15 25:21 25:21 25:22 |
| **the**(147) | 25:24 26:6 26:10 26:15 26:16 26:17 26:17 26:20 26:24 27:2 27:2 27:4 27:7 27:7 27:7 27:8 27:9 27:11 27:12 27:14 27:16 27:19 28:3 28:4 28:4 28:4 28:6 28:7 28:8 28:8 28:9 28:13 28:13 28:15 28:15 28:16 28:24 28:24 29:16 29:17 29:19 29:19 29:20 29:21 29:22 29:23 29:23 29:25 30:2 30:2 30:3 30:19 30:20 30:24 31:1 31:2 31:5 31:5 31:10 31:11 31:14 31:15 31:15 31:21 32:5 32:5 32:16 33:2 33:10 34:6 34:8 |
| **their**(28) | 3:15 3:24 5:5 5:5 6:16 7:15 7:17 7:22 8:11 11:14 11:19 14:6 14:8 14:18 17:10 17:12 19:3 19:5 21:5 24:5 28:25 30:20 30:25 32:21 33:5 33:22 36:3 36:6 |
| **them**(31) | 7:8 7:12 7:15 8:18 9:9 10:13 11:1 11:12 13:19 14:15 14:17 14:18 14:20 16:21 17:13 17:20 19:11 22:23 23:8 23:20 26:15 26:21 27:11 27:11 29:24 32:16 32:17 32:24 32:24 35:23 36:6 |
| **themes**(2) | 15:10 19:17 |
| **themselves**(1) | 16:1 |

| Word | Page:Line |
|---|---|
| **then**(15) | 4:15 12:12 13:12 16:12 18:16 21:1 21:17 31:21 34:25 35:3 35:10 35:23 36:2 36:8 37:5 |
| **theory**(5) | 5:12 5:13 5:14 5:14 10:3 |
| **there**(28) | 4:17 5:6 6:19 6:20 7:11 7:12 10:5 12:6 18:9 18:20 21:12 21:19 22:6 23:14 23:21 23:22 24:3 25:15 26:1 26:22 32:3 32:7 34:17 34:23 35:4 35:7 36:11 |
| **there's**(18) | 6:21 7:4 7:9 8:16 10:2 14:5 15:10 15:18 18:12 20:24 24:13 24:25 25:22 27:2 27:22 30:13 33:17 36:3 |
| **therefore**(2) | 17:17 21:6 |
| **there's**(1) | 18:3 |
| **these**(24) | 10:12 11:13 11:25 15:5 18:5 20:11 20:21 22:22 27:7 27:10 29:12 29:12 29:13 29:14 30:7 30:16 30:17 30:18 30:22 31:4 31:6 32:23 34:12 35:9 |
| **they**(87) | 5:3 5:23 6:1 6:3 6:10 6:12 6:14 6:19 6:22 7:6 7:18 7:22 7:24 8:2 8:3 8:3 8:4 8:5 8:11 8:18 8:23 10:8 10:9 10:23 11:1 11:4 11:4 11:5 11:6 11:6 11:12 11:17 11:22 13:24 14:7 14:12 15:9 18:11 18:20 19:6 19:7 19:10 19:11 19:12 20:25 21:1 21:6 21:16 21:17 22:13 22:24 23:17 23:19 24:23 24:24 25:4 26:15 26:17 26:21 26:23 26:24 27:1 27:10 27:10 27:12 29:9 29:11 29:18 29:21 29:22 29:22 30:8 30:8 30:20 30:21 30:24 30:25 31:21 32:1 32:18 32:18 32:18 33:2 33:10 34:6 34:8 |
| **they'd**(1) | 18:14 |
| **they'll**(2) | 19:8 30:17 |
| **they're**(22) | 6:23 7:23 10:18 11:22 13:17 14:10 16:7 18:13 19:18 20:22 21:18 21:23 22:10 22:24 23:7 23:7 28:19 29:6 30:9 30:25 34:14 34:24 |
| **they've**(4) | 11:11 12:22 12:22 14:13 |
| **they're**(2) | 17:21 31:6 |
| **things**(5) | 12:22 16:6 17:13 22:11 24:19 |
| **think**(42) | 3:25 4:18 8:8 8:18 9:1 9:6 9:11 10:2 10:3 10:19 11:4 12:6 12:7 12:7 12:8 14:24 15:9 17:15 17:16 18:19 19:9 19:10 20:4 20:10 20:11 20:19 21:24 22:20 22:21 24:14 24:18 24:25 28:1 28:24 30:15 34:6 34:15 36:3 36:16 36:19 |
| **thinks**(1) | 28:17 |
| **third**(3) | 6:7 17:15 23:13 |
| **this**(40) | 3:12 4:3 4:16 4:19 7:1 7:11 9:1 10:3 10:24 11:9 14:11 14:23 15:12 15:25 16:19 16:25 19:16 19:25 20:4 20:4 21:9 22:14 22:18 23:22 24:23 24:25 28:1 28:13 29:1 29:5 30:22 33:9 33:11 33:18 34:5 34:9 34:15 35:3 35:11 35:25 37:14 |
| **thomas**(1) | 2:38 |
| **those**(20) | 8:13 9:1 9:8 9:16 10:19 12:4 12:10 13:2 14:7 15:13 16:6 18:8 20:13 22:21 24:13 26:10 31:18 33:16 34:24 34:25 |
| **though**(3) | 3:11 23:18 32:7 |
| **thought**(3) | 11:6 26:6 35:2 |
| **thousands**(1) | 33:3 |
| **three**(2) | 15:13 16:3 |
| **through**(14) | 9:8 11:15 12:19 14:3 14:19 14:23 16:8 19:5 19:15 19:22 23:19 30:11 34:13 34:25 |
| **tied**(2) | 8:13 8:14 |
| **time**(24) | 5:1 11:21 15:3 17:21 18:12 18:14 19:22 20:4 26:11 28:4 28:10 30:22 31:19 32:22 33:18 33:18 33:24 34:19 35:10 35:13 35:18 36:1 36:1 37:14 |
| **timeframe**(1) | 34:5 |

| Word | Page:Line |
|---|---|
| **timing**(2) | 10:23 20:17 |
| **together**(2) | 23:8 23:9 |
| **togut**(2) | 2:14 4:4 |
| **told**(1) | 3:8 |
| **too**(2) | 7:13 32:14 |
| **took**(1) | 7:20 |
| **tools**(2) | 14:11 20:8 |
| **touched**(1) | 12:18 |
| **touching**(1) | 10:12 |
| **traci**(1) | 38:10 |
| **trading**(2) | 16:14 16:17 |
| **traditional**(1) | 6:25 |
| **transcriber**(1) | 38:10 |
| **transcript**(3) | 1:17 1:47 38:5 |
| **transcription**(2) | 1:40 1:47 |
| **treated**(3) | 21:1 21:18 35:9 |
| **trial**(6) | 20:6 28:18 31:3 31:7 33:6 34:5 |
| **tried**(1) | 29:1 |
| **true**(1) | 32:4 |
| **truly**(1) | 33:15 |
| **try**(4) | 7:11 14:21 14:22 31:10 |
| **trying**(7) | 7:2 9:25 19:23 23:9 30:15 31:3 33:19 |
| **tunnell**(1) | 1:22 |
| **turn**(1) | 14:25 |
| **tweed**(2) | 2:37 2:37 |
| **twice**(1) | 5:2 |
| **two**(5) | 12:25 15:4 30:13 36:9 36:11 |
| **type**(2) | 9:18 16:16 |
| **typically**(1) | 32:18 |
| **ultimate**(1) | 28:18 |
| **unable**(1) | 17:4 |
| **under**(9) | 4:15 4:22 5:13 6:24 7:2 10:13 24:11 26:25 28:1 |
| **understand**(4) | 7:21 30:16 30:17 30:18 |
| **understanding**(2) | 13:9 13:11 |
| **understandings**(1) | 30:9 |
| **undue**(2) | 32:8 33:15 |
| **unfair**(2) | 30:23 33:7 |
| **unfortunately**(1) | 34:21 |
| **unilateral**(1) | 11:11 |
| **uninsurable**(3) | 16:24 24:2 24:5 |
| **uninsured**(1) | 17:4 |
| **united**(4) | 1:1 1:19 13:23 29:19 |
| **unqualified**(1) | 10:18 |
| **unsecured**(2) | 2:5 21:19 |
| **until**(2) | 28:11 35:20 |
| **untrue**(3) | 31:19 31:22 32:14 |
| **upon**(4) | 12:18 19:4 34:1 34:8 |
| **use**(2) | 20:8 30:8 |
| **used**(1) | 29:14 |
| **usually**(3) | 13:16 14:21 14:22 |
| **variety**(1) | 6:23 |
| **various**(2) | 7:1 20:8 |
| **very**(7) | 4:21 13:5 19:7 28:6 30:6 33:24 33:24 |
| **vesting**(1) | 5:13 |
| **visteon**(7) | 4:15 9:10 21:11 21:11 25:18 25:19 25:20 |
| **wait**(1) | 28:11 |
| **waive**(1) | 18:16 |
| **want**(6) | 6:9 11:24 22:24 24:12 27:10 27:20 |
| **wanted**(1) | 17:9 |
| **wants**(1) | 4:24 |
| **was**(12) | 5:1 11:17 13:9 14:17 15:5 18:6 18:7 18:9 18:15 18:21 26:14 38:1 |
| **wasn't**(2) | 21:19 29:25 |
| **way**(13) | 6:9 7:11 9:2 9:24 10:4 10:17 10:18 10:21 19:18 20:10 21:20 25:36 33:7 |
| **ways**(2) | 10:11 10:11 |
| **we'd**(1) | 15:3 |
| **we'll**(4) | 26:23 30:17 35:3 37:18 |

| Word          Page:Line | Word          Page:Line |
|---|---|
| **we're**(18) 8:17  9:21  10:18  10:24  11:13 12:2  12:8  12:19  19:23  20:6  21:8  27:4 27:25  30:15  30:23  31:13  32:23  35:13 | **would**(43) 4:25  5:7  6:22  7:2  7:7  8:1  8:1 8:7  8:17  9:2  10:5  10:23  11:16  11:17  12:10 13:10  13:13  16:5  16:5  17:9  17:13  17:25 18:11  18:12  18:16  18:16  19:3  19:9  19:11 23:3  24:21  26:6  26:12  29:15  30:7  30:14 31:1  31:6  32:10  33:1  34:9  35:10  35:22 |
| **we've**(15) 10:25  11:2  11:3  11:6  11:11 11:14  11:19  12:19  22:23  24:22  25:23 25:23  30:19  31:21  32:15 | **wouldn't**(4) 19:10  19:12  19:12  22:2 |
| **wednesday**(3) 16:1  32:24  33:1 | **write**(5) 14:25  16:10  16:11  29:18  33:12 |
| **week**(2) 12:25  15:4 | **writing**(1) 19:3 |
| **weight**(1) 27:3 | **wrong**(4) 10:14  10:18  13:21  22:12 |
| **well**(16) 6:6  12:11  13:2  13:24  16:14  19:25  20:14  20:19  21:8  22:14  22:20  23:4  31:9 33:20  35:25  36:15 | **wrote**(2) 11:5  23:12 |
|  | **www.diazdata.com**(1) 1:44 |
| **went**(2) 14:23  23:19 | **year**(8) 7:7  10:25  11:1  12:20  14:14  22:4 22:20  29:2 |
| **were**(15) 7:11  10:8  10:13  10:23  11:5  11:6 11:20  18:6  18:18  18:19  18:20  24:10  26:17 32:7  34:1 | **years**(2) 7:6  18:21 |
|  | **yes**(17) 3:7  4:5  14:1  14:1  18:10  18:16 26:23  27:16  27:19  29:19  30:5  30:10  30:14 36:16  36:21  37:9  37:11 |
| **weren't**(1) 29:22 | |
| **what**(30) 3:22  3:24  6:19  7:18  8:22  10:14 10:23  16:5  16:11  16:17  16:18  17:21  19:6 21:11  21:17  21:23  23:5  23:5  23:9  23:16 23:20  24:23  25:22  27:21  30:15  31:15 31:20  32:20  33:3  33:18 | **yet**(2) 3:13  3:20 |
|  | **you**(83) 3:8  3:9  3:17  6:6  6:6  8:13  8:21 9:2  9:4  9:5  9:8  10:4  10:15  11:21  11:23 11:24  11:24  12:3  12:3  12:19  13:25  14:2 14:4  15:25  16:11  16:14  16:15  18:15  18:18 18:19  19:16  19:16  20:3  20:7  20:8  20:14 20:16  20:24  21:12  21:15  22:2  22:5  22:6 22:7  22:10  23:3  23:5  23:15  24:9  24:11  24:16 24:17  24:18  24:23  26:11  27:5  27:25  28:2 28:9  28:13  28:14  28:20  28:22  29:7  29:24 30:2  30:2  30:12  31:6  31:16  31:17  33:16 34:3  34:11  34:14  36:4  36:7  36:9  36:18 36:19  36:22  37:13  37:14  37:17 |
| **when**(11) 11:2  14:23  16:13  20:12  27:6 28:14  29:5  29:7  30:16  31:5  32:15 | |
| **where**(17) 7:4  9:1  10:24  12:2  12:18  13:24 14:4  15:21  16:14  22:5  28:6  30:19  30:23 30:24  33:10  33:20  35:3 | **you're**(6) 13:21  16:12  24:10  24:14  28:5 30:1 |
| **whereupon**(1) 38:1 | **you've**(3) 5:17  12:13  25:4 |
| **whether**(12) 6:6  6:7  6:11  6:16  10:20 16:24  20:7  24:7  25:6  25:10  32:25  34:14 | **young**(2) 1:34  2:29 |
|  | **your**(60) 3:4  3:5  3:9  3:10  3:15  4:3  5:1 5:17  5:20  6:8  6:20  8:9  8:24  9:10  11:15 11:23  12:12  12:16  15:15  15:24  16:4  16:25 20:17  20:19  23:4  23:15  24:22  25:1  25:6 25:10  26:1  26:3  26:13  26:15  26:21  26:24 27:9  27:15  28:9  30:15  31:9  31:13  31:23 31:23  32:3  32:4  32:13  33:6  33:12  34:11 35:6  35:19  36:1  36:1  36:9  36:12  36:22 37:13  37:14  37:17 |
| **which**(25) 5:13  5:14  9:9  11:15  12:21 17:11  18:13  18:18  18:19  18:20  18:20 19:17  22:19  23:11  25:7  27:5  27:23  29:16 31:5  33:24  33:25  33:25  34:19  35:12  35:17 | |
| **while**(1) 14:12 | **"gotchas"**(3) 23:15  27:11  27:11 |
| **who**(3) 18:8  18:17  19:6 | **"gotcha"**(3) 9:25  11:25  18:3 |
| **whole**(2) 15:10  23:21 | |
| **why**(5) 5:17  14:20  16:11  20:18  32:22 | |
| **wide**(1) 6:23 | |
| **will**(24) 3:24  6:19  6:19  7:5  7:5  7:10  9:8 9:9  9:22  19:16  20:13  20:16  22:21  22:25 25:2  26:24  30:11  30:12  31:10  31:24  32:4 34:6  36:1  37:5 | |
| **willing**(1) 32:25 | |
| **wilmington**(2) 1:12  3:1 | |
| **wind**(1) 6:12 | |
| **wish**(2) 8:22  37:15 | |
| **with**(38) 5:10  7:25  9:7  9:10  9:16  9:21 10:4  10:17  12:4  12:23  12:24  13:1  14:16 14:22  16:13  17:20  19:24  20:6  20:24  21:5 21:8  21:19  22:3  22:8  23:8  23:9  24:7 24:23  25:2  27:4  27:21  29:23  30:4  32:16 33:17  33:18  33:24  34:17 | |
| **withholding**(1) 32:13 | |
| **without**(3) 7:10  8:1  18:5 | |
| **witnesses**(7) 17:17  19:11  31:2  33:6  36:14 36:25  37:7 | |
| **won't**(2) 8:4  13:11 | |
| **word**(1) 14:25 | |
| **worded**(2) 17:23  19:19 | |
| **wording**(3) 19:20  27:3  27:4 | |
| **words**(2) 7:20  30:9 | |
| **work**(3) 16:20  19:23  36:6 | |
| **working**(1) 13:5 | |