UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

FORTY-SECOND MONTHLY FEE APPLICATION OF JEFFERIES &
COMPANY, INC., FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD JULY 1, 2012 THROUGH JULY 31, 2012

| | |
|---|---|
| Name of Applicant: | Jefferies & Company, Inc. |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 1, 2009 |
| Period for which Compensation and Reimbursement are sought: | July 1, 2012 through July 31, 2012 |
| Amount of Compensation sought as actual, reasonable and necessary (80% of $150,000.00): | $120,000.00 |
| Amount of Compensation held back: | $30,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is a(n)  x  interim ___ final fee application.

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc..

Jefferies & Company, Inc. (the "Jefferies"), has today filed this Forty-Second Monthly Fee Application (the "Application") for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee"), for the period July 1, 2012 through July 31, 2012 (the "Application Period") under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1997 (the "U.S. Trustee Guidelines") and the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (Docket No. 222) (the "Interim Compensation Procedures Order"). In support of this Application, Jefferies represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these chapter 11 cases.

3. On January 26, 2009 the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## JEFFERIES RETENTION

4. In accordance with the Court's order entered on March 5, 2009 granting Jefferies' retention effective February 1, 2009 (the "Retention Order"), Jefferies "shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services rendered pursuant to the Engagement Letter; instead, Jefferies shall be permitted to maintain summary time records in half-hour increments in connection with the services to be rendered pursuant to the Engagement Letter beginning on February 1, 2009." During the Application Period, Jefferies professionals expended time for services as illustrated in Exhibit C.

5. During the Application Period, Jefferies performed significant services on behalf of the Committee, including, but not limited to:

- Advised the Committee on the current state of the restructuring and capital markets;

- Assisted and advised the Committee in examining and analyzing any potential or proposed strategy for restructuring, amending, redeeming or otherwise adjusting the Debtors' outstanding indebtedness or overall capital structure, whether pursuant to a plan of reorganization, any sale under section 363 of chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), a liquidation, or otherwise (the "Restructuring"), including, where appropriate, assisting the Committee in developing its own strategy for accomplishing a Restructuring;

- Assisted and advised the Committee in evaluating and analyzing the proposed implementation of any Restructuring, including the value of the securities;

- Assisted and advised the Committee on tactics and strategies for negotiating with other stakeholders;

- Assisted and advised the Committee on tactics and strategies for the monetization of certain assets;

- Attended meetings of the Committee with respect to matters on which we have been engaged to advise the Committee; and

- Rendered such other advisory services as was from time to time agreed upon by the Committee and Jefferies.

6. Jefferies Group is a global investment banking firm with broad activities covering trading in equities, convertible securities and corporate bonds in addition to its investment banking and financial advisory practice. With more than 80,000 customer accounts around the world, it is possible that one of its clients or a counter-party

to a security transaction may hold a claim or otherwise is a party-in-interest in these chapter 11 cases. Furthermore, as a major market maker in equity securities as well as a major trader of corporate bonds and convertible securities, Jefferies regularly enters into securities transactions with other registered broker-dealers as a part of its daily activities. Some of these counter-parties may be creditors of the Debtors. Jefferies believes none of these business relationships constitute interests materially adverse to the Committee herein with respect to matters upon which Jefferies is to be employed, and none are in connection with these cases. As further explained in the Supplemental Conflict Disclosure, Jefferies has informed the Committee that, during its engagement in these cases, it will not trade in any securities of the Debtors for or on its own account, and any such trading on account of Jefferies' customers will be conducted only at clients' direction, with Jefferies acting solely as such clients' agent.

## **FEE PROCEDURE ORDER**

7. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

8. In particular, the Interim Compensation Procedures Order provides that upon the expiration of twenty (20) days after the service of a monthly interim fee application, a Professional (as defined in the Interim Compensation Procedures Order) may file a Certificate of No Objection with the Court, after which the Debtors are authorized to pay such Professional an amount equal to the lesser of (a) 80 percent of the fees and 100 percent of the expenses requested in such monthly interim fee application and (b) 80 percent of the fees and 100 percent of the expenses not subject to an objection.

**RELIEF REQUESTED**

9.    Jefferies seeks monthly allowance of fees for professional services rendered to the Committee during the Application Period in the amount of $120,000.00, representing 80% of the total monthly fee ($150,000.00), and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $0.00.

10.   Although Jefferies, in line with market convention, does not bill by the hour, Jefferies does seek to track hours in an effort to provide certain restructuring clients with visibility into restructuring professional hours expended. Accordingly, Jefferies estimates that its restructuring professionals expended a total of 167.5 hours during the Application Period. Moreover, Jefferies' record of restructuring professional hours excludes time spent by other employees of the company, including for example, employees with capital markets or relevant industry expertise outside of the restructuring group, who have allocated time to these cases from time to time.

11.   The fees charged by Jefferies during the Application Period have been billed in accordance with the Retention Application, Jefferies' approved engagement letter with the Committee dated as of February 1, 2009 (the "Engagement Letter"), and the Interim Compensation Procedures Order, and is comparable to those fees charged by Jefferies for professional services rendered in similar bankruptcy and non-bankruptcy related matters. Such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy transactions in the competitive national financial advisory market.

12. Annexed hereto as Exhibit "A" is Jefferies' invoice for the Application Period.

13. Annexed hereto as Exhibit "B" is a schedule specifying categories of expenses for which Jefferies is seeking reimbursement and the total amount of expenses requested in each such expense category.

14. Annexed hereto as Exhibit "C" is a summary of Jefferies' time records for the Application Period. As set forth in the Retention Application, it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis. Jefferies' restructuring professionals, when formally retained in chapter 11 cases and when required by local rules, do, and in these cases have, kept time records describing their general daily activities, the identity of restructuring professionals who performed such activities, and the estimated amount of time expended on such activities on a daily basis. Jefferies' restructuring personnel do not maintain their time records on a "project category" basis. For Jefferies to recreate the time for its restructuring personnel and require its non-restructuring personnel to record their time as prescribed by the Local Rules would be, in each case, unduly burdensome and time consuming.

15. There is no agreement or understanding between Jefferies and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

## NOTICE

16. This Application has been provided to the Notice Parties pursuant to the Interim Compensation Procedures Order. Jefferies submits that no other or further notice need be provided.

WHEREFORE, pursuant to the terms of the Interim Compensation Procedures Order and the Retention Order, Jefferies requests payment for services rendered on behalf of the Committee during the Application Period in the total amount of $150,000.00, and immediate payment of $150,000.00 representing 80% of the total monthly fees ($120,000.00) and 100% of expenses incurred ($0.00).

Dated: August 28, 2012

                                            JEFFERIES & CO., INC.

                                            By: */s/ Alexander V. Rohan*
                                                  Alexander V. Rohan
                                                  Senior Vice President
                                          520 Madison Avenue, 7th Floor
                                          New York, NY  10022
                                          (212) 707-6476

                                          Financial Advisor to the Official
                                          Committee of Unsecured Creditors