**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
*In re*                                                     :    Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
                                                            :
                        Debtors.                            :    Jointly Administered
                                                            :
------------------------------------------------------------X

### STIPULATION RESOLVING CLAIMS BY AND BETWEEN POLYCOM, INC. AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and Polycom, Inc. on behalf of itself and its subsidiaries, including but not limited to SpectraLink Corporation ("Claimant," and together with NNI, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), NNI and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] commenced a proceeding on January 14, 2009 with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court; and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the claims and the other contested issues outlined herein, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, on or about May 11, 2009, Claimant filed proof of claim number 1154 against NNI for goods sold within 20 days of the commencement of the estate and in the ordinary course of the Debtor's business in the amount of $1,203,597.46, all of which it asserted was entitled to priority as an administrative expense under 11 U.S.C. § 503(b)(9) ("Claim No. 1154"); and

WHEREAS, on or about May 11, 2009, Claimant filed proof of claim number 1155 against NNI for goods sold in the amount of $1,601,424.84, $1,203,597.46 of which it asserted was entitled to priority as an administrative expense under 11 U.S.C. §

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

503(b)(9), and the remainder of which it asserted as a general unsecured claim ("Claim No. 1155"); and

WHEREAS, Claim No. 1155 actually asserted invoices owed totaling $1,841,244.84, but also included a reduction in the claimed amount by $239,820.00, which Claimant noted it assumed would be netted against any allowed claim amount; and

WHEREAS, the Parties have agreed that the proofs of claim for Claim Nos. 1154 and 1155 (together the "Claims") support valid claims in the following amounts (the "Supported Claim Amounts"):  Claim No. 1154 supports a valid claim with administrative priority under 11 U.S.C. § 503(b)(9) in the amount of $61,816.55; Claim No. 1155 supports a valid general unsecured claim in the amount of $1,307,023.12; and

WHEREAS, the Parties have agreed that there are contested issues beyond the scope of the Claims that they will also resolve in this Stipulation, resulting in agreed upon adjustments to the amounts to be allowed in the Claims; and

WHEREAS, on or about January 14, 2009, Claimant sent NNI a letter seeking return of all goods received by NNI, NNC and any other Nortel subsidiary or affiliate, and on or about January 22, 2009, Claimant filed the Notice of Reclamation and Administrative and Priority Claim of Polycom, Inc. in NNI's bankruptcy case [D.I. 104] (the "Reclamation Demand"); and

WHEREAS, on or about February 19, 2009, the Bankruptcy Court entered its Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Sections 105(a), 362 and 546(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure [D.I. 336] (the "Reclamation Procedures Order"); and

WHEREAS, on or about May 14, 2009, the Debtors filed and served the Debtors' Second Reclamation Notice [D.I. 756] (the "Notice"), which proposed to treat the Reclamation Demand as invalid in its entirety on grounds of insufficient information; and

WHEREAS, on or about September 8, 2009, Claimant filed an Objection to the Notice [D.I. 1437] (the "Reclamation Objection"); and

WHEREAS, the Parties have agreed that $56,872.90 constitutes an allowable administrative priority claim in connection with the Reclamation Demand and the support provided in negotiations between the parties (the "Reclamation Settlement"); and

WHEREAS, the Parties have agreed to give effect to the Reclamation Settlement by increasing the allowed amount of Claim No. 1154 by $56,872.90; and

WHEREAS, on November 1, 2001, Claimant entered into a TCM Interface License Agreement with Nortel Networks Limited, acting on behalf of itself and its subsidiaries ("November 2001 Licensing Agreement"); and

WHEREAS, on June 1, 2002, Claimant's subsidiary SpectraLink Corporation entered into a TCM Interface License Agreement with Nortel Networks Limited, acting on behalf of itself and its subsidiaries ("June 2002 Licensing Agreement," and together with the November 2001 Licensing Agreement, the "Licensing Agreements"); and

WHEREAS, the Parties agree that Claimant owes amounts accrued pre-petition in connection with the Licensing Agreements totaling $152,105.00 (the "Licensing Agreement Amount Owed"); and

WHEREAS, on September 16, 2010, the Court entered an order approving a cross-border claims protocol establishing procedures to promote coordination and cooperation between the Debtors and the Canadian Debtors in the resolution of certain

claims filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I. 3956]; and

WHEREAS, the Claimant, the Debtors and the Canadian Debtors have agreed on a methodology to apply the Licensing Agreement Amount Owed to the claims respectively filed in the Debtors' cases and in the Canadian Proceedings; and

WHEREAS, based on that agreement, the Parties have agreed to reduce the allowable portion of Claim No. 1155 by $101,403.30 (the "<u>Licensing Agreement Settlement Amount</u>"); and

WHEREAS, on or about April 25, 2007, Claimant and NNL entered into the Polycom, Inc. U.S. Reseller Agreement under which Claimant accrued rebates owed to the Debtor prior to the Petition Date (the "<u>Outstanding Rebate Amount</u>"); and

WHEREAS, the Parties have agreed to resolve the Outstanding Rebate Amount by reducing the allowable amount of Claim No. 1155 by $111,856.00 (the "<u>Rebate Settlement Amount</u>," and together with the Licensing Agreement Settlement Amount, the "<u>Outstanding Amount Settlement Agreements</u>"); and

WHEREAS, the Parties have therefore agreed that the Reclamation Settlement, the Outstanding Amount Settlement Agreements (together, the "<u>Additional Contested Issues</u>") and the Claims should be resolved as follows (the "<u>Stipulated Claim Amounts</u>"): Claim No. 1154 will be allowed as an administrative priority claim under 11 U.S.C. § 503(b)(9) in the amount of $118,689.45; Claim No. 1155 will be allowed as a general unsecured claim in the amount of $1,093,763.82; and

WHEREAS, the Claimant has agreed to waive all claims except as explicitly provided herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Effectiveness</u>. This Stipulation shall become effective upon the entry of an order, in form and substance reasonably acceptable to the Parties, of the U.S. Court approving this Stipulation and the settlement reflected herein pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Approval Order</u>"). The Parties to this Stipulation shall cooperate and participate in good faith in connection with any notice and/or hearing or other proceeding required by the U.S. Court related to the Rule 9019 motion and/or the entry of the Approval Order. The Parties irrevocably consent to the entry of final judgment by the U.S. Court pursuant to 28 U.S.C. § 157(c)(2) upon this Stipulation and all matters addressed herein. Upon entry of the Approval Order, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns.

2. <u>Resolution of Claims</u>. Effective upon entry of the Approval Order:

(a) Claim No. 1154 shall be an allowed administrative priority claim under 11 U.S.C. § 503(b)(9) by Claimant against NNI in the Stipulated Claim Amount of $118,689.45.

(b) Claim No. 1155 shall be an allowed general unsecured claim by Claimant against NNI in the Stipulated Claim Amount of $1,093,764.82.

(d) The allowance of the claims described in paragraph 2(a)-(b) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

3. Release. Effective upon entry of the Approval Order, Claimant releases and forever discharges the Debtors and their respective current and former affiliates (excluding Claimant's claim against the Canadian Debtors), subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to the Claims or the Additional Contested Issues resolved herein, except to the extent the Claims are allowed under paragraph 2.

4. No Further Claims. Effective upon entry of the Approval Order, Claimant shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases.

5. Binding Effect. Effective upon entry of the Approval Order, this Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases. Claimant represents that it has the ability and authority to negotiate

and agree to the resolution of these matters on behalf of its wholly-owned subsidiaries, including but not limited to SepctraLink Corporation.

6. Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

7. No Transfer. Claimant represents that it has not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party.

8. No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

9. Costs and Expenses. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. Jurisdiction. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

12. Court Approval. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all

of their rights and defenses with respect to the Claims and the Additional Contested Issues, and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or the Reclamation Demand or that they have any liability thereunder.

13. Claims Register. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: Aug 21, 2012

Nortel Networks Inc.

By: _____
John J. Ray, III
Principal Officer

Polycom, Inc.

By: _____
Name: Sayed Darwish
Title: Chief Legal Officer & EVP of Corporate Development