**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------X
                                                       :
In re                                                  :     Chapter 11
                                                       :
Nortel Networks Inc., et al.,¹                         :     Case No. 09-10138 (KG)
                                                       :
                              Debtors.                 :     Jointly Administered
                                                       :
                                                       :     Hearing Date: September 19, 2012 at 10:00 a.m. (ET)
                                                       :     Objection Deadline: September 12, 2012 at 4:00 p.m. (ET)
-------------------------------------------------------X
```

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING DISCOVERY
PROCEDURES IN CONNECTION WITH DEBTORS' MOTION FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE
DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM DISABILITY PLANS
AND THE EMPLOYMENT OF THE LTD EMPLOYEES AND
(B) AMENDING THE SCHEDULING ORDER FOR HEARING ON
DEBTORS' PROCESS TO TERMINATE BENEFITS**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as **Exhibit A**, (i) establishing discovery

procedures in connection with the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C.*

*§§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term Disability*

*Plans and the Employment of the LTD Employees* (the "LTD Termination Motion") [D.I. 8067];

(ii) amending the *Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits*

*Pursuant to 11 U.S.C. §§ 105(a), 363 and 1108* (the "Scheduling Order") [D.I. 8085]; and (iii)

---

¹       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

granting them such other and further relief as the Court deems just and proper.  In support of this

Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules").

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of

the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the

"Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code
on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases
for procedural purposes [D.I. 1098].

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration

(the "English Proceedings") under the control of individuals from Ernst & Young LLP

(collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the

future may commence additional creditor protection, insolvency and dissolution proceedings

around the world.

　　　　6.　　　　Since the Petition Date, Nortel has sold its business units and other assets to

various purchasers.  For further information regarding these chapter 11 cases, reference may be

made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### Facts Relevant to this Motion

　　　　7.　　　　On June 22, 2011, pursuant to the *Motion for Entry of an Order Pursuant to*

*Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term*

*Disability Plan Participants* [D.I. 5595] filed by several of the Debtors' long-term disabled

employees (the "LTD Employees") on June 3, 2011, the Court issued an order directing the

---

[3]　　　　The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]　　　　The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A.,
Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel
Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks
B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel
Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

United States Trustee to appoint a committee of the Debtors' LTD Employees (the "LTD Committee") [D.I. 5790]. The Court appointed the LTD Committee for the sole purpose of serving as the authorized representative of the LTD Employees in connection with negotiations regarding the modification or termination of certain benefit plans provided to the LTD Employees (the "LTD Plans") and for no other purpose.

8.      On August 2, 2011, as directed by the Court, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], which appointment was later amended on August 4, 2011 [D.I. 6080].

9.      Since the appointment of the LTD Committee last year, the Debtors have devoted significant resources and attention to negotiating with the LTD Committee in good faith to seek a consensual agreement regarding the LTD Plan termination process. The Debtors also have acted diligently to provide the LTD Committee with the information necessary to evaluate the Debtors' settlement proposals, including in response to initial requests for documents and information made by the LTD Committee in September, 2011.

10.      On April 18, 2012, the Court entered an order at the request of the Debtors appointing Richard Levin as mediator in order to facilitate settlement discussions between the Debtors and the LTD Committee to explore whether a consensual modification or termination of the LTD Plans could be achieved. Those mediation efforts were unsuccessful, and as a result, on July 30, 2012, the Debtors filed the LTD Termination Motion seeking to terminate as of December 31, 2012 the employment of the LTD Employees and the LTD Plans that remain in effect.

11.      In connection with the filing of the LTD Termination Motion, the Debtors negotiated a scheduling order with counsel for the LTD Committee to set the deadlines for taking

discovery and litigating the LTD Termination Motion (the "Scheduling Order").  On August 1,

2012, the Debtors filed the *Certification of Counsel Regarding Pre-Trial Scheduling Order for*

*Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 363 and 1108*

seeking approval of the Scheduling Order .  The Court entered the Scheduling Order on August

1, 2012.

12.     Subsequently, on August 21, 2012, a group of LTD Employees (the "Nortel US

LTD Employees") filed the *Nortel US LTD Employees Objection to Scheduling Order for*

*Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 105(a), 363*

*and 1108* (the "Objection") [D.I. 8267], relating to their right to participate in the fact discovery

process.

13.     As a result of discussions between the Debtors and the LTD Committee, the

parties have agreed to extend certain of the deadlines established by the Scheduling Order,

subject to the approval of the Court.  While the Debtors have filed this motion now in the interest

of providing timely notice to all parties in interest in advance of the hearing, the Debtors remain

willing and available to discuss the proposed Discovery Procedures (as defined below) and

modifications to the Scheduling Order with any LTD Employees, including the Nortel US LTD

Employees, who have questions or concerns.  In addition, the Debtors understand that counsel to

the LTD Committee intends to reach out to certain individual LTD Employees to inform them of

the proposed Discovery Procedures and the changes to the Scheduling Order, which counsel to

the LTD Committee has informed the Debtors that it supports as the best way to limit the

financial burden and any confusion that may be caused by the LTD Employees engaging in

discovery on an individual basis.

## Relief Requested

14.     By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9014 and Local Rule 9006-2 (i) establishing discovery procedures in connection with the LTD Termination Motion; (ii) amending the Scheduling Order; and (iii) granting them such other and further relief as the Court deems just and proper.

## Proposed Discovery Procedures

15.     In an effort to accommodate the requests of the Nortel US LTD Employees as stated in the Objection, the Debtors propose that the LTD Employees, including the Nortel US LTD Employees, be permitted to access certain Non-Confidential Information (defined below) provided by the Debtors to the LTD Committee in accordance with the following procedures (the "Discovery Procedures"):

a.     The Debtors and LTD Committee will continue to provide document discovery to each other in accordance with the deadlines established by the Scheduling Order, as such deadlines may be modified by an order approving this motion and otherwise. Upon receipt of such document discovery from the Debtors, the LTD Committee shall utilize the services of its claims and noticing agent, Kurtzman Carson Consultants LLC ("KCC"), or another third party vendor reasonably acceptable to the Debtors to create a password protected limited access website (the "Limited Access Website") posting all non-confidential information (the "Non-Confidential Information").

b.     Each individual LTD Employee seeking to review the Non-Confidential Information posted on the Limited Access Website shall submit a written request (a "Request") on or before September 28, 2012, to the LTD Committee to obtain the password to access the Limited Access Website. Upon receipt of a timely Request from a LTD Employee, the LTD Committee shall promptly notify the Debtors of the Request. A Request by a LTD Employee shall constitute an agreement by the LTD Employee to submit to discovery requests by the Debtors and the LTD Employee shall include in the Request a mailing address, email address or facsimile number to which the Debtors can serve the discovery requests. Once a LTD Employee gains access to the Limited Access Website, the Debtors will serve discovery on such

6

       LTD Employee in the manner and at the address designated by the LTD Employee.

16.     Pursuant to the proposed Discovery Procedures outlined above, an LTD Employee shall have the right to participate in written discovery without the need to serve individualized document discovery requests by receiving copies of the written discovery provided to the LTD Committee to the extent such information includes Non-Confidential Information. In exchange for receiving such documents, the LTD Employee agrees to permit the Debtors to seek discovery from the requesting LTD Employee.

## Revised Proposed Discovery Schedule

17.     As a result of discussions between the Debtors and the LTD Committee, the parties have agreed to extend certain dates in the Scheduling Order. Such extension will have the benefit of allowing for the orderly completion of fact discovery and will allow the parties to re-engage in mediation to explore whether a consensual resolution can be reached. Accordingly, the Debtors request that the Scheduling Order be amended in accordance with the agreed upon dates to provide:[5]

     a.     All document discovery regarding the LTD Termination Motion shall be completed on or before October 15, 2012.

     b.     All responses to the LTD Termination Motion shall be filed no later than October 22, 2012. All parties who file such responses shall be entitled to file supplemental submissions in respect of the LTD Termination Motion at a later date following the close of discovery, which shall be established through a subsequent order of the Court.

     c.     The proceeding on the LTD Termination Motion shall commence on February 12, 2013 and shall continue through and including February 15, 2013, as necessary.

---

[5]     Pursuant to Local Rule 9006-2, the dates set forth in the Scheduling Order are extended without the necessity of the entry of a bridge order pending the hearing on this Motion.

d.     The other deadlines set forth in the Scheduling Order that have not already occurred are suspended.  The parties shall return to the Court at a later date to seek entry by the Court of an order establishing new dates for the remaining deadlines set forth in the Scheduling Order.

e.     Deadlines in this Order may be extended by joint agreement of the parties or by the Court upon good cause shown.

<u>**Basis for Relief Requested**</u>

18.     By this Motion, the Debtors seek approval of the Discovery Procedures and the revised discovery schedule set forth above.  The relief requested by the Debtors is authorized under the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

**A.     The Discovery Procedures Should Be Approved As Fair And Reasonable**

19.     The Discovery Procedures are fair and reasonable and should be approved.  The Discovery Procedures provide LTD Employees who request such information with targeted access to Non-Confidential Information produced by the Debtors to the LTD Committee in a manner that is not burdensome to the Debtors and their estates.  Providing individual LTD Employees access to such information pursuant to the Discovery Procedures will further the common goal of sharing information in a constructive and practical manner while simultaneously permitting the Debtors to reciprocally receive discovery materials from requesting LTD Employees.

20.     Information produced by the Debtors to the LTD Committee may include confidential and sensitive information.  Access to such confidential information must be limited to protect the interests of the Debtors, as well as those individuals whose privacy interests may also be implicated.  The Discovery Procedures balance the need to prevent widespread and

8

public access to the Debtors' confidential information against the interests of the LTD

Employees in receiving the Non-Confidential Information that is produced by the Debtors to the

LTD Committee if they so choose.

21.     In light of the Debtors' significant interests in minimizing the administrative

burden on their estates while balancing the above interests, the Debtors respectfully request that

this Court enter an order approving the Discovery Procedures.

**B.     The Revised Discovery Schedule Should Be Approved As Fair And Reasonable**

22.     Local Rule 9006-2 provides: "if a motion to extend the time to take any action is

filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these

Local Rules or Court Order, the time shall automatically be extended until the Court acts on the

motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

23.     The Debtors believe the plain language of Local Rule 9006-2 provides a

temporary bridge order between the deadlines set forth in the Scheduling Order that have not yet

passed and the hearing on September 19, 2012, at which time the Court will consider the

Debtors' motion to amend the Scheduling Order.

24.     The dates set forth in the revised discovery schedule should be approved as a

reasonable extension of the deadlines established in the Scheduling Order.  The Debtors submit

that the extended deadlines will allow for the orderly completion of fact discovery while giving

the parties time to explore through mediation whether a consensual resolution can be reached.

25.     Moreover, the revised discovery schedule should be approved as fair and

reasonable because counsel for the LTD Committee, counsel to the Official Committee of

Unsecured Creditors and the Ad Hoc Group of Bondholders have reviewed the proposed

modifications to the discovery schedule and do not object to the amended deadlines.

26.    In light of the foregoing, the Debtors respectfully request that this Court amend the Scheduling Order in accordance with the proposed revised discovery schedule set forth above.

## Notice

27.    Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the LTD Committee; (iii) the LTD Employees; (iv) counsel to the Bondholder Group; (v) counsel to the UCC; and (vi) the general service list established in these chapter 11 cases.

## No Prior Request

28.    Except as described therein, no prior request for the relief sought herein has been made to this or any other court.

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and

the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto;

(iii) establish discovery procedures in connection with the LTD Termination Motion; (iv) amend

the Scheduling Order; and (v) grant such other and further relief as it deems just and proper.

Dated:  August 29, 2012
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*