**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          : Case No. 09-10138 (KG)
:
          Debtors.    : Jointly Administered
:
:
------------------------------------------------------------X

## STIPULATION RESOLVING CLAIM NO. 1694 BY AND BETWEEN NORTEL NETWORKS INC. AND CANAL VIEW PROPERTIES III, LLC

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Canal View Properties III, LLC ("Claimant", and together with the Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

WHEREAS, Claimant and the Nortel Debtor were parties to a certain lease dated November 28, 2006 (as the same may have been amended, modified or supplemented from time to time in accordance with its terms, the "Lease") for nonresidential real property located at 300 Canal View Boulevard, Rochester, New York; and

WHEREAS, on June 9, 2009, pursuant to the Seventh Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors in Possession [D.I. 872], the Nortel Debtor rejected the Lease effective as of June 30, 2009; and

WHEREAS, on or about August 13, 2009, Claimant filed proof of claim number 1694 in the amount of $286,508.32 (the "Claim"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the Claim should be allowed as (i) a general unsecured claim in the reduced amount of $261,537.45 and (ii) an administrative claim in the amount of $10,129.33.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claim. Effective upon entry of an order by the Bankruptcy Court approving this Stipulation:

(a) There shall be (i) an allowed general unsecured claim by Claimant against the Nortel Debtor in the amount of $261,537.45 and (ii) an allowed administrative claim by Claimant against the Nortel Debtor in the amount of $10,129.33 ((i) and (ii) together, the "Allowed Claim").

(b) The Allowed Claim described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claim and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

2. Release. Effective upon entry of an order by the Bankruptcy Court approving this Stipulation, Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to the Claim and the Lease.

3. No Further Claims. Effective upon entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending the Claim or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases arising out of pre-petition liabilities of the Debtors to the Claimant.

4. Binding Effect. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, this Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings,

and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. No Transfer. Claimant represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third party.

7. No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claim.

8. Costs and Expenses. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. Jurisdiction. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. Court Approval. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

12. Claims Register. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: September 4, 2012

Nortel Networks Inc.

By: _____
Name: John J. Ray III
Title: Principal Officer

Canal View Properties III, LLC

By: _____
Name:
Title:

5

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: September 4, 2012

Nortel Networks Inc.

By:_____
Name: John J. Ray III
Title: Principal Officer

Canal View Properties III, LLC

By: _____
Name: Lewis Norry
Title: Managing Member

5