# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*                                                   :     Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                        :     Case No. 09-10138 (KG)
:
               Debtors. :     Jointly Administered
:
:     **Hearing Date**: If necessary, at the Court's discretion
:     **Objection Deadline**: If necessary, at the Court's discretion
:
---------------------------------------------------------- X

### DEBTORS' CONSENT MOTION FOR ENTRY OF AN ORDER
### (A) APPROVING SUBPOENA IN A CONTESTED MATTER TO
### THE NORTEL NETWORKS INC. RETIREE MEDICAL PLAN AND
### (B) AMENDING THE SCHEDULING ORDER FOR HEARING ON DEBTORS'
### PROCESS TO TERMINATE RETIREE BENEFITS PURSUANT TO 11 U.S.C. § 1114

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the service of the Subpoena (as defined below) by the Retiree Committee (as defined below) on the Nortel Networks Inc. Retiree Medical Plan within two business days following the entry of the Proposed Order; (ii) amending the Scheduling Order (as defined below) to allow for the service of the Subpoena; and (iii) granting them such other and further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7026 and 9016.

**Background**

3.  On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.  On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.     Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7.     The Debtors are now engaged in the exchange of written discovery with the Retiree Committee in furtherance of certain written discovery requests served on or before August 10, 2012.  In furtherance of that exchange of information, and to further compliance with federal privacy laws, by this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7026 and 9016, (i) approving the service

---

[3]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

of the Subpoena by the Retiree Committee on the Nortel Networks Inc. Retiree Medical Plan within two business days following the entry of the Proposed Order; (ii) amending the Scheduling Order to allow for the service of the Subpoena; and (iii) granting them such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

8. On June 21, 2011, pursuant to the *Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees*, filed by the Debtors on June 2, 2011 [D.I. 5568], the Court issued an order directing the U.S. Trustee to appoint a committee of the Debtors' retired employees (the "Retiree Committee") [D.I. 5783]. The Court appointed the Retiree Committee for the sole purpose of serving as the authorized representative of the retired employees in connection with their rights under section 1114 of the Bankruptcy Code and for no other purpose. On August 2, 2011, the U.S. Trustee appointed the members of the Retiree Committee [D.I. 6074].

9. Since the appointment of the Retiree Committee last year, the Debtors have devoted significant resources and attention to negotiating in good faith with the Retiree Committee regarding the Retiree Welfare Plans[5] termination process. The Debtors have also acted diligently to provide the Retiree Committee with all of the information necessary to evaluate the Debtors' settlement proposals, including in response to initial requests for documents and information made by the Retiree Committee in September 2011.

---

[5] As used herein, the "Retiree Welfare Plans" shall mean, in each case as amended or modified from time to time, the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan, predecessor plans and other formal or informal benefit plans, agreements, arrangements or programs (including plans, agreements, arrangements or programs that are funded through the purchase of insurance) or arrangements for current or future retired employees, their surviving spouses and eligible dependents, including plans, arrangements, agreements or programs for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death.

4

10. On April 18, 2012, the Court entered an order at the request of the Debtors appointing Richard Levin, Esq., of Cravath, Swaine & Moore LLP as mediator in order to facilitate settlement discussions between the Debtors and the Retiree Committee to explore whether a consensual modification or termination of the Retiree Welfare Plans could be reached.[6] Those mediation efforts were unsuccessful, and as a result, on July 30, 2012, the Debtors filed the *Debtors' Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Pursuant to 11 U.S.C. § 1114* [D.I. 8066] (the "Retiree Plan Termination Motion") seeking to terminate as of December 31, 2012 the Retiree Welfare Plans.

11. In connection with the filing of the Retiree Plan Termination Motion, the Debtors negotiated a scheduling order with counsel for the Retiree Committee to set the deadlines for taking discovery and litigating the Retiree Plan Termination Motion. On August 1, 2012, the Debtors filed the *Certification of Counsel Regarding Pre-Trial Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8081]. The Court entered the *Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8084] on August 1, 2012 (the "Scheduling Order"), which Scheduling Order was amended on August 21, 2012 in accordance with the Court's rulings on August 20, 2012 pursuant to the *Amendment to Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8255], and was subsequently amended on August 29, 2012 pursuant to the *Amended Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8365].

---

[6] See *Order (I) Appointing a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long-Term Disability Plans; (II) Authorizing the Debtors to Pay the Costs of Engagement; and (III) Granting Related Relief* [D.I. 7560].

12. The Debtors previously have produced certain documents to the Retiree Committee relevant to the Retiree Plan Termination Motion and the Debtors and the Retiree Committee (together, the "Parties") are engaged in further discovery regarding the Retiree Plan Termination Motion. In accordance with paragraph 5(a) of the Scheduling Order, on August 10, 2012, the Retiree Committee served the *First Request for Production of Documents Directed to the Debtors* (the "Requests for Production") on the Debtors.

13. While the Debtors continue to provide documents and information responsive to the Requests for Production propounded by the Retiree Committee, the Debtors believe that certain documents and/or information that have been requested by the Retiree Committee and potentially could be produced contains personally identifiable information. Although the Debtors do not concede that any such personally identifiable information constitutes protected health information, as that term is defined in the regulations issued by the United States Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq. ("HIPAA"), or that the Retiree Committee is entitled to receive all such documents that it has requested, out of an abundance of caution, the Debtors have proposed to allow the Retiree Committee to seek such documents and information containing personally identifiable information (collectively, the "Discovery Material") directly from the Nortel Networks Inc. Retiree Medical Plan pursuant to a Court-ordered subpoena in the form attached as Exhibit 1 to the Proposed Order (the "Subpoena") in accordance with regulations issued pursuant to HIPAA. See 45 C.F.R. § 164.512(e)(1)(i) (2012).

14. In order to ensure that the Debtors can promptly produce the Discovery Material to the Retiree Committee, the Debtors respectfully request that the Retiree Committee serve the Subpoena on the Nortel Networks Inc. Retiree Medical Plan within two business days following

the entry of the Proposed Order. Counsel to the Debtors has agreed to accept service of the Subpoena on behalf of the Nortel Networks Inc. Retiree Medical Plan, where all defenses and objections to the Subpoena (other than the acceptance of service solely with respect to the Subpoena) are preserved.

15. As the Retiree Committee's deadline for service of written discovery requests under the Scheduling Order has expired, the Parties have agreed to extend the August 10, 2012 deadline established by paragraph 5(a) of the Scheduling Order for the sole purpose of allowing for the service of the Subpoena within two business days of the entry of the Proposed Order.

**Basis for Relief Requested**

16. By this Motion, the Debtors seek approval of the Subpoena and the revised discovery schedule set forth above. The relief requested by the Debtors is authorized under the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

**A.    The Subpoena Should Be Approved To Allow For Sharing of Documents And Information In Compliance With Potentially Applicable Privacy Law**

17. HIPAA places limits on the disclosure of "individually identifiable health information" to another person. 42 U.S.C. § 1320d-6(a)(3). Such information is defined as "any information" that relates to "the past, present, or future payment for the provision of health care to an individual" if that information "identifies the individual" or if "there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1320d(6).

18. However, regulations issued by the Department of Health and Human Services permit the disclosure of protected health information in the course of a judicial proceeding "[i]n response to an order of a court or administrative tribunal, provided that the covered entity

7

discloses only the protected health information expressly authorized by such order . . . ." 45 C.F.R. § 164.512(e)(1)(i). The Parties have agreed that they shall not use or disclose "the protected health information for any purpose other than the litigation or proceeding for which such information was requested" and that the Retiree Committee will return or destroy the Discovery Material at the conclusion of the proceeding on the Retiree Plan Termination Motion. 45 C.F.R. § 164.512(e)(1)(v).

19. Bankruptcy Rule 9016 makes Rule 45 of the Federal Rules of Civil Procedure ("FRCP") applicable to bankruptcy proceedings. FRCP 45 permits a party to issue a subpoena commanding the production of documents, electronically stored information, or tangible things. See Fed. R. Civ. P. 45(a)(1)(D).

20. Given the breadth of the Retiree Committee's Requests for Production, including documents that may contain protected health information, the Debtors seek to have service of the Subpoena effectuated directly on the Nortel Networks Inc. Retiree Medical Plan, rather than merely on the Debtors, and that it be done in compliance with potentially applicable privacy law and to further the common goal of sharing information during the discovery process. For the avoidance of doubt, however, such Requests for Production may be satisfied by the production of such documents by the Debtors and/or the Nortel Networks Inc. Retiree Medical Plan.

21. Furthermore, the Proposed Order delineates restricted disclosure and use of the protected health information that the Nortel Networks Inc. Retiree Medical Plan will provide to the Retiree Committee in accordance with the regulations issued by the Department of Health and Human Services. The Parties will be prohibited from using or disclosing the Discovery Material for any purpose other than prosecuting, defending or resolving the Retiree Plan Termination Motion and the Discovery Material must be returned to the Nortel Networks Inc.

Retiree Medical Plan or destroyed at the conclusion of the litigation.  Accordingly, the disclosure of the Discovery Material in response to the Subpoena will protect the interests of the Debtors as well as the privacy interests of affected individuals.

22.     To ensure compliance with any applicable privacy law, the Debtors respectfully request that this Court enter an order authorizing the service of the Subpoena by the Retiree Committee directly on the Nortel Networks Inc. Retiree Medical Plan within two business days following the entry of the Proposed Order.

**B.     The Revised Discovery Schedule Should Be Approved As Fair And Reasonable**

23.     The extension of the Retiree Committee's time to serve written discovery requests to allow for prompt service of the Subpoena on the Nortel Networks Inc. Retiree Medical Plan within two days of the entry of the Proposed Order should be approved as a reasonable extension of the deadline established in paragraph 5(a) of the Scheduling Order.  The Debtors submit that the extended deadline will allow for the orderly completion of fact discovery in compliance with any applicable privacy law.

24.     Moreover, the revised discovery schedule should be approved as fair and reasonable because the Parties have reviewed the proposed modification and do not object to the amended deadline.

25.     In light of the foregoing, the Debtors respectfully request that this Court amend the Scheduling Order in accordance with the proposed revised discovery schedule set forth above.

## Notice

26.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Retiree Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the UCC; and (v) the general service list established in these chapter 11 cases.

## **No Prior Request**

27.     Except as described therein, no prior request for the relief sought herein has been made to this or any other court.

[*Remainder of the page left intentionally blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) approving the service of the Subpoena by the Retiree Committee on the Nortel Networks Inc. Retiree Medical Plan within two business days following the entry of the Proposed Order; (ii) amending the Scheduling Order to allow for the service of the Subpoena; and (iii) granting them such other and further relief as the Court deems just and proper.

Dated: September 11, 2012
Wilmington, Delaware

                         CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

        - and –

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 /s/ Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4663

*Counsel for the Debtors and
Debtors in Possession*