IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                 Debtors. : Jointly Administered
:
:
--------------------------------------------------------- X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C.
§§ 102(1) AND 105 ELIMINATING, OR IN THE ALTERNATIVE, SHORTENING
NOTICE RELATING TO DEBTORS' CONSENT MOTION FOR ENTRY OF AN
ORDER (A) APPROVING SUBPOENA IN A CONTESTED MATTER TO THE
NORTEL NETWORKS INC. RETIREE MEDICAL PLAN AND
(B) AMENDING THE SCHEDULING ORDER FOR HEARING ON DEBTORS'
PROCESS TO TERMINATE RETIREE BENEFITS PURSUANT TO 11 U.S.C. § 1114**

      Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), eliminating, or in the alternative, shortening notice to allow the *Debtors' Consent Motion for Entry of an Order (A) Approving Subpoena in a*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

*Contested Matter to the Nortel Networks Inc. Retiree Medical Plan and (B) Amending the Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* (the "Retiree Motion") to be considered at the Court's discretion.  In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.  Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7.  By this Motion to Shorten, the Debtors respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) eliminating, or in the alternative, shortening notice with respect to the Retiree Motion; (ii) scheduling the Retiree Motion to be heard at the Court's earliest convenience, to the extent a hearing is required at all;

---

[3]    The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]    The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

(iii) requiring objections, if any, to the Retiree Motion to be raised prior to or at the hearing on the Retiree Motion, if one is scheduled; and (iv) granting such other relief as may be just and proper.

**Facts Relevant to this Motion**

8. On June 21, 2011, pursuant to the *Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees*, filed by the Debtors on June 2, 2011 [D.I. 5568], the Court issued an order directing the U.S. Trustee to appoint a committee of the Debtors' retired employees (the "Retiree Committee") [D.I. 5783]. The Court appointed the Retiree Committee for the sole purpose of serving as the authorized representative of the retired employees in connection with their rights under section 1114 of the Bankruptcy Code and for no other purpose. On August 2, 2011, the U.S. Trustee appointed the members of the Retiree Committee [D.I. 6074].

9. Since the appointment of the Retiree Committee last year, the Debtors have devoted significant resources and attention to negotiating in good faith with the Retiree Committee regarding the Retiree Welfare Plans[5] termination process. The Debtors have also acted diligently to provide the Retiree Committee with all of the information necessary to evaluate the Debtors' settlement proposals, including in response to initial requests for documents and information made by the Retiree Committee in September 2011.

10. On April 18, 2012, the Court entered an order at the request of the Debtors appointing Richard Levin, Esq., of Cravath, Swaine & Moore LLP as mediator in order to

---

[5] As used herein, the "Retiree Welfare Plans" shall mean, in each case as amended or modified from time to time, the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan, predecessor plans and other formal or informal benefit plans, agreements, arrangements or programs (including plans, agreements, arrangements or programs that are funded through the purchase of insurance) or arrangements for current or future retired employees, their surviving spouses and eligible dependents, including plans, arrangements, agreements or programs for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death.

facilitate settlement discussions between the Debtors and the Retire Committee to explore whether a consensual modification or termination of the Retiree Welfare Plans could be reached.[6] Those mediation efforts were unsuccessful, and as a result, on July 30, 2012, the Debtors filed the *Debtors' Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Pursuant to 11 U.S.C. § 1114* [D.I. 8066] (the "Retiree Plan Termination Motion") seeking to terminate as of December 31, 2012 the Retiree Welfare Plans.

11. In connection with the filing of the Retiree Plan Termination Motion, the Debtors negotiated a scheduling order with counsel for the Retiree Committee to set the deadlines for taking discovery and litigating the Retiree Plan Termination Motion. On August 1, 2012, the Debtors filed the *Certification of Counsel Regarding Pre-Trial Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8081]. The Court entered the *Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8084] on August 1, 2012 (the "Scheduling Order"), which Scheduling Order was amended on August 21, 2012 in accordance with the Court's rulings on August 20, 2012 pursuant to the *Amendment to Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8255], and was subsequently amended on August 29, 2012 pursuant to the *Amended Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114* [D.I. 8365].

12. The Debtors previously have produced certain documents to the Retiree Committee relevant to the Retiree Plan Termination Motion and the Debtors and the Retiree Committee (together, the "Parties") are engaged in further discovery regarding the Retiree Plan

---

[6] See *Order (I) Appointing a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long-Term Disability Plans; (II) Authorizing the Debtors to Pay the Costs of Engagement; and (III) Granting Related Relief* [D.I. 7560].

Termination Motion.    In accordance with paragraph 5(a) of the Scheduling Order, on August 10, 2012, the Retiree Committee served the *First Request for Production of Documents Directed to the Debtors* (the "Requests for Production") on the Debtors.

13. While the Debtors continue to provide documents and information responsive to the Requests for Production propounded by the Retiree Committee, the Debtors believe that certain documents and/or information that have been requested by the Retiree Committee and potentially could be produced contain personally identifiable information. Although the Debtors do not concede that any such personally identifiable information constitutes protected health information, as that term is defined in the regulations issued by the United States Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq. ("HIPAA"), or that the Retiree Committee is entitled to receive all such documents that it has requested, out of an abundance of caution, the Debtors have proposed to allow the Retiree Committee to seek such documents and information containing personally identifiable information (collectively, the "Discovery Material") directly from the Nortel Networks Inc. Retiree Medical Plan pursuant to a Court-ordered subpoena (the "Subpoena") in accordance with regulations issued pursuant to HIPAA. See 45 C.F.R. § 164.512(e)(1)(i) (2012).

14. In order to ensure that the Debtors can promptly produce the Discovery Material to the Retiree Committee in accordance with the goals of the Scheduling Order, the Debtors seek approval of the Subpoena and the revised discovery schedule.

**Basis for Relief Requested**

15. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be

appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

17. Local Rule 9006-1 requires that "all motion papers shall be filed and served . . . at least 14 days (and an additional three days if service is by mail) prior to the hearing date." According to Local Rule 9006-1(e), however, the notice period may be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

18. The Debtors respectfully submit that they believe the relief requested in the Retiree Motion may be considered by the Court without the need for a hearing as it relates to discovery and scheduling matters that have been previously set by this Court without hearing, however, the Debtors are filing this Motion to Shorten in an abundance of caution in case the Court wishes to hear the Retiree Motion.

19. Allowing the relief requested in the Retiree Motion to be considered without a hearing or on an expedited basis is reasonable and appropriate under the circumstances. As related above and more fully in the Motion, the Debtors have acted diligently to provide the Retiree Committee with all of the information necessary to evaluate the Debtors' settlement proposals in connection with the Retiree Welfare Plans termination process. To further this exchange of information, the Debtors have proposed to allow the Retiree Committee to seek the Discovery Material directly from the Nortel Networks Inc. Retiree Medical Plan pursuant to the Subpoena in accordance with regulations issued pursuant to HIPAA. The Retiree

Committee and the UCC have reviewed the proposed order with respect to the Retiree Motion and support it being considered by the Court without a hearing or, alternatively, being heard on shortened notice at the Court's discretion.  Given that consent, and to advance discovery and discussions between the Parties, the Debtors seek to have the Retiree Motion granted without hearing or heard on an expedited basis, prior to the omnibus hearing scheduled in these cases for September 19, 2012, to allow the Debtors to continue producing documents to the Retiree Committee in preparation for the mediation.

20. For these reasons, the Debtors respectfully submit that allowing the Retiree Motion to be considered without a hearing on shortened notice is reasonable and appropriate under the circumstances.

## No Prior Request

21. No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

## Notice

22. Notice of the Motion to Shorten has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Retiree Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the UCC; and (v) the general service list established in these chapter 11 cases.

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Retiree Motion; (ii) scheduling the Retiree Motion to be heard at the Court's earliest convenience; (iii) requiring objections, if any, to the Retiree Motion to be raised prior to or at the hearing on the Retiree Motion; and (iv) granting such other relief as may be just and proper.

Dated: September 11, 2012
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and –

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4663

*Counsel for the Debtors and*
*Debtors in Possession*