## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                     :
*In re*                                              :   Chapter 11
                                                     :
Nortel Networks Inc., *et al.*,[1]                   :   Case No. 09-10138 (KG)
                                                     :
             Debtors.    :   Jointly Administered
                                                     :
                                                     :   **Re: D.I.s 8420**
                                                     :
---------------------------------------------------------------X

## CONSENT ORDER (A) APPROVING SUBPOENA IN A CONTESTED MATTER TO THE NORTEL NETWORKS INC. RETIREE MEDICAL PLAN AND (B) AMENDING THE SCHEDULING ORDER FOR HEARING ON DEBTORS' PROCESS TO TERMINATE RETIREE BENEFITS PURSUANT TO 11 U.S.C. § 1114

Upon the motion dated September 11, 2012 (the "Motion"),[2] of Nortel Networks

Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases

(the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section

105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7026 and 9016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the service

of a subpoena by the Retiree Committee on the Nortel Networks Inc. Retiree Medical Plan

within two business days following the entry of this Order and the amendment of the Scheduling

Order to allow for the service of such subpoena; and adequate notice of the Motion having been

given as set forth in the Motion; and it appearing that no other or further notice is necessary; and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Retiree Committee is authorized to serve the Subpoena, in the form

attached hereto as Exhibit 1, on the Nortel Networks Inc. Retiree Medical Plan within two

business days following the entry of this Order.

3.    Counsel for the Debtors shall accept service of the Subpoena on behalf of

the Nortel Networks Inc. Retiree Medical Plan.  The Nortel Networks Inc. Retiree Medical Plan

is ordered to provide the Retiree Committee with documents and information containing

personally identifiable information that are responsive to the Subpoena, including, for the

avoidance of doubt, any protected health information as that term is defined in the regulations

issued by the United States Department of Health and Human Services pursuant to the Health

Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq. (the "Discovery

Material"), subject to any objections that the Nortel Networks Inc. Retiree Medical Plan may

have with respect to the documents requested by the Subpoena.  For the avoidance of doubt, such

requests also may be satisfied by the production of such documents by the Debtors and/or the

Nortel Networks Inc. Retiree Medical Plan.  All available objections to the Subpoena are

reserved.

4.      Except as required by law, regulation or court order, or as otherwise provided by this Order, the parties are prohibited from using or disclosing the Discovery Material for any purpose other than prosecuting, defending or resolving the Retiree Plan Termination Motion and shall not use the Discovery Material for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.  The Discovery Material shall either be returned to the Nortel Networks Inc. Retiree Medical Plan or destroyed at the conclusion of the proceeding on the Retiree Plan Termination Motion.

5.      Paragraph 5(a) of the Scheduling Order is amended to allow for the extension of the Retiree Committee's deadline for service of written discovery requests solely to permit for service of the Subpoena within two business days of the entry of this Order.

6.      Nothing contained herein constitutes a waiver of any of the Parties' rights, claims and defenses concerning the Requests for Production, all of which are expressly reserved.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.


Dated: Wilmington, Delaware
       September **12**  , 2012

_____
THE HONORABLE KEVIN CROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

3