IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
                  Debtors. : Jointly Administered
: 
: <u>Hearing Date</u>: October 3, 2012 at 10:00am (ET)
: <u>Objection Deadline</u>: September 26, 2012 at 4:00pm (ET)
: 
------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION AND AGREEMENT GOVERNING PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL MATERIALS IN CONNECTION WITH DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM <u>DISABILITY PLANS AND THE EMPLOYMENT OF THE LTD EMPLOYEES</u>**

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>") for the entry of an order substantially in the form attached hereto as **Exhibit A**, (i) approving the *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* in connection with the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* (the "<u>LTD Termination Motion</u>") [D.I. 8067]; and (ii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7026, 9014 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Facts Relevant to this Motion**

7. On June 22, 2011, pursuant to the *Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants* [D.I. 5595] filed by several of the Debtors' long-term disabled employees (the "LTD Employees") on June 3, 2011, the Court issued an order directing the United States Trustee to appoint a committee of the Debtors' LTD Employees (the "LTD Committee") [D.I. 5790].  The Court appointed the LTD Committee for the sole purpose of serving as the authorized representative of the LTD Employees in connection with negotiations

---

[4] The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

regarding the modification or termination of certain benefit plans provided to the LTD Employees (the "LTD Plans") and for no other purpose.

8. On August 2, 2011, as directed by the Court, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], which appointment was later amended on August 4, 2011 [D.I. 6080].

9. The Debtors previously have produced documents to the LTD Committee relevant to the LTD Termination Motion and the Debtors and the LTD Committee (together, "the Parties") are engaged in further discovery regarding the LTD Termination Motion. The Parties believe that certain documents and/or information that has been produced or may be produced contains private, confidential, proprietary and/or commercially sensitive information.

10. Accordingly, the Parties have agreed to enter into a *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* (the "Agreement") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Bankruptcy Rules 7026 and 9018, subject to the approval of the Court.

## Relief Requested

11. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7026, 9014 and 9018, (i) approving the Agreement; and (ii) granting them such other and further relief as the Court deems just and proper.

## Basis for Relief Requested

12. By this Motion, the Debtors seek approval of the Agreement. The relief requested by the Debtors is authorized under the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4

13.     Bankruptcy Rule 9018 authorizes the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

14.     The Agreement sets forth certain agreed-upon restrictions governing the manner in which discovery material in connection with the LTD Termination Motion is produced. The Agreement is necessary to protect the commercial and privacy interests of the Debtors as well as the privacy interests of affected individuals in private, confidential, proprietary and/or commercially sensitive information. The Agreement permits the production or provision of such information under appropriate restrictions and properly limits the use of such discovery material, or information derived therefrom, solely to the prosecution or defense of the LTD Termination Motion, except as required by law, regulation or court order, or as otherwise provided by the Agreement. Furthermore, the Agreement does not affect the right of any party to apply to the Court for relief therefrom.

15.     In order to protect the interests of the Debtors and affected individuals in private, confidential, proprietary and/or commercially sensitive information that has been or may be produced in connection with the LTD Termination Motion, the Debtors respectfully request that this Court enter an order approving the Agreement.

16.     The Agreement also sets forth terms that can govern the production of documents to individual employees, as it contains a one-page agreement by which an individual can bind themselves to the terms of the Agreement with respect to documents they may receive either from the LTD Committee or the Debtors.

## Notice

17.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the LTD Committee; (iii) the LTD Employees; (iv) counsel to the Bondholder

Group; (v) counsel to the UCC; and (vi) the general service list established in these chapter 11 cases.

## No Prior Request

18.    Except as described therein, no prior request for the relief sought herein has been made to this or any other court.

Dated: September 14, 2012
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and –

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4663

*Counsel for the Debtors and
Debtors in Possession*