**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------- X

*In re*

Nortel Networks Inc., *et al.*,[1]

                                        Debtors.

--------------------------------------------------------- X

: Chapter 11
:
:
: Case No. 09-10138 (KG)
:
: Jointly Administered
:
: <u>Hearing Date</u>:  If necessary, at the Court's discretion
: <u>Objection Deadline</u>: If necessary, at the Court's discretion

**JOINT MOTION FOR ENTRY OF AN ORDER**
**APPROVING SUBPOENAS IN A CONTESTED MATTER TO**
**THE NORTEL NETWORKS INC. MEDICAL PLAN AND THE**
**NORTEL NETWORKS INC. DENTAL, VISION, AND HEARING CARE PLAN**

The Official Committee of Long Term Disability Plan Participants (the "<u>LTD</u>

<u>Committee</u>") and Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and

debtors in possession (collectively, the "<u>Debtors</u>," and together with the LTD Committee, the

"<u>Parties</u>"), hereby jointly move this Court (the "<u>Motion</u>") for the entry of an order substantially

in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to section 105(a) of

title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 7026 and 9016 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (i) approving the service of

the Subpoenas (as defined below) by the LTD Committee on the Nortel Networks Inc. Medical

Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan within two business

days following the entry of the Proposed Order and (ii) granting them such other and further

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

relief as the Court deems just and proper.  In support of this Motion, the Parties respectfully

represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 7026 and 9016.

### Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of

the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the

"Bondholder Group").

### Relief Requested

5.      In furtherance of the exchange of written discovery by the Debtors, and to further

compliance with federal privacy laws, by this Motion, the Parties seek the entry of an order,

pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7026 and 9016, (i)

approving the service of the Subpoenas by the LTD Committee on the Nortel Networks Inc.

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code
on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases
for procedural purposes [D.I. 1098].

Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan within two business days following the entry of the Proposed Order and (ii) granting them such other and further relief as the Court deems just and proper.

## Facts Relevant to this Motion

6.    On June 22, 2011, pursuant to the *Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants*, filed by several of the Debtors' long-term disabled employees (the "LTD Employees") on June 3, 2011 [D.I. 5595], the Court issued an order directing the U.S. Trustee to appoint a committee of the Debtors' long-term disabled employees [D.I. 5790].  The Court appointed the LTD Committee for the sole purpose of serving as the authorized representative of the LTD Employees in connection with negotiations regarding the modification or termination of certain benefit plans provided to the LTD Employees and for no other purpose. On August 2, 2011, the U.S. Trustee appointed the members of the LTD Committee [D.I. 6073], which appointment was later amended on August 4, 2011 [D.I. 6080].

7.     On July 30, 2012, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067] (the "LTD Termination Motion") seeking to terminate as of December 31, 2012 the employment of the LTD Employees and certain benefit plans provided to the LTD Employees that remain in effect.

8.    A scheduling order has been entered with respect to the LTD Termination Motion.  On August 1, 2012, the Debtors filed the *Certification of Counsel Regarding Pre-Trial Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 363 and 1108* [D.I. 8079].  The Court entered the *Scheduling Order for Hearing on*

*Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. §§ 105(a), 363 and 1108*

[D.I. 8085] on August 1, 2012 (the "Scheduling Order").[3]

9.      On August 6, 2012, the LTD Committee served the *Official Committee of Long*

*Term Disability Plan Participants' Request for Production of Documents Directed to Debtors*

(the "Requests for Production") on the Debtors.

10.      On August 20, 2012, the Debtors filed a series of general and specific objections

and responses to the LTD Committee's Requests for Production, including the assertion that

certain responsive documents might contain information potentially protected by the Health

Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq.  ("HIPAA").

11.      The Debtors believe that certain documents and/or information that have been

requested by the LTD Committee and potentially could be produced contain personally

identifiable information potentially protected by HIPAA.  Although the Debtors do not concede

that any such personally identifiable information constitutes protected health information, as that

term is defined in the regulations issued by the United States Department of Health and Human

Services pursuant to HIPAA, or that the LTD Committee is entitled to receive all such

documents that it has requested, and neither Party is waiving objections, foregoing other

applications to the Court or conceding the right to challenge the propriety of such objections, out

of an abundance of caution, the Debtors have proposed to allow the LTD Committee to seek

such documents and information containing personally identifiable information (collectively, the

---

[3]      On August 21, 2012, a group of the Debtors' LTD Employees filed the *Nortel US LTD Employees
Objection to Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. §
105(a), 363 and 1108* [D.I. 8267].  Subsequently, on August 29, 2012, the Debtors filed the *Debtors' Motion for
Entry of an Order (A) Establishing Discovery Procedures in Connection with Debtors' Motion for Entry of an
Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term
Disability Plans and the Employment of the LTD Employees and (B) Amending the Scheduling Order for Hearing on
Debtors' Process to Terminate Benefits* [D.I. 8364] (the "LTD Discovery Procedures Motion").  The LTD
Discovery Procedures Motion is scheduled to be heard on September 19, 2012.  This Motion is not intended to limit
the further unrelated relief sought in the LTD Discovery Procedures Motion.

"Discovery Material") directly from the Nortel Networks Inc. Medical Plan and the Nortel

Networks Inc. Dental, Vision, and Hearing Care Plan pursuant to Court-ordered subpoenas in the

forms attached as Exhibits 1 and 2 to the Proposed Order (the "Subpoenas") in accordance with

regulations issued pursuant to HIPAA.  See 45 C.F.R. § 164.512(e)(1)(i) (2012).

12.     In order to ensure that the Debtors can promptly produce the Discovery Material

to the LTD Committee, the Debtors respectfully request that the LTD Committee serve the

Subpoenas on the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental,

Vision, and Hearing Care Plan within two business days following the entry of the Proposed

Order.  Counsel to the Debtors has agreed to accept service of the Subpoenas on behalf of the

Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing

Care Plan.  Furthermore, the Parties agree that all of the Parties' rights, claims and defenses

concerning the Subpoenas (other than the acceptance of service solely with respect to the

Subpoenas) and the Requests for Production are expressly preserved.

13.     Solely if and to the extent necessary to effectuate the service of the Subpoenas,

the Parties have agreed to waive or extend any applicable deadlines under the Scheduling Order

for the sole purpose of allowing for the service of the Subpoenas within two business days of the

entry of the Proposed Order.

### Basis for Relief Requested

14.     By this Motion, the Parties seek approval of the Subpoenas and the revised

discovery schedule set forth above (if and to the extent necessary).  The relief requested by the

Parties is authorized under the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code

provides that "[t]he court may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

15.     HIPAA places limits on the disclosure of "individually identifiable health

information" to another person.  42 U.S.C. § 1320d-6(a)(3).  Such information is defined as "any information" that relates to "the past, present or future payment for the provision of health care to an individual" if that information "identifies the individual" or if "there is a reasonable basis to believe that the information can be used to identify the individual."  42 U.S.C. § 1320d(6).

16.     Regulations issued by the Department of Health and Human Services permit the disclosure of protected health information in the course of a judicial proceeding "[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order . . . ."
45 C.F.R. § 164.512(e)(1)(i).  The Parties have agreed that they shall not use or disclose "the protected health information for any purpose other than the litigation or proceeding for which such information was requested" and that the LTD Committee will return or destroy the Discovery Material at the conclusion of the proceeding on the LTD Termination Motion.
45 C.F.R. § 164.512(e)(1)(v).

17.     Bankruptcy Rule 9016 makes Rule 45 of the Federal Rules of Civil Procedure ("FRCP") applicable to bankruptcy proceedings.  FRCP 45 permits a party to issue a subpoena commanding the production of documents, electronically stored information, or tangible things. See Fed. R. Civ. P. 45(a)(1)(D).

18.     In order to address potential privacy law requirements, the Parties agree to have service of the Subpoenas effectuated directly on the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, rather than merely on the Debtors. For the avoidance of doubt, however, such Requests for Production may be satisfied by the production of such documents by the Debtors, the Nortel Networks Inc. Medical Plan and/or the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan.

19.     The Proposed Order delineates restricted disclosure and use of the protected health information that the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan will provide to the LTD Committee in accordance with the regulations issued by the Department of Health and Human Services.  The Parties will be prohibited from using or disclosing the Discovery Material for any purpose other than prosecuting, defending or resolving the LTD Termination Motion and the Discovery Material must be returned to the Nortel Networks Inc. Medical Plan and/or the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, as applicable, or destroyed at the conclusion of the litigation.  Accordingly, the disclosure of the Discovery Material in response to the Subpoenas will protect the interests of the Debtors as well as the privacy interests of affected individuals.

20.     The Parties have agreed, and respectfully request that the Court enter an order authorizing the service of the Subpoenas by the LTD Committee directly on the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, where such service shall be made within two business days following the entry of the Proposed Order.

## Notice

21.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the LTD Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the UCC; and (v) the general service list established in these chapter 11 cases.

## No Prior Request

22.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the Parties respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) approving the service of the Subpoenas by the LTD Committee on the Nortel Networks Inc. Medical Plan and Nortel Networks Inc. Dental, Vision, and Hearing Care Plan within two business days following the entry of the Proposed Order and (ii) granting them such other and further relief as the Court deems just and proper.

Dated:  September 14, 2012
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and –

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 */s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 425-4663

*Counsel for the Debtors and
Debtors in Possession*

- and –

8

ELLIOTT GREENLEAF

*/s/ Shelley A. Kinsella*
Rafael X. Zahralddin-Aravena (DE No. 4166)
Shelley A. Kinsella (DE No. 4023)
1105 N. Market Street, Ste 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com

*Counsel to the Official Committee of Long Term Disability Participants*