**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                              :
*In re*                                       :      Chapter 11
                                              :
Nortel Networks Inc., *et al.*,[1]            :      Case No. 09-10138 (KG)
                                              :
                              Debtors.        :      Jointly Administered
                                              :
                                              :      **Re: D.I. _____**
                                              :
---------------------------------------------------------X

### CONSENT ORDER APPROVING SUBPOENAS IN A CONTESTED
### MATTER TO THE NORTEL NETWORKS INC. MEDICAL PLAN AND
### THE NORTEL NETWORKS INC. DENTAL, VISION, AND HEARING CARE PLAN

Upon the joint motion dated September 14, 2012 (the "Motion"),[2] of the Official

Committee of Long Term Disability Participants (the "LTD Committee") and Nortel Networks

Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases

(the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section

105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7026 and 9016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the service

of subpoenas by the LTD Committee on the Nortel Networks Inc. Medical Plan and Nortel

Networks Inc. Dental, Vision, and Hearing Care Plan within two business days following the

entry of this Order; and adequate notice of the Motion having been given as set forth in the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion; and it appearing that no other or further notice is necessary; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334; and the Court having determined that consideration of the Motion is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief requested in the Motion, and that

such relief is in the best interests of the Debtors, their estates, their creditors and the parties in

interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The LTD Committee is authorized to serve the Subpoenas, in the form

attached hereto as Exhibits 1 and 2, on the Nortel Networks Inc. Medical Plan and Nortel

Networks Inc. Dental, Vision, and Hearing Care Plan within two business days following the

entry of this Order.

3.      Counsel for the Debtors shall accept service of the Subpoenas on behalf of

the Nortel Networks Inc. Medical Plan and Nortel Networks Inc. Dental, Vision, and Hearing

Care Plan.  The Nortel Networks Inc. Medical Plan and Nortel Networks Inc. Dental, Vision, and

Hearing Care Plan are ordered to provide the LTD Committee with documents and information

containing personally identifiable information that are responsive to the Subpoenas, including,

for the avoidance of doubt, any protected health information as that term is defined in the

regulations issued by the United States Department of Health and Human Services pursuant to

the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq. (the

"Discovery Material"), subject to any objections that the Nortel Networks Inc. Medical Plan and

Nortel Networks Inc. Dental, Vision, and Hearing Care Plan may have with respect to the

documents requested by the Subpoenas.  For the avoidance of doubt, such requests also may be

satisfied by the production of such documents by the Debtors, the Nortel Networks Inc. Medical

Plan, and/or the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan.  All available

objections to the Subpoenas and the Requests for Production are preserved.

        4.      Except as required by law, regulation or court order, or as otherwise

provided by this Order, the Parties are prohibited from using or disclosing the Discovery

Material for any purpose other than prosecuting, defending or resolving the LTD Termination

Motion and shall not use the Discovery Material for any other purpose, including, without

limitation, any business or commercial purpose or any other litigation.  The Discovery Material

shall either be returned to the Nortel Networks Inc. Medical Plan or Nortel Networks Inc. Dental,

Vision, and Hearing Care Plan as applicable, or destroyed at the conclusion of the proceeding on

the LTD Termination Motion.

        5.      The Court retains jurisdiction with respect to all matters arising from or

related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
       September _____, 2012

                     _____
                     THE HONORABLE KEVIN GROSS
                     CHIEF UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

Subpoena in a Contested Matter

# UNITED STATES BANKRUPTCY COURT

_____District of Delaware_____

In re    Nortel Networks Inc., *et. al.*,
                        Debtor

**SUBPOENA IN
A CONTESTED MATTER**

Case  No. * 09-10138 (KG)

Chapter     11 (Pending, U.S.B.C. De.)

To: Nortel Networks Inc. Medical Plan
    Attn:  Nortel Networks Inc., as plan administrator
    4001 East Chapel Hill-Nelson Highway
    Research Triangle Park, NC 27709

☐   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

■   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf<br>1105 Market Street, Suite 1700<br>Wilmington, DE 19801<br>c/o Rafael X. Zahralddin-Aravena | October 15, 2012 at 5:00PM |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Rafael X. Zahralddin-Aravena, Elliott Greenleaf, 1105 Market Street, Suite 1700, Wilmington, DE 19801 (302)384-9400

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Subpoena in a Contested Matter

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                                    SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.
(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**I. DEFINITIONS**

1.      "You" or "your" shall mean the Nortel Networks Inc. Medical Plan.

2.      "Debtors" shall mean Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (GALA) Inc.

3.      "Employee" or "employees" shall mean those people employed by Debtors' United States operations and shall include both those currently receiving benefits under the Plan, as well as those who received benefits under the Plan at any time.

4.      "Plan" shall mean any employee welfare benefit plan, as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, providing long term disability benefits to employees of Debtors that was in effect at any time during the employment of any employee of Debtors currently receiving, or who has received, long term disability benefits.

5.      The term "document" shall have the same definition as set forth in the Rules of Civil Procedure.

6.      "LTD" shall mean long term disability.

- 1 -

7.      "LTD Participants" shall mean any and all people who are, or were, receiving long term disability benefits under any benefit plan sponsored or administered by Nortel.

## II. INSTRUCTIONS

1.      Each request for production of documents in the Subpoena (collectively, the "Requests for Production") shall be answered fully and in writing.  These Requests for Production are continuing in character so as to require you to provide supplementary responses as required by the Rules. As to each document or thing provided in accordance with your obligation to supplement, please provide the date such additional documents or things came into your possession, the location where the supplemented materials were found and the identity of the individuals who furnished such additional documents or things.

2.      Whenever these Requests for Production contain separately numbered or lettered subparagraphs, a response should be furnished to each subparagraph.

3.      If your response to any Request for Production is that the documents or things are not in your possession, custody or control, describe in detail the efforts you made to locate the documents or things and identify who you believe has control and the location of same. If your response to any Request for Production is that any document or thing is no longer in your custody or control, for each such document or thing, set forth: (i) a brief statement of the general nature of the contents; (ii) the identity of the person(s) who prepared the same; (iii) the place where the same was prepared; (iv) the date of preparation; (v) if the document or thing was directed to another person, the identity of the addressee; (vi) the identity of the person or persons presently in possession of the original and/or copies; and (vii) the title of the document or thing. If other information is not available, state whether the document or thing is: (i) missing or lost;

(ii) destroyed; (iii) transferred voluntarily or involuntarily to others, in which case you must identify the present custodian; and/or (iv) otherwise disposed of. In each instance, explain and identify the authorization of such procedure and state the date thereof.

4.      If you do not produce a document or thing in whole or in part identified or requested to be identified or produced herein, state in detail your reason for withholding same, including for any claim of privilege, in the manner set forth in Section III below.

### III. CLAIMS OF PRIVILEGE

If you do not produce a document or thing in whole or in part identified or requested to be identified or produced herein, with respect to each such document or thing, identify:

1.      The privilege or other basis for nonproduction claimed;

2.      The facts upon which you rely to support the claim of privilege or other basis for nonproduction;

3.      The date of each such document or thing;

4.      The author of each such document or thing;

5.      The capacity in which the author was acting when each such document or thing was created;

6.      The recipient(s) of each such document or thing;

7.      Each person present when each such document or thing was made;

8.      Each person to whom each such document or thing was disclosed; and

9.      The subject or topics discussed in each document or thing.

## IV. REQUESTED DOCUMENTS

1.      Any and all Plan documents, including any and all written instruments under which the Plan is/was established or operated, for any and all Plan(s) that were in effect at any time during the employment of any employee of Debtors who is currently receiving long term disability benefits under any Plan of Debtors.

2.      Any and all Summary Plan Descriptions, including any addendums, inserts, or summaries of material modification as defined by 29 C.F.R. §2520.104b-3, for any and all Plan(s) that were in effect at any time during the employment of any employee of Debtors who is currently receiving long term disability benefits under any Plan of Debtors.

3.      Any and all "Employee Benefits and Program" binders, brochures, memorandum or other documents provided by Debtors to their employees which, in any fashion, mention the Plan.

4.      Any and all Summary Annual Report for all Plans that were in effect at any time during the employment of any employee of Debtors who is currently receiving, or has received, long term disability benefits under any Plan of Debtors.

5.      Any and all financial, cost, or actuarial analyses performed on the claims history of Debtors' employees currently receiving long term disability benefits under any self-funded plan administered by Debtors.

6.      All 2012 Benefit Confirmation Statements for all employees of Debtors currently receiving long term disability benefits under any self-funded plan administered by the Debtors.

7.      Any and all drafts of Summary Plan Descriptions for any and all plan years from 1981 to the present.

- 4 -

- 5 -

8.      Any and all drafts of any documents regarding any and all amendments or modifications made to any Plans from 1981 to the present, including any drafts of the Plans themselves.

9.      Any and all communications between Debtors and every LTD Participant about their benefits under any Plan.

10.     Any and all contracts between Debtors and The Prudential Insurance Company of America.

11.     Any log of phone calls made to or from Debtors or The Prudential Insurance Company of America to any individual currently receiving benefits under a Plan and any such log generally maintained by Debtors' Human Resources department employees including, "HR Shared Services" and the "Corporate Benefits Department."

12.     Documents sufficient to identify all employees who received benefits under the Plans (whether they continue to do so or not) from the date the Plans were first put in place until the present time.

**EXHIBIT 2**

Subpoena in a Contested Matter

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re    Nortel Networks Inc., *et. al.*,

Debtor

**SUBPOENA IN
A CONTESTED MATTER**

Case  No. * 09-10138 (KG)

Chapter    11 (Pending, U.S.B.C. De.)

To: Nortel Networks Inc. Dental, Vision, and Hearing Care Plan
    Attn:  Nortel Networks Inc., as plan administrator
    4001 East Chapel Hill-Nelson Highway
    Research Triangle Park, NC 27709

☐    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

■    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf<br>1105 Market Street, Suite 1700<br>Wilmington, DE 19801<br>c/o Rafael X. Zahralddin-Aravena | October 15, 2012 at 5:00PM |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Rafael X. Zahralddin-Aravena, Elliott Greenleaf, 1105 Market Street, Suite 1700, Wilmington, DE 19801 (302)384-9400

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of

Service is true and correct.

Executed on _____                    _____
             DATE                                    SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
        (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
        (2) Command to Produce Materials or Permit Inspection.
                (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
                (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
                        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
                        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
        (3) Quashing or Modifying a Subpoena.
                (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
                        (i) fails to allow a reasonable time to comply;
                        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
                        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
                        (iv) subjects a person to undue burden.
                (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
                        (i) disclosing a trade secret or other confidential research, development, or commercial information;
                        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
                        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
                (C) Specifying Conditions as an Alternative. In the circumstances described in Rule
45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

                        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
                        (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
        (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
                (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
                (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
                (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
                (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of
undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
        (2) Claiming Privilege or Protection.
                (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
                        (i) expressly make the claim; and
                        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
                (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**I. DEFINITIONS**

1.    "You" or "your" shall mean the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan.

2.    "Debtors" shall mean Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (GALA) Inc.

3.    "Employee" or "employees" shall mean those people employed by Debtors' United States operations and shall include both those currently receiving benefits under the Plan, as well as those who received benefits under the Plan at any time.

4.    "Plan" shall mean any employee welfare benefit plan, as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, providing long term disability benefits to employees of Debtors that was in effect at any time during the employment of any employee of Debtors currently receiving, or who has received, long term disability benefits.

5.    The term "document" shall have the same definition as set forth in the Rules of Civil Procedure.

6.    "LTD" shall mean long term disability.

7.      "LTD Participants" shall mean any and all people who are, or were, receiving long term disability benefits under any benefit plan sponsored or administered by Nortel.

## II. INSTRUCTIONS

1.      Each request for production of documents in the Subpoena (collectively, the "Requests for Production") shall be answered fully and in writing.  These Requests for Production are continuing in character so as to require you to provide supplementary responses as required by the Rules. As to each document or thing provided in accordance with your obligation to supplement, please provide the date such additional documents or things came into your possession, the location where the supplemented materials were found and the identity of the individuals who furnished such additional documents or things.

2.      Whenever these Requests for Production contain separately numbered or lettered subparagraphs, a response should be furnished to each subparagraph.

3.      If your response to any Request for Production is that the documents or things are not in your possession, custody or control, describe in detail the efforts you made to locate the documents or things and identify who you believe has control and the location of same. If your response to any Request for Production is that any document or thing is no longer in your custody or control, for each such document or thing, set forth: (i) a brief statement of the general nature of the contents; (ii) the identity of the person(s) who prepared the same; (iii) the place where the same was prepared; (iv) the date of preparation; (v) if the document or thing was directed to another person, the identity of the addressee; (vi) the identity of the person or persons presently in possession of the original and/or copies; and (vii) the title of the document or thing. If other information is not available, state whether the document or thing is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others, in which case you must

- 3 -

identify the present custodian; and/or (iv) otherwise disposed of. In each instance, explain and identify the authorization of such procedure and state the date thereof.

4.      If you do not produce a document or thing in whole or in part identified or requested to be identified or produced herein, state in detail your reason for withholding same, including for any claim of privilege, in the manner set forth in Section III below.

### III. CLAIMS OF PRIVILEGE

If you do not produce a document or thing in whole or in part identified or requested to be identified or produced herein, with respect to each such document or thing, identify:

1.      The privilege or other basis for nonproduction claimed;

2.      The facts upon which you rely to support the claim of privilege or other basis for nonproduction;

3.      The date of each such document or thing;

4.      The author of each such document or thing;

5.      The capacity in which the author was acting when each such document or thing was created;

6.      The recipient(s) of each such document or thing;

7.      Each person present when each such document or thing was made;

8.      Each person to whom each such document or thing was disclosed; and

9.      The subject or topics discussed in each document or thing.

### IV. REQUESTED DOCUMENTS

1.      Any and all Plan documents, including any and all written instruments under which the Plan is/was established or operated, for any and all Plan(s) that were in effect at

any time during the employment of any employee of Debtors who is currently receiving long term disability benefits under any Plan of Debtors.

2.    Any and all Summary Plan Descriptions, including any addendums, inserts, or summaries of material modification as defined by 29 C.F.R. §2520.104b-3, for any and all Plan(s) that were in effect at any time during the employment of any employee of Debtors who is currently receiving long term disability benefits under any Plan of Debtors.

3.    Any and all "Employee Benefits and Program" binders, brochures, memorandum or other documents provided by Debtors to their employees which, in any fashion, mention the Plan.

4.    Any and all Summary Annual Report for all Plans that were in effect at any time during the employment of any employee of Debtors who is currently receiving, or has received, long term disability benefits under any Plan of Debtors.

5.    Any and all financial, cost, or actuarial analyses performed on the claims history of Debtors' employees currently receiving long term disability benefits under any self-funded plan administered by Debtors.

6.    All 2012 Benefit Confirmation Statements for all employees of Debtors currently receiving long term disability benefits under any self-funded plan administered by the Debtors.

7.    Any and all drafts of Summary Plan Descriptions for any and all plan years from 1981 to the present.

8.    Any and all drafts of any documents regarding any and all amendments or modifications made to any Plans from 1981 to the present, including any drafts of the Plans themselves.

- 5 -

9.    Any and all communications between Debtors and every LTD Participant about their benefits under any Plan.

10.    Any and all contracts between Debtors and The Prudential Insurance Company of America.

11.    Any log of phone calls made to or from Debtors or The Prudential Insurance Company of America to any individual currently receiving benefits under a Plan and any such log generally maintained by Debtors' Human Resources department employees including, "HR Shared Services" and the "Corporate Benefits Department."

12.    Documents sufficient to identify all employees who received benefits under the Plans (whether they continue to do so or not) from the date the Plans were first put in place until the present time.