IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
:
----------------------------------------------------------- x

**JOINT MOTION FOR ENTRY OF AN ORDER UNDER
11 U.S.C. §§ 102(1) AND 105 ELIMINATING, OR IN THE
ALTERNATIVE SHORTENING, NOTICE RELATING TO THE JOINT MOTION
FOR ENTRY OF AN ORDER APPROVING SUBPOENAS IN A CONTESTED
MATTER TO THE NORTEL NETWORKS INC. MEDICAL PLAN AND
THE NORTEL NETWORKS INC. DENTAL, VISION, AND HEARING CARE PLAN**

        The Official Committee of Long Term Disability Participants (the "LTD Committee") and Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors," and together with the LTD Committee, the "Parties"), hereby move this Court (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), eliminating, or in the alternative, shortening notice to allow the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

*Joint Motion for Entry of an Order Approving Subpoenas in a Contested Matter to the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan* (the "LTD Motion") to be considered at the Court's discretion. In support of this Motion to Shorten, the Parties respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

**Relief Requested**

5. By this Motion to Shorten, the Parties respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) eliminating, or in the alternative, shortening notice with respect to the LTD Motion; (ii) scheduling the LTD Motion to be heard at the Court's earliest convenience, to the extent a hearing is required at all; (iii) requiring objections, if any, to the LTD Motion to be raised at the hearing on the LTD Motion, if one is scheduled; and (iv) granting such other relief as may be just and proper.

**Facts Relevant to this Motion**

6. On June 22, 2011, pursuant to the *Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants*, filed by several of the Debtors' long-term disabled employees (the "LTD Employees") on June 3, 2011 [D.I. 5595], the Court issued an order directing the U.S. Trustee to appoint a committee of the Debtors' long-term disabled employees [D.I. 5790]. The Court appointed the LTD Committee for the sole purpose of serving as the authorized representative of the LTD Employees in connection with negotiations regarding the modification or termination of certain benefit plans provided to the LTD Employees and for no other purpose. On August 2, 2011, the U.S. Trustee appointed the members of the LTD Committee [D.I. 6073], which appointment was later amended on August 4, 2011 [D.I. 6080].

7. On July 30, 2012, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067] (the "LTD Termination Motion") seeking to terminate as of December 31, 2012 the employment of the LTD Employees and certain benefit plans provided to the LTD Employees that remain in effect.

3

8. A scheduling order has been entered with respect to the LTD Termination Motion. On August 1, 2012, the Debtors filed the *Certification of Counsel Regarding Pre-Trial Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 363 and 1108* [D.I. 8079]. The Court entered the *Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. §§ 105(a), 363 and 1108* [D.I. 8085] on August 1, 2012 (the "Scheduling Order").

9. On August 6, 2012, the LTD Committee served the *Official Committee of Long Term Disability Plan Participants' Request for Production of Documents Directed to Debtors* (the "Requests for Production") on the Debtors.

10. On August 20, 2012, the Debtors filed a series of general and specific objections and responses to the LTD Committee's Requests for Production, including the assertion that certain responsive documents might contain information potentially protected by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq. ("HIPAA").

11. The Debtors believe that certain documents and/or information that have been requested by the LTD Committee and potentially could be produced contain personally identifiable information potentially protected by HIPAA. Although the Debtors do not concede that any such personally identifiable information constitutes protected health information, as that term is defined pursuant to HIPAA, or that the LTD Committee is entitled to receive all such documents that it has requested, and neither Party is waiving objections, foregoing other applications to the Court or conceding the right to challenge the propriety of such objections, out of an abundance of caution, the Debtors have proposed to allow the LTD Committee to seek such documents and information containing personally identifiable information (collectively, the

4

"<u>Discovery Material</u>") directly from the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan pursuant to Court-ordered subpoenas (the "<u>Subpoenas</u>") in accordance with regulations issued pursuant to HIPAA.  See 45 C.F.R. § 164.512(e)(1)(i) (2012).

13. In order to ensure that the Debtors can promptly produce the Discovery Material to the LTD Committee, the Parties seek approval of the Subpoenas.  Furthermore, solely if and to the extent necessary to effectuate the service of the Subpoenas, the Parties have agreed to waive or extend any applicable deadlines under the Scheduling Order for the sole purpose of allowing for the service of the Subpoenas pursuant to an order of the Court.

**Basis for Relief Requested**

13. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

14. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006.

15. Local Rule 9006-1 requires that "all motion papers shall be filed and served . . . at least 14 days (and an additional three days if service is by mail) prior to the hearing date."  According to Local Rule 9006-1(e), however, the notice period may be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

5

16.     The Parties respectfully submit that they believe the relief requested in the LTD Motion may be considered by the Court without the need for a hearing as it relates to discovery and scheduling matters that have been previously set by this Court without hearing, however, the Parties are filing this Motion to Shorten in an abundance of caution in case the Court wishes to hear the LTD Motion.

17.     Allowing the relief requested in the LTD Motion to be considered without a hearing or on an expedited basis is reasonable and appropriate under the circumstances. As related above and more fully in the LTD Motion, in furtherance of the exchange of written discovery by the Debtors, and to ensure compliance with federal privacy laws, the Debtors have proposed to allow the LTD Committee to seek the Discovery Material directly from the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan pursuant to the Subpoenas in accordance with regulations issued pursuant to HIPAA. The Parties have reviewed the proposed order with respect to the LTD Motion and support it being considered by the Court without a hearing or, alternatively, being heard on shortened notice at the Court's discretion. Given that consent, and to advance discovery and discussions between the Parties, the Parties seek to have the LTD Motion granted without hearing or heard on an expedited basis, prior to the omnibus hearing scheduled in these cases for September 19, 2012, to allow the Debtors to continue producing documents to the LTD Committee in preparation for the mediation.

18.     For these reasons, the Parties respectfully submit that allowing the LTD Motion to be considered without a hearing on shortened notice is reasonable and appropriate under the circumstances.

**No Prior Request**

19. No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

**Notice**

20. Notice of the Motion to Shorten has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the LTD Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the UCC; and (v) the general service list established in these chapter 11 cases.

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the Parties respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the LTD Motion; (ii) scheduling the LTD Motion to be heard at the Court's earliest convenience, if at all; (iii) requiring objections, if any, to the LTD Motion to be raised at the hearing on the LTD Motion, if at all; and (iv) granting such other relief as may be just and proper.

Dated: September 14, 2012
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and –

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4663

*Counsel for the Debtors and
Debtors in Possession*

- and –

ELLIOTT GREENLEAF

*/s/ Shelley A. Kinsella*
Rafael X. Zahralddin-Aravena (DE No. 4166)
Shelley A. Kinsella (DE No. 4023)
1105 N. Market Street, Ste 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com

*Counsel to the Official Committee of Long Term Disability Participants*