IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **RE: Docket No. 8364** |

**LIMITED RESPONSE OF THE OFFICIAL COMMITTEE OF LONG TERM
DISABILITY PARTICIPANTS TO THE DEBTORS' PROPOSED ORDER
ESTABLISHING DISCOVERY PROCEDURES IN
CONNECTION WITH DEBTORS' TERMINATION MOTION**

The Official Committee of Long Term Disability Participants (the "LTD Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this limited Response (the "Response") to the proposed order (the "Proposed Order") establishing discovery procedures in connection with the Debtors' motion (the "Motion") for entry of an order pursuant to 11 U.S.C. § 105, 363 and 1108 authorizing the debtors to terminate the Debtors' long term disability plans and the employment of the long term disability employees (the "LTD Employees") (Docket No. 8364).[2] In support of this Response, the LTD Committee respectfully represents as follows:

## BACKGROUND

1. On August 29, 2012, the Debtors filed the Motion.

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] All capitalized terms not defined herein shall have the same meaning as set forth in the Motion.

2.    Subsequent to the filing, the LTD Committee provided the Debtors with informal comments to the original proposed order submitted with the Motion.

3.    In response to the LTD Committee's concern that individual LTD Employees may ask for access to their individual personnel files in addition to the non-confidential information that would be permitted under the original proposed order, on September 13, 2012, the Debtors provided the LTD Committee with a revised proposed order ("Proposed Order"), which attempted to incorporate the LTD Committee's concerns. See Exhibit A.

4.    As currently drafted, the Proposed Order enables the LTD Committee to share certain documents obtained from individual LTD Employees' personnel files, to the extent that such documents have been produced by the Debtors, with individual LTD Employees. The LTD Committee and their counsel can make no representation as to the current position of the Debtors as to the Proposed Order. The LTD Committee agrees with the Proposed Order except as noted herein.

## RESPONSE

5.    The LTD Committee objects solely to the Proposed Order's limitation of the scope of discovery that may be requested by and provided to individual LTD Employees.

6.    The LTD Committee cannot agree to restrict the ability of individual LTD Employees to obtain documents and other discovery that such individuals believe is necessary for them to properly adjudicate their opposition to the Debtor's motion to terminate long term disability benefits or pursue any other claims that may be raised in conjunction with that motion.

7.    Given the grave importance of the termination motion to individual LTD Employees, the LTD Committee believes such employees should be given the proper latitude to request, obtain and analyze those documents they believe may be beneficial to their position.

8. The LTD Committee has no objection to the proposed joint solution of providing a website to facilitate both the Debtors production efforts and the ability of the individual LTD Employees to quickly access documents from a central secure location.

9. The LTD Committee proposes that, to the extent an individual LTD Employee has a request for a document that falls outside of the documents produced to the LTD Committee or that resides in their individual personnel files, they be allowed to request such a document through the proposed discovery website. The Court has approved a similar expedited process in regard to confidential information inquiries from the LTD constituency that can be addressed between the parties in the prior order amending the order governing 1102 inquiries. See Docket No. 6980. The LTD Committee and the Debtors have not been able to fully discuss this proposal because of the intervening holiday.

WHEREFORE, the LTD Committee respectfully requests this Court: (i) modify the Proposed Order to provide individual LTD Employees with the proper scope of discovery, or provide a procedure to protect and preserve such rights, and grant such other and further relief as may be just and proper.

Dated: September 17, 2012
Wilmington, Delaware

**ELLIOTT GREENLEAF**

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Jonathan A. Stemerman (DE Bar No. 4510)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: jms@elliottgreenleaf.com

*Counsel to the Official Committee of
Long Term Disability Participants*