## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :   Chapter 11
                                                         :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :   Jointly Administered
                    Debtors.                             :
                                                         :   RE: D.I. _____
                                                         :
---------------------------------------------------------X

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING DISCOVERY PROCEDURES IN CONNECTION WITH DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM DISABILITY PLANS AND THE EMPLOYMENT OF THE LTD EMPLOYEES AND (B) AMENDING THE SCHEDULING ORDER FOR HEARING ON DEBTORS' PROCESS TO TERMINATE BENEFITS**

Upon the motion dated August 29, 2012 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, establishing discovery procedures in connection with the LTD Termination Motion and amending the Scheduling Order, and the Court having reviewed and considered the Motion, and after due deliberation thereon, and good cause appearing therefore:

**IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is granted and approved in all respects.

2. Except as may otherwise be provided by order of the Court, LTD Employees shall be permitted to access certain Non-Confidential Information <u>and Individual LTD Employee Information</u> provided by the Debtors to the LTD Committee in accordance with the following procedures (the "<u>Discovery Procedures</u>"):

   a. The Debtors and LTD Committee will continue to provide document discovery to each other in accordance with the deadlines established by the Scheduling Order, as modified herein and otherwise. Upon receipt of such document discovery from the Debtors, the LTD Committee shall utilize the services of its claims and noticing agent, Kurtzman Carson Consultants LLC ("<u>KCC</u>"), or another third party vendor reasonably acceptable to the Debtors to create a password protected limited access website (the "<u>Limited Access Website</u>") posting all non-confidential information (the "<u>Non-Confidential Information</u>").

   b. Each individual LTD Employee seeking to review the Non-Confidential Information posted on the Limited Access Website shall submit a written request (a "<u>Request</u>") on or before September 28, 2012, to the LTD Committee to obtain the password to access the Limited Access Website. Upon receipt of a timely Request from a LTD Employee, the LTD Committee shall promptly notify the Debtors of the Request. A Request by a LTD Employee shall constitute an agreement by the LTD Employee to submit to discovery requests by the Debtors and the LTD Employee shall include in the Request a mailing address, email address or facsimile number to which the Debtors can serve the discovery requests. Once a LTD Employee gains access to the Limited Access Website, the Debtors will serve discovery on such LTD Employee in the manner and at the address designated by the LTD Employee.

   c. <u>In addition to Non-Confidential Information, the Debtors may provide certain documents to the LTD Committee in response to their written discovery requests that were obtained from one or more individual LTD Employee's personnel files ("Individual LTD Employee Information"). In connection with the production of such Individual LTD Employee Information to the LTD Committee, the Debtors will code such documents with metadata allowing the LTD Committee to identify which documents, if any, came from each LTD Employee's personnel file.</u>

        d.      An LTD Employee who seeks discovery of his or her Individual LTD Employee Information for purposes of the pending litigation shall submit a Request to the Debtors and the LTD Committee on or before September 28, 2012 to request a copy of Individual LTD Employee Information obtained from his or her own personnel file. To the extent the Debtors have provided the LTD Committee with Individual LTD Employee Information related to an individual LTD Employee who has timely submitted such a Request, the LTD Committee or their agent shall transmit a copy of such Individual LTD Employee Information that relates to the requesting LTD Employee to such employee by means that ensure the secure and confidential transmission of documents.

3. Except as may otherwise be provided by order of the Court, the Scheduling Order shall be amended as follows:

    a.    All document discovery regarding the LTD Termination Motion shall be completed on or before October 15, 2012.

    b.    All responses to the LTD Termination Motion shall be filed no later than October 22, 2012. All parties who file such responses shall be entitled to file supplemental submissions in respect of the LTD Termination Motion at a later date following the close of discovery, which shall be established through a subsequent order of the Court.

    c.    The proceeding on the LTD Termination Motion shall commence on February 12, 2013 and shall continue through and including February 15, 2013, as necessary.

    d.    The other deadlines set forth in the Scheduling Order that have not already occurred are suspended. The parties shall return to the Court at a later date to seek entry by the Court of an order establishing new dates for the remaining deadlines set forth in the Scheduling Order.

    e.    Deadlines in this Order may be extended by joint agreement of the parties or by the Court upon good cause shown.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

3

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE