```
               IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE


IN RE:                         )      Case No. 09-10138(KG)
                               )      (Jointly Administered)
NORTEL NETWORKS, INC.,         )
     et al.,                   )      Chapter 11

                               )      Courtroom 3
                               )      824 Market Street
          Debtors.            )      Wilmington, Delaware
                               )
                               )      September 19, 2012
                               )      10:00 a.m.

                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JUDGE KEVIN GROSS
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:            Morris Nichols Arsht & Tunnell, LLP
                        BY: DEREK ABBOTT, ESQ.
                        BY: ANN CORDO, ESQ.
                        1201 North Market St., 18th Floor
                        Wilmington, DE  19899-1347
                        (302) 351-9357

                        Cleary Gottlieb Steen & Hamilton
                        BY: LISA SCHWEITZER, ESQ.
                        BY: MEGAN FLEMING, ESQ.
                        BY: DAVID HERRINGTON, ESQ.
                        BY: BRENDAN GIBBON, ESQ.
                        One Liberty Plaza
                        New York, NY  10006
                        (212) 437-4350

ECRO:                   GINGER MACE

Transcription Service:  DIAZ DATA SERVICES, LLC
                        331 Schuylkill Street
                        Harrisburg, Pennsylvania 17110
                        (717) 233-6664
                        www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Official Creditors'
Committee:                          Akin Gump Strauss & Hauer &
                                    Feld
                                    BY: LISA BECKERMAN, ESQ.
                                    One Bryant Park
                                    New York, NY  10036-6745
                                    (212) 872-8012

                                    Richards Layton & Finger
                                    BY: CHRIS SAMIS, ESQ.
                                    One Rodney Square
                                    920 King Street
                                    Wilmington, DE  19801
                                    (302) 651-7845

For Official Retiree
Committee:                          McCarter & English
                                    BY: KATE BUCK, ESQ.
                                    Renaissance Centre
                                    405 N. King St., 8th Floor
                                    Wilmington, DE  19801
                                    (302) 984-6300

For Ernst & Young:                  Buchanan Ingersoll & Rooney
                                    BY: KATHLEEN MURPHY, ESQ.
                                    1105 N. Market St., Ste. 1900
                                    Wilmington, DE  19801-1054
                                    (302) 552-4200

For LTD Committee:                  Elliott Greenleaf
                                    BY: RAFAEL ZAHRALDDIN, ESQ.
                                    The Brandywine Building
                                    1000 West St., Ste. 1440
                                    Wilmington, DE  19801
                                    (302) 384-9400

For UK Administrators:              Young Conaway Stargatt &
                                    Taylor, LLP
                                    BY: JAIME CHAPMAN, ESQ.
                                    Rodney Square
                                    1000 North King Street
                                    Wilmington, DE  19801
                                    (302) 571-5030

For Ad Hoc Group of
Bondholders:                        Milbank Tweed Hadley & McCloy,
                                    LLP
                                    BY: THOMAS J. MATZ, ESQ.
                                    1 Chase Manhattan Plaza
                                    New York, NY  10005
                                    (212) 530-5885

```
APPEARANCES:
(Continued)

For Ad Hoc Committee of
Deferred Comp Plan
Beneficiaries:                Blank Rome LLP
                              BY: BONNIE GLANTZ FATELL, ESQ.
                              1201 Market Street, Ste. 800
                              Wilmington, DE  19801
                              (302) 425-6423

                              Bernstein Shur
                              BY: PAUL MCDONALD, ESQ.
                              100 Middle Street
                              Portland, ME  04104-5029
                              (201) 774-1200

For Jefferies & Co.:          Cross & Simon, LLC
                              BY: KEVIN MANN, ESQ.
                              913 North Market Street
                              Wilmington, DE  19801
                              (302) 777-4200

For U. S. Trustee:            U. S. Department of Justice
                              BY: MARK KENNEY, ESQ.
                              844 King Street, Ste. 2207
                              Lockbox 35
                              Wilmington, DE  19801
                              (302) 573-6491

TELEPHONIC APPEARANCES:

For Law Debenture:            Patterson Belknap Webb & Tyler
                              BY: CRAIG W. DENT, ESQ.
                              (212) 336-2864

For Ernst & Young:            Allen & Overy, LLP
                              BY: LISA KRAIDIN, ESQ.
                              (212) 610-7300

For Bank of America:          Bank of America
                              BY: ESTHER CHUNG
                              (646) 855-6705

For UK Pentition Trust:       Willkie Farr & Gallagher, LLP
                              BY: ANDREW HANRAHAN, ESQ.
                              (212) 728-8170

For Brent Beasley
In Propria Persona:           BY: BRENT BEASLEY, In Pro Per,
                              Pro se
                              (910) 230-0588
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Mark Janis:              BY: MARK JANIS, In Pro Per,
                             Pro se
                             (831) 684-1760

For Official Committee
To the Retirees:            Togut Segal & Segal, LLP
                            BY: NEIL BERGER, ESQ.
                            (212) 594-5000

For john Elliott:           John S. Elliott, In Pro Per/
                            Pro se
                            (603) 424-0933

For Deborah M. Jones:       Deborah M. Jones, In Pro Per/
                            Pro se
                            (570) 439-1153

For Brenda Rohrbaugh:       Brenda Rohrbaugh, In Pro Per/
                            Pro se
                            (678) 764-5569

For Nancy A. Wilson:        Nancy A. Wilson, In Pro Per/
                            Pro se
                            (214) 501-3510
```

1

1  WILMINGTON, DELAWARE, WEDNESDAY, SEPTEMBER 19, 2012, 10 A.M.

2              COURT CLERK:  Please rise.

3              THE COURT:  Good morning everyone.  Thank you.

4  Please be seated.  Good morning.  It's good to see you all.

5  Ms. Cordo --

6              MS. CORDO:  Good morning, Your --

7              THE COURT:  Are you going to get us organized?

8              MS. CORDO:  Yes.

9              THE COURT:  Okay.

10             MS. CORDO:  We are organized this morning, Your

11 Honor.  For the record, Annie Cordo, Morris Nichols Arsht &

12 Tunnell, on behalf of the debtors.  If we could take the

13 agenda slightly out of order this morning?  We have the

14 quarterly fee applications --

15             THE COURT:  Yes.

16             MS. CORDO:  -- and in case anyone's on the phone

17 for that, if we could just take that first, Your Honor?

18             THE COURT:  Let's do that.  That's a good idea.

19 Thank you.

20             MS. CORDO:  Thank you.  I have an Omnibus form of

21 Order if I may approach?

22             THE COURT:  And I am prepared to sign.  Thank

23 you.

24             MS. CORDO:  And then, Your Honor, just to note,

25 it's slightly different than our normal form of Order.  On

1    Exhibit A there are two footnotes.  Footnotes --

2                THE COURT:  Yes.

3                MS. CORDO:  -- 2 and 3 that just correct -- or

4    I'm sorry, 2 and 4 that just correct slight math

5    discrepancies from the previous Omnibus Order and they take

6    the totals into the correct amount.  I think one was $35 and

7    one was $250, so not a significant amount, but we just fixed

8    the totals now so everything's trued up.

9                THE COURT:  Very well.  Thank you.  Thank you for

10   that.  I am signing, and anyone who's on the telephone just

11   for purposes of the fee applications is certainly excused if

12   they'd like to get off the phone.

13               MS. CORDO:  Thank you, Your Honor.  Then with

14   regards to item number two, which was our 9019 Motion with

15   regards to the claims filed by Polycom, Inc., that was

16   submitted under Certificate of No Objection and an Order has

17   been entered.

18               THE COURT:  Yes.

19               MS. CORDO:  Which takes us to item three on the

20   agenda, and I will turn the podium over to Ms. Schweitzer.

21               THE COURT:  Okay.  Thank you.

22               MS. CORDO:  Thank you.

23               THE COURT:  Thank you very much.  Good morning,

24   Ms. Schweitzer.

25               MS. SCHWEITZER:  Good morning, Your Honor.  For

1    the record, Lisa Schweitzer, from Cleary Gottlieb, for the

2    U.S. Debtors.  Good to be back before Your Honor this

3    morning.

4              THE COURT:  Good to have you here.  Thank you.

5              MS. SCHWEITZER:  We're before you this morning on

6    the debtor's Motion to Establish Certain Discovery

7    Procedures and to Re-Set the Scheduling Order for the LTD

8    Termination Motion.

9              THE COURT:  Yes.

10             MS. SCHWEITZER:  And the only response filed to

11   the Motion is a limited response filed by the LTD Committee,

12   but I think that there are some larger issues bubbling

13   around the surface so I just thought it would be helpful to

14   step back, re-set what the Motion is about, what's been

15   going on --

16             THE COURT:  Okay.

17             MS. SCHWEITZER:  -- and how this fits into the

18   larger context.

19             THE COURT:  Please.

20             MS. SCHWEITZER:  As you'll recall, the original

21   Motion was filed on July 30th, and it's a Motion to Terminate

22   the LTD benefits and a Motion to Terminate the actual

23   employment of LTD employees.

24             THE COURT:  Yes.

25             MS. SCHWEITZER:  They're carried as current

1   employees of the debtor so you would want to sever the

2   relationship and the benefits at the same time.  The legal

3   question in this case -- they're not an 1114 Committee

4   Appointed.  It's an 1102 Committee appointed to represent

5   their interests, and the legal question presented by the

6   Motion is whether it's an exercise in the debtors' business

7   judgment to terminate their employment and the Plans

8   consistent with what you've seen in other cases seeking

9   similar terminations.  The debtors, of course, take the

10  position that we're legally entitled to terminate the

11  benefits without any claim because, as a matter of law, the

12  contracts say that we reserve the right to terminate the

13  employment and to terminate the claims -- to terminate the

14  Plans themselves.  But even if we didn't, we would still be

15  asking the Court, in the business judgment, that we can

16  terminate the employees and the Plans given the state of our

17  wind-down.

18          We had -- the LTD Committee was appointed last

19  year, it's probably 18 months by now, as you'll recall, to

20  first start representing the LTD employees to see whether a

21  consensual resolution of the termination of the Plans could

22  be reached and to facilitate those discussions and to get

23  information on behalf of the individual employees.  As we

24  all know well, the discussions weren't successful.  We went

25  to mediation.  That didn't happen.  And then, ultimately, we

1    filed the Motion to Terminate Employment.  Originally, we

2    were hoping to have the benefits terminated by year-end

3    because every year that we renew, leads to added

4    complication, but -- and we had scheduled a final hearing on

5    the Motion in early November to follow on the Retiree

6    Motion.

7                    THE COURT:  That's right.

8                    MS. SCHWEITZER:  We were in front of you in late

9    August on some secondary procedural issues and we were also

10   in the middle of the discovery exchange with the LTD

11   Committee.  At that time, I think right before the hearing,

12   that there were individual LTD employees who had filed an

13   objection to the Scheduling Order saying that they wanted to

14   participate in the written discovery and, as we had

15   previewed at the hearing, we'll come back to you with

16   procedures, but we were concerned at having the debtors

17   field 200 discovery requests and 200 individualized

18   responses when, in fact, we viewed that the LTD Committee

19   had propounded requests, and that people could, who aren't

20   familiar in the legal system and, you know, it's burdensome

21   to have everyone do it individually and burdensome for the

22   debtors to respond to those individually, we could have

23   people be given access to the --

24                    THE COURT:  That's right.

25                    MS. SCHWEITZER:  -- productions made to the LTD

1    Committee.  Certain things, we can't give them access to

2    because they're designated as highly confidential.  They

3    might have other employee information or the contract terms

4    themselves, or you know, pricing or certain things we have

5    designated as confidential or highly confidential and we

6    hadn't proposed to share everything.  But the lion's share

7    of it, the Plans themselves, the general communications, we

8    would propose to share.  So after we left the hearing, we

9    had gone back to work with LTD Committee and to develop

10   these procedures that are reflected in the Motion that was

11   filed with the Court.

12          We had told -- we were told that we had the

13   Committee's sign-off on those procedures and that they, in

14   fact, were in communication with a larger group of

15   employees, not just their seven Committee members, and they

16   were going to raise the procedures by them.  So we thought

17   that, you know, while certainly every individual is being

18   given their own opportunity to object to the procedures if

19   they had any concern, that, in fact, that we had some

20   vetting and that this was a sound procedure to go forward

21   with.

22          We had later heard that the original procedures

23   didn't contemplate the exchange of individual employee

24   records.  So if an individual had had employment data, an

25   employment application -- or I'm sorry, a disability

1   application, or had been given a disability award letter,

2   that would be in their personnel file; not their entire

3   personnel file which could be this -- you know, it could be

4   feet long, but there are certain documents that would be

5   relevant to the discovery that we have worked through with

6   the Disability -- Long-Term Disability Committee on how to

7   produce those to the Disability Committee and, accordingly,

8   were willing to share those also with only that relevant

9   individual.

10              THE COURT:  Right.

11              MS. SCHWEITZER:  So if Mr. Smith has his files

12  produced to the Committee, he can get a copy of that as

13  well.  And we had, last week, circulated a revised order

14  that the LTD Committee attached to their response that adds

15  a paragraph to address that procedure; that people can make

16  a request for that individual information and we would get

17  that to them.  Obviously, not beyond them because we have

18  concerns about their privacy.

19              And so we had understood that we were moving in

20  the right direction but, last week, the LTD Committee

21  Counsel, Mr. Zahralddin, had approached us and said that, in

22  fact, he hadn't -- I don't know if he hadn't understood or

23  individual employees were raising issues that they thought

24  that this wouldn't obviate necessarily individual discovery

25  requests and that, in fact, people -- he had been discussing

1    with people that, you know, they could put those requests in

2    afterwards and so that this was in addition to those

3    additional -- those individual requests and not in lieu of

4    those.  We haven't, obviously, gotten any objection from an

5    individual employee.  No person has filed that objection.

6            THE COURT:  Right.

7            MS. SCHWEITZER:  But after that conversation, Mr.

8    Zahralddin said well, if, you know, those individuals were

9    holding back and there's no reason to hold back, I'll just

10   tell them go ahead, make your individual requests.

11           Sure enough, we got 40 individual requests last

12   week, and some of them are narrow, and largely duplicative

13   of the information that we've already provided.  Others of

14   them are seeking anything that could attach the word

15   employment, copies of performance reviews, awards,

16   commendations, copies of W-2s, information regarding

17   mortgage applications and loan applications, copies of all

18   data that the debtors have ever given to Prudential

19   regarding that person's benefits.  I mean just the kitchen

20   sink, and that we've gotten 40 so far, I don't know how many

21   more could be in the mail.  And then we've also started to

22   see one or two examples of Requests to Admit and

23   Interrogatories.  The Requests to Admit could be, you know,

24   things along the line of admit that the debtors, or Nortel,

25   had -- is being investigated for securities fraud, you know,

1  in Canada and admit that financial statements weren't always

2  right.  It just -- it's the range of things well beyond the

3  narrow issues in the Motion.

4          But here we are today in front of Your Honor

5  with, knowing those requests have come in, but no

6  individuals have filed objections to the relief and the

7  procedures and, on Monday, the Long-Term Disability

8  Committee filed a limited response saying I'm okay with the

9  procedures but I, personally, can't waive or, you know,

10 don't want to stand in front of people's individual requests

11 and their ability to make requests.

12          Now, I have to say this is a little frustrating

13 in this context because we thought a month ago we had come

14 up with a procedure that dealt with this and to sort of have

15 to re-visit it and to reach a conclusion, you know, we wish

16 we -- this all had a bow on it and we didn't have to go

17 through it.

18          But on the other hand, I think that the debtors

19 and the Creditor Committee and the ad hoc Bondholder

20 Committee are -- have an added concern that this is a

21 seemingly -- a little trend that's developing in that we're

22 having a hard time putting our hands around the role of the

23 LTD Committee in this procedure because the -- our envision

24 isn't certainly that not the LTD Committee combined everyone

25 at the end, but if there is a process for litigating with

1   LTD Committee and that this vetting thing is through them

2   will streamline the process and we'll get out in front of

3   issues rather than just being a Greek chorus behind the

4   individuals as they raise their issues.

5          Just last week, while we were in the middle of

6   having discussions with LTD Committee on our HIPAA Subpoena

7   Motion and the discovery procedures and all sorts of things

8   relating to discovery, we get a Motion filed by 60 plus LTD

9   employees, including two of the seven members of the LTD

10  Committee saying that they wanted to get the debtors to give

11  other information about the Retiree's settlement and other

12  information that they were or were not getting from the

13  PBGC.  We'll work through those issues.  It's a Motion up

14  for October 3rd.  But again, the first we're hearing of it,

15  even though it's joined by two of the members of the

16  Committee, is through another Motion filed with the Court.

17  So we are on a back foot trying to deal with issues, and

18  also we, again, don't have that channeling.  Some of the

19  information requests come right out of things that are being

20  discussed in mediation, proposals that have been made, and

21  there are other ways, quite frankly, of streamlining or

22  dealing with issues.

23         We also now filed a Motion to Approve the

24  Confidentiality Order to -- you know, just the standard

25  people produce under attorneys' eyes only.  We vetted that

1   again with the LTD Committee.  It would be, again, up for

2   October 3rd.  Hope that it's not a problem, but it would be

3   troubling to us if we came on October 3rd and heard that,

4   notwithstanding the fact we've gone through this exercise,

5   that we're going to have additional issues.  I don't know

6   that we will.  I have no reason to believe we will.  But it

7   would be concerning to us that -- if we're reinventing the

8   wheel.

9           We've been given an explanation, and I understand

10  it, by the LTD Committee Counsel that they don't actually

11  represent the individuals directly.  They're not their

12  individual Counsel --

13          THE COURT:  Right.

14          MS. SCHWEITZER:  -- and I can't speak for every

15  last person, but there is a role, we thought, for Committee

16  Counsel to sort of be a representative to the extent of

17  taking positions that are consistent with the community

18  which they're representing and being a facilitator or a

19  narrower or a streamliner of issues.  To that beam, on

20  Friday night also, we got served at 6, 7:00 at night with --

21  by email, with a set of Requests for Admission by the LTD

22  Committee, putting aside, which we'll take the position that

23  that deadline has already passed and will come again before

24  Your Honor in another setting, one of the issues for us in

25  thinking about how to deal with Requests to Admit is would

1    they even narrow discovery if every individual and 200

2    people are allowed to serve their own Requests to Admit or

3    allowed to serve their own discovery, notwithstanding

4    Requests to Admit, then that doesn't narrow discovery at

5    all.  It's just piling on, right?  It's more work for the

6    debtors, but it's not narrowing anything.  And again, that's

7    not up for you today, but we're trying to give you a flavor

8    of sort of the surge that's coming behind us and our

9    difficulty or the increasing burden of us to navigate these

10   issues.

11            The next thing we'll also have to do is come back

12   to Your Honor to fill out the rest of the Scheduling Order.

13   At the time we pushed off the Scheduling Order, it wasn't

14   the idea to put this off forever, but it was the idea of

15   let's get through this initial wave and then we'll sit and

16   work through the rest of the dates.  But it's not in any way

17   the debtors' willingness or interest in pushing the hearing

18   beyond February.  We've already had these issues out there

19   for a year and a half.  We would be going into the second

20   year if we rolled the hearing into February and it's

21   important to us at this point to start narrowing issues and

22   to engage in working towards trial rather than having this

23   be an unpeeling of the onion; that there's always another

24   layer until we can get to trial; there's always another

25   round of discovery; there's always something else happening,

1    either through the Committee or through an employee group

2    which is now 60, 70 people acting -- it's not clear to me,

3    in parallel with the Committee, independent from the

4    Committee, against interests of the Committee; I don't know.

5    Right?  But it's our concern that we bring order to the

6    process such that we're moving this along.

7              So we also -- so Your Honor is aware, are heading

8    back to mediation on Friday.  We have a mediation session

9    with both the LTD Committee and the Retiree Committee.

10   We're obviously interested --

11             THE COURT:  With Mr. Levin.

12             MS. SCHWEITZER:  With Mr. Levin, correct.

13             THE COURT:  Levin, excuse me.

14             MS. SCHWEITZER:  Yes.  And we're -- you know,

15   he's a very competent lawyer and we're all bringing our best

16   forces together.  But again, we're struggling with the same

17   issues in the mediation context which, again, that if we're

18   negotiating and mediating, we want to find a way that if we

19   come forward, that we have -- you know, that -- we're

20   putting a lot of energy into mediation and if, in fact,

21   there's a parallel process or we're sort of running into

22   walls, that that isn't going to be a productive sense.  So

23   we're going to go to mediation.  We're going to go in full

24   spirit and with every hope in trying to find as many

25   constructive solutions as we can to resolve things but we're

1  just generally concerned by a little unraveling or a little

2  -- you know, the issues getting bigger, not smaller as time

3  goes on.

4       Now obviously, we realize there are very serious

5  issues at stake and we're not trying to get in front of or

6  cut the rights off of any individual employee to have their

7  day in Court and to be a participant in this process.  We

8  really try to be open and forthright in sharing and

9  constructive in the way we're carrying forward.

10      We also recognize that many of the individual

11  employees have many other issues and things that they would

12  want to know, whether directly related to the litigation;

13  some people have raised an individual set-off taken three

14  years ago or a missing check from two years ago or, you

15  know, that they're divorced and their child is getting money

16  out of it, every permutation of issues, and it's totally

17  understandable and they're now being in a forum to ask

18  questions and all the questions are coming out.  But while

19  the debtors want to be able to answer questions, we're down

20  to a dozen employees.  There's a tremendous burden on the

21  debtors in dealing with this and the Retiree Motion at the

22  same time and it can't be that this becomes an all-consuming

23  process that pulls us so far away from our original

24  question, which is are the debtors authorized to terminate

25  the Plans and terminate the employees.

1                 And obviously, we're going to do everything we

2     can, but in filing this Motion, for example, we thought that

3     we had struck a balance between allowing people individual

4     discovery, but effectively, all you have to do is say I want

5     discovery and you get the benefit of the board requests that

6     the LTD Committee had already propounded.  We now have

7     individual requests.  We would still come to Your Honor and

8     say -- have those individual requests be deemed to be the

9     requests to be in the procedures, the requests to be part of

10    this process, and the debtors would send a letter to

11    everyone else saying the remainder of the requests are

12    deemed outside of the process and this is the procedures

13    that have been approved by the Court and this is the end of

14    it.  If not, I think we still would take that initial front.

15    If you said to me you have to take on additional requests, I

16    think I'm still going to have to say I've read the requests

17    and the relevant documents are in there.  Everything else

18    irrelevant or overbroad, the issue then being we potentially

19    have 200 individual discovery disputes that we have to

20    somehow come before Your Honor to resolve, and that

21    ultimately is your call, but that, obviously, would be a

22    huge strain on us and I don't know that it advances the ball

23    towards the questions that we're trying to answer here to

24    get to the end of the process.

25                 So we come to Your Honor thinking that that

1    background is important because it's not really reflected in

2    what's in front of Your Honor in the pleadings and the

3    issues behind them.  But we're still actually asking for the

4    original relief, which is that the procedures be approved.

5    We're willing to add the paragraph, which was attached to

6    Mr. Zahralddin's objection, of a response that provides the

7    additional procedures for individuals getting the parts of

8    their employment files that we've already extracted and

9    provided to Mr. Zahralddin.

10           THE COURT:  All right.

11           MS. SCHWEITZER:  But beyond that, we're concerned

12   at the burden that would come from allowing individual

13   requests beyond that.

14           THE COURT:  All right.  Thank you.  Let me hear

15   from others.  You'll have it by Friday.

16           MR. BEASLEY:  I would like to speak, Your Honor.

17           THE COURT:  Yes.  Who is this?

18           MR. BEASLEY:  Yes.  My name is Brent Beasley.

19   Good morning, Your Honor.  Good morning, ladies and

20   gentlemen.  I represent myself today as one of Nortel's LTD

21   employees.  Your Honor, I don't know if you're aware but 67

22   of my fellow employees have now signed an objection.  If

23   you're unaware of it, I would like to read some sections of

24   it.  If you are aware of it, I will just move one.

25           THE COURT:  Well, why don't you put before me

1  what you would like to by reading it if that's appropriate,

2  yes.

3          MR. ZAHRALDDIN:  Your Honor?

4          THE COURT:  Yes?

5          MR. ZAHRALDDIN:  If I could -- I might be able to

6  help here.  Rafael Zahralddin --

7          THE COURT:  Yes.

8          MR. ZAHRALDDIN:  -- from Elliott Greenleaf for

9  the LTD Committee for the record.  I believe that the

10  LTD'ers had filed an objection to the prior Scheduling Order

11  at some point in time and that's what prompted our process

12  here.

13          THE COURT:  Okay.

14          MR. ZAHRALDDIN:  I believe that they still do not

15  have, in their minds, and in fact, it may be the case --

16  this is by way of explanation -- that those haven't been

17  addressed yet in that original objection.

18          So, because they're pro se and they may have not

19  connected it with the current Motion, but of course, the

20  current Motion came in light as well of this mediation,

21  which comes on Friday, and that's what also pushed out our

22  trial date because we were trying to accommodate the

23  mediation.  That's one of the many reasons that the Motion

24  was filed.  So I don't know if that helps to clarify for

25  you, and maybe it helps also Mr. Beasley.

1          THE COURT:  All right.

2          MR. BEASLEY:  Thank you, Rafael.

3          THE COURT:  You may --

4          MR. BEASLEY:  May I --

5          THE COURT:  Yes, you may proceed.

6          MR. BEASLEY:  Thank you.  I was just going to say

7    that this objection was delivered to the Court on Monday,

8    September 7th at 9:30 a.m.  Under the section Relief

9    Requested, point one, we request that the debtors not be

10   allowed to restrict individual information requests or the

11   types of information requests that will be responded to

12   during fact discovery as long as our requests are in keeping

13   with Federal Rules.

14          Point two, we request that, depending on the

15   debtors and their supporting third parties' responses to our

16   individual fact discovery requests, or lack thereof, that

17   discovery requests be extended to accommodate follow-up

18   requests.

19          And under the section Basis for Relief, point

20   three, we, the Nortel U.S. LTD employees, did not know until

21   the afternoon of September 11, 2012, that the debtors'

22   Counsel had just convened -- excuse me, conveyed intent to

23   the LTD 1102 Committee Counsel that it was the debtors'

24   express intent to imposing limitations on what the debtor

25   planned on releasing to individual U.S. LTD employees during

1   fact discovery.

2            Point four, we, the Nortel U.S. LTD employees,

3   hold that the debtors would be violating Federal Rules to

4   deny us information we are guaranteed access to under those

5   governing rules.  I would just -- I would like to say that I

6   think the website proposed by the debtors' Motion to

7   communicate information is a good idea.  However, I object

8   to Nortel trying to limit information that I request, in the

9   interest of me being able to conduct the necessary due

10  diligence for my case.  It is imperative I not be limited in

11  any way to information I request as long as the requests are

12  in the confines of the law.  I'm not asking Nortel for

13  anyone else's personal information, but I should have access

14  to files that pertain to me and my case.  I also ask I be

15  able to make follow-up requests based on the information

16  that may or may not come out of fact discovery.  I ask that

17  my rights to the information be protected to the full extent

18  of the law as possible.

19           And Your Honor, I would be remiss if I did not

20  mention that since Your Honor has recently granted limited

21  confidential access to all the people on the LTD Committee,

22  that the efforts of the LTD Committee to contact other

23  additional individuals has been fruitful.  In the interest

24  of fairness and justice, I ask some consideration be given

25  to those individuals just coming on board after this bus has

1   left the station, especially considering the current

2   proposed deadlines.  I would ask anyone be allowed to submit

3   initial requests and follow-up requests up to the time as

4   allowed for all follow-up requests to be completed.  I'll

5   leave that up to Your Honor to make a determination, as

6   appropriate, for any deadline extensions.  I thank Your

7   Honor for your time.

8           THE COURT:  Thank you, sir.  Thank you.

9           MR. ZAHRALDDIN:  Your Honor, I'm going to try to

10  give a little bit of color as well, but I'm going to try to

11  limit it as much as possible.  It's true that, as the

12  debtors have stated, they are asking for the termination of

13  these Plans under their business judgment.  It's also true

14  though that their position, which we disagree with, and

15  which we think is a little bit of an extreme one, also will

16  cut off the ability for -- if they're right, if Your Honor

17  decides that they're right, for any individual to come

18  through a claim objection process because some of the

19  fundamental questions will have already been answered in

20  this litigation.  That's what caused us concern and that's

21  what's caused the individuals concern.  There will not be a

22  later time where they come back and talk about any of these

23  issues that are related to their benefits and their Plans

24  and their individual situations.

25          The other problem that we have is that I do not

1  want to create either the appearance or an actual conflict

2  between the entire constituency and individual groups of

3  members of the LTD'ers or even one LTD'er.  That's why we

4  have been walking a very careful line and making sure that

5  we respond through the 1102 inquiries and we help out as

6  much as we can, but, at the same time, we're not delving

7  deep into each individual claim.  Now, we have done our best

8  to try to educate and inform folks and, particularly, we

9  have found, in a review of the LTD'ers that are out there,

10 that not everyone can you contact or provide I think

11 reasonable service via mail.  Some people can't access the

12 web.  Some people are -- and when I say mail, there are

13 people moving back and forth between home and hospice who

14 cannot get reasonable notice.  So it really does take a

15 phone call.  We've been actively -- I think Mr. Beasley was

16 alluding to that -- using the Committee, as we discussed

17 also at the last hearing, trying to communicate with people

18 to make sure that no one is caught by surprise with this.

19 And I will tell you that there are still people, including

20 people that are represented by Counsel, who have no idea

21 about the Termination Motion because they're sick; they're

22 not there or their Counsel hasn't gotten it.  They are not

23 -- and I understand the reasons why there is an abbreviated

24 schedule here, but you can imagine they're not all

25 represented by bankruptcy Counsel and when they hear this

1   type of litigation, they expect it to be a year-long process

2   or something of that nature.  Now, we know that that doesn't

3   happen in bankruptcy, but that still doesn't mean the

4   people, even with Counsel, are really on the bus yet as Mr.

5   Beasley indicated.

6          Now, with that as background, and I won't delve

7   into the other pieces of it, I think that the LTD Committee

8   felt, after receiving multiple calls from folks and from

9   talking to them when they were maybe getting into this

10  process or trying to make sure we got the Termination

11  Motion, that they were not able to definitively say okay,

12  your personal files, plus whatever we've asked for has been

13  delivered, would cover everything.  We also found no basis

14  under the law to change the Federal Rules in terms of the

15  types of documents that were out there and we still haven't

16  really been presented with one.

17         The biggest issue I think for us would be that,

18  perhaps, in addition to the language, as we alluded to in

19  our response, we have a current set up for dealing with

20  confidential information.  If someone makes an 1102 inquiry

21  through our website, there's a 20-day turnaround.  If it's

22  contested; if we say look, this is confidential or if it's

23  attorneys' eyes only, they can then bring that process to

24  you.  To date, though we have had 20, 30 such different

25  inquiries at times, or something that alluded to something

1   that may request confidential information, we have been

2   able, by talking to the individual, to belay their concerns,

3   get them what they wanted without having to reveal

4   confidential information.  We've acted as that safety valve.

5   I see no reason -- and nothing has actually come to Court on

6   that issue.  I see no reason that we could not handle these

7   types of inquiries for extra information any differently.

8          To the extent that something came up, I'm pretty

9   certain that we're not going to come in here, Your Honor, on

10  a dispute unless the dispute is a real one.  So I think

11  that, while I understand the debtor has limited employees,

12  they are -- they have lots of professionals to help them;

13  this is what litigation is all about, and we can do our best

14  to try to alleviate it.  That was the purpose behind

15  agreeing to and working with them on the website.  We

16  thought that it would -- it made sense; it was efficient,

17  and it would help to also assist our individual LTD'ers,

18  many of whom are ill and many of whom this is taking an

19  extreme physical and emotional toll on.

20          THE COURT:  Yes.

21          MR. ZAHRALDDIN:  So to the extent that we can

22  help in that manner and facilitate in that manner and

23  streamline things, I think that it's a great idea.  But to

24  the extent that it starts to change their rights in a

25  substantive way, I think we have an issue with that.

1          I will say that I will take issue on the PBGC

2   issue.  That has not been something that is brand new.  It

3   has been discussed with PBGC Counsel, with the Committee,

4   with the debtors.  I know we're all busy and I know that we

5   haven't heard back from them, but it does affect

6   particularly those -- I think we've discussed in here

7   before, Your Honor -- those who are eligible for retirement

8   or who have retirement, independent retirement, I'll just

9   say benefits, entitlements, or claims.  Just because you

10  aren't 65 yet, and if you are part of the pension plan,

11  doesn't mean you've given up your retirement claims.  So

12  there are people in our group which are also protected by

13  the Retiree Committee.  They are their constituents and our

14  constituents.

15          So they -- but with our folks, we have the added

16  problem of if there is an interruption, let's say a 90-day

17  period for the PBGC that gets you on board, if there's an

18  interruption of 90 days in their medical coverage, some of

19  them may pass away, some of them may suffer some very severe

20  health consequences.  That is why I believe the individuals

21  filed that Motion, and that was something really separate

22  from Committee activity and separate from any other

23  Committee efforts.  We kind of tried to do our best to help,

24  but when we couldn't get any further with it -- and I don't

25  think it was of anybody's fault.  I think that PBGC has a

1  time schedule and they have to go by it, but I know that

2  there were several State Senators that were contacted by

3  constituencies who have written and are in correspondence

4  with the PGBC and I think that Motion comes out of those

5  efforts which are entirely separate from any sort of

6  Committee activity.

7            I think that's -- I'm not going to go into any

8  other detail, Your Honor, about other things the debtors

9  have brought up.  I think those are better left for another

10 day.  But I think, in terms of this particular Motion,

11 that's our position and that's the reason that we filed the

12 limited response.  We obviously do not want to make the

13 debtors feel as if they can't have any progress with us.  I

14 don't think that's accurate.  I think this was a situation

15 where we have a discovery schedule that's abbreviated.  We

16 have several individuals who are trying to advocate their

17 position.  We will certainly do our best to make sure, but I

18 don't think that there's anything that -- and I think it's

19 rather unfair to say that the LTD Committee, or its Counsel,

20 don't have control of the responsibilities for which we've

21 been assigned.  I think that that's pretty much under

22 control.  I'm certainly happy to address those concerns with

23 Ms. Schweitzer, Ms. Beckerman, or whoever else has to -- I

24 mean I have a pretty open phone line for that.  But I think

25 that those are a little bit overblown in terms of concerns.

1    Thank you, Your Honor.

2              THE COURT:  Okay.  Thank you, Mr. Zahralddin.

3    Ms. Beckerman, good morning.

4              MS. BECKERMAN:  Good morning, Judge Gross.  Lisa

5    Beckerman, from Akin Gump, on behalf of the Official

6    Creditors Committee.

7              THE COURT:  Yes.

8              MS. BECKERMAN:  Your Honor, obviously, we're not,

9    and I don't think the debtors are, trying to cut off

10   peoples' ability to participate in this process.  I

11   understand there are individuals that have filed objections,

12   but there does seem to be -- there needs to be some

13   streamlined process here.  It's just not practical or

14   possible for the debtor to have to respond to, you know --

15   I'll just be conservative -- 100 individual discovery

16   requests in this context.

17             I mean the Motion is to terminate based on the

18   Plan language and the debtor is arguing that they have the

19   legal right to terminate based under the Plan language

20   and/or their business judgment.  I don't think that many of

21   the requests that have been received so far really go to

22   those particular issues raised in the Motion.  I think that

23   Mr. Zahralddin has certainly served fairly extensive

24   discovery requests on the debtors and the debtors produced a

25   lot of documents, and unless they're highly confidential,

1    those documents are going to be available to people and

2    those are the Plans and the essential documents, and he's

3    been quite broad in his requests so I think he's done a lot

4    of work for people.  And then with respect to their

5    individual files, I think the debtor is trying to make some

6    ability for people to see their own individual files, which

7    I understand there are reasons, of course, people would want

8    to do that.  I think there has to be a balance.

9            THE COURT:  Well, is there -- let me ask a

10    question.  What is the relevance of individual applications

11    to the issue that's been raised in the Motion to Terminate?

12            MS. BECKERMAN:  Well, I think, to me, it's hard

13    to imagine, unless somebody had an argument in a particular

14    document, I suppose, that they were arguing gave some basis

15    for either them to have some right that the debtor couldn't

16    terminate.  I think the Plan documents and this -- under the

17    Third Circuit law, generally govern in *Unisys* and other

18    cases, and I can't see myself how that would impact the

19    debtors' business judgment analysis regardless.  So I would

20    think it's a very limited circumstance, if at all, myself

21    and, obviously --

22            THE COURT:  I mean I suppose that there's a

23    document that says, despite the Plan, we agree that we will

24    not terminate your -- if you don't mind, Ms. Beckerman, I

25    kind of would like to have an answer to this from Mr.

1  Zahralddin just for the moment.

2          MS. BECKERMAN:  Sure.

3          THE COURT:  Thank you.

4          MR. ZAHRALDDIN:  I don't mind sharing the podium

5  with her.

6          MS. BECKERMAN:  I know.  We've done it before.

7          THE COURT:  Help me out.

8          MR. ZAHRALDDIN:  Your Honor, let me -- look, I

9  think this is an oversimplification of this on the law.

10         THE COURT:  Okay.

11         MR. ZAHRALDDIN:  It is obviously their position

12  that the Plan documents govern.

13         THE COURT:  Right.

14         MR. ZAHRALDDIN:  That presupposes that there are

15  Plan documents.  That presupposes that the documents are not

16  ambiguous.  That presupposes a whole lot of things.  Yes, do

17  they have the initial first steps in any sort of argument on

18  ERISA, and I don't want to turn this into an argument on

19  ERISA, but if we're trying to figure out how there would be

20  a possible indication, if, for example --

21         THE COURT:  Yes.

22         MR. ZAHRALDDIN:  -- there were documents, once

23  you find an ambiguity, okay, that would then serve to

24  replace -- because once a Plan document is deemed ambiguous

25  under ERISA law, you can then look at other documents.

1          THE COURT:  Right.

2          MR. ZAHRALDDIN:  There would be, for example,

3   documents that maybe had been requested of a third party,

4   like a mortgage financer, okay, and if those had statements

5   in them from Nortel or from their agents that indicated

6   you'll be getting money until you're 65 and, therefore,

7   that's why we're basing this brand new refinance or loan on

8   it, those could be relevant, for example.  So there are a

9   litany of things that would be relevant here.  And again, I

10  don't want to turn this into oral argument on the ERISA

11  issues, but it is not a foregone conclusion that these Plans

12  give them the unfettered right to do that.

13         THE COURT:  No, and I didn't mean to --

14         MR. ZAHRALDDIN:  And that's why I'm saying, if

15  you take their arguments as true, it does not only affect

16  them, but it also affects any potential claim objections.

17  What they are -- the problem with what the debtors have

18  done, and they've taken their position and I respect them

19  for their legal position.  I'm not going to say that, is

20  that they have basically tried to short-circuit a claims

21  objection process.

22         If this were almost any other case, looking at

23  these issues, there wouldn't be -- because there is funding

24  here and there's money here, there wouldn't be this big of

25  an issue more than likely and this would be dealt with in a

1   claims objection process individually by claimants coming in

2   and arguing for their two or three cents on the dollar.

3   That's not what we have here.  It's a very different

4   situation.  It's a very different situation in regard to

5   that and also as to how you look at 1114.

6             And, just to tie up something that was said a

7   little bit earlier, if we propound Admissions, Request for

8   Admissions, as a Committee, or if the Committee members have

9   sent something out, it is because the work that we've had in

10  reviewing our discovery require a second round of discovery,

11  or precipitated a second round of discovery.  We've also

12  been discussing things with the consulting experts.  They

13  may have also precipitated that.  Part of the reason that we

14  suspended mediation was to be able to go through this

15  process to a certain point so both sides could get their

16  eyes opened a little bit wider so we could try and get to a

17  resolution.  There's no nefarious conspiracy going on in the

18  background.  This is just the results of what we have in

19  terms of our results of discovery, reviewing that, et

20  cetera.  So I think that there are several things that could

21  come from an individual request that we haven't been able to

22  look at because we have not interviewed all 250 some odd

23  long-term disabled.  We've had several phone calls, et

24  cetera, but we have avoided delving into their individual

25  claims.  The debtors' position eliminates the claims

1    objection process in this case.  Essentially, moots it.  And

2    so now, they're caught with having to deal with the claims

3    objection process, or a mini one, within the context of this

4    Motion.  Now, they can say that that's inappropriate.  They

5    can do whatever, but they still have a --

6           MS. BECKERMAN:  Well, but only if there's a legal

7    right to claims, which the Judge hasn't found, and as part

8    of the original Motion, he may or may not find that

9    depending on if we can't terminate, this isn't an issue.  If

10   we can terminate, he'll have to figure out how does that fit

11   into our language of the document.  If it's based on the

12   document itself, does that give rise to a legal claim?

13          So my point to you is I think you're going beyond

14   where we are on this initial Motion and I think you're

15   trying to say that everything's being precluded, and I think

16   the Judge is going to rule in steps and you may or may not

17   be right so.

18          MR. ZAHRALDDIN:  No, no.  That's not what I'm

19   saying.  What I'm saying is, in order for Your Honor to make

20   a fully informed decision, cutting off 250 individuals who

21   have relevant and pertinent information to the Motion, is

22   probably not the best way to go, and if that's a burden on

23   the debtor, that's the burden of going into litigation and

24   that is not an unfair burden.

25          THE COURT:  But here's what concerns me, and I

1    guess this is part of what I'm grappling with.  The

2    individuals who get this information, there may be, for

3    example, you know, a smoking gun document, let's assume just

4    for the purposes of this conversation, are they going to

5    recognize it?  Are they going to know what to do with it?

6              MS. BECKERMAN:  Well, you get it too.

7              THE COURT:  Doesn't there have to be --

8              MR. ZAHRALDDIN:  We get it as well, Your Honor.

9              MS. BECKERMAN:  He gets it too.

10             THE COURT:  You -- yes.

11             MR. ZAHRALDDIN:  Yes.  Yes sir.

12             THE COURT:  Okay.

13             MS. BECKERMAN:  He gets it too so if it's a

14   smoking gun, I can bet your sweet bippy that he'll be back

15   here, Your Honor, showing us the smoking gun.

16             MR. ZAHRALDDIN:  Absolutely.  And if we were to

17   find more Plan documents, we have turned over our Plan

18   documents to the debtors as well, there were Plan documents

19   that they didn't have.  There were pieces of Plan documents

20   that they didn't have at certain points because we

21   understand what happens when there's a bankruptcy.  We

22   understand how -- sometimes corporate records are lost, etc.

23   So we have been able to, through our efforts in contacting

24   these individuals, even before we got into litigation, been

25   able to help supplement the record.  That's what we're

1    trying to do.

2            Another point that I'll bring up in response to

3    some of the issues around 1114, there is a big problem if

4    you don't engage these folks, and it's a problem that Ms.

5    Beckerman's brought up in a buy-in or participation in any

6    settlements, should we get to it, or in whatever comes out

7    of an Order from you, Your Honor.  If people are surprised,

8    if they weren't part of this, if they didn't fully engage,

9    that leaves whatever work we've done up to that point,

10   whether it's settlement or a hearing, it leaves it open to

11   attack because there wasn't proper notice of the hearing.

12   That's what we're trying to alleviate as well.

13           MS. BECKERMAN:  I'm --

14           MR. ZAHRALDDIN:  We want people to go into this

15   with eyes wide open --

16           THE COURT:  Yes.

17           MR. ZAHRALDDIN:  -- when they make their

18   decisions, fully informed, and then should we ever get to a

19   settlement, et cetera, they should understand.  And we're

20   getting to a point where, even if we worked to a settlement

21   at this point, it might be dead in the water because there's

22   a lot of misconception about what may be included in that

23   settlement.  Now, I understand you need that in order to

24   have confidentiality to produce a good settlement.  But at a

25   certain point, that's got to be opened up and there's no

1  reason if we're in litigation and they're participants that

2  they shouldn't be sharing in this discovery.

3           MS. BECKERMAN:  Okay.  Well, I'm going to go back

4  to my argument now if that's all right, Your Honor.

5           THE COURT:  That's fine.  Thank you.

6           MR. ZAHRALDDIN:  Thank you, Your Honor.

7           MS. BECKERMAN:  Thank you.

8           THE COURT:  No, I -- thank you, Mr. Zahralddin.

9           MS. BECKERMAN:  Okay.

10          THE COURT:  I asked --

11          MR. ZAHRALDDIN:  The Judge asked me to come up

12  here.

13          MS. BECKERMAN:  I know.

14          THE COURT:  That's right.

15          MR. ZAHRALDDIN:  Thank you, Your Honor.

16          THE COURT:  That's right.

17          MS. BECKERMAN:   I was going to -- but you went

18  out a little too far but that's all right.  So, Your Honor,

19  I think there has to be a balance.  That's what I was saying

20  to you.

21          THE COURT:  Yes.

22          MS. BECKERMAN:  And I think the debtor is trying

23  to strike the right balance, and whether there's anything in

24  that that can be slightly improved on, I don't know.  But I

25  don't think the answer can be that they have to do 100

1    individual productions with unfettered rights of people to

2    ask questions.  You know, maybe it has to be if someone has

3    any rights beyond that; the debtors obviously tried to

4    circumscribe what makes sense, maybe there is something else

5    that makes sense.  But it can't be just unfettered discovery

6    requests and it can't be 100 Requests to Admit either.

7    Trust me, I've seen Mr. Zahralddin's Request to Admit and

8    they're not all that dissimilar in length or detail as

9    you've seen previously in our other dispute in the other

10   matter.

11              THE COURT:  Right.

12              MS. BECKERMAN:  So they're not limiting, and I'm

13   not saying -- you know, and the debtor can't have to answer

14   100 of those.  That is just not practical and extremely

15   costly and burdensome to them and I'm not sure it advances

16   the process, which is also what we're sort of talking about,

17   which is when is it appropriate for this Court to put

18   limitations on it.  It's not that people shouldn't have the

19   right to get discovery.  The debtors are offering them

20   plenty of discovery.  It's the balance again of what goes

21   beyond unduly burdensome for an estate that has a dozen

22   employees and, you know, is dealing with two major

23   litigations at the same time and I think Your Honor has to

24   weigh that.  And that's why I really think that the debtors

25   have tried to reach the right balance and I just don't think

1    the answer can be unfettered discovery regardless.  So

2    that's just -- it does not work I don't think for the

3    estate.  It's just not appropriate.

4              Then, I think some of the other issues that have

5    been raised, we're going to have that other Motion at some

6    point that's been brought on.  It will be heard on the 3rd.

7    I don't want to spend a lot of time addressing it but I

8    think Ms. Schweitzer is right in a sense that I -- the

9    debtors, unfortunately, can't be compelled to do things that

10   they don't control, like the PGBC.

11             THE COURT:  Right.

12             MS. BECKERMAN:  And, for example, Mr. Zahralddin

13   is right.  I've called them and talked to them.  Ms.

14   Schweitzer has called them and talked to them.  Lots of

15   people have called them and talked to them.  Rafael, I'm

16   sure, has -- and his colleagues have called them.  They have

17   their process.  They have their ways.  They do things.  We

18   don't control that.  The debtor doesn't control that.  And

19   as much as you'd like to say that they have to do something

20   outside of what their normal process is, because they have

21   many years to tell people what they're going to get under

22   their pension plans once they take over at termination, and

23   they often don't tell people that until they actually know

24   what they're going to recover which, in this case, no one

25   knows that.

1          THE COURT:  Right.

2          MS. BECKERMAN:  And while I understand that it

3    takes some period of time, and it's certainly in the realm

4    of what Mr. Zahralddin said, you know 60 to 90 days before

5    someone gets on to their roster and starts getting payments.

6    That's just true from my experience.  I don't think there's

7    anything the debtor could tell people beyond that, and the

8    fact that the debtors keep getting served with Motions to

9    Compel them to give them a bunch of information, especially

10   over things that they don't control, is just another point

11   of the burdensome nature of this process and I think there's

12   just has to be some streamlined process here.  Either people

13   can or can't serve, you know, what they can or cannot get in

14   discovery; what they can and can't do in terms of

15   specialized Requests to Admit; you know, what else are we

16   going to do in this process?  We have to keep on with some

17   schedule here and it can't be that this deviates, because we

18   have 200 separate processes going on when we're trying to

19   move to an overall motion process that is based on the

20   debtors' documents that are going to be in that data room.

21   So I just don't think that's workable and that's where our

22   concern is obviously here.

23          I should also say to Your Honor, you know, we've

24   obviously, you know, tried to take some time on the schedule

25   to make it longer than it was, in part, to have time for

1  mediation as has been said and see if we can reach a

2  resolution.  But also, it does give people more time to

3  digest and participate in the process.  And I think Your

4  Honor can be certain; I will tell you that I am saying this

5  anyway on my behalf, that if we ever did reach a settlement,

6  there will be a process and people will have, you know,

7  sufficient time and information to make a decision on it

8  because we understand that, in this process, we don't bind

9  people.  This isn't like our 1114 process and where there's

10 a statutory way that that goes.

11                THE COURT:  Right.

12                MS. BECKERMAN:  And this will have to be an

13 individual decision for people if there is ever a

14 settlement, and we understand that, and that there will have

15 to be appropriate communication at that time.  But that

16 doesn't mean that -- and if there isn't a settlement in the

17 context of discovery, people should just be able to serve

18 200 separate requests on the debtor that don't have anything

19 to do with the basis of the Motion necessarily, or the

20 debtor has to spend time answering 200 separate discovery

21 requests, I just think it's a balance and that's what I have

22 a problem with here and that does affect the estate.  And,

23 you know, I do hear from other creditors who think that

24 we've been -- you know, that slowing down this process maybe

25 isn't such a good idea from their perspective, yet we're

1  doing it because it's a good idea from our -- all of our

2  perspectives in this Court to try to see if we can get to a

3  consensus.

4        I don't think that this schedule is any more of a

5  trial going into next year so overly aggressive.  So I think

6  the process is trying to be managed in a fair, balanced,

7  measured way here on timing.  And there are people who ask

8  me daily why we haven't done things like, you know, looking

9  at other options for this process that are more aggressive

10 and, obviously, we're trying to work through a reasoned, you

11 know, process on a reasoned schedule.

12       And so this is, to me, a balance from all the

13 people who complained to me about why this isn't moving

14 faster and all the people who'd like to see this litigation

15 take a year.  So that's all I would say to Your Honor.  From

16 the Committee's perspective, we think the debtor is trying

17 to strike a balance and that we need to strike some balance

18 here.  It just can't be unfettered unfortunately.

19       THE COURT:  Thank you, Ms. Beckerman.

20       MS. ROHRBAUGH:  Your Honor?

21       THE COURT:  Yes?

22       MS. ROHRBAUGH:  Brenda Rohrbaugh.  I'm one of the

23 LTD participant employees.

24       THE COURT:  Yes, Ms. Rohrbaugh.

25       MS. ROHRBAUGH:  Hi, how are you doing, Your

1    Honor?

2              THE COURT:  Very well, thank you.

3              MS. ROHRBAUGH:  Good morning.

4              THE COURT:  Good morning.

5              MS. ROHRBAUGH:  I'd like to address going back to

6    retrieval of records --

7              THE COURT:  All right.

8              MS. ROHRBAUGH:  -- and the timing of the -- I

9    guess -- I'm not sure of the verbiage here, but I would like

10   to address an issue.  I am well aware of the timing that the

11   Opposing Counsel and all of the lawyers and -- and forgive

12   me, I'm a neuro patient, a seizure patient, so if I struggle

13   a little bit in my speech, please forgive me.

14             THE COURT:  Certainly.

15             MS. ROHRBAUGH:  And I want to thank the Court for

16   the Order regarding the mail instead of them coming -- it

17   helps because I'm the one that has a problem getting the

18   mail and things coming on time.  One thing I would like to

19   bring to the Court's attention regarding this Order, in the

20   retrieval of records, one thing I'd like to bring to the

21   Court's attention is I had no idea about anything.  I kind

22   of got out of the loop because of illness and seizures and

23   everything and there was like a deadline.  I kind of got

24   lost in the mange, Your Honor.  So like there was like a

25   four or five-day -- the Order went out and you had to get,

1  you know, these packages sent and everything and I missed it

2  and it's kind of damaging because we have the Committee; we

3  have the Counsel for us; and when you set a deadline on that

4  for such a short period of time, we're dealing with sick

5  people and, in my case, in my state, I can't drive and I

6  don't have access to fax; I don't have access to go out to

7  UPS, and if a deadline comes in so short, you know, like an

8  Order comes in at 3:00 and you have to have something out at

9  5:00, I'm out of luck.  So I missed these deadlines to be

10 able to send these requests, whether to Nortel or Prudential

11 or the lawyer, so I wasn't able, as you and Counsel

12 mentioned about these requests, I was down with seizure

13 activity and was unable.  That's why they didn't hear from

14 me and Prudential didn't hear from me.  So, I'm not here on

15 -- what does someone like myself -- because, you know,

16 Rafael can't ask that for me and I'm past the deadline so

17 what am I to do now?  Am I not able to now request that

18 information regardless whether it's the short information,

19 let alone the detailed information going forward because, in

20 my objection now, we're getting ready to file all this, am I

21 unable now to retrieve that or can we get an extension for

22 people like myself who were sick, who have been hospitalized

23 or in hospice?  That's my concern, Your Honor.

24            THE COURT:  Sure.

25            MS. ROHRBAUGH:  I'm very inclined that we're on

1   the short-term drive to the deadline, you know, but I'm

2   asking, Your Honor, to bear in mind that we're dealing with

3   a lot of really sick people here and we may miss deadlines

4   and to set such short -- bearing in mind, I, to some degree,

5   have empathy for Opposing Counsel and I'm very much aware

6   that we're all striving to -- I want this nightmare to end,

7   believe me.  I'm really sick and my health is declining and

8   it's messing with my health, trust me.  I want this over,

9   but --

10           THE COURT:  Well --

11           MS. ROHRBAUGH:  -- I need to know --

12           THE COURT:  -- I think we all --

13           MS. ROHRBAUGH:  -- how do we deal with -- for

14   deadlines, you know, when I may not be available to know

15   that these deadlines even exist.  How do I bear up my case

16   without a lawyer?

17           THE COURT:  Well, I certainly --

18           MS. ROHRBAUGH:  And I live alone.  My husband is

19   unemployed, having to live in Tennessee.  I can't drive.

20   You know, I'm in a fight for my life here and I can't meet

21   deadlines that I don't even know exist, Your Honor.

22           THE COURT:  Well, I appreciate your bringing your

23   matter and concern to my attention because I think that we

24   all will have to be, and I mean myself in particular, more

25   sensitive --

1    MS. ROHRBAUGH:  I'm just trying to help people be

2    mindful and maybe bring a little bit of humanity to the

3    case.

4    THE COURT:  Sure, and that's important to me, Ms.

5    Rohrbaugh; I can assure you and Mr. Zahralddin is --

6    MR. ZAHRALDDIN:  Your Honor, I'm going to bring

7    us all back down to the actual narrow question and I hope

8    that --

9    THE COURT:  Yes.

10   MR. ZAHRALDDIN:  -- we didn't really need the

11   background in my opinion.  Really, the question here is is

12   there a way to get access -- and, of course, within the

13   Order, it also allows us for people who cannot reach the

14   internet, we are going to be working with the debtors so

15   that we can provide, in a secure way, of some way, shape, or

16   form, documents directly to those people.  But I think what

17   we really have to come back to is getting access to these

18   folks so they can make their requests and doing it in a way

19   that isn't burdensome to the debtors or to them and, at the

20   same time, not killing their substantive right.  No one's

21   asking for unfettered discovery here.  And, as a matter of

22   fact, the discovery requests that went out, because within

23   the confines of the existing Order, discovery, fact

24   discovery requests, would have had to have been completed by

25   September 15th if October 15th is the new date which we kind

1  of agreed to in principal.  So, because the debtors have

2  taken -- or taking the position they alluded to in regard to

3  our Request for Admissions, certain deadlines had already

4  passed, people decided to make sure that they asserted their

5  rights by consenting in these requests.  Other people simply

6  couldn't because, again, of the confusion out here because

7  this Motion was filed so kind of late in the game in regards

8  to the schedule.

9          I'm not casting any blame here on either side but

10 the problem is you have people that are sick that are going

11 to be a few days behind and we also didn't -- we had some

12 issues with the service list being put under seal, etc., and

13 it took some time to go through that and our Committee's

14 also been reaching out to people to try to make sure we

15 reach everybody.  So I think at the end of the day adding a

16 simple provision in there that says that if someone wants

17 anything else not supplied by the -- in the data room,

18 whether it's individual requests or things that they had

19 produced to us that were not confidential, they can bring it

20 up with us; we'll intercede and talk to debtors' Counsel,

21 and if there's an issue, we'll come to you.  But I doubt

22 there's going to be this litany of issues.  I think we're

23 going to be able to get them the information that they need

24 and handle this in the same manner that we've -- there is a

25 lot of confidentiality in this case, Your Honor.

1          THE COURT:  Oh, sure.

2          MR. ZAHRALDDIN:  There is -- you know, I have

3    confidentiality provisions in my bylaws.  I have an 1102

4    Order.  I have an Amended 1102 Order; I have procedures; we

5    have -- there has never been an indication that we've ever

6    violated confidentiality, nor have any of our Committee

7    members, etc.  We know how to handle these things; we have a

8    proven record in this case of doing that, and I think we can

9    handle this issue the same way.  I don't know what the

10   hesitancy is on the debtors' side.  I understand that they

11   have some concerns.  I think those concerns are -- I don't

12   think that they're concerns that should affect the

13   substantive rights of these individuals so I --

14          MS. ROHRBAUGH:  Your Honor, all I'm asking is if

15   I call Prudential or I would call H.R. at Nortel, that I'd

16   be granted the same rights as if I had filed on time,

17   regardless of what the Court decides; whether it's full

18   disclosure, anything for myself, that's all I'm asking that

19   I be granted the same rights as if I had filed with my

20   fellow LTD'ers.

21          THE COURT:  Okay.

22          MR. ZAHRALDDIN:  And again, the --

23          MS. ROHRBAUGH:  Just because I was sick -- I had

24   access to the internet but I was out with seizures.  I

25   couldn't file anything.

1          MR. ZAHRALDDIN:  And again --

2          MS. ROHRBAUGH:  So I'm asking if the Court can

3    find a way to tell me what to do to give me my rights back.

4          THE COURT:  Well --

5          MR. ZAHRALDDIN:  And we're in agreement with the

6    debtors that, instead of calling H.R., what they do is they

7    come to this secure website --

8          THE COURT:  Right.

9          MR. ZAHRALDDIN:  -- they see what they need

10   there; they look for their individual files that are also

11   there; and if there's something that's missing, then we work

12   it out and we assist with the individual LTD'er.

13         THE COURT:  That makes sense and that way Ms.

14   Rohrbaugh's rights are not affected.

15         MR. ZAHRALDDIN:  Right.

16         THE COURT:  The information is available and, if

17   there is additional information that Ms. Rohrbaugh can

18   specify, and --

19         MR. ZAHRALDDIN:  And then if it's confidential,

20   if it's deemed confidential or attorneys' eyes only or

21   something to that effect --

22         THE COURT:  Right.

23         MR. ZAHRALDDIN:  -- well then we live with that

24   and we come back to you if we think that we disagree with

25   that.

1          THE COURT:  Yes.

2          MR. ZAHRALDDIN:  So I can't -- I don't know how

3   else to accommodate the concerns here without hurting

4   peoples' individual rights, and I don't think that that's --

5          THE COURT:  We can't --

6          MR. ZAHRALDDIN:  -- something we can do for

7   expediency's sake.

8          THE COURT:  Right.  Yes, Ms. Schweitzer?

9          MS. SCHWEITZER:  Good morning still, right?

10          THE COURT:  Yes, it still is.

11          MS. BECKERMAN:  Still.

12          MS. SCHWEITZER:  So well, I just wanted to touch

13   on issues big and small that have been raised just to close

14   off some of the narrow ones.

15          First, there has been discussion on some of the

16   side issues or themes that have come up a long time of how

17   people are being contacted and their ability to be contacted

18   generally.  I'll say now what we've said for the last year

19   and what we've said forever which is that we're following

20   the Federal Rules on service, but if there are individual

21   ways that, and the LTD Committee sounds like they are too,

22   making their own efforts to spread the word.  I'm glad that

23   there's been an increased effort on that side.  But if we

24   haven't been told that any other individual person needs

25   email service or telephone, we're not -- we can't do

1  individual telephone service, but from the debtors'

2  perspective in terms of dissemination, we're still following

3  our Rules.  We're open to any other suggestions.  But I just

4  want that out there because it does come up from time to

5  time and I'm glad that the information is getting

6  disseminated.  I do take some pause when I hear about an

7  abbreviated process because yes, the Motion was filed in

8  August, but a Committee has been in place for a year and,

9  you know, facts change; peoples' health situations change; I

10  completely understand that.  But this isn't a new effort to

11  identify a group of LTD employees and to contact them.  And

12  in the same way, while we're now asking for formal discovery

13  requests, this Committee has been in place for a year and I

14  would assume, as Mr. Zahralddin has said, has been in

15  communication with employees and knows their concerns, knows

16  the information that they're seeking so that the LTD

17  document request wasn't the start of it.  That was sort of

18  the last book end.  They had already gotten discovery.  They

19  had put on a book end discovery request that I would hope

20  would have expected -- reflected the role as a Committee of

21  reflecting the concerns behind them, understanding not

22  everyone's individual requests will always be captured, but

23  that was a request made with a finger on the pulse of the

24  legal issues and it was a request made reflecting the

25  different inquiries that they've gotten over time and what

1   they, based on all those inquiries, determined were relevant

2   issues here.

3          We're not trying to short-circuit peoples' claims

4   process as Ms. Beckerman said for making a Motion to

5   Terminate.  If the Court finds that we're legally entitled,

6   and people have no claims, that can be an outcome.  If the

7   Court finds that gee, you know, that there is an issue; I'm

8   going to allow you to terminate, but because of X, Y, Z

9   fact, that maybe someone does or doesn't have a claim, that

10  could be a second process.  But this isn't a claims process

11  and, in fact, people have filed statements, claims, saying

12  I'm not an unsecured creditor but one day I could be if this

13  were terminated.  So this isn't a claims process.  This is a

14  Motion to Terminate and I just wanted to keep refocusing

15  that.  I think for Ms. Rohrbaugh, obviously, if she had

16  personal circumstances that prevented her from complying

17  with the deadline, we're willing to accommodate that.

18          THE COURT:  Sure.

19          MS. SCHWEITZER:  And on a one-off basis, I don't

20  have an issue with it, but I think Mr. Zahralddin is

21  proposing it as the solution for 200 as well that let me

22  have the -- you know, we'll allow everyone access to the

23  database and then allow them to make these individual

24  requests through some website and then we'll continue to

25  negotiate; we'll continue to talk; we'll continue to work

1  through these issues; and then if we can't resolve them,

2  we'll come back to the Court.

3          My concern is two-fold; is that the debtors are

4  aware of the requests being made and that the  -- there's no

5  end, right, that if we say people can keep making requests

6  and people can kind of informally work it out and get

7  follow-on requests, that there's no end to the process

8  which, quite frankly, in a way, wouldn't be as concerning

9  but for the fact that this isn't -- trial's not tomorrow,

10  right, that there's next steps that need to be done.  There

11  are depositions that would need to be taken; that there's

12  objections that need to be filed by October 22nd, and when we

13  set that objection deadline originally, even on an expedited

14  schedule, there was always an understanding that's an

15  initial objection, not on full evidence.  So there's no

16  reason that that has to slip for anyone's individual

17  request.

18          But on the other hand, there does need to be some

19  finality to the discovery process and so we, again, take the

20  position that we have combed the relevant records; we have

21  looked for the responsive documents; that we can't go

22  through 200 individual negotiations.  If the Court were

23  amenable to something coming in, while we don't think that

24  that's necessarily required, then we would say it has to

25  have a finality date.  Right now, the date in the Motion for

1   these requests to participate in the depository are

2   September 28th and we need something like that, a quick

3   deadline, that we can bring this to conclusion because it

4   will just keep bleeding into the next issue and the next

5   issue and people will say I haven't even gotten through gate

6   number one; how can we get to the next stage?  And that's

7   our major concern.  So we're happy to answer more questions.

8   We realize that there are a lot of interests to be balanced

9   but we're just trying to look for a way to get information

10  that's near enough to be relevant to the Motion, efficient

11  enough that the debtors are able to produce the documents to

12  people, and also that make it easy on both sides; that the

13  advantage of our process was that people don't need to make

14  the individual requests; they get the benefit of the

15  entirety of the request, or as much that's not designated,

16  you know, specifically highly confidential, without having

17  to go through the individual request process.

18              THE COURT:  Well, why wouldn't this work?  We

19  have a Committee in place that it's propounded discovery and

20  the debtors responding to that discovery and that will be

21  posted on the website and individuals will then have an

22  opportunity to review those answers and to determine whether

23  or not all of their questions are fully addressed.  And to

24  the extent that they have one question or two questions, you

25  know, some very limited -- to have a very limited window for

1  them to propound those additional questions in a very

2  succinct manner, and again, then those responses could

3  perhaps be posted on the website so that others would then

4  see.  In other words, everyone would have the same universe

5  of information.  To the extent there were some documents,

6  it's my understanding that those are on the website and

7  those could be accessed and, to the extent that Ms.

8  Rohrbaugh or anyone else takes a look at that website and

9  says I have a specific question about another document that

10  I believe is in that file for me, they could make that

11  request.  Now, I know that that still places some burden on

12  the debtor, but at least it limits the burden and, under

13  those circumstances, we could set a definite final outside

14  all-discovery date.

15          MS. SCHWEITZER:  Right.

16          THE COURT:  Is that something that might be

17  workable here?

18          MS. SCHWEITZER:  Well, I think, Your Honor --

19          THE COURT:  I know it's still a burden.

20          MS. SCHWEITZER:  I think we're -- I just wanted

21  to talk about the timing of the initial requests that are

22  coming in on the September 28th.

23          THE COURT:  Right.

24          MS. SCHWEITZER:  And then people need some time

25  to review their files.  I mean I don't know if they get them

1  overnight.  I guess that's what I'm concerned is that so

2  they get them by the first weekend in October -- the first

3  week in October and then they're given a week or two?  I

4  mean the question is are we into November and December in

5  closing off this process or can we get this done that

6  working towards an end date that the production is done by,

7  or that the final requests come in by no later than October

8  15th, which would be the end of written discovery and that

9  they're going to be, you know, dealt with in a quick way

10 after that.  But if it winds up being that we're getting 200

11 requests along the lines of what we've seen, I guess we're

12 telling you we're going to be back to you because those are

13 long requests and they're -- some of them aren't.  Some of

14 them are very long and some of them go on and on.  So I

15 think it is important for us to have that end to discovery

16 and an end to making the requests and an end to the entire

17 discovery process because we won't get to trial otherwise.

18         THE COURT:  Well, bankruptcy, you know, is that

19 odd kind of creature because, although we have a Committee

20 in place and they have a very significant role, each

21 individual creditor has a right to address a Motion so that

22 here complicates things.

23         MS. SCHWEITZER:  Right.

24         THE COURT:  Further complicating, is the fact

25 that we are dealing with people who are disabled.

1          MS. SCHWEITZER:  Right.

2          THE COURT:  And, although we are all accustomed

3    to tight deadlines --

4          MS. SCHWEITZER:  Right.

5          THE COURT:  I don't know how you can impose tight

6    deadlines on someone who is hospitalized and the like and

7    that's what makes it problematic.

8          MS. SCHWEITZER:  Right.  I mean I think --

9          THE COURT:  But there has to be a -- I agree.

10   Ms. Beckerman used the word balance several times.  There

11   has to be a balance here.  But I think there has to be a

12   little more flexibility than we normally have where there's

13   a deadline.  If you don't meet the deadline, it's just --

14   you know, it's tough luck.  And I don't want to tell someone

15   who is having seizure issues or is hospitalized that --

16   tough luck.

17         MS. SCHWEITZER:  Right.  No, of course, and I

18   understand that.  I think that, obviously, there are

19   individual issues and, quite frankly, if someone came and

20   said I just want to, you know, get my copy of the main

21   database, right, that everyone else has gotten, that's not

22   as hard of an issue to say look, you know, for Ms.

23   Rohrbaugh, you get what everyone gets which is the right to

24   make the requests to the main database.  I think what's

25   difficult is that the one person asks and everyone says oh,

1    that was a good request, now we all want it, right, and then

2    we all see now 200 people are making the requests, or the

3    Committee says that's a great request; why didn't I ask for

4    that?  Let's all go -- and the one off requests become

5    requests for 200 for another review of individual files or

6    for correspondence or for communication to the third parties

7    that it winds up being this -- just this sheer inability to

8    collect that information and just the difficulty of bringing

9    that to the Court in an orderly manner.  We're not opposed

10   to taking into account individual requests if they're narrow

11   and they're achievable quickly.  I think our concern is that

12   -- I guess what troubles us the most is that we -- you know,

13   we set the initial Scheduling Order in August, and I

14   understand the concerns about whether people are on notice

15   or not, in late August, we worked through this and we

16   thought we had accomplished something and we could have

17   taken more time already had there been more communication of

18   the issues or more coordination up front.  We could be

19   further along in working through these issues.  So I think

20   that that's our main concern is that that pattern has to

21   change; that if we go forward and we say that people have

22   this right to make a supplemental request, that it can't be

23   a supplemental request on a supplemental request, on an

24   extension, on an I didn't understand that goes on without

25   end, right, so that if we were to say that people have to

1  make their initial requests by September 28th, that they have

2  to make follow-on requests

3  -- I don't know if we could look at a calendar, but maybe on

4  October 15th, right, and that those will be -- you know, that

5  that will be the close or I don't --

6          THE COURT:  Well, you have -- if they make a

7  request by the 28th of September, will you have had an

8  opportunity to respond to those requests by October 15th?

9          MS. SCHWEITZER:  Well, I think -- I thought your

10  proposal actually was that they will make -- September 28th,

11  they get the initial request.

12          THE COURT:  Right.

13          MS. SCHWEITZER:  Right?  And then the follow-on,

14  that they're going to have an opportunity to review.

15          THE COURT:  Okay.

16          MS. SCHWEITZER:  So that all -- I just want an

17  end date for all of the supplemental requests to come in,

18  right?  There will be no more supplemental requests after --

19          THE COURT:  I see.

20          MS. SCHWEITZER:  -- X date, right?  That's the

21  important thing is that there's an end to this.  And to the

22  extent that Mr. Zahralddin can be a liaison in working

23  through the issues, that's fine, but the ones we've gotten

24  in, quite frankly, as we've said, Your Honor, we can already

25  look at them and say these will be given access; this is a

1  whole laundry list that is either not relevant or undue

2  burden and it's going to be not a form letter, but it will

3  be a standard response to a lot of these issues.  We also

4  have

5  -- we understand Prudential has contacted us that they're

6  getting requests.  They're not a party and that -- and I

7  don't know that they have anything that we don't have.  So

8  there are going to be issues to be worked through but we do

9  need to bring this to the end.  The Interrogatories are now

10 being propounded on us, right, and so then are we -- I mean

11 we would take the position we're going to refer them to the

12 document repository, but are we setting another date for

13 Interrogatories, for Requests for Admission, are we opening

14 the door to 200 of those?

15           THE COURT:  You may be but -- yes, Mr.

16 Zahralddin?

17           MR. ZAHRALDDIN:  I would imagine, Your Honor,

18 that they just need some clarity that all these things need

19 to happen by a certain time and I think people will try to

20 comply with it.  People that may be calling Prudential,

21 Prudential is still the Plan Administrator here.

22           THE COURT:  Yes.

23           MR. ZAHRALDDIN:  So these are active Plans.

24           THE COURT:  Right.

25           MR. ZAHRALDDIN:  So there is a requirement under

1  ERISA and under the Plan documents to respond to inquiries.

2  If I need my file to review and make a determination on my

3  Social Security or whatever it may be, or whatever it may be

4  that's out there, I can request out of Prudential.  I don't

5  know if they're getting discovery requests.  I haven't seen

6  them.

7            MS. SCHWEITZER:  We understand they're getting

8  discovery requests just like the requests to the debtor.

9            MS. ZAHRALDDIN:  Okay.

10            THE COURT:  Is it reasonable to suggest that any

11  individual Interrogatories or Requests for Admissions, or

12  the like, that the debtor does not need to respond to those

13  because that -- the bulk of that information --

14            MR. ZAHRALDDIN:  Is going to be on the

15  repository.

16            THE COURT:  That's right.  And to the extent I,

17  as an individual, have a question or two that's not covered,

18  that I would be allowed to propound those --

19            MR. ZAHRALDDIN:  Your Honor, Ms. Beckerman said

20  the requests are very broad and --

21            THE COURT:  Yes.

22            MR. ZAHRALDDIN:  -- I'm sure the debtor is going

23  to respond in the right light.

24  (Laughter)

25            MR. ZAHRALDDIN:  So that leads to believe that if

1    you put those circles together, we're going to have most of

2    the stuff in our repository.  They're officers of the Court.

3    I've got to take them at their word, right?

4            MS. BECKERMAN:  Understood.

5    (Laughter)

6            MR. ZAHRALDDIN:  But I think that that would

7    work, Your Honor.

8            THE COURT:  Yes, that's what I'm - - yes.

9            MR. ZAHRALDDIN:  What also might facilitate this,

10   and I think the debtors have been hesitant to do this in the

11   past, but if we could get -- we have a good number of

12   peoples' phone numbers and emails, if they could provide the

13   rest of the LTD list to us, we can then make sure we cut off

14   and get the word out that here is the Order; here's what

15   you've got; here's what it's supposed to do; don't send

16   another set of discovery requests; don't send a brand new

17   set of discovery requests; and I think we can facilitate

18   that fairly quickly and that would supplement what's

19   happening right now.  And the LTD'ers Committee, as you

20   requested us to do, have been calling people based on the

21   phone number list we have --

22           THE COURT:  Right.

23           MR. ZAHRALDDIN:  -- off of our KCC website.  But

24   if we could supplement that with the 50 or 60 or so that

25   haven't signed up on the website for whatever reason, we --

1    I don't think we've ever received a phone list from them.

2              MS. SCHWEITZER:  Your Honor, I'm not sure the

3    debtors have current phone numbers for all the LTD parties.

4              MR. ZAHRALDDIN:  The Administrator does.  The

5    Plan Administrator does who works for them has it.

6              MS. SCHWEITZER:  Okay.  We never got them.

7              MR. ZAHRALDDIN:  See, Prudential sends us --

8              THE COURT:  It would be helpful here I think.

9              MR. ZAHRALDDIN:  Your Honor, Prudential sends us

10   a list early on in the process before we were a Committee,

11   back when we were representing 75 of them, and we have not

12   touched or used that list because the debtors indicated

13   Prudential should not have sent that list over.  That list

14   had phone numbers and emails.  So if we can get an updated

15   version of that or follow up on what we have --

16              THE COURT:  I think --

17              MR. ZAHRALDDIN:  -- I'm happy to help facilitate

18   that process.

19              THE COURT:  Yes, Ms. Schweitzer?

20              MS. SCHWEITZER:  So, Your Honor, if you order me

21   to give it, I can give it.

22              THE COURT:  I'm going to order you to give it,

23   yes.

24   (Laughter)

25              THE COURT:  Yes.

1          MS. SCHWEITZER:  To the extent that it exists.

2          THE COURT:  Yes.

3          MS. SCHWEITZER:  We'll --

4          MR. ZAHRALDDIN:  Okay.

5          MR. SCHWEITZER:  -- look for it.

6          THE COURT:  Okay.

7          MR. ZAHRALDDIN:  Okay.  Thank you.

8          THE COURT:  Very well.

9          MS. SCHWEITZER:  Okay.  So --

10          THE COURT:  That brings us back I guess to the

11 procedures.

12          MS. SCHWEITZER:  Right.

13 (Laughter)

14          THE COURT:  And the Motion, yes.

15          MS. SCHWEITZER:  Well, I was always told when you

16 get something you like, walk out.  So I've gotten no RFA's

17 and no Interrogatories so I'm going for the door but -- no,

18 but seriously, I think that -- I mean hearing that we're all

19 okay with the idea that there will be this repository; that

20 there will be the deadline for people to make requests of

21 the repository will be September 28th.  So it's ten days from

22 now or whatever.

23          MR. ZAHRALDDIN:  Ten days from now, yes.

24          MS. SCHWEITZER:  And that, to the extent that

25 they have already made or want to make additional

1  supplemental requests, that those need to be -- those can be

2  submitted at anytime, but will be submitted by no later than

3  October 15th.

4          MR. ZAHRALDDIN:  Yes, I think October -- that's

5  our current discovery deadline.

6          MS. SCHWEITZER:  Yes.

7          MR. ZAHRALDDIN:  So I think that alleviates the

8  issue of the Federal Rules requiring 30 days for responses

9  to everything else --

10         THE COURT:  Right.

11         MR. ZAHRALDDIN:  -- and then compresses it but at

12  least people know what the deadline is.  And again, being

13  pro se, they haven't read the Federal Rules; they just see

14  the end date and don't know how that fits in.

15         THE COURT:  Correct.

16         MR. ZAHRALDDIN:  That you have to respond by that

17  time and if you've never responded by that time, you've got

18  to propound 30 days earlier.  That goes completely over most

19  attorneys' heads and, certainly, it doesn't work that well

20  with disabled laypeople.

21         THE COURT:  And then would it be helpful if I set

22  aside a morning to address issues that may arise?

23         MR. ZAHRALDDIN:  I think to the extent that's

24  necessary --

25         MS. BECKERMAN:  You mean after the 15th, Your

1  Honor?

2           THE COURT:  After the 15th.

3           MR. ZAHRALDDIN:  It may help facilitate and

4  alleviate their concerns.

5           MS. BECKERMAN:  Yes.  Yes.

6           MR. ZAHRALDDIN:  And certainly, I think those

7  folks would be amenable to that as well.

8           MS. SCHWEITZER:  I'm just checking that October

9  15th is not a Saturday, Judge.

10           THE COURT:  That's a good idea.

11           MS. BECKERMAN:  It's a Monday.

12           THE COURT:  Okay.

13           MS. BECKERMAN:  It's a Monday.

14           MR. ZAHRALDDIN:  It's a holiday.

15           MS. SCHWEITZER:  Oh, it's a holiday?  It's

16  Columbus Day.  Is it Columbus Day?  Okay.  I was going to

17  say we could take the 12th otherwise.  And then --

18           MR. ZAHRALDDIN:  Or the 16th.

19           MS. SCHWEITZER:  We have the hearing on October

20  18th.  I don't know if that's too soon thereafter.

21           MS. BECKERMAN:  You will have to have read all

22  this --

23           MS. SCHWEITZER:  Yes.

24           MS. BECKERMAN:  -- those requests and figure out

25  what you're going to --

1           THE COURT:  Is that too soon?

2           MS. BECKERMAN:  -- if you're going to have an

3    issue with that?

4           MS. SCHWEITZER:  I guess the only question is if

5    they're rolling in through the hearing --

6           MR. ZAHRALDDIN:  Well, your discovery is due to

7    us by the 15th anyway, correct?

8           MS. SCHWEITZER:  Yes.

9           MR. ZAHRALDDIN:  So anything that would have been

10   produced to us would be up in that --

11          MS. SCHWEITZER:  Yes.

12          MR. ZAHRALDDIN:  -- repository by then.  But

13   certainly, in order to alleviate this, anything you can get

14   to us quicker on the 28th makes it easier.

15          MS. SCHWEITZER:  Right.  Well, I would actually

16   say if we raise things on the hearing on the 18th, only -- we

17   can put a follow-on date, but just because I don't want --

18   if there is some follow-up work, then we're already into

19   half-way through October, right?

20          THE COURT:  Well, I have you on the calendar at

21   11:00.  At the moment, I don't see anything after you.  So I

22   am going to leave it wide open.

23          MS. SCHWEITZER:  Okay.

24          THE COURT:  And we'll see.  And if you need

25   another date at that point, then we'll look at it, but --

1          MS. SCHWEITZER:  That's fine.

2          MR. ZAHRALDDIN:  Thank you, Your Honor.

3          MS. SCHWEITZER:  Okay.

4          THE COURT:  Okay.

5          MR. MATZ:  Just for the record, Your Honor,

6    Thomas Matz, of Milbank.

7          THE COURT:  Welcome.

8          MR. MATZ:  We have a reply --

9          THE COURT:  Good afternoon.  Yes, sir.

10         MR. MATZ:  -- for the Bondholder.

11         THE COURT:  Yes.

12         MR. MATZ:  And I didn't think there needed to be

13   three people at the podium.

14   (Laughter)

15         MR. MATZ:  But yes, that was me jumping up and

16   down every once in a while.

17         THE COURT:  That would be a first.

18         MR. MATZ:  I apologize.  But we very much, the

19   Bondholder Group, endorses the proposal of the course that

20   the Court would --

21         THE COURT:  All right.

22         MR. MATZ:  Those seem to be reasonable dates and

23   I would say we'll see you on the 18th.

24         THE COURT:  All right.  Very well.  And

25   hopefully, things will not be problematic by the 18th, but to

1    the extent they are, we'll address it.

2              MR. MATZ:  Thank you very much.

3              THE COURT:  Thank you, sir.

4              MR. BERGER:  Good morning, Your Honor, Neil --

5    Your Honor --

6              THE COURT:  Yes.

7              MR. BERGER:  -- Neil Berger on the line.

8              THE COURT:  Yes sir, good morning.

9              MR. BERGER:  Good morning, Your Honor.  I speak

10   only to address some statements that were made much earlier

11   today by LTD's Counsel regarding who the 1114 Committee

12   represents, and this could be interpreted by folks who read

13   the transcript that broaden the scope of individuals or

14   claimants who the Committee that I represent, who falls

15   under that umbrella.  Those individuals and the claims are

16   governed by the Code and the Plan documents.  Other

17   documents, and discussions that we're having with the

18   parties in interest and the mediator, obviously, those

19   proceedings with the mediator are confidential.  We're very

20   much looking forward to our next mediation session with the

21   parties and the mediator, and I speak only to preserve my

22   1114 Committee rights and claims, not to upset the art of

23   reaching some type of resolution, but wants to sort of

24   simply state for the record that our right to preserve.  We

25   have no position regarding the procedures that were just

1   ironed out for the LTD discovery.

2           THE COURT:  All right.

3           MR. ZAHRALDDIN:  Rafael Zahralddin again, for the

4   LTD Committee.  My comments were not made to create any sort

5   of record and I agree with Mr. Berger.  We've had some

6   discussions on that and he's right, our rights of a

7   prospective individual employee are determined by the Code.

8   To the extent they become an issue, we've preserved all

9   rights on this as well.

10          THE COURT:  All right.

11          MR. ZAHRALDDIN:  Thank you.

12          THE COURT:  That sounds fine to me.  All right.

13  So I will enter the Procedures Order.  With the additional

14  language, Mr. Zahralddin?  Has that been agreed upon?

15  You've agreed to add --

16          MS. SCHWEITZER:  I think we're happy to do a

17  revised Order that puts in the additional points of the no

18  responses to the RFA's and Interrogatories, --

19          THE COURT:  Good.

20          MS. SCHWEITZER:  -- the deadline to serve on the

21  -- that it will go forward on the 18th if there's --

22          MR. ZAHRALDDIN:  Yes.  I think we can provide you

23  that by a Certification of Counsel --

24          THE COURT:  Yes.

25          MS. SCHWEITZER:  Yes.

1          MR. ZAHRALDDIN:  -- if you want, Your Honor.

2          THE COURT:  That will be fine.

3          MR. ZAHRALDDIN:  Okay.

4          THE COURT:  Very well.

5          MR. ZAHRALDDIN:  We'll get that to you as soon as

6   possible so it doesn't eat up any of this time.

7          THE COURT:  Thank you.  All right.  You know, it

8   might not be a bad idea to take just a short break right now

9   before we move on to the next matter.  Let's take until

10  around 11:30.  I'll be back out.  Thank you.

11  (Recess from 11:20 a.m. to 11:32 a.m.)

12          THE CLERK:  Please rise.

13          THE COURT:  Thank you, everyone.  Please be

14  seated.  Good morning.  I think we're on to the next item,

15  the Motion for Protective Order, is that correct?

16          MR. MCDONALD:  May it please the Court, Paul

17  McDonald, --

18          THE COURT:  Yes, sir.

19          MR. MCDONALD:  -- on behalf of the Movants who

20  are the individual plaintiffs in the adversary proceeding;

21  those being Robert Horne, James Young, Ellen Bovarnick,

22  Charla Crisler, Bart Kohnhorst, Brian Page, and Benjamin

23  Warrant.  We are here on a Motion for Protective Order under

24  Rule 26 --

25          THE COURT:  Right.

1        MR. MCDONALD:  -- seeking a Protective Order

2   relieving the individual plaintiffs of any obligation to

3   submit to a deposition as noticed by the debtors' Counsel, a

4   depositions list simply noticed for the purposes of

5   formulating their response to the pending Motion for Class

6   Certification in the adversary proceeding.

7        THE COURT:  Yes, Mr. McDonald.  Thank you.

8        MR. MCDONALD:  Your Honor, would it be helpful

9   for the Court; I believe it would, for me to review some of

10  the relevant procedural history in order to get the issues

11  that are framed in this Motion in context?

12        THE COURT:  It's your argument, and I would

13  certainly be willing to hear you out.

14        MR. MCDONALD:  All right.  I think it will be

15  helpful to discuss briefly the genesis of this matter, which

16  was the debtors' Turnover Motion which was filed in December

17  of 2010, and to talk a little bit about the adversary

18  Complaint that we filed as a result of the Turnover Motion,

19  and then briefly talk about the issues in the pending Motion

20  for Class Certification.

21        THE COURT:  Very well.

22        MR. MCDONALD:  So with respect to the Turnover

23  Motion, again, that was filed more than a year and a half

24  ago in December of 2010.  In that Motion, the debtors were

25  seeking the turnover of funds that are currently being held

1   in a grant or a trust in a U.S. Bank and those funds were to

2   be turned over to the exclusion and to the detriment of the

3   trust's beneficiaries.  The monies that are held in that

4   trust, approximately $38 million, are comprised of the

5   deferrals that were made by participants in a Nortel U.S.

6   Deferred Compensation Plan which the parties sometimes refer

7   to as the DCP --

8            THE COURT:  Yes.

9            MR. MCDONALD:  -- and I may also today.  One of

10  the debtors, Nortel Networks, Incorporated, acted as the

11  Plan sponsor for that Plan.  The DCP, I don't think there's

12  any issue in this case that it is an employee benefit plan

13  that is subject to ERISA.  And in the Turnover Motion, the

14  debtors asserted essentially three claims.  The first was

15  that the DCP qualifies as a Top Hat Plan under ERISA.

16           THE COURT:  Correct.

17           MR. MCDONALD:  Because it qualifies as a Top Hat

18  Plan, it's exempt from many, if not most, of ERISA's

19  substantive protections, including the requirement that

20  those assets be held in trust for the benefit of the DCP

21  participants.  And the relief requested in the Turnover

22  Motion was that the funds in the Rabbi Trust be made

23  available to satisfy the claims of all of the debtors'

24  creditors and extinguishing, essentially, any claim that the

25  beneficiaries of the DCP had to those funds.

1          Now, we've been through this before, but just

2    briefly, ERISA does not define what a Top Hat Plan is.  It's

3    essentially a colloquial term that's used to describe a

4    certain type of Deferred Compensation Plan.  And a Top Hat

5    Plan is one that meets two elements; 1) it's unfunded; and

6    2) that it is maintained by an employer primarily for the

7    purpose of providing deferred compensation to; these are the

8    relevant terms, a select group of management or highly

9    compensated employees.  The burden of proving that an ERISA

10   Deferred Compensation Plan satisfies the Top Hat elements is

11   on the Proponent of the Plan; in this case it would be the

12   debtors.

13          Now, as Your Honor is aware, a number of the

14   beneficiaries of the Nortel Deferred Comp Plan, including

15   all of the individual plaintiffs in this matter, filed

16   objections to the Turnover Motion.

17          THE COURT:  Yes.

18          MR. MCDONALD:  An Ad Hoc Group led the charge and

19   there was a hearing scheduled for February of this year.

20   Essentially, the opponents to the Turnover Motion were

21   arguing that the Nortel Plan is not a Top Hat Plan and,

22   therefore, it is subject to all of ERISA's substantive

23   requirements, including two key requirements; one being the

24   exclusive benefit rule, and the other the non-inurement

25   rule.  If, as the objectors contend, the Nortel Plan is not

1    a Top Hat Plan, then under the executive benefit rule, all

2    of the contributions to the Plan, the funds being held in

3    the Rabbi Trust, have to be held in trust for the exclusive

4    benefit of the Plan participants.  And under the non-

5    inurement rule, the monies that are held in that trust may

6    not be diverted to satisfy the debtors' obligation and are

7    protected against any alienation and, therefore, cannot ever

8    become assets of the debtors' bankruptcy estates.

9              At the February hearing, the Court granted the

10   objectors need to conduct discovery and the Turnover Motion

11   essentially was stayed pending that discovery.  The parties

12   then engaged in some discovery.  We were here last summer,

13   the day of the earthquake, on a discovery motion in

14   connection with the Turnover Motion, and at that hearing, I

15   flagged for Your Honor that the objectors to the Turnover

16   Motion were likely going to file an adversary proceeding

17   because the issue had been raised that, even if they were

18   successful in opposing a Turnover Motion, there might not be

19   able to be relief granted in their favor in terms of

20   providing the funds in the Rabbi Trust to them.  So to that

21   end, the individual plaintiffs and the Ad Hoc Group

22   commenced an adversary proceeding in this Court by filing a

23   Complaint last December just before Christmas.  The purpose

24   of the adversary proceeding, which is now combined with the

25   Turnover Motion, really is to resolve the competing claims

1 to the parties to the race of the Rabbi Trust.  The

2 individual plaintiffs; again, Movants to this matter, were

3 appointed by the members of the Ad Hoc Group as the Steering

4 Committee for the Ad Hoc Group.  They're basically charged

5 with monitoring and preserving the plaintiffs' claims in

6 this adversary proceeding, as well as the accompanying

7 Turnover Motion.  And again, the crux of the adversary

8 proceeding, just like in the Turnover Motion, is the

9 question whether or not the Nortel Deferred Comp Plan

10 satisfies the elements of the Top Hat issue.

11          THE COURT:  The issues are the same; it's the

12 relief being requested that is different between the two

13 matters.

14          MR. MCDONALD:  That is correct.

15          THE COURT:  Yes.

16          MR. MCDONALD:  Our position was that, under the

17 Turnover Motion, we should be entitled to the equitable

18 relief that's being sought in the adversary.  But to make

19 sure that we didn't obtain a right and have no remedy, we

20 have asserted affirmative claims.

21          THE COURT:  Yes.

22          MR. MCDONALD:  Equitable claims in the adversary

23 Complaint.  And essentially, what we're looking for in the

24 adversary proceeding, is a declaratory judgment that the

25 Nortel Plan is not a Top Hat Plan and, therefore, all of

1  ERISA's substantive requirements apply to it.  And in terms

2  of the equitable relief, we're looking for the imposition of

3  an implied constructed or equitable trust or lien over the

4  Nortel assets for the exclusive benefit of the

5  beneficiaries.  To the extent necessary, reforming the terms

6  of the DCP document and/or the Rabbi Trust Agreement to

7  incorporate ERISA's substantive provisions.  And then, in

8  the alternative, to the extent that those forms of relief

9  are not granted by the Court, we were looking for an

10  equitable surcharge or a requirement that the debtors pay

11  restitution for violation of ERISA and violation of their

12  fiduciary duties.  And lastly, we're looking for an award of

13  attorneys' fees in the adversary proceeding.

14        After some delay after the filing of the

15  adversary Complaint, and there's been some back-and-forth as

16  to who is responsible for that delay, but I don't think it's

17  for today's purposes, we filed, on July 9th of this year, a

18  Motion for Class Certification.  What we're seeking there is

19  to appoint the individual plaintiffs as the Class

20  representatives and to appoint Bernstein Shur and our legal

21  Counsel, Blank Rome, as Class Counsel.

22        THE COURT:  Yes.

23        MR. MCDONALD:  The proposed Class, under the

24  Motion for Class Certification, would include all of the

25  Deferred Comp Plan participants and/or their beneficiaries

1  who may have claims to the monies in the Rabbi Trust.  We

2  filed, along with the Motion for Class Certification, sworn

3  Declarations for each of the plaintiffs.

4         I think it's important to note that the Class

5  that we are looking to certify in the Motion for Class

6  Certification, is the same group of people that the debtors

7  are seeking to bind with respect to the Turnover Motion.

8  It's the identical group of people.  Now, I don't want to

9  get into the merits of the Class Certification argument, but

10 just briefly, as Your Honor is aware, whether or not the

11 Court certifies this Class, it would be governed by Rule 23.

12        THE COURT:  Right.

13        MR. MCDONALD:  And, under Rule 23, we as the

14 proponents of Class Certification, have to demonstrate that

15 we meet all of the four requirements of Rule 23(a), and one

16 of the requirements of 23(b).  I don't think I'll take any

17 time to go into those now unless the Court thinks it would

18 be appropriate.  Some are relevant for purposes of the

19 Motion for Protective Order; some are not.  So that's the --

20 sort of the backdrop of the procedural issues that we're

21 here to address today, and just one last point.  There was -

22 - after the last hearing, we were contacted by debtors'

23 Counsel who suggested that they needed some limited

24 discovery in order to respond to our Class Certification

25 Motion, and in connection with that, they presented a

1    proposed stipulation.  I'll get into that a little bit more

2    later.  But really, it was asking us to stipulate

3    essentially to what are clearly conclusions of law or legal

4    arguments and/or certain statements which we'd concede are

5    facts but are facts that are already existing in the public

6    records and/or facts that are already provable by documents

7    that are already in the debtors' possession.  Essentially,

8    it was a make-work stipulation and just seemed not to be

9    moving the ball forward on a Motion which, frankly, we are

10   puzzled as to why there's even an objection to Class

11   Certifications in light of the fact that, again, the

12   Turnover Motion is seeking to find those very same

13   individuals who we are presenting should be the proposed

14   Class.

15            In any event, we were not able to reach agreement

16   on the proposed stipulation and, in response, we were met

17   with a barrage of discovery requests.  The debtors' Counsel

18   served in my law firm a subpoena looking for either myself

19   or Mr. Keach to testify, and also, documents that were

20   contained in our file, looking to probe into the

21   relationship that we have with the members of the Ad Hoc

22   Group.  The individuals in the Ad Hoc Group were served with

23   document requests and Interrogatories.  That was the second

24   set of document requests and Interrogatories that they had

25   been served in this matter.  The individual plaintiffs and

1  the Ad Hoc Group were also served with Requests for

2  Admission.  And then, lastly, we were served with deposition

3  notices of all seven of the individual plaintiffs and that's

4  why we're here today.

5           THE COURT:  Yes.

6           MR. MCDONALD:  I want to be clear at the outset

7  as we get to the issue that we are not contesting the

8  proposition that pre-Class Certification discovery may

9  sometimes be necessary and appropriate in certain cases to

10 enable the opponents and the Court to engage in what the

11 Third Circuit has called the rigorous Class Certification

12 analysis.  We do not challenge that Rule 26, presumptively,

13 gives a party the right to conduct discovery with respect to

14 relevant matters so long as the information sought is not

15 cumulative, overly burdensome, etc., etc.  We're objecting

16 to the depositions because this is not a case where pre-

17 Class Certification discovery is necessary or appropriate.

18 There are no facts that are relevant to the Rule 23 analysis

19 that are in dispute.  But even if there were, all of the

20 documents and the information that would go to those issues

21 are documents and information that are already in the hands

22 of the debtors.  So we see the attempt to compel the

23 individual plaintiffs to come to Delaware to attend and give

24 testimony in depositions as nothing more than a form of

25 harassment.  We've moved under 26(b) and (c) for a

1   Protective Order.  26(c) contemplates a Protective Order to

2   protect a person from annoyance or pressure or undue

3   expense.  And 26(b)(2)(c) empowers Your Honor to curtail

4   that discovery when it's unreasonably cumulative or

5   duplicative, can be obtained from a more convenient or less

6   expensive source, or the burden or expense of the proposed

7   discovery outweighs its lengthy benefits and, as we've

8   articulated in our papers, each one of those provisions

9   applies in this case.

10          THE COURT:  I have the impression there was not a

11  lot of discussion between Counsel to resolve some of these

12  particular issues.

13          MR. MCDONALD:  Well, there were phone calls and

14  email exchanges around what the debtors were looking for,

15  and our position, as articulated during those calls, were

16  that discovery was not necessary; that to the extent they

17  were looking to probe into the issues that they've

18  articulated in their opposition papers, they've already

19  served discovery on those issues and have gotten our

20  responses.  So I think it's fair to say that we concluded

21  early on that, given the tenor of the conversations, we were

22  not likely to reach an appropriate compromise.

23          Now, with respect to the particular elements of

24  Rule 26, we contend that these depositions would be

25  annoying, oppressive, and expensive for each of the

1  individual plaintiffs, all of whom reside out-of-State; some

2  as far away as California and Texas.  As I mentioned, the

3  individual plaintiffs have already responded to

4  Interrogatories and document requests that have been

5  propounded by the debtors, as well as Requests for

6  Admissions.  And as I mentioned before, the issues in this

7  case surrounding whether the DCP is or is not a Top Hat

8  Plan, including issues of standing, are all evidenced by the

9  documents that the debtors already have; payroll records,

10 employment records, enrollment, participation in the DCP,

11 the Turnover Motion itself.  All of those documents, which

12 the debtors already have, resolve all of the questions that

13 they claim they need to explore in the depositions.  In

14 particular, in the opposition, the debtors say they need

15 these depositions to explore three prongs of the Rule 23

16 analysis under Rule 23(a); the issues of adequate

17 representation, commonality, and typicality.  They have not

18 asserted in their opposition that they need these

19 depositions to address any of the other issues that are

20 involved in Rule 23 analysis.

21        Now, our first response to the debtors' position

22 is that this discovery is not necessary as a matter of law.

23 The thrust of the debtors' position, as I understand it, is

24 that they claim to need this discovery to explore the

25 question of whether or not the individual plaintiffs possess

1    constitutional standing.  In other words, have they suffered

2    an injury in fact?  The debtors claim that they have not

3    suffered an injury in fact because they claim this case is

4    about the individual plaintiffs complaining that others who

5    did not meet the Top Hat requirements were let into the

6    Plan; that the individual plaintiffs have no such complaint

7    because they are not complaining they shouldn't have been

8    let into the plan and, therefore, they haven't suffered an

9    injury.  And as we've tried to articulate in our reply, Your

10   Honor, that's simply a fundamental mischaracterization of

11   what this lawsuit is all about.  We are fighting over who

12   owns the money in the Rabbi Trust.  Every single one of the

13   individual plaintiffs, as well as every other person in the

14   punitive class, has an individual account balance where they

15   can see what portion of the Rabbi Trust is attributable to

16   their Deferred Compensation balance.  And in the Turnover

17   Motion, the debtors are trying to take the entire balance of

18   the trust and move it into their bankruptcy estate to be

19   available for distribution to the unsecured creditors of the

20   debtors.  Our claim is that's our money, and that by filing

21   the Turnover Motion, they're trying to take away our money.

22   That is, by definition, an injury in fact, and the question

23   of whether or not there is standing, is one -- I mean

24   lawyers can debate it.  One could spend a deposition asking

25   questions around it but it's not going to change the

1    essential fact that there is clearly Article III standing in

2    this case by virtue of the fact that the debtors are trying

3    to take monies that the individual plaintiffs claim is their

4    own and is fully protected by ERISA.

5              If the Court were to go beyond the question of

6    whether or not, as a matter of law, the standing question is

7    a relevant one, again, I go back to the point I made earlier

8    that the depositions are not going to change the landscape

9    regarding the standing question.  The central issue that the

10   debtors claim they need to explore at the deposition is

11   really the central issue in the lawsuit, and that is whether

12   or not these individual plaintiffs were members of a select

13   group of management or highly compensated employees.  But,

14   Your Honor, that's not a factual question.  It's the

15   ultimate legal issue in the case.  In order to determine

16   whether or not, for example, Robert Horne was a member of

17   that select group, you have to do an entirely comparative

18   analysis of what his management position was, what his

19   salary and compensation package was, and compare that

20   against the salary, compensation, and position of every

21   other Nortel employee who was potentially eligible to

22   participate in the Deferred Comp Plan that year.  So Mr.

23   Horne can't tell them whether he was a member of a select

24   group, and he wouldn't because he can't do that.  It's a

25   comparative analysis.  The only way to do that analysis is

1    to look at the payroll, employee, and Deferred Comp records

2    that the debtors already have.  So that -- there would be

3    nothing that any one of these individual plaintiffs could

4    talk about with respect to that issue that is going to move

5    the needle one inch on the Class Cert Motion.  The same goes

6    with respect to the individual harm that the debtors claim

7    they want to explore with each one of the individual

8    plaintiffs.  Again, as I just went through, we think as a

9    matter of law the individual harm is established by virtue

10   of the Turnover Motion.  But it's important for the Court to

11   note that, in the first round of discovery that was served

12   on the individual plaintiffs back in March of this year,

13   they were all asked that very question; have you suffered a

14   loss and, if you have, tell us what it is.  And the answers

15   to those Interrogatories are part of the record before you

16   and can be found at Tab B of the --

17            THE COURT:  Yes.

18            MR. MCDONALD:  -- debtors' opposition.  But we've

19   already answered that question for them, and what is the

20   answer?  It's the same one I alluded to earlier.  They have

21   been harmed because their account balances have been

22   deprived -- they've been deprived of those account balances

23   and they're being threatened with a take-away by virtue of

24   the Turnover Motion.  So again, the -- a lawyer could sit

25   and ask questions on these issues, but the answers to those

1    questions are not going to change the legal analysis one

2    iota.  And the factual underpinnings of that, again, are all

3    documents that are within the possession, custody, and

4    control of the debtors right now.  So we see it as a great

5    waste of time and nothing but a roadblock being put in the

6    way of the Motion for Class Certification, which I'll say

7    again, for the life of me, we are puzzled why the debtors

8    are even opposing that.

9             Just to close the loop, there are a couple of

10   other issues that the debtors identify in their opposition

11   papers that they claim they want to explore at these

12   deposition, and our position is really a repeat with respect

13   to those.  They contend, and you can find these at

14   paragraphs 31 and 33 of their opposition, but they contend

15   to want to explore the question whether the individual

16   plaintiff's account balances achieved investment gains,

17   while those of other participants suffered losses.  Well,

18   they have the account balance information in their hands

19   right now.  Why do they need to ask the plaintiffs about

20   that?  They want to explore the question whether, in those

21   circumstances, assuming that's true, a conflict of interest

22   exists.  Well, that's a legal question.  It's a conclusion

23   to be drawn from the facts.  It's not a fact that any

24   individual plaintiff is going to be able to testify about.

25   They claim to want to ask whether some of the individual

1    plaintiffs may have had compensation deferred into a

2    different prior Deferred Comp Plan.  Again, they have all of

3    that information.  It was their Plan.  Either they or their

4    TPA already have the documents that would show whether those

5    issues are, in fact, real or not.  They claim to want to ask

6    questions about whether some individual plaintiffs stopped

7    making contributions to the DCP before the Petition date and

8    whether some of those claims were time-barred.  Again, their

9    records are going to show that.  And the question whether or

10   not there's a statute of limitations problem is a legal

11   question that's going to be resolved by the Court.  It's not

12   going to be disposed of by deposition questioning.

13          And finally, the final issue is whether or not

14   the Contingent Fee Agreement that my firm has with the Ad

15   Hoc Group is excessive or creates a conflict of interest.

16   I'm happy to say that the debtors have withdrawn the

17   subpoena --

18          THE COURT:  Oh.

19          MR. MCDONALD:  -- on my firm.  They have a copy

20   of the engagement letter and, to the extent they want to

21   make a legal argument that there's a conflict of interest,

22   we'll respond to that at the appropriate time.  But it's

23   certainly not an appropriate topic of deposition of these

24   individual plaintiffs.  So again, just like with the

25   standing issue, we would not concede that any factual

1  inquiry is necessary with respect to these issues, but

2  again, we would say that, to the extent there is, all of the

3  documents and all of the information that go to those points

4  are already in the hands of the debtors.  So we would ask,

5  Your Honor, as we asked in our papers, that the depositions

6  be stopped; that the individual plaintiffs not be subject to

7  the burden and expense of additional discovery,

8  particularly, not having to fly here to Delaware just to

9  vent from issues that are not, at this point, relevant.

10  There is likely to be a time in the case where depositions

11  are noticed for the individual plaintiffs, perhaps that go

12  to the merits.  We will cross that bridge when we get to it

13  but I would note that these particular depositions were

14  specifically noticed to relate only to Class Certification

15  issues.

16           THE COURT:  Yes.

17           MR. MCDONALD:  We would assume that this would

18  not be the first time that these people would be requested

19  to come to a deposition.  So this is certainly, with respect

20  to the landscape as it exists right now, these depositions

21  are not appropriate and the request to depose these people I

22  think falls right within the parameters of Rule 26 and there

23  is ample authority for the Court, in its discretion, to

24  order that these depositions not be had and that's what we

25  are asking the Court to do.

1          THE COURT:  I have this question for you, Mr. --

2    I'm sorry, Mr. Herrington, just one question.  Assume for a

3    moment that the debtors were not opposing the Motion for

4    Class Certification.  Wouldn't I, as the Judge, still have a

5    responsibility to make a determination as to whether or not

6    Class Certification was appropriate?  Isn't that sort of an

7    independent obligation or responsibility of the Court?

8          MR. MCDONALD:  I believe it is, Your Honor, but

9    that's not a question that I have looked at.  Essentially,

10   are you saying can we stipulate to Class Certification or is

11   there an independent obligation of the Court to make sure

12   that Rule 23 has been complied with.

13         THE COURT:  Okay.

14         MR. MCDONALD:  I don't know the answer to that

15   question.  My hunch is that you still would have to make an

16   independent determination but I've not looked at that issue.

17         THE COURT:  That's my understanding, yes.  All

18   right.  Thank you.

19         MR. MCDONALD:  But I would add on top of that

20   though that, just as we feel very strongly that the debtors

21   do not need any additional information in order to respond

22   to the Class Certification Motion, we would say, certainly,

23   the Court needs no more information.  We have covered that

24   information in the Declarations of each one of the

25   individual plaintiffs and the record before the Court we

1   feel is more than adequate for the Court to make the

2   determinations that we've complied not only with all of the

3   elements of Rule 23(a), but all of the elements of Rule

4   23(b), and, therefore, certification is appropriate in this

5   case.

6           THE COURT:  All right, sir.  Thank you, Mr.

7   McDonald.

8           MR. MCDONALD:  Thank you.

9           THE COURT:  Thank you, sir.  Mr. Herrington?

10          MR. HERRINGTON:  Good afternoon, Your Honor.

11          THE COURT:  Yes it is.

12          MR. HERRINGTON:  The clock just ticked past noon.

13          THE COURT:  Yes, sir.

14          MR. HERRINGTON:  Your Honor, you asked a question

15  at the end of Counsel's presentation that raises a key point

16  of context, and framework and that is the Court absolutely

17  does have to get into the facts in assessing a Class Cert

18  Motion.  And by the way, this is David Herrington, of Cleary

19  Gottlieb --

20          THE COURT:  Yes.

21          MR. HERRINGTON:  -- for the U.S. Debtors for the

22  record.  As the Supreme Court has emphasized, Class

23  determination generally involves considerations that are

24  enmeshed in the factual and legal issues comprising the

25  plaintiffs' cause of action.   That's the *Coopers Lybrand*

1    case cited in our brief at page eight.  As the Third Circuit

2    has emphasized, in deciding whether to certify a Class under

3    Rule 23, the District Court must make whatever factual and

4    legal inquiries are necessary and it must consider all

5    relevant evidence and arguments presented by other parties.

6    Nortel is trying to develop the evidence that's relevant to

7    its arguments with respect to the Class Cert Motion, and as

8    the Third Circuit has made clear and is actually

9    uncontroversial, allowing time for limited discovery on

10   those issues is absolutely the norm; it's absolutely

11   appropriate; and it's routine.  What the plaintiffs are

12   trying to do here is to cut off any kind of discovery of the

13   facts based on their legal theory that those facts that we

14   seek to discover shouldn't matter.  Now, that's their legal

15   argument.  We believe their legal argument is absolutely

16   wrong.  But a legal argument as to which the parties are in

17   dispute can't serve as the basis for refusing to provide

18   discovery.  Now, Your Honor, as Counsel for the plaintiffs,

19   I do think it would be useful to provide some context on the

20   issues and what brings us here today.

21              THE COURT:  Sure.

22              MR. HERRINGTON:  And there are four basic points

23   that I'd like to discuss; how a Deferred Comp Plan works; 2)

24   the plaintiffs' claims in this case; 3) the standing

25   requirements in order to bring a claim under ERISA; and 4)

1    how all of that fits into the Class Cert issues that Your

2    Honor will have to address, including considering the facts,

3    and a need for the debtors to obtain some limited discovery

4    in order to develop our arguments on these relevant issues.

5    Now, Your Honor, a Deferred Comp Plan allows participants to

6    defer compensation, and the reason they do that, the benefit

7    to those participants as employees who choose to defer

8    compensation, is a tax benefit.  By not taking the $10,000

9    of compensation now, they avoid paying taxes on this

10   $10,000.  It goes -- it is deferred until later.  It may be

11   allowed to grow at certain rates and then when they withdraw

12   it, they'll pay taxes then.  But they get a tax benefit from

13   avoiding tax --

14            THE COURT:  Correct.

15            MR. HERRINGTON:  -- on that deferred

16   compensation.

17            THE COURT:  Yes.

18            MR. HERRINGTON:  Now, there's a trade-off they'd

19   have to agree to.  They'd have to agree, and this is

20   actually a quote from the enrollment form that these

21   participants signed in order to participate.  They agreed

22   that, "Any compensation that I defer will remain an asset of

23   the company and subject to the claims of the general

24   creditors of the company in the event of its bankruptcy or

25   insolvency."  That is the trade-off and another way of

1  putting it is the employer's obligation to pay this deferred

2  compensation is an unfunded obligation.  The standard way to

3  do it is the employer just records that obligation in its

4  books and records.  It doesn't have to set aside any money.

5  It just puts it in its books and records.  An employer can,

6  really for its own benefit, set up what's called a Rabbi

7  Trust.  Now, a Rabbi Trust simply helps the employer manage

8  its liability under this Deferred Compensation Plan.  But an

9  absolute requirement for that Rabbi Trust is that the assets

10  in it cannot be earmarked for the participating employees.

11  If it were earmarked, if it were -- if it were set up to say

12  here is the $10,000; we're holding it in your name --

13           THE COURT:  It's not deferred.  It's really not

14  deferred.

15           MR. HERRINGTON:  It's not deferred.

16           THE COURT:  Yes.

17           MR. HERRINGTON:  They've got a right to it.  And,

18  under tax law, it's recognizable as income at that moment.

19  So it has to be separated from the employees.  It can't be

20  something that's held in their name and it has to, as part

21  of that, be such that it is an asset of the company and, if

22  there's a bankruptcy, it has to then be subject to the

23  general creditors.  That is the absolute trade-off that has

24  to happen.  You know, Your Honor, Nortel did set up a Rabbi

25  Trust and I think it would be helpful to actually discuss

1  some of the points that Counsel just made about saying that

2  this trust is actually holding deferred compensation in the

3  name of individual plaintiffs.  That's absolutely untrue and

4  it couldn't be true in order for them to get the tax

5  benefit.  What the trust did is simply on an aggregate level

6  try to approximate how much would be owed at any given

7  moment under the aggregate Deferred Compensation Plan.  Now

8  again, they didn't have to set up any kind of Rabbi Trust at

9  all.  They could have just put it in its books and records,

10 not -- this is simply for its own benefit.  It could have

11 set up a Rabbi Trust and had it equal half of the aggregate

12 liability.  There's no correlation between an individual

13 employee deferring compensation.  That compensation doesn't

14 travel into some trust somewhere and get held in that

15 person's name.  It's completely independent.  Now, this

16 Deferred Compensation Plan, and this is just sort of an

17 aside but I think it's going to be useful in understanding

18 the case, employees were allowed to have what's called a

19 nominal account and that let them make decisions so that if

20 they deferred that $10,000, they could say -- it's almost

21 like fantasy football, Your Honor, it really is.

22 (Laughter)

23          MR. HERRINGTON:  It's to say I want to pretend

24 that I'm investing that $10,000 into these different

25 accounts because I know I'm going to retire some day; maybe

1   I want to take a lot of risk and hope for a high return, so

2   I'm going to pretend we're investing it that way, or I'm

3   going to pretend -- I don't want to take risks.  I'm going

4   to pretend we're investing it in, you know, Government

5   Treasuries which let's hope remain a safe investment, but

6   it's not real money.  It's tracked and that creates a

7   liability on Nortel's part --

8           THE COURT:  Right.

9           MR. HERRINGTON:  -- in terms of paying that

10  deferred compensation at some point, but it's not real money

11  and it's not -- certainly, it is not and it cannot be, money

12  that is held in the name of individual plaintiffs.  And

13  while it's not an issue for what we're here today for, Your

14  Honor, it is an issue in our Motion to Dismiss that we filed

15  back in July, and we hope to get before the Court as soon as

16  possible, that even if plaintiffs succeeded on everything

17  else they're arguing, there's no money there that's held in

18  their name.  It's the very definition of an unfunded Plan

19  and a Rabbi Trust.  It could not have been held in their

20  name.  It's -- there's a disconnect between their claim and

21  the money that's held in that Rabbi Trust.  So, Your Honor,

22  the acknowledgement form, again that each plaintiff,

23  certainly the individual plaintiffs who are here and any of

24  the participants in this Deferred Compensation Plan, signed

25  every single year that they chose to participate,

1    acknowledged that they would have only an unsecured claim to

2    their deferred compensation and that the assets of this

3    Rabbi Trust were going to be subject to general creditors if

4    the unfortunate event of a bankruptcy occurred.  Of course,

5    here, that unfortunate event did occur.  Nortel filed for

6    bankruptcy.  And so those provisions that each individual

7    participant signed took effect.  These assets in the Rabbi

8    Trust are now to be subject to the general creditors.  So,

9    as a result, the Deferred Comp participants have an

10   unsecured claim for the amount of their deferred

11   compensation.  Now, the value of that claim is going to

12   depend on what general creditors get, right, and, you know,

13   that will be sorted out.  But that's exactly what the

14   participants have and that's what they agreed they would

15   have.  And again, it's what they had to agree in order to

16   enjoy that tax benefit that they've enjoyed all of these

17   years.  If they weren't going to agree to that, they

18   couldn't have avoided paying tax for the last five, six,

19   seven, eight years that they participated in the Plan.

20            But now that brings us to the second point, the

21   plaintiffs' claims.  They aren't content with having an

22   unsecured claim for their Deferred Comp, even though that's

23   what they agreed to.  Instead, they want to put themselves

24   ahead of the other creditors of the estate and they want to

25   try to find some way to say well actually, these assets are

1   being held in our name and they belong to us so ignore all

2   those things we signed; ignore the Rabbi Trust; ignore the

3   Deferred Comp Plan; they're ours; that's our money.  And

4   again, there are a lot of problems with that claim because;

5   even if they were able to show this was not a proper Top Hat

6   Plan, that's not their money.  It never was.  Judge Walrath

7   addressed that issue in the -- I'm drawing a blank on the

8   names.

9           UNKNOWN:  *Washington Mutual*.

10          MR. HERRINGTON:  The *Washington Mutual* case.

11  There was a clear breach of the Top Hat Plan, a clear

12  breach.  It was fraud.  And Judge Walrath said fine, you

13  still have an unsecured claim.  The Rabbi Trust assets, they

14  can never be yours.  They were never yours in the first

15  place; they can't be traceable to you, and so, you still end

16  up with an unsecured claim and that's -- is at the end of

17  this long slog if we have to go all the way there, that's

18  going to be the outcome, Your Honor.  But again, that's not

19  the issue we're focused on today.  What we are focused on is

20  what is the claim that Counsel for the plaintiffs introduced

21  -- listed the seven individuals who are the proposed Class

22  Reps.  Each one of them has to have a claim, right?  They're

23  not just kind of a group claim.  He or she has to have a

24  claim.  So let's look at an illustrative claim.  I'll take

25  Ellen Bovarnick.  She was one of the top executives in

1    Nortel.  Globally, she was one of the top executives in her

2    division.  She was one of the 35 most highly paid employee

3    in this company with thousands of employees.  So she clearly

4    was a senior manager, she clearly was highly compensated,

5    and she clearly was a proper participant in this Deferred

6    Compensation Plan, and she did participate.  She obtained a

7    tax avoidance benefit that she bargained for, and to obtain

8    that benefit, she agreed that she would have an unsecured

9    claim for her deferred comp and that any assets in the Rabbi

10   Trust would be held for the benefit of general creditors in

11   the event of a bankruptcy.  So what is her claim?  She

12   doesn't claim there was anything improper about her

13   participation in the Deferred Compensation Plan.  She

14   doesn't claim that she suffered any harm from her

15   participation.  Instead, she alleges that some other people

16   were admitted into the Plan who weren't highly compensated.

17   Either their compensation was below the threshold or the

18   threshold was too low.  And plaintiffs' Counsel, at least in

19   their papers, suggested that's not really their claim.  Now,

20   Your Honor, if you've had a chance to read the Complaint,

21   you'll see that it is their claim, and I'll read just very

22   briefly -- there's a section heading E of their Complaint.

23   They allege participation in the Plan was not limited to a

24   select group of highly compensated or management employees

25   because, in some or all Plan years, substantial numbers of

1  employees whose total compensation did not meet the total

2  compensation threshold were nevertheless deemed eligible to

3  participate.  So you had a threshold and they're saying some

4  people were below it but they were allowed to participate.

5  They next allege the -- it wasn't limited to a select group

6  of highly compensated or management employees because the

7  actual compensation earned by some of the eligible employees

8  was below the threshold.  This is subheading F before

9  paragraph 72.  Subheading G, they say it didn't quality

10 because the actual compensation earned by certain eligible

11 employees was below the average actual compensation earned

12 by the employee population as a whole.  So again, they say -

13 - some of these folks, their salary was too low.

14         THE COURT:  Right.

15         MR. HERRINGTON:  They shouldn't have been in

16 here.  They say the percentage was too great.  You let too

17 many people in.  They say, you know, the five or ten percent

18 is a permissible number.  If it's more than that, that 11th

19 and 12th percentile, they shouldn't have been let in.  So,

20 you know, again, there's some folks who shouldn't have been

21 let in.  Finally, in subheading J, they say there's some

22 folks who were employed by a different company; it wasn't a

23 U.S. company so they shouldn't have been in.  Now, Ellen

24 Bovarnick doesn't fall into any of those categories.  She

25 was one of the 35 highest paid individuals in the company.

1   She clearly was a proper participant, she clearly suffered

2   no harm for participating, and she clearly suffered no harm

3   from; even if it were true, and we'll show it's not true, a

4   subset of folks who were allowed to participate and,

5   allegedly, shouldn't have been.  That's not her problem and

6   there was no harm that flowed to her from that.

7             Now, why does that matter?  And that takes us to

8   our third point.  What do you have to show to bring an ERISA

9   claim?  Courts grapple with this issue every time someone

10  tries to bring an ERISA claim, and certainly a class action,

11  where they say I belong to a Plan and I contend that that

12  Plan operated in a way that it violated ERISA.  And Courts

13  state fine; maybe that's true; maybe it's not.  What

14  individual harm did you suffer?  Because to have

15  constitutional standing, which we don't often deal with in

16  our cases.  We aren't often, you know, focused on the prong

17  of, you know, constitutional standing.  I don't think I've

18  ever litigated it in a case before.  But in ERISA cases,

19  it's understandable why it's such an important threshold

20  question because you've got people who may want to say I

21  belong to a Plan; the Plan breached ERISA.  Well, if it

22  didn't affect you, if it didn't harm you, then what business

23  do you have bringing a claim?  You don't have the basis for

24  standing.  You don't have the injury in fact.  What the

25  Courts -- the term they use is individualized harm.  You

1    know, what is your individualized harm?  The *Horvath* case is

2    a good example of that.  It's a case cited in our Brief;

3    they discuss it in theirs.  They try to put their spin on

4    it, and I invite Your Honor to take a look at the case

5    because I think it's highly instructive.  In that case, the

6    plaintiff sought to bring claims on behalf of herself and on

7    a Class, on behalf of a Class.  The Class -- she belonged to

8    an HMO, or an HMO was provided to employees of her company,

9    and the HMO is clearly governed by ERISA.  And her

10   allegation was that the HMO had an incentive plan where if

11   doctors were providing too many medical services to

12   patients, referring them out to other doctors, they would

13   basically take a hit to their income.  And conversely, if

14   they didn't do too much of that, they'd make more

15   compensation from the HMO.  So there's this kind of

16   incentive plan that, at some extent, may have put the

17   doctors' financial interests at odds with the need to

18   provide full and proper care to patients.  And she alleged

19   that that incentive plan was in place and that it wasn't

20   properly disclosed in the HMO disclosure materials.  Now,

21   that -- there's no question that was a breach of ERISA.  If

22   you're going to have a plan like that, you've got to

23   disclose it properly.  So she had a claim that ERISA was

24   breached, but the question was what is the harm to you?  And

25   she admitted she couldn't demonstrate that there was any

1  effect on the medical care that she received.  And the Court

2  said, including the Third Circuit, if you want to try to

3  bring a claim, you've got to show that you were harmed, you

4  were -- that you were -- you know, you actually suffered

5  from this act that you complain of, this breach of ERISA.

6  It's not enough to claim that ERISA was breached by the

7  operation of the Plan; you have to show it impacted you,

8  individualized harm.

9         THE COURT:  But aren't all of these people, in

10  effect, in the same category because compensation that they

11  would have received, but which was deferred, will be gone?

12         MR. HERRINGTON:  No.  Well, Your Honor, it won't

13  be gone.

14         THE COURT:  Well, it will be -- that's true.

15         MR. HERRINGTON:  It will be an unsecured claim.

16         THE COURT:  That's right.  It will go to the

17  general creditors and they will receive a far-reduced sum,

18  presumably.

19         MR. HERRINGTON:  Correct.  I'd like -- I have two

20  responses to that.

21         THE COURT:  Yes.

22         MR. HERRINGTON:  Number one is, again, if you

23  have a Plan that has 100 participants and 99, everything is

24  proper as to them, no possible claim that anything went

25  wrong as to them; 1) the argument is they were a -- not a

1   highly compensated individual.  They really shouldn't have

2   had any business deferring compensation and putting that

3   compensation at risk in the way that they agreed to do to

4   get the tax benefit they wanted.  This person isn't in this

5   upper echelon so we're worried about that person

6   participating.  For the 99 who participated, and properly

7   participated, they've got no individualized harm based on

8   the one individual who, arguably, shouldn't have

9   participated.  So that's part of the response.  And second,

10  for the individual who participated, okay, what is the

11  remedy?  The remedy isn't pretend that I participated but

12  ignore all the stuff I signed saying I don't -- this is an

13  unsecured claim and ignore that thing that says the Rabbi

14  Trust money isn't for me; give me that money.  Well no, that

15  wouldn't be the proper remedy.  If somebody was properly --

16  improperly admitted, we need to do some kind of restitution,

17  somehow make them whole by basically backing them out of

18  participation.  So if they deferred $2,000 and they've

19  treated it as deferred comp, you've got to find some way to

20  get that back to them, probably with time value of money

21  because you're paying it now and they deferred it five years

22  ago.  They're also going to have to recognize the tax issue,

23  right, because they didn't pay taxes back five years ago.

24  So you'll have to sort that out.  But basically, you'll have

25  to kind of try to unwind that one individual's

1    participation.  But you certainly don't give a windfall to

2    the 99 who had no problem from their participation, no

3    individual harm.  And, Your Honor, the Second Circuit

4    addressed this issue.  Well wait a minute; I must have a

5    claim because I'm alleging a breach of ERISA.  This is in

6    the *Kendall v. Aaron* case which is 561 F.3d 112. That's a

7    case from 2009.  Same issue there.  The plaintiff had a good

8    claim that ERISA was breached but she didn't have a good

9    claim that she suffered any harm.  And she tried to get over

10   the standing defect by saying well, I have a right to a Plan

11   that complies with ERISA and the defendants deprived me of

12   that right --

13              THE COURT:  Right.

14              MR. HERRINGTON:  -- by breaching ERISA.

15              THE COURT:  Right.

16              MR. HERRINGTON:  The Second Circuit said, this is

17   its quote, "This argument is obviously circular." Okay.

18   But that doesn't show the individual harm that you've got to

19   show.  And because she couldn't show individual harm, what's

20   the concrete impact on her?  She doesn't have a claim.  It's

21   exactly the same here with Ellen Bovarnick.  She was one of

22   the highest paid participants in the company.  Any Deferred

23   Comp Plan would properly include her.  For her to now seek a

24   windfall on the argument that well, somebody else; I don't

25   know who, might have been allowed to participate who

1   shouldn't have, so let me ignore all those things I signed;

2   let me get my money out.  That doesn't make any sense.

3   That's not how the standing requirements work.  You have to

4   show a breach of ERISA that individually harmed you.  That

5   breach harmed you.  It has to be connected.  Not just that

6   it would be nice if I could ignore all those things I signed

7   because then I get a lot more money.  That's not a

8   connection between the alleged breach and any recognizable

9   harm that she can claim because of that breach.

10              THE COURT:  So what was your discovery?

11              MR. HERRINGTON:  Exactly.  That brings us to the

12  Class Cert Motion.

13              THE COURT:  Right.

14              MR. HERRINGTON:  Now, we believe for all the

15  reasons that I just discussed, each of these seven

16  plaintiffs who want to assert a claim in his or her own

17  right, and also want to say I'm in a representable class of

18  people, they lack standing.  They lack standing in their own

19  right, but they also lack standing to assert a represented

20  class.  They certainly aren't typical of people who can say

21  they shouldn't have been admitted, right?  Ellen Bovarnick

22  can't say, you know, the low income person who mistakenly

23  was allowed to participate, I'm going to represent his or

24  her claim because they've got a different claim; different

25  outcome; different footing.  They might have standing but

1    it's not a claim that Ellen Bovarnick is in a position to

2    represent.  So we simply asked -- you know, we needed to

3    establish that we're agreed on the facts here.  These

4    individuals don't themselves have a claim that they

5    shouldn't have been participants.  They acknowledged they

6    were proper participants.  Plaintiffs would like to argue

7    that's irrelevant for all the reasons I just said.  We

8    believe absolutely -- it's absolutely relevant and it's

9    core.  And we said look, we can stipulate to this.  It's

10   clear enough.  Ellen Bovarnick was properly qualified; same

11   thing with Robert Horne; same thing with the others.  If we

12   stipulate, fine.  We filed our papers two months ago and we

13   don't need to take depositions.  This is one of the issues

14   we want to address in a deposition.  I'll talk about some

15   others but this is the core issue for us.  They refused.

16   What do we do then?  You know, we need to test what is --

17   what are the facts?  What are the issues with respect to

18   whether you were properly qualified or not; whether you were

19   a highly compensated person; whether you were senior

20   management?  If you contend you weren't senior management,

21   that you weren't highly compensated, what's the basis?  We

22   need to hear that.  If you're claiming that you did suffer

23   individual harm from your participation, something, Ms.

24   Bovarnick, that you think harmed you because you

25   participated in this Plan, not that you'd like to get this

1  windfall and you're going to be harmed if you don't get it,

2  but what's the harm to you for participating in this

3  Deferred Comp Plan?  It worked exactly like it was supposed

4  to.  Unfortunately, you had to take a risk to get a tax

5  benefit.  Unfortunately, that risk came to fruition.  But

6  that's what you bargained for.  What's the harm to you?  If

7  there's going to be a claim about individual harm, we're

8  entitled to hear it.  Now, again, the documents are what

9  they are.  The information is what it is.  But we asked to

10 stipulate as to these things and they've said no.  If we

11 can't get it resolved through stipulation, and that's way

12 behind us now, we're going to need to do it the old-

13 fashioned way and ask questions and get information and size

14 up that information.

15        Now, Your Honor, there are some other issues --

16        THE COURT:  Yes.

17        MR. HERRINGTON:  -- that are going to be

18 important to the Class Cert issues, and we hoped we could

19 get these from the very limited Requests to Admit and some

20 Interrogatories.  We just got the answers to those two days

21 and were completely stiffed.  There's not a substantive

22 answer in that whole batch of documents.  And some of the

23 basic points are admit that you signed an enrollment form

24 every year to participate.  Well, they had to.  But they say

25 we can't admit that; we don't remember or we're just not

1  going to admit it.  Admit that that form provided what I

2  just read earlier at the outset that -- about how this was

3  going to work.  Your deferred comp would be an asset of the

4  company available to general creditors.  Nope, we're not

5  going to admit that either.  Admit that you've deferred tax

6  by participating in this Plan.  Nope, we're not going to

7  admit that either.  All three of those things, just denied.

8  Irrelevant.  Legal Conclusion.  We're not going to admit it.

9  Well, we're obviously entitled to get that information and

10 present that to Your Honor when Your Honor has to delve into

11 the facts on the Class Cert Motion, and we certainly need

12 depositions since we weren't able to get it through these

13 other means.  There are questions about the workings of the

14 Contingency Agreement.  This Agreement provides plaintiffs'

15 Counsel with ten percent of any recovery, even if that

16 recovery is exactly what Nortel, what the debtors, have said

17 all along they will provide, which is an unsecured claim to

18 the account balance.  And yet, if that's the recovery that

19 these plaintiffs get, they have to give ten percent of that

20 to their Counsel.  We frankly think, and plaintiffs have

21 said in their Class Cert papers, if they certify a Class,

22 they want to impose that agreement on the rest of the Class

23 who have not signed up with plaintiffs' Counsel.  We frankly

24 think that's an unfair arrangement to impose on these folks

25 to make them pay to get what they can already get today, but

1    it's also something that creates an imbalance because, once

2    they have to give up their ten percent, then they've got a

3    perverse incentive to not respect the agreements that

4    they've signed and say well, I'm kind of in; I'm going to

5    double- down and hopefully it will pay off.  But in any

6    event, certainly on a level of fairness, there's an issue

7    there and we want to understand the framework of the

8    agreement, how it works, and how it impacts the claimants

9    and their perspective on the case.  So that's another issue

10   that we'd like to explore in discovery.

11          Now, we noticed these depositions for a half-a-

12   day each.  We're not planning on taking a lot of time and

13   again, taking depositions of people who put themselves

14   forward to be representatives of a class action involves

15   tens of millions of dollars, is absolutely the norm.  It's

16   absolutely routine.  And for them to say, you know, I

17   propose myself as a Class rep but I can't be bothered with a

18   deposition, just isn't fair.  And also, I'd like to address

19   the burden.  Again, on the burden issue, they signed up for

20   this and they seek to represent a Class that raises some

21   serious issues, certainly for the debtors and for all of the

22   debtors' constituents, all the other creditors who will be

23   put at a disadvantage if these individuals are allowed to

24   disregard the enrollment forms they signed, the Plan

25   documents, and the trust documents that all say exactly what

1   is opposite from what they're claiming.  Now, particularly

2   going to hear plaintiffs' Counsel talk about we're trying to

3   get these people to fly to Delaware, we did notice these

4   depositions for Delaware.  That's the way it's done.  They

5   brought a lawsuit in Delaware.  We could even fight about

6   and dig in and say well, they have to come here; this is

7   where the suit is pending.  But plaintiffs never picked up

8   the phone to say gosh, that's kind of inconvenient; these

9   folks live in Atlanta; these folks live somewhere else; can

10  we do it there?  We will do it there.  That's not a problem.

11  If we need to go there to relieve inconvenience on the

12  plaintiffs, we will do it, and we've said that in our

13  opposition papers and yet we hear again today this complaint

14  about we're trying to get people to fly to Delaware.  You

15  know, we will make it workable.  We'll work around their

16  schedules.  Again, we're asking for a half-day each and

17  we're not trying to burden them but we are trying to get

18  information that's important to our case.  So, Your Honor,

19  for all of those reasons, you know, we seek -- we ask that

20  this quite uncommon Motion that seeks to reprieve at all

21  discovery, all deposition discovery, and Class Cert Motion

22  be denied.  We get to take the depositions and then we

23  promptly file our objection to the Class Cert Motions within

24  two weeks of the completion of the depositions.  And, Your

25  Honor, I would just note very briefly, we also got a pending

1  Motion to Dismiss.

2            THE COURT:  Yes.

3            MR. HERRINGTON:  Which very well could resolve

4  the case, certainly could streamline the case.  That's a

5  Motion to Dismiss based on the Complaint.  There's really no

6  reason for that to get delayed.  We could tee that up, could

7  have been teed up for today and we would certainly ask that

8  that be addressed as soon as possible.  Plaintiffs have said

9  well, we want it on the same track as the Class Cert Motion.

10 I don't see a logical reason for that.  On the other hand,

11 if the Court's disposed to handle it that way, that's --

12 we're not going to really fight about it, but we do submit

13 that getting the Motion to Dismiss addressed by the Court,

14 sooner rather than later, I think is clear from what I've

15 said this morning.  A lot of these issues are pure legal

16 issues and this -- you know, Motion to Dismiss, in some

17 cases are so fact-driven that the Court really has to say

18 look, there's disputes of facts so we're going to have to,

19 you know, sort it out, let the -- let discovery proceed and

20 revisit this at summary judgment.  Here, a lot of these

21 issues are pure legal issues.  The time is right to decide

22 them and get this case resolved and so we'd ask the Court to

23 entertain that Motion as soon as we can get it teed up for

24 the Court.

25            THE COURT:  Is it fully briefed at this point?

1          MR. HERRINGTON:  It's not because, up until now,

2    the plaintiffs have said we're not going to agree to

3    complete briefing on that --

4          THE COURT:  Until.

5          MR. HERRINGTON:  -- until we get briefing done on

6    the Class Cert Motion.

7          THE COURT:  Okay.  All right.

8          MR. HERRINGTON:  Okay?

9          THE COURT:  All right.  Thank you, Mr.

10   Herrington.

11         MR. HERRINGTON:  Thank you, Your Honor.

12         THE COURT:  Thank you, sir.  Mr. McDonald, you

13   certainly may respond.

14         MR. MCDONALD:  Thank you, Your Honor.  I'm not

15   going to argue the Motion to Dismiss today but I think

16   that's largely what we just heard, precious little on the

17   narrow issue before you which is whether or not the

18   individual plaintiffs need to be deposed.  And from all I

19   heard today, I'm not convinced that they need to.  An

20   interesting point, to sort of work backwards, the debtors

21   have a pending Motion to Dismiss that they say is based on

22   the standing argument that they say that you can make as a

23   matter of law.  Again, I'm puzzled why they say they need

24   discovery on the standing issue then in order to respond to

25   the Class Cert Motion which raises the exact same standing

1  argument.  If they didn't need it to move to dismiss the

2  case as a matter of law, why do these plaintiffs need to be

3  harassed in order to have them get what they say they need

4  in response to the Class Cert Motion?

5          The second point I would make on the narrow issue

6  before you is that it seems to me that the debtors have what

7  they need, but what they're arguing is they're not getting

8  what they want.  The debtors' Counsel quoted from you the

9  acknowledgement form that they contend every participant

10  signed.  Those are the things they say they want to ask our

11  people about.  Well, if they already have them, why do you

12  need to depose the person to say they signed it?  They

13  already know what Ms. Bovarnick's salary compensation and

14  position was so they can make their legal arguments as to

15  whether or not she was a member of a select group of highly

16  compensated or management employees.  What they don't have,

17  and what they want, are legal conclusions or stipulations by

18  the individual plaintiffs on the ultimate issues in this

19  case.  They have served Requests for Admissions on these

20  types of questions and they've gotten responses, and those

21  responses are not going to change when these people are

22  deposed.  They want people to stipulate that they deferred

23  income.  Well, there's a host of legal issues wrapped up in

24  that question.  As Mr. Herrington explained, if this is not

25  a Top Hat Plan, and if ERISA's substantive requirements

1  apply, there is a host of issues about the unfunded status

2  of this Plan that the Court is going to have to resolve.

3  They're not going to get facts that are relevant on that

4  issue.  They'll have their legal arguments but they already

5  have the information on the facts.  They want us to

6  stipulate, or to admit, that the individual plaintiffs were

7  members of a select group of highly compensated or

8  management employees.  They asked that question in the

9  Requests for Admission and they've got a response.  They

10  don't like the response.  But asking that question again at

11  a deposition is not going to elicit a different response.

12  So there are no facts that discovery is going to assist them

13  on in this case.  They're not going to get the answers that

14  they want but they certainly have all of the answers that

15  they need.

16          Again, the Motion to Dismiss will be heard at

17  another day.  But I have to just comment on a couple of

18  points, the notion that there will be no equitable remedy

19  available to these plaintiffs if, in fact, the DCP is not a

20  Top Hat Plan.  The plaintiffs contend that Judge Walrath's

21  Opinion in the *Washington Mutual* case is dispositive.  It's

22  not.  That was a case in which it was admitted that the Plan

23  at issue was a Top Hat Plan.  In this case, our position is

24  that because the Plan was not limited for a host of reasons

25  to this select group, both qualitatively and quantitatively,

1   that immediately, ERISA imposed its own trust and that those

2   funds that are in the Rabbi Trust are held for the benefit,

3   the exclusive benefit, of all of the members of the Deferred

4   Compensation Plan.  So we vigorously dispute that we may

5   have a right without a remedy but that's a question for

6   another day.

7          I think I've pretty much covered the issue of

8   whether we have constitutional standing or not, but debtors'

9   Counsel continued to repeat the refrain that there has to be

10  established by us that the breach of ERISA caused us some

11  harm.  I think Your Honor gets it but that is our claim.

12  They breached ERISA by not imposing all of ERISA's

13  substantive requirements over this trust race.  We were

14  harmed by that because they're trying to take away the money

15  that is exclusively ours and cannot inure to the debtors'

16  benefit.  So we have established each one of the members of

17  the group, and particularly, the individual plaintiffs.  We

18  have been harmed by their breach of ERISA.

19         And again, just to make it clear, we are not

20  arguing that the harm to us is simply letting other people

21  in.  The harm to us is that you set up an ERISA Plan that

22  you claim was a Top Hat Plan and it is not, and therefore,

23  the funds in the Rabbi Trust belong to us and you may not

24  take them away from us.  That's the claim in our case; the

25  exclusive benefit rule, the non-inurement rule.  Those apply

1  to this trust race.  Those are our funds and you can't take

2  them away from us.

3              THE COURT:  In other words, in the case of Ms.

4  Bovarnick, she might have chosen not to participate in that

5  Deferred Compensation Plan had she known that it would be at

6  risk because it was not a Top Hat Plan.

7              MR. MCDONALD:  Perhaps.  I don't know.

8              THE COURT:  Okay.

9              MR. MCDONALD:  I think that's all that I have,

10 Your Honor.

11             THE COURT:  All right.  Thank you, Mr. McDonald.

12 Mr. Herrington, anything in response?  I --

13             MR. HERRINGTON:  Just very briefly, Your Honor.

14 The question Your Honor just asked I think is a question we

15 could ask of her.  It goes to whether she's claiming an

16 actual individual impact and harm on her as a result of

17 these events that they're alleging in the Complaint.  And

18 the other, just very briefly, Your Honor, if you're

19 interested, the *Washington Mutual* case is at 450 B.R. 490.

20 It's cited in our Motion to Dismiss.

21             THE COURT:  All right.  Let me say this to you

22 because time, I think, is a factor here.  We've -- you know,

23 it would be nice to be able to go back and write an Opinion

24 and not have everybody looking at me when I'm making the

25 decision but I remember a fellow student in law school once

1  said you know, I knew the answer to that question in the

2  quiet of my apartment this morning and now I can't remember

3  what it was.  But I used to do some of this work, you know,

4  in another life, and I was always concerned about deposing

5  Class representatives, was it, you know, harassment, and we

6  moved for Protective Orders, and I don't think we ever won

7  one because, the fact of the matter is, Courts do feel that

8  they have a very special and individual responsibility to

9  other members of the Class, as well as to the interest of

10  justice to permit some inquiry into the adequacy of the

11  plaintiff as a Class representative.  So -- and I think that

12  the arguments in the debtors' Brief really hit it and I have

13  all my notes here.  But the fact of the matter is I do think

14  that it is appropriate to take the depositions to enable me

15  to make a -- to do the rigorous analysis that I'm required

16  to make and to allow the debtors to inquire into those

17  various areas, particularly here where the debtors have

18  indicated a willingness to reduce any expenses to the

19  plaintiffs, either -- I know Delaware or New York is

20  available.  I don't know if the debtors' Counsel would be

21  willing to travel for a deposition or to do a video

22  deposition, something of that nature, but we will reduce the

23  costs, and I don't see this as really an effort at

24  harassment.  I think it's always inconvenient, of course,

25  but this is necessary where parties have stepped forward to

1   say we're representing not only ourselves, but others as

2   well, and binding them in our doing so.  So the cases I

3   think are clear, particularly in this Circuit.  The *Hydrogen*

4   *Peroxide Anti-Trust* litigation makes it very, very clear

5   that the Court is to consider all relevant evidence and

6   arguments and so I'm going to deny the Motion for Protective

7   Order.  But I will say this; Ms. Fatell knows this I know, I

8   am always available.  If the questioning -- if Counsel

9   believes that the questioning is becoming harassing, you can

10  get me on the telephone and we can talk about the line of

11  questioning.  I'm not going to anticipate that that's a

12  problem, and hopefully it's not, but we will address it

13  promptly right there, regardless of what time or what, just

14  so you can reach me, and I know you can.  Dates should be

15  discussed, and to the extent you can arrive at mutually

16  convenient dates for the attorneys and the plaintiffs, I'm

17  sure you'll be able to do that.  I have no question about

18  that.  So we'll make it as inconvenient for everyone as we

19  can.  The expense will be minimal and the results will be

20  important to the Court.

21              MR. HERRINGTON:  Your Honor?

22              THE COURT:  Yes, Mr. Herrington?

23              MR. HERRINGTON:  As a housekeeping matter, and

24  we'll plan to put in our papers, to reach out when we finish

25  the depositions --

1           THE COURT:  Yes.

2           MR. HERRINGTON:  -- so that there's no further

3   delay.  We do have the issue of what's the timing on the

4   Motion to Dismiss, which is completely separate.  The

5   current schedule is September 28th.

6           THE COURT:  For the reply?

7           MR. HERRINGTON:  -- for the opposition.

8           THE COURT:  Yes.

9           MR. HERRINGTON:  But that's extended and we would

10  submit it should remain the 28th.

11          THE COURT:  Yes, Mr. McDonald?  Please, sir.

12          MR. MCDONALD:  Yes, Your Honor, Paul McDonald.

13          THE COURT:  Yes.

14          MR. MCDONALD:  At this point, I think the 28th

15  remains a good day for us to --

16          THE COURT:  Okay.

17          MR. MCDONALD -- respond to the Motion to Dismiss,

18  file our opposition papers.  If I may on the point of

19  reducing expenses?

20          THE COURT:  Yes, sir.

21          MR. MCDONALD:  Your Honor had mentioned videos as

22  a possibility.  Again, the expense is a big factor.  Even if

23  the depositions are held in the State of residence of the

24  individual plaintiffs, we still have to fly there.

25          THE COURT:  Yes.

1          MR. MCDONALD:  It's a significant expense for

2    these people.  We would like to, without having consulted

3    with our people, I'd like to at least have an understanding

4    that the possibility of telephone depositions might be

5    appropriate.

6          THE COURT:  Telephone as opposed to video you

7    mean?

8          MR. MCDONALD:  We -- if we can arrange for video

9    conferencing, that would be great.  We have the capability

10   of doing that.  I just don't know that our clients where

11   they are located do.  But if not telephone or something like

12   that, again, because we otherwise have the -- you know, the

13   travel expenses, the lodging, the time, et cetera, et

14   cetera.

15         MR. HERRINGTON:  Your Honor, it's important for

16   us to be there in person, but what Counsel decides to do is

17   up to them, but we'll want to be there taking a normal

18   deposition.

19         THE COURT:  Okay.  I think that's their right and

20   I'm not going to impose any form of deposition here, and it

21   sounds to -- remind me if you don't mind, Mr. McDonald, of

22   the various States.  And the other factor is this.  I will

23   say you have how many plaintiffs?  Six?

24         MR. MCDONALD:  Seven.

25         THE COURT:  Seven.  And, you know, you don't

 1  necessarily have to have all of them.  You only need one

 2  good plaintiff is what I'm saying.  So that's another factor

 3  that -- there's been a choice here to have multiple

 4  plaintiffs and that was the plaintiffs' choice, you know,

 5  and --

 6          MR. MCDONALD:  Yes.  Did you want to know about

 7  the States or --

 8          THE COURT:  Yes, please.  Yes.

 9          MR. MCDONALD:  -- are you beyond that?  Yes.

10  I'll speak from memory.  I think I'm right.

11          THE COURT:  I know California you mentioned.

12          MR. MCDONALD:  Yes.  Mr. Warren lives in

13  California.  Ms. Crisler and Mr. Kohnhorst live in Texas.

14  Mr. Young lives in Virginia.  And Mr. Horne, Ms. Bovarnick,

15  and Mr. Page all live in Georgia.

16          THE COURT:  Okay.

17          MR. MCDONALD:  I think I got them all.

18          THE COURT:  All right.  So they're a little bit

19  spread out but --

20          MS. MCDONALD:  Yes.

21          THE COURT:  -- and I know that adds to the

22  expense but I would imagine that for the -- I'm not

23  presuming anything, but it may be that Counsel has agreed to

24  advance expenses here?  I'm not sure how that's working or

25  if they're ultimately responsible for those expenses but

1    it's -- the amount of money involved is significant enough I

2    think that the cost is certainly not out of proportion to

3    what's at risk.  So it's a lot of work for debtors' Counsel

4    as well and expense and -- but that's the ruling.  I think

5    it's appropriate under these circumstances.  Are you

6    suggesting that we would have the argument on the Motion to

7    Dismiss and Class Certification at the same time, Mr.

8    Herrington?

9              MR. HERRINGTON:  Your Honor, if we can get the

10   briefing done, there's no reason why we can't put it on the

11   next available --

12             THE COURT:  I agree.

13             MR. HERRINGTON:  -- date for the Court.

14             THE COURT:  I'm willing to do that, certainly.

15             MR. HERRINGTON:  That would be great.  All right.

16   And then, you know, so we'll get the Motion to Dismiss -- or

17   excuse me, and get the Class Cert Motion heard as soon as

18   they can but it's going to have to follow behind because the

19   briefing will be done on the Motion to Dismiss very soon and

20   we're going to get their Brief on the 28th.  We'll get our

21   Reply in according to our schedule and we'll be ready.

22             THE COURT:  Okay.  All right.  Very well.

23             MR. HERRINGTON:  Thank you, Your Honor.

24             MR. MCDONALD:  Thank you, Your Honor.

25             THE COURT:  All right, Counsel.  So I'll just do

1  a very -- well, I think the record is clear as to the Order

2  being that -- on the grounds discussed, the Motion for

3  Protective Order is denied and the depositions will proceed

4  as discussed.  All right?  On mutually convenient dates.

5           MR. HERRINGTON:  Thank you, Your Honor.

6           THE COURT:  All right.  Counsel, if you need me

7  for any rulings or any issues arise, please don't hesitate,

8  all right?  Both sides.  Thank you.  We'll stand in recess.

9  Good day to everyone.

10     (Whereupon at 12:48 p.m., the hearing was adjourned)

11

12                     CERTIFICATION

13          I certify that the foregoing is a correct

14  transcript from the electronic sound recording of the

15  proceedings in the above-entitled matter.

16

17  _____          20 September 2012
18  Tammy Kelly, Transcriber                        Date
19  Diaz Data Services, LLC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**20-day**(1) 26:21
**26(b)(2)c**(1) 82:3
**90-day**(1) 28:16
**a.m**(5) 1:15  5:1  22:8  72:11  72:11
**aaron**(1) 105:6
**abbott**(1) 1:23
**abbreviated**(3) 25:23  29:15  52:7
**ability**(5) 13:11  24:16  30:10  31:6  51:17
**able**(23) 18:19  21:5  23:9  23:15  26:11  27:22  34:14  34:21  36:23  36:25  42:17  45:10  45:11  45:17  48:23  55:11  76:19  80:15  87:24  98:5  109:12  117:23  119:17

**about**(42) 7:14  11:18  14:11  15:25  24:22  25:21  27:13  29:8  37:22  39:16  43:13  44:2  45:12  52:6  56:9  56:21  59:14  73:17  73:19  84:4  84:11  86:4  87:19  87:24  88:6  95:1  99:12  104:5  107:14  108:7  109:2  109:13  111:2  111:5  111:14  112:12  114:11  115:1  118:4  119:10  119:17  122:6

**above-entitled**(1) 124:15
**absolute**(2) 94:9  94:23
**absolutely**(10) 36:16  91:16  92:10  92:10  92:15  95:3  107:8  107:8  110:15  110:16

**access**(13) 9:23  10:1  23:4  23:13  23:21  25:11  45:6  45:6  47:12  47:17  49:24  53:22  60:25
**accessed**(1) 56:7
**accommodate**(4) 21:22  22:17  51:3  53:17
**accompanying**(1) 77:6
**accomplished**(1) 59:16
**according**(1) 123:21
**accordingly**(1) 11:7
**account**(8) 59:10  84:14  86:21  86:22  87:16  87:18  95:19  109:18

**accounts**(1) 95:25
**accurate**(1) 29:14
**accustomed**(1) 58:2
**achievable**(1) 59:11
**achieved**(1) 87:16
**acknowledged**(2) 97:1  107:5
**acknowledgement**(2) 96:22  114:9
**act**(1) 103:5
**acted**(2) 27:4  74:10
**acting**(1) 17:2
**action**(3) 91:25  101:10  110:14
**active**(1) 61:23
**actively**(1) 25:15
**activity**(3) 28:22  29:6  45:13
**actual**(7) 7:22  25:1  47:7  100:7  100:10  100:11  117:16

**actually**(12) 15:10  20:3  27:5  40:23  60:10  68:15  92:8  93:20  94:25  95:2  97:25  103:4

**add**(3) 20:5  71:15  90:19
**added**(3) 9:3  13:20  28:15
**adding**(1) 48:15
**addition**(2) 12:2  26:18
**additional**(12) 12:3  15:5  19:15  20:7  23:23  50:17  56:1  65:25  71:13  71:17  89:7  90:21
**address**(14) 11:19  29:22  44:5  44:10  57:21  66:22  70:1  70:10  79:21  83:19  93:2  107:14  110:18  119:12

**addressed**(6) 21:17  55:23  98:7  105:4  112:8  112:13

**addressing**(1) 40:7
**adds**(2) 11:14  122:21
**adequacy**(1) 118:10
**adequate**(2) 83:16  91:1
**adjourned**(1) 124:10
**administered**(1) 1:6
**administrator**(3) 61:21  64:4  64:5

**administrator:**(1) 2:40
**admission**(4) 15:21  61:13  81:2  115:9
**admissions**(6) 34:7  34:8  48:3  62:11  83:6  114:19

**admit**(20) 12:22  12:23  12:24  13:1  15:25  16:2  16:4  39:6  39:7  41:15  108:19  108:23  108:25  109:1  109:1  109:5  109:5  109:7  109:8  115:6

**admitted**(5) 99:16  102:25  104:16  106:21  115:22

**advance**(1) 122:24
**advances**(2) 19:22  39:15
**advantage**(1) 51:5
**adversary**(13) 72:20  73:6  73:17  76:16  76:22  76:24  77:6  77:7  77:17  77:22  77:24  78:13  78:15
**advocate**(1) 29:16
**affect**(5) 28:5  33:15  42:22  49:12  101:22
**affected**(1) 50:14
**affects**(1) 33:16
**affirmative**(1) 77:20
**after**(12) 10:8  12:7  23:25  26:8  57:10  60:18  66:25  67:2  68:21  78:14  78:14  79:2

**afternoon**(3) 22:21  69:9  91:10
**afterwards**(1) 12:2
**again**(49) 14:14  14:18  15:1  15:1  15:23  16:6  17:16  17  73:19  33:9  39:20  48:6  49:22  50:1  54:19  56:2  66:12  71:3  73:23  77:2  77:7  80:11  85:7  86:8  86:24  87:2  87:7  88:2  88:8  88:24  89:2  95:8  96:22  97:15  98:4  98:18  100:12  100:20  103:22  108:8  110:13  110:19  111:13  111:16  113:23  115:10  115:16  116:19  120:22  121:12

**against**(3) 17:4  76:7  85:20
**agenda**(2) 5:13  6:20
**agents**(1) 12:2
**aggregate**(3) 95:5  95:7  95:11
**aggressive**(2) 43:5  43:9
**ago**(7) 13:13  18:14  18:14  73:24  104:22  104:23  107:12

**agree**(9) 31:23  58:9  71:5  93:19  93:19  97:15  97:17  113:2  123:12

**agreed**(10) 48:1  71:14  71:15  93:21  97:14  97:23  99:8  104:3  107:3  122:23

**agreeing**(1) 110:3
**agreement**(8) 50:5  78:6  80:15  88:14  109:14  109:14  109:22  110:8

**agreements**(1) 110:3
**ahead**(2) 12:10  97:24
**akin**(2) 2:5  30:5
**alienation**(1) 76:7
**all**(120) 5:4  8:24  12:17  13:16  14:7  16:5  17:15  18:18  19:4  20:10  20:14  22:1  23:21  24:4  25:24  27:13  28:4  31:20  34:22  38:4  38:18  39:8  43:1  43:12  43:14  43:15  44:7  44:11  45:20  46:6  46:12  46:24  47:7  49:14  49:18  53:1  55:23  58:2  59:1  59:2  59:4  60:16  60:17  61:18  64:3  65:18  67:21  69:21  69:24  71:2  71:8  71:10  71:12  72:7  73:14  74:23  75:15  75:22  76:1  77:25  78:24  79:15  81:3  81:19  83:1  83:8  83:11  83:12  84:11  86:13  87:2  88:2  89:2  89:3  90:17  91:2  91:3  91:6  92:4  93:1  95:9  97:16  98:1  98:17  99:25  103:9  104:12  106:1  106:6  106:14  107:7  109:7  109:17  110:21  110:22  110:25  111:19  111:20  111:21  113:7  113:9  113:18  115:14  116:3  116:12  117:9  117:11  117:21  118:13  119:5  122:1  122:15  122:17  122:18  123:15  123:22  123:25  124:4  124:6  124:8

**all-consuming**(1) 18:22

**all-discovery**(1) 56:14
**allegation**(1) 102:10
**allege**(2) 99:23  100:5
**alleged**(2) 102:18  106:8
**allegedly**(1) 101:5
**alleges**(1) 99:15
**alleging**(2) 105:5  117:17
**allen**(1) 3:38
**alleviate**(4) 27:14  37:12  67:4  68:13
**alleviates**(1) 66:7
**allow**(4) 53:8  53:22  53:23  118:16
**allowed**(13) 16:2  16:3  22:10  24:2  24:4  62:18  93:11  95:18  100:4  101:4  105:25  106:23  110:23
**allowing**(3) 19:3  20:12  92:9
**allows**(2) 47:13  93:5
**alluded**(4) 26:18  26:25  48:2  86:20
**alluding**(1) 25:16
**almost**(2) 33:22  95:20
**alone**(2) 45:19  46:18
**along**(6) 12:24  17:6  57:11  59:19  79:2  109:17

**already**(28) 12:13  15:23  16:18  19:6  20:8  24:19  48:3  52:18  59:17  60:24  65:25  68:18  80:5  80:6  80:7  81:21  82:18  83:3  83:9  83:12  86:2  86:19  88:4  89:4  109:25  114:1  114:13  115:4

**also**(41) 9:9  11:8  12:21  14:18  14:23  15:20  16:11  17:7  18:10  21:21  21:25  23:14  24:1  24:15  25:17  26:13  27:17  28:12  33:16  34:1  34:11  34:13  39:16  41:22  47:13  48:1  48:14  50:10  55:12  61:3  63:9  74:9  80:19  81:1  104:22  106:17  106:19  110:1  110:18  111:25

**alternative**(1) 78:8
**although**(2) 57:19  58:2
**always**(10) 13:1  16:23  16:24  16:25  52:22  54:14  65:15  118:14  118:24  119:8

**ambiguity**(1) 32:23
**ambiguous**(2) 32:16  32:24
**amenable**(2) 54:23  67:7
**amended**(1) 49:4
**america**(2) 3:42  3:42
**ample**(1) 89:23
**amount**(4) 6:6  6:7  97:10  123:1
**analysis**(10) 31:19  81:12  81:18  83:16  83:20  85:18  85:25  85:25  87:1  118:15

**and**(301) 5:16  5:22  5:24  6:3  6:4  6:5  6:6  6:10  6:16  6:20  7:7  7:10  7:17  7:21  7:22  8:2  8:5  8:7  8:13  8:16  8:22  8:22  8:25  9:4  9:9  9:14  9:17  9:19  9:20  9:21  10:5  10:9  10:13  10:15  10:20  11:7  11:13  11:16  11:19  11:21  11:25  12:2  12:3  12:9  12:12  12:12  12:17  12:20  12:21  12:22  13:1  13:6  13:7  13:11  13:14  13:15  13:16  13:19  13:19  14:1  14:2  14:7  14:7  14:11  14:17  14:20  15:3  15:9  15:14  15:18  15:23  16:1  16:6  16:8  16:15  16:15  16:19  16:20  16:21  17:9  17:14  17:15  17:18  17:20  17:24  18:5  18:7  18:8  18:8  18:11  18:15  18:16  18:17  18:18  18:21  18:22  18:25  19:1  19:5  19:7  19:10  19:12  19:13  19:17  19:20  19:22  20:2  20:8  20:19  21:11  21:15  21:18  21:21  21:25  22:15  22:19  23:14  23:19  23:24  24:3  24:14  24:20  24:22  24:23  24:24  25:2  25:4  25:5  25:8  25:8  25:12  25:13  25:13  25:19  25:23  25:25  26:6  26:8  26:15  27:5  27:13  27:15  27:17  27:18  27:19  27:22  27:22  28:4  28:10  28:13  28:21  28:22  28:24  29:1  29:3  29:4  29:11  29:18  30:9  30:18  30:24  30:25  31:1  31:2  31:2  31:4  31:16  31:17  31:18  31:21  32:18  33:4  33:6  33:9  33:13  33:14  33:18  33:18  33:24  33:25  34:2  34:5  34:6  34:16  35:1  35:7  35:14  35:15  35:16  35:21  35:22  35:23  35:25  36:16  37:4  37:18  37:19  37:25  38:1  38:22  38:23  39:6  39:7  39:12  39:13  39:14  39:15  39:15  39:22  39:23  39:24  39:25  40:12  40:13  40:14  40:15  40:16  40:18  40:22  41:2  41:3  41:5  41:7  41:11  41:14  41:17  41:21  42:1  42:3  42:3  42:6  42:7  42:9  42:12  42:14  42:14  42:16  42:21  42:22  42:23  43:7  43:10  43:12  43:14  43:17  44:8  44:11  44:11  44:11  44:15  44:18  44:22  44:22  44:23  44:25  45:1  45:1  45:2  45:3  45:5  45:5  45:7  45:8  45:11  45:13  45:14  45:16  46:3  46:4  46:5  46:7  46:7  46:18  46:20  46:23  46:24  47:2  47:4  47:5  47:7  47:12  47:18  47:19  47:21  48:11  48:12  48:13  48:20  48:21  48:24  49:8  49:22  50:1  50:5  50:11  50:12  50:13  50:16  50:18  50:19  50:24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**and**(301) 51:4  51:13  51:17  51:19  51:21  52:5  52:8  52:11  52:11  52:13  52:15  52:24  52:25  53:6  53:11  53:14  53:19  53:23  53:24  54:1  54:4  54:6  54:6  54:12  54:19  55:2  55:4  55:5  55:6  55:12  55:19  55:20  55:21  55:22  55:23  56:2  56:6  56:7  56:8  56:12  56:24  57:3  57:4  57:8  57:13  57:14  57:14  57:16  57:16  57:20  58:2  58:6  58:8  58:14  58:17  58:19  58:19  58:25  59:1  59:4  59:8  59:11  59:13  59:15  59:16  59:21  60:4  60:17  60:21  60:25  61:2  61:6  61:6  61:10  61:19  62:1  62:2  62:16  62:20  63:10  63:12  63:14  63:17  63:18  63:19  64:11  64:14  65:14  65:17  65:24  66:11  66:12  66:14  66:17  66:19  66:21  67:3  67:6  67:17  67:24  68:24  68:24  69:12  69:15  69:22  69:24  70:12  70:15  70:16  70:17  70:18  70:20  70:22  71:5  71:6  71:18  72:22  73:12  73:17  73:19  73:23  74:1  74:2  74:9  74:13  74:21  74:24  75:4  75:5  75:18  75:21  75:24  76:4  76:6  76:7  76:10  76:14  76:21  77:5  77:17  77:19  77:23  77:25  78:1  78:7  78:11  78:15  78:20  78:20  79:13  79:15  79:21  79:25  80:8  80:16  80:19  80:23  80:24  80:25  81:2  81:3  81:9  81:10  81:20  81:21  81:23  81:25  82:3  82:7  82:13  82:21  82:25  83:2  83:4  83:6  83:17  84:8  84:9  84:16  84:18  84:20  84:22  85:4  85:11  85:19  85:20  85:24  86:1  86:14  86:14  86:16  86:19  86:23  86:25  87:2  87:3  87:5  87:12  87:13  87:14  88:7  88:9  88:13  88:20  89:3  89:7  89:21  89:22  89:24  90:25  91:4  91:16  91:18  91:18  91:24  92:3  92:4  92:5  92:7  92:8  92:11  92:20  92:22  92:25  93:3  93:4  93:11  93:19  93:23  93:25  94:4  94:5  94:17  94:20  94:21  94:25  95:3  95:9  95:11  95:14  95:16  95:19  96:1  96:6  96:11  96:11  96:12  96:15  96:19  96:20  96:23  97:2  97:6  97:12  97:17  97:15  97:24  98:1  98:3  98:12  98:15  98:16  99:5  99:6  99:7  99:9  99:18  99:21  100:3  100:19  101:2  101:3  101:4  101:5  101:7  101:10  101:11  101:12  102:4  102:6  102:9  102:9  102:13  102:18  102:18  102:19  102:2  103:1  103:17  103:23  104:2  104:6  104:9  104:13  104:18  104:21  105:3

**and**(104) 105:9  105:11  105:19  106:8  106:17  107:8  107:9  107:12  108:1  108:10  108:11  108:13  108:13  108:13  108:18  108:19  108:21  108:22  109:9  109:11  109:1  109:20  110:4  110:5  110:7  110:8  110:9  110:12  110:16  110:18  110:20  110:21  110:25  111:6  111:6  111:12  111:13  111:16  111:21  111:22  111:24  112:7  112:16  112:1  112:22  112:22  113:18  114:13  114:17  114:20  114:20  114:25  115:9  115:25  116:1  116:15  116:17  116:19  116:22  116:22  116:23  117:1  117:16  117:17  117:23  117:2  118:2  118:4  118:7  118:16  118:8  118:11  118:12  118:16  118:23  119:2  119:5  119:6  119:10  119:12  119:14  119:15  119:16  119:19  119:23  120:9  121:19  121:20  121:22  121:25  122:4  122:5  122:13  122:14  122:17  122:21  123:4  123:4  123:7  123:16  123:17  123:19  123:21  124:3

**and/or**(5) 30:20  78:6  78:25  80:4  80:6

**andrew**(1) 3:47

**ann**(1) 1:24

**annie**(1) 5:11

**annoyance**(1) 82:2

**annoying**(1) 82:25

**another**(18) 14:16  15:24  16:23  16:24  29:9  37:2  41:10  56:9  59:5  61:12  63:16  68:25  93:25  110:9  115:17  116:6  118:4  122:2

**answer**(11) 18:19  19:23  31:25  38:25  39:13  40:1  55:7  86:20  90:14  108:22  118:1

**answered**(2) 24:19  86:19

**answering**(1) 42:20

**answers**(6) 55:22  86:14  86:25  108:20  115:13  115:14

**anti-trust**(1) 119:4

**anticipate**(1) 119:11

**any**(59) 8:11  10:19  12:4  16:16  18:6  23:11  24:6  24:17  24:22  27:7  28:22  28:24  29:5  29:7  29:13  32:17  33:16  33:22  37:5  39:3  43:4  48:9  49:6  51:24  52:3  62:10  71:4  72:6  73:2  74:12  74:24  76:7  79:16  80:15  83:19  86:3  87:23  88:25  90:21  92:12  94:4  95:6  95:8  96:23  99:9  99:14  100:24  102:25  104:2  105:9  105:22  106:2  106:8  109:15  110:5  118:18  121:20  124:7  124:7

**anybody's**(1) 28:25

**anyone**(4) 6:10  23:13  24:2  56:8

**anyone's**(2) 5:16  54:16

**anything**(18) 12:14  16:6  29:18  38:23  41:7  42:18  44:21  48:17  49:18  49:25  61:7  68:9  68:13  68:21  99:12  103:24  117:12  122:23

**anytime**(1) 66:2

**anyway**(2) 42:5  68:7

**apartment**(1) 118:2

**apologize**(1) 69:18

**appearance**(1) 25:1

**appearances**(2) 3:32  4:1

**application**(2) 10:25  11:1

**applications**(5) 5:14  6:11  12:17  12:17

**applies**(1) 82:9

**apply**(3) 78:1  115:1  116:25

**appoint**(2) 78:19  78:20

**appointed**(4) 8:4  8:4  8:18  77:3

**appreciate**(1) 46:22

**approach**(1) 5:21

**approached**(1) 11:21

**appropriate**(18) 21:1  24:6  39:17  40:3  42:15  79:18  81:9  81:17  82:22  88:22  88:2  89:21  90:6  91:4  92:11  118:4  121:5  123:

**approve**(1) 14:23

**approved**(1) 19:13  20:4

**approximate**(1) 95:6

**approximately**(1) 74:4

**are**(194) 5:7  5:10  6:1  7:12  10:10  11:4  12:12  12:14  13:4  13:20  14:17  14:19  14:2  15:17  16:2  17:7  18:4  18:18  18:24  19:11  19:17  20:24  22:12  23:4  23:11  24:12  24:2  25:9  25:12  25:12  25:19  25:20  25:22  26:4  27:12  27:18  28:7  28:10  28:12  28:12  28:1  29:3  29:5  29:9  29:16  29:25  30:9  30:11  31:1  31:2  31:7  32:14  32:15  33:8  33:17  34:20  35:14  36:4  36:5  36:22  37:7  39:19  41:15  41:20  43:7  43:9  45:17  46:4  48:10  48:10  50:10  50:14  51:17  51:20  51:21  54:3  54:11  55:1  55:8  55:11  55:23  56:6  56:21  57:9  57:12  57:14  57:25  57:25  58:2  58:18  59:2  59:14  61:8  61:9  61:10  61:12  61:13  61:23  62:20  70:1  70:15  70:18  71:7  72:20  72:22  73:11  73:25  74:3  74:4  75:7  76:5  76:6  77:11  78:9  79:7  79:18  79:19  80:10  80:10  80:7  80:9  80:13  81:7  81:18  81:18  81:19  81:21  81:21  83:8  83:19  84:7  84:11  84:7  85:2  85:8  86:15  87:1  87:2  87:3  87:7  87:8  87:9  88:5  88:9  89:4  89:9  89:11  89:21  89:25  90:10  91:23  92:4  92:11  92:16  92:2  96:23  97:8  97:25  98:4  98:19  98:21  107:1  107:7  107:18  108:9  108:15  108:17  108:23  109:13  110:23  111:17  112:15  112:17  112:21  114:10  114:17  114:21  114:21  115:115:12  116:2  116:2  116:19  117:1  119:3  120:23  121:11  122:9  123:5

**areas**(1) 118:17

**aren't**(7) 9:19  28:10  57:13  97:21  101:16  103:9  106:20

**arguably**(1) 104:8

**argue**(2) 107:6  113:15

**arguing**(2) 30:18  31:14  34:2  75:21  96:17  114:7  116:20

**argument**(17) 31:13  32:17  32:18  33:10  38:4  73:12  79:9  88:21  92:15  92:15  92:16  103:25  105:17  105:24  113:22  114:1  123:6

**arguments**(9) 33:15  80:4  92:5  92:7  93:4  114:14  115:4  118:12  119:6

**arise**(2) 66:2  124:7

**around**(7) 7:13  13:22  37:3  72:10  82:14  84:25  111:15

**arrange**(1) 121:8

**arrangement**(1) 109:24

**arrive**(1) 119:15

**arsht**(2) 1:22  5:11

**art**(1) 70:22

**article**(1) 85:1

**articulate**(1) 84:9

**articulated**(3) 82:8  82:15  82:18

**aside**(4) 15:22  66:22  94:4  95:17

**ask**(21) 18:17  23:14  23:16  23:24  24:2  31:9  39:2  43:7  45:16  59:3  86:25  87:19  87:25  88:5  89:4  108:13  111:19  112:7  112:22  114:10  117:15

**asked**(10) 26:12  38:10  38:11  86:13  89:5  91:14  107:2  108:9  115:8  117:14

**asking**(15) 8:15  20:3  23:12  24:12  46:2  47:21  49:14  49:18  50:2  52:12  80:2  84:24  89:25  111:16  115:10

**asks**(1) 58:25

**assert**(2) 106:16  106:19

**asserted**(4) 48:4  74:14  77:20  83:18

**assessing**(1) 91:17

**asset**(3) 93:22  94:21  109:3

**assets**(9) 74:20  76:8  78:4  94:9  97:2  97:7  97:25  98:13  99:9

**assigned**(1) 29:21

**assist**(3) 27:17  50:12  115:12

**assume**(4) 36:3  52:14  89:17  90:2

**assuming**(1) 87:21

**assure**(1) 47:5

**atlanta**(1) 111:9

**attach**(1) 12:14

**attached**(2) 11:14  20:5

**attack**(1) 37:11

**attempt**(1) 81:22

**attend**(1) 81:23

**attention**(3) 44:19  44:21  46:23

**attorneys**(1) 119:16

**attorneys'**(5) 14:25  26:23  50:20  66:19

**attributable**(1) 84:15

**august**(4) 9:9  52:8  59:13  59:15

**authority**(1) 89:23

**authorized**(1) 118:24

**available**(10) 31:1  46:14  50:16  74:23  84:19  109:4  115:19  118:20  119:8  123:11

**average**(1) 100:11

**avoid**(1) 93:9

**avoidance**(1) 99:7

**avoided**(2) 34:24  97:18

**avoiding**(1) 93:13

**award**(2) 11:1  78:12

**awarded**(1) 12:15

**aware**(8) 17:7  20:21  20:24  44:10  46:5  54:4  75:13  79:10

**away**(7) 18:23  28:19  83:2  84:21  116:14  116:24  117:2

**b.r**(1) 117:19

**back**(30) 7:2  7:14  9:15  10:9  12:9  12:9  14:17  16:11  17:8  24:22  25:13  28:5  36:14  38:3  44:5  47:7  47:17  50:3  50:24  54:2  57:12  64:11  65:10  72:10  85:7  86:12  96:15  104:20  104:23  117:23

**back-and-forth**(1) 78:15

**backdrop**(1) 79:20

**background**(4) 20:1  26:6  34:18  47:11

**backing**(1) 104:17

**backwards**(1) 113:20

**bad**(1) 72:8

**balance**(17) 19:3  31:8  38:19  38:23  39:20  39:25  42:21  43:12  43:17  43:17  58:10  58:11  84:14  84:16  84:17  87:18  109:18

**balanced**(2) 43:6  55:8

**balances**(3) 86:21  86:22  87:16

**ball**(2) 19:22  80:9

**bank**(3) 3:42  3:42  74:1

**bankruptcy**(13) 1:1  1:19  25:25  26:3  36:21  57:18  76:8  84:18  93:24  94:22  97:4  97:6  99:11

**bargained**(2) 99:7  108:6

**barrage**(1) 80:17

**bart**(1) 72:22

**based**(11) 23:15  30:17  30:19  35:11  41:19  53:1  63:20  92:13  104:7  112:5  113:21

**basic**(2) 92:22  108:23

**basically**(5) 33:20  77:4  102:13  104:17  104:24

**basing**(1) 33:7

**basis**(8) 22:19  26:13  31:14  42:19  53:19  92:17  101:23  107:21

**batch**(1) 108:22

**beam**(1) 15:19

**bear**(2) 46:2  46:15

**bearing**(1) 46:4

**beasley**(11) 3:50  3:51  20:16  20:18  20:18  21:25  22:2  22:4  22:6  25:15  26:5

**because**(77) 8:11  9:3  10:2  11:17  13:13  13:23  20:1  21:18  21:22  24:18  25:21  28:9  32:24  33:23  34:9  34:22  36:20  37:11  37:21  40:20  41:17  42:8  43:1  44:17  44:22  45:2  45:15  45:19  46:23  47:22  48:1  48:6  48:6  49:23  52:4  52:7  53:8  55:3  57:12  57:17  57:19  62:13  64:12  68:17  74:17  76:17  81:16  84:3  84:7  85:24  86:21  95:25  98:4  99:25  100:6  100:10  101:14  101:20  102:5  103:10  104:21  104:23  105:5  105:19  106:7  106:9  106:24  107:24  110:1  113:1  115:24  116:14  117:16  117:22  118:7  121:12  123:18

**beckerman**(38) 2:7  29:23  30:3  30:4  30:5  30:8  31:12  31:24  32:2  32:6  35:6  36:6  36:9  36:13  37:13  38:3  38:7  38:9  38:13  38:17  38:22  39:12  40:12  41:2  42:12  43:19  51:11  53:4  58:10  62:19  63:4  66:25  67:5  67:11  67:13  67:21  67:24  68:2

**beckerman's**(1) 37:5

**become**(3) 59:4  71:8  76:8

**becomes**(1) 18:22

**becoming**(1) 119:9

**been**(68) 6:17  7:14  11:1  11:25  14:20  15:9  19:13  21:16  23:23  24:19  25:4  25:15  26:12  26:16  27:1  28:2  28:3  29:21  30:21  31:3  31:11  33:3  34:12  34:21  36:23  36:24  40:5  40:6  42:1  42:24  42:25  47:24  48:14  49:5  51:13  51:15  51:23  51:24  52:8  52:13  52:14  59:17  63:10  63:20  68:9  71:14  75:1  76:17  78:15  80:25  83:4  84:7  86:21  86:21  86:22  90:12  96:19  100:15  100:19  100:20  100:23  101:5  105:25  106:21  107:5  112:11  116:14  122:3

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **before**(24) 1:18 7:2 7:5 9:11 15:23 19:20 20:25 28:7 32:6 36:24 41:4 64:10 72:9 75:1 76:23 83:6 86:15 88:7 90:25 96:15 100:8 101:18 113:17 114:6 | | **breached**(5) 101:21 102:24 103:6 105:8 116:12 | | **called**(7) 40:13 40:14 40:15 40:16 81:11 94:6 95:18 | | **cetera**(5) 34:20 34:24 37:19 121:13 121:14 |
| | | | | | | **challenge**(1) 81:12 |
| | | **breaching**(1) 105:14 | | **calling**(3) 50:6 61:20 63:20 | | **chance**(1) 99:20 |
| | | **break**(1) 72:8 | | **calls**(4) 26:8 34:23 82:13 82:15 | | **change**(9) 26:14 27:22 52:2 52:9 59:21 84:25 85:8 87:1 114:21 |
| **behalf**(7) 5:12 8:23 30:5 42:5 72:19 102:6 102:7 | | **brenda**(3) 4:21 4:21 43:22 | | **came**(5) 15:3 21:20 27:8 58:19 108:5 | | |
| | | **brendan**(1) 1:33 | | **can**(78) 8:15 11:12 11:15 16:24 17:25 | | **channeling**(1) 14:18 |
| | | **brent**(3) 3:50 3:51 20:18 | | 19:2 25:6 25:10 25:24 26:2 27:13 27:21 | | **chapman**(1) 2:42 |
| **behind**(8) 14:3 16:8 20:3 27:14 48:11 52:21 108:12 123:18 | | **brian**(1) 72:22 | | 32:25 35:4 35:5 35:10 36:14 38:24 38:25 | | **chapter**(1) 1:8 |
| | | **bridge**(1) 89:12 | | 40:1 41:13 41:13 44:12 44:21 43:22 | | **charge**(1) 75:18 |
| | | **brief**(4) 92:1 102:2 118:12 123:20 | | 45:21 47:5 47:15 47:18 48:19 49:8 50:2 | | **charged**(1) 77:4 |
| **being**(26) 10:17 12:25 14:3 14:19 15:18 18:17 19:18 23:9 35:15 48:12 51:17 54:4 57:10 59:7 61:6 62:12 72:21 73:25 75:23 76:2 77:12 77:18 86:23 87:5 98:1 124:2 | | **briefed**(1) 112:25 | | 50:17 51:6 53:6 54:5 54:6 55:3 55:6 57:5 | | **charla**(1) 72:22 |
| | | **briefing**(4) 113:3 113:5 123:10 123:19 | | 58:5 60:22 60:24 62:4 63:13 63:17 64:14 | | **chase**(1) 2:52 |
| | | **briefly**(8) 73:15 73:19 75:2 79:10 99:22 111:25 117:13 117:18 | | 64:21 66:1 68:13 68:17 71:22 82:5 84:15 | | **check**(1) 18:14 |
| | | | | 84:24 86:16 87:13 90:10 94:5 98:14 106:5 | | **checking**(1) 67:8 |
| | | | | 106:20 107:9 109:25 111:9 112:23 113:22 | | **child**(1) 18:15 |
| | | | | 114:14 119:19 119:10 119:14 119:14 119:1 | | **choice**(2) 122:3 122:4 |
| **belay**(1) 27:2 | | | | 119:19 121:8 123:9 123:18 | | **choose**(1) 93:7 |
| **believe**(12) 15:6 21:9 21:14 28:20 46:7 56:10 62:25 73:9 90:8 92:15 106:14 107:8 | | **bring**(15) 17:5 26:23 37:2 44:19 44:20 47:2 47:6 48:19 55:3 61:9 92:25 101:8 101:10 102:6 103:3 | | | | **chorus**(1) 14:3 |
| | | | | **canada**(1) 13:1 | | **chose**(1) 96:25 |
| | | | | **cannot**(7) 25:14 41:13 47:13 76:7 94:10 96:11 116:15 | | **chosen**(1) 117:4 |
| | | | | | | **chris**(1) 2:13 |
| **believes**(1) 119:9 | | **bringing**(4) 17:15 46:22 59:8 101:23 | | | | **christmas**(1) 76:23 |
| **belknap**(1) 3:34 | | **brings**(4) 65:10 92:20 97:20 106:11 | | **can't**(38) 10:1 13:9 15:14 18:22 25:11 | | **chung**(1) 3:43 |
| **belong**(4) 98:1 101:11 101:21 116:23 | | **broad**(2) 31:3 62:20 | | 29:13 31:18 35:9 39:5 39:6 39:13 40:9 | | **circles**(1) 63:1 |
| **belonged**(1) 102:7 | | **broaden**(1) 70:13 | | 41:13 41:14 41:17 43:18 45:5 45:16 46:15 | | **circuit**(8) 31:17 81:11 92:1 92:8 103:2 |
| **below**(4) 99:17 100:4 100:8 100:11 | | **brought**(4) 29:9 37:5 40:6 111:5 | | 46:20 51:2 51:5 51:25 54:1 54:21 59:22 | | 105:3 105:16 119:3 |
| **beneficiaries**(6) 3:7 74:3 74:25 75:14 78:5 78:25 | | **bryant**(1) 2:8 | | 85:23 85:24 92:17 94:19 98:15 106:22 | | |
| | | **bubbling**(1) 7:12 | | 108:11 108:25 110:17 117:1 118:2 123:10 | | **circular."**(1) 105:17 |
| | | **buchanan**(1) 2:27 | | | | **circulated**(1) 11:13 |
| **benefit**(24) 19:5 55:14 74:12 74:20 75:24 76:1 76:4 78:4 93:6 93:8 93:12 94:6 95:5 95:10 97:16 99:7 99:8 99:10 104:4 108:5 116:2 116:3 116:16 116:25 | | **buck**(1) 2:21 | | | | **circumscribe**(1) 39:4 |
| | | **building**(1) 2:35 | | **capability**(1) 121:9 | | **circumstance**(1) 31:20 |
| | | **bulk**(1) 62:13 | | **captured**(1) 52:22 | | **circumstance**(4) 53:16 56:13 87:21 123:5 |
| | | **bunch**(1) 41:9 | | **care**(2) 102:18 103:1 | | **cited**(3) 92:1 102:2 117:20 |
| | | **burden**(6) 16:9 18:20 20:12 35:22 35:23 35:24 56:11 56:12 56:19 61:2 75:9 82:6 89:7 110:19 110:9 111:17 | | **careful**(1) 25:4 | | **claim**(62) 8:11 24:18 25:7 33:16 35:12 |
| **benefits**(8) 7:22 8:2 8:11 9:2 12:19 24:23 28:9 82:7 | | | | **carried**(1) 7:25 | | 53:9 74:24 83:13 83:24 84:2 84:3 84:20 |
| | | | | **carrying**(1) 18:9 | | 85:3 85:10 86:6 87:11 87:25 88:5 92:25 |
| | | | | | | 96:20 97:1 97:10 97:11 97:22 98:4 98:13 |
| **benjamin**(1) 72:22 | | **burdensome**(7) 9:20 9:21 39:15 39:21 41:11 47:19 81:15 | | **case**(49) 1:5 5:16 8:3 21:15 23:10 23:14 | | 98:16 98:20 98:22 98:23 98:24 98:24 99:9 |
| **berger**(6) 4:10 70:4 70:7 70:7 70:9 71:5 | | | | 33:22 35:1 40:24 45:5 46:15 47:3 48:25 | | 99:11 99:12 99:14 99:19 99:21 101:9 |
| **bernstein**(2) 3:13 78:20 | | | | 49:8 74:12 75:11 81:16 82:9 83:7 84:3 | | 101:10 101:23 102:23 103:3 103:6 103:15 |
| **best**(6) 17:15 25:7 27:13 28:23 29:17 | | **bus**(2) 23:25 26:4 | | 85:2 85:15 89:10 91:5 92:1 92:24 95:18 | | 103:24 104:13 105:5 105:8 105:9 105:20 |
| **bet**(1) 36:14 | | **business**(7) 8:6 8:15 24:13 30:20 31:19 101:22 104:2 | | 98:10 101:18 102:1 102:2 102:4 102:5 | | 106:9 106:16 106:24 106:24 107:1 107:4 |
| **better**(1) 29:9 | | | | 105:6 105:7 110:9 111:18 112:4 112:4 | | 108:7 109:17 116:11 116:22 116:24 |
| **between**(8) 19:3 25:2 25:13 77:12 82:11 95:12 96:20 106:8 | | | | 112:22 114:2 114:19 115:13 115:21 115:2 | | |
| | | **busy**(1) 28:4 | | 115:23 116:24 117:3 117:19 | | **claimants**(3) 34:1 70:14 110:8 |
| | | **but**(187) 6:7 7:12 8:14 9:4 9:16 10:6 11:4 | | | | **claiming**(3) 107:22 111:1 117:15 |
| **beyond**(11) 11:17 13:2 16:18 20:11 20:13 35:13 39:3 39:21 41:7 85:5 122:9 | | 11:20 12:7 13:4 13:5 13:9 13:18 13:25 | | **cases**(7) 8:8 31:18 81:9 101:16 101:18 112:17 119:2 | | **claims**(29) 6:15 8:13 28:9 28:11 33:20 |
| | | 14:14 15:2 15:6 15:15 16:6 16:7 16:14 | | | | 34:1 34:25 34:25 35:2 35:7 53:3 53:6 |
| | | 16:16 17:5 17:16 17:25 18:18 19:2 19:4 | | | | 53:10 53:11 53:13 70:15 70:22 74:4 |
| **big**(4) 33:24 37:3 51:13 120:22 | | 19:21 20:3 20:11 20:21 21:19 23:3 24:17 | | **casting**(1) 48:9 | | 74:23 76:25 77:5 77:20 77:22 79:1 88:8 |
| **bigger**(1) 18:2 | | 25:6 25:24 26:3 27:23 28:5 28:15 28:24 | | **categories**(1) 100:24 | | 92:24 93:23 97:21 102:6 |
| **biggest**(1) 26:17 | | 29:1 29:10 29:17 29:24 30:12 32:19 33:1 | | **category**(1) 103:10 | | |
| **bind**(2) 42:8 79:7 | | 33:16 34:24 35:5 35:6 35:25 37:24 38:17 | | **caught**(2) 25:18 35:2 | | **clarify**(1) 21:24 |
| **binding**(1) 119:12 | | 38:18 38:24 39:4 40:22 42:15 44:9 | | **cause**(1) 91:25 | | **clarity**(1) 61:18 |
| **bippy**(1) 36:14 | | 46:1 46:9 47:16 48:9 48:21 49:24 51:20 | | **caused**(3) 24:20 24:21 116:10 | | **class**(58) 73:5 73:20 78:18 78:19 78:21 |
| **bit**(10) 24:10 24:15 29:25 34:7 34:16 44:13 47:2 73:17 80:1 122:18 | | 51:23 52:1 52:3 52:8 52:10 52:22 53:8 | | **central**(2) 85:9 85:11 | | 78:23 78:24 79:2 79:4 79:5 79:9 79:11 |
| | | 53:10 53:12 53:20 54:9 54:18 55:9 56:12 | | **cents**(1) 34:2 | | 79:14 79:24 80:20 80:20 81:14 82:7 83:17 |
| | | 57:10 58:9 58:11 60:3 60:23 61:2 61:8 | | **cert**(15) 86:5 91:17 92:7 93:1 106:12 | | 84:14 86:5 87:6 89:14 90:4 90:6 90:10 |
| **blame**(1) 48:9 | | 61:12 61:15 63:6 63:11 63:23 65:17 65:1 | | 108:18 109:11 109:21 111:21 111:23 112: | | 90:22 91:17 91:22 92:2 92:7 93:1 98:21 |
| **blank**(3) 3:7 78:21 98:7 | | 66:2 66:11 68:12 68:17 68:25 69:15 69:18 | | 113:6 113:25 114:4 123:17 | | 101:10 102:7 102:7 102:7 106:12 106:17 |
| **bleeding**(1) 55:4 | | 69:25 70:23 75:1 77:18 78:16 79:9 80:2 | | | | 106:20 108:18 109:11 109:21 109:21 |
| **board**(3) 19:5 23:25 28:17 | | 80:5 81:19 84:25 85:13 86:10 88:6 86:25 | | | | 109:22 110:14 110:17 110:20 111:21 |
| **bondholder**(3) 13:19 69:10 69:19 | | 87:5 87:14 88:22 89:1 89:13 90:8 90:16 | | **certain**(16) 7:6 10:1 10:4 11:4 27:9 34:15 | | 111:23 112:9 113:6 113:25 114:4 118:5 |
| **bondholders**(1) 2:49 | | 90:19 91:3 92:16 93:12 94:8 95:17 96:5 | | 36:20 37:25 42:4 48:3 61:19 75:4 80:4 | | 118:9 118:11 123:7 123:17 |
| **bonnie**(1) 3:8 | | 96:10 97:13 97:20 98:18 100:4 101:18 | | 81:9 93:11 100:10 | | |
| **book**(2) 52:18 52:19 | | 102:24 103:9 103:11 104:11 104:24 105:1 | | | | **clear**(11) 17:2 81:6 92:8 98:11 98:11 |
| **books**(3) 94:4 94:5 95:9 | | 105:8 105:18 106:19 106:25 107:15 108:2 | | **certainly**(30) 6:11 10:17 13:24 29:17 | | 107:10 112:14 116:19 119:3 119:4 124:1 |
| **both**(5) 17:9 34:15 55:12 115:25 124:8 | | 108:5 108:9 108:24 109:25 110:5 110:17 | | 29:22 30:23 41:3 44:14 46:17 66:19 67:6 | | |
| **bothered**(1) 110:17 | | 111:7 111:17 112:12 113:15 114:7 115:4 | | 68:13 73:13 88:23 89:19 90:22 96:11 110:6 | | **clearly**(9) 80:3 85:1 99:3 99:4 99:5 101:1 |
| **bovarnick**(10) 72:21 98:25 100:24 105:21 106:21 107:1 107:10 107:24 117:4 122:14 | | 115:10 115:14 115:17 116:5 116:8 116:11 | | 110:21 112:4 112:7 113:13 115:14 123:2 | | 101:1 101:2 102:9 |
| | | 117:25 118:3 118:13 118:22 118:25 119:1 | | 123:14 | | |
| | | 119:7 119:12 120:9 121:11 121:16 121:17 | | | | **cleary**(3) 1:29 7:1 91:18 |
| | | 122:19 122:22 122:23 122:25 123:4 123:1 | | **certificate**(1) 6:16 | | **clerk**(2) 5:2 72:12 |
| **bovarnick's**(1) 114:13 | | | | **certification**(22) 71:23 73:6 73:20 78:18 | | **clients**(1) 121:10 |
| **bow**(1) 13:16 | | | | 78:24 79:2 79:6 79:9 79:14 79:24 81:8 | | **clock**(1) 91:12 |
| **brand**(3) 28:2 33:7 63:16 | | **buy-in**(1) 37:5 | | 81:11 81:17 87:6 89:14 90:4 90:6 90:10 | | **close**(3) 51:13 60:5 87:9 |
| **brandywine**(1) 2:35 | | **bylaws**(1) 49:3 | | 90:22 91:4 123:7 124:12 | | **closing**(1) 57:5 |
| **breach**(11) 98:11 98:12 102:21 103:5 105:5 106:4 106:5 106:8 106:9 116:10 116:18 | | **calendar**(2) 60:3 68:20 | | | | | **code**(2) 70:16 71:7 |
| | | **california**(3) 83:2 122:11 122:13 | | **certifications**(1) 80:11 | | **colleagues**(1) 40:16 |
| | | **call**(4) 19:21 25:15 49:15 49:15 | | **certifies**(1) 79:11 | | |
| | | | | **certify**(4) 79:5 92:2 109:21 124:13 | | |

| Word | Page:Line |
|---|---|

collect(1) 59:8
colloquial(1) 75:3
color(1) 24:10
columbus(2) 67:16 67:16
combed(1) 54:20
combined(2) 13:24 76:24
come(30) 9:15 13:5 13:13 14:19 15:23 16:11 17:19 19:7 19:20 19:25 20:12 23:16 24:17 24:22 27:5 27:9 34:21 38:11 47:17 48:21 50:7 52:4 54:16 52:4 54:2 57:7 60:17 81:23 89:19 111:6

comes(5) 21:21 29:4 37:6 45:7 45:8
coming(8) 16:8 18:18 23:25 34:1 44:16 44:18 54:23 56:22

commenced(1) 76:22
commendation(1) 12:16
comment(1) 115:17
comments(1) 71:4
committee(70) 2:5 2:20 2:33 3:5 4:8 7:11 8:3 8:4 8:18 9:11 9:18 10:1 10:9 10:15 11:6 11:7 11:12 11:14 11:20 13:8 13:19 13:20 13:23 13:24 14:1 14:6 14:10 14:16 15:1 15:10 15:15 15:22 17:1 17:3 17:4 17:4 17:7 17:9 19:6 21:9 22:23 23:21 23:22 25:16 26:7 28:3 28:13 28:22 28:23 29:6 29:19 30:6 34:8 34:8 45:2 49:6 51:21 52:8 52:13 52:20 55:19 57:19 59:3 63:19 64:10 70:11 70:14 70:22 71:4 77:4

committee's(3) 10:13 43:16 48:13
commonality(1) 83:17
communicat(2) 23:7 25:17
communication(5) 10:14 42:15 52:15 59:6 59:17

communication(1) 10:7
community(1) 15:17
comp(17) 3:6 75:14 77:9 78:25 85:22 86:1 88:2 92:23 93:5 97:9 97:22 98:3 99:9 104:19 105:23 108:3 109:3

company(10) 93:23 93:24 94:21 99:3 100:22 100:23 100:25 102:8 105:22 109:4

comparative(2) 85:17 85:25
compare(1) 85:19
compel(2) 4:19 81:22
compelled(1) 40:9
compensated(11) 75:9 85:13 99:4 99:16 99:24 100:6 104:1 107:19 107:21 114:16 115:7

compensation(39) 74:6 75:4 75:7 75:10 84:16 85:19 85:20 88:1 93:6 93:8 93:9 93:16 93:22 94:2 94:8 95:2 95:7 95:13 95:13 95:16 96:10 96:24 97:2 97:19 99:6 99:13 99:17 100:1 100:2 100:7 100:10 100:11 102:15 103:10 104:2 104:3 114:13 116:4 117:5

competent(1) 17:15
competing(1) 76:25
complain(1) 103:5
complained(1) 43:13
complaining(2) 84:4 84:7
complaint(10) 73:18 76:23 77:23 78:15 84:6 99:20 99:22 111:11 111:13 112:5 117:17

complete(1) 113:3
completed(2) 24:4 47:24
completely(5) 52:10 66:18 95:15 108:21 120:4

completion(1) 111:24
complicates(1) 57:22
complicating(1) 57:24
complication(1) 9:4
complied(2) 90:12 91:2
complies(1) 105:11

comply(1) 61:20
complying(1) 53:16
compresses(1) 66:11
comprised(1) 74:4
comprising(1) 91:24
compromise(1) 82:22
conaway(1) 2:40
conceded(2) 80:4 88:25
concern(12) 10:19 13:20 17:5 24:20 24:21 41:22 45:23 46:23 54:3 55:7 55:7 59:11 59:20

concerned(5) 9:16 18:1 20:11 57:1 118:4
concerning(2) 15:7 54:8
concerns(13) 11:18 27:2 29:22 29:25 35:25 49:11 49:11 49:12 51:3 52:15 52:2 59:14 67:4

concluded(1) 82:20
conclusion(5) 13:15 33:11 55:3 87:22
conclusions(2) 80:3 114:17
concrete(1) 105:20
conduct(3) 23:9 76:10 81:13
conferencing(1) 121:9
confidential(14) 10:2 10:5 10:5 23:21 26:20 26:22 27:1 27:4 30:25 48:19 50:19 50:20 55:16 70:19

confidentiality(5) 14:24 37:24 48:25 49:3 49:6

confines(2) 23:12 47:23
conflict(4) 25:1 87:21 88:15 88:21
confusion(1) 48:6
connected(1) 21:19 106:5
connection(3) 76:14 79:25 106:8
consensual(1) 8:21
consensus(1) 43:3
consenting(1) 48:5
consequences(1) 30:15
conservative(1) 30:15
consider(2) 92:4 119:5
consideration(1) 23:24
considerations(1) 91:23
considering(2) 24:1 93:2
consistent(2) 8:8 15:17
conspiracy(1) 34:17
constituencies(1) 29:3
constituency(1) 25:2
constituents(3) 28:13 28:14 110:22
constitutional(4) 84:1 101:15 101:17 116:8
constructed(1) 78:3
constructive(2) 17:25 18:9
consulted(1) 121:2
consulting(1) 34:12
contact(3) 23:22 25:10 52:11
contacted(5) 29:2 51:17 51:17 61:5 79:22
contacting(1) 36:23
contained(1) 80:20
contemplate(1) 10:23
contemplates(1) 82:1
contend(8) 75:25 82:24 87:13 87:14 101:11 107:20 114:9 115:20

content(1) 97:21
contested(1) 26:22
contesting(1) 82:7
context(9) 7:18 13:13 17:17 30:16 35:3 42:17 73:11 91:16 92:19

contingency(1) 109:14
contingent(1) 88:14
continue(3) 53:24 53:25 53:25
continued(4) 2:2 3:3 4:2 116:9
contract(1) 10:3
contracts(1) 8:12
contributions(2) 76:2 88:7
control(7) 29:20 29:22 40:10 40:18 40:18 41:10 87:4

convened(1) 22:22
convenient(3) 82:5 119:16 124:4
conversation(2) 12:7 36:4
conversations(1) 82:21
conversely(1) 102:13
conveyed(1) 22:22
convinced(1) 113:19
coopers(1) 91:25
coordination(1) 59:18
copies(3) 12:15 12:16 12:17
copy(3) 11:12 58:20 88:19
cordo(13) 1:24 5:5 5:6 5:8 5:10 5:11 5:16 5:20 5:24 6:3 6:13 6:19 6:22

core(2) 107:9 107:15
corporate(1) 36:22
correct(12) 6:3 6:4 6:4 17:12 66:15 68:7 72:15 74:16 77:14 93:14 103:19 124:13

correlation(1) 95:12
correspondence(2) 29:3 59:6
cost(1) 123:2
costly(1) 39:15
costs(1) 118:23
could(47) 5:12 5:17 8:21 9:19 9:22 11:3 11:13 12:1 12:14 12:21 12:23 21:5 27:6 33:8 34:15 34:16 34:20 41:7 53:10 53:12 56:2 56:7 56:10 56:13 59:16 59:18 60:3 63:11 63:12 63:24 67:17 70:12 84:24 86:3 86:24 95:9 95:10 95:20 96:19 106:6 108:18 111:5 112:3 112:4 112:6 112:6 117:15

couldn't(1) 31:15
couldn't(7) 28:24 48:6 49:25 95:4 97:18 102:25 105:19

counsel(42) 11:21 15:10 15:12 15:16 22:22 22:25 25:20 25:22 25:25 26:4 28:3 29:19 44:11 45:3 45:11 45:15 46:19 71:6 71:23 73:3 78:21 78:21 79:23 80:17 82:11 92:18 95:1 98:20 99:18 109:15 109:20 109:23 111:2 114:8 116:9 118:20 119:8 121:16 122:23 123:3 123:25 124:6

counsel's(1) 91:15
couple(2) 87:9 115:17
course(8) 8:9 21:19 31:7 47:12 58:17 69:19 97:4 118:24

court(272) 1:1 5:2 5:3 5:7 5:9 5:15 5:18 5:22 6:2 6:9 6:18 6:21 6:23 7:4 7:9 7:16 7:19 7:24 8:15 9:7 9:24 10:11 11:10 12:6 14:16 15:13 17:11 17:13 18:7 19:13 20:10 20:14 20:17 20:25 21:4 21:7 21:13 22:1 22:3 22:5 22:7 24:8 27:5 27:20 30:2 30:7 31:9 31:22 32:3 32:7 32:10 32:13 32:21 33:1 33:13 35:25 36:7 36:16 36:12 37:16 38:5 38:8 38:10 38:14 38:16 38:21 39:11 39:17 40:11 41:1 42:11 43:2 43:19 43:21 43:24 44:2 44:4 44:7 44:14 44:15 45:24 46:10 46:12 46:17 46:22 47:4 47:9 49:1 49:17 49:21 50:2 50:4 50:8 50:13 50:16 50:22 51:1 51:5 51:8 51:10 53:5 53:7 53:18 54:2 54:22 55:18 56:16 56:19 56:23 57:18 57:24 58:2 58:5 58:9 59:9 60:6 60:12 60:15 60:19 61:15 61:22 61:24 62:10 62:16 62:21 63:2 63:8 63:22 64:8 64:16 64:19 64:22 64:25 65:2 65:6 65:8 65:10 65:14 66:10 66:5 66:21 67:2 67:10 67:12 68:1 68:20 68:24 69:4 69:7 69:9 69:11 69:17 69:20 69:21 69:24 70:3 70:6 70:8 71:2 71:10 71:12 71:19 71:24 72:2 72:4 72:7 72:13 72:16 72:18 72:25 73:7 73:9 73:12 73:21 74:8 74:16 75:17 76:9 76:22 77:11 77:15 77:21 78:9 78:22 79:12 79:17 81:5 81:10 82:10 85:5 86:10 86:17 88:11 88:18 89:16 89:23 89:25 90:7 90:11 90:13 90:17 90:23 90:25 91:1 91:6 91:9 91:11 91:13 91:16 91:20 91:22 92:3 92:21 93:14 93:17 94:13 94:16 96:8 96:15 100:14 103:1 103:16 103:21 105:13 105:15 106:10 106:13 108:16 112:2 112:13 112:17 112:22 112:24 112:25 113:4 113:7 113:9 113:12 115:2 117:3 117:18 117:11 117:21 119:5 119:20 119:22 120:1 120:6 120:8 120:11 120:13 120:16 120:20 120:25 121:6 121:19 121:25 122:8 122:11 122:16 122:18 122:21 123:12 123:13 123:14 123:22 123:25 124:6

courtroom(1) 1:10
courts(4) 101:9 101:12 101:25 118:7
court's(3) 44:19 44:21 112:11
cover(1) 26:13
coverage(1) 28:18
covered(3) 62:17 90:23 116:7
craig(1) 3:35
create(2) 25:1 71:4
creates(3) 88:15 96:6 110:1
creature(1) 57:19
creditor(3) 13:19 53:12 57:21
creditors(14) 30:6 42:23 74:24 84:19 93:24 94:23 97:3 97:8 97:12 97:24 99:10 103:17 109:4 110:22

creditors'(1) 2:4
crisler(2) 72:22 122:13
cross(2) 3:19 89:12
crux(1) 77:7
cumulative(2) 81:15 82:4
current(8) 7:25 21:19 21:20 24:1 26:19 64:3 66:5 120:5

currently(1) 73:25
curtail(1) 82:3
custody(1) 87:3
cut(5) 18:6 24:16 30:9 63:13 92:12
cutting(1) 35:20
daily(1) 43:8
damaging(1) 45:2
data(6) 1:40 10:24 12:18 41:20 48:17 124:19

database(3) 53:23 58:21 58:24
date(16) 21:22 26:24 47:25 54:25 54:25 56:14 57:6 60:17 60:20 61:12 66:14 68:17 68:25 88:7 123:13 124:18

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **dates**(5) 16:16 69:22 119:14 119:16 124:4 | | **degree**(1) 46:4 | | **discovery**(83) 7:6 9:10 9:14 9:17 11:5 11:24 14:7 14:8 16:1 16:3 16:4 16:25 19:4 19:5 19:19 22:12 22:16 22:17 23:1 23:16 29:15 30:15 30:24 34:10 34:10 34:11 34:19 38:2 39:5 39:19 39:20 40:1 41:14 42:17 42:20 47:17 47:22 47:23 47:24 52:12 52:18 52:19 54:19 55:19 55:20 57:8 57:15 57:17 62:5 62:8 63:17 66:5 71:6 76:10 76:11 76:12 76:13 79:24 80:17 81:8 81:13 81:17 82:4 82:7 82:16 82:19 83:22 83:24 86:11 89:7 92:9 92:12 92:18 93:3 106:10 110:10 111:21 111:21 112:19 113:24 115:12 | | **don't**(90) 11:22 12:20 13:10 14:18 15:5 15:10 17:4 19:22 20:21 20:25 21:24 28:24 29:14 29:18 29:20 30:9 30:20 31:24 32:4 32:18 33:10 37:4 38:24 38:25 39:25 40:2 40:7 40:10 40:18 40:23 41:6 41:10 41:21 42:8 42:18 43:4 45:6 45:6 46:21 49:9 49:11 51:2 51:14 53:19 54:23 55:13 56:25 58:5 58:13 58:14 60:3 60:5 61:7 61:7 62:4 63:15 63:16 64:1 66:14 67:20 68:17 68:21 74:11 78:16 79:8 79:16 90:14 96:3 101:15 101:17 101:23 101:24 104:12 105:1 105:24 107:4 107:13 108:1 108:20 112:10 114:16 115:10 117:7 118:6 118:20 121:10 121:21 121:25 124:7 | |
| **david**(2) 1:32 91:18 | | **delaware**(10) 1:2 1:12 5:1 81:23 89:8 111:3 111:4 111:5 111:14 118:19 | | | | | |
| **day**(13) 18:7 29:10 48:15 53:12 67:16 67:16 76:13 95:25 110:12 115:17 116:6 120:15 124:9 | | | | | | **door**(2) 61:14 65:17 | |
| | | **delay**(3) 78:14 78:16 120:3 | | **discrepancies**(1) 6:5 | | **double**(1) 110:5 | |
| **days**(8) 28:18 41:4 48:11 65:21 65:23 66:8 66:18 108:20 | | **delayed**(1) 112:6 | | **discretion**(1) 89:23 | | **doubt**(1) 48:21 | |
| | | **delivered**(2) 22:7 26:13 | | **discuss**(4) 73:15 92:23 94:25 102:3 | | **down**(6) 18:19 42:24 45:12 47:7 69:16 110:5 | |
| **dcp**(10) 74:7 74:11 74:15 74:20 74:25 78:6 83:7 83:10 88:7 115:19 | | **delve**(2) 26:6 109:10 | | **discussed**(8) 14:20 25:16 28:3 28:6 106:15 119:15 124:2 124:4 | | | | |
| | | **delving**(2) 25:6 34:24 | | | | **dozen**(2) 18:20 39:21 | |
| **dead**(1) 37:21 | | **demonstrate**(2) 79:14 102:25 | | **discussing**(2) 11:25 34:12 | | **drawing**(1) 98:7 | |
| **deadline**(16) 15:23 24:6 44:23 45:3 45:7 45:16 46:1 53:12 54:13 55:3 58:13 58:13 65:20 66:5 66:12 71:20 | | **denied**(1) 109:7 111:22 124:3 | | **discussion**(2) 51:15 82:11 | | **drawn**(1) 87:23 | |
| | | **dent**(1) 3:35 | | **discussions**(5) 8:22 8:24 14:6 70:17 71:6 | | **drive**(3) 45:5 46:1 46:19 | |
| | | **deny**(2) 23:4 119:6 | | **dishes**(15) 96:14 112:1 112:5 112:13 112:16 112:15 112:21 114:1 115:16 117:2 120:4 120:17 123:7 123:16 123:19 | | **due**(2) 23:9 68:6 | |
| **deadlines**(9) 24:2 45:9 46:3 46:14 46:15 46:21 48:3 58:3 58:6 | | **department**(1) 3:25 | | | | **duplicative**(2) 12:12 82:5 | |
| | | **depend**(1) 97:12 | | | | **during**(3) 22:12 22:25 82:15 | |
| **deal**(5) 14:17 15:25 35:2 46:13 101:15 | | **depending**(2) 22:14 35:9 | | **disposed**(2) 88:12 112:11 | | **duties**(1) 78:12 | |
| **dealing**(7) 14:22 18:21 26:19 39:22 45:4 46:2 57:25 | | **depose**(2) 89:21 114:12 | | **dispositive**(1) 115:21 | | | | |
| | | **deposed**(2) 113:18 114:22 | | **dispute**(6) 27:10 27:10 39:9 81:19 92:17 116:4 | | **each**(14) 25:7 57:20 79:3 82:8 82:25 86:7 90:24 96:22 97:6 98:22 106:15 110:12 111:16 116:16 | |
| **dealt**(3) 13:14 33:25 57:9 | | **deposing**(1) 118:4 | | | | | |
| **debate**(1) 84:24 | | **deposition**(16) 73:3 81:2 84:24 85:10 87:12 88:12 88:23 89:19 107:14 110:18 111:21 115:11 118:21 118:22 121:18 121:20 | | **disputes**(2) 19:19 112:18 | | **earlier**(6) 34:7 66:18 70:10 85:7 86:20 87:23 | |
| **debenture**(1) 3:34 | | | | **disregard**(1) 110:24 | | | | |
| **deborah**(2) 4:17 4:17 | | | | **disseminated**(1) 52:6 | | **early**(3) 9:5 64:10 82:21 | |
| **debtor**(19) 8:1 22:24 27:11 30:14 30:18 31:5 31:15 35:23 38:22 39:13 40:18 41:7 42:18 42:20 43:16 56:12 62:8 62:12 62:22 | | **depositions**(26) 54:11 73:4 81:16 81:24 82:24 83:13 83:15 83:19 85:8 89:5 89:10 89:13 89:20 89:24 107:13 109:12 110:11 110:13 111:4 111:22 111:24 111:24 119:25 120:23 121:4 124:3 | | **dissemination**(1) 52:2 | | **earmarked**(2) 94:10 94:11 | |
| | | | | **dissimilar**(1) 39:8 | | **earned**(3) 100:7 100:10 100:11 | |
| | | | | **distribution**(1) 84:19 | | **earthquake**(1) 76:13 | |
| | | | | **district**(2) 1:2 92:3 | | **easier**(1) 68:14 | |
| | | **depository**(1) 55:1 | | **diverted**(1) 76:6 | | **easy**(1) 55:12 | |
| | | **deprived**(3) 86:22 86:22 105:11 | | **division**(1) 99:2 | | **eat**(1) 72:6 | |
| | | **derek**(1) 1:23 | | **divorced**(1) 18:15 | | **echelon**(1) 104:5 | |
| **debtors**(78) 1:12 1:22 5:12 7:2 8:9 9:16 9:22 12:18 12:24 13:18 14:10 16:6 18:19 18:21 18:24 19:10 22:9 22:15 23:3 24:12 28:4 29:9 29:13 30:9 30:24 30:24 33:17 36:18 39:3 39:19 39:24 40:9 41:8 47:14 47:19 48:1 50:6 54:3 55:11 55:20 63:10 64:3 64:12 73:24 74:10 74:14 75:12 76:6 78:10 79:6 81:22 82:14 83:5 83:9 83:12 83:14 84:2 84:17 84:20 85:2 85:10 86:2 86:6 87:4 87:7 87:10 88:16 89:4 90:3 90:20 91:21 93:3 109:16 110:21 113:20 114:6 118:16 118:17 | | **describe**(1) 75:3 | | **doctors**(2) 102:11 102:12 | | **ecro**(1) 1:38 | |
| | | **designated**(3) 10:2 10:5 55:15 | | **doctors'**(1) 102:17 | | **educate**(1) 25:8 | |
| | | **despite**(1) 31:23 | | **document**(13) 31:14 31:23 32:24 35:11 35:12 36:3 52:17 56:9 61:12 78:6 80:23 80:24 83:4 | | **effect**(4) 50:21 97:7 103:1 103:10 | |
| | | **detail**(2) 29:8 39:8 | | | | **effectively**(1) 19:4 | |
| | | **detailed**(1) 45:19 | | **documents**(38) 11:4 19:17 26:15 30:25 31:1 31:16 32:12 32:15 32:15 32:22 32:25 33:3 36:17 36:18 36:18 36:19 41:20 47:16 54:21 55:11 56:5 62:1 76:19 80:6 80:19 81:20 81:21 83:9 83:11 87:3 88:4 89:3 108:8 108:22 110:25 110:25 | | **efficient**(2) 27:16 55:10 | |
| | | **determination**(5) 24:5 62:2 90:5 90:16 91:23 | | | | **effort**(5) 51:23 52:10 118:23 | |
| | | | | | | **efforts**(5) 23:22 28:23 29:5 36:23 51:22 | |
| | | **determinations**(1) 91:2 | | | | **eight**(2) 92:1 97:19 | |
| **debtors'**(28) 8:6 16:17 22:21 22:23 23:6 31:19 34:25 41:20 48:20 49:10 52:1 73:3 73:16 74:23 76:8 79:22 80:7 80:17 83:21 83:23 86:18 110:22 114:8 116:5 116:15 118:12 118:20 123:3 | | **determine**(2) 55:22 85:15 | | **does**(19) 25:14 28:5 30:12 33:15 35:10 35:12 40:2 42:2 42:22 42:25 45:15 52:4 53:9 54:18 62:12 64:4 64:5 75:2 91:17 101:7 | | **either**(13) 17:1 25:1 31:15 39:6 41:12 48:9 61:1 80:18 83:2 99:17 109:5 109:7 118:19 | |
| | | **determined**(2) 53:1 71:7 | | | | | | |
| | | **detriment**(1) 74:2 | | | | **electronic**(1) 1:46 124:14 | |
| | | **develop**(3) 10:9 92:6 93:4 | | **doesn't**(18) 16:4 26:2 26:3 28:11 36:7 40:18 42:16 53:9 66:19 72:6 94:4 95:13 99:12 99:14 100:24 105:18 105:20 106:2 | | **elements**(6) 75:5 75:10 77:10 82:23 91:3 91:3 | |
| **debtor's**(1) 7:6 | | **developing**(1) 13:21 | | | | | | |
| | | **deviates**(1) 41:17 | | **doing**(6) 43:1 43:25 47:18 49:8 119:2 121:10 | | **elicit**(1) 115:11 | |
| **december**(4) 57:4 73:16 73:24 76:23 | | **diaz**(1) 1:24 | | | | **eligible**(5) 28:7 85:21 100:2 100:7 100:10 | |
| **decide**(1) 112:21 | | **did**(13) 22:20 23:19 42:5 84:5 94:24 95:5 97:5 99:6 100:1 101:14 107:22 111:3 122:6 | | **dollar**(1) 34:2 | | **eliminates**(1) 34:25 | |
| **decided**(1) 48:4 | | | | **dollars**(1) 110:15 | | **ellen**(7) 72:21 98:25 100:23 105:21 106:21 107:1 107:10 | |
| **decides**(3) 24:17 49:17 121:16 | | | | **done**(13) 25:7 31:3 32:6 33:18 37:9 43:8 54:10 57:6 111:4 113:5 123:10 123:19 | | | | |
| **deciding**(1) 92:2 | | **didn't**(24) 8:14 8:25 10:23 13:16 33:13 36:19 36:20 37:8 45:13 45:14 47:10 48:1 59:3 59:24 69:12 77:19 95:8 100:9 101:22 101:22 102:14 104:23 105:8 114:1 | | 123:19 | | | | |
| **decision**(4) 35:20 42:7 42:13 117:25 | | | | | | **elliott**(4) 2:33 4:13 4:13 21:8 | |
| **decisions**(2) 37:18 95:19 | | | | | | **else**(14) 16:25 19:11 19:17 29:23 39:4 41:15 48:17 51:3 56:8 58:21 66:9 96:17 105:24 111:9 | |
| **declarations**(2) 79:3 90:24 | | **different**(13) 5:25 26:24 34:3 34:4 52:25 77:12 88:2 95:24 100:22 106:24 106:24 106:25 115:11 | | | | | | |
| **declaratory**(1) 77:24 | | | | | | **else's**(3) 23:13 | |
| **declining**(1) 46:7 | | **differently**(1) 27:7 | | | | **email**(3) 15:21 11:25 82:14 | |
| **deemed**(5) 19:8 19:12 32:24 50:20 100:2 | | **difficult**(1) 58:25 | | | | **emails**(2) 63:12 64:14 | |
| **deep**(1) 25:7 | | **difficulty**(2) 16:9 59:8 | | | | **emotional**(1) 27:19 | |
| **defect**(1) 105:10 | | **dig**(1) 111:6 | | | | **empathy**(1) 46:5 | |
| **defendants**(1) 105:11 | | **digest**(1) 42:3 | | | | **emphasized**(2) 91:22 92:2 | |
| **defer**(3) 93:6 93:7 93:22 | | **diligence**(1) 23:10 | | | | **employed**(1) 100:22 | |
| **deferrals**(1) 74:5 | | **direction**(1) 11:20 | | | | **employee**(12) 10:3 10:23 12:5 17:1 18:6 71:7 74:12 85:21 86:1 95:13 99:2 100:21 | |
| **deferred**(47) 3:6 74:6 75:4 75:7 75:10 75:14 77:19 78:25 84:16 85:22 86:1 88:1 88:2 92:23 93:5 93:10 93:15 94:7 94:13 94:14 94:15 95:2 95:7 95:16 95:20 96:10 96:24 97:2 97:9 97:10 97:22 98:3 99:5 99:9 99:13 103:11 104:18 104:19 104:21 105:22 108:3 109:3 109:5 114:22 116:3 117:5 | | **directly**(3) 15:11 18:12 47:16 | | | | | | |
| | | **disability**(6) 10:25 11:1 11:6 11:6 11:7 11:7 | | | | | | |
| | | **disabled**(3) 34:23 57:25 66:20 | | | | | | |
| | | **disadvantage**(1) 110:23 | | | | | | |
| | | **disagree**(2) 24:14 50:24 | | | | | | |
| **deferring**(2) 95:13 104:2 | | **disclose**(1) 102:23 | | | | | | |
| **define**(1) 75:2 | | **disclosed**(1) 102:20 | | | | | | |
| **definite**(1) 56:13 | | **disclosure**(2) 49:18 102:20 | | | | | | |
| **definition**(2) 84:22 96:18 | | **disconnect**(1) 96:20 | | | | | | |
| **definitively**(1) 26:11 | | **discover**(1) 92:14 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**employees**(37) 7:23 8:1 8:16 8:20 8:23 9:12 10:15 11:23 14:9 18:11 18:20 18:25 20:21 20:22 22:20 22:25 23:2 27:11 39:22 43:23 52:11 52:15 75:9 85:13 93:7 94:10 94:19 95:18 99:3 99:24 100:1 100:6 100:11 102:8 114:16 115:8

**employer**(4) 75:6 94:3 94:5 94:7

**employer's**(1) 94:1

**employment**(9) 7:23 8:7 8:13 9:1 10:24 10:25 12:15 20:8 83:10

**empowers**(1) 82:3

**enable**(2) 81:10 118:14

**end**(23) 13:25 19:13 19:24 46:6 48:15 52:18 52:19 54:5 54:7 57:6 57:8 57:15 57:16 57:16 59:25 60:17 60:21 61:9 66:1 76:21 91:15 98:15 98:16

**endorses**(1) 69:19

**energy**(1) 17:20

**engage**(4) 16:22 37:4 37:8 81:10

**engaged**(1) 76:12

**engagement**(1) 88:20

**english**(1) 2:20

**enjoy**(1) 97:16

**enjoyed**(1) 97:16

**enmeshed**(1) 91:24

**enough**(6) 12:11 55:10 55:11 103:6 107:10 123:1

**enrollment**(4) 83:10 93:20 108:23 110:24

**enter**(1) 71:13

**entered**(1) 6:17

**entertain**(1) 112:23

**entire**(4) 11:2 25:2 57:16 84:17

**entirely**(2) 29:5 85:17

**entirety**(1) 55:15

**entitled**(5) 8:10 53:5 77:17 108:8 109:9

**entitlements**(1) 28:9

**envision**(1) 13:23

**equal**(1) 95:11

**equitable**(6) 77:17 77:22 78:2 78:3 78:10 115:18

**erisa**(32) 32:18 32:19 32:25 33:10 62:1 74:13 74:15 75:2 75:9 78:11 85:4 92:25 101:8 101:10 101:12 101:18 101:21 102:9 102:21 102:23 103:5 103:6 105:5 105:8 105:11 105:14 106:4 116:1 116:10 116:12 116:18 116:21

**erisa's**(6) 74:18 75:22 78:1 78:7 114:25 116:12

**ernst**(2) 2:27 3:38

**especially**(2) 24:1 41:9

**esq**(21) 1:23 1:24 1:30 1:31 1:32 1:33 2:7 2:13 2:21 2:28 2:34 2:42 2:51 3:8 3:14 3:20 3:26 3:35 3:39 3:47 4:10

**essential**(2) 31:2 85:1

**essentially**(10) 35:1 74:14 74:24 75:3 75:20 76:11 77:20 80:3 80:7 90:9

**establish**(2) 7:6 107:3

**established**(3) 86:9 116:10 116:16

**estate**(5) 39:21 40:3 42:22 84:18 97:24

**estates**(1) 76:8

**esther**(1) 3:43

**etc**(5) 36:22 48:12 49:7 81:15 81:15

**even**(22) 8:14 14:15 16:1 25:3 26:4 36:24 37:20 46:15 46:21 54:13 55:5 76:17 80:10 81:19 87:8 96:16 97:22 98:5 101:3 109:15 111:5 120:22

**event**(6) 80:15 93:24 97:4 97:5 99:11

**events**(1) 117:17

**ever**(9) 12:18 37:18 42:5 42:13 49:5 64:1 76:7 101:18 118:6

**every**(14) 9:3 10:17 15:14 16:1 17:24 18:16 69:16 84:12 84:13 85:20 96:25 101:9 108:24 114:9

**everybody**(2) 48:15 117:24

**everyone**(13) 5:3 9:21 13:24 19:11 25:10 53:22 56:4 58:21 58:23 58:25 72:13 119:18 124:9

**everyone's**(1) 52:22

**everything**(9) 10:6 19:1 19:17 26:13 44:23 45:1 66:9 96:16 103:23

**everything's**(2) 6:8 35:15

**evidence**(4) 54:15 92:5 92:6 119:5

**evidenced**(1) 83:8

**exact**(1) 113:25

**exactly**(6) 97:13 105:21 106:11 108:3 109:16 110:25

**example**(8) 19:2 32:20 33:2 33:8 36:3 40:12 85:16 102:2

**examples**(1) 12:22

**excessive**(1) 88:15

**exchange**(2) 9:10 10:23

**exchanges**(1) 82:14

**exclusion**(1) 74:2

**exclusive**(5) 75:24 76:3 78:4 116:3 116:25

**exclusively**(1) 116:15

**excuse**(3) 17:13 22:22 123:17

**excused**(1) 6:11

**executive**(1) 76:1

**executives**(2) 98:25 99:1

**exempt**(1) 74:18

**exercise**(2) 8:6 15:4

**exhibit**(1) 6:1

**exist**(2) 46:15 46:21

**existing**(2) 47:23 80:5

**exists**(3) 65:1 87:22 89:20

**expect**(1) 26:1

**expected**(1) 52:20

**expediency's**(1) 51:7

**expedited**(1) 54:13

**expense**(6) 82:3 82:6 89:7 119:19 120:22 121:1 122:22 123:4

**expenses**(5) 118:18 120:19 121:13 122:24 122:25

**expensive**(2) 82:6 82:25

**experience**(1) 41:6

**experts**(1) 34:12

**explained**(1) 114:24

**explanation**(2) 15:9 21:16

**explore**(9) 83:13 83:15 83:24 85:10 86:7 87:11 87:15 87:20 110:10

**express**(1) 22:24

**extended**(2) 22:17 120:9

**extension**(2) 45:21 59:24

**extensions**(1) 24:6

**extensive**(1) 30:23

**extent**(22) 15:16 23:17 27:8 27:21 27:24 55:24 56:5 56:7 60:2 62:12 62:16 65:1 65:24 66:23 70:1 71:8 78:5 78:8 82:16 89:20 89:2 102:16 119:15

**extinguishing**(1) 74:24

**extra**(1) 27:7

**extracted**(1) 20:8

**extreme**(2) 24:15 27:19

**extremely**(1) 39:14

**eyes**(5) 14:25 26:23 34:16 37:15 50:20

**f.3d**(1) 105:6

**facilitate**(6) 8:22 27:22 63:9 63:17 64:17 67:3

**facilitator**(1) 15:18

**fact**(31) 9:18 10:14 10:19 11:22 11:25 15:4 17:20 21:15 22:12 22:16 23:1 23:16 41:8 47:22 47:23 53:9 53:11 54:9 57:24 80:11 84:2 84:3 84:22 85:1 85:2 87:23 88:5 101:24 115:19 118:7 118:13

**fact-driven**(1) 112:17

**factor**(4) 117:22 120:22 121:22 122:2

**facts**(17) 52:9 80:5 80:5 80:6 81:18 87:23 91:17 92:13 92:13 93:2 107:3 107:17 109:11 112:18 115:3 115:5 115:12

**factual**(5) 85:14 87:2 88:25 91:24 92:3

**fair**(3) 43:6 82:20 110:18

**fairly**(2) 30:23 63:18

**fairness**(2) 23:24 110:6

**fall**(1) 100:24

**falls**(2) 70:14 89:22

**familiar**(1) 9:20

**fantasy**(1) 95:21

**far**(5) 12:20 18:23 30:21 38:18 83:2

**far-reduced**(1) 103:17

**farr**(1) 3:46

**fashioned**(1) 108:13

**faster**(1) 43:14

**fatell**(2) 3:8 119:7

**fault**(1) 28:25

**favor**(1) 76:19

**fax**(1) 45:6

**february**(4) 16:18 16:20 75:19 76:9

**federal**(4) 22:13 23:3 26:14 51:20 66:8 66:13

**fee**(3) 5:14 6:11 88:14

**feel**(4) 29:13 90:20 91:1 118:7

**fees**(1) 78:13

**feet**(1) 11:4

**feld**(1) 2:6

**fellow**(3) 20:22 49:20 117:25

**felt**(1) 26:8

**few**(1) 48:11

**fiduciary**(1) 78:12

**field**(1) 9:17

**fight**(3) 46:20 111:5 112:12

**fighting**(1) 84:11

**figure**(3) 32:19 35:10 67:24

**file**(10) 11:2 11:3 45:20 49:25 56:10 62:2 76:16 80:20 111:23 120:18

**filed**(33) 6:15 7:10 7:11 7:21 9:1 9:21 10:11 12:5 13:6 13:8 14:8 14:16 14:23 21:10 21:24 28:21 29:11 30:11 48:7 49:16 49:19 52:7 53:11 54:12 73:16 73:18 73:22 75:15 78:17 79:2 96:14 97:5 107:12

**files**(9) 11:11 20:8 23:14 26:12 31:5 31:6 50:10 56:25 59:5

**filing**(4) 19:2 76:22 78:14 84:20

**fill**(1) 16:12

**final**(4) 9:4 56:13 57:7 88:13

**finality**(2) 54:19 54:25

**finally**(2) 88:13 100:21

**financer**(1) 33:4

**financial**(2) 13:1 102:17

**find**(10) 17:18 17:24 32:23 35:8 36:17 50:3 80:12 87:13 97:25 104:19

**finds**(2) 53:5 53:7

**fine**(8) 38:5 60:23 69:1 71:12 72:2 98:12 101:13 107:12

**finger**(2) 2:12 52:23

**finish**(1) 119:24

**firm**(3) 80:18 81:14 81:15

**first**(13) 5:17 8:20 14:14 32:17 51:15 57:2 57:2 69:17 74:14 83:21 86:11 89:18 98:14

**fit**(1) 35:10

**fits**(3) 7:17 66:14 93:1

**five**(4) 97:18 100:17 104:21 104:23

**five-day**(1) 44:25

**fixed**(1) 6:7

**flagged**(1) 76:15

**flavor**(1) 16:7

**fleming**(1) 1:31

**flexibility**(1) 58:12

**floor**(2) 1:25 2:23

**flowed**(1) 101:6

**fly**(4) 89:8 111:3 111:14 120:24

**focused**(3) 98:19 98:19 101:16

**folks**(14) 25:8 26:8 28:15 37:4 47:18 67:7 70:12 100:12 100:20 100:22 101:4 109:24 111:9 111:9

**follow**(3) 9:5 64:15 123:18

**follow-on**(4) 54:7 60:2 60:13 68:17

**follow-up**(5) 22:17 23:15 24:3 24:4 68:18

**following**(2) 51:19 52:2

**foot**(1) 14:17

**football**(1) 95:21

**footing**(1) 106:25

**footnotes**(2) 6:1 6:1

**for**(253) 1:21 1:22 2:4 2:19 2:27 2:33 2:40 2:48 3:5 3:19 3:25 3:34 3:38 3:42 3:46 3:50 4:4 4:8 4:13 4:17 4:21 4:25 5:11 5:17 6:9 6:11 6:25 7:1 7:7 9:21 11:16 12:25 13:25 14:14 15:5 15:14 15:15 15:21 15:24 16:5 16:7 16:19 19:2 20:3 20:7 21:8 21:9 21:24 22:19 23:10 23:12 24:4 24:6 24:7 24:12 24:16 24:17 26:12 26:17 26:19 27:7 28:7 28:17 29:9 29:20 29:24 30:14 31:4 31:6 31:15 32:1 32:20 33:2 33:8 33:19 34:2 34:7 35:19 36:2 36:4 39:17 39:21 40:2 40:12 41:25 42:13 43:9 44:15 45:3 45:4 45:21 46:5 46:15 46:20 47:13 47:21 48:3 49:18 50:10 51:6 51:18 52:8 52:12 52:13 53:4 53:15 53:21 54:9 54:16 54:21 54:25 55:9 55:25 56:10 57:15 58:22 59:3 59:5 59:5 59:6 59:6 60:17 61:12 61:13 61:13 62:11 63:25 64:3 64:5 65:5 65:17 65:20 66:8 69:5 69:10 70:24 71:1 71:3 72:15 72:23 73:4 73:5 73:9 73:9 73:20 74:11 74:20 75:6 75:19 76:3 76:15 77:4 77:23 78:2 78:4 78:9 78:11 78:12 78:16 78:17 78:18 78:24 79:2 79:3 79:5 79:18 79:19 80:18 81:1 81:25 82:14 82:25 83:5 84:19 85:16 86:10 86:19 87:6 87:7 89:11 89:23 90:1 90:2 90:3 91:1 91:21 91:22 92:1 92:17 92:18 93:3 94:6 94:9 94:10 95:4 95:10 96:1 96:13 96:13 97:5 97:10 97:18 97:22 98:20 99:7 99:9 99:10 100:1 101:23 104:6 104:10 104:14 105:23 106:14 107:7 107:15 108:2 108:6 110:11 110:16 110:19 110:21 110:21 114:4 111:6 111:19 112:6 112:7 112:10 112:23 114:19 115:9 115:24 116:2 116:5 118:6 118:21 119:16 119:16 119:18 120:6 120:7 120:15 121:1 121:8 121:15 122:22 122:25 123:1 123:13 124:2 124:7

**forces**(1) 17:16

**foregoing**(1) 124:13

**foregone**(1) 33:11

**forever**(2) 16:14 51:19

**forgive**(2) 44:1 44:13

**form**(11) 5:20 5:25 47:16 61:2 81:24 93:20 96:22 108:23 109:1 114:9 121:20

**formal**(1) 52:12

**forms**(2) 78:8 110:24

**formulating**(1) 73:5

**forth**(1) 25:13

**forthright**(1) 18:8

**forum**(1) 18:17

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**forward**(10) 10:20 17:19 18:9 45:19 59:21 70:20 71:21 80:9 110:14 118:25

**found**(4) 25:9 26:13 35:7 86:16

**four**(4) 23:2 44:25 79:15 92:22

**framed**(1) 73:11

**framework**(2) 91:16 110:7

**frankly**(7) 14:21 54:8 58:19 60:24 80:9 109:20 109:23

**fraud**(2) 12:25 98:12

**friday**(4) 15:20 17:8 20:15 21:21

**from**(62) 6:5 7:1 12:4 14:12 17:3 18:14 18:23 20:12 20:15 21:8 26:8 26:8 28:5 28:22 28:22 29:5 30:5 31:25 33:5 33:5 34:21 37:7 41:6 42:23 42:25 43:1 43:12 43:15 45:13 45:14 52:1 52:4 53:16 64:1 65:21 65:23 72:11 74:18 82:2 82:5 87:23 89:9 93:12 93:20 94:19 99:14 101:3 101:6 102:15 103:5 105:2 105:7 107:23 108:19 111:1 112:14 113:18 114:8 116:24 117:2 122:10 124:14

**front**(8) 9:8 13:4 13:10 14:2 18:5 19:14 20:2 59:18

**fruitful**(1) 23:23

**fruition**(1) 108:5

**frustrating**(1) 13:12

**full**(5) 17:23 23:17 49:17 54:15 102:18

**fully**(6) 35:20 37:8 37:18 55:23 85:4

**fundamental**(2) 24:19 84:10

**funding**(1) 33:23

**funds**(9) 73:25 74:1 74:22 74:25 76:2 76:20 116:2 116:23 117:1

**further**(4) 28:24 57:24 59:19 120:2

**gains**(1) 87:16

**gallagher**(1) 3:46

**game**(1) 48:7

**gate**(1) 55:5

**gave**(1) 31:14

**gee**(1) 53:7

**general**(9) 10:7 93:23 94:23 97:3 97:8 97:12 99:10 103:17 109:4

**generally**(4) 18:1 31:17 51:18 91:23

**genesis**(1) 73:15

**gentlemen**(1) 20:20

**georgia**(1) 122:15

**get**(92) 5:7 6:12 8:22 11:12 11:16 14:2 14:8 14:10 16:15 16:24 18:5 19:5 19:24 25:14 27:3 28:24 34:15 34:16 36:2 36:6 36:8 37:6 37:18 39:19 40:21 41:13 43:2 44:25 45:21 47:12 48:23 54:6 55:6 55:9 55:14 56:25 57:2 57:5 57:17 58:20 58:23 60:11 63:11 63:14 64:14 65:16 68:13 72:3 73:10 79:9 80:1 81:7 89:12 91:17 93:12 95:4 95:14 96:15 97:12 104:4 104:20 105:9 106:2 106:7 107:25 108:1 108:4 108:11 108:13 108:19 109:9 109:12 109:1 109:25 109:25 111:3 111:14 111:17 111:22 112:6 112:22 112:23 113:5 114:3 115:3 115:13 119:10 123:9 123:16 123:17 123:20 123:20

**gets**(6) 28:17 36:9 36:13 41:5 58:23

**getting**(19) 14:12 18:2 18:15 20:7 26:9 33:6 37:20 41:5 41:8 44:17 45:20 47:17 52:5 57:10 61:6 62:5 62:7 112:13 114:7

**gibbon**(1) 1:33

**ginger**(1) 1:38

**give**(17) 10:1 14:10 16:7 24:10 33:12 35:12 41:9 42:2 50:3 64:21 64:21 64:22 81:23 104:14 105:11 109:19 110:2

**given**(12) 8:16 9:23 10:18 11:1 12:18 15:9 23:24 28:11 57:3 60:25 82:21 95:6

---

**gives**(1) 81:13

**glad**(2) 51:22 52:5

**glantz**(1) 3:8

**globally**(1) 99:1

**goes**(8) 18:3 39:20 42:10 59:24 66:18 86:5 93:10 117:15

**going**(102) 5:7 7:15 10:16 15:5 16:19 17:22 17:23 17:23 19:1 19:16 22:6 24:9 24:10 27:9 29:7 31:1 33:19 34:7 35:13 35:16 35:23 36:4 36:5 38:3 38:17 40:5 40:21 40:24 41:16 41:18 41:20 43:5 44:5 45:19 47:6 47:14 48:10 48:22 48:23 53:8 57:9 57:12 60:14 61:2 61:8 61:11 62:14 62:22 63:1 64:22 65:17 67:16 67:25 68:2 68:22 76:16 84:25 85:8 86:4 87:1 87:24 88:9 88:11 88:12 91:17 95:25 96:2 96:3 96:3 97:3 97:11 97:17 98:18 102:22 104:22 106:23 108:1 108:7 108:18 108:21 109:1 109:3 109:5 109:6 109:8 110:4 111:2 112:12 112:18 113:2 113:15 114:21 115:2 115:3 115:11 115:12 115:13 119:6 119:11 121:20 123:18 123:20

**gone**(4) 10:9 15:4 103:11 103:13

**good**(36) 5:3 5:4 5:4 5:6 5:18 6:23 6:25 7:2 7:4 20:1 20:19 23:7 30:3 30:4 37:24 42:25 43:1 44:3 44:4 51:9 59:1 63:11 67:10 69:9 70:4 70:8 70:9 71:19 72:14 91:10 102:2 105:7 105:8 120:15 122:2 124:9

**gosh**(1) 111:8

**got**(24) 12:11 15:20 26:10 36:24 37:25 44:22 44:23 63:3 63:15 64:6 66:17 94:17 101:20 102:22 103:3 104:7 104:19 105:18 106:24 108:20 110:2 111:25 115:9 122:17

**gotten**(11) 12:4 12:20 25:22 52:18 52:25 55:5 58:21 60:23 65:16 82:19 114:20

**gottlieb**(1) 1:29 7:1 91:19

**govern**(2) 31:17 32:12

**governed**(3) 70:16 79:11 102:9

**governing**(1) 23:5

**government**(1) 96:4

**grant**(1) 74:1

**granted**(6) 23:20 49:16 49:19 76:9 76:19 78:9

**grapple**(1) 101:9

**grappling**(1) 36:1

**great**(6) 27:23 59:3 87:4 100:16 121:9 123:15

**greek**(1) 14:3

**greenleaf**(2) 2:33 21:8

**gross**(2) 1:18 30:4

**grounds**(1) 124:2

**group**(27) 2:48 10:14 17:1 28:12 52:1 69:19 75:8 75:18 76:21 77:3 77:4 79:6 79:8 80:22 80:22 81:1 85:13 85:17 85:24 88:15 98:23 99:24 100:5 114:15 115:7 115:25 116:17

**groups**(1) 25:2

**grow**(1) 93:11

**guaranteed**(1) 23:4

**guess**(7) 36:1 44:9 57:1 57:11 59:12 65:10 68:4

**gump**(2) 2:5 30:5

**gun**(3) 36:3 36:14 36:15

**h.r**(2) 49:15 50:6

---

**had**(67) 8:18 9:4 9:12 9:14 9:19 10:9 10:12 10:12 10:19 10:19 10:22 10:24 10:24 11:1 11:13 11:19 11:21 11:25 12:23 13:13 13:16 16:18 19:3 19:6 21:10 22:22 26:24 31:13 33:3 33:4 34:9 34:23 44:21 44:25 47:24 48:3 48:11 48:18 49:16 49:19 49:23 52:18 52:19 53:15 59:16 59:17 60:14 71:5 74:25 76:17 80:24 88:1 89:24 95:11 97:15 99:20 100:3 102:10 102:23 104:2 105:2 105:7 108:4 108:24 117:5 120:21

**hadley**(1) 2:49

**hadn't**(3) 10:6 11:22 11:22

**half**(3) 16:19 73:23 95:11

**half-a**(1) 110:11

**half-day**(1) 111:16

**half-way**(1) 68:19

**hamilton**(1) 1:19

**hand**(3) 13:18 54:18 112:10

**handle**(5) 27:6 48:24 49:7 49:9 112:11

**hands**(4) 13:22 81:21 87:18 89:4

**hanrahan**(1) 3:47

**happen**(4) 8:25 26:3 61:19 94:24

**happening**(2) 16:25 63:19

**happens**(1) 36:21

**happy**(5) 29:22 55:7 64:17 71:16 88:16

**harassed**(1) 114:3

**harassing**(1) 119:9

**harassment**(3) 81:25 118:5 118:24

**hard**(3) 13:22 31:12 58:22

**harm**(26) 86:6 86:9 99:14 101:2 101:2 101:6 101:14 101:22 101:25 102:1 102:24 103:8 104:7 105:3 105:9 105:18 105:19 106:9 107:23 108:2 108:6 108:7 116:11 116:20 116:17 117:16

**harmed**(8) 86:21 103:3 106:4 106:5 107:24 108:1 116:14 116:18

**harrisburg**(1) 1:42

**has**(63) 6:16 11:11 12:5 15:23 23:20 23:23 23:25 26:12 27:5 27:11 28:2 28:5 28:25 29:23 30:23 31:8 38:19 39:2 39:2 39:21 39:23 40:14 40:16 41:12 42:1 42:20 44:17 49:5 51:15 52:8 52:13 52:14 54:16 54:24 57:21 58:9 58:11 58:11 58:21 59:20 61:5 64:5 71:14 81:11 84:14 88:14 90:12 91:22 92:2 92:8 94:19 94:20 94:22 94:23 98:22 98:23 103:23 106:5 109:10 112:17 116:9 122:23

**hasn't**(2) 25:22 35:7

**hat**(18) 74:15 74:17 75:2 75:4 75:10 75:2 76:1 77:10 77:25 83:7 84:5 98:5 98:11 114:25 115:20 115:23 116:22 117:6

**hauer**(1) 2:5

---

**have**(301) 5:13 5:20 7:4 9:2 9:21 9:22 10:3 10:4 11:5 11:17 12:18 13:5 13:6 13:12 13:14 13:16 13:20 14:18 14:20 15:5 15:6 16:11 17:8 17:19 18:6 18:11 18:13 19:4 19:6 19:8 19:13 19:15 19:16 19:19 19:19 20:15 20:22 21:15 21:18 23:13 24:12 24:19 24:25 25:4 25:7 25:9 25:20 26:19 26:24 27:1 27:12 27:25 28:8 28:15 29:1 29:3 29:9 29:13 29:15 29:16 29:20 29:24 30:11 30:14 30:18 30:21 31:15 31:25 32:17 33:17 33:20 34:3 34:8 34:13 34:18 34:22 34:24 35:5 35:10 35:21 36:7 36:17 36:19 36:20 36:23 37:24 38:25 39:13 39:18 39:25 40:4 40:5 40:15 40:16 40:16 40:17 40:19 40:20 41:16 41:18 41:25 42:6 42:12 42:14 42:18 42:21 42:25 45:3 45:6 45:6 45:8 45:8 45:22 46:5 46:24 47:17 47:24 47:24 48:1 48:10 49:2 49:3 49:4 49:4 49:5 49:6 49:7 49:11 51:13 51:16 52:20 53:6 53:9 53:11 53:20 53:22 54:20 54:20 54:25 55:19 55:21 55:24 55:25 56:4 56:9 57:15 57:19 57:20 58:12 59:16 59:21 59:25 60:1 60:6 60:7 60:14 61:4 61:7 61:17 61:21 63:1 63:10 63:11 63:20 63:21 64:3 64:11 64:13 64:15 65:25 66:16 67:19 67:21 67:21 68:2 68:9 68:20 69:8 70:25 76:3 77:19 77:20 79:1 79:14 80:21 82:10 82:19 83:3 83:4 83:9 83:12 83:17 84:1 84:2 84:6 84:7 85:17 86:2 86:13 86:14 86:20 86:21 87:18 88:1 88:2 88:4 88:16 88:19 90:1 90:4 90:9 90:15 90:23 91:17 93:2 93:9 93:19 94:4 95:8 95:9 95:10 95:18 96:19 97:1 97:9 97:14 97:15 97:18 98:13 98:17 98:22 98:23 99:8 100:15 100:19 100:20 100:23 101:5 101:8 101:14 101:23 101:24 102:16 102:22 103:7 103:11 103:19 103:28 104:1 104:18 104:22 104:24 104:24 105:4 105:8 105:10 105:20 105:25 106:1 106:3 106:21 106:25 107:4 107:5 109:16 109:19 109:20 109:23 110:2 111:6 112:7 112:8 112:18 113:2 113:21 114:3 114:6 114:11 114:16 114:19 115:2 115:4 115:5 115:14 115:17 116:5 116:8 116:16 116:18 117:4 117:9 117:24 118:8 118:12 118:17 118:25 119:17 120:3 120:24 121:3

**have**(6) 121:9 121:12 121:23 122:1 122:1 122:3 123:6 123:18

**haven't**(12) 12:4 21:16 26:15 28:5 34:21 43:8 51:24 55:5 62:5 63:25 66:13 84:8

**having**(13) 9:16 13:22 14:6 16:22 27:3 35:2 46:19 51:16 58:15 70:17 89:8 97:21 121:2

**heading**(2) 17:7 99:22

**heads**(1) 63:16

**health**(4) 28:20 46:7 46:8 52:9

**hear**(11) 20:14 25:25 42:23 45:13 45:14 52:6 73:13 107:22 108:8 111:2 111:13

**heard**(8) 10:22 15:3 28:5 40:6 113:16 113:19 115:16 123:17

**hearing**(19) 9:4 9:11 9:15 10:8 14:14 16:17 16:20 18:11 37:10 37:11 65:18 67:19 68:5 68:16 75:19 76:9 76:14 79:22 124:10

**held**(16) 73:25 74:3 74:20 76:2 76:3 76:5 94:20 95:14 96:12 96:17 96:19 96:21 98:1 99:10 116:2 120:23

**help**(11) 21:6 25:5 27:12 27:17 27:22 28:23 32:7 36:25 47:1 64:17 94:7

**helpful**(6) 7:13 64:8 66:21 73:8 73:15 123:23 32:7 36:25 47:1 94:7

**helps**(4) 21:24 21:25 44:17 94:7

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**her**(18) 32:5 53:16 99:1 99:9 99:11 99:12 99:14 101:5 101:6 102:8 102:9 105:20 105:23 105:23 106:16 106:24 117:15 117:16

**here**(59) 7:4 13:4 19:23 21:6 21:12 25:24 27:9 28:6 30:13 33:9 33:24 33:24 35:4 36:15 38:12 41:12 41:17 41:22 42:22 43:7 43:18 44:9 45:14 46:3 46:20 47:11 47:21 48:6 48:9 51:3 53:2 56:17 57:22 58:11 61:21 63:14 64:8 72:23 76:12 79:21 81:4 89:8 92:12 92:20 94:12 96:13 96:23 97:5 100:16 105:21 107:3 111:6 112:20 117:22 118:13 118:17 121:20 122:3 122:24

**here's**(3) 35:25 63:14 63:15

**herrington**(48) 1:32 90:7 91:9 91:10 91:12 91:14 91:18 91:21 92:22 93:15 93:18 94:15 94:17 95:23 96:9 98:10 100:15 103:12 103:15 103:19 103:22 105:14 105:16 106:11 106:14 108:17 112:3 113:1 113:5 113:8 113:10 113:11 114:24 117:12 117:13 119:21 119:22 119:23 120:2 120:7 120:9 121:15 123:8 123:9 123:13 123:15 123:23 124:5

**herself**(1) 102:6

**hesitancy**(1) 49:10

**hesitant**(1) 63:10

**hesitate**(1) 124:7

**he'll**(2) 35:10 36:14

**he's**(4) 17:15 31:2 31:3 71:6

**high**(1) 96:1

**highest**(2) 100:25 105:22

**highly**(17) 10:2 10:5 30:25 55:16 75:8 85:13 99:2 99:4 99:16 99:24 100:6 102:5 104:1 107:19 107:21 114:15 115:7

**hipaa**(1) 14:6

**his**(7) 11:11 31:3 40:16 85:18 85:18 106:16 106:23

**history**(1) 73:10

**hit**(2) 102:13 118:12

**hmo**(6) 102:8 102:8 102:9 102:10 102:15 102:20

**hoc**(11) 2:48 3:5 13:19 75:18 76:21 77:3 77:4 80:21 80:22 81:1 88:15

**hold**(2) 12:9 23:3

**holding**(3) 12:9 94:12 95:2

**holiday**(2) 67:14 67:15

**home**(1) 25:13

**honor**(109) 5:11 5:17 5:24 6:13 6:25 7:2 13:4 15:24 16:12 17:7 19:7 19:20 19:25 20:2 20:16 20:19 20:21 21:3 23:19 23:20 24:5 24:7 24:9 24:16 27:9 28:7 29:8 30:1 30:8 32:8 35:19 36:8 36:15 37:7 38:4 38:6 38:15 38:18 39:23 41:23 42:4 43:15 43:20 44:1 44:24 45:23 46:2 46:21 47:6 48:25 49:14 56:18 60:24 61:17 62:19 63:7 64:2 64:9 64:21 69:2 69:5 70:4 70:5 70:9 72:1 73:8 75:13 76:15 79:10 82:3 84:10 85:14 89:5 90:8 91:10 91:14 92:18 93:2 93:5 94:24 95:21 96:14 96:21 98:18 99:20 102:4 103:12 105:3 108:15 109:10 109:10 111:18 111:25 113:11 113:14 116:11 117:10 117:13 117:14 117:18 119:21 120:12 120:21 121:15 123:9 123:22 123:24 124:5

**honorable**(1) 1:18

**hope**(7) 15:2 17:24 47:7 52:19 96:1 96:5 96:15

**hoped**(1) 108:18

**hopefully**(3) 69:25 110:5 119:12

**hoping**(1) 9:2

**horne**(5) 72:21 85:16 85:23 107:11 122:14

**horvath**(1) 102:1

**hospice**(2) 25:13 45:23

**hospitalized**(3) 45:22 58:6 58:15

**host**(3) 114:23 115:1 115:24

**housekeeping**(1) 97:2

**how**(27) 7:17 11:6 12:20 15:25 31:18 32:19 34:5 35:10 36:22 43:25 46:13 46:15 49:7 51:2 51:16 55:6 58:5 66:14 92:23 93:1 95:6 106:3 109:2 110:8 110:8 121:2 122:24

**however**(1) 23:7

**huge**(1) 19:22

**humanity**(1) 47:2

**hunch**(1) 90:15

**hurting**(1) 51:3

**husband**(1) 46:18

**hydrogen**(1) 119:3

**i'm**(2) 6:4 33:19

**idea**(12) 5:18 16:14 16:14 23:7 25:20 27:23 42:25 43:1 44:21 65:19 67:10 72:8

**identical**(1) 79:8

**identify**(2) 52:11 87:10

**ignore**(7) 98:1 98:2 98:2 104:12 104:13 106:1 106:6

**iii**(1) 85:1

**ill**(1) 27:18

**illness**(1) 44:22

**illustrative**(1) 98:24

**imagine**(4) 25:24 31:13 61:17 122:22

**imbalance**(1) 110:1

**immediately**(1) 116:1

**impact**(3) 31:18 105:20 117:16

**impacted**(1) 103:7

**impacts**(1) 110:8

**imperative**(1) 23:10

**implied**(1) 78:3

**important**(12) 16:21 20:1 47:4 57:15 60:21 79:4 86:10 101:19 108:18 111:18 119:20 121:15

**impose**(4) 58:5 109:22 109:24 121:20

**imposed**(1) 116:1

**imposing**(2) 22:24 116:12

**imposition**(1) 78:2

**impression**(1) 82:10

**improper**(1) 99:12

**improperly**(1) 104:16

**improved**(1) 38:24

**inability**(1) 59:7

**inappropriate**(1) 35:4

**inc**(2) 1:7 6:15

**incentive**(4) 102:10 102:16 102:19 110:3

**inch**(1) 86:5

**inclined**(1) 45:25

**include**(2) 78:24 105:23

**included**(1) 37:22

**including**(8) 14:9 25:19 74:19 75:14 75:23 83:8 93:2 103:2

**income**(4) 94:18 102:13 106:22 114:23

**inconvenience**(1) 111:11

**inconvenient**(3) 111:18 118:24 119:18

**incorporate**(1) 78:7

**incorporated**(1) 74:10

**increased**(1) 51:23

**increasing**(1) 16:9

**independent**(6) 17:3 28:8 90:7 90:11 90:16 95:15

**indicated**(4) 26:5 33:5 64:12 118:18

**indication**(2) 32:20 49:5

**individual**(113) 8:23 9:12 10:17 10:23 10:24 11:9 11:16 11:23 11:24 12:3 12:5 12:10 12:11 13:10 15:12 16:1 18:6 18:10 18:13 19:3 19:7 19:8 19:19 20:12 22:10 22:16 22:25 24:17 24:24 25:2 25:7 27:2 27:17 30:15 31:5 31:6 31:10 34:21 34:24 39:1 42:13 48:18 50:10 50:12 51:4 51:20 51:24 52:1 52:22 52:23 54:16 54:22 55:14 55:17 57:21 58:19 59:5 59:10 62:11 62:17 71:7 72:20 73:2 75:15 76:21 77:2 78:19 80:25 81:3 81:23 83:1 83:3 83:25 84:4 84:6 84:13 84:14 85:3 85:12 86:3 86:6 86:7 86:9 86:12 87:15 87:24 87:25 88:6 88:24 89:6 89:11 90:25 95:3 95:12 96:12 96:23 97:6 101:14 104:1 104:8 104:10 105:3 105:18 105:19 107:23 108:7 113:18 114:18 115:6 116:17 117:16 118:8 120:24

**individualized**(5) 9:17 101:25 102:1 103:8 104:7

**individually**(4) 9:21 9:22 34:1 106:4

**individuals**(24) 12:8 13:6 14:4 15:11 20:7 23:23 23:25 24:21 28:20 29:16 30:11 35:20 36:2 36:24 49:13 55:21 70:13 70:15 80:13 80:22 98:21 100:25 107:4 110:23

**individual's**(1) 104:25

**inform**(1) 25:8

**informally**(1) 54:6

**information**(52) 8:23 10:3 11:16 12:13 12:16 14:11 14:12 14:19 22:10 22:11 23:23:7 23:8 23:11 23:13 23:15 23:17 26:20 27:1 27:4 27:7 35:21 36:2 41:9 42:7 45:18 45:18 45:19 48:23 50:16 50:17 52:16 55:9 56:5 59:8 62:13 81:14 81:20 81:21 87:18 88:3 89:3 90:21 90:24 108:9 108:13 108:14 109:9 111:18 115:5

**informed**(2) 35:20 37:18

**ingersoll**(1) 2:27

**initial**(10) 16:15 19:14 24:3 32:17 35:14 54:15 56:21 59:13 60:1 60:11

**injury**(5) 84:2 84:3 84:9 84:22 101:24

**inquire**(1) 118:16

**inquiries**(7) 25:5 26:25 27:7 52:25 53:1 62:1 92:4

**inquiry**(3) 26:20 89:1 118:10

**insolvency."**(1) 93:25

**instead**(4) 44:16 50:6 97:23 99:15

**instructive**(1) 102:5

**intent**(2) 22:22 22:24

**interceded**(1) 48:20

**interest**(8) 16:17 23:9 23:23 70:18 87:21 88:15 88:21 118:9

**interested**(2) 17:10 117:19

**interesting**(1) 113:20

**interests**(4) 8:5 17:4 55:8 102:17

**internet**(2) 47:14 49:24

**interpreted**(1) 70:12

**interrogatories**(11) 12:23 61:9 61:13 62:11 65:17 71:18 80:23 80:24 83:4 86:15 108:20

**interruption**(2) 28:16 28:18

**interviewed**(1) 34:22

**into**(40) 6:6 7:17 16:19 16:20 17:20 17:21 25:7 26:7 26:9 29:7 32:18 33:10 34:24 35:11 35:23 36:24 37:14 43:5 55:4 57:4 59:10 68:18 79:9 79:17 80:1 80:20 82:17 84:5 84:8 84:18 88:1 91:17 93:1 95:14 95:24 99:16 100:24 109:10 118:10 118:16

**introduced**(1) 98:20

**inure**(1) 11:13

**inurement**(1) 76:5

**investigated**(1) 12:25

**investing**(3) 95:24 96:2 96:4

**investment**(2) 87:16 96:5

**invite**(1) 102:4

**involved**(2) 83:20 123:1

**involves**(2) 91:23 110:14

**iota**(1) 87:2

**ironed**(1) 71:1

**irrelevant**(3) 19:18 107:7 109:8

**isn't**(17) 13:24 17:22 35:9 42:9 42:16 42:25 43:13 47:19 52:10 53:10 53:13 54:9 90:6 104:4 104:11 104:14 110:18

**issue**(50) 19:18 26:17 27:6 27:25 28:1 28:2 31:11 33:25 35:9 44:10 48:21 49:9 53:7 53:20 55:4 55:5 58:22 66:8 68:3 71:8 74:12 76:17 77:10 81:7 85:9 85:11 85:15 86:4 88:13 88:25 90:16 96:13 96:14 98:7 98:19 101:9 104:22 105:4 105:7 107:15 110:6 110:9 110:9 113:17 113:24 114:5 115:4 115:23 116:7 120:3

**issues**(78) 7:12 9:9 11:23 13:3 14:3 14:4 14:13 14:17 14:22 15:5 15:19 15:24 16:10 16:18 16:21 17:17 18:2 18:5 18:11 18:16 20:3 24:23 30:22 33:11 33:23 37:3 40:4 48:12 48:22 51:13 51:16 52:24 53:2 54:1 58:15 58:19 59:18 59:19 60:23 61:3 61:8 66:22 73:10 73:19 77:11 79:20 81:20 82:12 82:17 82:19 83:6 83:8 83:16 83:19 86:25 87:10 88:5 89:1 89:9 89:15 91:24 92:10 92:20 93:1 93:4 107:13 107:17 108:15 108:18 110:21 112:15 112:16 112:21 112:21 114:18 114:23 115:1 124:7

**item**(3) 6:14 6:19 72:14

**its**(13) 29:19 82:7 89:23 92:7 93:24 94:3 94:5 94:6 94:8 95:9 95:10 105:17 116:1

**itself**(2) 35:12 83:11

**it's**(125) 5:4 5:25 7:21 8:4 8:6 8:19 9:20 13:2 14:13 14:15 15:2 16:5 16:5 16:6 16:16 16:20 17:2 17:5 18:16 20:1 24:11 24:13 26:21 26:22 27:23 29:18 30:13 31:12 31:20 34:3 34:4 35:11 36:13 37:4 37:10 39:18 39:20 40:3 41:3 42:21 43:1 45:2 45:18 46:8 48:18 49:17 50:19 50:20 55:19 56:6 56:19 58:13 58:14 61:2 63:15 65:21 67:11 67:13 67:14 67:15 67:15 73:12 74:18 75:2 75:5 77:11 78:16 79:4 79:8 82:4 82:20 84:25 85:14 85:24 86:10 86:20 87:22 87:23 88:11 88:22 92:10 92:11 94:13 94:13 94:15 94:18 95:15 95:17 95:20 95:23 96:6 96:6 96:10 96:13 96:18 96:20 97:15 100:18 101:3 105:20 107:1 107:8 107:8 107:9 110:1 110:15 111:4 113:1 115:21 117:20 118:24 119:12 121:1 121:15 123:1 123:3 123:5 123:18

**i'd**(7) 44:5 44:20 49:15 92:23 103:19 111:18 121:3

**i'll**(15) 12:9 24:4 28:8 30:15 37:2 51:18 72:10 79:16 80:1 87:6 98:24 99:21 107:14 122:10 123:25

**i'm**(75) 10:25 13:8 19:16 23:12 24:9 24:10 27:8 29:7 29:22 33:14 35:18 35:19 36:1 37:13 38:3 39:12 39:15 40:15 43:22 44:9 44:12 44:17 45:9 45:14 45:20 46:1 46:5 46:7 46:20 47:1 47:6 48:9 49:14 49:18 50:2 51:22 52:5 53:7 53:12 57:1 62:22 63:8 64:2 64:17 64:22 65:17 67:8 88:16 90:2 95:24 95:25 96:2 96:2 96:3 98:7 105:5 106:17 106:23 110:4 110:4 113:14 113:19 113:23 117:24 118:15 119:6 119:11 119:16 121:20 122:22 122:22 122:24 123:14

**i've**(9) 19:16 39:7 40:13 63:3 65:16 90:16 101:17 112:14 116:7

| Word | Page:Line |
|------|-----------|
| jaime(1) 2:42 | |
| james(1) 72:21 | |
| janis(2) 4:4 4:4 | |
| jefferies(1) 3:19 | |
| john(2) 4:13 4:13 | |
| joined(1) 14:15 | |
| jointly(1) 1:6 | |
| jones(2) 4:17 4:17 | |
| judge(11) 1:18 1:19 30:4 35:7 35:16 38:1 67:9 90:4 98:6 98:12 115:20 | |
| judgment(7) 8:7 8:15 24:13 30:20 31:19 77:24 112:20 | |
| july(3) 7:21 78:17 96:15 | |
| jumping(1) 69:15 | |
| just(101) 5:17 5:24 6:3 6:4 6:7 6:10 7:13 10:15 12:9 12:19 13:2 14:3 14:5 14:24 16:5 18:1 20:24 22:6 22:22 23:5 23:25 28:8 28:9 30:13 30:15 32:1 34:6 34:18 36:3 39:5 39:14 39:24 39:25 40:2 40:3 41:6 41:10 41:12 41:21 41:24 42:17 42:21 43:18 47: 49:23 51:12 51:13 52:3 53:14 55:4 55:9 56:20 58:13 58:20 59:7 59:8 60:16 61:18 62:8 66:13 67:8 68:17 69:5 70:25 72:8 75:1 76:23 77:8 79:10 79:21 80:8 86:8 87:9 88:24 89:8 90:2 90:20 91:12 94:3 94:5 95:1 95:9 95:16 98:23 99:21 106:5 106:15 107:7 108:20 108:25 109:2 109:7 110:18 111:25 113:16 115:17 116:19 117:13 117:14 117:18 119:13 121:10 123:25 | |
| justice(1) 3:25 23:24 118:10 | |
| kate(1) 2:21 | |
| kathleen(1) 2:28 | |
| kcc(1) 63:23 | |
| keach(1) 80:19 | |
| keep(5) 41:8 41:16 53:14 54:5 55:4 | |
| keeping(1) 22:12 | |
| kelly(1) 124:18 | |
| kendall(1) 105:6 | |
| kenney(1) 3:26 | |
| kevin(2) 1:18 3:20 | |
| key(2) 75:23 91:15 | |
| killing(1) 47:20 | |
| kind(17) 28:23 31:25 44:21 44:23 45:2 47:25 48:7 54:6 57:19 92:12 95:8 98:23 102:15 104:16 104:25 110:4 111:8 | |
| king(4) 2:15 2:23 2:44 3:27 | |
| kitchen(1) 12:19 | |
| knew(1) 118:1 | |
| know(123) 8:24 9:20 10:4 10:17 11:3 11:22 12:1 12:8 12:20 12:23 12:25 13:9 13:15 14:24 15:5 17:4 17:14 17:19 18:2 18:12 18:15 19:22 20:21 21:24 22:20 26: 28:4 28:4 29:1 30:14 32:6 36:3 36:5 38:13 38:24 39:2 39:13 39:22 40:23 41:4 41:13 41:15 41:23 41:24 42:24 42:24 43:8 43:11 45:1 45:7 45:15 46:1 46:11 46:14 46:14 46:20 46:21 49:2 49:7 49:9 51:2 52:9 53:7 53:22 55:16 55:25 56:11 56:19 56:25 57:9 57:18 58:5 58:14 58:20 58:22 59:12 60:3 60:4 61:7 62:5 66:12 66:14 67:20 72:7 90:14 94:24 95:25 96:4 97:12 100:17 100:20 101:16 101:17 102: 103:4 105:25 106:22 107:2 107:16 110:16 111:15 111:19 112:16 112:19 114:13 117: 117:22 118:1 118:3 118:5 118:19 118:20 119:7 119:14 121:10 121:12 121:25 122:4 122:6 122:11 122:21 123:16 | |
| knowing(1) 13:5 | |
| known(1) 117:5 | |
| knows(4) 40:25 52:15 52:15 119:7 | |
| kohnhorst(2) 72:22 122:13 | |
| kraidin(1) 3:39 | |
| lack(4) 22:16 106:18 106:18 106:19 | |
| ladies(1) 20:19 | |
| landscape(2) 85:8 89:20 | |

| Word | Page:Line |
|------|-----------|
| language(5) 26:18 30:18 30:19 35:11 71: | |
| largely(2) 12:12 113:16 | |
| larger(3) 7:12 7:18 10:14 | |
| last(14) 8:18 11:13 11:20 12:11 14:5 15:15 25:17 51:18 52:18 76:12 76:23 79:21 79:22 97:18 | |
| lastly(2) 78:12 81:2 | |
| late(3) 9:8 48:7 59:15 | |
| later(7) 10:22 24:22 57:7 66:2 80:2 93:10 112:14 | |
| laughter(6) 62:24 63:5 64:24 65:13 69:14 95:22 | |
| laundry(1) 61:1 | |
| law(17) 3:34 8:11 23:12 23:18 26:14 31:17 32:9 32:25 80:3 80:18 83:22 85:6 86:9 94:13 113:22 114:2 117:25 | |
| lawsuit(3) 84:11 85:11 111:5 | |
| lawyer(4) 17:15 45:11 46:16 86:24 | |
| lawyers(2) 44:11 84:24 | |
| layer(1) 16:24 | |
| laypeople(1) 66:20 | |
| layton(1) 2:12 | |
| leads(2) 9:3 62:25 | |
| least(4) 56:12 66:12 99:18 121:3 | |
| leave(2) 24:5 68:22 | |
| leaves(2) 37:9 37:10 | |
| led(1) 75:18 | |
| left(3) 10:8 24:1 29:9 | |
| legal(28) 8:2 8:5 9:20 30:15 30:19 33:19 35:6 35:12 52:24 78:20 80:3 85:15 87:1 87:22 88:10 88:21 91:24 92:4 92:13 92:14 92:15 92:16 109:8 112:15 112:21 114:14 114:17 114:23 115:4 | |
| legally(2) 8:10 53:5 | |
| length(1) 39:8 | |
| lengthy(1) 82:7 | |
| less(2) 82:5 | |
| let(16) 20:14 31:9 32:8 45:19 53:21 84:5 84:8 95:19 100:16 100:19 100:21 106:1 106:2 112:19 112:19 117:21 | |
| letter(4) 11:1 19:10 61:2 88:20 | |
| letting(1) 116:20 | |
| let's(8) 5:18 16:15 28:16 36:3 59:4 72:9 96:5 98:24 | |
| level(2) 95:5 110:6 | |
| levin(3) 17:11 17:12 17:13 | |
| liability(3) 94:8 95:12 96:7 | |
| liaison(1) 60:22 | |
| liberty(1) 1:34 | |
| lien(1) 78:3 | |
| lieu(1) 12:3 | |
| life(3) 46:20 87:7 118:4 | |
| light(3) 21:20 82:20 80:11 | |
| like(43) 6:12 20:16 20:23 21:1 23:5 31:25 33:4 40:10 40:19 42:9 43:8 43:14 44:5 44:9 44:18 44:20 44:23 44:24 44:24 45:7 45:15 45:22 51:21 55:2 58:6 62:8 62:12 65:16 77:8 88:24 92:23 95:21 102:22 103:19 107:6 107:25 108:3 110:10 110:18 115:10 121:2 121:3 121:11 | |
| likely(4) 33:25 76:16 82:22 89:10 | |
| limit(2) 23:8 24:11 | |
| limitations(3) 22:24 39:18 88:10 | |
| limited(16) 7:11 13:8 23:10 23:20 27:11 29:12 31:20 55:25 55:25 79:23 92:9 93:3 99:23 100:5 108:19 115:24 | |
| limiting(1) 39:12 | |
| limits(1) 56:12 | |
| line(5) 12:24 25:4 29:24 70:7 119:10 | |
| lines(1) 57:11 | |

| Word | Page:Line |
|------|-----------|
| lion's(1) 10:6 | |
| lisa(5) 1:30 2:7 3:39 7:1 30:4 | |
| list(10) 48:12 61:1 63:13 63:13 63:21 64:1 64:10 64:12 64:13 64:13 73:4 | |
| listed(1) 98:21 | |
| litany(2) 33:9 48:22 | |
| litigated(1) 101:18 | |
| litigating(1) 13:25 | |
| litigation(9) 18:12 24:20 26:1 27:13 35:23 36:24 38:1 43:14 119:4 | |
| litigations(1) 39:23 | |
| little(17) 13:12 13:21 18:1 18:1 24:10 24:15 29:25 34:7 34:16 38:18 44:13 47:2 58:12 73:17 80:1 113:16 122:18 | |
| live(7) 46:18 46:19 50:23 111:9 111:9 122:13 122:15 | |
| lives(2) 122:12 122:14 | |
| llc(3) 1:40 3:19 124:19 | |
| llp(7) 1:22 2:41 2:50 3:7 3:38 3:46 4:9 | |
| loan(2) 12:17 33:7 | |
| located(1) 121:11 | |
| lockbox(1) 3:28 | |
| lodging(1) 121:13 | |
| logical(1) 112:10 | |
| long(8) 11:4 22:12 23:11 51:16 57:13 57:14 81:14 98:17 | |
| long-term(3) 11:6 13:7 34:23 | |
| longer(1) 41:25 | |
| look(18) 26:22 32:8 32:25 34:5 34:22 50:10 55:9 56:8 58:2 60:3 60:25 65:5 65:8 68:25 86:1 98:24 102:4 107:9 112:18 | |
| looked(3) 54:21 90:9 90:16 | |
| looking(13) 33:22 43:8 70:20 77:23 78:2 78:9 78:12 79:5 80:18 80:20 82:14 82:17 117:24 | |
| loop(2) 44:22 87:9 | |
| loss(1) 86:14 | |
| losses(1) 87:17 | |
| lost(2) 36:22 44:24 | |
| lot(18) 17:20 30:25 31:3 32:16 37:22 40:7 46:3 48:25 55:8 61:3 82:11 96:1 98:4 106:7 110:12 112:15 112:20 122:3 | |
| lots(2) 27:12 40:14 | |
| low(3) 99:18 100:13 106:22 | |
| ltd(43) 2:33 7:7 7:11 7:22 7:23 8:18 8:20 9:10 9:12 9:18 9:25 10:9 11:14 11:20 13:23 13:24 14:1 14:6 14:8 14:9 15:1 15:10 15:21 17:9 19:6 20:20 21:9 22:20 22:23 22:25 23:2 23:21 23:22 26:7 29:19 43:23 51:21 52:11 52:16 63:13 64:3 71:1 71:4 | |
| ltd'er(2) 25:3 50:12 | |
| ltd'ers(6) 21:10 25:3 25:9 27:17 49:20 63:19 | |
| ltd's(1) 70:11 | |
| luck(3) 45:9 58:14 58:16 | |
| lybrand(1) 91:25 | |
| made(14) 9:25 14:20 27:16 52:23 52:24 54:4 65:25 70:10 71:4 74:5 74:22 85:7 92:8 95:1 | |
| mail(5) 12:21 25:11 25:12 44:16 44:18 | |
| main(3) 58:20 58:24 59:20 | |
| maintained(1) 75:6 | |
| major(2) 39:22 55:7 | |

| Word | Page:Line |
|------|-----------|
| make(51) 11:15 12:10 13:11 23:15 24:5 25:18 26:10 29:12 29:17 31:5 35:19 37:17 41:25 42:7 47:18 48:4 48:14 53:23 55:12 55:13 56:10 58:24 59:22 60:1 60:2 60:6 60:10 62:2 63:13 65:20 65:25 77:18 88:21 90:5 90:11 90:15 91:1 92:3 95:19 102:14 104:17 106:2 109:25 111:15 113:22 114:5 114:14 116:19 118:15 118:16 119:18 | |
| make-work(1) 80:8 | |
| makes(7) 26:20 39:4 39:5 50:13 58:7 68:14 119:4 | |
| making(8) 25:4 51:22 53:4 54:5 57:16 59:2 88:7 117:24 | |
| manage(1) 94:7 | |
| managed(1) 43:6 | |
| management(9) 75:8 85:13 85:18 99:24 100:6 107:20 107:20 114:16 115:8 | |
| manager(1) 99:4 | |
| mange(1) 44:24 | |
| manhattan(1) 2:52 | |
| mann(1) 3:20 | |
| manner(5) 27:22 27:22 48:24 56:2 59:9 | |
| many(40) 12:20 17:24 18:10 18:11 21:23 27:18 27:18 30:20 40:21 74:18 100:17 102:11 121:23 | |
| march(1) 86:12 | |
| mark(3) 3:26 4:4 4:4 | |
| market(5) 1:11 1:25 2:29 3:9 3:21 | |
| materials(1) 102:20 | |
| math(1) 6:4 | |
| matter(20) 8:11 39:10 46:23 47:21 72:9 73:15 75:15 77:2 80:25 83:22 85:6 86:9 92:14 101:7 113:23 114:2 118:7 118:13 119:23 124:15 | |
| matters(2) 77:13 81:14 | |
| matz(10) 2:51 69:5 69:6 69:8 69:10 69:12 69:15 69:18 69:22 70:2 | |
| may(40) 5:21 21:15 21:18 22:3 22:4 22:5 23:16 23:16 23:17 28:19 28:19 34:13 35:8 35:8 35:16 35:16 36:2 37:22 46:3 46:14 61:15 61:20 62:3 62:3 66:22 67:3 72:16 74:9 76:5 79:1 81:8 88:1 93:10 101:20 102:16 113:13 114:4 116:23 120:18 122:25 | |
| maybe(12) 21:25 26:9 33:3 39:2 39:4 42:24 47:2 53:9 60:3 95:25 101:13 101:13 | |
| mccarter(1) 2:20 | |
| mccloy(1) 2:49 | |
| mcdonald(48) 3:14 72:16 72:17 72:19 73:1 73:7 73:8 73:14 73:22 74:9 74:17 75:18 77:14 77:16 77:22 78:23 79:13 81:6 82:13 86:18 88:19 89:17 90:8 90:14 90:19 91:7 91:8 113:12 113:14 117:7 117:9 117:11 120:11 120:12 120:12 120:14 120:17 120:21 121:1 121:8 121:21 121:24 122:6 122:9 122:12 122:17 122:20 123:24 | |
| mean(17) 12:19 26:3 28:11 29:24 30:17 31:22 33:13 42:16 46:24 56:25 57:4 58:8 61:10 65:18 66:25 84:23 121:7 | |
| means(1) 109:13 | |
| measured(1) 43:7 | |
| mediating(1) 17:18 | |
| mediation(12) 8:25 14:20 17:8 17:8 17:17 17:20 17:23 21:20 21:23 34:14 42:1 70:20 | |
| mediator(3) 70:18 70:19 70:21 | |
| medicak(3) 28:18 102:11 103:1 | |
| meet(5) 46:20 58:13 79:15 84:5 100:1 | |
| meets(1) 75:5 | |
| megan(1) 1:31 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**member**(3) 85:16 85:23 114:15

**members**(13) 10:15 14:9 14:15 25:3 34:8 49:7 77:3 80:21 85:12 115:7 116:3 116:6 118:9

**memory**(1) 122:10

**mention**(1) 23:20

**mentioned**(5) 45:12 83:2 83:6 120:21 122:11

**merits**(2) 79:9 89:12

**messing**(1) 46:8

**met**(1) 80:16

**middle**(3) 3:15 9:10 14:5

**might**(11) 10:3 21:5 37:21 56:16 63:9 72:8 76:18 105:25 106:25 117:4 121:4

**milbank**(2) 2:49 69:6

**million**(1) 74:4

**millions**(1) 110:15

**mind**(5) 31:24 32:4 46:2 46:4 121:21

**mindful**(1) 47:2

**minds**(1) 21:15

**mini**(1) 35:3

**minimal**(1) 119:19

**minute**(1) 105:4

**mischaracterization**(1) 84:10

**misconception**(1) 37:22

**miss**(1) 46:3

**missed**(2) 45:1 45:9

**missing**(2) 18:14 50:11

**mistakenly**(1) 106:22

**moment**(5) 32:1 68:21 90:3 94:18 95:7

**monday**(3) 13:7 22:7 67:11 67:13

**money**(21) 18:15 33:6 33:24 84:12 84:20 84:21 94:4 96:6 96:10 96:11 96:17 96:21 98:3 98:6 104:14 104:14 104:20 106:2 106:7 116:14 123:1

**monies**(4) 74:3 76:5 79:1 85:3

**monitoring**(1) 77:5

**month**(1) 13:13

**months**(2) 8:19 107:12

**moots**(1) 35:1

**more**(23) 12:21 16:5 33:25 36:17 42:2 43:4 43:9 46:24 55:7 58:12 59:17 59:17 59:18 60:18 73:23 80:1 81:24 82:5 90:23 91:1 100:18 102:14 106:7

**morning**(23) 5:3 5:4 5:6 5:10 5:13 6:23 6:25 7:3 7:5 20:19 20:19 30:3 30:4 44:3 44:4 51:9 66:22 70:4 70:8 70:9 72:14 112:15 118:2

**morris**(2) 1:22 5:11

**mortgage**(2) 12:17 33:4

**most**(5) 59:12 63:1 66:18 74:18 99:2

**motion**(116) 6:14 7:6 7:8 7:11 7:14 7:21 7:21 7:22 8:6 9:1 9:5 9:6 10:10 13:3 14:7 14:8 14:13 14:16 14:23 18:21 21:19 21:20 21:23 23:6 25:21 26:11 28:21 29:4 29:10 30:17 30:22 31:11 35:4 35:8 35:14 35:21 40:5 41:19 42:19 48:7 52:7 53:4 53:14 54:25 55:10 57:21 65:14 72:15 72:23 73:3 73:11 73:16 73:18 73:19 73:22 73:24 74:13 74:22 75:16 75:20 76:10 76:13 76:14 76:16 76:18 76:25 77:7 77:8 77:17 78:18 78:24 79:2 79:5 79:7 79:22 79:25 80:9 80:12 83:11 84:17 84:21 86:5 86:10 86:24 87:6 90:3 90:22 91:18 92:7 96:14 106:12 109:11 111:20 111:21 112:1 112:5 112:9 112:13 112:16 112:23 113:6 113:15 113:21 113:25 114:4 115:16 117:2 119:6 120:4 120:17 123:6 123:16 123:17 123:19 124:2

**motions**(2) 41:8 111:23

**movants**(2) 72:19 77:2

**move**(6) 23:20 44:19 72:9 84:18 86:4

**moved**(2) 81:25 118:6

**moving**(5) 11:19 17:6 25:13 43:13 80:9

**much**(14) 6:23 24:11 25:6 29:21 40:19 46:5 55:15 69:18 70:2 70:10 70:20 95:6 102:14 116:7

**multiple**(2) 26:8 122:3

**murphy**(1) 2:28

**must**(3) 92:3 92:4 105:4

**mutual**(4) 98:9 98:10 115:21 117:19

**mutually**(2) 119:15 124:4

**myself**(9) 20:20 31:18 31:20 45:15 45:22 46:24 49:18 80:18 110:17

**name**(9) 20:18 94:12 94:20 95:3 95:15 96:12 96:18 96:20 98:1

**names**(1) 98:8

**nancy**(2) 4:25 4:25

**narrow**(9) 12:12 13:3 16:1 16:4 47:7 51:14 59:10 113:17 114:5

**narrower**(1) 15:19

**narrowing**(2) 16:6 16:21

**nature**(3) 26:2 41:11 118:22

**navigate**(1) 16:9

**near**(1) 55:10

**necessarily**(4) 11:24 42:19 54:24 122:1

**necessary**(10) 23:9 66:24 78:5 81:9 81:17 82:16 83:22 89:1 92:4 118:25

**need**(48) 37:23 43:17 46:11 47:10 48:23 50:9 54:10 54:11 54:12 54:18 55:2 55:13 56:24 61:9 61:18 61:18 62:22 62:22 66:1 68:24 76:10 83:13 83:14 83:18 83:24 85:10 87:19 90:21 93:3 102:17 104:16 107:13 107:16 107:22 108:12 109:11 111:11 113:18 113:19 113:23 114:1 114:2 114:3 114:7 114:12 115:15 122:1 124:6

**needed**(3) 69:12 79:23 107:2

**needle**(1) 86:5

**needs**(3) 30:12 51:24 90:23

**nefarious**(1) 34:17

**negotiate**(1) 53:25

**negotiating**(1) 17:18

**negotiations**(1) 54:22

**neil**(3) 4:10 70:4 70:7

**networks**(1) 7:14:10

**neuro**(1) 44:12

**never**(7) 94:5 64:6 66:17 98:6 98:14 98:14 111:7

**nevertheless**(1) 100:2

**new**(9) 1:35 2:9 2:53 28:2 33:7 47:25 52:10 63:16 118:19

**next**(11) 16:11 43:5 54:10 55:4 55:4 55:6 70:20 72:9 72:14 100:5 123:11

**nice**(2) 106:6 117:23

**nichols**(1) 1:22 5:11

**night**(2) 15:20 15:20

**nightmare**(1) 46:6

**nominal**(1) 95:19

**non**(1) 76:4

**non-inuremen**(2) 75:24 116:25

**noon**(1) 91:12

**nope**(2) 109:4 109:6

**nor**(1) 49:6

**norm**(2) 92:10 110:15

**normal**(3) 5:25 40:20 121:17

**normally**(1) 58:12

**nortel**(23) 1:17 12:24 22:20 23:2 23:8 23:12 33:5 45:10 49:15 74:5 74:10 75:14 75:21 75:25 77:9 77:25 78:4 85:21 92:6 94:24 97:5 99:1 109:16

**nortel's**(2) 20:20 96:7

**north**(3) 1:25 2:44 3:21

**not**(219) 6:7 8:3 10:15 11:2 11:17 12:3 13:24 14:12 15:2 15:11 16:6 16:7 16:16 17:2 18:2 18:5 19:14 20:1 21:14 21:18 22:9 22:20 23:10 23:22 23:22 23:22 24:1 24:25 25:6 25:10 25:22 25:22 25:24 26:1 27:6 27:9 28:2 29:7 29:12 30:8 30:13 31:24 32:15 33:11 33:15 33:19 34:3 34:22 35:8 35:16 35:18 35:22 35:24 39:8 39:12 39:13 39:14 39:15 39:18 40:2 40:3 44:9 45:14 45:17 46:14 47:20 48:9 48:17 48:19 50:14 51:25 52:21 53:3 53:12 54:9 54:15 55:15 55:23 58:21 59:9 59:15 61:1 61:2 61:6 62:12 62:17 64:2 64:11 64:13 67:9 69:25 70:22 71:4 72:8 74:18 75:2 75:21 75:25 76:6 76:18 77:9 77:25 78:9 79:10 79:19 80:8 80:15 81:7 81:12 81:14 81:16 82:10 82:16 82:22 83:7 83:17 83:22 83:25 84:2 84:5 84:7 84:23 84:25 85:6 85:8 85:12 85:14 85:16 87:1 87:23 88:5 88:10 88:11 88:13 88:23 88:25 89:6 89:8 89:9 89:18 89:21 89:24 90:3 90:9 90:16 90:21 91:2 93:8 94:13 94:13 94:15 95:10 96:6 96:10 96:11 96:11 96:13 96:19 98:5 98:6 98:18 98:23 99:6 99:23 100:1 101:1 101:5 101:13 103:6 103:25 106:3 106:5 106:7 107:1 107:18 107:25 108:21 108:25 109:4 109:6 109:8 109:23 110:3 110:12 110:11 111:17 112:12 113:1 113:2 113:14 113:17 113:19 114:7 114:15 114:21 114:2 115:3 115:11 115:13 115:19 115:22 115:24 116:8 116:12 116:19 116:22 116:2 117:4 117:6 117:24 119:1 119:11 119:12 121:11 121:20 122:22 122:24 123:2

**note**(5) 5:24 79:4 86:11 89:13 111:25

**notes**(1) 118:13

**nothing**(4) 27:5 81:24 86:3 87:5

**notice**(4) 25:14 37:11 59:14 111:3

**noticed**(5) 73:3 73:4 89:11 89:14 110:11

**notices**(1) 81:3

**notion**(1) 115:18

**notwithstanding**(2) 15:4 16:3

**november**(2) 9:5 57:4

**now**(66) 6:8 8:19 13:12 14:23 17:2 18:4 18:17 19:6 20:22 25:7 26:2 26:6 35:2 35:4 37:23 38:4 45:17 45:17 45:20 45:21 51:18 52:12 54:25 56:11 59:1 59:2 61:9 63:19 65:22 65:23 72:8 75:1 75:13 76:24 79:8 79:17 82:23 83:21 87:4 87:19 89:20 92:14 92:18 93:5 93:9 93:18 94:7 95:7 95:15 97:8 97:11 97:20 99:19 100:23 101:7 102:20 104:21 105:23 106:14 108:8 108:12 108:15 110:11 111:1 113:1 118:2

**number**(7) 6:14 55:6 63:11 63:21 75:13 100:18 103:22

**numbers**(4) 63:12 64:3 64:14 99:25

**object**(2) 10:18 23:7

**objecting**(1) 81:15

**objection**(19) 6:16 9:13 12:4 12:5 20:6 20:22 21:11 21:17 22:7 24:18 33:21 34:1 35:1 35:3 45:20 54:13 54:15 80:10 111:23

**objections**(5) 13:6 30:11 33:16 54:12 75:1

**objectors**(3) 75:25 76:10 76:15

**obligation**(5) 73:2 76:6 90:7 90:11 94:1 94:2 94:3

**obtain**(3) 77:19 93:3 99:7

**obtained**(2) 82:5 99:6

**obviate**(1) 11:24

**obviously**(19) 11:17 12:4 17:10 18:4 19:1 19:21 29:12 30:20 31:21 32:11 39:3 41:22 41:24 43:10 53:15 58:18 70:18 105:17 109:9

**occur**(1) 97:5

**occurred**(1) 97:4

**october**(15) 14:14 15:2 15:3 47:25 54:12 57:2 57:3 57:7 60:4 60:8 66:3 66:4 67:8 67:19 68:19

**odd**(2) 34:22 57:19

**odds**(1) 102:17

**off**(14) 6:12 16:13 16:14 18:6 24:16 30:9 35:20 51:14 57:5 59:4 63:13 63:23 92:12 110:5

**offering**(1) 39:19

**officers**(1) 63:2

**official**(5) 2:4 2:19 4:8 30:5

**often**(3) 40:23 101:15 101:16

**okay**(38) 5:9 6:21 7:16 13:8 21:13 26:11 30:2 32:10 32:23 33:4 36:12 38:3 38:9 49:21 60:15 62:9 64:6 65:4 65:6 65:7 65:9 65:19 67:12 67:16 68:23 69:3 69:4 72:3 90:13 104:10 105:17 113:7 113:8 117:8 120:16 121:19 122:16 123:22

**old**(1) 108:12

**omnibus**(2) 5:20 6:5

**once**(6) 32:22 32:24 40:22 69:16 110:1 117:25

**one**(57) 1:34 2:8 2:14 6:6 6:7 12:22 15:24 20:20 20:24 21:23 22:9 24:15 25:3 25:18 26:16 27:10 35:3 40:24 43:22 44:17 44:18 44:20 53:12 55:6 55:24 58:25 59:4 74:9 75:5 75:23 79:15 79:21 82:8 84:12 84:23 84:24 85:7 86:3 86:5 86:7 86:20 87:1 90:2 90:24 98:22 98:25 99:1 99:2 100:25 103:22 104:8 104:25 105:21 107:13 116:15 118:7 122:1

**one-off**(1) 53:19

**ones**(2) 51:14 60:23

**one's**(1) 47:20

**onion**(1) 16:23

**only**(17) 7:10 11:8 14:25 26:23 33:15 35:6 50:20 68:4 68:16 70:10 70:21 85:25 89:14 91:2 97:1 119:1 122:1

**open**(6) 18:8 29:24 37:10 37:15 52:3 68:22

**opened**(2) 34:16 37:25

**opening**(1) 61:13

**operated**(1) 101:12

**operation**(1) 103:7

**opinion**(3) 47:11 115:21 117:23

**opponents**(2) 75:20 81:10

**opportunity**(4) 10:18 55:22 60:8 60:14

**opposed**(2) 59:9 121:16

**opposing**(5) 44:11 46:5 76:18 87:8 90:3

**opposite**(1) 111:1

**opposition**(9) 82:18 83:14 83:18 86:18 87:10 87:11 114:13 120:7 120:18

**oppressive**(1) 82:25

**options**(1) 43:9

**oral**(1) 33:10

**order**(52) 5:13 5:21 5:25 6:5 6:16 7:7 9:13 11:13 14:24 16:12 16:13 17:5 21:10 25:19 37:7 37:23 44:16 44:19 44:25 45:8 47:13 47:23 49:4 49:4 59:13 63:14 64:20 64:22 68:13 71:13 71:17 72:15 72:23 73:1 73:10 79:19 79:24 82:1 82:1 85:9 85:25 90:21 92:25 93:4 93:21 95:4 97:15 113:24 114:3 119:7 124:1 124:3

**orderly**(1) 59:9

**orders**(1) 118:6

**organized**(2) 5:7 5:10

**original**(6) 7:20 10:22 18:23 20:4 21:17 35:8

**originally**(2) 9:1 54:13

| Word | Page:Line |
|------|-----------|

**other**(48) 8:8 10:3 13:18 14:11 14:11 14:21 18:11 23:22 24:25 26:7 28:22 29:8 29:8 31:17 32:25 33:22 39:9 39:9 40:4 40:5 42:23 43:9 48:5 51:24 52:3 54:18 56:4 70:16 75:24 83:19 84:1 84:13 85:21 87:10 87:17 92:5 97:24 99:15 102:12 108:15 109:13 110:22 112:10 116:20 117: 117:18 118:9 121:22

**others**(7) 12:13 20:15 56:3 84:4 107:11 107:15 119:1

**otherwise**(3) 57:17 67:17 121:12
**our**(88) 5:25 6:14 8:16 13:22 13:23 14:6 16:8 17:5 17:15 18:23 21:11 21:21 22:12 22:15 25:7 26:19 26:21 27:13 27:17 28:12 28:13 28:15 28:23 29:11 29:17 34:10 34:19 35:11 36:17 36:23 39:9 41:21 42:9 43:1 43:1 48:3 48:13 49:6 52:3 55:7 55:13 59:11 59:20 62:3 63:23 66:5 70:20 70:24 71:6 77:16 78:20 79:24 80:20 82:8 82:15 82:19 83:21 84:9 84:20 84:20 84:21 87:12 89:5 92:1 93:4 96:14 98:1 98:3 101:8 101:16 102:2 107:12 111:12 111:18 111:23 114:10 115:23 116:11 116:24 117: 117:20 119:2 119:24 120:18 121:3 121:10 123:20 123:21

**ours**(2) 98:3 116:15
**ourselves**(1) 119:1
**out**(48) 5:13 14:2 14:19 16:12 16:18 18:16 18:18 21:21 23:16 25:5 25:9 26:15 29:4 32:7 32:19 34:9 35:10 37:6 38:18 44:22 44:25 45:6 45:8 45:9 47:22 48:6 48:14 49:24 50:12 52:4 54:6 62:4 62:4 63:14 65:16 67:24 71:1 72:10 73:13 97:13 102:12 104:17 104:24 106:2 112:19 119:2 122:19 123:2

**out-of-state**(1) 83:1
**outcome**(3) 53:6 98:18 106:25
**outset**(2) 81:6 109:2
**outside**(3) 19:12 40:20 56:13
**outweighs**(1) 82:7
**over**(48) 5:13 6:20 36:17 40:22 41:10 46:8 52:25 64:13 66:18 74:2 78:3 84:11 105:9 116:13
**overall**(1) 41:19
**overblown**(1) 29:25
**overbroad**(1) 19:18
**overly**(2) 43:5 81:15
**overnight**(1) 57:1
**oversimplification**(1) 32:9
**overy**(1) 3:38
**owed**(1) 95:6
**own**(11) 10:18 16:2 16:3 31:6 51:22 85:4 94:6 95:10 106:16 106:18 116:1

**owns**(1) 84:12
**p.m**(1) 124:10
**package**(1) 85:19
**packages**(1) 45:1
**page**(3) 72:22 92:1 122:15
**paid**(3) 99:2 100:25 105:22
**papers**(10) 82:8 82:18 87:11 89:5 99:19 107:12 109:21 111:13 119:24 120:18

**paragraph**(3) 11:15 20:5 100:9
**paragraphs**(1) 87:14
**parallel**(2) 17:3 17:21
**parameters**(1) 89:22
**park**(1) 2:8
**part**(11) 19:9 28:10 34:13 35:7 36:1 37:8 41:25 86:15 94:20 96:7 104:9
**participant**(6) 18:7 43:23 97:7 99:5 101:1 114:9

**participants**(16) 38:1 74:5 74:21 76:4 78:25 87:17 93:5 93:7 93:21 96:24 97:9 97:14 103:23 105:22 107:5 107:6

**participate**(15) 9:14 30:10 42:3 55:1 85:22 93:21 96:25 99:6 100:3 100:4 101:4 105:25 106:23 108:24 117:4

**participated**(7) 97:19 104:6 104:7 104:9 104:10 104:11 107:25

**participating**(5) 94:10 101:2 104:6 108:2 109:6

**participation**(9) 37:5 83:10 99:13 99:15 99:23 104:18 105:1 105:2 107:23

**particular**(8) 29:10 30:22 31:13 46:24 82:12 82:23 83:14 89:13

**particularly**(7) 25:8 28:6 89:8 111:1 116:17 118:17 119:3

**parties**(10) 59:6 64:3 70:18 70:21 74:6 76:11 77:1 92:5 92:16 118:25

**parties'**(1) 22:15
**parts**(1) 20:7
**party**(3) 33:3 61:6 81:13
**pass**(1) 28:19
**passed**(2) 51:23 48:4
**past**(3) 45:16 63:11 91:12
**patient**(2) 44:12 44:12
**patients**(2) 102:12 102:18
**pattern**(1) 59:20
**patterson**(1) 3:34
**paul**(3) 3:14 72:16 120:12
**pause**(1) 52:6
**pay**(6) 78:10 93:12 94:1 104:23 109:25 110:5

**paying**(4) 93:9 96:9 97:18 104:21
**payments**(1) 41:5
**payroll**(2) 83:9 86:1
**pbgc**(5) 14:13 28:1 28:3 28:17 28:25
**pending**(6) 73:5 73:19 76:11 111:7 111:25 113:21

**pennsylvania**(1) 1:42
**pension**(2) 28:10 40:22
**pentition**(1) 3:46
**people**(90) 9:19 9:23 11:15 11:25 12:1 14:25 16:2 17:2 18:13 19:3 23:21 25:11 25:12 25:13 25:17 25:19 25:20 26:4 28:11 31:1 31:4 31:6 31:7 37:7 37:14 39:1 39:18 40:15 40:21 40:23 41:7 41:12 42:2 42:6 42:9 42:12 43:17 43:7 43:13 44:1 45:5 45:22 46:3 47:1 47:13 47:16 48:4 48:5 48:10 48:14 51:17 53:6 53:11 54:5 54:6 55:5 55:12 55:13 56:24 57:25 59:2 59:14 59:21 59:25 61:19 61:20 62:13 65:20 66:12 69:13 79:6 79:8 89:18 89:21 99:15 100:4 100:17 101:20 103:9 106:18 106:10 111:3 111:14 114:11 114:2 114:22 116:20 121:2 121:3

**peoples**(1) 30:10 51:4 52:9 53:3 63:12
**people's**(1) 13:10
**per**(6) 3:51 4:4 4:13 4:17 4:21 4:25
**percent**(4) 100:17 109:15 109:19 110:2
**percentage**(1) 100:16
**percentile**(1) 100:19
**performance**(1) 12:15
**perhaps**(4) 26:18 56:3 89:11 117:7
**period**(3) 28:17 41:3 45:4
**permissible**(1) 100:18
**permit**(1) 118:10
**permutation**(1) 18:16
**peroxide**(1) 119:4

**person**(12) 12:5 15:15 51:24 58:25 82:2 84:13 104:4 104:5 106:22 107:19 114:12 121:16

**persona**(1) 3:51
**personal**(3) 23:13 26:12 53:16
**personally**(1) 13:9
**personnel**(2) 11:2 11:3
**person's**(2) 12:19 95:15
**perspective**(4) 42:25 43:16 52:2 110:9
**perspectives**(1) 43:2
**pertain**(1) 23:14
**pertinent**(1) 35:21
**perverse**(1) 110:3
**petition**(1) 88:7
**pgbc**(2) 29:4 40:10
**phone**(12) 5:16 6:12 25:15 29:24 34:23 63:12 63:21 64:1 64:3 64:14 82:13 111:8

**physical**(1) 27:19
**picked**(1) 111:7
**pieces**(2) 26:7 36:19
**piling**(1) 16:5
**place**(6) 52:8 52:13 55:19 57:20 98:15 102:19

**places**(1) 56:11
**plaintifl**(6) 87:24 96:22 102:6 105:7 118:11 122:2

**plaintiff's**(1) 87:16
**plaintiffs**(55) 72:20 73:2 75:15 76:21 77:2 78:19 79:3 80:25 81:3 81:23 83:1 83:3 83:25 84:4 84:6 84:13 85:3 85:12 86:3 86:8 86:12 87:19 88:1 88:6 88:24 89:6 89:11 90:25 92:11 92:18 95:3 96:12 96:23 98:20 106:16 107:6 109:19 109:20 111:7 111:12 112:8 113:2 113:18 114:2 114:18 115:6 115:19 115:20 116:17 118:1 119:16 120:24 121:23 122:4

**plaintiffs'**(9) 77:5 91:25 92:24 97:21 99:18 109:14 109:23 111:2 122:4

**plan**(89) 3:6 28:10 30:18 30:19 31:16 31:23 32:12 32:15 32:24 36:17 36:17 36:18 36:19 61:21 62:1 64:5 70:16 74:6 74:11 74:11 74:12 74:15 74:18 75:2 75:4 75:5 75:10 75:11 75:14 75:21 75:21 75:25 76:1 76:2 76:4 77:9 77:25 77:25 78:25 83:8 84:6 84:8 85:22 88:2 88:3 92:23 93:5 94:8 95:7 95:16 96:18 96:24 97:19 98:3 98:6 98:11 99:6 99:13 99:16 99:23 99:25 101:11 101:12 101:21 102:1 102:16 102:19 102:22 103:7 103:23 105:10 105:23 107:25 108:3 109:6 110:24 114:25 115:2 115:20 115:22 115:23 115:2 116:4 116:21 116:22 117:5 117:6 119:24

**planned**(1) 22:25
**planning**(1) 110:12
**plans**(12) 8:7 8:14 8:16 8:21 10:7 18:25 24:13 24:23 31:2 33:11 40:22 61:23
**plaza**(2) 1:34 2:52
**pleadings**(1) 20:2
**please**(10) 5:2 5:4 7:19 44:13 72:12 72:13 72:16 120:11 122:8 124:7

**plenty**(1) 39:20
**plus**(2) 14:8 26:12
**podium**(3) 6:20 32:4 69:13
**point**(28) 16:21 21:11 22:9 22:14 22:19 23:2 34:15 35:13 37:2 37:9 37:20 37:21 37:25 40:6 41:10 68:25 79:21 85:7 89:9 91:15 96:10 97:20 101:8 112:25 113:20 114:5 120:14 120:18

**points**(7) 36:20 71:17 89:3 92:22 95:1 108:23 115:18

**polycom**(1) 6:15
**population**(1) 100:12
**portion**(1) 84:15
**portland**(1) 3:16
**position**(23) 8:10 15:22 24:14 29:11 29:17 32:11 33:18 33:19 34:25 48:2 54:20 61:11 70:25 77:16 82:15 83:21 83:23 85:18 85:20 87:12 107:1 114:14 115:23

**positions**(1) 15:17
**possess**(1) 83:25
**possession**(2) 80:7 87:3
**possibility**(2) 120:22 121:4
**possible**(8) 23:18 24:11 30:14 32:20 72:6 96:16 103:24 112:8
**posted**(2) 55:21 56:3
**potential**(1) 33:16
**potentially**(2) 19:18 85:21
**ppearances**(3) 1:21 2:1 3:2
**practical**(2) 30:13 39:14
**pre**(1) 81:16
**pre-class**(1) 81:8
**precious**(1) 113:16
**precipitated**(2) 34:11 34:13
**precluded**(1) 35:15
**prepared**(1) 5:22
**present**(1) 109:10
**presentation**(1) 91:15
**presented**(4) 8:5 26:16 79:25 92:5
**presenting**(1) 80:13
**preserve**(2) 70:21 70:24
**preserved**(1) 71:8
**preserving**(1) 77:5
**pressure**(1) 82:2
**presumably**(2) 103:18
**presuming**(1) 122:23
**presumptively**(1) 81:12
**presupposes**(3) 32:14 32:15 32:16
**pretend**(5) 95:23 96:2 96:3 96:4 104:11
**pretty**(4) 27:8 29:21 29:24 116:7
**prevented**(1) 53:16
**previewed**(1) 9:15
**previous**(1) 6:5
**previously**(1) 39:9
**pricing**(1) 10:4
**primarily**(1) 75:6
**principal**(1) 48:1
**prior**(2) 21:10 88:2
**privacy**(1) 11:18
**pro**(14) 3:51 3:52 4:4 4:5 4:13 4:14 4:17 4:18 4:21 4:22 4:25 4:26 21:18 66:13

**probably**(8) 8:19 35:22 104:20
**probe**(2) 80:20 82:17
**problem**(14) 15:2 24:25 28:16 33:17 37:3 37:4 42:22 44:17 48:10 88:10 101:5 105:2 111:10 119:12

**problematic**(2) 58:7 69:25
**problems**(1) 98:4
**procedural**(3) 9:9 73:10 79:20
**procedure**(4) 10:20 11:15 13:14 13:23
**procedures**(18) 7:7 9:16 10:10 10:13 10:16 10:18 10:22 13:7 13:9 14:7 19:9 19:12 20:4 20:7 49:4 65:11 70:25 71:13

**proceed**(3) 22:5 112:19 124:3
**proceeding**(9) 72:20 73:6 76:16 76:22 76:24 77:6 77:8 77:24 78:13

**proceedings**(4) 1:17 1:46 70:19 124:15

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**process**(49) 13:25 14:2 17:6 17:21 18:7 18:23 19:10 19:12 19:24 21:11 24:18 26:10 26:23 30:10 30:13 33:21 34:1 34:15 35:1 35:3 39:16 40:17 40:20 41:11 41:12 41:16 41:19 42:3 42:6 42:18 42:9 42:24 43:6 43:9 43:11 52:7 53:4 53:10 53:10 53:13 54:7 54:19 55:13 55:17 57:5 57:17 64:10 64:18

**processes**(1) 41:18
**produce**(4) 11:7 14:25 37:24 55:11
**produced**(5) 1:47 11:12 30:24 48:19 68:10
**production**(1) 57:6
**productions**(2) 9:25 39:1
**productive**(1) 17:22
**professionals**(1) 27:12
**progress**(1) 29:13
**prompted**(1) 21:11
**promptly**(2) 111:23 119:13
**prong**(1) 101:16
**prongs**(1) 83:15
**proper**(8) 37:11 98:5 99:5 101:1 102:18 103:24 104:15 107:6

**properly**(7) 102:20 102:23 104:6 104:15 105:23 107:10 107:18

**proponent**(1) 75:11
**proponents**(1) 79:14
**proportion**(1) 123:2
**proposal**(2) 60:10 69:19
**proposals**(1) 14:20
**propose**(2) 10:8 110:17
**proposed**(9) 10:6 23:6 24:2 78:23 80:1 80:13 80:16 82:6 98:21

**proposing**(1) 53:21
**proposition**(1) 81:8
**propound**(4) 34:7 56:1 62:18 66:18
**propounded**(5) 9:19 19:6 55:19 61:10 83:5
**propria**(1) 3:51
**prospective**(1) 71:7
**protect**(1) 82:2
**protected**(4) 23:17 28:12 76:7 85:4
**protections**(1) 74:19
**protective**(9) 72:15 72:23 73:1 79:19 82:1 82:1 118:6 119:6 124:3

**provable**(1) 80:6
**proven**(1) 49:8
**provide**(8) 25:10 47:15 63:12 71:22 92:17 92:19 102:18 109:17

**provided**(4) 12:13 20:9 102:8 109:1
**provides**(2) 20:6 109:14
**providing**(3) 75:7 76:20 102:11
**proving**(1) 75:9
**provision**(1) 48:16
**provisions**(4) 49:3 78:7 82:8 97:6
**prudential**(11) 12:18 45:10 45:14 49:15 61:5 61:20 61:21 62:4 64:7 64:9 64:13

**public**(1) 80:5
**pulls**(1) 18:23
**pulse**(1) 52:23
**punitive**(1) 84:14
**pure**(2) 112:15 112:21
**purpose**(3) 27:14 75:7 76:23
**purposes**(5) 6:11 36:4 73:4 78:17 79:18
**pushed**(2) 16:13 21:21
**pushing**(1) 16:17
**put**(17) 12:1 16:14 20:25 39:17 48:12 52:19 63:1 68:17 87:5 95:9 97:23 102:3 102:16 110:13 110:23 119:24 123:10

**puts**(2) 71:17 94:5
**putting**(5) 13:22 15:22 17:20 94:1 104:2
**puzzled**(3) 80:10 87:7 113:23
**qualified**(2) 107:10 107:18

**qualifies**(2) 74:15 74:17
**qualitatively**(1) 115:25
**quality**(1) 100:9
**quantitatively**(1) 115:25
**quarterly**(1) 5:14
**question**(41) 8:3 8:5 18:24 31:10 47:7 47:11 55:24 56:9 57:4 62:17 68:4 77:9 83:25 84:22 85:5 85:6 85:9 85:14 86:13 86:19 87:15 87:20 87:22 88:9 88:11 90:1 90:2 90:9 90:15 91:14 101:20 102:21 102:24 114:24 115:8 115:10 116:5 117:14 117:14 118:1 119:17

**questioning**(4) 88:12 119:8 119:9 119:11
**questions**(18) 18:18 18:18 18:19 19:23 24:19 39:2 55:7 55:23 55:24 56:1 83:12 84:25 86:25 87:1 88:6 108:13 109:13 114:20

**quick**(2) 55:2 57:9
**quicker**(1) 68:14
**quickly**(2) 59:11 63:18
**quiet**(1) 118:2
**quite**(6) 14:21 31:3 54:8 58:19 60:24 111:20

**quote**(2) 93:20 105:17
**quoted**(1) 114:8
**rabbi**(24) 74:22 76:3 76:20 77:1 78:6 79:1 84:12 84:15 94:6 94:7 94:9 94:24 95:8 95:11 96:19 96:21 97:3 97:7 98:2 98:13 99:9 104:13 116:2 116:23

**race**(3) 77:1 116:13 117:1
**rafael**(6) 2:34 21:6 22:2 40:15 45:16 71:3
**raise**(3) 10:16 14:4 68:16
**raised**(6) 18:13 30:22 31:11 40:5 51:13 76:17

**raises**(3) 91:15 110:20 113:25
**raising**(1) 11:23
**range**(1) 13:2
**rates**(1) 93:11
**rather**(4) 14:3 16:22 29:19 112:14
**re-set**(2) 7:7 7:14
**re-visit**(1) 13:15
**reach**(10) 13:15 39:25 42:1 42:5 47:13 48:15 80:15 82:22 119:14 119:24

**reached**(1) 8:22
**reaching**(2) 48:14 70:23
**read**(8) 19:16 20:23 66:13 67:21 70:12 99:20 99:21 109:2

**reading**(1) 21:1
**ready**(2) 45:20 123:21
**real**(4) 27:10 88:5 96:6 96:10
**realize**(2) 18:4 55:8
**really**(27) 18:8 20:1 25:14 26:4 26:16 28:21 30:21 39:24 46:3 46:7 47:10 47:11 47:17 76:25 80:2 85:11 87:12 94:6 94:13 95:21 99:19 104:1 112:5 112:12 112:17 118:12 118:23

**realm**(1) 41:3
**reason**(13) 12:9 15:6 27:5 27:6 29:11 34:13 38:1 54:16 63:25 93:6 112:6 112:10 123:10

**reasonable**(4) 25:11 25:14 62:10 69:22
**reasoned**(2) 43:10 43:11
**reasons**(7) 21:23 25:21 31:7 106:15 107:7 111:19 115:24

**recall**(2) 7:20 8:19
**receive**(1) 103:17
**received**(4) 30:21 64:1 103:1 103:11
**receiving**(1) 26:8
**recently**(1) 23:20
**recess**(2) 72:11 124:8
**recognizable**(2) 94:18 106:8
**recognize**(3) 18:10 36:5 104:22

**record**(12) 5:11 7:1 21:9 36:25 49:8 69:5 70:24 71:5 86:15 90:25 91:22 124:1

**recorded**(1) 1:46
**recording**(1) 1:46 124:14
**records**(14) 10:24 36:22 44:6 44:20 54:20 80:6 83:9 83:10 86:1 88:9 94:3 94:4 94:5 95:9

**recover**(1) 40:24
**recovery**(3) 109:15 109:16 109:18
**reduce**(2) 118:18 118:22
**reducing**(1) 120:19
**refer**(2) 61:11 74:6
**referring**(1) 102:12
**refinance**(1) 33:7
**reflected**(3) 10:10 20:1 52:20
**reflecting**(2) 52:21 52:24
**refocusing**(1) 53:14
**reforming**(1) 78:5
**refrain**(1) 116:9
**refused**(1) 107:15
**refusing**(1) 92:17
**regard**(2) 34:4 48:2
**regarding**(7) 12:16 12:19 44:16 44:19 70:11 70:25 85:9

**regardless**(5) 31:19 40:1 45:18 49:17 119:13

**regards**(3) 6:14 6:15 48:7
**reinventing**(1) 15:7
**relate**(1) 89:14
**related**(2) 18:12 24:23
**relating**(1) 14:8
**relationship**(2) 8:2 80:21
**releasing**(1) 22:25
**relevance**(1) 31:10
**relevant**(23) 11:5 11:8 19:17 33:8 33:9 35:21 53:1 54:20 55:10 61:1 73:10 75:8 79:18 81:14 81:18 85:7 89:9 92:5 92:6 93:4 107:8 115:3 119:5

**relief**(10) 13:6 20:4 22:8 22:19 74:21 76:19 77:12 77:18 78:2 78:8

**relieve**(1) 111:11
**relieving**(1) 73:2
**remain**(3) 93:22 96:5 120:10
**remainder**(1) 19:11
**remains**(1) 120:15
**remedy**(6) 77:19 104:11 104:11 104:15 115:18 116:5

**remember**(3) 108:25 117:25 118:2
**remind**(1) 121:21
**remiss**(1) 23:19
**renaissance**(1) 2:22
**renew**(1) 9:3
**rep**(1) 110:17
**repeat**(2) 87:12 116:9
**replace**(1) 32:24
**reply**(4) 69:8 84:9 120:6 123:21
**repository**(6) 61:12 62:15 63:2 65:19 65:21 68:12

**represent**(7) 8:4 15:11 20:20 70:14 106:23 107:2 110:20

**representable**(1) 106:17
**representation**(1) 83:17
**representative**(2) 15:16 118:11
**representatives**(3) 78:20 110:14 118:5
**represented**(3) 25:20 25:25 106:19
**representing**(4) 8:20 15:18 64:11 119:1
**represents**(1) 70:12
**reprieve**(1) 111:20
**reps**(1) 98:22

**request**(28) 11:16 22:9 22:14 23:8 23:11 27:1 34:7 34:21 39:7 45:17 48:3 52:17 52:19 52:23 52:24 54:17 55:15 55:17 56:11 59:1 59:3 59:22 59:23 59:23 60:7 60:11 62:4 89:21

**requested**(6) 22:9 33:3 63:20 74:21 77:12 89:18

**requests**(97) 9:17 9:19 11:25 12:1 12:3 12:10 12:11 12:22 12:23 13:5 13:10 13:11 14:19 15:21 15:25 16:2 16:4 19:5 19:7 19:8 19:9 19:9 19:11 19:15 19:16 20:13 22:10 22:11 22:12 22:16 22:17 22:18 23:11 23:15 24:3 24:3 24:4 30:16 30:21 30:24 31:3 39:6 39:6 41:15 42:18 42:21 45:10 45:12 47:18 47:22 47:24 48:5 48:18 52:13 52:22 53:24 54:4 54:5 54:7 55:1 55:14 56:21 57:7 57:11 57:13 57:16 58:24 59:2 59:4 59:5 59:10 60:1 60:2 60:8 60:17 60:18 61:6 61:13 62:5 62:8 62:8 62:11 62:20 63:16 63:17 65:20 66:1 67:24 80:17 80:23 80:24 81:1 83:4 83:5 108:19 114:19 115:9

**require**(1) 34:10
**required**(2) 54:24 118:15
**requirement**(4) 61:25 74:19 78:10 94:9
**requirements**(10) 75:23 75:23 78:1 79:15 79:16 84:5 92:25 106:3 114:25 116:13

**requiring**(1) 66:8
**reserve**(1) 8:12
**reside**(1) 83:1
**residence**(1) 120:23
**resolution**(4) 8:21 34:17 42:2 70:23
**resolve**(8) 17:25 19:20 54:1 76:25 82:11 83:12 112:3 115:2

**resolved**(3) 88:11 108:11 112:22
**respect**(14) 61:25 74:19 73:22 79:7 81:13 82:23 86:4 86:6 87:12 89:1 89:19 92:7 107:17 110:3

**respond**(14) 9:22 25:5 30:14 60:8 62:1 62:12 62:23 66:16 79:24 88:22 90:21 113:13 113:24 120:17

**responded**(3) 22:11 66:17 83:3
**responding**(1) 55:20
**response**(18) 7:10 7:11 11:14 13:8 20:6 26:19 29:12 37:2 61:3 73:5 80:16 83:21 104:9 114:4 115:9 115:10 115:11 117:12

**responses**(9) 9:18 22:15 56:2 66:8 71:18 82:20 103:20 114:20 114:21

**responsibilities**(1) 29:20
**responsibility**(3) 90:5 90:7 118:8
**responsible**(2) 78:16 122:25
**responsive**(1) 54:21
**rest**(4) 16:12 16:16 63:13 109:22
**restitution**(2) 78:11 104:16
**restrict**(1) 22:10
**result**(3) 73:18 97:9 117:16
**results**(3) 34:18 34:19 119:19
**retire**(1) 95:25
**retiree**(5) 2:19 9:5 17:9 18:21 28:13
**retirees**(1) 4:9
**retiree's**(1) 14:11
**retirement**(4) 28:7 28:8 28:8 28:11
**retrieval**(2) 44:6 44:20
**retrieve**(1) 45:21
**return**(1) 96:1
**reveal**(1) 27:3
**review**(7) 25:9 55:22 56:25 59:5 60:14 62:2 73:9

**reviewing**(2) 34:10 34:19
**reviews**(1) 12:15

| Word | Page:Line |
|---|---|
| revised(2) | 11:13 71:17 |
| revisit(1) | 112:20 |
| rfa's(2) | 65:16 71:18 |
| richards(1) | 2:12 |
| right(127) | 8:12 9:7 9:11 9:24 11:10 11:20 12:6 13:2 14:19 15:13 16:5 17:5 20:10 20:14 22:1 24:16 24:17 30:19 31:15 32:13 33:1 33:12 35:7 35:17 38:4 38:14 38:16 38:18 38:23 39:11 39:19 39:25 40:8 40:1 40:13 41:1 42:11 44:7 45:20 50:15 50:22 51:9 54:5 54:5 54:10 54:25 56:15 56:23 57:21 57:23 58:1 58:4 58:8 58:17 58:21 58:23 59:1 59:22 59:25 60:4 60:12 60:13 60:18 60:20 61:10 61:24 62:15 62:23 63:3 63:19 63:22 65:12 66:10 68:15 68:19 69:21 69:24 70:24 71:2 71:6 71:10 71:12 72:7 72:8 72:25 73:14 77:19 79:12 81:13 87:4 87:19 89:20 89:22 90:18 91:6 94:17 96:8 97:12 98:22 100:14 103:16 104:23 105:10 105:12 105:13 105:15 106:13 106:17 106:19 106:21 112:21 113: 113:9 116:5 117:11 117:21 119:13 121:19 122:10 122:18 123:15 123:22 123:25 124: 124:6 124:8 |
| rights(15) | 18:6 23:17 27:24 39:1 39:3 48:5 49:13 49:16 49:19 50:3 50:14 51:4 70:22 71:6 71:9 |
| rigorous(2) | 81:11 118:15 |
| rise(3) | 5:2 35:12 72:12 |
| risk(6) | 96:1 104:3 108:4 108:5 117:6 |
| risks(1) | 96:3 |
| roadblock(1) | 87:5 |
| robert(3) | 72:21 85:16 107:11 |
| rodney(2) | 2:14 2:43 |
| rohrbaugh(24) | 4:21 4:21 43:20 43:22 43:22 43:24 43:25 44:3 44:5 44:8 44:15 45:25 46:11 46:13 46:18 47:1 47:5 49:14 49:23 50:12 50:17 53:15 56:8 58:23 |
| rohrbaugh's(1) | 50:14 |
| role(4) | 13:22 15:15 52:20 57:20 |
| rolled(1) | 16:20 |
| rolling(1) | 68:5 |
| rome(2) | 3:7 78:21 |
| room(2) | 41:20 48:17 |
| rooney(1) | 2:27 |
| roster(1) | 41:5 |
| round(4) | 16:25 34:10 34:11 86:11 |
| routine(2) | 92:11 110:16 |
| rule(22) | 35:16 72:24 74:24 75:25 76:1 76:5 79:11 79:13 79:15 81:12 81:18 82:24 83:15 83:16 89:22 90:12 91:3 92:3 116:25 116:25 |
| rules(8) | 22:13 23:3 23:5 26:14 51:20 52:3 66:8 66:13 |
| ruling(1) | 123:4 |
| rulings(1) | 124:7 |
| running(1) | 17:21 |
| safe(1) | 96:5 |
| safety(1) | 27:4 |
| said(26) | 11:21 12:8 19:15 34:6 41:4 42:1 51:18 51:19 52:14 53:4 58:20 60:24 62:19 98:12 103:2 105:16 107:7 107:9 108:10 109:16 109:21 111:12 112:8 112:15 118:1 118:1 |
| sake(1) | 51:7 |
| salary(3) | 85:19 85:20 100:13 114:13 |
| same(25) | 8:2 17:16 18:22 25:6 39:23 47:20 48:24 49:9 49:16 49:19 52:12 56:4 77:11 79:6 80:12 86:5 86:20 103:10 105:2 105:21 107:10 107:11 112:9 113:25 123:7 |
| samis(1) | 2:13 |
| satisfies(2) | 75:10 77:10 |
| satisfy(2) | 74:23 76:6 |
| saturday(1) | 67:9 |
| say(68) | 8:12 13:12 19:4 19:8 19:16 22:6 23:5 25:12 26:11 26:22 28:1 28:9 28:16 29:19 33:19 35:4 35:15 40:19 41:23 43:15 51:18 54:5 54:24 55:5 58:22 59:21 59:25 60:25 67:17 68:16 69:23 82:20 83:14 87:8 88:16 89:2 90:22 94:11 95:20 95:23 97:22 100:9 100:12 100:16 100:17 100:21 101:1 101:20 106:17 106:20 106:22 108:24 110:4 110:16 110:25 111:6 111:8 112:17 113:21 113:22 113:23 114:3 114:10 114:1 117:21 119:1 119:7 121:23 |
| saying(17) | 9:13 13:8 14:10 19:11 33:14 35:19 35:19 38:19 39:13 42:4 53:11 90:10 95:1 100:3 104:12 105:10 122:2 |
| says(6) | 31:23 48:16 56:9 58:25 59:3 |
| schedule(11) | 25:24 29:1 29:15 41:17 41:24 43:4 43:11 48:8 54:14 120:5 123:21 |
| scheduled(2) | 9:4 75:19 |
| schedules(1) | 111:16 |
| scheduling(6) | 7:7 9:13 16:12 16:13 21:10 59:13 |
| school(1) | 117:25 |
| schuylkill(1) | 1:41 |
| schweitzer(65) | 1:30 6:20 6:24 6:25 7:1 7:5 7:10 7:17 7:20 7:25 9:8 9:25 11:11 12:7 15:11 17:12 17:14 20:11 29:23 40:8 40:14 51:8 51:9 51:12 53:19 56:15 56:18 56:20 56:24 57:23 58:1 58:4 58:8 58:17 60:9 60:13 60:16 60:20 62:7 64:9 64:19 64:20 65:1 65:3 65:5 65:9 65:12 65:15 65:24 66:6 67:8 67:15 67:19 67:23 68:4 68:8 68:11 68:15 68:23 69:1 69:3 71:16 71:20 71:25 |
| scope(1) | 70:13 |
| seal(1) | 48:12 |
| seated(2) | 5:4 72:14 |
| second(10) | 16:19 34:10 34:11 53:10 80:23 97:20 104:9 105:3 105:16 114:5 |
| secondary(1) | 9:9 |
| section(3) | 22:8 22:19 99:22 |
| sections(1) | 20:23 |
| secure(2) | 47:15 50:7 |
| securities(1) | 12:25 |
| security(1) | 62:3 |
| see(25) | 5:4 8:20 12:22 27:5 27:6 31:6 31:18 42:1 43:2 43:14 50:9 56:4 59:2 60:19 64:7 66:13 68:21 68:24 69:23 81:22 84:15 87:4 99:21 112:10 118:23 |
| seek(4) | 92:14 105:23 110:20 111:19 |
| seeking(8) | 8:8 12:14 52:16 73:1 73:25 78:18 79:7 80:12 |
| seeks(1) | 111:20 |
| seem(2) | 30:12 69:22 |
| seemed(1) | 80:8 |
| seemingly(1) | 13:21 |
| seems(1) | 114:6 |
| seen(5) | 8:8 39:7 39:9 57:11 62:5 |
| segal(2) | 4:9 4:9 |
| seizure(3) | 44:12 45:12 58:15 |
| seizures(2) | 44:22 49:24 |
| select(9) | 75:8 85:12 85:17 85:23 99:24 100:5 114:15 115:7 115:25 |
| senators(1) | 29:2 |
| send(4) | 19:10 45:10 63:15 63:16 |
| sends(2) | 64:7 64:9 |
| senior(3) | 99:4 107:19 107:20 |
| sense(7) | 17:22 27:16 39:4 39:5 40:8 50:13 106:2 |
| sensitive(1) | 46:25 |
| sent(3) | 34:9 45:1 64:13 |
| separate(7) | 28:21 28:22 29:5 41:18 42:18 42:20 120:4 |
| separated(1) | 94:19 |
| september(13) | 1:14 5:1 22:8 22:21 47:25 55:2 56:22 60:1 60:7 60:10 65:21 120:5 124:17 |
| serious(2) | 18:4 110:21 |
| seriously(1) | 65:18 |
| serve(7) | 16:2 16:3 32:23 41:13 42:17 71:20 92:17 |
| served(11) | 15:20 30:23 41:8 80:18 80:22 80:25 81:1 81:2 82:19 86:11 114:19 |
| service(7) | 1:40 1:47 25:11 48:12 51:20 51:25 52:1 |
| services(3) | 1:40 102:11 124:19 |
| session(2) | 17:8 70:20 |
| set(18) | 15:21 26:19 45:3 46:4 54:13 56:13 59:13 63:16 63:17 66:21 80:24 94:6 94:11 94:24 95:8 95:11 116:21 |
| set-off(1) | 18:13 |
| setting(2) | 15:24 61:12 |
| settlement(9) | 14:11 37:10 37:19 37:20 37:23 37:24 42:5 42:14 42:16 |
| settlements(1) | 37:6 |
| seven(8) | 10:15 14:9 81:3 97:19 98:21 106:15 121:24 121:25 |
| sever(1) | 8:1 |
| several(5) | 29:2 29:16 34:20 34:23 58:10 |
| severe(1) | 28:19 |
| shape(1) | 47:15 |
| share(4) | 10:6 10:6 10:8 11:8 |
| sharing(3) | 38:4 38:2 38:2 |
| she(37) | 53:15 98:23 98:25 99:1 99:2 99:3 99:4 99:5 99:6 99:6 99:7 99:8 99:8 99:11 99:13 99:14 99:15 100:24 101:1 101:1 101:2 102:7 102:18 102:22 102:25 102:25 103:1 105:8 105:9 105:9 105:19 105:20 105:21 106:9 114:15 117:4 117:5 |
| sheer(1) | 59:7 |
| she's(1) | 117:15 |
| short(5) | 45:4 45:7 45:18 46:4 72:8 |
| short-circuit(2) | 33:20 53:3 |
| short-term(1) | 46:1 |
| should(12) | 23:13 37:6 37:18 37:19 41:23 42:17 49:12 64:13 77:17 80:13 119:14 120:10 |
| shouldn't(14) | 38:2 39:18 84:7 92:14 100:15 100:19 100:20 100:23 101:5 104:1 104:8 106:1 106:21 107:5 |
| show(11) | 88:4 88:9 98:5 101:3 101:8 103:3 103:17 105:18 105:19 105:19 106:4 |
| showing(1) | 36:15 |
| shur(2) | 3:13 78:20 |
| sick(7) | 25:21 45:4 45:22 46:3 46:7 48:10 49:23 |
| side(4) | 48:9 49:10 51:16 51:23 |
| sides(3) | 34:15 55:12 124:8 |
| sign(1) | 5:22 |
| sign-off(1) | 10:13 |
| signed(16) | 20:22 63:25 93:21 96:24 97:7 98:2 104:12 106:1 106:6 108:23 109:23 110:4 110:19 110:24 114:10 114:12 |
| significant(4) | 6:7 57:20 121:1 123:1 |
| signing(1) | 6:10 |
| similar(1) | 8:9 |
| simon(1) | 3:19 |
| simple(1) | 48:16 |
| simply(9) | 48:5 70:24 73:4 84:10 94:7 95:5 95:10 107:2 116:20 |
| since(2) | 23:20 109:12 |
| single(2) | 84:12 96:25 |
| sink(1) | 12:20 |
| sir(12) | 24:8 36:11 69:9 70:3 70:8 72:18 91:6 91:9 91:13 113:12 120:11 120:20 |
| sit(2) | 16:15 86:24 |
| situation(3) | 29:14 34:4 34:4 |
| situations(2) | 24:24 52:9 |
| six(2) | 97:18 121:23 |
| size(1) | 108:13 |
| slight(1) | 6:4 |
| slightly(3) | 5:13 5:25 38:24 |
| slip(1) | 54:16 |
| slog(1) | 98:17 |
| slowing(1) | 42:24 |
| small(1) | 51:13 |
| smaller(1) | 18:2 |
| smith(1) | 11:11 |
| smoking(3) | 36:3 36:14 36:15 |
| social(1) | 62:3 |
| solution(1) | 53:21 |
| solutions(1) | 17:25 |
| some(88) | 7:12 9:9 10:19 12:12 14:18 20:15 23:20 21:11 23:24 24:18 25:11 25:12 28:18 28:19 30:12 31:5 31:14 31:15 34:22 37:3 40:4 40:5 41:3 41:12 41:16 41:24 43:17 46:4 47:15 48:11 48:13 49:11 51:14 51:15 52:6 53:24 54:18 55:25 56:5 56:11 56:24 57:13 57:13 57:14 61:18 68:18 70:10 70:23 71:5 73:9 76:12 78:14 78:15 79:18 79:19 79:23 82:11 83:1 87:25 88:6 88:8 92:19 93:3 95:1 95:14 95:25 96:10 97:25 99:15 99:25 100:3 100:7 100:13 100:16 100:21 102:16 104:16 104:19 107:14 108:15 108:19 108:22 110:20 112:16 116:10 118:3 118:10 |
| somebody(3) | 31:13 104:15 105:24 |
| somehow(2) | 19:20 104:17 |
| someone(10) | 26:20 39:2 41:5 45:15 48:16 53:9 58:6 58:14 58:19 101:9 |
| something(25) | 16:25 26:2 26:25 26:25 27:8 28:2 28:21 34:6 34:9 39:4 40:19 45:8 50:11 50:21 51:6 54:23 55:2 56:16 59:16 65:16 94:20 107:23 110:1 118:22 121:11 |
| sometimes(3) | 36:22 74:6 81:9 |
| somewhere(2) | 95:14 111:9 |
| soon(8) | 67:20 68:1 72:5 96:15 112:8 112:23 123:17 123:19 |
| sooner(1) | 112:14 |
| sorry(3) | 6:4 10:25 90:2 |
| sort(16) | 13:14 15:16 16:8 17:21 29:5 32:17 39:16 52:17 70:23 71:4 79:20 90:6 95:16 104:24 112:19 113:20 |
| sorted(1) | 97:13 |
| sorts(1) | 14:7 |
| sought(3) | 77:18 81:14 102:6 |
| sound(3) | 1:46 10:20 124:14 |
| sounds(3) | 51:21 71:12 121:21 |
| source(1) | 82:6 |
| speak(5) | 15:14 20:16 70:9 70:21 122:10 |
| special(1) | 118:8 |
| specialized(1) | 41:15 |
| specific(1) | 56:9 |
| specifically(2) | 55:16 89:14 |
| specify(1) | 50:18 |
| speech(1) | 44:13 |
| spend(3) | 40:7 42:20 84:24 |
| spin(1) | 102:3 |
| spirit(1) | 17:24 |
| sponsor(1) | 74:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **spread**(2) 51:22 122:19 | | **suffered**(10) 84:1 84:3 84:8 86:13 87:17 99:14 101:1 101:2 103:4 105:9 | | **terminate**(21) 7:21 7:22 8:7 8:10 8:12 8:13 8:13 8:16 9:1 18:24 18:25 30:17 30:19 31:11 31:16 31:24 35:9 35:10 53:5 53:8 53:14 | | **that**(301) 48:10 48:10 48:13 48:16 48:16 48:18 48:19 48:23 48:24 49:5 49:8 49:10 49:12 49:12 49:15 49:18 50:6 50:10 50:13 50:13 50:17 50:21 50:23 50:24 50:25 51:4 51:13 51:16 51:19 51:21 51:22 51:23 51:24 52:4 52:5 52:10 52:16 52:16 52:17 52:19 52:23 52:25 53:5 53:6 53:7 53:7 53:9 53:9 53:13 53:15 53:16 53:21 54:3 54:4 54:5 54:7 54:9 54:10 54:10 54:11 54:11 54:12 54:13 54:16 54:16 54:20 54:21 54:23 55:2 55:3 55:8 55:11 55:12 55:12 55:13 55:19 55:20 55:24 56:3 56:6 56:7 56:8 56:9 56:10 56:10 56:11 56:11 56:16 56:16 56:21 57:1 57:5 57:6 57:7 57:8 57:10 57:10 57:15 57:18 57:21 57:25 58:15 58:18 58:18 58:25 58:25 59:1 59:4 59:7 59:8 59:9 59:11 59:12 59:20 59:20 59:20 59:21 59:21 59:22 59:24 59:25 59:25 60:1 60:4 60:4 60:5 60:10 60:14 60:16 60:20 60:22 61:1 61:5 61:6 61:7 61:7 61:18 61:18 61:20 62:10 62:12 62:13 62:13 62:18 62:25 62:25 63:6 63:6 63:14 63:18 63:18 63:24 63:24 64:12 64:13 64:13 64:15 64:18 65:1 65:10 65:15 65:18 65:19 65:19 65:24 65:24 66:1 66:7 66:14 66:16 66:16 66:17 66:18 66:18 66:22 67:7 67:8 68:1 68:3 68:9 68:10 68:25 69:15 69:17 69:19 70:10 70:13 70:14 70:15 70:17 70:24 70:25 71:6 71:12 71:14 71:17 71:21 71:23 72:2 72:5 72:15 73:11 73:18 73:23 73:24 73:25 74:3 74:3 74:5 74:11 74:12 74:13 74:15 74:19 74:22 74:24 75:5 75:6 75:9 75:21 76:5 76:5 76:11 76:14 76:15 76:17 76:20 77:12 77:14 77:16 77:19 77:24 78:8 78:10 78:16 79:4 79:5 79:6 79:14 79:22 79:23 79:25 80:1 80:5 80:6 80:7 80:11 80:19 80:21 80:23 80:24 81:7 81:8 81:12 81:18 81:19 81:20 81:21 82:4 82:16 82:16 82:17 82:20 82:21 82:24 83:4 83:9 83:12 83:18 83:19 83:22 83:24 84:2 84:4 84:6 84:20 84:22 85:1 85:2 85:3 85:8 85:9 85:11 85:17 85:19 85:22 85:24 85:25 86:2 86:3 86:4 86:4 86:6 86:11 86:11 86:13 86:19 87:2 87:3 |
| **square**(2) 2:14 2:43 | | | | | | |
| **stage**(1) 55:6 | | **sufficient**(1) 42:7 | | | | |
| **stake**(1) 18:5 | | **suggest**(1) 62:10 | | **terminated**(2) 9:2 53:13 | | |
| **stand**(2) 13:10 124:8 | | **suggested**(2) 79:23 99:19 | | **termination**(6) 7:8 8:21 24:12 25:21 26:10 40:22 | | |
| **standard**(3) 14:24 61:3 94:2 | | **suggesting**(1) 123:6 | | | | |
| **standing**(21) 83:8 84:1 84:23 85:1 85:6 85:9 88:25 92:24 101:15 101:17 101:24 105:10 106:3 106:18 106:18 106:19 106:2 113:22 113:24 113:25 116:8 | | **suggestions**(1) 52:3 | | | | |
| | | **suit**(1) 111:7 | | **terminations**(1) 8:9 | | |
| | | **sum**(1) 103:17 | | **terms**(12) 10:3 26:14 29:10 29:25 34:19 41:14 52:2 75:8 76:19 78:1 78:5 96:9 | | |
| **stargait**(1) 2:40 | | **summary**(1) 112:20 | | | | |
| **start**(3) 8:20 16:21 52:17 | | **summer**(1) 76:12 | | | | |
| **started**(1) 12:21 | | **supplement**(3) 36:25 63:18 63:24 | | **test**(1) 107:16 | | |
| **starts**(2) 27:24 41:5 | | **supplemental**(6) 59:22 59:23 59:23 60:17 60:18 66:1 | | **testify**(2) 80:19 87:24 | | |
| **stat**(6) 8:16 29:2 45:5 70:24 101:13 | | | | **testimony**(1) 81:24 | | |
| **stated**(1) 24:12 | | | | **texas**(2) 83:2 122:13 | | |
| **statements**(5) 13:1 33:4 53:11 70:10 80:4 | | **supplied**(1) 48:17 | | **than**(13) 5:25 14:3 16:22 33:25 41:25 57:7 58:12 66:2 73:23 81:24 91:1 100:18 112:14 | | |
| **states**(4) 1:1 1:19 121:22 122:7 | | **supporting**(1) 22:15 | | | | |
| **station**(1) 24:1 | | **suppose**(2) 31:14 31:22 | | | | |
| **status**(1) 115:1 | | **supposed**(2) 63:15 108:3 | | **thank**(50) 5:3 5:19 5:20 5:22 6:9 6:9 6:13 6:21 6:22 6:23 7:4 20:14 22:2 22:6 24:6 24:8 24:8 30:1 30:2 32:3 38:5 38:6 38:7 38:8 38:15 43:19 44:2 44:15 65:7 69:2 70:2 70:3 71:11 72:7 72:10 72:13 73:7 90:18 91:6 91:8 91:9 91:9 113:9 113:11 113:12 113:14 117:11 123:23 123:24 124:5 124:8 | | |
| **statute**(1) 88:10 | | **supreme**(1) 91:22 | | | | |
| **statutory**(1) 42:10 | | **surcharge**(1) 78:10 | | | | |
| **stayed**(1) 76:11 | | **sure**(23) 12:11 25:4 25:18 26:10 29:17 32:2 39:15 40:16 44:9 45:24 47:4 48:4 48:14 49:1 53:18 62:22 63:13 64:2 77:19 90:11 92:21 119:17 122:24 | | | | |
| **ste**(4) 2:29 2:36 3:9 3:27 | | | | | | |
| **steen**(1) 1:29 | | | | | | |
| **steering**(1) 77:3 | | | | | | |
| **step**(1) 7:14 | | **surface**(1) 7:13 | | **that**(301) 5:17 5:17 5:18 6:3 6:4 6:10 6:15 7:12 8:10 8:12 8:15 8:25 9:3 9:11 9:12 9:13 9:18 9:19 10:10 10:10 10:12 10:13 10:17 10:19 10:19 10:20 10:22 11:2 11:4 11:5 11:8 11:12 11:14 11:14 11:15 11:15 11:16 11:17 11:19 11:21 11:23 11:24 11:25 12:1 12:2 12:5 12:7 12:13 12:14 12:18 12:19 12:20 12:22 13:1 13:14 13:18 13:20 13:21 13:24 14:1 14:10 14:11 14:18 14:19 14:20 14:25 15:2 15:3 15:5 15:6 15:7 15:10 15:17 15:19 15:22 15:23 16:4 16:23 17:5 17:6 17:17 17:18 17:19 17:19 17:22 17:22 18:10 18:11 18:15 18:22 18:23 19:2 19:5 19:13 19:14 19:19 19:20 19:21 19:22 19:23 19:25 19:25 20:4 20:6 20:8 20:11 20:12 20:13 21:9 21:14 21:16 21:17 21:23 21:24 22:7 22:9 22:11 22:14 22:16 22:21 22:23 23:5 23:8 23:14 23:16 23:16 23:20 23:22 24:5 24:11 24:14 24:17 24:23 24:25 24:25 25:4 25:9 25:10 25:16 25:18 25:19 25:20 26:2 26:2 26:2 26:3 26:6 26:7 26:11 26:15 26:17 26:23 26:25 27:1 27:4 27:6 27:6 27:8 27:9 27:11 27:14 27:16 27:21 27:22 27:22 27:23 27:24 27:25 28:1 28:2 28:2 28:4 28:17 28:20 28:21 28:21 28:25 29:1 29:2 29:4 29:11 29:18 29:18 29:19 29:21 29:24 29:25 30:11 30:18 30:20 30:22 31:8 31:14 31:15 31:18 31:22 31:23 31:23 32:12 32:14 32:14 32:15 32:15 32:16 32:23 33:3 33:5 33:9 33:11 33:12 33:19 33:20 34:5 34:6 34:9 34:13 34:13 34:19 34:20 34:20 34:21 35:4 35:8 35:10 35:12 35:15 35:24 36:14 36:19 36:20 37:2 37:4 37:9 37:9 37:22 37:23 38:1 38:24 38:24 38:25 39:3 39:5 39:8 39:14 39:18 39:21 39:24 39:24 40:4 40:5 40:8 40:9 40:18 40:18 40:19 40:23 40:25 41:2 41:7 41:8 41:10 41:17 41:19 41:20 41:20 42:4 42:5 42:8 42:10 42:10 42:14 42:14 42:15 42:15 42:16 42:18 42:22 42:23 42:24 43:4 43:9 43:17 44:10 44:17 45:6 45:16 45:17 45:21 45:25 46:2 46:6 46:15 46:21 46:23 47:8 47:15 47:19 47:22 48:4 |
| **stepped**(1) 118:25 | | **surge**(1) 16:8 | | | | |
| **steps**(3) 32:17 35:16 54:10 | | **surprise**(1) 25:18 | | | | |
| **stiffed**(1) 108:21 | | **surprised**(1) 37:7 | | | | |
| **still**(22) 8:14 19:7 19:14 19:16 20:3 21:14 25:19 26:3 26:15 35:5 51:9 51:10 51:11 52:2 56:11 56:19 61:21 90:4 90:15 98:13 98:15 120:24 | | **surrounding**(1) 83:7 | | | | |
| | | **suspended**(1) 34:14 | | | | |
| | | **sweet**(1) 36:14 | | | | |
| | | **sworn**(1) 79:2 | | | | |
| | | **system**(1) 9:20 | | | | |
| **stipulate**(7) 80:2 90:10 107:9 107:12 108:10 114:22 115:6 | | **tab**(1) 86:16 | | | | |
| | | **take**(36) 5:12 5:17 6:5 8:9 15:22 19:14 19:15 25:14 28:1 33:15 40:22 41:24 43:15 52:6 54:19 61:11 63:3 67:17 72:8 72:9 79:16 84:17 84:21 85:3 96:1 96:3 98:24 102:4 102:13 107:13 108:4 111:22 116:14 116:24 117:1 118:14 | | | | |
| **stipulation**(4) 80:1 80:8 80:16 108:11 | | | | | | |
| **stipulations**(1) 114:17 | | | | | | |
| **stopped**(2) 88:6 89:6 | | | | | | |
| **strain**(1) 19:22 | | | | | | |
| **strauss**(1) 2:5 | | | | | | |
| **streamline**(3) 14:2 27:23 112:4 | | **take-away**(1) 86:23 | | | | |
| **streamlined**(2) 30:13 41:12 | | **taken**(5) 18:13 33:18 48:2 54:11 59:17 | | | | |
| **streamliner**(1) 15:19 | | **takes**(4) 6:19 41:3 56:8 101:7 | | | | |
| **streamlining**(1) 14:21 | | **taking**(5) 15:17 27:18 48:2 59:10 93:8 110:12 110:13 121:17 | | | | |
| **street**(8) 1:11 1:41 2:15 2:44 3:9 3:15 3:21 3:27 | | | | | | |
| | | **talk**(10) 24:22 48:20 53:25 56:21 73:17 73:19 86:4 107:14 111:2 119:10 | | | | |
| **strike**(3) 38:23 43:17 43:17 | | | | | | |
| **striving**(1) 46:6 | | **talked**(3) 40:13 40:14 40:15 | | | | |
| **strongly**(1) 90:20 | | **talking**(3) 26:9 27:2 39:16 | | | | |
| **struck**(1) 19:3 | | **tammy**(1) 124:18 | | | | |
| **struggle**(1) 44:12 | | **tax**(12) 93:8 93:12 93:13 94:18 95:4 97:16 97:18 99:7 104:4 104:22 108:4 109:5 | | | | |
| **struggling**(1) 17:16 | | | | | | |
| **student**(1) 117:25 | | | | | | |
| **stuff**(2) 63:2 104:12 | | **taxes**(3) 93:9 93:12 104:23 | | | | |
| **subheading**(3) 100:8 100:9 100:21 | | **taylor**(1) 2:41 | | | | |
| **subject**(7) 74:13 75:22 89:6 93:23 94:22 97:3 97:8 | | **tee**(1) 112:6 | | | | |
| | | **teed**(2) 112:7 112:23 | | | | |
| | | **telephone**(7) 6:10 51:25 52:1 119:10 121:4 121:6 121:11 | | | | |
| **submit**(4) 24:2 73:3 112:12 120:10 | | | | | | |
| **submitted**(3) 6:16 66:2 66:2 | | | | | | |
| **subpoena**(3) 14:6 80:18 88:17 | | | | | | |
| **subset**(1) 101:4 | | **telephonic**(2) 3:32 4:1 | | | | |
| **substantial**(1) 99:25 | | **tell**(10) 12:10 25:19 40:21 40:23 41:7 42:4 50:3 58:14 85:23 86:14 | | | | |
| **substantive**(10) 27:25 47:20 49:13 74:19 75:22 78:1 78:7 108:21 114:25 116:13 | | | | | | |
| | | **telling**(1) 57:12 | | | | |
| **succeeded**(1) 96:16 | | **ten**(6) 65:21 65:23 100:17 109:15 109:19 110:2 | | | | |
| **successful**(2) 8:24 76:18 | | | | | | |
| **succinct**(1) 56:2 | | | | | | |
| **such**(8) 17:6 26:24 42:25 45:4 46:4 84:6 94:21 101:19 | | **tennessee**(1) 46:19 | | | | |
| | | **tenor**(1) 82:21 | | | | |
| | | **tens**(1) 110:15 | | | | |
| **suffer**(3) 28:19 101:14 107:22 | | **term**(2) 75:3 101:25 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**that(266)** 87:8  87:10  87:11  87:20  87:23  88:3  88:4  88:9  88:14  88:16  88:21  88:22  88:25  89:2  89:3  89:5  89:6  89:9  89:11  89:12  89:13  89:17  89:18  89:24  90:3  90:6  90:9  90:12  90:14  90:15  90:16  90:19  90:20  90:20  90:23  91:2  91:15  91:16  91:23  92:13  92:23  93:1  93:1  93:6  93:15  93:20  93:22  93:22  93:25  94:3  94:9  94:9  94:18  94:21  94:21  94:23  94:23  95:1  95:1  95:13  95:14  95:19  95:19  95:20  95:24  96:2  96:6  96:9  96:12  96:14  96:16  96:21  96:22  96:25  97:1  97:2  97:5  97:6  97:11  97:13  97:16  97:16  97:17  97:19  97:20  98:4  98:7  98:20  99:7  99:8  99:8  99:9  99:14  99:15  99:21  100:18  100:18  101:6  101:6  101:7  101:7  101:11  101:11  101:12  102:2  102:5  102:10  102:14  102:16  102:19  102:19  102:19  102:21  102:21  102:22  102:23  102:25  103:1  103:3  103:4  103:5  103:6  103:10  103:20  103:23  103:24  104:2  104:3  104:5  104:11  104:13  104:13  104:14  104:14  104:20  104:24  104:25  105:8  105:9  105:11  105:12  105:18  105:18  105:24  106:2  106:4  106:4  106:5  106:9  106:9  106:11  106:15  107:1  107:3  107:4  107:21  107:22  107:22  107:24  107:25  108:5  108:14  108:17  108:22  108:23  108:25  109:1  109:1  109:2  109:5  109:5  109:7  109:9  109:10  109:15  109:18  109:19  109:22  110:1  110:3  110:10  110:20  110:25  111:12  111:19  111:20  112:6  112:6  112:7  112:8  112:10  112:11  112:13  112:17  112:23  113:3  113:19  113:21  113:22  113:22  114:6  114:6  114:9  114:22  114:24  115:2  115:3  115:3  115:6  115:8  115:10  115:12  115:13  115:14  115:18  115:20  115:22  115:22  115:24  116:1  116:1  116:2  116:4  116:9  116:10  116:11  116:14  116:15  116:22  116:21  116:21  117:4  117:5  117:9  117:17  118:1  118:7  118:11  118:14  118:15  118:22  119:5  119:9  119:11  119:17  119:18  120:2  121:4  121:9  121:10  121:10  121:12  122:3  122:4  122:9  122:21  122:22  122:23  123:2  123:6  123:14  123:15  124:2  124:13

**that's(1)** 9:24

**that's(129)** 5:18  9:7  13:21  16:6  16:8  21:1  21:11  21:21  21:23  24:20  24:20  25:3  29:7  29:11  29:11  29:14  29:15  29:21  31:11  33:7  33:14  34:3  35:4  35:18  35:22  35:23  36:25  37:12  37:25  38:4  38:5  38:14  38:16  38:18  38:19  39:24  40:2  40:6  41:6  41:21  41:21  42:21  43:15  45:13  45:23  47:4  49:18  50:11  51:4  54:14  54:24  55:5  55:10  55:15  57:1  58:7  58:21  59:3  59:20  60:20  60:23  62:4  62:16  62:17  63:8  66:4  66:23  67:10  67:20  69:1  75:3  77:18  79:19  81:3  84:10  84:20  85:14  87:21  87:22  88:11  89:24  90:9  90:17  91:25  92:6  92:14  94:20  95:3  96:17  96:21  97:13  97:14  97:22  98:3  98:6  98:16  98:17  98:18  99:19  101:5  101:13  103:14  103:16  104:9  105:6  106:3  106:7  107:7  108:6  108:11  109:18  109:24  110:9  111:4  111:8  111:10  111:18  112:4  112:11  113:16  116:5  116:24  117:9  119:11  120:9  121:19  122:2  122:24  123:4

**the(301)** 1:1  1:2  1:18  2:35  4:9  5:3  5:7  5:9  5:11  5:12  5:12  5:13  5:15  5:16  5:18  5:22  6:2  6:5  6:6  6:6  6:8  6:9  6:10  6:11  6:12  6:15  6:18  6:19  6:20  6:21  6:23  7:1  7:1  7:4  7:6  7:7  7:7  7:9  7:10  7:11  7:11  7:13  7:14  7:16  7:17  7:19  7:20  7:22  7:22  7:24  8:1  8:1  8:2  8:2  8:2  8:5  8:5  8:6  8:7  8:9  8:9  8:10  8:11  8:12  8:12  8:13  8:13  8:15  8:15  8:16  8:16  8:16  8:18  8:20  8:21  8:21  8:23  8:24  9:1  9:2  9:5  9:5  9:7  9:10  9:10  9:21  9:11  9:13  9:14  9:15  9:16  9:18  9:20  9:21  9:23  9:24  9:25  10:3  10:6  10:7  10:7  10:8  10:10  10:11  11:6  11:7  11:10  11:12  11:14  11:20  11:20  12:6  12:13  12:14  12:18  12:19  13:6  13:6  13:7  13:8  13:18  13:18  13:19  13:19  13:22  13:22  13:23  13:24  13:25  14:2  14:3  14:5  14:7  14:9  14:9  14:10  14:11  14:12  14:14  14:15  14:15  14:16  14:18  14:23  14:24  15:1  15:4  15:7  15:10  15:11  16:8  16:9  16:11  16:12  16:12  16:13  16:15  16:16  16:16  16:16  16:17  16:17  16:19  16:20  16:23  17:1  17:3  17:3  17:4  17:9  17:17  17:19  17:11  17:13  17:16  17:17  18:2  18:6  18:9  18:10  18:12  18:18  18:19  18:20  18:21  18:24  18:25  18:25  19:5  19:6  19:8  19:9  19:10  19:10  19:11  19:11  19:12  19:12  19:13  19:13  19:16  19:17  19:18  19:22  19:23  19:24  19:24  20:20  20:2  20:3  20:4  20:5  20:6  20:7  20:10  20:12  20:14  20:17  20:25  21:4  21:7  21:9  21:9  21:10  21:13  21:15  21:19  21:19  21:22  21:23  21:23  22:1  22:3  22:5  22:7  22:8  22:9  22:10  22:14  22:19  22:20  22:21  22:21  22:23  22:23  22:24  23:2  23:3  23:6  23:8  23:8  23:9  23:11  23:12  23:12  23:15  23:17  23:17  23:18  23:21  23:21  23:22  23:22  23:23  24:1  24:1  24:3  24:8  24:11  24:12  24:16  24:18  24:21  24:25  25:1  25:2  25:3

**the(301)** 25:5  25:6  25:9  25:11  25:16  25:17  25:21  25:23  26:3  26:4  26:7  26:7  26:10  26:14  26:14  26:14  26:17  26:18  27:2  27:8  27:10  27:11  27:14  27:15  27:20  27:21  27:24  28:1  28:3  28:4  28:10  28:13  28:15  28:17  28:20  29:4  29:8  29:11  29:11  29:12  29:19  29:20  30:2  30:5  30:7  30:9  30:14  30:17  30:17  30:18  30:18  30:19  30:21  30:22  30:24  30:24  31:2  31:2  31:5  31:9  31:10  31:11  31:11  31:15  31:16  31:18  31:22  31:23  32:1  32:3  32:4  32:7  32:9  32:10  32:12  32:13  32:15  32:17  32:2  33:1  33:10  33:12  33:13  33:17  33:17  34:2  34:8  34:9  34:12  34:13  34:17  34:18  34:25  35:2  35:3  35:3  35:7  35:8  35:11  35:11  37:3  37:11  37:16  37:20  38:5  38:8  38:10  38:11  38:14  38:16  38:21  38:22  38:23  38:25  39:3  39:9  39:11  39:13  39:16  39:18  39:19  39:20  39:23  39:24  39:25  40:1  40:2  40:4  40:6  40:8  40:10  40:11  40:18  41:1  41:3  41:7  41:7  41:8  41:11  41:19  41:24  42:3  42:11  42:16  42:18  42:19  42:19  42:19  42:22  43:6  43:12  43:14  43:16  43:16  43:20  43:22  43:22  43:24  44:2  44:4  44:7  44:8  44:9  44:10  44:10  44:11  44:14  44:15  44:16  44:16  44:17  44:17  44:19  44:19  44:20  44:22  44:24  44:25  45:2  45:3  45:11  45:16  45:18  45:19  45:24  46:1  46:1  46:10  46:12  46:17  46:22  47:2  47:4  47:7  47:9  47:10  47:11  47:12  47:13  47:14  47:19  47:19  47:22  47:23  47:23  47:25  48:1  48:2  48:6  48:7  48:8  48:10  48:12  48:15  48:17  48:17  48:23  48:24  49:1  49:9  49:9  49:10  49:12  49:16  49:17  49:19  49:21  49:22  49:24  50:2  50:4  50:5  50:8  50:12  50:13  50:16  50:16  50:22  51:1  51:3  51:5  51:8  51:10  51:14  51:15  51:18  51:20  51:21  51:22  52:1  52:5  52:7  52:12  52:16  52:16  52:17  52:18  52:20  52:21  52:23  52:23  52:24  53:5  53:6  53:17  53:18  53:21  53:22  53:22  54:2  54:3  54:4  54:4  54:7  54:9  54:18  54:19  54:19  54:20  54:21  54:22  54:25  54:25  55:1

**the(301)** 55:4  55:4  55:6  55:10  55:11  55:11  55:12  55:14  55:14  55:14  55:15  55:17  55:18  55:20  55:21  55:24  56:3  56:4  56:5  56:6  56:7  56:12  56:12  56:16  56:19  56:21  56:21  56:22  56:23  57:2  57:2  57:4  57:6  57:7  57:8  57:11  57:16  57:16  57:18  57:24  57:24  58:2  58:5  58:6  58:9  58:10  58:13  58:20  58:23  58:24  58:24  58:25  59:2  59:2  59:4  59:6  59:8  59:9  59:12  59:13  59:14  59:18  60:5  60:6  60:7  60:11  60:12  60:13  60:15  60:17  60:19  60:20  60:21  60:23  60:23  61:9  61:9  61:11  61:11  61:14  61:15  61:21  61:22  61:24  62:1  62:8  62:8  62:10  62:12  62:12  62:13  62:14  62:16  62:16  62:20  62:21  62:22  62:23  63:2  63:2  63:8  63:10  63:10  63:12  63:13  63:14  63:14  63:19  63:20  63:22  63:24  63:25  64:2  64:3  64:4  64:4  64:8  64:10  64:12  64:16  64:19  64:22  64:25  65:1  65:2  65:6  65:8  65:10  65:10  65:14  65:14  65:17  65:19  65:20  65:21  65:24  66:7  66:8  66:10  66:12  66:13  66:14  66:15  66:21  66:23  66:25  67:2  67:2  67:10  67:12  67:17  67:18  67:19  68:1  68:4  68:5  68:14  68:16  68:16  68:20  68:21  68:24  69:4  69:5  69:7  69:9  69:10  69:11  69:13  69:17  69:18  69:19  69:19  69:20  69:21  69:23  69:24  69:25  70:1  70:3  70:6  70:7  70:8  70:11  70:13  70:13  70:14  70:15  70:16  70:16  70:17  70:18  70:19  70:20  70:21  70:22  70:24  70:25  71:1  71:2  71:3  71:7  71:7  71:10  71:12  71:13  71:13  71:17  71:17  71:18  71:19  71:20  71:20  71:21  71:24  72:2  72:4  72:7  72:9  72:12  72:13  72:14  72:15  72:16  72:18  72:19  72:20  72:20  72:25  73:2  73:3  73:4  73:5  73:6  73:7  73:9  73:10  73:10  73:12  73:15  73:16  73:17  73:18  73:19  73:19  73:21  73:22  73:24  73:25  74:2  74:2  74:3  74:4  74:6  74:7  74:8  74:10  74:10  74:11  74:13  74:13  74:14  74:15  74:16  74:19  74:20  74:20  74:21  74:21  74:22  74:22  74:23  74:23  74:24  74:25  75:6  75:7  75:9  75:10  75:11  75:11  75:11  75:13  75:14  75:15  75:16  75:17  75:18  75:20  75:20  75:21  75:23  75:24  75:24  75:25  76:1  76:2

| Word | Page:Line |
|---|---|

**the(301)** 76:2 76:2 76:3 76:3 76:4 76:4 76:5 76:6 76:8 76:9 76:9 76:9 76:9 76:11 76:13 76:13 76:14 76:15 76:15 76:17 76:20 76:20 76:21 76:21 76:22 76:24 76:24 76:25 77:1 77:1 77:1 77:1 77:3 77:3 77:3 77:4 77:5 77:6 77:7 77:7 77:8 77:8 77:9 77:10 77:10 77:11 77:11 77:11 77:11 77:12 77:15 77:16 77:17 77:18 77:21 77:22 77:23 77:24 78:2 78:2 78:3 78:4 78:4 78:5 78:5 78:6 78:6 78:8 78:8 78:9 78:10 78:13 78:14 78:14 78:19 78:19 78:22 78:23 78:23 78:24 79:1 79:1 79:2 79:3 79:4 79:5 79:6 79:6 79:7 79:9 79:9 79:9 79:10 79:12 79:13 79:15 79:16 79:17 79:18 79:19 79:20 79:20 79:22 80:7 80:7 80:9 80:11 80:11 80:13 80:16 80:17 80:20 80:21 80:21 80:22 80:22 80:23 80:25 81:1 81:3 81:5 81:6 81:7 81:7 81:10 81:10 81:10 81:11 81:13 81:14 81:16 81:18 81:19 81:20 81:21 81:22 81:22 81:22 82:6 82:6 82:10 82:10 82:14 82:16 82:17 82:21 82:21 82:23 82:25 83:1 83:5 83:6 83:7 83:8 83:9 83:10 83:11 83:12 83:12 83:13 83:14 83:14 83:15 83:16 83:19 83:21 83:23 83:23 83:24 83:25 84:2 84:4 84:5 84:5 84:6 84:6 84:12 84:12 84:12 84:13 84:15 84:16 84:17 84:17 84:18 84:19 84:19 84:21 84:22 84:25 85:2 85:2 85:3 85:5 85:5 85:6 85:7 85:8 85:8 85:9 85:9 85:9 85:10 85:11 85:11 85:14 85:15 85:20 85:22 85:25 86:1 86:2 86:5 86:5 86:5 86:6 86:6 86:7 86:9 86:10 86:10 86:11 86:12 86:14 86:15 86:16 86:17 86:19 86:20 86:24 86:24 86:25 87:1 87:2 87:3 87:4 87:5 87:6 87:7 87:7 87:9 87:10 87:15 87:15 87:18 87:19 87:20 87:23 87:25 88:4 88:7 88:7 88:9 88:11 88:13 88:14 88:14 88:16 88:16 88:18 88:20 88:20 88:22 88:24 89:2 89:2 89:3 89:4 89:4 89:5 89:6 89:7 89:10 89:11 89:12 89:16 89:18 89:20 89:21 89:22 89:23 89:25 90:1 90:3 90:3 90:4 90:7 90:11 90:13 90:14 90:17 90:20 90:22 90:23 90:24 90:24 90:25 90:25 91:1 91:1 91:2

**the(301)** 91:3 91:6 91:9 91:11 91:12 91:13 91:15 91:16 91:17 91:18 91:20 91:21 91:21 91:22 91:24 91:24 91:25 92:1 92:3 92:6 92:7 92:8 92:10 92:11 92:12 92:16 92:17 92:18 92:19 92:21 92:24 92:24 93: 93:2 93:3 93:6 93:6 93:8 93:9 93:14 93:17 93:20 93:23 93:23 93:23 93:24 93:24 93:25 94:1 94:2 94:3 94:7 94:9 94:10 94:12 94:13 94:16 94:19 94:21 94:22 94:23 95:1 95:2 95:4 95:5 95:7 95:11 95:18 96:8 96:12 96:15 96:18 96:21 96:22 96:23 96:24 97:2 97:4 97:7 97:9 97:10 97:10 97:11 97:13 97:18 97:19 97:20 97:20 97:24 97:24 98:2 98:2 98:7 98:7 98:10 98:11 98:13 98:14 98:16 98:17 98:18 98:19 98:20 98:21 98:21 98:25 99:1 99:2 99:9 99:10 99:11 99:13 99:16 99:17 99:17 99:20 99:23 100:1 100:5 100:6 100:7 100:8 100:10 100:11 100:12 100:14 100:16 100:17 100:25 100:25 101:16 101:21 101:23 101:24 101:24 101:25 102:1 102:4 102:5 102:7 102:9 102:10 102:15 102:16 102:17 102: 102:24 102:24 103:1 103:1 103:2 103:6 103:7 103:9 103:10 103:14 103:16 103:16 103:21 103:25 104:3 104:4 104:6 104:8 104:9 104:10 104:10 104:11 104:12 104:1 104:15 104:22 105:2 105:3 105:6 105:7 105:10 105:11 105:13 105:15 105:16 105:18 105:20 105:21 105:22 105:22 105:24 106:3 106:8 106:10 106:11 106:13 106:14 106:22 107:3 107:7 107:11 107:13 107:15 107:17 107:17 107:21 108:2 108:6 108:8 108:9 108:12 108:16 108:18 108:19 108:20 108:22 109:2 109:3 109:11 109:11 109:13 109:13 109:16 109:18 109:18 109:22 109:22 110:3 110:7 110:7 110:8 110:9 110:15 110:19 110:19 110:21 110:22 110:22 110:24 110:24 110:25 111:4 111: 112:2 112:4 112:4 112:5 112:9 112:9 112:10 112:11 112:12 112:13 112:13 112:17 112:19 112:21 112:22 112:24 112:25 113:6 113:4 113:6 113:7 113:9 113:12 113:15 113:16 113:17 113:19 113:22 113:24 113:25 113:25 114:1 114:4 114:5 114:5 114:6 114:8 114:8 114:10 114:12 114:18 114:18 115:1 115:2 115:5 115:5 115:6 115:8 115:10 115:13 115:14 115:16 115:1 115:19 115:20 115:21 115:22

**the(137)** 115:24 116:2 116:2 116:3 116:3 116:3 116:7 116:9 116:10 116:14 116:15 116:16 116:17 116:17 116:20 116:21 116:23 116:23 116:24 116:24 116:25 117: 117:3 117:8 117:11 117:14 117:17 117:18 117:19 117:21 117:24 118:1 118:1 118:7 118:7 118:9 118:9 118:10 118:10 118:12 118:12 118:13 118:13 118:14 118:15 118:16 118:17 118:18 118:22 119: 119:3 119:5 119:6 119:8 119:9 119:10 119:10 119:15 119:16 119:16 119:19 119:19 119:20 119:22 119:25 120:1 120:3 120:3 120:3 120:4 120:6 120:6 120:7 120:8 120:10 120:11 120:13 120:14 120:1 120:17 120:18 120:20 120:22 120:23 120:23 120:23 120:25 121:4 121:6 121:9 121:12 121:12 121:13 121:13 121:19 121:22 121:22 121:25 122:4 122:7 122:8 122:11 122:16 122:18 122:21 122:21 122:22 123:1 123:2 123:4 123:6 123:6 123:7 123:9 123:10 123:12 123:13 123:14 123:16 123:17 123:18 123:19 123:20 123:22 123:25 124:1 124:1 124:2 124:2 124:3 124:6 124:10 124:13 124:14 124:14 124:15

**their(106)** 8:5 8:7 10:15 10:18 11:2 11:2 11:14 11:18 13:11 14:4 15:11 16:2 16:3 18:6 18:15 20:8 21:15 22:15 24:13 24:14 24:23 24:23 24:24 25:22 27:2 27:24 28:15 28:18 29:16 30:20 31:4 31:6 32:11 33:5 33:15 33:18 33:19 34:2 34:15 34:24 37:1 40:17 40:17 40:20 40:22 41:5 42:25 47:18 47:20 48:4 50:10 51:17 51:22 52:15 55:2 56:25 60:1 63:3 67:4 73:5 76:19 78:11 78:25 82:18 83:18 84:16 84:18 85:3 86:2 87:10 87:14 87:18 88:3 88:8 88:9 92:13 92:14 92:15 94:20 96:18 96:19 96:20 97:2 97:10 97:22 98:6 99:17 99:19 99:19 99:21 99:22 100:13 102:3 102:13 105:2 106:18 106:20 109:21 110:2 110:9 111:15 114:14 115:4 116:18 121:19 123:20

**theirs(1)** 102:3

**them(78)** 10:1 10:16 11:17 11:17 12:10 12:12 12:14 14:1 20:3 26:9 27:3 27:12 27:15 28:5 28:19 28:19 31:15 33:5 33:12 33:16 33:18 39:15 39:19 40:13 40:13 40:14 40:14 40:15 40:15 40:16 41:9 41:9 44:16 47:19 48:23 52:11 52:21 53:23 54: 61:11 62:6 63:3 64:1 64:5 64:6 64:11 76:20 85:23 86:19 95:4 95:19 98:22 102:12 103:24 103:25 104:17 104:17 104:20 109:25 110:16 111:17 112:22 114: 114:11 115:12 116:24 117:2 119:2 121:1 122:1 122:17

**themes(1)** 51:16

**themselves(6)** 8:14 10:4 10:7 97:23 107:4 110:13

**then(50)** 5:24 6:13 8:25 12:21 16:4 16:15 19:18 26:23 31:4 32:23 32:25 37:18 40:4 50:1 50:19 50:23 53:23 53:24 54:1 54:2 55:21 56:2 56:3 56:24 57:3 59:1 60:13 61:10 63:13 66:11 66:21 67:17 68:12 68:18 68:25 73:19 76:1 76:12 78:7 81:2 93:11 93:12 94:22 101:22 106:7 107:16 110:2 111:22 113:24 123:16

**theory(1)** 92:13

**there(120)** 6:1 7:12 9:12 11:4 13:25 14:21 15:15 16:18 18:4 19:17 24:21 25:9 25:12 25:19 25:22 25:23 26:15 28:12 28:16 29: 30:11 30:12 30:12 31:7 31:8 31:9 32:14 32:19 32:22 33:2 33:8 33:23 33:23 33:24 34:20 36:2 36:7 36:18 36:19 37:3 37:11 38:19 39:4 41:11 42:6 42:13 42:14 42:16 43:7 44:23 44:24 47:12 48:16 48:24 49:2 49:5 50:10 50:11 50:17 51:15 51:20 52:4 53:7 54:10 54:14 54:18 55:8 56:5 58:9 62:4 65:19 65:20 68:18 69:12 75:19 76:1 78:18 79:21 81:18 81:19 82:10 82:13 84:23 85:1 86:2 87:9 89:2 89:10 89:22 90:11 92:22 96:17 98:4 98:11 98:17 99:11 101:6 102:25 105:7 108:15 109:13 110:7 111:10 111:10 111:11 115:1 115:12 115:17 116:9 119:13 120:24 121:16 121:17

**thereafter(1)** 67:20

**therefore(7)** 33:6 75:22 76:7 77:25 84:8 91:4 116:22

**thereof(1)** 22:16

**there's(55)** 12:9 16:23 16:24 16:25 17:21 18:20 26:21 28:17 29:18 31:22 33:24 34:17 35:6 36:21 37:21 37:25 38:23 41:6 42:9 48:21 48:22 50:11 51:23 54:4 54:7 54:10 54:11 54:15 58:12 60:21 71:21 74:11 78:15 80:10 88:10 88:21 93:18 94:22 95:12 96:17 96:20 99:22 100:20 100:21 102:15 102:21 108:7 108:21 110:6 112:5 112:18 114:23 120:2 122:3 123:10

**these(74)** 10:10 16:9 16:18 24:13 24:22 27:6 33:11 33:23 36:24 37:4 45:1 45:9 45:10 45:12 46:15 47:17 48:5 49:7 49:13 53:23 54:1 55:1 59:19 60:25 61:3 61:18 61:23 75:7 82:11 82:24 83:15 83:18 85:12 86:3 86:25 87:17 87:13 88:23 89:1 89:13 89:18 89:20 89:21 89:24 93:4 93:20 95:24 97:7 97:16 97:25 100:13 103:9 106:15 107:3 108:10 108:19 109:12 109:19 109:24 110:11 110:23 111:3 111:3 111:8 111:9 112:15 112:20 114:2 114:19 114:21 115:19 117:17 121:2 123:5

**they(241)** 6:5 9:13 10:2 10:13 10:15 10:19 11:23 12:1 14:4 14:10 14:12 15:10 16:1 18:11 21:14 21:18 24:12 24:22 25:22 25:25 26:1 26:9 26:11 26:23 27:3 27:12 27:12 28:13 28:15 29:1 29:13 30:18 31:14 32:17 33:17 33:20 34:12 35:4 35:4 35:5 36:4 36:5 36:19 36:20 37:8 37:8 37:17 37:19 38:2 38:25 40:10 40:16 40:17 40:17 40:19 40:20 40:22 40:23 40:23 41:10 41:13 41:14 45:13 47:18 48:2 48:4 48:18 48:19 48:23 49:10 50:6 50:6 50:9 50:9 50:10 51:21 52:18 52:18 53:1 55:14 55:24 56:10 56:25 57:2 57:20 60:1 60:6 60:10 60:11 61:7 61:18 63:12 65:25 66:13 66:13 70:1 71:8 76:17 79:23 79:25 80:24 82:16 83:13 83:13 83:14 83:17 83:18 83:24 84:1 84:2 84:3 84:7 84:7 84:8 84:14 85:10 86:7 86:13 86:20 87:11 87:11 87:13 87:14 87:18 87:19 87:20 87:25 88:2 88:3 88:5 88:19 88:20 93:6 93:9 93:11 93:12 93:21 95:8 95:9 95:20 95:20 96:25 97:1 97:14 97:14 97:15 97:17 97:17 97:19 97:21 97:23 97:23 97:24 98:1 98:5 98:13 98:14 98:15 99:23 100:4 100:5 100:9 100:12 100:15 100:16 100:17 100:19 100:21 100:23 101:11 101:25 102:3 102:3 102:12 102:14 103:10 103:17 103:25 104:1 104:3 104:4 104:18 104:21 104:23 106:18 106:18 106:19 106:20 106:21 106:25 107:4 107:5 107:5 107:15 108:9 108:24 108:24 109:17 109:19 109:21 109:22 109:25 110:2 110:19 110:20 110:24 111:4 111:6 113:19 113:21 113:22 113:23 113:23 114:1 114:3 114:3 114:7 114:8 114:9 114:10 114:10 114:11 114:19 114:22 114:22 115:4 115:5 115:8 115:9 115:15 115:14 115:15 116:12 118:8 121:11 123:18

**they'd(4)** 6:12 93:18 93:19 102:14

**they'll(2)** 93:12 115:4

**they're(51)** 7:25 8:3 10:2 15:11 15:18 15:25 18:17 21:18 24:16 24:17 25:21 25:21 25:24 30:25 35:2 38:1 39:8 39:12 40:21 40:24 49:12 52:16 57:9 57:13 59:10 59:11 60:14 61:5 61:6 62:5 62:7 63:2 68:5 77:4 84:21 86:23 96:17 98:3 98:22 100:3 104:22 111:1 114:7 114:7 115:3 115:13 116:14 117:17 122:18 122:25

**they've(15)** 33:18 52:25 82:17 82:18 86:22 94:17 97:16 104:7 104:18 106:24 108:10 110:2 110:14 110:20 115:9

**thing(8)** 14:1 16:11 44:18 44:20 60:21 104:13 107:11 107:11

**things(31)** 10:1 10:4 12:24 13:2 14:7 14:19 17:25 18:11 27:23 29:8 32:16 33:9 34:12 34:20 40:9 40:17 41:10 43:8 44:18 48:18 49:7 57:22 61:18 68:16 69:25 98:2 106:1 106:6 108:10 109:7 114:10

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**think**(134) 6:6 7:12 9:11 13:18 19:14 19:16 23:6 24:15 25:10 25:15 26:7 26:17 27:10 27:23 27:25 28:6 28:25 28:25 29:4 29:7 29:9 29:10 29:14 29:14 29:18 29:18 29:21 29:24 30:9 30:20 30:22 31:3 31:5 31:8 31:12 31:16 31:20 32:9 34:20 35:13 35:14 35:15 38:19 38:22 38:25 39:23 39:24 39:25 40:2 40:4 40:8 41:6 41:11 41:21 42:3 42:21 42:23 43:4 43:5 43:16 46:12 46:23 47:16 48:15 48:22 49:9 49:12 50:24 51:4 53:15 53:20 54:23 56:18 56:20 57:15 58:8 58:11 58:18 58:24 59:1 59:19 60:9 61:19 63:6 63:10 63:17 64:1 64:8 64:16 65:18 66:4 66:7 66:23 67:6 69:12 71:16 71:22 72:14 73:14 74:11 78:16 79:4 79:16 82:20 86:8 89:2 92:4 94:25 95:17 101:17 102:5 107:24 109:20 109:24 112:14 113:15 116:7 116:11 117:9 117:14 117:22 118:6 118:11 118:13 118:22 119:3 120:14 121:19 122:10 122:17 123:2 123:4 124:1

**thinking**(2) 15:25 19:25
**thinks**(1) 79:17
**third**(9) 22:15 31:17 33:3 59:6 81:11 92:1 92:8 101:8 103:2

**this**(212) 5:10 5:13 7:2 7:5 7:17 8:3 10:20 11:3 11:24 12:2 13:12 13:13 13:14 13:16 13:20 13:23 14:1 15:4 16:14 16:15 16:21 16:22 17:6 18:7 18:21 18:22 19:2 19:10 19:12 19:13 20:17 21:16 21:20 22:7 23:25 24:20 25:18 25:25 26:9 26:22 27:13 27:18 29:10 29:14 30:10 30:16 31:16 31:25 32:9 32:9 32:18 33:7 33:10 33:22 33:24 33:25 34:14 34:18 35:1 35:3 35:9 35:14 36:1 36:2 36:4 37:8 37:14 37:21 38:2 39:17 40:24 41:11 41:16 41:17 42:4 42:8 42:9 42:12 42:24 43:4 43:9 43:12 43:13 43:14 44:19 46:6 46:8 48:7 48:22 48:24 48:25 49:8 49:9 50:7 52:10 52:13 53:10 53:12 53:13 53:13 54:9 55:3 55:18 57:5 57:5 59:7 59:7 59:15 59:22 60:21 60:25 61:9 63:9 63:16 65:19 67:22 68:13 70:12 71:9 72:6 73:11 73:15 74:12 75:1 75:11 75:15 75:19 76:22 77:2 77:7 77:9 79:11 80:25 81:16 82:9 83:6 83:22 83:24 84:3 84:11 85:2 86:12 89:7 89:19 90:1 91:4 91:18 92:24 93:9 93:19 94:1 94:8 95:2 95:10 95:15 96:14 96:24 97:2 98:5 98:17 99:3 99:5 100:8 101:9 102:15 103:5 103:5 104:4 104:4 104:12 104:4 105:5 105:16 107:9 107:13 107:15 107:25 107:25 108:2 109:2 109:6 109:14 110:20 111:6 111:13 111:20 112:15 112:16 112:2 112:22 112:25 114:18 114:24 115:2 115:13 115:23 115:25 116:13 117:1 117:2 118:2 118:3 118:23 118:25 119:3 119:7 119:7 120:14 121:22

**thomas**(2) 2:51 69:6
**those**(90) 8:22 9:22 10:13 11:7 11:8 12:1 12:2 12:3 12:4 12:8 13:5 14:13 19:8 21:16 23:4 23:25 28:6 28:7 29:4 29:9 29:22 29:25 30:22 31:1 31:2 33:4 33:8 39:14 47:16 49:11 53:1 55:22 56:1 56:2 56:6 56:7 56:13 57:12 60:4 60:8 61:14 62:12 62:18 63:1 66:1 66:1 67:6 67:2 69:22 70:15 70:18 72:21 74:1 74:20 74:25 78:8 79:17 80:12 81:20 82:8 82:15 82:19 83:11 86:15 86:22 86:25 87:13 87:17 87:20 88:4 88:8 89:3 92:10 92:13 93:7 97:6 98:2 100:24 106:1 106:6 108:20 109:7 111:19 114:10 114:20 116:1 116:25 117:1 118:16 122:25

**though**(5) 14:15 24:14 26:24 90:20 97:22
**thought**(9) 7:13 10:16 11:23 13:13 15:15 19:2 27:16 59:16 60:9

**thousands**(1) 99:3

**threatened**(1) 86:23
**three**(8) 6:19 18:13 22:20 34:2 69:13 74:14 83:15 109:7

**threshold**(6) 99:17 99:18 100:2 100:3 100:8 101:19

**through**(32) 11:5 13:17 14:1 14:13 14:16 15:4 16:15 16:16 17:1 17:1 24:18 25:5 26:21 34:14 36:23 43:10 48:13 53:2 56:11 56:22 55:5 55:17 59:15 59:19 60:23 61:8 68:5 68:19 75:1 86:8 108:11 109:12

**thrust**(1) 83:23
**ticked**(1) 91:12
**tie**(1) 34:6
**tight**(2) 58:3 58:5
**time**(50) 8:2 9:11 13:22 16:13 18:2 18:22 21:11 24:3 24:7 24:22 25:6 29:1 39:23 40:7 41:3 41:24 41:25 42:2 42:15 42:20 44:18 45:4 47:20 48:13 49:16 51:16 52:4 52:5 52:20 56:24 59:17 61:9 66:17 66:17 72:6 79:17 87:5 88:22 89:10 89:18 92:9 101:9 104:20 110:12 112:21 117:22 119:13 121:13 123:7

**time-barred**(1) 88:8
**times**(2) 26:25 58:10
**timing**(5) 43:7 44:8 44:10 56:21 120:3
**today**(15) 13:4 16:7 20:20 70:11 74:9 79:21 81:4 92:20 96:13 98:19 109:25 111:13 112:17 113:15 113:19

**today's**(1) 78:17
**together**(2) 17:16 63:1
**togut**(1) 4:9
**told**(4) 10:12 10:12 51:24 65:15
**toll**(1) 27:19
**tomorrow**(1) 54:9
**too**(13) 36:6 36:9 36:13 38:18 51:21 67:20 68:1 99:18 100:13 100:16 100:16 102:11 102:14
**took**(2) 48:13 97:7
**top**(21) 74:15 74:17 75:2 75:4 75:10 75:21 76:1 77:10 77:25 83:7 84:5 90:19 98:5 98:11 98:25 99:1 114:25 115:20 115:23 116:22 117:6
**topic**(1) 88:23
**total**(2) 100:1 100:1
**totally**(1) 18:16
**totals**(2) 6:6 6:8
**touch**(1) 51:12
**touched**(1) 64:12
**tough**(2) 58:14 58:16
**towards**(3) 16:22 19:23 57:6
**tpa**(1) 88:4
**traceable**(1) 98:15
**track**(1) 112:9
**tracked**(1) 96:6
**trade-off**(3) 93:18 93:25 94:23
**transcriber**(1) 124:18
**transcript**(4) 1:17 1:47 70:13 124:14
**transcription**(2) 1:40 1:47
**travel**(3) 95:14 118:21 121:13
**treasuries**(1) 96:5
**treated**(1) 104:19
**tremendous**(1) 18:20
**trend**(1) 13:21
**trial**(5) 16:22 16:24 21:22 43:5 57:17
**trial's**(1) 54:9
**tried**(7) 28:23 33:20 39:3 39:25 41:24 84:9 105:9

**tries**(1) 101:10
**troubles**(1) 59:12
**troubling**(1) 15:3

**true**(10) 24:11 24:13 33:15 41:6 87:21 95:4 101:3 101:3 101:13 103:14

**trued**(1) 6:8
**trust**(41) 3:46 39:7 46:8 74:1 74:4 74:20 74:22 76:3 76:3 76:5 76:20 77:1 78:3 78:6 79:1 84:12 84:15 84:18 94:7 94:7 94:9 94:25 95:2 95:5 95:8 95:11 95:14 96:19 96:21 97:3 97:8 98:2 98:13 99:10 104:14 110:25 116:1 116:2 116:13 116:23 117:1
**trustee**(1) 3:25
**trust's**(1) 74:3
**try**(14) 18:8 24:9 24:10 25:8 27:14 34:16 43:2 48:14 61:19 95:6 97:25 102:3 103:2 104:25
**trying**(34) 14:17 16:7 17:24 18:5 19:23 21:22 23:8 25:17 26:10 29:16 30:9 31:5 32:19 35:15 37:1 37:12 38:22 41:18 43:5 43:10 43:16 47:1 53:3 55:9 84:17 84:21 85:2 92:6 92:12 111:2 111:14 111:17 111:17 116:14

**tunnell**(2) 1:22 5:12
**turn**(3) 6:20 32:18 33:10
**turnaround**(1) 26:21
**turned**(2) 36:17 74:2
**turnover**(23) 73:16 73:18 73:22 73:25 74:13 74:21 75:16 75:20 76:10 76:14 76:15 76:18 76:25 77:7 77:8 77:17 79:7 80:12 83:11 84:16 84:21 86:10 86:24

**tweed**(1) 2:49
**two**(19) 6:1 6:14 12:22 14:9 14:15 18:14 22:14 34:2 39:22 55:24 57:3 62:17 75:5 75:23 77:12 103:19 107:12 108:20 111:24

**two-fold**(1) 54:3
**tyler**(1) 3:34
**type**(3) 26:1 70:23 75:4
**types**(4) 22:11 26:15 27:7 114:20
**typical**(1) 106:20
**typicality**(1) 83:17
**u.s.**(8) 7:2 22:20 22:25 23:2 74:1 74:5 91:21 100:23

**ultimate**(2) 85:15 114:18
**ultimately**(3) 8:25 19:21 122:25
**umbrella**(1) 70:15
**unable**(2) 45:13 45:21
**unaware**(1) 20:23
**uncommon**(1) 111:20
**uncontroversial**(1) 92:9
**under**(32) 6:16 14:25 22:8 22:19 23:4 24:13 26:14 29:21 30:19 31:16 32:25 40:21 48:12 56:12 61:25 62:1 70:15 72:22 74:15 76:1 76:4 77:16 78:9 79:17 83:25 83:16 92:2 92:25 94:8 94:18 95:7 123:5

**underpinnings**(1) 87:2
**understand**(21) 15:9 25:23 27:11 30:11 31:7 36:21 36:22 37:19 37:23 41:2 42:8 42:14 49:10 52:10 58:18 59:14 59:24 61:5 62:7 83:23 110:7

**understandable**(2) 18:17 101:19
**understanding**(6) 52:21 54:14 56:6 90:17 95:17 121:13

**understood**(3) 11:19 11:22 63:4
**undue**(2) 61:1 82:2
**unduly**(1) 39:21
**unemployed**(1) 46:19
**unfair**(3) 29:19 35:24 109:24
**unfettered**(6) 33:12 39:1 39:5 40:1 43:18 47:21

**unfortunate**(2) 97:4 97:5
**unfortunately**(4) 40:9 43:18 108:4 108:5
**unfunded**(4) 75:5 94:2 96:18 115:1

**unisys**(1) 31:17
**united**(2) 1:1 1:19
**universe**(1) 56:4
**unknown**(1) 98:9
**unless**(4) 27:10 30:25 31:13 79:17
**unpeeling**(1) 16:23
**unraveling**(1) 18:1
**unreasonably**(1) 82:4
**unsecured**(11) 53:12 84:19 97:1 97:10 97:22 98:13 98:16 99:8 103:15 104:13 109:17
**until**(9) 16:24 22:20 33:6 40:23 72:9 93:10 113:1 113:4 113:5

**untrue**(1) 95:3
**unwind**(1) 104:25
**updated**(1) 64:14
**upon**(1) 71:14
**upper**(1) 104:5
**ups**(1) 45:7
**upset**(1) 70:22
**use**(1) 101:25
**used**(4) 58:10 64:12 75:3 118:3
**useful**(2) 92:19 95:17
**using**(1) 25:16
**value**(2) 97:11 104:20
**valve**(1) 27:4
**various**(2) 118:17 121:22
**vent**(1) 89:9
**verbiage**(1) 44:9
**version**(1) 64:15
**very**(41) 6:9 6:23 17:15 18:4 25:4 28:19 31:20 34:3 34:4 44:2 45:25 46:5 55:25 55:25 56:1 57:14 57:20 62:20 65:8 69:18 69:24 70:2 70:9 72:4 73:21 80:12 86:13 90:20 96:18 99:21 108:19 111:25 112:3 117:13 117:18 118:8 119:4 119:4 123:19 123:22 124:1

**vetted**(1) 14:25
**vetting**(2) 10:20 14:1
**via**(1) 25:11
**video**(3) 118:21 121:6 121:8
**videos**(1) 120:21
**viewed**(1) 9:18
**vigorously**(1) 116:4
**violated**(2) 49:6 101:12
**violating**(1) 23:3
**violation**(2) 78:11 78:11
**virginia**(1) 122:14
**virtue**(3) 85:2 86:9 86:23
**w-2s**(1) 12:16
**wait**(1) 105:4
**waive**(1) 13:9
**walk**(1) 65:16
**walking**(1) 25:4
**walls**(1) 17:22
**walrath**(2) 98:6 98:12
**walrath's**(1) 115:20
**want**(54) 8:1 13:10 17:18 18:12 18:19 19:4 25:1 29:12 31:7 32:18 33:10 37:14 40:7 44:15 46:8 50:18 54:8 58:20 59:1 60:16 65:25 68:17 72:1 79:8 81:6 86:7 87:11 87:15 87:20 87:25 88:5 88:20 95:23 96:1 96:3 97:23 97:24 101:20 103:2 106:16 106:17 107:14 109:22 110:7 112:9 114:8 114:10 114:17 114:22 115:5 115:14 121:17 122:6

**wanted**(7) 9:13 14:10 27:3 51:12 53:14 56:20 104:4

**wants**(2) 48:16 70:23
**warrant**(1) 72:23
**warren**(1) 122:12

| Word | Page:Line |
|---|---|
| **was**(117) 6:6  6:7  6:14  6:15  7:21  8:18  10:10  10:20  12:2  16:14  20:5  21:24  22:6  22:7  22:23  25:15  27:14  27:16  28:21  28:25  29:14  34:6  34:14  38:17  38:19  41:1  44:24  45:12  45:13  48:7  49:23  49:24  52:7  52:17  52:23  52:24  54:14  55:13  59:1  60:10  65:15  67:16  69:15  73:16  73:16  73:23  74:14  74:22  75:19  76:11  77:16  79:21  80:8  80:23  82:10  82:16  85:16  85:18  85:11  85:21  85:23  86:11  88:3  90:6  98:5  98:8  98:11  98:12  98:25  99:1  99:2  99:4  99:4  99:5  99:12  99:17  99:18  99:23  100:8  100:11  100:13  100:16  100:25  101:1  101:6  102:8  102:10  102:19  102:21  102:23  102:25  102:25  103:6  103:11  104:15  105:8  105:23  106:10  106:23  107:10  108:3  109:2  114:14  114:15  115:12  115:22  115:23  115:24  116:22  117:6  118:3  118:4  118:5  122:4  124:10 | |
| **washington**(4) 98:9  98:10  115:21  117:19 | |
| **wasn't**(7) 16:13  37:11  45:11  52:17  100:5  100:22  102:19 | |
| **waste**(1) 87:5 | |
| **water**(1) 37:21 | |
| **wave**(1) 16:15 | |
| **way**(35) 16:16  17:18  18:9  21:16  23:11  27:25  35:22  42:10  43:7  47:12  47:15  47:15  47:18  49:9  50:3  50:13  52:12  54:8  55:9  57:9  85:25  87:6  91:18  93:25  94:2  96:2  97:25  98:17  101:12  104:3  104:19  108:11  108:13  111:4  112:11 | |
| **ways**(3) 14:21  40:17  51:21 | |
| **web**(1) 25:12 | |
| **webb**(1) 3:34 | |
| **website**(11) 23:6  26:21  27:15  50:7  53:24  55:21  56:3  56:6  56:8  63:23  63:25 | |
| **wednesday**(1) 5:1 | |
| **week**(6) 11:13  11:20  12:12  14:5  57:3  57:3 | |
| **weekend**(1) 57:2 | |
| **weeks**(1) 111:24 | |
| **weigh**(1) 39:24 | |
| **welcome**(1) 69:7 | |
| **well**(68) 6:9  8:24  11:13  12:8  13:2  20:25  21:20  24:10  31:9  31:12  35:6  36:6  36:8  36:18  37:12  38:3  44:2  44:10  46:10  46:17  46:22  50:4  50:23  51:12  53:21  55:18  56:18  57:18  60:6  60:9  65:8  65:15  66:19  67:7  68:6  68:15  68:20  69:24  71:9  72:4  73:21  77:6  82:13  83:5  84:13  87:17  87:22  97:25  101:21  103:12  103:14  104:14  105:4  105:11  105:24  108:24  109:9  110:4  111:6  112:3  112:9  114:11  114:23  118:9  119:2  123:4  123:22  124:1 | |
| **went**(6) 8:24  38:17  44:25  47:22  86:8 | |
| **were**(94) 9:2  9:8  9:9  9:12  9:16  10:12  10:14  10:16  11:8  11:19  11:23  12:8  14:5  14:12  14:12  21:22  26:9  26:11  26:15  29:2  29:2  31:14  32:22  33:22  36:16  36:18  36:19  45:22  48:19  53:1  53:13  54:22  56:5  59:25  64:10  64:11  70:10  70:25  71:4  73:24  74:1  74:5  75:20  76:12  76:16  76:17  77:2  78:9  79:22  80:15  80:16  80:19  80:22  81:1  81:2  81:19  82:13  82:14  82:15  82:17  82:21  84:4  85:5  85:12  86:13  88:8  89:13  90:3  94:1  94:11  94:11  95:18  97:3  98:5  98:14  99:16  100:2  100:4  100:4  100:22  101:3  101:4  102:11  103:3  103:4  103:4  103:25  107:6  107:18  107:18  107:19  108:21  115:6  116:1 | |
| **weren't**(8) 8:24  13:1  37:8  97:17  99:16  107:20  107:21  109:12 | |
| **west**(1) 2:36 | |
| **we'd**(3) 80:4  110:10  112:22 | |

| Word | Page:Line |
|---|---|
| **we'll**(29) 9:15  14:2  14:13  15:22  16:11  16:15  48:20  48:21  53:22  53:24  53:25  53:25  54:2  65:3  68:24  68:25  69:23  70:1  72:5  88:22  101:3  111:15  119:18  119:24  121:17  123:16  123:20  123:21  124:8 | |
| **we're**(102) 7:5  8:10  13:21  14:14  15:5  15:17  16:7  17:6  17:10  17:14  17:15  17:16  18:9  18:19  19:1  19:23  20:3  20:5  20:11  25:6  27:9  28:3  32:19  33:7  36:25  37:12  37:19  38:1  39:16  40:5  41:18  42:25  43:10  45:4  45:20  45:25  46:2  46:6  48:22  50:5  51:19  51:25  52:2  52:12  53:3  53:15  53:17  55:7  55:9  56:20  57:10  57:11  57:12  59:9  61:11  63:1  65:18  68:18  70:17  70:19  71:16  72:14  77:23  78:2  78:12  78:1  79:20  81:4  81:15  94:12  96:2  96:4  96:13  98:19  104:5  107:3  108:7  108:12  108:25  109:4  109:6  109:9  109:9  110:12  111:2  111:4  111:16  111:17  112:12  112:18  113:2  119:1  123:20 | |
| **we've**(37) 12:13  12:20  12:21  15:4  15:9  16:18  20:8  25:15  26:12  27:4  28:6  29:20  32:6  34:9  34:11  34:23  37:9  41:23  42:24  48:24  49:5  51:18  51:19  57:11  60:23  60:24  64:1  71:5  71:8  75:1  81:25  82:7  84:9  86:18  91:2  111:12  117:22 | |
| **what**(118) 7:14  8:8  21:1  21:11  21:21  22:24  24:20  27:3  27:13  31:10  33:17  33:17  34:3  34:18  35:18  35:19  35:25  36:1  36:5  36:21  36:25  37:12  37:22  38:19  39:4  39:16  39:20  40:20  40:21  40:24  41:4  41:13  41:14  41:15  42:21  45:15  45:17  47:16  49:9  49:11  50:3  50:6  50:9  51:18  51:19  52:25  57:1  57:11  58:7  58:23  59:12  63:8  63:9  63:14  63:15  64:15  66:12  67:25  75:2  77:23  78:11  80:3  81:10  82:14  84:11  84:15  85:18  85:18  86:14  86:19  89:24  92:11  92:20  95:5  96:1  97:12  97:13  97:14  97:15  97:23  98:19  98:20  99:11  101:8  101:13  101:22  101:24  102:1  102:24  104:10  106:10  107:16  107:1  107:17  107:17  108:6  108:8  108:9  109:1  109:16  109:16  109:25  110:25  111:1  112:1  113:16  114:3  114:6  114:7  114:8  114:13  114:16  114:17  118:3  119:13  121:11  122:2 | |
| **whatever**(9) 26:12  35:5  37:6  37:9  62:3  62:3  63:25  65:22  92:3 | |
| **what's**(13) 7:14  20:2  24:21  58:24  63:18  94:6  95:18  105:19  107:21  108:2  108:6  120:3  123:3 | |
| **wheel**(1) 15:8 | |
| **when**(22) 9:18  25:12  25:25  26:9  28:24  36:21  37:17  39:17  41:18  45:3  46:14  52:6  54:12  64:11  65:15  82:4  89:12  93:11  109:10  114:21  117:24  119:24 | |
| **where**(16) 24:22  29:15  35:14  37:20  41:21  42:9  58:12  81:16  84:14  89:10  101:11  101:17  111:17  118:17  118:25  121:10 | |
| **whereupon**(1) 124:10 | |
| **whether**(37) 8:6  8:20  18:12  37:10  38:23  45:10  45:18  48:18  49:17  55:22  59:14  77:9  79:10  83:7  83:25  84:23  85:6  85:11  85:16  85:23  87:15  87:20  87:25  88:4  88:6  88:8  88:9  88:13  90:5  92:2  107:18  107:18  107:19  113:17  114:15  116:8  117:15 | |

| Word | Page:Line |
|---|---|
| **which**(45) 6:14  6:19  11:3  15:18  15:22  17:2  17:17  18:24  20:4  20:5  21:21  24:14  24:15  28:12  29:5  29:20  31:6  35:7  39:16  39:17  40:24  47:5  51:19  54:8  57:8  58:23  73:15  73:16  74:6  76:24  80:4  80:9  83:11  87:6  92:16  96:5  101:15  103:11  105:6  109:17  112:3  113:17  113:25  115:22  120:4 | |
| **while**(10) 10:17  14:5  18:18  27:11  41:2  52:12  54:23  69:16  87:17  96:13 | |
| **who**(53) 9:12  9:19  20:17  25:13  25:20  28:7  28:8  29:3  29:16  35:20  36:2  42:23  43:7  43:13  45:22  45:22  47:13  57:25  58:6  58:11  64:5  70:11  70:12  70:14  70:14  72:19  78:17  79:1  79:23  80:13  84:4  84:11  85:21  93:7  96:23  98:21  99:16  100:20  100:22  101:4  101:20  104:6  104:8  104:10  105:2  105:25  105:25  106:16  106:20  106:22  109:23  110:13  110:22 | |
| **whoever**(1) 29:23 | |
| **whole**(5) 32:16  61:1  100:12  104:17  108:22 | |
| **whom**(3) 27:18  27:18  83:1 | |
| **whose**(1) 100:1 | |
| **who'd**(1) 43:14 | |
| **who's**(1) 6:10 | |
| **why**(22) 20:25  25:3  25:23  28:20  33:7  33:14  39:24  43:8  43:13  45:13  55:18  59:3  80:10  81:4  87:7  87:19  101:7  101:19  113:23  114:2  114:11  123:10 | |
| **wide**(2) 37:15  68:22 | |
| **wider**(1) 34:16 | |
| **will**(70) 6:20  14:2  15:6  15:6  15:23  20:24  22:11  24:15  24:19  24:21  25:19  28:1  28:1  29:17  31:23  40:6  42:4  42:6  42:6  42:12  42:14  46:24  52:22  55:4  55:5  55:20  55:21  60:4  60:5  60:7  60:10  60:18  60:25  61:2  61:19  65:19  65:20  65:21  66:2  67:21  69:25  71:13  71:21  72:2  73:14  89:12  93:2  93:22  97:13  103:11  103:14  103:16  103:11  111:15  115:16  115:18  118:22  119:7  119:12  119:19  119:19  121:22  123:19  124:3 | |
| **willing**(6) 11:8  20:5  53:17  73:13  118:21  123:14 | |
| **willingness**(2) 16:17  118:18 | |
| **willkie**(1) 3:46 | |
| **wilmington**(11) 1:12  1:26  2:16  2:24  2:30  2:37  2:45  3:10  3:22  3:29  5:1 | |
| **wilson**(2) 4:25  4:25 | |
| **wind-down**(1) 8:17 | |
| **windfall**(3) 105:1  105:24  108:1 | |
| **window**(1) 55:25 | |
| **winds**(2) 57:10  59:7 | |
| **wish**(1) 13:15 | |

| Word | Page:Line |
|---|---|
| **with**(141) 6:13  6:14  8:8  9:10  9:15  10:9  10:11  10:14  10:21  11:5  11:8  12:1  13:5  13:8  13:14  13:14  13:25  14:6  14:16  14:17  14:22  15:1  15:17  15:20  15:21  15:25  17:3  17:9  17:11  17:12  17:16  17:24  18:21  21:19  22:13  24:14  25:17  25:18  26:4  26:6  26:16  26:19  27:15  27:25  28:3  28:3  28:4  28:15  28:24  29:4  29:13  29:22  31:4  32:5  33:17  33:35  34:12  35:2  35:2  36:1  36:5  37:15  39:1  39:22  41:8  41:16  42:19  42:22  45:4  45:12  46:2  46:8  46:13  47:14  48:12  48:20  49:19  49:24  50:5  50:12  50:23  50:24  52:15  52:23  53:17  53:20  57:9  57:25  61:20  63:24  65:19  66:20  68:3  70:17  70:19  70:20  71:5  71:13  73:22  76:14  76:24  77:5  79:2  79:7  79:25  80:17  80:21  80:22  81:1  81:2  81:13  82:23  86:4  86:6  86:7  86:23  87:12  88:14  88:24  89:1  89:19  90:12  91:2  92:7  97:21  98:4  98:16  99:3  99:10  101:15  102:17  104:20  105:11  105:21  107:11  107:11  107:17  109:15  109:23  110:17  121:3 | |
| **withdraw**(1) 93:11 | |
| **withdrawn**(1) 88:16 | |
| **within**(6) 35:3  47:12  47:22  87:3  89:22  111:23 | |
| **without**(8) 8:11  27:3  46:16  51:3  55:16  59:24  116:5  121:2 | |
| **won**(1) 118:6 | |
| **won't**(3) 26:6  57:17  103:12 | |
| **word**(5) 12:14  51:22  58:10  63:3  63:14 | |
| **words**(3) 56:4  84:1  117:3 | |
| **work**(22) 10:9  14:13  16:5  16:16  31:4  34:9  37:9  40:2  43:10  50:11  53:25  54:6  55:18  63:7  66:19  68:18  106:3  109:3  111:15  113:20  118:3  123:3 | |
| **workable**(3) 41:21  56:17  111:15 | |
| **worked**(5) 11:5  37:20  59:15  61:8  108:3 | |
| **working**(7) 16:22  27:15  47:14  57:6  59:19  60:22  122:24 | |
| **workings**(1) 109:13 | |
| **works**(3) 64:5  92:23  110:8 | |
| **worried**(1) 104:5 | |
| **would**(112) 7:13  8:1  8:14  10:8  11:2  11:4  11:16  15:1  15:2  15:7  15:25  16:19  18:11  19:7  19:10  19:14  19:21  20:12  20:16  20:23  21:1  23:3  23:5  23:5  23:19  24:2  26:13  26:17  27:16  27:17  31:7  31:18  31:19  31:25  32:19  32:23  33:4  33:9  33:25  43:15  44:9  44:18  47:24  49:15  52:14  52:19  52:20  54:11  54:24  56:3  56:4  57:8  61:1  61:17  62:18  63:6  63:18  64:8  66:21  67:7  68:9  68:10  68:15  69:17  69:20  69:23  73:8  73:9  73:12  75:11  78:24  79:11  79:17  81:20  82:24  86:2  88:4  88:25  89:2  89:4  89:13  89:17  89:17  89:18  90:15  90:19  90:22  92:19  94:25  95:6  97:1  97:9  98:9  99:10  102:12  103:11  105:23  106:6  107:6  109:3  111:25  112:7  114:5  117:5  117:23  118:20  120:9  121:2  121:9  122:22  123:6  123:15 | |
| **wouldn't**(8) 11:24  33:23  33:24  54:8  55:18  85:24  90:4  104:15 | |
| **wrapped**(1) 114:23 | |
| **write**(1) 117:23 | |
| **written**(3) 9:14  29:3  57:8 | |
| **wrong**(2) 92:16  103:25 | |
| **www.diazdata.com**(1) 1:44 | |
| **year**(16) 8:19  9:3  16:19  16:20  43:5  43:15  51:18  52:8  52:13  73:23  75:19  78:17  85:21  86:12  96:25  108:24 | |
| **year-end**(1) 9:2 | |
| **year-long**(1) 26:1 | |

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| **years**(8) 18:14  18:14  40:21  97:17  97:19 99:25  104:21  104:23 | | **your**(127) 5:6  5:10  5:17  5:24  6:13  6:25 7:2  12:10  13:4  15:24  16:12  17:7  19:7 19:20  19:21  19:25  20:2  20:16  20:19  20:21 21:3  23:19  23:20  24:5  24:6  24:7  24:9 24:16  26:12  27:9  28:7  28:11  29:8  30:1 30:8  31:24  32:8  35:19  36:8  36:14  36:15 37:7  38:4  38:6  38:15  38:18  39:23  41:23 42:3  43:15  43:20  43:25  44:24  45:23  46:2 46:21  46:22  46:22  47:6  48:25  49:14  56:18 60:9  60:24  61:17  62:19  63:7  64:2  64:9 64:20  66:25  68:6  69:2  69:5  70:4  70:5 70:9  72:1  73:8  73:12  75:13  76:15  79:10 82:3  84:9  85:14  89:5  90:8  91:10  91:14 92:18  93:1  93:5  94:12  94:24  95:21  96:13 96:21  98:18  99:20  102:1  102:4  103:12 105:3  106:10  107:23  108:15  109:3  109:10 109:10  111:18  111:24  113:11  113:14 116:11  117:10  117:13  117:14  117:18 119:21  120:12  120:21  121:15  123:9  123:23 123:24  124:5 |
| **yes**(88) 5:8  5:15  6:2  6:18  7:9  7:24  17:14 20:17  20:18  21:2  21:4  21:7  22:5  27:20 30:7  32:16  32:21  36:10  36:11  36:11  37:16 38:21  43:21  43:24  47:9  51:1  51:8  51:10 52:7  61:15  61:22  62:21  63:8  63:8  64:19 64:23  64:25  65:2  65:14  65:23  66:4  66:6 67:5  67:5  67:23  68:8  68:11  69:9  69:11 69:15  70:6  70:8  71:22  71:24  71:25  72:18 73:7  74:8  75:17  77:15  77:21  78:22  81:5 86:17  89:16  90:17  91:11  91:13  91:20 93:17  94:16  103:21  108:16  112:2  119:22 120:1  120:8  120:11  120:12  120:13  120:20 120:25  122:6  122:8  122:8  122:9  122:12 122:20 | | |
| **yet**(6) 21:17  26:4  28:10  42:25  109:18 111:13 | | |
| **york**(4) 1:35  2:9  2:53  118:19 | | |
| **you**(276) 5:3  5:4  5:7  5:19  5:20  5:23  6:9 6:9  6:13  6:21  6:22  6:23  7:4  7:4  7:5  8:1 9:8  9:15  9:20  10:4  10:17  11:3  12:1  12:8 12:23  12:25  13:9  13:15  14:24  16:7  16:7 17:14  17:19  18:2  18:14  19:4  19:5  19:15 19:15  20:14  20:24  20:25  21:1  21:25  22:2 22:3  22:5  22:6  24:8  24:8  25:10  25:19 25:24  26:24  28:9  28:10  28:17  30:1  30:2 30:14  31:24  32:3  32:23  32:25  33:15  34:5 35:13  35:16  36:3  36:6  36:10  37:4  37:7 37:23  38:5  38:6  38:7  38:8  38:15  38:17 38:20  39:2  39:13  39:22  41:4  41:13  41:15 41:23  41:24  42:4  42:6  42:23  42:24  43:8 43:10  43:19  43:25  44:2  44:25  45:1  45:3 45:7  45:8  45:11  45:15  46:1  46:14  46:20 47:5  48:10  48:21  49:2  50:24  52:9  53:7 53:8  53:22  55:16  55:24  57:9  57:12  57:12 57:18  58:5  58:13  58:14  58:20  58:22  58:23 59:12  60:4  60:6  60:7  61:15  63:1  63:19 64:20  64:22  65:7  65:15  65:16  66:16  66:25 67:21  68:13  68:20  68:21  68:24  69:2  69:23 70:2  70:3  71:11  71:22  72:1  72:5  72:7 72:7  72:10  72:13  73:7  73:13  85:17  86:13 86:14  86:15  87:13  90:1  90:10  90:15  90:18 91:6  91:8  91:9  91:14  94:24  96:4  97:12 98:12  98:15  98:15  100:3  100:16  100:17 100:20  101:8  101:14  101:16  101:17  101:25 101:22  101:23  101:23  101:24  101:25 102:24  103:2  103:3  103:3  103:4  103:4 103:4  103:5  103:7  103:7  103:22  105:1 106:3  106:4  106:5  106:22  107:2  107:16 107:18  107:18  107:19  107:20  107:20 107:21  107:22  107:24  107:24  107:24  108:1 108:2  108:4  108:6  108:6  108:23  110:16 111:14  111:19  112:16  112:19  113:9  113:11 113:12  113:12  113:14  113:17  113:22 114:6  114:8  114:11  116:21  116:22  116:23 117:1  117:11  117:21  117:22  118:1  118:3 118:5  119:9  119:14  119:14  119:15  121:6 121:12  121:21  121:23  121:25  121:25  122:1 122:4  122:6  122:9  122:11  123:5  123:16 123:23  123:24  124:5  124:6  124:8 | | **yours**(2) 98:14  98:14 **you'd**(2) 40:19  107:25 **you'll**(8) 7:20  8:19  20:15  33:6  99:21 104:24  104:24  119:17 **you're**(12) 20:21  20:23  33:6  35:13  35:14 67:25  68:2  102:22  104:21  107:22  108:1 117:18 **you've**(14) 8:8  28:11  39:9  63:15  66:17 66:17  71:15  99:20  101:20  102:22  103:3 104:19  105:18  109:5 **zahralddin**(89) 2:34  11:21  12:8  20:9  21:3 21:5  21:6  21:8  21:14  24:9  27:21  30:2 30:23  32:1  32:4  32:8  32:11  32:14  32:22 33:2  33:14  35:18  36:8  36:11  36:16  37:14 37:17  38:6  38:8  38:11  38:15  40:12  41:4 47:5  47:6  47:10  49:2  49:22  50:1  50:5 50:9  50:15  50:19  50:23  51:2  51:6  52:14 53:20  60:22  61:16  61:17  61:23  61:25  62:9 62:14  62:19  62:22  62:25  63:6  63:9  63:23 64:4  64:7  64:9  64:17  65:4  65:7  65:23 66:4  66:7  66:11  66:16  66:23  67:3  67:6 67:14  67:18  68:6  68:9  68:12  69:2  71:3 71:3  71:11  71:14  71:22  72:1  72:3  72:5 **zahralddin's**(2) 20:6  39:7 **"any**(1) 93:22 **"this**(1) 105:17 |
| **young**(5) 2:27  2:40  3:38  72:21  122:14 | | |