**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
---------------------------------------------------------------X

## STIPULATION RESOLVING CLAIMS OF PACIFIC GAS AND ELECTRIC COMPANY

This Stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Pacific Gas and Electric Company ("Claimant", and together with Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on or about June 2, 2006, counsel for Phoenix Solutions Inc. ("Phoenix") sent Claimant a letter contending that Claimant's voice recognition technology appeared to be covered by one or more patents that Phoenix claimed to own, and inviting Claimant to secure a license from Phoenix in order to continue using Claimant's voice recognition technology;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

WHEREAS, by letter dated August 10, 2006 and in subsequent correspondence, Claimant informed the Nortel Debtor of Phoenix's letter of June 2, 2006 and sought indemnification from the Nortel Debtor for litigation expenses and any liability incurred in any litigation with Phoenix on account of products the Nortel Debtor sold to Claimant, alleging that Claimant was entitled to such indemnity under the terms of an Agreement for the provision of an interactive voice response system executed between the Parties and dated December 11, 2003 (the "Agreement");

WHEREAS, on January 14, 2009 the Nortel Debtor and certain of its affiliated debtors and debtors in possession, and on July 14, 2009 another of the Nortel Debtor's affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)) (collectively, the "Petition Dates")[2];

WHEREAS, on or about January 30, 2009, Phoenix commenced a lawsuit against Claimant in the United States District Court for the Central District of California, No. 2:09-cv-00774 (the "Litigation"), asserting claims against Claimant for infringement of five different patents;

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (for claims against all Debtors other than NN CALA) and January 25, 2010 (for claims against NN CALA), respectively, for filing proofs of claim in these cases;

---

[2] All of the debtors identified in footnote 1 hereof filed on January 14, 2009 except for Nortel Networks (CALA) Inc. ("NN CALA"), which filed on July 14, 2009.

2

WHEREAS, on or about September 11, 2009, Claimant filed a proof of claim against the Nortel Debtor, which has been listed on the Debtors' claims register as proof of claim number 2837, in an unliquidated amount in excess of $411,597.24 (which figure allegedly represented the total fees and costs incurred by Claimant in the Litigation as of September 11, 2009), seeking indemnity from the Nortel Debtor on account of the Litigation ("Claim No. 2837");

WHEREAS, on or about September 29, 2009, Claimant filed a proof of claim against NN CALA, which has been listed on the Debtors' claims register as proof of claim number 6875, and which seeks to recover from NN CALA the same amounts on the same basis as the amounts and basis set forth in Claim No. 2837 ("Claim No. 6875," and together with Claim No. 2837, the "Claims");

WHEREAS, the Parties have exchanged information and engaged in arms' length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims, the Parties have agreed to this Stipulation to resolve their disputes and the Claims; and

WHEREAS, the Parties have agreed that Claim No. 6875 should be disallowed and expunged in its entirety, and Claim No. 2837 should be reduced and allowed as a general unsecured claim against the Nortel Debtor in the amount of Three Hundred Thousand Dollars ($300,000.00);

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claims. Upon the approval of this Stipulation by the Bankruptcy Court:

   (a) Claim No. 6875 shall be deemed disallowed and expunged in its entirety;

(b) Claim No. 2837 shall be deemed reduced and allowed for all purposes as a general unsecured claim by Claimant against the Nortel Debtor in the amount of $300,000.00;

(c) This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant, and Claimant shall have no other or further claims against the Debtors aside from Claim No. 2837 as reduced and allowed herein.

2. <u>Release by Claimant</u>. Effective upon approval of this Stipulation by the Bankruptcy Court, and except for the Nortel Debtor's liability on Claim No. 2837, as reduced and allowed herein, Claimant hereby releases and forever discharges the Debtors, and each of their current and former parents, affiliates, subsidiaries, shareholders, directors, officers, employees, agents, general partners, limited partners, attorneys, personal representatives, predecessors, and successors (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, recoupments, costs, expenses (including, without limitation, attorney's fees), and setoffs, whether known or unknown, past or present or future, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, that arise from or are related to the Agreement, the infringement protection provisions set forth in Section 8 and/or Section 13 of the General Conditions to the Agreement, the Claims or the Litigation.

3. <u>Release by the Debtors</u>. Effective upon approval of this Stipulation by the Bankruptcy Court, the Debtors on behalf of themselves and their bankruptcy

estates hereby release and forever discharge Claimant, and each of its current and former parents, affiliates, subsidiaries, shareholders, directors, officers, employees, agents, general partners, limited partners, attorneys, personal representatives, predecessors, and successors (collectively, the "Claimant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, recoupments, costs, expenses (including, without limitation, attorney's fees), and setoffs, whether known or unknown, past or present or future, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, that arise from or are related to the Agreement, the infringement protection provisions set forth in Section 8 and/or Section 13 of the General Conditions to the Agreement, the Claims or the Litigation.

4. No Further Claims. Upon approval of this Stipulation by the Bankruptcy Court, Claimant shall be forever barred from (i) amending the Claims and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

5. Binding Effect. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

6. Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject

matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

7. <u>No Transfer</u>.  Claimant represents that it has not sold, assigned or otherwise transferred the Claims to a third party.

8. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession with respect to liability or any allegation raised in or relating to the Claims.

9. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

12. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and this Stipulation shall not constitute an admission of any kind by either of the Parties.

13. <u>Claims Register</u>.  Upon Bankruptcy Court approval, the Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are

authorized to take all necessary and appropriate actions to effectuate the terms of this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: ~~August~~ September 4, 2012

Nortel Networks Inc.

By: _____
John Ray, Principal Officer

Pacific Gas and Electric Company

By: _____
Mark H. Penskar, Attorney

7