IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
:
                Debtors.   :    Jointly Administered
:
:    Hearing date: October 3, 2012 at 10:00 a.m. (ET)
:    Objections due: September 26, 2012 at 10:00 a.m. (ET)
:    RE: D.I. 8418
------------------------------------------------------------X

**DEBTORS' RESPONSE AND OBJECTION TO THE MOTION OF CERTAIN NORTEL US LTD EMPLOYEES COMPELLING DEBTORS TO DISCLOSE CRITICAL RISK/BENEFIT INFORMATION TOWARDS DISCERNMENT OF VIABILITY OF A TRANSITION FROM LTD PLANS TO RETIREE PLANS**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this response and objection (the "Response"), to the *Nortel US LTD Employees Motion Compelling Debtors to Disclose Critical Risk/Benefit Information Towards Discernment of Viability of Transition from LTD Plans to Retiree Plan* [D.I. 8418] (the "Motion") filed by certain of the Debtors' long-term disabled employees (the "LTD Employees"). In support of this Response, the Debtors respectfully represent as follows:

1.      As the Court is aware, on July 30th, the Debtors filed separate motions with the Court seeking, first, termination of the benefit plans provided to long-term disabled employees

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

and termination of the employment of the remaining long-term disabled employees, and second, termination of the Debtors' retirement welfare plans. Because certain of the long-term disabled employees could potentially be eligible for retiree benefits under certain conditions and with the passage of time, the proposal previously made to the Official Committee of Retired Employees (the "Retiree Committee") and included in the motion to terminate the retiree welfare plans includes a procedure by which, roughly concurrent with the termination of the retiree welfare plans, long-term disabled employees eligible for retiree welfare benefits can elect to retire and thereby preserve their right to participate in a distribution of the $40 million Gross Settlement Amount[2] proposed to be paid to retirees in connection with the termination of their benefits.

2. Through the Motion, the LTD Employees seek certain information regarding benefits to which they may be entitled – including under Nortel retiree welfare plans and from the Pension Benefit Guaranty Corporation (the "PBGC") – if they were to retire from their employment with Nortel. The Debtors understand the LTD Employees' desire to gather all information possible to help them weigh the benefits and risks of a potential settlement or non-consensual termination of their benefits as long-term disabled employees of the Debtors, and have worked with counsel to the Official Committee of Long-Term Disabled Participants (the "LTD Committee") to provide information regarding issues potentially relevant to individual LTD Employees in considering these matters. Under the recently approved discovery procedures, much of that information will be available to individual long term disabled employees who request it.

3. The Motion specifically requests that the Debtors explicitly identify both the risks and benefits to eligible LTD Employees of electing to voluntarily terminate their employment

---

[2] As defined in the Debtors' Motion for Entry Of An Order Terminating Retiree Benefits And Approving A Settlement Proposal Pursuant to 11 U.S.C. § 1114 (the "Retiree Termination Motion").

2

with the Debtors and enter retiree status, and that the Debtors actively work with the PBGC to provide information to the LTD Employees about any projected retiree benefits for such employees. As discussed below, to the extent such information is available, the Debtors have provided such information to the LTD Committee and it is available to individual LTD Employees through the current discovery procedures. The remainder of the requested information is not available to the Debtors at this time and the Debtors cannot compel other parties to provide such information. Accordingly, the Debtors respectfully request that the relief sought in the Motion be denied to the extent it seeks disclosure of such additional information.

**A.     The Debtors Are Disclosing the Relevant Available Information Regarding Potential Retirement Benefits Available to Long Term Disabled Employees**

4.      The LTD Employees first request that the Debtors identify all the risks and benefits involved with their consideration of whether to retire from their employment with Nortel rather than to remain as long-term disabled employees.

5.      Any such inquiry necessarily begins with a review of the relevant plan documents. The Debtors provided the LTD Committee with copies of the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan and certain related documents as well as the Debtors' long-term disability benefit plans. Through the discovery order recently approved by the Court, these plans are available to the LTD Employees, and all current long-term disabled individuals, who make a request to the Debtors for access to the non-confidential documents produced by the Debtors to the LTD Committee. *See Order Granting Debtors' Motion For Entry Of An Order (A) Establishing Discovery Procedures In Connection With Debtors' Motion For Entry Of An Order Pursuant To 11 U.S.C. §§ 105, 363 And 1108 Authorizing The Debtors To Terminate The Debtors' Long-Term Disability Plans And The Employment Of The LTD Employees And (B) Amending The*

*Scheduling Order For Hearing On Debtors' Process To Terminate Benefits* [D.I. 8364] (the "Discovery Procedures Order")  The Debtors are amenable to treating this Motion as a request for such documents and access to the documents will be provided to Movants as contemplated by the Discovery Procedures Order.  As part of the Discovery Procedures Order, the Debtors also are making available to individual employees certain documents from their personnel files relevant to the Motion upon request.  The Debtors similarly will treat this Motion as a request for such files by the LTD Employees.  To the extent that an LTD Employee elects either to continue as a long-term disabled employee or elects to retire, his or her right to receive benefits would be governed by such available plans.  The same is true for other benefit plans as well.

6.    The LTD Employees also ask for further clarity regarding the effect on their rights to receive benefits from the Debtors if they were to retire and transition to the Debtors' retiree benefit plans.  It is important to note that the Debtors have filed a motion to terminate the retiree welfare plans, and that the motion is still subject to consideration and approval by the Court.  Additionally, the Debtors are continuing their discussions with the Retiree Committee regarding a potential consensual termination of the retiree welfare plans through a consensual settlement, so it is possible that an agreement could be reached and proposed to the Court that differs from the proposal disclosed in the Retiree Termination Motion.  Similarly, the Debtors' motion to terminate the employment of and benefits provided to long-term disabled individuals remains pending before the Court, and discussions regarding a potential settlement of these issues remains ongoing with the LTD Committee.  Also, under the proposal included in the Retiree Termination Motion, the Retiree Committee, not the Debtors, ultimately would be responsible for determining the distributions to retirees.  Because the motions have not yet been ruled upon by the Court and ultimately the timing of the termination of the plans and terms of

any settlement or Court order could differ from the terms of the last proposal, the Debtors cannot provide individual LTD Employees with specific information regarding the effect of such proposals on their specific benefit packages under either scenario. In fact, even if such information were available, it could lead to further confusion rather than clarity if individuals were given information regarding the effect of proposals that may differ from a final result. The Debtors expect that more information will be able to be provided either if the Court were to approve such termination motions or a settlement were reached with either or both constituencies, when such details were resolved. Finally, the Debtors are not now, nor will they be in the future, in a position to determine on an individual by individual basis the relative benefit or value to individuals of certain of the benefits they may be receiving at this time, versus benefits or value which may be available to them through either a termination or settlement scenario; indeed any such speculation involves individual determinations and the weighing of factors which the Debtors are not in a position to know or consider. Any such speculative judgment expressed by the Debtors would be inappropriate.

**B.      The PBGC Does Not Maintain the Information Sought by the LTD Employees**

7.      Since the filing of the Motion, counsel to the Debtors have reached out to counsel to the PBGC to understand the requests that have been made by disabled Nortel employees, the PBGC's responses to such requests and the availability of the requested information.

8.      Based on those conversations, the Debtors understand that long-term disabled individuals have contacted the PBGC to obtain information regarding the benefits to which they would be entitled if they were to retire and request the commencement of their pension benefits. Specifically, it seems that individuals have asked the PBGC for a calculation of their expected benefits upon retirement. The PBGC has informed counsel to the Debtors that it is not their

practice to provide such information, or even to begin to calculate such benefits, until after an individual has actually retired and notified the PBGC of the retirement. Moreover, while the Motion suggests that the PBGC is in need of certain information from the Debtors, the PBGC has confirmed that they do not currently know of any information they would need from the Debtors with respect to such benefits at this time. When an individual applies for such benefits, the PBGC would confirm with the relevant Debtor that the individual in fact has retired from his or her employment with Nortel, consistent with their general practice with respect to such a request. In any event, the Debtors cannot compel the PBGC to respond to these individual requests.

## Conclusion

For the reasons set forth above, the Debtors respectfully submit that the relief sought by the Motion should be denied to the extent it seeks disclosure of additional information or other actions by the Debtors at this time.

[*Remainder of Page Intentionally Left Blank*]

Dated: September 25, 2012
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

  - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*