**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------x
                                                      :    Chapter 11
In re:                                                :
                                                      :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                    :    (Jointly Administered)
                                                      :
                   Debtors.                           :    Hearing Date: October 3, 2012 @ 10:00 a.m.
                                                      :    Related Docket No. 8418
------------------------------------------------------x

**STATEMENT AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES IN RESPONSE TO THE NORTEL US LTD EMPLOYEES MOTION COMPELLING DEBTORS TO DISCLOSE CRITICAL RISK/BENEFIT INFORMATION TOWARDS DISCERNMENT OF <u>VIABILITY OF A TRANSITION FROM LTD PLANS TO RETIREE PLAN</u>**

The Official Committee of Retired Employees of the above-captioned Debtors (the "Retiree Committee") hereby submits its statement and reservation of rights (the "Statement") in response to the motion (the "LTD Pro Se Information Motion")[2] by certain *pro se* "Nortel US LTD Employees" seeking to compel the Debtors to disclose information concerning benefits which are or may be available to active Nortel employees currently receiving long-term disability ("LTD") benefits.

In support of this Statement, the Retiree Committee respectfully represents:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]   Capitalized terms which are not defined herein shall have the meanings set forth in the LTD Pro Se Information Motion.

ME1 14166324v.1

## BACKGROUND

**a.    The Commencement of the Debtors' Chapter 1 Cases**

1. On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), other than Nortel Networks (CALA) Inc.,[3] filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which cases are consolidated for procedural purposes only.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The United States Trustee for the District of Delaware (the "United States Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") [Docket Nos. 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

**b.    The Debtors' Initial Termination Motions**

4. The Debtors historically have provided various welfare benefits to their retirees ("Retirees") through benefit plans, including the Nortel Networks Inc. Retiree Medical Plan and the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan (together, the "Retiree Welfare Plans"). The Debtors have also provided certain benefits to active employees pursuant to, *inter alia*, the Nortel Networks Inc. Long-Term Disability Plan (the "LTD Plan").

5. On June 21, 2010, the Debtors filed a motion to terminate the Retiree Welfare

---

[3] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Docket No. 1098].

2

Plans and the LTD Plan, effective as of August 31, 2010, (the "Initial Termination Motion") [Docket No. 3204].

6. Approximately one month later, the United States Court of Appeals for the Third Circuit issued an opinion in the Chapter 11 case of Visteon Corporation holding that all of the procedures set forth in section 1114 of the Bankruptcy Code apply to all retiree benefits plans, including plans that could have been terminated at will outside of bankruptcy. *See IUE-CWQ v. Visteon Corp. (In re Visteon Corp.),* 612 F.3d 210 (3d Cir. 2010). Thereafter, the Debtors withdrew their Initial Termination Motion on July 15, 2010 [Docket No. 3651].

c. **The Appointment of the Retiree Committee and the LTD Committee**

7. On June 2, 2011, the Debtors filed a motion for an order pursuant to Bankruptcy Code section 1114 directing the appointment of a retiree committee to serve as the authorized representative for the Debtors' Retirees who receive benefits under the Debtors' Retiree Welfare Plans [Docket No. 5568].

8. On June 21, 2011, the Court entered an order pursuant to section 1114 of the Bankruptcy Code directing the appointment of an Official Committee of Retired Employees [Docket No. 5783].

9. On June 22, 2011, the Court also entered an order directing the appointment of an Official Committee of Long-Term Disability Participants (the "LTD Committee") on behalf of Nortel employees who receive benefits under the LTD Plan [Docket No. 5790].

10. On August 2, 2011, the United States Trustee filed its Notice of Appointment of Official Committee of Retiree Employees [Docket No. 6074].

11. On August 2, 2011, the United States Trustee filed a Notice of Appointment of Official Committee of Long-Term Disability Participants [Docket No. 6073], and thereafter filed

3

an Amended Notice of Appointment of Official Committee of Long-Term Disability Participants [Docket No. 6080].

**d.     The Debtors' Renewed Termination Motions**

12.     On July 30, 2012, the Debtors filed a motion for entry of an order, among other things, terminating all retiree welfare benefits under the Nortel Retiree Welfare Benefits Plans as of December 31, 2012, and approving their proposed settlement pursuant to 11 U.S.C. § 1114 (the "Retiree Termination Motion") [Docket No. 8066].  The Retiree Termination Motion, as filed, seeks to terminate all retiree welfare benefits effective as of December 31, 2012 and to pay $40 million to the Retiree Committee, subject to certain offsets for amounts incurred after July 1, 2012, and to obtain a release from all claims concerning retiree benefits, all pursuant to a proposed term sheet that is attached as an exhibit to the Retiree Termination Motion.

13.     On July 30, 2012, the Debtors also filed a motion for entry of an order, among other things, terminating all benefits under the LTD Plan effective as of December 31, 2012 (the "LTD Termination Motion") [Docket No. 8067].

14.     On August 1, 2012, the Court entered a Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114 [Docket No. 8084]. Thereafter, on August 30, 2012, the Bankruptcy Court entered an Amended Scheduling Order for Hearing on Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114 [Docket No. 8365] adjourning the trial for the Retiree Termination Motion until January 22, 2013.

15.     On September 20, 2012, the Bankruptcy Court entered an amended scheduling order [Docket No. 8562] adjourning the trial for the LTD Termination Motion until February 12, 2013.

16. As a result of the revised schedules contained in the amended scheduling orders described above, the Debtors are not be able to terminate benefits that are provided to Retirees under the Retiree Welfare Plans or benefits provided to employees receiving benefits under the LTD Plan on a non-consensual basis until after December 31, 2012.

**e.     The Mediation Order**

17. On March 28, 2012, the Debtors filed a motion (the "Mediation Motion") for an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code for the appointment of a neutral mediator concerning the Debtors' desire to modify or terminate the Retiree Welfare Plans and the LTD Plan [Docket No. 7463].

18. On April 11, 2012, the Retiree Committee filed its response (the "Mediation Response") to the Mediation Motion. The Mediation Response supported the mediation process upon the appointment of a mutually agreed upon mediator, and supplemented the record concerning the Bankruptcy Code section 1114 process as of the date thereof [Docket No. 7513].

19. After a hearing on the Mediation Motion on April 18, 2012, an order was entered appointing Richard Levin (the "Mediator") as the neutral mediator (the "Mediation Order") [Docket No. 7560].

20. While discovery in connection with the pending Retiree Termination Motion and LTD Termination Motion is ongoing, the Debtors, the Retiree Committee, the LTD Committee, the UCC and the Bondholders Group are continuing confidential negotiations under the supervision of the Mediator.

**RETIREE COMMITTEE STATEMENT AND RESERVATION OF RIGHTS**

21. The LTD Pro Se Information Motion contains statements which presume that some or all of the benefits which are provided by the Debtors pursuant to the Retiree Welfare Plans are or may be available to persons other than the Retirees.

22. The benefits which are provided pursuant to the Retiree Welfare Plans, and the rights of parties to have or obtain access to those benefits, are governed by the express provisions of the Retiree Welfare Plans, applicable plan documents, including summary plan descriptions, and other documents. Consequently, the Retiree Committee expressly reserves all of its rights, claims and objections concerning the benefits provided pursuant to the Retiree Welfare Plans.

23. Moreover, in the event that the Retiree Committee reaches a consensual resolution with the Debtors concerning the Retiree Termination Motion, approval of any such resolution will be sought pursuant to a motion on notice to appropriate parties in interest including, without limitation, the Retiree Committee, the LTD Committee and the movants who filed the LTD Pro Se Information Motion. Until such time, neither the Debtors nor the Retiree Committee is able to provide the information concerning the Retiree Welfare benefits which is sought by the LTD Pro Se Information Motion.

**[Remainder of page intentionally left blank]**

ME1 14166324v.1

WHEREFORE, the Retiree Committee respectfully requests that an order entered in connection with the LTD Pro Se Information Motion be without prejudice to all of the rights, claims and defenses available to the Retiree Committee.[4]

Dated: September 26, 2012
Wilmington, DE

**MCCARTER & ENGLISH, LLP**

*/s/ William F. Taylor, Jr.*

William F. Taylor, Jr. (DE Bar I.D. #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 Facsimile
wtaylor@mccarter.com

-and-

Albert Togut, Esq.
Neil Berger, Esq.
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119
(212) 594-5000
(212) 967-4258 Facsimile
altogut@teamtogut.com
neilberger@teamtogut.com

*Counsel to the Official Committee of Retired Employees*

---

[4] The Retiree Committee takes no position regarding the branch of the LTD Pro Se Information Motion which seeks relief regarding the PBGC.

7