**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
                                                        :
*In re*                                                 :        Chapter 11
                                                        :
Nortel Networks Inc., *et al.*,[1]                      :        Case No. 09-10138 (KG)
                                                        :
                          Debtors.                      :        Jointly Administered
                                                        :
--------------------------------------------------------X

## STIPULATION RESOLVING CLAIMS

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc.

("NNI") as one of the above-captioned debtors and debtors in possession (collectively, the "U.S.

Debtors"), Nortel Networks Limited ("NNL," and together with NNI, the "Nortel Parties") and

Edmund B. Fitzgerald ("Claimant," and together with the Nortel Parties, the "Parties").  The

Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 (the "Petition Date"), NNI and certain of its affiliates

filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy

Code") in the United States Court for the District of Delaware (the "U.S. Court") (Case No. 09-

10138 (KG) (Jointly Administered)); and

WHEREAS, also on the Petition Date, NNL and certain of its Canadian affiliates

(together, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Justice (the "Canadian Court," and together with the U.S. Court, the "Courts") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"); and

WHEREAS, also on the Petition Date, Ernst & Young Inc., as the court-appointed monitor (the "Monitor") and authorized foreign representative for the Canadian Debtors, commenced chapter 15 cases ancillary to the proceedings in the Canadian Court and filed with the U.S. Court petitions for recognition of foreign proceedings in the Canadian Court and filed with the U.S. Court petitions for recognition of foreign proceedings under chapter 15 of the Bankruptcy Code; and

WHEREAS, the Monitor's petitions for recognition were granted on February 27, 2009, and the chapter 15 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b); and

WHEREAS, pursuant the Compensation Claims Process and methodology approved by Orders of the Canadian Court granted October 6, 2011 (the "Compensation Claims Orders"), NNL and the Monitor have determined that Claimant has a Compensation Claim (as defined in the Compensation Claims Orders) against NNL in the Canadian Proceedings in the amount of CAN $1,464,933.00 as set out in the Claimant's Information Statement (as defined in the Compensation Claims Orders) bearing Reference No. 11519 (the "Canadian Compensation Claim"); and

WHEREAS, on or about September 30, 2009, Claimant filed a general claim against NNC in the Canadian Proceedings in the amount of $3,041,751.05 bearing Reference No.

---

[2]     The Canadian Debtors include the following entities:  Nortel Networks Corporation, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

17032 (the "<u>Canadian General Claim</u>") and together with the Canadian Compensation Claim, the "<u>Canadian Claim</u>".

WHEREAS, on or about September 29, 2009, Claimant filed against NNI in its bankruptcy case a general unsecured pre-petition proof of claim in the amount of $2,681,085.00 for the present value of retirement benefits (U.S. Claim No. 4748), which claim was disallowed as subsequently amended by the *Order Granting Debtors' First Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Amended Claims)*; and

WHEREAS, on or about September 30, 2009, Claimant filed against NNI in its bankruptcy case a general unsecured pre-petition proof of claim in the amount of $3,041,751.00 for the present value of retirement benefits (U.S. Claim No. 5641) (the "<u>U.S. Claim</u>," and together with the Canadian Claim, the "<u>Claims</u>"); and

WHEREAS, on July 13, 2011, Claimant filed the *Motion of Edmund B. Fitzgerald for Relief from the Automatic Stay* [D.I. 5951] (the "<u>Motion</u>") and, on September 7, 2011, the U.S. Debtors filed the *Objection to the Motion of Edmund B. Fitzgerald for Relief from the Automatic Stay* [D.I. 6322]; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims and the Motion, the Parties have agreed to this Stipulation on the terms set forth herein; and

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.  <u>Effectiveness</u>.  This Stipulation shall become effective upon the entry of an order, in form and substance reasonably acceptable to the Parties, of the U.S. Court approving this Stipulation and the settlement reflected herein pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Approval Order</u>," and the date upon which the Approval Order becomes final and not subject to any pending or further appeal, the "<u>Approval Date</u>").  All Parties to this Stipulation shall cooperate and participate in good faith in connection with any notice and/or hearing or other proceeding required by the U.S. Court related to the Rule 9019 motion and/or the entry of the Approval Order, it being the intention of the Parties to seek entry of the Approval Order as soon as reasonably possible.  The Parties irrevocably consent to the entry of final judgment by the U.S. Court pursuant to 28 U.S.C. § 157(c)(2) upon this Stipulation and all matters addressed herein.  Upon the Approval Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns.

2.  <u>Withdrawal of Motion / Canadian General Claim</u>.  Within five (5) business days of the Approval Date, Claimant shall withdraw the Motion with prejudice and shall withdraw the Canadian General Claim (Reference No. 17032) (collectively, the "<u>Withdrawal</u>").

3.  <u>Resolution of Claims</u>.  Effective upon the Withdrawal:

(a)  the U.S. Claim (Claim No. 5641) shall be an allowed general unsecured claim by Claimant against NNI in the amount of US $1,529,861 (the "<u>Allowed U.S. Claim</u>"), and the Allowed U.S. Claim shall not be subject to further objection, reduction, disallowance, setoff or any other challenge.

4

(b)  in accordance with and subject to the Canadian Compensation Claims Process and the Compensation Claims Orders, the Canadian Compensation Claim (Reference No. 11519) shall be an allowed general unsecured claim by Claimant against NNL in the amount of CAN $1,464,933 (the "Allowed Canadian Claim") and the Allowed Canadian Claim shall not be subject to further objection, reduction, disallowance, setoff or challenge.

(c)  The allowance of the claims described in paragraph 3(a)-(b) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the U.S. Debtors list on their schedules filed with the U.S. Court.  Claimant shall not have any further claims against the U.S. Debtors, based on the U.S. Debtors' schedules.

4.  Release.  Effective upon the entry of the Approval Order, Claimant, NNL and NNI hereby release and forever discharge each other , their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, attorneys and advisors, and each of their predecessors, successors and assigns, (collectively, the "Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that they  have, had, may have had, or hereafter may have against any of the Releasees relating in any way to the Claims, Motion, or any liability that could have been asserted in the Claims or Motion, provided, however, that the foregoing release shall not apply to (i) any claims arising under this Stipulation; and (ii) the Claims, which, and solely to the extent that they, upon entry of an order by the U.S. Court, are allowed under paragraph 3.

5

5.  <u>No Further Claims</u>.  Effective upon the entry of the Approval Order, Claimant shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim against any of the U.S. Debtors in the U.S. Debtors' Chapter 11 cases or any of the Canadian Debtors in the Canadian Proceedings.

6.  <u>Binding Effect</u>.  Effective upon the entry of the Approval Order, this Stipulation and the Approval Order shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the U.S. Debtors' Chapter 11 cases or in any related Chapter 7 cases.

7.  <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

8.  <u>No Transfer</u>.  Claimant represents that it has not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party.

9.  <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

10. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>.  The U.S. Court shall retain jurisdiction over the implementation of this Stipulation as it relates to the US Claim, and any disputes arising thereunder; provided that the Canadian Court shall retain jurisdiction over the implementation of this Stipulation as it relates to the Canadian Claim, and any disputes arising thereunder.

12. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the U.S. Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims, and this proposed settlement shall not constitute an admission by the Nortel Parties or their affiliates regarding the validity or amount of any of the Claims or that they have any liability thereunder.

14. <u>Claims Register</u>.  The U.S. Debtors, the U.S. Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Signature Pages To Follow*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed

this Stipulation upon entry of an order by the U.S. Court approving this Stipulation.

Dated: 9/21 , 2012

NORTEL NETWORKS LIMITED

By:_____        By: _Edmund B. Fitzgerald_____
Name:                               Name: Edmund B. Fitzgerald
Title:

By:_____
Name:
Title:

NORTEL NETWORKS INC.

By:_____
Name: John Ray
Title:  Principal Officer

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed

this Stipulation upon entry of an order by the U.S. Court approving this Stipulation.

Dated: 9 / 21 , 2012

NORTEL NETWORKS LIMITED

By:_____          By:_____
Name:  ANNA  VENTRESCA                 Name:  Edmund B. Fitzgerald
Title:  GENERAL COUNSEL -CORPORATE +
                            CORPORATE SECRETARY
By:_____
Name:  ALLAN BIFIELD
Title:  CFO & SVP CORP NORTEL


NORTEL NETWORKS INC.


By:_____
Name:  John Ray
Title:   Principal Officer

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed

this Stipulation upon entry of an order by the U.S. Court approving this Stipulation.

Dated: Sept. 21 , 2012

NORTEL NETWORKS LIMITED

By:_____          By:_____
Name:                                  Name:  Edmund B. Fitzgerald
Title:


By:_____
Name:
Title:


NORTEL NETWORKS INC.

By:_____
Name:  John Ray
Title:   Principal Officer