**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
*In re*                                                     :   Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :   Case No. 09-10138 (KG)
                                                            :
                              Debtors.                      :   Jointly Administered
                                                            :
                                                            :   **Re: D.I.s 8067, 8085, 8122**
                                                            :
------------------------------------------------------------X

## STIPULATION AND AGREEMENT GOVERNING PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL MATERIALS

The Debtors and the Official Committee of Long Term Disability Plan Participants (the "LTD Committee" and together with the Debtors, the "Parties"), by and through their undersigned counsel of record have agreed to enter into this *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* (the "Agreement") pursuant to Fed. R. Civ. P. 26(c), Fed. R. Bankr. P. 7026 and Fed. R. Bankr. P. 9018 in connection with the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067] (the "Motion").

**WHEREAS**, on July 30, 2012, the Debtors filed the Motion.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**WHEREAS**, the Debtors previously have produced documents to the LTD Committee relevant to the Motion and the Parties are engaged in further discovery regarding the Motion.

**WHEREAS**, the Parties have produced or may produce certain documents and/or information that they believe contains private, confidential, proprietary, and/or commercially sensitive information as described below;

**WHEREAS**, the Parties are willing to produce or provide such confidential information subject to the restrictions provided herein; and

**WHEREAS**, the Parties have agreed to enter into this Agreement.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, subject to approval by the Bankruptcy Court for the District of Delaware ( the "Court"), this Agreement shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by any Party or any non-parties (the "Producing Party"), whether written or electronic, pursuant to discovery undertaken in connection with the Motion (all such materials, including the substance contained therein, hereinafter referred to as "Discovery Material"), as follows:

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Agreement if such party in good faith believes that such Discovery Material contains information that is not generally available to the public related, without limitation, to: (i) proprietary or commercially sensitive information; (ii) financial or accounting results or data; (iii) information that the Producing Party is obligated to keep confidential; or (iv) information that is protected by Federal Rule of Evidence 408 (the "Confidential Discovery Material").

2. Any Producing Party may designate any Confidential Discovery Material as "Attorneys' Eyes Only" under the terms of this Agreement if such party in good faith believes that disclosure of the Confidential Discovery Material (other than as expressly permitted pursuant to this Agreement) contains information that would, without limitation: (i) harm its commercial, financial or business interests; (ii) violate the terms or conditions of a confidentiality agreement, any law or policy limiting the disclosure of such information, a protective order, or similar agreement with a third-party; (iii) otherwise create an undue risk of injury to such Producing Party that would not exist in the absence of such disclosure; or (iv) contain personally identifiable data, including, but not limited to, information relating to an individual's claims history or benefit elections ("Highly Confidential Discovery Material").

3. The designation by any Producing Party of any Discovery Material as Confidential or Attorneys' Eyes Only shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Producing Party and that there is a good faith belief that such designation is valid.

4. Except as required by law, regulation or court order, or as otherwise provided by this Agreement, Discovery Material, or information derived therefrom, shall be used solely for purposes of prosecuting or defending the Motion and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation. Discovery Material, including but not limited to material designated Confidential or Attorneys' Eyes Only, shall not be disclosed except as expressly permitted by the terms of this Agreement or as required by law, regulation or other court order.

5.  The designation of Discovery Material as Confidential or Attorneys' Eyes Only for purposes of this Agreement shall be made in the following manner by any Producing Party:

(a) In the case of depositions or other pretrial testimony: (i) indicating on the record or in writing at the time the deposition is taken or prior to the preparation of the transcript, those portions of the deposition that contain Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) by written notice identifying the page and line number of any portion of the transcript of the deposition that contains Confidential Discovery Material or Highly Confidential Discovery Material sent to all Parties, counsel for the Official Committee of Unsecured Creditors in the U.S. Debtors' chapter 11 cases (the "Creditors Committee") and the Ad Hoc Bondholder Group (the "Bondholder Group") within five (5) business days after receiving a copy of the transcript thereof, during which period the transcripts will be treated as Confidential, unless the witness or his or her counsel waive such treatment; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material or Highly Confidential Discovery Material. Only those portions of the transcripts designated as Confidential shall be deemed Confidential Discovery Material, and only those portions of the transcripts designated as Attorneys' Eyes Only shall be deemed Highly Confidential Discovery material. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.

(b) A Producing Party may designate any Discovery Material that already has been produced as Confidential or Attorneys' Eyes Only by notifying each Party to

whom the production has been made (a "Recipient") in writing that such Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, respectively, and such Discovery Material shall be treated as Confidential or Attorneys' Eyes Only from and after the date of notification, as if it had been so designated when produced. Documents previously produced by the Debtors and designated as "Confidential Information" shall constitute Confidential Discovery Material and documents designated as "Highly Confidential – LTD Advisor Eyes Only" shall constitute Highly Confidential Discovery Material.

(c) Failure to designate documents as Confidential or Attorneys' Eyes Only will not be deemed a waiver of designation of such documents as Confidential or Attorneys' Eyes Only if the failure is inadvertent. The Producing Party may later designate the documents as Confidential or Attorneys' Eyes Only.

6. Except as required by law, regulation or court order, or as otherwise permitted by this Agreement, Discovery Material designated Confidential may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) outside counsel of record or in-house counsel who represents any Party with respect to the Motion, as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Discovery Material for use in accordance with this Agreement;

(b) testifying or consulting experts assisting counsel for a Party, and employees and service vendors of such experts, whose functions require access to Confidential Discovery Material for use in accordance with this Agreement; provided that counsel desiring to disclose Confidential Discovery Material to such experts or consultants and their clerical

personnel shall first obtain a signed *Agreement to Abide by Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Material* in the form of <u>Exhibit I</u> attached hereto (a "<u>Confidentiality Agreement</u>") from each such expert or consultant and each of the expert's personnel who would require access to Confidential Discovery Material, and counsel shall retain in its file an original or copy of each such signed Confidentiality Agreement, as specified in paragraph 9 herein;

    (c) any person indicated on the face of a document to have been the author, addressee, or a copy recipient of the document;

    (d) any potential witness or deponent (and counsel of such witness or deponent), during the course of, or to the extent necessary for, preparation for deposition or testimony relating to the Motion. Except when the Confidential Discovery Material is first exhibited at a deposition or trial to such person, counsel desiring to disclose Confidential Discovery Material to such persons shall first obtain a signed Confidentiality Agreement (counsel for the Recipient shall retain a copy of each executed Confidentiality Agreement);

    (e) the directors, officers, employees, contractors and agents of the Debtors who are assisting with respect to the Motion;

    (f) the members of the LTD Committee, provided that such members sign a Confidentiality Agreement and that in no instance shall Discovery Material be used by any LTD Committee member for any purpose inconsistent with his or her duties as a member of the LTD Committee, including, but not limited to, the preparation, prosecution, negotiation, litigation and/or settlement of his or her personal claim(s) against any of the Debtors;

    (g) the Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any Party, provided, however, that Confidential

Discovery Material filed with the Court must be filed under seal pursuant to Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and as provided in paragraph 10 herein;

    (h) the members of the Creditors Committee, the Bondholder Group and any of the employees, agents, advisors or attorneys of the foregoing; and

    (i) any other person upon agreement of the Parties, provided that such person shall first execute a Confidentiality Agreement.

    7. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Recipient only to the following persons:

    (a) outside counsel of record who represent any Party, as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to Highly Confidential Discovery Material for use in accordance with this Agreement;

    (b) any person indicated on the face of a document to have been the author, addressee, or a copy recipient of the document;

    (c) testifying or consulting experts assisting counsel for a Party, and employees and service vendors of such experts, whose functions require access to Highly Confidential Discovery Material for use in accordance with this Agreement; provided that counsel desiring to disclose Highly Confidential Discovery Material to such experts or consultants and their clerical personnel shall first obtain a signed Confidentiality Agreement from each such expert or consultant and each of his/her personnel who would require access to

Highly Confidential Discovery Material, and counsel shall retain in its file an original or copy of each such signed Confidentiality Agreement, as specified in paragraph 9 herein;

(d) the Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any Party, provided, however, that Highly Confidential Discovery Material filed with the Court must be filed under seal pursuant to Local Rule 9018-1 and as provided in paragraph 10 herein;

(e) attorneys to the Creditors Committee and the Bondholder Group;

(f) any other person upon agreement of the Parties, provided that such person shall first execute a Confidentiality Agreement; and

(g) any other potential witness or deponent not included within the preceding subparagraphs (a)-(f) (and counsel of such witness or deponent), solely to the extent necessary for a deposition or testimony relating to the Motion or preparation for such deposition or testimony, provided that (i) prior to such disclosure, counsel desiring to disclose Highly Confidential Discovery Material to any potential witness or deponent covered by this Subparagraph shall first obtain a signed Confidentiality Agreement from the potential witness or deponent and (ii) to the extent such Highly Confidential Discovery Material contains protected health information, as that term is defined in the regulations issued by the United States Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq. ("Protected Health Information"), all personally identifiable information shall be redacted. The Debtors reserve the right to seek further protections with respect to the disclosure of Highly Confidential Discovery Material, including, for the avoidance of doubt, any Highly Confidential Discovery Material that does not

contain any Protected Health Information, to such persons, from the Court upon notice and hearing.

8. The Parties shall use the Confidential Discovery Material or Highly Confidential Discovery Material only for the prosecution, defense, or settlement of the Motion. Confidential Discovery Material or Highly Confidential Discovery Material shall not be made public by any Party, shall be used only by persons permitted access to it under paragraphs 6 and 7 herein, and shall be disclosed only to persons specified in paragraphs 6 and 7 herein.

9. Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute a Confidentiality Agreement shall be responsible for obtaining such signed Confidentiality Agreement and retaining the original, executed copy thereof. No Confidential Discovery Material or Highly Confidential Discovery Material may be provided to any person required to sign a Confidentiality Agreement unless such Confidentiality Agreement first shall have been obtained and retained by such counsel.

10. The Court's entry of an order approving this Agreement shall constitute authority pursuant to Local Rule 9018-1(c) for the Parties to file future documents under seal without the necessity of filing a separate motion. As set forth in Local Rule 9018-1(b) and (c), if Confidential Discovery Material or Highly Confidential Discovery Material is to be filed with the Court, it shall be filed in a prominently marked envelope with a cover sheet attached containing a caption that shall include the title of the document to be filed under seal, docket number of the order entered by the Court approving this Agreement, and the legend "CONFIDENTIAL TO BE KEPT UNDER SEAL."

11. Entering into or agreeing to this Agreement and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material otherwise complying with the terms of this Agreement shall not:

(a) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material or Highly Confidential Discovery Material;

(b) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Agreement;

(c) prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Agreement; or

(d) prevent the Parties to this Agreement from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

12. This Agreement has no effect upon, and shall not apply to, a Party's use of its own Confidential Discovery Material or Highly Confidential Discovery Material for any purpose.

13. Nothing in this Agreement shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege or protection from disclosure. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or protection from disclosure is inadvertently or mistakenly produced, such production shall in

no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege or protection from disclosure. If a Party has inadvertently or mistakenly produced a document subject to a claim of immunity, privilege, or protection, upon request by the Producing Party within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Recipient shall not use such information for any purpose other than in connection with a motion to compel, as described below. The Party returning such material then may move the Court for an order compelling production of the material, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14.     This Agreement shall not preclude any Party at a deposition from showing any Confidential Discovery Material or Highly Confidential Discovery Material or disclosing information derived therefrom to any witness employed by or affiliated with the Producing Party designating such materials as Confidential or Attorneys' Eyes Only, provided that only those persons may be present in the deposition who are authorized by the terms of this Agreement to receive the Confidential Discovery Material or Highly Confidential Discovery Material to be disclosed to the witness.

15.     Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential or Attorneys' Eyes Only that have been obtained lawfully by such Party independently of the discovery relating to

the Motion, nor shall anything herein alter, remove or waive restrictions under which such documents, material, or information were received or required to be kept.

16. This Agreement shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

17. The provisions of this Agreement shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the proceedings with respect to the Motion, including without limitation any appeals relating thereto. Within 60 days after receiving notice of entry of an order, judgment, or decree finally disposing of all issues related to the Motion in which Confidential Discovery Material or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall, at their own cost and expense, either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Confidential Discovery Material or Highly Confidential Discovery Material and certify that fact to counsel for the Producing Party. Notwithstanding the preceding sentence, outside counsel for the Parties shall be entitled to retain court papers, deposition and court transcripts, and attorney work product (including Discovery Material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition or trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party as to the Confidential Discovery Material or Highly Confidential Discovery Material at issue. Notwithstanding anything herein to the contrary, the obligations of this

Paragraph shall not preclude any Party from complying with document retention policies imposed by applicable law or regulation.

18. During the pendency of the Motion, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material shall first raise its objection with counsel for the Producing Party who made such designation and attempt to resolve the dispute. If these discussions do not result in a resolution of the dispute, the Recipient may seek appropriate relief from the Court; provided, however, that all documents and/or information to which an objection is made shall be treated by the Parties as Confidential Discovery Material or Highly Confidential Discovery Material, as applicable, until such objection is resolved. Each Party hereby agrees that it will not contest a Party's request for expedited consideration for such relief.

19. In the event that any Party appeals from any decision of the Court with respect to the Motions, any Party shall have the right to submit a timely application to the court in which the appeal is filed to maintain under seal any or all documents filed with the court which contain or disclose Confidential Discovery Material or Highly Confidential Discovery Material. In the event that no appeal is filed, any Party who seeks the continued sealing of any filed document containing Confidential Discovery Material or Highly Confidential Discovery Material may petition the Court for continued sealing. When any Party receives a notice from a court as to the release of Confidential Discovery Material or Highly Confidential Discovery Material submitted by that Party, but designated Confidential or Attorneys' Eyes Only by another Producing Party, the Party receiving the notice shall deliver it by overnight delivery, fax or email to the other Producing Party within three business days, so as to enable the latter to seek

further confidential treatment or to have the documents returned or destroyed. The provisions of this Paragraph may be waived only with the written consent of the Producing Party.

20. If a Recipient is subpoenaed in another action or proceeding, served with a document demand, or otherwise required or compelled by law, regulation, government action or investigation or other process (a "<u>Demand</u>"), and such Demand seeks Discovery Material which was produced or designated as Confidential or Attorneys' Eyes Only by someone other than the Recipient, the Recipient shall, unless prohibited from doing so by applicable law or regulation, (i) give prompt written notice by overnight delivery, fax or email within three business days of receipt of such Demand to the Producing Party who produced the Discovery Material or designated the Discovery Material as Confidential or Attorneys' Eyes Only, and (ii) refrain from producing any Discovery Material that has been designated Confidential or Attorneys' Eyes Only in response to such Demand until the earlier of (x) receipt of written notice from the Producing Party that it, he or she does not object to production of the designated Discovery Material, or (y) resolution of any objection asserted by the Producing Party either by agreement or by final order of the court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the Demand shall fall solely upon the Producing Party. Unless the Producing Party submits a timely objection seeking an order that the Demand not be complied with, and serves such objection upon the Recipient prior to production pursuant to the Demand, the Recipient shall be permitted to produce documents responsive to the Demand on the Demand's response date. Subject to the provisions of this Paragraph, compliance by the Recipient with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a violation of this Agreement. Nothing herein shall be construed as requiring the Recipient or anyone else

covered by this Agreement to challenge or appeal any order directing production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Agreement, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

21.  In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in any Court proceeding relating to the Motion, that Confidential Discovery Material or Highly Confidential Discovery Material shall not lose its status through such use.

22.  This Agreement shall survive the final adjudication of the Motion, whether by order, final judgment, settlement or otherwise, and shall continue in full force and effect.

23.  No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

24.  Nothing in this Agreement shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

25.  This Agreement may be executed in one or more counterparts, including by facsimile, each of which will be deemed an original, but all of which together constitute one and the same instrument.

Dated: September 14, 2012

| | |
|---|---|
| /s/ Rafael X. Zahralddin-Aravena | /s/ Ann C. Cordo |
| Rafael X. Zahralddin-Aravena (No. 4166) | Derek C. Abbott (No. 3376) |
| Shelley A. Kinsella (No. 4023) | Eric D. Schwartz (No. 3134) |
| ELLIOTT GREENLEAF | Ann C. Cordo (No. 4817) |
| 1105 North Market Street, Suite 1700 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Wilmington, Delaware 19801 | 1201 North Market Street |
| Telephone: (302) 384-9400 | P.O. Box 1347 |
| Facsimile: (302) 384-9399 | Wilmington, Delaware 19801 |

- and -

Mary Kohart
ELLIOTT GREENLEAF
Union Meeting Corporate Center
P.O. Box 3010
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-11956
Telephone: (215) 977-1000
Facsimile: (215) 977-1099

*Counsel for the LTD Committee*

Telephone: (302) 658-9200
Facsimile: (302) 658-3989

-and-

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the U.S. Debtors*


/s/ *Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Lisa Beckerman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel for the Creditors' Committee*

/s/ *Kathleen P. Makowski*
Laura Davis Jones (No. 2436)
Kathleen P. Makowski (No. 3648)
PACHULSKI STANG ZIEHL & JONES LLP
919 N. Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-and-

Thomas Matz
Thomas Kreller
Albert A. Pisa
MILBANK, TWEED, HADLEY & MCCOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel for the Bondholder Group*

**EXHIBIT I**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
            Debtors. : Jointly Administered
:
: **Re: D.I.s _____**
:
---------------------------------------------------------X

**AGREEMENT TO ABIDE BY STIPULATION AND AGREEMENT GOVERNING PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL MATERIAL**

I understand the terms of the *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* (the "Agreement")[2] and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for purposes of the Agreement's enforcement. I understand, in particular, that any Confidential Discovery Material or Highly Confidential Discovery Material, and any copies, excerpts or summaries thereof and materials containing Confidential Discovery Material or Highly Confidential Discovery Material derived therefrom, as well as any knowledge or information derived from any of these items, may be used only for purposes of the prosecution or defense of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] All capitalized terms utilized but not defined herein shall have the meaning ascribed to them in the Agreement.

the Motion and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

    I further understand that failure to abide fully by the terms of the Agreement may result in legal action against me, such as for contempt of court and liability for monetary damages.

Dated: _____    Agreed: _____