**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------- X
                          :    Chapter 11

In re:                        :

                          :    Case No. 09-10138 (KG)

**NORTEL NETWORKS INC., <u>et al.</u>,**[1]

                          :

         Debtors         :    Jointly Administered

                          :

------------------------------------------------------------- X

**ORDER GRANTING FINAL FEE APPLICATION OF JEFFERIES &
COMPANY, INC., FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT
BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
<u>THE PERIOD FROM FEBRUARY 1, 2009 THROUGH AUGUST 31, 2012</u>**

Upon consideration of the Final Fee Application (the "<u>Final Fee Application</u>") of

Jefferies & Company, Inc. ("<u>Jefferies</u>"), Investment Banker to the Official Committee of

Unsecured Creditors (the "<u>Committee</u>") for the period from commencing February 1, 2009

through and including August 31, 2012 (the "<u>Final Period</u>"); the Court having reviewed the Final

Fee Application; and finding that the Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and determining that proper and adequate notice has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.      The Final Fee Application is approved.

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc..

2.      Jefferies is allowed, on a final basis, compensation and reimbursement of expenses for the period and in the amounts set forth in its Final Fee Application composed of (i) compensation in the amount of $9,325,000.00 for professional services rendered during the Final Period as investment banker to the Committee in the Chapter 11 Cases, and (ii) reimbursement of actual and necessary out-of-pocket disbursements and charges in the amount of $250,219.69 incurred in the execution of required professional services on behalf of the Committee during the Final Period.

3.      The Debtors are authorized and directed to disburse to Jefferies payment in the amount of $976,023.80 for outstanding professional services rendered during the Final Period as investment banker to the Committee in the Chapter 11 Cases and reimbursement of actual and necessary out-of-pocket disbursements, as set forth in the Final Fee Application.

4.      Notwithstanding the conclusion of its role as investment banker to the Committee, Jefferies has agreed that, upon the request of the Committee, Jefferies will provide additional services in connection with the Nortel cases, subject to (i) Jefferies not having accepted an engagement that would be in conflict with the requested services and Jefferies not having another conflict with the Debtors that would impede Jefferies' ability to provide such services, (ii) Jefferies and the Committee agreeing on a mutually acceptable fee (that is subsequently approved by the Bankruptcy Court) to be paid to Jefferies, and (iii) Jefferies and the Committee entering into a written agreement governing such services (where applicable, with terms (including as to indemnification) substantially similar to the Engagement Letter; *provided*, *however*, that during these cases Jefferies will not undertake any role in connection with Nortel Networks Inc. or any of its affiliates without the prior written consent of the Committee.

5.      The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

7.      This Order shall be effective immediately upon entry.

Dated: _____, 2012

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE