# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: <u>Hearing Date</u>:  November 7, 2012 at 10:00 a.m. (ET)
: <u>Objection Deadline</u>: October 31, 2012 at 4:00 p.m. (ET)
:
------------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER AMENDING THE SCHEDULING ORDER FOR HEARING ON DEBTORS' PROCESS TO TERMINATE LONG-TERM DISABILITY BENEFITS

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>") for the entry of an order substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (i) further amending the *Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 105(a), 363 and 1108* dated August 1, 2012 [D.I. 8085] (as amended from time to time, the "<u>Scheduling Order</u>"), as amended by the *Order Granting Debtors' Motion for Entry of an Order (A) Establishing Discovery Procedures in Connection with Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors'*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

*Long-Term Disability Plans and the Employment of the LTD Employees and (B) Amending the Scheduling Order for Hearing on Debtors' Process to Terminate Benefits* dated September 20, 2012 [D.I. 8562] (the "LTD Discovery Procedures Order") and (ii) granting them such other and further relief as the Court deems just and proper.[2] In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9014.

### Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the LTD Termination Motion (as defined below).

[3]     Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arraignment Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernest & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collective, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernest & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[4]     The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]     The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Relief Requested**

7. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9014 (i) further amending the Scheduling Order and (ii) granting them such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

8. On June 22, 2011, pursuant to the *Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants*, filed by several of the Debtors' long-term disabled employees (the "LTD Employees") on June 3, 2011 [D.I. 5595], the Court issued an order directing the U.S. Trustee to appoint a committee of the Debtors' long-term disabled employees [D.I. 5790]. The Court appointed the Official Committee of Long Term Disability Participants (the "LTD Committee") for the sole purpose of serving as the authorized representative of the LTD Employees in connection with negotiations regarding the modification or termination of certain benefits provided to the LTD Employees pursuant to various benefit plans (the "LTD Plans") and for no other purpose. On August 2, 2011, the U.S. Trustee appointed the members of the LTD Committee [D.I. 6073], which appointment was later amended on August 4, 2011 [D.I. 6080].

9. On July 30, 2012, after several months of discussions with the LTD Committee and an unsuccessful mediation, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067] (the "LTD Termination Motion") seeking to terminate as of December 31, 2012 the employment of the LTD Employees and certain benefits provided to the LTD Employees pursuant to the LTD Plans that remain in effect.

10. In connection with the filing of the LTD Termination Motion, the Debtors negotiated a scheduling order with counsel for the LTD Committee to set the deadlines for taking

4

discovery and litigating the LTD Termination Motion. On August 1, 2012, the Debtors filed the *Certification of Counsel Regarding Pre-Trial Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 363 and 1108* [D.I. 8079] seeking approval of the Scheduling Order. The Court entered the Scheduling Order on August 1, 2012. Since that time, the parties have engaged in the fact discovery process through the rolling production of documents and information as well as the service of written responses and objections to discovery requests.

11. On August 21, 2012, a group of LTD Employees (the "Nortel US LTD Employees") filed the *Nortel US LTD Employees Objection to Scheduling Order for Hearing on Debtors' Process to Terminate LTD Benefits Pursuant to 11 U.S.C. § 105(a), 363 and 1108* [D.I. 8267] (the "Objection"), relating to their right to participate in the fact discovery process.

12. In an effort to accommodate the requests of the Nortel US LTD Employees as stated in the Objection, on August 29, 2012, the Debtors filed the *Debtor's Motion for Entry of an Order (A) Establishing Discovery Procedures in Connection with Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees and (B) Amending the Scheduling Order for Hearing on Debtors' Process to Terminate Benefits* [D.I. 8364] (the "LTD Discovery Procedures Motion") seeking to establish certain discovery procedures in connection with the LTD Termination Motion and to amend the Scheduling Order to reflect such agreed modifications.

13. On September 20, 2012, the Court entered the LTD Discovery Procedures Order that provided that all document discovery regarding the LTD Termination Motion shall be completed on or before October 15, 2012, all responses to the LTD Termination Motion shall be

filed no later than October 22, 2012 and the proceeding on the LTD Termination shall be held on February 12, 2013 through February 15, 2013, as necessary.[6] The Debtors and the LTD Committee agreed to return to the Court at a later date to seek entry of an order establishing new dates for the remaining deadlines set forth in the Scheduling Order, which were suspended by the entry of the LTD Discovery Procedures Order.

14.     As a result of discussions between the Debtors and counsel to the LTD Committee following the September 21, 2012 mediation session, the parties agreed to set new dates for certain remaining deadlines established by the Scheduling Order, subject to the approval of the Court.  The proposed schedule establishes the remaining deadlines contemplated by the Scheduling Order.  The Debtors worked with the LTD Committee in developing the schedule, and the LTD Committee has informed the Debtors that the proposed schedule is acceptable to it.

15.     Accordingly, the Debtors request that the Scheduling Order be amended in accordance with the following dates to provide:

> a.  <u>Fact Witness Disclosure Deadline</u>:  On or before November 5, 2012, the Debtors shall serve upon the LTD Committee, the LTD Employees, the UCC and the Bondholder Group the Debtors' list of fact witnesses expected to testify on the Debtors' behalf at trial. On or before November 12, 2012, the LTD Committee shall serve upon the Debtors, the UCC and the Bondholder Group the LTD Committee's list of fact witnesses expected to testify on the LTD Committee's behalf at trial.  On or before February 6, 2013, the Debtors and the LTD Committee shall serve upon the other party, the UCC and the Bondholder Group their final lists of witnesses expected to testify on their behalf at trial.
>
> b.  <u>Supplemental Submissions to LTD Termination Motion</u>:  The Debtors, the UCC and the Bondholder Group shall have the right to file supplemental submissions and declarations in support of the LTD Termination Motion by no later than November 2, 2012.

---

[6]     For the avoidance of doubt, this Motion does not seek relief to amend or otherwise modify the dates set by LTD Discovery Procedures Order.

c. <u>Expert Witness Disclosures</u>:  The Debtors' shall file all expert report(s) and/or disclosures on or before November 30, 2012.  The LTD Committee shall file all expert report(s) and/or disclosures on or before December 21, 2012.  For the avoidance of doubt, expert disclosures include, without limitation, declarations or affidavits of any expert witness to be relied upon in the parties' papers or to be used at trial.  Such declarations shall include all information required by Federal Rule of Civil Procedure 26(a)(2), as incorporated by Bankruptcy Rule 7026.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than February 5, 2013.

d. <u>Depositions</u>:  All depositions of all fact witnesses shall be concluded on or before December 21, 2012, except for any depositions of any rebuttal witnesses.  All depositions of all expert witnesses shall be concluded on or before January 15, 2013.

e. <u>Status Conference</u>:  A status conference before the Court shall take place on January 17, 2013.

f. <u>Further Submissions</u>:  All parties shall be entitled to file further submissions in respect of the LTD Termination Motion no later than January 25, 2013.

g. <u>Trial Exhibits</u>:  The Debtors and LTD Committee shall exchange copies of all exhibits, not including those to be used exclusively for impeachment purposes, on or before February 6, 2013.  Each party shall submit a set of its exhibits to the Court's chambers on February 6, 2013, and provide a courtesy set of such exhibits to the other party, the UCC and the Bondholder Group by that date.

h. <u>Testimony at Trial</u>:  On or before February 6, 2013, the Debtors and the LTD Committee shall serve upon each other, the UCC and the Bondholder Group a list identifying for each witness whether that witness will be called for live direct testimony or whether his or her testimony will be presented by declaration or affidavit with respect to the hearing on the LTD Termination Motion.  All such declarations or affidavits that a party intends to use for direct testimony shall be served on the other party, the UCC and the Bondholder Group with a courtesy copy to the Court, on or before February 6, 2013.

i. Deadlines in the amended Scheduling Order may be extended by joint agreement of the Debtors and the LTD Committee or by the Court upon good cause shown.

7

## Basis for Relief Requested

16. By this Motion, the Debtors seek approval of the revised discovery schedule set forth above. The relief requested by the Debtors is authorized under section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. The dates set forth in the revised discovery schedule should be approved as a reasonable extension of the deadlines established in the Scheduling Order as amended by the LTD Discovery Procedures Order. The Debtors submit that the proposed deadlines will allow for orderly and fair completion of discovery and briefing while giving the parties time to explore whether a consensual resolution regarding the LTD Termination Motion can be reached.

18. Moreover, the revised discovery schedule should be approved as fair and reasonable because counsel for the LTD Committee, counsel to the UCC and the Bondholder Group have reviewed the proposed modifications to the discovery schedule and do not object to the amended deadlines.

19. In light of the foregoing, the Debtors respectfully request that this Court amend the Scheduling Order in accordance with the proposed revised discovery schedule set forth above.

## Notice

20. Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the LTD Committee; (iii) the LTD Employees; (iv) counsel to the Bondholder Group; (v) counsel to the UCC; and (vi) the general service list established in these chapter 11 cases.

**<u>No Prior Request</u>**

21.    Except as described therein, no prior request for the relief sought herein has been made to this or any other court.

[*Remainder of the page left intentionally blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) amending the Scheduling Order and (ii) granting them such other and further relief as the Court deems just and proper.

Dated:  October 9, 2012
Wilmington, Delaware

        CLEARY GOTTLIEB STEEN & HAMILTON LLP
        James L. Bromley (admitted *pro hac vice*)
        Lisa M. Schweitzer (admitted *pro hac vice*)
        One Liberty Plaza
        New York, New York 10006
        Telephone:  (212) 225-2000
        Facsimile:  (212) 225-3999

        - and –

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Ann C. Cordo*
        Derek C. Abbott (No. 3376)
        Eric D. Schwartz (No. 3134)
        Ann C. Cordo (No. 4817)
        1201 North Market Street, 18th Floor
        P.O. Box 1347
        Wilmington, DE 19899-1347
        Telephone:  (302) 658-9200
        Facsimile:  (302) 425-4663

        *Counsel for the Debtors and*
        *Debtors in Possession*