**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*  :  Chapter 11
:
Nortel Networks Inc., *et al.*,[1]  :  Case No. 09-10138 (KG)
:
              Debtors.  :  Jointly Administered
:
:  **Re: D.I. _____**
:
----------------------------------------------------------X

## ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER AMENDING THE SCHEDULING ORDER FOR HEARING ON DEBTORS' PROCESS TO TERMINATE LONG-TERM DISABILITY BENEFITS

Upon the motion dated October 9, 2012 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further amending the Scheduling Order; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having reviewed and considered the Motion; and after due deliberation thereon, and good cause appearing therefore:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The deadlines set forth in the LTD Discovery Procedures Order are not amended or otherwise modified by this Order.

3. Except as may otherwise be provided by order of the Court, the Scheduling Order is amended as follows:

    a. <u>Fact Witness Disclosure Deadline</u>:  On or before November 5, 2012, the Debtors shall serve upon the LTD Committee, the LTD Employees, the UCC and the Bondholder Group the Debtors' list of fact witnesses expected to testify on the Debtors' behalf at trial. On or before November 12, 2012, the LTD Committee shall serve upon the Debtors, the UCC and the Bondholder Group the LTD Committee's list of fact witnesses expected to testify on the LTD Committee's behalf at trial.  On or before February 6, 2013, the Debtors and the LTD Committee shall serve upon the other party, the UCC and the Bondholder Group their final lists of witnesses expected to testify on their behalf at trial.

    b. <u>Supplemental Submissions to LTD Termination Motion</u>:  The Debtors, the UCC and the Bondholder Group shall have the right to file supplemental submissions and declarations in support of the LTD Termination Motion by no later than November 2, 2012.

    c. <u>Expert Witness Disclosures</u>:  The Debtors' shall file all expert report(s) and/or disclosures on or before November 30, 2012.  The LTD Committee shall file all expert report(s) and/or disclosures on or before December 21, 2012.  For the avoidance of doubt, expert disclosures include, without limitation, declarations or affidavits of any expert witness to be relied upon in the parties' papers or to be used at trial.  Such declarations shall include all information required by Federal Rule of Civil Procedure 26(a)(2), as incorporated by Bankruptcy Rule 7026.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than February 5, 2013.

    d. <u>Depositions</u>: All depositions of all fact witnesses shall be concluded on or before December 21, 2012, except for any depositions of any rebuttal witnesses.  All depositions of all expert witnesses shall be concluded on or before January 15, 2013.

   e. <u>Status Conference</u>:  A status conference before the Court shall take place on January 17, 2013.

   f. <u>Further Submissions</u>:  All parties shall be entitled to file further submissions in respect of the LTD Termination Motion no later than January 25, 2013.

   g. <u>Trial Exhibits</u>:  The Debtors and the LTD Committee shall exchange copies of all exhibits, not including those to be used exclusively for impeachment purposes, on or before February 6, 2013.  Each party shall submit a set of its exhibits to the Court's chambers on February 6, 2013, and provide a courtesy set of such exhibits to the other party, the UCC and the Bondholder Group by that date.

   h. <u>Testimony at Trial</u>:  On or before February 6, 2013, the Debtors and the LTD Committee shall serve upon each other, the UCC and the Bondholder Group a list identifying for each witness whether that witness will be called for live direct testimony or whether his or her testimony will be presented by declaration or affidavit with respect to the hearing on the LTD Termination Motion.  All such declarations or affidavits that a party intends to use for direct testimony shall be served on the other party, with a courtesy copy to the Court, the UCC and the Bondholder Group on or before February 6, 2013.

4. Deadlines in this Order may be extended by joint agreement of the Debtors and the LTD Committee or by the Court upon good cause shown.

5. For the avoidance of doubt, any and all deadlines applicable to the LTD Committee shall also apply to any LTD Employees in their individual capacity.

6. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
   November _____, 2012

            _____
            THE HONORABLE KEVIN GROSS
            CHIEF UNITED STATES BANKRUPTCY JUDGE