IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administrated |
| | ) |
| | ) **Objection Deadline: Oct. 22, 2012 at 10a.m** |
| | ) **Hearing Date: Feb. 13, 2012 at 10 a.m.** |

## OBJECTION TO DEBTORS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO TERMINATE THE LONG-TERM DISABILITY PLANS

KATHLEEN A. REESE, a disabled participant in the Debtors' LTD Plan, hereby submits this Objection to Debtors' Motion for Entry of an Order Authorizing the Debtors to terminate the Long-Term Disability Plans. In support of this Objection, KATHLEEN A. REESE respectfully represents as follows:

### BACKGROUND            ORIGINAL

1. I was a computer systems engineer for Nortel in San Jose, California from approximately 2000 until I had to leave work on disability in April 2007. I have been continuously disabled from all gainful employment since that time, owing to a neurovascular compression syndrome, Thoracic Outlet Syndrome, and Fibromyalgia. The LTD Plan Administrator, Prudential Insurance, has approved and paid my LTD benefits of $3628.48 per month, net of the offset for my Social Security Disability benefits of $2177.10 per month.

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2. I am greatly distressed that Nortel has now moved to terminate the LTD Plan. I cannot survive on my Social Security Disability benefits alone, and I also will not be able to afford adequate medical care for my Thoracic Outlet Syndrome and Fibromyalgia without the income provided by these LTD benefits. This is especially true if Nortel is able to terminate the Medical Benefits Plan for disabled former employees like myself. In addition, I will not be able to afford to keep my house without the LTD benefits that I was promised by Nortel and that I relied on in continuing my employment there for 7 years.

3. I have been advised by the U.S. Department of Labor that Nortel had a fiduciary obligation under the Employee Retirement Income Security Act of 1974 to provide adequate funding to pay claims for presently disabled LTD Plan participants like myself, even if Nortel may be authorized to terminate the Plan and end coverage for employees that are <u>not</u> presently entitled to LTD benefits. If I had been covered by insurance, rather than by a self-funded Plan like Nortel's, there is no question that the insurance company would have been required to continue paying my LTD benefits even if Nortel terminated the insurance policy. I cannot understand why Nortel can be allowed to escape this same obligation just because it chose to take the risk of not obtaining insurance for the benefits it promised us. Its creditors should not be permitted to shed this obligation, when disabled LTD Plan participants have no way to make up this lost income.

**RELIEF REQUESTED**

4. I respectfully request that the Court deny Nortel's motion to terminate the LTD Plan, unless Nortel is required to provide sufficient funds to pay the LTD benefits of <u>currently disabled</u> Plan participants like myself. I have no objection to Nortel's motion to terminate the LTD Plan as to employees who are not presently disabled, because those benefits

are not required to be funded in advance under ERISA, and because those employees can obtain substitute coverage before they may become disabled.

5. The present value of my claim for future LTD benefits until I reach age 65 in May 2025 is approximately $435,771. This is based on my net monthly benefit of $3,628.48, discounted at the rate of 4% per year. The value of my loss of my medical benefits is too uncertain for me to quantify, depending on whether I may need surgery for my Thoracic Outlet Syndrome.

## BASIS FOR RELIEF

6. I base my claim on the fiduciary requirements of ERISA, because the duties of prudence and loyalty under 29 U.S.C. Section 1104 required the Plan fiduciaries to put aside enough funds in the Plan to pay the incurred claims for LTD benefits.

7. In addition, Nortel's own Plan of Reorganization provides that claims for "post-employment benefits" (which would certainly include LTD benefits) "...are funded as claims are incurred." [Reorganization Plan at pp. 51-52.] Nortel should be required to comply with its own Plan and fund my LTD benefits and other incurred claims if their motion to terminate the LTD Plan is granted.

## NOTICE

8. Notice of this Motion has been provided to (a) counsel to the Debtors; (b) counsel to the Creditors' Committee; (c) counsel to the Retirees Committee; (d) the United States Trustee for the District of Delaware; and (e) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system.

KATHLEEN A. REESE respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, KATHLEEN A. REESE respectfully requests the entry of an Order, in the form attached, providing that LTD benefits for all presently disabled LTD Plan participants, including myself, shall be funded sufficiently to continue benefits for as long as the participant is disabled, or until age 65, if earlier.

Dated: 10/8/12

*Kathleen A. Reese*
KATHLEEN A. REESE
200 Carnegie Drive
Milpitas, CA. 95035
Telephone: (408) 712-2813
Facsimile: N/A
Email: kreese001@yahoo.com

*Appearing Pro Se*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administrated |
| | ) |
| | ) **Re: Docket No. _____** |

### ORDER GRANTING Objection to Debtors' Motion for Order authorizing Debtor to terminate the Long-Term Disability Plan

Upon consideration of the *Objection filed herein by KATHLEEN A. REESE*, and any responses thereto; and it appearing that sufficient notice of the Objection has been given; and good cause having been shown, it is hereby

ORDERED that the Objection is granted.

ORDERED that Nortel will provide an allowed claim in the amount of $435,771.


Dated: _____, 2012
Wilmington, Delaware

                                                          HONORABLE KEVIN GROSS
                                                          CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.