**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                :
                                :          Chapter 11

*In re*                           :

Nortel Networks Inc., *et al.*,[1]      :          Case No. 09-10138 (KG)

                         Debtors.  :          Jointly Administered
                                :

                                :          **RE: D.I. _____**
                                :
-------------------------------------------------------X

**ORDER APPROVING THE STIPULATION RESOLVING PROOFS OF CLAIM
NOS. 5517 AND 6137 FILED BY LINEX TECHNOLOGIES, INC.**

Upon the motion dated October 16, 2012 (the "<u>Motion</u>"),[2] of Nortel Networks Inc.

("<u>NNI</u>") and its affiliated debtors, as debtors and debtors in possession in the above-captioned

cases (the "<u>Debtors</u>"), for entry of an order, pursuant to § 105(a) of the Bankruptcy Code and

Bankruptcy Rule 9019, as more fully described in the Motion, authorizing NNI's entry into and

approving the Stipulation, attached to the Motion as **Exhibit B**, and granting them such other and

further relief as the Court deems just and proper; and adequate notice of the Motion having been

given as set forth in the Motion; and it appearing that no other or further notice is necessary; and

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      NNI is authorized to enter into the Stipulation, and the Stipulation is approved in

its entirety.

3.      Claim No. 5517 is hereby disallowed and expunged in its entirety.

4.      Claim No. 6137 is hereby reduced and allowed as a general unsecured claim in

the reduced amount of $200,000.

5.      The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions LLC, and the

Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to

give effect to the Stipulation, and are authorized, but not directed, to take any and all action that

may be reasonably necessary or appropriate to perform their obligations arising under the

Stipulation.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to

the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order.

7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE