**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
:
*In re*                                                  :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                       :    Case No. 09-10138 (KG)
:
             Debtors.             :    Jointly Administered
:
------------------------------------------------------------X

**STIPULATION RESOLVING CLAIM BY AND BETWEEN
LINEX TECHNOLOGIES, INC. AND NORTEL NETWORKS INC.**

This Stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Linex Technologies, Inc. ("Claimant", and together with Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on or about April 5, 2005, Claimant commenced a lawsuit against the Nortel Debtor and certain other defendants in the United States District Court for the Southern District of Florida, West Palm Beach Division, Civ. No. 05-80300 (the "Litigation"), asserting claims against Claimant for infringement of United States Patent Nos. 6,493,377 and 7,167,503;

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1

WHEREAS, on January 14, 2009 the Nortel Debtor and certain of its affiliated debtors and debtors in possession, and on July 14, 2009 another of the Nortel Debtor's affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)) (collectively, the "Petition Dates")[2];

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 for claims against all Debtors (other than NN CALA) and January 25, 2010 (for claims against NN CALA) for filing proofs of claim in these cases;

WHEREAS, on or about September 30, 2009, Claimant filed proof of claim number 5517 against the Nortel Debtor in the estimated amount of $2.5 to $3.2 million, reflecting the estimated amount of damages sought from the Nortel Debtor in the Litigation, which attached the original complaint filed in the Litigation ("Claim No. 5517");

WHEREAS, on or about November 18, 2009, Claimant filed proof of claim number 6137 against the Nortel Debtor in the estimated amount of $2.5 to $3.2 million, reflecting the estimated amount of damages sought from the Nortel Debtor in the Litigation, which attached the first amended complaint filed in the Litigation, and which amended and superseded Claim No. 5517 ("Claim No. 6137," and together with Claim No. 5517, the "Claims");

---

[2] All of the debtors identified in footnote 1 hereof filed on January 14, 2009 except for Nortel Networks (CALA) Inc. ("NN CALA"), which filed on July 14, 2009.

WHEREAS, the Parties have engaged in arms' length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes and the Claim; and

WHEREAS, the Parties have agreed that Claim No. 5517 should be disallowed and expunged as superseded, and Claim No. 6137 should be reduced and allowed as a general unsecured claim in the amount of Two Hundred Thousand Dollars ($200,000.00);

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claims.  Upon the approval of this Stipulation by the Bankruptcy Court:

    (a)  Claim No. 5517 shall be deemed disallowed and expunged in its entirety;

    (b)  Claim No. 6137 shall be deemed reduced and allowed as a general unsecured claim by Claimant against the Nortel Debtor in the amount of $200,000.00 (the "Settlement Amount");

    (c)  This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant, and Claimant shall have no other or further claims against the Debtors aside from Claim No. 6137 as reduced and allowed herein;

    (d)  The Parties acknowledge and agree that the Settlement Amount is a negotiated sum for settlement purposes only, which is not intended to represent or reflect any of the following had Claimant successfully established infringement by the Nortel Debtor in the Litigation:  (i) full compensation; or (ii) full payment for royalties for past sales; or (iii) payments for future sales based upon a

3

reasonable royalty rate for purposes of a damages calculation in litigation; and the Parties agree that this Settlement Stipulation should not be used for such purposes. The Parties also acknowledge that any imputed royalty rate calculated based upon the negotiated Settlement Amount is not intended to reflect a "reasonable royalty rate" that a judge or jury might have determined for purposes of calculating damages in the Litigation, had Claimant successfully established infringement by the Nortel Debtor in the Litigation.

2. <u>Release by Claimant</u>. Effective upon approval of this Stipulation by the Bankruptcy Court, and except for the Nortel Debtor's liability on Claim No. 6137, as reduced and allowed herein, Claimant releases and forever discharges the Debtors, and each of their current and former parents, affiliates, subsidiaries, shareholders, directors, officers, employees, agents, general partners, limited partners, attorneys, personal representatives, predecessors, and successors (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, recoupments, costs, expenses (including, without limitation, attorney's fees), and setoffs, whether known or unknown, past or present, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, that Claimant now has, had, may have had, or hereafter may have against any of the Debtor Releasees, including, without limitation, any claim arising from or related to the Claims or the Litigation.

3. <u>Release by Debtors</u>.  Effective upon approval of this Stipulation by the Bankruptcy Court, Debtors release and forever discharge the Claimant, and each of its current and former shareholders, directors, officers, employees, agents, attorneys, personal representatives, predecessors, and successors (collectively, the "Claimant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, recoupments, costs, expenses (including, without limitation, attorney's fees), and setoffs, whether known or unknown, past or present, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, that Debtors now have, had, may have had, or hereafter may have against any of the Claimant Releasees, including, without limitation, any claim arising from or related to the Claims or the Litigation.

4. <u>Future Infringement</u>.  Notwithstanding the provisions of paragraph 2 above, the Debtor Releases shall not constitute a license, or permission, to use, make or sell the inventions claimed in United States Patent Nos. 6, 493,377 and 7,167,503. Claimant reserves the right to enforce such patents, including bringing infringement actions, as to any infringing products made, used or sold after the date of this Stipulation.  Claimant covenants to not to sue any third parties who purchased products directly from Nortel Debtor prior to date of this Stipulation.

5. <u>No Further Claims</u>.  Upon approval of this Stipulation by the Bankruptcy Court, Claimant shall be forever barred from (i) amending the Claims and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

6. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

7. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

8. <u>No Transfer</u>.  Claimant represents that it has not sold, assigned or otherwise transferred the Claims to a third party.

9. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession with respect to liability or any allegation raised in or relating to the Claims.

10. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and this Stipulation shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or of any liability thereunder.

14. <u>Dismissal of Litigation</u>.  Within five (5) business days after approval of this Stipulation by the Bankruptcy Court, Claimant shall file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) with the United States District Court for the Southern District of Florida to effect a voluntary dismissal with prejudice of all claims Claimant has asserted against the Nortel Debtor in the Litigation.

15. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Nortel Networks Inc.

By: _____
John Ray, Principal Officer

Dated: _____, 2012

Linex Technologies, Inc.

By: _____
Donald Schilling, Chairman and Chief Executive Officer

Dated: 22 September, 2012

3920/101/339705.1

8