## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                                  :

*In re*                                 :          Chapter 11
                                    :

Nortel Networks Inc., *et al.*,[1]        :          Case No. 09-10138 (KG)
                                    :

                  Debtors.       :          Jointly Administered
                                    :

                                    :          **Hearing date:  November 7, 2012 at 10:00 a.m. (ET)**
                                    :          **Objections due: October 31, 2012 at 4:00 p.m. (ET)**

-------------------------------------------------------- X

## DEBTORS' MOTION FOR ENTRY OF ORDER
## APPROVING STIPULATION RESOLVING CLAIM NOS. 4163,
## 4700, 6093, 6094, 6296, 6297, 6401 AND 6402 FILED BY U.S. BANK NATIONAL
## ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF BANC
## OF AMERICA COMMERCIAL MORTGAGE INC. COMMERCIAL MORTGAGE
## PASS-THROUGH CERTIFICATES, SERIES 2006-2, C/O SITUS HOLDINGS, LLC

Nortel Networks Inc. ("NNI"), Nortel Networks (CALA) Inc. ("NN CALA") and certain

of their affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move

this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as

**Exhibit A**, pursuant to sections 105(a), 502 and 503(b)(1) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) authorizing NNI's and NN CALA's entry into and approving a

stipulation (the "Stipulation") with U.S. Bank National Association, as Trustee for the Registered

Holders of Banc of America Commercial Mortgage Inc. Commercial Mortgage Pass-Through

Certificates, Series 2006-2, c/o Situs Holdings, LLC ("Claimant"), attached hereto as **Exhibit B**,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions, are available at http://dm.epiq11.com/nortel.

which (i) allows Claimant's proofs of claims in part and (ii) granting them such other and further

relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully

represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502 and

503(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA,[2]

filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, which

cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

---

[2]      NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009,
which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural
purposes [D.I. 1098].

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7.      By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502 and 503(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's and NN CALA's entry into and approving the Stipulation, and (ii) granting them such other and further relief as the Court deems just and proper.

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Facts Relevant to this Motion**

8.      1500 Concord Terrace LP ("<u>1500 Concord</u>"), as lessor, and NNI and NN CALA, as co-tenants, entered into that certain lease dated March 28, 2002 (as the same may have been amended, modified or supplemented from time to time in accordance with its terms, the "<u>Lease</u>") for nonresidential real property located at 1500 Concord Terrace, Sawgrass Corporate Park, Sunrise, FL.  As a condition to effectiveness of the Lease, a letter of credit in the amount of $1,196,532.00 and a supplemental cash deposit in the amount of $26,922.00 were posted, which Claimant has drawn.

9.      On or about December 21, 2010, pursuant to a Transfer of Claim Pursuant to Bankruptcy Rule 3001(E)(2), TMW Weltfonds 1500 Concord Terrace L.P., as successor-in-interest to 1500 Concord, transferred and assigned its interest in the Claims to Claimant.

10.     On or about September 29, 2009, pursuant to the Seventeenth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors In Possession, the Debtors rejected the Lease effective as of October 31, 2009.

11.      On or about September 28, 2009, 1500 Concord (i) filed proof of claim number 4163 in the amount of $6,243.00 ("<u>Claim No. 4163</u>") against NNI and (ii) filed proof of claim number 4700 in the amount of $6,243.00 ("<u>Claim No. 4700</u>") against NN CALA.

12.     On or about November 3, 2009, 1500 Concord (i) filed proof of claim number 6094 in the amount of $3,727,455.93 ("<u>Claim No. 6094</u>") against NNI and (ii) filed proof of claim number 6093 in the amount of $3,727,455.93 ("<u>Claim No. 6093</u>") against NN CALA.

13.     On or about December 17, 2009, 1500 Concord (i) filed proof of claim number 6297 in the amount of $5,259,512.57 ("<u>Claim No. 6297</u>") against NNI and (ii) filed proof of claim number 6296 in the amount of $5,259,512.57 ("<u>Claim No. 6296</u>") against NN CALA.

14.     On or about December 24, 2009, 1500 Concord (i) filed proof of claim number 6402 in the amount of $4,947,863.06 ("Claim No. 6402") against NNI and (ii) filed proof of claim number 6401 in the amount of $4,947,863.06 ("Claim No. 6401") against NN CALA (collectively, all claims listed in paragraphs 11-14 herein, the "Claims").

15.     As a result of negotiations between Claimant and the Debtors, a compromise resolving Claim Nos. 6401 and 6402 has been reached, subject to this Court's approval. Claim Nos. 6402 and 6401 will be resolved such that for each claim (i) $749,290.83 will constitute an administrative claim and (ii) $2,601,847.83 will constitute an unsecured claim; provided, however, that Claimant shall not receive distributions on account of Claim Nos. 6401 and 6402 that exceed, in the aggregate, $3,351,138.66. Also pursuant to the Stipulation, Claim Nos. 4163, 6094, 6297, 4700, 6093 and 6296 shall be disallowed in their entirety and expunged. The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of the Claims through the Stipulation is appropriate and in the best interests of both their estates and their creditors.

## Basis for Relief

16.     The Debtors seek authorization for NNI to enter into the Stipulation under sections 105(a), 502 and 503(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17.     Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health

Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'"  In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

18.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate."  In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness."  Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

19.     The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

20.    The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation, and request that NNI's and NN CALA's entry into the Stipulation be authorized under Bankruptcy Rule 9019.  The settlement reflected in the Stipulation clarifies the priorities of the amounts owed by NNI and NN CALA to Claimant following rejection of the Lease and reduces the claimed amounts by $1,596,724.40.  While the Debtors are prepared to further dispute the Claims and believe that they would prevail in such litigation, this resolution fairly balances the Debtors' likelihood of success on the merits of the Claims against their interest in avoiding the uncertainty of litigation.

21.    In addition, further disputes of the Claims would result in the estate's expenditure of legal fees, which could diminish or eviscerate the benefits to be achieved through the compromise achieved through stipulating.  Finally, the interests of the creditors militate in favor of approval of the Stipulation.  The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Claims and the avoidance of legal expenses.  In light of the foregoing, the Debtors respectfully seek authorization to enter into the Stipulation and approval of the Stipulation.

## Notice

22.    Notice of the Motion has been given via electronic transmission, hand delivery or first class mail to (i) counsel to Claimant; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter

11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

23.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: October 16, 2012           CLEARY GOTTLIEB STEEN & HAMILTON LLP
       Wilmington, Delaware

                            James L. Bromley (admitted *pro hac vice*)
                            Lisa M. Schweitzer (admitted *pro hac vice*)
                            One Liberty Plaza
                            New York, New York 10006
                            Telephone:  (212) 225-2000
                            Facsimile:  (212) 225-3999

                            - and -

                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                            */s/ Tamara K. Minott*
                            Derek C. Abbott (No. 3376)
                            Eric D. Schwartz (No. 3134)
                            Ann C. Cordo (No. 4817)
                            Tamara K. Minott (No. 5643)
                            1201 North Market Street
                            P.O. Box 1347
                            Wilmington, Delaware 19801
                            Telephone:  (302) 658-9200
                            Facsimile: (302) 658-3989

                            *Counsel for the Debtors*
                            *and Debtors in Possession*