**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                            :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                      :    Case No. 09-10138 (KG)
:
Debtors.                          :    Jointly Administered
:
---------------------------------------------------------X

**STIPULATION RESOLVING
CLAIM NUMBERS 4163, 4700, 6093, 6094, 6296, 6297, 6401 AND 6402**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI"), Nortel Networks (CALA) Inc. ("NN CALA") and U.S. Bank National Association, as Trustee for the Registered Holders of Banc of America Commercial Mortgage Inc. Commercial Mortgage Pass-Through Certificates, Series 2006-2, c/o Situs Holdings, LLC ("Claimant", and together with the NNI and NN CALA, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009, NNI and its affiliated debtors and debtors in possession other than NN CALA filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

WHEREAS, on July 14, 2009, NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and its case was consolidated and is being administered with NNI and its affiliates' chapter 11 cases for procedural purposes (NN CALA, NNI and its affiliated chapter 11 debtors collectively, the "<u>Debtors</u>"); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against NNI CALA) and January 25, 2010 (for claims against NN CALA) for filing proofs of claim in these cases; and

WHEREAS, 1500 Concord Terrace LP ("<u>1500 Concord</u>"), as lessor, and NNI and NN CALA, as co-tenants, were parties to a certain lease dated March 28, 2002 (as the same may have been amended, modified or supplemented from time to time in accordance with its terms, the "<u>Lease</u>") for nonresidential real property located at 1500 Concord Terrace, Sawgrass Corporate Park, Sunrise, FL; and

WHEREAS, on September 29, 2009, pursuant to the Seventeenth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors In Possession, the Debtors rejected the Lease effective as of October 31, 2009; and

WHEREAS, on or about September 28, 2009, 1500 Concord (i) filed proof of claim number 4163 in the amount of $6,243.00 ("<u>Claim No. 4163</u>") against NNI and (ii) filed proof of claim number 4700 in the amount of $6,243.00 ("<u>Claim No. 4700</u>") against NN CALA; and

WHEREAS, on or about November 3, 2009, 1500 Concord, (i) filed proof of claim number 6094 in the amount of $3,727,455.93 ("<u>Claim No. 6094</u>") against NNI and (ii) filed proof of claim number 6093 in the amount of $3,727,455.93 ("<u>Claim No. 6093</u>") against NN CALA; and

2

WHEREAS, on or about December 17, 2009, 1500 Concord (i) filed proof of claim number 6297 in the amount of $5,259,512.57 ("Claim No. 6297") against NNI; and (ii) filed proof of claim number 6296 in the amount of $5,259,512.57 ("Claim No. 6296") against NN CALA; and

WHEREAS, on or about December 24, 2009, 1500 Concord (i) filed proof of claim number 6402 in the amount of $4,947,863.06 ("Claim No. 6402") against NNI; and (ii) filed proof of claim number 6401 in the amount of $4,947,863.06 ("Claim No. 6401") against NN CALA; and

WHEREAS, the Parties have agreed that Claim Nos. 4163, 6094 and 6297 are duplicative of, and included in, Claim No. 6402, and Claim Nos. 4700, 6093 and 6296 are duplicative of, and included in, Claim No. 6401 (all claims identified in this sentence collectively, the "Claims") and all claims other than Claim Nos. 6402 and 6401 should be expunged pursuant to paragraph 2 below; and

WHEREAS, on December 21, 2010, pursuant to a Transfer of Claim Pursuant to Bankruptcy Rule 3001(E)(2), TMW Weltfonds 1500 Concord Terrace L.P., as successor-in-interest to 1500 Concord, transferred and assigned its interest in the Claims to Claimant; and

WHEREAS, Claimant holds the proceeds of a drawn letter of credit in the amount of $1,196,532.00 and a supplemental cash deposit in the amount of $26,922.00 (collectively, the "Held Cash"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that each of Claim No. 6402 and Claim No. 6401 should be allowed against NNI and NN CALA, respectively, as (i) an administrative claim in the amount of $749,290.83 and (ii) a general unsecured claim in the amount of $2,601,847.83, which is $3,825,301.83 less the Held Cash.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. <u>Allowance of Claim Nos. 6402 and 6401</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claim Nos. 6402 and 6401 shall be resolved in full as follows:

   a. Claim No. 6402 shall be allowed against NNI as (i) an unsecured claim in the amount of $2,601,847.83 and (ii) an administrative claim in the amount of $749,290.83; and

   b. Claim No. 6401 shall be allowed against NN CALA as (i) an unsecured claim in the amount of $2,601,847.83 and (ii) an administrative claim in the amount of $749,290.83; and

   c. Claimant shall be entitled to retain the Held Cash.

2. <u>Resolution of Claim Nos. 4163, 6094, 6297, 4700, 6093 and 6296</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, each of Claim Nos. 4163, 4700, 6094, 6093, 6297 and 6296 shall be disallowed in their entirety and expunged.

3. <u>Full Satisfaction</u>.  The allowance of Claim Nos. 6402 and 6401 described in paragraph 1 and the disallowance of the claims described in paragraph 2 shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court.  Claimant shall not have any further claims against the Debtors based

on the Debtors' schedules.  For the avoidance of doubt, Claimant shall not receive distributions on account of Claim Nos. 6402 and 6401 that exceed, in the aggregate, $3,351,138.66.

    4.    <u>Release</u>.  Except as to Claimant's rights of distribution and otherwise in connection with the allowance of Claim Nos. 6402 and 6401 set forth in paragraph 1, effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to the Claims and the Lease.  However, in the event NNI or NN CALA's chapter 11 cases are for any reason dismissed without NNI or NN CALA receiving a discharge, Claimant's release of the Debtors, or any party, by this Stipulation shall be deemed void and of no effect.

    5.    <u>No Further Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases arising out of pre-petition liabilities of the Debtors to the Claimant.

    6.    <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

7. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

8. <u>No Transfer</u>. Claimant represents that it has not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party.

9. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

10. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and this proposed settlement shall not

constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

14. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: September 26, 2012

Nortel Networks Inc.                                           Nortel Networks (CALA) Inc.

By: _____                                   By: _____
Name: John J. Ray III                                          Name: John J. Ray III
Title: Principal Officer                                       Title: Principal Officer


U.S. BANK NATIONAL ASSOCIATION, as Trustee
for the Registered Holders of Banc of America
Commercial Mortgage Inc. Commercial Mortgage
Pass-Through Certificates, Series 2006-2

By:   SITUS HOLDINGS, LLC, acting in its capacity
      as Special Servicer and not individually

      By: _____
      Name: _____
      Title: _____

constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

14. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: September 26, 2012

| Nortel Networks Inc. | Nortel Networks (CALA) Inc. |
|---|---|
| By:_____ | By:_____ |
| Name: John J. Ray III | Name: John J. Ray III |
| Title: Principal Officer | Title: Principal Officer |

U.S. BANK NATIONAL ASSOCIATION, as Trustee
for the Registered Holders of Banc of America
Commercial Mortgage Inc. Commercial Mortgage
Pass-Through Certificates, Series 2006-2

By:   SITUS HOLDINGS, LLC, acting in its capacity
      as Special Servicer and not individually

By: _____
Name: George Wisniewski
Title: Senior Managing Director