IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administrated |
| | ) Objection Deadline: Oct. 22, 2012 at 10 a.m. |
| | ) Hearing Date: Feb. 12, 2013 at 10 a.m. |
| | RE: D.I. # 8067 |

## OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM DISABILITY PLANS AND THE EMPLOYMENT OF THE LTD EMPLOYEES

Daniel D. David, a disabled LTD employee, of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection to Debtors' Motion for entry of an order authorizing the Debtors to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees. In support of this Objection, Daniel D. David respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## BACKGROUND

1. I worked for 26 years in Engineering, Process control, robotics, Financial, Insurance, Banking and Manufacturing.

2. I was recruited by Nortel in 1990 as an IT manufacturing systems specialist and provided my services as a subcontractor through late 1998 and in October 1998 became a Nortel Employee **while taking approximately $57,000 cut in pay for Nortel employee benefits.**

3. While at Nortel I had the responsibility for a $5.5 billion dollar manufacturing process automation and helped develop a just- in - time on time delivery environment in Nortel Network's manufacturing process and Manufacturing systems.

4. I was responsible for developing, implementing and maintaining Post Configuration, Customer Order tracking, Manufacturing system and Pre-account receivable systems information.

5. I contributed my expertise, and recommendation in all phases of the manufacturing process all the way from the manufacturing floor to the executives. In just one of my recommendations, I saved Nortel $117 million.

6. In December of 1999 after an 87 hour work week, I had an unknown attack where I experienced that everything was spinning out of control for three days and from there I saw doctors at Duke university hospital, Wake medical, John Hopkins's and was diagnosed with an inoperable Cavernous Angioma (a type of brain tumor), MS and Parkinson's.

7. After that my health deteriorated quickly.

8. On the advice of my Doctors and the IT Vice President of Nortel, I applied and was approved for short term disability March 6, 2000. Eventually on September 6, 2000, I was approved for Long Term Disability by Prudential Insurance Company.

## RELIEF REQUESTED

9. I request that the Debtors Motion to terminate the LTD Plans and LTD Employees [DI#8067] be rejected.

10. I request the Debtors compensate me in full for my LTD benefits to age 65 that Nortel became obligated and liable once I became totally disabled, my Total Claim is $303,079.00.

11. I request that there is no interruption in disbursement of LTD benefit (or compensation of same) as the impact to me would be both financially and medically devastating.

## BASIS FOR RELIEF

12. In 1998 I accepted the position as an employee by taking a **$57,000 cut in pay** for **benefits** provided by Nortel.

13. Prior to being an employee I had somewhat as good or better benefits while working as a sub-contractor for Nortel Networks Inc. from November 1990 through October 1998.

14. Nortel's obligation relating to my rights as an employee to receive compensation for future absences is attributed to my services already rendered.

15. According to Year 2000 LTD SPD (**Exhibit A**) guidelines under which my **LTD claim** was approved doesn't state that my **LTD claim** could be terminated prior to age 65 except:

    a. You stop being totally disabled or die.

b. You are able to return to work at any reasonable occupation after the first 12 months of LTD.

c. You are no longer under the care of a physician.

d. You fail to furnish the latest required proof of the continuance of your total disability or refuse to be examined by a physician designated by the plan.

e. You reach the end of the maximum benefit period for any one period of total disability as shown in the chart. (In my case it is age 65)

16. Nortel is trying to break my approved contractual **LTD Claim** agreement which was approved prior to Nortel's petition for bankruptcy (chapter 11).

17. On page 5 paragraph 9 of the Nortel motion [D.I. 8067] the debtor is asking the Court not only to terminate the plan but also terminate current outstanding Approved LTD Claims and terminate the LTD Claim holder's employment thereafter.
    a. The Termination of LTD plan cannot take place unless all the incurred obligations for current LTD Claims are cleared from the books or financial statement as stated in item (d) below.
    b. So in order to take the LTD Claims obligation off the books the debtor is asking your Honor to terminate the LTD Claims holder's employment rather than paying the approved LTD Claims outright and then terminating the plan.
    c. You see your Honor the debtors are not acting in good faith by not meeting their contractual obligations and misguiding the court to accomplish their purpose.
    d. Therefore breaking the Department of Labor's Rules and regulations schedule (29 CFR2520.103-10) and also according to statement made by KPMG auditors in Nortel **Form 5500 – 2010 report**. The report states on page 6 or VDR page NNI-LTD-00002889 paragraph 3: **The Plan agreement provides that the Company has no obligation to make any minimum contribution and no obligation to make any contribution in any year, except for contributions necessary to enable the Plan to fund**

**claims under the component programs of the VEBA that are incurred prior to the date of termination of the Plan.**

      e. The LTD obligation incurred (in my case September 6, 2000) when the LTD participant went on disability.

18. Nortel has sufficient funds to satisfy my Claim, shown in **Exhibit B**.

19. According to FASB- **FAS 112** statement: **Exhibit C**

## *Reporting Requirements*

ERISA and the Financial Accounting Standards Board ("FASB") have specific financial reporting requirements that pertain to filing the 5500 and the audits of the financial statements of employee benefit plans.

Paragraph 1.

1. This Statement establishes standards of financial accounting and reporting for the estimated cost of benefits provided by an employer to former or **inactive employees** after employment but before retirement (referred to in this Statement as *postemployment benefits*). Postemployment benefits are all types of benefits provided to former or inactive employees, their beneficiaries, and covered dependents. Inactive employees are those who are not currently rendering service to the employer and who have not been terminated. They include those who have been laid off and those on **disability leave, regardless of whether they are expected to return to active status.** Postemployment benefits include, but are not limited to, salary continuation, supplemental unemployment benefits, severance benefits, **disability-related benefits** (including workers' compensation), job training and counseling, and continuation of benefits such as health care benefits and life insurance coverage.

Paragraph 6.

**Accounting for Postemployment Benefits**
6. Postemployment benefits that meet the conditions in paragraph 6 of Statement 43 shall be accounted for in accordance with that Statement. Paragraph 6 of Statement 43 states:
An employer shall accrue a liability for employees' compensation for future absences if *all* of the following conditions are met:

    a. The employer's **obligation relating to employees'** rights to receive compensation for future absences is attributable to **employees' services already rendered,**
    b. The obligation relates to rights that vest or accumulate,
    c. Payment of the compensation is probable, and

      d. The amount can be reasonably estimated.

Postemployment benefits that are within the scope of this Statement and that do not meet those conditions shall be accounted for in accordance with Statement 5. Paragraph 8 of Statement 5 states:
An estimated loss from a loss contingency (as defined in paragraph 1) shall
be accrued by a charge to income if *both* of the following conditions are met:
a. Information available prior to issuance of the financial statements indicates
that it is probable that an asset had been impaired or a liability had been
incurred at the date of the financial statements. It is implicit in this condition that it must be probable that one or more future events will occur confirming the fact of the loss.
b. The amount of loss can be reasonably estimated.

20. Nortel admits the obligation as vested for my LTD Claim in their VEBA financial statement according to FAS 112 as reported in **Financial Statement and Form 5500 - 2010** under schedules required by **29CFR 2520.103-10** of the **Department of Labor** Rules and Regulations reporting and Disclosure under ERISA.

21. Nortel admits of the obligation in a letter prepared by Prudential Insurance Company (a representative of Nortel Networks Inc.) for approval of my disability claim in **Exhibit D**.

22. Nortel admits of the obligation to pay my LTD Claim TO AGE 65 in a letter prepared by Prudential Insurance Company (a representative of Nortel Networks Inc.). **Exhibit E**

23. Fiduciary obligations are not served when an essentially insolvent benefit is offered; nor when the same agent seeks to **terminate my employment to expressly deny my LTD Claim.**

24. Nortel is seeking to breach a contract that they had with me and should be required to make good on it as I provided my services to them in good faith, paid insurance premiums, etc.

25. The U. S. Social Security Administration has approved my disability. **Exhibit F**

26. My life insurance policy premium was waived for the time I am disabled. **Exhibit G**

27. My current Medical SPD (summary plan description) - 2012 states in the **Extension of Health Care Protection** that I will be covered as long as I am disabled under the LTD claim. **Exhibit H**

28. My CARP 401K plan was terminated prematurely. **Exhibit I**

29. According to section one of retirement medical plan - 2012 DVR page NNI-LTD-00003731 I am also eligible for medical, life and long term care benefits after age 65. **Exhibit J**

## EXHIBITS

A – 2000 LTD SPD

B – Daniel D, David's Claim Form.

C - FASB - FAS 112 statement

D – Prudential LTD approval letters

E - Prudential LTD approval to age 65

F - Social Security disability Award

G – Life insurance premium waiver

H – Continuing Coverage – Extension of Health Care Protection - 2012

I – CARP Program

J – Section one of Retiree Medical Plan Benefits -2012 page – NNT-LTD-00003731

## NOTICE

1. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Daniel D. David respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, Daniel D. David respectfully requests the entry of an Order, in the form attached:

1. Reject the Debtors motion to Terminate the LTD Plans and LTD Employees [DI#8067] as is.

2. Compel the Debtors to compensate Daniel D. David in full for LTD Claim projected to age 65; Total Claim being $303,079.00.

3. Order that there is no interruption in disbursement of LTD benefit (or compensation for same) to Daniel D. David.

Dated: October 14, 2012

*[signature]*

Daniel D. David
2105 possum trot rd
Wake Forest, NC 27587
Telephone: 919-554-9291
Facsimile: N/A
Email: ddavid4@nc.rr.com

*Appearing Pro Se*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administrated |
| | ) **Re: Docket No. 8067** |

## ORDER GRANTING OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM DISABILITY PLANS AND THE EMPLOYMENT OF THE LTD EMPLOYEES

Upon consideration of the Objection filed by Daniel D. David, and any responses thereto; and it appearing that sufficient notice of the Objection has been given; and in good cause having been shown, it is hereby

ORDERED that the Objection is granted.

ORDERED that Nortel provide Daniel D. David an allowed claim in the amount of $303,097.00.

Dated: _____, 2012
Wilmington, Delaware

HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.