IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) ) ) | Case No. 09-10138 (KG) |
| Debtors. | ) ) ) | Jointly Administrated |
| | ) ) ) ) | Objection Deadline: Oct. 22, 2012 at 10 a.m.<br>Hearing Date: Feb. 12, 2013 at 10 a.m.<br>RE: D.I. # 8067 |

**OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM DISABILITY PLANS AND THE EMPLOYMENT OF THE LTD EMPLOYEES**

Jerry L. Wadlow (the LTD Employee) of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection to Debtors' Motion for entry of an order authorizing the Debtors to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees. In support of this Objection, Jerry L. Wadlow respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## BACKGROUND

1. I am 51 years old, and went out on Long Term Disability in 2005 due to severe degenerative disc disease. My doctors (spine surgeons) had requested that I stop working three separate times starting in 2002 before I finally relented. I wanted to keep working not only for my benefit, but for the benefit of the company that had become such a part of my life.

2. After working for several different companies in the cellular industry mainly on Nortel Equipment, I became very proficient with the Nortel Cellular Products. Sprint PCS in Burbank, CA. offered me a supervisor position of my choice of any Cellular Switch I wanted if I would remain employed with them, but after talking to the manager that had hired me at Sprint PCS who had gone to work at Nortel as a manager, hearing about Nortel's benefits, and how they took care of their employees, I chose Nortel.

3. I started working for Nortel Networks Feb. 28, 2000, and my first position of Senior Technical Support Engineer required 100% travel, and I worked many long hours making sure that on the AT&T project I was lead engineer in the Network Integration Dept. that Nortel was on time with their deliverables so that no penalties had to be paid for Nortel not being on time. Later, I was recruited from a manager in TAS (Customer Technical Support) as a Sr. Technical Support Engineer supporting various customers such as AT&T, Cingular, Verizon etc. with any type of technical issues regarding Network Operations in their wireless (cellular) networks.
I really enjoyed my career, was very good at it, and I never imagined in my life that I would ever have to go out on disability.

4. Anyway after one neck surgery, and three more back surgeries, I finally was forced to go

out on, and had my claim for Long Term Disability approved in April 1, 2005. **Exhibit B**

One part of being approved for LTD meant that I had to be approved for

Social Security Disability. I spoke to Nortel HR on several occasions and the people I

spoke to assured me that for all practical purposes, I was retired, and would receive

my pay, and medical until I reached the age of 65. Also, I had paid a higher premium

on my FLEX benefits so that if I ever became disabled, I would receive 70%

of my pay rather than the core amount.

## RELIEF REQUESTED

5. I request that the Debtors motion to Terminate the LTD Plans and LTD Employees [DI#8067] be rejected.

6. I request that my approved and vested claim for Long Term Disability which includes severance, as well as many other factors be allowed, and undisputed.

7. I request the Debtors compensate me in full for my LTD claim which entitled me to receive benefits (medical, and salary) to age 65 that Nortel became liable for me once I became totally disabled, **my Total Claim is $626,161.96** amended to December 31, 2012. **Exhibit A**

8. I request that there is no interruption in disbursement of LTD claim (or compensation of same) as the impact to me would be both financially and medically devastating.

## BASIS FOR RELIEF

9. I never received a SPD, and did not know what one was until just recently. In my FLEX Benefit handbook where I made my yearly Insurance choices NOWHERE does it state Nortel was self- insured. I paid higher Premiums to receive 70% of my pay if I ever became Disabled, and paying that premium alone would make one believe that I was paying for actual Insurance.

10. Even if Nortel was self-insured, they should have to abide by the same rules as any Insurance company would. It was never made clear to me that I was not purchasing Insurance every year, or I would have purchased 'real insurance' which they started offering in 2012!

11. As per the 2010 form 5500 Nortel Networks Welfare Benefits Plan financial statement filed with the Department of Labor, the SEC, and IRS, it plainly states that Nortel is liable for all existing claims, and Nortel has more than enough money to Pay my claim at 100%. Paying my claim would amount to fraction of just one single person's annual executive bonus package.

12. Nortel is spending Millions of dollars trying to get out of honoring my approved LTD claim which was approved long before Nortel's filing for bankruptcy. Just a fraction of what they have spent would pay my LTD claim in its entirety.

13. Nortel has the funds to pay my LTD claim at 100%.

14. Nortel is trying to not only terminate my employment, but they are trying to terminate my Approved Vested LTD claim. I understand that since they will no longer be in existence, that they could not supply employment, but my approved-vested claim should be paid, and they have more than enough funds to easily do so. Nortel is trying to mislead the court as far as their obligations go in relation to my LTD claim, for example, they admit to the vested obligation for my LTD claim in their VEBA financial statement according to the FAS 112 **Exhibit C** as reported in the **Financial Statement and Form 5500 – 2010** under Schedules 29 CFR2520.103-10: of the Department of labor rules and Regulations Reporting Disclosure under ERISA.

The Nortel Form 5500 – 2010 report states on page NNI-LTD-00002889

paragraph 3: **Exhibit D**

The Plan agreement provides that the Company has

No obligation to make any minimum contribution and no obligation to make any

Contribution in any year, **except for contributions necessary to enable the Plan to Fund Claims under the component programs of the VEBA that are incurred prior to the date of the termination of the Plan.** <u>**The obligation to them occured when an LTD participant went out on disability.**</u>

15. Also according to the Financial Accounting Standards Board (FASB), and ERISA have

    Specific financial reporting standards that pertain to the filing of the Nortel Form 5500

    And the audits of the financial statements for the employee benefit Plans.

    A. Paragraph 1 of the FASB – FAS112 statement:

    **Reporting Requirements**

    Page 4

**Paragraph 1.**

1. This Statement establishes standards of financial accounting and reporting for the estimated cost of benefits provided by an employer to former or inactive employees after employment but before retirement (referred to in this Statement as postemployment benefits). Postemployment benefits are all types of benefits provided to former or inactive employees, their beneficiaries, and covered dependents. Inactive employees are those who are not currently rendering service to the employer and who have not been terminated. They include those who have been laid off

and those on disability leave, regardless of whether they are expected to return to active status. Postemployment benefits include, but are not limited to, salary continuation, supplemental unemployment benefits, severance benefits, disability-related benefits (including workers' compensation), job training and counseling, and continuation of benefits such as health care benefits and life insurance coverage.

**Page 6**

**Paragraph 6.**

**Accounting for Postemployment Benefits**

6. Postemployment benefits that meet the conditions in paragraph 6 of Statement 43 shall be accounted for in accordance with that Statement. Paragraph 6 of Statement 43 states:

**An employer shall accrue a liability for employees' compensation for future absences if all of the following conditions are met:**

a. **The employer's obligation relating to employees' rights to receive compensation for future absences is attributable to employees' services already rendered,**

b. **The obligation relates to rights that vest or accumulate,**

c. **Payment of the compensation is probable, and**

d. **The amount can be reasonably estimated.**

16. My services were already rendered before I went out on LTD. The obligation has been met because my claim is vested. The payment of my claim can and has been reasonably estimated. Nortel admits to the obligation for my claim in their VEBA financial statement and Form 5500 – 2010 under schedules required by 29CFR.103-10 of the Department of Labor Rules and Regulations reporting and Disclosure under ERISA; by the letter of Approval of my LTD claim from Prudential Insurance Company of America; and since

I never had an SPD by the verbal assurances of several Human Resources Employees Telling me that I would receive my pay, and medical until I reached the age of 65.

17. I paid extra premiums via my FLEX benefit packages every year (The only document I had to go by) prior to going out on LTD and premiums indicated to me that I was paying for insurance. I had gone out on Short term Disability numerous times only to return to work for 6 or more months then having to go out again due to having more surgeries until I finally relented to my doctors advice and went out on LTD. I feel that I went above and beyond the call of duty for Nortel, and that they should pay their obligation of my approved LTD Claim.

18. One of the requirements for being approved for LTD is that you have to be approved for Social Security Disability, and I was approved from them. Letter from Allsup **Exhibit E**. Letter from Social Security **Exhibit F**.

19. Just one of my medications alone is over $2382.26 without insurance. **Exhibit G**

20. My paystub prior to my going out on LTD shows that I am paid by Nortel Networks Inc. **Exhibit H.**

21. My paystub, and **W2 Forms** after going out on LTD show that I am paid by Prudential Insurance Company of America: **Exhibit I and Exhibit J**

So, as a LAY PERSON, that indicated to me that I had 'Real Insurance'! Like I stated earlier, I never had an SPD, or Plan Document, and did not know what one was until one of my peers explained to me on August 20, 2012 what it looked like, and what it contained. As per the year 2000 SPD (the date I was hired), and the 2005 SPD (the year I was approved for LTD) these documents are provided by the debtor in VDR request.

22. I paid premiums for what I thought was insurance, and Nowhere in the FLEX Benefit guide

did it state that I was not paying for insurance. Now Nortel is offering **Real INSURANCE** as defined in their 2012 FLEX Benefits. They should have to stand good for what was perceived by myself as well as just about everyone else (I don't know of one person on LTD) that knew we didn't have REAL INSURANCE until a few months after receiving our termination notices in 2010. I just cannot understand how something like this could even be allowed in the United States of America by a multibillion dollar corporation that was run into Non Existence.

23. Lastly, Your Honor, losing my pay and medical benefits will throw me into a severe state of poverty, and all of this has caused me immeasurable stress for the past two years. I truly wish that I was not disabled, and was able to work because my stress level would be gone, and I would be doing something that I really loved doing, and was very good at. I hope and pray that Your Honor will see the Gross Injustice of what Nortel is trying to do, and provide the desperately needed relief I am in dire need of.

**EXHIBITS**

A – Proof of Claim.

B – Prudential Insurance Company of America approving my LTD as of April 1, 2005

C – FAS 112

D – The Nortel Form 5500 – 2010 page NNI-LTD-00002889

E – Letter from Allsup (Social Security Innovations Representing Nortel Networks)

F - Letter from Social Security

G – Receipt for medication showing that insurance paid $2,382.26

H – Paystub prior to going out on LTD from Nortel

I - W2 form after going out on LTD showing I am paid by Prudential Insurance Co. Of America

J – Paystub from Prudential Insurance Company of America

## NOTICE

1. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Jerry L. Wadlow respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

   **WHEREFORE**, Jerry L. Wadlow respectfully requests the entry of an Order, in the form attached:

1. Reject the Debtors motion to Terminate the LTD Plans and LTD Employees [DI#8067].

2. Compel the Debtors to compensate Jerry L. Wadlow in full for LTD benefits projected to age 65; **Total Claim being $626,161.96**.

3. I request that my approved and vested claim for Long Term Disability which includes severance, as well as many other factors be allowed, and undisputed.

3. Order that there is no interruption in disbursement of LTD benefit (or compensation for same) to Jerry L. Wadlow.

Dated: 10-16-2012

*(signature)*
Jerry L. Wadlow
PO Box 79
Wewoka, OK 74884
Telephone: 405-592-9315
Email: jerry.wadlow@yahoo.com

*Appearing Pro Se*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Nortel Networks Inc., *et al.*,[1] ) | Case No. 09-10138 (KG) |
| ) | |
| Debtors. ) | Jointly Administrated |
| ) | |
| ) | **Re: Docket No. 8067** |

## ORDER GRANTING OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1108 AUTHORIZING THE DEBTORS TO TERMINATE THE DEBTORS' LONG-TERM DISABILITY PLANS AND THE EMPLOYMENT OF THE LTD EMPLOYEES

Upon consideration of the Objection to entry of an order authorizing the Debtors to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees (the "Objection") and any responses thereto; and it appearing that sufficient notice of the Objection has been given; and in good cause having been shown, it is hereby

ORDERED that the Objection is granted.

Dated: _____, 2013     _____
Wilmington, Delaware              HONORABLE KEVIN GROSS
                                  CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.