IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 8067 |
| | ) | |
| | ) | Trial Date: February 12, 2013 at 9:00 a.m. |

## NOTICE OF DEPOSITION

**TO:  NORTEL NETWORKS, INC.**

PLEASE TAKE NOTICE THAT pursuant to Fed.R.Civ.P. 30(b)(6), as incorporated by Fed.R.Bankr.P. 7030, The Official Committee of Long Term Disability Participants (the "LTD Committee"), by and through its undersigned counsel, will take the oral deposition of Nortel Networks, Inc. ("Nortel") at the offices of Elliott Greenleaf, 1105 North Market Street, Suite 1700, Wilmington, Delaware, 19801 commencing on Tuesday, November 27, 2012 at 10:00 a.m. and continuing thereafter until completed.

The deposition(s) will take place before a person duly authorized to administer oaths, and will be recorded stenographically and by an audiovisual device. Nortel shall designate one or more of its officers, directors, or managing agents, or such other person(s) who consents to

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

testify on its behalf, regarding the information known or reasonably available to the organization regarding the following matters for examination as set forth in Schedule "A" attached hereto.

Dated: November 16, 2012

**ELLIOTT GREENLEAF**

_/s/ Eric M. Sutty_
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Eric M. Sutty (DE Bar No. 4007)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: ems@elliottgreenleaf.com

*Counsel to the Official Committee of
Long Term Disability Participants*

## Schedule "A"

1. The source of funding of all welfare benefit plans provided to the LTD Employees[2], including the operation of the "Nortel Networks Health and Welfare Benefits Trust."

2. The existence and terms of any insurance or other agreement pursuant to which a third party partially or fully insured the LTD Plans[3], including the income continuation benefits offered to Debtors' United States employees prior to 2011, including the dates upon which such Plans were in place, the terms thereof, the dates of and reasons for Debtors' decision no longer to offer the Plans so identified, and the information conveyed to those then receiving benefits under the partially or fully insured LTD Plans.

3. Debtors' employment classification of LTD Employees with respect to their receipt of health benefits and coordination of payment of such benefits with Medicare and all reasons why Debtors assigned such classifications from 1981 to 2011.

4. Debtors' justification for, and process of, the coordination of health benefits of LTD Employees with Medicare, including the process by which Medicare became the primary payer for LTD Employees' health benefits.

5. Debtors' decision to offer an LTD plan fully insured by Metropolitan Life to employees of Debtors who became disabled on or after January 1, 2011, including all bases upon which that decision was made.

---

[2] As used in this Schedule "A," the term "LTD Employees" is given the meaning as defined by Debtors' Motion to Terminate the Long-Term Disability Plans.

[3] As used in this Schedule "A," the term "LTD Plans" is given the same meaning as defined by Debtors' Motion to Terminate.

6. Debtors' Request for Proposal in 2010 for a buy-out of the existing LTD liability, including information regarding all considerations undertaken by Debtors prior to issuing the request for proposal.

7. Debtors' search (including who made the search, what was searched, where the search occurred, when it occurred and how it was conducted) for documents responsive to the LTD Committee's document requests, formal and informal, from September 2011 through November 14, 2012.

8. The role of CIGNA in any administration of LTD Plans from 1981 to the present, including whether any contractual arrangements existed which outlined CIGNA's role, and, if so, the details of those arrangements, whether verbal or written; the identity of any current or former employees of Debtors who were responsible for managing Debtors' relationship with CIGNA in connection with its administration of LTD Plans and the nature of their job duties; the date upon which the arrangement(s) began and ended; and the reason for termination of the CIGNA arrangement(s).

9. The role of Aetna Life Insurance Company ("Aetna") in any administration of LTD Plans from 1981 to the present, including whether any contractual arrangements existed which outlined Aetna's role, and, if so, the details of those contractual arrangements, whether verbal or written; the identity of current or former employees of Debtors who were responsible for managing Debtors' relationship with Aetna and the nature of their job duties; the date upon which the arrangement(s) began and ended; and the reason for termination of the Aetna arrangement(s).

10. The role of The Prudential Insurance Company of America ("Prudential") in any administration of LTD Plans from 1981 to the present, including whether any contractual

arrangements existed which outlined Prudential's role, and, if so, the details of those contractual arrangements, whether verbal or written; the identity of current or former employees of Debtors who were responsible for managing Debtors' relationship with Prudential and the nature of their job duties; the date upon which the arrangements began and ended; and the reason for termination of the Prudential arrangement(s).

11. In connection with Debtors' contractual or other arrangements with Prudential, Aetna or CIGNA relating to the administration of LTD benefits, the identity of the employee or employees of Debtors from 1981 to the present charged with responsibility for assuring that Prudential, Aetna and/or CIGNA properly described the terms of Debtors' benefit plans to Debtors' employees with whom they communicated and the details relating to each instance, if any, when an employee of Debtors purported to contact Prudential, Aetna and/or CIGNA (or any employee of Debtors) to correct or clarify information which Prudential, Aetna or CIGNA had sent or communicated to LTD Employees or other of Debtors' employees which Debtors believed did not accurately or completely describe the terms of any particular LTD Plan, summary plan description ("SPD") or other benefit being administered by Prudential, Aetna and/or CIGNA.

12. The identity of those engaged in the drafting of the LTD plan documents and SPDs from 1981 to the present, the nature of each individual's responsibility in connection therewith, and, as to each such plan or summary plan description, the event or events which triggered Debtors' decision to make drafting changes, the process engaged in by Debtor prerequisite to changing the plan or SPD and the manner in which Debtors communicated same to those employees affected by any changes to the plan documents or the SPDs.

13. All language in any Plan documents where the Debtors informed employees that Debtors reserve the unfettered right to terminate payment of benefits for those already found disabled prior to the time the disabled employee returns to employment, reaches retirement age or dies.

14. The precise terms contained in the Administrative Services Agreement between The Prudential Insurance Company of America and Nortel Networks, Inc. identified as NNI-LTD-00005823-5845, including the "written Plan Document, booklet or other description of the Plan of Benefits" attached as Exhibit "A" to the Administrative Services Agreement and the "instructions given by Nortel" to Prudential as agreed upon in Exhibit "A" of the Administrative Services Agreement.

15. Each and every basis upon which Debtors' believed they had the authority to take the steps outlined action by written consent of Nortel Networks Inc. dated November 11, 2010 identified as NNI-LTD-00003393-3396, including authority to freeze the 2010 plan and move into that plan those individuals who were found to be disabled prior to 2010.

16. The identification of the document referred to in the November 11, 2010 action by written consent (NNI-LTD-00003393-3396) as the "Nortel Networks Long-Term Disability Plan" that was purportedly amended by the November 11, 2010 action.

17. Debtors' Responses and Objections to the Official Committee of Long Term Disability Participants' First Requests for Admission Directed to Debtors ("Requests for Admission").

18. Debtors' response to Request for Admission No. 68.

19. Debtors' response to Request for Admission Nos. 69 through 74.

20. The decision to convert LTD benefits offered to Nortel employees from insured to self-funded.

21. The disclosures made to Nortel employees regarding the conversion of LTD benefits from coverage under an insurance policy to employer self-funded benefits.

22. The decision to delegate interpretation and construction of LTD Plan provisions to Prudential.

23. The disposition of employee contributions to "buy-up" LTD coverage from the employer-provided core coverage.

24. The determination of the relevant dates for determining whether a particular LTD Plan governed the benefits available to an LTD Employee.

25. The document retention policies of Debtors as such apply to LTD Plan documents and SPDs for LTD Plans.

26. The procedure for making amendments and/or modifications to the LTD Plans.

27. The identity of persons responsible for undertaking amendments and/or modifications to the LTD Plans.

28. All policies of insurance providing coverage for officer and director liability and employee benefit plan fiduciary liability coverage.