**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                        :    Chapter 11
:
:    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                             :
:    Jointly Administered
Debtors.                                                       :
:    **RE: D.I.** _____
:
---------------------------------------------------------------X

**ORDER APPROVING DEBTOR'S MOTION PURSUANT TO**
**BANKRUPTCY RULE 9019 APPROVING SETTLEMENT WITH**
**NORTEL NETWORKS (IRELAND) LIMITED**

Upon the motion dated November 19, 2012 (the "Motion"),[2] of Nortel Networks International Inc. ("NN Int'l Inc."), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 502, and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving NN Int'l Inc.'s entry into that certain Settlement Agreement dated November 19, 2012, as attached hereto as Exhibit B (the "Settlement Agreement"), by and among NN Int'l Inc. and Nortel Networks (Ireland) Limited (in Administration) ("NN Ireland"); (b) authorizing NN Int'l Inc. to take all necessary actions to enter into and fulfill its obligations under the Settlement Agreement; and (c) granting NN Int'l Inc. such other and further relief as the Court deems just and proper; and it appearing that no other or further notice is necessary; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtor, its estate, its creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtor is authorized, but not directed, to enter into the Settlement Agreement pursuant to sections 105(a), 502 and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rule 9019, and to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder.

3. The Amended Claim is hereby deemed disallowed in its entirety.

4. The Debtor's claims agent is authorized and empowered to take such actions as may be necessary and appropriate to implement the provisions of the Settlement Agreement, including, without limitation, but updating the Debtor's claim registry as described in Paragraph 3 of this Order.

5. The Settlement Agreement may be amended, modified, or supplemented, or the provisions thereof waived, in accordance with the terms thereof without further order of this Court or notice thereof to any party in interest in the Debtor's chapter 11 case; <u>provided</u>, <u>however</u>, that if there is an amendment, modification, supplement or waiver to the Settlement

---

2   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Agreement that has a material and adverse impact on such Debtor, the Debtor shall provide written notice to the U.S. Trustee and the Committee of such amendment, modification, supplement or waiver.

6.  The failure to specifically describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety.

7.  Notwithstanding any provision in the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure or Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

8.  Neither any provision of this Order, the Settlement Agreement, the allowance of the NN Int'l inc. Pre-Filing Net Claim, nor any action taken by NN Int'l Inc. pursuant thereto, including, without limitation, filing or otherwise asserting the NN Int'l Inc. Pre-Filing Net Claim before the administrator or court overseeing NN Ireland's Administration, shall constitute consent of NN Intl'l Inc. to the jurisdiction of such court or the waiver of this Court's jurisdiction with respect to any matter, including matters arising from or releated to the implementation of this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2012            _____
      Wilmington, Delaware            THE HONORABLE KEVIN GROSS
                                         CHIEF UNITED STATES BANKRUPTCY JUDGE