**Exhibit D – Rose Claim**

| United States Bankruptcy Court for the District of Delaware | | PROOF OF CLAIM |
|---|---|---|

Nortel Networks Inc. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5075
New York, NY 10150-5075

| In Re: | Chapter 11 | |
|---|---|---|
| Nortel Networks Inc., et al.,    Debtors. | Case No. 09-10138 (KG)    Jointly Administered | Filed: USBC - District of Delaware<br>Nortel Networks Inc., Et Al.<br>09-10138 (KG ) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | 0000002602 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Michael Rose
2615 Merlin Drive
Lewisville TX 75056
214-334-3591   mikerose.tx@gmail.com

Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.**  Amount of Claim as of Date Case Filed: $ 39,375.35

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

**2.**  Basis for Claim: Unpaid pension distribution
(See instruction #2 on reverse side.)

**3.**  Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4.**  Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
Describe: Nortel Pension Fund

Value of Property: $ Unknown    Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____   Basis for perfection: _____

Amount of Secured Claim: $ Unknown   Amount Unsecured: $ Unknown

**5.**   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$ 39,375.15

**6.**  Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7.**  Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: Have never received a summary of financial status for pension fund

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 03 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>Aug 31/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Mike Rose   Mike Rose |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*Document #1 Request for Pension Benefits*

# NORTEL NETWORKS

# Retirement Application Checkli[s]

Use this Pension Checklist to ensure that you return **ALL** the required forms (the items checked below) to the Nortel Pension Service Center:

1. After completing the Pension Options Form refer to the payment option you elected.
2. Each payment option has two columns – use the column that refers to your marital status.
3. For each line that is checked you MUST complete and return the document identified in the column titled "Forms to be Returned".
4. Missing or incomplete information may result in delay of payment.

| Forms to be Returned | Single Life | | 50%, 75% or 100% Joint and Survivor Option | | 10-year Certain & Life Option | | Social Security Leveling Option | | Lump Sum Option | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Single | Married | Single | Married | Single | Married | Single | Married | Single | Married |
| Personal Information Page | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Payment Option Form | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Proof of Age – Participant** | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Application Signature Page | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Spousal Consent | | ✓ | | | | ✓ | | ✓ | | ✓ |
| Proof of Marriage – Marriage Certificate | | | | ✓ | | | | | | |
| Proof of Age –Beneficiary** | | | | ✓ | | | | | | |

**\*\*Proof of Date of Birth is REQUIRED to process your benefit.\*\***
You may submit any of the following as a proof of birth
- ♦ an ***original*** birth certificate,
- ♦ a ***notarized*** **copy** of your birth certificate
- ♦ a ***notarized*** **copy** of your drivers license
- ♦ or a ***notarized*** **copy** of your passport.

Please be sure your date of birth is legible on all copies.

severance have ended, you will NOT BE ELIGIBLE FOR Retiree Medical and/or Life Insurance Plan benefits.

**FINAL CHECK:**

- Please check to make sure each Section of this application has been completed as required.

- Copy your entire application and all required Certificates and file the copies with your other legal documents.

- Make sure your **SIGNATURE is affixed** to the Application Signature Section and mail **EVERY Application page** plus the Required Certificates to the address listed on the Application Signature Section.

---

**PERSONAL INFORMATION**                                     **Employee Name: Michael  Rose**

**Social Security Number: XXX-XX-2533**                 **Benefit Start Date: February 01, 2009**

Current Home Address: 2615 Merlin Drive

City: Lewisville                     State: TX  Zip Code: 75056

Home Phone Number: 972-899-1587          Other Contact Number: 2143343591

U.S. Citizen? (___)Yes  or  (X)No  Transfer between Nortel Networks companies? ( X )Yes  or  (___)No

Date of Birth 01/04/64  Married ? (✓)Yes  or  (___)No      Date of Marriage 06/09/06

Are you named in a *PENDING* or APPROVED Qualified Domestic Relations Order?    (___) Yes or (X)No
If there is a pending or approved domestic relations court order that would affect the distribution of this Retirement Benefit, you must **IMMEDIATELY** contact the Nortel Pension Service Center at 1-866-667-8358 so your retirement benefit can be adjusted.  No benefit will be paid until this process is completed.

---

**PAYMENT OPTION SUMMARY – There are 5 Payment Options to choose from:**

   (1) **Life Annuity**

   (2) **Life Annuity with Social Security Leveling (To qualify, you must meet all eligibility qualifications)**

   (3) **Ten Year Certain Annuity**

   (4) **Joint and Survivor Annuity (50%, 75% or 100%)**

   (5) **Lump Sum Distribution – No continuing annuity (monthly payments)**

A summary of each payment option is listed following this section.  For married employees, there are legal restrictions about the option you may choose.  If you are married when you apply for your retirement benefits and want to choose any payment option other than a *Joint & Survivor* option naming your **Spouse as Beneficiary**, your spouse **must** sign the *Spousal Consent Form* indicating his/her approval of another option.  If you are not married, the standard option is a straight life annuity.  However, other options are available to both married and unmarried employees at retirement.
Note the following about your payment option election:

- You may change your Payment Option Election prior to your Benefit Start Date by *written notification to the Nortel Pension Service Center.*
- You may **NOT change your payment option election OR Joint and Survivor Beneficiary after your Benefit Start Date for ANY reason.**
- If you choose a monthly annuity payment option, your Qualified benefit from the Retirement Income Plan will be electronically deposited or mailed as a check to your home address on or about the first of each month from



**NORTEL**
**NETWORKS**

**Proof of Age**

In order to process your election of benefit payments under your Defined Benefit Plan(s), the Plan(s) must be provided with acceptable proof of your date of birth. The various types of evidence of your date of birth are listed below, in order of preference. A photocopy of a document is acceptable unless otherwise noted.

1. Original Birth Certificate
2. Notarized copy of your birth certificate
3. Notarized copy of your driver's license
4. Notarized copy of your passport

Note that the name on the document submitted as evidence of your date of birth must match the name of the participant stated in the **Pension Options Form** and related forms prepared by the Plan. If the names do not match, you must also submit acceptable proof that your name has changed (*e.g.*, a marriage certificate, court order, etc.).

**Participant's Signature:**

_____        12/03/08
**Participant Signature**                                **Date**

If a **Joint & Survivor Annuity** payment option was elected in your Pension Options Form, acceptable proof of the date of birth of the participant's spouse or other designated beneficiary or joint annuitant is also required. The acceptable types of proof are the same as those listed above. A photocopy of a document is acceptable unless otherwise noted.

The name on the document submitted as evidence of your beneficiary's or joint annuitant's date of birth must match the name of the beneficiary or joint annuitant stated in the **Beneficiary Designation** form submitted to the Plan. If the names do not match, you must also submit acceptable proof that the beneficiary's or joint annuitant's name has changed (*e.g.*, a marriage certificate, court order, etc.).

**Beneficiary's or Joint Annuitant's Signature:**

_____        _____
**Beneficiary or Joint Annuitant Signature**              **Date**

Must be notorized





JANIS E LIGHTFOOT
My Commission Expires
March 24, 2009

Mike Rape  12/03/08

Subscribed and sworn before me
this _3rd_ day of _December, 2008_

_Janis E. Lightfoot_
Notary Public

**(5)** _X_  **LUMP SUM DISTRIBUTION** - If you are married and elect this option, your spouse must complete the *Spousal Consent Form* in this Application for your election to be effective.

This option provides for a one-time payment of your Lump Sum benefit.
The IRS requires a **20% tax** withholding on these distributions UNLESS a direct rollover is made to another Employer's Qualified Plan or an IRA. This direct rollover election will continue the *tax-deferred status* of this benefit. A direct rollover may also be made to the Nortel Networks Long Term Investment Plan (401(k)) if you have an account balance of more than $1,000 in that plan. Please contact the claims administrator (Hewitt) directly at 1-800-726-0026 for the appropriate forms.
For more information, please refer to the Federal Income Tax Implications for Distributions included in this mailing. These rules are complex and contain many conditions and exceptions that are not included in this notice. If you have questions you should consult with a professional tax advisor *before* you take a payment from the Plan.

The Lump Sum payment may be distributed in accordance with ONE of the THREE options listed below by completing the Distribution Election Section.
1)  1 payment to yourself - complete (a) below
2)  1 or 2 individual payments to any tax-deferred IRA or Employer Plan - complete (b) below
3)  2 (two) payments; one payment as a cash distribution to yourself, and one payment to any tax-deferred IRA or Employer Plan - complete (a) and (b) below.

**LUMP SUM DISTRIBUTION ELECTION – You MUST complete all applicable Sections below - the total of the amounts you elect in each Section must match your TOTAL Lump Sum Benefit. (Note: your total Lump Sum Benefit is indicated on your Benefit Calculation Statement.)**

**(a) Direct to Self Distribution Election  - To receive a check MADE PAYABLE TO YOU.**
_____I request that payment in the amount of $_____from my plan benefit be made directly to me. I understand that 20% of the taxable portion of my payment will be withheld for federal income taxes.
 If you receive payment prior to age 59 1/2, you may also have to pay an additional 10% early withdrawal penalty. This penalty must be paid no later than the time of payment of the current year's tax return payment. You, not Nortel Networks Inc., are responsible for determining whether that penalty applies. However, you may elect additional withholding to pay that penalty, if you believe it applies; by checking the next space.

_____I request that additional tax (in addition to the required 20% withholding) be withheld from my distribution in the amount of $_____.

**(b) Direct Rollover Election - To receive a check payable to an Internal Revenue Code section 401(a) qualified plan or IRA for rollover**
__X__I elect to have payment(s) in the amount(s) of $39,375.35 and ——————— directly rolled over to other qualified plans or Individual Retirement Accounts (IRA).
In order for your distribution to be rolled over to another qualified plan or IRA, the Lump Sum check will bear the name of the plan or IRA and reference your name. **The check(s) will be mailed to you. You are responsible for delivering the check(s) and any required form(s) to that plan or IRA.** Please check the appropriate line(s) and provide the name of the qualified plan or IRA to which you are directing payment that is eligible to accept this rollover in the following section.
**Complete no more than Two:**

__✓__Name of **IRA** Trustee ████████████████████████████ as Trustee for

___Michael Rose_____ (your name) – Amount $39,375.35

_____Name of **IRA** Trustee _____ as Trustee for

_____ (your name) – Amount $_____

_____Name **of Employer Plan** _____ as Trustee for

_____ (your name) – Amount $_____

_____Name **of Employer Plan** _____ as Trustee for

_____ (your name) – Amount $_____

*Notorized*

## SPOUSAL CONSENT*

I am married to the Plan participant who completed the above retirement application. I have read the above benefit application, and I understand that he/she has elected that the amount due under the plan as a result of his/her termination/retirement will be distributed according to the payment and beneficiary elections made on the application. I have also read the *Payment Option Summary* Section on this Application regarding Spousal Rights and understand that I have a right to a survivor benefit from this plan unless I voluntarily choose to waive it. I hereby consent to the distribution being made in accordance with the payment and beneficiary elections made by my spouse on this application. I understand that this consent will waive the spousal rights explained to me in the *Payment Option Summary*.

Date: 12/03/09

Signature of Plan Participant's Spouse

Cinda Barnett Rose
Name (please print or type)

**Signature of Plan Participant's Spouse must be witnessed by a Notary Public.**

Before me personally appeared _Cinda B. Rose_ with whom I am personally acquainted and/or acknowledged before me that he/she executed the foregoing document for the purpose therein stated.

Subscribed and sworn before me this _3rd_ day of _December_ 20_08_.

Janis E. Lightfoot
Notary Public Signature

Janis E. Lightfoot
Please Print Name

My commission expires: _March 24_ 20_09_

NOTARY SEAL

JANIS E LIGHTFOOT
My Commission Expires
March 24, 2009

*Spousal consent is required if the Plan participant is married <u>at the time of the participant's termination/retirement</u> and elects a benefit payment option OTHER THAN a joint and survivor annuity with the participant's spouse as the beneficiary.

## EMPLOYEE IMMEDIATE DISTRIBUTION CONSENT

I UNDERSTAND THAT I HAVE 30 DAYS TO CONSIDER MY RIGHT TO CHOOSE A PAYMENT OPTION.
I WAIVE MY RIGHT TO THE 30 DAY CONSIDERATION PERIOD TO PERMIT IMMEDIATE PROCESSING OF MY APPLICATION BY SIGNING HERE.

Employee Signature: _Miller Rose_ Date: 12/03/09

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nortel Pension Center
PO Box 994
Deerfield IL
            60015-0994

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  *James Heiland*  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   On Time Messenger Service   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*   7007 3020 0000 4177 4660

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

DEERFIELD IL 60015

| | | |
|---|---|---|
| Postage | $ $0.59 | 0007 |
| Certified Fee | $2.70 | 12 |
| Return Receipt Fee (Endorsement Required) | $2.20 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.49 | 12/04/2008 |

Sent To  Nortel Pension Service Center
Street, Apt. No.; or PO Box No.  PO Box 994
City, State, ZIP+4  Deerfield, IL  60015-0994

7007 3020 0000 4177 4660

PS Form 3800, August 2006        See Reverse for Instructions

Exhibit "A"

# NØRTEL

Dear Plan Participant:

As you may be aware, Nortel filed for Chapter 11 reorganization on January 14, 2009. Effective January 14, 2009, the pension plans sponsored by Nortel and its subsidiary companies cannot pay pension benefits in the form of a lump sum or other accelerated payment (such as a leveling option) until the Plan actuary can certify that the affected plans are 100% funded after the date of Chapter 11 filing (under IRS regulations) or we emerge from bankruptcy. The plans affected by this filing are:

Northern Telecom Inc. Retirement Plan for Employees
Nortel Networks Retirement Income Plan

Because you originally elected payment of your pension benefit in a lump sum or leveling option and we can no longer pay your benefit in this way, you must choose an alternative form of payment. We have enclosed a new set of paperwork, and ask that you select an alternative form of payment and provide the appropriate documentation.

Rather than selecting an alternative form of payment now, you may choose to defer receipt of your pension benefit until a later date, but not later than the first day of the month following your sixty-fifth birthday. If you wish to defer payment of your benefit, please write in your deferral election on the attached election form. Please note that if you choose to defer your distribution, you will be able to choose an accelerated form of distribution if the Plan actuary can certify that the affected plans are 100% funded or we emerge from bankruptcy.

If you have questions regarding the Chapter 11 reorganization, please visit www.nortel.com/restructuring. For more information regarding your pension benefit, please contact the Nortel Pension Service Center at (866) 667-8358 between 7:00 AM and 5:00 PM CT.

We apologize for any inconvenience this may have caused.

Nortel Pension Service Center

Nortel Pension Service Center
PO Box 994
Deerfield, IL 60015-0994

Exhibit "R"



July 1, 2008

Dear Plan Participant:

The purpose of this letter is to notify you of your ACCRUED benefit under the Nortel Networks Inc.
Retirement Income Plan ("Plan"). Your benefit in the Plan has been calculated under the plan provisions
through 12/31/2007, at which time benefit accumulation stopped and your account balance was
determined and frozen. Upon retirement or termination from Nortel, you will receive the 12/31/2007 frozen
account balance plus interest (6% per year) if you have met the vesting requirements as outlined in
accordance with plan provisions in effect on 12/31/2007.

A Benefit Calculation Statement showing your accrued benefit as of 12/31/2007 is enclosed.  The
statement presents a calculation of estimated monthly or lump sum payments that would begin at an
*Immediate Retirement/Benefit Start Date* if you had terminated employment on 12/31/2007.  Since the
Start Date of the benefit is in 2008, the lump sum shown is the Account Balance as of 12/31/2007 plus 6%
interest for 2008.   The statement also presents a projected calculation of monthly payment amounts
under the options that apply to payment beginning at Normal Retirement Benefit at (age 65).

The Benefit Calculation Statement uses birth dates, employment dates and salary history to calculate your
benefit. Please review this important information.  If you have any questions or issues related to the data
used in the calculation, it is your responsibility to notify and seek corrections through the Nortel Pension
Service Center within 60 days of the date of this letter.  Using the data currently available, your vesting
and benefit service were calculated as required by the definitions of those terms in the official written Plan
document.  You may request a copy of that document by contacting our office via email or the toll free
number listed below.

Please note that this benefit is not available to you until you terminate employment with Nortel Networks.
If you are age 55 or over, your benefit commencement date will be the first of the month following the later
of your date of termination, or your total severance end date.   If you are under age 55, your benefit
commencement date can be no earlier than the first day of the fifth month following the later of your date
of termination, or your total severance end date.

As always, we will assist you with any questions you may have about your retirement benefits from Nortel
Networks.  We are available during standard business hours at: 1-866-667-8358; or you can e-mail us at
nortelpensionadmin@mercer.com.  You may also obtain information about your benefit and model your
own calculations at www.merceroneview.com/nortel.

Document #2

# Appeal of Benefit Denial

Michael Rose
2615 Merlin Drive
Lewisville, TX 75056
Global ID# 0506393

Re: Denial of benefit distribution

Dear Employee Benefits Committee,

I respectfully appeal your denial of a lump sum distribution since I can find no legitimate cause for refusal. The claim for a reinstatement of the lump sum benefit is based on the following grounds:

1. Your notice of denial does not specifically state what section of legal code you are referring to, if any, in your correspondence letter (exhibit "A", received on or about February 21, 2009). I can only assume you are referring to Internal Revenue Code section 436 (d), which originates from the Pension Plan Protection Act of 2006 and is under (ERISA) Title 29 Section 206 (g) (3) of the legal code.

   Given that all defined benefit pension accruals were frozen as of December 31, 2007 (see Exhibit "B") ERISA Title 29 Section 206 (g) (3) does not apply, as per Section 206 (g) (3) (D). This would also apply to the identical IRS version of the same legal code referenced in the above paragraph. Please see the relevant section from the ERISA code below.

    (g) FUNDING-BASED LIMITS ON BENEFITS AND BENEFIT
   ACCRUALS UNDER SINGLE-EMPLOYER PLANS.—

   "(3) LIMITATIONS ON ACCELERATED BENEFIT DISTRIBUTIONS. —

    "(D) EXCEPTION.—This subsection shall not apply to
   any plan for any plan year if the terms of such plan
   (as in effect for the period beginning on September 1,
   2005, and ending with such plan year) provide for no
   benefit accruals with respect to any participant during
   such period.

2. I have received no notification of plan changes or any requests to the Department of Labor for changes to the Nortel Networks Retirement Income Plan that could potentially remove the right to a lump sum benefit.

3. By not stating the IRS regulation mentioned or any legal code used in the benefit determination, notification of the benefit denial was not given "in a manner that could be clearly understood". Requests for clarification to both the trustee and Nortel have remained unanswered. Including this appeal I would reasonably expect any future determination to both cite and state the specific location, of any

legal code or regulations used in the benefit and/or appeal determination. (see Exhibit A)

4. The pension plan trustee (Mercer) acknowledges receipt of my lump sum distribution request in early December 2008 (return receipt also held on file) well before Nortel's bankruptcy filing. A request for a copy of the Pension plan as filed with the Department of Labor (a 2007 Summary Plan Description was mailed) indicates the lump sum distribution as a viable option.

Given the current economic environment any unwarranted delay in payment represents a clear and unnecessary risk to my financial well being.

Regards,

Mike Rose

Exhibit "A"



Dear Plan Participant:

As you may be aware, Nortel filed for Chapter 11 reorganization on January 14, 2009. Effective January 14, 2009, the pension plans sponsored by Nortel and its subsidiary companies cannot pay pension benefits in the form of a lump sum or other accelerated payment (such as a leveling option) until the Plan actuary can certify that the affected plans are 100% funded after the date of Chapter 11 filing (under IRS regulations) or we emerge from bankruptcy. The plans affected by this filing are:

Northern Telecom Inc. Retirement Plan for Employees
Nortel Networks Retirement Income Plan

Because you originally elected payment of your pension benefit in a lump sum or leveling option and we can no longer pay your benefit in this way, you must choose an alternative form of payment. We have enclosed a new set of paperwork, and ask that you select an alternative form of payment and provide the appropriate documentation.

Rather than selecting an alternative form of payment now, you may choose to defer receipt of your pension benefit until a later date, but not later than the first day of the month following your sixty-fifth birthday. If you wish to defer payment of your benefit, please write in your deferral election on the attached election form. Please note that if you choose to defer your distribution, you will be able to choose an accelerated form of distribution if the Plan actuary can certify that the affected plans are 100% funded or we emerge from bankruptcy.

If you have questions regarding the Chapter 11 reorganization, please visit www.nortel.com/restructuring. For more information regarding your pension benefit, please contact the Nortel Pension Service Center at (866) 667-8358 between 7:00 AM and 5:00 PM CT.

We apologize for any inconvenience this may have caused.

Nortel Pension Service Center

Nortel Pension Service Center
PO Box 994
Deerfield, IL 60015-0994

Exhibit "R"



July 1, 2008

Dear Plan Participant:

The purpose of this letter is to notify you of your ACCRUED benefit under the Nortel Networks Inc. Retirement Income Plan ("Plan"). Your benefit in the Plan has been calculated under the plan provisions through 12/31/2007, at which time benefit accumulation stopped and your account balance was determined and frozen. Upon retirement or termination from Nortel, you will receive the 12/31/2007 frozen account balance plus interest (6% per year) if you have met the vesting requirements as outlined in accordance with plan provisions in effect on 12/31/2007.

A Benefit Calculation Statement showing your accrued benefit as of 12/31/2007 is enclosed. The statement presents a calculation of estimated monthly or lump sum payments that would begin at an *Immediate Retirement/Benefit Start Date* if you had terminated employment on 12/31/2007. Since the Start Date of the benefit is in 2008, the lump sum shown is the Account Balance as of 12/31/2007 plus 6% interest for 2008. The statement also presents a projected calculation of monthly payment amounts under the options that apply to payment beginning at Normal Retirement Benefit at (age 65).

The Benefit Calculation Statement uses birth dates, employment dates and salary history to calculate your benefit. Please review this important information. If you have any questions or issues related to the data used in the calculation, it is your responsibility to notify and seek corrections through the Nortel Pension Service Center within **60 days** of the date of this letter. Using the data currently available, your vesting and benefit service were calculated as required by the definitions of those terms in the official written Plan document. You may request a copy of that document by contacting our office via email or the toll free number listed below.

Please note that this benefit is not available to you until you terminate employment with Nortel Networks. If you are age 55 or over, your benefit commencement date will be the first of the month following the later of your date of termination, or your total severance end date. If you are under age 55, your benefit commencement date can be no earlier than the first day of the fifth month following the later of your date of termination, or your total severance end date.

As always, we will assist you with any questions you may have about your retirement benefits from Nortel Networks. We are available during standard business hours at: 1-866-667-8358; or you can e-mail us at nortelpensionadmin@mercer.com. You may also obtain information about your benefit and model your own calculations at www.merceroneview.com/nortel.

# NORTEL NETWORKS INC. PENSION SERVICE PLAN
## BENEFIT CALCULATION STATEMENT



| | | | | |
|---|---|---|---|---|
| **Employee Name** | Rose, Michael | | **Calculation Type:** | Termination |
| Social Security Number: | XXX-XX-2533 | | Date of Hire: | June 19, 1995 |
| Vested Status: | Yes | | Plan Eligible Date: | October 04, 1999 |
| Vesting Service: | 12 | | Employee Date of Birth: | January 04, 1964 |
| Benefit Service: | 8 | | Spouse Date of Birth: | June 24, 1972 |
| NNL Service Credits: | 4.3 | | Termination Date: | June 02, 2008 |
| Qualified Final Average Earnings: | $89,948.46 | | Standard Severance End Date: | December 31, 2007 |
| Unlimited Final Average Earnings: | $89,948.46 | | Vacation Days: | 11 |
| Accumulated Percentage Credits: | 38.96% | | Calculation End Date: | December 31, 2007 |
| Grandfathered Benefit Calculated: | No | | Retirement Date: | October 01, 2008 |

### IMMEDIATE QUALIFIED RETIREMENT BENEFIT - Age 45 – Benefit Start Date: February 01, 2009

| Payment Options | Employee | | Beneficiary |
|---|---|---|---|
| Life Only Amount: | $220.14 | | |
| *Social Security Leveling: | $0.00 | - Prior to age 62 | |
| *Social Security Leveling: | $0.00 | - Post age 62 | |
| 10 Year Certain: | $213.54 | | |
| 50% J & S: | $188.80 | | $94.40 |
| 75% J & S: | $180.00 | | $135.00 |
| 100% J & S: | $168.73 | | $168.73 |
| **Lump Sum: | $39,375.35 | Payable on Benefit Start Date plus processing time | |

*The Social Security Leveling payment option is available to retirees age 55 to 61, provided there is a large enough benefit to meet the formula qualifications.

**Qualified Lump Sums of $1,000 or less will be automatically paid in 1 payment. Employees may roll their Lump Sum over to a tax deferred plan or IRA. Surviving spouses may roll their Lump Sum over to an IRA. Rollover is Not available to other Beneficiaries.

### QUALIFIED NORMAL RETIREMENT BENEFIT
### Age 65 - Start Date: February 01, 2029

| Payment Options | Employee | Beneficiary |
|---|---|---|
| Life Only Amount: | $954.03 | |
| 10 Year Certain: | $877.71 | |
| 50% J & S: | $818.22 | $409.11 |
| 75% J & S: | $780.06 | $585.05 |
| 100% J & S: | $731.24 | $731.24 |
| | Lump Sum to be determined at actual retirement date. | |

*Note:* This Benefit Calculation Statement presents your pension benefits based on your personal data & applicable tables in effect on the date the calculation was prepared. Since this data & the tables change over time, a final calculation will be completed immediately prior to your actual Retirement/Benefit Start Date based on the data & tables in effect on the date the final calculation is prepared. This calculation will be used to determine your payable benefit. If you attained age 50 with at least 4 years of vesting service as of December 31, 1998, you are eligible for Grandfather benefits under the prior plan. If the Grandfather clause applies, your benefits were calculated using the current plan provisions AND the prior plan provisions. The benefit amounts on this statement, including lump sum payments, are based upon the greater of the two formulas. **The written provisions of the Nortel Networks Retirement Income Plan (as it applies to Pension Service Plan Members) determines the amount of the benefit that will be paid to you. You may not rely on any error in this benefit calculation statement (whether caused by data entry, the calculation process, erroneous data in the system or any other cause) to grant you rights to a benefit greater than that described for you under the terms of the Plan.**

Calculation ID: 658025 Prepared on November 24, 2008

Document #3



Daniel Ray
Nortel Networks
220 Athens Way, Suite 300
Nashville TN 37228

May 15, 2009


Mr. Michael Rose
2615 Merlin Drive
Lewisville, TX 75056


Subject: Appeal to the Employee Benefits Committee

Dear Mr. Rose:

I am writing in response to your appeal for benefits submitted to the
Nortel Networks Employee Benefits Committee regarding your benefit
from the Nortel Networks Retirement Income Plan.

We have reviewed your letter to the Employee Benefits Committee and
have found that it cannot be reviewed as an appeal by the committee
since it has not yet been reviewed as a claim by the Recordkeeper, as
specified in the plan document. This review is part of the process for a
benefits claim, and the claim must be denied by the Recordkeeper before
an appeal to the Employee Benefits Committee can be taken. If your
benefits claim is denied by the Recordkeeper, you will receive a benefit
denial letter from them and that letter will provide the information you will
need to pursue an appeal to the Employee Benefits Committee.

You may facilitate this process by submitting your claim to the plan
Recordkeeper, Mercer at the Nortel Pension Service Center at the
following address:

Nortel Pension Service Center
PO Box 994
Deerfield, IL 60015-0994

How the world shares ideas.

For your information, below is the provision from the latest plan document that describes the appeals procedure for the Nortel Networks Retirement Income Plan in detail:

## 8.5.    Claims and Appeals Procedures

a.    <u>Claims Procedure</u>:  All claims for benefits under the Plan shall be directed in writing to the attention of the Recordkeeper.  If the Recordkeeper in its sole discretion determines that any individual who has claimed a right to receive benefits under the Plan is not entitled to receive all or any part of the benefits claimed, it shall inform the claimant by certified mail or by electronic notification of its determination and the reasons therefore in a manner calculated to be understood by the claimant.  Such notification shall be given within a reasonable period of time, but not later than ninety (90) days after receipt of the claim by the Recordkeeper, unless the Recordkeeper determines that special circumstances require an extension of time for processing the claim.  If the Recordkeeper determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial ninety (90) day period.  In no event shall such extension exceed a period of ninety (90) days from the end of such initial period.  The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the Recordkeeper expects to render the benefit determination.    Such notification shall set forth, in a manner calculated to be understood by the claimant:  (i) the specific reason or reasons for the adverse determination; (ii) reference to the specific plan provisions on which the determination is based; (iii) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) a description of the Plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

b.    <u>Appeals Procedure</u>:  Following an initial adverse decision by the Recordkeeper concerning a claim for benefits, a claimant may appeal such determination to the Employee Benefits Committee within sixty (60) days of receipt of the notification of the adverse benefit determination.  A claimant who appeals a denied claim may submit to the Employee Benefits Committee written comments, documents, records, and other information relating to the claim for benefits.  The claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.  A document, record, or other information is "relevant" to a claim for benefits if it: (i) was relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; or (iii) demonstrates compliance with the administrative processes and safeguards required by ERISA and the applicable regulations in making the benefit determination.  The review of such an appeal by the Employee Benefits Committee shall take into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

The Employee Benefits Committee shall make a decision on the claimant's appeal no later than the date of the meeting of the Employee Benefits Committee that immediately follows the Plan's receipt of a request for review, unless the request for review is filed within thirty (30) days preceding the date of such meeting.  In such case, a benefit determination may be made by no later than the date of the second meeting following the Plan's receipt of the request for review.  If special circumstances require a further extension of time for processing, a benefit determination shall be rendered not later than the third meeting of the Employee Benefits Committee following their   receipt of the request for review.  If such an extension of time for review is required because of special circumstances, the Employee Benefits Committee shall provide the claimant with written notice of the extension, describing the special circumstances and the date as of which the benefit determination will be made,

Page 3

prior to the commencement of the extension.   The Employee Benefits Committee shall notify the claimant of the benefit determination as soon as possible, but not later than five (5) days after the benefit determination is made.

If the Employee Benefits Committee in its sole discretion determines that any individual who has filed an appeal of an initial adverse benefit determination is not entitled to receive all or any part of the benefits claimed, it shall inform the claimant by certified mail or by electronic notification of its determination and the reasons therefore in a manner calculated to be understood by the claimant.  Such notification shall set forth, in a manner calculated to be understood by the claimant:  (i) the specific reason or reasons for the adverse determination; (ii) reference to the specific plan provisions on which the determination is based; (iii) a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.  A document, record, or other information is "relevant" to a claim for benefits if it: (i) was relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; or (iii) demonstrates compliance with the administrative processes and safeguards required by ERISA and the applicable regulations in making the benefit determination.

Please let me know if you have questions.

Sincerely

Daniel Ray,
Global Pensions
Nortel

Photo D

Ready**Post**®



To: Nortel Networks Inc. Claims Processing
c/o Epiq Bankruptcy Solutions LLC
FDR Station, PO Box 5075
New York, NY 10150-5075











From: Mike Rose
2615 Merlin Drive
New.ville, TX
75056

September 28th, 2009
EPIQ Systems
757 Third Avenue
New York, NY
10017

## RE: Nortel Networks Claim #2602
Delaware Case # 09-10138 (KG)

Epiq Processing,

Please add the enclosed document summary letter to my claim file. The document was somehow inadvertently omitted from my file. I apologize for any inconvenience this may cause.

Please contact me if there are any issues or questions.

Regards

Mike Rose

Mike Rose



August 31st, 2009
David D. Bird
Clerk of the U.S. Bankruptcy Court
District of Delaware

# Document Summary

RE: Case # 09-10138 (KG)

To the Clerk of the Court,

Document #1: Request for Pension Benefits
This document represents a request for distribution of pension benefits to the plan
administrator, mailed more than a month prior to bankruptcy filing (copy of return receipt
included).

Exhibit A: Denial of Benefits
A letter from Nortel indicating receipt of my request for benefits but denying distribution
based on the bankruptcy filing (Denial of Benefits). The document is also contained
within the "Appeal of Benefit Denial".

Exhibit B: A letter from Nortel stating that all plan accruals were frozen as December 31,
2009. The document is also contained within the "Appeal of Benefit Denial".

Document #2: Appeal of Benefit Denial
This document represents an "Appeal of Benefit Denial" mailed to the Nortel Benefits
Committee, stating the applicable ERISA code in effect prior to the freezing of benefits.

**(3) Limitations on accelerated benefit distributions**
    **(A) Funding percentage less than 60 percent**
    **(B) Bankruptcy**
    **(C) Limited payment if percentage at least 60 percent but less than 80**
    **(D) Exception**
        This paragraph shall not apply to any plan for any plan year if the
        terms of such plan (as in effect for the period beginning on September
        1, 2005, and ending with such plan year) provide for no benefit
        accruals with respect to any participant during such period.

Document #3: Nortel response to Appeal of Benefit Denial
This document contains the Nortel Benefit Committees' response to my "Appeal of
Benefit Denial". The response denies receipt of my "Request for Pension Benefits" above
and also ignores "Exhibit A" which clearly states a benefit denial.

Regards
Miles Rose