## Exhibit F – Twenty-Sixth Omnibus Objection

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X
:
*In re*                                                 :      Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                      :      Case No. 09-10138 (KG)
:
                              Debtors.                  :      Jointly Administered
:
:      **Hearing date: May 9, 2012 at 10:00 a.m. (ET)**
:      **Responses due: April 25, 2012 at 4:00 p.m. (ET)**
------------------------------------------------------- X

## DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO-BASIS CLAIMS, MODIFY AND ALLOW CLAIMS, RECLASSIFY AND ALLOW CLAIMS, WRONG DEBTOR CLAIMS, REDUNDANT CLAIMS, AMENDED OR SUPERSEDED CLAIMS, NO-BASIS 503(b)(9) CLAIMS AND NO-BASIS PENSION CLAIMS)

TO THE CLAIMANTS LISTED IN **EXHIBITS A-C** ATTACHED TO THIS OBJECTION:

- CLAIMANTS' RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FUTURE OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.

- THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN **EXHIBITS A-C**.

- CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN **EXHIBITS A-C**.

- BY THIS OBJECTION, THE DEBTORS ARE NOT SEEKING TO AFFECT ANY RIGHTS THAT CLAIMANTS HOLDING CLAIMS

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

**LISTED IN <u>EXHIBITS B AND C</u> MAY HAVE TO PARTICIPATE IN DISTRIBUTIONS FROM THE PENSION BENEFIT GUARANTY CORPORATION WITH REGARDS TO THE NORTEL NETWORKS RETIREMENT INCOME PLAN.**

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), hereby object (this "<u>Objection</u>"), pursuant to section 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), to those certain claims listed in **Exhibits A-C** attached hereto and incorporated by reference.  In support of this Objection, the Debtors submit the Declaration of John J. Ray, III in Support of Debtors' Twenty-Sixth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims, Redundant Claims, Amended or Superseded Claims, No-Basis 503(b)(9) Claims and No-Basis Pension Claims) (the "<u>Ray Declaration</u>"), attached hereto as **Exhibit D** and incorporated by reference, and respectfully state as follows:

<u>**Jurisdiction**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

**Background**

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc. ("NN CALA"),[2] filed voluntary petitions for relief under chapter 11 of

the Bankruptcy Code, which cases are consolidated for procedural purposes only [D.I. 36].  The

Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code
on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases
for procedural purposes [D.I. 1098].

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.     Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.     Bar Date and Schedules**

7.     On April 20, 2009 and May 29, 2009, the Debtors (other than NN CALA) filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Original Schedules") [D.I.s 616-627, 801-810].  On September 11, 2009, the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs for NN CALA (the "NN CALA Schedules") [D.I. 1477, 1478].  On November 4, 2009, the Debtors (other than NN CALA) filed their Amended Schedules of Assets and Liabilities and Amended Statements of Financial Affairs (together with the NN CALA Schedules, referred to as the "Amended Schedules") [D.I.s 1811-1825].

8.     On August 4, 2009, the Court entered an order (the "Bar Date Order") establishing September 30, 2009 at 4:00 p.m. (Eastern Time) (the "General Bar Date") as the last date for all creditors holding a "claim" against the Debtors (other than NN CALA) to file and serve a written proof of claim, subject to certain enumerated exceptions set forth in the Bar Date

---

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Order [D.I. 1280].  On December 3, 2009, the Court entered an order establishing January 25,

2010 at 4:00 p.m. (Eastern Time) (the "CALA Bar Date") as the general claims bar date for all

creditors holding a claim against NN CALA to file and serve written proofs of claim [D.I.

2059].  The Court also entered an order fixing November 15, 2011 at 4:00 p.m. (Eastern Time)

as the bar date for filing proofs of claim in respect of certain Non-Canadian intercompany and

director and officer claims [D.I. 6464] .

9.      On each of October 31, 2011, November 7, 2011,  November 15, 2011 and

November 21, 2011, the Debtors filed amended versions of Schedules E and F of the Original

Schedules and Amended Schedules of NNI, Nortel Altsystems Inc. ("Nortel Altsystems") and

NN CALA (collectively the "Second Amended Schedules through the Fifth Amended

Schedules", and together with the Original Schedules, the NN CALA Schedules and the

Amended Schedules, the "Schedules") [D.I. 6702, 6719, 6780, 6827].[5]  The Second Amended

Schedules through the Fifth Amended Schedules amend previously filed Schedules E and F to

modify the priority and amount of the scheduled severance claims for certain individuals

terminated prior to the applicable Petition Date.

**C.      The Employee Claims Resolution Process**

10.      In the ordinary course of business, the Debtors maintain books and records (the

"Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts

owed to their creditors.

11.      The Debtors' claims, notice and balloting agent, Epiq Bankruptcy Solutions, LLC,

has prepared and maintains a register (the "Claims Register") of all proofs of claim filed against

the Debtors in these chapter 11 cases.  As of January 31, 2012, the Claims Register includes

---

[5]      Additionally, on February 21, 2012, the Debtors filed an amended version of NNI's Schedule F (the "Sixth Amended Schedules") [D.I. 7240].  The Sixth Amended Schedules amend NNI's previously filed Schedule F to modify the amount of certain scheduled trade payable claims.

approximately 4,650 proofs of claim filed by former or current employees of the Debtors.  The

Debtors and their advisors are comprehensively reviewing and reconciling all claims, including

both the claims listed on the Schedules and the claims asserted in the proofs of claim (including

any supporting documentation).  The Debtors are also comparing the claims asserted in the

proofs of claim with the Books and Records to determine the validity of the asserted claims.

12.     This reconciliation process includes identifying particular categories of claims

that may be targeted for disallowance, reduction and allowance or reclassification and allowance.

To reduce the number of claims, and to avoid possible double recovery or otherwise improper

recovery by claimants, the Debtors continue to file omnibus objections to such categories of

claims if and where warranted.  This Objection is one such omnibus objection.

13.     On December 14, 2009, the Court entered an order granting the Debtors relief

from the requirements of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f) (the "Original Rule

3007 Order") [D.I. 2125].

14.     On September 16, 2010, the Court entered an order authorizing and approving

omnibus settlement procedures to settle certain prepetition claims (the "Settlement Procedures")

[D.I. 3953].

15.     Also on September 16, 2010, the Court entered an order approving a cross-border

claims protocol (the "Claims Protocol") establishing procedures to promote coordination and

cooperation between the Debtors and the Canadian Debtors in the resolution of certain claims

filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I.

3956].

16.     On February 7, 2012, the Court entered an order modifying the application of

Local Rule 3007-1 and the Original Rule 3007 Order [D.I. 7178].

D.      **Nortel Networks Severance Plans**

      17.     <u>Nortel Networks Severance Allowance Plan.</u>  The Nortel Networks Severance Allowance Plan (the "<u>Severance Plan</u>")[6] provided a severance allowance to employees whose employment was terminated in the context of a workforce reduction, a reclassification of the employee's current position, or termination by the employer without cause.  Severance benefits were available to employees with six months or more of service with NNI, or any NNI subsidiary that adopted the Severance Plan ("the <u>Employer</u>"), who were not parties to a separate severance agreement.  The Severance Plan provided for a benefit of four weeks of base salary, plus one week of base salary for every year of service, and continued medical, dental, and life insurance benefits, with additional periods of base salary payable at the Employer's discretion, up to a maximum of two times the employee's prior year's total annual compensation for the prior year.  Additional severance benefits accrued on the anniversary of the date on which each eligible employee accrued an additional year of service under the plan (the "<u>Severance Eligibility Date</u>"), as determined by the Employer.  As of the applicable Petition Dates, no further benefits have been paid under the plan.

      18.     <u>Nortel Networks Enhanced Severance Allowance Plan.</u>  The Nortel Networks Enhanced Severance Allowance Plan (the "<u>Enhanced Severance Plan</u>")[7] provided a severance allowance to certain terminated employees who had three months or more of service with the Employer and were not parties to a separate severance agreement with the Employer, and whose employment was terminated as part of a workforce reduction, due to a reclassification of the employee's current position, or by the employer without cause.  The Enhanced Severance Plan

---

[6]     The description of the Severance Plan is for background purposes only and is subject in all respects to the terms of the Severance Plan.

[7]     The description of the Enhanced Severance Plan is for background purposes only and is subject in all respects to the terms of the Enhanced Severance Plan.

provided for a benefit of twelve months' of continued base salary, plus additional amounts of base salary payable at the Employer's discretion up to a maximum of two times the employee's total annual compensation, and medical, dental, and life insurance benefits.

19.    <u>Other Termination Benefits</u>.  Prior to the applicable Petition Date, certain employees of NNI were provided with 60 days' non-working notice prior to their date of termination of employment, during which time such employees were eligible to receive salary, medical, dental, and life insurance benefits, and matching contributions to NNI's 401(k) plan.  In the case where employees were then terminated on the applicable Petition Date prior to the end of the 60-day period, they have asserted claims for the remaining salary and benefits.

20.    In connection with the claims reconciliation process described above, the Debtors reviewed their Books and Records to determine the amount and priority classification of employees' termination-related benefits, including those described above.  The Second Amended Schedules through the Fifth Amended Schedules amended the scheduled priority and amount of the claims of several employees relating to such severance and other termination-related benefits to reflect the Debtors' Books and Records.  The Debtors now object to certain claims filed with respect to severance and other termination-related benefits, which claims were filed prior to and following the filing of the Second Amended Schedules through the Fifth Amended Schedules.

**E.    Nortel Networks Retirement Income Plan**

21.    NNI sponsored the Nortel Networks Retirement Income Plan (the "<u>Defined Benefit Pension Plan</u>"), a tax-qualified, single-employer, defined benefit pension plan covered by Title IV of the Employee Retirement Income Security Act of 1974 (as amended, "<u>ERISA</u>"), to provide retirement benefits for certain of its employees.  <u>See</u> 29 U.S.C. §§ 1301(a)(13), 1321(a).  As of January 1, 2009, there were approximately 22,220 present and former employees of the

Debtors (and their beneficiaries) that were entitled to receive pension benefits under the terms of the Defined Benefit Pension Plan.

22.     The Defined Benefit Pension Plan was terminated under § 4042(c) of ERISA, effective July 17, 2009, pursuant to an agreement  between the Pension Benefit Guaranty Corporation (the "PBGC") and the Retirement Plan Committee of the Defined Benefit Pension Plan as the plan administrator (the "Trusteeship Agreement").  The Trusteeship Agreement also appointed the PBGC as statutory trustee of the Defined Benefit Pension Plan.  On August 31, 2009, this Court entered an order authorizing the Debtors to take all necessary or appropriate actions in furtherance of the implementation of the Trusteeship Agreement [D.I. 1406].[8]

## Relief Requested

23.     For the reasons set forth below, the Debtors object to each of the claims identified in **Exhibits A-C**.  By this Objection, the Debtors respectfully request that the Court enter an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying, reclassifying or disallowing in full, as applicable, the claims identified in **Exhibits A-C**:

   a.     Each claim identified in **Exhibit A** (the "No-Basis Claims") should be disallowed in full as a claim for which the Debtors are not liable because (i) the claim asserts a liability that is not a liability of the Debtor identified in the proof of claim or a liability of any other Debtor and (ii) the claim is supported neither by the documentation and information provided by the claimant, if any, nor by the Debtors' Books and Records.

---

[8]     By Order dated September 24, 2009, this Court approved a Stipulation Regarding Filing Claims By Pension Benefit Guaranty Corporation, pursuant to which each proof of claim filed by the PBGC shall be deemed to be filed in each of the sixteen Debtors' chapter 11 cases [D.I. 1540].  On September 29, 2009, the PBGC filed four proofs of claim against each of the Debtors, as either sponsor or a controlled group member of a sponsor of the Defined Benefit Pension Plan, with respect to the Defined Benefit Pension Plan.  The PBGC asserted claims for (i) the unfunded benefit liabilities of the Defined Benefit Pension Plan; (ii) contributions necessary to satisfy the minimum funding standards of the Defined Benefit Pension Plan; (iii) insurance premiums, interest and penalties with respect to the Defined Benefit Pension Plan; and (iv) shortfall and waiver amortization charges.  The respective proofs of claim have been assigned numbers 4735, 4736, 4737 and 4738 in the Debtors' Claims Register (collectively, the "PBGC Claims").

b.      Certain of the claims identified in **Exhibit B** should be reduced and allowed, adjusted and allowed, and/or reclassified and allowed in the amount identified under the column labeled "Modified Claim Amount" for one or more of the following reasons: (i) part of the claimed amount is neither supported by the documentation or other evidence provided by the claimant, if any, nor by the Debtors' Book and Records, (ii) part of the claimed amount relates to benefits or assertions for which the Debtors' Books and Records indicate that no amounts are due and owing, (iii) the claimed amount is lower than the amount supported by the Debtors' Books and Records, (iv) the claim asserts a liability that is not a liability of any of the Debtors and the Books and Records indicate a different liability owed to the claimant,[9] (v) the claimed amount asserts an unsupported secured claim pursuant to section 506 of the Bankruptcy Code, and/or (vi) the claimed amount asserts an incorrect or improper classification, in part or in full pursuant to sections 503(b)(9) or 507(a)(4) of the Bankruptcy Code (the "Modified, Reclassified, and Allowed Claims").  Additionally, certain of the claims identified in **Exhibit B** failed to identify or incorrectly identified the Debtor that is liable for such claim (the "Wrong Debtor Claims") and should be modified and allowed to clarify that the claim is asserted against the Identified Debtor (as defined below).

c.      Certain of the claims identified in **Exhibit B** should be disallowed in full as a claim for which the Debtors are not liable because the claim is redundant of another claim filed asserting the same purported liability (the "Redundant Claims") or amended or superseded by another claim filed against the same Debtor by or on behalf of the same claimant or a successor thereof relating to the same purported liability (the "Amended or Superseded Claims").

d.      Certain of the claims identified in **Exhibits A-C** should be disallowed in full because the claim does not meet the requirements of section 503(b)(9) of the Bankruptcy Code and is redundant of another claim filed by the same claimant or a successor thereof based on the same purported liability (the "No-Basis 503(b)(9) Claims").

e.      Each claim identified in **Exhibit C** (and certain of the claims listed in **Exhibit B**) should be disallowed in full as a claim for which the Debtors

---

[9]      All of the claims listed in Exhibit B were filed by claimants who, according to the Books and Records, are owed termination benefits by the Debtors.  Certain of the individual proofs of claim listed in Exhibit B assert claims for benefits other than termination benefits, in whole or in part.  The grounds for the Debtors' objection to all of such claimants' claims are addressed in Exhibit B.  To the extent that such claimants assert claims related to benefits under the Defined Benefit Pension Plan, the Debtors believe such claims should be disallowed in full for the reasons set forth in paragraphs 45-47 below.

    The allowed claim amounts reflected in Exhibit B are intended to (i) reflect the allowed termination benefit claims of the claimants identified in Exhibit B, which the Debtors believe are the only valid and allowable claims for such claimants and (ii) supercede any amounts listed in the Schedules with respect to such claimants.

are not liable because (i) each such claim is a claim for benefits under the Defined Benefit Pension Plan, (ii) following the termination of such plan the PBGC is the sole source of such benefits for such claimants and (iii) only the PBGC may recover unfunded pension benefits directly from a plan sponsor or a member of a plan sponsor's controlled group in the event of a pension plan termination (the "No-Basis Pension Claims").

The particular grounds for objection applicable to a claim are listed next to such claim in

**Exhibits A-C**.

## Basis for Relief

24.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).

25.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re Int'l Match Corp., 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  In re Allegheny Int'l, Inc., 954 F.2d at 173.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  Id.  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.  Id. at 173-74.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  Id.  The burden of persuasion is always on the claimant.  Id.

A.      **No-Basis Claims (Exhibit A)**

26.      The Debtors object to the No-Basis Claims identified in **Exhibit A** because each asserts a claim for which there is no amount due and owing by any Debtor to the claimant.

27.      With respect to each of the No-Basis Claims, the Debtors and/or their advisors have carefully reviewed the Books and Records, the Schedules, and the proofs of claim, including supporting documentation provided by the claimants, if any, and have determined that the No-Basis Claims are claims for which none of the Debtors is liable.

28.      Further, the No-Basis Claims should be disallowed in full because, based on a careful review of the Books and Records, the Schedules, and the proofs of claim, including supporting documentation provided by the claimants, if any, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimants with respect to such claims.

29.      For the reasons stated above, the No-Basis Claims do not meet the standards for *prima facie* validity, and the Debtors seek entry of an order disallowing and expunging the No-Basis Claims in their entirety.

B.      **Modified, Reclassified, and/or Wrong Debtor and Allowed Claims**

30.      The Debtors object to the claims identified in **Exhibit B** because the amounts asserted in these claims include amounts that (i) are not liabilities of the Debtors or their estates, or (ii) are amounts that were higher or lower than the liability reflected in the Debtors' Books and Records, and/or (iii) the claims assert an entitlement to administrative, secured or priority status that the Debtors believe is unwarranted, either in part or in full, and/or (iv) the claims failed to identify or correctly identify the Debtor liable for such claims.  Therefore, the priority status should be adjusted accordingly and the claims and priority amounts identified in **Exhibit B** should be reduced or increased to the amounts identified in the column labeled "Modified Claim

Amount" for the reasons set forth in the column labeled "Reason for Modification." Furthermore, the Wrong Debtor Claims should be asserted against the Debtor identified in the column labeled "New Case Info and Identified Debtor" in **Exhibit B** (the "Identified Debtor").

31.    With respect to each of the claims in **Exhibit B** that are not liabilities of the Debtors' estates or that indicate an amount that is not reflected in the Debtors' Books and Records, the Debtors and/or their advisors have carefully reviewed the Books and Records, the Schedules and the proof of claim, including supporting documentation, if any, provided by the claimant and have determined that these claims overstate the Debtors' liability by an amount that is not supported by any documentation or other evidence provided by the claimants, if any.  Nor is such overstated portion of each of these claims supported by the Debtors' Books and Records. To the extent that any claimant is permitted to amend a proof of claim or otherwise provides documentation or other evidence supporting the overstated portion of a claim, the Debtors respectfully request relief from the requirements of Local Rule 3007-1(f)(iii), and the Court's permission to submit a supplemental objection, as necessary.

32.    Based on a careful review of their Books and Records, the Debtors have determined that certain claimants identified in **Exhibit B** asserted a claim amount that was lower than the liability reflected in the Debtors' Books and Records.

33.    Therefore, the Debtors seek to adjust such claims to the Modified Claim Amounts identified in **Exhibit B** and allow such claims for the Modified Claim Amounts.  The Debtors also seek to disallow the overstated amounts asserted in **Exhibit B** and to reduce and allow such claims for the Modified Claim Amounts.   If the overstated or understated claim amounts are not revised as requested herein, many of the claimants will receive a disproportionately large distribution, while others will receive a disproportionately smaller distribution in these chapter

11 cases in contravention of the provisions and policies of the Bankruptcy Code and to the direct detriment of the Debtors' estates and other creditors.

34.     With respect to each of the claims identified in **Exhibit B** that assert an entitlement to administrative, secured or priority status that the Debtors believe is unwarranted, either in part or in full, the Debtors and/or their advisors have carefully reviewed the Books and Records and the proof of claim, including supporting documentation provided by the claimant, if any.  Based on this review, the Debtors have determined that the affected claims (i) were filed on a section 503(b)(9) claim form but do not meet the statutory requirements of section 503(b)(9) of the Bankruptcy Code, and instead relate to claims that are unsecured according to the Books and Records, (ii) failed to provide any information or documentation in support of a security interest, pursuant to section 506 of the Bankruptcy Code, and instead relate to claims that are unsecured according to the Books and Records, or (iii) asserted incorrect or improper priority status classification in part or in whole, pursuant to section 507(a)(4) of the Bankruptcy Code. Consequently, the Debtors believe the secured status, priority and/or priority amount of these claims should be modified by reclassifying and/or reducing or adjusting the secured status, priority and/or priority amount listed under the column entitled "Modified Claim Amount" in **Exhibit B**.

35.     Section 503(b)(9) of the Bankruptcy Code provides administrative expense priority to claims for the value of any goods received by a debtor within 20 days before the commencement of a chapter 11 case to the extent that such goods have been sold to the debtor in the debtor's ordinary course of  business.  11 U.S.C. § 503(b)(9).

36.     Section 506 of the Bankruptcy Code provides secured status to an allowed claim secured by a lien on property in which the debtor's estate has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code.  11 U.S.C. § 506(a)(1).

37.     Section 507(a)(4) of the Bankruptcy Code provides priority to claims asserted by individual employees of a debtor for unpaid wages, salaries and commissions that were earned within 180 days of the bankruptcy filing.  11 U.S.C. § 507(a)(4).

38.     By revising the aforementioned claims as set forth herein, the Debtors will be better positioned to ensure that the claimants ultimately entitled to receive distributions from the Debtors' estates receive the appropriate treatment and distribution.

39.     The Debtors also object to certain claims identified in **Exhibit B** because the claims fail to identify or incorrectly identify the Debtor that is liable for the claim.

40.     With respect to each of the Wrong Debtor Claims, the Debtors and/or their advisors have carefully reviewed the Debtors' Books and Records, their Schedules and the proof of claim, including supporting documentation provided by the claimant, if any.  Based on this review, the Debtors have determined that the claims should be asserted against the Identified Debtor.

41.     The Debtors hereby seek entry of an order to correct the Debtor against which the Wrong Debtor Claims are asserted and to allow such claims as modified.  If the relief sought in this Objection is granted, the claimant that filed the Wrong Debtor Claim will have an allowed claim against the Identified Debtor for the amount stated under the column entitled "Modified Claim Amount" in **Exhibit B**.

42.     Each of allowed claims reflected in **Exhibit B** shall supersede any obligation of the Debtors to such claimant that may be reflected in the Schedules.

**C.    Redundant, Amended or Superseded, and No-Basis 503(b)(9) Claims**

43.    **Exhibit B** also lists and seeks to disallow any Redundant Claims and Amended or Superseded Claims filed by a claimant or a successor thereof related to the same liability.  In addition to listing the modified claim, **Exhibit B** also lists the claim number for such Redundant Claims and Amended or Superseded Claims, and notes that such claims will be disallowed as redundant of or superseded by the remaining claim.  The disallowance of the Redundant Claims and the Amended or Superseded Claims is necessary to prevent double recovery by a claimant or a successor thereof for the same claim.

44.    Furthermore, in certain instances a claimant also filed a claim for payment pursuant to section 503(b)(9) of the Bankruptcy Code that is otherwise redundant of at least one other claim filed by the same claimant based on the same purported liability.  Based on a careful review of the Debtors' Books and Records, their Schedules and the proof of claim, including any supporting documentation provided by each claimant, none of the No-Basis 503(b)(9) Claims establishes, nor do the Debtors' Books and Records or their Schedules indicate, in whole or in part, the claimant's right to payment for the value of goods sold to the Debtors in the Debtors' ordinary course of business that were received by the Debtors within 20 days before either of the applicable Petition Dates.  Accordingly, the Debtors seek to disallow and expunge each No-Basis 503(b)(9) Claim in its entirety.  If the No-Basis 503(b)(9) Claims are not disallowed, the claimants may obtain double recovery and/or distributions at a higher priority than the distributions from the Debtors' estates to which they would otherwise be entitled.

**D.    No-Basis Pension Claims**

45.    The Debtors object to the claims identified in **Exhibit C** (and in the case of claimants who are proposed to have surviving claims related to termination benefits, certain of the claims listed in **Exhibit B**) because the amounts asserted for pension benefits owing in

connection with the terminated Defined Benefit Pension Plan are not liabilities of the Debtors or their estates.  The No-Basis Pension Claims identified in **Exhibit C** should be disallowed in full, and the claimants holding No-Basis Pension Claims shall not be entitled to any distribution from the Debtors' estates with respect to such claims.  **By this Objection, the Debtors are not seeking to affect any rights that claimants holding No-Basis  Pension Claims may have to participate in distributions from the PBGC with regards to the Defined Benefit Pension Plan.**

46.     The No-Basis Pension Claims cannot properly be asserted against the Debtors' estates because, pursuant to ERISA, (i) the PBGC is the sole source of recovery for participants of a terminated single-employer pension plan, and (ii) the PBGC is the sole entity entitled to recover pension termination liabilities directly from a plan sponsor in the event of a pension plan termination.  See, e.g., 29 U.S.C. §§ 1322, 1344 (describing distributions from the PBGC with respect to terminated single-employer pension plans); 29 U.S.C. § 1362 (stating that in any case in which a single-employer pension plan is terminated, the plan sponsor or member of such plan sponsor's controlled group shall be liable to the PBGC).  Courts routinely dismiss pension plan participants' claims seeking payment of terminated pension benefits directly from the plan sponsor.  See, e.g., United Steelworkers, Am., AFL-CIO, CLC v. United Eng'g, Inc., 52 F.3d 1386, 1394 (6th Cir. 1995) (concluding that permitting plan participants to sue an employer directly for payment of ERISA benefits would render the priority scheme set forth in ERISA meaningless); In re Adams Hard Facing Co., 129 B.R. 662, 663 (Bankr. W.D. Okla. 1991) (disallowing direct claims of plan participants against the debtors).

47.     Based on careful review of the Books and Records, the Schedules and the proofs of claim, including supporting documentation provided by the claimants, if any, the Debtors have

determined that there are no amounts due and owing to the claimants with respect to the No-Basis Pension Claims.  The disallowance of the No-Basis Pension Claims is necessary to prevent claimants from receiving an unwarranted recovery in contravention of applicable law.  Accordingly, the Debtors seek to disallow and expunge each No-Basis Pension Claim in its entirety as set forth in **Exhibits B and C.**

### Separate Contested Matters

48.     To the extent that a response is filed regarding any claim identified in **Exhibits A-C** and the Debtors are unable to resolve the response, such claim, and the objection to such claim asserted by the Debtors herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objection

49.     To contest this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on April 25, 2012** (the "Response Deadline").  Every Response must be filed with:

> The Office of the Clerk
> The United States Bankruptcy Court for the District of Delaware
> 824 Market Street, Wilmington, Delaware 19801

and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  Lisa M. Schweitzer
>
> -and-

18

> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street, P.O. Box 1347
> Wilmington, Delaware 19899-1347
> Attn: Derek C. Abbott

50.     Every Response to this Objection must contain, at a minimum, the following

information:

  a.     A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of this Objection;

  b.     The name of the claimant, the claim number, and a description of the basis for the amount of the claim;

  c.     The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

  d.     Any supporting documentation, to the extent that it was not included in the proof of claim previously filed with the clerk or claims agent, upon which the claimant intends to rely to support the basis for and amounts asserted in the proof of claim; and

  e.     The name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or this Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

51.     If a claimant fails to file and serve a timely Response by the Response Deadline,

the Debtors may present to the Court an appropriate order modifying, reclassifying or

disallowing the claim, without further notice to the claimant or a hearing.

### Replies to Responses

52.     The Debtors may, at their option, file and serve a reply to any Response so that it

is received by the claimant (or the claimant's counsel, if represented) no later than three (3) days

prior to the hearing.

**Adjournment of Hearing**

53.     The Debtors reserve the right to seek an adjournment of the hearing on any Responses to this Objection.  In the event that the Debtors seek such an adjournment, it will be noted on the notice of agenda for the hearing, and such agenda will be served on the affected claimant by serving the person designated in the Response.

**Reservation of Rights**

54.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.   Should one or more of the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out substantive and non-substantive objections to the claims identified in **Exhibits A-C**.  The Debtors reserve their right to assert one or more other legal, factual, procedural, substantive and non-substantive objections to claims identified in **Exhibits A-C** at a later time.  The Debtors also reserve the right to withhold all applicable federal, state and local withholding taxes from distributions (if any) that would be made with respect to the claims addressed in this Objection.

**No Prior Request**

55.     No prior request for the relief sought herein has been made to this or any other court.

**Notice**

56.     Notice of this Objection has been given via first class mail or overnight delivery to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) each of the parties listed in **Exhibits A-C** and (v) the general service list established in these chapter 11 cases.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form attached hereto as **Exhibit E**, sustaining this Objection in all respects

and granting such other and further relief as the Court deems just and proper.

Dated:  April 9, 2012               CLEARY GOTTLIEB STEEN & HAMILTON LLP
        Wilmington, Delaware

                               James L. Bromley (admitted *pro hac vice*)
                               Lisa M. Schweitzer (admitted *pro hac vice*)
                               One Liberty Plaza
                               New York, New York 10006
                               Telephone:  (212) 225-3505
                               Facsimile:  (212) 225-3999

                                 - and -

                               MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                               */s/ Ann C. Cordo*
                               Derek C. Abbott (No. 3376)
                               Eric D. Schwartz (No. 3134)
                               Ann C. Cordo (No. 4817)
                               1201 North Market Street
                               P.O. Box 1347
                               Wilmington, Delaware 19801
                               Telephone:  (302) 658-9200
                               Facsimile: (302) 658-3989

                               *Counsel for the Debtors*
                               *and Debtors-in-Possession*

# EXHIBIT A

## No-Basis Claims

# Exhibit A

## No-Basis Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5359<br>9/30/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5360<br>9/30/09<br>09-10139<br>Nortel Networks<br>Capital Corporation | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5361<br>9/30/09<br>09-10140<br>Nortel Altsystems, Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit A

## No-Basis Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5362<br>9/30/09<br>09-10141<br>Alteon WebSystems<br>International, Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5363<br>9/30/09<br>09-10142<br>Xros, Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5364<br>9/30/09<br>09-10143<br>Sonoma Systems | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit A

### No-Basis Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Reason for Disallowance |
|---|---|---|---|
| GARDENER, WILLIAM KENNETH 15 ENNISMORE MEWS LONDON  SW7 1AP UNITED KINGDOM | 5365 9/30/09 09-10144 Qtera Corporation | - (S) - (A) - (P) $3,401,143.00 (U) $3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH 15 ENNISMORE MEWS LONDON  SW7 1AP UNITED KINGDOM | 5366 9/30/09 09-10145 CoreTek, Inc. | - (S) - (A) - (P) $3,401,143.00 (U) $3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH 15 ENNISMORE MEWS LONDON  SW7 1AP UNITED KINGDOM | 5367 9/30/09 09-10146 Nortel Networks Applications Management Solutions Inc. | - (S) - (A) - (P) $3,401,143.00 (U) $3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit A**

**No-Basis Claims**

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5368<br>9/30/09<br>09-10147<br>Nortel Networks<br>Optical Components<br>Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5369<br>9/30/09<br>09-10150<br>Nortel Networks<br>International Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5370<br>9/30/09<br>09-10148<br>Nortel Networks<br>HPOCS Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit A

## No-Basis Claims

### Claim to be Expunged

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5371<br>9/30/09<br>09-10149<br>Architel Systems<br>(U.S.) Corporation | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5372<br>9/30/09<br>09-10152<br>Nortel Networks<br>Cable Solutions Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5373<br>9/30/09<br>09-10151<br>Northern Telecom<br>International Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit A**

**No-Basis Claims**

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 5374<br>9/30/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 6796<br>1/20/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |
| GARDENER, WILLIAM KENNETH<br>15 ENNISMORE MEWS<br>LONDON  SW7 1AP<br>UNITED KINGDOM | 6798<br>1/20/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$3,401,143.00 (U)<br>$3,401,143.00 (T) | The claim asserts a special retirement benefit in respect of service with STC plc, a UK telecommunications company that was purchased by Nortel in 1991. Such benefits appear to have been historically paid by Northern Telecom Europe Limited, a predecessor in interest to Nortel Networks Optical Components Limited, a subsidiary of Nortel Networks UK Limited. Based on careful review of the Debtors' Books and Records, their Schedules, and the proofs of claim, including the supporting documentation provided by the claimant, the Debtors have determined that there is no amount due and owing by any of the Debtors to the claimant with respect to such claim and none of the Debtors in these chapter 11 cases is liable for the claim. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit A**

**No-Basis Claims**

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Reason for Disallowance |
|---|---|---|---|
| **Totals:** | **18 Claims** | **- (S)** | |
| | | **- (A)** | |
| | | **- (P)** | |
| | | **$57,819,431.00 (U)** | |
| | | **$57,819,431.00 (T)** | |

\*  The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

*Page 7 of 7*

# **EXHIBIT B**

**Modified, Reclassified and/or Wrong Debtor and Allowed Claims and Amended or Superseded, Redundant, No-Basis 503(b)(9) and No-Basis Pension Claims**

# Exhibit B

## Modified, Reclassified and/or Wrong Debtor and Allowed Claims
## and
## Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| COPPOCK, JEFFREY S<br>2133 BLUFFS DRIVE<br>LIVERMORE, CA  94551 | 2767<br>9/8/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$4,311.85 (P)<br>$21,590.44 (U)<br>$25,902.29 (T) | - (S)<br>- (A)<br>- (P)<br>$27,556.51 (U)<br>$27,556.51 (T) | | The claim asserts liability for termination benefits.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

*Page 1 of 14*

## Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| HAWKINS, CHETLEY<br>65 BLUE JAY<br>IRVINE, CA  92604 | 5755<br>10/1/09<br>NO DEBTOR | - (S)<br>- (A)<br>$91,370.33 (P)<br>- (U)<br>$91,370.33 (T) | - (S)<br>- (A)<br>$2,014.46 (P)<br>$52,723.29 (U)<br>$54,737.74 (T) | 09-10138<br>Nortel Networks Inc. | The claim asserts liability for defined benefit pension benefits.  Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates.<br><br>However, based on careful review of the Debtors' Books and Records and their Schedules, the Debtors have determined that the claim should be allowed in the amount and priority listed in the column entitled Modified Claim Amount to reflect the identified Debtor's liability related to termination benefits.<br><br>Wrong or No Debtor. Based on a careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors believe that the Claim should be asserted against the Identified Debtor. |
| HAWKINS, CHETLEY<br>65 BLUE JAY<br>IRVINE, CA  92604 | 5756<br>10/1/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>$90,370.33 (A)<br>- (P)<br>- (U)<br>$90,370.33 (T) | Disallowed | | Requirements of section 503(b)(9) are not met and Claim is redundant of claim 5755 filed by the claimant or an affiliate of the claimant asserting the same underlying liability. Remaining claim 5755 has also been modified, reclassified and/or applied to the correct debtor on this Exhibit. |
| KUO, CATHY<br>1509 ANGLEBLUFF LANE<br>PLANO, TX  75093 | 920<br>4/13/09<br>NO DEBTOR | - (S)<br>- (A)<br>$220,046.23 (P)<br>- (U)<br>$220,046.23 (T) | Disallowed | | Amended or Superseded claim.<br><br>Claim is redundant of claim 8145 filed by the claimant or an affiliate of the claimant asserting the same underlying liability. Remaining claim 8145 has also been modified, reclassified and/or applied to the correct debtor on this Exhibit. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| KUO, CATHY<br>1509 ANGLEBLUFF LANE<br>PLANO, TX  75093 | 8145<br>1/9/12<br>09-10138<br>Nortel Networks Inc. | $35,261.37 (S)<br>- (A)<br>$35,261.37 (P)<br>- (U)<br>$35,261.37 (T) | - (S)<br>- (A)<br>- (P)<br>$36,661.53 (U)<br>$36,661.53 (T) | | The claim asserts liability for termination benefits.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount.<br><br>Reclassify Secured Status and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Claim is not entitled to secured status and has been reclassified to a priority and/or general unsecured amount as reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount Claimed | Modified Claim Amount or Disallowed Claim | New Case Info and Identified Debtor | Reason for Modification or Disallowance |
|---|---|---|---|---|---|
| KUO, CATHY L<br>1509 ANGLEBLUFF LN<br>PLANO, TX  75093 | 3804<br>9/25/09<br>09-10138<br>Nortel Networks Inc. | $35,261.37 (S)<br>- (A)<br>$35,261.37 (P)<br>- (U)<br>$35,261.37 (T) | Disallowed | | Claim is redundant of claim 8145 filed by the claimant or an affiliate of the claimant asserting the same underlying liability. Remaining claim 8145 has also been modified, reclassified and/or applied to the correct debtor on this Exhibit. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| MLCOCH, SANDRA<br>416 RIDGEVIEW TRAIL<br>MCKINNEY, TX  75071 | 90<br>1/29/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$10,950.00 (P)<br>$9,435.00 (U)<br>$20,385.00 (T) | - (S)<br>- (A)<br>- (P)<br>$21,765.96 (U)<br>$21,765.96 (T) | | The claim asserts liability for termination benefits and defined benefit pension benefits.<br><br>Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount of the asserted termination benefits claim should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively.  Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the asserted termination benefits claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Modified Claim Amount or Disallowed Claim | New Case Info and Identified Debtor | Reason for Modification or Disallowance |
|---|---|---|---|---|---|
| MOSCA, MICHELE 115 CHATHAM FOREST DRIVE PITTSBORO, NC  27312 | 1038 4/27/09 NO DEBTOR | - (S) - (A) $1,923.06 (P) - (U) $1,923.06 (T) | Disallowed | | Claim is redundant of claim 8173 filed by the claimant or an affiliate of the claimant asserting the same underlying liability. Remaining claim 8173 has also been modified, reclassified and/or applied to the correct debtor on this Exhibit. |
| MOSCA, MICHELE 115 CHATHAM FOREST DRIVE PITTSBORO, NC  27312 | 6472 12/28/09 09-10138 Nortel Networks Inc. | - (S) - (A) $1,923.06 (P) - (U) $1,923.06 (T) | Disallowed | | Claim is redundant of claim 8173 filed by the claimant or an affiliate of the claimant asserting the same underlying liability. Remaining claim 8173 has also been modified, reclassified and/or applied to the correct debtor on this Exhibit. |
| MOSCA, MICHELE 115 CHATHAM FOREST DRIVE PITTSBORO, NC  27312 | 8173 1/20/12 09-10138 Nortel Networks Inc. | - (S) - (A) $1,923.06 (P) $396.58 (U) $2,319.64 (T) | - (S) - (A) - (P) $2,319.64 (U) $2,319.64 (T) | | The claim asserts liability for termination benefits.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Modified Claim Amount or Disallowed Claim | New Case Info and Identified Debtor | Reason for Modification or Disallowance |
|---|---|---|---|---|---|
| PERKOWSKI, DAVID<br>12 DARIA DRIVE<br>PEQUANNOCK, NJ 07440 | 792<br>4/2/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$64,438.00 (U)<br>$64,438.00 (T) | - (S)<br>- (A)<br>$6,232.94 (P)<br>$57,861.71 (U)<br>$64,094.65 (T) | 09-10138<br>Nortel Networks Inc. | The claim asserts liability for termination benefits.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount.<br><br>Wrong or No Debtor. Based on a careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors believe that the Claim should be asserted against the Identified Debtor. |
| PILCH, DONNA<br>BOX 4616<br>CARY, NC 27519 | 580<br>3/13/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$10,267.65 (U)<br>$10,267.65 (T) | Disallowed | | Claim is redundant of claim 8163 filed by the claimant or an affiliate of the claimant asserting the same underlying liability. Remaining claim 8163 has also been modified, reclassified and/or applied to the correct debtor on this Exhibit. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit B

**Modified, Reclassified and/or Wrong Debtor and Allowed Claims
and
Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims**

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| PILCH, DONNA<br>BOX 4616<br>CARY, NC  27519 | 8163<br>1/12/12<br>NO DEBTOR | $7,747.92 (S)<br>- (A)<br>$7,747.92 (P)<br>$9,862.31 (U)<br>$17,310.42 (T) | - (S)<br>- (A)<br>$7,448.11 (P)<br>$9,862.31 (U)<br>$17,310.42 (T) | 09-10138<br>Nortel Networks Inc. | The claim asserts liability for termination benefits.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify Secured Status and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Claim is not entitled to secured status and has been reclassified to a priority and/or general unsecured amount as reflected in the column entitled Modified Claim Amount.<br><br>Wrong or No Debtor. Based on a careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors believe that the Claim should be asserted against the Identified Debtor. |
| RECTOR, JENNIFER COX<br>8208 WEST CHASE COURT<br>NASHVILLE, TN  37221 | 154<br>2/2/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$37,000.00 (U)<br>$37,000.00 (T) | Disallowed | | Claim is redundant of claim 8135 filed by the claimant or an affiliate of the claimant asserting the same underlying liability. Remaining claim 8135 has also been modified, reclassified and/or applied to the correct debtor on this Exhibit. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| RECTOR, JENNIFER COX<br>8208 WEST CHASE COURT<br>NASHVILLE, TN  37221 | 8135<br>1/4/12<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$10,950.00 (P)<br>$25,146.00 (U)<br>$36,096.00 (T) | - (S)<br>- (A)<br>- (P)<br>$36,095.67 (U)<br>$36,095.67 (T) | | The claim asserts liability for termination benefits.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Modified Claim Amount or Disallowed Claim | New Case Info and Identified Debtor | Reason for Modification or Disallowance |
|---|---|---|---|---|---|
| SCHOOLEY, RUSSELL 1603 CLEARMEADOW DRIVE ALLEN, TX  75002 | 4175 9/28/09 09-10138 Nortel Networks Inc. | - (S) - (A) $14,018.13 (P) $46,247.17 (U) $60,265.30 (T) | - (S) - (A) $2,290.56 (P) $58,294.10 (U) $60,584.66 (T) | | The claim asserts liability for termination benefits. Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount. Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit B

## Modified, Reclassified and/or Wrong Debtor and Allowed Claims
## and
## Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| VACA, DANIEL<br>4122 TRAVIS ST UNIT 19<br>DALLAS, TX  75204-1865 | 4822<br>9/29/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$1,304.67 (P)<br>$40,422.27 (U)<br>$41,726.94 (T) | - (S)<br>- (A)<br>$8,189.46 (P)<br>$37,674.85 (U)<br>$45,864.31 (T) | | The claim asserts liability for termination benefits.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

*Page 11 of 14*

# Exhibit B

## Modified, Reclassified and/or Wrong Debtor and Allowed Claims
and
## Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| VRABEL, JR., JOHN P.<br>10 ROYALLMANOR CT<br>O'FALLON, MO  63368 | 2551<br>9/3/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$11,624.85 (P)<br>$37,663.56 (U)<br>$49,288.41 (T) | - (S)<br>- (A)<br>- (P)<br>$40,398.86 (U)<br>$40,398.86 (T) | | The claim asserts liability for termination benefits and defined benefit pension benefits.<br><br>Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount of the asserted termination benefits claim should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively.  Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the asserted termination benefits claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| WILLIAMS, HEATHER<br>2702 PENNY LANE<br>MCKINNEY, TX 75070 | 2826<br>9/11/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$36,153.80 (U)<br>$36,153.80 (T) | - (S)<br>- (A)<br>$6,357.34 (P)<br>$23,177.99 (U)<br>$29,535.33 (T) | 09-10138<br>Nortel Networks Inc. | The claim asserts liability for termination benefits.<br><br>Modify and Allow. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors have determined the claim amount should be adjusted from the amount listed in the column entitled Total Amount Claimed to the amount listed in the column entitled Modified Claim Amount.<br><br>Reclassify and Allow. Section 503(b) and 507(a)(4) govern the administrative status and priority of claims, respectively. Based on careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, and pursuant to the requirements of sections 503(b) and 507(a)(4) of the Bankruptcy Code, the administrative status (if applicable) and priority status of the claim has been reclassified, and the reclassified amount is reflected in the column entitled Modified Claim Amount.<br><br>Wrong or No Debtor. Based on a careful review of the Debtors' Books and Records, their Schedules and the Proofs of Claim, including the supporting documentation provided by the Claimant, the Debtors believe that the Claim should be asserted against the Identified Debtor. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit B

### Modified, Reclassified and/or Wrong Debtor and Allowed Claims
### and
### Amended or Superseded, Redundant and No-Basis 503(b)(9) Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount or<br>Disallowed Claim | New Case Info and<br>Identified Debtor | Reason for Modification<br>or Disallowance |
|---|---|---|---|---|---|
| YU, KIN<br>481214 LEIGH STREET<br>FREMONT, CA 94539 | 2750<br>9/8/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$88,186.97 (U)<br>$88,186.97 (T) | - (S)<br>- (A)<br>$2,094.56 (P)<br>$47,617.19 (U)<br>$49,711.75 (T) | | The claim asserts liability for defined benefit pension benefits.  Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates.<br><br>However, based on careful review of the Debtors' Books and Records and their Schedules, the Debtors have determined that the claim should be allowed in the amount and priority listed in the column entitled Modified Claim Amount to reflect the identified Debtor's liability related to termination benefits. |
| **Totals:** | **20 Claims** | **$78,270.66 (S)**<br>**$90,370.33 (A)**<br>**$448,615.90 (P)**<br>**$426,809.75 (U)**<br>**$965,496.17 (T)** | **- (S)**<br>**- (A)**<br>**$34,627.42 (P)**<br>**$452,009.60 (U)**<br>**$486,637.03 (T)** | | |

\*  The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## <u>EXHIBIT C</u>

**No-Basis Pension Claims**

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| ARMBRUSTER, ROBIN C<br>4325 SHOREVIEW LN<br>WHITMORE LAKE, MI 48189-9394 | 2822<br>9/11/09<br>NO DEBTOR | - (S)<br>- (A)<br>$330.37 (P)<br>- (U)<br>$330.37 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| BALASA, LEONARD J<br>204 W BEECH DR<br>SCHAUMBURG, IL 60193 | 7167<br>3/26/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | $19,000.00 (S)<br>- (A)<br>$19,000.00 (P)<br>- (U)<br>$19,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| BALASA, LEONARD J.<br>204 W. BEECH DR<br>SCHAUMBURG, IL 60193 | 7166<br>3/26/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$19,000.00 (A)<br>- (P)<br>- (U)<br>$19,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| BAWEK, KATHRYN A<br>10629 WYOMING CIRCLE<br>BLOOMINGTON, MN 55438 | 5817<br>10/2/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$84,821.00 (U)<br>$84,821.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| BAWEK, KATHRYN A<br>10629 WYOMING CIRCLE<br>BLOOMINGTON, MN 55438 | 5952<br>10/6/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$84,831.00 (U)<br>$84,831.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| BODFORD, JOHN P<br>250 FOX RIDGE CIR<br>LEWISVILLE, NC 27023 | 6597<br>1/5/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>$8,078.41 (P)<br>- (U)<br>$8,078.41 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| BODFORD, JOHN PAUL, JR.<br>250 FOX RIDGE CIRCLE<br>LEWISVILLE, NC 27023 | 6596<br>1/5/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$8,078.41 (A)<br>- (P)<br>- (U)<br>$8,078.41 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| CALLAIR, VICKIE<br>2217 RAINY LAKE STREET<br>WAKE FOREST, NC  27587 | 6592<br>1/4/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>$30,232.85 (P)<br>- (U)<br>$30,232.85 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| CHILDERS, RUSSELL<br>5296 UNION CR<br>FLOWERY BRANCH, GA  30542 | 3496<br>9/23/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| CLINE, MARY P<br>4232 MT. ZION ROAD<br>SPRINGFIELD, TN  37172 | 6684<br>1/11/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| CONNOR, DAVID G<br>5035 CHOWEN AVE S<br>MINNEAPOLIS, MN  55410 | 3302<br>9/21/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| CRAFT, JERRY L<br>52 CHESTNUT DR<br>CHELSEA, MI  48118 | 2332<br>8/28/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$88,833.00 (U)<br>$88,833.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| CRAPCO JR., LEE W.<br>2975 HUNTER BRANCH ROAD<br>APT A130<br>FAIRFAX, VA  22031 | 4119<br>9/28/09<br>NO DEBTOR | - (S)<br>- (A)<br>$94,814.00 (P)<br>- (U)<br>$94,814.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| CUMMINGS, JOSEPH M<br>35 CRYSTAL PLACE<br>LEVITTOWN, PA  19057 | 3787<br>9/25/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$18,000.00 (U)<br>$18,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit C**

**No-Basis Pension Claims**

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Reason for Disallowance |
|---|---|---|---|
| DESCHASTRES, TERRY E 24810 MOUNT AUBURN DR KATY, TX 77494 | 2325 8/28/09 NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| DIEU, CHUNG T 7301 ALLANS RIDGE LANE FAIRVIEW, TN 37062 | 6379 12/23/09 09-12515 Nortel Networks (CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| DOGGETTE, KEVIN 6613 WESTBOROUGH DR RALEIGH, NC 27612 | 6832 1/22/10 09-12515 Nortel Networks (CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| DOGGETTE, KEVIN 6613 WESTBOROUGH DR RALEIGH, NC 27612 | 6833 1/22/10 09-12515 Nortel Networks (CALA), Inc. | $84,044.62 (S) - (A) - (P) - (U) $84,044.62 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| DOWNER, J A HANSEN 119 GOODMAN DRIVE KANATA, ON K2W IC7 CANADA | 2124 8/24/09 NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| DUKES, BEVERLY G 1405 WATTS ST DURHAM, NC 27701 | 1745 8/17/09 NO DEBTOR | - (S) - (A) - (P) $50,000.00 (U) $50,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| DUNN, MICHAEL H 916 POINTVIEW CIRCLE MT JULIET, TN 37122 | 2295 8/28/09 NO DEBTOR | - (S) - (A) $4,356.32 (P) - (U) $4,356.32 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# Exhibit C

## No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| DUNN, MICHAEL H.<br>916 POINTVIEW CIRCLE<br>MOUNT JULIET, TN  37122 | 2294<br>8/28/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| DYER, F R<br>5 FOXGLOVE PLACE<br>OTTAWA  K2R 1B2<br>CANADA | 4421<br>9/28/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| EATON, THOMAS<br>9208 TOWN GATE LANE<br>BETHESDA, MD  20817 | 2273<br>8/28/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| EATON, THOMAS<br>108 QUINCY STREET<br>CHEVY CHASE, MD  20815 | 2274<br>8/28/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| EDEY, DAVID S T<br>1096 RIVER ROAD<br>MANOTICK  K4M 1B4<br>CANADA | 2512<br>9/2/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$124.77 (U)<br>$124.77 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| EGERMAN, KEVIN A<br>2905 DEAN PKWY.<br>APT #102<br>MINNEAPOLIS, MN  55416 | 2575<br>9/3/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| ELDER, HOWARD H<br>6256 158TH ST WEST<br>APPLE VALLEY, MN  55124 | 2013<br>8/21/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$692.22 (U)<br>$692.22 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| ELDER, HOWARD H<br>6256 158TH ST W<br>APPLE VALLEY, MN  55124 | 6532<br>12/31/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| ELDER, HOWARD H<br>6256 158TH ST WEST<br>APPLE VALLEY, MN  55124 | 6533<br>12/31/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| ERDMANN, ERIC A<br>242 SAILWINDS RD<br>MOORESVILLE, NC  28115 | 5945<br>9/29/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$66,490.78 (U)<br>$66,490.78 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| FETTERMAN, ROGER L<br>415 REX AVENUE<br>JACKSON, CA  95642 | 2327<br>8/28/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$522.08 (U)<br>$522.08 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| FOSTER, KAREN D<br>9231 VINEWOOD DR<br>DALLAS, TX  75228 | 3381<br>9/21/09<br>NO DEBTOR | - (S)<br>- (A)<br>$67,596.00 (P)<br>- (U)<br>$67,596.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| FRENK, LINDA J<br>2009 MALLARD LN<br>WOODSTOCK, IL  60098-7414 | 5820<br>10/2/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| GARINGER, GAIL<br>501 RINGLEAF COURT<br>CARY, NC  27513 | 6223<br>12/14/09<br>NO DEBTOR | - (S)<br>- (A)<br>$270,085.00 (P)<br>- (U)<br>$270,085.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit C**

## No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| GATES, STEVE<br>8699 DURHAM ROAD<br>TIMBERLAKE, NC  27583 | 6587<br>1/4/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| GIANI, ANITA M<br>129 ELVA AVE<br>PASS CHRISTIAN, MS  39571-4809 | 1891<br>8/20/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$403.65 (U)<br>$403.65 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| GIPSON, MICHELLE R<br>P O BOX 250504<br>ATLANTA, GA  30325 | 6964<br>1/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>$30,000.00 (P)<br>- (U)<br>$30,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| GRISHAM, KIMBERLEE<br>309 JENNIFER LANE<br>ROSELLE, IL  60172 | 3336<br>9/21/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| GUSTLIN, MARK A<br>1257 COBBLESTONE DR<br>CAMPBELL, CA  95008 | 3362<br>9/21/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HANSEN, DEBRA A.<br>N2802 SUMMERVILLE PARK DR<br>LODI, WI  53555 | 2278<br>8/28/09<br>09-10151<br>Northern Telecom<br>International Inc. | - (S)<br>- (A)<br>$34,507.37 (P)<br>- (U)<br>$34,507.37 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HANSON, KAY L<br>1025 CERRO VISTA DR<br>P O BOX 127<br>APPLEGATE, CA  95703 | 6550<br>1/4/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>$100,000.00 (P)<br>- (U)<br>$100,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| HANSON, KAY LOUISE<br>PO BOX 127<br>1025 CERRO VISTA DRIVE<br>APPLEGATE, CA 95703 | 6549<br>1/4/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$100,000.00 (A)<br>- (P)<br>- (U)<br>$100,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HARTMAN, JAMES R<br>18627 ROBLEDA CT<br>SAN DIEGO, CA 92128 | 2702<br>9/8/09<br>NO DEBTOR | - (S)<br>- (A)<br>$11,000.00 (P)<br>- (U)<br>$11,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HELLER, ROBERT<br>916 WESTMORELAND BLVD<br>KNOXVILLE, TN 37919 | 2447<br>8/31/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>$100,000.00 (A)<br>- (P)<br>- (U)<br>$100,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HELLER, ROBERT<br>916 WESTMORELAND BLVD<br>KNOXVILLE, TN 37919 | 2448<br>8/31/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$371.14 (U)<br>$371.14 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HINES, ALLISON H<br>P.O. BOX 158030<br>NASHVILLE, TN 37215 | 3616<br>9/24/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HOELER, DONALD J. JR.<br>225 WHITE FALLS DRIVE<br>COLUMBIA, SC 29212 | 6876<br>1/22/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HORWATH, SHARON<br>211 BRANDYWINE DR.<br>OLD HICKORY, TN 37138 | 2477<br>8/31/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| HOVIS, MARY ANN<br>2700 GREEN HOLLY<br>SPRINGS COURT<br>OAKTON, VA  22124 | 6899<br>1/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HOVIS, MARY ANN<br>2700 GREEN HOLLY<br>SPRINGS COURT<br>OAKTON, VA  22124 | 6900<br>1/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HUANG, JOHNNY C<br>16189 LOFTY TRAIL DR<br>SAN DIEGO, CA  92127-2046 | 2176<br>8/24/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| HUTCHISON, PEGGY L<br>316 MAPLE ST<br>APPLE RIVER, IL  61001-9704 | 6476<br>12/28/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| IJAMES, EUGENIA S<br>1020 LAKE SHORE DR<br>WENDELL, NC  27591 | 2152<br>8/24/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| JAY, WILLIAM E<br>5321 11TH STREET CIR E<br>BRADENTON, FL  34203-6114 | 3332<br>9/21/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| JONES, BILLY G<br>3219 HWY 431<br>SPRING HILL, TN  37174 | 1828<br>8/20/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$279.02 (U)<br>$279.02 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| JONES, LAWRENCE D<br>1659 HONFLEUR DRIVE<br>SUNNYVALE, CA  94087 | 4375<br>9/28/09<br>09-10151<br>Northern Telecom<br>International Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| JONES, LAWRENCE D.<br>1659 HONFLEUR DRIVE<br>SUNNYVALE, CA  94087 | 4351<br>9/28/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>$561.32 (A)<br>- (P)<br>- (U)<br>$561.32 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| KING, VIRGINIA N<br>9517 HIGHLAND VIEW DRIVE<br>DALLAS, TX  75238 | 2713<br>9/8/09<br>NO DEBTOR | - (S)<br>- (A)<br>$178.00 (P)<br>- (U)<br>$178.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| KIRBY KEITH, JANICE<br>522 LANSING ST<br>RALEIGH, NC  27610 | 2320<br>8/28/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$46,452.00 (U)<br>$3,323.20 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| KIRBY KEITH, JANICE<br>522 LANSING ST<br>RALEIGH, NC  27610 | 6666<br>1/11/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| KIRBY KEITH, JANICE<br>522 LANSING ST<br>RALEIGH, NC  27610 | 6667<br>1/11/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| LASSON, WAYNE<br>126 WASHINGTON CIRCLE<br>LAKE FOREST, IL  60045 | 2015<br>8/21/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$2,273.79 (U)<br>$2,273.79 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| LATTA, THOMAS<br>6545 CHESBRO CIRCLE<br>RANCHO MURIETA, CA  95683 | 6451<br>12/28/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| LATTA, THOMAS<br>6545 CHESBRO CIRCLE<br>RANCHO MURIETA, CA  95683 | 6452<br>12/28/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| LEAFE, BRIAN R.<br>7 ASHBROOK DRIVE<br>HAMPTON, NH  03842-1002 | 2916<br>9/14/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| LEE, HENRY C<br>623 WYNDHURST DR UNIT 104<br>LYNCHBURG, VA  24502 | 3168<br>9/17/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| LEE, ROBERT C<br>27870 MOUNT RAINIER<br>WAY<br>YORBA LINDA, CA  92887 | 5629<br>9/30/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MAGERS, DEBORAH L<br>142 WESTCHESTER WAY<br>BATTLE CREEK, MI  49015 | 2590<br>9/3/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MAHONEY, SUZANNE C<br>62 CRYSTAL STREET<br>HAVERHILL, MA  01832 | 2085<br>8/24/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$272.99 (U)<br>$272.99 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| MARTIN, DAVID L<br>182 ROYCE DRIVE<br>BLOOMINGDALE, IL 60108 | 7165<br>3/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$48,800.00 (U)<br>$48,800.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MARTIN, ROBERT H<br>6301 WESTWIND DRIVE<br>GREENSBORO, NC 27410 | 3021<br>9/15/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MAY, THOMAS O.<br>14034 CROSSTOWN BLVD. NW<br>ANDOVER, MN 55304 | 314<br>2/17/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$388.72 (U)<br>$388.72 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MCCLURE, GARY C<br>9213 HUNTERBORO DR<br>BRENTWOOD, TN 37027 | 2456<br>8/31/09<br>NO DEBTOR | - (S)<br>- (A)<br>$11,712.14 (P)<br>- (U)<br>$11,712.14 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MCDANIEL, GLORETTA A<br>11211 PATTERSON DR<br>CLEARLAKE, CA 95422 | 2781<br>9/8/09<br>09-10151<br>Northern Telecom<br>International Inc. | - (S)<br>- (A)<br>$263.76 (P)<br>- (U)<br>$263.76 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MCDANIEL, GLORETTA A<br>11211 PATTERSON DR<br>CLEARLAKE, CA 95422 | 6494<br>12/29/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MCDANIEL, GLORETTA A<br>11211 PATTERSON DR<br>CLEARLAKE, CA 95422 | 6495<br>12/29/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit C**

**No-Basis Pension Claims**

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| MCKENZY, STEVEN<br>414 SO SEMINOLE AVE<br>FORT MEADE, FL  33841 | 1926<br>8/20/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MILLS-NICHOLS, LISA A<br>676 MONROE TPKE<br>MONROE, CT  06468-2308 | 3198<br>9/18/09<br>NO DEBTOR | $300.02 (S)<br>- (A)<br>$300.02 (P)<br>- (U)<br>$300.02 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MINCK, GARY<br>84 RICE PLANTERS WAY<br>GEORGETOWN, SC  29440 | 6463<br>12/28/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MINCK, GARY<br>84 RICE PLANTERS WAY<br>GEORGETOWN, SC  29440 | 6464<br>12/28/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MOLDER, CHERI L<br>18005 252ND AVE. SE<br>MAPLE VALLEY, WA  98038 | 5541<br>9/30/09<br>NO DEBTOR | - (S)<br>- (A)<br>$23,648.85 (P)<br>- (U)<br>$23,648.85 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MONGOLD, MARGOT<br>12530 HIALEAH WAY<br>NORTH POTOMAC, MD  20878 | 6420<br>12/24/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MONGOLD, MARGOT DAVIS<br>12530 HIALEAH WAY<br>NORTH POTOMAC, MD  20878 | 6419<br>12/24/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| MOORE, BROOKE D<br>10 CHAMBERS LANE<br>OAKLAND, CA  94611 | 3500<br>9/23/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MOORE, JOSEPHINE<br>1700 BOARDMAN AVE<br>WEST PALM BEACH, FL  33407 | 5801<br>10/1/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MOORE, WENDELL C<br>170 WESTBURY LANE<br>ALPHARETTA, GA  30005 | 5472<br>9/30/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$78,026.58 (U)<br>$78,026.58 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| MORRISON, MARION<br>1221 SPRUCE DRIVE<br>ZEBULON, NC  27597 | 522<br>3/9/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$104.56 (P)<br>- (U)<br>$104.56 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| NEAL, ROGER F<br>117 TROTTERS RIDGE<br>DR<br>RALEIGH, NC  27614 | 6801<br>1/20/10<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$30,784.77 (U)<br>$30,784.77 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| NEAL, ROGER F.<br>117 TROTTERS RIDGE DRIVE<br>RALEIGH, NC  27614 | 2928<br>9/14/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$30,784.77 (U)<br>$30,784.77 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| NEAL, ROGER F.<br>117 TROTTERS RIDGE DRIVE<br>RALEIGH, NC  27614 | 6802<br>1/20/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$30,784.77 (U)<br>$30,784.77 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| NELSON, CLEO F<br>10313 YORK LANE<br>BLOOMINGTON, MN 55431 | 3601<br>9/24/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$185,376.00 (U)<br>$185,376.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PAGORIA, RICHARD J<br>1325 ROSEWOOD CT<br>WINSTON SALEM, NC 27103-6093 | 2286<br>8/28/09<br>NO DEBTOR | $431.79 (S)<br>- (A)<br>- (P)<br>- (U)<br>$431.79 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PARL, JOYCE A<br>390 WAVERLY DR<br>MUNDELEIN, IL 60060 | 5492<br>9/30/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PEEBLES, GLORIA V<br>137 DEREHAM LN<br>GARNER, NC 27529-6769 | 7143<br>3/11/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$30,000.00 (U)<br>$30,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PHILLIPS, THERESA<br>326 KILEY DR<br>HOSCHTON, GA 30548 | 7026<br>1/28/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PHILLIPS, THERESA L<br>326 KILEY DRIVE<br>HOSCHTON, GA 30548 | 7025<br>1/28/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PROCTOR, VICKI L<br>332 NEW HOPE RD<br>ALEXANDRIA, TN 37012-3448 | 2864<br>9/11/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| PULLEY, BETTE J<br>24 LONGVIEW TERRACE<br>KENNEBUNK, ME  04043 | 5918<br>10/7/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PULLEY, BETTE J<br>24 LONGVIEW TERRACE<br>KENNEBUNK, ME  04043 | 6538<br>12/31/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| PULLEY, BETTE J<br>24 LONGVIEW TERRACE<br>KENNEBUNK, ME  04043 | 6539<br>12/31/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | $228.09 (S)<br>- (A)<br>- (P)<br>- (U)<br>$228.09 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| QUAMMEN, SANDRA K<br>814 9TH AVE SO<br>HOPKINS, MN  55343 | 3871<br>9/25/09<br>NO DEBTOR | - (S)<br>- (A)<br>$48,000.00 (P)<br>- (U)<br>$48,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| RHODES, BONNIE<br>19 FERNCLIFF ROAD<br>MORRIS PLAINS, NJ  07950 | 2526<br>9/2/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| RIGHTMIRE, JAMES W<br>620 DOGWOOD RD<br>WEST PALM BEA, FL  33409 | 2570<br>9/3/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$226.38 (U)<br>$226.38 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| RIMICCI, LEONARD C<br>144 SURFSIDE STREET<br>SANTA CRUZ, CA  95060-5330 | 3223<br>9/18/09<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$144,000.00 (U)<br>$144,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| ROSE, MICHAEL<br>2615 MERLIN DRIVE<br>LEWISVILLE, TX 75056 | 2602<br>9/3/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$39,373.35 (P)<br>- (U)<br>$39,373.35 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| ROWEN, AMELIA A<br>4073 TRINIDAD WAY<br>NAPLES, FL 34119-7508 | 2711<br>9/8/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| RUSSO, CHARLES J<br>1075 BAY RIDGE AVE<br>BROOKLYN, NY 11219-6010 | 6484<br>12/29/09<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>$338,000.00 (P)<br>- (U)<br>$338,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| SCHWEITZER, TIM<br>6630 LANCASTER LANE<br>MAPLE GROVE, MN 55369-6259 | 6165<br>11/30/09<br>NO DEBTOR | - (S)<br>- (A)<br>$45,917.00 (P)<br>- (U)<br>$45,917.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| SEMET, ROBERT J<br>209 ASBURY RD<br>EGG HARBOR TOWNSH, NJ 08234 | 1719<br>8/17/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| SMITH, MELINDA A.<br>2390 KITTYHAWK DR<br>FRISCO, TX 75034 | 4770<br>9/29/09<br>NO DEBTOR | - (S)<br>- (A)<br>$200,000.00 (P)<br>- (U)<br>$200,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| SMOOK, GREGORY J<br>11517 AUTUMNWOOD WAY<br>GLEN ALLEN, VA 23059 | 8111<br>12/6/11<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$200,000.00 (U)<br>$200,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| SMOOK, GREGORY J<br>11517 AUTUMNWOOD WAY<br>GLEN ALLEN, VA  23059 | 8112<br>12/6/11<br>NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$200,000.00 (U)<br>$200,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| STEPHENS, BARRY G<br>2064 WILLSUITT RD<br>CREEDMOOR, NC  27522 | 3297<br>9/21/09<br>NO DEBTOR | - (S)<br>- (A)<br>$5,490.21 (P)<br>- (U)<br>$5,490.21 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| STRASSBURG, PAMELA R<br>1499 ALMOND AVE<br>ST. PAUL, MN  55108 | 2016<br>8/24/09<br>09-10151<br>Northern Telecom<br>International Inc. | - (S)<br>- (A)<br>- (P)<br>$95,000.00 (U)<br>$95,000.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| TAYLOR, THERESA R.<br>5435 TAYLOR AVE.<br>PORT ORANGE, FL  32127 | 787<br>3/31/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| TEASLEY, CLIFFORD W<br>7322 STAGGSVILLE RD<br>BAHAMA, NC  27503 | 2123<br>8/24/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| TENG, YAO-HUA<br>200 CLARENCE WAY<br>FREMONT, CA  94539 | 1746<br>8/17/09<br>NO DEBTOR | - (S)<br>- (A)<br>$58,855.20 (P)<br>- (U)<br>$58,855.20 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| THURMAN, MARIAN L<br>239 TAFT<br>YPSILANTI, MI  48197 | 4245<br>9/28/09<br>09-10138<br>Nortel Networks Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

## Exhibit C

### No-Basis Pension Claims

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Reason for<br>Disallowance |
|---|---|---|---|
| THURMAN, MARIAN L<br>239 TAFT AVE<br>YPSILANTI, MI  48197 | 6917<br>1/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| THURMAN, MARIAN L<br>239 TAFT AVE<br>YPSILANTI, MI  48197 | 6918<br>1/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| THURMAN, MARIAN L<br>239 TAFT AVE<br>YPSILANTI, MI  48197 | 6921<br>1/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| THURMAN, MARIAN L<br>239 TAFT AVE<br>YPSILANTI, MI  48197 | 6922<br>1/25/10<br>09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| TRISKO, KRISTEN W<br>8 ELIZABETH LANE<br>DANVILLE, CA  94526 | 3356<br>9/21/09<br>NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| TULLY, JAMES R<br>1314 EASTWOOD LANE<br>MC HENRY, IL  60050 | 3026<br>9/15/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$35,852.29 (U)<br>$35,852.29 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| TURNER, JAMES C<br>726 UNION CHAPEL ROAD<br>LOUISVILLE, MS  39339 | 2312<br>8/28/09<br>NO DEBTOR | - (S)<br>- (A)<br>$372.22 (P)<br>- (U)<br>$372.22 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit C**

**No-Basis Pension Claims**

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Reason for Disallowance |
|---|---|---|---|
| VASTINE, TIMOTHY 106 TEJAS TRAIL CRANDALL, TX 75114 | 4593 9/29/09 NO DEBTOR | - (S) - (A) $29,952.40 (P) - (U) $29,952.40 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| VOGEL, ELAINE E 25953 80TH AVE ST. CLOUD, MN 56301 | 2764 9/8/09 NO DEBTOR | - (S) - (A) $182.33 (P) - (U) $182.33 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| WHITLOCK, CLARENCE 1473 MARYDALE DRIVE LILBURN, GA 30047 | 6896 1/25/10 09-12515 Nortel Networks (CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| WRIGHT, NATASHA 3215 KIRBY STREET DURHAM, NC 27713 | 3549 9/15/09 NO DEBTOR | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| WRIGHT, NATASHA 3215 KIRBY STREET DURHAM, NC 27713 | 6879 1/14/10 09-12515 Nortel Networks (CALA), Inc. | Unspecified* | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |
| ZIMMERLI, GARY L 3110 SW 70TH AVE PORTLAND, OR 97225 | 5447 9/30/09 NO DEBTOR | - (S) - (A) $5,055.00 (P) $5,055.00 (U) $5,055.00 (T) | The claim asserts liability for defined benefit pension benefits. Pursuant to ERISA, the Pension Benefit Guaranty Corporation is the sole authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant's No-Basis Pension Claim is not a liability of the Debtors or their estates. |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

**Exhibit C**

**No-Basis Pension Claims**

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number Date Filed Case Info | Total Amount Claimed | Reason for Disallowance |
|---|---|---|---|
| **Totals:** | **132 Claims** | **$104,004.52 (S)**<br>**$227,639.73 (A)**<br>**$1,477,405.36 (P)**<br>**$1,559,446.72 (U)**<br>**$3,301,012.51 (T)** | |

\*  The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

*Page 20 of 20*

## **EXHIBIT D**

### **Ray Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                                           :
*In re*                                                    :     Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :     Case No. 09-10138 (KG)
                                                           :
                             Debtors.                      :     Jointly Administered
                                                           :
                                                           :
                                                           :
-----------------------------------------------------------X

### DECLARATION OF JOHN J. RAY, III IN SUPPORT OF
### DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE)
### TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND
### DEL. L.R. 3007-1 (NO-BASIS CLAIMS, MODIFY AND ALLOW CLAIMS,
### RECLASSIFY AND ALLOW CLAIMS, WRONG DEBTOR CLAIMS, REDUNDANT
### CLAIMS, AMENDED OR SUPERSEDED CLAIMS, NO-BASIS 503(b)(9) CLAIMS AND
### NO-BASIS PENSION CLAIMS)

I, John J. Ray, III, hereby declare as follows:

### BACKGROUND

1.      I am the Principal Officer for the Debtors.  I hereby make this declaration on

behalf of the Debtors in support of the Debtors' Twenty-Sixth Omnibus Objection (Substantive)

to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1

(No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the "Debtors").  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Claims, Redundant Claims, Amended or Superseded Claims, No-Basis 503(b)(9) Claims and

No-Basis Pension Claims) (the "Objection").[2]

2.      I am familiar with the Debtors' day-to-day operations, financing arrangements,

business affairs and Books and Records and am responsible for overseeing the review and

analysis of all claims filed in the Debtors' chapter 11 cases.  All facts set forth herein are based

on my personal knowledge and on my review of the claims, the Books and Records and other

relevant documents or information provided to me by the Debtors' employees and advisors.  If I

were called upon to testify, I could and would testify competently and accurately to each of the

facts set forth herein.

## COMPLIANCE WITH LOCAL RULE 3007-1

3.      I have reviewed Local Rule 3007-1 and hereby state that, to the best of my

knowledge and belief, the Objection is in compliance therewith, as modified by the orders of the

Bankruptcy Court dated December 14, 2009 and February 7, 2012 [D.I.s 2125, 7178].

## BASES FOR OBJECTION

4.      I, or one or more of the Debtors' employees or advisors operating under my

supervision and/or at my direction, have reviewed each of the claims identified in Exhibits A, B

and C to the Objection, the Claims Register and the facts and circumstances set forth in the

Objection regarding such claims.  Based upon this review, I submit that the facts and

circumstances set forth in the Objection are true and accurate to the best of my knowledge,

information and belief, and the claims identified in Exhibits A-C to the Objection should be

modified, and/or reclassified and allowed or disallowed as described in the Objection.

---

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

5.      I declare under penalty of perjury that the foregoing is true and accurate to the

best of my knowledge, information and belief.

*[Signature page follows.]*

Executed on April ___9___, 2012

_____
John J. Ray, III
Principal Officer for the Debtors

*[Signature Page – Declaration of John J. Ray, III in Support of*
*Debtors' Twenty-Sixth Omnibus Objection (Substantive)*
*to Certain Claims Pursuant to 11 U.S.C. § 502,*
*Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1*
*(No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor*
*Claims, Redundant Claims, Amended or Superseded Claims,*
*No-Basis 503(b)(9) Claims and No-Basis Pension Claims)]*

4

## **EXHIBIT E**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------X
                                                         :
                                                         :    Chapter 11
                                                         :
In re                                                    :    Case No. 09-10138 (KG)
                                                         :
Nortel Networks Inc., et al.,¹                           :    Jointly Administered
                                                         :
                              Debtors.                   :
                                                         :    RE: D.I. _____
                                                         :
                                                         :
--------------------------------------------------------X
```

**ORDER GRANTING**
**DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE)**
**TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007**
**AND DEL. L.R. 3007-1 (NO-BASIS CLAIMS, MODIFY AND ALLOW CLAIMS,**
**RECLASSIFY AND ALLOW CLAIMS, WRONG DEBTOR CLAIMS, REDUNDANT**
**CLAIMS, AMENDED OR SUPERSEDED CLAIMS, NO-BASIS 503(B)(9) CLAIMS**
**AND NO-BASIS PENSION CLAIMS)**

Upon the Debtors' Twenty-Sixth Omnibus Objection (Substantive) to Certain

Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis

Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims,

Redundant Claims, Amended or Superseded Claims, No Basis 503(b)(9) Claims and No-Basis

Pension Claims) (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and

Local Rule 3007-1 modifying, reclassifying, and allowing or disallowing the claims identified in

Exhibits A, B and C attached thereto; and upon the Declaration of John J. Ray, III in Support of

the Debtors' Twenty-Sixth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11

U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Claims, Modify and Allow

Claims, Reclassify and Allow Claims, Wrong Debtor Claims, Redundant Claims, Amended or

Superseded Claims, No Basis 503(b)(9) Claims and No-Basis Pension Claims)**,** attached to the

Objection as Exhibit D; and upon all other documentation filed in connection with the Objection

and the claims, including certain claims identified in Exhibits A-C of the Objection; and

adequate notice of the Objection having been given as set forth in the Objection; and it appearing

that no other or further notice is required; and the Court having jurisdiction to consider the

Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court

having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Objection is **GRANTED** with respect to each of the claims identified in

Exhibits A-C attached thereto.

2.      All responses to the Objection, if any, are overruled to the extent they have not

been withdrawn, waived or otherwise resolved.

3.      Each of the No-Basis Claims identified in Exhibit A is hereby disallowed in full.

4.      Each of the Modified, Reclassified and Allowed Claims identified in Exhibit B is

hereby modified and/or reclassified and allowed for the Modified Claim Amounts identified in

Exhibit B and each of the Wrong Debtor Claims that failed to identify or correctly identify the

Debtor liable for such claims identified in Exhibit B is hereby modified and/or reclassified and allowed against the Identified Debtor.

5.      Each of the Redundant, Amended or Superseded and No-Basis 503(b)(9) Claims identified in Exhibits A-C is hereby disallowed in full.

6.      Each of the No-Basis Pension Claims identified in Exhibits B and C is hereby disallowed in full.

7.      Notwithstanding Local Rule 3007-1(f)(iii), with respect to each of the claims in Exhibits A – C to the Objection lacking supporting documents, to the extent that claimants are permitted to amend the proofs of claim or otherwise provide documentation or other evidence supporting the amount of claims that are being disallowed herein, such amendment or provision shall be subject to the Debtors' rights to object to such claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

8.      This order shall be deemed a separate order with respect to each of the claims identified in Exhibits A-C to the Objection.  Any stay of this order pending appeal by any claimant whose claim is subject to this order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

9.      The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

10.     This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.


Dated: _____
            Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE