**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc. | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 10-55934 (KG) |
| Perot Systems Corporation, | |
| Defendant. | |

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN NORTEL NETWORKS INC. AND PEROT SYSTEMS CORPORATION

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel Networks Inc. ("Plaintiff" or "NNI") as one of the above-captioned debtors and debtors in possession (collectively, the "U.S. Debtors") on the one hand, and Perot Systems Corporation ("Defendant" or "Perot Systems", together with Plaintiff, the "Parties" and each a "Party") on the other hand. The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the U.S. Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief

---

[1]      In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.    Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-

10138 (KG) (Jointly Administered)); and

WHEREAS, the U.S. Debtors continue to operate as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the U.S. Debtors'

cases; and

WHEREAS, also on the Petition Date, Nortel Networks Corporation, Nortel

Networks Limited, Nortel Networks Global Corporation, Nortel Networks International

Corporation and Nortel Networks Technology Corporation (collectively, the "Canadian

Debtors") filed an application with the Ontario Superior Court of Justice (the "Canadian Court")

under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from

their creditors (the "CCAA Proceedings"); and

WHEREAS, the Canadian Debtors continue to manage their properties and

operate their businesses under the supervision of the Canadian Court; and

WHEREAS, Ernst & Young Inc. was appointed the monitor of the Canadian

Debtors in the CCAA Proceedings; and

WHEREAS, on January 14, 2009, the Canadian Court entered an order

recognizing the US Debtors' chapter 11 proceedings as a foreign proceeding under section 18.6

of the CCAA; and

WHEREAS, on February 27, 2009, the Bankruptcy Court entered an order

recognizing the CCCA Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Perot Systems in the aggregate amount of $1,216,339.86 (the "Subject Transfers"); and

WHEREAS, on or about September 28, 2009, Defendant filed against Plaintiff a general unsecured pre-petition proof of claim in the amount of $656,093.62 designated as Claim No. 5394 in Plaintiff's bankruptcy case ("the "NNI Claim"); and

WHEREAS, on or about September 28, 2009, Defendant filed against Nortel Networks Limited ("NNL") a general unsecured pre-petition proof of claim in the amount of $288,057.62 USD designated as Claim No. 1558 in the CCAA Proceedings ("the NNL Claim"); and

WHEREAS, on September 16, 2010, the Canadian Court granted that certain Claims Resolution Order (the "Claims Resolution Order") in the CCAA Proceedings; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an *Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims* (the "Avoidance Claims Settlement Procedures Order"), which requires the U.S. Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, on December 6, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-55934 (KG) (the "Adversary Proceeding") by filing the *Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Dell Services Corporation

f/k/a Perot Systems Corporation, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

WHEREAS, on January 14, 2011, Plaintiff filed the *Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Amended Complaint") which substituted Perot Systems Corporation for Dell Services Corporation as a party to the Adversary Proceeding [Adv. D.I. 6]; and

WHEREAS, on February 14, 2011, Perot Systems filed the *Answer Of Perot Systems Corporation To Amended Complaint To Avoid Preferential Transfers And To Disallow Claims* [Adv. D.I. 8] (the "Perot Systems Answer") in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

WHEREAS, since the Amended Complaint and the Perot Systems Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim and the NNI Claim, have agreed to settle the Avoidance Claim and the NNI Claim on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.    Effective Date of the Stipulation.  The Parties hereby stipulate that, the date on which the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (as defined below) shall be

---

[2]    Citations herein to the main bankruptcy case (Case No. 09-10138 (KG)) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55937 (KG)) are in the form "Adv. D.I. __."

deemed the "Effective Date" of this Stipulation. The Bankruptcy Court order approving this

Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence

of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without

modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time

for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this

Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its

entirety, without modification, by the court of last resort to which an appeal of such order may be

taken, or (B) withdrawal with prejudice of such appeal.

2.  Resolution of the Avoidance Claim and the NNI Claim.  In full and final

settlement of the Avoidance Claim and the NNI Claim, as of the Effective Date, the NNI Claim

shall be allowed as a general unsecured claim against NNI in the amount of $634,700 (the

"Allowed NNI Claim"), and, except as otherwise set forth in paragraph 8 herein, shall not be

subject to disallowance, increase, reduction, setoff, modification, subordination or further

objection of any type or by any person.

3.  Dismissal of the Adversary Proceeding.  Promptly following the Effective

Date, Plaintiff will file with the Bankruptcy Court a Stipulation of Dismissal, dismissing the

Adversary Proceeding with prejudice, with each Party to bear its own fees and costs.

4.  Release of Plaintiff.  Upon the Effective Date, Defendant releases and

forever discharges the U.S. Debtors, their respective past and present parents, subsidiaries,

affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents,

and attorneys, and each of their predecessors, successors and assigns (collectively, the "U.S.

Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations,

damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or

unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendant now has, had or may have had, against any of the U.S. Debtor Releasees in connection with the Avoidance Claim, the Adversary Proceeding and/or any transaction described or referred to in the Amended Complaint in the Adversary Proceeding, including without limitation, any and all claims arising under section 502(h) of the Bankruptcy Code. Notwithstanding anything to the contrary in this paragraph 4, nothing herein is intended to, and shall not be read, interpreted, or otherwise deemed to, provide a release of any of Defendant's claims in the CCAA Proceeding against NNL or any of the other entities involved in the CCAA Proceeding.

    5. <u>Release of Defendant</u>. Upon the Effective Date, the U.S. Debtors hereby release and forever discharge Defendant, and its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the U.S. Debtors now have, had or may have had against any of the Defendant Releasees (1) in connection with the Avoidance Claim, the Adversary Proceeding and/or any transaction described or referred to in the Amended Complaint in the Adversary Proceeding and/or (2) that can be, or could have been, brought under or pursuant to any section of chapter 5 of the Bankruptcy Code. Notwithstanding anything to the contrary in this paragraph 5, nothing herein is intended to, and shall not be read, interpreted, or otherwise deemed to, provide a release of any of NNL's claims against Defendant in the CCAA Proceeding.

- 6 -

6.    <u>Preservation of NNL Claim</u>.  Notwithstanding anything herein to the contrary, nothing in this Stipulation shall be deemed to prejudice, diminish, restrict or otherwise impact the NNL Claim which will remain subject to the CCAA Proceedings.

7.    <u>Master Services Agreement</u>.  The Parties hereby acknowledge that NNI continues to receive services pursuant to that certain Master Services Agreement between NNI and Perot Systems, effective June 6, 2001 (the "<u>MSA</u>") and that the releases contained in paragraphs 4 and 5 above do not, and are not intended to, apply to any claims that the Parties have or hereafter may have against each other arising from or related to services provided after the Petition Date pursuant to the MSA or any of its related Task Orders and/or Statements of Work.

8.    <u>Assumption/Rejection of MSA</u>.  If the MSA or any of its related Task Orders and/or Statements of Work are ultimately assumed by the Debtors pursuant to 11 U.S.C. § 365, Perot Systems shall have a cure claim in the amount of U.S.D. $654,373.89 plus the additional amounts, if any, owed by NNI to Perot Systems for services provided after the Petition Date (the "<u>Cure Amount</u>").  NNI expressly reserves all its rights with respect to the post-petition portion of the Cure Amount.  Upon payment of the Cure Amount, the Allowed NNI Claim shall be deemed satisfied without further action of the Parties, and the claims register may be modified to reflect the same in accordance with the provisions of paragraph 10 hereof.  Notwithstanding the foregoing, Perot Systems expressly reserves all rights with respect to the MSA, including, but not limited to, the right to object to the assumption and/or assignment of the MSA and any proposed cure amount arising therefrom and the right to assert additional claims for rejection damages arising out of any rejection of the MSA.

9. <u>No Transfer</u>. Defendant represents that it has not sold, assigned or otherwise transferred the NNI Claim.

10. <u>Claims Register</u>. Upon the Effective Date, the U.S. Debtors, the U.S. Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

11. <u>Effectiveness</u>. Upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

12. <u>Applicable Law</u>. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

13. <u>Confidentiality</u>. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

14. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

15.    <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim or the NNI Claim.

16.    <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

17.    <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

18.    <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

19.    <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

20.    <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties

have executed this Stipulation.

Dated: _November 8_, 2012

Nortel Networks Inc.
Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

Perot Systems Corporation

By: _____
Thomas D. Williams        Rex C. Mills
Vice President             Asst. Secretary

*[Signature Page to the Stipulation Of Settlement Of Avoidance Claims By And
Between Nortel Networks, Inc. And Perot Systems Corporation]*