## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc. and Nortel Networks (CALA) Inc., | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 10-55937 (KG) |
| McCann-Erickson Worldwide, Inc., *et al.*, | **Hearing Date: January 3, 2013 at 10:00 a.m. (ET)** **Objection Deadline: December 27, 2012 at 4:00 p.m. (ET)** |
| Defendants. | |

## DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN (1) NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC.; (2) MCCANN-ERICKSON WORLDWIDE, INC., MCCANN RELATIONSHIP MARKETING, INC., AND WAHLSTROM GROUP LLC; AND (3) CABLE NEWS NETWORK, INC., TIME INC., AND TURNER BROADCASTING SALES, INC.

Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NNCALA," and collectively with NNI, the "Plaintiffs"), and certain of their affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, 547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to

---

[1]     In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

enter into and approving a stipulation (the "Stipulation") with: (i) McCann-Erickson Worldwide, Inc. ("McCann"), McCann Relationship Marketing, Inc. ("McCann Relationship"), and Wahlstrom Group LLC (collectively, with McCann and McCann Relationship, the "McCann Defendants"); and (ii) Cable News Network, Inc., Time Inc. ("Time") and Turner Broadcasting Sales, Inc. (collectively, the "CNN Defendants," and the CNN Defendants and McCann Defendants together with Plaintiffs, the "Parties" and each individually, a "Party"), in the form attached hereto as **Exhibit B**, resolving the adversary proceeding entitled Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. McCann-Erickson Worldwide, Inc., *et al.*, Adv. Proc. No. 10-55937 (KG) (the "Adversary Proceeding") and granting such other and further relief as the Court (the "Court" or the "Bankruptcy Court") deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142],[3] and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3]      Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55937) are in the form "Adv. D.I. __."

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors, available at http://dm.epiq11.com/nortel.

## Relief Requested

7.      By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the Stipulation, (ii) authorizing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation, and (iii) granting them such other and further relief as the Bankruptcy Court deems just and proper.

## Facts Relevant to this Motion

8.      McCann and/or the CNN Defendants supplied Plaintiffs with certain advertising-related services.

9.      Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of McCann in the aggregate amount of $6,769,601.28 (the "Subject Transfers").

10.     On December 6, 2012, Plaintiffs instituted this Adversary Proceeding by filing the *Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against McCann, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1].

11.     On February 7, 2011, McCann filed the *Answer Of McCann-Erickson Worldwide, Inc. To Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 6] (the "McCann Answer") in the Adversary Proceeding, denying certain allegations and

4

asserting various defenses including, that McCann was a mere conduit between Plaintiffs and certain media outlets with respect to the Subject Transfers.

12.    On April 4, 2011, pursuant to a stipulation between Plaintiffs and McCann, Plaintiffs filed the *Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Amended Complaint") [Adv. D.I. 18] to add the various third-parties alleged to have been the beneficiaries of the Subject Transfers including, but not limited to, the McCann Defendants and the CNN Defendants, and asserting the Avoidance Claim against such third-parties.

13.    On May 26, 2011, McCann filed the *Answer Of McCann-Erickson Worldwide, Inc. To Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 59] (the "Second McCann Answer") in the Adversary Proceeding, denying certain allegations and asserting various defenses.

14.    On May 26, 2011, McCann Relationship filed the *Answer Of McCann Relationship Marketing, Inc. To Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 60] (the "McCann Relationship Answer") in the Adversary Proceeding, denying certain allegations and asserting various defenses.

15.    On May 26, 2011, Wahlstrom Group LLC filed the *Answer Of Wahlstrom Group LLC To Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 61] (the "Wahlstrom Answer") in the Adversary Proceeding, denying certain allegations and asserting various defenses.

16.    On July 7, 2011, the CNN Defendants filed the *Motion of Defendants Cable News Network, Inc., Time Inc. and Turner Broadcasting Sales, Inc. To Dismiss Plaintiffs' Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 94]

(the "<u>CNN Motion to Dismiss</u>") in the Adversary Proceeding, which, *inter alia*, seeks the dismissal of the Adversary Proceeding.

17.    Since the Amended Complaint, the Second McCann Answer, the McCann Relationship Answer, the Wahlstrom Answer, and CNN Motion to Dismiss were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

18.    Pursuant to the Stipulation[6] and subject to the Bankruptcy Court's approval, the Plaintiffs have agreed to settle the Avoidance Claim in return for McCann's payment to NNI the sum of $100,000.00 (the "<u>Settlement Amount</u>") and the McCann Defendants' and CNN Defendants' release of any and all claims arising under § 502(h) of the Bankruptcy Code.

19.    In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, the McCann Defendants and the CNN Defendants have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release and forever discharge Plaintiffs, their past and present parents, subsidiaries, Debtor affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that McCann now has, had, may have had, or hereafter may have against any of the Debtor Releasees arising out of or relating to the Adversary Proceeding, Avoidance Claim, the

---

[6]    In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

Complaint, and the Amended Complaint, except that nothing in the Stipulation shall be deemed to constitute a waiver or release of any Debtor other than the Plaintiffs or of any of the Debtor Releasees' obligations under the Stipulation, under the McCann Proof of Claim, if any, or in respect of any other amounts, if any, owing by any of the Debtor Releasees to the McCann Defendants, the CNN Defendants, and/or to any of their affiliates in connection with goods or services provided or rendered either before or after the Petition Date, as to which all rights and defenses are reserved.  Stated otherwise, the McCann Defendants and the CNN Defendants (i) release any and all claims arising from the Settlement Payment under section 502(h) of the Bankruptcy Code, but (ii) do not release any of the Debtor Releasees from any obligations in respect of or relating to (A) the McCann Proof of Claim or (B) any other amounts, if any, owing by any of the Debtor Releasees to the McCann Defendants, the CNN Defendants, and/or any of their affiliates other than under Section 502(h) of the Bankruptcy Code.

20.    In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Plaintiffs have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release and forever discharge the McCann Defendants and the CNN Defendants and each of their past, present and future parents, subsidiaries, affiliates, general partners, limited partners, and the past, present and future shareholders, directors, officers, employees, agents, contractors, attorneys, predecessors, successors and assigns of each of the foregoing (collectively, the "McCann and CNN Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had, or hereafter may have against any of the McCann and

CNN Defendant Releasees arising out of or relating to the Adversary Proceeding, the Avoidance Claim, the Complaint, the Amended Complaint, and any claim under chapter 5 of the Bankruptcy Code (individually and collectively, the "Avoidance Claims"), except that nothing in the Stipulation shall be deemed to constitute a waiver or release of any of the McCann and CNN Defendants Releasees' obligations under the Stipulation or in respect of any claims other than the Avoidance Claims, if any, held by Plaintiffs against any of the McCann and CNN Defendant Releasees or any of their affiliates as to which all rights and defenses are reserved.

## Basis for Relief

21.    The Debtors seek authorization for NNI and NNCALA to enter into the Stipulation under sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.

22.    Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'[i]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'"  In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for

8

Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  Courts in this District have also recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

23.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate."  In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness."  Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

24.    The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

25.     The Debtors respectfully submit that the Martin Factors weigh heavily in favor of approving the Stipulation.  While the Plaintiffs are prepared to litigate the Avoidance Claim, the McCann Defendants and the CNN Defendants have interposed multiple defenses, including new value and ordinary course of business defenses pursuant to 11 U.S.C. §§ 547(c)(2) and (c)(4). Specifically, the McCann Defendants and CNN Defendants have contended, and the data supports the contention, that the many of the Subject Transfers not rendered unavoidable by the new value defense were made within time frames consistent with the Parties' prior dealings. Based on the exchange of information and accompanying discussions with McCann Defendants and the CNN Defendants, and the Debtors' evaluation of the McCann Defendants' and CNN Defendants' defenses, the Debtors have determined that potential value that could be obtained through a litigation of the Avoidance Claim on the merits likely would be outweighed by the time, costs and risks associated therewith.

26.     The Debtors recognize that litigation of the Avoidance Claim carries with it inherent uncertainties and there can be no assurance that litigation of the Avoidance Claim would achieve a better result than the one set forth in the Stipulation.  Pursuant to the settlement reflected in the Stipulation, and upon the Settlement Date (as defined in the Stipulation), McCann will pay the Settlement Amount to NNI and the McCann Defendants and the CNN Defendants will waive any claim arising out of Section 502(h) of the Bankruptcy Code.  This resolution fairly balances the Plaintiffs' likelihood of success on the merits of the Avoidance Claim against their interest in avoiding the uncertainty of litigation.

27.     In addition, further litigation of the Avoidance Claim would result in the estates' expenditure of considerable additional legal fees.  These would include fees associated with formal discovery, retention of an expert, briefing of dispositive motions and potentially

conducting a trial of the Avoidance Claim.  In the absence of a settlement, the estates would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estates' efforts to resolve the matters that are essential to the ultimate resolution of these cases.

28.     Finally, the interests of the creditors weigh in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Avoidance Claim and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Avoidance Claim were to be further litigated.

29.     In light of the foregoing, the Debtors respectfully seek authorization for the Plaintiffs to enter into the Stipulation and approval of the Stipulation.

## Notice

30.     Notice of the Motion has been given via first class mail to (i) the McCann Defendants; (ii) the CNN Defendants; (iii) International Data Group, Inc.; (iv) Global Broadcast News; (v) the U.S. Trustee; (vi) counsel to the Committee; (vii) counsel to the Bondholder Group; and (viii) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

31.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion, approve the Stipulation, and authorize the Debtors to enter into the Stipulation; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: December 11, 2012       MORRIS, NICHOLS, ARSHT & TUNNELL LLP
      Wilmington, Delaware

*/s/ Tamara K. Minott*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*