**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc. and Nortel Networks (CALA) Inc., | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 10-55937 (KG) |
| McCann-Erickson Worldwide, Inc., *et al.*, | |
| Defendants. | |

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN (1) NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC.; (2) MCCANN-ERICKSON WORLDWIDE, INC., MCCANN RELATIONSHIP MARKETING, INC., AND WAHLSTROM GROUP LLC; AND (3) CABLE NEWS NETWORK, INC., TIME INC. AND TURNER BROADCASTING SALES, INC.

This stipulation (the "Stipulation") is entered into by and between: (i) Plaintiffs

Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NNCALA", and collectively

with NNI, the "Plaintiffs") as two of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"); (ii) McCann-Erickson Worldwide, Inc. ("McCann"), McCann

Relationship Marketing, Inc. ("McCann Relationship"), and Wahlstrom Group LLC

(collectively, with McCann and McCann Relationship, the "McCann Defendants"); and

---

[1]   In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.   Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

(iii) Cable News Network, Inc., Time Inc. and Turner Broadcasting Sales, Inc. (collectively, the "CNN Defendants") (the foregoing entities are collectively referred to herein as the "Parties" and each a "Party"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NNCALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiffs' books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiffs made one or more transfers of an interest in its property to or for the benefit of McCann in the aggregate amount of $6,769,601.28 (the "Subject Transfers"); and

WHEREAS, on or about September 24, 2009, McCann filed a proof of claim against NNI in the amount of $2,058,790.95, which was assigned claim number 3718 on the NNI claims register (the "McCann Proof of Claim");

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an *Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims*, which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

- 2 -

WHEREAS, on December 6, 2010, Plaintiffs instituted this Adversary Proceeding, Adv. Proc. No. 10-55937 (KG) (the "Adversary Proceeding") by filing the *Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against McCann, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1][2]; and

WHEREAS, on February 7, 2011, McCann filed the *Answer Of McCann-Erickson Worldwide, Inc. To Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 6] (the "McCann Answer") in the Adversary Proceeding, denying certain allegations and asserting various defenses including, that McCann was a mere conduit between Plaintiffs and certain media outlets with respect to the Subject Transfers; and

WHEREAS, pursuant to a stipulation between Plaintiffs and McCann, on April 4, 2011, Plaintiffs filed the *Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Amended Complaint") [Adv. D.I. 18] which amended the Complaint for the purpose of adding the various third-parties alleged to have been the beneficiaries of the Subject Transfers including, but not limited to, the McCann Defendants and the CNN Defendants, and asserting the Avoidance Claim against such third-parties; and

WHEREAS, on May 26, 2011, McCann filed the *Answer Of McCann-Erickson Worldwide, Inc. To Amended Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 59] (the "Second McCann Answer") in the Adversary Proceeding, denying certain allegations and asserting various defenses; and

---

[2]     Citations herein to the main bankruptcy case (Case No. 09-10138 (KG)) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55937 (KG)) are in the form "Adv. D.I. __."

WHEREAS, after the Amended Complaint and the Second McCann Answer were filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.    Effective Date of the Stipulation.  The Parties hereby stipulate that the date on which the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (as defined below) shall be deemed the "Effective Date" of this Stipulation.  The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "Final Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

2.    Resolution of the Avoidance Claim.  Within ten (10) business days after the Effective Date, McCann shall pay to NNI the sum of $100,000.00 (the "Settlement Amount").  McCann shall pay the Settlement Amount by (i) delivering overnight to Nortel Lockbox 2937 (Tel#: 302-325-6047), Lockbox Operations 3rd Fl, 8430 W. Bryn Mawr Ave., Chicago, IL 60631, a check in the Settlement Amount payable to "Nortel Networks Inc. as

- 4 -

Debtor-in-Possession"; or (ii) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "Settlement Payment").    NNI shall promptly deposit any settlement check received from McCann in an account used by the Debtors for such purposes.  The first date on which all of the following shall have occurred shall hereafter be referred to as the "Settlement Date": (i) Plaintiff shall have received the Settlement Payment and (ii) the Settlement Payment clears the account upon which it is being drawn.

      3.    Dismissal of the Adversary Proceeding.    Promptly following the Settlement Date, Plaintiffs will file with the Bankruptcy Court a Stipulation of Dismissal, dismissing the Adversary Proceeding as against all of the Defendants with prejudice, with each party to bear its own fees and costs.

      4.    Release of Plaintiffs.    Effective upon the dismissal of the Adversary Proceeding, the McCann Defendants and the CNN Defendants hereby release and forever discharge Plaintiffs, their past and present parents, subsidiaries, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that McCann now has had, may have had, or hereafter may have against any of the Debtor Releasees arising out of or relating to the Adversary Proceeding, Avoidance Claim, the Complaint, and the Amended Complaint, except that nothing herein shall be deemed to constitute a waiver or release of any Debtor other than the Plaintiffs or of any of the Debtor Releasees' obligations hereunder,

NY1148194.1
202999-11051

under the McCann Proof of Claim, if any, or in respect of any other amounts, if any, owing by any of the Debtor Releasees to the McCann Defendants, the CNN Defendants, and/or to any of their affiliates in connection with goods or services provided or rendered either before or after the Petition Date, as to which all rights and defenses are reserved. For the avoidance of doubt, the McCann Defendants and the CNN Defendants (i) release any and all claims arising from the Settlement Payment under § 502(h) of the Bankruptcy Code but (ii) do not release any of the Debtor Releasees from any obligations in respect of or relating to (A) the McCann Proof of Claim or (B) any other amounts, if any, owing by any of the Debtor Releasees to the McCann Defendants, the CNN Defendants, and/or any of their affiliates other than under Section 502(h) of the Bankruptcy Code.

5.    <u>Release of Defendants</u>. Effective upon the Settlement Date, Plaintiffs, on behalf of themselves and their estates, hereby release and forever discharge the McCann Defendants and the CNN Defendants and each of their past, present and future parents, subsidiaries, affiliates, general partners, limited partners, and the past present and future shareholders, directors, officers, employees, agents, contractors, attorneys, predecessors, successors and assigns of each of the foregoing (collectively, the "<u>McCann and CNN Defendant Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had, or hereafter may have against any of the McCann and CNN Defendant Releasees arising out of or relating to  the Adversary Proceeding, the Avoidance Claim, the Complaint, the Amended Complaint, and any claim under chapter 5 of the Bankruptcy Code (individually and collectively, the "<u>Avoidance</u>

- 6 -

Claims"), except that nothing herein shall be deemed to constitute a waiver or release of any of the McCann and CNN Defendant Releasees' obligations hereunder or in respect of any claims other than the Avoidance Claims, if any, held by Plaintiffs against any of the McCann and CNN Defendant Releasees or any of their affiliates as to which all rights and defenses are reserved.

6.    Claims Register.    The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

7.    Effectiveness.  Upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

8.    Applicable Law.  This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

9.    Confidentiality.  Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.  Notwithstanding the foregoing, the Parties may disclose the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation (a) to the extent necessary for tax, accounting or legal advice; or (b) to their parent,

- 7 -

subsidiary or affiliated entities and/or to any of their insurers or attorneys, to the extent necessary in the course of business.

10. <u>Entire Agreement; Separate Agreement Between the McCann Defendants and the CNN Defendants</u>. This Stipulation constitutes the entire agreement between the Parties, supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and cannot be amended except by an authorized agreement in writing between the Parties. Notwithstanding the foregoing, it is understood that a separate agreement between the CNN Defendants and the McCann Defendants addresses a contribution by the CNN Defendants to the McCann Defendants on account of the Settlement Payment.

11. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

12. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

13. <u>Representations and Warranties</u>. Each of the Plaintiffs and the McCann Defendants and CNN Defendants represents and warrants that none of the claims released by it in this Stipulation have been assigned and that all such released claims are held by the Plaintiffs and the McCann Defendants and CNN Defendants, as applicable, as of the date hereof and as of the Effective Date, without encumbrance. Each Party represents and warrants that it is

- 8 -

authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

14.    <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

15.    <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

16.    <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

NY1148194.1
202999-11051

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties
have executed this Stipulation.

Dated: _November 14_, 2012

Nortel Networks Inc.
Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

McCann-Erickson Worldwide, Inc.

By: _____
[Name]
[Title]

McCann Relationship Marketing, Inc.

By: _____
[Name]
[Title]

Wahlstrom Group LLC

By: _____
[Name]
[Title]

Cable News Network, Inc.

By: _____
[Name]
[Title]

Time Inc.

By: _____
[Name]
[Title]

Turner Broadcasting Sales, Inc.

By: _____
[Name]
[Title]

- 10 -

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties
have executed this Stipulation.

Dated: November 14, 2012

Nortel Networks Inc.
Nortel Networks (CALA) Inc.

By:_____
John Ray
Principal Officer

McCann-Erickson Worldwide, Inc.

By:_____
[Name] Olga Monroy
[Title] EVP CFO North America

McCann Relationship Marketing, Inc.

By:_____
[Name] Andrew Olea
[Title] EVP, Dir of Commercial Operations

Wahlstrom Group LLC

By:_____
[Name]
[Title]

Cable News Network, Inc.

By:_____
[Name]
[Title]

Time Inc.

By:_____
[Name]
[Title]

Turner Broadcasting Sales, Inc.

By:_____
[Name]
[Title]

- 10 -

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _November 14_, 2012

Nortel Networks Inc.
Nortel Networks (CALA) Inc.


By:_____
John Ray
Principal Officer

McCann-Erickson Worldwide, Inc.


By:_____
[Name]
[Title]

McCann Relationship Marketing, Inc.


By:_____
[Name]
[Title]

Wahlstrom Group LLC


By:_____
Cindy Walsh
VP, Finance

Cable News Network, Inc.


By:_____
[Name]
[Title]

Time Inc.


By:_____
[Name]
[Title]

Turner Broadcasting Sales, Inc.


By:_____
[Name]
[Title]

- 10 -

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: November 14, 2012

Nortel Networks Inc.
Nortel Networks (CALA) Inc.


By:_____
John Ray
Principal Officer

McCann-Erickson Worldwide, Inc.


By:_____
[Name]
[Title]

McCann Relationship Marketing, Inc.


By:_____
[Name]
[Title]

Wahlstrom Group LLC


By:_____
[Name]
[Title]

Cable News Network, Inc.


By:_____
[Name] David Vigilante
[Title] Senior Vice President -Legal

Time Inc.


By:_____
[Name]
[Title]

Turner Broadcasting Sales, Inc.


By:_____
[Name]
[Title]

- 10 -

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _November 14_, 2012

Nortel Networks Inc.
Nortel Networks (CALA) Inc.


By:_____
John Ray
Principal Officer

McCann-Erickson Worldwide, Inc.


By:_____
[Name]
[Title]

McCann Relationship Marketing, Inc.


By:_____
[Name]
[Title]

Wahlstrom Group LLC


By:_____
[Name]
[Title]

Cable News Network, Inc.


By:_____
[Name]
[Title]

Time Inc.


By: _Alen Jnlr_
[Name]  _Andrew Lachow_
[Title]  _Vice President and Deputy General Counsel_

Turner Broadcasting Sales, Inc.


By:_____
[Name]
[Title]

- 10 -

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: November 14, 2012

Nortel Networks Inc.
Nortel Networks (CALA) Inc.

By:_____
John Ray
Principal Officer

McCann-Erickson Worldwide, Inc.

By:_____
[Name]
[Title]

McCann Relationship Marketing, Inc.

By:_____
[Name]
[Title]

Wahlstrom Group LLC

By:_____
[Name] David Vigilante
[Title] Senior Vice President — Legal

Cable News Network, Inc.

By:_____
[Name]
[Title]

Time Inc.

By:_____
[Name] William Eddy
[Title] Vice President & Treasurer

Turner Broadcasting Sales, Inc.

By: _____
[Name] William Eddy
[Title] Vice President & Treasurer

- 10 -