UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
            Debtors. : Jointly Administered
:
: Hearing date: January 23, 2013 at 10:00 a.m. (ET)
: Objections due: January 9, 2013 at 4:00 p.m. (ET)
:
------------------------------------------------------------X

**NOTICE OF THE JOINT MOTION FOR ORDER: (I) APPROVING COMPROMISE AMONG THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE AD HOC GROUP OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN (FOR THEMSELVES AND ALL SIMILARLY SITUATED PARTICIPANTS IN AND BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN) PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; (II) DIRECTING PAYMENTS PURSUANT TO 11 U.S.C. § 503(b)(1)(A) AND RULE 9019; (III) DIRECTING U.S. BANK NATIONAL ASSOCIATION TO TURN OVER ASSETS TO THE DEBTORS; AND (IV) RELEASING AND SETTLING CLAIMS OF THE DEFERRED COMPENSATION PLAN PARTICIPANTS**

PLEASE TAKE NOTICE that on December 14, 2012, Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), together with Robert Horne, Mason James Young, Ellen Bovarnick, Charla Crisler, Bart Kohnhorst, Brian Page, Benjamin Warren, individually and collectively as the steering committee (the "Steering Committee") of the Ad Hoc Group (as defined below), and the Ad Hoc Group of Beneficiaries of the Nortel

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Networks U.S. Deferred Compensation Plan (the "Ad Hoc Group," and, together with the Debtors, the Committee and the Steering Committee, the "Movants"), for themselves and all other participants in or beneficiaries (collectively, with the Ad Hoc Group, the "Participants") of the Nortel Networks U.S. Deferred Compensation Plan (the "DCP" or "Plan") who have positive nominal account balances under the Plan as of January 14, 2009, by and through their undersigned counsel, filed the *Joint Motion for Order: (I) Approving Compromise among the Debtors, the Official Committee of Unsecured Creditors, and the Ad Hoc Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (for Themselves and All Similarly Situated Participants in and Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan) Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; (II) Directing Payments Pursuant to 11 U.S.C. § 503(B)(1)(A) and Rule 9019; and (III) Directing U.S. Bank National Association to Turn Over Assets to the Debtors* (the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Motion is attached hereto. The Motion seeks entry of an order approving a settlement (the "Resolution Terms") to resolve all claims of any Participant concerning or arising out of the Plan, including all claims against the irrevocable trust created by the Nortel Networks U.S. Deferred Compensation Plan Trust Agreement, as amended (the "Trust") and the assets held by the Trust, and the disputes between the Debtors, the Committee, the Ad Hoc Group, and U.S. Bank, N.A. pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**All Participants in the DCP are encouraged to read the entire Motion and its attachments. A review of any summary of the Resolution Terms is not a substitute for the review of the Motion and its attachments. In part, however, the Resolution Terms will pay**

**to each of the Participants (or the holder of their claims, if transferred, sold or assigned) in cash on the Effective Date, the greater of (a) 97% of his/her balance in the Plan as of the Petition Date or (b) 73.65% of his/her balance in the DCP as of December 31, 2010.**

**If you are a Participant, your share of the settlement amount under the Resolution Terms, <u>before any withholdings for applicable taxes</u>, is set forth in the attached Schedule A.  If a notice of transfer has been filed in the Bankruptcy Case disclosing that you have transferred your claim relating to the DCP, the party to whom you transferred your claim (the "<u>Transferee</u>"), as disclosed in that notice, will be paid the amount set forth in the attached Schedule A under and in accordance with the Resolution Terms and will be bound as a Participant by the Resolution Terms and all releases set forth in the Resolution Terms.  In such an event, you will not receive any distribution under the Resolution Terms but will remain a Participant under the Resolution Terms for all other purposes and will remain bound by the Resolution Terms, including all of the releases set forth in the Resolution Terms.**

**If approved by the Bankruptcy Court, the Resolution Terms, including the releases more fully described in the Motion and its attachments, will bind all Participants (and the holders of their claims, if transferred, sold or assigned), REGARDLESS OF WHETHER OR NOT YOU ARE A MEMBER OF THE AD HOC GROUP, and result in the complete satisfaction of all claims arising out of the DCP, the Trust or the assets held by the Trust held by any Participant (and any transferees, purchasers or assignees of such claims) and the release and discharge of all such claims held by any Participant (and any transferees, purchasers or assignees of any Participant) against the Debtors, US Bank, the Plan**

**Committee Defendants, the Committee (each, as defined in the Motion) and other third parties, as more fully described in the Motion and its attachments.**

**The Resolution Terms, which will be binding on all Participants, also would resolve all objections that have been filed or could be filed by any Participants to the *Debtors' Motion For An Order Pursuant to 11 U.S.C. §§ 105, 541, 542 and 543 and Bankruptcy Rule 9019 (I) Approving the Stipulation By And Between NNI And U.S. Bank National Association, (II) Directing U.S. Bank National Association To Turn Over Property To NNI, and (III) Granting Related Relief Related To The Nortel Networks U.S. Deferred Compensation Plan*, filed on December 22, 2010, regardless of whether or not you are a member of the Ad Hoc Group.**

**Attached is a form W-4. In the event that the Bankruptcy Court approves the Motion and the Resolution Terms, Participants should return their fully completed form W-4 to the Debtors at the following address: Nortel Networks Inc., 4001 East Chapel Hill – Nelson Highway, Research Triangle Park, NC 27709. If a Participant is a Transferee as defined in the Motion, such Transferee must submit to the Debtors a fully completed form W-9 within 30 days after the Effective Date rather than a form W-4.**

**If a Participant does not return his or her fully completed form W-4 to the Debtors by 30 days after the Bankruptcy Court's order approving the Motion and the Resolution Terms becomes a final, non-appealable order, under the Resolution Terms, the Debtors will withhold from his or her distribution at the tax rate as if the Participant were single and claimed zero allowances for all applicable federal, state and local taxes. If a Participant is a Transferee, the Debtors will not withhold from the Transferee's Individual Distribution, and the Transferee shall be solely responsible for the reporting of wage**

**payments and the withholding of applicable federal, state and local taxes. In the event that the Bankruptcy Court does not approve the Motion and the Resolution Terms, or such an order is modified, reversed or otherwise does not become a final order, then the Debtors shall have no obligation to make any payment under the Settlement Agreement (as defined in the Motion) or the Resolution Terms, and all Participants' rights with respect to the DCP, the Trust, the assets held by the Trust and any related claims against the Debtors will be determined by further proceedings in the Bankruptcy Court.**

Any party wishing to oppose the entry of an order approving the Motion must file a response or objection ("Objection") if any, to the Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before the objection deadline of **January 9, 2013 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

At the same time, you must serve such Objection on counsel for the Movants so as to be received by the Objection Deadline.

A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE KEVIN GROSS AT THE BANKRUPTCY COURT ON **JANUARY 23, 2013, AT 10:00 A.M. (ET)** (the "Hearing").

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

[*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*]


Dated:  December 14, 2012　　　　**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

　　　　-and-

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
David H. Herrington (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors*
*and Debtors in Possession*

**BLANK ROME LLP**

*/s/      Victoria A. Guilfoyle*
Bonnie Glantz Fatell (No. 3809)
Victoria A. Guilfoyle (No. 5183)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

-and-

**BERNSTEIN, SHUR, SAWYER & NELSON**

Robert J. Keach (admitted *pro hac vice*)
Paul McDonald (admitted *pro hac vice*)
Daniel J. Murphy (admitted *pro hac vice*)
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127

*Counsel for the Ad Hoc Group and the Steering Committee*

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/      Christopher M. Samis*

Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Fred S. Hodara (admitted *pro hac vice*)
David H. Botter (admitted *pro hac vice*)
Lisa G. Beckerman (admitted *pro hac vice*)
Joshua Y. Sturm (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel for the Official Committee of Unsecured Creditors*

SCHEDULE A

Your Individual Distribution

The following information provides your GID number and your share of the Settlement Amount under the Resolution Terms <u>before withholdings for any applicable taxes</u>. If a notice of transfer has been filed in the Bankruptcy Case disclosing that you have transferred your claim relating to the DCP, the party to whom you transferred your claim, as disclosed in that notice, will be paid the below amount under and in accordance with the Resolution Terms. In such an event, you will not receive any distribution under the Resolution Terms but will remain a Participant under the Resolution Terms for all other purposes and will remain bound by the Resolution Terms, including all of the releases set forth in the Resolution Terms.

| **LAST NAME** | **FIRST NAME** | **Employee ID** | **Greater of 97% Petition Date Balance and 73.65% Termination Date Balance** |
|---|---|---|---|
|  |  |  |  |

NOTE: For the purposes of filing, this schedule has been intentionally left blank. Participants (and their Transferees disclosed to date) will receive a notice with an individualized schedule.