# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ------------------------------------------------------------X : | |
| *In re* : | Chapter 11 |
| : | |
| Nortel Networks Inc., *et al.*,[1] : | Case No. 09-10138 (KG) |
| : | |
| Debtors. : | Jointly Administered |
| : | |
| : | **Re: D.I. Nos.: 8910, 8953, 8959, 8965, 8967, 8971, 8980, 8984, 8990, 8991, 8992, 8993, 8994, 8996, 8998, 9004, 9007, 9012, 9014, 9015, 9017, 9020 & 9025** |
| ------------------------------------------------------------X | |

## FIFTEENTH OMNIBUS ORDER ALLOWING CERTAIN PROFESSIONALS INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

These matters come to be heard, in accordance with the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members, dated February 4, 2009 [D.I. 222] (the "Interim Compensation Procedures Order"), on the Interim Fee Statements[2] (unless otherwise specified) for the periods set forth hereto, filed by professionals (the "Professionals") in the above-captioned bankruptcy case; and this Court having determined that proper and adequate notice has been given and that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Compensation Procedures Order, unless context requires otherwise.

further notice is necessary; and upon consideration of the record of the hearing convened on December 18, 2012 (the "Hearing") and the entire record of this case; the requested compensation for those services detailed in the applicable Interim Fee Statements being so requested for reasonable and necessary services rendered by the applicable Professionals; the reimbursements for expenses detailed in the Interim Fee Statements representing reimbursements for actual and necessary expenses incurred by the applicable Professionals in connection with these cases; the legal and factual bases set forth in the Interim Fee Statements and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED:

1.   Interim compensation and reimbursement of expenses for the Professionals are hereby allowed as set forth in this Order including **Exhibits A, B and C** attached hereto.

2.   Unless otherwise ordered by the Court or agreed by the applicant, the entry of this Order is without prejudice to the right of the above-referenced Professionals at a future hearing to request the allowance and payment of compensation and/or expenses in amounts in excess of those allowed pursuant to the first decretal paragraph of this Order for the periods covered by the Interim requests for allowance and payment of compensation and expenses considered at the Hearing.

3.   The above-captioned debtors and debtors-in-possession (the "Debtors") are authorized and directed to promptly disburse to each Professional, except for otherwise provided herein, payment in the amount of the difference between (a) 100% of the total fees and expenses allowed herein for such Professional as set forth in Column (9) on **Exhibits A, B and C** attached hereto and (b) the actual interim payments received by such Professional for the interim period covered herein, subject to final allowance by the Court pursuant to the terms of the Interim Compensation Procedures Order.

4. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

6. This Order shall be effective immediately upon entry.

Dated: _____, 2012
    Wilmington, Delaware      THE HONORABLE KEVIN GROSS
                                            CHIEF UNITED STATES BANKRUPTCY JUDGE

6764859.2

**Exhibit A**

| (1) Applicant | (2) Interim Period | (3) Total Fees Requested for the Interim Period | (4)[1] Amount of Fees for Which Payment Was Requested in Monthly Applications (80%) | (5) Amount of Holdback Fees Requested (20%) | (6) Total Expenses Requested for the Interim Period (100%) | (7) Total Amount Requested for the Interim Period (Fees and Expenses) | (8) Total Amount Disallowed for the Interim Period | (9) Total Amount Authorized for the Interim Period | (10) Total Amount Requested in Case (Fees and Expenses) thru the Interim Period | (11) Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
|---|---|---|---|---|---|---|---|---|---|---|
| Benesch, Friedlander, Coplan & Aronoff LLP | 8/1/12-10/31/12 | $2,939.00 | $2,351.20 | $587.80 | $187.77 | $3,128.77 | 0.00 | $3,128.77 | $500,386.29 | $500,386.29 |
| Chilmark Partners, LLC | 8/1/12-10/31/12 | $750,000.00 | $600,000.00 | $150,000.00 | $16,156.22 | $766,156.22 | 0.00 | $766,156.22 | $7,506,820.93 | $7,506,820.93 |
| Cleary Gottlieb Steen & Hamilton LLP | 8/1/12-10/31/12 | $5,054,833.00 | $4,043,866.40 | $1,010,966.60 | $243,829.03 | $5,298,662.03 | 0.00 | $5,298,662.03 | $182,708,172.32 | $182,708,172.32 |
| Crowell & Moring LLP | 8/1/12-10/31/12 | $9,653.50 | $7,722.80 | $1,930.70 | $0.00 | $9,653.50 | 0.00 | $9,653.50 | $790,061.93 | $790,061.93 |
| Ernst & Young LLP | 8/1/12-10/31/12 | $2,048,384.00 | $1,638,707.20 | $409,676.80 | $0.00 | $2,048,384.00 | 0.00 | $2,048,384.00 | $15,797,999.99 | $15,797,999.99 |
| Huron Consulting Group | 8/1/12-10/31/12 | $65,488.05 | $52,390.44 | $13,097.61 | $85.57 | $65,573.62 | 0.00 | $65,573.62 | $7,674,313.35 | $7,674,313.35 |
| Jackson Lewis LLP | 8/1/12-10/31/12 | $4,262.75 | $3,410.20 | $852.55 | $0.00 | $4,262.75 | 0.00 | $4,262.75 | $417,439.39 | $417,439.39 |
| John Ray | 8/1/12-10/31/12 | $236,616.75 | $189,293.40 | $47,323.35 | $18,008.18 | $254,624.93 | 0.00 | $254,624.93 | $3,197,635.09 | $3,197,635.09 |
| Linklaters LLP | 8/1/12-10/31/12 | £16,440.00[2] ($26,353.49) | £13,152.00 ($21,082.79) | £3,288.00 ($5,270.70) | £26.63 ($42.68) | £16,466.63 ($26,396.17) | 0.00 | £16,466.63 ($26,396.17) | £937,614.89 ($1,441,128.39) | £937,614.89 ($1,441,128.39) |

---

[1] Please note that the listing in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications and is not intended to and should not be construed as a finding by the Court or an admission by the referenced Applicant that such amounts were actually paid by the Debtors.

[2] The amounts stated in parentheses are for informational purposes only and reflects the international foreign exchange rate of £1 to US $1.58 as published by Bloomberg.com on the date of the application.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mercer | 8/1/12-10/31/12 | $313,131.28 | $250,505.02 | $62,626.26 | $4,731.08 | $317,862.36 | 0.00 | $317,862.36 | $2,046,880.44 | $2,046,880.44[3] |
| Morris, Nichols, Arsht & Tunnell LLP | 8/1/12-10/31/12 | $203,983.00 | $163,186.40 | $40,796.60 | $33,407.65 | $237,390.65 | 0.00 | $237,390.65 | $5,120,106.82 | $5,120,106.82 |
| Punter Southall LLC | 8/1/12-10/31/12 | $58,500.00 | $46,800.00 | $11,700.00 | $0.00 | $58,500.00 | 0.00 | $58,500.00 | $1,377,193.50 | $1,377,193.50 |
| RLKS Executive Solutions, LLC | 8/1/12-10/31/12 | $893,917.50 | $715,134.00 | $178,783.50 | $21,418.68 | $915,336.18 | 0.00 | $915,336.18 | $5,781,600.01 | $5,781,600.01 |
| Torys LLP | 8/1/12-10/31/12 | $455,729.00 | $364,583.20 | $91,145.80 | $2,428.33 | $458,157.33 | 0.00 | $458,157.33 | $3,987,261.17 | $3,987,261.17 |
| **TOTALS** | | **$10,123,791.32** **£16,440.00** | **$8,099,033.06** **£13,152.00** | **$2,024,758.26** **£3,288.00** | **$340,295.19** **£26.63** | **$10,404,086.51** **£16,466.63** | **$ 0.00** **£ 0.00** | **$10,404,086.51** **£16,466.63** | **$238,346,999.62** **£937,614.89** | **$238,346,999.62** **£937,614.89** |

---

[3] At the request of the UST, $27,000 was held back (the "Holdback") from the total authorized amount for Mercer for the January 14, 2009 – April 30, 2009 interim fee period.  The UST and Mercer have agreed to an interim allowance of the Holdback (and similar amounts during the periods from May 1, 2009 through July 31, 2012 and the Interim Period) pending resolution of the dispute at the final fee hearing in these cases.

**Exhibit B**

| (1) Applicant | (2) Interim Period | (3) Total Fees Requested for the Interim Period | (4)[1] Amount of Fees for Which Payment Was Requested in Monthly Applications (80%) | (5) Amount of Holdback Fees Requested (20%) | (6) Total Expenses Requested for the Interim Period (100%) | (7) Total Amount Requested for the Interim Period (Fees and Expenses) | (8) Total Amount Disallowed for the Interim Period | (9) Total Amount Authorized for the Interim Period | (10) Total Amount Requested in Case (Fees and Expenses) thru the Interim Period | (11) Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
|---|---|---|---|---|---|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld LLP | 8/1/12 - 10/31/12 | $1,261,324.75 | $1,009,059.80 | $252,264.95 | $42,732.41 | $1,304,057.16 | $0.00 | $1,304,057.16 | $29,750,301.76 | $29,750,301.76 |
| Ashurst LLP[2] | 8/1/12 - 10/31/12 | £118,338.50 (US $189,341.60) | £94,670.80 (US $151,473.28) | £23,667.70 (US $37,868.32) | £7,596.27 (US $12,154.03) | £125,934.77 (US $201,495.63) | £0.00 | £125,934.77 (US $201,495.63) | £3,765,733.08 (US $6,025,174.08) | £3,765,733.08 US $6,025,174.08) |
| Capstone Advisory Group, LLC | 8/1/12 - 10/31/12 | $652,891.50 | $522,313.20 | $130,578.30 | $8,745.82 | $661,637.32 | $0.00 | $661,637.32 | $23,210,439.75 | $23,210,439.75 |
| Fraser Milner Casgrain LLP[3] | 8/1/12 - 10/31/12 | CDN $306,572.25 (US $307,648.32) | CDN $245,257.80 (US $246,118.65) | CDN $61,314.45 (US $61,529.66) | CDN $4,436.41 (US $4,451.98) | CDN $311,008.66 (US $312,100.30) | CDN $0.00 | CDN $311,008.66 (US $312,100.30) | CDN $13,122,022.35 US $13,168,080.65) | CDN $13,122,022.35 (US $13,168,080.65) |

---

[1] Please note that the listing in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications and is not intended to and should not be construed as a finding by the Court or an admission by the referenced Applicant that such amounts were actually paid by the Debtors.

[2] The amounts stated in parentheses are for informational purposes only and reflect the international foreign exchange rate of £1 to US $1.60 as published by Bloomberg.com on December 10, 2012. All figures listed for Ashurst LLP are paid in Sterling in the Sterling amounts specified above.

[3] The amounts stated in parentheses are for informational purposes only and reflect the international foreign exchange rate of CDN $1.00 to U.S. $1.00351 as published by Reuters on November 21, 2012. All figures listed for Fraser Milner Casgrain LLP are paid in Canadian currency at the Canadian dollar amounts specified above.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Richards, Layton & Finger, P.A. | 8/1/12 - 10/31/12 | $43,935.00 | $35,148.00 | $8.787.00 | $3,668.14 | $47,603.14 | $0.00 | $47,603.14 | $637,128.75 | $637,128.75 |
| **TOTALS** | | **$1,958,151.25 £118,338.50 CDN $306,572.25** | **$1,566,521.00 £94,670.80 CDN $245,257.80** | **$391,630.25 £23,667.70 CDN $61,314.45** | **$55,146.37 £7,596.27 CDN $4,436.41** | **$2,013,297.62 £125,934.77 CDN $311,008.66** | **$0.00 £0.00 CDN $0.00** | **$2,013,297.62 £125,934.77 CDN $311,008.66** | **$53,597,870.26 £3,765,733.08 CDN $13,122,022.35** | **$53,597,870.26 £3,765,733.08 CDN $13,122,022.35** |

2

**Exhibit C**

| (1) Applicant | (2) Interim Period | (3) Total Fees Requested for the Interim Period | (4)[1] Amount of Fees for Which Payment Was Requested in Monthly Applications (80%) | (5) Amount of Holdback Fees Requested (20%) | (6) Total Expenses Requested for the Interim Period (100%) | (7) Total Amount Requested for the Interim Period (Fees and Expenses) | (8) Total Amount Disallowed for the Interim Period | (9) Total Amount Authorized for the Interim Period | (10) Total Amount Requested in Case (Fees and Expenses) thru the Interim Period | (11) Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
|---|---|---|---|---|---|---|---|---|---|---|
| Alvarez & Marsal Healthcare Industry Group, LLC | 8/1/12-10/31/12 | $831,211.97 | $664,969.58 | $166,242.39 | $2,924.38 | $834,074.35 | $0.00 | $834,074.35 | $2,089,280.30 | $2,089,280.30 |
| Elliott Greenleaf | 8/1/12-10/31/12 | $686,526.00 | $549,220.80 | $137,305.20 | $30,880.03 | $717,406.03 | $0.00 | $717,406.03 | $1,532,044.17 | $1,532,044.17 |
| McCarter & English, LLP | 8/1/12-10/31/12 | $1,113,781.15 | $891,024.92 | $222,756.23 | $21,122.82 | $1,134,903.97 | $0.00 | $1,134,903.97 | $1,721,676.10 | $1,721,676.10 |
| Togut, Segal & Segal LLP | 6/1/12-8/31/12 | $861,605.00 | $689,284.00 | $172,321.00 | $13,669.73 | $875,274.73 | $0.00 | $875,274.73 | $2,970,454.02 | $2,970,454.02 |
| **TOTALS** |  | **$3,493,124.12** | **$2,794,499.30** | **$698,624.82** | **$68,534.96** | **$3,561,659.08** | **$0.00** | **$3,561,659.08** | **$8,313,392.59** | **$8,313,392.59** |

---

[1] Please note that the listing in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications and is not intended to and should not be construed as a finding by the Court or an admission by the referenced Applicant that such amounts were actually paid by the Debtors.