**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS, INC., *et al.,*[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 9, 2013 at 10:00 a.m. (ET)**<br>**Objection Deadline: January 2, 2013 at 4:00 p.m. (ET)** |

**MOTION OF LAW DEBENTURE TRUST**
**COMPANY OF NEW YORK, IN ITS CAPACITY AS**
**INDENTURE TRUSTEE, FOR LEAVE TO AMEND PROOF OF CLAIM**

   Law Debenture Trust Company of New York ("Law Debenture"), solely in its capacity as successor indenture trustee (as described more fully below), by this motion (the "Motion") respectfully requests entry of an order, pursuant to Local Rule 9013-1(b), granting Law Debenture leave to amend its timely filed proof of claim.  In support of the Motion, Law Debenture respectfully states as follows:

### Jurisdiction

   1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This is a core proceeding under, *inter alia*, 28 U.S.C. §157(b)(2)(B).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. ("NN CALA") (4226).

## Background

**A.      The 2026 Notes**

2.      Pursuant to an indenture, dated as of February 15, 1996 (the "Indenture"), by and among Nortel Networks Limited (f/k/a Northern Telecom Limited) ("NNL"), as issuer and guarantor, Nortel Networks Capital Corporation (f/k/a Northern Telecom Capital Corporation) ("NNCC"), as issuer, and The Bank of New York ("BNY"), as trustee, NNCC issued $150 million in aggregate principal amount of 7.875% Notes Due 2026 (the "2026 Notes").

**B.      The U.S. Debtors' Bankruptcy Cases**

3.      On January 14, 2009 (the "Petition Date"), Nortel Networks, Inc. ("NNI"), NNCC, and the other above-referenced debtors and debtors in possession (collectively, the "U.S. Debtors"), other than NN CALA, filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). These cases are consolidated for procedural purposes only.[2] The U.S. Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On the Petition Date, Nortel Networks Corporation, the Debtors' ultimate corporate parent, NNL, NNI's direct corporate parent, and the other Canadian debtors commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors. The Canadian Court appointed Ernst & Young Inc. to serve as a monitor for the Canadian proceedings.

5.      Pursuant to an Agreement of Resignation, Appointment and Acceptance, dated as

---

[2]      NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other U.S. Debtors' chapter 11 cases for procedural purposes [Dkt No. 1098].

6035129/

2

of February 12, 2009, by and among NNCC, NNL, BNY, and Law Debenture, Law Debenture

became successor indenture trustee (the "Indenture Trustee") under the Indenture.

6.    On January 22, 2009, the Office of the United States Trustee for the District

of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors

(the "Committee") for the U.S. Debtors.  Law Debenture is a member of the Committee, but

files this Motion solely in its capacity as the Indenture Trustee for the 2026 Notes.

**C.    The Law Debenture Claim**

7.    On September 28, 2009, pursuant to an August 4, 2009 order of the Bankruptcy

Court [Dkt No. 1280] establishing September 30, 2009 (the "Bar Date") as the last day to file

proofs of claim against the U.S. Debtors, Law Debenture timely filed a proof of claim against

NNCC for amounts due under the Indenture (the "Original Claim").  A copy of the Original

Claim is attached as Exhibit A.

8.    Monthly Operating Report No. 7, also filed on September 28, 2009 [Dkt No.

1566], indicated that the U.S. Debtors were likely insolvent.  Thereafter, the U.S. Debtors,

together with NNC, NNL, and other parties (collectively, "Nortel"), completed a series of asset

sales that brought $7.3 billion into the Nortel estates, including ~$4.5 billion in July 2011 for

residual patent assets held by Nortel.  The allocation of the proceeds of these sales and the

resolution of other related issues may impact the amount available for distribution to holders of

the 2026 Notes.  Law Debenture desires to amend the Original Claim to more particularly

describe the amounts that may be due under the Indenture.  A copy of the proposed amendment

to the Original Claim (the "Amended Claim") is attached as Exhibit B.

6035129/

## Relief Requested

9.      Federal Rule of Civil Procedure 15(b), made applicable to adversary proceedings

in bankruptcy cases by Bankruptcy Rule 7015, provides that "a party may amend its pleading

only with the opposing party's written consent or the court's leave.  The Court should freely give

leave when justice so requires." Fed. R. Civ. P. 15(b).  According to Bankruptcy Rule 7001, Part

VII of the Bankruptcy Rules only applies to "adversary proceedings."  The Original Claim is not

an adversary proceeding (it is not even a "contested matter" under Bankruptcy Rule 9014)

because no party has objected to it.  Therefore, there is a strong argument that Bankruptcy Rule

7015 does not apply, and Law Debenture is not required to obtain this Court's leave to file the

Amended Claim.  However, out of an abundance of caution, and to avoid needless litigation in

the future, Law Debenture respectfully requests leave to file the Amended Claim.[3]  Law

Debenture is proceeding by Motion in accordance with Local Rule 9013-1(b).

## Basis for Relief Requested

10.      "It is a well settled principle that, absent contrary equitable considerations or

prejudice to the opposing party, amendments to proofs of claim should be freely permitted. [. . .]

[S]uch amendments are to be allowed [. . .] where the original claim prompted notice to the court

of the existence, nature, and amount of the claim." *In re Edison Bros. Stores*, 2002 Bankr.

LEXIS 1228, *9-10 (Bankr. D. Del. May 15, 2002) (citing, *inter alia*, *In re Int'l Horizons, Inc.*,

751 F.2d 1213, 1217 (11th Cir. 1985)).  "Amendments are also permissible to cure defects in a

---

[3]    Nothing in this Motion is intended to or should be construed as a request for any finding or determination that the Original Claim as amended by the Amended Claim is an allowed claim.  For the avoidance of doubt, and to alleviate any party's concern that anything in the Proposed Order would constitute such a finding or determination, Law Debenture has included the following decretal paragraph in the Proposed Order: "Nothing contained in this Order shall constitute a finding or determination that the Original Claim as amended by the Amended Claim is an allowed claim.  The rights of all parties as they exist under the Bankruptcy Code with respect to the Original Claim as amended by the Amended Claim are preserved."

6035129/

claim already filed, to describe a claim with greater particularity, or to plead a new theory of recovery on the facts of the original claim." *Id.* at 10 (citing *Int'l Horizons*, 751 F.2d at 1216).

11.    The case law in this jurisdiction and elsewhere supports Law Debenture's request for leave to file the Amended Claim (assuming such leave is even required). As noted above, the Original Claim asserted a right to payment for amounts due under the Indenture. The Amended Claim merely clarifies the amounts that may be due under the Indenture. In other words, the Amended Claim simply "describe[s] [the Original Claim] with greater particularity." *Id.*

12.    The Supreme Court and the Third Circuit Court of Appeals have held that leave to amend should only be denied upon a "showing by the non-moving party of one of the following grounds for denial: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) futility of the amendment." *Plains Mktg., L.P. v. Bank of Am., N.A. (In re Semcrude, L.P.)*, 443 B.R. 472, 476 (Bankr. D. Del. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).

13.    None of these five factors is present here.[4] First, the filing of the Amended Claim is neither motivated by bad faith nor the result of undue delay. Law Debenture's initial claim was drafted with the assistance of its first counsel in these cases, Dewey LeBeouf LLP ("Dewey"). Dewey began drafting an amended claim following the asset sales mentioned above. But earlier this year Dewey filed for bankruptcy and disbanded. Shortly before Dewey's bankruptcy filing, Law Debenture terminated Dewey and retained Patterson Belknap Webb & Tyler LLP and Morris James LLP. Given the procedures in Dewey's bankruptcy case, the

---

[4]    The third factor – failure to cure deficiences by amendments previously allowed – is not applicable here, as no amendments have previously been filed.

6035129/

transfer of Law Debenture's files to its new counsel took many months. With that transfer now complete, Law Debenture seeks leave to file the Amended Claim. "The passage of time, without more, does not require that a motion to amend a [claim] be denied. [. . .] [T]he delay must be motivated by bad faith or result in prejudice to the opposing party." *Hatzel & Buehler, Inc. v. Station Plaza Assoc., L.P.*, 150 B.R. 560, 562 (Bankr. D. Del. 1993). There is no evidence of any such bad faith here. Therefore, the first and second exceptions to the general policy of freely allowing amendments are not present here.

14.     Nor will the Amended Claim prejudice any party. To the contrary, given the current posture of these cases and the ongoing international mediation in Canada, it is highly unlikely that any litigation regarding Law Debenture's claim would take place during the mediation. And the amount of Law Debenture's claim is relatively small compared to the total claims against the U.S. Debtors and the assets to be distributed to creditors. Moreover, no plan or disclosure statement has been approved in these cases, nor are they pending, and the U.S. Debtors have not made distributions to creditors. Therefore, the fourth exception to the general policy of freely allowing amendments is not present here.

15.     Finally, the amendment would not be futile. An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Semcrude*, 443 B.R. at 476. The Amended Claim, which merely clarifies Law Debenture's damages, easily passes this test. Therefore, the fifth exception to the general policy of freely allowing amendments is not present here.

16.     For the foregoing reasons, Law Debenture respectfully requests entry of an order granting leave to file the Amended Claim.

6035129/

**Notice**

17.     Notice of this Motion will be provided to: (a) counsel for the U.S. Debtors; (b) the

U.S. Trustee; (c) counsel for the Committee; (d) counsel for the Official Committee of Long-

Term Disability Participants; (e) counsel for the Official Committee of Retirees; and (f) all

parties who filed a request for service of notices under Fed. R. Bankr. P. 2002(i).  Law

Debenture submits that no further notice of this Motion is required.

        WHEREFORE, Law Debenture respectfully requests that this Court enter an

Order, substantially in the form attached as <u>Exhibit C</u>, granting Law Debenture (a) leave to file

the Amended Claim, and (b) such other and further relief as the Court deems just and proper.

Dated:    Wilmington, Delaware
          December 20, 2012

                            Respectfully submitted,

                            MORRIS JAMES LLP

                            By: Stephen M. Miller (DE Bar No. 2610)
                                Courtney R. Hamilton (DE Bar No. 5432)
                            500 Delaware Avenue, Suite 1500
                            Wilmington, Delaware  19899-2306
                            Telephone:  (302) 888-6800
                            Facsimile:   (302) 571-1750

                            – and –

                            PATTERSON BELKNAP WEBB & TYLER LLP
                            Daniel A. Lowenthal
                            Brian P. Guiney
                            1133 Avenue of the Americas
                            New York, New York  10036-6710
                            Telephone:  (212) 336-2000
                            Facsimile:  (212) 336-2222

                            *Counsel for Law Debenture Trust Company of New
                            York*

6035129/