## Exhibit A

## The Original Claim

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT     District of Delaware | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Nortel Networks Capital Corporation f/k/a Northern Telecom Capital Corporation | Case Number:<br>09-10139 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Law Debenture Trust Company of New York | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Law Debenture Trust Company of New York<br>c/o Robert L. Bice, II, Senior Vice President<br>400 Madison Avenue, 4th Floor, New York, NY 10017; Fax: (212) 750-1361 | **Court Claim Number:**_____<br>(*If known*) |
| Telephone number:<br>(212) 750-6474       Email: robert.bice@lawdeb.com | Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>Same as above.<br>Information regarding the claim can also be emailed Mr. Bice at: robert.bice@lawdeb.com.<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $_____150,986,875.00\_\_\_  (Liquidated)<br>See attachments for explanation of Liquidated and Unliquidated Claim.<br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. See attached Addendum | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** __See attached Addendum__<br>(See instruction #2 on reverse side.) | |
| **3. Last four digits of any number by which creditor identifies debtor:** __N/A__<br><br>    **3a. Debtor may have scheduled account as:** __See Addendum__<br>      (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____ **Annual Interest Rate** _____ %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any docum~~...~~ orders, invoices, itemized statements of running accou~~...~~ You may also attach a summary. Attach redacted cop~~...~~ a security interest. You may also attach a summary. (~~...~~<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTA~~...~~ SCANNING.<br><br>If the documents are not available, please explain: Please see attached Addendum | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)     0000003946

| | FOR COURT USE ONLY |
|---|---|
| Date:<br>09/25/2009    Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *[signature]*<br><br>Mr. Robert L. Bice, II, Senior Vice President, Law Debenture Trust Company of New York | **FILED / RECEIVED**<br><br>SEP 28 2009 |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EPIQ BANKRUPTCY SOLUTIONS, LLC

## ADDENDUM TO PROOFS OF CLAIM

Law Debenture Trust Company of New York, ("Law Debenture") hereby submits this addendum (the "Addendum") in support of and incorporated by this reference within and expressly made a part of each of its proofs of claim (the "Proofs of Claim") against each of Nortel Networks Capital Corporation ("NNCC") f/k/a Northern Telecom Capital Corporation., Case No. 09-10139 and Nortel Networks Limited ("NNL") f/k/a Northern Telecom Limited, Case No. 09-CL-7950, and in support thereof states as follows.

1.      On January 14 2009 (the "Petition Date"), Nortel Networks, Inc. ("NNI") and fourteen of its subsidiaries, including NNCC (collectively, the "US Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "US Bankruptcy Court"). The US Debtors' cases are being jointly administered for procedural purposes under Nortel Networks Inc., Case No. 09-10138 (collectively, the "US Proceedings"). Also on January 14, 2009, the US Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNL, and certain of their affiliates (collectively, the "Canadian Debtors") filed an application with the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) ("CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").

2.      The US Proceedings are being managed by the US Debtors as debtors-in-possession. The Canadian Court appointed Ernst & Young Inc. to serve as Monitor for the Canadian Debtors in the Canadian Proceedings. On January 14, 2009, Ernst & Young Inc., as foreign representative for the Canadian Debtors, filed petitions for recognition of the

Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code with the Bankruptcy Court for the District of Delaware.

3.      On July 15, 2009, the US Debtors filed a motion ("Bar Date Motion") seeking entry of an Order establishing deadlines and procedures for filing proofs of claim or interest in the US Proceedings (Dkt. No. 1084). In an Order dated August 4, 2009 (the "US Claims Procedure Order"), the US Bankruptcy Court set September 30, 2009 at 4:00 p.m. (prevailing Eastern Time) as the deadline for creditors to assert claims against the US Debtors arising prior to the Petition Date. On July 30, 2009, the Canadian Court approved and issued the Claims Procedure Order (the "Canadian Claims Procedure Order") setting a general claims bar date against the Canadian Debtors of September 30, 2009 at 4:00 p.m. (prevailing Eastern Time).

4.      Law Debenture is successor indenture trustee ("Successor Trustee")[1] to The Bank of New York Mellon, formerly known as The Bank of New York,[2] with respect to $150,000,000 in 7.875% senior unsecured debt securities due June 15, 2026 (the "Debt Securities") issued by NNL and NNCC, and guaranteed by NNL. A true and correct copy of the Indenture dated February 15, 1996 by and between NNL and NNCC as Issuers, NNL as Guarantor, and The Bank of New York as Trustee, as amended and supplemented from time to time (the "Indenture"), with respect to the Debt Securities is attached hereto for reference purposes at "**Exhibit B**".

---

[1]      Under the Indenture, as defined below, the Successor Trustee is vested with the same rights, powers and obligations as the predecessor Trustee. The Indenture provides that "every such successor Trustee . . . shall execute, acknowledge and deliver to [NNCC and NNL] and to the retiring Trustee an instrument accepting such appointment, and thereupon . . . the successor trustee, without any further act, deed or conveyance, shall become vested with all of the rights, powers, trusts and duties of the retiring Trustee. *See,* *e.g.*, Indenture, Section 607(f), pp. 42-43.

[2]      *See* Agreement of Resignation, Appointment and Acceptance dated February 12, 2009 (the "Successor Trustee Agreement") by and between NNCC, NNL, The Bank of New York, and Law Debenture, a true and correct copy of which is attached hereto for reference purposes at "**Exhibit A**."

CH 28489.4 100386 000004 9/25/2009 09:49am                    2

5.    As Successor Trustee, Law Debenture is entitled to file proofs of claim on

behalf of the holders of the Debt Securities under the Indenture[3] as well as under the US

and Canadian Claims Procedure Orders.[4] As of the Petition Date, the amount outstanding

on the Debt Securities under the Indenture was **$150,986,875.00** (the "Liquidated Claim").

The Liquidated Claim consists of (i) the outstanding principal balance ($150,000,000) and

interest amount ($984,375.00)[5] due and owing under the Indenture on the Debt Securities;

(ii) amounts due and owing to The Bank of New York and/or the Successor Trustee[6] for

fees and expenses under the Indenture, $2,500.00;[7] and (iii) amounts due and owing for

fees and expenses of agents and counsel of The Bank of New York and/or the Successor

---

[3]    Specifically, the Indenture provides that in case of bankruptcy of the Issuers, "the Trustee may file such proofs of claim and other papers or documents as may be necessary or advisable to have the claims of the Trustee and the Holders allowed in any judicial proceedings relative to the applicable Issuer or the Guarantor . . . its creditors or its property." Indenture, Section 510, p. 38.

[4]    *See, e.g.,* Order Establishing Deadlines for Filing Proofs of Claims and Approving Form and Manner of Notice Thereof entered in the US Proceedings on August 4, 2009 (Paragraph 6(j) authorizing and requiring Indenture Trustees to file "a single proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date, on account of the Note Claims against the Debtors under their respective Note Indentures." *See also* Claims Procedures Order entered in the Canadian Proceedings on July 30, 2009 (Paragraph 13 providing that each "Bondholder Trustee is authorized and directed to file one or more Proofs of Claim on or before the Prefiling Claims Bar Date (September 30, 2009 at 4 p.m. Eastern Time) in respect of all of the Bonds for which such Bondholder Trustee acts . . .").

[5]    For purposes of the Proofs of Claim, the Successor Trustee has included only interest due and payable as of the Petition Date. Interest was calculated at 7.875% for a period of 30 days from the date of last interest payment (December 15, 2008) through the Petition Date (January 14, 2009). *See also* Reservation of Rights below.

[6]    Law Debenture was appointed as Successor Trustee after the Petition Date. As described below, given Law Debenture's continuing role as Successor Trustee, the amount of its fees and expenses continues to accrue and is unliquidated at this time.

[7]    The amount noted above includes fees and expenses payable as of the Petition Date for The Bank of New York, as preceding trustee. The Indenture provides that the " the Issuers shall pay to the Trustee from time to time compensation for its services as agreed separately by the Issuers and the Trustee." Indenture, Section 606(a), p.41. The Indenture further provides that "the Issuers agree to reimburse the Trustee upon its request for all reasonable and documented expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable and documented compensation, expenses and disbursements of its agents and counsel) . . . ." Indenture, Section 606(c), p.41. *See also* Section 505 of the Indenture which provides that any money collected by the Trustee under Article five of the Indenture (dealing with defaults) shall be applied "first: to the payment of all amounts due the Trustee under Section 606."

Trustee under the Indenture, $0.00.[8]  In addition, Law Debenture asserts an unliquidated

claim (the "Unliquidated Claim," and, together with the Liquidated Claim, the "Law

Debenture Claim") in the amount of the Successor Trustee's fees and expenses and its

counsel and agents' fees and expenses incurred post-petition in the enforcement of rights

and remedies under the Indenture.[9]  Law Debenture asserts a general unsecured claim

against each of NNCC[10] and NNL[11] in the amount of the Law Debenture Claim.  The Law

Debenture Claim is jointly and severally payable by each of NNCC and NNL.[12]

---

[8]      As of the date of the filing of the Law Debenture Claim, Law Debenture was not aware of any pre-petition agents and counsel fees incurred by The Bank of New York as preceding trustee.  To the extent any such amounts are discovered to be due and outstanding, Law Debenture reserves the right to supplement its claims.  The Successor Trustee has retained Dewey & LeBouef LLP to represent it in the US and Canadian Debtors' bankruptcy cases.  As noted in the reservation of rights below, to the extent any such amounts are later brought to the attention of Law Debenture, Law Debenture reserves the right to amend and supplement its Proofs of Claim to include such amounts.

[9]      See, e.g., Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443 (2007) (providing for allowance and payment of post-petition attorneys fees and expenses asserted as part of a pre-petition contract and claim); see also Ades & Berg Group Investors v. Breeden (In re Ades & Berg Group Investors), 550 F.3d 240 (2d Cir. 2008) (same).  But, see, Reservation of Rights below regarding assertion of such claims as administrative expenses as provided under the Indenture.  As noted above, Law Debenture's agents and counsel fees continue to accrue during the pendency of the US and Canadian Proceedings.

[10]     The Indenture provides that "the applicable Issuer (NNCC and NNL) covenants and agrees for the benefit of each particular series of Debt Securities that it will duly and punctually pay the principal of (and premium, if any) and interest on the Debt Securities in accordance with their terms and this Indenture. Indenture, Section 1001, p. 51.  Schedule F-1 for NNCC lists a general, unsecured claim for Law Debenture in the aggregate amount of $150,951,562.50.

[11]     The Indenture provides that "the Guarantor (NNL) by its execution of this Indenture hereby agrees with each Holder of a Guaranteed Debt Security of each series authenticated and delivered by the Trustee and with the Trustee on behalf of each such Holder, to be unconditionally bound by the terms and provisions of the Guarantees set forth below and authorizes the Trustee to confirm such Guarantees to the Holder of each such Guaranteed Debt Security . . . ." Indenture, Section 203, p.15.  The Indenture further provides, in that same section, the terms of the guaranty, which includes, in relevant part, the following: "for value received, [NNL] . . . hereby unconditionally guarantees to the Holder of the Guaranteed Debt Security . . . and to the Trustee . . . the due and punctual payment of the principal of, premium, if any, and interest on such Guaranteed Debt Security . . . when and as the same shall become due and payable . . . In case of the failure of [NNCC] . . . punctually to make any such payment of principal, premium, if any, or interest . . . the Guarantor hereby agrees to cause any such payment to be made punctually when and as the same shall become due and payable . . . ." Indenture, Section 203, pp. 15-16.

[12]     The Indenture further provides, for example, that "the Guarantor hereby agrees that its obligations . . . shall be as if it were principal debtor and not merely surety, and shall be absolute and unconditional, irrespective of, and shall be unaffected by, any invalidity, irregularity or unenforceability of such Guaranteed Debt Security or such Indenture . . . ." Indenture, Section 203, pp. 15-16.  The Indenture also provides that the "Guarantor hereby waives diligence, presentment, demand of payment, filing of claims with a court in the event of merger or bankruptcy . . . any right to require a proceeding first against the Borrower (NNCC) . . .

**Reservation of Other Claims and Rights**

1.      Nothing contained in the Proofs of Claim or herein shall affect the right of any holder of a Debt Security to file its own proof(s) of claim against one or more of the US or Canadian Debtors, including, but not limited to NNCC and NNL, or to separately vote the amount of its respective claim(s) with regard to any plan of reorganization (or liquidation) or similar process for which solicitation of acceptances will be sought in the US Proceedings or in the Canadian Proceedings.

2.      Nothing in or relating to the Proofs of Claim or this Addendum is intended to or shall limit or affect the right of Law Debenture as Successor Trustee to seek payment and reimbursement of its fees and expenses and its agents and counsel's fees and expenses as administrative expenses in the US Proceedings or the Canadian Proceedings.[13]

3.      Nothing in this Addendum or the Proofs of Claim shall be deemed to waive the Successor Trustee or any individual holders' arguments toward payment in full of all post-petition interest due and payable under the Indenture (or at the legal rate)[14] to the extent subsequently permitted in the US Proceedings or Canadian Proceedings, whether as a result that some or all of the US Debtors or Canadian Debtors, including NNCC and NNL, are deemed solvent (payable, for instance, under section 726(a)(5) of the Bankruptcy Code made applicable to chapter 11 cases) or for any other legal or equitable reason.

---

and covenants that this Guarantee will not be discharged except by payment in full of the principal of, premium, if any, and interest on such Guaranteed Debt Security." *Id.*

[13]      The Indenture provides that "when the Trustee incurs expenses or renders services in connection with an Event of Default specified in Section 501(5) (dealing, for example, with involuntary bankruptcy) or Section 501(6) (dealing, for example, with voluntary bankruptcy), the reasonable and documented expenses (including the reasonable and documented charges and expenses of its counsel) and compensation for the services are intended to constitute expenses of administration under any applicable Federal or state bankruptcy, insolvency or other similar law." Indenture, Section 606(d), p. 41.

[14]      *See, e.g.,* 11 U.S.C. §726(a)(5).

4.    In addition to the foregoing, Law Debenture expressly reserves its rights, remedies, interests, priorities, protections, and claims against each of the US and Canadian Debtors, including, but not limited to NNCC and NNL, under the Bankruptcy Code, including Sections 510, 544, 545, 548, 549, and 550 thereof, and any applicable provisions under the CCAA.

5.    Law Debenture reserves the right to amend and/or supplement each Proof of Claim and to file additional claims against any of the US or Canadian Debtors, including, but not limited to, NNCC and NNL, whether arising from the Indenture or otherwise, for any reason whatsoever.

6.    The filing of these Proofs of Claim is not and shall not be construed as (1) an election of remedy; (2) a waiver of jury trial rights; or (3) a waiver or limitation of any right, interest, or cause of action held by Law Debenture in the US or Canadian Proceedings.

*[Space Left Intentionally Blank]*

7.    Law Debenture further reserves any and all rights against parties other than

the US and Canadian Debtors based on the foregoing facts and circumstances.

Law Debenture Trust Company of New York

By:  Robert L. Bice II
Its:  Senior Vice President
Dated:  September 25, 2009