IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc. | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 10-55934 (KG) |
| Perot Systems Corporation, | **Re: Main D.I. 9039; Adv. D.I. 29** |
| Defendant. | |

ORDER APPROVING THE STIPULATION OF SETTLEMENT
OF AVOIDANCE CLAIMS BY AND BETWEEN
NORTEL NETWORKS INC. AND PEROT SYSTEMS CORPORATION

Upon the motion (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "U.S. Debtors"), for entry of an order, as more fully described in the Motion, authorizing NNI's entry into and approving the Stipulation, attached to the Motion as **Exhibit B**, and granting it such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the

---

[1] In addition to Nortel Networks Inc., the U.S. Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the U.S. Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The U.S. Debtors are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3.      The U.S. Debtors, the U.S. Debtors' claims agent, Epiq Bankruptcy Solutions LLC, and the Clerk of the Bankruptcy Court are authorized, but not directed, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Stipulation.

4.      The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulation be approved in its entirety.

5.      Notwithstanding anything to the contrary in this Order, nothing herein is intended to, and shall not be read, interpreted, or otherwise deemed to, provide a release of any of Defendant's claims in the CCAA Proceedings against NNL or any of the Canadian Debtors, nor shall this Order be deemed to prejudice, diminish, restrict or otherwise impact Defendant's claims in the CCAA Proceedings.

6.     In the event of any discrepancy between the Stipulation on the one hand, and the terms of a plan under Chapter 11 of the United States Bankruptcy Code confirmed pursuant to an order of this Court with respect to any of the U.S. Debtors, on the other hand, the terms of the Stipulation shall govern.

7.     The Plaintiff and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

8.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the U.S. Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the U.S. Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Jan. 8 , 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

3