IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                        :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
:
      Debtors.                   :   Jointly Administered
:
:   RE: D.I.'s 24, 195, 371, 686, 1046, 1367, 2191, 2349, 2830,
:   3744, 4027, 4258, 4388, 4464, 5069, 5666, 5875, 5915, 6951,
:   7359 and 8028
---------------------------------------------------------------X

**TWENTY-FIRST SUPPLEMENTAL DECLARATION OF JAMES L. BROMLEY
IN SUPPORT OF APPLICATION AUTHORIZING EMPLOYMENT AND
RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP
AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

I, JAMES L. BROMLEY, do hereby declare as follows:

1. I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm") which maintains an office for the practice of law, among other places, at One Liberty Plaza, New York, New York 10006. I am an attorney at law admitted to practice before the courts of the State of New York, the United States Court of Appeals – Second, Third and Ninth Circuits, and the United States District Courts for the District of New Jersey and the Eastern and Southern Districts of New York.

2. I submit this declaration (the "Twenty-First Supplemental Declaration") to supplement the Application For an Order Authorizing Employment and Retention of Cleary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Gottlieb Steen & Hamilton LLP <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date [D.I. 24] (the "<u>Application</u>")[2], filed on January 14, 2009 (the "<u>Petition Date</u>"), the declaration of James L. Bromley in support of and annexed as Exhibit A to the Application (the "<u>Initial Declaration</u>"), the Supplemental Declaration of James L. Bromley in support of the Application [D.I. 195] (the "<u>First Supplemental Declaration</u>"), filed on February 2, 2009, the Second Supplemental Declaration of James L. Bromley in support of the Application [D.I. 371] (the "<u>Second Supplemental Declaration</u>"), filed on February 25, 2009, the Third Supplemental Declaration of James L. Bromley in support of the Application [D.I. 686] (the "<u>Third Supplemental Declaration</u>") filed on May 1, 2009, the Fourth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 1046] (the "<u>Fourth Supplemental Declaration</u>") filed on July 8, 2009, the Fifth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 1367] (the "<u>Fifth Supplemental Declaration</u>") filed on August 24, 2009, the Sixth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2191] (the "<u>Sixth Supplemental Declaration</u>") filed on December 22, 2009, the Seventh Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2349] (the "<u>Seventh Supplemental Declaration</u>") filed on January 26, 2010, the Eighth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2830] (the "<u>Eighth Supplemental Declaration</u>"), filed on April 2, 2010, the Ninth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 3744] (the "<u>Ninth Supplemental Declaration</u>"), filed on July 28, 2010, the Tenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4027] (the "<u>Tenth Supplemental Declaration</u>"), filed on September 27, 2010, the Eleventh Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4258] (the

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

"Eleventh Supplemental Declaration"), filed on November 8, 2010, the Twelfth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4388] (the "Twelfth Supplemental Declaration"), filed on November 22, 2010, the Thirteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4464] (the "Thirteenth Supplemental Declaration"), filed on December 2, 2010, the Fourteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5069] (the "Fourteenth Supplemental Declaration"), filed on March 4, 2011, the Fifteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5666] (the "Fifteenth Supplemental Declaration"), filed on June 13, 2011, the Sixteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5875] (the "Sixteenth Supplemental Declaration"), filed on July 5, 2011, the Seventeenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5915] (the "Seventeenth Supplemental Declaration"), filed on July 8, 2011, the Eighteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 6951] (the "Eighteenth Supplemental Declaration"), filed on December 9, 2011, the Nineteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 7359] (the "Nineteenth Supplemental Declaration"), filed on March 9, 2012, and the Twentieth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 8028] (the "Twentieth Supplemental Declaration").

3.  As set forth in the Initial Declaration, in order to ensure compliance with the requirements of chapter 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of professionals by the Debtors, Cleary Gottlieb undertook to determine whether Cleary Gottlieb had any conflicts or other relationships that might cause it not to be disinterested or to hold or

represent an interest adverse to the Debtors. Specifically, I directed a list (the "Conflicts Check List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key creditors of the Debtors and their respective counsel, and (iv) certain other parties in interest in these chapter 11 cases and their respective counsel be submitted to the Firm's Records Department. Cleary Gottlieb's Records Department ran a computerized check of each of these persons or entities against the Firm's client database (the "Client Database") to determine which persons or entities, if any, Cleary Gottlieb currently represents ("Current Clients") or has represented in three years prior to the Petition Date ("Former Clients"). A list of Current Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit II. A list of Former Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit III.

4. As set forth in the Application, Cleary Gottlieb has updated and will continue to update periodically its conflicts review during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

5. In connection with the twenty-first such periodic review, I directed the Firm's Records Department to run a computerized check of (i) persons or entities that have filed Notices of Appearance in these chapter 11 cases as of January 9, 2013 but were not included in prior periodic reviews, (ii) persons or entities that were claims transferees in these chapter 11 cases as of January 9, 2013, but were not included in prior periodic reviews, and (iii) certain other parties in interest against the Firm's Client Database to determine which person or entities, if any, are Current Clients or Former Clients of Cleary Gottlieb.

6. I am submitting this Twenty-First Supplemental Declaration to disclose that in matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb currently represents Party AA, which Cleary Gottlieb understands to be a holder of a claim against Nortel Networks Inc. ("NNI").[3] I am further submitting this Twenty-First Supplemental Declaration to disclose that in matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb formerly represented Party AB, which Cleary Gottlieb understands to be a holder of debt securities guaranteed by NNI. I am further submitting this Twenty-First Supplemental Declaration to disclose that in matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb currently represents affiliates of Party AC, which Cleary Gottlieb also understands to be a holder of debt securities guaranteed by NNI. This disclosure regarding the Firm's representation of affiliates of Party AC supplements my prior disclosure in the Initial Declaration regarding the Firm's representation of one of such affiliates.

7. Cleary Gottlieb believes that its representation of Party AA, its former representation of Party AB and its representation of affiliates of Party AC are not adverse to the Firm's representation of the Debtors in the above-captioned bankruptcy cases. Except as otherwise disclosed, in the event that any adversary proceeding is required to be commenced as to Party AA or Party AC, the Debtors will retain co-counsel or special counsel to handle such matters.

*[Remainder of Page Intentionally Left Blank]*

---

[3] Cleary Gottlieb is not permitted to disclose the identity of these parties for confidentiality reasons related to the Debtors' business. If and when Cleary Gottlieb is permitted to disclose such information, Cleary Gottlieb will do so by filing a supplemental declaration with the court pursuant to Bankruptcy Rule 2014. Cleary Gottlieb will disclose such information in confidence to the Office of the United States Trustee for the District of Delaware if requested to do so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2013.

_____
JAMES L. BROMLEY