IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                              :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                   :   Case No. 09-10138 (KG)
:
                    Debtors.                         :   Jointly Administered
:
---------------------------------------------------------X   Objections Due: January 31, 2013 at 4:00 p.m. (ET)

**TWENTIETH MONTHLY APPLICATION OF TORYS LLP, AS SPECIAL
CANADIAN COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR
ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE PERIOD NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

| | |
|---|---|
| Name of Applicant: | Torys LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | November 22, 2010 <u>nunc pro tunc</u> to October 28, 2010 |
| Period for which Compensation and reimbursement is sought: | November 1, 2012 through November 30, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $155,596.40 (80% of $194,495.50) |
| Amount of reimbursement sought as actual, reasonable and necessary: | $1,064.24 |
| This is an ___ interim | _x_ monthly application |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 8.0 hours and the corresponding compensation requested is approximately $5,400.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
| --- | --- | --- | --- |
| February 25, 2011 | October 28, 2010 - January 31, 2011 | $401,732.19/ $ 9,583.79 | $401,732.19/ $ 9,583.79 |
| May 25, 2011 | February 1, 2011 - April 30, 2011 | $758,889.50/ $ 18,989.23 | $758,889.50/ $ 18,939.23 |
| July 5, 2011 | May 1, 2011 - May 31, 2011 | $287,585.50/ $ 5,482.38 | $287,585.50/ $ 5,482.38 |
| August 8, 2011 | June 1, 2011 - June 30, 2011 | $233,456.00/ $ 4,252.62 | $233,456.00/ $ 4,252.62 |
| August 26, 2011 | July 1, 2011 - July 31, 2011 | $165,568.50/ $ 241.67 | $165,568.50/ $ 241.67 |
| November 16, 2011 | August 1, 2011 - August 31, 2011 | $94,647.00/ $ 356.66 | $94,647.00/ $ 356.66 |
| November 18, 2011 | September 1, 2011 - October 31, 2011 | $296,862.50/ $57,294.86 | $296,862.50/ $57,294.86 |
| December 29, 2011 | November 1, 2011 - November 30, 2011 | $157,042.00/ $ 2,097.89 | $157,042.00/ $ 2,097.89 |
| January 27, 2012 | December 1, 2011 - December 31, 2011 | $162,468.50/ $ 2,969.02 | $162,468.50/ $ 2,969.02 |
| February 23, 2012 | January 1, 2012 - January 31, 2012 | $110,604.00/ $ 1,876.20 | $110,604.00/ $ 1,876.20 |
| March 26, 2012 | February 1, 2012 February 29, 2012 | $84,420.00/ $ 193.76 | $84,420.00/ $ 193.76 |
| April 30, 2012 | March 1, 2012 March 31, 2012 | $115,686.50/ $ 1,473.06 | $115,686.50/ $ 1,473.06 |
| May 22, 2012 | April 1, 2012 | $99,188.50/ | $99,188.50/ |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

|  | April 30, 2012 | $    301.81 | $    301.81 |
|---|---|---|---|
| July 12, 2012 | May 1, 2012<br>May 31, 2012 | $156,894.00/<br>$   1,285.85 | $156,894.00/<br>$   1,285.85 |
| July 25, 2012 | June 1, 2012<br>June 30, 2012 | $68,099.50/<br>$953.94 | $68,099.50/<br>$953.94 |
| August 24, 2012 | July 1, 2012<br>July 31, 2012 | $138,165.50/<br>$2,038.10 | $138,165.50/<br>$2,038.10 |
| October 16, 2012 | August 1, 2012<br>August 31, 2012 | $138,165.50/<br>$1,316.44 | $138,165.50/<br>$1,316.44 |
| November 2, 2012 | September 1, 2012<br>September 30, 2012 | $122,438.50/<br>$447.12 | $122,438.50/<br>$447.12 |
| November 20, 2012 | October 1, 2012<br>October 31, 2012 | $177,399.00/<br>$1664.77 | $177,399.00/<br>$1664.77 |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

November 1, 2012 through November 30, 2012

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Tony DeMarinis | Partner/Bankruptcy | $975.00 | 103.6 | $101,010.00 |
| William Gray | Partner/Bankruptcy | $875.00 | 17.7 | $15,487.50 |
| Scott A. Bomhof | Partner/Bankruptcy | $860.00 | 69.5 | $59,770.00 |
| Alison D. Bauer | Partner/Bankruptcy | $725.00 | 0.7 | $507.50 |
| Andrew Gray | Partner/Litigation | $710.00 | 4.2 | $2,982.00 |
| Adam Slavens | Associate/Bankruptcy | $565.00 | 21.3 | $12,034.50 |
| Dianne Ralph | Paralegal | $260.00 | 10.4 | $2,704.00 |
| **Total** | | | 227.4 | $194,495.50 |
| **GRAND TOTAL:** | | | | **$194,495.50** |
| **BLENDED RATE:** | | | | $855.30 |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

November 1, 2012 through November 30, 2012

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 17.4 | $16,363.00 |
| Fee and Employment Applications | 17.5 | $9,303.50 |
| Analysis of Canadian Law | 55.6 | $53,520.00 |
| Intercompany Analysis | 90.7 | $78,904.50 |
| Canadian CCAA Proceedings/Matters | 28.9 | $24,023.00 |
| Claims Administration and Objections | 4.2 | $4,095.00 |
| Litigation | 4.2 | $2,982.00 |
| Canadian Sec. 18.6 Proceedings/Matters | 8.9 | $5,274.50 |
| **TOTAL** | 227.4 | $194,495.50 |

**EXPENSE SUMMARY**

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

November 1, 2012 through November 30, 2012

| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
|---|---|---:|
| Computer Research | Quicklaw / Westlaw | |
| Duplicating/Printing | 879 pgs @ .10 per pg | $87.90 |
| Miscellaneous | Meeting Room Rental | $938.44 |
| Courier | | - |
| Taxi & Travel | | - |
| Meals | | - |
| Library Costs | | - |
| Court Searches | PACER | $37.90 |
| Word Processing | | - |
| Telephone | | - |
| **Grand Total Expenses** | | **$1,064.24** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                                           :        Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                                  :        Case No. 09-10138 (KG)
:
                                        Debtors.                      :        Jointly Administered
:
---------------------------------------------------------------X        Objections Due: January 31, 2013 at 4:00 p.m. (ET)

**TWENTIETH MONTHLY APPLICATION OF TORYS LLP, AS SPECIAL CANADIAN COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

Torys LLP ("Torys"), Special Canadian Counsel for Nortel Networks, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Torys to the Debtors for the period November 1, 2012 through November 30, 2012 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Torys during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2]. In support of this Application, Torys represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[2]   Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

[3]   Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4.     On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding before the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

5.     On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[4]     The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**TORYS' RETENTION**

6. On October 28, 2010, the Debtors engaged Torys as Special Canadian Counsel in connection with these bankruptcy cases. On November 22, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(e) Authorizing the Retention and Employment of Torys LLP as Special Canadian Counsel *nunc pro tunc* to the October 28, 2010 (D.I. 4381).

**FEE PROCEDURES ORDER**

7. On February 4, 2009, the Court entered the Interim Compensation Procedures Order [D.I. 222], which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[5]

8. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

---

[5] Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

**RELIEF REQUESTED**

9. Torys submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Special Canadian Counsel for the Debtors in these cases for the period from November 1, 2012 through November 30, 2012, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

10. During the period covered by this Application, Torys incurred fees in the amount of $194,495.50. For the same period, Torys incurred actual, reasonable and necessary expenses totaling $1,064.24. With respect to these amounts, as of the date of this Application, Torys has received no payments.

11. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

12. During the Application Period, Torys has represented the Debtors in the Canadian Proceedings and advised the Debtors and Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") on various matters of Canadian law, including with respect to issues that arise from the cross-border nature of these chapter 11 proceedings, the Canadian Proceedings and the English Proceedings. In addition, during the period covered by this Application, Torys provided extensive services relating to various claims issues and intercompany matters.

13. Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

14. <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by Torys during the Application Period.

15. Torys charges $.10 per page for photocopying and printing.

16. Torys does not charge for incoming or outgoing facsimiles.

17. In accordance with Local Rule 2016-2, Torys has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

18. Torys has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Torys so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Torys has endeavored to coordinate with Cleary Gottlieb and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

19. No agreement or understanding exists between Torys and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

20. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of the undersigned's information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Torys respectfully requests that this Court: (a) allow Torys (i) interim compensation in the amount of $194,495.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period November 1, 2012 through November 30, 2012, and (ii) interim reimbursement in the amount of $1,064.24 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Torys the amount of $156,660.64 which is equal to the sum of 80% of Torys' allowed interim compensation and 100% of Torys' allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: January 11, 2013
      New York, New York

TORYS LLP

 /s/ Alison D. Bauer
William F. Gray, Jr.
Alison D. Bauer
237 Park Avenue
New York, New York  10017
Telephone:  (212) 880-6000
Facsimile:  (212) 682-0200

*Special Canadian Counsel for the*
*Debtors and Debtors in Possession*