**EXHIBIT A**
**Revised Proposed Approval Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
----------------------------------------------------X
                                                    :
                                                    :      Chapter 11
                                                    :
In re                                               :
                                                    :      Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                      :
                                                    :      Jointly Administered
                          Debtors.                  :
                                                    :
                                                    :      RE: D.I. 9127
                                                    :
----------------------------------------------------X
```

**ORDER (I) APPROVING COMPROMISE
AMONG THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, AND THE AD HOC GROUP OF BENEFICIARIES
OF THE NORTEL NETWORKS U.S. DEFERRED
COMPENSATION PLAN (FOR THEMSELVES AND ALL SIMILARLY
SITUATED PARTICIPANTS IN AND BENEFICIARIES OF THE
NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN)
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE; (II) DIRECTING PAYMENTS PURSUANT TO
11 U.S.C. § 503(b)(1)(A) AND RULE 9019; (III) DIRECTING U.S. BANK
NATIONAL ASSOCIATION TO TURN OVER ASSETS TO THE
DEBTORS; AND (IV) RELEASING AND SETTLING CLAIMS OF
THE DEFERRED COMPENSATION PLAN PARTICIPANTS**

Upon the Joint Motion for Order: (I) Approving Compromise Among the Debtors, the

Official Committee of Unsecured Creditors, and the Ad Hoc Group of Beneficiaries of the Nortel

Networks U.S. Deferred Compensation Plan (for Themselves and All Similarly Situated

Participants in and Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; (II) Directing Payments

Pursuant to 11 U.S.C. § 503(b)(1)(A) and Rule 9019; (III) Directing U.S. Bank National

Association to Turn Over Assets to the Debtors; and (IV) Releasing and Settling Claims of the

Deferred Compensation Plan Participants (the "Motion"), and having reviewed the Motion and

the Resolution Terms set forth in the Motion and the Settlement Agreement[2] attached to the

Motion as Exhibit A, a hearing having been held and the Court having considered the evidence

presented and the arguments and proffers of counsel, and this Court possessing jurisdiction to

consider the Motion, and venue being proper, and notice of the Motion having been sufficient,

and the relief requested in the Motion being warranted, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted in all respects.

2.      The Settlement Agreement and the Resolution Terms are approved in all respects

and shall be incorporated herein by reference as if fully set forth herein.  The Effective Date of

the Settlement Agreement and the Resolution Terms shall be the date that this Order becomes

final and not subject to further modification, reversal or appeal.  For the avoidance of doubt, and

without limiting the foregoing, this Order shall not be deemed a Final Order until the expiration

of the period for filing a notice of appeal of this Order with no appeal having been filed, or, if an

appeal concerning this Order is filed, such appeal has been fully resolved and the time for any

further appeal has expired

3.      On or following the Effective Date, the parties to the Settlement Agreement may

exercise and perform their respective rights and obligations under the Settlement Agreement.

4.      All of the Participants (including, without limitation, any transferee, purchaser or

assignee of a Participant's claim relating to the Plan) are bound by the Resolution Terms, the

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Motion and/or the Settlement Agreement.

Settlement Agreement and this Order, including the Participants' Release, as if each Participant was a signatory to the Settlement Agreement, regardless of whether or not such Participant was a member of the Ad Hoc Group.  The Resolution Terms, the Settlement Agreement and the relief granted in this Order constitute a complete satisfaction of all claims arising out of or relating to the Plan, the Plan Trust and the Trust Assets held by any Participant (including, without limitation, any transferee, purchaser or assignee of a Participant's claim relating to the Plan).

5.      Within sixty (60) days following the occurrence of the Effective Date, except as expressly set forth below, the Debtors shall distribute an aggregate sum of $31,166,369.13 (the "Settlement Amount"), minus any withholdings for applicable taxes, to the Participants in the Plan.  Each Participant shall receive a distribution (after withholdings for any applicable taxes) of the greater of (a) 97% of his/her nominal account balance in the Plan as of the Petition Date or (b) 73.65% of his/her nominal account balance in the Plan as of December 31, 2010, as more particularly set forth on **Schedule 1** hereto (each Participant's share of the Settlement Amount, minus any withholdings, an "Individual Distribution"), provided, however, that in the event that a notice of transfer has been filed in the Bankruptcy Case disclosing that a Participant (such Participant, a "Transferring Participant") has transferred his or her claim relating to the Plan in accordance with Bankruptcy Rule 3001(e) and no timely objection to such transfer has been filed as of the Effective Date or any objections thereto have been resolved on or prior to the Effective Date, the Participant's transferee as disclosed in such notice of transfer (such transferee, a "Transferee") shall be paid the Transferring Participant's Individual Distribution.  The term "Participant" as used in the Settlement Agreement shall include such Transferee and such Transferee shall be bound as a Participant by the Resolution Terms, the Settlement Agreement and all releases set forth therein by operation of this Order.  No Transferring Participant shall

receive any distributions under the Settlement Agreement, but each Transferring Participant shall remain a Participant for all other purposes and remain bound by the Resolution Terms, the Settlement Agreement and all releases set forth therein by operation of this Order. The Debtors shall have no obligation to recognize any transfer of any claims occurring after the close of business on the Effective Date. The Debtors shall be entitled instead to recognize and deal for all purposes under this Order and the Settlement Agreement only with the Participants or the record holders stated on the transfer ledgers as of the close of business on the Effective Date, to the extent applicable, as further described in the Resolution Terms and the Settlement Agreement.

6.       The Debtors and the Debtor Released Parties (as defined in the Settlement Agreement) shall have no obligation to make a payment or distribution to any Participant or Transferee other than the amounts (minus any withholdings) listed on Schedule 1 hereto. Each Individual Distribution shall be paid, without reduction (other than withholdings) or penalty as may otherwise be required under the Plan, in accordance with this Order.

7.       The Debtors shall issue or cause to be issued a form W-2 or 1099, as appropriate, to each Participant who receives an Individual Distribution. Each Participant shall submit to the Debtors a fully completed form W-4 and agree that any Individual Distribution will be subject to the appropriate tax rate for all appropriate federal, state, and local taxes related to such distribution, except that if a Participant is a Transferee, such Transferee shall submit to the Debtors a fully completed form W-9 within 30 days after the Effective Date rather than a form W-4. If, by 30 days after the Effective Date, the Debtors have not received a fully completed form W-4 from any Participant, then the Debtors shall withhold from such Participant's Individual Distribution at the tax rate as if such Participant were single and claimed zero allowances for all appropriate federal, state and local taxes related to such distribution, unless

such Participant is a Transferee, in which case the Debtors will not withhold from the

Transferee's Individual Distribution, and the Transferee shall be solely responsible for the

reporting of wage payments and the withholding of applicable federal, state and local taxes.  If,

by 30 days after the Effective Date, the Debtors have not received a fully completed form W-9

from any Transferee, the Debtors shall have no obligation to pay such Transferee's Individual

Distribution until 30 days after the Debtors' receipt of a fully completed form W-9 from such

Transferee.  The Parties agree that for tax purposes each Individual Distribution shall be treated

as payment of compensation.  All taxes arising from payment of the Settlement Amount and

Individual Distributions shall be borne by the Participants; the Debtors and U.S. Bank National

Association ("U.S. Bank") shall have no liability for any taxes associated with, and no such party

makes any guarantee as to the tax treatment of, these distributions.  The Debtors are entitled to

rely on this Order in good faith in withholding taxes and issuing form W-2s or 1099s, as

appropriate, in the manner set forth above and shall have no liability relating to the withholding

of taxes or the issuance of form W-2s or 1099s provided that the Debtors withhold taxes and

issue form W-2s or 1099s, as appropriate, in the manner set forth herein.  Without limiting the

generality of the foregoing, U.S. Bank has no duty with respect to any payments made in

accordance with this Order and/or the Settlement Agreement to calculate, withhold, disclose,

report, or remit to any taxing authority, any Participant, or anyone else any federal, state, local,

or other taxes that may be required to be calculated, withheld, disclosed, reported, or remitted

with respect to the Plan, the Plan Trust, the Trust Assets, or the Trust Agreement (and no duty to

determine whether the Debtors or anyone else has fulfilled any such requirement),

notwithstanding any Trust Agreement provision to the contrary.

8.    Within three (3) business days following the occurrence of the Effective Date, the sum of $3,083,630.87 shall be paid by the Debtors to counsel for the Ad Hoc Group, Bernstein, Shur, Sawyer & Nelson, in payment of legal fees and expenses, including, without limitation, to be used for payment of fees and expenses of local counsel Blank Rome (the "Attorneys Fees Amount").  Bernstein, Shur, Sawyer & Nelson is also authorized to pay out of the Attorney's Fees Amount the sum of $5,000 to each member of the Steering Committee as reasonable compensation for having served in that capacity and as a named plaintiff in the Adversary Proceeding.

9.    Upon the Effective Date, each of the Participants (including, without limitation, the Transferring Participants and the Transferees), the Steering Committee, the Ad Hoc Group and each of their respective individual members, and their respective beneficiaries, estates, heirs, transferees, successors, assigns, advisors, attorneys, and all persons acting by or through them, on behalf of themselves and all predecessors, successors, assigns, agents, employees, trustees, estates, heirs, transferees and assigns, fully and forever release and discharge, and waive any argument, assertion, and claim against the Debtors, US Bank, the Plan Committee Defendants, the Committee, and their respective past and present estates, parents, subsidiaries, affiliates, general partners, limited partners and each of their past and present shareholders, administrators (including plan administrators), liquidators, officers, directors, agents, employees, trustees, managers, advisors, attorneys, accountants, fiduciaries (including plan fiduciaries), solicitors, trustees, divisions, affiliates, related companies, and all persons acting by, through or in concert with them, and each of their predecessors, successors and assigns (all of the foregoing, collectively, the "Debtor Released Parties"), from, and acknowledge full and complete satisfaction of, any and all actual and potential claims, disputes, objections, litigations, demands,

debts, liabilities, obligations and causes of action of any kind whatsoever, whether in law or in equity, known or unknown, currently viable or arising hereafter, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, suspected or unsuspected by the Steering Committee, the Ad Hoc Group, or the Participants, whether or not asserted in the Complaint and whether or not concealed or hidden, which the Steering Committee, the Ad Hoc Group, and the Participants now have, own or hold, had, owned or held, may have had, held or owned, or hereafter may have, own or hold against the Debtor Released Parties, and each of them or any of them, by reason of any matters which: (a) arise out of, or are in any way connected with or related to the Plan, the Bay Networks Plan, the SMIAP, the Plan Trust or the Trust Assets, including, without limitation, by reason of the administration of the Plan, the Bay Networks Plan or the SMIAP, the sponsorship and ownership of the Plan, the Bay Networks Plan or the SMIAP, the calculation of deferred compensation and nominal account balances under the Plan, the Bay Networks Plan or the SMIAP, eligibility determinations under the Plan, the Bay Networks Plan or the SMIAP, the ownership, use or distribution of the Trust Assets, any payments or distributions made or not made to the Steering Committee, the Ad Hoc Group, or the Participants or their beneficiaries, estates, heirs, transferees, successors and assigns from or on account of the Plan, the Bay Networks Plan or the SMIAP, the Plan Trust or the Trust Assets prior to the date of the Settlement Agreement or payments or distributions made pursuant to the Settlement Agreement; or (b) are the subject of the Turnover Motion or the Adversary Proceeding, including any and all allegations, claims and/or objections made thereunder; or (c) were the subject of the Adversary Proceeding and were voluntarily dismissed with or without prejudice and/or are set forth in the Canadian Proofs of Claim (as defined in the Settlement Agreement); or (d) relate to the calculation of any Participant's Individual Distribution

(collectively, the "Participants' Release").  The Participants' Release shall be construed as broadly and as generally as possible and as permitted by law, provided, however, that such release shall not affect, reduce or discharge any obligations arising under the Settlement Agreement.

10.     Upon the Effective Date, the Debtors and the Committee, on behalf of themselves and their respective estates, subsidiaries, predecessors, successors, assigns, officers, directors, agents, employees, trustees, advisors, attorneys, divisions, and all persons acting by, through or in concert with them, fully and forever release and discharge, and waive any argument, assertion, and claim against the Participants, the Steering Committee, the Ad Hoc Group and each of its members, and their respective beneficiaries, predecessors, transferees, successors, assigns, agents, employees, trustees, estates, advisors, attorneys, and all persons acting by or through them (all of the foregoing, collectively, the "Ad Hoc Group Released Parties") from, and acknowledge full and complete satisfaction of, any and all claims, disputes, objections, litigations, demands and causes of action of any kind whatsoever, whether in law or in equity, known or unknown, currently viable or arising hereafter, suspected or unsuspected by the Debtors or the Committee, and whether or not concealed or hidden, which the Debtors or the Committee now have, own or hold, had, owned or held, may have had, held or owned, hereafter may have, own or hold against the Ad Hoc Group Released Parties, and each of them or any of them, by reason of any matters which: (a) arise out of, or are in any way connected with or related to the Plan, the Bay Networks Plan, the SMIAP, the Plan Trust or the Trust Assets, including, without limitation, by reason of the administration of the Plan, the Bay Networks Plan or the SMIAP, the sponsorship and ownership of the Plan, the Bay Networks Plan or the SMIAP, the calculation of deferred compensation and nominal account balances under the

Plan, the Bay Networks Plan or the SMIAP, eligibility determinations under the Plan, the Bay

Networks Plan or the SMIAP, the ownership, use or distribution of the Trust Assets, any

payments or distributions made or not made to the Steering Committee, the Ad Hoc Group, or

the Participants or their beneficiaries, estates, heirs, transferees, successors and assigns from or

on account of the Plan, the Bay Networks Plan or the SMIAP, the Plan Trust or the Trust Assets

prior to the date of the Settlement Agreement or payments or distributions made pursuant to the

Settlement Agreement and this Order; or (b) are the subject of the Turnover Motion or the

Adversary Proceeding, including any and all allegations, claims and/or objections made

thereunder (collectively, the "Debtors Release").  The Debtors Release shall be construed as

broadly and as generally as possible and as permitted by law, provided, however, that such

release shall not affect, reduce or discharge any obligations arising under the Settlement

Agreement.

11.    The releases given in the Settlement Agreement and under this Order shall be and

remain in effect as full and complete releases of all such matters, notwithstanding the discovery

or existence of any additional or different claims or facts relative thereto, except as expressly

stated herein.  The Debtors, the Committee, the Steering Committee and the Ad Hoc Group have

expressly waived, and each of the Participants is deemed to have and, by operation of this Order

shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542

and any provisions, rights and benefits conferred by any law of any state or territory of the

United States or principle of common law which is similar, comparable or equivalent to

California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
> HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH**

**IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

12.      Upon the Effective Date, the Turnover Motion and all objections thereto shall be deemed dismissed and withdrawn, with prejudice and without costs, on the basis of the relief being granted herein.

13.      The Participants, the Steering Committee, the Ad Hoc Group, the Debtors, and the Committee shall not sue or otherwise prosecute in any way any of the Debtor Released Parties or the Ad Hoc Group Released Parties with respect to any and every claim released by the Debtors Release and/or the Participants' Release (as each such term is defined in the Settlement Agreement).

14.      The Stipulation attached as Exhibit B to the Turnover Motion (the "Turnover Stipulation") is approved.

15.      U.S. Bank is hereby authorized to liquidate and turn over the Trust Assets held pursuant to the Trust Agreement (less $1,175.00 in outstanding fees and expenses owed to U.S. Bank under the terms of the Trust Agreement) (the "Net Trust Assets") to NNI as provided under the Turnover Stipulation, and U.S. Bank is hereby directed to liquidate and turn over any and all of the Net Trust Assets to NNI within fifteen (15) business days of the Effective Date or such longer period thereafter as may be agreed to in writing by NNI.  Immediately upon such turnover, the Plan Trust and the Trust Agreement shall be deemed terminated, and U.S. Bank shall have no further duties from that date forward with respect to the Plan, the Plan Trust, the Trust Assets, or the Trust Agreement.

16.      In connection with the receipt of the Trust Assets, which shall constitute estate property, NNI shall be authorized to manage and invest the assets in its discretion.

17.    This Court shall retain jurisdiction over all matters related to the interpretation or implementation of this Order.


Dated: _____, 2013
          Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

## SCHEDULE 1

Individual Distributions

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 806025 | $27,714.52 |
| 4721482 | $15,563.92 |
| 1552837 | $143,047.77 |
| 142575 | $4,827.30 |
| 4710636 | $257,143.30 |
| 133837 | $130,658.61 |
| 140653 | $177,123.63 |
| 187804 | $125,338.65 |
| 5091768 | $45,354.34 |
| 190649 | $205,771.01 |
| 1382203 | $141,374.52 |
| 528437 | $33,259.11 |
| 1523052 | $19,299.75 |
| 204685 | $106,614.02 |
| 131228 | $9,993.62 |
| 5088746 | $12,257.77 |
| 201678 | $19,976.95 |
| 187883 | $41,283.40 |
| 182514 | $7,726.11 |
| 5081088 | $41,076.92 |
| 4713630 | $12,808.02 |
| 5086970 | $470,124.76 |
| 1659101 | $65,880.06 |
| 192459 | $76,488.51 |
| 190205 | $32,193.41 |
| 191682 | $66,874.44 |
| 1513137 | $123,760.13 |
| 140089 | $188,944.59 |
| 205158 | $67,111.85 |
| 1507604 | $63,910.10 |
| 478620 | $13,613.26 |
| 286646 | $265,011.56 |
| 188535 | $2,622.40 |
| 193429 | $44,976.58 |
| 4722479 | $18,290.77 |
| 196007 | $173,466.06 |
| 60715 | $17,273.94 |
| 1587057 | $129,749.07 |
| 503352 | $60,327.03 |
| 1585787 | $40,569.89 |
| 187468 | $9,590.64 |
| 467001 | $74,042.85 |
| 531972 | $9,326.28 |

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 1542759 | $165,730.32 |
| 466754 | $22,907.17 |
| 4721921 | $9,678.26 |
| 191830 | $127,835.49 |
| 509539 | $30,134.94 |
| 200372 | $115,243.31 |
| 4712024 | $16,224.00 |
| 245910 | $12,907.76 |
| 242114 | $10,637.07 |
| 200945 | $217,299.24 |
| 4726450 | $69,727.82 |
| 1644236 | $8,112.58 |
| 483882 | $16,652.32 |
| 465306 | $37,160.65 |
| 146213 | $383,921.23 |
| 215745 | $578,654.04 |
| 4715473 | $72,140.48 |
| 200492 | $92,138.17 |
| 197964 | $331,094.85 |
| 5020551 | $57,977.78 |
| 1504848 | $2,679.50 |
| 2874691 | $13,111.72 |
| 244551 | $26,340.33 |
| 244575 | $330,065.62 |
| 200923 | $76,065.73 |
| 137173 | $150,367.51 |
| 233172 | $155,131.03 |
| 5081138 | $66,557.13 |
| 100276 | $364,954.78 |
| 87960 | $90,403.11 |
| 192348 | $76,032.32 |
| 249098 | $229,785.96 |
| 201270 | $43,808.41 |
| 4724437 | $219,732.38 |
| 192977 | $24,210.34 |
| 4722769 | $117,232.95 |
| 4721893 | $75,879.77 |
| 147803 | $363,865.76 |
| 4724537 | $11,791.81 |
| 191795 | $22,249.37 |
| 508522 | $7,686.00 |
| 201087 | $39,174.96 |
| 4725960 | $49,930.35 |

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 4734209 | $7,244.93 |
| 1107365 | $492,145.08 |
| 246095 | $74,415.02 |
| 223719 | $646,537.56 |
| 191898 | $83,751.29 |
| 4722261 | $65,834.38 |
| 1595826 | $51,524.39 |
| 190384 | $286,155.00 |
| 213915 | $4,210.19 |
| 190528 | $81,252.15 |
| 193442 | $5,229.44 |
| 195871 | $47,828.62 |
| 186437 | $16,441.73 |
| 141689 | $14,784.21 |
| 4726100 | $241,787.30 |
| 4713044 | $31,325.79 |
| 242813 | $39,018.62 |
| 512905 | $44,219.13 |
| 3201837 | $38,599.18 |
| 194737 | $153,327.27 |
| 135984 | $306,392.42 |
| 1604749 | $255,861.32 |
| 205621 | $29,332.17 |
| 1627977 | $72,121.35 |
| 233373 | $22,057.59 |
| 503674 | $103,573.33 |
| 46857 | $40,056.44 |
| 4722966 | $14,827.53 |
| 135230 | $2,807.96 |
| 4724354 | $27,038.86 |
| 190402 | $14,173.46 |
| 188598 | $27,884.20 |
| 121757 | $25,481.39 |
| 525403 | $18,280.38 |
| 187918 | $107,293.14 |
| 531057 | $18,646.95 |
| 1646864 | $305,502.30 |
| 1645482 | $56,041.49 |
| 1586144 | $46,027.32 |
| 4734545 | $23,989.79 |
| 207339 | $38,784.70 |
| 4726904 | $50,201.81 |
| 320660 | $279,092.88 |

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 505859 | $175,689.45 |
| 189067 | $92,110.62 |
| 213451 | $279,481.48 |
| 5088844 | $27,725.16 |
| 5068075 | $1,966.82 |
| 286565 | $274,724.75 |
| 4722617 | $291,528.93 |
| 474332 | $10,587.07 |
| 1750992 | $112,999.49 |
| 473736 | $17,619.96 |
| 188602 | $471,210.47 |
| 533312 | $68,065.01 |
| 1587399 | $30,618.43 |
| 147889 | $31,804.60 |
| 5087572 | $8,898.39 |
| 173780 | $9,496.16 |
| 524110 | $167,851.26 |
| 1663884 | $194,629.84 |
| 130939 | $95,998.83 |
| 139158 | $151,050.50 |
| 4722462 | $188,867.71 |
| 5087105 | $3,592.82 |
| 4721360 | $125,478.15 |
| 1637788 | $24,325.06 |
| 191297 | $107,674.81 |
| 140279 | $101,289.35 |
| 191860 | $20,275.24 |
| 511708 | $290,563.91 |
| 230561 | $36,321.46 |
| 4710786 | $45,616.10 |
| 6408827 | $50,992.95 |
| 1625958 | $21,215.55 |
| 4711940 | $57,916.00 |
| 5075415 | $35,157.75 |
| 4724256 | $19,805.05 |
| 324427 | $49,301.61 |
| 4710286 | $376,483.77 |
| 1520257 | $110,105.48 |
| 202917 | $204,051.84 |
| 191692 | $125,501.70 |
| 4711909 | $155,429.10 |
| 4713761 | $102,083.87 |
| 204937 | $15,175.32 |

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 4714673 | $39,268.49 |
| 4714175 | $5,674.90 |
| 1504964 | $71,120.47 |
| 5091201 | $24,427.97 |
| 211651 | $137,646.85 |
| 5086863 | $84,100.13 |
| 1668264 | $14,118.06 |
| 511416 | $860,770.32 |
| 247833 | $35,982.38 |
| 102043 | $88,875.07 |
| 241855 | $546,095.81 |
| 475966 | $188,159.44 |
| 200900 | $29,002.27 |
| 138899 | $221,087.19 |
| 1341000 | $752,700.56 |
| 1525436 | $19,906.31 |
| 1587413 | $112,459.89 |
| 113809 | $107,842.50 |
| 525029 | $11,300.07 |
| 201711 | $62,453.71 |
| 4727237 | $17,935.97 |
| 5085021 | $5,731.74 |
| 244098 | $17,828.45 |
| 4715860 | $66,859.36 |
| 2874808 | $66,193.07 |
| 119861 | $24,551.41 |
| 4723571 | $81,021.14 |
| 142045 | $116,980.17 |
| 5087192 | $9,472.77 |
| 207654 | $31,502.74 |
| 139020 | $21,830.94 |
| 4721911 | $14,665.45 |
| 186584 | $330,147.24 |
| 5095132 | $3,725.59 |
| 4710605 | $319,514.93 |
| 533248 | $26,303.02 |
| 5025671 | $29,064.66 |
| 191965 | $22,944.57 |
| 187096 | $18,259.14 |
| 324489 | $128,744.85 |
| 4725851 | $47,122.21 |
| 185668 | $32,159.29 |
| 4721817 | $52,385.98 |

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 2930865 | $343,345.26 |
| 4727314 | $29,501.96 |
| 526035 | $2,961.05 |
| 466625 | $8,586.58 |
| 141067 | $223,359.85 |
| 197019 | $13,380.95 |
| 211278 | $105,730.07 |
| 5032626 | $14,624.56 |
| 191747 | $13,702.10 |
| 1542304 | $34,966.00 |
| 4712086 | $111,629.25 |
| 191660 | $8,710.64 |
| 4726035 | $30,299.62 |
| 4722647 | $33,296.34 |
| 4734218 | $26,918.24 |
| 139739 | $17,083.95 |
| 192297 | $39,335.47 |
| 525637 | $35,573.73 |
| 186944 | $13,679.40 |
| 187050 | $306,477.23 |
| 4715986 | $16,198.09 |
| 1669774 | $22,949.91 |
| 1543407 | $81,273.54 |
| 189355 | $28,904.67 |
| 4725593 | $277,754.85 |
| 244184 | $17,120.91 |
| 5094112 | $1,440.76 |
| 197751 | $5,256.84 |
| 190514 | $124,829.84 |
| 5089244 | $117,128.52 |
| 139889 | $10,028.40 |
| 189074 | $103,028.68 |
| 521427 | $32,436.82 |
| 201509 | $72,497.65 |
| 481245 | $126,235.70 |
| 202782 | $165,336.13 |
| 4713838 | $22,166.48 |
| 5093206 | $16,101.25 |
| 142150 | $16,668.31 |
| 243079 | $4,049.14 |
| 1359306 | $29,382.25 |
| 206135 | $32,846.72 |
| 202030 | $17,465.66 |

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 193515 | $120,193.01 |
| 4722289 | $14,184.98 |
| 245192 | $12,192.01 |
| 133714 | $99,020.25 |
| 191920 | $96,187.33 |
| 94386 | $37,587.10 |
| 4727327 | $65,300.56 |
| 4737002 | $24,242.80 |
| 4726495 | $49,990.50 |
| 770437 | $55,663.79 |
| 247865 | $80,563.68 |
| 193337 | $1,623.14 |
| 4711791 | $152,320.60 |
| 4723554 | $32,578.55 |
| 140057 | $207,561.76 |
| 5076142 | $41,904.66 |
| 189317 | $54,966.31 |
| 232780 | $93,826.90 |
| 522278 | $11,521.38 |
| 4726654 | $11,886.01 |
| 146142 | $5,397.18 |
| 244561 | $6,666.68 |
| 524652 | $26,576.56 |
| 139859 | $80,228.42 |
| 533365 | $34,137.55 |
| 528474 | $123,313.12 |
| 4722400 | $165,842.51 |
| 192995 | $76,593.89 |
| 5085567 | $13,245.99 |
| 320680 | $656,641.58 |
| 244200 | $29,264.18 |
| 191880 | $75,415.80 |
| 509548 | $40,382.85 |
| 1573351 | $11,181.65 |
| 4723493 | $43,701.94 |
| 1512694 | $292,325.08 |
| 195812 | $54,767.29 |
| 243083 | $610,781.46 |
| 141164 | $66,294.85 |
| 5095801 | $1,825.28 |
| 247110 | $28,623.01 |
| 4710158 | $292,827.96 |
| 4723471 | $21,808.66 |

| Employee ID | Greater of 97% Petition Date Balance and 73.65% Termination Date Balance |
|---|---|
| 5085120 | $45,677.30 |
| 4710803 | $24,479.03 |
| 201567 | $123,613.14 |
| 245942 | $56,929.28 |
| 1645847 | $83,743.80 |
| 158120 | $69,752.75 |
| 130020 | $68,642.91 |
| 533416 | $8,097.32 |
| 187708 | $46,878.12 |
| 232299 | $38,059.74 |
| 189558 | $26,510.39 |
| 196991 | $8,550.84 |
| 4714697 | $695,379.59 |
| 467390 | $28,870.95 |
| 4722750 | $90,860.17 |
| 5022472 | $62,596.97 |
| 1609536 | $79,687.82 |
| 186527 | $104,797.48 |
| 1682388 | $52,917.44 |
| 1587262 | $17,850.84 |
| 4711942 | $52,135.76 |
| 506216 | $23,438.48 |
| 5036337 | $35,696.23 |
| 135129 | $29,865.85 |
|  | **$31,166,369.13** |