IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                                                      :
*In re*                                               :   Chapter 11
                                                      :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                      :   Jointly Administered
                                                      :
              Debtors                                 :   Hearing Date: Jan. 23, 2013 at 11:00 a.m. (ET)
                                                      :   RE: D.I. 9163
------------------------------------------------------X

## STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (A) GRANT AWARDS PURSUANT TO THE NORTEL NETWORKS INC. INCENTIVE PLAN; AND (B) ENTER INTO CERTAIN SPECIAL INCENTIVE PAYMENT AGREEMENTS

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (the "Debtors" or, collectively, the "Company") submits this statement in support (the "Statement") of the *Debtors' Motion for Entry of an Order Authorizing Debtors to (a) Grant Awards Pursuant to the Nortel Networks Inc. Incentive Plan; and (b) Enter into Certain Special Incentive Payment Agreements* [Docket No. 9163] (the "Incentive Motion").[2] By this Statement, the Committee respectfully submits as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Incentive Motion.

103893982 v4
RLF1 7949925v.1

## I.   BACKGROUND

1. On January 14, 2009, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Proceeding") in the United States Bankruptcy Court for the District of Delaware (the "Court").[3]

2. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

3. On January 22, 2009, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S Trustee") appointed the Committee, which currently consists of three members: Law Debenture Trust Company of New York, as indenture trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as indenture trustee.

4. On December 19, 2012, the Debtors filed the Incentive Motion with the Court. By the Incentive Motion, the debtors request authorization to (i) grant cash incentive awards (the "2013 Incentive Awards")[4] to seven employees of the Debtors in the event that each employee accomplishes specific goals (the "Performance Goals"), and (ii) enter into special incentive payment arrangements with three key personnel of the Debtors (the "2013 SIP Agreements,"[5] and together with the 2013 Incentive Awards, the "2013 Incentive Plan").

5. On January 4, 2013, the U.S. Trustee filed the *United States Trustee's Objection to Debtors' Motion for Order Authorizing Debtors to (a) Grant Awards Pursuant to the Nortel*

---

[3] On July 14, 2009, Debtor Nortel Networks (CALA) Inc. ("NN CALA") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

[4] The aggregate amount of the 2013 Incentive Awards paid will not exceed approximately $1,081,915.

[5] The aggregate amount of payments authorized under the 2013 SIP Agreements is approximately $774,750.

2

*Networks, Inc. Incentive Plan, and (b) Enter into Certain Special Incentive Payment Agreements* [Docket No. 9236] (the "Trustee Objection"). By the Trustee Objection, the U.S. Trustee asserts, among other things, that the Debtors fail to provide sufficient evidence that the milestones in the 2013 Incentive Plan are primarily incentive-based and not retentive in nature in violation of Bankruptcy Code section 503(c).

6. On January 17, 2013, the Debtors filed a response to the Trustee's Objection [Docket No. 9290] (the "Debtors' Response"), in which the Debtors assert that the Incentive Motion should be approved because (i) the 2013 Incentive Plan is a proper exercise of the Debtors' business judgment and (ii) the 2013 Incentive Awards and the 2013 SIP Agreements are proper incentive programs tied to appropriately challenging milestones.

## II.    STATEMENT IN SUPPORT

7. The Committee and its advisors have reviewed the 2013 Incentive Plan and discussed the details thereof with the Debtors and their advisors. Following such review, the Committee believes that the relief requested in the Incentive Motion meets the requirements of the Bankruptcy Code and is reasonable and in the best interests of the Debtors' estates and creditors.

8. As stated in the Incentive Motion, the Debtors have only 10 remaining employees, which employees are tasked with a number of integral tasks necessary to bring these cases to a successful conclusion, including (i) critical tax, financial and regulatory responsibilities, (ii) the completion of the wind-down of the Debtors' subsidiaries, (iii) the completion of the wind-down of benefit plans, (iv) the management of certain remaining real estate, and (v) data retention and information technology support.

9. The Committee believes that the milestones established in the 2013 Incentive Plan and the reasonable payments contemplated upon achievement of those milestones are necessary

and appropriately incentivize the remaining employees to complete these tasks in an efficient manner that will inure to the benefit of the Debtors' estates and unsecured creditors. The Debtors, in establishing the 2013 Incentive Plan, have more than satisfied the "business judgment" standard, and approval of the Incentive Motion is clearly justified by the facts and circumstances of these cases.

### III.  CONCLUSION

10.  For all of the reasons contained in the Incentive Motion and the foregoing reasons, the Committee respectfully requests that this Court (i) grant the relief requested in the Incentive Motion, and (ii) grant the Committee such other relief as the Court deems just and proper.

RLF1 7949925v.1

Dated: January 18, 2013
      Wilmington, Delaware

Respectfully submitted,

*/s/ Amanda R. Steele*

Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Amanda R. Steele (No. 5530)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

and

Fred S. Hodara (*pro hac vice*)
David H. Botter (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Co-counsel to the Committee*