**EXHIBIT B**

*Preliminary Settlement Approval Order*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- X

*In re*                                                                          :        Chapter 11

Nortel Networks Inc., *et al.*, [1]                          :        Case No. 09-10138 (KG)

                  Debtors.                   :        Jointly Administered

                                             :        **Related D.I.: 8067**

                                             :

--------------------------------------------------------------X

OFFICIAL COMMITTEE OF LONG TERM            :

DISABILITY PLAN PARTICIPANTS, on behalf of  :        Adv. Proc. No. 12-50995 (KG)

and as agent for a class of individual participants and  :        **Related D.I.: 1**

beneficiaries under various NORTEL NETWORKS  :

HEALTH AND WELFARE BENEFIT PLANS,        :

                        Plaintiffs,            :

                                        :

          v.                                                         :

NORTEL NETWORKS INC.,  *et al.*,                      :

                        Defendants.        :

-------------------------------------------------------------- X

## ORDER (A) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVING THE NOTICE PROCEDURES, (D) SCHEDULING A FAIRNESS HEARING AND (E) GRANTING RELATED RELIEF

Upon the joint motion dated January 18, 2013 (the "Joint Motion"),[2] Nortel Networks

Inc. ("NNI") and certain of its affiliates that are debtors and debtors in possession in the above-

captioned cases, (collectively, the "Debtors") and the Official Committee of Long Term

Disability Participants, acting on behalf of and as agent for all employees (the "LTD

Employees") of the Debtors who are participants in the Debtors' Long Term Disability Plan (the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion.

"LTD Committee," and together with the Debtors, the "Movants"), seek *inter alia*, entry of an order, as more fully described in the Joint Motion, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), applicable hereto by Bankruptcy Rule 7023; (i) preliminarily approving the Settlement Agreement among the Parties; (ii) conditionally certifying for settlement purposes only, a class consisting of all LTD Employees as of the Termination Date (the "Settlement Class"), appointing the Class Representatives and approving as counsel for the Settlement Class, counsel to the LTD Committee, Elliott Greenleaf ("Class Counsel"); (iii) approving the Notice Procedures; (iv) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement; and (v) granting related relief; and the Court having reviewed and considered the Joint Motion, and after due deliberation thereon, and good cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    This Court has jurisdiction over the Joint Motion pursuant to 28 U.S.C. §§ 157 and 1334, and, to the extent applicable, the Movants consent to the Court hearing, determining and entering appropriate orders and judgments regarding the relief sought in the Adversary Proceeding pursuant to 28 U.S.C. § 157(c)(2);

B.    Venue of these cases and the Joint Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

C.      The statutory predicates for the relief sought in the Joint Motion are sections 105(a) and 363(b) of the Bankruptcy Code, Rule 9019 of the Bankruptcy Rules and Rule 23 of the Civil Rules;

D.      Notice of the Joint Motion has been provided via first class mail to (i) the U.S. Trustee; (ii) counsel to the Bondholder Group; (iii) counsel to the UCC; (iv) the LTD Employees; (v) the Active Employees; (vi) the COBRA Participants; (vii) counsel to the Retiree Committee; and (viii) the general service list established in these chapter 11 cases;

E.      The Settlement Class satisfies the certification requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2), and Federal Rules of Bankruptcy Procedure 7023(a) and 7023(b)(2); and the Debtors, the Class Representatives, and the LTD Committee conditionally consent to the conditional certification of the Settlement Class, solely for the purpose of settlement of the Adversary Proceeding;

F.      For purposes of settling the Adversary Proceeding, Class Counsel is sufficiently qualified, has extensive experience handling class actions and employee-related matters and has been appointed class counsel in multiple representative class actions;

G.      For purposes of settling the Adversary Proceeding, the Class Representatives do not have interests antagonistic to those of the Settlement Class;

H.      For purposes of settling the Adversary Proceeding, the Settlement Class consisting of approximately 200 members is so numerous that joinder of all members is impracticable;

I.      For purposes of settling the Adversary Proceeding, there are questions of law and/or fact common to all members of the Settlement Class, including in terms of the legal theory advanced and the factual circumstances underlying that theory;

3

J.      For purposes of settling the Adversary Proceeding, the claims of the Class

Representatives are typical of the claims of the Settlement Class;

K.      For purposes of settling the Adversary Proceeding, the Class Representatives are

not subject to a defense that is both inapplicable to many members of the Settlement Class and

likely to become a major focus of the litigation;

L.      For purposes of settling the Adversary Proceeding, the Class Representatives'

interests and incentives are sufficiently aligned with those of the Settlement Class;

M.      For purposes of settling the Adversary Proceeding, Class Counsel, the LTD

Committee and the Class Representatives have fairly and adequately protected the interests of

the Settlement Class;

N.      For purposes of settling the Adversary Proceeding, questions of law or fact

common to the members of the Settlement Class predominate over any questions affecting only

the individual members;

O.      For purposes of settling the Adversary Proceeding, settlement through a class

action under Civil Rule 23(b)(2) is superior to other available methods of resolving the claims

alleged in the Class Complaint and the other claims released in the Settlement Agreement;

P.      The proposed Class Representatives and Class Counsel adequately represent the

interests of the Settlement Class;

Q.      The Notice Procedures as set forth in the Joint Motion, including the Settlement

Notice substantially in the form attached hereto as Exhibit 1, the Publication Notice substantially

in the form attached hereto as Exhibit 2 and the Individualized Settlement Notice substantially in

the form attached hereto as Exhibit 3 are appropriate and reasonably calculated to provide all

interested parties with timely and proper notice of the Settlement Agreement, the conditional

4

certification of the Settlement Class for settlement purposes only and the Fairness Hearing, as well as the proposed termination of the LTD Plans, and no other or further notice is required;

R.      The Settlement Agreement and its terms were negotiated by the Parties in good faith and at arm's length;

S.      For purposes of settling the Adversary Proceeding, there was sufficient discovery conducted by the Parties prior to entering into the Settlement Agreement;

T.      For purposes of settling the Adversary Proceeding, the Debtors have acted or refused to act on grounds that apply generally to the Settlement Class;

U.      For purposes of settling the Adversary Proceeding, any monetary relief provided by the Settlement Agreement, including allowance of the LTD General Unsecured Claim, is incidental to the declaratory relief sought;

V.      For purposes of settling the Adversary Proceeding, final injunctive or corresponding declaratory relief is appropriate with respect to the Settlement Class as a whole;

W.      The Debtors have demonstrated compelling and sound business justifications for entering into the Settlement Agreement;

X.      Entry into the Settlement Agreement is in the best interests of the Debtors and the Debtors' estates and creditors who are receiving fair and reasonable value under the Settlement Agreement;

Y.      The Settlement Agreement is fair and reasonable based on the range of possible outcomes and the cost, delay and uncertainty associated with further litigation;

Z.      The Settlement Agreement should be preliminarily approved;

AA.     The Settlement Agreement does not constitute a sub rosa plan of reorganization and the entry into and performance under the Settlement Agreement, as well as the Notice Procedures do not constitute the solicitation of a vote on a plan of reorganization;

BB.     A Fairness Hearing on the final approval of the Settlement Agreement should be held so that the Settlement Class members will have sufficient time from the mailing of the Settlement Notice to secure further information regarding the relief sought by the Joint Motion or object to the proposed Settlement Agreement should they choose to do so, and engage separate counsel to appear at the Fairness Hearing;

CC.     Other good and sufficient cause exists for granting the relief requested in the Joint Motion;

DD.     The Parties' decision to enter into the Settlement Agreement is consistent with their fiduciary duties and does not give rise to any claim or remedy against the Debtors, the LTD Committee, the members of the LTD Committee in their capacity as such, the Class Representatives, or any of their advisors or professionals except as may be expressly set forth in this Order or the Settlement Agreement; and it is therefore:

**ORDERED ADJUDGED AND DECREED THAT:**

1.     Those portions of the Joint Motion seeking preliminary approval of the Settlement Agreement, conditional certification of the Settlement Class solely for settlement purposes, conditional appointment of Class Counsel and Class Representatives for settlement purposes, approval of the Notice Procedures and scheduling of a Fairness Hearing are GRANTED and objections, if any, thereto are OVERRULED.

2.     The Settlement Agreement is preliminarily approved in its entirety.

3.      The Settlement Class is conditionally certified, solely for purposes of settlement of the Adversary Proceeding, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) and Federal Rule of Bankruptcy Procedure 7023.

4.      For settlement purposes only, Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones, are hereby conditionally appointed as Class Representatives.

5.      For settlement purposes only, Elliott Greenleaf is hereby conditionally appointed Class Counsel.

6.      The Notice Procedures as set forth in the Joint Motion, including the proposed form of Settlement Notice, the proposed form of Publication Notice and the proposed form of Individualized Settlement Notice, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Settlement Agreement, the proposed termination of the LTD Plans, the conditional certification of the Settlement Class for settlement purposes only and the Fairness Hearing and are hereby approved.

7.      As soon as reasonably practicable after entry of this Order, the Parties (or their agent) shall serve the Settlement Notice in substantially the form attached hereto as Exhibit 1, by first-class mail, facsimile or electronic transmission upon the members of the Settlement Class at their last known addresses in the Debtors' records (as updated by Class Counsel's searches).

8.      As soon as reasonably practicable after entry of this Order, the Debtors also shall publish notice substantially in the form attached hereto as Exhibit 2 in The Wall Street Journal (National Edition),  The Globe and Mail (National Edition), USA Today (National Edition), Raleigh News & Observer, Charlotte Observer, Dallas Morning News, Houston Chronicle, Tampa Bay Times, Orlando Sentinel, Miami Herald and the San Jose Mercury News.

7

9.      As soon as reasonably practicable after entry of this Order, the LTD Committee shall send the Individualized Settlement Notice in substantially the form attached hereto as Exhibit 3 by first-class mail, facsimile or electronic transmission upon the members of the Settlement Class at their last known addresses in the Debtors' records (as updated by Class Counsel's searches).

10.     Any party that seeks to object to any of the relief requested in the Joint Motion pertaining to the fairness or final approval of the Settlement Agreement (including, for the avoidance of doubt, the Apportionment Methodology, the use of the Settlement Amount and payments to be made thereunder, the valuation of a Settlement Class member's LTD Claim under the Apportionment Methodology and for additional amounts for LTD Claims the claimant believes to be due and owing) shall file a formal objection.  Any and all objections as contemplated by this Order must be: (a) in writing; (b) signed by  objecting party or his or her counsel, if any; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 by no later than the objection deadline; and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following at addresses to be provided in the Settlement Notice:  (i) counsel to the Debtors, (ii) counsel to the LTD Committee, (iii) counsel to the UCC, (iv) counsel to the Bondholder Group, and (v) the Office of the United States Trustee.  Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the Fairness Hearing.

11.     The Court hereby schedules a Fairness Hearing to be held on **April 30, 2013 at 10:00 am (prevailing Eastern time)** before the Honorable Kevin Gross, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824

Market Street, Wilmington, Delaware, 19801, to consider the final approval of the Settlement Agreement and the termination of the LTD Plans.

12.    **April 19, 2013 at 4:00 p.m.(prevailing Eastern time)** is hereby set as the objection deadline for objections to the Joint Motion (other than the preliminary approval of the Settlement Agreement, the certification of the Settlement Class for settlement purposes only, the Notice Procedures and the scheduling of the Fairness Hearing, which are all hereby approved).

13.    In the event there is a conflict between this Order and the Joint Motion or the Settlement Agreement, this Order shall control and govern.

14.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

15.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2013
          Wilmington, Delaware       _____
                                     THE HONORABLE KEVIN GROSS
                                     CHIEF UNITED STATES BANKRUPTCY JUDGE

9

**<u>EXHIBIT 1</u>**
***Form of Settlement Notice***

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | X | Chapter 11 |
| *In re* | : | |
| Nortel Networks Inc., *et al.*, [1] | : | Case No. 09-10138 (KG) |
| Debtors. | : | |
| | : | Jointly Administered |
| | : | |
| | : | **RE: ___** |
| -------------------------------------------------------- | X | |
| OFFICIAL COMMITTEE OF LONG TERM | : | |
| DISABILITY PLAN PARTICIPANTS, on | : | |
| behalf of and as agent for a class of individual | : | |
| participants and beneficiaries under various | : | |
| NORTEL NETWORKS HEALTH AND | : | |
| WELFARE BENEFIT PLANS, | : | |
| Plaintiffs, | : | |
| v. | : | |
| NORTEL NETWORKS INC., *et al.*, | : | |
| Defendants. | : | |
| -------------------------------------------------------- | X | |

### NOTICE OF (A) PROPOSED SETTLEMENT AGREEMENT REGARDING
### LONG-TERM DISABILITY PLANS AND CLAIMS;
### (B) CONDITIONAL CERTIFICATION OF A CLASS FOR SETTLEMENT
### PURPOSES ONLY; (C) CONDITIONAL APPOINTMENT OF CLASS COUNSEL
### AND CLASS REPRESENTATIVES; (D) SCHEDULED DATE OF
### <u>FAIRNESS HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT</u>

### THIS NOTICE CONTAINS INFORMATION REGARDING A SETTLEMENT AND
### MOTION THAT WILL AFFECT THE MEDICAL, INCOME CONTINUATION AND
### OTHER HEALTH AND WELFARE BENEFITS PROVIDED BY NORTEL AND YOUR
### RELATED RIGHTS.  PLEASE READ IT CAREFULLY AND COMPLETELY.

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

## Case Background

The Debtors in the above-captioned cases (the "Debtors" or "Nortel") have provided certain benefits, including long-term disability income continuation, medical coverage, life insurance, dental, vision and hearing coverage and accidental death & dismemberment insurance, to the Debtors' long-term disabled employees who are participants in the Debtors' Long Term Disability Plan and certain other plans and programs (the "LTD Employees"). The Debtors also have provided certain of these benefits, as well as short-term disability income continuation and business travel accident insurance, to individuals who were not LTD Employees, including the Debtors' active employees (the "Active Employees") and those receiving (or eligible to receive) benefits under the plans providing medical, dental, vision and hearing coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act (the "COBRA Participants"). These benefits have been offered under various formal and informal benefits plans, agreement and programs, which are referred to as the "LTD Plans" in this notice.

In January 2009, Nortel filed for bankruptcy relief in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Since that time, Nortel has sold off its active businesses and terminated almost all of its active employees. In connection with its wind down, Nortel has sought to terminate the LTD Plans under which the LTD Employees have been receiving benefits ("LTD Benefits"). The Official Committee of Long-Term Disability Participants (the "LTD Committee") was appointed in August 2011 to represent the interests of all LTD Employees with respect to the proposed termination of the LTD Plans and proposed cessation of the LTD Benefits and to negotiate on their behalf. Nortel filed a motion dated July 30, 2012, asking the Bankruptcy Court to terminate the LTD Plans, the LTD Benefits and the employment of the LTD Employees [D.I. 8067] (the "LTD Termination Motion"). On October 25, 2012, the LTD Committee filed an objection to the LTD Termination Motion [D.I. 8840]. Additional formal and informal objections to the LTD Termination Motion were filed by certain individuals receiving LTD Benefits (all such objections, including the LTD Committee's objection, the "LTD Objections"). The LTD Committee was appointed as an official committee under 11 U.S.C. 1102.

## The Class Complaint

On November 19, 2012, the LTD Committee, on behalf of a class consisting of all LTD Employees,[2] instituted an adversary proceeding against the Debtors (the "Adversary Proceeding") by filing the *Verified Complaint for Declaratory and Injunctive Relief* against the Debtors (the "Class Complaint"). In the Class Complaint, the LTD Committee seeks relief under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("ERISA"). The Class Complaint alleges various claims for declaratory and injunctive relief, and other equitable relief, under ERISA. The Class Complaint seeks a declaratory judgment that the governing LTD Plan documents do not permit the Debtors to terminate LTD Benefits for those LTD Employees who are already disabled and are receiving benefits. The Class Complaint further alleges that miscommunications were made to the LTD Employees relating to the LTD Plans, that the Debtors allegedly breached their disclosure obligations and other fiduciary duties allegedly owed to the LTD Employees under ERISA, and that the Debtors have conflicts of interest regarding

---

[2]     The LTD Committee approved this Settlement Agreement in accordance with its governing by-laws.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

their proposal to terminate the LTD Plans.  The Debtors have informed the LTD Committee that they dispute the validity of the allegations and claims in the Adversary Proceeding and the Debtors' time to respond to the Class Complaint has been extended.

**The Settlement**

After more than a year of negotiations between Nortel and the LTD Committee, including negotiations under the supervision of a Bankruptcy Court-appointed mediator both before and after the filing of the LTD Termination Motion and the Class Complaint, the parties have reached a settlement memorialized in a settlement agreement (the "Settlement Agreement")[3] that, if approved by the Bankruptcy Court, would settle the LTD Termination Motion and the Adversary Proceeding in exchange for the Debtors allowing a general unsecured claim in favor of the LTD Committee, the proceeds of which, less certain settlement administration costs of the LTD Committee and applicable taxes, will be distributed among the LTD Employees (as of the Termination Date) in a manner determined by the LTD Committee.  The allowed general unsecured claim shall be granted in the gross amount of $28 million based on a hypothetical termination date of March 31, 2013, minus the costs (for purposes of settlement, calculated as $680,000 per month) for the transition period of April 1, 2013 through May 31, 2013, resulting in a general non-priority, unsecured claim in the gross amount of $26,640,000 for benefits under the LTD Plans.  A copy of the Settlement Agreement is attached to this notice as Exhibit 1.  The LTD Committee approved the decision to enter into the Settlement Agreement in accordance with its governing bylaws.  Please note that, under the Settlement Agreement, the LTD Committee has the right to sell, assign or convey such general unsecured claim and thus may sell the claim for an amount in cash less than the face amount of the allowed general unsecured claim. In addition, if the Bankruptcy Court approves the Settlement Agreement, the order granting such approval will authorize the Debtors to terminate the LTD Plans as of May 31, 2013.

On January 18, 2013, Nortel and the LTD Committee jointly filed the *Joint Motion Pursuant to Sections 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 to (I)(a) Preliminarily Approve the Settlement Agreement Regarding Long-Term Disability Plans and Claims, (b) Conditionally Certify a Class for Settlement Purposes Only, (c) Approve the Notice Procedures, and (d) Schedule a Fairness Hearing; and (II)(a) Finally Approve the Settlement Agreement, (b) Finally Certify a Class, (d) Authorize the Debtors to Terminate the LTD Plans, and (e) Grant Related Relief* [D.I. ●] (the "Joint Motion"), asking the Bankruptcy Court to approve the Settlement Agreement and conditionally certify the Settlement Class (consisting of all LTD Employees as of the Termination Date), solely for settlement purposes, in connection with the settlement.  The LTD Termination Motion and the Adversary Proceeding will be withdrawn with prejudice if the Bankruptcy Court approves the Settlement Agreement and the Settlement Agreement becomes effective.[4]

---

[3]      Capitalized terms used in this notice that are not defined herein have the meaning given to them in the Settlement Agreement.

[4]      The Debtors and the LTD Committee reserve all rights to continue litigation of the LTD Termination Motion and the Adversary Proceeding, as necessary, should the Settlement Agreement not be approved and all objections and defenses to such litigation are fully preserved as well.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

## Class Certification

On [●, 2013], the Bankruptcy Court conditionally granted class certification for settlement purposes only.  The Settlement Class consists of all LTD Employees.  If you are an LTD Employee as of the date that the LTD Plans are terminated, you are a member of the Settlement Class and will be bound by the Settlement Agreement if it is approved by the Bankruptcy Court.

## Class Representatives and Class Counsel

On [●, 2013], the Bankruptcy Court conditionally appointed the following members of the LTD Committee as Class Representatives for settlement purposes only: Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones (collectively, the "Class Representatives")[5].  The Bankruptcy Court's order also conditionally appointed counsel to the LTD Committee, Elliott Greenleaf, as Class Counsel for settlement purposes only.

## Fairness Hearing

On April 30, 2013 at 10:00 am (prevailing Eastern time), the Bankruptcy Court will hold a hearing on the Joint Motion to decide whether the Settlement Agreement should be approved. **If approved, the Bankruptcy Court Order approving the Settlement Agreement will settle and finally resolve the LTD Termination Motion and the Adversary Proceeding, finally resolve any objection(s) you have filed in opposition to the LTD Termination Motion, and authorize Nortel to terminate the LTD Plans as of May 31, 2013 and discontinue providing benefits thereunder, and the LTD Employees and related parties will release Nortel and other third parties from liability related to the LTD Plans and LTD Benefits.  If you are an LTD Employee, or if you are not an LTD Employee but have been receiving or are eligible to receive benefits under one or more of the LTD Plans, the proposed Bankruptcy Court Order, if entered, *will affect your rights*.**  You should read the Settlement Agreement in its entirety.  If you have questions regarding the proposed settlement, you may contact counsel to the LTD Committee, Elliott Greenleaf, by either phone (302-384-9400); email (RXZA@elliottgreenleaf.com); or mail (Elliott Greenleaf, Attn: Rafael Zahralddin, Esq., 1105 North Market Street, Suite 1700, Wilmington, DE 19801), or consult with your own lawyer. You may also submit questions via the "Submit an Inquiry" link on the website maintained by the LTD Committee:  http://www.kccllc.net/nortelltd/.  The terms of the Settlement Agreement are summarized below.

## Objection Deadline

**Any person wishing to object to the Settlement Agreement or the termination of the LTD Plans, for any reason whatsoever, must file a response or objection (an "Objection") to the Joint Motion with the Clerk of the United States Bankruptcy Court for the District**

---

[5]     "Class Representatives" are also referred to as "LTD Committee Member Parties."

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before April 19, 2013 at 4:00 pm (prevailing Eastern time) (the "Objection Deadline").** The Objection must be in writing and signed by the objecting party or his or her counsel, if any. The Objection must be in conformity with the Bankruptcy Rules and the Local Rules, and be served of the following parties so as to be received on or before **April 19, 2013 at 4:00 pm (prevailing Eastern time)**: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, Attn: Lisa M. Schweitzer, Esq., One Liberty Plaza, New York, New York 10006, Facsimile: (212) 225-3999 and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); (ii) counsel to the LTD Committee: Elliott Greenleaf, Attn: Rafael Zahralddin, Esq., 1105 North Market Street, Suite 1700, Wilmington, DE 19801, Facsimile: (302) 384-9399; (iii) counsel to the Unsecured Creditors Committee: Akin Gump Strauss Hauer & Feld LLP, Attn: Lisa Beckerman, Esq., One Bryant Park, New York, New York 10036, Facsimile: (212) 872-1002; (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, Attn: Thomas J. Matz, Esq., One Chase Manhattan Plaza, New York, New York 10005, Facsimile: (212) 822-5885; and (v) the Office of the United States Trustee: Attn: Mark Kenney, Esq., 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Facsimile: (302) 573-6497.

**ANY LTD EMPLOYEE WHO DOES NOT OBJECT TO THE SETTLEMENT AGREEMENT OR THE TREATMENT OF HIS OR HER CLAIM THEREUNDER (INCLUDING THE RELEASE OF CLAIMS) BY APRIL 19, 2013 AT 4:00 PM (PREVAILING EASTERN TIME) IN COMPLIANCE WITH THE PROCEDURES SET OUT ABOVE, AND ANY LTD EMPLOYEE WHO PROPERLY FILES AN OBJECTION THAT THE BANKRUPTCY COURT OVERRULES, WILL BE BOUND BY THE TERMS OF THE SETTLEMENT AGREEMENT AND HIS OR HER CLAIM UNDER THE LTD PLANS WILL BE VALUED AND TREATED AS DESCRIBED IN THE SETTLEMENT AGREEMENT. LTD EMPLOYEES WHO DO NOT TIMELY AND PROPERLY OBJECT OR WHOSE OBJECTIONS ARE OVERRULED BY THE BANKRUPTCY COURT WILL NOT BE ABLE TO OPT OUT OF THE SETTLEMENT, OR SEEK ANY ALTERNATIVE RECOVERY OR REMEDY AGAINST THE DEBTORS, THE LTD COMMITTEE, OR ANY OTHER PARTY RELEASED UNDER THE SETTLEMENT AGREEMENT, OR AGAINST THE LTD GENERAL UNSECURED CLAIM GRANTED BY THE DEBTORS TO THE LTD COMMITTEE OR THE SETTLEMENT AMOUNT. THE TERMINATION OF THE LTD PLANS AND THE ALLOWANCE OF THE LTD GENERAL UNSECURED CLAIM SHALL FULLY SATISFY THE LTD EMPLOYEES' LTD CLAIMS, AND THE LTD EMPLOYEES SHALL BE BARRED FROM ASSERTING ANY FURTHER LTD CLAIMS AGAINST THE DEBTORS OR THE OTHER PARTIES BEING RELEASED.**

**IN ADDITION, UPON FINAL BANKRUPTCY COURT APPROVAL OF THE SETTLEMENT, THE DEBTORS WILL BE AUTHORIZED TO TERMINATE ALL LTD PLANS IN THEIR ENTIRETY AS OF MAY 31, 2013, WHICH WILL BIND ALL INDIVIDUALS RECEIVING OR ELIGIBLE TO RECEIVE BENEFITS UNDER THE LTD PLANS, WHETHER OR NOT THEY ARE LTD EMPLOYEES, INCLUDING THE DEBTORS' ACTIVE EMPLOYEES AND COBRA PARTICIPANTS. ANY PERSON WHO IS NOT AN LTD EMPLOYEE BUT WHOSE RIGHTS ARE AFFECTED BY TERMINATION OF THE LTD PLANS AND WHO DOES NOT TIMELY AND PROPERLY OBJECT TO THE SETTLEMENT IN ACCORDANCE WITH THE PROCEDURES SET FORTH ABOVE OR WHOSE OBJECTION IS OVERRULED BY**

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**THE BANKRUPTCY COURT, WILL NOT BE ABLE TO SEEK ANY ALTERNATIVE REMEDY AGAINST THE DEBTORS, THE LTD COMMITTEE, OR AGAINST ANY OTHER PARTY, OR AGAINST THE LTD GENERAL UNSECURED CLAIM GRANTED BY THE DEBTORS TO THE LTD COMMITTEE OR THE SETTLEMENT AMOUNT.**

**Release of Claims**

      As described in more detail in this notice and in the Settlement Agreement, under the Settlement Agreement, all LTD Parties are entitled to payment only from the Settlement Amount and only in accordance with the Apportionment Methodology described below. LTD Parties include the LTD Committee, the LTD Committee Member Parties, and each LTD Employee as of the Termination Date, in his or her individual capacity, and his or her capacity as a member of the Settlement Class, each of its, his or her respective spouses, dependents, heirs, distributees, executors, administrators, members, officers, directors, agents, representatives and assigns; any successor to an LTD Employee; and any purchaser, transferee or assignee of the LTD General Unsecured Claim or any LTD Employee's LTD Claim.

      If you are entitled to receive a payment from the Settlement Amount, a personalized statement listing the estimated amount which you are entitled to receive will be mailed to you separately. Pursuant to the terms of the Settlement Agreement, within ten (10) business days of the Debtors having served this notice, the LTD Committee will deliver to the Bankruptcy Court, and seek approval of, a schedule that details the calculation, by application of the Apportionment Methodology, of the proportional share of the Settlement Amount to be allocated to each eligible LTD Employee.[6] Such Bankruptcy Court approval, if given, shall be deemed to fully and finally determine the propriety of the application of the Apportionment Methodology to the Settlement Amount and the valuation of your proportional share of the Settlement Amount.

      Under the Settlement Agreement, on the Effective Date, the LTD Parties are releasing and extinguishing all LTD Claims (as defined below), as against the Debtor Releasees, and you will not be entitled to payment for such LTD Claims except from the Settlement Amount pursuant to the Apportionment Methodology, and you will have no claim against the Debtor Releasees, the LTD Committee Releasees, or their respective advisors or successors.

      The LTD Claims being released by the LTD Employees include any and all claims that arise from or relate to, directly or indirectly, the allegations set forth in the Class Complaint, all of which the Debtors deny, **which concern, among other things:**

- **your right to receive LTD Benefits under the LTD Plans;**

- **alleged misleading communications relating to the LTD Plans, including allegations that you reasonably relied on such communications to your detriment;**

- **alleged breaches of Debtors' disclosure obligations and fiduciary duties under ERISA relating to the LTD Plans;**

- **claims regarding the manner in which the LTD Plans have been administered;**

---

[6]    The LTD Committee reserves the right to file a revised schedule prior to the Fairness Hearing.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

- **alleged conflicts of interest arising out of Debtors' attempt to terminate the LTD Plans.**

You should review the Joint Motion and the Settlement Agreement for the full terms of the settlement and the claims being released.

## Proofs of Claim to be Disallowed

If the Settlement Agreement is approved by the Bankruptcy Court, all proofs of claim filed by or on behalf of an LTD Employee, in whole or in part, on account of LTD Claims will be disallowed and expunged from the Debtors' claims register on the Effective Date. Enclosed with this notice are two exhibits listing LTD Claims, or parts thereof, that will be disallowed and expunged as part of the settlement (together, the "Claims Exhibits"): Exhibit 2 lists LTD Claims that will be disallowed and expunged in their entirety and Exhibit 3 lists proofs of claim for which only the portion related to LTD Claims will be disallowed and expunged. **In the Joint Motion and the Settlement Agreement, the Debtors are not seeking to affect any rights that you may have with respect to Excluded Claims (as defined below), although the Debtors reserve all rights with respect to the validity of such claims. If you believe that any information concerning your LTD Claim listed in the Claims Exhibits is incorrect, and you fail to object to the Joint Motion by the Objection Deadline in accordance with this notice, the Bankruptcy Court may partially or wholly disallow and expunge your LTD Claim without further notice or hearing. The Debtors' failure to list a proof of claim asserting a LTD Claim on the Claims Exhibits does not waive or prejudice the Debtors' right to have that proof of claim expunged.**

## The Settlement Agreement and Proposed Order Approving Settlement Agreement

The following is a summary of the principal terms of the Settlement Agreement and the proposed order finally approving the Settlement Agreement (the "Proposed Order"). This summary is provided as background, and you should read the full and complete copy of the Settlement Agreement. A copy of the Joint Motion and Proposed Order are available from the Nortel's claims agent's website at http://dm.epiq11.com/NNI/Project#. In the case of any conflicts, the terms of the Settlement Agreement govern the settlement. You should consult with counsel to the LTD Committee or your own lawyer if you have questions. Nortel cannot provide you with legal advice. Under the proposed Settlement Agreement and the Proposed Order approving the Settlement Agreement:

- Termination of LTD Plans and the Employment of the LTD Employees. If the Effective Date has occurred, in accordance with the terms of the Settlement Agreement, the Debtors shall terminate all LTD Plans in their entirety, including, for the avoidance of doubt, all coverage and benefits provided thereunder, as of May 31, 2013 at 11:59 p.m. (ET) (the "Termination Date").[7] Effective as of the Termination Date, the Debtors shall terminate the employment of the LTD Employees.

---

[7]    In the event the Debtors and the LTD Committee agree in writing to extend the Termination Date to a date no later than June 30, 2013, the Allowed General Unsecured Claim would be reduced in the amount of $680,000 per month for each month between May 31, 2013, and the ultimate Termination Date that is agreed upon by the parties.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

- <u>LTD Plans Run Off Period</u>.  The time period for filing a claim for payment or reimbursement of benefits covered by and approved pursuant to the relevant LTD Plans for claims incurred prior to the Termination Date shall be reduced to a period of six (6) months (or such shorter period as provided under the terms of the relevant LTD Plan), following the Termination Date (the "<u>Run Off Period</u>").  For the avoidance of doubt, a claim for payment or reimbursement of benefits will be deemed filed once filing of the appropriate claim form, if applicable, to the relevant designated claims administrator has occurred (whether by the beneficiary or the provider if the beneficiary so authorizes), in accordance with the terms of the relevant LTD Plan.  Claims for benefits under the relevant LTD Plans that accrue prior to the Termination Date and which are not properly filed in accordance with the relevant LTD Plans prior to the earlier of (i) the current run off period under the relevant LTD Plan or (ii) expiration of the Run Off Period, shall be disallowed for all purposes (and the Debtors' claims agent will be authorized to make an appropriate notation on the official claims register maintained in the Debtors' cases as necessary).  These untimely claims are referred to herein as "<u>Untimely Run Off Claims</u>."  No consideration shall be owed or paid by the Debtors or any of their successors, or the LTD Committee with respect to the Untimely Run Off Claims.  For the avoidance of doubt, nothing in this section modifies, waives or otherwise overrides the Debtors' or any third party's right to review, approve and object to any timely claim that may be presented during the Run Off Period.  Third party service providers and insurers will be provided notice that Untimely Run Off Claims will not be paid unless timely submitted.

- <u>Settlement Consideration</u>.  Solely for the purpose of settlement of the Adversary Proceeding, the Parties consent to the certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2), and Federal Rule of Bankruptcy Procedure 7023(b)(2).  Without admitting or denying liability, and solely for the purpose of settlement, the Debtors consent to the entry of an order against them on Count II of the Class Complaint declaring that they shall not terminate any of the LTD Plans with respect to any of the LTD Employees on or before the Termination Date, unless and until NNI allows a general non-priority, unsecured claim in favor of the LTD Committee in the gross amount of $28 million based on a hypothetical termination date of March 31, 2013, minus the costs (for purposes of settlement, calculated as $680,000 per month) for the transition period of April 1, 2013 through May 31, 2013, resulting in a general non-priority, unsecured claim in the gross amount of $26,640,000, subject to the costs for extension of the Termination Date, if necessary, for benefits under the LTD Plans (where such general non-priority, unsecured claim in the gross amount of 26,640,000 shall constitute the "<u>LTD General Unsecured Claim</u>").  The LTD General Unsecured Claim shall be allowed as of the date that the Approval Orders have become final and non-appealable orders (the "<u>Effective Date</u>").[8]  The LTD Committee shall have the right to sell, assign or convey the LTD General Unsecured Claim without further order of the Bankruptcy Court, subject to compliance with Federal Rule of Bankruptcy Procedure 3001.  The Debtors shall make distributions on account of the allowed LTD General Unsecured Claim in accordance with an effective plan confirmed under section 1129 of

---

[8]     The Debtors intend that the LTD General Unsecured Claim be allowed against NNI, but NNI reserves the right to seek recovery from the other Debtors for some portion of the amount distributable on account of the LTD General Unsecured Claim, after consultation with the UCC and the Bondholder Group.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

the Bankruptcy Code (the "Plan").  The "Settlement Amount" shall constitute (i) the net recovery to the LTD Committee on the allowed LTD General Unsecured Claim, whether through a distribution under the Plan, or the sale, assignment or conveyance of the LTD General Unsecured Claim, less (ii) the Settlement Administration Costs (as defined below).  **The Settlement Amount will depend, among other things, on the amount of distributions made by Nortel Networks Inc. on the LTD General Unsecured Claim under a plan of reorganization, or if the LTD General Unsecured Claim is sold, on the amount received by the LTD Committee for the LTD General Unsecured Claim.**  The allowance of the LTD General Unsecured Claim shall be granted in full and final settlement of all LTD Claims (as defined below).  Upon the Effective Date, all other claims in the Class Complaint shall be deemed dismissed with prejudice.

- The term "Settlement Administration Costs" shall refer to the expenses of the LTD Committee and its advisors that are necessary to administer and implement the Settlement Agreement and administer and effectuate distribution of the Settlement Amount, incurred after the Effective Date.

- Apportionment Methodology.

  o The Settlement Amount shall be allocated among the LTD Employees who are receiving benefits under the LTD Plans as of the Termination Date on the basis of a formula to be provided by the LTD Committee, whereby each LTD Employee shall receive his or her proportional share of the Settlement Amount, subject to applicable withholding tax requirements, calculated based on a fraction, the numerator of which is the actuarial valuation of such LTD Employee's claims under the LTD Plans (as determined by the LTD Committee) and the denominator of which is the aggregate of the actuarial values of all LTD Employees' claims under the LTD Plans (as determined by the LTD Committee), thereafter applied to the Settlement Amount.  The foregoing allocation methodology is referred to herein as the "Apportionment Methodology."  The LTD Committee shall have sole responsibility for calculation of such amounts and distribution of the Settlement Amount pursuant to the Apportionment Methodology.

  o Within ten (10) business days of the Debtors having served the Settlement Notice (as defined below), the LTD Committee will deliver to the Bankruptcy Court under seal, and seek approval of, a schedule that details the calculation of the proportional share of the Settlement Amount to be allocated to each LTD Employee (as determined by the LTD Committee applying the Apportionment Methodology).  Such Bankruptcy Court approval, if given, shall be deemed to fully and finally determine the propriety of the application of the Apportionment Methodology to the Settlement Amount and to fully and finally determine the actuarial valuation of each LTD Claim and the calculation of the proportional share of the Settlement Amount to each LTD Employee.

- Satisfaction of LTD Claims.

  o **AS PART OF THE SETTLEMENT, THE LTD CLAIMS OF THE LTD EMPLOYEES AGAINST THE DEBTORS AND OTHER THIRD PARTIES**

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**WILL BE RELEASED AND EXPUNGED, SUBJECT ONLY TO EACH LTD EMPLOYEE'S ENTITLEMENT (IF ANY) TO RECEIVE PAYMENT OF A PORTION OF THE SETTLEMENT AMOUNT.  THE TERMINATION OF THE LTD PLANS AND THE ALLOWANCE OF THE LTD GENERAL UNSECURED CLAIM SHALL FULLY SATISFY THE LTD CLAIMS, AND THE LTD EMPLOYEES SHALL BE ESTOPPED AND BARRED FROM ASSERTING ANY FURTHER LTD CLAIMS AGAINST THE DEBTORS OR THE OTHER PARTIES BEING RELEASED.**  As used herein, "LTD Claims" shall include any and all actual and potential claims, demands, causes of action, debts, liabilities or obligations, whether based on any legal or equitable theory (including fiduciary or equitable duties) or otherwise, including, but not limited to suits in contract, tort or equity, whether arising under contract, ERISA, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Tax Code, the Americans with Disabilities Act of 1990, or any other statute, rule, regulation, common law or otherwise, and whether arising under the laws of the United States, any political subdivision thereof or the laws of any other jurisdiction, each as may be amended from time to time, in all cases arising out of or relating to:

- Any past, current or future benefits or any other obligation, claim or potential obligation arising under or relating to the LTD Plans, including the LTD Benefits;

- The administration of the LTD Plans, including, but not limited to, the calculation of LTD Benefits, the application of offsets against LTD Benefits, the denial of LTD Benefits, the determination of eligibility to receive LTD Benefits, the interpretation of the LTD Plans and the drafting of the LTD Plans and all oral and written communications made with respect to such matters;

- The amendment, modification and/or termination of any of the LTD Plans and/or any benefits or coverage thereunder, whether done previously or as provided for under the provisions of a Settlement Agreement;

- Claims relating to the employment of the LTD Employees and the termination of their employment;

- Claims relating to the Nortel Networks Voluntary Employee Beneficiary Association, the Nortel Networks Health & Welfare Benefits Trust, any other similar trusts that do now exist or may have existed previously (together, the "Trusts"), or any obligation to escrow, segregate or fund amounts relating to the LTD Plans;

- Any and all claims, defenses, causes of action, damages, costs and expenses that arise from, concern, or are related to, directly or indirectly, the allegations set forth in the Class Complaint or the LTD Objections; and

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

- Claims for punitive damages, equitable relief, breach of fiduciary duty, detrimental reliance, attorneys' fees or other expenses related to the foregoing.

o  For the avoidance of doubt, LTD Claims shall **exclude** the following claims and any and all defenses thereto, which claims shall not be enforceable against or recoverable from the LTD General Unsecured Claim, the proceeds thereof or the Settlement Amount, or the LTD Committee, or its advisors, in each case in their capacity as such (and which claims and related defenses collectively shall be referred to as, the "Excluded Claims"):

  - Claims arising under or relating to the Retiree Welfare Plans, which are subject to and being settled by the *Debtors' Motion For Entry Of Orders Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 (A) Approving Settlement Notification Procedures and, Subsequently, (B) Approving a Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9224];

  - Claims arising under or relating to the Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including related fringe benefits;

  - Claims arising under or relating to the Nortel Networks U.S. Deferred Compensation Plan or the Northern Telecom Inc. Senior Management Incentive Award Program;

  - Claims for qualified pension benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Plan, Northern Telecom Inc. Retirement Plan for Employees or the Nortel Networks Capital Accumulation and Retirement Program, which are properly asserted only against the Pension Benefit Guaranty Corporation;

  - Claims for non-qualified pension benefits arising under or relating to the Nortel Networks Retirement Income Plan Restoration Plan, Nortel Networks Cash Balance Restoration Plan, Northern Telecom Inc. Excess Pension Plan, Nortel Networks Long-Term Investment Restoration Plan, Nortel Networks Supplementary Executive Retirement Plan, the Nortel Networks Special Pension Benefits Plan and the Nortel Networks Special Pension Credit Plan;

  - Claims for benefit payments under any of the LTD Plans that accrue prior to the Termination Date that are properly filed  prior to the expiration of the Run Off Period (as amended by the Settlement Agreement), and that are subsequently approved in writing or electronically by the respective designated claims administrator, named ERISA Claims fiduciary or insurer (as defined in the governing plan document) for the LTD Plan under which such claims are asserted;

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

- Claims for expatriate benefits and relocation expenses;

- Claims for the account balance currently vested in an individual's account pursuant to the terms of the Nortel Networks Long-Term Investment Plan or Northern Telecom Inc. Thrift Savings Plan, subject to investment loss;

- Workers' Compensation benefits approved prior to the Effective Date in accordance with the terms of all applicable workers compensation policies, including insurance policies, to which the Debtors are party, and applicable state workers' compensation laws;

- Payment in respect of accrued but unused vacation, consistent with the Debtors' applicable governing policies;

- Social Security benefits properly asserted only against the United States Social Security Administration; and

- Claims directly arising under a written employment agreement between an individual LTD Employee and the Debtors that are unrelated to life insurance, death benefits, medical insurance, dental insurance, vision insurance, hearing insurance, accidental death and dismemberment insurance, health reimbursement accounts, dependent day care reimbursement accounts, or any other LTD Claims.

- **Releases.**

   o **Upon the Effective Date, for the good and valuable consideration provided by the Debtors in connection with the Settlement Agreement, and except as provided for by the terms of the Settlement Agreement, the LTD Committee, the LTD Committee Member Parties, and each LTD Employee, in his or her individual capacity, and his or her capacity as a member of the Settlement Class, each of its, his or her respective spouses, dependents, heirs, distributees, executors, administrators, members, officers, directors, agents, representatives, successors and assigns; and any purchaser, transferee or assignee of the LTD General Unsecured Claim or any LTD Employee's LTD Claim (collectively, the "LTD Parties") will knowingly and voluntarily release and forever discharge the Debtors, their estates, the LTD Plans, the LTD Plan administrators, the members of all Nortel benefit plan committees (including, without limitation, the Employee Benefits Committee, the Joint Leadership Resources Committee, the Compensation and Human Resources Committee and any predecessors thereto), the UCC, the Bondholder Group, and each of their respective past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, administrators, liquidators, directors, officers, employees, managers, agents, attorneys, solicitors, trustees, fiduciaries, accountants and advisors, and each of all of their respective predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown,**

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the LTD Parties now have, had, may have had, or hereafter may have against any of the Debtor Releasees.  This Release provides for and effectuates a discharge of the Debtor Releasees to the full extent permitted by applicable law with respect to any and all LTD Claims and shall be contained in the Approval Orders and effectuated through the entry of the Approval Orders.**

o   **Except as otherwise provided in the Settlement Agreement, upon the Effective Date, the Debtors, their estates, successors and assigns (the "<u>Debtor Parties</u>") will knowingly and voluntarily release and forever discharge the LTD Parties and all of their advisors (collectively, the "<u>LTD Releasees</u>") from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtor Parties now have, had, may have had, or hereafter may have against any of the LTD Releasees.  This Release provides for and effectuates a discharge of the LTD Releasees to the full extent permitted by applicable law with respect to any and all LTD Claims and shall be contained in the Approval Orders and effectuated through the entry of the Approval Orders.**

- <u>Final Settlement</u>.  The Settlement Agreement is being entered into, and the LTD General Unsecured Claim is being granted in full and final satisfaction of the LTD Claims of members of the Settlement Class and, upon the occurrence of the Effective Date, shall supersede any prior obligations of the Debtors relating to the provision of LTD Benefits or payment of LTD Claims under the LTD Plans to members of the Settlement Class, such that the LTD Committee and all members of the Settlement Class shall be forever estopped and barred from seeking further relief related to the LTD Claims or resolved matters that fall within the scope of the Settlement Agreement.

- **<u>Proofs of Claim</u>.  ANY AND ALL PROOFS OF CLAIM FILED ON ACCOUNT OF, OR WHICH, TO ANY EXTENT, INCLUDE LTD CLAIMS, INCLUDING, BUT NOT LIMITED TO, CLAIMS ARISING FROM OR RELATING TO MODIFICATIONS TO OR THE TERMINATION OF THE LTD PLANS, SHALL BE DISALLOWED AND EXPUNGED FROM THE DEBTORS' CLAIMS REGISTER ON THE EFFECTIVE DATE, SOLELY WITH RESPECT TO THE PORTION OF THE PROOF OF CLAIM RELATING TO THE LTD CLAIMS.**

- <u>Tax Consequences</u>.  Except as expressly provided in section 24 of the Settlement Agreement, the Debtors make no representations or warranties whatsoever regarding any tax benefits, tax obligations and/or other consequences arising from or in connection with the Settlement Agreement, the allowance of the LTD General Unsecured Claim, or any payments made from the Settlement Amount to the members of the Settlement Class, and the recipients and beneficiaries of any such

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

payments shall be solely responsible for any taxes in respect of any payments under the Settlement Agreement or in respect of the LTD General Unsecured Claim.  In the event the LTD General Unsecured Claim is not sold, transferred or assigned by the LTD Committee prior to the time any distributions are made by NNI, NNI reserves the right to withhold all taxes subject to withholding under all applicable provisions of the Tax Code.  Except as expressly provided in this Section, the Debtors make no representations or warranties whatsoever regarding any tax benefits, tax obligations and/or other consequences arising from or in connection with this Settlement Agreement, the allowance of the LTD General Unsecured Claim, or any payments made from the Settlement Amount to the members of the Settlement Class, and the recipients and beneficiaries of any such payments shall be solely responsible for any taxes in respect of any payments under this Settlement Agreement or in respect of the LTD General Unsecured Claim.  The LTD Committee represents that it has sought the advice of counsel and/or its tax and financial advisors in respect of the tax effects regarding any payments in respect of this Settlement Agreement.  In the event the LTD General Unsecured Claim is not sold, transferred or assigned by the LTD Committee prior to the time any distributions are made by NNI, NNI reserves the right to withhold all taxes subject to withholding under all applicable provisions of the Tax Code.  In the event the LTD General Unsecured Claim is sold, transferred or assigned by the LTD Committee prior to the time any distributions are made by NNI in respect of such claim, the Debtors do not intend to withhold taxes on behalf of any person with respect to the LTD General Unsecured Claim or any distributions made with respect to such claim.  The Debtors shall have no liability relating to the withholding of taxes or the issuance of form W-2s.

- <u>Retirement Eligible Employees</u>.

    - On December 31, 2012, the Debtors filed the *Debtors' Motion for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 (A) Approving Settlement Notification Procedures and, Subsequently, (B) Approving a Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9224] (the "<u>Retiree Approval Motion</u>") seeking approval of a settlement agreement with the Official Committee of Retired Employees (the "<u>Proposed Retiree Settlement Agreement</u>").  Pursuant to the terms of the Proposed Retiree Settlement Agreement, which may be amended and is subject to Bankruptcy Court approval, any LTD Employee who is receiving LTD Benefits under the LTD Plans as of the Termination Date (and is therefore a member of the Settlement Class) and has met the service requirements for retirement as of January 31, 2013 (in accordance with the eligibility criteria set forth in the Retiree Approval Motion and the Proposed Retiree Settlement Agreement) can elect to participate in the Proposed Retiree Settlement Agreement provided that such LTD Employee voluntarily terminates his or her employment with the Debtors and irrevocably relinquishes his or her right to receive continued benefits under the LTD Plans, in accordance with the terms of the Proposed Retiree Settlement Agreement.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

      o   For the avoidance of doubt and notwithstanding anything to the contrary in the Proposed Retiree Settlement Agreement, if the Termination Date for the LTD Plans occurs on or before June 30, 2013, any LTD Employee who would have been eligible to receive LTD Benefits under the LTD Plans as of the Termination Date but for the fact that such LTD Employee elected to voluntarily terminate his or her employment with the Debtors solely in order to participate in the Proposed Retiree Settlement Agreement, shall be deemed to be a member of the Settlement Class solely for the purpose of participating in this Settlement Agreement and for no other purpose.[9]

## Common Questions

Although Nortel and the LTD Committee encourage everyone whose rights may be affected by the Settlement Agreement to read that proposed agreement in its entirety, Nortel and the LTD Committee have endeavored to provide responses to some of the most generally applicable questions that may be raised about the impact of the Settlement Agreement:

- Q:  I am an LTD Employee currently receiving benefits under the LTD Plans.  Will these benefits be affected by the settlement?

  A:  Yes, if the proposed Settlement Agreement is approved by the Bankruptcy Court, the LTD Plans and all associated benefits and coverage will be terminated effective as of May 31, 2013.  This means that you will not receive income continuation payments or medical coverage from Nortel after that date.  Please carefully read the definition of "LTD Plans" in the Settlement Agreement to understand the full list of benefit plans that will be discontinued and benefits and coverage that will be affected.

- Q:  Will I receive a payment from the Settlement Amount being paid to the Settlement Class members, and, if so, how much will I be receiving?

  A:  If you are an LTD Employee as of May 31, 2013, you will receive a right to participate in distributions of the Settlement Amount if the proposed Settlement Agreement is approved by the Bankruptcy Court.  The actual amount of money that you will receive will be based on your projected share of the Settlement Class's claim divided

---

[9]      In other words, eligible LTD Employees may participate in and receive allocations of the respective settlement amounts pursuant to both the Proposed Retiree Settlement Agreement and the LTD Settlement Agreement only if such employee voluntarily terminates his or her employment with the Debtors and relinquishes all rights to receive LTD Benefits prior to the date upon which both the Proposed Retiree Settlement Agreement and this Settlement Agreement, and the Bankruptcy Court orders approving the settlements become effective, final and non-appealable on or before June 30, 2013.  **For the avoidance of doubt, should this Settlement Agreement not become effective for any reason, any LTD Employee who has voluntarily terminated his or her employment in order to participate in the Proposed Retiree Settlement Agreement will no longer have a right to receive LTD Benefits under the LTD Plans and shall no longer be a member of the Settlement Class.**

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

by the Settlement Amount.  Nortel Networks Inc. ("NNI") is granting the LTD Committee a LTD General Unsecured Claim in the amount of $26.64 million (with such general unsecured claim taking into account the costs of providing LTD Benefits to the LTD Employees for the transition period of April 1, 2013 through May 31, 2013), rather than a cash payment, together with a declaratory judgment that it will not terminate the LTD Plans as to the LTD Employees without allowing the LTD General Unsecured Claim , as the sole consideration for the settlement.  The Settlement Amount available for distribution to you will depend, among other things, on the amount of distributions made by NNI on the LTD General Unsecured Claim under a plan of reorganization, or if the LTD General Unsecured Claim is sold, on the amount received by the LTD Committee for the LTD General Unsecured Claim.  The notice that the Class Counsel will send to you will include an estimate of the amount of money you would receive, before subtracting amounts owed for applicable taxes and settlement administration costs. Please note that you will be provided an estimate of your individual allocation of the Settlement Amount for informational purposes only and the LTD Committee will have the ability to adjust your individual allocation to account for any corrections or adjustments in the valuation of LTD Claims.  The exact amount of the Settlement Amount is not known at this time.

- Q: Will the Bankruptcy Court be asked to approve the proportional shares of the Settlement Amount that will be allocated to each member of the Settlement Class?

  A:  Yes, within ten (10) business days of the Debtors having served this notice, the LTD Committee will deliver to the Bankruptcy Court, and seek approval of, a schedule that details the application of the Apportionment Methodology to calculate the proportional share of the Settlement Amount to be allocated to each LTD Employee.  If the Bankruptcy Court approves such payment schedule, that approval will be deemed to fully and finally determine the allocation of the Settlement Amount and the valuation of each LTD Claim.  The LTD Committee reserves the right to file a revised schedule prior to the Fairness Hearing.

- Q:  If the LTD Plans are terminated, how long do I (or my health care professionals) have to submit claims for payment of claims incurred on or before May 31, 2013?

  A:  If the LTD Plans are terminated you (or your health care professionals) will have to submit claims incurred under any of the LTD Plans, including, without limitation, claims for medical, dental, health and vision treatments, by the earlier of November 30, 2013 or the current deadline under the applicable LTD Plan.

- Q:  What happens to my objection to the LTD Termination Motion if the Settlement Agreement is approved?

  A:  If the Settlement Agreement is approved, all objections to the LTD Termination Motion will be treated as resolved by the Order approving the Settlement Agreement and you will be bound by the Order.  As set forth above, you have a right to file an objection to the Joint Motion.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

- Q:  I am a current LTD Employee; can I participate in the Proposed Retiree Settlement Agreement?

  A:  You may be able to elect to participate in the Proposed Retiree Settlement Agreement if the Proposed Retiree Settlement Agreement is approved and you have satisfied the minimum service requirement for retirement.  In order for you to do so, you must send the Debtors a signed written document voluntarily terminating your employment and irrevocably relinquishing your right to receive benefits under the LTD Plans in accordance with the terms of the Proposed Retiree Settlement Agreement, which provides that such document must be received by the Debtors within 30 days following the Proposed Retiree Settlement Agreement becoming effective.  Should you voluntarily retire before orders approving <u>both</u> the Proposed Retiree Settlement Agreement and the LTD Settlement Agreement become final and non-appealable, then your eligibility to participate in the Settlement Class will be restored, so that it will be possible for you to participate in the LTD Settlement Agreement as well as the Proposed Retiree Settlement Agreement.  As stated in footnote 8, above, should the LTD Settlement Agreement not become effective for any reason, any LTD Employee who has voluntarily terminated his or her employment in order to participate in the Proposed Retiree Settlement Agreement will no longer have a right to receive LTD Benefits under the LTD Plans and shall no longer be a member of the Settlement Class.  The Bankruptcy Court must enter an order approving the Proposed Retiree Settlement Agreement before it becomes effective, and the final terms of the Proposed Retiree Settlement Agreement will be determined by that Bankruptcy Court order, if entered.

- Q:  I am a current LTD Employee; what other plans and programs available to current employees will be affected by the Settlement Agreement?

  A:  Please carefully read the definition of "LTD Claims" from the Settlement Agreement, which lists certain of the formal or informal benefit plans, agreements or programs that are being compromised and waived through the Settlement Agreement.  Claims arising from formal or informal benefit plans, agreements or programs described as "Excluded Claims" will not be affected by the Settlement Agreement.


***THE DEBTORS RESERVE THE RIGHT TO WITHHOLD TAXES FROM ANY DISTRIBUTIONS MADE ON THE LTD GENERAL UNSECURED CLAIM GRANTED UNDER THIS SETTLEMENT***

You are encouraged to read the Settlement Agreement in its entirety and to contact counsel to the LTD Committee, or to consult with your own lawyer if you so choose, if you have any additional questions.  PLEASE CONTACT COUNSEL TO THE LTD COMMITTEE RATHER THAN THE CLERK OF THE BANKRUPTCY COURT, IN THE FIRST INSTANCE, WITH QUESTIONS REGARDING THE TERMS OF THE SETTLEMENT.


While the Bankruptcy Court has approved the sending of this Notice, such approval does not indicate, and is not intended to indicate, that the Bankruptcy Court has rendered any opinion as to the merits of the respective claims or defenses asserted by the parties in the Adversary Proceeding or the LTD Termination Motion.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

Dated:  [●], 2013
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

-and-

ELLIOTT GREENLEAF

Rafael X. Zahralddin-Aravena (DE No. 4166)
Shelley A. Kinsella (DE No. 4023)
Margaret Curran (PA No. 62136)
1105 N. Market Street, Ste 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email : msc@elliottgreenleaf.com

*Counsel to the Official Committee of Long-Term*
*Disability Participants and Class Counsel, for Settlement*
*Purposes Only*

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**Exhibit 1**

**<u>Attached to Motion as Exhibit A.</u>**

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**<u>Exhibit 2</u>**

**To be provided after Preliminary Hearing.**

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

## Exhibit 3

**To be provided after Preliminary Hearing.**

**EXHIBIT 2**
*Form of Publication Notice*

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | X | Chapter 11 |
| *In re* | : | |
| Nortel Networks Inc., *et al.*, | : | Case No. 09-10138 (KG) |
| Debtors. | : | |
| | : | Jointly Administered |
| | : | |
| | : | **RE:** ___ |
| ------------------------------------------------------------- | X | |
| OFFICIAL COMMITTEE OF LONG TERM | : | |
| DISABILITY PLAN PARTICIPANTS, on | : | |
| behalf of and as agent for a class of individual | : | |
| participants and beneficiaries under various | : | |
| NORTEL NETWORKS HEALTH AND | : | |
| WELFARE BENEFIT PLANS, | : | |
| Plaintiffs, | : | |
| v. | : | |
| NORTEL NETWORKS INC., *et al.*, | : | |
| Defendants. | : | |
| ------------------------------------------------------------- | X | |

## NOTICE OF PROPOSED SETTLEMENT AGREEMENT
## REGARDING LONG-TERM DISABILITY PLANS
## AND CLAIMS, CONDITIONAL CERTIFICATION
## OF A CLASS FOR SETTLEMENT PURPOSES ONLY AND TERMINATION OF
## BENEFITS UNDER CERTAIN NORTEL BENEFIT PLANS

**PLEASE TAKE NOTICE** that the Debtors in the above-captioned cases (the "Debtors" or "Nortel") have provided certain benefits, including income continuation and medical coverage, to the Debtors' long-term disabled employees (the "LTD Employees"), and provided certain of these benefits to individuals who were not LTD Employees, including the Debtors' active employees (the "Active Employees") and those receiving (or eligible to receive) benefits under the plans providing medical, dental, vision and hearing coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act (the "COBRA Participants"). These various benefits are offered under formal and informal benefits plans, agreements and programs, which are referred to as the "LTD Plans" in this notice.

**PLEASE TAKE NOTICE** that in January 2009, Nortel filed for bankruptcy in the Bankruptcy Court for the District of Delaware. Since that time, Nortel has sold off its active businesses and terminated almost its entire workforce. In connection with its wind down, Nortel has sought to terminate the LTD Plans and the benefits that LTD Employees ("LTD Benefits"), the Active Employees and the COBRA Participants receive or are eligible to receive under the LTD Plans. A committee of LTD Employees (the "LTD Committee") was appointed in August 2011 to represent the interests of all LTD Employees with respect to the proposed termination of the LTD Plans and the LTD Benefits and to negotiate on their behalf.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**PLEASE TAKE NOTICE** that on November 19, 2012, the LTD Committee, on behalf of a class of all LTD Employees filed a complaint against the Debtors alleging various claims for declaratory and injunctive relief regarding the LTD Plans (the "Class Complaint").

**PLEASE TAKE NOTICE** that after more than a year of negotiations between Nortel and the LTD Committee, including negotiations under the supervision of a Bankruptcy Court-appointed Mediator, the parties have reached a settlement agreement (the "Settlement Agreement")[1] that, if approved by the Bankruptcy Court, would result in the issuance of an Order allowing Nortel to terminate the LTD Plans in exchange for allowing a general non-priority, unsecured claim in favor of the LTD Committee in the gross amount of $28 million based on a hypothetical termination date of March 31, 2013, minus the costs (for purposes of settlement, calculated as $680,000 per month) for the transition period of April 1, 2013 through May 31, 2013, resulting in a general non-priority, unsecured claim in the gross amount of $26,640,000, the proceeds of which, less certain settlement administration costs of the LTD Committee and any applicable taxes, will be distributed among the LTD Employees in a manner determined by the LTD Committee.  Under the Settlement Agreement, the LTD Committee has the right to sell, assign or convey such general unsecured claim and thus may sell the claim for an amount in cash less than the face amount of the allowed general unsecured claim.  The Settlement Agreement is available at http://dm.epiq11.com/NNI/Project or by request to Epiq Systems, the Debtors' claims and noticing agent, at 646-282-2400.

**PLEASE TAKE NOTICE** that on January 18, 2013, Nortel and the LTD Committee jointly filed the *Joint Motion Pursuant to Sections 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 to (I)(a) Preliminarily Approve the Settlement Agreement Regarding Long-Term Disability Plans and Claims, (b) Certify a Class for Settlement Purposes Only, (c) Approve the Notice Procedures, and (d) Schedule a Fairness Hearing; and (II)(a) Finally Approve the Settlement Agreement, (b) Finally Certify a Class, (c) Authorize the Debtors to Terminate the LTD Plans, and (d) Grant Related Relief* [D.I. ●] (the "Approval Motion"), asking the Bankruptcy Court to approve the Settlement Agreement and conditionally certify the Class (consisting of all LTD Employees) in connection with the settlement.  On April 30, 2013 at 10:00 am (prevailing Eastern time), the Court will hold a hearing on the Approval Motion to decide whether the Settlement Agreement should be approved.  If approved, the Settlement Agreement will authorize Nortel to terminate the LTD Plans as of May 31, 2013, and discontinue providing benefits thereunder and the LTD Employees and related parties will release Nortel and other third parties from liability related to the LTD Plans and LTD Benefits. If you are an LTD Employee, or if you are not an LTD Employee but have been receiving benefits or are eligible to receive benefits under one or more of the LTD Plans, your rights will be affected.  The Settlement Agreement also will finally resolve the Class Complaint and any objections(s) you have filed in opposition to the LTD Termination Motion.  You should read the Settlement Agreement in its entirety.

**PLEASE TAKE NOTICE** that any person wishing to object to the Settlement Agreement or the termination of the LTD Plans for any reason whatsoever must file a written response or objection (an "Objection") if any, to the Approval Motion with the Clerk of the

---

[1]     Capitalized terms used in this notice that are not defined shall have the meaning given to them in the Settlement Agreement.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **April 19, 2013 at 4:00 pm (prevailing Eastern time)** (the "Objection Deadline") that is served of the following parties so as to be received on or before **April 19, 2013 at 4:00 pm (prevailing Eastern time)**: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, Attn: Lisa M. Schweitzer, Esq., One Liberty Plaza, New York, New York 10006, Facsimile: (212) 225-3999 and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention:  Derek C. Abbott); (ii) counsel to the LTD Committee: Elliott Greenleaf, Attn: Rafael Zahralddin, Esq., 1105 North Market Street, Suite 1700, Wilmington, DE 19801, Facsimile: (302) 384-9399; (iii) counsel to the Unsecured Creditors Committee: Akin Gump Strauss Hauer & Feld LLP, Attn: Lisa Beckerman, Esq., One Bryant Park, New York, New York 10036, Facsimile: (212) 872-1002; (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, Attn: Thomas J. Matz, Esq., One Chase Manhattan Plaza, New York, New York 10005, Facsimile: (212) 822-5885; and (v) the Office of the United States Trustee: Attn: Mark Kenney, Esq., 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Facsimile: (302) 573-6497.

**ANY LTD EMPLOYEE WHO DOES NOT OBJECT TO THE SETTLEMENT AGREEMENT OR THE TREATMENT OF HIS OR HER CLAIM THEREUNDER (INCLUDING THE RELEASE OF CLAIMS) BY APRIL 19, 2013 AT 4:00 PM (PREVAILING EASTERN TIME) IN COMPLIANCE WITH THE PROCEDURES SET OUT ABOVE, AND ANY LTD EMPLOYEE WHO PROPERLY FILES AN OBJECTION THAT THE BANKRUPTCY COURT OVERRULES, WILL BE BOUND BY THE TERMS OF THE SETTLEMENT AGREEMENT AND HIS OR HER CLAIM UNDER THE LTD PLANS WILL BE VALUED AND TREATED AS DESCRIBED IN THE SETTLEMENT AGREEMENT.  LTD EMPLOYEES WHO DO NOT TIMELY AND PROPERLY OBJECT OR WHOSE OBJECTIONS ARE OVERRULED BY THE BANKRUPTCY COURT WILL NOT BE ABLE TO OPT OUT OF THE SETTLEMENT, OR SEEK ANY ALTERNATIVE RECOVERY OR REMEDY AGAINST THE DEBTORS, THE LTD COMMITTEE, OR ANY OTHER PARTY RELEASED UNDER THE SETTLEMENT AGREEMENT, OR AGAINST THE LTD GENERAL UNSECURED CLAIM GRANTED BY THE DEBTORS TO THE LTD COMMITTEE OR THE SETTLEMENT AMOUNT.  THE TERMINATION OF THE LTD PLANS AND THE ALLOWANCE OF THE LTD GENERAL UNSECURED CLAIM SHALL FULLY SATISFY THE LTD EMPLOYEES' LTD CLAIMS, AND THE LTD EMPLOYEES SHALL BE BARRED FROM ASSERTING ANY FURTHER LTD CLAIMS AGAINST THE DEBTORS OR THE OTHER PARTIES BEING RELEASED.**

**IN ADDITION, UPON FINAL BANKRUPTCY COURT APPROVAL OF THE SETTLEMENT, THE DEBTORS WILL BE AUTHORIZED TO TERMINATE ALL LTD PLANS IN THEIR ENTIRETY AS OF MAY 31, 2013, WHICH WILL BIND ALL INDIVIDUALS RECEIVING OR ELIGIBLE TO RECEIVE BENEFITS UNDER THE LTD PLANS, WHETHER OR NOT THEY ARE LTD EMPLOYEES, INCLUDING THE DEBTORS' ACTIVE EMPLOYEES AND COBRA PARTICIPANTS.  ANY PERSON WHO IS NOT AN LTD EMPLOYEE BUT WHOSE RIGHTS ARE AFFECTED BY TERMINATION OF THE LTD PLANS AND WHO DOES NOT TIMELY AND PROPERLY OBJECT TO THE SETTLEMENT IN ACCORDANCE WITH THE PROCEDURES SET FORTH ABOVE OR WHOSE OBJECTION IS OVERRULED BY THE BANKRUPTCY COURT, WILL NOT BE ABLE TO SEEK ANY ALTERNATIVE**

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**REMEDY AGAINST THE DEBTORS, THE LTD COMMITTEE, OR AGAINST ANY OTHER PARTY, OR AGAINST THE LTD GENERAL UNSECURED CLAIM ALLOWED BY THE DEBTORS IN FAVOR OF THE LTD COMMITTEE (OR THE SETTLEMENT AMOUNT RECEIVED THEREFROM).**

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

-and-

ELLIOTT GREENLEAF

Rafael X. Zahralddin-Aravena (DE No. 4166)
Shelley A. Kinsella (DE No. 4023)
Margaret S. Curran (PA No. 62136)
1105 N. Market Street, Ste 1700

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: msc@elliottgreenleaf.com

*Counsel to the LTD Committee and Class Counsel, for Settlement Purposes Only*

**<u>EXHIBIT 3</u>**
*Form of Individualized Settlement Notice*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | X | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | : | |
| Debtors. | : | Case No. 09-10138 (KG) |
| | : | |
| | : | Jointly Administered |
| | : | |
| | : | **RE: ___** |
| -------------------------------------------------- X | | |
| OFFICIAL COMMITTEE OF LONG TERM | : | |
| DISABILITY PLAN PARTICIPANTS, on | : | |
| behalf of and as agent for a class of individual | : | |
| participants and beneficiaries under various | : | |
| NORTEL NETWORKS HEALTH AND | : | |
| WELFARE BENEFIT PLANS, | : | |
| Plaintiffs, | : | |
| v. | : | |
| NORTEL NETWORKS INC., *et al*., | : | |
| Defendants. | : | |
| -------------------------------------------------- X | | |

[THIS FORM OF NOTICE IS A DRAFT NOTICE ONLY.  CERTAIN INFORMATION DESCRIBED IN THIS NOTICE, INCLUDING THE ESTIMATED RECOVERY ON THE LTD GENERAL UNSECURED CLAIM AND THE ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT WOULD BE INCLUDED ONLY IF THE LTD COMMITTEE HAS SIGNED A CONTRACT FOR THE SALE OF THE LTD GENERAL UNSECURED CLAIM PRIOR TO PREPARATION OF THE NOTICE.]

## Estimate of Individual Allocation of Settlement Amount

For informational purposes only, this exhibit projects your estimated share of the Settlement Amount[2] as determined by the apportionment methodology set forth in the Settlement Agreement and presented to the United States Bankruptcy Court for the District of Delaware for approval (your "Estimated Individual

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (b), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]      Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement.  In the event of any inconsistency, the terms of the Settlement Agreement govern.

Settlement Amount"). The LTD Committee may adjust your share to account for any corrections or adjustments in the valuation of LTD Claims. Please review this exhibit carefully.

**THE SETTLEMENT AGREEMENT IS THE CONTROLLING DOCUMENT. YOU SHOULD CAREFULLY REVIEW AND CONSIDER THE SETTLEMENT AGREEMENT, INCLUDING THE APPORTIONMENT METHODOLOGY, RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN THE SETTLEMENT AGREEMENT.**

## APPORTIONMENT METHODOLOGY

Based on the benefits you currently receive under the LTD Plans, and the assumption that you would continue to receive those same benefits if Nortel's businesses continued to operate, the LTD Committee and its actuarial advisors determined a value, which is the present value of your expected future LTD Benefits from now until the end of the period that you are entitled to the benefits under the terms of the governing LTD Plans ("Individual Claim"). Even if the Debtors' request to terminate the LTD Plans was not granted, your receipt of LTD Benefits in the future is not a certainty, but is subject to your likelihood of recovering or dying during the benefit period. The present value of your LTD Benefits, used as the basis for your Estimated Individual Settlement Amount, takes into account these actuarial assumptions, as well as the time value of money. This present value estimate constitutes your projected Individual Claim for LTD Benefits. The sum of all of the LTD Employees' Individual Claims was used by the LTD Committee for the purposes of negotiating a settlement with the Debtors. Advisors to the LTD Committee have calculated these amounts and in entering into the Settlement Agreement, the Debtors are not admitting that they are liable for the Individual Claims or that either the Individual Claims or the Estimated Individual Settlement Amounts would constitute obligations or claims against the Debtors for any purposes other than for settlement.

Your Estimated Individual Settlement Amount is equal to your Individual Claim times the ratio of (i) the LTD General Unsecured Claim less administrative costs necessary to administer and implement the Settlement Agreement[3], to (ii) the value of the aggregate of all of the LTD Employees' Individual Claims (the "Estimated Settlement Ratio"), [multiplied by the estimated recovery on the LTD General Unsecured Claim.[4]]

---

[3]      The settlement contemplates little or no administrative costs as the Estimated Individual Settlement Amount and the aggregate Settlement Amount will be approved by the Court on a final basis at the final hearing on the settlement and the Debtors' estates will bear the costs through the date such order becomes final and non-appealable. The Debtors reserve the right to challenge the fee applications submitted by the LTD Committee and its advisors.

[4]      The Settlement Amount will vary based, among other things, on the amount of distributions made by the Debtors on the LTD General Unsecured Claim under a plan of reorganization, or if the LTD General Unsecured Claim is sold, on the amount received by the LTD Committee for the LTD General Unsecured Claim. Accordingly, your Estimated Individual Settlement Amount is dependent, among other things, on the completion of the sale of the LTD General Unsecured Claim by the LTD Committee at the price and pursuant to the terms contained in the agreement to sell the claim, as applicable.

**PERSONAL DATA USED TO DETERMINE YOUR ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT[5]**

**Name: John Doe**

| Personal Information | |
|---|---|
| Nortel ID Number | XXXXXX |
| Employee Date Of Birth | MM/DD/YYYY |
| Spouse Date Of Birth | MM/DD/YYYY |
| Dependent Child #1 Date of Birth | MM/DD/YYYY |
| Dependent Child #2 Date of Birth | MM/DD/YYYY |
| Dependent Child #3 Date of Birth | MM/DD/YYYY |
| Date of First Disability | MM/DD/YYYY |
| Remaining Months of Benefits | XX |

Any inquiries concerning your Estimated Individual Settlement Amount should be addressed to the attorneys for the LTD Committee, either by submitting such inquiries through the LTD Committee website (http://www.kccllc.net/nortelltd/) or by contacting the undersigned attorneys for the LTD Committee.

Dated:  February __, 2013

**The Official Committee of Long Term Disability Participants**
**By its attorneys,**
**Elliott Greenleaf**
1105 N. Market Street, Ste 1700
Wilmington, DE 19801
(302) 384-9400
Attn:   Rafael X. Zahralddin-Aravena, Esq.
          Shelley A. Kinsella, Esq.
          Margaret S. Curran, Esq.

---

[5]        The Debtors provided individual data, including demographic and employment data and information concerning Nortel sponsored benefits to the LTD Committee, up through and including 2013 United States Benefits Confirmation Statements.

| Benefit Information | |
|---|---|
| Income Replacement Level (% of Benefit Earnings) | XX.X% |
| Cost of Living Adjustment on Income Replacement Benefit | Yes/No |
| Current Income Replacement Monthly Benefit Before Offsets | $X,XXX.XX |
| Scheduled Offset to Income Replacement Monthly Benefit | $X,XXX.XX |
| Medical Benefit Coverage Level | Employee/ Employee and Spouse / Family |
| Medicare Eligible? | Yes / No |
| Life Insurance Core Benefit on Employee | $XX,XXX |
| Life Insurance Optional Benefit on Employee | $XX,XXX |
| Accidental Dismemberment & Death Insurance Benefit | $XX,XXX |
| Long-Term Investment Plan Monthly Benefit | $XXX.XX |

## YOUR ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT

1. LTD General Unsecured Claim    $XX,XXX,XXX

2. Estimated Settlement Administrative Costs    $XX,XXX,XXX

3. Net LTD General Unsecured Claim    $XX,XXX,XXX  ($XX,XXX,XXX – $XX,XXX,XXX)

4. Your Individual Claim Amount    $XXX,XXX (see below for a breakdown and explanation)

5. Aggregate LTD Claim    $XX,XXX,XXX

6. Estimated Ratio of LTD General    zz.zz%
   Unsecured Claim to Aggregate LTD Claim

7. Estimated Recovery on LTD General    zz.zz%
   Unsecured Claim

   [TO BE INCLUDED ONLY IF THE LTD COMMITTEE HAS SIGNED A CONTRACT FOR THE SALE OF THE LTD GENERAL UNSECURED CLAIM PRIOR TO PREPARATION OF THE NOTICE.]

8. Your Estimated Individual    $XXX,XXX  (zz.zz% of Net LTD General Unsecured Claim)
   Settlement Amount

## YOUR INDIVIDUAL CLAIM BY BENEFIT CATEGORY

Your total Individual Claim is the sum of the claims for each of the categories[6] of LTD Benefits you are currently receiving under the LTD Plans.  Your Individual Claim amount has been estimated by projecting the

---

[6]    There are five categories of benefits:  income replacement, medical, life insurance, accidental death and dismemberment insurance and long-term investment plan.

expected future benefits for each category of LTD Benefits and calculating their present value. The projection and present value calculation was based on actuarial assumptions regarding your likelihood of recovering or dying from actuarial tables published by the Society of Actuaries for disabled populations and by taking into account the time value of money.

The following table shows your Individual Claim for each benefit category and your Estimated Individual Estimated Settlement Amount:

[INFORMATION REGARDING YOUR ESTIMATED RECOVERY ON THE LTD GENERAL UNSECURED CLAIM AND YOUR ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT WILL BE INCLUDED ONLY IF THE LTD COMMITTEE HAS SIGNED A CONTRACT FOR THE SALE OF THE LTD GENERAL UNSECURED CLAIM PRIOR TO PREPARATION OF THE NOTICE.]

| Benefit Category | Individual Claim Amount | Estimated Settlement Ratio | Estimated Recovery on LTD General Unsecured Claim[7] | Your Estimated Individual Settlement Amount |
|---|---|---|---|---|
| Income Replacement Monthly Benefit Net of Offset | $XX,XXX | zz.zz% | zz.zz% | $XX,XXX |
| Medical Benefit | $XX,XXX | zz.zz% | zz.zz% | $XX,XXX |
| Life Insurance | $XX,XXX | zz.zz% | zz.zz% | $XX,XXX |
| Accidental Dismemberment & Death Insurance | $XX,XXX | zz.zz% | zz.zz% | $XX,XXX |
| Long-Term Investment Plan Monthly Benefit | $XX,XXX | zz.zz% | zz.zz% | $XX,XXX |
| Total | $XX,XXX | zz.zz% | zz.zz% | $XX,XXX |

The attached table shows your Individual Claim and your share of the Estimated Individual Settlement Amount by benefit category in relation to other LTD Employees (without identifications). Your data and information are displayed in the row with index number yy.

Advisors to the LTD Committee have calculated the amounts set forth in the table above. The LTD Committee reserves the right to adjust these amounts, including, without limitation, your Estimated Individual Settlement Amount, based on additional information received prior to the date of the Fairness Hearing. Accordingly, these amounts, as ultimately approved by the Court, may vary from the amounts listed in the attached table.

---

[7]       This column will only be completed if the LTD Committee has signed a contract for the sale of the LTD General Unsecured Claim prior to the preparation of the Notice.

**The information set forth in this Notice only determines your entitlement to receive a share of distributions of the Settlement Amount.  The Settlement Amount will be based, among other things, on the amount of distributions made by the Debtors on the LTD General Unsecured Claim under a plan of reorganization, or if the LTD General Unsecured Claim is sold, on the amount received by the LTD Committee for the LTD General Unsecured Claim, and if applicable, on any taxes withheld by the Debtors or a third party to whom the LTD General Unsecured Claim is sold.  The LTD Committee is currently exploring the sale of the LTD General Unsecured Claim, which may result in the sale of the LTD General Unsecured Claim for less than the full amount of the LTD General Unsecured Claim.  No assurances can be provided as to the amount you may ultimately recover whether from a sale of the LTD General Unsecured Claim or a direct distribution under a plan of reorganization.**

**Additionally, your Estimated Individual Settlement Amount will vary based upon personal factors including, but not limited to, age, benefit elections, pre-disability income and number of dependents, if any, and is an estimate of the amount of money you will receive, before subtracting amounts owed for applicable taxes and settlement administration costs.**