**EXHIBIT C**

*Final Settlement Approval Order*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ X | | |
| *In re* | : | Chapter 11 |
| Nortel Networks Inc., *et al.*, [1] | : | Case No. 09-10138 (KG) |
| Debtors. | : | Jointly Administered |
| | : | **Related D.I.: 8067** |
| ------------------------------------------------------------ X | | |
| OFFICIAL COMMITTEE OF LONG TERM | : | Adv. Proc. No. 12-50995 (KG) |
| DISABILITY PLAN PARTICIPANTS, on behalf of | : | **Related D.I.: 1** |
| and as agent for a class of individual participants and | : | |
| beneficiaries under various NORTEL NETWORKS | : | |
| HEALTH AND WELFARE BENEFIT PLANS, | : | |
| Plaintiffs, | : | |
| v. | : | |
| NORTEL NETWORKS INC., *et al.*, | : | |
| Defendants. | : | |
| ------------------------------------------------------------ X | | |

**ORDER (A) APPROVING THE SETTLEMENT AGREEMENT ON A
FINAL BASIS, (B) CERTIFYING A CLASS FOR SETTLEMENT PURPOSES
ONLY ON A FINAL BASIS, (C) AUTHORIZING THE DEBTORS
TO TERMINATE THE LTD PLANS, AND (D) GRANTING RELATED RELIEF**

Upon the joint motion dated January 18, 2013 (the "Joint Motion"),[2] Nortel Networks

Inc. ("NNI") and certain of its affiliates that are debtors and debtors in possession in the above-

captioned cases, (collectively, the "Debtors") and the Official Committee of Long Term

Disability Participants, acting on behalf of and as agent for employees (the "LTD Employees")

of the Debtors that are participants in the Debtors' Long Term Disability Plan (the "LTD

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion.

Committee," and together with the Debtors, the "Movants"), seek *inter alia*, entry of an order, as more fully described in the Joint Motion, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), applicable hereto by Bankruptcy Rule 7023, (i) approving the Settlement Agreement among the Parties on a final basis, (ii) certifying the proposed Settlement Class for settlement purposes only, and appointing the Class Representatives and Class Counsel on a final basis, (iii) authorizing the Debtors to terminate the LTD Plans, and (iv) granting related relief; and the Court having reviewed and considered the Joint Motion, and after due deliberation thereon, and good cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.  This Court has jurisdiction over the Joint Motion pursuant to 28 U.S.C. §§ 157 and 1334, and, to the extent applicable, the Parties consent to the Court hearing, determining and entering appropriate orders and judgments regarding the relief sought in the Adversary Proceeding pursuant to 28 U.S.C. § 157(c)(2);

B.  Venue of these cases and the Joint Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

C.  The statutory predicates for the relief sought in the Joint Motion are sections 105(a) and 363(b) of the Bankruptcy Code, Rule 9019 of the Bankruptcy Rules and Rule 23 of the Civil Rules;

D.  The Court has entered an Order on [**DATE**] (i) preliminarily approving the Settlement Agreement among the Parties, (ii) conditionally certifying the Settlement Class for

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

settlement purposes only, appointing the Class Representatives and approving the Settlement Class's representation by counsel to the LTD Committee, Elliott Greenleaf, as class counsel ("Class Counsel"), (iii) approving the Notice Procedures, (iv) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement, and (v) granting related relief [D.I. ●] (the "Preliminary Settlement Approval Order");

E.  Notice of the Joint Motion has been provided via first class mail to (i) the U.S. Trustee; (ii) counsel to the Bondholder Group; (iii) counsel to the UCC; (iv) the LTD Employees; (v) the Active Employees; (vi) the COBRA Participants; (vii) counsel to the Retiree Committee; and (viii) the general service list established in these chapter 11 cases, and no further or other notice is required under the circumstances;

F.  Based upon the affidavits of service and publication filed with the Court: (a) notice of and service of the Joint Motion, Settlement Notice and Publication Notice was adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings, and complied with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Preliminary Settlement Approval Order, and (b) all interested persons and entities were afforded a reasonable opportunity to object and be heard with respect to the Joint Motion, the Settlement Agreement, the termination of the LTD Plans and all other relief requested therein;

G.  Pursuant to the Preliminary Settlement Approval Order, the Settlement Class has been conditionally certified, solely for purposes of settlement of the Adversary Proceeding and the LTD Termination Motion, pursuant to Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023, and the Class Representatives and Class Counsel have been conditionally approved, and in accordance with Rules 23 and 7023, such certification and approval shall be final;

H.    The Settlement Class satisfies the certification requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2), and Federal Rules of Bankruptcy Procedure 7023(a) and 7023(b)(2); and the Debtors, the Class Representatives, and the LTD Committee finally consent to the final certification of the Settlement Class, solely for the purpose of settlement of the Adversary Proceeding. Adequate notice of the Settlement Agreement has been given as set forth herein to all interested parties, and no other or further notice is necessary;

I.    For purposes of settling the Adversary Proceeding, Class Counsel is sufficiently qualified, has extensive experience handling class actions and employee-related matters and has been appointed class counsel in multiple representative class actions;

J.    For purposes of settling the Adversary Proceeding, the Class Representatives do not have interests antagonistic to those of the Settlement Class;

K.    For purposes of settling the Adversary Proceeding, the Settlement Class consisting of approximately 200 members is so numerous that joinder of all members is impracticable;

L.    For purposes of settling the Adversary Proceeding, there are questions of law and/or fact common to all members of the Settlement Class;

M.    For purposes of settling the Adversary Proceeding, the claims of the Class Representatives are typical of the claims of the Settlement Class, including in terms of the legal theory advanced and the factual circumstances underlying that theory;

N.    For purposes of settling the Adversary Proceeding, the Class Representatives are not subject to a defense that is both inapplicable to many members of the Settlement Class and likely to become a major focus of the litigation;

O.   For purposes of settling the Adversary Proceeding, the Class Representatives' interests and incentives are sufficiently aligned with those of the Settlement Class;

P.   For purposes of settling the Adversary Proceeding, Class Counsel, the LTD Committee and the Class Representatives have fairly and adequately protected the interests of the Settlement Class;

Q.   For purposes of settling the Adversary Proceeding, questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only the individual members;

R.   For purposes of settling the Adversary Proceeding, settlement through a class action under Civil Rule 23(b)(2) is superior to other available methods of resolving the claims alleged in the Class Complaint and the other claims released in the Settlement Agreement;

S.   The proposed Class Representatives and Class Counsel adequately represent the interests of the Settlement Class;

T.   The Settlement Agreement and its terms were negotiated by the Debtors and the LTD Committee in good faith and at arm's length;

U.   For purposes of settling the Adversary Proceeding, there was sufficient discovery conducted by the Parties prior to entering into the Settlement Agreement;

V.   For purposes of settling the Adversary Proceeding, the Debtors have acted or refused to act on grounds that apply generally to the Settlement Class;

W.   For purposes of settling the Adversary Proceeding, any monetary relief provided by the Settlement Agreement, including allowance of the LTD General Unsecured Claim, is incidental to the declaratory relief sought;

X. For purposes of settling the Adversary Proceeding, final injunctive or corresponding declaratory relief is appropriate with respect to the Settlement Class as a whole;

Y. The Debtors have demonstrated compelling and sound business justifications for entering into the Settlement Agreement;

Z. The legal and factual bases set forth in the Joint Motion and the record in these proceedings establish just cause for the relief requested therein, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest;

AA. Entry into the Settlement Agreement is in the best interests of the Debtors, the Debtors' estates and creditors, the LTD Committee, the LTD Employees, the Class Representatives and the members of the Settlement Class who are all receiving fair and reasonable value under the Settlement Agreement;

BB. The terms of the Settlement Agreement are fair, reasonable and adequate under Civil Rule 23, incorporated by Rule 7023 of the Bankruptcy Rules, and the nine factor test set forth by the Third Circuit in <u>Girsh v. Jepson</u>, 521 F.2d 153 (3d Cir. 1975);

CC. The Debtors provided the LTD Committee and LTD Employees with all relevant information necessary to assess the Settlement Agreement;

DD. The Debtors have met and been available to meet with the LTD Committee at all reasonable times;

EE. Termination of the LTD Plans is necessary to permit the reorganization of the Debtors and to further the resolution of their chapter 11 cases;

FF. The Settlement Agreement should be finally approved;

GG. The Settlement Agreement does not constitute a sub rosa plan of reorganization and the entry into and performance under the Settlement Agreement, as well as the Settlement Notification Procedures do not constitute the solicitation of a vote on a plan of reorganization;

HH. The Debtors' and the LTD Committee's decisions to enter into the Settlement Agreement are consistent with their fiduciary duties and do not give rise to any claim or remedy against the Debtors or the LTD Committee, except as may be expressly set forth in this Order or the Settlement Agreement;

II. The Court has held a Fairness Hearing on April 30, 2013 to consider final approval of the Settlement Agreement, at which the Parties to the Joint Motion made the necessary showing to justify approval of the Settlement Agreement and termination of the LTD Plans and all objections raised to final approval of the Settlement Agreement, if any, were overruled;

JJ. All members of the Settlement Class are bound by this Order and the terms of the Settlement Agreement;

KK. Upon termination of the LTD Plans and the Retiree Welfare Plans, the Debtors do not maintain any group health plans for their employees;

LL. Other good and sufficient cause exists for granting the relief requested in the Joint Motion; and it is therefore:

**ORDERED ADJUDGED AND DECREED THAT:**

1. The Joint Motion is GRANTED and objections, if any, thereto are OVERRULED.

2. The Settlement Agreement attached as Exhibit A to the Joint Motion is approved in its entirety as fair and reasonable.

3. The Debtors are authorized, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, to enter into the Settlement Agreement and to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Settlement Agreement.

4. The LTD Committee, Class Representatives and Class Counsel are authorized and directed to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Settlement Agreement.

5. The Settlement Class is certified, solely for purposes of settlement of the Adversary Proceeding, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) and Federal Rule of Bankruptcy Procedure 7023.

6. For settlement purposes only, Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones, are hereby appointed as Class Representatives.

7. For settlement purposes only, Elliott Greenleaf is hereby appointed Class Counsel.

8. Without admitting or denying liability, and solely for the purpose of settlement, the Debtors consent to the entry of an order against them on Count II of the Class Complaint declaring that they cannot terminate any of the LTD Plans, as defined herein, with respect to any of the LTD Employees, unless and until NNI allows a general non-priority, unsecured claim in favor of the LTD Committee in the gross amount of $28 million based on a hypothetical termination date of March 31, 2013, minus the costs (for purposes of settlement, calculated as $680,000 per month) for the transition period of April 1, 2013 through May 31, 2013, resulting in a general non-priority, unsecured claim in the gross amount of $26,640,000, for benefits under the LTD Plans (where such general non-priority, unsecured claim in the gross amount of

$26,640,000 shall constitute the "LTD General Unsecured Claim"). The LTD General Unsecured Claim shall be allowed as of the date that this Order approving the Settlement Agreement has become a final and non-appealable order (the "Effective Date"), and such relief is hereby granted.

9. The LTD Committee shall have the right to sell, assign or convey the LTD General Unsecured Claim without further order of the Court, subject to compliance with Federal Rule of Bankruptcy Procedure 3001.

10. The Debtors shall make distributions on the allowed LTD General Unsecured Claim in accordance with an effective plan confirmed under section 1129 of the Bankruptcy Code (the "Plan"). The "Settlement Amount" shall constitute the net recovery to the LTD Committee on the allowed LTD General Unsecured Claim, whether through a distribution under the Plan, or the sale, assignment or conveyance of the LTD General Unsecured Claim, less the Settlement Administration Costs. The LTD Committee shall have sole responsibility for distribution of the Settlement Amount pursuant to the Apportionment Methodology.

11. Distributions of the Settlement Amount in accordance with the Apportionment Methodology shall be made to members of the Settlement Class in accordance with the schedule attached as Exhibit 1 hereto (the "Individual Recovery Schedule"), which was prepared by Alvarez & Marsal at the direction of the LTD Committee. Members of the Settlement Class shall not be entitled to recover any amounts from the Settlement Amount in excess of their scheduled recovery as provided on the Individual Recovery Schedule.

12. The allowance of the LTD General Unsecured Claim shall be in full and final settlement of all LTD Claims of the members of the Settlement Class. For the avoidance of doubt, the Settlement Agreement shall be held to resolve any and all potential claims arising

from or related to the LTD Claims of the LTD Employees; and the LTD Claims of the LTD Employees shall be enforceable only against the Settlement Amount, which shall be the sole source of recourse for their LTD Claims.  The commencement or continuation of any action, the employment of any process or any act to collect, recover or offset any LTD Claim that any of the LTD Parties had, have or may have against the Debtor Releasees is hereby forever barred and enjoined.

13. The Debtors are entitled to and shall terminate all LTD Plans in their entirety, including, for the avoidance of doubt, all coverage and benefits provided to LTD Employees, Active Employees and COBRA Participants thereunder, on the Termination Date (to the extent not previously terminated), subject to allowance of the LTD General Unsecured Claim.

14. Upon the Effective Date, except as provided for by the terms of the Settlement Agreement, the LTD Committee; the LTD Committee Member Parties; and each LTD Employee, in his or her individual capacity, and in his or her capacity as a member of the LTD Class; each of its, his or her respective spouses, dependents, heirs, distributees, executors, administrators, members, officers, directors, agents, representatives, successors and assigns; and any purchaser, transferee or assignee of the LTD General Unsecured Claim or any LTD Employee's LTD Claim (collectively, the "LTD Parties") shall hereby knowingly and voluntarily release and forever discharge the Debtors, their estates, the LTD Plans, the LTD Plan administrators, the members of all Nortel benefit plan committees (including, without limitation, the Employee Benefits Committee, the Joint Leadership Resources Committee, the Compensation and Human Resources Committee and any predecessors thereto), the UCC, and the Bondholder Group, and each of their respective past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, administrators, liquidators, directors,

officers, employees, managers, agents, attorneys, solicitors, trustees, fiduciaries, accountants and advisors, and each of all of their respective predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the LTD Parties now have, had, may have had, or hereafter may have against any of the Debtor Releasees.  This Release provides for and effectuates a discharge of the Debtor Releasees to the full extent permitted by applicable law with respect to any and all LTD Claims and Untimely Run Off Claims.

15.   Any and all proofs of claim filed on account of, or which, to any extent, include LTD Claims, including, but not limited to, claims arising from or relating to modifications to or the termination of LTD Plans, shall be disallowed and expunged from the Debtors' claims register on the Effective Date, solely with respect to the portion of the proof of claim relating to the LTD Claims.  Nothing herein or in the Settlement Agreement shall waive or limit defenses available to the Debtors and their successors and assigns against a proof of claim that has been or may be filed against the Debtors in the Chapter 11 Cases, including but not limited to an objection to the claim based on a failure to timely file such claim on or before the applicable bar date, or to the extent that such claim is raised in violation of the Settlement Agreement.  The Debtors' claims agent shall be authorized to make any and all appropriate modifications to the official claims register maintained in the Debtors' cases as necessary to reflect the terms of the Settlement Agreement and this Order.

16.   Upon the Effective Date, except as provided for by the terms of the Settlement Agreement, the Debtors, their estates, successors and assigns (the "Debtor Parties") will hereby knowingly and voluntarily release and forever discharge the LTD Parties and all of their advisors

11

(collectively, the "LTD Releasees") from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtor Parties now have, had, may have had, or hereafter may have against any of the LTD Releasees. This Release provides for and effectuates a discharge of the LTD Releasees to the full extent permitted by applicable law with respect to any and all claims arising out of or relating to the LTD Plans, Untimely Run Off Claims and/or the LTD Claims.

17. The Debtors may rely on the Settlement Agreement as a basis for objecting to individual proofs of claim to the extent that such individual proofs of claim are addressed therein, and the Debtors may effect such resolution through filing with the Court objections to such claims on notice to the individual claimants.

18. Within ten (10) days of the Effective Date, all discovery requests relating to the LTD Termination Motion and Class Complaint propounded by either party shall be withdrawn with prejudice, the Debtors shall withdraw with prejudice the LTD Termination Motion, and the LTD Committee shall dismiss with prejudice the Adversary Proceeding.

19. It is hereby ordered that to the extent the LTD General Unsecured Claim is sold, transferred or assigned by the LTD Committee prior to the time any distributions are made by NNI in respect of such claim, the Debtors shall not be required to withhold taxes on behalf of any person with respect to the LTD General Unsecured Claim or any distributions made with respect to such claim. The Debtors are entitled to rely on this Order in good faith and shall have no liability relating to the withholding of taxes or the issuance of form W-2s. NNI shall have the right to seek recovery from the other Debtors for some portion of the amount distributable on

account of the LTD General Unsecured Claim, after consultation with the UCC and the Bondholder Group, either before or after such payment is made.

20. The failure to specifically describe or include any particular provision of the Settlement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety.

21. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
      Wilmington, Delaware      _____
                                                                THE HONORABLE KEVIN GROSS
                                                               CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1
*Individual Recovery Schedule*

**To be delivered to the Bankruptcy Court by the LTD Committee within ten (10) business days of the Debtors serving the Settlement Notice.**