**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | : X | |
|---|---|---|
| *In re* | : | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| Debtors. | : | Jointly Administered |
| | : | **Related D.I.: 8067** |
| | : | |
| ------------------------------------------------------------- | X | |
| OFFICIAL COMMITTEE OF LONG TERM | : | Adv. Proc. No. 12-50995 (KG) |
| DISABILITY PLAN PARTICIPANTS, on behalf of | : | **Related D.I.: 1** |
| and as agent for a class of individual participants and | : | |
| beneficiaries under various NORTEL NETWORKS | : | **Preliminary Hearing Date: February 14,** |
| HEALTH AND WELFARE BENEFIT PLANS, | : | **2013 at 10:00 am (EST);** |
| Plaintiffs, | : | |
| v. | : | |
| NORTEL NETWORKS INC., *et al.*, | : | **Preliminary Hearing Objections Due:** |
| Defendants. | : | **February 4, 2013 at 4:00 pm (EST)** |
| ------------------------------------------------------------- | X | |

**DECLARATION OF RAFAEL X. ZAHRALDDIN IN SUPPORT OF
JOINT MOTION PURSUANT TO SECTIONS 363 AND 105 OF THE
BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023
TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT
REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B)
CONDITIONALLY CERTIFY A CLASS
FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE
PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND
(II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT,
(B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS
<u>TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF</u>**

Rafael X. Zahralddin-Aravena hereby declares the following under penalty of perjury:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (b), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1. I am a Shareholder, Director and Chair of the Commercial Bankruptcy and Restructuring Practice in the firm of Elliott Greenleaf ("EG"), located at 1105 North Market St., Suite 1700, Wilmington, DE 19801. I am duly authorized to make this Declaration on behalf of EG.[2] I am admitted to practice law in the states of Delaware and California, the Commonwealth of Pennsylvania, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, as well as the United States Supreme Court. All facts set forth in this Declaration are based upon my personal knowledge or on information and belief as set forth herein.

2. I submit this Declaration at the request of the LTD Committee in support of the joint motion (the "Joint Motion") to obtain from the Court, the entry of preliminary and final orders pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), applicable hereto by Bankruptcy Rule 7023.

3. In the proposed preliminary order, the Movants seek: (i) preliminary approval of the Settlement Agreement between the LTD Committee and the LTD Committee Member Parties, on the one hand, and the Debtors, on the other hand, pursuant to Bankruptcy Rules 7023 and 9019; (ii) conditional (a) certification, solely for settlement purposes, of a class consisting of all LTD Employees as of the Termination Date,[3] (b) appointment of the Class Representatives, and (c) approval of EG, counsel to the LTD Committee, as Class Counsel; (iii) approval of the Notice Procedures; (iv) scheduling of a fairness hearing to consider final

---

[2] Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the same meanings ascribed to such terms in the Joint Motion.
[3] Pursuant to ¶ 6(a) of the Settlement Agreement, the Termination Date is defined as May 31, 2013 at 11:59 p.m. (prevailing Eastern Time), subject to the provisions of the Settlement Agreement.

approval of the Settlement Agreement and the establishment of dates prior thereto on which any objections to the proposed Settlement Agreement may be heard; and (v) the granting of related relief.

4.  As detailed herein, Class Counsel has the experience, knowledge and skill to vigorously litigate class action claims and previously was approved as counsel to the LTD Committee by this Court. In supporting this Settlement Agreement, EG has used its professional experience and judgment, as well as the professional assistance of financial advisors Alvarez & Marsal Healthcare Industry Group, LLC ("A&M") and actuaries Towers Watson, to guide the LTD Committee and the LTD Committee Member Parties in their determination that settling now on the terms and conditions set forth in the Settlement Agreement is reasonable and appropriate.

## BACKGROUND RELEVANT TO CLASS CERTIFICATION AND APOINTMENT OF CLASS COUNSEL

5.  On January 14, 2009, the Debtors, other than Nortel Networks (CALA) Inc.,[4] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only (the "Debtors' Chapter 11 Cases").

6.  The Office of the United States Trustee for the District of Delaware has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142].[5] In addition, an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[4] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' Chapter 11 Cases for procedural purposes [D.I. 1098].

[5] Except as specifically noted herein, all docket references shall relate to pleadings filed in the Debtors' Chapter 11 Cases, currently pending in this Court as Case No. 09-10138 (KG).

3

7. The Debtors previously sought to terminate the Retiree Welfare Plans and the LTD Plans by a motion filed in June 2010 (the "2010 Plan Termination Motion"). Based in part on the Third Circuit's ruling in *IUE-CWA v. Visteon Corp. (In re Visteon Corp.)*, 612 F.3d 210 (3d. Cir. 2010), the Debtors ultimately withdrew the 2010 Plan Termination Motion without prejudice on July 16, 2010 [D.I. 3651]. Thereafter, certain LTD Employees retained EG to represent their interests in the Debtors' Chapter 11 Cases.

8. On June 2, 2011, the Debtors filed a motion seeking appointment of a committee of retirees (the "Retiree Committee") to engage in discussions regarding the modification or termination of the Retiree Welfare Plans [D.I. 5568] (the "Retiree Committee Appointment Motion").

9. On June 3, 2011, several LTD Employees filed a joinder to the Retiree Committee Appointment Motion [D.I. 5594]. Contemporaneously, certain LTD Employees filed a motion seeking appointment of a committee as the official representative for LTD Participants [D.I. 5595] (the "LTD Committee Appointment Motion"). Additionally, multiple other LTD Employees filed correspondence with the Court supporting the relief sought in the Retiree and LTD Committee Appointment Motions. *See, e.g.*, D.I. 5659-61, 5670-76, 5678-81, 5694-5701, 5703-5708, 5712-5716 and 5760-5764.

10. On June 21, 2011, the Court ordered the appointment of the Retiree Committee for the sole purpose of serving as the authorized representative of the Retirees in connection with their rights under section 1114 of the Bankruptcy Code and for no other purpose [D.I. 5783]. On June 22, 2011, the Court authorized the appointment of the LTD Committee for the sole purpose of serving as the authorized representative of the LTD Employees in connection

4

with negotiations regarding the modification or termination of the LTD Plans [D.I. 5790] (the "LTD Committee Appointment Order").

11. On August 2, 2011 (the "Retention Date"), the LTD Committee was formed and selected EG as proposed counsel to the LTD Committee. The LTD Committee consists of the following members: Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts and Deborah Jones. See *Amended Notice of Appointment of Official Committee of Long-Term Disability Participants* [D.I. 6080]. Prior to the Retention Date, EG acted as counsel to Barbara Gallagher and 58 other LTD Employees.

12. On September 20, 2011, the Court entered an Order authorizing the employment and retention of EG as LTD Committee counsel, *nunc pro tunc* to August 2, 2011 [D.I. 6415] (the "EG Retention Order").

13. The LTD Committee was appointed under Bankruptcy Code section 1102(a)(2) "for the sole purpose of serving as the authorized representative of the LTD Participants in connection with negotiations regarding the modification or termination of the LTD Plan, and any claims relating thereto . . . ."[6] See EG Retention Order (emphasis added). EG and the LTD Committee have a fiduciary duty to examine any claims related to modification and termination of the LTD Plans, and to both analyze any proposal put forth by the Debtors, the UCC and/or the Bondholder Group, as well as develop a legal position and financial analysis to negotiate with these constituencies.

14. On October 24, 2011, the Court entered an Order authorizing the employment and retention of A&M as Financial Advisors to both the Retiree Committee and the LTD Committee *nunc pro tunc* to September 8, 2011 [D.I. 6679]. The LTD Committee

---

[6] On August 20, 2012, the Court entered an order lifting EG's fee cap with respect to the litigation contemplated by the LTD Termination Motion and other matters enumerated in the proposed litigation budget provided to the Office of the United States Trustee and shown to the Court [D.I. 8221].

Appointment Order provides that the Retiree Committee and the LTD Committee share financial advisors and actuarial services.

15. Soon after, in order to enter into negotiations in an informed manner, the LTD Committee, pursuant to Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, participated in several conferences with the Debtors regarding a pending 2004 request for an examination and production of documents. In lieu of an examination, the Parties agreed to respond to document requests related to the LTD Employees' benefits and claims. These requests were supplemented by data requests in order for A&M to prepare the complicated analysis necessary to allow the LTD Committee and its professionals to both 1) evaluate any proposal by the Debtors or the Creditors' Committee and 2) to provide for the LTD Committee the basis for alternatives and options related to the negotiations.

16. In order to further a consensual resolution, on March 28, 2012, the Debtors filed a motion (the "Mediation Motion"), seeking to have a mediator appointed to facilitate settlement discussions between the Debtors and the LTD Committee,[7] which was granted by Court Order on April 18, 2012.[8]

17. On July 30, 2012, the Debtors filed a motion seeking authority to terminate the LTD Plans and the employment of the LTD Employees (the "LTD Termination Motion").[9]

---

[7] See *Motion for Entry of an Order (I) Appointing a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long-Term Disability Plans; (II) Authorizing the Debtors to Pay the Costs of Engagement; and (III) Granting Related Relief* [D.I. 7463].

[8] See *Order (I) Appointing a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long-Term Disability Plans; (II) Authorizing the Debtors to Pay the Costs of Engagement; and (III) Granting Related Relief* [D.I. 7560].

[9] See *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8067].

18. On October 25, 2012, the LTD Committee filed *The Official Committee of Long Term Disability Participants' Objection to the Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long-Term Disability Plans and the Employment of the LTD Employees* [D.I. 8840] (the "LTD Committee Objection"). The LTD Committee Objection argues, among other things, that the LTD Plans did not reserve the Debtors' right to terminate LTD Benefits for those who were already disabled and currently receiving income continuation benefits.[10]

19. On November 19, 2012, Plaintiffs filed a *Verified Complaint for Declaratory and Injunctive Relief* against the Debtors (the "Class Complaint"), thereby commencing adversary proceeding number 12-50995 (KG) (the "Adversary Proceeding"). The Class Complaint seeks relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1101, *et seq*. ("ERISA"), alleging various claims for declaratory and injunctive relief, including a declaratory judgment that the governing LTD Plan documents do not permit the Debtors to terminate LTD Benefits for those LTD Employees who already are disabled and receiving income continuation benefits. Among other contentions, the Class Complaint further seeks equitable remedies under ERISA, including for alleged breaches of fiduciary duties under ERISA.

20. On or about November 26, 2012, the Plaintiffs agreed on a telephone call between LTD Committee Counsel and counsel to the Debtors that the time for the Debtors to answer, move or otherwise respond to the Class Complaint was adjourned *sine die* pending the conclusion of discovery regarding the LTD Termination Motion.

---

[10] At least 113 LTD Employees also filed one or more objections to the LTD Termination Motion on an individual basis, raising similar arguments.

21.     Since the appointment of the LTD Committee in August 2011, the Parties, as well as the UCC and the Bondholder Group, have devoted significant resources and attention to negotiating in good faith to seek the consensual termination of the LTD Plans and a settlement that would provide a fair and equitable resolution of any potential claims or rights held by the LTD Employees.  Such negotiations have taken place over hundreds of hours and have involved the exchange and analysis of thousands of pages of documents, the filing of multiple pleadings and the participation in multiple mediations.

22.     The Debtors have sent documents and information, totaling over 27,546 pages of documents, to the LTD Committee over the last year and a half.  These documents were produced on both a voluntary basis and in response to formal requests.  To date, the Debtors have provided the LTD Committee with various LTD Plan documents, LTD Employee communications, claims histories, and other information regarding the Debtors' employees and the Debtors' estates, assets and claims, including by compiling various benefit-related information in response to the Requests.  In addition, the Debtors' professionals and the LTD Committee's advisors have spent numerous hours on both regularly scheduled and individual conference calls since the appointment of the LTD Committee discussing and clarifying the data that the Debtors have produced to the LTD Committee.  Furthermore, the Debtors have provided certain information from LTD Employees' personnel files to each LTD Employee who requested it and copies of various documents produced in discovery to the LTD Committee to LTD Employees who served a discovery request on the Debtors.  Class Counsel does not believe at this time that any additional written fact discovery would be necessary for the Plaintiffs to continue with the adjudication of the Adversary Proceeding.

23. During the fall of 2012, the Debtors and the LTD Committee continued to work towards a consensual settlement that would allow the Debtors to terminate the LTD Plans while addressing the objections raised by the LTD Committee and certain LTD Employees. In addition to numerous telephone calls and discussions, the Parties' advisors met in person on September 21, 2012. Finally, the Debtors and the LTD Committee participated in an all-day mediation session with the Mediator on December 4, 2012. After many hours of negotiation, together with the UCC and Bondholder Group and participation of counsel to the Retiree Committee, the Parties were able to reach the primary terms of a settlement in principle. The Settlement Agreement embodies an agreement on the resolution of the LTD Termination Motion and the Adversary Proceeding, as ultimately memorialized by the Parties.

## CERTIFICATION OF CLASS COUNSEL

24. Pursuant to Civil Rule 23, in appointing class counsel the Court must consider four factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. See Fed. R. Civ. Proc. 23(g)(1)(A)(i)-(iv). When an applicant seeks appointment as class counsel, the court may appoint that applicant if the applicant is adequate under Civil Rule 23(g)(1) and (4). See Fed. R. Civ. Proc. 23(g)(2). All four factors support the appointment of EG as Class Counsel, as it will be best able to represent the interests of the Plaintiffs.

**Proposed Class Counsel's Work Identifying, Investigating and Litigating Plaintiffs' Potential Claims**

25. EG's experience in the Debtors' case on behalf of the Plaintiffs has spanned well over two years, as set forth above. During this time, EG has analyzed thousands of pages

of documents, researched multiple areas of law related to the Debtors' Chapter 11 Cases and the LTD Claims, engaged in numerous telephone conferences, negotiations, and mediation sessions with the Debtors, the UCC, the Bondholder Group and their respective professionals. Additionally, EG developed through discovery, research and analysis, multiple potential causes of action, which culminated in the filing of the LTD Committee Objection to the LTD Termination Motion and the Class Complaint. EG has also filed multiple pleadings on behalf of the LTD Committee and participated in several key contested Court hearings regarding the LTD Termination Motion and Class Complaint.

**Proposed Class Counsel's Class Action Experience**

26. EG employs fifty-six (56) full-time attorneys and has a sophisticated and diversified practice. Moreover, EG has significant experience in handling class actions and complex litigation.

27. EG has been appointed as class counsel in over fifteen major class actions, including, by way of example, multi-million dollar recoveries for employees and injured parties in In re One Meridian Plaza Fire Litigation, No. 91-2171 (E.D. Pa.); Ciccarone v. B.J. Marchese, Inc., No. 03-1660 (E.D. Pa.); In re Life USA Holding, Inc., No. 97-7827 (E.D. Pa.); Ciarlante v. Brown & Williamson Tobacco Corp., No. 95-4646 (E.D. Pa.); Loftus v. B.A.T. Industries, plc., No. 97-0182 (E.D. Pa.); Levell v. Monsanto Research Corp., No. 95-0312 (S.D. Ohio); Whitehead v. Vacation Charters Ltd., No. 3764 (Pa. Ct. Com. Pl. Phila. Cty.). EG also has extensive lead counsel experience in ERISA class actions, including in Boone v. Congoleum Corp., No. 95-5839 (E.D. Pa.) (class counsel), Gorini v. AMP, Inc., No. 99-2215 (M.D. Pa.) and in a number of national multi-district ERISA class action matters for Aetna, Inc.

28.     Furthermore, EG has substantial knowledge of the applicable law, as it not only has substantial experience as plaintiffs' counsel, but also as defense counsel. EG recently defended Luzerne County, Pennsylvania and Luzerne County government officials in class actions and hundreds of consolidated individual high profile constitutional and civil rights actions filed by several experienced law firms in federal court. EG successfully obtained dismissals of all claims against the government officials, entities and agencies whom they represented, in all of these cases. See Wallace v. Powell, No. 3:09-cv-286, 2009 WL 6850318 (M.D. Pa. Nov. 20, 2009); Belanger v. Ciavarella, No. 3:10-CV-1405, 2011 WL 1601627 (M.D. Pa. Apr. 27, 2011); Wallace v. Powell, No. 3:09-CV-286, 2011 WL 6003916 (M.D. Pa. Nov. 30, 2011).

29.     EG has also defended employers and officials in numerous pending and/or recent federal constitutional, employment and/or equal protection cases including: Ellis v. City of Philadelphia, No. 10-7611 (E.D. Pa.); Alvaro v. Montgomery County Correctional Facility, No. 10-1256 (E.D. Pa.); Amaro v. Detective Kelly, No. 06-3131 (E.D. Pa.); Beasley v. Carrillo, No. 10-1180 (E.D. Pa.); Bendy v. Correctional Medical Care Inc., No. 06-1081 (E.D. Pa.); Boggs v. Doe, No. 09-4400 (E.D. Pa.); Bryant v. Montgomery County Correctional Facility, No. 10-0009 (E.D. Pa.); D'Agostino v. Montgomery County, No. 11-7728 (E.D. Pa.); Defreitas v. Montgomery County Correctional Facility, No. 08-5330 (E.D. Pa.); Dreher v. CMC-Correctional Medical Care, Inc., No. 07-3254 (E.D. Pa.); Frye v. Sellers, No. 06-0025 (E.D. Pa.); Grange v. County of Montgomery, No. 10-3349 (E.D. Pa.); Holmes v. Seltzer, No. 06-1427 (E.D. Pa.); Livingston v. John Doe Appel, No. 11-2764 (E.D. Pa.); Mayes v. Montgomery County Correctional Facility, No. 06-0131 (E.D. Pa.); McMonigle v. Correctional Medical Care Inc., No. 11-0331 (E.D. Pa.); Ramalho v. Montgomery County

Correctional Facility, No. 06-2036 (E.D. Pa.); Seamon v. Algarin, No. 06-4553 (E.D. Pa.); Wagner v. Algarin, No. 10-2513 (E.D. Pa.); Willis v. Montgomery County Correctional Facility, No. 10-1326 (E.D. Pa.); Wilson v. Algarin, No. 11-5568 (E.D. Pa.); Young v. Slatowski, No. 07-4840 (E.D. Pa.); and Doe v. Luzerne County, No. 04-1637 (M.D. Pa.).

30. Mary E. Kohart, Esq., the litigator with primary responsibility for the Adversary Proceeding, has significant experience as plaintiffs' counsel and has defended many private businesses sued in class actions. See In re IKON Office Solutions, Inc. Sec. Litig., No. 98-4286 (E.D. Pa.) and, on appeal, No. 01-1553 (3d Cir.) (obtained and defended on appeal summary judgment ruling on loss causation and scienter grounds in consolidated fraud-on-the-market class actions under section 10(b) of the Exchange Act and section 11 of the Securities Act resulting from the audit client's $110 million charge to restated earnings); Wolfson v. Meritor Sav. Bank (E.D. Pa.) (awarded complete defense verdict for savings bank after two-week jury trial in a fraud-on-the-market securities class action relating to goodwill write-downs and the sufficiency of loss reserves.); In re Baby Food Antitrust Litig., No. 92-5495 (D.N.J.) and, on appeal, No. 97-5609 (3d Cir.) (representation of Ralston Purina in successful defense of a price fixing class action).

31. She has also been instrumental in protecting the interests of absent parties by addressing issues of fairness, the prevalence of common issues and the adequacy of representation in cases where classes had already been certified.

32. These are only recent and illustrative cases, as the lawyers of EG have extensive experience in class action and employment class action cases.

**Proposed Class Counsel's Knowledge of Applicable Law**

33.     EG has represented the interests of the Plaintiffs for well over two years.  This representation has involved substantial time and resources indentifying and investigating the potential claims and causes of actions of the LTD Employees, and ultimately resulted in the filing of the Class Complaint.  As the Court can see from its review of the fee applications filed to date, this team of qualified and zealous attorneys have conducted extensive research and thoroughly analyzed the factual and legal issues in this action.  Plaintiffs pursued theories of liability and settlement options affording the greatest likelihood of success on behalf of the Plaintiffs.

34.     Additionally, EG has nationally recognized employment law and bankruptcy practices.  Indeed, several senior attorneys that have primary responsibility in this case have between twenty and thirty years of experience in these practice areas.  Accordingly, EG's knowledge of the applicable ERISA and bankruptcy law, as evidenced by the Class Complaint and other pleadings submitted in the Case, and the depth of experience and expertise in these areas of law as described herein and in the *Affidavit of Rafael X. Zahralddin-Aravena in Support of the Application for an Order Authorizing the Employment and Retention of Elliott Greenleaf as Counsel to the Official Committee of Long-Term Disability Participants nunc pro tunc to June 22, 2011* (Exhibit A. to D.I. 8021), should be deemed more than adequate and provides that it is best able to represent the interest of the class pursuant to Civil Rule 23.

**Proposed Class Counsel's Resources Committed to Representation of the Class**

35.     As set forth herein, EG has already committed significant time and resources towards representation of the LTD Committee and LTD Employees.  EG's commitment to its clients has been vigilant and unwavering.  EG has the experience and skilled attorneys necessary to represent the interests of the LTD Employees.  Further, EG maintains the

resources to vigorously prosecute this action as all of its fees and expenses are being paid by the Debtors pursuant to order of this Court.

**Proposed Class Counsel's Ability to Fairly and Adequately
Represent the Interests of the Class**

36. Civil Rule 23(a)(4) requires that class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). As part of this inquiry, the Court must determine whether the representatives' interests conflict with those of the class and whether the class attorney is capable of representing the class. No such conflicts exist.

37. The Court previously directed that the LTD Committee be appointed to serve as the authorized representative of the LTD Employees in connection with negotiations regarding the modification or termination of the LTD Plan, and any related claims. Furthermore, committees organized under Section 1102 of the Bankruptcy Code are appointed to assure adequate representation of creditors. The claims of the Class Representatives in no way conflict with those of the members of the Settlement Class. They arise from the same legal question – whether the Debtors may terminate the LTD Plans under which all Settlement Class members receive LTD Benefits. Moreover, incidental to the declaratory relief being awarded to all LTD Employees under the Settlement Agreement, the Class Representatives, just as all of the other Settlement Class members, will receive benefits that are calculated using a uniform formula based on actuarial valuations. As such, none of the interests of the Class Representatives are in conflict with or antagonistic to members of the proposed Settlement Class.

38. Additionally, the Class Representatives are familiar with the underlying facts of the LTD Termination Motion and the Adversary Proceeding. By partaking in regularly-held meetings with Class Counsel to discuss legal strategy and factual analyses and participating in

many of the mediation sessions held amongst the Parties, the Class Representatives have acquired considerable personal experience with the ongoing litigation. The Class Representatives, as members of the LTD Committee, also have had access to certain information produced by the Debtors on a confidential basis, which was permitted to be shared only with LTD Committee members, professionals and advisors in accordance with the governing protective order. The Class Representatives therefore are able to adequately represent the interests of the Settlement Class.

39. Additionally, EG does not have any known conflicts with any members of the proposed Settlement Class. For the reasons set forth herein, EG has the experience and knowledge necessary to competently and vigorously represent the Settlement Class and should be appointed as Class Counsel.

[*Remainder of page left intentionally blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2013

                                                                RAFAEL X. ZAHRALDDIN-ARAVENA

Sworn to and Subscribed before
me on this 17th day of January, 2013

_____
Notary Public

THEODORE A. KITTILA
Attorney at Law - State of Delaware
Notarial Officer Pursuant to
29 Del.C. § 4323(a)(3)
My Commission Has No Expiration

16