IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. 9224**
:
------------------------------------------------------------X

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1114 AND
FED. R. BANKR. P. 9019 APPROVING FORM AND METHODS OF
NOTICE OF HEARING TO CONSIDER SETTLEMENT
AGREEMENT WITH THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES**

Upon the motion dated December 31, 2012 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 363 and 1114 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the form and manner of the Settlement Notice; and the Court having reviewed and considered the Motion, and after due deliberation thereon, and good cause appearing therefore:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The statutory predicates for the relief sought in the Motion are sections 105(a), 363(b) and 1114(e)(1)(B) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

D. Notice of the Motion has been provided to (i) the U.S. Trustee; (ii) counsel to the Retiree Committee; (iii) counsel to the LTD Committee; (iv) counsel to the Bondholder Group; (v) counsel to the UCC; (vi) holders of Retiree Claims; and (vii) the general service list established in these chapter 11 cases.

E. No further or other notice beyond that described in the foregoing Paragraph is required in connection with the Motion.

F. The Debtors proposed Settlement Notice, substantially in the form attached to this Order as <u>Exhibit 1</u>, the Debtors proposed Publication Notice, substantially in the form attached to this Order as <u>Exhibit 2</u>, and the proposed Retiree Committee Communications, substantially in the forms attached to this Order as <u>Exhibit 3</u>, <u>Exhibit 4</u>, and <u>Exhibit 5</u>, are each appropriate and reasonably calculated to provide all interested parties (including holders of Retiree Claims) with timely and proper notice of the Settlement Agreement and no other or further notice is required.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

## ORDERED ADJUDGED AND DECREED THAT:

1. That portion of the Motion seeking approval of the Notice Procedures is GRANTED and any objections thereto are OVERRULED.

2. The Debtors' proposed Settlement Notice, substantially in the form attached to this Order as <u>Exhibit 1</u> is APPROVED.

3. The Debtors' proposed Publication Notice, substantially in the form attached to this Order as <u>Exhibit 2</u> is APPROVED.

4. The Retiree Committee's proposed Statement, substantially in the form attached to this Order as <u>Exhibit 3</u> is APPROVED.

5. The Retiree Committee's proposed Ballot, substantially in the form attached to this Order as <u>Exhibit 4</u> is APPROVED.

6. The Retiree Committee's proposed Templates, substantially in the form attached to this Order as <u>Exhibit 5</u> are APPROVED.

7. The Notice Procedures, including the Settlement Notice, the Publication Notice, the Statement, the Ballot and Templates, are sufficient to provide effective notice to all interested parties of the Settlement Agreement and the Approval Hearing pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and are hereby APPROVED.

8. As soon as reasonably practicable after entry of this Order, the Debtors (or their agent) shall serve the Settlement Notice, substantially in the form attached to this Order as <u>Exhibit 1</u> upon (i) all Retirees receiving Benefits under the Retiree Welfare Plans and (ii) all individuals who have asserted Retiree Claims. The Debtors also shall publish a notice substantially in the form attached as <u>Exhibit 2</u> to this Order in <u>The Wall Street Journal</u> (National Edition), <u>Toronto Globe and Mail</u> (National Edition), <u>USA Today</u> (National Edition), <u>Raleigh</u>

News & Observer, Charlotte Observer, Dallas Morning News, Houston Chronicle, Tampa Bay Times, Orlando Sentinel, Miami Herald and San Jose Mercury News.

9.  As soon as reasonably practicable after entry of this Order, the Retiree Committee (or their agent) shall serve the Statement, substantially in the form attached to this Order as Exhibit 3, the Ballot, substantially in the form attached to this Order as Exhibit 4, and the completed Templates, substantially in the form attached to this Order as Exhibit 5, upon all Retirees receiving, or persons eligible to receive Benefits under the Retiree Welfare Plans.

10.  Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Settlement Agreement, shall file a formal objection that complies with the objection procedures as set forth in the Motion. Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the Approval Hearing.

11.  Any and all written objections as contemplated by this Order must be served on the following parties so as to be received on or before 4:00 pm on March 12, 2013 (the "Objection Deadline"): (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, Attn: Lisa M. Schweitzer, Esq., One Liberty Plaza, New York, New York 10006, Facsimile: (212) 225-3999 and Morris, Nichols, Arsht & Tunnell LLP, Attn: Derek C. Abbott, Esq., 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989, (ii) counsel to the Retiree Committee: Togut, Segal & Segal LLP, Attn: Albert Togut, Esq. and Neil Berger, Esq., One Penn Plaza, Suite 3335, New York, New York 10119, Facsimile: (212) 967-4258 (iii) counsel to the UCC: Akin Gump Strauss Hauer & Feld LLP, Attn: Lisa Beckerman, Esq., One Bryant Park, New York, New York 10036, Facsimile: (212) 872-1002, (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy LLP, Attn: Thomas J. Matz, Esq., One Chase Manhattan Plaza, New York, New York 10005, Facsimile: (212) 822-5885 and (v) the Office of the United

States Trustee: Attn: Mark Kenney, Esq., 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Facsimile: (302) 573-6497.

12. A hearing to consider the approval of the Settlement Agreement shall be held on April 2, 2013 at 10:00 a.m. (the "Approval Hearing").

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors and the Retiree Committee are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors and the Retiree Committee may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 23, 2013
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE