## Exhibit 1

**Settlement Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

*In re*

Nortel Networks Inc., *et al.*,[1]

                  Debtors.

-------------------------------------------------------- X

: Chapter 11

: Case No. 09-10138 (KG)

: Jointly Administered

: **Hearing Date: April 2, 2013 at 10:00 a.m. (ET)**
: **Objections Due: March 12, 2013 at 4:00 p.m. (ET)**

: **RE: 9224**

## NOTICE OF SETTLEMENT
## AGREEMENT IN DEBTORS' PROCESS TO
## TERMINATE RETIREE BENEFITS PURSUANT TO 11 U.S.C. § 1114

**THIS NOTICE CONTAINS INFORMATION REGARDING A SETTLEMENT THAT
WILL AFFECT YOUR RETIREE BENEFITS AND RELATED RIGHTS.
PLEASE READ IT CAREFULLY AND COMPLETELY.**

### Case Background

The above-captioned Debtors, (the "Debtors" or "Nortel") have provided certain benefits including life insurance, medical coverage, and long-term care insurance to the Debtors' retired employees, their surviving spouses, domestic partners and eligible dependents. These benefits are offered under formal and informal benefits plans, agreement and programs, which are referred to as the "Retiree Welfare Plans" in this notice.

In January 2009, Nortel filed for bankruptcy relief in the Bankruptcy Court for the District of Delaware. Since that time, Nortel has sold off its active businesses and terminated almost all of its active employees. In connection with its wind down, Nortel has sought to terminate the benefits that retirees have been receiving under the Retiree Welfare Plans ("Retiree Benefits"). A committee of retirees was appointed in August 2011 to represent the interests of the Debtors' retired employees with respect to the proposed termination of Retiree Benefits and negotiate on their behalf. This committee is referred to as the "Retiree Committee" in this notice.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

After more than a year of negotiations between Nortel and the Retiree Committee, including negotiations under the supervision of a Bankruptcy Court-appointed mediator, the parties have reached a settlement agreement (the "Settlement Agreement")[2] that would allow Nortel to terminate the Retiree Welfare Plans in exchange for making a payment that will be distributed among the Retirees[3] in a manner determined by the Retiree Committee. A copy of the Settlement Agreement is attached to this notice as Exhibit 1.

On December 31, 2012, Nortel filed the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 353 and 1114 and Fed. R. Bankr. P. 9019 Approving a Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9224] (the "Approval Motion"), asking the Court to approve the Settlement Agreement. Nortel previously filed a motion dated July 30, 2012, asking the court to terminate the Retiree Welfare Plans and to approve a settlement proposal that was not accepted by the Retiree Committee [D.I. 8066]. That motion will be withdrawn if the Court approves the Settlement Agreement and the Settlement Agreement becomes effective.

## Hearing

On April 2, 2013, the Court will hold a hearing on the Approval Motion to decide whether the Settlement Agreement should be approved. **If approved, the Settlement Agreement will authorize Nortel to terminate the Retiree Welfare Plans as of May 31, 2013, and discontinue providing benefits thereunder, and will release Nortel and other third parties from liability related to the Retiree Welfare Plans and Retiree Benefits in exchange for paying the Settlement Amount to the Retiree Committee. If you are a Retiree or may be entitled to Retiree Benefits under the Retiree Welfare Plans, your rights will be affected.** You should read the Settlement Agreement in its entirety. If you have questions regarding the proposed settlement, you may contact counsel to the Retiree Committee, Togut Segal & Segal, LLP, by either phone (212-594-5000); email (neilberger@teamtogut.com); or mail (Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attention: Albert Togut, Esq. and Neil Berger, Esq.), or consult with your own lawyer. You may also submit questions via the website maintained by the Retiree Committee: **www.kccllc.net/nortelretiree**. The terms of the Settlement Agreement are summarized below.

## Objection Deadline

**Any party wishing to object to the Settlement Agreement for any reason whatsoever, must file a response or objection (an "Objection"), to the Approval Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before March 12, 2013 (the "Objection Deadline").** The Objection must be in writing and signed by the objecting party or its counsel. The Objection must be in conformity with the Bankruptcy Rules and the Local Rules, and be served on the following parties so as to be received on or before March 12, 2013:

---

[2]     Capitalized terms used in this notice that are not defined herein shall have the meaning given to them in the Settlement Agreement.

[3]     For purposes of the Settlement Agreement, "Retirees" include the Debtors' retired employees, their surviving spouses, domestic partners and eligible dependents, and current employees of the Debtors (including, for the avoidance of doubt, LTD Employees) who may be eligible for benefits under the Retiree Welfare Plans.

(i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, Attn: Lisa M. Schweitzer, Esq., One Liberty Plaza, New York, New York 10006, Facsimile: (212) 225-3999 and Morris, Nichols, Arsht & Tunnell LLP, Attn:  Derek C. Abbott, Esq., 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989, (ii) counsel to the Retiree Committee: Togut, Segal & Segal LLP, Attn: Albert Togut, Esq. and Neil Berger, Esq., One Penn Plaza, Suite 3335, New York, New York 10119, Facsimile: (212) 967-4258, (iii) counsel to the Unsecured Creditors Committee: Akin Gump Strauss Hauer & Feld LLP, Attn: Lisa Beckerman, Esq., One Bryant Park, New York, New York 10036, Facsimile: (212) 872-1002, (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy LLP, Attn: Thomas J. Matz, Esq., One Chase Manhattan Plaza, New York, New York 10005, Facsimile: (212) 822-5885 and (v) the Office of the United States Trustee: Attn: Mark Kenney, Esq., 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Facsimile: (302) 573-6497.

**ANY PARTY WHO DOES NOT OBJECT TO THE SETTLEMENT AGREEMENT OR THE TREATMENT OF HIS OR HER CLAIM THEREUNDER (INCLUDING THE RELEASE OF CLAIMS) BY MARCH 12, 2013 ACCORDING TO THE PROCEDURES SET OUT ABOVE, AND ANY PARTY WHO PROPERLY FILES AN OBJECTION THAT THE COURT OVERRULES, WILL BE BOUND TO THE SETTLEMENT AGREEMENT AND HIS OR HER CLAIM WILL BE VALUED AND TREATED AS DESCRIBED IN THE SETTLEMENT AGREEMENT.  PARTIES WHO DO NOT TIMELY AND PROPERLY OBJECT OR WHOSE OBJECTIONS ARE OVERRULED BY THE BANKRUPTCY COURT WILL NOT BE ABLE TO SEEK ANY ALTERNATIVE RECOVERY OR REMEDY AGAINST THE DEBTORS, THE RETIREE COMMITTEE, OR ANY OTHER PARTY RELEASED UNDER THE SETTLEMENT AGREEMENT, OR AGAINST THE SETTLEMENT AMOUNT PAID BY THE DEBTORS TO THE RETIREE COMMITTEE.**

## Release of Claims

As described in more detail in this notice and in the Settlement Agreement, under the Settlement Agreement, all holders of Retiree Claims (as defined below) are entitled to payment only from the Settlement Amount and only in accordance with the Allocation Methodology described below.  If you are entitled to receive a payment from the Settlement Amount, a personalized statement listing the amount that you are entitled to receive will be enclosed with the *Statement of the Official Committee of Retired Employees of Nortel Networks Inc., et al. in Support of Debtors' Motion for Approval of Settlement Agreement and Termination of Retiree Benefits,* which you will receive separately (the "Retiree Committee Statement").  Under the Settlement Agreement, all Retiree Claims are otherwise being released and extinguished and you will not be entitled to further payment for such claims from the Settlement Amount, the Debtor Releasees, the Retiree Committee Releasees, or their respective advisors or successors.

## Proofs of Claims to be Disallowed

If the Settlement Agreement is approved by the Court, all proofs of claim on account of Retiree Claims will be disallowed and expunged from the Debtors' claim register on the Effective Date.  Enclosed with this notice are two exhibits (the "Claims Exhibits"):  Exhibit 2 lists Retiree Claims that will be disallowed and expunged in their entirety as part of the settlement and Exhibit 3 lists proofs of claim for which only the portion related to Retiree Claims will be expunged.  **If you have filed a proof of claim in the Debtors' bankruptcy cases, you**

should locate your name and claim in Exhibits 2 and 3 and review the Claims Exhibits carefully. **The Debtors are not seeking to affect any rights that you may have with respect to Excluded Claims under the Settlement Agreement. If you fail to object in accordance with this notice by the Objection Deadline, the Court may partially or wholly disallow and expunge your claim without further notice or hearing.**

## The Settlement Agreement

The following is a summary of the primary terms of the Settlement Agreement. This summary is provided as background, and you should read the full and complete copy of the Settlement Agreement that is enclosed. In the case of any conflicts, the terms of the Settlement Agreement governs the settlement. You should consult with counsel to the Retiree Committee or your own lawyer if you have questions. Nortel cannot provide you with legal advice. Under the proposed Settlement Agreement and the proposed order approving the Settlement Agreement:

- Termination of Retiree Welfare Plans. If the Bankruptcy Court approves the Settlement Agreement, the Debtors will terminate all Retiree Welfare Plans including, for the avoidance of doubt, all coverage and benefits provided thereunder, on **May 31, 2013** (the "Termination Date").[4]

- Retiree Welfare Plans Run Off Period. If the Bankruptcy Court approves the Settlement Agreement, the time period for making a claim for reimbursement for benefits covered by the relevant Retiree Welfare Plans for claims incurred prior to the Termination Date shall be reduced to six months following the Termination Date (the "Run Off Period"). Claims for reimbursement for benefits covered by the relevant Retiree Welfare Plans for claims incurred prior to the Termination Date which are not timely and properly made in accordance with the relevant Retiree Welfare Plans prior to the earlier of (i) the current run off period under the relevant Retiree Welfare Plan or (ii) expiration of the Run Off Period, shall be disallowed for all purposes (and the Debtors' Claims Agent will be authorized to make an appropriate notation on the Official Claims Register maintained in the Debtors' cases, as necessary) (the "Untimely Run Off Claims").

- Settlement Amount. The Settlement Amount shall be equal to $66,879,000 (the "Settlement Amount").[5]

- Apportionment Methodology.

  o The Retiree Committee and its Successors shall have sole responsibility for applying the Apportionment Methodology and the calculation of Retiree Claims for purposes of distributing the Settlement Amount.

---

[4]    In the event the Debtors and the Retiree Committee agree in writing to extend the Termination Date to June 30, 2013, the Settlement Amount would be reduced to $66,172,000.

[5]    In the event the Debtors and the Retiree Committee agree in writing to extend the Termination Date to June 30, 2013, the Settlement Amount would be reduced to $66,172,000.

o   The Retiree Committee has determined that it intends to allocate the Settlement
Amount less the Settlement Administration Costs (as defined below) to all
eligible holders of Retiree Claims in accordance with the following
"Apportionment Methodology," based upon each holder's share of the aggregate
value of Retiree Claims for each of the enumerated categories of benefits below
through the provision of insurance benefits and/or Health Reimbursement
Accounts ("HRA"):

- the Retiree Committee intends to have the VEBA (as defined
  below) attempt to obtain a group medical insurance policy (the
  "Medical Policy") for the benefit of the holders of Retiree Claims
  who are eligible for medical insurance benefits under the
  applicable Retiree Welfare Plans or the terms of the Settlement
  Agreement, provided that the Election Threshold (which is
  described in the Retiree Committee Statement) is satisfied.  The
  Retiree Committee intends that the amount that the VEBA will
  expend for this benefit will be based on the aggregate actuarial
  liability for the medical benefits provided under the Retiree
  Welfare Plans as a percentage of the aggregate actuarial liability
  for all types of benefits for which the Settlement Amount is
  intended to compensate, subject to the decisions of the Retiree
  Committee's Successors and the additional terms stated in the
  Settlement Agreement;

- the Retiree Committee or its Successors may, in their discretion,
  choose to allocate to HRAs portions of the Settlement Amount that
  are based in whole or in part on the proportionate actuarial
  valuation of each claim for post-Termination Date Retiree Benefits
  under the Nortel Networks Inc. Retiree Life Insurance and Long-
  Term Care Plan for Retirees, and in the event that a Medical Policy
  is not obtained, the Nortel Networks Inc. Retiree Medical Plan, or
  any predecessor of either plan, each as amended or modified from
  time to time;

- the Retiree Committee or its Successors may, in their discretion,
  choose to allocate a portion of the Settlement Amount to additional
  Retiree Claims in such amounts that the Retiree Committee
  determines in its reasonable discretion to be valid, provided that
  such claims are supported by written documentation and qualify as
  a Retiree Claim under the terms of the Settlement Agreement; and

- the Retiree Committee or its Successors shall allocate a portion of
  the Settlement Amount to any additional Retiree Claims in the
  manner and to the extent that the Bankruptcy Court requires such
  Retiree Claims to be included under section 1114 of the
  Bankruptcy Code or Bankruptcy Rule 9019 in accordance with
  such Bankruptcy Court order.

- <u>Satisfaction of Retiree Claims.</u>  **AS PART OF THE SETTLEMENT, HOLDERS OF RETIREE CLAIMS WILL HAVE THOSE CLAIMS AGAINST THE DEBTORS AND OTHER THIRD PARTIES RELEASED AND EXPUNGED, SUBJECT ONLY TO THEIR ENTITLEMENT (IF ANY) TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE PAYMENT OF A PORTION OF THE SETTLEMENT AMOUNT.**  The termination of the Retiree Welfare Plans and the payment of the Settlement Amount shall fully satisfy the Retiree Claims, and the Retirees shall be barred from asserting any further Retiree Claims against the Debtors or the other parties being released.  As used herein, the "<u>Retiree Claims</u>" shall include any and all actual and potential claims, demands, causes of action, debts, liabilities or obligations, whether based on any legal or equitable theory, including fiduciary or equitable duties, or otherwise, including, but not limited to suits in contract, tort or equity, whether arising under contract, ERISA, COBRA, the Tax Code or any other statute, rule, regulation, common law or otherwise, and whether arising under the laws of the United States, any political subdivision thereof or the laws of any other jurisdiction, in all cases arising out of or relating to:

  - Any past, current or future benefits or any other obligation or claim arising under or relating to the Retiree Welfare Plans or the provision of Retiree Benefits thereunder;

  - The administration of the Retiree Welfare Plans, including, but not limited to, the calculation of Retiree Benefits, the application of offsets against Retiree Benefits, the denial of Retiree Benefits, the determination of eligibility to receive Retiree Benefits, the interpretation of the Retiree Welfare Plans, and the drafting of the Retiree Welfare Plans;

  - The amendment, modification and/or termination of any of the Retiree Welfare Plans and/or any benefits or coverage thereunder, whether done previously or as provided for under the provisions of this Settlement Agreement;

  - Claims for punitive damages, equitable relief, attorneys' fees or other expenses related to the foregoing.

  o For the avoidance of doubt, Retiree Claims shall **exclude** the following claims and any and all defenses thereto, which claims shall not be enforceable against the Settlement Amount, the Retiree Committee, its Successors, or their advisors, in each case in their capacity as such (and which claims and related defenses collectively shall be referred to as, the "<u>Excluded Claims</u>"):

    - Claims arising under or relating to the Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including related fringe benefits;

    - Claims arising under or relating to the Nortel Networks U.S. Deferred Compensation Plan or the Northern Telecom Inc. Senior Management Incentive Award Program;

- Claims for qualified pension benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Plan, Northern Telecom Inc. Retirement Plan for Employees or the Nortel Networks Capital Accumulation and Retirement Program, that are properly asserted only against the Pension Benefit Guaranty Corporation;

- Claims for non-qualified pension benefits or other benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Restoration Plan, Northern Telecom Inc. Excess Pension Plan, Nortel Networks Long-Term Investment Restoration Plan, Nortel Networks Supplementary Executive Retirement Plan, the Nortel Networks Special Pension Benefit Plan and the Nortel Networks Special Pension Credit Plan;

- Timely Run Off Claims approved pursuant to the relevant Retiree Welfare Plans;

- Claims for expatriate benefits and relocation expenses;

- Claims for the account balance currently vested in an individual's account under the Nortel Networks Long-Term Investment Plan or Northern Telecom Inc. Thrift Savings Plan;

- Claims arising directly under a written employment agreement between an individual Retiree and the Debtors that are unrelated to life insurance, death benefits, retirement payments, medical insurance, long-term care insurance or any other Retiree Claims.

- <u>Final Resolution</u>.  Any and all Retiree Claims shall be enforceable only against the Settlement Amount, and shall be satisfied in accordance with the Apportionment Methodology, which shall be the sole source of recourse for any and all Retiree Claims.

- <u>Proofs of Claim</u>.  Any and all proofs of claim filed on account of or to the extent they include Retiree Claims, including, but not limited to, claims arising from modifications to or the termination of the Retiree Welfare Plans, shall be disallowed and expunged from the Debtors' claims register on the Effective Date, solely with respect to the portion of the proof of claim relating to Retiree Claims.

- <u>Retirement Eligible Employees</u>.  All current and former employees of the Debtors who are or may become eligible to receive benefits under the Retiree Welfare Plans, including, for the avoidance of doubt, those employees currently receiving employer-paid long-term disability benefits (the "<u>LTD Employees</u>") and those former employees currently receiving medical benefits under the Consolidated Omnibus Budget Reconciliation Act ("<u>COBRA</u>") ("<u>COBRA Employees</u>"), shall be permitted to participate in the Retiree Committee settlement set forth in the Settlement

Agreement, provided such current and former employees are eligible as of January 31, 2013 to receive benefits under the Retiree Welfare Plans. For purposes of determining eligibility to receive benefits under the Retiree Welfare Plans under the Settlement Agreement, current and former employees' years of service shall be frozen as of January 31, 2013, except to the extent a former employee is a COBRA Employee, in which case, such COBRA Employee's years of service shall be determined as of the end of the COBRA benefit period (but, in any event, no later than January 31, 2013) rather than the date on which his or her employment was terminated; provided further, and without affecting or waiving service requirements, that a current or former employee's age for purposes of eligibility shall be determined at the latest of the conclusion of: (i) the employee's active service, (ii) the period during which the employee received employer-paid long-term disability benefits, (iii) the period during which the employee received COBRA benefits, or (iv) any additional period that would be necessary for the employee to achieve the minimum age required for eligibility to receive benefits under each of the Retiree Welfare Plans. In order for a current employee of the Debtors, including an LTD Employee, to elect to receive benefits under the Retiree Welfare Plans as of the Effective Date, such employee must, by a written document to be received by the Debtors within thirty (30) days after the Effective Date (the "Election Document"), voluntarily terminate his or her employment with the Debtors and irrevocably relinquish his or her right to receive benefits under the plans, arrangements, agreements and programs available to current employees, including, without limitation, income continuation benefits pursuant to the Nortel Networks Inc. Long-Term Disability Plan (unless otherwise agreed to by the Debtors in writing in connection with the termination or consensual resolution regarding the termination of such benefits). The Election Document shall not permit employees to add dependents who are not already covered by the Nortel Networks Inc. Medical Plan under the Retiree Medical Plan.

- Final Settlement. The Settlement Agreement is being entered into, and the payment of the Settlement Amount is being made, in full and final satisfaction of the Retiree Claims and upon the occurrence of the Effective Date shall supersede any prior obligations of the Debtors relating to the provision of Retiree Benefits or payment of Retiree Claims under the Retiree Welfare Plans, such that from and after the Effective Date, the Retiree Committee and all holders of Retiree Claims shall be forever estopped and barred from seeking further relief pursuant to section 1114(g) of the Bankruptcy Code related to the Retiree Welfare Plans, the Retiree Claims or the Settlement Agreement.

You are encouraged to read the Settlement Agreement in its entirety.  You may contact counsel to the Retiree Committee or consult with your own lawyer if you so choose if you have any additional questions.

Dated:  [●], 2013
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

**Exhibit 1 to the *Notice of Settlement Agreement in Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114***

**Settlement Agreement**

## AGREEMENT TO TERMINATE RETIREE BENEFITS, PAY
## SETTLEMENT AMOUNT AND RELEASE RELATED CLAIMS

This Agreement to Terminate Retiree Benefits, Pay Settlement Amount and Release Related Claims (the "Settlement Agreement") is entered into as of December 28, 2012 by and among Nortel Networks Inc. ("NNI"), certain of its affiliates as debtors and debtors-in-possession in the chapter 11 cases as defined below (collectively, the "Debtors"),[1] and the Official Committee of Retired Employees in its capacity as authorized representative under 11 U.S.C. § 1114(b)(1) (the "Retiree Committee," and collectively with the Debtors, the "Parties").

WHEREAS, the Debtors affirm that they have historically provided a number of benefits (the "Retiree Benefits") to their retired employees through benefit plans and other programs, including, as amended or modified from time to time, the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan for Retirees, and any predecessor plans including, without limitation, those listed on Exhibit A hereto, and any other formal or informal benefit plans, agreements or programs (including plans, agreements, arrangements or programs that are funded through the purchase of insurance) or arrangements for current or future retired employees, their surviving spouses and eligible dependents, including plans, agreements, arrangements or programs for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death (collectively, as each such plan, agreement, arrangement or program has been amended or modified from time to time, the "Retiree Welfare Plans");[2]

WHEREAS, on January 14, 2009, the Debtors, other than Nortel Networks (CALA) Inc.,[3] filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which cases are consolidated for procedural purposes only, in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on June 21, 2010, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing Debtors to Terminate Certain Retiree and Long-Term Disability Plans* [D.I. 3204] (the "Plan Termination Motion"), which, *inter alia*, sought approval to terminate the Retiree Welfare Plans;

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2]     The Nortel Networks Retiree Medical Plan and the Nortel Networks Retiree Life Insurance and Long-Term Care Plan are included in a single plan document referred to as the "Retiree Welfare Plan."

[3]     Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

WHEREAS, on July 16, 2010, the Debtors ultimately withdrew the Plan Termination Motion without prejudice [D.I. 3651];

WHEREAS, since the Plan Termination Motion was withdrawn, the Debtors have continued to provide Retiree Benefits under the Retiree Welfare Plans;

WHEREAS, on June 2, 2011, the Debtors filed the *Debtors' Motion for an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees* [D.I. 5568] seeking appointment of a retiree committee to engage in discussions regarding the modification or termination of the Retiree Welfare Plans;

WHEREAS, the Bankruptcy Court issued an order on June 21, 2011 directing the United States Trustee to appoint a committee of retired employees who are currently receiving benefits under the Retiree Welfare Plans for the purpose of serving as the authorized representative of the Debtors' retirees in connection with their rights under section 1114 of the Bankruptcy Code [D.I. 5783];

WHEREAS, the United States Trustee appointed the members of the Retiree Committee on August 2, 2011 [D.I. 6074];

WHEREAS, on March 28, 2012, the Debtors filed the *Motion for Entry of an Order (I) Appointing a Neutral Mediator Concerning the Modification or Termination of the Nortel Retiree Welfare Plans and the Nortel Long-Term Disability Plans; (II) Authorizing the Debtors to Pay the Costs of Engagement; and (III) Granting Related Relief* [D.I. 7463] (the "Mediator Motion") seeking, in relevant part, the appointment of a mediator to facilitate settlement discussions between the Debtors and the Retiree Committee;

WHEREAS, on April 18, 2012, the Bankruptcy Court entered an order granting the Mediator Motion and appointing Richard Levin as mediator [D.I. 7560];

WHEREAS, on July 30, 2012, the *Debtors filed the Debtors' Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Pursuant to 11 U.S.C. § 1114* [D.I. 8066] (the "Plan Termination and Settlement Motion");

WHEREAS, the advisors for the Debtors and the Retiree Committee met and engaged in negotiations pursuant to section 1114(f)(2) of the Bankruptcy Code both prior to and following the filing of the Mediator Motion and the filing of the Plan Termination and Settlement Motion to attempt to reach a mutually acceptable resolution regarding the termination or modification of the Retiree Welfare Plans, including by exchanging settlement proposals and counter-proposals;

WHEREAS, the Debtors have provided the Retiree Committee with information relevant to its evaluation of the Debtors' settlement proposals;

WHEREAS, after extensive negotiations between the Parties, the Parties have reached agreement regarding the terms and conditions of the termination of the Retiree Welfare

2

Plans and the resolution of claims arising from and related to the termination of the Retiree Welfare Plans and related terms as set forth herein, pursuant to section 1114(e)(1)(B):

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING AND THE MUTUAL COVENANTS SET FORTH HEREIN, THE PARTIES AGREE AS FOLLOWS:**

1.     **Agreement Under Section 1114(e)(1)(B).**[4]

This Settlement Agreement constitutes an agreement between the Debtors and the Retiree Committee, as authorized representative under section 1114(b)(1) of the Bankruptcy Code, concerning the termination of Retiree Welfare Plans and the Retiree Benefits provided thereunder, in accordance with the terms set forth herein, as permitted by section 1114(e)(1)(B) of the Bankruptcy Code.

2.     **Court Approvals.**

All provisions of this Settlement Agreement are subject to: (i) the entry of an order by the Bankruptcy Court approving this Settlement Agreement and authorizing the Debtors to enter into and perform their obligations hereunder and binding all holders of Retiree Claims (as defined below) to the terms of the Settlement Agreement (the "Approval Order"); (ii) such Approval Order becoming final and not subject to further appeal; (iii) such Approval Order finding that the Retiree Committee is authorized to enter into and implement this Settlement Agreement, including the obligations thereunder; and (iv) such Approval Order finding that all holders of Retiree Claims are bound by the terms set forth in this Settlement Agreement (the terms set forth in (i) through (iv) being, collectively, the "Court Approvals"). In the event the Approval Order is not entered by the Bankruptcy Court by April 5, 2013 or such Approval Order does not become final and not subject to further appeal by April 19, 2013, this Settlement Agreement shall have no effect and the Parties reserve all of their rights and defenses. The Parties also reserve their right to consummate the Settlement Agreement even if the Court Approvals noted in this section are not achieved if all Parties mutually agree in writing to do so.

3.     **Termination of Retiree Welfare Plans.**

a.     The Debtors will terminate all Retiree Welfare Plans including, for the avoidance of doubt, all coverage and benefits thereunder, effective as of May 31, 2013 (the "Termination Date"). Prior to the Termination Date, the Debtors shall continue to sponsor and provide the Retiree Benefits in accordance with the terms of the Retiree Welfare Plans. Except as expressly set forth herein, on the Termination Date, the Debtors will cease to sponsor, provide or be liable for any Retiree Benefits under the Retiree Welfare Plans. On and after the Effective Date (as defined below), the Debtors shall cease to be liable for Retiree Claims. For the avoidance of doubt, nothing herein releases or otherwise affects the Debtors' liability for or

---

[4]     The clause headings appearing herein are inserted for reference purposes only. They shall not be deemed to define, limit, expand or otherwise affect the scope or intent of the provisions herein.

defenses to the Excluded Claims (as defined below), to the extent such liability or defenses otherwise may exist.

b.      The Termination Date may be extended to a date no later than June 30, 2013, if all Parties mutually agree in writing to do so.  If the Termination Date is extended by such an agreement, the Settlement Amount (as defined below) will be reduced in the amount of $707,000 per month for each month between May 31, 2013, and the ultimate Termination Date that is agreed upon by the Parties.

4.      **Retiree Welfare Plans Run-Off Period.**

The time period for presenting a claim for payment or reimbursement of benefits covered by the relevant Retiree Welfare Plans for claims incurred prior to the Termination Date shall be reduced to a period of six (6) months following the Termination Date (the "Run Off Period").  Claims for reimbursement of benefits covered by the relevant Retiree Welfare Plans for claims incurred prior to the Termination Date which are not properly made in accordance with the relevant Retiree Welfare Plans prior to the earlier of (i) the current run off period under the relevant Retiree Welfare Plan or (ii) expiration of the Run Off Period, shall be disallowed for all purposes (and the Debtors' Claims Agent will be authorized to make an appropriate notation on the Official Claims Register maintained in the Debtors' cases, as necessary).  These untimely claims are referred to herein as "Untimely Run Off Claims".  No consideration shall be owed or paid by the Debtors or any of their successors, or the Retiree Committee or any of its Successors (as defined below) with respect to the Untimely Run Off Claims.  Claims asserted within the Run-Off Period shall be referred to herein as the "Timely Run Off Claims," and any Timely Run Off Claims approved pursuant to the relevant Retiree Welfare Plan shall be paid by the Debtors. For the avoidance of doubt, nothing in this section modifies, waives or otherwise overrides the Debtors' or any third party's right to review, approve and object to any Timely Run Off Claims that may be presented.

5.      **Settlement Amount.**

The Settlement Amount shall be equal to $66,879,000 (the "Settlement Amount"), subject to section 3(b) above.

6.      **Payment of the Settlement Amount.**

a.      Provided that the Effective Date has occurred:

(i)      on or before April 22, 2013, the Debtors shall pay $500,000 of the Settlement Amount to the Retiree Committee to be used solely to fund the LLC (as defined below) and VEBA (as defined below), and

(ii)      on a date that shall be: (a) no earlier than seven (7) business days after the Effective Date, and (b) notwithstanding the foregoing section 6.a.ii.a, no later than thirty (30) days prior to the Termination Date (the "Payment Date"), the Debtors shall pay the balance of the Settlement Amount to the Retiree Committee or its designee.  The "Effective Date" shall be the date the Approval Order has become final and non-appealable.

b.  The Retiree Committee or its Successors shall be responsible for allocating the Settlement Amount among the holders of Retiree Claims.  The Retiree Committee intends to allocate the Settlement Amount less the Settlement Administration Costs (as defined below) to all eligible holders of Retiree Claims based upon each holder's pro rata share of the aggregate value of Retiree Claims for each category of benefits as enumerated below.  The Retiree Committee has determined that it shall provide these benefits either as insurance benefits or Health Reimbursement Arrangement ("HRA") accounts as follows:

i.  the Retiree Committee intends to have the VEBA attempt to obtain a group medical insurance policy (the "Medical Policy") for the benefit of the holders of Retiree Claims who are eligible for medical insurance benefits under the applicable Retiree Welfare Plans or the terms of this Settlement Agreement.  The Retiree Committee intends that the amount that the VEBA will expend for this benefit will be based on the aggregate actuarial liability for the medical benefits provided under the Retiree Welfare Plans as a percentage of the aggregate actuarial liability for all types of benefits for which this Settlement Amount is intended to compensate, subject to the decisions of the Retiree Committee's Successors and the additional terms stated herein;

ii.  the Retiree Committee or its Successors may, in their discretion, choose to allocate to HRAs portions of the Settlement Amount that are based in whole or in part on the proportionate actuarial valuation of each claim for post-Termination Date Retiree Benefits under the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan for Retirees, and in the event that a Medical Policy is not obtained, the Nortel Networks Inc. Retiree Medical Plan, or any predecessor of either plan, each as amended or modified from time to time;

iii.  the Retiree Committee or its Successors may, in their discretion, choose to allocate a portion of the Settlement Amount to additional Retiree Claims in such amounts that the Retiree Committee determines in its reasonable discretion to be valid, provided that such claims are supported by written documentation and qualify as a Retiree Claim as set forth in section 10 below; and

iv.  the Retiree Committee or its Successors shall allocate a portion of the Settlement Amount to any additional Retiree Claims in the manner and to the extent that the Bankruptcy Court requires such Retiree Claims to be included under section 1114 of the Bankruptcy Code or Bankruptcy Rule 9019, which allocation shall be made in accordance with such Bankruptcy Court order.

c.  The foregoing allocation methodology is referred to herein as the "Apportionment Methodology."  The Retiree Committee and its Successors shall have sole responsibility for applying the Apportionment Methodology and the calculation of Retiree Claims for purposes of distributing the Settlement Amount.

d.  The term "Settlement Administration Costs" shall refer to the expenses of the Retiree Committee or its Successors, and their respective advisors and designees, that are necessary to administer and implement the Settlement Agreement, determine the Retiree Claims,

administer the Settlement Amount and resolve any related disputes that arise after the Effective Date.

      e.     The payment of the Settlement Amount shall constitute full and final satisfaction of any and all Retiree Claims (as defined below) by the Debtors and the Debtor Releasees as provided below.

### 7. **Distribution Mechanic.**

      a.     The Settlement Amount shall be paid to a limited liability company ("LLC") that will be established by the Retiree Committee. The Retiree Committee or its Successors shall direct the LLC to transfer the Settlement Amount, less the estimated Settlement Administration Costs, to a voluntary employees' beneficiary association within the meaning of section 501(c)(9) of the Tax Code (as defined herein) (a "VEBA") that will be established by the Retiree Committee or its Successor. The VEBA will be the sole member of the LLC. The LLC shall hold the Settlement Amount in its account for a minimum of five (5) business days before any distributions or transfers may be made by the LLC to the VEBA or any third parties. The VEBA will contract with such insurer(s) or other parties as it deems necessary for the provision of medical insurance benefits and/or the establishment of HRAs with respect to Retiree Claims asserted by eligible holders of Retiree Claims.

      b.     The Debtors, their successors and any of their affiliates, as well as their respective directors, officers, employees and agents, do not and will not have any obligation, responsibility or liability, in their capacity as a debtor, former employer or in any other capacity whatsoever, under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") or the U.S. Internal Revenue Code of 1986, as amended (the "Tax Code") (each of which shall include regulations and other published guidance thereunder), in connection with, related to or arising out of the establishment, operation or termination of any plan, agreement, arrangement, program or commitment by the Retiree Committee, the VEBA or the LLC to pay, reimburse or otherwise provide for any benefit to the holders of Retiree Claims or their beneficiaries, heirs or assigns, including without limitation any benefit described in Section 3(1) of ERISA. The Retiree Committee or its Successors shall designate, appoint or otherwise cause to exist, the plan sponsor, trustee and fiduciaries of each such plan, program, arrangement, agreement or commitment to the extent and in the manner consistent with ERISA and the Tax Code, who collectively shall be solely responsible for any obligation, responsibility or liability arising under ERISA or the Tax Code in respect of any such plan, program, arrangement, agreement or commitment. The LLC, the VEBA and any plan sponsor, trustee and fiduciaries thereof are referred to herein as "Successors" of the Retiree Committee.

### 8. **Right to Elect Retiree Benefits.**

      a.     All current and former employees of the Debtors who are or may become eligible to receive benefits under the Retiree Welfare Plans, including, for the avoidance of doubt, those employees currently receiving employer-paid long-term disability benefits (the "LTD Employees") and those former employees currently receiving medical benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") (the "COBRA Employees"), shall be permitted to participate in the Retiree Committee settlement set forth in the Settlement

Agreement, provided such current and former employees are eligible as of January 31, 2013 to receive benefits under the Retiree Welfare Plans. For purposes of determining eligibility to receive benefits under the Retiree Welfare Plans under this Settlement Agreement, current and former employees' years of service shall be frozen as of January 31, 2013, except to the extent a former employee is a COBRA Employee, in which case, such COBRA Employee's years of service shall be determined as of the end of the COBRA benefit period (but, in any event, no later than January 31, 2013) rather than the date on which his or her employment was terminated; provided further, and without affecting or waiving service requirements, that a current or former employee's age for purposes of eligibility shall be determined at the latest of the conclusion of: (i) the employee's active service, (ii) the period during which the employee received employer-paid long-term disability benefits, (iii) the period during which the employee received COBRA benefits, or (iv) any additional period that would be necessary for the employee to achieve the minimum age required for eligibility to receive benefits under each of the Retiree Welfare Plans. In order for a current employee of the Debtors, including an LTD Employee, to elect to receive benefits under the Retiree Welfare Plans as of the Effective Date, such employee must, by a written document to be received by the Debtors within thirty (30) days after the Effective Date (the "Election Document"), voluntarily terminate his or her employment with the Debtors and irrevocably relinquish his or her right to receive benefits under the plans, arrangements, agreements and programs available to current employees, including, without limitation, income continuation benefits pursuant to the Nortel Networks Inc. Long-Term Disability Plan (unless otherwise agreed to by the Debtors in writing in connection with consensual resolution regarding the termination of such long-term disability benefits). The Election Document shall not permit employees to add dependents who are not already covered by the Nortel Networks Inc. Medical Plan under the Retiree Medical Plan.

        b.      The Retiree Committee and its advisors shall, in good faith, at the Debtors' expense and based upon information reasonably available to them, provide information to the LTD Employees regarding claims and payments they may be entitled to receive under the Settlement Agreement ("LTD Employee Information") including at regional meetings scheduled by the Retiree Committee, its Successors and their advisors. Prior notice of such meetings shall be provided to the LTD Employees.

        9.      **Continuation of Retiree Committee.**

        After the Effective Date, the Retiree Committee shall exist solely for the purpose of providing LTD Employee Information, enforcing and implementing the Settlement Agreement and administering the allocation, distribution and payment of the Settlement Amount to the holders of Retiree Claims, or transitioning any of the foregoing responsibilities to a Successor, and shall cease to exist upon the date of distribution of the entire Settlement Amount to the LLC. The Debtors shall not be liable to pay fees, expenses or costs incurred by the Retiree Committee or its professionals, advisors, Successors, designees or agents after the Effective Date, which amounts shall instead be paid out of the Settlement Amount. The Debtors shall be liable to pay fees, expenses or costs incurred by the Retiree Committee, its professionals, advisors, Successors, designees or agents after the Effective Date to the extent that such fees, expenses or costs are incurred in connection with the drafting or presentation of LTD Employee Information, subject to approval of such fees, expenses or costs by the Bankruptcy Court. For the avoidance of doubt, the Debtors shall not be liable to pay fees, expenses or costs incurred by

the Retiree Committee or its professionals, advisors, Successors, designees or agents in connection with the Settlement Administration Costs, whenever incurred.

10. **Definition of Retiree Claims.**

a.     As used herein, the "Retiree Claims" shall include any and all actual and potential claims, demands, causes of action, debts, liabilities or obligations, whether based on any legal or equitable theory, including fiduciary or equitable duties, or otherwise, including, but not limited to suits in contract, tort or equity, whether arising under contract, ERISA, COBRA, the Tax Code or any other statute, rule, regulation, common law or otherwise, and whether arising under the laws of the United States, any political subdivision thereof or the laws of any other jurisdiction, in all cases arising out of or relating to:

i.     Any past, current or future benefits or any other obligation or claim arising under or relating to the Retiree Welfare Plans or the provision of Retiree Benefits thereunder;

ii.     The administration of the Retiree Welfare Plans, including, but not limited to, the calculation of Retiree Benefits, the application of offsets against Retiree Benefits, the denial of Retiree Benefits, the determination of eligibility to receive Retiree Benefits, the interpretation of the Retiree Welfare Plans, and the drafting of the Retiree Welfare Plans;

iii.     The amendment, modification and/or termination of any of the Retiree Welfare Plans and/or any benefits or coverage thereunder, whether done previously or as provided for under the provisions of this Settlement Agreement;

iv.     Claims for punitive damages, equitable relief, attorneys' fees or other expenses related to the foregoing.

b.     For the avoidance of doubt, Retiree Claims shall exclude the following claims and any and all defenses thereto, which claims shall not be enforceable against the Settlement Amount, the Retiree Committee, its Successors, or their advisors, in each case in their capacity as such (and which claims and related defenses collectively shall be referred to as, the "Excluded Claims"):

i.     Claims arising under or relating to the Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including related fringe benefits;

ii.     Claims arising under or relating to the Nortel Networks U.S. Deferred Compensation Plan or the Northern Telecom Inc. Senior Management Incentive Award Program;

iii.     Claims for qualified pension benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Plan, Northern Telecom Inc. Retirement Plan for Employees or the Nortel Networks Capital Accumulation and Retirement Program, that are properly asserted only against the Pension Benefit Guaranty Corporation;

iv.     Claims for non-qualified pension benefits or other benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Restoration Plan, Northern Telecom Inc. Excess Pension Plan, Nortel Networks Long-Term Investment Restoration Plan, Nortel Networks Supplementary Executive Retirement Plan, the Nortel Networks Special Pension Benefit Plan and the Nortel Networks Special Pension Credit Plan;

v.     Timely Run Off Claims approved pursuant to the relevant Retiree Welfare Plans;

vi.     Claims for expatriate benefits and relocation expenses;

vii.     Claims for the account balance currently vested in an individual's account under the Nortel Networks Long-Term Investment Plan or Northern Telecom Inc. Thrift Savings Plan;

viii.     Claims arising directly under a written employment agreement between an individual Retiree and the Debtors that are unrelated to life insurance, death benefits, retirement payments, medical insurance, long-term care insurance or any other Retiree Claims.

11.     **Releases.**

a.     Upon the Effective Date, for the good and valuable consideration provided by the Debtors in connection with this Settlement Agreement, and except as provided for herein by the terms of the Settlement Agreement, the Retiree Committee, on behalf of each holder of a Retiree Claim and each of his or her respective spouses, dependents, heirs, distributees, executors, administrators, officers, directors, agents, representatives, successors and assigns of his or her Retiree Claim, and each of the members of the Retiree Committee in his or her capacity as such (all, the "Retiree Parties") shall knowingly and voluntarily release and forever discharge the Debtors, their estates, the Retiree Welfare Plans, the Retiree Welfare Plan administrators, the members of all Nortel benefit plan committees (including, without limitation, the Employee Benefits Committee, the Joint Leadership Resources Committee, the Compensation and Human Resources Committee and any predecessors thereto), the Official Committee of Unsecured Creditors (the "UCC") and the ad hoc group of bondholders that has been organized (the "Bondholder Group") and each of their respective past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, administrators,

9

liquidators, directors, officers, employees, managers, agents, attorneys, solicitors, trustees, fiduciaries, accountants and advisors, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all Retiree Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Retiree Parties now have, had, may have had, or hereafter may have against any of the Debtor Releasees. This Release provides for and effectuates a discharge of the Debtor Releasees to the full extent permitted by applicable law with respect to any and all Retiree Claims and shall be contained in the Approval Order and effectuated through the entry of the Approval Order.

        b.      Any and all proofs of claim filed on account of or to the extent they include Retiree Claims, including, but not limited to, claims arising from modifications to or the termination of Retiree Welfare Plans, shall be disallowed and expunged from the Debtors' claims register on the Effective Date, solely with respect to the portion of the proof of claim relating to Retiree Claims. Nothing in this Agreement shall waive or limit defenses available to the Debtors and their successors and assigns and the Retiree Committee and its Successors and assigns against a proof of claim filed against the Debtors in the chapter 11 cases previously or in the future based on a failure to timely file such claim on or before the applicable bar date or to the extent such claim is raised in violation of this Settlement Agreement (the "Objectionable Proofs of Claim"). The Retiree Committee and its Successors and assigns shall be parties in interest with a right to object or support an objection to any Objectionable Proof of Claim and be heard at any hearing regarding the adjudication of an Objectionable Proof of Claim, provided that the foregoing shall not limit or supersede the Debtors' or any other party in interest's standing and right to support or object and to be heard at any hearing with respect to such Objectionable Proofs of Claim. For the avoidance of doubt, the Retiree Committee and its Successors have the right to assert any defense or bar to liability that would have been available to the Debtors against an Objectionable Proof of Claim asserted against the Debtors that relates to the rights and obligations of the Retiree Committee and its Successors to allocate or distribute the Settlement Amount being paid under this Settlement Agreement.

        c.      Upon the Effective Date, except as provided for by the terms of the Settlement Agreement, the Debtors, their estates, successors and assigns (the "Debtor Parties") will knowingly and voluntarily release and forever discharge the Retiree Parties and all of their advisors (the "Retiree Releasees") from any and all Retiree Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtor Parties now have, had, may have had, or hereafter may have against any of the Retiree Parties (the "Retiree Released Claims"). This Release provides for and effectuates a discharge of the Retiree Releasees to the full extent permitted by applicable law with respect to any and all Retiree Released Claims and shall be contained in the Approval Order and effectuated through the entry of the Approval Order.

        d.      On the later of the Effective Date and the Payment Date, any and all Retiree Claims shall be enforceable only against the Settlement Amount, and shall be satisfied in accordance with the Apportionment Methodology, which shall be the sole source of recourse for any and all Retiree Claims. The Approval Order shall include and operate as an injunction against the commencement or continuation of any action, the employment of any process or any

act to collect, recover or offset any Retiree Claim that the Retiree Parties had, have or may have against the Debtor Releasees or the Retiree Parties.

      e.    Notwithstanding the foregoing, nothing contained in this Settlement Agreement shall be treated as a loss or waiver of the right of any Retiree to: (i) seek to enforce the terms of the Settlement Agreement after the Effective Date or (ii) pursue any timely filed proofs of claim in the Chapter 11 Cases for any matter other than Retiree Claims. Furthermore, nothing herein is intended to be, nor shall be, construed to relieve the Debtors of any obligations to pay for professional fees and/or expenses of the Retiree Committee or its retained professionals incurred prior to the Effective Date, or subsequent thereto in connection with the drafting or presentation of LTD Employee Information, subject to the Debtors' right to challenge the fee applications of the Retiree Committee.

      12.    **Notice.**

      a.    All holders of Retiree Claims shall be sent notice of the Settlement Agreement in a form substantially similar to Exhibit B hereto (with a copy of this Settlement Agreement) by the Debtors via first class mail (the "Notice"), which Notice shall:

      i.    Describe the Apportionment Methodology;

      ii.    Describe the releases to be granted to the Debtor Releasees and the Retiree Releasees;

      iii.    Establish a deadline of not less than twenty-one (21) days before the hearing on the motion to approve the Settlement Agreement for holders of Retiree Claims to file and serve objections to the Debtors' motion including, without limitation, to the Settlement Agreement, the Apportionment Methodology and the use of the Settlement Amount and payments to be made thereunder, the valuation of their Retiree Claim under the Apportionment Methodology and its application to any amounts for Retiree Claims the claimant believes to be due (collectively, the "Objections");

      iv.    State that all Objections must be: (a) in writing; (b) signed by objecting party and his or her counsel, if any; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than the objection deadline; and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following at addresses to be provided in the Notice: (i) counsel to the Debtors, (ii) counsel to the Retiree Committee, (iii) counsel to the UCC, (iv) counsel to the Bondholder Group, and (v) the Office of the United States Trustee (such procedures, the "Objection Procedures");

      v.    State that to the extent the holder of a Retiree Claim who disputes the Apportionment Methodology or the treatment of any claim thereunder

fails to timely file and serve an Objection in accordance with the Objection Procedures, or files an Objection that is not sustained by the Bankruptcy Court in the Approval Order, such holder will be bound to the Settlement Agreement and the resolution of the holder's Retiree Claims thereunder and shall be barred from seeking any alternative recovery from the Settlement Amount, the Debtor Releasees or their successors and advisors, the Retiree Committee and its Successors, and their respective advisors with respect to such Retiree Claims;

vi.      State that all Retiree Claims shall be paid from the Settlement Amount in accordance with the Apportionment Methodology, and that any Retiree Claims for sums above their allowed amount and for which no Objection was timely filed in accordance with the Objection Procedures shall be released and extinguished with no further right to payment from the Settlement Amount, the Debtor Releasees or their successors and advisors, the Retiree Committee or its Successors and advisors.

b.      In addition, the Debtors shall provide notice of the Settlement Agreement in a form reasonably acceptable to the Retiree Committee's advisors in a form substantially similar to Exhibit C hereto (the "Publication Notice") by publication in The Wall Street Journal (National Edition), Toronto Globe and Mail (National Edition), USA Today (National Edition), Raleigh News & Observer, Charlotte Observer, Dallas Morning News, Houston Chronicle, Tampa Bay Times, Orlando Sentinel, Miami Herald and San Jose Mercury News.

c.      All costs and expenses associated with the Notice and the Publication Notice shall be borne by the Debtors, and not by the Retiree Committee, and no part of such expenses shall constitute a Settlement Administration Cost.

13.    **Exculpation and Indemnification.**

Notwithstanding anything contained in this Settlement Agreement to the contrary, the Parties, the UCC, the Bondholder Group and their respective directors, officers, employees, members, attorneys, actuaries, financial advisors, accountants, investment bankers, retained professionals, agents and representatives shall neither have nor incur any liability to any person or entity for any acts taken or omitted to be taken during the Debtors' Chapter 11 Cases in connection with, or related to the formulation, preparation, negotiation, dissemination, implementation, approval or administration of this Settlement Agreement or any contract, instrument, release or other agreement or document created or entered into in connection with this Settlement Agreement, or any other act taken or omitted to be taken during the Debtors' Chapter 11 Cases in connection with or in contemplation of this Settlement Agreement; provided, however, that nothing set forth in this Settlement Agreement shall have any effect on the liability of any person or entity that results from any such act or omission that is determined in a final non-appealable order to have constituted gross negligence or willful misconduct, and, provided further, that each Party shall be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, this Settlement Agreement.  This

exculpation provision also shall be included in any plan approved in the Debtors' Chapter 11 Cases, to the fullest extent permitted by law.

Additionally, the Retiree Committee and each of its members and any professionals retained by the Retiree Committee in their capacity as such shall be included in the indemnity and release provisions provided to the Debtors' professionals contained in the Debtors' chapter 11 plan to the fullest extent permitted by law.

### 14. **Final Settlement.**

Except as expressly provided herein, this Settlement Agreement is being entered into, and the payment of the Settlement Amount is being made, in full and final satisfaction of the Retiree Claims and upon the occurrence of the Effective Date shall supersede any prior obligations of the Debtors relating to the provision of Retiree Benefits or payment of Retiree Claims under the Retiree Welfare Plans, such that from and after the Effective Date, the Retiree Committee and all holders of Retiree Claims shall be forever estopped and barred from seeking further relief pursuant to section 1114(g) of the Bankruptcy Code related to the Retiree Welfare Plans, the Retiree Claims or the Settlement Agreement. For the avoidance of doubt, nothing herein releases or otherwise affects the Debtors' liability for the Excluded Claims, to the extent such liability otherwise may exist.

### 15. **Support of Settlement Agreement Approval.**

The Retiree Committee agrees to support the Debtors' motion for approval of this Settlement Agreement, pursuant to section 1114 of the Bankruptcy Code and Bankruptcy Rule 9019, and to provide notice to the holders of Retiree Claims concerning the Medical Policy and whether it will be available. In addition, the Retiree Committee will assist the Debtors upon reasonable request, and at the sole expense of the Debtors, in providing proper service of such motion and the terms of this Settlement Agreement to holders of Retiree Claims.

### 16. **No Admissions.**

This Settlement Agreement and the agreement reflected herein, were entered into in the context of a settlement. Nothing contained herein or in any draft hereof shall constitute an admission of liability or lack thereof by the Parties, or shall be admissible as evidence in any court of law or other legal proceeding for any purpose, other than for the purpose of enforcing the Settlement Agreement. Each Party acknowledges and agrees that nothing in this Settlement Agreement constitutes a concession of any factual or legal issue raised in or relating to the Retiree Claims.

### 17. **Governing Law.**

This Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts made and to be executed within the State and without giving effect to the law of any other jurisdiction or the conflict of law rules

of any other jurisdiction to the extent that they might cause any laws other than the laws of the State of New York to be applied to govern or construe this Agreement.

18. **Jurisdiction.**

The Parties agree that the Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters arising from or relating to the implementation or performance of the Settlement Agreement and the Approval Order, and shall retain jurisdiction over the allowance of claims against the Settlement Amount, through the effective date of any plan confirmed in the Debtors' Chapter 11 Cases and thereafter to ensure compliance with the terms of the Settlement Agreement and Approval Order.

19. **Jury Waiver.**

As of the Effective Date, each Party shall waive, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in respect of any litigation directly or indirectly arising out of, under or in connection with this Settlement Agreement or any transaction contemplated hereby or thereby.

20. **Binding Effect.**

This Settlement Agreement shall be binding on the Parties, from and after the date this Settlement Agreement is executed, subject only to the approval of the Bankruptcy Court, and shall be binding on the holders of Retiree Claims, from and after the Effective Date.  In all cases it shall continue to be binding after the conclusion of the Chapter 11 Cases.

21. **Signing Authority.**

The Parties represent and warrant to each other that the signatories to this Settlement Agreement on their respective behalf have full power and authority to enter into it, consistent with such orders as the Bankruptcy Court may enter.

22. **Reservation of Rights.**

Except as expressly set out herein, nothing herein shall constitute an amendment, modification or waiver of any provision of any other document.

23.    **Entire Agreement.**

This Settlement Agreement and the proposed Approval Order contain the entire understanding of the Parties with respect to the matters addressed herein, and all prior offers and discussions among the Parties concerning such matters are merged herein. The Parties have not entered into this Settlement Agreement in reliance on representations, warranties, covenants, promises, or undertakings except those expressly set forth in writing herein. The terms of the Settlement Agreement constitute an integrated agreement and are indivisible except as described herein, subject to the terms and conditions hereof.

24.    **Manner of Execution.**

The Parties may execute this Settlement Agreement in counterparts, and all executed counterparts shall collectively be deemed to be one and the same instrument, and the Parties may exchange signature pages via mail, courier, facsimile or email.

25.    **Tax Consequences.**

The Debtors do not make any representations or warranties regarding any tax benefits, tax obligations and/or other consequences arising from this Settlement Agreement or any payments made pursuant hereto, and the recipients of any payment pursuant to this Settlement Agreement shall be solely responsible for any taxes in respect of any payments made pursuant to this Settlement Agreement. The Parties acknowledge and agree that the Settlement Amount should not be subject to withholding for taxes and the Debtors shall not withhold any amounts on behalf of any person with respect to the Settlement Amount or any allocation thereof.

26.    **No Claim.**

The Parties agree that this Settlement Agreement shall not be subject to any claim of invalidity, duress, mistake of law or fact, and that it expresses the full, final and complete settlement of the Parties.

27.    **Successors.**

The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, subsidiaries, employees, officers, directors, assigns, and successors in interest of the Parties.

28.    **Modification.**

This Settlement Agreement may not be altered, amended, abandoned, modified, waived, superseded, canceled or discharged, except by a further writing subscribed to by the Parties and the UCC.

29.    **Incidental Acts.**

Each Party to this Settlement Agreement agrees to perform any other or further acts, and execute and deliver any other further documents, as may be necessary or appropriate to implement this Settlement Agreement.

30.    **Withdrawal of Plan Termination Motion.**

On the Effective Date, the Plan Termination and Settlement Motion shall be deemed fully and finally resolved, and all discovery requests relating to the Plan Termination and Settlement Motion propounded by either party shall be withdrawn with prejudice.

(Signature Pages Follow)

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Settlement Agreement.

**The Official Committee of Retired Employees**

By:    _/s/ Gary R. Donahee_
Name: Gary R. Donahee
Title:   Chair

**NORTEL NETWORKS INC.**


By: */s/ John Ray*
Name: John Ray
Title: Principal Officer


**NORTEL NETWORKS CAPITAL CORPORATION**


By: */s/ John Ray*
Name: John Ray
Title: Principal Officer


**NORTEL ALTSYSTEMS INC.**


By: */s/ John Ray*
Name: John Ray
Title: Principal Officer


**NORTEL ALTSYSTEMS INTERNATIONAL INC.**


By: */s/ John Ray*
Name: John Ray
Title: Principal Officer


**XROS, INC.**


By: */s/ John Ray*
Name: John Ray
Title: Principal Officer

**SONOMA SYSTEMS**

By:___/s/ John Ray_____
Name: John Ray
Title: Principal Officer


**QTERA CORPORATION**

By:____/s/ John Ray_____
Name: John Ray
Title: Principal Officer

**CORETEK, INC.**

By:__/s/ John Ray_____
Name: John Ray
Title: Principal Officer


**NORTEL NETWORKS APPLICATIONS MANAGEMENT SOLUTIONS INC.**

By:___/s/ John Ray_____
Name: John Ray
Title: Principal Officer


**NORTEL NETWORKS OPTICAL COMPONENTS INC.**

By:___/s/ John Ray_____
Name: John Ray
Title: Principal Officer


**NORTEL NETWORKS HPOCS INC.**

By:___/s/ John Ray_____
Name: John Ray
Title: Principal Officer

**ARCHITEL SYSTEMS (U.S.) CORPORATION**

By:_____*/s/ John Ray*_____
Name: John Ray
Title: Principal Officer


**NORTEL NETWORKS INTERNATIONAL INC.**

By:_____*/s/ John Ray*_____
Name: John Ray
Title: Principal Officer


**NORTHERN TELECOM INTERNATIONAL INC.**

By:_____*/s/ John Ray*_____
Name: John Ray
Title: Principal Officer


**NORTEL NETWORKS CABLE SOLUTIONS INC.**

By:_____*/s/ John Ray*_____
Name: John Ray
Title: Principal Officer


**NORTEL NETWORKS (CALA) INC.**

By:_____*/s/ John Ray*_____
Name: John Ray
Title: Principal Officer

## EXHIBIT A

### List of Retiree Welfare Plans

**The following is a list of Retiree Welfare Plans and plan descriptions, in addition to the Nortel Networks Inc. Retiree Medical Plan, the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan for Retirees, maintained by the Debtors:**

## Exhibit A

- Nortel Networks Retiree Life Insurance and Long-Term Care Plan Summary Plan Description 2012

- Nortel Networks Retiree Medical Plan Summary Plan Description 2012

- Nortel Networks Retiree Life Insurance and Long-Term Care Plan Summary Plan Description 2011

- Nortel Networks Retiree Medical Plan Summary Plan Description 2011

- Nortel Networks Retiree Life Insurance and Long-Term Care Plan Summary Plan Description 2010

- Nortel Networks Retiree Medical Plan Summary Plan Description 2010

- Nortel Networks Retiree Life Insurance and Long-Term Care Plan Summary Plan Description 2009

- Nortel Networks Retiree Medical Plan Summary Plan Description 2009

- Nortel Networks Retiree Life Insurance and Long-Term Care Plan Summary Plan Description 2008

- Nortel Networks Retiree Medical Plan Summary Plan Description 2008

- Retiree Medical Plan and Retiree Life Insurance and Long-Term Care Plan, Amended and Restated as of January 1, 1992.  Amended as of October 1, 1999; April 1, 2000; November 1, 2000; July 1, 2001; April 1, 2003; January 1, 2004; January 1, 2006; July 1, 2006; and January 1, 2007

- Nortel Networks Retiree Life Insurance and Long-Term Care Plan Summary Plan Description 2007

- Nortel Networks Retiree Medical Plan Summary Plan Description 2007

- Nortel Networks Retiree Medical Plan Summary Plan Description 2006

- Nortel Networks Retiree Medical Plan Summary Plan Description 2005

- Nortel Networks Retiree Medical Plan Summary Plan Description 2004

- Retiree Life Insurance and Long-Term Care Plan Summary Plan Description, dated September 1, 2003

- Your Group Program, dated 1994 (including Employee Term Life, Accidental Death & Dismemberment Insurance, Dependents Term Life Insurance, and Long Term Care Coverage)

- Northern Telecom Inc. Retiree Medical Plan and Retiree Life Insurance and Long-Term Care Plan, amended and restated as of January 1, 1992

- Northern Telecom Inc. Retiree Medical Plan and Life Insurance and Long-Term Care Plan, Summary Plan Description, dated 1991

- Retiree Medical Plan and Retiree Life Insurance and Long-Term Care Plan, effective April 1, 1991

## EXHIBIT B

**Form of Notice Omitted**

## EXHIBIT C

**Form of Publication Notice Omitted**

**Exhibit 2 to the *Notice of Settlement Agreement in Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114***

**Claims Exhibit:  Retiree Claims to be Expunged in their Entirety**

## Exhibit 2

## Nortel Retiree Claims to be Expunged in their Entirety

### Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| AMOSS, GEORGE B<br>P.O. BOX 13<br>MENDEN HALL, PA 19357 | 4457 | 9/29/09 | NO DEBTOR | Unspecified* |
| BENETEAU, EARL J.<br>6716 VIRGILIA CT.<br>RALEIGH, NC 27616 | 3189 | 9/18/09 | NO DEBTOR | - (S)<br>- (A)<br>$35,000.00 (P)<br>- (U)<br>$35,000.00 (T) |
| BENETEAU, EARL J.<br>6716 VIRGILIA CT.<br>RALEIGH, NC 27616 | 3190 | 9/18/09 | NO DEBTOR | Unspecified* |
| BOUDREAU, WILLIAM R<br>8149 STOCKHOLM ST<br>BROOKSVILLE, FL 34613 | 4804 | 9/29/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$59,000.00 (U)<br>$59,000.00 (T) |
| BOUDREAU, WILLIAM R<br>8149 STOCKHOLM ST<br>BROOKSVILLE, FL 34613 | 6492 | 12/29/09 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$59,000.00 (U)<br>$59,000.00 (T) |
| BOUDREAU, WILLIAM R<br>8149 STOCKHOLM ST<br>BROOKSVILLE, FL 34613 | 6493 | 12/29/09 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | $59,000.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$59,000.00 (T) |
| BOYD, KEN<br>30 DEER RIDGE LN<br>WEST CHAZY, NY 12992 | 3324 | 9/21/09 | NO DEBTOR | - (S)<br>- (A)<br>$34,500.00 (P)<br>- (U)<br>$34,500.00 (T) |
| CALMENSON, KENNETH<br>PO BOX 6488<br>DELRAY BEACH, FL 33482 | 6507 | 12/30/09 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$50,000.00 (U)<br>$50,000.00 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

## Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| CALMENSON, KENNETH<br>PO BOX 6488<br>DELRAY BEACH, FL 33482 | 6701 | 1/13/10 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$20,000.00 (U)<br>$20,000.00 (T) |
| CALMENSON, KENNETH<br>PO BOX 6488<br>DELRAY BEACH, FL 33482 | 8352 | 8/31/12 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$50,000.00 (U)<br>$50,000.00 (T) |
| COMPTON, JAMES STRUDWICK<br>1317 MILL GLEN CIRCLE<br>RALEIGH, NC 27614 | 7477 | 10/28/10 | NO DEBTOR | - (S)<br>- (A)<br>$35,000.00 (P)<br>- (U)<br>$35,000.00 (T) |
| COWARD, L ANDREW<br>1988 DUNROBIN CRES<br>N VANCOUVER V7H1N2<br>CANADA | 3244 | 9/21/09 | NO DEBTOR | Unspecified* |
| COWARD, L. ANDREW<br>1988 DUNROBIN CRESC<br>N VANCOUVER, BC V7H 1N2<br>CANADA | 3245 | 9/21/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$135,000.00 (U)<br>$135,000.00 (T) |
| DOBYNS, NORMAN L.<br>PO BOX 47<br>WEEMS, VA 22576 | 2459 | 8/31/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>$85,269.00 (A)<br>- (P)<br>- (U)<br>$85,269.00 (T) |
| DOBYNS, NORMAN L.<br>PO BOX 47<br>WEEMS, VA 22576 | 2460 | 8/31/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>$85,269.00 (A)<br>- (P)<br>- (U)<br>$85,269.00 (T) |
| DODD, ANNA<br>1310 CORELAND DR. APT 219<br>MADISON, TN 37115 | 6162 | 11/30/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>$35,000.00 (A)<br>- (P)<br>- (U)<br>$35,000.00 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| DODD, ANNA<br>1310 CORELAND DRIVE<br>APT 219<br>MADISON, TN 37115 | 6163 | 11/30/09 | NO DEBTOR | - (S)<br>$35,000.00 (A)<br>- (P)<br>- (U)<br>$35,000.00 (T) |
| DODD, ANNA<br>1310 CORELAND DRIVE<br>APT 219<br>MADISON, TN 37115 | 6374 | 12/22/09 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>$35,000.00 (P)<br>- (U)<br>$35,000.00 (T) |
| DODD, ANNA<br>1310 CORELAND DR. APT 219<br>MADISON, TN 37115 | 6375 | 12/22/09 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$35,000.00 (A)<br>- (P)<br>- (U)<br>$35,000.00 (T) |
| DODD, ANNA<br>1310 CORELAND DR. APT 219<br>MADISON, TN 37115 | 6376 | 12/22/09 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>$35,000.00 (P)<br>- (U)<br>$35,000.00 (T) |
| DODD, ANNA<br>1310 CORELAND DR. APT 219<br>MADISON, TN 37115 | 6377 | 12/22/09 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$35,000.00 (A)<br>- (P)<br>- (U)<br>$35,000.00 (T) |
| DUEPPEN, JAMES R<br>11428 116TH AVE<br>LARGO, FL 33778-3010 | 4775 | 9/29/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$509,264.00 (U)<br>$509,264.00 (T) |
| EDHOLM, PHILIP<br>9921 LONGVIEW LANE<br>PLEASANTON, CA 94588 | 4114 | 9/28/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>$249,763.44 (A)<br>- (P)<br>- (U)<br>$249,763.44 (T) |
| ESTATE OF JOHN DEREK MANSELL DAVIE<br>C/O GERALD K. GIMMEL, PERSONAL REP.<br>4 PROFESSIONAL DR., SUITE 145<br>GAITHERSBURG, MD 20879 | 7720 | 4/28/11 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$248,000.00 (P)<br>$248,000.00 (U)<br>$248,000.00 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

## Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| ESTRADA, SARA S<br>7831 GLORIA LAKE AVE.<br>SAN DIEGO, CA 92119 | 2809 | 9/10/09 | NO DEBTOR | - (S)<br>- (A)<br>$35,000.00 (P)<br>- (U)<br>$35,000.00 (T) |
| FRANK, HERMAN C<br>664 HAMPTON WOODS DR<br>MARION, OH 43302-6465 | 2177 | 8/25/09 | NO DEBTOR | Unspecified* |
| FRASER, RUSSELL<br>12949 SW 57TH TERRACE<br>MIAMI, FL 33183 | 4760 | 9/29/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$386,000.00 (U)<br>$386,000.00 (T) |
| FRASER, RUSSELL<br>12949 SW 57TH TERRACE<br>MIAMI, FL 33183 | 6641 | 1/8/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$386,000.00 (U)<br>$386,000.00 (T) |
| GORMAN, JOYCE F<br>5012 ENCLAVE CT<br>MCKINNEY, TX 75070 | 1656 | 8/7/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$25,000.00 (U)<br>$25,000.00 (T) |
| GUREVITCH, MORRIS<br>17890 ABERDEEN WAY<br>BOCA RATON, FL 33496 | 4131 | 9/28/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$235,000.00 (P)<br>- (U)<br>$235,000.00 (T) |
| HAWKINS, SHERMAN V.<br>1045 PINE GROVE PTE. DR.<br>ROSWELL, GA 30075-2704 | 3588 | 9/24/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$93,628.08 (U)<br>$93,628.08 (T) |
| HAYNES, DIANE<br>10533 DORCHESTER WAY<br>WOODSTOCK, MD 21163 | 4141 | 9/28/09 | NO DEBTOR | Unspecified* |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| HIX, JAMES G.<br>2709 SAFARI CIR<br>PLANO, TX 75025 | 7877 | 8/1/11 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$72,500.00 (U)<br>$72,500.00 (T) |
| HIX, SHIRLEY A<br>2709 SAFARI CIR<br>PLANO, TX 75025 | 7876 | 8/1/11 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$67,000.00 (U)<br>$67,000.00 (T) |
| HUTCHINSON, THOMAS N<br>3433 MICHIGAN BLVD<br>RACINE, WI 53402-3823 | 7093 | 2/9/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | Unspecified* |
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601 | 6184 | 12/4/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$10,000.00 (U)<br>$10,000.00 (T) |
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601 | 6185 | 12/4/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>$10,000.00 (A)<br>- (P)<br>- (U)<br>$10,000.00 (T) |
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601 | 6186 | 12/4/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$125,000.00 (U)<br>$125,000.00 (T) |
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601 | 6187 | 12/4/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>$125,000.00 (A)<br>- (P)<br>- (U)<br>$125,000.00 (T) |
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601-9515 | 6704 | 1/14/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$10,000.00 (A)<br>- (P)<br>- (U)<br>$10,000.00 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims.  The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

## Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601 | 6705 | 1/14/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$10,000.00 (U)<br>$10,000.00 (T) |
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601 | 6706 | 1/14/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$125,000.00 (A)<br>- (P)<br>- (U)<br>$125,000.00 (T) |
| JAHANI, FARSHIDEH<br>194 FAIRWAY LANE<br>GLENWOOD SPRINGS, CO 81601 | 6707 | 1/14/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$125,000.00 (U)<br>$125,000.00 (T) |
| KEENE-MOORE, JENNIFER<br>3502 ASH CIRCLE<br>RICHARDSON, TX 75082 | 5053 | 9/30/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$250,351.05 (U)<br>$250,351.05 (T) |
| KUHN, MATTHEW<br>11 PINEY POINT<br>WHISPERING PINES, NC 28327 | 5494 | 9/30/09 | 09-10138<br>Nortel Networks Inc. | $50,000.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$50,000.00 (T) |
| LEGER, JEAN-BERTIN J<br>612 WELLS COURT UNIT 202<br>CLEARWATER, FL 33756 | 6762 | 1/19/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | $50,000.00 (S)<br>- (A)<br>$50,000.00 (P)<br>- (U)<br>$50,000.00 (T) |
| LEGER, JEAN-BERTIN J<br>612 WELLS COURT UNIT 202<br>CLEARWATER, FL 33756 | 6763 | 1/19/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$50,000.00 (A)<br>- (P)<br>- (U)<br>$50,000.00 (T) |
| MAND, M G<br>618 BERWICK ROAD<br>WILMINGTON, DE 19803-2204 | 4397 | 9/28/09 | NO DEBTOR | Unspecified* |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

## Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| MAND, M G<br>618 BERWICK ROAD<br>WILMINGTON, DE 19803-2204 | 7074 | 2/5/10 | 09-10138<br>Nortel Networks Inc. | Unspecified* |
| MAND, MARTIN G.<br>618 BERWICK ROAD<br>WILMINGTON, DE 19803-2204 | 8319 | 7/18/12 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$360,000.00 (U)<br>$360,000.00 (T) |
| MAR, JUNG<br>355 ALDENSHIRE PL<br>ATLANTA, GA 30350 | 5767 | 10/1/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$120,000.00 (U)<br>$120,000.00 (T) |
| MCGONAGLE, NANCY S<br>35 LIP LANE<br>NORDLAND, WA 98358 | 4323 | 9/28/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$48,412.00 (P)<br>$48,412.00 (U)<br>$48,412.00 (T) |
| MCGONAGLE, NANCY S.<br>35 LIP LANE<br>NORDLAND, WA 98358 | 8335 | 8/9/12 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$48,412.00 (P)<br>- (U)<br>$48,412.00 (T) |
| MERCHUT, JOSEPH<br>207 GONDOLA PARK DR.<br>VENICE, FL 34292 | 7387 | 8/19/10 | NO DEBTOR | $5,000.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$5,000.00 (T) |
| MERRILLS, ROY<br>10401 MANLY<br>CHAPEL HILL, NC 27517 | 7065 | 2/1/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$425,000.00 (U)<br>$425,000.00 (T) |
| MILLER, CLYDE E.<br>1680 CENTER GROVE CHURCH ROAD<br>MONCURE, NC 27559 | 4121 | 9/28/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$135,000.00 (P)<br>- (U)<br>$135,000.00 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge any proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

**Claim to be Expunged**

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| MILLER, PHILIP W., JR. 35 MT. PLEASANT STREET NORTH BILLERICA, MA 01862 | 3740 | 9/25/09 | NO DEBTOR | - (S) - (A) $35,000.00 (P) - (U) $35,000.00 (T) |
| MIZERK, THOMAS 1220 FOXDALE DR. ADDISON, IL 60101 | 7040 | 1/29/10 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $50,000.00 (U) $50,000.00 (T) |
| MORDECAI, WILLIAM S. 33563 S. SPRING BAY ROAD DE TOUR VILLAGE, MI 49725 | 7340 | 7/8/10 | 09-10138 Nortel Networks Inc. | - (S) - (A) $120,000.00 (P) - (U) $120,000.00 (T) |
| NARDIELLO, ARTHUR L. 914 WEDGEWOOD WAY RICHARDSON, TX 75080 | 7032 | 1/28/10 | NO DEBTOR | - (S) - (A) - (P) $43,200.00 (U) $43,200.00 (T) |
| PRELL, MEREDITH A 10169 SARATOGA AVE. MONTCLAIR, CA 91763 | 6671 | 1/11/10 | 09-12515 Nortel Networks (CALA), Inc. | - (S) - (A) - (P) $190,000.00 (U) $190,000.00 (T) |
| REVA, WALTER 1706 WAVERLY CT RICHARDSON, TX 75082 | 5772 | 10/1/09 | NO DEBTOR | - (S) - (A) - (P) $90,957.89 (U) $90,957.89 (T) |
| ROCHE, BOB 59 COMMONWEALTH AVE HAVERHILL, MA 01830 | 4105 | 9/28/09 | NO DEBTOR | - (S) - (A) $10,000.00 (P) - (U) $10,000.00 (T) |
| SALIBI, CAMILLE 6811 N WOODRIDGE DR PARKLAND, FL 33067 | 7822 | 7/8/11 | NO DEBTOR | - (S) $548,203.12 (A) $548,203.12 (P) $548,203.12 (U) $548,203.12 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

## Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| SCHEER, JOHN<br>5736 CHADWICK LN<br>BRENTWOOD, TN 37027 | 3445 | 9/22/09 | NO DEBTOR | - (S)<br>- (A)<br>$423,176.64 (P)<br>- (U)<br>$423,176.64 (T) |
| SHAW, JACK J<br>4020 LANCASHIRE DRIVE<br>ANTIOCH, TN 37013 | 3377 | 9/21/09 | NO DEBTOR | - (S)<br>- (A)<br>$150,000.00 (P)<br>- (U)<br>$150,000.00 (T) |
| SJERPS, J<br>122 CHUZZLEWIT DOWN<br>BRENTWOOD, TN 37027 | 3204 | 9/18/09 | NO DEBTOR | - (S)<br>- (A)<br>$190,000.00 (P)<br>- (U)<br>$190,000.00 (T) |
| STOKES, DEBORAH<br>400 SMITH ROAD<br>MAYSVILLE, NC 28555 | 4476 | 9/29/09 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$7,059.00 (U)<br>$7,059.00 (T) |
| STORY, ROGER F<br>428 KAYWOODY CT<br>RALEIGH, NC 27615 | 6747 | 1/19/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$10,000.00 (U)<br>$10,000.00 (T) |
| STORY, ROGER F.<br>428 KAYWOODY CT.<br>RALEIGH, NC 27615 | 6746 | 1/19/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>$10,000.00 (A)<br>- (P)<br>- (U)<br>$10,000.00 (T) |
| SWANSON, WILLIAM C.<br>12046 RIDGEVIEW LN<br>PARKER, CO 80138 | 8309 | 7/5/12 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$55,191.95 (P)<br>- (U)<br>$55,191.95 (T) |
| THOMPSON, RAYMOND R<br>4326 NEW BROAD ST. # 205<br>ORLANDO, FL 32814-6657 | 7028 | 1/28/10 | 09-12515<br>Nortel Networks<br>(CALA), Inc. | - (S)<br>- (A)<br>- (P)<br>$35,000.00 (U)<br>$35,000.00 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| THOMPSON, RAYMOND R. 4326 NEW BROAD ST. # 205 ORLANDO, FL 32814-6657 | 7029 | 1/28/10 | 09-10138 Nortel Networks Inc. | - (S) $35,000.00 (A) - (P) - (U) $35,000.00 (T) |
| TZANETEAS, GEORGE 1033 NE 17TH WAY UNIT 1505 FT LAUDERDALE, FL 33304 | 2798 | 9/10/09 | 09-10138 Nortel Networks Inc. | - (S) - (A) $70,883.14 (P) - (U) $70,883.14 (T) |
| VAUGHN, DON 3825 RIDGETOP LANE PLANO, TX 75074 | 1493 | 7/9/09 | NO DEBTOR | - (S) - (A) - (P) $51,100.00 (U) $51,100.00 (T) |
| VAUGHN, DON 3825 RIDGETOP LANE PLANO, TX 75074 | 1500 | 7/9/09 | NO DEBTOR | - (S) - (A) - (P) $75,600.00 (U) $75,600.00 (T) |
| VAUGHN, DON 3825 RIDGETOP LANE PLANO, TX 75074 | 1503 | 7/9/09 | NO DEBTOR | - (S) - (A) - (P) $50,000.00 (U) $50,000.00 (T) |
| WACKES, CHARLES F PMB 21873 PO BOX 2428 PENSACOLA, FL 32513-2428 | 2052 | 8/24/09 | NO DEBTOR | - (S) - (A) - (P) $35,000.00 (U) $35,000.00 (T) |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

## Claim to be Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed |
|---|---|---|---|---|
| Totals: | 78 Claims | | | $55,000.00 (S)<br>$749,538.00 (A)<br>$2,579,042.29 (P)<br>$4,854,775.14 (U)<br>$7,591,740.31 (T) |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

**Exhibit 3 to the *Notice of Settlement Agreement in Debtors' Process to Terminate Retiree Benefits Pursuant to 11 U.S.C. § 1114***

**Claims Exhibit:  Claims to be Partially Expunged on Account of Retiree Claims**

# Exhibit 3

## Nortel Claims to be Partially Expunged on Account of Retiree Claims

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed to disallow Retiree Claims included in the proofs of claim. The remaining claims asserted in the proof of claim that will not be disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, and such claims may be separately disallowed, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

### Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | Remaining Assertions in Claim |
|---|---|---|---|---|---|
| AZIZ, FOUAD 110 CITADEL CREST CIRCLE NW CALGARY, AB  T3G 4G3 CANADA | 2665 | 9/8/09 | NO DEBTOR | - (S) - (A) $24.34 (P) - (U) $24.34 (T) | TRA OF $24.24/MONTH, NORTEL NETWORKS RETIREMENT INCOME PLAN AND NORTEL NETWORKS RETIREMENT INCOME PLAN RESTORATION PLAN |
| BAKER, MELINDA P. 701 BENNINGTON DRIVE RALEIGH, NC  27615 | 8243 | 4/13/12 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $124,371.62 (U) $124,371.62 (T) | LOST SEVERANCE BENEFITS, LOST HEALTH & WELFARE BENEFITS DURING 60 DAY NON-WORKING NOTICE & SEVERANCE |
| BENETEAU, EARL J. 6716 VIRGILIA CT. RALEIGH, NC  27616 | 3188 | 9/18/09 | NO DEBTOR | - (S) - (A) $573.58 (P) - (U) $573.58 (T) | JOINT AND SURVIVOR ANNUITY (NORTEL NETWORKS RETIREMENT INCOME PLAN) |
| BOYD, MELVIN E. 8205 N CREEK RUN RALEIGH, NC  27613 | 7656 | 3/21/11 | NO DEBTOR | - (S) - (A) $272,703.21 (P) - (U) $272,703.21 (T) | SEVERANCE |
| BOYD, MELVIN E. 8205 N CREEK RUN RALEIGH, NC  27613 | 7657 | 3/21/11 | 09-10138 Nortel Networks Inc. | - (S) $272,703.21 (A) - (P) - (U) $272,703.21 (T) | SEVERANCE |
| BRANT, H. PAUL 4919 SHALLOWBROOK TRAIL RALEIGH, NC  27616-7838 | 3748 | 9/25/09 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $585,128.91 (U) $585,128.91 (T) | MONTHLY PENSION PAYMENTS |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed to disallow Retiree Claims included in the proofs of claim. The remaining claims asserted in the proof of claim that will not be disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, and such claims may be separately disallowed, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

## Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | | Remaining Assertions in Claim |
|---|---|---|---|---|---|---|
| BROWN, PAMELA M<br>17211 FRONT BEACH RD<br>PANAMA CITY BEACH, FL  32413 | 8215 | 3/13/12 | 09-10138<br>Nortel Networks<br>Inc. | - (S)<br>- (A)<br>- (P)<br>$562,480.58 (U)<br>$562,480.58 (T) | | LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, AD&D INSURANCE PREMIUM, COLA INCREASE, SEVERANCE |
| BUTNER, BRENDA R.<br>514 SHASTEEN BEND DRIVE<br>WINCHESTER, TN 37398 | 8239 | 4/5/12 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$100,932.65 (U)<br>$100,932.65 (T) | | LOST PENSION, SEVERANCE, BENEFITS |
| CHAMBERS, JOSEPH T<br>8637 OVERLAND DR<br>FT WORTH, TX 76179 | 3430 | 9/22/09 | NO DEBTOR | - (S)<br>- (A)<br>$55,000.00 (P)<br>- (U)<br>$55,000.00 (T) | | PENSION |
| CHAMBERS, JOSEPH T.<br>8637 OVERLAND DR.<br>FORT WORTH, TX 76179 | 6007 | 10/19/09 | 09-10138<br>Nortel Networks<br>Inc. | - (S)<br>- (A)<br>$55,000.00 (P)<br>- (U)<br>$55,000.00 (T) | | PENSION |
| DAVID, DANIEL<br>2105 POSSUM TROT RD<br>WAKE FOREST, NC 27587 | 8300 | 6/11/12 | 09-10138<br>Nortel Networks<br>Inc. | - (S)<br>- (A)<br>- (P)<br>$276,322.30 (U)<br>$276,322.30 (T) | | LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, AD&D INSURANCE PREMIUM |
| DAY, MARILYN<br>2020 FOX GLEN DR.<br>ALLEN, TX 75013 | 7854 | 7/19/11 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$347,801.84 (U)<br>$347,801.84 (T) | | PENSION, LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, SPOUSE LIFE INSURANCE, DEPENDENT LIFE INSURANCE, AD&D INSURANCE PREMIUM, % OF SALARY TO 401K, SEVERANCE |
| DAY, MARILYN<br>2020 FOX GLEN DR.<br>ALLEN, TX 75013 | 8280 | 5/29/12 | 09-10138<br>Nortel Networks<br>Inc. | - (S)<br>- (A)<br>- (P)<br>$347,801.84 (U)<br>$347,801.84 (T) | | PENSION, LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, SPOUSE LIFE INSURANCE, DEPENDENT LIFE INSURANCE, AD&D INSURANCE PREMIUM, % OF SALARY TO 401K, SEVERANCE |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims.  The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed to disallow Retiree Claims included in the proofs of claim. The remaining claims asserted in the proof of claim that will not be disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, and such claims may be separately disallowed, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

## Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | Remaining Assertions in Claim |
|---|---|---|---|---|---|
| DEAN, NAJAM U. 6 AUGUSTA DR MILLBURY, MA 01527 | 7468 | 10/18/10 | NO DEBTOR | - (S) - (A) - (P) $617,534.00 (U) $617,534.00 (T) | SICK PAY, MEDICAL INSURANCE, DENTAL/VISION INSURANCE, LIFE INSURANCE, OPTIONAL LIFE INSURANCE, ACCIDENTAL DEATH & DISMEMBERMENT PREMIUM, LOSS OF 401K MATCH, CASH BALANCE PLAN CONTRIBUTIONS, SEVERANCE PAY, SHORT TERM DISABILITY PREMIUM, LONG TERM DISABILITY PREMIUM |
| DEAN, NAJAM U. 6 AUGUSTA DR MILLBURY, MA 01527 | 8212 | 3/12/12 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $672,859.57 (U) $672,859.57 (T) | PENSION, YEARLY CONTRIBUTION BY NORTEL INTO 401K (CARP), SEVERANCE PAY, LTD CLAIM BENEFITS, MEDICAL CARE, DENTAL/VISION/HEARING CARE, CORE EMPLOYEE LIFE INSURANCE, OPTIONAL EMPLOYEE LIFE INSURANCE, DEPENDENT LIFE INSURANCE - SPOUSE, DEPENDENT LIFE INSURANCE - CHILD(REN), ACCIDENTAL DEATH & DISMEMBERMENT |
| DEWART, JOHN 17 BYRSONIMA CT SOUTH HOMOSASSA, FL 34446 | 3210 | 9/18/09 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $507,285.00 (U) $507,285.00 (T) | CONTINUED PENSION |
| DISNEY, JESSICA 1032 SOUZA DRIVE EL DORADO HILLS, CA 95762 | 2234 | 8/27/09 | NO DEBTOR | Unspecified* | SEVERANCE |
| DOBYNS, NORMAN PO BOX 47 WEEMS, VA 22576 | 2457 | 8/31/09 | 09-10138 Nortel Networks Inc. | Unspecified* | THRIFT/SAVINGS PLAN |
| DOBYNS, NORMAN L. PO BOX 47 WEEMS, VA 22576 | 823 | 4/3/09 | 09-10138 Nortel Networks Inc. | Unspecified* | SERP PENSION AND SUNLIFE PENSION |
| EASLEY, HATTIE J 202 LYMAN PLACE WEST PALM BEA, FL 33409 | 3814 | 9/25/09 | NO DEBTOR | Unspecified* | SECURED PENSION |
| EASLEY, HATTIE J. 202 LYMAN PLACE WEST PALM BEACH, FL 33409 | 6686 | 1/12/10 | 09-12515 Nortel Networks (CALA), Inc. | Unspecified* | PENSION |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed to disallow Retiree Claims included in the proofs of claim. The remaining claims asserted in the proof of claim that will not be disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, and such claims may be separately disallowed, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

## Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | Remaining Assertions in Claim |
|---|---|---|---|---|---|
| GENNETT, SCOTT S. 16 WILDWOOD STREET LAKE GROVE, NY 11755 | 8218 | 3/15/12 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $1,009,789.79 (U) $1,009,789.79 (T) | LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, AD&D INSURANCE PREMIUM, % OF SALARLY TO 401K CARP PROGRAM, PENSION, UNPAID VACATION |
| HAYNES, JOSEPH 10533 DORCHESTER WAY WOODSTOCK, MD 21163 | 4143 | 9/28/09 | 09-10138 Nortel Networks Inc. | - (S) - (A) $116,403.29 (P) - (U) $116,403.29 (T) | NON-QUALIFIED PENSION |
| HAYNES, JOSEPH 10533 DORCHESTER WAY WOODSTOCK, MD 21163 | 4482 | 9/29/09 | 09-10138 Nortel Networks Inc. | - (S) - (A) $122,728.16 (P) - (U) $122,728.16 (T) | NON-QUALIFIED PENSION |
| HUNTER, DAVID R 705 RAVEL ST RALEIGH, NC 27606 | 4622 | 9/29/09 | NO DEBTOR | - (S) - (A) $10,000.00 (P) $173,536.59 (U) $183,536.59 (T) | PENSION |
| JACKSON, PALMA 553 FIRST AVE PETROLIA, ON N0N 1R0 CANADA | 2057 | 8/24/09 | NO DEBTOR | - (S) - (A) - (P) $347.00 (U) $347.00 (T) | EXECUTIVE SUPPLEMENT PENSION |
| JASENOVIC, JOE 636 WEATHERBEATEN PL HERMITAGE, TN 37076 | 3960 | 9/23/09 | NO DEBTOR | - (S) - (A) $50,000.00 (P) - (U) $50,000.00 (T) | PENSION |
| KAAWALOA, SAMUEL K P O BOX 433 6733 PRIVATE ROAD #132 ELIZABETH, CO 80107 | 3182 | 9/18/09 | NO DEBTOR | - (S) - (A) $90.94 (P) - (U) $90.94 (T) | MONTHLY RETIREMENT PAYMENT |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed to disallow Retiree Claims included in the proofs of claim. The remaining claims asserted in the proof of claim that will not be disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, and such claims may be separately disallowed, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

## Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | Remaining Assertions in Claim |
|---|---|---|---|---|---|
| KHATRI, MADAN 760 EASTON LANE ELK GROVE VILLAGE, IL 60007 | 5870 | 10/5/09 | NO DEBTOR | - (S) - (A) - (P) $150,000.00 (U) $150,000.00 (T) | PENSION IN CANADA, STOCKS AND DISABILITY INSURANCE |
| KUCZYNSKI, ROBERT 150 BAYVIEW DR NORTH HERO, VT 05474 | 970 | 4/9/09 | NO DEBTOR | - (S) - (A) - (P) $11,201.00 (U) $11,201.00 (T) | PENSION |
| LAWRENCE, JOHN M 1809 JASMINE TRAIL SAVANNAH, TX 75227 | 3281 | 9/21/09 | NO DEBTOR | - (S) - (A) - (P) $36,019.89 (U) $36,019.89 (T) | QUALIFIED PENSION BENEFIT |
| LINCOLN, AGNES V 206 HAWK LANE OAKTOWN, IN 47561 | 5433 | 9/30/09 | NO DEBTOR | Unspecified* | PENSION |
| LOGGINS, ESTELLE L. 6717 LATTA STREET DALLAS, TX 75227 | 7604 | 2/21/11 | NO DEBTOR | - (S) - (A) - (P) $211,533.78 (U) $211,533.78 (T) | SEVERANCE, LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM OPTIONAL LIFE INSURANCE, SPOUSE LIFE INSURANCE |
| LORIMER, DEBORAH G. 226 APPLEBY COURT SMYRNA, TN 37167 | 8179 | 1/24/12 | NO DEBTOR | - (S) - (A) - (P) $334,546.37 (U) $334,546.37 (T) | LOST PENSION BENEFITS, LOST SEVERANCE BENEFITS, LOST HEALTH & WELFARE BENEFITS DURING 60-DAY NON-WORKING NOTICE & SEVERANCE PERIODS |
| LORIMER, DEBORAH G. 226 APPLEBY COURT SMYRNA, TN 37167 | 8235 | 4/2/12 | NO DEBTOR | - (S) - (A) - (P) $334,546.37 (U) $334,546.37 (T) | LOST PENSION BENEFITS, LOST SEVERANCE BENEFITS, LOST HEALTH & WELFARE BENEFITS DURING 60-DAY NON-WORKING NOTICE & SEVERANCE PERIODS |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to object to and expunge any and all proofs of claim asserting Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim related to Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed to disallow Retiree Claims included in the proofs of claim. The remaining claims asserted in the proof of claim that will not be disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, and such claims may be separately disallowed, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

## Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | | Remaining Assertions in Claim |
|---|---|---|---|---|---|---|
| MASSENGILL, TERRY 126 KERRI DR GARNER, NC 27529 | 7576 | 1/24/11 | 09-10138 Nortel Networks Inc. | $263,092.00 $263,092.00 | - (S) - (A) - (P) (U) (T) | LONG TERM DISABILITY INSURANCE PLAN (LTD, MEDICAL INSURANCE AND DENTAL/VISION PREMIUM) |
| MCCALLUM, RUSSELL L. 103 CEDARPOST DRIVE CARY, NC 27513 | 161 | 2/4/09 | 09-10138 Nortel Networks Inc. | $237,772.42 $237,772.42 | - (S) - (A) (P) - (U) (T) | QUALIFIED PENSION |
| MENDEZ, GERARDO APARTADO 368 ALAJUELA COSTA RICA | 3890 | 9/25/09 | 09-10138 Nortel Networks Inc. | $14,805.00 $14,805.00 $14,805.00 | (S) - (A) (P) - (U) (T) | PENSION |
| MIZERK, THOMAS E 1220 FOXDALE DR ADDISON, IL 60101 | 2137 | 8/24/09 | NO DEBTOR | $57,403.64 $57,403.64 | - (S) - (A) (P) - (U) (T) | NON-COVERED PENSION |
| MORRISON, PAUL E. 2241 COLLEGE AVE. QUINCY, IL 62301-3231 | 7862 | 7/25/11 | 09-10138 Nortel Networks Inc. | $1,309,310.84 $1,309,310.84 | - (S) - (A) (P) - (U) (T) | PENSION, LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, SPOUSE LIFE INSURANCE, DEPENDENT LIFE INSURANCE, AD&D INSURANCE PREMIUM, % OF SALARY TO 401K, SEVERANCE |
| NEWSOME, CHARLES E 11699 N W NEWSOME RD CLARKSVILLE, FL 32430-2633 | 6480 | 12/28/09 | 09-12515 Nortel Networks (CALA), Inc. | Unspecified* | | $366.78 MONTHLY RETIREMENT FOR LIFE |
| OLSON, RUBY 1021 N. 4TH STREET MONTEVIDEO, MN 56265 | 2715 | 9/8/09 | 09-10151 Northern Telecom International Inc. | $169.12 $169.12 | - (S) - (A) (P) - (U) (T) | PENSION |
| PASCALE, ROBERT H 13459 LAKE SHORE DR OAK HILL, VA 20171 | 2850 | 9/11/09 | NO DEBTOR | Unspecified* | | RETIREMENT PENSION |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.

2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, and such claims may be separately disallowed, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

## Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | Remaining Assertions in Claim |
|---|---|---|---|---|---|
| PATEL, KIRITKUMAR 2329 WOOTEN PLACE CUSTER CREEK ESTATES PLANO, TX 75025 | 2517 | 9/2/09 | 09-10138 Nortel Networks Inc. | - (S) - (A) $14,232.00 (P) $24,408.00 (U) $38,640.00 (T) | NOTICE PAY, SEVERANCE PAY AND BENEFITS (MEDICAL, DENTAL, VISION, HEARING AND LIFE INSURANCE) |
| POWELL, MARY K PO BOX 846 SORRENTO, FL 32776-0846 | 2371 | 8/31/09 | NO DEBTOR | Unspecified* | NORTEL NETWORKS RETIREMENT INCOME PLAN |
| RATTRAY, STEPHEN A. 4308 DENSIFLORUM COURT WILMINGTON, NC 28412 | 7976 | 9/13/11 | NO DEBTOR | - (S) - (A) - (P) $1,897,848.02 (U) $1,897,848.02 (T) | SEVERANCE AND PENSION PLAN |
| RESSNER, MICHAEL P 5909 APPLEGEARTH LANE RALEIGH, NC 27614 | 2744 | 9/8/09 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $583,306.08 (U) $583,306.08 (T) | SERP PENSION, RESTORATION PLAN AND INDEMNIFICATION |
| ROBITALLE, STANLEY L 4835 OXFORD DRIVE SARASOTA, FL 34242 | 7332 | 7/6/10 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $689,553.00 (U) $689,553.00 (T) | SERP PENSION AND RESTORATION PLAN |
| ROSE, RONALD J. JR. 26 PHEASANT RUN BALLSTON SPA, NY 12020 | 8228 | 3/26/12 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $770,926.71 (U) $770,926.71 (T) | LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, AD&D INSURANCE PREMIUM, % OF SALARLY TO 401K CARP PROGRAM, SEVERANCE |
| ROSSI, JOHN J. 1568 WOODCREST DR. WOOSTER, OH 44691 | 8294 | 6/11/12 | 09-10138 Nortel Networks Inc. | - (S) - (A) - (P) $262,690.18 (U) $262,690.18 (T) | LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, AD&D INSURANCE PREMIUM, % OF SALARLY TO 401K CARP PROGRAM |

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge a proof of claim related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.

Upon the occurrence of the Effective Date of the Settlement Agreement, the following proofs of claim will be partially disallowed to disallow Retiree Claims included in the proofs of claim. The remaining claims asserted in the proof of claim that will not be disallowed through the entry of the Settlement Order are identified in the column entitled "Remaining Assertions in Claim." The Debtors reserve the right to object to the remaining claims asserted on any and all substantive and procedural grounds, in whole or in part, as part of any settlement that may be approved relating to the termination of benefits provided to long-term disabled employees.

## Claim to be Partially Expunged

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Original Asserted Claim Amount | Remaining Assertions in Claim |
|---|---|---|---|---|---|
| WADLOW, JERRY<br>PO BOX 79<br>WEWOKA, OK 74884 | 8306 | 6/25/12 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$641,826.04 (U)<br>$641,826.04 (T) | LTD, MEDICAL INSURANCE, DENTAL/VISION PREMIUM, CORE LIFE INSURANCE PREMIUM, OPTIONAL LIFE INSURANCE, AD&D INSURANCE PREMIUM, % OF SALARY TO 401K CARP PROGRAM, SEVERANCE |
| WINTERBERG, NICHOLAS F.<br>P.O. BOX 3021<br>JOHNSON CITY, TN 37602 | 364 | 2/23/09 | NO DEBTOR | - (S)<br>- (A)<br>$267,386.00 (P)<br>$3,781,139.00 (U)<br>$4,048,525.00 (T) | PENSION |
| WOINSKY, MELVIN N<br>300 OCEAN AVE N #4B<br>LONGBRANCH, NJ 07740 | 4010 | 9/25/09 | NO DEBTOR | Unspecified* | PENSION AND $3,275,000 SHARES OF NT NOW LISTED AS NRTLO |
| YOAKUM, JOHN<br>1704 KILARNEY DRIVE<br>CARY, NC 27511 | 3732 | 9/25/09 | 09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>$545,841.00 (P)<br>- (U)<br>$545,841.00 (T) | PATENT AWARDS AND 401K LIQUIDATED ASSETS |
| **Totals:** | **54  Claims** | | | **$14,805.00 (S)**<br>**$272,703.21 (A)**<br>**$1,820,132.70 (P)**<br>**$16,628,138.97 (U)**<br>**$18,720,974.88 (T)** | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

1) The Debtors' omission of any proof of claim on this exhibit does not waive or prejudice the Debtors' right to expunge the Debtors' right related to Retiree Claims. The Debtors reserve the right to object to and expunge any and all proofs of claim asserting Retiree Claims, in whole or in part, on all substantive and procedural grounds, including based on the terms of the Settlement Agreement and any order approving the Settlement Agreement.
2) For the avoidance of doubt, any Retiree Claims scheduled by the Debtors are also disallowed and expunged pursuant to the terms of the Settlement Agreement.