IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ X | | Chapter 11 |
| *In re* | : | |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Hearing Date:  April 2, 2013 at 10:00 a.m. (ET) |
| | : | Objections Due:  March 12, 2013 at 4:00 p.m. (ET) |
| | : | |
| | : | RE: 9224, 9324 |
| ------------------------------------------------------------X | | |

NOTICE OF SETTLEMENT
AGREEMENT IN DEBTORS' PROCESS TO
TERMINATE RETIREE BENEFITS PURSUANT TO 11 U.S.C. § 1114

**THIS NOTICE CONTAINS INFORMATION REGARDING A SETTLEMENT THAT WILL AFFECT YOUR RETIREE BENEFITS AND RELATED RIGHTS. PLEASE READ IT CAREFULLY AND COMPLETELY.**

**Case Background**

The above-captioned Debtors, (the "Debtors" or "Nortel") have provided certain benefits including life insurance, medical coverage, and long-term care insurance to the Debtors' retired employees, their surviving spouses, domestic partners and eligible dependents.  These benefits are offered under formal and informal benefits plans, agreement and programs, which are referred to as the "Retiree Welfare Plans" in this notice.

In January 2009, Nortel filed for bankruptcy relief in the Bankruptcy Court for the District of Delaware.  Since that time, Nortel has sold off its active businesses and terminated almost all of its active employees.  In connection with its wind down, Nortel has sought to terminate the benefits that retirees have been receiving under the Retiree Welfare Plans ("Retiree Benefits").  A committee of retirees was appointed in August 2011 to represent the interests of the Debtors' retired employees with respect to the proposed termination of Retiree Benefits and negotiate on their behalf.  This committee is referred to as the "Retiree Committee" in this notice.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

After more than a year of negotiations between Nortel and the Retiree Committee, including negotiations under the supervision of a Bankruptcy Court-appointed mediator, the parties have reached a settlement agreement (the "<u>Settlement Agreement</u>")[2] that would allow Nortel to terminate the Retiree Welfare Plans in exchange for making a payment that will be distributed among the Retirees[3] in a manner determined by the Retiree Committee. A copy of the Settlement Agreement is attached to this notice as Exhibit 1.

On December 31, 2012, Nortel filed the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 353 and 1114 and Fed. R. Bankr. P. 9019 Approving a Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9224] (the "<u>Approval Motion</u>"), asking the Court to approve the Settlement Agreement. Nortel previously filed a motion dated July 30, 2012, asking the court to terminate the Retiree Welfare Plans and to approve a settlement proposal that was not accepted by the Retiree Committee [D.I. 8066]. That motion will be withdrawn if the Court approves the Settlement Agreement and the Settlement Agreement becomes effective.

**Hearing**

On April 2, 2013, the Court will hold a hearing on the Approval Motion to decide whether the Settlement Agreement should be approved. **If approved, the Settlement Agreement will authorize Nortel to terminate the Retiree Welfare Plans as of May 31, 2013, and discontinue providing benefits thereunder, and will release Nortel and other third parties from liability related to the Retiree Welfare Plans and Retiree Benefits in exchange for paying the Settlement Amount to the Retiree Committee. If you are a Retiree or may be entitled to Retiree Benefits under the Retiree Welfare Plans, your rights will be affected.** You should read the Settlement Agreement in its entirety. If you have questions regarding the proposed settlement, you may contact counsel to the Retiree Committee, Togut Segal & Segal, LLP, by either phone (212-594-5000); email (neilberger@teamtogut.com); or mail (Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attention: Albert Togut, Esq. and Neil Berger, Esq.), or consult with your own lawyer. You may also submit questions via the website maintained by the Retiree Committee: **www.kccllc.net/nortelretiree**. The terms of the Settlement Agreement are summarized below.

**Objection Deadline**

**Any party wishing to object to the Settlement Agreement for any reason whatsoever, must file a response or objection (an "<u>Objection</u>"), to the Approval Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before March 12, 2013 (the "<u>Objection Deadline</u>").** The Objection must be in writing and signed by the objecting party or its counsel. The Objection must be in conformity with the Bankruptcy Rules and the Local Rules, and be served on the following parties so as to be received on or before March 12, 2013: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, Attn: Lisa M. Schweitzer,

---

[2]    Capitalized terms used in this notice that are not defined herein shall have the meaning given to them in the Settlement Agreement.

[3]    For purposes of the Settlement Agreement, "<u>Retirees</u>" include the Debtors' retired employees, their surviving spouses, domestic partners and eligible dependents, and current employees of the Debtors (including, for the avoidance of doubt, LTD Employees) who may be eligible for benefits under the Retiree Welfare Plans.

2

Esq., One Liberty Plaza, New York, New York 10006, Facsimile: (212) 225-3999 and Morris, Nichols, Arsht & Tunnell LLP, Attn: Derek C. Abbott, Esq., 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989, (ii) counsel to the Retiree Committee: Togut, Segal & Segal LLP, Attn: Albert Togut, Esq. and Neil Berger, Esq., One Penn Plaza, Suite 3335, New York, New York 10119, Facsimile: (212) 967-4258, (iii) counsel to the Unsecured Creditors Committee: Akin Gump Strauss Hauer & Feld LLP, Attn: Lisa Beckerman, Esq., One Bryant Park, New York, New York 10036, Facsimile: (212) 872-1002, (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy LLP, Attn: Thomas J. Matz, Esq., One Chase Manhattan Plaza, New York, New York 10005, Facsimile: (212) 822-5885 and (v) the Office of the United States Trustee: Attn: Mark Kenney, Esq., 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Facsimile: (302) 573-6497.

**ANY PARTY WHO DOES NOT OBJECT TO THE SETTLEMENT AGREEMENT OR THE TREATMENT OF HIS OR HER CLAIM THEREUNDER (INCLUDING THE RELEASE OF CLAIMS) BY MARCH 12, 2013 ACCORDING TO THE PROCEDURES SET OUT ABOVE, AND ANY PARTY WHO PROPERLY FILES AN OBJECTION THAT THE COURT OVERRULES, WILL BE BOUND TO THE SETTLEMENT AGREEMENT AND HIS OR HER CLAIM WILL BE VALUED AND TREATED AS DESCRIBED IN THE SETTLEMENT AGREEMENT. PARTIES WHO DO NOT TIMELY AND PROPERLY OBJECT OR WHOSE OBJECTIONS ARE OVERRULED BY THE BANKRUPTCY COURT WILL NOT BE ABLE TO SEEK ANY ALTERNATIVE RECOVERY OR REMEDY AGAINST THE DEBTORS, THE RETIREE COMMITTEE, OR ANY OTHER PARTY RELEASED UNDER THE SETTLEMENT AGREEMENT, OR AGAINST THE SETTLEMENT AMOUNT PAID BY THE DEBTORS TO THE RETIREE COMMITTEE.**

**Release of Claims**

As described in more detail in this notice and in the Settlement Agreement, under the Settlement Agreement, all holders of Retiree Claims (as defined below) are entitled to payment only from the Settlement Amount and only in accordance with the Allocation Methodology described below. If you are entitled to receive a payment from the Settlement Amount, a personalized statement listing the amount that you are entitled to receive will be enclosed with the *Statement of the Official Committee of Retired Employees of Nortel Networks Inc., et al. in Support of Debtors' Motion for Approval of Settlement Agreement and Termination of Retiree Benefits,* which you will receive separately (the "Retiree Committee Statement"). Under the Settlement Agreement, all Retiree Claims are otherwise being released and extinguished and you will not be entitled to further payment for such claims from the Settlement Amount, the Debtor Releasees, the Retiree Committee Releasees, or their respective advisors or successors.

**Proofs of Claims to be Disallowed**

If the Settlement Agreement is approved by the Court, all proofs of claim on account of Retiree Claims will be disallowed and expunged from the Debtors' claim register on the Effective Date. Enclosed with this notice are two exhibits (the "Claims Exhibits"): Exhibit 2 lists Retiree Claims that will be disallowed and expunged in their entirety as part of the settlement and Exhibit 3 lists proofs of claim for which only the portion related to Retiree Claims will be expunged. **If you have filed a proof of claim in the Debtors' bankruptcy cases, you should locate your name and claim in Exhibits 2 and 3 and review the Claims Exhibits**

**carefully. The Debtors are not seeking to affect any rights that you may have with respect to Excluded Claims under the Settlement Agreement. If you fail to object in accordance with this notice by the Objection Deadline, the Court may partially or wholly disallow and expunge your claim without further notice or hearing.**

**The Settlement Agreement**

The following is a summary of the primary terms of the Settlement Agreement. This summary is provided as background, and you should read the full and complete copy of the Settlement Agreement that is enclosed. In the case of any conflicts, the terms of the Settlement Agreement governs the settlement. You should consult with counsel to the Retiree Committee or your own lawyer if you have questions. Nortel cannot provide you with legal advice. Under the proposed Settlement Agreement and the proposed order approving the Settlement Agreement:

- Termination of Retiree Welfare Plans. If the Bankruptcy Court approves the Settlement Agreement, the Debtors will terminate all Retiree Welfare Plans including, for the avoidance of doubt, all coverage and benefits provided thereunder, on **May 31, 2013** (the "Termination Date").[4]

- Retiree Welfare Plans Run Off Period. If the Bankruptcy Court approves the Settlement Agreement, the time period for making a claim for reimbursement for benefits covered by the relevant Retiree Welfare Plans for claims incurred prior to the Termination Date shall be reduced to six months following the Termination Date (the "Run Off Period"). Claims for reimbursement for benefits covered by the relevant Retiree Welfare Plans for claims incurred prior to the Termination Date which are not timely and properly made in accordance with the relevant Retiree Welfare Plans prior to the earlier of (i) the current run off period under the relevant Retiree Welfare Plan or (ii) expiration of the Run Off Period, shall be disallowed for all purposes (and the Debtors' Claims Agent will be authorized to make an appropriate notation on the Official Claims Register maintained in the Debtors' cases, as necessary) (the "Untimely Run Off Claims").

- Settlement Amount. The Settlement Amount shall be equal to $66,879,000 (the "Settlement Amount").[5]

- Apportionment Methodology.

    o The Retiree Committee and its Successors shall have sole responsibility for applying the Apportionment Methodology and the calculation of Retiree Claims for purposes of distributing the Settlement Amount.

    o The Retiree Committee has determined that it intends to allocate the Settlement Amount less the Settlement Administration Costs (as defined below) to all

---

[4] In the event the Debtors and the Retiree Committee agree in writing to extend the Termination Date to June 30, 2013, the Settlement Amount would be reduced to $66,172,000.

[5] In the event the Debtors and the Retiree Committee agree in writing to extend the Termination Date to June 30, 2013, the Settlement Amount would be reduced to $66,172,000.

eligible holders of Retiree Claims in accordance with the following "Apportionment Methodology," based upon each holder's share of the aggregate value of Retiree Claims for each of the enumerated categories of benefits below through the provision of insurance benefits and/or Health Reimbursement Accounts ("HRA"):

- the Retiree Committee intends to have the VEBA (as defined below) attempt to obtain a group medical insurance policy (the "Medical Policy") for the benefit of the holders of Retiree Claims who are eligible for medical insurance benefits under the applicable Retiree Welfare Plans or the terms of the Settlement Agreement, provided that the Election Threshold (which is described in the Retiree Committee Statement) is satisfied. The Retiree Committee intends that the amount that the VEBA will expend for this benefit will be based on the aggregate actuarial liability for the medical benefits provided under the Retiree Welfare Plans as a percentage of the aggregate actuarial liability for all types of benefits for which the Settlement Amount is intended to compensate, subject to the decisions of the Retiree Committee's Successors and the additional terms stated in the Settlement Agreement;

- the Retiree Committee or its Successors may, in their discretion, choose to allocate to HRAs portions of the Settlement Amount that are based in whole or in part on the proportionate actuarial valuation of each claim for post-Termination Date Retiree Benefits under the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan for Retirees, and in the event that a Medical Policy is not obtained, the Nortel Networks Inc. Retiree Medical Plan, or any predecessor of either plan, each as amended or modified from time to time;

- the Retiree Committee or its Successors may, in their discretion, choose to allocate a portion of the Settlement Amount to additional Retiree Claims in such amounts that the Retiree Committee determines in its reasonable discretion to be valid, provided that such claims are supported by written documentation and qualify as a Retiree Claim under the terms of the Settlement Agreement; and

- the Retiree Committee or its Successors shall allocate a portion of the Settlement Amount to any additional Retiree Claims in the manner and to the extent that the Bankruptcy Court requires such Retiree Claims to be included under section 1114 of the Bankruptcy Code or Bankruptcy Rule 9019 in accordance with such Bankruptcy Court order.

- Satisfaction of Retiree Claims. **AS PART OF THE SETTLEMENT, HOLDERS OF RETIREE CLAIMS WILL HAVE THOSE CLAIMS AGAINST THE DEBTORS AND OTHER THIRD PARTIES RELEASED AND EXPUNGED, SUBJECT**

**ONLY TO THEIR ENTITLEMENT (IF ANY) TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE PAYMENT OF A PORTION OF THE SETTLEMENT AMOUNT.** The termination of the Retiree Welfare Plans and the payment of the Settlement Amount shall fully satisfy the Retiree Claims, and the Retirees shall be barred from asserting any further Retiree Claims against the Debtors or the other parties being released. As used herein, the "Retiree Claims" shall include any and all actual and potential claims, demands, causes of action, debts, liabilities or obligations, whether based on any legal or equitable theory, including fiduciary or equitable duties, or otherwise, including, but not limited to suits in contract, tort or equity, whether arising under contract, ERISA, COBRA, the Tax Code or any other statute, rule, regulation, common law or otherwise, and whether arising under the laws of the United States, any political subdivision thereof or the laws of any other jurisdiction, in all cases arising out of or relating to:

- Any past, current or future benefits or any other obligation or claim arising under or relating to the Retiree Welfare Plans or the provision of Retiree Benefits thereunder;

- The administration of the Retiree Welfare Plans, including, but not limited to, the calculation of Retiree Benefits, the application of offsets against Retiree Benefits, the denial of Retiree Benefits, the determination of eligibility to receive Retiree Benefits, the interpretation of the Retiree Welfare Plans, and the drafting of the Retiree Welfare Plans;

- The amendment, modification and/or termination of any of the Retiree Welfare Plans and/or any benefits or coverage thereunder, whether done previously or as provided for under the provisions of this Settlement Agreement;

- Claims for punitive damages, equitable relief, attorneys' fees or other expenses related to the foregoing.

o For the avoidance of doubt, Retiree Claims shall **exclude** the following claims and any and all defenses thereto, which claims shall not be enforceable against the Settlement Amount, the Retiree Committee, its Successors, or their advisors, in each case in their capacity as such (and which claims and related defenses collectively shall be referred to as, the "Excluded Claims"):

- Claims arising under or relating to the Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including related fringe benefits;

- Claims arising under or relating to the Nortel Networks U.S. Deferred Compensation Plan or the Northern Telecom Inc. Senior Management Incentive Award Program;

- Claims for qualified pension benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Plan, Northern Telecom Inc.

> Retirement Plan for Employees or the Nortel Networks Capital Accumulation and Retirement Program, that are properly asserted only against the Pension Benefit Guaranty Corporation;
>
> - Claims for non-qualified pension benefits or other benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Restoration Plan, Northern Telecom Inc. Excess Pension Plan, Nortel Networks Long-Term Investment Restoration Plan, Nortel Networks Supplementary Executive Retirement Plan, the Nortel Networks Special Pension Benefit Plan and the Nortel Networks Special Pension Credit Plan;
>
> - Timely Run Off Claims approved pursuant to the relevant Retiree Welfare Plans;
>
> - Claims for expatriate benefits and relocation expenses;
>
> - Claims for the account balance currently vested in an individual's account under the Nortel Networks Long-Term Investment Plan or Northern Telecom Inc. Thrift Savings Plan;
>
> - Claims arising directly under a written employment agreement between an individual Retiree and the Debtors that are unrelated to life insurance, death benefits, retirement payments, medical insurance, long-term care insurance or any other Retiree Claims.

- Final Resolution.  Any and all Retiree Claims shall be enforceable only against the Settlement Amount, and shall be satisfied in accordance with the Apportionment Methodology, which shall be the sole source of recourse for any and all Retiree Claims.

- Proofs of Claim.  Any and all proofs of claim filed on account of or to the extent they include Retiree Claims, including, but not limited to, claims arising from modifications to or the termination of the Retiree Welfare Plans, shall be disallowed and expunged from the Debtors' claims register on the Effective Date, solely with respect to the portion of the proof of claim relating to Retiree Claims.

- Retirement Eligible Employees.  All current and former employees of the Debtors who are or may become eligible to receive benefits under the Retiree Welfare Plans, including, for the avoidance of doubt, those employees currently receiving employer-paid long-term disability benefits (the "LTD Employees") and those former employees currently receiving medical benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") ("COBRA Employees"), shall be permitted to participate in the Retiree Committee settlement set forth in the Settlement Agreement, provided such current and former employees are eligible as of January 31, 2013 to receive benefits under the Retiree Welfare Plans.  For purposes of determining eligibility to receive benefits under the Retiree Welfare Plans under the Settlement Agreement, current and former employees' years of service shall be frozen

7

as of January 31, 2013, except to the extent a former employee is a COBRA Employee, in which case, such COBRA Employee's years of service shall be determined as of the end of the COBRA benefit period (but, in any event, no later than January 31, 2013) rather than the date on which his or her employment was terminated; provided further, and without affecting or waiving service requirements, that a current or former employee's age for purposes of eligibility shall be determined at the latest of the conclusion of: (i) the employee's active service, (ii) the period during which the employee received employer-paid long-term disability benefits, (iii) the period during which the employee received COBRA benefits, or (iv) any additional period that would be necessary for the employee to achieve the minimum age required for eligibility to receive benefits under each of the Retiree Welfare Plans.  In order for a current employee of the Debtors, including an LTD Employee, to elect to receive benefits under the Retiree Welfare Plans as of the Effective Date, such employee must, by a written document to be received by the Debtors within thirty (30) days after the Effective Date (the "Election Document"), voluntarily terminate his or her employment with the Debtors and irrevocably relinquish his or her right to receive benefits under the plans, arrangements, agreements and programs available to current employees, including, without limitation, income continuation benefits pursuant to the Nortel Networks Inc. Long-Term Disability Plan (unless otherwise agreed to by the Debtors in writing in connection with the termination or consensual resolution regarding the termination of such benefits).  The Election Document shall not permit employees to add dependents who are not already covered by the Nortel Networks Inc. Medical Plan under the Retiree Medical Plan.

- Final Settlement.  The Settlement Agreement is being entered into, and the payment of the Settlement Amount is being made, in full and final satisfaction of the Retiree Claims and upon the occurrence of the Effective Date shall supersede any prior obligations of the Debtors relating to the provision of Retiree Benefits or payment of Retiree Claims under the Retiree Welfare Plans, such that from and after the Effective Date, the Retiree Committee and all holders of Retiree Claims shall be forever estopped and barred from seeking further relief pursuant to section 1114(g) of the Bankruptcy Code related to the Retiree Welfare Plans, the Retiree Claims or the Settlement Agreement.

You are encouraged to read the Settlement Agreement in its entirety. You may contact counsel to the Retiree Committee or consult with your own lawyer if you so choose if you have any additional questions.

Dated:  January 23, 2013
         Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

   - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*