IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2013 JAN 28  AM 10: 36
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |
| | ) Related D.I.:8067 |
| | ) RE:          D.I. # 9304 |
| | ) Preliminary Hearing Date: February 14, 2013 at 10:00 am (EST); |
| | ) Preliminary Hearing Objections Due: February 4, 2013 at 4:00 pm (EST) |

**OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Daniel D. David, a disabled LTD employee, of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection to Debtors' Motion to (A)

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Preliminary approve the settlement agreement regarding long-term Disability plans and claims; (B) conditional certification of class for settlement purposes only; (C) conditional Appointment of class representatives regarding the settlement proposed in regards to the Debtors Motion to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees. In support of this Objection, Daniel D. David respectfully represents as follows:

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks Inc., filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 3, 2011, a significant number of LTD Participants filed a joinder to the Retiree Committee Appointment Motion (Docket No. *5595*). Contemporaneously, certain LTD Participants filed a motion seeking appointment of a committee as the official representative for LTD Participants (Docket No. *5595)* (the "LTD Committee Appointment Motion"). Additionally, multiple other LTD Participants filed correspondence with the Court supporting the relief sought in the Retiree and LTD Committee Appointment Motions. *(See, e.g.,* Docket Nos.5659-61, *5670-76,* 5678-81, 5694-5701, *5703-5708, 5712-5716* and *5760-5764).*

3. On August 2, 2011, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], as amended on August 4, 2011 [D.I. 6080];

4. The LTD committee by-laws were drafted and the LTD committee selected the legal representation of Elliot-Greenleaf as their Attorney on August 5, 2011.

5. *On July 30, 2012 Debtors filed Motion for entry of an order pursuant to 11 US. C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067).

6. Note: - Being a Parkinson's patient I will do my best to get my points across.

### RELIEF REQUESTED

7. I respectfully request that the court deny Debtor's Motion [D.I. 9304].

8. If court allows the certification of class action right now there will be no opportunities to restructure this settlement as presented below.

9. I respectfully disagree that the Debtors in their motion on classifying LTD income continuation approved claim payments to the LTD participant as benefit coverage that occurs in the future rather than an approved claim liability to be paid to the LTD participant based on their income replacement present value amount.

10. I respectfully request that the settlement negotiation for the 1981-2001 groups be done by the members, whose Long Term Disability Summary Plan Descriptions went into effect during 1981 – 2001, which would better represent the 1981-2001 Group of LTD participants without any conflict of interest.

11. I respectfully request that the settlement negotiation for the 2002-2010 group be done separately and represented by LTD members whose Long Term Disability Summary Plan Descriptions went into effect during 2002 - 2010.

12. I respectfully request the Debtors re-negotiate settlements with 1981-2001 groups and 2002-2010 groups independently.

13. I respectfully agree that associated LTD benefits, the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan, are open for discussion and I feel the result in this case should be similar to the Nortel retiree settlement.

14. I respectfully request that the Certification of LTD Class [D.I. 9304] be implemented after the appropriate steps are implemented for the LTD participants.

## BASIS FOR RELIEF

**FACTS**

15. In Paragraph 112 in Debtors' Motion [DI. 9304] states *"Here the Debtors have a valid justification to terminate the LTD Plans, not only because under the LTD Plans they have the right to terminate the LTD Plans and the right to receive LTD Benefits at will,"* which applies in the case of any of their plan coverage offered by the Debtors as a compensation **but does not apply to an approved claim already incurred and now is the Debtors' liability for the services already rendered.**

16. In Paragraph 106 in Debtors' Motion [DI. 9304] states *"Since benefits provided under welfare benefit plans do not and are not required to vest under ERISA, they are*

*terminable at will unless the plans specifically provide otherwise. As the Third Circuit has explained, "an employer's commitment to vest such benefits is not to be inferred lightly and must be stated in clear and express language"* which applies to the following plan undoubtedly, the Nortel Networks Inc. LTD income continuation Plan (only for any future occurrences), the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan, **but does not apply to an approved income continuation claim or any other approved claim already incurred and now is the Debtors' liability for services already rendered.**

17. At the formation of the LTD committee, it was not apparent that there were variances in the Summary Plan Descriptions as Nortel periodically changed employee benefits. After access to Discovery from the Debtors, it became apparent that SPDs differed in description in the LTD members. There are approximately 71 percent of LTD participants in 1981 through 2001 group.

18. There are approximately 29 percent of LTD participants in 2002 through 2010 group.

19. The LTD Summary Plan Description's for 1981 through 2001 participants have a very strong and solid argument for their case based on the LTD plan and associated Summary Plan Description's for the 1981 through 2001 years.

20. Due to the variance in the LTD Summary Plan Description for 2002 through 2010, these participants do not have the same solid argument for their case based on the LTD plans and associated Summary Plan Description for the 2002 through 2010 years. Now there are five LTD committee members out of seven who are in the 2002-2010 group. The 2002-2010 group is the majority in the committee. Giving the appearance of **unfair representation** and possible **misguided conclusions**.

21. **LTD income continuation claim is an approved claim at the time it incurred under a pay as you go payment plan for services already rendered.**

**Procedure for VEBA plan termination**

**From the 5500 auditor's report - December 31 2011**

22. *The Company established the Plan with the intention and expectation it would be continued indefinitely, however the Company has no obligation to maintain the Plan for any given length of time. The plan is currently funded through a VEBA Trust. The nature of the Plan allows the Company the ability to terminate the VEBA Trust for payment operations, without incurring any additional liability.*

*Upon a decision to terminate the VEBA Trust the affairs of the VEBA Trust shall be wound up as soon as may he reasonably practicable. The VEBA Trust, including the liquidation proceeds of the VEBA Trust, shall he paid out and distributed by the Trustee in the following order unless a judgment or decree of a court of competent jurisdiction or any applicable law shall mandate a contrary application.*

*First, to the payment of all reasonable and necessary expenses of managing and administering the Plan to the extent that the company does not pay the expenses:*

*Second, to the payment of benefits to eligible employees and their eligible qualified dependents that are payable from the Plan as the company shall direct the Trustee in writing: and*

*Third, to the payment of life, sickness, accident, or similar benefits described in Section 501c(9) of the Code and the regulations under that Section to eligible employees or their dependents or designated beneficiaries, as the Company shall direct the Trustee in writing.*

*In no event shall any portion of the trust revert to the Company.*

*The Plan's deficiency of net assets over benefit obligations at December 31, 2011 and 2010, relates primarily to* **the long-term disability** *and postretirement benefit obligations that are not currently payable* **The Company expects that the deficiency will be funded when the obligations become currently payable** *however, there can be no assurances that the Company will be capable of providing such funding. and furthermore, the Company has filed a motion seeking modification or termination of the benefit obligations giving rise to the funding obligation.*

**The Auditors of KPMG illustrate that in order to shut down a plan the Debtor should pay all the primary long term disability obligation which will be funded when obligation currently payable. The Debtors are currently shutting down or winding down the business, In order to terminate the VEBA plan and clear the register of the LTD and LTD associated obligations the Debtors should pay the LTD income continuation plan's deficiency which is definitely an approved claim for services already rendered. I understand fully that the Debtors have every right to terminate providing the Future coverage of LTD plan but the Debtors do**

**not have the right not to pay already approved LTD claims, Medical, Vision, prescription drug, hearing and Dental Claims already in pipeline. The Debtors have enough funds to cover these expenses.**

**Debtors' Expert's report**

23. The Nortel expert report author Dr. Ethan Kra estimates for the Income Replacement approved Claim portion in Exhibit 2 of [D.I. 9041] (**Exhibit A**) is very close to the amount equal to the obligation amount for 1981-2001 group only.

24. Dr. Ethan Kra stated that LTD benefits falls under FAS 106 is false; rather LTD benefits fall under FAS 112 (**Exhibit B**).

25. Dr. Kra illustrated the use of bond rating in this case. However, the major part of rating a company depends upon the financial health of the institution. On the other hand, Nortel was not declaring the true value of their patents, rather not declaring then at all on the Company's Balance sheet. **Therefore, we cannot use the discount rate used in his analysis for our LTD associated benefits. Or even consider applying an outrageous discount rate to approved LTD income continuation claim for services already rendered.**

**Arguments**

26. The Debtors while functioning as a corporation had three options to complete their contract with the permanently disabled employee. Option One: Contribute to a trust fund based on actuarial estimates to age 65 in order to secure the employee's claim and administrator to perform his or her fiduciary duties. Option Two: Pay the employee a "pay as you go" plan on a month to month basis until age 65. Option Three: Pay the employee their total pay from start of LTD until age 65 in one lump

sum payment. But the Debtor/Nortel CHOSE to do option two for the LTD employee. But all three options were not nullified by filing for chapter 11 Bankruptcy, since the contract agreement was completed when the employee LTD benefits were approved for LTD participant by Nortel.

27. In paragraph 112 in Debtors' Motion [DI. 9304] states *"Here the Debtors have a valid justification to terminate the LTD Plans, not only because under the LTD Plans they have the right to terminate the LTD Plans and the right to receive LTD Benefits at will,"* which applies in the case of any plan coverage offered by the Debtor as a compensation **but does not apply to an approved claim already incurred and now is the Debtors' liability for services already rendered.**

28. In paragraph 106 in Debtors' Motion [DI. 9304] states *"Since benefits provided under welfare benefit plans do not and are not required to vest under ERISA, they are terminable at will unless the plans specifically provide otherwise. As the Third Circuit has explained, "an employer's commitment to vest such benefits is not to be inferred lightly and must be stated in clear and express language"* which applies to the following plan undoubtedly , the Nortel Networks Inc. LTD income continuation Plan (only for any future occurrences), the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment

Plan, but not to an approved income continuation claim or any other approved claim already incurred and now is the Debtors' liability for services already rendered.

29. Renewable Welfare benefits plans are renewed each year and are under a renewable policy where a benefit claim always occurs, approved and possibly paid within the same policy year. The welfare benefit plan could be modified or changed year to year. However, in case of approved income continuation claims the guidelines cannot be changed or modified for the year in which the LTD approval incurred for services already rendered.

30. Nortel is assuming the fact that an approved claim on "pay as you go" basis benefit payment plan is being considered as a future welfare benefits to be approved and then paid.

31. The 1981-2001 income continuation plan shouldn't be open to negotiation since it is already pre-petition approved claim for services already rendered and there is no language in the plan where it states that LTD plan claim payments can be terminated other than exception illustrated in 1989 Plan and 2000 SPD documents attached **(Exhibit C)**.

**Opinion**

32. My opinion and assumptions are that the 1981-2001 LTD group is not being represented in an appropriate manner.

33. Any future LTD income continuation payments after an agreed plan termination date should be paid in cash at the time the plan is terminated using the actuarial present dollar values for each individual participant's claim.

**Conclusion**

34. Therefore, the only alternative should be to parse out the LTD income continuation claim for services already rendered and provide the claim actuarial value in the form of cash payment to each individual participant in LTD income continuation claims. The payment is to be paid at the time the plan is terminated along with the termination of all the other LTD associated Plans (the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan,). Also the result of the LTD associated benefits negotiation should be similar to the Retiree settlement as well as approximately the same ratio.

35. **I bring up these observations and discrepancies in hopes that justice and fairness will prevail in this case.**

## **NOTICE**

36. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Daniel D. David respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

37. **WHEREFORE**, Daniel D. David respectfully requests the entry of an Order, in the form attached, providing for the Debtors to pay 1981-2001 group 100 percent of LTD income continuation claim payments in cash to the participants including myself using the actuarial dollar values for each individual participant's claim for services already rendered. Second re-negotiate LTD associated benefit for all participants and re-negotiate income continuation benefits for 2002-2010 participants independently.

Dated: January, 24 2013

_____
Daniel D. David
2105 possum trot rd
Wake Forest, NC 27587
Telephone: 919-554-9291
Facsimile: N/A
Email: ddavid4@nc.rr.com

*Appearing Pro Se*