IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) Jointly Administered |
| Debtors. | ) Related D.I.:8067 |
| | ) |
| | ) RE:             D.I. # 9304 |
| | ) |
| | ) Preliminary Hearing Date: February 14, |
| | ) 2013 at 10:00 am (EST); |
| | ) |
| | ) Preliminary Hearing Objections Due: |
| | ) February 4, 2013 at 4:00 pm (EST) |

**OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE
BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023
TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT
REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS,
(B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT
PURPOSES ONLY, (C) APPROVE THE NOTICE
PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND
(II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT,
(B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS
TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Jerry Wadlow, a disabled LTD employee, of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection to Debtors' Motion to (A) Preliminary

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

approve the settlement agreement regarding long-term Disability plans and claims; (B) conditional certification of class for settlement purposes only; (C) conditional Appointment of class representatives regarding the settlement proposed in regards to the Debtors Motion to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees.

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks Inc., filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 3, 2011, a significant number of LTD Participants filed a joinder to the Retiree Committee Appointment Motion (Docket No. 5595). Contemporaneously, certain LTD Participants filed a motion seeking appointment of a committee as the official representative for LTD Participants (Docket No. 5595) (the "LTD Committee Appointment Motion"). Additionally, multiple other LTD Participants filed correspondence with the Court supporting the relief sought in the Retiree and LTD Committee Appointment Motions. (See, e.g., Docket Nos. 5659-61, 5670-76, 5678-81, 5694-5701, 5703-5708, 5712-5716 and 5760-5764).

3. On August 2, 2011, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], as amended on August 4, 2011 [D.I. 6080];

4. The LTD committee by-laws were drafted and the LTD committee selected the legal representation of Elliot-Greenleaf as their Attorney on August 5, 2011.

5. *On July 30, 2012 Debtors filed Motion for entry of an order pursuant to 11 U.S. C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067).

6. The LTD Committee and their selected counsel state in their Motion D.I. #9304 that Employee's claims under the LTD Plans (as determined by the LTD Committee) and the denominator of which is the aggregate of the actuarial values of all LTD Employees' claims under the LTD Plans (as determined by the LTD Committee), thereafter applied to the Settlement Amount. The foregoing allocation methodology is referred to herein as the "Apportionment Methodology." The LTD Committee shall have sole responsibility for calculation of such amounts and distribution of the Settlement Amount pursuant to the Apportionment Methodology.

## RELIEF REQUESTED

7. I respectfully request that the court deny Debtors and Official Committee of Long Term Disability Participants joint Motion [D.I. 9304].

8. I respectfully request that the settlement be negotiated and include each and every LTD participant regardless what year they were forced out on Long Term Disability and such settlement be dispersed by a third party with absolutely no connection to the Debtors, and an audit be performed by a third party with connection to the debtors or the LTD Committee so that the numbers the actuaries gave are not changed.

9. I respectfully ask that the request for the Debtors be ordered to re-negotiate settlements with respect to all LTD participants which include each and every one of us regardless of what year we were forced out on Long Term Disability.

10. I respectfully agree that associated LTD benefits, the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan, are open for discussion and I feel the result in this case should be similar to the Nortel retiree settlement.

11. I respectfully request that the Official LTD Committee include all seven members, and not just the five Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones mentioned in the motion D.I. 9304, and that the Official LTD Committee (of which I volunteered to be a member of) receive no compensation for their participation in said Committee, because they all volunteered to be on the Committee, and just as if I had been selected, there was to be no monetary compensation for volunteering, and being selected.

## **BASIS FOR RELIEF**

12. If court allows the certification of class action right now there will be no opportunities to restructure this settlement to include all LTD members.

13. I respectfully disagree that the Debtors in their motion on classifying LTD income continuation approved claim payments to the LTD participant as benefit coverage that occurs in the future rather than an approved claim liability to be paid to the LTD participant based on their income replacement present value amount.

**FACTS**

14. In Paragraph 112 in Debtors' Motion [DI. 9304] states "*Here the Debtors have a valid justification to terminate the LTD Plans, not only because under the LTD Plans they have the right to terminate the LTD Plans and the right to receive LTD Benefits at will,*" which applies in the case of any of their plan coverage offered by the Debtors as a compensation **but does not apply to an approved claim already incurred and now is the Debtors' liability for the services already rendered.**

15. In Paragraph 106 in Debtors' Motion [DI. 9304] states "*Since benefits provided under welfare benefit plans do not and are not required to vest under ERISA, they are terminable at will unless the plans specifically provide otherwise. As the Third Circuit has explained, "an employer's commitment to vest such benefits is not to be inferred lightly and must be stated in clear and express language"* which applies to the following plan undoubtedly , the Nortel Networks Inc. LTD income continuation Plan (only for any future occurrences), the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks

Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan, **but does not apply to an approved income continuation claim or any other approved claim already incurred and now is the Debtors' liability for services already rendered.**

16. I was never aware of a Summary Plan Description until just a few months ago, and the debtors never made me aware of one. I was under the premise that I was paying for insurance premiums in my FLEX Benefit Booklet of which included all the different insurance choices including Long Term Disability Coverage (which I paid a higher premium for so that if I ever became totally disabled, I would receive 70% of my pay rather than 60%). At no time did the debtors make me aware of such, nor did they make me aware that I was not paying for insurance coverage, or did they make me aware of any changes in regard to what year a person went out on Long Term Disability.

17. Since Nortel is liable for already approved claims, there should not be any type of argument as to which SPD is better than the other. None of us wanted to go out on LTD, but were forced to go out, and I do not believe anyone knew that we were paying premiums on what was not insurance.

18. If the LTD Committee only negotiated for the LTD members that went out before 2001, then there should be further negotiations to include all LTD members because we are all permanently unable to work, and are entitled to compensation for our already approved LTD claims.

**19. LTD income continuation claim is an approved claim at the time it incurred under a pay as you go payment plan for services already rendered.**

**Procedure for VEBA plan termination**

**From the 5500 auditor's report - December 31 2011**

20. *The Company established the Plan with the intention and expectation it would be continued indefinitely, however the Company has no obligation to maintain the Plan for any given length of time. The plan is currently funded through a VEBA Trust. The nature of the Plan allows the Company the ability to terminate the VEBA Trust for payment operations, without incurring any additional liability.*

*Upon a decision to terminate the VEBA Trust the affairs of the VEBA Trust shall be wound up as soon as may he reasonably practicable. The VEBA Trust, including the liquidation proceeds of the VEBA Trust, shall he paid out and distributed by the Trustee in the following order unless a judgment or decree of a court of competent jurisdiction or any applicable law shall mandate a contrary application.*

*First, to the payment of all reasonable and necessary expenses of managing and administering the Plan to the extent that the company does not pay the expenses:*

*Second, to the payment of benefits to eligible employees and their eligible qualified dependents that are payable from the Plan as the company shall direct the Trustee in writing: and*

*Third, to the payment of life, sickness, accident, or similar benefits described in Section 501c(9)of the Code and the regulations under that Section to eligible employees or their dependents or designated beneficiaries, as the Company shall direct the Trustee in writing.*

*In no event shall any portion of the trust revert to the Company.*

*The Plan's deficiency of net assets over benefit obligations at December 31, 2011 and 2010, relates primarily to* **the long-term disability and postretirement benefit** *obligations that are not currently payable* **The Company expects that the deficiency will be funded when the obligations become currently payable** *however, there can be no assurances that the Company will be capable of providing such funding. and furthermore, the Company has filed a motion seeking modification or termination of the benefit obligations giving rise to the funding obligation.*

**The Auditors of KPMG illustrate that in order to shut down a plan the Debtor should pay all the primary long term disability obligation which will be funded when obligation currently payable. The Debtors are currently shutting down or winding down the business, In order to terminate the VEBA plan and clear the register of the LTD and LTD associated obligations the Debtors should pay the LTD income continuation plan's deficiency which is definitely an approved claim for services already rendered. I understand fully that the Debtors have every right to terminate providing the Future coverage of LTD plan but the Debtors do not have the right not to pay already approved LTD claims, Medical, Vision, prescription drug, hearing and Dental Claims already in pipeline. The Debtors have enough funds to cover these expenses.**

**Debtors' Expert's report**

21.Dr. Ethan Kra stated that LTD benefits falls under FAS 106 is false; rather LTD benefits fall under FAS 112 (**Exhibit B**).

22. Dr. Kra illustrated the use of bond rating in this case. However, the major part of rating a company depends upon the financial health of the institution. On the other hand, Nortel was not declaring the true value of their patents, rather not declaring then at all on the Company's Balance sheet. **Therefore, we cannot use the discount rate used in his analysis for our LTD associated benefits. Or even consider applying an outrageous discount rate to approved LTD income continuation claim for services already rendered.**

**Arguments**

23. The Debtors while functioning as a corporation had three options to complete their contract with the permanently disabled employee. Option One: Contribute to a trust fund based on actuarial estimates to age 65 in order to secure the employee's claim and administrator to perform his or her fiduciary duties. Option Two: Pay the employee a "pay as you go" plan on a month to month basis until age 65. Option Three: Pay the employee their total pay from start of LTD until age 65 in one lump sum payment. But the Debtor/Nortel CHOSE to do option two for the LTD employee. But all three options were not nullified by filing for chapter 11 Bankruptcy, since the contract agreement was completed when the employee LTD benefits were approved for LTD participant by Nortel.

24. In paragraph 112 in Debtors' Motion [DI. 9304] states *"Here the Debtors have a valid justification to terminate the LTD Plans, not only because under the LTD Plans they have the right to terminate the LTD Plans and the right to receive LTD Benefits at will,"* which applies in the case of any plan coverage offered by the Debtor as a

compensation **but does not apply to an approved claim already incurred and now is the Debtors' liability for services already rendered.**

25. In paragraph 106 in Debtors' Motion [DI. 9304] states *"Since benefits provided under welfare benefit plans do not and are not required to vest under ERISA, they are terminable at will unless the plans specifically provide otherwise. As the Third Circuit has explained, "an employer's commitment to vest such benefits is not to be inferred lightly and must be stated in clear and express language"* which applies to the following plan undoubtedly , the Nortel Networks Inc. LTD income continuation Plan (only for any future occurrences), the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan, **but not to an approved income continuation claim or any other approved claim already incurred and now is the Debtors' liability for services already rendered.**

26. Renewable Welfare benefits plans are renewed each year and are under a renewable policy where a benefit claim always occurs, approved and possibly paid within the same policy year. The welfare benefit plan could be modified or changed year to year. However, in case of approved income continuation claims the guidelines cannot be changed or modified for the year in which the LTD approval incurred for services already rendered.

27. Nortel is assuming the fact that an approved claim on "pay as you go" basis benefit payment plan is being considered as a future welfare benefits to be approved and then paid.

**Conclusion**

28. Therefore, the only alternative should be to parse out the LTD income continuation claim for services already rendered and provide the claim actuarial value in the form of cash payment to each individual participant in LTD income continuation claims. The payment is to be paid at the time the plan is terminated along with the termination of all the other LTD associated Plans (the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Care Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc. Health Care Reimbursement Account Plan, the Nortel Networks Business Travel Accident Insurance Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Account Plan, the Nortel Networks Inc. Long-Term Investment Plan,). Also the result of the LTD associated benefits negotiation should be similar to the Retiree settlement as well as approximately the same ratio.

**29. I bring up these observations in hopes that your honor is able to see that we are all in the same situation regardless of what year we went out on LTD, and have fought tooth and nail, went through unnecessary stress, and worry for something that was *approved in a claim by Prudential claim administrator* to all of us regardless of what year we went out on LTD. All of our claims have already been approved, and Nortel is liable for each, and every claim.**

## NOTICE

30. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Jerry Wadlow respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

31. **WHEREFORE**, Jerry Wadlow respectfully requests the entry of an Order, in the form attached, providing for the Debtors to **pay all of the LTD members** 100 percent of LTD income continuation claim payments in cash to the participants including myself using the actuarial dollar values for each individual participant's claim for services already rendered, and that everyone is treated equally, and fairly regardless of what year they were forced to go out on LTD.

Dated: February 1, 2013

_Jerry L. Wadlow_
Jerry Wadlow
PO Box 79
Wewoka, OK 74884

Telephone: 405 592 9315
Facsimile: N/A
Email: jerry.wadlow@yahoo.com

*Appearing Pro Se*