IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) Jointly Administered |
| Debtors. | ) Related D.I.:8067 |
| | ) |
| | ) RE:    D.I. # 9304 |
| | ) |
| | ) Preliminary Hearing Date: February 14, |
| | ) 2013 at 10:00 am (EST); |
| | ) |
| | ) Preliminary Hearing Objections Due: |
| | ) February 4, 2013 at 4:00 pm (EST) |
| | ) |

**OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Charles V. Barry, a disabled LTD employee, of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection to Debtors' Motion to (A) Preliminary approve the settlement agreement regarding long-term Disability plans and claims;

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

(B) conditional certification of class for settlement purposes only; (C) conditional Appointment of class representatives regarding the settlement proposed in regards to the Debtors Motion to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees. In support of this Objection, Charles V. Barry respectfully represents as follows:

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks Inc., filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 3, 2011, a significant number of LTD Participants filed a joinder to the Retiree Committee Appointment Motion (Docket No. *5595)*. Contemporaneously, certain LTD Participants filed a motion seeking appointment of a committee as the official representative for LTD Participants (Docket No. *5595)* (the "LTD Committee Appointment Motion"). Additionally, multiple other LTD Participants filed correspondence with the Court supporting the relief sought in the Retiree and LTD Committee Appointment Motions. (See, e.g., Docket Nos.5659-61, *5670-76,* 5678-81, 5694-5701, *5703-5708, 5712-5716* and *5760-5764).*

3. On August 2, 2011, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], as amended on August 4, 2011 [D.I. 6080];

4. The LTD committee by-laws were drafted and the LTD committee selected the legal representation of Elliot-Greenleaf as their Attorney on August 5, 2011.

5. *On July 30, 2012 Debtors filed Motion for entry of an order pursuant to 11 US. C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067).

## RELIEF REQUESTED

6. I respectfully request that the court deny Debtor's Motion [D.I. 9304].

7. I respectfully request that the settlement disbursement of funds be audited by an independent auditor not currently employed by the Debtors.

8. I respectfully request that the Certification of LTD Class [D.I. 9304] not be implemented.

## BASIS FOR RELIEF

9. I have been advised that if court allows the certification of class action for the reason there will be no opportunities to object or audit the disbursement allocation. I do not understand this decision to change to a class action law suit; I believe I may lose rights. This decision has not been explained to me or as to why we are doing this, for this reason I request further information to understand this action.

10. All or most of the LTD committee members are dealing with their disabilities and coping with harsh side effects of drugs they are prescribed. However, the Debtors' in their Motion [D.I.9304] have put the LTD committee members to deal with issues which require full attention of an able and qualified worker. Therefore they should not be given the responsibility of the disbursement of the settlement funds but an independent audit should be provided for verification of the disbursement of funds by

*105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067).

## RELIEF REQUESTED

6. I respectfully request that the court deny Debtor's Motion [D.I. 9304].

7. I respectfully request that the settlement disbursement of funds be audited by an independent auditor not currently employed by the Debtors.

8. I respectfully request that the Certification of LTD Class [D.I. 9304] not be implemented.

## BASIS FOR RELIEF

9. I have been advised that if court allows the certification of class action for the reason there will be no opportunities to object or audit the disbursement allocation. I do not understand this decision to change to a class action law suit; I believe I may lose rights. This decision has not been explained to me or as to why we are doing this, for this reason I request further information to understand this action.

10. All or most of the LTD committee members are dealing with their disabilities and coping with harsh side effects of drugs they are prescribed. However, the Debtors' in their Motion [D.I.9304] have put the LTD committee members to deal with issues which require full attention of an able and qualified worker. Therefore they should not be given the responsibility of the disbursement of the settlement funds but an independent audit should be provided for verification of the disbursement of funds by

an independent auditor/actuary who is not currently an employee of the Debtors'. Again having no information as to how these funds may be dispersed I feel I have the right to know who decided or calculated these numbers.

11. *I bring up these items as they confuse me and they do not match that which our law firm, EG, described when we were told the possibilities of how this settlement would be handled. I am all for finalizing a settlement, I just ask that the judge ensure we have been and are being treated fairly as my confusion could be due to my illness, and other LTD persons may feel confused at this point also. We rely on the Judge to ensure all parties are finalizing these details for us, the Disabled person's best interest.*

## NOTICE

12. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Charles V. Barry respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

13. **WHEREFORE**, Charles V Barry respectfully requests the entry of an Order, in the form attached, providing for the Debtors to provide an independent audit.

Dated: January, 26 2013

Charles V. Barry
4090 Old Franklinton Road
Franklinton, NC, 27525

Telephone: 919-528-3868
Facsimile: N/A
Email: chuckvbarry@nc.rr.com

*Appearing Pro Se*