## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                       :
                                                       :      Chapter 11
                                                       :
In re                                                  :
                                                       :      Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                       :
                                                       :      Jointly Administered
                              Debtors.                 :
                                                       :
                                                       :
                                                       :
                                                       :
                                                       :
-------------------------------------------------------X
```

## THE U.S. DEBTORS' SCHEDULING PROPOSAL
## FOR OUTSTANDING MOTIONS AND ISSUES

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

In response to the Court's Order dated January 31, 2013 [D.I. 9352], Nortel Networks Inc. ("NNI") and its affiliated debtors and debtors in possession (collectively, the "U.S. Debtors"), submit this Scheduling Proposal for Outstanding Motions and Issues.

The three most pressing remaining matters that need to be resolved by this Court are the disputes regarding (1) the allocation of proceeds of the sales of business units and other assets (the "Allocation Dispute"), (2) the validity of the remaining portions of the 38 amended proofs of claim filed on behalf of the EMEA Claimants, (the "EMEA Claims"), that have not previously been dismissed by the Court and (3) the validity of the amended proofs of claims filed on September 5, 2012 by the Nortel Networks UK Pension Trust Limited and the board of the Pension Protection Fund against NNI and Nortel Networks (CALA) Inc. (the "UK Pension Claim").[2]  Below, we include a proposed schedule for each of these matters, the key aspects of which are as follows.

1.    **Claims Should Be Resolved Before Allocation**

As the Federal Rules of Bankruptcy Procedure require and as previous Court orders recognize, the EMEA Claims and UK Pension Claim (together, the "Claims") against the U.S. Debtors should be heard at evidentiary hearings before the U.S. Court only.   The most critical aspect of the U.S. Debtors' scheduling proposal is that the Claims be resolved prior to any joint evidentiary hearing with the Canadian Court to resolve the Allocation Dispute.  There is no dispute that the Joint Administrators' allocation theories are "intertwined" with and, indeed, premised on the EMEA entities succeeding on their Claims.[3]   The validity of the Claims is

---

[2]    The U.S. Debtors believe that these matters constitute the major remaining threshold disputes in these cases.  However, there may be other issues that need to be resolved in order to completely resolve the U.S. Debtors' cases, such as bondholder cross-border issues, inter-estate claims, and other cross-border claims.

[3]    See The Joint Administrators' Response to the Debtors' Motion for an Order Requiring a More Definite Statement of Claim and Setting a Deadline for the Filing of Any Proofs of Claim by the EMEA Claimants, filed April 15, 2011 [D.I. 5255] ¶ 2 ("The Joint Administrators agree that there is much overlap between the factual and

therefore a central threshold issue, resolution of which will pave the way for a more streamlined resolution of the Allocation Dispute.  In contrast, if the Allocation Dispute is heard before the Claims are resolved, the EMEA Claimants may seek to introduce their claims theories – which should instead be heard by the U.S. Court separately with respect to the claims against the U.S. Debtors and by the Canadian Court separately as to the Canadian Debtor – into the cross-border hearing on the Allocation Dispute, creating an unwieldy and unnecessarily complex procedural morass.  Moreover, litigating the Allocation Dispute first could unfairly, and to the great prejudice of the U.S. Debtors, give the EMEA Claimants two bites at the apple on their Claims theories, first as part of the Allocation Dispute and again when the Claims are heard.  If the Claims are heard first and rejected by the U.S. Court, the EMEA Claimants will be barred from attempting to infect the Allocation Dispute with their Claims.[4]

### 2. There Should Be An Expedited, But Workable, Schedule With Coordinated Discovery

The U.S. Debtors' proposed schedule is designed to achieve a resolution of all three of these matters by year end and is therefore consistent with the Court's previous suggestion that if mediation failed, it would impose a greatly accelerated discovery schedule.  It also represents a fair and appropriate balance between the need for expedition and the practicalities of litigating these matters, taking into account the need for discovery outside of this jurisdiction, the number of potential fact and expert witnesses and the legal issues involved.  The

---

legal issues relevant to asset allocation and to their claims against the U.S. Debtors and the Canadian Debtors."); see also id. ¶ 7 ("It is beyond dispute that the allocation of proceeds and the intercompany claims are 'intertwined,'. . . . Indeed, the EMEA Debtors' intercompany claims arise out of substantially the same facts, issues, and legal principles as the sale proceeds allocation arguments . . . .").

[4]     The converse is not necessarily true.  If the Allocation Dispute is heard first, even rejection of the Claims theories in that context might not bar further pursuit of the Claims depending on the basis for the Courts' ruling in the Allocation Dispute.

proposed schedule will require the parties to litigate these matters efficiently and in a cooperative manner, and the U.S. Debtors are fully prepared to proceed on that basis.

In light of the extensive discovery and documents exchanged by the parties during the three mediations that have already occurred, to accommodate what we assume to be all parties' desire for a prompt resolution of these matters, and because many of the central issues are likely to be legal rather than factual in nature, discovery should be narrowly tailored to material factual disputes.  "Fishing expeditions" should not be permitted.   In addition, although each of these matters is separate and distinct from the others, there will be substantial overlap on the areas that merit discovery, such that fact discovery on all three matters should be coordinated to the extent possible.

### 3.    The Parties Should Promptly File Opening Submissions In the Allocation Dispute

While it is critical that the EMEA Claims be resolved first, it would promote efficiency if the parties file early submissions, by March 1, 2013, explaining their respective theories of allocation and how much they believe should be allocated to each estate.  After years of mediation, each party knows its own and the other parties' allocation positions and theories. There is simply no reason why the U.S. Court and Canadian Court should be kept in the dark any longer as to the parties' allocation positions.  Further, to the extent any party wants to change its allocation position or theories after years of mediation, the other parties need to be informed of this promptly.

### 4.    The Proposed Schedule

The U.S. Debtors respectfully request that the U.S. Court and the Canadian Court grant the Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief filed in both this Court and

the Canadian Court on April 25, 2011 [D.I. 5307] and rule that they have jurisdiction to hear and

resolve the Allocation Dispute.  The U.S. Debtors withdraw the pending Joint Motion for a

Scheduling Order Bifurcating Proceedings and Staying Certain Discovery on Claims by the

EMEA Claimants filed on August 6, 2012 [D.I. 8104] and respectfully request the Court enter an

order reflecting the following schedule to resolve the three principal matters before the Court.

| Proposed Schedule | | |
|---|---|---|
| **Action** | **EMEA Claims/UK Pension Claim** | **Allocation** |
| **Opening Submissions** | | |
| Deadline for opening submissions setting forth the parties' allocation positions (Allocation Dispute only) | Not Applicable | March 1, 2013 |
| **Coordinated Fact Discovery for the Allocation Dispute, EMEA Claims, UK Pension Claim** | | |
| Deadline for 1) service of limited reasonable requests for the production of non-privileged documents on any other party and 2) service of limited reasonable interrogatories | March 8, 2013 | |
| Deadline for responses and objections to document requests and responses to interrogatories | March 29, 2013 | |
| Commence rolling productions of documents in response to the requests for production to the extent not objected to, working in good faith to produce all requested documents at the earliest practicable date | March 29, 2013 | |
| Complete rolling productions of documents | April 19, 2013 | |
| Deadline to identify fact witnesses | April 26, 2013 | |
| Deadline to complete all fact depositions | June 14, 2013 | |
| **Expert Discovery** | | |
| Deadline to identify experts and subject matter of their testimony | May 17, 2013 | June 21, 2013 |
| Deadline for expert reports (including exhibits) | June 28, 2013 | July 19, 2013 |
| Deadline for rebuttal expert reports (including exhibits) | July 19, 2013 | August 30, 2013 |
| Deadline for the completion of expert depositions | August 16, 2013 | September 27, 2013 |

| Pretrial Submissions | | |
|---|---|---|
| Deadline for the pre-trial submissions and fact affidavits to accompany those submissions, which shall constitute the direct testimony of each fact witness | August 30, 2013 | October 25, 2013 |
| Deadline for response submissions (including exhibits and reply fact affidavits) | September 20, 2013 | November 11, 2013 |
| Deadline for reply on dispositive legal issues only (EMEA Claims/UK Pension only) | September 30, 2013 | Not Applicable |
| Hearings | | |
| | October 14-18, 2013 | November 18-22, 2013 |

Dated:  February 8, 2013
        Wilmington, Delaware

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                Howard Zelbo (admitted *pro hac vice*)
                James L. Bromley (admitted *pro hac vice*)
                Jeffrey A. Rosenthal (admitted *pro hac vice*)
                Lisa M. Schweitzer (admitted *pro hac vice*)
                Members of the Firm

                One Liberty Plaza
                New York, New York 10006
                Telephone:  (212) 225-2000
                Facsimile:  (212) 225-3999

                    - and -

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Ann C. Cordo*
                Derek C. Abbott (No. 3376)
                Eric D. Schwartz (No. 3134)
                  Ann C. Cordo (No. 4817)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, Delaware 19801
                Telephone:  (302) 658-9200
                Facsimile: (302) 658-3989

                *Counsel for the Debtors*
                *and Debtors in Possession*