# EXHIBIT A

Court File No. 09-CL-7950

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT
OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

MONITOR'S RESPONSE ON BEHALF OF ITSELF AND THE CANADIAN DEBTORS
TO THE REQUEST OF MR. JUSTICE MORAWETZ AS OUTLINED
IN HIS ENDORSEMENT DATED JANUARY 31, 2013

| | |
|---|---|
| February 8, 2013 | **GOODMANS LLP**<br>Barristers & Solicitors<br>333 Bay Street, Suite 3400<br>Toronto, Canada   M5H 2S7<br><br>Jay A. Carfagnini (LSUC#22293T)<br>Joseph Pasquariello (LSUC#38390C)<br>Chris Armstrong (LSUC#55148B)<br><br>Tel: 416.979.2211<br>Fax: 416.979.1234<br><br>Lawyers for the Monitor, Ernst & Young Inc. |

Court File No. 09-CL-7950

## *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

### IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

### MONITOR'S RESPONSE ON BEHALF OF ITSELF AND THE CANADIAN DEBTORS TO THE REQUEST OF MR. JUSTICE MORAWETZ AS OUTLINED IN HIS ENDORSEMENT DATED JANUARY 31, 2013

A. By Endorsement dated January 31, 2013, Mr. Justice Morawetz required that all parties submit a list of what they consider to be current, outstanding issues[1].

B. The following is the Canadian Debtors' and Monitor's current list of major outstanding issues:

1. EMEA Claims Filed against Canadian Estate[2]

    a. Alleged torts and oppression stemming from "shadow director" theory

    b. Proprietary and trust claims – claims that sale proceeds which may be allocated to the Canadian Estate are still held in trust for EMEA

    c. Transfer pricing related claims

---

[1] We also note that the U.S. Bankruptcy Court entered an order that same day, directing participants in the recent mediation with Chief Justice Winkler to submit and file statements in the U.S. chapter 11 cases identifying similar issues, among other things. The Monitor will file contemporaneously a copy of this Response in the U.S. cases.

[2] The listing in this paragraph represents only some of the many filed EMEA claims – see the Monitor's 65th Report dated April 28, 2011 for a more fulsome summary of EMEA claims. We also note that the EMEA debtors filed similar claims in the chapter 11 cases, and following dismissal of certain of those claims in March 2012, various EMEA claims remain pending in the U.S. chapter 11 cases, which claims may also impact the Canadian Estate.

    d. "Project Swift" related claims

    e. Alleged claims for improper dividends and loan repayments

2. UK Pension Guarantee Claims Against Canada[3]

3. Canadian Claims against EMEA
    a. Transfer pricing adjustment against UK, Ireland and France flowing from the $2 billion North American tax adjustment and allowed claim in the Canadian Estate
    b. Contribution and fee claims with respect to guarantees, performance bonds and the like, provided for the benefit of EMEA entities

4. Canadian Equity Interest in European Subsidiaries
    a. Validity and priority of FSD in the Canadian subsidiaries of Ireland and France

5. Allocation of the Black Box

6. Bond Claims
    a. In Canada, appropriateness of post-petition interest, make whole payments and/or contractual damages flowing from make whole, early redemption or call provisions and the like
    b. In U.S., appropriateness of post-petition interest, make whole payments and/or contractual damages flowing from make whole, early redemption or call provisions and related issues of the solvency of the U.S. Estate and the rate for such post-petition interest, if applicable
    c. Claim valuation date – foreign exchange issues
    d. Marshalling of bond claims in respect of payment of bond claims as between the U.S. Estate and Canadian Estate

---

[3] We note that following an order of the U.S. Bankruptcy Court, in September 2012, the UK pension trustee amended its claims against the U.S. chapter 11 debtors thereby asserting amended claims against NNI and NN CALA (in amounts not less than USD$1.335 billion), which claims remain pending in the U.S. chapter 11 cases.

7. Canadian and U.S. Estate Interests in Disputed Assets[4]
   a. IP Addresses
   b. LGN

8. Trade and Employee Claim Administration requiring Canadian Court approval
   a. Environmental Claims
   b. Canadian Defined Benefit Pension Deficit
   c. Canadian Employee Claims greater than $5 million
   d. French Employee Claims
   e. Claims by foreign third parties on real estate lease guarantees provided by Canada for benefit of U.S. and EMEA entities
   f. Third party claims greater than $50 million

9. Other Matters and Issues
   a. Diligence on major claims against and residual cash of U.S. and EMEA estates
   b. Post-Filing Inter-estate Agreement True-ups (i.e CFSA, Flextronics Side Agreement, Sale Transaction and Transitional Services Side Agreements)
   c. Cross Border Trade and Litigation Claims Allocation between the Canadian Estate and the U.S. Estate
   d. Insurance and D&O Trust Issues (eg. allocation of coverage among estates and allocation of residue)
   e. Agreement of Intercompany Book Debt not covered by CFSA or Fourth Estate Agreements
   f. Obtaining cooperation/signatures from each estate to effect the necessary transactions to minimize depletion of cash assets in Fourth Estate Subsidiaries

---

[4] CFSA provides no further intercompany claims as between the Canadian Estate and the U.S. Estate.

C. Based on the expected number and complexity of outstanding issues, including the foregoing, it is submitted that efforts be made to prioritize and synthesize the issues prior to addressing a workable schedule to deal with them.

**ALL OF WHICH IS RESPECTFULLY SUBMITTED** this 8th day of February, 2013.

**ERNST & YOUNG INC.**
in its capacity as Monitor of the Canadian Debtors
and not in its personal capacity

Per:

*[signature]*

Murray A. McDonald
President

| | |
|---|---|
| IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED<br><br>AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION et al. | Court File No. 09-CL-7950<br><br>*ONTARIO*<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>Proceeding commenced at Toronto<br><br>**MONITOR'S RESPONSE ON BEHALF OF ITSELF AND THE CANADIAN DEBTORS TO THE REQUEST OF MR. JUSTICE MORAWETZ AS OUTLINED IN HIS ENDORSEMENT DATED JANUARY 31, 2013**<br><br>**GOODMANS LLP**<br>Barristers & Solicitors<br>333 Bay Street, Suite 3400<br>Toronto, Canada   M5H 2S7<br><br>Jay A. Carfagnini (LSUC#22293T)<br>Joseph Pasquariello (LSUC#38390C)<br>Chris Armstrong (LSUC#55148B)<br><br>Tel: 416.979.2211<br>Fax: 416.979.1234<br><br>Lawyers for the Monitor, Ernst & Young Inc. |