IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks, Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

---

**SUBMISSION OF THE TRUSTEE OF NORTEL NETWORKS UK PENSION PLAN AND THE BOARD OF THE PENSION PROTECTION FUND IN RESPONSE TO THE COURT'S JANUARY 31, 2013 ORDER**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

{BAY:02211609v1}

The Trustee (the "Trustee") of Nortel Networks UK Pension Plan (the "Plan") and the Board of the Pension Protection Fund (the "PPF," and, together with the Trustee, the "U.K. Pension Claimants"), by and through their undersigned counsel, hereby respectfully submit the following statement in response to the Court's January 31, 2013 Order directing all parties who participated in the mediation (the "Mediation") before Chief Justice Winkler to submit "statements identifying outstanding motions and issues and a proposal for scheduling, including discovery deadlines and hearing dates." (January 31 Order at 1.)

### THE U.K. PENSION CLAIMANTS' CLAIMS

1. Pursuant to the Court's bar date orders dated August 4, 2009 and December 3, 2009, the U.K. Pension Claimants filed proofs of claim against each of the Debtors (the "Claims" or "Proofs of Claim"). The Proofs of Claim asserted liability against the Debtors arising under the Pensions Act 2004 and the Pensions Act 1995 (Acts of UK Parliament), as amended, and all applicable UK regulations (collectively, the "U.K. Legislation"). The U.K. Pension Claimants also filed proofs of claim against certain Canadian Nortel entities in the Companies' Creditors Arrangement Act (Canada) ("CCAA") proceedings before the Ontario Superior Court of Justice asserting claims, inter alia, arising under the U.K. Legislation.

2. It was not until almost three years later, on June 11, 2012, that the Debtors filed an *Objection to the Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund, and Motion For an Order Requiring a More Definite Statement of Claim* [D.I. 7818] (the "Debtors' Motion"). The Debtors' Motion sought, inter alia, an order compelling the U.K. Pension Claimants to "file a more definite

statement of their Claims" and requiring them to "attach to the amended claims all supporting documentation on which they intend to rely." (Debtors' Mot. at 4-5.) On July 11, 2012, the Court heard argument on the Debtors' Motion and issued an order [D.I. 7984] requiring the U.K. Pension Claimants to "serve a more definite statement of their Claims on or before September 5, 2012, which shall attach supporting documentation." (July 11, 2012 Order at 2.)

3.     In compliance with the Court's July 11 Order, on September 5, 2012, the U.K. Pension Claimants served their amended Proofs of Claim (the "Amended Claims") against Debtors Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NN CALA").[2] The rider to the Amended Claims, which exceeds 90 pages in length and contains 325 paragraphs, sets forth in detail the facts and circumstances supporting the U.K. Pension Claimants' claims against NNI and NN CALA arising under the U.K. Legislation. The Amended Claims seek against NNI and NN CALA an amount to be determined at trial, but in no event less than US$1.335 billion. The U.K. Pension Claimants also attached to the Amended Claims over 200 pages of relevant documentation in support thereof.

4.     Since September 5, 2012, the Debtors have not responded to, or otherwise taken any action in connection with, the Amended Claims.

**THE U.K. PENSION CLAIMANTS' POSITION**

5.     As the Court is well aware, a proof of claim filed under section 501 of the Bankruptcy Code, as the Amended Claims were filed, is deemed allowed unless a party in interest objects to the claim. No party in interest has objected to the Amended

---

[2] The U.K. Pension Claimants withdrew the Claims filed against the remaining Debtors.

Claims. Moreover, pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a proof of claim executed and filed in accordance with the Bankruptcy Rules, as the Amended Claims have been, constitutes prima facie evidence of the validity and amount of the claim.

6. Since the filing of the Amended Claims last September, neither the Debtors nor any other party in interest has engaged with the U.K. Pension Claimants on the merits of the Amended Claims, other than indirectly in the context of the Mediation. Thus, at present the U.K. Pension Claimants do not know whether the Debtors intend to object to the Amended Claims and, if so, whether they intend to object to them in whole or in part. Accordingly, the U.K. Pension Claimants respectfully request that the Court issue an order that if the Debtors (or any other party in interest) intends to object to the Amended Claims, they must do so within thirty (30) days, failing which the Amended Claims shall be deemed allowed.

7. In the event an objection is filed to the Amended Claims, the U.K. Pension Claimants are prepared to meet and confer promptly with the Debtors to discuss whether the parties' disputes can be resolved consensually or, if not, to discuss a schedule for further proceedings, including appropriate deadlines and a protocol for discovery,[3] and a schedule for pre-trial motions and trial.

**OUTSTANDING MOTIONS AND ISSUES**

8. The U.K. Pension Claimants are aware of two outstanding motions that could potentially impact the Amended Claims:

---

[3] It is the U.K. Pension Claimants' position that, in the interests of fairness and efficiency, a party obtaining discovery in these chapter 11 cases should be permitted to use such discovery in the CCAA proceedings, and vice versa.

a. Debtors' *Motion to Authorize Joint Motion For Entry Of An Order Establishing An Allocation Protocol Pursuant To The Interim Funding And Settlement Agreement, And For Related Relief* [D.I. 5307];

b. EMEA Joint Administrators' *(I) Objection to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and (II) Cross-Motion to Compel Arbitration* [D.I. 5444].

9. With respect to those motions, as the U.K. Pension Claimants have previously stated, to the extent the Court orders that the allocation dispute be resolved by arbitration (or some other form of alternative dispute resolution), the U.K. Pension Claimants respectfully request that they be granted full participation rights in any such proceeding. See U.K. Pension Claimants' *Limited Objection to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief* [D.I. 5440]. The U.K. Pension Claimants believe that arbitration is likely to present a far more efficient and cost-effective means for obtaining a final and binding resolution of the allocation dispute than is available through litigation in the U.S. and Canadian courts.[4]

10. Beyond the issues raised in the motions identified above, the U.K. Pension Claimants note that one of the most controversial issues that remains outstanding in these cases is whether the creditors represented by the Ad Hoc Bondholder Group are entitled to an award of post-petition interest (and, if so, at what rate). Fundamental to that issue is a determination of the Debtors' solvency, which requires a current assessment of the Debtors' assets and liabilities.

---

[4] Indeed, the U.K. Pension Claimants believe that arbitration would also present a more efficient and cost effective means of resolving their Amended Claims.

11. The U.K. Pension Claimants thank the Court for the opportunity to submit this statement and look forward to addressing these issues further with the Court at its convenience.

Dated: February 8, 2013
      Wilmington, Delaware

BAYARD, P.A.

*/s/ Justin R. Alberto*
Charlene D. Davis (No. 2336)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Tel: (302) 655-5000
Fax: (302) 658-6395
Email: cdavis@bayardlaw.com
       jalberto@bayardlaw.com

-and-

WILLKIE FARR & GALLAGHER LLP
Marc Abrams
Brian E. O'Connor
Sameer Advani
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

*Counsel for the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund*

9033953