IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*, | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administrated |
| | ) |
| | ) **RE: Docket Nos. 9304, 9305, 9306, 9342,** |
| | ) **9366, 9367, 9370, 9371, 9372, 9381, 9382,** |
| | **9384** |

**OMNIBUS REPLY OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS IN SUPPORT OF THE MOTION PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

The Official Committee of Long Term Disability Participants (the "LTD Committee")[1] of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby files this omnibus reply (the "Reply") in support of the *Joint Motion to Approve Compromise under Rule 9019 Joint Motion Pursuant To Sections 363 And 105 Of The Bankruptcy Code, And Bankruptcy Rules 9019 And 7023 To (I)(A) Preliminarily Approve The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certify A Class For Settlement Purposes Only, (C) Approve The Notice Procedures, And (D) Schedule A Fairness Hearing; And (II)(A)*

---

[1] Consistent with its Bylaws, based on their objections to the Motion (defined below), the LTD Committee voted that LTD Committee members Daniel David and Paul Morrison be subject to mandatory abstention and recusal from all committee business with respect to the Motion until the Motion is adjudicated.

*Finally Approve The Settlement Agreement, (B) Finally Certify A Class, (C) Authorize The Debtors To Terminate The Ltd Plans, And (D) Grant Related Relief* (D.I. 9304) (the "Motion")[2] and in response to the various pleadings in opposition to the Motion. In support of this Reply, the LTD Committee avers as follows:

## PRELIMINARY STATEMENT

1. Out of approximately 200 LTD Employees, only 8 objections to the Motion, or similar pleadings (collectively, the "Oppositions"), have been filed. Some of the Oppositions, either in whole or in part, challenge the amount of the settlement or raise other issues that are not appropriate for consideration at this preliminary approval stage.[3] Therefore, at this point in the proceedings, the LTD Committee files this Reply to merely correct the factual misrepresentations and erroneous assertions of certain of the Oppositions with respect to LTD Committee governance issues. As set forth in more detail below, the LTD Committee believes that such assertions are baseless and the Preliminary Settlement Order should be approved.

## BACKGROUND

2. On June 3, 2011, a significant number of LTD Employees filed the *Joinder of the Disabled Participants to Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees* on June 3, 2011 (Docket No. 5595) (the "Appointment Motion"). Many other LTD Employees who did not file the Appointment Motion filed correspondence with the Court supporting the relief sought in the

---

[2] All capitalized terms not defined herein shall have the same meaning as set forth in the Motion.

[3] The LTD Committee will address substantive objections to the settlement agreement, such as the settlement amount, at the Fairness Hearing.

Appointment Motion. (*See, e.g.* Docket Nos. 5659-61, 5670-5676, 5678-81, 5694-5701, 5703-5708, 5712-5716 and 5760-5764).

3. On June 22, 2011, the Court authorized the appointment of the LTD Committee as an additional statutory committee pursuant to 11 U.S.C. Section 1102 (Docket No. 5790) (the "LTD Committee Appointment Order").

4. On August 2, 2011, the LTD Committee was formed. The United States Trustee's Office appointed Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts, and Deborah Jones to serve on the LTD Committee. *See* Amended Notice of Appointment of Unsecured Creditors (Docket No. 6080).

5. On or about December 4, 2012, the LTD Committee voted 5 - 2 in favor of a settlement offer that was ultimately memorialized in the Settlement Agreement. The two LTD Committee members who voted against acceptance of the settlement offer were Daniel David and Paul Morrison, each of whom has filed an Opposition to the Motion (*see* D.I. 9342 and D.I. 9366, respectively). The LTD Committee respects and values Mr. David's and Mr. Morrison's contributions to the LTD Committee and understands that disagreement among committee members is vital to a properly functioning committee. *See, e.g.*, *In re SPM Mfg. Corp.*, 984 F.2d 1305, 1316–17 (1st Cir. 1993) (indicating committee process is enhanced when it is adversarial). Nevertheless, Mr. David's and Mr. Morrison's objections represent their individual views only, and do not represent the views of the LTD Committee as a whole. Moreover, because Mr. David and Mr. Morrison are LTD Committee members, the LTD Committee believes it must directly address their objections.

## ARGUMENT

**The Objections Based on Perceived Differences in LTD Plan Years are Factually Incorrect**

6. Objections filed by Daniel David (D.I. 9342), Ernest Demel (D.I. 9381), Charles V. Barry (D.I. 9372) and John Rossi (D.I. 9371), raise the similar objection regarding an alleged unfair representation of those in the LTD group who became disabled prior to 2002.

7. The Objections are based on one of the objector's "opinion and assumption" that those LTD participants who became disabled between 1981 - 2001 plan years are "not being represented in an appropriate manner" and his request that this Court award that group "100 percent of LTD income continuation claim payments in cash." (David Objection at ¶¶32, 37).

8. This objection is premised on a factual inaccuracy. As is more fully set forth in *The Official Committee Of Long Term Disability Participants' Objection to the Debtors' Motion For Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (D.I. 8840) (the "LTD Committee Objection to Motion to Terminate"), the central legal issue argued by the LTD Committee was that the reservation of rights relied upon by the Debtors as a basis to terminate the LTD Plans did not reserve the right to unilaterally terminate benefits for those already disabled and in pay status and that to impose such a reservation of rights would have made the promise of LTD benefits illusory. This argument applied to the *entire* LTD group.

9. Moreover, the LTD Committee, on behalf of a class consisting of all LTD Employees, authorized the institution of an adversary proceeding against the Debtors (the "Adversary Proceeding") by filing the *Verified Complaint for Declaratory and Injunctive Relief* against the Debtors (the "Class Complaint"), The Class Complaint asserted, *inter alia*, breach of

4

fiduciary duty claims under ERISA which were common to *all* in the LTD constituency no matter when an individual became disabled. The settlement reached with the Debtors includes the settlement of the Class Complaint.

**The LTD Committee has Abided by All its Fiduciary Duties**

10. Several objections assert that there is an appearance of unfair representation on the LTD Committee because the majority of the LTD Committee members fall in one group (the 2002 - 2010 group).[4] To the extent these objections suggest that the LTD Committee members are not adequately representing the interests of the entire LTD class, any such suggestion is denied.

11. Mr. David's objection asserts that five of the seven LTD Committee members became disabled between 2002 and 2010 which "giv[es] the appearance of unfair representation and misguided conclusions" based on Mr. David's incorrect assumption that those in this time period have some inferior legal claim to benefits. (David Objection at ¶20). This is simply incorrect. There is one member of the LTD Committee member who became disabled prior to 2002 who voted *in favor* of the settlement offer. Any assertion that the LTD Committee members who voted for the settlement have somehow unfairly represented the entire LTD constituency is unfounded.

12. The LTD Committee was formed by the U.S. Trustee's Office and appointed by the Court and to serve as "the authorized representatives of the LTD Plan Participants in connection with the modification or termination of the LTD Plan, and any claims related thereto." (D.I. 5790 at 2). The selection of the members of the LTD Committee was made

---

[4] *See* objections filed by Daniel David (D.I. 9342), Ernest Demel (D.I. 9381), Charles V. Barry (D.I. 9372) and John Rossi (D.I. 9371).

exclusively by the United States Trustee, in accordance with the Bankruptcy Code. *See* 11 U.S.C. § 1102(a)(2) ("On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee."). In forming the LTD Committee, the United States Trustee considered the appointment of individuals who expressed an interest in serving on the LTD Committee and, from those individuals, selected those whom the United States Trustee found capable of serving on the LTD Committee.

13. There is no requirement that the committee exactly mirror the demographics of the creditor class it represents. *In re Hills Stores Co.*, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992) (stating "[n]owhere does the Code mandate a committee faithfully reproduce the exact complexion of the creditor body. What is required is adequate representation of various creditor types."); *see also In re Garden Ridge Corp.*, No. 04-10324, 2005 WL 523129, at *3 (Bankr. D. Del. March 2, 2005) ("There is no hard and fast rule requiring proportionate representation of distinct groups of creditors on a committee of unsecured creditors."); *In re Dow Corning Corp.*, 194 B.R. 121, 141 (Bankr. E.D. Mich. 1996) (finding no requirement that creditors' committee be exact reflection of members).

14. A committee is to abide by its fiduciary duties to represent its constituents. *See In re Refco Inc.*, 336 B.R. 187, 195 (Bankr. S.D.N.Y. 2006) ("It is well recognized that . . . the members of an official committee owe a fiduciary duty to their constituents – in the case of an official creditors committee, to all of the debtor's unsecured creditors."). The LTD Committee at all times has adhered to its fiduciary responsibilities by representing all of its constituents.

15. Indeed, the LTD Committee has strived to maximize a return to *all* LTD Employees, as suggested by the Objections and the Class Complaint. The LTD Committee has fully and fairly represented the entire class of LTD constituents as evidenced by the LTD Committee's thorough LTD Committee Objection to Motion to Terminate which makes numerous legal arguments applicable to *all* in the LTD group, as well as by the Complaint filed in the Adversary Action at Adv. Pro. No. 12-50995 (KG), which asserts claims under ERISA based on breaches of fiduciary duty owed to the *entire* LTD class. This is consistent with—and required by—the LTD Committee's fiduciary duties. *See, e.g., In re Nationwide Sports Distribs., Inc.*, 227 B.R. 455, 463 (Bankr. E.D. Pa. 1995) (committees' purpose is to "strive to maximize the bankruptcy dividend paid to [the represented] class of creditors"); *In re Dow Corning Corp.*, 255 B.R. 445, 485 (E.D. Mich. 2000) (noting "fiduciary duty extends to the class as a whole, not to its individual members." (quoting *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 717, 722 (Bankr. S.D.N.Y. 1992)); *ABF Capital Mgmt. v. Kidder Peabody & Co. (In re Granite Partners, L.P.)*, 210 B.R. 508, 516 (Bankr. S.D.N.Y. 1997) ("The committee and its members owe a fiduciary duty to the class of creditors that the committee represents.") (emphasis in original).

16. As stated in the Motion, the LTD Committee believes that the Settlement Agreement is in the best interests of the LTD Employees—all of them, not just a select few. Mr. David and all other LTD Employees will have the opportunity to object to their allocated portion of the Settlement Agreement and final certification of the Settlement Class. At this stage, the Preliminary Settlement Approval Order should be granted.

**LTD Committee Members Can Serve As Class Representatives**

17. Certain of the Oppositions (*see, e.g.* D.I. 9370 at 16 and D.I. 9372 at 3) appear to suggest that the LTD Committee should not serve as Class Representatives because they are too sick as they are classified as medically disabled. Of course, under that standard, *no* LTD Employee could serve as class representative and there could be no class. This objection should be overruled, the Settlement Class should be conditionally certified, and Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones, should conditionally be appointed as Class Representatives.

**The LTD Committee is the Proper Party to Allocate the Settlement Amount**

18. Various Oppositions argue that the disbursement of funds should be audited by an "independent auditor not currently employed by the Debtors." D.I. 9366 at 3; *see also* D.I. 9372 at 4-5; D.I. 9370 at 27.

19. These Oppositions appear to confuse the fact that, while LTD Committee counsel and other professionals are paid out of the Debtors' estate, they are not employed by the Debtors. In fact, the work performed by the LTD Committee and its professionals has largely been adverse to the Debtors since the LTD Committee's inception. The Debtors pay the fees of the LTD Committee's professionals because they are required to do so under the Bankruptcy Code. The Debtors have no control over the actions of the LTD Committee or its professionals. As noted above, the LTD Committee only has fiduciary duties to the LTD Employee constituency, not the Debtors. The LTD Committee's fiduciary duties to the LTD Employee constituency guide the actions of the LTD Committee's professionals.

20. Moreover, LTD Committee counsel not only has a duty to the LTD Committee, but to the Court. As officers of the Court, LTD Committee counsel owes an additional duty of

honesty to the Court to fairly administer justice. *See Burtch v. Luminescent Sys. (In re AE Liquidation, Inc.)*, 2012 Bankr. LEXIS 5710, at *8 (Bankr. D. Del. Dec. 11, 2012) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)) ("Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients.").

21. The decision to approve the settlement, the apportionment methodology, and the eventual individual allocation of the settlement proceeds have all been addressed by the LTD Committee with the assistance of counsel, the LTD Committee financial advisors and the LTD Committee actuaries. The LTD Committee has a duty of care it owes to the LTD Employees. *See In re Gen. Homes Corp.*, 181 B.R. 870, 882 (Bankr. S.D. Tex. 1994) ("The fiduciary duty that exists between the members of the Unsecured Creditors Committee and the other unsecured creditors includes the duty to act in good faith and to insure to the greatest extent possible its actions are based on 'accurate and correct' information."); *In re Tucker Freight Lines, Inc.*, 62 B.R. 213, 216 (Bankr. W.D. Mich. 1986) ("At a minimum, this fiduciary duty requires that the Committee's determinations must be honestly arrived at, and, to the greatest degree possible, also accurate and correct.").

22. This means, among other things, that a committee must engage experts when appropriate to ensure competent representation of constituents' interests, and preserve the confidentiality of sensitive information obtained in the course of representation. *See In re Mesta Machine Co.*, 67 B.R. 151, 163 (Bankr. D. Pa. 1986) (committee has a duty to retain professionals where necessary to advance the interests of constituents); *In re Refco Inc.*, 336 B.R. 187, 196-97 (Bankr. S.D.N.Y. 2006) ("[C]ommittee members should and will receive commercially sensitive or proprietary information from the debtor and other parties (including

each other, because plan negotiations are as often conducted between unsecured creditor groups as between the unsecured creditors and the debtor), often in the context of settlement discussions. It has frequently been held that committee members' fiduciary duties of loyalty and care to the unsecured creditor body require such information to be held in confidence.").

23.  To those ends, the LTD Committee has approved a neutral apportionment methodology after detailed analysis and advice between itself and its professionals. The LTD Committee directed the LTD Committees' professionals to execute the apportionment of the settlement both to respect privacy concerns and to avoid the appearance of any conflict inherent in the sharing of individual settlement information with the members of the LTD Committee. As a result, the LTD Committee has instructed its actuaries to execute the apportionment of the settlement based upon an actuarial analysis with the assistance of the LTD Committee's counsel and financial advisors.

24.  Therefore, while the LTD Committee does not believe that consideration of this particular objection is appropriate at this preliminary stage of the settlement approval process, the LTD Committee respectfully submits that the LTD Committee and its professionals are appropriate stewards of the determination of the Settlement Amount.

## NOTICE

25.  Notice of this Motion has been provided to (a) counsel to the Debtors; (b) counsel to the Creditors' Committee; (c) counsel to the Retirees Committee; (d) the United States Trustee for the District of Delaware; and (e) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The LTD Committee respectfully submits that, given the

administrative nature of the relief requested, no other notice of the relief requested herein needs to be given.

## CONCLUSION

WHEREFORE, the LTD Committee respectfully requests that this Court grant the Motion and enter the Preliminary Settlement Approval Order.

Dated: February 11, 2013
Wilmington, Delaware

**ELLIOTT GREENLEAF**

_____
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Eric M. Sutty (DE Bar No. 4007)
Jonathan M. Stemerman (DE Bar No. 4510)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: ems@elliottgreenleaf.com
Email: jms@elliottgreenleaf.com

*Counsel to the Official Committee of Long Term Disability Participants*