## Exhibit B

**Settlement Agreement**

SETTLEMENT AGREEMENT

This AGREEMENT (the "Agreement") is entered into as of January 28, 2013 by and between The Travelers Indemnity Company and its property casualty insurance affiliates (collectively, "Travelers," each of which is listed on "Schedule A" attached hereto), and Nortel Networks Inc. ("NNI") and its affiliated U.S. Debtor entities (collectively, the "U.S. Debtors," each of which is listed on "Schedule B" attached hereto), and Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL") and their affiliated Canadian debtor entities (collectively, the "Canadian Debtors," each of which is listed on "Schedule C" attached hereto, and together with the U.S. Debtors, "Nortel"), and Ernst & Young Inc., the court-appointed monitor (the "Monitor") and authorized foreign representative of NNC and certain of its direct and indirect subsidiaries in proceedings under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended ("CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court").

## RECITALS

WHEREAS, Travelers issued certain workers' compensation and automobile liability insurance policies for NNI and certain of its affiliates (together, the "Insureds") for the periods from May 15, 1997 through August 2, 2010 (the "Policies"), including without limitation the policies that are listed on Exhibit A attached hereto;

WHEREAS, the calculation and payment of premium and reimbursement obligations with respect to the Policies were prescribed under the premium agreements, endorsements, and related agreements entered into in connection with the Policies (the "Agreements", and together with the Policies, the "Insurance Program");

WHEREAS, for certain of the Policies, NNI was required to pay an initial premium amount and then make additional payments based on actual losses and expenses, subject to contractual limitations provided under the Agreements;

WHEREAS, Nortel provided Travelers with certain collateral to back its various financial obligations to Travelers under the Insurance Program, which collateral includes (i) Letter of Credit No. 1269/S16387 in the amount of $6,789,000 issued by Royal Bank of Canada (the "LC") at the request of NNI (and collateralized by NNL) as to which Travelers has drawn the full amount (the "LC Proceeds") pursuant to its rights under the LC and the Insurance Program; and (ii) a cash deposit provided by NNI in the amount of $181,303 ("Cash Deposit");

WHEREAS, on January 14, 2009 (the "Petition Date"), NNC and certain of its affiliates, including NNL, filed an application for protection under the CCAA and were granted creditor protection, and on the same date NNI and certain of its affiliates commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by filing voluntary petitions for relief in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" and those cases the "Chapter 11 Cases") (such creditor protection cases together, the "Bankruptcy Cases");

WHEREAS, on or about September 29, 2009, Travelers filed a proof of claim asserting an unliquidated claim against NNI based on the Insurance Program, identified as Claim No. 5513 by NNI's claims agent (the "Proof of Claim"), including a priority claim for certain portions of the insurance coverage provided under the Insurance Program on and after the Petition Date; and

WHEREAS, Travelers, Nortel and the Monitor seek to:  resolve all amounts described herein currently outstanding between and among Travelers, the U.S. Debtors  and any of the Canadian Debtors; satisfy all of the U.S. Debtors' payment and other financial obligations with

respect to the Insurance Program, regardless of the deductibles; withdraw, or cause to be withdrawn, with prejudice the Proof of Claim; release the Canadian Debtors from any liability in connection with the LC and LC Proceeds as to Travelers and as to NNI; mutually release the U.S. Debtors and the Canadian Debtors from any liability related to or arising out of the Insurance Program; and release the Monitor from any liability related to or arising out of the Insurance Program.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      The foregoing recitals are incorporated herein as if fully set forth in the text of the Agreement.

2.      This Agreement is subject in all respects to: (i) the entry of a final and nonappealable order by the Bankruptcy Court approving all terms and conditions contained in this Agreement (the "US Approval Order"); and (ii) the entry of a final and nonappealable order by the Canadian Court approving all terms and conditions contained in this Agreement (the "Canadian Approval Order").  Upon full execution of this Agreement, NNI shall file a motion with the Bankruptcy Court seeking the US Approval Order, substantially in the form of Exhibit D hereto, and the Canadian Debtors shall file a motion with the Canadian Court seeking the Canadian Approval Order, substantially in the form of Exhibit E hereto, in each case with only such material modifications from Exhibits D and E as are acceptable to Travelers in its reasonable discretion.  This Agreement shall only become effective as of the first date when all of the following conditions have been satisfied (the "Effective Date"):  (i) entry of the US

3

Approval Order, (ii) entry of the Canadian Approval Order, and (iii) receipt by Travelers of the Consent Letter (defined herein).

3.      Nortel agrees to pay Travelers, and Travelers agrees to accept, $5,300,000 (the "Settlement Amount"), in full and final satisfaction of the Insureds' past, present and future financial obligations under the Insurance Program.  Upon the Effective Date, the Settlement Amount shall be deemed to have been satisfied from the LC Proceeds in the amount of $5,300,000 (the "Nortel Payment").  From and after the Effective Date, Travelers shall have the right to hold and/or apply the Nortel Payment in its sole discretion.  Travelers and Nortel expressly agree that the Nortel Payment is intended as a full and final satisfaction of Nortel's past, present and future financial and payment obligations relating to the Insurance Program, including, without limitation, (i) any and all deductible amounts, reimbursement obligations or premiums under the Policies, increases in premiums should losses be incurred for any additional year(s) increase, and additional premiums that otherwise would be able to be assessed with respect to the Insurance Program and/or any agreement pertaining thereto, and (ii) any and all obligations to provide or maintain collateral, including letters of credit, under the Insurance Program and/or any agreement pertaining thereto, in each case whether direct or indirect, joint or several, now existing or hereinafter arising in connection with the Insurance Program, including any past, present or future agreements thereunder, any agreement letters thereunder, any agreements incorporated therein by reference or other similar agreements, and all costs and expenses, including, but not limited to, attorneys' fees (collectively, the "Obligations").

4.      NNL will obtain the written consent of Royal Bank of Canada, the issuer of the LC, authorizing remittance of the remaining LC Proceeds in the amount of $1,489,000 (the

"Remaining LC Proceeds") to NNL (and not to NNI, the account party on the LC), substantially in the form attached hereto as Exhibit B ("Consent Letter").

5.      Within ten (10) business days after the Effective Date, Travelers shall return the Remaining LC Proceeds to NNL and the full amount of the Cash Deposit to NNI (collectively, the "Travelers Payments") in accordance with the written instructions provided by NNI and NNL to Travelers prior to the remittances.

6.      On the Effective Date or as promptly as reasonably practicable thereafter, Travelers shall deliver to NNI's counsel for filing with the Bankruptcy Court a notice of withdrawal with prejudice of the Proof of Claim, substantially in the form attached hereto as Exhibit C.

7.      Notwithstanding the terms of this Agreement, including the releases exchanged by the parties herein:

(a) Travelers will continue to investigate and administer claims covered by the Policies (the "Covered Claims"), and, if required, will pay Covered Claims;

(b) the Insureds and their estates, to the extent that they have available employee resources to do so and in any event until no later than June 1, 2013, will cooperate with Travelers in the investigation and administration of Covered Claims by continuing to deliver to Travelers, to the extent at any time requested by Travelers, reasonably available information regarding the Covered Claims that is in the Insureds' possession, custody or control and by authorizing third parties who may be in possession of such information to deliver them to Travelers;

(c) Travelers' contractual obligation to consult with, or provide reports and other information to, the Insureds, as well as all executory duties owed by the Insureds to Travelers other than as expressly reserved in subparagraph (b) above, will terminate; and

(d) nothing in this Agreement or in any other document, pleading, or order in the Bankruptcy Cases will be deemed (i) to modify the coverage provided by the Insurance Program or in any way affect or impair Travelers' rights under the Insurance Program, except, with respect to Travelers' rights vis-à-vis Nortel, as expressly modified by this Agreement, including rights, defenses, and obligations concerning Covered Claims and coverage, which will be determined thereunder, (ii) to create or permit a direct right of action by any holder of a Covered Claim

against Travelers, (iii) to preclude or limit, in any way, the rights of Travelers to contest and/or litigate with any holder of a Covered Claim the existence, primacy and/or scope of available coverage under any alleged applicable policy, or (iv) to relieve any holder of a Covered Claim from any obligation to file a proof of claim in the Bankruptcy Cases.

8.      Except as provided for herein, upon receipt of the Travelers Payments, Nortel hereby releases and forever discharges Travelers and their parents, subsidiaries, and affiliates and their present and former officers, directors, partners, employees, agents, attorneys, and shareholders, and their successors, assigns and other representatives (each in their capacity as such, and collectively, "Travelers Released Parties") from liability to it for any and all claims, controversies, actions, causes of action, demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed against the Travelers Released Parties, arising out of or relating to (i) the Insurance Program, the Cash Deposit, the LC, or the LC Proceeds, including without limitation, the administration of, and the reserving, underwriting, pricing, billing, or calculation and collection of premiums or other charges under, the Insurance Program, and (ii) any claims against Travelers arising out of the Insurance Program in the Bankruptcy Cases under any of the avoidance provisions of the Bankruptcy Code or analogous law.  For the avoidance of doubt, nothing herein is intended to release and shall not release any claims arising out of or based on this Agreement, including any claim arising out of Travelers' failure to pay or defend claims arising out of the Insurance Program.

9.      Except as provided for herein, upon the Effective Date, Travelers hereby releases and forever discharges Nortel and all of their respective affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns and other

representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past, present or future, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Program, the Covered Claims, the Cash Deposit, the LC, or the LC Proceeds, including without limitation, with respect to any and all Obligations. For the avoidance of doubt, nothing herein is intended to release and shall not release any claims arising out of or based on this Agreement.

10.      Except as provided for herein, upon the Effective Date, Travelers hereby releases and forever discharges the Monitor and all of its respective affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Program, the Covered Claims, the Cash Deposit, the LC, or the LC Proceeds, including without limitation any and all deductible amounts, reimbursement obligations or premiums under the Policies, including with respect to any and all Obligations.  For the avoidance of doubt, nothing herein is intended to release and shall not release any claims arising out of or based on this Agreement.

11.    Except as provided for herein, upon receipt of the Travelers Payments, the Monitor hereby releases and forever discharges the Travelers Released Parties from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed against the Travelers Released Parties arising out of or relating to (i) the Insurance Program, the Covered Claims, the Cash Deposit, the LC, or the LC Proceeds, including the administration of, and the reserving, underwriting, pricing, billing, or calculation and collection of premiums or other charges under, the Insurance Program, and (ii) any claims against Travelers arising out of the Insurance Program in the Bankruptcy Cases under any of the avoidance provisions of the CCAA or analogous law.  For the avoidance of doubt, nothing herein is intended to release and shall not release any claims arising out of or based on this Agreement.

12.    Except as provided for herein, upon receipt of the Travelers Payments, each of the U.S. Debtors hereby releases and forever discharges each of the Canadian Debtors and all of their respective officers, directors, employees, agents, attorneys, successors, assigns and other representatives (each in their capacity as such) and the Monitor and all of its respective affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent,

accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Program, the Covered Claims, the Cash Deposit, the LC, or the LC Proceeds, including, for the avoidance of doubt, claims for contribution and indemnity relating to the Insurance Program, the Covered Claims, the Cash Deposit, the LC, or the LC Proceeds including without limitation any and all deductible amounts, reimbursement obligations or premiums under the Policies.  For the avoidance of doubt, nothing herein is intended to release and shall not release any claims arising out of or based on this Agreement.

13.     Except as provided for herein, upon receipt of the Travelers Payments, each of the Canadian Debtors and the Monitor hereby releases and forever discharges each of the U.S. Debtors and all of their respective officers, directors, employees, agents, attorneys, successors, assigns and other representatives (each in their capacity as such) from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Program, the Covered Claims, the Cash Deposit, the LC, or the LC Proceeds, including, for the avoidance of doubt, claims for contribution and indemnity relating to the Insurance Program, the Covered Claims, the Cash Deposit, the LC, or the LC Proceeds including without limitation any and all deductible amounts, reimbursement obligations or premiums under the Policies.  For the avoidance of doubt, nothing herein is intended to release and shall not release any claims arising out of or based on this Agreement.

14.     Each party hereto shall have the right at any time to enforce the provisions of this Agreement in strict accordance with the terms hereof, notwithstanding any conduct or custom on the part of such party in refraining from doing so at any time or times.  The failure of any party at any time or times to enforce its rights under such provisions shall not be construed as having created a custom in any way or manner contrary to specific provisions of this Agreement or as having in any way or manner modified or waived the same.

15.     Any notices or consents required or permitted by this Agreement shall be in writing and shall be deemed delivered if delivered in person or if sent by telecopier, certified mail, postage prepaid, return receipt requested, or telegraph, as follows, unless such address is changed by written notice hereunder; provided, however, that any notice and other reporting requirements required under the Insurance Program (and not otherwise modified in this Agreement) remain in full force and unaffected by this notice provision:

If to Travelers:

> Mary Duffy Boardman
> The Travelers Indemnity Company
> Corporate Litigation
> 1 Tower Square, 0000-MS08A
> Hartford, Connecticut 06183

With a copy to:

> Lauren Lonergan Taylor
> Duane Morris LLP
> 30 S. 17th Street
> Philadelphia, PA 19103

If to NNC:

> Allan Bifield
> Authorized Representative
> 5945 Airport Road, Suite 152
> Mississauga, Ontario L4V 1R9

With a copy to:

> Ken Coleman
> Allen & Overy LLP
> 1221 Avenue of the Americas
> New York, NY 10020

| | |
|---|---|
| If to NNL: | Allan Bifield<br>Authorized Representative<br>5945 Airport Road, Suite 152<br>Mississauga, Ontario L4V 1R9 |
| With a copy to: | Ken Coleman<br>Allen & Overy LLP<br>1221 Avenue of the Americas<br>New York, NY 10020 |
| If to NNI: | Timothy Ross<br>Nortel Networks Inc.<br>4001 E. Chapel Hill Nelson Highway<br>Research Triangle Park, NC 27709 |
| With a copy to: | James L. Bromley & Lisa M. Schweitzer<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006 |
| If to the Monitor: | Tom C. Ayres<br>Ernst & Young Inc.<br>One London Place, Suite 1800<br>255 Queens Avenue, P.O. Box 5332<br>London, ON N6A 5S7<br>Canada |
| With a copy to: | Ken Coleman<br>Allen & Overy LLP<br>1221 Avenue of the Americas<br>New York, NY 10020 |

16.  Each party represents and warrants that:

(a)  it has been advised by counsel in the negotiations, execution and delivery of this Agreement and the releases herein;

(b)  subject to paragraph 2 above, it is duly authorized to enter into, execute, deliver and perform this Agreement and to give the releases set forth herein; and

(c)  it has voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Agreement.

17.  Travelers represents and warrants that:

(a)     the schedule of Policies contained in <u>Exhibit A</u> hereto is, to the best of Travelers' knowledge, the complete list of Policies under the Insurance Program;

(b)     to the extent that any other policy that is not included in <u>Exhibit A</u> is identified as issued under the Insurance Program, such additional policy will be treated in the same manner as the policies included in <u>Exhibit A</u>; and

(c)     the Travelers' party signing this Agreement has the authority to sign on behalf of and legally bind The Travelers Indemnity Company and its property casualty insurance affiliates listed in Schedule A.

18.     The Agreement contains the entire agreement between the parties as respects its subject matter.  All discussions and agreements previously entertained between the parties concerning the subject matter of the Agreement are merged into this Agreement.  In the case of a conflict between any provision of this Agreement and any exhibit to this Agreement, the terms of this Agreement shall control.  This Agreement may not be modified or amended, nor any of its provisions waived, except by an instrument in writing, signed by all parties hereunder, subject to any necessary court approval.

19.     This Agreement and any amendment hereto may be executed in several counterparts and by each party on a separate counterpart, each of which, when so executed and delivered shall be an original, but all of which together shall constitute but one and the same instrument.  In providing this Agreement, it shall not be necessary to produce or account for more than one such counterpart signed by the party against whom enforcement is sought.  A signed counterpart transmitted by facsimile or pdf shall be treated as an original.

20.     This Agreement shall be binding upon all successors and assigns of each of the parties to the Agreement.

21.     This Agreement shall be deemed to have been executed and delivered in the State of Connecticut and shall be governed by and construed in accordance with Connecticut law, without regard to its principles concerning conflicts of law.

22.     For any action or proceeding arising out of or related to this Agreement, each party hereby irrevocably submits to and accepts the exclusive jurisdiction of (a) the Bankruptcy Court and, except as to Travelers, the Canadian Court, if such action or proceeding is brought prior to the entry of a final decree closing either of the Bankruptcy Cases; provided that the parties retain their rights to request the matter to be heard in a joint hearing as provided for under, and in accordance with, the Amended Cross-Border Protocol approved by the Bankruptcy Court and by the Canadian Court on June 29, 2009, as the same may be further amended from time to time; and (b) except as to the Monitor and the Canadian Debtors, the court(s) determined by application of the consent to jurisdiction provisions contained in the Insurance Program, if such action or proceeding is brought after entry of a final decree closing the Bankruptcy Cases, and waives any defense of forum non conveniens or other objection to venue in such action or proceeding.

23.     It is understood by the parties hereto that this Agreement represents a compromise of disputed claims, and that this Agreement is not to be construed as an admission of liability on any claims, except as expressly stated herein.  Neither the fact of this Agreement, nor any provision contained herein, nor any action taken hereunder, shall constitute an admission with respect to any claims or facts alleged by any of the parties hereto, except as expressly stated herein.  In the event that this Agreement is not approved by either the Bankruptcy Court or the Canadian Court, this Agreement shall be of no force or effect and the parties reserve all of their rights and defenses with respect to the Insurance Program, the Cash Deposit, the LC, the LC Proceeds, and the Proof of Claim.

24.     Each party agrees to furnish to every other party such additional and further documents, instruments and agreements as may be reasonably requested by any other party to effectuate and otherwise fully carry out the terms and intentions of this Agreement.

25.     All amounts specified herein are in the lawful currency of the United States of America.

(Signature Pages Follow)

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of

the day and date first written above.


**THE TRAVELERS INDEMNITY COMPANY,**
on behalf of itself and its property casualty insurance affiliates
listed on Schedule A hereto

By: _Christine Zysk_
Name: Christine Zysk
Title: Regional Director

**NORTEL NETWORKS INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS CAPITAL CORPORATION**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL ALTSYSTEMS INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL ALTSYSTEMS INTERNATIONAL INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**XROS, INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**SONOMA SYSTEMS**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

16

**QTERA CORPORATION**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**CORETEK, INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS APPLICATIONS MANAGEMENT SOLUTIONS INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS OPTICAL COMPONENTS INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS HPOCS INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**ARCHITEL SYSTEMS (U.S.) CORPORATION**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS INTERNATIONAL INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTHERN TELECOM INTERNATIONAL INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS CABLE SOLUTIONS INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS (CALA) INC.**

By:_____
Name: John J. Ray, III
Title:   Principle Officer

**NORTEL NETWORKS CORPORATION**

By: _____
Name: ALLAN BIFIELD
Title: Authorised Representative

**NORTEL NETWORKS LIMITED**

By: _____
Name: ALLAN BIFIELD
Title: Authorised Representative

**NORTEL NETWORKS TECHNOLOGY CORPORATION**

By: _____
Name: ALLAN BIFIELD
Title: Authorised Representative

**NORTEL NETWORKS GLOBAL CORPORATION**

By: _____
Name: ALLAN BIFIELD
Title: Authorised Representative

**NORTEL NETWORKS INTERNATIONAL CORPORATION**

By: _____
Name: ALLAN BIFIELD
Title: Authorised Representative

**ERNST & YOUNG INC.**

In its capacity as the Monitor of Nortel Networks Corporation *et al.* and not in its personal capacity

By:_____

Name: Tom Ayres

Title: SR. VICE PRESIDENT

**Exhibit A**

**List of Policies**

| Account Name | Policy Year | Policy Number | Line | Policy Form |
|---|---|---|---|---|
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1274 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1286 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1298 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1997 - 05/15/1998 | 395J1317 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1998 - 05/15/1999 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1998 - 05/15/1999 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1998 - 05/15/1999 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1998 - 05/15/1999 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1998 - 05/15/1999 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1999 - 05/15/2000 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1999 - 05/15/2000 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1999 - 05/15/2000 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/1999 - 05/15/2000 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1999 - 05/15/2000 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/1999 - 05/15/2000 | 395J4252 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2000 - 05/15/2001 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2000 - | 395J1249 | AUTOMOBILE LIABILITY | CAP |

| Account Name | Policy Year | Policy Number | Line | Policy Form |
|---|---|---|---|---|
| | 05/15/2001 | | | |
| Nortel Networks Inc. | 05/15/2000 - 05/15/2001 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2000 - 05/15/2001 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2000 - 05/15/2001 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2001 - 05/15/2002 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2001 - 05/15/2002 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2001 - 05/15/2002 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2001 - 05/15/2002 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2001 - 05/15/2002 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2002 - 05/15/2003 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2002 - 05/15/2003 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2002 - 05/15/2003 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2002 - 05/15/2003 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2002 - 05/15/2003 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2003 - 05/15/2004 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2003 - 05/15/2004 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2003 - 05/15/2004 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2003 - 05/15/2004 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2003 - 05/15/2004 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2004 - 05/15/2005 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2004 - 05/15/2005 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2004 - 05/15/2005 | 395J1250 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2004 - 05/15/2005 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2004 - 05/15/2005 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2005 - | 395J1237 | AUTOMOBILE LIABILITY | CAP |

| Account Name | Policy Year | Policy Number | Line | Policy Form |
|---|---|---|---|---|
| | 05/15/2006 | | | |
| Nortel Networks Inc. | 05/15/2005 - 05/15/2006 | 395J1249 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2005 - 05/15/2006 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2005 - 05/15/2006 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2005 - 05/15/2006 | 488D0309 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2006 - 05/15/2007 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2006 - 05/15/2007 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2006 - 05/15/2007 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2006 - 05/15/2007 | 488D1620 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2007 - 05/15/2008 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2007 - 05/15/2008 | 9517B579 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2007 - 05/15/2008 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2007 - 05/15/2008 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2007 - 05/15/2008 | 488D1620 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2007 - 05/15/2008 | 9517B01A | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 9517B579 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 488D1620 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 9517B01A | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 9520B812 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2008 - 05/15/2009 | 9520B824 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2009 - 08/02/2010 | 395J1237 | AUTOMOBILE LIABILITY | CAP |
| Nortel Networks Inc. | 05/15/2009 - | 9517B579 | AUTOMOBILE LIABILITY | CAP |

| Account Name | Policy Year | Policy Number | Line | Policy Form |
|---|---|---|---|---|
|  | 12/18/2009 |  |  |  |
| Nortel Networks Inc. | 05/15/2009 - 08/02/2010 | 395J1262 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2009 - 08/02/2010 | 395J1305 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2009 - 12/18/2009 | 488D1620 | WORKERS COMPENSATION | UB |
| Nortel Networks Inc. | 05/15/2009 - 12/18/2009 | 9517B01A | WORKERS COMPENSATION | UB |

**<u>Exhibit B</u>**

**Form Consent Letter**

[Royal Bank of Canada
LETTERHEAD]

[DATE], 2013

The Travelers Indemnity Company
One Tower Square
Hartford, CT 06183
Attn:  R. Thomas Coffey

Re:  Letter of Credit No. 1269/S16387 in the amount of $6,789,000 (the "<u>LC</u>")

Dear Mr. Coffey:

The Royal Bank of Canada issued the referenced LC to The Travelers Indemnity Company ("<u>Travelers</u>") to back the obligations of Nortel Networks Inc., the LC account party.  Travelers subsequently drew upon the LC in the full amount of $6,789,000.

The Bank understands that, pursuant to a settlement agreement with Nortel Networks Inc., Nortel Networks Corporation, Nortel Networks Limited and Ernst & Young Inc., the court-appointed monitor of Nortel Networks Corporation and certain of its affiliates in the Canadian insolvency proceedings (collectively, the "<u>Nortel Parties</u>"), Travelers will return excess LC proceeds in the amount of $1,489,000 to Nortel Networks Limited with the consent of the Bank.  The Bank acknowledges that it has been reimbursed in full for payment of the LC drawing, that it has no further claims against any of the Nortel Parties or Travelers with respect to the LC or Travelers' draw thereunder and that any excess LC proceeds should be remitted to Nortel Networks Limited for its own account.

Sincerely,

By: _____
Name:
Title:

## Exhibit C

### Form Notice of Withdrawal of Proof of Claim

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
                                            :
*In re*                                     :          Chapter 11
                                            :
Nortel Networks Inc., *et al.*,[1]          :          Case No. 09-10138 (KG)
                                            :
                          Debtors.          :          Jointly Administered
                                            :
--------------------------------------------------------X

### NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 5513

The Travelers Indemnity Company, on behalf of itself and its property casualty

insurance affiliates, hereby withdraws its proof of claim with prejudice in the above-captioned

cases (Proof of Claim No. 5513).

Dated: Hartford, Connecticut
       _____, 2013                    The Travelers Indemnity Company,
                                                on behalf of itself and its property casualty insurance
                                                affiliates


                                                _____
                                                Name:
                                                Title:
                                                Address:
                                                One Tower Square, Hartford, CT 06183
                                                Tel. [insert]
                                                Fax [insert]
                                                [insert email address]

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

## Exhibit D

**Form US Approval Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
---------------------------------------------------------X
                                              :
                                              :   Chapter 11
                                              :
In re                                         :
                                              :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹               :
                                              :   Jointly Administered
                            Debtors.          :
                                              :
                                              :   RE: D.I. _____
                                              :
---------------------------------------------------------X
```

## ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 APPROVING SETTLEMENT WITH THE TRAVELERS INDEMNITY COMPANY

Upon the motion dated [●] (the "<u>Motion</u>"),[2] of Nortel Networks Inc. and its affiliated

debtors, as debtors and debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), for

the entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and

363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), approving that certain

Settlement Agreement dated as of [●], 2012 (the "<u>Settlement Agreement</u>"), by and among the

Debtors, the Canadian Debtors, the Monitor and The Travelers Indemnity Company and its

property casualty insurance affiliates (collectively, "<u>Travelers</u>"), attached as Exhibit [●]  to the

Motion; and granting the Debtors such other and further relief as the Court deems just and

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

proper; and upon review of the Settlement Agreement; and adequate notice of the Motion having

been given as set forth in the Motion; and it appearing that no other or further notice is

necessary; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED**.

2.      The Settlement Agreement is hereby approved.

3.      The Court finds that the Settlement Agreement is in the best interests of the

Debtors, their estates, their creditors and the other parties in interest in these proceedings.

4.      The Debtors are authorized, but not directed, pursuant to sections 105 and 363 of

the Bankruptcy Code and Bankruptcy Rule 9019, to take any and all actions that may be

reasonably necessary or appropriate to perform their obligations arising under and to enforce the

terms of the Settlement Agreement.

5.      Proof of Claim No. 5513 filed by Travelers in these chapter 11 cases is resolved

pursuant to the terms of the Settlement Agreement.  In accordance with the terms of the

Settlement Agreement, the Obligations of the Debtors to Travelers under the Insurance Program

shall be deemed satisfied as of the Effective Date of the Settlement Agreement.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
      Wilmington, Delaware          _____
                                    THE HONORABLE KEVIN GROSS
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit E

### Form Canadian Approval Order

Court File No. 09-CL-7950

**_ONTARIO_**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

THE HONOURABLE                  ) ● THE ●
                                        )
MR. JUSTICE MORAWETZ         ) DAY OF ●, 2013

**IN THE MATTER OF THE _COMPANIES' CREDITORS ARRANGEMENT ACT,_**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE _COMPANIES' CREDITORS ARRANGEMENT ACT,_**
**R.S.C. 1985, c. C-36, AS AMENDED**

**O R D E R**
**(Re:  Travelers Settlement Agreement Order)**

THIS  MOTION,  made  by  Nortel  Networks  Corporation,  Nortel  Networks  Limited,  Nortel
Networks  Technology  Corporation,  Nortel  Networks  Global  Corporation  and  Nortel  Networks
International Corporation (together, the "Applicants") for the relief set out in the Applicants' Notice of
Motion dated ●, 2013 was heard this day at 330 University Avenue, Toronto, Ontario.

ON  READING  the  affidavit  of  Allan  Bifiled  sworn  ●  (the  "Bifield  Affidavit")  and  the  ●
Report  (the  "●  Report")  of  Ernst  &  Young  Inc.,  in  its  capacity  as  monitor  (the  "Monitor"),  dated  ●,
2013 and on hearing the submissions of counsel for the Applicants, the Monitor and those other parties

present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of ●, sworn ●, 2013, filed:

1.      THIS COURT ORDERS that the time for the service of the Notice of Motion and the Motion Record is hereby abridged and validated so that this Motion was properly returnable today and hereby dispenses with further service thereof.

2.      THIS COURT ORDERS AND DECLARES that capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Bifield Affidavit.

3.      THIS COURT ORDERS that: (i) the Travelers Settlement Agreement is approved; (ii) the execution and delivery of the Travelers Settlement Agreement by the Applicants party thereto is hereby authorized and approved; and (iii) the performance by the Applicants party to the Travelers Settlement Agreement of their respective obligations thereunder, if any, be and is hereby approved.

4.      THIS COURT ORDERS that the execution of the Travelers Settlement Agreement by the Monitor is hereby authorized and approved.

5.      THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

6.      THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

 

 

 

 

\6155939

_____

JUSTICE MORAWETZ

## **Schedule A**

The Travelers Indemnity Company

Travelers Casualty Insurance Company of America

Travelers Casualty and Surety Company

Travelers Casualty Company of Connecticut

Farmington Casualty Company

The Travelers Casualty and Surety Company of America

Standard Fire Insurance Company

The Charter Oak Fire Insurance Company

The Travelers Indemnity Company

The Travelers Insurance Company

The Phoenix Insurance Company

St. Paul Fire and Marine Insurance Company

The Travelers Indemnity Company of Connecticut

The Travelers Indemnity Company of America

Travelers Property Casualty Company of America

The Travelers Lloyds Insurance Company

Travelers Commercial Casualty Company

## Schedule B

Nortel Networks Inc.

Nortel Networks Capital Corporation

Nortel Altsystems Inc.

Nortel Altsystems International Inc.

Xros, Inc.

Sonoma Systems

Qtera Corporation

CoreTek, Inc.

Nortel Networks Applications Management Solutions Inc.

Nortel Networks Optical Components Inc.

Nortel Networks HPOCS Inc.

Architel Systems (U.S.) Corporation

Nortel Networks International Inc.

Northern Telecom International Inc.

Nortel Networks Cable Solutions Inc.

Nortel Networks (CALA) Inc.

## Schedule C

Nortel Networks Corporation

Nortel Networks Limited

Nortel Networks Technology Corporation

Nortel Networks Global Corporation

Nortel Networks International Corporation