## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Hearing date: March 5, 2013 at 10:00 a.m.  (ET)** |
|  | : | **Objections due: February 26, 2013 at 4:00 p.m. (ET)** |

---------------------------------------------------------- X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER MODIFYING THE APPLICATION OF LOCAL RULES 2014-1(C) AND 2016-2(F)

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014-1(c) and 2016-2(f) and (h) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") modifying the application of Local Rule 2014-1(c) and 2016-2(f) as to all professionals retained with Court approval in these cases.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) of the

Bankruptcy Code and Local Rules 2014-1(c) and 2016-2(f) and (h).

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### Relief Requested

7.      By this Motion, the Debtors seek an order modifying the application of recently-enacted Local Rules 2014-1(c) and 2016-2(f).

8.      Specifically, the Debtors request relief from (i) the requirements of Local Rule 2014-1(c) that (A) a professional person retained in a case must disclose its employment or intended employment of a Retained Professional (as defined below) for whom reimbursement will be requested in the first professional person's fee application and (B) that the professional comply with Local Rule 2016-2(f) in order to be reimbursed for any payment made to the Retained Professional and (ii) the requirements of Local Rule 2016-2(f) related to Retained Professionals.

---

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**<u>Facts Relevant to this Motion</u>**

9.      On February 4, 2009, the Court entered the *Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (D.I. 222) (the "<u>Interim Compensation Procedures Order</u>"), which sets forth the procedures for interim compensation and reimbursement of expenses for all Professionals (as defined in the Interim Compensation Procedures Order) retained in these cases.

10.     To date, the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Retirees, and the Official Committee of Long Term Disability Participants have retained more than 29 Professionals in these cases, including, but not limited to:

- Cleary Gottlieb Steen & Hamilton LLP (D.I. 221, Entered 2/4/09)
- Morris, Nichols, Arsht & Tunnell LLP (D.I. 220, Entered 2/4/09)
- Lazard Frères & Co. LLC (D.I. 507, Entered 3/20/09)
- Shearman & Sterling LLP (D.I. 323, Entered 2/18/09)
- Mercer (US) Inc. (D.I. 494, Entered 3/19/09) (D.I. 4882, Entered 2/8/11)
- Huron Consulting Group (D.I. 496, Entered 3/19/09)
- Jackson Lewis LLP (D.I. 427, Entered 3/5/09)
- Crowell & Moring LLP (D.I. 426, Entered 3/5/09)
- Chilmark Partners LLC (D.I. 2814, Entered 3/31/10)
- Global IP Law Group, LLC (D.I. 1928, Entered 11/19/09) (D.I. 2787, Entered 3/29/10)
- Punter Southall LLC (D.I. 986, Entered 6/29/09) (D.I. 2789, Entered 3/29/10)
- John Ray (D.I. 2249, Entered 1/6/10)
- Linklaters LLP (D.I. 2710, Entered 1/6/10)
- RLKS Executive Solutions LLC (D.I. 3800, Entered 8/18/10)
- Benesch, Friedlander, Coplan & Aronoff LLP (D.I. 4257, Entered 11/8/10)
- Torys LLP (D.I. 4381, Entered 11/22/10)
- Ernst & Young LLP (D.I. 5154, Entered 3/23/11) (D.I. 6021, Entered 7/22/11) (D.I. 7090, Entered 1/12/12) (D.I. 9288, Entered 1/17/13)
- Keightley & Ashner LLP (D.I. 5404, Entered 5/10/11)
- Eugene F. Collins (D.I. 6099, Entered 8/8/11)
- Fraser Milner Casgrain LLP (D.I. 438, Entered 3/5/09)
- Richards, Layton & Finger, P.A. (D.I. 495, Entered 3/19/09)

- Akin Gump Strauss Hauer & Feld LLP (D.I. 430, Entered 3/5/09)
- Ashurst LLP (D.I.429, Entered 3/5/09)
- Jefferies & Company, Inc. (D.I. 425, Entered 3/5/09) (D.I. 2564, Entered 2/26/10) (D.I. 7470, Entered 3/20/12)
- Capstone Advisory Group LLC (D.I. 431, Entered 3/5/09)
- Elliott Greenleaf (D.I. 6415, Entered 9/20/11)
- Togut Segal & Segal LLP (D.I. 6412, Entered 9/20/11)
- McCarter & English, LLP (D.I. 6413, Entered 9/20/11)
- Alvarez & Marsal Healthcare Industry Group, LLC (D.I. 6679, Entered 10/24/11) (D.I. 8269, Entered 8/21/12)

11.     On February 1, 2013, the United Stated Bankruptcy Court for the District of

Delaware released a revised version of the Local Rules, which included new Local Rules 2014-

1(c) and 2016-2(f).  New Local Rule 2014-1(c) provides:

> Professional Disclosure.  Any professional person whose employment is sought pursuant to this Local Rule must disclose its employment, or intended employment, of another professional for whom reimbursement will be requested under Local Rule 2016-2(f); provided, however, if such disclosure would require the disclosure of privileged information or information which may reveal confidential litigation strategy, such disclosure may be excused by the Court. Even if disclosure is excused, however, the professional will still be required to comply with the requirements of Local Rule 2016-1(f) in order to be reimbursed for any payment made by it to the other professional.

Local Rule 2014-1(c).  New Local Rule 2016-2(f) provides:

> Reimbursement of Payments Made to Other Professionals. If any entity subject to this Local Rule seeks reimbursement for any payment it made to another professional, such entity must provide, with respect to the services rendered or expenses incurred by such other professional, the information required by paragraphs (c), (d), and (e) hereof, unless a waiver is obtained under paragraph (h) hereof.

Local Rule 2016-2(f).

12.     As a result of the various significant litigations that are ongoing in these cases,

one or more of the Professionals have employed, or will need to employ another professional

(each a "Retained Professional"), at least initially on a confidential basis for whom the

Professional will need to request reimbursement through their respective fee applications.

### Basis for Relief

13.     The Debtors seek the modification of the disclosure requirements of Local Rule

2014-1(c) and the information requirements of Local Rule 2016-2(f) in order to ensure that

privileged information and confidential litigation strategy is not disclosed through the fee

application process.  The Debtors respectfully submit that it is in the best interests of their

estates, creditors and parties in interest to modify the application of Local Rules 2014-1(c) and

2016-2(f) in the following manner:

> a.     The disclosure requirements of Local Rule 2014-1(c) are waived as
> to all Professionals who utilize the service of a Retained
> Professional through such time that the public disclosure of the
> Retained Professional would no longer implicate privileged
> information or confidential litigation strategy; provided, however,
> that all Professionals, consistent with historical practice, shall
> provide invoices for Retained Professionals on a confidential basis
> to the Office of the United States Trustee upon request.

> b.     The requirements of Local Rule 2016-2(f) requiring Professionals
> to comply with Local Rule 2016-2(c), (d), and (e) with respect to
> the reimbursement sought for Retained Professionals are waived.

14.     The Debtors propose these changes to balance the requirements of the Local

Rules with the need of the Professionals to protect privileged information and confidential

litigation strategy.  Given the complex nature of these cases and the on-going litigation

regarding, among other things, (1) the allocation of proceeds of the sales of business units and

other assets; (2) the validity of the 38 amended proofs of claim filed on behalf of the EMEA

Debtors; (3) the validity of the amended proofs of claim filed on September 5, 2012 by the

Nortel Networks UK Pension Trust Limited (as trustee of the Nortel Networks UK Pension Plan)

and The Board of the Pension Protection Fund against NNI and NN CALA; and (4) the proposed

settlements with the Official Committee of Retirees and Official Committee of Long Term Disability Employees, the Debtors and other Professionals have been required and/or expect to need to retain other Retained Professionals.  While some of these issues have been resolved and settlements proposed, no final orders have been entered and the settlements remain subject to approval by the Court.

15.     The approval of the relief sought herein is authorized by section 105(a) of the Bankruptcy Code and Local Rules 2014-1(c) and 2016-2(h).  Section 105(a) of the Bankruptcy Code provides in relevant part:  "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Local Rule 2014-1(c) provides in relevant part that "if such disclosure [of a Retained Professional] would require the disclosure of privileged information or information which may reveal confidential litigation strategy, such disclosure may be excused by the Court."  Local Rule 2016-2(h) provides in relevant part that "an employed professional person or entity within the scope of this Local Rule may request that the Court waive, for cause, one or more of the information requirements of this Local Rule."  Local Rule 2016-2(h).

16.     As set forth above, the Debtors submit that modifying the application of Local Rules 2014-1(c) and 2016-2(f), is necessary and appropriate under the circumstances of these chapter 11 cases and in the best interests of the Debtors, their estates, creditors, and all parties in interest to protect privileged information and confidential litigation strategy.

## Notice

17.     Notice of the Motion has been given via overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

18.    No prior request for the relief sought herein has been made to this or any other

court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and

the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and

(iii) grant such other and further relief as it deems just and proper.

Dated:  February 12, 2013
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*