## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138 (KG) |
| Debtors.[1] | Jointly Administered |
| | **Hearing date: 2/19/13 at 10:00 am (ET)** |

-------------------------------------------------------- X    **Re: D.I. 9362, 9412**

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC, ET AL. TO THE DEBTORS' OBJECTION TO THE MOTION OF AD HOC COMMITTEE OF CANADIAN EMPLOYEES TERMINATED PRE-PETITION FOR ENTRY OF AN ORDER ALLOWING LATE FILED CLAIMS

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc. ("NNI") and certain of its U.S. affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby joins (the "Joinder") in the *U.S. Debtors' Objection to the Motion of Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [ECF No. 9412] (the "Debtors' Objection"), and requests that this Court deny the relief requested in the *Motion of Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [ECF No. 9362] (the "Late Filed Claims Motion"). In support of the Joinder, the Committee respectfully submits as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) ("NN CALA").

## PRELIMINARY STATEMENT[2]

1.      Nearly three and a half years after the September 30, 2009 general claims bar date (the "General Bar Date") set by this Court – and conspicuously on the heels of the failed allocation mediation – an ad hoc committee (the "Ad Hoc Canadian Employees Committee") of Canadian employees terminated pre-petition (the "Alleged Claimants") now seeks leave to file proofs of claim against the Debtors for alleged termination benefits.  As made apparent in the supporting affidavit of Michael Campbell (the "Campbell Affidavit"), the Late Filed Claims Motion is an attempt by certain Canadian parties (with the apparent support of the Monitor and counsel to the representatives for former Canadian employees appointed in the Canadian Proceedings) to improve their recoveries based on the premise that creditors of the U.S. estates will receive greater recoveries on their claims than will creditors in the Canadian Proceedings.  While the Committee is, and the Court should be, concerned regarding the nature and timing of the relief requested, the Late Filed Claims Motion should be denied on its face, as it attempts to disregard the procedures of the U.S. bankruptcy claims process and, in any event, fails to meet the standards for allowance of late filed claims and would be prejudicial to the Debtors' estates and their unsecured creditors.

## BACKGROUND

2.      On February 1, 2013, approximately one week after the allocation mediation was pronounced terminated by Chief Justice Warren K. Winkler, the Ad Hoc Canadian Employees Committee filed the Late Filed Claims Motion, pursuant to which the Ad Hoc Canadian Employees Committee seeks leave for the Alleged Claimants to file proofs of claim against the Debtors after the expiration of the General Bar Date.   The Ad Hoc Canadian Employees

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Objection.

2

Committee asserts that the Alleged Claimants should be granted leave to file late claims against the Debtors because these former Canadian employees failed to receive adequate notice of the General Bar Date. Alternatively, the Ad Hoc Canadian Employees Committee argues that the Alleged Claimants should be permitted to file late claims because such claimants' failure to abide by the General Bar Date was a result of "excusable neglect."

3.    In the Campbell Affidavit annexed to the Late Filed Claims Motion, Mr. Campbell states that he is one of three former Canadian employees appointed by the Canadian Court as representatives for former Canadian employees in the Canadian Proceedings (the "Representatives"). The Representatives, represented by Canadian counsel Koskie Minsky LLP ("Koskie"), have actively participated in the Canadian Proceedings, *see* Campbell Aff., ¶¶ 8, 13, and are among the parties included in the Ad Hoc Committee of Canadian-Only Creditors (the "CCC"). The Representatives, through their inclusion in the CCC, actively participated in the allocation mediation. *See id.*, ¶ 35. Mr. Campbell indicates that he was advised by his Canadian counsel, Koskie, as well as the Monitor, regarding the potential filing of claims against the Debtors. *See id.*, ¶¶ 23-28. Mr. Campbell further notes that he "understand[s] through [his] involvement in the process that the former employees in the United States are expected to be paid out at a higher dividend than those in Canada." *Id.*, ¶ 35.

4.    On February 12, 2013, the Debtors filed the Debtors' Objection, pursuant to which the Debtors object to the Late Filed Claims Motion, stating that the motion seeks to improve the recoveries of Canadian creditors by asserting claims against the U.S. estates simply because it is expected that U.S. creditors will receive higher distributions and "fails to make any showing or aver the most basic allegations that could support even consideration of these severely untimely (and baseless) claims." *See* Debtors' Obj., ¶¶ 1-2. The Debtors further state

3

that, to the extent the Court does not deny the Late Filed Claims Motion, the Court should permit the Debtors to take appropriate discovery regarding the assertions contained therein, including, without limitation, the facts and circumstances related to (i) the members of the Ad Hoc Canadian Employees Committee and their alleged claims, (ii) the timing and impetus for filing the Late Filed Claims Motion, including the involvement of the Monitor and the Canadian Debtors in such decision and its connection to the failed allocation mediation, and (iii) the statements made in the Campbell Affidavit.

## THE COMMITTEE'S JOINDER

5.      The Committee agrees with the arguments set forth in the Debtors' Objection and, accordingly, files this Joinder in support thereof.

6.      The Committee supports the Debtors' position that the relief requested in the Late Filed Claims Motion is inappropriate, prejudicial to the Debtors' estates and their unsecured creditors and should be denied by this Court.  The Committee believes that the Ad Hoc Canadian Employees Committee has failed to demonstrate that the Alleged Claimants did not receive actual or constructive notice of the General Bar Date and has failed to make the requisite showing to support a finding of "excusable neglect" for failing to file claims in a timely fashion.

7.      The Committee also joins in the Debtors' request for appropriate discovery into the facts and circumstances surrounding the merits of the Late Filed Claims Motion, the decision to file such motion, and the Alleged Claimants' potential claims in the event the Court is not inclined to deny the motion on its face.

4

## CONCLUSION

For all of the foregoing reasons, the Committee respectfully requests that the Court (a) deny the relief requested in the Late Filed Claims Motion, and (b) grant the Committee such other and further relief as the Court deems just, proper and equitable.

Dated: February 13, 2013
      Wilmington, Delaware

Respectfully submitted,

By: _____
    Mark D. Collins (No. 2981)
    Christopher M. Samis (No. 4909)
    Richards, Layton & Finger, P.A.
    One Rodney Square
    920 North King Street
    Wilmington, DE 19801
    Tel.: (302) 651-7700

    and

    Fred S. Hodara (*pro hac vice*)
    David H. Botter (*pro hac vice*)
    Akin Gump Strauss Hauer & Feld LLP
    One Bryant Park
    New York, NY 10036
    Tel.: (212) 872-1000
    Co-counsel to the Committee