IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
*In re*                                                          :   Chapter 11
Nortel Networks Inc., *et al.*,[1]                               :   Case No. 09-10138 (KG)
           Debtors.           :   Jointly Administered
                                                                 :   **Related D.I.: 8067, 9304, 9305,**
                                                                 :   **9306, 9342, 9366, 9367, 9370,**
                                                                 :   **9371, 9372, 9382, 9384, 9402**
                                                                 :
---------------------------------------------------------------- X
OFFICIAL COMMITTEE OF LONG TERM                                  :
DISABILITY PLAN PARTICIPANTS, on behalf of                       :   Adv. Proc. No. 12-50995 (KG)
and as agent for a class of individual participants and          :   **Related D.I.: 1, 15, 16, 17, 19**
beneficiaries under various NORTEL NETWORKS                      :
HEALTH AND WELFARE BENEFIT PLANS,                                :
           Plaintiffs,       :
    v.                                                         :
NORTEL NETWORKS INC., *et al.*,                                  :
           Defendants.       :
---------------------------------------------------------------- X

**ORDER (A) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT
REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS,
(B) CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES
ONLY, (C) APPROVING THE NOTICE PROCEDURES,
<u>(D) SCHEDULING A FAIRNESS HEARING AND (E) GRANTING RELATED RELIEF</u>**

Upon the joint motion dated January 18, 2013 (the "Joint Motion"),[2] Nortel Networks Inc. ("NNI") and certain of its affiliates that are debtors and debtors in possession in the above-captioned cases, (collectively, the "Debtors") and the Official Committee of Long Term Disability Participants, acting on behalf of and as agent for all employees (the "LTD

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion.

Employees") of the Debtors who are participants in the Debtors' Long Term Disability Plan (the "LTD Committee," and together with the Debtors, the "Movants"), seek *inter alia*, entry of an order, as more fully described in the Joint Motion, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), applicable hereto by Bankruptcy Rule 7023; (i) preliminarily approving the Settlement Agreement[3] among the Parties; (ii) conditionally certifying for settlement purposes only, a class consisting of all LTD Employees as of the Termination Date (the "Settlement Class"), appointing the Class Representatives and approving as counsel for the Settlement Class, counsel to the LTD Committee, Elliott Greenleaf ("Class Counsel"); (iii) approving the Notice Procedures; (iv) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement; and (v) granting related relief; and the Court having reviewed and considered the Joint Motion, and after due deliberation thereon, and good cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

A.     This Court has jurisdiction over the Joint Motion pursuant to 28 U.S.C. §§ 157 and 1334, and, to the extent applicable, the Movants consent to the Court hearing, determining and entering appropriate orders and judgments regarding the relief sought in the Adversary Proceeding pursuant to 28 U.S.C. § 157(c)(2);

B.     Venue of these cases and the Joint Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[3]     The Settlement Agreement entered into among the Parties was executed as of January 17, 2013 and was amended and restated as of February 11, 2013.

[4]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

C. The statutory predicates for the relief sought in the Joint Motion are sections 105(a) and 363(b) of the Bankruptcy Code, Rule 9019 of the Bankruptcy Rules and Rule 23 of the Civil Rules;

D. Notice of the Joint Motion has been provided via first class mail to (i) the U.S. Trustee; (ii) counsel to the Bondholder Group; (iii) counsel to the UCC; (iv) the LTD Employees; (v) the Active Employees; (vi) the COBRA Participants; (vii) counsel to the Retiree Committee; and (viii) the general service list established in these chapter 11 cases;

E. No further or other notice beyond that described in foregoing Paragraph is required in connection with the Joint Motion;

F. The Settlement Class satisfies the certification requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2), and Federal Rules of Bankruptcy Procedure 7023(a) and 7023(b)(2); and the Debtors, the Class Representatives, and the LTD Committee conditionally consent to the conditional certification of the Settlement Class, solely for the purpose of settlement of the Adversary Proceeding;

G. For purposes of settling the Adversary Proceeding, Class Counsel is sufficiently qualified, has extensive experience handling class actions and employee-related matters and has been appointed class counsel in multiple representative class actions;

H. For purposes of settling the Adversary Proceeding, the Class Representatives do not have interests antagonistic to those of the Settlement Class;

I. For purposes of settling the Adversary Proceeding, the Settlement Class consisting of approximately 200 members is so numerous that joinder of all members is impracticable;

J.  For purposes of settling the Adversary Proceeding, there are questions of law and/or fact common to all members of the Settlement Class, including in terms of the legal theory advanced and the factual circumstances underlying that theory;

K.  For purposes of settling the Adversary Proceeding, the claims of the Class Representatives are typical of the claims of the Settlement Class;

L.  For purposes of settling the Adversary Proceeding, the Class Representatives are not subject to a defense that is both inapplicable to many members of the Settlement Class and likely to become a major focus of the litigation;

M.  For purposes of settling the Adversary Proceeding, the Class Representatives' interests and incentives are sufficiently aligned with those of the Settlement Class;

N.  For purposes of settling the Adversary Proceeding, Class Counsel, the LTD Committee and the Class Representatives have fairly and adequately protected the interests of the Settlement Class;

O.  For purposes of settling the Adversary Proceeding, questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only the individual members;

P.  For purposes of settling the Adversary Proceeding, settlement through a class action under Civil Rule 23(b)(2) is superior to other available methods of resolving the claims alleged in the Class Complaint and the other claims released in the Settlement Agreement;

Q.  The proposed Class Representatives and Class Counsel adequately represent the interests of the Settlement Class;

R.  The Notice Procedures as set forth in the Joint Motion, including the Settlement Notice substantially in the form attached hereto as <u>Exhibit 1</u>, the Publication Notice substantially

in the form attached hereto as <u>Exhibit 2</u> and the Individualized Settlement Notice substantially in the form attached hereto as <u>Exhibit 3</u> are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Settlement Agreement, the conditional certification of the Settlement Class for settlement purposes only and the Fairness Hearing, as well as the proposed termination of the LTD Plans, and no other or further notice is required;

S.  The Settlement Agreement and its terms were negotiated by the Parties in good faith and at arm's length;

T.  For purposes of settling the Adversary Proceeding, there was sufficient discovery conducted by the Parties prior to entering into the Settlement Agreement;

U.  For purposes of settling the Adversary Proceeding, the Debtors have acted or refused to act on grounds that apply generally to the Settlement Class;

V.  For purposes of settling the Adversary Proceeding, any monetary relief provided by the Settlement Agreement, including allowance of the LTD General Unsecured Claim, is incidental to the declaratory relief sought;

W.  For purposes of settling the Adversary Proceeding, final injunctive or corresponding declaratory relief is appropriate with respect to the Settlement Class as a whole;

X.  The Debtors have demonstrated compelling and sound business justifications for entering into the Settlement Agreement attached hereto as <u>Exhibit 4</u>;

Y.  Entry into the Settlement Agreement is in the best interests of the Debtors and the Debtors' estates and creditors who are receiving fair and reasonable value under the Settlement Agreement;

Z.  The Settlement Agreement is fair and reasonable based on the range of possible outcomes and the cost, delay and uncertainty associated with further litigation;

AA.   The Settlement Agreement should be preliminarily approved;

BB.   The Settlement Agreement does not constitute a sub rosa plan of reorganization and the entry into and performance under the Settlement Agreement, as well as the Notice Procedures do not constitute the solicitation of a vote on a plan of reorganization;

CC.   A Fairness Hearing on the final approval of the Settlement Agreement should be held so that the Settlement Class members will have sufficient time from the mailing of the Settlement Notice to secure further information regarding the relief sought by the Joint Motion or object to the proposed Settlement Agreement should they choose to do so, and engage separate counsel to appear at the Fairness Hearing;

DD.   Other good and sufficient cause exists for granting the relief requested in the Joint Motion;

EE.   The Parties' decision to enter into the Settlement Agreement is consistent with their fiduciary duties and does not give rise to any claim or remedy against the Debtors, the LTD Committee, the members of the LTD Committee in their capacity as such, the Class Representatives, or any of their advisors or professionals except as may be expressly set forth in this Order or the Settlement Agreement; and it is therefore:

**ORDERED ADJUDGED AND DECREED THAT:**

1.   Those portions of the Joint Motion seeking preliminary approval of the Settlement Agreement, conditional certification of the Settlement Class solely for settlement purposes, conditional appointment of Class Counsel and Class Representatives for settlement purposes, approval of the Notice Procedures and scheduling of a Fairness Hearing are GRANTED and objections, if any, thereto are OVERRULED.

2.   The Settlement Agreement is preliminarily approved in its entirety.

3. The Settlement Class is conditionally certified, solely for purposes of settlement of the Adversary Proceeding, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) and Federal Rule of Bankruptcy Procedure 7023.

4. For settlement purposes only, Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones, are hereby conditionally appointed as Class Representatives.

5. For settlement purposes only, Elliott Greenleaf is hereby conditionally appointed Class Counsel.

6. The Notice Procedures as set forth in the Joint Motion, including the proposed form of Settlement Notice, the proposed form of Publication Notice and the proposed form of Individualized Settlement Notice, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Settlement Agreement, the proposed termination of the LTD Plans, the conditional certification of the Settlement Class for settlement purposes only and the Fairness Hearing and are hereby approved.

7. As soon as reasonably practicable after entry of this Order, the Parties (or their agent) shall serve the Settlement Notice in substantially the form attached hereto as Exhibit 1, by first-class mail, facsimile or electronic transmission upon the members of the Settlement Class at their last known addresses in the Debtors' records (as updated by Class Counsel's searches).

8. As soon as reasonably practicable after entry of this Order, the Debtors also shall publish notice substantially in the form attached hereto as Exhibit 2 in The Wall Street Journal (National Edition), The Globe and Mail (National Edition), USA Today (National Edition), Raleigh News & Observer, Charlotte Observer, Dallas Morning News, Houston Chronicle, Tampa Bay Times, Orlando Sentinel, Miami Herald and the San Jose Mercury News.

9. As soon as reasonably practicable after entry of this Order, the LTD Committee shall send the Individualized Settlement Notice in substantially the form attached hereto as Exhibit 3 by first-class mail, facsimile or electronic transmission upon the members of the Settlement Class at their last known addresses in the Debtors' records (as updated by Class Counsel's searches).

10. Any party that seeks to object to any of the relief requested in the Joint Motion pertaining to the fairness or final approval of the Settlement Agreement (including, for the avoidance of doubt, the Apportionment Methodology, the use of the Settlement Amount and payments to be made thereunder, the valuation of a Settlement Class member's LTD Claim under the Apportionment Methodology and for additional amounts for LTD Claims the claimant believes to be due and owing) shall file a formal objection. Any and all objections as contemplated by this Order must be: (a) in writing; (b) signed by objecting party or his or her counsel, if any; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 by no later than the objection deadline; and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following at addresses to be provided in the Settlement Notice: (i) counsel to the Debtors, (ii) counsel to the LTD Committee, (iii) counsel to the UCC, (iv) counsel to the Bondholder Group, and (v) the Office of the United States Trustee. Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the Fairness Hearing. Any party that seeks to file an objection or other responsive pleading containing sensitive personal information regarding an LTD Employee, his or her disability or LTD Benefits or other similar

information reasonably determined by the party as sensitive personal information is authorized, but not required to file such objection or response under seal.

11. The Court hereby schedules a Fairness Hearing to be held on **April 30, 2013 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Kevin Gross, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware, 19801, to consider the final approval of the Settlement Agreement and the termination of the LTD Plans.

12. **April 19, 2013 at 4:00 p.m. (prevailing Eastern time)** is hereby set as the objection deadline for objections to the Joint Motion (other than the preliminary approval of the Settlement Agreement, the certification of the Settlement Class for settlement purposes only, the Notice Procedures and the scheduling of the Fairness Hearing, which are all hereby approved).

13. In the event there is a conflict between this Order and the Joint Motion or the Settlement Agreement, this Order shall control and govern.

14. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: FEB. 14, 2013
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

9