**EXHIBIT 1**
*Form of Settlement Notice*

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* <br> Nortel Networks Inc., *et al.*,[1] <br>            Debtors. <br> ------------------------------------------------ <br> OFFICIAL COMMITTEE OF LONG TERM DISABILITY PLAN PARTICIPANTS, on behalf of and as agent for a class of individual participants and beneficiaries under various NORTEL NETWORKS HEALTH AND WELFARE BENEFIT PLANS, <br>            Plaintiffs, <br> v. <br> NORTEL NETWORKS INC., *et al.*, <br>            Defendants. | X <br> : <br> : <br> : <br> : <br> X <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> X | Chapter 11 <br><br> Case No. 09-10138 (KG) <br><br> Jointly Administered <br><br> **Hearing Date: [•]** <br> **Objections Due: [•]** <br><br> RE: 9304, [•] |

**NOTICE OF (A) PROPOSED SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS; (B) CONDITIONAL CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES ONLY; (C) CONDITIONAL APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; (D) SCHEDULED DATE OF FAIRNESS HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT**

**THIS NOTICE CONTAINS INFORMATION REGARDING A SETTLEMENT AND MOTION THAT WILL AFFECT THE MEDICAL, INCOME CONTINUATION AND OTHER HEALTH AND WELFARE BENEFITS PROVIDED BY NORTEL AND YOUR RELATED RIGHTS. PLEASE READ IT CAREFULLY AND COMPLETELY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

**Case Background**

The Debtors in the above-captioned cases (the "Debtors" or "Nortel") have provided certain benefits, including long-term disability income continuation, medical coverage, life insurance, dental, vision and hearing coverage and accidental death & dismemberment insurance, to the Debtors' long-term disabled employees who are participants in the Debtors' Long Term Disability Plan and certain other plans and programs (the "LTD Employees"). The Debtors also have provided certain of these benefits, as well as short-term disability income continuation and business travel accident insurance, to individuals who were not LTD Employees, including the Debtors' active employees (the "Active Employees") and those receiving (or eligible to receive) benefits under the plans providing medical, dental, vision and hearing coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act (the "COBRA Participants"). These benefits have been offered under various formal and informal benefits plans, agreement and programs, which are referred to as the "LTD Plans" in this notice.

In January 2009, Nortel filed for bankruptcy relief in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Since that time, Nortel has sold off its active businesses and terminated almost all of its active employees. In connection with its wind down, Nortel has sought to terminate the LTD Plans under which the LTD Employees have been receiving benefits ("LTD Benefits"). The Official Committee of Long-Term Disability Participants (the "LTD Committee") was appointed in August 2011 to represent the interests of all LTD Employees with respect to the proposed termination of the LTD Plans and proposed cessation of the LTD Benefits and to negotiate on their behalf. Nortel filed a motion dated July 30, 2012, asking the Bankruptcy Court to terminate the LTD Plans, the LTD Benefits and the employment of the LTD Employees [D.I. 8067] (the "LTD Termination Motion"). On October 25, 2012, the LTD Committee filed an objection to the LTD Termination Motion [D.I. 8840]. Additional formal and informal objections to the LTD Termination Motion were filed by certain individuals receiving LTD Benefits (all such objections, including the LTD Committee's objection, the "LTD Objections"). The LTD Committee was appointed as an official committee under 11 U.S.C. § 1102.

**The Class Complaint**

On November 19, 2012, the LTD Committee, on behalf of a class consisting of all LTD Employees,[2] instituted an adversary proceeding against the Debtors (the "Adversary Proceeding") by filing the *Verified Complaint for Declaratory and Injunctive Relief* against the Debtors (the "Class Complaint"). In the Class Complaint, the LTD Committee seeks relief under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("ERISA"). The Class Complaint alleges various claims for declaratory and injunctive relief, and other equitable relief, under ERISA. The Class Complaint seeks a declaratory judgment that the governing LTD Plan documents do not permit the Debtors to terminate LTD Benefits for those LTD Employees who are already disabled and are receiving benefits. The Class Complaint further alleges that miscommunications were made to the LTD Employees relating to the LTD Plans, that the Debtors allegedly breached their disclosure obligations and other fiduciary duties allegedly owed to the LTD Employees under ERISA, and that the Debtors have conflicts of interest regarding

---

[2] The LTD Committee approved the Settlement Agreement in accordance with its governing by-laws.

2

their proposal to terminate the LTD Plans. The Debtors have informed the LTD Committee that they dispute the validity of the allegations and claims in the Adversary Proceeding and the Debtors' time to respond to the Class Complaint has been extended.

## The Settlement

After more than a year of negotiations between Nortel and the LTD Committee, including negotiations under the supervision of a Bankruptcy Court-appointed mediator both before and after the filing of the LTD Termination Motion and the Class Complaint, the parties have reached a settlement memorialized in a settlement agreement (as amended and restated as of February 11, 2013, the "Settlement Agreement")[3] that, if approved by the Bankruptcy Court, would settle the LTD Termination Motion and the Adversary Proceeding in exchange for the Debtors allowing a general unsecured claim in favor of the LTD Committee, the proceeds of the sale or distribution of which, less certain settlement administration costs of the LTD Committee and applicable taxes, will be distributed among the LTD Employees (as of the Termination Date) in a manner determined by the LTD Committee after consultation with its professionals, including actuarial and financial professionals. The allowed general unsecured claim shall be granted in the gross amount of $28 million based on a hypothetical termination date of March 31, 2013, minus the costs (for purposes of settlement, calculated as $680,000 per month) for the transition period of April 1, 2013 through May 31, 2013, resulting in an allowed general non-priority, unsecured claim in the gross amount of $26,640,000 for benefits under the LTD Plans. A copy of the Settlement Agreement, as amended and restated, is attached to this notice as Exhibit 1. The LTD Committee approved the decision to enter into the Settlement Agreement, in accordance with its governing bylaws. Pursuant to the LTD Committee's right to sell, assign or convey such general unsecured claim under the Settlement Agreement, the LTD Committee has negotiated a term sheet with SPCP Group, LLC ("SPCP") to sell and assign the general unsecured claim, the net proceeds of which sale will be distributed among the members of the Settlement Class as described more fully below. The assignment of claim agreement between the LTD Committee and SPCP is not yet a final agreement and remains subject to (1) satisfactory documentation, (2) the form of the proposed Order approving the Settlement Agreement, (3) agreement on certain other issues, including, but not limited to, resolution of certain taxation issues and (4) final approval by the Bankruptcy Court of the terms of the Settlement Agreement.[4] Therefore, please note that if the Settlement Agreement is approved by the Bankruptcy Court and the general unsecured claim is sold subject to the terms and conditions of such term sheet, the general unsecured claim allowed in favor of the LTD Committee will be sold for an amount in cash less than the face amount of the allowed general unsecured claim. In addition, if the Bankruptcy Court approves the Settlement Agreement, the order granting such approval will authorize the Debtors to terminate the LTD Plans as of May 31, 2013.

---

[3]   Capitalized terms used in this notice that are not defined herein have the meaning given to them in the Settlement Agreement.

[4]   Any inquiries concerning such term sheet or the information provided to you in the individualized settlement notice you receive from the LTD Committee, which will list each LTD Employees' projected estimated share of the Settlement Amount as determined by the apportionment methodology set forth in the Settlement Agreement, should be addressed to Elliott Greenleaf, proposed class counsel to the LTD Committee, at their address set forth herein.

3

On January 18, 2013, Nortel and the LTD Committee jointly filed the *Joint Motion Pursuant to Sections 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 to (I)(a) Preliminarily Approve the Settlement Agreement Regarding Long-Term Disability Plans and Claims, (b) Conditionally Certify a Class for Settlement Purposes Only, (c) Approve the Notice Procedures, and (d) Schedule a Fairness Hearing; and (II)(a) Finally Approve the Settlement Agreement, (b) Finally Certify a Class, (d) Authorize the Debtors to Terminate the LTD Plans, and (e) Grant Related Relief* [D.I. 9304] (the "Joint Motion"), asking the Bankruptcy Court to approve the Settlement Agreement and conditionally certify the Settlement Class (consisting of all LTD Employees as of the Termination Date), solely for settlement purposes, in connection with the settlement. The LTD Termination Motion and the Adversary Proceeding will be withdrawn with prejudice if the Bankruptcy Court approves the Settlement Agreement and the Settlement Agreement becomes effective.[5]

### Class Certification

On [●, 2013], the Bankruptcy Court conditionally granted class certification for settlement purposes only. The Settlement Class consists of all LTD Employees. If you are an LTD Employee as of the date that the LTD Plans are terminated, you are a member of the Settlement Class and will be bound by the Settlement Agreement if it is approved by the Bankruptcy Court.

### Class Representatives and Class Counsel

On [●, 2013], the Bankruptcy Court conditionally appointed the following members of the LTD Committee as Class Representatives for settlement purposes only: Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones (collectively, the "Class Representatives").[6] The Bankruptcy Court's order also conditionally appointed counsel to the LTD Committee, Elliott Greenleaf, as Class Counsel for settlement purposes only.

### Fairness Hearing

On April 30, 2013 at 10:00 am (prevailing Eastern time), the Bankruptcy Court will hold a hearing on the Joint Motion to decide whether the Settlement Agreement should be approved. **If approved, the Bankruptcy Court Order approving the Settlement Agreement will settle and finally resolve the LTD Termination Motion and the Adversary Proceeding, finally resolve any objection(s) you have filed in opposition to the LTD Termination Motion, and authorize Nortel to terminate the LTD Plans as of May 31, 2013 and discontinue providing benefits thereunder, and the LTD Employees and related parties will release Nortel and other third parties from liability related to the LTD Plans and LTD Benefits. If you are an LTD Employee, or if you are not an LTD Employee but have been receiving or are eligible**

---

[5] The Debtors and the LTD Committee reserve all rights to continue litigation of the LTD Termination Motion and the Adversary Proceeding, as necessary, should the Settlement Agreement not be approved and all objections and defenses to such litigation are fully preserved as well.

[6] "Class Representatives" are also referred to as "LTD Committee Member Parties."

4

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

to receive benefits under one or more of the LTD Plans, the proposed Bankruptcy Court Order, if entered, *will affect your rights.* You should read the Settlement Agreement in its entirety. If you have questions regarding the proposed settlement, you may contact counsel to the LTD Committee, Elliott Greenleaf, by either phone (302-384-9400); email (RXZA@elliottgreenleaf.com); or mail (Elliott Greenleaf, Attn: Rafael Zahralddin, Esq., 1105 North Market Street, Suite 1700, Wilmington, DE 19801), or consult with your own lawyer. You may also submit questions via the "Submit an Inquiry" link on the website maintained by the LTD Committee: http://www.kccllc.net/nortelltd/. The terms of the Settlement Agreement are summarized below.

### Objection Deadline

Any person wishing to object to the Settlement Agreement or the termination of the LTD Plans, for any reason whatsoever, must file a response or objection (an "**Objection**") to the Joint Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **April 19, 2013 at 4:00 pm (prevailing Eastern time) (the "Objection Deadline")**. The Objection must be in writing and signed by the objecting party or his or her counsel, if any. If your Objection contains personally identifiable information that you wish to file with the Bankruptcy Court under seal so that it is not publicly available, please contact Elliott Greenleaf, proposed class counsel to the LTD Committee, at their address set forth herein for assistance. The Objection must be in conformity with the Bankruptcy Rules and the Local Rules, and be served of the following parties so as to be received on or before **April 19, 2013 at 4:00 pm (prevailing Eastern time)**: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, Attn: Lisa M. Schweitzer, Esq., One Liberty Plaza, New York, New York 10006, Facsimile: (212) 225-3999 and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); (ii) counsel to the LTD Committee: Elliott Greenleaf, Attn: Rafael Zahralddin, Esq., 1105 North Market Street, Suite 1700, Wilmington, DE 19801, Facsimile: (302) 384-9399; (iii) counsel to the Unsecured Creditors Committee: Akin Gump Strauss Hauer & Feld LLP, Attn: Lisa Beckerman, Esq., One Bryant Park, New York, New York 10036, Facsimile: (212) 872-1002; (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, Attn: Thomas J. Matz, Esq., One Chase Manhattan Plaza, New York, New York 10005, Facsimile: (212) 822-5885; and (v) the Office of the United States Trustee: Attn: Mark Kenney, Esq., 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Facsimile: (302) 573-6497.

ANY LTD EMPLOYEE WHO DOES NOT OBJECT TO THE SETTLEMENT AGREEMENT OR THE TREATMENT OF HIS OR HER CLAIM THEREUNDER (INCLUDING THE RELEASE OF CLAIMS) BY APRIL 19, 2013 AT 4:00 PM (PREVAILING EASTERN TIME) IN COMPLIANCE WITH THE PROCEDURES SET OUT ABOVE, AND ANY LTD EMPLOYEE WHO PROPERLY FILES AN OBJECTION THAT THE BANKRUPTCY COURT OVERRULES, WILL BE BOUND BY THE TERMS OF THE SETTLEMENT AGREEMENT AND HIS OR HER CLAIM UNDER THE LTD PLANS WILL BE VALUED AND TREATED AS DESCRIBED IN THE SETTLEMENT AGREEMENT. LTD EMPLOYEES WHO DO NOT TIMELY AND PROPERLY OBJECT OR WHOSE OBJECTIONS ARE OVERRULED BY THE BANKRUPTCY COURT WILL NOT BE ABLE TO OPT OUT OF THE SETTLEMENT, OR SEEK ANY ALTERNATIVE RECOVERY OR REMEDY AGAINST THE

DEBTORS, THE LTD COMMITTEE, OR ANY OTHER PARTY RELEASED UNDER THE SETTLEMENT AGREEMENT, OR AGAINST THE LTD GENERAL UNSECURED CLAIM GRANTED BY THE DEBTORS TO THE LTD COMMITTEE OR THE SETTLEMENT AMOUNT. THE TERMINATION OF THE LTD PLANS AND THE ALLOWANCE OF THE LTD GENERAL UNSECURED CLAIM SHALL FULLY SATISFY THE LTD EMPLOYEES' LTD CLAIMS, AND THE LTD EMPLOYEES SHALL BE BARRED FROM ASSERTING ANY FURTHER LTD CLAIMS AGAINST THE DEBTORS OR THE OTHER PARTIES BEING RELEASED.

IN ADDITION, UPON FINAL BANKRUPTCY COURT APPROVAL OF THE SETTLEMENT, THE DEBTORS WILL BE AUTHORIZED TO TERMINATE ALL LTD PLANS IN THEIR ENTIRETY AS OF MAY 31, 2013, WHICH WILL BIND ALL INDIVIDUALS RECEIVING OR ELIGIBLE TO RECEIVE BENEFITS UNDER THE LTD PLANS, WHETHER OR NOT THEY ARE LTD EMPLOYEES, INCLUDING THE DEBTORS' ACTIVE EMPLOYEES AND COBRA PARTICIPANTS. ANY PERSON WHO IS NOT AN LTD EMPLOYEE BUT WHOSE RIGHTS ARE AFFECTED BY TERMINATION OF THE LTD PLANS AND WHO DOES NOT TIMELY AND PROPERLY OBJECT TO THE SETTLEMENT IN ACCORDANCE WITH THE PROCEDURES SET FORTH ABOVE OR WHOSE OBJECTION IS OVERRULED BY THE BANKRUPTCY COURT, WILL NOT BE ABLE TO SEEK ANY ALTERNATIVE REMEDY AGAINST THE DEBTORS, THE LTD COMMITTEE, OR AGAINST ANY OTHER PARTY, OR AGAINST THE LTD GENERAL UNSECURED CLAIM GRANTED BY THE DEBTORS TO THE LTD COMMITTEE OR THE SETTLEMENT AMOUNT.

**Release of Claims**

As described in more detail in this notice and in the Settlement Agreement, under the Settlement Agreement, all LTD Parties are entitled to payment only from the Settlement Amount and only in accordance with the Apportionment Methodology described below. LTD Parties include the LTD Committee, the LTD Committee Member Parties, and each LTD Employee as of the Termination Date, in his or her individual capacity, and his or her capacity as a member of the Settlement Class, each of its, his or her respective spouses, dependents, heirs, distributees, executors, administrators, members, officers, directors, agents, representatives and assigns; any successor to an LTD Employee; and any purchaser, transferee or assignee of the LTD General Unsecured Claim or any LTD Employee's LTD Claim.

**If you are entitled to receive a payment from the Settlement Amount, a personalized statement listing the estimated amount which you are entitled to receive will be mailed to you separately.** Pursuant to the terms of the Settlement Agreement, within ten (10) business days of the Debtors having served this notice, the LTD Committee will deliver to the Bankruptcy Court, and seek approval of, a schedule that details the calculation, by application of the Apportionment Methodology, of the proportional share of the Settlement Amount to be allocated to each eligible LTD Employee.[7] Such Bankruptcy Court approval, if given, shall be deemed to

---

[7] The LTD Committee reserves the right to file a revised schedule prior to the Fairness Hearing to account for any and all changes, and a supplemental revised schedule after the Fairness Hearing to reallocate distributions for changes to members of the Settlement Class.

fully and finally determine the propriety of the application of the Apportionment Methodology to the Settlement Amount and the valuation of your proportional share of the Settlement Amount.

Under the Settlement Agreement, on the Effective Date (as defined below), the LTD Parties are releasing and extinguishing all LTD Claims (as defined below), as against the Debtor Releasees, and you will not be entitled to payment for such LTD Claims except from the Settlement Amount pursuant to the Apportionment Methodology, and you will have no claim against the Debtor Releasees, the LTD Committee Releasees, or their respective advisors or successors. Notwithstanding the foregoing in this section, to the extent that SPCP purchases the LTD General Unsecured Claim, the above releases and other provisions of this section will not affect or impair SPCP's rights with respect to the LTD General Unsecured Claim or any other claims (unrelated to the LTD Claims) held by or hereafter purchased by SPCP.

The LTD Claims being released by the LTD Parties include any and all claims that arise from or relate to, directly or indirectly, the allegations set forth in the Class Complaint, all of which the Debtors deny, **which concern, among other things:**

- **your right to receive LTD Benefits under the LTD Plans;**

- **alleged misleading communications relating to the LTD Plans, including allegations that you reasonably relied on such communications to your detriment;**

- **alleged breaches of Debtors' disclosure obligations and fiduciary duties under ERISA relating to the LTD Plans;**

- **claims regarding the manner in which the LTD Plans have been administered;**

- **alleged conflicts of interest arising out of Debtors' attempt to terminate the LTD Plans.**

You should review the Joint Motion and the Settlement Agreement for the full terms of the settlement and the claims being released.

**Proofs of Claim to be Disallowed**

If the Settlement Agreement is approved by the Bankruptcy Court, all proofs of claim filed by or on behalf of an LTD Employee, in whole or in part, on account of LTD Claims will be disallowed and expunged from the Debtors' claims register on the Effective Date. Enclosed with this notice are two exhibits listing LTD Claims, or parts thereof, that will be disallowed and expunged as part of the settlement (together, the "Claims Exhibits"): Exhibit 2 lists LTD Claims that will be disallowed and expunged in their entirety and Exhibit 3 lists proofs of claim for which only the portion related to LTD Claims will be disallowed and expunged. **In the Joint Motion and the Settlement Agreement, the Debtors are not seeking to affect any rights that you may have with respect to Excluded Claims (as defined below), although the Debtors reserve all rights with respect to the validity of such claims. If you believe that any information concerning your LTD Claim listed in the Claims Exhibits is incorrect, and you fail to object to the Joint Motion by the Objection Deadline in accordance with this notice, the Bankruptcy Court may partially or wholly disallow and expunge your LTD Claim without further notice or hearing. The Debtors' failure to list a proof of claim asserting a LTD Claim on the Claims Exhibits does not waive or prejudice the Debtors' right to have that proof of claim expunged.**

**The Settlement Agreement and Proposed Order Approving Settlement Agreement**

The following is a summary of the principal terms of the Settlement Agreement and the proposed order finally approving the Settlement Agreement (the "Proposed Order"). This summary is provided as background, and you should read the full and complete copy of the Settlement Agreement. A copy of the Joint Motion and Proposed Order are available from the Nortel's claims agent's website at http://dm.epiq11.com/NNI/Project#. In the case of any conflicts, the terms of the Settlement Agreement govern the settlement. You should consult with counsel to the LTD Committee or your own lawyer if you have questions. Nortel cannot provide you with legal advice. Under the proposed Settlement Agreement and the Proposed Order approving the Settlement Agreement:

- Termination of LTD Plans and the Employment of the LTD Employees. If the Effective Date has occurred, in accordance with the terms of the Settlement Agreement, the Debtors shall terminate all LTD Plans in their entirety, including, for the avoidance of doubt, all coverage and benefits provided thereunder, as of May 31, 2013 at 11:59 p.m. (ET) (the "Termination Date").[8] Effective as of the Termination Date, the Debtors shall terminate the employment of the LTD Employees.

- LTD Plans Run Off Period. The time period for filing a claim for payment or reimbursement of benefits covered by and approved pursuant to the relevant LTD Plans for claims incurred prior to the Termination Date shall be reduced to a period of six (6) months (or such shorter period as provided under the terms of the relevant LTD Plan), following the Termination Date (the "Run Off Period"). For the avoidance of doubt, a claim for payment or reimbursement of benefits will be deemed filed once filing of the appropriate claim form, if applicable, to the relevant designated claims administrator has occurred (whether by the beneficiary or the provider if the beneficiary so authorizes), in accordance with the terms of the relevant LTD Plan. Claims for benefits under the relevant LTD Plans that accrue prior to the Termination Date and which are not properly filed in accordance with the relevant LTD Plans prior to the earlier of (i) the current run off period under the relevant LTD Plan or (ii) expiration of the Run Off Period, shall be disallowed for all purposes (and the Debtors' claims agent will be authorized to make an appropriate notation on the official claims register maintained in the Debtors' cases as necessary). These untimely claims are referred to herein as "Untimely Run Off Claims." No consideration shall be owed or paid by the Debtors or any of their successors, or the LTD Committee with respect to the Untimely Run Off Claims. For the avoidance of doubt, nothing in this section modifies, waives or otherwise overrides the Debtors' or any third party's right to review, approve and object to any timely claim that may be presented during the Run Off Period. Third party service providers and insurers will be provided notice that Untimely Run Off Claims will not be paid unless timely submitted.

---

[8] In the event the Debtors and the LTD Committee agree in writing to extend the Termination Date to a date no later than June 30, 2013, the allowed LTD General Unsecured Claim would be reduced in the amount of $680,000 per month for each month between May 31, 2013, and the ultimate Termination Date that is agreed upon by the parties.

8

- Settlement Consideration. Solely for the purpose of settlement of the Adversary Proceeding, the Parties consent to the certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2), and Federal Rule of Bankruptcy Procedure 7023(b)(2). Without admitting or denying liability, and solely for the purpose of settlement, the Debtors consent to the entry of an order against them on Count II of the Class Complaint declaring that they shall not terminate any of the LTD Plans with respect to any of the LTD Employees on or before the Termination Date, unless and until NNI allows a general non-priority, unsecured claim in favor of the LTD Committee in the gross amount of $28 million based on a hypothetical termination date of March 31, 2013, minus the costs (for purposes of settlement, calculated as $680,000 per month) for the transition period of April 1, 2013 through May 31, 2013, resulting in an allowed general non-priority, unsecured claim in the gross amount of $26,640,000, subject to the costs for extension of the Termination Date, if necessary, for benefits under the LTD Plans (where such general non-priority, unsecured claim in the gross amount of 26,640,000 shall constitute the "LTD General Unsecured Claim"). The LTD General Unsecured Claim shall be allowed as of the date that the Approval Orders have become final and non-appealable orders (the "Effective Date").[9] The LTD Committee shall have the right to sell, assign or convey the LTD General Unsecured Claim without further order of the Bankruptcy Court, subject to compliance with Federal Rule of Bankruptcy Procedure 3001. The Debtors shall make distributions on account of the allowed LTD General Unsecured Claim in accordance with an effective plan confirmed under section 1129 of the Bankruptcy Code (the "Plan"). The "Settlement Amount" shall constitute (i) the net recovery to the LTD Committee on the allowed LTD General Unsecured Claim, whether through a distribution under the Plan, or the sale, assignment or conveyance of the LTD General Unsecured Claim, less (ii) the Settlement Administration Costs (as defined below). **If the Settlement Agreement is approved by the Bankruptcy Court and the LTD General Unsecured Claim is sold and assigned pursuant to the term sheet negotiated by the LTD Committee, the Settlement Amount will equal the purchase price received by the LTD Committee for the sale and assignment of the LTD General Unsecured Claim, less potential tax withholdings and certain Settlement Administration Costs. However, in the event that an agreement to sell and assign the LTD General Unsecured Claim does not become effective or the LTD General Unsecured Claim is not otherwise sold, assigned or conveyed, the Settlement Amount will depend, among other things, on the amount of distributions made by Nortel Networks Inc. on the LTD General Unsecured Claim under a plan of reorganization.** The allowance of the LTD General Unsecured Claim shall be granted in full and final settlement of all LTD Claims (as defined below). Upon the Effective Date, all other claims in the Class Complaint shall be deemed dismissed with prejudice.

- The term "Settlement Administration Costs" shall refer to the expenses of the LTD Committee and its advisors that are necessary to administer and implement the Settlement

---

[9] The Debtors intend that the LTD General Unsecured Claim be allowed against NNI, but NNI reserves the right to seek recovery from the other Debtors for some portion of the amount distributable on account of the LTD General Unsecured Claim, after consultation with the UCC and the Bondholder Group.

9

EXAMPLE OF NOTICE FORM - SUBJECT TO COURT APPROVAL

Agreement and administer and effectuate distribution of the Settlement Amount, incurred after the Effective Date.

- Apportionment Methodology.

    o The Settlement Amount shall be allocated among the LTD Employees who are receiving benefits under the LTD Plans as of the Termination Date on the basis of a formula to be provided by the LTD Committee, whereby each LTD Employee shall receive his or her proportional share of the Settlement Amount, subject to applicable withholding tax requirements, calculated based on a fraction, the numerator of which is the actuarial valuation of such LTD Employee's claims under the LTD Plans (as determined by the LTD Committee) and the denominator of which is the aggregate of the actuarial values of all LTD Employees' claims under the LTD Plans (as determined by the LTD Committee), thereafter applied to the Settlement Amount. The foregoing allocation methodology is referred to herein as the "Apportionment Methodology." The LTD Committee shall have sole responsibility for calculation of such amounts and distribution of the Settlement Amount pursuant to the Apportionment Methodology.

    o Within ten (10) business days of the Debtors having served the Settlement Notice (as defined below), the LTD Committee will deliver to the Bankruptcy Court under seal, and seek approval of, a schedule that details the calculation of the proportional share of the Settlement Amount to be allocated to each LTD Employee (as determined by the LTD Committee applying the Apportionment Methodology). Such Bankruptcy Court approval, if given, shall be deemed to fully and finally determine the propriety of the application of the Apportionment Methodology to the Settlement Amount and to fully and finally determine the actuarial valuation of each LTD Claim and the calculation of the proportional share of the Settlement Amount to each LTD Employee.[10]

- Satisfaction of LTD Claims.

    o **AS PART OF THE SETTLEMENT, THE LTD CLAIMS OF THE LTD EMPLOYEES AGAINST THE DEBTORS AND OTHER THIRD PARTIES WILL BE RELEASED AND EXPUNGED, SUBJECT ONLY TO EACH LTD EMPLOYEE'S ENTITLEMENT (IF ANY) TO RECEIVE PAYMENT OF A PORTION OF THE SETTLEMENT AMOUNT. THE TERMINATION OF THE LTD PLANS AND THE ALLOWANCE OF THE**

---

[10] The calculation of each LTD Employee's proportional share of the Settlement Amount will be estimated based on the assumption that all LTD Employees will participate in the Settlement Agreement. However, if individual LTD Employees elect to retire from the Debtors and waive their right to receive LTD Benefits under the LTD Plans and under the Settlement Agreement, the proportional share of the Settlement Amount allocable to the remaining Settlement Class members may increase. Therefore, the LTD Committee may deliver to the Bankruptcy Court under seal an amended schedule that details the adjusted calculation of the proportional share of the Settlement Amount to be allocated to each member of the Settlement Class, which will account for changes in the population of the Settlement Class and any increased recoveries to remaining Settlement Class members resulting from certain LTD Employees' retirement.

**LTD GENERAL UNSECURED CLAIM SHALL FULLY SATISFY THE LTD CLAIMS, AND THE LTD EMPLOYEES SHALL BE ESTOPPED AND BARRED FROM ASSERTING ANY FURTHER LTD CLAIMS AGAINST THE DEBTORS OR THE OTHER PARTIES BEING RELEASED.** As used herein, "LTD Claims" shall include any and all actual and potential claims, demands, causes of action, debts, liabilities or obligations, whether based on any legal or equitable theory (including fiduciary or equitable duties) or otherwise, including, but not limited to suits in contract, tort or equity, whether arising under contract, ERISA, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Tax Code, the Americans with Disabilities Act of 1990, or any other statute, rule, regulation, common law or otherwise, and whether arising under the laws of the United States, any political subdivision thereof or the laws of any other jurisdiction, each as may be amended from time to time, in all cases arising out of or relating to:

- Any past, current or future benefits or any other obligation, claim or potential obligation arising under or relating to the LTD Plans, including the LTD Benefits;

- The administration of the LTD Plans, including, but not limited to, the calculation of LTD Benefits, the application of offsets against LTD Benefits, the denial of LTD Benefits, the determination of eligibility to receive LTD Benefits, the interpretation of the LTD Plans and the drafting of the LTD Plans and all oral and written communications made with respect to such matters;

- The amendment, modification and/or termination of any of the LTD Plans and/or any benefits or coverage thereunder, whether done previously or as provided for under the provisions of a Settlement Agreement;

- Claims relating to the employment of the LTD Employees and the termination of their employment;

- Claims relating to the Nortel Networks Voluntary Employee Beneficiary Association, the Nortel Networks Health & Welfare Benefits Trust, any other similar trusts that do now exist or may have existed previously (together, the "Trusts"), or any obligation to escrow, segregate or fund amounts relating to the LTD Plans;

- Any and all claims, defenses, causes of action, damages, costs and expenses that arise from, concern, or are related to, directly or indirectly, the allegations set forth in the Class Complaint or the LTD Objections; and

- Claims for punitive damages, equitable relief, breach of fiduciary duty, detrimental reliance, attorneys' fees or other expenses related to the foregoing.

11

- For the avoidance of doubt, LTD Claims shall **exclude** the following claims and any and all defenses thereto, which claims shall not be enforceable against or recoverable from the LTD General Unsecured Claim, the proceeds thereof or the Settlement Amount, or the LTD Committee, or its advisors, in each case in their capacity as such (and which claims and related defenses collectively shall be referred to as, the "Excluded Claims"):

    - Claims arising under or relating to the Retiree Welfare Plans, which are subject to and being settled by the *Debtors' Motion For Entry Of Orders Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 (A) Approving Settlement Notification Procedures and, Subsequently, (B) Approving a Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9224];

    - Claims arising under or relating to the Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including related fringe benefits;

    - Claims arising under or relating to the Nortel Networks U.S. Deferred Compensation Plan or the Northern Telecom Inc. Senior Management Incentive Award Program;

    - Claims for qualified pension benefits arising under or relating to the Nortel Networks Retirement Income Plan, Nortel Networks Pension Service Plan, Nortel Networks Cash Balance Plan, Northern Telecom Inc. Retirement Plan for Employees or the Nortel Networks Capital Accumulation and Retirement Program, which are properly asserted only against the Pension Benefit Guaranty Corporation;

    - Claims for non-qualified pension benefits arising under or relating to the Nortel Networks Retirement Income Plan Restoration Plan, Nortel Networks Cash Balance Restoration Plan, Northern Telecom Inc. Excess Pension Plan, Nortel Networks Long-Term Investment Restoration Plan, Nortel Networks Supplementary Executive Retirement Plan, the Nortel Networks Special Pension Benefits Plan and the Nortel Networks Special Pension Credit Plan;

    - Claims for benefit payments under any of the LTD Plans that accrue prior to the Termination Date that are properly filed prior to the expiration of the Run Off Period (as amended by the Settlement Agreement), and that are subsequently approved in writing or electronically by the respective designated claims administrator, named ERISA Claims fiduciary or insurer (as defined in the governing plan document) for the LTD Plan under which such claims are asserted;

    - Claims for expatriate benefits and relocation expenses;

- Claims for the account balance currently vested in an individual's account pursuant to the terms of the Nortel Networks Long-Term Investment Plan or Northern Telecom Inc. Thrift Savings Plan, subject to investment loss;

- Workers' Compensation benefits approved prior to the Effective Date in accordance with the terms of all applicable workers compensation policies, including insurance policies, to which the Debtors are party, and applicable state workers' compensation laws;

- Payment in respect of accrued but unused vacation, consistent with the Debtors' applicable governing policies;

- Social Security benefits properly asserted only against the United States Social Security Administration; and

- Claims directly arising under a written employment agreement between an individual LTD Employee and the Debtors that are unrelated to life insurance, death benefits, medical insurance, dental insurance, vision insurance, hearing insurance, accidental death and dismemberment insurance, health reimbursement accounts, dependent day care reimbursement accounts, or any other LTD Claims.

- **Releases**.

    o **Upon the Effective Date, for the good and valuable consideration provided by the Debtors in connection with the Settlement Agreement, and except as provided for by the terms of the Settlement Agreement, the LTD Committee, the LTD Committee Member Parties, and each LTD Employee, in his or her individual capacity, and his or her capacity as a member of the Settlement Class, each of its, his or her respective spouses, dependents, heirs, distributees, executors, administrators, members, officers, directors, agents, representatives, successors and assigns; and any purchaser, transferee or assignee of the LTD General Unsecured Claim or any LTD Employee's LTD Claim (collectively, the "LTD Parties") will knowingly and voluntarily release and forever discharge the Debtors, their estates, the LTD Plans, the LTD Plan administrators, the members of all Nortel benefit plan committees (including, without limitation, the Employee Benefits Committee, the Joint Leadership Resources Committee, the Compensation and Human Resources Committee and any predecessors thereto), the UCC, the Bondholder Group, and each of their respective past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, administrators, liquidators, directors, officers, employees, managers, agents, attorneys, solicitors, trustees, fiduciaries, accountants and advisors, and each of all of their respective predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured,**

13

> past or present, fixed or contingent, liquidated or unliquidated, that the LTD Parties now have, had, may have had, or hereafter may have against any of the Debtor Releasees. This Release provides for and effectuates a discharge of the Debtor Releasees to the full extent permitted by applicable law with respect to any and all LTD Claims and shall be contained in the Approval Orders and effectuated through the entry of the Approval Orders.
>
> o **Except as otherwise provided in the Settlement Agreement, upon the Effective Date, the Debtors, their estates, successors and assigns (the "<u>Debtor Parties</u>") will knowingly and voluntarily release and forever discharge the LTD Parties and all of their advisors (collectively, the "<u>LTD Releasees</u>") from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtor Parties now have, had, may have had, or hereafter may have against any of the LTD Releasees. This Release provides for and effectuates a discharge of the LTD Releasees to the full extent permitted by applicable law with respect to any and all LTD Claims and shall be contained in the Approval Orders and effectuated through the entry of the Approval Orders.**

- <u>Final Settlement</u>. The Settlement Agreement is being entered into, and the LTD General Unsecured Claim is being granted in full and final satisfaction of the LTD Claims of members of the Settlement Class and, upon the occurrence of the Effective Date, shall supersede any prior obligations of the Debtors relating to the provision of LTD Benefits or payment of LTD Claims under the LTD Plans to members of the Settlement Class, such that the LTD Committee and all members of the Settlement Class shall be forever estopped and barred from seeking further relief related to the LTD Claims or resolved matters that fall within the scope of the Settlement Agreement.

- <u>Proofs of Claim</u>. ANY AND ALL PROOFS OF CLAIM FILED ON ACCOUNT OF, OR WHICH, TO ANY EXTENT, INCLUDE LTD CLAIMS, INCLUDING, BUT NOT LIMITED TO, CLAIMS ARISING FROM OR RELATING TO MODIFICATIONS TO OR THE TERMINATION OF THE LTD PLANS, SHALL BE DISALLOWED AND EXPUNGED FROM THE DEBTORS' CLAIMS REGISTER ON THE EFFECTIVE DATE, SOLELY WITH RESPECT TO THE PORTION OF THE PROOF OF CLAIM RELATING TO THE LTD CLAIMS.

- <u>Tax Consequences</u>. Except as expressly provided in section 24 of the Settlement Agreement, the Debtors make no representations or warranties whatsoever regarding any tax benefits, tax obligations and/or other consequences arising from or in connection with the Settlement Agreement, the allowance of the LTD General Unsecured Claim, or any payments made from the Settlement Amount to the members of the Settlement Class, and the recipients and beneficiaries of any such payments shall be solely responsible for any taxes in respect of any payments under

the Settlement Agreement or in respect of the LTD General Unsecured Claim. In the event the LTD General Unsecured Claim is not sold, transferred or assigned by the LTD Committee prior to the time any distributions are made by NNI, NNI reserves the right to withhold all taxes subject to withholding under all applicable provisions of the Tax Code. Except as expressly provided in this Section, the Debtors make no representations or warranties whatsoever regarding any tax benefits, tax obligations and/or other consequences arising from or in connection with this Settlement Agreement, the allowance of the LTD General Unsecured Claim, or any payments made from the Settlement Amount to the members of the Settlement Class, and the recipients and beneficiaries of any such payments shall be solely responsible for any taxes in respect of any payments under this Settlement Agreement or in respect of the LTD General Unsecured Claim. The LTD Committee represents that it has sought the advice of counsel and/or its tax and financial advisors in respect of the tax effects regarding any payments in respect of this Settlement Agreement. In the event the LTD General Unsecured Claim is not sold, transferred or assigned by the LTD Committee prior to the time any distributions are made by NNI, NNI reserves the right to withhold all taxes subject to withholding under all applicable provisions of the Tax Code. In the event the LTD General Unsecured Claim is sold, transferred or assigned by the LTD Committee prior to the time any distributions are made by NNI in respect of such claim, the Debtors do not intend to withhold taxes on behalf of any person with respect to the LTD General Unsecured Claim or any distributions made with respect to such claim. The Debtors shall have no liability relating to the withholding of taxes or the issuance of form W-2s.

- Retirement Eligible Employees.

    o On December 31, 2012, the Debtors filed the *Debtors' Motion for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 (A) Approving Settlement Notification Procedures and, Subsequently, (B) Approving a Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9224] (the "Retiree Approval Motion") seeking approval of a settlement agreement with the Official Committee of Retired Employees (the "Proposed Retiree Settlement Agreement"). Pursuant to the terms of the Proposed Retiree Settlement Agreement, which may be amended and is subject to Bankruptcy Court approval, any LTD Employee who is receiving LTD Benefits under the LTD Plans as of the Termination Date (and is therefore a member of the Settlement Class) and has met the service requirements for retirement as of January 31, 2013 (in accordance with the eligibility criteria set forth in the Retiree Approval Motion and the Proposed Retiree Settlement Agreement) can elect to participate in the Proposed Retiree Settlement Agreement provided that such LTD Employee voluntarily terminates his or her employment with the Debtors and irrevocably relinquishes his or her right to receive continued benefits under the LTD Plans after the termination date of the Retiree Welfare Plans, which is proposed to be May 31, 2013 pursuant to the Proposed Retiree Settlement Agreement, in accordance with the terms of the Proposed Retiree Settlement Agreement.

- o  For the avoidance of doubt, if you elect to participate in the Proposed Retiree Settlement, you will be eligible to participate in the Proposed Retiree Settlement only. However, if you elect to participate in the Proposed Retiree Settlement, you will continue to receive LTD Benefits until May 31, 2013, assuming you remain otherwise eligible under the relevant LTD Plans.

- o  **For the avoidance of doubt and notwithstanding anything to the contrary in the Proposed Retiree Settlement Agreement, any LTD Employee who would have been eligible to receive LTD Benefits under the LTD Plans as of the Termination Date but for the fact that such LTD Employee elected to voluntarily terminate his or her employment with the Debtors, including retiring for the purpose of participating in the Proposed Retiree Settlement Agreement, will have waived his or her right to receive LTD Benefits under the LTD Plans and under the Settlement Agreement, and shall be deemed to not be a member of the Settlement Class for the purpose of participating in the Settlement Agreement, receiving distributions of the Settlement Amount, or otherwise.**[11]

## Common Questions

Although Nortel and the LTD Committee encourage everyone whose rights may be affected by the Settlement Agreement to read that proposed agreement in its entirety, Nortel and the LTD Committee have endeavored to provide responses to some of the most generally applicable questions that may be raised about the impact of the Settlement Agreement:

- Q: I am an LTD Employee currently receiving benefits under the LTD Plans. Will these benefits be affected by the settlement?

  A: Yes, if the proposed Settlement Agreement is approved by the Bankruptcy Court, the LTD Plans and all associated benefits and coverage will be terminated effective as of May 31, 2013. This means that you will not receive income continuation payments or medical coverage from Nortel after that date. Please carefully read the definition of "LTD Plans" in the Settlement Agreement to understand the full list of benefit plans that will be discontinued and benefits and coverage that will be affected.

- Q: Will I receive a payment from the Settlement Amount being paid to the Settlement Class members, and, if so, how much will I be receiving?

---

[11] For the avoidance of doubt, should the Settlement Agreement not become effective for any reason, any LTD Employee who has voluntarily terminated his or her employment in order to participate in the Proposed Retiree Settlement Agreement will no longer have a right to receive LTD Benefits under the LTD Plans and shall no longer be a member of the Settlement Class.

A: If you are an LTD Employee as of May 31, 2013, you will receive a right to participate in distributions of the Settlement Amount if the proposed Settlement Agreement is approved by the Bankruptcy Court. The actual amount of money that you will receive will be based on your projected share of the Settlement Class's claim divided by the Settlement Amount. Nortel Networks Inc. ("NNI") is granting the LTD Committee a LTD General Unsecured Claim in the amount of $26.64 million (with such general unsecured claim taking into account the costs of providing LTD Benefits to the LTD Employees for the transition period of April 1, 2013 through May 31, 2013), rather than a cash payment, together with a declaratory judgment that it will not terminate the LTD Plans as to the LTD Employees without allowing the LTD General Unsecured Claim, as the sole consideration for the settlement. The Settlement Amount available for distribution to you is expected by the LTD Committee to equal your proportional share of the purchase price to be received by the LTD Committee for the sale and assignment of the LTD General Unsecured Claim under an agreement with SPCP, less potential tax withholdings and certain Settlement Administration Costs. In the event that an agreement to sell and assign the LTD General Unsecured Claim does not become effective, or the LTD General Unsecured Claim is not otherwise sold, assigned or conveyed, the Settlement Amount will depend, among other things, on the amount of distributions made by NNI on the LTD General Unsecured Claim under a plan of reorganization. The notice that the Class Counsel will send to you will include an estimate of the amount of money you would receive, which will reflect an adjustment for estimated amounts owed for applicable taxes and settlement administration costs. Please note that you will be provided an estimate of your individual allocation of the Settlement Amount for informational purposes only and the LTD Committee will have the ability to adjust your individual allocation to account for any corrections or adjustments in the valuation of LTD Claims. The exact amount of the Settlement Amount is not known at this time.

- Q: Will the Bankruptcy Court be asked to approve the proportional shares of the Settlement Amount that will be allocated to each member of the Settlement Class?

  A: Yes, within ten (10) business days of the Debtors having served this notice, the LTD Committee will deliver to the Bankruptcy Court, and seek approval of, a schedule that details the application of the Apportionment Methodology to calculate the proportional share of the Settlement Amount to be allocated to each LTD Employee. If the Bankruptcy Court approves such payment schedule, that approval will be deemed to fully and finally determine the allocation of the Settlement Amount and the valuation of each LTD Claim. The LTD Committee reserves the right to file a revised schedule prior to the Fairness Hearing to account for any and all changes, and a supplemental revised schedule after the Fairness Hearing to reallocate distributions for changes to members of the Settlement Class.

- Q: If the LTD Plans are terminated, how long do I (or my health care professionals) have to submit claims for payment of claims incurred on or before May 31, 2013?

  A: If the LTD Plans are terminated you (or your health care professionals) will have to submit claims incurred under any of the LTD Plans, including, without limitation, claims

for medical, dental, health and vision treatments, by the earlier of November 30, 2013 or the current deadline under the applicable LTD Plan.

- Q: What happens to my objection to the LTD Termination Motion if the Settlement Agreement is approved?

  A: If the Settlement Agreement is approved, all objections to the LTD Termination Motion will be treated as resolved by the Order approving the Settlement Agreement and you will be bound by the Order. As set forth above, you have a right to file an objection to the Joint Motion.

- Q: I am a current LTD Employee; can I participate in the Proposed Retiree Settlement Agreement?

  A: You may be able to elect to participate in the Proposed Retiree Settlement Agreement if the Proposed Retiree Settlement Agreement is approved and you have satisfied the minimum service requirement for retirement. In order for you to do so, you must send the Debtors a signed written document voluntarily terminating your employment and irrevocably relinquishing your right to receive benefits under the LTD Plans in accordance with the terms of the Proposed Retiree Settlement Agreement, which provides that such document must be received by the Debtors within 30 days following the Proposed Retiree Settlement Agreement becoming effective. Your retirement from the Debtors will be deemed effective on the termination date of the Retiree Welfare Plans, which is proposed to be May 31, 2013 pursuant to the Proposed Retiree Settlement Agreement, and your right to receive further LTD Benefits under and subject to the terms of the LTD Plans will terminate as of that termination date. However, assuming you otherwise remain eligible under the LTD Plans, your LTD Benefits will terminate, regardless of which settlement you accept, no earlier than May 31, 2013. Please note that any LTD Employee who has voluntarily terminated his or her employment with the Debtors and retired, including retiring for the purpose of participating in the Proposed Retiree Settlement Agreement, will have waived his or her right to receive LTD Benefits under the LTD Plans after the termination date of the Retiree Welfare Plans, will only be eligible to participate in the Proposed Retiree Settlement Agreement and shall be deemed to not be a member of the Settlement Class for the purpose of participating in the Settlement Agreement, receiving distributions of the Settlement Amount, or otherwise. The Bankruptcy Court must enter an order approving the Proposed Retiree Settlement Agreement before it becomes effective, and the final terms of the Proposed Retiree Settlement Agreement will be determined by that Bankruptcy Court order, if entered.

- Q: I am a current LTD Employee; what other plans and programs available to current employees will be affected by the Settlement Agreement?

  A: Please carefully read the definition of "LTD Claims" from the Settlement Agreement, which lists certain of the formal or informal benefit plans, agreements or programs that are being compromised and waived through the Settlement Agreement. Claims arising from formal or informal benefit plans, agreements or programs described as "Excluded Claims" will not be affected by the Settlement Agreement.