IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] <br><br> Debtors. | Case No. 09-10138 (KG) <br><br> (Jointly Administered) <br><br> Re: Docket Nos. 9362, 9412 and 9418 <br><br> Hearing date: March 5, 2013 at 10:00 a.m. (ET) |

STATEMENT AND RESERVATION OF RIGHTS OF
THE MONITOR ON BEHALF OF THE CANADIAN NORTEL DEBTORS
IN RELATION TO THE MOTION OF THE AD HOC COMMITTEE OF
CANADIAN EMPLOYEES TERMINATED PRE-PETITION FOR ENTRY OF
AN ORDER ALLOWING LATE FILED CLAIMS

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (the "**Canadian Nortel Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**"), hereby files this statement and reservation of rights (this "**Statement**") on behalf of itself and the Canadian Nortel Debtors with respect to the *Motion of Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9362] (the "**Motion**") filed by the Ad Hoc Committee

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the " **US Debtors**")

1

of Canadian Employees Terminated Pre-Petition (the "**Ad Hoc Committee**" and each of the members of the Ad Hoc Committee seeking relief under the Motion a "**Movant**"), the related objection of the US Debtors to the Motion [D.I. 9412] (the "**Objection**") and the joinder of the US Official Committee of Unsecured Creditors (the "**Committee**") joining in the Objection [D.I. 9418] (the "**Joinder**"), and in support hereof, respectfully submits as follows:

## STATEMENT AND RESERVATION OF RIGHTS

1.  The Monitor first saw the Motion only after it was served. Both the accompanying affidavit of Michael Campbell (the "**Affidavit**") (*see* Affidavit ¶¶ 23-24) and the Motion (*see* Motion ¶ 8) are misleading to the extent that they imply that the Monitor held a view as to the terms of the termination letters on which the Movants rely or played a role in advancing the matter. That is not the case. The Monitor's sole involvement was limited to complying with a request that it provide copies of letters of certain former employees to the Former Employees' Representative Counsel, as requested by counsel.

2.  The Monitor has made no determination with respect to these claims and has not advised the Movants or their counsel as to any entitlement. Further, the Monitor has not encouraged, counselled or offered its support in the bringing of the Motion or the assertion of the claims for which leave is being sought. The Motion and the claims were not raised and are not being pursued at the behest of the Monitor.

3.  Given certain of the statements made in the Motion, the Objection and the Joinder, the Monitor provides the following background to this matter for the assistance of the Court.

4.  The Ontario Court made two orders (the "**Canadian Orders**") on October 6, 2011, both of which were given full force and effect in the United States through the order of this

2

Court, as entered in the Canadian Nortel Debtors' chapter 15 cases.[2] The Canadian Orders deal with "Compensation Claims:" the "Compensation Claims Methodology Order," which deals with the valuation of such claims, and the "Compensation Claims Procedure Order," dealing with the process for proving and admitting such claims. "Compensation Claims," as that term is defined in the Canadian Orders, are generally claims relating to employment with the Canadian Nortel Debtors, including termination and severance claims.[3]

5. The Compensation Claims Procedure Order provides, among other things, for:

　　a. the sending of an Information Statement to each of the Compensation Claimants which sets out data concerning each such claimant according to the Canadian Nortel Debtors' books and records and each such claimant's claim calculated in accordance with the Compensation Claims Methodology;

　　b. a Proof of Claim form for compensation related claims not set out in an Information Statement;

　　c. the Monitor to send Information Statement packages to those claimants who were considered to have a Compensation Claim within twenty-one (21) business days of the Order;

　　d. a bar date of January 6, 2012, for requesting corrections to the Information Statement and the filing of Proofs of Claim;

---

[2] *See Order Pursuant to 11 U.S.C. §§ 1507, 1525(a) and 105(a) Giving Effect in the United States to Orders of Ontario Court Approving Compensation Claims Procedure and Methodology* (including attachments). *In re Nortel Networks Corporation*, Chapter 15 Case No. 09-10164 (Entered: 12/28/2011) [D.I. 466].

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and in the respective "Compensation Claims Procedure Order" and "Compensation Claims Methodology Order" of the Ontario Court, copies of which orders are incorporated herein by reference to Exhibits 1 and 2 of this Court's Order referenced in footnote 2 *supra*.

    e. if the Compensation Claimant is in agreement with the data and the claim, such claimant is not required to take any further steps for the claim to be an admitted claim in the Canadian Proceedings; and

    f. nothing in the order superseding or being deemed to supersede the Cross-Border Protocol, the Cross-Border Claims Protocol, the Claims Procedure Order or the Claims Resolution Order.

6.     The Canadian Nortel Debtors, the Monitor and the US Debtors immediately then began working together to identify Compensation Claimants who hold Same-Creditor or Overlapping Claims within the meaning of the Cross-Border Claims Protocol ("**Cross-Border Claims**"). One-hundred and ninety (190) claimants were initially identified who potentially held such claims (the "**Identified Cross-Border Claimants**"). The Compensation Claims Procedure Order was amended by order of the Ontario Court dated November 8, 2011, to allow for the mailing of an Information Statement package to those claimants with potential Cross-Border Claims within seven (7) business days after the Canadian Nortel Debtors, the US Debtors and the Monitor completed the process set out in the Claims Resolution Order and the Cross-Border Protocol and to establish a rolling bar date for those claimants to file a request to correct the Information Statement.

7.     The Monitor and US Debtors began working closely and co-operatively to review the claims of the Identified Cross-Border Claimants to determine if they in fact held Cross-Border Claims. As it was determined that an Identified Cross-Border Claimant did not hold such a claim, the Monitor released such claimant's Information Statement.

8.     It became clear that a number of the Identified Cross-Border Claimants were in fact Canadian Compensation Claimants who had filed claims in the above-referenced chapter 11

cases (the "**US Proceedings**"), likely in error. The Monitor, with the agreement of the US Debtors, asked the Former Employees' Representative Counsel to contact certain claimants for purposes of seeking the withdrawal of such claims so that the Information Statements could be sent and the Compensation Claim be dealt with in the Canadian Proceedings in accordance with the Compensation Claims process. The Former Employees' Representative Counsel did so and a number of claims were withdrawn from the US Proceedings.

9.     Several such claimants whose employment was terminated prior to the commencement of the Canadian Proceedings were represented by counsel in the United States and refused to withdraw their claims from the US Proceedings (the "**Already Filed Claims**"). The Former Employees' Representative Counsel advised the Monitor that these claimants were relying on termination letters similar to letters received by others in their constituency who were classified in the Compensation Claims process as "Pre-Filing Terminated Employees" and who had received Information Statements.

10.    The Former Employees' Representative Counsel further advised the Monitor that it was seeking instructions to file claims in the US Proceedings for all Pre-Filing Terminated Employees who were in receipt of such letters. The Monitor so advised the US Debtors and, at the request of the Former Employees' Representative Counsel, arranged a call between the US Debtors and the Former Employees' Representative Counsel. The potential for a tolling agreement pending the resolution of the Already Filed Claims was discussed. The Monitor made clear that the issue was then between the Former Employees' Representative Counsel and the US Debtors.

11.     The Former Employees' Representative Counsel has, from time to time, requested copies of termination letters that its clients have not been able to locate, which the Monitor has provided.

## CONCLUSION

While the Monitor takes no position with respect to the relief requested in the Motion, for the completeness of the record now before the Court, including the Motion, the Objection and the Joinder, the Monitor submits this Statement and hereby reserves all rights on behalf of itself and the Canadian Nortel Debtors with respect to the disposition (in the these proceedings or the Canadian Proceedings) of any and all claims filed by the Ad Hoc Committee or any member thereof in the event that the Court grants the relief requested in the Motion, and requests that the Court grant such other and further relief as the Court deems just, proper and equitable in the circumstances.

*[Intentionally left blank]*

Dated: February 15, 2013
Wilmington, Delaware

          **BUCHANAN INGERSOLL & ROONEY PC**

          /s/ *Kathleen A. Murphy*
          Mary F. Caloway (No. 3059)
          Kathleen A. Murphy (No. 5215)
          1105 North Market Street, Suite 1900
          Wilmington, Delaware 19801
          (302) 552-4200 (telephone)
          (302) 552-4295 (facsimile)
          mary.caloway@bipc.com
          kathleen.murphy@bipc.com

          -and-

          **ALLEN & OVERY LLP**

          Ken Coleman
          Daniel Guyder
          1221 Avenue of the Americas
          New York, NY 10020
          (212) 610-6300 (telephone)
          (212) 610-6399 (facsimile)
          ken.coleman@allenovery.com
          daniel.guyder@allenovery.com

          *Attorneys for Ernst & Young Inc., as Monitor*
          *and Foreign Representative of the Canadian Nortel*
          *Debtors*