# AFFIDAVIT

**STATE OF TEXAS )**
**)**
**CITY AND COUNTY OF DALLAS)**

I, Albert Fox, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s):

JAN-30-2013;

ADVERTISER: Nortel Networks Inc.;

and that the foregoing statements are true and correct to the best of my knowledge.

Albert Fox

Sworn to before me this
30 day of January 2013

Donna Hester
Notary Public

DONNA HESTER
Notary Public, State of Texas
My Commission Expires
October 29, 2014

Do Not Use Tearsheet Proof of Print Only.

ADVERTISEMENT

# Legal Notices

To advertise: 800-366-3975 or WSJ.com/classifieds

## BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

In re Ampal-American Israel Corporation, Debtor. : Chapter 11 : Case No. 12-13689 (SMB)

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AMPAL-AMERICAN ISRAEL CORPORATION:

PLEASE TAKE NOTICE THAT on January 22, 2013, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over the above-captioned chapter 11 case of Ampal-American Israel Corporation ("Ampal" or the "Debtor") entered an order (the "Bar Date Order") establishing (a) **March 1, 2013 at 5:00 p.m.** (Eastern Standard Time) as the deadline by which each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) including claims arising under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtor during the 20 days prior to the Petition Date (as defined below), other than governmental units, must file proofs of claim (each, a "Proof of Claim") based on prepetition claims against the Debtor (the "General Bar Date") and (b) **February 26, 2013 at 5:00 p.m.** (Eastern Standard Time) as the deadline by which any United States governmental unit (as such term is defined in section 101(27) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")) must file Proofs of Claim against the Debtor (the "Government Bar Date" and together with the General Bar Date, the Rejection Bar Date and the Amended Schedule Bar Date, as defined below, the "Bar Dates"). The Bar Date Order, the Bar Dates, as applicable, and the procedures set forth below for the filing of Proofs of Claim, apply to all claims against the Debtor that arose prior to August 29, 2012 (the "Petition Date"), on which the Debtor commenced the above-captioned chapter 11 case under the Bankruptcy Code.

**Claimants asserting unsecured claims may contact counsel to the Official Committee of Unsecured Creditors (the "Committee") at Brown Rudnick LLP, Attn: Edward Weisfelner, Esq., 7 Times Square, New York, New York 10036.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

**2. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to share in the Debtor's estate if you have a claim that arose prior to the Petition Date and it is not one of the other types of claims described in section 3 below. Acts or omissions of the Debtor that arose before the Petition Date may give rise to claims against the Debtor that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code, and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidation, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**3. PARTIES WHO NEED NOT FILE A PROOF OF CLAIM:**

You need not file a Proof of Claim if you are:

a. Any entity that already has filed a signed Proof of Claim against the Debtor with the Clerk of this Court or the Claims Agent in a form substantially similar to Official Form 10;

b. Any entity whose claim is listed on Schedules if (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c. A holder of a claim that previously has been allowed by Order of the Court on or before the applicable Bar Date;

d. A holder of a claim that has been paid in full by the Debtor or any other party in accordance with the Bankruptcy Code or an order of the Court;

e. A holder of a claim for which a specific deadline previously has been fixed by the Court;

f. Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** any claim allowable under section 503(b)(9) of the Bankruptcy Code or any portion of a Rejection Damage Claim asserting administrative priority under section 503(b) of the Bankruptcy Code);

g. Any holder of a claim that is limited exclusively to the repayment of Debentures to the extent the Trustee for such Debentures timely filed Master Proofs of Claim on behalf of all holders of such claims as provided in paragraph 20 of the Application; provided, however, that, to the extent any Debenture holder wishes to assert a claim, other than a claim for the Debenture, arising out of or relating to the Debenture, such claimant must file for such claim a Proof of Claim on or before the General Bar Date; or

h. Any entity or person holding an interest, which interest is based exclusively upon an equity interest in the Debtor; provided, however, that a holder of such an interest who wishes to assert a claim against the Debtor that arises out of or is related to the ownership of any such equity interest, including a claim arising out of or relating to the issuance or distribution of any such equity interests, must file a Proofs of Claim on or before the General Claim Bar Date, unless another exception identified in this Order applies. The Debtor reserves the right to establish at a later time a bar date requiring any entity or persons holding an interest in the Debtor to file proofs of interest.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.**

**4. SCHEDULED CLAIMS, EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If the Debtor amends or supplements its Schedules subsequent to the mailing of this Bar Date Notice and related information, the Debtor shall give notice of any amendment of supplement of its Schedules to the holders of claims affected thereby within ten (10) days of filing any such amendment or supplement. Holders of the claims affected thereby must file Proofs of Claim with respect to such claims by the later of (i) the applicable Bar Date, and (ii) thirty (30) days from the date on which notice is served (the "Amended Schedules Bar Date").

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) the date that is thirty (30) days after the entry of an order approving the rejection of the executory contract or unexpired lease, or (ii) the General Bar Date (the "Rejection Bar Date").

**5. WHEN AND WHERE TO FILE**

All **original** Proofs of Claim must be filed so as to be **received on or before the applicable Bar Date by 5:00 p.m. (Eastern Standard Time)** by first-class mail, overnight delivery service, or hand delivery to one of the following addresses: **If by First-Class Mail:** Ampal American Israel Corporation Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5082, New York, NY 10150-5082. **If by Hand Delivery or Overnight Mail:** Ampal American Israel Corporation Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017.

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq on or before the applicable Bar Date at 5:00 p.m. (Eastern Standard Time).

Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

**6. WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) denominate the claim in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (v) include supporting documentation (or, if such supporting documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; such documentation must be written in English or if not written in English the claimant must also provide a copy of the documentation translated into English; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtor; provided, further, that any creditor that receives such written consent shall be required to transmit such writings to the Debtor, upon request, no later than ten (10) days from the date of such request.

Vendors of goods may be entitled to assert claims arising prior to the Petition Date under 503(b)(9) of the Bankruptcy Code to the extent that they delivered goods to the Debtor within the 20-day period prior to the Petition Date. The Court has deemed the filing of a proof of claim as satisfying the procedural requirements for asserting such claim arising under section 502(b)(9) of the Bankruptcy Code. In addition to the other requirements of paragraph 6 above, any request for payment under section 503(b)(9) of the Bankruptcy Code must (a) include the value of goods delivered to and received by the Debtor in the 20 days prior to the Petition Date, and (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

**Holders of all claims must use the Proof of Claim Form. Proof of Claim Forms may be obtained from the Bankruptcy Court's website: www.nysb.uscourts.gov.**

**YOU MUST ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORMS OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.**

**YOU MUST INCLUDE SUPPORTING DOCUMENTATION (OR, IF SUCH DOCUMENTATION IS VOLUMINOUS INCLUDE A SUMMARY OF SUCH DOCUMENTATION) OR AN EXPLANATION AS TO WHY SUCH DOCUMENTATION IS NOT AVAILABLE. SUCH DOCUMENTATION MUST BE WRITTEN IN ENGLISH OR IF NOT WRITTEN IN ENGLISH THE CLAIMANT MUST ALSO PROVIDE A COPY OF THE DOCUMENTATION TRANSLATED INTO ENGLISH. A PROOF OF CLAIM MAY BE FILED WITHOUT SUPPORTING DOCUMENTATION UPON THE PRIOR WRITTEN CONSENT OF THE DEBTOR; PROVIDED, THAT, UPON THE DEBTOR'S REQUEST, ANY CREDITOR THAT RECEIVED SUCH WRITTEN CONSENT SHALL BE REQUIRED TO TRANSMIT SUCH DOCUMENTATION TO THE DEBTOR NO LATER THAN TEN (10) DAYS FROM THE DATE OF SUCH REQUEST.**

**7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Except with respect to claims of the type set forth in section 3 above, or unless otherwise ordered by the Court, any holder of a claim against the Debtor who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claims against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liabilitly with respect to such claim. Moreover, such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in this Chapter 11 Case, participate in any distribution in this Chapter 11 Case on account of such claim, or receive further notices regarding such claim.**

**8. THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Schedules. Copies of the Schedules may be examined by interested parties on the Bankruptcy Court's electronic docket for the Chapter 11 Case, which is available at http://www.nysb.uscourts.gov (a PACER login and password are required to access the website). Additionally, electronic copies of the Schedules may be viewed at the Debtor's Claims Agent's website at http://dm.epiq11.com/AMP. Copies of the Schedules may also be examined by interested parties at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

Dated: January 22, 2013 New York, New York

/s/ Michelle McMahon, BRYAN CAVE LLP, Michelle McMahon (MM-8130), Stephanie Wickouski (SW-5957), Jamila Justine Willis (JW-2914), 1290 Avenue of the Americas, New York, New York 10104, Telephone: (212) 541-2000, Facsimile: (212) 541-1943. Attorneys for the Debtor and Debtor-in-Possession

## BANKRUPTCIES

**PUBLICATION NOTICE**

NOTICE OF ENTRY OF ORDER RESTRICTING TRADING IN CLAIMS AGAINST OVERSEAS SHIPHOLDING GROUP, INC., AND AFFILIATES

The United States Bankruptcy Court for the District of Delaware has entered an order that establishes notification procedures and procedures under which Overseas Shipholding Group, Inc., and its affiliated debtors, may require certain holders of debt claims against such debtors to dispose of a portion of their debt claims upon a subsequent debtor's motion to the court.

A copy of the order may be found at the following internet address: http://www.kccllc.net/osg.

Questions regarding the order may be directed to representatives of the debtors, Kurtzman Carson Consultants LLC, at 1-866-967-1780. The case number for the bankruptcy action is 12-20000.

THE WALL STREET JOURNAL.

THE MART

ADVERTISE TODAY

(800) 366-3975

sales.mart@wsj.com

Place an ad using the self-service option at: wsj.com/classifieds

© 2013 Dow Jones & Company, Inc. All Rights Reserved.

## BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

*In re* Nortel Networks Inc., *et al.*, Debtors. ) Chapter 11 • Case No. 09-10138 (KG) ) Jointly Administered • **RE: 9224, 9324**

**NOTICE OF PROPOSED SETTLEMENT AND TERMINATION OF DEBTORS' RETIREE BENEFITS PURSUANT TO 11 U.S.C. § 1114**

**PLEASE TAKE NOTICE** that the above-captioned Debtors, (the "Debtors" or "Nortel") have provided certain benefits including life insurance, medical coverage, and long-term care insurance to the Debtors' retired employees, their surviving spouses, domestic partners and eligible dependents. These benefits are offered under formal and informal benefit plans, agreements and programs, which are referred to as the "Retiree Welfare Plans" in this notice.

**PLEASE TAKE NOTICE** that in January 2009, Nortel filed for bankruptcy relief in the Bankruptcy Court of the District of Delaware. Since that time, Nortel has sold off its active businesses and terminated almost its entire workforce. In connection with its wind down, Nortel has sought to terminate the benefits that retirees have been receiving under the Retiree Welfare Plans ("Retiree Benefits"). A committee of retirees (the "Retiree Committee") was appointed in August 2011 to represent the interests of all of the Debtors' retired employees and negotiate on their behalf.

**PLEASE TAKE NOTICE** that after more than a year of negotiations between Nortel and the Retiree Committee including negotiations under the supervision of a Bankruptcy Court-appointed Mediator, the parties have reached a settlement agreement (the "Settlement Agreement") that would allow Nortel to terminate the Retiree Welfare Plans in exchange for making a payment that will be distributed among the Retirees in the manner determined by the Retiree Committee as set forth in the Settlement Agreement. For purposes of the Settlement Agreement, "Retirees" shall include the Debtors' retired employees, their surviving spouses, domestic partners and eligible dependents, and current employees of the Debtors (including, for the avoidance of doubt, LTD Employees) who may be eligible for benefits under the Retiree Welfare Plans. The Settlement Agreement is available at **www.kccllc.net/nortelretiree/**. Capitalized terms used in this notice that are not defined shall have the meaning given to them in the Settlement Agreement.

**PLEASE TAKE NOTICE** that on December 31, 2012, Nortel filed the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 Approving a Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9224] (the "Approval Motion"), asking the Court to approve the Settlement Agreement. On April 2, 2013, the Court will hold a hearing on the Approval Motion to decide whether the Settlement Agreement should be approved. If approved, the Settlement Agreement will authorize Nortel to terminate the Retiree Welfare Plans as of May 31, 2013, and to discontinue providing benefits thereunder and release Nortel and other third parties from liability related to the Retiree Welfare Plans and Retiree Benefits. If you are a Retiree or may be entitled to benefits under the Retiree Welfare Plans, your rights will be affected. You should read the Settlement Agreement in its entirety.

**PLEASE TAKE NOTICE** that any party wishing to object to the Settlement Agreement for any reason whatsoever, must file a written response or objection (an "Objection") if any, to the Approval Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before March 12, 2013 (the "Objection Deadline") that is served on the following parties so as to be received on or before March 12, 2013 (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, Attn: Lisa M. Schweitzer, Esq., One Liberty Plaza, New York, New York 10006, Facsimile: (212) 225-3999 and Morris, Nichols, Arsht & Tunnell LLP, Attn: Derek C. Abbott Esq., 1201 North Market Street, Wilmington, Delaware, 19801, Fax: (302) 658-3989, (ii) counsel to the Retiree Committee: Togut, Segal & Segal LLP, Attn: Albert Togut, Esq. and Neil Berger, Esq., One Penn Plaza, Suite 3335, New York, New York 10119, Facsimile: (212) 967-4258, (iii) counsel to the Unsecured Creditors Committee: Akin Gump Strauss Hauer & Feld LLP, Attn: Lisa Beckerman, Esq., One Bryant Park, New York, New York 10036, Facsimile: (212) 872-1002, (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy LLP, Attn: Thomas J. Matz, Esq., One Chase Manhattan Plaza, New York, New York 10005, Facsimile: (212) 822-5885 and (v) Office of the United States Trustee: Attn: Mark Kenney, Esq., 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Facsimile: (302) 573-6497.

**ANY PARTY WHO DOES NOT OBJECT TO THE SETTLEMENT AGREEMENT, THE RESOLUTION OF HIS OR HER CLAIM (INCLUDING THE RELEASE OF CLAIMS) BY MARCH 12, 2013 AND ANY PARTY WHO PROPERLY FILES AN OBJECTION THAT THE COURT OVERRULES, WILL BE BOUND TO THE SETTLEMENT AGREEMENT AND HIS OR HER CLAIM WILL BE VALUED AND TREATED AS DESCRIBED IN THE SETTLEMENT AGREEMENT. PARTIES WHO DO NOT PROPERLY OBJECT OR WHOSE OBJECTIONS ARE OVERRULED WILL NOT BE ABLE TO SEEK ANY ALTERNATIVE RECOVERY OR REMEDY AGAINST THE DEBTORS (AS DEFINED BELOW), THE RETIREE COMMITTEE, OR ANY OTHER PARTY RELEASED UNDER THE SETTLEMENT, OR THE SETTLEMENT AMOUNT PAID BY THE DEBTORS TO THE RETIREE COMMITTEE.**

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

CLEARY GOTTLIEB STEEN & HAMILTON LLP, James L. Bromley (admitted pro hac vice), Lisa M. Schweitzer (admitted pro hac vice), One Liberty Plaza, New York, New York 10006, Telephone: (212) 225-2000, Facsimile: (212) 225-3999 -and- MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Derek C. Abbott (No. 3376), Eric D. Schwartz (No. 3134), Ann C. Cordo (No. 4817), 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19801, Telephone: (302) 658-9200, Facsimile: (302) 658-3989, *Counsel for the Debtors and Debtors in Possession*

THE WALL STREET JOURNAL.

LEGAL NOTICES

ADVERTISE TODAY

(800) 366-3975

sales.legalnotices@wsj.com

Place an ad with the self-service tool at: wsj.com/classifieds

© 2013 Dow Jones & Company, Inc. All Rights Reserved.

# CREDIT MARKETS

WSJMarkets.com

## Bonds | WSJ.com/bonds

### Tracking Bond Benchmarks

Return on investment and spreads over Treasurys and/or yields paid to investors compared with 52-week highs and lows for different types of bonds

| Total return close | YTD total return (%) | Index | Latest | Low | High |
|---|---|---|---|---|---|
| 1731.06 | -0.7 | **Broad market** Barclays Aggregate | 1.900 | 1.560 | 2.350 |
| 2323.44 | -0.9 | **U.S. Corporate** Barclays Capital | 2.820 | 2.640 | 3.510 |
| 2276.40 | -0.3 | Intermediate | 2.140 | 1.990 | 2.900 |
| 2950.01 | -2.3 | Long term | 4.620 | 4.260 | 5.210 |
| 484.60 | -1.0 | Double-A-rated | 2.010 | 1.760 | 2.710 |
| 576.72 | -0.8 | Triple-B-rated | 3.330 | 3.160 | 4.120 |
| n.a. | n.a. | **High Yield Constrained** Merrill Lynch | n.a. | n.a. | n.a. |
| n.a. | n.a. | Triple-C-rated | n.a. | n.a. | n.a. |
| n.a. | n.a. | High Yield 100 | n.a. | n.a. | n.a. |
| n.a. | n.a. | Global High Yield Constrained | n.a. | n.a. | n.a. |
| n.a. | n.a. | Europe High Yield Constrained | n.a. | n.a. | n.a. |
| 1521.86 | -0.4 | **U.S Agency** Barclays | 0.940 | 0.770 | 1.120 |
| 1384.65 | -0.2 | 10-20 years | 0.740 | 0.600 | 0.910 |
| 2745.62 | -2.2 | 20-plus years | 3.140 | 2.670 | 3.620 |
| 1778.24 | -0.6 | **Mortgage-Backed** Barclays | 2.580 | 1.640 | 2.930 |
| 1776.57 | -0.7 | Ginnie Mae (GNMA) | 2.550 | 1.500 | 2.930 |
| 1034.67 | -0.6 | Fannie mae (FNMA) | 2.560 | 1.670 | 2.940 |
| 1589.98 | -0.4 | Freddie Mac (FHLMC) | 2.650 | 1.730 | 2.930 |
| n.a. | n.a. | **Muni Master** Merrill Lynch | n.a. | n.a. | n.a. |
| n.a. | n.a. | 7-12 year | n.a. | n.a. | n.a. |
| n.a. | n.a. | 12-22 year | n.a. | n.a. | n.a. |
| n.a. | n.a. | 22-plus year | n.a. | n.a. | n.a. |
| 2174.60 | -0.6 | **Yankee** Barclays | 2.140 | 2.000 | 2.730 |
| 473.78 | -0.6 | **Global Government** J.P. Morgan | 1.890 | 1.720 | 2.150 |
| 686.35 | -1.0 | Canada | 2.150 | 1.780 | 2.350 |
| 301.41 | -0.4 | EMU | 2.711 | 2.582 | 4.070 |
| 597.19 | -1.7 | France | 2.210 | 1.920 | 2.940 |
| 446.86 | -2.0 | Germany | 1.650 | 1.170 | 2.000 |
| 257.01 | 0.2 | Japan | 1.130 | 1.010 | 1.250 |
| 483.92 | -2.2 | Netherlands | 1.820 | 1.420 | 2.260 |
| 731.65 | -1.9 | U.K. | 2.630 | 2.190 | 2.850 |
| n.a. | n.a. | Emerging Markets ** | n.a. | n.a. | n.a. |

*Constrained indexes limit individual issuer concentrations to 2%; the High Yield 100 are the 100 largest bonds. In U.S. - dollar terms Euro-zone bonds
** EMBI Global Index. Sources: S&P Dow Jones Indices; Merrill Lynch; Barclays Capital; J.P.Morgan

### Syndicated-Loan Market/Global Borrowing via Syndicated Loans

Global volume, in trillions. Bars show borrowing via syndicated loans across global regions including: Americas (North and South America), Europe, Middle East and Africa as well as the Asia-Pacific region excluding Japan.

Prior year to date figures are through Jan, 2012. Source: Thomson Reuters LPC

### Global Government Bonds: Mapping Yields

Yields and spreads over or under U.S. Treasurys on benchmark two-year and 10-year government bonds in selected other countries; arrows indicate whether the yield rose(▲) or fell (▼) in the latest session

| Coupon (%) | Country/Maturity, in years | Yield (%) Latest | Previous | Month ago | Year ago | Spread under/over U.S. Treasurys, in basis points: Latest | Chg from prev | Year ago |
|---|---|---|---|---|---|---|---|---|
| 0.250 | **U.S.** 2 | 0.289 ▲ | 0.288 | 0.273 | 0.222 | | | |
| 2.000 | 10 | 1.996 ▲ | 1.975 | 1.739 | 1.894 | | | |
| 4.300 | **Austria*** 2 | 0.303 ▼ | 0.311 | 0.036 | 0.922 | 1.4 | -0.9 | 70.0 |
| 3.6[illegible] | 10 | 1.977 ▲ | 1.973 | 1.736 | 3.054 | -1.9 | -1.8 | 116.0 |
| [illegible] | **France** 2 | 0.355 ▲ | 0.343 | 0.059 | 0.755 | 6.6 | 1.1 | 53.2 |
| 3.250 | 10 | 2.266 ▼ | 2.267 | 1.856 | 3.031 | 27.0 | -2.2 | 113.7 |
| 0.250 | **Germany** 2 | 0.269 ▼ | 0.293 | -0.012 | 0.201 | -2.0 | -2.5 | -2.2 |
| [illegible] | 10 | 1.689 ▼ | 1.695 | 1.305 | 1.862 | -30.7 | -2.7 | -3.1 |
| n.a. | **Greece** 2 | n.a. | | | | | | |
| n.a. | 10 | n.a. | | | | | | |
| 3.0[illegible] | **Italy** 2 | 1.499 ▼ | 1.533 | 1.933 | 3.458 | 121.0 | -3.5 | 323.6 |
| 5.0[illegible] | 10 | 4.123 ▼ | 4.158 | 4.464 | 5.793 | 212.7 | -5.6 | 389.9 |
| 6.750 | **Spain** 2 | 2.433 ▼ | 2.482 | 2.730 | 2.247 | 214.4 | -5.0 | 202.5 |
| 3.500 | 10 | 4.927 ▼ | 4.994 | 5.229 | 4.675 | 293.1 | -8.8 | 278.1 |
| 2.250 | **U.K.** 2 | 0.366 ▼ | 0.377 | 0.321 | 0.386 | 7.7 | -1.2 | 16.3 |
| 4.000 | 10 | 2.085 ▼ | 2.103 | 1.813 | 2.063 | 8.9 | -3.9 | 16.9 |

Source: Tullett Prebon, except * marked countries from ICAP plc

### Corporate Debt

Price moves by a company's debt in the credit markets sometimes mirror and sometimes anticipate movesin that same company's share price. Here's a look at both for two companies in the news.

**Investment-Grade**

**Valero Energy:** 6.625% notes due Jun. 15, 2037, yielding [illegible]35%

Fourth-quarter earnings surged amid lower crude-oil costs.

Share price / Bond price (60%, 30, 0, -30, -60; Nov., Dec., Jan.)

**High Yield (junk-rated)**

**D.R. Horton:** 6.5% notes due Apr. 15, 2016, yielding 2.460%

The home builder reported fourth-quarter earnings and revenue that topped forecasts.

Bond price / Share price (40%, 20, 0, -20, -40; Nov., Dec., Jan.)

**Investment-grade spreads that tightened the most...**

| Issuer | Symbol | Coupon (%) | Maturity | Spread*, in basis points: Current | One-day change | Last week | Stock performance: Close ($) | % chg |
|---|---|---|---|---|---|---|---|---|
| Dell | DELL | 4.625 | April 1, '21 | 293 | –24 | 366 | 13.25 | 1.59 |
| Target | TGT | 6.650 | [illegible] | 210 | –17 | n.a. | 61.34 | 0.34 |
| Merrill Lynch | BAC | 6.050 | May 16, '16 | 200 | –16 | 215 | ... | ... |
| Hewlett-Packard | HPQ | 4.650 | [illegible] | 239 | –16 | 266 | 16.48 | –3.17 |
| Coventry Health Care | CVH | 5.950 | March 15, [illegible] | 100 | –15 | 114 | 46.35 | 0.28 |
| Teck Resources | TCKBCN | 5.400 | Feb. [illegible], '43 | 202 | –15 | 204 | ... | ... |
| Procter & Gamble | PG | 4.700 | Feb. 15, [illegible] | [illegible] | –14 | 77 | 75.00 | 1.67 |
| Goldman Sachs | GS | 2.375 | Jan. 22, '18 | [illegible] | –12 | 158 | 147.10 | 2.05 |

**...And spreads that widened the most**

| Issuer | Symbol | Coupon (%) | Maturity | Spread*, in basis points: Current | One-day change | Last week | Stock performance: Close ($) | % chg |
|---|---|---|---|---|---|---|---|---|
| Hess | HES | 6.000 | Jan. 15, '40 | [illegible] | 44 | n.a. | 68.11 | 9.01 |
| Aegon | AEGON | 4.625 | Dec. 1, '15 | 108 | 28 | 100 | ... | ... |
| Regions Financial | RF | 5.750 | June 15, '15 | [illegible] | 28 | 163 | 7.71 | ... |
| RBS Capital Trust II | RBS | 6.425 | Jan. 3, '34 | 423 | 27 | n.a. | ... | ... |
| Nabors Industries | NBR | 5.000 | Sept. 15, '20 | 228 | 22 | 152 | 16.70 | 0.97 |
| Berkshire Hathaway Finance | BRK | 3.000 | May 15, '22 | 95 | 18 | 81 | ... | ... |
| Devon Energy | DVN | 4.750 | May 15, '42 | 162 | 17 | 136 | 56.96 | 4.40 |
| Macys Retail Holdings | M | 2.875 | Feb. 15, '23 | 159 | 17 | 143 | ... | ... |

**High-yield issues with the biggest price increases...**

| Issuer | Symbol | Coupon (%) | Maturity | Bond price as % of face value: Current | One-day change | Last week | Stock performance: Close ($) | % chg |
|---|---|---|---|---|---|---|---|---|
| Ambac Financial | ABK | 9.500 | Feb. 15, '21 | 47.500 | 1.50 | 42.750 | ... | ... |
| Caesars Entertainment Operating | CZR | 10.750 | Feb. 1, '16 | 90.000 | 1.00 | n.a. | ... | ... |
| International Lease Finance | AIG | 8.250 | Dec. 15, '20 | 124.250 | 0.75 | 120.750 | ... | ... |
| Kindred Healthcare | KND | 8.250 | June 1, '19 | 99.250 | 0.75 | [illegible]8.313 | 10.80 | –0.55 |
| Texas Industries | TXI | 9.250 | Aug. 15, '20 | 110.750 | 0.75 | n.a. | 58.54 | 1.76 |
| JC Penney | JCP | 5.650 | June 1, '20 | 84.225 | 0.73 | 84.000 | 21.01 | 9.31 |
| Arcelormittal | MTNA | 3.750 | March 1, '16 | 102.875 | 0.63 | 102.750 | ... | ... |
| CenturyLink | CTL | 6.450 | June 15, '21 | 109.398 | 0.61 | [illegible] | 40.73 | 1.17 |

**...And with the biggest price decreases**

| Issuer | Symbol | Coupon (%) | Maturity | Bond price as % of face value: Current | One-day change | Last week | Stock performance: Close ($) | % chg |
|---|---|---|---|---|---|---|---|---|
| Ameren Energy Generating | AEE | 7.950 | June 1, '32 | 58.500 | –4.50 | [illegible] | ... | ... |
| Lyondellbasell Industries | LYB | 5.000 | April 15, '19 | 107.375 | –4.00 | 111.130 | [illegible] | 3.30 |
| CenturyLink | CTL | 7.600 | Sept. 15, '39 | 102.338 | –3.13 | [illegible] | [illegible] | 1.17 |
| Supervalu | SVU | 8.000 | May 1, '16 | 99.750 | –2.88 | 99.650 | [illegible] | 6.25 |
| United States Steel | X | 6.050 | June 1, '17 | 105.000 | –2.50 | n.a. | [illegible] | –2.19 |
| Genworth Financial | GNW | 6.150 | Nov. 15, '16 | 86.500 | –2.25 | 87.750 | 9.20 | –0.54 |
| Chesapeake Energy | CHK | 6.625 | Aug. 15, '20 | 107.250 | –1.75 | 108.280 | [illegible] | 0.21 |
| Calumet Specialty Products Partners | CLMT | 9.375 | May 1, '19 | 110.250 | –1.70 | n.a. | [illegible] | [illegible] |

*Estimated spread over 2-year, 3-year, 5-year, 10-year or 30-year hot-run Treasury; 100 basis points=one percentage pt.; change in spread shown is for Z-spread. Note: Data are for the most active issue of bonds with maturities of two years or more

Sources: MarketAxess Corporate BondTicker; WSJ Market Data Group

