# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
       Debtors. : Jointly Administered
:
------------------------------------------------------------------X  **Objection Due: March 18, 2013**
       **at 4:00 p.m. (E.T.)**

**FORTY-SEVENTH INTERIM APPLICATION OF CROWELL & MORING LLP
AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FOR THE PERIOD NOVEMBER 1, 2012 THROUGH JANUARY 31, 2013</u>**

| | |
|---|---|
| Name of Applicant: | Crowell & Moring LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 13, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to January 14, 2008 |
| Period for which Compensation and reimbursement is sought: | November 1, 2012 Through January 31, 2013 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 4,244.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $ 0.00 |
| This is an **x** interim | ___ final application |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 1.2 hours and the corresponding compensation requested is approximately $350.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
| --- | --- | --- | --- |
| June 17, 2009 | 1/14/09 through 1/31/09 | $52,701.95/$10.35 | $30,008.45/$10.35 |
| June 17, 2009 | 2/1/09 through 2/28/09 | $58,523.65/$85.89 | $46,221.65/$36.97 |
| June 17, 2009 | 3/1/09 through 3/31/09 | $32,648.90/$0.00 | $23,435.40/$0.00 |
| June 17, 2009 | 4/1/09 through 4/30/09 | $20,543.95/$0.60 | $18,502.95/$0.60 |
| August 31, 2009 | 5/1/09 through 5/31/09 | $7,900.55/$63.21 | $7,900.55/$63.21 |
| August 31, 2009 | 6/1/09 through 6/30/09 | $18,557.15/$6.00 | $18,557.15/$6.00 |
| August 31, 2009 | 7/1/09 through 7/31/09 | $11,208.20/$33.60 | $11,208.20/$33.60 |
| November 19, 2009 | 8/1/09 through 8/31/09 | $33,079.05/$73.62 | $33,079.05/$73.62 |
| November 19, 2009 | 9/1/09 through 9/30/09 | $13,273.60/$48.46 | $13,273.60/$48.46 |
| November 19, 2009 | 10/1/09 through 10/31/09 | $8,361.10/$0.00 | $8,361.10/$0.00 |
| February 19, 2010 | 11/1/09 through 11/30/09 | $14,284.10/$78.01 | $14,284.10/$78.01 |
| February 19, 2010 | 12/1/09 through 12/31/09 | $20,002.00/$46.98 | $20,002.00/$46.98 |
| February 19, 2010 | 1/1/10 through 1/31/10 | $15,180.15/$19.11 | $15,180.15/$19.11 |
| June 1, 2010 | 2/1/10 through 2/28/10 | $13,492.35/$44.61 | $13,492.35/$44.61 |
| June 1, 2010 | 3/1/10 through 3/30/10 | $6,201.50/$8.97 | $6,201.50/$8.97 |
| June 1, 2010 | 4/1/10 through 4/30/10 | $3,009.25/$4.80 | $3,009.25/$4.80 |
| September 10, 2010 | 5/1/10 through 5/31/10 | $12,012.65/$84.98 | $12,012.65/$84.98 |
| September 10, 2010 | 6/1/10 through 6/30/10 | $40,346.60/$38.97 | $40,346.60/$38.97 |
| September 10, 2010 | 7/1/10 through 7/31/10 | $15,821.00/$12.64 | $15,821.00/$12.64 |
| November 19, 2010 | 8/1/10 through 8/31/10 | $79,309.70/$1,024.47 | $79,309.70/$1,024.47 |
| November 19, 2010 | 9/1/10 through 9/30/10 | $8,455.95/$12.67 | $8,455.95/$12.67 |
| November 19, 2010 | 10/1/10 through 10/31/10 | $16,286.95/$486.65 | $16,286.95/$486.65 |
| February 25, 2011 | 11/1/10 through 11/30/10 | $7,479.50/$22.24 | $7,479.50/$22.24 |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

| | | | |
|---|---|---|---|
| February 25, 2011 | 12/1/10 through 12/31/10 | $17,095.50/$46.22 | $17,095.50/$46.22 |
| February 25, 2011 | 1/1/11 through 1/31/11 | $10,784.50/$0.00 | $10,784.50/$0.00 |
| May 20, 2011 | 2/1/11 through 2/28/11 | $29,939.30/$0.00 | $29,939.30/$0.00 |
| May 20, 2011 | 3/1/11 through 3/31/11 | $22,783.50/$0.00 | $22,783.50/$0.00 |
| May 20, 2011 | 4/11/11 through 4/30/11 | $5,268.00/$24.16 | $5,268.00/$24.16 |
| August 26, 2011 | 5/1/11 through 5/31/11 | $19,957.00/$66.25 | $19,957.00/$66.25 |
| August 26, 2011 | 6/1/11 through 6/30/11 | $24,416.50/$74.95 | $24,416.50/$74.95 |
| August 26, 2011 | 7/1/11 through 7/31/11 | $23,348.10/$9.68 | $23,348.10/$9.68 |
| November 17, 2011 | 8/1/11 through 8/31/11 | $28,490.20/$11.29 | $28,490.20/$11.29 |
| November 17, 2011 | 9/1/11 through 9/30/11 | $6,516.90/$25.10 | $6,516.90/$25.10 |
| November 17, 2011 | 10/1/11 through 10/31/11 | $2,527.50/$1.52 | $2,527.50/$1.52 |
| February 29, 2012 | 11/1/11 through 11/30/11 | $10,233.50/$0.00 | $10,233.50/$0.00 |
| February 29, 2012 | 12/1/11 through 12/31/11 | $1,925.00/$17.67 | $1,925.00/$17.67 |
| February 29, 2012 | 01/1/12 through 01/31/12 | $1,588.85/$0.00 | $1,588.85/$0.00 |
| May 22, 2012 | 02/01/12 through 02/29/12 | $52,584.50/$1,454.46 | $52,584.50/$1,454.46 |
| May 22, 2012 | 03/01/12 through 03/31/12 | $16,630.50/$37.47 | $16,380.50/$37.47 |
| May 22, 2012 | 04/01/12 through 04/30/12 | $31,309.50/$96.10 | $31,309.50/$96.10 |
| August 22, 2012 | 05/01/12 through 05/31/12 | $5,967.50/$0.00 | $5,967.50/$0.00 |
| August 22, 2012 | 06/01/12 through 06/30/12 | $1,201.50/$0.00 | $1,201.50/$0.00 |
| August 22, 2012 | 07/01/12 through 07/31/12 | $1,638.00/$0.00 | $1,638.00/$0.00 |
| November 20, 2012 | 08/01/12 through 08/31/12 | $1,868.50/$0.00 | $1,868.50/$0.00 |
| November 20, 2012 | 09/01/12 through 09/30/12 | $905.00/$0.00 | $905.00/$0.00 |
| November 20, 2012 | 10/01/12 through 10/31/12 | $6,880.00/$0.00 | $6,880.00/$0.00 |
| February 25, 2013 | 11/01/12 through 01/31/13 | $4,244.50/$0.00 | Pending |

**COMPENSATION BY PROFESSIONAL**

Nortel Networks Inc., et al.
(Case No. 09-10138 (KG))

November 1, 2012 Through January 31, 2013

| Name of Professional Person | Position of the Applicant and Area of Expertise | Total Billed Hours | Hourly Billing Rate (including changes) | Total Compensation |
|---|---|---|---|---|
| Matthew Cheney | Partner | 0.40 | $625.00 | $250.00 |
| Beth Kramer | Partner | 2.40 | $660.00 | $1,584.00 |
| Beth Kramer | Partner | 0.20 | $690.00 | $138.00 |
| Theresa Lopez | Counsel | 1.40 | $615.00 | $861.00 |
| Monica Welt | Counsel | 1.60 | $615.00 | $984.00 |
| Olegario Perales | Specialist | 1.90 | $225.00 | $427.50 |
| **TOTAL** | | **7.90** | | **$4,244.50** |

**COMPENSATION BY PROJECT CATEGORY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

November 1, 2012 Through January 31, 2013

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---:|---:|
| Fee/Employment Application - US | 2.30 | $677.50 |
| Wanland | 5.60 | $3,567.00 |
| **TOTAL** | **7.90** | **$4,244.50** |

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

November 1, 2012 Through January 31, 2013

| Expense Category | Service Provider if Applicable | Total Expenses |
|---|---|---|
| **TOTAL** | | **$0.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*  :  Chapter 11
:
Nortel Networks Inc., *et al.*,[1]  :  Case No. 09-10138 (KG)
:
Debtors.  :  Jointly Administered
:
---------------------------------------------------------------X  Objection Due:  March 18, 2013
at 4:00 p.m. (E.T.)

**FORTY-SEVENTH INTERIM APPLICATION OF CROWELL & MORING LLP
AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD NOVEMBER 1, 2012 THROUGH JANUARY 31, 2013**

Crowell & Moring LLP, Special Counsel for Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Crowell & Moring LLP to the Debtors for the period November 1, 2012 through January 31, 2013 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Crowell & Moring LLP during the Application Period under §§ 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order").[2] In support of this Application, Crowell & Moring LLP represents as follows:

## JURISDICTION

1.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.   On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.   On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## CROWELL & MORING LLP'S RETENTION

4.   Prior to the Petition Date, the Debtors engaged Crowell & Moring LLP as Counsel in connection with a variety of matters unrelated to these bankruptcy cases. On March 4, 2009, this Court entered the Order Pursuant to 11 U.S.C. Section 327(e) Authorizing the

---

[2]   Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

Retention and Employment of Crowell & Moring LLP as Special Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 426).

## FEE PROCEDURES ORDER

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

7. Crowell & Moring LLP submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Special Counsel for the Debtors in these cases for the period from November 1, 2012 through January 31, 2013, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, Crowell & Moring LLP incurred fees in the amount of $4,244.50. For the same period, Crowell & Moring LLP incurred actual, reasonable and necessary expenses totaling $0.00. With respect to these amounts, as of the date of this Application, Crowell & Moring LLP has received no payments.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. During the Application Period, Crowell & Moring LLP provided extensive services on a variety of matters at the request of the Debtors. Crowell & Moring LLP's matters are broken down by project category in the accompanying billing statements (see Exhibits A and B), which contain details relating to the various services the firm provided to the Debtors.

11. Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

12. Exhibit B attached hereto contains a breakdown of disbursements incurred by Crowell & Moring LLP during the Application Period.

13. Crowell & Moring LLP charges $.10 per page for photocopying and $.05 per page for in-house network printing.

14. Crowell & Moring LLP charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

15. In accordance with Local Rule 2016-2, Crowell & Moring LLP has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

16. Crowell & Moring LLP has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Crowell & Moring LLP so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Crowell & Moring LLP has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP and the other professionals involved in these cases so as to minimize any

duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

17. No agreement or understanding exists between Crowell & Moring LLP and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

18. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

WHEREFORE, Crowell & Moring LLP respectfully requests that this Court: (a) allow Crowell & Moring LLP (i) interim compensation in the amount of $4,244.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period November 1, 2012 through January 31, 2013, and (ii) interim reimbursement in the amount of $0.00 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Crowell & Moring LLP the amount of $3,395.60 which is equal to the sum of 80% of Crowell & Moring LLP's allowed interim compensation and 100% of Crowell & Moring LLP's allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: February 25, 2013
Washington, D.C.

CROWELL & MORING LLP

　　　　  /s/ Matthew W. Cheney　　　　
James J. Regan (D.C. Bar No. 967398)
Matthew W. Cheney (MD Fed. Bar No. 25299)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 508-8749
Facsimile:  (202) 628-5116

*Special Counsel for the Debtors*
*and Debtors-in-Possession*