IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS, INC., *et al.,* | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | **Hearing Date: 3/5/13 at 10:00 a.m.** |
| | : | **Objection Deadline: 2/26/13 at 4:00 p.m.** |
| | **:** | **Extended by Agreement to 2/27/13 at 4:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER MODIFYING THE APPLICATION
OF LOCAL RULES 2014-1(c) AND 2016-2(f) (D.I. 9415)**

In support of her Objection to the Debtors' Motion for Entry of an Order Modifying the Application of Local Rules 2014-1(c) and 2016-2(f), (the "Motion"), Roberta A. DeAngelis, United States Trustee for Region 3 ("U.S. Trustee"), by her undersigned counsel, avers as follows:

    1.    This Court has jurisdiction to hear this Objection.

    2.    Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. The U.S. Trustee's duties specifically include reviewing and commenting on applications to employ professionals under Section 327 of the Bankruptcy Code and applications for compensation and reimbursement of expenses under Section 330 of the Bankruptcy Code. These duties are part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. In furtherance of her case supervisory responsibilities, as well as pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise and be heard on this Objection.

**The Motion**

4. The Debtors filed these jointly administered cases on January 14, 2009.

5. The U.S. Trustee appointed an official committee of unsecured creditors ("Creditors' Committee") on January 26, 2009.

6. A bankruptcy debtor or official committee may seek court authorization to retain professionals under 11 U.S.C. §§ 327 and 1103. Such bankruptcy professionals file retention applications with disclosures as set forth in FED.R.BANKR.P. 2014. Professionals who are properly retained may then seek allowance of compensation from the estate for their services under 11 U.S.C. §§ 330 and 331, based on fee applications filed under FED.R.BANKR.P. 2016. To the extent that certain professionals' services do not fall within the parameters of those provisions – for example, certain expert witnesses – separate requirements may be imposed as a condition of employing and compensating them.

7. On February 1, 2013, the United Stated Bankruptcy Court for the District of Delaware released a revised version of the Local Rules, which includes new Local Rules 2014-1(c) and 2016-2(f). New Local Rule 2014-1(c) provides:

> Professional Disclosure. Any professional person whose employment is sought pursuant to this Local Rule must disclose its employment, or intended employment, of another professional for whom reimbursement will be requested under Local Rule 2016-2(f); provided, however, if such disclosure would require the disclosure of privileged information or information which may reveal confidential litigation strategy, such disclosure may be excused by the Court. Even if disclosure is excused, however, the professional will still be required to comply with the requirements of Local Rule 2016-1(f) [sic] in order to be reimbursed for any payment made by it to the other professional.

Local Rule 2014-1(c). New Local Rule 2016-2(f) provides:

>   Reimbursement of Payments Made to Other Professionals. If any entity subject to this Local Rule seeks reimbursement for any payment it made to another professional, such entity must provide, with respect to the services rendered or expenses incurred by such other professional, the information required by paragraphs (c), (d), and (e) hereof, unless a waiver is obtained under paragraph (h) hereof.

Local Rule 2016-2(f).

8.     On February 12, 2013, the Debtors filed the instant Motion, seeking to modify application of the disclosure requirements of Local Rules 2014-1(c) and 2016-2(f).

9.     The Debtors state in the Motion that the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Retirees and the Official Committee of Long Terms Disability Participants have employed more than 29 Bankruptcy Court-approved professionals in these cases (the "Professionals").[1]

10.    The Debtors state that in connection with various significant litigations ongoing in these cases, one or more of the Professionals have employed or will need to employ another professional (each a "Retained Professional"), at least initially on a confidential basis, for whom the employing Professional (each a "Retaining Professional") will need to request reimbursement through their own fee applications.

11.    The Debtors assert that modification of the disclosure and information requirements of Local Rules 2014-1(c) and 2016-2(f) is necessary to ensure that privileged information and confidential litigation strategy is not disclosed through the fee application process. Accordingly, they request two significant modifications:

>   (a)    First, they seek waiver of the disclosure requirements of Local Rule 2014-1(c) as to all Retaining Professionals who engage a Retained Professional "through such time that the public disclosure of the Retained Professional would no longer implicate

---

[1] The U.S. Trustee notes that this figure does not include professionals employed in the Canadian Proceedings or the English Proceedings, as defined in the Motion.

privileged information or confidential litigation strategy," provided that invoices for such Retained Professionals would be provided to the U.S. Trustee on a confidential basis upon request.

  (b)  Second, they seek a waiver of the requirement in Local Rule 2016-2(f) that if a Retaining Professional seeks reimbursement for any payment made to a Retained Professional, the Retaining Professional must provide the information required in paragraphs (c), (d), and (e) of Local Rule 2016-2 with respect to the services rendered or expenses incurred by the Retained Professional.

12.  The information required in paragraphs (c), (d), and (e) of Local Rule 2016-2 is the same information required of any professional seeking compensation for services rendered and reimbursement of expenses incurred.

13.  Local Rule 2016-2(h) provides that a professional may request that the Court waive, for cause, certain information requirements of Local Rule 2016-2.  Historically, waivers of any of the requirements of Local Rule 2016-2 have granted narrow relief, such as

  (a)  allowing professionals whose compensation is based on flat monthly fees or transaction fees to provide summary descriptions of services rendered and to report the number of hours expended on such services in hourly increments; and

  (b)  allowing certain professionals who do not traditionally record their professional time in tenth-of-an-hour increments to record such time in increments of one-quarter or one-half of an hour.

14.  The U.S. Trustee believes that the 2013 amendments to Local Rules 2014-1 and 2016-2 were not intended by the United States Bankruptcy Court for the District of Delaware to excuse compliance with any of the requirements of Bankruptcy Code Sections 327(a), 327(e),

1103(c), 328 or 330, or to waive any requirements of FED.R. BANKR.P. 2014 or 2016. The U.S. Trustee believes that the employment of a professional person other than pursuant to Bankruptcy Code Sections 327 and 1103 is typically limited to professionals employed in the ordinary course of a debtor's business (who are employed by the debtor rather than by a Retaining Professional, whose services are not central to administration of the bankruptcy case, and whose employment is disclosed and supported by an affidavit of disinterestedness) and experts who may be consulting with the Retaining Professional but have not yet been designated as testifying expert. witnesses.

15. Similarly, the U.S. Trustee believes that the 2013 amendments to Local Rules 2014-1 and 2016-2 were not intended to authorize blanket exemptions from disclosure under Local Rule 2014-1 or blanket waivers of the information requirements of Local Rule 2016-2, as such exemptions and waivers diminish the transparency and accountability for professional fees and expenses required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules. Such exemptions and waivers also impair the Court's ability to perform its independent duty to review fee applications even in the absence of objections by parties in interest. *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 841-42 (3d Cir. 1994).

16. Moreover, given the narrow circumstances for waiver of disclosure provided in Local Rule 2014-1(c) (if disclosure of the engagement of a Retained Professional would require disclosure of privileged information or may reveal confidential litigations strategy), and given the "for cause" proviso in Local Rule 2016-2(h), it is respectfully submitted that the 2013 amendments to Local Rules 2014-1 and 2016-2 mandate that any relief from the disclosure and information requirements be considered only on a Retained Professional-by-Retained Professional basis following an assessment of the facts and circumstances underlying the

engagement of each particular Retained Professional and the need for confidentiality of that Retained Professional's activity descriptions in fee applications.

17. It may not be the intent of the Motion to avoid the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure governing the employment of professional persons, or to diminish the transparency of and accountability for professional fees and expenses provided for in the Code and Rules. Nonetheless, the blanket exemption from disclosure and waiver of information requirements requested in the Motion creates a risk that the proposed waiver could be used as a means of employing and compensating professionals whose employment is subject to Code Sections 327 or 1103.

18. The U.S. Trustee objects to any request for blanket waiver of compliance with the disclosure requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules if the effect of such a waiver is to enable a Retained Professional to avoid compliance with Bankruptcy Code Sections 327, 328, 330, or 1103, or to avoid compliance with Bankruptcy Rules 2014 or 2016.

19. The actual intent of the Motion may be to seek narrower relief, specifically, the ability to defer or delay disclosure of the identity of Retained Professionals and to limit disclosure of their specific professional activities *only* where such disclosure would reveal privileged information or confidential litigation strategy. Nonetheless, the blanket waiver requested risks having exceptions to Local Rules nullify not only the underlying rules which provide for limited waivers, but also Bankruptcy Code Sections 327, 328, 330 and 1103, as well as FED.R. BANKR.P. 2014 AND 2016.

20. The U.S. Trustee respectfully submits that the engagement of a Retained Professional pursuant to Local Rule 2014-1(c) should be permitted only if the proposed Retained

Professional is a person whose engagement does not require Court-approved employment pursuant to Bankruptcy Code Sections 327 or 1103. Moreover, the application of Local Rule 2014-1(c) must be expressly limited to situations in which public disclosure of the engagement would risk disclosure of privileged information or confidential litigation strategy. In the event of such an engagement, the Retaining Professional should be required to file under seal with the Court a certification setting forth those facts and circumstances which support the requested waiver of disclosure. Parties in interest should have an opportunity to object to the waiver of disclosure with respect to any particular Retained Professional.

21. In addition, disclosure of the identity of any Retained Professional should not be excused, but instead only deferred, for example, until the Retained Professional is identified as a consultant, testifying expert or non-testifying expert. There must be a time in the case by which the identity of *every* Retained Professional has been disclosed, and such disclosure must be made before final compensation for that Retained Professional is considered.

22. With respect to compensation, all Retained Professionals must maintain contemporaneous time and expense records that will enable compliance with Local Rule 2016-2(c) through (e), and such time records must be filed (under seal if necessary) with the Retaining Professional's periodic fee applications seeking recovery of the Retained Professional's fees and expenses as an expense of the Retaining Professional. Conscientious attention must be paid to activity descriptions to avoid disclosure of privileged information or confidential litigation strategy in order to eliminate or minimize the need for redaction, with the understanding and intent that the activity descriptions will be included as part of an unsealed final application.

23. A final fee application must be filed by or on behalf of each Retained Professional, whether separately or as a distinct component of a fee application filed by the

Retaining Professional, and all fees and expenses of the Retained Professional must be subject to disgorgement until finally approved.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion absent the safeguards described above, and grant such other relief as is appropriate.

Respectfully submitted,

ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE

Dated: February 27, 2013   BY:  /s/ Mark S. Kenney
                                                Mark S. Kenney
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)