# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Nortel Networks Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-10138 (KG) <br><br> Jointly Administered <br><br> Hearing date: March 5, 2013 at 10:00 a.m. (ET) <br> Objections due: February 21, 2013 at 4:00 p.m. (ET) <br> RE: D.I.s 9373, 9483 |

**DEBTORS' REPLY TO THE RESPONSE OF RANDAL SCOTT CLAY TO THE DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO-BASIS CLAIMS, MODIFY AND ALLOW CLAIMS, RECLASSIFY AND ALLOW CLAIMS, WRONG DEBTOR CLAIMS, REDUNDANT CLAIMS, AMENDED OR SUPERSEDED CLAIMS, NO-BASIS 503(B)(9) CLAIMS AND NO-BASIS PENSION CLAIMS)**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this Reply (the "Reply"), to the response (the "Response") filed by Randal Scott Clay ("Mr. Clay") [D.I. 9483] to the Debtors' *Twenty-Ninth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No-Basis Claims, Modify And Allow Claims, Reclassify And Allow Claims, Wrong Debtor Claims, Redundant Claims, Amended Or Superseded Claims, No-Basis 503(B)(9) Claims And No-Basis Pension Claims)* [D.I. 9373] (the

---

[1] The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the U.S. Debtors and their petitions are available at http://dm.epiq11.com/nortel.

1

"Twenty-Ninth Omnibus Objection"). In support of this Reply, the Debtors rely on the Declaration of Deborah Parker (the "Parker Declaration") attached hereto as Exhibit A.

**Reply**

1.     Mr. Clay filed claim number 7479 against Nortel Networks (CALA) Inc. for termination benefits in the amount of $54,992.00, which claim the Debtors have sought to disallow in its entirety pursuant to the Twenty-Ninth Omnibus Objection.[2] The Debtors objected to Mr. Clay's claim because he was not employed by a Debtor at the time of his termination. Rather, he was employed by Avaya Government Solutions ("AGS", formerly known as Nortel Government Solutions Incorporated, "NGS"). NGS, a former subsidiary of NNI, was never a debtor in these chapter 11 proceedings and was sold to Avaya Inc. ("Avaya") as part of the Court –approved sale of Nortel's Enterprise business unit (such sale, the "Enterprise Sale"). When NGS was sold to Avaya, Mr. Clay became an employee of AGS. Because Mr. Clay was employed by AGS when he was terminated in 2010, the question of whether he is entitled to any severance award is an issue between Mr. Clay and AGS, not an issue between Mr. Clay and any Debtor.

2.     Mr. Clay joined NNI on January 23, 1995. On July 27, 2008, Mr. Clay left NNI to work for its subsidiary, NGS. As part of the sale of the Enterprise business approved by this Court in an order dated September 16, 2009, [D.I. 1514] the equity of NGS was sold to Avaya and any liabilities of NGS transferred along with the company itself. Such liabilities would include any liability of NGS to its employees, like Mr. Clay, for termination benefits. According

---

[2] Mr. Clay's proof of claim is attached hereto as Exhibit B.

to Mr. Clay's proof of claim, he was terminated by AGS effective as of February 26, 2010, subsequent to the December 18, 2009 closing of the Enterprise Sale.[3]

3. Under the Nortel Networks Severance Allowance Plan (the "Severance Plan"), as more fully described and subject to the conditions contained therein, NNI and certain of its subsidiary Debtors that have adopted the Severance Plan agreed to pay termination benefits upon certain qualified termination events, e.g., upon certain workforce reductions. Under the Severance Plan, severance awards are the obligation of the relevant employer—they are not an obligation of NNI or the other Debtors who have adopted the Severance Plan generally. Specifically, Section 3.7 of the Severance Plan provides that "[t]his Plan is an unfunded plan and all severance allowances and other benefits payable under this Plan and all administrative expenses shall be paid from the general assets of the applicable Employer." See Severance Plan § 3.7.[4]

4. As described above, Mr. Clay was terminated by AGS following the closing of the Enterprise Sale. The Debtors are not aware of what severance benefits, if any, AGS offers to its employees. Any such severance award is an issue between Mr. Clay and AGS, not between Mr. Clay and any of the Debtors. Moreover, even prior to the Enterprise sale, Mr. Clay was employed by NGS, a non-debtor subsidiary. Even if Mr. Clay were to assert that AGS or NGS owed him some benefits under the Severance Plan, any such awards would be payable solely by the relevant employee's employer—here AGS and before that NGS—neither of which entities is a Debtor in these chapter 11 proceedings. Mr. Clay does not assert a claim for termination benefits based on his 2008 separation of employment from NNI, nor could he under NNI's

---

[3] See Parker Declaration Exhibit 1, which are pages from Mr. Clay's NNI personnel file; See also the termination letter given to Mr. Clay by AGS, a copy of which is attached hereto as Exhibit C, which letter was provided to the Debtors by Mr. Clay.

[4] The Severance Plan is attached to the Parker Declaration as Exhibit 2.

3

Severance Plan because he accepted a position with NGS, an Affiliate (as defined in the Severance Plan) of NNI and such subsequent employment by an Affiliate precludes a claim for severance with respect to separation from NNI.  <u>See</u> Severance Plan § 2.2.  Accordingly, Mr. Clay does not hold a claim for termination benefits against any of the Debtors, and his proof of claim for such benefits should be disallowed.

## **Conclusion**

For the reasons set forth above, the Debtors respectfully request that the Court overrule the Response, enter the proposed order approving the Twenty-Ninth Omnibus Objection and grant such other relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: February 28, 2013<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Tamara K. Minott*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Tamara K. Minott (No. 5643)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

5