**Exhibit B – Claim 7479 Filed by Mr. Clay**

| United States Bankruptcy Court for the District of Delaware | | PROOF OF CLAIM |
|---|---|---|
| Nortel Networks Inc. Claims Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5075 New York, NY 10150-5075 | | Nortel Networks (CALA) Inc. |
| In Re: Nortel Networks Inc. et al. Debtors. | Chapter 11 Case No. 09-10138 (KG) Jointly Administered | Filed: USBC - District of Delaware Nortel Networks Inc., Et Al. 09-10138 (KG) 0000007479 |
| Name of Debtor Against Which Claim is Held Nortel Networks (CALA) Inc. | Case No. of Debtor 09-12515 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

NNI (CREDITOR.DBF,CREDNUM)CREDNUM # 1000075094******
RANDAL CLAY
436 FOX TRAIL
ALLEN TX 75002

Telephone number: 972-678-1035  Email address: yclettocs@yahoo.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(if known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:  Email address:

1. **Amount of Claim as of Date Case Filed:** $ 54,992

    If all or part of your claim is secured, complete Item 4 below, however, if all of your claim is unsecured, do not complete item 4.
    If all or part of your claim is entitled to priority, complete Item 5.
    ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. **Basis for Claim:** Services Performed (Severance)
    (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** GID 0247044
    **3a. Debtor may have scheduled account as:** SS XXX-XX-7510
    (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

    Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
    Describe:_____

    Value of Property: $_____ Annual Interest Rate ___%
    Amount of arrearage and other charges as of time case filed included in secured claim, if any:
    $_____ Basis for perfection:_____
    Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

    Specify the priority of the claim:

    ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
    ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
    ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
    ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
    ☐ Taxes or penalties owed to governmental units - 11 U.S.C§ 507(a)(8).
    ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

    Amount entitled to priority:
    $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
OCT 29 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 10/25/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Randal Scott Clay  *Randal Scott Clay* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

10/25/10

United States Bankruptcy Court
Nortel Networks Inc. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station P.O. Box 5075
New York, NY 10150-5075

Randal Scott Clay
436 Fox Trail
Allen TX 75002

Epiq Bankruptcy Solutions:

In regards to Chapter 11 Case No. 09-10138 (KG), Case No. of Debtor 09-12515, I am writing today to request payment of my severance package. All other employees before the bankruptcy were paid fairly. However, the remaining employees that were continuously told the company was doing well, got blind sided and weren't fairly treated after Nortel's chapter 11 announcement.

Nortel's formula for the termination packages included: 60 day Federal policy, 30 Nortel policy, and 1 week for every year of service.

I started work 1/23/1995 and was terminated on 2/26/2010. That's 15+ years of service. I completely lost everything upon termination. This includes benefits, stock options, bonuses and paychecks.

By my math 60 days would have ended at April 29th 2010. Another 30 days would have ended at May 29th. The 15 weeks for years of service would have ended 9/11/2010. This totals 28 weeks I should have been paid.

My ending salary on day of termination was = $102,138.40. This amounts to $49.1 / hr.

So, 8 hrs/day * 5 days/week * 28 weeks * $49.1 /hr = $54,992

I have documentation on start dates, termination dates, and paycheck stub to indicate the amount I was making on my termination date. I would be happy to provide if needed.

Thanks

Randal Scott Clay
436 Fox Trail
Allen TX 75002
yalcttocs@yahoo.com
972.678.1035
Global ID: 0247044

*Randal Scott Clay* (signature)