# NOTICE OF OBJECTION TO PARTIALLY DISALLOWING CLAIM NO. 3732

## IN RELATION TO AGREEMENT IN DEBTORS' PROCESS TO TERMINATE RETIREE BENEFITS PURSUANT TO U.S.C. §1114

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| | Case No. 09-10138 (KG) |
| Nortel Networks, Inc, *et al*, Debtors. | Claim No. 3732 |
| | Schedule No. 100561840 |

**Objection Background**

I, ***John H. Yoakum***, am a former employee of Nortel Networks, Inc. in the United States (US). I had 22 years of continuous service at the time Nortel filed for bankruptcy protection. At the time of filing I had surpassed the minimum retirement age in the US, as recognized by Nortel retirement standards for US employees, and was fully vested in all retirement benefits.

I was continuously employed at Nortel from November 1987 until December 2009 when my business unit was sold to Avaya. I was required to continue my employment at Nortel until my transfer to Avaya as a condition of receiving an offer of employment from Avaya, and my Avaya terms of employment were established by the sales contract between Nortel and Avaya. My employment at Nortel had always been contingent upon a total compensation package that included both annual income and benefits along with deferred compensation including retirement benefits. Nortel clearly acknowledged in their bankruptcy filing that they had breached my employee offer letter which extended all of these benefits. Nortel encouraged me to file any related claims in the bankruptcy proceedings and provided the necessary forms.

On September 24, 2009 I filed a multipart claim for the deferred parts of my 22 years of compensation. My claim is confirmed to have been received September 25, 2009 and is assigned Claim #: 3732 and Schedule #: 100561840 and is against my former employer Debtor: 09-10138 Nortel Networks, Inc. My claim has four parts with the following summary labels: 1) Retiree Medical, 2) Retiree Life / Long-term Care, 3) Patent Awards, and 4) 401K Liquidated Assets.

At this point in time (February 25, 2013) I have not received any correspondence specific to my claim beyond the "Initial Acknowledgment of Receipt of Proof of Claim"

received from Epiq Systems. Likewise I have never received any specific correspondence from any entity representing Nortel retirees or the "Retiree Committee" referred to in the notice of settlement. I have diligently checked the Epiq website periodically over the past three years and there are not any remarks or other notations listed on my claim entry. I have called Epiq multiple times and continue to be told I will receive a proposed settlement letter soon.

Much to my surprise, when looking at one of the many generic documents that I receive as a claimant in the bankruptcy process, I discovered that my claim is listed as being a claim to be "Partially Expunged" in "Exhibit 3 to the Notice of Settlement Agreement in Debtors' Process to Terminate Retiree Benefits Pursuant To U.S.C. §1114". From process of elimination it appears the parts of my claim being disallowed are my items 1) Retiree Medical, and 2) Retiree Life / Long-term Care. This proposed settlement covers the termination of "Retiree Welfare Plans" which appear to include things like medical, life, and long-term care insurance coverage.

**Foundation for Objection**

I did not receive any specific notice to me as a claimant from anyone with an explanation of why my claim is in any way being impacted by any settlement. I discovered this situation from reading bankruptcy documents that I routinely receive in relation to the bankruptcy.

I have verified with the Council to the Retiree Committee (Togut, Segal & Segal LLP) by phone that I am not listed in their records as a member of the group who will be receiving benefit from the retiree benefits settlement. They do not appear to have any records related to me at all.

I have never received any correspondence from the "Retiree Committee" or anyone representing them, and have never had any indication they are representing me in relation to "Retiree Welfare Programs." I have not been notified of what I might receive as a part of the settlement they will be administering, nor extended any rights to make my preferences known or to vote in relationship to any matters they are considering, or provided any opportunity to opt-out of any settlement.

.

Since I am not a participant in the settlement group, it is totally inappropriate to cancel any of my claim items while extending no compensation to me in any form. The inequity of this action is emphasized by the fact that obviously through this proposed settlement Nortel as a debtor is acknowledging they owe compensation in relation to employee retirement benefits earned as part of former Nortel employment, while at the same time trying to cancel my claim for similar compensation. Hopefully this was simply a mistake.

It is relevant to also point out that in my claim for retiree medical related compensation, I did not request the true value of the insurance benefit that I lost (as it appears the proposed settlement is considering). I only requested the easily calculated amount (unique to my exact years of service determined benefit) that Nortel promised to contribute to my purchase of medical insurance. The amount in my claim in relation to

retiree medical benefits is a tiny fraction of the actual medical insurance value. I originally provided (as part of my claim) copies of Nortel internal policies used to justify and determine the value of each of my claim components along with detailed calculations. I have no insight that anyone has even considered the details of my claim, I suspect it may have been flagged to be disallowed based on the titles I used to summarize the sections.

## Requested Immediate Action in Relation to Objection

I respectfully request the proposed partial disallowing and partial expunging of parts of my Claim No. 3732 immediately be withdrawn by Nortel or prohibited by the court.

Please acknowledge the receipt of this formal objection to partially disallowing and partially expunging parts of my Claim No. 3732. Please also advise me directly on any related actions in relation to my claim, or any additional actions that are required of me to protect my rights in this bankruptcy proceeding. Email correspondence is acceptable.

Once my claim is completely removed from the list of claims impacted by the retiree benefits termination settlement, if it is Nortel's desire to handle all claims that are in any way related to the topic of former employee retirement welfare programs in a single settlement, and Nortel prefers to include me as a full participant in the retiree benefits settlement group and handle only the related parts of my claim in that fashion, I will be glad to enter into negotiations with someone appropriately representing Nortel. Any proposed resolution of parts of my claim in that fashion would likely make it necessary to increase the amount of my medical benefit claim to the full insurance value rather than the very conservative request I have made for what is obviously an obligation of Nortel. My acceptance of any such proposal to participate in the settlement as currently defined would have to include the ability for me to fully understand what I would be entitled to under such a resolution, as well as a guarantee of full equitable proportional financial participation in the settlement along with full participation in any decisions other members of the settlement group have been afforded (including any voting rights).

I suspect that given the acknowledgment by Nortel that benefits of this nature are due to retirement qualified individuals and their families (through this settlement action), along with the very conservative requests in my claim for only what I was promised, it is likely much easier for all parties involved to simply pay my claim independently of any other settlement(s).

## Additional Pertinent Information in Relation to Objection

At the time Nortel field for bankruptcy protection, I was a fully vested member of the Nortel pension plan known as the "Nortel Networks Retirement Income Plan". On September 17, 2009, while still employed at Nortel, I received notice from the "Pension Benefit Guaranty Corporations (PBCG)" that my Nortel pension had become their responsibility and was completely disconnected from Nortel going forward. I was informed that since I was older than the minimum retirement age, I am welcome to

request pension benefits at any time in the future and it is solely my decision when to start my pension payments. I was informed that Nortel no longer has any say in my pension plan, and no longer has any rights to tie or base any other benefits on anything related to my pension plan, including when I start receiving my pension payments.

During my tenure at Nortel, I was recognized as a prolific inventor. I contributed numerous patent applications, many of which have granted. Some of these granted patents and pending applications transferred to other entities such as Avaya and Genband as part of the Nortel sales of various business units. Unfortunately, I have no way to independently calculate the exact valuation of those patent contributions. I do however have the ability to calculate the proportional value of the 58 patent cases where I am a named inventor that were sold to Rockstar as part of the Nortel $4,500,000,000 patent sale for the benefit of the bankruptcy. I personally contributed 58 patent cases that proportionately represent $43,500,000 in the Rockstar sale alone. My total claim ($545,841) represents only 1.25% of my personal contribution to the Nortel patent sale alone. Presuming my initial claim is paid in full, I will be receiving a trivial amount of the value I personally generated for the Nortel bankruptcy pool.

Signed: Date: February 25, 2013

**John H. Yoakum**
1704 Kilarney Dr.
Cary, NC 27511
(919) 469-9383
jyoakum@pobox.com

Delivered via Facsimile to:

Council to the Debtors: Cleary Gottlieb, Steen & Hamilton LLP
Attn: Lisa Schweitzer, Esq. Facsimile: (212) 225-3999
Council to the Debtors: Morris, Nichols, Arsht, & Tunnell LLP
Attn: Derek C. Abbott, Esq. Facsimile: (302) 658-3989
Council to the Retiree Committee: Togut, Segal & Segal LLP
Attn: Albert Togut, Esq. and Neil Berger, Esq. Facsimile: (212) 976-4258
Council to the Unsecured Creditors Committee: Akin, Gump, Strauss, Hauer & Feld LLP
Attn: Lisa Beckerman, Esq. Facsimile: (212) 872-1002
Council to the Bondholders Group: Milbank, Tweed, Handley& McCloy LLP
Attn: Thomas J Matz, Esq. Facsimile: (212) 822-5885
Office of the United States Trustee, Wilmington, DE
Attn: Mark Kenney, Esq. Facsimile: (302) 573-6497