UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138-KG<br>(Jointly Administered)<br><br>**Re: Dkt. Nos. 5307 and 9428**<br>**Hearing Date: March 7, 2013 at 10:00 a.m. (Prevailing Eastern Time)** |

**STATEMENT OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, AS INDENTURE TRUSTEE FOR THE NNCC NOTES, PURSUANT TO ORDER REGARDING SCHEDULING OF KEY OUTSTANDING MATTERS**

Law Debenture Trust Company of New York ("Law Debenture"), as indenture trustee for the NNCC Notes (as defined below), by and through its attorneys, Patterson Belknap Webb & Tyler LLP and Morris James LLP, hereby submits this statement ("Statement") pursuant to this Court's *Revised Scheduling Order for Allocation Issues*, dated February 14, 2013 (Dkt. No. 9428). Law Debenture respectfully states that:

1. Pursuant to an indenture, dated as of February 15, 1996 (the "Indenture"), by and among Nortel Networks Limited (f/k/a Northern Telecom Limited) ("NNL"), as issuer and guarantor, Nortel Networks Capital Corporation (f/k/a Northern Telecom Capital Corporation) ("NNCC"), as issuer, and The Bank of New York, as trustee, NNCC and NNL issued $150 million in aggregate principal amount of 7.875% Notes Due 2026 (the "NNCC

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Nortel Networks Inc. (6332), NNCC (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), and Nortel Networks Cable Solutions Inc. (0567) (collectively, the "U.S. Debtors").

Notes"). Pursuant to an Agreement of Resignation, Appointment and Acceptance, dated as of February 12, 2009, Law Debenture became successor trustee under the Indenture. Law Debenture is entitled to assert claims and take other actions on behalf of the holders of the NNCC Notes.

2. Law Debenture supports the *Joint Motion For Entry Of An Order Establishing An Allocation Protocol Pursuant To The Interim Funding And Settlement Agreement, And For Related Relief* dated April 25, 2011 (Dkt. No. 5307) (the "Motion"). Law Debenture also joins the *Supplemental Submission of U.S. Debtors and Official Committee of Unsecured Creditors on Allocation Protocol Issues* (Dkt. No. 9570) (the "Supplemental Submission") and respectfully requests that the Court grant the Motion.

3. Separately, the version of the Allocation Protocol (as defined in the Motion) that was filed with the Motion limited participation in the allocation proceedings to certain specified "core" parties. Law Debenture – the indenture trustee for the NNCC Notes – was not listed as a core party. The Allocation Protocol stated that

> Each of the Selling Debtors, the Committee, the Bondholder Group, the Monitor, the Joint Administrators and the Non-Filed Entities (collectively, the "Parties" and each individually, a "Party") and their authorized representatives will have standing to fully participate in and submit written statements, present oral arguments and otherwise directly participate in any and all hearings before the U.S. and Canadian Courts arising under or relating to this Allocation Protocol, as well as any and all discovery, depositions and examinations contemplated herein.

Motion, Exh. B, ¶ 2.

4. The Supplemental Submission includes a revised Allocation Protocol. Paragraph 2 of the new version states that core parties will be "those parties who are conferred rights under section 12 of the IFSA and such additional parties as may be determined by the

Courts." For the reasons set forth below, Law Debenture should be included among the core parties that can participate fully in the allocation proceedings.[2]

5. Section 1109 of the Bankruptcy Code and Third Circuit precedent requires that Law Debenture be allowed to participate in the allocation proceedings. Section 1109(b) states that "a party in interest, including . . . any indenture trustee . . . may raise and may appear and be heard on any issue in a case under this chapter." The Third Circuit has consistently recognized that section 1109(b) provides broad standing for parties in interest to participate in chapter 11 proceedings. In *In re Marin Motor Oil, Inc.*, 689 F.2d 445, 451 (3d Cir. 1982), the Third Circuit stated that "the legislative history [of § 1109(b)] provides, in *unqualified terms*, that any creditor, equity security holder, or an *indenture trustee* shall have the right to be heard as a party in interest" (emphasis added). The Third Circuit has further held that section 1109(b) "continues the pattern of permitting interested parties in bankruptcy cases the *absolute* right to be heard and to insure their fair representation" and should be "construed broadly." *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985) (emphasis added) (citations omitted). *See also In re Combustion Eng'g Inc.*, 391 F.3d 190, 214 n.21 (3d Cir. 2004); *and United States v. State St. Bank & Trust Co.* (*In re Scott Cable Communs., Inc.*), 2002 Bankr. LEXIS 183, at *6-8 (Bankr. D. Del. Mar. 4, 2002) ("[I]t is clear that the Third Circuit recognizes that all of the parties listed in § 1109(b) have the absolute right to intervene 'and be heard on any issue in a case under' chapter 11." (citing *In re Marin Motor Oil, Inc.*, 689 F.2d at 453-54)). Moreover, the Third Circuit has adopted the Seventh Circuit's party in interest test, which states that a party in interest under section 1109(b) includes "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *In re Global Indus. Techs.*, 645 F.3d 201, 210-15 (3d Cir.

---

[2] The Committee supports Law Debenture's request that it be deemed a core party.

2011), *cert. denied*, *Global Indus. Techs. v. Hartford Accident & Indem. Co.*, 132 S. Ct. 551 (2011) (quoting *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992)).

6. It cannot be disputed that Law Debenture, as an indenture trustee, is a party in interest that has a legally protected interest that could be affected by the allocation proceedings. Law Debenture represents the holders of the NNCC Notes. Law Debenture has represented the interests of those holders throughout these cases, including the mediation that followed the June 7, 2011 hearing on the Motion and ended in January 2013. The allocation of the sales proceeds and resolution of other inter-creditor issues will directly impact the recoveries of the holders of the NNCC Notes. Therefore, Law Debenture must be allowed to continue to represent those holders' interests in the next phase of these cases.

[*Remainder of page intentionally left blank*]]

The important and efficient role played by indenture trustees such as Law Debenture is precisely why section 1109(b) expressly provides that "any indenture trustee . . . may raise and may appear and be heard on any issue in a case under this chapter." Accordingly, Law Debenture should be deemed a core party and entitled to participate fully in the allocation proceedings.

Dated: Wilmington, Delaware
March 4, 2013

**MORRIS JAMES LLP**

Stephen M. Miller (DE Bar No. 2610)
Courtney R. Hamilton (DE Bar No. 5432)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com
chamilton@morrisjames.com

- and -

Daniel A. Lowenthal
Brian P. Guiney
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
bguiney@pbwt.com

*Attorneys for Law Debenture Trust Company of New York, as Indenture Trustee*