## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

                      Debtors.

-------------------------------------------------------X

    : Chapter 11
    :
    : Case No. 09-10138 (KG)
    :
    : Jointly Administered
    :
    : **RE: D.I. 9415**
    :

## ORDER MODIFYING THE APPLICATION OF LOCAL RULES 2014-1(C) AND 2016-2(F)

Upon the motion dated February 12, 2013 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014-1(c) and 2016-2(f) and (h) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") modifying the application of (i) Local Rules 2014-1(c) and 2016-2(f) as to all Professionals in these cases [D.I. 9415]; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the United States Trustee's Objection to the Motion [D.I. 9515] having been

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions, are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

resolved; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief requested

in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors

and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth in this Order.

2.      All Professionals who utilize the service of a Retained Professional shall be excused

from disclosing the identity of such Retained Professional under Local Rule 2014-1(c) if the

disclosure of such Retained Professional would implicate privileged information or confidential

litigation strategy until such time that the public disclosure of the Retained Professional would no

longer implicate such privileged information or confidential litigation strategy, at which time a

party in interest may request the disclosure of such Retained Professional; provided, however, that

all Professionals seeking to withhold the identity of such a Retained Professional shall ~~be required~~ deliver to

Chambers with a copy to the United States Trustee, both of which shall be

~~to file under seal with the Court~~ a certification setting forth those facts and circumstances which

deemed to be ~~filed~~ under seal,

support the withholding of the identity of such Retained Professional. Parties in interest shall have

an opportunity to object to the withholding of the identity of any particular Retained Professional.

3.      All Retained Professionals shall be required to comply with the requirements of

Local Rule 2016-2(f), subject to any requests to be excused from complying with certain of these

requirements, including (i) requests to allow professionals whose compensation is based on flat

monthly fees or transaction fees to provide summary descriptions of services rendered and to

report the number of hours expended on such services in hourly increments; and (ii) requests to

*[handwritten: with a copy to the United States Trustee, both of which shall be deemed to be ~~prepared~~ Filed under seal,]*

allow certain professionals who do not traditionally record their professional time in tenth-of-an-hour increments to record such time in increments of one-quarter- or ~~one-half-of-an-hour~~.

Pursuant to Local Rule 2016-2(f), all Retained Professionals shall ~~file~~ *[handwritten: prepare]* contemporaneous time and expense records in a Professional's periodic fee applications seeking recovery of the Retained Professional's fees and expenses as an expense of the Professional; provided, however, that in addition to the identity of the Retained Professional, the time and expense records of a Retained Professional referred to in paragraph 2 above ~~may be filed under seal~~ as a supplement to a Professional's periodic fee applications until such time that the public disclosure of the Retained Professional would no longer implicate privileged information or confidential litigation strategy, at which time a party in interest may request the disclosure of such records. *[handwritten: or the Court may order such disclosure,]* Parties in interest shall ~~have an opportunity to object to the~~ *[handwritten: seek public]* filing ~~under seal~~ of such records; provided, however, that such objection shall affect the Court's approval only of those Retained Professional fees and expenses which have been ~~filed under seal~~ *[handwritten: delivered to chambers under seal]* and to which the objection relates, and shall have no effect on the Court's approval of the remaining portion of the Professional's fee application in which such fees and expenses have been submitted for Court approval.

4.    All Professionals who utilize the service of a Retained Professional shall be required to include as a line item in their final fee application the total fees and expenses of all Retained Professionals for which such Professional requested reimbursement in these chapter 11 cases.

5.    The requirements of Local Rule 2014-1(c) and 2016-2(f), requiring Professionals to comply with Local Rule 2016-2(c), (d), and (e), with respect to the reimbursement sought for the fees and expenses of Retained Professionals shall not be applicable to any of the fees and expenses incurred by such Retained Professionals for services performed prior to the entry of this Order.

6.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

March 5 , 2013
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

8. The timing and manner in which anything deemed sealed hereby shall be publicly disclosed shall be determined by the Court in its discretion.

9. The provisions hereof are not intended to obviate applicable law and rules, including without limitation sections 327 and 1103 of the Bankruptcy Code.

4