```
                IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE


IN RE:                         )    Case No. 09-10138(KG)
                               )    (Jointly Administered)
NORTEL NETWORKS, INC.,         )
     et al.,                   )    Chapter 11

                               )    Courtroom 3
                               )    824 Market Street
          Debtors.             )    Wilmington, Delaware
                               )
                               )    March 5, 2013
                               )    10:00 a.m.

                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDGE KEVIN GROSS
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: DEREK ABBOTT, ESQ.
                          BY: ANN CORDO, ESQ.
                          1201 North Market St., 18th Floor
                          Wilmington, DE  19899-1347
                          (302) 351-9357

                          Cleary Gottlieb Steen & Hamilton
                          BY: LISA SCHWEITZER, ESQ.
                          BY: JESSE SHEMET, ESQ.
                          BY: JAMES CROFT, ESQ.
                          One Liberty Plaza
                          New York, NY  10006
                          (212) 225-2000


ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES, LLC
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

| | |
|---|---|
| For the Creditors' Committee: | Richards Layton & Finger BY: CHRIS SAMIS, ESQ. One Rodney Square 920 North King Street Wilmington, DE  19801 (302) 651-7531 |
| | Akin Gump Strauss Hauer & Feld BY: DAVID BOTTER, ESQ. BY: ABID QURESHI, ESQ. One Bryant Park New York, NY  10035 (212) 872-1000 |
| For UK Joint Administrators: | Young Conaway Stargatt & Taylor, LLP BY: MARIS KANDESTIN, ESQ. Rodney Square 1000 North King Street Wilmington, Delaware  19801 (302) 571-6712 |
| For LTD Committee: | Elliott Greenleaf BY: SHELLEY KINSELLA, ESQ. 1105 Market Street, Suite 1700 Wilmington, DE  19801 (302) 384-9400 |
| For Monitor: | Buchanan Ingersoll & Rooney, PC BY: KATHLEEN A. MURPHY, ESQ. 1105 North Market St., Ste. 1900 Wilmington, DE  19801-1054 (302) 552-4214 |

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For HBK Capital Management: | HBK Capital Management BY: ERIC BILMES (212) 588-5115 |
| For Monitor, Ernst & Young: | Allen & Overy, LLP BY: DANIEL GUYDER, ESQ. (212) 756-1132 |

TELEPHONIC APPEARANCES:
(Continued)

For Nortel UK:              Willkie Farr & Gallagher, LLP
                           BY: ANDREN HANRAHAN, ESQ.
                           (212) 728-8179

                           Hughes Hubbard & Reed,LLP
                           BY: CHARLES HUBERTY, ESQ.
                           (212) 837-6045

For The Bondholder
Group:                      Milbank Tweed Hadley & McCloy
                           BY: THOMAS MATZ, ESQ.
                           (212) 530-5885

1

1 WILMINGTON, DELAWARE, TUESDAY, MARCH 5, 2013, 10:00 A.M.

2          THE CLERK:  Please rise.

3          THE COURT:  Good morning everyone.  Thank you.

4 Please be seated.  Mr. Abbott --

5          MR. ABBOTT:  Good morning, Your Honor.

6          THE COURT:  -- good morning, sir.

7          MR. ABBOTT:  Your Honor, Derek Abbott, of Morris,

8 Nichols, Arsht & Tunnell, here for the debtors on our

9 Omnibus date.  Your Honor, there were four matters on the

10 Agenda.  One's been adjourned.

11          THE COURT:  Right.

12          MR. ABBOTT:  One is the CNO submitted.  I'm not

13 sure if Your Honor has signed that Item for number two.  We

14 didn't --

15          THE COURT:  Yes.

16          MS. CORDO:  Yes.

17          MR. ABBOTT:  -- see it.  Terrific.

18          THE COURT:  I think it may -- I don't know if it

19 hit the docket.  Ms.  Cordo is saying it did so I know it did.

20          MR. ABBOTT:  Excellent, Your Honor.  That leaves

21 two matters where we need Your Honor's time and attention.

22          THE COURT:  Yes.

23          MR. ABBOTT:  The first is the Debtors' Twenty-Ninth

24 Omnibus Objection to Claims.  The second is our Motion for

25 Relief from the New Local Rules.  We're going to start with

1  the Omnibus Objection.  I'll cede the podium to Mr. Croft for

2  that.

3             THE COURT:  All right.  Thank you.  Mr. Croft,

4  welcome back.

5             MR. CROFT:  Thank you, Your Honor.  For the record,

6  Your Honor, James Croft, from Cleary Gottlieb Steen &

7  Hamilton, on behalf of the debtors.  As Mr. Abbott indicated,

8  I'm here to talk about the Twenty-Ninth Omnibus Objection

9  which is Item number three on the Agenda.

10             THE COURT:  Yes.

11             MR. CROFT:  This Objection is similar to the past

12  Omnibus Objections that we filed with respect to employee

13  claims and that we've discussed before.  This Objection deals

14  with claims of claimants who have severance allowances, claims

15  of participants in the Nortel Networks Retirement Income Plan,

16  which is the tax-qualified defined benefit pension plan that

17  was previously taken over by the PBGC, and also claims that

18  are not supported by the debtors' books and records or the

19  documentation provided by the claimants.  Your Honor, we

20  objected to the 78 claims in this Omni and we only received

21  one response.  That was a response by a Mr. Randal Scott Clay,

22  which I'll address in a minute.

23             THE COURT:  Okay.

24             MR. CROFT:  Your Honor, just structurally, the

25  claims listed on Exhibit C to the Objection are all claims

1  dealing with entitlements under the defined benefit pension

2  plan.

3            THE COURT:  Right.

4            MR. CROFT:  And we've discussed those in the past,

5  Your Honor, and it's our position that, because the plan was

6  taken over by the PBGC, under the law, the participants in

7  that plan do not have claims against the debtors and then I,

8  in particular, the plan sponsor.  Your Honor, there were 46

9  claims addressed on that exhibit and no one responded to the

10  claims on that exhibit.

11            THE COURT:  All right.

12            MR. CROFT:  And then with respect to claims on

13  Exhibit B, Your Honor --

14            THE COURT:  Let me just say then because -- I don't

15  believe that Mr. Clay's Objection goes to those --

16            MR. CROFT:  No sir, it does not.

17            THE COURT:  So why don't I indicate at this time,

18  just so that we don't sort of get too lumped together, that

19  the Court will sustain your objections to those claims on that

20  exhibit?

21            MR. CROFT:  Thank you.  And then Exhibit B, Your

22  Honor, is another exhibit where we did not receive any formal

23  responses.  All of the claimants listed on Exhibit B have some

24  entitlement to termination benefits or severance allowance,

25  and the purpose of that exhibit was to reconcile the debtors'

1    books and records' numbers with the amounts asserted by the

2    claimants.

3              THE COURT:  Yes.  And again, based upon the facts

4    presented to me, I will sustain that objection -- the

5    objection of those claims as well, Mr. Croft.

6              MR. CROFT:  Thank you, Your Honor.

7              THE COURT:  Sure.

8              MR. CROFT:  And then the last exhibit, Your Honor,

9    is Exhibit A and, structurally, this exhibit is a list of

10   claims that are not supported by the debtors' books and

11   records and it's the debtors' position that, with respect to

12   every claimant listed on Exhibit A, they hold no claims

13   against any of the U.S. debtors.

14             THE COURT:  Right.

15             MR. CROFT:  There are 21 claims on this exhibit and

16   we only received one response, and that response was filed by

17   Mr. Randal Clay and his response is at D.I. 9483, and we

18   actually filed a Reply to Mr. Clay's response and that Reply

19   is at D.I. 9525.

20             THE COURT:  Yes.

21             MR. CROFT:  By way of background, Your Honor, Mr.

22   Clay filed Claim No. 7479 against Nortel Networks (CALA) Inc.

23   for termination benefits in the amount of $54,992.  And, Your

24   Honor, our Objection to Mr. Clay's claim boils down to this.

25   He wasn't employed by Nortel when he was terminated.  He was

1  employed by Avaya at the time of his termination.  He is one

2  of the employees that went over to Avaya as part of the Court-

3  approved sale of Nortel's Enterprise Solutions business.  And

4  even before he was terminated by Avaya, Your Honor, he was

5  employed by a non-debtor, Nortel Government Solutions, Inc.,

6  which the shares of NGS went over to Avaya as part of the

7  Enterprise sale and prior to that share sale, NGS was not a

8  debtor in these proceedings.

9           THE COURT:  Exactly.

10          MR. CROFT:  So for the past several years, he has

11 not been employed by a debtor and we think that that

12 sufficiently resolves his claim.  Because he was not employed

13 by a debtor, he could not be entitled to termination benefits

14 from a debtor.  And if we actually look at the language of the

15 severance plan, Your Honor, particularly Section 3.7 of that

16 plan, it says that the severance awards under this plan are

17 unfunded benefits of the relevant employer.  So even if you

18 were to make some type of equitable argument that he ought to

19 be entitled to severance from, you know, Avaya Government

20 Solutions or Nortel Government Solutions, those claims would

21 be against those legal entities and not against any of the

22 debtors that have proceedings before you.

23          THE COURT:  Okay.

24          MR. CROFT:  And then just one final point on Mr.

25 Clay, Your Honor.  When he transferred to NGS in 2008, he was

1  previously employed by NNI which is a participant in the

2  severance plan.

3                    THE COURT:  Okay.

4                    MR. CROFT:  His transfer was technically a

5  termination from NNI with a simultaneous re-hire by NGS which

6  is an affiliate.  And if we look at the severance plan, in

7  particular, Section 2.2 of the plan, that's not a qualified

8  termination.  If you leave a participating employer and you

9  are subsequently re-hired by an affiliate, here, leaving NNI

10 and being subsequently re-hired by NGS --

11                    THE COURT:  Yes.

12                    MR. CROFT:  -- that's not a trigger for termination

13 benefits under the severance plan.

14                    THE COURT:  All right.

15                    MR. CROFT:  So with that, Your Honor, we

16 respectfully submit that Mr. Clay does not hold any claims

17 against the debtor with respect to severance awards.

18                    THE COURT:  All right.  I thank you, Mr. Croft.

19 Mr. Clay, are you in the Courtroom or on the telephone?

20                    (No audible response)

21                    THE COURT:  Neither.  Okay.  I don't see Mr. Clay

22 among the list of telephone participants and I've, as

23 indicated, he's not in the Courtroom and I'm going to sustain

24 the objection for the reasons stated ably by Mr. Croft and

25 that is, frankly, that I suppose the most straightforward is

1  that Mr. Clay was not employed by the debtors most recently.

2  He was employed by Avaya when terminated.  And even if we go

3  back to when he was employed by the debtor, NNI, nonetheless,

4  his termination was not one which would have qualified him to

5  participate under the severance program.  So, on that basis, I

6  will sustain the objection, Mr. Croft.

7           MR. CROFT:  Thank you, Your Honor.  I have a

8  revised Order.  May I approach?

9           THE COURT:  Yes you may.  Thank you.  Thank you

10  very much.  Well done.  All right.  We have a little blackline

11  with a few changes which is directed, I see, to Mr. Clay's

12  information and issue.

13           MR. CROFT:  Yes, that's right, Your Honor.  Just

14  briefly to go through the changes, in the "Re:" line, we added

15  the docket index numbers and the Twenty-Ninth Omnibus

16  Objections --

17           THE COURT:  Yes.

18           MR. CROFT:  -- Mr. Clay's response and our Reply,

19  and then in the introductory paragraph, we added the

20  references to Mr. Clay's response and our Reply.  And then the

21  only other change is in paragraph two where we struck the

22  language, "if any" --

23           THE COURT:  Oh, yes.

24           MR. CROFT:  -- speaking about claims that were

25  responses to the Twenty-Ninth Omni.

1          THE COURT:  Of course.  I missed that one.  Thank

2   you, Mr. Croft.

3          MR. CROFT:  You're welcome.  I don't have anything

4   further, Your Honor, unless you have questions.

5          THE COURT:  No, I don't, and thank you very much

6   for a well-done presentation.

7          MR. CROFT:  Thank you, Your Honor.

8          THE COURT:  Yes, Mr. Abbott?

9          MR. ABBOTT:  Good morning, Your Honor, Derek

10  Abbott, again.  I'm on deck for Item No. 4 on the Agenda, Your

11  Honor, which is the Debtors' Motion for Certain Relief from

12  Newly Enacted Local Rules.

13         THE COURT:  Yes.

14         MR. ABBOTT:  We seem to have a knack for

15  unfortunate timing in this case, Your Honor.

16         THE COURT:  Yes, I'd say.

17         MR. ABBOTT:  Just like the Third Circuit aced us in

18  Visteon.

19         THE COURT:  Exactly.

20         MR. ABBOTT:  Here, at a critical time in these

21  cases when we're about to launch obviously quite a serious

22  litigation effort, the Court has promulgated new Local Rules

23  2014-1(c) and 2016-2(f) and they are liable, as written, Your

24  Honor, to throw a wrench into the works, and that's what we're

25  here trying to avoid.  At the outset, I think, Your Honor,

1   it's important to note -- and I don't think that the United

2   States Trustee really thought that our aim by this Motion was

3   to avoid retention of professionals under 327 or 1103, but

4   we're not doing this as a dodge to try to work around those

5   Code provisions.  We recognize the importance and vitality of

6   those Code provisions.  What we're really here trying to do is

7   to protect ourselves and the Estate in the face of this

8   significant litigation.  Your Honor, the new Local Rules seem

9   to require very significant disclosures --

10           THE COURT:  That will teach me -- this will teach

11  me to make the meetings.

12           MR. ABBOTT:  Yes.

13                    (Laughter)

14           MR. ABBOTT:  Your Honor, I thought the same thing

15  when I finally read what came out of them.  But essentially,

16  Your Honor, this Rule would require that folks who were hired

17  by other 327 or 1103 professionals would be required to make

18  significant disclosures, typical of those retained

19  professionals as they do in their fee apps.  Your Honor, it,

20  unfortunately, is coming at a time in these cases where the

21  Estate is facing a number of very, very significant

22  litigations, literally involving billions of dollars.  And

23  when the required disclosures create, I think, Your Honor, a

24  very real risk of requiring the Estate --

25           THE COURT:  To reveal --

1            MR. ABBOTT:  -- other Court-retained --

2            THE COURT:  -- a strategy?

3            MR. ABBOTT:  -- professionals, Your Honor --

4   exactly.

5            THE COURT:  Yes.

6            MR. ABBOTT:  To publicly disclose privileged

7   information or litigation strategy that's critical to the

8   conduct of these cases.  What we're trying to do, Your Honor,

9   is avoid that and I know, Your Honor, that this Rule, on its

10  face, although it doesn't use these words, but would apply

11  both to consulting and testifying experts and --

12           THE COURT:  Yes.

13           MR. ABBOTT:  -- you know, some of those wind up

14  being disclosed in the normal course in litigation; others

15  don't, and the identity, the scope of work that those folks

16  are doing, the amount of work that those folks are doing, the

17  timing that they're employed, all of those things can be

18  revealing about litigation strategy.  And so what we're trying

19  to do is craft a solution to the Rule and, Your Honor, I will

20  note that 2014 seems to suggest that if there's a problem like

21  we're facing today, that the Court could excuse these

22  disclosures, generally.  Your Honor, I think it actually may

23  be helpful if I handed up a blackline of the Order because

24  we've had substantial discussions with the United States

25  Trustee.  Unfortunately, we were not able to get to a place

1   where they felt comfortable agreeing to any of this, which I

2   understand, Your Honor, but may I approach with the blackline?

3              THE COURT:  Of course.  Yes, Mr. Abbott.  Thank

4   you, sir.  Thank you.  Great.

5              MR. ABBOTT:  Your Honor, the other thing that I

6   think is important for the Court to realize is that this is

7   not the typical case.  Your Honor has fought through, you

8   know, years of it, like the rest of us and understand.

9              THE COURT:  If this is the typical case, I'm

10  retiring.

11                       (Laughter)

12             MR. ABBOTT:  But to that point, and as we set forth

13  in our papers, the debtors and the various Committees, with

14  approval of the Court, have retained some 29 professionals.

15             THE COURT:  Right.

16             MR. ABBOTT:  Most -- maybe not most, but certainly

17  a number of those are heavily involved in the litigations, and

18  if they haven't already, will be retaining consulting and

19  testifying experts for the conduct of those litigations.  So

20  while we are unfortunately perhaps the case of first

21  impression under this Rule in this State that I'm aware of, we

22  don't, by our Motion, expect or advocate that the kind of

23  things we're asking for today should be routine in any case,

24  should be extrapolated to other cases, or should otherwise

25  serve as precedent because we do think that this case, on its

1  facts, is distinguishable from most others.  So we want to

2  allay that concern of the United States Trustee, which is I

3  think a legitimate concern, Your Honor.

4  THE COURT:  Sure.  Are we -- Mr. Abbott, are we

5  talking largely about experts at this -- is that who you're

6  looking to kind of exclude from the Rule?

7  MR. ABBOTT:  Principally, it revolves around

8  experts, Your Honor.  There are a couple of other folks that

9  might fit into this category.  One of them that comes to mind,

10  Your Honor, we had earlier in the case, after discussions with

11  the United States Trustee, retained certain foreign Counsel

12  --

13  THE COURT:  Yes.

14  MR. ABBOTT:  -- as advisors and expensed them on

15  certain debtors' fee applications; again, having disclosed and

16  discussed that with the United States Trustee.  So there could

17  be a couple of folks like that caught up in this.  Ultimately,

18  some of those turned into experts, as Your Honor is aware from

19  the U.K. pension litigation obviously.

20  THE COURT:  Yes.

21  MR. ABBOTT:  But that would be one example of some

22  folks on the fringe of this that we also would be seeking to

23  protect.  But, principally, it's aimed at those consulting and

24  testifying experts.  Your Honor will recall, of course, the

25  myriad of papers filed recently after the cessation of the

1    mediations but talked about what's left to go in this case and

2    parties' various views on how to prosecute it; all of which

3    seemed to point towards some significant litigation whether --

4            THE COURT:  Oh, yes.

5            MR. ABBOTT:  -- in pieces or in whole, but,

6    nonetheless, it is that risk and prejudice of revealing the

7    identities and volume and type of work being done by these

8    folks that we're looking to preserve.  What we've tried to do,

9    Your Honor, and you'll see it reflected in the blackline, we

10   filed our Motion, admittedly seeking relatively broad relief.

11   The U.S. Trustee filed a response.  We discussed it with them.

12   We've revised our Order I think to try to deal with her

13   Objections, for the most part.  What we really have tried to

14   do is preserve the goal of disclosure, or at least ability for

15   disclosure, to a time when it would not be prejudicial to the

16   litigation efforts of the Estates, and I think, at some point,

17   would like to walk Your Honor through the Order to explain

18   what we've done.  But I thought it might make sense now to let

19   Mr. Kenney address his issues so I can respond to them and

20   then walk through the Order after that perhaps just so that

21   we're clear about what exactly the scope of the U.S. Trustee's

22   remaining concerns are.

23           THE COURT:  All right.  That's fine, Mr. Abbott.

24           MR. ABBOTT:  Thank you, Your Honor.

25           THE COURT:  Mr. Kenney, good morning.

1          MR. KENNEY:  Good morning, Your Honor.  Your Honor,

2    the Creditor's Committee has asked if they could go before me

3    because they're also supporting the Motion.

4          THE COURT:  They're supporting?  That's very --

5          MR. KENNEY:  I'll cede to them.

6          THE COURT:  That's fine.  Thank you.  Good morning,

7    Mr. Qureshi.

8          MR. QURESHI:  Good morning, Your Honor.

9          THE COURT:  Good to see you.

10          MR. QURESHI:  For the record, Abid Qureshi, Akin

11    Gump Strauss Hauer & Feld, on behalf of the Committee.

12          THE COURT:  Yes.

13          MR. QURESHI:  We are, indeed, fully supportive of

14    the Motion.  Indeed, the relief that the debtors are seeking

15    is relief that we anticipate that the Committee might need as

16    well as we head into a litigation of some sort, and a couple

17    of things I wanted to highlight, Your Honor.  First, the point

18    about prejudice.

19          THE COURT:  Yes.

20          MR. QURESHI:  Because of the unique context of this

21    case and of the litigation that is to come, my understanding

22    is that the type of disclosure requirements under the Local

23    Rule are not something that exists either in Canada or in the

24    U.K. and, therefore, we would be placed at a very real

25    disadvantage relative to our adversaries in that litigation

1    and, specifically, the point about the identity of an expert

2    witness, be it a consulting expert or a testifying expert, I

3    just want to underscore to the Court the real prejudice that

4    could result to our side of that litigation, if we and only we

5    are required to publicly disclose well in advance of any date

6    applicable to the other parties who we have retained, what

7    type of expertise that person has, and what they may be doing

8    in these case, that is very real prejudice.  The Amended Order

9    that Your Honor has been handed is, again, something we are

10   fully supportive of.  The provisions that have been added to

11   that Order preserve, for this Court and for the Office of the

12   United States Trustee, the full ability to review, at the

13   appropriate time, the fees and expenses that have been

14   incurred by any such experts and to review the extent to which

15   those are appropriate.  And so we really don't think there's

16   any prejudice to the process and to the U.S. Trustee's

17   concerns, and at the same time, that language avoids any very

18   real prejudice to the litigating parties.

19            THE COURT:  All right.  Thank you, Mr. Qureshi.

20            MR. QURESHI:  Thank you.

21            THE COURT:  I'm withholding questions until I've

22   heard from everyone and had an opportunity to review the Order

23   with you.  Yes?

24            MR. KENNEY:  Good morning, Your Honor.

25            THE COURT:  Good morning, Mr. Kenney.

1      MR. KENNEY:  Mark Kenney, on behalf of the United

2  States Trustee.

3      THE COURT:  Yes, sir?

4      MR. KENNEY:  Your Honor, I understand what Mr.

5  Abbott and Mr. Qureshi are saying about this case is

6  different.  But let me point out that this is not the typical

7  case, but this is the pace setter Motion filed under the new

8  Local Rules 2014 and 2016.

9      THE COURT:  Sure.

10      MR. KENNEY:  And you can say this case is unique

11  but every case I've ever had, somebody has stood at the

12  lectern and argued but, Your Honor, this case is unique.  Your

13  Honor, every case is unique, you know.  That's one of the

14  reasons that they're in Delaware is because they're complex

15  cases and they are unique.  And no matter what we say about

16  the result of today's proceedings on this Motion, being a one

17  op Order that will never be followed, that's not how it works,

18  Your Honor.  The Order that is developed from today's

19  proceedings is going to be the model that is used for the next

20  Motion so that what we're looking at is not just what could

21  happen in this case, but ways that the relief that is granted

22  today is likely to be used and, unfortunately, misused in

23  future cases, you know, and I want to be very careful to say

24  I have no reason to believe that anybody in this case is

25  attempting to hide the ball.

1          THE COURT:  Right.

2          MR. KENNEY:  The problem is that, if we wind up

3   with an Order that enables somebody to do it, and again, it's

4   not necessarily in this case, but in future cases, people can

5   hide the ball.  We understand it is important to protect the

6   identity of experts, basically, until you reach a point in the

7   litigation where you would disclose who they are.

8          THE COURT:  That's right.

9          MR. KENNEY:  And there may be some experts that,

10  because you've consulted with them, decided not to retain

11  them.  You'll never be required outside of the bankruptcy

12  case to disclose their identity.

13         THE COURT:  Don't we need a provision in this new

14  Rule or amended Rule that says this does not apply to expert

15  witnesses?

16         MR. KENNEY:  Well, Your Honor, I think they were

17  trying to come up with something to deal with some issues in

18  some prior cases.

19         THE COURT:  Right.

20         MR. KENNEY:  And that, perhaps, unfortunately, the

21  way a lot of Rules develop is you write the Rule, you go to

22  apply it, and then you find out oh, we have a problem here;

23  we have a problem there.

24         THE COURT:  That's right.

25         MR. KENNEY:  And so you start drafting exceptions

1    to it and pretty soon, you wind up with lists of exceptions

2    that's longer than the Rule itself.

3            THE COURT:  Yes.

4            MR. KENNEY:  And, Your Honor, let me start with

5    disclosure of who people are because what we said is well,

6    first of all, obviously, this is not a procedure to be used in

7    any retention that would normally be done under 327 or 1103

8    and I don't think there's any disagreement about that.

9            THE COURT:  No disagreement that I've heard.

10   That's right.

11           MR. KENNEY:  The issue is what is not disclosed?

12   And clearly, I think Mr. Abbott has laid it out very clearly.

13   It's basically experts and maybe some people at the very

14   fringes of that, especially in foreign law where these people

15   are largely going to be used as experts.

16           THE COURT:  Right.

17           MR. KENNEY:  And it probably is appropriate early

18   on not to disclose who they are.  But at the same time, the

19   Court needs to maintain control over the retention and

20   compensation process and one of the only ways to do that is to

21   know who the people are early on, even if it's not disclosed

22   to everybody else yet.  But I think the yet is a really

23   important thing there.  Now, what they've proposed in the

24   blackline Order is that, at some point, any other party in

25   interest could move to unseal the identity of a particular

1    expert or I guess a particular retention.  The difficulty is,

2    Your Honor, when nobody knows who it is behind the curtain and

3    nobody knows when it's okay to lift the curtain because they

4    don't know what that person was doing, how can other parties

5    in interest effectively move for relief from the sealing of

6    that person's identity?  So I think we have to start there

7    that it's not a waiver of disclosure of identity; it's you're

8    deferring it and I think at a point where concealing that

9    person's identity or not disclosing it because of privilege or

10   confidential litigation strategy purposes, when you no longer

11   have that issue, it should be incumbent on whoever retained

12   that person to have the seal vacated.  It may mean keeping

13   track of who's been engaged.  But I think that whoever --

14   whatever professional is engaging another professional should

15   somehow be keeping track of it and know when it's appropriate

16   to make the full disclosure.  There may be some experts that

17   you'll need to disclose them early on because a decision will

18   be made if they're going to be a testifying expert and, of

19   course, under typical litigation Rules, you'd have immediate

20   disclosures.  You may have other consulting experts, decisions

21   made not to have them testify and not to have them produce any

22   kind of reports and, for those, it would -- the time for

23   disclosure would depend on when it's no longer a concern about

24   what they were consulted about --

25             THE COURT:  That's right.

1      MR. KENNEY:  -- when that strategy is basically off

2   the table or when the strategy has been completed or fully

3   executed.

4      THE COURT:  Now, isn't another concern though when

5   an expert would file a fee application that he would have to

6   -- he or she would have to identify the nature of the work

7   being performed and that might be tipping the hand of the

8   party?

9      MR. KENNEY:  Well, Your Honor, that goes to the

10  compensation issue and I was --

11     THE COURT:  Okay.

12     MR. KENNEY:  -- hoping to -- we could try to

13  separate the 2014 part from the 2016 part.

14     THE COURT:  Fine.

15     MR. KENNEY:  But, Your Honor, on the 2014 part,

16  what they're proposing is to file a Certification under seal.

17  Well -- but giving people an opportunity to object to it.

18  Well, Your Honor, if the whole Certification is under seal,

19  who could object to it because they won't know what's in it,

20  and I think maybe part of the answer there is not the

21  Certification of the circumstances for that particular expert

22  that needs to be sealed.  It's perhaps an attachment to that

23  Certification which is identifying the particular expert and

24  the scope of work that that expert is being retained for.

25     THE COURT:  That would be publicly filed you're

1  suggesting?

2          MR. KENNEY:  Oh, not -- no, Your Honor.  I'm

3  suggesting that if anything is sealed --

4          THE COURT:  Yes.  Oh, thank you.

5          MR. KENNEY:  -- it's just that.

6          THE COURT:  Okay.

7          MR. KENNEY:  It's just that.  The idea being -- I

8  think there should be a disclosure if we're hiring somebody.

9  We'll call it expert number 127.

10          THE COURT:  Right.

11          MR. KENNEY:  You know, you can have some kind of a

12  code to identify the people.  Clearly, a Certification has to

13  be developed.  It's not going to disclose privileged

14  information or litigation strategy.

15          THE COURT:  Right.

16          MR. KENNEY:  I understand that.  But I think that's

17  something that the Court and the parties, all of the parties

18  in interest, need to develop the form Certification and then

19  the portion that needs to be sealed --

20          THE COURT:  Right.

21          MR. KENNEY:  -- in every case.  But I think this

22  does need to be done on a professional-by-professional basis,

23  not on a blanket basis.  Then that way there is an ability for

24  whoever retains that expert or that professional to later on

25  unseal the identity of the expert and the scope of the work

1    that the person was performing.  And I think the whole idea

2    there, Your Honor, is that way nobody can say the ball is

3    being hidden.  There are litigation reasons to defer the

4    disclosure but it's not a waiver of disclosure; it's just

5    deferring it.  And I think, Your Honor, with respect to --

6    with some professionals that are being retained, it may be a

7    question of when you close out a particular matter on which

8    that person is engaged, if it's -- for example, if you

9    retained an expert in connection with one particular Motion to

10   look at something and then --

11            THE COURT:  Yes.

12            MR. KENNEY:  -- decided not to use them; I think,

13   at that point, you could make the public disclosure of who

14   they were and what you had engaged them for.  Again, you still

15   need to take care to preserve privilege, even if you no longer

16   need to preserve confidentiality and a litigation strategy and

17   I'll cede that that you're dealing with two different sets of

18   reasons for maintaining confidentiality and they may not

19   expire at the same times.  And with respect to privilege, the

20   need for that confidentiality, in some instances, would never

21   expire.  But I -- and I think that that might be more for the

22   reason for hiring them, as opposed to the identity in the

23   general scope of the work that they were to perform.  There

24   may be others that you'll reach a point in litigation where

25   you identify your testifying experts.  Well, at that point,

1   there would be no reason to seal the identity of that person

2   but there may still be reasons to seal the scope of the work

3   that they're performing if it goes beyond what it's -- if it

4   goes beyond your typical expert disclosures.  There may be

5   something where you don't want to fully reveal the litigation

6   strategy, but certainly, you know, expert number 127, is now

7   identified as Expert John Doe who has been engaged to testify

8   on the following subject.  And, Your Honor, there may, in

9   fact, be some experts that you need to defer disclosure.  This

10  would be the non-testifying experts or consultants.  You may

11  need to defer disclosure until a trial is completed or --

12          THE COURT:  Maybe an appeal.

13          MR. KENNEY:  An appeal.

14          THE COURT:  Because there could be --

15          MR. KENNEY:  There may be --

16          THE COURT:  -- a reversal and --

17          MR. KENNEY:  There may be some that -- I can't

18  really think of any at this point where you would need to do

19  that but there may be some that you need to wait until

20  confirmation.

21          THE COURT:  Sure.

22          MR. KENNEY:  But the point is, for every one of

23  them, there is a time when their identity and the scope of

24  their work can be fully disclosed and publicly disclosed and

25  basically, spread on the record of the Court openly for --

1   it's not just for the parties in interest, it's for the public

2   to see.  Maintaining the transparency of the system is

3   important.  We have to accommodate privilege.  We have to

4   accommodate confidential litigation strategy.  But, at some

5   point, there really is no need to fully seal the identity of

6   your experts and what they're being engaged to do.

7              THE COURT:  I mean the case law is so well-

8   developed about disclosing the identity of experts, but your

9   concern, and I guess the Court's concern in the revised Local

10  Rule is that when you're a debtor or a Committee and you're

11  using Estate funds, that, at some point, parties should be

12  advised of who was retained and how much they were paid.

13             MR. KENNEY:  I think that's exactly it, Your Honor.

14  It is when it's Estate funds.

15             THE COURT:  Yes.

16             MR. KENNEY:  And, of course, this is something

17  where everything that happens is happening at the expense of

18  the Estate.  So everything is being paid with Estate funds and

19  if you look at the total fees incurred so far in this Country,

20  and in the Canadian proceedings and the U.K. proceedings,

21  we're approaching ten percent of the value of the entire

22  Estate, Your Honor.

23             THE COURT:  Sure.

24             MR. KENNEY:  And we're just getting into some

25  litigation that could be one of the most expensive stages of

1    the case.

2         THE COURT:  Absolutely.

3         MR. KENNEY:  And that brings the second point, Your

4    Honor, with respect to compensation.  At some point, there

5    does have to be disclosure of compensation and I can

6    understand that, at certain stages of the litigation, the

7    expert isn't going to want to be spreading fee applications on

8    the record that disclose who the expert is, what the

9    litigation strategy is.  You know, I understand that.  But

10   there comes a time when even those invoices do need to be

11   spread on the record.  In many instances, they can be maybe

12   initially filed under seal.  But at some point, they also have

13   to be unsealed and I think it should be the retained

14   professional's burden to notify the Court when it's no longer

15   necessary to seal them and there has to be some ultimate

16   default date where if that notification hasn't been given,

17   everything is unsealed anyway.  They can certainly -- we

18   always encourage professionals in maintaining time records to

19   bear in mind that those records may need to be attached as

20   exhibits to fee applications and, for that reason, they should

21   be very conscientious about what they disclose about

22   privileged information and litigation strategy in their time

23   records.  There may be times when it's unavoidable, and in

24   those instances, it may be appropriate to redact.  But they

25   really should strive to minimize the need to redact

1   information.

2           THE COURT:  Well, your principal issue, as I read

3   it initially, was the concept of waiver versus deferral.

4   Waiver is --

5           MR. KENNEY:  Correct, Your Honor.

6           THE COURT:  Waiver is the problem; deferral is

7   something that can be sort of negotiated and we can figure out

8   a process for that.

9           MR. KENNEY:  Your Honor, to the extent you're using

10  the term negotiated, I think as long as the Court is

11  participating in those negotiations --

12          THE COURT:  Oh, yes.

13          MR. KENNEY:  I mean the Court has an independent

14  duty to review retentions and to review fees.

15          THE COURT:  Yes.

16          MR. KENNEY:  And --

17          THE COURT:  And your office, I'm sure, would also

18  like to receive the information.

19          MR. KENNEY:  We would like to receive that

20  information, Your Honor.  It's something that we have an

21  opportunity to monitor things as they're ongoing and to bring

22  things to peoples' attention early on.

23          THE COURT:  That's right.

24          MR. KENNEY:  And to the extent that we're able to

25  do that, we may be able to reduce the potential problems when

1    it comes time for people to file final applications.

2              THE COURT:  Right.

3              MR. KENNEY:  And, Your Honor, what I had -- what I

4    would propose with respect to the fee applications is, as Your

5    Honor said, there's something that should be filed

6    periodically.  They may not be fully disclosed line item by

7    line item in the professionals' own application, but there

8    should be something in there that very clearly calls attention

9    to a particular expert; again, by code name or code number so

10   that we can tell and so that we have an ability to review it;

11   the Court has an ability to review it, you know, whatever has

12   been sealed.  And then, ultimately, it is unsealed and I think

13   when it's ultimately unsealed, any party in interest should be

14   able to object to any portion of those fees if they believe

15   it's inappropriate and I think that if it's not approved, you

16   know, if for some reason a portion of it's not approved, it

17   would not be -- couldn't be reimbursed out of the assets of

18   the Estate.  Your Honor, I think it's something that can be --

19   I think with the Court's assistance, we can develop an

20   appropriate procedure.

21             THE COURT:  That's right.

22             MR. KENNEY:  But it's really important that we not

23   allow the new Rule to basically create a blanket exemption,

24   especially because the idea of the new Rule was actually to

25   create more disclosure.

1          THE COURT:  That's right.

2          MR. KENNEY:  And we shouldn't do something that,

3    while the new Rule may cause some issues in the case, we

4    shouldn't do something that completely undermines that Rule.

5    We should do something that actually seeks to effectuate the

6    Rule and I think it's possible.  I don't think we're

7    necessarily going to come up with the answer to that today or

8    in the next hour but I think it's something that the

9    professionals and, again, probably the input of all the

10   professionals involved in the case, and the Court to make sure

11   that we do something that does preserve transparency and

12   accountability.  Thank you, Your Honor.

13          THE COURT:  All right.  Thank you.  Thank you, Mr.

14   Kenney.  I appreciate your thoughtful arguments and just -- I

15   haven't really had a chance to read the Order because I've --

16   the Proposed Order, the blackline.

17          MR. ABBOTT:  Your Honor, I was actually going to

18   walk you through it.

19          THE COURT:  Yes, because I've been listening to you

20   but my sense is that you've attempted to sort of meet those

21   concerns that the U.S. Trustee's Office has expressed.

22          MR. ABBOTT:  We have, Your Honor, and perhaps if I

23   walk you through generally what we've done because, as you

24   look at the blackline, there's a lot of line.

25          THE COURT:  Yes.  I'd say that's the rule rather

1    than the exception.

2              MR. ABBOTT:  And that was largely, Your Honor,

3    created in response to the U.S. Trustee's Objection to try to

4    accommodate really deferral of disclosures and protection of

5    privilege and litigation strategy.  So if you look at the form

6    of Order that we have handed up, Your Honor, paragraph two,

7    what that really does is it suspends disclosure of the

8    identity of the retained professionals publicly.

9              THE COURT:  You take out the word waived, for one

10   thing, which is significant.

11             MR. ABBOTT:  Right.  And it essentially suspends

12   that disclosure until the strategy or privilege is no longer

13   implicated.  When the time comes, the way we've drafted it,

14   Your Honor, is that any party seeking that information could

15   move to unseal and we've specifically indicated that there

16   would be a Certificate filed under seal, as suggested by the

17   U.S. Trustee in our Objection, Your Honor.

18             THE COURT:  Yes.

19             MR. ABBOTT:  Explaining why the identity should be

20   withheld and allowing other parties to object.  Now, one

21   important distinction, Your Honor, is that if you disclose

22   that there's a Certificate filed and only seal the attachment,

23   you get to the timing and frequency and number of experts that

24   could be revealing of litigation strategy and that's one of

25   the things we were trying to avoid so that the notion of

1   filing the entire Certificate under seal made sense to us.

2   When it comes time to unseal it, Your Honor, our attempt here

3   was really a practical one.   There are 29 some professionals

4   retained.   There will be perhaps that many, or more, experts

5   retained by those parties and rather than put an affirmative

6   burden on the Estates that undoubtedly will cost lots of

7   administrative dollars to comply with, our thinking was it's

8   relatively simple.   If somebody has a concern and wants to

9   ask, they should call us and say will you unseal it.   If we

10  refuse to unseal it for whatever reason, then they can file a

11  Motion.   We'll get into that.   But rather than sort of

12  preordain the expenditure of significant Estate assets

13  administratively to answer a question that was not asked made

14  no sense to us, Your Honor, and that's why we constructed it

15  the way we did.

16          THE COURT:   I certainly don't like the concept of a

17  default disclosure because, you know, people get busy and they

18  sometimes overlook something and all of a sudden we have a

19  problem.

20          MR. ABBOTT:   That's no doubt, Your Honor.   In

21  paragraph three, Your Honor, what we have tried to do is make

22  sure that those retained professionals are subject to the

23  disclosures required in 2016-2(f), but provides limited

24  exceptions for flat fee billing arrangements for those

25  professionals, you know -- and typically, that's foreign

1  Counsel or others --

2           THE COURT:  Yes.

3           MR. ABBOTT:  -- that don't tend to bill on the

4  tenth hour increments that we're obligated to.  And again, the

5  detail of that would be filed under seal, again, until

6  disclosures are safe and when a party in interest would seek

7  those disclosures.  Now, the one thing we have contemplated,

8  Your Honor, is that the retaining professional, to borrow that

9  term from the U.S. Trustee's Objection, would have a line item

10  in its fee application that indicates, you know, sealed

11  professional fees and that detail, Your Honor, could be filed

12  with that fee application, under seal, as well.  So the Court

13  would have that all along so we're not trying -- you know,

14  obviously, Mr. Kenney makes the point, and it's a good point,

15  that the Court is responsible for --

16           THE COURT:  Yes.

17           MR. ABBOTT:  -- the retention and compensation of

18  professionals.  But the Court would have the detail.  Now,

19  Your Honor, frankly, we were willing to give that detail

20  confidentially to the United States Trustee's Office.  I

21  understand that that causes administrative problems there in

22  terms of safekeeping, storage.

23           THE COURT:  Oh.

24           MR. ABBOTT:  Perhaps FOIA requests, things like

25  that.  We're not looking to put them in a bind either, Your

1  Honor.  But, you know, the U.S. Trustee would be another party

2  that we'd be willing to share that information with as long as

3  it wasn't, you know, subject to some heightened disclosure as

4  a result of that sharing.

5          THE COURT:  Sure.  And that it's not too burdensome

6  on their office.

7          MR. ABBOTT:  Correct, Your Honor.

8          THE COURT:  Yes.

9          MR. ABBOTT:  Paragraph four, again, this one makes

10 clear that we are going to have a line item for those

11 retaining professionals indicating the retained professional

12 expense in those -- in the retaining professionals

13 compensation papers.  And then finally, Your Honor, and this

14 is an important point.  What we've done in paragraph five is

15 to try to eliminate any retroactive effect because it is the

16 case that there are, today, some of these experts who have

17 presently been retained, presently have been compensated, and

18 what we're trying to do there is to make sure that whatever

19 we're doing based on this Rule going forward is prospective

20 from the date of this Order forward and we're not having to go

21 back and recreate things that may, frankly, not ever have been

22 created because there was no requirement previously.  So that

23 is really what the Order is intended to do, Your Honor.  And

24 what we've again really tried hard to do is come up with a

25 workable practical resolution while protecting that ultimate

1  goal of transparency and disclosure of how Estate funds are

2  being spent on which professionals, but obviously, deferring

3  it.  Now, if I can --

4         THE COURT:  But we don't want to create a

5  disadvantage for parties using Estate funds when parties who

6  are not subject to the use of Estate funds would not have to

7  reveal such information.  I think there has to be a balance.

8         MR. ABBOTT:  Absolutely, Your Honor, and that's,

9  again, part of -- I mean highlighted by Mr. Qureshi but

10  certainly part of what we're looking --

11         THE COURT:  Yes.

12         MR. ABBOTT:  -- to avoid.  Now, Your Honor, we

13  recognize that this is the first time the Court is having to

14  deal with this Rule.  It does come in a case that is different

15  than many; perhaps not -- well, I guess it is unique.  You

16  admitted that it's unique.  But, you know, Your Honor, we'd be

17  willing to put a paragraph in this Order that simply said this

18  Order is not to be of precedential effect.  You know, we will

19  find an appropriate solution to apply in other cases, as

20  necessary, just like we're doing here.  We don't need to

21  suggest that one size fits all, and while I appreciate his

22  concern, I think Your Honor and your colleagues on the bench

23  have been very clear, where appropriate, in limiting rulings

24  to the facts at hand and I think this could be one of those

25  cases that -- where that would be appropriate.  Let me just

1  flip through my notes, Your Honor, quickly to see what other

2  things that Mr. Kenney suggested that I think we need to deal

3  with.  Oh, well, I addressed already, Your Honor, the notion

4  of serial Certificates indicating the timing and frequency

5  with which folks are being retained, being revealing of

6  strategy and something we're looking to avoid and that's why

7  we thought the whole thing ought to be under seal.

8         THE COURT:  Well, here's the only thing about that.

9  If you file something under seal under those -- under these

10  circumstances, people are going to know that it's an expert or

11  that it's, you know, a professional being retained pursuant to

12  these Local Rules it would seem to me.  So I don't know that

13  it's a secret when you file something under seal.

14         MR. ABBOTT:  Well, Your Honor, one -- and we

15  debated this because it is a difficult proposition.  You know,

16  one way to deal with it would be without that Certificate but

17  simply have the line item in the retaining professional's fee

18  application reference a sealed attachment that made further

19  disclosure, you know, of just what sort of builds into that

20  line item.  That would be one way to try to deal with it

21  without having a serial filing or something that, as Your

22  Honor points out, people would know about.  Again, that could

23  be -- the folks could seek to unseal those at an appropriate

24  time when things have been resolved, and we can fight about it

25  as necessary, but that would be one way to deal with that

1  issue.  The other -- well, Your Honor, I want to answer

2  whatever other question -- I have one final point that I need

3  to make but I want to make sure I'm responsive to Your Honor's

4  questions.

5            THE COURT:  No, no, no.  Go ahead.  I'm still on

6  the last point.

7            MR. ABBOTT:  Your Honor, unfortunately, we don't

8  have the luxury of time --

9            THE COURT:  Right.

10            MR. ABBOTT:  -- to negotiate the Jay Alix Protocol

11  here.

12            THE COURT:  That's right.

13            MR. ABBOTT:  This is a today issue.  There are

14  folks that are working; if not working today, will soon be

15  working, but were probably working yesterday on some of these

16  litigation fronts.  So it's not something we have the luxury

17  of time to debate.  The only circumstance that we thought you

18  might be able to buy time like that, and we don't think it

19  makes a lot of sense because the issues are relatively

20  discrete here and we think we've proposed a workable solution,

21  is if Your Honor simply ruled that until such time as there

22  was that negotiation with the Court concluded that the Rules

23  would have no effect in these cases and we thought that

24  actually ran counter to what the United States Trustee was

25  actually seeking and --

1          THE COURT:  That's right.

2          MR. ABBOTT:  -- that's why we didn't get quite that

3  aggressive, Your Honor.  But it is something we need to

4  resolve quickly.  And I appreciate why the U.S. Trustee may

5  find it difficult to reach an agreement and why Your Honor may

6  have to simply explain how it's going to happen, but we do

7  think that's important to be sooner rather than later, Your

8  Honor.

9          THE COURT:  I understand that, Mr. Abbott.  Sure.

10          MR. ABBOTT:  Now, Your Honor, whatever other

11  questions you have, you know, we're happy to try to respond

12  to.  If you think it makes sense to tweak that Order a little

13  bit to remove the Certificate being sealed but enhance some

14  description of an attachment to the retaining professional's

15  fee application, we could certainly do that if Your Honor

16  thought it was appropriate.

17          THE COURT:  That one I'm thinking about so.  That,

18  to me, is the one issue so far that I'm not sure how it's best

19  to deal with.

20          MR. ABBOTT:  Okay.

21          THE COURT:  Maybe Mr. Qureshi has a thought.  Mr.

22  Qureshi, any help you can provide will be appreciated.

23          MR. QURESHI:  Thank you, Your Honor.  I think I

24  have, perhaps, a solution to part of Mr. Kenney's issue.  Let

25  me start by saying I think there should be a mechanism so that

1    our adversaries in the litigation do not know either the

2    identity of a potential expert that we retained or, Your

3    Honor, the fact that we've retained one or two or whatever the

4    case may be because I think that, in itself, is information

5    that again would be asymmetrical in terms of what we are, or

6    in this case, are not getting from them.  That's one issue.

7    But where -- I think I may have a solution to Mr. Kenney's

8    concern is that when we reach the point in the case where,

9    whether it's for a consulting expert or a testifying expert,

10   disclosure of their identity, disclosure of the work they have

11   done, disclosure of what is required by the Local Rules is no

12   longer prejudicial; that at that point, there be an

13   affirmative obligation on the retaining party to file it.

14              THE COURT:  Well, testifying experts is easy

15   because --

16              MR. QURESHI:  It is.

17              THE COURT:  -- at some point, you're going to have

18   to disclose --

19              MR. QURESHI:  Sure.

20              THE COURT:  -- to the other side.

21              MR. QURESHI:  And as soon as they're disclosed,

22   obviously, you still have an issue with how much detail you

23   disclose --

24              THE COURT:  Right.

25              MR. QURESHI:  -- in the nature of the work that

1   they're doing.  But certainly, the fees they're incurring, who

2   they are, and, in general terms, what they're doing would need

3   to be disclosed.  So sure, with the testifying expert, it's

4   easy.  But with the consulting expert --

5              THE COURT:  That's the one.

6              MR. QURESHI:  -- there is also a point in the case,

7   and maybe it's the conclusion of the trial, it will depend

8   but, as long as there is an affirmative obligation on the

9   retaining party to publicly disclose everything that is

10  required by the Local Rule, then what you get, Your Honor, is

11  deferral and not exemption.

12             THE COURT:  Right.

13             MR. QURESHI:  And I think, ultimately, that is Mr.

14  Kenney's issue and so then it just becomes a question of

15  timing.  Now, if a party in interest in the case believes that

16  the point has already been reached where disclosures could be

17  made without prejudicing the litigation position, they would

18  certainly have the ability to come before the Court and say if

19  anybody has retained an expert, we think now is the time to do

20  it based on the stage that the litigation is in.  We think now

21  is the time for disclosure.

22             THE COURT:  Sure.

23             MR. QURESHI:  And the retaining parties could --

24             THE COURT:  Oppose that.

25             MR. QURESHI:  -- oppose it.

1                    THE COURT:  Right.

2                    MR. QURESHI:  But the affirmative obligation would

3     exist at the end so there would be deferral.

4                    THE COURT:  Yes.  Thank you, Mr. Qureshi.

5                    MR. QURESHI:  Thank you, Your Honor.

6                    THE COURT:  That's helpful, very helpful.  Thank

7     you.  Mr. Kenney?

8                    MR. KENNEY:  Thank you, Your Honor.  I mean it's

9     interesting because just in the last half-hour, we're

10    obviously watching some evolution here.

11                   THE COURT:  Sure.  And let me ask you this question

12    before you begin because the thought that I initially had on

13    this Motion was that the fee information, the retention and

14    fee information, would be provided to me, of course, and to

15    your office.  And now -- so it was a surprise to me that you

16    don't really want it.

17                   MR. KENNY:  No, Your Honor, it's not that we

18    don't want it.  It's that we want to be very clear that when

19    we get it --

20                   THE COURT:  Yes.

21                   MR. KENNY:  -- if we're getting it, I don't want

22    somebody just handing something to me and saying, here, it's

23    confidential.  See, I can't agree to that.  If Your Honor

24    tells me it's sealed, then it's sealed and I don't have an

25    issue with that.

1          THE COURT:  I see.

2          MR. KENNY:  And the idea is basically, I can't

3    agree with parties to confidentiality.

4          THE COURT:  Okay.  Sealed, all right, all right.

5          MR. KENNY:  Your Honor, there's a couple things.

6    I'm not really sure how the timing or the -- how disclosing

7    the timing or the number of experts you might be consulting

8    or engaging is disclosing anything to adversaries.  You

9    know, how that creates an asymmetrical disclosure.  I mean,

10   it may asymmetrical, but I'm not really sure --

11         THE COURT:  How it's prejudicial.

12         MR. KENNY:  -- how that's prejudicial to

13   strategy.  Now it could be that you're retaining a hundred

14   experts who are going to be testifying.  It could very well

15   be that you're engaging a hundred different experts to get a

16   hundred different opinions on the same set of facts.  Or

17   could be that you're engaging a hundred experts to get a

18   hundred separated opinions on a hundred separate set of

19   facts.

20         Now I think, you know, I do agree with what Mr.

21   Qureshi said about making it incumbent on the retaining

22   party to ultimately unseal that information.  Obviously, if

23   somebody believes that they were dragging their feet, they

24   should be able to move for an earlier disclosure.  And I

25   think, you know, Mr. Abbott talked about the burden involved

1  in doing that.  And, Your Honor, I think, if each estate

2  paid professional is maintaining some kind of spreadsheet of

3  who's been engaged, what they've been engaged for, it should

4  be a fairly ministerial process to assess when it's no

5  longer important to seal that information.

6            THE COURT:  Okay.

7            MR. KENNY:  You know, and I think it's not

8  something that I think is going to be an administrative

9  burden.  It's something that people can certainly lever

10 technology to make it easier.  I mean, there's a lot of

11 things you can accomplish with something as simple as an

12 EXCEL spreadsheet.  And if they want to use something more

13 sophisticated to make that analysis, that's fine.  The point

14 is, it's not something that requires a great deal of effort.

15           Your Honor, something else I'd like to touch on,

16 Paragraph 5 of the black line.

17           THE COURT:  Okay.

18           MR. KENNY:  I -- portions of this might be

19 appropriate with respect to people that are already engaged

20 because the law doesn't require you to do something futile.

21 It's not like we're going to say, okay, go back and create

22 records from the past where those records didn't exist

23 before.  That would be futile.  We're not asking that

24 anything retroactive be done in that respect.  But in terms

25 of filing fee applications and final applications, I think

1  that the professionals that are already engaged, and to the

2  extent that they're not already maintaining time records

3  that could ultimately be submitted, they should at least

4  start maintaining those records.  I mean, I think as a

5  minimum.  And again, it's an accountability issue, Your

6  Honor.

7           THE COURT:  I'm not sure this proposed order just

8  would be contrary to what you're suggesting.

9           MR. ABBOTT:  Your Honor, I think, and, in fact,

10  that's what we at least think we have proposed.  I do want

11  to make one point clear, however, Your Honor.  We do not

12  contemplate, nor do the new local rules contemplate, that

13  the retained expert, if you will --

14           THE COURT:  Right.

15           MR. ABBOTT:  -- would be filing a final fee

16  application.  The information contained in 2016(c),(d), and

17  (e), would be annexed to the retaining professionals' fee

18  application --

19           THE COURT:  Okay.

20           MR. ABBOTT:  -- when it comes to approval time --

21           THE COURT:  Because it's in effect an expense to

22  some degree.

23           MR. ABBOTT:  Oh, absolutely.

24           THE COURT:  Okay.

25           MR. ABBOTT:  And really, the burden I was talking

1   about wasn't tracking.  We can all track it, Your Honor.

2   The burden that I was talking about was lawyer hours,

3   drafting papers, moving to do things that may ultimately be

4   without need.  And that -- so I appreciate the ease of

5   tracking a spreadsheet.  What we were trying to avoid was

6   attorney hours, and fees, and charges filing motions done,

7   sealing things, when it may be that nobody really cares.

8   And so I was just trying to limit it.  You know, limit that

9   activity where a party at issue wanted the information for

10  some reason.  And frankly, I suspect at the appropriate

11  time, if they picked up and said, would you just agree to

12  give it to us?  We could do that, rather than systemically

13  forcing ourselves to fight through the issue which each of

14  these experts, Your Honor.

15          THE COURT:  Sure.  Thank you, Mr. Abbott.  Yes,

16  Mr. Kenny?

17          MR. KENNY:  Your Honor, something Mr. Abbott just

18  said about, you know, motions to unseal, the administrative

19  burden of that.  I think that whoever the retained

20  professional is wouldn't need to file a Motion to Unseal

21  something.  If they're the ones -- if they're the one who

22  under this order controls that process, they could simply

23  file a Notice of Unsealing.

24          THE COURT:  That's true.

25          MR. KENNY:  It does not -- the idea is it should

1  not be a complicated process.

2           THE COURT:  That's right.

3           MR. KENNY:  And what we really want to do is

4  we're looking for ways to facilitate transparency and

5  accountability.

6           THE COURT:  Yes.

7           MR. KENNY:  And obviously --

8           THE COURT:  A balance in here.

9           MR. KENNY:  -- making somebody incur additional

10  expense to maintain transparency isn't what we're looking

11  for.  We're actually looking for ways to do it as

12  inexpensively as possible.

13           THE COURT:  Yes.

14           MR. KENNY:  I think if whoever controls the seal

15  on that and we file something under seal, should be able to

16  simply file a Notice of Unsealing.  And I'm sure that the

17  clerk would maintain some record of who files something

18  under seal.  And it would be simple enough to make sure that

19  it's only that professional or that professional firm that

20  can unseal it, short of a Court order.

21           THE COURT:  Well here's another possibility that

22  I'm thinking about.  And I hate to admit that I sometimes

23  sit here thinking about things while I'm listening to you,

24  but I do.  And part of the problem with the whole sealing

25  issue and all is the filing of these documents.  And how

1  about if instead of filing them, they were submitted to

2  chambers?  They are documents being, in effect, produced for

3  the benefit of the Court.  For the Court to review, as the

4  Court, as you pointed out, Mr. Kenny, the Court is obligated

5  to review fee applications to make certain that they're

6  appropriate.  I don't know that we need to have these types

7  of applications filed.

8          MR. KENNY:  Well, Your Honor, I think the reason

9  for filing them is because they ultimately do need to be

10  spread on the record.  And that if they're just served on

11  chambers, that's not making them documents of record so that

12  what would be unsealed later.  And I think the idea is that

13  --

14          THE COURT:  You could do Notices of Submission

15  that when you submit it to my chambers that there's a notice

16  filed indicating that that has occurred.  I'm -- you know,

17  I'm still in the process of thinking this through, too, Mr.

18  Kenny.

19          MR. KENNY:  Is there --

20          THE COURT:  I'm not bound to anything yet.

21          MR. KENNY:  -- a counterpart obligation with

22  that, that ultimately the document that was submitted to

23  Chambers is filed openly on the docket?

24          THE COURT:  Yes, probably at the appropriate time

25  as we've been discussing.  And when the appropriate time is

1   is still a little bit of an open question, but, yeah.

2           MR. KENNY:  And then something else that Mr.

3   Abbott pointed out.  The professionals themselves may not be

4   filing applications or final fee applications, counsel would

5   be doing that.  But, of course, it's also incumbent on

6   counsel to basically police their professionals in terms of

7   what services they're billing and how they describe their

8   services so that they can -- so that parties in interest can

9   later in the case, when it's appropriate, to disclose those

10  time records, that they have the ability to assess them and

11  to object to them if it's appropriate to object, and for the

12  Court to rule on them.

13          THE COURT:  Okay.

14          MR. KENNY:  But I think since they're not filing

15  applications, it's largely going to fall on counsel or on

16  the professional to retain another professional, to work

17  with that retained professional, to make sure that they have

18  adequate records under Rule 2016.

19          THE COURT:  Okay, thank you.  Thank you, Mr.

20  Kenny.  Mr. Abbott?

21          MR. ABBOTT:  Your Honor, what we had contemplated

22  was, you know, I think as we've been doing, a line item in

23  the retaining professionals' fee application.

24          THE COURT:  Yes.

25          MR. ABBOTT:  It sort of stated the bottom line --

1          THE COURT:  Right.

2          MR. ABBOTT:  -- dollar-wise.

3          THE COURT:  That's right.

4          MR. ABBOTT:  And then referenced an attachment

5  that would identify the professional, the -- you know, the

6  sort of detail that you would -- that we would need that

7  would comply with the rule.  We had thought that that would

8  be filed under seal.  Your Honor, as we talk about it, I

9  fear that geez, do we need then to have a separate

10  attachment for each professional?  You know, because if

11  we're under an obligation to unseal at a given point, you

12  know, one professional might be ready for disclosure and one

13  might not be.  So that is again, why we had sort of tried to

14  push the burden on somebody else to say, tell us what you

15  want to know.  And to the extent that it's consistent with

16  protecting our strategy and privilege, we'll disclose it or

17  we'll bring it before Your Honor.  But the idea of having to

18  make each of these disclosures.  You know, we're looking to

19  simplify rather than complexify, if that's a word.

20          THE COURT:  Yeah, that's a good one.

21                    (Laughter)

22          MS. SCHWEITZER:  And we're fine, also.

23          MR. ABBOTT:  Complicated.

24          MS. SCHWEITZER:  Right.  We're fine also, instead

25  of under seal, of delivering to your chambers.  I mean, the

1    ultimate goal is to get the information to you.

2              THE COURT:  Well --

3              MS. SCHWEITZER:  So either way is --

4              THE COURT:  -- that's what I thought.

5              MS. SCHWEITZER:  Right.  So that --

6              THE COURT:  You know, let me say this.  This is

7    -- as is been pointed out, this is the first time these

8    issues have arisen.  It's not going to be the last time.

9    You know, I am not a person who worries about slippery

10   slopes because if I did that, I wouldn't get out of bed in

11   the morning.  You know, it's that kind of thing.

12                      (Laughter)

13             THE COURT:  But I think that the Debtors'

14   proposal, the proposed amended order is awfully close to

15   where I would like to see things come out.  Perhaps with

16   just a little bit of tweaking.  I think we're close.  It's

17   clearly deferral, not waiver.  It maintains -- it balances,

18   I think.  And that's what we're talking about here,

19   competing interests that we have here, which is not

20   revealing strategy.  At the same time, recognizing that

21   there is a responsibility to report information about fees

22   and expenses of retained professionals, but deferring that

23   information, so that it does not reveal strategy.  And, you

24   know, when that information is revealed, I think could be

25   determined later.  I don't think we have to determine that

1  today.  Although it -- because I do remain concerned,

2  frankly, that if you've consulted and there's an appeal, and

3  there's a reversal, and it comes back for retrial, suddenly,

4  if at the conclusion of the trial, that information has been

5  disclosed, you've got a problem on the trial, the second

6  trial.

7            MR. ABBOTT:  No question, Your Honor.

8            THE COURT:  And that causes me a little bit of

9  hesitation right there.  So, you know, I mean, perhaps it

10  would be even, you know, when the order becomes final after

11  the trial or something of that nature.

12            MR. ABBOTT:  Your Honor, let me -- it's not my

13  style to try to negotiate the form of order with the Court

14  in the courtroom --

15            THE COURT:  No, what about negotiating, we can

16  try to talk it through.  I appreciate that.

17            MR. ABBOTT:  We've got maybe a couple changes

18  that I think may get to where Your Honor was headed.

19            THE COURT:  Yeah.

20            MR. ABBOTT:  If you look at the black line, Your

21  Honor.

22            THE COURT:  Yes.

23            MR. ABBOTT:  Paragraph 2.

24            THE COURT:  Sure.

25            MR. ABBOTT:  The tenth line down in Paragraph 2,

1  Your Honor, where it says the identity of such a retained

2  person shall be -- it talks about a -- the retained -- the

3  filing the identity, you know, the certificate, talking

4  about the identity of the retained professional being filed

5  under seal.  Maybe if we just say instead of shall be

6  required to file under seal, just say shall deliver to

7  chambers --

8           THE COURT:  Yes.

9           MR. ABBOTT:  -- a certification.

10          THE COURT:  Yes.

11          MR. ABBOTT:  And, Your Honor, the same change

12  would be in Paragraph 3 on Page 3 of the black line, the

13  tenth line down.  Ten in each case, oddly enough.  On Page

14  3, similarly, instead of being filed under seal, delivered

15  to chambers.  But that concept, Your Honor, we may have to

16  tweak another adverb or preposition or something --

17          THE COURT:  Yes, I understand.

18          MR. ABBOTT:  -- to make that work, but that would

19  be the concept that we're talking about.  Actually, I think,

20  actually, if you go one, two, three, four lines up from

21  where we talked about where it says shall file, we can

22  simply say, shall prepare.

23          THE COURT:  Yes.

24          MR. ABBOTT:  I have to figure out how to fix that

25  in Paragraph 2 now, Your Honor.

1           THE COURT:  Uh-oh, let's see.

2           MS. SCHWEITZER:  No, it's not a --

3           MR. ABBOTT:  I think it's --

4           MS. SCHWEITZER:  I don't we have to file

5  anything.

6           MR. ABBOTT:  You're right.  I think it's --

7           MS. SCHWEITZER:  Let me check it out and then --

8           THE COURT:  Yes, that's right.  Mr. Kenny, are we

9  getting -- my sense is we're very close to what you're

10  concerns are.

11          MR. KENNY:  We may be, Your Honor.  One concern

12  would be that if something is prepared and just delivered to

13  chambers, how does the public -- how do other constituents

14  in the case, how does the public know it's even out there?

15          MR. ABBOTT:  Well, Your Honor, there will still

16  be that line item in the fee application of the retaining

17  professional, and an attachment to that that is sealed that

18  would include the relevant information.  At least that's --

19          THE COURT:  Well, I'm going to need something on

20  the envelope that indicates what's in the envelope.

21          MS. SCHWEITZER:  Right.

22          THE COURT:  You know, that it's in Nortel and

23  that it's so and -- it's, you know, a professional fee

24  information.  And perhaps you could do a notice.

25          MR. ABBOTT:  Your Honor, Ms. Cordo, who

```
 1   unfortunately bears the burden of much of the fee
 2   application process --
 3                THE COURT:  Yes.
 4                MR. ABBOTT:  -- has suggested that maybe one way
 5   to do it, Your Honor, would be when we prepare the binders
 6   for the quarterly fee hearings --
 7                THE COURT:  Right.
 8                MR. ABBOTT:  -- in the case --
 9                THE COURT:  Right.
10                MR. ABBOTT:  -- to include at that time, the
11   records, you know, marked clearly for in camera review in
12   connection with --
13                THE COURT:  Oh, that's a good idea because -- and
14   that way I'm not getting one a week or something like that,
15   you know.  I get them all at one time.
16                MR. ABBOTT:  Can we have one moment, Your Honor?
17                THE COURT:  Of course.  Would you like maybe a
18   five to ten minute recess to go through some of this?
19                MR. ABBOTT:  That would probably make sense, Your
20   Honor.  And if you would like a clean copy of that black
21   line again --
22                THE COURT:  I'm just going to take --
23                MR. ABBOTT:  Okay.
24                THE COURT:  I'm fine with the black line and
25   we'll take a ten minute recess.
```

1          MR. ABBOTT:  Thank you, Your Honor.

2               (Recess 11:08 a.m. to 11:37 a.m.)

3          THE CLERK:  Please rise.

4          THE COURT:  Thank you, all.  Please be seated.

5          MR. ABBOTT:  Thank you, Your Honor.

6          THE COURT:  Yes, Mr. Abbott.

7          MR. ABBOTT:  Your Honor, we spent a lot of time

8  talking out here.

9          THE COURT:  Yes.

10          MR. ABBOTT:  And we're just all at this point,

11  hoping that you're smarter than we are and have come up with

12  a solution that works.

13                    (Laughter)

14          THE COURT:  I wear the robe, but that does not

15  make me smarter.

16                    (Laughter)

17          THE COURT:  So tell me, tell me where you are

18  though.

19          MR. ABBOTT:  Well, Your Honor, I think we've got

20  just about all of it worked out.  The one open point --

21          THE COURT:  Yes.

22          MR. ABBOTT:  -- I think is the timing and burden

23  on ultimate public disclosure, if ever.

24          THE COURT:  Okay.

25          MR. ABBOTT:  And so, maybe I can sort of talk

1  Your Honor through a handful of changes we've made that we

2  think make it work.  And we can get into that point at the

3  end of that, if we need to, the open point.

4          So, Your Honor, in -- and I'm unfortunately

5  working off that black line.  But again, that tenth line

6  down in Paragraph 2 --

7          THE COURT:  Right.

8          MR. ABBOTT:  -- we would strike, be required to

9  file under seal with the Court, and insert in its place,

10  deliver to chambers and which shall be deemed to have --

11  deemed to be made --

12          MS. CORDO:  Which shall be deemed to be made.

13          MR. ABBOTT:  Which shall deemed to be made under

14  seal.  So the delivery to chambers is deemed under seal.

15          THE COURT:  Right, right.

16          MR. ABBOTT:  And that, I think, fixes Mr. Kenny's

17  problem by having a seal.

18          THE COURT:  And I was going to follow Ms. Cordo's

19  brilliant idea, that basically it would be a group delivery

20  of all of these, or do you prefer to do it on a one-by-one

21  basis?  Which seems to get awfully complicated.

22          MR. ABBOTT:  It's probably easier for Your Honor

23  if we did it in sort of a maybe a monthly aggregate kind of

24  --

25          THE COURT:  I think so.  Otherwise, they're going

1   to be lost and --

2           MR. ABBOTT:  And what would happen would be the

3   retaining professionals would probably deliver something in

4   a sealed envelope to us that said, you know, monthly 2014

5   disclosures under seal.  And then we could box them up and

6   --

7           THE COURT:  Yes.

8           MR. ABBOTT:  -- send them to Your Honor once a

9   month.

10          THE COURT:  Right.

11          MR. ABBOTT:  We wouldn't, obviously, open or see

12  any of them, we would only take what people send to us and

13  forward it to Your Honor.

14          THE COURT:  There you go.  I think that works.  I

15  think that helps you and it certainly works for me.

16          MR. ABBOTT:  Then --

17          THE COURT:  I don't know that we have to have

18  that in the orders quite --

19          MR. ABBOTT:  I agree, Your Honor.

20          THE COURT:  That's starting to get awfully

21  complicated.

22          MR. ABBOTT:  Right.  I think we can -- we all

23  understand that everybody who's here and we'll tell people

24  who are not here.

25          THE COURT:  Most importantly, Ms. Cordo

1    understands it.  That's fine with me.

2                        (Laughter)

3                MR. ABBOTT:  Correct.  Your Honor, on Page 3 in

4    Paragraph 3, one, two, three, four, five, sixth line down --

5                THE COURT:  Right.

6                MR. ABBOTT:  -- we strike file, insert prepare.

7    Seven, eight, nine, ten down, we strike may be filed under

8    seal and insert, shall be delivered to chambers and which

9    shall be deemed to be made under seal.  Eleven, twelve,

10   thirteen lines down, after the word records period, we

11   insert before the period, or the Court may order such

12   disclosure.

13               THE COURT:  Yes.

14               MR. ABBOTT:  The following line, where it says

15   have an opportunity to object, we simply say, have an

16   opportunity to seek the public filing.  Strike under seal of

17   such records.  And then two lines further, where it says

18   which have been filed under seal, it should say, which have

19   been delivered to chambers.

20               THE COURT:  Yes.

21               MR. ABBOTT:  Under seal.

22               THE COURT:  Yes.

23               MR. ABBOTT:  And that -- those are the changes

24   that we contemplated to the order.  The only, I think, open

25   issue is that Mr. Kenny would very much like the Debtors or

1  the retaining professionals to have some obligation at some

2  point in the future, to unseal everything.  But we talked

3  about lots of different permutations about how, and why, and

4  when, and we were not ultimately able to come up with

5  agreement on that.  However, Your Honor, I think the

6  addition of the order -- as otherwise ordered by the Court

7  concept to this order, means that Your Honor can, at the

8  appropriate time, say you want it all disclosed or --

9           THE COURT:  That's what I was thinking.

10          MR. ABBOTT:  -- perhaps it gives Mr. Kenny the

11 right at what he thinks is the appropriate time, to ask Your

12 Honor to do that, and reserve rights with respect to that.

13 I mean, we don't need to try to figure out what the Rubik's

14 cube looks like, you know, a year from now, or two years

15 from now, or whatever it's going to be.

16          So I think we're comfortable having Your Honor

17 enter this order without an allocation of that

18 responsibility.  Understanding it's an issue that may cause

19 us to be back in front of Your Honor, but we, again, are

20 trying to manage this a little bit by exception.  And if

21 there's a squeaky wheel, we'll figure out a way to get it

22 greased.  But if there's not, then maybe it would be a lot

23 of work for naught, if we were to undertake some affirmative

24 burden today and that's what we're trying to avoid.

25          THE COURT:  Mr. Kenny, yes, sir.  Yes, please.

1          MR. KENNY:  Thank you, Your Honor.  I appreciate

2   what they're doing, Your Honor, but the point is that as

3   long as we have -- if we don't have some provision built in

4   that says there's a time when everything will be disclosed,

5   even if we put the burden on the professionals, the

6   retaining professionals to exercise their discretion as to

7   when it gets disclosed, and there's some point in the case

8   where there's really no need for it, then what we could wind

9   up with is effectively a waiver instead of having a

10  deferral.  You know, and I understand --

11          THE COURT:  Could we put in this order -- would

12  this help?  Words to the effect, the determination of how

13  and when the sealed filings will be publicly filed is an

14  issue which remains to be determined?

15          MR. KENNY:  Your Honor, if that's the best I can

16  get, I'll take it.

17          THE COURT:  And it seems to me, that way, we can

18  deal with it.  But my initial thought when I was in the back

19  was that the Court could ask, or any party in interest could

20  ask.  In other words, the Court could issue an order.

21          MR. KENNY:  Right.

22          THE COURT:  For a rule to show cause why they

23  should not now be filed publicly.  My guess is 90 percent of

24  the cases nobody's going to care.  But I understand that

25  your office is concerned still about the transparency and

1    that's fair.

2           MR. KENNY:  Right.  And, Your Honor, I mean, the

3    reality is sometimes even long after a plan has been

4    confirmed, sometimes even after a case has been disclosed,

5    people still want -- people still have a reason to go back

6    and look at the records from that case.

7           THE COURT:  That's true.

8           MR. KENNY:  And which is another --

9           THE COURT:  That's fair.

10          MR. KENNY:  -- reason why, again, if you -- if

11   something is left sealed, then nobody gets the benefit of it

12   and we've lost some of that transparency.

13          THE COURT:  Yeah.  And I think we could put in a

14   default provision that, you know, ten days after the order

15   becomes final, the documents will be publicly filed, or

16   something like that.  You know, that's a possibility, too,

17   to think about, because --

18          MR. ABBOTT:  I'm not sure -- I'm sorry, Your

19   Honor.  I'm not sure I follow the concept there.

20          THE COURT:  I guess, when I say an order, after

21   confirmation.

22          MR. KENNY:  And no longer subject to appeal.

23          THE COURT:  And it's no longer subject to appeal,

24   it's become final.

25          MR. ABBOTT:  Your Honor, I think we're

1  comfortable with Your Honor's suggestion about timing to be

2  determined --

3          THE COURT:  Oh, that I'm going to put in for

4  today.  Yeah, I think that should be here today.  That way

5  we can get the order entered.

6          MR. ABBOTT:  And then the rest of it is TBD.

7          THE COURT:  Yes.  And frankly, I'll take this up

8  with my colleagues and I'll find out who did this.

9                      (Laughter)

10         MS. SCHWEITZER:  The goal is to have the local

11 rule removed by the time of our final fee application.

12         THE COURT:  It may be.

13                      (Laughter)

14         THE COURT:  It's possible, Ms. Schweitzer.  But

15 we have some discussing to do.  Because I really don't think

16 that the rule works particularly well as written for

17 experts, you know, expert witnesses, but we'll talk about

18 that a little bit among ourselves.  But in the meantime, at

19 least we've got something in place that I think meets the

20 concerns.  Certainly, the concerns of the Debtors.  And for

21 the most part, addresses Mr. Kenney's and his office's

22 concerns.  And leaves at least to another day, the final

23 question.

24         MR. KENNY:  Your Honor, can we have an expressed

25 provision?  I know I've been told by the professionals that

1   it's not their intent to have this be any kind of a proxy or

2   substitute for a 327 or 1103.  And can we just get -- agree

3   to put a provision in there that, you know, it will not be

4   used for any retention that would be subject to 327 or 1103?

5            MS. SCHWEITZER:  Is there a specific concern?  I

6   mean, we've told you the types of people that are going

7   under here.

8            MR. KENNY:  Again, it's not just a concern for

9   here, it's somebody in another case looking at this order

10  and saying, I'm going to use this order.  And in this other

11  case, I'm going to drive a coach-and-six through it.

12           MR. ABBOTT:  Well, Your Honor, my concern with

13  that would be --

14           THE COURT:  How does it get teed up for one

15  thing?

16           MR. ABBOTT:  Well I --

17           THE COURT:  Because nobody's going to know who it

18  is except me.

19           MR. ABBOTT:  Well as a practical matter, what may

20  be in an ordinary -- or in a different case, not an ordinary

21  case, a different case, somebody that a party would retain

22  under 327, may not be somebody that would be retained under

23  the 327 here.  I think we're already cabined by the

24  litigation strategy and privilege issues.  You know, I'm

25  going to make up an example that has nothing to do with

1   anything currently going on in the case.  But Your Honor may

2   recall, we retained compensation consultants earlier in this

3   case.

4              THE COURT:  Yes, yes.

5              MR. ABBOTT:  We did that to develop -- we did it

6   publicly.  We filed fee -- or retention application all with

7   the guise of creating, you know, employee retention plan --

8   or not retention, but employee incentive plans, and bonus

9   plans, and those sorts of things.  If we retained that same

10  sort of person as an expert in some hypothetical litigation

11  about compensation of employees, they might fit under this

12  rubric in litigation strategy and privilege when otherwise,

13  we would have filed them as a 327.

14             MS. SCHWEITZER:  I think --

15             MR. ABBOTT:  And I'm searching, Your Honor, but

16  I'm --

17             THE COURT:  Yeah.

18             MR. ABBOTT:  -- just trying to avoid putting

19  ourselves in a box that we would not --

20             THE COURT:  I think -- could we handle it this

21  way?  Ms. Schweitzer --

22             MS. SCHWEITZER:  Yeah.

23             THE COURT:  -- and I will hear from you, but at

24  my age, I forget things.

25             MS. SCHWEITZER:  That's okay.  And you're a good

1    Judge.

2                        (Laughter)

3              THE COURT:  Something to the effect that in

4    proceeding this way, the parties are certifying they are not

5    trying, attempting to circumvent those rules.

6              MR. ABBOTT:  Yeah, or even, yeah, the procedures

7    here are not intended to obviate --

8              THE COURT:  Those good intentions.

9              MR. ABBOTT:  -- you know --

10             MS. SCHWEITZER:  Right.

11             MR. ABBOTT:  -- applicable law and rules,

12   including without limitation 327 and 1103.

13             THE COURT:  Correct.

14             MS. SCHWEITZER:  Right.

15             THE COURT:  And -- yeah.

16             MS. SCHWEITZER:  Right.  Yeah, and I think, Your

17   --

18             THE COURT:  Ms. Schweitzer?

19             MS. SCHWEITZER:  Yeah, Your Honor, the only

20   thing, obviously, that we're concerned about is that no --

21   it's not an I gotcha test on the professionals, right?

22             THE COURT:  Of course, of course.

23             MS. SCHWEITZER:  And so the Court and Mr. Kenny's

24   office will both have copies of the people being retained

25   and the time details.  And if there's a concern, we would

1   expect someone to raise it with us.  That it's not that

2   someone's, you know -- that's our concern.  Is that we're

3   not somehow taking on additional liability if that were the

4   current --

5            THE COURT:  No, no, and that your professionals

6   aren't risking non-payment because of some glitch.

7            MS. SCHWEITZER:  Right, exactly, so.

8            THE COURT:  Mr. Kenny?

9            MR. KENNY:  Your Honor, we already do that with

10  ordinary course professionals.

11           THE COURT:  Yes.

12           MR. KENNY:  That, obviously, if I get an

13  affidavit for an ordinary course professional, if I have an

14  issue with them coming in as an OCP, I bring it to the

15  attention of the retaining professional.

16           THE COURT:  Right.

17           MR. KENNY:  And --

18           THE COURT:  Okay.

19           MR. KENNY:  -- in all of my time here, that has

20  never become an issue.

21           THE COURT:  I've never had that as an issue,

22  that's correct.

23           MR. KENNY:  The issue is sometimes getting them

24  to then submit a timely application.

25           THE COURT:  Uh-huh.

1          MR. ABBOTT:  So, Your Honor, one paragraph that

2    we would add to this would be the timing and manner in which

3    anything deemed sealed hereby shall be publicly disclosed,

4    shall be determined by the Court in its discretion.

5          THE COURT:  Right.

6          MR. ABBOTT:  And then another paragraph that

7    would simply say, the provisions hereof are not intended to

8    obviate applicable law and rules including without

9    limitation, Sections 327 and 1103 of the Bankruptcy Code.

10          THE COURT:  Yes.  That does it, I think.  That

11   meets my concerns.

12          MR. ABBOTT:  So we will add those two provisions.

13   It probably would make sense --

14          THE COURT:  Whatever you prefer.

15          MR. ABBOTT:  Why don't we conform it, because

16   we're all here and we can all just write it --

17          THE COURT:  I think that's the -- that's just as

18   fine.  Whoever has the best handwriting is assigned.

19          MR. ABBOTT:  I can assure you that it's not me,

20   Your Honor.

21                    (Laughter)

22          MS. SCHWEITZER:  Right.  Ms. Cordo, may save the

23   day again.

24                    (Laughter)

25          THE COURT:  It may be.  It just could be.  All

1    right.  That's fine.

2              MR. ABBOTT:  So we'll do that.  And, Your Honor,

3    once we've carefully written all that down --

4              THE COURT:  Yes.

5              MR. ABBOTT:  -- we will knock on --

6              THE COURT:  Hand it in to chambers because I'll

7    have a hearing starting in about five minutes.

8              MS. SCHWEITZER:  Okay.

9              MR. ABBOTT:  Okay, we'll do that, Your Honor.

10             THE COURT:  A contested hearing.

11             MS. SCHWEITZER:  Okay.

12             THE COURT:  And but I thank, Counsel.  And I

13   think it's a good first crack at this.  And I will be

14   discussing it with my colleagues.  All right, everyone?

15             MR. ABBOTT:  Thank you, Your Honor.

16             THE COURT:  Good to see you all.  I will see

17   everyone, I guess probably, Thursday.

18             MS. SCHWEITZER:  Yeah.

19             MR. KENNY:  Yes, you will, Your Honor.

20             THE COURT:  All right.  We'll -- yes.

21             MS. SCHWEITZER:  Thank you, Your Honor.

22

1          THE COURT:  We'll stand in recess.

2      (Whereupon, at 11:52 a.m., the hearing was adjourned.)

3

4                          CERTIFICATION

5          We certify that the foregoing is a correct

6  transcript from the electronic sound recording of the

7  proceedings in the above-entitled matter.

8

9

10  _____          5 March 2013
11  Traci L. Calaman, Transcriber                Date
12  Diaz Data Services, LLC

| Word | Page:Line |
|---|---|
| **2016(c),(d**(1) 45:16 | |
| **a.m**(5) 1:15 4:1 56:2 56:2 70:2 | |
| **abbott**(136) 1:23 4:4 4:5 4:7 4:7 4:12 4:17 4:20 4:23 5:7 11:8 11:9 11:10 11:14 11:17 11:20 12:12 12:14 13:1 13:3 13:6 13:13 14:3 14:5 14:12 14:16 15:4 15:7 15:14 15:21 16:5 16:23 16:24 19:5 21:12 31:17 31:22 32:2 32:11 32:19 33:20 34:3 34:17 34:24 35:7 35:9 36:8 36:12 37:14 38:7 38:10 38:13 39:2 39:9 39:10 39:20 43:25 45:9 45:15 45:20 45:23 46:15 46:17 49:3 49:20 49:21 49:25 50:2 50:4 50:23 52:7 52:12 52:17 52:20 52:23 52:25 53:9 53:11 53:18 53:24 54:3 54:6 54:15 54:25 55:4 55:8 55:10 55:16 55:19 55:23 56:1 56:5 56:6 56:7 56:10 56:19 56:22 56:25 57:8 57:13 57:16 57:22 58:2 58:8 58:11 58:16 58:19 58:22 59:3 59:14 59:21 59:23 60:10 62:18 62:25 63:6 64:12 64:16 64:19 65:5 65:15 65:18 66:6 66:9 66:11 68:1 68:6 68:12 68:15 68:19 69:2 69:5 69:9 69:15 | |
| **abid**(2) 2:13 17:10 | |
| **ability**(7) 16:14 18:12 24:23 30:10 30:11 41:18 49:10 | |
| **able**(8) 13:25 29:24 29:25 30:14 38:18 43:24 47:15 60:4 | |
| **ably**(1) 9:24 | |
| **about**(48) 5:8 10:24 11:21 13:18 15:5 16:1 16:21 17:18 18:1 19:5 19:15 21:8 22:23 22:24 27:8 28:21 28:21 31:8 37:22 37:24 39:17 43:21 43:25 46:1 46:2 46:18 47:22 47:23 48:1 50:8 51:9 51:18 51:21 52:15 53:2 53:4 53:19 53:21 56:20 60:3 60:3 61:25 62:17 63:1 63:17 65:11 66:20 69:7 | |
| **aboveentitled** (1) 70:7 | |
| **absolutely**(3) 28:2 36:8 45:23 | |
| **accommodate**(3) 27:3 27:4 32:4 | |
| **accomplish**(1) 44:11 | |
| **accountability**(3) 31:12 45:5 47:5 | |
| **aced**(1) 11:17 | |
| **activity**(1) 46:9 | |
| **actually**(11) 7:18 8:14 13:22 30:24 31:5 31:17 38:24 38:25 47:11 53:19 53:20 | |
| **add**(2) 68:2 68:12 | |
| **added**(3) 10:14 10:19 18:10 | |
| **addition**(1) 60:6 | |
| **additional**(2) 47:9 67:3 | |
| **address**(2) 5:22 16:19 | |
| **addressed**(2) 6:9 37:3 | |
| **addresses**(1) 63:21 | |
| **adequate**(1) 49:18 | |
| **adjourned**(2) 4:10 70:2 | |
| **administered**(1) 1:6 | |
| **administrative**(4) 33:7 34:21 44:8 46:18 | |
| **administratively**(1) 33:13 | |
| **administrators**(1) 2:19 | |
| **admit**(1) 47:22 | |
| **admitted**(1) 36:16 | |
| **admittedly**(1) 16:10 | |
| **advance**(1) 18:5 | |
| **adverb**(1) 53:16 | |
| **adversaries**(3) 17:25 40:1 43:8 | |
| **advised**(1) 27:12 | |
| **advisors**(1) 15:14 | |
| **advocate**(1) 14:22 | |
| **affidavit**(1) 67:13 | |
| **affiliate**(2) 9:6 9:9 | |
| **affirmative**(5) 33:5 40:13 41:8 42:2 60:23 | |
| **after**(9) 15:10 15:25 16:20 52:10 59:10 62:3 62:4 62:14 62:20 | |

| Word | Page:Line |
|---|---|
| **again**(23) 7:3 11:10 15:15 18:9 20:3 25:14 30:9 31:9 34:4 34:5 35:9 35:24 36:9 37:22 40:5 45:5 50:13 55:21 57:5 60:19 62:10 64:8 68:23 | |
| **age**(1) 65:24 | |
| **agenda**(3) 4:10 5:9 11:10 | |
| **aggregate**(1) 57:23 | |
| **aggressive**(1) 39:3 | |
| **agree**(6) 42:23 43:3 43:20 46:11 58:19 | |
| **agreeing**(1) 14:1 | |
| **agreement**(2) 39:5 60:5 | |
| **ahead**(1) 38:5 | |
| **aimed**(1) 15:23 | |
| **aim**(1) 12:2 | |
| **akin**(2) 2:11 17:10 | |
| **alix**(1) 38:10 | |
| **all**(38) 5:3 5:25 6:11 6:23 9:14 9:18 10:10 13:17 16:2 16:23 18:19 21:6 24:17 31:9 31:13 33:18 34:13 36:21 43:4 43:4 46:1 47:25 55:15 56:4 56:10 56:20 57:20 58:22 60:8 65:6 67:19 68:16 68:16 68:25 69:3 69:14 69:16 69:20 | |
| **allay**(1) 15:2 | |
| **allen**(1) 2:46 | |
| **allocation**(1) 60:17 | |
| **allow**(1) 30:23 | |
| **allowance**(1) 6:24 | |
| **allowances**(1) 5:14 | |
| **allowing**(1) 32:20 | |
| **along**(1) 34:13 | |
| **already**(8) 14:18 37:3 41:16 44:19 45:1 45:2 64:23 67:9 | |
| **also**(9) 5:17 15:22 17:3 28:12 29:17 41:6 49:5 50:22 50:24 | |
| **although**(2) 13:10 52:1 | |
| **always**(1) 28:18 | |
| **amended**(3) 18:8 20:14 51:14 | |
| **among**(2) 9:22 63:18 | |
| **amount**(2) 7:23 13:16 | |
| **amounts**(1) 7:1 | |
| **analysis**(1) 44:13 | |

| Word | Page:Line |
|---|---|
| **and**(301) 4:21 5:13 5:17 5:18 5:20 6:4 6:5 6:7 6:9 6:12 6:21 6:25 7:1 7:3 7:8 7:9 7:10 7:11 7:15 7:16 7:17 7:17 7:18 7:23 8:3 8:7 8:11 8:14 8:21 8:24 9:6 9:8 9:10 9:22 9:23 9:24 10:2 10:12 10:15 10:18 10:19 10:20 10:20 11:5 11:23 11:23 11:24 12:1 12:5 12:7 12:22 13:9 13:11 13:11 13:15 13:18 13:19 14:8 14:12 14:13 14:17 14:18 15:14 15:14 15:15 15:23 16:1 16:6 16:7 16:7 16:9 16:16 16:19 17:16 17:21 17:24 18:1 18:4 18:7 18:11 18:13 18:14 18:15 18:16 18:17 18:22 19:5 19:8 19:10 19:12 19:15 19:15 19:22 19:23 20:3 20:9 20:20 20:22 20:25 21:1 21:4 21:8 21:12 21:13 21:17 21:19 21:20 21:22 22:15 22:18 22:21 22:22 23:7 23:10 23:20 23:23 24:17 24:18 24:25 25:1 25:5 25:5 25:10 25:14 25:16 25:16 25:18 25:19 25:21 26:8 26:16 26:23 26:24 26:24 27:6 27:9 27:10 27:12 27:16 27:18 27:20 27:20 27:24 28:3 28:5 28:13 28:15 28:20 28:22 28:23 29:7 29:14 29:16 29:17 29:21 29:24 30:3 30:10 30:12 30:15 31:2 31:6 31:9 31:10 31:11 31:14 31:22 32:2 32:4 32:5 32:11 32:15 32:20 33:13 33:17 33:18 33:25 34:4 34:6 34:11 34:14 34:17 35:5 35:13 35:13 35:17 35:20 35:21 35:23 36:1 36:8 36:21 36:22 36:24 37:4 37:6 37:6 37:14 37:24 38:18 38:20 38:23 38:25 39:4 39:5 40:21 41:2 41:7 41:11 41:13 41:14 41:18 41:23 42:1 42:13 42:14 42:15 42:22 42:24 43:2 43:24 44:1 44:7 44:12 44:21 44:25 45:1 45:5 45:9 45:16 45:25 46:4 46:6 46:6 46:8 46:10 46:11 47:3 47:4 47:7 47:15 47:16 47:18 47:22 47:24 47:25 47:25 48:10 48:12 48:25 49:2 49:7 49:10 49:11 50:4 50:12 50:15 50:16 50:22 51:18 51:22 51:23 52:2 52:2 52:3 52:8 53:11 54:7 54:12 54:17 54:22 54:23 54:24 55:13 55:20 55:24 56:10 56:11 56:22 56:25 57:2 57:4 57:9 57:10 57:16 57:18 58:1 58:2 58:5 58:5 58:15 58:23 59:8 | |
| **and**(56) 59:8 59:17 59:23 60:3 60:3 60:4 60:12 60:20 60:24 61:7 61:10 61:13 61:17 61:25 62:2 62:6 62:6 62:8 62:12 62:13 62:22 62:23 63:6 63:7 63:8 63:20 63:21 63:22 64:2 64:10 64:10 64:24 65:8 65:9 65:12 65:15 65:23 65:25 66:11 66:12 66:16 66:23 66:23 66:25 67:5 67:17 68:2 68:6 68:8 68:9 68:16 69:2 69:12 69:13 | |
| **andren**(1) 3:5 | |
| **ann**(1) 1:24 | |
| **annexed**(1) 45:17 | |
| **another**(11) 6:22 22:14 23:4 35:1 47:21 49:16 53:16 62:8 63:22 64:9 68:6 | |
| **answer**(4) 23:20 31:7 33:13 38:1 | |
| **anticipate**(1) 17:15 | |
| **any**(24) 6:22 7:13 8:21 9:16 14:1 14:23 18:5 18:14 18:16 18:17 21:7 21:8 21:24 22:21 26:18 30:13 30:14 32:14 35:15 39:22 58:12 61:19 64:1 64:4 | |
| **anybody**(2) 19:24 41:19 | |
| **anything**(8) 11:3 34:3 43:8 44:24 48:20 54:5 65:1 68:3 | |
| **anyway**(1) 28:17 | |
| **any"**(1) 10:22 | |
| **appeal**(5) 26:12 26:13 52:2 62:22 62:23 | |
| **appearances**(2) 2:38 3:1 | |
| **applicable**(3) 18:6 66:11 68:8 | |
| **application**(14) 23:5 30:7 34:10 34:12 37:18 39:15 45:16 45:18 49:23 54:16 55:2 63:11 65:6 67:24 | |

| Word | Page:Line |
|---|---|
| **applications**(12) 15:15 28:7 28:20 30:1 30:4 44:25 44:25 48:5 48:7 49:4 49:4 49:15 | |
| **apply**(4) 13:10 20:14 20:22 36:19 | |
| **appreciate**(6) 31:14 36:21 39:4 46:4 52:16 61:1 | |
| **appreciated**(1) 39:22 | |
| **approach**(2) 10:8 14:2 | |
| **approaching**(1) 27:21 | |
| **appropriate**(20) 18:13 18:15 21:17 22:15 28:24 30:20 36:19 36:23 36:25 37:23 39:16 44:19 46:10 48:8 48:24 48:25 49:9 49:11 60:8 60:11 | |
| **approval**(2) 14:14 45:20 | |
| **approved**(3) 8:3 30:15 30:16 | |
| **apps**(1) 12:19 | |
| **are**(62) 5:18 5:25 7:10 7:15 8:16 9:9 9:19 11:23 13:16 13:16 14:17 14:20 15:4 15:4 15:8 16:22 17:13 17:14 17:23 18:5 18:9 18:15 19:15 19:15 20:7 21:5 21:15 21:18 21:21 25:3 25:6 33:3 32:22 34:6 35:10 35:16 36:1 36:6 37:5 37:10 38:13 38:14 38:19 40:5 40:6 41:2 43:14 44:19 45:1 48:2 54:8 54:10 56:11 56:17 58:24 59:23 60:19 64:6 64:6 66:4 66:7 68:7 | |
| **aren't**(1) 67:6 | |
| **argued**(1) 19:12 | |
| **argument**(1) 8:18 | |
| **arguments**(1) 31:14 | |
| **arisen**(1) 51:8 | |
| **around**(2) 12:4 15:7 | |
| **arrangements**(1) 33:24 | |
| **arsht**(2) 1:22 4:8 | |
| **ask**(5) 33:9 42:11 60:11 61:19 61:20 | |
| **asked**(2) 17:2 33:13 | |
| **asking**(2) 14:23 44:23 | |
| **asserted**(1) 7:1 | |
| **assess**(2) 44:4 49:10 | |
| **assets**(2) 30:17 33:12 | |
| **assigned**(1) 68:18 | |
| **assistance**(1) 30:19 | |
| **assure**(1) 68:19 | |
| **asymmetrical**(3) 40:5 43:9 43:10 | |
| **attached**(1) 28:19 | |
| **attachment**(7) 23:22 32:22 37:18 39:14 50:4 50:10 54:17 | |
| **attempt**(1) 33:2 | |
| **attempted**(1) 31:20 | |
| **attempting**(2) 19:25 66:5 | |
| **attention**(4) 4:21 29:22 30:8 67:15 | |
| **attorney**(1) 46:6 | |
| **audible**(1) 9:20 | |
| **avaya**(6) 8:1 8:2 8:4 8:6 8:19 10:2 | |
| **avoid**(9) 11:25 12:3 13:9 32:25 36:12 37:6 46:5 60:24 65:18 | |
| **avoids**(1) 18:17 | |
| **awards**(2) 8:16 9:17 | |
| **aware**(2) 14:21 15:18 | |
| **awfully**(3) 51:14 57:21 58:20 | |
| **back**(8) 5:4 10:3 35:21 44:21 52:3 60:19 61:18 62:5 | |
| **balance**(2) 36:7 47:8 | |
| **balances**(1) 51:17 | |
| **ball**(3) 19:25 20:5 25:2 | |
| **bankruptcy**(4) 1:1 1:19 20:11 68:9 | |
| **based**(3) 7:3 35:19 41:20 | |
| **basically**(8) 20:6 21:13 23:1 26:25 30:23 43:2 49:6 57:19 | |
| **basis**(4) 10:5 24:22 24:23 57:21 | |
| **bear**(1) 28:19 | |
| **bears**(1) 55:1 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**because(41)** 6:5 6:14 8:12 13:23 14:25 17:3 17:20 19:14 20:10 21:5 22:9 22:17 23:19 26:14 30:24 31:15 31:19 31:23 33:17 35:15 35:22 37:15 38:19 40:4 40:15 42:9 42:12 44:20 45:21 48:9 50:10 51:10 52:1 55:13 62:17 63:15 64:17 67:6 68:15 69:6

**become(2)** 62:24 67:20
**becomes(3)** 41:14 52:10 62:15
**bed(1)** 51:10
**been(28)** 4:10 8:11 18:9 18:10 18:13 22:13 23:22 26:7 28:16 30:12 31:19 35:17 35:17 35:21 36:23 37:24 41:16 44:3 44:3 48:25 49:22 51:7 52:4 59:18 59:19 62:3 62:4 63:25
**before(10)** 1:18 5:13 8:4 8:22 17:2 41:18 42:12 44:23 50:17 59:11

**begin(1)** 42:12
**behalf(3)** 5:7 17:11 19:1
**behind(1)** 22:2
**being(20)** 9:10 13:14 15:16 17:9 16 23:7 23:24 24:7 25:3 25:6 27:6 27:18 36:2 37:5 37:5 37:11 39:13 48:2 53:4 53:14 66:24
**believe(3)** 6:15 19:24 30:14
**believes(2)** 41:15 43:23
**bench(1)** 36:22
**benefit(4)** 5:16 6:1 48:3 62:11
**benefits(6)** 6:24 7:23 8:13 8:17 9:13
**best(3)** 39:18 61:15 68:18
**beyond(2)** 26:3 26:4
**bill(1)** 34:3
**billing(3)** 33:24 49:7
**billions(1)** 12:22
**bilmes(1)** 2:42
**bind(1)** 34:25
**binders(1)** 55:5
**bit(6)** 9:21 14:9 19:1 51:16 52:8 60:20 63:18
**black(6)** 44:16 52:20 53:12 55:20 55:24 57:5

**blackline(7)** 10:10 13:23 14:2 16:9 21:24 31:16 31:24

**blanket(2)** 24:23 30:23
**boils(1)** 7:24
**bondholder(1)** 3:12
**bonus(1)** 65:8
**books(3)** 5:18 7:1 7:10
**borrow(1)** 34:8
**both(2)** 13:11 66:24
**botter(1)** 2:12
**bottom(1)** 49:25
**bound(1)** 48:20
**box(2)** 58:5 65:19
**briefly(1)** 10:14
**brilliant(1)** 57:19
**bring(3)** 29:21 50:17 67:14
**brings(1)** 28:3
**broad(1)** 16:10
**bryant(1)** 2:14
**buchanan(1)** 2:32
**builds(1)** 37:19
**built(1)** 61:3

**burden(12)** 28:14 33:6 43:25 44:9 45:25 46:2 46:19 50:14 55:1 56:22 60:24 61:5

**burdensome(1)** 35:5
**business(1)** 8:3
**busy(1)** 33:17

**but(86)** 12:3 12:15 13:10 14:2 14:12 14:16 15:21 15:23 16:1 16:5 16:18 19:6 19:7 19:11 19:12 19:21 20:4 21:18 21:22 22:13 23:15 23:17 24:16 24:21 25:4 25:21 26:2 26:6 26:19 26:22 27:4 27:8 28:9 28:12 28:24 30:7 30:22 31:8 31:20 33:11 33:23 34:18 35:1 36:2 36:4 36:9 36:16 37:16 37:25 38:3 38:15 39:3 39:6 39:13 40:7 41:1 41:4 41:4 42:2 43:10 44:24 47:24 49:1 49:5 49:14 50:17 51:13 51:22 53:15 53:18 56:14 57:5 60:2 60:19 60:22 61:2 61:18 61:24 63:14 63:17 63:18 65:1 65:8 65:15 65:23 69:12

**buy(1)** 38:18
**cabined(1)** 64:23
**cala(1)** 7:22
**calaman(1)** 70:11
**call(2)** 24:9 33:9
**calls(1)** 30:8
**came(1)** 12:15
**camera(1)** 45:16
**can(40)** 13:17 16:19 19:10 20:4 22:4 24:11 25:2 26:24 28:5 28:11 28:17 29:7 29:7 30:10 30:18 30:19 33:10 36:3 37:24 39:22 44:9 44:11 46:1 47:20 49:8 49:8 52:15 53:21 55:16 56:25 57:2 58:22 60:7 61:15 61:17 63:5 63:24 64:2 68:16 68:19

**can't(2)** 42:23 43:2
**canada(1)** 17:23
**canadian(1)** 27:20
**can't(1)** 26:17
**capital(2)** 2:40 2:41
**care(2)** 25:15 61:24
**careful(1)** 19:23
**carefully(1)** 69:3
**cares(1)** 46:7
**case(47)** 1:5 11:15 14:7 14:9 14:20 14:23 14:25 15:16 16:1 17:21 18:8 19:5 19:7 19:10 19:11 19:12 19:13 19:21 19:24 20:4 20:12 24:21 27:7 28:1 31:3 31:10 35:16 36:14 40:4 40:6 40:8 41:6 41:15 49:9 53:13 54:14 55:8 61:7 62:4 62:6 64:9 64:11 64:20 64:21 64:21 65:1 65:3

**cases(12)** 11:21 12:20 13:8 14:24 19:15 19:23 20:4 20:18 36:14 36:25 38:23 61:24

**category(1)** 15:9
**caught(1)** 15:17
**cause(3)** 31:3 60:18 61:22
**causes(2)** 34:21 52:8
**cede(3)** 5:1 17:5 25:17
**certain(5)** 11:11 15:11 15:15 28:6 48:5
**certainly(3)** 14:16 26:6 28:17 33:16 36:10 39:15 41:1 41:18 44:9 58:15 63:20

**certificate(6)** 32:16 32:22 33:1 37:16 39:13 53:3

**certificates(1)** 37:4
**certification(8)** 23:16 23:18 23:21 23:23 24:12 24:18 53:9 70:4

**certify(1)** 70:5
**certifying(1)** 66:4
**cessation(1)** 15:25
**chambers(13)** 48:2 48:11 48:15 48:23 50:25 53:7 53:15 54:13 57:10 57:14 59:8 59:19 69:6

**chance(1)** 31:15
**change(2)** 10:21 53:11
**changes(5)** 10:11 10:14 52:17 57:1 59:23
**chapter(1)** 1:8
**charges(1)** 46:6
**charles(1)** 3:9
**check(1)** 54:7
**chris(1)** 2:5
**circuit(1)** 11:17

**circumstance(1)** 38:17
**circumstances(2)** 23:21 37:10
**circumvent(1)** 66:5
**claim(3)** 7:22 7:24 8:12
**claimant(1)** 7:12
**claimants(1)** 5:14 5:19 6:23 7:2
**claims(20)** 4:24 5:13 5:14 5:14 5:17 5:20 5:25 5:25 6:7 6:9 6:10 6:12 6:19 7:5 7:10 7:12 7:15 8:20 9:16 10:24

**clay(8)** 5:21 7:17 7:22 8:25 9:16 9:19 9:21 10:1
**clay's(6)** 6:15 7:18 7:24 10:11 10:18 10:20
**clean(1)** 55:20
**clear(5)** 16:21 35:10 36:23 42:18 45:11
**clearly(6)** 21:12 21:12 24:12 30:8 51:17 55:11

**cleary(2)** 1:29 5:6
**clerk(3)** 4:2 47:17 56:3
**close(4)** 25:7 51:14 51:16 54:9
**cno(1)** 4:12
**coach-and-six(1)** 64:11
**code(2)** 12:5 12:6 24:12 30:9 30:9 68:9
**colleagues(3)** 36:22 63:8 69:14
**come(9)** 17:21 20:17 31:7 35:24 36:14 41:18 51:15 56:11 60:4

**comes(7)** 15:9 28:10 30:1 32:13 33:2 45:20 52:3

**comfortable(3)** 14:1 60:16 63:1
**coming(2)** 12:20 67:14
**committee(6)** 2:5 2:26 17:2 17:11 17:15 27:10

**committees(1)** 14:13
**compensated(1)** 35:17
**compensation(8)** 21:20 23:10 28:4 28:5 34:17 35:13 65:2 65:11

**competing(1)** 51:19
**completed(2)** 23:2 26:11
**completely(1)** 31:4
**complex(1)** 19:14
**complexify(1)** 50:19
**complicated(4)** 47:1 50:23 57:21 58:21
**comply(2)** 33:7 50:7
**conaway(1)** 2:18
**concealing(1)** 22:8
**concept(6)** 29:3 33:16 53:15 53:19 60:7 62:19

**concern(15)** 15:2 15:3 22:23 23:4 27:9 27:9 33:8 36:22 40:8 54:11 64:5 64:8 64:12 66:25 67:2

**concerned(3)** 52:1 61:25 66:20
**concerns(8)** 16:22 18:17 31:21 54:10 63:20 63:20 63:22 68:11

**concluded(1)** 38:22
**conclusion(2)** 41:7 52:4
**conduct(2)** 13:8 14:19
**confidential(3)** 22:10 27:4 42:23
**confidentiality(4)** 25:16 25:18 25:20 43:3
**confidentially(1)** 34:20
**confirmation(2)** 26:20 62:21
**confirmed(1)** 62:4
**conform(1)** 68:15
**connection(2)** 25:9 55:12
**conscientious(1)** 28:21
**consistent(1)** 50:15
**constituents(1)** 54:13
**constructed(1)** 33:14
**consultants(2)** 26:10 65:2
**consulted(3)** 20:10 22:24 52:2

**consulting(8)** 13:11 14:18 15:23 18:2 22:20 40:9 41:4 43:7

**contained(1)** 45:16
**contemplate(2)** 45:12 45:12
**contemplated(3)** 34:7 49:21 59:24
**contested(1)** 69:10
**context(1)** 17:20
**continued(2)** 2:2 3:2
**contrary(1)** 45:8
**control(1)** 21:19
**controls(2)** 46:22 47:14
**copies(1)** 66:24
**copy(1)** 55:20
**cordo(7)** 1:24 4:16 4:19 54:25 57:12 58:25 68:22

**cordo's(1)** 57:18
**correct(6)** 29:5 35:7 59:3 66:13 67:22 70:5
**cost(1)** 33:6
**could(39)** 8:13 13:21 15:16 17:2 18:4 19:20 21:25 23:12 23:19 25:13 26:14 27:25 32:14 32:24 34:11 36:24 37:22 37:23 39:15 41:16 41:23 43:13 43:14 43:17 45:3 46:12 46:22 48:14 51:24 54:24 58:5 61:8 61:11 61:19 61:19 61:20 62:13 65:20 65:25

**couldn't(1)** 30:17
**counsel(6)** 15:11 34:1 49:4 49:6 49:15 69:12

**counter(1)** 38:24
**counterpart(1)** 48:21
**country(1)** 27:19
**couple(5)** 15:8 15:17 17:16 43:5 52:17
**course(13)** 11:1 13:14 14:3 15:24 22:19 27:16 42:14 49:5 55:17 66:22 66:22 67:10 67:13

**court(280)** 1:1 4:3 4:6 4:11 4:15 4:18 4:22 5:3 5:10 5:23 6:3 6:11 6:14 6:17 6:19 7:3 7:7 7:14 7:20 8:2 8:9 8:23 9:3 9:11 9:14 9:18 9:21 10:9 10:17 10:23 11:1 11:5 11:8 11:13 11:16 11:19 11:22 12:10 12:25 13:2 13:5 13:12 13:21 14:3 14:6 14:9 14:14 14:15 15:4 15:13 15:20 16:4 16:23 16:25 17:4 17:6 17:9 17:12 17:19 18:3 18:11 18:19 18:21 18:25 19:3 19:9 20:1 20:8 20:13 20:19 20:24 21:3 21:9 21:16 21:19 22:25 23:4 23:11 23:14 23:25 24:4 24:6 24:10 24:15 24:17 24:20 25:11 26:12 26:14 26:16 26:21 26:25 27:7 27:15 27:23 28:2 28:14 29:2 29:6 29:10 29:12 29:13 29:15 29:17 29:23 30:2 30:11 30:21 31:1 31:10 31:13 31:19 31:25 32:9 32:18 33:16 34:2 34:12 34:15 34:16 34:18 34:23 35:5 35:8 36:4 36:11 36:13 37:8 38:5 38:8 38:9 38:12 38:22 39:1 39:9 39:17 39:21 40:14 40:17 40:20 40:24 41:5 41:12 41:18 41:22 41:24 42:1 42:4 42:6 42:11 42:20 43:1 43:4 43:11 44:6 44:17 45:7 45:14 45:19 45:21 45:24 46:4 46:24 47:2 47:6 47:8 47:13 47:20 47:21 48:3 48:3 48:4 48:4 48:14 48:20 48:24 49:12 49:13 49:19 49:24 50:1 50:3 50:20 51:2 51:4 51:6 51:13 52:8 52:13 52:15 52:19 52:22 52:24 53:8 53:10 53:17 53:23 54:1 54:8 54:19 54:22 55:3 55:3 55:7 55:9 55:13 55:17 55:22 55:24 56:4 56:6 56:9 56:14 56:17 56:21 56:24 56:24 57:7 57:9 57:15 57:18 57:25 58:7 58:10 58:14 58:17 58:20 58:25 59:5 59:11 59:13 59:20 59:22 60:6 60:9 60:25 61:11 61:17 61:19 61:20 61:22 62:9 62:13 62:20 62:23 63:3 63:7 63:12 63:14 64:14 64:17 65:4 65:15 65:20 65:23 66:3 66:8 66:13 66:15 66:18 66:22 66:23 67:5 67:8 67:11 67:16 67:18 67:21 67:25 68:4 68:5 68:10 68:14 68:17 68:25 69:4 69:6 69:10 69:12 69:16 69:20 70:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**court-retained**(1) 13:1
**courtroom**(4) 1:10 9:19 9:23 52:14
**court's**(2) 27:9 30:19
**crack**(1) 69:13
**craft**(1) 13:19
**create**(5) 12:23 30:23 30:25 36:4 44:21
**created**(2) 32:3 35:22
**creates**(1) 43:9
**creating**(1) 65:7
**creditors'**(1) 2:4
**creditor's**(1) 17:2
**critical**(2) 11:20 13:7
**croft**(31) 1:32 5:1 5:3 5:5 5:6 5:11 5:24
6:4 6:12 6:16 6:21 7:5 7:6 7:8 7:15 7:21
8:10 8:24 9:4 9:12 9:15 9:18 9:24 10:6
10:7 10:13 10:18 10:24 11:2 11:3 11:7

**cube**(1) 60:14
**current**(1) 67:4
**currently**(1) 65:1
**curtain**(2) 22:2 22:3
**d.i**(2) 7:17 7:19
**daniel**(1) 2:47
**data**(1) 1:40
**date**(5) 4:9 18:5 28:16 35:20 70:11
**david**(1) 2:12
**day**(2) 63:22 68:23
**days**(1) 62:14
**deal**(10) 16:12 20:17 36:14 37:2 37:16
37:20 37:25 39:19 44:14 61:18

**dealing**(2) 6:1 25:17
**deals**(1) 5:13
**debate**(1) 38:17
**debated**(1) 37:1
**debtor**(7) 8:8 8:11 8:13 8:14 9:17 10:3
27:10

**debtors**(13) 1:12 1:22 4:8 5:7 6:7 7:13
8:22 10:1 14:13 17:14 51:13 59:25 63:20

**debtors'**(7) 4:23 5:18 6:25 7:10 7:11
11:11 15:15

**decided**(2) 20:10 25:12
**decision**(1) 22:17
**decisions**(1) 22:20
**deck**(1) 11:10
**deemed**(7) 57:10 57:11 57:12 57:13 57:14
59:9 68:3

**default**(3) 28:16 33:17 62:14
**defer**(3) 25:3 26:9 26:11
**deferral**(7) 29:3 29:6 32:4 41:11 42:3
51:17 61:10

**deferring**(4) 22:8 25:5 36:2 51:22
**defined**(2) 5:16 6:1
**degree**(1) 45:22
**delaware**(5) 1:2 1:12 2:23 4:1 19:14
**deliver**(3) 53:6 57:10 58:3
**delivered**(4) 53:14 54:12 59:8 59:19
**delivering**(1) 50:25
**delivery**(2) 57:14 57:19
**depend**(2) 22:23 41:7
**derek**(3) 1:23 4:7 11:9
**describe**(1) 49:7
**description**(1) 39:14
**detail**(6) 34:5 34:11 34:18 34:19 40:22
**details**(1) 66:25
**determination**(1) 61:12
**determine**(1) 51:25
**determined**(4) 51:25 61:14 63:2 68:4
**develop**(4) 20:21 24:18 30:19 65:5
**developed**(3) 19:18 24:13 27:8
**diaz**(1) 1:40
**did**(9) 4:13 6:19 6:22 33:15 51:10 57:23
63:8 65:5 65:5

**didn't**(1) 44:22
**didn't**(2) 4:14 39:2
**different**(8) 19:6 25:17 36:14 43:15 43:16
60:3 64:20 64:21

**difficult**(2) 37:15 39:5
**difficulty**(1) 22:1
**directed**(1) 10:11
**disadvantage**(2) 17:25 36:5
**disagreement**(2) 21:8 21:9
**disclose**(15) 13:6 18:5 20:7 20:12 21:18
22:17 24:13 28:8 28:21 32:21 40:18 40:23
41:9 49:9 50:16

**disclosed**(15) 13:14 15:15 21:11 21:21
26:24 26:24 30:6 40:21 41:3 52:5 60:8
61:4 61:7 62:4 68:3

**disclosing**(4) 22:9 27:8 43:6 43:8
**disclosure**(30) 16:14 16:15 17:22 21:5
22:7 22:16 22:23 24:8 25:6 25:4 25:13
26:9 26:11 28:5 30:25 32:7 32:12 33:17
35:3 36:1 37:19 40:10 40:10 40:11 41:21
43:9 43:24 50:12 56:23 59:12

**disclosures**(13) 12:9 12:18 12:23 13:22
22:20 26:4 32:4 33:23 34:6 34:7 41:16
50:18 58:5

**discrete**(1) 38:20
**discretion**(2) 61:6 68:4
**discussed**(4) 5:13 6:4 15:16 16:11
**discussing**(3) 48:25 63:15 69:14
**discussions**(3) 13:24 15:10
**distinction**(1) 32:21
**distinguishable**(1) 15:1
**district**(1) 1:2
**docket**(3) 4:19 10:15 48:23
**document**(1) 48:22
**documentation**(1) 5:19
**documents**(4) 47:25 48:2 48:11 62:15
**dodge**(1) 12:4
**doe**(1) 26:7
**does**(15) 6:16 9:16 20:14 24:22 28:5 31:11
32:7 36:14 46:25 51:23 54:13 54:14 56:14
64:14 68:10

**doesn't**(1) 44:20
**doesn't**(1) 13:10
**doing**(13) 12:4 13:16 13:16 18:7 22:4
35:19 36:20 41:1 41:2 44:1 49:5 49:22
61:2

**dollar-wise**(1) 50:2
**dollars**(2) 12:22 33:7
**don't**(11) 42:18 42:21 42:24 48:6 51:25
54:4 58:17 60:13 61:3 63:15 68:15

**done**(10) 10:10 16:7 16:18 21:7 24:22
31:23 35:14 40:11 44:24 46:6

**don't**(24) 4:18 6:14 6:17 6:18 9:21 11:3
11:5 12:1 13:15 14:22 18:15 21:23 21:8
22:4 26:5 31:6 33:16 34:3 36:4 36:20
37:12 38:7 38:18 42:16

**doubt**(1) 33:20
**down**(8) 7:24 52:25 53:13 57:6 59:4 59:7
59:10 69:3

**drafted**(1) 32:13
**drafting**(2) 20:25 46:3
**dragging**(1) 43:23
**drive**(1) 64:11
**duty**(1) 29:14
**each**(5) 44:1 46:13 50:10 50:18 53:13
**earlier**(3) 15:10 43:24 65:2
**early**(4) 21:17 21:21 22:17 29:22
**ease**(1) 46:4
**easier**(2) 44:10 57:22

**easy**(2) 40:14 41:4
**ecro**(1) 1:38
**effect**(7) 35:15 36:18 38:23 45:21 48:2
61:12 66:3

**effectively**(2) 22:5 61:9
**effectuate**(1) 31:5
**effort**(2) 12:4 44:14
**efforts**(1) 16:16
**eight**(1) 59:7
**either**(4) 17:23 34:25 40:1 51:3
**electronic**(2) 1:46 70:6
**eleven**(1) 59:9
**eliminate**(1) 35:15
**elliott**(1) 2:26
**else**(4) 21:22 44:15 49:2 50:14
**employed**(10) 7:25 8:1 8:5 8:11 8:12 9:1
10:1 10:2 10:3 13:17

**employee**(3) 5:12 65:7 65:8
**employees**(2) 8:2 65:11
**employer**(2) 8:17 9:8
**enables**(1) 20:3
**enacted**(1) 11:12
**encourage**(1) 28:18
**end**(2) 42:3 57:3
**engaged**(9) 22:13 25:8 25:14 26:7 27:6
44:3 44:3 44:19 45:1

**engaging**(4) 22:14 43:8 43:15 43:17
**enhance**(1) 39:13
**enough**(2) 47:18 53:13
**enter**(1) 60:17
**entered**(1) 63:5
**enterprise**(2) 8:3 8:7
**entire**(2) 27:21 33:1
**entities**(1) 8:21
**entitled**(2) 8:13 8:19
**entitlement**(1) 6:24
**entitlements**(1) 6:1
**envelope**(3) 54:20 54:20 58:4
**equitable**(1) 8:18
**eric**(1) 2:42
**ernst**(1) 2:45
**especially**(2) 21:14 30:24
**esq**(15) 1:23 1:24 1:30 1:31 1:32 2:5 2:12
2:13 2:20 2:27 2:33 2:47 3:4 3:5 3:9 3:14

**essentially**(2) 12:15 32:11
**estate**(14) 12:7 12:21 12:24 27:11 27:14
27:18 27:18 27:22 30:18 33:12 36:1 36:5
36:6 44:1

**estates**(2) 16:16 33:6
**even**(12) 8:4 8:17 10:2 21:21 25:15 28:10
52:10 54:14 61:5 62:3 62:4 66:6

**ever**(3) 19:11 35:21 56:23
**every**(5) 7:12 19:11 19:13 24:21 26:22
**everybody**(2) 21:22 58:23
**everyone**(4) 4:3 18:22 69:14 69:17
**everything**(6) 27:17 27:18 28:17 41:9 60:2
61:4

**evolution**(1) 42:10
**exactly**(6) 8:9 11:19 13:4 16:21 27:13 67:7
**example**(3) 15:21 25:8 64:25
**excel**(1) 44:12
**excellent**(1) 4:20
**except**(1) 64:18
**exception**(2) 32:1 60:20
**exceptions**(3) 20:25 21:1 33:24
**exclude**(1) 15:6
**excuse**(1) 13:21
**executed**(1) 23:3
**exemption**(2) 30:23 41:11
**exercise**(1) 61:6

**exhibit**(14) 5:25 6:9 6:10 6:13 6:20 6:21
6:22 6:23 6:25 7:8 7:9 7:9 7:12 7:15

**exhibits**(1) 28:20
**exist**(2) 42:3 44:22
**exists**(1) 17:23
**expect**(2) 14:22 67:1
**expenditure**(1) 33:12
**expense**(4) 27:17 35:12 45:21 47:10
**expensed**(1) 15:14
**expenses**(2) 18:13 51:22
**expensive**(1) 27:25
**expert**(30) 18:11 18:2 18:2 20:14 22:1
22:18 23:5 23:21 23:23 23:24 24:9 24:24
24:25 25:9 26:4 26:6 26:7 28:7 28:8 30:9
37:10 40:2 40:9 40:9 41:3 41:4 41:19
45:13 63:17 65:10

**expertise**(1) 18:7
**experts**(28) 13:11 14:19 15:5 15:8 15:18
15:24 18:14 20:6 20:9 21:13 21:15 22:16
22:20 25:25 26:9 26:10 27:6 27:8 32:23
33:4 35:16 40:14 43:7 43:14 43:15 43:17
46:14 63:17

**expire**(2) 25:19 25:21
**explain**(2) 16:17 39:6
**explaining**(1) 32:19
**expressed**(2) 31:21 63:24
**extent**(5) 18:14 29:9 29:24 45:2 50:15
**extrapolated**(1) 14:24
**face**(2) 12:7 13:10
**facilitate**(1) 47:4
**facing**(2) 12:21 13:21
**fact**(3) 26:9 40:3 45:9
**facts**(5) 7:3 15:1 36:24 43:16 43:19
**fair**(2) 62:1 62:9
**fairly**(1) 44:4
**fall**(1) 49:15
**far**(2) 27:19 39:18
**farr**(1) 3:4
**fear**(1) 50:9
**fee**(25) 12:19 15:15 23:5 28:7 28:20 30:4
33:24 34:10 34:12 37:17 39:15 42:13
42:14 44:25 45:15 45:17 48:5 49:4 49:23
54:16 54:23 55:1 55:6 63:11 65:6

**fees**(8) 18:13 27:19 29:14 30:14 34:11
41:1 46:6 51:21

**feet**(1) 43:23
**feld**(2) 2:11 17:11
**felt**(1) 14:1
**few**(1) 10:11
**fight**(2) 37:24 46:13
**figure**(4) 29:7 53:24 60:13 60:21
**file**(16) 23:5 23:16 30:1 33:10 37:9 37:13
40:13 46:20 46:23 47:15 47:16 53:6 53:21
54:4 57:9 59:6

**filed**(28) 5:12 7:16 7:18 7:22 15:25 16:10
16:11 19:7 23:25 28:12 30:5 32:16 32:22
34:5 34:11 48:7 48:16 48:23 50:8 53:4
53:14 59:7 59:18 61:13 61:23 62:15 65:6
65:13

**files**(1) 47:17
**filing**(12) 33:1 37:21 44:25 45:15 46:6
47:25 48:1 48:9 49:4 49:14 53:3 59:16

**filings**(1) 61:13
**final**(11) 8:24 30:1 38:2 44:25 45:15 49:4
52:10 62:15 62:24 63:11 63:22

**finally**(2) 12:15 35:13
**find**(4) 20:22 36:19 39:5 63:8
**fine**(10) 16:23 17:6 23:14 44:13 50:22
50:24 55:24 59:1 68:18 69:1

**finger**(1) 2:4

| Word | Page:Line |
|---|---|
| **firm**(1) 47:19 | |
| **first**(7) 4:23 14:20 17:17 21:6 36:13 51:7 69:13 | |
| **fit**(2) 15:9 65:11 | |
| **fits**(1) 36:21 | |
| **five**(4) 35:14 55:18 59:4 69:7 | |
| **fix**(1) 53:24 | |
| **fixes**(1) 57:16 | |
| **flat**(1) 33:24 | |
| **flip**(1) 37:1 | |
| **floor**(1) 1:25 | |
| **foia**(1) 34:24 | |
| **folks**(10) 12:16 13:15 13:16 15:8 15:17 15:22 16:8 37:5 37:23 38:14 | |
| **follow**(2) 57:18 62:19 | |
| **followed**(1) 19:17 | |
| **following**(2) 26:8 59:14 | |
| **for**(89) 1:2 1:22 2:4 2:18 2:26 2:32 2:40 2:45 3:4 3:12 4:8 4:13 4:24 5:1 5:5 7:23 8:10 9:12 9:24 11:6 11:10 11:11 11:14 14:6 14:19 14:23 16:13 16:14 17:10 18:11 18:11 19:19 22:5 22:22 22:22 23:21 23:24 24:23 25:8 25:14 25:18 25:20 25:25 25:22 26:22 26:25 27:1 27:1 28:20 29:8 30:1 30:16 32:9 33:10 33:24 33:24 34:15 35:10 36:5 40:9 41:21 43:24 44:3 46:9 47:4 47:11 47:11 48:2 48:3 48:9 49:11 50:10 50:12 52:3 55:6 55:11 57:22 58:15 60:23 61:8 61:22 63:3 63:16 63:20 64:2 64:4 64:8 64:14 67:13 | |
| **forcing**(1) 46:13 | |
| **foregoing**(1) 70:5 | |
| **foreign**(3) 15:11 21:14 33:25 | |
| **forget**(1) 65:24 | |
| **form**(3) 24:18 32:5 52:13 | |
| **formal**(1) 6:22 | |
| **forth**(1) 14:12 | |
| **forward**(3) 35:19 35:20 58:13 | |
| **fought**(1) 14:7 | |
| **four**(4) 4:9 35:9 53:20 59:4 | |
| **frankly**(6) 9:25 34:19 35:21 46:10 52:2 63:7 | |
| **frequency**(2) 32:23 37:4 | |
| **fringe**(1) 15:22 | |
| **fringes**(1) 21:14 | |
| **from**(23) 4:25 5:6 8:14 8:19 9:5 11:11 15:1 15:6 15:18 18:22 19:18 22:5 23:13 34:9 35:20 40:6 44:22 53:20 60:14 60:15 62:6 65:23 70:6 | |
| **front**(1) 60:19 | |
| **fronts**(1) 38:16 | |
| **full**(2) 18:12 22:16 | |
| **fully**(7) 17:13 18:10 23:2 26:5 26:24 27:5 30:6 | |
| **funds**(6) 27:11 27:14 27:18 36:1 36:5 36:6 | |
| **further**(3) 11:4 37:18 59:17 | |
| **futile**(2) 44:20 44:23 | |
| **future**(3) 19:23 20:4 60:2 | |
| **gallagher**(1) 3:4 | |
| **geez**(1) 50:9 | |
| **general**(2) 25:23 41:2 | |
| **generally**(2) 13:22 31:23 | |
| **get**(23) 6:18 13:25 32:23 33:11 33:17 39:2 41:10 42:19 43:15 43:17 51:1 51:10 52:18 55:15 57:2 57:21 58:20 60:21 61:16 63:15 64:2 64:14 67:12 | |
| **gets**(2) 61:7 62:11 | |
| **getting**(6) 27:24 40:6 42:21 54:9 55:14 67:23 | |
| **ginger**(1) 1:38 | |
| **give**(2) 34:19 46:12 | |
| **given**(2) 28:16 50:11 | |
| **gives**(1) 60:10 | |
| **giving**(1) 23:17 | |
| **glitch**(1) 67:6 | |
| **goal**(4) 16:14 36:1 51:1 63:10 | |
| **goes**(4) 6:15 23:9 26:3 26:4 | |
| **going**(32) 4:25 9:23 19:19 21:15 22:18 24:13 28:7 31:7 31:17 35:10 35:19 37:10 39:6 40:17 43:14 44:8 44:21 49:15 51:8 54:19 55:22 57:18 57:25 60:15 61:24 63:3 64:6 64:10 64:11 64:17 64:25 65:1 | |
| **good**(18) 4:3 4:5 4:6 11:9 16:25 17:1 17:6 17:8 17:9 18:24 18:25 34:14 50:20 55:13 65:25 66:8 69:13 69:16 | |
| **got**(4) 52:5 52:17 56:19 63:19 | |
| **gotcha**(1) 66:21 | |
| **gottlieb**(2) 1:29 5:6 | |
| **government**(3) 8:5 8:19 8:20 | |
| **granted**(1) 19:21 | |
| **greased**(1) 60:22 | |
| **great**(2) 14:4 44:14 | |
| **greenleaf**(1) 2:26 | |
| **gross**(1) 1:18 | |
| **group**(2) 3:13 57:19 | |
| **guess**(6) 22:1 27:9 36:15 61:23 62:20 | |
| **guise**(1) 65:7 | |
| **gump**(2) 2:11 17:11 | |
| **guyder**(1) 2:47 | |
| **had**(12) 13:24 15:10 18:22 19:11 25:14 30:3 31:15 42:12 49:21 50:7 50:13 67:21 | |
| **hadley**(1) 3:13 | |
| **half-hour**(1) 42:9 | |
| **hamilton**(2) 1:29 5:7 | |
| **hand**(3) 23:7 36:24 69:6 | |
| **handed**(3) 13:23 18:9 32:6 | |
| **handful**(1) 57:1 | |
| **handing**(1) 42:22 | |
| **handle**(1) 65:20 | |
| **handwriting**(1) 68:18 | |
| **hanrahan**(1) 3:5 | |
| **happen**(3) 19:21 39:6 58:2 | |
| **happening**(1) 27:17 | |
| **happens**(1) 27:17 | |
| **happy**(1) 39:11 | |
| **hard**(1) 35:24 | |
| **harrisburg**(1) 1:42 | |
| **has**(30) 4:13 8:10 11:22 14:7 17:2 18:7 18:9 19:11 21:12 23:2 24:12 26:7 28:15 29:13 30:11 30:11 31:21 33:8 36:7 39:21 41:16 41:19 48:16 52:4 55:4 62:3 62:4 64:25 67:19 68:18 | |
| **hasn't**(1) 28:16 | |
| **hate**(1) 47:22 | |
| **hauer**(2) 2:11 17:11 | |
| **have**(95) 5:14 6:7 6:23 8:22 10:4 10:7 10:10 11:3 11:4 11:14 14:4 16:13 18:6 18:10 18:13 19:24 20:22 20:23 22:6 22:11 22:12 22:19 22:20 22:21 22:21 23:5 23:6 24:11 27:3 27:3 28:5 28:12 29:20 30:10 31:22 32:6 33:18 33:21 34:7 34:9 34:13 34:18 35:10 35:16 35:17 35:21 36:6 36:23 37:17 37:24 38:2 38:8 38:16 38:23 39:6 39:11 39:24 40:7 40:10 40:17 40:22 41:18 42:19 43:15 43:17 51:1 51:10 52:18 51:19 51:25 53:15 53:24 54:4 55:15 56:11 57:10 58:17 58:17 59:15 59:18 59:18 60:1 61:3 61:3 62:5 63:10 63:15 63:24 64:1 65:6 66:24 67:13 69:7 | |
| **haven't**(2) 14:18 31:15 | |
| **having**(8) 15:15 35:20 36:13 37:21 50:17 57:17 60:16 61:9 | |
| **hbk**(2) 2:40 2:41 | |
| **head**(1) 17:16 | |
| **headed**(1) 52:18 | |
| **hear**(1) 65:23 | |
| **heard**(2) 18:22 21:9 | |
| **hearing**(3) 69:7 69:10 70:2 | |
| **hearings**(1) 55:6 | |
| **heavily**(1) 14:17 | |
| **heightened**(1) 35:3 | |
| **help**(2) 39:22 61:12 | |
| **helpful**(3) 13:23 42:6 42:6 | |
| **helps**(1) 58:15 | |
| **her**(1) 16:12 | |
| **here**(27) 4:8 5:8 9:9 11:20 11:25 12:6 20:22 33:2 36:20 38:11 38:20 42:10 42:22 47:8 47:23 51:18 51:19 56:8 58:23 58:24 63:4 64:7 64:9 64:23 66:7 67:19 68:16 | |
| **here's**(1) 47:21 | |
| **hereby**(1) 68:3 | |
| **hereof**(1) 68:7 | |
| **here's**(1) 37:8 | |
| **hesitation**(1) 52:9 | |
| **he's**(1) 9:23 | |
| **hidden**(1) 25:3 | |
| **hide**(2) 19:25 20:5 | |
| **highlight**(1) 17:17 | |
| **highlighted**(1) 36:9 | |
| **him**(1) 10:4 | |
| **hired**(1) 12:16 | |
| **hiring**(2) 24:8 25:22 | |
| **his**(8) 7:17 8:1 8:12 9:4 10:4 16:19 36:21 63:21 | |
| **hit**(1) 4:19 | |
| **hold**(2) 7:12 9:16 | |
| **honor**(184) 4:5 4:7 4:9 4:13 4:20 5:5 5:6 5:19 5:24 6:5 6:8 6:13 6:22 7:6 7:8 7:21 7:24 8:4 8:15 8:25 9:15 10:7 10:13 11:4 11:7 11:9 11:11 11:15 11:24 11:25 12:8 12:14 12:16 12:19 12:23 13:8 13:9 13:19 13:22 14:2 14:5 14:7 15:3 15:8 15:10 15:18 15:24 16:9 16:17 16:24 17:1 17:1 17:8 17:17 18:9 18:24 19:4 19:12 19:13 19:18 20:16 21:4 22:2 22:9 23:15 23:18 24:2 24:25 25:5 26:8 27:13 27:22 28:4 29:5 29:9 29:20 30:3 30:5 30:18 31:12 31:17 31:22 32:2 32:6 32:14 32:17 32:21 33:2 33:14 33:20 33:21 34:8 34:11 34:19 35:1 35:7 35:13 35:23 36:8 36:12 36:16 36:22 37:1 37:3 37:14 37:22 38:1 38:7 38:21 39:3 39:5 39:8 39:10 39:15 39:23 40:3 41:10 42:5 42:8 42:17 42:23 43:5 44:1 44:15 45:6 45:9 45:11 46:1 46:14 46:17 48:8 49:21 50:8 50:17 52:7 52:12 52:18 52:21 53:1 53:11 53:15 53:25 54:11 54:15 54:25 55:5 55:16 55:20 56:1 56:5 56:7 56:19 57:1 57:4 57:22 58:8 58:13 58:19 59:3 60:5 60:7 60:12 60:16 60:19 61:1 61:2 61:15 62:2 62:25 63:24 64:12 65:1 65:15 66:19 67:9 68:1 68:20 69:2 69:9 69:15 69:19 69:21 | |
| **honor's**(1) 63:1 | |
| **honorable**(1) 1:18 | |
| **honor's**(2) 4:21 38:3 | |
| **hoping**(2) 23:12 56:11 | |
| **hour**(2) 31:8 34:4 | |
| **hours**(2) 46:2 46:6 | |
| **how**(22) 16:2 19:17 22:4 27:12 36:1 39:6 39:18 40:22 43:6 43:6 43:9 43:11 43:12 47:25 49:7 53:24 54:13 54:13 54:14 60:3 61:12 64:14 | |
| **however**(2) 45:11 60:5 | |
| **hubbard**(1) 3:8 | |
| **huberty**(1) 3:9 | |
| **hughes**(1) 3:8 | |
| **hundred**(6) 43:13 43:15 43:16 43:17 43:18 43:18 | |
| **hypothetical**(1) 65:10 | |
| **i'd**(1) 44:15 | |
| **i'll**(4) 61:16 63:7 63:8 69:6 | |
| **i'm**(23) 43:6 43:10 45:7 47:16 47:22 47:23 48:16 48:17 48:20 54:19 55:14 55:22 55:24 57:4 62:18 62:18 62:19 63:3 64:10 64:11 64:24 65:15 65:16 | |
| **i've**(2) 63:25 67:21 | |
| **idea**(9) 24:7 25:1 30:24 43:2 46:25 48:12 50:17 55:13 57:19 | |
| **identified**(1) 26:7 | |
| **identify**(4) 23:6 24:12 25:25 50:5 | |
| **identifying**(1) 23:23 | |
| **identities**(1) 16:7 | |
| **identity**(21) 13:15 18:1 20:6 20:12 21:25 22:6 22:7 22:9 24:25 25:22 26:1 26:23 27:5 27:8 32:8 32:19 40:2 40:10 53:1 53:3 53:4 | |
| **immediate**(1) 22:19 | |
| **implicated**(1) 32:13 | |
| **importance**(1) 12:1 | |
| **important**(10) 12:1 14:6 20:5 21:23 27:3 30:22 32:21 35:14 39:7 44:5 | |
| **importantly**(1) 58:25 | |
| **impression**(1) 14:21 | |
| **inappropriate**(1) 30:15 | |
| **inc**(3) 1:7 7:22 8:5 | |
| **incentive**(1) 65:8 | |
| **include**(2) 54:18 55:10 | |
| **including**(2) 66:12 68:8 | |
| **income**(1) 5:15 | |
| **increments**(1) 34:4 | |
| **incumbent**(3) 22:11 43:21 49:5 | |
| **incur**(1) 47:9 | |
| **incurred**(2) 18:14 27:19 | |
| **incurring**(1) 41:1 | |
| **indeed**(2) 17:13 17:14 | |
| **independent**(1) 29:13 | |
| **index**(1) 10:15 | |
| **indicate**(1) 6:17 | |
| **indicated**(3) 5:7 9:23 32:15 | |
| **indicates**(2) 34:10 54:20 | |
| **indicating**(3) 35:11 37:4 48:16 | |
| **inexpensively**(1) 47:12 | |
| **information**(24) 10:12 13:7 24:14 28:22 29:1 29:18 29:20 32:14 35:2 36:7 40:4 42:13 42:14 43:22 44:5 45:16 46:9 51:1 51:21 51:23 51:24 54:24 54:18 54:24 | |
| **ingersoll**(1) 2:32 | |
| **initial**(1) 61:18 | |
| **initially**(3) 28:12 29:3 42:12 | |
| **input**(1) 31:9 | |
| **insert**(4) 57:9 59:6 59:8 59:11 | |
| **instances**(3) 25:20 28:11 28:24 | |
| **instead**(5) 48:1 50:24 53:5 53:14 61:9 | |
| **intended**(3) 35:23 66:7 68:7 | |
| **intent**(1) 64:1 | |
| **intentions**(1) 66:8 | |
| **interest**(9) 21:25 22:5 24:18 27:1 30:13 34:6 41:15 49:8 61:19 | |
| **interesting**(1) 42:9 | |
| **interests**(1) 51:19 | |
| **into**(8) 11:24 15:9 15:18 17:16 27:24 33:11 37:19 57:12 | |
| **introductory**(1) 10:19 | |
| **invoices**(1) 28:10 | |
| **involved**(3) 14:17 31:10 43:25 | |
| **involving**(1) 12:22 | |
| **isn't**(1) 47:10 | |
| **isn't**(2) 23:4 28:7 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**issue**(25) 10:12 21:11 22:11 23:10 29:2 38:1 38:13 39:18 39:24 40:6 40:22 41:14 42:25 45:5 46:9 46:13 47:25 59:25 60:18 61:14 61:20 67:14 67:20 67:21 67:23

**issues**(6) 16:19 20:17 31:3 38:19 51:8
**it's**(43) 42:17 42:18 42:22 42:24 42:24 43:11 44:4 44:7 44:9 44:14 44:21 45:5 45:21 47:19 49:5 49:9 49:11 49:15 50:5 51:8 51:11 51:16 52:12 54:2 54:3 54:14 54:22 54:23 54:23 57:22 60:15 60:18 62:23 62:24 63:14 64:1 64:8 64:9 66:21 67:1 68:19 69:13

**item**(11) 4:13 5:9 11:10 30:6 30:7 34:9 35:10 37:17 37:20 49:22 54:16

**its**(5) 13:9 14:25 34:10 57:9 68:4
**itself**(2) 21:2 40:4
**it's**(48) 6:5 7:11 12:1 15:23 20:3 21:13 21:21 22:3 22:7 22:7 22:15 22:23 23:22 24:5 24:7 24:8 25:4 25:4 25:8 26:3 27:1 27:14 28:14 28:23 29:20 30:13 30:15 30:15 30:16 30:18 30:22 31:6 31:8 33:7 34:14 35:5 36:16 37:10 37:11 37:13 38:16 39:6 39:18 40:9 41:3 41:7 42:8

**i'd**(2) 11:16 31:25
**i'll**(4) 5:1 5:22 17:5 25:17
**i'm**(13) 4:12 5:8 9:23 11:10 14:9 14:21 18:21 24:2 29:17 38:3 38:5 39:17 39:18

**i've**(6) 9:22 18:21 19:11 21:9 31:15 31:19
**james**(2) 1:32 5:6
**jay**(1) 30:18
**jesse**(1) 1:31
**john**(1) 26:7
**joint**(2) 2:18
**jointly**(1) 1:6
**judge**(3) 1:18 1:19 66:1
**just**(39) 5:24 6:14 6:18 8:24 10:13 11:17 16:20 18:3 19:20 24:5 24:7 25:4 27:1 27:24 31:14 36:20 37:19 41:14 42:2 42:22 45:7 46:8 46:11 46:17 48:10 51:16 53:5 53:6 54:12 55:22 56:10 56:20 64:2 64:8 65:18 68:16 68:17 68:25

**kandestin**(1) 2:20
**kathleen**(1) 2:33
**keeping**(2) 22:12 22:15
**kenney**(51) 16:19 16:25 17:1 17:5 18:24 18:25 19:1 19:1 19:4 19:10 20:2 20:9 20:16 20:20 20:25 21:4 21:11 21:17 23:1 23:9 23:12 23:15 24:2 24:5 24:7 24:11 24:16 24:21 25:12 26:13 26:15 26:17 26:22 27:13 27:16 27:24 28:3 29:5 29:9 29:13 29:16 29:24 29:24 30:3 30:22 31:2 31:14 34:14 37:2 42:7 42:8

**kenney's**(1) 63:21
**kenney's**(3) 39:24 40:7 41:14
**kenny**(43) 42:17 42:21 43:2 43:5 43:12 44:7 44:18 46:16 46:17 46:25 47:3 47:7 47:9 47:11 48:4 48:8 48:18 48:19 48:21 49:2 49:14 49:20 54:8 54:11 59:25 60:10 60:25 61:1 61:15 61:21 62:2 62:8 62:10 62:22 63:24 64:8 67:8 67:9 67:12 67:17 67:19 67:23 69:19

**kenny's**(2) 57:16 66:23
**kevin**(1) 1:18
**kind**(8) 14:22 15:6 22:22 24:11 44:2 51:11 57:23 64:1

**king**(2) 2:7 2:22
**kinsella**(1) 2:27
**knack**(1) 11:14
**knock**(1) 69:5

**know**(73) 4:18 4:19 8:19 13:9 13:13 14:8 19:13 19:23 21:21 22:4 22:15 23:19 24:11 26:6 28:9 30:11 30:16 33:17 33:25 34:10 34:13 35:1 35:3 36:16 36:18 37:10 37:11 37:12 37:15 37:19 37:22 39:11 40:1 43:9 43:20 43:25 44:7 46:8 46:18 48:6 48:16 49:22 50:5 50:10 50:12 50:15 50:18 51:6 51:9 51:11 51:24 52:9 52:10 53:3 54:14 54:22 54:23 55:11 55:15 58:4 58:17 60:14 61:10 62:14 62:16 63:17 63:25 64:3 64:17 64:24 65:7 66:9 67:2

**knows**(2) 22:2 22:3
**laid**(1) 21:12
**language**(3) 8:14 10:22 18:17
**largely**(4) 15:5 21:15 32:2 49:15
**last**(4) 7:8 38:6 42:9 51:8
**later**(5) 24:24 39:7 48:12 49:9 51:25
**laughter**(12) 12:13 14:11 50:21 51:12 56:13 56:16 59:2 63:9 63:13 66:2 68:21 68:24
**launch**(1) 11:21
**law**(6) 6:6 21:14 27:7 44:20 66:11 68:8
**lawyer**(1) 46:2
**layton**(1) 2:4
**least**(6) 16:14 45:3 45:10 54:18 63:19
**leave**(1) 9:8
**leaves**(2) 4:20 63:22
**leaving**(1) 9:9
**lectern**(1) 19:12
**left**(2) 16:1 62:11
**legal**(1) 8:21
**legitimate**(1) 15:3
**let**(10) 6:14 16:18 19:6 21:4 36:25 39:24 42:11 51:6 52:12 54:7

**let's**(1) 54:1
**lever**(1) 44:9
**liability**(1) 67:3
**liable**(1) 11:23
**liberty**(1) 1:33
**lift**(1) 22:3
**like**(20) 11:17 13:20 14:8 15:17 16:17 19:18 29:19 33:16 34:24 36:20 38:18 44:15 44:21 51:15 55:14 55:17 55:20 59:25 60:14 62:16

**likely**(1) 19:22
**limit**(1) 22:8
**limitation**(2) 66:12 68:9
**limited**(1) 33:23
**limiting**(1) 36:23
**line**(12) 10:14 30:6 30:7 31:24 34:9 35:10 37:17 37:20 44:16 49:22 49:25 52:20 52:25 53:12 53:13 54:16 55:21 55:24 57:5 57:5 59:4 59:14

**lines**(4) 53:20 59:10 59:17
**lisa**(1) 1:30
**list**(2) 7:9 9:22
**listed**(3) 5:25 6:23 7:12
**listening**(2) 31:19 47:23
**lists**(1) 21:1
**literally**(1) 12:22
**litigating**(1) 18:18
**litigation**(34) 11:22 12:8 13:7 13:14 13:18 15:19 16:3 16:16 17:16 17:21 17:25 18:4 20:7 22:10 22:19 24:14 25:3 25:16 25:24 26:5 27:4 27:25 28:6 28:9 28:22 32:5 32:24 38:16 40:1 41:17 41:20 64:24 65:10 65:12

**litigations**(3) 12:22 14:17 14:19
**little**(7) 10:10 39:12 49:1 51:16 52:8 60:20 63:18

**llc**(1) 1:40
**llp**(4) 1:22 2:19 2:46 3:4

**local**(12) 4:25 11:12 11:22 12:8 17:22 19:8 27:9 37:12 40:11 41:10 45:12 63:10
**long**(5) 29:10 35:2 41:8 61:3 62:3
**longer**(10) 21:2 22:10 22:23 25:15 28:14 32:12 40:12 44:5 62:22 62:23
**look**(8) 8:14 9:6 25:10 27:19 31:24 32:5 52:20 62:6

**looking**(11) 15:6 16:8 19:20 34:25 36:10 37:6 47:4 47:10 47:11 50:18 64:9

**looks**(1) 60:14
**lost**(2) 58:1 62:12
**lot**(6) 20:21 31:24 38:19 44:10 56:7 60:22
**lots**(2) 33:6 60:3
**ltd**(1) 2:26
**lumped**(1) 6:18
**luxury**(2) 38:8 38:16
**mace**(1) 1:38
**made**(11) 22:18 22:21 33:1 33:13 37:18 41:17 57:1 57:11 57:12 57:13 59:9

**maintain**(3) 21:19 47:10 47:17
**maintaining**(6) 25:18 27:2 28:18 44:2 45:2 45:4

**maintains**(1) 51:17
**make**(24) 8:18 12:11 12:17 16:18 22:16 25:13 31:10 33:21 35:18 38:3 44:10 44:13 45:11 47:18 48:5 49:17 50:18 53:18 55:19 56:15 57:2 64:25 68:13

**makes**(4) 34:14 35:9 38:19 39:12
**making**(3) 43:21 47:9 48:11
**manage**(1) 60:20
**management**(2) 2:41 2:41
**manner**(1) 68:2
**many**(3) 28:11 33:4 36:15
**march**(3) 1:14 4:1 70:10
**maris**(1) 2:20
**mark**(1) 19:1
**marked**(5) 55:11
**market**(4) 1:11 1:25 2:28 2:34
**matter**(4) 19:15 25:7 64:19 70:7
**matters**(2) 4:9 4:21
**matz**(1) 3:14
**may**(47) 4:18 10:8 10:9 13:22 14:2 18:7 20:9 22:12 22:16 22:20 25:6 25:18 25:24 26:2 26:4 26:8 26:10 26:15 26:17 26:19 28:19 28:23 28:24 29:25 30:6 31:3 35:21 39:4 39:5 40:4 40:7 43:10 46:3 46:7 49:3 52:18 53:15 54:11 59:7 59:11 60:18 63:12 64:19 64:22 65:1 68:22 68:25

**maybe**(14) 14:16 21:13 23:20 26:12 28:11 39:21 41:7 52:17 53:5 55:4 55:17 56:25 57:23 60:22

**mccloy**(1) 3:13
**mean**(13) 22:12 27:7 29:13 36:9 42:8 43:9 44:10 45:4 50:25 52:9 60:13 62:2 64:6

**means**(1) 60:7
**meantime**(1) 63:18
**mechanism**(1) 39:25
**mediations**(1) 16:1
**meet**(1) 31:20
**meetings**(1) 12:11
**meets**(2) 63:19 68:11
**might**(11) 15:9 16:18 17:15 23:7 25:21 38:18 43:7 44:18 50:12 50:13 65:11

**milbank**(1) 3:13
**mind**(2) 15:9 28:19
**minimize**(1) 28:25
**minimum**(1) 45:5
**ministerial**(1) 44:4

**minute**(3) 5:22 55:18 55:25
**minutes**(1) 69:7
**missed**(1) 11:1
**misused**(1) 19:22
**model**(1) 19:19
**moment**(1) 55:16
**monitor**(3) 2:32 2:45 29:21
**month**(1) 58:9
**monthly**(2) 57:23 58:4
**more**(4) 25:21 30:25 33:4 44:12
**morning**(11) 4:3 4:5 4:6 11:9 16:25 17:1 17:6 17:8 18:24 18:25 51:11

**morris**(1) 1:22 4:7
**most**(9) 9:25 10:1 14:16 14:16 15:1 16:13 27:25 58:25 63:21

**motion**(14) 4:24 11:11 12:2 14:22 16:10 17:3 17:14 19:7 19:16 19:20 25:9 33:11 42:13 46:20

**motions**(2) 46:6 46:18
**move**(4) 21:25 22:5 32:15 43:24
**moving**(1) 46:3
**much**(6) 10:10 11:5 27:12 40:22 55:1
**murphy**(1) 2:33
**myriad**(1) 15:25
**name**(1) 30:9
**nature**(3) 23:6 40:25 52:11
**naught**(1) 60:23
**necessarily**(2) 20:4 31:7
**necessary**(3) 28:15 36:20 37:25
**need**(32) 4:21 17:15 20:13 22:17 24:18 24:22 25:15 25:16 25:20 26:9 26:11 26:18 26:19 27:5 28:10 28:19 28:25 36:20 37:2 38:2 39:3 41:2 46:4 46:20 48:6 48:9 50:6 50:9 54:19 57:3 60:13 61:8

**needs**(5) 21:19 23:22 24:19
**negotiate**(2) 38:10 52:13
**negotiated**(2) 29:7 29:10
**negotiating**(1) 52:15
**negotiation**(1) 38:22
**negotiations**(1) 29:11
**neither**(1) 9:21
**networks**(3) 1:7 5:15 7:22
**never**(5) 19:17 20:11 25:20 67:20 67:21
**new**(11) 1:34 2:15 4:25 11:22 12:8 19:7 20:13 30:23 30:24 31:3 45:12

**newly**(1) 11:12
**next**(2) 19:19 31:8
**ngs**(5) 8:6 8:7 8:25 9:5 9:10
**nichols**(1) 1:22 4:8
**nine**(1) 59:7
**nni**(4) 9:1 9:5 9:9 10:3
**nobody**(5) 22:2 22:3 25:2 46:7 62:11
**nobody's**(2) 61:24 64:17
**non-debtor**(1) 8:5
**non-payment**(1) 67:6
**non-testifying**(1) 26:10
**nonetheless**(2) 10:3 16:6
**nor**(1) 45:12
**normal**(1) 13:14
**normally**(1) 21:7
**nortel**(8) 1:7 3:4 5:15 7:22 7:25 8:5 8:20 54:22

**nortel's**(1) 8:3
**north**(4) 1:25 2:7 2:22 2:34

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **not**(112) 4:12 5:18 6:7 6:16 6:22 7:10 8:7 8:11 8:12 8:13 8:21 9:7 9:12 9:16 9:23 10:1 10:4 12:4 13:25 14:7 14:16 16:15 17:23 19:6 19:17 19:20 20:4 20:10 20:14 21:6 21:11 21:18 21:21 22:7 22:9 22:21 22:21 23:20 24:2 24:13 24:23 25:4 25:12 25:18 27:1 30:6 30:15 30:16 30:17 30:22 33:13 34:13 34:25 35:5 35:20 35:21 36:6 36:6 36:15 36:18 38:14 38:16 39:18 40:1 40:6 41:1 41:12 42:17 43:6 43:10 44:7 44:14 44:21 44:23 45:2 45:7 45:11 46:25 47:1 48:11 48:20 49:3 49:14 50:13 51:8 51:17 51:19 51:23 52:12 54:2 55:14 56:14 58:24 60:4 60:22 61:23 62:18 62:19 64:1 64:3 64:8 64:20 64:22 65:8 65:19 66:4 66:7 67:1 67:3 68:7 68:19 | **only**(12) 5:20 7:16 10:21 18:4 21:20 32:22 37:8 38:17 47:19 58:12 59:24 66:19 | **peoples'**(1) 29:22 | **procedures**(1) 66:6 |
| **note**(2) 12:1 13:20 | **open**(5) 49:1 56:20 57:3 58:11 59:24 | **percent**(2) 27:21 61:23 | **proceeding**(1) 66:4 |
| **notes**(1) 37:1 | **openly**(1) 26:25 48:23 | **perform**(1) 25:23 | **proceedings**(9) 1:17 1:46 8:8 8:22 19:16 19:19 27:20 27:20 70:7 |
| **nothing**(1) 64:25 | **opinions**(2) 43:16 43:18 | **performed**(1) 23:7 | |
| **notice**(4) 46:23 47:16 48:15 54:24 | **opportunity**(3) 18:22 23:17 29:21 59:15 59:16 | **performing**(2) 25:1 26:3 | **process**(8) 18:16 21:20 29:8 44:4 46:22 47:1 48:17 55:2 |
| **notices**(1) 48:14 | | **perhaps**(13) 4:24 14:20 16:20 20:20 23:22 31:22 33:4 34:24 36:15 39:24 51:15 52:9 54:24 60:10 | |
| **notification**(1) 28:16 | **oppose**(2) 41:24 41:25 | | **produce**(1) 22:21 |
| **notify**(1) 28:14 | **opposed**(1) 25:22 | **period**(2) 59:10 59:11 | **produced**(2) 1:47 48:2 |
| **notion**(2) 32:25 37:3 | **order**(28) 10:8 13:23 16:12 16:17 16:20 18:8 18:11 18:22 19:17 19:18 20:3 21:24 31:15 31:16 32:6 35:20 35:23 36:17 38:16 39:12 45:7 46:22 47:20 51:14 52:10 52:13 59:11 59:24 60:6 60:17 61:11 61:20 62:14 62:20 63:5 64:9 64:10 | **periodically**(1) 30:6 | **professional**(22) 22:14 22:14 24:24 34:8 34:11 35:11 37:11 44:2 46:20 47:19 47:19 49:16 49:16 49:17 50:5 50:10 50:12 53:4 54:17 54:23 67:13 67:15 |
| **now**(20) 16:18 21:23 23:4 32:20 34:7 34:18 36:3 36:12 39:10 41:15 41:19 41:20 42:15 43:13 43:20 53:25 60:14 60:15 61:23 | | **permutations**(1) 60:3 | |
| | **ordered**(1) 60:6 | **person**(9) 18:7 22:4 22:12 25:1 25:8 26:1 51:9 53:2 65:16 | **professional-by-professional**( 24:22 |
| **number**(9) 4:13 5:9 12:21 14:17 24:9 26:6 30:9 32:23 43:7 | **orders**(1) 58:18 | | **professionals**(31) 12:3 12:17 12:19 13:3 14:14 25:6 28:18 31:9 31:10 32:8 33:3 33:22 33:25 34:18 35:11 35:12 36:2 45:1 45:17 49:3 49:6 49:23 51:22 58:3 60:1 61:5 61:6 63:25 66:21 67:5 67:10 |
| | **ordinary**(4) 64:20 64:20 67:10 67:13 | **person's**(2) 22:6 22:9 | |
| **numbers**(2) 7:1 10:15 | **other**(20) 10:21 12:17 13:1 14:5 14:24 15:8 18:6 21:22 22:20 32:20 36:19 37:1 38:1 38:2 39:10 40:20 54:13 61:20 64:10 | **picked**(1) 46:11 | |
| **object**(7) 23:17 23:19 30:14 32:20 49:11 49:11 59:15 | | **pieces**(1) 16:5 | **professionals'**(1) 30:7 |
| | | **place**(3) 13:25 57:9 63:19 | **professional's**(3) 28:14 37:17 39:14 |
| **objected**(1) 5:20 | **others**(4) 13:14 15:1 25:24 34:1 | **placed**(1) 17:24 | **program**(1) 10:5 |
| **objection**(15) 4:24 5:1 5:8 5:11 5:13 5:25 6:15 7:4 7:5 7:22 9:24 10:6 32:3 32:17 34:9 | **otherwise**(4) 14:24 57:25 60:6 65:12 | **plan**(15) 5:15 5:16 6:2 6:5 6:7 6:8 8:15 8:16 8:16 9:2 9:6 9:7 9:13 62:3 65:7 | **promulgated**(1) 11:22 |
| | **ought**(2) 8:18 37:7 | | **proposal**(1) 51:14 |
| **objections**(4) 5:12 6:19 10:16 16:13 | **our**(20) 4:8 4:24 6:5 7:24 10:18 10:20 12:2 14:13 14:22 16:10 16:12 17:25 18:4 32:17 33:2 33:17 40:5 40:16 63:11 64:10 | **plans**(2) 65:8 65:9 | **propose**(1) 30:4 |
| **obligated**(2) 34:4 48:4 | | **plaza**(1) 1:33 | **proposed**(6) 21:23 31:16 38:20 45:7 45:10 51:14 |
| **obligation**(6) 40:13 41:8 42:2 48:21 50:11 60:1 | **ourselves**(4) 12:7 46:13 63:18 65:19 | **please**(6) 4:2 4:4 56:3 56:4 60:25 60:25 | |
| | **out**(22) 12:15 19:6 20:22 21:12 25:7 29:7 30:17 32:9 37:22 48:4 49:3 51:7 51:10 51:15 53:24 54:7 54:14 54:18 56:20 60:13 60:21 63:8 | **podium**(1) 5:1 | **proposing**(1) 23:16 |
| **obviate**(2) 66:7 68:8 | | **point**(40) 8:24 14:12 16:3 16:16 17:17 18:1 19:6 20:6 21:24 22:8 25:13 25:24 25:25 26:18 26:22 27:5 27:11 28:3 28:4 28:12 34:14 34:14 35:14 38:2 38:6 40:8 40:12 40:17 41:6 41:16 44:13 45:11 50:11 56:10 56:20 57:2 57:3 60:2 61:2 61:7 | **proposition**(1) 37:15 |
| **obviously**(6) 11:21 15:19 21:6 34:14 36:2 40:22 42:10 43:22 47:7 58:11 66:20 67:12 | **outset**(1) 11:25 | | **prosecute**(1) 16:2 |
| | **outside**(1) 20:11 | **pointed**(3) 48:4 49:3 51:7 | **prospective**(1) 35:19 |
| **occurred**(1) 48:16 | **over**(5) 5:17 6:6 8:2 8:6 21:19 | **points**(1) 37:22 | **protect**(3) 12:7 15:23 20:5 |
| **ocp**(1) 67:14 | **overlook**(1) 33:18 | **police**(1) 49:6 | **protecting**(2) 35:25 50:16 |
| **oddly**(1) 53:13 | **overy**(1) 2:46 | **portion**(3) 24:19 30:14 30:16 | **protection**(1) 32:4 |
| **off**(2) 23:1 57:5 | **own**(1) 30:7 | **portions**(1) 44:18 | **protocol**(1) 38:10 |
| **office**(8) 18:11 29:17 31:21 34:20 35:6 42:15 61:25 66:24 | **pace**(1) 19:7 | **position**(3) 6:5 7:11 41:17 | **provide**(1) 39:22 |
| | **page**(3) 53:12 53:13 59:3 | **possibility**(2) 47:21 62:16 | **provided**(2) 5:19 42:14 |
| **office's**(1) 63:21 | **paid**(3) 27:12 27:18 44:2 | **possible**(3) 31:6 47:12 63:14 | **provides**(1) 33:23 |
| **okay**(23) 5:23 8:23 9:3 9:21 22:3 23:11 24:6 39:20 43:4 44:6 44:17 44:21 45:19 45:24 49:13 49:19 55:23 56:24 65:25 67:18 69:8 69:9 69:11 | **papers**(4) 14:13 15:25 35:13 46:3 | **potential**(2) 29:25 40:2 | **provision**(5) 61:3 62:14 63:25 64:3 |
| | **paragraph**(16) 10:19 10:21 32:6 33:21 35:9 35:14 36:17 44:16 52:23 52:25 53:12 53:25 57:6 59:4 68:1 68:6 | **ppearances**(2) 1:21 2:1 | **provisions**(5) 12:5 12:6 18:10 68:7 68:12 |
| **omni**(2) 5:20 10:25 | | **practical**(3) 33:3 35:25 64:19 | **proxy**(1) 64:1 |
| **omnibus**(6) 4:9 4:24 5:1 5:8 5:12 10:15 | **park**(1) 2:14 | **precedent**(1) 14:25 | **public**(13) 25:13 27:1 54:13 54:14 56:23 59:16 |
| **once**(2) 58:8 60:3 | **part**(12) 8:2 8:6 16:13 23:13 23:13 23:15 23:20 36:9 36:10 39:24 47:24 63:21 | **precedential**(1) 36:18 | |
| **one**(52) 1:33 2:6 2:14 4:12 5:21 6:9 7:16 8:1 8:24 10:4 11:1 15:9 15:21 19:13 19:16 21:20 25:9 26:22 27:5 32:9 32:20 32:24 33:3 34:7 35:9 36:21 36:24 37:14 37:16 37:20 37:20 38:2 39:17 39:18 40:3 40:6 41:5 45:11 46:21 50:12 50:12 53:20 54:11 55:4 55:15 55:15 55:16 56:20 59:4 64:14 68:1 | **participant**(1) 9:1 | **prefer**(2) 57:20 68:14 | **publicly**(11) 13:6 18:5 23:25 26:24 32:8 41:9 61:13 61:23 62:15 65:6 68:3 |
| | **participants**(3) 5:15 6:6 9:22 | **prejudice**(6) 16:6 17:18 18:3 18:8 18:18 | |
| | **participate**(1) 10:5 | | |
| | **participating**(3) 9:8 29:11 | **prejudicial**(4) 16:15 40:12 43:11 43:12 | **purpose**(1) 6:25 |
| | **particular**(9) 6:9 9:7 21:25 22:1 23:21 23:23 25:7 25:9 30:9 | **prejudicing**(1) 41:17 | **purposes**(1) 22:10 |
| | | **preordain**(1) 33:12 | **pursuant**(1) 37:11 |
| **one-by-one**(1) 57:20 | **particularly**(2) 8:15 63:16 | **prepare**(3) 53:22 55:5 59:6 | **push**(1) 50:14 |
| **ones**(1) 46:21 | **parties**(15) 18:6 18:18 22:4 24:17 24:17 27:1 27:11 32:20 33:5 36:5 36:5 41:23 43:3 49:8 66:4 | **prepared**(1) 54:12 | **put**(8) 33:5 34:25 36:17 61:5 61:11 62:13 63:5 64:3 |
| **one's**(1) 4:10 | | **preposition**(1) 59:2 | |
| **ongoing**(1) 29:21 | **parties'**(1) 16:2 | **presentation**(1) 11:6 | **putting**(1) 65:18 |
| | **party**(11) 21:24 23:8 30:13 32:14 34:6 35:1 40:13 41:9 41:15 43:22 46:9 61:19 64:21 | **presented**(1) 7:4 | **qualified**(2) 9:7 10:4 |
| | | **presently**(2) 35:17 35:17 | **quarterly**(1) 55:6 |
| | **past**(4) 5:11 6:4 8:10 44:22 | **preserve**(6) 16:8 16:14 18:11 25:15 25:16 31:11 | **question**(8) 25:7 33:13 38:2 41:14 42:11 49:1 52:7 63:23 |
| | **pbgc**(2) 5:17 6:6 | | |
| | **pennsylvania**(1) 1:42 | **pretty**(1) 21:1 | **questions**(4) 11:4 18:21 38:4 39:11 |
| | **pension**(3) 5:16 6:1 15:19 | **previously**(3) 5:17 9:1 35:22 | **quickly**(2) 37:1 39:4 |
| | **people**(19) 20:4 21:5 21:13 21:14 21:21 23:17 24:12 30:1 33:17 37:10 37:22 44:9 44:19 58:12 58:23 62:5 62:5 64:6 66:24 | **principal**(1) 29:2 | **quite**(3) 11:21 39:2 58:18 |
| | | **principally**(2) 15:7 15:23 | **qureshi**(26) 2:13 17:7 17:8 17:10 17:10 17:13 17:20 18:19 18:20 19:5 36:9 39:21 39:22 39:23 40:16 40:19 40:21 41:6 41:13 41:23 41:25 42:2 42:4 42:5 43:21 |
| | | **prior**(2) 8:7 20:18 | |
| | | **privilege**(5) 22:9 25:15 25:19 27:3 32:5 32:12 50:16 64:24 65:12 | **raise**(1) 67:1 |
| | | | **ran**(1) 38:24 |
| | | **privileged**(3) 13:6 24:13 28:22 | **randal**(2) 5:21 7:17 |
| | | **probably**(9) 21:17 31:9 38:15 48:24 55:19 57:22 58:3 68:3 69:17 | **rather**(6) 31:25 33:5 33:11 39:7 46:12 50:19 |
| | | **problem**(9) 13:20 20:2 20:22 20:23 29:6 33:19 47:24 52:5 57:17 | |
| | | | **re-hire**(1) 9:5 |
| | | **problems**(2) 29:25 34:21 | |
| | | **procedure**(2) 21:6 30:20 | |

| Word | Page:Line |
| --- | --- |

re-hired(2) 9:9  9:10
reach(4) 20:6  25:24  39:5  40:8
reached(1) 41:16
read(3) 12:15  29:2  31:15
ready(1) 50:12
real(5) 12:24  17:24  18:3  18:8  18:18
reality(1) 62:3
realize(1) 14:6
really(23) 12:2  12:6  16:13  18:15  21:22  26:18  27:5  28:25  30:22  31:15  32:4  32:7  33:3  35:23  35:24  42:14  45:6  43:10  45:25  46:7  47:3  61:8  63:15

reason(10) 19:24  25:22  26:1  28:20  30:16  33:10  46:10  48:8  62:5  62:10
reasons(5) 9:24  19:14  25:3  25:18  26:2
recall(2) 15:24  65:2
receive(3) 6:22  29:18  29:19
received(2) 5:20  7:16

recently(2) 10:1  15:25
recess(4) 55:18  55:25  56:2  70:1
recognize(2) 12:5  36:13
recognizing(1) 51:20
reconcile(1) 6:25
record(8) 5:5  17:10  26:25  28:8  28:11  47:17  48:10  48:11

recorded(1) 1:46
recording(2) 1:46  70:6
records'(1) 7:1
recreate(1) 35:21
redact(2) 28:24  28:25
reduce(1) 29:25
reed,llp(1) 3:8
reference(1) 37:18
referenced(1) 50:4
references(1) 10:20
reflected(1) 16:9
refuse(1) 33:10
reimbursed(1) 30:17
relative(1) 17:25
relatively(3) 16:10  33:8  38:19
relevant(2) 8:17  54:18
relief(7) 4:25  1:11  16:10  17:14  17:15  19:21  22:5

remain(1) 52:1
remaining(1) 16:22
remains(1) 61:14
remove(1) 39:13
removed(1) 63:11
reply(4) 7:18  7:18  10:18  10:20
report(1) 51:21
reports(1) 22:22
requests(1) 34:24
require(3) 12:9  12:16  44:20
required(9) 12:17  12:23  18:5  20:11  33:23  40:11  41:10  53:6  57:8

requirement(1) 35:22
requirements(1) 17:22
requires(1) 44:14
requiring(1) 12:24
reserve(1) 60:12
resolution(1) 35:25
resolve(1) 39:4
resolved(1) 37:24
resolves(1) 8:12
respect(11) 5:12  6:12  7:11  9:17  25:5  25:19  28:4  30:4  44:19  44:24  60:12

respectfully(1) 9:16
respond(2) 16:19  39:11
responded(1) 6:9

response(11) 5:21  5:21  7:16  7:16  7:17  7:18  9:20  10:18  10:20  16:11  32:3

responses(2) 6:23  10:25
responsibility(2) 51:21  60:18
responsible(1) 34:15
responsive(1) 38:3
rest(2) 14:8  63:6
result(3) 18:4  19:16  35:4
retain(3) 20:10  49:16  64:21
retained(32) 12:18  14:14  15:11  18:6  22:11  23:24  25:6  25:9  27:12  28:13  32:8  33:4  33:5  33:22  35:11  35:17  37:5  37:11  40:2  40:3  41:19  45:13  46:19  49:17  51:22  53:1  53:2  53:4  64:22  65:2  65:9  66:24

retaining(18) 14:18  34:8  35:11  35:12  37:17  39:14  40:13  41:9  41:23  43:13  43:21  45:17  49:23  54:16  58:3  60:1  61:6  67:15

retains(1) 24:24
retention(10) 12:3  21:7  21:19  22:1  34:17  42:13  64:4  65:6  65:7  65:8
retentions(1) 29:14
retirement(1) 5:15
retiring(1) 14:10
retrial(1) 52:3
retroactive(2) 35:15  44:24
reveal(4) 12:25  26:5  36:7  51:23
revealed(1) 51:24
revealing(5) 13:18  16:6  32:24  37:5  51:20
reversal(2) 26:16  52:3
review(10) 18:12  18:14  18:22  29:14  29:14  30:10  30:11  48:3  48:5  55:11

revised(3) 10:8  16:12  27:9
revolves(1) 15:7
richards(1) 3:8
right(68) 4:11  5:3  6:3  6:11  7:14  9:14  9:18  10:10  10:13  14:15  16:23  18:19  20:1  20:8  20:19  20:24  21:10  21:16  22:25  24:10  24:15  24:20  29:23  30:2  30:21  31:1  31:13  32:11  38:9  38:12  39:1  40:24  41:12  42:1  43:4  43:4  43:14  47:2  50:1  50:24  51:5  52:9  54:6  54:8  54:21  55:7  55:9  57:7  57:15  57:15  58:10  58:22  59:5  60:11  61:21  62:2  66:10  66:14  66:16  66:21  67:16  68:5  68:22  69:1  69:14  69:20

rights(1) 60:12
rise(2) 4:2  56:3
risk(2) 12:24  16:6
risking(1) 67:6
robe(1) 56:14
rodney(2) 2:6  2:21
rooney(1) 2:32
routine(1) 14:23
rubik's(1) 60:13
rubric(1) 65:12
rule(26) 12:16  13:9  13:19  14:21  15:6  17:23  20:14  20:14  20:21  21:2  27:10  30:23  32:24  31:3  31:4  31:6  31:25  35:19  36:14  41:10  49:12  49:18  50:7  61:22  63:11  63:16

ruled(1) 38:21
rules(14) 4:25  11:12  11:22  12:8  19:8  20:21  22:19  37:12  38:22  40:11  45:12  66:5  66:11  68:8

rulings(1) 36:23
safe(1) 34:6
safekeeping(1) 34:22
said(7) 21:5  30:5  36:17  43:21  46:18  58:4

sale(3) 8:3  8:7  8:7
same(8) 12:14  18:17  21:18  25:19  43:16  51:20  53:11  65:9

samis(1) 2:5
save(1) 68:22
say(20) 6:14  11:16  19:10  19:15  19:23  25:2  31:25  33:9  41:18  44:21  50:14  51:6  53:5  53:6  53:22  59:15  59:18  60:8  62:20  68:7

saying(5) 4:19  19:5  39:25  42:22  64:10
says(7) 8:16  20:14  53:1  53:21  59:14  59:17  61:4

schuylkill(1) 1:41
schweitzer(28) 1:30  50:22  50:24  51:3  51:5  54:2  54:4  54:7  54:21  63:10  63:14  64:5  65:14  65:21  65:22  65:25  66:10  66:14  66:16  66:18  66:19  66:23  67:7  68:22  69:8  69:11  69:18  69:21

scope(7) 13:15  16:21  23:24  24:25  25:23  26:2  26:23

scott(1) 5:21
seal(35) 22:12  23:16  23:18  26:1  26:2  27:5  28:12  28:15  32:16  32:22  33:1  34:5  34:12  37:7  37:9  37:13  44:5  47:14  47:15  47:18  50:8  50:25  53:5  53:6  57:9  57:14  57:14  57:17  58:5  59:8  59:9  59:16  59:18  59:21

sealed(15) 23:22  24:3  24:19  30:12  34:10  37:18  39:13  42:24  42:24  43:4  54:17  58:4  61:13  62:11  68:3

sealing(3) 22:5  46:7  47:24
searching(1) 65:15
seated(1) 4:4
second(3) 4:24  28:3  52:5
secret(1) 37:13
section(2) 8:15  9:7
sections(1) 68:9
see(14) 4:17  9:21  10:11  16:9  17:9  27:2  37:1  42:23  43:1  51:15  54:1  58:11  69:16  69:16
seek(3) 34:6  37:23  59:16
seeking(5) 15:22  16:10  17:14  28:25  32:14
seeks(1) 31:5
seem(3) 11:14  12:8  37:12
seemed(1) 16:3
seems(3) 13:20  57:21  61:17
send(2) 58:8  58:12
sense(9) 16:18  31:20  33:1  33:14  38:19  39:12  54:9  55:19  68:13

separate(3) 23:13  43:18  50:9
separated(1) 43:18
serial(2) 37:4  37:21
serious(1) 11:21
serve(1) 14:25
served(1) 48:10
service(2) 1:40  1:47
services(3) 1:40  49:7  49:8
set(3) 14:12  43:16  43:18
sets(1) 25:17
setter(1) 19:7
seven(1) 59:7
several(1) 8:10
severance(10) 5:14  6:24  8:15  8:16  8:19  9:2  9:6  9:13  9:17  10:5  10:7
shall(12) 53:2  53:5  53:6  53:21  53:22  57:10  57:12  57:13  59:8  59:9  68:3  68:4

share(2) 8:7  35:2
shares(1) 8:6
sharing(1) 35:4
she(1) 23:6
shelley(1) 2:27
shemet(1) 1:31
short(1) 47:20

should(25) 14:23  14:24  14:24  22:11  22:14  24:8  27:11  28:13  28:20  28:25  30:5  30:8  30:13  31:5  32:19  33:9  39:25  43:24  44:3  45:3  46:25  47:15  59:18  61:23  63:4

shouldn't(2) 31:2  31:4
show(1) 61:22
side(2) 18:4  40:20
signed(1) 4:13
significant(7) 12:8  12:9  12:18  12:21  16:3  32:10  33:12

similar(1) 5:11
similarly(1) 53:14
simple(3) 33:8  44:11  47:18
simplify(1) 50:19
simply(9) 36:17  37:17  38:21  39:6  46:22  47:16  53:22  59:15  68:7

simultaneous(1) 9:5
since(1) 49:14
sir(5) 4:6  6:16  14:4  19:3  60:25
sit(1) 47:23
sixth(1) 59:4
size(1) 36:21
slippery(1) 51:9
slopes(1) 51:10
smarter(2) 56:11  56:15
solution(6) 13:19  36:19  38:20  39:24  40:7  56:12

solutions(4) 8:3  8:5  8:20  8:20
some(50) 6:23  8:18  13:13  14:14  15:18  15:21  16:3  16:16  17:16  20:9  20:17  20:18  21:13  21:24  22:16  24:11  25:6  25:20  26:9  26:17  26:19  27:4  27:11  27:24  28:4  28:12  28:15  30:16  31:3  33:3  35:3  35:16  38:15  39:13  40:17  42:10  44:2  45:22  46:10  47:17  55:18  60:1  60:1  60:23  61:3  61:7  62:12  63:15  65:10  67:6

somebody(11) 19:11  20:3  24:8  33:8  42:22  43:23  47:9  50:14  64:9  64:21  64:22

somehow(2) 22:15  67:3
someone(1) 67:1
someone's(1) 67:2
something(47) 17:23  18:9  20:17  24:17  25:10  26:5  27:16  29:7  29:20  30:5  30:8  30:18  31:2  31:4  31:5  31:8  31:11  33:18  37:6  37:9  37:13  37:21  38:16  39:3  42:22  44:8  44:9  44:11  44:12  44:14  44:15  44:20  46:17  46:21  47:15  47:17  49:2  52:11  53:16  54:12  54:19  55:14  58:3  62:12  62:16  63:19  66:3

sometimes(5) 33:18  47:22  62:3  62:4  67:23
soon(3) 21:1  38:14  40:21
sooner(1) 39:7
sophisticated(1) 44:13
sorry(1) 62:18
sort(12) 6:18  17:16  29:7  31:20  33:11  37:19  49:25  50:6  50:13  56:25  57:23  65:10

sorts(1) 65:9
sound(2) 1:46  70:6
speaking(1) 10:24
specific(1) 64:5
specifically(2) 18:1  32:15
spent(2) 36:2  56:7
sponsor(1) 6:8
spread(3) 26:25  28:11  48:10
spreading(1) 28:7
spreadsheet(3) 44:2  44:12  46:5
square(2) 2:6  2:21
squeaky(1) 60:21
stage(1) 41:20
stages(2) 27:25  28:6
stand(1) 70:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**stargatt**(1) 2:18
**start**(6) 4:25 20:25 21:4 22:6 39:25 45:4
**starting**(2) 58:20 69:7
**state**(1) 14:21
**stated**(2) 9:24 49:25
**states**(11) 1:1 1:19 12:2 13:24 15:2 15:11 15:16 18:13 24:20 34:20 38:24

**ste**(1) 2:34
**steen**(2) 1:29 5:6
**still**(10) 25:14 26:2 38:5 40:22 48:17 49:1 54:15 61:25 62:5 62:5

**stood**(1) 19:11
**storage**(1) 34:22
**straightforward**(1) 9:25
**strategy**(22) 13:2 13:7 13:18 22:10 23:1 23:2 24:14 25:16 26:6 27:4 28:9 28:22 32:5 32:12 32:24 37:6 43:13 50:16 51:20 51:23 64:24 65:12

**strauss**(2) 2:11 17:11
**street**(5) 1:11 1:41 2:7 2:22 2:28
**strike**(4) 57:8 59:6 59:7 59:16
**strive**(1) 28:25
**struck**(1) 10:21
**structurally**(2) 5:24 7:9
**style**(1) 52:13
**subject**(7) 26:8 33:22 35:3 36:6 62:22 62:23 64:4

**submission**(1) 48:14
**submit**(3) 9:16 48:15 67:24
**submitted**(4) 4:12 45:3 48:1 48:22
**subsequently**(2) 9:9 9:10
**substantial**(1) 13:24
**substitute**(1) 64:2
**such**(6) 18:14 36:7 38:21 53:1 59:11 59:17
**sudden**(1) 33:18
**suddenly**(1) 52:3
**sufficiently**(1) 8:12
**suggest**(2) 13:20 36:21
**suggested**(3) 32:16 37:2 55:4
**suggesting**(3) 24:1 24:3 45:8
**suggestion**(1) 63:1
**suite**(1) 2:28
**supported**(2) 5:18 7:10
**supporting**(2) 17:3 17:4
**supportive**(2) 17:13 18:10
**suppose**(1) 9:25
**sure**(28) 4:13 7:17 15:4 19:9 26:21 27:23 29:17 31:10 33:22 35:5 35:18 38:3 39:9 39:18 40:19 41:3 41:22 42:11 43:6 43:10 45:7 46:15 47:16 47:18 49:17 52:24 62:18 62:19

**surprise**(1) 42:15
**suspect**(1) 46:10
**suspends**(2) 32:7 32:11
**sustain**(4) 6:19 7:4 9:23 10:6
**system**(1) 27:2
**systemically**(1) 46:12
**table**(1) 23:2
**take**(7) 25:15 32:9 55:22 55:25 58:12 61:16 63:7

**taken**(2) 5:17 6:6
**taking**(1) 67:3
**talk**(5) 5:8 50:8 52:16 56:25 63:17
**talked**(4) 16:1 43:25 53:21 60:2
**talking**(7) 15:5 45:25 46:2 51:18 53:3 53:19 56:8

**talks**(1) 53:2
**tax-qualified**(1) 5:16
**taylor**(1) 2:17
**tbd**(1) 63:6
**teach**(2) 12:10 12:10
**technically**(1) 9:4

**technology**(1) 44:10
**teed**(1) 64:14
**telephone**(2) 9:19 9:22
**telephonic**(2) 2:38 3:1
**tell**(5) 30:10 50:14 56:17 56:17 58:23
**tells**(1) 42:24
**ten**(6) 27:21 53:13 55:18 55:25 59:7 62:14
**tend**(1) 34:3
**tenth**(4) 34:4 52:25 53:13 57:5
**term**(2) 29:10 34:9
**terminated**(3) 7:25 8:4 10:2
**termination**(8) 6:24 7:23 8:1 8:13 9:5 9:8 9:12 10:4

**terms**(5) 34:22 40:5 41:2 44:24 49:6
**terrific**(1) 4:17
**test**(1) 66:21
**testify**(2) 22:21 26:7
**testifying**(10) 13:11 14:19 15:24 18:2 22:18 25:25 40:9 40:14 41:3 43:14

**than**(9) 21:2 32:1 33:5 33:11 36:15 39:7 46:12 50:19 56:11

**thank**(37) 4:3 5:3 5:5 6:21 7:6 9:18 10:7 10:9 10:9 11:1 11:5 11:7 14:3 14:4 16:24 17:6 18:19 18:20 24:4 31:12 31:13 31:13 39:23 42:4 42:5 42:6 42:8 46:15 49:19 49:19 56:1 56:4 56:5 61:1 69:12 69:15 69:21

**that**(301) 4:13 4:20 5:2 5:12 5:13 5:16 5:17 5:21 6:5 6:7 6:9 6:10 6:15 6:18 6:18 6:19 6:25 7:4 7:10 7:11 7:16 7:18 8:2 8:7 8:11 8:11 8:15 8:16 8:18 8:22 9:15 9:16 9:25 9:25 10:1 10:5 10:24 11:1 12:1 12:2 12:10 12:16 13:9 13:24 13:15 13:16 13:17 13:20 13:20 13:21 14:5 14:6 14:12 14:21 14:22 14:25 15:2 15:5 15:8 15:9 15:16 15:17 15:21 15:22 16:6 16:8 16:20 16:20 17:14 17:15 17:15 17:21 17:22 17:23 17:25 18:3 18:4 18:7 18:8 18:9 18:10 18:11 18:13 18:17 19:6 19:14 19:17 19:18 19:19 19:20 19:21 19:21 19:24 20:2 20:3 20:9 20:14 20:20 21:7 21:8 21:9 21:14 21:20 21:24 22:4 22:6 22:7 22:8 22:11 22:12 22:13 22:16 23:1 23:5 23:7 23:9 23:21 23:22 23:24 23:24 23:24 24:3 24:5 24:7 24:16 24:17 24:19 24:23 24:24 24:24 25:1 25:2 25:6 25:8 25:13 25:17 25:17 25:20 25:21 25:21 25:23 25:24 25:25 26:1 26:3 26:9 26:17 26:19 26:19 27:10 27:11 27:17 27:25 28:3 28:6 28:8 28:9 28:16 28:19 28:20 29:7 29:8 29:19 29:20 29:24 29:25 30:5 30:10 30:10 30:15 30:18 30:22 31:2 31:4 31:4 31:5 31:7 31:9 31:11 31:11 31:20 31:21 32:2 32:6 32:7 32:12 32:14 32:15 32:21 32:22 32:23 32:25 33:4 33:6 33:11 33:13 33:22 34:3 34:4 34:5 34:8 34:8 34:10 34:11 34:12 34:13 34:15 34:19 34:21 34:21 34:25 35:2 35:3 35:4 35:5 35:10 35:16 35:18 35:21 35:22 35:25 36:13 36:14 36:14 36:21 36:21 36:25 37:2 37:2 37:8 37:10 37:11 37:12 37:16 37:18 37:19 37:20 37:21 37:22 37:25 37:25 38:2 38:14 38:17 38:18 38:21 38:22 38:22 38:23 39:2 39:9 39:12 39:15 39:17 39:17 39:18 39:25 40:2 40:3 40:4 40:5 40:8 40:12 40:12 40:25 41:9 41:13 41:15 41:20 41:24 42:12 42:13 42:15 42:17 42:18 42:18 42:23 42:25 43:9 43:13 43:15 43:17 43:22 43:23 44:1 44:5 44:8 44:9 44:13 44:14 44:19 44:23 44:23 44:24 45:1 45:1 45:2

**that**(154) 45:3 45:12 46:2 46:3 46:4 46:7 46:8 46:12 46:19 46:22 47:15 47:16 47:18 47:19 47:19 47:19 47:21 47:22 48:15 48:6 48:10 48:11 48:12 48:15 48:15 48:16 48:16 48:22 48:22 48:22 49:2 49:5 49:8 49:8 49:10 49:17 49:17 50:5 50:6 50:6 50:6 50:7 50:7 50:9 50:13 50:15 51:5 51:10 51:11 51:13 51:19 51:20 51:22 51:23 51:24 51:25 52:2 52:4 52:8 52:11 52:16 52:18 53:15 53:18 53:18 53:19 53:24 54:12 54:16 54:17 54:17 54:17 54:20 54:22 54:23 55:4 55:10 55:14 55:14 55:19 55:20 56:11 56:12 56:14 57:1 57:2 57:3 57:5 57:5 57:16 57:19 58:4 58:14 58:15 58:17 58:18 58:23 59:23 59:24 59:25 60:5 60:7 60:12 60:12 60:17 60:18 61:2 61:4 61:17 61:19 61:24 62:6 62:12 62:14 62:16 63:3 63:4 63:4 63:16 63:18 63:19 63:25 64:3 64:4 64:6 64:13 64:21 64:22 64:25 65:9 65:19 66:3 66:20 66:20 67:1 67:1 67:2 67:3 67:5 67:9 67:19 67:21 68:1 68:6 68:10 68:10 68:19 69:2 69:3 69:9 70:5

**that's**(29) 43:12 44:13 45:10 46:24 47:2 48:11 50:3 50:19 50:20 51:4 51:18 54:8 54:18 55:13 58:20 59:1 60:9 60:24 61:15 62:1 62:7 62:9 62:16 65:25 67:2 67:22 68:17 68:17 69:1

**that's**(34) 9:7 9:12 10:13 11:24 13:7 16:23 17:4 17:6 19:13 19:17 20:8 20:14 21:2 21:10 22:25 24:16 27:13 29:23 30:21 31:1 31:25 32:24 33:14 33:20 33:25 36:8 37:6 38:12 39:1 39:2 39:7 40:5 41:5 42:6

**the**(301) 1:1 1:2 1:18 2:4 3:12 4:2 4:3 4:6 4:8 4:9 4:11 4:12 4:15 4:18 4:19 4:22 4:23 4:23 4:24 4:25 5:1 5:1 5:3 5:5 5:7 5:8 5:9 5:10 5:11 5:15 5:16 5:17 5:18 5:18 5:19 5:20 5:23 5:24 5:25 6:1 6:3 6:4 6:5 6:6 6:6 6:7 6:8 6:9 6:11 6:14 6:17 6:19 6:23 6:25 6:25 7:1 7:1 7:3 7:3 7:4 7:7 7:8 7:10 7:11 7:13 7:14 7:20 7:23 8:1 8:2 8:2 8:6 8:6 8:9 8:10 8:14 8:14 8:16 8:17 8:21 8:23 9:1 9:3 9:6 9:7 9:11 9:13 9:14 9:17 9:18 9:19 9:19 9:21 9:22 9:23 9:24 9:24 9:25 10:1 10:3 10:5 10:6 10:9 10:14 10:14 10:15 10:15 10:17 10:19 10:19 10:20 10:21 10:23 10:23 11:1 11:5 11:8 11:10 11:11 11:13 11:16 11:17 11:19 11:22 11:24 11:25 12:1 12:5 12:7 12:7 12:8 12:10 12:11 12:14 12:20 12:23 12:24 12:25 13:2 13:5 13:7 13:12 13:14 13:15 13:15 13:16 13:16 13:19 13:21 13:23 13:24 14:2 14:3 14:5 14:7 14:8 14:9 14:9 14:13 14:13 14:14 14:15 14:17 14:19 14:20 14:22 15:2 15:4 15:6 15:10 15:11 15:13 15:16 15:19 15:20 15:22 15:24 15:25 15:25 16:4 16:6 16:9 16:11 16:13 16:14 16:15 16:16 16:17 16:20 16:21 16:21 16:23 16:25 17:2 17:3 17:4 17:6 17:9 17:10 17:11 17:12 17:14 17:14 17:14 17:15 17:17 17:19 17:20 17:21 17:22 17:22 17:23 18:1 18:1 18:3 18:3 18:6 18:8 18:10 18:11 18:11 18:12 18:12 18:13 18:14 18:16 18:16 18:17 18:18 18:19 18:22 18:22 18:25 19:1 19:3 19:6 19:7 19:9 19:9 19:11 19:13 19:16 19:18 19:19 19:19 19:21 19:25 20:1 20:2 20:5 20:6 20:8 20:11 20:13 20:19 20:20 20:21 20:24 21:2 21:3 21:9 21:11 21:13 21:16 21:18 21:18 21:19 21:20 21:21 21:22 21:23 21:25 22:1 22:2 22:3 22:5 22:12 22:16 22:22 22:25 23:2 23:2 23:4 23:6 23:6 23:7 23:7 23:9 23:11 23:13 23:13 23:14 23:15 23:18 23:20 23:20 23:21 23:23

**the**(301) 23:24 23:25 24:4 24:6 24:7 24:10 24:12 24:15 24:17 24:17 24:17 24:18 24:19 24:20 24:25 24:25 24:25 25:1 25:1 25:2 25:3 25:22 25:23 26:1 26:2 26:5 26:8 26:10 26:12 26:14 26:16 26:21 26:22 26:23 26:25 26:25 27:1 27:2 27:2 27:5 27:7 27:7 27:8 27:9 27:9 27:15 27:17 27:18 27:19 27:20 27:20 27:21 27:21 27:23 27:25 28:1 28:2 28:3 28:6 28:6 28:8 28:8 28:8 28:11 28:13 28:14 28:25 29:2 29:3 29:6 29:6 29:9 29:10 29:10 29:12 29:13 29:15 29:17 29:18 29:23 29:24 29:25 30:2 30:4 30:7 30:11 30:17 30:18 30:19 30:21 30:23 30:24 30:24 31:1 31:3 31:3 31:5 31:7 31:8 31:8 31:9 31:10 31:10 31:13 31:15 31:16 31:16 31:19 31:21 31:24 31:25 31:25 32:1 32:3 32:5 32:7 32:8 32:9 32:9 32:12 32:13 32:13 32:16 32:18 32:19 32:22 32:23 32:25 32:25 33:1 33:6 33:12 33:15 33:16 33:16 33:22 34:2 34:3 34:4 34:7 34:8 34:9 34:12 34:14 34:15 34:16 34:17 34:18 34:18 34:20 34:23 35:1 35:5 35:8 35:11 35:12 35:15 35:20 35:23 36:4 36:6 36:11 36:13 36:13 36:22 36:24 37:3 37:4 37:7 37:8 37:8 37:17 37:17 37:23 38:1 38:5 38:6 38:8 38:9 38:10 38:12 38:16 38:17 38:19 38:22 38:22 38:24 39:1 39:4 39:9 39:13 39:14 39:17 39:18 39:21 40:1 40:1 40:3 40:3 40:8 40:8 40:10 40:11 40:13 40:14 40:17 40:20 40:20 40:24 40:25 40:25 41:1 41:3 41:4 41:5 41:5 41:6 41:7 41:7 41:8 41:10 41:12 41:15 41:16 41:17 41:18 41:18 41:19 41:20 41:20 41:21 41:22 41:23 41:24 42:1 42:2 42:3 42:4 42:6 42:9 42:11 42:12 42:13 42:13 42:20 43:1 43:2 43:4 43:6 43:7 43:7 43:11 43:16 43:21 43:25 44:6 44:13 44:16 44:17 44:20 44:22 45:1 45:1 45:7 45:12 45:13 45:14 45:16 45:17 45:19 45:21 45:24 45:25 46:2 46:4 46:9 46:10 46:13 46:15 46:18 46:19 46:21 46:24 46:25 47:2 47:6 47:6 47:8 47:13 47:14

**the**(301) 1:1 1:2 1:18 2:4 3:12 4:2 4:3 4:6 4:8 4:9 4:11 4:12 4:15 4:18 4:19 4:22 4:23 4:23 4:24 4:25 5:1 5:1 5:3 5:5 5:7 5:8 5:9 5:10 5:11 5:15 5:16 5:17 5:18 5:18 5:19 5:20 5:23 5:24 5:25 6:1 6:3 6:4 6:5 6:6 6:6 6:7 6:8 6:9 6:11 6:14 6:17 6:19 6:23 6:25 6:25 7:1 7:1 7:3 7:3 7:4 7:7 7:8 7:10 7:11 7:13 7:14 7:20 7:23 8:1 8:2 8:2 8:6 8:6 8:9 8:10 8:14 8:14 8:16 8:17 8:21 8:23 9:1 9:3 9:6 9:7 9:11 9:13 9:14 9:17 9:18 9:19 9:19 9:21 9:22 9:23 9:24 9:24 9:25 10:1 10:3 10:5 10:6 10:9 10:14 10:14 10:15 10:15 10:17 10:19 10:19 10:20 10:21 10:23 10:23 11:1 11:5 11:8 11:10 11:11 11:13 11:16 11:17 11:19 11:22 11:24 11:25 12:1 12:5 12:7 12:7 12:8 12:10 12:11 12:14 12:20 12:23 12:24 12:25 13:2 13:5 13:7 13:12 13:14 13:15 13:15 13:16 13:16 13:19 13:21 13:23 13:24 14:2 14:3 14:5 14:7 14:8 14:9 14:9 14:13 14:13 14:14 14:15 14:17 14:19 14:20 14:22 15:2 15:4 15:6 15:10 15:11 15:13 15:16 15:19 15:20 15:22 15:24 15:25 15:25 16:4 16:6 16:9 16:11 16:13 16:14 16:15 16:16 16:17 16:20 16:21 16:21 16:23 16:25 17:2 17:3 17:4 17:6 17:9 17:10 17:11 17:12 17:14 17:14 17:14 17:15 17:17 17:19 17:20 17:21 17:22 17:22 17:23 18:1 18:1 18:3 18:3 18:6 18:8 18:10 18:11 18:11 18:12 18:12 18:13 18:14 18:16 18:16 18:17 18:18 18:19 18:22 18:22 18:25 19:1 19:3 19:6 19:7 19:9 19:9 19:11 19:13 19:16 19:18 19:19 19:19 19:21 19:25 20:1 20:2 20:5 20:6 20:8 20:11 20:13 20:19 20:20 20:21 20:24 21:2 21:3 21:9 21:11 21:13 21:16 21:18 21:18 21:19 21:20 21:21 21:22 21:23 21:25 22:1 22:2 22:3 22:5 22:12 22:16 22:22 22:25 23:2 23:2 23:4 23:6 23:6 23:7 23:7 23:9 23:11 23:13 23:13 23:14 23:15 23:18 23:20 23:20 23:21 23:23

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(266) 47:16 47:21 47:24 47:24 47:25 48:3 48:3 48:3 48:3 48:4 48:8 48:10 48:12 48:14 48:17 48:20 48:22 48:23 48:24 48:24 48:25 49:3 49:9 49:10 49:11 49:13 49:16 49:19 49:23 49:24 49:25 50:1 50:3 50:5 50:5 50:5 50:7 50:14 50:15 50:17 50:20 50:25 51:1 51:2 51:4 51:6 51:7 51:8 51:11 51:13 51:13 51:14 51:20 52:4 52:4 52:5 52:5 52:8 52:10 52:11 52:13 52:13 52:14 52:15 52:19 52:20 52:22 52:24 52:25 53:1 53:2 53:2 53:3 53:3 53:4 53:4 53:8 53:10 53:11 53:12 53:12 53:17 53:19 53:23 54:1 54:8 54:13 54:14 54:14 54:16 54:16 54:18 54:19 54:20 54:20 54:22 55:1 55:1 55:3 55:5 55:6 55:7 55:8 55:9 55:10 55:13 55:17 55:22 55:24 55:24 56:3 56:4 56:6 56:9 56:14 56:14 56:17 56:20 56:24 56:52 56:24 57:2 57:3 57:7 57:9 57:14 57:15 57:18 57:25 58:2 58:7 58:10 58:14 58:17 58:18 58:20 58:25 59:9 59:10 59:11 59:11 59:13 59:14 59:16 59:20 59:22 59:23 59:24 59:24 59:25 60:1 60:2 60:5 60:6 60:6 60:7 60:9 60:10 60:11 60:13 60:25 61:2 61:5 61:5 61:5 61:7 61:11 61:12 61:12 61:13 61:15 61:17 61:18 61:19 61:20 61:22 61:24 61:25 62:2 62:6 62:7 62:9 62:11 62:13 62:14 62:15 62:19 62:20 62:23 63:3 63:6 63:7 63:10 63:10 63:11 63:12 63:14 63:16 63:18 63:19 63:20 63:20 63:21 63:22 63:25 64:6 64:14 64:17 64:23 64:23 65:1 65:4 65:7 65:17 65:20 65:23 66:3 66:3 66:4 66:6 66:8 66:13 66:15 66:18 66:19 66:21 66:22 66:23 66:24 66:25 67:3 67:5 67:8 67:11 67:14 67:15 67:16 67:18 67:21 67:23 67:25 68:2 68:4 68:5 68:7 68:9 68:10 68:14 68:17 68:18 68:22 68:25 69:4 69:6 69:10 69:12 69:16 69:20 70:1 70:2 70:5 70:6 70:6 70:7 | | **they**(48) 7:12 11:23 12:19 14:1 14:18 17:2 18:7 19:15 20:7 20:16 21:18 22:3 22:24 23:19 25:14 25:18 25:23 27:12 28:11 28:12 28:17 28:20 28:21 28:24 30:6 30:14 33:9 33:10 33:17 40:10 41:2 41:17 43:23 43:23 44:12 45:3 46:11 46:22 48:1 48:2 48:9 49:7 49:8 49:10 49:17 61:22 65:11 66:4 | | **time**(43) 4:21 6:17 8:1 11:20 12:20 16:15 18:13 18:17 21:18 22:22 26:23 28:10 28:18 28:22 30:1 32:13 33:2 36:13 37:24 38:8 38:17 38:18 38:21 41:19 41:21 45:2 45:20 46:11 48:24 48:25 49:10 51:7 51:8 51:20 55:10 55:15 56:7 60:8 60:11 61:4 63:11 66:25 67:19 | | **under**(46) 6:1 6:6 8:16 9:13 10:5 12:3 14:21 17:22 19:7 21:7 22:19 23:16 23:18 28:12 32:16 33:1 34:5 34:12 37:7 37:9 37:9 37:9 37:13 46:22 47:15 47:18 49:18 50:8 50:11 50:25 53:5 53:6 53:14 57:9 57:13 57:14 58:5 59:7 59:9 59:16 59:18 59:21 64:7 64:22 64:22 65:11 |
| **their**(12) 12:19 20:12 26:23 26:24 28:22 35:6 40:10 43:23 49:6 49:7 61:6 64:1 | | **they're**(9) 45:2 46:21 46:21 48:5 48:10 49:7 49:14 57:25 61:2 | | **timely**(1) 67:24 | | **undermines**(1) 31:4 |
| **them**(31) 12:15 15:9 15:14 16:11 16:19 17:5 20:10 20:11 22:17 22:21 22:21 25:12 25:14 25:22 26:23 28:15 34:25 40:6 48:1 48:9 48:11 49:10 49:11 49:12 55:15 58:5 58:8 58:25 65:13 67:14 67:23 | | **they've**(1) 44:3 | | **times**(2) 25:19 28:23 | | **underscore**(1) 18:3 |
| | | **they're**(14) 13:17 17:3 17:4 19:14 19:14 22:18 23:16 26:3 27:6 29:21 40:21 41:1 41:1 41:2 | | **timing**(10) 11:15 13:17 32:23 37:4 41:15 43:6 43:7 56:22 63:1 68:2 | | **understand**(13) 14:2 14:8 19:4 20:5 24:16 28:6 28:9 34:21 39:9 53:17 58:23 61:10 61:24 |
| **themselves**(1) 49:3 | | **they've**(1) 21:23 | | **tipping**(1) 23:7 | | **understanding**(2) 17:21 60:18 |
| **then**(32) 6:7 6:12 6:14 6:21 7:8 8:24 10:19 10:20 16:20 20:22 24:18 24:23 25:10 30:12 33:10 35:13 41:10 41:14 42:24 49:2 50:9 54:7 58:5 58:16 59:17 60:22 61:8 62:11 63:6 67:24 68:6 | | **thing**(10) 12:14 14:5 21:23 32:10 34:7 37:7 37:8 51:11 64:15 66:20 | | **today**(11) 13:21 14:23 19:22 31:7 35:16 38:13 38:14 52:1 60:24 63:4 63:4 | | **understands**(1) 59:1 |
| | | | | | | **undertake**(1) 60:23 |
| | | **things**(18) 13:17 14:23 17:17 29:21 29:22 32:25 34:24 35:21 37:2 37:24 43:5 44:11 46:3 46:7 47:23 51:15 57:24 63:5 | | **today's**(2) 19:16 19:18 | | **undoubtedly**(1) 33:6 |
| | | | | **together**(1) 6:18 | | **unfortunate**(1) 11:15 |
| | | | | **told**(2) 63:25 64:6 | | **unfortunately**(8) 12:20 13:25 14:20 19:22 20:20 38:7 55:1 57:4 |
| | | **think**(101) 4:18 8:11 11:25 12:1 12:23 13:22 14:6 14:25 15:3 16:12 16:16 18:15 20:16 21:8 21:12 21:22 22:6 22:8 22:13 22:24 24:16 24:21 25:1 25:5 25:12 25:21 26:18 27:13 28:13 29:10 30:12 30:15 30:18 30:19 31:6 31:6 31:8 36:7 36:22 36:24 37:2 38:18 38:20 39:7 39:12 39:23 39:25 40:4 40:7 41:13 41:19 41:20 43:20 43:25 44:1 44:7 44:8 44:25 45:4 45:9 45:10 46:19 47:14 48:8 48:12 49:14 49:22 51:13 51:16 51:18 51:24 51:25 52:18 53:19 54:3 54:6 56:19 56:22 57:2 57:16 57:25 58:14 58:15 58:22 59:24 60:5 60:16 62:13 62:17 62:25 63:4 63:15 63:19 64:23 65:14 65:20 66:16 68:10 68:17 69:13 | | **too**(4) 6:18 35:5 48:17 62:16 | | **unfunded**(1) 8:17 |
| | | | | **total**(1) 27:19 | | |
| | | | | **touch**(1) 44:15 | | **unique**(7) 17:20 19:10 19:12 19:13 19:15 36:15 36:16 |
| | | | | **towards**(1) 16:3 | | |
| | | | | **traci**(1) 70:11 | | **united**(11) 1:1 1:19 12:1 13:24 15:2 15:11 15:16 18:12 19:1 34:20 38:24 |
| | | | | **track**(3) 22:13 22:15 46:1 | | |
| | | | | **tracking**(2) 46:1 46:5 | | **unless**(1) 11:4 |
| | | | | **transcriber**(1) 70:11 | | |
| | | | | **transcript**(3) 1:17 1:47 70:6 | | **unseal**(13) 21:25 24:25 32:15 33:2 33:9 33:10 37:23 43:22 46:18 46:20 47:20 50:11 60:2 |
| | | | | **transcription**(2) 1:40 1:47 | | |
| | | | | **transfer**(1) 9:4 | | |
| | | | | **transferred**(1) 8:25 | | |
| | | | | **transparency**(7) 27:2 31:11 36:1 47:4 47:10 61:25 62:12 | | **unsealed**(5) 28:13 28:17 30:12 30:13 48:12 |
| | | **thinking**(6) 33:7 39:17 47:22 47:23 48:17 60:9 | | | | **unsealing**(2) 46:23 47:16 |
| | | | | **trial**(6) 26:11 41:7 52:4 52:5 52:6 52:11 | | **until**(7) 18:21 20:6 26:11 26:19 32:12 34:5 38:21 |
| | | **thinks**(1) 60:11 | | **tried**(5) 5:16 16:13 33:21 35:24 50:13 | | |
| | | **third**(1) 11:17 | | **trigger**(1) 9:12 | | **upon**(1) 7:3 |
| | | **thirteen**(1) 59:10 | | **true**(2) 46:24 62:7 | | **use**(5) 13:10 25:12 36:6 44:12 64:10 |
| | | **this**(85) 5:11 5:13 5:20 6:17 7:9 7:15 7:24 8:16 11:5 11:12 11:24 12:7 12:10 12:16 13:9 14:1 14:6 14:9 14:21 14:21 14:25 15:5 15:9 15:17 15:22 16:1 17:20 18:11 19:5 19:6 19:7 19:10 19:12 19:16 19:21 19:24 20:4 20:13 20:14 21:6 24:21 26:9 26:18 27:16 27:19 35:9 35:13 35:19 35:20 36:13 36:14 36:17 36:24 37:15 38:13 40:6 42:11 42:13 44:18 45:7 46:22 48:17 51:6 51:6 51:7 55:18 56:10 60:7 60:17 60:20 61:11 61:12 63:7 63:8 64:1 64:9 64:10 64:10 65:2 65:11 65:20 66:4 | | **trustee**(12) 12:2 13:25 15:2 15:11 15:16 16:11 18:12 19:2 32:17 35:1 38:24 39:4 | | **using**(3) 27:11 29:9 36:5 |
| | | | | **trustee's**(6) 16:21 18:16 31:21 32:3 34:9 34:20 | | **vacated**(1) 22:12 |
| | | | | | | **value**(1) 27:21 |
| | | | | **try**(10) 12:4 16:12 23:12 32:3 35:15 37:20 39:11 52:13 52:16 60:13 | | **various**(2) 14:13 16:2 |
| | | | | | | **versus**(1) 29:3 |
| | | | | **trying**(14) 11:25 12:6 13:8 13:18 20:17 32:25 34:13 35:18 46:5 46:8 60:20 60:24 65:18 66:5 | | **very**(21) 10:10 11:5 12:9 12:21 12:21 12:24 17:4 17:24 18:8 18:17 19:23 21:12 21:13 28:21 30:8 36:23 42:6 42:18 43:14 54:9 59:25 |
| | | | | | | **views**(1) 16:2 |
| | | | | **tuesday**(1) 4:1 | | **visteon**(1) 11:18 |
| | | **thomas**(1) 3:14 | | **tunnell**(2) 1:22 4:8 | | **vitality**(1) 12:5 |
| | | **those**(42) 6:4 6:15 6:19 7:5 8:20 8:21 12:4 12:6 12:18 13:13 13:16 13:17 14:17 14:19 15:18 15:23 18:15 22:22 28:10 28:19 28:24 29:11 30:14 31:20 33:5 33:22 33:24 34:7 35:10 35:12 36:24 37:9 37:23 44:22 44:23 44:25 59:23 65:9 66:5 66:8 68:12 | | **turned**(1) 15:18 | | **volume**(1) 16:7 |
| **there**(56) 4:9 6:8 7:15 15:8 15:16 20:9 20:23 21:23 22:6 22:16 23:20 24:8 24:23 25:2 25:3 25:23 26:1 26:2 26:4 26:8 26:14 26:15 26:17 26:19 26:23 27:5 28:4 28:10 28:15 28:23 30:7 30:8 32:15 33:3 33:4 34:21 35:16 35:18 35:22 36:7 38:13 38:21 39:25 40:12 41:6 41:8 42:3 48:19 51:21 52:9 54:14 54:15 58:14 62:19 64:3 64:5 | | | | **tweak**(2) 39:12 53:16 | | **wait**(1) 26:19 |
| | | | | **tweaking**(1) 51:16 | | **waived**(1) 32:9 |
| | | | | **tweed**(1) 3:13 | | **waiver**(7) 22:7 25:4 29:3 29:4 29:6 51:17 61:9 |
| | | | | **twelve**(1) 59:9 | | |
| | | | | **twenty-ninth**(4) 4:23 5:8 10:15 10:25 | | **walk**(4) 16:17 16:20 31:18 31:23 |
| | | **though**(2) 23:4 56:18 | | **two**(14) 4:13 4:21 10:21 25:17 32:6 40:3 53:20 59:4 59:7 60:14 68:12 | | **want**(18) 15:1 18:3 19:23 26:5 28:7 36:4 38:1 38:3 42:16 42:18 42:18 42:21 44:12 45:10 47:3 50:15 60:8 62:5 |
| | | **thought**(12) 12:2 12:14 16:18 37:7 38:17 38:23 39:16 39:21 42:12 50:7 51:4 61:18 | | **type**(4) 8:18 16:7 17:22 18:7 | | |
| **there's**(11) 43:5 44:10 48:15 52:2 52:3 60:21 60:22 61:4 61:7 61:8 66:25 | | | | **types**(2) 48:6 64:6 | | **wanted**(2) 17:17 46:9 |
| | | | | **typical**(6) 12:18 14:7 14:9 19:6 22:19 26:4 | | **wants**(1) 33:8 |
| | | | | **typically**(1) 33:25 | | **was**(48) 5:17 5:21 6:5 6:25 7:16 7:25 7:25 8:4 8:4 8:7 8:12 8:25 9:4 10:1 10:2 10:3 10:4 12:2 22:4 23:10 25:1 27:12 29:3 30:24 31:17 32:2 33:3 33:7 33:13 35:22 38:22 38:24 39:16 42:13 42:15 45:25 46:2 46:2 46:5 46:8 48:22 49:22 52:18 57:18 60:9 61:18 61:19 70:2 |
| **therefore**(1) 17:24 | | **thoughtful**(1) 31:14 | | **u.h-huh**(1) 67:25 | | |
| **there's**(6) 13:20 18:15 21:8 30:5 31:24 32:22 | | **three**(4) 5:9 33:21 53:20 59:4 | | **uh-oh**(1) 54:1 | | |
| | | **through**(13) 10:14 14:7 16:17 16:20 31:18 31:23 37:1 46:13 48:17 52:16 55:18 57:1 64:11 | | **ultimate**(4) 28:15 35:25 51:1 56:23 | | |
| **these**(20) 8:8 11:20 12:20 13:8 13:10 13:21 16:7 18:8 21:14 35:16 37:9 37:12 38:15 38:23 46:14 47:25 48:6 50:18 51:7 57:20 | | | | **ultimately**(10) 15:17 30:12 30:13 41:13 43:22 45:3 46:3 48:9 48:22 60:4 | | **wasn't**(1) 46:1 |
| | | **throw**(1) 11:24 | | | | **wasn't**(2) 7:25 35:3 |
| | | **thursday**(1) 69:17 | | **unavoidable**(1) 28:23 | | **watching**(1) 42:10 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| | | | | | | | |

**way**(17) 7:21  20:21  24:23  25:2  32:13
33:15  37:16  37:20  37:25  51:3  55:4  55:14
60:21  61:17  63:4  65:21  66:4

**ways**(4) 19:21  21:20  47:4  47:11

**we'll**(10) 50:16  50:17  55:25  58:23  60:21
63:17  69:2  69:9  69:20  70:1

**we're**(22) 42:21  44:21  44:23  47:4  47:10
47:11  50:11  50:18  50:22  50:24  51:16
51:18  53:19  54:9  56:10  60:16  60:24  62:25
64:23  66:20  67:2  68:16

**we've**(9) 48:25  49:22  52:17  56:19  57:1
62:12  63:19  64:6  69:3

**wear**(1) 56:14
**week**(1) 55:14
**welcome**(2) 5:4  11:3
**well**(30) 7:5  10:10  17:16  18:5  20:16  21:5
23:9  23:17  23:18  25:25  27:7  29:2  34:12
36:15  37:3  37:8  37:14  38:1  40:14  43:14
47:21  48:8  51:2  54:5  54:15  54:19  56:19  63:16
64:12  64:16  64:19

**well-done**(1) 11:6
**went**(2) 8:2  8:6
**were**(20) 4:9  6:8  8:18  10:24  12:16  13:25
20:16  22:24  25:14  25:23  27:12  32:25
34:19  38:15  43:23  46:5  48:1  60:4  60:23
67:3
**we'd**(2) 35:2  36:16
**we'll**(2) 24:9  33:11
**we're**(28) 4:25  11:21  11:24  12:4  12:6
13:8  13:18  13:21  14:23  16:8  16:21  19:20
24:8  27:21  27:24  29:24  31:6  34:4  34:13
34:25  35:18  35:19  35:20  36:10  36:20  37:6
39:11  42:9

**we've**(13) 5:13  6:4  13:24  16:8  16:12
16:18  31:23  32:13  32:15  35:14  35:24
38:20  40:3
**what**(67) 11:24  12:6  12:15  13:8  13:18
16:8  16:13  16:18  16:21  18:6  18:7  19:4
19:15  19:20  19:20  21:11  21:23  22:4
22:24  23:16  25:14  26:3  27:6  28:8  28:21
30:3  30:3  31:23  32:7  33:21  35:14  35:18
35:23  35:24  36:10  37:1  37:19  38:24  40:5
40:11  41:2  41:10  43:20  44:3  45:8  45:10
46:5  47:3  47:10  48:12  49:7  49:21  50:14
51:4  51:18  52:15  54:9  58:2  58:12  60:9
60:11  60:13  60:24  61:2  61:8  64:19

**what's**(1) 54:20
**whatever**(9) 22:14  30:11  33:10  35:18  38:2
39:10  40:3  60:15  68:14

**what's**(2) 16:1  23:19
**wheel**(1) 60:21
**when**(49) 7:25  8:25  10:2  10:3  11:21  12:15
12:23  16:15  22:2  22:3  22:10  22:15  22:23
23:1  23:2  23:4  25:7  26:23  27:10  27:14
28:10  28:14  28:23  29:25  30:13  32:13  33:2
34:6  36:5  37:13  37:24  40:8  42:18  44:4
45:20  46:7  48:15  48:25  49:9  51:24  52:10
55:5  60:4  61:4  61:7  61:13  61:18  62:20
65:12
**where**(29) 4:21  6:22  10:21  12:20  14:1
20:7  21:14  22:8  25:24  26:5  26:18  27:17
28:16  36:23  36:25  40:7  40:8  41:16  44:22
46:9  51:15  52:18  53:1  53:21  53:21  56:17
59:14  59:17  61:8

**whereupon**(1) 70:2
**whether**(2) 16:3  40:9

**which**(30) 5:9  5:16  5:22  8:6  9:1  9:5  10:4
10:11  11:11  14:1  15:2  16:2  18:14  23:23
25:7  32:10  36:2  37:5  46:13  51:19  57:10
57:12  57:13  57:21  59:8  59:18  59:18  61:14
62:8  68:2

**while**(5) 14:20  31:3  33:25  36:21  47:23
**who**(25) 5:14  12:16  15:18  20:7  21:5
21:18  21:21  22:2  23:19  25:13  26:7  27:12
28:8  35:16  36:5  41:1  43:14  46:21  47:17
51:9  54:25  58:24  63:8  64:17

**who's**(2) 44:3  58:23
**whoever**(6) 22:11  22:13  24:24  46:19  47:14
68:18

**whole**(5) 16:5  23:18  25:1  37:7  47:24
**who's**(1) 22:13
**why**(12) 6:17  32:19  33:14  37:6  39:2  39:4
39:5  50:13  60:3  61:22  62:10  68:15

**will**(30) 6:19  7:4  10:6  12:10  12:10  13:19
14:18  15:24  19:17  22:17  33:4  33:6  33:9
36:18  38:14  39:22  41:7  45:13  54:15  61:4
61:13  62:15  64:3  65:23  66:24  68:12  69:5
69:13  69:16  69:19

**willing**(3) 34:19  35:2  36:17
**willkie**(1) 3:4
**wilmington**(7) 1:12  1:26  2:8  2:23  2:29
2:35  4:1

**wind**(4) 13:13  20:2  21:1  61:8
**with**(80) 4:25  5:12  5:14  6:1  6:12  7:1  7:11
9:5  9:15  9:17  10:11  13:24  14:2  14:13
15:10  15:16  16:11  16:12  18:23  20:3  20:10
20:17  20:17  21:1  21:4  25:5  25:6  25:9
25:17  25:19  27:18  28:4  30:4  30:19  31:7
33:7  34:12  35:2  35:24  36:14  37:3  37:5
37:16  37:20  37:25  38:22  39:19  40:22  41:3
41:4  42:25  43:3  43:20  44:11  44:19  47:24
48:21  49:17  50:7  50:15  51:15  52:13  55:12
55:24  56:11  57:9  59:1  60:4  60:12  61:9
61:18  63:1  63:8  64:12  64:25  65:6  67:1
67:9  67:14  69:14

**withheld**(1) 32:20
**withholding**(1) 18:21
**without**(7) 37:16  37:21  41:17  46:4  60:17
66:12  68:8

**witness**(1) 18:2
**witnesses**(2) 20:15  63:17
**won't**(1) 23:19
**word**(3) 32:9  50:19  59:10
**words**(3) 13:10  61:12  61:20
**work**(16) 12:4  13:15  13:16  16:7  23:6
23:24  24:25  25:23  26:2  26:24  40:10  40:25
49:16  53:18  57:2  60:23

**workable**(2) 35:25  38:20
**worked**(1) 56:20
**working**(5) 38:14  38:14  38:14  38:15  38:15  57:5
**works**(6) 11:24  19:17  56:12  58:14  58:15
63:16

**worries**(1) 51:9

**would**(91) 8:20  10:4  12:16  12:17  13:10
15:21  15:22  16:15  16:17  17:24  20:7  21:7
22:22  22:23  23:5  23:5  23:6  23:25  25:20
26:1  26:10  26:18  29:17  29:19  30:4  30:17
32:16  34:5  34:6  34:9  34:13  34:18  35:1
36:6  36:25  37:12  37:16  37:20  37:22  37:25
38:23  40:5  41:2  41:17  42:2  42:3  42:14
44:23  45:8  45:15  45:17  46:11  47:17  47:18
48:12  49:4  50:5  50:6  50:6  50:7  50:7
51:15  52:10  53:12  53:18  54:12  54:18  55:5
55:17  55:19  55:20  57:8  57:19  58:2  58:2
58:3  58:12  59:25  60:22  61:11  64:4  64:13
64:21  64:22  65:13  65:19  66:25  68:2  68:2
68:7  68:13

**wouldn't**(3) 46:20  51:10  58:11
**wrench**(1) 11:24
**write**(2) 20:21  68:16
**written**(3) 11:23  63:16  69:3
**www.diazdata.com**(1) 1:44
**yeah**(13) 49:1  50:20  52:19  62:13  63:4
65:17  65:22  66:6  66:6  66:15  66:16  66:19
69:18
**year**(1) 60:14
**years**(3) 8:10  14:8  60:14
**yes**(69) 4:15  4:16  4:22  5:10  7:3  7:20  9:11
10:9  10:13  10:17  10:23  11:8  11:13  11:16
12:12  13:5  13:12  14:3  15:13  15:20  16:4
17:12  17:19  18:23  19:3  21:3  24:4  25:11
27:15  29:12  29:15  31:19  31:25  32:18  34:2
34:16  35:8  36:14  39:12  44:20  46:15  47:6
47:13  48:24  49:24  52:22  53:8  53:10  53:17
53:23  54:8  55:3  56:6  56:9  56:21  58:7
59:13  59:20  59:22  60:25  60:25  63:7  65:4
65:4  67:11  68:10  69:4  69:19  69:20

**yesterday**(1) 38:15
**yet**(3) 21:22  21:22  48:20
**york**(2) 1:34  2:15
**you**(176) 4:3  5:3  5:5  6:21  7:6  8:17  8:19
8:22  9:8  9:8  9:18  9:19  10:7  10:9  10:9
10:9  11:2  11:4  11:5  11:7  13:13  14:4  14:4
14:7  16:24  17:6  17:9  18:19  18:20  18:23
19:10  19:13  19:23  20:6  20:7  20:21  20:21
20:22  20:25  21:1  22:10  22:20  24:4  24:11
24:11  25:7  25:8  25:13  25:14  25:14  25:15
25:25  26:5  26:6  26:9  26:10  26:18  26:19
27:19  28:9  30:11  30:15  31:12  31:13  31:13
31:18  31:19  31:23  31:23  32:5  32:9  32:21
32:23  33:9  33:17  33:25  34:10  34:13  35:1
35:3  36:15  36:16  36:18  37:1  37:11  37:13
37:15  37:19  38:17  39:11  39:11  39:12
39:22  39:23  40:22  40:22  41:10  42:4  42:5
42:7  42:8  42:11  42:12  42:15  43:7  43:8
43:20  43:25  44:7  44:11  44:20  45:13  46:8
46:11  46:15  46:18  47:23  48:4  48:14  48:15
48:16  49:19  49:19  49:22  50:5  50:6  50:10
50:11  50:14  50:18  51:1  51:6  51:9  51:11
51:23  52:9  52:10  52:20  53:3  53:20  54:22
54:23  54:24  55:11  55:15  55:17  55:20  56:1
56:4  56:5  56:17  57:20  58:4  58:14  58:15
60:8  60:14  61:1  61:10  62:10  62:14  62:16
63:17  64:3  64:6  64:24  65:7  65:23  66:9
67:2  68:14  68:19  69:15  69:16  69:19  69:21

**you're**(8) 43:13  43:15  43:17  45:8  54:6
54:9  56:11  65:25

**you've**(2) 52:2  52:5
**young**(2) 2:18  2:46

**your**(201) 4:5  4:7  4:9  4:13  4:20  4:21  5:5
5:6  5:19  5:24  6:5  6:8  6:13  6:19  6:21  7:6
7:8  7:21  7:23  8:4  8:15  8:25  9:15  10:7
10:13  11:4  11:7  11:9  11:10  11:15  11:23
11:25  12:8  12:14  12:16  12:19  12:23  13:3
13:8  13:9  13:19  13:22  14:2  14:5  14:7
15:3  15:8  15:10  15:18  15:24  16:9  16:17
16:24  17:1  17:1  17:8  17:17  18:9  18:24
19:4  19:12  19:12  19:18  20:16  21:4  22:2
23:9  23:15  23:18  24:2  25:2  25:5  25:25
26:4  26:8  27:6  27:8  27:13  27:22  28:3
29:2  29:5  29:9  29:17  29:20  30:3  30:4
30:18  31:12  31:14  31:17  31:22  32:2  32:6
32:14  32:17  32:21  33:1  33:14  33:20  33:21
34:8  34:11  34:19  34:25  35:7  35:13  35:23
36:8  36:12  36:16  36:22  36:22  37:1  37:3
37:14  37:21  38:1  38:3  38:7  38:21  39:3
39:5  39:7  39:10  39:15  39:23  40:2  41:10
42:5  42:8  42:15  42:17  42:23  43:5  44:1
44:15  45:5  45:9  45:11  46:1  46:14  46:17
48:8  49:21  50:8  50:17  50:25  52:7  52:12
52:18  52:20  53:1  53:11  53:15  53:25  54:11
54:15  54:25  55:5  55:16  55:19  56:1  56:5
56:7  56:19  57:1  57:4  57:22  58:8  58:13
58:19  59:3  60:5  60:7  60:11  60:16  60:19
61:1  61:2  61:15  61:25  62:2  62:18  62:25
63:1  63:24  64:12  65:1  65:15  66:16  66:19
67:5  67:9  68:1  68:20  69:2  69:9  69:15
69:19  69:21

**you'd**(1) 22:19
**you'll**(4) 16:9  20:11  22:17  25:24
**you're**(9) 11:3  15:5  22:7  23:25  25:17
27:10  27:10  29:9  40:17

**you've**(2) 20:10  31:20
**"re:"**(1) 10:14