**<u>Exhibit A – Proposed Order</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
*In re*                                                  :            Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[1]                       :            Case No. 09-10138 (KG)
                                                         :
                                    Debtors.             :            Jointly Administered
                                                         :
                                                         :            **Re: D.I.s 9362, 9412, 9418, 9444 and 9451**
                                                         :
-----------------------------------------------------------X

### ORDER APPROVING STIPULATION AND AGREEMENT GOVERNING PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL MATERIALS RELATED TO THE MOTION OF THE AD HOC COMMITTEE OF CANADIAN EMPLOYEES TERMINATED PRE-PETITION FOR ENTRY OF AN ORDER ALLOWING FILING OF CLAIMS AFTER THE BAR DATE [D.I. 9362]

Upon consideration of the *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials with the Members of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition* (the "Agreement"); and after due deliberation; and it appearing that sufficient cause exists for granting the relief requested by the parties;

IT IS HEREBY ORDERED THAT:

1.      The Agreement,[2] a copy of which is attached hereto as Exhibit A, is entered as an order of this Court.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

2.     Pursuant to Local Rule 9018-1(c), the Parties are authorized to file Confidential Discovery Materials or Highly Confidential Discovery Materials under seal without the requirement of filing a separate motion requesting permission to do so.

3.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

4.     By entering this Order and limiting the disclosure of information designated as "Confidential" or "Highly Confidential" in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as "Confidential" or "Highly Confidential" pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: Wilmington, Delaware
        March _____, 2013

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*                                          :          Chapter 11
:
Nortel Networks Inc., *et al.*,[1]               :          Case No. 09-10138 (KG)
:
           Debtors.          :          Jointly Administered
:
:          **Re: D.I.s 9362, 9412, 9418, 9444 and 9451**
:
----------------------------------------------------------X

### STIPULATION AND AGREEMENT GOVERNING PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL MATERIALS WITH THE AD HOC COMMITTEE OF CANADIAN EMPLOYEES TERMINATED PRE-PETITION

The Debtors, the members of the Ad Hoc Committee of Canadian

Employees Terminated Pre-Petition (the "Ad Hoc Committee of Canadian Employees") listed on

Exhibit 1 hereto, the Official Committee of Unsecured Creditors in the Debtors' chapter 11 cases

(the "Creditors Committee"), the Ad Hoc Bondholder Group (the "Bondholder Group") and all

other parties that are or may be added as signatories to this Agreement upon the consent of the

Debtors and counsel to the Ad Hoc Committee of Canadian Employees (collectively, the

"Parties"), by and through their undersigned counsel of record have agreed to enter into this

*Stipulation and Agreement Governing Production, Exchange and Filing of Confidential*

*Materials with the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition* (the

"Agreement") pursuant to Fed. R. Civ. P. 26(c), Fed. R. Bankr. P. 7026 and Fed. R. Bankr. P.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

9018 in connection with the *Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of An Order Allowing Late Filed Claims* [D.I. 9362] (the "Motion").

      **WHEREAS**, on February 1, 2013, the Ad Hoc Committee of Canadian Employees filed the Motion;

      **WHEREAS**, the members of the Ad Hoc Committee of Canadian Employees have agreed to the production of documents relevant to the Motion;

      **WHEREAS**, the Parties have produced or may produce certain documents and/or information that they believe contains private, confidential, proprietary, and/or commercially sensitive information as described below;

      **WHEREAS**, the Parties are willing to produce or provide such confidential information subject to the restrictions provided herein, and to have the terms of this Agreement apply to documents and information previously exchanged by the Parties; and

      **WHEREAS**, the Parties have agreed to enter into this Agreement.

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned Parties, and subject to approval by the Bankruptcy Court for the District of Delaware (the "Court"), that this Agreement shall govern all documents, testimony, depositions, deposition exhibits, interrogatory responses, admissions, and any other documents, information or tangible things produced, given, or exchanged by any Party or any other person or entity (each, a "Producing Party"), whether written, electronic, or in other form, and whether produced pursuant to discovery or voluntarily, in connection with the Motion or investigation, negotiation or resolution of any dispute between the Debtors and the Ad Hoc Committee of

Canadian Employees or its members (all such material, including the substance contained therein, is hereinafter referred to as "Discovery Material"), as follows:

1.    Any Party or Producing Party may designate any Discovery Material as "Confidential" under the terms of this Agreement if it believes in good faith that such Discovery Material contains information that is not generally available to the public and that is: (i) proprietary or commercially sensitive; (ii) financial or accounting results or data; (iii) information that the Producing Party is obligated to keep confidential; (iv) information concerning any reasonably identifiable individual or individuals; or (v) information that is protected by Federal Rule of Evidence 408 ("Confidential Discovery Material").

2.    Any Party or Producing Party may designate any Confidential Discovery Material as "Highly Confidential" or, equivalently, "Attorneys' Eyes Only[2]," under the terms of this Agreement if the designating party believes in good faith that disclosure of the Highly Confidential Discovery Material (defined below), other than as expressly permitted pursuant to this Agreement, would: (i) harm its commercial, financial or business interests; (ii) violate the terms or conditions of a confidentiality agreement, any law or policy limiting the disclosure of such information, a protective order, or similar agreement with a third-party; (iii) create an undue risk of injury to such Producing Party that would not exist in the absence of such disclosure; or (iv) create a risk of disclosure of information concerning any reasonably identifiable individual or individuals ("Highly Confidential Discovery Material").  Information that is generally available to the public shall not be designated as Highly Confidential absent agreement of the Parties or order of the Court.

---

[2] A designation by any Party of any Confidential Discovery Material as "Attorneys' Eyes Only" shall be treated as the equivalent of a designation of "Highly Confidential" under the terms of this Agreement.

3.      The designation by any Party or Producing Party of any Discovery Material as Confidential or Highly Confidential (or, equivalently, Attorneys' Eyes Only) shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party who has determined that the designating party has a good faith basis for the designation.

4.      Except as provided by this Agreement, Discovery Material, including Confidential Discovery Material and Highly Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of (i) prosecuting or defending the Motion, (ii) the investigation, negotiation or resolution of any dispute between the Debtors and the Ad Hoc Committee of Canadian Employees or its members or (iii) prosecuting or defending claims asserted by the members of the Ad Hoc Committee of Canadian Employees against the Debtors or the Nortel Canadian debtors, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.  Discovery Material, including but not limited to material designated Confidential or Highly Confidential, shall not be disclosed except as expressly permitted by the terms of this Agreement.

5.      The designation of Discovery Material as Confidential or Highly Confidential for purposes of this Agreement shall be made in the following manner by any Party or Producing Party:

(a)   In the case of depositions or other pretrial testimony: (i) indicating on the record or in writing at the time of the deposition or other pretrial testimony, or prior to the preparation of the transcript, those portions of the deposition or other pretrial testimony that contain Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) by written notice sent to counsel for all Parties identifying the page and line number of any portion

4

of the transcript of such deposition or pretrial testimony that contains Confidential Discovery Material or Highly Confidential Discovery Material within five (5) business days after receiving a copy of the transcript thereof, during which period the transcripts will be treated as Highly Confidential, unless the witness's counsel waives such treatment.  In both of the foregoing instances, the party making a confidentiality designation shall direct the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material or Highly Confidential Discovery Material.  Only those portions of the transcripts designated as Confidential shall be deemed Confidential Discovery Material, and only those portions of the transcripts designated as Highly Confidential or Attorneys' Eyes Only shall be deemed Highly Confidential Discovery Material.  The Parties may modify this procedure for any particular deposition or pretrial testimony by agreement in writing or on the record at such proceeding.

(b)    Documents or tangible things may be designated as Confidential or Highly Confidential by labeling them as such.  Documents or information in electronic form may be designated as Confidential or Highly Confidential by labeling the file, disc or other container of the documents or information as Confidential or Highly Confidential.

(c)    A Producing Party may designate any Discovery Material that already has been produced as Confidential or Highly Confidential by notifying each Party to whom the Discovery Material has been provided (each a "Recipient") in writing that such Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, and such Discovery Material shall be treated as such from and after the date of notification, as if it had been so designated when produced.

(d)    Failure to designate documents or information as Confidential or Highly Confidential will not be deemed a waiver of the designation.  A Party or Producing Party may later designate the documents or information as Confidential or Highly Confidential.

6.    Except as permitted by this Agreement, Discovery Material designated Confidential may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)    outside or in-house counsel who represent any Party with respect to the Motion or any dispute between the Debtors and the Ad Hoc Committee of Canadian Employees or its members and agents of those counsel whose functions reasonably require access to Confidential Discovery Material for use in accordance with this Agreement, including stenographic, clerical, and legal assistant employees;

(b)    testifying or consulting experts assisting counsel for a Party, and employees and service vendors of such experts whose functions reasonably require access to Confidential Discovery Material for use in accordance with this Agreement; provided that counsel desiring to disclose Confidential Discovery Material to such experts or consultants and their clerical personnel shall first obtain a signed *Agreement to Abide by Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Material* in the form of Exhibit 2 attached hereto (a "Confidentiality Agreement") from each such expert or consultant and each of the expert's personnel who would require access to Confidential Discovery Material, and counsel shall retain in its file an original or copy of each such signed Confidentiality Agreement, as specified in paragraph 9 herein;

(c)    any person indicated on the face of a document to have been an author, addressee, or recipient of the document;

(d)    any potential witness or deponent (and counsel for such witness or deponent), during the course of, or to the extent reasonably necessary for, preparation for deposition or testimony relating to the Motion.  Except when the Confidential Discovery Material is first exhibited at a deposition or trial to such witness or deponent, counsel desiring to disclose Confidential Discovery Material to such persons shall first obtain a signed Confidentiality Agreement from such person (counsel for the Recipient shall retain a copy of each executed Confidentiality Agreement);

(e)    the directors, officers, employees, contractors and agents of the Debtors who are assisting with respect to the Motion;

(f)    the members of the Ad Hoc Committee of Canadian Employees that are Parties to this Agreement, provided that personal information regarding any individual Canadian employee shall be provided only to that employee;

(g)    the Court and its authorized staff, representatives of the U.S. Trustee's office, and official and freelance court reporters and videotape operators hired by the Court or any Party, provided, however, that Confidential Discovery Material filed with the Court must be filed under seal pursuant to Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and as provided in paragraph 10 herein;

(h)    the members of the Creditors Committee, the Bondholder Group or any other Party, and any of the employees, agents, advisors or attorneys of any of the foregoing, to the extent reasonably necessary to evaluate the Motion or any dispute between the Debtors and the Ad Hoc Committee of Canadian Employees or its members, including without limitation any appeals related thereto;

(i)    any other person upon written agreement of the Parties, provided that such person shall first execute a Confidentiality Agreement;

(j)    any other person, only upon order of the Court;

(k)    any other person, as required by law, regulation or court order, subject to reasonable notice to the Producing Party or designating party and subject to Paragraph 21 of the Agreement.

7.    Highly Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)    outside counsel who represent any Party with respect to the Motion or any dispute between the Debtors and the Ad Hoc Committee of Canadian Employees or its members and agents of those counsel whose functions reasonably require access to Highly Confidential Discovery Material for use in accordance with this Agreement, including stenographic, clerical, and legal assistant employees;

(b)    any person indicated on the face of a document to have been an author, addressee, or recipient of the document;

(c)    testifying or consulting experts assisting counsel for a Party, and employees and service vendors of such experts, whose functions reasonably require access to Highly Confidential Discovery Material for use in accordance with this Agreement; provided that counsel desiring to disclose Highly Confidential Discovery Material to such experts or consultants and their clerical personnel shall first obtain a signed Confidentiality Agreement from each such expert or consultant and each of his/her personnel who would require access to

Highly Confidential Discovery Material, and counsel shall retain in its file an original or copy of each such signed Confidentiality Agreement, as specified in paragraph 9 herein;

(d)    the Court and its authorized staff, representatives of the U.S. Trustee's office, and official and freelance court reporters and videotape operators hired by the Court or any Party, provided, however, that Highly Confidential Discovery Material filed with the Court must be filed under seal pursuant to Local Rule 9018-1 and as provided in paragraph 10 herein;

(e)    attorneys to the Creditors Committee, the Bondholder Group and any other Party;

(f)    any other person upon written agreement of the Parties, provided that such person shall first execute a Confidentiality Agreement;

(g)    any other person, only upon order of the Court;

(h)    any other person, as required by law, regulation or court order, subject to reasonable notice to the Producing Party or designating party and subject to Paragraph 21 of the Agreement.

8.    Confidential Discovery Material or Highly Confidential Discovery Material shall not be made public by any Party, shall be used only by persons permitted access to it under paragraphs 6 and 7 herein, and shall be disclosed only to persons specified in paragraphs 6 and 7 herein.

9.    Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute a Confidentiality Agreement shall be responsible for obtaining such signed Confidentiality Agreement and retaining the original, executed copy thereof.  No Confidential Discovery Material or Highly Confidential

Discovery Material may be provided to any person required to sign a Confidentiality Agreement unless and until a signed Confidentiality Agreement has been obtained and retained by such counsel.

10.     The Court's entry of an order approving this Agreement shall constitute authority pursuant to Local Rule 9018-1(c) for the Parties to file future documents under seal without the necessity of filing a separate motion.  As set forth in Local Rule 9018-1(b) and (c), if Confidential Discovery Material or Highly Confidential Discovery Material is to be filed with the Court, it shall be filed in a prominently marked envelope with a cover sheet attached containing a caption that shall include the title of the document to be filed under seal, docket number of the order entered by the Court approving this Agreement, and the legend "CONFIDENTIAL TO BE KEPT UNDER SEAL."

11.     Entering into or agreeing to this Agreement and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material otherwise complying with the terms of this Agreement shall not:

(a)    prejudice in any way the rights of the Parties to object to the production of documents that they consider not subject to discovery, or operate as an admission by any Party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material or Highly Confidential Discovery Material;

(b)    prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Agreement;

(c)    prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material should be treated as Confidential, Highly Confidential or subject to the terms of this Agreement; or

(d)    prevent the Parties to this Agreement from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

12.    This Agreement has no effect upon, and shall not apply to, a Party's or a Producing Party's use of its own Confidential Discovery Material or Highly Confidential Discovery Material for any purpose.

13.    Nothing in this Agreement shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege, immunity or protection from disclosure (collectively, the "Privileges").  If information subject to a claim of Privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of a Privilege for such information or any other information that may be protected from disclosure by Privilege.  If a Party has inadvertently or mistakenly produced a document or information that is subject to a good faith claim of Privilege, upon request by the Producing Party within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Recipient shall not use such information for any purpose other than in connection with a motion to compel, as described below.  The Party returning such material then may move the Court for an order compelling

production of the material, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14.     This Agreement shall not preclude any Party from showing any Confidential Discovery Material or Highly Confidential Discovery Material or disclosing information derived therefrom at a deposition or trial to any witness employed by or affiliated with the Producing Party designating such materials as Confidential or Highly Confidential, provided that only those persons who are authorized by the terms of this Agreement to receive the Confidential Discovery Material or Highly Confidential Discovery Material to be disclosed to the witness are present at relevant portions of the deposition or trial.

15.     Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential or Highly Confidential that have been obtained lawfully by such Party independently of discovery relating to the Motion, nor shall anything herein alter, remove or waive restrictions under which such documents, material, or information were received or required to be kept.

16.     This Agreement shall not prevent any Party from applying to the Court for relief from this Agreement or from any provision(s) thereof, or from applying to the Court for further or additional protective orders.

17.     The provisions of this Agreement shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of all proceedings with respect to the Motion or any claims asserted by the members of the Ad Hoc Committee of Canadian Employees against the Debtors and the Nortel Canadian Debtors, including without limitation any appeals relating thereto.

12

18.     Within sixty (60) days after receiving notice of entry of an order, judgment, or decree finally disposing of all issues related to the Motion and any claims asserted by members of the Ad Hoc Committee of Canadian Employees against the Debtors and the Nortel Canadian debtors, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall, at their own cost and expense, either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Confidential Discovery Material or Highly Confidential Discovery Material and certify that fact to counsel for the Producing Party.  Notwithstanding the preceding sentence, outside counsel for the Parties shall be entitled to retain court papers, deposition and court transcripts, and attorney work product that includes or summarizes Discovery Material containing Confidential Discovery Material or Highly Confidential Discovery Material provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition or trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party as to the Confidential Discovery Material or Highly Confidential Discovery Material at issue.  Notwithstanding anything herein to the contrary, the obligations of this Paragraph shall not preclude any Party from complying with document retention policies imposed by applicable law or regulation, provided that the Party provides notice of its retention of the documents to the Producing Party or designating party.

19.     Any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material shall first raise its objection with counsel for the party that made such designation and attempt to resolve the dispute.  If these discussions do not result in a resolution of the dispute, the objecting

party may seek appropriate relief from the Court; provided, however, that all documents and/or information to which an objection is made shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material, as applicable, until such objection is resolved.  Each Party hereby agrees that it will not contest a Party's request for expedited consideration of such relief.

20.    In the event that any Party appeals from any decision of the Court with respect to the Motion, or concerning any claim asserted by the members of the Ad Hoc Committee of Canadian Employees against the Debtors or the Nortel Canadian debtors, any Party shall have the right to submit a timely application to the court in which the appeal is filed, if such an application is deemed necessary or desirable, to maintain under seal any or all documents filed with the court which contain or disclose Confidential Discovery Material or Highly Confidential Discovery Material.  In the event that no appeal is filed, any Party who seeks the continued sealing of any filed document containing Confidential Discovery Material or Highly Confidential Discovery Material may petition the Court for continued sealing.  When any Party receives a notice from a court as to the release of Confidential Discovery Material or Highly Confidential Discovery Material submitted by that Party, but designated Confidential or Highly Confidential by another party, the Party receiving the notice shall deliver it by overnight delivery, fax or email to the designating party within three (3) business days, so as to enable the latter to seek further confidential treatment or to have the documents returned or destroyed.  The provisions of this paragraph may be waived only with the written consent of the designating party.

21.    If a Recipient is subpoenaed in another action or proceeding, served with a document demand, or otherwise subject to being required or compelled by law, regulation,

government action or other process (any of the foregoing, a "Demand") to produce Confidential

or Highly Confidential Discovery Material, the Recipient shall, unless prohibited from doing so

by applicable law or regulation, (i) give prompt written notice by overnight delivery, fax or email

within three (3) business days of receipt of such Demand to the Producing Party who produced

or designated the Discovery Material as Confidential or Highly Confidential, and (ii) refrain

from producing any Discovery Material that has been designated Confidential or Highly

Confidential in response to such Demand until the earlier of (x) receipt of written notice from the

Producing Party or designating party that it does not object to production of the designated

Discovery Material, or (y) resolution of any objection asserted by the Producing Party or

designating party either by agreement or by final order of the court with jurisdiction over the

objection of the Producing Party or designating party.  The burden of opposing the enforcement

of the Demand shall fall solely upon the Producing Party or designating party.  Unless the

Producing Party or designating party submits a timely objection seeking an order that the

Demand not be complied with, and serves such objection upon the Recipient prior to production

pursuant to the Demand, the Recipient shall be permitted to produce documents responsive to the

Demand on the Demand's response date.  Subject to the provisions of this Paragraph, compliance

by the Recipient with any order directing production pursuant to a Demand of any Confidential

Discovery Material or Highly Confidential Discovery Material shall not constitute a violation of

this Agreement.  Nothing herein shall be construed as requiring the Recipient or anyone else

covered by this Agreement to challenge or appeal any order directing production of Confidential

Discovery Material or Highly Confidential Discovery Material covered by this Agreement, or to

subject himself, herself or itself to any penalties for non-compliance with any legal process or

order, or to seek any relief from the Court.

22.     In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in any Court proceeding relating to the Motion or any dispute between the Debtors and the Ad Hoc Committee of Canadian Employees or its members, that Confidential Discovery Material or Highly Confidential Discovery Material shall not lose its status through such use.

23.     This Agreement shall survive the final adjudication of the Motion and any claims filed by the members of the Ad Hoc Committee of Canadian Employees against the Debtors and the Nortel Canadian debtors, whether by order, final judgment, settlement or otherwise, and shall continue in full force and effect.

24.     No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

25.     Nothing in this Agreement shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

26.     This Agreement may be executed in one or more counterparts, including by facsimile or email, each of which will be deemed an original, but all of which together shall constitute one and the same instrument.

[*Remainder of the page left intentionally blank.*]

Dated:  March 12, 2013

/s/Rachel B. Mersky
Rachel B. Mersky (No. 2049)
MONZACK MERSKY MCLAUGHLIN AND
BROWDER, P.A.
1201 n. Orange Street, Suite 400
Wilmington, Delaware 19801
Telephone (302)656-8162
Facsimile (302)656-2769
*Counsel for the Members of the Ad Hoc Committee of*
*Canadian Employees*

/s/Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

-and-

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors*

/s/David H. Botter
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

David H. Botter
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

*Counsel for the Creditors' Committee*

/s/Andrew M. Leblanc
Laura Davis Jones (No. 2436)
Kathleen P. Makowski (No. 3648)
PACHULSKI STANG ZIEHL & JONES LLP
919 N. Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

-and-

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
MILBANK, TWEED, HADLEY & MCCOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel for the Ad Hoc Group of Bondholders*

17

**EXHIBIT 1**

| NAME | EEID# |
|------|-------|
| Abbott, Ernest (Erine) | 146560 |
| Ackerman, Karon | 135488 |
| Artuso, Elio | 139652 |
| Aweya, James | 509831 |
| Babula, Mark | 2864412 |
| Beaudin, Bernard | 285776 |
| Beavan, Nancy | 905432 |
| Bisson, Line | 159514 |
| Blais, Pierre | 1504673 |
| Boileau, John | 134076 |
| Bourden, Cynthia | 1665902 |
| Boutilier, Diane | 153951 |
| Briard, Ernie | 1581446 |
| Bruce, Richard | 511443 |
| Buchanan, Joseph (Chris) | 1447354 |
| Cai, Xuefeng | 524180 |
| Campbell, Michael | 115972 |
| Carbone, Peter | 1632849 |
| Carbonneau, Martin | 1523013 |
| Carew, James | 159950 |
| Chan, Eric | 145002 |
| Chapman, Kevin | 1579797 |
| Chetreanu, Adelia | 525568 |
| Choi, Myung | 5079064 |
| Chung, Chul-Hwan | 5046003 |
| Cinicolo, Anthony | 132084 |
| Cooke, Rob | 519101 |
| Couser, David | 1615134 |
| Dasylva, Abel | 533838 |
| Davies, Keith | 285703 |
| De Baets, Leonard | 1545492 |
| Deevey, Cathy | 116838 |
| Delisle, Francois | 900349 |
| Desplanque, Dawn | 149112 |
| Devlin, Marie | 1752336 |
| Dicks, Brad | 289212 |
| Dillon, Norman | 288027 |
| Dippold, Norby | 518269 |
| Drwiega, Tadeusz | 1545299 |
| Dumas, Laurier | 519181 |
| Dunning, John | 465915 |
| Duong, Qui (Thuong) | 1616151 |

| NAME | EEID# |
| --- | --- |
| Dziubaniuk, Denise | 516844 |
| Earl, Diane | 147063 |
| Ellis, Donald | 1515827 |
| Farant, Lynda | 134221 |
| Fiszman, Sergio | 1532048 |
| Fort, Timothy | 115647 |
| Funamoto, Jeremy | 149217 |
| Gale, Charles | 1562701 |
| Gallagher, Kim | 139598 |
| Gee, Adrian | 132975 |
| Gilchrist, Tim | 508785 |
| Graham, Christina | 518539 |
| Greco, Karen | 134131 |
| Hawkes, Terence | 141011 |
| Herman, Wendy | 905568 |
| Herzog, Steven | 484649 |
| Hesidence, David | 241160 |
| Hooge, Rod | 511736 |
| Horsun, Fusun | 510726 |
| Huang, Mingtao | 482551 |
| Hudson, David | 139674 |
| Hung, Betsy | 1577409 |
| Hunter, Craig | 513521 |
| Hylarides, June | 1663631 |
| Jadayel, Majed | 510369 |
| Jankowski, Diane | 134658 |
| Jarmoc, Jacek | 119874 |
| Johnson, Paul | 285651 |
| Jones, Raymond | 149205 |
| Kelly, Troy | 285653 |
| Klein, Paula | 1579125 |
| Krahn, Stuart | 289251 |
| Lam, Man Tat | 1579571 |
| Lapointe, Jean | 517689 |
| Law, Anthony | 5013337 |
| Leaver, Sandra | 161786 |
| Leblanc, Velma | 1515156 |
| Lee, Michael | 1572079 |
| Lemyre, Yvon | 147014 |
| Leung, Daniel | 5075297 |
| Lindia, Vittoria | 470597 |
| Longchamps, Jane | 1658489 |
| Lozeau, Andre | 523242 |
| Ma, Danna | 517416 |

| NAME | EEID# |
|------|-------|
| Mah, George | 146570 |
| Marcantonio, Joanne | 146249 |
| Mastronardi, James | 1511626 |
| Matthies, Jonathan | 120119 |
| Maurice, Andre | 503953 |
| Mcbeth, Debbie | 288923 |
| Mccorkle, Michael | 516222 |
| Mcdonald, Philip | 531463 |
| Mcgillivray, Vicki | 763792 |
| Mcintosh, Heather | 1025738 |
| Mcruvie, Ann | 147597 |
| Mignault, Diane | 110762 |
| Milton, Mark | 134723 |
| Mistry, Nalin | 1632038 |
| Mitenko, Peter | 307066 |
| Moncrieff, James | 533772 |
| Montsion, Gilles | 1577207 |
| Morra, Carm | 133722 |
| Mundy, Wesley | 138585 |
| Murdoch, Josephine | 900540 |
| Neame, David | 307075 |
| Newman, Kenneth | 138930 |
| O'Connor, James | 1509484 |
| Orr, Kristi | 906554 |
| Paarsmarkt, Jim | 307056 |
| Paluzzi, Anna | 286234 |
| Paradis, Denis | 119430 |
| Partridge, Theresa | 1516603 |
| Paskaran, Thavaputhiran | 1738402 |
| Patterson, K. Raymond | 82601 |
| Pelletier, Normand | 142020 |
| Petrella, Susan | 144319 |
| Pierson, Alex | 119649 |
| Piggott, Julia | 132697 |
| Pintwala, Thomas | 116511 |
| Planas, Miguel | 1573957 |
| Pon, Ronnie | 1492307 |
| Preston, Kevin | 503555 |
| Price, Steven | 901467 |
| Prystie, Harold | 130778 |
| Rahimpour, Mitra | 902342 |
| Ramaswamy, Srinivasan | 5064148 |
| Ramey, Kenneth Scott | 1138512 |
| Ray, Nancy | 118538 |

| NAME | EEID# |
| --- | --- |
| Read, Joanne | 152212 |
| Roddick, Paul | 147164 |
| Roebothan, Wayne | 532445 |
| Rose-Lavigne, Diane | 285723 |
| Rosvick, Adrian | 119704 |
| Royer, Claude | 1614509 |
| Ruprecht, John Paul | 140003 |
| Russell, Graham | 138501 |
| Ryu, Emma | 5009511 |
| Salameh, Charles | 5083795 |
| Sampaleanu, Marin | 119894 |
| Sanchez, Pedro | 521779 |
| Sandison, William (Bill) | 95307 |
| Shanahan, Barbara | 115156 |
| Shephard, Scott | 270962 |
| Singh, Rajinderpal | 1523786 |
| Slempers, Arnis | 135926 |
| Smaoui, Mahdi | 529380 |
| Smith, Kevin | 1505892 |
| Spence, Carolyn | 149232 |
| Srivastava, Pradeep | 1639251 |
| Storer, Jeremy | 1724872 |
| Sundaramoorthy, Mohan | 515521 |
| Sung, William | 507945 |
| Tauh, Kamal | 441685 |
| Thom, Darwin | 1748706 |
| Thomas, Tina | 503127 |
| Tober, Timothy | 521750 |
| Trowbridge, Shirley | 134278 |
| Turbide, Katharine | 504056 |
| Turner, Mark | 500233 |
| Tyler, Laurence | 522534 |
| Vargas, Oscar | 521264 |
| Venne, Francois | 136005 |
| Wanamaker, David | 150031 |
| Wen, Bing | 533717 |
| Williams, Spenser | 1596843 |
| Wills, Devon | 515273 |
| Wilson, Dennis | 525878 |
| Wilton, Ed | 5058041 |
| Winnicki, Krzysztof | 324006 |
| Wong, Leslie | 1621923 |
| Wong, Thomas | 503405 |
| Xiao, Guang Zhi | 5051760 |

| NAME | EEID# |
|------|-------|
| York, Christopher | 5017889 |
| Zhang, Yansheng James | 513711 |

**EXHIBIT 2**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[5] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Re: D.I. [●]** |

-----------------------------------------------------------X

---

[5]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**AGREEMENT TO ABIDE BY STIPULATION AND AGREEMENT
GOVERNING PRODUCTION, EXCHANGE AND FILING OF
CONFIDENTIAL MATERIAL WITH THE AD HOC COMMITTEE
OF CANADIAN EMPLOYEES TERMINATED PRE-PETITION**

I understand the terms of the *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials With The Ad Hoc Committee of Canadian Employees Terminated Pre-Petition* (the "Agreement")[6] and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for purposes of the Agreement's enforcement.  I understand, in particular, that any Confidential Discovery Material or Highly Confidential Discovery Material, and any copies, excerpts or summaries thereof, or materials containing Confidential Discovery Material or Highly Confidential Discovery Material derived therefrom, as well as any knowledge or information derived from any of these items, may be used only for the prosecution or defense of the Motion or resolution of issues in dispute between the Parties and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

I further understand that failure to abide fully by the terms of the Agreement may result in legal action against me, such as for contempt of court or liability for monetary damages.

Dated: _____          Agreed: _____

---

[6]    All capitalized terms utilized but not defined herein shall have the meaning ascribed to them in the Agreement.