FILED                    3417 Locust Cove Rd.
                                      Gainesville, GA 30504
2013 MAR -8 AM 9:59

Clerk of the United States Bankruptcy Court                    March 3, 2013
    for District of Delaware
824 Market St. 3rd Floor,
Wilmington, DE 19801

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

For the attention of Judge Kevin Gross

<u>Case Number: 09-10138(KG)   Nortel Networks Inc</u>

Dear Judge Gross,

I am writing to file an Objection to the series of Dockets (9324 et al) that have been filed with the Court on the subject of Nortel Retiree Benefits. My Objection covers the treatment of Non-Qualified Pensions.

Your Honor will probably remember that I came before the Court in 2011 and talked about the overwhelming number of telephone calls and e-mails that I had received from Nortel Retirees and Disabled People. These calls came as a result of setting up the procedures for getting the Deferred Compensation Group represented by attorneys. The Retirees and Long Term Disabled were frustrated by not being able to find an attorney who was not already retained by another participant in the Nortel case, and hence prevented from representing the ex-Nortel employees.  As a follow up to that Hearing, 1114 Committees were created in June 2011, to represent the Nortel Retirees and Long Term Disabled. When the 1114 Committee for Nortel Retiree benefits was established in 2011, many of us hoped, and expected, that the Committee would address the Non-Qualified Pension. However, the recent Dockets make it very clear that any benefit under Non-Qualified Pension is excluded from the proposed settlement. This situation is partially understandable.  A group of ex-employees, when appointed to a Committee, has to focus on getting to a satisfactory end result. Thus broadening the agenda to include Non-Qualified Pensions may have been beyond their primary objectives of dealing with the Retiree Healthcare, Life Insurance and Long Term Care benefits. However, it leaves open the need to settle the pension claims.

At the time of bankruptcy, several retirees were receiving Non-Qualified Pension payments on a regular monthly basis – and I was one of them. I was receiving a modest monthly pension payment of $1,034 per month, under a "15 year Certain" program, which had been in place for four years and stopped in January 2009 – details are filed on Epiq. Several retirees who have Non-Qualified Pension Claims have contacted me

and asked me to raise the question of how these Non-Qualified Pension Claims might be settled, and to set up the Committee that might be needed.  I have said that I will raise the questions. Several Retirees have also received multiple approaches from Claims Traders offering to buy their Claims – and they are questioning the alternatives for dealing with these offers.

I therefore request that the Court sets up a procedure for settling these Non-Qualified Pension Claims. Preferably, this should be through a 1114 Committee to avoid the task of having to start by raising money to retain attorneys.

Yours sincerely,

Robert Horne

Robert Horne

cc:

Cleary Gottlieb Steen & Hamilton LLP
Attn: Lisa M Schweitzer, Esq
One Liberty Plaza, New York, NY 10006
Fax: (212) 225-3999

Togut, Segal & Segal
Attn: Albert Togut, Esq & Neil Berger, Esq
One Penn Plaza, Suite 3335, NY NY 10119
Fax: (212) 967-4258

Akin Gump Strauss Hauer & Feld LLP
Attn: Lisa Beckerman, Esq
One Bryant Park, New York, NY 10036
Fax: (212) 872-1002

Morris, Nichols, Arsht & Tunnell LLP
Attn: Derek Abbott, Esq
1201 N Market St. Wilmington, DE 19801
Fax: (302) 658-3989

Office of United States Trustee
Attn: Mark Kenney, Esq
844 King St, Suite 2207, LB 35, Wilmington, DE19801
Fax: (302) 573-6497

Milbank, Tweed, Hadley & McCloy LLC
Attn: Thomas J. Matz, Esq
One Chase Manhattan Plaza, NY NY 10005
Fax: (212) 822-5885

March 3, 2013
page 2 of 2.