IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

-----------------------------------------------------------------x
                                                    :

In re                                                   :        Chapter 11

NORTEL NETWORKS, INC., ET AL.,          :        Case No. 09-10138 (KG)

                         Debtors.             :        (Jointly Administered)
-----------------------------------------------------------------x

**CERTIFICATION OF KAREN M. WAGNER WITH RESPECT
TO THE TABULATION OF BALLOTS CONCERNING
<u>POTENTIAL VEBA SPONSORED MEDICAL INSURANCE PLAN</u>**

I, Karen M. Wagner, depose and say under penalty of perjury:

1. I am employed as a Consultant of Corporate Restructuring Services with Kurtzman Carson Consultants LLC ("KCC"), whose business address is 2335 Alaska Avenue, El Segundo, California 90245. I am over the age of 18 and not a party to this action.

2. On October 17, 2011, the United States Bankruptcy Court, District of Delaware (the "Court") entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Communications Agent for the Official Committee of Retired Employees and Approving Related Agreement, Nunc Pro Tunc to September 9,* 2011 [Docket No. 6631].

3. On January 23, 2013, the Court entered the *Order Granting Debtors' Motion for Entry of an Order Approving Form and Methods of Notice of Hearing to Consider Settlement Agreement with the Official Committee of Retired Employees* (the "Notice Procedures Order") [Docket No. 9324] establishing and approving, among other things, certain settlement notification, solicitation, and voting tabulation procedures.

4. The Notice Procedures Order (i) approved the form and method of a ballot (the "Ballot") to be used by the Retiree Committee to solicit votes from Retirees, defined in the Settlement Agreement

(including for the avoidance of doubt, LTD Employees[1]) who may be eligible for benefits under the Retiree Welfare Plans, to express a preference of whether settlement amounts on account of lost medical benefits (the "Medical Settlement Amount") should be (a) distributed through tax-efficient health reimbursement arrangement accounts or (b) used to partially subsidize premiums due under a potential VEBA Sponsored Medical Plan (the "VEBA Plan") and (ii) authorized KCC to tabulate the Ballots of Retirees. Except as otherwise noted, I could and would testify to the following based upon my personal knowledge. I am authorized to submit this Certification on behalf of KCC.

5.     Pursuant to the Ballot, the VEBA would be authorized to purchase the VEBA Plan only if the Election Threshold was met. Pursuant to the Notice Procedures Order and the Ballot, the Election Threshold could be met if: (a) at least 50% of the number of Eligible Participants voted in favor of offering the VEBA Plan, and (b) Eligible Participants entitled to at least two-thirds of the Medical Settlement Amount voted in favor of offering the VEBA Plan.

**A.     Service and Transmittal of Solicitation Packages and Related Information**

6.     On or before February 1, 2013, KCC caused to be served Settlement Notification and Solicitation Packages (as defined in the Notice Procedures Order) on all known[2] Retirees receiving, or persons eligible to receive Benefits under the Retiree Welfare Plans in accordance with the Notice Procedures Order. Eligible Participants who were not entitled to vote on the VEBA Plan did not receive a Ballot. Affidavits evidencing the service of the foregoing were filed with the Bankruptcy Court on March 8, 2013 [Docket Nos. 9606 - 9609].

**B.     The Tabulation Process**

7.     Eligible Participants entitled to vote on the VEBA Plan were identified by the Debtors and accordingly received Ballots from KCC.

---

[1]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Notice Procedures Order.

[2]  Based upon census data provided by the Debtors to the Retiree Committee.

8. Based on the information provided by the Debtors to the Retiree Committee, and using the Medical Settlement Amounts provided by Towers Watson, the Retiree Committee's actuary, KCC created a voting database reflecting the names of the Retiree Voting Class, addresses of such Retirees and voting amounts.

9. Using its KCC CaseView voting database ("KCC CaseView"), KCC generated Ballots for Retirees entitled to vote to accept or reject the VEBA Plan. The Notice Procedures Order established March 12, 2013 at 4:00 p.m. (prevailing Eastern Time) as the deadline for receiving Ballots to accept or reject the VEBA Plan (the "Election Deadline").

10. Pursuant to the Notice Procedures Order, KCC received and tabulated Ballots as follows: (a) each returned Ballot was opened and inspected at KCC's office; (b) Ballots were date-stamped and scanned into KCC CaseView; (c) all Ballots received on or before the Voting Deadline were then entered into KCC CaseView and tabulated, along with Ballots that were not timely received by KCC on or before the Election Deadline, all in accordance with the tabulation rules approved by the Notice Procedures Order. Ballots not received by KCC on or before the Election Deadline (defined below) are counted as a vote against the VEBA Plan.

11. Set forth below is a summary of the voting results with respect to the Retiree Voting Group:

| TOTAL BALLOTS | | | |
|---|---|---|---|
| In Favor of VEBA Plan | | Not in Favor of VEBA Plan / In Favor of HRA | |
| Number | Amount | Number | Amount |
| 739 (38.01%) | $11,045,100.04 (34.48%) | 1205 (61.99%) | $20,989,676.14 (65.52%) |

12. Based on this summary, the Election Threshold was not met and the VEBA Plan will not be offered.

3

C.  The Unacceptable Ballots

13. KCC received certain Ballots deemed to be unacceptable pursuant to the Notice Procedures Order. Pursuant to the tabulation procedures, these Ballots were tabulated as "votes to reject the VEBA Plan" and are included in the above voting results.

### Conclusion

14. To the best of my knowledge, information and belief, the foregoing information concerning the distribution, submission and tabulation of Ballots in connection with the VEBA Plan is true. The Ballots received by KCC are stored at KCC's office and are available for inspection by or submission to this Court.

Dated: March 18, 2013

Karen M. Wagner
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

State of California   )
                      ) ss
County of Los Angeles )

Subscribed and sworn to (or affirmed) before me on this 18th day of March 2013, by Karen M. Wagner, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS my hand and official seal.

Signature: _____



LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015