## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*,[1] | ) | |
| | ) | Case No. 09-10138 (KG) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: April 2, 2013** |
| | ) | **Hearing Date: April 9, 2013 @ 10:00 a.m. (ET)** |

### APPLICATION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR ORDER UNDER BANKRUPTCY CODE SECTION 328(a) APPROVING THE EMPLOYMENT AND RETENTION OF E. MORGAN MAXWELL, III, ESQ. AS SPECIAL TAX COUNSEL TO THE LTD COMMITTEE *NUNC PRO TUNC* TO FEBRUARY 11, 2013

The Official Committee of Long Term Disability Participants (the "LTD Committee") hereby moves hereby files this application (the "Application") for an Order, pursuant to Section 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of E. Morgan Maxwell III, Esq. ("Maxwell") as Special Tax Counsel to the LTD Committee, *nunc pro tunc* to February 11, 2013. In support of the Application, the LTD Committee relies upon the Declaration of E. Morgan Maxwell III, Esq. (the "Maxwell Declaration") attached hereto as Exhibit A and incorporated by reference, and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

## BACKGROUND

1.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed in the United States Bankruptcy Court for the District of Delaware

(the "Court") voluntary petitions for relief under chapter 11 the Bankruptcy Code.  The Debtors'

bankruptcy cases (the "Cases") are consolidated for procedural purposes only.   The Debtors

continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.      On June 22, 2011, the Court authorized the appointment of the LTD Committee

as an additional statutory committee pursuant to 11 U.S.C. Section 1102 (Docket No. 5790).

On August 2, 2011, the LTD Committee was formed.   The United States Trustee's Office

appointed Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara

Gallagher, Michael Stutts, and Deborah Jones to serve on the LTD Committee.  *See* Amended

Notice of Appointment of Unsecured Creditors (Docket No. 6080).

3.      On February 14, 2013, this Court entered the Order (A) Preliminarily

Approving the Settlement Agreement Regarding Long-Term Disability Plans and Claims, (B)

Conditionally Certifying a Class for Settlement Purposes Only, (C) Approving the Notice

Procedures, (D) Scheduling a Fairness Hearing and (E) Granting Related Relief (Docket No.

9427) (the "Preliminary Approval Order").

---

[2]  Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of title 11
of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") on July 14, 2009,
which was consolidated and is being jointly administered with the other Debtors' chapter 11
cases for procedural purposes (Docket No. 1098).

4.        Pursuant to the Preliminary Approval Order, among other things, the Court preliminarily approved the Settlement Agreement[3] and authorized the LTD Committee to move forward with final approval of the Settlement Agreement.

5.        As part of that process, the LTD Committee has held several conference calls with LTD Employees.  Additionally, several "town hall" meetings have been held, at which counsel for the LTD Committee has participated in answering questions put forth by LTD Employees regarding the Settlement Agreement and its impact on individual LTD Employees.

6.        A common question that has emerged from these discussions is the tax treatment, specifically as it relates to respect to Federal and state income tax and withholding tax consequences of the receipt of amounts pursuant to the Settlement Agreement (the "Tax Issues"). These questions arise, in part, from the language of the Settlement Agreement which provides, among other things, that "[t]he Settlement Amount shall be allocated among the LTD Employees who are receiving benefits under the LTD Plans as of the Termination Date on the basis of a formula to be provided by the LTD Committee, whereby each LTD Employee shall receive his or her proportional share of the Settlement Amount, subject to applicable withholding tax requirements...."  *See* Settlement Agreement at § 4(e).

7.        Section 24 of the Settlement Agreement absolves the Debtors from having to make any representations or warranties regarding the tax consequences of the Settlement Agreement.  Accordingly, the LTD Committee finds it necessary to retain special tax counsel to assist it in advising the LTD Committee with respect to the Tax Issues.

8.        Additionally, Maxwell will assist in the creation of various documents related to a Voluntary Employees' Benefits Association ("VEBA").

---

[3] All capitalized terms not defined herein shall have the same meaning as set forth in the Pre-liminary Approval Order.

## JURISDICTION

9.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for this Application are 11 U.S.C. § 328.

## RELIEF REQUESTED

10.      The LTD Committee desires to retain and employ Maxwell as its special tax counsel in these Chapter 11 related to the Tax Issues, *nun pro tunc* to February 11, 2013. Accordingly, the LTD Committee respectfully requests the entry of an order, pursuant to Section 328(a) of the Bankruptcy Code, authorizing the employment and retention of Maxwell as it special tax counsel to perform all of the services in that capacity that will be necessary during these Chapter 11 cases, with respect to implementation of the Settlement Agreement and disbursement of any funds related thereto.

11.      The LTD Committee has selected Maxwell based on his experience in providing advice related to Federal and state income tax and withholding issues, including VEBA-related issues.

12.      The LTD Committee have been advised that Maxwell has over thirty-five years of broadly diversified business tax practice (Federal, international, state, local) encompassing a wide range of transactions, planning, and dispute resolution

## SERVICES TO BE PROVIDED

13.      The LTD Committee seeks to retain and employ Maxwell as its special tax counsel during these Chapter 11 cases.  As more fully described in the agreement between the LTD Committee and Maxwell, a true and correct copy of which is attached hereto as Exhibit B

(the "Agreement"), the LTD Committee seeks to retain Maxwell to provide tax advisory services including, but not limited to, the following:

        (a)     Analysis of Federal and state income tax and withholding tax consequences to LTD Employees related to the receipt of amounts related to the Settlement Agreement;

        (b)     Preparation of a formal opinion to counsel for the LTD Committee with respect to certain tax consequences related to the Settlement Agreement;

        (c)     Preparation of VEBA and VEBA-related documents; and

        (d)     Other such tax advice for the LTD Committee as may be necessary and appropriate.

14.     The services to be provided by Maxwell will not duplicate the services of any other of the other professionals retained by the Debtors, LTD Committee, or any other committee appointed in these cases. Maxwell will use reasonable efforts to coordinate its services with counsel to the LTD Committee to avoid the unnecessary duplication of services.

15.     Moreover, as set forth on Exhibit B hereto Maxwell has estimated that his fees will likely be under $10,000 and he has agreed to a cap of no more than $15,000 in fees. The LTD Committee submits that Maxwell's fees in this matter are therefore quite reasonable under the circumstances of these cases.

**MAXWELL'S DISINTERESTEDNESS**

16.     To the best of the LTD Committee's knowledge, Maxwell is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code of the Bankruptcy Code, and nether holds nor represents any interest adverse to the Debtors or their estates.

5

17.     Also, to the best of the LTD Committee's knowledge, information and belief, except as set forth in the Maxwell Declaration and except as set forth herein, Maxwell has no connection with, and holds no interest adverse to, the LTD Committee or the LTD Employees, nor to the best of the LTD Committee's knowledge does Maxwell hold any interest adverse to the interests of the Debtors or Debtors' creditors, except as set forth in the Maxwell Declaration.

18.     The LTD Committee has been informed that Maxwell is conducting an ongoing review of his files to ensure that no disqualifying circumstances arise, and if new relevant facts or relationships are discovered, Maxwell will supplement its disclosures to the Court.

19.     The LTD Committee submits that the employment and retention of Maxwell on the terms and conditions set forth herein and in the Agreement, is in the best interest of the Debtors, their creditors, and all parties in interest.

## COMPENSATION

20.     Subject to the approval of this Court, the LTD Committee has agreed that Maxwell's tax counsel services should be compensated as follows:

(a)     *Hourly Fee*:  Maxwell shall charge $250 per hour with no additions for normal overhead items such as telephone, fax, regular postage, copying, mileage, and tolls.

(b)     *Expenses*: Maxwell shall charge only for direct out-of-pocket expenses, including overnight mail.

(c)     *Cap*:  Maxwell has agreed to a cap of no more than $15,000 in fees.

21.     Maxwell estimates that the total amount necessary for him to fully perform the services requested by the LTD Committee is $9,875, barring any unforeseen events, and subject to a cap of $15,000.  The LTD Committee believes that Maxwell's proposed fees and expenses are fair and reasonable, given (i) the nature of the services to be provided by Maxwell and (ii) the typical fee structure for Maxwell and other tax counsel.

22.     Payment to Maxwell will be subject solely to the standard of review provided in Section 328(a) of the Bankruptcy Code and not subject to any other standard of review including, but not limited to Section 330 of the Bankruptcy Code.   Notwithstanding the above, the Bankruptcy Court and the United States Trustee shall have right of review under Section 330 of the Bankruptcy Code.

23.     Based on the foregoing, the LTD Committee believes that the employment of Maxwell is necessary, appropriate and in the best interests of the estate, enabling the LTD Committee to carry out its fiduciary duties owed to its constituency under the Bankruptcy Code.

### *NUNC PRO TUNC* RELIEF

24.     The LTD Committee requests that Maxwell's retention be *nun pro tunc* to February 11, 2013, when Maxwell began providing services to the LTD Committee.

### NO PREVIOUS REQUEST

25.     No previous request for the relief sought herein has been made to this or any other Court.

### NOTICE

26.     Notice of this Motion has been provided to (a) counsel to the Debtors; (b) counsel to the Creditors' Committee; (c) counsel to the Retirees Committee; (d) the United States Trustee for the District of Delaware;; and (e) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.   The LTD Committee respectfully submits that, given the administrative nature of the relief requested, no other notice of the relief requested herein needs to be given.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form annexed hereto as Exhibit C, (i) authorizing employment and retention of Maxwell as special tax counsel to the LTD Committee, pursuant to section 328(a) of the Bankruptcy Code, and (ii) for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Dated: March 19, 2013
      Wilmington, Delaware

**ELLIOTT GREENLEAF**

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Eric M. Sutty (DE Bar No. 4007)
Jonathan M. Stemerman (DE Bar No. 4510)
1105 North Market Street, Suite 1700
Wilmington, Delaware  19801
Telephone:  (302) 384-9400
Facsimile:  (302) 384-9399
Email:  rxza@elliottgreenleaf.com
Email:  sak@elliottgreenleaf.com
Email:  ems@elliottgreenleaf.com
Email:  jms@elliottgreenleaf.com

*Counsel to the Official Committee of Long Term
Disability Participants*