# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*,[1] ) | |
| ) | Case No. 09-10138 (KG) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**DECLARATION OF E. MORGAN MAXWELL, III
IN SUPPORT OF THE APPLICATION OF THE OFFICIAL
COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS
FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a)
APPROVING THE EMPLOYMENT AND RETENTION OF E.
MORGAN MAXWELL, III, ESQ. AS SPECIAL TAX COUNSEL TO
THE LTD COMMITTEE *NUNC PRO TUNC* TO FEBRUARY 11, 2013**

I, E. Morgan Maxwell, hereby declare under penalty of perjury:

1. I am a solo practitioner doing business as E. Morgan Maxwell, III, Attorney at Law ("Maxwell"), with an office at 551 Gregory Lane, Devon PA, and I am duly authorized to make this statement on behalf of Maxwell. This Declaration is given in support of the Application of the Official Committee of Long Term Disability Participants for an Order Approving the Employment and Retention of E. Morgan Maxwell, III, Esq. as Special Tax Counsel to the LTD Committee, *Nunc Pro Tunc* to February 11, 2013 (the "Application")[2], and is based on my personal knowledge.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2] All capitalized terms not defined herein shall have the same meaning as set forth in the Application.

2. Maxwell has over thirty-five years of broadly diversified business tax practice (Federal, international, state, local) encompassing a wide range of transactions, planning, and dispute resolution.

3. Maxwell is able to perform the duties of special tax counsel required by the Official Committee of Long Term Disability Participants (the "LTD Committee"), which duties shall consist of:

(a) Analysis of Federal and state income tax and withholding tax consequences to LTD Employees related to the receipt of amounts related to the Settlement Agreement;

(b) Preparation of a formal opinion to counsel for the LTD Committee with respect to certain tax consequences related to the Settlement Agreement;

(c) Preparation of VEBA and VEBA-related documents; and

(d) Other such tax advice for the LTD Committee as may be necessary and appropriate.

4. Subject to the approval of this Court, the LTD Committee has agreed to pay for Maxwell's tax counsel services as follows:

(a) *Hourly Fee*: Maxwell shall charge $250 per hour with no additions for normal overhead items such as telephone, fax, regular postage, copying, mileage, and tolls.

(b) *Expenses*: Maxwell shall charge only for direct out-of-pocket expenses, including overnight mail.

(c) *Cap*: Maxwell has agreed to a cap of no more than $15,000 in fees.

5. I have reviewed Maxwell's files and, to the best of my knowledge, I have not been engaged by another client with respect to Nortel's bankruptcy proceedings. Further, to the best of my knowledge, none of my current clients has any involvement with

the Debtors' bankruptcy cases.

6. I will conduct an ongoing review of my files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, I will supplement Maxwell's disclosure to the Court.

7. Additionally, neither I, Maxwell, insofar as I have been able to ascertain:

(a) is a creditor of the Debtors;

(b) is a direct or indirect equity interest holder of the Debtors;

(c) is or has been, within two years before commencement of these Chapter 11 cases, an officer, director or employee of the Debtors or an "insider" of the Debtors as that term is defined in § 101(31) of Title 11 of the United States Code, 11 U.S.C. § 101 (the "Bankruptcy Code");

(d) presently provides services to a creditor or equity interest holder of the Debtors, or a person otherwise adverse or potentially adverse to the Debtors or the Debtors' estates on any matter that is related to the Debtors or the Debtors' estates or, on any matter that is unrelated to the Debtors or the Debtors' estates;

(e) has any other connection with the Debtors, their creditors, the Trustee, the Office of the United States Trustee or any employee of that office or any other parties in interest; or

(f) has any other interest, direct or indirect, which may affect or be affected by the provision of services proposed hereunder.

8. Maxwell will provide services to no entity other than the LTD Committee in connection with these Chapter 11 cases.

9. To the best of my knowledge, information and belief, except as set forth herein, there are no other instances where Maxwell has, has had, or might be deemed to have or have had connections with the Debtors, creditors, or other parties in interest.

By reason of the foregoing, I believe that Maxwell is eligible for employment and retention by the Debtors and Debtors-in-possession pursuant to Section 328(a) of the Bankruptcy Code and applicable rules of bankruptcy procedure.

Dated: March 19, 2013        By: _____
                                 E. Morgan Maxwell, III