# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*,[1] ) | |
| ) | Case No. 09-10138 (KG) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |
| ) | **Re: Docket No. ____** |

**ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) APPROVING THE EMPLOYMENT AND RETENTION OF E. MORGAN MAXWELL, III, ESQ. AS SPECIAL TAX COUNSEL TO THE LTD COMMITTEE, NUNC PRO TUNC TO FEBRUARY 11, 2013**

Upon consideration of the application (the "Application")[2] of the Official Committee of Long Term Disability Participants (the "LTD Committee") in the above case (collectively, the "Debtors"), for entry of an order (the "Order"), pursuant to section 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Code for the District of Delaware (the "Local Rules"), authorizing the employment and retention of E. Morgan Maxwell, III, Esq. ("Maxwell") as special tax counsel to the LTD Committee, *nunc pro tunc* to February

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2] All capitalized terms not defined herein shall have the same meaning as set forth in the Application

1

11, 2013; and upon the Maxwell Declaration; and the Court being satisfied, based on the representations made in the Application and upon the Maxwell Declaration, that Maxwell is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and represents no interest adverse to the Debtors' estates; and upon consideration of the Application and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was due and proper under the circumstances; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that the LTD Committee is authorized to employ and retain Maxwell as their special tax counsel under the terms of the Agreement, *nunc pro tunc* to February 11, 2013; and it is further

ORDERED that Maxwell shall receive his compensation and reimbursement of expenses as specified in the Agreement, which in each case shall not hereafter be subject to challenge except under the standards of review set forth in section 328(e) of the Bankruptcy Code, <u>provided, however,</u> that this Court and the United States Trustee for the District of Delaware shall have the right of review under Section 330 of the Bankruptcy Code; and it is further

ORDERED that Maxwell shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Bankruptcy Rules and orders of the Court; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Agreement of this Order, the terms of this Order shall govern; and it is further

ORDERED that the LTD Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising form or related to the implementation and/or interpretation of this Order.

Dated: _____, 2013
      Wilmington, Delaware

                                      _____
                                      THE HONORABLE KEVIN GROSS
                                      UNITED STATES BANKRUPTCY JUDGE