**Exhibit B**


TORYS LLP

Suite 3000
79 Wellington St. W.
Box 270, TD Centre
Toronto, Ontario
M5K 1N2  Canada
Tel   416.865.0040
Fax  416.865.7380

www.torys.com

Scott Bomhof
Tel   416.865.7370
sbomhof@torys.com

March 21, 2013

The Honourable Mr. Justice Geoffrey Morawetz
Judges' Chambers - Court House
330 University Avenue
Toronto, Ontario   M5H 1T3

Dear Mr. Justice Morawetz:

**Re:    Nortel Networks Corporation et al. - Court File No.: 09-CL-7950**

We write as counsel to the Nortel US Debtors.  We write in response to the March 20, 2013 letter from Jay Carfagnini, as counsel to the Monitor, to Your Honour regarding a Litigation Timetable and Discovery and Deposition Plan that the Monitor proposes would govern resolution of the litigation related to the allocation of sale proceeds, as well as the adjudication of claims asserted by the EMEA Claimants and the UK Pension Claimants against the Canadian and the US Debtors (the "Monitor's Letter").  We are writing directly to Your Honour to advise you that the US Debtors are filing the Monitor's Letter with the Honourable Judge Gross to provide him with an update on the issues raised in the Monitor's Letter and to seek directions regarding a joint hearing on the issues set out therein.

We received the Monitor's proposals late afternoon on Friday, March 15, 2013, and as requested by the Monitor, provided comments in the form of a revised Litigation Timetable and Discovery Plan on March 19, 2013 (copies of which are attached to the Monitor's Letter).  As indicated in our response to the Monitor, the US Debtors are amenable to having discussions among the Core Parties and claimants that would facilitate consensual scheduling orders of the US and Canadian Courts.  We have since received certain informal comments from other constituents and attach a revised Litigation Timetable that reflects such comments.  We have not received any substantive response from the Monitor to our proposal.  Nevertheless, since the Monitor has requested an attendance before Your Honour on or before March 27, 2013, we submit this letter summarizing the US Debtors' primary concerns with the Monitor's proposal.  We will be filing notice of this letter and the Monitor's Letter with the Honourable Judge Gross, and respectfully request that these matters be heard and considered at a joint hearing before the US and Canadian Courts.

The Monitor's proposal raises several issues, which remain in the Monitor's modified proposal, that affect the US Debtors and the US and Canadian Courts' respective jurisdictions that must be properly addressed in any schedule and protocol adopted by each of the US and Canadian Courts.  The US Debtors have worked closely with the Official Committee of Unsecured Creditors of the US Debtors (the "Committee") in preparing their revised proposal and the Committee supports the US Debtors' proposal and shares the concerns and views set forth in this letter.  We believe the US Debtors' proposal for a Litigation Timetable and Discovery Plan addresses the following deficiencies in the Monitor's proposals, in particular:

- The Monitor proposes one combined litigation schedule for the allocation dispute and the resolution of claims asserted against the US Debtors and the Canadian Applicants and proposes a single discovery plan to govern the disputes. This proposal ignores the distinction between the allocation dispute, in which both the US and Canadian Courts can and will render decisions, and the claims filed by the EMEA Claimants and the UK Pension Claimants either in the US or Canada, which will be decided solely by the Court in which they were filed and are governed by the procedural rules of that jurisdiction, even if certain evidence is heard in a joint hearing. For example, the Monitor's plan proposes to supersede and override certain "US Orders or applicable statutory or regulatory procedural rules" both in the allocation litigation and in the litigation of the claims against the US Debtors. In the US, this would include the important and carefully crafted Cross-Border Protocol and Cross-Border Claims Protocol, and even ostensibly the Allocation Protocol that the Courts informally approved on March 8, 2013. The Monitor's proposed Discovery and Deposition Plan similarly purports to impose the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario and the Federal Rules of Bankruptcy Procedure as the applicable procedural regime that would govern the resolution of the claims filed solely against the US Debtors in their Chapter 11 cases (the "US Claims") as well as the allocation litigation, and it does not allow for the detailed rules for expert discovery provided in Federal Rule of Civil Procedure 26, even with respect to any expert that is called with respect to only US Claims. The US Debtors' proposed Litigation Timetable and Discovery Plan make the proper distinctions and identifies where specific US and Canadian rules would apply.

- Ignoring this distinction also results in the participation of all Core Parties in the claims disputes where not all such Core Parties have standing. For example, the Monitor's proposal would allow any Core Party to "deliver a responding pleading . . . to set out its responses to claims advanced by EMEA and/or the Trustees." The US Debtors' proposed Discovery Plan, while allowing for coordinated and overlapping discovery, delineates the proper litigants for the allocation and each of the claims litigations separately.

- Further, the US Debtors believe that the Monitor's proposal does not sufficiently tailor discovery to permit completion of multi-party discovery in the efficient and expeditious manner required for a trial to be held in the fall. The US Debtors' proposal streamlines discovery by, for example, creating discovery groups with aligned interests who would be *required* (not encouraged as the Monitor suggests) to work collectively to make consolidated document requests and notice a limited number of depositions. For example, the US Debtors' proposed Discovery Plan likely would limit the total number of fact witness depositions to 30 individuals, whereas the Monitor's proposal could result in over 100.

- The Monitor's proposal provides 30 days in which to complete all expert discovery, including the exchange of opening and responsive expert reports and the completion of all expert depositions. The US Debtors' proposal, without lengthening the overall schedule, allows a total of eight weeks for completion of expert discovery, including four weeks (rather than 20 days) for the preparation of responsive reports.

The Monitor's proposed Discovery and Deposition Plan also addresses various substantive and procedural matters beyond a proposed litigation schedule.  The US Debtors are supportive of the coordinated and expeditious resolution of as many matters as possible related to these various litigations, subject to the opportunity for the US Court to consider and jointly approve such procedures and schedules where necessary and appropriate, as in the case of our  proposed Discovery Plan.

The US Debtors are committed to the prompt resolution of the various litigations. To the extent that not all issues can be resolved in the next few days, the US Debtors are prepared to commit to a process whereby all parties file their motions for relief with respect to allocation (i.e., their allocation position statements) by April 12 or 15 while the remaining issues are resolved either by consensus of the parties or orders of the US and Canadian Courts.

Respectfully submitted,

Scott Bomhof

Tel 416.865.7370
sbomhof@torys.com

SB/cp
cc:      Core Party Service List

14948055.1

US DEBTORS -- MARCH 19 21 2013

**Proposed Litigation Timetable**

Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, the Cross-Border Claims Protocol, and to facilitate resolution of the claims brought by the UK Pension Claimants, it is hereby ordered:[1]

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| March 19 | | | Monitor delivers Notices of Disallowance of all claims delivered by the Joint Administrators against a Canadian Applicant or its Directors or Officers pursuant to subparagraph 21(e) of the EMEA Claims Procedure Order dated January 21, 2011. Monitor delivers Notices of Disallowance of all claims delivered by the UK Pension Claimants against a Canadian Applicant or its Directors or Officers pursuant to subparagraph 13(e) of the Claims Procedure Resolution Order dated September 16, 2010. |
| Present through April 1 hearing | The Core Parties to negotiate in good faith to try to come to agreement on a Discovery Plan. | | |
| April 1, or as soon thereafter as the | Hearing before both Courts to approve an agreed upon Discovery Plan or, absent agreement, for directions or court orders concerning finalization of a Discovery Plan. | | |

---

[1]    Capitalized terms shall have the meaning ascribed to them in Annex A.

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| Courts are available | | | |
| April 2 | | | The EMEA Debtors and the UK Pensions Claimants to deliver Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order, respectively with reasonable particularity, the relief sought, material facts relied upon and legal bases for the challenges to the disallowances of claims being advanced at the Joint Hearing ordered by the Ontario Superior Court of Justice. |
| April 12 | The US Debtors and the UCC collectively, the EMEA Debtors and the Joint Administrators collectively, the Canadian Debtors and the Monitor collectively, and the Bondholder Group shall each file and serve a "Motion for Approval of Allocation Position of [•]" which will set out with reasonable particularity the relief sought with respect to Allocation, the material facts relied upon, and the legal bases for such position. Any other Core Party may submit a "Motion for Approval of Allocation | | |

2

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | Position of [•]," but must do so by this date. | | |
| April 12 | | The US Claims Defendant Group shall file and serve their responses to the US Claims. | |
| April 19 [base date] | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group. | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by the US Claims Claimant Group and the US Claims Defendant Group. | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by the Canadian Claims Claimant Group and the Canadian Claims Defendant Group. |
| April 19 [base date] | Deadline for service of limited reasonable interrogatories in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group. | Deadline for service of limited reasonable interrogatories in accordance with the Discovery Plan by the US Claims Claimant Group and the US Claims Defendant Group. | |
| April 19 [base date] | Deadline for the Core Parties to agree upon a Confidentiality Order and file motions with the applicable Court or Courts seeking approval of such Confidentiality Order. | | |

3

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| April 26 [base date + 7 days] | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Discovery Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. | | |
| May 10 [base date + 21 days] | Deadline for responses and objections to document requests and objections to interrogatories in accordance with the Discovery Plan. | | |
| May 10 [base date + 21 days] | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. | | |
| May 31 [base date + 42 days] | Production of documents to be completed in accordance with the Discovery Plan. | | |
| June 7 [base date + 49 days] | Deadline to file motions to compel and/or motions for a protective order with respect to document discovery. Notwithstanding this deadline, when a dispute arises, the affected Core Parties shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| June 7 [base date + | Deadline for identification by each | Deadline for identification by each | Deadline for identification by each |

4

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| 49 days] | Core Party of their anticipated affiants as (non-expert) trial witnesses and for designations of which (if any) of that Core Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with Discovery Plan. | US Claim Party of its anticipated affiants as (non-expert) trial witnesses and for designations of which (if any) of that US Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with Discovery Plan. | Canadian Claim Party of its anticipated affiants as (non-expert) trial witnesses and for designations of which (if any) of that Canadian Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with Discovery Plan. |
| June 14 [base date + 56 days] | Deadline for each of the Canadian Allocation Group, the EMEA Allocation Group, and the US Allocation Group to serve on any opposing Core Party the topics on which that Core Party's representative is to be examined or deposed in accordance with the Discovery Plan. | Deadline for each of the US Claims Claimant Group and the US Claims Defendant Group to serve on any opposing Claim Party and the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) in accordance with the Discovery Plan. | Deadline for each of the Canadian Claims Claimant Group and the Canadian Claims Defendant Group to serve on any opposing Claim Party and the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in accordance with the Discovery Plan. |
| June 14 [base date + 56 days] | Deadline for parties to designate witnesses to be examined or deposed.  Each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US Claims Claimant Group, and the Canadian Claims Claimant Group together; and (3) the US Allocation Group and the US Claims Defendant Group together may designate up to ten (10) fact witnesses for examination or deposition in accordance with the Discovery Plan. | | |
| June 21 [base date + 56 days] | Deadline for each Core Party to identify its representative for oral examination or deposition. | Deadline for each US Claim Party (other than the Committee) to designate a representative for a deposition pursuant to Rule | Deadline for each Canadian Claim Party to designate a representative for an examination. |

5

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | | 30(b)(6). | |
| July 3 [base date + 75 days] | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |
| July 19 [base date + 91 days] | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions. | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions. | Deadline to complete witness depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to representative party examinations. |
| August 2 [base date + 105 days] | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| August 30 [base date + 133 days] | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| September 27 [base date + 161 days] | Deadline to complete deposition of experts in accordance with the Discovery Plan. | | |
| October 11 [base date + 175 days] | Deadline to file motions in limine. | | |
| October 11 [base date + 175 days] | Deadline for filing of opening written submissions with the Courts. Such submissions will include<br><br>a)  Pre-trial briefs; | | |

6

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | b) All fact affidavits to be used as party's direct testimony; | | |
| | c) List of all exhibits each party intends to rely on as part of direct case | | |
| Week of October 14 [if the courts desire] [base date + 178 days] | Pre-Trial Conference(s) – | Pre-Trial Conference(s) – | Pre-Trial Conference(s) – |
| | By this date, the Core Parties shall have met and conferred with an effort to reach agreement on: | By this date, the US Claim Parties and the Canadian Claims Defendant Group shall have met and conferred with an effort to reach agreement on: | By this date, the Canadian Claim Parties and the US Claims Defendant Group shall have met and conferred with an effort to reach agreement on: |
| | a) the undisputed facts to be agreed upon for trial; | a) the undisputed facts to be agreed upon for trial; | a) the undisputed facts to be agreed upon for trial; |
| | b) the contents of document briefs for use at the Joint Hearing. | b) the exhibits for use at the Joint Hearing. | b) the contents of document briefs for use at the Joint Hearing. |
| | By this date, the Core Parties also shall have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest and served and filed all affidavits and reports to be relied upon as that party's direct evidence (including examination in chief) about Allocation. | By this date, the US Claim Parties also shall have identified the portions of transcripts of depositions relied upon by a party of adverse interest and served and filed all affidavits and reports to be relied upon as that party's direct evidence (including examination in chief) about the US Claims. | By this date, the Canadian Claim Parties also shall have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest and served and filed all affidavits and reports to be relied upon as that party's direct evidence (including examination in chief) about the Canadian Claims. |
| | All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a | All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and | All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | particularized and document-by-document basis. | retrieval unless objected to by this date on a particularized and document-by-document basis. | of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. |
| October 28 – November 15 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii). | | |

Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause.

WITH RESPECT TO ALLOCATION:

JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT

JUSTICE GEOFFREY MORAWETZ
ONTARIO SUPERIOR COURT OF JUSTICE

WITH RESPECT TO THE US CLAIMS:

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT

WITH RESPECT TO THE CANADIAN CLAIMS:

_____

JUSTICE GEOFFREY MORAWETZ
ONTARIO SUPERIOR COURT OF JUSTICE

9

## ANNEX A

## DEFINITIONS

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the [•].

UK Pension Claimants:  The Trustee of the NNUK Pension Plan and the Board of the Pension Protection Funds.

Directors and Officers:  Former directors and officers of NNC and NNL.

Core Parties:  The Debtors, Committee, Bondholder Group, Monitor, Joint Administrators, CCC, Indenture Trustees, UK Pension Claimants, and Directors and Officers.

US Claims:  Claims made by the EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor against any or all of the US Debtors, and claims made by the UK Claimants against any or all of the US Debtors.

Canadian Claims:  Claims made by the EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor against any or all of the Canadian Debtors, and claims made by the UK Pension Claimants against NNC and NNL.

Canadian Allocation Group:  The Canadian Debtors, the Monitor, and the CCC.

EMEA Allocation Group:  The EMEA Debtors and the UK Pension Claimants, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.) and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited.

US Allocation Group:  The US Debtors and the Committee.

Bondholder Allocation Group:  The Bondholder Group.

Allocation Group:  Any of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

US Claims Claimant Group:  The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks AS, Nortel Networks South Africa (Proprietary)

10

Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France S.A., Northern Telecom PCN limited and the UK Pension Claimants who made claims against any or all of the US Debtors.

US Claims Defendant Group:  The US Debtors against whom the US Claims Claimant Group has brought claims and the Committee.

US Claim Party:  Any party in the US Claims Claimant Group or the US Claims Defendant Group.

Canadian Claims Claimant Group:  The EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors, and the UK Pension Claimants who made claims against NNC and NNL.

Canadian Claims Defendant Group:  The Canadian Debtors against whom the Canadian Claims Claimant Group has brought claims, and the Director and Officers (but only with respect to claims of the EMEA Debtors).

Canadian Claim Party:  Any party in the Canadian Claims Claimant Group or the Canadian Claims Defendant Group.

Claim Group:  Any of the US Claims Claimant Group, the US Claims Defendant Group, the Canadian Claims Claimant Group, or the Canadian Claims Defendant Group.

Discovery Plan:  The Discovery Plan that will be entered by the Courts.

Discovery Participant:  Any Core Party or party of the US Claims Claimant Group, the US Claims Defendant Group, the Canadian Claims Claimant Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Representatives:  Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

11