**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re:**

**Chapter 11 Case No.**

**NORTEL NETWORKS, INC.** **09-10138 (KG)**

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

**Solus Recovery Fund LP**

Name and Address where notices to Transferee should be sent:

Solus Recovery Fund LP
C/O Solus Alternative Asset Management LP
410 Park Avenue, 11th Floor
New York, NY 10022

Telephone No.: (212) 284-4300
Facsimile No.: (212) 284-4338
Email: compliance@soluslp.com
Attention: Jon Zinman

Name and Address where transferee payments Should be sent (if different from above):

Name of Transferor

**Mills, Alina**

Court Claim # (if known): 7519

| | |
|---|---|
| Allowed Admin: | $4,160.91 |
| Allowed Priority: | $1,068.42 |
| Allowed Unsecured: | $12,197.80 |
| Claimed Priority: | $10,950.00 |
| Claimed Unsecured: | $4,750.00 |

Date Claim Filed: 12/17/2010

Name and Address of Transferor:

Alina Mills
352 Indian Branch Dr.
Morrisville, NC 27560

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ______________________
Transferee/Transferee's Agent

Date: 3/18/13

*Penalty for making a false statement; Fine of up to $500,000 or imprisonment for up to 5 years, or both. 8 U.S.C. §§ 152 & 3571.*

**--DEADLINE TO OBJECT TO TRANSFER--**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: __________

______________________
**CLERK OF THE COURT**

**CLAIM PURCHASE AGREEMENT**

Purchase of Claim. Alma Mills and any of its successors, assigns or designees (hereinafter "Seller") with a principal address of c/o Jon Rich, Esq. - Silverstone, Taylor & Klein - 5015 Addison Circle #440 Addison, TX 75001, for good and valuable consideration in the sum of [redacted] (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to Solus Recovery Fund LP and any of its Affiliates, successors, assigns or designees (hereinafter "Purchaser") all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims, as more specifically set forth as any right to payment (the "Claim"), against Nortel Networks Inc. ("the "Debtor"), in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 09-10138 (the "Case"); and such transaction includes the purchase of any Proof of Claim (defined below), along with any voting rights and any other rights and benefits which may now exist, or come into existence in regards to the Claim, including all cash, securities, instruments and other property, expressly including, without limitation, any future distributions on behalf of, relating to, or arising from the Claim from any and all sources, including, without limitation, from the distributions in the Case, and any other assets collected and distributed now or in the future in the Case, or outside the Case, by the Debtor or any other party, directly or indirectly, including without limitation, any rights to receive all payments in respect thereof, and all rights to receive any "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any and all actions, causes of action, proceedings, controversies, liabilities, obligations, suits, damages, claims, objections to claims, benefits of subordination of claims, demands, litigation and rights of any nature whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law equity, or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the commencement of the Case, or during the course of the Case, against Debtor, its Affiliates, any guarantor, or other third party, in the Court or any other court of competent jurisdiction, which may exist, be paid, or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claim Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase, sale, assignment and transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an amount not less than $17,427.13(the "Claim Amount"). For all purposes of this Agreement, the term "Affiliate" means any Person or entity, directly or indirectly, controlling, controlled by or under common control with such Person or entity. For all purposes of this Agreement, the term "Person" means an individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust, limited liability company, unincorporated organizations, government or agency or political subdivision thereof, or any other form of legal entity.

Tax Withholding Holdback. Notwithstanding any other provisions set forth in this Assignment or otherwise, Seller and Purchaser agree that the basis for the Claim is certain employee benefits and compensation owed to Seller by the Debtor, and any distributions on the Claim may be subject to withholding for tax or otherwise by the distributing entity ("Paying Agent"). Therefore, Purchaser will only be obligated to make payment to Seller under this Agreement of an amount equal to the Purchase Price multiplied by 70% - [redacted] (the "Initial Payment") and shall holdback an amount equal to the Purchase Price multiplied by 30% - [redacted] (the "Holdback Amount"). Upon receipt of any distribution (in any form) Purchaser shall determine if the Paying Agent withheld from the distribution for taxes or otherwise and, if so, what percentage of the total distribution payable on the Claim (the "Gross Distribution Amount") was received by Purchaser. If more than 70% of the Gross Distribution Amount was received by Purchaser, and Purchaser is satisfied that it will not incur any liability or exposure for any employment-related tax obligation or otherwise, then Purchaser shall make payment to Seller of the proportional amount of the Holdback Amount. (For the sole purpose of illustrating the repayment terms of the preceding sentence, and in no way limiting or altering any rights of the parties hereunder, if the Paying Agent withholds 25% of any Gross Distribution Amount, and Purchaser receives a distribution of 75% of the Gross Distribution Amount, Purchaser would make payment to Seller of an amount equal to the product of (A) 5% multiplied by (B) the Purchase Price).

Proof of Claim and Status of Claim. Seller represents and warrants that (check all that apply)

(i) X a proof of claim, Claim Number 7519 in the amount of $ 15,700.00 (the "Proof of Claim Amount") has been duly and timely filed in the Case.

For the avoidance of doubt, the term "Proof of Claim" shall include, unless expressly agreed to otherwise, (a) any and all multiple Proofs of Claim filed at any time, whether before or after the date of execution of this Agreement, by or on behalf of Seller in respect of the Claim and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be reduced such that Seller shall be paid the pro rata share of the Purchase Price based on the lower Proof of Claim Amount.

(ii) X the Proof of Claim Amount has been modified and [the Proof of Claim Amount] has been allowed in the amount equal to $ 17,427.13 by an Order Granting Debtors' ________ Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) filed on ________.

(iii) ____ the Proof of Claim Amount has not been allowed as of the date hereof.

Payment of Purchase Price. Purchaser shall pay the Purchase Price not later than five (5) business days after Seller's execution of this Agreement (the "Payment Deadline"). The Purchase Price shall be paid by wire (the "Payment"), and Seller shall receive the Payment by wire to a designated account provided by Seller. If Seller does not receive the Purchase Price by the Payment Deadline, the execution of this Agreement and all its terms and conditions shall be considered null and void.

Representations; Warranties and Covenants. Seller represents, warrants and covenants that, (a) Seller has full legal authority to enter into and perform its obligations under this Agreement and the execution, delivery and performance of this Agreement does not violate any applicable law, statute, regulation, ordinance, judgment, order or decree binding upon Seller and does not violate any contract or agreement to which Seller is bound, and no consents other than any consent which has already been obtained are required; (b) Seller owns and has sole title to the Claim free and clear of

any and all liens, security interests or encumbrances of any kind or nature whatsoever, including without limitation pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (c) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party; (d) the basis for the Claim is amounts validly due from and owing by the Debtor; (e) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed or threatened; (f) Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, proportionately less payments or distributions or any less favorable treatment than other similarly situated creditors; (g) the Claim is not subject to, and the Debtor, or any other third party, has no basis to assert the Claim is subject to, any action, cause of action, proceedings, controversies, liabilities, obligations, rights, suits, damages, claims, objections to claims, subordination, demands, defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in contract, law, equity, or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the commencement of the Case or during the course of the Case, including, but not limited to an action arising under chapter 5 of title 11 of the United States Code, including, but not limited to causes of action arising under §§ 502(d), 510, 542, 543, 544, 547, 548, 549, 550, and 553 of title 11 of the United States Code; (h) that Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101 (32) of the Bankruptcy Code; (i) Seller is not an "insider" of the Debtor, as set forth in the United States Bankruptcy Code § 101(31), or a member of any official or unofficial committee in connection with the Case; (j) Seller has delivered to Purchaser true, correct and complete copies of the Proof of Claim, and Seller further represents that there are no other documents, agreements, stipulations or orders that evidence or affect in any material way the Claim or Purchaser's rights thereunder that have not been provided, whether requested or not; (k) Seller is fully aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim; (l) except as set forth in this Agreement, neither Purchaser nor any of its agents or representatives have made any representation whatsoever to Seller regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor, or the Claim; (m) Seller has adequate information concerning the condition of the Debtor and the status of the Case to make an informed decision regarding the sale, assignment, and transfer of the Claim and has, independently and without reliance on any other party, made its own analysis and decision to enter into this Agreement; (n) no proceedings are pending or threatened against Seller before any court or relevant governmental authority (foreign or domestic) that could adversely affect this Agreement, the transactions contemplated hereby or the Claims; and (m) there has been no payment or other distribution received by Seller, or by any Affiliate or other third party on behalf of Seller or otherwise in respect of the Claims, in full or partial satisfaction of, or otherwise in connection with the Claims. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and accordingly, Purchaser shall be entitled to all available remedies as may be available to Purchaser for any such misrepresentation, breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution") including without limitation a "Restitution Payment", as further defined below.

Execution of Agreement. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser and; (b) the Agreement is executed by a proper representative of Purchaser.

Consent and Waiver. Seller hereby consents to and waives its right to any notices with respect to this Agreement, including, without limitation, any further notices with respect to the sale, assignment, and transfer of the Claim to Purchaser under any applicable rules or requirements of the Court or in the Case. Seller consents and shall not raise any objections with respect to the sale, assignment, and transfer of the Claim to Purchaser, whether pursuant to any order of the Court applicable to the transfer of the Claim, Rule 3001 of the Rules, or otherwise.

Claim or Recovery Impaired or Allowed for an Amount Less than Claim Amount. If all or any part of the Claim or Claim Amount is (a) avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever including without limitation a breach of any of the terms, conditions, representations, or warranties of this Agreement; or (b) the Claim is subsequently scheduled by Debtor or is amended such that all or any portion of the Claim is listed on the Debtor's amended schedule of liabilities as unliquidated, contingent or disputed or in a lesser amount than the Claim Amount or (c) if the Holdback Amount is less than the actual amount of any withholding for tax purposes, or any other related taxes or liabilities (each (a), (b) and (c) a "Disallowance"), then Seller, shall make immediate Restitution and repayment of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Claim Amount ("Restitution Payment"), no later than 10 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of nine (9%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

Notices (including Voting Ballots) Received by Seller; Further Cooperation. Seller agrees to immediately forward to Purchaser any and all notices in connection with the Case or the Claim, including, without limitation, those received from Debtor, the Court or any other court or governmental entity or any third party regarding the Claim assigned herein and to take such other action, with respect to the Claim, as Purchaser may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect and evidence the sale, assignment, and transfer of the Claim and to direct any payments or distributions, or any form of Recovery on account of the Claim to Purchaser, including the execution of appropriate notices, voting ballots, transfer powers and consents at Purchaser's sole discretion.

Recovery (including Cure Payments) Received or Delayed by Seller. In the event Seller (i) receives any interim or final distribution on account of the Claim, including the Recovery, or any portion thereof, on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery the same as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of nine (9%) percent per annum of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

Governing Law, Personal Jurisdiction and Service of Process. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, USA, notwithstanding any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County or

Nassau County, in the State of New York. Seller consents to and confers personal jurisdiction over Seller by any such court and agrees that Purchaser may validly effect service of process upon Seller by mailing a copy of said process to Seller's address set forth hereof in this Agreement. Seller irrevocably waives any right it may have to object to any action being brought in those courts, to claim that the action has been brought in an inconvenient forum, or to claim that those courts do not have jurisdiction. To facilitate judicial resolution and save time and expense, Seller irrevocably and unconditionally agrees not to demand a trial by jury in any action, proceeding or counterclaim arising out of or relating to this Agreement or any such other matter.

Indemnification. Seller further agrees to indemnify, hold harmless and reimburse Purchaser for all losses, costs and expenses, including, without limitation, all legal fees and expenses incurred by Purchaser as a result of, in connection with, or related to any (a) Disallowance, (b) Seller's breach of this Agreement, including without limitation any misrepresentation by Seller, and/or (c) litigation arising out of or in connection with this Agreement or in order to enforce any provision of this Agreement.

Miscellaneous. Seller agrees that this Agreement and all its terms are confidential and may not be disclosed without the prior written consent of Purchaser. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond. Each party expressly acknowledges and agrees that it is not relying upon, any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and the terms hereof are negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell or assign the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof. If any provision of this Agreement or the application thereof to any party or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to a party or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

Alina Mills ("Seller")

Signature: A Mills. Telephone: 919-599-9842

Print Name/Title: Alina Mills Fax:

Date: 9/10/2012 E-Mail: alina_russ@hotmail.com

Solus Recovery Fund LP ("Purchaser")

Signature: [signature] Telephone: 212-284-4300

Print Name/Title: Nicholas Signorile Fax:

Date: 9/17/12 E-Mail: