**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                      :
                      :       Chapter 11
*In re*                   :
                      :       Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]   :
                      :       Jointly Administered
            Debtors.   :
                      :       **RE: D.I. 9224, 9324**
                      :
---------------------------------------------------------X

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 105, 363 AND 1114 AND
FED. R. BANKR. P. 9019 APPROVING A SETTLEMENT
AGREEMENT WITH THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES**

Upon the motion dated December 31, 2012 (the "Motion"),[2] of Nortel Networks Inc. and

certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections

105(a), 363 and 1114 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the

Debtors' entry into and approving the settlement agreement (the "Settlement Agreement") with

the Official Committee of Retired Employees (the "Retiree Committee");

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Settlement Agreement, and if not defined in the Settlement Agreement the meaning ascribed to them in the Motion.

AND the Court having entered an *Order Approving Form and Methods of Notice of Hearing to Consider Settlement Agreement with the Official Committee of Retired Employees* [D.I. 9324] (the "Notice Procedures Order");

AND it appearing that good and sufficient notice of the Motion and the April 2, 2013 hearing (the "Approval Hearing") to consider the Motion having been given by the Debtors and the Retiree Committee pursuant to the Notice Procedures Order;

AND certain Retirees having provided documentation to the Retiree Committee prior to the Objection Deadline regarding their entitlement to additional Retiree Benefits and the potential extension of the Termination Date to June 30, 2013, which resulted or may result in the Retiree Committee preparing and mailing revised individual claim forms to all eligible Retirees increasing certain Retirees' allocation based on timely new information and adjusting all other Retirees' allocations as a result of that information (the "Revised Individual Claim Forms");

AND the Court having reviewed and considered the Motion, and all objections and pleadings filed in response thereto, and after due deliberation thereon, and good cause appearing therefore;

AND upon the record made at the hearing:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B.      Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

C.      The statutory predicates for the relief sought in the Motion are sections 105(a), 363(b) and 1114(e)(1)(B) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

D.      Notice of the Motion has been provided in accordance with and pursuant to the Notice Procedures Order to (i) the U.S. Trustee; (ii) counsel to the Retiree Committee; (iii) counsel to the LTD Committee; (iv) counsel to the Bondholder Group; (v) counsel to the UCC; (vi) holders of Retiree Claims; and (vii) the general service list established in these chapter 11 cases.

E.      Based upon the affidavits of service and publication filed with the Court: (a) notice of and service of the Motion, Settlement Notice and Publication Notice was adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings, and complied with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Notice Procedures Order, and (b) all interested persons and entities were afforded a reasonable opportunity to object and be heard with respect to the Motion, the Settlement Agreement, the termination of the Retiree Welfare Plans and all other relief requested therein.

F.      No further or other notice beyond that described in the foregoing paragraph is required in connection with the Motion.

G.      The negotiations among the parties and the process that resulted in the Settlement Agreement fulfills the requirements of section 1114(f) of the Bankruptcy Code.

H.      The Settlement Agreement fulfills the requirements of section 1114(e)(1)(B) of the Bankruptcy Code.

I.      The Settlement Agreement is based upon the most complete and reliable information available.

J.      The Debtors provided the Retiree Committee with relevant information necessary to evaluate the Settlement Agreement.

K.      The Debtors have met and been available to meet with the Retiree Committee at all reasonable times.

L.      The Debtors have conferred with the Retiree Committee in good faith.

M.      Termination of the Retiree Welfare Plans is necessary to permit the reorganization of the Debtors.

N.      The Settlement Agreement assures that all parties are treated fairly and equitably.

O.      The balance of the equities clearly favors termination of the Retiree Welfare Plans and the approval of the Settlement Agreement.

P.      The Debtors have demonstrated compelling and sound business justifications for termination of the Retiree Welfare Plans.

Q.      Approval of the Settlement Agreement is in the best interests of the Debtors and the Debtors' estates and creditors.

R.      The Settlement Agreement is fair and reasonable.

S.      The Debtors have demonstrated compelling and sound business justifications for entering into the Settlement Agreement and the legal and factual basis set forth in the Motion and at the hearing establishes good cause for the relief granted herein.

T.      The Retiree Welfare Plans are terminable by the Debtors in accordance with the terms of the Settlement Agreement and such termination does not give rise to any claim for damages against the Debtors above or beyond the terms of the Settlement Agreement.

U.      Upon termination of the Long-Term Disability Plans and the Retiree Welfare Plans, the Debtors do not maintain any group health plans for their employees.

V.      The Retiree Committee, as the authorized representative appointed under 11 U.S.C. § 1114(c), has satisfied and fulfilled all of its duties to the Retirees under 11 U.S.C. § 1114(c) and applicable non-bankruptcy law.

W.      The Retiree Committee, as the authorized representative under 11 U.S.C. § 1114(c), is the sole party with standing to enter into the Settlement Agreement and to settle and waive all claims arising out of the termination of the Retiree Welfare Plans and is authorized to perform the obligations, and to grant the Releases of the Retiree Committee under the Settlement Agreement.  No individual Retiree has standing to object to, or otherwise challenge, the Settlement Agreement (including the waiver of related claims).

X.      The Settlement Agreement does not constitute a sub rosa plan of reorganization and the entry into and performance under the Settlement Agreement does not constitute the solicitation of a vote on a plan of reorganization.

Y.      The Debtors' and the Retiree Committee's decision to enter into the Settlement Agreement is consistent with their fiduciary duties and does not give rise to any claim or remedy against the Debtors or the Retiree Committee or their respective directors, officers, employees, members, agents or advisors, except as may be expressly set forth in this Order or the Settlement Agreement; and it is therefore:

**ORDERED ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED and any objections thereto are OVERRULED.

2.      The Settlement Agreement attached as Exhibit 1 to this Order is approved in its entirety.

3.      The Settlement Agreement constitutes a binding and valid amendment to existing retiree health and welfare benefits, as permitted by 11 U.S.C. § 1114, or otherwise.

4.      The Debtors are authorized pursuant to sections 105, 363 and 1114 of the

Bankruptcy Code and Bankruptcy Rule 9019, to enter into the Settlement Agreement and to take

any and all actions that may be reasonably necessary or appropriate to perform their obligations

arising under the Settlement Agreement, including without limitation the payment of the

Settlement Amount.

5.      The Retiree Committee and its Successors are authorized and directed to take any

and all actions that may be reasonably necessary or appropriate to perform their obligations

arising under the Settlement Agreement, including, without limitation, implementing the

Apportionment Methodology by, among other things, preparing and mailing Revised Individual

Claim Forms to all eligible Retirees, granting the Releases contained in section 11 of the

Settlement Agreement, and taking such other actions as may be necessary or appropriate to

effectuate the provisions contained in the Settlement Agreement.

6.      All holders of Retiree Claims are hereby bound by the terms of the Settlement

Agreement and the Revised Individual Claim Forms, including pursuant to section 1114 of the

Bankruptcy Code and Bankruptcy Rule 9019.

7.      The Settlement Agreement shall be held to resolve the Retiree Claims, including

any and all potential claims arising from or related to the Retiree Welfare Plans, the

administration of the Retiree Welfare Plans, and the termination of the Retiree Welfare Plans,

and the Retiree Claims shall be enforceable only against the Settlement Amount, which shall be

the sole source of recourse for any and all Retiree Claims.

8.      Upon the Effective Date, for the good and valuable consideration provided by the

Debtors in connection with the Settlement Agreement, and except as provided for by the terms of

the Settlement Agreement, the Retiree Committee, each holder of a Retiree Claim and each of

his or her respective spouses, dependents, heirs, distributees, executors, administrators, officers, directors, agents, representatives, successors and assigns of his or her Retiree Claim, and each of the members of the Retiree Committee in his or her capacity as such (all, the "Retiree Parties") is hereby ordered to release and forever discharge the Debtors, their estates, the Retiree Welfare Plans, the Retiree Welfare Plan administrators, the members of all Nortel benefit plan committees (including, without limitation, the Employee Benefits Committee, the Joint Leadership Resources Committee, the Compensation and Human Resources Committee and any predecessors thereto), the Official Committee of Unsecured Creditors (the "UCC") and the ad hoc group of bondholders that has been organized (the "Bondholder Group") and each of their respective past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, administrators, liquidators, directors, officers, employees, managers, agents, attorneys, solicitors, trustees, fiduciaries, accountants and advisors, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all Retiree Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Retiree Parties now have, had, may have had, or hereafter may have against any of the Debtor Releasees.  This Order provides for and effectuates a discharge of the Debtor Releasees to the full extent permitted by applicable law with respect to any and all Retiree Claims.

9.     Upon the Effective Date, except as provided for by the terms of the Settlement Agreement, the Debtors, their estates, successors and assigns (the "Debtor Parties") are hereby ordered to release and forever discharge the Retiree Parties and all of their advisors (the "Retiree Releasees") from any and all Retiree Claims and Untimely Run Off Claims, whether known or

unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or

present, fixed or contingent, liquidated or unliquidated, that the Debtor Parties now have, had,

may have had, or hereafter may have against any of the Retiree Parties (the "<u>Retiree Released</u>

<u>Claims</u>").  This Order provides for and effectuates a discharge of the Retiree Releasees to the full

extent permitted by applicable law with respect to any and all Retiree Released Claims.

10.     While the Retiree Parties and the Debtors may discover or appreciate claims,

issues, or concerns in addition to or different from those that they now know or believe to exist

with respect to the Retiree Claims, which if known or suspected at the time of execution of the

Settlement Agreement, might have materially affected the settlement embodied therein, the

Settlement Agreement shall still govern and the agreements and releases contained therein and in

this Order shall still apply to any such additional or different claims, issues, or concerns.

Notwithstanding the provisions of California Civil Code section 1542 ("**<u>A GENERAL</u>**

**<u>RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT</u>**

**<u>KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF</u>**

**<u>EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE</u>**

**<u>MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.</u>**"), Cal.

Civ. Code § 1542 (West 2012) (emphasis added), the Debtors, all holders of Retiree Claims, the

Retiree Committee, and all other Debtor Releasees and Retiree Releasees are entitled to the

releases granted in this Order.

11.     The Debtors, their successors and any of their affiliates, as well as their respective

directors, officers, employees and agents, do not and will not have any obligation, responsibility

or liability, in their capacity as a debtor, former employer or in any other capacity whatsoever,

under the Employee Retirement Income Security Act of 1974, as amended ("<u>ERISA</u>") or the

U.S. Internal Revenue Code of 1986, as amended (the "<u>Tax Code</u>") (each of which shall include regulations and other published guidance thereunder), in connection with, related to or arising out of the establishment, operation or termination of any plan, agreement, arrangement, program or commitment by the Retiree Committee, the VEBA or the LLC to pay, reimburse or otherwise provide for any benefit to the holders of Retiree Claims or their beneficiaries, heirs or assigns, including without limitation any benefit described in section 3(1) of ERISA.  The Retiree Committee or its Successors shall designate, appoint or otherwise cause to exist, the plan sponsor, trustee and fiduciaries of each such plan, program, arrangement, agreement or commitment to the extent and in the manner consistent with ERISA and the Tax Code, who collectively shall be solely responsible for any obligation, responsibility or liability arising under ERISA or the Tax Code in respect of any such plan, program, arrangement, agreement or commitment.

12.    The Debtors and the Retiree Committee and its Successors (i) may rely on the Settlement Agreement as a basis for objecting to individual proofs of claim to the extent that such individual proofs of claim are inconsistent with the Settlement Agreement (the "<u>Objectionable Proofs of Claim</u>"), (ii) shall be parties in interest with a right to object or support an objection to any Objectionable Proof of Claim and be heard at any hearing regarding the adjudication of an Objectionable Proof of Claim, without otherwise limiting or superseding the rights of the Debtors or any other party in interest to have standing and to support or object and to be heard at any hearing with respect to such Objectionable Proofs of Claim, and (iii) the Retiree Committee and its Successors have the right to assert any defense or bar to liability that would have been available to the Debtors against an Objectionable Proof of Claim asserted against the Debtors that relates to the rights and obligations of the Retiree Committee and its

Successors to allocate or distribute the Settlement Amount being paid under the Settlement

Agreement.  For the avoidance of doubt, all proofs of claim listed on Exhibits 2 and 3 to the

Settlement Notice and any Retiree Claims scheduled by the Debtors shall be deemed expunged

as of the date of this Order without further action by the Debtors (and the Debtors' claims agent

will be authorized to make an appropriate notation on the Official Claims Register maintained in

the Debtors' cases, as necessary).

13.    This Settlement Agreement is being entered into, and the payment of the

Settlement Amount is being made, in full and final satisfaction of the Retiree Claims and upon

the occurrence of the Effective Date shall supersede any prior obligations of the Debtors relating

to the provision of Retiree Benefits or payment of Retiree Claims under the Retiree Welfare

Plans, such that from and after the Effective Date, the Retiree Committee and all holders of

Retiree Claims shall be forever estopped and barred from seeking further relief pursuant to

section 1114(g) of the Bankruptcy Code related to the Retiree Welfare Plans, the Retiree Claims

or the Settlement Agreement.

14.    After the Effective Date, the Retiree Committee shall exist solely for the purpose

of providing LTD Employee Information, enforcing and implementing the Settlement

Agreement and administering the allocation, distribution and payment of the Settlement Amount

to the holders of Retiree Claims, or transitioning any of the foregoing responsibilities to a

Successor, and shall cease to exist upon the date of distribution of the entire Settlement Amount

to the LLC.  The Debtors shall not be liable to pay fees, expenses or costs incurred by the Retiree

Committee or its professionals, advisors, Successors, designees or agents after the Effective

Date, which amounts shall instead be paid out of the Settlement Amount. The costs and expense

of the preparation and mailing of the Revised Individual Claim Forms shall not constitute

Settlement Administrative Costs.  The Debtors shall be liable to pay fees, expenses or costs

incurred by the Retiree Committee, its professionals, advisors, Successors, designees or agents

(i) in connection with the preparation and mailing of the Revised Individual Claim Forms and

(ii) after the Effective Date to the extent that such fees, expenses or costs are incurred in

connection with the drafting or presentation of LTD Employee Information, subject to approval

of such fees, expenses or costs by the Bankruptcy Court.  For the avoidance of doubt, the

Debtors shall not be liable to pay fees, expenses or costs incurred by the Retiree Committee or its

professionals, advisors, Successors, designees or agents in connection with the Settlement

Administration Costs, whenever incurred.

15.    It is hereby ordered that the Settlement Amount paid by NNI will not be subject to

withholding for taxes and the Debtors will not withhold any amounts on behalf of any person

with respect to the Settlement Amount or any allocation thereof.  The Debtors are entitled to rely

on this Order in good faith in withholding taxes and issuing form W-2s and shall have no

liability relating to the withholding of taxes or the issuance of form W-2s.

16.    The failure to specifically describe or include any particular provision of the

Settlement Agreement in this Order shall not diminish or impair the effectiveness of such a

provision, it being the intent of this Court that the Settlement Agreement be approved in its

entirety.

17.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the

terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors

are not subject to any stay in the implementation, enforcement or realization of the relief granted

in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any

action and perform any act authorized under this Order.

18.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Settlement Agreement**

**Attached to the Motion as Exhibit B**