```
                   IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE


IN RE:                          )   Case No. 09-10138(KG)
                                )   (Jointly Administered)
NORTEL NETWORKS, INC.,          )
      et al.,                   )   Chapter 11

                                )   Courtroom 3
                                )   824 Market Street
             Debtors.           )   Wilmington, Delaware
                                )
                                )   March 27, 2013
                                )   2:29 p.m.

                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JUDGE KEVIN GROSS
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: DEREK ABBOTT, ESQ.
                          BY: ANN CORDO, ESQ.
                          1201 North Market St., 18th Floor
                          Wilmington, DE  19899-1347
                          (302) 351-9357


                          Cleary Gottlieb Steen & Hamilton
                          BY: LISA SCHWEITZER, ESQ.
                          One Liberty Plaza
                          New York, NY  10006
                          (212) 225-2000



ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES, LLC
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For the Creditors'          Richards Layton & Finger
Committee:                  BY: CHRIS SAMIS, ESQ.
                            One Rodney Square
                            920 North King Street
                            Wilmington, DE  19801
                            (302) 651-7531

                            Akin Gump Strauss Hauer & Feld
                            BY: DAVID BOTTER, ESQ.
                            BY: FRED HODARA, ESQ.
                            One Bryant Park
                            New York, NY  10035
                            (212) 872-1000

For the EMEA
Debtors, Joint
Administrators:             Hughes Hubbard & Reed LLP
                            BY: DEREK ADLER, ESQ.
                            One Battery Park Plaza
                            New York, NY  10005
                            (212) 837-6068

For U. S. Trustee:          Office of the U. S. Trustee
                            BY: MARK KENNEY, ESQ.
                            844 King Street, Ste. 2207
                            Lockbox 35
                            Wilmington, DE  19801
                            (302) 573-6491

For Monitor, Ernst &
Young:                      Buchanan Ingersoll & Rooney, PC
                            BY: KATHLEEN A. MURPHY, ESQ.
                            1105 North Market St., Ste. 1900
                            Wilmington, DE  19801-1054
                            (302) 552-4214

                            Allen & Overy
                            BY: LAURA HALL, ESQ.
                            BY: DANIEL GUYDER, ESQ.
                            1221 Avenue of the Americas
                            New York, NY  10020
                            (212) 610-6417

APPEARANCES:
(Continued)

For UK Pension
Interests:                  Bayard, PA
                            BY: JUSTIN R. ALBERTO, ESQ.
                            222 Delaware Ave., Ste. 900
                            Wilmington DE  19899
                            (302) 429-4226


                            Willkie Farr & Gallagher, LLP
                            BY: BRIAN O'CONNOR, ESQ.
                            787 Seventh Avenue
                            New York, NY  10019-6099
                            (212) 728-8000

For Law Debenture:          Morris James LLP
                            BY: STEPHEN M. MILLER, ESQ.
                            500 Delaware Avenue, Ste. 1500
                            Wilmington, DE  19801-1494
                            (302) 888-6853

For Ad Hoc Bondholder
Committee:                  Milbank Tweed Hadley & McCloy
                            BY: DENNIS DUNNE, ESQ.
                            BY: AL PISA, ESQ.
                            One Chase Manhattan Plaza
                            New York, NY  10005
                            (212) 530-5000

For Informal Committee:     DLA Piper, LLP, U.S.
                            BY: SELINDA A. MELNIK, ESQ.
                            919 N. Market St., Ste. 1500
                            Wilmington, DE  19801
                            (302) 468-5650


TELEPHONIC APPEARANCES:

For Nortel UK:              Willkie Farr & Gallagher, LLP
                            BY: ANDREW HANRAHAN, ESQ.
                            (212) 728-8179

For Aurelius:               Kramer Levin Naftalis & Frankel,
                            LLP
                            BY: ANASTASHIA KAUP, ESQ.
                            (212) 715-9100

TELEPHONIC APPEARANCES:
(Continued)

For Ad Hoc Committee:        Milbank Tweed Hadley & McCloy
                             BY: CINDY DELANO, ESQ.
                             (212) 530-8978

For Bank of America:         Bank of America
                             BY: ESTHER CHUNG
                             (646) 855-6705

For U.S. Debtors
& Canada:                    Torys
                             BY: SCOTT BRUMHOF
                             (416) 865-7370

For Official Committee
Of Unsecured Creditors:      Akin Gump Strauss Hauer & Feld
                             BY: BRAD KHAN, ESQ.
                             (310) 552-6431
                             BY: ABID QURESHI, ESQ.
                             (212) 872-1000

For Law Debenture            Patterson Belknap Webb & Tyler
Trust Company of NY:         BY: DANIEL A. LOWENTHAL, ESQ.
                             (212) 336-2720

For Interested Party:        Barclays Capital, Inc.
                             BY: OLIVIA MAURO
                             (212) 412-6773

For Interested Party:        Aurelius Capital Management, LP
                             BY: MATTHEW A. ZLOTO
                             (646) 445-6518

For Monitor, Ernst &
Young:                       Allen & Overy, LLP
                             BY: JOSEPH BADTKE-BERKOW, ESQ.
                             (646) 344-6563

                             Gowlings Lafleur & Henderson LLP
                             BY: JENNIFER STAM, ESQ.
                             (416) 862-5697

For Interested Party:        Solus, LP
                             BY: STEPHEN BLAUNER
                             (212) 373-1562

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:      Jeffries & Company
                           BY: JUSTIN BRASS
                           (203) 708-5847


For Creditor:              Silver Point Capital
                           BY: MATTHEW EHMER
                           (203) 542-4219

For Nortel Networks
UK Pension Trust:          Hogan Lovells International, LLP
                           BY: ANGELA DIMSDALE GILL, ESQ.
                           (212) 728-3135

For Joint
Administrators:            Lax O'Sullivan & Lisus
                           BY: MATTHEW GOTTLIEB, ESQ.
                           (416) 598-1744

                           Herbert Smith
                           BY: RICHARD LAWTON, ESQ.
                           BY: KEVIN LLOYD, ESQ.
                           BY: JOHN WHITEOAK, ESQ.
                           (302) 571-6710

                           Davies Ward Phillips & Vineberg LLP
                           BY: ROBIN SCHWILL, ESQ.
                           (416)863-5502

For Nortel Networks
UK Joint Administrators: Ernst & Young
                           BY: STEPHEN HARRIS, ESQ.
                           (302) 571-6710

                           Herbert Smith
                           BY: DAN MINDEL, ESQ.
                           (302) 571-6710

For Nortel UK:             Hughes Hubbard & Reed, LLP
                           BY: CHARLES HUBERTY, ESQ.
                           (212) 837-6045

For Nortel Cont.
Employees:                 Shibley Righton, LLC
                           BY: ARTHUR JACQUES, ESQ.
                           (416) 214-5213

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:        Deutsche Bank
                             BY: JAMES MACINNIS
                             (212) 250-2578

For Ernst & Young:           Goodmans, LLP
                             BY: JOSEPH PASQUARIELLO, ESQ.
                             (416) 979-2211
                             BY: BENJAMIN ZARNETT, ESQ.
                             (416) 597-4204

For Debtor, Nortel
Networks, Inc.:              Cleary Gottlieb Steen & Hamilton
                             BY: LAUREN PEACOCK, ESQ.
                             9212) 225-2873

For Bank of New York:        Latham & Watkins, LLP
                             BY: MICHAEL J. RIELA, ESQ.
                             (212) 906-1373

For Former Employees
Of Nortel (Canada):          Koskie Minsky LLP
                             BY: MARK ZIGLER, ESQ.
                             (416) 542-6288

1          THE CLERK:  Please rise.

2          THE COURT:  Good afternoon, everyone.  Thank you.

3  Please be seated.  And good morning -- good afternoon,

4  Mr. Abbott.

5          MR. ABBOTT:  Good afternoon, Your Honor.  Derek

6  Abbott of Morris Nichols here for the U.S. Debtors.

7          THE COURT:  Yes.

8          MR. ABBOTT:  Your Honor, we first want to thank

9  the Court for making itself available for this status

10  conference.  I'm not sure if Your Honor has had a chance to

11  look at the docket, but there's been a flurry of letter

12  submissions presently in Canada with some informational

13  submissions --

14          THE COURT:  Yes.

15          MR. ABBOTT:  -- here.  The U.S. Debtors thought,

16  Your Honor, it might be prudent to spend a few minutes with

17  the Court explaining what some of the issues are that are

18  swirling around so that as we sort of wrestle through this

19  protocol process, Your Honor's well armed to do what needs

20  to be done.  And with that, Your Honor, I'll cede the podium

21  to Ms. Schweitzer.

22          THE COURT:  Thank you.  Yes?  Good afternoon.

23          MR. GUYDER:  Good afternoon, Judge Gross.  Dan

24  Guyder from Allen & Overy on behalf of E & Y --

1           THE COURT:  Yes, sir.

2           MR. GUYDER:  -- the Canadian Monitor.  I

3    appreciate the introduction that Mr. Abbott just offered and

4    wanted to just clarify one point for purposes of what we

5    intend to cover today, and that was characterized as a

6    status conference.  And when we discussed yesterday the

7    scheduling issues, the suggestion was that we might unpack

8    some of the letters that have been filed over the last

9    couple of days and --

10          THE COURT:  Yes.

11          MR. GUYDER:  -- you know, we're certainly happy

12   to participate in the status conference, but to the extent

13   that were going to delve into the substance of some of the

14   open issues and disputes, we think those are matters really

15   that are more appropriate in the context of a joint hearing

16   and would just remind the Court that Justice Morawetz is not

17   available to participate in today's conference.  And to the

18   extent there's any expectation that we'll start discussing

19   the substance of the various open issues, we think it would

20   be more appropriate to do that as a joint hearing --

21          THE COURT:  Well, I did --

22          MR. GUYDER:  -- and would ask Your --

23          THE COURT:  -- note from the submissions that I

24   received submissions to Justice Morawetz that there had been

25   a request for a joint hearing this week, and I had not been

1  aware of that.  And I don't know if Justice Morawetz

2  himself, frankly, was fully aware of it.  He and I are

3  scheduled to talk tomorrow morning.  So this may prove

4  somewhat helpful, but I do understand what you're saying.

5          MR. GUYDER:  Okay.  Thank you, Your Honor.

6          THE COURT:  You bet.  Ms. Schweitzer, good

7  afternoon.

8          MS. SCHWEITZER:  Good afternoon, Your Honor.

9  Lisa Schweitzer from Cleary Gottlieb for the U.S. Debtors.

10 Mr. Guyder might have stolen my opening line, which is this

11 is the first time I've come in front of a Judge asking for

12 nothing.

13         THE COURT:  Right.

14         MS. SCHWEITZER:  Really the purpose, Your Honor,

15 is maybe just to address kind of the conversation that was

16 just had, which is that we have been in the process over the

17 last week or two of making submissions to Justice Morawetz

18 about things that in fact everyone in the room believes

19 should be heard at a joint hearing but also should be

20 presented to both Courts.  And the Debtors' intention and

21 the UCC's intention in asking for a status conference today

22 was to discuss issues at the highest level just so you

23 understand why things are being filed on the docket and to

24 make sure that you are in the loop as to what is happening.

25         THE COURT:  I appreciate that.

1             MS. SCHWEITZER:  But on the other hand, not to

2    seek to obtain relief from you, and it is more to make sure

3    this is a joint hearing coming down to the U.S. --

4             THE COURT:  Yes.

5             MS. SCHWEITZER:  -- and that everyone's equally

6    in the loop and receiving the same information such that

7    arrangements can be made going forward --

8             THE COURT:  Exactly.

9             MS. SCHWEITZER:  -- to proceed in an orderly

10   manner.  So --

11            THE COURT:  I know -- by the way, you should know

12   we are ready to issue, you know, the Written Opinion and

13   Order relating to the allocation process, the Allocation

14   Protocol.  So that's --

15            MS. SCHWEITZER:  Right.

16            THE COURT:  It should be out perhaps I'm hoping

17   tomorrow.

18            MS. SCHWEITZER:  That's great news for everyone

19   involved and maybe makes this more timely that we can get to

20   the next steps.

21            THE COURT:  Sure.

22            MS. SCHWEITZER:  First, Your Honor, we do

23   appreciate you taking the time, and it's our intention to

24   keep this brief and obviously give everyone an opportunity

25   to be heard.  What I'd like to do is just attempt to give

1  you some background again to the submissions just so you

2  have the context of what you and Judge Morawetz can be

3  talking about and what we collectively think are the next

4  steps.

5          THE COURT:  Yes.

6          MS. SCHWEITZER:  I'll say in the beginning -- I'm

7  sure I'll say that -- and again, I'll probably overstate or

8  understate someone's position or leave off something on

9  someone's list and it's -- everyone's rights are reserved.

10 This is really just intended to be background without

11 prejudice to anyone or without trying to make findings on

12 anyone's behalf.  And certainly, as the submissions show,

13 everyone thinks that initial discussions should be on a

14 joint basis --

15         THE COURT:  Yes.

16         MS. SCHWEITZER:  -- as it relates to the

17 allocation.

18         THE COURT:  And I'm assuming others will be

19 speaking?

20         MS. SCHWEITZER:  Yes.

21         THE COURT:  Okay.

22         MS. SCHWEITZER:  We have every intention to allow

23 everyone in the courtroom.  We invited everyone with the

24 intention that everyone has an opportunity to be heard.

25         THE COURT:  Very well.

1          MS. SCHWEITZER:   The -- just so Your Honor has a

2  context is that when we were last in front of Your Honor on

3  Valentine's Day, we had the argument on the Allocation

4  Protocol and whether that would be adopted.   The next day,

5  Your Honor and Justice Morawetz had a telephone conference

6  with everyone at which time Justice Morawetz issued an

7  endorsement and Your Honor also made statements in the

8  record saying full decision would come later but that you

9  indicated your inclination to adopt that Allocation Protocol

10  as is.

11          And then Justice Morawetz, in his endorsement,

12  had directed the Canadian Monitor to coordinate input from

13  the parties with respect to a litigation schedule --

14          THE COURT:   Yes.

15          MS. SCHWEITZER:   -- without further detail.

16          THE COURT:   And I had invited that, I think,

17  earlier and received those submissions.

18          MS. SCHWEITZER:   Right.   You had invited --

19  correct.   And before the Allocation Protocol I think you had

20  asked for an open list of issues, which is a little more

21  encompassing --

22          THE COURT:   Yes.

23          MS. SCHWEITZER:   -- possibly.   And so what

24  happened after that was that the Monitor did send around a

25  proposed litigation schedule the following Friday -- it was

1    Friday afternoon, the 22nd -- and indicated that they

2    intended to submit their schedule to Justice Morawetz the

3    following Wednesday, which would be last Wednesday, the

4    27th, and so that anyone who wanted an opportunity to have

5    their views considered by the Monitor should submit those

6    views to the Monitor.  And I think that those submissions in

7    part are reflected in the bundles that went to Justice

8    Morawetz and that it appeared you weren't copied on them so

9    the U.S. Debtors had filed them --

10            THE COURT:  Yes.

11            MS. SCHWEITZER:  -- on your docket as well just

12   so you were input -- in the loop on what was happening.

13            THE COURT:  Absolutely.

14            MS. SCHWEITZER:  In -- so the documents

15   circulated -- and this isn't meant to be critical; this is

16   just a factual report -- went beyond just a list of dates of

17   a litigation schedule as, you know -- we always have

18   ambitious goals and so that they included other issues in

19   terms of bringing in the claims and the claims meaning

20   claims against the U.S. Debtors, claims against the Canadian

21   Debtors with respect to the EMEA Debtors --

22            THE COURT:  Yes.

23            MS. SCHWEITZER:  -- claims against us, which have

24   some ties to the Allocation Protocol and also U.K. Pension

25   claims brought against the U.S. Creditor -- U.S. Debtors and

1   Canadian Debtors, which, right now, are not covered by the

2   Allocation Protocol.  This -- and it purported to override

3   certain prior Orders of the Court and possibly the Cross-

4   Border Claim Orders.  We're not sure we're right, but

5   there's a reference that this is going to be the new regime

6   going forward not only for Allocation but for claims as

7   well.

8           THE COURT:  And it's my sense that the U.S.

9   Debtors were seeking a combined hearing on all of these

10  issues and that the EMEA Debtors wanted it to proceed --

11  they wanted them to proceed separately.

12          MS. SCHWEITZER:  Right.  I think that there are a

13  couple nuances to that and I'd like to step through them in

14  turn.  I think that there's a -- there's two different

15  issues of physically how is there going to be a hearing --

16          THE COURT:  Yes.

17          MS. SCHWEITZER:  -- the Allocation Protocol says

18  there will be one hearing, and then on the claims, to the

19  extent that there are claims testimony or evidence that only

20  relate to one of the Debtors, that Your Honor or Justice

21  Morawetz can have a separate hearing, that it's joint

22  hearings by convenience or overlap with allocation issues

23  being that if you're going to call the same witness three

24  times to prove the same point in allocation in Canadian

25  claims and in U.S. claims, you can do that once, right?  And

1  that's what the Allocation Protocol provides.  It doesn't

2  provide a full one ball of wax necessarily, right?

3             THE COURT:  Yes.

4             MS. SCHWEITZER:  And then -- so I think that

5  there are different permutations, and I'll walk through --

6  again, not to argue final views, but just to give you a

7  flavor of how that plays out in the documents going back-

8  and-forth.

9             THE COURT:  Okay.

10            MS. SCHWEITZER:  But that was one of the issues.

11 I think the second document that was circulated, which again

12 I think is helpful in theory but raises additional issues is

13 a discovery plan, right?  And again encompassing not only

14 the Allocation Protocol, but things that would normally be

15 in a U.S. Scheduling Order for U.S. claims or in an

16 equivalent for Canadian claims.

17            And again, to the extent that we can further

18 coordinate and simplify and avoid redundancies and improve

19 efficiencies, that's all great, but there is a larger set of

20 documents floating around, which of course leads to a larger

21 set of feedback, maybe if we could use a nice word on it.

22 It's --

23            THE COURT:  Controversy might be another word --

24            MS. SCHWEITZER:  Controversy, right.

25            THE COURT:  Yes.

1          MS. SCHWEITZER:  And so the parties have been

2    exchanging letters.  I think, as you'll see in the letters,

3    people have been saying like, look, we -- there are some

4    things we may never agree on.  There are some things we

5    might agree on.  We're going to work in good faith and I

6    think we will likely need to come back to your -- both

7    Courts to discuss how to resolve issues that aren't agreed

8    upon and we'll need a date to do that.  And that's certainly

9    -- should be a joint hearing that in -- and I think every

10   submission is in agreement on that.  So -- and one thing we

11   all agree on is we like both of you so --

12          THE COURT:  Okay.  Okay.

13          MS. SCHWEITZER:  But I think when I try to

14   describe or encapsulate the discussion I just think of like

15   the Rubik's cube as, you know, here it asks for a litigation

16   schedule.  We're going to solve blue first, right, and we

17   got our nice little blue square; we can all solve blue.

18   Here's a fall trial date, here's a couple steps, but then we

19   start solving some of these secondary issues about core

20   parties and the type of discovery and someone solving the

21   green side and it's messing up the red side and --

22          THE COURT:  That's --

23          MS. SCHWEITZER:  -- you know, someone's giving

24   new instructions, your little brother's moving the stickers

25   around to make things fit and -- so that's kind of where we

1    are right now is everyone's playing with this cube and sort

2    of trying to move it around, but of course, there's natural

3    tensions in it.

4                THE COURT:  And there are many permutations.

5    That's part of the problem.

6                MS. SCHWEITZER:  Indefinite.  Of course.

7                THE COURT:  Yes.  Yes.

8                MS. SCHWEITZER:  And so -- but I think that to

9    kind of just give you a flavor again of some of the major

10   points, I think the first point is let's get going, right,

11   which of course we've been waiting for your ruling and

12   that's great to hear that that's going to happen --

13               THE COURT:  And one of the reasons we issued the

14   oral ruling as we did was in the hope that the parties would

15   sort of be able to get going, knowing what was coming, that

16   there wasn't any secret to that.

17               MS. SCHWEITZER:  Exactly.  And it's really

18   greatly appreciated because it has fostered the beginning of

19   this discussion, which has been helpful to flesh out the

20   issues.  And I think that on the let's-get-going side, I

21   think that on the allocation submissions, I think the next

22   step is -- as contemplated by the Allocation Protocol --

23   that everyone puts in opening papers.

24               THE COURT:  Yes.

25               MS. SCHWEITZER:  I think that the U.S. Debtors

1  and Canadian Debtors and probably anyone in the room would

2  agree that it has to be some sort of moving paper because

3  there's no -- it's not necessarily a complaint but it would

4  be, well, we in the U.S. in -- said in our letters a Motion

5  to, you know, for declaration of acceptance of your

6  Allocation Protocol, but there's a moving paper just so

7  issue is joined.  And then the U.S. and Canadian Debtors

8  have suggested April 15th as the date that that would -- a

9  deadline that could be imposed for that.

10  The Canadian Debtors further -- the Monitor had

11  further suggested that there be responsive pleadings by

12  April 25th.  I think we didn't in our schedule have

13  responsive pleadings.  You could argue they're crossmosive

14  [ph] responses to each other, opportunities to respond.  I

15  don't know that I -- people might feel differently about

16  that, but if there are responsive pleadings, I think the

17  proposal was it goes quickly and then the next steps after

18  that are discovery.

19  But I think that that is -- it's -- the -- I

20  assume that the next step would be as part of the Order, as

21  you suggested, that there be some sort of open -- you know,

22  deadline for filing opening pleadings, which gets to the

23  next question of who are the people making these filings?

24  THE COURT:  Yes.

25  MS. SCHWEITZER:  And the Allocation Protocol had

1  used the term core parties, right --

2          THE COURT:  Yes, it did.

3          MS. SCHWEITZER:  -- that there shall be core

4  parties.  And the way I tend to think about that is a ring

5  fence of the -- you know, the absolute people that are in

6  the room for step one, right?  And so the ring fence core

7  parties that have been firmly established are the three

8  Estates, the Unsecured Creditor Committee, the Bondholder

9  Group, the Monitor, the Joint Administrator, and what we

10 call the triple C's, which the triple C's are actually not a

11 formal committee.  It's a name we've given them along the

12 way.  But they're a group of Canadian Creditors.

13          Justice Morawetz in his endorsement also said

14 that the Indentured Trustees would be deemed a core party.

15 I don't think we have a formal ruling from Your Honor on

16 that side, but that if they were included, they would be

17 another party.  They certainly asked to be included.  And

18 then the U.K. Pension --

19          THE COURT:  Yes.

20          MS. SCHWEITZER:  -- claimants also have asked to

21 be a core party as well, and they believe the Monitor wrote

22 a letter saying that they would be okay with the U.K.

23 Pension claimants being included in the core party.  I think

24 it kind of goes back to the point that Your Honor was

25 raising is, you know, for what purposes and how do these

1  different proceedings work together?

2          So I think that the second point that's been

3  floating around is how do these proceedings work together

4  and what is the role of the core party?  When you look at

5  the Allocation Protocol, the core party is used as the, as I

6  said, the ring fence parties that have the right to

7  participate in the dispute regarding the allocation of sale

8  proceeds, right?

9          THE COURT:  Yes.

10          MS. SCHWEITZER:  And so it doesn't -- the

11  Allocation Protocol says there will be this allocation

12  dispute resolved and then there'll be separate intercompany

13  claims, resolutions done by the Cross-Border Claims

14  Protocols, but to the extent that there's a -- that we

15  acknowledge that we intend to move to dismiss those claims

16  and that there will be these overlapping hearings, that

17  whether you're ruling separately on the claims, as I think

18  you would, and Justice Morawetz would rule on his claims

19  separately, that for the purposes of coordination, that they

20  can be, you know, heard at the same time, right?

21          And obviously, that leads to other opportunities

22  for synergies.  The Allocation Protocol doesn't contemplate

23  it but there are opportunities that the parties agree we

24  also could, you know, use common discovery requests or

25  common depositions, you know, put the documents in one room.

1   And we have opportunities that we as parties can agree to

2   recognize further synergies, but they're not spelled out in

3   the Allocation Protocol.

4           What we've gotten since that time is -- one thing

5   that we got in the -- this week was the triple C's asking to

6   be -- that they told us they intend to appear in the U.S. as

7   parties in interest in the U.S. cases and to be included in

8   the allocation dispute and the resolution of the EMEA and

9   U.K. Pension claims as well.

10          I think that, as I said, we look at this -- and I

11  think that the views -- and again, I'm not looking to ask

12  for a ruling on this, but the lay of the land as I would see

13  it -- and I'm sure I'm going to leave someone out or

14  mischaracterize slightly -- is the Canadian Debtors do view

15  this as, you know, in the documents that follow the

16  Allocation Protocol, one big ball of wax, right?  You have

17  to just do it all at once, everyone gets to do everything.

18  You have the same rules apply to all of this, right, that

19  the evidentiary rules and everything crossover.  It all

20  happens at the same time in one big hearing, and then

21  there's one ruling.

22          EMEA Debtors and U.K. Pension folks are on the

23  other side, which is we're claimants, right, and we've made

24  claims in the individual courts.  The U.K. Pension claimants

25  would point out that while the U.S. Debtors propose to

1    include them in the Allocation Protocol, the Canadian

2    Debtors insisted on adopting it as is.  We're out on the

3    other side.  We're willing to work coordinating but this is

4    different.

5         I think the U.S. Debtors are probably in the

6    middle of that, which is that we certainly would request

7    that the bankruptcy rules be filed, the separateness of the

8    proceedings be respected, right, and that if it's a U.S.

9    claim, it's subject to U.S. evidentiary rules.  The parties

10   in interest for that purpose of that claim might be

11   different than the parties in interest for allocation.

12        And if there's room for synergies, that's

13   wonderful, but it doesn't mean that it's -- we've --

14   somehow, by creating an Allocation Protocol, have ceded our

15   ability to have U.S. rules apply to in liquidating the

16   claims.  So I think that's probably the spectrum of views

17   and that comes -- that navigates through this later

18   Protocol.

19        I think for the opening gun of who gets to file

20   an Allocation Protocol, core parties can file that and it's

21   not necessarily determinative of that entire chain, but I

22   think that there's a sensitivity around that and there's a

23   tug-of-war between the parties as to what they legally think

24   is possible and also, quite frankly, with they prefer and

25   then the overlay of what's practical if we can find room for

1    synergy on that.

2            I think -- as I said that then in terms of the

3    claims coming in or out, it gets to the how -- you know, the

4    first -- the mechanics of how these hearings are going to

5    happen, and then it does get to the question, at least in

6    the U.S. Debtors' eyes, of who has the right to participate

7    in the litigation of each of these claims.  And I think it

8    doesn't so far mean in the Protocol's exchange about who

9    gets access to documents or who gets copies of deposition

10   transcripts.  I think the idea is that all the documents get

11   pooled together.

12           THE COURT:  Um-hum.

13           MS. SCHWEITZER:  What it comes down to is how

14   many people have the right to serve on the U.S. Debtors or

15   on the U.K. Pension claimants their own document request?

16   Do they have to have an -- file an objection?  Do they have

17   to the right to file an objection?  Do they have to have --

18   what we would normally call standing in the U.S. Courts,

19   right, Constitutional standing, you're a party in interest

20   in the U.S. Courts?  And do they have the right to file

21   submissions when their interest may not even be aligned with

22   either the claimant or the U.S. Debtors, right?

23           They might -- for example, the triple C's, as I

24   said, we've given them this name but they really could

25   really be called the A, B, C, D, E's.  They're not an

1  official committee in Canada.  They're not a fiduciary

2  committee in Canada.  They're not actually in fact a

3  committee.  They're a loose conglomerate of individual

4  Canadian claimants, including long-term disabled employees,

5  current employees or transferred employees, pension

6  regulators, pension administrators.  It's -- a Canadian

7  autoworker union believe it or not, and it's a

8  conglomeration of individual interests with their own

9  lawyers.  So when we say they are good in standing, it's

10  actually five or six different sets of lawyers within there,

11  right?

12       And again, were not asking for rulings on this

13  today, but that is one of the issues in developing

14  procedures and Protocols is trying to find ways of harmony

15  between the allocation, which is joint, and the claims,

16  which are overlapping but in different courts --

17       THE COURT:  Right.

18       MS. SCHWEITZER:  -- and trying to make sure that

19  there's harmony and synergy but also respecting where --

20  it's like a Venn diagram.  They might not perfectly overlap

21  with each other.  So I think that's the second set of issues

22  that we've been dealing with.

23       And then I think the next point kind of feeds

24  into, you know, how do we move forward from here on our end

25  date?  And I think that it's well beyond, in my view, the

1    discussion of today, and I've given you a flavor for it, but

2    the Discovery Protocols have been circulated go into a whole

3    host of other issues regarding the evidentiary rules that

4    apply, the number of depositions that, like I said, all

5    these different -- the form in which documents need to be

6    produced and also feeding back to the litigation schedule,

7    which is in some ways the easier document to decide upon.

8              I think the litigation schedule is -- people have

9    disagreements that they may or may not be able to reach

10   peace on, like the U.K. Pension claimants want to go after

11   everyone else, right, that you can't compromise on that.

12   You're either after everyone else or you're not, right?

13   Whether it's one hearing or a series of hearings, maybe

14   that's decided up front; maybe that's a block of time is

15   staged and then you say we'll figure out the details of --

16   is it joint or separate or is it one ruling or five rulings

17   that then -- but we have a block of time, right?  That's one

18   possible solution to that issue.

19             I think that the EMEA claimants and U.K. Pension

20   claimants have voiced the concerns certainly that it's just

21   too short.  Trial by fall is too short.  There's just not

22   enough time, right?  If we accept the parameter of trial by

23   fall, which the U.S. and Canadian Debtors have been trying

24   to work on, we still -- you'll see in our schedules -- have

25   basically very close schedules with two different tug-of-war

1    points.  We have how long fact discovery should be and how

2    long expert discovery should be.  And we're not talking

3    about months and months; were talking about a month versus

4    two months, right?  And so there's a little tension there

5    that you can't solve both of those requests and still have

6    the trial date we're both trying to hold to.

7              So I know the Canadian Debtors and the Monitor

8    had asked for the setting of a trial date, and we're fully

9    supportive, as Mr. Bromley [ph] indicated at the last

10   hearing, that we all should have a date to work towards.  I

11   think the concern certainly would be that if a date is set

12   in pencil or in pen that both Courts understand that there's

13   -- right now, we can't quite make everyone's request fit in

14   that window, that the days -- they're being floated so that

15   things might be in pencil until we know the exact contours

16   of the Estates and that it -- there might be, even in the

17   best scenario, a slip of a couple weeks, not into next year

18   necessarily, but we're having a hard time so far getting

19   everything into the dates that we can float it.

20             So I think for that, again, certainly, we're not

21   here to request any relief from you.  Our goal is that the

22   parties in the room have been very helpful in responding

23   quickly to each other and being able to summarize issues for

24   each other and trying to offer constructive language.  And I

25   don't think anyone in the room would point a finger at

1   someone else in saying that they've been acting in bad

2   faith --

3           THE COURT:  Okay.

4           MS. SCHWEITZER:  -- in terms of not trying to

5   show up and not trying to offer views of how to work these

6   things out.  We might agree, we might disagree, but I think

7   that we can and will benefit from a little more time to work

8   through these issues but also to have a date ultimately

9   before the Courts now to be able to come back and figure out

10  the basics of the schedule and a path forward to resolving

11  the remainder of the issues.

12          THE COURT:  If you have, for example, a trial

13  date --

14          MS. SCHWEITZER:  Exactly.

15          THE COURT:  -- then you can work backwards.

16          MS. SCHWEITZER:  We can work backwards and we can

17  come and say like -- or here's a window of trial dates and

18  we can work backwards and we can tell Your Honor we've made

19  it fit or we haven't or we've made a fit except for two

20  weeks and here we go.  But yes.

21          So I think a trial date is helpful with the

22  understanding that -- the only concern is if setting a trial

23  date means that someone uses it as an argument of you can't

24  possibly have a right to a document request or a right to an

25  expert deposition.  That would be problematic.  But

1    certainly a target date is helpful as long as both Courts

2    understand that right now we're having a little bit of a

3    hard time fitting into the dates that we floated.

4              I think also, Your Honor -- and I would never

5    want to put more things on your schedule -- but I think that

6    as part of a larger schedule, it would seem that at some

7    point, that it might be helpful to have periodic joint

8    hearing dates circled in advance of every couple weeks that

9    they're on the calendar.  We'd rather not use them if we

10   don't have to, but just -- we would prefer not having

11   shortened-notice hearings like we're having today just for a

12   status conference --

13             THE COURT:  Sure.

14             MS. SCHWEITZER:  -- and we want to be respectful

15   for both Courts' time and have an opportunity to prepare so

16   that Your Honors aren't put on the spot of answering very

17   difficult questions.  So I would just throw that out there

18   as another thing that once this starts going that it's not

19   in the calendar right now but might be helpful --

20             THE COURT:  Especially -- I -- especially I

21   assume, at least early on with respect to discovery, there

22   will likely be discovery disputes and the Courts will need

23   to address those promptly; otherwise, things will back up.

24             MS. SCHWEITZER:  That's right, Your Honor.  I

25   think our solution, for example, was one of these let's-

1   have-discovery groups, right, that we're going to have this

2   idea of grouping people by Estate.  The triple C's and the

3   Monitors will be in one group, the U.S. Debtors are in

4   another group, and the UCCs -- and we'll have requests made

5   by groups and -- everyone's like no, I don't like groups,

6   right, I want to be my own.

7          So we're going to ultimately either find ways to

8   coordinate or we're going to have -- be in front of you with

9   very long lists of -- I've got, you know, 50 requests from

10  30 people and we're obviously trying to be constructive and

11  trying to narrow the requests going out and trying to be

12  efficient and have people think constructively about how we

13  can work together.  But yes, we unfortunately probably will

14  have to come back occasionally for rulings from Your Honor.

15          THE COURT:  I'm going to issue colored jerseys

16  for this hearing --

17          MS. SCHWEITZER:  Exactly.

18          THE COURT:  -- for these hearings, and numbers.

19          MS. SCHWEITZER:  We're going to need a circle

20  table so we don't have to declare a size here on the -- so I

21  think also, Your Honor, obviously that we're very sensitive

22  to the joint hearing issues and the -- you know, we wanted

23  to make sure Your Honor is getting letters that were

24  submitted to Justice Morawetz.  We also gave Your -- the

25  Canadian Debtors and EMEA Debtors were on the phone when we

1   requested the status conference.

2              THE COURT:  Good.

3              MS. SCHWEITZER:  I don't think that there's

4   necessarily a formal practice in place on both sides of the

5   border, but maybe going forward, that's one of the things

6   that may be helpful to have guidance on in terms of -- I

7   know, Your Honor, the court rules here don't permit letter-

8   writing to the Court.  We have a letter right there.  We put

9   a caption on it and filed it, but in terms of it -- you

10  know, it's probably a process.

11             There is actually -- something we invented a long

12  time ago -- the Cross-Border Protocol -- that provides a

13  mechanism for filing things jointly.  But certainly, U.S.

14  Debtors intend to respect that and to give people notice as

15  they've requested and we would hope that that's reciprocated

16  on both sides --

17             THE COURT:  Sure --

18             MS. SCHWEITZER:  -- of the border.

19             THE COURT:  -- and I certainly am prepared to be

20  flexible on things such as letter-writing and that sort of

21  thing.

22             MS. SCHWEITZER:  Right, Your Honor.  And that's

23  right.  And I assume that in any -- we would certainly

24  propose any Protocol but that we, going forward, have an

25  idea that we're all keeping each other in the loop of what

1  we're asking for from the Courts.

2  And I think that the other thing that isn't

3  exactly in the Protocol but I wanted to let Your Honor know

4  is that since this April 15th is not only the day we're

5  going to pay the IRS, it looks like the day we're going to

6  open a new front here is we were -- the U.S. Debtors also

7  were intending to file their responses to the EMEA and U.K.

8  Pension claims by April 15th as well --

9  THE COURT:  Okay.

10  MS. SCHWEITZER:  -- so there'll be a series of

11  filings on that date and then that will be discovery-ready

12  after that point as well to the extent necessary.

13  So in summary, Your Honor, as I said in the

14  beginning, that it wasn't our intention to sort of be an

15  advocate more than be a reporter and to give you background,

16  and I hope the background's helpful obviously.  We're here

17  and you have every representative in the room to answer

18  questions if you have questions, but most importantly, we

19  just wanted to make sure that Your Honor understood that

20  there is things that are ripe for your attention.  There's a

21  lot of things that the parties are still working through

22  that we might need dates in the upcoming weeks to bring to

23  the Courts and the -- to make sure obviously that Your Honor

24  and Justice Morawetz had an open line of communication --

25  THE COURT:  Oh, yes.

1          MS. SCHWEITZER:  -- so that everyone can work in

2    a coordinated fashion.

3          THE COURT:  But it seems to me like the primary

4    issues for Justice Morawetz and I to discuss would be, first

5    of all, dates -- trial dates --

6          MS. SCHWEITZER:  Um-hum.  Um-hum.

7          THE COURT:  -- or date, what matters we see going

8    forward when --

9          MS. SCHWEITZER:  Um-hum.

10         THE COURT:  -- are they all going forward

11   together or are they going forward separately?  In the event

12   they're going forward separately, which matters we should be

13   hearing first --

14         MS. SCHWEITZER:  Right.

15         THE COURT:  -- and second and third and so on.

16   We need somewhat of a Protocol for the joint hearings that

17   you've discussed, Ms. Schweitzer, as well as discovery

18   issues --

19         MS. SCHWEITZER:  Right.

20         THE COURT:  -- and how we're going to deal with

21   discovery issues.  And one other thing that I keep thinking

22   about is how we're actually going to physically try the

23   case --

24         MS. SCHWEITZER:  Um-hum.

25         THE COURT:  -- because I understand that the

1 Canadian Court is going to have a major technology

2 improvement in June.  Hopefully, that will be the case.  But

3 nonetheless, it is very difficult obviously for two Judges

4 sitting in two countries linked by television screens to

5 work out evidentiary objections and the like.

6          So I don't know if the parties have given any

7 thought to if there is -- I don't even know if it's

8 appropriate or possible, one site for a trial and the like.

9 And those are the sorts of issues that Justice Morawetz and

10 I will hopefully be discussing tomorrow morning.

11          MS. SCHWEITZER:  Yep.  No, I think that is a good

12 list.  I'd say that certainly those are -- trial -- a trial

13 date or sort of a mark at the end, understanding that we

14 have to fit things in is helpful.  I think in the terms of

15 what goes first in the Protocol for discovery issues, I

16 think that certainly is very helpful if, you know, you're

17 forming your views and working together on all the practical

18 questions.

19          I think people in the room might not have felt

20 like they have exhausted opportunities to narrow the issues

21 on some of those and to work through it so that if Your

22 Honors wanted to be out in front on discovery issues, that's

23 certainly your prerogative.  I think people are still

24 working through --

25          THE COURT:  Okay.

1          MS. SCHWEITZER:  We're not -- we're far apart on

2    some issues but I think there's a lot of practical things

3    that we might be able to narrow the issues, but what would

4    be helpful I think -- and certainly other people are welcome

5    to speak -- is that if we had a date by which -- you know,

6    if the opening submissions are going in in April, then we

7    really need to, by April, resolve the next round of issues

8    in terms of the discovery.

9          And in the same vein in terms of what goes first,

10   I think that if you're setting trial dates, certainly that

11   if you're intending that the -- whether they're denominated

12   as one hearing or three hearings are five hearings or one-

13   and-a-half hearings, that if we have a block of time, that

14   the parties can continue discussions on exactly the bubbles

15   in terms of is this one hearing or one Protocol or three

16   parallel schedules?

17         I mean I think the way the U.S. Debtors

18   envisioned it is you have three schedules running in tandem

19   and then they're going to overlap where possible, right, and

20   that we don't necessarily have to navigate every last detail

21   in terms of what the hearings mean.  You know, is it --

22   there should be one hearing or three hearings or one trial,

23   five trials.  I think people have varied divergent views.

24   Some things might crystallize over time when we see people's

25   positions, but certainly, I think the threshold question is

1  are they going forward in the same block of time or is it

2  going to be a full ruling, for example, as the U.K. Pension

3  folks are suggesting, a full ruling on allocation, then a

4  full ruling on -- I mean a claims, and then a third set of

5  trials on the pension request.

6          I think that that is a tension of three

7  completely divorced processes that can absorb -- you have

8  final judgment and then you can start briefing off of that

9  final judgment or are, as the Canadian Debtors and the U.S.

10 Debtors have suggested, you're going to have them all teed-

11 up and trial-ready at the same time, right?  And then the

12 nuances of how, within that block of time, is it one hearing

13 or three hearings or a joint hearing or sitting-in-the-same-

14 room hearing?  It's helpful to have views, but I think we're

15 all probably actively still working through some of those

16 issues and might have some more constructive solutions on

17 that side -- on our side as well.

18          THE COURT:  Well, my sense is the larger block of

19 time we can give you, for example, if we set aside a

20 month --

21          MS. SCHWEITZER:  Um-hum.

22          THE COURT:  -- that the parties could then work

23 out hopefully, or if they can't work out, obviously the

24 Courts --

25          MS. SCHWEITZER:  Right.

1            THE COURT:  -- would dictate it.  What's going to

2  be heard within that time frame?

3            MS. SCHWEITZER:  Correct.

4            THE COURT:  Whereas if we give you, for example,

5  just a week --

6            MS. SCHWEITZER:  Right.

7            THE COURT:  -- that's not going to be possible.

8            MS. SCHWEITZER:  Exactly.  And I think that would

9  be helpful to understand the block of time that we're

10  working with.  And I said I know a lot of people have made

11  arguments about one trial versus three trials.  I kind of

12  view that as how long the bathroom breaks are up front in

13  terms of scheduling, right?  It's like what we really need

14  to know is when can we not take vacations --

15            THE COURT:  Right.

16            MS. SCHWEITZER:  -- and then we can try and work

17  through on our side of some more of the details in terms of,

18  you know, what exactly are the words surrounding the

19  description of those trial dates.  But certainly, the block

20  of time would be helpful for people to work towards.

21            THE COURT:  Sure.

22            MS. SCHWEITZER:  So -- and --

23            THE COURT:  I mean look, let me just tell you my

24  thought process and it's sort of this: we lost a lot of time

25  in this case and I was unhappy about all of that lost time.

1  And I recognize that we sort of backed ourselves into a

2  little bit of a corner because of that.  This case has got

3  to go forward and it's got to be resolved and we have to

4  keep it moving quickly.  And it's not going to be easy for

5  any of us, the parties, the lawyers, the Courts.  But that

6  is certainly essential.

7           And I weigh that against sort of this -- you

8  know, I -- when I was much younger, when I would get lost, I

9  would just keep going figuring I was eventually going to

10 find myself.  And I never found myself.

11                    (Laughter)

12           THE COURT:  As I got older, I learned to turn

13 around.  Sure, you've lost, you know, a couple of hours

14 lost --

15           MS. SCHWEITZER:  Yeah.

16           THE COURT:  -- but at least get back to a

17 starting point where you know where you're going again.

18           MS. SCHWEITZER:  Um-hum.

19           THE COURT:  And I sort of feel that way to -- a

20 little bit here.  I think if we're unrealistic, it's going

21 to do more harm than good.

22           MS. SCHWEITZER:  Um-hum.

23           THE COURT:  So I think there has to be a strong

24 dose of realism in the scheduling, and that sort of is --

25 that balanced against the need to really expedite things as

1  much as we possibly can.

2              MS. SCHWEITZER:  Right.  And I think that

3  certainly people might reach different conclusions, but I

4  think it's definitely a shared sentiment that everyone has a

5  desire now to get to the end, to get answers, and to be able

6  to bring the case to finality.  But certainly I think that's

7  always, as you said, balanced against the idea of not

8  stepping on the respect for the process and making sure that

9  a proper process is followed and it's not just, as you said,

10  throw it in the machine and see what comes out on the other

11  end.

12              THE COURT:  Yes.

13              MS. SCHWEITZER:  So I think that I've probably

14  overstepped my time and trying to be respectful to other

15  people, but I will certainly turn it over to other people

16  who want to be heard.

17              THE COURT:  And I have one other thought.  You

18  know, we all have lives, and to the extent that Justice

19  Morawetz and I are able, for example, to coordinate a

20  vacation kind of hiatus --

21              MS. SCHWEITZER:  Um-hum.

22              THE COURT:  -- and then the parties can know

23  about that hiatus and maybe that would assist all of you in

24  maintaining your marriages and the like --

25                        (Laughter)

1          MS. SCHWEITZER:  Right.

2          THE COURT:  -- I certainly would like to do that,

3    too.

4          MS. SCHWEITZER:  Yeah.  No, I appreciate that.  I

5    think certainly we all come from the large firms where we

6    still had to be ready at all times --

7          THE COURT:  Sure.

8          MS. SCHWEITZER:  -- but I think that certainly to

9    the extent that people -- just the process of setting

10   schedules generally will be helpful to people in terms of

11   being able to make plans and arrangements, recognizing, as

12   we do in all of our professional lives, that everything is

13   set in pencil, not in pen but --

14         THE COURT:  That's right.

15         MS. SCHWEITZER:  -- we do our best --

16         THE COURT:  That's -- of course.

17         MS. SCHWEITZER:  -- to respect them so --

18         THE COURT:  But by giving you specific dates --

19         MS. SCHWEITZER:  Absolutely, yeah.

20         THE COURT:  -- right along the way --

21         MS. SCHWEITZER:  Exactly.

22         THE COURT:  -- for joint hearings, for times when

23   the Courts will not be available --

24         MS. SCHWEITZER:  Yes.

25         THE COURT:  -- and the like, that may be helpful.

1              MS. SCHWEITZER:  That absolutely will be helpful

2    because we'll know how to -- also to respect your times so

3    that we can plan ahead.

4              THE COURT:  Okay.

5              MS. SCHWEITZER:  With that --

6              THE COURT:  All right.

7              MS. SCHWEITZER:  -- Mr. Hodara I think is next --

8              THE COURT:  Thank you.

9              MS. SCHWEITZER:  -- geographically.

10             THE COURT:  Thank you, Ms. Schweitzer.

11             MS. SCHWEITZER:  Sure.

12             THE COURT:  Mr. Hodara, good afternoon.

13             MR. HODARA:  Good afternoon, Your Honor.  Fred

14   Hodara, Akin Gump Strauss Hauer & Feld for the Official

15   Committee.

16             THE COURT:  Yes.

17             MR. HODARA:  Your Honor, I have designed my

18   comments this afternoon to demonstrate what I believe and I

19   think many of us believe is in fact going to be the case

20   here, which is that this process, seemingly cumbersome, can

21   actually be done in a very efficient manner.

22             THE COURT:  Okay.

23             MR. HODARA:  You'll see -- I don't know exactly

24   how many pages Ms. Schweitzer had there --

25             MS. SCHWEITZER:  No.

1          MR. HODARA:  -- but my comments are right here on

2    2/3 of a page.

3          THE COURT:  That's very comforting, Mr. Hodara.

4    Thank you.

5          MR. HODARA:  And just to pick up where you left

6    off a moment ago, it does seem to me that in your

7    conversation with Justice Morawetz in discussing the

8    coordination of your vacations could well lead to the

9    solution of the problem of having the two of you in the same

10   place at the same time for the trial.

11         THE COURT:  Okay.

12               (Laughter)

13         MR. HODARA:  Your Honor, all joking aside, and

14   while I believe that the period of time that was afforded to

15   us by Your Honor and by Justice Morawetz by ruling from the

16   Bench in the first instance and providing the parties with

17   the ability to start to exchange concepts has enabled us to

18   work out many of the issues, not everybody agreeing on all

19   of them, but many of the parties, the core parties, and

20   there are many of them, agreeing on many of the issues.  I

21   think that it is going to be the case that we will need Your

22   Honor and Justice Morawetz to guide us, give us firm rulings

23   in a number of areas.

24         And Your Honor has already talked to several of

25   them, so not to belabor it but just to repeat a couple of

1    things very quickly.  One would be a trial date.  To know

2    what our end date is will enable us to start to work

3    backwards from there to fit in what needs to be done with

4    respect to discovery.

5         Parenthetically -- and we've said it in our

6    papers submitted jointly with the U.S. Debtors -- we think

7    that the fall is the time for that trial.  And that's one of

8    those areas where a number of parties, core parties, have

9    already agreed with that time frame as being sufficient to

10   get the discovery and trial prep work done on all three of

11   the major issues that are going to be before the Courts --

12        THE COURT:  Um-hum.

13        MR. HODARA:  -- and some parties have disagreed

14   with that timing.  So that will be one area where I don't

15   think the parties themselves are going to be able to reach

16   agreement --

17        THE COURT:  Right.

18        MR. HODARA:  -- on a date.  So your help there,

19   Justice Morawetz's help in the near term would be very, very

20   helpful.

21        The related issue of discovery itself I think is

22   a second area where some of the discovery issues pertaining

23   to scope, timing, and participation of the various core

24   parties may require some assistance.  I think that the

25   parties will be able to work out the vast majority of those

1    issues, particularly when we have an end date that's known

2    to us to be working together to do the best we can with that

3    time.  But I'm almost certain there will be certain issues

4    that we will require your guidance on.

5               THE COURT:  Sure.

6               MR. HODARA:  The third is a topic that hasn't

7    been much discussed today yet, and that is the role of non-

8    creditors in the U.S. claims process.  And there may be

9    parallel issues in Canada, although perhaps not because

10   there are Orders in place already that deal with the rights

11   of various of the core parties to participate in those

12   matters.

13               However, I believe here in the United States

14   where we have a specific claims process that pertains to

15   claims filed against the U.S. Debtors that there are already

16   disagreements developing as to who can be heard on those.

17   And that issue is actually a very good focal point.  It

18   might sound like a tail-wagging-the-dog-type issue, but it's

19   actually a very good focal point for the questions that this

20   Court will have to address about the role of the various

21   parties in these processes and in each of the three major

22   matters before the Courts, whether in fact they get dealt

23   with as one big ball of wax or as something somewhat

24   separate.

25               I think this question of standing and right goes

1  right to the heart of why it can't be the case from a U.S.

2  law perspective that the three matters are all heard

3  technically as one trial.  We fully endorse the concept

4  along the lines of what we said of efficiency at the outset

5  of my remarks here that as much as -- of the three issues as

6  can be handled jointly will be beneficial from an efficiency

7  and timing and economy perspective, the Court's efficiency,

8  as well as the parties'.

9          But ultimately -- and I used the word technically

10  a moment ago -- technically, it can't be the case that all

11  three of those issues are subject to the same trial because

12  the U.S. claims issues are purely a subject of the U.S.

13  procedures and statute and the Canadian claims issues are

14  governed by their procedures and statute.

15          So we think the question that's already been

16  raised in these various letters that are being submitted of

17  what parties get to be heard in those matters is actually a

18  good entry point for Your Honor and Justice Morawetz to help

19  the parties sort out the question, seemingly technical but

20  actually fundamental, of how are you going to be delineating

21  the three issues before Your Honors?

22          The last thing --

23          THE COURT:  Is the thought though, Mr. Hodara,

24  that the core parties -- what we've called the core parties

25  -- would be participating in all of these issues or --

1           MR. HODARA:  No, not in toto --

2           THE COURT:  Okay.

3           MR. HODARA:  -- because not all of the core

4    parties are parties in interest or Creditors in either

5    Estate.

6           THE COURT:  Okay.

7           MR. HODARA:  So, for instance, there are Canadian

8    core parties who clearly are entitled to be a full-fledged

9    party for allocation purposes --

10          THE COURT:  Right.

11          MR. HODARA:  -- who are not Creditors in the

12   United States, and therefore, don't have any entitlement to

13   be heard on claims issues --

14          THE COURT:  Got you.

15          MR. HODARA:  -- in the United States.

16          THE COURT:  Thank you.  Yes.

17          MR. HODARA:  So the final thing I wanted to say

18   in terms of timing is it was mentioned in the letter -- I

19   believe it was a letter of the Monitor that Justice Morawetz

20   will be away for 2-1/2 weeks, I think, until April 15

21   commencing I think it's tomorrow.

22          THE COURT:  I believe that's right.

23          MR. HODARA:  So any guidance that Your Honors can

24   give us, obviously starting with the opinion.  That was

25   fabulous news to hear at the outset of this session that

1  that may be available as early as tomorrow --

2           THE COURT:  Yes.

3           MR. HODARA:  -- but with respect to the trial

4  date and with respect, as Ms. Schweitzer said, to a starting

5  point.  So if we know that we can use, say April 15th --

6           THE COURT:  Sure.

7           MR. HODARA:  -- as the start date for the time

8  that opening statements must be submitted, again, we'll then

9  -- we'll have a start date and end date and can start to

10 fill in as much as we can in between those points.

11          THE COURT:  Give me a sense if you can -- I

12 should have asked Ms. Schweitzer this as well -- the total

13 length of time -- not issue-by-issue, not, you know, the

14 three issues, not that, but just in total --

15          MR. HODARA:  Yes.

16          THE COURT:  -- for example, the allocation plus

17 the claims issues here plus the claims issues in Canada.

18          MR. HODARA:  So our view is that starting from

19 today in essence -- or maybe it's easier at this point to

20 say starting April 15, if that were to be the submission of

21 opening statements, that approximately six months is what we

22 think is required for the promulgation of discovery

23 requests, the responses to those requests, depositions,

24 expert reports, examinations of experts, and preparation and

25 submissions for the trials.

1          And while I emphasize that we do firmly believe

2    that the three issues need to technically be heard

3    separately, that with the overlap that's available between

4    those issues, it can all be done on parallel tracks with the

5    overlap in a six-month time frame.

6          THE COURT:  All right.  And how about the trial

7    itself?  I know it's going to depend obviously on whether we

8    do it as a ball of -- you know, one big ball or if we break

9    it out, but just sort of -- so that I have a sense on how

10   much time perhaps I should suggest to Justice Morawetz we

11   should be setting aside.

12         MS. SCHWEITZER:  Your Honor, in the U.S. Debtors'

13   schedule we had proposed three weeks.

14         THE COURT:  Yes.

15         MS. SCHWEITZER:  I know some Courts have said if

16   you ask for three weeks I'll give four because I -- it's

17   hard to find an extra one around that time.

18         THE COURT:  Sure.

19         MS. SCHWEITZER:  In the -- but I think the -- I

20   think it's in the three-weeks-to-a-month range --

21         THE COURT:  Okay.

22         MS. SCHWEITZER:  -- time frame.  And I'd also --

23   Your Honor, we're happy to give your Chambers, but there's a

24   lot of holidays in the fall --

25         THE COURT:  Yes.

1            MS. SCHWEITZER:  -- and so just as a reminder,

2    which I'm sure you're attuned to, is it's U.S., Canadian,

3    and European holidays as well.

4            THE COURT:  Okay.  I have one --

5            MS. SCHWEITZER:  So --

6            THE COURT:  -- of those calendars.

7            MS. SCHWEITZER:  I was going to say you need --

8            THE COURT:  I'll -- I may be using it.

9            MS. SCHWEITZER:  -- one of those old desk

10   calendars.

11           THE COURT:  Yes.

12           MS. SCHWEITZER:  And it's not to say that, you

13   know, we won't work our best to accommodate around there,

14   but there -- you learned there are more holidays than you

15   can imagine so that we just have to be sensitive to that

16   obviously and everyone's schedules because -- with the fact

17   that the trial has to happen at some point so --

18           THE COURT:  Of course.  Thank you.  Thank you,

19   Ms. Schweitzer.

20           MR. HODARA:  And the last thing I'll --

21           THE COURT:  Yes, Mr. Hodara?

22           MR. HODARA:  -- say in response to your question

23   of timing is that as many things as the U.S. Estate and the

24   Canadian Estate disagree about, particularly on how does one

25   allocate here, I believe the Creditors Committee, the

1  Debtors, and the Canadian Estate, and the Ad Hoc Bond Group

2  as well agree that six months is the appropriate time frame.

3           THE COURT:  And that would take us out to about

4  October 15th.

5           MR. HODARA:  About, yes.

6           THE COURT:  Okay.  All right.  All right, thank

7  you, Mr. Hodara.

8           MR. HODARA:  Thank you, Your Honor.

9           THE COURT:  That was very helpful.

10          MR. HODARA:  Thank you.

11          THE COURT:  Concise and helpful.  And Mr. Dunne,

12  good afternoon to you.

13          MR. DUNNE:  Good afternoon, Your Honor.  For the

14  record, Dennis Dunne from Milbank Tweed Hadley & McCloy on

15  behalf of the Ad Hoc Bondholder Group.  I will be even

16  shorter.  I agree with everything that Ms. Schweitzer and

17  Mr. Hodara have said.  I have kind of three brief points for

18  the Court.

19          One is a request for the Courts to do something

20  in the next day or so given Justice Morawetz's vacation

21  schedule, and the other, basically two things to be wary of

22  as you're reviewing the Final Litigation Protocol and the

23  disputes among the parties.

24          On the first one is basically the days, which

25  we've heard about.  It's been three weeks now since we were

1    here and had the ruling and the Courts delivered the

2    messages loud and clear.  Don't wait for the opinion.  Get

3    started now.  And we've done that.  We've spent the three

4    weeks refining that directive, putting specificity around

5    the schedule.

6            There's been a lot of consensus, as Mr. Hodara

7    pointed out, but we're not all the way there.  But it would

8    be very helpful to have both a start and an end date.  And

9    whether the start date's the 10th, 12th, or 15th of April,

10   it doesn't matter to us as long as there's a start date and

11   to have an end date that's six months out from there would

12   allow us all to kind of reverse engineer into an appropriate

13   litigation schedule.

14           The next point is just something to be mindful

15   of, which is the risk of issue creep coming into the

16   Protocol.  I think that the Courts recognize that there are

17   basically two streams to adjudicate over the next six months

18   or so.  One is allocation and the other is resolution of the

19   EMEA and the U.K. Pension claims.  And the Courts need to

20   resist the issue creep when other -- when parties seek to

21   add and further burden the Courts with additional items for

22   adjudication that can be dealt by the appropriate forum,

23   whether that's Canada or the U.S., after allocation because

24   those can only complicate discovery and foster delay.

25           Lastly -- and this is a point that Mr. Hodara

1   touched on was the standing point, and I view this under a

2   broader category of we have to be mindful in the Protocol

3   not to prejudge certain issues because you may have a

4   conflation of allocation versus claims adjudication, and

5   what may be appropriate with respect to resolution of

6   allocation, i.e., who may be a core party for allocation

7   when that cuts across all Estates and all the jurisdictions

8   -- is not necessarily appropriate when we're dealing with

9   claims resolution.

10          And to say, more precisely, I believe the triple

11  C's in their letter said that they're going to file a Notice

12  of Appearance in the U.S. to be heard not just with respect

13  to allocation, not just with respect to the other claims

14  resolution, but with respect to anything that affects their

15  rights, and that occurs in the U.S. Courts.  They, Your

16  Honor, are a Creditor of the stockholder.  And under our

17  rules, the black-letter law, that they do not have standing.

18          I'm not asking Your Honor to say that today.

19  What I'm asking the Courts to be mindful of is not to

20  prejudge that the other way and say they do have standing on

21  those issues through the Protocol.  We don't believe they

22  do.  We believe that the Courts have to be mindful not to

23  kind of run over what may be the applicable law in each

24  forum with respect to claims adjudication.

25          THE COURT:  All right.  Thank you.

1          MR. DUNNE:  And with that, Your Honor --

2          THE COURT:  Thank you, Mr. Dunne.

3          MR. DUNNE:  Thank you.

4          THE COURT:  Sure.  Yes, Ms. Schweitzer?

5          MS. SCHWEITZER:  I don't really mean to go twice,

6   but I just wanted to point out -- because people used the

7   term core parties in a couple different ways.  Just I think

8   we're all talking here about the Allocation Protocol.  The

9   one thing I will remind the Court is we actually do have the

10  Cross-Border Protocol and the Cross-Border Claims Protocol,

11  and in the context of those two Protocols, three years ago

12  negotiated a different definition of core parties with

13  parties who have the right to be heard.  So in the process

14  of not reinventing the wheel, we actually do -- we have

15  considered some of these issues in the past and we have

16  defined the group to be the more traditional group of the

17  people of the UCC and the Bondholders and the Monitors and

18  Administrators and not an unlimited field.

19          So I think that there's a principal basis also

20  that has been fully resolved in terms of being able to point

21  to existing Protocols for making distinctions about how the

22  claims should be handled and who should participate versus

23  the allocation, which we're now building a new Protocol

24  effectively.

25          THE COURT:  Remind me, Ms. Schweitzer, did -- has

1   -- did you say that Justice Morawetz ruled that the triple

2   C's are a core party?

3           MS. SCHWEITZER:  They -- and -- so what it says

4   is in the Protocol -- Allocation Protocol that was proposed

5   two years ago that where -- the triple C's were identified

6   as a core party.  And again, this is only for allocation

7   disputes --

8           THE COURT:  Okay.

9           MS. SCHWEITZER:  -- not for claims --

10          THE COURT:  Okay.

11          MS. SCHWEITZER:  -- right?

12          THE COURT:  Yes.

13          MS. SCHWEITZER:  So the definition of a core

14  party is an allocation concept.  The Protocol originally

15  included --

16          THE COURT:  Okay.

17          MS. SCHWEITZER:  -- the triple C's as an -- as a

18  core party and then the U.S. Debtors in the last round had

19  said it will be a smaller group and then Your Honors can

20  decide.  The Canadian Debtors said no, no, no, as is.  So

21  the Protocol that Justice Morawetz indicated he was so

22  ordering included the triple C's.  That was the ones from

23  two years ago, although other people, it sounds like, might

24  get added anyway.  The Indentured Trustees are not or the

25  U.K. Pension folks were not.

1          And I think on the U.K. Pension folks, it's

2   almost the mirror opposite of the triple C's, right?  The

3   triple C's might -- were created -- again, not an official

4   group.  They were -- the triple C's were, as I said, this

5   conglomeration of individual creditors who were invited to

6   participate in the mediation process in order to have a

7   local voice in terms of settlement dynamics, but they're not

8   an official committee in Canada, right, and they haven't

9   been recognized in any of the prior Protocols.  It's merely

10  something that got manufactured or put together in terms of

11  -- in order to further mediation.

12          So triple C's are in the Allocation Protocol,

13  have never been -- have never appeared in the U.S. cases and

14  have never been recognized in any of the existing Claims

15  Protocols and, quite frankly, have never sought separate

16  rights or recognition in any of the claims protocols in the

17  first four years of the case.  I think it's only when -- it

18  seems to be a newer request blurring.

19          As I was saying on the U.K. Pension folks,

20  they're kind of the opposite, right?  They're a clear

21  claimholder in the U.S. Estates and they've requested to be

22  separately tried, right?  I want a separate process but I

23  also want to be a core party in the Allocation Protocol.

24  From the -- the Canadian Monitor has suggested they don't

25  mind the U.K. Pension claimants coming into the Allocation

1  Protocol.  I think the U.S. Debtors' view would be we also

2  don't mind if done in order to further the synergy, right?

3  It would be unfair --

4            THE COURT:  Right.

5            MS. SCHWEITZER:  -- to recognize them as a core

6  party but then say you get all the benefits of discovery but

7  get a brand-new trial at the end where we have to relitigate

8  and recall witnesses, right?  If there's going to be some

9  coordination of the two processes, then there's no reason

10 for them not to participate as a core party in allocation as

11 well.

12           THE COURT:  All right.

13           MS. SCHWEITZER:  So I think those are the two

14 groups probably now on the different ends of the -- being

15 recognized as a core party.

16           THE COURT:  All right.  Thank you.  Thank you,

17 Ms. Schweitzer.

18           I don't know.  I see various -- why don't I hear

19 from Mr. Adler because you are, first of all, no doubt a

20 core party --

21                      (Laughter)

22           THE COURT:  -- and that'll make things simpler,

23 and then I'll hear from others of course.

24           MR. ADLER:  Thank you.

25           THE COURT:  Mr. Adler, good to see you.

1              MR. ADLER:  Good to see you, Your Honor.  And

2    thank you very much.  Derek Adler for the U.K. Joint

3    Administrators and the EMEA Debtors.

4              First of all, we're glad to hear that we'll be

5    getting your opinion soon.  I have to say at the outset just

6    for the record that we'll reserve our rights obviously --

7              THE COURT:  Obviously.

8              MR. ADLER:  -- for appeal and so on --

9              THE COURT:  Sure.

10             MR. ADLER:  -- until we see your --

11             THE COURT:  I certainly respect that --

12             MR. ADLER:  -- opinion.

13             THE COURT:  -- yes, Mr. Adler.

14             MR. ADLER:  But having said that, we are eager

15   and have indicated that we're eager to participate

16   constructively in all of the discussions about coming up

17   with a process that will give everyone their due process

18   rights and lead to a rapid resolution of all these matters.

19   We've indicated that in our letters.  We look forward to

20   sitting down and trying to hash out these issues.

21             There's a lot of areas of agreement between us

22   and the U.S., us and Canada, you know, things that we agree

23   on with one or the other that they don't agree with each

24   other on and so that, you know, we think that'll be a

25   constructive process and we're eager to engage in it.

1           The -- and by the way, our Canadian colleagues

2    also emphasized what the Monitor was saying here, which is

3    that this really does have to be a joint process and we --

4    between the two Courts, and we've learned that many issues

5    of scheduling are done rather differently up in the Canadian

6    Courts in terms of the approach that they take even to

7    getting things approved.

8           THE COURT:  Okay.

9           MR. ADLER:  So we agree that there will be a lot

10   of areas of agreement and some things that we probably have

11   to come back to the Courts on to get resolved.

12          With respect to -- I mostly have the pleasure

13   today of agreeing with Ms. Schweitzer and the Canadian

14   Monitor with their summaries of things, but you did

15   emphasize yourself the idea of having a schedule that's

16   realistic.

17          THE COURT:  Yes.

18          MR. ADLER:  Six months is really not going to be

19   realistic here.  We had originally said disclosure should

20   take about a year here to get things trial-ready.  We're

21   absolutely prepared to come down from that and squeeze the

22   schedule in.  There are some particular deadlines in the

23   schedules that have been proposed that we think can be

24   shortened.  But in order to tell you why six months is not

25   enough, I would have to take you through the details of the

1  schedules that have been discussed and show you things like

2  a schedule that suggests that depositions can be completed

3  in six weeks after documents are produced.  And -- which

4  means that, you know, hundreds of thousands of pages of

5  documents have to be reviewed to prepare for depositions in

6  appear that we say is just not going to be realistic on

7  anyone's calculation -- on any realistic calculation.

8            So we would suggest that the overall schedule and

9  a lot of these other issues be addressed once the parties

10  have had a chance to confer and to come back to you and let

11  us tell you where we are and why we are where we are, you

12  know, instead of setting some kind of an arbitrary deadline.

13  Because I think it will come down to looking at it and

14  saying, you know, should it be a month for depositions or

15  two months for depositions?  And when you make a series of

16  smaller decisions like that, you come up with an overall

17  schedule that will be realistic.

18            THE COURT:  So you would rather me not set -- or

19  Justice Morawetz and I not set that end deadline?

20            MR. ADLER:  I think that's correct.

21            THE COURT:  Okay.

22            MR. ADLER:  I mean we -- because the parties are

23  conferring about that and it necessarily flows from the

24  smaller interim details that you look at when you get into

25  the nitty-gritty of this.  You know, we want to do it as

1  quickly as possible.  We will be prepared to come back and

2  tell you why we think you need so many weeks for this and so

3  many weeks for that.

4            THE COURT:  You want to work forward rather than

5  work backwards I think.

6            MR. ADLER:  Well, I mean we're -- you know, we're

7  looking -- we have the end date in mind, and I think trying

8  it prior to the end of the year is going to be extremely

9  difficult.  And I will say, by the way, we will work with

10  whatever schedule you impose.

11            THE COURT:  I understand.

12            MR. ADLER:  We will do our darndest, and if we

13  have problems, we'll be prepared to come back to you and

14  show you that we've been diligent and can't do it in the

15  time frame for this reason, that reason, or the other

16  reason.  And there are going to be some incredible

17  complications here with the international disclosure, the

18  two procedural systems, and so on.

19            THE COURT:  But setting an artificial deadline

20  that is unrealistic, really, I think, does a lot of harm

21  because it's -- in the meantime, parties are working under

22  that deadline.  You can't be sure that the Court's going to

23  adjust it later, and therefore, there -- it may short-

24  circuit a lot of discovery or a lot of deposition and

25  discovery that the parties would like to take.

1              MR. ADLER:  That's right, Your Honor.

2              THE COURT:  But that's part of the problem --

3              MR. ADLER:  That's right, Your Honor.

4              THE COURT:  -- on your side of the ledger.

5              MR. ADLER:  Yes, Your Honor.

6              THE COURT:  Yes.

7              MR. ADLER:  I think that's all I have to say.  We

8   look forward to conferring with everyone and trying to come

9   back with a realistic schedule --

10             THE COURT:  All right.

11             MR. ADLER:  -- and we look forward to your

12  decision.

13             THE COURT:  Thank you.

14             MR. ADLER:  Thank you.

15             THE COURT:  Thank you, Mr. Dunne -- I'm sorry,

16  Mr. Adler.

17             MR. ADLER:  That's okay.

18             MR. O'CONNOR:  Good afternoon, Your Honor --

19             THE COURT:  Good --

20             MR. O'CONNOR:  -- Brian O'Connor from Willkie

21  Farr & Gallagher --

22             THE COURT:  Yes, Mr. O'Connor.  Good to see you.

23             MR. O'CONNOR:  -- on behalf of the U.K. Pension

24  claimants.  And I think this is a day where I can

25  legitimately say that I have agreed with a lot of the things

1  that everyone has said that has preceded me here.

2           I'd just like to give you some sense of what our

3  position is so that when you are thinking about this and

4  having your discussions with Justice Morawetz, you're aware

5  of that even though we're not asking you, obviously, for any

6  rulings today.

7           THE COURT:  Incidentally -- let me just interrupt

8  you for one minute, Mr. O'Connor, because I will be talking

9  to Justice Morawetz, but I am not trying in any way to

10 deprive anyone here of the opportunity to have had a hearing

11 before Justice Morawetz.  You know, you may be persuasive in

12 ways that I wouldn't be.  I may have my own views that

13 somehow, you know, sort of hit -- cause me to state

14 something in a certain way that parties might not -- and

15 that Justice Morawetz would hear differently.

16          So he and I can have conversation tomorrow, even

17 though he's going to be busy trying to get away as well, but

18 I'm not sure that Justice Morawetz won't say to me that's

19 all nice but I'd like to hear from the parties myself.  You

20 know, so there is that possibility as well.

21          MR. O'CONNOR:  Thank you, Your Honor.

22          Let me just start with a couple of threshold

23 matters.  Number one is the question as to whether the

24 Courts intended to include the U.K. Pension claimants'

25 claims within the Protocol that was approved on the 8th.

1   And as you heard Ms. Schweitzer say, I think she'd

2   acknowledged that it was the Debtors' view that they did

3   not, which is our view.  If you look at the decisions that

4   Your Honors rendered, the transcript, or you look at Justice

5   Morawetz's endorsement, it's clear that the Protocol that

6   was being approved was the June 2011 Protocol, which

7   expressly excluded the U.K. Pension claimants' claims from

8   that process.  And there's really nothing in any of the

9   language of your decisions or Justice Morawetz's Order that

10  suggests anything to the contrary.  So we started from the

11  assumption that we were not included in the Protocol.

12          Now, having said that, we certainly are in favor

13  of trying to do whatever we can to streamline discovery, to

14  avoid duplication, to avoid delay, to avoid expense.

15  Expense is particularly important to us because, unlike all

16  the other core parties, our fees are being paid out of the

17  members' trust.  We're not feeding at the Debtors' table.

18          And the second threshold issue that we have is

19  that there seems, at least from the Canadian submissions,

20  the Monitor's submissions, a presumption that we should be

21  lumped completely together with EMEA in the allocation

22  dispute together with EMEA's claims and with our claims as

23  if we were fully aligned as the Debtors and the Committee

24  are in the United States.  And that just is simply not the

25  case.  There certainly are issues with which we would be in

1  alignment with EMEA on allocation, but with respect to

2  EMEA's claims and our claims, we're not aligned.  We're

3  completely different.  Their claims are dramatically

4  different than our claims.  In fact, we're adverse to EMEA

5  in the sense that there have been FSDs which have been

6  issued against EMEA.

7          So one of the problems that we've had is with the

8  notion that we should be lumped together, that -- and I

9  won't go into the details because this is not the day for

10  it, but the Protocols that were going around or the

11  discovery plans have us grouped together and then there are

12  being limitations on the total number of depositions that

13  can be taken with respect to the allocation dispute, the

14  EMEA claims and our claims in total, which are just totally

15  artificial and would, I -- we think, not -- would not be

16  consistent with due process.

17          What we had proposed to the U.S. Debtors and

18  which we think makes sense is that we are not included

19  within that Protocol.  We're happy to be included in a --

20  what I'll call a standalone Protocol that would track and

21  parallel the other Protocol.  And that's for a couple of

22  reasons.  Number one, we've heard a number of people mention

23  this today, we have to remember that these claims are claims

24  against the U.S. Debtors, NNI and NN CALA, and they should

25  be decided by Your Honor.  You made it quite clear when you

1   granted the Debtors' Automatic Stay Order that you would be

2   deciding the question of whether under U.K. law NNI and NN

3   CALA should be responsible for any of the NNUK pension

4   scheme's deficit.  And we think that it ought to be you

5   that's deciding that.

6          Secondly, again, under the U.K. law that Your

7   Honor will be applying, there's no need as long as certain

8   tests are satisfied for you to find that there's been any

9   wrongdoing on the part of any of the U.S. Debtors, that

10  there's been any fault on the part of any of the U.S.

11  Debtors.  Instead, all you need to find is that it's

12  reasonable under the circumstances to require NNI and NN

13  CALA to provide some financial support in a NNUK scheme.

14         And so for that reason, it seems to us to make

15  perfect sense that in terms of a trial that we shouldn't be

16  lumped together in one big trial of the allocation dispute,

17  the EMEA claims, and the -- and our claims.  And in fact, it

18  seems to us that the more sensible thing to do would be to

19  have this trial staged.  When you think about it -- and this

20  is one of the points that the Debtors raised successfully in

21  getting Your Honor to grant the Automatic Stay Order is

22  until we have the allocation dispute resolved and we know

23  how much of the lockbox is going to NNUK, it's hard for Your

24  Honor to decide whether under all the circumstances it makes

25  sense to have NNI and NN CALA supplying any additional

1  financial support to the scheme.

2          And secondly, to the extent that EMEA is

3  successful in its claims and there is value that's taken

4  from the U.S. Debtors and distributed to NNUK, that again is

5  something that would have to be considered by Your Honor

6  before you would decide whether it's sensible to require NNI

7  and NN CALA to supply yet further financial support to the

8  scheme.

9          THE COURT:  Um-hum.

10         MR. O'CONNOR:  So from that perspective, we're

11  not seeking to delay this anyway.  It seems to us that the

12  optimal way for this to proceed is allocation, EMEA, and

13  then the U.K. Pension claims.

14         Now, having said that, you know, we're totally

15  amenable to trying to avoid any type of duplication and

16  waste.  We certainly agree that if there's a witness that

17  has got information relevant to allocation, relevant to the

18  EMEA claims, and relevant to the U.K. Pension claims, it

19  doesn't make sense to have that witness deposed three

20  separate times.  He'd only have to be deposed once and that

21  will be usable in all three different disputes.

22         In addition, what we had asked the U.S. Debtors

23  was that we should be included as a core party in the

24  allocation dispute --

25         THE COURT:  Okay.

1          MR. O'CONNOR:  -- because we understood that

2    there will be some overlap between the facts at issue in the

3    allocation dispute and in our claims and to the extent we

4    were certain the Debtors would want us to be bound by

5    factual findings made by the Courts or conclusions of law

6    maybe the Courts.  The only way we could be bound consistent

7    with due process would be if we were a core party and we had

8    a right to participate so that we could, you know, fully

9    litigate that issue.

10          So that's why we'd ask for core party status.

11    The allocation dispute with the understanding that we would

12    then be bound by factual findings and conclusions of the law

13    made therein, but we thought that it made sense for our

14    claims per se to be tried separately and most optimally, you

15    know, after the Courts have concluded their decisions on the

16    allocation dispute and the EMEA claims.

17          THE COURT:  So key to all of us working it seems

18    to me is that when parties designate certain witnesses, that

19    they identify those witnesses per issue so that the parties

20    know, for example, that Mr. Jones should be deposed not only

21    on allocation but on the various claims and that when

22    Mr. Jones testifies at trial, you should show up on that day

23    because his testimony is going to be binding on you in the

24    -- in your claim.

25          MR. O'CONNOR:  I think that's exactly right, Your

1  Honor.

2            THE COURT:  Okay.

3            MR. O'CONNOR:  And do believe that the parties

4  can work together and that can be accomplished.

5            THE COURT:  Sure.

6            MR. O'CONNOR:  I would say -- I would echo

7  Mr. Adler's comments about the schedule.  I do think that

8  the six months is extremely aggressive and is probably

9  unrealistic for a number of reasons.  There is a tremendous

10  amount of documents.  We have not even had access to the

11  40,000 documents in the Merrill [ph] database.  We've never

12  had access to that.  We need to get access to that.

13  There'll be documents to be produced, and frankly, some of

14  the dates in the proposals that have been going around are

15  just too short to be able -- parties to review documents, to

16  identify witnesses, and to have depositions taken within the

17  period of time they're talking about.

18            I suspect that many of these witnesses are all

19  going to be former employees of one or more of the Debtors

20  that are not going to be under parties' control.  They could

21  be in the U.K., they could be in France, they could be in

22  Canada, they could be anywhere, and I suspect that we will

23  have to resort to the Hague Convention on Taking Evidence

24  Abroad and other devices like that which are going to be

25  somewhat cumbersome and are going to take some time.  So I

1  would echo Mr. Adler's and I think Your Honor's point that

2  it makes sense to try to set a realistic deadline.  Again,

3  we're not interested in delays.  It costs us money.  But we

4  want to do something which is consistent with due process

5  and gives the parties a fair opportunity to bring the issues

6  before the Court.

7           THE COURT:  I guess in the words of the United

8  States Supreme Court in the desegregation cases, deliberate

9  speed is really what we're talking about here?

10          MR. O'CONNOR:  I think that's right.  And I do

11 think it makes sense, again, not to work backwards but to

12 work forwards, because if you take a date and you -- Your

13 Honors tell us we're going to try this case on October 20th,

14 then we have to work backwards and there's only so much

15 time, and even if we think that it's not enough time, we've

16 got to cut places.  And I don't think that's appropriate.

17          I think it makes more sense to work

18 prospectively, figure out how much time we think it's going

19 to take to review documents, how much time to take fact

20 depositions, how much time to take experts' depositions and

21 see where that takes us.  If we can't agree -- and maybe we

22 won't be able to agree -- then we'll come to Your Honor --

23 and as Mr. Adler said, we'll explain to you and Justice

24 Morawetz why we think the time is inadequate and you'll make

25 a decision.

 1          But I think the parties are engaging in good-

 2    faith discussions.  I think there has been some progress

 3    made to date and I think there can continue to be progress.

 4    We may not reach agreement on everything, but we'll narrow

 5    those issues and be back to see you and Justice Morawetz at

 6    some time in the future.

 7              THE COURT:  All right.

 8              MR. O'CONNOR:  Thank you.

 9              THE COURT:  Thank you.  Thank you.  That was very

10    -- certainly helpful.

11              Ms. Melnik?  Good afternoon, Ms. Melnik.  Let me

12    look and see who you're here for this afternoon.

13              MS. MELNIK:  Your Honor, I hesitantly approach

14    not having worn my bulletproof suit --

15                        (Laughter)

16              MS. MELNIK:  -- because --

17              MS. SCHWEITZER:  That was the clue.

18              THE COURT:  Yes.

19              MS. MELNIK:  I'm -- I --

20              THE COURT:  The triple C's.

21              MS. MELNIK:  The -- well, we like to call

22    ourselves the CCC.

23              THE COURT:  Okay.  All right.

24              MS. MELNIK:  Thank you, Your Honor.  And I

25    respectfully request the opportunity to address the Court

1  today.

2              THE COURT:  Please.

3              MS. MELNIK:  Thank you.

4              THE COURT:  This is a status conference.  I'm

5  making no decisions or rulings, and it's helpful to gather

6  as much information as I can.

7              MS. MELNIK:  I appreciate that.

8              THE COURT:  Sure.

9              MS. MELNIK:  Thank you, Your Honor.

10             My name is, for the record, Selinda Melnik.  I'm

11  with DLA Piper and I'm U.S. Counsel for the Informal

12  Committee of Creditors Holding Claims solely against the

13  Canadian Debtors, which is called by everyone -- although

14  pronounced maybe differently by everyone -- the CCC.

15             THE COURT:  Yes.

16             MS. MELNIK:  And that is how we've been

17  represented in all submissions.  Although it is called an

18  Informal Committee, that in no way is indicative of its lack

19  of fiduciary status of the various members thereof, several

20  of which are court-appointed by Justice Morawetz to

21  represent certain groups.  Here again is the cross-border

22  dilemma Your Honor and Justice Morawetz and others face in

23  these cases --

24             THE COURT:  Yes.

25             MS. MELNIK:  -- that the way things are done in

1   the various countries are different.  And if there were a

2   provision within the CCAA in Canada that provided for the

3   equivalent of the Official Committee of Unsecured Creditors

4   in the U.S., Creditors would not have to join together,

5   Creditors with common interest, General Unsecured Creditors

6   in an informal way.

7            THE COURT:  Um-hum.

8            MS. MELNIK:  So in a great many respects the CCC

9   is no different vis-à-vis the Canadian Debtors than the UCC

10  is with respect to the U.S. Debtors.

11           THE COURT:  Okay.

12           MS. MELNIK:  And that is the view we would take.

13  There are differences, obviously technical differences,

14  procedural differences, and to some extent, fiduciary

15  differences.  But this is a unique Committee of Creditors in

16  Canada because, as I said, several of the components, which

17  I'll describe in a few seconds, are actually court-appointed

18  representatives.  Effectively, the Informal Committee

19  includes other committees that are fiduciary committees with

20  fiduciary representatives appointed.

21           THE COURT:  Okay.

22           MS. MELNIK:  Those include -- and I'm doing this

23  from memory at the moment -- those entities include an

24  official representative of former employees of the Canadian

25  Debtors, Retirees, and the like.  Then, there is an official

1  representative of disabled like the LTD Committee --

2           THE COURT:  Here, yes.

3           MS. MELNIK:  -- in this -- in the Chapter 11

4  case.

5           THE COURT:  Sure.

6           MS. MELNIK:  And then there is a representative

7  of a steering committee of what they call essentially

8  current employees, who were those who were employed as of

9  the date of the filing of the Canadian CCAA proceedings and

10  thereafter.

11           So those are the three sectors --

12           THE COURT:  Um-hum.

13           MS. MELNIK:  -- which in many ways does mirror

14  what happens with a UCC.

15           THE COURT:  Yes.

16           MS. MELNIK:  They have not only court-appointed

17  representatives but counsel to those factions who are

18  appointed by the Court.

19           The other members of the CCC are the government

20  of Ontario's Superintendent of Financial Services in its

21  capacity as the administrator of the Ontario Pension Benefit

22  Guarantee Fund --

23           THE COURT:  Okay.

24           MS. MELNIK:  -- which is somewhat but not

25  entirely similar to the U.S. PBGC in that it's not a

1  separate -- wholly separate governmental -- quasi -- as

2  quasi a governmental entity as the PBGC is in respects.

3          And the final member of the Committee -- and I

4  hope I'm not missing anybody -- is the Canadian Autoworkers

5  Union, which represents many of the employees who were

6  employed in -- through over the years by the Nortel

7  entities.  So in a sense, with respect to the allocation

8  issue, I -- correct me if I'm wrong -- and I'm sure they

9  will -- I didn't hear anybody contend that the CCC was not a

10  core party for purposes of the cross-border global

11  allocation issue.

12          THE COURT:  That is my understanding that it

13  really -- the issue pertains to the claims issues.

14          MS. MELNIK:  So the issue pertains to the claims

15  issues and it's my further understanding that Your Honor and

16  obviously Justice Morawetz, who isn't here today, is not

17  making a determination with respect to standing in that

18  regard without submissions of the issues, which are broader

19  than as were able to be presented today.  So to the extent

20  that the parties agree and Your Honor agrees that it would

21  be appropriate for the CCC as a core party under the

22  Allocation Protocol approved by the Court, which was the

23  June 2011 Protocol, that the CCC be entitled to file a

24  Notice of Appearance without having to make a Motion to do

25  so before this Court a limited appearance with respect at

1  this juncture to the Allocation Protocol and the allocation

2  issue.  And then, when appropriate and if consent cannot be

3  reached, that there be a hearing on, if necessary, our

4  filing a Motion seeking the right to appear on -- for

5  further limited appearance with respect to other issues

6  without wholly turning to the Court generally.

7           THE COURT:  Well, let me make it clear.  First of

8  all, this is a status conference, so I'm not going to

9  rule --

10          MS. MELNIK:  Right.

11          THE COURT:  -- on anything today.  I hear the

12 arguments that would be of interest to me to know whether

13 anyone objects to your filing a Notice of Appearance --

14          MS. MELNIK:  With respect to the allocation --

15          THE COURT:  -- for the allocation issues --

16          MS. MELNIK:  -- issue.

17          THE COURT:  -- but -- and I'm not even going to

18 bind anyone -- and that's -- if they don't want to be heard

19 on that issue today, we can hear that at another time.

20          MS. MELNIK:  Sure.  But if Your Honor has any

21 further questions, I just wanted to ensure that the CCC that

22 Your Honor was given a broader understanding of who the CCC

23 is --

24          THE COURT:  And it's very --

25          MS. MELNIK:  -- what it does --

1           THE COURT:  Yes.

2           MS. MELNIK:  -- and it's a tongue-twister.

3           THE COURT:  Yes.

4           MS. MELNIK:  And why it isn't the UCC --

5           THE COURT:  Absolutely.

6           MS. MELNIK:  -- from an official point of view.

7           THE COURT:  Can't we just call it the C's?

8           MS. MELNIK:  Yeah, sure.

9           THE COURT:  I don't know, but --

10           MS. MELNIK:  You can call us anything you want.

11           THE COURT:  But for purposes of today,

12  Ms. Melnik, just so you're clear, I understand the argument.

13  Look, it -- I certainly would not rule on something without

14  giving a party an opportunity --

15           MS. MELNIK:  I do know that.

16           THE COURT:  -- to submit papers and to be heard

17  an argument if appropriate.  So we're not -- but in any

18  event, we're not deciding anything today.

19           MS. MELNIK:  Thank you, Your Honor.

20           THE COURT:  Thank you, Ms. Melnik.

21           MS. MELNIK:  Thank you.

22           THE COURT:  The information was helpful.

23           MS. MELNIK:  Thank you very much.

24           THE COURT:  Yes --

25           MS. SCHWEITZER:  Your Honor --

1          THE COURT:  -- Ms. Schweitzer?

2          MS. SCHWEITZER:  -- Lisa Schweitzer.  Just to

3    address the concern that we're trying to shove the triple

4    C's out of the room -- and I personally think they should be

5    renamed the A, B, C, D, E's because once you get in a group,

6    it's sort of an alphabet soup of people.  I think the

7    concern -- certainly no one was intending to get rulings

8    today.

9          THE COURT:  Right.

10         MS. SCHWEITZER:  And I think Ms. Melnik's

11   primary concern is that she not be excluded from Notice of

12   Hearings right now on joint hearings and allocation issues.

13   And I'm trying to say on the record that she will be on the

14   list as she was invited today, and that my preferred course

15   is that everyone reserves their rights on -- with respect to

16   any need for further relief for their right to be heard on

17   other issues.  But in terms of just noticing things up for

18   hearing before the Courts, the U.S. Debtors don't have a

19   problem including them on the list of people with the

20   understanding that --

21         THE COURT:  That you're reserving the right to --

22         MS. SCHWEITZER:  Everyone's rights are --

23         THE COURT:  -- a -- yes.

24         MS. SCHWEITZER:  -- reserved with respect --

25         THE COURT:  Sure.

1          MS. SCHWEITZER:  -- substantively.  I think the

2    reason that it's coming up in this context as a spotlighted

3    issue is the idea that the Allocation Protocol, as I said,

4    is the front of the Rubik's cube, right?  We solved red.  We

5    have this basic Protocol.  Let's get going on allocation.

6    And then this term core parties start -- was used and that

7    that has two consequences in the documents that we saw come

8    out of that is number one, the idea in allocation that every

9    core party has the entirety of rights in terms of access to

10   documents, ability to make document requests, rights to take

11   depositions, rights to be heard at trial, that every core

12   party is equal and every core party is independent.

13          And there are practical issues with that as you

14   heard Mr. O'Connor say that the U.S. Debtors actually had

15   floated this idea of discovery groups and just to see if

16   that would work, if we could somehow join people together on

17   numbers and practicality and the allocation issues.

18   Everyone said no, we don't like that.  So we're going to

19   have to have real practical solutions that not every person

20   -- and in this case, a group of five or six or seven

21   independent people who do not operate under common bylaws,

22   do not have the fiduciary duty to anyone other than their

23   own independent groups, and in fact do not have to agree

24   with each other.  You know, I don't know if that's one set

25   of depositions or five sets of depositions or some of them

1  want to show up in different issues.  Our concern on the

2  allocation side is just the mere mushrooming, right?

3          THE COURT:  Is that different than the

4  Bondholders?

5          MS. SCHWEITZER:  I think it is different than the

6  Bondholders in that, first, the Bondholders have claims in

7  both jurisdictions --

8          THE COURT:  Okay.

9          MS. SCHWEITZER:  -- right, and so that they have

10  a presence in both jurisdictions as a Creditor so that if --

11  which gets me to my second point also in -- and the second

12  thing is the Bondholders act as a unified group in terms of

13  taking positions that they've never said that, you know,

14  that there's not infighting.  They show up as a group, they

15  act as a group, and they have a recognized right to be heard

16  as a Creditor of both Estates.  Here --

17          THE COURT:  But do they have bylaws and

18  similar --

19          MS. SCHWEITZER:  Mr. Pisa can speak --

20          THE COURT:  -- operative --

21          MS. SCHWEITZER:  -- but my understanding is --

22          THE COURT:  -- governance --

23          MS. SCHWEITZER:  -- that they would --

24          THE COURT:  Okay.

25          MS. SCHWEITZER:  -- and that they act as a group

1  rather than a loose conglomerate of --

2            THE COURT:  All right.

3            MS. SCHWEITZER:  -- people in their litigation.

4  The other issue is, as Mr. Dunne actually had said, is this

5  issue creep idea --

6            THE COURT:  Yes.

7            MS. SCHWEITZER:  -- right, in that in terms of --

8  that if there's core parties recognized for allocation that

9  it doesn't suddenly become everybody has the right to

10  participate unlimited amounts in all situations, right?

11            And to -- Your Honor is actually familiar with

12  some of the members of the A, B, C, D, E's or the triple C's

13  or whatever we're going to call them today that in that one

14  of their members is this Employee Rep Group --

15            THE COURT:  Yes.

16            MS. SCHWEITZER:  -- which was the one that

17  invited Canadian Employees to file a Motion to Have Late

18  Claims Brought against the U.S. Debtors.

19            THE COURT:  Yes.

20            MS. SCHWEITZER:  So -- and again, not U.S.

21  Employees, Canadian Employees.  So there's particular

22  sensitivity to, first, giving non-U.S. Creditors, individual

23  creditors rights that our individual creditors aren't

24  getting.  We don't have -- we have a Bondholder group, but

25  we're not allowing our major trade creditors to come in.

1            We're not giving the LTD Committee -- our own LTD

2    Committee who's getting an unsecured claim, they haven't

3    asked so far for recognition.  And it's hard to say that

4    we're giving the Canadian LTD employees a voice in the

5    litigation of U.S. claims when we're not doing it so far and

6    no one's asked -- we haven't proposed it -- for our own

7    creditor groups, right?  That the parade of horribles would

8    be that they're the settlement where there's a litigation

9    and they would have an independent right to be -- to appeal,

10   to be heard, to somehow take positions beyond what you would

11   think of as the parties aggrieved, parties in interest have.

12           It's not an issue for today, but I think the

13   reason that's coming forward is this idea that other people

14   have voiced concerns in terms of setting a trial date and

15   having unintended consequences.  I think for today is a

16   status conference was immediately for your core -- Your

17   Honor and Justice Morawetz is to give us initial guidance on

18   the next steps, and one of the next steps was identification

19   of who is a core party and sort of getting -- setting the

20   gun off on allocation.  And the concern is not that first

21   step but whether some party was going to argue that by being

22   there when the gun went off that I have unlimited equal

23   rights for the entirety of the allocation process and that

24   it's all one ball of wax.  So now I have unlimited entire

25   rights with respect to all the claims as well.

1          I think those are the issues we're trying to

2   navigate how to make these things work together and how to

3   tailor rights.  And so I think that no one's trying to gang

4   up today.  No one's trying to get out in front of issues,

5   but I think that's a concern is that nothing that happens on

6   day one while these issues are being worked out prejudices

7   people in terms of the differences that need to be

8   respected.

9          THE COURT:  All right.  Thank you,

10  Ms. Schweitzer.

11          Yes, Mr. Hodara, sir.

12          MR. HODARA:  Thank you, Your Honor.  So just two

13  things.  First, with respect to the CCC's, the name that

14  Ms. Selnik emphasized -- Melnik, sorry -- emphasized the

15  Informal Committee holding claims solely against the

16  Canadian Debtors is the only point we were trying to make

17  earlier.  By their self-emphasized name, they do not hold

18  claims here.

19          THE COURT:  Sure.

20          MR. HODARA:  And if they file a Notice of

21  Appearance, we'll look forward to reviewing the 2019

22  Statement to see what claims or equity interest or something

23  they purport to actually hold here.

24          Final thing I wanted to address is to reiterate

25  the numerous parties that have agreed that six months is a

1    reasonable time frame, and part and parcel of that is that

2    we believe that actually having an end date stated is very

3    important.  We've all been involved in massive trials in

4    Bankruptcy Court and outside of the Bankruptcy Court where

5    dates have moved.  But when you have that date, you've got

6    something to work toward.  We've seen in this very case, not

7    to mention all the other cases where we've unfortunately

8    experienced this, if you don't have a date and you have a

9    lot of issues filling a vacuum, the vacuum grows.  And

10   that's what will happen here if we're not working towards a

11   date.

12            THE COURT:  I agree.  I do agree there has to be

13   an end date.  The question of what that end date will be is

14   something that Justice Morawetz and I will discuss.

15            I do want to ask Mr. Adler one question and I

16   know you -- it looks like you might have wanted to say

17   something as well.  And my one question is all -- I think

18   it's right that all of the other parties have suggested

19   that, although things may get tried together, there may be

20   some overlap -- that allocation proceeds first.  And I -- is

21   it the EMEA Debtor's position that the claims procedures --

22   I'm sorry, the claims litigation should proceed first?

23            MR. ADLER:  We said no.  We say allocation

24   first --

25            THE COURT:  Okay.

1           MR. ADLER:  -- Canadian claims, U.S. claims.

2           THE COURT:  Okay.

3           MR. ADLER:  The U.S. claims, I'll remind you

4  again, are generally derivative of the Canadian claims.

5  They're secondary claims, aiding and abetting and that sort

6  of thing.

7           THE COURT:  Sure.

8           MR. ADLER:  So it makes sense for Canadian to go

9  second.

10          THE COURT:  Okay.

11          MR. ADLER:  Just one point responding to

12  Mr. Hodara.  We agree there should be an end date.  We are

13  not suggesting there be a sort of open-ended we'll come back

14  and see how it's going.

15          THE COURT:  Right.

16          MR. ADLER:  We say that end date should be set

17  with reference to what the intermediate dates are.  We --

18  you know, after we've had an opportunity to confer, we would

19  envision coming back to you I guess in a few weeks since

20  Justice Morawetz will be away and being able to propose a

21  realistic schedule.  You'll see what the differences are

22  between the end dates and why there are differences, and you

23  can pick what the end date is.  But we are not remotely

24  suggesting that there should just be an open-ended discovery

25  period here.

1          THE COURT:  Okay.  All right.  And I understood

2  that, Mr. Adler.  The question was what the end date would

3  be --

4          MR. ADLER:  Thank you, Your Honor.

5          THE COURT:  -- not whether there should be one or

6  not.

7          MR. ADLER:  Thank you, Your Honor.

8          THE COURT:  Thank you.  Thank you.  Anything

9  else?

10          MS. SCHWEITZER:  I think you've actually heard

11  from all the parties today --

12          THE COURT:  Yes.

13          MS. SCHWEITZER:  -- that are present in the

14  courtroom so --

15          THE COURT:  Well, when I go home tonight and my

16  wife asks me what happened today, I'll have a lot to tell

17  her, I'll tell you that.

18                    (Laughter)

19          THE COURT:  So thank you all.  This was -- yes,

20  Mr. -- I'm sorry, Mr. Guyder, yes, sir?

21          MR. GUYDER:  Thank you, Your Honor.  Just to

22  clarify one point, I know there was some question about the

23  sequencing of things.  I think, you know, from our

24  perspective, all of this should be decided together such

25  that, you know, you -- the underlying factual issues are

1  intertwined, and so you can't really have a presentation of

2  the evidence and consideration of the issues by sequencing

3  as Mr. Adler was suggesting.  And so it's our position --

4  and I think this is set out in the proposal that has been

5  circulated -- that these things should be considered in a

6  joint hearing.

7          THE COURT:  Okay.

8          MR. GUYDER:  I'd just like to clarify that point,

9  Your Honor.

10         MS. SCHWEITZER:  And --

11         THE COURT:  Yes, Ms. Schweitzer?

12         MS. SCHWEITZER:  Your Honor --

13         THE COURT:  Thank you.  Thank you.

14         MS. SCHWEITZER:  -- for the record, I'm not sure

15  that we're that far apart on that issue.  As I said, this

16  might be a matter of whether we're taking bathroom breaks or

17  ending one trial and starting the next one --

18         THE COURT:  Yes.

19         MS. SCHWEITZER:  -- but I think that in terms of

20  sequencing, I'm not sure that the -- the U.S. Debtors

21  believe that there will be overlap; there will be synergies

22  between the different claims.  And it's just the block of

23  time and maybe some of those details get worked out --

24         THE COURT:  And then there may be --

25         MS. SCHWEITZER:  -- when you're closer to

1   figuring them out --

2           THE COURT:  -- some leftover issues, for example,

3   some in Canada where Justice Morawetz would sit individually

4   and some here where I would be sitting individually.

5           MS. SCHWEITZER:  Correct.

6           THE COURT:  Sure.

7           MS. SCHWEITZER:  You're right, Your Honor.

8           THE COURT:  Sure.

9           MS. SCHWEITZER:  So that's the things I think

10  allocation cleans up a lot of those issues but -- that I

11  think we can -- if we have the block of time, then we can

12  work together in figuring out among ourselves what -- if

13  it's -- one goes first, one goes second or if they're -- you

14  know, if it's combined and breaked [sic] away.  But I think,

15  you're right, is that the U.S. Debtors and Canadian Debtors

16  are of like mind in that it's one block of time; it's not a

17  block of the comp time and then a second round of Motions

18  and a complete new trial date six months later.  We're

19  working one block of time, and within that, we have to work

20  amongst ourselves to figure out the proper sequencing and

21  logistics either now or closer when we get to that block of

22  time so --

23          THE COURT:  All right.  Thank you.  Thank you for

24  that.  I will be sure to tell Justice Morawetz that I am

25  just the messenger.

1                        (Laughter)

2            THE COURT:  And with that, thank you all.  It was

3    very, very helpful and important obviously for me to hear

4    from all of you.  And it's certainly -- I've been thinking

5    about this a great deal of the time the last few weeks and

6    there's more to think about still.  Thank you.

7            MR. ABBOTT:  Thanks very much, Your Honor.

8            BY ALL:  Thank you, Your Honor.

9            THE COURT:  Stand in recess.  Good evening to

10   you.

11       (Whereupon at 4:05 p.m., the hearing was adjourned.)

12                       CERTIFICATION

13           I   certify   that   the   foregoing   is   a   correct

14   transcript   from   the   electronic   sound   recording   of   the

15   proceedings in the above-entitled matter.

16

17
18   _____        27 March 2013
19   Christy Snyder, Transcriber                  Date
20   Diaz Data Services, LLC

| Word | Page:Line |
| --- | --- |

abbott(8) 1:23 7:5 7:6 7:7 7:9 7:16 8:3 87:7

abetting(1) 83:5
abid(1) 4:21
ability(3) 22:15 41:17 77:10
able(15) 17:15 25:9 26:23 27:9 34:3 38:5 38:19 39:11 42:15 42:25 52:20 67:15 68:22 73:19 83:20

about(32) 9:18 11:3 16:19 18:15 19:4 23:8 26:3 26:4 29:12 32:22 36:11 36:25 38:23 43:20 47:6 48:24 49:3 49:5 49:25 52:8 52:21 56:6 57:20 58:23 61:3 64:19 67:7 67:17 68:9 84:22 87:5 87:6

above-entitled(1) 87:15
abroad(1) 67:24
absolute(1) 19:5
absolutely(5) 13:13 39:19 40:1 57:21 75:5
absorb(1) 35:7
accept(1) 25:22
acceptance(1) 18:5
access(5) 23:9 67:10 67:12 67:12 77:9
accommodate(1) 48:13
accomplished(1) 67:4
acknowledge(1) 20:15
acknowledged(1) 62:2
across(1) 51:7
act(3) 78:12 78:15 78:25
acting(1) 27:1
actively(1) 35:15
actually(19) 19:10 24:2 24:10 30:11 32:22 40:21 43:17 43:19 44:17 44:20 52:9 52:14 71:17 77:14 79:4 79:11 81:23 82:2 84:10

add(1) 50:21
added(1) 53:24
addition(1) 65:22
additional(3) 15:12 50:21 64:25
address(6) 9:15 28:23 43:20 69:25 76:3 81:24

addressed(1) 58:9
adjourned(1) 87:11
adjudicate(1) 50:17
adjudication(3) 50:22 51:4 51:24
adjust(1) 59:23
adler(37) 2:21 55:19 55:24 55:25 56:1 56:2 56:8 56:10 56:12 56:13 56:14 57:9 57:18 58:20 58:22 59:6 59:12 60:1 60:3 60:5 60:7 60:11 60:14 60:16 60:17 60:23 82:15 82:23 83:1 83:3 83:8 83:11 83:16 84:2 84:4 84:7 85:3

adler's(2) 67:7 68:1
administered(1) 1:6
administrator(2) 19:9 72:21
administrators(6) 2:20 5:19 5:34 24:6 52:18 56:3

adopt(1) 12:9
adopted(1) 12:4
adopting(1) 22:2
advance(1) 28:8
adverse(1) 63:4
advocate(1) 31:15
affects(1) 51:14
afforded(1) 41:14
after(9) 12:24 18:17 25:10 25:12 31:12 50:23 58:3 66:15 83:18

afternoon(16) 7:3 7:4 7:6 7:23 7:24 9:7 9:8 13:1 40:12 40:13 40:18 49:12 49:13 60:18 69:11 69:12

again(21) 11:1 11:7 15:6 15:11 15:13 15:17 17:9 21:11 24:12 26:20 37:17 46:8 53:6 54:3 64:6 65:4 68:2 68:11 70:21 79:20 83:4

against(13) 13:20 13:20 13:23 13:25 37:7 37:25 38:7 43:15 63:6 63:24 70:12 79:18 81:15

aggressive(1) 67:8
aggrieved(1) 80:11
ago(6) 30:12 41:6 44:10 52:11 53:5 53:23 27:6 49:2 49:16 56:22 56:23 57:9 65:16 68:21 68:22 73:20 77:23 82:12 82:12 83:12

agree(20) 16:4 16:5 16:11 18:2 20:23 21:

agreed(4) 16:7 42:9 60:25 81:25
agreeing(3) 41:18 41:20 57:13
agreement(5) 16:10 42:16 56:21 57:10
agrees(1) 73:20
ahead(1) 40:3
aiding(1) 83:5
akin(3) 2:11 4:18 40:14
alberto(1) 3:6
aligned(3) 23:21 62:23 63:2
alignment(1) 63:1
all(77) 14:9 15:19 16:11 16:17 21:17 21:18 21:19 23:10 25:4 26:10 30:25 32:5 32:10 33:17 35:10 35:15 36:25 38:18 38:23 39:6 39:12 40:6 41:13 41:18 42:10 44:2 44:10 44:25 45:3 47:4 47:6 49:6 49:6 50:7 50:12 51:7 51:7 51:25 52:8 55:6 55:12 55:16 55:19 56:4 56:18 60:7 60:10 61:19 62:15 64:11 64:24 65:21 66:17 67:18 69:7 69:23 70:17 74:8 79:2 79:10 80:24 80:25 81:9 82:3 82:7 82:17 82:18 84:1 84:11 84:19 84:24 86:24 87:2 87:8 87:8

allen(3) 2:40 4:37 7:25
allocate(1) 48:25
allocation(80) 10:13 10:13 11:17 12:3 12:9 12:19 13:24 14:2 14:6 14:17 14:22 14:24 15:1 15:14 17:21 17:22 18:6 18:25 20:5 20:7 20:11 20:11 20:22 21:3 21:8 21:24 24:15 35:3 45:9 46:16 50:18 50:23 51:4 51:6 51:6 51:13 52:8 52:23 53:4 53:6 53:14 54:12 54:23 54:25 55:10 62:21 63:1 63:13 64:16 64:22 65:12 65:17 65:24 66:3 66:15 66:1 66:22 73:7 73:11 73:22 74:1 74:1 74:14 74:15 76:12 77:3 77:5 77:7 77:8 77:10 78:2 79:8 80:20 80:23 82:20 82:23 86:10

allow(2) 11:22 50:12
allowing(1) 79:25
almost(2) 43:3 54:2
along(3) 19:11 39:20 44:4
alphabet(1) 76:6
already(5) 41:24 42:9 43:10 43:15 44:15
also(21) 9:19 12:7 13:24 19:13 19:20 20:24 22:24 24:19 25:6 27:8 28:4 29:21 29:24 31:6 40:2 47:22 52:19 54:23 55:1 57:2 78:11

although(4) 53:23 70:13 70:17 82:19
always(2) 13:17 38:7
ambitious(1) 13:18
amenable(1) 65:15
america(2) 4:8 4:8
americas(1) 2:43
among(2) 49:23 86:12
amongst(1) 86:20
amount(1) 67:10
amounts(1) 79:10
anastashia(1) 3:46

and(301) 7:4 7:21 8:3 8:5 8:6 8:9 8:14 8:16 8:17 8:22 8:25 9:1 9:2 9:20 9:20 9:23 10:2 10:5 10:6 10:12 10:19 10:23 10:24 11:2 11:3 11:7 11:9 11:12 11:18 12:4 12:5 12:7 12:11 12:16 12:17 12:19 12:23 13:1 13:4 13:6 13:8 13:15 13:18 13:19 13:24 13:25 14:2 14:3 14:8 14:10 14:13 14:18 14:25 14:25 15:4 15:5 15:13 15:17 15:18 15:18 15:18 16:1 16:5 16:8 16:8 16:9 16:10 16:16 16:20 16:20 16:21 16:21 16:25 17:1 17:4 17:8 17:11 17:13 17:17 17:20 18:1 18:1 18:7 18:7 18:17 18:25 19:4 19:6 19:9 19:17 19:21 19:25 20:4 20:10 20:12 20:16 20:18 20:21 21:1 21:7 21:8 21:8 21:10 21:11 21:13 21:19 21:20 21:22 21:23 21:28 22:12 22:17 22:22 22:22 22:24 22:24 23:5 23:7 23:20 24:7 24:12 24:14 24:15 24:18 24:19 24:23 24:25 25:1 25:6 25:15 25:19 25:23 26:1 26:2 26:3 26:4 26:5 26:7 26:8 26:16 27:16 27:17 27:17 27:18 27:20 28:4 28:14 28:15 28:22 29:2 29:4 29:4 29:25 30:9 29:10 29:11 29:12 29:18 29:22 29:25 30:9 30:14 30:15 30:19 30:20 30:22 30:23 31:2 31:7 31:11 31:15 31:16 31:17 31:23 31:24 32:4 32:15 32:15 32:15 32:20 32:21 33:5 33:8 33:9 33:9 33:17 33:21 34:4 34:9 34:19 34:19 35:4 35:8 35:9 35:11 35:11 35:16 36:8 36:10 36:16 36:16 36:22 36:24 36:25 37:1 37:3 37:3 37:4 37:7 37:10 37:19 37:24 38:2 38:5 38:8 38:9 38:10 38:14 38:17 38:18 38:19 38:22 38:23 38:24 39:11 39:25 40:18 41:5 41:13 41:16 41:19 41:22 41:24 42:5 42:7 42:10 42:13 42:23 43:7 43:8 43:17 43:21 43:25 44:7 44:7 44:9 44:13 44:13 44:14 44:18 45:12 46:4 46:9 46:9 46:24 46:24 47:1 47:6 47:22 48:1 48:3 48:12 48:16 48:20 48:23 49:1 49:3 49:11 49:11 49:16 49:21 49:22 50:1 50:1 50:2 50:3 50:8 50:8 50:10 50:18 50:19 50:19 50:21 50:24 50:25 51:1 51:4 51:7 51:10 51:15 51:16 51:20

and(227) 52:1 52:10 52:11 52:15 52:17 52:17 52:17 52:18 52:22 52:23 53:3 53:6 53:18 53:19 54:1 54:8 54:13 54:15 54:21 55:8 55:22 55:23 56:1 56:3 56:8 56:15 56:18 56:20 56:22 56:22 56:24 56:25 57:1 57:3 57:4 57:10 57:13 57:21 58:1 58:3 58:8 58:10 58:11 58:13 58:15 58:19 58:23 59:1 59:2 59:7 59:9 59:12 59:13 59:14 59:16 59:18 59:23 59:24 60:8 60:1 60:24 61:3 61:14 61:16 62:1 62:8 62:18 62:22 62:23 62:24 63:2 63:10 63:11 63:14 63:15 63:17 63:20 63:21 63:24 63:24 64:4 64:12 64:14 64:17 64:17 64:17 64:19 64:22 64:25 65:5 65:5 65:7 65:12 65:15 65:18 65:20 66:3 66:3 66:7 66:12 66:14 66:16 66:21 67:3 67:4 67:8 67:13 67:16 67:22 67:24 67:25 68:1 68:5 68:10 68:12 68:14 68:15 68:16 68:20 68:21 68:23 68:23 69:3 69:4 69:5 69:5 69:12 69:24 70:5 70:11 70:16 70:22 70:22 71:1 71:12 71:14 71:22 71:25 72:6 72:9 73:3 73:3 73:8 73:15 73:15 73:20 74:1 74:2 74:2 74:17 74:18 74:24 75:2 75:4 75:16 76:4 76:10 76:12 76:14 77:4 77:6 77:12 77:13 77:15 77:17 77:17 77:20 77:23 78:9 78:11 78:15 78:17 78:25 79:1 79:20 80:3 80:5 80:9 80:14 80:17 80:18 80:19 80:20 80:23 81:2 81:3 81:20 82:1 82:1 82:4 82:8 82:9 82:14 82:15 82:17 82:20 83:5 83:5 83:14 83:20 83:22 83:22 84:1 84:15 85:1 85:2 85:3 85:4 85:10 85:17 85:22 85:23 85:24 86:4 86:14 86:15 86:17 86:18 86:19 86:20 87:2 87:3 87:4 87:5

and-a-hall(1) 34:13
and-forth(1) 15:8
andrew(1) 3:41

angela(1) 5:15
ann(1) 1:24
another(5) 15:23 19:17 28:18 29:4 74:19
answer(1) 31:17
answering(1) 28:16
answers(1) 38:5
any(26) 8:18 17:16 26:21 30:23 30:24 33:6 37:5 45:12 45:23 54:8 54:17 54:18 58:7 61:5 61:9 62:8 64:3 64:8 64:9 64:10 64:10 64:25 65:15 74:20 75:17 76:16

anybody(2) 73:4 73:9
anyone(8) 11:11 13:4 18:1 26:25 61:10 74:13 74:18 77:22

anyone's(2) 11:12 58:7
anything(6) 51:14 62:10 74:11 75:10 75:18 84:8

anyway(2) 53:24 65:11
anywhere(1) 67:22
apart(2) 34:1 85:15
appeal(2) 56:8 80:9
appear(3) 21:6 58:6 74:4
appearance(6) 51:12 73:24 73:25 74:5 74:13 81:21

appearances(4) 3:38 4:1 5:2 6:2
appeared(2) 13:8 54:13
applicable(1) 51:23
apply(3) 21:18 22:15 25:4
applying(1) 64:7
appointed(2) 71:20 72:18
appreciate(5) 8:3 9:25 10:23 39:4 70:7
appreciated(1) 17:16
approach(2) 57:6 69:13
appropriate(12) 8:15 8:20 33:8 49:2 50:12 50:22 51:5 51:8 66:18 73:21 74:2 75:17

approved(4) 57:7 61:25 62:6 73:22
approximately(1) 46:21
april(10) 1:18 1:32 31:4 31:8 34:6 34:7 45:20 46:5 46:20 50:9

arbitrary(1) 58:12
are(122) 7:18 7:18 8:14 8:15 9:2 9:23 9:24 10:12 11:3 11:9 13:7 14:1 14:12 14:19 15:5 16:3 16:4 17:1 17:4 18:16 18:18 18:23 19:5 19:7 19:10 20:23 21:22 22:5 23:4 24:9 24:16 29:3 31:20 31:21 32:10 32:11 33:9 33:12 33:23 34:4 34:6 34:12 35:1 35:3 35:9 36:12 36:18 38:19 41:1 41:20 42:11 42:15 43:10 43:15 44:2 44:11 44:12 44:13 44:16 44:20 45:4 45:7 45:8 45:11 46:14 50:16 51:16 51:6 53:24 58:11 58:11 58:11 58:12 59:16 59:21 61:3 62:12 62:16 62:24 62:25 63:3 63:11 63:14 63:18 63:23 64:8 67:14 67:20 67:20 67:24 67:25 69:1 70:20 70:25 71:1 71:13 71:17 71:19 72:11 72:17 72:19 73:18 76:22 77:13 81:1 81:16 83:4 83:12 83:17 83:21 83:22 83:23 84:13 84:25 86:16

area(2) 42:14 42:22
areas(4) 41:23 42:8 56:21 57:10
aren't(3) 16:7 28:16 79:23
argue(3) 15:6 18:13 80:21
argument(2) 12:3 27:23 75:12 75:17
arguments(2) 36:11 74:12
armed(1) 7:20
around(13) 7:19 12:24 15:20 16:25 17:2 20:3 22:22 37:13 47:17 48:13 50:4 63:10 67:14

arrangements(2) 10:7 39:11
arsht(1) 1:22
arthur(1) 5:48
artificial(2) 59:19 63:15
aside(3) 35:19 41:13 47:11
ask(5) 8:22 21:11 47:16 66:10 82:15

| Word | Page:Line |
|---|---|
| asked(8) 12:20 19:17 19:20 26:8 46:12 65:22 80:3 80:6 | |
| asking(9) 9:11 9:21 21:5 24:12 31:1 51:18 51:19 61:5 | |
| asks(2) 16:15 84:16 | |
| assist(1) 38:23 | |
| assistance(1) 42:24 | |
| assume(3) 18:20 28:21 30:23 | |
| assuming(1) 11:18 | |
| assumption(1) 62:11 | |
| attempt(1) 10:25 | |
| attention(1) 31:20 | |
| attuned(1) 48:2 | |
| aurelius(2) 3:44 4:32 | |
| automatic(2) 64:1 64:21 | |
| autoworker(1) 24:7 | |
| autoworkers(1) 73:4 | |
| available(5) 7:10 8:17 39:23 46:1 47:3 | |
| ave(1) 3:7 | |
| avenue(2) 2:43 3:13 3:19 | |
| avoid(5) 15:18 62:14 62:14 62:14 65:15 | |
| aware(3) 9:1 9:2 61:4 | |
| away(4) 45:20 61:17 83:20 86:14 | |
| back(16) 15:7 16:6 19:24 25:6 27:9 28:23 29:14 37:16 57:11 58:10 59:1 59:13 60:9 69:5 83:13 83:19 | |
| backed(1) 37:1 | |
| background(3) 11:1 11:10 31:15 | |
| background's(1) 31:16 | |
| backwards(7) 27:15 27:16 27:18 42:3 59:5 68:11 68:14 | |
| bad(1) 27:1 | |
| badtke-berkow(1) 4:38 | |
| balanced(2) 37:25 38:7 | |
| ball(6) 15:2 21:16 43:23 47:8 47:8 80:24 | |
| bank(4) 4:8 4:8 6:5 6:20 | |
| bankruptcy(5) 1:1 1:19 22:7 82:4 82:4 | |
| barclays(1) 4:28 | |
| basic(1) 77:5 | |
| basically(4) 25:25 49:21 49:24 50:17 | |
| basics(1) 27:10 | |
| basis(2) 11:14 52:19 | |
| bathroom(2) 36:12 85:16 | |
| battery(1) 2:22 | |
| bayard(1) 3:5 | |
| because(26) 17:18 18:2 32:25 37:2 40:2 43:9 44:11 45:3 47:16 48:16 50:23 51:3 52:6 55:19 58:13 58:22 59:21 61:8 62:15 63:9 66:1 66:23 68:12 69:16 71:16 76:5 | |
| become(1) 79:9 | |
| been(37) 7:12 8:8 8:24 8:25 9:16 16:1 16:3 17:11 17:19 19:7 20:2 24:22 25:2 25:23 26:22 27:1 43:7 44:15 49:25 50:6 52:20 54:9 54:13 54:14 57:23 58:1 59:14 63:5 63:5 64:8 64:10 67:14 69:2 70:16 82:3 85:4 87:4 | |
| before(11) 1:18 12:19 27:9 42:11 43:22 44:21 61:11 65:6 68:6 73:25 76:18 | |
| beginning(3) 11:6 17:18 31:14 | |
| behalf(4) 7:25 11:12 49:15 60:23 | |
| being(16) 9:23 14:23 19:23 26:14 26:23 39:11 42:9 44:16 52:20 55:14 62:16 62:16 63:12 80:21 81:6 83:20 | |
| belabor(1) 41:25 | |
| believe(16) 19:21 24:7 40:18 40:19 41:14 43:13 45:19 45:22 47:1 48:25 51:10 51:21 51:22 67:3 82:2 85:21 | |
| believes(1) 9:18 | |
| belknap(1) 4:24 | |
| bench(1) 41:16 | |

| Word | Page:Line |
|---|---|
| beneficial(1) 44:6 | |
| benefit(2) 27:7 72:21 | |
| benefits(1) 55:6 | |
| benjamin(1) 6:12 | |
| best(4) 26:17 39:15 43:2 48:13 | |
| bet(1) 9:6 | |
| between(9) 22:23 24:15 46:10 47:3 56:21 57:4 66:2 83:22 85:22 | |
| beyond(3) 13:16 24:25 80:10 | |
| big(5) 21:16 21:20 43:23 47:8 64:16 | |
| bind(1) 74:18 | |
| binding(1) 66:23 | |
| bit(3) 28:2 37:2 37:20 | |
| black-letter(1) 51:17 | |
| blauner(1) 4:46 | |
| block(14) 25:14 25:17 34:13 35:1 35:12 35:18 36:9 36:19 85:22 86:11 86:16 86:17 86:19 86:21 | |
| blue(3) 16:16 16:17 16:17 | |
| blurring(1) 54:18 | |
| bond(1) 49:1 | |
| bondholder(4) 3:23 19:8 49:15 79:24 | |
| bondholders(5) 52:17 78:4 78:6 78:6 78:1 | |
| border(3) 14:4 30:5 30:18 | |
| both(14) 9:20 16:6 16:11 26:5 26:6 26:12 28:1 28:15 30:4 30:16 50:8 78:7 78:10 78:16 | |
| botter(1) 2:12 | |
| bound(3) 66:4 66:6 66:12 | |
| brad(1) 4:19 | |
| brass(1) 47:8 | |
| break(1) 47:8 | |
| breaked(1) 86:14 | |
| breaks(2) 36:12 85:16 | |
| brian(2) 3:12 60:20 | |
| brief(2) 10:24 49:17 | |
| briefing(1) 35:8 | |
| bring(3) 31:22 38:6 68:5 | |
| bringing(1) 13:19 | |
| broader(3) 51:2 73:18 74:22 | |
| bromley(1) 26:9 | |
| brother's(1) 16:24 | |
| brought(2) 13:25 79:18 | |
| brumhol(1) 4:14 | |
| bryant(1) 2:14 | |
| bubbles(1) 34:14 | |
| buchanan(1) 2:34 | |
| building(1) 52:23 | |
| bulletproof(1) 69:14 | |
| bundles(1) 13:7 | |
| burden(1) 50:21 | |
| busy(1) 61:17 | |
| but(123) 7:12 8:12 9:4 9:19 10:1 12:8 14:4 14:6 15:6 15:10 15:12 15:14 15:19 16:13 16:18 17:2 17:8 18:3 18:6 18:16 18:19 19:12 19:16 20:14 20:23 21:2 21:12 22:3 22:23 22:21 23:24 24:13 24:16 24:19 25:1 25:17 26:18 27:6 27:8 27:20 27:25 28:5 28:10 28:19 29:13 30:5 30:9 30:13 30:24 31:3 31:18 32:3 33:2 33:2 34:2 34:3 34:25 35:14 36:19 37:5 37:16 38:3 38:8 38:15 39:8 39:13 39:18 41:1 41:19 41:25 43:3 43:18 44:9 44:19 46:3 46:14 47:9 47:19 47:23 48:14 50:7 50:7 51:14 52:6 54:7 54:22 55:6 55:6 56:14 57:14 57:24 59:19 60:2 61:9 61:17 61:19 63:1 63:10 66:13 66:21 68:3 68:11 69:1 69:24 72:17 72:24 74:17 74:20 75:9 75:11 75:1 76:17 78:17 78:21 79:24 80:12 80:21 81: 82:5 83:23 85:19 86:10 86:14 | |
| bylaws(2) 77:21 78:17 | |
| c's(18) 19:10 19:10 21:5 23:23 29:2 51:11 53:2 53:5 53:17 53:22 54:2 54:3 54:4 54:12 69:20 75:7 76:4 79:12 | |

| Word | Page:Line |
|---|---|
| cala(5) 63:24 64:3 64:13 64:25 65:7 | |
| calculation(2) 58:7 58:7 | |
| calendar(2) 28:9 28:19 | |
| calendars(2) 48:6 48:10 | |
| call(9) 14:23 19:10 23:18 63:20 69:21 72:7 75:7 75:10 79:13 | |
| called(4) 23:25 44:24 70:13 70:17 | |
| can(59) 10:7 10:19 11:2 14:21 14:25 15:17 16:17 20:20 21:1 22:20 22:25 26:19 27:7 27:15 27:16 27:16 27:18 27:18 29:15 32:1 34:14 35:7 35:8 35:19 36:14 36:16 38:1 38:22 40:3 40:20 43:2 43:16 44:6 45:23 46:5 46:9 46:18 47:15 48:15 50:22 50:24 53:19 57:23 58:2 60:24 61:15 62:13 63:13 67:4 67:4 69:3 70:6 74:19 75:10 78:19 83:23 86:11 86:15 | |
| can't(12) 25:11 26:5 26:13 27:23 35:23 44:1 44:10 59:14 59:22 68:21 75:7 85:1 | |
| canada(14) 4:13 6:25 7:13 24:1 24:2 43:9 46:17 50:23 54:8 56:22 67:22 71:2 71:16 86:3 | |
| canadian(43) 8:2 12:12 13:20 14:1 14:24 15:16 18:1 18:7 18:10 19:12 21:14 22:1 24:4 24:6 25:23 26:7 29:25 33:1 35:9 44:13 45:7 48:2 48:24 49:1 53:20 54:24 57:1 57:5 57:13 62:19 70:13 71:9 72:4 72:9 73:4 79:17 79:21 80:4 81:16 83:1 83:4 83:8 86:15 | |
| cannot(1) 74:2 | |
| capacity(1) 72:21 | |
| capital(3) 4:28 4:32 5:9 | |
| caption(1) 30:9 | |
| case(16) 1:5 32:23 33:2 36:25 37:2 38:6 40:19 41:21 44:1 44:10 54:17 62:25 68:1 72:4 77:20 82:6 | |
| cases(1) 21:7 54:13 68:8 70:23 82:7 | |
| category(1) 51:2 | |
| cause(1) 61:13 | |
| ccaa(2) 71:2 72:9 | |
| ccc(9) 69:22 70:14 71:8 72:19 73:9 73:21 73:23 74:21 74:22 | |
| ccc's(1) 81:13 | |
| cede(1) 7:23 | |
| ceded(1) 22:14 | |
| certain(3) 14:3 43:3 43:3 51:3 61:14 64:7 66:4 66:18 70:21 | |
| certainly(34) 8:11 11:12 16:8 19:17 22:6 25:20 26:11 26:20 28:1 30:13 30:19 30:22 33:12 33:16 33:23 34:4 34:10 34:25 36:19 37:6 38:3 38:6 38:15 39:2 39:9 39:8 56:11 62:12 62:25 65:16 69:10 75:13 76:7 87:4 | |
| certification(1) 87:12 | |
| certify(1) 87:13 | |
| chain(1) 22:21 | |
| chambers(1) 47:23 | |
| chance(2) 7:11 58:10 | |
| chapter(1) 1:8 72:3 | |
| characterized(1) 8:5 | |
| charles(1) 5:43 | |
| chase(1) 3:27 | |
| chris(1) 2:5 | |
| christy(1) 87:19 | |
| chung(1) 4:9 | |
| cindy(1) 4:5 | |
| circle(1) 29:19 | |
| circled(1) 28:8 | |
| circuit(1) 59:24 | |
| circulated(4) 13:15 15:11 25:2 85:5 | |
| circumstances(2) 64:12 64:24 | |
| claim(5) 14:4 22:9 22:10 66:24 80:2 | |
| claimant(1) 23:22 | |

| Word | Page:Line |
|---|---|
| claimants(13) 19:20 19:23 21:23 21:24 23:15 24:4 25:10 25:19 25:20 54:25 60:24 61:24 62:7 | |
| claimholder(1) 54:21 | |
| claims(84) 13:19 13:19 13:20 13:23 13:25 14:6 14:18 14:19 14:25 14:25 15:15 15:16 20:13 20:13 20:15 20:17 20:18 21:9 21:24 22:16 23:3 23:7 24:15 31:8 35:4 43:8 43:14 43:15 44:12 44:13 45:13 46:17 46:17 50:19 51:4 51:9 51:13 51:24 52:10 52:22 53:9 54:14 54:16 61:25 62:7 62:22 62:22 63:2 63:2 63:3 63:4 63:14 63:14 63:23 63:23 64:17 64:17 65:3 65:13 65:18 65:18 66:3 66:14 66:16 66:21 70:12 73:13 73:14 78:6 79:18 80:5 80:25 81:15 81:18 81:22 82:21 82:22 83:1 83:1 83:3 83:4 83:5 85:22 | |
| clarify(3) 8:4 84:22 85:8 | |
| cleans(1) 86:10 | |
| clear(6) 50:2 54:20 62:5 63:25 74:7 75:12 | |
| clearly(1) 45:8 | |
| cleary(3) 1:29 6:16 9:9 | |
| clerk(1) 7:2 | |
| close(1) 55:25 | |
| closer(2) 85:25 86:21 | |
| clue(1) 69:17 | |
| colleagues(1) 57:1 | |
| collectively(1) 11:3 | |
| colored(1) 29:15 | |
| combined(2) 14:9 86:14 | |
| come(19) 9:11 12:8 16:6 27:9 27:17 29:14 39:5 57:11 57:21 58:10 58:13 58:16 59:1 59:13 60:8 68:22 77:7 79:25 83:13 | |
| comes(3) 22:17 23:13 38:10 | |
| comforting(1) 41:3 | |
| coming(9) 10:3 17:15 23:3 50:15 54:25 56:16 77:2 80:13 83:19 | |
| commencing(1) 45:21 | |
| comments(3) 40:18 41:1 67:7 | |
| committee(25) 2:5 3:24 3:31 4:4 4:17 19:8 19:11 24:1 24:2 24:3 40:15 48:25 54:8 62:23 70:18 71:3 71:15 71:18 72:1 72:7 73:3 80:1 80:2 81:15 | |
| committees(1) 71:19 71:19 | |
| common(4) 20:24 20:25 71:5 77:21 | |
| communication(1) 31:24 | |
| comp(1) 86:17 | |
| company(2) 4:25 5:5 | |
| complaint(1) 18:3 | |
| complete(1) 86:18 | |
| completed(1) 58:2 | |
| completely(3) 35:7 62:21 63:3 | |
| complicate(1) 50:24 | |
| complications(1) 59:17 | |
| components(1) 71:16 | |
| compromis(1) 25:11 | |
| concept(2) 44:3 53:14 | |
| concepts(1) 41:17 | |
| concern(8) 26:11 27:22 76:3 76:7 76:11 78:1 80:20 81:5 | |
| concerns(2) 25:20 80:14 | |
| concise(1) 49:11 | |
| concluded(1) 66:15 | |
| conclusions(3) 38:3 66:5 66:12 | |
| confer(2) 58:10 83:18 | |
| conference(1) 7:11 8:6 8:12 8:17 9:21 12:5 28:12 30:1 70:4 74:8 80:16 | |
| conferring(2) 58:23 60:8 | |
| conflation(1) 51:4 | |
| conglomerat(2) 24:3 79:1 | |
| conglomeration(2) 24:8 54:5 | |
| consensus(1) 50:6 | |

| Word | Page:Line |
|---|---|
| consent(1) 74:2 | |
| consequences(2) 77:7  80:15 | |
| consideration(1) 85:2 | |
| considered(4) 13:5  52:15  65:5  85:5 | |
| consistent(3) 63:16  66:6  68:4 | |
| constitutional(1) 23:19 | |
| constructive(4) 26:24  29:10  35:16  56:25 | |
| constructively(2) 29:12  56:16 | |
| cont(1) 5:46 | |
| contemplate(1) 20:22 | |
| contemplated(1) 17:22 | |
| contend(1) 73:9 | |
| context(5) 8:15  11:2  12:2  52:11  77:2 | |
| continue(2) 34:14  69:3 | |
| continued(5) 2:2  3:2  4:2  5:3  6:3 | |
| contours(1) 26:15 | |
| contrary(1) 62:10 | |
| control(1) 67:20 | |
| controversy(2) 15:23  15:24 | |
| convenience(1) 14:22 | |
| convention(1) 67:23 | |
| conversation(3) 9:15  41:7  61:16 | |
| coordinate(4) 12:12  15:18  29:8  38:19 | |
| coordinated(1) 32:2 | |
| coordinating(1) 22:3 | |
| coordination(3) 20:19  41:8  55:9 | |
| copied(1) 13:8 | |
| copies(1) 23:9 | |
| cordo(1) 1:24 | |
| core(43) 16:19  19:1  19:3  19:6  19:14  19:21<br>19:23  20:4  20:5  22:20  41:19  42:8  42:23<br>43:11  44:24  44:24  45:3  45:8  51:6  52:7<br>52:12  53:2  53:6  53:13  53:18  54:23  55:5<br>55:10  55:15  55:20  62:16  65:23  66:7  66:10<br>73:10  73:21  77:6  77:9  77:11  77:12  79:8<br>80:16  80:19 | |
| corner(1) 37:2 | |
| correct(6) 12:19  36:3  58:20  73:8  86:5 | |
| costs(1) 68:3 | |
| could(14) 15:21  18:9  18:13  20:24  23:24<br>35:22  41:8  66:6  66:8  67:20  67:21  67:21<br>67:22  77:16 | |
| counsel(2) 70:11  72:17 | |
| countries(2) 33:4  71:1 | |
| couple(10) 8:9  14:13  16:18  26:17  28:8<br>37:13  41:25  52:7  61:22  63:21 | |
| course(8) 15:20  17:2  17:6  17:11  39:16<br>48:18  55:23  76:14 | |

| Word | Page:Line |
|---|---|
| court(258) 1:1  7:3  7:8  7:10  7:15  7:18<br>7:23  8:1  8:10  8:16  8:21  8:23  9:6  9:13<br>9:25  10:4  10:8  10:11  10:16  10:21  11:5<br>11:15  11:18  11:21  11:25  12:14  12:16<br>12:22  13:10  13:13  13:22  14:3  14:8  14:16<br>15:3  15:9  15:23  15:25  16:12  16:22  17:4<br>17:7  17:13  17:24  18:24  19:2  19:19  20:9<br>23:12  24:17  27:3  27:12  27:15  28:13  28:20<br>29:15  29:18  30:2  30:7  30:8  30:17  30:19<br>31:9  31:25  32:3  32:7  32:10  32:15  32:20<br>32:25  33:1  33:25  35:18  35:22  36:1  36:4<br>36:7  36:15  36:21  36:23  37:12  37:16  37:19<br>37:23  38:12  38:17  38:22  39:2  39:7  39:14<br>39:16  39:18  39:20  39:22  39:25  40:4  40:6<br>40:8  40:10  40:12  40:16  40:22  41:3  41:11<br>42:12  42:17  43:5  43:20  44:23  45:2  45:6<br>45:10  45:14  45:16  45:22  46:2  46:6  46:11<br>46:16  47:6  47:14  47:18  47:21  47:25  48:4<br>48:6  48:8  48:11  48:18  48:21  49:3  49:6<br>49:9  49:11  49:18  51:25  52:2  52:4  52:9<br>52:25  53:8  53:10  53:12  53:16  55:4  55:12<br>55:16  55:22  55:25  56:7  56:9  56:11  56:13<br>57:8  57:17  58:18  58:21  59:4  59:11  59:19<br>60:2  60:4  60:6  60:10  60:13  60:15  60:19<br>60:22  61:7  65:9  65:25  66:17  67:2  67:5<br>68:6  68:7  68:8  69:7  69:9  69:18  69:20<br>69:23  69:25  70:2  70:4  70:8  70:15  70:24<br>71:7  71:11  71:21  72:2  72:5  72:12  72:15<br>72:18  72:23  73:12  73:22  73:25  74:6  74:7<br>74:11  74:15  74:17  74:24  75:1  75:3  75:5<br>75:7  75:9  75:11  75:16  75:20  75:22  75:24<br>76:1  76:9  76:21  76:23  76:25  78:3  78:8<br>78:17  78:20  78:22  78:24  79:2  79:6  79:15<br>79:18  81:9  81:19  82:4  82:4  82:22  82:25<br>83:2  83:7  83:10  83:15  84:1  84:5  84:8<br>84:12  84:15  84:19  85:7  85:11  85:13  85:18<br>85:24  86:2  86:6  86:8  86:23  87:2  87:9 | |
| court's(2) 44:7  59:22 | |
| court-appointed(3) 70:20  71:17  72:16 | |
| courtroom(1) 1:10  11:23  84:14 | |
| courts(35) 9:20  16:7  21:24  23:18  23:24<br>24:16  26:12  27:9  28:1  28:15  28:22  31:1<br>31:23  35:24  37:5  39:23  42:11  43:22  47:1<br>49:19  50:1  50:16  50:19  50:21  51:15  51:16<br>51:22  57:4  57:6  57:11  61:24  66:5  66:6<br>66:15  76:18 | |
| cover(1) 8:5 | |
| covered(1) 14:1 | |
| created(1) 54:3 | |
| creating(1) 22:14 | |
| creditor(57) 5:9  13:25  19:8  51:16  78:10<br>78:16  80:7 | |
| creditors(17) 4:18  19:12  43:8  45:4  45:11<br>48:25  54:5  70:12  71:3  71:4  71:5  71:5<br>71:15  79:22  79:23  79:23  79:25 | |
| creditors'(1) 2:4 | |
| creep(3) 50:15  50:20  79:5 | |
| critical(1) 13:15 | |
| cross(1) 14:3 | |
| cross-border(6) 20:13  30:12  52:10  52:10<br>70:21  73:10 | |
| crossmosive(1) 18:13 | |
| crossover(1) 21:19 | |
| crystallize(1) 34:24 | |
| cube(3) 16:15  17:1  77:4 | |
| cumbersome(2) 40:20  67:25 | |
| current(2) 24:5  72:8 | |
| cut(1) 68:16 | |
| cuts(1) 51:7 | |
| dan(2) 5:39  7:24 | |
| daniel(2) 2:42  4:25 | |
| darndest(1) 59:12 | |
| data(1) 1:38 | |
| database(1) 67:11 | |

| Word | Page:Line |
|---|---|
| date(45) 16:8  16:18  18:8  24:25  26:6  26:8<br>26:10  26:11  27:8  27:13  27:21  27:23  28:1<br>31:11  32:7  33:13  34:5  42:1  42:2  42:18<br>43:1  46:4  46:7  46:9  46:9  50:8  50:10<br>50:11  59:7  68:12  69:3  72:9  80:14  82:2<br>82:5  82:8  82:11  82:13  82:13  83:12  83:16<br>83:23  84:2  86:18  87:19 | |
| date's(1) 50:9 | |
| dates(15) 13:16  26:19  27:17  28:3  28:8<br>31:22  32:5  32:5  34:10  36:19  39:18  67:14<br>82:5  83:17  83:22 | |
| david(1) 2:12 | |
| davies(1) 5:29 | |
| day(9) 12:3  12:4  31:4  31:5  49:20  60:24<br>63:9  66:22  81:6 | |
| days(3) 8:9  26:14  49:24 | |
| deadline(7) 18:9  18:22  58:12  58:19  59:19<br>59:22  68:2 | |
| deadlines(1) 57:22 | |
| deal(3) 32:20  43:10  87:5 | |
| dealing(2) 24:22  51:8 | |
| dealt(2) 43:22  50:22 | |
| debenture(2) 3:17  4:24 | |
| debtor(1) 6:15 | |
| debtor's(1) 82:21 | |
| debtors(71) 1:12  1:22  2:19  4:12  7:7  7:16<br>9:9  9:20  13:9  13:20  13:21  13:21  13:25<br>14:1  14:9  14:10  14:20  17:25  18:1  18:7<br>18:10  21:14  21:22  21:25  22:2  22:5  23:6<br>23:14  23:22  25:3  26:7  29:3  29:25  29:25<br>30:14  31:6  34:17  35:9  35:10  42:6  43:15<br>47:12  49:1  53:18  53:20  55:1  56:3  62:2<br>62:17  62:23  63:17  63:24  64:1  64:9  64:11<br>64:20  65:4  65:22  66:4  67:19  70:13  71:9<br>71:10  71:25  76:18  77:14  79:18  81:16<br>85:20  86:15  86:15 | |
| decide(4) 25:7  53:20  64:24  65:6 | |
| decided(3) 25:14  63:25  84:24 | |
| deciding(3) 64:2  64:5  75:18 | |
| decision(3) 12:8  60:12  68:25 | |
| decisions(5) 58:16  62:3  62:9  66:15  70:5 | |
| declaration(1) 18:5 | |
| declare(1) 29:20 | |
| deemed(1) 19:14 | |
| deficit(1) 64:4 | |
| defined(1) 52:16 | |
| definitely(1) 38:4 | |
| definition(2) 52:12  53:13 | |
| delano(1) 4:5 | |
| delaware(5) 1:2  1:12  3:7  3:19  7:1 | |
| delay(3) 50:24  62:14  65:11 | |
| delays(1) 68:3 | |
| deliberate(1) 68:8 | |
| delineating(1) 44:20 | |
| delivered(1) 50:1 | |
| delve(1) 8:13 | |
| demonstrate(1) 40:18 | |
| dennis(2) 3:25  49:14 | |
| denominated(1) 34:11 | |
| depend(1) 47:7 | |
| deposed(3) 65:19  65:20  66:20 | |
| deposition(3) 23:9  27:25  59:24 | |
| depositions(14) 20:15  25:4  46:23  58:2<br>58:5  58:14  58:15  63:12  67:16  68:20  68:20<br>77:11  77:25  77:25 | |
| deprive(1) 61:10 | |
| derek(4) 1:23  2:21  7:6  56:2 | |
| derivative(1) 83:4 | |
| describe(2) 16:14  71:17 | |
| description(1) 36:19 | |
| desegregation(1) 68:8 | |
| designate(1) 66:18 | |
| designed(1) 40:17 | |

| Word | Page:Line |
|---|---|
| desire(1) 38:5 | |
| desk(1) 48:9 | |
| detail(2) 12:15  34:20 | |
| details(6) 25:15  36:17  57:25  58:24  63:9<br>85:23 | |
| determination(1) 73:17 | |
| determinative(1) 22:21 | |
| deutsche(1) 6:5 | |
| developing(2) 24:13  43:16 | |
| devices(1) 67:24 | |
| diagram(1) 24:20 | |
| diaz(1) 1:38 | |
| dictate(1) 36:1 | |
| did(8) 8:21  12:24  17:14  19:2  52:25  53:1<br>57:14  62:2 | |
| didn't(1) 18:12 | |
| didn't(1) 73:9 | |
| differences(7) 71:13  71:13  71:14  71:15<br>81:7  83:21  83:22 | |
| different(22) 14:14  15:5  20:1  22:4  22:11<br>24:10  24:16  25:5  25:25  38:3  52:7  52:12<br>55:14  63:3  63:4  65:21  71:1  71:9  78:1<br>78:3  78:5  85:22 | |
| differently(4) 18:15  57:5  61:15  70:14 | |
| difficult(3) 28:17  33:3  59:9 | |
| dilemma(1) 70:22 | |
| diligent(1) 59:14 | |
| dimsdale(1) 5:15 | |
| directed(1) 12:12 | |
| directive(1) 50:4 | |
| disabled(2) 24:4  72:1 | |
| disagree(2) 27:6  48:24 | |
| disagreed(1) 42:13 | |
| disagreements(2) 25:9  43:16 | |
| disclosure(2) 57:19  59:17 | |
| discovery(27) 15:13  16:20  18:18  20:24<br>25:2  26:1  26:2  28:21  28:22  32:17  32:21<br>33:15  33:22  34:8  42:4  42:10  42:21  42:22<br>46:22  50:24  55:6  59:24  59:25  62:13  63:11<br>77:15  83:24 | |
| discovery-ready(1) 31:11 | |
| discuss(4) 9:22  16:7  32:4  82:14 | |
| discussed(4) 8:6  32:17  43:7  58:1 | |
| discussing(3) 8:18  33:10  41:7 | |
| discussion(3) 16:14  17:19  25:1 | |
| discussions(5) 11:13  34:14  56:16  61:4  69:2 | |
| dismiss(1) 20:15 | |
| dispute(11) 20:7  20:12  21:8  62:22  63:13<br>64:16  64:22  65:24  66:3  66:11  66:16 | |
| disputes(5) 8:14  28:22  49:23  53:7  65:21 | |
| distinctions(1) 52:21 | |
| distributed(1) 65:4 | |
| district(1) 1:2 | |
| divergent(1) 34:23 | |
| divorced(1) 35:7 | |
| dla(2) 3:31  70:11 | |
| docket(3) 7:12  9:23  13:11 | |
| document(5) 15:11  23:15  25:7  27:24  77:10 | |
| documents(17) 13:14  15:7  15:20  20:25<br>21:15  23:9  23:10  25:5  58:3  58:5  67:10<br>67:11  67:13  67:15  68:19  77:7  77:10 | |
| does(7) 23:5  41:6  48:24  57:3  59:20  72:13<br>74:25 | |
| doesn't(8) 15:1  20:10  20:22  22:13  23:8<br>50:10  65:19  79:9 | |
| doing(2) 71:22  80:5 | |

| Word | Page:Line |
| --- | --- |
| don't(31) 9:1 18:15 19:15 26:25 28:10 29:5 29:20 30:3 30:7 33:6 33:7 34:20 40:23 42:14 45:12 50:2 51:21 52:5 54:24 55:2 55:18 55:18 56:23 68:16 74:18 75:9 76:18 77:18 77:24 79:24 82:8 | |
| done(10) 7:21 20:13 40:21 42:3 42:10 47:4 50:3 55:2 57:5 70:25 | |
| dose(1) 37:24 | |
| doubt(1) 55:19 | |
| down(5) 10:3 23:13 56:20 57:21 58:13 | |
| dramatically(1) 63:3 | |
| due(4) 56:17 63:16 66:7 68:4 | |
| dunne(9) 3:25 49:11 49:13 49:14 52:1 52:2 52:3 60:15 79:4 | |
| duplication(2) 62:14 65:15 | |
| duty(1) 77:22 | |
| dynamics(1) 54:7 | |
| e's(3) 23:25 76:5 79:12 | |
| each(10) 18:14 23:7 24:21 26:23 26:24 30:25 43:21 51:23 56:23 77:24 | |
| eager(3) 56:14 56:15 56:25 | |
| earlier(2) 12:17 81:17 | |
| early(2) 28:21 46:1 | |
| easier(2) 25:7 46:19 | |
| easy(1) 57:4 | |
| echo(2) 67:6 68:1 | |
| economy(1) 44:7 | |
| ecro(1) 1:36 | |
| effectively(2) 52:24 71:18 | |
| efficiencies(1) 15:19 | |
| efficiency(3) 44:4 44:6 44:7 | |
| efficient(2) 29:12 40:21 | |
| ehmer(1) 5:10 | |
| either(3) 23:22 25:12 29:7 45:4 86:21 | |
| electronic(2) 1:44 87:14 | |
| else(4) 25:11 25:12 27:1 84:9 | |
| emea(21) 3:18 13:21 14:10 21:8 21:22 25:19 29:25 31:7 50:19 56:3 62:21 63:1 63:4 63:6 63:14 64:17 65:2 65:12 65:18 66:16 82:21 | |
| emea's(2) 62:22 63:2 | |
| emphasize(2) 47:1 57:15 | |
| emphasized(2) 72:8 81:14 81:14 | |
| employed(2) 72:8 73:6 | |
| employee(1) 79:14 | |
| employees(13) 5:47 6:24 24:4 24:5 24:5 67:19 71:24 72:8 73:5 79:17 79:21 79:21 80:4 | |
| enable(1) 42:2 | |
| enabled(1) 41:17 | |
| encapsulate(1) 16:14 | |
| encompassing(2) 12:21 15:13 | |
| end(21) 24:24 33:13 38:5 38:11 42:2 43:1 46:9 50:8 50:11 55:7 58:19 59:7 59:8 82:2 82:13 82:13 83:12 83:16 83:22 83:2 84:2 | |
| ending(1) 85:17 | |
| endorse(1) 44:3 | |
| endorsement(4) 12:7 12:11 19:13 62:5 | |
| ends(1) 55:14 | |
| engage(1) 56:25 | |
| engaging(1) 69:1 | |
| engineer(1) 50:12 | |
| enough(3) 25:22 57:25 68:15 | |
| ensure(1) 74:21 | |
| entire(2) 22:21 80:24 | |
| entirely(1) 72:25 | |
| entirety(2) 77:9 80:23 | |
| entities(2) 71:23 73:7 | |
| entitled(2) 45:8 73:23 | |
| entitlement(1) 45:12 | |
| entity(1) 73:2 | |
| entry(1) 44:18 | |
| envision(1) 83:19 | |

| Word | Page:Line |
| --- | --- |
| envisioned(1) 34:18 | |
| equal(2) 77:12 80:22 | |
| equally(1) 10:5 | |
| equity(1) 81:22 | |
| equivalent(2) 15:16 71:3 | |
| ernst(2) 2:33 4:36 5:34 6:9 | |
| especially(2) 28:20 28:20 | |
| esq(40) 1:23 1:24 1:30 2:5 2:12 2:13 2:21 2:27 2:35 2:41 2:42 3:6 3:12 3:18 3:25 3:26 3:32 3:41 3:46 4:5 4:19 4:21 4:25 4:38 4:42 5:15 5:20 5:24 5:25 5:26 5:30 5:35 5:39 5:43 5:48 6:10 6:12 6:17 6:21 6:26 | |
| essence(1) 46:19 | |
| essential(1) 37:6 | |
| essentially(1) 72:7 | |
| established(1) 19:7 | |
| estate(5) 29:2 45:5 48:23 48:24 49:1 | |
| estates(5) 19:9 26:16 51:7 54:21 78:16 | |
| esther(1) 4:9 | |
| european(1) 48:3 | |
| even(10) 23:21 26:16 33:7 49:15 57:6 61:5 61:16 67:10 68:15 74:17 | |
| evening(1) 87:9 | |
| event(2) 32:11 75:18 | |
| eventually(1) 3:7 | |
| every(9) 11:22 16:9 28:8 31:17 34:20 77:11 77:12 77:19 | |
| everybody(2) 41:18 79:9 | |
| everyone(22) 7:3 9:18 10:18 10:24 11:13 11:23 11:24 11:24 12:6 17:23 21:17 25:1 25:12 32:1 38:4 56:17 60:8 61:1 70:13 70:14 76:15 77:18 | |
| everyone's(7) 10:5 11:9 17:1 26:13 29:5 48:16 76:2 | |
| everything(6) 21:17 21:19 26:19 39:12 49:16 69:4 | |
| evidence(3) 14:19 67:23 85:2 | |
| evidentiary(4) 21:19 22:9 25:3 33:5 | |
| exact(1) 26:15 | |
| exactly(11) 10:8 17:17 27:14 29:17 31:3 34:14 36:8 36:18 39:21 40:23 66:25 | |
| examinations(1) 46:24 | |
| example(10) 23:23 27:12 28:25 35:2 35:19 36:4 38:19 46:16 66:20 86:2 | |
| except(1) 27:19 | |
| exchange(2) 23:8 41:17 | |
| exchanging(1) 16:2 | |
| excluded(2) 62:7 76:11 | |
| exhausted(1) 33:20 | |
| existing(2) 52:21 54:14 | |
| expectation(1) 8:18 | |
| expedite(1) 37:25 | |
| expense(2) 62:14 62:15 | |
| experienced(1) 82:8 | |
| expert(3) 26:2 27:25 46:24 | |
| experts(2) 46:24 68:20 | |
| explain(1) 68:23 | |
| explaining(1) 7:18 | |
| expressly(1) 62:7 | |
| extent(12) 8:12 8:18 14:19 15:17 20:14 31:12 38:18 39:9 65:2 66:3 71:14 73:19 | |
| extra(1) 47:17 | |
| extremely(2) 59:8 67:8 | |
| eyes(1) 23:6 | |
| fabulous(1) 45:25 | |
| face(1) 70:22 | |
| fact(11) 9:18 24:2 26:1 40:19 43:22 48:16 63:4 64:17 68:19 77:23 | |
| factions(1) 72:17 | |

| Word | Page:Line |
| --- | --- |
| facts(1) 66:2 | |
| factual(4) 13:16 66:5 66:12 84:25 | |
| fair(1) 68:5 | |
| faith(3) 16:5 27:2 69:2 | |
| fall(5) 16:18 25:21 25:23 42:7 47:24 | |
| familiar(1) 79:11 | |
| far(6) 23:8 26:18 34:1 80:3 80:5 85:15 | |
| farr(3) 3:11 3:40 60:21 | |
| fashion(1) 32:2 | |
| fault(1) 64:10 | |
| favor(1) 62:12 | |
| feedback(1) 15:21 | |
| feeding(2) 25:6 62:17 | |
| feeds(1) 24:23 | |
| feel(2) 18:15 37:19 | |
| fees(1) 62:16 | |
| feld(3) 2:11 4:18 40:14 | |
| felt(1) 33:19 | |
| fence(3) 19:5 19:6 20:6 | |
| few(4) 7:17 71:17 83:19 87:5 | |
| fiduciary(6) 24:1 70:19 71:14 71:19 71:20 77:22 | |
| field(1) 52:18 | |
| figure(4) 25:15 27:9 68:18 86:20 | |
| figuring(3) 37:9 86:1 86:12 | |
| file(10) 22:19 22:20 23:18 23:17 23:20 31:7 51:11 73:23 79:17 81:20 | |
| filed(6) 8:8 9:23 13:9 22:7 30:9 43:15 | |
| filing(5) 18:22 30:13 72:9 74:4 74:13 | |
| filings(2) 18:23 31:11 | |
| fill(1) 46:10 | |
| filling(1) 82:9 | |
| final(7) 15:6 35:8 35:9 45:17 49:22 73:3 81:24 | |
| finality(1) 38:6 | |
| financial(4) 64:13 65:1 65:7 72:20 | |
| find(7) 22:25 24:14 29:7 37:10 47:17 64:8 64:11 | |
| findings(3) 13:11 66:5 66:12 | |
| finger(2) 2:4 26:25 | |
| firm(1) 41:22 | |
| firmly(2) 19:7 47:1 | |
| firms(1) 39:5 | |
| first(24) 7:9 9:11 10:22 16:16 17:10 23:4 32:4 32:13 33:15 34:9 41:16 49:24 54:17 55:19 56:4 74:7 78:6 79:22 80:20 81:13 82:20 82:22 82:24 86:13 | |
| fit(6) 16:25 26:13 27:19 27:19 33:14 42:3 | |
| fitting(1) 28:3 | |
| five(6) 24:10 25:16 34:12 34:23 77:20 | |
| flavor(1) 55:7 17:9 25:1 | |
| flesh(1) 17:19 | |
| flexible(1) 30:20 | |
| float(1) 26:19 | |
| floated(3) 26:14 28:3 77:15 | |
| floating(1) 15:20 20:3 | |
| floor(1) 1:25 | |
| flows(1) 58:23 | |
| flurry(1) 7:12 | |
| focal(3) 43:17 43:19 | |
| folks(5) 21:22 35:3 53:25 54:1 54:19 | |
| follow(1) 21:15 | |
| followed(1) 38:9 | |
| following(2) 12:25 13:3 | |

| Word | Page:Line |
| --- | --- |
| for(162) 1:2 1:22 2:4 2:18 2:26 2:33 3:4 3:17 3:23 3:31 3:40 3:44 4:4 4:8 4:12 4:17 4:24 4:28 4:32 4:36 4:45 5:5 5:9 5:13 5:18 5:33 5:42 5:46 6:5 6:9 6:15 6:20 6:24 7:7 7:10 7:10 8:4 8:25 9:9 9:1 9:21 10:18 12:20 14:6 14:6 15:15 15:16 16:15 17:11 18:5 18:9 18:22 19:6 19:25 20:19 20:22 21:12 22:10 22:11 22:12 22:19 22:25 23:23 24:12 25:1 26:8 26:20 26:23 27:12 27:19 28:11 28:15 28:25 29:14 29:16 29:18 30:13 31:1 31:20 32:4 32:16 33:3 33:8 33:15 35:2 35:19 36:4 36:20 37:4 38:8 38:19 39:22 39:22 40:14 41:10 42:7 43:19 44:18 45:7 45:9 45:20 46:7 46:16 46:22 46:25 47:16 49:13 49:17 49:19 50:2 50:11 51:6 52:21 53:6 53:9 55:10 56:2 56:6 56:8 58:5 58:14 58:15 59:2 59:3 59:15 61:5 61:8 63:9 63:21 64:3 64:8 64:14 64:23 65:12 66:10 66:13 66:20 67:9 69:12 70:10 70:11 71:2 73:10 73:21 74:4 74:15 75:11 76:16 76:17 79:8 80:3 80:6 80:12 80:15 80:16 80:23 83:8 85:14 86:2 86:23 87:3 | |
| foregoing(1) 87:13 | |
| form(1) 25:5 | |
| formal(3) 19:11 19:15 30:4 | |
| former(2) 6:24 67:19 71:24 | |
| forming(1) 33:17 | |
| forum(2) 50:22 13:12 | |
| forward(18) 10:7 14:6 24:24 27:10 30:5 30:24 32:8 32:10 32:11 32:12 35:1 37:3 56:19 59:4 60:8 60:11 80:13 81:21 | |
| forwards(1) 68:12 | |
| foster(1) 50:24 | |
| fostered(1) 17:18 | |
| found(1) 37:10 | |
| four(2) 47:16 54:17 | |
| frame(3) 36:2 42:9 47:5 47:22 49:2 59:15 82:1 | |
| france(1) 67:21 | |
| frankel(1) 3:44 | |
| frankly(4) 9:2 22:24 54:15 67:13 | |
| fred(2) 2:13 40:13 | |
| friday(2) 12:25 13:1 | |
| from(40) 7:25 8:23 9:9 10:2 12:12 19:15 24:24 26:21 27:7 29:9 29:14 31:1 39:5 41:15 42:23 44:1 44:6 46:18 49:14 50:11 53:22 54:24 55:19 55:23 57:21 58:23 60:20 61:19 62:7 62:10 62:19 65:4 65:10 71:23 75:6 76:11 84:11 84:23 87:4 87:14 | |
| front(5) 9:11 12:22 25:14 29:8 31:6 33:22 36:12 77:4 81:4 | |
| fsds(1) 63:5 | |
| full(5) 12:8 15:2 35:2 35:3 35:4 | |
| full-fledged(1) 45:8 | |
| fully(6) 9:2 26:8 44:3 52:20 62:23 66:8 | |
| fund(1) 72:22 | |
| fundamental(1) 44:20 | |
| further(13) 12:15 15:17 18:10 18:11 21:2 50:21 54:11 55:2 65:7 73:15 74:5 74:21 76:16 | |
| future(1) 69:6 | |
| gallagher(3) 3:11 3:40 60:21 | |
| gang(1) 81:3 | |
| gather(1) 70:5 | |
| gave(1) 29:21 | |
| general(1) 71:5 | |
| generally(3) 39:10 74:6 83:4 | |
| geographically(1) 40:9 | |
| get(28) 10:19 17:10 17:15 23:5 23:10 37:8 37:16 38:5 38:5 42:10 43:22 44:17 50:2 53:24 55:6 55:7 57:11 57:20 58:24 61:17 67:12 76:5 76:7 77:5 81:4 82:19 85:23 86:21 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| gets(7) 18:22 21:17 22:19 23:3 23:9 23:9 78:11 | | had(33) 7:11 8:24 8:25 9:16 12:3 12:5 12:12 12:16 12:18 12:19 13:9 18:10 18:25 26:8 31:24 34:5 39:6 40:24 47:13 50:1 53:18 57:19 58:10 61:10 63:7 63:17 65:22 66:7 67:10 67:12 77:14 79:4 83:18 | | hearings(16) 14:22 20:16 23:4 25:13 28:11 29:18 32:16 34:3 34:12 34:12 34:13 34:21 34:22 35:13 39:22 76:12 76:12 | | i'll(14) 7:21 11:6 11:7 11:7 15:5 47:16 48:8 48:20 55:23 63:20 71:17 83:3 84:16 84:17 |
| getting(8) 26:18 29:23 56:5 57:7 64:21 79:24 80:2 80:19 | | | | heart(1) 44:1 | | i'm(20) 7:11 10:16 11:6 11:18 21:11 21:13 21:13 29:15 43:3 48:2 51:18 51:19 60:15 61:18 69:19 70:4 70:10 70:11 71:22 73:4 73:8 73:8 74:8 74:17 76:13 82:22 84:20 85:14 85:20 |
| gill(1) 5:15 | | hadley(3) 3:24 4:4 49:14 | | help(3) 42:18 42:19 44:18 | | |
| ginger(1) 1:36 | | hague(1) 67:23 | | helpful(27) 9:4 15:12 17:19 26:22 27:21 28:1 28:7 28:19 30:6 31:16 33:14 33:16 34:4 35:14 36:9 36:20 39:10 39:25 40:1 42:20 49:9 49:11 50:8 69:10 70:5 75:22 87:3 | | i've(5) 9:11 25:1 29:9 38:13 87:1 |
| give(16) 10:24 10:25 15:6 17:9 30:14 31:15 35:19 36:4 41:22 45:24 46:11 47:10 47:23 56:17 61:2 80:17 | | hall(1) 2:41 | | | | i.e(1) 51:6 |
| | | hamilton(2) 1:29 6:16 | | henderson(1) 4:41 | | idea(10) 23:10 29:2 30:25 38:7 57:15 77:3 77:8 77:15 79:5 80:13 |
| given(6) 19:11 23:24 25:1 33:6 49:20 | | hand(1) 10:1 | | her(1) 84:17 | | identification(1) 80:18 |
| gives(1) 68:5 | | handled(2) 44:6 52:22 | | herbert(2) 5:23 5:38 | | identified(1) 53:5 |
| giving(6) 16:23 39:18 75:14 79:22 80:1 80:4 | | hanrahan(1) 3:41 | | here(36) 7:7 7:16 16:15 24:24 26:21 27:20 29:20 30:7 31:6 31:16 37:20 40:20 41:1 43:13 44:5 46:17 48:25 50:1 52:8 57:2 57:19 57:20 59:17 61:1 61:10 68:9 69:12 70:21 72:2 73:16 78:16 81:18 81:23 82:16 83:25 86:4 | | identify(2) 66:19 67:16 |
| | | happen(4) 17:12 23:5 48:17 82:10 | | | | imagine(1) 48:15 |
| glad(1) 56:4 | | happened(2) 12:24 84:16 | | | | immediately(1) 80:16 |
| global(1) 73:10 | | happening(2) 9:24 13:12 | | | | important(3) 62:15 82:3 87:3 |
| goal(1) 26:21 | | happens(3) 21:20 72:14 81:5 | | | | importantly(1) 31:18 |
| goals(1) 13:18 | | happy(3) 8:11 47:23 63:19 | | here's(3) 16:18 16:18 27:17 | | impose(1) 59:10 |
| goes(7) 18:17 19:24 33:15 34:9 43:25 86:13 86:13 | | hard(5) 26:18 28:3 47:17 64:23 80:3 | | hesitantly(1) 69:13 | | imposed(1) 18:9 |
| | | harm(2) 37:21 59:20 | | hiatus(2) 38:20 38:23 | | improve(1) 15:18 |
| going(76) 8:13 10:7 14:5 14:6 14:15 14:23 15:7 16:5 16:16 17:10 17:12 17:15 21:13 23:4 28:18 29:1 29:7 29:8 29:11 29:15 29:19 30:5 30:24 31:5 31:5 32:7 32:10 32:11 32:12 32:20 32:22 33:1 34:6 34:19 35:1 35:2 35:10 36:1 36:7 37:4 37:9 37:9 37:17 37:20 40:19 41:21 42:11 42:15 44:20 47:7 48:7 51:11 55:8 57:18 58:6 59:8 59:16 59:22 61:17 63:10 64:23 66:21 67:14 67:19 67:20 67:24 67:25 68:13 68:18 74:8 74:17 77:5 77:18 79:13 80:21 83:14 | | harmony(2) 24:14 24:19 | | highest(1) 9:22 | | improvement(1) 33:2 |
| | | harris(1) 5:35 | | himsell(1) 9:2 | | inadequate(1) 68:24 |
| | | harrisburg(1) 1:40 | | his(4) 22:11 19:13 20:18 66:23 | | inc(3) 1:7 4:28 6:16 |
| | | has(26) 7:11 11:24 12:1 17:18 17:19 18:2 23:6 37:2 37:23 38:4 41:17 41:24 48:17 52:20 52:25 54:24 61:1 61:1 65:17 69:2 74:20 77:7 77:9 79:9 82:12 85:4 | | hit(1) 61:13 | | incidentally(1) 61:7 |
| | | | | hoc(4) 3:23 4:4 49:1 49:15 | | inclination(1) 12:9 |
| | | hash(1) 56:20 | | hodara(40) 2:13 40:7 40:12 40:13 40:14 40:17 40:23 41:1 41:3 41:5 41:13 42:13 42:18 43:6 44:23 45:1 45:3 45:7 45:11 45:15 45:17 45:23 46:3 46:7 46:15 46:18 48:20 48:21 48:22 49:5 49:7 49:8 49:10 49:17 50:6 50:25 81:11 81:12 81:20 83:11 | | include(4) 22:1 61:24 71:22 71:23 |
| good(28) 7:3 7:4 7:4 7:6 7:23 7:24 9:6 9:8 16:5 24:9 30:2 33:11 37:21 40:12 40:13 43:17 43:19 44:18 49:12 49:13 55:25 56:1 60:18 60:19 60:22 69:1 69:11 87:9 | | hasn't(1) 43:6 | | | | included(11) 13:18 19:16 19:17 19:23 21:7 53:15 53:22 62:11 63:18 63:19 65:23 |
| | | hauer(2) 1:21 4:18 40:14 | | | | |
| | | have(171) 8:8 9:10 9:16 11:2 11:22 13:4 13:17 13:23 14:21 16:1 16:3 18:8 18:12 19:7 19:15 19:20 20:6 21:1 21:16 21:18 22:14 22:15 23:14 23:16 23:16 23:16 23:17 23:17 23:20 25:2 25:8 25:17 25:20 25:23 25:24 26:1 26:5 26:10 26:22 27:8 27:12 27:24 28:7 28:10 28:15 29:1 29:4 29:8 29:12 29:14 29:20 30:6 30:8 30:24 31:17 31:18 33:1 33:6 33:14 33:19 33:20 34:13 34:18 34:20 34:23 35:7 35:10 35:11 35:14 35:16 36:10 37:3 38:17 38:18 40:17 42:8 42:13 43:1 43:14 43:20 45:12 46:9 46:12 47:9 47:15 48:4 48:15 49:17 49:17 50:8 50:11 51:2 51:3 51:17 51:20 51:22 52:9 52:13 52:14 52:15 54:6 54:13 54:13 54:14 54:15 55:7 56:5 56:15 57:3 57:10 57:12 57:23 57:25 58:1 58:5 58:20 59:7 59:13 60:7 60:25 61:10 61:12 61:16 62:1 63:5 63:5 63:11 63:23 64:19 64:22 64:25 65:5 65:19 65:20 66:15 67:10 67:14 67:23 68:14 71:4 72:16 76:18 77:5 77:19 77:19 77:22 77:23 78:6 78:9 78:15 78:17 79:17 79:24 79:24 80:9 80:11 80:14 80:2 80:24 81:25 82:5 82:5 82:8 82:8 82:16 82:18 84:16 85:1 86:11 86:19 | | hogan(1) 5:14 | | includes(1) 71:19 |
| goodmans(1) 6:9 | | | | hold(3) 26:6 81:17 81:23 | | including(2) 24:4 76:19 |
| got(16) 16:17 21:5 29:9 37:2 37:3 37:12 45:14 54:10 65:17 68:16 82:5 | | | | holding(2) 70:12 81:15 | | incredible(1) 59:16 |
| | | | | holidays(3) 47:24 48:3 48:14 | | indefinite(1) 17:6 |
| | | | | home(1) 84:15 | | indentured(1) 19:14 53:24 |
| gotten(1) 21:4 | | | | honor(76) 7:6 7:9 7:11 7:17 7:21 9:5 9:8 9:14 10:22 12:1 12:2 12:5 12:7 14:20 19:15 19:24 27:18 28:4 28:24 29:14 29:2 29:23 30:7 30:22 31:3 31:3 31:19 31:23 40:13 40:17 41:13 41:15 41:22 41:24 44:18 47:12 47:23 49:8 49:13 51:16 51:23 52:1 56:1 60:1 60:3 60:5 60:18 61:21 63:25 64:7 64:21 64:24 66:7 68:22 69:13 69:24 70:9 70:22 73:15 73:20 74:20 74:22 75:19 75:25 79:10 81:17 81:12 84:4 84:7 84:21 85:9 85:12 86:7 87:7 87:8 | | indentured(1) 19:14 53:24 |
| gottlieb(4) 1:29 5:20 6:16 9:9 | | | | | | independent(4) 77:12 77:21 77:23 80:9 |
| governance(1) 78:22 | | | | | | indicated(6) 12:9 13:1 26:9 53:21 56:15 56:19 |
| governed(1) 44:14 | | | | | | |
| government(1) 72:19 | | | | | | indicative(1) 70:18 |
| governmental(2) 73:1 73:2 | | | | | | individual(6) 21:24 24:3 24:8 54:5 79:22 79:23 |
| gowlings(1) 4:41 | | | | | | |
| grant(1) 64:21 | | have-discovery(1) 29:1 | | honor's(2) 7:20 68:1 | | individually(2) 86:3 86:4 |
| granted(1) 64:1 | | haven't(4) 27:19 54:8 80:2 80:6 | | honorable(1) 1:18 | | infighting(1) 78:14 |
| great(5) 50:18 15:19 17:12 71:8 87:5 | | having(14) 26:18 28:2 28:10 28:11 41:9 56:14 57:15 61:4 62:12 65:14 69:14 73:24 80:15 82:2 | | honors(7) 28:16 33:22 44:21 45:23 53:19 62:4 68:13 | | informal(6) 3:31 70:11 70:18 71:6 71:18 81:15 |
| greatly(1) 17:18 | | | | | | |
| green(1) 16:21 | | | | however(1) 43:13 | | information(4) 10:6 65:17 70:6 75:22 |
| gross(2) 1:18 7:24 | | he'd(1) 65:20 | | hubbard(2) 2:20 5:42 | | informational(1) 7:13 |
| group(18) 19:9 19:12 29:3 29:4 49:1 49:15 52:16 52:16 53:19 54:4 76:5 77:20 78:12 78:14 78:15 78:25 79:14 79:24 | | he's(1) 61:17 | | huberty(1) 5:43 | | ingersoll(1) 2:34 |
| | | hear(11) 17:12 45:25 55:18 55:23 56:4 61:15 61:19 73:9 74:11 74:19 87:3 | | hughes(2) 2:20 5:42 | | initial(2) 11:13 80:17 |
| | | | | hoping(1) 10:16 | | input(2) 12:12 13:12 |
| grouped(1) 63:11 | | | | horribles(1) 80:7 | | insisted(1) 22:2 |
| grouping(1) 29:2 | | heard(24) 9:19 10:25 11:24 20:20 36:2 38:16 43:16 44:2 44:17 45:13 47:2 49:25 51:12 52:13 62:1 63:22 76:5 77:16 76:16 77:11 77:14 78:15 80:10 84:10 | | host(1) 25:3 | | instance(1) 44:16 45:7 |
| groups(8) 29:1 29:5 29:5 55:14 70:21 77:15 77:23 80:7 | | | | hours(1) 37:13 | | instead(2) 58:12 64:11 |
| | | | | how(32) 14:15 15:7 16:7 19:25 20:3 23:3 23:4 23:13 24:24 26:1 26:1 27:5 29:12 32:20 32:22 35:12 36:12 40:2 40:24 44:20 47:6 47:9 48:24 52:21 64:23 68:18 68:19 68:20 70:16 81:2 81:2 83:14 | | instructions(1) 16:24 |
| grows(1) 82:9 | | | | | | intend(4) 8:5 20:15 21:6 30:14 |
| guarantee(1) 72:22 | | | | | | intended(3) 11:10 21:6 21:24 |
| guess(2) 68:7 83:19 | | | | | | intending(1) 31:7 34:11 76:7 |
| guidance(4) 30:6 43:4 45:23 80:17 | | | | | | intention(6) 9:20 9:21 10:23 11:22 11:24 31:14 |
| guide(1) 41:22 | | | | | | |
| gump(3) 2:11 4:18 40:14 | | | | however(1) 43:13 | | intercompany(1) 20:12 |
| gun(3) 22:19 80:20 80:22 | | | | hubbard(2) 2:20 5:42 | | interest(10) 21:7 22:10 22:11 23:19 23:21 45:4 71:5 74:12 80:11 81:22 |
| guyder(11) 2:42 7:24 7:25 8:2 8:11 8:22 9:5 9:10 84:20 84:21 85:8 | | hearing(28) 8:15 8:20 8:25 9:19 10:3 14:9 14:15 14:18 14:21 14:16 20:20 25:13 26:1 28:8 29:16 29:22 32:13 34:12 34:15 34:22 35:12 35:13 35:14 61:10 74:3 76:18 85:6 87:11 | | i'd(7) 10:25 14:13 33:12 47:22 61:2 61:19 85:8 | | interested(6) 4:28 4:32 4:45 5:5 6:5 68:3 |
| | | | | | | interests(2) 3:5 24:8 |
| | | | | | | interim(1) 58:24 |
| | | | | | | intermediate(1) 83:17 |
| | | | | | | international(2) 5:14 59:17 |
| | | | | | | interrupt(1) 61:7 |
| | | | | | | intertwined(1) 85:1 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **into**(12) 8:13 24:24 25:2 26:17 26:19 28:3 37:1 50:12 50:15 54:25 58:24 63:9 | | **justice**(45) 8:16 8:24 9:1 9:17 12:5 12:6 12:11 13:2 13:7 14:20 19:13 20:18 29:24 31:24 32:4 33:9 38:18 41:7 41:15 41:22 42:19 44:18 45:19 47:10 49:20 53:1 53:2 58:19 61:4 61:9 61:11 61:15 61:18 62:3 62:9 68:23 69:5 70:20 70:22 73:16 80:17 82:14 83:20 86:3 86:24 | | **letter**(7) 7:12 19:22 30:7 30:8 45:18 45:19 51:11 | | **makes**(7) 10:19 63:18 64:24 68:2 68:11 68:17 83:8 |
| **introduction**(1) 8:3 | | | | **letter-writing**(1) 30:20 | | **making**(7) 7:10 9:17 18:23 38:8 52:21 70:5 73:17 |
| **invented**(1) 30:11 | | | | **letters**(7) 8:8 16:2 16:2 18:4 29:23 44:16 56:19 | | |
| **invited**(6) 11:23 12:16 12:18 54:5 76:14 79:17 | | | | | | **management**(1) 4:32 |
| | | **justin**(2) 3:6 5:6 | | **level**(1) 9:22 | | **manhattan**(1) 3:27 |
| **irs**(1) 31:5 | | **kathleen**(1) 2:35 | | **levin**(1) 3:44 | | **manner**(2) 10:10 40:21 |
| **isn't**(4) 13:15 31:2 73:16 75:4 | | **kaup**(1) 3:46 | | **liberty**(1) 1:31 | | **manufactured**(1) 54:10 |
| **issue**(25) 10:12 18:7 25:18 29:15 42:21 43:17 43:18 50:15 50:20 62:18 66:2 66:9 66:19 73:8 73:12 73:13 73:14 74:2 74:16 74:19 77:3 79:4 79:5 80:12 85:15 | | **keep**(4) 10:24 32:21 37:4 37:9 | | **like**(36) 10:25 14:13 16:3 16:11 16:14 24:20 25:4 25:10 27:17 28:11 29:5 29:5 31:5 32:3 33:5 33:8 33:20 36:13 38:24 39:2 39:25 43:18 53:23 58:1 58:16 59:25 61:2 61:19 67:24 69:21 71:25 72:1 77:18 82:16 85:8 86:16 | | **many**(16) 17:4 23:14 40:19 40:24 41:18 41:19 41:20 41:20 48:23 57:4 59:2 59:3 67:18 71:8 72:13 73:5 |
| | | **keeping**(1) 30:25 | | | | |
| | | **kenney**(1) 2:27 | | | | |
| | | **kevin**(2) 1:18 5:25 | | | | **march**(3) 1:14 7:1 87:18 |
| **issue-by-issu**(1) 46:13 | | **khan**(1) 4:19 | | | | **mark**(3) 2:27 6:26 33:13 |
| **issued**(3) 12:6 17:13 63:6 | | **kind**(12) 9:15 16:25 17:9 19:24 24:23 36:11 38:20 49:17 50:12 51:23 54:20 58:12 | | **likely**(2) 16:6 28:22 | | **market**(4) 1:11 1:25 2:36 3:33 |
| **issues**(79) 7:18 8:7 8:14 8:19 9:22 12:20 13:18 14:10 14:15 14:22 15:10 15:12 16:25 16:19 17:20 24:13 24:21 25:3 26:23 27:8 27:11 29:22 32:4 32:18 32:21 33:9 33:15 33:20 33:22 34:2 34:3 34:7 35:16 41:18 41:20 42:11 42:22 43:1 43:3 43:9 44:5 44:11 44:12 44:13 44:21 44:25 45:13 46:14 46:17 46:17 47:2 47:4 51:3 51:21 52:15 56:20 57:4 58:9 62:25 68:5 69:5 73:13 73:15 73:18 74:5 74:9 74:16 76:12 76:12 77:13 77:17 78:1 81:1 81:4 81:6 82:9 84:25 85:2 86:2 86:10 | | | | **limitations**(1) 63:12 | | **marriages**(1) 38:24 |
| | | **king**(2) 2:7 2:28 | | **limited**(2) 73:25 74:5 | | **massive**(1) 82:3 |
| | | **know**(76) 8:11 9:1 10:11 10:11 10:12 13:17 16:15 16:23 18:5 18:15 18:21 19:5 19:25 20:20 20:24 20:25 21:15 23:3 24:24 26:7 26:15 29:9 29:22 30:7 30:10 31:3 33:6 33:7 33:16 34:5 34:21 36:10 36:14 36:18 37:8 37:13 37:17 38:18 38:22 40:2 40:23 42:1 46:5 46:13 47:7 47:8 47:15 48:13 55:18 56:22 56:24 58:4 58:17 58:18 58:25 59:6 61:11 61:13 61:20 64:22 65:1 66:8 66:15 66:20 74:12 75:9 75:15 77:24 77:24 78:13 82:16 83:18 84:22 84:23 84:25 86:14 | | **line**(2) 9:10 31:24 | | **matter**(3) 50:10 85:16 87:15 |
| | | | | **lines**(1) 44:4 | | **matters**(9) 8:14 32:7 32:12 43:12 43:22 44:2 44:17 56:18 61:23 |
| | | | | **linked**(1) 33:4 | | |
| | | | | **liquidating**(1) 22:15 | | **matthew**(3) 4:33 5:10 5:20 |
| | | | | **lisa**(1) 1:30 9:9 76:2 | | **mauro**(1) 4:29 |
| | | | | **list**(6) 1:19 12:20 13:16 33:12 76:14 76:19 | | **may**(22) 9:3 16:4 23:21 25:9 25:9 30:6 39:25 42:24 43:8 46:1 48:8 51:3 51:5 51:6 51:23 59:23 61:11 61:12 69:4 82:19 85:24 |
| **it's**(70) 10:23 11:9 14:8 14:21 15:22 16:21 17:17 18:3 18:19 19:11 22:8 22:9 22:13 22:20 24:6 24:7 24:9 24:20 24:25 25:13 25:20 28:18 30:10 33:7 35:14 36:13 36:24 37:3 37:4 37:20 38:4 38:9 43:18 45:21 46:19 47:7 47:16 47:20 48:2 48:12 49:25 54:1 54:9 54:17 59:21 62:5 64:11 64:23 65:6 68:15 68:18 70:5 72:25 73:15 74:24 75:2 76:6 77:2 80:3 80:12 80:24 82:18 83:14 85:3 85:22 86:13 86:14 86:16 86:16 87:4 | | | | **lists**(1) 29:9 | | |
| | | | | **lisus**(1) 5:19 | | |
| | | | | **litigate**(1) 66:9 | | |
| | | | | **litigation**(13) 12:13 12:25 13:17 16:15 23:7 25:6 25:8 49:22 50:13 79:3 80:5 80:8 82:22 | | **maybe**(12) 9:15 10:19 15:21 25:13 25:14 30:5 38:23 46:19 66:6 68:21 70:14 85:23 |
| | | **knowing**(1) 17:15 | | | | |
| | | **known**(1) 43:1 | | **little**(8) 12:20 16:17 16:24 26:4 27:7 28:2 37:2 37:20 | | **mccloy**(3) 3:24 4:4 49:14 |
| | | **koskie**(1) 6:25 | | | | **mean**(9) 22:13 23:8 34:17 34:21 35:4 36:23 52:5 58:22 59:6 |
| **items**(1) 50:21 | | **kramer**(1) 3:44 | | **lives**(2) 38:18 39:12 | | |
| **its**(3) 65:3 70:18 72:20 | | **lack**(1) 70:18 | | **llc**(2) 1:38 5:47 | | |
| **itself**(3) 7:10 42:21 47:7 | | **lafleur**(1) 4:41 | | **lloyd**(1) 5:25 | | **meaning**(1) 13:19 |
| **jacques**(1) 5:8 | | **land**(1) 21:12 | | **llp**(15) 1:22 2:20 3:11 3:17 3:31 3:40 3:45 4:37 4:41 5:14 5:29 5:42 6:9 6:20 6:25 | | **means**(2) 27:23 58:4 |
| **james**(2) 3:17 6:6 | | **language**(2) 26:24 62:9 | | | | **meant**(1) 13:15 |
| **jeffries**(1) 5:5 | | **large**(1) 39:5 | | | | **meantime**(1) 59:21 |
| **jennifer**(1) 4:42 | | **larger**(4) 15:19 15:20 28:6 35:18 | | **local**(1) 54:7 | | **mechanics**(1) 23:4 |
| **jerseys**(1) 29:15 | | **last**(10) 8:8 9:17 12:2 13:3 26:9 34:20 44:22 48:20 53:18 87:5 | | **lockbox**(2) 2:29 64:23 | | **mechanism**(1) 30:13 |
| **john**(1) 5:26 | | | | **logistics**(1) 86:21 | | **mediation**(2) 54:6 54:11 |
| **join**(2) 71:4 77:16 | | | | **long**(8) 26:1 26:2 28:1 29:9 30:11 36:12 50:10 64:7 | | **melnik**(40) 3:32 69:11 69:11 69:13 69:16 69:19 69:21 69:24 70:3 70:7 70:9 70:10 70:16 70:25 71:8 71:12 71:22 72:3 72:6 72:13 72:16 72:24 73:14 74:10 74:14 74:16 74:20 74:25 75:2 75:4 75:6 75:8 75:10 75:12 75:15 75:19 75:20 75:21 75:23 81:14 |
| **joined**(1) 18:7 | | **lastly**(1) 50:25 | | | | |
| **joint**(23) 2:19 5:18 5:34 8:15 8:20 8:25 9:19 10:3 11:14 14:21 16:9 19:9 24:15 25:16 28:7 29:22 32:16 35:13 39:22 56:2 57:3 76:12 85:6 | | **late**(1) 79:17 | | **long-term**(1) 24:4 | | |
| | | **later**(4) 12:8 22:17 59:23 86:18 | | **look**(14) 7:12 16:3 20:4 21:10 36:23 56:17 58:24 60:8 60:11 62:3 62:4 69:12 75:13 81:21 | | |
| | | **latham**(1) 6:20 | | | | |
| | | **laughter**(7) 37:11 38:25 41:12 55:21 69:15 84:18 87:1 | | | | |
| | | | | **looking**(3) 21:11 58:13 59:7 | | **melnik's**(1) 76:10 |
| **jointly**(4) 1:6 30:13 42:6 44:6 | | | | **looks**(2) 31:5 82:16 | | **member**(1) 73:3 |
| **joking**(1) 41:13 | | **laura**(1) 2:41 | | **loop**(4) 9:24 10:6 13:12 30:25 | | **members**(5) 62:17 70:19 72:19 79:12 79:14 |
| **jones**(2) 66:20 66:22 | | **lauren**(1) 6:17 | | **loose**(2) 24:3 79:1 | | **memory**(1) 71:23 |
| **joseph**(2) 4:38 6:10 | | **law**(9) 3:17 4:24 44:2 51:17 51:23 64:2 64:6 66:5 66:12 | | **lost**(5) 36:24 36:25 37:8 37:13 37:14 | | **mention**(2) 63:22 82:7 |
| **judge**(5) 1:18 1:19 7:24 9:11 11:2 | | | | **lot**(16) 31:21 34:2 36:10 36:24 47:24 50:6 56:21 57:9 58:9 59:20 59:24 59:24 60:25 82:9 84:16 86:10 | | **mentioned**(1) 45:18 |
| **judges**(1) 33:3 | | **lawton**(1) 5:24 | | | | **mere**(1) 78:2 |
| **judgment**(2) 35:8 35:9 | | **lawyers**(3) 24:9 24:10 37:5 | | | | **merely**(1) 54:9 |
| **juncture**(1) 74:1 | | **lax**(1) 5:19 | | | | **merrill**(1) 67:11 |
| **june**(3) 33:2 62:6 73:23 | | **lay**(1) 21:12 | | **loud**(1) 50:2 | | **messages**(1) 50:2 |
| **jurisdictions**(3) 51:7 78:7 78:10 | | **layton**(1) 2:4 | | **lovells**(1) 5:14 | | **messenger**(1) 86:25 |
| **just**(62) 8:3 8:4 8:16 9:15 9:16 9:22 10:25 11:1 11:10 12:1 13:11 13:16 13:16 15:6 16:14 17:9 18:6 21:17 25:20 25:21 28:10 28:11 28:17 31:19 36:5 36:23 37:9 38:9 39:9 41:5 41:25 46:14 47:9 48:1 48:15 50:14 51:12 51:13 52:6 52:7 56:5 58:6 61:2 61:7 61:22 62:23 67:15 74:21 75:7 75:12 76:2 76:17 77:15 78:2 81:2 83:11 83:24 84:21 85:8 85:22 86:25 | | **lead**(2) 41:8 56:18 | | **lowenthal**(1) 4:25 | | **messing**(1) 16:21 |
| | | **leads**(2) 15:20 20:21 | | **ltd**(4) 72:1 80:1 80:1 80:4 | | **michael**(1) 6:21 |
| | | **learned**(3) 37:12 48:14 57:4 | | **lumped**(3) 62:21 63:8 64:16 | | **middle**(1) 22:6 |
| | | **least**(4) 23:5 28:21 37:16 62:19 | | **mace**(1) 1:36 | | **might**(27) 7:17 8:7 9:10 15:23 16:5 18:15 22:10 23:23 24:24 26:11 26:16 27:6 27:6 28:7 28:19 31:22 33:19 34:3 34:24 35:16 38:3 43:18 53:23 54:3 61:14 82:16 85:16 |
| | | **leave**(2) 11:8 21:13 | | **machine**(1) 38:10 | | |
| | | **ledger**(1) 60:4 | | **macinnis**(1) 6:6 | | |
| | | **left**(1) 41:5 | | **made**(12) 10:7 12:7 21:23 27:18 27:19 29:4 36:10 63:25 66:5 66:13 66:13 69:3 | | |
| | | **leftover**(1) 86:2 | | | | |
| | | **legally**(1) 22:23 | | | | **milbank**(3) 3:24 4:4 49:14 |
| | | **legitimately**(1) 60:25 | | **maintaining**(1) 38:24 | | **miller**(1) 3:18 |
| | | **length**(1) 46:13 | | **major**(5) 17:9 33:1 42:11 43:21 79:25 | | **mind**(4) 54:25 55:2 59:7 86:16 |
| | | **let**(7) 31:3 36:23 58:10 61:7 61:22 69:11 74:7 | | **majority**(1) 6:26 | | **mindel**(1) 5:39 |
| | | | | **make**(20) 9:24 10:2 11:11 16:25 24:18 26:13 29:23 31:19 31:23 39:11 55:22 58:15 64:14 65:19 68:24 73:24 74:7 77:10 81:2 81:16 | | **mindful**(4) 50:14 51:2 51:19 51:22 |
| | | **let's**(3) 17:10 28:25 77:5 | | | | **minsky**(1) 6:25 |
| | | **let's-get-going**(1) 17:20 | | | | **minute**(1) 61:8 |
| | | | | | | **minutes**(1) 7:17 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| mirror(2) 54:2 72:13 | | nnuk(4) 64:3 64:13 64:23 65:4 | | one(77) 1:31 2:6 2:14 2:22 3:27 8:4 14:18 14:20 15:2 15:10 16:10 17:13 19:6 20:25 21:4 21:16 21:20 21:21 24:13 25:13 25:16 25:17 28:25 29:3 30:5 32:21 33:8 34:12 34:12 34:15 34:15 34:22 34:22 35:12 36:11 38:17 42:1 42:7 42:14 43:23 44:3 47:8 47:17 48:4 48:9 48:24 49:19 49:24 50:18 52:9 56:23 61:8 61:23 63:7 63:22 64:16 64:20 67:19 76:7 77:8 77:24 79:13 79:16 80:18 80:24 81:6 82:15 82:17 83:1 84:5 84:22 85:17 85:17 86:13 86:13 86:16 86:19 | | overlay(1) 22:25 |
| mischaracterize(1) 21:14 | | non(1) 43:7 | | | | override(1) 34:3 |
| missing(1) 73:4 | | non-u.s(1) 79:22 | | | | overstate(1) 11:7 |
| moment(3) 41:6 44:10 71:23 | | nonetheless(1) 33:3 | | | | overstepped(1) 38:14 |
| money(1) 68:3 | | normally(2) 15:14 23:18 | | | | overy(3) 2:40 4:37 7:25 |
| monitor(15) 2:33 4:36 8:2 12:12 12:24 13:5 13:6 18:10 19:9 19:21 26:7 45:19 54:24 57:2 57:14 | | nortel(9) 1:7 3:40 5:13 5:33 5:42 5:46 6:15 6:25 73:6 | | | | own(7) 23:15 24:8 29:6 61:12 77:23 80:1 80:6 |
| monitor's(1) 62:20 | | north(3) 1:25 2:7 2:36 | | | | o'connor(3) 3:12 |
| monitors(2) 29:3 52:17 | | not(130) 7:11 8:16 8:25 10:1 14:1 14:4 14:6 15:6 15:13 18:3 19:10 21:2 21:11 22:21 23:21 23:25 24:1 24:2 24:7 24:12 24:20 25:9 25:12 25:21 26:2 26:17 26:20 27:4 27:5 28:9 28:10 28:18 31:4 33:19 34:1 36:7 36:14 37:4 38:7 38:9 39:13 39:23 41:18 41:25 43:9 45:1 45:3 45:11 46:13 46:13 46:14 48:12 50:7 51:3 51:8 51:12 51:13 51:17 51:18 51:19 51:22 52:14 52:18 53:9 53:24 53:25 54:3 54:7 55:10 57:18 57:24 58:6 58:18 58:19 61:5 61:9 61:14 61:18 62:3 62:11 62:17 62:24 63:9 63:15 63:15 63:18 65:11 66:20 67:10 67:20 68:3 68:11 68:15 69:4 69:14 71:4 72:16 72:24 72:25 73:4 73:9 73:16 74:8 74:17 75:13 75:17 75:18 76:11 77:10 77:21 77:22 77:23 78:14 79:20 79:25 80:7 80:5 80:12 80:20 81:17 82:6 82:10 83:13 83:23 84:5 84:6 85:14 85:20 86:16 | | | |
| month(3) 26:3 35:20 58:14 | | | | | | p.m(3) 1:15 7:1 87:11 |
| months(13) 26:3 26:3 26:4 46:21 49:2 50:11 50:17 57:18 57:24 58:15 67:8 81:25 86:18 | | | | | | page(1) 41:2 |
| | | | | | | pages(2) 40:24 58:4 |
| morawetz(42) 8:16 8:24 9:1 9:17 11:2 12:5 12:6 12:11 13:2 13:8 14:21 19:13 20:18 29:24 31:24 32:4 33:9 38:19 41:7 41:15 41:22 44:18 45:19 47:10 53:1 53:23 58:19 61:4 61:9 61:11 61:15 61:18 68:24 69:5 70:20 70:22 73:16 80:17 83:20 86:3 86:24 | | | | | | paid(1) 62:16 |
| | | | | | | paper(2) 18:2 18:6 |
| | | | | | | papers(3) 17:23 42:5 76:16 |
| | | | | | | parade(1) 80:7 |
| | | | | | | parallel(4) 34:16 43:9 47:4 63:21 |
| morawetz's(4) 42:19 49:20 62:5 62:9 | | | | one's(3) 80:6 81:3 81:4 | | parameter(1) 25:22 |
| more(18) 8:15 8:20 10:2 10:19 12:5 23:7 28:5 31:15 35:16 36:17 37:21 48:14 51:17 52:16 64:18 67:18 86:17 87:6 | | | | ones(1) 53:22 | | parcel(1) 82:1 |
| | | | | only(14) 14:6 14:19 15:13 27:22 31:4 50:24 53:6 54:17 65:20 66:6 66:20 68:14 72:16 81:16 | | parenthetically(1) 42:5 |
| | | | | | | park(2) 2:14 2:22 |
| | | | | | | part(8) 13:7 17:5 18:20 28:6 60:2 64:9 64:10 82:6 |
| morning(3) 7:4 9:3 33:10 | | note(1) 8:23 | | ontario(1) 72:21 | | |
| morris(3) 1:22 3:17 7:7 | | nothing(3) 9:12 62:8 81:5 | | ontario's(1) 72:20 | | participate(11) 8:12 8:17 20:7 23:6 43:11 52:22 54:6 55:10 56:15 66:8 79:10 |
| most(2) 31:18 66:14 | | notice(6) 30:14 51:11 73:24 74:13 76:11 81:20 | | open(6) 8:14 8:19 12:20 18:21 31:6 31:24 | | |
| mostly(1) 57:12 | | | | open-ended(2) 83:13 83:24 | | participating(1) 44:25 |
| motion(4) 18:4 73:24 74:4 79:17 | | | | opening(7) 9:10 17:18 18:22 22:19 34:6 46:8 46:21 | | participation(1) 42:23 |
| motions(1) 86:17 | | noticing(1) 76:17 | | | | particular(2) 57:22 79:21 |
| move(3) 17:2 20:15 24:24 | | notion(1) 63:8 | | | | particularly(3) 43:1 48:24 62:15 |
| moved(1) 82:5 | | now(16) 14:1 17:1 26:13 27:9 28:2 28:19 38:5 49:25 50:3 52:23 55:14 62:12 65:14 76:12 80:24 86:21 | | operate(1) 77:21 | | parties(68) 12:13 16:1 16:20 17:14 19:1 19:4 19:7 20:6 20:23 21:1 21:7 22:9 22:11 22:20 22:23 26:22 31:21 33:6 34:14 35:22 37:5 38:22 41:6 41:19 41:19 42:8 42:8 42:13 42:15 42:24 42:25 43:11 43:21 44:8 44:17 44:19 44:24 44:24 45:4 45:4 45:8 49:23 50:20 52:7 52:12 52:13 58:9 58:22 59:21 59:25 61:14 61:19 62:16 66:18 66:19 67:3 67:15 67:20 68:5 69:1 73:20 77:6 79:8 80:11 80:11 81:25 82:18 84:11 |
| moving(4) 14:4 18:2 18:6 37:4 | | | | operative(1) 78:20 | | |
| much(15) 37:8 38:1 43:7 44:5 46:10 47:10 56:2 64:23 68:14 68:18 68:19 68:20 70:6 75:23 87:7 | | | | opinion(5) 10:12 45:24 50:2 56:5 56:12 | | |
| | | | | opportunities(5) 18:14 20:21 20:23 21:1 33:20 | | party(34) 4:28 4:32 4:45 5:5 6:5 19:14 19:17 19:21 19:23 20:4 20:5 23:19 45:9 51:6 53:2 53:6 53:14 53:18 54:23 55:6 55:10 55:15 55:20 65:23 66:7 66:10 73:10 73:21 75:14 77:9 77:12 77:12 80:19 80:21 |
| murphy(1) 2:35 | | nuances(2) 14:13 35:12 | | | | |
| mushrooming(1) 78:2 | | number(9) 25:4 41:23 42:8 61:23 63:12 63:22 63:22 67:9 77:8 | | opportunity(9) 10:24 11:24 13:4 28:15 61:10 68:5 69:25 75:14 83:18 | | |
| must(1) 46:8 | | | | | | pasquariello(1) 6:10 |
| myself(3) 37:10 37:10 61:19 | | | | opposite(2) 54:2 54:20 | | past(1) 52:15 |
| naftalis(1) 3:44 | | numbers(2) 29:18 77:17 | | optimal(1) 65:12 | | path(1) 27:10 |
| name(5) 19:11 23:24 70:10 81:13 81:17 | | numerous(1) 81:25 | | optimally(1) 66:14 | | patterson(1) 4:24 |
| narrow(4) 29:11 33:20 34:3 69:4 | | o'connor(5) 60:18 60:20 60:20 60:22 60:23 61:8 61:21 65:10 66:1 66:25 67:3 67:6 68:10 69:8 77:14 | | oral(1) 17:14 | | pay(1) 31:5 |
| natural(1) 17:2 | | | | order(10) 10:13 15:15 18:20 54:6 54:11 55:2 57:24 62:9 64:1 64:21 | | pbgc(2) 72:25 73:2 |
| navigate(3) 34:20 81:2 | | | | | | peace(1) 25:10 |
| navigates(1) 22:17 | | o'sullivan(1) 5:19 | | | | peacock(1) 6:17 |
| near(1) 42:19 | | objection(2) 23:16 23:17 | | ordering(1) 53:22 | | pen(2) 26:12 39:13 |
| necessarily(8) 15:2 18:3 22:21 26:18 30:4 34:20 51:8 58:23 | | objections(1) 33:5 | | orderly(1) 10:9 | | pencil(3) 26:12 26:15 39:13 |
| | | objects(1) 74:13 | | orders(3) 14:3 14:4 43:10 | | pennsylvania(1) 1:40 |
| necessary(2) 31:12 74:3 | | obtain(1) 10:2 | | originally(2) 53:14 57:19 | | pension(28) 3:4 5:14 13:24 19:18 19:23 21:9 21:22 21:24 23:15 24:5 24:6 25:10 25:19 31:8 35:2 35:20 50:19 53:25 54:1 54:19 54:25 60:23 61:24 62:7 64:3 65:13 65:18 72:21 |
| need(20) 16:6 16:8 25:5 28:22 29:19 31:22 32:16 34:7 36:3 37:13 37:25 41:21 47:2 48:7 50:19 59:2 64:7 64:11 67:22 76:3 81:7 | | obviously(17) 10:24 20:21 29:10 29:21 31:16 31:23 33:3 35:23 45:24 47:7 48:16 56:6 56:7 61:5 71:13 73:16 87:3 | | other(41) 10:1 13:18 18:14 20:21 21:23 22:3 24:21 25:3 26:23 26:24 30:25 31:2 32:21 34:4 38:10 38:14 38:15 38:17 49:21 50:18 50:20 51:13 51:20 53:23 56:23 56:24 58:9 59:15 62:16 63:21 67:24 71:15 72:19 74:5 76:17 77:22 77:24 79:4 80:13 82:7 82:18 | | |
| | | | | | | |
| | | | | others(3) 11:18 55:23 70:22 | | people(32) 16:3 18:15 18:23 19:5 23:14 25:8 29:2 29:10 29:12 30:14 33:19 33:23 34:4 34:23 36:10 36:20 38:3 38:15 39:9 39:10 52:5 52:17 53:23 63:22 76:6 76:19 77:16 77:21 79:3 80:13 81:7 |
| needs(2) 7:20 42:3 | | occasionally(1) 29:14 | | otherwise(1) 28:23 | | |
| negotiated(1) 52:12 | | occurs(1) 51:15 | | ought(1) 64:4 | | |
| networks(4) 1:7 5:13 5:33 6:16 | | october(2) 49:4 68:13 | | our(41) 10:23 16:17 18:4 18:12 22:14 24:24 25:24 26:21 28:25 31:14 35:17 36:17 39:12 39:15 42:2 42:5 46:18 48:13 51:16 56:6 56:19 57:1 59:12 61:2 62:3 62:16 62:22 63:2 63:4 63:18 64:17 66:3 66:13 74:3 78:1 79:23 79:25 80:1 80:6 84:23 85:3 | | |
| never(9) 16:4 28:4 37:10 54:13 54:13 54:14 54:15 67:11 78:13 | | off(5) 11:8 35:8 41:6 80:20 80:22 | | | | people's(1) 34:24 |
| | | offer(2) 26:24 27:5 | | | | per(2) 66:14 66:19 |
| new(12) 1:32 2:15 2:23 2:44 3:14 3:28 6:20 14:5 16:24 31:6 52:23 86:18 | | offered(1) 8:3 | | | | perfect(1) 64:15 |
| | | office(1) 2:26 | | ourselves(4) 37:1 69:22 86:12 86:20 | | perfectly(1) 24:20 |
| | | official(9) 4:17 24:1 40:14 54:3 54:8 71:3 71:24 71:25 75:6 | | out(38) 10:16 15:7 17:19 21:2 21:13 21:25 22:2 23:3 25:15 27:6 27:9 28:7 29:11 33:5 33:22 35:23 35:23 38:10 41:18 42:25 44:19 47:9 49:3 50:7 50:11 52:6 56:20 62:16 68:18 76:4 77:8 81:4 81:6 85:4 85:23 86:1 86:12 86:20 | | |
| newer(1) 54:18 | | | | | | perhaps(3) 10:16 43:9 47:10 |
| news(2) 10:18 45:25 | | okay(36) 9:5 11:21 15:9 16:12 16:12 19:22 27:3 31:9 33:25 40:4 40:22 41:11 45:2 45:6 47:21 48:4 49:6 53:8 53:10 53:16 57:8 58:21 60:17 65:25 67:2 69:23 71:11 71:21 72:23 78:8 78:24 82:25 83:2 83:10 84:1 85:7 | | | | period(3) 41:14 67:17 83:25 |
| next(17) 10:20 11:3 12:4 17:21 18:17 18:20 18:23 24:23 26:17 34:7 40:7 49:20 50:14 50:17 80:18 80:18 85:17 | | | | | | periodic(1) 28:7 |
| | | | | outset(3) 44:4 45:25 56:5 | | permit(1) 30:7 |
| | | | | outside(1) 82:4 | | permutations(2) 15:5 17:4 |
| nice(3) 15:21 16:17 61:19 | | old(1) 48:9 | | over(7) 8:8 9:16 34:24 38:15 50:17 51:23 73:6 | | |
| nichols(2) 1:22 7:7 | | older(1) 37:12 | | | | |
| nitty-gritty(1) 58:25 | | olivia(1) 4:29 | | overall(2) 58:8 58:16 | | |
| nni(5) 63:24 64:2 64:12 64:25 65:6 | | once(6) 14:25 21:17 28:18 58:9 65:20 76: | | overlap(8) 14:22 24:20 34:19 47:3 47:5 66:2 82:20 85:21 | | |
| | | | | overlapping(2) 20:16 24:16 | | |

| Word | Page:Line |
|---|---|
| person(1) 77:19 | |
| personally(1) 76:4 | |
| perspective(4) 44:2 44:7 65:10 84:24 | |
| persuasive(1) 61:11 | |
| pertaining(1) 42:22 | |
| pertains(3) 43:14 73:13 73:14 | |
| phillips(1) 5:29 | |
| phone(1) 29:25 | |
| physically(2) 14:15 32:22 | |
| pick(2) 41:5 83:23 | |
| piper(2) 3:31 70:11 | |
| pisa(2) 3:26 78:19 | |
| place(3) 30:4 41:10 43:10 | |
| places(1) 68:16 | |
| plan(2) 15:13 40:3 | |
| plans(2) 39:11 63:11 | |
| playing(1) 17:1 | |
| plays(1) 15:7 | |
| plaza(3) 1:31 2:22 3:27 | |
| please(3) 7:2 7:4 70:2 | |
| pleasure(1) 57:12 | |
| plus(2) 46:16 46:17 | |
| podium(1) 7:21 | |
| point(30) 3:25 5:9 8:4 14:24 17:10 19:24 20:2 21:25 24:2 26:25 28:7 31:12 37:17 43:17 43:19 44:18 46:5 46:19 48:17 50:14 50:25 51:1 52:6 52:20 68:1 75:6 78:11 81:16 83:11 84:22 85:8 | |
| pointed(1) 50:7 | |
| points(5) 17:10 26:1 46:10 49:17 64:20 | |
| pooled(1) 23:11 | |
| position(4) 11:8 61:3 82:21 85:3 | |
| positions(3) 34:25 78:13 80:10 | |
| possibility(1) 61:20 | |
| possible(6) 22:24 25:18 33:8 34:19 36:7 59:1 | |
| possibly(4) 12:23 14:3 27:24 38:1 | |
| ppearances(3) 1:21 2:1 3:1 | |
| practical(5) 22:25 33:17 34:2 77:13 77:19 | |
| practicality(1) 77:17 | |
| practice(1) 30:4 | |
| preceded(1) 61:1 | |
| precisely(1) 51:10 | |
| prefer(2) 22:24 28:10 | |
| preferred(1) 76:14 | |
| prejudge(1) 51:3 51:20 | |
| prejudice(1) 11:11 | |
| prejudices(1) 81:6 | |
| prep(1) 42:10 | |
| preparation(1) 46:24 | |
| prepare(2) 28:15 58:5 | |
| prepared(4) 30:19 72:11 59:1 59:13 | |
| prerogative(1) 33:23 | |
| presence(1) 78:10 | |
| present(1) 84:13 | |
| presentation(1) 85:1 | |
| presented(2) 9:20 73:19 | |
| presently(1) 7:13 | |
| presumption(1) 62:20 | |
| primary(2) 32:3 76:11 | |
| principal(1) 52:19 | |
| prior(3) 14:3 54:9 59:8 | |
| probably(11) 11:7 18:1 22:5 22:16 29:13 30:10 35:15 38:13 55:14 57:10 67:8 | |
| problem(4) 17:5 41:9 60:2 76:19 | |
| problematic(1) 27:25 | |
| problems(2) 59:13 63:7 | |
| procedural(2) 59:18 71:14 | |
| procedures(4) 24:14 44:13 44:14 82:21 | |
| proceed(5) 10:9 14:10 14:11 65:12 82:22 | |
| proceedings(7) 1:17 1:44 20:1 20:3 22:8 72:9 87:15 | |
| proceeds(2) 20:8 82:20 | |

| Word | Page:Line |
|---|---|
| process(23) 7:20 9:16 10:13 30:10 36:24 38:8 38:9 39:9 40:20 43:8 43:14 52:13 54:6 54:22 56:17 56:17 56:25 57:3 62:8 63:16 66:7 68:4 80:23 | |
| processes(3) 35:7 43:14 55:9 | |
| produced(1) 1:45 25:6 58:3 67:13 | |
| professional(1) 39:12 | |
| progress(2) 69:2 69:3 | |
| promptly(1) 28:23 | |
| promulgation(1) 46:22 | |
| pronounced(1) 70:14 | |
| proper(2) 38:9 86:20 | |
| proposal(2) 18:17 85:4 | |
| proposals(1) 67:14 | |
| propose(3) 21:25 30:24 83:20 | |
| proposed(6) 12:25 47:13 53:4 57:23 63:17 80:6 | |
| prospectively(1) 68:18 | |
| protocol(55) 7:20 10:14 12:4 12:9 12:19 13:24 14:2 14:17 15:1 15:14 17:22 18:6 18:25 20:5 20:11 20:22 21:3 21:16 22:1 22:14 22:18 22:20 30:12 30:24 31:3 32:16 33:15 34:15 49:22 50:16 51:2 51:21 52:8 52:10 52:10 52:23 53:4 53:4 53:14 53:21 54:12 54:23 55:1 61:25 62:5 62:6 62:11 63:19 63:20 63:21 73:22 73:23 74:1 77:3 77:5 | |
| protocol's(1) 23:8 | |
| protocols(9) 20:14 24:14 25:2 52:11 52:21 54:9 54:15 54:16 63:10 | |
| prove(2) 9:3 14:24 | |
| provide(2) 15:2 64:13 | |
| provided(1) 71:2 | |
| provides(2) 15:1 30:12 | |
| providing(1) 41:16 | |
| provision(1) 71:2 | |
| prudent(1) 7:17 | |
| purely(1) 44:12 | |
| purport(1) 81:23 | |
| purported(1) 14:2 | |
| purpose(2) 9:14 22:10 | |
| purposes(6) 8:4 19:25 20:19 45:9 73:10 75:11 | |
| put(5) 20:25 28:5 28:16 30:8 54:10 | |
| puts(1) 17:23 | |
| putting(1) 50:4 | |
| quasi(2) 73:1 73:2 | |
| question(14) 18:23 23:5 34:25 43:25 44:15 44:19 48:22 61:23 64:2 82:13 82:15 82:1 84:2 84:22 | |
| questions(6) 28:17 31:18 31:18 33:18 43:19 74:21 | |
| quickly(5) 18:17 26:23 37:4 42:1 59:1 | |
| quite(4) 22:24 26:13 54:15 63:25 | |
| qureshi(1) 4:21 | |
| raised(2) 44:16 64:20 | |
| raises(1) 15:12 | |
| raising(1) 19:25 | |
| range(1) 47:20 | |
| rapid(1) 56:18 | |
| rather(4) 28:9 57:5 58:18 59:4 79:1 | |
| reach(4) 25:9 38:3 42:15 69:4 | |
| reached(1) 74:3 | |
| ready(2) 10:12 39:6 | |
| real(1) 77:19 | |
| realism(1) 37:24 | |
| realistic(8) 57:16 57:19 58:6 58:7 58:17 60:9 68:2 83:21 | |
| really(17) 8:14 9:14 11:10 17:17 23:24 23:25 34:7 36:13 37:25 52:5 57:3 57:18 59:20 62:8 68:9 73:13 85:1 | |

| Word | Page:Line |
|---|---|
| reason(7) 55:9 59:15 59:15 59:16 64:14 77:2 80:13 | |
| reasonable(2) 64:12 82:1 | |
| reasons(3) 17:13 63:22 67:9 | |
| recall(1) 55:8 | |
| received(2) 8:24 12:17 | |
| receiving(1) 10:6 | |
| recess(1) 87:9 | |
| reciprocated(1) 30:15 | |
| recognition(2) 54:16 80:3 | |
| recognize(4) 21:2 37:1 50:16 55:5 | |
| recognized(5) 54:9 54:14 55:15 78:15 79:8 | |
| recognizing(1) 39:11 | |
| record(6) 12:8 49:14 56:6 70:10 76:13 85:14 | |
| recorded(1) 1:44 | |
| recording(2) 1:44 87:14 | |
| red(2) 16:21 77:4 | |
| redundancies(1) 15:18 | |
| reed(2) 2:20 5:42 | |
| reference(2) 14:5 83:17 | |
| refining(1) 50:4 | |
| reflected(1) 13:7 | |
| regard(1) 73:18 | |
| regarding(2) 20:7 25:3 | |
| regime(1) 14:5 | |
| regulators(1) 24:6 | |
| reinventing(1) 52:14 | |
| reiterate(1) 81:24 | |
| relate(1) 14:20 | |
| related(1) 42:21 | |
| relates(1) 11:16 | |
| relating(1) 10:13 | |
| relevant(3) 65:17 65:17 65:18 | |
| relief(3) 10:2 26:21 76:16 | |
| relitigate(1) 55:7 | |
| remainder(1) 27:11 | |
| remarks(1) 8:6 | |
| remember(1) 63:23 | |
| remind(4) 8:16 52:9 52:25 83:3 | |
| reminder(1) 48:1 | |
| remotely(1) 83:23 | |
| renamed(1) 76:5 | |
| rendered(1) 62:4 | |
| rep(1) 79:14 | |
| repeat(1) 43:15 | |
| report(1) 13:16 | |
| reporter(1) 31:15 | |
| reports(1) 46:24 | |
| represent(1) 70:21 | |
| representative(4) 31:17 71:24 72:1 72:6 | |
| representatives(3) 71:18 71:20 72:17 | |
| represented(1) 70:17 | |
| represents(1) 73:3 | |
| request(10) 8:25 22:6 23:15 26:13 26:21 27:24 35:5 49:19 54:18 69:25 | |
| requested(3) 30:1 30:15 54:21 | |
| requests(8) 20:24 26:5 29:4 29:9 29:11 46:23 46:23 77:10 | |
| require(4) 42:24 43:4 64:12 65:6 | |
| required(1) 46:22 | |
| reserve(1) 56:6 | |
| reserved(2) 11:9 76:24 | |
| reserves(1) 76:15 | |
| reserving(1) 76:21 | |
| resist(1) 50:20 | |
| resolution(6) 21:8 50:18 51:5 51:9 51:14 56:18 | |
| resolutions(1) 20:13 | |
| resolve(2) 16:7 34:7 | |
| resolved(5) 20:12 37:3 52:20 57:11 64:22 | |
| resolving(1) 27:10 | |
| resort(1) 67:23 | |

| Word | Page:Line |
|---|---|
| respect(29) 12:13 13:21 28:21 30:14 38:8 39:17 40:2 42:4 46:3 46:4 51:5 51:12 51:13 51:14 51:24 56:11 57:12 62:11 63:11 71:10 73:7 73:17 73:25 74:5 74:14 76:15 76:24 80:25 81:13 | |
| respected(2) 22:8 81:8 | |
| respectful(2) 28:14 38:14 | |
| respectfully(1) 69:25 | |
| respecting(1) 24:19 | |
| respects(2) 71:8 73:2 | |
| respond(1) 18:14 | |
| responding(2) 26:22 83:11 | |
| response(1) 48:22 | |
| responses(3) 18:14 31:7 46:23 | |
| responsible(1) 64:3 | |
| responsive(3) 18:11 18:13 18:16 | |
| retirees(1) 71:25 | |
| reverse(1) 50:12 | |
| review(2) 67:15 68:19 | |
| reviewed(1) 58:5 | |
| reviewing(2) 49:22 81:21 | |
| richard(1) 5:24 | |
| richards(1) 2:4 | |
| riela(1) 6:21 | |
| right(111) 9:13 10:15 12:18 14:1 14:4 14:12 14:25 15:2 15:13 15:24 16:16 17:1 17:10 19:1 19:6 20:6 20:8 20:20 21:16 21:18 21:23 22:8 23:6 23:14 23:19 23:20 23:20 24:11 24:17 25:11 25:12 25:17 25:22 26:4 26:13 27:24 27:24 28:2 28:19 28:24 29:1 29:6 30:8 30:22 30:23 32:14 32:19 34:19 35:11 35:25 36:6 36:13 36:15 38:2 39:1 39:14 39:20 40:6 41:1 42:17 43:25 44:1 45:10 45:22 47:6 49:6 49:6 51:25 52:13 53:11 54:2 54:8 54:20 54:22 55:2 55:4 55:8 55:12 55:16 60:1 60:3 60:10 66:8 66:25 68:10 69:7 69:23 74:4 74:10 76:9 76:12 76:16 76:21 77:4 78:2 78:9 78:15 79:2 79:7 79:9 79:10 80:7 80:9 81:9 82:18 83:15 84:1 86:7 86:15 86:23 | |
| righton(1) 5:47 | |
| rights(15) 11:9 43:10 51:15 54:16 56:6 56:18 76:15 76:22 77:9 77:10 77:11 79:23 80:23 80:25 81:3 | |
| ring(3) 19:4 19:6 20:6 | |
| ripe(1) 31:20 | |
| rise(1) 7:2 | |
| risk(1) 50:15 | |
| robin(1) 5:30 | |
| rodney(1) 2:6 | |
| role(3) 20:4 43:7 43:20 | |
| room(12) 9:18 18:1 19:6 20:25 22:12 22:25 26:22 26:25 31:17 33:19 35:14 76:4 | |
| rooney(1) 2:34 | |
| round(3) 34:7 53:18 86:17 | |
| rubik's(2) 16:15 77:4 | |
| rule(3) 20:18 74:9 75:13 | |
| ruled(1) 53:1 | |
| rules(8) 21:18 21:19 22:7 22:9 22:15 25:3 30:7 51:17 | |
| ruling(12) 17:11 17:14 19:15 20:17 21:12 21:21 25:16 35:2 35:3 35:4 41:15 50:1 | |
| rulings(7) 24:12 25:16 29:14 41:22 61:6 70:5 76:7 | |
| run(1) 51:23 | |
| running(1) 34:18 | |
| said(33) 18:4 19:13 20:6 21:10 23:2 23:24 25:4 31:13 36:10 38:7 38:9 42:5 44:4 46:4 47:15 49:7 51:25 51:9 53:20 54:4 56:14 57:19 61:1 62:12 65:14 68:23 71:16 77:3 77:18 78:13 79:4 82:23 85:15 | |
| sale(1) 20:7 | |

**Word**    **Page:Line**

same(12) 10:6 14:23 14:24 20:20 21:18 21:20 34:9 35:1 35:11 41:9 41:10 44:11

samis(1) 2:5
satisfied(1) 64:8
saw(1) 77:7
say(31) 11:6 11:7 24:9 25:15 27:17 33:12 45:17 46:5 46:20 48:7 48:12 52:10 51:18 51:20 53:1 55:6 56:5 56:5 58:6 59:9 60:7 60:25 61:18 62:1 67:6 76:13 77:14 80:3 82:16 82:23 83:16

saying(8) 9:4 12:8 16:3 19:22 27:1 54:19 57:2 58:14

says(3) 14:17 20:11 53:3
scenario(1) 26:17
schedule(24) 12:13 12:25 13:2 13:17 16:16 18:12 25:6 25:8 27:10 28:5 28:6 47:13 49:21 50:5 50:13 57:15 57:22 58:2 58:8 58:17 59:10 60:9 67:7 83:21

scheduled(1) 9:3
schedules(8) 25:24 25:25 34:16 34:18 39:10 48:16 57:23 58:1

scheduling(5) 8:7 15:15 36:13 37:24 57:5
scheme(3) 64:13 65:1 65:8
scheme's(1) 64:4
schuylkill(1) 1:39
schweitzer(33) 1:30 7:22 9:6 9:8 9:9 9:14 10:1 10:5 10:9 10:15 10:18 10:22 11:6 11:16 11:20 11:22 12:1 12:15 12:18 12:23 13:11 13:14 13:23 14:12 14:17 15:4 15:10 15:24 16:1 16:13 16:23 17:6 17:8 17:17 17:25 18:5 19:3 19:20 20:10 23:11 24:18 27:4 27:14 27:16 28:14 28:24 29:19 30:3 30:18 30:22 31:10 32:1 32:6 32:9 32:14 32:17 32:19 32:24 33:11 34:1 35:21 35:25 36:3 36:6 36:8 36:16 36:22 37:15 37:18 37:22 38:2 38:13 38:21 39:4 39:8 39:15 39:17 39:19 39:21 39:24 40:1 40:5 40:7 40:9 40:10 40:11 40:24 40:25 46:4 46:12 47:12 47:15 47:19 47:21 48:1 48:5 48:7 48:9 48:12 48:19 49:16 52:4 52:5 52:25 53:3 53:9 53:11 53:13 53:17 55:5 53:13 55:17 57:13 62:1 69:17 75:25 76:1 76:2 76:7 76:10 76:22 76:24 77:1 78:5 78:9 79:18 81:21 78:23 78:25 79:3 79:7 79:16 79:20 81:10 84:10 84:13 85:10 85:11 85:12 85:14 85:19 85:25 86:7 86:7 86:9

schwill(1) 5:30
scope(1) 42:23
scott(1) 4:14
screens(1) 33:4
seated(1) 7:4
second(11) 15:11 20:2 24:21 32:15 42:22 62:18 78:11 78:11 83:9 86:13 86:17

secondary(2) 16:19 83:5
secondly(2) 64:6 65:2
seconds(1) 71:17
secret(1) 17:16
sectors(1) 72:11
see(19) 16:2 21:12 25:24 32:7 34:24 38:10 40:23 55:18 55:25 56:1 56:10 60:22 68:25 69:5 69:12 77:15 81:22 83:14 83:21

seek(2) 10:2 50:20
seeking(3) 14:9 65:11 74:4
seem(2) 28:6 41:6
seemingly(2) 40:20 44:19
seems(7) 32:3 54:18 62:19 64:14 64:18 65:11 66:17

seen(1) 82:6
self-emphasized(1) 81:17
selinda(2) 3:32 70:10

selnik(1) 81:14
send(1) 12:24
sense(16) 14:8 35:18 46:11 47:9 61:2 63:5 63:18 64:15 64:25 65:19 66:13 68:2 68:1 68:17 73:7 83:8

sensible(2) 64:18 65:6
sensitive(2) 29:21 48:15
sensitivity(2) 22:22 79:22
sentiment(1) 38:4
separate(9) 14:21 20:12 25:16 43:24 54:15 54:22 65:20 73:1 73:1

separately(8) 14:11 20:17 20:19 32:11 32:12 47:3 54:22 66:14

separateness(1) 22:7
sequencing(4) 84:23 85:2 85:20 86:20
series(3) 25:13 31:10 58:15
serve(1) 23:14
service(2) 1:38 1:45
services(2) 1:38 72:20
session(1) 45:25
set(13) 15:19 15:21 24:21 26:11 35:4 35:19 39:13 58:18 58:19 68:2 77:24 83:1 85:4

sets(2) 24:10 77:25
setting(9) 26:8 27:22 34:10 39:9 47:11 58:12 59:19 80:14 80:19

settlement(2) 54:7 80:8
seven(1) 77:20
seventh(1) 3:13
several(3) 41:24 70:19 71:16
shall(1) 19:3
shared(1) 38:4
she(3) 76:11 76:13 76:14
she'd(1) 62:1
shibley(1) 5:47
short(4) 25:21 25:21 59:23 67:17
shortened(1) 57:24
shortened-notice(1) 28:11
shorter(1) 59:14
should(34) 9:19 9:19 10:11 10:16 11:13 13:5 16:9 26:1 26:2 26:10 32:1 34:22 46:12 47:10 47:11 52:22 52:22 57:19 58:14 62:20 63:8 63:24 64:3 65:23 66:20 66:22 76:4 82:22 83:12 83:16 83:24 84:5 84:24 85:5

shouldn't(1) 64:15
shove(1) 76:3
show(7) 11:12 27:5 58:1 59:14 66:22 78:1 78:14

sic(1) 86:14
side(11) 16:21 16:21 17:20 19:16 21:23 22:3 35:17 35:17 36:17 60:4 78:2

sides(2) 30:4 30:16
silver(1) 5:9
similar(2) 72:25 78:18
simpler(1) 55:22
simplify(1) 15:18
simply(1) 62:4
since(4) 21:4 31:4 49:25 83:19
sir(3) 8:1 81:11 84:20
sit(1) 86:3
site(1) 33:8
sitting(3) 33:4 56:20 86:4
sitting-in-the-sam(1) 35:13
situations(1) 79:10
six(12) 24:10 46:21 49:2 50:11 50:17 57:18 57:24 58:3 67:7 77:20 81:25 86:18

six-month(1) 47:5
size(1) 29:20
slightly(1) 21:14
slip(1) 26:17
smaller(3) 53:19 58:16 58:24

smith(2) 5:23 5:38
snyder(1) 87:19
solely(2) 70:12 81:15
solus(1) 4:45
solution(3) 25:18 28:25 41:9
solutions(2) 35:16 77:19
solve(3) 16:16 16:17 26:5
solved(1) 77:4
solving(2) 16:19 16:20
some(48) 7:13 7:18 8:8 8:13 11:1 13:24 16:3 16:4 16:19 17:9 18:2 18:21 25:7 28:6 33:21 34:2 34:24 35:15 35:16 36:17 42:13 42:22 42:24 47:15 48:17 52:15 55:8 57:10 57:22 58:12 59:16 61:2 64:13 66:2 67:13 67:25 69:2 69:6 71:14 77:25 79:12 80:21 82:20 84:22 85:23 86:2 86:3 86:4

somehow(4) 22:14 61:13 77:16 80:10
someone(4) 16:20 21:13 27:1 27:23
someone's(3) 11:8 11:9 16:23
something(14) 11:8 30:11 43:23 49:19 50:14 54:21 61:14 65:5 68:4 75:13 81:22 82:6 82:14 82:17

somewhat(5) 9:4 32:16 43:23 67:25 72:24
soon(1) 56:5
sorry(4) 60:15 81:14 82:22 84:20
sort(20) 7:19 17:1 17:15 18:2 18:21 30:20 31:14 33:13 36:24 37:1 37:7 37:19 37:24 44:19 47:9 61:13 76:6 80:19 83:5 83:13

sorts(1) 33:9
sought(1) 54:15
sound(3) 1:44 43:18 87:14
sounds(1) 53:23
soup(1) 76:6
speak(2) 34:5 78:19
speaking(1) 11:19
specific(2) 39:18 43:14
specificity(1) 50:4
spectrum(1) 22:16
speed(1) 68:9
spelled(1) 21:2
spend(1) 7:17
spent(1) 50:3
spot(1) 28:16
spotlighted(1) 77:2
square(2) 2:6 16:17
squeeze(1) 57:21
staged(2) 25:15 64:19
stam(1) 4:42
stand(1) 87:9
standalone(1) 63:20
standing(8) 23:18 23:19 24:9 43:25 51:1 51:17 51:20 73:17

start(13) 8:18 16:19 35:8 41:17 42:2 46:7 46:9 46:9 50:8 50:9 50:10 61:22 77:6

started(2) 50:3 62:10
starting(5) 37:17 45:24 46:4 46:18 46:20 85:17

starts(1) 28:18
state(1) 61:13
stated(1) 82:2
statement(1) 81:22
statements(2) 12:7 46:8 46:21
states(7) 1:1 1:19 43:13 45:12 45:15 62:24 68:8

status(11) 7:10 8:6 8:12 9:21 28:12 30:1 66:10 70:4 70:19 74:8 80:16

statute(2) 44:13 44:14
stay(2) 64:1 64:21
ste(5) 2:28 2:36 3:7 3:19 3:33
steen(2) 1:29 6:16
steering(1) 72:7

step(5) 14:13 17:22 18:20 19:6 80:21
stephen(3) 3:18 4:46 5:35
stepping(1) 38:8
steps(6) 10:20 11:4 16:18 18:17 80:18 80:18

stickers(1) 16:24
still(5) 25:24 26:5 31:21 33:23 35:15 39:6 87:6

stockholder(1) 51:16
stolen(1) 9:10
strauss(3) 2:11 4:18 40:14
streamline(1) 62:13
streams(1) 50:17
street(1) 1:11 1:39 2:7 2:28
strong(1) 37:23
subject(3) 22:9 44:11 44:12
submission(2) 16:10 46:20
submissions(17) 7:13 7:14 8:23 8:24 9:17 11:1 11:12 12:17 13:6 17:21 23:21 34:6 46:25 62:19 62:20 70:17 73:18

submit(3) 13:2 13:5 75:16
submitted(4) 29:24 42:6 44:16 46:8
substance(2) 8:13 8:19
substantively(1) 77:1
successful(1) 65:3
successfully(1) 64:20
such(3) 10:6 30:20 84:24
suddenly(1) 79:9
sufficient(1) 42:9
suggest(2) 47:10 58:8
suggested(6) 18:8 18:11 18:21 35:10 54:21 82:18

suggesting(4) 35:3 83:13 83:23 85:3
suggestion(1) 8:7
suggests(2) 58:2 62:10
suit(1) 69:14
summaries(1) 57:14
summarize(1) 26:23
summary(1) 31:13
superintendent(1) 72:20
supply(1) 65:7
supplying(1) 64:25
support(3) 64:13 65:1 65:7
supportive(1) 26:9
supreme(1) 68:8
sure(40) 7:11 9:24 10:2 10:21 11:7 14:4 21:13 24:18 28:13 29:23 30:17 31:19 31:23 36:21 37:13 38:8 39:7 40:11 43:5 46:6 47:18 48:2 52:4 56:9 59:22 61:18 67:5 70:8 72:5 73:8 74:20 75:8 76:25 81:19 83:7 85:14 85:20 86:6 86:8 86:24

surrounding(1) 36:18
suspect(2) 67:18 67:22
swirling(1) 7:19
synergies(4) 20:22 21:2 22:12 85:21
synergy(3) 23:1 24:19 55:2
systems(1) 59:18
table(2) 29:20 62:17
tail-wagging-the-dog-typ(1) 43:18
tailor(1) 81:3
take(14) 36:14 49:3 57:6 57:20 57:25 59:25 67:25 68:12 68:19 68:19 68:20 71:12 77:10 80:10

taken(3) 63:13 65:3 67:16
takes(1) 68:21
taking(4) 10:23 67:23 78:13 85:16
talk(1) 9:3
talked(1) 41:24
talking(7) 11:3 26:2 26:3 52:8 61:8 67:17 68:9

tandem(1) 34:18
target(1) 28:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **technical**(2) 44:19 71:13 | | **that**(251) 50:16 50:16 50:22 50:25 51:7 | | **the**(301) 1:1 1:2 1:18 2:4 2:18 2:26 2:43 | | **the**(301) 25:23 26:6 26:7 26:7 26:8 26:9 | |
| **technically**(4) 44:3 44:9 44:10 47:2 | | 51:11 51:14 51:15 51:17 51:18 51:20 | | 7:2 7:3 7:7 7:8 7:10 7:12 7:15 7:16 7:18 | | 26:11 26:14 26:15 26:16 26:16 26:19 | |
| **technology**(1) 33:1 | | 51:22 52:1 52:19 52:20 53:1 53:1 53:4 | | 7:18 7:21 7:23 8:1 8:2 8:3 8:6 8:7 8:8 | | 26:21 26:22 26:25 27:3 27:9 27:10 27:10 | |
| **teed**(1) 35:10 | | 53:5 53:21 53:22 54:10 56:4 56:6 56:11 | | 8:8 8:10 8:12 8:12 8:13 8:13 8:15 8:16 | | 27:11 27:11 27:12 27:15 27:21 27:22 28:3 | |
| **telephone**(1) 12:5 | | 56:14 56:15 56:17 56:19 56:22 56:23 | | 8:17 8:19 8:19 8:21 8:23 8:23 9:6 9:9 | | 28:9 28:13 28:16 28:19 28:20 28:22 29:2 | |
| **telephonic**(4) 3:38 4:1 5:2 6:2 | | 56:24 57:3 57:4 57:6 57:9 57:10 57:21 | | 9:11 9:13 9:14 9:15 9:16 9:16 9:18 9:20 | | 29:2 29:3 29:4 29:11 29:15 29:18 29:20 | |
| **television**(1) 33:4 | | 57:23 57:23 58:1 58:2 58:2 58:4 58:6 | | 9:21 9:22 9:23 9:24 9:25 10:1 10:3 10:4 | | 29:22 29:22 29:24 29:25 30:1 30:2 30:4 | |
| **tell**(9) 27:18 36:23 57:24 58:11 59:2 68:13 | | 58:8 58:16 58:17 58:19 58:23 58:24 59:3 | | 10:6 10:6 10:8 10:11 10:11 10:12 10:13 | | 30:5 30:7 30:8 30:12 30:17 30:18 30:19 | |
| 84:16 84:17 86:24 | | 59:14 59:15 59:20 59:22 59:22 59:22 59:25 | | 10:13 10:16 10:20 10:21 10:23 11:1 11:2 | | 30:25 31:1 31:2 31:3 31:4 31:5 31:5 31:6 | |
| | | 60:25 61:1 61:1 61:3 61:5 61:12 61:12 | | 11:3 11:5 11:6 11:12 11:15 11:16 11:18 | | 31:7 31:9 31:12 31:13 31:16 31:17 31:21 | |
| **tend**(1) 19:4 | | 61:14 61:15 61:18 61:20 61:25 62:2 62:2 | | 11:21 11:23 11:23 11:25 12:1 12:3 12:3 | | 31:22 31:23 31:23 32:5 32:3 32:3 32:7 | |
| **tension**(2) 26:4 35:6 | | 62:3 62:3 62:5 62:8 62:9 62:11 62:12 | | 12:4 12:7 12:12 12:13 12:14 12:16 12:19 | | 32:10 32:11 32:15 32:16 32:20 32:22 | |
| **tensions**(1) 17:3 | | 62:18 62:19 62:20 62:24 63:5 63:7 63:8 | | 12:22 12:24 12:25 13:1 13:2 13:3 13:5 | | 32:25 32:25 33:2 33:5 33:6 33:8 33:9 | |
| **term**(4) 19:1 42:19 52:7 77:6 | | 63:8 63:10 63:12 63:18 63:19 63:20 63:23 | | 13:6 13:7 13:9 13:10 13:12 13:13 13:14 | | 33:13 33:14 33:15 33:17 33:19 33:20 | |
| **terms**(20) 13:19 23:2 27:4 30:6 30:9 | | 64:1 64:4 64:5 64:6 64:8 64:9 64:11 | | 13:19 13:19 13:20 13:20 13:21 13:22 | | 33:25 34:3 34:6 34:7 34:8 34:9 34:11 | |
| 33:14 34:8 34:9 34:15 34:21 36:13 36:17 | | 64:14 64:15 64:15 64:18 64:20 65:2 65:4 | | 13:24 13:25 14:1 14:3 14:3 14:5 14:8 | | 34:14 34:16 34:17 34:17 34:21 34:25 35:1 | |
| 39:10 45:18 52:20 54:7 54:10 57:6 64:15 | | 65:5 65:10 65:11 65:14 65:16 65:16 65:17 | | 14:8 14:10 14:16 14:17 14:18 14:18 14:20 | | 35:2 35:5 35:9 35:9 35:11 35:11 35:18 | |
| 76:17 77:9 78:12 79:7 80:14 81:7 85:19 | | 65:20 65:21 66:1 66:8 66:9 66:11 66:13 | | 14:23 14:24 15:1 15:3 15:7 15:9 15:10 | | 35:18 35:22 35:22 35:23 36:1 36:4 36:7 | |
| | | 66:18 66:18 66:19 66:20 66:21 66:22 67:1 | | 15:11 15:14 15:15 15:23 15:25 16:1 16:2 | | 36:9 36:12 36:15 36:17 36:18 36:18 36:19 | |
| **testifies**(1) 66:22 | | 67:4 67:7 67:12 67:12 67:14 67:18 67:20 | | 16:12 16:14 16:15 16:20 16:20 16:21 | | 36:21 36:23 37:5 37:5 37:5 37:12 37:16 | |
| **testimony**(2) 14:19 66:23 | | 67:22 67:24 68:1 68:15 68:21 69:9 69:17 | | 16:22 16:24 17:4 17:5 17:7 17:9 17:10 | | 37:19 37:23 37:24 37:25 38:5 38:6 38:7 | |
| **tests**(1) 64:8 | | 70:7 70:16 70:18 70:25 71:2 71:12 71:19 | | 17:13 17:13 17:13 17:14 17:14 17:17 | | 38:8 38:8 38:10 38:10 38:12 38:17 38:18 | |
| | | 72:25 73:9 73:12 73:12 73:15 73:17 73:20 | | 17:17 17:20 17:21 17:21 17:22 17:24 | | 38:22 38:22 38:24 39:2 39:5 39:7 39:9 | |
| **than**(12) 22:11 31:15 37:21 48:14 59:4 | | 73:20 73:23 74:3 74:12 74:19 74:21 74:21 | | 17:25 18:1 18:4 18:7 18:8 18:10 18:10 | | 39:9 39:14 39:16 39:18 39:20 39:20 39:22 | |
| 63:4 71:9 73:19 77:22 78:3 78:5 79:1 | | 74:21 75:15 76:3 76:11 76:13 76:14 75:18 | | 18:17 18:17 18:19 18:20 18:20 18:22 | | 39:23 39:25 39:25 40:4 40:6 40:8 40:10 | |
| | | 76:20 76:21 77:2 77:3 77:6 77:7 77:7 | | 18:23 18:24 18:25 19:1 19:2 19:4 19:5 | | 40:12 40:14 40:16 40:19 40:22 41:3 41:7 | |
| **thank**(49) 7:3 7:9 7:23 9:5 40:8 40:10 | | 77:8 77:8 77:11 77:13 77:14 77:16 77:18 | | 19:5 19:6 19:6 19:7 19:8 19:8 19:9 19:9 | | 41:8 41:9 41:9 41:9 41:10 41:10 41:11 | |
| 41:4 45:16 48:18 48:18 49:6 49:8 49:10 | | 77:19 78:3 78:6 78:9 78:10 78:13 78:13 | | 19:10 19:10 19:11 19:14 19:18 19:19 | | 41:14 41:15 41:16 41:16 41:17 41:18 | |
| 51:25 52:2 52:3 55:16 55:16 55:24 56:2 | | 78:14 78:23 78:25 79:7 79:8 79:8 79:13 | | 19:21 19:22 19:23 19:24 20:2 20:4 20:4 | | 41:19 41:19 41:20 41:21 42:6 42:7 42:7 | |
| 60:13 60:14 60:15 61:21 69:8 69:9 69:9 | | 79:13 79:16 79:23 80:3 80:7 80:8 80:13 | | 20:5 20:5 20:5 20:6 20:6 20:7 20:7 20:9 | | 42:10 42:11 42:11 42:12 42:15 42:17 | |
| 69:24 70:3 70:9 75:19 75:20 75:21 75:23 | | 80:20 80:21 80:22 80:23 81:3 81:5 81:5 | | 20:10 20:13 20:14 20:17 20:19 20:20 | | 42:19 42:21 42:22 42:23 42:24 42:25 43:2 | |
| 81:9 81:12 84:4 84:7 84:8 84:8 84:19 | | 81:7 81:13 81:25 81:25 82:1 82:1 82:2 | | 20:22 20:23 20:25 21:3 21:5 21:5 21:6 | | 43:5 43:6 43:7 43:8 43:10 43:11 43:13 | |
| 84:21 85:13 85:13 86:23 86:23 87:2 87:6 | | 82:5 82:13 82:14 82:18 82:19 82:20 82:21 | | 21:14 21:15 21:15 21:18 21:19 21:20 | | 43:15 43:19 43:20 43:20 43:21 43:22 44:1 | |
| 87:8 | | 83:5 83:16 83:24 84:2 84:13 84:17 84:25 | | 21:22 21:24 21:24 21:25 22:1 22:1 22:2 | | 44:1 44:2 44:3 44:4 44:4 44:5 44:7 44:8 | |
| | | 85:4 85:5 85:8 85:15 85:15 85:15 85:19 | | 22:5 22:5 22:7 22:7 22:7 22:9 22:11 | | 44:9 44:10 44:11 44:12 44:12 44:13 44:15 | |
| **thanks**(1) 87:7 | | 85:20 85:21 86:10 86:15 86:16 86:19 | | 22:15 22:16 22:19 22:23 22:25 23:2 23:3 | | 44:19 44:19 44:21 44:22 44:23 44:23 | |
| **that**(301) 7:18 7:19 7:21 8:3 8:5 8:7 8:8 | | 86:21 86:24 86:24 87:2 87:13 | | 23:3 23:4 23:5 23:6 23:6 23:7 23:8 23:10 | | 44:24 44:24 45:2 45:3 45:6 45:10 45:11 | |
| 8:13 8:15 8:16 8:18 8:20 8:23 8:24 9:1 | | | | 23:10 23:12 23:14 23:14 23:15 23:17 | | 45:22 45:24 45:25 46:2 46:3 46:6 46:7 | |
| 9:15 9:16 9:18 9:24 9:25 10:5 10:6 10:19 | | **that'll**(2) 55:22 56:24 | | 23:18 23:20 23:20 23:22 23:22 23:23 | | 46:7 46:11 46:12 46:13 46:16 46:16 46:17 | |
| 11:7 11:13 11:24 12:2 12:4 12:8 12:9 | | | | 23:24 24:13 24:15 24:15 24:17 24:21 | | 46:17 46:20 46:22 46:23 46:25 47:2 47:3 | |
| 12:16 12:24 12:24 13:1 13:4 13:6 13:7 | | **that's**(55) 50:14 10:18 15:1 15:19 16:8 | | 24:23 24:25 25:2 25:3 25:4 25:5 25:6 | | 47:4 47:6 47:6 47:12 47:14 47:18 47:19 | |
| 13:8 13:18 14:5 14:8 14:10 14:12 14:14 | | 16:22 16:25 17:5 17:12 17:12 20:2 22:12 | | 25:7 25:8 25:10 25:15 25:19 25:20 25:22 | | 47:19 47:20 47:21 47:24 47:25 48:4 48:6 | |
| 14:14 14:19 14:19 14:20 14:21 14:23 | | 22:16 24:21 25:14 25:14 25:21 28:24 30:5 | | | | 48:8 48:11 48:16 48:17 48:18 48:20 | |
| 14:25 15:4 15:7 15:10 15:11 15:14 15:17 | | 30:15 30:22 33:22 36:7 38:6 39:14 39:16 | | | | | |
| 16:7 16:8 16:9 16:10 17:8 17:12 17:14 | | 41:3 42:7 43:1 44:15 45:22 47:3 50:11 | | | | | |
| 17:15 17:16 17:20 17:21 17:23 17:25 18:7 | | 50:23 57:15 58:20 60:1 60:2 60:3 60:7 | | | | | |
| 18:8 18:9 18:9 18:9 18:11 18:15 18:16 | | 60:17 61:18 63:21 64:5 65:3 66:10 66:25 | | | | | |
| 18:18 18:19 18:19 18:20 18:21 19:3 19:4 | | 68:10 68:16 74:18 77:24 80:13 81:5 82:10 | | | | | |
| 19:5 19:7 19:14 19:16 19:16 19:22 19:24 | | 86:9 | | | | | |
| 20:2 20:6 20:14 20:14 20:15 20:16 20:16 | | | | | | | |
| 20:19 20:19 20:21 20:23 21:1 21:4 21:5 | | | | | | | |
| 21:6 21:10 21:11 21:15 21:18 21:25 22:6 | | | | | | | |
| 22:6 22:7 22:8 22:10 22:10 22:12 22:17 | | | | | | | |
| 22:17 22:20 22:21 22:22 22:22 23:1 23:2 | | | | | | | |
| 23:10 24:13 24:18 24:22 24:25 25:3 25:4 | | | | | | | |
| 25:9 25:11 25:11 25:17 25:18 25:19 25:20 | | | | | | | |
| 26:5 26:10 26:11 26:12 26:12 26:14 26:14 | | | | | | | |
| 26:14 26:16 26:19 26:20 26:21 27:1 27:7 | | | | | | | |
| 27:22 27:23 27:25 28:2 28:3 28:5 28:6 | | | | | | | |
| 28:7 28:8 28:16 28:17 28:18 28:18 29:1 | | | | | | | |
| 29:21 29:23 30:3 30:6 30:12 30:14 30:15 | | | | | | | |
| 30:20 30:23 30:24 30:25 31:2 31:2 31:4 | | | | | | | |
| 31:11 31:11 31:12 31:14 31:19 31:19 | | | | | | | |
| 31:20 31:21 31:22 31:23 32:1 32:16 32:21 | | | | | | | |
| 32:25 33:2 33:9 33:11 33:12 33:13 33:16 | | | | | | | |
| 33:21 34:3 34:5 34:10 34:10 34:11 34:13 | | | | | | | |
| 34:13 34:20 35:6 35:6 35:7 35:8 35:12 | | | | | | | |
| 35:17 35:22 36:2 36:8 36:9 36:12 36:25 | | | | | | | |
| 37:1 37:2 37:5 37:7 37:19 37:24 37:25 | | | | | | | |
| 38:2 38:4 38:8 38:13 38:18 38:23 38:23 | | | | | | | |
| 39:2 39:4 39:8 39:9 39:12 39:25 40:1 | | | | | | | |
| 40:3 40:5 40:20 41:6 41:14 41:14 41:21 | | | | | | | |
| 41:21 42:7 42:7 42:9 42:11 42:14 42:14 | | | | | | | |
| 42:24 43:2 43:4 43:6 43:7 43:10 43:14 | | | | | | | |
| 43:15 43:17 43:19 44:2 44:5 44:10 44:16 | | | | | | | |
| 44:24 45:19 45:23 45:24 45:25 46:1 46:5 | | | | | | | |
| 46:8 46:14 46:18 46:20 46:21 47:1 47:2 | | | | | | | |
| 47:3 47:9 47:17 48:12 48:15 48:15 48:17 | | | | | | | |
| 48:23 49:2 49:3 49:9 49:16 50:3 50:4 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the**(301) 48:21 48:23 48:23 48:25 48:25
49:1 49:1 49:2 49:3 49:6 49:9 49:11
49:13 49:15 49:18 49:19 49:20 49:21
49:22 49:22 49:23 49:24 49:24 50:1 50:1
50:1 50:2 50:3 50:5 50:7 50:9 50:9 50:14
50:15 50:15 50:16 50:17 50:18 50:18
50:19 50:19 50:20 50:21 50:22 50:23 51:1
51:2 51:7 51:10 51:12 51:13 51:15 51:16
51:17 51:19 51:20 51:21 51:22 51:23
51:25 52:2 52:4 52:6 52:8 52:8 52:9 52:9
52:10 52:11 52:12 52:13 52:14 52:15
52:16 52:16 52:17 52:17 52:17
52:21 52:23 52:25 53:1 53:4 53:5 53:8
53:10 53:12 53:13 53:14 53:16 53:17
53:18 53:18 53:20 53:21 53:22 53:22
53:24 53:24 54:1 54:2 54:2 54:4 54:4
54:6 54:9 54:12 54:13 54:14 54:16 54:16
54:17 54:19 54:20 54:21 54:23 54:24
54:24 54:25 54:25 55:1 55:2 55:4 55:6
55:7 55:9 55:12 55:13 55:14 55:14 55:16
55:22 55:25 56:2 56:3 56:5 56:6 56:7
56:9 56:11 56:13 56:16 56:22 56:23 57:1
57:1 57:2 57:4 57:5 57:6 57:8 57:11
57:12 57:13 57:15 57:17 57:21 57:22
57:25 57:25 58:8 58:9 58:18 58:21 58:22
58:23 58:25 59:4 59:7 59:8 59:8 59:9
59:11 59:14 59:15 59:17 59:17 59:19
59:21 59:22 59:25 60:2 60:2 60:4 60:4
60:6 60:10 60:13 60:15 60:19 60:22 60:23
60:25 61:7 61:10 61:19 61:23 61:23 61:24
61:25 61:25 62:2 62:3 62:4 62:5 62:6
62:7 62:8 62:10 62:10 62:11 62:16 62:16
62:17 62:18 62:19 62:20 62:21 62:23
62:23 62:24 62:24 63:5 63:7 63:7 63:9
63:9 63:10 63:10 63:12 63:13 63:13 63:19
63:21 63:24 64:1 64:2 64:3 64:6 64:9
64:9 64:10 64:10 64:12 64:16 64:17 64:17
64:18 64:20 64:20 64:21 64:22 64:23
64:24 65:1 65:2 65:4 65:7 65:9 65:11
65:13 65:17 65:18 65:22 65:23 65:25 66:1
66:2 66:3 66:4 66:5 66:6 66:6 66:11
66:11 66:12 66:15 66:15 66:16 66:17
66:19 66:21 66:23 67:2 67:3 67:5 67:7
67:8 67:10 67:11 67:14 67:14 67:16 67:19
67:21 67:23 68:5 68:5 68:6 68:7

**the**(259) 68:7 68:7 68:8 68:24 69:1 69:6
69:7 69:9 69:17 69:18 69:20 69:20 69:21
69:22 69:23 69:25 69:25 70:2 70:4 70:8
70:10 70:11 70:12 70:14 70:15 70:19
70:21 70:24 70:25 71:1 71:2 71:2 71:3
71:4 71:7 71:8 71:9 71:9 71:10 71:11
71:12 71:16 71:18 71:21 71:23 71:24
71:25 72:1 72:2 72:3 72:5 72:9 72:9 72:9
72:11 72:12 72:15 72:18 72:19 72:19
72:21 72:21 72:22 72:23 72:25 73:2 73:3
73:3 73:4 73:5 73:6 73:6 73:7 73:9 73:10
73:12 73:13 73:13 73:14 73:14 73:18
73:19 73:20 73:21 73:21 73:22 73:22
73:23 74:1 74:1 74:4 74:6 74:7 74:11
74:11 74:14 74:15 74:15 74:17 74:21
74:22 74:24 75:1 75:3 75:4 75:5 75:7
75:7 75:9 75:11 75:12 75:16 75:20 75:22
75:22 75:24 76:1 76:3 76:3 76:4 76:5
76:6 76:9 76:13 76:13 76:18 76:18 76:19
76:19 76:21 76:21 76:23 76:25 77:1 77:3
77:3 77:4 77:4 77:7 77:8 77:9 77:14
77:17 77:22 78:1 78:2 78:3 78:3 78:5
78:6 78:8 78:11 78:12 78:17 78:20 78:24
78:24 79:2 79:4 79:6 79:9 79:12 79:12
79:12 79:15 79:16 79:18 79:19 80:1 80:4
80:4 80:7 80:8 80:11 80:12 80:18 80:18
80:19 80:20 80:22 80:23 80:23 80:25 81:1
81:7 81:9 81:13 81:13 81:14 81:15 81:16
81:19 81:21 81:25 82:4 82:7 82:9 82:12
82:13 82:18 82:21 82:21 82:22 82:25 83:2
83:3 83:4 83:7 83:10 83:15 83:17 83:21
83:23 83:23 84:1 84:2 84:2 84:5 84:8
84:11 84:12 84:13 84:15 84:19 84:22
84:25 85:2 85:2 85:4 85:7 85:11 85:13
85:14 85:17 85:18 85:20 85:20 85:22
85:22 85:24 86:2 86:6 86:8 86:9 86:11
86:15 86:17 86:20 86:23 86:25 87:2 87:5
87:5 87:9 87:11 87:13 87:14 87:14 87:15

**their**(19) 13:2 13:5 23:15 23:21 24:8 31:7
44:14 51:11 51:14 56:17 57:14 63:8 76:9
76:15 76:16 77:22 79:3 79:14 81:17

**them**(19) 13:8 13:9 14:11 14:13 19:11
22:1 23:24 28:9 35:10 39:17 41:19 41:20
41:25 55:5 55:10 76:19 77:25 79:13 86:1

**themselves**(1) 42:15

**then**(44) 12:11 14:18 15:4 16:18 18:7
18:17 19:18 20:12 21:20 22:25 23:2 23:5
24:23 25:15 25:17 27:15 31:11 34:6 34:15
35:3 35:4 35:8 35:11 35:22 36:16 38:22
46:8 53:18 53:19 55:6 55:9 55:23 63:11
65:13 66:12 68:14 68:22 71:25 72:6 74:2
77:6 85:24 86:11 86:17

**theory**(1) 15:12

**there**(76) 8:24 14:12 14:15 14:18 14:19
15:5 15:19 16:3 16:4 17:4 17:16 18:11
18:16 18:21 19:3 20:11 20:16 20:23 24:11
26:4 26:16 28:17 28:21 30:8 30:11 31:20
33:7 34:22 37:23 40:24 41:20 42:3 42:18
43:3 43:8 43:10 43:15 45:7 48:13 48:14
48:14 50:7 50:11 50:16 57:9 57:22 59:16
59:23 61:20 62:19 62:25 63:5 63:11 65:3
66:2 67:9 69:2 69:3 71:1 71:13 71:25
72:6 74:3 77:13 80:22 82:12 82:19 83:12
83:13 83:22 83:24 84:5 84:22 85:21 85:2
85:24

**there'll**(3) 20:12 31:10 67:13

**there's**(38) 7:12 8:18 14:5 14:14 14:14
17:2 18:3 18:6 20:14 21:21 22:12 22:22
22:22 24:19 25:21 26:4 26:12 30:3 31:20
34:2 47:23 50:6 50:10 52:19 55:8 55:9
56:21 62:8 64:7 64:8 64:10 65:16 68:14
78:14 79:8 79:21 80:8 87:6

**thereafter**(1) 72:10
**therefore**(2) 45:12 59:23
**therein**(1) 66:13
**thereof**(1) 70:19

**these**(26) 14:9 16:19 18:23 19:25 20:3
20:16 23:4 23:7 25:5 27:5 27:8 28:25
29:18 43:21 44:16 44:25 52:15 56:18
56:20 58:9 63:23 67:18 70:23 81:2 81:6
85:5

**they**(62) 13:1 13:18 14:11 19:16 19:16
19:17 19:21 19:22 20:19 21:6 21:6 22:23
22:24 23:16 23:16 23:17 23:20 23:23
23:24 24:9 24:20 25:9 32:11 33:20
35:1 35:23 43:22 51:15 51:17 51:20 52:6
53:3 54:4 54:8 54:24 56:23 57:6 62:2
63:24 66:19 67:20 67:21 67:21 67:22
72:16 73:8 74:18 76:4 78:9 78:14 78:14
78:15 78:17 78:23 78:25 80:2 80:9 81:17
81:20 81:23

**they're**(20) 18:13 19:12 21:2 23:25 24:1
24:2 24:3 26:14 28:9 32:12 34:11 34:19
51:11 54:7 54:20 54:20 67:17 80:8 83:5
86:13

**they've**(4) 27:1 30:15 54:21 78:13

**thing**(14) 16:10 21:4 28:18 30:21 31:2
32:21 44:22 45:17 48:20 52:9 64:18 78:1
81:24 83:6

**things**(38) 9:18 9:23 15:14 16:4 16:4
16:25 26:15 27:6 28:5 28:23 30:5 30:13
30:20 31:20 31:21 33:14 34:2 34:24 37:25
42:1 48:23 49:21 55:22 56:22 57:7 57:10
57:14 57:20 58:1 60:1 68:9 76:17 81:2
81:13 82:19 84:23 85:5 86:9

**think**(148) 8:14 8:19 11:3 12:16 12:19
13:6 14:12 14:14 15:4 15:11 15:12 16:2
16:6 16:9 16:13 16:14 17:8 17:10 17:20
17:21 17:21 17:25 18:12 18:16 18:19 19:4
19:15 19:23 20:2 20:17 21:10 21:11 22:5
22:16 22:19 22:22 22:23 23:2 23:7 23:10
24:21 24:23 24:25 25:8 25:19 26:11 26:20
26:25 27:6 27:21 28:4 28:5 28:25 29:12
29:21 30:3 31:2 33:11 33:14 33:16 33:19
33:23 34:2 34:4 34:10 34:17 34:23 34:25
35:6 35:14 36:8 37:20 37:23 38:2 38:4
38:6 38:13 39:5 39:8 40:7 40:19 41:21
45:21 46:22 47:19 47:20 50:16 52:17 53:8
54:1 54:17 55:1 55:13 56:24 57:23 58:13
58:20 59:2 59:5 59:7 59:20 60:7 60:24
62:1 63:15 63:18 64:4 64:19 66:25 67:7
68:10 68:11 68:15 68:16 68:17 68:18
68:24 69:1 69:2 69:3 76:4 76:6 76:10
77:1 78:5 80:11 80:12 80:15 81:1 81:3
81:5 82:17 84:10 84:23 85:4 85:19 86:9
86:11 86:14 87:6

**thinking**(3) 32:21 61:3 87:4
**thinks**(1) 11:13
**third**(3) 32:15 35:4 43:6
**this**(81) 7:10 7:19 8:25 9:3 9:10 10:3
10:19 10:24 11:10 13:15 13:15 14:2 14:5
17:1 17:19 20:11 21:5 21:10 21:12 21:15
21:18 22:3 22:17 23:24 24:12 28:18 29:1
29:16 31:4 34:15 36:24 36:25 37:2 37:7
40:18 40:20 43:19 43:25 45:25 46:12
46:19 50:25 51:1 53:6 54:4 57:3 58:25
59:2 59:15 60:24 61:3 63:9 63:23 64:19
64:19 65:11 65:12 68:13 69:12 70:4 71:13
71:22 72:3 73:25 74:1 74:8 77:2 77:5
77:6 77:15 77:20 79:4 80:13 82:6
82:8 84:19 84:24 85:4 85:15 87:5

**those**(37) 8:14 12:17 13:5 13:6 20:15 26:5
28:25 33:9 33:12 33:21 35:15 36:19 42:8
42:25 43:1 43:16 44:11 44:17 46:10
46:23 47:4 48:6 48:9 50:24 51:21 52:11
55:13 66:19 69:5 71:22 71:23 72:8 72:11
72:17 81:1 85:23 86:10

**though**(3) 44:23 61:5 61:17

**thought**(6) 7:16 33:7 36:24 38:17 44:23
66:13

**thousands**(1) 58:4

**three**(26) 14:23 19:7 34:12 34:15 34:18
34:22 35:6 35:13 36:1 42:10 43:21 44:2
44:5 44:11 44:21 46:14 47:2 47:13 47:16
49:17 49:22 50:3 52:11 65:19 65:21 72:11

**three-weeks-to-a-month**(1) 47:20

**threshold**(3) 34:25 61:22 62:18

**through**(13) 7:19 14:13 15:5 22:17 27:8
31:21 33:21 33:24 35:15 36:17 51:21
57:25 73:6

**throw**(2) 28:17 38:10
**ties**(1) 13:24
**time**(57) 9:11 10:23 12:6 20:20 21:4 21:20
25:14 25:17 25:22 26:18 27:7 28:3 28:15
30:12 34:13 34:24 35:1 35:11 35:12 35:19
36:2 36:9 36:20 36:24 36:25 38:14 41:10
41:14 42:7 42:9 43:3 46:7 46:13 47:5
47:10 47:17 47:22 49:2 59:15 67:17 67:25
68:15 68:15 68:18 68:19 68:20 68:24 69:6
74:19 82:1 85:23 86:11 86:16 86:17 86:17
86:22 87:5

**timely**(1) 10:19

**times**(5) 14:24 39:6 39:22 40:2 65:20

**timing**(5) 42:14 42:23 44:7 45:18 48:23

**today**(26) 8:5 9:21 24:13 25:1 28:11 43:7
46:19 51:18 57:13 61:6 63:23 70:1 73:16
73:19 74:11 74:19 75:11 75:18 76:8 76:14
79:13 80:12 80:15 81:4 84:11 84:16

**today's**(1) 8:17

**together**(20) 20:1 20:3 23:11 29:13 32:11
33:17 43:2 54:10 62:21 62:22 63:8 63:11
64:16 67:4 71:4 77:16 81:2 82:19 84:24
86:12

**told**(1) 21:6

**tomorrow**(6) 9:3 10:17 33:10 45:21 46:1
61:16

**tongue-twister**(1) 75:2
**tonight**(1) 84:15
**too**(4) 25:21 25:21 39:3 67:15
**topic**(1) 43:6
**torys**(1) 4:13
**total**(4) 46:12 46:14 63:12 63:14
**totally**(2) 63:14 65:14
**toto**(1) 45:1
**touched**(1) 51:1
**toward**(1) 82:6
**towards**(3) 26:10 36:20 82:10
**track**(1) 63:20
**tracks**(1) 47:4
**trade**(1) 79:25
**traditional**(1) 52:16
**transcriber**(1) 87:19
**transcript**(4) 1:17 1:45 62:4 87:14
**transcription**(2) 1:38 1:45
**transcripts**(1) 23:10
**transferred**(1) 24:5
**tremendous**(1) 67:9
**trial**(35) 16:18 25:21 25:22 26:6 26:8
27:12 27:17 27:21 27:22 32:5 33:8 33:12
33:12 34:10 34:22 36:13 36:19 41:10 42:1
42:7 42:10 44:3 44:11 46:3 47:6 48:17
55:7 64:15 64:16 64:19 66:22 77:11 80:14
85:17 86:18

**trial-ready**(2) 35:11 57:20
**trials**(5) 34:23 35:5 36:11 46:25 82:3
**tried**(3) 54:22 66:14 82:19
**triple**(17) 19:10 19:10 21:5 23:23 29:2
51:10 53:1 53:5 53:17 53:22 54:2 54:3
54:4 54:12 69:20 76:3 79:12

**trust**(3) 4:25 5:14 62:17

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **trustee**(2) 2:26  2:26 | | **vacations**(2) 36:14  41:8 | | **week**(4) 8:25  9:17  21:5  36:5 | | **will**(52) 11:18  14:18  16:6  20:11  20:16 | |
| **trustees**(2) 19:14  53:24 | | **vacuum**(2) 82:9  82:9 | | **weeks**(14) 26:17  27:20  28:8  31:22  45:20 | | 27:7  28:22  28:22  28:23  29:3  29:13  31:11 | |
| **try**(5) 16:13  32:22  36:16  68:2  68:13 | | **valentine's**(1) 12:3 | | 47:13  47:16  49:25  50:4  58:3  59:2  59:3 | | 33:2  33:10  38:15  39:10  39:23  40:1  41:21 | |
| **trying**(26) 11:11  17:2  24:14  24:18  25:23 | | **value**(1) 65:3 | | 83:19  87:5 | | 42:2  42:14  42:25  43:3  43:4  43:20  44:6 | |
| 26:6  26:24  27:4  27:5  29:10  29:11  29:11 | | **varied**(1) 34:23 | | | | 45:20  49:15  52:9  53:19  56:17  57:9  58:13 | |
| 38:14  56:20  59:7  60:8  61:9  61:17  62:13 | | **various**(9) 8:19  42:23  43:11  43:20  44:16 | | **weigh**(1) 37:7 | | 58:17  59:1  59:9  59:9  59:9  61:2  61:8  64:7 | |
| 65:15  76:3  76:13  81:1  81:3  81:4  81:16 | | 55:18  66:21  70:19  71:1 | | **welcome**(1) 34:4 | | 65:21  66:2  67:22  73:9  76:13  82:10  82:13 | |
| | | | | **well**(28) 7:20  8:21  11:25  13:11  14:7  18:4 | | 82:14  83:20  85:21  85:21  86:24 | |
| **tug-of-war**(2) 22:23  25:25 | | **vast**(1) 42:25 | | 19:21  21:9  24:25  31:8  31:12  32:17  35:17 | | | |
| **tunnell**(1) 1:22 | | **vein**(1) 34:9 | | 35:18  41:8  44:8  46:12  48:3  49:22  55:11 | | **willing**(1) 22:3 | |
| **turn**(3) 14:14  37:12  38:15 | | **venn**(1) 24:20 | | 59:6  61:17  61:20  69:21  74:7  80:25  82:17 | | **willkie**(3) 3:11  3:40  60:20 | |
| **turning**(1) 74:6 | | **versus**(4) 26:3  36:11  51:4  52:22 | | 84:15 | | **wilmington**(9) 1:12  1:26  2:8  2:30  2:37  3:8 | |
| **tweed**(3) 3:24  4:4  49:14 | | **very**(26) 11:25  25:25  26:22  28:16  29:9 | | **went**(3) 13:7  13:16  80:22 | | 3:20  3:34  7:1 | |
| **twice**(1) 52:5 | | 29:21  33:3  33:16  40:21  41:3  42:1  42:19 | | **were**(30) 8:13  12:2  13:12  14:9  19:16 | | | |
| **two**(20) 9:17  14:14  25:25  26:4  27:19  33:3 | | 42:19  43:17  43:19  49:9  50:8  56:2  69:9 | | 24:12  26:3  29:23  29:25  31:6  31:7  46:20 | | **window**(2) 26:14  27:17 | |
| 33:4  41:9  49:21  50:17  52:11  53:5  53:23 | | 74:24  75:23  82:2  82:6  87:3  87:3  87:7 | | 49:25  53:5  53:25  54:3  54:4  54:4  54:5 | | **with**(93) 7:13  7:17  7:21  11:23  12:6  12:13 | |
| 55:9  55:13  57:4  58:15  59:18  77:7  81:12 | | | | 62:11  62:23  63:10  66:4  66:7  71:1  72:8 | | 13:21  14:22  17:1  19:22  22:24  23:21  24:8 | |
| | | **view**(10) 21:14  24:25  36:12  46:18  51:1 | | 72:8  73:5  73:19  81:16 | | 24:21  24:22  25:23  28:21  29:3  30:22  32:20 | |
| **tyler**(1) 4:24 | | 55:1  62:22  63:2  71:12  75:6 | | | | 36:10  40:5  41:7  41:16  42:3  42:6  42:9 | |
| **type**(2) 16:20  65:15 | | | | **weren't**(1) 13:8 | | 42:14  43:2  43:10  43:23  45:24  46:3  46:4 | |
| **u.k**(25) 13:24  19:18  19:22  21:9  21:22 | | **views**(10) 13:5  13:6  15:6  21:11  22:16  27:5 | | **what**(58) 7:18  7:20  8:4  9:4  9:24  10:25 | | 47:3  47:4  48:16  49:16  50:21  51:5  51:8 | |
| 21:24  23:15  25:10  25:19  31:7  35:2  50:19 | | 33:17  34:23  35:14  61:12 | | 11:2  11:13  12:23  13:12  15:1  17:15  19:9 | | 51:12  51:13  51:14  51:24  52:1  52:12  56:17 | |
| 53:25  54:1  54:19  54:25  56:2  60:23  61:24 | | | | 19:25  20:4  21:4  22:23  23:13  23:18  30:25 | | 56:23  56:23  57:12  57:13  57:14  58:16  59:9 | |
| 62:7  64:2  64:6  65:13  65:18  67:21 | | **vineberg**(1) 5:29 | | 32:7  33:15  34:3  34:9  34:21  36:13  38:18 | | 59:17  60:8  60:9  60:25  61:4  61:22  62:21 | |
| | | **vis-à-vis**(1) 71:9 | | 38:10  40:18  42:2  42:3  44:4  44:17  44:24 | | 62:22  62:22  62:25  63:1  63:1  63:7  63:13 | |
| **u.s**(71) 3:31  4:12  7:7  7:16  9:9  10:3  13:9 | | **voice**(2) 54:7  80:4 | | 46:21  51:5  51:19  51:23  53:3  57:2  61:2 | | 63:16  66:7  66:11  68:4  70:11  71:5  71:10 | |
| 13:20  13:25  13:25  14:8  14:25  15:15  15:15 | | **voiced**(2) 25:20  80:14 | | 63:17  63:20  65:22  68:9  72:7  72:14  74:25 | | 71:19  72:14  73:7  73:17  73:25  74:5  74:14 | |
| 17:25  18:4  18:7  21:6  21:7  21:25  22:5 | | **wait**(1) 50:2 | | 80:10  81:22  82:10  82:13  83:17  83:21 | | 76:15  76:19  76:24  77:13  77:24  79:11 | |
| 22:8  22:9  22:25  23:6  23:14  23:18  23:20 | | **waiting**(1) 17:11 | | 83:23  84:2  84:16  86:12 | | 80:25  81:13  83:17  87:2 | |
| 23:22  25:23  29:3  30:13  31:6  34:17  35:9 | | **walk**(1) 15:5 | | | | | |
| 42:6  43:8  43:15  44:1  44:12  44:12  47:12 | | **want**(16) 7:9  25:10  28:5  28:14  29:6  38:16 | | **what's**(2) 22:25  36:1 | | **within**(8) 24:10  35:12  36:2  61:25  63:19 | |
| 48:2  48:23  50:23  51:12  51:15  53:18  54:13 | | 54:22  54:23  58:25  59:4  66:4  68:4  74:18 | | **whatever**(3) 59:10  62:13  79:13 | | 67:16  71:2  86:19 | |
| 54:21  55:1  56:22  63:17  63:24  64:9  64:10 | | 75:10  78:1  82:5 | | **wheel**(1) 52:14 | | | |
| 65:4  65:22  70:11  71:4  71:10  72:25  76:18 | | | | **when**(33) 8:6  12:2  16:13  20:4  23:21  24:9 | | **without**(7) 11:10  11:11  12:15  73:18  73:24 | |
| 77:14  79:18  79:20  80:5  83:1  83:3  85:20 | | **wanted**(13) 8:4  13:4  14:10  14:11  29:22 | | 29:25  32:8  34:24  36:14  37:8  38:8  40:22 | | 74:6  75:13 | |
| 86:15 | | 31:3  31:19  33:22  45:17  52:6  74:21  81:24 | | 43:1  50:20  50:20  51:7  51:8  54:17  58:15 | | | |
| **ucc**(4) 52:17  71:9  72:14  75:4 | | 82:16 | | 58:24  61:3  63:25  64:19  66:21  66:21  74:2 | | **witness**(3) 14:23  65:16  65:19 | |
| **ucc's**(1) 9:21 | | **ward**(1) 5:29 | | 80:5  80:22  82:5  84:15  85:25  86:21 | | **witnesses**(5) 55:8  66:18  66:19  67:16  67:18 | |
| **uccs**(1) 29:4 | | **wary**(1) 49:21 | | | | **won't**(4) 48:13  61:18  63:9  68:22 | |
| **ultimately**(2) 27:8  29:7  44:9 | | **was**(55) 8:5  8:7  9:2  9:15  9:22  12:24 | | **where**(22) 16:25  24:19  34:19  37:17  37:17 | | **wonderful**(1) 22:13 | |
| **um-hum**(13) 23:12  32:6  32:6  32:9  32:24 | | 12:25  13:12  15:10  15:11  17:14  17:15 | | 39:5  41:5  42:8  42:14  42:22  43:14  53:5 | | **word**(3) 15:21  15:23  44:9 | |
| 35:21  37:18  37:22  38:21  42:12  65:9  71:7 | | 18:17  19:24  21:5  28:25  36:25  37:8  37:9 | | 55:7  58:11  58:11  60:24  68:21  80:8  82:4 | | **words**(2) 36:18  68:7 | |
| 72:12 | | 41:14  45:18  45:19  45:24  48:7  49:9  51:1 | | 82:7  86:3  86:4 | | **work**(37) 16:5  20:1  20:3  22:3  25:24  26:10 | |
| **under**(10) 51:1  51:16  59:21  64:2  64:6 | | 53:4  53:21  53:22  54:19  57:2  61:25  62:2 | | | | 25:7  27:7  27:15  27:16  27:18  29:13  32:1 | |
| 64:12  64:24  67:20  73:21  77:21 | | 62:6  62:6  65:23  69:9  69:17  73:9  73:22 | | **whereas**(1) 36:4 | | 33:5  33:21  35:22  35:23  36:16  36:20  41:18 | |
| | | 74:22  75:22  76:7  76:14  77:6  79:10  80:16 | | **whereupon**(1) 87:11 | | 42:2  42:10  42:25  48:13  59:4  59:5  59:9 | |
| **underlying**(1) 84:25 | | 80:18  80:21  84:2  84:19  84:22  85:3  87:2 | | **whether**(16) 12:4  20:17  25:13  34:11  43:22 | | 67:4  68:11  68:12  68:14  68:17  77:16  81:2 | |
| **understand**(8) 9:4  9:23  26:12  28:2  32:25 | | 87:11 | | 47:7  50:9  50:23  61:23  64:2  64:24  65:6 | | 82:6  86:12  86:19 | |
| 36:9  59:11  75:12 | | **wasn't**(2) 17:16  31:14 | | 74:12  80:21  84:5  85:16 | | | |
| | | **waste**(1) 65:16 | | | | **worked**(2) 81:6  85:23 | |
| **understanding**(8) 27:22  33:13  66:11  73:12 | | **watkins**(1) 6:20 | | **which**(47) 9:10  9:16  12:6  12:20  13:3 | | **working**(10) 31:21  33:17  33:24  35:15 | |
| 73:15  74:22  76:20  78:21 | | **wax**(4) 15:2  21:16  43:23  80:24 | | 13:23  14:1  15:11  15:20  17:11  17:19  18:23 | | 36:10  43:2  59:21  66:17  82:10  86:19 | |
| | | **way**(17) 10:11  19:4  19:12  34:17  37:19 | | 19:10  21:23  22:6  24:15  24:16  25:5  25:7 | | | |
| **understate**(1) 11:8 | | 39:20  50:7  51:20  57:1  59:9  61:9  61:14 | | 52:23  57:2  58:3  62:3  62:6  62:25  63:11 | | **worn**(1) 69:14 | |
| **understood**(3) 31:19  66:1  84:1 | | 65:12  66:6  70:18  70:25  71:6 | | 63:14  63:18  67:24  68:4  70:13  70:20  71:16 | | **would**(80) 8:16  8:19  8:22  12:4  12:8  13:3 | |
| **unfair**(1) 55:3 | | | | 72:13  72:24  73:5  73:18  73:22  78:11  79:16 | | 15:14  17:14  18:1  18:3  18:8  18:20  19:14 | |
| **unfortunately**(2) 29:13  82:7 | | **ways**(6) 24:14  25:7  29:7  52:7  61:12  72:13 | | | | 19:16  19:22  20:18  20:18  21:12  21:25  22:6 | |
| **unhappy**(1) 36:25 | | **we'd**(2) 28:9  66:10 | | **while**(4) 21:25  41:14  47:1  81:6 | | 23:18  26:11  26:25  27:25  28:4  28:6  28:10 | |
| **unified**(1) 78:12 | | **we'll**(15) 8:18  16:8  25:15  29:4  40:2  46:8 | | **whiteoak**(1) 5:26 | | 28:17  30:15  30:23  32:4  34:3  36:1  36:8 | |
| **unintended**(1) 80:15 | | 46:9  56:4  56:6  59:13  68:22  68:23  69:4 | | **who**(23) 13:4  18:23  22:19  23:6  23:8  23:9 | | 36:20  37:8  37:9  38:23  39:2  42:1  42:19 | |
| **union**(2) 24:7  73:5 | | 81:21  83:13 | | 38:16  43:16  45:8  45:11  51:6  52:13  52:22 | | 44:25  49:3  50:7  54:18  55:1  55:3  57:25 | |
| **unique**(1) 71:15 | | | | 54:5  69:12  72:8  72:8  72:17  73:5  73:16 | | 58:8  58:18  59:25  61:15  62:25  63:15  63:15 | |
| **united**(7) 1:1  1:19  43:13  45:12  45:15 | | **we're**(69) 8:11  14:14  14:16  16:16  21:22 | | 74:22  77:21  80:19 | | 63:20  64:1  64:18  65:5  65:6  66:4  66:7 | |
| 62:24  68:7 | | 22:2  22:3  26:2  26:6  26:8  26:18  26:20 | | | | 66:11  67:6  67:6  68:1  71:4  71:12  73:20 | |
| | | 28:2  28:11  29:1  29:7  29:8  29:10  29:19 | | **who's**(1) 80:2 | | 74:12  75:13  77:16  78:23  80:7  80:9  80:10 | |
| **unlike**(1) 62:15 | | 29:21  30:25  31:1  31:4  31:5  31:16  32:20 | | **whole**(1) 25:2 | | 83:18  84:2  86:3  86:4 | |
| **unlimited**(4) 52:18  79:10  80:22  80:24 | | 32:22  34:1  34:1  35:14  36:9  37:20  47:23 | | **wholly**(2) 73:1  74:6 | | | |
| **unpack**(1) 8:7 | | 50:7  51:8  52:8  52:23  56:4  56:15  56:25 | | **why**(10) 9:23  44:1  55:18  57:24  58:11  59:2 | | **wouldn't**(1) 61:12 | |
| **unrealistic**(3) 37:20  59:20  67:9 | | 57:20  59:6  59:6  61:5  62:17  63:2  63:2 | | 66:10  68:24  75:4  83:22 | | **wrestle**(1) 7:19 | |
| **unsecured**(5) 4:18  19:8  71:3  71:5  80:2 | | 63:4  63:19  65:10  68:3  68:3  68:9  68:13 | | | | **writing**(1) 30:8 | |
| **until**(4) 26:15  45:20  56:10  64:22 | | 75:17  75:18  76:3  77:18  79:13  79:25  80:1 | | **wife**(1) 84:16 | | **written**(1) 10:12 | |
| **upcoming**(1) 31:22 | | 80:4  80:5  81:1  82:10  85:15  85:16  86:18 | | | | **wrong**(1) 73:8 | |
| **upon**(2) 16:8  25:7 | | | | | | **wrongdoing**(1) 64:9 | |
| **usable**(1) 65:21 | | **we've**(26) 17:11  19:11  21:4  21:23  22:13 | | | | **wrote**(1) 19:21 | |
| **use**(4) 15:21  20:24  28:9  46:5 | | 23:24  24:22  27:18  27:19  42:5  44:24  49:25 | | | | **www.diazdata.com**(1) 1:42 | |
| **used**(5) 19:1  20:5  44:9  52:6  77:6 | | 50:3  50:5  56:19  57:4  59:14  63:7  63:22 | | | | **yeah**(4) 37:15  39:4  39:19  75:8 | |
| **uses**(1) 27:23 | | 67:11  68:15  70:16  82:3  82:6  82:7  83:18 | | | | **year**(3) 26:17  57:20  59:8 | |
| **using**(1) 48:8 | | | | | | **years**(5) 52:11  53:5  53:23  54:17  73:6 | |
| **vacation**(2) 38:20  49:20 | | **webb**(1) 4:24 | | | | **yep**(1) 33:11 | |
| | | **wednesday**(3) 7:1  13:3  13:3 | | | | | |

| Word | Page:Line |
|---|---|

**yes**(62) 7:8  7:15  7:23  8:1  8:10  10:4  11:5
11:15  11:20  12:14  12:22  13:10  13:22
14:16  15:3  15:25  17:7  17:7  17:24  18:24
19:2  19:19  20:9  27:20  29:13  31:25  38:12
39:24  40:16  45:16  46:2  46:15  47:14  47:25
48:11  48:21  49:5  52:4  53:12  56:13  57:17
60:5  60:6  60:22  69:18  70:15  70:24  72:2
72:15  75:1  75:3  75:24  76:23  79:6  79:15
79:19  81:11  84:12  84:19  84:20  85:11
85:18

**yesterday**(1) 8:6

**yet**(2) 43:7  65:7

**york**(7) 1:32  2:15  2:23  2:44  3:14  3:28

**you**(217) 7:3  7:23  8:11  9:5  9:6  9:22  9:24
10:2  10:11  10:12  10:23  11:1  11:1  11:2
12:8  12:18  12:19  13:8  13:12  13:17  14:25
15:6  16:11  16:15  16:23  17:9  18:5  18:13
18:21  18:21  19:5  19:25  20:4  20:18  20:20
20:24  20:25  21:15  21:16  21:18  23:3  24:24
25:1  25:11  25:15  26:5  26:21  27:12  27:15
27:23  29:8  29:9  29:22  30:9  31:15  31:17
31:18  33:16  34:5  34:18  34:21  35:7  35:8
35:19  36:4  36:18  36:23  37:7  37:13  37:17
38:7  38:9  38:17  38:23  39:18  40:8  40:10
41:4  41:5  41:9  44:20  45:14  45:16  46:11
46:13  47:8  47:16  48:7  48:12  48:14  48:14
48:18  48:18  49:7  49:8  49:10  49:12  51:3
51:25  52:2  52:3  53:1  55:6  55:16  55:16
55:19  55:24  55:25  56:1  56:2  56:22  56:24
57:14  57:24  57:25  58:1  58:4  58:10  58:11
58:11  58:14  58:15  58:16  58:18  58:24
58:24  58:25  59:2  59:2  59:4  59:6  59:10
59:13  59:14  59:22  60:13  60:14  60:15
60:22  61:2  61:3  61:5  61:8  61:11  61:11
61:13  61:19  61:21  62:1  62:3  62:4  63:25
63:25  64:1  64:4  64:8  64:11  64:19  65:6
65:14  66:8  66:14  66:22  66:23  68:12  68:12
68:23  69:5  69:8  69:9  69:9  69:24  70:3
70:9  75:10  75:10  75:19  75:20  75:21  75:23
76:5  77:13  77:24  78:13  80:10  81:9  81:12
82:5  82:8  82:8  82:16  82:16  83:3  83:18
83:19  83:22  84:4  84:7  84:8  84:8  84:17
84:19  84:21  84:23  84:25  84:25  85:1  85:13
85:13  86:13  86:23  86:23  87:2  87:4  87:6
87:8  87:10

**you'll**(5) 16:2  25:24  40:23  68:24  83:21

**you're**(20) 9:4  14:23  20:17  23:19  25:12
25:12  33:16  34:10  34:11  35:10  37:17  48:2
49:22  61:4  69:12  75:12  76:21  85:25  86:7
86:15

**you've**(4) 32:17  37:13  82:5  84:10

**young**(4) 2:34  4:37  5:34  6:9

**younger**(1) 37:8

**your**(114) 7:6  7:9  7:11  7:17  7:20  7:21
8:22  9:5  9:8  9:14  10:22  12:1  12:2  12:5
12:7  12:9  13:11  14:20  16:6  16:24  17:11
18:5  19:15  19:24  27:18  28:4  28:5  28:16
28:24  29:14  29:21  29:23  29:24  30:7  30:22
31:3  31:13  31:19  31:20  31:23  33:17  33:21
33:23  38:24  40:2  40:13  40:17  41:6  41:8
41:13  41:15  41:21  41:24  42:18  43:4  44:18
44:21  45:23  47:12  47:23  47:23  48:22  49:8
49:13  51:15  51:18  52:1  53:19  56:1  56:5
56:10  60:1  60:3  60:4  60:5  60:11  60:18
61:4  61:21  62:4  62:9  63:25  64:6  64:21
64:23  65:5  66:24  66:25  68:1  68:12  68:22
69:13  69:24  70:9  70:22  73:15  73:20  74:13
74:20  74:22  75:19  75:25  79:11  80:16
80:16  81:12  84:4  84:7  84:21  85:9  85:12
86:7  87:7  87:8

**yourself**(1) 57:15

**zarnett**(1) 6:12

**zigler**(1) 6:26

**zloto**(1) 4:33