THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Chapter 11 | : | |
| | : Motion The Court   That Successor Ericsson. Inc. And | |
| Nortel Networks Inc., Et Al., | : Telefonaktiebolaget Lm pay Relief to Stephen Paroski | |
| Debtors | : | |
| | : Filed:  03/26/13 | |
| | : Objection Deadline: 4/15/2013 @ 4:00 p.m. | |
| | : Hearing Date:  4/18/2013 at 10:00 a.m. | |

---

### I STEPHEN PAROSKI MOTIONS THE COURT FOR THE ORDER of

### SUCCESSOR  ERICSSON. INC. AND TELEFONAKTIEBOLAGET LM ERICSSON

### (PUBL) PURCHASERS OF GSM DIVISION OF NORTEL NETWORK PAY RELIEF

### TO STEPHEN RAY PAROSKI I IN THE AMOUMT OF THREE HUNDERD TWENTY

### ONE THOUSANDS AND NINE HUNDER AND SIXTY FOUR DOLLAR PLUS ONE

### HUNDER THOUSAND DOLLAS IN PUNDIT DAMAGES $321,964.97 + $100,000.00 =

### $421,964.00

For the Justification of  permitting this **for the order of** relief be paid  to Stephen Paroski {who is
inactive employee of Nortel network Gsm division long-term disability} I cite the recent case Einhorn v.
M.L. Ruberton Construction Co., No. 09-4204,. 1982) On appeal, the appropriate standard to
apply under ERISA in the context of an asset sale, the Court of Appeals explained,

- Is that a purchaser of assets may be held liable "where the buyer had notice of the
  liability prior to the sale.

- And there exists sufficient evidence of continuity between the buyer and the
  seller."

- In reaching this decision, the Court began its analysis by noting that, since
  decisions that pre-date ERISA, the federal courts have "developed a federal
  common law successor ship

- doctrine imposing liability upon successors beyond the confines of the common
  law rule

- When necessary to protect important employment-related policies.

- No one can argue that SUCCESSOR ERICSSON. INC. and
  TELEFONAKTIEBOLAGET LM ERICSSON (PUBL) did not know about Long

1

Term Disability Liability. Asset Sale agreement spent 3 pages attempting to excuse themselves from this liability Cite(Upholsterers' International Union Pension Fund v. Artistic Furniture of Pontiac,

SLOVITER, Third Circuit Judge STATED Quote " This appeal asks us to consider the circumstances in which a purchaser of assets bears liability for delinquent employee benefit fund contributions under the Employee Retirement Income Security Act ("ERISA") as a successor in interest to the seller of those assets".

- THE Third Circuit appeal Citing International Union Pension Fund v. Artistic Furniture of Pontiac, 920 F.2d 1323 (7th Cir. 1990).

- There the Seventh Circuit concluded liability could be imposed after an asset sale where there was sufficient continuity of operations, and the successor employer had notice of the liability. ( Please Refer to Exhibit A) . ( Please Refer to Exhibit B) Http://wraltechwire.com/business/tech_wire/news/blogpost/5700722/

- The Third Circuit further noted that the First, Second, and Ninth Circuits had reached a similar conclusion, along with a number of district courts.

- ERICSSON. INC. and TELEFONAKTIEBOLAGET LM ERICSSON (PUBL) are IN Dallas working out of the same building on the same equipment same customer completing and performing the same task Nortel was doing till day of sale. And after the sale. ( Please Refer to Exhibit A) . ( Please Refer to Exhibit B)

- The Court further explained that this approach differed slightly but was not inconsistent with its earlier decision in(citing) Teamsters Pension Trust Fund of Philadelphia & Vicinity v. Littlejohn, 155 F.3d 206 (3d Cir. 1998), in which the Court applied the common law rule permitting imposition of successor liability in the case of a corporate merger, even where the successor did not have notice of the liability.

- **In the situation of an asset sale,** the Court concluded, The equities would be best balanced by imposing successor liability, but only where the successor had notice of the liability.

- Nortel Knew of the Liability of the inactive Employee  Stephen Paroski on Long Term Disability ( Asset sale agreement )

- Upon establishing the appropriate standard, the Court of Appeals set forth the following factors to consider, among In reaching this decision, the Court began its analysis by noting that, since decisions that pre-date ERISA, the federal courts have "developed a federal common law successor ship doctrine imposing liability upon successors beyond the confines of the common law rule when necessary to protect important employment-related policies

- Upon establishing the appropriate standard, the Court of Appeals set forth the following factors to consider, among others, when conducting the continuity analysis:

- "continuity of the workforce, management, equipment and location; ( Please Refer to Exhibit B)

- Completion of work orders begun by the predecessor; and constancy of customers." Id. at *27 (citing Fall River Dyeing & Finishing Corp. v. NLRB, 482 U.S. 27, 43 (1987)).

- Additionally, the Court noted that "commonality of ownership is not required." Id. at *28. Recognizing that the determination regarding whether a successor substantially continued a predecessor's operations is a factual matter (and noting that the parties had agreed that Ruberton had notice of the liability),

The Court of Appeals remanded the case to the District Court to make this determination. Third Circuit said that courts look to, among other things,

(1) continuity of the workforce,

(2) Management, equipment and location,

(3) completion of work orders begun by the predecessor,

(4) And constancy of Customers.

Outside of the ERISA and labor context, the general common-law rule provides that an entity that purchases the assets of another does not assume the seller's liabilities unless

(1) the purchaser expressly or impliedly assumed the liability,

(2) the transaction amounts to an effective merger,

(3) the purchasing corporation is the mere continuation of the seller and

(4) the transfer of assets was for the fraudulent purpose of escaping liability for the seller's .

(1)Beginning with the U.S. Supreme Court decision in Golden State Bottling
Co. Inc. v. NLRB,5 federal courts have developed a federal-successor ship doctrine that altered
the common-law rule to impose liability on successors when necessary to protect and vindicate
Employment-related policies. The U.S. Court of Appeals for the Seventh Circuit later expanded
on the Supreme Court's vision of protecting federal labor interests in the seminal Artistic
Furniture case where the court held that a purchaser of assets may be liable for the seller's
delinquent contributions to a pension fund if the buyer had notice of the liability prior the sale
and there was sufficient evidence of "continuity of operations" between the entities

**Conclusion:**

The U.S. Supreme Court decision in Golden State Bottling
Co. Inc. v. NLRB,5 federal courts have developed a federal-successor ship doctrine that altered
the common-law rule to impose liability on successors when necessary to protect and vindicate
employment-related policies. Nortel Network Long Term Disability is an employment-related
policies The U.S. Court of Appeals for the Seventh Circuit later expanded on the Supreme
Court's vision of protecting federal labor interests in the seminal Artistic Furniture case where
the court held that a purchaser of assets may be liable for the seller's delinquent contributions
to a pension fund if the buyer had notice of the liability prior the sale and there was sufficient
evidence of "continuity of operations" between the entities/

   Nortel Network Long Term Disability is an employment-related policies is an employment-
related policies that directly connected to a federal-successor ship doctrine that altered the
common-law rule to impose liability on successors when necessary to protect and vindicate

**employment-related policies.**


   Relief needed for loss of Income and loss of My Family and I Health insurance, Dental
Insurance, retirement contribution, 401k contribution, Life Insurance, Emotional Stress on my
wife. I don't know how I going to have money to bury or cremate myself or worse one of my
family. I will never to be affording health or Life Insurance for my disable son or I.

4

**Prayer to the court:** Stephen Paroski prayer to the court for the order of
Successor  Ericsson. Inc. And Telefonaktiebolaget Lm Ericsson(Publ) Purchasers Gsm Division
Of Nortel Network  Pay Relief To Stephen Ray Paroski I {Who Is Inactive Employee Of Nortel
Network Gsm Division Long-Term Disability)  In The Amount  Of Three Hundred Twenty One
Thousands And Nine Hundred And Sixty Four Dollar
Plus One Hundred Thousand   Dollars  In  Pundit Damages.  $321,964.97 + $100,000.00 =
$421,964.00

Respectfully submitted By   Cynthia Ann Paroski  For Stephen Ray Paroski

333 El Rio Drive

Mesquite, Texas 75150    Phone: 214 264 9912

Phone: 214 264 9953    Email sparkyrayray@tx.rr.com

Stephen Ray Paroski

5

**Notice Of Motion**
## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Fe: Chapter 11

Nortel Networks Inc., *et al.,* ' Case No. 09-1013 8 (KG) Debtors. Jointly Administrated

**I STEPHEN PAROSKI MOTIONS THE COURT FOR THE ORDER of SUCCESSOR ERICSSON. INC. AND TELEFONAKTIEBOLAGET LM ERICSSON (PUBL) PURCHASERS OF GSM DIVISION OF NORTEL NETWORK PAY RELIEF TO STEPHEN RAY PAROSKI I IN THE AMOUMT OF THREE HUNDERD TWENTY ONE THOUSANDS AND NINE HUNDER AND SIXTY FOUR DOLLAR AND NINETY SEVEN CENTS PLUS ONE HUNDER THOUSAND DOLLAS IN PUNDIT DAMAGES $321,964.97 + $100,000.00 = $421,964.00**

TO: (I) THE ABOVE-CAPTIONED DEBTORS; (II) COUNSEL TO THE DEBTORS, (III) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; AND (IV) ALL PARTIES REQUIRED TO RECEIVE SERVICE UNDER RULE 2002-1(B) OF THE LOCAL RULES.

PLEASE TAKE FURTHER NOTICE

- PLEASE TAKE FURTHER NOTICE That it would be further order that Telefonaktiebolaget LM Ericsson (Publ) Ericsson.inc one payment to STEPHEN PAROSKI Kept completely separate and that there will be One Payment from the Nortel Long Term Disability Settlement Agreement.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application must be filed on or before **April 15, 2013 at 4:00 PM (prevailing Eastern Time)** with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 Market Street, Wilmington, Delaware 19801. At the same time, you must also serve a copy of any responses or objection upon the undersigned counsel.

The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. *(5596),* Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation *(0251),* CoreTek, Inc. (5722), Not -tel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Not-tel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapterl 1.epiqsystems.comlnortel.

Case 09-10138-KG Doc  ???? -1 Filed 03/26//2013

**PLEASE TAKE FURTHER NOTICE** that a hearing Motion, if necessary, shall be held before the Honorable Kevin Gross on **April 18, 2013 at 10:00 a.m.**
**(prevailing Eastern Time)** at the Bankruptcy Court, 824 Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801.


**PLEASE TAKE FURTHER NOTICE THAT IF NO RESPONSES OR OBJECTIONS ARE TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, AN ORDER MAY BE ENTERED GRANTING THE APPLICATION WITHOUT FURTHER NOTICE OR A HEARING.**


Cynthia Paroski for Stephen Paroski

   333 El Rio Drive

   Mesquite Texas 75150

   214 264 9912

   sparkyray@tx.rr.com



Stephen Ray Paroski

2

Chapter 11 IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: Chapter 11 Nortel Networks Inc., et al., 1    Case No. 09-10138 (KG)

: My Motion  Filed: 03/26/13

: objection Deadline:  4/15/2013 @ 4:00 p.m.

: Hearing Date:  4/18/2013 at 10:00 am

CERTIFICATE OF SERVICE

I certify that on March 2 5, 2013 True and correct Copy of the

US 1st class Mail and Certified Mail and by Fax to

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

**James L. Bromley** (admitted *pro hac vice*)
**Lisa M. Schweitzer** (admitted *pro hac vice*)
**One Liberty Plaza**
**New York, New York 10006**
**Telephone:  (212) 225-2000**
**Facsimile:  (212) 225-3999**

- and -

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 2376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)

Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

Counsel for the Long Term Disability Participants
Rafael X. Zahralddin-Aravena (DE BafNo. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Eric M. Sutty (DE Bar No. 4007)
Jonathan M. Stemerman (DE Bar No. 4510)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801

Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxzaelliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: ems@elliottgreenleaf.com Email: jms@elliottgreenleaf.com

DELAWARE.        PATRICK TINKER, ASSISTANT U.S. TRUSTEE
                 844 KING STREET, SUITE 2207
                 WILMINGTON, DE 19801
                 Phone: 302-573-6491 Fax: 302-573-6497
                 Go to USTP Region 3 Website
                 USTP.Region03@usdoj.gov

### *Counsel for* ERICSSON. INC. and TELEFONAKTIEBOLAGET LM ERICSSON (PUBL)

| **Andrew M. Gould** | **Angeleque Linville** |
|---|---|
| Wick Phillips Gould & Martin, LLP | Wick Phillips Gould & Martin, LLP |
| (214) 692-6200 Work | 214-692-6200 Work |
| (214) 740-4022 Work | 214-692-6200 Primary |
| (214) 692-6200 Primary | 214-740-4039 Mobile |
| andrew.gould@wickphillips.com | 214-692-6255 Home |
| 2100 Ross Avenue, Suite 950 | angeleque.linville@wickphillips.com |
| Dallas, Texas 75201 | 2100 Ross Avenue, Suite 950 |
| http://www.wickphillips.com | Dallas, Texas 75201 |

Stephen Cynthia Paroski    phones 214 264 9912 /214 264 9912    Email sparkyray@tx.rr.com

333 El Rio Drive

Mesquite Tx 75150

Cynthia Ann Paroski for

Stephen Ray Paroski