**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*,[1] | ) | |
| | ) | Case No. 09-10138 (KG) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. 9954** |

**ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF
LONG TERM DISABILITY PARTICIPANTS FOR ORDER UNDER
BANKRUPTCY CODE SECTION 328(a) APPROVING THE EMPLOYMENT
AND RETENTION OF E. MORGAN MAXWELL, III, ESQ. AS
SPECIAL TAX COUNSEL TO THE LTD COMMITTEE,
NUNC PRO TUNC TO FEBRUARY 11, 2013**

Upon consideration of the application (the "Application")[2] of the Official

Committee of Long Term Disability Participants (the "LTD Committee") in the above

case for entry of an order (the "Order"), pursuant to sections 328(a) and 1103(a) of title

11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 2014 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014 of

the Local Rules for the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), authorizing the employment and retention of E. Morgan Maxwell, III,

Esq. ("Maxwell") as special tax counsel to the Debtors, *nunc pro tunc* to February 11,

2013; and upon the Maxwell Declaration; and the Court being satisfied, based on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2] All capitalized terms not defined herein shall have the meaning as set forth in the Application

representations made in the Application and upon the Maxwell Declaration, that Maxwell

is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, and represents no interest adverse

to the Debtors' estates; and upon consideration of the Application and all pleadings

related thereto; and the Court finding that (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was due and proper

under the circumstances; and the relief requested in the Application being in the best

interests of the Debtors' estates, their creditors and other parties in interest; and after due

deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to employ and retain Maxwell

as its special tax counsel under the terms of the Agreement, *nunc pro tunc* to February 11,

2013; and it is further

ORDERED that Maxwell shall be compensated in accordance with the

procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable

Federal Rules of Bankruptcy Procedure, the Local Rules of the Court, the Administrative

Order governing professional fees in the aforementioned cases, and any such procedures

as may be fixed by the order of this Court; and it is further

ORDERED that to the extent that there may be any inconsistency between

the terms of the Application, the Agreement and this Order, the terms of this Order shall

govern; and it is further

ORDERED that the LTD Committee is authorized and empowered to take

all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all

matters arising form or related to the implementation and/or interpretation of this Order.

Dated: April 5, 2013
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3