# EXHIBIT 2

**Frequently Asked Questions (FAQs)**

The Settlement Agreement is the operative and controlling document which governs your rights. Nortel and the LTD Committee encourage everyone whose rights may be affected by the Settlement Agreement to read that proposed agreement in its entirety. However, set forth below are responses to some of the most generally applicable questions that may be raised about the impact of the Settlement Agreement:

**Q: I am an LTD Employee currently receiving benefits under the LTD Plans. Will these benefits be affected by the settlement?**

A: Yes, if the proposed Settlement Agreement is approved by the Bankruptcy Court, the LTD Plans and all associated benefits and coverage will be terminated effective as of May 31, 2013. This means that you will not receive income continuation payments or medical coverage from Nortel after that date. Please carefully read the definition of "LTD Plans" in the Settlement Agreement to understand the full list of benefit plans that will be discontinued and benefits and coverage that will be affected.

**Q: Will I receive a payment from the Settlement Amount being paid to the Settlement Class members, and, if so, how much will I be receiving?**

A: The Settlement Agreement bars Nortel from terminating the LTD Plans until such time as the Debtor allows a general, unsecured claim in favor of the LTD beneficiaries (i.e., the Settlement Amount). If you are an LTD Employee as of May 31, 2013, you will receive a right to participate in distributions of the Settlement Amount if the proposed Settlement Agreement is approved by the Bankruptcy Court. The actual amount of money that you will receive will be based on your projected share of the Settlement Class's claim divided by the Settlement Amount. Nortel Networks Inc. ("NNI") is granting the LTD Committee a LTD General Unsecured Claim in the amount of $28 million with a reduction to $26.64 million (with such general unsecured claim taking into account the costs of providing LTD Benefits to the LTD Employees for the transition period of April 1, 2013 through May 31, 2013), rather than a cash payment, together with a declaratory judgment that it will not terminate the LTD Plans as to the LTD Employees without allowing the LTD General Unsecured Claim, as the sole consideration for the settlement. The Settlement Amount available for distribution to you is expected to equal your proportional share of the purchase price to be received by the LTD Committee for the sale and assignment of the LTD General Unsecured Claim, less potential tax withholdings and certain Settlement Administration Costs. In the event that an agreement to sell and assign the LTD General Unsecured Claim does not become effective, or the LTD General Unsecured Claim is not otherwise sold, assigned or

**Q: How are the values of the life insurance and accidental death and dismemberment insurance determined?**

The value of your life insurance is based on the actuarial present value of your benefit. This is consistent with Nortel's costs for providing you this benefit. The values of your accidental death and dismemberment insurance and any life insurance for your spouse and children are based on the premiums charged for these coverages.

**Q: Why is the apportionment methodology described in the form chosen?**

The LTD Committee with its advisors built the total claim against Nortel by considering five categories of benefits: income replacement, medical benefit, life insurance, accidental death and dismemberment insurance and contribution to long-term investment plan. Individual employees have different benefit amounts based on their specific situations. Once a settlement amount was tentatively reached, the LTD Committee believes it is equitable to allocate the settlement amount by the proportion of each employee's individual claim amount to the total claim amount.

**Q: Why is the claim unsecured?**

There are a number of variables that may affect the final settlement amount. For example, other employees not included in our claim may contest, other creditors may contest, and debtors may rescind the tentative agreement. The amount is also subject to final approval by the court. For this reason, the LTD Committee decided to exchange an amount from the settlement amount for the certainty of the settlement amount.

**Q: What can I do if I don't agree with the benefits listed on my estimated settlement amount document?**

If there is a material difference between your understanding of your benefits and your estimated individual settlement amount, your settlement amount will be adjusted accordingly. Please contact the counsel to the LTD Committee with supporting evidence of your assertion. You may contact counsel to the LTD Committee, Elliott Greenleaf, by either phone (302-384-9400); email (RXZA@elliottgreenleaf.com); or mail (Elliott Greenleaf, Attn: Rafael Zahralddin, Esq., 1105 North Market Street, Suite 1700, Wilmington, DE 19801.

**Q: How certain will I get the estimated settlement amount?**

Best efforts have been made to estimate your settlement amount based on information available to the LTD Committee and its advisors. Your exact amount will depend on the available information of all LTD Employees and their dependents, the actual administrative costs, the cost of securing the aggregate settlement amount and the final date of the settlement. It is also subject to final court approval.

**Q: When can I expect my settlement money?**

You should receive your settlement amount within two weeks from the final date of settlement. Based on our current understanding of the situation, that date is expected to be May 31, 2013. Naturally, it is subject to change.

Greenleaf, Attn: Rafael Zahralddin, Esq., 1105 North Market Street, Suite 1700, Wilmington, DE 19801), or consult with your own lawyer. You may also submit questions via the "Submit an Inquiry" link on the website maintained by the LTD Committee: http://www.kccllc.net/nortelltd/.

**Q: I am a current LTD Employee; can I participate in the Proposed Retiree Settlement Agreement?**

A: You may be able to elect to participate in the Proposed Retiree Settlement Agreement if the Proposed Retiree Settlement Agreement is approved and you have satisfied the minimum service requirement for retirement. In order for you to do so, you must send the Debtors a signed written document voluntarily terminating your employment and irrevocably relinquishing your right to receive benefits under the LTD Plans in accordance with the terms of the Proposed Retiree Settlement Agreement, which provides that such document must be received by the Debtors within 30 days following the Proposed Retiree Settlement Agreement becoming effective. Your retirement from the Debtors will be deemed effective on the termination date of the Retiree Welfare Plans, which is proposed to be May 31, 2013 pursuant to the Proposed Retiree Settlement Agreement, and your right to receive further LTD Benefits under and subject to the terms of the LTD Plans will terminate as of that termination date.  However, assuming you otherwise remain eligible under the LTD Plans, your LTD Benefits will terminate, regardless of which settlement you accept, no earlier than May 31, 2013. Please note that any LTD Employee who has voluntarily terminated his or her employment with the Debtors and retired, including retiring for the purpose of participating in the Proposed Retiree Settlement Agreement, will have waived his or her right to receive LTD Benefits under the LTD Plans after the termination date of the Retiree Welfare Plans, will only be eligible to participate in the Proposed Retiree Settlement Agreement and shall be deemed to not be a member of the Settlement Class for the purpose of participating in the Settlement Agreement, receiving distributions of the Settlement Amount, or otherwise. The Bankruptcy Court must enter an order approving the Proposed Retiree Settlement Agreement before it becomes effective, and the final terms of the Proposed Retiree Settlement Agreement will be determined by that Bankruptcy Court order, if entered.

**Q: I am a current LTD Employee; what other plans and programs available to current employees will be affected by the Settlement Agreement?**

A: Please carefully read the definition of "LTD Claims" from the Settlement Agreement, which lists certain of the formal or informal benefit plans, agreements or programs that are being compromised and waived through the Settlement Agreement. Claims arising from formal or informal benefit plans, agreements or programs described as "Excluded Claims" will not be affected by the Settlement Agreement.