IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
     Debtors. : Jointly Administered
:
: **RE:  D.I. 9916**
:
---------------------------------------------------------------X


**DEBTORS' OBJECTION TO THE MOTION OF STEPHEN PAROSKI FOR THE
ORDER OF SUCCESSOR ERICSSON. INC. AND TELEFONAKTIEBOLAGET LM
ERICSSON (PUBL) PURCHASERS OF GSM DIVISION OF NORTEL NETWORK PAY
RELIEF TO STEPHEN RAY PAROSKI I IN THE AMOUNT OF THREE
HUNDERD TWENTY ONE THOUSANDS AND NINE HUNDER
AND SIXTY FOUR DOLLAR PLUS ONE HUNDER
THOUSAND DOLLAS IN PUNDIT DAMAGES $321,964,97 + $100,000.00 = $421,964.00**

  Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this objection (the "Objection") to the *Motion for the Order of Successor Ericsson. Inc. and Telefonaktiebolaget LM Ericsson (Publ) Purchasers of GSM Division of Nortel Network Pay Relief to Stephen Ray Paroski I in the Amount of Three Hunderd Twenty One Thousands and Nine Hunder and Sixty Four Dollar Plus One Hunder Thousand Dollas in Pundit Damages $321,964,97 + $100,000.00*

---

[1]   The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

= *$421,964.00* [D.I. 9916] (the "Motion") filed by Cynthia Paroski on behalf of Stephen Paroski ("Mr. Paroski").[2] In support of this Objection, the Debtors respectfully represent as follows:

1. Mr. Paroski is an employee of NNI currently receiving certain benefits provided to long-term disabled individuals. The Motion appears to seek relief from this Court based on the failure of Telefonaktiebolaget LM Ericsson ("Ericsson") to hire Mr. Paroski in connection with its acquisition of the GSM assets from the Debtors.[3] For the reasons stated below, the Debtors submit the relief sought by the Motion should be denied with prejudice. It is important to note that the Motion does not seek any relief against the Debtors or oppose the proposed settlement and termination of Nortel long-term benefits plans set forth in the settlement agreement that has been entered into between the Debtors and the Official Committee of Long-Term Disability Participants, which remains subject to approval by the Court. In fact, Mr. Paroski has issued a statement clarifying that he supports that settlement.

2. Based on the facts known to the Debtors and set forth in the Motion, Mr. Paroski cannot state a viable claim related to the transfer of employees under the GSM sale agreement. Both active and inactive employees (including employees on disability leave and other types of absences) were offered employment with Ericsson, provided that disabled employees had to be

---

[2] While the text of the Motion refers to allegations by both Cynthia and Stephen Paroski, the Objection will assume that the allegations are undifferentiated unless otherwise noted. Cynthia Paroski has not alleged any facts that would provide her with independent standing to assert claims against the Debtors or Ericsson, and the Motion also should be denied on that basis.

[3] The Paroskis also filed suit against Ericsson in the United States District Court for the Northern District of Texas seeking similar relief. *Paroski v. Ericsson Inc. and Telefonaktiebolaget L M Ericsson (Publ)*, No. 3:12-cv-00210-N (N.D. Tex. filed Jan. 20, 2012). Ericsson moved to dismiss that complaint and the district court entered an order granting that motion on December 3, 2012. *Defendants' Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement, and Supporting Brief*, *Paroski*, 3:12-cv-00210-N (N.D. Tex. May 16, 2012), ECF No. 24;*Order Accepting the Findings and Recommendation of the United States Magistrate Judge*, 3:12-cv-00210-N (N.D. Tex. December 3, 2012), ECF No. 40.

2

capable of returning to work within 90 days following the closing of the sale.[4] To the extent Mr. Paroski was disabled and unable to commence working for Ericsson at the time of the closing of the sale, no discrimination claim could arise based on Ericsson's not hiring him. See <u>Holtzclaw v. DSC Comms. Corp.</u>, 255 F.3d 254, 260-61 (5th Cir. 2001) (holding that qualification for the position sought is an element of a prima facie claim under section 510).

3.  To the extent Mr. Paroski raises complaints regarding the terms of the GSM sale agreement or the Debtors' conduct in entering into the sale agreement, those claims are long since barred. Mr. Paroski did not appear or object to either the proposed sale or bidding procedures approved by the Court,[5] or to the proposed final sale agreement or the order approving the sale.[6] Accordingly, Mr. Paroski is now barred from raising objections to the terms of that sale or asserting claims against the Debtors or Ericsson for their conduct in entering into the sale – much less claims that lack any proper legal or factual basis.

4.  Moreover, the Motion seeks virtually identical relief to a motion previously filed by Mr. Paroski in June, 2012, which was considered and denied by the Court with prejudice. See

---

[4] See *Asset Sale Agreement by and Among Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and the other Entities Identified Herein as Sellers and Telefonaktiebolaget L M Erisson (Publ)*, dated November 27, 2009 [D.I. 2018, Ex. A]. (Under section 7.1.1 offers were extended to listed active and inactive employees, where "Inactive Employees" means "Employees on a Seller-approved leave of absence who are expected to return and actually return to work within the relevant time period set out below. An Employee shall be an Inactive Employee for purposes hereof only if such individual is absent as a result of military service, pregnancy or parental leave, disability leave, medical leave, jury duty or any leave provided under applicable Law and, in the case of leaves provided under applicable Law, is expected to return to work and actually returns to work in the time permitted for such leave under applicable Law and, for any other leave, is expected to return to work and actually returns to work in accordance with the terms of such leave but not longer than ninety (90) days (or, if such Employee is located in Canada, six (6) months) following the Closing Date.").

[5] See *Debtors' Motion For Orders (I)(A) Authorizing And Approving The Bidding Procedures, (B) Approving The Notice Procedures, And (C) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving Sale Of Certain Assets Of Debtors' GSM/GSM-R Business Filed by Nortel Networks Inc., et al.*, dated September 30, 2009 [D.I. 1587].

[6] See *Order Authorizing and Approving Sale of Debtors GSM/GSM-R Free and Clear of all Liens, Claims and Encumbrances* (the "<u>Sale Order</u>"), dated December 3, 2009 [D.I. 2065]; *Notice of Filing of Successful Bid*, dated November 27, 2009 [D.I. 2018]; *Asset Sale Agreement by and Among Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and the other Entities Identified Herein as Sellers and Telefonaktiebolaget L M Erisson (Publ)* (the "<u>Sale Agreement</u>"), dated November 27, 2009 [D.I. 2018, Ex. A].

*Motion of Stephen Paroski for the Order Promissory Estoppel Order Authorizing and Approving and Approving Procedures Funding or Buyout Ericsson Inc. and Telefonaktiebolaget LM Ercission and Nortel*, June 19, 2012 [D.I. 7886]; *Order Denying Motion of Stephen Paroski for the Order Promissory Estoppel Order Authorizing and Approving and Approving Procedures Funding or Buyout Ericsson Inc. and Telefonaktiebolaget LM Ercission and Nortel*, August 22, 2012 [D.I. 8274].

     5.     Accordingly, for the reasons stated herein, the Motion should be denied with prejudice.

[*Remainder of page left intentionally blank.*]

**Conclusion**

For the reasons set forth above, the Debtors respectfully submit that (i) the relief sought by the Motion be denied with prejudice, (ii) that the Court enter an order in the form attached hereto as Exhibit A and (iii) grant such other and further relief as it deems just and proper.

.

Dated: April 11, 2013
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*