## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

*In re*

Nortel Networks Inc., *et al.*,[1]

Debtors.

-------------------------------------------------------- X

:
:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: Docket No. 9916**

## ERICSSON'S AND TELEFONAKTIEBOLAGET LM ERICSSON'S OBJECTION TO MOTION OF STEPHEN PAROSKI [...] TO PAY RELIEF TO STEPHEN RAY PAROSKI IN THE AMOUNT OF [...] $421,964.00[2]

Ericsson Inc. and Telefonaktiebolaget LM Ericsson (Publ.) (collectively, "**Ericsson**")

hereby respectfully submit this objection (the "**Objection**") to the *Motion Of Stephen Paroski*

*That Ericsson, Inc. and Telefonaktiebolaget LM Ericsson (Publ.) (The Successor) Purchasers Of*

*GSM Division Of Nortel Network Pay Relief To Stephen Ray Paroski In The Amount Of Three*

*Hundred Twenty Thousand and Nine Hundred and Sixty Four Dollar Plus One Hundred*

*Thousand Dollars in Pundit Damages Total $421,964.00* [Docket No. 9916] (the "**Motion**")

filed by Cynthia Paroski on behalf of Stephen Paroski ("**Paroski**").  In support of this Objection,

Ericsson respectfully represents as follows:

---

[1] The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] The full name of the Motion filed by Stephen Paroski is set forth in the initial paragraph of this Objection.  The name of the Motion is abbreviated mainly to make it easier to comprehend.

2386631.1

The Motion seeks to have this Court award Paroski money damages totaling $421,964.00 from a third party, Ericsson. Paroski does not explain how or why he believes (i) he is entitled to any damages, (ii) he has been allegedly damaged, (iii) Ericsson is liable to him, and/or (iv) this Motion could support a damages award against third party Ericsson. For a multitude of reasons, the Motion is not well-founded, and Ericsson's Objection should be sustained.

## A.     The Motion Is Defective For Numerous Reasons.

As an initial matter, Paroski's Motion is facially invalid. A *motion* is an application requesting that the court take certain action; it is not a pleading and not a proper filing for the relief sought. Fed. R. Bankr. P. 7007; Fed. R. Civ. P. 7(b). A third party litigant cannot simply request that he be paid money, particularly from a non-party, without complying in any way with the rules of bankruptcy or civil procedure. Basic principles of civil procedure and due process preclude that.

Second, Paroski's Motion provides no basis whatsoever for Ericsson to be liable to him for anything. He cites to no rules of procedure, he describes no bases for awarding him money, and he has not identified any claim or basis for imposing liability. The Motion also contains no allegation or indication whatsoever that he has sustained any damages, either caused by Ericsson or anyone else. In fact, the record evidence in this litigation is that Paroski is currently employed by Nortel and has suffered no loss of disability benefits or other damages, much less that any alleged harm was caused by Ericsson.

Third, the Motion is incoherent and makes next to no sense. Even *pro se* plaintiffs are required to comply with basic rules of grammar and civil procedure. The only thing clear in this Motion is that this individual believes he is entitled to a payment of $421,964. Beyond that, it is

2386631.1

2386631.1

impossible to understand any basis for his filing and, accordingly, Ericsson objects to the Motion in its entirety.

**B.      Mr. Paroski's Requested Relief Is Premature, Barred By This Court's Sale Order, And Has Been Rejected Previously.**

Previously Mr. Paroski sued Ericsson in the Northern District of Texas contending that it was liable to him for violating numerous federal statutes including the Employee Retirement Income Security Act ("**ERISA**") and the Americans with Disabilities Act ("**ADA**"). *See Stephen Paroski v. Ericsson, Inc. and Telefonaktiebolaget LM Ericsson (Publ),* Case No.: 3:12-cv-00210-N-BF (N.D. Tex. filed January 20, 2012) (the "**Texas Action**").  Assuming this latest Motion is simply an extension of his claims in Texas, those claims are premature, barred by the Sale Order between Nortel and Ericsson, and were previously addressed and dismissed by the U.S. District Court for the Northern District of Texas.  A copy of the Magistrate Judge's Findings, Conclusions and Recommendations (the "**Recommendation**"), and the District Court's adoption of the Recommendation from the Texas Action are attached as Exhibit A.

Attempting to decipher Paroski's Motion, it seems he is requesting that the court give him $421,964 simply because Ericsson purchased certain assets from Nortel; thereby, in his opinion, creating a basis to find *successor liability*.  Motion, pp. 2-3.  Paroski seems to be arguing that he should be paid because courts have found a buyer of assets liable to individuals who have claims against the seller prior to the sale.  *Id.* at 2-4.  As has been explained to Paroski previously, however, his successor liability theory requires the existence of, among other things, a claim.  Absent notice of a claim, there is no liability.  *See Brzozowski v. Corr. Physician Servs.,* 360 F.3d 173, 178 (3d Cir. 2004) (holding that notice of claims to the successor-employer is required in order to impose liability, but finding that notice was not an issue because the sale agreement specifically referred to plaintiff's claim); *Rojas v. TK Communs.,* 87 F.3d 745, 750

(5th Cir. Tex. 1996). Paroski also cannot show there are any damages. He remains a Nortel employee and continues receiving LTD benefits.

Lastly, to the extent Paroski raises complaints regarding the terms of the sale agreement between Nortel and Ericsson, those claims are barred by the Sale Order.[3] Paroski did not appear or object to either the proposed sale or bidding procedures approved by the Court, or to the proposed final sale agreement or the order approving the sale.

### Conclusion

For the reasons set forth above, the relief sought by the Motion should be denied and the Court should award such additional relief as the Court deems proper.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[3] *Order Authorizing and Approving Sale of Debtors GSM/GSM-R Free and Clear of all Liens, Claims and Encumbrances* (the "**Sale Order**"), dated December 3, 2009 [D.I. 2065]; *Notice of Filing of Successful Bid*, dated November 27, 2009 [D.I. 2018]; *Asset Sale Agreement by and Among Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and the other Entities Identified Herein as Sellers and Telefonaktiebolaget L M Ericsson (Publ)* (the "**Sale Agreement**"), dated as of November 24, 2009 [D.I. 2018, Ex. A].

2386631.1

Dated:  April 15, 2013
Wilmington, Delaware

**POLSINELLI SHUGHART PC**

*/s/ Justin K. Edelson*
Christopher A. Ward (No. 3877)
Justin K. Edelson (No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921

and

**WICK PHILLIPS GOULD & MARTIN, LLP**
Andrew M. Gould, Esq.
2100 Ross Avenue, Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

*COUNSEL FOR ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM ERICSSON
(PUBL)*

2386631.1