# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN PAROSKI, § | |
| PLAINTIFF, § | |
| § | No. 3:12-CV-210-N (BF) |
| v. § | |
| § | |
| ERICSSON INC. AND § | |
| TELEFONAKTIEBOLAGET LM § | |
| ERICSSON (PUBL). § | |
| DEFENDANTS. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for pretrial management. The Motion to Dismiss ("Motion," doc. 24) of Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Defendants") is before the Court for recommendation. Plaintiff Stephen Paroski ("Plaintiff"), who is proceeding *pro se,* filed a response on June 14, 2012 (doc. 25) and Defendants filed a Reply on June 28, 2012 (doc. 27). Defendants seek dismissal pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Alternatively, Defendants seek a more definite statement.

### Standard of Review under FED. R. CIV. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995); *Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc.,* 723 F.2d 1173, 1177 (5th Cir. 1984). In this case, the burden falls on Plaintiff. The allegations of his amended complaint must be taken as true and all inferences drawn in his favor. *Saraw Partnership v. United States,* 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States,* 776 F.2d 116, 117 (5th Cir. 1985). However, dismissal is warranted if those allegations together with any undisputed facts establish that the district court lacks

jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). A court may dismiss an action pursuant to Rule 12(b)(1) based upon:"(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The trial court must first determine whether the defendant has made a "facial" or a "factual" attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a facial attack by filing a Rule 12(b)(1) motion, in which case, "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* On the other hand, a defendant makes a factual attack by submitting "affidavits, testimony, or other evidentiary materials," in which case a plaintiff must "submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.* Here, Defendant has made a facial attack. The Court will examine whether Plaintiff has alleged any facts that would give rise to federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

### Analysis

A *pro se* litigant's pleadings are viewed liberally, but a party proceeding *pro se* is not permitted to disregard the rules. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam)

(*pro se* litigant in habeas action) (holding that self-representation does not exempt party from compliance with relevant rules of procedural and substantive law and that, except for liberal construction of properly filed pleadings, *pro se* litigants acquire no greater rights than litigants represented by lawyers, and subject themselves to the established rules of practice and procedure).

The Court will consider Plaintiff's Amended Complaint, filed May 9, 2012 (doc. 6), together with the Exhibits Plaintiff has filed in connection with his complaints. According to the Amended Complaint, Plaintiff worked for Nortel, a separate company not related to Defendants, starting in 2000, and became permanently disabled in 2002. Plaintiff was approved for Social Security benefits and began receiving benefits under Nortel's Long Term Disability ("LTD") Plan in 2003. (Am. Compl., ¶1, pp. 3-4.) Plaintiff is still employed by Nortel (*id.*, pp. 2-3) and admits that he continues to receive long-term disability benefits under the Nortel LTD Plan. Plaintiff's Amended Complaint does not claim that he has been denied continuing benefits.

Plaintiff claims that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964, and /or the Americans With Disabilities Act) and interfered with his right to long-term disability benefits in violation of Section 510 of the Employee Retirement Income Security Act ("ERISA") by acquiring part of Nortel's Carrier Networks division relating to certain technology in 2009. Plaintiff's employer, Nortel, filed for protection under Chapter 11 of the Bankruptcy Code in January 2009. (Am. Compl. ¶2, p. 4.) Although Nortel moved to terminate certain retiree and disability benefits during the bankruptcy, Nortel withdrew the Motion. (Orig. Compl., ¶3, p. 4, Ex. B. And Ex. C. to Orig. Compl.)

The only action Defendants have taken was to purchase in Nortel's Chapter 11 Bankruptcy parts of Nortel's Carrier Networks division relating to certain technology claims. Defendants never

3

employed Plaintiff, and he never even sought employment from them. Plaintiff's suit against Defendants, a separate company from Plaintiff's employer, Nortel, seeks to require Defendants to continue Nortel's Long Term Disability ("LTD") Plan.

The pending Nortel Bankruptcy is the proper forum for any challenges regarding long term disability rights. The Hon. United States Bankruptcy Judge Kevin Gross ordered that participants in Nortel's benefits plan are to file any challenges in Bankruptcy Court in Delaware. *In re Nortel Networks Inc, et al*, Case No. 09-10138, Dkt. #2065, Sale Order at ¶36 (BK. Del. Dec. 2, 2009).

Plaintiff claims that Defendants' "ploy to dump workers on long term disability" violates ERISA. Plaintiff suggests that this Court has jurisdiction over a bankruptcy adversary proceeding filed in the district where the claim arose. However, such limited jurisdiction requires an adversary proceeding in the Bankruptcy, with the Bankruptcy Court's permission to file in the district where the claim arose, requirements which have not been met. Plaintiff's Amended Complaint also complains of errors the Bankruptcy Court has made. Plaintiff's recourse for Bankruptcy Court errors is the Bankruptcy Court. This Court has no jurisdiction to correct errors, if any, of a Bankruptcy Court in Delaware.

Plaintiff admits in his response that Plaintiff is not now, nor ever has been, considered to be an employee of Ericsson. Plaintiff's admission that he never worked for, or sought employment with Ericsson prevents, as a matter of law, a discrimination claim against Ericsson under Title VII. 42 U.S.C. § 1211, 12112. The Americans with Disabilities Act ("ADA") applies only to employment discrimination, and only employers, employment agencies, labor organizations, or joint labor-management committees are "covered entities" under the Act.

Plaintiff fails to state a claim under ERISA because Defendants have none nothing with

4

respect to Plaintiff's disability benefits. Plaintiff admits he is still a Long Term Disability beneficiary. (Resp. at 9-11.) Plaintiff attempts to rely upon the "too clever by half doctrine," set forth by the Ninth Circuit Court of Appeals in *Lessard v. Applied Risk Mgmt.*, 307 F.3d 1020 (9th Cir. 2002). *Lessard* is neither controlling, applicable, probative, nor persuasive, particularly here where the Bankruptcy Court is the proper forum for challenging rights regarding Nortel's long term disability benefits. The Fifth Circuit has indicated that claims under Section 510 should be brought only against employers, or those making employment decisions. *See Smith v. Crest Cadillac II, L.P.* 2011 WL 4431916, 1-4 (E.D. Tex. 2011). Plaintiff has stated no facts which show that Defendants have made any employment decision with respect to Plaintiff. Even if Plaintiff had stated facts that implicated Defendants, it still would be a matter for the Bankruptcy Court to consider, rather than the subject of an independent action in another jurisdiction. Plaintiff has filed an Amended Complaint setting forth his best case. Nevertheless, Plaintiff, fails to state facts under which this Court would have jurisdiction.

### Recommendation

This Court lacks the statutory or constitutional power to adjudicate this case. The Court recommends that the District Court grant Defendants' Motion to Dismiss for lack of subject matter jurisdiction (doc. 27).

SO RECOMMENDED, September 6, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

5

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN PAROSKI, § | |
| PLAINTIFF, § | |
| § | No. 3:12-CV-210-N (BF) |
| v. § | |
| § | |
| ERICSSON INC. AND § | |
| TELEFONAKTIEBOLAGET LM § | |
| ERICSSON (PUBL). § | |
| DEFENDANTS. § | |

## ORDER ACCEPTING THE FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Court has under consideration the Findings and Recommendation of United States Magistrate Judge Paul D. Stickney. Defendant filed a motion for reconsideration, which the Court construes as objections, and the District Court has made a *de novo* review of those portions of the proposed Findings and Recommendation to which objection was made. The objections are overruled, and the Court accepts the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. The Court also grants Defendants' motion to strike Plaintiff's amended complaint, which was filed without leave of court and denies Plaintiff's motion to stay.

Defendants' Motion to Dismiss for lack of subject matter jurisdiction (doc. 27) is hereby GRANTED.

SO ORDERED this 3rd day of December, 2012.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE