IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :        Chapter 11
:
:        Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
:        Jointly Administered
                                Debtors.                 :
:        **RE: D.I. 5307 and 9947**
:
---------------------------------------------------------X

**CERTIFICATION OF COUNSEL**
**REGARDING ALLOCATION PROTOCOL**

        I, Ann C. Cordo, counsel for Nortel Networks Inc. and certain of its affiliates, as

debtors and debtors in possession in the above-captioned cases (collectively, the "US Debtors"),

hereby certify as follows regarding the US Debtors' proposed allocation protocol (the "2013

Allocation Protocol"), attached as **Exhibit A** hereto; the blackline comparison between the 2013

Allocation Protocol and the 2011 Allocation Protocol (as defined below), attached as **Exhibit B**

hereto; and the blackline comparison between the 2013 Allocation Protocol and the Monitor's

2013 Allocation Protocol (as defined below), attached as **Exhibit C** hereto.

        1.        As explained fully herein, the US Debtors believe that the way to expedite

the litigation is for the Court to enter an order, subject to modification by agreement of the Core

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their
petitions are available at http://dm.epiq11.com/nortel.

Parties[2] and/or order of the Courts, (i) adopting **Exhibit A** as the Allocation Protocol, (ii)

ordering April 30, 2013 as the date by which the Core Parties must file opening written

submissions on Allocation and May 14, 2013 for any reply submissions, if any, on Allocation, as

described fully below in paragraph 15, or alternatively scheduling a joint hearing to establish the

deadline for such opening and reply submissions, and (iii) setting a date for a joint hearing with

the Canadian Court as soon as practicable to address additional scheduling and discovery

planning issues.

2.      On April 25, 2011, the US Debtors and the Committee filed the *Joint

Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim

Funding and Settlement Agreement, and for Related Relief* [D.I. 5307] (the "U.S. Allocation

Motion") for the approval of an allocation protocol establishing procedures for the cross-border

resolution by the U.S. and Canadian Courts of the Allocation dispute.

3.      On June 2, 2011, the US Debtors and the Committee filed the *Reply

Memorandum in Further Support of Joint Motion for Entry of an Order Establishing an

Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related

Relief, and in Response to the EMEA Debtors' Cross-Motion to Compel Arbitration* [D.I. 5571],

along with an amended allocation protocol, which was attached thereto as Exhibit A (the "2011

Allocation Protocol"). The 2011 Allocation Protocol was agreed to by the Canadian Debtors, the

Monitor, and the CCC. The Canadian Debtors subsequently filed a motion for an order

approving the 2011 Allocation Protocol in the Canadian Court (the "Canadian Allocation

Motion").

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the 2013 Allocation Protocol, attached as Exhibit A.

4.      On March 8, 2013, the U.S. and Canadian Courts granted the U.S. Allocation Motion and the Canadian Allocation Motion respectively, stating that reasons were to follow.  Both the U.S. and Canadian Courts ordered that the version of the allocation protocol to be entered was to follow the 2011 Allocation Protocol with limited exceptions.

5.      On April 3, 2013, the U.S. Court issued its *Opinion* [D.I. 9946] and *Order Approving Allocation Protocol* [D.I. 9947] (the "April 3 Order"), which granted the U.S. Allocation Motion and ordered the parties to negotiate the terms of an Allocation Protocol consistent with the U.S. Court's Opinion.  The U.S. Court further ordered that the US Debtors were to submit their proposal for the Allocation Protocol to all other parties on or before April 8, 2013, and thereafter the parties were to submit to the U.S. Court their versions of the Allocation Protocol on or before April 15, 2013.

6.      Also on April 3, 2013, the Canadian Court issued an Endorsement (the "April 3 Endorsement"), which provided the reasons for the Canadian Court's March 8, 2013 decision granting the Canadian Allocation Motion.  The Canadian Court ordered that certain amendments be made to the 2011 Allocation Protocol, and that the amended Allocation Protocol must be filed with the Canadian Court by April 15, 2013.

7.      Both the U.S. Court's April 3 Order and the Canadian Court's April 3 Endorsement set a trial date commencing on January 6, 2014 for Allocation, EMEA Claims and UK Pension Claims.

8.      Pursuant to the U.S. Court's April 3 Order, the US Debtors circulated a draft of the 2013 Allocation Protocol to the other Core Parties on April 8, 2013.  Thereafter, the US Debtors met and conferred with the other Core Parties regarding the draft and incorporated their comments into the 2013 Allocation Protocol, which is attached hereto as **Exhibit A.**  A

blackline is attached hereto as **Exhibit B**, which compares the 2013 Allocation Protocol and the

2011 Allocation Protocol.

9.      The 2013 Allocation Protocol has been accepted in its current form by the

Committee, the Bondholders, each of the Indenture Trustees, and the Directors and Officers.

The UK Pension Claimants provided comments, some of which are incorporated in the 2013

Allocation Protocol.  The EMEA Debtors also provided comments, but did so without prejudice

to their objection to addressing Allocation in the manner set forth in the Allocation Protocol.

10.      Pursuant to the Canadian Court's April 3 Endorsement, the Monitor is also

submitting an Allocation Protocol to the Canadian Court today (the "Monitor's 2013 Allocation

Protocol"), to which the CCC provided comments.  A blackline that compares the 2013

Allocation Protocol and the Monitor's 2013 Allocation Protocol is attached hereto as **Exhibit C**.

The US Debtors and the Monitor are in near agreement as to the form of the Allocation Protocol.

However, the US Debtors' 2013 Allocation Protocol differs in two respects from the Monitor's

2013 Allocation Protocol.

11.      First, the Monitor's 2013 Allocation Protocol adds the phrase "and such

other parties as the U.S. Court and the Canadian Court may direct" immediately following the

definition of Core Parties in paragraph 2 of the 2013 Allocation Protocol.  While the US Debtors

recognize that the Canadian Court's April 3 Endorsement provides that there should not be

specified restrictions on Core Parties, the US Debtors submit that every party who has requested

Core Party status is granted such status in the 2013 Allocation Protocol submitted by the US

Debtors (and the Monitor).  In addition, after the Allocation Order is entered by the U.S. and

Canadian Courts, expedited discovery will begin in anticipation of the January 6, 2014 trial date.

Therefore, the Core Parties have an interest in finality with respect to who is a Core Party in the

Allocation dispute and it is contrary to the interest of justice and efficiency to leave open the possibility that additional Core Parties will be named, especially when no such other party has indicated an interest in Core Party status and it is important that limits be places on the litigation for it to be manageable.  Therefore, given the Canadian Court's comment that the Allocation Protocol should be kept "substantially in the form of [the 2011 Allocation Protocol]," the US Debtors have left the phrase "and such other parties as the U.S. Court and the Canadian Court may direct" in brackets in Paragraph  2 of their 2013 Allocation Protocol and propose that the Courts are able to strike it given the express inclusion of the additional parties within the definition.[2]

12.    Second, the Monitor proposes removing the phrase "the date(s) for an opening hearing on the Core Parties' allocation positions (prior to factual discovery) and on" in paragraph 4(e)(i) in the 2013 Allocation Protocol.  The US Debtors agree that there is a consensus among the Core Parties that an opening hearing on the competing allocation positions is no longer desired or necessary.  However, the US Debtors believe that making this or any other change to the 2013 Allocation Protocol beyond the limited amendments contemplated by the Canadian Court's April 3 Endorsement is inconsistent with the Canadian Court's mandate to keep the 2013 Allocation Protocol "substantially in the form of [the 2011 Allocation Protocol]." The US Debtors, however, have no objection if the Courts strike this phrase.

13.    In an effort to move these proceedings diligently in order to meet the January 6, 2014 trial date, in addition to the Allocation Protocol, the US Debtors circulated on April 8, 2013 to the other Core Parties for Allocation and as parties to the US and Canadian EMEA and UK Pension Claims a proposed schedule (the "Litigation Timetable") and

---

[2]    The US Debtors note that Core Parties are designated as such solely for purpose of the Allocation litigation and  reserve their rights regarding the request of any of the Core Parties to participate in the litigation of  the EMEA Claims and the UK Pension Claims, or any other claims brought against the Debtors.

comprehensive plan for coordinating discovery (the "Discovery Plan") that would apply to

discovery in both the Allocation dispute and the EMEA and UK Pension Claims.[3]  The US

Debtors indicated their desire to submit these consensually negotiated documents to the Courts

with the 2013 Allocation Protocol and requested prompt responses.  Unfortunately, even though

it appears that the parties are in agreement on many points regarding scheduling and discovery

(as the US Court was advised previously in writing and at the March 26, 2013 status conference),

the US Debtors have not received sufficient feedback from a number of Core Parties and are thus

not in a position to file the Litigation Timetable or Discovery Plan today.

14.     Notwithstanding the foregoing, no parties have objected that opening

written submissions, as defined in paragraph 4(f)(i) of the 2013 Allocation Protocol, should be

filed on April 30 and that reply submissions, if any, as defined  in paragraph 4(f)(iii) of the 2013

Allocation Protocol, should be filed on May 14.  The parties further agree that the fact affidavits

described in paragraphs 4(f)(ii) and (iv) of the 2013 Allocation Protocol are unnecessary.

15.     As such, while the parties continue to meet and confer regarding the other

interim deadlines, the US Debtors respectfully request that the Court so-order the deadlines of

April 30 and May 14 for opening written submissions and reply written submissions, if any,

respectively, pursuant to paragraphs 4(f)(i) and (iii) of the 2013 Allocation Protocol, or arrange

for a joint hearing promptly to set a deadline for opening submissions.  It was discussed among

the parties that such opening written submissions filed in this Court would be styled as "Motions

for Approval of Allocation Position of [Identifier of Core Party]," and would set out with

reasonable particularity the relief sought with respect to Allocation, the material facts relied

---

[3]     Earlier versions were circulated on March 19.

upon, and the legal bases for such position.  The reply written submissions would set out the Core Party's response to the arguments set forth in the opening written submissions.

16.     Given the significant amount of work that must be performed prior to the January 6, 2014 trial date, the US Debtors believe that entry of a Litigation Timetable and Discovery Plan must be done promptly.  Accordingly, the US Debtors respectfully request that the U.S. Court schedule a joint hearing with the Canadian Court to resolve the scheduling and discovery issues and enter orders adopting a Litigation Timetable and Discovery Plan.  The US Debtors are prepared to submit their proposed Litigation Timetable and Discovery Plan— substantially similar to the forms of documents the other Core Parties have had for approximately one month—and seek instruction from the Court with regard to such submissions prior to any joint hearing

17.     The US Debtors will provide a copy of this submission to the Canadian Court by letter requesting identical relief as requested herein.

WHEREFORE, the US Debtors respectfully request that the Court enter an order, subject to modification only by agreement of the parties and/or order of the Courts, (i) adopting **Exhibit A** as the Allocation Protocol (ii) ordering April 30, 2013 as the date by which the Core Parties must file opening written submissions on Allocation and May 14, 2013 for any reply submissions, if any, on Allocation, as described above in paragraph 15, or alternatively scheduling a joint hearing to establish the deadline for such opening and reply submissions, (iii) setting a date for a joint hearing with the Canadian Court as soon as soon as practicable to address the outstanding scheduling and discovery planning issues, and instructing the Core Parties with regard to the submission of proposed Litigation Timetables and Discovery Plans in advance of such hearing, and (iv) grant such other and further relief as is just and proper.

Dated:  April 15, 2013
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*