IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
:
*In re*                                                          :    Chapter 11
                                                                 :
Nortel Networks Inc., *et al.*,[1]                               :    Case No. 09-10138 (KG)
                                                                 :
              Debtors.                :    Jointly Administered
                                                                 :
                                                                 :    **Hearing date: May 7, 2013 at 10:00 a.m. (ET)**
                                                                 :    **Objections due: April 30, 2013 at 4:00 p.m. (ET)**
---------------------------------------------------------------- x

### DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER APPROVING STIPULATION WITH UNITED STATES CUSTOMS AND BORDER PROTECTION AND AUTHORIZING PAYMENT OF CERTAIN CUSTOMS DUTIES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing NNI's entry into and approving a stipulation (the "Stipulation"), attached hereto as Exhibit B, with U.S. Customs and Border Protection ("CBP", and together with NNI, the "Parties"); and (ii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9019.

**Background**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7. By this Motion, the Debtors seek an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, authorizing and approving NNI's entry into the Stipulation with CBP and granting the Debtors such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

8. Between January 1, 2004 and December 31, 2009, NNI imported certain merchandise, consisting of various finished goods, parts and components suitable for wireless enterprise communications, data networking and related products (the "Merchandise"). NNI paid duties and fees to CBP with respect to the Merchandise. From time to time, certain bonding

---

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

and surety companies (the "Sureties") posted bonds securing NNI's obligations and liabilities to CBP.

9.      On September 29, 2009, CBP filed proof of claim number 4711 in a contingent, unliquidated amount, and on August 18, 2011, CBP filed an amended proof of claim (Claim No. 7912) (the proof of claim, as amended, the "Filed Claim").

10.     On March 7, 2011, NNI disclosed to CBP certain information related to entries of the Merchandise between 2004 and 2009, as supplemented by NNI on or about March 15, 2011, April 4, 2011 and August 29, 2011 (collectively, the "Prior Disclosure").

11.     NNI and CBP have engaged in arms' length negotiation and have agreed to finally resolve the Filed Claim and Prior Disclosure as set forth in the Stipulation. The Stipulation provides that, subject to this Court's approval:[5]

   a. Payment Obligation. Within fifteen (15) days of the Effective Date of the Stipulation, NNI shall pay USD 3,564,903.36 to CBP (the "Stipulated Payment"), which will perfect the Debtors' Prior Disclosure to CBP.

   b. Release. Upon receipt of the Stipulated Payment, the Parties shall exchange mutual releases for claims arising out of the importations of the Debtors prior to the Petition Date or arising out of the Prior Disclosure. Notwithstanding this release, CBP shall not release (a) any claims arising under criminal law, (b) any criminal, civil or administrative claims arising under the Internal Revenue Code, (c) any claims arising under the Program Frauds Civil Remedies Act, the Civil Monetary Penalties Statute or any common law cause of action for fraud, (d) except as explicitly stated in the Stipulation, any claims arising out of the importations of the Debtors after the Petition Date, and (e) any claim by any federal entity, agency or component other than CBP.

   c. Withdrawal of Claim. Within five (5) business days of CBP's receipt of the Stipulated Payment, CBP will withdraw the Filed Claim (and Claim No. 4711).

   d. No Further Claims. Upon the Effective Date, except as otherwise provided in the Stipulation, CBP shall be forever barred from (i) filing any further proofs of claim against any of the Debtors in the Debtors' current or pending Chapter 11 cases, and (ii) pursuing any claims against the Sureties in connection with the liabilities

---

[5] This discussion is intended as a summary of the terms of the Stipulation. To the extent that this summary and the terms of the Stipulation are inconsistent, the terms of the Stipulation shall control.

4

resolved by the Prior Disclosure, including without limitation, duties, fees, liquidated damages, penalties or interest.

**Basis for Relief**

12.     The Debtors seek authorization to enter into the Stipulation under sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.     Section 363(b) of the Bankruptcy Code permits a debtor to sell or lease the property of the estate outside of the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b).  Section 363 applies when a debtor seeks to dispose of its assets in such a way that it ventures beyond an ordinary course transaction.  Myers v. Martin (In re Martin), 91 F.3d 389, 394-95 (3d Cir. 1996).

14.     The use or transfer of estate property under this provision must be supported by a sound business purpose.  Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Decora Indus. Inc., No. 00-4459, 2002 WL 32332749, at *2 (D. Del. May 20, 2002); Dai-Ichi Kangyo Bank, Ltd. V. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991); Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *4 (D.N.J. Mar. 25, 2008). A court determining whether a sound business purpose justifies the transaction "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike."  In re Montgomery Ward Holding Corp., 242 B.R. at 153-54 & n.1 (quoting In re Lionel Corp., 722 F.2d at 1071).  In addition, a debtor must show that the transaction has been proposed in good faith, that adequate and

reasonable notice has been provided and that it is receiving fair and reasonable value in exchange. See In re Decora Industries, Inc., 2002 WL 32332749, at *2; In re Delaware & Hudson Ry. Co., 124 B.R. at 176.

15. Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." In re Martin, 91 F.3d at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). Additionally, the Third Circuit has recognized that "'[i]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

16. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants

6

Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000).

17.     The Debtors respectfully submit that the Stipulation meets each of the requirements under section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.  As required by these provisions, the Stipulation provides a good faith means to resolve NNI's obligations to CBP and to release the Debtors from further liability in connection with prepetition obligations to CBP and the Prior Disclosure as set forth in the Stipulation.  This compromise rises well above the necessary threshold of reasonableness and serves a sound business purpose for several reasons.

18.     First, a majority of the amounts resolved by the Stipulation have priority status and must be paid in full pursuant to a chapter 11 plan.  Second, the terms of the Stipulation provide for the resolution of the Filed Claim and Prior Disclosure without ongoing negotiation with CBP and forecloses any exposure the Debtors' estates may have to penalties with respect to the alleged underpayment of duties or fees.  Third, the Debtors will receive valuable certainty through the perfection of the Prior Disclosure, and will be accorded the full benefits of prior disclosure treatment by CBP.

19.     Accordingly, the Debtors respectfully request that the Court approve the Stipulation as a compromise under Bankruptcy Rule 9019 and authorize the use of the Debtors' assets to make the payment provided for by the Stipulation.

## Notice

20.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to CBP; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

21. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: April 16, 2013<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Tamara K. Minott*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Tamara K. Minott (No. 5643)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |