**EXHIBIT B**

**STIPULATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
Debtors. : Jointly Administered
: 
------------------------------------------------------------X

**STIPULATION BY AND BETWEEN NORTEL NETWORKS INC.
AND UNITED STATES CUSTOMS AND BORDER PROTECTION**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and U.S. Customs and Border Protection ("CBP") (collectively referred to herein as the "Parties" and individually as a "Party"), with respect to the following facts:

WHEREAS, on January 14, 2009 (the "Petition Date"), NNI and its affiliated debtors and debtors in possession (the "Debtors") each filed voluntary petitions (with the exception of Nortel Networks (CALA) Inc., which filed on July 14, 2009) for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, the Office of the United States Trustee for the District of Delaware has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group"); and

WHEREAS, NNI imported certain merchandise between January 1, 2004 and December 31, 2009, consisting of various finished goods, parts and components suitable for wireless enterprise communications, data networking and related products (the "Merchandise"); and

WHEREAS, from time to time, certain bonding and surety companies (the "Sureties") posted bonds securing NNI's obligations and liabilities to CBP; and

WHEREAS, on September 29, 2009, CBP filed proof of claim number 4711 in a contingent, unliquidated amount, and on August 18, 2011, CBP filed amended proof of claim number 7912 (the proof of claim as amended, the "Filed Claim"); and

WHEREAS, on March 7, 2011, NNI disclosed to CBP certain information related to entries of Merchandise between 2004 and 2009, as supplemented by NNI on or about March 15, 2011, April 4, 2011 and August 29, 2011 (collectively, the "Prior Disclosure") so as to be accorded the full benefits of prior disclosure treatment pursuant to 19 U.S.C. § 1592(c)(4) and 19 C.F.R. § 162.74; and

WHEREAS, based on the Filed Claim and Prior Disclosure, CBP and NNI have agreed that the total loss of revenue owed by NNI for Merchandise entered from January 1, 2004 through December 31, 2009 (the "Disclosure Period") to CBP is USD 3,564,903.36 (the "Stipulated Amount"), which must be tendered to perfect NNI's Prior Disclosure; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Filed Claim or Stipulated Amount, the Parties have agreed to this Stipulation to resolve their disputes; and

NOW, THEREFORE, the Parties agree and stipulate as follows:

1.      Incorporation of Recitals.  The foregoing recitals are incorporated by reference as if fully set forth herein.

2.      Effectiveness.  The agreements, acknowledgments and obligations contained herein are expressly contingent upon, and shall become effective only upon entry by the Bankruptcy Court of an order or orders approving this Stipulation and the expiration or waiver of the fouteen (14) day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (such date, the "Effective Date").

3.      Payment Obligation.  NNI shall pay USD 3,564,903.36 to CBP (the "Stipulated Payment") within fifteen (15) business days of the Effective Date in full and final satisfaction of the Stipulated Amout in order to perfect the Debtors' Prior Disclosure to CBP.  This payment is to be made to CBP via the United States Department of Justice ("DOJ") via wire transfer instructions to be provided to the Debtors' counsel by DOJ.  If CBP does not timely receive the Stipulated Payment or has to return or disgorge any portion of the Stipulated Payment, this Stipulation shall be rendered void ab initio and the Parties shall be returned to the status quo ante.

4.      Release.  Upon receipt of the Stipulated Payment, the Parties release and forever discharge each other and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability for any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees),  past or present, fixed or contingent, liquidated or unliquidated, which the Parties now have arising out of the importations of the Debtors prior to

the Petition Date or arising out of NNI's Prior Disclosure.  Furthermore, CBP represents that (i) it is not aware of any other claims or debts reflected in any CBP database or record, whether in the form of duties, fees, liquidated damages, penalties or otherwise, arising out of importations by the Debtors, (ii) it is not currently investigating or contemplating any investigations of the Debtors relating to any alleged or suspected violations of law, and (iii), while CBP reserves all of its rights with respect to investigation and the exercise of its police powers, it will not initiate any investigation described in (i) and (ii) herein unless such actions are based, at least in part, on new facts or information discovered or provided to CBP subsequent to the date of execution of this Stipulation; provided that CBP shall not assert any claims as a result of such investigation that are released pursuant to this paragraph 4.  Nothing in this Stipulation shall extend or encompass, and CBP does not release or compromise, any of the following claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (collectively, for the purposes of this sentence, "claims"):  (a) Any claims arising under criminal law; (b) any criminal, civil or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code); (c) any claims arising under 31 U.S.C. §§ 3801 et seq. (Program Frauds Civil Remedies Act), 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Statute), or any common law cause of action for fraud; (d) except as explicitly stated in this Stipulation, any claims arising out of the importations of the Debtors after the Petition Date; and (e) any claim by any federal entity, agency or component other than CBP.

5. Withdrawal of Claim:  Within five (5) business days of CBP's receipt of the Stipulated Payment, CBP will withdraw the Filed Claim (and Claim No. 4711) using the form attached hereto as Exhibit A.

6. <u>No Further Claims</u>.  Upon the Effective Date, except as otherwise provided herein, CBP shall be forever barred from (i) filing any further proofs of claim against any of the Debtors in the Debtors' current or pending Chapter 11 cases, and (ii) pursuing any claims against the Sureties in connection with the liabilities resolved by the Prior Disclosure, including without limitation duties, fees, liquidated damages, penalties or interest.

7. <u>Binding Effect</u>.  This Stipulation and the order of the Bankruptcy Court approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

8. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

9. <u>No Transfer</u>.  CBP represents that it has not sold, assigned or otherwise transferred the Filed Claim or any of the claims being released pusuant to this Stipulation to a third party.

10. <u>No Reliance</u>.  Each Party acknowledges and agrees that it has not relied on any statement or representation of any other Party, person or entity in determining to enter into this Stipulation.

11. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue other than those raised in or relating to the Prior Disclosure.

12. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this

Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

13. Jurisdiction. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

14. Representative Capacity. Each person executing this Stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

15. Participation in Drafting. Each Party represents and warrants that it has participated in the drafting and preparation of this Stipulation. In any construction of this Stipulation, the Stipulation shall not be construed for or against any Party, but the same shall be construed fairly according to its plain meaning.

16. Choice of Law. Federal law shall control the interpretation and enforcement of this Stipulation.

17. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

18. Court Approval. The Parties hereby agree to the entry of an order by the Bankruptcy Court approving this Stipulation. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the claims resolved by this Stipulation and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the claims resolved by this Stipulation or that they have any liability in connection with such claims.

19.     <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Signature Page Follows*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _April 9_, 2013

NORTEL NETWORKS INC.

_____
John J. Ray III
Principal Officer

U.S. DEPARTMENT OF JUSTICE – CIVIL DIVISION

STUART F. DELERY
Acting Assistant Attorney General

_____
J. CHRISTOPHER KOHN
TRACY J. WHITAKER
SETH B. SHAPIRO
U.S. Department of Justice – Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-7164
Fax: (202) 307-0494

*Counsel for United States Customs and Border Protection*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: April 9, 2013

NORTEL NETWORKS INC.

_____
John J. Ray III
Principal Officer

U.S. DEPARTMENT OF JUSTICE – CIVIL DIVISION

STUART F. DELERY
Acting Assistant Attorney General

_____
J. CHRISTOPHER KOHN
TRACY J. WHITAKER
SETH B. SHAPIRO
U.S. Department of Justice – Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-7164
Fax: (202) 307-0494

*Counsel for United States Customs and Border Protection*

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
*In re*                                                  :   Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[1]                       :   Case No. 09-10138 (KG)
                                                         :
                                    Debtors.             :   Jointly Administered
                                                         :
---------------------------------------------------------X

### NOTICE OF WITHDRAWAL OF PROOFS OF CLAIM

U.S. Customs and Border Protection hereby withdraws its proofs of claim with prejudice in the above-captioned cases (Proof of Claim Nos. 4711 and 7912).

Dated: Washington, D.C.
       [insert date], 2013

                        U.S. DEPARTMENT OF JUSTICE –
                        CIVIL DIVISION

                        STUART F. DELERY
                        Acting Assistant Attorney General

                        _____

                        J. CHRISTOPHER KOHN
                        TRACY J. WHITAKER
                        SETH B. SHAPIRO
                        U.S. Department of Justice – Civil Division
                        Commercial Litigation Branch
                        P.O. Box 875
                        Ben Franklin Station
                        Washington, D.C. 20044
                        Tel:  (202) 514-7164

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  The Debtors' petitions and their contact information are available at http://dm.epiq11.com /nortel.

Fax: (202) 307-0494

*Counsel for United States Customs and Border Protection*