IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administrated |
| | ) Re: 8067, 8418, 9304, 9427, 9938, 9962 |

## WAYNE J. SCHMIDT, NORTEL US LTD EMPLOYEE, RESPONSE TO ORDER (A) PRELIMINARLY APPROVING THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVING THE NOTICE PRODEDURES, (D) SCHEDULING A AIRNESS HEARING AND (E) GRANTING RELATED RELIEF

WAYNE J. SCHMIDT, a US Long-Term Disabled (LTD) Employee, of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this response to the Order granting preliminary approval of the Settlement Agreement regarding Long-Term Disability plans and claims. In support of this response I respectfully represent as follows:

### BACKGROUND

1. On July 30, 2012 the Debtors filed "Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees". [D.I. 8067]

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2. On September 11, 2012 Nortel US Employees filed a Motion to Compel Debtors Disclose Critical Risk/Benefit Information Towards Discernment of Viability of a Transition from LTD Plans to Retiree Plan. [D.I. 8418]

3. On January 18, 2013, the Debtors and the LTD 1102 Committee filed a Joint Motion "Joint Motion Pursuant to 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 To (I)(A) Preliminarily Approve The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certify A Class For Settlement Purposes Only, (C) Approve The Notice, Procedures, And (D) Schedule A Fairness Hearing; And (II)(A) Finally Approve The Settlement Agreement, (B) Finally Certify A Class, (C) Authorize The Debtors To Terminate The LTD Plans, And (D) Grant Related Relief". [D.I. 9304]

4. Exhibit A of the aforementioned Joint Motion [D.I. 9304] presents the terms of the "Settlement Agreement".

5. On February 14, 2013, the order preliminarily approving the LTD Settlement was signed: "Order (A) Preliminarily Approving The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certifying A Class For Settlement Purposes Only, (C) Approving The Notice Procedures, (D) Scheduling A Fairness Hearing And (E) Granting Related Relief". [D.I. 9427]

6. On April 2, 2013, the order granting Debtors' motion for an entry of an order approving the Settlement Agreement with the Official Committee of Retired Employees was signed. [D.I. 9938]

### RELIEF REQUESTED

7. Assistance is requested from the court to compel the Pension Benefit Guarantee Corporation to meet their self declared objective to provide participants with the information

they need, when they need it and to answer questions accurately and forthrightly (Exhibit A) as it relates to availability of pension benefits under the Nortel Networks Retirement Income plan with full disclosure of the impact of an individual LTD Employee's consideration of participation in the Retiree Settlement Agreement or the proposed LTD Employee Settlement Agreement including the provision of the Retirement Income Plan's Disability Pension benefit.

## BASIS FOR RELIEF

8. 

9.    Mr. Schmidt is eligible for retirement benefits under the terms of the Nortel Networks Retirement Income Plan that is being guaranteed by the Pension Benefit Guarantee Corporation. He is also considered eligible for retirement benefits as at December 31, 2012 for purposes of considering eligibility to participate in the Retiree Settlement Agreement.

10. The proposed LTD Employee Settlement Agreement presented via Joint Motion [D.I. 9304] provides recognition of an individual LTD employees ability to elect to participate in the Retiree Settlement Agreement that has since been approved on April 2, 2103 (D.I. 9938) provided they meet the specific eligibility criteria for retirement on December 31, 2012.

11. The Retiree Settlement Agreement as set out in the Order Granting Approval of the Settlement Agreement (D.I. 9938) provides recognition that LTD Employees eligible to retire may elect to participate in the Retiree Settlement Agreement by voluntarily terminating their employment with the Debtor in writing within 30 days of the termination date of the retiree benefits that has now been extended to June 30, 2013 (D.I. 9962).

12. The decision to elect to participate in the Retiree Settlement Agreement or the proposed LTD Settlement Agreement requires a full understanding of the pension benefits available from the Pension Benefit Guarantee Corporation (PBGC). To date the PBGC has provided only estimates of pension benefits at Mr. Schmidt's normal retirement date at age 65 (Exhibit B) and the actual retirement benefit amount for an early retirement date of June 1, 2013 (Exhibit C). The early retirement benefit is contingent on Mr. Schmidt no longer being employed by the Debtor. The early retirement information and application package provided by the PBGC included a statement that "If you elected to participate in the settlement offered by Nortel Networks in regard to LTD benefits, *you may* (emphasis added) not be eligible to receive your pension benefit prior to your Normal Retirement Date." (Age 65) Although the after tax and administrative cost net value of the proposed LTD Settlement Agreement is not yet definite, ███████████████████████████████████████████████████████████████████████ Based on the

information provided by the PBGC regarding early retirement income benefit amounts that "may not" be available, it is all but impossible to make any financial decisions relative to ongoing support and care for Mr. Schmidt.

13.  When clarification has been requested verbally and in writing from PGBC to determine the impact of Mr. Schmidt's consideration for participation in the proposed LTD Settlement Agreement or the Retiree Settlement Agreement, the assigned FBA Pension Benefit Analyst at the PBGC, Suzie Charles, has only been able to indicate that the attorneys for the PBGC have not provided her with a firm clarification of how pension benefits will be impacted by such a decision to participate in either of the settlement options. She has indicated only that at this stage it appears to be the position of PBGC that if an employee currently on LTD elects to participate in the LTD Settlement Agreement, he or she will not be eligible to receive any early retirement benefit from the Nortel Networks Retirement Income Plan through the PBGC. The PBGC has not provided clarification of why the benefit may not be available after Mr. Schmidt's employment is terminated as a condition of the proposed LTD Settlement Agreement.

14.  Further, the PBGC Early Retirement Income benefit application package included no reference to a Disability Retirement Income option that is stated in the Nortel Networks Retirement Income Plan, as amended and restated effective January 1, 2007, Section 4.4 on pages 18 and 19 of that document (Exhibit D).

15.  We also draw reference to the Guarantees for Disabled Participants section of the PBGC website that indicates that a Disability Pension benefit is a benefit guaranteed by the PBGC (Exhibit E). The lack of explanation of this benefit and how it may be applied in the event that Mr. Schmidt elects to participate in the proposed LTD Settlement Agreement, or not, or the

Retiree Settlement Agreement leaves us at a complete loss to give this benefit any real consideration.

16.     Mr. Schmidt meets the qualifying criteria for the Disability Retirement Benefit as set out in the Nortel Retirement Income Plan document noted in item 14 above. If a Disability Pension option is available under the terms of the plan and as noted in the PBGC web site publications reference earlier in this document, Mr. Schmidt could gain access to a disability retirement income that would not be reduced due to age if he is employment is terminated. This could provide for a significantly better financial result for Mr. Schmidt vs. acceptance of the proposed LTD Settlement Agreement.

17.     It is critical to have full and clear disclosure by the PBGC of the full scope of Retirement Income Benefits available and the impact that participation in either the proposed LTD Settlement Agreement or the Retiree Settlement Agreement will have on the benefits available. We had not anticipated that participation in the LTD Settlement Agreement would constitute a denial of early retirement income benefits. We had anticipated that the LTD income continuance and related benefits would be settled at a reduced value and that commencement of early retirement income benefits would also be at a reduced or discounted level would be an option and could combine to provide an income for Mr. Schmidt. Our inability to achieve clarification or engage in a meaningful and helpful discussion around this matter with the PBGC does not allow us to complete a full analysis of the proposed LTD Settlement Agreement and/or the value of considering participation in the Retiree Settlement Agreement. Further it does not provide the required information for family members assisting Mr. Schmidt to plan appropriately for his care.

18. On September 11, 2012 the US LTD Employees filed a Motion with the court Compelling Debtors to Disclose Critical Risk/Benefit Information Towards Discernment of Viability of a Transition From LTD Plans to Retiree Plans (D.I. 8418). The Transcript of Proceedings Before the Honorable Judge Kevin Gross of the United States Bankruptcy Court – District of Delaware on October 3, 2012 reflect on pages 38 – 40 (Exhibit F) the courts desire that all LTD employees receive full information to assist them in assessment of matters involving the proposed termination of their LTD benefits and employment. The transcript reflects that due to uncertainty of much of the information around a potential settlement agreement it was premature to consider a ruling on this motion. The transcript reflects that the court would "defer the ruling to a date when things are firmer". The transcript also reflects the courts acknowledgement that "in order for persons, claimants, to be asked to make a decision here, to make an election of this importance, it's critical that they make a decision with adequate information and do it with knowledge". The Debtor and council have provided a significant amount of information regarding the benefits available to Mr. Schmidt through the proposed LTD Settlement Agreement and/or the Retiree Settlement Agreement to the LTD Employees. However, the required clarification of the availability retirement income benefits from the PBGC has not materialized. We refer again to the transcript of the hearing of the Bankruptcy Court on October 3, 2012 wherein the court indicated on Page 40 of the transcript that the availability of information for the claimants is a "very sensitive and important matter to the Court". As the information required from PBGC is integral to the matters of selection of the appropriate settlement agreement that Mr. Schmidt may choose to participate under, or not, we are requesting the court again consider the Motion filed by the US Nortel LTD Employees [D.I.

8418] and to take action to ensure the required information and assistance in understanding the various options is made available to retirement eligible LTD employees by the PBGC.

## **NOTICE**

1. Notice of this Response has been provided to the US Bankruptcy Court, Delaware and the Debtors Counsel, Cleary, Gottlieb, Steen & Hamilton LLP via first class mail. Other parties will receive notice through the Court's electronic filing system. I respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, Tim Steele, Power of Attorney for Wayne J. Schmidt, signed herein respectfully requests this Court direct the Pension Benefit Guarantee Corporation to provide full disclosure in a timely manner of the retirement income benefits available under the Nortel Networks Retirement Income Plan and a full description of how consideration for participation in the proposed LTD Settlement Agreement or the Retiree Settlement Agreement will impact benefits available from the Retirement Income Plan guaranteed by the Pension Benefit Guarantee Corporation.

Dated: _____

_____
Prepared by:
Tim Steele
Power of Attorney for;
Wayne J. Schmidt
Phone: 480-983-0665 (November 1-April 30)
          306-982-4928 (May 1 – October 31)

*Appearing Pro Se*