# EXHIBIT F

EXHIBIT F

ACCURATE TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE JUDGE KEVIN GROSS, UNITED STATES BANKRUPTCY JUDGE PAGES 38-40 OCT 03, 2012



MR. ZAHRALDDIN: But again that's --

THE COURT: Yes.

MR. ZAHRALDDIN: -- not -- I think that's an issue for later. Also, just one point, because we do have a confidentiality issue and we have a Confidentiality Agreement, several of them, we've signed with all the parties. I believe Mr. Rexroad is referring -- when they have -- when they discussed a settlement, they are discussing the 1114 proposal that was part of the Termination Motion, not any other settlement because we have been tight-lipped and I want to make sure that everyone, our Committee and our Counsel, have been very tight-lipped about everything going on in the mediation, particularly since last time as we enhanced our confidentiality.

THE COURT: Okay. All right.

MR. ZAHRALDDIN: Thank you.

THE COURT: Here's what I'll say. First of all, I do think that the Motion, and thereby any ruling on the Motion, would be premature. There just simply is not sufficient certainty of the circumstances yet where anyone can provide the kind of information that the -- that Mr. Rexroad and others similarly situated are -- have concerns about. So this ruling and the Motion certainly will be deferred to a date when things are firmer, to put it colloquially.

And I will say that the Court is concerned if there is a settlement, and obviously we all hope that there is because, presumably, that would inure to everyone's benefit. If there is a settlement, I will want there to be sufficient time for parties to protect their interests and some mechanism for people to make an informed decision. I will certainly defer first to the parties to arrive at a solution, but in order for parties to be -- in order for persons, claimants, to be asked to make a decision here, to make an election of this importance, it's critical that they make a decision with adequate information and do it with knowledge, and hopefully, that will be something that, if a settlement is reached, will be presented to me as part of that settlement and -- but yes, I agree. Mr. Rexroad, do you understand what I'm saying, sir, that it's basically premature at the moment because of the uncertainty, and thereby, no one is really in a position to be more helpful to you and others similarly situated and, at such time as there is greater certainty, we will again take up your Motion and we will also, in the event of a settlement or -- we will find a way that your decision can be made safely and with full information and knowledge?





MR. REXROAD: Yes, Your Honor, I understand. I've learned a lot here. I appreciate you giving me the time and I appreciate the view that you're taking on this.

THE COURT: All right. All right. It is a very important and sensitive matter to the Court, I can assure you, and we will -- hopefully, everyone will be working together to arrive at a fair and reasonable solution here. I know I will be here to sort of make certain that that happens.

MR. REXROAD: Thank you.

THE COURT: Thank you, sir.

MR. BARRY: This is Charles Barry speaking. May I speak?

THE COURT: Yes, Mr. Barry.

MR. BARRY: I just wanted to make a quick point. I don't know who's on the line, but on our conference calls, I have heard there's at least one person or more who's becoming of age 65 and with PBGC's 90-day notice, and us not knowing what's going on until these determinations are made, there may be several people who reach age 65 yet cannot retire and they're going to be kind of stuck in the middle. It sounds like we're doing what we need to to get both Committees to help the LTD'ers make a decision, but I just wanted to make a point that there are people who time is of the essence. It's very important that they do get the time to make the decision. But there's people who are ready to retire actually in October that I've heard of.

And the second is just that, as far as going out