Respectfully submitted By   Cynthia Ann Paroski   For Stephen Ray Paroski

333 El Rio Drive

Mesquite, Texas 75150   Phone: 214 264 9912

Phone: 214 264 9953   Email sparkyrayray@tx.rr.com

FILED
2013 APR 15 AM 11: 08
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Case No 09-10138-KG          Dkt no: 9916

Original Filed: 03/26/13

Objection Deadline to my Motion will be same:       4/15/2013 @ 4:00 p.m

Notice of Change in Hearing Date on Motion The Court   That Successor Ericsson. Inc. And Telefonaktiebolaget Lm pay Relief to Stephen Paroski

Respectfully submitted By   Cynthia Ann Paroski  For Stephen Ray Paroski

333 El Rio Drive

Mesquite, Texas 75150   Phone: 214 264 9912

Phone: 214 264 9953   Email sparkyrayray@tx.rr.com

Stephen Ray Paroski
*[signature]*

*[signature]*

1

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| In re: Chapter 11 | : Case No 09-10138-KG  Dkt no: 9916 |
| | : |
| | : Notice of Change in hearing Date |
| | : Motion The Court   That Successor Ericsson. Inc. And |
| Nortel Networks Inc., Et Al., | : Telefonaktiebolaget Lm pay Relief to Stephen Paroski |
| Debtors | : |
| | : ORINGINAL Hearing DATE LISTED |
| | :     Hearing Date: 4/18/2013 at 10:00 a.m. |
| | : |
| | : NEW HEARING DATE |
| | : HEARING DATE: 4/30/13 and 5/1/13 @ 10 AM |
| | :                                   (Long Term Disability Hearing) |

**I STEPHEN PAROSKI MOTIONS THE COURT FOR THE ORDER of SUCCESSOR ERICSSON. INC. AND TELEFONAKTIEBOLAGET LM ERICSSON(PUBL) PURCHASERS OF GSM DIVISION OF NORTEL NETWORK PAY RELIEF TO STEPHEN RAY PAROSKI IN THE AMOUMT OF THREE HUNDERD TWENTY ONE THOUSANDS AND NINE HUNDER AND SIXTY FOUR DOLLAR PLUS ONE HUNDER THOUSAND DOLLAS IN PUNDIT DAMAGES $321,964.97 + $100,000.00 = $421,964.00**

For the Justification of  permitting this for the order of relief be paid  to Stephen Paroski {who is inactive employee of Nortel network Gsm division long-term disability)   I cite the recent case Einhorn v. M.L. Ruberton Construction Co., No. 09-4204,. 1982) On appeal, the appropriate standard to apply under ERISA in the context of an asset sale, the Court of Appeals explained,

- Is that a purchaser of assets may be held liable "where the buyer had notice of the liability prior to the sale.

- And there exists sufficient evidence of continuity between the buyer and the seller."

- In reaching this decision, the Court began its analysis by noting that, since decisions that pre-date ERISA, the federal courts have "developed a federal common law successor ship

- doctrine imposing liability upon successors beyond the confines of the common law rule

- When necessary to protect important employment-related policies.

2

- No one can argue that SUCCESSOR ERICSSON. INC. and TELEFONAKTIEBOLAGET LM ERICSSON (PUBL) did not know about Long Term Disability Liability. Asset Sale agreement spent 3 pages attempting to excuse themselves from this liability Cite(Upholsterers' International Union Pension Fund v. Artistic Furniture of Pontiac,

SLOVITER, Third Circuit Judge STATED Quote " This appeal asks us to consider the circumstances in which a purchaser of assets bears liability for delinquent employee benefit fund contributions under the Employee Retirement Income Security Act ("ERISA") as a successor in interest to the seller of those assets".

- THE Third Circuit appeal Citing International Union Pension Fund v. Artistic Furniture of Pontiac, 920 F.2d 1323 (7th Cir. 1990).

- There the Seventh Circuit concluded liability could be imposed after an asset sale where there was sufficient continuity of operations, and the successor employer had notice of the liability. ( Please Refer to Exhibit A) . ( Please Refer to Exhibit B)

- The Third Circuit further noted that the First, Second, and Ninth Circuits had reached a similar conclusion, along with a number of district courts.

- ERICSSON. INC. and TELEFONAKTIEBOLAGET LM ERICSSON (PUBL) are IN Dallas working out of the same building on the same equipment same customer completing and performing the same task Nortel was doing till day of sale. And after the sale. ( Please Refer to Exhibit A) . ( Please Refer to Exhibit B)

- The Court further explained that this approach differed slightly but was not inconsistent with its earlier decision in(citing) Teamsters Pension Trust Fund of Philadelphia & Vicinity v. Littlejohn, 155 F.3d 206 (3d Cir. 1998), in which the Court applied the common law rule permitting imposition of successor liability in the case of a corporate merger, even where the successor did not have notice of the liability.

- In the situation of an asset sale, the Court concluded, The equities would be best balanced by imposing successor liability, but only where the successor had notice of the liability.

- Nortel Knew of the Liability of the inactive Employee Stephen Paroski on Long Term Disability ( Asset sale agreement )

- Upon establishing the appropriate standard, the Court of Appeals set forth the following factors to consider, among In reaching this decision, the Court began its analysis by noting that, since decisions that pre-date ERISA, the federal courts have "developed a federal common law successor ship doctrine imposing liability upon successors beyond the confines of the common law rule when necessary to protect important employment-related policies

- Upon establishing the appropriate standard, the Court of Appeals set forth the following factors to consider, among others, when conducting the continuity analysis:

- "continuity of the workforce, management, equipment and location; ( Please Refer to Exhibit B)

- Completion of work orders begun by the predecessor; and constancy of customers." Id. at *27 (citing Fall River Dyeing & Finishing Corp. v. NLRB, 482 U.S. 27, 43 (1987)).

- Additionally, the Court noted that "commonality of ownership is not required." Id. at *28. Recognizing that the determination regarding whether a successor substantially continued a predecessor's operations is a factual matter (and noting that the parties had agreed that Ruberton had notice of the liability),

The Court of Appeals remanded the case to the District Court to make this determination. Third Circuit said that courts look to, among other things,

(1)    continuity of the workforce,

(2)    Management, equipment and location,

(3)    completion of work orders begun by the predecessor,

(4)    And constancy of Customers.

Outside of the ERISA and labor context, the general common-law rule provides that an entity

that purchases the assets of another does not assume the seller's liabilities unless

(1) the purchaser expressly or impliedly assumed the liability,

(2) the transaction amounts to an effective merger,

(3) the purchasing corporation is the mere continuation of the seller and

(4) the transfer of assets was for the fraudulent purpose of escaping liability for the seller's .

(1)    Beginning with the U.S. Supreme Court decision in Golden State Bottling

4

Co. Inc. v. NLRB,5 federal courts have developed a federal-successor ship doctrine that altered the common-law rule to impose liability on successors when necessary to protect and vindicate Employment-related policies. The U.S. Court of Appeals for the Seventh Circuit later expanded on the Supreme Court's vision of protecting federal labor interests in the seminal Artistic Furniture case where the court held that a purchaser of assets may be liable for the seller's delinquent contributions to a pension fund if the buyer had notice of the liability prior the sale and there was sufficient evidence of "continuity of operations" between the entities

Conclusion:

The U.S. Supreme Court decision in Golden State Bottling

Co. Inc. v. NLRB,5 federal courts have developed a federal-successor ship doctrine that altered the common-law rule to impose liability on successors when necessary to protect and vindicate employment-related policies. Nortel Network Long Term Disability is an employment-related policies The U.S. Court of Appeals for the Seventh Circuit later expanded on the Supreme Court's vision of protecting federal labor interests in the seminal Artistic Furniture case where the court held that a purchaser of assets may be liable for the seller's delinquent contributions to a pension fund if the buyer had notice of the liability prior the sale and there was sufficient evidence of "continuity of operations" between the entities/

Nortel Network Long Term Disability is an employment-related policies is an employment-related policies that directly connected to a federal-successor ship doctrine that altered the common-law rule to impose liability on successors when necessary to protect and vindicate employment-related policies.

Prayer: Relief needed for loss of Income and loss of My Family and I Health insurance, Dental Insurance, retirement contribution, 401k contribution, Life Insurance, Emotional Stress on my wife. I don't know how I going to have money to bury or cremate myself or worse one of my family. I will never to be affording health or Life Insurance for my disable son or I.

Original Filed: 03/26/13

Objection Deadline to my Motion will be same: 4/15/2013 @ 4:00 p.m

Prayer to the court: Stephen Paroski prayer to the court for the order of

Successor Ericsson. Inc. And Telefonaktiebolaget Lm Ericsson(Publ) Purchasers Gsm Division Of Nortel Network Pay Relief To Stephen Ray Paroski I {Who Is Inactive Employee Of Nortel Network Gsm Division Long-Term Disability) In The Amount Of Three Hundred Twenty One Thousands And Nine Hundred And Sixty Four Dollar

Plus One Hundred Thousand Dollars In Pundit Damages. $321,964.97 + $100,000.00 = $421,964.00

Respectfully submitted By Cynthia Ann Paroski For Stephen Ray Paroski

    333 El Rio Drive

    Mesquite, Texas 75150   Phone: 214 264 9912

    Phone: 214 264 9953   Email sparkyrayray@tx.rr.com

Stephen Ray Paroski