**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS, INC., *et al.*, ) | Case No. 09-10138 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____) | **Re Dkt No. 5307 and 5531** |

## ORDER APPROVING ALLOCATION PROTOCOL

Upon the motion dated April 25, 2011 (the "Joint Motion")[1], of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "U.S. Debtors"), and the Official Committee of Unsecured Creditors (the "Committee" and together with the U.S. Debtors, the "Movants"), for entry of an order, as more fully described in the Motion, approving an Allocation Protocol pursuant to the Interim Funding and Settlement Agreement, dated as of June 9, 2009 (the "IFSA"); and the Joint Administrators' Objection to the Joint Motion and Cross-Motion to Compel Arbitration, dated May 31, 2011 (the "Objection"); and the Court having jurisdiction to consider the Joint Motion and the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the terms of the IFSA and the U.S. IFSA Order; and the Court having determined that consideration of the Joint Motion and the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Joint Motion pursuant to 11

---

[1] Capitalized terms have the same meaning as in the Opinion.

U.S.C. §§ 105 and 363, and that the Objection does not;

IT IS HEREBY ORDERED THAT:

1.     The Joint Motion is GRANTED.

2.     The Objection is DENIED.

3.     The parties shall continue to negotiate the terms of the Allocation Protocol consistent with the Court's Opinion. The U.S. Debtors shall submit their proposal for the Allocation Protocol to all other parties on or before April 8, 2013, and thereafter the parties shall submit to the Court their versions of the Allocation Protocol on or before April 15, 2013.

4.     The trial to determine the allocation of the Sales Proceeds shall commence on January 6, 2014. The Court will begin the trial with the allocation issues and continue thereafter with remaining issues to be addressed in the Allocation Protocol, including EMEA claims and U.K. Pension matters.

The Court has scheduled the trial later than initially planned because (1) the Court has coordinated the date with the Canadian Court, (2) the later date will provide the parties and the Court with the time to prepare for a major aspect of these cases, (3) the additional few months will have minimal impact on these cases, (4) because the Court must clear its schedule for a large period of time, the trial date must be realistic and rescheduling will be difficult, and (5) the parties deserve certainty for their planning purposes.

5.  The Movants are authorized to take action necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Movants are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Movants may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.  Nothing in this Order or the Allocation Protocol shall supersede or constitute a waiver of any rights and obligations under the IFSA.

8.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 3, 2013

KEVIN GROSS, U.S.B.J.

3