April 15, 2013

Re: Case No. 09-10138 (KG)

RE; 9304, [*]

Rafael X. Zahralddin-Aravena, Esq.

Judge Kevin Gross


According to the Individual Allocation of Settlement Amount provided to April 11, 2013 I object to the amounts allocated to the HRA account. I will be 62 June 20, 2013 I am requesting that my settlement be paid in a lump sum. I will be responsible for taxes to the IRS.


Sincerely,

*[signature]*

Vernon Long
4929 Kelso Lane
Garland, TX, 7515
972-226-3769

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) Jointly Administrated |
| Debtors. | ) |
| | ) RE:     D.I. # 8067, 9304, 9427 |
| | ) |
| | ) Objection Due: April 19, 2013 |
| | ) at 4.00 pm (EST); |
| | ) |
| | ) Hearing Date: April 30, 2013 |
| | ) at 10.00 am (EST) |

**OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Vernon M. Long, a disabled LTD employee, of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection to Debtors' Motion to (A)

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Preliminary approve the settlement agreement regarding long-term Disability plans and claims; (B) conditional certification of class for settlement purposes only; (C) conditional Appointment of class representatives regarding the settlement proposed in regards to the Debtors Motion to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees. In support of this Objection, Vernon M. Long respectfully represents as follows:

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks Inc., filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 3, 2011, a significant number of LTD Participants filed a joinder to the Retiree Committee Appointment Motion (Docket No. *5595*). Contemporaneously, certain LTD Participants filed a motion seeking appointment of a committee as the official representative for LTD Participants (Docket No. *5595*) (the "LTD Committee Appointment Motion"). Additionally, multiple other LTD Participants filed correspondence with the Court supporting the relief sought in the Retiree and LTD Committee Appointment Motions. *(See, e.g.,* Docket Nos.5659-61, *5670-76,* 5678-81, 5694-5701, *5703-5708, 5712-5716* and *5760-5764).*

3. On August 2, 2011, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], as amended on August 4, 2011 [D.I. 6080];

4. The LTD committee by-laws were drafted and the LTD committee selected the legal representation of Elliot-Greenleaf as their Attorney on August 5, 2011.

5. *On July 30, 2012 Debtors filed Motion for entry of an order pursuant to 11 US. C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067).

### RELIEF REQUESTED

6. Based on most of the LTD employees health conditions I respectfully request that the court help LTD employees with following unresolved issues.

7. I respectfully request that the PBGC allow LTD participants to participate in their pension plan contingent to the Employee's termination as of May 31, 2013 and the expiration of the severance pay period.

8. I respectfully request that the Retiree Committee pay the LTD participants, who are eligible for retiree benefits, the sum of their forecasted benefit amount on LTD Employee's termination as of May 31, 2013.

9. I respectfully request that the Debtors' pay severance allowance for LTD participants contingent to the Employee's termination as of May 31, 2013.

10. I respectfully request that the Debtors' pay prematurely halted LTIP payments and then reconsidered in the settlement from June 1 through age 65 of LTD participant.

11. I respectfully request that the Debtors' major medical insurance companies provide each one of the LTD participant with the letter of policy termination 25 days prior to termination.

## BASIS FOR RELIEF

**Severance allowance**

1. Nortel is terminating LTD employees based on Reduction of work force.

2. Nortel has only one option is to pay LTD employee's Severance pay based on Nortel's severance plan documents (**Exhibit A**).

   My severance calculated is 25weeks totaling 33,100.96.

3. I humbly request that the Court help the LTD participants receive their severance benefits.

**PBGC benefits**

4. The LTD employees worked for their pension benefits therefore after the termination of LTD employee's employment and at the end of severance period there should not be any obstacles in the way of LTD employees to obtain their right to retiree pension benefits through PBGC as stated in Nortel Retirement Plan

5. From Retirement Benefit Plan

Disability benefit under retirement and calculation stated below.

***Disability Retirement.*** If you become totally and permanently disabled after completing at least one year of Vesting Service and remain disabled until you reach age 65, you will be entitled to payment of a benefit from the Plan when you reach age 65. You are "totally and permanently disabled" if you qualify for a Disability Insurance Benefit from Social Security. You may also qualify as being "totally and permanently disabled" if the Plan Administrator determines, in its discretion, that your medical evidence proves that you cannot perform any paid employment for which you are reasonably qualified. "Total and permanent disability" may also be approved by the Plan Administrator, in its discretion, if you qualify for other disability benefits provided by your Employer. The calculation of a benefit that is paid at age 65 is explained in Question 5. A benefit will not be paid for disabilities occurring from military service, war, self-inflicted injury, or criminal acts.

# 5. How much will my benefit payment be if I retire at age 65?

Your retirement benefit is determined by a formula which is described in the Plan. That formula takes into account your years of Benefit Service (up to 30 years), your Final Average Earnings, and your Covered Compensation. This formula describes the amount that would be paid to you at age 65 under the Life-Only Benefit form:

1.1% X Years of Benefit Service (up to 30) X Final Average Earnings (Up to Covered Compensation)

PLUS

1.5% X Years of Benefit Service (up to 30) X Final Average Earnings (Above Covered Compensation)

The Plan provides for a minimum benefit that is payable at your normal retirement date even if the amount that is determined under this formula is less. That monthly amount is $15 X Years of Benefit Service (up to 30), less any other pension benefit paid by an Employer for the same period of Benefit Service.

### Example: Normal retirement at age 65

Assume you retire in 1997 at age 65 with 30 years of Benefit Service and Final Average Earnings of $35,000. Further assume you were born in 1931, and Covered Compensation from the IRS table is $27,576.

| | |
|---|---|
| 1.1% X 30 years X $27,576 Covered Compensation | = $ 9,100.08 |
| PLUS | |
| 1.5% X 30 years X $7,424 Final Average Earnings above Covered Compensation | = $ 3,340.80 |
| Total Annual Benefit | $12,440.88 |
| Monthly Benefit | $ 1,036.74 |

6. This might be a trivial issue for the court but it is a very critical issue for the disabled Nortel LTD participants since we are not receiving 100% of our LTD claim benefits.

7. I humbly ask the Court to establish an order so we can obtain our benefits from PBGC..

**Retiree benefits**

8. In retiree settlement, the retiree committee submitted a claim on behalf of the LTD employees who were eligible for retirement benefits, however now that a settlement have been reached the retiree committee is keeping the LTD employee's retiree benefit funds for themselves if they participate in LTD settlement.

9. The retiree committee improperly received the LTD employee's retiree benefits funds without definitely knowing the status of the LTD employee.

10. A LTD employee is/was definitely eligible for their retiree benefits at the time of termination according to the retiree benefit plan, why is that the retiree committee changing the definition of retiree benefit plan at this late in the game just to profit from the settlement funds?

11. According to Togut, Segal & Segal LLP. and the Retiree committee the fund dedicated to LTD participants would be forfeited if the LTD participant do not choose retiree benefits over LTD benefits. In this case the LTD participant is still alive and benefits which belong to the LTD participant should not go back into the retiree settlement funds but be distributed to LTD participant.

12. I humbly request that the Court help LTD participants receive their portion of retiree benefits entitled to them.

**LTIP payments**

13. The LTIP (CARP) program was discontinued as of July 1, 2012 and a total of 11 payments to LTD participant were skipped and not included in the forecasted LTD settlement estimates.

14. I humbly ask that the Court to order the Debtors' to pay the LTIP payments which were not included in LTD settlement.

Medical policy termination letter

15. I humbly ask that the Court order the Debtors' to provide a letter of termination of medical policies from Cigna/BCBS/any other company for the purpose of LTD participant the ability to acquire supplement Medicare insurance and not be panelized.

**Conclusion**

16. I bring up these observations and discrepancies in hopes that justice and fairness will prevail in this case.

## NOTICE

17. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Vernon M. Long respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, Vernon M. Long respectfully requests the entry of an Order, in the form:-

> ORDER that the Debtors' pay severance allowance for LTD participants contingent to the Employee's termination as of May 31, 2013 @ 25 weeks totaling 33,100.96.
>
> ORDER that the PBGC allow LTD participants to participate in their pension plan contingent to the Employee's termination as of May 31, 2013 and the expiration of the severance pay period.
>
> ORDER that the Retiree Committee pay the LTD participants, who are eligible for retiree benefits, the sum of their forecasted benefit amount on LTD Employee's termination as of May 31, 2013.

ORDER that the Debtors' pay prematurely halted LTIP payments and then resumed in the settlement from June 1, 2013 through age 65 of LTD participant.

Order that the Debtors' to provide a letter of termination of medical policies from Cigna/BCBS/any other company for the purpose of LTD participant the ability to acquire supplement Medicare insurance and not be panelized.

Dated: April 11, 2013

*[signature]*

Vernon M. Long
4929 Kelso Lane
Garland, TX 75043

Telephone 972-226-3769
Facsimile: N/A
Email: vernlong1@tx.rr.com

*Appearing Pro Se*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |
|  | ) Re: Docket No. 8067, 9304, 9427 |

**ORDER GRANTING OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I) (A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Upon consideration of the Objection filed by Vernon M. Long, and any responses thereto; and it appearing that sufficient notice of the Objection has been given; and in good cause having been shown, it is hereby

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

ORDERED that the Debtors' pay severance allowance for LTD participants contingent to the Employee's termination as of May 31, 2013.

ORDERED that the PBGC allow LTD participants to participate in their pension plan contingent to the Employee's termination as of May 31, 2013 and the expiration of the severance pay period.

ORDERED that the Retiree Committee pay the LTD participants, who are eligible for retiree benefits, the sum of their forecasted benefit amount on LTD Employee's termination as of May 31, 2013.

ORDERED that the Debtors' pay eleven months of LTIP (CARP) payments to LTD participant skipped from July 1, 2012 through May 31, 2013 a total of 11 payments.

ORDERED that the Debtors' to provide a letter of termination of medical policies from Cigna/BCBS/any other company for the purpose of LTD participant the ability to acquire supplement Medicare insurance and not be panelized.

Dated: _____, 2013
Wilmington, Delaware

HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) Jointly Administrated |
| Debtors. | ) |
| | ) RE:     D.I. # 8067, 9304, 9427 |
| | ) |
| | ) **Objection Date: April 19,** |
| | ) **2013 at 4.00 pm (EST);** |
| | ) |
| | ) **Hearing Objections Due:** |
| | ) **April 30, 2013 at 10.00 am (EST)** |

**OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE
BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023
TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT
REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS,
(B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT
PURPOSES ONLY, (C) APPROVE THE NOTICE
PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND
(II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT,
(B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS
TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Vernon M. Long, a disabled LTD employee, of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), hereby submits this Objection to Debtors' Motion to (A)

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Preliminary approve the settlement agreement regarding long-term Disability plans and claims; (B) conditional certification of class for settlement purposes only; (C) conditional Appointment of class representatives regarding the settlement proposed in regards to the Debtors Motion to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees. In support of this Objection, Vernon M. Long respectfully represents as follows:

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks Inc., filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 3, 2011, a significant number of LTD Participants filed a joinder to the Retiree Committee Appointment Motion (Docket No. *5595).* Contemporaneously, certain LTD Participants filed a motion seeking appointment of a committee as the official representative for LTD Participants (Docket No. *5595)* (the "LTD Committee Appointment Motion"). Additionally, multiple other LTD Participants filed correspondence with the Court supporting the relief sought in the Retiree and LTD Committee Appointment Motions. *(See, e.g.,* Docket Nos.5659-61, *5670-76,* 5678-81, 5694-5701, *5703-5708, 5712-5716* and *5760-5764).*

3. On August 2, 2011, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], as amended on August 4, 2011 [D.I. 6080];

4. The LTD committee by-laws were drafted and the LTD committee selected the legal representation of Elliot-Greenleaf as their Attorney on August 5, 2011.

5. *On July 30, 2012 Debtors filed Motion for entry of an order pursuant to 11 US. C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067).

### RELIEF REQUESTED

6. I respectfully request that the settlement disbursement of funds be audited by an independent auditor not currently employed by the Debtors.

### BASIS FOR RELIEF

7. All or most of the LTD committee members are dealing with their disabilities and coping with harsh side effects of drugs they are prescribed. However, the Debtors' in their Motion [D.I.9304] have put the LTD committee members to deal with issues which require full attention of an able and qualified worker. Therefore they should not be given the responsibility of the disbursement of the settlement funds but an independent audit should be provided for verification of the disbursement of funds by an independent auditor/actuary who is not currently an employee of the Debtors'.

8. I bring up these observations and discrepancies in hopes that justice and fairness will prevail in this case.

## NOTICE

9. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Vernon M. Long respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

10. **WHEREFORE**, Vernon M. Long respectfully requests the entry of an Order, providing that the Debtors to provide an independent audit.

Dated: April 2, 2013

*[signature]*

Vernon M. Long
4929 Kelso Lane
Garland, TX 75043

Telephone 972-226-3769
Facsimile: N/A
Email: vernlong1@tx.rr.com

*Appearing Pro Se*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administrated |
| | ) |
| | ) **Re: Docket No. 8067, 9304, 9427** |

**ORDER GRANTING OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I) (A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Upon consideration of the Objection filed by Vernon M. Long, and any responses thereto; and it appearing that sufficient notice of the Objection has been given; and in good cause having been shown, it is hereby

ORDERED that the Debtor's provide an independent audit prior to disbursement of funds.

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Dated: _____, 2013
       Wilmington, Delaware

                                          _____
                                          HONORABLE KEVIN GROSS
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE