IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |
| | ) RE:      D.I. # 8067, 9304, 9427 |
| | ) Objection Date: April 19, 2013 at 4.00 pm (EST); |
| | ) Hearing Objections Due: April 30, 2013 at 10.00 am (EST) |

**OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I)(A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Daniel D David, a disabled LTD employee, of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection to Debtors' Motion to (A)

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Preliminary approve the settlement agreement regarding long-term Disability plans and claims; (B) conditional certification of class for settlement purposes only; (C) conditional Appointment of class representatives regarding the settlement proposed in regards to the Debtors Motion to terminate the Debtors' Long-Term Disability Plans and the employment of the LTD employees. In support of this Objection, Daniel D David respectfully represents as follows:

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks Inc., filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 3, 2011, a significant number of LTD Participants filed a joinder to the Retiree Committee Appointment Motion (Docket No. *5595*). Contemporaneously, certain LTD Participants filed a motion seeking appointment of a committee as the official representative for LTD Participants (Docket No. *5595*) (the "LTD Committee Appointment Motion"). Additionally, multiple other LTD Participants filed correspondence with the Court supporting the relief sought in the Retiree and LTD Committee Appointment Motions. *(See, e.g.,* Docket Nos.5659-61, *5670-76,* 5678-81, 5694-5701, *5703-5708, 5712-5716* and *5760-5764).*

3. On August 2, 2011, the United States Trustee appointed the members of the LTD Committee [D.I. 6073], as amended on August 4, 2011 [D.I. 6080];

4. The LTD committee by-laws were drafted and the LTD committee selected the legal representation of Elliot-Greenleaf as their Attorney on August 5, 2011.

5. *On July 30, 2012 Debtors filed Motion for entry of an order pursuant to 11 US. C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees* (Docket No. 8067).

## RELIEF REQUESTED

6. I respectfully request that the settlement disbursement of funds be audited by an independent auditor not currently employed by the Debtors.

## BASIS FOR RELIEF

7. On April 12th 2013 I received my updated settlement allocation package and found that there are still 195 LTD participants in the Table of individual claim and settlement amounts since one of the LTD participants passed away March 24, 2013. This proves that the settlement allocation data has not been kept up to date which could result in an unacceptable discrepancy at a later date.

8. Item 7 is not the only discrepancy I found but when I was a member of the committee there were several occasions where Mr. Morrison and I discovered several discrepancies, However, the A&M and Tower Watson group refused to let Mr. Morrison and I do an internal audit. Thereafter A&M influenced some of the LTD committee members to block the internal audit. This Complaint was also reported to Mr. Pat Tinker (USTP) on February 1st 2013.

9. I am quite positive that A&M / Tower Watson are keeping up their billable hours very accurately but not The LTD constituency data. The Financial advisors so to

speak are billing $200-$600 approximately an hour for their services but not doing the job they were hired for.

10. I can see the incompetency within the LTD committee because of their illness, but there is no excuse for A&M/Tower Watson group to be so incompetent that so called professional financial advisors can't keep up with accuracy of 194 LTD participant's data up to date.

11. Therefore accuracy is much more critical in this process and it wouldn't take too much effort for a professional to audit the process.

12. As a former committee member I felt that it is my duty to report any deficiencies that are not being addressed by the LTD committee.

13. I bring up these observations and discrepancies in hopes that justice and fairness will prevail in this case.

## NOTICE

14. Notice of this Objection has been provided to (a) counsel to the Debtors; (b) the United States Trustee for the District of Delaware; (c) counsel to the LTD 1102 Committee; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware through the Court's electronic filing system. Daniel D David respectfully submits that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

15. **WHEREFORE**, Daniel D David respectfully requests the entry of an Order that the Debtors to provide an independent audit for LTD data calculation and distribution data.

Dated: April 15, 2013

_____
Daniel D David
2105 possum trot rd.
Wake Forest, NC 27587

Telephone(919) 554-9291
Facsimile: N/A
Email: ddavid4@nc.rr.com

*Appearing Pro Se*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administrated |
| | ) |
| | ) **Re: Docket No. 8067, 9304, 9427** |

**ORDER GRANTING OBJECTION TO DEBTORS' MOTION OF PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 9019 AND 7023 TO (I) (A) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT REGARDING LONG-TERM DISABILITY PLANS AND CLAIMS, (B) CONDITIONALLY CERTIFY A CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPROVE THE NOTICE PROCEDURES, AND (D) SCHEDULE A FAIRNESS HEARING; AND (II)(A) FINALLY APPROVE THE SETTLEMENT AGREEMENT, (B) FINALLY CERTIFY A CLASS, (C) AUTHORIZE THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANT RELATED RELIEF**

Upon consideration of the Objection filed by Daniel D David, and any responses thereto; and it appearing that sufficient notice of the Objection has been given; and in good cause having been shown, it is hereby

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

ORDERED that the Debtor's provide an independent audit prior to disbursement of funds.

Dated: _____, 2013
      Wilmington, Delaware

                                                HONORABLE KEVIN GROSS
                                                CHIEF UNITED STATES BANKRUPTCY JUDGE