

**Subject:** Fwd: OBJECTION TO MOTION FOR APPROVAL OF DISTRIBUTION AND RELATED RELIEF

**Attachments:** OBJECTION TO OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR APPROVAL OF DISTRIBUTION AND RELATED RELIEF.wps; ATT00001.htm

**From:** "Gary W Garrett M.D. Ph.D."
**Date:** April 19, 2013, 9:34:43 AM EDT
**To:** "Rafael X. Zahralddin-Aravena" <RXZA@elliottgreenleaf.com>
**Subject: OBJECTION TO MOTION FOR APPROVAL OF DISTRIBUTION AND RELATED RELIEF**

RAFAEL,

AS PER YOUR INSTRUCTION, I AM HEREBY EMAILING AN OBJECTION LETTER CONCERNING THE MOTION FILED BY THE OFFICAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR APPROVAL OF DISTRIBUTION AND RELATD RELIEF.
PLEASE DO WHAT EVER YOU CAN AND WHATEVER IS NECESSARY TO FILE MY OBJECTION WITH THE COURT CLERK, PRIOR TO THE 4:00PM DEADLINE TODAY.

THANK YOU SO VERY MUCH FOR ALL THAT YOU DO.

RESPECTFULLY,

GARY W. GARRETT

ELLIOTT GREENLEAF
ATTENTION: RAFAEL ZAHRALDDIN, ESQ.
1105 NORTH MARKET STREET
SUITE 1700
WILMINGTON, DE 19801

Date:   Friday April 19, 2013

### OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR APPROVAL OF DISTRIBUTION AND RELATED RELIEF

I, Gary W. Garrett, a Nortel Networks Employee and Long Term Disability Participant, hereby Objects to the filed motion (the **"Motion"**) for an Order pursuant to Section 105(a), 1103(c) (5) and 1109 (b) of the title 11 of the United States Code, 11 U.S.C. 101, **et seq.**, (the **"Bankruptcy Code"**) for (i) approval of the structure and method of the proposed distribution of certain settlement funds, (ii) approval of disclosure and notice regarding the proposed distribution including, but not limited to related tax implications and the potential effect upon medical and government benefits and (iii) approval of thx withholding and tax noticing procedures for the Long Term Disability Employees )collectively the **"Long Term Disability Employees"**) of the above captioned debtors (collectively, the **"Debtors"**). In objection to this Motion, Gary W. Garrett, respectfully represents the following:

### I.     PRELIMINARY STATEMENTS

**1.**     Gary W. Garrett, hereby Objects to the distribution y procedures proposed by the Official Committee of Long Term Disability Participants, due to the detrimental effects imposed upon the Net Value of the proportional Settlement offered by "Debtors".

**2**.     Gary W. Garrett, further Objects to the manner of distribution developed by the Official Committee of Long Term Disability Participants and their supporting professional and advisors. The methodology of the distribution, was well intended, and designed to minimize federal income tax burdens and government subsidized benefits, while reducing the likelihood of increase Social Security Medicare/ Medicaid premiums. The designed distribution, which was to deposit up to $60,000 into a VEBA/HRA tax free account, did not account for those individuals who might have alternate health care benefits, and have no need for an HRA. Such is the case in my family, as I am now the recipient of supplemental health care insurance through my wife's Comprehensive policy provided to us through Aetna Full Family Care Plan. Through this policy, I pay ▇ or visits to our family Primary Care Physician, ▇ for any Specialist visits, and am covered for full dental, vision, hearing, and Accidental Death and Dismemberment. Our prescription insurance requires a varying co-pay of ▇ for up to 90 supplies. Under such a distribution procedure, it would be virtually impossible for my wife and I to spend more than a fraction of the ▇ which is to be deposited into my HRA. In 2012, our total Out of Pocket Health Care expenditures totaled ▇ Although I do not know if all

of these Out of Pocket Health Care expenditures would be covered by an HRA, with similar annual Out of Pocket expenditures of this amount, it would take approximately 85 years to spend the ▇▇▇▇ deposited into my HRA. The amount scheduled to be deposited into my HRA is clearly excessive, given the circumstances and conditions, and would thus be wasted money and dramatically depreciate to total sum of my fractional Settlement Amount. I, therefore plead to the Court and request that No Money be taken from my Settlement Amount and deposited into an HRA, designated for myself and my wife. Thus, I request that the Court Order that the ▇▇▇▇ scheduled for deposit into an HRA, be retained in the taxable portion of my Settlement Amount of ▇▇▇▇.

3.   Furthermore, Gary W. Garrett Objects to the distribution scheduling procedure. As stated above, the distributions were designed with the primary intent of minimizing the taxes imposed upon the Settlement Amount. The proposed VEBA/HRA tax free deposits and remaining balance annuity installments, might benefit some people, but not all. My case is a primary example, as I fall into the group below the age of 57 and would receive my Settlement Amount in 4 installments beginning on or about June 1, 2013, and would continue the installment process on an annualized basis, with equal portions being distributed on about January 1st of each year beginning January 1, 2014 and continuing through January1, 2016. Given my families combined Gross Family Income, the 4 installment procedure would not reduce my family tax rate. The only distribution procedure that would raise our tax rate, would be a Lump Sum distribution. Therefore, I hereby request that the full amount of my ▇▇▇▇ Settlement Amount be distributed to me in two installments, less applicable tax deductions, beginning on or about June 1, 2013 and commencing on or about January 1, 2014.

## II.   **CONCLUSIONS**

Wherefore, Gary W. Garrett, respectfully requests that the Court enter an Order, modifying the structures, methods and procedures of distribution of the Settlement Amount, in such a manner as the Court see to be just and fair. It is further requested of the Court, that the Order retain all monies within the Gross Settlement Amount and it be distributed in two installments beginning on or about June 1, 2013 and commencing on or about January 1, 2014.

Be it known, that the Official Committee of Long Term Disability Participants, it's Counsel Elliott Greenleaf, and any other supporting professionals are authorized to us my name and signature with this and any other motion or communication with the Court.

Respectfully,


Gary W. Garrett
Nortel Networks - Long Term Disability Participant