# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*, | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | **RE: Docket Nos. 10145, 10210** |

## JOINT ADMINISTRATORS' RESPONSE AND LIMITED OBJECTION TO U.S. DEBTORS' PROPOSED LITIGATION TIMETABLE AND DISCOVERY PLAN

In accordance with the Court's April 16, 2013 Order Setting Hearing Relating to January 6, 2014 Trial [D.I. 10145], the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators")[1] for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, and including NNUK, the "EMEA Debtors"),[2] hereby respond and object on a limited basis (the "Response and Limited Objection") to the Proposed Litigation Timetable and Discovery Plan filed by Nortel Networks Inc. and its

---

1. The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited, are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the English proceedings for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

2. The EMEA Debtors are located in Europe, the Middle East and Africa and are in proceedings pending before the High Court of Justice of England and Wales. They are: Nortel Networks UK Limited; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania S.A.; Nortel Networks International Finance & Holding B.V; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks s.r.o.

affiliated chapter 11 debtors,[3] related to the litigation of Allocation, the EMEA Claims and the UK Pension Claims.[4]  (Debtors' Notice of Filing of Proposed Litigation Timetable and Discovery Plan [D.I. 10210] (the "Proposed Timetable and Discovery Plan").)  In support of this Response and Limited Objection, the Joint Administrators respectfully state as follows:

1.     On April 17, 2013, the Joint Administrators filed a timely Notice of Appeal in relation to the Order Approving Allocation Protocol that was entered on April 3, 2013 [D.I. 9947] (the "Allocation Protocol Order") and the accompanying Opinion [D.I. 9946] (the "Allocation Opinion"), which denied the Joint Administrators' motion to compel arbitration of the dispute over allocation of the proceeds of the sale of the various Nortel businesses.

2.     The filing of an appeal from an order denying a motion to compel arbitration automatically divests the lower court of jurisdiction until the appeal has been fully litigated.  *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *Guidotti v. Legal Helpers Debt Resolution*, No. 11-1219, 2012 WL 3262461, at *2-3 (D.N.J. Aug. 7, 2012); *V.I. Water & Power Auth. v. Gen. Elec. Int'l*, No. 2006-131, 2009 WL 2413670, at *1 (D.V.I. Aug. 4, 2009).  Accordingly, the Court is not in a position to proceed with litigation of the dispute over allocation of sales proceeds while the appeal is pending.  The Joint Administrators therefore object to the entry of the Proposed Timetable and Discovery Plan

---

3.    The debtors in these chapter 11 cases (the "U.S. Debtors"), along with the last four digits of each tax identification number, are:  Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

4.    Capitalized terms used and not defined herein shall have the meaning ascribed them in the Proposed Timetable and Discovery Plan.

insofar as they purport to set a schedule and otherwise provide for court proceedings in relation to the dispute over the allocation of the proceeds of the Nortel asset sales.

3.      Notwithstanding this automatic stay of proceedings in the allocation dispute, the Joint Administrators believe that it would be efficient to proceed with exchanging pleadings and discovery in relation to the allocation dispute on the understanding that, once the appeal has been decided, these will be deployed in the ultimate hearings on allocation, whether these are to be held in arbitration or by the Courts, provided there is an express agreement by the parties, confirmed by the Courts, that this will be without prejudice to and without waiver of the Joint Administrators' contention that the Courts are not the proper forum for the dispute over allocation.  Counsel for the Joint Administrators have conferred with counsel for the U.S. Debtors, who agreed in principle that it would be appropriate to proceed in this fashion, subject to drafting an appropriate stipulation to be submitted for approval by the Court.  The Joint Administrators will work with the U.S. Debtors to prepare and submit such a stipulation as soon as practicable.  The attached comments on the Proposed Timetable and Discovery Plan, insofar as they relate to the schedule and procedures for litigating the allocation dispute, are without prejudice to the appeal.  The Joint Administrators' willingness to address allocation matters in the manner envisioned in the Proposed Timetable and Discovery Plan is contingent on entering an appropriate stipulation protecting their rights, as outlined above.

4.      With regard to the Joint Administrators' proposed amendments to the Proposed Timetable and Discovery Plan, most of these are self-explanatory.  However, the following points should be noted:

a.      The Joint Administrators believe that the overall schedule is very aggressive.  In particular, the period allowed for fact discovery is unrealistically short.  The Joint

Administrators therefore propose to extend that period, which results in shortening the time for expert disclosure and other pre-trial preparations.  The Joint Administrators believe that this creates a more realistic balance between the fact and expert portions of the discovery period.

        b.      The Joint Administrators object to those portions of the Proposed Timetable and Discovery Plan that seek to impose arbitrary limits on the use of various discovery devices in advance, in particular in relation to depositions.  The Joint Administrators believe that the best approach to these matters will be for the parties to confer in good faith at the appropriate times and submit any disputes promptly to the Courts for decision.

        WHEREFORE, the Joint Administrators respectfully request that this Court (i) adopt the modifications to the Proposed Timetable and Discovery Plan reflected in Exhibits A and B hereto and (ii) grant such other and further relief as this Court may deem just or proper.

01:13551188.1

Dated: Wilmington, Delaware
April 23, 2013

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jaime Luton Chapman
James L. Patton (No. 2202)
Edwin J. Harron (No. 3396)
John T. Dorsey (No. 2988)
Jaime Luton Chapman (No. 4936)

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600
Fax:  302-571-1253

– and –

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Neil J. Oxford
Fara Tabatabai
Charles H. Huberty

One Battery Park Plaza
New York, New York 10004
Telephone:  212-837-6000
Fax:  212-422-4726

– and –

HERBERT SMITH FREEHILLS LLP

Kevin Lloyd
John Whiteoak
Richard Lawton

Exchange House
Primrose Street
London EC2A 2HS

*Counsel for Joint Administrators*

01:13551188.1

**EXHIBIT A**

01:13551188.1

EMEA Debtors' Blackline of US Debtors' Proposed Litigation Timetable as of April 19, 2013

## LITIGATION TIMETABLE

Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol, it is hereby ordered:[1]

| Due Date 2013 | Step in Timetable | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| Present through April 24 | The Discovery Participants to negotiate in good faith to try to come to agreement on a Discovery Plan.[2] | | |
| April 24 | Hearing before both Courts to approve an agreed upon Discovery Plan or, absent agreement, for directions or court orders concerning finalization of a Discovery Plan, which may include a schedule for periodic joint discovery conferences before the Courts. | | |
| April 30 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, and Bondholder Group shall each file and serve an opening submission on Allocation, which shall set out with reasonable particularity the relief sought with respect to Allocation, the material facts relied upon, and the legal bases for such position. Any other Core Party who wishes to participate in the Allocation litigation must submit an opening submission by this date. Each of the opening submissions may be | The US Claims Defendant Group shall file and serve their responses to the US Claims. | The EMEA Debtors and the UK Pensions Claimants shall to deliver Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order, respectively with reasonable particularity, the relief sought material facts relied upon and legal bases for the challenges to the disallowance of claims being advanced at the Joint Hearing ordered by the Ontario Superior |

---

1 Capitalized terms shall have the meaning ascribed to them in the Allocation Protocol and Annex A attached hereto.

2 In the event of any inconsistency between this Litigation Timetable and the Discovery Plan, the terms of the Discovery Plan shall govern.

Formatted: Default Paragraph Font

Formatted: Default Paragraph Font

Style Definition: Normal: Font: Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Style Definition ... [12]

Style Definition ... [11]

Style Definition ... [10]

Style Definition ... [9]

Style Definition: Page Number

Style Definition ... [8]

Style Definition ... [7]

Style Definition ... [6]

Style Definition ... [5]

Style Definition ... [4]

Style Definition ... [3]

Style Definition ... [2]

Style Definition ... [1]

Formatted ... [13]

Formatted: Border: Bottom: (No border)

Formatted: Underline

Formatted: Font color: Background 1

Formatted Table

Formatted: Not Superscript/ Subscript

Formatted: Default Paragraph Font

Formatted: Default Paragraph Font

Formatted: Default Paragraph Font

Formatted: Default Paragraph Font

Formatted: Default Paragraph Font

Formatted: Default Paragraph Font

| Due Date, 2013 | Step in Allocation | Step on US Claims | Step in Canadian Claims |
|---|---|---|---|
| | made individually, jointly, and/or by joining another Core Party's opening submission. | | Court of Justice. |
| May 7April 30 | | | The members of the Canadian Claims Defendant Group shall file and Debtors to serve their responses to, with particulars, to each of the Claims made by the applicable Canadian Claims EMEA Debtors. |
| May 10 | Deadline for service of limited reasonableinitial requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group. This deadline is without prejudice to the right of any Allocation Group to serve additional requests for documents if it determines, in good faith, that this is reasonably necessary. | Deadline for service of limited reasonableinitial requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group. This deadline is without prejudice to the right of any of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group to serve additional requests for documents if it determines, in good faith, that this is reasonably necessary. | Deadline for service of limited reasonableinitial requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group. This deadline is without prejudice to the right of any Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group to serve additional requests for documents if it determines, in good faith, that this is reasonably necessary. |

Formatted: Font color: Background 1
Formatted Table
Formatted: Default Paragraph Font
Formatted: Space After: 0 pt
Formatted: Space After: 0 pt
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font
Formatted: Highlight
Formatted: Highlight

2

| Due Date: 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 10 | Deadline for service of ~~identification interrogatories~~identification Interrogatories in accordance with the Discovery Plan by each of the Canadian Allocation Group, the US Allocation Group, the EMEA Allocation Group, and the Bondholder Allocation Group, without prejudice to an Allocation Group's right to later serve contention interrogatories, ~~as to be discussed and/or resolved~~ if permitted by agreement of the Core Parties or order of the Courts. | Deadline for service of ~~identification interrogatories~~identification Interrogatories in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, ~~as to be discussed and/or resolved~~ if permitted by agreement of the Core Parties or order of the Court. | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories if permitted by agreement of the Core Parties or order of the Court. |
| May 10 | The Discovery Participants shall aim in good faith to reach agreement on a Confidentiality Stipulation and Protective Order as soon as possible and file motions with the applicable Court or Courts seeking approval of a Confidentiality Order. To the extent the Discovery Participants are unable to agree on a Confidentiality Stipulation and Protective Order, May 10 is the deadline for the Discovery Participants to file their versions of the Confidentiality Stipulation and Protective Order with the Courts. | | |
| May ~~14~~15 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, Bondholder Group, and any other Core Party who filed an opening submission may each file and serve a response to any opposing Core Party's opening submission or designate its opening submission as a cross-response. Each of the responses may be made individually, jointly, and/or by | | |

Formatted: Font color: Background 1
Formatted Table
Formatted: Default Paragraph Font
Formatted: Normal, Space After: 0 pt, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font

**Formatted:** Font color: Background 1
**Formatted Table**

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
|  | joining another Core Party's response. The failure to file a responsive submission, or to respond specifically to each and every allocation argument advanced by another Core Party, shall not constitute acceptance of any other Core Party's position. |  |  |
| May 17 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. |  |  |
| May 20, or as soon thereafter as possible | In-person meet and confer between the Discovery Participants regarding the discovery requests and interrogatories served, procedures governing the production of documents, and any other issues that have arisen thereof. |  |  |

Formatted: Font color: Background 1

Formatted Table

Formatted: Font color: Custom Color(RGB(31,73,125))

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 31 | Deadline for responses and/or objections to document requests and responses or objections to interrogatories in accordance with the Discovery Plan. | | |
| May 31 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. | | |
| June 21July 31 | Production of documents to be substantially completed, and Privilege Logs to be served, in accordance with the Discovery Plan. | | |
| June 28August 7 | Deadline to file motions to compel and/or motions for a protective order with respect to document discovery. Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| June 28August 7 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed affidavits/witness statements are beingit anticipates will be relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously filed affidavits/witness statements are beingit anticipates will be relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's witness statements are beingit anticipates will be relied upon as evidence at trial in accordance with the Discovery Plan. |
| June 28August 7 | Deadline for each of the Canadian Allocation Group, the EMEA Allocation Group, and the US Allocation Group to serve on any | Deadline for each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group to serve | Deadline for each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group |

Formatted: Font color: Background 1

Formatted Table

Formatted: Default Paragraph Font

Formatted: Default Paragraph Font

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | opposing Core Party the topics on which that Core Party's representative is to be examined or deposed in accordance with the Discovery Plan. | on any opposing Claim Party and/or a member of the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) in accordance with the Discovery Plan. | to serve on any opposing Claim Party and/or a member of the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in accordance with the Discovery Plan. |
| June 28 August 7 | Deadline for parties each Allocation Group and each Claim Group to designate examine or deposed depose, subject to later additions for the reasons set forth in the Discovery Plan. Each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; The parties shall meet as soon as possible after this date to confer and attempt to reach agreement on the list of witnesses to be deposed and (3) the US Allocation Group and the US Claims Defendant Group together may designate up to ten (10) fact witnesses the time for examination or deposition in accordance with the Discovery Plan of each witness by each party. In the absence of agreement this shall be submitted to the relevant Court(s) for decision. | Deadline for each Claim Party to designate depose, subject to later additions for the reasons set forth in the Discovery Plan. Each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; The parties shall meet as soon as possible after this date to confer and attempt to reach agreement on the list of witnesses to be deposed and (3) the US Allocation Group and the US Claims Defendant Group together may designate up to ten (10) fact witnesses the time for examination or deposition in accordance with the Discovery Plan of each witness by each party. In the absence of agreement this shall be submitted to the relevant Court(s) for decision. | Deadline for each Canadian Claim Group to designate serve notices stating the witnesses it wishes to be examined examine or deposed depose, subject to later additions for the reasons set forth in the Discovery Plan. |
| July 3 August 12 | Deadline for each Core Party that is timely served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for oral examination or deposition. | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative to designate one or more representatives for deposition(s) pursuant to Rule 30(b)(6). | Deadline for each Canadian Claim Party that is timely served with to designate a request under Rule 34.04 of the Ontario Rules of Civil Procedure to identify its representative for an oral examination. |
| September 13 August 16 | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |
| | Deadline Parties will attempt in | Deadline Parties will attempt in | Deadline Parties will attempt in |
| August | Deadline Parties will attempt in | Deadline Parties will attempt in | Deadline Parties will attempt in |

**Formatted:** Font color: Background 1

**Formatted Table**

**Formatted Table**

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| ~~30~~September 27 | good faith to complete witness depositions in accordance with the Discovery Plan by this date, with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions; and to complete all depositions regarding matters that will be the subject of expert testimony prior to this date. | good faith to complete witness depositions in accordance with the Discovery Plan by this date, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions and to complete all depositions regarding matters that will be the subject of expert testimony prior to this date. | good faith to complete witness depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan by this date, with a preference to finish fact witness depositions prior to representative party examinations and to complete all depositions regarding matters that will be the subject of expert testimony prior to this date. |
| October 11~~September 13~~ | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| October 18~~November 8~~ | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| November 22~~December 6~~ | Deadline to complete depositions of experts in accordance with the Discovery Plan. | | |
| ~~December 6~~ | ~~Deadline to file a list of all witnesses and exhibits that each Discovery Participant intends to rely upon as part of its direct case.~~ | | |
| December 13~~23~~ | Deadline to file motions in limine. | | |
| December 13~~23~~ | Deadline for filing of opening written submissions with the Courts. Such submissions will include | | |

**Formatted:** Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Indent at: 0.25"

**Formatted:** Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Indent at: 0.25"

**Formatted:** Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Indent at: 0.25"

**Formatted:** Default Paragraph Font

**Formatted:** Default Paragraph Font

a) Pre-trial briefs;

b) ~~All~~Witness lists;

~~b)~~c) Any fact affidavits to be used as a witness's direct testimony, if such practice is adopted pursuant to agreement of the parties and/or order(s) of the Court(s);

~~c)~~ ~~All list of all exhibits to be used in a Discovery Participant~~ each party intends to rely on as part of direct case; and

~~d) All deposition testimony to be used in a Discovery Participant's direct case.~~

| Week of December 16, if the Courts desire | Pre-Trial Conference(s) – | Pre-Trial Conference(s) – | Pre-Trial Conference(s) – |
|---|---|---|---|
| | By this date, the Core Parties shall have met and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; ~~and~~<br><br>b) the contents of [document briefs??] for use at the Joint Hearing;<br><br>By this date, the ~~exhibits~~Core Parties also shall have identified the portions of transcripts of depositions and examinations, for ~~use at the Joint Hearing~~discovery relied upon by a party of adverse interest and served and filed all affidavits and reports to be relied upon as that party's direct evidence (including examination in chief) | By this date, the US Claim Parties and the Canadian Claims Defendant Group shall have met and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; ~~and~~<br><br>b) the exhibits for use at the Joint Hearing.<br><br>By this date, the US Claim Parties and the Canadian Claims Defendant Group also shall have identified the portions of transcripts of depositions relied upon by a party of adverse interest and served and filed all affidavits and reports to be relied upon as that party's direct evidence (including examination in chief) | By this date, the Canadian Claim Parties and the US Claims Defendant Group shall have met and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; ~~and~~<br><br>b) the contents of [document briefs??] for use at the Joint Hearing.<br><br>By this date, the Canadian Claim Parties and the US Claims Defendant Group also shall have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest and served and filed all affidavits and reports to be relied upon as |

**Formatted:** Default Paragraph Font

**Formatted:** All caps

| about Allocation. | about the US Claims. | that party's direct evidence (including examination in chief) about the Canadian Claims. |
|---|---|---|
| All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. |

| Begins January 6, 2014 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii). ~~The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims;~~ |

Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause.

## ANNEX A

### DEFINITIONS

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the Allocation Protocol.

Allocation Group:  Any of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

Bondholder Allocation Group:  The Bondholder Group.

Canadian Allocation Group:  The Canadian Debtors, the Monitor, and the CCC.

Canadian Claim Party:  Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.

10

Formatted: Underline
Formatted: Default Paragraph Font, Underline
Formatted: Default Paragraph Font
Formatted: Default Paragraph Font, Underline
Formatted: Default Paragraph Font
Formatted: Underline
Formatted: Default Paragraph Font, Underline
Formatted: Default Paragraph Font

Canadian Claims: Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.

Canadian Claims Defendant Group: The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, and the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.)

Canadian EMEA Claimants Group: The EMEA Debtors and/or the Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension Claimants who made claims against NNC and NNL. Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

Claim Group: Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.

Discovery Participant: Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Discovery Plan: The Discovery Plan that will be entered by the Courts.

EMEA Allocation Group: The UK Pension Claimants, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.), and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited. Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

Identification Interrogatories: Interrogatories seeking names and last known contact details of witnesses potential with knowledge of information relevant to the subject matter of the action and the existence, custodian, location and general description of relevant documents and other physical evidence, or information of a similar nature.

Representatives: Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

US Allocation Group: The US Debtors and the Committee.

11

US Claims: Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.

US Claims Defendant Group: The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.

US EMEA Claimants Group: The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks AS, Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France SA, Northern Telecom PCN limited, Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

US Claim Party: Any party in the US EMEA Claimants Group or the US Claims Defendant Group, or the UK Pension Claimants.

Formatted: Underline

Formatted: Font color: Black

Formatted: Default Paragraph Font, Underline

Formatted: Default Paragraph Font

Formatted: Underline

Formatted: Underline

Formatted: Body Text, Space After: 10 pt

12

**EXHIBIT B**

<u>EMEA Debtors' Blackline of US Debtors' Proposed Litigation Timetable as of April 19, 2013</u>

## DISCOVERY PLAN

| | |
|---|---|
| 1. **Definitions** | Capitalized terms used herein and not otherwise defined shall have the meaning ascribed in the Allocation Protocol or Litigation Timetable. |
| 2. **Applicable Procedural Regime:** | In accordance with the Cross Border Protocol, the Cross-Claims Protocol and the Allocation Protocol, the following procedural regimes apply: |

    (1) With respect to Allocation, the Cross-Border, Cross-Claims and Allocation Protocols apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.

    (2) With respect to US Claims, the Cross-Border and Cross-Claims Protocols apply to the extent not inconsistent with this Discovery Plan, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.

    (3) With respect to Canadian Claims, the Cross-Border Protocol, the Cross-Claims Protocols, the Claims Resolution Order, and the EMEA Claims Procedure Order apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario will apply as applicable.

| | | |
|---|---|---|
| 3. **Scope of Documentary Discovery Among Discovery Participants:** | a) | *Definition of Documents* |

References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.0I(a) of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure.

    *b) Reasonable Accessible Documents and Proportionality*

No Discovery Participant will be required to search data sources, including applications and databases, that it reasonably understands to already be in the possession, custody, or control of the Allocation Group or Claim Group making the request, <u>provided that a Discovery Participant shall enumerate in its response to a discovery request any data sources that are not being searched on this ground</u>.

Each Discovery Participant will <u>only be required to search</u> ~~only~~ reasonably

accessible data, which excludes data located. A Discovery Participant who believes that responsive materials are reasonably likely to be found in a decommissioned applications and dataapplication or in storage media that cannot be accessed without considerable burden, time or expense.

shall give prompt notice of this in its response to a document request, and shall meet and confer in good faith with the requesting party or parties regarding the cost and practicality of accessing such responsive materials giving attention to the principle of proportionality.

A Discovery Participant shall not be required to re-produce a document that has already been produced by another Discovery Participant and the same document shall not be required to be produced by more than one Discovery Participant. In light of the volume of the Debtors' hard copy documents maintained in off-site storage facilities, and the abundance of available and overlapping electronic data, no Discovery Participant will be obligated to search such hard-copy documents, and rather will produce indices of such hard-copy documents (to the extent they exist) with their responses to any document request and shall meet and confer in good faith with the requesting party or parties regarding hard-copy documents that will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense. If any party creates an electronic version of those documents, that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with Schedule A hereto to the extent reasonable and not overly burdensome.

*c) Previously Produced Documents*

All documentsDocuments produced into the Merrill Lextranet database for the purpose of the several mediations in this proceeding are tomay be treated as having been produced in the Allocation, US Claims and Canadian Claims litigation provided the producing party can supply metadata and otherwise meet the specifications set forth in Schedule A, and any Discovery Participant that does not already have such documents shall be provided access to this Merrill Lextranet database, subject to an appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the Discovery Participants to clawback any privileged documents that may have been produced in the mediation context or that may be produced under this Discovery Plan.

*d)   No Waiver of Privilege*

The fact that a document has been produced by any Discovery Participant shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other Discovery Participant who asserts privilege over the document), and any Discovery Participant who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in

2

a confidentiality or protective order.

*e)   Deemed Undertaking*

All of the Discovery Participants and their respective Representatives shall be deemed to have undertaken not to use any evidence or information obtained in the course of discovery (including document discovery and depositions) contemplated hereby for any purposes other than the Allocation, US Claims and Canadian Claims litigation, as well as in any other disputes, claims reconciliation processes or proceedings that may exist or arise between any Discovery Participants.

*f)   Document Requests*

**By no later than May 10, 2013**

For Allocation, each Allocation Group shall be entitled to serve ~~limited reasonable~~ requests for production of ~~non-privileged~~ documents, such requests to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant; provided that the Bondholder Group, prior to making such requests, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the document requests of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 17, 2013 to seek agreement with a Discovery Participant from whom it seeks documents and, failing agreement, to seek leave of the Courts to make additional document requests if it believes in good faith that such requests are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve ~~limited reasonable~~ requests for production of ~~non-privileged~~ documents on each opposing US Claim Party. The US Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve ~~limited reasonable~~ requests for production of ~~non-privileged~~ documents on the Canadian Debtors, provided that any disputes between the EMEA Claimants Group, the UK Pension Claimants, or the US Claims Defendant Group and the Canadian Debtors regarding such discovery shall be resolved ~~at a joint hearing of the Courts and the~~by the US Court. The Canadian Debtors' agreement to accept such discovery requests and submit to the US Court's jurisdiction over related disputes does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve ~~limited reasonable~~ requests for production of ~~non-privileged~~ documents on each opposing Canadian Claim Party. The Canadian Claims Defendant

3

Group and the Bondholder Group shall confer on such requests. In addition, the Canadian ~~Claims  Defendant~~EMEA  Claimants  Group~~.~~,  the  UK  Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve ~~limited  reasonable~~ requests for production of ~~non-privileged~~ documents on the US Debtors, provided that any disputes between the Canadian EMEA Claimants Group, the UK Pension Claimants or the Canadian Claims Defendant Group and the US Debtors regarding such discovery shall be resolved ~~at a joint hearing  of  the  Courts  and  the~~by the Canadian Court. The US Debtors' agreement to accept such discovery requests and submit to the Canadian Court's jurisdiction over related disputes does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation document requests and US Claims/Canadian Claims document requests. ~~Further, either by agreement or, failing such an agreement,  by  order  of  the  appropriate  Court  or  Courts,  an~~An  Allocation Group or Claim Group ~~may  obtain  leave  to~~ serve additional document requests ~~upon  a  showing  of~~after May 10, 2013 if it determines, in good ~~cause.~~ faith, that this is reasonably necessary.

g)  *Interrogatories*

**By no later than May 10, 2013**

For  Allocation,  each  Allocation  Group  shall  be  entitled  to  serve  ~~a  limited number  of  reasonable  identification  interrogatories~~Identification Interrogatories, such interrogatories to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant (not to exceed ten on any Discovery Participant); provided that the Bondholder Group, prior to serving such interrogatories, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden.    An interrogatory that seeks contact details, party control status and like information for multiple named individuals shall be considered one interrogatory for purposes of the limit on the number of interrogatories.    The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the interrogatories of an Allocation Group with similarly aligned interests.  Further, such Discovery Participants who do not belong to an Allocation Group will have until May 17, 2013 to seek agreement with a Discovery Participant on whom it wishes to serve interrogatories and, failing agreement, to seek leave of the Courts to serve additional interrogatories if it believes in good faith that such interrogatories are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve a ~~limited  number  of  reasonable  identification  interrogatories~~Identification Interrogatories on each opposing US Claim Party (not to exceed ten on any Discovery Participant).  ~~The  US  Claims  Defendant  Group~~An  interrogatory

4

that seeks contact details, party control status and ~~the Bondholder Group~~like information for multiple named individuals shall ~~confer~~be considered one interrogatory for purposes of the limit on ~~such~~the number of interrogatories.   In addition, the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve a limited number of reasonable ~~identification interrogatories~~Identification Interrogatories on the Canadian Debtors, provided that any disputes between the US EMEA Claimants Group, the UK Pension Claimants or the US Claims Defendant Group and the Canadian Debtors regarding such discovery shall be resolved ~~at a joint hearing of~~by the ~~Courts and the~~US Court.  The Canadian Debtors' agreement to accept such interrogatories and submit to the US Court's jurisdiction over related disputes does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve Identification Interrogatories on each opposing Canadian Claim Party (not to exceed ten on any Discovery Participant).  An interrogatory that seeks contact details, party control status and like information for multiple named individuals shall be considered one interrogatory for purposes of the limit on the number of interrogatories.   In addition, the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on the US Debtors, provided that any disputes between the Canadian EMEA Claimants Group, the UK Pension Claimants or the Canadian Claims Defendant Group and the US Debtors regarding such discovery shall be resolved by the Canadian Court.  The US Debtors' agreement to accept such interrogatories and submit to the Canadian Court's jurisdiction over related disputes does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation interrogatories and US Claims interrogatories. Further, either by agreement or, failing an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional identification interrogatories upon a showing of good cause.

The availability of contention interrogatories shall be decided by mutual agreement among the Discovery Participants at a later date, and, failing agreement, by the Court(s).

*h) Responses and Objections*

**By no later than May 31, 2013**

When objecting to any discovery request, the recipient of such discovery requests shall state the basis for objection, which may be made on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2.  Recipients are strongly encouraged to prepare joint objections to the

5

same document request or interrogatories to the extent their objections overlap.

*i) Production of Documents*

**Rolling Productions of Documents Shall Commence May 31, 2013 and Shall Be Substantially Completed by ~~June 21~~July 31, 2013:**

Subject to any objections made and sustained if challenged (see motions procedure below), each recipient of a document request shall produce any responsive non-privileged documents to any request made of it to all Discovery Participants by producing such documents into the Merrill Lextranet database (to the extent they overlap, responses to multiple requests may be combined or cross-referenced to each other to avoid duplication).

In this same time frame, each Discovery Participant shall produce any further documents that they intend to rely upon at trial that are not already part of the mediation productions or responsive productions.

*j)* **Motions to** ~~Compel~~**Challenge Objections to Initial Document** *Production*

**Motions to Compel Document Productions Must~~Requests~~Must Be Filed by ~~June 28~~August 7, 2013**

Any Discovery Participant who served document requests and who seeks to compel production of a document must do so only after meeting and conferring in good faith with the Discovery Participant against whom a motion is contemplated, and thereafter by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on seven business days notice on all Discovery Participants, and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested. The Discovery Participant whose objection is challenged shall respond to this motion within four business days and any other Discovery Participant whose interests are affected by the request may serve a supplementary response within two business days thereafter.

Notwithstanding this deadline, whenever a discovery dispute arises, the affected Discovery Participants shall promptly attempt to resolve the dispute in good faith and, if an impasse is reached, file any motions with the relevant Court(s) promptly.

*k) Privilege Logs*

~~Should a Discovery Participant withhold any document based on a claim of privilege or work product protection, the producing party shall provide a privilege log containing details about the category of documents withheld, including at least the following information for each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the category; (c) the date range; and (d) the author(s) and other recipients.~~

6

If any party declines to produce a requested document, in whole or in part, based on an assertion of the attorney-client privilege, the work-product doctrine, or other legal privilege, that party shall provide a privilege log specifying as to each such document or portion thereof not produced, the specific privilege(s) or doctrine(s) relied upon, along with sufficient facts to establish the basis for asserting the privilege. The privilege log shall provide sufficient detail to permit the requesting party to assess whether there is an adequate basis for assertion of the privilege, including but not limited to: (i) the type of document; (ii) the date of the document; (iii) the author(s) of the document, including title and employer; (iv) the general subject matter of the document; (v) all recipients of the document (including addressees, cc's and bcc's), including titles and employers; (vi) beginning and ending bates numbers of the document; and (vii) the custodian of the document, including where the document was maintained (whether in physical or electronic form) prior to the petition date. Privilege logs shall be provided in Microsoft Excel format or a similar electronic format that allows for text searching and organization of data.

The following documents, to the extent created after the commencement of the bankruptcy proceedings, presumptively need not be included on a privilege log: (a) communications exclusively between a Discovery Participant and its outside counsel or (b) work product created by outside counsel and/or such counsel's agents.

Responsive documents which are jointly privileged as to two or more of the Discovery Participants shall be produced, but only to those Discovery Participants with whom the joint privilege is shared.

| 4. | Format of Production of Electronic Records: | For each electronic document, the responding party shall provide the metadata specified in Schedule A, but only to the extent they can reasonably be extracted or otherwise provided in a delimited text file. |
|---|---|---|
| 5. | Trial Witness Identification | By no later than ~~June 28~~ August 7, 2013 |

Each Discovery Participant shall identify any fact (non-expert) witnesses it anticipates calling or presenting testimony of at trial, by name, employer, title and functional role held during the time period relevant to their anticipated testimony. A Discovery Participant may identify trial witnesses at a later date provided that ~~(a) the failure to identify that witness by June 28, 2013 was for good cause, and (b)~~ any opposing Allocation Group or Claim Group has had or will have a reasonable opportunity to depose the later-identified witness before trial, regardless of the fact discovery cut-off or number of depositions taken.

Any Discovery Participant that has previously filed an affidavit or witness statement in the context of this litigation (the Ontario and Delaware proceedings) may also, at its option, choose to designate that evidence to be tendered at trial as long as the witness will be made available to be deposed and appears at trial for

7

Formatted: Font: 11 pt

Formatted: Font: 11 pt

Formatted: Font: 11 pt

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Indent at: 0.25"

Formatted Table

Formatted: Default Paragraph Font, Font: Not Bold

Formatted: Font: 11 pt

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Indent at: 0.25"

Formatted: Font: 11 pt, Underline

Formatted: Font: 11 pt, Underline

Formatted: Font: 11 pt

Formatted: Default Paragraph Font, Font: 11 pt

Formatted: Font: 11 pt

Formatted: Font: 11 pt

Formatted: Font: 11 pt

cross-examination.

~~Should a Discovery Participant wish to present evidence at trial from a witness who is not willing to swear an affidavit, such witness shall be identified at this same time, and leave of the Court(s) sought by the Discovery Participant seeking to rely on their evidence to take that witness's testimony by examination/deposition (out of court) so as to preserve their testimony so it can be submitted by the Discovery Participant as evidence at trial.~~

6. **Oral Examinations Or Depositions**

    *a.   Examinations of Representatives/ 30(b)(6) Depositions*

**By no later than ~~June 28~~August 7, 2013**

For Allocation, each Allocation Group (other than the Bondholder Allocation Group) may serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the solicitors or counsel of record for any opposing Discovery Participant specifying the topics, if any, on which that other Discovery Participant's representative is to be examined/deposed. The Bondholder Allocation Group shall consult with the Canadian Allocation Group and the US Allocation Group regarding any requests under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure it would like the US Allocation Group and the Canadian Allocation Group to serve on other Discovery Participants in accordance with the foregoing. In the event that Canadian Allocation Group and the US Allocation Group do not agree to serve such requests, the Bondholder Allocation Group may seek leave of the Court or Courts, as applicable, by motion on notice to serve its own requests for examination under Rule 34.04 of the Ontario Rules of Civil Procedure and/or depositions under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group may each serve a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the counsel of record for any opposing US Claim Party specifying the topics, if any, on which the US Claim Party's representative is to be deposed. The US Claims Defendant Group and the Bondholder Group shall confer on such requests.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group may each serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure on the solicitors/counsel of record for any opposing Canadian Claim Party specifying the topics, if any, on which the Canadian Claim Party's representative is to be examined/deposed. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests.

8

Use of (Discovery) Answers at Trial

Testimony of representatives proffered in response to requests under Ontario Rule 31.03 and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure may be used as evidence at trial only by Discovery Participants whose interests are adverse to those of the proffering Discovery Participants on the issue for which the evidence is being used.

**By no laterLater than July 3August 12, 2013**

Each Discovery Participant served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure shall designate a representative (who may, but is not required to be, a current or former officer, director or employee of that Discovery Participant) to be offered to be examined/deposed as though Rule 31.03 of the Ontario Rules of Civil Procedure applied and/or under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure as applicable. All Discovery Participants shall have the right to attend such examinations/depositions.

A Discovery Participant may designate its party representative under Rule 34.04 of the Ontario Rules of Civil Procedure as its witness(es) under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure for a single examination/deposition of each such witness(es).

*b. Oral Examinations/ Deposition of Fact Witnesses:*

**By no later than June 28August 7, 2013**

In addition to the aforementioned examinations/depositions pursuant to Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure, each of (1) the Canadian Allocation Group and the Canadian Claims Defendanteach Claim Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (3) the US Allocation Group and the US Claims Defendant Group together may designate up to ten fact shall serve by this date notices stating the witnesses it wishes to examine or depose (which may beinclude third parties, persons subject to the control of a Discovery ParticipantCore Party, or both and which may be persons who have been identified as trial witnesses by another Discovery ParticipantCore Party, and any persons whose previously filed affidavits/witness statements have been designated by a Discovery Participant as trial evidence) whom it seeks to examine/deposein order to obtain factual information/admissions relevant to Allocation, US Claims or Canadian Claims. Each witness shall be named and his/her place of residence (if known) shall be identified. , by serving a request. The parties shall meet as soon as practicable after this date to confer and attempt to reach agreement on the list of witnesses to be deposed and the time for examination of each witness by each party. In the absence of agreement this shall be submitted to the relevant

9

Court(s) for decision  The attorneys for the US Debtors, the Canadian Debtors and the EMEA Debtors agree to accept requests under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Deposition Notices under the United States Federal Rules of Civil Procedure ~~as applicable on the solicitors or counsel of record for any~~ seeking to depose or examine persons under the control of their clients.  All parties agree to cooperate in good faith in attempts to locate and obtain testimony from persons not under the control of any party, including through issuance of compulsory process, letters of request and other ~~Discovery Participant~~available procedures, except that no party shall be required to commence proceedings or ~~the third party (or if not represented, by serving the notice directly on the third party)~~pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony.. ~~Each witness shall be named and his/her place of residence (if known) shall be identified.~~

The Bondholder Group shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, regarding any fact witnesses it seeks to examine/depose.  In the event that the Canadian Allocation Group and the US Allocation Group do not intend to designate such fact witnesses that the Bondholder Group seeks to designate, the Bondholder Group may seek leave of the Court or Courts, as applicable, by motion on notice to designate such fact witnesses.

Either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to designate additional fact witnesses upon a showing of good cause.

~~Notwithstanding the foregoing, in order to allow the Discovery Participants an opportunity to consider witness testimony before naming all witnesses, each of the aforementioned Allocation Groups and Claim Groups may designate up to three of their ten fact witnesses by July 31, 2013, provided however that scheduling priority shall be given to fact witnesses designated by the June 28, 2013 deadline, whose examinations/depositions the Discovery Participants shall make reasonable efforts to schedule in the month of July.~~

~~**All examinations/depositions to be completed by no later than August 30, 2013**~~

**Fact Witness examinations to be completed by no later than September 27, 2013**

Promptly after ~~June 28~~August 7, 2013, and earlier with respect to fact witnesses identified prior to the ~~June 28~~August 7, 2103 deadline (which the Discovery Participants are encouraged to do in order to commence examinations/depositions by ~~July 1, 2013~~August 12, 2012), the relevant parties shall attempt to agree on an examination/deposition schedule that contemplates the completion of all witness examinations /depositions (including any examinations/depositions for testimony preservation that the Court(s) may

10

have granted leave to conduct) in this time frame that reflects the practicalities of examining/deposing each witness (having regard to the number of Discovery Participants examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness). All Discovery Participants shall have the right to attend such examinations/depositions.

The relevant parties will attempt in good faith to complete witness depositions by September 27, 2013, with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions and to complete all depositions regarding matters that will be the subject of expert testimony prior to this date.

*c) Use of Examinations/Depositions at Trial*

Designated portions of any examination/deposition may be filed as part of the evidence that any Discovery Participant may rely upon at trial (subject to objections which may be ruled upon by the Court as contemplated in section [8] hereof), except that testimony of a witness who is employed by, party to a cooperation agreement with or otherwise under in accordance with the control of a Discovery Participant may not be relied upon as evidence by usual rules that Discovery Participant or by others sharing its interests apply in the issue to which the testimony relates. Canadian and US Courts, respectively.

If a witness who has been examined/deposed under this Discovery Plan is later called as a witness to give *viva voce* evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility.

11

7. **Experts**    ~~**By no later than August 16, 2013**~~

**By no later than September 13, 2013**

Each Discovery Participant that intends to rely on the opinion evidence of a qualified expert shall identify the name of its intended expert(s) and the subject matter of their expertise and intended evidence.

**By no later than October 11, 2013**

~~**By no later than September 13, 2013**~~

Each Discovery Participant shall deliver an affidavit or report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by Bates number if previously produced, and containing the disclosures required by the Applicable Procedural Regime set forth in section 2.

Any Discovery Participant that has previously filed an affidavit or report from an expert in the context of this litigation (the Ontario and Delaware proceedings) may, at its option, choose to designate that as part of their expert evidence at trial, provided that the expert will be made available to be examined/deposed and appears at trial as set out below.  If not so designated, those previously filed affidavits and/or reports shall not constitute part of the evidence at trial.

Promptly after the submission of initial expert affidavits or reports, the Discovery Participants shall attempt to agree upon an expert examination/deposition schedule to commence by ~~October 28~~November 18, 2013.

**By no later than ~~October 18~~November 8, 2013**

Each Discovery Participant shall have the right to deliver an affidavit or report from an expert, including a newly identified rebuttal expert, in response to one received by another Discovery Participant that addresses an issue that is adverse to the Discovery Participant's position in the Allocation, US Claims, or Canadian Claims litigation. Responses shall be permitted even if the Discovery Participant did not initially tender an expert's affidavit, if an issue is raised by an expert whose evidence is tendered by another Discovery Participant that calls for response.  Responsive reports shall be limited to responding to issues on which an affirmative expert report has been proffered and shall not go beyond such issues.

**By no later than ~~November 22~~December 6, 2013**

The Discovery Participants shall attempt to agree to a schedule that contemplates the completion of all expert witness examinations/depositions between ~~October 28~~November 18, 2013 and this date that reflects the practicalities of examining/deposing each witness (having regard to the number of parties examining/deposing, the subject matter of the examinations/depositions,

12

the available time for completion of all examinations/depositions and the residence of the witness).  All Discovery Participants shall have the right to attend such depositions.

A Discovery Participant may request that any expert be present at trial for cross-examination, and the affidavit or report of any expert not appearing at trial if requested to appear cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.

The affidavits and/or reports shall be filed as evidence with the court at the trial, subject only to cross-examination at trial and any applicable objections that may be made and determined at the outset of the trial and directions or rulings from the Court(s) arising therefrom.  The Discovery Participant proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's report.  The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.

Communications with Experts:

The experts shall not be examined/deposed about or asked to produce prior drafts of their affidavits/reports and/or their communications with the Discovery Participant who retained them or other Discovery Participants within the same Allocation Group or Claim Group, or their respective Representatives., or any other topic protected from disclosure by the Applicable Procedural Regime set forth in section 2.

With respect to Allocation and US Claims, Rule 26 of the United States Federal Rules of Civil Procedure  applies to expert discovery.

8.  General Procedure Applicable to All Oral Examinations/ Depositions

Length of Oral Examinations/Depositions

~~Each oral examination/deposition may last for up to seven hours (including only time spent on the record and excluding any breaks) except that any witness or representative noticed by multiple Allocation Groups or Claim Groups may last up to 14 such hours.  No single witness shall be examined/deposed for longer than 14 such hours in total without leave of the Court(s) or the agreement of the Discovery Participant represented by that witness or the witness if such witness is a third party.~~

Coordinating Oral Examinations/Depositions

Each examination/deposition shall be coordinated so that a lead examiner is identified for each group that noticed the oral examination/deposition (where an Allocation Group and Claim Group from the same jurisdiction counts as one group).  Lead examiners shall work in good faith with any other lead

13

examiners as well as other affected Discovery Participants to reflect a coordinated effort to avoid duplication of questions. For the avoidance of doubt, the US ~~Claims Defendant Group~~Claim Parties shall have the right to attend oral examinations/depositions that relate to the Canadian Claims, and the Canadian ~~Claims Defendant Group~~Claim Parties shall have the right to attend oral examinations/depositions that relate to the US Claims.

Transcripts and video-taping:

All examinations/depositions shall be taken under oath in the presence of a Canadian or US certified court reporter and transcribed and the transcripts made available to all Discovery Participants, whether or not they are in attendance at the examination/deposition. At the option of any examining/deposing Discovery Participant, the examination/deposition may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s). The examining/deposing Discovery Participant(s) shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay for their own copies.

Objections:

Objections may be made on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2. Questions that are objected to on grounds other than privilege shall be answered under reserve of that objection. All other objections shall be preserved.

Requirement for Summons:

If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US Debtors, the Joint Administrators, and the UK Pension Claimants shall reasonably assist in issuing process or otherwise procuring a witness's attendance irrespective of which Discovery Participant has sought the witness's deposition., except that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony., Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment or consent to that jurisdiction for any other purpose.

Undertakings:

With respect to Allocation and Canadian Claims, the witness shall answer any undertakings that were agreed to on his/her examination/deposition within two weeks of the date of his/her examination/deposition, unless otherwise agreed to by the affected Discovery Participants.

9.  **General Terms**    Any Discovery Participant may make a motion to the Court to compel another Discovery Participant to take the steps contemplated by the Discovery Plan or

other steps, and the parties agree that the Court(s) may take the existence of the Discovery Plan into account in determining whether to grant the order sought. The Discovery Participants that are parties to such a motion may seek to justify their respective positions on the basis of, among other things, any information that was unknown or not reasonably available to that Discovery Participant at the time the Discovery Plan was entered into.

The Discovery Participants recognize that, as additional information becomes available throughout the Allocation, US Claims and Canadian Claims litigation, it may become apparent that: (a) it is impracticable or impossible for a Discovery Participant to comply with the terms of the Discovery Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery Plan, are required in order for a Discovery Participant to obtain access to potentially relevant documents, information or witness testimony.    Each Discovery Participant agrees to notify the other Discovery Participants promptly when it reasonably believes that it will not comply with any term of the Discovery Plan or when it reasonably concludes that further steps beyond those set out in this Discovery Plan are required.    The Discovery Participants agree to negotiate in good faith with respect to any amendments to the Discovery Plan requested by a Discovery Participant on that basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the Discovery Participants.

All Discovery Participants shall meet and confer in good faith without the assistance of the Court(s) in attempting to resolve any disputes in the interpretation or implementation of this Discovery Plan.  Discovery Participants are required to promptly seek relief from the applicable Court or Courts if an impasse is reached in any dispute and shall not be heard to complain of any prejudice resulting from their own delay in seeking relief.

All motions or directions sought from the Court(s) pursuant to this Discovery Plan shall be brought before the following Court or Courts: with respect to Allocation, before Judge Gross of the United States Bankruptcy Court for the District Court of Delaware and Justice Morawetz of the Ontario Superior Court of Justice; with respect to US Claims, before Judge Gross; and with respect to Canadian Claims, before Justice Morawetz.  The Courts shall hold regularly scheduled joint discovery conferences for discovery disputes in Allocation and those discovery disputes that affect both jurisdictions.

The EMEA Debtors' participation in the procedures addressed herein is without prejudice to their contention that Allocation should be decided by arbitration rather than the US and Canadian Courts, and shall not be construed as a waiver of their objection to determining Allocation in accordance with the procedures set forth in the Allocation Protocol, this Discovery Plan and the Litigation Timetable.

Prepared and agreed upon by:

15

<u>To be signed by Counsel of Record for each Core Party</u>

## SCHEDULE A

Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form:

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| Document Numbering | Docid | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | Parentid | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | Attchids | Note Text | Docid(s) attached to Parentid | AA0000001 |
| Fields/Coded Data for E-mails | Datesent | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY As per metadata |
| | Timesent | Time | Time e-mail was sent | As per metadata (HH:MM:SS) |
| | Timercvd | Time | Time e-mail was received | As per metadata (HH:MM:SS) |
| | To | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | From | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | Subject | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | Cc | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | Bcc | Multi-Entry | Names/e-mail address(es) of the individuals who were blind-copied on the e-mail | As per metadata |
| | Media | Note Text | Used to identify the type of media for an attachment  When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc  This field is required for loading electronic documents and attachments | As per metadata |
| Fields/Coded Data for Attachments and Loose Electronic Documents | Datesvd | Date | Date an electronic file or attachment was last saved | As per metadata |
| | Datecrtd | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | Filetype | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | Filename | Note Text | File name of electronic file or attachment | As per metadata |
| | Doclink | Note Text | Used to link a document to the database record  Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | Folder | Note Text | Original folder containing path of electronic document as provided | As per metadata |
| | Custodian | Note Text | Person from whom document was collected | As per metadata |
| | Media | Note Text | Used to identify the type of media for an attachment  When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc  This field is required for loading electronic documents and attachments | As per metadata |

17

| Fields/Coded Data for Paper Documents | Docdate | Date | Date of document (subjectively coded) | MM/DD/YYYY |
|---|---|---|---|---|
| | CollectDate | Date | Creation Date of Electronic File | MM/DD/YYYY |
| | Source | Note Text | Location or person from whom document was collected (subjectively coded) | |
| | Attach# | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | Author | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | Recip | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| Fields/Coded Data for Electronic Documents (Chronological Review) | Leaddate | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| | Leadtime | Date | Time of the parent document, populated to all attachments for use with chronological sorting while keeping document families together. Allows for further sorting of documents dated the same day by time | HH:MM:SS |

1.  Each document shall be individually produced with a unique document ID number.

2.  For each document, the Discovery Participant shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted. In these instances, provide a text file created using document-level optical character recognition (OCR) to the extent reasonably practicable.

3.  All images will be single page tiff format (excluding spreadsheets, Powerpoint presentations and database files, which will be provided in native format) with 300 dpi specifications. Spreadsheets, Powerpoint presentations and database files to be provided in the eDocs folder.

4.  Parties will provide the following load files formatted as follows:

    (a)  Image folder (single page tiff, 300 dpi);

    (b)  eDocs folder (for native files, specifically Excel, Powerpoint and database files, which will not be tiffed);

18

(c)      OCR folder (with text files and a control list for loading);

(d)      data.txt or data.csv (with coded fields listed above for ESI and paper documentation); and

(e)      imginfo.txt, imginfo.csv or imginfo.csvopt, at the option of the receiving party.

5.      If a document and its exact duplicates are associated with the same custodian, the responding party may withhold the exact duplicates from production.  If a document and its exact duplicates are associated with different custodians, the responding party may withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld.

19