## EXHIBIT B

**Blacklines**

~~US Debtors' Proposed Litigation Timetable as of April 19, 2013~~

### Monitor and Canadian Debtors's Proposed Litigation Timetable for All Matters to be Addressed at the Joint Trial Commencing January 6, 2014

#### April 19, 2013

~~LITIGATION TIMETABLE~~

~~Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol, it is hereby ordered:[1]~~

~~[1] Capitalized terms shall have the meaning ascribed to them in the Allocation Protocol and Annex A attached hereto.~~

1

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| Present through April 24 | The Discovery Participants to negotiate in good faith to try to come to agreement on a Discovery Plan.³ | | |
| April 24 | Hearing before both Courts to approve an agreed upon Discovery Plan or, absent agreement, for directions or court orders concerning finalization of a Discovery Plan, which may include a schedule for periodic joint discovery conferences before the Courts. | | |
| April 30 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, and Bondholder Group shall each file and serve an opening submission on Allocation, which shall set out with reasonable particularity the relief sought with respect to Allocation, the material facts relied upon, and the legal bases for each position. Any other Core Party who wishes to participate in the Allocation litigation must submit an opening submission by this date. Each of the opening submissions may be made individually, jointly, and/or by joining another Core Party's opening submission. | The US Claims Defendant Group shall file and serve their responses to the US Claims. | The EMEA Debtors and the UK Pensions Claimants shall deliver Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order, respectively, with reasonable particularity the relief sought, material facts relied upon and legal bases for the challenges to the disallowances of claims being advanced at the Joint Hearing ordered by the Ontario Superior Court of Justice. |
| May 7 | | | The members of the Canadian Claims Defendant Group shall file and serve their responses to the applicable Canadian Claims. |
| May 10 | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Grou... | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, and the US Claims Defendant Group. | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Grou... |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | and the Bondholder Allocation Group, without prejudice to an Allocation Group's right to later serve contention interrogatories, as to be discussed and/or resolved by the Courts. | Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. | |
| May 10 | The Discovery Participants shall aim to reach agreement on a Confidentiality Stipulation and Protective Order as soon as possible. To the extent the Discovery Participants are unable to agree on a Confidentiality Stipulation and Protective Order, May 10 is the deadline for the Discovery Participants to file their versions of the Confidentiality Stipulation and Protective Order with the Courts. | | |
| May 14 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, Bondholder Group, and any other Core Party who filed an opening submission may each file and serve a response to any opposing Core Party's opening submission or designate its opening submission as a cross-response. Each of the responses may be made individually, jointly, and/or by joining another Core Party's response. | | |
| May 17 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of these document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | arisen thereof. | | |
| May 31 | Deadline for responses and objections to document requests and objections to interrogatories in accordance with the Discovery Plan. | | |
| May 31 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. | | |
| June 21 | Production of documents to be completed in accordance with the Discovery Plan. | | |
| June 28 | Deadline to file motions to compel and/or motions for a protective order with respect to document discovery. Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| June 28 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later-identification, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously-filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later-identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously-filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later-identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's previously-filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. |
| June 28 | Deadline for identification or each of the Canadian Allocation Group, the EMEA Allocation Group, and the US Allocation Group to serve on any opposing Core Party the topics on which that Core Party's representative is to be examined or deposed in accordance with the Discovery Plan. | Deadline for each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group to serve on any opposing Claim Party and/or a member of the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) in | Deadline for each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group to serve on any opposing Claim Party or a member of the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in accordance with the Discovery |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | deposition in accordance with the Discovery Plan. | | |
| July 3 | Deadline for each Core Party that is timely served with a request under Rule 31.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for oral examination or deposition. | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for deposition. | Deadline for each Canadian Claim Party that is timely served with a request under Rule 31.04 of the Ontario Rules of Civil Procedure to identify its representative for an oral examination. |
| August 16 | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |
| August 30 | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions. | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions. | Deadline to complete witness depositions and cross-examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to representative party-examinations. |
| September 13 | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| October 18 | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| November 22 | Deadline to complete depositions of experts in accordance with the Discovery Plan. | | |
| December 6 | Deadline to file a list of all witnesses and exhibits that each Discovery Participant intends to rely upon as part of its direct case. | | |
| December 13 | Deadline to file motions in limine. | | |
| December 13 | Deadline for filing of opening written submissions with the Courts. Such submissions will include<br><br>a) a) Pre-trial briefs; | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| desire | have met and conferred with an effort to reach agreement on: a) the undisputed facts to be agreed upon for trial; and b) the contents of document briefs for use at the Joint Hearing; the exhibits for use at the Joint Hearing. All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document by document basis. | and the Canadian Claims Defendant Group shall have met and conferred with an effort to reach agreement on: a) the undisputed facts to be agreed upon for trial; and b) the exhibits for use at the Joint Hearing. All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document by document basis. | Parties and the US Claims Defendant Group shall have met and conferred with an effort to reach agreement on: a) the undisputed facts to be agreed upon for trial; and b) the contents of document briefs for use at the Joint Hearing. All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document by document basis. |
| Begins January 6, 2014 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii). The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims. | | |

Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause.

# ~~ANNEX A~~

## ~~DEFINITIONS~~

~~Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the Allocation Protocol.~~

~~Allocation Group: Any of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.~~

~~Bondholder Allocation Group: The Bondholder Group.~~

~~Canadian Allocation Group: The Canadian Debtors, the Monitor, and the CCC.~~

~~Canadian Claim Party: Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.~~

~~Canadian Claims: Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.~~

~~Canadian Claims Defendant Group: The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.~~

~~Canadian EMEA Claimants Group: The EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension Claimants who made claims against NNC and NNL.~~

~~Claim Group: Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.~~

~~Discovery Participant: Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.~~

~~Discovery Plan: The Discovery Plan that will be entered by the Courts.~~

~~EMEA Allocation Group: The UK Pension Claimants, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel~~

~~US Allocation Group: The US Debtors and the Committee.~~

~~US Claims: Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.~~

~~US Claims Defendant Group: The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.~~

~~US EMEA Claimants Group: The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks A.S., Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France S.A., Northern Telecom PCN limited.~~

~~US Claim Party: Any party in the US EMEA Claimants Group or the US Claims Defendant Group, or the UK Pension Claimants.~~

Pursuant to the Orders, dated April 3, 2013, of the Ontario Superior Court of Justice (the "Ontario Court") and the United States Bankruptcy Court for the District of Delaware (the "U.S. Court" and together with the Ontario Court, the "Courts"), this proposed Litigation Timetable is intended to supplement or amend, as the circumstances require, the Claims Procedure Resolution Order as entered by the Ontario Court on September 16, 2010 (the "Claims Procedure Resolution Order")[1] and the Ontario Court's EMEA Claims Procedure Order dated January 21, 2011 (the "EMEA Claims Procedures Order") and Intercompany Claims Procedure Order dated July 27, 2012 (the "Intercompany Claims Procedures Order") and all other Orders or agreements governing the procedure for resolving the claims that are the subject matter of this schedule and the issue of allocation among the estates of asset sale proceeds.

| | |
|---|---|
| Commencing immediately | All Core Parties to continue to negotiate in good faith to try to come to an agreement on a Litigation Timetable and discovery and deposition plan, dealing with the matters proposed in the draft discovery and deposition plan attached hereto as Schedule "A" and such other matters as they may agree upon (the "Discovery and Deposition Plan") |
| March 21 | Monitor delivered Notices of Disallowance of all claims filed by the Joint Administrators for the EMEA Debtors (together, "EMEA") against a Canadian Applicant or its Directors or Officers pursuant to subparagraph 21(c) of the EMEA Claims Procedures Order. |
| | Monitor delivered Notices of Disallowance of all claims filed by the |

|  | Additional Non-APAC/CALA Affirmative Claims filed by Nortel Networks AG ("NN AG") and Nortel Networks AS ("NN AS") pursuant to the Intercompany Claims Procedure Order. |
|---|---|
| April 4 | EMEA delivered Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order. |
| April 8 | Core Parties to provide comments, if any, on the draft pre-trial protocol for dealing with confidential documents and information and for the claw back of any inadvertently produced privileged communications ("Confidentiality and Privilege Clawback Agreement") circulated by the Monitor. |
| April 15 | Revised Allocation Protocol to be filed with the Courts, together with competing submissions, if any.2 |
| April 24 | Joint Hearing before both Courts to approve an agreed upon Litigation Timetable and Discovery and Deposition Plan or, absent agreement, for directions or Court orders concerning finalization of same or of matters expected to reasonably arise in the Litigation Schedule, not the hearing, and to book any motion dates contemplated thereby (for discovery/deposition motions) and periodic discovery conferences. |
| April 30 | Deadline for any Core Party who wishes to participate in the allocation dispute to deliver a pleading or opening submission styled "Allocation Position of [●]" which will set out with reasonable particularity the relief sought with respect to allocation, the material facts relied upon and legal bases for the allocation position being advanced by that Core Party at the Joint Hearing. Each pleading/submission may be made individually, jointly by two or more Core Parties or by one Core Party adopting another Core Party's pleading/submission. |
| April 30 | Deadline for any of EMEA, NN AG, NN AS and the Trustees who dispute the disallowance of their claims to deliver affirmative pleadings (which may be deemed by them to serve as their Dispute Notices) setting forth, with reasonable particularity, the relief sought, material facts relied upon and legal bases for their claims and the grounds upon which they |

| | | |
|---|---|---|
| | | matters if agreement cannot be reached. |
| May 15 | | Deadline for any Core Party who delivered an Allocation Position and who disputes the Allocation Position of any other Core Party to deliver a responding pleading, entitled "Allocation Response" which sets out with reasonable particularity the material facts relied upon and legal bases for any affirmative responses to the disputed Allocation Position advanced by any other Core Party or to designate its Allocation Position as its Allocation Response. Each of the responses may be made individually, jointly by two or more Core Parties or by one Core Party adopting another Core Party's Allocation Response. |
| May 15 | | Deadline for any Core Party with standing to oppose any of the disputed disallowances of Canadian Claims or U.S. Claims to deliver a Response (including any counterclaim) to those claims, which may include by reference that Core Party's Allocation Position and Allocation Response. |
| May 17 | | Deadline for delivery of limited written interrogatories seeking identification of (i) the roles and current locations of individuals with knowledge of the matters relevant to this litigation and (ii) the storage, form and extent of the potentially relevant documents of these individuals, only by a Core Party who has responded to another Core Party's Allocation Position in the manner provided for herein or between the claimants and respondents to the Canadian and U.S. Claims. Further, written (contention) interrogatories may only be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s). |
| May 17 | | Initial deadline for delivery by the U.S. Debtors, the Monitor, EMEA and the Trustees of limited reasonable and specific requests for production of non-privileged documents, from each other and any other Core Party who has responded to their Allocation Position, and as between themselves, and any others who are claimants and respondents to either the Canadian or U.S. Claims with whom they have a dispute about those claims, in accordance with the Discovery and Deposition Plan. |
| May 21 | | Secondary deadline for delivery by any other Core Party of supplementary limited reasonable and specific requests for production of non-privileged documents, from any other Core party who has responded |

| | |
|---|---|
| | arising therefrom. |
| May 31 | Deadline for objections to document requests and identification interrogatories, in accordance with the Discovery and Deposition Plan. |
| May 31 | Subject to any objections, deadline for the recipients of document requests to commence rolling production of documents, in accordance with the Discovery and Deposition Plan. |
| June 21 | Subject to objections, deadline for completion of documentary production and responses to identification interrogatories, in accordance with the Discovery and Deposition Plan. |
| June 28 | Deadline to file motions to compel productions/responses to interrogatories objected to or not answered. All Core Parties to attempt to resolve any discovery disputes in good faith and to file any necessary motions promptly. |
| June 28 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses and whether they will be testifying to issues relating to Allocation, U.S. Claims and/or Canadian Claims, without prejudice to later identification of additional witnesses provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously-filed sworn statements are being relied upon as evidence at trial whether they will be relied upon for issues relating to Allocation, U.S. Claims and/or Canadian Claims, in accordance with Discovery ad Deposition Plan. |
| June 28 | Deadline for each Core Party to serve on any other Core Party that has responded to its Allocation Position, to whose Allocation Position it has responded, and/or with whom it has a dispute about the Canadian Claims, or U.S. Claims, the topics on which it expects that other Core Party's party representative/discovery witness to be examined or deposed in, accordance with the Discovery and Deposition Plan. |
| June 28 | Deadline for each Core Party to designate up to 10 witnesses to be examined or deposed, subject to later additions for the reasons set forth in |

| Date | |
|---|---|
| | for oral examination (discovery) who is knowledgeable about, or can become reasonably informed of, the topics identified by other Core Parties to be examined upon, in lieu of contention interrogatories (unless they are agreed or ordered to be taken in writing). |
| July 17 | Last possible date for hearing of motions to compel productions/responses to interrogatories objected to or not answered and/or motions for an Order to implement the protections contemplated by the Confidentiality and Privilege Clawback Agreement if not settled. Motions arising out of documentary production and identification interrogatories may be adjudicated by a referee to be jointly appointed by the Courts. |
| August 16 | Deadline for each Core Party to identify experts and the subject matter of their reports, in accordance with the Discovery and Deposition Plan. |
| August 30 | Deadline to complete examinations, depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within two weeks of each examination), in accordance with the Discovery and Deposition Plan, with a preference to finish fact witness depositions prior to any representative party examinations (discovery). |
| September 13 | Deadline for service by Core Parties of expert reports (including exhibits) in accordance with the Discovery and Deposition Plan. |
| September 13 | Deadline for service of motions arising from examinations, depositions and cross examinations (motions should be served earlier if disputes arise and cannot be resolved in the course of the witness examinations) |
| October 18 | Last possible date for hearing of any and all motions that any Core Party may wish to bring arising from the pleadings, discoveries, depositions or to otherwise resolve or narrow the issues for the Joint Hearing. Motions arising out of discoveries/depositions may be adjudicated by a referee to be jointly appointed by the Courts. |
| October 18 | Deadline for service of each Core Party's responding experts' reports. |

| | | |
|---|---|---|
| | | Motions arising from expert reports and the depositions of experts may be adjudicated by a referee to be jointly appointed by the Courts. |
| | December 6 | Deadline for filing of opening written submissions with the Courts, including: |
| | | a) Pre-trial briefs as referenced in Judge Gross's Proposed Final Pretrial Order; |
| | | b) With respect to Allocation, all fact affidavits to be used as a party's trial testimony for its case in chief;[3] |
| | | c) With respect to Allocation, a list of all exhibits each party intends to rely on as part of its case in chief;[3] |
| | | d) With respect to the Canadian and/or U.S. Claims by any of EMEA, NN AG, NN AS and the Trustees, all fact affidavits to be used as those parties' trial testimony; and |
| | | e) With respect to the Canadian and/or U.S. Claims by any of EMEA, NN AG, NN AS and the Trustees, a list of all exhibits those parties intend to rely on as part of their case in chief. |
| | December 13 | Deadline for filing with the Courts: |
| | | a) All fact affidavits to be used as a party's trial testimony in response to Canadian and/or U.S. Claims; and |
| | | b) A list of all exhibits each party intends to rely on in response to Canadian and/or U.S. Claims. |
| | Week of December 16 (if the Courts desire) | Pre-Trial Conference(s) –
By this date, the Core Parties shall have met and conferred in an effort to reach agreement on: |
| | | a) the undisputed facts to be agreed upon for trial; |
| | | b) the contents of document briefs, including categorizing the documents by issue, |
| | | for use at the Joint Hearing. |
| | | By this date, the Core Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest. |
| | | All Nortel documents produced by a Core Party to be deemed admissible |

| | | date on a particularized and document-by-document basis. |
|---|---|---|
| Commencing January 6, 2014 | | The Courts will (a) hold simultaneously (i) joint hearings regarding Allocation, (ii) hearings before the Ontario Court on the merits of any remaining Canadian Claims, and (iii) hearings before the U.S. Court on the merits of any remaining U.S. Claims, provided however that the U.S. and Ontario Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant only to the Canadian Claims or only the U.S. Claims, and (b) after completing the joint hearings regarding Allocation, continue to complete the hearings of the Canadian Claims and the U.S. Claims; and (c) issue their respective decisions on (i), (ii) and (iii). |

Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the Courts in accordance with the usual practice. Any Core Party may also file a motion with the applicable Court(s) to modify this Litigation Timetable upon a showing of good cause.

6184920

Document comparison done by DeltaView on Tuesday, April 23, 2013 11:31:41 AM

| Input: | |
|---|---|
| Document 1 | file://C:/Documents and Settings/Choj/Desktop/Nortel/ch11 litigation timetable.doc |
| Document 2 | file://C:/Documents and Settings/Choj/Desktop/Nortel/Exhibit A.3 - Proposed Litigation Timetable.DOC |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 115 |
| Deletions | 118 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 233 |

~~US Debtors' Proposed Litigation Timetable~~
Schedule "A"
Monitor and Canadian Debtors

**Ontario Superior Court of Justice – Commercial List Court File No. 09-CL-7950**
**United States Bankruptcy Court for the District of Delaware Court file No. 09-10138(KG)**

**RE: IN THE MATTER OF NORTEL NETWORKS CORPORATION ET AL**

## DISCOVERY AND DEPOSITION PLAN

(Dated as of April 19, 2013)

### ~~DISCOVERY PLAN~~

| | |
|---|---|
| 1. **Definitions** | Capitalized terms used herein and not otherwise defined shall have the same meaning ascribed in the ~~Allocation Protocol or~~ Litigation Timetable to which this document is a schedule and the Joint Discovery Scheduling Order. |
| 2. **Applicable Procedural Regime:** | ~~In accordance with the Cross Border Protocol, the Cross-Claims Protocol and the Allocation Protocol, the~~The following procedural regimes apply: |

    (a)   In the Ontario Superior Court of Justice, the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario; and

    (b)   ~~1. With respect to Allocation, the Cross-Border, Cross-Claims and Allocation Protocols apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the Rules of Civil Procedure for Ontario, and~~In the District Court of Delaware, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court ~~for the District of Delaware will apply as applicable.~~District of Delaware,

    ~~2. With respect to US Claims, the Cross-Border and Cross-Claims Protocols apply to the extent not inconsistent with this Discovery Plan, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.~~

    ~~3. With respect to Canadian Claims, the Cross-Border Protocol, the Cross-Claims Protocols, the Claims Resolution Order, and the EMEA Claims Procedure Order apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the~~

- 2 -

| | | |
|---|---|---|
| | | ~~Rules of Civil Procedure for Ontario will apply as applicable.~~and may be referred to in respect of matters not otherwise addressed by the letter and intent of this Discovery and Deposition Plan, the Joint Discovery Scheduling Order, the Allocation Protocol and any other procedural orders of the Courts. |
| **3.** | **Legal Issues For Determination at Trial:** | Each of the Core Parties shall have identified in their pleading(s) (Allocation Position, Allocation Response, Canadian Claims, U.S. Claims, and Response, as the case may be) exchanged pursuant to the Litigation Timetable to which this plan is annexed, their respective: |
| | | 1. statutory, common law or other legal premise(s) for each cause of action and/or defence asserted; |
| | | 2. the material facts relied upon in support of each cause of action and/or defence asserted; and |
| | | 3. the heads of damages and amount(s) claimed and/or sought to be set off under each cause of action asserted. |
| | | These pleadings shall determine the scope of relevance for this Discovery and Deposition Plan. |
| | | Core Parties who have a dispute between them, by virtue of either or both having responded to the other's pleading (whether it be on Allocation, Claims or both), shall be considered "Opposing Core Parties". |
| **4.** | ~~3.~~ Scope of Documentary Discovery ~~Among Discovery Participants~~: | **General Principles:** |
| | | ~~(a)~~ a) Definition of Documents |
| | | References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule ~~30.01~~30.01(a) of the *Rules of Civil Procedure ~~for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure~~.* |
| | | ~~(b)    Reasonable~~b) *Reasonably Accessible Documents and Proportionality* |
| | | No ~~Discovery Participant~~Core Party will be required to search data sources, including applications and databases, that it reasonably understands ~~to~~ already to be in the possession, custody~~,~~ or control of the ~~Allocation Group or Claim Group~~Core Party making the request. |
| | | Each ~~Discovery Participant~~Core Party will search only reasonably accessible data, which excludes~~ data located in decommissioned~~ |

- 3 -

~~applications and~~ data that cannot be accessed without considerable burden, time or expense.

~~A Discovery Participant shall not be required to re-produce a document that has already been produced by another Discovery Participant and the same document shall not be required to be produced by more than one Discovery Participant.~~

In light of the volume of the Debtors' hard- copy documents maintained in off-site storage facilities, and the abundance of available ~~and~~ overlapping electronic data, no ~~Discovery Participant will be~~Core Party is obligated to search ~~such~~ hard- copy documents, and rather will produce indices of such ~~hard-copy~~ documents (to the extent they exist) ~~with their responses to any document request and shall~~and meet and confer in good faith ~~with the requesting party or parties~~ regarding what hard- copy documents ~~that~~ will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense. If any party creates an electronic version of those documents~~,~~ that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with ~~Schedule A hereto to the extent reasonable and not overly burdensome~~Appendix 1 hereto.

~~(e)~~ _c)_ _Previously Produced Documents_

All documents already produced into the Merrill Lextranet database for the purpose of the several mediations in this proceeding are to be treated as having been produced in ~~the Allocation, US Claims and Canadian Claims~~this litigation~~,~~ and any ~~Discovery Participant~~Core Party that does not already have such documents shall be provided access to ~~this~~the Merrill Lextranet database, subject to ~~an~~ appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the ~~Discovery Participants~~Core Parties to clawback any privileged documents that may have been produced in the mediation context or that may be inadvertently produced under this Discovery and Disposition Plan.

~~(d)~~ _d)_ _No Waiver of Privilege_

The fact that a document has been produced by any ~~Discovery Participant~~Core Party shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other ~~Discovery Participant~~Core Party who asserts privilege over the document), ~~and~~ any ~~Discovery Participant~~Core Party who asserts privilege over the document may ask that it be clawed back under a

- 4 -

procedure to be provided for in a confidentiality or protective order.

(e) e) *Deemed Undertaking*

All of the ~~Discovery Participants~~Core Parties and their ~~respective Representatives~~counsel shall be deemed to have undertaken not to use any evidence or information obtained in the course of the discovery (including document discovery and depositions) contemplated hereby for any purposes other than the litigation being conducted under the court-ordered Allocation~~, US Claims and Canadian Claims litigation~~ Protocol and Litigation Timetable.

(f) **Document Requests and Interrogatories**

*f) Document Requests*

Each Core Party shall be entitled to serve limited reasonable requests on any other Opposing Core Party for production of further non-privileged documents, to be specified and categorized with reference to the issues between the Core Parties as raised by the pleadings and to be accompanied by suggested sources and search parameters. Core Parties whose interests are aligned shall co-ordinate their efforts so that requests are streamlined to avoid repetition and overlap in the requests of other parties.

Core Parties will work in good faith to eliminate duplication and redundancy between document requests and will meet and confer about the discovery requests both before and after they have been made.

Core Parties will also work in good faith to streamline interrogatories so as to minimize duplication as between the different anticipated requests where interests can be aligned on particular topics or for particular Opposing Core Parties with interrogatories in common.

The Core Parties shall meet and confer as is reasonable and in accordance with the Litigation Timetable.

By no later than May ~~10,~~17, 2013

~~For Allocation, each Allocation Group shall be entitled to serve limited reasonable requests for production of non-privileged documents, such requests to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant; provided that the Bondholder Group, prior to making such requests, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not~~

- 5 -

~~belong to any Allocation Group may suggest inclusions in the document requests of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 17, 2013 to seek agreement with a Discovery Participant from whom it seeks documents and, failing agreement, to seek leave of the Courts to make additional document requests if it believes in good faith that such requests are necessary and non-duplicative.~~

~~For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve limited reasonable requests for production of non-privileged documents on each opposing US Claim Party. The US Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the US Claims Defendant Group shall be entitled to serve limited reasonable requests for production of non-privileged documents on the Canadian Debtors, provided that any disputes between the US Claims Defendant Group and the Canadian Debtors regarding such discovery shall be resolved at a joint hearing of the Courts and the Canadian Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.~~

~~For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve limited reasonable requests for production of nonprivileged documents on each opposing Canadian Claim Party. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the Canadian Claims Defendant Group shall be entitled to serve limited reasonable requests for production of non-privileged documents on the US Debtors, provided that any disputes between the Canadian Claims Defendant Group and the US Debtors regarding such discovery shall be resolved at a joint hearing of the Courts and the US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.~~

~~Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation document requests and US Claims/Canadian Claims document requests. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional document requests upon a showing of good cause.~~

The U.S. Debtors, the Monitor, EMEA and the Trustees may deliver limited reasonable and specific requests for production of non-privileged documents, from each other and any Opposing Core Party,

and as between themselves and any others who are claimants and respondents to either the Canadian or U.S. Claims with whom they have a dispute about those claims.

By no later than May 21, 2013

Any Core Party other than the U.S. Debtors, the Monitor, EMEA and the Trustees may deliver supplementary limited reasonable and specific requests for production of non-privileged documents, from any Opposing Core Party and, if they are a claimant or respondent to any of the U.S. Claims, from any other Core Party with whom they have a dispute about those claims, in accordance with the Discovery and Deposition Plan.

~~(g)~~ g) *Interrogatories*

By no later than May ~~10,~~17, 2013

~~For Allocation, each Allocation Group shall be entitled to serve a limited number of reasonable identification interrogatories, such interrogatories to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant (not to exceed ten on any Discovery Participant); provided that the Bondholder Group, prior to serving such interrogatories, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the interrogatories of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 17, 2013 to seek agreement with a Discovery Participant on whom it wishes to serve interrogatories and, failing agreement, to seek leave of the Courts to serve additional interrogatories if it believes in good faith that such interrogatories are necessary and nonduplicative.~~

~~For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and US Claims Defendant Group shall be entitled to serve a limited number of reasonable identification interrogatories on each opposing US Claim Party (not to exceed ten on any Discovery Participant). The US Claims Defendant Group and the Bondholder Group shall confer on such interrogatories. In addition, the US Claims Defendant Group shall be entitled to serve a limited number of reasonable identification interrogatories on the Canadian Debtors, provided that any disputes between the US Claims Defendant Group and the Canadian Debtors regarding such discovery shall be resolved at a joint hearing of the Courts and the Canadian Debtors' agreement to accept such interrogatories does not constitute submission to~~

- 7 -

~~jurisdiction or a waiver of rights or defenses for any other purpose.~~

~~Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation interrogatories and US Claims interrogatories. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional identification interrogatories upon a showing of good cause.~~

~~The availability of contention interrogatories shall be decided by mutual agreement among the Discovery Participants at a later date, and, failing agreement, by the Court(s).~~

An Opposing Core Party may deliver limited written interrogatories seeking identification of (i) the roles and current locations of individuals with knowledge of the matters relevant to this litigation and (ii) the storage form and extent of the potentially relevant documents of these individuals.   Further written (contention) interrogatories may only be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s).

~~(h)~~ *h) Responses and Objections*

By no later than May 31, 2013

Core Parties may object to document requests and identification interrogatories.  When objecting to any discovery request, the recipient of such discovery ~~requests~~request shall state the basis for objection~~, which may be made on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2. Recipients are strongly encouraged to prepare joint objections to the same document request or interrogatories to the extent their objections overlap~~ as provided for herein.   Objections may be made only on grounds of relevance (having regard to the issues between the parties as raised by the pleadings), subsisting privilege and proportionality.

~~(i)   *Production of Documents*~~

~~**Rolling Productions of Documents Shall Commence May 31, 2013 and Shall Be Completed by June 21, 2013:**~~

Rolling Production May 31 to June 21, 2013, each Core Party working in good faith towards the earliest practicable date for production:

Subject to any objections made and sustained if challenged (see motions procedure below), each ~~recipient of a document request~~Core Party shall produce any responsive non-privileged documents to any request made of it to all ~~Discovery Participants by producing such~~

- 8 -

~~documents into the Merrill Lextranet database~~other Core Parties (to the extent they overlap, responses to multiple ~~requests~~request may be combined or cross-referenced to each other to avoid duplication)~~.~~, in accordance with Appendix 1.

In this same time frame, each ~~Discovery Participant~~Core Party shall produce any further documents that they ~~intend to rely upon~~may introduce into evidence at trial that are not already ~~part of the mediation productions or responsive productions~~stored in the Merrill Lextranet database.

~~(j)   Motions to Compel Document Production~~

~~Motions to Compel Document Productions Must Be Filed by~~By no later than June 28, 2013

Any ~~Discovery  Participant~~Core Party who served a document ~~requests~~request or interrogatory, and who seeks to compel production of a document or answer to an interrogatory, must do so ~~only after meeting and conferring in good faith with the Discovery Participant against whom a motion is contemplated, and thereafter~~ by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on ~~seven business~~7 days notice on all ~~Discovery Participants,~~other Core Parties and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested. The ~~Discovery Participant~~Core Party whose objection is challenged shall respond to this motion within ~~four business~~4 days and any other ~~Discovery Participant~~Core Party whose interests are affected by the request may serve a supplementary response within ~~two business~~2 days thereafter.

~~Notwithstanding this deadline, whenever a discovery dispute arises, the affected Discovery Participants shall promptly~~   All Core Parties shall attempt to resolve ~~the dispute~~any discovery disputes in good faith and~~, if an impasse is reached,~~ to file any necessary motions ~~with the relevant Court(s)~~ promptly.

~~(k)   Privilege Logs~~

~~Should a Discovery Participant withhold any document based on a claim of privilege or work product protection, the producing party shall provide a privilege log containing details about the category of documents withheld, including at least the following information for each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the category; (c) the date range; and (d) the author(s) and other recipients.~~

- 9 -

~~The following documents, to the extent created after the commencement of the bankruptcy proceedings, presumptively need not be included on a privilege log: (a) communications exclusively between a Discovery Participant and its outside counsel or (b) work product created by outside counsel and/or such counsel's agents.~~

Such motions to be heard by July 17, 2012 or as otherwise ordered by the Courts.

*i) No Waiver of Rights or Defences*

~~Responsive documents which are jointly privileged as to two or more of the Discovery Participants shall be produced, but only to those Discovery Participants with whom the joint privilege is shared.~~Agreement to accept and respond to a discovery request does not constitute submission to jurisdiction or a waiver of rights or defences for any other purpose.

| | | |
|---|---|---|
| <u>5.</u> | ~~4.~~Format of Production of ~~Electronic~~ Records<u>:</u> | ~~For each~~<u>Format for Exchange of Electronic Records:</u> Electronic documents to be produced in accordance with Appendix 1.<br><br><u>Format for Exchange of Paper Records:</u> If a record only exists in hard copy and there is no electronic ~~document, the responding party shall provide the metadata specified in Schedule A, but only to the extent they can reasonably be extracted or otherwise provided in a delimited text file.~~version, at the option of the producing party or any party who inspects and obtains a copy of it, it may be scanned and produced in accordance with Appendix 1 hereto. |
| <u>6.</u> | ~~5.~~Trial Witness Identification | By no later than June 28, 2013<br><br>Each ~~Discovery Participant~~<u>Core Party</u> shall identify ~~any fact (non-expert) witnesses it anticipates calling or presenting testimony of at trial, by name, employer, title and functional role held during the time period relevant to their anticipated testimony. A Discovery Participant may identify trial witnesses at a later date provided that (a)~~(i) its anticipated affiants as (non-expert) trial witnesses and whether they will be testifying to issues relating to Allocation, U.S. Claims and/or Canadian Claims, without prejudice to later identification of additional witnesses provided that the failure to identify that witness by June ~~28,~~28, 2013 was for good cause, and ~~(b) any opposing Allocation Group or Claim Group~~the other Core Parties have an opportunity to depose such witnesses before trial, and  (ii) for designations of which (if any) of that Core Party's previously filed sworn statements are being relied upon as evidence at trial whether they will be relied upon for issues relating to Allocation, U.S. Claims and/or Canadian Claims.<br><br>A Core Party may identify trial witnesses at a later date provided that |

any Opposing Core Party has had or will have a reasonable opportunity to depose the later-identified witness before trial, ~~regardless of the fact discovery cut-off or number of depositions taken.~~ about the subject matter of their expected testimony.

~~Any Discovery Participant that has previously filed an affidavit or witness statement in the context of this litigation (the Ontario and Delaware proceedings) may also, at its option, choose to designate that evidence to be tendered at trial as long as the witness will be made available to be deposed and appears at trial for cross-examination.~~

Should a ~~Discovery Participant~~Core Party wish to present evidence at trial from a witness who is not willing to swear an affidavit, such witness shall be identified at this same time, and leave of the Court(s) sought by the ~~Discovery Participant~~Core Party seeking to rely on their evidence to take that ~~witness's~~witnesses' testimony by ~~examination/~~deposition (examination out of court) so as to preserve their testimony so it can be submitted by the ~~Discovery Participant~~Core Party as evidence at trial.

| | |
|---|---|
| **7.** ~~6.~~ **Oral Examinations** ~~Or Depositions~~out of Court | ~~(a)~~ **A.    Examinations of Core Party Representatives**/ ~~30(b)(6) Depositions~~ |
| | By no later than June 28, 2013 |
| | ~~For Allocation, each Allocation Group (other than the Bondholder Allocation Group) may serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the solicitors or counsel of record for any opposing Discovery Participant specifying the topics, if any, on which that other Discovery Participant's representative is to be examined/deposed. The Bondholder Allocation Group shall consult with the Canadian Allocation Group and the US Allocation Group regarding any requests under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure it would like the US Allocation Group and the Canadian Allocation Group to serve on other Discovery Participants in accordance with the foregoing. In the event that Canadian Allocation Group and the US Allocation Group do not agree to serve such requests, the Bondholder Allocation Group may seek leave of the Court or Courts, as applicable, by motion on notice to serve its own requests for examination under Rule 34.04 of the Ontario Rules of Civil Procedure and/or depositions under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure.~~ |
| | ~~For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group may each serve a request under Rule 30(b)(6) of the United States Federal Rules~~ |

- 11 -

~~of Civil Procedure on the counsel of record for any opposing US Claim Party specifying the topics, if any, on which the US Claim Party's representative is to be deposed. The US Claims Defendant Group and the Bondholder Group shall confer on such requests.~~

~~For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group may each serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure on the solicitors/counsel of record for any opposing Canadian Claim Party specifying the topics, if any, on which the Canadian Claim Party's representative is to be examined/deposed. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests.~~

~~Use of (Discovery) Answers at Trial~~

~~Testimony of representatives proffered in response to requests under Ontario Rule 31.03 and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure may be used as evidence at trial only by Discovery Participants whose interests are adverse to those of the proffering Discovery Participants on the issue for which the evidence is being used.~~

~~**By no later than July 3, 2013**~~

Each Core Party shall serve on any Opposing Core Party the topics on which it expects the Opposing Core Party's discovery witness to be examined or deposed upon.

By no later than July 3, 2013

Each ~~Discovery Participant served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure shall designate a representative (who may, but is not required to be, a current or former officer, director or employee of that Discovery Participant) to be offered to be examined/deposed as though Rule 31.03 of the Ontario Rules of Civil Procedure applied and/or under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure as applicable. All Discovery Participants shall have the right to attend such examinations/depositions.~~ Core Party shall identify its representative (who may, but is not required to be, a current or former officer, director or employee of that Core Party) to be examined for oral examination (discovery), who is knowledgeable about, or will become reasonably informed of, the topics identified by other Opposing Core Parties to be examined upon,  in lieu of contention interrogatories (unless they are agreed or ordered to be taken in writing).

- 12 -

A Discovery Participant may designate its party representative under Rule 34.04 of the Ontario Rules of Civil Procedure as its witness(es) under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure for a single examination/deposition of each such witness(es).

(b)   Oral Examinations/ Deposition of Fact Witnesses:

By no later than June 28, 2013

In addition to the aforementioned examinations/depositions pursuant to Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure, each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (3) the US Allocation Group and the US Claims Defendant Group together may designate up to ten fact witnesses (which may be third parties, persons subject to the control of a Discovery Participant or both and which may be persons who have been identified as trial witnesses by another Discovery Participant, and any persons whose previously filed affidavits/witness statements have been designated by a Discovery Participant as trial evidence) whom it seeks to examine/depose to obtain factual information/admissions relevant to Allocation, US Claims or Canadian Claims, by serving a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or the United States Federal Rules of Civil Procedure as applicable on the solicitors or counsel of record for any other Discovery Participant or the third party (or if not represented, by serving the notice directly on the third party). Each witness shall be named and his/her place of residence (if known) shall be identified.

The Bondholder Group shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, regarding any fact witnesses it seeks to examine/depose. In the event that the Canadian Allocation Group and the US Allocation Group do not intend to designate such fact witnesses that the Bondholder Group seeks to designate, the Bondholder Group may seek leave of the Court or Courts, as applicable, by motion on notice to designate such fact witnesses.

Either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to designate additional fact witnesses upon a showing of good cause.

Notwithstanding the foregoing, in order to allow the Discovery Participants an opportunity to consider witness testimony before

- 13 -

~~naming all witnesses, each of the aforementioned Allocation Groups and Claim Groups may designate up to three of their ten fact witnesses by July 31, 2013, provided however that scheduling priority shall be given to fact witnesses designated by the June 28, 2013 deadline, whose examinations/depositions the Discovery Participants shall make reasonable efforts to schedule in the month of July.~~

### ~~All examinations/depositions to be completed by no later than August 30, 2013~~

~~Promptly after June 28, 2013, and earlier with respect to fact witnesses identified prior to the June 28, 2103 deadline (which the Discovery Participants are encouraged to do in order to commence examinations/depositions by July 1, 2013), the relevant parties shall attempt to agree on an examination/deposition schedule that contemplates the completion of all witness examinations/depositions (including any examinations/depositions for testimony preservation that the Court(s) may have granted leave to conduct) in this time frame that reflects the practicalities of examining/deposing each witness (having regard to the number of Discovery Participants examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness). All Discovery Participants shall have the right to attend such examinations/depositions.~~

~~(e)~~ Use of ~~Examinations/Depositions at Trial~~(Discovery) Answers at Trial

~~Designated portions of any examination/deposition may be filed as part of the evidence that any Discovery Participant may rely upon at trial (subject to objections which may be ruled upon by the Court as contemplated in section [8] hereof), except that testimony of a witness who is employed by, party to a cooperation agreement with or otherwise under the control of a Discovery Participant may not be relied upon as evidence by that Discovery Participant or by others sharing its interests in the issue to which the testimony relates.~~

~~If a witness who has been examined/deposed under this Discovery Plan is later called as a witness to give viva voce evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility.~~ Testimony of discovery representatives may be used as evidence at trial only by Opposing Core Parties whose interests are adverse to those of the proffering Core Party on the issue for which the evidence is being used.

- 14 -

**B. Oral Depositions:**

By no later than June 28, 2013

Each Core Party may designate up to 10 fact witnesses (which may be third parties, persons subject to the control of a Core Party or both and which may be persons who have been identified as trial witnesses by another Core Party or whose previously sworn statements have been designated by a Core Party as trial evidence) whom it seeks to examine to obtain factual information/admissions relevant to the issues raised by the pleadings of that Core Party and any persons whose previously filed affidavits/witness statements have been designated by a Core Party as trial evidence, by serving a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or United States Federal Rule of Civil Procedure 30, as applicable, on the solicitors or counsel of record for any other Core Party or by service of subpoena or other process on counsel for the third party (or if not known to be represented, by serving the subpoena or other process directly on the third party). Each witness shall be named and his/her place of residence (if known) shall be identified.

All Core Parties shall have the right to ask questions of any witnesses who is designated by any party to be deposed but if more than one party designates the same witness that witness shall only be deposed one time.

Use of Depositions at Trial:

Designated portions of any deposition may be filed as part of the evidence that any party may rely upon at trial (subject to objections which may be ruled upon by the Court as contemplated herein), except that testimony of a deponent who is employed by, party to a cooperation agreement with or otherwise under the control of a Core Party may not be relied upon as evidence by that Core Party or by others sharing its interests on the issue to which the testimony relates.

If a witness who has been deposed is later called as a witness to give *viva voce* evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility.

Use of Cross Examinations at Trial:

If a witness who previously swore an affidavit or made a statement in these proceedings and whose prior evidence is designated by a Core Party to be tendered at trial is cross examined prior to trial, the entire

- 15 -

cross examination transcript will form part of the trial evidence.

**C.    Deadline for all Examinations, Cross-Examinations and Depositions:**

All to be completed by no later than August 30, 2013

All examinations, depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within two weeks of each examination) shall be completed by this deadline, with a preference to finish fact witness depositions prior to any representative party examinations (discovery).

Once all fact witnesses have been identified, the relevant Core Parties shall attempt to agree on a schedule that contemplates the completion of all witness examinations, cross-examinations and depositions ("Examinations") in this time frame that reflects the practicalities of examining each witness (having regard to the number of parties examining, the subject matter of the examinations, the available time for completion of all examinations and the residence of the witness). Each Examination shall be co-ordinated so that a lead examiner is identified and the order of Examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness who has been designated to be examined by up to 3 Core Parties shall be examined for longer than 7 hours in total (by all Core Parties combined) and any single witness designated by more than 3 Core Parties shall not be examined for more than 14 hours, without leave of the Court(s) or the agreement of all Core Parties.

All motions arising from Examinations to be served by September 13, 2013, to be heard by October 18, 2013 or as otherwise ordered by the Courts.

| | |
|---|---|
| **8.** ~~7.~~ **Experts** | By no later than August 16, 2013 |

Each ~~Discovery Participant~~Core Party that intends to rely on the opinion evidence of a qualified expert shall identify the name of its intended expert(s) and the subject matter of their expertise and intended evidence.

By no later than September 13, 2013

Each ~~Discovery Participant~~Core Party shall deliver an affidavit or a report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by ~~Bates~~bates number if previously produced, and containing the disclosures required ~~by the~~

Applicable  Procedural  Regime  set  forth  in  section  2.under  Rule
26(a)(2) (B) of the United States Federal Rules of Civil Procedure and
Rule 53.03 of the Ontario Rules of Civil Procedure regarding the
expert's  qualifications,  prior  engagements,  compensation  and
independence.

Any  ~~Discovery  Participant~~Core Party  that  has  previously  filed  an
affidavit or report from an expert in the context of this litigation (the
Ontario and Delaware proceedings) may, at its option, choose to
designate that as part of their expert evidence at trial, ~~provided that the
expert will be made available to be examined/deposed and appears at
trial as set out below.~~  If not so designated, those previously filed
affidavits and/or reports shall not constitute part of the evidence at
trial.

~~Promptly after the submission of initial expert affidavits or reports, the
Discovery  Participants  shall  attempt  to  agree  upon  an  expert
examination/deposition schedule to commence by October 28, 2013.~~

By no later than October 18, 2013

Each ~~Discovery Participant~~Core Party shall have the right to deliver an
affidavit or report from an expert, including a newly identified rebuttal
expert,  in  response  to  one  received  by  another  ~~Discovery
Participant~~Core Party that addresses an issue that is adverse to the
~~Discovery  Participant's  position  in  the  Allocation,  US  Claims,  or
Canadian  Claims~~any position of the Core Party in this litigation.
Responses shall be permitted even if the ~~Discovery Participant~~Core
Party did not initially tender an expert's affidavit or report, if an issue
is raised by an expert whose evidence is tendered by another
~~Discovery Participant~~party that calls for response.  Responsive reports
shall be limited to responding to issues on which an affirmative expert
~~report~~has been proffered and shall not go beyond such issues.

By no later than October 25, 2013

Any  Core  Party  who  wishes  to  cross  examine  an  expert  of  an
Opposing Core Party may serve notice of its intention to do so,
regardless of whether or not that party has filed its own expert
evidence.

October 25 to November 22, 2013

The ~~Discovery Participants shall~~Core Parties will attempt to agree to a
schedule that contemplates the completion of all expert witness
~~examinations/~~depositions between ~~October 28, 2013~~the notice date
and this date that reflects the practicalities of examining/deposing each
witness (having regard to the number of parties examining/~~deposing,~~

the subject matter of the examinations~~/depositions~~, the available time for completion of all examinations~~/depositions~~ and the residence of the witness). ~~All Discovery Participants shall have the right to attend such depositions.~~

~~A Discovery Participant may request that any expert be present at trial for cross-examination, and the affidavit or report of any expert not appearing at trial if requested to appear cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.~~

Each examination shall be co-ordinated so that a lead examiner is identified and the order of examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness shall be examined for longer than 14 hours in total (by all Core Parties combined) without leave of the Court(s) or the agreement of all Core Parties.

The affidavits and~~/or reports~~ transcripts of depositions of the experts shall be filed as evidence with the court at the trial, subject only to cross- examination at trial and any applicable objections (including, without limitation, as to qualifications) that may be made and determined at the outset of the trial and directions ~~or rulings~~ from the Court(s) arising therefrom. The ~~Discovery Participant~~Core Party proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's report. The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all ~~Discovery Participants~~Core Parties adverse to the expert's ~~position~~evidence.

Motions Concerning Experts:

Any motions arising from expert reports and depositions of experts are to be made promptly and heard by November 29 or as otherwise ordered by the Courts.

Communications with Experts:

The experts shall not be examined~~/deposed~~ about or asked to produce prior drafts of their affidavits/reports and/or their communications with ~~the Discovery Participant who retained them or other Discovery Participants within the same Allocation Group or Claim Group, or their respective Representatives, or any other topic protected from disclosure by the Applicable Procedural Regime set forth in section 2.~~

~~With respect~~counsel who retained them (although they may be asked to ~~Allocation and US Claims, Rule 26 of the United States Federal~~

- 18 -

~~Rules of Civil Procedure applies to expert discovery.~~disclose the specific questions they were asked to answer).

**9. 8. General Procedure Applicable to All Oralall pre-trial Examinations/Depositions**

~~Length of~~Attendance at Oral Examinations/Depositions

~~Each oral examination/deposition may last for up to seven hours (including only time spent on the record and excluding any breaks) except that any witness or representative noticed by multiple Allocation Groups or Claim Groups may last up to 14 such hours. No single witness shall be examined/deposed for longer than 14 such hours in total without leave of the Court(s) or the agreement of the Discovery Participant represented by that witness or the witness if such witness is a third party.~~

For the avoidance of doubt, all Core Parties shall have the right to attend all oral Examinations that relate to any issue, regardless of whether or not they have a right to examine that witness.

Coordinating Oral Examinations/Depositions:

Each ~~examination/deposition~~Examination shall be coordinated so that a lead examiner is identified ~~for each group that noticed the oral examination/deposition (where an Allocation Group and Claim Group from the same jurisdiction counts as one group)~~. Lead examiners shall work in good faith with any ~~other lead examiners as well as other affected Discovery Participants to reflect a coordinated effort to avoid~~others who are participating in the examination to try to use the available time most efficiently and avoid, to the extent possible, duplication of questions.~~ For the avoidance of doubt, the US Claims Defendant Group shall have the right to attend oral examinations/depositions that relate to the Canadian Claims, and the Canadian Claims Defendant Group shall have the right to attend oral examinations/depositions that relate to the US Claims.~~

Transcripts and video taping:

All ~~examinations/depositions~~Examinations shall be taken under oath ~~in the presence of a Canadian or US certified court reporter~~ and transcribed and the transcripts made available to all ~~Discovery Participants~~Core Parties, whether or not they are in attendance at the examination~~/deposition~~. At the option of any examining~~/deposing Discovery Participant, the examination/deposition~~ party, the Examination may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s). The examining~~/deposing Discovery Participant(s~~ party(ies) shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay for their own copies.

- 19 -

Objections:

Objections may be made on ~~any ground provided in the rules of the Applicable Procedural Regime set forth in section 2.~~grounds of relevance (having regard to the issues between the parties as raised by the pleadings), form, subsisting privilege and proportionality only. An objection to form shall not be made solely on the basis that a question is leading unless the deponent is employed by, party to a cooperation agreement with or otherwise under the control of the Core Party represented by the questioner. Questions that are objected to solely on grounds ~~other than privilege~~of relevance or form shall be answered under reserve of that objection.   All other objections shall be preserved.

Requirement for Summons:

If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US ~~Debtors,~~Estates and the Joint Administrators,~~ and the UK Pension Claimants~~ shall ~~reasonably~~ assist in issuing process or otherwise procuring a witness's attendance irrespective of which ~~Discovery Participant~~Core Party has sought the witness's deposition.   Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment ~~or consent~~ to that jurisdiction for any other purpose.

Undertakings:

~~With respect to Allocation and Canadian Claims, the~~The witness shall answer any undertakings that were agreed to on his/her examination~~/deposition~~ within two weeks of the date of his/her examination~~/deposition, unless otherwise agreed to by the affected Discovery Participants.~~

| | |
|---|---|
| __10.__ ~~9. ~~General Terms | Any ~~Discovery Participant~~Core Party may make a motion to the Court to compel another ~~Discovery Participant~~Core Party to take the steps contemplated by the Discovery and Deposition Plan or other steps, and the ~~parties~~Parties agree that the Court(s) may take the existence of the Discovery and Deposition Plan into account in determining whether to grant the ~~order~~Order sought. ~~The Discovery Participants that are parties to~~ The respondent on such a motion may seek to justify ~~their respective positions~~its non-compliance with the Discovery and Deposition Plan on the basis of, among other things, any information that was unknown or ~~not reasonably available~~unavailable to that ~~Discovery Participant~~Party at the time the Discovery and Deposition Plan was entered into. |

- 20 -

Breach of this Discovery and Deposition Plan does not, in and of itself, give rise to a right to damages or any other monetary relief, or to injunctive relief, although the Core Parties agree that the Court(s) may take any breach of this Discovery and Deposition Plan into account in exercising discretion with respect to costs or other sanctions, or on an application for injunctive relief.

The ~~Discovery Participants~~Core Parties recognize that, as additional information becomes available throughout the ~~Allocation, US Claims and Canadian Claims~~litigation, it may become apparent that: (a) it is impracticable or impossible for a ~~Discovery Participant~~Core Party to comply with the terms of the Discovery and Deposition Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery and Deposition Plan, are required in order for a ~~Discovery Participant~~Core Party to obtain access to ~~potentially~~ relevant documents~~, information or witness testimony. Each Discovery Participant~~ in the litigation. Each Core Party agrees to notify the other ~~Discovery Participants~~Core Parties promptly when it ~~reasonably believes~~knows that it will not comply with any term of the Discovery and Deposition Plan or when it ~~reasonably~~ concludes that another Core Party should take further steps beyond those set out in this Discovery and Deposition Plan ~~are required~~. The ~~Discovery Participants~~Core Parties agree to negotiate in good faith with respect to any amendments to the Discovery and Deposition Plan requested by a ~~Discovery Participant~~Core Party on ~~that~~the basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the ~~Discovery Participants~~Core Parties.

~~All Discovery Participants~~The Core Parties shall meet and confer in good faith without the assistance of the Court(s) ~~in attempting~~and attempt to resolve any disputes in the interpretation or implementation of ~~this~~the Discovery and Deposition Plan. ~~Discovery Participants~~Core Parties are required to promptly seek relief from the applicable Court ~~or Courts if~~(s) once an impasse ~~is reached in any dispute and shall not be heard to complain of any prejudice resulting from their own delay in seeking relief~~has been reached in any dispute. This relief may be raised for the Court(s) for initial consideration at an informal case conference before taking any other procedural steps by way or motion or otherwise as long as that can be arranged promptly.

All motions or directions sought from the Court(s) pursuant to this Discovery and Deposition Plan shall be brought ~~before the following Court or Courts: with respect to Allocation, before~~to Judge Gross of the United States Bankruptcy Court for the District Court of Delaware and/or Justice Morawetz of the Ontario Superior Court of Justice~~; with respect to US Claims~~ as the case may dictate, ~~before Judge Gross; and with respect to Canadian Claims, before Justice Morawetz. The Courts~~

- 21 -

shall hold regularly scheduled joint discovery conferences for discovery disputes in Allocation and those discovery disputes that affect both jurisdictions.or any referee who they may direct;

- 22 -

## SCHEDULE A

Prepared and agreed upon by:

**[To be signed by Counsel of Record for each Core Party]**

- 23 -

## APPENDIX 1

Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form: **[NTD: Subject to confirmation by Merrill.]**

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| Document Numbering | *Docid* | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | *Parentid* | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | *Attchids* | Note text | Docid(s) attached to Parentid | AA0000001 |
| Fields/Coded Data for ~~Emails~~E-mails | *Datesent* | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY As per metadata |
| | *Timesent* | Time | Time e-mail was sent | As per metadata (HH:MM:SS) |
| | *Timercvd* | Time | Time e-mail was received | As per metadata (HH:MM:SS) |
| | *To* | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | *From* | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | *Subject* | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | *Cc* | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | ~~*Bcc*~~ | ~~Multi-Entry~~ | ~~Names/e-mail address(es) of the individuals who were blind-copied on the e-mail~~ | ~~As per metadata~~ |
| | *Media* | Note Text | Used to identify the type of media for an attachment  When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc  This field is required for loading electronic documents and attachments, | As per metadata |
| Fields/Coded Data for Attachments and Loose Electronic Documents | *Datesvd* | Date | Date an electronic file or attachment was last saved | As per metadata |
| | *Datecrtd* | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | *Filetype* | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | ~~*Filetype*~~ *Filename* | Note Text | ~~Type~~File name of ~~file of an~~ electronic file or attachment | As per metadata |
| | ~~*Filename*~~ | ~~Note Text~~ | ~~File name of electronic file or attachment~~ | ~~As per metadata~~ |
| | *Doclink* | Note Text | Used to link a document to the database record  Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | *Folder* | Note Text | Original folder containing path of electronic document as provided | As per metadata |

- 24 -

| Item | Field | Field Type | Description | Format |
|------|-------|-----------|-------------|--------|
| | *Custodian* | Note Text | Person from whom document was collected | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment<br><br>When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc<br><br>This field is required for loading electronic documents and attachments. | As per metadata |
| Fields/Coded Data for Paper Documents | *Docdate* | Date | Date of document (subjectively coded) | MM/DD/YYYY |
| | ~~*CollectDate*~~ *Doctype* | ~~Date~~Note Text | ~~Creation  Date~~Type of ~~Electronic  File~~ document (subjectively coded) | ~~MM/DD/YYYY~~ |
| | ~~*Source*~~ *Doctitle* | Note Text | ~~Location or person from whom~~Title of document ~~was collected~~ (subjectively coded) | |
| | *Attach#* | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | *Author* | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | *Recip* | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| Fields/Coded Data for Paper and Electronic Documents (Chronological Review) | *Leaddate* | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| Redactions | ~~*Leadtime*~~ *Redact* | ~~Date~~Note | ~~Time of the parent document, populated to all attachments for use with chronological sorting while keeping document families together~~ ~~Allows for further sorting of documents dated the same day by time~~Document has redactions | ~~HH:MM:SS~~"Redacted" stamped on document |

1. Each document shall be individually produced with a unique document ID number.

2. ~~For each document, the Discovery Participant shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted. In these instances, provide a text file created using optical character recognition (OCR) to the extent reasonably practicable.~~OCR text searchable, to the extent the document permits.

3. All images will be single page tiff format (excluding spreadsheets which will be provided in native format) with 300 dpi specifications.  Spreadsheets to be provided in ~~the eDocs folder~~native format.

4. ~~Parties will provide the following load files formatted as follows:~~

- 25 -

(a) ~~Image folder (single page tiff, 300 dpi);~~

(b) ~~eDocs folder (for native files, specifically Excel which will not be tiffed);~~

(c) ~~OCR folder (with text files and a control list for loading);~~

(d) ~~data.txt or data.csv (with coded fields listed above for ESI and paper documentation); and~~

(e) ~~imginfo.txt or imginfo.csv.~~

~~5.    If a document and its exact duplicates are associated with the same custodian, the responding party may withhold the exact duplicates from production. If a document and its exact duplicates are associated with different custodians, the responding party may withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld.~~

\6181973

Document comparison done by DeltaView on Sunday, April 21, 2013 3:39:50 PM

| Input: | |
|---|---|
| Document 1 | file://C:/Documents and Settings/nytemp1/Desktop/Original document.DOC |
| Document 2 | file://C:/Documents and Settings/nytemp1/Desktop/Modified document.DOC |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 253 |
| Deletions | 268 |
| Moved from | 12 |
| Moved to | 12 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 545 |