# EXHIBIT A

Court File No.  09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT
OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT
ACT,* R.S.C. 1985, c. C-36, AS AMENDED

**SUBMISSIONS OF THE CCC**
**CONCERNING DISCOVERY PLAN**
**DATED APRIL 19, 2013**

April 23, 2013

**KOSKIE MINSKY LLP**
20 Queen Street West, Suite 900
Toronto, ON  M5H 3R3

**Mark Zigler / Susan Philpott / Ari
Kaplan**
Tel:  416.595.2090
Fax: 416.204.2877

Email: mzigler@kmlaw.ca
sphilpott@kmlaw.ca
akaplan@kmlaw.ca

Lawyers for the Canadian Former
Employees and Disabled Employees
through their court appointed
Representative

**CAW-CANADA LEGAL
DEPARTMENT**
205 Placer Court
Toronto, ON  M2H 3H9

**Barry Wadsworth**
Tel:  416.495.3776
Fax: 416.495.3786

Email:  barry.wadsworth@caw.ca

Lawyers for the Canadian Autoworkers
Union

**SHIBLEY RIGHTON LLP**
**w/ NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, ON   M5H 3E5

**Arthur O. Jacques/ Thomas McRae**
Tel:    416.214.5213/5206
Fax:    416.214.5413/5400

Email:
arthur.jacques@shibleyrighton.com
thomas.mcrae@shibleyrighton.com

Lawyers for active and transferred
employees of Nortel Canada

**PALIARE ROLAND ROSENBERG**
**ROTHSTEIN LLP**
155 Wellington Street West, 35th Floor
Toronto, ON  M5V 3H1

**Ken Rosenberg / Lily Harmer /**
**Massimo Starnino**
Tel:  416.646.4300
Fax: 416.646.4301

Email:
ken.rosenberg@paliareroland.com
lily.harmer@paliareroland.com
max.starnino@paliareroland.com

Lawyers for the Superintendent of
Financial Services as Administrator of
the Pension Benefits Guarantee Fund

**McCARTHY TETRAULT**
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6

**James Gage / Barbara Boake**
Tel: 416.362.1812
Fax: 416.868.0673

Email: jgage@mccarthy.ca
bboake@mccarthy.ca

Lawyers for Morneau Shepell Ltd., as
administrator of the Nortel Canada
registered pension plans

866258_1.DOC

Court File No.  09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT**
**OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS**
**TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT***
***ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**SUBMISSIONS OF THE CCC**
**CONCERNING DISCOVERY PLAN**
**DATED APRIL 19, 2013**

1.    The CCC proposes certain revisions to the provisions proposed by the
Monitor relating to the scope of documentary discovery in paragraph 4 of the
Monitor's and Canadian Debtors' Discovery Plan ("Plan").  Attached is a blackline
against that proposal.

2.    The CCC objects to the limitations on the scope of and access to
documents in the control of some of the Core Parties as contemplated by the
Monitor's Plan.  Paragraph 4(b) in particular of the Plan allows Core Parties with
documents to unduly limit their obligations to identify and search databases,
including storage facilities, for relevant documents.  This aspect of the Plan
would cause particular prejudice to the CCC for the following reasons:

    a.    To date the CCC has had access only to a small portion of the
          Merrill database.

b.    The documents were placed in that database for the limited purpose of the mediations, without regard to providing reasonable, relevant document production in the litigation.

c.    The CCC has no knowledge of the contents of the remainder of the Merrill database to which they have been denied access.

d.    The CCC has no knowledge of the existence, location or format of other relevant documents or databases that are in the control of other Core Parties.

e.    The Plan contemplates that Core Parties will not be obliged to search for hard copy documents and will only have to produce indices of such documents if they exist.  The CCC understands, however, that few if any such indices exist.  Therefore the Plan would effectively exclude important relevant documents from production.

f.    The Plan justifies this limitation on the basis that there is available electronic data.  The CCC to date has only been provided access to a limited database, which appears to contain very limited relevant documents for purposes of the litigation.  Absent access to the electronic data referred to in the Plan, the CCC is unable to determine the scope and nature of electronic data, and whether it addresses the issues raised by the bar to access to hard copy documents.

g.    Given the importance of this litigation to many former Nortel employees represented by the CCC and others, the discovery

process, while necessarily expedited, must still provide for meaningful production.

h.    Even in an expedited process, each party should to provide reasonable information about the nature and scope of their documents so that relevant documents required for the litigation are readily identified and produced in a timely way.

i.    The parties who have control and knowledge of the documents are in the best position to provide information about the nature, location, and format of relevant documents so that targeted document requests can be made.

j.    The discovery obligations contemplated in the proposed Plan are subjective and vague, and provide too much scope for parties to avoid production.

k.    Too much emphasis has been placed on proportionality at the expense of basic discovery principles which ordinarily require those in control of documents to identify documents.  This is especially important in this litigation where the outcome will affect thousands of former employees and other creditors.  They should not feel that the process is designed to limit their access to Nortel documents.

3.    The CCC therefore submits that paragraph 4(b) of the Plan be removed.

4.    The CCC hereby reserves the right to request revisions of any Discovery Plan approved by the Courts as may be required over time given the unfolding of the process leading to trial, including, without limitation, as a result of provisions in the Confidentiality Agreement currently in negotiation amongst the parties.

866240-2

All of which is respectfully submitted this 23rd day of April, 2013.

| **KOSKIE MINSKY LLP**<br>20 Queen Street West, Suite 900<br>Toronto, ON  M5H 3R3<br><br>**Mark Zigler / Susan Philpott / Ari Kaplan**<br>Tel:  416.595.2090<br>Fax: 416.204.2877<br><br>Email: mzigler@kmlaw.ca<br>sphilpott@kmlaw.ca<br>akaplan@kmlaw.ca<br><br>Lawyers for the Canadian Former Employees and Disabled Employees through their court appointed Representative | **CAW-CANADA LEGAL DEPARTMENT**<br>205 Placer Court<br>Toronto, ON  M2H 3H9<br><br>**Barry Wadsworth**<br>Tel:  416.495.3776<br>Fax: 416.495.3786<br><br>Email:  barry.wadsworth@caw.ca<br><br>Lawyers for the Canadian Autoworkers Union |
|---|---|

| | |
|---|---|
| **SHIBLEY RIGHTON LLP**<br>**w/ NELLIGAN O'BRIEN PAYNE LLP**<br>Barristers and Solicitors<br>250 University Avenue, Suite 700<br>Toronto, ON   M5H 3E5<br><br>**Arthur O. Jacques/ Thomas McRae**<br>Tel:    416.214.5213/5206<br>Fax:   416.214.5413/5400<br><br>Email:<br>arthur.jacques@shibleyrighton.com<br>thomas.mcrae@shibleyrighton.com<br><br>Lawyers for active and transferred<br>employees of Nortel Canada | **McCARTHY TETRAULT LLP**<br>TD Bank Tower, Suite 5300<br>Toronto Dominion Centre<br>66 Wellington Street West<br>Toronto ON M5K 1E6<br><br>**James Gage / Barbara Boake**<br>Tel:  416.362.1812<br>Fax: 416.868.0673<br><br>Email: jgage@mccarthy.ca<br>bboake@mccarthy.ca<br><br>Lawyers for Morneau Shepell Ltd., as<br>administrator of the Nortel Canada<br>registered pension plans |
| **PALIARE ROLAND ROSENBERG**<br>**ROTHSTEIN LLP**<br>155 Wellington Street West, 35th Floor<br>Toronto, ON  M5V 3H1<br><br>**Ken Rosenberg / Lily Harmer /**<br>**Massimo Starnino**<br>Tel:  416.646.4300<br>Fax: 416.646.4301<br><br>Email:<br>ken.rosenberg@paliareroland.com<br>lily.harmer@paliareroland.com<br>max.starnino@paliareroland.com<br><br>**Lawyers for the Superintendent of**<br>**Financial Services as Administrator**<br>**of the Pension Benefits Guarantee**<br>**Fund** | |

Schedule "A"
Monitor and Canadian Debtors

**Ontario Superior Court of Justice – Commercial List Court File No. 09-CL-7950**
**United States Bankruptcy Court for the District of Delaware Court file No. 09-10138(KG)**

**RE: IN THE MATTER OF NORTEL NETWORKS CORPORATION ET AL**

# DISCOVERY AND DEPOSITION PLAN
(Dated as of April 19, 2013)

| | |
|---|---|
| 1. **Definitions** | Capitalized terms used herein and not otherwise defined shall have the same meaning ascribed in the Litigation Timetable to which this document is a schedule and the Joint Discovery Scheduling Order. |
| 2. **Applicable Procedural Regime:** | The following procedural regimes apply:<br><br>(a) In the Ontario Superior Court of Justice, the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario; and<br><br>(b) In the District Court of Delaware, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court District of Delaware,<br><br>and may be referred to in respect of matters not otherwise addressed by the letter and intent of this Discovery and Deposition Plan, the Joint Discovery Scheduling Order, the Allocation Protocol and any other procedural orders of the Courts. |
| 3. **Legal Issues For Determination at Trial:** | Each of the Core Parties shall have identified in their pleading(s) (Allocation Position, Allocation Response, Canadian Claims, U.S. Claims, and Response, as the case may be) exchanged pursuant to the Litigation Timetable to which this plan is annexed, their respective:<br><br>1. statutory, common law or other legal premise(s) for each cause of action and/or defence asserted;<br><br>2. the material facts relied upon in support of each cause of action and/or defence asserted; and<br><br>3. the heads of damages and amount(s) claimed and/or sought to be set off under each cause of action asserted.<br><br>These pleadings shall determine the scope of relevance for this Discovery and Deposition Plan. |

- 2 -

Core Parties who have a dispute between them, by virtue of either or both having responded to the other's pleading (whether it be on Allocation, Claims or both), shall be considered "Opposing Core Parties".

**4.  Scope of Documentary Discovery:**

<u>General Principles:</u>

*a) Definition of Documents*

References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01(a) of the *Rules of Civil Procedure.*

*c) Previously Produced Documents*

All documents already produced into the Merrill Lextranet database for the purpose of the several mediations in this proceeding are to be treated as having been produced in this litigation and any Core Party that does not already have such documents shall be provided access to the Merrill Lextranet database, subject to appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the Core Parties to clawback any privileged documents that may have been produced in the mediation context or that may be inadvertently produced under this Discovery and Disposition Plan.

*d) No Waiver of Privilege*

The fact that a document has been produced by any Core Party shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other Core Party who asserts privilege over the document), any Core Party who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in a confidentiality or protective order.

*e) Deemed Undertaking*

All of the Core Parties and their counsel shall be deemed to have undertaken not to use any evidence or information obtained in the course of the discovery (including document discovery and depositions) contemplated hereby for any purposes other than the litigation being conducted under the court-ordered Allocation Protocol and Litigation Timetable.

<u>Document Requests and Interrogatories</u>

**Deleted:** *b) Reasonably Accessible Documents and Proportionality¶*
No Core Party will be required to search data sources, including applications and databases, that it reasonably understands already to be in the possession, custody or control of the Core Party making the request.¶
Each Core Party will search only reasonably accessible data, which excludes data that cannot be accessed without considerable burden, time or expense.¶
In light of the volume of the Debtors' hard copy documents maintained in off-site storage facilities, and the abundance of available overlapping electronic data, no Core Party is obligated to search hard copy documents, and rather will produce indices of such documents (to the extent they exist) and meet and confer in good faith regarding what hard copy documents will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense. If any party creates an electronic version of those documents that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with Appendix 1 hereto.¶

**Formatted:** French (France)

*f) Document Requests*

Each Core Party shall be entitled to serve reasonable requests on any other Opposing Core Party for production of further non-privileged documents, to be specified and categorized with reference to the issues between the Core Parties as raised by the pleadings and to be accompanied by suggested sources and search parameters. Core Parties whose interests are aligned shall co-ordinate their efforts so that requests are streamlined to avoid repetition and overlap in the requests of other parties.

Core Parties will work in good faith to eliminate duplication and redundancy between document requests and will meet and confer about the discovery requests both before and after they have been made.

Core Parties will also work in good faith to streamline interrogatories so as to minimize duplication as between the different anticipated requests where interests can be aligned on particular topics or for particular Opposing Core Parties with interrogatories in common.

The Core Parties shall meet and confer as is reasonable and in accordance with the Litigation Timetable.

By no later than May 17, 2013

The U.S. Debtors, the Monitor, EMEA and the Trustees may deliver limited reasonable and specific requests for production of non-privileged documents, from each other and any Opposing Core Party, and as between themselves and any others who are claimants and respondents to either the Canadian or U.S. Claims with whom they have a dispute about those claims.

By no later than May 21, 2013

Any Core Party other than the U.S. Debtors, the Monitor, EMEA and the Trustees may deliver supplementary limited reasonable and specific requests for production of non-privileged documents, from any Opposing Core Party and, if they are a claimant or respondent to any of the U.S. Claims, from any other Core Party with whom they have a dispute about those claims, in accordance with the Discovery and Deposition Plan.

*g) Interrogatories*

By no later than May 17, 2013

An Opposing Core Party may deliver limited written interrogatories seeking identification of (i) the roles and current locations of

**Deleted:** limited

- 4 -

individuals with knowledge of the matters relevant to this litigation and (ii) the storage form and extent of the potentially relevant documents of these individuals. Further written (contention) interrogatories may only be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s).

*h) Responses and Objections*

By no later than May 31, 2013

Core Parties may object to document requests and identification interrogatories. When objecting to any discovery request, the recipient of such discovery request shall state the basis for objection as provided for herein. Objections may be made only on grounds of relevance (having regard to the issues between the parties as raised by the pleadings), subsisting privilege and proportionality.

Rolling Production May 31 to June 21, 2013, each Core Party working in good faith towards the earliest practicable date for production:

Subject to any objections made and sustained if challenged (see motions procedure below), each Core Party shall produce any responsive non-privileged documents to any request made of it to all other Core Parties (to the extent they overlap, responses to multiple request may be combined or cross-referenced to each other to avoid duplication), in accordance with Appendix 1.

In this same time frame, each Core Party shall produce any further documents that they may introduce into evidence at trial that are not already stored in the Merrill Lextranet database.

By no later than June 28, 2013

Any Core Party who served a document request or interrogatory, and who seeks to compel production of a document or answer to an interrogatory, must do so by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on 7 days notice on all other Core Parties and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested. The Core Party whose objection is challenged shall respond to this motion within 4 days and any other Core Party whose interests are affected by the request may serve a supplementary response within 2 days thereafter. All Core Parties shall attempt to resolve any discovery disputes in good faith and to file any necessary motions promptly.

Such motions to be heard by July 17, 2012 or as otherwise ordered by

|  |  | the Courts. |
|---|---|---|
|  |  | *i) No Waiver of Rights or Defences* |
|  |  | Agreement to accept and respond to a discovery request does not constitute submission to jurisdiction or a waiver of rights or defences for any other purpose. |
| 5. | **Format of Production of Records:** | **Format for Exchange of Electronic Records:** Electronic documents to be produced in accordance with Appendix 1. |
|  |  | **Format for Exchange of Paper Records:** If a record only exists in hard copy and there is no electronic version, at the option of the producing party or any party who inspects and obtains a copy of it, it may be scanned and produced in accordance with Appendix 1 hereto. |
| 6. | **Trial Witness Identification** | By no later than June 28, 2013 |
|  |  | Each Core Party shall identify (i) its anticipated affiants as (non-expert) trial witnesses and whether they will be testifying to issues relating to Allocation, U.S. Claims and/or Canadian Claims, without prejudice to later identification of additional witnesses provided that the failure to identify that witness by June 28, 2013 was for good cause, and the other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed sworn statements are being relied upon as evidence at trial whether they will be relied upon for issues relating to Allocation, U.S. Claims and/or Canadian Claims. |
|  |  | A Core Party may identify trial witnesses at a later date provided that any Opposing Core Party has had or will have a reasonable opportunity to depose the later-identified witness before trial about the subject matter of their expected testimony. |
|  |  | Should a Core Party wish to present evidence at trial from a witness who is not willing to swear an affidavit, such witness shall be identified at this same time, and leave of the Court(s) sought by the Core Party seeking to rely on their evidence to take that witnesses' testimony by deposition (examination out of court) so as to preserve their testimony so it can be submitted by the Core Party as evidence at trial. |
| 7. | **Oral Examinations out of Court** | **A. Examinations of Core Party Representatives** |
|  |  | By no later than June 28, 2013 |
|  |  | Each Core Party shall serve on any Opposing Core Party the topics on which it expects the Opposing Core Party's discovery witness to be |

examined or deposed upon.

<u>By no later than July 3, 2013</u>

Each Core Party shall identify its representative (who may, but is not required to be, a current or former officer, director or employee of that Core Party) to be examined for oral examination (discovery), who is knowledgeable about, or will become reasonably informed of, the topics identified by other Opposing Core Parties to be examined upon, in lieu of contention interrogatories (unless they are agreed or ordered to be taken in writing).

<u>Use of (Discovery) Answers at Trial</u>

Testimony of discovery representatives may be used as evidence at trial only by Opposing Core Parties whose interests are adverse to those of the proffering Core Party on the issue for which the evidence is being used.

**B. Oral Depositions:**

<u>By no later than June 28, 2013</u>

Each Core Party may designate up to 10 fact witnesses (which may be third parties, persons subject to the control of a Core Party or both and which may be persons who have been identified as trial witnesses by another Core Party or whose previously sworn statements have been designated by a Core Party as trial evidence) whom it seeks to examine to obtain factual information/admissions relevant to the issues raised by the pleadings of that Core Party and any persons whose previously filed affidavits/witness statements have been designated by a Core Party as trial evidence, by serving a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or United States Federal Rule of Civil Procedure 30, as applicable, on the solicitors or counsel of record for any other Core Party or by service of subpoena or other process on counsel for the third party (or if not known to be represented, by serving the subpoena or other process directly on the third party). Each witness shall be named and his/her place of residence (if known) shall be identified.

All Core Parties shall have the right to ask questions of any witnesses who is designated by any party to be deposed but if more than one party designates the same witness that witness shall only be deposed one time.

<u>Use of Depositions at Trial:</u>

Designated portions of any deposition may be filed as part of the

evidence that any party may rely upon at trial (subject to objections which may be ruled upon by the Court as contemplated herein), except that testimony of a deponent who is employed by, party to a cooperation agreement with or otherwise under the control of a Core Party may not be relied upon as evidence by that Core Party or by others sharing its interests on the issue to which the testimony relates.

If a witness who has been deposed is later called as a witness to give *viva voce* evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility.

Use of Cross Examinations at Trial:

If a witness who previously swore an affidavit or made a statement in these proceedings and whose prior evidence is designated by a Core Party to be tendered at trial is cross examined prior to trial, the entire cross examination transcript will form part of the trial evidence.

**C. Deadline for all Examinations, Cross-Examinations and Depositions:**

All to be completed by no later than August 30, 2013

All examinations, depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within two weeks of each examination) shall be completed by this deadline, with a preference to finish fact witness depositions prior to any representative party examinations (discovery).

Once all fact witnesses have been identified, the relevant Core Parties shall attempt to agree on a schedule that contemplates the completion of all witness examinations, cross-examinations and depositions ("Examinations") in this time frame that reflects the practicalities of examining each witness (having regard to the number of parties examining, the subject matter of the examinations, the available time for completion of all examinations and the residence of the witness). Each Examination shall be co-ordinated so that a lead examiner is identified and the order of Examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness who has been designated to be examined by up to 3 Core Parties shall be examined for longer than 7 hours in total (by all Core Parties combined) and any single witness designated by more than 3 Core Parties shall not be examined for more than 14 hours, without leave of the Court(s) or the agreement of all Core Parties.

- 8 -

| | |
|---|---|
| | All motions arising from Examinations to be served by September 13, 2013, to be heard by October 18, 2013 or as otherwise ordered by the Courts. |
| **8. Experts** | <u>By no later than August 16, 2013</u><br><br>Each Core Party that intends to rely on the opinion evidence of a qualified expert shall identify the name of its intended expert(s) and the subject matter of their expertise and intended evidence.<br><br><u>By no later than September 13, 2013</u><br><br>Each Core Party shall deliver an affidavit or a report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by bates number if previously produced, and containing the disclosures required under Rule 26(a)(2) (B) of the United States Federal Rules of Civil Procedure and Rule 53.03 of the Ontario Rules of Civil Procedure regarding the expert's qualifications, prior engagements, compensation and independence.<br><br>Any Core Party that has previously filed an affidavit or report from an expert in the context of this litigation (the Ontario and Delaware proceedings) may, at its option, choose to designate that as part of their expert evidence at trial.  If not so designated, those previously filed affidavits and/or reports shall not constitute part of the evidence at trial.<br><br><u>By no later than October 18, 2013</u><br><br>Each Core Party shall have the right to deliver an affidavit or report from an expert, including a newly identified rebuttal expert, in response to one received by another Core Party that addresses an issue that is adverse to any position of the Core Party in this litigation. Responses shall be permitted even if the Core Party did not initially tender an expert's affidavit or report, if an issue is raised by an expert whose evidence is tendered by another party that calls for response. Responsive reports shall be limited to responding to issues on which an affirmative expert has been proffered and shall not go beyond such issues.<br><br><u>By no later than October 25, 2013</u><br><br>Any Core Party who wishes to cross examine an expert of an Opposing Core Party may serve notice of its intention to do so, regardless of whether or not that party has filed its own expert evidence. |

| | |
|---|---|
| | **October 25 to November 22, 2013** |
| | The Core Parties will attempt to agree to a schedule that contemplates the completion of all expert witness depositions between the notice date and this date that reflects the practicalities of examining each witness (having regard to the number of parties examining, the subject matter of the examinations, the available time for completion of all examinations and the residence of the witness). |
| | Each examination shall be co-ordinated so that a lead examiner is identified and the order of examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness shall be examined for longer than 14 hours in total (by all Core Parties combined) without leave of the Court(s) or the agreement of all Core Parties. |
| | The affidavits and transcripts of depositions of the experts shall be filed as evidence with the court at the trial, subject only to cross examination at trial and any applicable objections (including, without limitation, as to qualifications) that may be made and determined at the outset of the trial and directions from the Court(s) arising therefrom. The Core Party proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's report. The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all Core Parties adverse to the expert's evidence. |
| | **Motions Concerning Experts:** |
| | Any motions arising from expert reports and depositions of experts are to be made promptly and heard by November 29 or as otherwise ordered by the Courts. |
| | **Communications with Experts:** |
| | The experts shall not be examined about or asked to produce prior drafts of their affidavits/reports and/or their communications with counsel who retained them (although they may be asked to disclose the specific questions they were asked to answer). |
| 9. **General Procedure Applicable to all pre-trial Examinations** | **Attendance at Oral Examinations/Depositions** |
| | For the avoidance of doubt, all Core Parties shall have the right to attend all oral Examinations that relate to any issue, regardless of whether or not they have a right to examine that witness. |
| | **Coordinating Oral Examinations/Depositions:** |

Each Examination shall be coordinated so that a lead examiner is identified. Lead examiners shall work in good faith with any others who are participating in the examination to try to use the available time most efficiently and avoid, to the extent possible, duplication of questions.

Transcripts and video taping:

All Examinations shall be taken under oath and transcribed and the transcripts made available to all Core Parties, whether or not they are in attendance at the examination. At the option of any examining party, the Examination may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s). The examining party(ies) shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay for their own copies.

Objections:

Objections may be made on grounds of relevance (having regard to the issues between the parties as raised by the pleadings), form, subsisting privilege and proportionality only. An objection to form shall not be made solely on the basis that a question is leading unless the deponent is employed by, party to a cooperation agreement with or otherwise under the control of the Core Party represented by the questioner. Questions that are objected to solely on grounds of relevance or form shall be answered under reserve of that objection. All other objections shall be preserved.

Requirement for Summons:

If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US Estates and the Joint Administrators shall assist in issuing process or otherwise procuring a witness's attendance irrespective of which Core Party has sought the witness's deposition. Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment to that jurisdiction for any other purpose.

Undertakings:

The witness shall answer any undertakings that were agreed to on his/her examination within two weeks of the date of his/her examination.

**10. General Terms**

Any Core Party may make a motion to the Court to compel another Core Party to take the steps contemplated by the Discovery and Deposition Plan or other steps, and the Parties agree that the Court(s) may take the existence of the Discovery and Deposition Plan into account in determining whether to grant the Order sought. The respondent on such a motion may seek to justify its non-compliance with the Discovery and Deposition Plan on the basis of, among other things, any information that was unknown or unavailable to that Party at the time the Discovery and Deposition Plan was entered into.

Breach of this Discovery and Deposition Plan does not, in and of itself, give rise to a right to damages or any other monetary relief, or to injunctive relief, although the Core Parties agree that the Court(s) may take any breach of this Discovery and Deposition Plan into account in exercising discretion with respect to costs or other sanctions, or on an application for injunctive relief.

The Core Parties recognize that, as additional information becomes available throughout the litigation, it may become apparent that: (a) it is impracticable or impossible for a Core Party to comply with the terms of the Discovery and Deposition Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery and Deposition Plan, are required in order for a Core Party to obtain access to relevant documents in the litigation. Each Core Party agrees to notify the other Core Parties promptly when it knows that it will not comply with any term of the Discovery and Deposition Plan or when it concludes that another Core Party should take further steps beyond those set out in this Discovery and Deposition Plan. The Core Parties agree to negotiate in good faith with respect to any amendments to the Discovery and Deposition Plan requested by a Core Party on the basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the Core Parties.

The Core Parties shall meet and confer in good faith without the assistance of the Court(s) and attempt to resolve any disputes in the interpretation or implementation of the Discovery and Deposition Plan. Core Parties are required to promptly seek relief from the applicable Court(s) once an impasse has been reached in any dispute. This relief may be raised for the Court(s) for initial consideration at an informal case conference before taking any other procedural steps by way or motion or otherwise as long as that can be arranged promptly.

All motions or directions sought from the Court(s) pursuant to this Discovery and Deposition Plan shall be brought to Judge Gross of the United States Bankruptcy Court for the District Court of Delaware and/or Justice Morawetz of the Ontario Superior Court of Justice as

- 12 -

the case may dictate, or any referee who they may direct:

Prepared and agreed upon by:

**[To be signed by Counsel of Record for each Core Party]**

- 13 -

## APPENDIX 1

Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form: **[NTD: Subject to confirmation by Merrill.]**

| Item | Field | Field Type | Description | Format |
|------|-------|-----------|-------------|--------|
| Document Numbering | *Docid* | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | *Parentid* | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | *Attchids* | Note text | Docid(s) attached to Parentid | AA0000001 |
| Fields/Coded Data for E-mails | *Datesent* | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY As per metadata |
| | *Timesent* | Time | Time e-mail was sent | As per metadata (HH:MM:SS) |
| | *Timercvd* | Time | Time e-mail was received | As per metadata (HH:MM:SS) |
| | *To* | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | *From* | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | *Subject* | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | *Cc* | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment. When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc. This field is required for loading electronic documents and attachments. | As per metadata |
| Fields/Coded Data for Attachments and Loose Electronic Documents | *Datesvd* | Date | Date an electronic file or attachment was last saved | As per metadata |
| | *Datecrtd* | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | *Filetype* | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | *Filename* | Note Text | File name of electronic file or attachment | As per metadata |
| | *Doclink* | Note Text | Used to link a document to the database record. Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | *Folder* | Note Text | Original folder containing path of electronic document as provided | As per metadata |
| | *Custodian* | Note Text | Person from whom document was collected | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment. When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc. This field is required for loading electronic documents and attachments. | As per metadata |
| Fields/Coded | *Docdate* | Date | Date of document (subjectively coded) | MM/DD/YYYY |

- 14 -

| Item | Field | Field Type | Description | Format |
|------|-------|------------|-------------|--------|
| Data for Paper Documents | *Doctype* | Note Text | Type of document (subjectively coded) | |
| | *Doctitle* | Note Text | Title of document (subjectively coded) | |
| | *Attach#* | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | *Author* | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | *Recip* | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| Fields/Coded Data for Paper and Electronic Documents (Chronological Review) | *Leaddate* | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| Redactions | *Redact* | Note | Document has redactions | "Redacted" stamped on document |

1.    Each document shall be individually produced with a unique document ID number.

2.    OCR text searchable, to the extent the document permits.

3.    All images will be single page tiff format (excluding spreadsheets which will be provided in native format) with 300 dpi specifications.   Spreadsheets to be provided in native format.

\6181973

Court File No. 09-CL-7950

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C.* 1985, c. C-36, AS AMENDED
IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS
LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL
NETWORKS TECHNOLOGY CORPORATION

| | |
|---|---|
| | *ONTARIO*<br>SUPERIOR COURT OF JUSTICE<br>(COMMERCIAL LIST)<br>Proceeding commenced in Toronto |
| | SUBMISSIONS OF THE CCC<br>CONCERNING DISCOVERY PLAN DATED<br>APRIL 19, 2013 |
| | **KOSKIE MINSKY LLP**<br>Mark Zigler / Susan Philpott<br>Tel: (416) 595-2090 / Fax: (416) 204-2877<br>Lawyers for The Canadian Former Employees and Disabled<br>Employees through their Court Appointed Representative<br><br>**CAW-CANADA LEGAL DEPARTMENT**<br>Barry Wadsworth<br>Tel: (416) 495-3776 / Fax: (416) 495-3786<br>Lawyers for the Canadian Autoworkers Union<br><br>**SHIBLEY RIGHTON LLP**<br>w/ NELLIGAN O'BRIEN PAYNE LLP<br>Arthur O. Jacques<br>Thomas McRae<br>Tel: 416.214.5213 / Fax: 416.214.5400<br>Lawyers for active and transferred employees of Nortel Canada<br><br>**MCCARTHY TETRAULT**<br>James Gage / Barbara Boake<br>Tel: (416) 362-1812 / Fax: (416) 868-0673<br>Lawyers for Morneau Sobeco Limited Partnership<br><br>**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**<br>Ken Rosenberg / Massimo Starnino<br>Tel: (416) 646-4300 / Fax: (416) 646-4301<br>Lawyers for the Superintendent of Financial Services as<br>Administrator of the Pension Benefits Guarantee Fund |