# Exhibit B

~~US Debtors' Proposed Litigation Timetable as of~~ U.K. Pension Claimants – April ~~19,~~ 23, 2013

# DISCOVERY PLAN

| | |
|---|---|
| 1. **Definitions** | Capitalized terms used herein and not otherwise defined shall have the meaning ascribed in the Allocation Protocol or Litigation Timetable. |
| 2. **Applicable Procedural Regime:** | In accordance with the Cross Border Protocol, the Cross-Claims Protocol and the Allocation Protocol, the following procedural regimes apply:<br><br>(1) With respect to Allocation, the Cross-Border, Cross-Claims and Allocation Protocols apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.<br><br>(2) With respect to US Claims, the Cross-Border and Cross-Claims Protocols apply to the extent not inconsistent with this Discovery Plan, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.<br><br>(3) With respect to Canadian Claims, the Cross-Border Protocol, the Cross-Claims Protocols, the Claims Resolution Order, and the EMEA Claims Procedure Order apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario will apply as applicable. |
| 3. **Scope of Documentary Discovery Among Discovery Participants:** | a) *Definition of Documents*<br><br>References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.0l(a) of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure.<br><br>b) *Reasonable Accessible Documents and Proportionality*<br><br>No Discovery Participant will be required to search data sources, including applications and databases, that it reasonably understands to already be in the possession, custody, or control of the Allocation Group or Claim Group making the request.<br><br>~~Each Discovery Participant will search only reasonably accessible~~ |

9462421.19462421.2

~~data, which excludes data located in decommissioned applications and data that cannot be accessed without considerable burden, time or expense.~~

~~A~~In response to document requests served in accordance with this Discovery Plan, a Discovery Participant shall not be required to re-produce a document that it has ~~already been produced by another Discovery Participant and the same document shall not be required to be produced by more than one~~previously produced to the requesting Discovery Participant.

~~In light of the volume of the Debtors' hard-copy documents maintained in off-site storage facilities, and the abundance of available and overlapping electronic data, no Discovery Participant will be obligated to search such hard-copy documents, and rather will produce indices of such hard-copy documents (to the extent they exist) with their responses to any document request and shall meet and confer in good faith with the requesting party or parties regarding hard-copy documents that will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense. If any party creates an electronic version of those documents, that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with Schedule A hereto to the extent reasonable and not overly burdensome.~~

c) *Previously Produced Documents*

All documents produced into the Merrill Lextranet database for the purpose of the several mediations in this proceeding are to be treated as having been produced in the Allocation, US Claims and Canadian Claims litigation, and any Discovery Participant that does not already have such documents shall be provided access to this Merrill Lextranet database, subject to an appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the Discovery Participants to clawback any privileged documents that may have been produced in the mediation context or that may be inadvertently produced under this Discovery Plan.

d)   *No Waiver of Privilege*

The fact that a document has been produced by any Discovery Participant shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other Discovery Participant

2

9462421.19462421.2

who asserts privilege over the document), and any Discovery Participant who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in a confidentiality or protective order.

*e) Deemed Undertaking*

All of the Discovery Participants and their respective Representatives shall be deemed to have undertaken not to use any evidence or information obtained in the course of discovery (including document discovery and depositions) contemplated hereby for any purposes other than the Allocation, US Claims and Canadian Claims litigation.

*f) Document Requests*

**By no later than May 10,20, 2013**

For Allocation, each Allocation Group shall be entitled to serve limited reasonable requests for production of non-privileged documents, such requests to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant; provided that the Bondholder Group, prior to making such requests, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the document requests of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 17,24, 2013 to seek agreement with a Discovery Participant from whom it seeks documents and, failing agreement, to seek leave of the Courts to make additional document requests if it believes in good faith that such requests are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve limited reasonable requests for production of non-privileged documents on each opposing US Claim Party. The US Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the US Claims Defendant Group shall be entitled to serve limited reasonable requests for production of non-privileged documents on the Canadian Debtors, provided that any disputes between the US Claims Defendant Group and the Canadian Debtors regarding such discovery shall be resolved at a joint hearing of the Courts and the Canadian Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

3

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve limited reasonable requests for production of non-privileged documents on each opposing Canadian Claim Party. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the Canadian Claims Defendant Group shall be entitled to serve limited reasonable requests for production of non-privileged documents on the US Debtors, provided that any disputes between the Canadian Claims Defendant Group and the US Debtors regarding such discovery shall be resolved at a joint hearing of the Courts and the US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation document requests and US Claims/Canadian Claims document requests. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional document requests upon a showing of good cause.

g)   *Interrogatories*

**By no later than May ~~10,~~20, 2013**

For Allocation, each Allocation Group shall be entitled to serve a limited number of reasonable identification interrogatories, such interrogatories to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant (not to exceed ten on any Discovery Participant); provided that the Bondholder Group, prior to serving such interrogatories, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the interrogatories of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May ~~17,~~24, 2013 to seek agreement with a Discovery Participant on whom it wishes to serve interrogatories and, failing agreement, to seek leave of the Courts to serve additional interrogatories if it believes in good faith that such interrogatories are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and US Claims Defendant Group shall be entitled to serve a limited number of reasonable identification interrogatories on each opposing US Claim Party (not to exceed ten on any Discovery Participant). The US Claims Defendant Group and the Bondholder Group

4

9462421.19462421.2

shall confer on such interrogatories. In addition, the US Claims Defendant Group shall be entitled to serve a limited number of reasonable identification interrogatories on the Canadian Debtors, provided that any disputes between the US Claims Defendant Group and the Canadian Debtors regarding such discovery shall be resolved at a joint hearing of the Courts and the Canadian Debtors' agreement to accept such interrogatories does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation interrogatories and US Claims interrogatories. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional identification interrogatories upon a showing of good cause.

The availability of contention interrogatories shall be decided by mutual agreement among the Discovery Participants at a later date, and, failing agreement, by the Court(s).

*h) Responses and Objections*

**By no later than May 31, 2013**

When objecting to any discovery request, the recipient of such discovery requests shall state the basis for objection, which may be made on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2. Recipients are strongly encouraged to prepare joint objections to the same document request or interrogatories to the extent their objections overlap.

*i) Production of Documents*

**Rolling Productions of Documents Shall Commence May 31, 2013 and Shall Be Completed by June 21,28, 2013:**

Subject to any objections made and sustained if challenged (see motions procedure below), each recipient of a document request shall produce any responsive non-privileged documents to any request made of it to all Discovery Participants by producing such documents into the Merrill Lextranet database (to the extent they overlap, responses to multiple requests may be combined or cross-referenced to each other to avoid duplication). The producing Discovery Particpant shall serve all Discovery Participants with notice of its production identifying the produced documents by Docid, in the format set forth on Schedule A.

In this same time frame and manner, each Discovery Participant shall produce any further documents that they intend to rely upon at trial that

~~9462421.1~~9462421.2

are not already part of the mediation productions or responsive productions.

*j) Motions to Compel Document Production*

**Motions to Compel Document Productions Must Be Filed by ~~June 28,~~ July 3, 2013**

Any Discovery Participant who served document requests and who seeks to compel production of a document must do so only after meeting and conferring in good faith with the Discovery Participant against whom a motion is contemplated, and thereafter by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on seven business days notice on all Discovery Participants, and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested. The Discovery Participant whose objection is challenged shall respond to this motion within four business days and any other Discovery Participant whose interests are affected by the request may serve a supplementary response within two business days thereafter.

Notwithstanding this deadline, whenever a discovery dispute arises, the affected Discovery Participants shall promptly attempt to resolve the dispute in good faith and, if an impasse is reached, file any motions with the relevant Court(s) promptly.

*k) Privilege Logs*

Should a Discovery Participant withhold any document based on a claim of privilege or work product protection, the producing party shall provide a privilege log containing details about the category of documents withheld, including at least the following information for each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the category; (c) the date range; and (d) the author(s) and other recipients.

The following documents, to the extent created after the commencement of the bankruptcy proceedings, presumptively need not be included on a privilege log: (a) communications exclusively between a Discovery Participant and its outside counsel or (b) work product created by outside counsel and/or such counsel's agents.

Responsive documents which are jointly privileged as to two or more of the Discovery Participants shall be produced, but only to those Discovery Participants with whom the joint privilege is shared. **The producing Discovery Participant shall include on its privilege log each of the documents for which it asserts a joint privilege. In addition to the**

6

~~9462421.1~~9462421.2

| | | |
|---|---|---|
| | | information identified above, the privilege log shall indicate the Discovery Participant(s) with whom the joint privilege is shared. |
| 4. | Format of Production of Electronic Records | For each electronic document, the responding party shall provide the metadata specified in Schedule A, but only to the extent they can reasonably be extracted or otherwise provided in a delimited text file. |
| 5. | Trial Witness Identification | **By no later than ~~June 28,~~ July 12, 2013**<br><br>Each Discovery Participant shall identify any fact (non-expert) witnesses it anticipates calling or presenting testimony of at trial, by name, employer, title and functional role held during the time period relevant to their anticipated testimony. A Discovery Participant may identify trial witnesses at a later date provided that ~~(a) the failure to identify that witness by June 28. 2013 was for good cause, and (b)~~ any opposing Allocation Group or Claim Group has had or will have a reasonable opportunity to depose the later-identified witness before trial, regardless of the fact discovery cut-off or number of depositions taken.<br><br>Any Discovery Participant that has previously filed an affidavit or witness statement in the context of this litigation (the Ontario and Delaware proceedings) may also, at its option, choose to designate that evidence to be tendered at trial as long as the witness will be made available to be deposed and appears at trial for cross-examination.<br><br>Should a Discovery Participant wish to present evidence at trial from a witness who is not willing to swear an affidavit, such witness shall be identified at this same time, and leave of the Court(s) sought by the Discovery Participant seeking to rely on their evidence to take that witness's testimony by examination/deposition (out of court) so as to preserve their testimony so it can be submitted by the Discovery Participant as evidence at trial. |
| 6. | Oral Examinations Or Depositions | a.  *Examinations of Representatives/ 30(b)(6) Depositions*<br><br>**By no later than ~~June 28,~~ July 12, 2013**<br><br>For Allocation, each Allocation Group (other than the Bondholder Allocation Group) may serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the solicitors or counsel of record for any opposing Discovery Participant specifying the topics, if any, on which that other Discovery Participant's representative is to be examined/deposed. The Bondholder Allocation Group shall consult with the Canadian Allocation Group and the US Allocation Group regarding any requests under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule |

9462421.19462421.2

30(b)(6) of the United States Federal Rules of Civil Procedure it would like the US Allocation Group and the Canadian Allocation Group to serve on other Discovery Participants in accordance with the foregoing. In the event that Canadian Allocation Group and the US Allocation Group do not agree to serve such requests, the Bondholder Allocation Group may seek leave of the Court or Courts, as applicable, by motion on notice to serve its own requests for examination under Rule 34.04 of the Ontario Rules of Civil Procedure and/or depositions under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group may each serve a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the counsel of record for any opposing US Claim Party specifying the topics, if any, on which the US Claim Party's representative is to be deposed. The US Claims Defendant Group and the Bondholder Group shall confer on such requests.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group may each serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure on the solicitors/counsel of record for any opposing Canadian Claim Party specifying the topics, if any, on which the Canadian Claim Party's representative is to be examined/deposed. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests.

<u>Use of (Discovery) Answers at Trial</u>

Testimony of representatives proffered in response to requests under Ontario Rule 31.03 and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure may be used as evidence at trial only by Discovery Participants whose interests are adverse to those of the proffering Discovery Participants on the issue for which the evidence is being used.

**By no later than July ~~3,~~ 17, 2013**

Each Discovery Participant served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure shall designate a representative (who may, but is not required to be, a current or former officer, director or employee of that Discovery Participant) to be offered to be examined/deposed as though Rule 31.03 of the Ontario Rules of Civil Procedure applied and/or under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure as applicable. All Discovery Participants shall have the right to attend such examinations/depositions.

~~9462421.1~~9462421.2

A Discovery Participant may designate its party representative under Rule 34.04 of the Ontario Rules of Civil Procedure as its witness(es) under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure for a single examination/deposition of each such witness(es).

*b. Oral Examinations/ Deposition of Fact Witnesses:*

**By no later than ~~June 28,~~ July 17, 2013**

In addition to the aforementioned examinations/depositions pursuant to Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure, each of ~~(1)~~ the Canadian Allocation Group ~~and~~, the Canadian Claims Defendant Group ~~together; (2)~~, the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, ~~and~~ the UK Pension Claimants ~~together; and (3)~~, the US Allocation Group and the US Claims Defendant Group ~~together~~ may designate ~~up to ten~~ fact witnesses (which may be third parties, persons subject to the control of a Discovery Participant or both and which may be persons who have been identified as trial witnesses by another Discovery Participant, and any persons whose previously filed affidavits/witness statements have been designated by a Discovery Participant as trial evidence) whom it seeks to examine/depose to obtain factual information/admissions relevant to Allocation, US Claims or Canadian Claims, by serving a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or the United States Federal Rules of Civil Procedure as applicable on the solicitors or counsel of record for any other Discovery Participant or the third party (or if not represented, by serving the notice directly on the third party). Each witness shall be named and his/her place of residence (if known) shall be identified.

The Bondholder Group shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, regarding any fact witnesses it seeks to examine/depose. In the event that the Canadian Allocation Group and the US Allocation Group do not intend to designate such fact witnesses that the Bondholder Group seeks to designate, the Bondholder Group may seek leave of the Court or Courts, as applicable, by motion on notice to designate such fact witnesses.

Either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to designate additional fact witnesses **after July 17, 2013** upon a showing of good cause.

~~Notwithstanding the foregoing, in order to allow the Discovery Participants an opportunity to consider witness testimony before naming all witnesses, each of the aforementioned Allocation Groups and Claim Groups may designate up to three of their ten fact~~

~~9462421.1~~9462421.2

~~witnesses by July 31, 2013, provided however that scheduling priority shall be given to fact witnesses designated by the June 28, 2013 deadline, whose examinations/depositions the Discovery Participants shall make reasonable efforts to schedule in the month of July.~~

**All examinations/depositions to be completed by no later than ~~August~~September 30, 2013**

Promptly after ~~June 28,~~ July 17, 2013, and earlier with respect to fact witnesses identified prior to the ~~June 28, 2103~~ July 17, 2013 deadline (which the Discovery Participants are encouraged to do in order to commence examinations/depositions by ~~July~~August 1, 2013), the relevant parties shall attempt to agree on an examination/deposition schedule that contemplates the completion of all witness examinations/depositions (including any examinations/depositions for testimony preservation that the Court(s) may have granted leave to conduct) in this time frame that reflects the practicalities of examining/deposing each witness (having regard to the number of Discovery Participants examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness).  All Discovery Participants shall have the right to attend such examinations/depositions.

*c) Use of Examinations/Depositions at Trial*

~~**Designated**~~

**Subject to Rule 32 of the Federal Rules of Civil Procedure, designated** portions of any examination/deposition may be filed as part of the evidence that any Discovery Participant may rely upon at trial (subject to objections which may be ruled upon by the Court as contemplated in section [8~~] hereof), except that testimony of a witness who is employed by, party to a cooperation agreement with or otherwise under the control of a Discovery Participant may not be relied upon as evidence by that Discovery Participant or by others sharing its interests in the issue to which the testimony relates~~ hereof).

~~If a witness who has been examined/deposed under this Discovery Plan is later called as a witness to give *viva voce* evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility.~~

| | |
|---|---|
| 7. Experts | **By no later than** ~~August 16,~~September 30, **2013**<br><br>Each Discovery Participant that intends to rely on the opinion evidence of a qualified expert shall identify the name of its intended expert(s) and the subject matter of their expertise and intended evidence.<br><br>**By no later than** ~~September 13,~~October 15, **2013**<br><br>Each Discovery Participant shall deliver an affidavit or report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by Bates number if previously produced, and containing the disclosures required by the Applicable Procedural Regime set forth in section 2.<br><br>Any Discovery Participant that has previously filed an affidavit or report from an expert in the context of this litigation (the Ontario and Delaware proceedings) may, at its option, choose to designate that as part of their expert evidence at trial, provided that the expert will be made available to be examined/deposed and appears at trial as set out below. If not so designated, those previously filed affidavits and/or reports shall not constitute part of the evidence at trial.<br><br>Promptly after the submission of initial expert affidavits or reports, the Discovery Participants shall attempt to agree upon an expert examination/deposition schedule to commence by ~~October 28,~~November 20, 2013.<br><br>**By no later than** ~~October 18,~~November 15, **2013**<br><br>Each Discovery Participant shall have the right to deliver an affidavit or report from an expert, including a newly identified rebuttal expert, in response to one received by another Discovery Participant that addresses an issue that is adverse to the Discovery Participant's position in the Allocation, US Claims, or Canadian Claims litigation. Responses shall be permitted even if the Discovery Participant did not initially tender an expert's affidavit, if an issue is raised by an expert whose evidence is tendered by another Discovery Participant that calls for response. Responsive reports shall be limited to responding to issues on which an affirmative expert report has been proffered and shall not go beyond such issues.<br><br>~~**By no later than November 22,**~~December 15, **2013**<br><br>The Discovery Participants shall attempt to agree to a schedule that contemplates the completion of all expert witness examinations/depositions between ~~October 28,~~November 20, 2013 and |

11

| | |
|---|---|
| | this date that reflects the practicalities of examining/deposing each witness (having regard to the number of parties examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness). All Discovery Participants shall have the right to attend such depositions.<br><br>A Discovery Participant may request that any expert be present at trial for cross-examination, and the affidavit or report of any expert not appearing at trial if requested to appear cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.<br><br>The affidavits and/or reports shall be filed as evidence with the court at the trial, subject only to cross-examination at trial and any applicable objections that may be made and determined at the outset of the trial and directions or rulings from the Court(s) arising therefrom. The Discovery Participant proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's report. The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.<br><br>Communications with Experts:<br><br>The experts shall not be examined/deposed about or asked to produce prior drafts of their affidavits/reports and/or their communications with the Discovery Participant who retained them or other Discovery Participants within the same Allocation Group or Claim Group, or their respective Representatives, or any other topic protected from disclosure by the Applicable Procedural Regime set forth in section 2.<br><br>With respect to Allocation and US Claims, Rule 26 of the United States Federal Rules of Civil Procedure applies to expert discovery. |
| 8. General Procedure Applicable to All Oral Examinations/ Depositions | Length of Oral Examinations/Depositions<br><br>Each oral examination/deposition may last for up to seven hours (including only time spent on the record and excluding any breaks) except that any witness or representative noticed by multiple Allocation Groups or Claim Groups may last up to 14 such hours. No single witness shall be examined/deposed for longer than 14 such hours in total without leave of the Court(s) or the agreement of the Discovery Participant represented by that witness or the witness if such witness is a third party. **Any Discovery Participant has the right to attend an oral examination/deposition.**<br><br>Coordinating Oral Examinations/Depositions |

12

~~9462421.1~~9462421.2

Each examination/deposition shall be coordinated so that ~~a~~ lead ~~examiner is~~examiners are identified for each ~~group~~Allocation Group and/or Claims Group that noticed the oral examination/deposition ~~(where an Allocation Group and Claim Group from the same jurisdiction counts as one group)~~.  Lead examiners shall work ~~in good faith~~together, and with ~~any~~ other ~~lead examiners as well as other affected~~ Discovery Participants ~~to reflect a coordinated effort~~, in good faith to coordinate examinations to avoid duplication of questions.  ~~For the avoidance of doubt, the US Claims Defendant Group shall have the right to attend oral examinations/depositions that relate to the Canadian Claims,~~Objections to the standing of a Discovery Participant to use testimony in one or more of the hearings regarding Allocation, the US Claims and the Canadian Claims ~~Defendant Group shall have the right to attend oral examinations/depositions that relate to the US Claims.~~are reserved for trial.

Transcripts and video taping:

All examinations/depositions shall be taken under oath in the presence of a Canadian or US certified court reporter and transcribed and the transcripts made available to all Discovery Participants, whether or not they are in attendance at the examination/deposition.  At the option of any examining /deposing Discovery Participant, the examination/deposition may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s).  The examining /deposing Discovery Participant(s) shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay for their own copies.

Objections:

Objections may be made on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2.  Questions that are objected to on grounds other than privilege shall be answered under reserve of that objection.  All other objections shall be preserved.

Requirement for Summons:

If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US Debtors, the Joint Administrators, and the UK Pension Claimants shall reasonably assist in issuing process or otherwise procuring a witness's attendance irrespective of which Discovery Participant has sought the witness's deposition.  Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment or

13

~~9462421.1~~9462421.2

|  |  |
|---|---|
|  | consent to that jurisdiction for any other purpose.<br><br>Undertakings:<br><br>With respect to Allocation and Canadian Claims, the witness shall answer any undertakings that were agreed to on his/her examination/deposition within two weeks of the date of his/her examination/deposition, unless otherwise agreed to by the affected Discovery Participants. |
| **9. General Terms** | Any Discovery Participant may make a motion to the Court to compel another Discovery Participant to take the steps contemplated by the Discovery Plan or other steps, and the parties agree that the Court(s) may take the existence of the Discovery Plan into account in determining whether to grant the order sought. The Discovery Participants that are parties to such a motion may seek to justify their respective positions on the basis of, among other things, any information that was unknown or not reasonably available to that Discovery Participant at the time the Discovery Plan was entered into.<br><br>The Discovery Participants recognize that, as additional information becomes available throughout the Allocation, US Claims and Canadian Claims litigation, ~~it~~**a Discovery Partcipant** may ~~become apparent~~**conclude** that: (a) it is impracticable or impossible for ~~a Discovery Participant~~**it** to comply with the terms of the Discovery Plan~~, or to do so in a time-efficient or cost-efficient manner~~, or (b) further steps, beyond those set out in this Discovery Plan, are required in order for a Discovery Participant to obtain access to potentially relevant documents, information or witness testimony. Each Discovery Participant agrees to notify the other Discovery Participants promptly when it reasonably believes that it will not comply with any term of the Discovery Plan or when it reasonably concludes that further steps beyond those set out in this Discovery Plan are required. The Discovery Participants agree to negotiate in good faith with respect to any amendments to the Discovery Plan requested by a Discovery Participant on that basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the Discovery Participants.<br><br>All Discovery Participants shall meet and confer in good faith without the assistance of the Court(s) in attempting to resolve any disputes in the interpretation or implementation of this Discovery Plan. Discovery Participants are required to promptly seek relief from the applicable Court or Courts if an impasse is reached in any dispute and shall not be heard to complain of any prejudice resulting from their own delay in seeking relief.<br><br>All motions or directions sought from the Court(s) pursuant to this Discovery Plan shall be brought before the following Court or Courts: with respect to Allocation, before Judge Gross of the United States |

> Bankruptcy Court for the District Court of Delaware and Justice Morawetz of the Ontario Superior Court of Justice; with respect to US Claims, before Judge Gross; and with respect to Canadian Claims, before Justice Morawetz. The Courts shall hold regularly scheduled joint discovery conferences for discovery disputes in Allocation and those discovery disputes that affect both jurisdictions.

# SCHEDULE A

Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form:

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| **Document Numbering** | *Docid* | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | *Parentid* | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | *Attchids* | Note Text | Docid(s) attached to Parentid | AA0000001 |
| **Fields/Coded Data for E-mails** | *Datesent* | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY As per metadata |
| | *Timesent* | Time | Time e-mail was sent | As per metadata (HH:MM:SS) |
| | *Timercvd* | Time | Time e-mail was received | As per metadata (HH:MM:SS) |
| | *To* | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | *From* | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | *Subject* | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | *Cc* | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | *Bcc* | Multi-Entry | Names/e-mail address(es) of the individuals who were blind-copied on the e-mail | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment. When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc. This field is required for loading electronic documents and attachments | As per metadata |
| **Fields/Coded Data for Attachments and Loose Electronic Documents** | *Datesvd* | Date | Date an electronic file or attachment was last saved | As per metadata |
| | *Datecrtd* | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | *Filetype* | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | *Filename* | Note Text | File name of electronic file or attachment | As per metadata |
| | *Doclink* | Note Text | Used to link a document to the database record. Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | *Folder* | Note Text | Original folder containing path of electronic document as provided | As per metadata |
| | *Custodian* | Note Text | Person from whom document was collected | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment | As per metadata |

~~9462421.1~~9462421.2

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| | | | When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc | |
| | | | This field is required for loading electronic documents and attachments. | |
| Fields/Coded Data for Paper Documents | Docdate | Date | Date of document (subjectively coded) | MM/DD/YYYY |
| | CollectDate | Date | Creation Date of Electronic File | MM/DD/YYYY |
| | Source | Note Text | Location or person from whom document was collected (subjectively coded) | |
| | Attach# | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | Author | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | Recip | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| Fields/Coded Data for Electronic Documents (Chronological Review) | Leaddate | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| | Leadtime | Date | Time of the parent document, populated to all attachments for use with chronological sorting while keeping document families together<br><br>Allows for further sorting of documents dated the same day by time | HH:MM:SS |

17

~~9462421.1~~9462421.2

1. Each document shall be individually produced with a unique document ID number.
2. For each document, the Discovery Participant shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted.  In these instances, provide a text file created using optical character recognition (OCR) to the extent reasonably practicable.

3. All images will be single page tiff format (excluding spreadsheets which will be provided in native format) with 300 dpi specifications.  Spreadsheets to be provided in the eDocs folder.

4. Parties will provide the following load files formatted as follows:

    (a) Image folder (single page tiff, 300 dpi);

    (b) eDocs folder (for native files, specifically Excel which will not be tiffed);

    (c) OCR folder (with text files and a control list for loading);

    (d) data.txt or data.csv (with coded fields listed above for ESI and paper documentation); and

    (e) imginfo.txt or imginfo.csv.

5. If a document and its exact duplicates are associated with the same custodian, the responding party may withhold the exact duplicates from production.  If a document and its exact duplicates are associated with different custodians, the responding party may withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld.