**Exhibit B**

<u>US Debtors' Proposed Litigation Timetable as of April 19, 2013</u>

~~Monitor and Canadian Debtors's Proposed Litigation Timetable for All Matters to be Addressed at the Joint Trial Commencing January 6, 2014~~

~~April 19, 2013~~

# **LITIGATION TIMETABLE**

~~Pursuant to the Orders, dated April 3, 2013, of the Ontario Superior Court of Justice (the "Ontario Court") and the United States Bankruptcy Court for the District of Delaware (the "U.S. Court" and together with the Ontario Court, the "Courts"), this proposed Litigation Timetable is intended to supplement or amend, as the circumstances require, the Claims Procedure Resolution Order as entered by the Ontario Court on September 16, 2010 (the "Claims Procedure Resolution Order"),[‡] and the Ontario Court's EMEA Claims Procedure Order dated January 21, 2011 (the "EMEA Claims Procedures Order") and Intercompany Claims Procedure Order dated July 27, 2012 (the "Intercompany Claims Procedures Order") and all other Orders or agreements governing the procedure for resolving the claims that are the subject matter of this schedule and the issue of allocation among the estates of asset sale proceeds.~~ <u>Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol, it is hereby ordered:[1]</u>

| Due Date <br> 2013~~/2014~~ | Step <u>in Allocation</u> | <u>Step in US Claims</u> | <u>Step in Canadian Claims</u> |
|---|---|---|---|
| ~~Commencing immediately~~ | ~~All Core Parties to continue to negotiate in good faith to try to come to an agreement on a Litigation Timetable and discovery and deposition plan dealing with the matters proposed in the draft discovery and deposition plan attached hereto as Schedule "A" and such other matters as they may agree upon (the "Discovery and Deposition Plan")~~ | | |

---

[‡] ~~On November 5, 2010, the U.S. Court entered an order enforcing in the United States the Claims Procedure Resolution Order along with the Cross Border Claims Protocol Order, also entered by the Ontario Court on September 16, 2010.~~

[1] <u>Capitalized terms shall have the meaning ascribed to them in the Allocation Protocol and Annex A attached hereto.</u>

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| March 21 | Monitor delivered Notices of Disallowance of all claims filed by the Joint Administrators for the EMEA Debtors (together, "EMEA") against a Canadian Applicant or its Directors or Officers pursuant to subparagraph 21(e) of the EMEA Claims Procedures Order. Monitor delivered Notices of Disallowance of all claims filed by the Nortel Networks UK Pension Trust Limited and the Pension Protection Fund (together, the "Trustees") against a Canadian Applicant or its Directors or Officers pursuant to subparagraph 13(e) of the Claims Procedure Resolution Order. | | |
| March 27 | Monitor delivered Notices of Disallowance of all claims filed by the Additional Non-APAC/CALA Affirmative Claims filed by Nortel Networks AG ("NN AG") and Nortel Networks AS ("NN AS") pursuant to the Intercompany Claims Procedure Order. | | |
| April 4 | EMEA delivered Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order. | | |
| April 8 | Core Parties to provide comments, if any, on the draft pre-trial protocol for dealing with confidential documents and information and for the claw back of any inadvertently produced privileged communications ("Confidentiality and Privilege Clawback Agreement") circulated by the Monitor. | | |
| Present through April 1524 | Revised Allocation Protocol to be filed with the Courts, together with competing submissions, if any The Discovery Participants to negotiate in good faith to try to come to agreement on a Discovery Plan.[2] | | |
| April 24 | Joint Hearing before both Courts to approve an agreed upon Litigation Timetable and Discovery and Deposition Plan or, absent agreement, for directions or Court court orders concerning finalization of same or of matters expected to reasonably arise in the Litigation Schedule, not the hearing, and to book any motion dates contemplated thereby (for discovery/deposition motions) and a Discovery Plan, which may include a schedule for periodic joint discovery conferences before the Courts. | | |

---

[2]    In the event of a conflict between the Allocation Protocol, and the Cross-Border Claims Protocol Order, the Allocation Protocol (as approved by the Courts) shall be deemed to control any inconsistency between this Litigation Timetable and the Discovery Plan, the terms of the Discovery Plan shall govern.

2

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| April 30 | ~~Deadline for any Core Party who wishes to participate in the allocation dispute to deliver a pleading or~~ The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, and Bondholder Group shall each file and serve an opening submission ~~styled "~~on Allocation ~~Position of [●]",~~ which ~~will~~ shall set out with reasonable particularity the relief sought with respect to ~~allocation~~ Allocation, the material facts relied upon, and the legal bases for ~~the allocation position being advanced by that Core Party at the Joint Hearing. Each pleading/submission~~ such position. Any other Core Party who wishes to participate in the Allocation litigation must submit an opening submission by this date. Each of the opening submissions may be made individually, jointly ~~by two or more Core Parties or by one Core Party adopting~~, and/or by joining another Core Party's ~~pleading/~~opening submission. | The US Claims Defendant Group shall file and serve their responses to the US Claims. | The EMEA Debtors and the UK Pensions Claimants shall deliver Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order, respectively, with reasonable particularity, the relief sought, material facts relied upon and legal bases for the challenges to the disallowances of claims being advanced at the Joint Hearing ordered by the Ontario Superior Court of Justice. |
| ~~April 30~~ | ~~Deadline for any of EMEA, NN AG, NN AS and the Trustees who dispute the disallowance of their claims to deliver  affirmative pleadings (which may be deemed by them to serve as their Dispute Notices) setting forth,~~ | | |

3

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | with reasonable particularity, the relief sought, material facts relied upon and legal bases for their claims and the grounds upon which they seek to challenge their disallowance (if made in the Ontario Court, the "Canadian Claims" and if made in the U.S. Court, the "U.S. Claims"). | | |
| AprilMay 307 | Deadline for the Core Parties who have delivered pleadings to reach agreement on the form of Confidentiality and Privilege Clawback Agreement (with a view to eventually incorporating it into Orders in both Courts), or to file motions seeking an interim order addressing these matters if agreement cannot be reached. | | The members of the Canadian Claims Defendant Group shall file and serve their responses to the applicable Canadian Claims. |
| May 15 | Deadline for any Core Party who delivered an Allocation Position and who disputes the Allocation Position of any other Core Party to deliver a responding pleading, entitled "Allocation Response" which sets out with reasonable particularity the material facts relied upon and legal bases for any affirmative responses to the disputed Allocation Position advanced by any other Core Party or to designate its Allocation Position as its Allocation Response.  Each of the responses may be made individually, jointly by two or more Core Parties or by one Core Party adopting another Core Party's Allocation Response. | | |
| May 15 | Deadline for any Core Party with standing to oppose any of the disputed disallowances of Canadian Claims or U.S. Claims to deliver a Response (including any counterclaim) to those claims, which may include by reference that Core Party's Allocation Position and Allocation Response. | | |
| May 17 | Deadline for delivery of limited written interrogatories seeking identification of (i) the roles and current locations of individuals with knowledge of the matters relevant to this litigation and (ii) the storage form and extent of the potentially relevant documents of these individuals, only by a Core Party who has responded to another Core Party's Allocation Position in the manner provided for herein or between the claimants and | | |

| Due Date 2013/~~2014~~ | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | ~~respondents to the Canadian and U.S. Claims. Further written (contention) interrogatories may only be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s).~~ | | |
| ~~May 17~~ | ~~Initial deadline for delivery by the U.S. Debtors, the Monitor, EMEA and the Trustees of limited reasonable and specific requests for production of non-privileged documents, from each other and any other Core Party who has responded to their Allocation Position, and as between themselves and any others who are claimants and respondents to either the Canadian or U.S. Claims with whom they have a dispute about those claims, in accordance with the Discovery and Deposition Plan.~~ | | |
| May ~~21~~10 | ~~Secondary deadline for delivery by any other Core Party of supplementary~~Deadline for service of limited reasonable ~~and specific~~ requests for production of non-privileged documents,~~ from any other Core party who has responded to their Allocation Position, and if they are a claimant or respondent to any of the U.S. Claims from any other Core Party with whom they have a dispute about those claims,~~ in accordance with the Discovery ~~and Deposition~~ Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group. | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group. | Deadline for service of limited reasonable requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group. |
| May ~~24~~10 | ~~All Core Parties who have delivered and/or received~~Deadline for service of identification | Deadline for service of identification interrogatories in accordance with the Discovery | |

5

| Due Date 2013/~~2014~~ | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | interrogatories ~~and/or document requests to meet and confer regarding the procedures and timing for responses and for dealing with any issues arising therefrom~~ in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group, without prejudice to an Allocation Group's right to later serve contention interrogatories, as to be discussed and/or resolved by the Courts. | Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. | |
| May 10 | The Discovery Participants shall aim to reach agreement on a Confidentiality Stipulation and Protective Order as soon as possible.  To the extent the Discovery Participants are unable to agree on a Confidentiality Stipulation and Protective Order, May 10 is the deadline for the Discovery Participants to file their versions of the Confidentiality Stipulation and Protective Order with the Courts. | | |
| May 14 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, Bondholder Group, and any other Core Party who filed an opening submission may each file and serve a response to any opposing Core Party's opening submission or designate its opening submission as a cross-response.  Each of the responses may be made | | |

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | individually, jointly, and/or by joining another Core Party's response. | | |
| May 17 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. | | |
| May 20, or as soon thereafter | In-person meet and confer between the Discovery Participants regarding the discovery requests and interrogatories served, procedures governing the production of documents, and any other issues that have arisen thereof. | | |
| May 31 | Deadline for responses and objections to document requests and identification objections to interrogatories, in accordance with the Discovery and Deposition Plan. | | |
| May 31 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents, in accordance with the Discovery and Deposition Plan. | | |

7

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| June 21 | ~~Subject to objections, deadline for completion of documentary production and responses to identification interrogatories,~~ Production of documents to be completed in accordance with the Discovery ~~and Deposition~~ Plan. | | |
| June 28 | Deadline to file motions to compel ~~productions/responses to interrogatories objected to or not answered. All Core Parties to~~ and/or motions for a protective order with respect to document discovery. Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and ~~to~~ once an impasse is reached, file any ~~necessary~~ motions with the relevant Court(s) promptly. | | |
| June 28 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses ~~and whether they will be testifying to issues relating to Allocation, U.S. Claims and/or Canadian Claims,~~ without prejudice to later identification ~~of additional witnesses~~, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed ~~sworn~~ affidavits/witness statements are being relied upon as evidence at trial ~~whether they will be relied upon for issues relating to Allocation, U.S. Claims and/or Canadian Claims,~~ in accordance with the Discovery ~~ad Deposition~~ Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. |

8

| Due Date 2013/~~2014~~ | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| June 28 | Deadline for each ~~Core Party~~ of the Canadian Allocation Group, the EMEA Allocation Group, and the US Allocation Group to serve on any ~~other Core Party that has responded to its Allocation Position, to whose Allocation Position it has responded, and/or with whom it has a dispute about the Canadian Claims or U.S. Claims,~~ opposing Core Party the topics on which ~~it expects~~ that ~~other~~ Core Party's ~~party~~ representative~~/discovery witness~~ is to be examined or deposed~~,~~ in accordance with the Discovery ~~and Deposition~~ Plan. | Deadline for each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group to serve on any opposing Claim Party and/or a member of the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) in accordance with the Discovery Plan. | Deadline for each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group to serve on any opposing Claim Party and/or a member of the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in accordance with the Discovery Plan. |
| June 28 | Deadline for ~~each Core Party~~ parties to designate ~~up to 10~~ witnesses to be examined or deposed, subject to later additions for the reasons set forth in the Discovery ~~and Deposition Plan, and to indicate whether it intends to cross examine on any affidavits/witness statements previously filed and that have been designated as trial evidence by any other Core Party, in accordance with Discovery and Deposition Plan. Witnesses may be designated for the purposes of examination upon matters on any issue to which that Core Party has pleaded, in Allocation, Canadian and/or U.S. Claims~~ Plan. Each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (3) the US Allocation Group and the US Claims Defendant Group together may designate up to ten (10) fact witnesses for examination or deposition in accordance with the Discovery Plan. | | |
| July 3 | Deadline for each Core Party that is timely served with a request under Rule 34.04 of the Ontario Rules of | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under | Deadline for each Canadian Claim Party that is timely served with a request under Rule 34.04 of the |

9

| Due Date 2013/~~2014~~ | **Step in Allocation** | **Step in US Claims** | **Step in Canadian Claims** |
|---|---|---|---|
|  | Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative ~~to be examined for oral examination (discovery) who is knowledgeable about, or can become reasonably informed of, the topics identified by other Core Parties to be examined upon, in lieu of contention interrogatories (unless they are agreed or ordered to be taken in writing)~~ for oral examination or deposition. | Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for deposition. | Ontario Rules of Civil Procedure to identify its representative for an oral examination. |
| ~~July 17~~ | ~~Last possible date for hearing of motions to compel productions/responses to interrogatories objected to or not answered and/or motions for an Order to implement the protections contemplated by the Confidentiality and Privilege Clawback Agreement if not settled.~~ ~~Motions arising out of documentary production and identification interrogatories may be adjudicated by a referee to be jointly appointed by the Courts.~~ | | |
| August 16 | Deadline ~~for each Core Party~~ to identify experts and the subject matter of their reports~~,~~ in accordance with the Discovery ~~and Deposition~~ Plan. | | |
| August 30 | Deadline to complete ~~examinations, depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within two weeks of each~~ | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions. | Deadline to complete witness depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each |

10

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
|  | examination),witness depositions in accordance with the Discovery and Deposition Plan, with a preference to finish fact witness depositions prior to any representative party examinations (discovery)or Rule 30(b)(6) depositions. |  | examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to representative party examinations. |
| September 13 | Deadline for service by Core Parties of expert reports (including exhibits) in accordance with the Discovery and Deposition Plan. |  |  |
| September 13 | Deadline for service of motions arising from examinations, depositions and cross examinations (motions should be served earlier if disputes arise and cannot be resolved in the course of the witness examinations) |  |  |
| October 18 | Last possible date for hearing of any and all motions that any Core Party may wish to bring arising from the pleadings, discoveries, depositions or to otherwise resolve or narrow the issues for the Joint Hearing.<br><br>Motions arising out of discoveries/depositions may be adjudicated by a referee to be jointly appointed by the Courts. |  |  |
| October 18 | Deadline for service of each Core Party's responding experts' reports (including exhibits) in accordance with the Discovery and Deposition Plan. |  |  |
| November 22 | Deadline to complete depositiondepositions of experts in accordance with the Discovery and Deposition Plan. |  |  |
| November 29 | Last possible date for hearing of any and all motions that any Core Party may wish to bring arising from expert reports and the depositions of experts.<br><br>Motions arising from expert reports and the depositions of experts may be adjudicated by a referee to be jointly appointed by the Courts. |  |  |
| December 6 | Deadline for filing of opening written submissions with the Courts, including: |  |  |

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | a) Pre-trial briefs as referenced in Judge Gross's Proposed Final Pretrial Order; <br> b) With respect to Allocation, all fact affidavits to be used as a party's trial testimony for its case in chief;³ <br> c) With respect to Allocation, to file a list of all witnesses and exhibits that each party Discovery Participant intends to rely on upon as part of its direct case in chief;³ <br> d) With respect to the Canadian and/or U.S. Claims by any of EMEA, NN AG, NN AS and the Trustees, all fact affidavits to be used as those parties' trial testimony; and <br> e) With respect to the Canadian and/or U.S. Claims by any of EMEA, NN AG, NN AS and the Trustees, a list of all exhibits those parties intend to rely on as part of their case in chief.. | | |
| December 13 | Deadline for filing with the Courts: <br><br> a) All fact affidavits to be used as a party's trial testimony in response to Canadian and/or U.S. Claims; and <br> b) A list of all exhibits each party intends to rely on in response to Canadian and/or U.S. Claims. to file motions in limine. | | |
| December 13 | Deadline for filing of opening written submissions with the Courts. Such submissions will include <br><br> a) Pre-trial briefs; <br><br> b) All fact affidavits to be used as direct testimony; <br><br> c) All exhibits to be used in a Discovery Participant's direct case; and <br><br> d) All deposition testimony to be used in a Discovery Participant's direct case. | | |
| Week of December 16 (16, if the Courts | Pre-Trial Conference(s) – | Pre-Trial Conference(s) – | Pre-Trial Conference(s) – |

---

³ The filings by this deadline shall be referred to as Original Filings. A Core Party may (i) file supplemental affidavits as trial testimony, (ii) file supplemental exhibits, (iii) identify supplementary portions of transcripts of depositions and examinations for discovery, if necessary to supplement the Original Filings. Such supplemental filings are permissible only to the extent that an affidavit or exhibit in the Original Filings of another Core Party dealt with a matter not reasonably anticipated, such that the Core Party's Original Filings do not adequately deal with that matter, and the supplemental filings are delivered as soon as possible.

| Due Date 2013/~~2014~~ | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| desire~~)~~ | By this date, the Core Parties shall have met and conferred ~~in~~with an effort to reach agreement on:<br><br>~~a)~~ a)  the undisputed facts to be agreed upon for trial; and<br><br>~~b)~~ b)  the contents of document briefs~~, including categorizing the documents by issue~~<br><br> for use at the Joint Hearing~~.~~<br><br>~~By this date, the Core Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest.~~/ the exhibits for use at the Joint Hearing.<br><br>All Nortel documents produced by a ~~Core Party~~Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | By this date, the US Claim Parties and the Canadian Claims Defendant Group shall have met and conferred with an effort to reach agreement on:<br><br>a)  the undisputed facts to be agreed upon for trial; and<br><br>b)  the exhibits for use at the Joint Hearing.<br><br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | By this date, the Canadian Claim Parties and the US Claims Defendant Group shall have met and conferred with an effort to reach agreement on:<br><br>a)  the undisputed facts to be agreed upon for trial; and<br><br>b)  the contents of document briefs for use at the Joint Hearing.<br><br>All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. |
| ~~Commencing~~ Begins January 6, | The ~~Courts~~US and Canadian courts will (a) hold simultaneously (i) ~~joint~~ hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the ~~Ontario~~US Court on the merits of any remaining ~~Canadian~~US Claims, and (iii) hearings before the ~~U.S.~~Canadian Court on the merits of any remaining | | |

| Due Date 2013/2014 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| 2014 | ~~U.S.~~Canadian Claims, provided, however, that the ~~U.S.~~US and ~~Ontario~~Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only ~~to~~ the ~~Canadian~~US Claims or only the ~~U.S.~~Canadian Claims, and (b) ~~after completing the joint hearings regarding Allocation, continue to complete the hearings of the Canadian Claims and the U.S. Claims; and (c)~~ issue their respective decisions on (i), (ii) ~~and (iii).~~, and (iii).  The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims. | | |
| Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz.  Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause. | | | |

~~Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the Courts in accordance with the usual practice.  Any Core Party may also file a motion with the applicable Court(s) to modify this Litigation Timetable upon a showing of good cause.~~

~~\6184020~~

14

**ANNEX A**

**DEFINITIONS**

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the Allocation Protocol.

Allocation Group:  Any of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

Bondholder Allocation Group:  The Bondholder Group.

Canadian Allocation Group:  The Canadian Debtors, the Monitor, and the CCC.

Canadian Claim Party:  Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.

Canadian Claims:  Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.

Canadian Claims Defendant Group:  The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.

Canadian EMEA Claimants Group:  The EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension Claimants who made claims against NNC and NNL.

Claim Group:  Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.

Discovery Participant:  Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Discovery Plan:  The Discovery Plan that will be entered by the Courts.

EMEA Allocation Group:  The UK Pension Claimants, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.), and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited.

Representatives:  Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

US Allocation Group:  The US Debtors and the Committee.

US Claims:  Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.

US Claims Defendant Group:  The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.

US EMEA Claimants Group:  The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks AS, Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France SA, Northern Telecom PCN limited.

US Claim Party:  Any party in the US EMEA Claimants Group or the US Claims Defendant Group, or the UK Pension Claimants.