## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: April 23, 2013 at 4 p.m. (ET)** |
| | ) | **Hearing Date:       April 30, 2013 at 10 a.m. (ET)** |
| | ) | **RE:              Docket #s 10049, 10042** |

## LIMITED OBJECTION OF RAHUL KUMAR TO THE MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR APPROVAL OF DISTRIBUTION AND RELATED RELIEF

Rahul Kumar, a member of the Settlement Class of Long Term Disabled (LTD) Employees

hereby submits this Limited Objection to the *Motion of the Official Committee of Long Term*

*Disability Participants for Approval of Distribution and Related Relief,* (the "Distribution

Motion"), and states that

WHEREAS, I support the sale of the Settlement Amount to the SPCP Group, LLC, and the

"Lump Sum" option proposed by the LTD Committee in their "Distribution Motion" [D.I.

10049] Exhibit A,

---

[1]  The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

I object to the Creation of the Health Reimbursement Account (the "HRA") <u>for me</u> and to the Distribution of <u>my</u> Entire Settlement Amount over multiple years through the creation of an Annuity or by any other means on the grounds

- that I live in India, pay taxes both in the US and in India and incur all of my medical expenses in India,

- that these strategies do not provide any tax relief to me or help me in any way in minimizing impact on medical or government assistance programs,

- that the HRA is <u>not available</u> to me for use in India. Nonetheless, creation of an HRA may result in forcing me to pay taxes on it without having received a dime of those funds,

- that the Health Reimbursement Account does not exist in Indian Tax Rules and  in contrast to the claims of the LTD Committee of HRA being tax exempt, I have found no rules that would exempt it from Taxation <u>in my case</u> and the taxes so imposed will have to be paid by me out of Other Settlement Proceeds I receive as the HRA itself does not distribute any funds to pay taxes,

- that payment over multiple years through an Annuity, or a similar strategy, does not provide any tax savings to me,

- that in comparison to lump sum payment, distribution over multiple years causes me to lose at least US $███████ in interest payments and other savings rather than giving me any tax relief,

- That payment over multiple years exposes me to several risks associated with two separate tax authorities practicing different taxation laws

- that the HRA and payout over multiple years will incur additional and avoidable administrative costs

- that the Lump Sum option proposed by the LTD Committee would address many of the adverse tax and other consequences for me

While the "Structures and Methods" of Distribution proposed by the LTD Committee may be tax efficient for those LTD Employees who only pay taxes in the US, such "Structures and Methods" will create very adverse tax and other consequences for persons like me who are subject to taxation in more than one country and who incur all of their medical expenses outside the US. In tax years 2013 and beyond when the LTD Committee plans to make its distributions, I will not only be required to file my tax returns in the US but also be required to file them in India. My requirement to stay compliant with the taxation rules of both countries forces me to seek "Structures and Methods of Distribution" from the LTD Committee that consider the taxation rules of both countries. I have notified the LTD Committee of the unsuitability of their proposed HRA and "Payment over Multiple Years" strategies for me in relation to the taxation rules in India. Please see Exhibit 1 attached to this Limited Objection. So far the LTD Committee has not taken into consideration the Taxation Rules of India but only those of the United States in coming up with their Tax Efficient Strategies. I therefore, seek assistance from the Court to receive a distribution from the LTD Committee in accordance with the Simple Lump Sum option they have proposed instead of their complex "Structures and Methods" of distribution..

In support of my Limited Objection, I respectfully represent as follows:

## BACKGROUND

1.   On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks
     (CALA) Inc., filed in the Court voluntary petitions for relief under chapter 11 the
     Bankruptcy Code.

2.   On August 2, 2011, the LTD Committee was formed pursuant to Bankruptcy Code
     Section 1102 (D.I. 5790) to represent the interests of the LTD Employees.

3.   On July 30, 2012, the Debtors filed Debtors' Motion for Entry of an Order Pursuant to 11
     u.s. C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' *Long-
     Term Disability Plans and the Employment of the LTD Employees* (D.I. 8067), seeking
     authority to terminate the LTD Plans and the employment of the LTD Employees. On
     November 19, 2012, the Plaintiff filed a *Verified Complaint for Declaratory and
     Injunctive Relief* against the Debtors (the "Class Complaint"), thereby commencing
     adversary proceeding number 12-50995 (KG) (the "Adversary Proceeding").

4.   On January 18, 2013, the Debtors and the LTD 1102 Committee filed a Joint Motion
     ("Joint Motion") Pursuant to 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules
     9019 and 7023 To *(I)(A) Preliminarily Approve The Settlement Agreement Regarding
     Long-Term Disability Plans And Claims, (B) Conditionally Certify A Class For
     Settlement Purposes Only, (C) Approve The Notice, Procedures, And (D) Schedule A
     Fairness Hearing; And (II)(A) Finally Approve The Settlement Agreement, (B) Finally
     Certify A Class, (C) Authorize The Debtors To Terminate The LTD Plans, And (D) Grant
     Related Relief.* [D.I. 9304]

5.   On February 14, 2013, the order preliminarily approving the LTD Settlement was signed:
     Order (A) Preliminarily Approving The Settlement Agreement Regarding Long-Term
     Disability Plans And Claims, (B) Conditionally Certifying A Class For Settlement

Purposes Only, (C) Approving The Notice Procedures, (D) Scheduling A Fairness

Hearing And (E) Granting Related Relief. [D.I. 9427]

6.    The Joint Motion also requested that a second hearing be scheduled for the Court to

consider the final approval of the Settlement Agreement (the "Fairness Hearing").

Pursuant to the Preliminary Approval Order, the Fairness Hearing is scheduled for April

30, 2013 at 10:00 a.m. The LTD Committee has extended the Termination Date to June

30, 2013.

7.    On March 21, 2013, the LTD Committee Professionals served on me a second

Individualized Statement and aggregate chart to demonstrate the use of a structured

settlement and an HRA which, underline according to their calculations, compares the tax impact of

a lump sum settlement to deferred tax payments and a HRA with a cap of $▮▮▮▮ (A

copy of my "Revised Estimate of Individual Allocation of Settlement Amount with Tax

Efficient Treatment" is being incorporated herewith by reference to these Statements that

will be filed by the LTD Committee prior to the Hearing).[2]

8.    On March 27, 2013 I submitted two inquiries on the KCC Website, the Official Website

of the LTD Committee, informing the LTD Committee of the Unsuitability of the "HRA"

and "Payment Over Four Year" Option they had proposed for me in their "Revised

Estimate of Individual Allocation of Settlement Amount with Tax Efficient Treatment".

I have not yet received any Response on the inquiry. The inquiry is being attached

herewith as Exhibit 1.

---

[2] Till Date, the LTD Committee has served three Individualized Statements to me that pertain to my
Allocation of the Settlement Amount. As they state in their "Distribution Motion", these statements will be
provided to the Court under Seal by the LTD Committee prior to the Distribution Hearing.

9.     On March 29, 2013, I submitted another inquiry on the KCC Website; the Official

       Website of the LTD Committee, questioning whether the "HRA" the LTD Committee

       had proposed could even be used to Reimburse Medical Expenses submitted from India.

       I have received a Verbal Response from the LTD Committee Counsel in one of the

       Information Sessions that was held by the LTD Committee.  The inquiry has been

       attached herewith as Exhibit 2.

10.    On April 11, 2013, the LTD Committee filed a Motion, "Motion of the Official

       Committee of Long Term Disability Participants for Approval of Distribution and

       Related Relief". [D.I. 10049]

11.    On April 13, 2013, the LTD Committee served on me another Individual Statement and

       aggregate chart to show the effect of a $▮▮▮▮ cap for me, as well as an Individual

       Statement detailing the $▮▮▮▮ cap, with and without the use of an annuity to defer

       payment.  (A copy of my "Supplemental Estimate of Individual Allocation of Settlement

       Amount" is being incorporated herewith by reference to these Statements that will be

       filed by the LTD Committee prior to the Hearing).[2]

                        Rest of the page intentionally left blank

## RELIEF REQUESTED

12.    I respectfully request

- that my Entire Settlement Amount, including that which otherwise would have been placed in a HRA, be paid to me in a single payment,

- that this Payment of my Entire Settlement Amount be reduced only by the amount Withheld as Income Tax for the IRS and a Nominal Administrative Cost to cover for Processing of the Single Payment, Income Tax Withholding for the IRS and Issuance of Tax Statements in the Future,

- that this Single Payment be made to me before or at the time of the Initial Distribution to the LTD Settlement Class Members.

## BASIS FOR RELIEF

13.    By virtue of my living permanently in India, I have to file taxes in India in addition to filing taxes in the US.  My SSA Income alone puts me in a Flat Tax Bracket of ▇ in India.  Please see Exhibit 3 for my SSA Income and Exhibit 4 for Tax Brackets in India. So, payments of my LTD Settlement Amount will be taxed at a Flat Rate of ▇ in India, regardless of the amount. Double taxation avoidance Rules in India allow me to get credit for any taxes I pay to the IRS in the US.

14.    As I have already stated, soon after being served on March 21, 2013 by the LTD Committee, with information about their provision to create a HRA and Distribute my Settlement Amount over Four years, I provided them with information regarding my Taxation in India and the Unsuitability of their proposals for me.  Please see Exhibit 1 for my submission on the KCC Website, the official website of the LTD Committee.

15.  The LTD Committee's strategies to achieve tax efficiency and minimize impact on
     Medical and Government Assistance Programs revolve around two basic themes:

       • Create a HRA with a Cap of either US $▮▮▮▮ (preferred by the LTD
         Committee) or US $▮▮▮▮ to hold part of the Medical Benefits portion of
         my Settlement Amount. It claims that the amount placed in the HRA for
         me will be exempt from taxes

       • Distribute the Remaining Portion of my Settlement Amount over Four
         years either through the use of an Annuity or by another means. The LTD
         Committee claims that this would reduce my total tax liability in
         comparison to a "Lump Sum" distribution.

     The LTD Committee also claims that the above "Structures and Methods of Distribution"
     would lessen the impact on any Medical or Government Assistance Programs I am
     receiving.

     With reference to the above assertions of the LTD Committee, I would like to submit
     that, in my case, the situation is entirely contrary, as I have illustrated below.


     I.    **ADVERSE CONSEQUENCES OF CREATING A HRA FOR ME**


16.  I now live Permanently in India and incur all of my Medical Expenses in India. Based on
     Response received from the LTD Committee Counsel during an information session,
     HRA cannot be used to Reimburse any Medical Expenses incurred in India.
     In the absence of such a facility, I will never be able to utilize any of the funds placed in
     the HRA for me. Any amounts placed in the HRA such as US $▮▮▮▮ or US $▮▮▮▮
     represents a complete loss to me from my Settlement Amount.


                                           8

This limitation of the HRA is Similar to that of Medicare which also does not cover any Medical Expenses incurred in India.

Besides, it will be very difficult for a HRA Administrator to authenticate even Qualified Medical Expense Reimbursement Bills submitted from India. In cases where the HRA Administrator disqualifies my valid submissions, I will have no mechanism to claim my reimbursement and will have to forgo such amounts.

17.   I am a member of the Settlement Class of LTD Employees, but am neither a Member of the LTD Committee, any of its planned Successor Organizations, nor do I have any say whatsoever, in making any decisions that pertain to the VEBA/HRA, Annuity or any Other Methods of Distributing Settlement Amounts over Multiple Years. The LTD Committee is entirely responsible for making such decisions.

The LTD Committee has the wherewithal to engage the services of tax experts, consultants, advisors and the like for creating "Structures and Methods" of Distributing Settlement Amounts in a Tax Efficient manner that are in Compliance with Income Tax Rules and Regulations of the IRS. This clearly is a proposition that is outside the capabilities of many individual members of the LTD Settlement Class, like me, to undertake at places where they live.

Even though the VEBA, HRA, Annuity, and Other Methods of Distribution are being created in the US, I and a few other members of the LTD Settlement Class live outside the US. As previously stated, I will be filing Income Taxes in India as a Resident. Although the LTD Committee may not be responsible for individualized tax advice to its constituent members, it must nevertheless, achieve its stated objective of Tax Exemption for its VEBA/HRA and Tax Deferral for its Annuity for all of its members. It would be

remiss in its duties as a Fiduciary if it achieved this result for many of its members while exposing a few Others to Disastrous Consequences on account of the "Structures and Methods of Distribution" it is proposing.

Nothing in the "Distribution Motion" states that the LTD Committee has looked at the Tax and Other Consequences of their VEBA/HRA/Annuity/Other Strategies in the Context of Taxation Rules in India. In order to achieve its stated objectives of Tax Exemption for its HRA and Tax Deferral for its Annuity for me in India, it may be essential for LTD Committee to apply to the Indian Tax Authority and qualify for such a tax treatment in India.

The Income Tax Rules of India have no relation to those of the IRS in the US. There is nothing called a VEBA or Health Reimbursement Account in India. Annuities in India may not be structured in the same way they are in the US. The "Structures and Methods" of Distribution that the LTD Committee has created in the US in Conformity with US Tax Laws, may simply not be recognized by Indian Income Tax Authority.

In the absence of any specific rules that Grant Privileged Tax Exemption to the HRA or Tax Deferral to the Annuity, it is likely that all of these arrangements would become subject to full Taxation in India on the day I receive the first distribution from the LTD Committee. Even with the first installment of my Settlement Amount, I will not have the means to pay the full tax at the Rate of ▇▇▇ imposed on the entire Settlement Amount. In this event, I may have to file for Personal Bankruptcy on Account of the "Structures and Methods of Distribution" that the LTD Committee will have forced upon me.

Achieving the LTD Committee's Stated Objectives of Tax Exemption for the VEBA/HRA and Tax Deferral on account of Creating an Annuity/Other Means in the

10

Context of Taxation Rules in India will be a Very Complex Proposition.  I do not have

the Authority, the Information, the Understanding, the Means or the Ability to undertake

such Complex Matters of International Taxation on my own.

A Lump Sum Payment would be Simple to manage from the perspective of Taxation in

both countries.

18.    I have found that there is nothing called a VEBA or a "Health Reimbursement Account"

in Indian Income Tax Rules. Thus, there are no Privileged exemptions available like they

are with the IRS in the US.

Even the US-India Income Tax Treaty ("Tax Convention With The Republic of India")

does not provide any Exclusion of this Income from being Taxed in India.  Article 23 of

the Treaty which governs such Income, clearly states India is Within Its Rights to tax this

Income.  Please see Exhibit 5 for "*Tax Convention With The Republic of India*" and

Exhibit 6 for "*Treasury Department Technical Explanation Of The Convention And*

*Protocol Between the United States of America And The Republic Of India For The*

*Avoidance Of Double Taxation And The Prevention Of Fiscal Evasion With Respect To*

*Taxes On Income* ".

In the absence of such a Privileged tax treatment, the HRA is likely to accrue to me as

Income on the day it is created in the US.  I may in such an event be charged tax at a Flat

Rate of ▇▇▇  For instance, if US $▇▇▇ is placed in my HRA on the day it is created, I

may need to pay Estimated Taxes in the amount of US $ ▇▇▇ with the Income Tax

Authorities in India.  The HRA itself does not Reimburse me for any Taxes that may be

imposed on it.  Neither will the LTD Committee pay these taxes.  I will have to pay these

taxes out of the other Settlement Funds I receive.

19.   The LTD Committee has insisted that in order to make it easy for us to Reimburse our
      Medical Expenses they will only consider HRA Administrators who provide Debit Cards
      to LTD Members that we can use to conveniently pay for Qualified Medical Expenses.
      During information sessions, the LTD Committee Counsel has gone as far as to indicate
      that if they don't find a HRA Administrator who provides Debit Cards then they would
      have to seriously consider whether to have the HRA at all since it may be too
      cumbersome for many to file paperwork to get their Qualified Medical Expenses
      Reimbursed.

      In India, I have yet to find a Doctor who accepts Debit Cards.  The Normal Practice is to
      accept only Cash Payments and give you a Receipt only if you insist.  This would make it
      very cumbersome for me to submit the numerous small charges I incur in Medical
      Expenses.

      Even though many Hospitals here do accept Debit Cards but using an HRA Debit Card in
      India would invite "International Transaction Fees", Poor Currency Conversion Rates,
      and a host of other unnecessary charges that will eat up significant portions of my HRA
      funds if I submit numerous Small Charges to get Reimbursements for my Qualified
      Medical Expenses.

      However, since the HRA does not even Reimburse Qualified Medical Expenses
      submitted from India, any discussion about the HRA is of no consequence.


II.   **ADVERSE CONSEQUENCES OF PAYING MY SETTLEMENT
      AMOUNT OVER MULTIPLE YEARS THROUGH THE USE OF AN
      ANNUITY OR BY ANOTHER MEANS**

20.   The fundamental Premise in dividing the Distribution of the "Settlement Amount" over a
Four year period, in my case, is that by Reducing the Amount of Payment I receive each
year, I am subjected to Lower Tax Brackets in each year and thus the entire Settlement
Amount could be distributed to me while still keeping my Taxation at a Lower Rate in
Comparison to the Highest Rates that would be applicable if I were to Receive my Entire
Settlement Amount in a Single Payment.

While this would certainly be true if I were subjected only to the Graduated Tax Rates
that may be imposed by the IRS in the US on any Settlement Amounts that are distributed
to me.

However, as I had indicated previously, in addition to my tax filing obligations in the US,
I must also file Income Taxes in India.

The Income Tax Bracket of Flat ▇▇ in India starts above an Income of approximately
US $ ▇▇ based on an Exchange Rate of US $ 1 = Indian Rupee 55, which is Roughly
the Exchange Rate prevalent these days. Please see Exhibit 4 for Tax Brackets in India.

My Social Security Income Alone puts me in a Flat Income Tax Bracket of ▇▇ in India.
Please see Exhibit 3 for my Social Security Income in tax year 2012.

Indian Income Tax Authorities will give me Credit for any Taxes I pay to the IRS in the
US. This is done due to the Double Taxation Avoidance Rules in India.

The Income Tax Calculations done by the Advisors to the LTD Committee have taken
into consideration only the Tax Laws in the US and only approximations of my
Settlement Amount. They have not taken into consideration the Tax Laws of India and
other personal information. We on the other hand, are in a better position to accurately
estimate my tax obligations in US as well as in India.

Having considered the fact that I would have to pay taxes both in the US as well as in India on my US Income, my total tax liability if I were to receive my total Settlement Amount including the HRA portion in a Single Lump Sum will not be any different vis-à-vis the tax obligation in the case an HRA is created for me and the remaining amount distributed over Four years.

Hence, it makes no sense for me to defer receiving my Payments over Four Years.

21.    The Proposed "Structures and Methods of Distribution" have an Administrative Cost associated with them.  At present, the LTD Committee is projecting it to be around ■ of the Total Settlement proceeds.  Even though Annuities are known to have Administrative Costs on the Higher Side, the LTD Committee, nonetheless, prefers Annuities due to their Survivorship advantages and due to a PLR that Specifically Approves an Annuity as a Vehicle for Tax Deferment.

None of the Proposed "Structures and Methods of Distribution" achieves any goals for me for which they have been created.  On the other hand, both the VEBA/HRA and Annuity/Other Methods of Distributing amounts over Four years can have Seriously Adverse consequences for me.  So, in essence, I am being asked to Pay Administrative Expenses for Distribution Strategies which will likely result in further losses to me.

22.    In India, Interest Rates on Term Deposits, known as Certificates of Deposits in the US, can be higher than those in the US.  These are generally considered to be Conservative investments both in the US and in India.  I am enclosing in Exhibit 7, the current Interest Rates on "Term Deposits" offered by the "State Bank of India", which is fully owned by the Government of India, is the largest bank in India, and is generally considered to be a

very safe bank.  Please see that the "Interest Rate" on "Term Deposits" for periods over 1 year is 8.75%.

In my Tax Computations we have assumed a more modest ▮▮▮ post-tax (▮ pre-tax return) compounded annually.  In actuality, post-tax returns in excess of ▮▮ per annum from some conservative investments are also available.

Taking into account my tax obligations in the US as well as in India over the next Four years, Total Administrative Costs of 4% on the Four Year Distribution Option, and a modest Post-Tax Interest Rate of ▮▮▮ in India, the Tax Calculations show that if I were to Receive my Entire Settlement Amount over a Four Year Period as the LTD Committee has proposed for me, I would lose a minimum of US $▮▮▮ in comparison to receiving the Entire Settlement Amount in accordance with the "Lump Sum Payment strategy they have proposed.

I am losing my Income and All Other Benefits from the Debtors.  The Settlement has certainly not paid me the full amount I would have received had Nortel continued to operate.  I must Substitute for these losses from my LTD Settlement Amount if I am to sustain.  Despite this situation, I am being forced to accept a further and a very substantial loss on account of the LTD Committee forcing me to accept their "Structures and Methods of Distribution".

23.    The LTD Committee and its Advisors have identified several Risks that any proposal to achieve Tax Exemption, such as through a HRA, and Tax Deferral, such as through an Annuity/Other Means, would face from the IRS.  They have also undertaken several initiatives to mitigate these risks.  These include amongst other things, getting an

15

Approval for their VEBA from the IRS, getting a Legal Opinion Letter and getting a PLR from the IRS.

Unfortunately all of these initiatives have been limited to the IRS. The LTD Committee has not undertaken any initiative to defend against the Risks due to the "Constructive Receipt Rule" or the "Economic Benefit Doctrine" from the Income Tax Authorities in India. They have seen it fit to impose their "Structures and Methods of Distribution" on me but left me to fend for myself in the event the Income Tax Authorities in India do not accept the Tax Exemption or Tax Deferral they have imposed upon me.

An assessment of Tax at the very beginning on the amount that would be paid by the Annuity to me over Four years would certainly be very detrimental to me.

A Single Payment of my Entire Settlement Amount at the beginning will completely Eliminate any Risks I might face from both the IRS as well as from Income Tax Authorities in India.


### III.    NO EFFECT ON ANY MEDICAL OR GOVERNMENT ASSISTANCE PROGRAMS DUE TO SINGLE PAYMENT

24.    I Permanently live in India and incur all of my Medical Expenses in India. Medicare does not cover any Medical Expenses incurred in India and is thus of no use to me. Please see "Medicare Publication 110037 attached as Exhibit 8.

I have consulted with Two SHIP Counselors and am Planning to Cancel Medicare. Getting a Medicare Advantage Plan or a Medigap Policy will not make sense for me since Original Medicare does not cover Medical Expenses from India and since I plan to Cancel it.

25.   The LTD Committee has argued that Medicare Premiums might increase due to LTD
      Members Receiving Settlement Amounts in a Lump Sum.  However, Social Security
      considers a Settlement from an Employer due to the Employer's Bankruptcy as a "Going
      Down" of Income, not an Increase in Income.  So, a Single Payment of my Entire
      Settlement Amount will not have any impact on Medicare Premiums, even if I had
      planned to keep Medicare.  Please see Page 7 of Social Security Publication 10536
      attached as Exhibit 9.

26.   The LTD Committee has feared that Taxes on Social Security Benefits would increase as
      a result of receiving the entire amount in a Single Payment.
      I Permanently Live in India as a Resident of India.  I pay taxes on █████ of my Social
      Security Benefits at a Flat Rate of █████ to the IRS.  This Flat Tax Rate does not depend
      on any Other Income I might receive, regardless of the amount of that Other Income.
      Please see Page 29 of Social Security Publication 10137 attached herewith as Exhibit 10
      for this information.  Please also see my 2012 Social Security Statement for information
      on the "RATE OF TAX" that is imposed on me.

27.   I do not receive and am not eligible to receive any other Medical or Government
      Assistance Programs such as Medicaid, SSI, Medicare Savings Programs, Needs Based
      Programs or any State Sponsored Assistance Programs since I do not live in any State in
      the US.  Please see my Social Security Statement in Exhibit 3 to confirm that I am not
      receiving any Medicaid, SSI or Medicare Savings Program Benefits.  I plan to Cancel
      Medicare, so it would not make any sense for me to even look at Medicaid or Medicare
      Savings Programs, not to mention that I am not eligible for any of these other programs
      listed.

## IV.   <u>CONCLUSION</u>

28.   The "Structures and Methods of Distribution" proposed by the LTD Committee either do
not achieve any of their objectives or cannot be used by me for the purpose for which
they were created.  All of these "Structures and Methods of Distribution" are thus <u>of no</u>
<u>use to me, whatsoever</u>.

   i.   I live and incur all my Medical Expenses in India.  The HRA does not
Reimburse any Medical Expenses incurred in India.  So it is of <u>no use to</u>
<u>me</u>.

   ii.   The Debit Card the HRA plans to issue to make it convenient for LTD
Members to get Reimbursements for their Qualified Medical Expenses is
not accepted by majority of doctors in India.  Even when it is accepted by
larger hospitals, its use in India invites "International Use Transaction
Fees", Poor Currency Conversion Rates and a host of Other Charges and
Fees that eat away the amounts in the HRA that were meant to be used by
me for my Qualified Medical Expenses.  Alternatively, if I am required to
physically submit the numerous smaller charges that we incur for my
Medical and Prescription Drug expenses on a day to day basis, it would
become impractical to use the HRA.

   iii.   My total tax liability, as determined by my Tax Rate in India, remains at
the Flat Rate of ▮▮ no matter whether my Settlement Amount is paid in a
Single Lump Sum or over Four years.  So creating an Annuity or any

18

        Other Method of achieving Tax Deferral in the US does not reduce my

        Overall Tax Burden.

iv.      Since there is <u>no impact</u> on my Medicare Premiums due to Receiving a

        Settlement Distribution from "Debtors who are in Bankruptcy

        Proceedings", Regardless of the Amount of such a Distribution, No

        "Structures and Methods of Distribution" need be Created to alleviate such

        a Risk.

        Additionally, since Medicare does not actually Cover any Medical

        Expenses in India, I intend to Cancel it and so, will be Immune to any

        Premium increases, should they occur at all.

v.       My Social Security Benefits are Taxed in the US at a Flat Rate of █████

        (████ of the Benefits) and this tax rate does not vary due to any other

        Distributions I receive, regardless of the Amount of such a Distribution.

        So, there is no reason to deploy any "Structures and Methods of

        Distribution" to mitigate such an impact.

vi.      I do not receive and am not eligible to receive any other Medical or

        Government Assistance Programs and thus the Distribution of my

        Settlement Amount does not have any impact on such Benefits, regardless

        of the Amount of such a Distribution.

The fact that I do not derive any advantage whatsoever from any of the "Structures or

Methods of Distribution" proposed by the LTD Committee is not my only concern.  My

Bigger concern, is <u>how to deal with the Adverse Consequences</u> of these "Structures and

Methods of Distribution" that might be imposed upon me.

i.    Creation of an HRA with either a US $█████ or a US $█████Cap
      Represents a <u>Complete Loss</u> to me, from my Settlement Amount, of the
      Amount placed in the HRA for me.

ii.   The LTD Committee has not sought any Tax Exemptions from Income
      Tax Authorities in India for their use of the HRA or Annuity/Other
      Methods to Exempt or Defer Taxes in India.  Since there are no Structures
      like the Health Reimbursement Account in Indian Income Tax Rules, it is
      likely that such a HRA will not be Exempt from Taxation in India.  In this
      event, I will have to pay taxes in India at a Flat Rate of█████ or US $
      █████ for an HRA with a Cap of US $█████from my Other Settlement
      Proceeds.  This represents a further Reduction of my Settlement Amount
      by US $█████

iii.  Creating an Annuity, HRA, or Other Methods forces me to Incur a
      Projected 4% Administrative Cost for Services which are of <u>no benefit</u> to
      me.  This further reduces my Settlement Amount by the Unnecessary 4%
      Administrative Fee.

iv.   The HRA and Annuity/Other Methods to Distribute Settlement Amounts
      over Four Years cause me a loss of at least US $█████in Interest and
      Other Net Savings I would earn if the entire amount were instead paid to
      me at the beginning.  This loss imposed to me by the LTD Committee is in
      addition to the Loss I am incurring due to the discontinuation of my
      Income and Other Benefits from the Debtors.  This loss also occurs at a
      time when I must conserve all my resources to plan for future sustenance.

v.    The LTD Committee has not sought permission from the Income Tax

Authorities in India for any Tax Deferral methods they plan to deploy in

distributing me my Settlement Amount. If the Annuity/Other Methods to

Distribute my Settlement Amount over Four Years is not recognized as a

valid Tax Deferral method by the Income Tax Authorities in India, then I

will be required to pay a Flat Rate of █████ on my entire Settlement

Amount at the very beginning of the LTD Committees Payment Schedule.

In that event, my Tax Liability will exceed the amount I receive from the

LTD Committee as my First Installment and I will not have the funds to

pay such taxes and may be forced to seek alternatives such as Personal

Bankruptcy protection.  This entirely unnecessary risk will have occurred

only due to the LTD Committees insistence that I must accept their

"Structures and Methods of Distribution.

It may therefore be seen that acceptance of any method of Distributing my Settlement

Amount other than the Lump Sum option subjects me to unprecedented hardship that I

may face with the Indian Income Tax Authorities as well as exposes me to  Substantial

Losses, Risks and Uncertainties from both the US and Indian Income Tax Authorities. As

shown above, LTD Committee's Complex "Structures and Methods of Distribution are of

no use to me whatsoever.

The LTD Committee has stated that even in the Context of US Taxation Laws alone there

are very few methods available to achieve Tax Efficiency in their Distribution of the

Settlement Amount.  Adding to the US Taxation Laws, a Completely Different set of

Taxation Rules in India would make it all but impossible to find a method to achieve Tax Efficiency.

In light of these limitations, a simpler solution would be to distribute my Entire Settlement Amount in a Single Lump Sum at the time when the First Installment of my Settlement Amount is scheduled to be sent to me.

## NOTICE

Notice of this Limited Objection has been provided to Elliott Greenleaf, Wilmington, Delaware, Counsel to the Official Committee of Long Term Disability (LTD) Participants via Electronic Mail. Elliott Greenleaf will provide this Notice to the US Bankruptcy Court, Delaware under Seal. Other parties will receive notice through the Court's electronic filing system. I respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, Rahul Kumar signed herein respectfully requests this Court grant the Relief requested in this Limited Objection.

Dated: _23 April, 2013_

Rahul Kumar

_Rahul Kumar_

*Appearing Pro Se*