IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
:
---------------------------------------------------------- X

**JOINT MOTION FOR ENTRY OF AN ORDER UNDER
11 U.S.C. §§ 102(1) AND 105, FED. R. BANKR. P. 9006 AND BANKR. D. DEL.
L.R. 9006-1(e) SHORTENING NOTICE RELATING TO THE JOINT REQUEST FOR
CERTIFICATION OF THE JOINT ADMINISTRATORS' NOTICE OF APPEAL TO
THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
PURSUANT TO 28 U.S.C. § 158(D)(2)**

Nortel Networks Inc. and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "Debtors" or the "U.S. Debtors"), the Official Committee of Unsecured Creditors (the "Committee, and together with the U.S. Debtors, the "Movants") hereby move this Court (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Rules"), shortening notice to allow the *Joint Request for Certification of the Joint Administrators' Notice of Appeal to the United States Court of Appeals for the Third Circuit Pursuant to 28 U.S.C. § 158(d)(2)* (the "Request") to be considered at the hearing currently scheduled for April 24, 2013, at 10:00 a.m.  In support of this Motion to Shorten, the Movants respectfully represent as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

**Background**

3. On January 14, 2009 (the "Petition Date"), the U.S Debtors, other than Nortel Networks (CALA) Inc., filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are consolidated for procedural purposes only.

4. On the Petition Date, the U.S. Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the U.S. Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court," and together with the U.S. Court, the "U.S. and Canadian Courts") under the Companies' Creditors Arrangement

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, and including NNUK, the "EMEA Debtors")[2] into administration (the "English Proceedings") under the control of the Joint Administrators.

5. On the Petition Date, the U.S. Debtors filed the *Motion for Entry of an Order Pursuant to 11 U.S.C. § 105(a) Approving Cross-Border Court-to-Court Protocol* [D.I. 18], which established procedures for the coordination of cross-border hearings between the U.S. and Canadian Courts. This Court approved the Court-to-Court Protocol on January 15, 2009 [D.I. 54][3] and the Canadian Court approved the Court-to-Court Protocol on the Petition Date. The Court-to-Court Protocol was later amended by order of this Court on June 29, 2009 [D.I. 990][4] and by an order of the Canadian Court on that same date (as amended, the "Cross Border Protocol").

6. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[2] The EMEA Debtors include the following entities: Nortel Networks UK Limited ("NNUK"), Nortel Networks S.A. ("NNSA"), Nortel Networks (Ireland) Limited ("NNIR"), Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[3] *Order Approving Cross-Border Court-to-Court Protocol*, Jan. 15, 2009 [D.I. 54].

[4] *Order Approving Stipulation of the Debtors and the Official Comm. of Unsecured Creditors of Nortel Networks Inc., et. al., Amending the Cross-Border Court-to-Court Protocol*, June 29, 2009 [D.I. 990].

**Relief Requested**

7.     By this Motion to Shorten, the Movants respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) shortening notice with respect to the Request; (ii) scheduling the Request to be heard at the hearing currently scheduled for April 24, 2013, at 10:00 a.m.; (iii) requiring objections, if any, to the Request to be raised at the hearing on the Request; and (iv) granting such other relief as may be just and proper.

**Facts Relevant to this Motion**

8.     On or about June 9, 2009, the U.S. Debtors, the Canadian Debtors and the EMEA Debtors, excluding Nortel Networks S.A. and Nortel Networks AG, entered into the Interim Funding and Settlement Agreement ("IFSA").[5]  The IFSA addressed several important issues, including the reimbursement of NNL for costs alleged to have been incurred on behalf of NNI during the post-petition period, the prevention of a potential funding crisis at NNL and the resolution of certain payments owed by NNL to NNUK.[6]

9.     On April 25, 2011, the U.S. Debtors and Committee filed a Joint Motion For Entry of an Order, Establishing An Allocation Protocol pursuant to the Interim Funding and Settlement Agreement, and Related Relief  [D.I. 5307] (the "Allocation Protocol Motion").

10.    On May 19, 2011, the Joint Administrators filed an (I) Objection to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and (II) Cross-Motion to Compel Arbitration [D.I. 5444] (the "Cross-Motion to Compel Arbitration").

---

[5]     Nortel Networks S.A. and Nortel Networks AG acceded to the IFSA as EMEA Debtors – each agreeing "to perform and comply with its obligations under the IFSA as if it had been a party from the date of execution thereof" – on or about September 11, 2009.  *Accession and Amendment Agreement relating to the Interim Funding Settlement Agreement,* dated September 11, 2009.

[6]     Any description of the IFSA set forth herein is for informational purposes only.  In the event of any discrepancy between such description and the terms of the IFSA, the terms of the IFSA shall govern.

4

11.    On April 3, 2013, the Court issued an opinion regarding the Allocation Protocol Motion and Cross-Motion [D.I. 9946] (the "Opinion") finding, in relevant part, that "the Nortel Parties did not agree to arbitrate" and the "Court has jurisdiction and the IFSA is the call for the submission of an allocation protocol." Opinion at 15. Accordingly, the Court denied the Cross-Motion. See Order Approving Allocation Protocol, dated April 3, 2013, ¶ 2 [D.I 9947] (the "4/3/13 Order").

12.    To date, the parties have not been able to agree upon an allocation of the Sale Proceeds among the Selling Debtors (the "Allocation Dispute"). Whether the Allocation Dispute is subject to an arbitration agreement is the focus of the Cross-Motion to Compel Arbitration and the Joint Administrators' Appeal.

## Basis for Relief Requested

13.    Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

14.    Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

15.    Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."

16.    Moreover, according to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the

5

period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

17. The Movants respectfully submit that allowing the relief requested in the Request to be considered on an expedited basis is reasonable and appropriate under the circumstances. As related above and more fully in the Request, speed is particularly important here where any delay in the resolution of the Allocation Dispute means a delay of creditor recoveries and a reduction of the available assets from which those creditors seek a distribution. *See In re Nortel Networks, Inc.*, 669 F.3d 128, 143-44 (3d Cir. 2011), *aff'g In re Nortel Networks Inc.*, 09-10138-KG, 2011 WL 1154225 (D. Del. Mar. 29, 2011), *cert. denied*, 133 S. Ct. 34 (2012). Moreover, a delay in the resolution of the Allocation Dispute potentially could result in further inefficiencies to the extent such litigation cannot be coordinated with the resolution of the various claims filed by the EMEA Debtors against the U.S. Debtors.

18. Movants each agree and each request that the Court certify the Notice of Appeal and Movants intend to ask for expedited proceedings in the Third Circuit in the event that the certification is accepted to further permit a faster resolution of this critical issue.

19. For these reasons, the Movants respectfully submit that allowing the Request to be considered without a hearing on shortened notice is reasonable and appropriate under the circumstances.

**No Prior Request**

20.      No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

**Notice**

21.      Notice of this Request has been given via electronic mail, fax, or overnight mail to (i) the U.S. Trustee; (ii) counsel to the ad hoc group of bondholders; (iii) counsel to the Joint Administrators of the EMEA Debtors; (iv) the Core Parties and (v) the general service list established in these chapter 11 cases.  In light of the nature of the relief requested, the Movants submit that no other or further notice is necessary.

*[Remainder of the page left intentionally blank]*

WHEREFORE, the Movants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Request; (ii) scheduling the Request to be heard at the hearing currently scheduled for April 24, 2013, at 10:00 a.m.; (iii) requiring objections, if any, to the Request to be raised at the hearing on the Request; and (iv) granting such other relief as may be just and proper.

Dated:  April 23, 2013

        CLEARY GOTTLIEB STEEN &
        HAMILTON LLP

        Howard S. Zelbo (admitted *pro hac vice*)
        James L. Bromley (admitted *pro hac vice*)
        Jeffrey A. Rosenthal (admitted *pro hac vice*)
        Lisa M. Schweitzer (admitted *pro hac vice*)
        One Liberty Plaza
        New York, New York 10006
        Telephone:  (212) 225-2000
        Facsimile:  (212) 225-3999

        - and -

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Ann C. Cordo*
        Derek C. Abbott (No. 3376)
        Eric D. Schwartz (No. 3134)
        Ann C. Cordo (No. 4817)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, Delaware 19801
        Telephone:  (302) 658-9200
        Facsimile: (302) 658-3989

        *Counsel for the Debtors*
        *and Debtors in Possession*

- and –

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee of Unsecured Creditors*