# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*                                                   :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                        :   Case No. 09-10138 (KG)
:
        Debtors.  :   Jointly Administered
:
:   **Hearing Date:**
:   To Be Determined
:   **Objections Due:**
:   To Be Determined
:
----------------------------------------------------------X

## JOINT MOTION FOR AN ORDER
## RETAINING JURISDICTION PENDING APPEAL

      Nortel Networks Inc. ("NNI") and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "Debtors" or the "U.S. Debtors"), jointly with the Official Committee of Unsecured Creditors (the "Committee" and collectively with the U.S. Debtors, the "Movants") hereby move this Court (the "Motion"), pursuant to Section 105 of Title 11 of the United States Code (the "Bankruptcy Code") for entry of an order in the form attached as Exhibit A, declaring the appeal by the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators") for Nortel Networks UK Limited and certain of its affiliates (collectively, the "EMEA Debtors"), dated April 17, 2013 [D.I. 10166] (the "Appeal") from this Court's order dated April 3, 2013 (the "Order") [D.I. 9947] and related

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

opinion (the "Opinion") [D.I. 9946], to be frivolous, and retaining jurisdiction over all aspects of the above-referenced proceedings pending resolution of the Appeal.[2] In support of this Motion, the Movants respectfully represent as follows:

## BACKGROUND & PROCEDURAL HISTORY

1. On April 25, 2011, the U.S. Debtors and Committee filed a *Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement*, and for Related Relief [D.I. 5307] (the "Allocation Protocol Motion").

2. On May 19, 2011, the Joint Administrators filed an *(I) Objection to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and (II) Cross-Motion to Compel Arbitration* [D.I. 5444] (the "Cross-Motion to Compel Arbitration").

3. On June 7, 2011, the Court heard oral argument on the Allocation Protocol Motion and Cross-Motion to Compel Arbitration.

4. On March 7, 2013 this Court heard further oral argument on the Allocation Protocol Motion and Cross-Motion to Compel Arbitration.

---

[2] In support of this Motion, Movants rely on and incorporate by reference their prior submissions relating to the Allocation Protocol Motion and Cross-Motion to Compel Arbitration (as defined herein), including, but not limited to, (i) the *Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief*, dated April 25, 2011 [D.I. 5307]; (ii) the *Reply Memorandum of U.S. Debtors and Committee in Further Support of Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief, and in Response to the EMEA Debtors Cross-Motion to Compel Arbitration*, dated June 2, 2011 [D.I. 5571]; and (iii) the *Supplemental Submission of the U.S. Debtors and Official Committee of Unsecured Creditors on Allocation Protocol Issues*, dated March 4, 2013 [D.I. 9570] (the "U.S. Supplemental Submission"). Movants further note that all parties have had the opportunity to brief the Court on these issues, including via: (a) the *Joint Administrators' Memorandum of Law in Support of Their (I) Objection to Joint Motion for Entry of An Order Establishing An Allocation Protocol Pursuant To the Interim Funding And Settlement Agreement, and (II) Cross-Motion To Compel Arbitration*, dated May 19, 2011 [D.I. 5531] (the "EMEA Opening Brief"); (b) the *Joint Administrators' Reply Memorandum of Law in Further Support of Their Cross-Motion to Compel Arbitration*, dated June 6, 2011 [D.I. 5608]; and (c) the *Joint Administrators' Supplemental Memorandum of Law in Support of Their (I) Objection to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and (II) Cross-Motion to Compel Arbitration*, dated March 4, 2013 [D.I. 9569].

5. On April 3, 2013, the Court issued the Opinion regarding the Allocation Protocol Motion and Cross-Motion to Compel Arbitration, finding that the Interim Funding and Settlement Agreement (the "IFSA") "is not reasonably susceptible of more than one interpretation and therefore is not ambiguous," Opinion at 7, and that "[i]t is very clear that the Nortel Parties did not agree to arbitrate," Opinion at 11. Accordingly, the Court denied the Cross-Motion to Compel Arbitration. *See* Order ¶ 2. On the same date, the Ontario Superior Court of Justice likewise concluded that the Joint Administrators' arguments in favor of arbitration were "inherently flawed," and that a "plain and common sense reading" of the IFSA precluded any finding that an agreement to arbitrate existed. *Nortel Networks Corporation (Re)*, 2013 ONSC 1757, at 6-7 (the "Canadian Court's Endorsement").

6. On April 17, 2013, the Joint Administrators filed the Appeal, challenging those portions of the Opinion and Order that denied their Cross-Motion to Compel Arbitration.[3]

## BASIS FOR RELIEF REQUESTED

7. Once again, and despite their protests to the contrary, the Joint Administrators are doing their level best to delay and disrupt these proceedings. Having blanketed the allocation dispute with the overlay of their baseless claims, the Joint Administrators now appeal the denial of the Cross-Motion to Compel Arbitration and in doing so attempt to divest this Court of jurisdiction. This effort fails. Notwithstanding the Appeal, this Court can and should determine that litigation of the allocation dispute is not stayed.

8. The Joint Administrators assert in papers supporting their separate motion for leave to appeal the Court's Order that this Appeal automatically divests this Court of

---

[3] In a further effort to muddy the waters, the Joint Administrators have also filed a motion in this Court for leave to appeal the as yet not approved Allocation Protocol, *see Joint Administrators' Motion for Leave to Appeal from Order Approving Allocation Protocol*, dated April 17, 2013 [D.I. 10167] (the "EMEA Motion for Leave to Appeal"), as well as a motion for leave to appeal in Canada seeking substantially similar relief, *see Notice of Motion for Leave to Appeal*, dated April 23, 2013 [Court File No. pending].

jurisdiction to decide the underlying allocation dispute. *See* EMEA Motion for Leave to Appeal at 3. This, however, is not the law in the Third Circuit. In *Ehleiter v. Grapetree Shores, Inc.*, the Third Circuit stated the rule that the appeal of a court's denial of a motion to compel arbitration under Section 16(a) of the Federal Arbitration Act, 9 U.S.C. § 16(a), <u>does not divest a lower court of jurisdiction</u> where that appeal is "frivolous or forfeited." 482 F.3d 207, 215 n.6 (3d Cir. 2007) (citing, *inter alia*, *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997)). An appeal is frivolous where, "following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude" that the appeal "lacks colorable support or is wholly without merit." *Nagle v. Alspach*, 8 F.3d 141, 145-46 (3d Cir. 1993) (internal quotation marks and citation omitted).[4]

        9.      There can be no doubt that the Joint Administrators' Appeal is frivolous. Both the US and Canadian Courts have determined that here there is simply no agreement to arbitrate. Where there is no agreement to arbitrate, it is black letter law that parties cannot be compelled to arbitrate. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2857-58 (2010) (The "first principle" of arbitration is that it "is strictly a matter of consent and thus is a way to resolve . . . disputes – but only those disputes – that the parties have agreed to submit to arbitration." (citation and emphasis omitted)). The Joint Administrators have made no colorable argument – and can make none on appeal – that such an agreement exists here. *See In re Magna Entm't Corp.*, 2012 WL 272847, at *3 (finding appeal frivolous where, *inter alia*, no evidence

---

[4] The lower court has the authority to make this determination of its own accord, *see Bradford-Scott Data Corp.*, 128 F.3d at 506, and several district and bankruptcy courts within this Circuit have recognized their authority to prevent the disruptive effect of plainly non-meritorious appeals by declaring such appeals to be frivolous. *See In re Magna Entm't Corp.*, No. 09-10720 (MFW), 2012 WL 272847, at *3 (Bankr. D. Del. Jan. 30, 2012); *Traxys N. Am. LLC v. Evraz Claymont Steel, Inc.*, Civil Action No. 09-684, 2011 WL 1868836, at *2 (D. Del. May 16, 2011); *see also Kirleis v. Dickie, McCamey & Chicolte, PC*, Civil Action No. 06-1495, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007). This Court should do the same, and retain jurisdiction of the allocation proceedings while the Appeal is pending.

existed of an agreement to arbitrate (citing *Kirleis*, 2007 WL 3023950, at *3)).

10. In urging this Court that the parties to the IFSA agreed to arbitration, the Joint Administrators rely solely on Section 12 of that document, which provides that the parties will "negotiate and *attempt* to reach agreement on a protocol for resolving allocation," making clear that the IFSA itself does not specify that resolution mechanism. Opinion at 12 (emphasis added); *see also* U.S. Supplemental Submission at 7 & n.12 (citing, *inter alia*, *IDT Corp. v. Tyco Grp.*, 13 N.Y. 3d 209, 213 n.2, 913 N.E. 2d 913, 915 n.2 (2009) (finding that where an "agreement contemplated the negotiation of later agreements" then "the consummation of those agreements was a precondition to a party's performance")). As the Court correctly noted, this reading of the IFSA is consistent with – and indeed required by – the U.S. IFSA Order, which provides that "no protocol for allocation . . . may become effective without the prior approval of this Court," as well as federal and local Bankruptcy Rules requiring prior court approval of arbitration. *See* Opinion at 13 (citing Fed. R. Bankr. P. 9019(c); Del. Bankr. L.R. 9013-3(b)(i)). Thus, it is clear that the IFSA itself is not an agreement to arbitrate.

11. As the Court also observed, the absence of any terms describing how arbitration would be conducted in an agreement drafted by sophisticated parties makes it all the more clear that "the parties *did not even approach* any agreement on arbitration." *Id.* at 12 & n.9 (emphasis added) (citing *Truck Drivers, Oil Drivers, Filing Station & Platform Workers' Union Local 705, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. (AFL-CIO) v. Schneider Tank Lines, Inc.*, 958 F.2d 171, 175 (7th Cir. 1992); *Bor Corp. v. ADT Automotive, Inc.*, Case No. 96 Civ. 1019, 1996 WL 689364 (JFK), at *10 (S.D.N.Y., Nov. 27, 1996)). Again, the fact that this Court already found the parties "did not even approach" any agreement to arbitrate underscores the frivolous nature of the Appeal.

12. The "only language in the IFSA upon which the EMEA Debtors attempt to gain a foothold for their arbitration argument is the term 'dispute resolvers.'" Opinion at 13 (quoting IFSA § 12(c)). But given that the IFSA represents only an "agreement to negotiate" as to how the allocation dispute might one day be resolved, the term "dispute resolvers" is unambiguous in leaving *open* who will decide the allocation dispute – a court, multiple courts, an arbitrator, multiple arbitrators, or some other possibility. See U.S. Supplemental Submission at 8. As noted by the Court, although the Joint Administrators point to a single case to argue that "dispute resolver[]" must mean "an arbitrator," in that case, "dispute resolver[]" was a defined term, while Movants have shown here that there is substantial case law referring to courts as dispute resolvers. See Opinion at 13-14 (discussing *Palumbo v. Select Mgmt. Holdings, Inc.*, No. 82900, 2003 WL 22674397 (Ohio Ct. App. Nov. 13, 2003)); *see also* EMEA Opening Brief at 18; *cf. Kuntz v. Saul, Ewing, Remick & Saul (In re Grand Union Co.)*, 200 B.R. 101, 106 (D. Del. 1996) (finding appeal to be frivolous where, *inter alia*, appellant "cite[d] no cases in support of [an] argument," and also "provide[d] no factual basis" for a contention on appeal).

13. Accordingly, this Court found that the IFSA is not ambiguous: "[it] is not reasonably susceptible of more than one interpretation and therefore is not ambiguous." Opinion at 7; *see also id.* at 11 ("It is very clear that the Nortel Parties did not agree to arbitrate."). The Canadian Court found the same. Canadian Court's Endorsement at 6 ("I do not find the IFSA, or any of the documents, to be ambiguous in this regard."). Given the Joint Administrators' failure to make a *prima facie* showing that any agreement containing an arbitration clause even exists, their Appeal is frivolous, and this Court should retain jurisdiction while the Appeal is pending. *See In re Magna Entm't Corp.*, 2012 WL 272847, at *3.

6

14. It is also important to note that the Court retains jurisdiction to enforce its orders pending any appeal. *See generally In re Washington Mutual, Inc.*, 461 B.R. 200, 219 (Bankr. D. Del. 2011) ("[T]he correct statement of the Divestiture Rule is that so long as the lower court is not altering the appealed order, the lower court retains jurisdiction to enforce it."); *see also In re Tribune Co.* 472 B.R. 223, 231 (Bankr. D.Del. 2012) ("The application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner." (quoting *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (1st Cir. BAP 2007)). This Court also has the power to determine whether the Appeal is frivolous and whether to retain jurisdiction during the pendency of the Appeal.  The Court should exercise that power and should determine that this Appeal is frivolous so that the allocation proceedings can progress in an efficient and expeditious manner.  Staying all proceedings relating to the allocation dispute during the Joint Administrators' Appeal risks weeks or even months of further delay in a case where discovery and trial are now overdue.  As this Court has aptly stated, "[t]his case has got to go forward . . . and we have to keep it moving quickly." *Hr'g Tr.* in *In re Nortel Networks* (March 27, 2013) at 37:2-37:4 [D.I. 9894].[5]

15. Finally, and most importantly, the Court should find that the Appeal is frivolous to permit discovery to commence immediately and maintain the schedule so critical to creditors around the world.  Having tied these proceedings in knots for over two years, the Joint Administrators should not be allowed to further delay discovery and trial as they search for a non-existent agreement to arbitrate.

---

[5] The U.S Debtors have joined in a separate Joint Request for Certification of the Joint Administrators' Notice of Appeal to the United States Court of Appeals for the Third Circuit Pursuant to 28 U.S.C. § 158(d)(2). These two motions are complimentary in that both are designed to increase judicial efficiency and speed up resolution of these pending cases.

16. For the foregoing reasons and for all the reasons set forth in the voluminous papers supporting the Allocation Protocol Motion and in opposition to the Cross-Motion to Compel Arbitration, there simply is no agreement to arbitrate here. Therefore, this Court should issue an order declaring the Appeal frivolous and retaining jurisdiction while the Appeal is pending.

## NO PRIOR REQUEST

17. No prior request for the relief sought herein has been made to this or any other court.

## NOTICE

18. Notice of this Objection has been given via electronic mail, facsimile, or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Joint Administrators; (iii) counsel to the ad hoc group of bondholders; (iv) the Core Parties; and (v) the general service list established in these chapter 11 cases. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court (i) enter the proposed order declaring the Appeal frivolous and retaining jurisdiction over the entirety of these proceedings; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: April 23, 2013
       Wilmington, Delaware

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                Howard Zelbo (admitted *pro hac vice*)
                James L. Bromley (admitted *pro hac vice*)
                Jeffrey A. Rosenthal (admitted *pro hac vice*)
                Lisa M. Schweitzer (admitted *pro hac vice*)

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

   - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

   - and -

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

   - and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee
of Unsecured Creditors*