IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
: 
*In re* : Chapter 11
 :
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
 :
    Debtors. : Jointly Administered
 :
 :
---------------------------------------------------------- X

**JOINT MOTION FOR ENTRY OF AN ORDER UNDER
11 U.S.C. §§ 102(1) AND 105, FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-
1(e) SHORTENING NOTICE RELATING TO THE JOINT MOTION FOR AN ORDER
RETAINING JURISDICTION PENDING APPEAL**

Nortel Networks Inc. ("NNI") and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "Debtors" or the "U.S. Debtors"), jointly with the Official Committee of Unsecured Creditors (the "Committee" and collectively with the U.S. Debtors, the "Movants") hereby move this Court (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice to allow the *Joint Motion for an Order Retaining Jurisdiction Pending Appeal* (the "Motion") to be considered at the Court's

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

convenience. In support of this Motion to Shorten, the Movants respectfully represent as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

**Background**

3. On January 14, 2009 (the "Petition Date"), the U.S Debtors, other than Nortel Networks (CALA) Inc., filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are consolidated for procedural purposes only.

4. On the Petition Date, the U.S. Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the U.S. Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court," and together with the U.S. Court, the "U.S. and Canadian Courts") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed the

EMEA Debtors into administration (the "English Proceedings") under the control of the Joint Administrators.

5. On the Petition Date, the U.S. Debtors filed the *Motion for Entry of an Order Pursuant to 11 U.S.C. § 105(a) Approving Cross-Border Court-to-Court Protocol* [D.I. 18], which established procedures for the coordination of cross-border hearings between the U.S. and Canadian Courts. This Court approved the Court-to-Court Protocol on January 15, 2009 [D.I. 54][2] and the Canadian Court approved the Court-to-Court Protocol on the Petition Date. The Court-to-Court Protocol was later amended by order of this Court on June 29, 2009 [D.I. 990][3] and by an order of the Canadian Court on that same date (as amended, the "Cross Border Protocol").

6. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

**Relief Requested**

7. By this Motion to Shorten, the Parties respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) shortening notice with respect to the Motion; (ii) scheduling the Motion to be heard at the Court's earliest convenience; (iii) requiring objections, if any, to the Motion to be raised at a date set by the Court; and (iv) granting such other relief as may be just and proper.

---

[2] *Order Approving Cross-Border Court-to-Court Protocol*, Jan. 15, 2009 [D.I. 54].

[3] *Order Approving Stipulation of the Debtors and the Official Comm. of Unsecured Creditors of Nortel Networks Inc., et. al., Amending the Cross-Border Court-to-Court Protocol*, June 29, 2009 [D.I. 990].

**Facts Relevant to this Motion**

8. On or about June 9, 2009, the U.S. Debtors, the Canadian Debtors and the EMEA Debtors, excluding Nortel Networks S.A. and Nortel Networks AG, entered into the Interim Funding and Settlement Agreement ("IFSA"). The IFSA addressed several important issues, including the reimbursement of NNL for costs alleged to have been incurred on behalf of NNI during the post-petition period, the prevention of a potential funding crisis at NNL and the resolution of certain payments owed by NNL to NNUK.

9. On April 25, 2011, the U.S. Debtors and Committee filed a Joint Motion For Entry of an Order, Establishing An Allocation Protocol pursuant to the Interim Funding and Settlement Agreement, and Related Relief [D.I. 5307] (the "Allocation Protocol Motion").

10. On May 19, 2011, the Joint Administrators filed an (I) Objection to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and (II) Cross-Motion to Compel Arbitration [D.I. 5444] (the "Cross-Motion to Compel Arbitration").

11. On April 3, 2013, the Court issued an opinion regarding the Allocation Protocol Motion and Cross-Motion [D.I. 9946] (the "Opinion") finding, in relevant part, that finding that the Interim Funding and Settlement Agreement (the "IFSA") "is not reasonably susceptible of more than one interpretation and therefore is not ambiguous," Opinion at 7, and that "it is very clear that the Nortel Parties did not agree to arbitrate," Opinion at 11. Accordingly, the Court denied the Cross-Motion to Compel Arbitration. *See* Order ¶ 2. On the same date, the Ontario Superior Court of Justice likewise concluded that the Joint Administrators' arguments in favor of arbitration were "inherently flawed," and that a "plain and common sense reading" of the IFSA precluded any finding that an agreement to arbitrate

4

existed. *Nortel Networks Corporation (re)*, 2013 ONSC 1757, at 6-7 (April 3, 2013) (the "Canadian Court's Endorsement").

12. On April 17, 2013, the Joint Administrators filed the Appeal, challenging those portions of the Opinion and Order that denied their Cross-Motion To Compel Arbitration.

**Basis for Relief Requested**

13. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

14. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

15. Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."

16. Moreover, according to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by

5

order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

17. The Movants respectfully submit that allowing the relief requested in the Motion to be considered on an expedited basis is reasonable and appropriate under the circumstances. As related above and more fully in the Motion, the Joint Administrators' Appeal of the Court's denial of their Cross-Motion to Compel Arbitration is frivolous. Where there is no agreement to arbitrate, it is black letter law that parties cannot be compelled to arbitrate. *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 130 S. Ct. 2847, 2857-58 (2010) (The "first principle" of arbitration is that it "is strictly a matter of consent and thus is a way to resolve . . . disputes – but only those disputes – that the parties have agreed to submit to arbitration." (citation and emphasis omitted)). In addition to the fact that there is no colorable argument that there is an arbitration agreement here, to stay all proceedings relating to the allocation dispute during the Joint Administrators' Appeal risks weeks or even months of further delay in a case where discovery and trial are now overdue. As this Court has aptly stated, "[t]his case has got to go forward . . . and we have to keep it moving quickly." Transcript of Hearing dated March 27, 2013, at 37:2-37:4 [D.I. 9894].

18. For these reasons, the Movants respectfully submit that allowing the Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## No Prior Request

19. No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

**<u>Notice</u>**

20. Notice of this Objection has been given via electronic mail, facsimile, or overnight mail to (i) the U.S. Trustee; (ii) counsel to the ad hoc group of bondholders; (iii) counsel to the EMEA Debtors; (iv) the Core Parties; and (v) the general service list established in these chapter 11 cases. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the Movants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Motion; (ii) scheduling the Motion to be heard at the Court's earliest convenience; (iii) requiring objections, if any, to the Motion to be raised at the hearing on the Motion; and (iv) granting such other relief as may be just and proper.

Dated:  April 23, 2013
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice)*
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

  - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

  - and -

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

   - and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

Counsel for the Official Committee
of Unsecured Creditors