```
                IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE


IN RE:                       )     Case No. 09-10138(KG)
                             )     (Jointly Administered)
                             )
NORTEL NETWORKS, INC., et al, )    Chapter 11

                             )     Courtroom 3
                             )     824 Market Street
             Debtors.        )     Wilmington, Delaware
                             )
                             )     April 24, 2013
                             )     10:00 a.m.



                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JUDGE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:                 Morris Nichols Arsht & Tunnell, LLP
                             BY: DEREK ABBOTT, ESQ.
                             BY: ANN CORDO, ESQ.
                             1201 North Market St., 18th Floor
                             Wilmington, DE  19899-1347
                             (302) 351-9357

                             Cleary Gottlieb Steen & Hamilton
                             BY: LISA SCHWEITZER, ESQ.
                             BY: JAMES BROMLEY, ESQ.
                             BY: DARYL STEIN, ESQ.
                             BY: EMILY WEISS, ESQ.
                             One Liberty Plaza
                             New York, NY  10006
                             (212) 225-2000

ECRO:                        GINGER MACE

Transcription Service:       DIAZ DATA SERVICES
                             331 Schuylkill Street
                             Harrisburg, Pennsylvania 17110
                             (717) 233-6664
                             www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Ernst & Young, Monitor/
Canadian Debtor:                Allen & Overy
                                BY: LAURA HALL, ESQ.
                                BY: DANIEL GUYDER, ESQ.
                                1221 Avenue of the Americas
                                New York, NY  10020
                                (212) 610-6417


                                Buchanan Ingersoll & Rooney PC
                                BY: KATHLEEN A. MURPHY, ESQ.
                                1105 N. Market St., Ste. 1900
                                Wilmington, DE  19801-1054
                                (302) 552-4214

For Canadian Creditors
Committee:                      DLA Piper, LLP, U.S.
                                BY: SELINDA A. MELNIK, ESQ.
                                BY: TIMOTHY HOEFFNER, ESQ.
                                919 N. Market St., Ste. 1500
                                Wilmington, DE  19801
                                (302) 468-5650

For the EMEA
Debtors, Joint
Administrators:                 Hughes Hubbard & Reed LLP
                                BY: DEREK ADLER, ESQ.
                                BY: DAVID WILTENBURG, ESQ.
                                BY: NEIL OXFORD, ESQ.
                                BY: FARA TABATABAI, ESQ.
                                One Battery Park Plaza
                                New York, NY  10005
                                (212) 837-6068

                                Young Conaway Stargatt &
                                Taylor
                                BY: ED HARRON, ESQ.
                                Rodney Square
                                1000 North King Street
                                Wilmington, DE  19801
                                (302) 571-6000

APPEARANCES:
(Continued)

For Law Debenture
Indenture Trustee:                Morris James LLP
                                  BY: STEPHEN M. MILLER, ESQ.
                                  500 Delaware Avenue, Ste. 1500
                                  Wilmington, DE  19801-1494
                                  (302) 888-6853

                                  Patterson Belkamp
                                  BY: DAN LOWENTHAL, ESQ.
                                  1133 Avenue of the Americas
                                  New York, New York  10036
                                  (212) 336-1253

For the Creditors'               Richards Layton & Finger
Committee:                        BY: CHRIS SAMIS, ESQ.
                                  One Rodney Square
                                  920 North King Street
                                  Wilmington, DE  19801
                                  (302) 651-7531

                                  Akin Gump Strauss Hauer & Feld
                                  BY: ABID QURESHI, ESQ.
                                  BY; ROBERT JOHNSON, ESQ.
                                  BY: DAVID BOTTER, ESQ.
                                  One Bryant Park
                                  New York, NY  10035
                                  (212) 872-1000

For UK Pension
Interests:                        Bayard, PA
                                  BY: JUSTIN R. ALBERTO, ESQ.
                                  222 Delaware Ave., Ste. 900
                                  Wilmington DE  19899
                                  (302) 429-4226

                                  Willkie Farr & Gallagher, LLP
                                  BY: BRIAN O'CONNOR, ESQ.
                                  BY: DAN KOZOSKO, ESQ.
                                  787 Seventh Avenue
                                  New York, NY  10019-6099
                                  (212) 728-8000

APPEARANCES:
(Continued)

| | |
|---|---|
| For Ad Hoc Bondholder Group: | Milbank Tweed Hadley & McCloy<br>BY: NICK BASSETT, ESQ.<br>BY: THOMAS KRELLER, ESQ.<br>One Chase Manhattan Plaza<br>New York, NY  10005<br>(212) 530-5000 |
| For U. S. Trustee: | Office of the U. S. Trustee<br>BY: MARK KENNEY, ESQ.<br>844 King Street, Ste. 2207<br>Lockbox 35<br>Wilmington, DE  19801<br>(302) 573-6491 |
| For Bondholder Group: | Pachulski Stang Ziehl & Jones<br>BY: KATHLEEN MAKOWSKI, ESQ.<br>919 North Market Street<br>17th Floor<br>Wilmington, DE  19801<br>(302) 778-6417 |
| For Wilmington Trust Indenture Trustee: | Katten Muchin Rosenman, LLP<br>BY: DAVID CRICHLOW, ESQ.<br>575 Madison Avenue<br>New York, NY<br>(212) 940-8800 |

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For Debtor: | Cleary Gottlieb Steen & Hamilton<br>BY: MARLA A. DECKER, ESQ. |
| For Ernst & Young/Monitor: | Allen & Overy, LLP<br>BY: JOSEPH BADTKE=BERKOW, ESQ.<br>(546) 344-6563<br>BY: PAUL KELLER, ESQ.<br>(212) 610-7300 |
| For Bank of America: | Bank of America<br>BY: ESTHER CHUNG<br>(646) 855-6705 |

TELEPHONIC APPEARANCES:
(Continued)

For Official Committee of
Unsecured Creditors:            Akin Gump Strauss Hauer &
                                Feld, LLP
                                BY: FRED HODARA, ESQ.
                                (212) 872-8040
                                BY: BRAD KAHN, ESQ.
                                (212) 872-8121

                                Dentons Canada, LLP
                                BY: MICHAEL J. WUNDER, ESQ.
                                (416) 863-4715

For Ad Hoc Committee:           Milbank Tweed Hadley & McCloy,
                                LLP
                                BY: CINDY DELANO, ESQ.
                                (212) 530-8978

For Creditor, Aurelius:         Kramer Levin Naftalis &
                                Frankel, LLP
                                BY: DAVID E. BLABLEY, JR.
                                (212) 715-9100

                                Aurelius Capital Management LP
                                BY: MATTHEW A. ZLOTO
                                (646) 445-6518

For Jack Mui:                   Kamunting Street
                                BY: GEORGE DANNACHER, ESQ.
                                (203) 541-4243

For Wilmington Trust:           Katten Muchin Rosenman, LLP
                                BY: KAREN B. DINE, ESQ.
                                (212) 940-8772

For Administrators, Morneau
Shepell, Administrator
Of Certain Pension Fund:        McCarthy Tetrault, LLP
                                BY: JAMES GAGE, ESQ.
                                (416) 601-7539

For Nortel Networks U.K.
Pension Trust:                  Hogan Lovells International,
                                LLP
                                BY: ANGELA DIMSDALE GILL, ESQ.
                                (212) 728-3135

TELEPHONIC APPEARANCES:
(Continued)

For Law Debenture Trust
Company of New York:              Patterson Belknap Webb & Tyler
                                  BY: BRIAN GUINEY, ESQ.
                                  (212) 336-2305

For Administrator, Nortel
Networks U.K. (Joint
Administrator):                   Herbert Smith
                                  BY: DAN MINDEL, ESQ.
                                  BY: JOHN WHITEOAK, ESQ.
                                  (302) 571-6710

For Creditor, Bank of
New York Mellon:                  Latham & Watkins, LLP
                                  BY: MICHAEL J. RIELA, ESQ.
                                  (212) 906-1373

For Creditor:                     USB Securities, LLC
                                  BY: DENNIS RUGGERE
                                  (203) 719-7872

For Creditor, U.K. Pension
Trust Limited:                    Willkie Farr & Gallagher, LLP
                                  BY: JACK TRACY, ESQ.
                                  (212) 728-8744

For Interested Party:             Stone Lion Capital Partners
                                  BY: CARRAS HOLMSTEAD
                                  (212) 843-1296

For Interested Party:             Farallon Capital Management
                                  BY: MICHAEL LINN
                                  (415) 421-2132

For Interested Party:             Barclays Capital Management
                                  BY: OLIVIA MAURO
                                  (212) 412-6773

For Interested Party:             Malek Schiffrin, LLP
                                  BY: JAVIER SCHIFFRIN, ESQ.
                                  (212) 220-9388

1    WILMINGTON, DELAWARE, WEDNESDAY, APRIL 24, 2013, 10:08 A.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning, everyone.  Thank you,

4    please be seated.  It's good to see you all.  Good morning,

5    Mr. Abbott.

6              MR. ABBOTT:  Good morning, Your Honor.  And good

7    morning, Mr. Justice Morawetz, I believe.  If not -- oh,

8    there he is.

9              THE COURT:  There we go.  Here he is.

10             THE CLERK:  This Court's now in session.  Please

11   be seated.

12             JUSTICE MORAWETZ:  Good morning, Judge Gross --

13             THE COURT:  Good morning, Justice Morawetz.

14             JUSTICE MORAWETZ:  -- counsel of Delaware and --

15             THE COURT:  Mr. Abbott is at the podium.

16             JUSTICE MORAWETZ:  Okay.  We just have to make

17   our formal declaration that this hearing is being conducted

18   in accordance with the border cross communications protocol.

19   And much like many other hearings that have preceded it,

20   Judge Gross and I have had a discussion this morning to

21   address procedural issues.  We'll turn it over perhaps now,

22   to Judge Gross to Mr. Abbott to hear what he has to say

23   about how the proceedings may unfold today.

24             THE COURT:  Thank you, Justice Morawetz.  Mr.

25   Abbott?

1          MR. ABBOTT:  Good morning, Your Honor.  Good

2    morning, Mr. Justice Morawetz.  Derek Abbott of Morris

3    Nichols here for the Debtors.

4          Your Honor, we've -- we're here, obviously, due

5    to the both Courts orders regarding scheduling.  There was

6    one other matter that the U.S. Debtor scheduled that Your

7    Honor, Judge Gross, signed an order serving notice on this

8    morning and that is a joint request for certification of a

9    direct appeal, Your Honor.  I think that matter will be much

10   shorter and more discrete than the balance of issues for

11   today.  And I wondered if I might introduce Mr. Bromley to

12   handle that matter first, before we move into what is

13   obviously the main event for today.

14          THE COURT:  Well I was thinking more in terms

15   since that is a separate U.S. issue, I was thinking we might

16   take that up at the end instead of at the beginning, so that

17   we don't impose upon our Canadian friends in the meantime.

18          MR. ABBOTT:  That's fine, Your Honor.

19          THE COURT:  All right.

20          MR. ABBOTT:  Obviously, it's your courtroom so, I

21   -- with that, I will cede the podium to Ms. Schweitzer then

22   for the main event.

23          THE COURT:  All right.  Thank you, Mr. Abbott.

24   Mr. Adler, good morning.

25          MR. ADLER:  Yes, Your Honor.  I think it's fine

1   to deal with that Certification Motion later, but I do think

2   -- I'm sorry, it's Derek Adler for the Joint Administrators.

3            I do think we need to deal with the issues about

4   the Court's jurisdiction in light of the appeal.  The issues

5   that have been presented in papers that were served that

6   were described in the papers that we submitted in relation

7   to scheduling and that were served last night by the U.S.

8   Debtor at about 10:00 in relation to an additional motion to

9   have the appeal declared as frivolous.  I'm not sure if Your

10  Honor's had a chance to review those papers yet, but it does

11  go directly to the Court's jurisdiction and to what we can

12  hope to accomplish today.  So it seems to us that we need to

13  address those issues up front.

14           THE COURT:  Well let me ask just a preliminary

15  question, Mr. Adler, and that is this.  And I can't say that

16  I've read the papers that were filed last evening as

17  thoroughly as I would like to have before the hearing, but

18  my sense is your recognize, the EMEA Debtors, recognize the

19  need, regardless of in what form, the matters proceed to

20  commence discovery at this point.  Does your motion impact

21  what we would be discussing scheduling-wise.

22           MR. ADLER:  The background of this is that we

23  filed a Notice of Appeal a week ago today, I guess, that

24  appeals from the portion of your order which denied the

25  Motion to Compel Arbitration.

1        THE COURT:  Right.

2        MR. ADLER:  And that is an appeal as of right.

3  And under a Third Circuit precedent, it says that the filing

4  of an appeal from a Motion to Compel Arbitration, a denial

5  of a Motion to Compel Arbitration, actually deprives the

6  lower Court of the jurisdiction to take further steps in the

7  proceedings that the party contends should be arbitrated.

8        We also filed a Notice of -- for Leave to Appeal.

9        THE COURT:  Yes.

10        MR. ADLER:  We sought -- made a Motion for Leave

11  to Appeal from the other portion of Your Honor's ruling

12  which instituted a cross-border protocol process for hearing

13  allocation claims and Canadian claims all together with

14  discovery and so on.  We -- it's always --

15        THE COURT:  And that portion does not implicate

16  jurisdiction as I understand it, that portion of your

17  appeal.

18        MR. ADLER:  I believe that's right, Your Honor.

19        THE COURT:  Okay.

20        MR. ADLER:  Yeah.  So it's always been the EMEA

21  Debtors intention to move forward with everything as quickly

22  as possible.  And so, in fact, I called up Mr. Rosenthal,

23  Mr. Bromley's partner, last Wednesday when we filed the

24  Notice of Appeal, and I said we were filing these papers.

25  We would like to proceed with allocation pleading, pleadings

1 related to the allocation issues.  We'd like to proceed with

2 allocation discovery, discovery related to the allocation

3 issues.  We can't do that unless there's an agreement that

4 this will be without prejudice to the appeal.  And without

5 prejudice to our objection to proceeding in this matter and

6 to having the Courts decide the issue of allocation in joint

7 hearings.

8          And so we said let's go forward with everything.

9 There's kind of fork in the road at some point, but if we

10 expedite the appeal, we have some chance of getting the

11 appeal heard.  If we all agree that it goes to the Third

12 Circuit expedited, we may be able to get the appeal resolved

13 by the end of the year and then continue with the joint

14 trial in January, if that's the result, or go to arbitration

15 at that point, but that we didn't have to reach the fork in

16 the road sooner.  And Mr. Rosenthal agreed that that was a

17 good idea.

18          Mr. Bromley, the next day, called me and agreed

19 that that was good idea.  And, in fact, he said we will

20 draft a stipulation, and send it to you, that you provides

21 for this.  Let's try to work it out.  And it wasn't  until

22 3:00 or 2:30 yesterday afternoon that Mr. Bromley called me

23 again and said we've changed our minds, we want to file this

24 motion to have your appeal declared as frivolous which will

25 negate the stay of proceedings that would otherwise apply.

1          So as of today, under the Third Circuit

2     precedent, I think we'd have to say that the Court doesn't

3     have jurisdiction to address allocation issues.  A lot of

4     the scheduling issues that we need to discuss today,

5     actually overlap.  So I don't think there's any reason why

6     we can't go through the schedule and discuss the claims

7     process because it's really the same deadlines and the same

8     process across the board.

9          But as of today, the allocation process is

10     stayed.  We would like an opportunity to respond to Mr.

11     Bromley's motion, the U.S. Debtors' motion.  We can discuss

12     the schedule for that, but we'd like to respond to that.

13     We'd like to continue the discussion with them about why

14     this can't be done by stipulation, because it seems to us to

15     be a big waste of time to be engaging in motion practice

16     here and perhaps in front of the District Court about

17     whether our appeal is frivolous.

18          You know, to us it seems clear that the amount of

19     parties involved, the complexity of the issues, we don't

20     think it's frivolous, but we don't think we have to reach

21     that because there is a way, we think, for the parties to

22     simply agree that they will do allocation, pleading, and

23     discovery, and use the time well while the appeal is

24     pending.

25          THE COURT:  All right.

1          MR. ADLER:  So that's what I think the position

2    is as of today and I'd be happy to discuss the briefing

3    schedule and then go onto the other issues.

4          THE COURT:  So your concern would be my ability,

5    frankly, to enter an order on discovery at this point?

6          MR. ADLER:  That's correct.  And it's not coming

7    from us, Your Honor.  It's really clear from the Third

8    Circuit decisions on this and the Lower Court decisions.  I

9    think that the U.S. Debtor recognizes that which is why

10   they've taken -- in fact, they've made a motion to lift that

11   stay on certain grounds.  So anyway, that's, I think, where

12   we are.

13         THE COURT:  Okay, thank you, Mr. Adler.  Mr.

14   Bromley, good morning.

15         MR. BROMLEY:  Good morning, Your Honor.  Good

16   morning, Justice Morawetz.  James Bromley, Cleary Gottlieb,

17   on behalf of the U.S. Debtors.

18         I think Mr. Adler does raise an important point

19   for starting the hearing, which is whether or not this Court

20   has jurisdiction, at the present time, to address issues

21   with respect to discovery relating to the allocation

22   dispute.

23         And I think, first of all, I'd like to just

24   disagree with Mr. Adler.  I agreed and so did my partner,

25   Mr. Rosenthal, that we would look into whether or not a

1    stipulation could work.  We did do that.  And we also sat

2    down and looked at the law and came to the conclusion as I

3    informed Mr. Adler yesterday, that we didn't think a

4    stipulation could work.  And I'll explain why.

5           The problem with jurisdiction, as I remember my

6    legal procedure class from the first year of law school, is

7    that it's from jurisdiction that everything else flows.

8    We're about to kick off a long delayed and eagerly

9    anticipated litigation exercise that has very tight

10   timeframes and very clear deadline of January of 2014 to

11   begin a trial, to divide up the sales proceeds, and to

12   determine both in Canada and in the United States, the

13   separate claims that have been filed by the EMEA Debtors

14   against the U.S. -- Debtors in the U.S. and the Canadian

15   Debtors in Canada, and the UK Pension parties against the

16   U.S. Debtors in the U.S., and against the Canadian Debtors

17   in Canada.

18          That process is complex, to say the least.  But

19   frankly, we are standing here before the Courts with a

20   relatively small handful of issues in terms of how to move

21   forward.  It would be nice to be able to say that we can all

22   just sit down and agree that whatever happens here is in

23   some way going to bind Mr. Adler.  But the problem with a

24   jurisdictional objection is it can be raised at any point in

25   the proceedings.  It can be raised at the District Court

1   level, at the Circuit Court level, or at the Supreme Court.

2   I don't think it's fair to be standing here today and saying

3   that we can agree with Mr. Adler that he can waive his

4   rights with respect to jurisdictional objections, when the

5   law seems to say the opposite.

6          So it's, therefore, the reason that we actually

7   decided to file the motion.  And it's important to note

8   there's a bunch of things that have happened since this

9   hearing was scheduled.  And I don't think it's all -- at all

10  coincidental that these things have happened.

11         Mr. Adler's filed a Notice of Appeal of the

12  denial of the cross motion with respect to compelling

13  arbitration.  Mr. Adler's colleagues in Canada, Mr.

14  Gottlieb, has filed a Motion for Leave to Appeal the denial

15  of the cross motion made before Justice Morawetz with

16  respect to compelling arbitration.  The Motion for Leave to

17  Appeal in Canada and the Notice of Appeal in the United

18  States are on the same issue.  It's an interlocutory appeal

19  as I understand Canadian process and Justice Morawetz has to

20  grant that leave for appeal.

21         At the same time, Mr. Adler has filed a Motion

22  for Leave to Appeal the allocation protocol which has not

23  yet been entered by either Court.  That in my mind is the

24  definition of prematurity.  Yes, there is an opinion that

25  says we should work on one.  And yes, we're asking the

1   Courts order that one be entered, but none has been entered

2   yet.  And Mr. Adler's filing of a Notice of Appeal from a

3   jurisdictional perspective says with respect to allocation,

4   that this Court doesn't have jurisdiction to enter that

5   order.  So he wants motion for -- he wants this Court to

6   allow him to appeal an order that he says you don't have

7   jurisdiction to enter.

8           So what did we do?  We filed yesterday, a Motion

9   to Shorten Notice, which the Court has entered, allowing us

10  to certify the Notice of Appeal.

11          THE COURT:  Yes.

12          MR. BROMLEY:  The appeal as of right --

13          THE COURT:  Yes.

14          MR. BROMLEY:  -- directly to the Third Circuit.

15  And the rules and the law say that the parties and/or Court

16  can request that certification be accepted by the Circuit

17  Court, but it's up to the Court to accept that

18  certification, the Circuit Court.

19          THE COURT:  That's right.  They'll be making an

20  independent decision.

21          MR. BROMLEY:  Correct.  And so what we've done is

22  filed the motion.  And we've asked Mr. Adler to join in on

23  that, and he has thus far demurred on that, asking that the

24  parties, together with the Court, you, Your Honor, ask the

25  Third Circuit to accept the appeal.

1          We've also indicated in that motion that we will

2    move to expedite the appeal.  We don't think this is a six-

3    month appeal, we think this is a three- or four-week appeal.

4    We think that there's a compelling argument with the Third

5    Circuit to take this and to move it very quickly.  Indeed,

6    we do have a Third Circuit Court of Appeals decision in this

7    case which has indicated --

8          THE COURT:  Yes.

9          MR. BROMLEY:  -- knowledge by the circuit that it

10   is very important to move all of these things very quickly.

11         THE COURT:  Yes, that's correct.

12         MR. BROMLEY:  So it is our hope that the Third

13   Circuit will recognize that it's already decided that speed

14   is important in this case and that it will accept the Notice

15   of Appeal and accept it promptly.

16         We've also made a motion, Your Honor, for an

17   order from this Court to retain jurisdiction.  And a Motion

18   to Expedite -- to Shorten Notice and schedule a hearing.  So

19   since Your Honors have both set up this hearing, we've had

20   one Notice of Appeal and six motions filed.  We think this

21   is a little overkill, but sometimes that's necessary to get

22   the point across.

23         The issue here, Your Honor, is that with respect

24   to the law, in connection with appeals and with respect to

25   the retention of jurisdiction, we think it's clear, the

1  Third Circuit has not said that you're divested of

2  jurisdiction.  The Third Circuit has said that you may

3  retain jurisdiction if you find that the appeal is frivolous

4  or forfeited.  Those are the words that have been used in

5  the case law.

6           What that means to us, Your Honor, is that when

7  we're sitting here looking at orders from both Courts which

8  say that there is no writing, that says that there's an

9  arbitration agreement, there is no arbitration agreement.

10  That the words in the writing that does exist are

11  unambiguous.  That there's ample reason to determine for

12  purposes of this matter, that this Court should retain

13  jurisdiction to allow all of the discovery that needs to

14  happen to go forward.  That does not divest the Circuit

15  Court of its ability to deal with the appeal.  It simply

16  says that for purposes of this proceeding, all of the

17  discovery will go forward on schedule and as appropriate and

18  determined by both Judges.

19           Now there's a way to cure this.  Now Mr. Adler

20  could stipulate that his, under the case law, his appeal is

21  either frivolous or forfeited.  I suspect he's not going to

22  do that.

23                    (Laughter)

24           MR. BROMLEY:  Though I make an open invitation

25  for him to do so.

1                      (Laughter)

2              MR. BROMLEY:   I would, however, note that the

3    mere finding and using of those magic words, does not mean

4    that he doesn't have the right to continue his appeal.

5    He'll be faced with the same decision.   He'll be faced with

6    the same case law.   He will just not have a stay of these

7    procedural matters, these discovery matters.

8              And why do we think that's important rather than

9    stipulating to it?   If for some reason in -- which I can't

10   imagine in my wildest dreams, that there is found to be an

11   enforceable agreement to arbitrate, and we end up in some

12   other forum, I don't want Mr. Adler to come back and say

13   that something about the discovery that has gone forward in

14   good faith is wrong.   I don't know who those arbitrators are

15   going to be.   I don't know where they're going to sit.   I

16   don't know what rules they're going to adopt.

17             But I do know that we have signed multiple

18   agreements with the Joint Administrators throughout these

19   cases, where I thought everything was absolutely clear; that

20   there was an absolute submission to both of these Courts to

21   litigate decisions and the Notice of Appeal -- the Motion

22   for Leave to Appeal says specifically that the allocation

23   protocol can't go forward because these Courts do not have

24   the power to hold a single joint session.

25             So and I'm supposed to stand here today and agree

1    that -- with Mr. Adler that we're going to be able to take

2    all the depositions, and all the discovery that's going to

3    take place under some interim agreement, and that his

4    clients will never, ever in the future, argue that somehow

5    it was inappropriate discovery, too much, too little, can be

6    used, can't be used.  I'm sorry, Your Honor.  The horse has

7    kicked me too much in this case for me to sit here and offer

8    him another carrot.  We need absolute clarity that what's

9    happening here is the discovery, are the depositions, and

10   it's all going to stay.

11          Now Mr. Adler's playing a dangerous game.  He's

12   playing a dangerous game because the case law in the Third

13   Circuit is also crystal clear; that when there is a

14   proceeding going on with multiple parties, and one of them

15   says, wait a second, I have an arbitration right, the

16   discovery can go forward notwithstanding the fact that with

17   respect to that party, it's not going forward.

18          So if Mr. Adler says that the Courts today don't

19   have jurisdiction to decide what's happening to him, the

20   fact is they have the ability and the jurisdiction to decide

21   what's happening to everyone else.  And if he's not going to

22   be part of that, then I invite him to sit still and not say

23   a word as we get everything else done.  And if he wins on

24   appeal, then we can come back.  But we can't have it both

25   ways.  We have to be able to move forward on this case and

1  get these moneys out the door and into our creditors' hands.

2          You'll recall that on multiple occasions, the

3  Joint Administrators have said over and over again, this is

4  going to be a mess.  We're going to have multiple appeals.

5  Well here are the multiple appeals.  They're making the

6  mess.  And the Courts have the ability and the obligation to

7  stop that mess right now.  The fact is is that Mr. Adler

8  does not have the right to stand here in front of everyone

9  in all of these jurisdictions and stop discovery or have it

10  proceed only on his terms.

11          We've got enough that we're arguing about.  His

12  appeal is frivolous.  And if we need to argue that, then I

13  would ask the Courts to set this -- you, Your Honor, sorry,

14  Justice Morawetz, on this, it would be with you, Judge

15  Gross, to set a hearing before the 30th of April.  We're

16  happy to do it tomorrow.  We're happy to do it Friday.

17  We're happy to do it Monday or Tuesday.  We're happy to do

18  it.  We feel it's important to do it and to get clarity,

19  because what we're asking for today with respect to our

20  protocol is that the submission should come in on April 30.

21  And every single party around the world has been working

22  non-stop to make sure that those submissions could go in on

23  April 30.  And this last minute flurry of motion practice

24  and appeals, and more smokescreens, should not get in the

25  way of that.

1                With respect to the discovery schedule, the U.S.

2    Debtors and the Canadian Debtors are apart by one week.

3                THE COURT:  Right.

4                MR. BROMLEY:  When that should start, either May

5    10 or May 17.  We shouldn't be standing here today saying

6    that the appeal, or a frivolous appeal, should get in the

7    way of that.

8                So, Your Honor, I think for purposes of this

9    hearing, our view is that we should go forward; that if Mr.

10   Adler doesn't like what's happening, then, you know, he's

11   made his own bed.  If he wants to comment and it's up to the

12   Courts to agree whether he's allowed to comment on what's

13   going on, we're happy to hear it.  But I will tell him right

14   now that we are going to take the position if the

15   determination that the appeal is not frivolous and this

16   Court is divested of jurisdiction, we intend to go forward

17   on discovery with respect to everything else and then he can

18   catch up when he loses his appeal.  Thank you, Your Honor.

19               THE COURT:  Let me just clarify things for my

20   purposes.  First of all, we have the EMEA Debtors' Motion

21   for Leave to Appeal.  And that is for leave to appeal the

22   joint allocation, the allocation --

23               MR. BROMLEY:  Right.

24               THE COURT:  -- procedures.

25               MR. BROMLEY:  Which haven't been agreed to yet.

1          THE COURT:  Which -- that's right.  So we don't

2    have an order at this point from which to appeal.  It's

3    still in opinion form only.  The other, have they actually

4    filed an appeal?

5          MR. BROMLEY:  They have a Notice of Appeal that

6    they've filed to the Third Circuit.  That is his of right,

7    we don't deny that.  And we've asked --

8          THE COURT:  To the Third Circuit or to the

9    District Court?

10          MR. BROMLEY:  Well, to the -- I'm sorry, to the

11    District Court.

12          THE COURT:  Right.

13          MR. BROMLEY:  We have --

14          THE COURT:  That's right, yes.

15          MR. BROMLEY:  -- filed a motion asking that the

16    -- with the -- together with the Creditors' Committee asking

17    that the Court certify that directly to the Third Circuit.

18          THE COURT:  Right.  And that is the aspect of, if

19    you will, the Court's ruling at this point.  Not order, but

20    ruling.  I guess I -- there is an order as to the

21    arbitration. That is the aspect that the EMEA Debtors are

22    saying divest me of jurisdiction at this point.

23          MR. BROMLEY:  They're saying that under the

24    Federal Arbitration Act --

25          THE COURT:  Yes.

1          MR. BROMLEY:  -- they believe that they have a

2     right to arbitrate.  They've made a motion, a cross motion,

3     to compel arbitration.  The denial of that cross motion,

4     they believe gives them an appeal as of right.  We do not

5     disagree with that.

6          THE COURT:  All right.

7          MR. BROMLEY:  They say that that appeal as of

8     right, divests this Court of jurisdiction.

9          THE COURT:  And you're saying it's a frivolous

10    appeal, and therefore, my jurisdiction is not divest --

11    well, you know, here's what's curious to me.  A Scheduling

12    Order, as much as the Court has invited the parties' input,

13    it's my order.  And if I enter an order, it may not bind,

14    for today's purposes, it may not bind the EMEA Debtors, but

15    I think you're right that the EMEA Debtors will have to live

16    with that order at some point, if my decision is upheld on

17    appeal.

18          So I think we can go forward.  I'll also note,

19    the EMEA Debtors, as I can recall from the papers, did not

20    respond to your proposal the way other parties did with

21    black lines and the like.  Is that correct?

22          MR. BROMLEY:  No, they did, Your Honor.

23          THE COURT:  You did?

24          MR. ADLER:  We -- yes, we filed black lines --

25          THE COURT:  All right.

1          MR. ADLER:  -- and filed a substantive response.

2          THE COURT:  Okay.  That's right, you certainly

3    did.  I'm sorry.  I'm sorry, Mr. Adler.  And you outlined, I

4    think, the reasons why I shouldn't be taking action at this

5    point.

6          MR. ADLER:  Actually, on the contrary, Your

7    Honor.  In our submission, we explained that we believe that

8    we had an agreement with Mr. Bromley and the U.S. Debtor to

9    proceed on the basis of a stipulation that would protect our

10   rights.  We have not been trying to stop these proceedings.

11   We did the opposite.  We called up the U.S. Debtors' counsel

12   on the day we filed the appeal papers and said there is this

13   way forward for us to proceed, use the time well.  It would

14   be most efficient to do so.  And they said, great.  They

15   clearly had been thinking the same thing, I think, at that

16   point.  And we don't agree with what Mr. Bromley has just

17   said about that not being something that the parties could

18   agree to.  All of the relevant rights are subject to

19   contract, including the -- what eventual arbitral tribunal

20   would do with the pleadings in the discovery.  And so we

21   don't understand why that isn't an appropriate way to

22   proceed.

23          We also don't agree though.  If there isn't an

24   agreement like that, we don't agree that the Court has

25   jurisdiction to decide everyone else's allocation but ours.

1    And that clearly is not the law.  If the dispute over how to

2    allocate the proceeds is subject to allocation, it can't be

3    decided without us being there subject to arbitration.  It

4    can't be decided without being -- us being present in that.

5    Because obviously, deciding allocation for everyone else

6    will decide it in relation to the EMEA Debtors as well.

7              All of these are reasons why we probably should

8    have a briefing schedule and address these issues, I think.

9    And the schedule Mr. Bromley's outlined would be fine with

10   us to -- we would suggest making submissions on Monday.  We

11   would put in our written submissions on Monday.

12   Unfortunately, on Tuesday, my wife is having surgery, but

13   next Wednesday, we could perhaps have a hearing if it suits

14   the Court's schedule on that.

15             MR. BROMLEY:  Your Honor, we, just from a

16   calendaring perspective --

17             THE COURT:  I already have you on next Wednesday,

18   I see.  And that's --

19             MR. BROMLEY:  Yes, we have the long-term

20   disability.

21             THE COURT:  That's right.

22             MS. SCHWEITZER:  Your Honor, the Tuesday hearing,

23   April 30 --

24             THE COURT:  Yes.

25             MS. SCHWEITZER:  -- is the LTD schedule.  It was

1  noticed as a one-day hearing.  We reserved the second date,

2  just as a caution.

3            THE COURT:  Right.

4            MS. SCHWEITZER:  But it's not noticed for two

5  days.

6            THE COURT:  Aren't you --

7                      (Laughter)

8            THE COURT:  Because it sounds like we're going to

9  need Wednesday.  All right.

10            JUSTICE MORAWETZ:  Judge Gross, perhaps Judge

11  Gross it might be appropriate to take a five minute break.

12            THE COURT:  Yes.  I think we should.  Justice

13  Morawetz is suggesting that we take a brief recess while he

14  and I just discuss what we heard.  Okay.

15            UNKNOWN:  This Court is recessed for five

16  minutes?

17            THE COURT:  Yes, take a brief recess.  Thank you,

18  Counsel.

19            (Recess from 10:32 a.m. to 10:41 a.m.)

20            THE CLERK:  Please rise.

21            THE COURT:  Thank you, everyone.  Please be

22  seated.  Justice Morawetz?  Well, this certainly is an

23  interesting job.

24                      (Laughter)

25            THE COURT:  And I appreciate the parties'

1  positions.  And here is my thought.  It's absolutely correct

2  that the Court's authority stems from its jurisdiction.  And

3  an issue's been raised pertaining to that jurisdiction in

4  this Court.  But I'll note it's not been raised in the

5  Canadian Court.  And my -- our protocol here, I think,

6  enables -- will enable me, assuming my jurisdiction is

7  upheld, to -- and the fact that the parties are proceeding

8  jointly, to in effect, adopt an order that Justice Morawetz

9  would enter in Canada.

10          And what I'm going to suggest is that we hold the

11  hearing on whether or not the appeal is frivolous and

12  whether or not I still have jurisdiction on Wednesday with

13  the EMEA Debtors' papers due on Monday.  And that Justice

14  Morawetz hear the scheduling issues and act based upon those

15  -- the parties' positions.  And that way, jurisdiction is

16  not an issue, and yet we do proceed, and we have progress

17  that will not later on in any way prejudice our trial date.

18  Mr. Bromley?

19          MR. GOTTLIEB:  I'm Sorry to interrupt, Judge

20  Gross and Justice Morawetz.  I was about to rise right

21  before Your Honor suggested that we take a break then.

22          I've had some discussions with counsel around the

23  courtroom here.  And although jurisdiction, you're correct,

24  Judge Gross, isn't yet an issue before Justice Morawetz'

25  Court, and Justice Morawetz as you well know, it's not

1   because there's no form of automatic stay here.  The concern

2   of the EMEA Debtors in this Court was whether someone might

3   take the position that by our participation in this hearing

4   today, or by participation in any aspect of the allocation

5   protocol, including discoveries and pleadings, would somehow

6   prejudice our arguments at the Court of Appeal.  We wanted

7   to protect the EMEA Debtors against someone saying because

8   they showed up to discuss the protocol, because they showed

9   up to discuss the discovery plan and the timetable, because

10  maybe they took steps regarding the discovery itself, et

11  cetera, they have now waived their ability to appeal or they

12  have somehow prejudiced their rights to appeal.

13          We reached out to some of the parties earlier

14  this week and have had a very brief conversation.  In the

15  normal course, in my respectful submission, Justice

16  Morawetz, it would not be unusual in this Court, for the

17  Court to make an endorsement that the steps that a party's

18  taking with respect to an issue, shall be without prejudice

19  to their appeal rights.

20          I've had a brief discussion with my friends.  I'm

21  not going to suggest that anybody bound themselves to a

22  position.  My understanding, I will say is that no one

23  objected to that type of endorsement.  Because as Mr. Adler

24  said to the Courts, the EMEA Debtors are not trying to stop

25  that process now.  They are trying to protect their rights

1   from as long as they let that process go forward.

2           So, Judge Gross, I apologize, I didn't stand up

3   before you left room.  The same to you, Justice Morawetz.

4   But in our respectful submission, we need to protect

5   ourselves.  And if that's not objectionable to the parties

6   or, of course, more importantly, the Courts, we'd seek that

7   type of endorsement so we can participate without in any way

8   waiving or prejudicing our rights with respect to the Motion

9   for Leave, and ultimately, if leave is granted, the appeal.

10          JUSTICE MORAWETZ:  And Mr. Gottlieb, you

11  indicated you did have some discussions with some of your

12  friends here.

13          MR. GOTTLIEB:  Yes.

14          JUSTICE MORAWETZ:  And do you anticipate that you

15  would be able during the course of the day, to come up with

16  some language that all parties would be agreeable to

17  [indiscernible] party endorsem?

18          MR. GOTTLIEB:  I do -- unless someone -- Your

19  Honor, I might suggest, unless someone stands up and tell us

20  now that they're objecting to that, I anticipate that will

21  not be difficult at all to do.

22          JUSTICE MORAWETZ:  I'm going to ask that you

23  speak now or forever hold your peace --

24                          (Laughter)

25          MR. GOTTLIEB:  That would be helpful, Your Honor.

1              JUSTICE MORAWETZ:  I don't see anybody else

2    rising, so I'm confident that you'll be able to work out

3    such language --

4              MR. BAUMHOFF:  I should just -- I would like to

5    consult with co-counsel in the U.S., Your Honor.  Although,

6    I anticipate there's agreeable language and it will be fine.

7    I just wanted to discuss the implications from the U.S.

8    proceedings involved.

9              THE COURT:  Justice Morawetz, if I may interrupt,

10   sir, and forgive me, but it's not coming across clearly on

11   the audio, particularly when parties aren't speaking into

12   the microphone.  And if you could also move it a little bit

13   closer to yourself, that would be helpful, I think.

14             JUSTICE MORAWETZ:  All right, Mr. Baumhoff rose

15   to ask whether he could consult with his U.S. counterpart on

16   this issue as to whether it would be acceptable from, I

17   assume, that counsel's standpoint, to proceed on the basis

18   where Mr. Gottlieb would consult with others in the Canadian

19   proceedings and provide me some draft language that they

20   would like me to consider that would preserve the point that

21   Mr. Gottlieb has made.  Is that audio coming across better

22   now, Judge Gross?

23             THE COURT:  Yes, yes, sir, it is, thank you.  Mr.

24   Bromley, what say you to my proposal?

25             MR. BROMLEY:  If I could just ask the Court's

1    indulgences for a moment.

2                 THE COURT:  Of course.

3                 MR. BROMLEY:  I think that one question I'd like

4    to ask of both Mr. Gottlieb and Mr. Adler is that assuming

5    the Court's, one or both today, tell us that we should be

6    making our initial submissions on April 30, will they be

7    making those submissions on April 30?

8                 MR. ADLER:  Without the protections that we've

9    proposed and discussed, we can't do that.  There would be an

10   argument that would be waiving our right to contend that

11   this should be decided in arbitration by taking affirmative

12   steps on allocation here.  But we had proposed a procedure

13   which I think we can resolve fairly quickly that would allow

14   us to do that.

15                MR. BROMLEY:  Your Honor, here's the problem.

16   You know, the U.S. Debtors have come to an institutional

17   decision that it is not prudent to enter into further

18   agreements at the moment with the EMEA Debtors.  We'd like

19   the Courts to tell us what to do.  The problem we have is

20   that if Mr. Gottlieb's idea would work, then we would have a

21   stipulation in the order of the endorsement issued by

22   Justice Morawetz that says appeal rights are not prejudiced.

23   But the appeal that we're worried about is the appeal

24   happening here.  If -- and so the fact is we need to address

25   the issue that we're dealing with here in the United States.

1            I think there's a way to proceed today, because I

2    think it would be a shame, frankly, for all of us to have

3    been here --

4            UNKNOWN:  I think I got it now.  I don't know.

5    Tom got it.

6                         (Laughter)

7            THE COURT:  I'm glad he's got it.

8                         (Laughter)

9            MR. BROMLEY:  You know, I've been praying a lot

10   for the voice of God.

11                        (Laughter)

12           MR. BROMLEY:  I didn't think he'd sound that way.

13                        (Laughter)

14           MR. BROMLEY:  I was expecting something more like

15   Morgan Freeman.

16                        (Laughter)

17           MR. BROMLEY:  So what I would suggest, Your

18   Honors is that we do go forward.  The --

19           THE COURT:  I'm looking for a way to do that,

20   really.

21           MR. BROMLEY:  Yes.  And we all want to go

22   forward.  And I actually think we're in substantial

23   agreement on all of the details of actually moving this

24   forward, other than the fact that the EMEA Debtors don't

25   think we can.

1          So the problem, I think, can be solved in the

2    following way is that we can have the argument today and the

3    discussion.  I actually don't think it's an argument on the

4    details.  Map them out and then we can have that order

5    issued on the 1st of May, which would be after the hearing.

6    And to the extent that that order is able to be entered

7    because Your Honor has made a decision with respect to our

8    motion, that you have retained jurisdiction, it should be an

9    order of both Courts.  And simply having the argument today

10   and holding the actual issue until next week doesn't seem to

11   be much of an issue of prejudice.  That way, we would be

12   able to have the argument.

13          And to the extent that there's a decision that

14   the Court does not maintain jurisdiction, then your

15   alternative, Your Honor, could go forward.  Which is you

16   both sit here.  You both make your decisions.  You consult

17   as you normally do.  And then we hold the issuance of that

18   until after the argument on the 1st.  And, you know, I

19   think, hopefully, everyone can agree that if the schedule

20   slips one day, we can live with that.

21          And on that basis, I think, Your Honor, we should

22   get to the meat of the issue.  I would ask though that Mr.

23   Adler, in terms of his papers, that he would submit on

24   Monday, here in your Court, include within it, the rational

25   why he thinks the stay applies, because we did talk

1   yesterday on the phone when I told him of the plan that we

2   had for our motion and he said he was going to cross move

3   for the imposition of the stay.  And if that's what he's

4   doing, I'd like that to be done.  And we don't need any

5   response.  We'll deal with it at the hearing on Wednesday.

6           THE COURT:  All right.  I -- let me use a phrase

7   that some people think is overused, but I think is highly

8   appropriate here.  And I think it's this.  That in the

9   interest of justice, we should proceed here today.  I think

10  that it's clear to me that these cases have really too long

11  a life so far and that we have to make progress.  There has

12  to be a trial in January.  And I think that it's appropriate

13  to at least hear the parties without the Court in effect

14  exercising jurisdiction, which would be, of course, entering

15  an order.  But I think that I would not be -- it would not

16  be inappropriate for me to at least hear the parties'

17  positions at this time.

18          JUSTICE MORAWETZ:  Judge Gross, Mr. Gottlieb is

19  on his feet and wants to say something and at the

20  conclusion, I will respond to with some remarks.

21          THE COURT:  All right.  Thank you, Justice

22  Morawetz.

23          JUSTICE MORAWETZ:  Mr. Gottlieb?

24          MR. GOTTLIEB:  Thank you.  Thank you, Your Honor.

25  Thanks, Judge Gross.  I agree that we want to move, but

1  depending on what the outcome of the various parties'

2  positions are in the Ontario Court, it determines whether or

3  not the EMEA Debtors can stand up and make submissions or

4  participate at all with respect to allocation today.  If my

5  friend, Mr. Baumhoff, who represents the U.S. Debtors in

6  Ontario, says we are not agreeing that we will not use the

7  fact that you stood up in the Ontario Court against you in

8  the Ontario Court of Appeal, if he is not conceding that

9  they will not take that position, then it's putting

10  handcuffs around our ability to stand up and make

11  submissions on the allocation today.

12        So although I agree and we do want to go ahead

13  with all the issues today, if we are told that the argument

14  will be made against us, or may be made against us that

15  we've stood up, it for obvious reasons, Your Honor, and

16  Judge Gross, puts us in a very difficult position that we

17  are the ones desperately trying not to be in.  We're making

18  it very clear we would like to move forward today without

19  the handcuffs.  And we don't believe that that cannot be

20  achieved today by -- with respect to the endorsement of this

21  Court and Judge Gross in your hands as to how it can be

22  dealt with there.

23        JUSTICE MORAWETZ:  Well we have a few things that

24  Mr. Bromley [indiscernible].  One that's not going to change

25  January 6, 2014.  Assuming Judge Gross and I have

1  jurisdiction, that is not going to change.  For every day,

2  every week, every month that is spent in procedural

3  wrangling, is shortening the timeline for you people to get

4  ready for January 4, 2014 -- January 6.  Judge Gross and I

5  will be there.

6          As for today, I'm going to suggest to Judge Gross

7  that we again take a five-minute recess and that parties in

8  this room give careful consideration to this.  If there is

9  going to be any argument today on scheduling issues, they

10  inevitably will touch on allocation issues.  I have no

11  desire, nor does Judge Gross, to waste the Court's time,

12  hearing argument today if it's all for naught, because of

13  the jurisdictional [indiscernible].  We've tried to fashion

14  a practical way in which to proceed today.  And that's not

15  before procedural rank.  And unless there can be some

16  assurances that we're not going to be wasting our time

17  today, it could very well be that this matter has to be

18  again postponed.  But all that will do is shorten the

19  preparation time that the parties will eventually have to

20  face because January 6 is not going to change.  Anything

21  further here before this five-minute recess that I'm going

22  to request that Judge Gross also take.

23          THE COURT:  Yes, we'll take a five minute recess.

24  And I don't know if the parties here want to take that

25  opportunity to have any discussions with the parties in

1    Canada, their co-counsel in Canada.  All right.  So we'll

2    take --

3            MR. BROMLEY:  Well, will call Mr. Baumhoff --

4            JUSTICE MORAWETZ:  If you want ten minutes, we'll

5    give you ten.

6            THE COURT:  Let's take ten minutes just to give

7    you that opportunity.

8            JUSTICE MORAWETZ:  All right.

9            THE COURT:  All right.  Thank you, we'll stand in

10   recess.

11           THE CLERK:  This Court is in recess for ten

12   minutes.

13            (Recess from 10:56 a.m. to 11:05 a.m.)

14           THE CLERK:  Please rise.

15           THE COURT:  Thank you, everyone.  Please be

16   seated.  And Justice Morawetz has not returned to the bench

17   yet, so the fact that some parties are out of the courtroom

18   is at the moment, not a problem.  Take your time, Justice

19   Morawetz has not yet returned.

20           THE CLERK:  All rise.  This Court's now resumed.

21   Please be seated.

22           THE COURT:  All right.

23           MR. GOTTLIEB:  Just for your information, Your

24   Honor, Mr. Zarnett's drafting some language.  I think we

25   have some agreement amongst the parties on that reservation

1  issue.

2              JUSTICE MORAWETZ:  Will that allow this matter to

3  proceed today without jurisdictional issues?

4              MR. GOTTLIEB:  Yes, Your Honor, that -- subject

5  to the language that Mr. Jones is looking at, I think, being

6  the only one who raised issues with it, everything's fine.

7              JUSTICE MORAWETZ:  Judge Gross, does anybody wish

8  to make a submission on the point in your Court?

9              THE COURT:  Mr. Adler?

10              MR. ADLER:  Your Honor, I'll just say for the

11  record, that we don't object to proceeding in that manner.

12  In fact, it had been my suggestion this morning that we

13  could do that since the deadlines and the larger issues

14  really correspond for claims and allocation and so that we

15  can discuss the broader schedule without getting into

16  allocation a great deal actually.

17              THE COURT:  All right.  Very well, Mr. Adler,

18  thank you.  Mr. Bromley are you in agreement with that

19  somewhat?

20              MR. BROMLEY:  We had a phone call with Mr.

21  Baumhoff and Mr. Gottlieb's comments we're in agreement

22  with.  Which is that from the perspective of the U.S.

23  Debtors, moving forward today, and appearing in the Court in

24  Ontario, we agree has -- will not be raised with respect to

25  any appeal from any decision of Justice Morawetz.  That's

1    what Mr. Gottlieb suggested before we broke and we're in

2    agreement on that.

3              THE COURT:  All right.

4              MR. BROMLEY:  You know, with respect to going

5    forward here today, Your Honor, in Delaware, you know, we

6    still believe we should go forward and the -- and we should

7    be moving quickly for a determination as to whether or not

8    the Court should retain jurisdiction with respect to the

9    appeal.

10             THE COURT:  Yes.

11             MR. BROMLEY:  I mean, it is important to note

12   there is no prejudice in that exercise, right?

13             THE COURT:  That's right.

14             MR. BROMLEY:  And that the appeal will continue

15   to go forward.  And it's simply that for purposes of the

16   discovery that's going to be supervised by the Court's, that

17   here in the United States, that jurisdiction would be

18   retained as to the allocation issue.  So on that basis, Your

19   Honor, I really do think it would be worthwhile to get to

20   the meat and potatoes of today, which is the discovery

21   issues and the litigation schedule.

22             THE COURT:  All right, very well.  And I agree,

23   Mr. Bromley.  Ms. Schweitzer?

24             MS. SCHWEITZER:  I'm ready to move to that issue,

25   unless anyone else needed to be heard on the prior issue?

1          THE COURT:  All right, no, you certainly may

2    proceed.

3          MS. SCHWEITZER:  Okay.  I didn't want to steal

4    the thunder by trying to move things forward.  So, Your

5    Honor, I don't want to deviate for a second.  I -- but I

6    think it is worth just noting that on the allocation

7    protocols, Mr. Bromley noted that we previously, at the

8    Courts' requests of Your Honor and Mr. Justice Morawetz, had

9    submitted the U.S. Debtors' and Canadian Debtors' revised

10   forms of allocation protocols.  And I don't think anyone had

11   planned an argument on that today.  But I would note that in

12   all good spirit of lawyers talking to lawyers, that there

13   actually isn't, I think, any disagreement between the U.S.

14   Debtors and the Canadian Debtors as to the final form of

15   protocol.

16          There were -- there's changes, but there were

17   just only two issues, which is, number one, the definition

18   of core parties originally had a shorter list and other

19   people of the Court may order.  We included, I think, what

20   we thought was every single person who had ever asked.  But

21   in deference to Mr. Justice Morawetz, who had suggested this

22   other party language, the Canadian Debtors were concerned

23   about taking out language that he suggested, you know, could

24   be appropriate.

25          I think none of us see any other person has asked

1  for it.  I don't necessarily think we need an additional

2  safety valve, but that was the one issue that was in

3  brackets only as in deference to Mr. Justice Morawetz.  He

4  had envisioned that there was another party or another

5  process that needed to happen on that.

6            I think the second --

7            THE COURT:  I understand your concern or the

8  Debtors' concern, Ms. Schweitzer, that you don't want other

9  parties coming in late to the party and then upsetting the

10  schedule.

11            MS. SCHWEITZER:  Exactly, that -- yeah.

12            THE COURT:  And it seems to me that perhaps, and

13  Justice Morawetz and I have not discussed this, that I can't

14  remember if it was a subject to the order of the Court and

15  for good cause shown or anything of -- that would make it

16  clear that the Court would look very, very carefully before

17  allowing that to happen.

18            MS. SCHWEITZER:  Right.  The language actually,

19  ironically, originally came from the U.S. Debtors because we

20  knew that we didn't want to hold up the protocol to deal

21  with the core party part.  And so we had put it in where it

22  was a very short list.  It was basically that all the

23  Debtors and the Monitor, and then we said and other people

24  that the Court may order, right?

25            THE COURT:  And now it's gotten longer.

1            MS. SCHWEITZER:  And now we just put in everyone

2    so it obviated the need for the language, in a way.  So it

3    didn't have that qualification originally.  That would

4    certainly be if it stayed, it would be helpful to have a

5    very strict qualification, but I'm not sure that there's

6    anyone that touches this case that's not on the list

7    already.  And so -- and the goal of finality, to the extent

8    that there isn't a need to keep the door open it's helpful

9    just to contain a list and so that we're not back in front

10   of you again and again with someone who in the sixth year of

11   the case, realizes that they feel very poor, so.

12            THE COURT:  Yes.

13            MS. SCHWEITZER:  So that I don't mean to object.

14   I actually don't think that there's necessarily a difference

15   in view among the two countries' estates.  I think it was

16   just that the language had been in there and no one wanted

17   to take it out.  But certainly, either a very strict ring

18   fence around it or just removing the language is probably an

19   adequate solution.

20            I think on the second difference was only -- and

21   this is again, just a deference to the Courts is we were

22   told not to change the protocol.  The protocol had this idea

23   that there would not only be opening submissions, but there

24   also would be an argument that people could have an

25   opportunity to present to the Court our opening positions.

1   Certainly, all the parties remain available if the Courts

2   were interested in that.  You'll note it's not in any of the

3   other schedules.

4              THE COURT:  Right.

5              MS. SCHWEITZER:  But no one wanted to take it out

6   of the document because, again, we're -- we tried to be

7   respectful of the mandate of not taking the things out of

8   the document.  I don't know, I don't -- if other people have

9   strong views, and I don't mean to intend to actually open

10  this up to an entire hearing, I just thought that that

11  actually -- I know, Your Honors' have been flooded with

12  papers, so I just addressed it that I think it was -- some

13  of the difference in submissions or differences in the

14  documents being presented to you as opposed to differently

15  held views, but --

16             THE COURT:  Sure.

17             MS. SCHWEITZER:  -- we're happy -- anyone,

18  obviously, who wants to be heard, we can address that at the

19  end or if Your Honor's at a different time.  I just wanted

20  to make sure that in all the paper flying around, that if

21  there were questions by the Court, that you do have everyone

22  in the room to address that.

23             THE COURT:  I did understand that point, yes.

24             MS. SCHWEITZER:  Okay.

25             THE COURT:  Yes.

1           MS. SCHWEITZER:  Thank you, Your Honor.  So with

2  that, I guess we'll move to the big show today.  And I think

3  Your Honors had the very helpful suggestion or intended

4  helpful suggestion of let's all put in our versions and

5  black line them.

6           THE COURT:  Yes.

7           MS. SCHWEITZER:  And I have to say, when I was a

8  first year associate, I had a partner I worked who always

9  told me, don't read black lines, black lines are impossible

10  and useless.  And for 20 years, I've argued against that

11  position.  And maybe they -- and maybe I'm right and they're

12  right today.

13                      (Laughter)

14           MS. SCHWEITZER:  But the black lines do look a

15  little like spaghetti.

16           THE COURT:  They do, yes.

17           MS. SCHWEITZER:  But, Your Honor, I think that

18  said, there's actually, the U.S. Debtors had put in a chart

19  in our supplemental submission, to try and boil down for

20  Your Honors what the differences are.  It's not every last

21  word, but really, when you boil down to the chart, and I'll

22  go through the litigation discovery deadlines.  There's a

23  list of really three differences between the proposals.

24  There's dates.  There's scheduling issues.  And even those

25  are about four or five.  And then there is the idea of the

1  process.   There's claims have been filed against the U.S.

2  Debtors.   There's claims that have been filed against the

3  Canadian Debtors.   And there's an allocation dispute that

4  straddles the two estates.   And so are those one litigation

5  or are those three separate --

6            THE COURT:   Separate.

7            MS. SCHWEITZER:   -- and parallel coordinated

8  proceedings, right?

9            THE COURT:   Right.

10            MS. SCHWEITZER:   And so that difference causes a

11  lot of the black lining.   And we think it's a material

12  difference for procedural and appeal reasons, but it's that

13  optically, and the words around that, cause a lot of the

14  black line.   And we'll walk you through that issue.

15            The third issue is just the efforts to put limits

16  around discovery up front, versus the efforts to just say

17  let everyone do all the discovery requests now.   We can't

18  preordain, we can't prejudge, we can't, you know, front wire

19  "reasonable limits".   We'll figure it out as we go along.

20  We like our residency.   We weren't really aspiring to be

21  part-time residents of Delaware and maybe cross country

22  residents with two citizenships by the end of the case.   But

23  that was our attempt was to try to put ring fencing, so we

24  don't live in Delaware, and in Canada, in the Courts, but we

25  can go through what the differences are there.

1          So those are the three buckets.  And I'll start

2     with scheduling because I actually think it's even very

3     straightforward.  On scheduling between the U.S. Debtors and

4     the Canadian Debtors --

5          THE COURT:  If you don't mind, Ms. Schweitzer,

6     tell me what document you're actually going to be referring

7     to as you speak.

8          MS. SCHWEITZER:  So I am looking first at the

9     litigation timetable.  And then also the comparison of the

10    parties' litigation.  If you look at the comparison of the

11    parties' litigation timetables --

12         THE COURT:  Is this the one in red and blue?

13         MS. SCHWEITZER:  Oh, this is the one, the

14    supplemental submission.

15         THE COURT:  Yes.

16         MS. SCHWEITZER:  That there's a chart that has

17    three columns, the heading -- it's Exhibit A to our

18    supplemental submission.

19         THE COURT:  Yes, I'm sorry, yes.

20         MS. SCHWEITZER:  That has a comparison of the

21    parties' litigation timetables and discovery plans.

22         THE COURT:  Okay.

23         MS. SCHWEITZER:  And if you want to hold that

24    against the U.S. Debtors' proposed litigation time schedule

25    just to see.  But I think I'm probably going to be talking

1  at such a high level, that --

2           UNKNOWN:  Pardon me, Judge.

3           MS. SCHWEITZER:  Go ahead.

4           UNKNOWN:  [indiscernible] Justice Morawetz where

5  you are for one moment.  In the companion, Your Honor, at

6  Tab 2 --

7           JUSTICE MORAWETZ:  Yes.

8           UNKNOWN:  -- of the companion evidence of Nortel

9  Networks, Inc.

10          THE COURT:  So what you've got, Ms. Schweitzer,

11 is the U.S. Debtors' proposed litigation timetable as of

12 April 19, 2013?

13          MS. SCHWEITZER:  Yes.

14          THE COURT:  Okay.

15          MS. SCHWEITZER:  And then if you look at the

16 comparison, it highlights the differences.  Now I -- we're

17 happy to obviously to walk through every word in the

18 document, but it actually -- I can boil it down pretty

19 easily.  Between the U.S. Debtors and Canada, there's really

20 four differences between the two documents, putting aside

21 the one versus three litigations, right?  Just looking at

22 the left hand column --

23          THE COURT:  Yes.

24          MS. SCHWEITZER:  -- of the dates.  There's a

25 fifth difference which in an act of international diplomacy,

1  we managed to solve, which is that the reply submissions for

2  the allocation protocol in our document said the 14th and

3  their document said the 15th.  And we realized we could

4  concede to the 15th.  It was actually just a

5  miscommunication in turning documents in.  So everyone gets

6  the 15th.  So and maybe if we move to May 1 as a start date,

7  even better.

8              THE COURT:  Okay.

9              MS. SCHWEITZER:   It was a question of the

10 Canadian Debtors.  So now we're down to four.  We're making

11 strides at every moment.

12             The first issue is that there's a Confidentiality

13 Agreement that's floating around among the parties.  And the

14 parties are hopeful that we can agree to form a

15 Confidentiality Agreement that would govern document

16 production for all of the litigations, for allocation, as

17 well as, individual claims in the U.S. and individual claims

18 in Canada.  And that document we're close.  It's not done.

19 We have the last draft out there.  But the question is is

20 when do we have to finish that or start filing motions with

21 the Court?

22             And so the -- we have put in May 10, just

23 thinking an extra couple of weeks were helpful.  It aligns

24 with the start of discovery.  The Canadian Debtors had asked

25 that we reach agreement by April 30.  And the UK Pension

1  folks also asked for the April 30 date, that we start filing

2  motions before the Court.  I think we just -- it's all a

3  question of how quickly Your Honors want it in front of you.

4  But on that, we don't feel strongly that we have to drag it

5  on, we're all working as soon as possible.  But that's a

6  difference between the protocols that, you know, if Your

7  Honor were to say April 30, maybe that will encourage people

8  to work harder, right?  But that's the first difference in

9  the dates.

10        The second difference is when do we start making

11 document requests and interrogatories?  And as Your Honors

12 are aware that the --

13        THE COURT:  Should be stating my reaction per

14 issue?  I think that might make sense, otherwise we're going

15 to get down the road and --

16        MS. SCHWEITZER:  Sure.

17        THE COURT:  Now I'm not ruling, you understand.

18        MS. SCHWEITZER:  Yes.

19        THE COURT:  But I would be inclined to the April

20 30th date, given the parties' agreement.

21        MS. SCHWEITZER:  Right.

22        THE COURT:  Other than the U.S. Debtors.  And I

23 just think that would simplify matters.

24        MS. SCHWEITZER:  Right.  And that's fine, Your

25 Honor.  As I said, we've been circulating and actively

1    working on documents and we don't feel strongly.  That's not

2    an Appellant issue for us.

3            THE COURT:  And understand that our local rules,

4    I think, also gives protection for confidential documents as

5    well.

6            MS. SCHWEITZER:  They do.  I think that there's

7    -- that the confidentiality order just only becomes a little

8    more complicated because there are existing databases and

9    existing confidentiality orders and there's so many

10   litigations.  But that said, we're using -- we're working

11   off of precedents in the U.S. and Canada.

12           THE COURT:  Yes.

13           MS. SCHWEITZER:  And the U.S. Debtors and the

14   Canadian Debtors ourselves are not very far apart.  There's

15   a lot of issues and people have been very constructive and

16   we hope to make April 30.  And we're waiting for comments

17   from some other parties, but I think that that will be, even

18   if we were to come before the Courts, it would be limited

19   secondary issues, not the basic issues of how to protect

20   documents.

21           THE COURT:  Okay.

22           MS. SCHWEITZER:  So I think we will have that

23   done, either way in time that it won't interfere with the

24   document productions, so.

25           THE COURT:  Very well.

1           MS. SCHWEITZER:  So that's helpful.  So now we're

2    down to three issues.  The next three issues between the

3    U.S. and the Canadian Debtors and -- is that this -- and

4    this is just trying to get everything into the schedule, but

5    they're opening document requests and interrogatories.  And

6    right now, these, I guess, could wiggle a day.  But right

7    now, it's contemplated that the opening allocation

8    submissions would be made on April 30.  And then the replies

9    would be due, it would be now May 15.  And then there's a

10   document discovery period where people make document

11   requests and interrogatories and then there's a deadline.

12   And as Your Honor knows, and it's indicated in the schedule,

13   that the whole fact discovery procedure lasts three and a

14   half months and of --

15           THE COURT:  And that's an issue of course.

16           MS. SCHWEITZER:  And of that, right, that's --

17   but that's in the U.S. and Canadian proposals, and with

18   that, that the U.S. Debtors propose that in order to give us

19   six weeks to be able to produce documents in response to

20   requests, that we have the opening requests made by May 10.

21   And that the Canadian Debtors would prefer that that request

22   come in after the replies are due, so it would be May 17.

23   Which normally, I would not want to come in front of the

24   Courts for a week, but it really comes down to just trying

25   to get six weeks into having an ability to produce documents

1  in response to requests.

2        I mean, we had internally had said, well, maybe

3  you say, you know, it's due the 10th, and then if someone

4  felt that there's an extraordinary need because of new

5  issues raised on a reply, that they can either ask to make

6  -- supplement their requests or come to the Court if they

7  needed to.  But what we really wanted to do is just to get

8  the request as soon as possible.  And we felt that after

9  four years, people know where we stand close enough, that we

10  could get those requests.  We're not trying to prejudice

11  people.  And if there needed to be a safety valve to

12  supplement, we'd understand that.  But normally, you would

13  be asking in front of the Courts for a week and we respect

14  their views.  It simply just goes to the end date. So you

15  can either share views or you might want to pause on that in

16  the larger discussion of the end date.

17        THE COURT:  I think that's an issue that Justice

18  Morawetz and I should probably discuss.

19        MS. SCHWEITZER:  Okay.  Thank you, Your Honor.

20  And then the third issue is similar in vain that we -- it's

21  a week in the schedule and it's in the end of the schedule,

22  which is when the pretrial submissions are due.  The expert

23  discovery period ends on April 22, which is right before

24  American Thanksgiving on the 28th.  And everyone agrees --

25  well, the U.S. and Canadian Debtors agree that that would be

1  the end of expert discovery.

2          After that's contemplated that there would be

3  pretrial briefs and affidavits that would be used, trial

4  affidavits that would be submitted to the Courts on

5  allocation on the U.S. claims and on the Canadian claims.

6  And the only difference between the U.S. and Canadian

7  schedules is that in Canada, they proposed that all the

8  briefs be submitted on December 6 and that the allocation

9  fact affidavits go into December 6 as well.  The U.S. -- and

10  then the claims affidavits go December 13.  So they have a

11  two step submission.

12          The U.S. Debtors would prefer that they're all

13  due on December 13, the second date, only because that

14  really only still gives us two weeks or three weeks between

15  the end of expert discovery, including the depositions and

16  things that need to go into the submissions.  And in the

17  middle of that, we lose a couple days for American

18  Thanksgiving.  So that if we went to the 6th, it's two

19  weeks, minus however many vacation days you want to take --

20                      (Laughter)

21          MS. SCHWEITZER:  -- away from people who

22  celebrate these things.  So to the -- again, it's not

23  normally, you know, you want to be able to bridge.  I

24  understand it would be nice to stagger things internally,

25  but that, again is the only issue for us is just simply

1  being able to physically turn that many documents in two

2  weeks with a holiday in the middle.

3          Again, I understand if you want to reserve on

4  that until the larger thing.  It's nice to be able to come

5  in front of you to say that we've gotten this close.

6          THE COURT:  Yes.

7          MS. SCHWEITZER:  That these are the issues.  But

8  we're just letting you know the reasoning behind why we're

9  here.

10          THE COURT:  And, of course, I'll hear from other

11  parties on that point as well.

12          MS. SCHWEITZER:  The fourth difference between

13  the U.S. Debtors and the Canadian Debtors' schedule and the

14  Monitors' schedule is that the Canadian Debtors and Monitors

15  have added in a series of additional interim dates for

16  hearings and deadlines.  Like if there's a discovery

17  dispute, there should be a safety valve hearing on this date

18  and that there should be, you know, opportunities to come to

19  the Court or people to make other milestones to resolve

20  discovery disputes.

21          We might have worded some of them differently.

22  We don't, you know, we don't -- I don't want to say by not

23  including -- my statements that we don't, you know, adopt

24  every last word, but honestly, we felt that we just -- that

25  there's obviously, you can't over manage a case management

1  schedule.  So we had left them out.  Not because we don't

2  think that we're going to be coming to Your Honors on

3  interim dates and I think it actually is helpful to have

4  some process up front for us to have milestone hearings in

5  place.  But sometimes it's hard to have an interim date that

6  says a deadline for a Court to hear a dispute, right?  And

7  so we don't necessarily feel strongly that every one of them

8  is a bad suggestion, it was more that it was a level of

9  layering that made the -- it just made the schedule a lot

10  longer and a lot more things to discuss.

11            THE COURT:  Okay.

12            MS. SCHWEITZER:  So if Your Honors were inclined

13  to include them, we understand that.  But we also think

14  that, you know, those dates will naturally arise during the

15  scheduling.  So, I guess, I, in that level say, Your Honors

16  should consider what you think is necessary or appropriate

17  or consistent with your practice in putting in trial orders.

18            THE COURT:  One thought by the way on discovery

19  issues that I've been considering, and will want to hear

20  from the parties, but not today, is the possibility of

21  appointing a discovery mediator.  I call it a mediator

22  because, of course, we don't have authority to appoint a

23  master, a special master, but I have used that procedure in

24  at least one other case.  It was very helpful to the parties

25  because it gave them an opportunity to have perhaps readier

1  access.  But that is just something that I put out there for

2  today.

3          MS. SCHWEITZER:  Yes.  No, you're not the only

4  person who has said that.  I think people that hear the word

5  mediator and have their own --

6                      (Laughter)

7          MS. SCHWEITZER:  -- reactions to that.

8          THE COURT:  Yes.

9          MS. SCHWEITZER:  And, but also, obviously, we're

10  respectful of the cross jurisdictional nature and especially

11  with discovery disputes, we expect that they'll be a lot of

12  overlap on those issues.  And so that it would have to be a

13  process whether by Your Honors or by another layer.  And

14  again, that might not be a today issue of being, obviously,

15  respectful on all sides as we -- as both Courts always are

16  on how to deal with the cross-border nature of potential

17  discovery disputes.

18          THE COURT:  Yes.

19          MS. SCHWEITZER:  So it's helpful to know your

20  thinking.  And I think we're all looking creatively to solve

21  these.  And I think that's where we came out on some of the

22  interim dates is that we are going to have to get there.

23  And it's just how much we want to decide today and how much

24  we'd need to just get these basic milestones done and fill

25  in some of the details later.

1           THE COURT:  Of course.

2           MS. SCHWEITZER:  So I'd say that's a difference,

3  but not necessarily a disagreement, it's just a level of

4  detail.

5           THE COURT:  All right.

6           MS. SCHWEITZER:  So that's the four differences

7  between the U.S. and the Canadian Debtors.  In other words,

8  we've done a good job.  It's almost like the allocation

9  protocol.  We agree and hand it in two different documents

10  with slight variations, right?

11           The larger issue on scheduling is the --

12           THE COURT:  Fact versus expert.

13           MS. SCHWEITZER:  -- North American Debtors versus

14  Europe, right?

15           THE COURT:  Yes.

16           MS. SCHWEITZER:  And that the EMEA Debtors and

17  the UK Pension folks want longer fact discovery.  And I

18  think, you know, in theory, if you had longer fact discovery

19  is better up to a point, but we're dealing with a January 6

20  trial date.  And so when you look at the EMEA Debtors and

21  the UK Pension Claimants compared to the U.S. and Canadian

22  Debtors and the Monitor, the difference really is boiled

23  down that the EMEA folks put in another month for fact

24  discovery and take that month out of expert discovery.  And

25  we just think it's simply we can't shorten expert discovery

1   anymore than it's been shortened.  It now contemplates two

2   and a half months from beginning to end.  And what beginning

3   means is the day the fact discovery is closed.

4                    THE COURT:  Okay.

5                    MS. SCHWEITZER:  So the last deposition date --

6                    THE COURT:  Okay.  Okay.

7                    MS. SCHWEITZER:  -- is the end of the fact

8   discovery.  And then from that point to the last expert

9   discovery is two and a half months.  So in that time, you

10  have to have opening reports.  And you have to have

11  responsive reports.  And you have to have expert

12  depositions.  And as Your Honor's aware, we have dozens of

13  EMEA Debtors with foreign law issues.  The UK Pension

14  claims, obviously, you know, it's to be determined what

15  level of experts will be offered, but certainly, for even

16  the automatic stay hearing, we had a series of experts on

17  those issues.

18                    THE COURT:  Yes.

19                    MS. SCHWEITZER:  And that's before you as to

20  allocation whether, you know, to -- and the parties probably

21  have their own views as to what experts would be required.

22  But the sheer number of -- you have three major sets of

23  litigation and a lot of potential need for experts on the

24  law and maybe on the facts, or financial issues, or whatever

25  it may be.  So I think that we just couldn't see compressing

1   that schedule shorter than two and a half months.

2          THE COURT:  And you can't really begin that

3   discovery until fact discovery is completed.

4          MS. SCHWEITZER:  Correct.

5          THE COURT:  Because the experts will be asked

6   what facts they're relying upon and the like.

7          MS. SCHWEITZER:  Correct.  No, that's actually --

8   that is an essential point so that we have to -- it has to

9   be staged and there's just not enough room in the schedule

10  to compress that further.

11         THE COURT:  Sure.

12         MS. SCHWEITZER:  I think in the EMEA versus the

13  UK Pension, that one -- the EMEA Debtors put more of that

14  month into document production.  The UK Pension put into

15  deposition taking on the fact side.  I mean, but it's all

16  again, the issue of balancing fact discovery versus expert

17  discovery, so --

18         THE COURT:  And the depositions are going to also

19  -- aren't they going to depend upon whether or not the Court

20  limits the number of depositions?

21         MS. SCHWEITZER:  Correct, yes, Your Honor.

22         THE COURT:  Yes.

23         MS. SCHWEITZER:  And so that's a thing.  And that

24  will go into the third topic I'll talk about which is the

25  limitations on discovery.  I'd like to get to the staging of

1    the litigations as well because I think that's it.

2            But on the scheduling itself, to put aside that

3    document, I think we can go through the spaghetti black

4    line, but I don't think when you actually get past the

5    spaghetti black line, that there's big differences in the

6    dates other than the obviously, the one month of fact versus

7    expert and the four issues that I walked through with the

8    U.S. and Canadian Debtors.

9            THE COURT:  Yes.

10           MS. SCHWEITZER:  Okay.  So then we get to the

11    straddle issue which goes into the reason for the spaghetti

12    black line in the U.S. versus Canadian proposals.  And then

13    also a lot of the other black lines which is are we having

14    three sets of trials or are we having one trial?

15           The issues before Your Honor as you know is that

16    there's an allocation dispute that involves the various

17    estates and that we've agreed other parties can participate

18    as core parties into that allocation dispute, right?  And I

19    think that we've been generous in allowing those other core

20    parties to participate on the theory that each estate can

21    kind of bring their own into this dividing up of the pot.

22    And to -- that will -- it will be a very clear cross-border

23    separate, but parallel coordinated proceedings to decide the

24    allocation dispute.

25           We also in developing an allocation protocol,

1  agreed that there could be overlap in some magnitude, at

2  least for certain parties between the claims brought by EMEA

3  against the U.S. Debtors, and the claims brought by EMEA

4  against the Canadian Debtors which we already have a cross-

5  border protocol that can contemplate coordination, separate

6  adjudications, but coordination to the extent that it's

7  efficient.  And we can coordinate those two sets of claims

8  against the U.S. and Canadian Debtors.  We also can

9  coordinate those with allocation, so you don't have to take

10  the deposition three times.  And you don't have to produce

11  the documents four times, right?

12          And then the third set of litigations, again is

13  the UK Pension claims against the U.S. Debtors and UK

14  Pension claims against the Canadian Debtors.  And again,

15  those are separate proceedings, but to the extent that we

16  can find ways of having joint discovery or having you hear

17  testimony once, as opposed to three times, that I think

18  everyone's in agreement that that's efficient.  And I think

19  that's something everyone in the room agrees on.

20          I think that the question is is when you write

21  the document, is it one scheduling order that we use all --

22  everything together into one list? Is it one set of

23  procedures?  Is it one set of procedural rules?  Is it one

24  notice?  How close do you actually collapse them into one

25  ball of wax?

1          The Canadian Debtor and Monitor proposal says

2    look, these are one litigation that is happening together,

3    right?  And so that means the same parties are able to have

4    standing and appear and be heard and make requests in all

5    the litigations.  And the same evidentiary rules would apply

6    to all of the litigations.  And then it gets into how the --

7    is it one trial versus three trials, right?  Which as I've

8    always said maybe just we decide how many bathroom breaks

9    we're having at the day of the hearing.  But our concern is

10   you can always add and put overlapping issues, but for the

11   sake of appeal, and for the sake of procedural correctness,

12   that these are, in fact, in the U.S., at least there's a

13   U.S. litigation on EMEA claims.

14          THE COURT:  Right.

15          MS. SCHWEITZER:  There's a U.S. litigation on UK

16   Pension claims.  And there's a U.S. litigation on allocation

17   disputes.  And we're happy to coordinate them, but it's not

18   just a matter of optics that there's three columns.  That

19   it's we're happy to coordinate them, but we think as a

20   purist point, and also procedurally correct point, and to

21   preserve the record in the right way, that it's actually

22   three different documents, right?  And so it gets into three

23   or three different columns on a document, if you want to say

24   it that way.  But it -- that there's a separation that shows

25   that these are separate and coordinated proceedings.

1          THE COURT:  And somewhere applicable only to the

2    United States is another concern.

3          MS. SCHWEITZER:  Correct.

4          THE COURT:  So --

5          MS. SCHWEITZER:  So --

6          THE COURT:  -- to avoid my hearing evidence

7    relating solely to Canada and Justice Morawetz vice versa,

8    it might be more appropriate to have them separated.

9          MS. SCHWEITZER:  Correct.  And I think that,

10   again, this will go into our third column of how we deal

11   with the reasonable limits on discovery.  But we think that

12   what we -- what you'll see is the U.S. Debtors use words

13   that they are core parties.  And we're not going to tell

14   Your Honor that the Canadian directors and officers, the CCC

15   representatives, or an indenture trustee of only Canadian

16   bond isn't allowed to be heard in a joint hearing on

17   allocation.  I think that that -- those are -- it's all

18   going to be before Your Honors.  It is one -- it's two

19   hearings happening simultaneously and Your Honors are

20   sophisticated enough to take notice of that.  When you lay

21   the claims next to them, again, we're not opposed to having

22   hearing -- testimony used twice or a deposition transcript

23   using it twice, but we think that it's important to preserve

24   the documents in a way that makes clear that these are

25   separate and coordinated proceedings.

1            And so what we've used in the context of claims

2    is the idea of discovery participants, right?  That these

3    are people participating.  And we'll be quite frank, Your

4    Honor, that that is a smaller group in the U.S., than it is

5    for allocation.  In the U.S., the only people in the U.S.

6    that were given standing to make requests in the claims is

7    the U.S. Debtors and the UCC's, the Unsecured Creditor

8    Committee.  We are not giving the bondholders an affirmative

9    right to participate and take discovery in the claims.  Not

10    -- the allocation is different, but in the claims against

11    the U.S. Debtors, it's not the bondholders, it's not a

12    Retiree Committee, it's not our LTD Committee, it's not our

13    PBGC, which were the types of people represented in the --

14    for example the CCC's in Canada.  We're saying the U.S.

15    Debtors and the Unsecured Creditor Committee are sufficient

16    parties in interest to litigate these claims in the U.S.

17            And so that if there's overlapping issues,

18    absolutely, Your Honor, we're not saying if there's argument

19    raised, or legal argument raised, or facts being taken that

20    relate to allocation and relate to claims, every party who

21    is a core party has the right to take that discovery in

22    allocation, right?  And they have the right to be present at

23    that deposition as an allocation party.

24            THE COURT:  Yes.

25            MS. SCHWEITZER:  And, in fact, we'll go further

1  which is that we've all agreed to produce all of the

2  documents, regardless if they're claims litigations or

3  allocation litigations, all of the documents go to the same

4  repository.  So you get the fruits of discovery.  We're not

5  going to segregate things off.  If it overlaps, you get the

6  fruits of discovery, but you don't get the affirmative right

7  to make additional requests, so that we're able to manage

8  our claims litigation.

9        And so that idea of having discovery parties

10  versus just core parties for everything, causes a lot of the

11  black lining, but it's not just an optics issue, it's

12  something that we think is consistent with who has

13  constitutional standing, who is aggrieved parties, and who

14  has something, quite frankly, to add to add to the dispute.

15        What we have done is given the Canadian Debtors

16  as right to participate in the U.S. -- the Canadian Debtors

17  or Monitors do have a right to participate.  So we're not

18  seeking to exclude the equity holder here, but we do think

19  that there has to be a limit to the number of people

20  affirmatively making -- filing claims objections and the

21  number of people who are taking discovery in the claims

22  process just for to preserve the record and to do that the

23  right way.  And from the EMEA Debtors and from the UK

24  Pension Claimants, our understanding is that they're not

25  being ganged up on, right?  So that's it not 50 against one.

1                    THE COURT:  Right.

2                    MS. SCHWEITZER:  Which is a fair a complaint,

3    putting aside any cross jurisdictional issue.  That's a

4    common issue in litigating claims.

5                    So that, we can go through, if Your Honors were

6    inclined to go through the spaghetti documents, but if you

7    look through that, a lot of the changes deal with our

8    splitting out the one versus two.

9                    And particularly, it really does focus on this

10   idea of keeping people who represent the entirety of the

11   estate who represent the U.S. interests and have an interest

12   in the U.S. claims being adjudicated are the ones who have

13   the right in the U.S. to participate.  If the Canadian

14   Debtors want to give more people the right to participate in

15   their process, we don't oppose that, but that's the

16   difference between us on the U.S. side.

17                   On the third bucket, and we're almost at the end,

18   which is pleasant given how thick my binder is of black

19   lines.  This isn't actually isn't so many differences.  On

20   the third bucket, it sounds like -- which is the reasonable

21   limitations on discovery.  It sounds like Your Honor is well

22   aware of what the issues are.  The issues is who -- how many

23   people have the right to make requests?  How many requests

24   they're able to make?  And are we going to place front --

25   upfront limits on document production issues?

1          And I think that the -- to start with the first

2     is who can make requests?  The U.S. Debtors propose this

3     idea of discovery groups.  The idea being that the U.S.

4     Debtors and the Unsecured Creditor Committee for example,

5     are willing to completely align ourselves.  To work together

6     and make one set of document requests.  Make one set of

7     interrogatories.  Use our ten depositions under the Federal

8     Rules to notice ten collective depositions.  That we don't

9     need -- for example, we have 15 Debtors.  We don't need 15

10    Debtors, plus the unsecured creditor, times ten depositions

11    would be the right to make 150 deposition notices.  We're

12    going to give -- we need ten, right?  We're willing --

13              THE COURT:  Right.

14              MS. SCHWEITZER:  If everyone has ten, we're

15    willing to live with ten.  But the idea of having some sort

16    of discovery group that bundles people together.  We were

17    told that -- by other estates, that sometimes they like it,

18    sometimes they don't.  They like it when it's against them,

19    right?  They like other people bundling against them, but

20    they don't want to align.

21              For example, the CCC's we were told don't want to

22    be in a discovery group necessarily with the Monitor and the

23    Canadian Debtors.  And so because we offer them in the

24    claims process, well you can ride on that, right?  Or in the

25    allocation process.  They said, no, we don't want to be

1  aligned, right?  We can't commit up front.  We probably will

2  be aligned, but what we're concerned about is you could see

3  if one party is putting in ten, another aligned group has

4  20, then they actually will use that strategically, right?

5  That they say well, we wanted to notice 15 people, I'll take

6  these ten, you take those five, we need to have some

7  reasonable limits on the number of depositions and the

8  number of requests we respond to.

9         I think in the same way of making document

10 requests, we don't say you can only make five written

11 requests, but you can imagine that it's not sheerly

12 responding to it, but it's a sheer number of documents you

13 have to turn, the number of objections you have to file, the

14 number of days you're spending meeting and conferring.  And

15 our idea is that there has to be some reasonable limit up

16 front, not just let's let it all out and meet and confer

17 later.

18         The example I gave to my associates is the page

19 limits with briefs.  Everyone will tell you that Judges only

20 like reading short effective briefs.  And we all know that.

21 And every time we sit down and write a brief --

22                   (Laughter)

23         MS. SCHWEITZER:  -- we start with, oh, it's only

24 going to be 20 pages.  But if you don't have a page limit,

25 it's always 100, right?

1          THE COURT:  That's right.

2          MS. SCHWEITZER:  So, and you say, oh, I'll cut

3   back.  Well, we're trying to avoid that weekend work of

4   cutting back by having some reasonable limits up front.  And

5   again, we love Delaware.  We love Your Honor, but we don't

6   want to become part-time residents of Delaware.  If we can

7   manage it in reasonable, fair ways upfront.

8          And I think that the -- so whether it's discovery

9   groups or whether it's another concept that we -- and in the

10  number of depositions, whether it's ten, which we think is

11  consistent with the Federal Rules.

12         THE COURT:  Yes.

13         MS. SCHWEITZER:  Or 11, or whatever, we always

14  put a safety valve that if you need more, you can come to

15  the Courts, right?  But we need to start up front.  And what

16  we did is said have the lead people start up front.  Other

17  people can come and ask if they need separate rights.  And

18  you can always ask for more people, if you need rights, but

19  there has to be some containment up front.

20         So I think that the other overarching reasonable

21  limits on discovery was that we had in there that the U.S.

22  and Canadian Debtors have put language in there saying that

23  the document requests need to be limited and reasonable.

24  And the EMEA Debtors said that gee, I don't, you know, I

25  don't want to agree up front to limited and reasonable.

1  Certainly, I assume they didn't really mean that they were

2  going to be unreasonable.

3                    (Laughter)

4          MS. SCHWEITZER:  But and limited, I think is

5  consistent with our theme of that there needs to be not 500

6  requests.  I think, certainly, to give you an example.  We

7  didn't mean to say that you need to say my one request is I

8  want the financial statement from 2009 third quarter.

9  That's -- it doesn't have to be that specific, but we can't

10  get a request that says I want all of Nortel's financial

11  statements from 1900 to now.  There has to be some

12  reasonable boundaries.  So I think that we thought that was

13  consistent with the U.S. practice and the U.S. style, but

14  there has to be some concept of that baked in that people

15  are going to use judgment given the schedules and

16  everything.

17          The last issue, I think, really goes to the

18  production of documents.  And particularly, not electronic

19  documents, but this iron mountain which sounds so big.  And

20  every time I see a truck go by, I wonder if Nortel documents

21  are in it because, in fact, we have 250,000 boxes of

22  documents at least in the U.S., and you're familiar with

23  that from other litigations that have been in front of you,

24  that there are -- they're indexed in the sense that you know

25  when the documents went away.  Some of them are well

1  labeled, some of them are less well labeled.  But we cannot

2  be asked or imposed upon to search that many documents, just

3  to look for the proverbial needle in the haystack.

4          So what we had offered is that rather than us

5  make the calls, we'll give everyone the index.  And then

6  meet and confer to see what people want us to actually

7  search for.  But it weaves into the request being made that

8  the request needs to be specific.  And then we'll meet and

9  confer and as a result of the meet and confer, someone asks

10  us to search or we produce a box for their inspection.  I

11  think what we're dealing with a fast paced litigation that

12  we -- it is a way of solving disputes on scope rather than

13  not saying we're not going to produce, we say, if you want

14  to look, here's the documents, it's in a warehouse, this is

15  where they were maintained prior to the bankruptcy, we're

16  opening up a warehouse and you can go look.

17          So we didn't mean to unreasonably limit anyone's

18  rights, but we, again, felt that we need to have some

19  upfront guidance on the idea of how we're going to

20  management this.  And we know that's going to be an issue

21  because we think that there's a lot of documents.  It

22  doesn't necessarily mean that a lot of them are relevant or

23  any of them are relevant.  Probably exactly the opposite,

24  but we need upfront, if we can, to get some instruction on

25  how to manage these things, otherwise we'll see you in

1   April, May, June, and July, and --

2            THE COURT:  Sure.

3            MS. SCHWEITZER:  -- we can have the discussions

4   then.

5            THE COURT:  Sure.

6            MS. SCHWEITZER:  So I think with that, I think

7   those really are, unless Your Honor had questions beyond

8   that or if you wanted me to go through any specific line

9   items.  I had hoped to just keep it at least at initial

10  level high, because I do think that these are the threshold

11  issues and once these are determined, a lot of the schedules

12  clean up a lot and the documents answer themselves in many

13  ways.

14           THE COURT:  Well, I certainly recognize what an

15  enormous effort went into this and I think that you certainly

16  have arrived at a good organizational process here, which is

17  critical.

18           MS. SCHWEITZER:  Thank you.

19           THE COURT:  And I also think that these

20  limitations are going to be necessary given the number of

21  parties, the number of issues and the relatively limited

22  time.  So I certainly appreciate that and I know that Justice

23  Morawetz and I will talk about specifics relating to the

24  limitations as you indicated, for example, is it ten

25  depositions; is it 12; how does a party ask for an additional

1   deposition, or two, if necessary.  We'll talk about that and

2   -- but I'd also, obviously, like to hear from other parties

3   on these matters.

4            MS. SCHWEITZER:  Thank you, Your Honor.

5            THE COURT:  Thank you.  Thank you, Ms.

6   Schweitzer.

7            MS. SCHWEITZER:  I'll cede the podium to --

8            THE COURT:  Mr. Adler.

9            MS. SCHWEITZER:  Mr. Adler would like to be heard

10  next.

11           THE COURT:  Yes, thank you.  Thank you, Ms.

12  Schweitzer.

13           MS. SCHWEITZER:  Thank you, Your Honor.

14           THE COURT:  Mr. Adler?

15           MR. ADLER:  Your Honor, does it make sense for

16  the Canadian's Estate position to be heard at this time --

17           THE COURT:  It does.

18           MR. ADLER:  -- on --

19           THE COURT:  Yes.

20           JUSTICE MORAWETZ:  Okay.  So we'll catch up here

21  and then we'll proceed with Mr. Adler and the Canadian's

22  Estate.

23           UNKNOWN:  Thank you very much, Your Honor, and

24  Judge Gross.

25           THE COURT:  Yes.

1            UNKNOWN:  My job is just to put the --

2            JUSTICE MORAWETZ:  And just, before you start,

3    there are time limitations today, 1:00.  When you're going

4    though your [indiscernible] --

5            UNKNOWN:  I will be --

6            JUSTICE MORAWETZ:  -- it will be as brief as

7    usual.

8            UNKNOWN:  I will be very brief because my -- the

9    reason I think it's important that the Canadian's Estate be

10   heard at this stage is, I think, while Ms. Schweitzer is

11   correct in saying that, you know, we've worked very hard to

12   reduce the differences between the U.S. Estate and our

13   combined Estate's positions, those differences are quite

14   important.  And so I think that it's important that both

15   Your Honors hear the Canadian's perspective because,

16   although we're all trying to achieve the same goal of

17   expediency, the Canadian Estate is not situated similarly

18   and we have different interests because they are more people

19   out to get us, you know, to be frank about it.  And so all I

20   propose to do is we've put forward a Joint Proposal, the

21   Canadian Estate has, and the Monitor has done most of the

22   heavy lifting on this.  So I'm going to turn the podium over

23   to Mr. Zarnett so that we can address why the Canadian

24   position is different from the U.S. position and why it's

25   important to Canada.

1          MR. ZARNETT:  Thank you, Justice Morawetz and

2    Judge Gross.  On behalf of the Monitor, Benjamin Zarnett.  I

3    want to deal with the issues essentially in the same order

4    as Ms. Schweitzer dealt with them to simply focus on what

5    those issues are.

6          Very briefly, on the allocation protocol and the

7    two differences, we think it's appropriate that the

8    definition of core parties include a recognition that the

9    Court may grant leave for someone else to participate,

10   recognizing that the Court will be very strict about

11   allowing a Johnny-come-lately to interfere with the

12   schedule.

13         Secondly, on the other difference which had to do

14   with an opening hearing before factual discovery at which

15   arguments would be made, given that no one is proposing that

16   in our submission, it would be a good idea to apply a little

17   bit of euthanasia to that particular concept.

18         On the scheduling issues, I won't say anything

19   about the difference in dates for the Confidentiality

20   Agreements.  We think the April 30th date is the appropriate

21   target for the start of documentary discovery.  The week

22   difference, we will leave with the Court.  I did want to say

23   something about the difference in dates for the delivery of

24   Affidavits.  Ms. Schweitzer pointed out that her proposal,

25   the U.S. proposal, has all of the Affidavits on allocation

1  and claims coming in on the same date where we had proposed

2  all Allocation Affidavits December 6th and responses to Claim

3  Affidavits.  So it's Allocation Affidavits and Claim

4  Affidavits, people making claims on December 6th and

5  responding Affidavits only on December the 13th.  We think

6  that that recognizes that, on claims, there are parties who

7  are in the position of responding or defending and they

8  ought to see what the evidence is in support of the claim

9  before they put in their Affidavit in response.  On the

10  interim dates for Motions, we think that's an important

11  discipline.  It's more than just a safety valve.  Parties

12  shouldn't be encouraged to save up all their procedural

13  Objections or issues to one date in the middle of December

14  and let loose with them all at that time and it should be

15  encouraged, to the extent the Court can accommodate it, to

16  deal with them as they come up so we have as few as

17  possible.  We agree with the U.S. Debtors on the relative

18  time to be attributed to fact and expert discovery.

19          Let me move to the issue of, as the U.S. Debtors

20  call it, separate litigations.  In my submission, what we're

21  after here is one timetable and it's one timetable to govern

22  the procedures that the allocation protocol contemplates.

23  The timetable doesn't inter-mix them or separate them.  They

24  exist as they are.  I point out, and not as a criticism,

25  that even the U.S. timetable in many of its entries does not

1  separate what is happening between the three categories they

2  propose.  On many dates, they have one thing happening,

3  which is described as happening jointly in all three

4  procedures.  The Canadian timetable reflects the need for

5  standing; for example, our May 15th pleading date is limited

6  to people with standing to do certain things.  So the

7  timetable isn't creating or taking away from standing but we

8  think it's appropriate that there be one timetable listing

9  what happens and when.  The overriding point is, of course,

10 that we're where we are, in part, because there is an inter-

11 mixing between the facts underlying EMEA claims and the

12 allocation positions, and the timetable reflects that.

13         My last point that I wanted to address, Justice

14 Morawetz and Judge Gross, has to do with limitations on

15 discovery.  We agree that document requests should be

16 limited and reasonable.  That's in our timetable and in our

17 Discovery Plan.  We also agree to limits on the number of

18 depositions and we have also specified ten.  Where we part

19 company with the U.S. Debtors is on the mandatory grouping

20 even before pleadings.  We don't think the groups can be

21 mandated.  If parties define themselves differently and

22 don't want to be grouped, then forcing them to be grouped

23 will create more inefficiencies than efficiencies.  Does one

24 party get -- in the group get a veto over a document

25 request?  How will those things be worked out within a group

1   of parties who define themselves, even if aligned on many

2   issues, differently on others?  And really, the payoff and

3   the only difference is the calculation that the U.S. has

4   done, that if there are groups, there's a maximum of 30

5   depositions, and no groups, a hundred.  There are over 25

6   lawyers present here in the Canadian Courtroom and I'm sure

7   an equal number in Delaware and -- but that number really

8   should knock off the difference in depositions relatively

9   quickly.  But I don't think it should work on the basis of

10  worst case scenarios.  Parties should have to cooperate, try

11  to cooperate, in restricting deposition requests and we're

12  all for that.  It's the mandatory nature of the grouping

13  that we think can't be done at this point.  That's not

14  because we want to extend depositions but want to make them

15  work efficiently.  Thank you very much --

16              JUSTICE MORAWETZ:  Thank you.

17              MR. ZARNETT:  -- Justice Morawetz and Judge

18  Gross.

19              THE COURT:  Thank you.

20              JUSTICE MORAWETZ:  Anybody else wish to make a

21  submission to that point?

22              THE COURT:  All right, Mr. Adler?  Yes, sir.

23              UNKNOWN:  With respect to the schedule?

24              JUSTICE MORAWETZ:  Oh, we have one more

25  [indiscernible], sir?

1          THE COURT:  I'm sorry.

2          UNKNOWN:  With respect to the schedule?

3          JUSTICE MORAWETZ:  Yes, with the issue of Mr.

4  Zarnett was responding.

5          UNKNOWN:  The entire schedule or?  Either you

6  could --

7          JUSTICE MORAWETZ:  Just try to catch up to what

8  we've heard in the U.S. proceedings and comment on that.

9          UNKNOWN:  Okay.  So, obviously, not the later

10  references.

11          JUSTICE MORAWETZ:  I'm sure you'll always have a

12  later [indiscernible].

13                    (Laughter)

14          JUSTICE MORAWETZ:  I'm watching that clock.

15          UNKNOWN:  I thought the way we'd do is we're

16  going to go back to Mr. Adler for the --

17          JUSTICE MORAWETZ:  You're going to go back and

18  forth?  [indiscernible].  Mr. Adler, I think it's over to

19  you.

20          THE COURT:  Thank you, Mr. Adler.

21          MR. ADLER:  Thank you, Judge Gross, Derek Adler,

22  for the Joint Administrators.  I was listening very

23  carefully to what Mr. Bromley said before but I think I do

24  have to clarify for the record our understanding that what

25  we're saying today is without prejudice to the appeal issues

1    and the jurisdiction issues.  But just for avoidance of

2    doubt, we agree with the U.S. Debtor that this should really

3    be seen as separate strands of litigation, separate

4    proceedings.  In fact, I think it's logically four separate

5    proceedings; the Canadian claims, the U.S. claims, and then

6    the two allocation proceedings that are being done in

7    parallel leading to two separate judgments by the two

8    Courts.  That looks like two separate proceedings that are

9    being done in coordination to us.  But to avoid any

10   arguments about jurisdiction or waiver, I will confine my

11   comments today to the column of the U.S. Debtors' proposal

12   and to the Discovery Plan, to the extent that they pertain

13   to the litigation of claims rather than allocation.  It

14   happens to be the same issues anyway.

15           First of all, I'm sorry to say that we submitted

16   a mark-up to the U.S. Debtors last week at their request

17   last Thursday and they rejected everything in it, and I'm

18   sorry to have to take you into the short grass on some of

19   the proposals that were addressed.  I think we've learned

20   this morning why it is that that was rejected in its

21   entirety.  We've heard Mr. Bromley say this morning that

22   they have reached an institutional decision not to reach any

23   agreement with the EMEA Debtors and I'm afraid that was what

24   was reflected. in fact -- I wasn't sure they even read our

25   submission until I saw some of their comments about it and

1   what they put in yesterday.   But that means that, for

2   example, we had given them comments on how you define the

3   EMEA parties.   We have a separate Liquidator who jointly

4   works with the Joint Administrators in relation to the

5   French Debtor.   We had asked for language to be added to the

6   definitions of EMEA Debtors and you'll see this in the black

7   line that simply acknowledged that Mr. [indiscernible] is

8   the Liquidator for France who appears jointly.   He wasn't

9   asking for anything else other than to have his name listed

10  there as a separate party in the definition of EMEA Debtors.

11  That's been rejected.   The EMEA -- the U.S. draft uses the

12  term identification Interrogatories.   We agree that the

13  parties should serve identification Interrogatories and that

14  we should be limited to that.   This would be Interrogatories

15  that find out the names of witnesses; where they are; who

16  has control of them.   We said why don't we define that since

17  that's not a defined term in the Local Rules here in

18  Delaware.   That's something we use in the Southern District

19  of New York.   They rejected that definition.   They rejected

20  a proposal that, for purposes of Interrogatories, a listing

21  of names would be considered one Interrogatory because the

22  main purpose of Interrogatories will be to find out where

23  witnesses are.   Similarly, they rejected some very simple

24  technical specifications that we proposed for the materials

25  to be provided in e-discovery.   So, unfortunately, I have to

1  ask Your Honor to go through our black line very carefully.

2  Some of these things, plainly, should be adopted.  We can't

3  believe that there's any legitimate dispute about them but

4  they've been ignored.  With respect to the overall schedule,

5  Ms. Schweitzer did summarize it very clearly.  We still

6  think that this is a case that needs nine months for

7  discovery.  However, we accept the trial date that's been

8  put in.  We were going to try and work towards that.  But,

9  in order to do that, it seems to us that the balance between

10 fact discovery and expert discovery needs to be shifted a

11 little bit or needs to be a little longer for the fact

12 discovery; the documents to be exchanged and the depositions

13 to be taken.  The issues that are going to come up here are

14 extraordinary with the cross-border issues, the non-party

15 issues here.  I think many witnesses will no longer be under

16 the control of any party.  So there may have to be third-

17 party processes that have to be done to bring them in and

18 those may be cross-border processes.

19        When you look at the rest of the discovery issues

20 here, I have to point out the kind of imbalance in

21 information that there is between the EMEA Debtors and the

22 U.S. and Canadian Debtors in terms of the nature of the

23 disputes here.  We allege the EMEA claims are based on

24 events that happened in the management of the worldwide

25 companies that took place in North America behind closed

1  doors.  We don't have a lot of the basic documents and

2  information pertaining to these transactions which directly

3  acted on the EMEA Debtors.  For example, I mean aside from

4  the issues about what happened behind closed doors, we don't

5  even have some of our own documents.  The servers that held

6  EMEA's emails are in Canada, or were in Canada.  We don't

7  know exactly where they are today but -- and we actually

8  haven't had broad access to EMEA peoples' own emails.  The

9  various applications that are referred to; these are the

10  computer programs that were used that have been

11  decommissioned, were also in North America and we've been

12  having disagreements with the North American Debtors over

13  time about even getting access to that and they have held us

14  at arm's-length.  They've said we're not going to let you

15  have things from applications that are being discontinued

16  because you might use them in litigation.  They've actually

17  used that as a reason not to let us have broad access.  So

18  there's an asymmetry here and, to the extent that they tried

19  to put limits on disclosure, it is a conscious attempt to

20  prevent us from being able to investigate and find the

21  evidence for the claims we have brought; to actually find

22  out what happened in North America during the key period.

23          Ms. Schweitzer described the process where we say

24  expert discovery can be compressed; fact discovery can be

25  lengthened.  I wanted to say a word about what happens after

1  that when we get to approaching the hearings because I think

2  we take a slightly different view which is that, at this

3  point, it is very hard to visualize what the shape of this

4  trial will be like; what the real issues in dispute will be;

5  what evidence will need to be presented and how it's going

6  to work in this cross-border format.  It seems to us that we

7  should all recognize that late in this process, in November

8  or so, we're really going to have to sit down amongst the

9  parties and then with the Courts and figure out what this is

10  going to look like; what submissions should be made in

11  advance of it.  And so one of the things that results from

12  our schedule is that there is a kind of a flip that -- the

13  U.S. Debtor's proposal has us conferring after making pre-

14  trial submissions.  There's a -- I'm sorry, not conferring.

15  There's a Conference with the Court about the shape of trial

16  after the pre-trial submissions.  It seems to us that it

17  would be quite important for the parties to confer earlier

18  on and then come to the Courts for a Conference, a Pre-Trial

19  Conference, to lay out the -- sort of a blueprint for the

20  trial and for the pre-trial submissions.  In our suggestion,

21  that gets done by the week of December 16th and the

22  submissions become due on December 23rd, just before the

23  Christmas holiday.

24          Now, there are a couple of points that I need to

25  raise about fairness, what I would call fairness issues.

1  The first one -- and this occurs in the discovery in Section

2  3(f) of the Discovery Plan and our mark-up of it.  The U.S.

3  Debtors have given themselves the right in the Discovery

4  Plan to seek disclosure directly from the Canadian Debtor.

5  This is going to be very important because the claims we're

6  asserted in the U.S., which are for aiding and abetting and

7  other secondary liability against the U.S. Debtors in

8  relation to actions that were taken by the Canadian Debtor,

9  are going to involve needing discovery to litigate claims.

10  We're going to need discovery from Canada.  We're going to

11  need discovery from Canada in relation to tracing of funds

12  that we say came through Canada and ultimately wound up in

13  the U.S.  In the Discovery Plan, the U.S. Debtor has given

14  themselves the right to seek discovery directly from the

15  Canadian Debtor.  We said that's fine.  We need that right

16  too.  The parties to the U.S. claims process should both be

17  entitled to serve discovery requests on the Canadian Debtor.

18  They didn't adopt that change.  This is just fundamental

19  fairness.  And the same thing works in the opposite

20  direction in relation to the Canadian Debtor.  They've given

21  the Canadian Debtor the right to seek disclosure from the

22  U.S. Debtor but have not given the Canadian EMEA Debtors the

23  right to seek disclosure from the U.S. Debtor in relation to

24  Canadian claims which may be less of an issue in that

25  direction but, still, it's a fairness issue.  It should go

1  both ways.  It should be mutual.  Similarly, in the

2  Disclosure Plan, Section 3(b), they've made a very

3  reasonable request, which is that if a party believes that

4  responsive documents are already in a database to which the

5  requesting party has access, that they shouldn't have to

6  provide those documents again and we said that's fine, just

7  tell us.  Just tell us.  If you have some database that has

8  documents and information in it that is relevant and that

9  you're not going to produce it because you think we already

10  have access to it, just put it in your document response.

11  Say we're not searching this database because we think you

12  already have it so that we're on notice of that.  They

13  wouldn't adopt that change.  The same issue in relation to

14  decommissioned applications, these computer systems that

15  have been taken offline.  The proposal says, and this is in

16  3(b) still, we don't have to search decommissioned

17  applications and we said fine; when there's a decommissioned

18  application that you think would otherwise have documents

19  that are responsive, tell us and then lets confer about it

20  and maybe we would do it at our expense.  We'll see if

21  there's another way to get the data.  But we should know

22  what it is that you're not disclosing.  They have declined

23  to adopt that proposal.  The same issue in relation to the

24  Merrill database.  This is the database that was created by

25  the parties to share information by the Debtors to share

1    information in relation to the mediation sessions and,

2    having worked with it a bit, it's a big dump.  People put a

3    lot of documents in with very little sorting or coding or

4    anything else.  The suggestion from the U.S. Debtors is that

5    people should not be required to produce again things that

6    are in the Merrill database.  This is, again, in 3(c) of the

7    Discovery Plan.  We said that's fine but we need the same

8    metadata.  We need the same e-discovery-type information so

9    that we can search those materials and sort those materials.

10   The same thing for everyone else for all the other types of

11   electronic materials that are going to be disclosed because

12   the timetable here means that we've got to use e-discovery

13   techniques in the most efficient way possible and that means

14   we need the metadata and the other technical specifications

15   for what's in the Merrill database.

16            Now, Ms. Schweitzer referred to the fact that

17   we've asked to take out the term -- the words limited and

18   reasonable in terms of the discovery requests that we can

19   submit, the data requests.  That is not because we intend

20   discovery to be unlimited or unreasonable.  We don't know

21   what those mean when you have already got, in the Federal

22   Rules, principles of proportionality, principles of

23   relevance.  Certainly, if limited means that there are going

24   to be relevant materials that we're not allowed to ask for;

25   that the U.S. Debtor can say no -- you know, yes that's a

1   perfectly good response but we're not giving it to you

2   because it's agreed to be limited, we don't find it useful.

3   We don't find it useful to have a debate about any of this.

4   We're -- unlike Ms. Schweitzer, we expect to be down here

5   regularly during this process.  We think the best thing is

6   to meet and confer quickly about discovery issues and submit

7   them for a decision by yourself, by a discovery mediator.  I

8   don't think that's a bad idea at all.  But to simply get

9   them out there and get rulings on things quickly rather than

10  having debates among the parties and we don't want to add

11  additional standards here that can be used for one party to

12  refuse to give something to another or some standard that we

13  don't understand.  We should just do it under the

14  appropriate Procedural Rules.  It's very hard to anticipate

15  now all the disclosure that will be needed and what -- where

16  it will be.  It's very hard to know who the witnesses will

17  be.  And our proposal for that reason is, rather than having

18  a debate about how many parties you have here and how the

19  ten limit -- ten deposition limit applies, we say let's just

20  sit down.  At the end of the document discovery period, our

21  proposal is we each give each other a list of who the

22  witnesses are I think -- that we think need to be deposed.

23  We compare those lists.  There may be overlap.  Discuss

24  who's on the list and who should be brought in and which are

25  the valid ones; which can be dispensed with, and if there

1    are any disputes, submit it quickly to the Court.  We don't

2    think that there's a reason to impose arbitrary deadlines.

3    We'd get a ruling at the time.  Ditto for the length of

4    depositions, and there's going to be a lot of issues I think

5    about who gets to do the questioning.  If you have seven-

6    hour deposition days, with the number of participants, even

7    in the sensible proposal that the U.S. Debtor has come up

8    with to try and group people and so on, there are going to

9    be a lot of issues about the number of days and the number

10   of hours in the deposition day.  A couple of other smaller

11   points, Your Honor.  We've added language -- suggested

12   adding language in 3(c) of the Discovery Plan which would

13   state that the materials that are used in discovery here can

14   be used in other proceedings.  The way it currently reads

15   right now is that it can only be used in the claims

16   litigation, the Canadian claims litigation, and in the

17   allocation process.  There will be other procedures between

18   the parties here that will be eventually a U.K. or English

19   claims reconciliation process of some sort.  There may be an

20   arbitration about allocation.  We had requested adding

21   language that would say that the discovery that's generated

22   here can be used in other proceedings between these parties

23   and we think that's sensible and appropriate.

24            Finally, an issue arises about how the parties

25   should produce privilege logs and we -- actually, we don't

1  think this should be a big issue at all.  We are looking at

2  the question as to whether the EMEA Debtors will assert the

3  privilege at all because we think it could be a big waste of

4  time for the parties to do privilege reviews and spend time

5  fighting about Pre-Petition privilege issues.  You have a

6  group of companies here.  A lot of the legal advice that was

7  given about the transactions that are at issue was given to

8  people across the borders by the same Counsel.  But -- so we

9  -- you know, we're wondering whether it will be appropriate

10  for the people to -- for the Debtors to fight about

11  privilege issues at all.  But the U.S. proposal allows for

12  bulk designation of privileged categories of documents, a

13  request that deviation from the Federal Rules of Civil

14  Procedure in relation to how you prepare a privilege log,

15  and we think that, to the extent privilege is asserted, it

16  should be done in the normal manner required under the

17  Federal Rules.  So those are our points, and the last point

18  was we had asked for a clause to be put in that confirms

19  that our participation in the Discovery Plan is without

20  prejudice to the appeals issues.  We think that shouldn't be

21  controversial either.

22            THE COURT:  All right.

23            MR. ADLER:  Thank you, Your Honor.

24            THE COURT:  Thank you.  Yes, someone in Canada?

25            JUSTICE MORAWETZ:  Mr. Gottlieb?

1          MR. GOTTLIEB:  Thank you, Your Honor, Judge

2    Gross, Matthew Gottlieb, for the EMEA Debtors.  I will not

3    repeat what my friend, Mr. Adler, said.  I'm going to go

4    through some of what I call the main points, the high-level

5    points.  But before I do, I want to frame our comments, and

6    I know to both Your Honors and all the parties here, these

7    are a given.  But in the context of the process that is

8    being put forward today and our respectful submission, it's

9    important to recall what we're dealing with, and I do know

10   the Courts are familiar with it so I'll run through it

11   because it does frame our statements about the timetable.

12          We all know we're dealing with a very important

13   and large case here with billions of dollars at stake.  The

14   number of claims, and this really hasn't been discussed in

15   any great detail, is immense.  And just to give one example,

16   pursuant to the Claims Order that was put in in Ontario

17   regarding the EMEA claims, in order to comply with that

18   Claims Order, the EMEA Debtors were required to file 86

19   separate claims.  Therefore, those are the issues that are

20   before the Court with respect to the Canadian claims

21   process, 86 individual claims.  My friend, Mr. Adler, said

22   there are six proceedings before the Court.  I hate to

23   disagree with him that four -- there are actually six when

24   you tack on the U.K.P.I. claims in Canada and the U.S.  So

25   we have actually six separate proceedings that need to be

1  dealt with separately.  Each one has dozens of claims that

2  are very complex with a myriad of substantive and legal

3  issues and problems with laws of different jurisdictions.

4  And again, we have dozens of parties; that's not an

5  exaggeration, and we have billions of dollars at stake.  So

6  in our respectful submission, that has to frame the

7  procedure that's put in place.  While we understand the

8  desire and the need to move quickly, that has to be tempered

9  by what the Courts are dealing with and what the parties are

10  dealing with.  And I heard Your Honor's comment and I don't

11  challenge the comment at all.  I do make the point that, in

12  our respectfully submission, a January 6, 2014 trial start

13  date for all of these issues in the format is, respectfully,

14  too soon and it is critical that the parties' procedural and

15  substantive rights are protected as part of this and that

16  those rights are not abrogated, and we have real concerns

17  about that.  That said, we are moving in tandem with the

18  date that the Court has put forward and we are working

19  towards that date but that does not take away our submission

20  that there are issues with the dates and, therefore, the

21  timetables.  That frames our view as to how to work with

22  what is in front of us.

23          Before I go to the black line, which I will do

24  because there are substantive differences between our

25  position and the Canadian Monitor's position regarding the

1   timetable in the Plan, I've got four high-level comments

2   with respect to those documents.  First is, and Mr. Adler

3   did refer to this and other parties did refer to this, even

4   given the timeframe that we have here, the process is too

5   heavily front-end loaded.  It can be spread out in a more

6   productive way and a way that will have a better ability to

7   protect parties' rights bluntly.  We need a longer discovery

8   time.  As Your Honor knows, in our respectful submission,

9   nine months was appropriate.  The proposal is 3.5 months.

10  We've asked to spread it out longer, which is definitely

11  doable as part of this, to 4.5 months, and you know that's

12  half of what we say is appropriate.  But, in our view, one

13  more month should be given to spread out the depositions,

14  the discovery, and the Disclosures and that's where you'll

15  see a lot of the difference in the columns that deal with

16  the dates.  So when you follow our black line, which you're

17  not going to be able to do in any real way here, that's

18  where the dates come in.  It spreads things out.  That's

19  really what it does.

20          The second point is, and this is a Canadian point

21  and I believe there's a similar point with respect to the

22  U.S. Claims, the definitional changes that we put in the

23  black line, it's so as to ensure that the only parties that

24  are dealing with, and are allowed to participate in the EMEA

25  Claims in Canada, are the EMEA Debtors and the Canadian

1    Debtors.  Core parties, as they've been defined regarding

2    allocation, should not be given rights and should not take

3    part in the EMEA Claims in Canada and there might be a

4    slight difference, but I'll say it for Judge Gross, and the

5    EMEA Claims in the U.S.  It's not the same as allocation.

6    Different parties have rights to participate there and

7    you'll see that in our black line.

8          The third point is, and this was raised by Mr.

9    Adler, but it's also one that we raise globally.  It's the

10   up-front limitations.  The Court always has the ability to

11   provide limitations as a proceeding goes on.  In our

12   respectful view, an up-front limitation isn't appropriate

13   here on any of those grounds, but I won't repeat them

14   because Mr. Adler dealt with them.  They are on our black

15   line.

16         And the fourth one is a Canadian issue only and,

17   Justice Morawetz, we put this point in our written

18   submissions to Your Honor.  I know they were filed in the

19   States as well.  But it's with respect to the Canadian

20   claims, and we do detail in our submission so I won't spend

21   a lot of time on it, but we followed the Claims procedure

22   Order with respect to the EMEA Claims and that was the Order

23   granted by Your Honor.  We filed our Claims; again, 86 of

24   them.  They were detailed.  We were asked to provide

25   particulars in accordance with that Order so we did and two

1    years later, and I don't say that critically, two years

2    later, because of the intervening circumstances, the

3    disallowances are provided.  I don't say it critically, Your

4    Honor; it would have been nice to have them earlier but we

5    got them not very long ago and they were blanket denials.

6    They were a few pages.  To all of our Claims, we got a few

7    pages in return that didn't really set out any basis of

8    denial except blanket ones.  Under the Claims Process Order,

9    Procedural Order, pardon me, we were required to file

10   Dispute Notices, standard.  We did file the Dispute Notices.

11   We didn't have a lot to respond to because there wasn't a

12   lot there.  But we filed -- we followed that Order to the

13   letter as we were required to do.  Surprised, that when we

14   got this black line new version from the Monitor, it

15   suggested that the EMEA Debtors would have to file new

16   pleadings in the EMEA Claims process.  Unbelievably

17   surprised that they were asking that we do it by April 30th.

18   The bottom line is we filed in accordance with, and dealt

19   with, the EMEA Claims Procedural Order as we were required

20   to do.  So did my friends.  They provided it.  They didn't

21   provide, in our respectful view, proper detail.  It is not

22   appropriate, given our timeframe and the timelines, to add

23   on more work.  They didn't seek to amend the EMEA Claims

24   Order, and therefore, that's where we are and it should be

25   what it is.  We've got our Claims.  We've got the response.

1    We've got the Notices of Dispute which is the appropriate

2    way to do it.  And, Your Honor, given the time limitations

3    we're under, what I propose to do with your permission is

4    just to ask you to turn up in our submissions our black line

5    and I will only hit the high points.  Different people will

6    interpret whether I hit the high points or didn't hit the

7    high points, but if you have our responding submissions of

8    the Administrators, at Tab B is our black line to the

9    Monitor's Proposal.

10                   JUSTICE MORAWETZ:  Yes.

11                   MR. GOTTLIEB:  And there are many black lines.  I

12   think many of them are self-explanatory and I trust, Your

13   Honor, that you will see them but I want to point out a few

14   of them that we say are the high points if I might?  And

15   it's not page numbered, unfortunately, so we'll just have to

16   go by the left column originally for the dates.  If we flip

17   in three pages from the front, Your Honor, we get at the top

18   of the page left, April 30th.  It's the April 30th box that

19   attempts to have the EMEA Claims put in new pleadings so we

20   object to that.  I'm going to ask Your Honor to turn all the

21   way over to; it's about six pages in, top left corner.  The

22   first date you'll see is July 31st in the top left corner and

23   the step is subject to Objections deadline for substantial.

24   Do you have that, Your Honor?

25                   JUSTICE MORAWETZ:  Yes.

1          MR. GOTTLIEB:  Thank you very much.  This is an

2  important point to look at the time schedule.  Under the

3  Monitor's Proposal, documentary Disclosure has to be complete

4  by June 21st.  It starts -- in effect, starts May 17th, based on

5  my reading of the Proposal, to June 21st.  Given the number of

6  requests that the parties are going to make, given the number

7  of core parties there are that are going to make requests, et

8  cetera, that is a very tight timetable that, in my respectful

9  submission, it won't be able to be met.  It's too tight.  So we

10  are asking that that, as you can see from our black line, be

11  put out to a more reasonable July 31st deadline.  That too will

12  be tight, but with our proposal of moving out the depositions

13  and discovery dates, that is more reasonable and it will allow

14  the parties to do what they need to do.  That is the black line

15  dates there.  The next one that's important from a date point

16  of view is the next page, Your Honor.  Top left corner is

17  August 7th.  Do you see that?  And that's the deadline for each

18  core party Allocation Group.   This, again, is just I'm putting

19  the pin in here for the dates for the completion of all the

20  dates for the depositions, examinations, cross-examinations, et

21  cetera.  In the last box under the Proposal of the Monitors,

22  that's August 30th.  We're asking that be put out to September

23  27th.  So that's just another mark-up where we differ on the

24  dates that needs to be moved out.  And I won't go through the

25  rest of those dates because they move.  But if we can just flip

1  to the Discovery and Deposition Plan, a few more pages, this is

2  heavily black lined on page one of the Discovery and Deposition

3  Plan.  We are being a little precise about what Rules and laws

4  apply and what we're trying to accomplish in the wording here

5  is to ensure that each Court applies its own laws and its own

6  Rules and that there is no suggestion that a Court shouldn't be

7  doing that.

8         JUSTICE MORAWETZ:  We had already covered out in the

9  Protocol that was agreed to [indiscernible].

10        MR. GOTTLIEB:  Yes, but when you look at the

11 language that was drafted and cleared by the Monitor, the

12 concern was that if --

13        JUSTICE MORAWETZ:  I don't think there's a concern

14 in this area at all.

15        MR. GOTTLIEB:  Thank you, Your Honor.

16        JUSTICE MORAWETZ:  United States Bankruptcy Court

17 will adopt its own Rule in matters before it without

18 [indiscernible].

19        MR. GOTTLIEB:  Great.  Then we just wanted to look

20 at the language that was put in by the Monitor there, but thank

21 you for that, Your Honor.

22        JUSTICE MORAWETZ:  That is consistent with my

23 reading of the Protocol.

24        MR. GOTTLIEB:  Thank you, Your Honor.  Your Honor,

25 you'll see, and I'm not going to turn you to anyone in

1  particular, but -- and Judge Gross, you will see when you go

2  through some of the black lining in the Discovery Plan, we are

3  recommending more meet and confers once there are various

4  stages that have happened.  For example, once deposition

5  requests are sent around, the suggestion is that the parties

6  all get together to figure out how to best do those depositions

7  so that there will not be multiplicity of those that -- where

8  they are necessary and they can be coordinated much better.

9  That's not currently in the Discovery Plan.  We think that

10  should be in the Discovery Plan.  And, Your Honor, you will see

11  the definitions in here that have been changed by us with

12  respect to what I said about only the EMEA Debtors and the

13  Canadian Debtors participating in the EMEA Claims process in

14  Canada.  So if you wonder when you look through this why

15  there's so many definitional changes, that is at the root of

16  it.  We've had to define those and that's why those are

17  breaking out -- broken out, pardon me, in various spots.  If I

18  can just have an indulgence for one moment?  Thank you.  Thank

19  you, Justice Morawetz.  Thank you, Judge Gross.  We will not go

20  through any more of our black line but we've added in some that

21  we would ask that be read and consideration be taken, and we

22  did add the 'without prejudice' language as well in the back of

23  the Discovery Plan.

24          JUSTICE MORAWETZ:  Okay.

25          MR. GOTTLIEB:  Subject to any questions --

1          JUSTICE MORAWETZ:  Certainly, we will be reviewing

2    the black line in its entirety.  I just, I think, repeat the

3    same sort of message I was trying to get across earlier.

4    January 6, 2014, it's required from all parties, part of their

5    cooperation and we have seen today and we're arguing about a

6    day here, a day here, or a week here.  You may find that there

7    are some compromises that may be coming down.  But all of you

8    have got an awful lot of work.  Time is better spent good

9    networking as opposed to taking time to argue about time.

10          MR. GOTTLIEB:  Thank you, Your Honor.  You will note

11   that, in the black lines, and I really think this goes for all

12   parties, there are very little, if any, bickering over a day or

13   two.  It's really the broader scope of weeks and I think the

14   parties have put that in the black lines.  Thank you for the

15   comments.

16          JUSTICE MORAWETZ:  Comments related to the

17   [indiscernible].

18          MR. GOTTLIEB:  Thank you, Your Honor.

19          JUSTICE MORAWETZ:  You're welcome.  Any comments?

20          MR. STEATH:  Yes.

21          JUSTICE MORAWETZ:  How are you?

22          MR. STEALTH:  I'm very well.  Thank you, Your Honor.

23          JUSTICE MORAWETZ:  Good.

24          MR. STEATH:  Paul Steath for the Canadian Creditors'

25   Committee, and I want to address you primarily on the scope of

1  discovery which in the black line we put before you was

2  paragraph 4(b).  The points are very straightforward.  I'm

3  addressing the issue of a limitation on the scope of discovery

4  which is a particular concern to the CCC because, unlike some

5  of the other parties here, we've had very limited access to any

6  documents and in broad principle, I would say these limitations

7  run counter to the ordinary principles that apply for

8  production and discovery in a Canadian proceeding.  So to

9  address just a few specifics as quickly as I can, first, the

10  Merrill data base.  This is essentially an ad hoc electronic

11  database that was not organized along any discovery principles.

12  It was not practically put together so that it was easily

13  searchable and accessible for discovery.  To date, we have only

14  had limited access to small portions of that database.  Like

15  some other parties, we have no knowledge of the remainder of

16  the database and, so far, access has been denied to us and

17  that's by way of saying you should not reverse the ordinary

18  onus that would exist in a discovery and production procedure

19  to have parties identify in a practical way what they know to

20  be relevant and producible.  I want to say a little bit about

21  the use of the word limited.  This applies in paragraph 4(f).

22  It's fair enough to say that discovery requests and production

23  requests should be reasonable.  Discovery requests that are

24  reasonable, and as you pointed out, otherwise comply with our

25  ordinary Rules for production in discovery are not limited in

1  this way.  And if you read the black line -- in fact, it should

2  be for anybody's black line, and look at the concepts

3  underlying this, then we would all acknowledge the need for

4  expediency and to work cooperatively to achieve that.  By using

5  words like limited or proportionality is being given an undue

6  precedence here and I can give you a couple of examples as to

7  how this is working to the detriment of parties where these

8  procedures to be adopted as they're presently adopted.  So if

9  we look at electronic databases and giving to parties the

10 ability to say you don't have to search electronic databases

11 because, in our subject assessment on vague and general

12 principles which are not defined, there's not going to be

13 useful production.  Parties are going to shelter under that in

14 an expedited procedure and there should remain a positive onus

15 on a party to identify where they can relevant documents.

16 There's going to be limited time to challenge any assessments

17 and to start with the proposition that searches are not

18 necessary or that efforts don't have to be made or that

19 document requests can be made with the response that we have a

20 reasonable understanding that you already have these documents

21 is not an appropriate starting point for something like this

22 which is going to be expedited.  So I'll stop there just to say

23 that those principles that are embodied in old paragraph 4(b)

24 and the use of this limited language should be unacceptable for

25 the type of discovery that certainly the CCC requires.  There

1  should be, I would have thought, some importance attached to

2  making sure that the former employees' pensioners feel that

3  they have had adequate access to documents to advance their

4  allocation position and we should not adopt procedures at the

5  outset that will make them feel that their access to documents

6  has been limited unfairly.  Unless you have any questions,

7  those are my submissions.

8            JUSTICE MORAWETZ:  Thank you.  Mr. Barrack?

9            THE COURT:  Mr. --

10            MR. BARRACK:  Michael Barrack, for the U.K. Pension

11  Claimants.

12            THE COURT:  Mr. O'Connor, you'll be next.

13            MR. BARRACK:  Sorry.

14            THE COURT:  I'm sorry, yes.

15            MR. BARRACK:  Okay.  I get the sense that today's

16  the day for bullet points, not oratory.

17            JUSTICE MORAWETZ:  You got that right.

18            MR. BARRACK:  Okay.  So some bullet points.  Let's

19  talk about the Canadian process only.  Two streams;

20  Allocations process; Claims process.  Claims process is

21  uniquely Canadian.  It is defined by the Court of Appeals

22  Order.  For pension contribution shortfalls, including the

23  relief they assert would have been able to establish in the

24  U.K. Financial Support Direction and Process so that FSD and

25  any other relief on pension shortfalls.  What we're doing now

1  is addressing timetable and procedure to give effect to that

2  Order in the allocations process.  What are the principles?

3  This is no longer real time litigation.  This is autopsy

4  litigation.  I'm sorry; I'm looking at the [indiscernible].

5  Okay.  There is a need for proportionality, but proportionality

6  is defined in the Rules and as Orders then give directions that

7  are proportionate to the importance and complexity of the

8  issues and to the amount involved in the proceeding.  These are

9  important proceedings.  Someone earlier today said they're

10 complex in the extreme.  We agree.  And there are significant

11 amounts involved.  Proportionality doesn't mean quick, fast,

12 and dirty.  The Supreme Court of Canada has provided guidance

13 to the principles to be applied in these proceedings in *Indalex*

14 and you are well aware

15 -- the Court is well aware of that proceeding; that the conduct

16 of proceeding as under this statute is not solely an

17 administrative process.  It is a judicial process conducted

18 according to the tenants of the adversarial system.  The

19 fundamentals of such a system must not be ignored.  All

20 interested parties are entitled to a fair procedure that allows

21 their voices to be raised and heard.  It is not an answer to

22 these concerns to say that nothing else could be done; that no

23 other solution would have been better, but in substance,

24 hearing the members would have been a waste of time.  In all

25 branches of procedure, whether in administrative law, criminal

1   law, or a civil action, the right to be informed and to be

2   heard in some way remains fundamentals to the principle of

3   justice.  It may be, it just may be, we're not taking it on

4   today, but it may be that a fixed trial date that does not

5   allow for a proper procedure will be inimical to the principles

6   that govern this proceeding.  It's not enough to say we're just

7   going to have a trial date.  But that is not for today.  We

8   will work within the procedure today working toward that trial

9   date.  Given the fact to proportionality, we have to look at

10  the importance and complexity of the issues and you can go back

11  to the filings of the Monitor and Nortel.  The Monitor's

12  documents in support of the Sixty-Fifth Report of the Court

13  dated April 28 at paragraph 74, where they were trying to stop

14  the U.K. Regulator from proceeding.  And what they set out

15  about the very dispute that will be before the Court in the

16  Claims process now is that there are extensive issues of fact

17  and not for resolution.  There are substantial issues upon

18  which a determination may or may not be required, depending

19  upon the outcome of the Allocation Protocol negotiations and we

20  accept that principle; that claims and allocations are

21  inextricably practically interwoven.  And the Monitor and

22  Nortel went on to say it is not efficient, reasonable, or

23  appropriate for the Applicants to proceed with massive

24  litigation now in a severely compressed timeframe but for a

25  forum tribunal with an expressed interest in benefitting one

1  group of Creditors.  It doesn't change.  We have massive

2  litigation and it would be equally unfair to compress the

3  timeframe in this proceeding as the Monitor urged upon you

4  earlier in this Court.  The task at hand for the core parties

5  is monumental.  The parties' rights will only be legally

6  respected if they're given an opportunity to fairly make their

7  case with the fundamental principles of due process firmly in

8  place.  So where does that bring us specifically in these

9  proceedings?  They're the bullet points.  To have the issues

10  properly defined in the pleadings; proportional discovery

11  documentary and oral discovery; an ability to call sufficient

12  witnesses to discharge the onus placed upon parties; to answer

13  only to the relevant party in the claims process; and to ensure

14  that the Court remains flexible in its supervisory function to

15  ensure that all aspects of the procedure reflect the importance

16  and complexity of the issues in the amount involved.  And

17  specifically, how does that play out in terms of the black

18  lines that you have in front of you on behalf of our clients?

19  Let's deal with documents and depositions.  On the pleadings

20  point, we're not asking to overturn the pleadings process as it

21  exists.  What the black line asks for is a fully responsive

22  pleading.  You're aware that these Notices and Claims were

23  filed years ago and then in less than 30 days, there was a

24  varied summary dismissal of the claim and what is called for is

25  a very substantial dispute of that dismissal and what we're

1   asking for is that the pleading that comes back be equally

2   precise so that we can define the issues before the Court.

3   Only then will we be able to know what constitutes

4   proportionate documentary and oral discovery.  So with the

5   documents, you've heard that the process frontloads the most

6   laborious intensive phase of litigation.  Document discovery

7   and depositions are shoehorned into a 16-week period ending by

8   August 30, 2012.  We've made some modest proposals with respect

9   to that.  There should be recognition, as Mr. Steath said,

10  that, in addition to his client, the Trustee and the PPF, have

11  not had any access to the Merrill database.  And the principle

12  should be to not place onus on parties such as the Trustee and

13  the Pension Plan to search through unorganized documents in a

14  16-week period and this is likely an insufficient process to

15  make for meaningful document requests.  The onus to produce

16  documents in a meaningful fashion should fundamentally fall on

17  the party in possession of those documents and there should be

18  a testing of the discovery process against the pleadings.  We,

19  again, I believe support the idea of a discovery mediator

20  because that will assist the process.  With respect to

21  witnesses, there should be no arbitrary limitations, implicitly

22  or directly, placed on the number of fact witnesses at this

23  stage.  As you're aware, most of the witnesses are no longer

24  under control of the parties.  They reside in multiple

25  jurisdictions.  They will be likely compelled to attend and we

1  support, as Mr. Zarnett does, that there not be arbitrary

2  groupings or limitations, especially when we come to working

3  back from witnesses at trial.  And if the only way to get

4  witnesses at trial is practically and effectively through the

5  discovery process, then that would be a fundamental limitation

6  given the realities of this.  The proper parties to the Claims

7  procedure, we are firmly of the view that there are separate

8  proceedings here; whether there are four or whether there's

9  six.  There are three principle proceedings that the U.K.

10  Pension Claimants are involved in; maybe four, allocations on

11  both sides of the Border and Claims on both sides of the

12  Border.  This is not the Claims process

13  -- or the allocations process should be a multi-party

14  proceeding.  The Claims process should not.  If either a valid

15  Claim exists or it does not, in law, unlike the allocations

16  process, this is not a balancing of interests amongst various

17  parties.  It will not be proportional to involve all of the

18  other parties.  We have embodied those principles in the black

19  line that I have given you, and in the interest of time, I

20  won't take you through it as I can see them and you have them

21  there.  Thank you.

22           JUSTICE MORAWETZ:  Thank you.

23           THE COURT:  Mr. O'Connor, good afternoon, sir.

24           MR. O'CONNOR:  Good afternoon, Judge Gross.  Good

25  afternoon, Justice Morawetz, and I will try to be brief and not

1    duplicate anything that my colleague, Mr. Barrack, just said in

2    Canada or some of the points that Mr. Adler made as well.  But

3    I would start out, Your Honor, in just noting that what we're

4    here for is -- this is not an estimation proceeding.  We're not

5    estimating our claims for purposes of voting.  We're not

6    estimating them for purpose of reserves.  This is the whole

7    ball of wax.  You're adjudicating these Claims once and for

8    all.  And while we certainly understand the need for expedition

9    and efficiency, due process cannot be compromised for that

10   alone.  And while we do have doubts about the ability to get

11   this done in time for a January 6 trial date, we accept that

12   the Courts have set that date and, therefore, our comments are

13   based upon that as the existing date.  The first major point;

14   all I want to do, Your Honor, is basically emphasize the basic

15   difference that we have with the U.S. Debtors so that when you

16   do look at the black line of

17   the --

18            THE COURT:  Yes.

19            MR. O'CONNOR:  -- Discovery Plan and the timetable

20   that we've provided to the Court, you'll understand where we

21   are coming from.  The first point is the schedule.  Much like

22   the EMEA Debtors, we also think that it is very heavily

23   frontloaded.  It essentially requires all of the fact discovery

24   to be completed during the month of July, months of July and

25   August.  Obviously, those are, not for the lawyers in this

1  case, holiday months, but for the witnesses, holiday months.

2  These are all former employees for the most part spread across

3  the world.  As someone said, we are going to have to locate

4  those witnesses.  We're going to have to compel them to appear

5  for depositions, no doubt, and to get all that done in the

6  schedule the Debtors propose, we just think is very, very

7  unlikely to be able to be accomplished.  So what we did is,

8  keeping the final date of January 6th in place, we moved out

9  some of the interim dates, primarily moving out the fact

10 discovery by about a month and the expert discovery by about a

11 month so that we can still satisfy the trial date of January

12 6th but we give ourselves more flexibility to be able to

13 accomplish all the fact discovery and the expert discovery

14 within those timeframes.

15          Secondly, Your Honor, the other big point that we

16 had is on the limitations on depositions.  Two issues with

17 that.  One is the issue that we have been put in a group

18 together with EMEA for all purposes and we are to share ten

19 depositions for the EMEA Claims, the U.K. Pension Claims, and

20 the allocation dispute.  And while we do have obviously some

21 alignment with EMEA on certain issues like on allocation, to

22 some extent, we are not identical with EMEA.  We're not fully

23 aligned with EMEA and we have substantially different claims on

24 an entirely different bases against the U.S. and the Canadian

25 Debtors.

1           So the first point is we do not think that we should

2   be put with EMEA so that we have to share depositions together.

3   The second point on depositions is the limit, and I'm going to

4   echo what several people have said previously today.  We don't

5   think there should be a pre-ordained limited on the number of

6   depositions, and for us, we think this is extremely important

7   for the following reason.  If you accept the fact, which I

8   think we all do, that most of these witnesses are former Nortel

9   employees likely, they're in the U.K.; they're in Canada;

10  they're in the United States, but they're likely not within the

11  subpoena power; certainly of your Court, Judge Gross.  And,

12  therefore, if we are to have them as trial witnesses, unless we

13  are able to convince them to attend the trial voluntarily, the

14  only way that we will be able to introduce testimony at the

15  trial will be if we're able to take their deposition.  So

16  effectively, if you limit us to ten fact depositions, you are

17  also limiting us, drastically, to the amount of trial witnesses

18  that we can present as well.  Again, because if we can't take

19  their deposition and then use them as an unavailable witness

20  and designate testimony, that's a witness that we will not have

21  available to us at trial.  And given the fact that, at the

22  moment, we have yet to receive a responsive pleading from the

23  U.S. Debtors to our Amended Complaint, which was filed last

24  September, we have, unlike most parties, have not had any

25  access to the Merrill database or any of the other databases.

1  We don't know who the U.S. Debtors' witnesses are going to be

2  at trial; how many they're going to propose.  It just seems to

3  us it's unworkable to suggest that we should agree at this

4  point to a limit of ten depositions when that may well be the

5  only way that we'll be able to get trial evidence; not

6  depositions, but trial evidence for trial.  So we submit, Your

7  Honor, that we have to work together.  I do think a discovery

8  mediator would be a wonderful idea; that we think that we

9  should be able to sit down; once we see documents; once we see

10 who the U.S. Debtors are proposing as their fact witnesses at

11 trial; we ought to be able to figure out how many depositions

12 we really do think we need, if we do.  If we can't agree and

13 the U.S. Debtors really believe that it's unreasonable given

14 our need, perhaps, to have depositions because of the

15 unavailability of those witnesses at trial, we'll take that

16 before the mediator and -- but to pre-ordain a limit of ten,

17 particularly ten, to be shared among EMEA for their Claims, our

18 Claims, and the allocation dispute seems to me to be

19 inconsistent with any notion of due process.  The third major

20 issue we had is the limitations, again, pre-ordained

21 limitations on document production.  Now, the U.S. Debtors

22 propose, of course, that they'll basically be limited to having

23 to search electronic databases for documents and that they

24 won't look at decommissioned applications and they're not going

25 to look at hardcopy documents at all.  They propose simply to

1  turn over some indices.  We don't know how complete those

2  indices are; do they cover all of the 250,000 boxes the Debtors

3  say they have in storage; how detailed are the indices; and it

4  seems to us that, again, in the first instance, as one of my

5  colleagues had said, the Debtors shouldn't be relieved of the

6  basic obligation that they have to review a document request to

7  determine whether they have responsive documents or not.  They

8  should not have cart blanched to turn over an indices to us and

9  tell us to find it to ourselves and I'll give you an example.

10  If we were to make a request, a very targeted request, and we

11  said we'd like the Minutes of the X Committee of the Y Company

12  and, again, they may not be in electronic form because they may

13  go back to the early '90s when they were not electronic

14  documents typically, and so we made a targeted request.  I

15  don't think it's appropriate for the Debtors to say we don't

16  have to even consider -- we don't even have to look at our

17  index to decide whether we think we have those documents.  We

18  don't have to go and get the box of the documents if, in fact,

19  there's a box listed on the index that says it's the Minutes of

20  the Y Committee from the X Company.  We think that they have an

21  obligation to do that.  Now again, you know, it would be much

22  easier to decide in some context, not in a vacuum, whether the

23  request we were making is unreasonable and we think that ought

24  to be done at the time.  We'll make a request.  We'll try to

25  work with the Debtors.  Maybe, under the circumstances, if they

1  can show us the index and its clear where the box is, maybe it

2  would be satisfactory for us to go and get it in the warehouse

3  but maybe it wouldn't be.  We just don't think those kinds of

4  decisions can be decided today.  They should be left for the

5  future and, particularly if you have a discovery mediator

6  appointed, the mediator could deal with these issues and free

7  up the Courts for other things.  And, Your Honor, those are the

8  principle differences that we had.  Again, schedule,

9  lengthening the schedule out, but not changing the trial date.

10          THE COURT:  Right.

11          MR. O'CONNOR:  Eliminating this arbitrary limitation

12  on the number of deposition witnesses, particularly since we

13  need those as our trial witnesses probably, and eliminating the

14  blanket exemption the Debtors have given themselves to make any

15  effort to look at their own indices or documents to see if they

16  have documents responsive to us.  Thank you, Your Honor.

17          THE COURT:  Thank you, Mr. O'Connor.  Yes, sir.

18  Good afternoon.

19          MR. CRICHLOW:  Good afternoon, Your Honor, and good

20  afternoon, Justice Morawetz.  It's David Crichlow, Katten

21  Muchin & Rosenman and --

22          THE COURT:  It's good to have you back, Mr.

23  Crichlow.

24          MR. CRICHLOW:  Good to be here, Your Honor.  On

25  behalf of the Indenture Trustee for the Canada-Only Bonds

1    Wilmington Trust, Your Honors, I'm very mindful of the time and

2    I think I'm going to be quite brief.  We have one issue with

3    the request proposal that I'd like to address and I think that

4    the Debtors' Counsel was correct and they should be applauded

5    for taking the opportunity to try to be as inclusive as

6    possible of all parties and core parties being involved in the

7    discovery but we have one important issues that differs from

8    the Canadian proposal that's very important to my client and

9    that is that the core parties, while they are allowed to

10   participate, it's not without restriction.  And, in fact, there

11   are some entries here in the timeline that provide that if you

12   are not defined as a Canadian allocated party, which we are not

13   under the U.S. Proposal, that we would have to move for leave

14   of Court to do things like filing Interrogatories or document

15   requests.  Your Honor, I actually think that the Canadian

16   proposal is better in the sense that it provides for all

17   participation without restriction of core parties and if we are

18   not going to be defined as one of the Canadian allocated

19   parties, you know, since my Indenture, while it's Canadian-only

20   Bonds, but the Indenture itself is governed by U.S. law, I may

21   be able to piggyback off of the Creditors' Committee, the

22   Canadian Creditors' Committee.  We may have an alignment of

23   interest throughout and I will use my discretion and do so with

24   respect to joinders and not unduly burdening the Debtors.  But

25   I have affirmative independent obligations as well and I don't

1  think there should be restrictions.  So we would encourage that

2  any Protocol and any timeline remove any restrictions that

3  allow the core parties to participate fully, use their

4  discretion, and I think the Federal Rules of Civil Procedure

5  and this Court, and what I understand about the process in the

6  Canadian Court, will protect the Debtors from undue burden and

7  the unnecessary need to respond to anything duplicative without

8  us having to move for leave of Court or having any restrictions

9  on discovery.

10            THE COURT:  All right.

11            MR. CRICHLOW:  Thank you, Your Honor.

12            THE COURT:  Thank you, Mr. Crichlow.  Anyone else?

13  Ms. Schweitzer, yes.

14            MS. SCHWEITZER:  Your Honor --

15            THE COURT:  Justice Morawetz, are you out of time?

16            JUSTICE MORAWETZ:  Apparently, there is a grace

17  period.

18                      (Laughter)

19            THE COURT:  All right.

20            JUSTICE MORAWETZ:  We did not know that in the

21  beginning but my understanding is that we'll lose the link in

22  15 minutes at 1:15.

23            THE COURT:  Okay.  Good.

24            MS. SCHWEITZER:  And I'll talk super quickly.  In

25  furtherance of that, the one thing I wanted to say, which I

1   think is implicit but just on the record, is that the U.S.

2   Debtors didn't have our Canadian counterparts present a

3   separate argument to the Canadian Court, Justice Morawetz, and

4   the same with the Canadian Debtors haven't had anyone stand up

5   here but -- and without prejudicing the right to do so, I would

6   just ask that, to the extent at least on behalf of the Debtors

7   but on behalf of everyone, that it's agreed by the Courts for

8   the submission for these purposes are in written submissions

9   and oral submissions have been made to both

10  Courts --

11          THE COURT:  Oh, yes.

12          MS. SCHWEITZER:  -- for Counsel so there's -- we

13  have that on the record now given all the different proceedings

14  and issues flying around here.

15          THE COURT:  And except for the two -- I think it's

16  two differences; the Canadian Debtors and the U.S. Debtors are

17  aligned.

18          MS. SCHWEITZER:  Correct.

19          THE COURT:  Yes.

20          MS. SCHWEITZER:  That's the thing, and I'm just

21  saying also that I don't have to have Mr. Baumhoff stand up and

22  make oral arguments again --

23          THE COURT:  Oh.

24          MS. SCHWEITZER:  -- to Mr. Justice Morawetz --

25          THE COURT:  No.

1          MS. SCHWEITZER:  -- for the purpose of the Canadian

2  Debtor Claims or anything of that sort.

3          THE COURT:  That's right.

4          MS. SCHWEITZER:  So everyone's heard everything for

5  all purposes.  For today, we're all internationalists.  So I

6  think that -- I really wanted to stand because I think that

7  there were certain statements that were made that were just

8  untrue and just certain weeds in the short grass I believe was

9  a phrase that I think need to be addressed, particularly by the

10  EMEA Debtors.  First, there was a suggestion we rejected all of

11  their comments and anything that they have ever offered us.  In

12  fact, the U.S. Debtors sent a draft Proposal out on April 8th

13  and the Canadian Debtors and the Monitor graciously set up meet

14  and confers and we asked everyone whether they had comments and

15  the comments we got were we don't like it; we don't like it; we

16  don't have written comments; we don't like it; we'll send you

17  something.  We then, knowing that we had our files in here with

18  the Court on April 19th, asked for any comments before that by

19  April 18th at 5 p.m.  On Thursday --

20          THE COURT:  Okay.

21          MS. SCHWEITZER:  -- we got it at midnight, comments

22  from them.  So there's a reason that there were not

23  -- typographical errors weren't picked up because those -- we

24  got them simply late.  But there are substantive differences

25  and I think that the other thing is that, in fact, the

1   wholesale rejection has come from the EMEA Debtors towards us

2   in that -- discovery groups might not be the answer Your Honor

3   has come up with.  But there has to be some limit and we

4   started with the most basic principles.  It's like I ask my

5   children; if you have to bring your stuffed animals, you can't

6   bring them all; how many are you going to bring?  Three?  Five?

7   Give me a number.  And so we asked the EMEA Debtor Counsel well

8   gee, there's -- this isn't just four or six litigations.  In

9   fact, there's -- I don't have the exact count in front of me

10  but there's 18'ish Debtors who have filed under EMEA Debtors

11  who have filed claims against U.S. Debtors of whom there are

12  15.  So when you talk about ten depositions for the EMEA Groups

13  to say I don't like groups, are they talking -- I said can you

14  just confirm for me the most basic principle; that you're not

15  talking that each of 18 or whichever; 18, 15, 20, EMEA

16  Claimants gets ten -- gets unlimited or under the Federal Rules

17  of Civil Procedure, ten depositions against each of the 15

18  Debtors.  Are we not talking about 27,000 -- 2,700 depositions?

19  And they said it's premature.  Exactly what you've heard today;

20  it's premature.  We can't put on any limits.  There has to be

21  some limits.  We're flexible.  We're amenable but there have to

22  be some limits.  And I think that, in the U.K. Pension, the

23  same way.  We have offered other compromises to them.  You'll

24  see them in different footnotes.  There just has to be some

25  limits.  We'd note that in this idea that goes to

1  determination, compared to the U.K. process, before the

2  Determinations Panel, the evidence comes in first and there's

3  no opportunity for depositions.  They don't have that concept

4  in the U.K. and the Determinations Panel doesn't even have the

5  right to subpoena people into the hearing.  It's done outside

6  of Court and then the evidences come forward.  So this idea

7  that it's so much worse here, it's not so much worse.  We

8  proposed an up-front limit with a right to seek more.  There

9  has to be something.  On imbalance of information, another

10  theme that's going on here --

11           THE COURT:  Yes.

12           MS. SCHWEITZER:  -- there are assumed just factual

13  misstatements that we have never given access to EMEA for

14  applications we were decommissioning.  Before the U.S.

15  Decommissioned Applications that had EMEA data; that had access

16  to EMEA data that they historically got, we gave them a copy.

17  We didn't give them -- what they said is I want a copy of

18  everything, the stuff I didn't have access to.  We said no; if

19  you had access, we'll give you a copy.  So that's just this

20  idea that the U.S., at least, has held back anything.  Not

21  true.  Another theme is this Merrill database.  What happened

22  was I think in 2010, before the original mediations, we went

23  through -- I've lost track of which year, 2010, 2011, but we

24  went through the Estates, got together, and the three Estates,

25  back -- as contemplated by the IFSA, three Estates are

1  litigating this dispute put voluntarily documents into a

2  Merrill database.  I think one of the Briefs says it's 44,000

3  documents or something in there and it's been in there and the

4  EMEA Debtors, who are asking for metadata have had access to

5  that database for now two to three years.  So yes, it could be

6  -- you know, you can add a number of requirements on but the

7  core parties, in terms of the Estates have had access to that

8  database since 2010 or 2011 when it was formed.  And again, as

9  Your Honors have repeatedly pointed out, we can keep putting on

10  more burdens but we do need to get to the point of just moving

11  to the substance and getting through and recognizing the

12  timelines we're working under.  I think on the Canadian

13  Debtors, you'll hear our arguments are much closer I think.

14  The one versus three documents, you'll understand the issue.

15  It's not about the documents.  It's about the substantive

16  parties who have participation rights.  Another theme you've

17  heard from the triple CCC's and from the gentleman from

18  Wilmington Trust is we're -- the U.K. Pension folks, we're

19  behind the eight-ball on allocation and we need time to catch

20  up.  By expanding the groups of core parties and letting people

21  be on the original of sub-parties in, we wanted to give people

22  inclusiveness rights but it can't be that that becomes the dead

23  weight.  The opportunity to allow Estates to have their

24  Creditors participate drags the process back.  So I think Your

25  Honors, in making cutoffs should go back to the IFSA, look who

1  had rights under the IFSA, which was the three Estates, the

2  UCC, and the Monitor and the Joint Administrator.  Those were

3  the original as the parties.  We're happy to have other people

4  in but it can't be a dead weight drag-back to make this process

5  harder.  So with that, I will turn it to Your Honors.  I just

6  wanted to address a couple points like that that had come out

7  that I think were inaccurate on the record.

8           THE COURT:  Thank you, Ms. Schweitzer.

9           UNKNOWN:  Okay.  Just a brief reply on my part and

10  then Mr. Zarnett will have some reply.  I think you will see

11  from the U.K. related interests, there's a common theme going

12  on here which is we need more time; we need more discovery and,

13  you know, we haven't had access to this and we haven't had

14  access to that.  I would suggest that Your Honor take into

15  account that these are the same people who have already gone

16  through an FSD process with 18 volumes of representations.

17  They somehow were able to get a decision and filed thousands of

18  pages in terms of Claims.  Now, on that point, let me address

19  from the Canadian side, what Mr. Gottlieb has said about

20  blanket disallowances.  The problem, and this problem will come

21  up again and again in this process, is that the disallowance is

22  very simple.  It says you haven't given me any documentary

23  basis for your Claims.  It's not good enough in the bankruptcy

24  process to simply put a litany of Claims.  We need to see

25  evidence and it cannot be that simply by alleging something you

1   then have access to, you know, to go to town to hopefully find

2   that evidence.  So I hope that Your Honors will take that into

3   judicial consideration as you look at the representations.

4            JUSTICE MORAWETZ:  Yes.  Before we break, I will

5   read for the record the language relating to the threshold

6   points [indiscernible] stated that the parties have agreed to

7   and will qualify as an endorsement reads as follows:  Nothing

8   in the participation and the EMEA Debtors in this hearing are

9   [indiscernible] to the allocation protocol.  The timetable

10  directed by this Court shall prejudice their request for leave

11  to appeal or any appeal that leave is granted and the Order of

12  this Court to at least March 8, 2013 with [indiscernible]

13  delivered on April 3, 2013.  Any party may, however, go on in

14  the leave to appeal or any appeal on any failure of the EMEA

15  Debtors to expedite the leave to appeal or appeal or on the

16  stay of proceedings under the Allocation Protocol at the time

17  of the [indiscernible] of the leave to appeal or appeal.

18            Now, Judge Gross, just before we do break, I'll just

19  offer this observation to the parties here.  Certainly, time is

20  of the essence so I think we can anticipate a relatively prompt

21  disposition from both Courts.  It may not be the most eloquent

22  Opinion ever written, but in keeping with the January 6, 2014

23  deadline, it would appear at first glance that there are some

24  differences in opinion regarding the timing.  To the extent

25  that the parties, after hearing the various arguments and

1  comments [indiscernible], the next 24 hours narrow the

2  difference, please don't hesitate to do so [indiscernible].

3  And I'll turn it over to you, Judge Gross, to close the

4  proceeding.

5           THE COURT:  All right.  Thank you.  Thank you,

6  Justice Morawetz.  Yes.  Once again, I guess the determination

7  of my jurisdiction will turn on Wednesday's hearing and the

8  parties -- Mr. Adler?

9           MR. ADLER:  You know, I think we've left hanging the

10 other Application which had to do with the certification to the

11 Eighth Circuit and if I may --

12          THE COURT:  Third Circuit but that's okay.

13          MR. ADLER:  Third Circuit.  I'm sorry.

14          THE COURT:  Third Circuit, yes.

15          MR. ADLER:  The -- if I may, we may not have any

16 issue with that.  We need to look at it a little more carefully

17 and perhaps speak with the U.S. Debtor about that.  Why don't

18 we put that on the same schedule with the other application and

19 if there's any response, or perhaps if we can agree by Monday,

20 we'll let you know that.  Otherwise, address it next Wednesday.

21          THE COURT:  Yes.  Mr. Bromley?

22          MR. BROMLEY:  Your Honor, I think that, from a

23 procedural perspective, that's fine and we're more than happy

24 to speak with Mr. Adler.  I think the only thing we would need

25 today is an actual Order setting the hearing for the 1st on the

1  Motion to Retain Jurisdiction.

2         THE COURT:  Okay.

3         MR. BROMLEY:  So we're happy to talk to Mr. Adler

4  about the Certification Motion that we've made and if we can

5  find a way clear to sign on to that and let us know in his

6  pleadings on Monday that might inform the Court.  And I have

7  -- in terms of the U.S. Court, we have an Order that I'll share

8  with Mr. Adler and I think it's non-contributional.  Just fill

9  in two dates.

10        THE COURT:  Oh, you did that for me?  Thank you.

11  Mr. Bromley -- oh.

12        MR. BROMLEY:  I'm sorry, Your Honor?

13        THE COURT:  I'm assuming that this would be purely

14  argument on Wednesday, is that right?

15        MR. BROMLEY:  Yes, I'm planning on argument.

16        THE COURT:  Okay.  I mean --

17                  (Laughter)

18        MR. ADLER:  There might be agreement.

19                  (Laughter)

20        THE COURT:  There won't be -- in other words, I

21  won't be hearing any witnesses?

22        MS. SCHWEITZER:  Right.

23        MR. ADLER:  That's correct, Your Honor.

24        THE COURT:  Good.  All right.

25        MR. BROMLEY:  Your Honor, this -- the Order which

1   I'll hand up in a second as well looks fine to us.  It says our

2   papers are due on April 29th.

3                   THE COURT:  Yes.

4                   MR. BROMLEY:  And I believe the policy is close of

5   business on that day and that's just to confirm that aspect on

6   that.

7                   THE COURT:  Is that acceptable?

8                   MR. ADLER:  4 p.m.

9                   THE COURT:  4 p.m.?  Yes.

10                  MR. BROMLEY:  My business doesn't close; I'm sorry.

11                          (Laughter)

12                  THE COURT:  All right.  Thank you.  Thank you, Mr.

13  Adler.

14                  UNKNOWN:  I apologize.  Just to reiterate one item

15  with this Court after we're done.

16                  JUSTICE MORAWETZ:  All right.

17                  UNKNOWN:  Thank you.

18                  JUSTICE MORAWETZ:  With that, Judge Gross, it looks

19  like you have the one positive [indiscernible] you'll be

20  looking at stuffed animals as opposed to live ones next week.

21                          (Laughter)

22                  JUSTICE MORAWETZ:  All right.  Thank you very much,

23  Counsel.

24                  THE COURT:  Thank you all and I will see you back

25  here on Wednesday and a good day to all and we'll stand in

1    recess.  Thank you.

2              MR. BROMLEY:  Thank you, Your Honor.

3              MR. ADLER:  Thank you, Your Honor.

4         (Whereupon, at 1:10 p.m., the hearing was adjourned

5

6                        CERTIFICATION

7         I  certify  that  the  foregoing  is  a  correct

8    transcript  from  the  electronic  sound  recording  of  the

9    proceedings in the above-entitled matter.

10
11    _____        25 April 2013
12    Tammy Kelly, Transcriber                        Date
13    Diaz Data Services, LLC
14

15

16

17

18

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**16-week**(2) 108:7  108:14

**18'ish**(1) 120:10

**a.m**(6) 1:15  7:1  27:19  27:19  38:13  38:13
**abbott**(11) 1:26  7:5  7:6  7:15  7:22  7:25
8:1  8:2  8:18  8:20  8:23

**abetting**(1) 86:6
**abid**(1) 3:25
**ability**(12) 13:4  18:15  20:20  21:6  29:11
36:10  52:25  94:6  95:10  103:10  107:11
110:10
**able**(30) 11:12  14:21  20:1  20:25  30:15
31:2  34:6  34:12  52:19  54:23  55:1  55:4
63:3  66:7  67:24  84:20  94:17  98:9  104:23
108:3  111:7  111:12  112:13  112:14  112:15
113:5  113:9  113:11  116:21  123:17

**about**(61) 7:23  9:3  9:8  12:13  14:18
19:13  21:11  25:17  28:20  32:23  41:23
45:25  60:24  69:2  73:23  74:1  75:19  76:10
76:19  76:23  81:10  81:25  83:3  84:4  84:13
84:25  85:15  85:25  87:19  89:3  89:6  89:18
90:5  90:9  90:20  90:24  91:5  91:7  91:10
92:11  93:17  97:21  99:3  100:12  101:5
101:9  102:20  104:19  106:15  110:10  111:10
111:10  117:5  120:12  120:18  122:15
122:15  123:19  125:17  126:4

**above-entitled**(1) 128:9
**abrogated**(1) 93:16
**absolute**(2) 19:20  20:8
**absolutely**(3) 19:19  28:1  65:18
**accept**(8) 16:17  16:25  17:14  17:15  83:7
106:20  110:11  112:7

**acceptable**(2) 31:16  127:7
**accepted**(1) 116:16
**access**(22) 57:1  84:8  84:13  84:17  87:5
87:10  102:5  102:14  102:16  104:3  104:5
108:11  112:25  121:13  121:15  121:18
121:19  122:4  122:7  123:13  123:14  124:1

**accessible**(1) 102:13
**accommodate**(1) 77:15
**accomplish**(2) 9:12  99:4  111:13
**accomplished**(1) 111:7
**accordance**(3) 7:18  95:25  96:18
**according**(1) 105:18
**account**(1) 123:5
**achieve**(2) 75:16  103:4
**achieved**(1) 36:20
**acknowledge**(1) 103:3
**acknowledged**(1) 82:7
**across**(7) 12:8  17:22  31:10  31:21  91:8
101:3  111:2

**act**(3) 23:24  28:14  48:25
**acted**(1) 84:3
**action**(2) 25:4  106:1
**actions**(1) 86:8
**actively**(1) 50:25
**actual**(2) 34:10  125:25
**actually**(34) 10:5  12:5  15:6  23:3  25:6
33:22  33:23  34:3  39:16  41:13  42:18  43:4
44:9  44:11  45:18  47:2  47:6  48:18  49:4
56:3  60:7  61:4  62:24  63:21  67:19  69:4
72:6  84:7  84:16  84:21  90:25  92:23  92:25
116:15

**add**(7) 63:10  66:14  66:14  89:10  96:22
100:22  122:6

**added**(4) 55:15  82:5  90:11  100:20
**adding**(2) 90:12  90:20
**addition**(1) 108:10
**additional**(6) 9:8  42:1  55:15  66:7  73:25
89:11

**address**(16) 7:21  9:13  12:3  13:20  26:8
32:24  44:18  44:22  75:23  78:13  101:25
102:9  116:3  123:6  123:18  125:20

**addressed**(3) 44:12  81:19  119:9
**addressing**(2) 102:3  105:1
**adequate**(2) 43:19  104:3
**adjourned**(1) 128:4
**adjudicated**(1) 67:12
**adjudicating**(1) 110:7
**adjudications**(1) 62:6
**adler**(68) 2:29  8:24  8:25  9:2  9:15  9:22
10:2  10:10  10:18  10:20  13:1  13:6  13:13
13:18  13:24  14:3  14:23  15:3  15:21  16:22
18:19  19:12  20:1  20:18  21:7  22:10  24:24
25:1  25:3  25:6  29:23  32:4  32:8  34:23
39:9  39:10  39:17  74:8  74:9  74:14  74:15
74:18  74:21  79:22  80:16  80:18  80:20
80:21  80:21  91:23  92:3  92:21  94:2  95:9
95:14  110:2  125:8  125:9  125:13  125:15
125:24  126:3  126:8  126:18  126:23  127:8
127:13  128:3

**adler's**(4) 15:11  15:13  16:2  20:11
**administered**(1) 1:6
**administrative**(2) 105:17  105:25
**administrator**(4) 5:39  6:9  6:11  123:2
**administrators**(8) 2:28  5:38  9:2  19:18
21:3  80:22  82:4  97:8

**adopt**(8) 19:16  28:8  55:23  86:18  87:13
87:23  99:17  104:4

**adopted**(3) 83:2  103:8  103:8
**advance**(2) 85:11  104:3
**adversarial**(1) 105:18
**advice**(1) 91:6
**affidavit**(1) 77:9
**affidavits**(11) 54:3  54:4  54:9  54:10  76:24
76:25  77:2  77:3  77:3  77:4  77:5

**affirmative**(4) 32:11  65:8  66:6  116:25
**affirmatively**(1) 66:20
**afraid**(1) 84:2
**after**(11) 34:5  34:18  52:22  53:8  54:2
77:21  84:25  85:13  85:16  124:25  127:15

**afternoon**(7) 11:22  109:23  109:24  109:25
115:18  115:19  115:20

**again**(37) 11:23  21:3  37:7  37:18  43:10
43:10  43:21  44:6  54:22  54:25  55:3  57:14
60:16  62:12  62:14  64:10  64:21  70:5  72:18
87:6  88:5  88:6  93:4  95:23  98:18  108:19
112:18  113:20  114:4  114:12  114:21  115:8
118:22  122:8  123:21  123:21  125:6

**against**(25) 14:14  14:15  14:16  29:7  36:7
36:14  36:14  45:10  46:1  46:2  47:24  62:3
62:4  62:8  62:13  62:14  65:10  66:25  68:18
68:19  86:7  108:18  111:24  120:11  120:17

**aggrieved**(1) 66:13
**ago**(3) 9:23  96:5  107:23
**agree**(28) 9:11  11:22  14:22  15:3  19:25
22:12  25:16  25:18  25:23  25:24  34:19
35:25  36:12  39:24  40:22  49:14  53:25  58:9
75:25  77:17  78:15  78:17  81:2  82:12
105:10  113:3  113:12  125:19

**agreeable**(2) 30:16  31:6
**agreed**(11) 11:16  11:18  13:24  22:25  61:17
62:1  66:1  99:2  99:9  118:7  124:6

**agreeing**(1) 36:6
**agreement**(19) 11:3  18:9  18:9  19:11  20:3
25:8  25:24  33:23  38:25  39:18  39:21  40:2
49:13  49:15  49:25  50:20  62:18  81:23
126:18
**agreements**(3) 19:18  32:18  76:20
**agrees**(2) 53:24  62:19

**ahead**(2) 36:12  48:3
**aiding**(1) 86:6
**akin**(1) 3:24  5:5
**alberto**(1) 3:35
**align**(2) 68:5  68:20
**aligned**(6) 69:1  69:2  69:3  79:1  111:23
118:17

**alignment**(2) 111:21  116:22
**aligns**(1) 49:23
**all**(130) 7:4  8:19  8:23  10:13  11:11  12:25
13:23  14:21  15:9  15:9  17:10  18:13  18:16
20:2  20:2  20:10  21:9  22:20  24:6  24:25
25:18  26:7  27:9  30:16  30:21  31:14  33:2
32:21  33:23  35:6  35:21  36:4  36:13  37:12
40:3  40:22  41:1  41:12  42:22  44:1  44:20
45:4  46:17  49:16  50:2  50:5  54:7  54:12
57:15  57:20  58:5  60:15  62:21  63:4  63:6
64:17  66:1  66:1  66:3  69:16  69:20  71:10
75:16  75:19  76:25  77:12  77:12  77:14  78:3
79:12  79:22  81:15  85:7  88:10  89:8  89:15
91:1  91:3  91:11  91:22  92:6  92:12  93:11
93:13  96:6  97:20  98:19  99:14  100:6  101:4
101:7  101:11  103:3  105:19  105:24  107:15
109:17  110:8  110:14  110:23  111:2  111:5
111:13  111:18  112:8  113:25  114:2  116:6
116:16  117:10  117:19  118:13  119:5  119:5
119:10  120:16  125:5  126:21  127:12  127:16
127:22  127:24  127:25

**allege**(1) 83:23
**alleging**(1) 123:25
**allen**(2) 2:5  4:39
**allocate**(1) 26:2
**allocated**(2) 116:12  116:18
**allocation**(71) 10:13  10:25  11:1  11:2  11:2
11:6  12:3  12:19  12:22  13:21  15:22  16:3
19:22  22:22  22:22  25:25  26:2  26:5  29:4
32:12  36:4  36:11  37:10  39:14  39:16  40:18
41:6  41:10  46:3  49:2  49:16  52:7  54:5
54:8  58:8  59:20  61:16  61:18  61:24  61:25
62:9  63:16  64:17  65:5  65:10  65:20  65:22
65:23  66:3  68:25  76:6  76:25  77:2  77:3
77:22  78:12  81:6  81:13  90:17  90:20  95:2
95:5  98:18  104:4  106:19  111:20  111:21
113:18  122:19  124:9  124:16

**allocations**(4) 104:20  105:2  106:20  109:10
109:13  109:15

**allow**(8) 16:6  18:13  32:13  39:2  98:13
106:5  117:3  122:23

**allowed**(5) 22:12  64:16  88:24  94:24  116:9
**allowing**(4) 16:9  42:17  61:19  76:11
**allows**(2) 91:11  105:20
**almost**(2) 58:8  67:17
**alone**(1) 110:10
**along**(2) 46:19  102:11
**already**(11) 17:13  26:17  43:7  62:4  87:4
87:9  87:12  88:21  99:8  103:20  123:15

**also**(29) 10:8  14:1  17:1  17:16  20:13  24:18
25:23  31:12  37:22  43:24  47:9  50:1  51:4
56:13  57:9  60:18  61:13  61:25  62:8  63:20
73:19  74:2  78:17  78:18  84:11  95:9  110:22
112:17  118:21

**alternative**(1) 34:15
**although**(4) 28:23  31:5  36:12  75:16
**always**(11) 10:14  10:20  45:8  57:15  63:8
63:10  69:25  70:13  70:18  80:11  95:10

**amenable**(1) 120:21
**amend**(1) 96:23
**amended**(1) 112:23
**america**(5) 4:45  4:45  83:25  84:11  84:22
**american**(4) 53:24  54:17  58:13  84:12
**americas**(2) 2:8  3:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**and**(301) 53:25 54:3 54:5 54:6 54:6 54:8 54:9 54:15 54:16 55:10 55:13 55:13 55:14 55:16 55:18 56:3 56:6 56:10 56:19 57:5 57:9 57:10 57:12 57:13 57:20 57:21 57:23 57:23 57:24 58:7 58:9 58:16 58:16 58:17 58:20 58:20 58:21 58:22 58:24 58:24 59:2 59:2 59:8 59:9 59:10 59:11 59:12 59:19 59:20 59:23 59:24 60:1 60:2 60:6 60:9 60:18 60:23 60:23 61:7 61:8 61:12 61:17 61:18 61:22 62:3 62:7 62:8 62:10 62:12 62:13 62:14 62:18 63:1 63:3 63:4 63:4 63:4 63:5 63:6 63:10 63:11 63:16 63:17 63:20 63:20 63:22 63:25 64:1 64:7 64:9 64:13 64:14 64:19 64:25 65:1 65:3 65:7 65:9 65:15 65:17 65:20 65:22 65:25 66:9 66:13 66:20 66:22 66:23 66:23 67:9 67:11 67:17 67:24 68:1 68:4 68:6 68:22 68:23 69:7 69:14 69:14 69:16 69:16 69:20 69:21 69:21 70:2 70:4 70:8 70:9 70:15 70:17 70:17 70:22 70:23 70:24 70:25 71:4 71:13 71:15 71:18 71:19 71:22 72:5 72:6 72:8 72:8 72:9 72:9 72:16 72:20 73:1 73:1 73:11 73:12 73:15 73:19 73:21 73:22 73:23 74:1 74:21 74:21 74:23 75:2 75:12 75:14 75:18 75:19 75:21 75:24 76:1 76:6 77:1 77:2 77:3 77:4 77:7 77:14 77:14 78:16 78:16 78:18 78:21 79:2 79:2 79:5 79:6 79:7 79:11 79:17 80:8 80:17 81:1 81:5 81:12 81:17 81:17 81:23 81:25 82:6 82:13 83:8 83:10 83:12 83:17 83:21 83:22 84:1 84:7 84:11 84:13 84:18 84:20 85:5 85:9 85:9 85:15 85:18 85:20 85:21 86:1 86:2 86:6 86:6 86:12 86:19 87:6 87:8 87:8 87:15 87:17 87:19 87:20 88:1 88:9 88:13 88:14 88:17 89:6 89:6 89:9 89:10 89:15 89:17 89:18 89:24 89:24 89:25 90:4 90:8 90:8 90:9 90:16 90:23 90:23 90:25 91:4 91:15 91:17 92:5 92:6 92:8 92:9 92:13 92:14 92:15 92:24 93:2 93:3 93:4 93:5 93:8 93:9 93:10 93:10 93:14 93:14 93:15 93:16 93:18 93:20 93:25 94:2 94:3 94:6 94:11 94:14 94:14 94:20 94:21 94:24 94:25 95:2

**and**(229) 95:3 95:4 95:6 95:8 95:16 95:16 95:20 95:22 95:25 96:1 96:5 96:18 96:22 96:24 96:24 97:2 97:5 97:11 97:12 97:14 97:22 98:13 98:13 98:17 98:24 99:1 99:2 99:3 99:4 99:5 99:6 99:11 99:25 100:1 100:3 100:8 100:10 100:12 100:16 100:21 100:21 101:5 101:5 101:11 101:13 101:25 102:6 102:8 102:13 102:16 102:16 102:18 102:20 102:22 102:24 103:1 103:2 103:4 103:6 103:9 103:11 103:14 103:17 103:24 104:4 104:24 104:24 105:1 105:6 105:7 105:8 105:10 105:12 105:14 105:21 106:1 106:10 106:10 106:11 106:14 106:17 106:19 106:20 106:21 106:21 107:2 107:11 107:13 107:16 107:16 107:19 107:22 107:23 107:24 107:25 108:4 108:7 108:10 108:11 108:12 108:14 108:17 108:25 109:3 109:4 109:11 109:19 109:20 109:25 109:25 110:7 110:8 110:9 110:10 110:12 110:19 110:24 111:5 111:10 111:13 111:18 111:19 111:20 111:23 111:24 112:3 112:6 112:11 112:19 112:20 112:21 113:12 113:16 113:18 113:23 113:24 114:3 114:8 114:9 114:10 114:12 114:14 114:18 114:23 115:1 115:2 115:5 115:6 115:7 115:13 115:19 115:21 116:1 116:3 116:4 116:6 116:8 116:10 116:17 116:23 116:23 116:24 116:25 117:2 117:4 117:5 117:5 117:6 117:24 118:3 118:5 118:9 118:14 118:15 118:16 118:20 118:21 119:8 119:11 119:13 119:13 119:14 119:14 119:14 119:25 120:3 120:7 120:19 120:22 121:2 121:4 121:6 121:24 122:3 122:3 122:8 122:11 122:11 122:17 122:19 122:20 123:2 123:2 123:9 123:12 123:13 123:17 123:20 123:21 123:25 124:7 124:8 124:11 124:25 125:3 125:7 125:11 125:17 125:18 125:23 126:4 126:5 126:6 126:8 127:4 127:5 127:24 127:25 127:25

**and/or**(1) 16:15

**angela**(1) 5:47

**animals**(2) 120:5 127:20

**ann**(1) 1:27

**another**(14) 20:8 42:4 42:4 57:13 58:23 64:2 69:3 70:9 87:21 89:12 98:23 121:9 121:21 122:16

**answer**(4) 73:12 105:21 107:12 120:2

**anticipate**(3) 30:14 30:20 31:6 89:14

**anticipated**(1) 14:9

**any**(54) 12:5 14:24 28:17 29:4 30:7 35:4 37:9 37:25 39:25 39:25 41:13 41:25 44:2 67:3 72:23 73:8 81:9 81:22 83:3 83:16 89:3 90:1 92:15 94:17 95:13 96:7 100:20 100:25 101:12 101:19 102:5 102:11 103:16 104:6 104:25 108:11 112:24 112:25 113:19 115:14 117:2 117:2 117:2 117:8 119:18 120:23 122:12 124:14 124:14 124:14 125:15 125:19 126:21

**anybody**(4) 29:21 31:1 39:7 79:20

**anybody's**(1) 103:2

**anymore**(1) 59:1

**anyone**(7) 40:25 41:10 43:6 44:17 99:25 117:12 118:4

**anyone's**(1) 72:17

**anything**(10) 37:20 42:15 76:18 82:9 88:4 110:1 117:7 119:2 119:11 121:20

**anyway**(2) 13:11 81:14

**apart**(2) 22:2 51:14

**apologize**(2) 30:2 127:14

**apparently**(1) 117:16

**appeal**(80) 8:9 9:4 9:9 9:23 10:2 10:4 10:8 10:11 10:17 10:24 11:4 11:10 11:11 11:12 11:24 12:17 12:23 15:11 15:14 15:17 15:17 15:18 15:20 15:22 16:2 16:6 16:10 16:12 16:25 17:2 17:3 17:3 17:15 17:20 18:3 18:15 18:20 19:4 19:21 19:22 20:24 21:12 22:6 22:6 22:15 22:18 22:21 22:21 23:2 23:4 23:5 24:4 24:7 24:10 24:17 25:12 28:11 29:6 29:11 29:12 29:19 30:9 32:22 32:23 33:2 36:8 39:25 40:9 40:14 46:12 63:11 80:25 124:11 124:11 124:14 124:14 124:15 124:17 124:17

**appeals**(8) 9:24 17:6 17:24 21:4 21:5 21:24 91:20 104:21

**appear**(3) 63:4 111:4 124:23

**appearances**(3) 4:33 5:1 6:1

**appearing**(1) 39:23

**appears**(1) 82:8

**appellant**(1) 51:2

**applauded**(1) 116:4

**applicable**(1) 64:1

**applicants**(1) 106:23

**application**(3) 87:18 125:10 125:18

**applications**(7) 84:9 84:15 87:14 87:17 113:24 121:14 121:15

**applied**(1) 105:13

**applies**(4) 34:25 89:19 99:5 102:21

**apply**(5) 11:25 43:5 76:16 99:4 102:7

**appoint**(1) 56:22

**appointed**(1) 115:6

**appointing**(1) 56:21

**appreciate**(2) 27:25 73:22

**approaching**(1) 85:1

**appropriate**(22) 18:17 25:21 27:11 35:8 35:12 41:24 56:16 64:8 76:7 76:20 78:8 89:14 90:23 91:9 94:9 94:12 95:12 96:22 97:1 103:21 106:23 114:15

**april**(28) 1:14 7:1 21:15 21:20 21:23 26:23 32:6 32:7 48:12 49:25 50:1 50:7 50:19 51:16 52:8 53:23 73:1 76:20 96:17 97:18 97:18 106:13 119:12 119:18 119:19 124:13 127:2 128:11

**arbitral**(1) 25:19

**arbitrary**(4) 90:2 108:21 109:1 115:11

**arbitrate**(2) 19:11 24:2

**arbitrated**(1) 10:7

**arbitration**(15) 9:25 10:4 10:5 11:14 15:13 15:16 18:9 18:9 20:15 23:21 23:24 24:3 26:3 32:11 90:20

**arbitrators**(1) 19:14

**are**(207) 13:12 14:19 15:18 18:4 18:10 19:14 20:9 21:5 22:2 22:14 23:21 25:18 26:7 28:7 29:24 29:25 32:22 36:2 36:6 36:13 36:17 38:17 39:18 45:9 45:20 45:25 46:4 46:5 46:25 47:1 48:5 49:14 50:12 51:8 51:14 52:22 53:22 55:7 57:15 57:22 60:18 61:13 61:14 62:15 63:2 63:3 63:12 63:25 64:13 64:17 64:19 64:24 65:3 65:8 65:15 66:21 67:12 67:22 67:24 68:5 71:15 71:21 71:24 71:25 72:1 72:22 72:23 73:7 73:10 73:11 73:20 75:3 75:13 75:18 76:5 77:6 77:7 77:24 78:10 79:4 79:5 81:6 81:8 82:15 82:23 83:13 83:13 83:23 84:6 84:7 84:9 84:9 84:15 85:24 86:6 86:9 87:4 87:19 88:6 88:11 88:23 89:22 89:24 90:1 90:8 90:13 91:1 91:7 91:17 92:7 92:10 92:19 92:19 92:22 92:23 93:2 93:9 93:9 93:15 93:16 93:17 93:18 93:20 93:24 94:24 94:24 94:25 95:14 96:3 96:24 97:11 97:12 97:14 98:6 98:7 98:7 98:10 99:3 100:2 100:3 100:5 100:8 100:16 101:7 101:12 101:21 102:2 102:23 102:25 103:3 103:13 103:17 103:23 104:7 105:2 105:7 105:8 105:10 105:14 105:20 106:16 106:17 106:20 108:7 108:23 109:7 109:7 109:8 109:9 109:10 110:12 110:21 110:25 111:2 111:3 111:18 111:22 112:8 112:12 112:13 112:16 113:1 113:10 114:2 114:3 115:7 116:9 116:11 116:12 116:12 116:17 117:15 118:8 118:16 119:24 120:6 120:11 120:13 120:18 121:12 121:25 122:4 122:13 123:15 124:8 124:23 127:2

**area**(1) 99:14

**aren't**(3) 27:6 31:11 60:19

**argue**(3) 20:4 21:12 101:9

**argued**(1) 45:10

**arguing**(2) 21:11 101:5

**argument**(17) 17:4 32:10 34:2 34:3 34:9 34:12 34:18 34:23 36:3 37:9 37:12 41:11 43:24 65:18 65:19 118:3 126:14 126:15

**arguments**(6) 29:6 76:15 81:10 118:22 122:13 124:25

**arise**(1) 56:14

**arises**(1) 90:24

**arm's-length**(1) 84:14

**around**(10) 21:21 28:22 36:10 43:18 44:20 46:13 46:16 49:13 100:5 118:14

**arrived**(1) 73:16

**arsht**(1) 1:25

**aside**(4) 48:20 61:2 67:3 84:3

**ask**(19) 9:14 16:24 21:13 30:22 31:15 31:25 32:4 34:22 53:5 70:17 70:18 73:25 83:1 88:24 97:4 97:20 100:21 118:6 120:4

**asked**(16) 16:22 23:7 41:20 41:25 49:24 50:1 60:5 72:2 82:5 88:17 91:18 94:10 95:24 119:14 119:18 120:7

**asking**(13) 15:25 16:23 21:19 23:15 23:16 53:13 82:9 96:17 98:10 98:22 107:20 108:1 122:4

**asks**(2) 72:9 107:21

**aspect**(4) 23:18 23:21 29:4 127:5

**aspects**(1) 107:15

**aspiring**(1) 46:20

**assert**(2) 91:2 104:23

**asserted**(2) 86:6 91:15

**assessment**(1) 103:11

**assessments**(1) 103:16

**assist**(1) 108:20

**associate**(1) 45:8

**associates**(1) 69:18

**assume**(2) 31:17 71:1

**assumed**(1) 121:12

**assuming**(4) 28:6 32:4 36:25 126:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**assurances**(1) 37:16
**asymmetry**(1) 84:18
**attached**(1) 104:1
**attempt**(2) 46:23 84:19
**attempts**(1) 97:19
**attend**(2) 108:25 112:13
**attributed**(1) 77:18
**audio**(2) 31:11 31:21
**august**(4) 98:17 98:22 108:8 110:25
**aurelius**(2) 5:21 5:26
**authority**(2) 28:2 56:22
**automatic**(2) 29:1 59:16
**autopsy**(1) 105:3
**available**(2) 44:1 112:21
**ave**(1) 3:36
**avenue**(5) 2:8 3:7 3:13 3:43 4:29
**avoid**(3) 64:6 70:3 81:9
**avoidance**(1) 81:1
**aware**(7) 50:12 59:12 67:22 105:14 105:15 107:22 108:23

**away**(4) 54:21 71:25 78:7 93:19
**awful**(1) 101:8

**back**(18) 19:12 20:24 43:9 70:3 70:4 80:16 80:17 100:22 106:10 108:1 109:3 114:13 115:22 121:20 121:25 122:22 122:25 127:24
**background**(1) 9:22
**bad**(2) 56:8 89:8
**badtke=berkow**(1) 4:40
**baked**(1) 71:14
**balance**(2) 8:10 83:9
**balancing**(2) 60:16 109:16
**ball**(2) 62:25 110:7
**bank**(3) 4:45 4:45 6:16
**bankruptcy**(5) 1:1 1:20 72:15 99:16
**barclays**(1) 6:38
**barrack**(7) 104:8 104:10 104:10 104:13 104:15 104:18 110:1

**base**(1) 102:10
**based**(4) 28:14 83:23 98:4 110:13
**bases**(1) 111:24
**basic**(7) 51:19 57:24 84:1 110:14 114:6 120:4 120:14

**basically**(3) 42:22 110:14 113:22
**basis**(7) 25:9 31:17 34:21 40:18 79:9 76:21 123:23

**bassett**(1) 4:6
**bathroom**(1) 63:8
**battery**(1) 2:33
**baumhoff**(6) 31:4 31:14 36:5 38:3 39:21 118:21

**bayard**(1) 3:34
**because**(62) 12:7 12:14 12:21 19:23 20:12 21:19 26:5 27:8 29:1 29:7 29:8 29:9 29:23 33:1 34:7 34:25 37:12 37:20 42:19 44:6 47:2 51:8 53:4 54:13 56:1 56:22 56:25 60:5 61:1 68:23 71:21 72:21 73:10 75:8 75:15 75:18 78:10 79:14 82:21 84:16 85:1 86:5 87:9 87:11 88:19 89:2 91:3 92:11 93:24 95:14 96:2 96:11 98:25 102:4 103:11 108:20 112:18 113:14 114:12 119:6 119:23
**become**(2) 70:6 85:22
**becomes**(2) 51:7 122:22
**bed**(1) 22:11
**been**(43) 9:5 10:20 14:13 15:23 16:1 18:4 21:21 22:25 25:10 25:15 28:3 28:4 33:3 33:9 39:12 43:16 44:11 46:1 46:2 50:25 51:15 56:19 59:1 61:19 71:23 82:11 83:4 83:7 84:10 84:11 87:15 92:14 95:1 96:4 100:11 102:16 104:6 104:23 105:23 105:24 111:17 118:9 122:3

**before**(40) 1:19 8:12 9:17 14:19 15:15 21:15 28:21 28:24 30:3 37:15 37:21 40:1 42:16 50:2 51:18 53:23 59:19 61:15 64:18 75:2 76:14 77:9 78:20 80:23 85:22 92:5 92:20 92:22 93:23 99:17 102:1 106:15 108:2 113:16 119:18 121:1 121:14 121:22 124:4 124:18
**begin**(2) 14:11 60:2
**beginning**(4) 8:16 59:2 59:2 117:21
**behalf**(6) 13:17 76:2 107:18 115:25 118:6 118:7

**behind**(4) 55:8 83:25 84:4 122:19
**being**(22) 7:17 25:17 26:3 26:4 24:6 39:5 44:14 55:1 57:14 65:19 66:25 67:12 68:3 72:7 81:6 81:9 84:15 84:20 92:8 99:3 103:5 116:6
**believe**(13) 7:7 10:18 24:1 24:4 25:7 36:19 40:6 83:3 94:21 108:19 113:13 119:8 127:4
**believes**(1) 87:3
**belkamp**(1) 3:11
**belknap**(1) 6:5
**bench**(1) 38:16
**benefitting**(1) 106:25
**benjamin**(1) 76:2
**best**(2) 89:5 100:6
**better**(8) 31:21 49:7 58:19 94:6 100:8 101:8 105:23 116:16

**between**(21) 41:13 45:23 47:3 48:19 48:20 50:6 52:2 54:6 54:14 55:12 58:7 62:2 67:16 75:12 78:1 81:13 83:9 83:21 90:17 90:22 93:24

**beyond**(1) 73:7
**bickering**(1) 101:12
**big**(8) 12:15 45:2 61:5 71:19 88:2 91:1 91:3 111:15

**billions**(2) 92:13 93:5
**bind**(3) 14:23 24:13 24:14
**binder**(1) 67:18
**bit**(5) 31:12 76:17 83:11 88:2 102:20
**blabley**(1) 5:23
**black**(20) 24:21 24:24 24:5 45:9 45:9 45:14 46:11 46:14 61:3 61:5 61:12 61:13 61:11 67:18 82:6 83:1 93:23 94:16 94:23 95:7 95:14 96:14 97:4 97:8 97:11 98:10 98:14 99:2 100:2 100:20 101:2 101:11 101:14 102:1 103:1 103:2 107:17 107:21 109:18 110:16
**blanched**(1) 114:8
**blanket**(3) 96:5 96:8 115:14 123:20
**blue**(1) 47:12
**blueprint**(1) 85:19
**bluntly**(1) 94:7
**board**(1) 12:8
**boil**(3) 45:19 45:21 48:18
**boiled**(1) 58:22
**bond**(1) 64:16
**bondholder**(2) 4:4 4:19
**bondholders**(2) 65:8 65:11
**bonds**(2) 115:25 116:20
**border**(4) 7:18 62:5 109:11 109:12
**borders**(1) 91:8
**both**(21) 8:5 14:12 17:19 18:7 18:18 19:20 20:24 32:5 34:9 34:9 34:16 34:16 57:15 75:14 86:16 87:1 92:6 109:11 109:11 118:9 124:21

**botter**(1) 3:27
**bottom**(1) 96:18
**bound**(1) 29:21
**boundaries**(1) 71:12
**box**(6) 72:10 97:18 98:21 114:18 114:19 115:1

**boxes**(2) 71:21 114:2

**brackets**(1) 42:3
**brad**(1) 5:9
**branches**(1) 105:25
**break**(4) 27:11 28:21 124:4 124:18
**breaking**(1) 100:17
**breaks**(1) 63:8
**brian**(2) 3:41 6:6
**bridge**(1) 54:23
**brief**(10) 23:13 27:17 29:14 29:20 69:21 75:6 75:8 109:25 116:2 123:9
**briefing**(2) 13:2 26:8
**briefly**(1) 76:6
**briefs**(5) 54:3 54:8 69:19 69:20 122:2
**bring**(6) 61:21 83:17 107:8 120:5 120:6 120:6
**broad**(3) 84:8 84:17 102:6
**broader**(2) 39:15 101:13
**broke**(1) 40:1
**broken**(1) 100:17
**bromley**(60) 1:34 8:11 11:18 11:22 13:14 13:15 13:16 16:12 16:14 16:21 17:9 17:12 18:24 19:2 22:24 22:23 22:25 23:5 23:10 23:13 23:15 23:23 24:1 24:7 24:22 25:8 25:16 26:15 26:19 28:18 31:24 31:25 32:3 32:15 33:9 33:12 33:14 33:17 33:21 36:24 38:3 38:18 39:20 40:4 40:11 40:14 40:23 41:7 80:23 81:21 125:21 125:22 126:3 126:11 126:12 126:15 126:25 127:4 127:10 128:2
**bromley's**(3) 10:23 12:11 26:9
**brought**(4) 62:2 62:3 84:21 89:24
**bryant**(1) 3:28
**buchanan**(1) 2:13
**bucket**(2) 67:17 67:20
**buckets**(1) 67:17
**bulk**(1) 91:12
**bullet**(3) 104:16 104:18 107:9
**bunch**(1) 15:8
**bundles**(2) 68:16
**bundling**(1) 68:19
**burden**(1) 117:6
**burdening**(1) 116:24
**burdens**(1) 122:10
**business**(2) 127:5 127:10
**but**(181) 9:1 9:10 9:17 11:9 11:15 12:9 12:12 12:20 14:18 14:23 16:1 16:17 17:21 19:17 20:24 22:13 23:19 24:14 25:25 26:12 27:4 28:4 30:4 31:10 32:12 32:23 35:7 35:15 35:25 37:18 41:5 41:11 41:16 41:20 42:2 43:5 43:17 43:23 44:5 44:15 45:14 45:17 45:21 46:12 46:22 46:24 47:25 48:18 49:19 50:4 50:5 50:9 51:10 51:17 52:4 52:6 52:17 52:24 53:7 53:12 54:25 55:7 55:24 56:5 56:13 56:20 56:23 57:1 57:9 58:3 58:19 59:15 59:22 60:15 61:2 61:4 61:23 62:6 62:15 63:9 63:10 63:17 63:19 63:24 64:11 64:23 65:10 66:6 66:11 66:18 67:6 67:15 68:15 68:19 69:2 69:11 69:12 69:21 70:5 70:15 70:18 71:4 71:9 71:13 71:19 72:1 72:7 72:18 72:24 74:2 78:7 79:7 79:9 79:14 80:23 81:1 81:9 82:1 83:3 83:8 84:7 86:22 86:25 87:21 88:7 89:1 89:8 91:8 91:11 92:5 92:7 93:19 94:12 95:9 96:13 95:13 95:19 95:21 96:4 96:12 97:7 97:13 98:12 98:25 99:10 99:20 100:1 100:20 101:7 105:5 105:23 106:4 106:7 106:24 110:2 111:1 111:12 112:10 113:6 113:16 115:3 115:9 116:7 116:20 116:24 117:21 118:1 118:5 118:7 119:24 120:3 120:10 120:21 121:23 122:6 122:10 122:22 123:4 124:22 125:12

**calculation**(1) 79:3
**calendaring**(1) 26:16

**call**(7) 38:3 39:20 56:21 77:20 85:25 92:4 107:11
**called**(5) 10:22 11:18 11:22 25:11 107:24
**calls**(1) 72:5
**came**(4) 14:2 42:19 57:21 86:12
**can**(87) 9:11 12:11 14:21 14:24 14:25 15:3 15:3 16:16 20:5 20:16 20:24 22:17 24:18 24:19 30:7 32:13 33:25 34:1 34:2 34:4 34:19 34:23 36:3 36:21 37:15 39:15 44:18 46:25 48:18 49:14 53:5 53:15 61:3 61:17 61:20 62:5 62:7 62:8 62:16 63:10 67:5 68:2 68:24 69:10 69:11 70:6 70:14 70:17 70:18 72:16 72:24 73:3 75:23 77:15 78:20 84:24 84:24 88:9 88:18 88:25 89:11 89:25 90:13 90:15 90:22 94:5 98:10 98:25 100:8 100:18 102:9 103:6 103:15 103:19 106:10 108:2 109:20 111:11 112:18 115:1 115:14 120:13 122:6 122:9 124:20 125:19 126:4
**can't**(20) 9:15 11:3 12:6 12:14 19:9 19:23 20:6 20:24 26:2 26:4 32:9 42:13 46:17 46:18 46:18 55:25 58:25 60:2 69:1 71:9
**canada**(30) 5:12 14:12 14:15 14:17 15:13 15:17 28:9 38:1 38:1 46:24 48:19 49:18 51:11 54:7 64:7 65:14 75:25 84:6 84:6 86:10 86:11 86:12 91:24 92:24 94:25 95:3 100:14 105:12 110:2 112:9
**canada-only**(1) 115:25
**canadian**(83) 2:5 2:19 8:17 10:13 14:14 14:16 15:19 22:2 28:5 31:18 41:9 41:14 41:22 46:3 47:4 49:10 49:24 51:14 52:3 52:17 52:21 53:25 54:5 54:6 55:13 55:14 58:7 58:21 61:8 61:22 62:4 62:8 62:14 63:1 64:14 64:15 66:15 66:16 67:13 68:23 70:22 75:17 75:21 75:23 78:4 79:6 81:5 83:22 86:4 86:8 86:15 86:17 86:20 86:21 86:22 86:24 90:16 92:20 93:25 94:20 94:25 95:16 95:19 100:13 101:24 102:8 104:19 104:21 111:24 116:8 116:12 116:15 116:18 116:22 117:6 118:2 118:3 118:4 118:16 119:1 119:13 122:12 123:19
**canadian-only**(1) 116:19
**canadian's**(4) 74:16 74:21 75:9 75:15
**cannot**(2) 36:19 72:1 110:9 123:25
**can't**(8) 79:13 83:2 112:18 113:12 120:5 120:20 122:22 123:4
**capital**(4) 5:26 6:30 6:34 6:38
**careful**(1) 37:8
**carefully**(4) 42:16 80:23 83:1 125:16
**carras**(1) 6:31
**carrot**(1) 20:8
**cart**(1) 114:8
**case**(19) 1:5 17:7 17:14 18:5 18:20 19:6 20:7 20:12 20:25 43:6 43:11 46:22 55:25 56:24 79:10 83:6 92:13 107:7 111:1
**cases**(2) 19:19 35:10
**catch**(4) 22:18 74:20 80:7 122:19
**categories**(2) 78:1 91:12
**cause**(2) 42:15 46:13
**causes**(2) 46:10 66:10
**caution**(1) 27:12
**ccc**(3) 64:14 102:4 103:25
**ccc's**(2) 65:14 68:21
**cede**(2) 8:21 74:7
**celebrate**(1) 54:22
**certain**(7) 5:40 13:11 62:2 78:6 111:21 119:7 119:18
**certainly**(18) 25:2 27:22 41:1 43:4 43:17 44:1 59:15 71:1 71:6 73:14 73:15 73:22 88:23 101:1 103:25 110:8 112:11 124:19

| Word | Page:Line |
| --- | --- |
| **certification**(7) 8:8 9:1 16:16 16:18 125:10 126:4 128:6 | |
| **certify**(3) 16:10 23:17 128:7 | |
| **cetera**(3) 29:11 98:8 98:21 | |
| **challenge**(2) 93:11 103:16 | |
| **chance**(2) 9:10 11:10 | |
| **change**(7) 36:24 37:1 37:20 43:22 86:18 87:13 107:1 | |
| **changed**(2) 11:23 100:11 | |
| **changes**(4) 41:16 67:7 94:22 100:15 | |
| **changing**(1) 115:9 | |
| **chapter**(1) 1:8 | |
| **chart**(3) 45:18 45:21 47:16 | |
| **chase**(1) 4:8 | |
| **children**(1) 120:5 | |
| **chris**(1) 3:18 | |
| **christmas**(1) 85:23 | |
| **chung**(1) 4:46 | |
| **cindy**(1) 5:18 | |
| **circuit**(24) 10:3 11:12 12:1 13:8 15:1 16:14 16:16 16:18 16:25 17:5 17:6 17:9 17:13 18:1 18:2 18:14 20:13 23:6 23:8 23:17 125:11 125:12 125:13 125:14 | |
| **circulating**(1) 50:25 | |
| **circumstances**(2) 96:2 114:25 | |
| **citizenships**(1) 46:22 | |
| **civil**(4) 91:13 106:1 117:4 120:17 | |
| **claim**(5) 77:2 77:3 77:8 107:24 109:15 | |
| **claimants**(5) 58:21 66:24 104:11 109:10 120:16 | |
| **claims**(97) 10:13 10:13 12:6 14:13 39:14 46:1 46:2 49:17 49:17 54:5 54:5 54:10 59:14 62:2 62:3 62:7 62:13 62:14 63:13 63:16 64:21 65:1 65:6 65:9 65:10 65:16 65:20 66:2 66:8 66:20 66:21 67:4 67:12 68:24 77:1 77:4 77:6 78:11 81:5 81:5 81:13 83:23 84:21 86:5 86:9 86:16 86:24 90:15 90:16 90:19 92:14 92:16 92:17 92:18 92:19 92:20 92:21 92:24 93:1 94:22 94:25 95:3 95:5 95:20 95:21 95:22 95:23 96:6 96:8 96:16 96:19 96:23 96:25 97:19 100:13 104:20 104:20 106:16 106:20 107:13 107:22 109:6 109:11 109:12 109:14 110:5 110:7 111:19 111:19 111:23 113:17 113:18 119:2 120:11 123:18 123:23 123:24 | |
| **clarify**(2) 22:19 80:24 | |
| **clarity**(2) 20:8 21:18 | |
| **class**(1) 14:6 | |
| **clause**(1) 91:18 | |
| **clean**(1) 73:12 | |
| **clear**(13) 12:18 13:7 14:10 17:25 19:19 20:13 35:10 36:18 42:16 61:22 64:24 115:1 126:5 | |
| **cleared**(1) 99:11 | |
| **clearly**(4) 25:15 26:1 31:10 83:5 | |
| **cleary**(3) 1:32 4:35 13:16 | |
| **clerk**(6) 7:2 7:10 27:20 38:11 38:14 38:20 | |
| **client**(2) 108:10 116:8 | |
| **clients**(2) 20:4 107:18 | |
| **clock**(1) 80:14 | |
| **close**(7) 49:18 53:9 55:5 62:24 125:3 127:4 127:10 | |
| **closed**(3) 59:3 83:25 84:4 | |
| **closer**(2) 31:13 122:13 | |
| **co-counsel**(2) 31:5 38:1 | |
| **coding**(1) 88:3 | |
| **coincidental**(1) 15:10 | |
| **collapse**(1) 62:24 | |
| **colleague**(1) 110:1 | |
| **colleagues**(2) 15:13 114:5 | |
| **collective**(1) 68:8 | |

| Word | Page:Line |
| --- | --- |
| **column**(4) 48:22 64:10 81:11 97:16 | |
| **columns**(4) 47:17 63:18 63:23 94:15 | |
| **combined**(1) 75:13 | |
| **come**(24) 19:12 20:24 21:20 30:15 32:16 51:18 52:22 52:23 53:6 55:4 55:18 70:14 70:17 77:16 83:13 85:18 90:7 94:18 109:2 120:1 120:3 121:6 123:6 123:20 | |
| **comes**(3) 52:24 108:1 121:2 | |
| **coming**(8) 13:6 31:10 31:21 42:9 56:2 77:1 101:7 110:21 | |
| **commence**(1) 9:20 | |
| **comment**(5) 22:11 22:12 80:8 93:10 93:11 | |
| **comments**(18) 39:21 51:16 81:11 81:25 82:2 92:5 94:1 101:15 101:16 101:19 110:12 119:11 119:14 119:15 119:16 119:18 119:21 125:1 | |
| **commit**(1) 69:11 | |
| **committee**(15) 2:20 3:18 5:4 5:16 23:16 65:8 65:12 65:12 65:15 68:4 101:25 114:11 114:20 116:21 116:22 | |
| **common**(2) 67:4 123:11 | |
| **communications**(1) 7:18 | |
| **companies**(2) 83:25 91:6 | |
| **companion**(2) 48:5 48:8 | |
| **company**(4) 6:5 78:19 114:11 114:20 | |
| **compare**(1) 89:23 | |
| **compared**(2) 58:21 121:1 | |
| **comparison**(4) 47:9 47:10 47:20 48:16 | |
| **compel**(5) 9:25 10:4 10:5 24:3 111:4 | |
| **compelled**(1) 108:25 | |
| **compelling**(5) 15:12 15:16 17:4 | |
| **complaint**(1) 67:2 112:23 | |
| **complete**(2) 98:3 114:1 | |
| **completed**(2) 60:3 110:24 | |
| **completely**(1) 68:5 | |
| **completion**(1) 98:19 | |
| **complex**(3) 14:18 93:2 105:10 | |
| **complexity**(2) 12:19 105:7 106:10 107:16 | |
| **complicated**(1) 51:8 | |
| **comply**(2) 92:17 102:24 | |
| **compress**(2) 60:10 107:2 | |
| **compressed**(2) 84:24 106:24 | |
| **compressing**(1) 59:25 | |
| **compromised**(1) 110:9 | |
| **compromises**(2) 101:7 120:23 | |
| **computer**(2) 84:10 87:14 | |
| **conaway**(1) 2:37 | |
| **concede**(1) 49:4 | |
| **conceding**(1) 36:8 | |
| **concept**(4) 70:9 71:14 76:17 121:3 | |
| **concepts**(1) 103:2 | |
| **concern**(9) 13:4 29:1 42:7 42:8 63:9 64:2 99:12 99:13 102:4 | |
| **concerned**(2) 41:22 69:2 | |
| **concerns**(2) 93:16 105:22 | |
| **conclusion**(2) 14:2 35:20 | |
| **conduct**(1) 105:15 | |
| **conducted**(2) 7:17 105:17 | |
| **confer**(7) 69:16 72:6 72:9 72:9 85:17 87:19 89:6 | |
| **conference**(3) 85:15 85:18 85:19 | |
| **conferring**(3) 69:14 85:13 85:14 | |
| **confers**(2) 100:3 119:14 | |
| **confident**(1) 31:2 | |
| **confidential**(1) 51:4 | |
| **confidentiality**(5) 49:12 49:15 51:7 51:9 76:19 | |
| **confine**(1) 81:10 | |
| **confirm**(2) 120:14 127:5 | |
| **confirms**(1) 91:18 | |
| **connection**(1) 17:24 | |
| **conscious**(1) 84:19 | |

| Word | Page:Line |
| --- | --- |
| **consider**(3) 31:20 56:16 114:16 | |
| **consideration**(2) 37:8 100:21 124:3 | |
| **considered**(1) 82:21 | |
| **considering**(1) 70:19 | |
| **consistent**(6) 56:17 66:12 70:11 71:5 71:13 99:22 | |
| **constitutes**(1) 108:3 | |
| **constitutional**(1) 66:13 | |
| **constructive**(1) 51:15 | |
| **consult**(4) 31:5 31:15 31:18 34:16 | |
| **contain**(1) 43:9 | |
| **containment**(1) 70:19 | |
| **contemplate**(1) 62:5 | |
| **contemplated**(3) 52:7 54:2 121:25 | |
| **contemplates**(2) 59:1 77:22 | |
| **contend**(1) 32:10 | |
| **contends**(1) 10:7 | |
| **context**(3) 65:1 92:7 114:22 | |
| **continue**(4) 11:13 12:13 19:4 40:14 | |
| **continued**(5) 2:2 3:2 4:2 5:2 6:2 | |
| **contract**(1) 25:19 | |
| **contrary**(1) 25:6 | |
| **contribution**(1) 104:22 | |
| **control**(3) 82:16 83:16 108:24 | |
| **controversial**(1) 91:21 | |
| **conversation**(1) 29:14 | |
| **convince**(1) 112:13 | |
| **cooperate**(2) 79:10 79:11 | |
| **cooperation**(1) 101:5 | |
| **cooperatively**(1) 103:4 | |
| **coordinate**(4) 62:7 62:9 63:17 63:19 | |
| **coordinated**(5) 46:7 61:23 63:25 64:25 100:8 | |
| **coordination**(3) 62:5 62:6 81:9 | |
| **copy**(3) 121:16 121:17 121:19 | |
| **cordo**(1) 1:27 | |
| **core**(18) 41:18 42:21 61:18 61:19 64:13 65:21 66:10 76:8 95:1 98:7 98:18 107:4 116:6 116:9 116:17 117:3 122:7 122:20 | |
| **corner**(3) 97:21 97:22 98:16 | |
| **correct**(17) 13:6 16:21 17:11 24:21 28:1 28:23 60:4 60:7 60:21 63:20 64:3 64:9 75:11 116:4 118:18 126:23 128:7 | |
| **correctness**(1) 63:11 | |
| **correspond**(1) 39:14 | |
| **could**(24) 14:1 14:4 18:20 21:22 25:17 26:13 31:12 31:15 31:25 34:15 37:17 39:13 41:23 43:24 49:3 52:6 53:10 62:1 69:2 80:6 91:3 105:22 115:6 122:5 | |
| **couldn't**(1) 59:25 | |
| **counsel**(9) 7:14 25:11 27:18 28:22 91:8 116:4 118:12 120:7 127:23 | |
| **counsel's**(1) 31:17 | |
| **count**(1) 120:9 | |
| **counter**(1) 102:7 | |
| **counterpart**(1) 31:15 | |
| **counterparts**(1) 118:2 | |
| **countries**(1) 43:15 | |
| **country**(1) 46:21 | |
| **couple**(6) 49:23 54:17 85:24 90:10 103:6 123:6 | |
| **course**(11) 29:15 30:6 30:15 32:2 35:14 52:15 55:10 56:22 58:1 78:9 113:22 | |

| Word | Page:Line |
| --- | --- |
| **court**(272) 1:1 7:3 7:9 7:13 7:15 7:24 8:14 8:19 8:23 9:14 10:1 10:6 10:9 10:15 10:19 12:2 12:16 12:25 13:4 13:8 13:13 13:19 14:25 15:1 15:1 15:23 16:4 16:5 16:9 16:11 16:13 16:15 16:17 16:17 16:18 16:19 16:24 17:6 17:8 17:11 17:17 18:12 18:15 22:15 22:19 22:24 23:1 23:8 23:9 23:11 23:22 23:14 23:17 23:18 23:25 24:6 24:8 24:9 24:12 24:23 24:25 25:2 25:24 26:17 26:21 26:24 27:3 27:6 27:8 27:12 27:15 27:17 27:21 27:25 28:4 28:5 28:25 29:2 29:6 29:16 29:17 31:9 31:23 32:2 33:7 33:19 34:14 34:24 35:6 35:13 35:21 36:2 36:7 36:8 36:21 37:23 38:6 38:9 38:11 38:15 38:22 39:8 39:9 39:17 39:23 40:3 40:8 40:10 40:13 40:22 41:1 41:19 42:7 42:12 42:14 42:16 42:24 42:25 43:12 43:25 44:4 44:16 44:21 44:23 44:25 45:6 45:16 46:6 46:9 47:5 47:12 47:15 47:19 47:22 48:10 48:14 48:23 49:8 49:21 50:2 50:13 50:17 50:19 50:22 51:3 51:12 51:21 51:25 52:15 53:6 53:17 55:6 55:10 55:19 56:6 56:11 56:18 57:8 57:18 58:1 58:5 58:12 58:15 59:4 59:6 59:18 60:2 60:5 60:11 60:18 60:19 60:22 61:9 63:14 64:1 64:4 64:6 65:24 67:1 68:13 70:1 70:12 73:2 73:5 73:14 73:19 74:5 74:8 74:11 74:14 74:17 74:19 74:25 76:9 76:10 76:22 77:15 79:19 79:22 80:1 80:20 85:15 90:1 91:22 91:24 92:22 93:18 95:10 99:5 99:6 99:16 104:9 104:12 104:14 104:21 105:12 105:15 106:12 106:15 107:4 107:14 108:2 109:23 110:18 110:20 112:11 115:10 115:17 115:22 116:14 117:5 117:6 117:8 117:10 117:12 117:16 117:19 117:23 118:3 118:11 118:15 118:19 118:23 118:25 119:3 119:18 119:20 121:6 121:11 123:8 124:10 124:12 125:5 125:12 125:14 125:21 126:2 126:6 126:7 126:10 126:13 126:16 126:20 126:24 127:3 127:7 127:9 127:12 127:15 127:24 | |
| **court's**(11) 7:10 9:4 9:11 23:19 26:14 28:2 31:25 32:5 37:11 38:20 40:16 | |
| **courtroom**(5) 1:10 8:20 28:23 38:17 79:6 | |
| **courts**(35) 8:5 11:6 14:19 16:1 18:7 19:20 19:23 20:18 21:6 21:13 22:12 29:24 30:6 32:19 34:9 41:8 43:21 44:1 46:24 51:18 52:24 53:13 54:4 57:15 70:15 81:8 85:9 85:18 92:10 93:9 110:12 115:7 118:7 118:10 124:21 | |
| **cover**(1) 114:2 | |
| **covered**(1) 99:8 | |
| **create**(1) 78:23 | |
| **created**(1) 87:24 | |
| **creating**(1) 78:7 | |
| **creatively**(1) 57:20 | |
| **creditor**(8) 5:21 6:16 6:21 6:25 65:7 65:15 68:4 68:10 | |
| **creditors**(5) 2:19 5:5 21:1 23:16 107:1 122:24 | |
| **creditors'**(4) 3:17 101:24 116:21 116:22 | |
| **crichlow**(7) 4:28 115:19 115:20 115:23 115:24 117:11 117:12 | |
| **criminal**(1) 105:25 | |
| **critical**(2) 73:17 93:14 | |
| **critically**(2) 96:1 96:3 | |
| **criticism**(1) 77:24 | |
| **cross**(10) 7:18 15:12 15:15 24:2 24:3 35:2 46:21 57:10 62:4 67:3 | |
| **cross-border**(6) 10:12 57:16 61:22 83:14 83:18 85:6 | |
| **cross-examinations**(1) 98:20 | |
| **crystal**(1) 20:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| cure(1) 18:19 | | debtors(146) 1:12  1:25  2:27  8:3  9:18 | | deposition(17) 59:5  60:15  62:10  64:22 | | disallowances(2) 96:3  123:20 | |
| curious(1) 24:11 | | 10:21  12:11  13:17  14:13  14:14  14:15 | | 65:23  68:11  74:1  79:11  89:19  90:6  90:10 | | discharge(1) 107:12 | |
| currently(2) 90:14  100:9 | | 14:16  14:16  22:2  22:2  22:20  23:21  24:14 | | 99:1  99:2  100:4  112:15  112:19  115:12 | | discipline(1) 77:11 | |
| cut(1) 70:2 | | 24:15  24:19  25:11  26:6  28:13  29:2  29:7 | | | | disclosed(1) 88:11 | |
| cutoffs(1) 122:25 | | 29:24  32:16  32:18  33:24  36:3  36:5  39:23 | | depositions(39) 20:2  20:9  54:15  59:12 | | disclosing(1) 87:22 | |
| cutting(1) 70:4 | | 41:9  41:9  41:14  41:14  41:22  42:8  42:19 | | 60:18  60:20  68:17  68:18  68:10  69:7  70:10 | | disclosure(7) 84:19  86:4  86:21  86:23  87:2 | |
| dan(3) 3:12  3:42  6:12 | | 42:23  45:18  46:2  46:3  47:3  47:4  47:24 | | 73:25  78:18  79:5  79:8  79:14  83:12  90:4 | | 89:15  98:3 | |
| dangerous(2) 20:11  20:12 | | 48:11  48:19  49:10  49:24  50:2  51:13 | | 94:13  98:12  98:20  100:6  107:19  108:7 | | | |
| daniel(1) 2:7 | | 51:14  52:3  52:18  52:21  53:25  54:12  55:13 | | 111:5  111:16  111:19  112:2  112:3  112:6 | | disclosures(1) 94:14 | |
| dannacher(1) 5:31 | | 55:13  55:14  58:7  58:13  58:16  58:20  58:22 | | 112:16  113:4  113:6  113:11  113:14  120:12 | | discontinued(1) 84:15 | |
| daryl(1) 1:35 | | 59:13  60:13  61:8  62:3  62:4  62:8  62:13 | | 120:17  120:18  121:3 | | discoveries(1) 29:5 | |
| data(7) 1:43  87:21  88:19  102:10  121:15 | | 62:14  64:12  65:7  65:11  65:15  66:15  66:16 | | | | discovery(137) 9:20  10:14  11:2  11:2  12:23 | |
| 121:16  128:13 | | 66:23  67:14  68:2  68:4  68:9  68:10  68:23 | | deprives(1) 10:5 | | 13:5  13:21  18:13  18:17  19:7  19:13  20:2 | |
| | | 70:22  70:24  77:17  77:19  78:19  81:16 | | derek(5) 1:26  2:29  8:2  9:2  80:21 | | 20:5  20:9  20:16  21:9  22:1  22:17  25:20 | |
| database(16) 87:4  87:7  87:11  87:24  87:24 | | 81:23  82:6  82:10  83:21  83:22  84:3  84:9 | | described(3) 9:6  78:3  84:23 | | 29:9  29:10  40:16  40:20  45:22  46:16  46:17 | |
| 88:6  88:15  102:11  102:14  102:16  108:11 | | 86:3  86:7  86:22  87:25  88:4  91:2  91:10 | | designate(1) 112:20 | | 47:21  49:24  52:10  52:13  53:23  54:1  54:15 | |
| 112:25  121:21  122:2  122:5  122:8 | | 92:2  92:18  94:25  95:1  96:15  100:12 | | designation(1) 91:12 | | 55:16  55:20  56:18  56:21  57:11  57:17 | |
| | | 100:13  110:15  110:22  116:1  111:25  112:23 | | desire(2) 37:11  93:8 | | 58:17  58:18  58:24  58:24  58:25  59:3  59:8 | |
| databases(5) 51:8  103:9  103:10  122:25 | | 113:10  113:13  113:21  114:2  114:5  114:15 | | desperately(1) 36:17 | | 59:9  60:3  60:3  60:15  60:16  60:17  60:25  62:16 | |
| 113:23 | | 114:25  115:14  116:24  117:6  118:2  118:4 | | detail(4) 58:4  92:15  95:20  96:21 | | 64:11  65:2  65:9  65:21  66:4  66:6  66:9 | |
| | | 118:6  118:16  118:16  119:10  119:12  119:13 | | detailed(2) 95:24  114:3 | | 66:21  67:21  68:3  68:16  68:22  70:8  70:21 | |
| date(33) 27:1  28:17  49:6  50:1  50:20  53:14 | | 120:1  120:10  120:10  120:11  120:18  122:4 | | details(3) 33:23  34:4  57:25 | | 83:10  83:10  83:12  83:19  84:24  84:24  86:1 | |
| 53:16  54:13  55:17  56:5  58:20  59:5  76:20 | | 122:12  124:8  124:15 | | determination(5) 22:15  40:7  106:18  121:1 | | 86:2  86:3  86:9  86:10  86:11  86:13  86:14 | |
| 77:1  77:13  78:5  83:7  93:13  93:18  93:19 | | | | 125:6 | | 86:17  88:7  88:18  88:20  89:6  89:7  89:20 | |
| 97:22  98:15  102:13  106:4  106:7  106:9 | | debtors'(3) 81:11  113:1  116:4 | | | | 90:12  90:13  90:21  91:19  94:7  94:14  98:13 | |
| 110:11  110:12  110:13  111:8  111:11  115:9 | | debtor's(1) 85:13 | | determinations(2) 121:2  121:4 | | 99:1  99:2  100:2  100:9  100:10  100:23 | |
| 128:12 | | december(10) 54:8  54:9  54:10  54:13  77:2 | | determine(3) 14:12  18:11  114:7 | | 102:1  102:3  102:8  102:11  102:13  102:18 | |
| dated(1) 106:13 | | 77:4  77:5  77:13  85:21  85:22 | | determined(3) 18:18  59:14  73:11 | | 102:22  102:23  102:25  103:25  107:10 | |
| | | | | determines(1) 36:2 | | 107:11  108:4  108:6  108:18  108:19  109:5 | |
| dates(14) 25:4  48:24  50:9  55:15  56:3 | | decide(10) 11:6  20:19  20:20  25:25  26:6 | | detriment(1) 103:7 | | 110:19  110:23  111:10  111:10  111:13 | |
| 56:14  57:22  61:6  76:19  76:23  77:10  78:2 | | 57:23  61:23  63:8  114:17  114:22 | | developing(1) 61:25 | | 111:13  113:7  115:5  116:7  117:9  120:2 | |
| 93:20  94:16  94:18  97:16  98:13  98:15 | | | | deviate(1) 41:5 | | 123:12 | |
| 98:19  98:20  98:24  98:25  111:9  126:9 | | decided(6) 15:7  17:13  26:3  26:4  32:11 | | deviation(1) 91:13 | | | |
| | | 115:4 | | diaz(2) 1:43  128:13 | | discrete(1) 8:10 | |
| david(5) 2:30  3:27  4:28  5:23  115:20 | | | | did(24) 13:24  14:1  16:8  24:19  24:20  24:22 | | discretion(2) 116:23  117:4 | |
| day(15) 11:18  25:12  30:15  34:20  37:1 | | deciding(1) 26:5 | | 24:23  25:3  25:11  30:11  34:25  44:23  70:16 | | discuss(12) 12:4  12:6  12:11  13:2  27:14 | |
| 52:6  59:3  63:9  90:10  101:6  101:6  101:12 | | decision(11) 16:20  17:6  19:5  24:16  32:17 | | 76:22  83:5  94:3  94:3  95:25  96:10  96:20 | | 29:8  29:9  31:7  39:15  53:18  56:10  89:23 | |
| 104:16  127:5  127:25 | | 34:7  34:13  39:25  81:22  89:7  123:17 | | 100:22  111:7  117:20  126:10 | | | |
| | | decisions(5) 13:8  13:8  19:21  34:16  115:4 | | | | discussed(3) 32:9  42:13  92:14 | |
| days(7) 27:5  54:17  54:19  69:14  90:6  90:9 | | decker(1) 4:37 | | didn't(10) 11:15  14:3  30:2  33:12  41:3 | | discussing(1) 9:21 | |
| 107:23 | | declaration(1) 7:17 | | 42:20  43:3  71:1  71:7  72:17 | | discussion(5) 7:20  12:13  29:20  34:3  53:16 | |
| | | declared(2) 9:9  11:24 | | | | discussions(4) 28:22  30:11  37:25  73:3 | |
| dead(2) 122:22  123:4 | | declined(1) 87:22 | | didn't(9) 86:18  96:7  96:11  96:20  96:23 | | dismissal(2) 107:24  107:25 | |
| deadline(7) 14:10  52:11  56:6  97:23  98:11 | | decommissioned(6) 84:11  87:14  87:16 | | 97:6  118:2  121:17  121:18 | | dispensed(1) 89:25 | |
| 98:17  124:23 | | 87:17  113:24  121:15 | | | | disposition(1) 124:21 | |
| | | | | differ(1) 98:23 | | dispute(19) 13:22  26:1  46:3  55:17  56:6 | |
| deadlines(5) 12:7  39:13  45:22  55:16  90:2 | | decommissioning(1) 121:14 | | difference(24) 43:14  43:20  44:13  46:10 | | 61:16  61:18  61:24  66:14  83:3  85:4  96:10 | |
| deal(14) 9:1  9:3  18:15  35:5  39:16  42:20 | | defending(1) 77:7 | | 46:12  48:25  50:6  50:8  50:10  54:6  55:12 | | 96:10  97:1  106:15  107:25  111:20  113:18 | |
| 57:16  64:10  67:7  76:3  77:16  94:15  107:19 | | deference(3) 41:21  42:3  43:21 | | 58:2  58:22  67:16  76:13  76:22  76:23  76:23 | | 122:1 | |
| 115:6 | | define(6) 78:21  79:1  82:2  82:16  100:16 | | 79:3  79:8  94:15  95:4  110:15  125:2 | | disputes(7) 55:20  57:11  57:17  63:17  72:12 | |
| | | 108:2 | | | | 83:23  90:1 | |
| dealing(8) 32:25  58:19  72:11  92:9  92:12 | | | | differences(17) 44:13  45:20  45:23  46:25 | | | |
| 93:9  93:10  94:24 | | defined(8) 82:17  95:1  103:12  104:21  105:6 | | 48:16  48:20  58:6  61:5  67:19  75:12  75:13 | | district(6) 1:2  12:16  14:25  23:9  23:11 | |
| | | 107:10  116:12  116:18 | | 76:7  93:24  115:8  118:16  119:24  124:24 | | ditto(1) 90:3 | |
| dealt(5) 36:22  76:4  93:1  95:14  96:18 | | | | | | divest(3) 18:14  23:22  24:10 | |
| debate(2) 89:3  89:18 | | definitely(1) 94:10 | | different(15) 44:19  58:9  63:22  63:23 | | divested(2) 18:1  22:16 | |
| debates(1) 89:10 | | definition(5) 15:24  41:17  76:8  82:10  82:19 | | 65:10  75:18  75:24  85:2  93:3  95:6  97:5 | | divests(1) 24:8 | |
| debenture(2) 3:4  6:4 | | definitional(2) 94:22  100:15 | | 111:23  111:24  118:13  120:24 | | divide(1) 14:11 | |
| debtor(23) 2:5  4:35  8:6  9:8  13:9  25:8 | | definitions(2) 82:6  100:11 | | | | dividing(1) 61:21 | |
| 63:1  81:2  82:5  86:4  86:8  86:13  86:15 | | delano(1) 5:18 | | differently(4) 44:14  55:21  78:21  79:2 | | dla(1) 2:20 | |
| 86:17  86:20  86:21  86:22  86:23  88:25  90:7 | | delaware(13) 1:2  1:12  3:7  3:36  7:1  7:14 | | differs(1) 116:7 | | doable(1) 94:11 | |
| 119:2  120:7  125:17 | | 40:5  46:21  46:24  70:5  70:6  79:7  82:18 | | difficult(2) 30:21  36:16 | | document(31) 44:6  44:8  47:6  48:18  49:2 | |
| | | | | dimsdale(1) 5:47 | | 49:3  49:15  49:18  50:11  51:24  52:5  52:10 | |
| | | delayed(1) 14:8 | | dine(1) 5:35 | | 52:10  60:14  61:3  62:23  63:23  67:25  68:6 | |
| | | delivered(1) 124:13 | | diplomacy(1) 48:25 | | 69:9  70:23  78:15  78:24  87:10  89:20 | |
| | | delivery(1) 76:23 | | direct(1) 8:9 | | 103:19  108:6  108:15  113:21  114:6  116:14 | |
| | | demurred(1) 16:23 | | directed(1) 124:10 | | | |
| | | denial(5) 10:4  15:12  15:14  24:3  96:8 | | direction(8) 86:20  86:25  104:24 | | documentary(5) 76:21  98:3  107:11  108:4 | |
| | | denials(1) 96:5 | | directions(1) 105:6 | | 123:22 | |
| | | denied(2) 9:24  102:16 | | directly(7) 9:11  16:14  23:17  84:2  86:4 | | | |
| | | dennis(1) 6:22 | | 86:14  108:22 | | | |
| | | dentons(1) 5:12 | | | | | |
| | | deny(1) 23:7 | | directors(1) 64:14 | | | |
| | | depend(1) 60:19 | | dirty(1) 105:12 | | | |
| | | depending(2) 36:1  106:18 | | disability(1) 26:20 | | | |
| | | deposed(1) 89:22 | | disagree(3) 13:24  24:5  92:23 | | | |
| | | | | disagreement(2) 41:13  58:3 | | | |
| | | | | disagreements(1) 84:12 | | | |
| | | | | disallowance(1) 123:21 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **documents**(60) 44:14 48:20 49:5 51:1 51:4 51:20 52:19 52:25 55:1 58:9 62:11 63:22 64:24 66:2 66:3 67:6 69:12 71:18 71:19 71:20 71:22 71:25 72:2 72:14 72:17 73:12 83:12 84:1 84:5 87:4 87:6 87:8 87:18 88:3 91:12 94:2 102:6 103:15 103:20 104:3 104:5 106:12 107:19 108:5 108:13 108:16 108:17 113:9 113:23 113:25 114:7 114:14 114:17 114:18 115:15 115:16 122:1 122:3 122:14 122:15 | **easier**(1) 114:22 **easily**(2) 48:19 102:12 **echo**(1) 112:4 **ecro**(1) 1:41 **effect**(4) 28:8 35:13 98:4 105:1 **effective**(1) 69:20 **effectively**(2) 109:4 112:16 **efficiencies**(1) 78:23 **efficiency**(1) 110:9 | **equity**(1) 66:18 **ernst**(2) 2:4 4:39 **errors**(1) 119:23 **especially**(2) 57:10 109:2 **esq**(47) 1:26 1:27 1:33 1:34 1:35 1:36 2:6 2:7 2:14 2:21 2:22 2:29 2:30 2:31 2:32 2:39 3:6 3:12 3:18 3:25 3:26 3:27 3:35 3:41 3:42 4:6 4:7 4:13 4:20 4:28 4:37 4:40 4:42 5:7 5:9 5:13 5:18 5:31 5:35 5:41 5:47 6:6 6:12 6:13 6:18 6:27 6:43 | **expedite**(4) 11:10 17:2 17:18 124:15 **expedited**(3) 11:12 103:14 103:22 **expedition**(1) 110:8 **expense**(1) 87:20 **expert**(15) 53:22 54:1 54:15 58:12 58:24 58:25 59:8 59:11 60:16 61:7 77:18 83:10 84:24 111:10 111:13 **experts**(5) 59:15 59:16 59:21 59:23 60:5 |
| **does**(25) 9:10 9:20 10:15 13:18 18:10 18:14 19:3 31:8 34:14 37:11 39:7 67:9 73:25 74:15 74:17 77:25 78:23 92:11 93:19 94:19 106:4 107:8 107:17 109:1 109:15 | **effort**(2) 73:15 115:15 **efforts**(3) 46:15 46:16 103:18 **eight-ball**(1) 122:19 **eighth**(1) 125:11 **either**(10) 15:23 18:21 22:4 43:17 51:23 53:5 53:15 80:5 91:21 109:14 | **essence**(1) 124:20 **essential**(1) 60:8 **essentially**(3) 76:3 102:10 110:23 **establish**(1) 104:23 **estate**(8) 61:20 67:11 74:16 74:22 75:9 75:12 75:17 75:21 | **explain**(1) 14:4 **explained**(1) 25:7 **expressed**(1) 106:25 **extend**(1) 79:14 **extensive**(1) 106:16 |
| **doesn't**(7) 12:2 16:4 19:4 22:10 34:10 71:9 72:22 | **electronic**(10) 1:49 71:18 88:11 102:10 103:9 103:10 113:23 114:12 114:13 128:8 | **estate's**(1) 75:13 **esther**(1) 4:46 | **extent**(12) 34:6 34:13 43:7 62:6 62:15 77:15 81:12 84:18 91:15 111:22 118:6 124:24 |
| **doesn't**(1) 77:23 105:11 107:1 121:4 **doing**(3) 35:4 99:7 104:25 **dollars**(2) 92:13 93:5 **don't**(64) 8:17 12:5 12:19 12:20 15:2 15:9 16:6 17:2 19:12 19:14 19:15 19:16 20:18 23:1 23:7 25:16 25:21 25:23 25:24 31:1 33:4 33:24 34:3 35:4 36:19 37:24 39:11 41:5 41:10 42:1 42:8 43:13 43:14 44:8 44:8 44:9 45:9 46:24 47:5 50:4 51:1 55:22 55:22 55:22 55:23 56:1 56:7 56:22 61:4 62:9 62:10 66:6 67:15 68:8 68:9 68:18 68:20 68:21 68:25 69:10 69:24 70:24 70:25 | **eliminating**(2) 115:11 115:13 **eloquent**(1) 124:21 **else**(14) 14:7 20:21 20:23 22:17 26:5 31:1 40:25 76:9 79:20 82:9 88:4 88:10 105:22 117:12 **else's**(1) 25:25 **emails**(2) 84:6 84:8 **embodied**(2) 103:23 109:18 **emea**(75) 2:26 9:18 10:20 14:13 22:20 23:21 24:14 24:15 24:19 26:6 28:13 29:2 29:7 29:24 32:18 33:24 36:3 58:16 58:20 58:23 59:13 60:12 60:13 62:2 62:3 63:13 66:23 70:24 78:11 81:23 82:3 82:6 82:10 82:11 83:21 83:23 84:3 84:8 86:22 91:2 92:2 92:17 92:18 94:24 94:25 95:3 95:5 95:22 96:15 96:16 96:19 96:23 97:19 100:12 100:13 102:10 102:21 111:18 111:19 111:21 111:23 112:2 113:17 119:10 120:1 120:7 120:10 120:12 120:15 121:13 121:15 121:16 122:4 124:8 124:14 | **estates**(10) 43:15 46:4 61:17 68:17 121:24 121:24 121:25 122:7 122:23 123:1 **estimating**(2) 110:5 110:6 **estimation**(1) 110:4 **europe**(1) 58:14 **euthanasia**(1) 76:17 **even**(16) 45:24 47:2 49:7 51:17 59:15 77:25 78:20 79:1 81:24 84:5 84:13 90:6 94:3 114:16 114:16 121:4 **evening**(1) 9:16 **event**(2) 8:13 8:22 **events**(1) 83:24 **eventual**(1) 25:19 **eventually**(2) 37:19 90:18 **ever**(4) 20:4 41:20 119:11 124:22 **every**(13) 21:21 37:1 37:2 37:2 41:20 45:20 48:17 49:11 55:24 56:7 65:20 69:21 71:20 | **extra**(1) 49:23 **extraordinary**(2) 53:4 83:14 **extreme**(1) 105:10 **extremely**(1) 112:6 **face**(1) 37:20 **faced**(2) 16:9 19:5 **fact**(50) 10:22 11:19 13:10 20:16 20:20 21:7 28:7 32:24 33:24 36:7 38:17 39:12 52:13 54:9 58:12 58:17 58:18 58:23 59:3 59:7 60:3 60:15 60:16 61:6 63:12 65:25 71:21 77:18 81:4 81:24 83:10 83:11 84:24 88:16 103:1 106:9 106:16 108:22 110:23 111:9 111:13 112:7 112:16 112:21 113:10 114:18 116:10 119:12 119:25 120:9 **facts**(4) 59:24 60:6 65:19 78:11 **factual**(2) 76:14 121:12 **failure**(1) 124:14 **fair**(5) 15:2 67:2 70:7 102:22 105:20 **fairly**(2) 32:13 107:6 **fairness**(4) 85:25 85:25 86:19 86:25 **faith**(1) 19:14 **fall**(1) 108:16 **familiar**(2) 71:22 92:10 **far**(4) 16:23 35:11 51:14 102:16 **fara**(1) 2:32 **farallon**(1) 6:34 |
| **don't**(41) 78:20 78:22 79:9 82:16 84:1 84:4 84:6 87:16 88:20 89:2 89:3 89:8 89:10 89:13 90:1 90:25 93:10 96:1 96:3 99:13 103:10 103:18 112:4 113:1 114:1 114:15 114:15 114:16 114:18 115:3 116:25 118:21 119:15 119:15 119:16 119:16 120:9 120:13 121:3 125:2 125:17 | | **everyone**(20) 7:3 20:21 21:25 25:25 26:5 27:21 34:19 38:15 43:1 44:21 46:17 49:5 53:24 62:19 68:14 69:19 72:5 88:10 118:7 119:14 **everyone's**(1) 62:18 **everyone's**(1) 119:4 **everything**(13) 19:18 14:7 19:19 20:23 22:17 52:4 62:22 66:10 71:16 81:17 119:4 121:18 | **farr**(2) 3:40 6:26 **fashion**(2) 37:13 108:16 **fast**(2) 72:11 105:11 **federal**(8) 23:24 68:7 70:11 88:21 91:13 91:17 117:4 120:16 **feel**(7) 21:18 43:11 50:4 51:1 56:7 104:2 104:5 |
| **door**(2) 21:1 43:8 **doors**(2) 84:1 84:4 **doubt**(2) 81:2 111:5 **doubts**(1) 110:10 **down**(16) 14:2 14:22 45:19 45:21 48:18 50:10 50:15 52:2 52:24 58:23 69:21 85:8 89:4 89:20 101:7 113:9 | **emea's**(1) 84:6 **emily**(1) 1:36 **emphasize**(1) 110:14 **employees**(2) 111:2 112:9 **employees'**(1) 104:2 **enable**(1) 28:6 **enables**(1) 28:6 **encourage**(2) 50:7 117:1 **encouraged**(1) 77:12 77:15 | **everything's**(1) 39:6 **evidence**(10) 48:8 64:6 77:8 84:21 85:5 113:5 113:6 121:2 123:25 124:2 | **feet**(1) 35:19 **feld**(2) 3:24 5:6 **felt**(4) 53:4 53:8 55:24 72:18 **fence**(1) 43:18 **fencing**(1) 46:23 **few**(7) 36:23 77:16 96:6 96:6 97:13 99:1 102:9 |
| **dozens**(1) 59:12 93:1 93:4 **draft**(5) 11:20 31:19 49:19 82:11 119:12 **drafted**(1) 99:11 **drafting**(1) 38:24 **drag**(1) 50:4 **drag-back**(1) 123:4 **drags**(1) 122:24 **drastically**(1) 112:17 **dreams**(1) 19:10 **due**(12) 8:4 28:13 52:9 52:22 53:3 53:22 54:13 85:22 107:7 110:9 113:19 127:2 **dump**(1) 88:2 **duplicate**(1) 110:1 **duplicative**(1) 117:7 **during**(5) 30:15 56:14 84:22 89:5 110:24 | **encouraged**(1) 77:12 77:15 **end**(14) 8:16 11:13 19:11 44:19 46:22 53:14 53:16 53:21 54:1 54:15 59:2 59:7 67:17 89:20 **ending**(1) 108:7 **endorsem**(1) 30:17 **endorsement**(6) 29:17 29:23 30:7 32:21 36:20 124:7 **ends**(1) 53:23 **enforceable**(1) 19:11 **engaging**(1) 12:15 **english**(1) 90:18 **enormous**(1) 73:15 **enough**(7) 21:11 53:9 60:9 64:20 102:22 106:6 123:23 **ensure**(4) 94:23 99:5 107:13 107:15 **enter**(6) 13:5 16:4 16:7 24:13 28:9 32:17 **entered**(5) 15:23 16:1 16:1 16:9 34:6 **entering**(1) 35:14 **entire**(2) 44:10 80:5 **entirely**(1) 111:24 **entirety**(3) 67:10 81:21 101:2 **entitled**(2) 86:17 105:20 **entries**(2) 77:25 116:11 **envisioned**(1) 42:4 **equal**(1) 79:7 **equally**(2) 107:2 108:1 | **evidences**(1) 121:6 **evidentiary**(1) 63:5 **exact**(1) 120:9 **exactly**(4) 42:11 72:23 84:7 120:19 **exaggeration**(1) 93:5 **examinations**(1) 98:20 **example**(13) 65:14 68:4 68:9 68:21 116:4 71:6 73:24 78:5 82:2 84:3 92:15 100:4 114:9 **examples**(1) 103:6 **except**(2) 96:8 118:15 **exchanged**(1) 83:12 **exclude**(1) 66:18 **exemption**(1) 115:14 **exercise**(2) 14:9 40:12 **exercising**(1) 35:14 **exhibit**(1) 47:17 **exist**(3) 18:10 77:24 102:18 **existing**(3) 51:8 51:9 110:13 **exists**(2) 107:21 109:15 **expanding**(1) 122:20 **expect**(2) 57:11 89:4 **expecting**(1) 33:14 **expediency**(2) 75:17 103:4 | **fifth**(1) 48:25 **fight**(1) 91:10 **fighting**(1) 91:5 **figure**(4) 46:19 85:9 100:6 113:11 **file**(7) 11:23 15:7 69:13 92:18 96:9 96:10 96:15 **filed**(28) 9:16 9:23 10:8 10:23 14:13 15:11 15:14 15:21 16:8 16:22 17:20 23:4 23:6 23:15 24:24 25:1 25:12 46:1 46:2 95:18 95:23 96:12 96:18 107:23 112:23 120:10 120:11 123:17 **files**(1) 119:17 **filing**(7) 10:3 10:24 16:2 49:20 50:1 66:20 116:14 **filings**(1) 106:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| fill(2) 57:24 126:8 | | forcing(1) 78:22 | | gave(3) 56:25 69:18 121:16 | | grace(1) 117:16 | |

fill(2) 57:24 126:8
final(2) 41:14 111:8
finality(1) 43:7
finally(1) 90:24
financial(4) 59:24 71:8 71:10 104:24
find(12) 8:13 62:16 82:15 82:22 84:20 84:21 89:2 89:3 101:6 114:9 124:1 126:5

finding(1) 19:3
fine(12) 8:18 8:25 26:9 31:6 39:6 50:24 86:15 87:6 87:17 88:7 125:23 127:1

finger(1) 3:17
finish(1) 49:20
firmly(2) 107:7 109:7
first(21) 8:12 13:23 14:6 22:20 45:8 47:8 49:12 50:8 68:1 81:15 86:1 94:2 97:22 102:9 110:13 110:21 112:1 114:4 119:10 121:2 124:23

five(7) 27:11 27:15 37:23 45:25 69:6 69:10 120:6

five-minute(2) 37:7 37:21
fixed(1) 106:4
flexibility(1) 111:12
flexible(2) 107:14 120:21
flip(3) 85:12 97:16 98:25
floating(1) 49:13
flooded(1) 44:11
floor(2) 1:28 4:22
flows(1) 14:7
flurry(1) 21:23
flying(1) 44:20 118:14
focus(2) 67:9 76:4
folks(4) 50:1 58:17 58:23 122:18
follow(1) 94:16
followed(2) 95:21 96:12
following(2) 34:2 112:7
follows(1) 124:7
footnotes(1) 120:24
for(253) 1:22 1:25 2:4 2:19 2:26 3:4 3:17 3:33 4:4 4:12 4:19 4:26 4:35 4:39 4:45 5:4 5:16 5:21 5:30 5:34 5:38 5:44 6:4 6:9 6:16 6:21 6:25 6:30 6:34 6:38 6:42 8:3 8:8 8:10 8:13 8:22 9:2 10:8 10:10 10:12 11:21 12:12 12:21 13:19 15:14 15:16 15:20 15:22 16:5 17:16 18:11 18:16 18:25 19:9 19:22 20:7 21:19 22:8 22:19 22:21 22:21 24:14 25:13 26:5 27:4 27:15 29:16 30:9 32:1 33:2 33:10 33:19 35:2 35:3 35:16 36:15 37:1 37:3 37:4 37:6 37:12 38:11 38:23 39:10 39:14 40:7 40:15 41:5 42:1 42:15 43:2 45:10 45:19 46:12 48:5 49:1 49:16 49:16 50:1 51:2 51:4 51:6 52:24 53:13 54:17 54:25 55:15 56:4 56:6 57:1 58:23 59:15 59:23 61:11 62:2 63:10 63:11 65:5 65:14 66:10 66:22 68:4 68:9 68:21 70:18 72:3 72:7 72:10 73:24 73:25 74:15 76:9 76:19 76:21 76:23 77:10 78:4 78:5 79:12 80:16 80:22 80:24 81:1 82:1 82:5 82:8 82:9 82:20 82:24 83:6 83:11 84:3 84:21 85:17 85:18 85:19 85:20 86:6 88:10 88:10 88:15 88:24 89:7 89:11 89:17 90:3 91:4 91:10 91:10 91:11 91:18 92:2 93:13 95:4 97:16 97:23 98:17 98:19 98:19 99:20 99:21 100:4 100:18 101:11 101:14 101:24 102:7 102:13 102:25 103:2 103:3 103:21 103:24 104:10 104:16 104:22 105:5 106:5 106:7 106:17 106:23 106:24 107:4 107:21 107:24 108:1 108:15 110:4 110:5 110:6 110:7 110:8 110:9 110:11 110:25 111:1 111:2 111:5 111:18 111:19 112:6 112:7 113:6 113:17 113:23 114:15 115:2 115:4 115:7 115:25 116:5 116:13 116:16 117:8 118:7 118:8 118:12 118:15 119:1 119:4 119:5 119:18 120:12 120:14 121:3 121:13 122:4 122:5 123:23 124:5 124:10 125:25 126:10

forcing(1) 78:22
foregoing(1) 128:7
foreign(1) 59:13
forever(1) 30:23
forfeited(2) 18:4 18:21
forgive(1) 31:10
fork(2) 11:9 11:15
form(6) 9:19 23:3 29:1 41:14 49:14 114:12
formal(1) 7:17
format(2) 85:6 93:13
formed(1) 122:8
former(3) 104:2 111:2 112:8
forms(1) 41:10
forth(1) 80:18
forum(2) 19:12 106:25
forward(29) 10:21 11:8 14:21 18:14 18:17 19:13 19:23 20:16 20:17 20:20 22:22 22:24 24:18 25:13 30:1 33:18 33:22 33:24 34:15 36:18 39:23 40:5 40:6 40:15 41:4 75:20 92:8 93:18 121:6

found(1) 19:10
four(13) 45:25 48:20 49:10 53:9 58:6 61:7 62:11 81:4 92:23 94:1 109:8 109:10 120:8

four-week(1) 17:3
fourth(2) 55:12 95:16
frame(3) 92:5 92:11 93:6
frames(1) 93:21
france(1) 82:8
frank(2) 65:3 75:19
frankel(1) 5:22
frankly(4) 13:5 14:19 33:2 66:14
fred(1) 5:7
free(1) 115:6
freeman(1) 33:15
french(1) 82:5
friday(1) 21:16
friend(3) 36:5 92:3 92:21
friends(4) 8:17 29:20 30:12 96:20
frivolous(11) 9:9 11:24 12:17 12:20 18:3 18:21 21:12 22:6 22:15 24:9 28:11

from(70) 9:24 10:4 10:11 13:7 13:7 14:6 14:7 16:2 17:17 18:7 23:2 24:19 26:15 27:19 28:2 30:1 31:7 31:16 38:13 39:22 39:25 42:19 51:17 54:21 55:10 56:20 59:2 59:8 66:23 66:23 71:8 71:11 71:23 74:5 75:24 78:7 84:3 84:15 84:20 85:11 86:4 86:10 86:11 86:14 86:21 86:23 88:4 91:13 96:14 97:17 98:10 98:15 101:4 106:14 109:3 110:21 112:22 114:20 116:7 117:6 119:22 120:1 122:17 122:17 122:17 123:11 123:19 124:21 125:22 126:8

front(24) 9:13 12:16 21:8 43:9 46:16 46:18 50:3 52:23 53:13 55:5 56:4 67:24 69:1 69:16 70:4 70:15 70:16 70:19 70:25 71:23 93:22 97:17 107:18 120:9

front-end(1) 94:5
frontloaded(1) 110:23
frontloads(1) 108:5
fruits(2) 66:4 66:6
fsd(2) 104:24 123:16
fully(3) 107:21 111:22 117:3
function(1) 107:14
fund(1) 5:40
fundamental(3) 86:18 107:7 109:5
fundamentally(1) 108:16
fundamentals(2) 105:19 106:2
funds(1) 86:1
further(5) 10:6 32:17 37:21 60:10 65:25
furtherance(1) 117:25
future(2) 20:4 115:5
gage(1) 5:41
gallagher(2) 3:40 6:26
game(2) 20:11 20:12
ganged(1) 66:25

gave(3) 56:25 69:18 121:16
gee(2) 70:24 120:8
general(1) 103:11
generated(1) 90:21
generous(1) 61:19
gentleman(1) 122:17
george(1) 5:31
get(45) 11:12 17:21 20:23 21:1 21:18 21:24 22:6 34:22 37:3 40:19 50:15 52:4 52:25 53:7 53:10 57:22 57:24 60:25 61:4 61:10 66:4 66:5 66:6 71:10 72:24 75:19 78:24 78:24 85:1 87:21 89:8 89:9 90:3 97:17 100:6 101:3 104:15 109:3 110:10 111:5 113:5 114:18 115:2 122:10 123:17

gets(7) 49:5 63:6 63:22 85:21 90:5 120:16 120:16

getting(4) 11:10 39:15 84:13 122:11
gill(1) 5:47
ginger(1) 1:41
give(20) 37:8 38:5 38:6 52:18 67:14 68:12 71:6 72:5 89:12 89:21 92:15 103:6 105:1 105:6 111:12 114:9 120:7 121:17 121:19 122:21

given(33) 50:20 65:6 66:15 67:18 71:15 73:20 76:15 82:2 86:3 86:13 86:20 86:22 91:7 91:7 92:7 94:4 94:13 95:2 96:22 97:2 98:5 98:6 103:5 106:9 107:6 109:6 109:19 112:21 113:13 115:14 118:13 121:13 123:22

gives(3) 24:4 51:4 54:14
giving(3) 65:8 89:1 103:9
glad(1) 33:7
glance(1) 124:23
globally(1) 95:9
goal(2) 43:7 75:16
god(1) 33:10
goes(7) 11:11 53:14 61:11 71:17 95:11 101:11 120:25

going(89) 14:23 18:21 19:15 19:15 19:16 20:1 20:2 20:10 20:14 20:17 20:21 21:4 21:4 22:13 22:14 27:8 28:10 29:21 30:22 35:2 36:24 37:1 37:6 37:9 37:16 37:20 37:21 40:4 40:16 47:6 47:25 50:14 56:22 57:22 60:18 60:19 64:13 64:18 66:5 67:24 68:12 69:24 71:2 71:15 72:13 72:19 72:20 73:20 75:3 75:22 80:16 80:17 83:8 83:13 84:14 85:5 85:8 85:10 86:5 86:9 86:10 86:10 87:9 88:11 88:23 90:4 90:23 94:17 97:20 98:4 98:7 99:25 103:12 103:13 103:16 103:22 106:7 111:3 111:4 112:3 113:1 113:2 113:24 116:2 116:18 120:6 121:10 123:11

gone(2) 19:13 123:15
good(36) 7:3 7:4 7:4 7:6 7:6 7:12 7:13 8:1 8:1 8:24 11:17 11:19 13:14 13:15 13:15 19:14 41:12 42:15 58:8 73:16 76:16 89:1 101:8 101:23 109:23 109:24 109:24 115:18 115:19 115:19 115:22 115:24 117:23 123:23 126:24 127:25

got(21) 21:11 33:4 33:5 33:7 48:10 88:12 88:21 94:1 96:5 96:6 96:14 96:25 96:25 97:1 101:8 104:17 119:15 119:21 119:24 121:16 121:24

gotten(2) 42:25 55:5
gottlieb(31) 1:32 4:35 13:16 15:14 28:19 30:10 30:13 30:18 30:25 31:18 31:21 32:4 35:18 35:23 35:24 38:23 39:4 40:1 91:25 92:1 92:2 97:11 98:1 99:10 99:15 99:19 99:24 100:25 101:10 101:18 123:19

gottlieb's(2) 32:20 39:21
govern(3) 49:15 77:21 106:7
governed(1) 116:20

grace(1) 117:16
graciously(1) 119:13
grant(2) 15:20 76:9
granted(3) 30:9 95:23 124:11
grass(2) 81:18 119:8
great(4) 25:14 39:16 92:15 99:19
gross(36) 1:19 7:12 7:20 7:22 8:7 21:15 27:10 27:11 28:20 28:24 30:2 31:22 35:18 35:25 36:16 36:21 36:25 37:4 37:6 37:11 37:22 39:7 74:24 76:2 78:14 79:18 80:21 92:2 95:4 100:1 100:19 109:24 112:11 124:18 125:3 127:18

grounds(2) 13:11 95:13
group(13) 4:5 4:19 65:4 68:16 68:22 69:3 78:24 78:25 90:8 91:6 98:18 107:1 111:17

grouped(2) 78:22 78:22
grouping(2) 78:19 79:12
groupings(1) 109:2
groups(9) 68:3 70:9 78:20 79:4 79:5 120:2 120:12 120:13 122:20

guess(6) 9:23 23:20 45:2 52:6 56:15 125:6
guidance(2) 72:19 105:12
guiney(1) 6:6
gump(2) 3:24 5:9
guyder(1) 2:7
had(65) 7:20 9:10 17:19 25:8 25:15 28:22 29:14 29:20 32:12 35:2 39:12 39:20 41:8 41:10 41:18 41:20 42:1 42:21 42:24 43:16 43:22 45:3 45:8 45:18 49:24 53:2 53:2 56:1 58:18 59:16 70:21 72:4 73:7 73:9 76:13 77:1 82:2 82:5 84:8 90:20 91:18 99:8 100:16 102:5 102:14 104:8 108:11 111:16 112:24 113:20 114:5 115:8 118:4 119:14 119:17 121:15 121:15 121:19 122:4 122:7 123:1 123:6 123:13 123:13 125:10

hadley(2) 4:5 5:16
half(5) 52:14 59:2 59:9 60:1 94:12
hall(1) 2:6
hamilton(2) 1:32 4:36
hand(4) 48:22 58:9 107:4 127:1
handcuffs(2) 36:10 36:19
handful(1) 14:20
handle(1) 8:12
hands(2) 21:1 36:21
hanging(1) 125:9
happen(3) 18:14 42:5 42:17
happened(7) 15:8 15:10 83:24 84:4 84:22 100:4 121:21

happening(10) 20:9 20:19 20:21 22:10 32:24 63:2 64:19 78:1 78:2 78:3

happens(4) 14:22 78:9 81:14 84:25
happy(13) 13:2 21:16 21:16 21:17 21:17 22:13 44:17 48:17 63:17 63:19 123:3 125:23 126:3

hard(5) 56:5 75:11 85:3 89:14 89:16
hardcopy(1) 113:25
harder(2) 50:8 123:5
harrisburg(1) 1:45
harron(1) 2:39
has(69) 7:22 13:20 14:9 15:14 15:19 15:21 15:22 16:1 16:9 16:23 17:7 18:1 18:2 19:13 20:6 21:21 24:12 25:16 25:24 31:21 34:7 35:11 37:17 38:6 39:24 41:25 47:16 47:20 57:4 60:8 65:21 66:12 66:14 66:19 68:14 69:3 69:15 70:19 71:11 71:14 75:21 75:21 76:25 78:14 79:3 82:16 85:13 86:13 87:9 87:10 90:7 93:1 93:6 93:8 93:18 95:10 98:3 102:6 104:6 105:12 120:1 120:3 120:23 120:20 120:24 121:9 121:20 123:19

hasn't(1) 92:14
hate(1) 92:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**hauer**(2) 3:24 5:5

**have**(279) 7:16 7:19 7:20 9:5 9:9 9:17 11:10 11:15 11:24 12:2 12:3 12:20 14:13 15:8 15:10 16:4 16:6 17:6 17:19 18:4 19:4 19:6 19:17 19:23 20:15 20:19 20:20 20:24 20:25 21:3 21:4 21:6 21:8 21:9 22:20 23:2 23:3 23:5 23:13 24:1 24:15 25:10 26:8 26:13 26:17 26:19 28:12 28:16 29:11 29:12 29:14 30:11 32:16 32:19 32:20 33:2 34:2 34:4 34:8 34:12 35:10 35:11 36:23 36:25 37:10 37:19 37:25 38:25 42:13 43:3 43:4 43:24 44:8 44:11 44:21 45:7 46:1 46:2 49:19 49:20 49:22 50:4 51:15 51:22 52:20 54:10 55:15 55:21 56:3 56:4 56:5 56:22 56:23 56:25 57:5 57:12 57:22 59:10 59:10 59:10 59:10 59:11 59:11 59:12 59:21 59:22 60:8 62:4 62:9 62:10 63:3 64:8 65:22 66:15 66:17 67:11 67:12 67:23 68:9 69:6 69:6 69:13 69:13 69:24 70:16 70:22 71:9 71:21 71:23 72:18 73:3 73:16 75:18 77:16 78:2 78:18 79:10 79:24 80:11 80:24 81:18 81:22 82:3 82:9 82:25 83:16 83:17 83:20 84:1 84:5 84:10 84:13 84:15 84:17 84:21 85:8 86:3 86:22 87:5 87:17 87:10 87:12 87:15 87:16 87:18 87:22 88:21 89:3 89:18 90:5 91:5 92:25 93:4 93:5 93:16 94:4 94:6 96:4 96:4 96:11 96:15 97:7 97:15 97:19 97:24 100:4 100:11 100:18 101:5 101:8 101:14 102:3 102:15 102:19 103:10 103:18 103:19 103:20 104:1 104:3 104:6 104:23 105:23 105:24 106:7 106:9 107:1 107:9 107:18 108:10 109:18 109:19 109:20 110:10 110:12 110:15 111:3 111:4 111:7 111:20 111:23 112:2 112:4 112:12 112:20 112:22 112:24 112:24 113:7 113:14 114:3 114:6 114:7 114:8 114:16 114:16 114:17 114:18 114:20 115:5 115:14 115:16 115:22 116:2 116:7 116:13 116:22 116:25 118:2 118:9 118:13 118:21 118:21 119:11 119:16 120:5 120:9 120:10 120:11 120:21 120:23 121:3 121:4 121:13 121:18 122:4 122:7 122:9 122:16 122:23 123:3 123:10 123:15 124:1 124:6 125:15 126:6 126:7 127:25

**haven't**(1) 22:25

**haven't**(5) 84:8 118:4 123:13 123:13

**having**(20) 11:6 26:12 34:9 52:25 61:13 61:14 62:16 62:16 63:9 64:21 66:9 68:15 70:4 84:12 88:2 89:10 89:17 113:22 117:8 117:8

**haystack**(1) 72:3

**he'd**(1) 33:12

**he'll**(2) 19:5 19:5

**he's**(7) 18:21 20:11 20:21 22:10 22:12 33:7 35:3

**heading**(1) 47:17

**hear**(13) 7:22 22:13 28:14 35:13 35:16 55:10 56:6 56:19 57:4 62:16 74:2 75:15 122:13

**heard**(18) 11:11 27:14 40:25 44:18 63:4 64:16 74:9 74:16 75:10 80:8 81:21 93:10 105:21 106:2 108:5 119:4 120:19 122:17

**hearing**(33) 7:17 9:17 10:12 13:19 15:9 17:18 17:19 21:15 22:9 26:13 26:22 27:1 28:11 29:3 34:5 35:5 37:12 44:10 55:17 59:16 63:9 64:6 64:16 64:22 76:14 105:24 121:5 124:8 124:25 125:7 125:25 126:21 128:4

**hearings**(6) 7:19 11:7 55:16 56:4 64:19 85:1

**heavily**(3) 94:5 99:2 110:22

**heavy**(1) 75:22

**held**(4) 44:15 84:5 84:13 121:20

**helpful**(11) 30:15 31:13 43:4 43:8 45:3 45:4 49:23 52:1 56:3 56:24 57:19

**her**(1) 76:24

**herbert**(1) 6:11

**here**(77) 7:9 8:3 8:4 12:16 14:19 14:22 15:2 17:23 18:7 19:25 20:7 20:9 21:5 21:8 22:5 28:1 28:5 28:23 29:1 30:12 32:12 32:24 32:25 33:3 34:6 34:24 35:8 35:9 37:21 37:24 40:5 40:17 55:9 66:18 73:16 74:20 77:21 79:6 82:17 83:13 83:15 90:13 90:18 90:22 91:6 92:6 92:13 94:4 94:17 95:13 98:19 99:4 100:11 101:6 101:6 101:6 102:5 103:6 109:8 110:4 115:24 116:11 118:5 118:14 119:17 121:7 121:10 123:12 124:19 127:25

**here's**(3) 24:11 32:15 72:14

**hesitate**(1) 125:2

**high**(6) 48:1 73:10 97:5 97:6 97:7 97:14

**high-level**(2) 92:4 94:1

**highlights**(1) 48:16

**highly**(1) 35:7

**him**(8) 16:6 18:25 20:8 20:19 20:22 22:13 35:1 92:23

**his**(16) 15:3 18:20 18:20 19:4 20:3 21:10 21:11 22:11 22:18 23:6 31:15 34:23 35:19 82:9 108:10 126:5

**historically**(1) 121:16

**hit**(3) 97:5 97:6 97:6

**hoc**(3) 4:4 5:16 102:10

**hodara**(1) 5:7

**hoeffner**(1) 2:22

**hogan**(1) 5:45

**hold**(6) 19:24 28:10 30:23 34:17 42:20 47:23

**holder**(1) 66:18

**holding**(1) 34:10

**holiday**(4) 55:2 85:23 111:1 111:1

**holmstead**(1) 6:31

**honestly**(1) 55:24

**honor**(99) 7:6 8:1 8:4 8:7 8:9 8:18 8:25 10:18 13:7 13:16 16:24 17:16 17:23 18:6 20:6 21:13 22:8 22:18 24:22 25:7 26:15 26:22 28:21 30:19 30:25 31:5 32:15 34:7 34:15 34:21 35:24 36:15 38:24 39:4 39:10 40:5 40:19 41:5 41:8 45:1 45:17 48:5 50:7 50:25 52:12 53:19 60:21 61:15 64:14 65:4 65:18 67:21 70:5 73:7 74:4 74:13 74:15 74:23 83:1 90:11 91:23 92:1 94:8 95:18 95:23 96:4 97:2 97:13 97:17 97:20 97:24 98:16 99:15 99:21 99:24 99:24 100:10 101:10 101:18 102:2 102:3 110:14 111:15 113:7 115:7 115:16 115:19 115:24 116:15 117:11 117:14 120:2 123:14 125:22 126:12 126:23 126:25 128:2 128:3

**honor's**(4) 9:10 10:11 44:19 59:12

**honorable**(1) 1:19

**honors**(21) 17:19 33:18 44:11 45:3 45:20 50:11 56:2 56:12 56:15 57:13 64:18 64:19 67:5 75:15 92:6 116:1 122:9 122:25 123:5 124:2

**honor's**(1) 93:10

**hope**(4) 9:12 17:12 51:16 124:2

**hoped**(1) 73:9

**hopeful**(1) 49:14

**hopefully**(2) 34:19 124:1

**horse**(1) 20:6

**hour**(1) 90:6

**hours**(2) 90:10 125:1

**how**(36) 7:23 14:20 26:1 36:21 50:3 51:19 57:16 57:23 57:23 62:24 63:6 63:8 64:10 67:18 67:22 67:23 72:19 72:25 73:25 78:25 82:2 85:5 89:18 89:18 90:24 91:14 93:21 100:6 101:21 103:7 107:17 113:22 113:11 114:1 114:3 120:6

**however**(4) 19:2 54:19 83:7 124:13

**hubbard**(1) 2:28

**hughes**(1) 2:28

**hundred**(1) 79:5

**i'd**(6) 13:2 13:23 32:3 35:4 58:2 60:25

**i'll**(10) 14:4 24:18 28:4 39:10 45:21 47:1 55:10 60:24 69:5 70:2

**i'm**(22) 9:2 9:9 19:25 20:6 23:10 25:3 25:3 28:10 28:19 29:20 30:22 31:2 33:7 33:19 37:6 37:21 40:24 43:5 45:11 47:19 47:25 50:17

**i've**(7) 9:16 28:22 29:20 33:9 45:10 56:19 63:7

**idea**(20) 11:17 11:19 32:20 43:22 45:25 65:2 66:9 67:10 68:3 68:3 68:15 69:15 72:19 76:16 89:8 108:19 113:8 120:25 121:6 121:20

**identical**(1) 111:22

**identification**(2) 82:12 82:13

**identify**(2) 102:19 103:15

**ifsa**(3) 121:25 122:25 123:1

**ignored**(2) 83:4 105:19

**imagine**(2) 19:10 69:11

**imbalance**(2) 83:20 121:9

**immense**(1) 92:15

**impact**(1) 9:20

**implicate**(1) 10:15

**implications**(1) 31:7

**implicit**(1) 118:1

**implicitly**(1) 108:21

**importance**(4) 104:1 105:7 106:10 107:15

**important**(23) 13:18 15:7 17:10 17:14 19:8 21:18 40:11 64:23 75:9 75:14 75:14 75:25 77:10 85:17 86:5 92:9 92:12 98:2 98:15 105:9 112:6 116:7 116:8

**importantly**(1) 30:6

**impose**(2) 8:17 90:2

**imposed**(1) 72:2

**imposition**(1) 35:3

**impossible**(1) 45:9

**inaccurate**(1) 123:7

**inappropriate**(2) 20:5 35:16

**inc**(2) 1:8 48:9

**inclined**(3) 50:19 56:12 67:6

**include**(3) 34:24 56:13 76:8

**included**(1) 41:19

**including**(5) 25:19 29:5 54:15 55:23

**inclusive**(1) 116:5

**inclusiveness**(1) 122:22

**inconsistent**(1) 113:19

**indalex**(1) 105:13

**indeed**(1) 17:5

**indenture**(6) 3:5 4:27 64:15 115:25 116:9 116:20

**independent**(2) 16:20 116:25

**index**(4) 72:5 114:17 114:19 115:1

**indexed**(1) 71:24

**indicated**(5) 17:1 17:7 30:11 52:12 73:24

**indices**(5) 114:1 114:2 114:3 114:8 115:1

**indiscernible**(20) 30:17 36:24 37:13 48:4 75:4 79:25 80:12 80:18 82:7 99:9 99:18 101:17 105:4 124:6 124:9 124:12 124:17 125:1 125:2 127:19

**individual**(3) 49:17 49:17 92:21

**indulgence**(1) 100:18

**indulgences**(1) 32:1

**inefficiencies**(1) 78:23

**inevitably**(1) 37:10

**inextricably**(1) 106:21

**inform**(1) 126:6

**information**(3) 83:21 83:21 84:2 87:8 87:25 88:1 88:8 121:9

**informed**(2) 14:3 106:1

**ingersoll**(1) 2:13

**inimical**(1) 106:5

**initial**(2) 32:6 73:9

**input**(1) 24:12

**inspection**(1) 72:10

**instance**(1) 114:4

**instead**(1) 8:16

**instituted**(1) 10:12

**institutional**(2) 32:16 81:22

**instruction**(1) 72:24

**insufficient**(1) 108:14

**intend**(3) 22:16 44:9 88:19

**intended**(1) 45:3

**intensive**(1) 108:6

**intention**(1) 10:21

**inter**(1) 78:10

**inter-mix**(1) 77:23

**interest**(6) 35:9 65:16 67:11 106:25 109:19 116:23

**interested**(6) 6:30 6:34 6:38 6:42 44:2 105:20

**interesting**(1) 27:23

**interests**(5) 3:34 67:11 75:18 109:16 122:9

**interfere**(2) 51:23 76:11

**interim**(7) 20:3 55:15 56:3 56:5 57:22 77:10 111:9

**interlocutory**(1) 15:18

**internally**(2) 53:2 54:24

**international**(2) 5:45 48:25

**internationalists**(1) 119:5

**interpret**(1) 97:6

**interrogatories**(10) 50:11 52:5 52:11 68:7 82:12 82:13 82:14 82:20 82:22 116:14

**interrogatory**(1) 82:21

**interrupt**(2) 28:19 31:9

**intervening**(1) 96:2

**interwoven**(1) 106:21

**into**(29) 8:12 13:25 21:1 31:11 32:17 39:15 52:24 52:25 54:9 54:16 60:14 60:14 60:24 61:11 61:18 61:21 62:22 62:24 63:6 63:22 64:10 72:7 73:15 81:18 108:7 121:5 122:1 123:14 124:2

**introduce**(2) 8:11 112:14

**investigate**(1) 84:20

**invitation**(1) 18:24

**invite**(1) 20:22

**invited**(1) 24:12

**involve**(2) 86:9 109:17

**involved**(7) 12:19 31:8 105:8 105:11 107:16 109:10 116:6

**involves**(1) 61:16

**iron**(1) 71:19

**ironically**(1) 42:19

**isn't**(8) 25:21 25:23 28:24 41:13 43:8 64:16 67:19 67:19

**isn't**(3) 78:7 95:12 120:8

**issuance**(1) 34:17

| Word | Page:Line |
|---|---|
| **issue(51)** | 8:15 11:6 15:18 17:23 28:16 28:24 29:1 31:16 32:25 34:10 34:11 34:22 39:1 40:18 40:24 40:25 42:2 46:14 46:15 49:12 50:14 51:2 52:15 53:17 53:20 54:25 57:14 58:11 60:16 61:11 66:11 67:3 67:4 71:17 72:20 77:19 80:3 86:24 86:25 87:13 87:23 90:24 91:1 91:7 95:16 102:3 111:17 113:20 116:2 122:14 125:16 |
| **issue's(1)** | 28:3 |
| **issued(2)** | 32:21 34:5 |
| **issues(82)** | 7:21 8:10 9:3 9:4 9:13 11:1 11:3 12:3 12:4 12:19 13:3 13:20 14:20 26:8 28:14 36:13 37:9 37:10 39:3 39:6 39:13 40:21 41:17 45:24 51:15 51:19 51:19 52:2 52:22 55:7 56:19 57:12 59:13 59:17 59:24 61:7 61:15 63:10 65:17 67:22 67:22 67:25 73:11 73:21 76:3 76:5 76:18 77:13 79:2 80:25 81:1 81:14 83:13 83:14 83:15 83:19 84:4 85:4 85:25 89:6 90:4 90:9 91:5 91:11 92:10 92:19 93:3 93:13 93:20 105:8 106:10 106:16 106:17 107:9 107:16 108:2 111:16 111:21 115:6 116:7 118:14 |
| **it's(86)** | 7:4 8:20 8:25 9:2 10:14 10:20 12:7 12:20 13:6 13:7 14:7 15:2 15:6 15:7 15:9 15:18 16:17 17:13 17:25 20:10 20:17 21:18 22:11 23:2 24:9 24:13 27:4 28:1 28:4 28:25 31:10 34:3 35:8 35:10 35:12 36:9 37:12 40:15 42:25 44:2 45:20 46:11 46:12 47:2 47:17 49:18 50:2 52:7 52:12 53:3 53:20 53:21 54:18 54:22 55:4 56:5 57:19 57:23 58:3 58:8 58:25 59:1 59:4 60:15 62:6 63:17 63:19 63:21 64:17 64:18 64:23 65:11 65:11 65:12 65:12 66:11 66:11 68:18 69:11 69:12 69:23 69:25 70:8 70:9 70:10 72:14 |
| **item(1)** | 127:14 |
| **items(1)** | 73:9 |
| **its(10)** | 18:15 28:2 77:25 81:20 99:5 99:5 99:17 101:2 107:14 115:1 |
| **itself(3)** | 29:10 61:2 116:20 |
| **it's(54)** | 43:8 75:9 75:14 75:24 76:7 77:3 77:11 77:21 78:8 79:12 80:18 81:4 85:5 86:25 88:2 89:2 89:14 89:16 92:8 94:23 95:5 95:9 95:9 95:19 97:15 97:18 97:21 98:9 101:4 101:13 102:22 106:6 113:3 113:13 114:15 114:19 115:20 115:22 116:10 116:19 118:7 118:15 120:4 120:19 120:20 121:5 121:7 121:7 122:2 122:3 122:15 122:15 123:23 126:8 |
| **i'd(2)** | 74:2 116:3 |
| **i'll(10)** | 74:7 92:10 95:4 103:22 114:9 117:24 124:18 125:3 126:7 127:1 |
| **i'm(27)** | 75:22 79:6 80:1 80:14 81:15 81:17 81:23 85:14 92:3 97:20 98:1 99:25 101:22 102:2 104:14 105:4 105:4 112:3 116:1 116:2 118:25 125:13 126:12 126:15 127:10 |
| **i've(2)** | 94:1 121:23 |
| **jack(2)** | 5:30 6:27 |
| **james(1)** | 1:34 3:5 5:41 13:16 |
| **january(14)** | 11:14 14:10 35:12 36:25 37:4 37:4 37:20 58:19 93:12 101:4 110:11 111:8 111:11 124:22 |
| **javier(1)** | 6:43 |
| **job(3)** | 27:23 58:8 75:1 |
| **john(1)** | 6:13 |
| **johnny-come-lately(1)** | 76:11 |
| **johnson(1)** | 3:26 |
| **join(1)** | 16:22 |
| **joinders(1)** | 116:24 |

| Word | Page:Line |
|---|---|
| **joint(16)** | 2:27 6:10 8:8 9:2 11:6 11:13 19:18 19:24 21:3 22:22 62:16 64:16 75:20 80:22 82:4 123:2 |
| **jointly(5)** | 1:6 28:8 78:3 82:3 82:8 |
| **jones(2)** | 4:19 39:5 |
| **joseph(1)** | 4:40 |
| **judge(38)** | 1:19 1:20 7:12 7:20 7:22 8:7 21:14 27:10 27:10 28:19 28:24 30:2 31:22 35:18 35:25 36:16 36:21 36:25 37:4 37:6 37:11 37:22 39:7 48:2 74:24 76:2 78:14 79:17 80:21 92:1 95:4 100:1 100:19 109:24 112:11 124:18 125:3 127:18 |
| **judges(2)** | 18:18 69:19 |
| **judgment(1)** | 71:15 |
| **judgments(1)** | 81:7 |
| **judicial(2)** | 105:17 124:3 |
| **july(5)** | 73:1 97:22 98:11 110:24 110:24 |
| **june(1)** | 73:1 98:4 98:5 |
| **jurisdiction(38)** | 9:4 9:11 10:6 10:16 12:3 13:20 14:5 14:7 16:4 16:7 17:17 17:25 18:2 18:3 18:13 20:19 20:20 22:16 23:22 24:8 24:10 25:25 28:3 28:6 28:12 28:15 28:23 34:8 34:14 35:14 37:1 40:8 40:17 81:1 81:10 125:7 126:1 |
| **jurisdictional(7)** | 14:24 15:4 16:3 37:13 39:3 57:10 67:3 |
| **jurisdictions(3)** | 21:9 93:3 108:25 |
| **just(106)** | 7:16 9:14 13:23 14:22 19:6 22:19 25:16 26:15 27:2 27:14 31:4 31:7 31:25 38:6 38:23 39:10 41:6 41:17 43:1 43:9 43:16 43:18 43:21 44:10 44:12 44:19 46:15 46:16 47:25 48:21 49:4 49:22 50:2 50:23 51:7 52:4 52:24 53:7 53:14 54:25 55:8 55:24 56:9 57:1 57:23 57:24 58:3 58:25 59:25 60:9 63:8 63:18 66:10 66:11 66:22 69:16 72:2 73:9 75:1 75:2 77:11 80:7 81:1 85:22 86:18 87:6 87:7 87:10 89:13 89:19 92:15 97:4 97:15 98:18 98:23 98:25 99:19 100:18 101:2 102:9 103:22 106:3 106:6 110:1 110:3 111:6 113:2 115:3 118:1 118:6 118:20 119:7 119:8 120:8 120:14 120:24 121:12 121:19 122:10 123:5 123:9 124:18 124:18 126:8 127:5 127:14 |
| **justice(94)** | 7:7 7:12 7:13 7:14 7:16 7:24 8:2 13:16 15:15 15:19 21:14 27:10 27:12 27:22 28:8 28:13 28:20 28:24 28:25 29:15 30:3 30:10 30:14 30:22 31:1 31:9 31:14 32:22 35:9 35:18 35:21 35:23 36:23 38:4 38:8 38:16 38:18 39:2 39:7 39:25 41:8 41:21 42:3 42:13 48:4 48:7 53:17 64:7 73:22 74:20 75:2 75:6 76:1 78:13 79:16 79:17 79:20 79:24 80:3 80:7 80:11 80:14 80:17 91:25 95:17 97:10 97:25 99:8 99:13 99:16 99:22 100:19 100:24 101:1 101:16 101:19 101:21 101:23 104:8 104:17 106:3 109:22 109:25 115:20 117:15 117:16 117:20 118:3 118:24 124:4 125:6 127:18 127:22 |
| **justin(1)** | 3:35 |
| **kahn(1)** | 5:9 |
| **kamunting(1)** | 5:30 |
| **karen(1)** | 5:35 |
| **kathleen(2)** | 2:14 4:20 |
| **katten(3)** | 4:27 5:34 115:20 |
| **keep(3)** | 43:8 73:9 122:9 |
| **keeping(3)** | 67:10 111:8 124:22 |
| **keller(1)** | 4:42 |
| **kelly(1)** | 128:12 |
| **kenney(1)** | 4:13 |
| **kevin(1)** | 1:19 |
| **key(1)** | 84:22 |
| **kick(1)** | 14:8 |
| **kicked(1)** | 20:7 |

| Word | Page:Line |
|---|---|
| **kind(4)** | 11:9 61:21 83:20 85:12 |
| **kinds(1)** | 115:3 |
| **king(2)** | 2:41 3:20 4:14 |
| **knew(1)** | 42:20 |
| **knock(1)** | 79:8 |
| **know(64)** | 12:18 19:14 19:15 19:16 19:17 22:10 24:11 28:25 32:16 33:4 33:9 34:18 37:24 40:4 40:5 41:23 44:8 44:11 46:18 50:6 53:3 53:9 54:23 55:8 55:18 55:22 55:23 56:14 57:19 58:18 59:14 59:20 61:15 69:20 70:24 71:24 72:20 73:22 75:11 75:19 84:7 87:21 88:20 88:25 89:16 91:9 92:6 92:9 92:12 94:11 95:18 102:19 108:3 113:1 114:1 114:21 116:19 117:20 122:6 123:13 124:1 125:9 125:20 126:5 |
| **knowing(1)** | 119:17 |
| **knowledge(2)** | 17:9 102:15 |
| **knows(2)** | 52:12 94:8 |
| **kozosko(1)** | 3:42 |
| **kramer(1)** | 5:21 |
| **kreller(1)** | 4:7 |
| **labeled(2)** | 72:1 72:1 |
| **laborious(1)** | 108:6 |
| **language(22)** | 30:16 31:3 31:6 31:19 38:24 39:5 41:22 41:23 42:18 43:2 43:16 43:18 70:22 82:5 90:1 90:12 90:21 99:11 99:20 100:22 103:24 124:5 |
| **large(1)** | 92:13 |
| **larger(1)** | 39:13 53:16 55:4 58:11 |
| **last(16)** | 9:7 9:16 10:23 21:23 45:20 49:19 55:24 59:5 59:8 71:17 78:13 81:16 81:17 91:17 98:21 112:23 |
| **lasts(1)** | 52:13 |
| **late(3)** | 42:9 85:7 119:24 |
| **later(8)** | 9:1 28:17 57:25 69:17 80:9 80:12 96:1 96:2 |
| **latham(1)** | 6:17 |
| **laughter(21)** | 18:23 19:1 27:7 27:24 30:24 33:6 33:8 33:11 33:13 33:15 44:13 54:20 57:6 69:22 71:3 80:13 117:18 126:17 126:19 127:11 127:21 |
| **laura(1)** | 2:6 |
| **law(18)** | 3:4 6:4 14:2 14:6 15:5 16:15 17:24 18:5 18:20 19:6 20:12 26:1 59:13 59:24 105:25 106:1 109:15 116:20 |
| **laws(3)** | 93:3 99:3 99:5 |
| **lawyers(4)** | 41:12 41:12 79:6 110:25 |
| **lay(2)** | 64:20 85:19 |
| **layer(1)** | 57:13 |
| **layering(1)** | 56:9 |
| **layton(1)** | 3:17 |
| **lead(1)** | 70:16 |
| **leading(1)** | 81:7 |
| **learned(1)** | 81:19 |
| **least(11)** | 14:18 35:13 35:16 56:24 62:2 63:12 71:22 73:9 118:6 121:20 124:12 |
| **leave(20)** | 10:8 10:10 15:14 15:16 15:20 15:22 19:22 22:21 22:21 30:9 30:9 76:9 76:22 116:13 117:8 124:10 124:11 124:14 124:15 124:17 |
| **left(10)** | 30:3 48:22 56:1 97:16 97:18 97:21 97:22 98:16 115:4 115:4 125:9 |
| **legal(4)** | 14:6 65:19 91:6 93:2 |
| **legally(1)** | 107:5 |
| **legitimate(1)** | 83:3 |
| **length(1)** | 90:3 |
| **lengthened(1)** | 84:25 |
| **lengthening(1)** | 115:9 |
| **less(3)** | 72:1 86:24 107:23 |

| Word | Page:Line |
|---|---|
| **let(13)** | 9:14 22:19 30:1 35:6 46:17 69:16 77:14 77:19 84:14 84:17 123:18 125:20 126:5 |
| **let's(5)** | 11:18 11:21 38:6 45:4 69:16 |
| **lets(1)** | 87:19 |
| **letter(1)** | 96:13 |
| **letting(2)** | 55:8 122:20 |
| **let's(3)** | 89:19 104:18 107:19 |
| **level(8)** | 15:1 15:1 48:1 56:8 56:15 58:3 59:15 73:10 |
| **levin(1)** | 5:21 |
| **liability(1)** | 86:7 |
| **liberty(1)** | 1:37 |
| **life(1)** | 35:11 |
| **lift(1)** | 13:10 |
| **lifting(1)** | 75:22 |
| **light(1)** | 9:4 |
| **like(51)** | 7:19 9:17 10:25 11:1 12:10 12:12 12:13 13:23 22:10 24:21 25:24 27:8 31:4 31:20 32:3 32:18 33:14 35:4 36:18 45:15 46:20 55:16 58:8 60:6 60:25 67:20 67:21 68:17 68:18 68:19 69:20 74:2 74:9 81:8 85:4 85:10 102:14 103:5 103:21 110:21 111:21 114:11 116:3 116:14 119:15 119:15 119:16 120:4 120:13 123:6 127:19 |
| **likely(4)** | 108:14 108:25 112:9 112:10 |
| **limit(12)** | 66:19 69:15 69:24 72:17 89:19 89:19 112:3 112:16 113:4 113:16 120:3 121:8 |
| **limitation(4)** | 95:12 102:3 109:5 115:11 |
| **limitations(15)** | 60:25 67:21 73:20 73:24 75:3 78:14 95:10 95:11 97:2 102:6 108:21 109:2 111:16 113:20 113:21 |
| **limited(22)** | 6:26 51:18 70:23 70:25 71:4 73:21 78:5 78:16 82:14 88:17 88:23 89:2 102:5 102:14 102:21 102:25 103:5 103:16 103:24 104:6 112:5 113:22 |
| **limiting(1)** | 112:17 |
| **limits(15)** | 46:15 46:19 60:20 64:11 67:25 69:7 69:19 70:4 70:21 78:17 84:19 120:20 120:21 120:22 120:25 |
| **line(27)** | 45:5 46:14 61:4 61:5 61:12 73:8 82:7 83:1 93:23 94:16 94:23 95:7 95:15 96:14 96:18 97:4 97:8 98:10 98:14 100:20 101:2 102:1 103:1 103:2 107:21 109:19 110:16 |
| **lined(1)** | 99:2 |
| **lines(11)** | 24:21 24:24 45:9 45:9 45:14 61:13 67:19 97:11 101:11 101:14 107:18 |
| **lining(3)** | 46:11 66:11 100:2 |
| **link(1)** | 117:21 |
| **linn(1)** | 6:35 |
| **lion(1)** | 6:30 |
| **liquidator(2)** | 82:3 82:8 |
| **lisa(1)** | 1:33 |
| **list(8)** | 41:18 42:22 43:6 43:9 45:23 62:22 89:21 89:24 |
| **listed(2)** | 82:9 114:19 |
| **listening(1)** | 80:22 |
| **listing(2)** | 78:8 82:20 |
| **lists(1)** | 89:23 |
| **litany(1)** | 123:24 |
| **litigate(3)** | 19:21 65:16 86:9 |
| **litigating(2)** | 67:4 122:1 |
| **litigation(27)** | 14:9 40:21 45:22 46:4 47:9 47:10 47:11 47:21 47:24 48:11 59:23 63:2 63:13 63:15 63:16 66:8 72:11 81:3 81:13 84:16 90:16 90:16 105:3 105:4 106:24 107:2 108:6 |
| **litigations(12)** | 48:21 49:16 51:10 61:1 62:12 63:3 63:6 66:2 66:3 71:23 77:20 120:8 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| little(13) | 17:21 20:5 31:12 45:15 51:7 76:16 83:11 83:11 88:3 99:3 101:12 102:20 125:16 | mandated(1) | 78:21 | might(16) | 8:11 8:15 27:11 29:2 30:19 50:14 53:15 55:21 57:14 64:8 84:16 95:3 97:14 120:2 126:6 126:18 | mountain(1) | 71:19 |
| | | mandatory(2) | 78:19 79:12 | | | move(20) | 8:12 10:21 14:20 17:2 17:5 17:10 20:25 31:12 35:2 35:25 36:18 40:24 41:4 45:2 49:6 77:19 93:8 98:25 116:13 117:8 |
| llc(2) | 6:21 128:13 | manhattan(1) | 4:8 | | | | |
| llp(17) | 1:25 2:20 2:28 3:5 3:40 4:27 4:39 5:6 5:12 5:17 5:22 5:34 5:40 5:46 6:17 6:26 6:42 | manner(2) | 39:11 91:16 | milbank(2) | 4:5 5:16 | | |
| | | many(21) | 7:19 51:9 54:19 55:1 63:8 67:19 72:22 67:23 72:2 73:12 77:25 78:2 79:1 83:15 89:18 97:11 97:12 100:15 113:2 113:11 120:6 | milestone(1) | 56:4 | moved(2) | 98:24 111:8 |
| | | | | milestones(2) | 55:19 57:24 | moving(7) | 33:23 39:23 40:7 93:17 98:12 111:9 122:10 |
| loaded(1) | 94:5 | | | miller(1) | 3:6 | | |
| local(2) | 51:3 82:17 | map(1) | 34:4 | mind(3) | 15:23 47:5 | much(18) | 7:19 8:9 20:5 20:7 24:12 34:11 57:23 57:23 74:23 79:15 79:15 98:1 100:8 110:21 114:21 121:7 121:7 122:13 127:22 |
| locate(1) | 111:3 | march(1) | 124:12 | mindel(1) | 6:12 | | |
| lockbox(1) | 4:15 | mark(1) | 4:13 | mindful(1) | 116:1 | | |
| log(1) | 91:14 | mark-up(4) | 81:16 86:2 98:23 | minds(1) | 111:23 | muchin(3) | 4:27 5:34 115:21 |
| logically(1) | 81:4 | market(5) | 1:11 1:28 2:15 2:23 4:21 | minus(1) | 54:19 | mui(1) | 5:30 |
| logs(1) | 90:25 | marla(1) | 4:37 | minute(3) | 21:23 27:11 37:23 | multi-party(1) | 109:13 |
| long(4) | 14:8 30:1 35:10 96:5 | massive(2) | 106:23 107:1 | minutes(7) | 27:16 38:4 38:6 38:12 114:11 114:19 117:22 | multiple(6) | 19:17 20:14 21:2 21:4 21:5 108:24 |
| long-term(1) | 26:19 | master(2) | 56:23 56:23 | | | | |
| longer(10) | 42:25 56:10 58:17 58:18 83:11 83:15 94:7 94:10 105:3 108:23 | material(1) | 46:11 | miscommunication(1) | 49:5 | multiplicity(1) | 100:7 |
| | | materials(6) | 82:24 88:9 88:9 88:11 88:24 90:13 | misstatements(1) | 121:13 | murphy(1) | 2:14 |
| | | | | | | must(1) | 105:19 |
| look(28) | 13:25 42:16 45:14 47:10 48:15 58:20 63:2 67:7 72:3 72:14 72:16 83:19 85:10 98:2 99:10 99:19 100:14 103:2 103:9 106:9 110:16 113:24 113:25 114:16 115:15 122:25 124:3 125:16 | matter(9) | 8:6 8:9 8:12 11:5 18:12 37:17 39:2 63:18 128:9 | mixing(1) | 78:11 | mutual(1) | 87:1 |
| | | matters(6) | 9:19 19:7 19:7 50:23 74:3 | modest(1) | 108:8 | myriad(1) | 93:2 |
| | | matthew(1) | 5:27 92:2 | moment(7) | 32:1 32:18 38:18 48:5 49:11 100:18 112:22 | | |
| | | mauro(1) | 6:39 | | | name(1) | 82:9 |
| | | maximum(1) | 79:4 | monday(7) | 21:17 26:10 26:11 28:13 34:24 125:19 126:6 | names(2) | 82:15 82:21 |
| looked(1) | 14:2 | may(45) | 7:23 11:12 18:2 22:4 22:5 24:13 24:14 31:9 34:5 36:14 41:1 41:19 42:24 49:6 49:22 52:20 52:22 59:25 73:1 76:9 78:5 83:16 83:18 86:24 89:23 90:19 98:4 101:6 101:7 106:3 106:3 106:4 106:18 106:18 113:4 114:12 114:12 116:20 116:22 124:13 124:21 125:11 125:15 125:15 | | | narrow(1) | 125:1 |
| looking(9) | 18:7 33:19 39:5 47:8 48:21 57:20 91:1 105:4 127:20 | | | moneys(1) | 21:1 | naturally(1) | 56:14 |
| | | | | monitor(15) | 2:4 42:23 58:22 63:1 68:22 75:21 76:2 96:14 99:11 99:20 106:11 106:21 107:3 119:13 123:2 | nature(4) | 57:10 57:16 79:12 83:22 |
| looks(3) | 81:8 127:1 127:18 | | | | | naught(1) | 37:12 |
| loose(1) | 77:14 | | | | | necessarily(6) | 42:1 43:14 56:7 58:3 68:22 72:22 |
| lose(2) | 54:17 117:21 | | | monitors(4) | 55:14 55:14 66:17 98:21 | | |
| loses(1) | 22:18 | | | monitor's(4) | 93:25 97:9 98:3 106:11 | necessary(6) | 17:21 56:16 73:20 74:1 100:8 103:18 |
| lost(1) | 121:23 | | | month(10) | 17:3 37:2 58:23 58:24 60:14 61:6 94:13 110:24 111:10 111:11 | | |
| lot(26) | 12:3 33:9 46:11 46:13 51:15 56:9 56:10 57:11 59:23 61:13 66:10 67:7 72:21 72:22 73:11 73:12 84:1 88:3 90:4 90:9 91:6 94:15 95:21 96:11 96:12 101:8 | | | | | need(58) | 9:3 9:12 9:12 12:4 20:8 21:12 27:9 30:4 32:24 35:4 42:1 43:2 43:8 53:4 54:16 57:24 59:23 68:9 68:9 68:12 69:6 70:14 70:15 70:17 70:18 70:23 71:7 72:18 72:24 78:4 85:5 85:24 86:10 86:11 86:15 88:7 88:8 88:14 89:22 92:25 93:8 94:7 98:14 103:3 105:5 110:8 113:12 113:14 115:13 117:7 119:9 122:10 122:19 123:12 123:12 123:24 125:16 125:24 |
| | | | | months(11) | 52:14 59:2 59:9 60:1 83:6 94:9 94:9 94:11 110:24 111:1 111:1 | | |
| | | maybe(14) | 29:10 45:11 45:11 46:21 49:6 50:7 53:2 59:24 63:8 87:20 109:10 114:25 115:1 115:3 | monumental(1) | 107:5 | | |
| | | | | morawetz(92) | 7:7 7:12 7:13 7:14 7:16 7:24 8:2 13:16 15:15 15:19 21:14 27:10 27:13 27:22 28:8 28:14 28:20 28:24 28:25 29:16 30:3 30:10 30:14 30:23 31:1 31:9 31:14 32:22 35:18 35:22 35:23 36:23 38:4 38:8 38:16 38:19 39:2 39:7 39:25 41:8 41:21 42:3 42:13 48:4 48:7 53:18 64:7 73:23 74:20 75:2 75:6 76:1 78:14 79:16 79:17 79:20 79:24 80:3 80:7 80:11 80:14 80:17 91:25 95:17 97:10 97:25 99:8 99:13 99:16 99:22 100:9 100:24 101:1 101:16 101:19 101:21 101:23 104:8 104:17 109:22 109:25 115:20 117:15 117:16 117:20 118:3 118:24 124:4 125:6 127:16 127:18 127:22 | needed(5) | 40:25 42:5 53:7 53:11 89:15 |
| love(2) | 70:5 70:5 | | | | | needing(1) | 86:9 |
| lovelli(1) | 5:45 | | | | | needle(1) | 72:3 |
| lowenthal(1) | 3:12 | | | | | needs(5) | 18:13 71:5 72:8 83:6 83:10 83:11 98:24 |
| lower(2) | 10:6 13:8 | | | | | | |
| ltd(2) | 26:25 65:12 | | | | | negate(1) | 11:25 |
| mace(1) | 1:41 | meaningful(2) | 108:15 108:16 | | | negotiations(1) | 106:19 |
| made(26) | 10:10 13:10 15:15 17:16 22:11 24:2 31:21 34:7 36:14 36:14 52:8 52:20 56:9 56:9 72:7 76:15 85:10 87:2 103:18 103:19 108:8 110:2 114:14 118:9 119:7 126:4 | meantime(1) | 8:17 | | | neil(1) | 2:31 |
| | | means(7) | 18:6 59:3 63:3 82:1 88:12 88:13 88:23 | morgan(1) | 33:15 | networking(1) | 101:9 |
| | | meat(2) | 34:22 40:20 | morneau(1) | 5:38 | networks(4) | 1:8 5:44 6:10 48:9 |
| | | mediation(1) | 88:1 | morning(17) | 7:3 7:4 7:6 7:7 7:12 7:13 7:20 8:1 8:2 8:8 8:24 13:14 13:15 13:16 39:12 81:20 81:21 | never(2) | 20:4 121:13 |
| madison(1) | 4:29 | mediations(1) | 121:22 | | | new(16) | 2:9 2:34 3:14 3:14 3:29 3:44 4:9 4:30 6:5 6:17 53:4 82:19 96:14 96:15 97:19 |
| magic(1) | 19:3 | mediator(9) | 56:21 56:21 57:5 57:5 89:7 118:19 113:8 113:16 115:5 115:6 | | | | |
| magnitude(1) | 62:1 | | | | | | |
| main(4) | 8:13 8:22 82:22 92:4 | meet(7) | 69:16 72:6 72:8 72:9 89:6 100:3 119:13 | morris(1) | 1:25 3:5 8:2 | next(13) | 11:18 26:13 26:17 34:10 52:2 64:21 74:10 98:15 98:16 104:12 125:1 125:20 127:20 |
| maintain(1) | 34:14 | | | most(11) | 25:14 75:21 88:13 108:5 108:23 111:2 112:8 112:24 120:4 120:14 124:21 | | |
| maintained(1) | 72:15 | meeting(1) | 69:14 | | | | |
| major(3) | 59:22 110:13 113:19 | mellon(1) | 6:17 | | | | |
| make(41) | 7:16 18:24 21:22 29:17 34:16 35:11 36:3 36:10 39:8 42:15 44:20 50:14 51:16 52:10 53:5 55:19 63:4 65:6 66:7 67:23 67:24 68:2 68:6 68:6 68:11 69:10 72:5 74:15 79:14 79:20 93:11 98:4 98:6 98:7 104:5 107:6 108:15 114:10 114:24 115:14 118:22 123:4 | melnik(1) | 2:21 | motion(36) | 9:1 9:8 9:20 9:25 10:4 10:5 10:10 11:24 12:11 12:11 12:15 13:10 15:7 15:12 15:14 15:15 15:16 15:21 16:5 16:8 16:22 17:1 17:16 17:17 19:21 21:23 22:20 23:15 24:2 24:2 24:3 30:8 34:8 35:2 126:1 126:4 | nice(4) | 14:21 54:24 55:4 96:4 |
| | | members(1) | 105:24 | | | nichols(2) | 1:25 8:3 |
| | | mere(1) | 19:3 | | | nick(1) | 4:6 |
| | | merrill(8) | 87:24 88:6 88:15 102:10 108:11 112:25 121:21 122:2 | | | night(1) | 9:7 |
| | | | | | | nine(2) | 83:6 94:9 |
| makes(1) | 64:24 | | | | | non-contributional(1) | 126:8 |
| making(15) | 16:19 21:5 26:10 32:6 32:7 36:17 39:10 50:10 66:20 69:9 77:4 85:13 104:2 114:23 122:25 | mess(3) | 21:4 21:6 21:7 | | | non-party(1) | 83:14 |
| | | message(1) | 101:3 | motions(4) | 17:20 49:20 50:2 77:10 | non-stop(1) | 21:22 |
| | | met(1) | 98:9 | | | none(2) | 16:1 41:25 |
| makowski(1) | 4:20 | metadata(3) | 88:8 88:14 122:4 | | | nor(1) | 37:11 |
| malek(1) | 6:42 | michael(4) | 5:13 6:18 6:35 104:10 | | | normal(2) | 29:15 91:16 |
| manage(4) | 55:25 66:7 70:7 72:25 | microphone(1) | 31:12 | | | normally(4) | 34:17 52:23 53:12 54:23 |
| managed(1) | 49:1 | middle(3) | 54:17 55:2 77:13 | | | | |
| management(6) | 5:26 6:34 6:38 55:25 72:20 83:24 | midnight(1) | 119:21 | | | | |
| mandate(1) | 44:7 | | | | | | |

| Word | Page:Line |
|---|---|
| **nortel**(8) 1:8 5:44 6:9 48:8 71:20 106:11 106:22 112:8 | |
| **nortel's**(1) 71:10 | |
| **north**(9) 1:28 2:41 3:20 4:21 58:13 83:25 84:11 84:12 84:22 | |
| **not**(205) 7:7 9:9 10:15 13:6 13:19 13:25 15:22 18:1 18:14 18:21 19:3 19:6 19:23 20:17 20:21 20:22 21:8 21:24 22:15 23:19 24:4 24:10 24:13 24:14 24:19 25:10 25:17 26:1 27:4 28:4 28:11 28:12 28:16 28:17 28:25 29:16 29:21 29:24 30:5 30:21 31:10 32:17 32:22 34:14 35:15 35:15 36:3 36:6 36:6 36:8 36:9 36:17 36:24 37:1 37:14 37:16 37:20 38:16 38:18 38:19 39:24 40:7 42:13 43:5 43:6 43:9 43:22 43:23 44:2 44:7 45:20 49:18 50:17 51:1 51:14 51:19 52:23 53:10 54:22 55:22 56:1 56:20 57:3 57:14 58:3 60:9 60:19 63:17 64:13 64:21 65:8 65:9 65:11 65:11 65:12 65:12 65:18 66:4 66:11 66:17 66:24 66:25 69:11 69:16 71:5 71:18 72:13 72:13 77:17 77:24 77:25 79:13 80:9 81:22 82:17 84:14 84:17 85:14 86:22 87:9 87:11 87:22 88:5 88:19 88:24 89:1 92:2 93:4 93:16 93:19 94:17 95:2 95:2 95:5 96:5 96:21 97:15 99:25 100:7 100:9 100:19 102:11 102:12 102:17 102:25 103:12 103:12 103:17 103:21 104:4 104:16 105:16 105:19 105:21 106:3 106:4 106:6 106:7 106:17 106:18 106:22 107:20 108:11 108:12 109:1 109:12 109:14 109:15 109:16 109:17 109:25 110:4 110:4 110:5 110:25 111:22 111:22 112:1 112:10 112:20 112:24 113:5 113:24 114:7 114:8 114:12 114:13 114:22 115:9 116:10 116:12 116:12 116:18 116:24 117:20 119:22 120:2 120:14 120:18 121:7 121:20 122:15 123:23 124:21 125:15 | |
| **note**(9) 15:7 19:2 24:18 28:4 40:11 41:11 44:2 101:10 120:25 | |
| **noted**(1) 41:7 | |
| **nothing**(2) 105:22 124:7 | |
| **notice**(19) 8:7 9:23 10:8 10:24 15:11 15:17 16:2 16:9 16:10 17:14 17:18 17:20 19:21 23:5 62:24 64:20 68:8 69:5 87:12 | |
| **noticed**(2) 27:1 27:4 | |
| **notices**(5) 68:11 96:10 96:10 97:1 107:22 | |
| **noting**(2) 41:6 110:3 | |
| **notion**(1) 113:19 | |
| **notwithstanding**(1) 20:16 | |
| **november**(1) 85:7 | |
| **now**(59) 7:10 7:21 18:19 18:19 20:11 21:7 22:14 29:11 29:25 30:20 30:23 31:22 33:4 38:20 42:25 43:1 46:17 48:16 49:10 50:17 52:1 52:6 52:7 52:9 59:1 71:11 85:24 88:16 89:15 90:15 104:25 106:16 106:24 113:21 114:21 118:13 122:5 123:18 124:18 | |
| **number**(27) 41:17 59:22 60:20 66:19 66:21 69:7 69:8 69:12 69:13 69:14 70:10 73:20 73:21 78:17 79:7 79:7 90:6 90:9 90:9 92:14 98:5 98:6 108:22 112:5 115:12 120:7 122:6 | |
| **numbered**(1) 97:15 | |
| **object**(3) 39:11 43:13 97:20 | |
| **objected**(1) 29:23 | |
| **objecting**(1) 30:20 | |
| **objection**(2) 11:5 14:24 | |
| **objectionable**(1) 30:5 | |
| **objections**(5) 16:5 16:20 69:13 77:13 97:23 | |
| **obligation**(3) 21:6 114:6 114:21 | |
| **obligations**(1) 116:25 | |
| **observation**(1) 124:19 | |

| Word | Page:Line |
|---|---|
| **obviated**(1) 43:2 | |
| **obvious**(1) 36:15 | |
| **obviously**(15) 8:4 8:13 8:20 26:5 44:18 48:17 55:25 57:9 57:14 59:14 61:6 74:2 80:9 110:25 111:20 | |
| **occasions**(1) 21:2 | |
| **occurs**(1) 86:1 | |
| **off**(5) 14:8 51:11 66:5 79:8 116:21 | |
| **offer**(3) 20:7 68:23 124:19 | |
| **offered**(4) 59:15 72:4 119:11 120:23 | |
| **office**(1) 4:12 | |
| **officers**(1) 64:14 | |
| **official**(1) 5:4 | |
| **offline**(1) 87:15 | |
| **okay**(29) 7:16 10:19 13:13 25:2 27:14 41:3 44:24 47:22 48:14 49:8 51:21 53:19 56:11 59:4 59:6 59:6 61:10 74:20 80:9 100:24 104:15 104:18 105:5 117:23 119:20 123:9 125:12 126:2 126:16 | |
| **old**(1) 103:23 | |
| **olivia**(1) 6:39 | |
| **once**(8) 62:17 73:11 100:3 100:4 110:7 113:9 113:9 125:6 | |
| **one**(78) 1:37 2:33 3:19 3:28 4:8 8:6 15:25 16:1 17:20 20:14 22:2 29:22 32:3 32:5 32:40 36:24 39:6 41:17 42:2 43:16 44:5 46:4 47:12 47:13 48:5 48:21 56:7 56:18 61:23 62:3 63:6 61:14 62:21 62:22 62:23 62:23 62:24 63:2 63:7 64:18 66:25 67:22 68:6 68:6 69:3 71:7 76:15 77:13 77:21 77:21 78:2 78:8 78:23 79:24 82:21 82:25 86:1 89:11 92:15 93:1 94:12 95:9 95:16 98:15 99:2 100:18 106:25 111:17 114:4 116:2 116:7 116:18 117:25 122:2 122:14 127:14 127:19 | |
| **one-day**(1) 27:1 | |
| **ones**(5) 36:17 67:12 89:25 96:8 127:20 | |
| **only**(35) 21:10 23:3 39:6 41:17 42:3 43:20 43:23 51:7 54:6 54:13 54:14 54:25 57:3 64:1 64:15 65:5 69:10 69:19 69:23 77:5 79:3 90:15 94:23 95:16 97:5 100:12 102:13 104:19 107:5 107:13 108:3 109:3 112:14 113:5 125:24 | |
| **ontario**(6) 36:2 36:6 36:7 36:8 39:24 92:16 | |
| **onto**(1) 13:3 | |
| **onus**(5) 102:18 103:14 107:12 108:12 108:15 | |
| **open**(3) 18:24 43:8 44:9 | |
| **opening**(5) 43:23 43:25 52:5 52:7 52:20 59:10 72:16 76:14 | |
| **opinion**(4) 15:24 23:3 124:22 124:24 | |
| **opportunities**(1) 55:18 | |
| **opportunity**(9) 12:10 37:25 38:7 43:25 56:25 107:6 116:5 121:3 122:23 | |
| **oppose**(1) 67:15 | |
| **opposed**(5) 44:14 62:17 64:21 101:9 | |
| **opposite**(4) 15:5 25:11 72:23 86:19 | |
| **optically**(1) 46:13 | |
| **optics**(2) 63:18 66:11 | |
| **oral**(4) 107:11 108:4 118:9 118:22 | |
| **oratory**(1) 104:16 | |
| **order**(45) 8:7 9:24 13:5 16:1 16:5 16:6 17:17 23:2 23:19 23:20 24:12 24:13 24:13 24:16 28:8 32:21 34:4 34:6 34:9 35:15 41:19 42:14 42:24 51:7 52:18 62:21 76:3 83:9 92:16 92:17 92:18 95:22 95:22 95:23 96:8 96:9 96:12 96:19 96:24 104:22 105:2 124:11 125:25 126:7 126:25 | |
| **orders**(5) 8:5 18:7 51:9 56:17 105:6 | |
| **ordinary**(3) 102:7 102:17 102:25 | |
| **organizational**(1) 73:16 | |

| Word | Page:Line |
|---|---|
| **organized**(1) 102:11 | |
| **original**(3) 121:22 122:21 123:3 | |
| **originally**(4) 41:18 42:19 43:3 97:16 | |
| **other**(56) 7:19 8:6 10:11 13:3 19:12 23:3 24:20 33:24 41:18 41:22 41:25 42:6 43:25 44:3 44:8 50:22 51:17 55:10 55:19 56:24 58:7 61:6 61:13 61:17 61:19 68:17 68:19 70:16 70:20 71:23 74:2 76:13 82:9 86:7 88:10 88:14 89:21 90:10 90:14 90:17 90:22 94:3 102:5 102:15 104:25 105:23 109:18 111:15 112:25 115:7 119:25 120:23 123:3 125:10 125:18 126:20 | |
| **others**(2) 31:18 79:2 | |
| **otherwise**(6) 11:25 50:14 72:25 87:18 102:24 125:20 | |
| **ought**(3) 77:8 113:11 114:23 | |
| **our**(101) 7:17 8:17 11:5 11:23 12:17 17:12 21:1 21:19 22:9 25:7 25:9 26:11 28:25 28:17 29:3 29:6 30:4 30:8 32:6 32:10 34:7 35:2 36:10 37:16 43:25 45:4 45:19 46:20 46:23 47:17 49:2 51:3 63:9 64:10 65:12 65:12 66:8 66:24 67:7 68:7 69:15 71:5 75:12 76:16 78:5 78:16 78:16 80:24 81:24 83:1 84:5 85:12 85:20 86:2 87:20 89:17 89:20 91:17 91:19 92:5 92:8 92:11 93:6 93:12 93:19 93:21 93:24 94:8 94:12 94:16 95:7 95:11 95:14 95:17 95:20 95:23 96:6 96:21 96:22 96:25 97:4 97:4 97:7 97:8 98:10 98:12 100:2 100:24 103:11 107:18 110:5 110:12 112:23 113:14 113:17 114:16 115:13 118:2 119:17 122:13 127:1 | |
| **ours**(1) 25:25 | |
| **ourselves**(5) 30:5 51:14 68:5 111:12 114:9 | |
| **out**(56) 11:21 21:1 29:13 31:2 34:4 38:17 41:23 43:17 44:5 44:7 46:19 49:19 56:1 57:1 57:21 58:24 67:8 69:16 75:19 76:24 77:24 78:25 82:15 82:22 83:20 84:22 85:9 85:19 88:17 89:9 94:5 94:10 94:3 94:18 96:7 97:13 98:11 98:12 98:22 98:24 99:8 100:6 100:17 100:17 102:24 106:14 107:17 110:3 111:8 111:9 113:11 115:9 117:15 119:12 122:9 123:6 | |
| **outcome**(2) 36:1 106:19 | |
| **outlined**(2) 25:3 26:9 | |
| **outset**(1) 104:5 | |
| **outside**(1) 121:5 | |
| **over**(15) 7:21 21:3 21:3 26:1 55:25 75:22 78:24 79:5 80:18 84:12 97:21 101:12 114:1 114:8 125:3 | |
| **overall**(1) 83:4 | |
| **overarching**(1) 70:20 | |
| **overkill**(1) 17:21 | |
| **overlap**(4) 12:5 57:12 62:1 89:23 | |
| **overlapping**(2) 63:10 65:17 | |
| **overlaps**(1) 66:5 | |
| **overriding**(1) 78:9 | |
| **overturn**(1) 107:20 | |
| **overused**(1) 35:7 | |
| **overy**(2) 2:5 4:39 | |
| **own**(10) 2:25 5:7 59:21 61:21 84:5 84:8 99:5 99:5 99:17 115:15 | |
| **oxford**(1) 2:31 | |
| **o'connor**(3) 3:41 104:12 109:23 109:24 110:19 115:17 115:17 | |
| **p.m**(4) 119:19 127:8 127:9 128:4 | |
| **paced**(1) 72:11 | |
| **pachulski**(1) 4:19 | |
| **page**(6) 69:18 69:24 97:15 97:18 98:16 123:18 | |
| **pages**(7) 69:24 96:6 96:7 97:17 97:21 99:1 123:18 | |
| **panel**(2) 121:2 121:4 | |

| Word | Page:Line |
|---|---|
| **paper**(1) 44:20 | |
| **papers**(11) 9:5 9:6 9:10 9:16 10:24 24:19 25:12 28:13 34:23 44:12 127:2 | |
| **paragraph**(4) 102:2 102:21 103:23 106:13 | |
| **parallel**(3) 46:7 61:23 81:7 | |
| **pardon**(3) 48:2 96:9 100:17 | |
| **park**(2) 2:33 3:28 | |
| **part**(10) 20:22 42:21 78:10 78:18 93:15 94:11 95:3 101:4 111:2 123:9 | |
| **part-time**(2) 46:21 70:6 | |
| **participants**(2) 65:2 90:6 | |
| **participate**(15) 30:7 36:4 61:17 61:20 65:9 66:16 66:17 67:13 67:14 76:9 94:24 95:6 116:10 117:3 122:24 | |
| **participating**(2) 65:3 100:13 | |
| **participation**(6) 29:3 29:4 91:19 116:17 122:16 124:8 | |
| **particular**(3) 76:17 100:1 102:4 | |
| **particularly**(7) 31:11 67:9 71:18 113:17 115:5 115:12 119:9 | |
| **particulars**(1) 95:25 | |
| **parties**(112) 12:19 12:21 14:15 16:15 16:24 20:14 24:12 24:20 25:17 27:25 28:7 28:15 29:13 30:5 30:6 31:11 35:13 35:16 36:1 37:7 37:19 37:24 37:25 38:17 38:25 41:18 42:9 44:1 47:10 47:1 47:21 49:13 49:14 50:20 51:17 55:11 56:20 56:24 59:20 61:17 61:18 61:20 62:2 63:3 64:13 65:16 66:9 66:10 66:13 73:21 74:2 76:8 77:6 77:11 78:21 79:1 79:10 82:3 82:13 85:9 85:17 86:16 87:25 89:10 89:18 90:18 90:22 90:24 91:4 92:6 93:4 93:9 94:3 94:23 95:1 95:6 98:8 98:7 98:14 100:5 101:4 101:12 101:14 105:20 105:20 107:12 103:7 103:9 103:13 105:20 107:4 107:12 108:12 108:24 109:6 109:17 109:18 112:24 116:6 116:6 116:9 116:17 116:17 116:19 117:3 122:7 122:16 123:2 123:3 124:6 124:19 124:25 125:8 | |
| **parties'**(3) 93:14 94:7 107:5 | |
| **partner**(3) 10:23 13:24 45:8 | |
| **partners**(1) 6:30 | |
| **party**(30) 6:30 6:34 6:38 6:42 10:7 20:17 21:21 30:17 41:22 42:4 42:9 42:21 65:20 65:21 65:23 69:3 73:25 78:24 82:10 83:16 83:17 87:3 87:5 89:11 98:18 103:15 107:13 108:17 116:12 124:13 | |
| **party's**(1) 29:17 | |
| **past**(1) 61:4 | |
| **patterson**(2) 3:11 6:5 | |
| **paul**(2) 4:42 101:24 | |
| **pause**(1) 53:15 | |
| **payoff**(1) 79:2 | |
| **pbgc**(1) 65:13 | |
| **peace**(1) 30:23 | |
| **pending**(1) 12:24 | |
| **pennsylvania**(1) 1:45 | |
| **pension**(23) 3:33 5:40 5:45 6:25 14:15 49:25 58:17 58:21 59:13 60:13 60:14 62:13 62:14 63:16 66:24 104:10 104:22 104:25 108:13 109:10 111:19 120:22 122:18 | |
| **pensioners**(1) 104:2 | |
| **people**(45) 35:7 37:3 41:19 42:23 43:24 44:8 50:7 51:5 52:10 53:9 53:11 54:21 55:19 57:4 65:3 65:5 65:13 66:19 66:21 67:10 67:14 67:23 68:16 68:19 69:5 70:16 70:17 70:18 71:14 72:6 75:18 77:4 78:6 88:2 88:5 90:8 91:8 91:10 97:5 112:4 121:5 122:20 122:21 123:3 123:15 | |
| **peoples'**(1) 84:8 | |
| **per**(1) 50:13 | |

| Word | Page:Line |
|---|---|
| **perfectly**(1) 89:1 | |
| **perhaps**(9) 7:21 12:16 26:13 27:10 42:12 56:25 113:14 125:17 125:19 | |
| **period**(7) 52:10 53:23 84:22 89:20 108:7 108:14 117:17 | |
| **permission**(1) 97:3 | |
| **person**(3) 41:20 41:25 57:4 | |
| **perspective**(5) 16:3 26:16 39:22 75:15 125:23 | |
| **pertain**(1) 81:12 | |
| **pertaining**(2) 28:3 84:2 | |
| **phase**(1) 108:6 | |
| **phone**(2) 35:1 39:20 | |
| **phrase**(2) 35:6 119:9 | |
| **physically**(1) 55:1 | |
| **picked**(1) 119:23 | |
| **piggyback**(1) 116:21 | |
| **pin**(1) 98:19 | |
| **piper**(1) 2:20 | |
| **place**(8) 20:3 56:5 67:24 83:25 93:7 107:8 108:12 111:8 | |
| **placed**(2) 107:12 108:22 | |
| **plainly**(1) 83:2 | |
| **plan**(20) 29:9 35:1 78:17 81:12 86:2 86:4 86:13 87:2 88:7 90:12 91:19 94:1 99:1 99:3 100:2 100:9 100:10 100:23 108:13 110:19 | |
| **planned**(1) 41:11 | |
| **planning**(1) 126:15 | |
| **plans**(1) 47:21 | |
| **play**(1) 107:17 | |
| **playing**(2) 20:11 20:12 | |
| **plaza**(3) 1:37 2:33 4:8 | |
| **pleading**(6) 10:25 12:22 78:5 107:22 108:1 112:22 | |
| **pleadings**(11) 10:25 25:20 29:5 78:20 96:16 97:19 107:10 107:19 107:20 108:18 126:6 | |
| **pleasant**(1) 67:18 | |
| **please**(9) 7:2 7:4 7:10 27:20 27:21 38:14 38:15 38:21 125:2 | |
| **plus**(1) 68:10 | |
| **podium**(4) 7:18 8:21 74:7 75:22 | |
| **point**(49) 9:20 11:9 11:15 13:5 13:18 14:24 17:22 23:2 23:19 23:22 24:16 25:5 25:16 31:20 39:8 44:23 55:11 58:19 59:8 60:8 63:20 63:20 77:24 78:9 78:13 79:21 79:21 83:20 85:3 91:17 93:11 94:20 94:20 94:21 95:8 95:17 97:13 98:2 98:15 103:21 107:20 110:13 110:21 111:15 112:1 112:3 113:4 122:10 123:18 | |
| **pointed**(3) 76:24 102:24 122:9 | |
| **points**(16) 85:24 90:11 91:17 92:4 92:5 97:5 97:6 97:7 97:14 102:2 104:16 104:18 107:9 110:22 123:6 124:6 | |
| **policy**(1) 127:4 | |
| **poor**(1) 43:11 | |
| **portion**(4) 9:24 10:11 10:15 10:16 | |
| **portions**(1) 102:14 | |
| **position**(14) 13:1 22:14 29:3 29:22 36:9 36:16 45:11 74:16 75:24 75:24 77:7 93:25 93:25 104:4 | |
| **positions**(5) 28:1 28:15 35:17 36:2 43:25 75:13 78:12 | |
| **positive**(2) 103:14 127:19 | |
| **possession**(1) 108:17 | |
| **possibility**(1) 56:20 | |
| **possible**(6) 10:22 50:5 53:8 77:17 88:13 116:6 | |

| Word | Page:Line |
|---|---|
| **postponed**(1) 37:18 | |
| **pot**(1) 61:21 | |
| **potatoes**(1) 40:20 | |
| **potential**(2) 57:16 59:23 | |
| **power**(2) 19:24 112:11 | |
| **ppearances**(4) 1:23 2:1 3:1 4:1 | |
| **ppf**(1) 108:10 | |
| **practical**(2) 37:14 102:19 | |
| **practically**(3) 102:12 106:21 109:4 | |
| **practice**(4) 12:15 21:23 56:17 71:13 | |
| **praying**(1) 33:9 | |
| **pre**(1) 85:13 | |
| **pre-ordain**(1) 113:16 | |
| **pre-ordained**(2) 112:5 113:20 | |
| **pre-petition**(1) 91:5 | |
| **pre-trial**(3) 85:16 85:18 85:20 | |
| **preceded**(1) 7:19 | |
| **precedence**(1) 103:6 | |
| **precedent**(2) 10:3 12:2 | |
| **precedents**(1) 51:11 | |
| **precise**(2) 99:3 108:2 | |
| **prejudge**(1) 91:14 | |
| **prejudice**(11) 11:4 11:5 28:17 29:6 29:18 34:11 40:12 53:10 80:25 91:20 124:10 | |
| **prejudiced**(2) 29:12 32:22 | |
| **prejudice'**(1) 100:22 | |
| **prejudicing**(2) 30:8 118:5 | |
| **preliminary**(1) 9:14 | |
| **premature**(2) 120:19 120:20 | |
| **prematurity**(1) 15:24 | |
| **preordain**(1) 46:18 | |
| **preparation**(1) 37:19 | |
| **prepare**(1) 91:14 | |
| **present**(7) 13:20 26:4 43:25 65:22 79:6 112:18 118:2 | |
| **presented**(3) 9:5 44:14 85:5 | |
| **presently**(1) 103:8 | |
| **preserve**(4) 31:20 63:21 64:23 66:22 | |
| **pretrial**(2) 53:22 54:3 | |
| **pretty**(1) 48:18 | |
| **prevent**(1) 84:20 | |
| **previously**(2) 41:7 114:2 | |
| **primarily**(2) 101:25 111:9 | |
| **principle**(7) 92:16 106:2 106:20 108:11 109:9 115:8 120:14 | |
| **principles**(12) 88:22 88:22 102:7 102:11 103:12 103:23 105:2 105:13 106:5 107:7 109:18 120:4 | |
| **prior**(2) 40:25 72:15 | |
| **privilege**(7) 90:25 91:3 91:4 91:5 91:11 91:14 91:15 | |
| **privileged**(1) 91:12 | |
| **probably**(8) 26:7 43:18 47:25 53:18 59:20 69:1 72:23 115:13 | |
| **problem**(8) 14:5 14:23 32:15 32:19 34:1 38:18 123:20 123:20 | |
| **problems**(1) 93:3 | |
| **procedural**(13) 7:21 19:7 37:2 37:15 46:12 62:23 63:11 77:12 89:14 93:14 96:9 96:19 125:23 | |
| **procedurally**(1) 63:20 | |
| **procedure**(18) 14:6 32:12 52:13 56:23 91:14 93:7 95:21 102:18 103:14 105:1 105:20 105:25 106:5 106:8 107:15 109:7 117:4 120:17 | |
| **procedures**(7) 22:24 62:23 77:22 78:4 90:17 103:8 104:4 | |

| Word | Page:Line |
|---|---|
| **proceed**(16) 9:19 10:25 11:1 21:10 25:9 25:13 25:22 28:16 31:17 33:1 35:9 37:14 39:3 41:2 74:21 106:23 | |
| **proceeding**(16) 11:5 18:16 20:14 28:7 39:11 95:11 102:8 105:8 105:15 105:16 106:6 106:14 107:3 109:14 110:4 125:4 | |
| **proceedings**(31) 1:18 1:49 7:23 10:7 11:25 14:25 25:10 31:8 31:19 46:8 61:23 62:15 63:25 64:25 80:8 81:4 81:5 81:6 81:8 90:14 90:22 92:22 92:25 105:9 105:13 107:9 109:8 109:9 118:13 124:16 128:9 | |
| **proceeds**(2) 14:11 26:2 | |
| **process**(59) 10:12 12:7 12:8 12:9 14:18 15:19 29:25 30:1 42:5 46:1 56:4 57:13 66:22 67:15 68:24 68:25 73:16 84:23 85:7 86:16 89:5 90:17 90:19 90:19 92:7 92:21 94:4 96:8 96:16 100:13 104:19 104:20 104:20 104:20 104:24 105:2 105:17 105:17 106:16 107:7 107:13 107:20 108:5 108:14 108:18 108:20 109:5 109:12 109:13 109:14 109:16 110:9 113:19 117:5 121:1 122:24 123:4 123:16 123:21 123:24 | |
| **processes**(2) 83:17 83:18 | |
| **produce**(10) 52:19 52:25 62:10 66:1 72:10 72:13 87:9 88:5 90:25 108:15 | |
| **produced**(1) 1:50 | |
| **producible**(1) 100:22 | |
| **production**(9) 49:16 60:14 67:25 71:18 102:8 102:18 102:22 102:25 103:13 113:21 | |
| **productions**(1) 51:24 | |
| **productive**(1) 94:6 | |
| **programs**(1) 84:10 | |
| **progress**(2) 28:16 35:11 | |
| **prompt**(1) 124:20 | |
| **promptly**(1) 17:15 | |
| **proper**(3) 96:21 106:5 109:6 | |
| **properly**(1) 107:10 | |
| **proportional**(2) 107:10 109:17 | |
| **proportionality**(6) 88:22 103:5 105:5 105:5 105:10 106:9 | |
| **proportionate**(2) 105:7 108:4 | |
| **proposal**(26) 24:20 31:24 63:1 75:20 76:24 76:25 81:11 82:20 85:13 87:15 87:23 89:17 89:21 90:7 91:11 94:9 97:9 98:3 98:5 98:12 98:21 116:3 116:8 116:13 116:16 119:12 | |
| **proposals**(5) 45:23 52:17 61:12 81:19 | |
| **propose**(9) 52:18 68:2 75:20 78:2 97:3 111:6 113:2 113:22 113:25 | |
| **proposed**(8) 32:9 32:12 47:24 48:11 54:7 77:1 82:24 121:8 | |
| **proposing**(2) 76:15 113:10 | |
| **proposition**(1) 103:17 | |
| **protect**(7) 25:9 29:7 29:25 30:4 51:19 94:7 117:6 | |
| **protected**(1) 93:15 | |
| **protection**(1) 51:4 | |
| **protections**(1) 32:8 | |
| **protocol**(24) 7:18 10:12 15:22 19:23 21:20 28:5 29:5 29:8 41:15 42:20 43:22 43:22 49:2 58:9 61:25 62:5 76:6 77:22 99:9 99:23 106:19 117:2 124:9 124:16 | |
| **protocols**(3) 41:7 41:10 50:6 | |
| **proverbial**(1) 72:3 | |
| **provide**(6) 31:19 87:6 95:11 95:24 96:21 116:11 | |
| **provided**(5) 82:25 96:3 96:20 105:12 | |

| Word | Page:Line |
|---|---|
| **provides**(2) 11:20 116:16 | |
| **prudent**(1) 32:17 | |
| **purely**(1) 126:13 | |
| **purist**(1) 63:20 | |
| **purpose**(3) 82:22 110:6 119:1 | |
| **purposes**(11) 18:12 18:16 22:8 22:20 24:14 40:15 82:20 110:5 111:18 118:8 119:5 | |
| **pursuant**(1) 92:16 | |
| **put**(44) 26:11 42:21 43:1 45:4 45:18 46:15 46:23 49:22 57:1 58:23 60:13 60:14 61:2 63:10 70:24 72:25 75:1 75:20 77:9 82:1 83:8 84:19 87:10 88:2 91:18 92:8 92:16 93:7 93:18 94:22 95:17 97:19 98:11 98:22 99:20 101:14 102:1 102:12 111:17 112:2 120:20 122:1 123:24 125:18 | |
| **puts**(1) 36:16 | |
| **putting**(7) 36:9 48:20 56:17 67:3 69:3 98:18 122:9 | |
| **qualification**(2) 43:3 43:5 | |
| **qualify**(1) 124:7 | |
| **quarter**(1) 71:8 | |
| **question**(7) 9:15 32:3 49:9 49:19 50:3 62:20 91:2 | |
| **questioning**(1) 90:5 | |
| **questions**(4) 44:21 73:7 100:25 104:6 | |
| **quick**(1) 105:11 | |
| **quickly**(13) 10:21 17:5 17:10 32:13 40:7 50:3 79:9 89:6 89:9 90:1 93:8 102:9 117:24 | |
| **quite**(5) 65:3 66:14 75:13 85:17 116:2 | |
| **qureshi**(1) 3:25 | |
| **raise**(3) 13:18 85:25 95:9 | |
| **raised**(11) 14:24 14:25 28:3 28:4 39:6 39:24 53:5 65:19 65:19 95:8 105:21 | |
| **rank**(1) 37:15 | |
| **rather**(6) 19:8 72:4 72:12 81:13 89:9 | |
| **rational**(1) 34:24 | |
| **reach**(4) 11:15 12:20 49:25 81:22 | |
| **reached**(2) 29:13 81:22 | |
| **reaction**(1) 50:13 | |
| **reactions**(1) 57:7 | |
| **read**(6) 9:16 45:9 81:24 100:21 103:1 | |
| **readier**(1) 56:25 | |
| **reading**(3) 69:20 98:5 99:23 | |
| **reads**(2) 90:14 124:7 | |
| **ready**(2) 37:4 40:24 | |
| **real**(4) 85:4 93:16 94:17 105:3 | |
| **realities**(1) 109:6 | |
| **realized**(1) 49:3 | |
| **realizes**(1) 43:11 | |
| **really**(31) 12:7 13:7 33:20 35:10 39:14 40:15 45:21 45:23 46:20 48:19 52:24 53:7 54:14 58:22 60:2 67:9 71:1 71:17 73:7 79:2 79:7 81:2 85:8 92:14 94:19 96:7 101:11 101:13 113:12 113:13 119:6 | |
| **reason**(11) 12:5 15:6 18:1 19:9 61:11 75:9 84:17 89:17 90:2 112:7 119:22 | |
| **reasonable**(20) 46:19 64:11 67:20 69:7 69:15 70:4 70:7 70:20 70:23 70:25 71:12 78:16 87:3 88:18 98:11 98:13 102:23 102:24 103:20 106:22 | |
| **reasoning**(1) 55:8 | |
| **reasons**(4) 25:4 26:7 36:15 46:12 | |
| **recall**(3) 21:2 24:19 92:9 | |
| **receive**(1) 112:22 | |
| **recess**(10) 27:13 27:17 27:19 37:7 37:21 37:23 38:10 38:11 38:13 124:16 | |
| **recessed**(1) 27:15 | |
| **recognition**(2) 76:8 108:9 | |
| **recognize**(5) 9:18 9:18 17:13 73:14 85:7 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| recognizes(2) 13:9 77:6 | | required(9) 59:21 88:5 91:16 92:18 96:9 96:13 96:19 101:4 106:18 | | rights(20) 15:4 25:10 25:18 29:12 29:19 29:25 30:8 32:22 70:17 70:18 72:18 93:15 93:16 94:7 95:2 95:6 107:5 122:16 122:22 123:1 | | scheduling(14) 8:5 9:7 12:4 24:11 28:14 37:9 45:24 47:2 47:3 56:15 58:11 61:2 62:21 76:18 | |
| recognizing(2) 76:10 122:11 | | | | | | | |
| recommending(1) 100:3 | | requirements(1) 122:6 | | | | scheduling-wise(1) 9:21 | |
| reconciliation(1) 90:19 | | requires(2) 103:25 110:23 | | ring(2) 43:17 46:23 | | schiffrin(2) 6:42 6:43 | |
| record(8) 39:11 63:21 66:22 80:24 118:1 118:13 123:7 124:5 | | reservation(1) 38:25 | | rise(5) 7:2 27:20 28:20 38:14 38:20 | | school(1) 14:6 | |
| | | reserve(1) 55:3 | | rising(1) 31:2 | | schuylkill(1) 1:44 | |
| recorded(1) 1:49 | | reserved(1) 27:1 | | road(3) 11:9 11:16 50:15 | | schweitzer(105) 1:33 8:21 26:22 26:25 27:4 40:23 40:24 41:3 42:8 42:11 42:18 43:1 43:13 44:5 44:17 44:24 45:1 45:7 45:14 45:17 46:7 46:10 47:5 47:8 47:13 48:24 49:9 50:16 50:18 50:21 50:24 51:6 51:13 51:22 52:1 52:16 53:19 54:21 55:7 55:12 56:12 57:3 57:7 57:9 57:19 58:2 58:6 58:13 58:16 59:5 59:7 59:19 60:4 60:7 60:12 60:21 60:23 61:10 63:15 64:3 64:5 64:9 65:25 67:2 68:14 69:23 70:2 70:13 71:4 73:3 73:6 73:18 74:4 74:6 74:7 74:9 74:12 74:13 75:10 76:4 76:24 83:5 84:23 88:16 89:4 117:13 117:14 117:24 118:12 118:18 118:20 118:24 119:1 119:4 119:21 121:12 121:12 123:8 126:22 | |
| recording(2) 1:49 128:8 | | reserves(1) 110:6 | | robert(1) 3:26 | | | |
| red(1) 47:12 | | reside(1) 108:24 | | rodney(2) 2:40 3:19 | | | |
| reduce(1) 75:12 | | residency(1) 46:20 | | room(5) 30:3 37:8 44:22 60:9 62:19 | | | |
| reed(1) 2:28 | | residents(3) 46:21 46:22 70:6 | | rooney(1) 2:13 | | | |
| refer(2) 94:3 94:3 | | resolution(1) 106:17 | | root(1) 100:15 | | | |
| references(1) 80:10 | | resolve(2) 32:13 55:19 | | rose(1) 31:14 | | | |
| referred(2) 84:9 88:16 | | resolved(1) 11:12 | | rosenman(3) 4:27 5:34 115:21 | | | |
| referring(1) 47:6 | | respect(32) 13:21 15:4 15:12 15:16 16:3 17:23 17:24 20:17 21:19 22:1 22:17 29:18 30:8 34:7 36:4 36:20 39:24 40:4 40:8 53:13 79:23 80:2 83:4 92:20 94:2 94:21 95:19 95:22 100:12 108:8 108:20 116:24 | | rosenthal(3) 10:22 11:16 13:25 | | | |
| reflect(1) 107:15 | | | | ruggere(1) 6:22 | | | |
| reflected(1) 81:24 | | | | rule(1) 99:17 | | scope(4) 72:12 101:13 101:25 102:3 | |
| reflects(2) 78:4 78:12 | | | | rules(18) 16:15 19:16 51:3 62:23 63:5 68:8 70:11 82:17 88:22 89:14 91:13 91:17 99:3 99:6 102:25 105:6 117:4 120:16 | | search(8) 72:2 72:7 72:10 87:16 88:9 103:10 108:13 113:23 | |
| refuse(1) 89:12 | | | | | | | |
| regarding(6) 8:5 29:10 92:17 93:25 95:1 124:24 | | respected(1) 107:6 | | | | searchable(1) 102:13 | |
| | | respectful(11) 29:15 30:4 44:7 57:10 57:15 92:8 93:6 94:8 95:12 96:21 98:8 | | ruling(5) 10:11 23:19 23:20 50:17 90:3 | | searches(1) 103:17 | |
| regardless(2) 9:19 66:2 | | | | rulings(1) 89:9 | | searching(1) 87:11 | |
| regularly(1) 89:5 | | | | run(2) 92:10 102:7 | | seated(5) 7:4 7:11 27:22 38:16 38:21 | |
| regulator(1) 106:14 | | respectfully(2) 93:12 93:13 | | | | second(10) 20:15 27:1 41:5 42:6 43:20 50:10 54:13 94:20 112:3 127:1 | |
| reiterate(1) 127:14 | | respond(7) 12:10 12:12 14:20 35:20 69:8 96:11 117:7 | | safety(5) 42:2 53:11 55:17 70:14 77:11 | | | |
| rejected(7) 81:17 81:20 82:11 82:19 82:19 82:23 119:10 | | | | said(47) 10:24 11:8 11:19 11:23 18:1 18:2 21:3 25:12 25:14 25:17 29:24 35:2 42:23 45:18 49:2 49:3 50:25 51:10 53:2 57:4 63:8 68:25 70:16 70:24 80:23 82:16 84:14 86:15 87:6 87:17 88:7 92:3 92:21 93:17 100:12 105:9 108:9 110:1 111:3 112:4 114:5 114:11 120:13 120:19 121:17 121:18 123:19 | | secondary(2) 51:19 86:7 | |
| | | responding(5) 69:12 77:5 77:7 80:4 97:7 | | | | secondly(2) 76:13 111:15 | |
| rejection(1) 120:1 | | response(5) 21:1 35:5 52:19 53:1 77:9 87:10 89:1 96:25 103:19 125:19 | | | | section(2) 86:1 87:2 | |
| relate(2) 65:20 65:20 | | | | | | securities(1) 6:21 | |
| related(4) 11:1 11:2 101:16 123:11 | | | | | | see(31) 7:4 26:18 31:1 41:25 47:25 59:25 64:12 69:2 71:20 72:6 72:25 77:8 82:6 87:20 94:15 95:7 97:13 97:22 98:10 98:17 99:25 100:1 100:10 109:20 113:9 113:9 115:15 120:24 123:10 123:24 127:24 | |
| relating(4) 13:21 64:7 73:23 124:5 | | responses(1) 77:2 | | sake(2) 63:11 63:11 | | | |
| relation(12) 9:6 9:8 26:6 82:4 86:8 86:11 86:20 86:23 87:13 87:23 88:1 91:14 | | responsive(7) 59:11 87:4 87:19 107:21 112:22 114:7 115:16 | | sales(1) 14:11 | | | |
| | | | | samis(1) 3:18 | | | |
| | | rest(2) 83:19 98:25 | | sat(1) 14:1 | | | |
| relative(1) 77:17 | | restricting(1) 79:11 | | satisfactory(1) 115:2 | | | |
| relatively(4) 14:20 73:21 79:8 124:20 | | restriction(2) 116:10 116:17 | | satisfy(1) 111:11 | | | |
| relevance(1) 88:23 | | restrictions(3) 117:1 117:2 117:8 | | save(1) 77:12 | | seek(7) 30:6 86:4 86:14 86:21 86:23 96:23 121:8 | |
| relevant(8) 25:18 72:22 72:23 87:8 88:24 102:20 103:15 107:13 | | result(2) 11:14 72:9 | | saw(1) 81:25 | | | |
| | | results(1) 85:11 | | say(58) 7:22 9:15 12:2 14:18 14:21 15:5 16:15 18:8 19:12 20:22 24:7 29:22 31:24 35:19 39:10 45:7 46:16 50:7 53:3 55:5 55:22 56:15 58:2 63:25 69:5 69:10 70:2 71:7 71:7 72:13 76:18 76:22 81:15 81:21 84:23 84:25 86:12 87:11 88:25 89:19 90:21 94:12 95:4 96:1 96:3 97:14 102:6 102:20 102:22 103:10 103:22 105:22 106:6 106:22 114:3 114:15 117:25 120:13 | | seeking(1) 66:18 | |
| relief(2) 104:23 104:25 | | resumed(1) 38:20 | | | | seem(1) 34:10 | |
| relieved(1) 114:5 | | retain(5) 17:17 18:3 18:12 40:8 126:1 | | | | seems(9) 9:12 12:14 12:18 15:5 42:12 83:9 85:6 85:16 113:2 113:18 114:4 | |
| relying(1) 60:6 | | retained(2) 34:8 40:18 | | | | | |
| remain(2) 44:1 103:14 | | retention(1) 17:25 | | | | seen(2) 81:3 101:5 | |
| remainder(1) 102:15 | | retiree(1) 65:12 | | | | segregate(1) 66:5 | |
| remains(2) 106:2 107:14 | | return(1) 96:7 | | saying(14) 15:2 22:5 23:22 23:23 24:9 29:7 65:14 65:18 70:22 72:13 75:11 80:25 102:17 118:21 | | self-explanatory(1) 97:12 | |
| remarks(1) 35:20 | | returned(2) 38:16 38:19 | | | | selinda(1) 2:21 | |
| remember(2) 14:5 42:14 | | reverse(1) 102:17 | | | | send(2) 11:20 119:16 | |
| remove(1) 117:2 | | review(2) 9:10 114:6 | | | | sense(6) 9:18 50:14 71:24 74:15 104:15 116:16 | |
| removing(1) 43:18 | | reviewing(1) 101:1 | | says(19) 10:3 15:25 16:3 16:6 18:8 18:16 19:22 20:15 20:18 32:22 36:6 56:6 63:1 71:10 87:15 114:19 122:2 123:22 127:1 | | | |
| repeat(3) 92:3 95:13 101:2 | | reviews(1) 91:4 | | | | | |
| repeatedly(1) 122:9 | | revised(1) 41:9 | | | | sensible(2) 90:7 90:23 | |
| replies(2) 52:8 52:22 | | richards(1) 3:17 | | | | sent(2) 100:5 119:12 | |
| reply(4) 49:1 53:5 123:9 123:10 | | ride(1) 68:24 | | scenarios(1) 79:10 | | separate(24) 8:15 14:13 46:5 46:6 61:23 62:5 62:15 63:25 64:25 70:17 77:20 77:23 78:1 81:3 81:3 81:4 81:7 81:8 82:3 82:10 92:19 92:25 109:7 118:3 | |
| report(1) 106:12 | | riela(1) 6:18 | | schedule(37) 12:6 12:12 13:3 17:18 18:17 22:1 26:8 26:9 26:14 26:25 34:19 39:15 40:21 42:10 47:24 52:4 52:12 53:21 53:21 55:13 55:14 56:1 56:9 60:1 60:9 76:12 79:23 80:2 80:5 83:4 85:12 98:2 110:21 111:6 115:8 115:9 125:18 | | | |
| reports(2) 59:10 59:11 | | right(119) 8:19 8:23 10:1 10:2 10:18 12:25 16:12 16:19 19:4 20:15 21:7 21:8 22:3 22:13 22:23 23:1 23:6 23:12 23:14 23:18 24:2 24:4 24:6 24:8 24:15 24:25 25:2 26:21 27:3 27:9 28:20 31:14 32:10 35:6 35:21 38:1 38:8 38:9 38:22 39:17 40:3 40:12 40:13 40:22 41:1 42:18 42:24 44:4 45:11 45:12 46:8 46:9 48:21 50:8 50:21 50:24 50:24 52:16 53:23 56:6 58:10 58:14 61:18 62:11 63:3 63:7 63:14 63:21 63:22 65:2 65:9 65:21 65:22 65:22 66:6 66:16 66:17 66:23 66:25 67:1 67:13 67:14 67:23 68:11 68:12 68:13 68:19 68:24 69:1 69:4 69:25 70:1 70:15 79:22 86:3 86:14 86:15 86:21 86:21 90:15 91:22 104:17 106:1 115:10 117:10 117:19 118:5 119:3 121:5 121:8 125:5 126:14 126:22 126:24 127:12 127:16 127:22 | | | | separated(1) 64:8 | |
| repository(1) 66:4 | | | | | | separately(1) 93:1 | |
| represent(2) 67:10 67:11 | | | | | | separation(1) 63:24 | |
| representations(2) 123:16 124:3 | | | | | | september(2) 98:22 112:24 | |
| representative(1) 64:15 | | | | scheduled(2) 8:6 15:9 | | series(2) 55:15 59:16 | |
| represented(1) 65:13 | | | | schedules(4) 44:3 54:7 71:15 73:11 | | serve(2) 82:13 86:17 | |
| represents(1) 36:5 | | | | | | served(2) 9:5 9:7 | |
| request(21) 8:8 16:16 37:22 52:21 53:8 71:7 71:10 72:7 72:8 78:25 81:16 87:3 91:13 114:6 114:10 114:10 114:14 114:23 114:24 116:3 124:10 | | | | | | servers(1) 84:5 | |
| | | | | | | service(2) 1:43 1:50 | |
| | | | | | | services(1) 1:43 128:13 | |
| requested(1) 90:20 | | | | | | serving(1) 8:7 | |
| requesting(1) 87:5 | | | | | | | |
| requests(36) 41:8 46:17 50:11 52:5 52:11 52:20 52:20 53:1 53:6 53:10 63:4 65:6 66:7 67:23 67:23 68:2 68:6 69:8 69:10 69:11 70:23 71:6 78:15 79:11 86:17 88:18 88:19 98:6 98:7 100:5 102:22 102:23 102:23 103:19 108:15 116:15 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| session(2) 7:10 19:24 | | sixty-fifth(1) 106:12 | | standing(9) 14:19 15:2 22:5 63:4 65:6 66:13 78:5 78:6 78:7 | | submissions(24) 21:22 26:10 26:11 32:6 32:7 36:3 36:11 43:23 44:13 49:1 52:8 53:22 54:16 85:10 85:14 85:16 85:20 85:22 95:18 97:4 97:7 104:7 118:8 118:9 | |
| sessions(1) 88:1 | | slight(1) 58:10 95:4 | | | | | |
| set(12) 17:19 21:13 21:15 62:12 62:22 62:23 68:6 68:6 96:7 106:14 110:12 119:13 | | slightly(1) 85:2 | | standpoint(1) 31:17 | | | |
| | | slips(1) 34:20 | | stands(1) 30:19 | | submit(5) 34:23 88:19 89:6 90:1 113:6 | |
| sets(3) 59:22 61:14 62:7 | | small(1) 14:20 102:14 | | stang(1) 4:19 | | submitted(5) 9:6 41:9 54:4 54:8 81:15 | |
| seven(1) 90:5 | | smaller(2) 65:4 90:10 | | stargatt(1) 2:37 | | subpoena(2) 112:11 121:5 | |
| seventh(1) 3:43 | | smith(1) 6:11 | | start(16) 22:4 47:1 49:6 49:20 49:24 50:1 50:10 68:1 69:23 70:15 70:16 75:2 76:21 93:12 103:17 110:3 | | substance(2) 105:23 122:11 | |
| several(1) 59:1 | | smokescreens(1) 21:24 | | | | substantial(4) 33:22 97:23 106:17 107:25 | |
| severely(1) 106:24 | | solely(1) 64:7 105:16 | | | | substantially(1) 111:23 | |
| shall(1) 29:18 124:10 | | solution(2) 43:19 105:23 | | started(1) 120:4 | | substantive(6) 25:1 93:2 93:15 93:24 119:24 122:15 | |
| shame(1) 33:2 | | solve(2) 49:1 57:20 | | starting(2) 13:19 103:21 | | | |
| shape(2) 85:3 85:15 | | solved(1) 34:1 | | starts(2) 98:4 98:4 | | such(4) 31:3 48:1 105:19 108:12 | |
| share(6) 53:15 87:25 87:25 111:18 112:2 126:7 | | solving(1) 72:12 | | state(1) 90:13 | | sufficient(2) 65:15 107:11 | |
| | | some(68) 11:9 11:10 14:23 19:9 19:11 20:3 24:16 28:22 29:13 30:11 30:11 30:16 31:19 35:7 35:20 37:15 38:17 38:24 38:25 44:12 51:17 55:21 56:4 57:21 57:25 62:1 68:15 69:6 69:15 70:4 70:19 71:11 71:14 71:25 72:1 72:18 72:24 81:18 81:25 82:23 83:2 84:5 87:7 89:12 90:19 92:4 100:2 100:20 101:7 102:4 102:15 104:1 104:18 106:2 108:8 110:2 111:9 111:20 111:22 114:1 114:22 116:11 120:3 120:21 120:22 120:24 123:10 124:23 | | stated(1) 124:6 | | suggest(8) 26:10 28:10 29:21 30:19 33:17 37:6 113:3 123:14 | |
| shared(1) 113:17 | | | | statement(1) 71:8 | | | |
| sheer(2) 59:22 69:12 | | | | statements(4) 55:23 71:11 92:11 119:7 | | | |
| sheerly(1) 69:11 | | | | states(10) 1:1 1:20 14:12 15:18 32:25 40:17 64:2 95:19 99:16 112:10 | | suggested(6) 28:21 40:1 41:21 41:23 90:11 96:15 | |
| shelter(1) 103:13 | | | | | | | |
| shepell(1) 5:39 | | | | stating(1) 50:13 | | suggesting(1) 27:13 | |
| shifted(1) 83:10 | | | | statute(1) 105:16 | | suggestion(9) 39:12 45:3 45:4 56:8 85:20 88:4 99:6 100:5 119:10 | |
| shoehorned(1) 108:7 | | | | stay(9) 11:25 13:11 19:6 20:10 29:1 34:25 35:3 59:16 124:16 | | | |
| short(4) 42:22 69:20 81:18 119:8 | | somehow(4) 20:4 29:5 29:12 123:17 | | | | suits(1) 26:13 | |
| shorten(4) 16:9 17:18 37:18 58:25 | | someone(1) 29:2 29:7 30:18 30:19 43:10 53:3 72:9 76:9 91:24 105:9 111:3 | | stayed(2) 12:10 43:4 | | summarize(1) 83:5 | |
| shortened(1) 59:1 | | | | ste(5) 2:15 2:23 3:7 3:36 4:14 | | summary(1) 107:24 | |
| shortening(1) 37:3 | | | | steal(1) 41:3 | | super(1) 117:24 | |
| shorter(3) 8:10 41:18 60:1 | | something(16) 19:13 25:17 33:14 35:19 57:1 62:19 66:12 66:14 76:23 82:18 89:12 103:21 119:17 121:9 122:3 123:25 | | stealth(1) 101:22 | | supervised(1) 40:16 | |
| shortfalls(2) 104:22 104:25 | | | | steath(4) 101:20 101:24 101:24 108:9 | | supervisory(1) 107:14 | |
| should(73) 10:7 15:25 18:12 21:20 21:24 22:4 22:6 22:9 26:7 27:12 31:4 32:5 32:11 34:8 34:21 35:9 40:6 40:6 40:8 50:13 53:18 55:17 55:18 56:16 57:14 78:15 79:8 79:9 79:10 81:22 82:13 82:14 83:2 85:7 85:10 86:16 86:25 87:1 87:21 88:5 89:13 89:24 90:25 91:1 91:16 94:13 95:2 95:2 96:24 100:10 102:17 102:23 103:1 103:14 103:24 104:1 104:4 108:9 108:12 108:16 108:17 108:21 109:13 109:14 112:1 112:5 113:3 113:9 114:8 115:4 116:4 117:1 122:25 | | | | steen(2) 1:32 4:35 | | supplement(2) 53:6 53:12 | |
| | | | | stein(1) 1:35 | | supplemental(5) 45:19 47:14 47:18 | |
| | | | | stems(1) 28:2 | | support(5) 77:8 104:24 106:12 108:19 | |
| | | | | step(2) 54:11 97:23 | | supposed(1) 19:25 | |
| | | | | stephen(1) 3:6 | | supreme(2) 15:1 105:12 | |
| | | sometimes(4) 17:21 56:5 68:17 68:18 | | steps(4) 10:6 29:10 29:17 32:12 | | sure(13) 9:9 21:23 43:5 44:16 44:20 50:16 60:11 73:2 73:5 79:6 80:11 81:24 104:2 | |
| | | somewhat(1) 39:19 | | still(9) 20:22 23:3 28:12 40:6 54:14 83:5 86:25 87:16 111:11 | | | |
| | | somewhere(1) 64:1 | | | | | |
| | | soon(3) 50:5 53:8 93:14 | | stipulate(1) 18:20 | | surgery(1) 26:12 | |
| | | sooner(1) 11:16 | | stipulating(1) 19:9 | | surprised(2) 96:13 96:17 | |
| | | sophisticated(1) 64:20 | | stipulation(6) 11:20 12:14 14:1 14:4 25:9 32:21 | | suspect(1) 18:21 | |
| shouldn't(2) 22:5 25:4 | | sorry(18) 9:2 20:6 21:13 23:10 25:3 25:3 28:19 47:19 80:1 81:15 81:18 85:14 104:13 104:14 105:4 125:13 126:12 127:10 | | | | system(2) 105:18 105:19 | |
| shouldn't(5) 77:12 87:5 91:20 99:6 114:5 | | | | | | systems(1) 87:14 | |
| show(2) 45:2 115:1 | | | | stone(1) 6:30 | | tab(2) 48:6 97:8 | |
| showed(2) 29:8 29:8 | | | | stood(2) 36:7 36:15 | | tabatabai(1) 2:32 | |
| shown(1) 42:15 | | sort(6) 68:15 85:19 88:9 90:19 101:3 | | stop(2) 21:7 21:9 25:10 29:24 103:22 106:13 | | tack(1) 92:24 | |
| shows(1) 63:24 | | sorting(1) 88:3 | | | | take(40) 8:16 10:6 17:5 20:1 20:3 22:14 27:11 27:13 27:17 28:21 29:3 36:9 37:7 37:22 37:23 37:24 38:2 38:6 38:18 43:17 44:5 54:19 58:24 62:9 64:20 65:9 65:21 69:5 69:6 81:18 85:2 88:17 93:19 95:2 109:20 112:15 112:18 113:15 123:14 124:2 | |
| side(3) 60:15 67:16 123:19 | | sought(1) 10:10 | | | | | |
| sides(3) 57:15 109:11 109:11 | | sound(3) 1:49 33:12 128:8 | | storage(1) 114:3 | | | |
| sign(1) 126:5 | | sounds(4) 27:8 67:20 67:21 71:19 | | straddle(1) 61:11 | | | |
| signed(2) 8:7 19:17 | | southern(1) 1:21 | | straddles(1) 46:4 | | | |
| significant(1) 105:10 | | spaghetti(5) 45:15 61:3 61:5 61:11 61:11 | | straightforward(2) 47:3 102:2 | | taken(6) 13:10 65:19 83:13 86:8 87:15 100:21 | |
| similar(1) 53:20 94:21 | | speak(4) 30:23 47:7 125:17 125:24 | | strands(1) 81:3 | | | |
| similarly(3) 75:17 82:23 87:1 | | speaking(1) 31:11 | | strategically(1) 69:4 | | taking(11) 25:4 29:18 32:11 41:23 44:7 60:15 66:21 78:7 101:9 106:3 116:5 | |
| simple(2) 82:23 123:22 | | special(1) 56:23 | | strauss(3) 3:24 5:5 | | | |
| simplify(1) 50:23 | | specific(3) 71:9 72:8 73:8 | | streams(1) 104:19 | | talk(8) 34:25 60:24 73:23 74:1 104:19 117:24 120:12 126:3 | |
| simply(14) 12:22 18:15 34:9 40:15 53:14 54:25 58:25 76:4 82:7 89:8 113:25 119:24 123:24 123:25 | | specifically(1) 19:22 107:8 107:17 | | street(7) 1:11 1:44 2:41 3:20 4:14 4:21 5:30 | | | |
| | | specifications(2) 82:24 88:14 | | | | talking(5) 41:12 47:25 120:13 120:15 120:18 | |
| | | specifics(2) 73:23 102:9 | | strict(3) 43:5 43:17 76:10 | | | |
| | | specified(1) 78:18 | | strides(1) 49:11 | | | |
| simultaneously(1) 64:19 | | speed(1) 17:13 | | strong(1) 44:9 | | tammy(1) 128:12 | |
| since(8) 8:15 15:8 17:19 39:13 82:16 115:12 116:19 122:8 | | spend(2) 91:4 95:20 | | strongly(5) 50:4 51:1 56:7 | | tandem(1) 93:17 | |
| | | spending(1) 69:14 | | stuff(1) 121:18 | | target(1) 76:21 | |
| | | spent(2) 37:2 101:8 | | stuffed(2) 120:5 127:20 | | targeted(2) 114:10 114:14 | |
| single(3) 19:24 21:21 41:20 | | spirit(1) 41:12 | | style(1) 71:13 | | task(1) 107:4 | |
| sir(6) 31:10 31:23 79:22 79:25 109:23 115:17 | | splitting(1) 67:8 | | sub-parties(1) 122:21 | | taylor(1) 2:38 | |
| | | spots(1) 100:17 | | subject(8) 25:18 26:2 26:3 39:4 42:14 97:23 100:25 103:11 | | technical(2) 82:24 88:14 | |
| | | spread(4) 94:5 94:16 94:13 111:2 | | | | techniques(1) 88:13 | |
| sit(9) 14:22 19:15 20:7 20:22 34:16 69:21 85:8 89:20 113:9 | | spreads(1) 94:18 | | | | telephonic(4) 4:33 5:1 6:1 | |
| | | square(2) 2:40 3:19 | | submission(22) 19:20 21:20 25:7 29:15 30:4 39:8 45:19 47:14 47:18 54:11 76:16 77:20 79:21 81:25 92:8 93:6 93:12 93:19 94:8 95:20 98:9 118:8 | | tell(11) 22:13 30:19 32:5 32:19 47:6 64:13 69:19 87:7 87:7 87:19 114:9 | |
| | | staged(1) 60:9 | | | | | |
| | | stages(1) 100:4 | | | | | |
| sitting(1) 18:7 | | stagger(1) 54:24 | | | | | |
| situated(1) 75:17 | | staging(1) 60:25 | | | | | |
| six(10) 17:2 17:20 52:19 52:25 92:22 92:23 92:25 97:21 109:9 120:8 | | stake(2) 92:13 93:5 | | | | | |
| | | stand(11) 19:25 21:8 30:2 36:3 36:10 38:9 53:9 118:4 118:21 119:6 127:25 | | | | | |
| sixth(1) 43:10 | | | | | | | |
| | | standard(2) 89:12 96:10 | | | | | |
| | | standards(1) 89:11 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **tempered**(1) 93:8 | | **that**(301) 42:15 42:16 42:17 42:20 42:22 | | **that**(301) 82:20 82:24 83:3 83:6 83:6 83:8 | | **the**(301) 1:1 1:2 1:19 2:8 2:26 3:13 3:17 | |
| **ten**(25) 38:4 38:5 38:6 38:11 68:7 68:8 | | 42:24 43:3 43:3 43:5 43:6 43:8 43:9 43:11 | | 83:9 83:9 83:13 83:17 83:21 83:24 83:25 | | 4:12 7:2 7:23 7:3 7:9 7:10 7:13 7:15 7:15 7:18 | |
| 68:10 68:12 68:14 68:15 69:3 69:6 70:10 | | 43:13 43:14 43:16 43:23 43:24 44:2 44:10 | | 84:5 84:9 84:10 84:10 84:13 84:15 84:17 | | 7:23 7:24 8:3 8:5 8:6 8:10 8:13 8:14 | |
| 73:24 78:18 89:19 89:19 111:18 112:16 | | 44:10 44:12 44:18 44:20 44:20 44:21 | | 84:18 85:1 85:2 85:6 85:7 85:11 85:12 | | 8:16 8:16 8:17 8:19 8:21 8:22 8:23 9:2 | |
| 113:4 113:16 113:17 120:12 120:16 120:17 | | 44:22 44:23 45:2 45:10 45:17 46:2 46:3 | | 85:12 85:16 85:21 85:24 86:8 86:12 86:15 | | 9:3 9:4 9:4 9:4 9:6 9:7 9:9 9:11 9:14 | |
| | | 46:10 46:12 46:13 46:14 46:23 47:16 | | 86:18 86:24 87:3 87:3 87:5 87:7 87:8 | | 9:16 9:17 9:18 9:18 9:19 9:22 9:24 9:24 | |
| **tenants**(1) 105:18 | | 47:16 47:20 47:23 48:1 49:1 49:12 49:14 | | 87:8 87:12 87:12 87:13 87:14 87:18 87:19 | | 10:1 10:3 10:5 10:6 10:6 10:7 10:9 10:11 | |
| **term**(3) 82:12 82:17 88:17 | | 49:15 49:18 49:20 49:25 50:1 50:4 50:4 | | 87:22 87:23 87:24 88:4 88:5 88:9 88:11 | | 10:15 10:19 10:20 10:23 11:1 11:2 11:4 | |
| **terms**(10) 8:14 14:20 21:10 34:23 83:22 | | 50:6 50:7 50:12 50:14 50:23 51:3 51:6 | | 88:12 88:13 88:16 88:18 88:19 88:23 | | 11:6 11:6 11:9 11:10 11:10 11:11 11:12 | |
| 88:18 107:17 122:7 123:18 126:7 | | 51:7 51:10 51:17 51:17 51:22 51:23 52:3 | | 89:2 89:10 89:11 89:12 89:15 90:17 | | 11:13 11:13 11:13 11:14 11:15 11:16 11:18 | |
| | | 52:7 52:13 52:16 52:18 52:18 52:18 52:20 | | 89:22 90:2 90:7 90:13 90:13 90:15 90:18 | | 11:25 12:1 12:2 12:4 12:6 12:6 12:7 12:7 | |
| **testimony**(4) 62:17 64:22 112:14 112:20 | | 52:21 52:21 52:21 53:4 53:5 53:8 53:9 | | 90:21 90:21 91:6 91:7 91:13 91:15 91:18 | | 12:8 12:9 12:11 12:12 12:13 12:16 12:18 | |
| **testing**(1) 108:18 | | 53:12 53:15 53:17 53:20 53:25 53:25 54:2 | | 91:19 91:20 92:7 92:16 92:17 92:19 92:23 | | 12:19 12:19 12:21 12:23 12:23 12:25 13:1 | |
| **tetrault**(1) 5:40 | | 54:3 54:4 54:7 54:7 54:8 54:12 54:13 | | 92:25 93:1 93:6 93:8 93:11 93:14 93:15 | | 13:2 13:3 13:4 13:7 13:8 13:9 13:13 | |
| **than**(18) 8:10 19:8 33:24 50:22 59:1 60:1 | | 54:16 54:17 54:18 54:25 55:1 55:4 55:5 | | 93:21 94:4 94:6 94:15 94:22 94:23 94:23 | | 13:17 13:19 13:20 13:21 14:2 14:2 14:5 | |
| 61:6 65:4 72:4 72:12 77:11 78:23 81:13 | | 55:7 55:11 55:14 55:18 55:23 55:24 55:24 | | 95:7 95:9 95:22 95:25 96:1 96:7 96:12 | | 14:6 14:11 14:12 14:12 14:13 14:14 14:14 | |
| 82:9 89:9 89:17 107:23 125:23 | | 56:2 56:5 56:7 56:8 56:9 56:13 56:14 | | 96:13 96:15 96:17 96:17 97:13 97:14 | | 14:14 14:15 14:15 14:16 14:16 14:18 | |
| | | 56:15 56:19 56:23 57:1 57:1 57:4 57:4 | | 97:18 97:20 97:24 98:6 98:7 98:8 98:8 | | 14:19 14:23 14:25 14:25 15:1 15:1 15:4 | |
| **thank**(63) 7:3 7:24 8:23 13:13 22:18 | | 57:7 57:11 57:12 57:14 57:22 58:16 58:23 | | 98:10 98:10 98:11 98:13 98:14 98:17 | | 15:5 15:6 15:7 15:11 15:12 15:14 15:15 | |
| 27:17 27:21 31:23 35:21 35:24 35:24 38:9 | | 58:24 59:9 59:9 59:25 60:1 60:2 60:8 | | 98:22 98:24 99:5 99:6 99:6 99:7 99:9 | | 15:16 15:17 15:17 15:18 15:21 15:22 | |
| 38:15 39:18 45:1 53:19 73:18 74:4 74:5 | | 60:8 60:10 60:13 60:13 60:23 61:2 61:5 | | 99:11 99:12 99:20 100:5 100:7 100:4 | | 15:23 15:25 16:9 16:10 16:11 16:12 16:13 | |
| 74:5 74:11 74:11 74:13 74:23 76:1 79:15 | | 61:12 62:1 62:5 62:6 62:15 62:17 62:18 | | 100:5 100:7 100:7 100:9 100:11 100:15 | | 16:14 16:15 16:15 16:15 16:16 16:17 | |
| 79:16 79:19 80:20 80:21 91:23 91:24 92:1 | | 62:20 62:21 63:2 63:3 63:12 63:18 63:18 | | 100:20 100:21 101:6 101:7 101:11 101:14 | | 16:18 16:19 16:22 16:23 16:24 16:24 | |
| 98:1 99:15 99:20 99:24 100:18 100:18 | | 63:21 63:24 63:24 63:24 63:25 64:9 64:11 | | 102:7 102:11 102:12 102:14 102:18 102:22 | | 16:25 17:2 17:4 17:8 17:9 17:11 17:12 | |
| 100:19 101:10 101:14 101:18 101:22 104:8 | | 64:13 64:14 64:17 64:17 64:20 64:23 | | 102:23 103:4 103:13 103:17 103:18 | | 17:14 17:22 17:23 17:24 17:25 17:25 18:2 | |
| 100:21 109:22 115:16 115:17 117:11 | | 64:24 64:24 65:2 65:4 65:4 65:6 65:17 | | 103:18 103:19 103:20 103:23 103:23 | | 18:3 18:4 18:5 18:10 18:18 18:18 18:18 | |
| 117:12 123:8 125:5 125:5 126:10 127:12 | | 65:19 65:21 65:23 66:1 66:7 66:9 66:12 | | 103:25 104:2 104:2 104:5 104:5 104:15 | | 18:15 18:16 18:20 19:2 19:4 19:5 19:6 | |
| 127:12 127:17 127:22 127:24 128:1 128:2 | | 66:19 66:22 66:24 67:5 67:7 67:15 68:1 | | 104:17 104:24 105:1 105:6 105:15 105:15 | | 19:13 19:18 19:21 19:21 19:22 19:24 20:2 | |
| 128:3 | | 68:3 68:8 68:16 68:17 68:17 68:24 69:4 | | 105:20 105:22 105:22 106:4 106:4 106:6 | | 20:2 20:4 20:6 20:9 20:9 20:12 20:12 | |
| **thanks**(1) 35:25 | | 69:5 69:11 69:15 69:19 69:20 70:3 70:8 | | 106:7 106:8 106:15 106:16 106:20 106:20 | | 20:15 20:16 20:18 20:19 20:20 20:20 21:1 | |
| **thanksgiving**(2) 53:24 54:18 | | 70:9 70:14 70:20 70:21 70:21 70:22 70:24 | | 107:8 107:14 107:15 107:17 107:18 107:20 | | 21:2 21:5 21:5 21:6 21:6 21:6 21:7 21:8 | |
| **that**(301) 7:17 7:19 8:6 8:6 8:8 8:9 8:12 | | 71:1 71:5 71:7 71:9 71:10 71:12 71:12 | | 107:25 108:1 108:1 108:2 108:5 108:9 | | 21:13 21:15 21:20 21:21 21:24 22:1 22:1 | |
| 8:15 8:16 8:16 8:21 9:1 9:5 9:5 9:5 9:6 | | 71:14 71:14 71:23 71:23 71:24 71:24 72:2 | | 108:10 108:20 109:1 109:5 109:7 109:9 | | 22:2 22:3 22:6 22:6 22:11 22:14 22:14 | |
| 9:7 9:12 9:15 9:15 9:16 9:22 9:23 10:2 | | 72:4 72:7 72:11 72:18 72:21 72:22 73:6 | | 109:19 110:1 110:2 110:3 110:9 110:11 | | 22:15 22:19 22:20 22:21 22:22 22:24 23:1 | |
| 10:3 10:7 10:15 10:16 11:3 11:3 11:11 | | 73:8 73:10 73:15 73:19 73:22 73:22 74:1 | | 110:12 110:13 110:15 110:15 110:20 | | 23:3 23:6 23:8 23:15 23:16 23:16 23:17 | |
| 11:15 11:15 11:16 11:16 11:19 11:19 11:20 | | 75:9 75:11 75:14 75:14 75:23 76:7 76:8 | | 110:22 111:5 111:11 111:15 111:17 111:17 | | 23:17 23:18 23:18 23:19 23:20 23:21 | |
| 11:22 11:25 12:2 12:4 12:12 12:12 12:18 | | 76:10 76:15 76:15 76:17 76:24 77:6 77:7 | | 112:1 112:2 112:8 112:14 112:18 112:20 | | 23:21 23:23 23:25 24:3 24:6 24:9 24:12 | |
| 12:21 12:22 13:9 13:9 13:10 13:25 14:1 | | 77:6 77:14 77:22 77:25 78:8 78:10 78:12 | | 112:21 113:3 113:4 113:5 113:7 113:8 | | 24:12 24:14 24:15 24:19 24:19 24:20 | |
| 14:3 14:7 14:7 14:9 14:18 14:18 14:21 | | 78:13 78:15 79:3 79:4 79:7 79:12 79:13 | | 113:8 113:13 113:15 113:22 113:23 114:4 | | 24:21 24:23 24:25 25:2 25:4 25:6 25:8 | |
| 14:22 15:3 15:3 15:6 15:8 15:10 15:20 | | 79:21 80:8 80:14 80:24 81:2 81:6 81:8 | | 114:6 114:19 114:20 114:21 114:23 115:8 | | 25:9 25:11 25:11 25:12 25:12 25:13 25:15 | |
| 15:23 15:24 16:1 16:4 16:4 16:6 16:15 | | 81:8 81:12 81:15 81:19 81:20 81:20 81:21 | | 116:3 116:3 116:7 116:9 116:9 116:11 | | 25:17 25:18 25:19 25:20 25:20 25:24 26:1 | |
| 16:16 16:17 16:23 16:23 16:23 17:1 17:1 | | 81:23 82:1 82:7 82:7 82:7 82:12 82:13 | | 116:11 116:13 116:15 116:16 117:1 117:2 | | 26:1 26:2 26:6 26:9 | |
| 17:4 17:9 17:12 17:13 17:13 17:14 17:23 | | 82:14 82:15 82:16 82:19 | | 117:20 117:21 117:25 118:1 118:6 118:7 | | |
| 18:1 18:2 18:4 18:6 18:6 18:8 18:8 | | | | 118:13 118:21 119:2 119:6 119:6 119:7 | | |
| 18:8 18:10 18:11 18:12 18:13 18:14 | | | | 119:7 119:9 119:11 119:17 119:18 119:22 | | |
| 18:16 18:20 18:22 19:2 19:4 19:10 19:13 | | | | 119:25 119:25 120:2 120:14 120:15 120:22 | | |
| 19:13 19:17 19:19 19:22 20:1 20:1 20:3 | | | | 120:25 120:25 121:3 121:7 121:13 121:15 | | |
| 20:4 20:8 20:13 20:16 20:17 20:18 20:22 | | | | 121:15 | | |
| 21:2 21:7 21:7 21:11 21:12 21:20 21:22 | | | | | | |
| 21:25 22:4 22:6 22:7 22:9 22:9 22:14 | | | | | | |
| 22:15 22:21 23:5 23:6 23:7 23:15 23:17 | | | | **that**(41) 121:16 121:20 122:5 122:7 | | |
| 23:17 23:18 23:21 23:21 23:23 24:1 24:3 | | | | 122:22 122:22 123:5 123:6 123:6 123:7 | | |
| 24:5 24:7 24:7 24:15 24:16 24:21 25:7 | | | | 123:14 123:14 123:15 123:18 123:21 | | |
| 25:7 25:9 25:15 25:17 25:17 25:21 25:24 | | | | 123:25 124:2 124:2 124:2 124:6 124:11 | | |
| 25:24 26:1 26:4 26:14 27:13 28:2 28:3 | | | | 124:23 124:25 125:16 125:17 125:18 | | |
| 28:7 28:8 28:10 28:13 28:15 28:17 28:21 | | | | 125:20 125:22 126:4 126:5 126:6 126:7 | | |
| 29:3 29:17 29:17 29:21 29:22 29:23 29:25 | | | | 126:10 126:13 126:14 127:5 127:5 127:6 | | |
| 30:1 30:6 30:14 30:16 30:20 30:20 30:20 | | | | 127:7 127:18 128:7 | | |
| 30:22 30:25 31:2 31:13 31:17 31:19 31:20 | | | | | | |
| 31:20 31:21 32:3 32:4 32:5 32:8 32:9 | | | | **that's**(49) 8:18 10:18 11:14 13:1 13:6 | | |
| 32:10 32:10 32:13 32:14 32:17 32:20 | | | | 13:11 16:19 17:11 17:21 19:8 20:2 23:1 | | |
| 32:22 32:23 32:25 33:12 33:18 33:19 | | | | 23:14 25:2 26:18 26:25 33:7 33:14 | | |
| 33:24 34:2 34:4 34:6 34:6 34:8 34:11 | | | | 39:25 40:13 40:16 43:6 49:13 50:5 50:8 | | |
| 34:13 34:13 34:17 34:19 34:20 34:21 | | | | 50:24 51:1 52:1 52:15 52:16 52:17 53:17 | | |
| 34:22 34:23 35:1 35:4 35:7 35:8 35:10 | | | | 54:2 57:21 58:2 58:6 59:19 60:7 60:23 | | |
| 35:10 35:11 35:12 35:15 35:25 36:6 36:7 | | | | 61:1 62:18 62:19 66:25 67:3 67:15 70:1 | | |
| 36:8 36:9 36:13 36:14 36:16 36:19 36:23 | | | | 71:9 72:20 | | |
| 36:23 37:1 37:2 37:7 37:7 37:16 37:17 | | | | **that's**(39) 36:24 77:10 78:16 79:13 82:11 | | |
| 37:18 37:19 37:21 37:22 37:24 38:7 38:17 | | | | 82:17 82:18 83:7 86:15 87:6 88:7 88:25 | | |
| 38:25 39:2 39:4 39:5 39:11 39:11 39:12 | | | | 89:8 90:21 90:23 93:4 93:7 94:11 94:14 | | |
| 39:13 39:14 39:18 39:22 40:2 40:12 40:14 | | | | 94:17 94:18 96:24 98:15 98:17 98:22 | | |
| 40:15 40:16 40:17 40:18 40:24 41:6 41:7 | | | | 98:23 100:9 100:16 102:17 112:20 116:8 | | |
| 41:11 41:11 41:12 41:23 42:2 42:2 42:4 | | | | 118:20 119:3 121:10 121:19 125:12 125:23 | | |
| 42:5 42:5 42:8 42:11 42:12 42:13 | | | | 126:23 127:5 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the**(301) 26:14 26:17 26:19 26:21 26:22 26:24 26:25 27:1 27:3 27:6 27:8 27:12 27:17 27:20 27:21 27:25 27:25 28:2 28:4 28:7 28:7 28:10 28:11 28:13 28:14 28:15 28:22 29:1 29:2 29:3 29:4 29:6 29:7 29:8 29:9 29:9 29:10 29:13 29:14 29:16 29:17 29:24 29:24 30:3 30:5 30:6 30:8 30:9 30:15 30:15 31:5 31:7 31:7 31:9 31:11 31:12 31:17 31:18 31:20 31:23 31:25 32:2 32:5 32:8 32:15 32:16 32:18 32:18 32:19 32:19 32:21 32:21 32:23 32:23 32:24 32:25 32:25 33:7 33:10 33:18 33:19 33:23 33:24 33:24 34:1 34:1 34:2 34:2 34:3 34:5 34:5 34:6 34:9 34:10 34:12 34:13 34:14 34:17 34:18 34:18 34:19 34:22 34:22 34:24 34:25 35:1 35:1 35:3 35:3 35:5 35:6 35:8 35:13 35:13 35:16 35:19 35:21 36:1 36:1 36:2 36:3 36:5 36:6 36:7 36:8 36:11 36:13 36:13 36:17 36:19 36:20 37:3 37:11 37:13 37:18 37:19 37:23 37:24 37:25 38:6 38:9 38:11 38:14 38:15 38:16 38:17 38:17 38:18 38:20 38:22 38:25 39:5 39:6 39:8 39:9 39:10 39:13 39:13 39:15 39:17 39:22 39:22 39:23 40:3 40:6 40:8 40:8 40:10 40:13 40:14 40:15 40:16 40:17 40:18 40:20 40:20 40:21 40:22 40:25 41:1 41:4 41:6 41:7 41:9 41:13 41:14 41:14 41:17 41:19 41:22 42:2 42:6 42:7 42:7 42:9 42:9 42:12 42:14 42:14 42:16 42:18 42:19 42:20 42:21 42:22 42:23 42:24 42:25 43:2 43:2 43:6 43:7 43:7 43:8 43:10 43:11 43:12 43:15 43:16 43:18 43:20 43:21 43:22 43:22 43:25 44:1 44:1 44:2 44:4 44:6 44:7 44:7 44:8 44:13 44:16 44:18 44:14 44:21 44:22 44:23 44:25 45:2 45:3 45:6 45:14 45:18 45:20 45:21 45:22 45:23 45:25 45:25 46:1 46:2 46:4 46:6 46:9 46:11 46:13 46:13 46:15 46:15 46:16 46:17 46:22 46:22 46:24 46:25 47:4 47:4 47:5 47:8 47:9 47:9 47:10 47:10 47:12 47:12 47:13 47:13 47:15 47:17 47:19 47:20 47:22 47:24 48:5 48:8 48:10 48:1 48:14 48:15 48:16 48:17 48:19 48:20 48:21 48:22

**the**(301) 48:23 48:24 49:1 49:2 49:2 49:3 49:4 49:6 49:8 49:9 49:9 49:12 49:13 49:13 49:16 49:17 49:19 49:19 49:21 49:22 49:24 49:24 49:25 50:1 50:2 50:6 50:8 50:9 50:10 50:12 50:13 50:15 50:17 50:19 50:19 50:20 50:22 50:22 51:3 51:7 51:11 51:12 51:13 51:13 51:18 51:19 51:21 51:23 51:25 52:2 52:2 52:3 52:4 52:7 52:8 52:12 52:13 52:15 52:17 52:18 52:20 52:21 52:22 52:23 53:3 53:6 53:8 53:13 53:14 53:16 53:16 53:17 53:20 53:21 53:21 53:21 53:22 53:22 53:24 53:25 54:1 54:4 54:5 54:5 54:6 54:6 54:7 54:8 54:9 54:10 54:12 54:13 54:15 54:15 54:16 54:16 54:18 54:22 54:25 55:2 55:4 55:6 55:7 55:8 55:10 55:12 55:13 55:13 55:15 55:14 55:19 56:9 56:9 56:11 56:14 56:18 56:18 56:20 56:20 56:24 57:3 57:4 57:8 57:10 57:16 57:18 57:21 57:25 58:1 58:5 58:7 58:7 58:7 58:8 58:11 58:11 58:12 58:15 58:16 58:17 58:20 58:21 58:21 58:22 58:22 58:23 59:3 59:3 59:4 59:5 59:6 59:7 59:7 59:8 59:13 59:16 59:18 59:20 59:22 59:23 59:24 60:2 60:5 60:5 60:6 60:9 60:11 60:12 60:12 60:13 60:14 60:15 60:16 60:18 60:18 60:19 60:20 60:22 60:24 60:24 60:25 61:1 61:2 61:3 61:4 61:5 61:6 61:6 61:7 61:7 61:9 61:10 61:11 61:11 61:12 61:13 61:15 61:16 61:20 61:21 61:23 62:2 62:3 62:3 62:4 62:6 62:8 62:10 62:11 62:12 62:13 62:13 62:15 62:19 62:20 62:21 63:1 63:3 63:5 63:5 63:6 63:6 63:9 63:9 63:10 63:11 63:12 63:14 63:21 63:21 64:1 64:1 64:4 64:6 64:11 64:12 64:14 64:14 64:21 64:24 65:1 65:2 65:4 65:5 65:5 65:5 65:6 65:7 65:7 65:7 65:8 65:10 65:10 65:11 65:11 65:13 65:13 65:14 65:14 65:15 65:16 65:21 65:22 65:24 66:1 66:3 66:3 66:4 66:5 66:6 66:10 66:14 66:16 66:16 66:16 66:18 66:19 66:20 66:21 66:22 66:22 66:23 66:23 67:1 67:6 67:7 67:8 67:10 67:10 67:11 67:12 67:12 67:13 67:13 67:13 67:14 67:15 67:16 67:17 67:17

**the**(301) 67:20 67:20 67:22 67:22 67:23 68:1 68:1 68:2 68:3 68:3 68:4 68:7 68:10 68:11 68:13 68:15 68:21 68:22 68:22 68:23 68:24 69:7 69:7 69:9 69:13 69:13 69:18 69:18 70:1 70:8 70:9 70:11 70:12 70:15 70:16 70:20 70:21 70:23 70:24 71:8 71:13 71:13 71:15 71:17 71:17 71:22 71:24 71:25 72:3 72:3 72:5 72:5 72:7 72:8 72:9 72:14 72:15 72:19 72:23 73:2 73:3 73:5 73:10 73:11 73:12 73:14 73:19 73:20 73:21 73:21 73:23 74:5 74:7 74:8 74:11 74:14 74:16 74:17 74:19 74:21 74:25 75:1 75:8 75:9 75:12 75:12 75:15 75:16 75:17 75:20 75:21 75:22 75:23 75:24 76:2 76:3 76:3 76:6 76:6 76:7 76:8 76:10 76:11 76:13 76:18 76:19 76:19 76:20 76:20 76:21 76:21 76:22 76:23 76:23 76:25 76:25 77:1 77:5 77:7 77:8 77:8 77:9 77:13 77:15 77:15 77:17 77:17 77:19 77:19 77:22 77:22 77:25 77:25 78:1 78:4 78:4 78:6 78:9 78:11 78:11 78:12 78:17 78:19 78:19 78:20 78:24 79:2 79:3 79:3 79:6 79:8 79:9 79:12 79:12 79:19 79:22 79:23 80:1 80:2 80:3 80:5 80:8 80:9 80:15 80:16 80:20 80:22 80:24 80:25 81:1 81:2 81:5 81:5 81:6 81:7 81:11 81:11 81:12 81:12 81:13 81:16 81:18 81:19 81:23 82:2 82:4 82:4 82:5 82:6 82:8 82:10 82:11 82:11 82:11 82:12 82:15 82:17 82:18 82:21 82:24 83:4 83:7 83:9 83:11 83:12 83:12 83:13 83:14 83:14 83:16 83:19 83:19 83:20 83:21 83:21 83:22 83:22 83:23 83:24 83:24 84:1 84:3 84:4 84:5 84:8 84:9 84:12 84:18 84:20 84:21 84:22 84:23 85:1 85:3 85:4 85:8 85:9 85:11 85:12 85:15 85:15 85:16 85:17 85:18 85:19 86:2 86:2 86:3 86:3 86:4 86:5 86:6 86:7 86:8 86:13 86:13 86:13 86:14 86:14 86:16 86:16 86:17 86:19 86:19 86:20 86:21 86:21 86:22 86:22 86:23 87:1 87:4 87:13 87:15 87:21 87:23 87:23 87:24 87:25 87:25 88:1 88:4 88:4 88:6 88:6 88:7 88:8 88:10 88:10 88:12

**the**(301) 88:13 88:14 88:14 88:15 88:16 88:17 88:17 88:18 88:19 88:21 88:25 89:5 89:10 89:13 89:15 89:16 89:18 89:20 89:20 89:21 89:24 89:25 90:1 90:3 90:3 90:5 90:6 90:7 90:7 90:9 90:9 90:10 90:12 90:13 90:14 90:15 90:16 90:16 90:18 90:21 90:24 91:2 91:2 91:2 91:4 91:6 91:7 91:8 91:8 91:10 91:10 91:11 91:13 91:15 91:16 91:16 91:17 91:19 91:20 91:22 91:24 92:2 92:4 92:6 92:7 92:7 92:10 92:11 92:13 92:16 92:17 92:18 92:19 92:20 92:20 92:22 92:24 92:24 93:6 93:7 93:8 93:9 93:9 93:11 93:11 93:13 93:14 93:17 93:18 93:20 93:20 93:23 93:25 93:25 94:1 94:4 94:4 94:9 94:13 94:14 94:14 94:15 94:15 94:16 94:18 94:20 94:21 94:22 94:22 94:23 94:24 94:25 94:25 95:3 95:4 95:5 95:5 95:8 95:9 95:10 95:10 95:16 95:18 95:19 95:21 95:22 95:22 96:2 96:2 96:8 96:10 96:12 96:14 96:15 96:16 96:18 96:19 96:22 96:23 96:25 97:1 97:1 97:2 97:5 97:6 97:6 97:8 97:9 97:14 97:16 97:16 97:17 97:17 97:18 97:18 97:19 97:20 97:21 97:22 97:23 98:2 98:2 98:5 98:5 98:6 98:6 98:12 98:14 98:14 98:15 98:16 98:17 98:19 98:19 98:19 98:19 98:20 98:21 98:21 98:21 98:23 98:24 99:1 99:2 99:4 99:8 99:9 99:10 99:11 99:11 99:20 99:20 99:23 100:2 100:2 100:5 100:5 100:9 100:10 100:11 100:12 100:12 100:13 100:15 100:22 100:22 100:23 101:2 101:2 101:11 101:13 101:13 101:14 101:14 101:16 101:24 101:25 102:1 102:2 102:3 102:3 102:4 102:5 102:7 102:9 102:15 102:16 102:17 102:21 102:21 103:1 103:2 103:3 103:7 103:9 103:17 103:19 103:24 103:25 103:25 104:2 104:4 104:9 104:10 104:12 104:14 104:15 104:16 104:19 104:21 104:22 104:23 105:2 105:2 105:4 105:6 105:7 105:7 105:8 105:8 105:10 105:12 105:13 105:15 105:15 105:18 105:18 105:18 105:24 106:1 106:2 106:5 106:8 106:9 106:10 106:10 106:11 106:11 106:12 106:12 106:14 106:15 106:15 106:15 106:16 106:19 106:19 106:21 106:23 107:2 107:3 107:4 107:4 107:5 107:7 107:9 107:9 107:10 107:12 107:13 107:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 107:14 107:15 107:16 107:16 107:17 107:19 107:20 107:21 107:24 108:1 108:2 108:2 108:4 108:5 108:5 108:10 108:10 108:11 108:11 108:12 108:13 108:15 108:17 108:18 108:18 108:19 108:20 108:22 108:23 108:24 109:3 109:4 109:6 109:6 109:6 109:7 109:9 109:11 109:11 109:12 109:13 109:15 109:17 109:18 109:19 109:23 110:2 110:6 110:8 110:10 110:12 110:13 110:13 110:14 110:15 110:16 110:17 110:18 110:19 110:20 110:21 110:21 110:22 110:23 110:24 110:25 111:1 111:2 111:3 111:5 111:6 111:8 111:9 111:9 111:10 111:11 111:13 111:13 111:15 111:16 111:17 111:19 111:19 111:20 111:24 111:24 112:1 112:3 112:3 112:5 112:7 112:7 112:9 112:10 112:10 112:13 112:13 112:14 112:17 112:21 112:21 112:22 112:25 112:25 113:1 113:4 113:10 113:13 113:14 113:16 113:18 113:19 113:20 113:21 114:2 114:2 114:3 114:4 114:5 114:5 114:11 114:11 114:11 114:13 114:15 114:18 114:18 114:19 114:19 114:20 114:20 114:22 114:24 114:25 114:25 115:1 115:1 115:2 115:4 115:6 115:7 115:7 115:9 115:9 115:10 115:12 115:13 115:14 115:17 115:22 115:25 115:25 116:1 116:3 116:4 116:5 116:6 116:8 116:9 116:11 116:13 116:15 116:16 116:18 116:20 116:21 116:21 116:24 117:3 117:4 117:5 117:5 117:6 117:7 117:10 117:12 117:15 117:19 117:20 117:21 117:23 117:25 118:1 118:1 118:3 118:4 118:4 118:5 118:6 118:6 118:7 118:8 118:11 118:13 118:13 118:15 118:15 118:16 118:16 118:19 118:20 118:23 118:25 119:1 119:1 119:3 119:8 119:9 119:12 119:13 119:13 119:13 119:16 119:20 119:25 119:25 120:1 120:2 120:4 120:7 120:9 120:12 120:14 120:16 120:17 120:22 120:22 121:1 121:1 121:2 121:4 121:4 121:5 121:6 121:11 121:14 121:18 121:20 121:22 121:24 121:24 121:25 122:2 122:3 122:6 122:7 122:10 122:11 122:11 122:12 122:14 122:14 122:15 122:15 122:17 122:17 122:18 122:19 122:20 122:21 122:22 122:23 122:24 122:25 123:1 123:1 123:1 123:2 123:2 123:3 123:3 123:7 123:8 123:11 123:15 123:19 123:20 123:21 123:23 124:3 124:5 124:5 124:5 124:6 124:8 124:8 124:9 124:9 124:11 124:14 124:14 124:15 124:15 124:16 124:16 124:17 124:19 | **the**(49) 124:20 124:21 124:22 124:24 124:24 124:24 124:25 125:1 125:1 125:3 125:5 125:6 125:7 125:9 125:10 125:10 125:12 125:14 125:15 125:17 125:18 125:18 125:21 125:24 125:25 125:25 125:25 126:2 126:4 126:6 126:7 126:10 126:13 126:16 126:20 126:24 126:25 127:3 127:4 127:7 127:9 127:12 127:19 127:24 128:4 128:7 128:8 128:8 128:9 **their**(31) 29:11 29:12 29:19 29:25 38:1 49:3 53:6 53:14 57:5 59:21 61:21 67:15 72:10 77:9 77:12 81:16 81:25 101:4 104:3 104:5 105:21 107:6 112:15 112:19 113:10 113:17 115:15 117:3 119:11 122:23 124:10 | **them**(59) 12:13 20:14 24:4 34:4 45:5 55:21 56:1 56:7 56:13 56:25 62:24 63:17 63:19 64:8 64:21 68:18 68:19 68:23 71:25 72:1 72:22 72:23 76:4 77:14 77:16 77:23 77:23 78:22 79:14 82:2 82:16 83:3 83:17 84:16 89:7 89:9 95:13 95:14 95:24 96:4 96:5 97:12 97:13 97:14 104:5 109:20 109:20 110:6 111:4 112:12 112:13 112:19 119:22 119:24 120:6 120:23 120:24 121:16 121:17 **theme**(5) 71:5 121:10 121:21 122:16 123:15 **themselves**(7) 29:21 73:12 78:21 79:1 86:3 86:14 115:14 **then**(51) 8:21 11:13 13:3 20:22 20:24 21:12 22:10 21:27 28:21 32:20 34:4 34:14 34:17 36:9 42:9 42:23 45:25 47:9 48:15 52:8 52:9 52:11 53:3 53:20 54:10 59:8 61:10 61:12 62:12 63:6 69:4 72:5 72:8 72:17 76:24 78:22 81:5 85:9 85:18 87:19 99:19 103:3 105:6 107:23 108:3 109:5 112:19 119:17 121:6 123:10 124:1 **theory**(2) 58:18 61:20 **there**(121) 7:8 7:9 8:5 12:21 15:24 18:8 18:9 19:10 19:20 20:13 23:20 25:12 25:23 26:3 32:9 35:11 36:22 37:5 37:8 37:15 40:12 41:12 41:16 41:16 42:4 43:8 43:16 43:23 43:23 44:21 45:25 46:25 49:19 51:8 53:11 54:2 55:17 55:18 57:1 57:22 62:1 66:19 69:15 70:19 70:21 70:22 71:5 71:11 71:14 71:24 75:3 77:6 78:8 78:10 79:4 79:5 82:10 83:16 83:21 85:12 85:24 88:23 89:9 89:23 89:25 90:8 90:17 90:19 92:22 92:23 93:20 93:24 95:3 95:6 96:11 96:12 97:11 98:7 98:15 99:6 99:20 100:3 100:7 101:6 101:12 103:14 103:22 103:25 105:5 105:10 106:16 106:17 107:23 108:9 108:17 108:21 109:1 109:7 109:8 109:9 109:21 112:5 116:10 117:1 117:16 119:7 119:10 119:22 119:24 120:3 120:11 120:20 120:21 120:24 121:8 121:12 122:3 122:3 124:23 126:18 126:20 **there's**(45) 11:3 11:9 12:5 15:8 17:4 18:8 18:11 18:19 29:1 31:6 33:1 34:13 41:16 43:5 43:14 45:18 45:22 45:24 45:24 46:1 46:2 46:3 47:16 48:19 48:24 49:12 51:6 51:9 51:14 52:9 52:11 53:4 55:16 55:25 60:9 61:5 61:16 63:12 63:15 63:16 63:18 63:24 65:17 65:18 72:21 **therefore**(7) 15:6 24:10 92:19 93:20 96:24 110:12 112:12 **there's**(24) 79:4 83:3 84:18 85:14 85:15 87:17 87:21 90:2 90:4 94:21 99:13 100:15 103:12 103:16 109:8 114:19 118:12 119:22 120:8 120:19 120:10 121:2 123:11 125:19 **these**(52) 10:24 15:10 17:10 19:6 19:7 19:18 19:20 19:23 21:1 21:9 25:6 26:7 26:8 35:10 52:6 54:22 55:7 57:21 57:24 63:2 63:12 63:25 64:24 65:2 65:16 69:6 72:25 73:10 73:11 73:19 74:3 83:2 84:2 84:9 87:14 90:22 92:6 93:13 102:6 103:7 103:20 105:8 105:13 105:22 107:8 107:22 110:7 111:2 112:8 115:6 118:8 123:15 | **they**(114) 12:22 20:20 23:3 23:5 24:1 24:1 24:4 24:7 24:22 25:14 25:14 29:8 29:8 29:10 29:11 29:11 29:25 30:1 31:19 32:6 36:9 37:9 43:11 45:11 45:16 51:6 53:5 53:6 54:7 54:10 60:19 64:13 65:22 68:17 68:18 68:18 68:19 68:20 68:25 69:4 69:5 70:17 71:1 71:1 72:15 75:18 77:7 77:9 77:16 77:23 77:24 78:1 78:2 81:12 81:17 81:22 81:24 82:1 82:15 82:19 82:19 82:23 84:7 84:13 84:18 86:18 87:5 87:12 87:22 95:14 95:18 95:24 96:5 96:6 96:17 96:20 96:20 96:23 98:14 98:25 100:8 100:8 102:19 103:15 104:3 104:23 106:13 106:14 108:24 108:25 113:23 113:25 114:2 114:3 114:6 114:7 114:7 114:12 114:12 114:13 114:20 114:25 115:4 115:15 116:4 116:9 119:11 119:14 120:13 120:19 121:3 121:16 121:17 123:17 **they'll**(2) 16:19 57:11 **they're**(13) 19:15 19:16 21:5 23:23 30:20 45:11 52:5 54:12 60:6 66:2 66:24 67:24 71:24 **they've**(4) 13:10 13:10 23:6 24:2 **they'll**(1) 113:22 **they're**(10) 103:8 105:9 107:6 107:9 112:9 112:9 112:10 112:10 112:13 113:24 **they've**(6) 83:4 84:14 84:16 86:20 87:2 95:1 **thick**(1) 67:18 **thing**(11) 25:15 55:4 60:23 78:2 86:19 88:10 89:5 117:25 118:20 119:25 125:24 **things**(23) 15:8 15:10 17:10 22:19 36:23 41:4 44:7 54:16 54:22 54:24 56:10 66:5 72:25 78:6 78:25 83:2 84:15 85:11 88:5 89:9 94:18 115:7 116:14 **think**(194) 8:9 8:25 9:1 9:3 12:2 12:5 12:20 12:20 12:21 13:1 13:9 13:11 13:18 13:23 14:3 15:2 15:9 17:2 17:3 17:4 17:20 17:25 19:8 22:8 24:15 24:18 25:4 25:8 26:8 27:12 28:5 31:13 32:3 32:13 33:1 33:2 33:4 33:12 33:22 33:25 34:1 34:3 34:19 34:21 35:7 35:7 35:8 35:9 35:12 35:15 38:24 39:5 40:19 41:6 41:10 41:13 41:19 41:25 42:1 42:6 43:14 43:15 43:20 44:12 45:2 45:17 46:11 47:2 47:25 50:2 50:14 50:23 51:4 51:6 51:17 51:22 52:21 58:18 58:25 59:16 60:12 61:1 61:3 61:4 61:19 62:17 62:18 62:20 63:19 64:9 64:11 64:17 64:23 66:12 66:18 68:18 70:8 70:10 70:20 71:4 71:6 71:12 71:17 72:11 72:21 73:6 73:6 73:10 73:15 73:19 75:9 75:10 75:14 76:7 76:20 77:5 77:10 78:8 78:20 79:9 79:13 80:18 80:23 81:4 81:19 83:6 83:15 85:1 87:9 87:17 87:18 90:12 101:11 101:13 102:2 111:6 112:1 112:5 112:6 112:8 113:7 113:8 113:12 114:15 114:17 114:20 114:23 115:3 116:2 116:3 116:15 117:1 117:4 118:1 118:5 116:9 116:19 119:9 119:25 120:22 121:22 122:2 122:12 122:13 122:24 123:7 123:10 124:20 125:9 125:22 125:24 126:8 **thinking**(5) 8:14 8:15 25:15 49:23 57:20 **thinks**(1) 34:25 **third**(29) 10:3 11:11 12:1 13:7 16:14 16:25 17:4 17:6 17:12 18:1 18:2 20:12 23:6 23:8 23:17 46:15 53:20 60:24 62:12 64:10 67:17 67:20 71:8 93:19 113:19 125:12 125:13 125:14 | **this**(169) 7:10 7:17 7:20 8:7 9:15 9:20 9:22 11:4 11:5 11:21 11:23 12:14 13:5 13:8 13:19 15:8 16:4 16:5 17:2 17:3 17:5 17:6 17:14 17:17 17:19 17:20 18:12 18:12 18:16 18:19 20:7 20:25 21:3 21:13 21:14 21:23 22:8 22:15 23:2 23:19 23:22 24:8 25:4 25:12 27:15 27:22 28:4 29:2 29:3 29:14 29:16 31:16 32:11 33:23 35:8 35:17 36:20 37:8 37:8 37:17 37:21 38:11 38:20 39:2 39:12 41:21 42:13 43:6 43:21 43:22 44:10 47:12 47:13 52:3 52:4 55:5 55:17 61:21 64:10 67:9 67:19 68:2 71:19 72:14 72:20 73:15 74:16 75:10 75:22 79:13 81:2 81:20 81:22 82:6 82:14 83:6 85:2 85:3 85:6 85:7 85:9 86:1 86:5 86:18 87:11 87:15 87:24 88:6 89:3 89:5 91:1 92:14 93:15 94:3 94:3 94:11 94:20 95:8 95:17 96:14 98:1 98:18 99:1 99:14 100:14 101:11 102:10 102:21 103:1 103:3 103:7 103:21 103:24 105:3 105:3 105:16 106:6 107:3 107:4 108:14 108:22 109:6 109:12 109:16 110:4 110:6 110:11 110:25 112:6 113:3 115:11 115:7 115:13 119:23 123:2 119:21 121:21 122:1 123:4 123:13 123:20 123:21 124:8 124:10 124:12 124:19 126:13 126:25 127:15 **thomas**(1) 4:7 **thoroughly**(1) 9:17 **those**(57) 9:10 9:13 18:4 19:3 19:14 21:22 28:14 32:7 45:24 46:4 46:5 47:1 53:10 56:14 57:12 59:17 61:19 62:7 62:9 62:15 64:17 69:6 73:7 75:13 76:5 78:25 83:18 87:6 88:9 88:9 88:21 89:23 91:17 92:19 93:16 94:2 95:13 98:25 100:6 100:7 100:16 100:16 103:23 104:7 108:17 109:18 110:25 111:4 111:14 113:15 114:1 114:17 115:3 115:7 115:13 119:23 123:2 **though**(6) 18:24 25:23 34:22 75:4 71:12 80:15 104:1 **thought**(8) 19:19 28:1 41:20 44:10 56:18 71:12 80:15 104:1 **thousands**(1) 123:17 **three**(29) 17:3 45:23 46:5 47:1 47:17 48:21 52:2 52:2 52:13 54:14 59:22 61:14 62:10 62:17 63:7 63:18 63:22 63:22 63:23 78:1 78:3 97:17 109:9 120:6 121:24 121:25 122:5 122:14 123:1 **threshold**(2) 73:10 124:5 **through**(26) 12:6 45:22 46:14 46:25 48:17 61:3 61:7 67:5 67:6 67:7 73:8 83:1 86:12 92:4 92:10 98:24 100:2 100:14 100:20 108:13 109:4 109:20 121:23 121:24 122:11 123:16 **throughout**(2) 19:18 116:23 **thunder**(1) 41:4 **thursday**(2) 81:17 119:19 **thus**(1) 16:23 **tight**(4) 14:9 98:8 98:9 98:12 **time**(44) 12:15 12:23 13:20 15:21 25:13 35:17 37:11 37:16 37:19 38:18 44:19 47:24 51:23 59:9 69:21 71:20 73:24 76:1 75:3 77:14 77:18 84:13 90:3 91:4 91:4 94:8 95:21 97:2 98:2 101:8 101:9 101:9 103:16 105:3 105:24 109:19 110:11 114:24 116:1 117:15 122:19 123:12 124:16 124:19 **timeframe**(4) 94:4 96:22 106:24 107:3 **timeframes**(2) 14:10 111:14 **timeline**(3) 37:3 116:11 117:2 **timelines**(2) 96:22 122:12 **times**(4) 62:10 62:11 62:17 68:10 **timetable**(19) 29:9 47:9 48:11 77:21 77:21 77:23 77:25 78:4 78:7 78:8 78:12 78:16 88:12 92:11 94:1 98:8 105:1 110:19 124:9 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| timetables(3) 47:11 47:21 93:21 | | types(2) 65:13 88:10 | | upon(10) 8:17 28:14 60:6 60:19 72:2 106:17 106:19 107:3 107:12 110:13 | | warehouse(3) 72:14 72:16 115:2 | |
| timing(1) 124:24 | | typically(1) 114:14 | | | | was(65) 8:5 8:14 8:15 11:16 11:19 15:9 19:19 19:20 20:5 26:25 28:20 29:2 33:14 35:2 41:20 42:2 42:4 42:24 42:14 42:22 42:22 43:15 43:20 44:12 45:7 46:23 46:23 49:4 49:9 56:8 56:8 56:24 70:21 71:12 80:4 80:22 81:20 81:23 81:24 87:24 91:6 91:7 91:18 92:16 94:9 95:8 95:22 99:9 99:11 99:12 99:20 101:3 102:1 102:11 102:12 102:12 107:23 112:23 116:4 119:8 119:10 121:22 122:8 123:1 128:4 | |
| timothy(1) 2:22 | | typographical(1) 119:23 | | | | | |
| today(56) 7:23 8:11 8:13 9:12 9:23 12:1 12:4 12:9 13:2 15:2 19:25 20:18 21:19 22:5 29:4 32:5 33:1 34:2 34:9 35:9 36:4 36:11 36:13 36:18 36:20 37:6 37:9 37:12 37:14 37:17 39:3 39:23 40:5 40:20 41:11 45:2 45:12 56:20 57:2 57:14 57:23 75:3 80:25 81:11 84:7 92:8 101:5 105:9 106:6 106:7 106:8 112:4 115:4 119:5 120:19 125:25 | | u.k(15) 5:44 6:10 6:25 90:18 104:10 104:24 106:14 109:9 111:19 112:9 120:22 121:1 121:4 122:18 123:11 | | | | | |
| | | | | upsetting(1) 42:9 | | | |
| | | | | up—front(1) 121:8 | | | |
| | | | | urged(1) 107:3 | | | |
| | | | | usb(1) 6:21 | | | |
| | | | | use(17) 12:23 25:13 35:6 36:6 62:21 64:12 68:7 69:4 71:15 82:18 84:16 88:12 102:21 103:24 112:19 116:23 117:3 | | wasn't(1) 11:21 | |
| | | u.k.p.i(1) 92:24 | | | | wasn't(3) 81:24 82:8 96:11 | |
| today's(1) 24:14 | | u.s(120) 2:20 8:6 8:15 9:7 12:11 13:9 13:17 14:14 14:14 14:16 14:16 22:1 25:8 25:11 31:5 31:7 31:15 32:16 36:5 39:22 41:9 41:13 42:19 45:18 46:1 47:3 47:24 48:11 48:19 49:17 50:22 51:11 51:13 52:3 52:17 52:18 53:25 54:5 54:6 54:9 54:12 55:13 58:7 58:21 61:8 61:12 62:3 62:8 62:13 63:12 63:13 63:15 63:16 64:12 65:4 65:5 65:5 65:7 65:11 65:14 65:16 66:16 67:11 67:12 67:13 67:16 68:2 68:3 70:21 71:13 71:13 71:22 75:12 75:24 76:25 77:17 77:19 77:25 78:19 79:3 80:8 81:2 81:5 81:11 81:16 82:11 83:22 85:13 86:2 86:6 86:7 86:13 86:13 86:16 86:22 86:23 88:4 88:25 90:7 91:11 92:24 94:22 95:5 110:15 111:24 112:23 113:1 113:10 113:13 113:21 116:13 116:20 118:1 118:16 119:12 120:11 121:14 121:20 125:17 126:7 | | used(14) 18:4 20:6 20:6 54:3 56:23 64:22 65:1 84:10 84:17 89:11 90:13 90:14 90:15 90:22 | | waste(4) 12:15 37:11 91:3 105:24 | |
| today's(1) 104:15 | | | | | | wasting(1) 37:16 | |
| together(13) 10:13 16:24 23:16 62:22 63:2 68:5 68:16 100:6 102:12 111:18 112:2 113:7 121:24 | | | | | | watching(1) 80:14 | |
| | | | | | | watkins(1) 6:17 | |
| | | | | useful(3) 89:2 89:3 103:13 | | wax(2) 62:25 110:7 | |
| told(6) 35:1 36:13 43:22 45:9 86:17 98:21 | | | | useless(1) 45:10 | | way(44) 12:21 14:23 18:19 21:25 22:7 24:20 25:13 25:21 28:15 28:17 30:7 33:1 33:12 33:19 34:2 34:11 37:14 43:2 51:23 56:18 63:21 63:24 64:24 66:23 69:9 72:12 80:15 87:21 88:13 90:14 94:6 94:6 94:17 97:2 97:21 102:17 102:19 103:1 106:2 109:3 112:14 113:5 120:23 126:5 | |
| tom(1) 33:5 | | | | uses(1) 82:11 | | | |
| tomorrow(1) 21:16 | | | | using(4) 19:3 51:10 64:23 103:4 | | | |
| too(9) 20:5 20:5 20:7 35:10 86:16 93:14 94:4 98:9 98:11 | | | | usual(1) 75:7 | | | |
| | | | | vacation(1) 54:19 | | | |
| | | | | vacuum(1) 114:22 | | | |
| took(2) 29:10 83:25 | | | | vague(1) 103:13 | | | |
| top(4) 97:17 97:21 97:22 98:16 | | | | vain(1) 53:20 | | | |
| topic(1) 60:24 | | | | valid(2) 89:25 109:14 | | | |
| touch(1) 37:10 | | ucc(1) 123:2 | | valve(5) 42:2 53:11 55:17 70:14 77:11 | | ways(5) 20:25 62:16 70:7 73:13 87:1 | |
| touches(1) 43:6 | | ucc's(1) 65:7 | | variations(1) 58:10 | | we'd(8) 11:1 12:12 12:12 12:13 30:6 32:18 53:12 57:24 | |
| toward(1) 106:8 | | ultimately(2) 30:9 86:12 | | varied(1) 107:24 | | | |
| towards(3) 83:8 93:19 120:1 | | unacceptable(1) 103:24 | | various(7) 36:1 61:16 84:9 100:3 100:17 109:16 124:25 | | | |
| town(1) 124:1 | | unambiguous(1) 18:11 | | | | we'll(14) 7:21 35:5 37:23 38:1 38:4 38:9 45:2 46:14 46:19 46:25 46:5 65:25 72:5 72:8 72:25 | |
| tracing(1) 86:11 | | unavailability(1) 113:15 | | | | | |
| track(1) 121:23 | | unavailable(1) 112:19 | | versa(1) 64:7 | | | |
| tracy(1) 6:27 | | unbelievably(1) 96:16 | | version(1) 96:14 | | | |
| transactions(2) 84:2 91:7 | | under(23) 10:3 12:1 18:20 20:3 23:23 68:7 83:15 89:13 91:16 96:8 97:3 98:2 98:21 103:13 105:16 108:24 114:25 116:13 120:10 120:16 122:12 123:1 124:16 | | versions(1) 45:4 | | we're(61) 8:4 14:8 15:25 18:7 20:1 21:4 21:11 21:15 21:16 21:17 21:17 21:19 22:13 27:8 32:23 32:25 33:2 36:17 37:16 39:21 40:1 43:9 44:6 44:17 48:16 49:10 49:10 49:18 50:5 50:14 51:10 51:10 51:16 52:1 53:10 55:8 56:2 57:9 57:20 58:19 63:9 63:17 63:19 64:13 64:21 65:14 65:18 66:4 66:7 66:17 67:17 68:11 68:12 68:14 69:2 70:3 72:11 72:13 72:15 72:19 | |
| transcriber(1) 128:12 | | | | versus(12) 46:16 48:21 58:12 58:13 60:12 60:16 61:6 61:12 63:7 66:10 67:8 122:14 | | | |
| transcript(4) 1:18 1:50 64:22 128:8 | | | | | | | |
| transcription(2) 1:43 1:50 | | | | very(59) 14:9 14:10 17:5 17:10 17:10 29:14 36:16 36:18 37:17 39:17 40:22 42:16 42:16 42:22 43:5 43:11 43:17 45:3 47:2 51:14 51:15 51:25 56:24 62:12 74:23 75:8 75:11 76:6 76:10 79:15 80:22 82:23 83:1 83:5 85:3 86:5 87:2 88:3 89:14 89:16 92:12 93:2 96:5 98:1 98:8 101:2 101:22 102:2 102:5 106:15 107:25 110:22 111:6 111:6 114:10 116:1 116:8 123:22 127:22 | | | |
| trial(35) 11:14 14:11 28:17 35:12 54:3 56:17 58:20 61:14 63:7 83:7 85:4 85:14 85:15 85:20 93:12 106:4 106:7 106:8 109:3 109:4 110:11 111:11 112:12 112:13 112:15 112:17 112:21 113:2 113:5 113:6 113:6 113:11 113:15 115:9 115:13 | | underlying(2) 78:11 103:3 | | | | | |
| | | understand(17) 10:16 15:19 25:21 42:7 44:23 50:17 51:3 53:12 54:24 55:3 56:13 89:13 93:7 110:8 110:20 117:5 122:14 | | | | | |
| | | | | | | we've(19) 8:4 11:23 16:21 16:22 17:1 17:16 17:19 21:11 23:7 32:8 36:15 37:13 50:25 55:5 58:8 61:17 61:19 65:1 66:1 | |
| | | | | veto(1) 78:24 | | | |
| trials(2) 61:14 63:7 | | | | vice(1) 64:7 | | | |
| tribunal(2) 25:19 106:25 | | understanding(5) 29:22 66:24 80:24 103:20 117:21 | | view(9) 32:9 43:15 85:2 93:21 94:12 95:12 96:21 98:16 109:7 | | | |
| tried(3) 37:13 44:6 84:18 | | | | | | weaves(1) 72:7 | |
| triple(1) 122:17 | | | | | | webb(1) 6:5 | |
| truck(1) 71:20 | | undue(2) 103:5 117:6 | | | | wednesday(10) 7:1 10:23 26:13 26:17 27:9 28:12 35:5 125:20 126:14 127:25 | |
| true(1) 121:21 | | unduly(1) 116:24 | | | | | |
| trust(8) 4:26 5:34 5:45 6:4 6:26 97:12 116:1 122:18 | | unfair(1) 107:22 | | views(5) 44:9 44:15 53:14 53:15 59:21 | | | |
| | | unfairly(1) 104:6 | | visualize(1) 85:3 | | wednesday's(1) 125:7 | |
| | | unfold(1) 7:23 | | voice(1) 33:10 | | weeds(1) 119:8 | |
| trustee(8) 3:5 4:12 4:12 4:27 64:15 108:10 108:12 115:25 | | unfortunately(3) 26:12 82:25 97:15 | | voices(1) 105:21 | | week(13) 9:23 22:2 29:14 34:10 37:2 52:24 53:13 53:21 76:21 81:16 85:21 101:6 127:20 | |
| | | uniquely(1) 104:21 | | volumes(1) 123:16 | | | |
| | | united(9) 1:1 1:20 14:12 15:17 32:25 40:17 64:2 99:16 112:10 | | voluntarily(2) 112:13 122:1 | | | |
| | | | | voting(1) 110:5 | | weekend(1) 70:3 | |
| try(10) 11:21 45:19 46:23 79:10 80:7 83:8 90:8 109:25 114:24 116:5 | | | | wait(1) 20:15 | | weeks(8) 49:23 52:19 52:25 54:14 54:14 54:19 55:2 101:13 | |
| | | | | waiting(1) 51:16 | | | |
| | | unknown(17) 27:15 33:4 48:2 48:4 48:8 74:23 75:1 75:5 75:8 79:23 80:2 80:5 80:9 80:15 123:9 127:14 127:17 | | waive(1) 15:3 | | weight(2) 122:23 123:4 | |
| | | | | waived(1) 29:11 | | weiss(1) 1:36 | |
| trying(13) 25:10 29:24 29:25 36:17 41:4 52:4 52:24 53:10 70:3 75:16 99:4 101:3 106:13 | | | | waiver(1) 81:10 | | welcome(1) 101:19 | |
| | | | | waiving(2) 30:8 32:10 | | well(41) 8:14 9:14 12:23 21:5 23:10 24:11 25:13 26:6 27:22 28:25 36:23 37:17 38:3 39:17 40:22 49:17 51:5 51:25 53:2 53:25 54:9 55:11 61:17 67:20 68:24 69:5 70:3 71:25 72:1 73:14 95:19 100:22 101:22 105:14 105:15 110:2 112:18 113:4 116:25 120:7 127:1 | |
| | | unless(8) 11:3 30:18 30:19 37:15 40:25 73:7 104:6 112:12 | | walk(2) 46:14 48:17 | | | |
| | | | | walked(1) 61:7 | | | |
| tuesday(3) 21:17 26:12 26:22 | | unlike(4) 89:4 102:4 109:15 112:24 | | want(45) 11:23 19:12 33:21 35:25 36:12 37:24 38:4 41:3 41:5 42:8 42:20 47:23 50:3 52:23 53:15 54:9 54:23 55:3 55:22 56:19 57:23 58:17 63:23 67:14 68:20 68:21 68:25 70:6 70:25 71:6 71:10 72:6 72:13 76:3 76:22 78:22 79:14 79:14 89:10 92:5 97:13 101:25 102:20 110:14 121:17 | | | |
| tunnell(1) 1:53 | | unlikely(1) 111:7 | | | | | |
| turn(12) 7:21 55:1 69:13 75:22 97:4 97:20 99:25 114:1 114:8 123:5 125:3 125:7 | | unlimited(2) 88:20 120:16 | | | | | |
| | | unnecessary(1) 117:7 | | | | | |
| turning(1) 49:5 | | unorganized(1) 108:13 | | | | | |
| tweed(2) 4:5 5:16 | | unreasonable(4) 71:2 88:20 113:13 114:23 | | | | | |
| twice(2) 64:22 64:23 | | unreasonably(1) 72:17 | | | | | |
| two(32) 27:4 41:17 43:15 46:4 46:22 48:20 54:11 54:14 54:18 55:1 58:9 59:1 59:9 60:1 62:7 64:18 67:8 74:1 76:7 81:6 81:7 81:7 81:8 95:25 96:1 101:13 104:19 111:16 118:15 118:16 124:5 126:9 | | unsecured(5) 5:5 65:7 65:15 68:4 68:10 | | wanted(15) 29:6 31:7 43:16 44:5 44:19 53:7 69:5 73:8 78:13 84:25 99:19 117:25 119:6 122:21 123:6 | | went(6) 54:18 71:25 73:15 106:22 121:22 121:24 | |
| | | until(6) 11:21 34:10 34:18 55:4 60:3 81:25 | | | | | |
| | | untrue(1) 119:8 | | | | | |
| | | unusual(1) 29:16 | | | | | |
| | | unworkable(1) 113:3 | | | | | |
| | | up-front(2) 95:10 95:12 | | | | | |
| tyler(1) 6:5 | | upfront(4) 67:25 70:7 72:19 72:24 | | | | | |
| type(3) 29:23 30:7 103:25 | | upheld(2) 24:16 28:7 | | wants(5) 16:5 16:5 22:11 35:19 44:18 | | | |

| Word | Page:Line |
|---|---|
| **were**(52) | 9:5 9:6 9:7 9:16 10:24 41:16 41:16 41:22 43:21 44:2 44:21 49:23 50:7 51:18 56:12 65:6 65:13 67:5 68:16 68:21 71:1 72:15 81:19 83:8 84:6 84:10 84:11 86:8 92:18 95:18 95:24 95:24 96:5 96:6 96:9 96:13 96:17 96:19 106:13 107:22 114:10 114:13 114:23 119:7 119:7 119:7 119:15 119:22 121:14 123:2 123:7 123:17 |
| **weren't**(1) | 46:20 |
| **weren't**(1) | 119:23 |
| **we'd**(4) | 80:15 90:3 114:11 120:25 |
| **we'll**(14) | 74:1 74:20 74:21 87:20 97:15 113:5 113:15 114:24 114:24 117:21 119:16 121:19 125:20 127:25 |
| **we're**(44) | 75:16 77:20 78:10 79:11 80:15 80:25 84:14 85:8 86:5 86:10 86:10 87:11 87:12 88:24 89:1 89:4 91:9 92:9 92:12 97:3 98:22 99:4 101:5 104:20 106:3 106:6 107:20 107:25 110:3 110:4 110:5 111:4 111:22 112:15 119:5 120:21 120:21 122:12 122:18 122:18 123:3 125:23 126:3 127:15 |
| **we've**(20) | 75:11 75:20 80:8 81:19 81:21 84:11 88:12 88:17 90:11 94:10 96:25 96:25 97:1 100:16 100:20 102:5 108:8 110:20 125:9 126:4 |
| **what**(95) | 7:22 8:12 9:11 9:19 9:21 13:1 16:8 16:21 18:6 19:16 21:19 25:16 25:19 27:14 28:10 33:22 33:24 33:17 35:3 36:1 40:1 41:19 45:20 46:25 47:6 48:10 53:7 56:16 59:2 59:14 59:24 60:6 64:12 64:12 65:1 66:15 67:22 69:2 70:15 72:4 72:6 72:11 73:14 76:4 77:8 77:20 78:1 78:9 80:7 80:23 80:24 81:23 82:1 84:4 84:22 84:25 85:3 85:4 85:5 85:9 85:10 85:25 87:22 88:21 89:15 92:3 92:9 92:9 93:9 93:9 93:22 94:12 94:19 96:25 97:3 98:14 99:3 99:4 100:12 102:19 104:25 105:2 106:14 107:21 107:24 107:25 108:3 110:3 111:7 112:4 117:5 120:19 121:17 121:21 123:19 |
| **what's**(6) | 20:8 20:19 20:21 22:10 22:12 24:11 |
| **whatever**(3) | 14:22 59:24 70:13 |
| **what's**(1) | 88:15 |
| **when**(37) | 10:23 15:4 18:6 20:13 22:4 22:18 31:11 35:1 45:7 45:21 49:20 50:10 53:22 58:20 61:4 62:20 64:20 68:18 71:25 75:3 78:9 83:19 85:1 87:17 88:21 92:23 94:16 96:13 99:10 100:1 100:14 109:2 110:15 113:4 114:13 120:12 122:8 |
| **where**(29) | 13:11 19:15 19:19 31:18 42:21 48:4 52:10 53:9 57:21 72:15 77:1 78:10 78:18 82:15 82:22 84:7 84:23 89:15 94:14 94:18 96:24 98:23 100:7 103:7 103:15 106:13 107:8 110:20 115:1 |
| **whereupon**(1) | 128:4 |
| **whether**(27) | 12:17 13:19 13:25 22:12 28:11 28:12 29:2 31:15 31:16 36:2 40:7 57:13 59:20 60:19 70:8 70:9 70:10 91:2 91:9 97:6 105:25 109:8 109:8 114:7 114:17 114:22 119:14 |
| **which**(69) | 9:24 10:12 11:24 13:9 13:19 15:22 16:9 17:7 18:7 19:9 22:25 23:1 23:2 32:13 34:5 34:15 35:14 37:14 39:22 40:20 41:17 48:25 49:1 52:23 53:22 53:23 60:24 61:11 61:13 62:4 63:7 65:13 66:1 67:2 67:18 67:20 70:10 71:19 73:16 76:13 76:14 78:3 84:2 85:2 86:6 86:24 87:3 87:4 89:24 90:5 90:12 93:23 94:10 94:16 97:1 102:1 102:4 103:12 103:22 106:18 112:7 112:23 116:12 117:25 121:23 123:1 123:12 125:10 126:25 |

| Word | Page:Line |
|---|---|
| **whichever**(1) | 120:15 |
| **while**(9) | 12:23 27:13 75:10 93:7 110:8 110:10 111:20 116:9 116:19 |
| **whiteoak**(1) | 6:13 |
| **who**(37) | 19:14 36:5 39:6 41:20 41:21 43:10 44:18 45:8 54:21 57:4 65:20 66:12 66:13 66:13 66:21 67:10 67:11 67:12 67:22 68:2 77:6 79:1 82:3 82:8 82:15 89:16 89:21 89:24 90:5 113:1 113:10 120:10 120:11 122:4 122:16 122:25 123:15 |
| **whole**(2) | 52:13 110:6 |
| **wholesale**(1) | 120:1 |
| **whom**(1) | 120:11 |
| **who's**(1) | 73:6 |
| **why**(17) | 12:5 12:13 13:9 14:4 19:8 25:4 25:21 26:7 34:25 55:8 75:23 75:24 81:20 82:16 100:14 100:16 125:17 |
| **wife**(1) | 26:12 |
| **wiggle**(1) | 52:6 |
| **wildest**(1) | 19:10 |
| **will**(108) | 8:9 8:21 11:4 11:19 11:24 12:22 17:1 17:13 17:14 18:17 19:6 20:4 22:13 23:19 24:15 26:6 28:6 28:17 29:22 30:20 31:6 32:6 35:20 36:6 36:9 36:14 37:10 37:10 37:18 37:19 38:3 39:2 39:24 40:14 50:7 51:17 51:22 56:14 56:19 59:15 60:5 59:15 89:16 89:16 90:17 90:18 91:2 91:9 92:2 93:23 94:6 97:5 97:5 97:13 98:11 98:13 99:17 100:1 100:7 100:7 100:10 101:1 101:10 104:5 106:5 106:8 106:15 107:5 108:3 108:20 108:25 109:17 109:25 112:14 112:15 112:20 116:23 117:6 123:5 123:10 123:10 123:20 124:2 124:4 124:7 125:7 127:24 |
| **willing**(3) | 68:5 68:12 68:15 |
| **willkie**(2) | 3:40 6:26 |
| **wilmington**(15) | 1:12 1:29 2:16 2:24 2:42 3:8 3:21 3:37 4:16 4:23 4:26 5:34 7:1 116:1 122:18 |
| **wiltenburg**(1) | 2:30 |
| **wins**(1) | 20:23 |
| **wire**(1) | 46:18 |
| **wish**(1) | 39:7 79:20 |

| Word | Page:Line |
|---|---|
| **with**(203) | 7:18 8:21 9:1 9:3 10:13 10:21 10:25 11:1 11:8 11:13 11:23 13:21 13:24 14:5 14:19 14:23 15:3 15:4 15:12 15:15 16:3 16:24 17:4 17:23 17:24 17:24 18:15 19:5 19:5 19:18 20:1 20:14 20:16 21:14 21:19 22:1 22:17 23:16 23:16 24:5 24:16 24:20 25:8 25:16 25:20 26:9 28:12 28:22 29:18 29:20 30:8 30:11 30:15 31:5 31:15 31:18 32:18 32:25 34:7 34:20 35:5 35:20 36:4 36:13 36:20 36:22 37:25 39:6 39:18 39:20 39:22 39:24 40:4 40:8 42:21 43:10 44:11 45:1 46:22 47:2 49:20 49:24 51:23 52:17 55:2 56:17 57:11 57:16 58:10 58:19 59:13 61:7 62:9 64:11 66:12 67:8 68:15 68:22 69:19 69:23 70:11 71:5 71:13 71:22 72:11 73:6 74:21 76:3 76:4 76:11 78:19 79:23 80:2 80:3 81:2 81:23 82:4 83:4 83:14 84:12 85:9 85:15 88:2 88:3 89:25 90:6 90:8 92:9 92:10 92:12 92:13 92:17 92:20 92:23 93:1 93:2 93:3 93:9 93:10 93:17 93:20 93:21 94:2 94:15 94:21 94:24 95:14 95:19 95:22 95:25 96:18 96:19 97:3 98:12 99:22 100:11 102:24 103:17 103:19 106:23 106:25 107:7 107:19 108:4 108:8 108:20 110:15 111:16 111:18 111:21 111:22 111:23 112:2 113:19 114:25 115:6 116:2 116:3 118:4 119:17 120:3 120:4 121:8 123:5 123:16 124:12 124:22 125:10 125:16 125:17 125:18 125:24 126:8 127:15 127:18 |
| **within**(5) | 34:24 78:25 106:8 111:14 112:10 |
| **without**(18) | 11:4 11:4 26:3 26:4 29:18 30:7 32:8 35:13 36:18 39:3 39:15 80:25 91:19 99:17 116:10 116:17 117:7 118:5 |
| **witness**(2) | 112:19 112:20 |
| **witnesses**(22) | 82:15 82:23 83:15 89:16 89:22 107:12 108:21 108:22 108:23 109:3 109:4 111:1 111:4 112:8 112:12 112:17 113:1 113:10 113:15 115:12 115:13 126:21 |
| **won't**(1) | 51:23 |
| **wonder**(2) | 71:20 100:14 |
| **wondered**(1) | 8:11 |
| **wonderful**(1) | 113:8 |
| **wondering**(1) | 91:9 |
| **won't**(9) | 76:18 95:13 95:20 98:9 98:24 109:20 113:24 126:20 126:21 |
| **word**(7) | 20:23 45:21 48:17 55:24 57:4 84:25 102:21 |
| **worded**(1) | 55:21 |
| **wording**(1) | 99:4 |
| **words**(9) | 18:4 18:10 19:3 46:13 58:7 64:12 88:17 103:5 126:20 |
| **work**(20) | 11:21 14:1 14:4 15:25 31:2 32:20 50:8 68:5 70:3 79:9 79:15 83:8 85:6 93:21 96:23 101:8 103:4 106:8 113:7 114:25 |
| **worked**(4) | 45:8 75:11 78:25 88:2 |
| **working**(9) | 21:21 50:5 51:1 51:10 93:18 103:7 106:8 109:2 122:12 |
| **works**(2) | 82:4 86:19 |
| **world**(2) | 21:21 111:3 |
| **worldwide**(1) | 83:24 |
| **worried**(1) | 32:23 |
| **worse**(2) | 121:7 121:7 |
| **worst**(1) | 79:10 |
| **worth**(1) | 41:6 |
| **worthwhile**(1) | 40:19 |

| Word | Page:Line |
|---|---|
| **would**(108) | 9:17 9:21 10:25 11:25 12:10 13:4 13:25 14:21 19:2 21:13 21:14 25:9 25:13 25:20 26:9 26:10 26:11 28:9 29:5 29:16 30:15 30:16 30:25 31:4 31:13 31:16 31:18 31:20 31:20 31:22 32:10 32:13 32:20 32:20 33:2 33:17 34:5 34:11 34:22 34:23 35:14 35:15 35:15 36:18 40:17 40:19 41:11 42:15 42:16 43:3 43:4 43:23 43:24 49:15 50:19 50:23 51:18 52:8 52:9 52:9 52:21 52:22 52:23 53:12 53:25 54:2 54:3 54:4 54:12 54:24 57:12 59:21 63:5 68:11 74:9 76:15 76:16 82:14 82:21 85:17 85:25 87:18 87:20 90:12 90:21 96:4 96:15 100:21 102:6 102:18 103:3 104:1 104:23 105:23 105:24 107:2 109:5 110:3 113:8 114:21 115:2 116:13 117:1 118:5 123:14 124:23 125:24 126:13 |
| **wouldn't**(2) | 87:13 115:3 |
| **wound**(1) | 86:12 |
| **wrangling**(1) | 37:3 |
| **write**(2) | 62:20 69:21 |
| **writing**(2) | 18:8 18:10 |
| **written**(6) | 26:11 69:10 95:17 118:8 119:16 124:22 |
| **wrong**(1) | 19:14 |
| **wunder**(1) | 5:13 |
| **www.diazdata.com**(1) | 1:47 |
| **yeah**(2) | 10:20 42:11 |
| **year**(5) | 11:13 14:6 43:10 45:8 121:23 |
| **years**(6) | 45:10 53:9 96:1 96:1 107:23 |
| **yes**(72) | 8:25 10:9 15:24 15:25 16:11 16:13 17:8 17:11 23:14 23:25 24:24 26:19 26:24 27:12 27:17 30:13 31:23 31:23 33:21 37:23 39:4 40:10 43:12 44:23 44:25 45:6 45:16 47:15 47:19 47:19 48:7 48:13 48:23 50:18 51:12 55:6 57:3 57:8 57:18 58:15 59:18 60:21 60:22 61:9 65:24 70:12 74:11 74:19 74:25 79:22 80:3 88:25 91:24 97:10 97:25 99:10 101:20 104:14 110:18 115:17 117:13 118:11 118:19 121:11 122:5 124:4 125:6 125:14 125:21 126:15 127:3 127:9 |
| **yesterday**(5) | 11:22 14:3 16:8 35:1 82:1 |
| **yet**(9) | 9:10 15:23 16:2 22:25 28:16 28:24 38:17 38:19 112:22 |
| **york**(12) | 1:38 2:9 2:34 3:14 3:14 3:29 3:44 4:9 4:30 6:5 6:17 82:19 |

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| **you**(286) 7:3  7:4  7:24  8:23  11:20  11:20 | | **you'll**(12) 80:11  82:6  94:14  95:7  97:22 | |
| 12:18  13:13  16:6  16:24  18:2  18:3  21:13 | | 99:25  104:12  110:20  120:23  122:13  122:14 | |
| 21:14  22:10  22:18  23:19  24:11  24:23  25:2 | | 127:19 | |
| 25:3  26:17  27:6  27:17  27:21  28:25  30:3 | | | |
| 30:3  30:10  30:11  30:14  30:14  30:22  31:12 | | **you're**(10) 75:3  80:17  87:9  87:22  94:16 | |
| 31:23  31:24  32:16  33:9  34:8  34:15  34:16 | | 101:19  107:22  108:23  110:7  120:14 | |
| 34:16  34:17  34:18  35:21  35:24  35:24  36:7 | | | |
| 36:7  37:3  38:4  38:5  38:7  38:9  38:15 | | **you've**(3) 108:5  120:19  122:16 | |
| 39:18  39:18  40:4  40:5  41:1  41:23  42:8 | | **zarnett**(7) 75:23  76:1  76:2  79:17  80:4 | |
| 43:10  44:14  44:21  45:1  45:21  46:14  46:18 | | 109:1  123:10 | |
| 47:5  47:7  47:10  47:23  48:5  48:15  50:3 | | | |
| 50:6  50:17  53:3  53:3  53:12  53:14  53:15 | | **zarnett's**(1) 38:24 | |
| 53:19  54:19  54:23  54:23  55:3  55:5  55:8 | | **ziehl**(1) 4:19 | |
| 55:18  55:22  55:23  55:25  56:14  56:16 | | **zloto**(1) 5:27 | |
| 58:18  58:18  58:20  59:9  59:10  59:11  59:14 | | *****without**(1) 100:22 | |
| 59:19  59:20  59:22  60:2  61:4  61:15  62:9 | | | |
| 62:10  62:16  62:20  62:24  63:10  63:23 | | | |
| 64:20  64:4  66:5  66:6  67:6  68:24  69:2 | | | |
| 69:6  69:10  69:11  69:12  69:13  69:19  69:24 | | | |
| 70:2  70:14  70:14  70:18  70:18  70:24  71:6 | | | |
| 71:7  71:23  71:24  72:13  72:16  72:25  73:8 | | | |
| 73:15  73:18  73:24  74:4  74:5  74:5  74:11 | | | |
| 74:11  74:13  74:23  75:2  75:11  75:19  76:1 | | | |
| 79:15  79:16  79:19  80:5  80:19  80:20  80:21 | | | |
| 81:18  82:2  83:19  84:14  84:16  87:7  87:9 | | | |
| 87:11  87:18  88:21  88:25  89:1  89:18  90:5 | | | |
| 91:5  91:9  91:14  91:23  91:24  92:1  92:24 | | | |
| 94:11  94:16  97:4  97:7  97:13  97:24  98:1 | | | |
| 98:10  98:17  99:10  99:15  99:21  99:24 | | | |
| 99:25  100:1  100:1  100:10  100:14  100:14 | | | |
| 100:18  100:19  100:19  101:6  101:7  101:10 | | | |
| 101:10  101:14  101:18  101:21  101:22 | | | |
| 101:25  102:1  102:17  102:24  103:1  103:6 | | | |
| 103:10  103:20  104:6  104:8  104:17  105:14 | | | |
| 106:10  107:3  107:18  107:18  109:19  109:20 | | | |
| 109:20  109:21  109:22  110:15  112:7 | | | |
| 112:16  112:16  114:9  114:21  115:5  115:16 | | | |
| 115:17  115:22  116:11  116:19  117:11 | | | |
| 117:12  117:15  119:16  120:5  120:5  120:6 | | | |
| 120:12  120:13  121:19  121:19  122:6  122:6 | | | |
| 123:8  123:10  123:13  123:22  123:25  124:1 | | | |
| 124:3  125:3  125:5  125:5  125:9  125:20 | | | |
| 126:10  126:10  127:12  127:12  127:17 | | | |
| 127:19  127:22  127:24  127:24  128:1  128:2 | | | |
| 128:3 | | | |
| | | | |
| **you'll**(4) 21:2  31:2  44:2  64:12 | | | |
| **you're**(8) 18:1  24:9  24:15  28:23  47:6  57:3 | | | |
| 69:14  71:22 | | | |
| | | | |
| **you've**(1) 48:10 | | | |
| **young**(2) 2:4  2:37 | | | |
| **young/monitor**(1) 4:39 | | | |
| **your**(151) 7:6  8:1  8:4  8:6  8:9  8:18  8:20 | | | |
| 8:25  9:9  9:18  9:20  9:24  10:11  10:16  10:18 | | | |
| 11:24  13:4  13:7  13:15  16:24  17:16  17:19 | | | |
| 17:23  18:6  20:6  21:13  22:8  22:18  24:20 | | | |
| 24:22  25:6  26:15  26:22  28:21  30:11  30:18 | | | |
| 30:23  30:25  31:5  32:15  33:17  34:7  34:14 | | | |
| 34:15  34:16  34:21  34:24  35:24  36:15 | | | |
| 36:21  38:18  38:23  38:23  39:4  39:8  39:10 | | | |
| 40:5  40:18  41:4  41:8  42:7  44:11  44:19 | | | |
| 45:1  45:3  45:17  45:20  48:5  50:3  50:6 | | | |
| 50:11  50:24  52:12  53:19  56:2  56:12  56:15 | | | |
| 56:17  57:13  57:19  59:12  60:21  61:15 | | | |
| 64:14  64:18  64:19  65:3  65:18  67:5  67:21 | | | |
| 70:5  73:7  74:4  74:13  74:15  74:23  75:4 | | | |
| 75:15  83:1  87:10  90:11  91:23  92:1  92:6 | | | |
| 93:10  94:8  95:18  95:23  96:3  97:2  97:3 | | | |
| 97:12  97:17  97:20  97:24  98:16  99:15 | | | |
| 99:21  99:24  99:24  100:10  101:10  101:18 | | | |
| 101:22  110:3  110:14  111:15  112:11  113:6 | | | |
| 115:7  115:16  115:19  115:24  116:1  116:15 | | | |
| 117:11  117:14  120:2  120:5  122:9  122:24 | | | |
| 123:5  123:14  123:23  124:2  125:22  126:12 | | | |
| 126:23  126:25  128:2  128:3 | | | |
| | | | |
| **yourself**(2) 31:13  89:7 | | | |