IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
: **Hearing date:**
: **April 30, 2013 at 10:00 a.m. (ET).**
: **RE: D.I. 10049**
:
------------------------------------------------------------X

### DEBTORS' LIMITED RESPONSE TO THE MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR APPROVAL OF DISTRIBUTION AND RELATED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this limited response (the "Limited Response") to the *Motion of the Official Committee of Long Term Disability Participants for Approval of Distribution and Related Relief* [D.I. 10049] (the "LTD Distribution Motion"), filed by the Official Committee of Long Term Disability Participants (the "LTD Committee").[2] In support of this Limited Response, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms utilized but not defined herein shall have the meaning ascribed to them in the LTD Distribution Motion.

1.      On January 18, 2013, the Debtors and the LTD Committee (together, the "Parties") filed the *Joint Motion Pursuant to Sections 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 to (I)(A) Preliminarily Approve the Settlement Agreement Regarding Long-Term Disability Plans and Claims, (B) Conditionally Certify a Class for Settlement Purposes Only, (C) Approve the Notice Procedures, and (D) Schedule a Fairness Hearing; and (II)(A) Finally Approve the Settlement Agreement, (B) Finally Certify a Class, (C) Authorize the Debtors to Terminate the LTD Plans, and (D) Grant Related Relief*, dated January 18, 2013 [D.I. 9304] (the "Joint Motion").  The Joint Motion seeks approval of the Settlement Agreement to resolve the LTD Termination Motion and the Class Complaint.  Pursuant to the Settlement Agreement, the Parties agree that NNI will not terminate the LTD Plans unless it first grants an allowed general unsecured claim in the gross amount of $25,960,000 to the LTD Committee (the "LTD General Unsecured Claim").  Upon allowing the LTD General Unsecured Claim, NNI shall be permitted to terminate the LTD Plans in their entirety as of June 30, 2013.  Achieving closure and finality upon the termination of the LTD Plans is essential to the Debtors, and served as a key element of the Debtors' decision to enter into the Settlement Agreement as a matter of their business judgment.

2.      On April 11, 2013, the LTD Committee filed the LTD Distribution Motion.  Among other relief, the LTD Distribution Motion seeks approval of the structure and method of the proposed distribution of the LTD General Unsecured Claim to members of the Settlement Class.  The Internal Revenue Service ("IRS") filed an objection to the LTD Distribution Motion on April 25, 2013 [D.I. 10315] (the "IRS Objection") over concerns that language in paragraph 12 of the proposed order sought a declaratory judgment from this Court.  The Debtors have engaged in discussions with the IRS regarding their concerns over language in paragraph 12 of

the proposed order to approve the LTD Distribution Motion prior to filing this Limited Response, and have proposed times to the IRS for continued discussions prior to the hearing on this matter set for April 30, 2013.

3. Under the terms of the Settlement Agreement, the LTD Committee has sole responsibility for determining the Apportionment Methodology by which the LTD Committee will distribute the Settlement Amount, as well as the calculation of individual distributions thereunder. See Settlement Agreement, section 2(d). The Debtors understand that the LTD Committee is seeking to structure a method and form of distribution of the Settlement Amount that would avoid employment or income tax liability in respect of the distributions, and has had discussions with the IRS about the possibility of its issuing a ruling confirming such treatment.

4. Although the Debtors are allowing the LTD General Unsecured Claim in favor of the LTD Committee, they will not have any control over the method or form of distribution of the Settlement Amount or any involvement in the disbursement of the Settlement Amount to the members of the Settlement Class, or in the sponsorship, establishment, administration or maintenance of any new benefit plans that may be established by the LTD Committee or its successors.

5. The Debtors understand that the LTD Committee currently intends to sell the LTD General Unsecured Claim to a claims purchaser, and to use the money received from that third party to fund an LLC that will subsequently establish a VEBA and make distributions to individuals. The Debtors understand that this payment structure will be followed regardless of the form such distributions may ultimately take when transferred to the members of the Settlement Class. As a result of this approach, no money would even be indirectly transferred

between the Debtors and either the individual class members, the LLC, the VEBA or any employee benefit plan or program.

6.      In light of the foregoing facts, and in reliance on the analysis and conclusion set forth in IRS Chief Counsel Advice 200019009, February 7, 2000 reprinted at 2000 TNT 94-9, the Debtors are confident that they are not subject to any tax liability or obligation, including any obligation to withhold employment or income taxes, arising out of its allowance of the LTD General Unsecured Claim.  However, given the Debtors' interest in achieving finality through the Settlement Agreement, the Debtors would oppose any Order that suggests that they may have any such liability or obligation.  Accordingly, although the Debtors do not object to the LTD Distribution Motion should the proposed order include the current language set forth in paragraph 12, the Debtors would not support the LTD Distribution Motion if that language were to be removed as a result of the IRS Objection.  After the time and estate resources that the Debtors have dedicated to achieving finality through the Settlement Agreement, the Debtors simply cannot support an Order that does not conclusively confirm that they have no liability or obligation arising from such procedures being approved.

7.      The Debtors respectfully request that, should the Court decide to grant the LTD Distribution Motion, the IRS Objection be overruled and the language set forth in paragraph 12 of the proposed order left untouched.  Alternatively, the Debtors request that, if the IRS Objection is sustained, the following language be added to the proposed order to approve the LTD Distribution Motion at the end of paragraph 12:

> "Nothing in this paragraph and Order is intended to limit in any way the ability of the Internal Revenue Service to assess or collect taxes pursuant to law or to otherwise enforce the Internal Revenue

Code, it being ordered, understood and agreed that no amounts to be paid by the Debtors in settlement of the LTD General Unsecured Claim, or pursuant to the allocation and distribution methodology to be determined by the LTD Committee, shall be deemed to be a payment of wages within the meaning of the Tax Code, or otherwise as a payment in the nature of compensation for purposes of the Tax Code, by the Debtors."

[*Remainder of page left intentionally blank.*]

WHEREFORE, the Debtors respectfully submit this Limited Response and request that, to the extent that the Court sustains the IRS Objection, the order approving the LTD Distribution Motion include the language proposed in paragraph 7 above.

Dated:  April 26, 2013
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*