### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.,*[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Hearing date: May 7, 2013 at 10:00 a.m. (ET)** |
|  | : | **Objections due: May 2, 2012 at 10:00 a.m. (ET)** |
|  | : | **RE: D.I. [10364]** |

-------------------------------------------------------- X

## DEBTORS' RESPONSE TO
## NORTEL US LTD EMPLOYEES MOTION COMPELLING DEBTORS TO
## DISCLOSE CRITICAL BENEFITS INFORMATION TOWARDS
## DISCERNMENT OF TRANSITION FROM LTD PLANS TO RETIREE PLANS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this response (the "Response"), to the *Nortel US LTD Employees Motion Compelling Debtors to Disclose Critical Benefit Information Towards Discernment of Transition from LTD Plans to Retiree Plan* [D.I. 10364] (the "Motion") purportedly filed on behalf of 55 LTD Employees (the "Movants"). The Motion, dated as of April 25, 2013, sets an objection deadline of May 2, 2013 at 10:00 a.m. and a hearing deadline of May 7, 2013 at 10:00 a.m.

1.        As this Court is aware, the Debtors and the LTD Committee (together, the "Parties") filed the *Joint Motion Pursuant to Sections 363 and 105 of the Bankruptcy Code, and*

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Bankruptcy Rules 9019 and 7023 to (I)(A) Preliminarily Approve the Settlement Agreement*

*Regarding Long-Term Disability Plans and Claims, (B) Conditionally Certify a Class for*

*Settlement Purposes Only, (C) Approve the Notice Procedures, and (D) Schedule a Fairness*

*Hearing; and (II)(A) Finally Approve the Settlement Agreement, (B) Finally Certify a Class, (C)*

*Authorize the Debtors to Terminate the LTD Plans, and (D) Grant Related Relief*, on January 18,

2013 [D.I. 9304] (the "Joint Motion"),[2] seeking, among other relief, approval of a proposed

Settlement Agreement permitting NNI to terminate the LTD Plans as of June 30, 2013 upon

granting an allowed general unsecured claim in the gross amount of $25,960,000 to the LTD

Committee for the benefit of the members of the Settlement Class.[3]  The Settlement Agreement

also contains general release provisions, but claims arising under the Severance Allowance Plans

(defined below) are specifically excluded.  See Settlement Agreement, section 9(b)(ii).

Additionally, the proposed Settlement Agreement provides that eligible LTD Employees, "can

elect to participate in the Proposed Retiree Settlement Agreement provided that such LTD

Employee voluntarily terminates his or her employment with the Debtors."  See Settlement

Agreement, section 11(a).

      2.      Through the Motion, the Movants seek to compel the Debtors to state their

position as to whether the Debtors intend to pay LTD Employees severance pursuant to the

Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance

Allowance Plan (the "Severance Plans").  See Motion ¶5.  The Movants argue that such

information is critical to LTD Employees when deciding whether they should elect to terminate

---

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion.

[3]      The description of the Settlement Agreement contained in this Response  is for informational purposes only and is qualified in its entirety by the terms of the Settlement Agreement itself.  In the event the Settlement Agreement does not become effective, the Parties' rights and defenses are reserved as to the Debtors' ability to terminate the LTD Plans and any liability they may incur for such termination.

their employment with the Debtors to share in the Retiree settlement, or rather to remain an LTD

Employee and share in the LTD Settlement Agreement.  See Motion ¶ 12.

3.      Claims for the payment of severance are specifically excluded from the proposed

Settlement Agreement, and the merits of such claims are not be before the Court at the hearing to

approve the Settlement Agreement scheduled for April 30, 2013.  In an effort to respond to the

relief requested by the Motion, the Debtors are filing this Response in order to provide the LTD

Employees with the information they have requested and to obviate the need for a separate

hearing on the Motion.  The Debtors' position is that they do not have any obligation to pay the

LTD Employees any severance amounts under the applicable Severance Plans.[4]  The Debtors'

position is supported by the language of the Severance Plans, which states that in order for an

individual to be eligible for severance benefits, she must be either a "Full-Time Employee" who

is "regularly scheduled to work at least thirty-five (35) hours per week," or a "Part-Time

Employee" who is "regularly scheduled to work at least twenty (20) hours" per week.  See, e.g.,

Nortel Networks Severance Allowance Plan, sections 1.3(i), 1.3(j), 1.2, attached hereto as

Exhibit A.  Since the LTD Employees are not regularly scheduled to work any hours per week,

they facially do not meet the eligibility requirements to receive benefits under the Severance

Plans.

4.      As this Court is aware, several LTD Employees previously have filed motions

seeking to determine the Debtors' liability to LTD Employees under the Severance Plans, and

this Court has scheduled a hearing on these pending motions for June 25, 2013, at 10:00 a.m.

See, e.g., *Motion to Compel Debtors to Admit Claim for Severance Allowance as Valid Per*

*Nortel Networks Severance Allowance Plan and Issue Payment*, filed by Najam ud Dean, dated

---

[4]      The Debtors hereby reserve all of their rights and defenses related to the Motion and the Severance Plans, including the right to file supplemental pleadings.  The Debtors also note that the Motion  is procedurally defective. See Bankr. D. Del Local Rule 9006-1(e).

March 7, 2013 [D.I. 9598], Scott David Howard, dated March 7, 2013 [D.I. 9600], Remajos

Brown, dated March 11, 2013 [D.I. 9647], Fred Lindow, dated March 15, 2013 [D.I. 9665],

Estelle Loggins, dated March 18, 2013 [D.I. 9674] and John Rossi, dated April 18, 2013 [D.I.

10170] (collectively, the "Severance Motions").  The Debtors reserve the right to file  objections

and additional submissions in response to the Severance Motions.

     5.     The Debtors believe this Response fully satisfies the Movants request that they

"receive a response from the Debtors as to their explicit intent towards acknowledging Severance

of LTD Employees."  See Motion ¶11.  Accordingly, the Debtors would support the entry of the

proposed order attached hereto as Exhibit B finding the requested information has been provided

through this Response.

### Conclusion

     For the reasons set forth above, the Debtors respectfully request that the Court

deny the Motion and enter the order attached hereto as Exhibit B.

*[Remainder of Page Intentionally Left Blank]*

4

Dated:  April 29, 2013         CLEARY GOTTLIEB STEEN & HAMILTON LLP
      Wilmington, Delaware

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*