**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: **RE: D.I. _____**
:
---------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF THE MERGIS GROUP AND CERTAIN EMPLOYEES THEREOF

Upon the motion dated April 30, 2013 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the employment and retention of The Mergis Group, a division of Randstad Professionals US, LP ("Mergis") to support the residual operations of the Debtors whereby Mergis will provide the services of Timothy Ross to serve as Chief Financial Officer and Secretary of the Debtors, Allen Stout to serve as Controller of the Debtors and the provision of additional personnel (the "Additional Personnel") pursuant to the terms and conditions of that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

certain Staffing Services Agreement between Mergis and the Debtors dated as of April 29, 2013 (the "Consulting Agreement") and (ii) granting them such other and further relief as the Court deems just and proper; and that the employment of Mergis is necessary and in the best interests of the Debtors and their estates; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    The Debtors are hereby authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ and retain Mergis to provide the services of Timothy Ross as Chief Financial Officer and Secretary, Allen Stout as Controller and the Additional Personnel upon their termination from the Debtors and under the terms and conditions set forth in the Consulting Agreement and Motion, which are approved in all respects subject to the following terms, which apply notwithstanding anything in the Motion or any exhibit(s) related thereto to the contrary:

    (a) Mergis and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases prior to the

effective date of any plan or plans confirmed in these cases without further order of the Court after notice to the US Trustee and a hearing, as appropriate.

(b) In the event the Debtors seek to have Mr. Ross, Mr. Stout and/or the Additional Personnel assume executive officer positions that are different than that disclosed in the Motion, or to materially change the terms of the engagement, the Debtors shall file a motion to modify the retention.

(c) No principal, employee or independent contractor of Mergis and its affiliates shall serve as a director of any of the Debtors during the pendency of the above-captioned cases.

(d) For a period of three years after the conclusion of the engagement, neither Mergis nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtors.

(e) Mergis shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court (or if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Mergis' engagement in these Chapter 11 Cases.

(f) Notwithstanding any provision to the contrary in the Consulting Agreement, Mergis shall file with this Court and serve on the Notice Parties a Staffing Report on the last day of each month for the previous month, which shall include the names and functions filled by all Mergis personnel assigned to the engagement.

A Staffing Report shall be subject to review by the Court in the event so requested by the Notice Parties.

(g) The Debtors reserve the right to engage additional staff through Mergis, as needed, pursuant to the terms and conditions set forth in the Consulting Agreement and Motion.  In the event the Debtors seek to have Mergis personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, Mergis shall disclose such additional positions and/or material changes in function or scope in its Staffing Report.

(h) Notwithstanding any provision to the contrary in the Consulting Agreement, Mergis shall file with this Court, and provide notice to the Notice Parties, Compensation Reports on a monthly basis.  Each Compensation Report shall summarize the services provided, identify the compensation earned, itemize any additional expenses incurred and provide for an objection period.  A Compensation Report, and the compensation requested therein, shall be subject to Court review in the event that any Notice Party files an objection to such Compensation Report.

(i) Notwithstanding any provision to the contrary in the Consulting Agreement, the Debtors shall only indemnify Mr. Ross, Mr. Stout and any Additional Personnel to the extent such Additional Personnel are appointed as officers of the Debtor(s), on the same terms as provided to the Debtors' other officers and directors under the Debtors' by-laws and applicable state law, and pursuant to terms substantially

similar to the terms of the insurance coverage under the Debtors' directors' and officers' insurance policies.

3. The Debtors' compensation obligations under the Consulting Agreement shall constitute administrative expenses of the Debtors' estates under section 503(b) of the Bankruptcy Code, without the need for Mergis to file fee applications or otherwise seek Court approval for such fees and expenses, including, without limitation, the adjustment of Mergis' hourly rates, other than the reporting obligations described herein.

4. The Debtors are authorized and empowered to take all actions necessary and appropriate to implement the terms of this Order.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. To the extent that this Order is inconsistent with the Consulting Agreement, the terms of this Order shall govern.

7. Mergis shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

8. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2013
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY
JUDGE