**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br>Nortel Networks Inc., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 09-10138 (KG)<br>Jointly Administered<br>**Related D.I.: 8067** |
| OFFICIAL COMMITTEE OF LONG TERM DISABILITY PLAN PARTICIPANTS, on behalf of and as agent for a class of individual participants and beneficiaries under various NORTEL NETWORKS HEALTH AND WELFARE BENEFIT PLANS,<br>Plaintiffs,<br>v.<br>NORTEL NETWORKS INC., *et al.*,<br>Defendants. | Adv. Proc. No. 12-50995 (KG)<br>**Related D.I.: 1** |

**ORDER (A) APPROVING THE SETTLEMENT AGREEMENT ON A FINAL BASIS, (B) CERTIFYING A CLASS FOR SETTLEMENT PURPOSES ONLY ON A FINAL BASIS, (C) AUTHORIZING THE DEBTORS TO TERMINATE THE LTD PLANS, AND (D) GRANTING RELATED RELIEF**

Upon the joint motion dated January 18, 2013 (the "Joint Motion"),[2] Nortel Networks Inc. ("NNI") and certain of its affiliates that are debtors and debtors in possession in the above-captioned cases, (collectively, the "Debtors") and the Official Committee of Long Term Disability Participants, acting on behalf of and as agent for employees (the "LTD Employees") of the Debtors that are participants in the Debtors' Long Term Disability Plan (the "LTD

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion.

Committee," and together with the Debtors, the "Movants"), seek *inter alia*, entry of an order, as more fully described in the Joint Motion, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), applicable hereto by Bankruptcy Rule 7023, (i) approving the Settlement Agreement[3] among the Parties on a final basis, (ii) certifying the proposed Settlement Class for settlement purposes only, and appointing the Class Representatives and Class Counsel on a final basis, (iii) authorizing the Debtors to terminate the LTD Plans, and (iv) granting related relief; and the Court having reviewed and considered the Joint Motion, and after due deliberation thereon, and good cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

A. This Court has jurisdiction over the Joint Motion pursuant to 28 U.S.C. §§ 157 and 1334, and, to the extent applicable, the Parties consent to the Court hearing, determining and entering appropriate orders and judgments regarding the relief sought in the Adversary Proceeding pursuant to 28 U.S.C. § 157(c)(2);

B. Venue of these cases and the Joint Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

C. The statutory predicates for the relief sought in the Joint Motion are sections 105(a) and 363(b) of the Bankruptcy Code, Rule 9019 of the Bankruptcy Rules and Rule 23 of the Civil Rules;

---

[3] The Settlement Agreement entered into among the Parties was executed on January 17, 2013 and was amended and restated on February 11, 2013.

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

D. The Court has entered an Order on February 14, 2013 (i) preliminarily approving the Settlement Agreement among the Parties, (ii) conditionally certifying the Settlement Class for settlement purposes only, appointing the Class Representatives and approving the Settlement Class's representation by counsel to the LTD Committee, Elliott Greenleaf, as class counsel ("Class Counsel"), (iii) approving the Notice Procedures, (iv) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement, and (v) granting related relief [D.I. 9427] (the "Preliminary Settlement Approval Order");

E. Notice of the Joint Motion has been provided via first class mail to (i) the U.S. Trustee; (ii) counsel to the Bondholder Group; (iii) counsel to the UCC; (iv) the LTD Employees; (v) the Active Employees; (vi) the COBRA Participants; (vii) counsel to the Retiree Committee; and (viii) the general service list established in these chapter 11 cases, and no further or other notice is required under the circumstances;

F. Based upon the affidavits of service and publication filed with the Court: (a) notice of and service of the Joint Motion, Settlement Notice and Publication Notice was adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings, and complied with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Preliminary Settlement Approval Order, and (b) all interested persons and entities were afforded a reasonable opportunity to object and be heard with respect to the Joint Motion, the Settlement Agreement, the termination of the LTD Plans and all other relief requested therein;

G. Based upon the notice provided and the extensive education, outreach, and collective efforts of the LTD Committee and the Debtors to inform the LTD Employees of the impact of the termination of the LTD Plans, the LTD Employees have been afforded a full opportunity to assess the Settlement and have been fully advised and informed by the LTD

Committee that they must seek their own advice and counsel as to the impact of the termination of the LTD Plans and Settlement on their individual circumstances including, but not limited to, the tax implications and impact on medical benefits;

H. Pursuant to the Preliminary Settlement Approval Order, the Settlement Class has been conditionally certified, solely for purposes of settlement of the Adversary Proceeding and the LTD Termination Motion, pursuant to Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023, and the Class Representatives and Class Counsel have been conditionally approved, and in accordance with Rules 23 and 7023, such certification and approval shall be final;

I. The Settlement Class satisfies the certification requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2), and Federal Rules of Bankruptcy Procedure 7023(a) and 7023(b)(2); and the Debtors, the Class Representatives, and the LTD Committee finally consent to the final certification of the Settlement Class, solely for the purpose of settlement of the Adversary Proceeding. Adequate notice of the Settlement Agreement has been given as set forth herein to all interested parties, and no other or further notice is necessary;

J. For purposes of settling the Adversary Proceeding, Class Counsel is sufficiently qualified, has extensive experience handling class actions and employee-related matters and has been appointed class counsel in multiple representative class actions;

K. For purposes of settling the Adversary Proceeding, the Class Representatives do not have interests antagonistic to those of the Settlement Class;

L. For purposes of settling the Adversary Proceeding, the Settlement Class consisting of approximately 200 members is so numerous that joinder of all members is impracticable;

M. For purposes of settling the Adversary Proceeding, there are questions of law and/or fact common to all members of the Settlement Class;

N. For purposes of settling the Adversary Proceeding, the claims of the Class Representatives are typical of the claims of the Settlement Class, including in terms of the legal theory advanced and the factual circumstances underlying that theory;

O. For purposes of settling the Adversary Proceeding, the Class Representatives are not subject to a defense that is both inapplicable to many members of the Settlement Class and likely to become a major focus of the litigation;

P. For purposes of settling the Adversary Proceeding, the Class Representatives' interests and incentives are sufficiently aligned with those of the Settlement Class;

Q. For purposes of settling the Adversary Proceeding, Class Counsel, the LTD Committee and the Class Representatives have fairly and adequately protected the interests of the Settlement Class;

R. For purposes of settling the Adversary Proceeding, questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only the individual members;

S. For purposes of settling the Adversary Proceeding, settlement through a class action under Civil Rule 23(b)(2) is superior to other available methods of resolving the claims alleged in the Class Complaint and the other claims released in the Settlement Agreement;

T. The proposed Class Representatives and Class Counsel adequately represent the interests of the Settlement Class;

U. The Settlement Agreement and its terms were negotiated by the Debtors and the LTD Committee in good faith and at arm's length;

V. For purposes of settling the Adversary Proceeding, there was sufficient discovery conducted by the Parties prior to entering into the Settlement Agreement;

W. For purposes of settling the Adversary Proceeding, the Debtors have acted or refused to act on grounds that apply generally to the Settlement Class;

X. For purposes of settling the Adversary Proceeding, any monetary relief provided by the Settlement Agreement, including allowance of the LTD General Unsecured Claim, is incidental to the declaratory relief sought;

Y. For purposes of settling the Adversary Proceeding, final injunctive or corresponding declaratory relief is appropriate with respect to the Settlement Class as a whole;

Z. The Debtors have demonstrated compelling and sound business justifications for entering into the Settlement Agreement;

AA. The legal and factual bases set forth in the Joint Motion and the record in these proceedings establish just cause for the relief requested therein, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest;

BB. Entry into the Settlement Agreement is in the best interests of the Debtors, the Debtors' estates and creditors, the LTD Committee, the LTD Employees, the Class Representatives and the members of the Settlement Class who are all receiving fair and reasonable value under the Settlement Agreement;

CC. The terms of the Settlement Agreement are fair, reasonable and adequate under Civil Rule 23, incorporated by Rule 7023 of the Bankruptcy Rules, and the nine factor test set forth by the Third Circuit in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975);

DD. The Debtors provided the LTD Committee and LTD Employees with all relevant information necessary to assess the Settlement Agreement;

EE. The Debtors have met and been available to meet with the LTD Committee at all reasonable times;

FF. Termination of the LTD Plans is necessary to permit the reorganization of the Debtors and to further the resolution of their chapter 11 cases;

GG. The Settlement Agreement should be finally approved;

HH. The Settlement Agreement does not constitute a sub rosa plan of reorganization and the entry into and performance under the Settlement Agreement, as well as the Settlement Notification Procedures do not constitute the solicitation of a vote on a plan of reorganization;

II. The Debtors' and the LTD Committee's decisions to enter into the Settlement Agreement are consistent with their fiduciary duties and do not give rise to any claim or remedy against the Debtors or the LTD Committee, except as may be expressly set forth in this Order or the Settlement Agreement;

JJ. The Court has held a Fairness Hearing on April 30, 2013 to consider final approval of the Settlement Agreement, at which the Parties to the Joint Motion made the necessary showing to justify approval of the Settlement Agreement and termination of the LTD Plans and all objections raised to final approval of the Settlement Agreement, if any, were overruled;

KK. All members of the Settlement Class are bound by this Order and the terms of the Settlement Agreement;

LL. Upon termination of the LTD Plans and the Retiree Welfare Plans, the Debtors do not maintain any group health plans for their employees;

MM. Other good and sufficient cause exists for granting the relief requested in the Joint Motion; and it is therefore:

**ORDERED ADJUDGED AND DECREED THAT:**

1. The Joint Motion is GRANTED and objections, if any, thereto are OVERRULED.

2. The Settlement Agreement attached as **Exhibit 1** to this Order is approved in its entirety as fair and reasonable.

3. The Debtors are authorized, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, to enter into the Settlement Agreement and to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Settlement Agreement.

4. The LTD Committee, Class Representatives and Class Counsel are authorized and directed to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Settlement Agreement.

5. The Settlement Class is certified, solely for purposes of settlement of the Adversary Proceeding, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) and Federal Rule of Bankruptcy Procedure 7023.

6. For settlement purposes only, Wendy Boswell Mann, Dianna Irish, Barbara Gallagher, Michael Stutts and Deborah Jones, are hereby appointed as Class Representatives.

7. For settlement purposes only, Elliott Greenleaf is hereby appointed Class Counsel.

8. Without admitting or denying liability, and solely for the purpose of settlement, the Debtors consent to the entry of an order against them on Count II of the Class Complaint declaring that they cannot terminate any of the LTD Plans, as defined herein, with respect to any of the LTD Employees, unless and until NNI allows a general non-priority, unsecured claim in

favor of the LTD Committee in the amount of $25,960,000 for benefits under the LTD Plans (such general non-priority, unsecured claim in the amount of $25,960,000 shall constitute the "LTD General Unsecured Claim"). The LTD General Unsecured Claim shall be deemed allowed in the amount of $25,960,000 as of the date that this Order approving the Settlement Agreement has become a final and non-appealable order (the "Effective Date"), and such relief is hereby granted. Upon the Effective Date, the LTD General Unsecured Claim shall be deemed to be valid, liquidated, enforceable against NNI, undisputed, non-contingent, not subject to current or future objection, defense, setoff or deduction (including, but not limited to, the withholding of any taxes from any distributions paid or to be paid on account of the LTD General Unsecured Claim) of any nature by any person or entity and nothing in this Order or the Settlement Agreement shall impair the LTD General Unsecured Claim. To the extent that (i) this Order is hereafter modified, (ii) any such modification impacts the LTD General Unsecured Claim and (iii) the Buyer (as that term is defined below) completes the purchase of the LTD General Unsecured Claim, such modification shall be subject to the Buyer's approval, which approval may not be unreasonably withheld, or further order of the Court.

9. The LTD Committee shall have the right to sell, assign or convey the LTD General Unsecured Claim without further order of the Court, subject to compliance with Federal Rule of Bankruptcy Procedure 3001. The purchaser of the LTD General Unsecured Claim, together with its successors and assigns, is hereinafter referred to as the "Buyer."

10. To the extent that the Buyer completes the purchase of the LTD General Unsecured Claim, nothing in the Settlement Agreement (including, but not limited to the release), the Joint Motion, this Order or otherwise shall have any impact on any other now

existing or hereafter purchased claims of the Buyer or any of its affiliates against NNI or any of its affiliates, excluding any LTD Claims and the LTD General Unsecured Claim.

11. Within ten (10) days following the Effective Date (as defined in the Settlement Agreement), the Buyer or, only in the event that the Buyer does not complete the purchase of the LTD General Unsecured Claim, the LTD Committee shall file a proof of claim substantially in the form attached hereto as **Exhibit 2** in the final allowed amount of the LTD General Unsecured Claim. Such proof of claim shall be deemed timely filed notwithstanding any claims bar date.

12. To the extent that the Buyer completes the purchase of the LTD General Unsecured Claim, no person or entity (except for the Buyer) shall have (a) any claim to, interest in, or rights with respect to the LTD General Unsecured Claim or any distributions on account of the LTD General Unsecured Claim made by NNI, its estate and/or any Chapter 7 trustee appointed in its bankruptcy case (collectively, "Distributions") or (b) any claim against Buyer with respect to (i) the LTD General Unsecured Claim, (ii) any rights with respect thereto, or (iii) any Distributions. For the avoidance of doubt, this provision shall not in any way limit the right of members of the Settlement Class to receive an allocation of the Settlement Amount in accordance with the terms of the Settlement Agreement and this Order.

13. Notwithstanding anything to the contrary in this Order, it is hereby ordered that to the extent that the Buyer completes the purchase of the LTD General Unsecured Claim, the Buyer shall not be required to withhold any taxes or other amounts on behalf of any person or entity with respect to (a) the payment of the purchase price for the LTD General Unsecured Claim (the "Purchase Price"), (b) the LTD General Unsecured Claim, or (c) any Distributions. The Buyer is entitled to rely on this Order in good faith and shall have no liability relating to or for the withholding of taxes or the issuance of Form W-2's or Form 1099's in connection with

(a) the payment of the Purchase Price, (b) the LTD General Unsecured Claim or (c) any Distributions. The LTD Committee, its members and agents shall be solely responsible for all obligations of and/or related to tax withholding with respect to (a) the payment of the Purchase Price, (b) the LTD General Unsecured Claim, (c) any Distributions, and (d) any distributions to the Settlement Class. The LTD Committee shall provide the Buyer with evidence that all taxes required to be withheld are actually withheld and all Form W-2s or Form 1099's that are required to be issued are actually issued. The recipients and beneficiaries of the Settlement Amounts shall be solely responsible for any and all taxes in respect of (a) the payment of the Purchase Price, (b) the LTD General Unsecured Claim, (c) any Distributions, and (d) any distributions to the Settlement Class. To the extent that the Buyer completes the purchase of the LTD General Unsecured Claim, the Buyer shall be responsible for any sales tax (if any) on its purchase of the LTD General Unsecured Claim and any income tax (if any) incurred in connection with its ownership of the LTD General Unsecured Claim.

14. Subject to the last sentence of paragraph 13 of this Order, the Buyer shall not have any obligation, responsibility or liability under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") or the U.S. Internal Revenue Code of 1986, as amended (the "Tax Code") (each of which shall include regulations and other published guidance thereunder), in connection with, related to or arising out of (a) the LTD General Unsecured Claim, (b) the purchase of the LTD General Unsecured Claim, (c) the payment of the Purchase Price, (d) the holding of the LTD General Unsecured Claim, (e) any Distributions, or (f) any distributions to the Settlement Class.

15. The Debtors, their successors, their respective affiliates and the LTD Plans do not and shall not have any obligation, responsibility or liability, in their capacity as debtors, former

employers or in any other capacity whatsoever, under ERISA or the Tax Code, in connection with, related to or arising out of the establishment, operation or termination of any plan, program, arrangement, agreement or commitment by the LTD Committee to pay, reimburse or otherwise provide for any benefit to the members of the Settlement Class, or any transferee or assignee of the LTD General Unsecured Claim, or their respective beneficiaries, heirs or assigns, including without limitation described in Section 3(1) of ERISA. Nothing in this paragraph and Order is intended to limit in any way the allowance of the LTD General Unsecured Claim in accordance with the Settlement Agreement and this Order and the right to receive Distributions on the LTD General Unsecured Claim pursuant to the Plan or, should NNI's case be converted to a Chapter 7 proceeding, in accordance with the priority scheme established under the Bankruptcy Code.

16. NNI shall make distributions on the allowed LTD General Unsecured Claim in accordance with an effective plan confirmed under section 1129 of the Bankruptcy Code (the "Plan"). The "Settlement Amount" shall constitute the net recovery to the LTD Committee on the allowed LTD General Unsecured Claim, whether through a distribution under the Plan, or the sale, assignment or conveyance of the LTD General Unsecured Claim, less the Settlement Administration Costs. The LTD Committee shall have sole responsibility for distribution of the Settlement Amount pursuant to the Apportionment Methodology.

17. Allocation of the Settlement Amount in accordance with the Apportionment Methodology shall be made to members of the Settlement Class in accordance with the schedule attached as **Exhibit 3** hereto (as may be amended by the LTD Committee in accordance with this Order, the "Individual Recovery Schedule"), an unredacted version of which has been or shall be delivered to the Court by the LTD Committee to be kept segregated and under seal by the Clerk

of the Court. The Individual Recovery Schedule was prepared by Alvarez & Marsal at the direction of the LTD Committee. The LTD Committee shall have the right to amend the Individual Recovery Schedule, solely for purposes of adjusting the distributions of the Settlement Amount to be made to members of the Settlement Class to take account of changes in the population of the Settlement Class, and shall file such amended Individual Recovery Schedule under seal as soon as reasonably practicable after the entry of this Order. Members of the Settlement Class shall not be entitled to recover any amounts from the Settlement Amount in excess of their scheduled recovery as provided on the Individual Recovery Schedule, as may be amended in accordance with this Order.

18. The allowance of the LTD General Unsecured Claim shall be in full and final settlement of all LTD Claims of the members of the Settlement Class. For the avoidance of doubt, the Settlement Agreement shall be held to resolve any and all potential claims arising from or related to the LTD Claims of the LTD Employees; and the LTD Claims of the LTD Employees shall be enforceable only against the Settlement Amount, which shall be the sole source of recourse for their LTD Claims. The commencement or continuation of any action, the employment of any process or any act to collect, recover or offset any LTD Claim that any of the LTD Parties had, have or may have against the Debtor Releasees is hereby forever barred and enjoined. Notwithstanding this paragraph or the last sentence of paragraph 10(e) of the Settlement Agreement, to the extent that the Buyer completes the purchase of the LTD General Unsecured Claim, the Buyer shall be the holder of the LTD General Unsecured Claim and shall have all rights thereto, including, but not limited to, the right to enforce the LTD General Unsecured Claim in accordance with the Bankruptcy Code and applicable law and to receive and retain all Distributions on account of the LTD General Unsecured Claim.

19. Upon the occurrence of the Effective Date, the Debtors are entitled to and shall terminate all LTD Plans in their entirety, including, for the avoidance of doubt, all coverage and benefits provided to LTD Employees, Active Employees and COBRA Participants thereunder, on the Termination Date (to the extent not previously terminated), subject to allowance of the LTD General Unsecured Claim.

20. Upon the Effective Date, except as provided for by the terms of the Settlement Agreement or this Order, the LTD Committee; the LTD Committee Member Parties; and each LTD Employee, in his or her individual capacity, and in his or her capacity as a member of the LTD Class; each of its, his or her respective spouses, dependents, heirs, distributees, executors, administrators, members, officers, directors, agents, representatives, successors and assigns; and any purchaser, transferee or assignee of the LTD General Unsecured Claim or any LTD Employee's LTD Claim (collectively, the "LTD Parties") shall hereby knowingly and voluntarily release and forever discharge the Debtors, their estates, the LTD Plans, the LTD Plan administrators, the members of all Nortel benefit plan committees (including, without limitation, the Employee Benefits Committee, the Joint Leadership Resources Committee, the Compensation and Human Resources Committee and any predecessors thereto), the UCC, and the Bondholder Group, and each of their respective past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, administrators, liquidators, directors, officers, employees, managers, agents, attorneys, solicitors, trustees, fiduciaries, accountants and advisors, and each of all of their respective predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the LTD Parties now have, had,

may have had, or hereafter may have against any of the Debtor Releasees. This Release provides for and effectuates a discharge of the Debtor Releasees to the full extent permitted by applicable law with respect to any and all LTD Claims and Untimely Run Off Claims.

21. Except for the proof of claim described in paragraph 11 of this Order, any and all proofs of claim filed on account of, or which, to any extent, include LTD Claims, including, but not limited to, claims arising from or relating to modifications to or the termination of LTD Plans, shall be disallowed and expunged from the Debtors' claims register on the Effective Date, solely with respect to the portion of the proof of claim relating to the LTD Claims. Nothing herein (other than as set forth in paragraph 11 of this Order) or in the Settlement Agreement shall waive or limit defenses available to the Debtors and their successors and assigns against a proof of claim that has been or may be filed against the Debtors in the Chapter 11 Cases (other than the proof of claim provided in paragraph 11 of this Order), including but not limited to an objection to the claim based on a failure to timely file such claim on or before the applicable bar date, or to the extent that such claim is raised in violation of the Settlement Agreement. The Debtors' claims agent shall be authorized to make any and all appropriate modifications to the official claims register maintained in the Debtors' cases as necessary to reflect the terms of the Settlement Agreement and this Order.

22. Upon the Effective Date, except as provided for by the terms of the Settlement Agreement, the Debtors, their estates, successors and assigns (the "Debtor Parties") will hereby knowingly and voluntarily release and forever discharge the LTD Parties and all of their advisors (collectively, the "LTD Releasees") from any and all LTD Claims and Untimely Run Off Claims, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtor

Parties now have, had, may have had, or hereafter may have against any of the LTD Releasees. This Release provides for and effectuates a discharge of the LTD Releasees to the full extent permitted by applicable law with respect to any and all claims arising out of or relating to the LTD Plans, Untimely Run Off Claims and/or the LTD Claims.

23. Except for the proof of claim described in paragraph 11 of this Order, the Debtors may rely on the Settlement Agreement as a basis for objecting to individual proofs of claim to the extent that such individual proofs of claim are addressed therein, and the Debtors may effect such resolution through filing with the Court objections to such claims on notice to the individual claimants.

24. Within ten (10) days of the Effective Date, all discovery requests relating to the LTD Termination Motion and Class Complaint propounded by either party shall be deemed withdrawn with prejudice, the Debtors shall withdraw with prejudice the LTD Termination Motion, and the LTD Committee shall dismiss with prejudice the Adversary Proceeding.

25. It is hereby ordered that to the extent the LTD General Unsecured Claim is sold, transferred or assigned by the LTD Committee prior to the time any Distributions are made by NNI in respect of such claim, the Debtors shall not be required to and shall not withhold taxes on behalf of any person with respect to the LTD General Unsecured Claim or any Distributions made with respect to such claim. The Debtors are entitled to rely on this Order in good faith and shall have no liability relating to the withholding of taxes or the issuance of Form W-2's or Form 1099's. NNI shall have the right to seek recovery from the other Debtors for some portion of the amount distributable on account of the LTD General Unsecured Claim, after consultation with the UCC and the Bondholder Group, either before or after such payment is made; provided,

however, that any such action on the part of the Debtors shall have no impact on the timing or amount of any distributions paid by NNI on account of the LTD General Unsecured Claim.

26. The failure to specifically describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety. For the avoidance of doubt, the exculpation, indemnification and release provisions contained in the Settlement Agreement are expressly incorporated and are not limited by any other provision of this Order.

27. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

28. In the event of any discrepancy between the terms of this Order and the Settlement Agreement, the terms of this Order shall govern.

29. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 1, 2013
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE