IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*,[1] ) | |
| ) | Case No. 09-10138 (KG) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |
| ) | Re: Docket No. 10049, 10254 |

### ORDER APPROVING MOTION OF THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS FOR APPROVAL OF DISTRIBUTION AND RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Official Committee of Long Term Disability Participants (the "LTD Committee") and the Supplement to Motion of the Official Committee of Long Term Disability Participants for Approval of Distribution and Related Relief (the "Supplement"), for entry of an order (the "Order"), pursuant to Sections 105(a), 1103(c)(5), and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), for approval of distribution and related relief; and the relief requested in the Motion and Supplement being in the best interests of the Debtors' estates, their creditors, the LTD Committee, the LTD Employees and other parties in interest; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2] All capitalized terms not defined herein shall have the same meaning as set forth in the Motion and the Supplement.

1

reviewed and considered the Motion, and after due deliberation thereon, and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. This Court has jurisdiction over the Motion and the Supplement pursuant to 28 U.S.C. §§ 157 and 1334;

B. Venue of these cases and the Motion and Supplement in this district is proper under 28 U.S.C. §§ 1408 and 1409 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

C. The statutory predicates for the relief sought in the Motion and Supplement are sections 105(a), 1103(c)(5) and 1109(b) of the Bankruptcy Code;

D. Notice of the Motion and Supplement have been provided via overnight delivery to (i) the LTD Employees; (ii) the Office of the U.S. Trustee; (iii) counsel to the Debtors; (iv) counsel to the Bondholder Group; (v) counsel to the Official Committee of Unsecured Creditors; (vi) counsel to the Retiree Committee; and (vii) the general service list established in these chapter 11 cases, and no further or other notice is required under the circumstances;

E. Based upon the affidavits of service and/or certificates of service filed with the Court: (a) notice of and service of the Motion and Supplement were adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings, and complied with the applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, and (b) all interested persons and entities were afforded a reasonable opportunity to object and be heard with respect to the Motion and all other relief requested therein;

F. The LTD Employee constituency is a disabled population;

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

G. Distribution of the Settlement Amount will impact the Tax Issues and the Benefit Issues of the LTD Employees;

H. On February 14, 2013, this Court entered an Order (i) preliminarily approving the Settlement Agreement among the Parties, (ii) conditionally certifying the Settlement Class for settlement purposes only, appointing the Class Representatives and approving the Settlement Class's representation by counsel to the LTD Committee, Elliott Greenleaf, as class counsel, (iii) approving the Notice Procedures, (iv) scheduling a fairness hearing to consider final approval of the Settlement Agreement, and (v) granting related relief (D.I. 9427);

I. The LTD Committee Professionals served each LTD Employee with an individual statement on February 25, 2013, March 19, 2013 and April 11, 2013 (the "Individual Notices"), which detailed the allocation of the Settlement Amount and addressed the tax implications of the Settlement Amount including, but not limited to, a demonstration of the use of a structured settlement and an HRA. Further notices will be provided by the LTD Committee and its professionals to the LTD Employees prior to or with the distribution of the Settlement Amount which will reflect the final LTD constituency after taking into account any LTD Employees who elect early retirement or are no longer eligible for any reason;

J. The LTD Committee and the Debtors provided extensive education and outreach to inform the LTD Employees of the impact of the termination of the LTD Plans including, but not limited to, education and outreach by the LTD Committee on the impact of Tax Issues and Benefit Issues;

K. Based upon the notice provided and the extensive education, outreach, and collective efforts of the LTD Committee and the Debtors to inform the LTD Employees of the impact of the termination of the LTD Plans, as well as the extensive education and outreach

efforts of the LTD Committee to inform the LTD Employees of the impact of the distribution of the Settlement Amount, the LTD Employees have been afforded a full opportunity to assess the Settlement and have been fully advised and informed by the LTD Committee that they must seek their own individual advice and counsel as to the impact of the termination of the LTD Plans, the Settlement and distribution of the Settlement on their individual circumstances including, but not limited to, the Tax issues and Benefit issues;

L.    On May 1, 2013, this Court approved the *Order (A) Approving the Settlement Agreement on a Final Basis, (B) Certifying a Class for Settlement Purposes Only on a Final Basis, (C) Authorizing the Debtors to Terminate the LTD Plans, and (D) Granting Related Relief* (the "<u>Final Approval Order</u>"). Pursuant to the Final Approval Order, the Court, <u>inter alia</u>, among other things, approved the Settlement Agreement and allocation of the Settlement Amount to the LTD Employees on a final basis;

M.    The LTD Committee and its professionals have considered alternative structures to distribute the Settlement Amount to the LTD Employees which address both the Tax Issues and the Benefit Issues including, but not limited to, making settlement payments over a number of years, the use of a VEBA, the use of a VEBA LTD Plan, the use of an HRA, and the use of an annuity with a VEBA;

N.    The legal and factual bases set forth in the Motion and Supplement and the record in these proceedings establish just cause for the relief requested therein, and that such relief is in the best interests of the LTD Committee, the LTD Employees and other parties in interest;

O.    Other good and sufficient cause exists for granting the relief requested in the Motion; and it is therefore:

**ORDERED ADJUDGED AND DECREED THAT:**

4

1. The Motion and Supplement are GRANTED as set forth herein, and objections, if any, thereto are OVERRULED.

2. The LTD Committee, or its successor, is authorized to provide the correspondence, substantially in the form attached to the Motion as Exhibit B, including form W-2s and W-4s to the LTD Employees.

3. The LTD Employees shall be required to return their W-4 to the LTD Committee, or its successors, on or before June 17, 2013. If a LTD Employee fails to return the form W-4 Participant to the LTD Committee or its successors by June 17, 2013, the LTD Committee, or its successor, is authorized to withhold from the payment of the Settlement Amount at the tax rate as if the LTD Employee were single and claimed zero allowances for all applicable federal, state and local taxes.

4. The LTD Committee, or its successor, is authorized to establish a limited liability company ("LLC"). The LLC is permitted to control the Settlement Amount funds for a minimum of five days and then cause the funds to be transferred to the VEBA.

5. The LTD Committee, or its successor, is authorized to apply for a tax-exempt qualification of the VEBA under IRC § 501(c)(9) through an application with the IRS.

6. The LTD Committee, or its successor, is authorized to utilize a distribution mechanism that deposits the Settlement Amounts in the VEBA. The VEBA will then fund the VEBA LTD Plan and the HRA. The LTD Committee, or its successor, reserves the right to discontinue the HRA at any time, for any reason, including the lack of funding or lack of interest by the LTD Employees.

7. The LTD Committee, or its successor, is authorized to apply for a Private Letter Ruling from the IRS regarding any and all aspects of the Distribution.

8. The LTD Committee, or its successor, will be the plan sponsor under this distribution structure. For the avoidance of doubt, the Debtors shall not be the plan sponsor of the VEBA, the VEBA LTD Plan, or any plan, program, arrangement, agreement or commitment entered into by the LTD Committee or its successor.

9. The LTD Committee, or its successor, is authorized to interview and select a management company to administer the VEBA LTD Plan (the non-HRA funds) over time to the LTD Employees and potentially provide income to cover administrative costs. The LTD Committee, or its successor, reserves the right to forgo the use of the VEBA LTD Plan to defer payments and cover administrative costs in the event that the LTD Committee, or its successor, does not obtain a favorable ruling from the IRS. To the extent that the VEBA LTD Plan is not utilized, remaining funds will be distributed by the LTD Committee, or its successor, to the LTD Employees pursuant to the Allocation Methodology in a single payment.

10. The LTD Committee, or its successor, is authorized to interview and select an HRA administrator to set up and administer the HRA for the LTD Employees. The LTD Committee, or its successor, reserves the right to forgo the use of the HRA in the event that the LTD Committee, or its successor, does not obtain a favorable ruling from the IRS or determines that the use of the HRA will not be beneficial for any reason including, without limitation, lack of funding for the HRA or lack of interest by the LTD Employees.

11. To the extent that there may be any inconsistency between the terms of the Motion, Supplement and this Order, the terms of this Order shall govern.

12. The LTD Committee, or its successor, is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. The Debtors, their successors, their respective affiliates and the LTD Plans do not and shall not have any obligation, responsibility or liability, in their capacity as debtors, former employers or in any other capacity whatsoever, under ERISA (but only to the extent allowable under Section 410(a) of ERISA) or the Tax Code, in connection with, related to or arising out of the establishment, operation or termination of any plan, program, arrangement, agreement or commitment by the LTD Committee to pay, reimburse or otherwise provide for any benefit to the members of the Settlement Class, or any transferee or assignee of the LTD General Unsecured Claim, or their respective beneficiaries, heirs or assigns, including without limitation described in Section 3(1) of ERISA. Nothing in this paragraph and Order is intended to limit in any way the allowance of the LTD General Unsecured Claim in accordance with the Settlement Agreement and the Final Approval Order and the right to receive Distributions on the LTD General Unsecured Claim pursuant to the Plan or, should Nortel Network Inc.'s case be converted to a Chapter 7 proceeding, in accordance with the priority scheme established under the Bankruptcy Code. Nothing in this paragraph and Order is intended to limit in any way the ability of the Internal Revenue Service to assess or collect taxes pursuant to law or to otherwise enforce the Internal Revenue Code. The United States, the LTD Committee, and the Debtors reserve their rights under the Internal Revenue Code with respect to the proper tax treatment of this transaction.

14. For the avoidance of doubt, the terms "successor" and "successors" of the LTD Committee as set forth in this Order shall not mean the purchaser of the LTD General Unsecured Claim.

15. The settlements with the LTD Employees listed on Exhibit A (the "Settlements"), attached hereto, are approved.

16. The Settlements shall be filed under seal.

17. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the LTD Committee is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the LTD Committee may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 1, 2013
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE