**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*, | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | **RE: Docket No. 10244** |

**JOINT ADMINISTRATORS' JOINDER IN PART AND RESPONSE TO JOINT
REQUEST FOR CERTIFICATION OF THE JOINT ADMINISTRATORS'
NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR
THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)**

The court-appointed administrators and authorized foreign representatives

(collectively, the "Joint Administrators")[1] for Nortel Networks UK Limited ("NNUK") and

certain of its affiliates (collectively, and including NNUK, the "EMEA Debtors"),[2] hereby join

in part and respond (the "Response") to the *Joint Request for Certification of the Joint*

*Administrators' Notice of Appeal to the United States Court of Appeals for the Third Circuit*

*Pursuant to 28 U.S.C. § 158(d)(2)* (the "Certification Request," D.I. 10244), filed by Nortel

---

1.  The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited, are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the English proceedings for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

2.  The EMEA Debtors are located in Europe, the Middle East and Africa and are in proceedings pending before the High Court of Justice of England and Wales. They are: Nortel Networks UK Limited; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania S.A.; Nortel Networks International Finance & Holding B.V; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks s.r.o.

Networks Inc. and its affiliated chapter 11 debtors[3] and the Official Committee of Unsecured

Creditors (the "Committee").   In support of this Response, the Joint Administrators respectfully

state as follows:

## PRELIMINARY STATEMENT

1.      The Joint Administrators join the request of the U.S. Debtors and the

Committee for an Order certifying the Joint Administrators' appeal from the Order Approving

Allocation Protocol, entered by the United States Bankruptcy Court for the District of Delaware

(the "U.S. Court") on April 3, 2013 (the "Allocation Protocol Order," D.I. 9947) and the

accompanying Opinion (the "Allocation Opinion," D.I. 9946) directly to the United States Court

of Appeals for the Third Circuit (the "Third Circuit") pursuant to 28 U.S.C. § 158(d)(2).

2.      However, the U.S. Debtors and the Committee's request excludes the Joint

Administrators' appeal from the interlocutory portions of the Allocation Protocol Order and

Allocation Opinion approving the entry of a protocol that provides for joint trial of the allocation

disputes by the U.S. and Canadian Courts.  The interlocutory appeal should also be certified

directly to the Third Circuit.  The U.S. Debtors and the Committee correctly assert that "an

immediate expedited appeal would allow the parties to receive a resolution of this appeal before

significant time is lost in this already four-year old bankruptcy."  (Certification Request ¶ 23.)

This interest applies equally to the appeal as of right and the interlocutory appeal.  Accordingly,

the appeals should be consolidated and addressed on the same expedited track.

---

3.   The debtors in these chapter 11 cases (the "U.S. Debtors"), along with the last four digits of each tax
     identification number, are:  Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel
     Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073);
     Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc.
     (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel
     Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International
     Inc. (6286), Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

3.      Certification of both the appeal as of right and the appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion for immediate appeal to the Third Circuit is appropriate because immediate appeal would materially advance the ultimate resolution of the parties' dispute as to the allocation of sale proceeds.  Additionally, the absence of any precedent for the portions of the Allocation Protocol Order and Allocation Opinion providing that the allocation dispute should be decided through joint cross-border trials leading to two independent judgments and two separate appeal processes in the U.S. and Canada warrants certification for immediate appeal to the Third Circuit.  As the Allocation Protocol will serve as a roadmap to debtors in future cross-border insolvencies, a prompt and binding determination as to whether it exceeds the U.S. Court's authority as an improper diminution of its sovereignty, and related questions, are matters of public importance.  Thus, under the circumstances presented here, there is ample cause to allow a single, direct appeal to the Third Circuit.

## BACKGROUND

4.      On April 25, 2011, the U.S. Debtors and the Committee filed the Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding Settlement Agreement, and for Related Relief [D.I. 5307], in which they moved the U.S. Court for entry of an order approving an Allocation Protocol establishing procedures and an expedited schedule for joint determination by the U.S. and Canadian Courts of the allocation of the IFSA sale proceeds.[4]  The Joint Administrators filed objections to the Allocation Protocol

---

4.   A companion application was filed by the Canadian Debtors before the Canadian Court.

Motion and made a cross-motion to compel arbitration of the allocation dispute as provided for under the IFSA (the "Cross-Motion," D.I. 5444).

5.      Argument on the Allocation Protocol Motion and Cross-Motion (together with submissions from other parties) was heard in joint hearings before the U.S. Court and Canadian Court on June 7, 2011, after which the U.S. and Canadian Courts reserved decision and ordered the parties to try to mediate the dispute.  This mediation was unsuccessful, and was declared ended in January 2013.

6.      On April 3, 2013, this Court entered the Allocation Protocol Order and Allocation Opinion, denying the Joint Administrators' motion to compel arbitration and ordering the parties to submit an Allocation Protocol.  Mr. Justice Morawetz for the Canadian Court, having previously issued an endorsement on March 8, 2013, issued a further endorsement on April 3, 2013 (the "Allocation Endorsement"), which reached the same result.

7.      Pursuant to Section 16(a) of the Federal Arbitration Act (the "FAA"), the Bankruptcy Court's decision denying the Joint Administrators' motion to compel arbitration is appealable as of right.[5]  On April 17, 2013, the Joint Administrators filed a timely notice of appeal [D.I. 10166] together with the Motion for Leave to appeal the interlocutory portions of the Allocation Protocol Order and Opinion approving the entry of a protocol which outlines the process for joint litigation of the allocation disputes by the U.S. and Canadian Courts.  The Joint Administrators seek certification directly to the United States Court of Appeals for the Third Circuit of both the appeal as of right and the appeal from the interlocutory portions of the

---

5.   9 U.S.C. § 16(a) (2006); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 214 (3d Cir. 2007) ("In no uncertain terms, Section 16 'makes clear that any order favoring litigation over arbitration is immediately appealable and any order favoring arbitration over litigation is not.'") (citation omitted).

62321726_2

Allocation Protocol Order and Allocation Opinion, which shall be consolidated and addressed in a single brief, provided the motion for leave to appeal is granted.

### RELIEF REQUESTED

8.    Pursuant to Bankruptcy Rule 8001(f) and 28 U.S.C. § 158(d)(2), the Joint Administrators request that this Court certify both the appeal as of right and the appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion for immediate appeal to the Third Circuit.  A counter-proposed form of Certification Order is attached hereto as Exhibit A and a redline reflecting the proposed revisions to the U.S. Debtors and Committees' proposed Order is attached hereto as Exhibit B.

### ARGUMENT

### I.    GROUNDS EXIST TO CERTIFY BOTH THE APPEAL AS OF RIGHT AND THE INTERLOCUTORY APPEAL DIRECTLY TO THE THIRD CIRCUIT.

9.    Under 28 U.S.C. § 158(d)(2), a bankruptcy court may certify an order for immediate appeal to the federal court of appeals.  *Arrow Oil & Gas, Inc. v. SemCrude, L.P. (In re SemCrude, L.P.),* 407 B.R. 112, 139–40 (Bankr. D. Del. 2009) (certifying direct appeal to the Third Circuit pursuant to 28 U.S.C. 158(d)(2)).  As set forth in 28 U.S.C. § 158(d)(2)(A), certification of an order for immediate appeal is required if the Court, "acting on its own motion or on the request of a party," determines that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

62321726_2

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

28 U.S.C. § 158(d)(2)(A).

10.     Each of section 158(d)(2)(A)'s three prongs presents an independent ground upon which to grant certification.  28 U.S.C. § 158(d)(2)(A); *In re MPF Holding U.S. LLC*, 444 B.R. 719, 725–28 (Bankr. S.D. Tex. 2011) (granting certification where only two of the independent grounds listed in § 158(d) apply).  While only one of the circumstances under section 158(d) must exist to require certification of the Allocation Protocol Order, the Joint Administrators respectfully submit that certification is particularly appropriate with respect to appeal from the interlocutory portion of the Allocation Protocol Order and Allocation Opinion as the interlocutory appeal involves a question of law as to which there is no controlling decision and involves matters of public importance.

11.     The U.S. Debtors and the Committee cite the same standard, but exclude the Joint Administrators' appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion from the Certification Request based on their stated intention to oppose the Motion for Leave.  The Certification Request fails, however, to articulate a single reason why the criteria the U.S. Debtors and the Committee argue supports certification of the appeal as of right does not apply equally to the Joint Administrators' appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion.[6]  If the U.S. Debtors and the Committee are truly interested in avoiding "delay in the resolution of the Allocation Dispute [which] could

---

6.   There is no requirement that leave to appeal be granted before certification of a direct appeal to a court of appeals is sought.  *See* Fed. R. Bankr. P. 8001(f)(1), 8003(d).

62321726_2

result in further inefficiencies" (Certification Request ¶ 24), they would not oppose a certification of the both portions of the Allocation Protocol Order and Allocation Opinion.

> A.    **No Controlling Decisions Govern the Questions Raised by the Appeal, which Involves Matters of Public Importance.**

12.    In addition to the grounds stated by the U.S. Debtors and the Creditors, the Allocation Protocol Opinion and Order involves a question of law as to which there is no controlling decision of the United States Court of Appeals for the Third Circuit or of the Supreme Court of the United States and raises a matter of public importance.  The Allocation Protocol contemplated by the U.S. Court represents a departure from any established procedure for litigating substantive claims and defenses and cannot be executed without either a violation of its participants' substantive and procedural due process rights, a violation of the Court's sovereignty, or breaches of other U.S. law.

13.    The proposed Allocation Protocol will either (1) require the application of two separate (and conflicting) sets of procedural and evidentiary rules or (2) require reconciliation of conflicting procedural and evidentiary rules which may result in either limited or compelled disclosure where such limitations or expansions would not exist absent the attempt to coordinate two separate legal proceedings, as well as other violations of the parties' procedural rights.  Further, the Allocation Protocol Order will subject Allocation Protocol participants to two separate, concurrent, and potentially conflicting orders and judgments of the U.S. Court and the Canadian Court.  In order for the decisions of the Courts to be useful and enforceable, they would need to be identical, which would be highly unlikely if each Court independently arrived at its decision.  Engaging in joint deliberations in order to reach consensus, however would be a violation of this Court's sovereignty.  The absence of any precedent for the proposed Allocation Protocol and the lack of any governing authority establishing that the

-7-

proposed Allocation Protocol does not violate the Court's sovereignty warrants certification of the Allocation Protocol Order for immediate appeal to the Third Circuit. *See SemCrude*, 407 B.R. at 139–40 (certifying order for direct appeal to the Third Circuit on the grounds that, *inter alia*, "there [was] no governing law on the issue before the Court").

14.      In addition, the Allocation Protocol Order involves a matter of public importance. *MPF Holding*, 444 B.R. at 725 n.7 (recognizing that whether the issues relate to a matter of public importance is an independent, separate and distinct ground for certification).  In addition to the importance of concluding the Nortel bankruptcy and insolvency matters in an expeditious and procedurally proper manner, the Allocation Protocol will serve as a roadmap to Debtors in future cross-border insolvencies and establish the proper limit of cross-border cooperation in international insolvency proceedings. *See Ransom v. MBNA Am. Bank (In re Ransom)*, 380 B.R. 809, 812 (9th Cir. B.A.P. 2007) (certifying appeal where resolution of issue on appeal would affect numerous prospective debtors and was thus a matter of public importance).  As a result, there is a strong public interest in certifying the portion of the Joint Administrators' appeal regarding the propriety of the proposed Allocation Protocol for immediate consideration of the Third Circuit.

### B.      Certifying the Appeal will Materially Advance the Progress of the Case.

15.      As the U.S. Debtors and the Committee represent in the Certification Request, an immediate appeal from the Allocation Protocol Order will materially advance the progress of the case or proceeding in which the appeal is taken.  This factor applies equally with respect to the appeal as of right and the appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion.

16.      Where resolution of an appeal will have significant practical effect upon the administration of the bankruptcy estate, certification is proper. *See In re Virissimo*, 332 B.R.

208, 209–10 (Bankr. D. Nev. 2005). Ultimately, allocation of the sale proceeds is necessary to the successful administration of each of the U.S., the Canadian and the EMEA estates. Permitting the Courts to proceed under the proposed Allocation Protocol has the potential to result in two separate appeal tracks, one proceeding in the United States and one proceeding in Canada, from separate, concurrent and conflicting orders and opinions of the U.S. Court and the Canadian Court. *MPF Holding*, 444 B.R. at 727 (certifying an appeal under 158(d)(2)(A)(iii) because the fact that the parties would inevitably appeal to the court of appeals meant that it would materially advance the case to certify a direct appeal); *Official Comm. Of Unsecured Creditors of Motors Liq. Comp. v. JPMorgan Chase Bank, N.A. (In re Motor Liq. Co.*, 486 B.R. 596, 647 (Bankr. S.D.N.Y. 2013) ("A second level of appeal (which would otherwise be likely, given the stakes of the controversy) would have a foreseeable adverse effect on the timing and finality of creditor distributions.").

   17. Further, if the appellate court ultimately reverses the determination of the U.S. Court, the allocation dispute will be resolved either through arbitration or significantly simplified court proceedings that eliminate the issues of potential procedural and substantive conflict. Eliminating the concept of a joint cross-border trial applying two separate sets of procedural rules and resulting in two potentially conflicting substantive opinions (and two separate appeal tracks from each of those decisions) will materially advance both the allocation of the sale proceeds and the ultimate reorganization of the respective Nortel debtors.

## <u>CONCLUSION</u>

18.     Certification of both the appeal as of right and the appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion for immediate appeal to the Third Circuit is appropriate.  Significant issues as to which there is no controlling Third Circuit or Supreme Court authority and matters of public importance are presented by the Appeals. Moreover, resolution of both the allocation dispute and the administration of each of the U.S. Debtors', the Canadian Debtors', and the EMEA Debtors' estates will be materially advanced by the expedited resolution of these issues by the Third Circuit.  As such, this Court should certify both the appeal as of right and the appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion for direct review by the Third Circuit.

WHEREFORE, the Joint Administrators' respectfully request that this Court certify both the appeal as of right and the appeal from the interlocutory portions of the Allocation Protocol Order and Allocation Opinion directly to the Third Circuit, and grant such other and further relief as the Court deems just and proper.

62321726_2

Dated:  Wilmington, Delaware
        April 29, 2013

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jaime Luton Chapman
James L. Patton (No. 2202)
Edwin J. Harron (No. 3396)
John T. Dorsey (No. 2988)
Jaime Luton Chapman (No. 4936)

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600
Fax:  302-571-1253

– and –

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
David W. Wiltenburg
Neil J. Oxford
Gabrielle Glemann
Charles H. Huberty

One Battery Park Plaza
New York, New York 10004
Telephone:  212-837-6000
Fax:  212-422-4726

– and –

HERBERT SMITH FREEHILLS LLP

Kevin Lloyd
John Whiteoak
Richard Lawton

Exchange House
Primrose Street
London EC2A 2EG

*Counsel for Joint Administrators*

01:13567530.1

62321726_2

# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------X
                                                 :     Chapter 11
                                                 :
In re                                            :     Case No. 09-10138 (KG)
                                                 :
Nortel Networks Inc., et al.,¹                   :     Jointly Administered
                                                 :
                                                 :     RE:  Docket Nos. 10244 and _____
                              Debtors.           :
-------------------------------------------------X
```

**ORDER CERTIFYING THE JOINT ADMINISTRATORS'**
**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)**

This matter coming before the Court on the Joint Request of Nortel Networks Inc.

and its affiliated debtors, as respective debtors and debtors in possession (collectively, the

"Debtors" or the "U.S. Debtors") and the Official Committee of Unsecured Creditors (the

"Committee") for certification of the Joint Administrators' Notice of Appeal [D.I. 10166]

directly to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C

§ 158(d)(2); and the Court having found that (i) the Court has jurisdiction over the matter

pursuant to 28 U.S.C. §§ 1334 and 157, (ii) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b), and (iii) notice of the Request was sufficient under the circumstances; and the Court

---

[1]      The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

having determined that the legal and factual bases set forth in the Request establish just cause for

the relief herein granted;

IT IS HEREBY ORDERED THAT:

1.      The Request is GRANTED as set forth herein.

2.      The Court certifies that an immediate appeal from the portions of the April

3, 2013 Order denying the Cross-Motion to Compel Arbitration and accompanying Opinion is

appropriate because an immediate appeal may materially advance the progress of the case and

because multiple parties have requested certification.

3.      The Court certifies that an immediate appeal from the interlocutory

portions of the April 3, 2013 Order and accompanying Opinion is appropriate because an

immediate appeal may materially advance the progress of the case and because the Order and

accompanying Opinion involve a matter of public importance.

4.      This Court thus certifies the Notice of Appeal pursuant to 28 U.S.C.

§ 158(d)(2).

5.      The Court suggests that expedition of any direct appeal regarding the

*Notice of Appeal* is appropriate and would facilitate resolution and materially advance the

progress of these cases.

Dated: _____, 2013
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                          :    Chapter 11
                                          :
In re                                     :    Case No. 09-10138 (KG)
                                          :
Nortel Networks Inc., et al.,1            :    Jointly Administered
                                          :
                    Debtors.              :    RE:  Docket Nos. 10244 and ____
------------------------------------------------------X
```

## ORDER CERTIFYING THE JOINT ADMINISTRATORS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)

This matter coming before the Court on the Joint Request of Nortel Networks Inc. and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "Debtors" or the "U.S. Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for certification of the Joint Administrators' Notice of Appeal [D.I. 10166] directly to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C § 158(d)(2); and the Court having found that (i) the Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1334 and 157, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) notice of the Request was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief herein granted;

---

1    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

01:13567792.1

IT IS HEREBY ORDERED THAT:

1.      The Request is GRANTED as set forth herein.

2.      The Court certifies that an immediate appeal from the ~~portion~~portions of the April 3, 2013 Order denying the Cross-Motion to Compel Arbitration and accompanying Opinion is appropriate because an immediate appeal may materially advance the progress of the case and because multiple parties have requested certification.

3.      The Court certifies that an immediate appeal from the interlocutory portions of the April 3, 2013 Order and accompanying Opinion is appropriate because an immediate appeal may materially advance the progress of the case and because the Order and accompanying Opinion involve a matter of public importance.

4.      This Court thus certifies the Notice of Appeal pursuant to 28 U.S.C. § 158(d)(2).

~~4.      This certification does not apply to *the Joint Administrators' Motion for Leave to Appeal from Order Approving Allocation Protocol*, filed April 17, 2013 [D.I. 10167].~~

5.      The Court suggests that expedition of any direct appeal regarding the *Notice of Appeal* is appropriate and would facilitate resolution and materially advance the progress of these cases.

Dated: _____, 2013
         Wilmington, Delaware

                              _____
                              THE HONORABLE KEVIN GROSS
                              CHIEF UNITED STATES BANKRUPTCY JUDGE