## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

                                               :
*In re*                                        :    Chapter 11
                                               :
Nortel Networks Inc., *et al.*,[1]             :    Case No. 09-10138 (KG)
                                               :
                            Debtors.           :    Jointly Administered
                                               :    **RE:  D.I. 9946, 9947, 10246, 10368**
                                               :
                                               :
-------------------------------------------------------- X

### JOINT MOTION FOR LEAVE TO FILE A REPLY (A) IN FURTHER SUPPORT OF THE JOINT MOTION FOR AN ORDER RETAINING JURISDICTION PENDING APPEAL AND (B) IN RESPONSE TO THE JOINT ADMINISTRATORS' OBJECTION TO JOINT MOTION FOR AN ORDER RETAINING JURISDICTION PENDING APPEAL AND CROSS-MOTION TO CONFIRM STAY PENDING APPEAL

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), together with the Official Committee of Unsecured

Creditors (the "Committee" and together with the U.S. Debtors, the "Movants") hereby move

this Court (the "Joint Motion for Leave"), for the entry of an order substantially in the form

attached hereto as Exhibit A, granting the Movants leave to file a reply (the "Reply"), in further

support of the Movants' *Joint Motion for an Order Retaining Jurisdiction Pending Appeal* [D.I.

10246] (the "Joint Motion to Retain Jurisdiction"), and in response to the *Joint Administrators'*

*Objection to Joint Motion for an Order Retaining Jurisdiction Pending Appeal and Cross-*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Motion to Confirm Stay Pending Appeal* [D.I. 10368] (the "Objection and Cross-Motion").[2]  In support of this Motion, the Movants respectfully represent as follows:

1.      On April 23, 2013, the Movants filed the Joint Motion to Retain Jurisdiction and the *Joint Motion for Entry of an Order Under 11 U.S.C. §§ 102(1) and 105, Fed. R. Bankr. P. 9006 and Bankr. D. Del. L.R. 9006-1(e) Shortening Notice Relating to the Joint Motion for an Order Retaining Jurisdiction Pending Appeal* [D.I. 10247], seeking to have the Joint Motion to Retain Jurisdiction heard on an expedited basis.

2.      On April 24, 2013, the Court entered the *Order Granting the Joint Motion for Entry of an Order Under 11 U.S.C. §§ 102(1) and 105, Fed. R. Bankr. P. 9006 and Bankr. D. Del. L.R. 9006-1(e) Shortening Notice Relating to the Joint Motion for an Order Retaining Jurisdiction Pending Appeal* [D.I. 10264], setting April 29, 2013 as the objection deadline for the Joint Motion to Retain Jurisdiction and setting a hearing for May 1, 2013 at 10:00 a.m. (the "Hearing").

3.      On April 29, 2013, the Joint Administrators filed the Objection and Cross-Motion.

4.      Rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") states that "[r]eply papers may be filed, and if filed, shall be served so as to be received by 4:00 p.m. Eastern Time the day prior to the deadline for filing the agenda."  Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.  Under the Local Rules, the deadline to file the agenda for the hearing was April 29, 2013 at 12:00 p.m., and the deadline to file the Reply was April 26, 2013 at 4:00 p.m.

---

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion to Retain Jurisdiction.

5.     Because the Objection and Cross-Motion was filed after the deadline for a reply under this Court's local rules, no reply is possible except by leave of the Court.

6.     The Movants hereby seek leave of the Court to file the Reply attached hereto as Exhibit B, to respond to the legal and factual arguments raised by the Joint Administrators. Under these circumstances, the Movants believe that ample cause exists to grant the Movants leave to file this brief Reply.

### Notice

7.     Notice of the Joint Motion for Leave has been given via electronic mail or facsimile to (i) the U.S. Trustee; (ii) counsel to the Joint Administrators; (iii) counsel to the ad hoc group of bondholders; (iv) the Canadian Monitor; and (v) counsel to the U.K. Pension Trust. The Movants submit that under the circumstances no other or further notice is necessary.

### No Prior Request

8.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Movants respectfully request that this Court (i) grant Movants leave to file the Reply; (ii) enter the proposed order attached as Exhibit A hereto; and (iii) grant the Movants such other and further relief as may be just and proper.

Dated:  April 30, 2013
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee*
*of Unsecured Creditors*

**EXHIBIT A**
**Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                       :
                                                       :    Chapter 11
                                                       :
In re                                                  :
                                                       :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                         :
                                                       :    Jointly Administered
                        Debtors.                       :
                                                       :    Re: D.I.  10246, 10368
                                                       :
-------------------------------------------------------X
```

## ORDER AUTHORIZING MOVANTS
## TO FILE A REPLY TO DOCKET ITEM 10368

Upon the motion (the "Joint Motion for Leave") of Nortel Networks Inc. and certain of

its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors")

and the Official Committee of Unsecured Creditors (the "Committee" and together with the U.S.

Debtors, the "Movants"), for entry of an order, as more fully described in the Joint Motion for

Leave, providing leave to file a reply (the "Reply") to the Objection and Cross-Motion and in

further support of the Joint Motion to Retain Jurisdiction; and it appearing that no other or

further notice is necessary; and the Court having jurisdiction to consider the Joint Motion for

Leave and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court

having determined that consideration of the Joint Motion for Leave is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their
petitions are available at http://dm.epiq11.com/nortel.

forth in the Joint Motion for Leave establish just cause for the relief requested in the Joint

Motion for Leave, and that such relief is in the best interests of the Debtors, their estates, their

creditors and the parties in interest; and upon the record in these proceedings; and after due

deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Joint Motion for Leave is GRANTED.

2.      The Movants are hereby granted leave to file the Reply.

3.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: _____, 2013           _____
        Wilmington, Delaware            THE HONORABLE KEVIN GROSS
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**
**Reply**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
                                                           :     Chapter 11
                                                           :
In re                                                      :     Case No. 09-10138 (KG)
                                                           :
Nortel Networks Inc., et al.,                              :
                                                           :     Jointly Administered
                          Debtors.                         :
                                                           :     Hearing Date:
                                                           :     May 1, 2013 at 10:00 a.m. ET
                                                           :
                                                           :     RE: D.I. 9946, 9947, 10246, 10368
                                                           :
-----------------------------------------------------------X
```

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
JOINT MOTION FOR AN ORDER RETAINING JURISDICTION
PENDING APPEAL AND IN RESPONSE TO THE JOINT ADMINISTRATORS'
OBJECTION TO JOINT MOTION FOR AN ORDER RETAINING JURISDICTION
PENDING APPEAL AND CROSS-MOTION TO CONFIRM STAY PENDING APPEAL**

The Movants respectfully submit this reply in further support of the Movants'

*Joint Motion for an Order Retaining Jurisdiction Pending Appeal* [D.I. 10246] (the "Joint

Motion"),[1] and in response to the *Joint Administrators' Objection to Joint Motion for an Order*

*Retaining Jurisdiction Pending Appeal and Cross-Motion to Confirm Stay Pending Appeal* [D.I.

10368] (the "Objection and Cross-Motion").  In reply to the Objection and Cross-Motion, and in

further support of the Joint Motion, the Movants respectfully represent as follows:

**ARGUMENT**

1.     The Movants agree with the Joint Administrators – up to a point – that the

Joint Motion and the Objection and Cross-Motion do not present the typical dispute over the

existence of an arbitration agreement.  This is not a situation where two parties – without any

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint
Motion.

prior Court involvement – entered into commercial negotiations that led to a contract, as to which a later dispute has arisen and the Court is being asked – after the fact – to determine whether the parties agreed to arbitrate that dispute.  Unlike in the typical situation and the situation described in all of the cases cited by the Joint Administrators, the Court is no stranger to the agreement in dispute.  Rather, because the US Debtors are subject to this Court's oversight, the Court was well aware of the context in which the IFSA was negotiated, and approved the IFSA before it became effective.  This Court is thus best positioned to know – to a certainty – whether when it approved the IFSA it intended to and did approve an arbitration agreement, which would have had the effect of divesting this Court of jurisdiction on the most important issue in this bankruptcy proceeding.[2]  The Court has ruled definitively that it did not approve an arbitration agreement when it approved the IFSA and it is now frivolous for the Joint Administrators to claim the Court misunderstood its own order.  This is in addition to the fact that the IFSA is, on its face, plainly not an arbitration agreement.

2.      As this Court is also aware, very early in these cases, a decision was made to sell all of the businesses and assets of the Nortel group.  These sales took place over a period of two years, pursuant to auctions supervised by this Court and the Canadian Court.  Before any sale took place, the Joint Administrators agreed, along with the US Debtors and the Canadian Debtors (and indeed any other selling corporate entity in the Nortel group) to not condition agreement to any sale on a particular allocation of sale proceeds.  The document containing this cornerstone agreement is the IFSA, the Interim Funding and Settlement Agreement, which was approved by this Court and the Canadian Court on June 29, 2009.  In reliance on the IFSA, a series of sales took place and approximately $7.5 billion in sale proceeds was generated.  The

---

[2]      As noted in the Joint Motion, the Bankruptcy Rules prohibit arbitration without this Court's consent.  See Fed. R. Bankr. P. 9019(c).

allocation of these sales proceeds is one of three gating items that is preventing the winding up of the US Debtors (the other two being resolution of the claims of the EMEA Debtors, on which the Joint Administrators' allocation theory is based, and the resolution of the claims of the UK Pension Parties, whose claims are even further attenuated, but premised on the same sort of unsupported allegations against the US Debtors on which the EMEA claims are premised).

3.      The Joint Administrators voluntarily participated in all of the major sales processes.  They and their representatives traveled to the United States and Canada repeatedly to participate in the lengthy and contentious negotiations over the sales.  Every sale was subject to an auction process, all held in New York.  Representatives of the Joint Administrators attended every auction.  Every sale was subject to a joint evidentiary hearing before this Court and the Canadian Court.  Representatives of the Joint Administrators attended every major sale hearing, both in Toronto and in Wilmington.  Every sale was approved by complementary orders entered by both courts, where both courts retained jurisdiction to jointly decide disputes.  The proceeds of every sale were deposited in accounts with JP Morgan Chase in New York subject to escrow agreements under which both courts retained jurisdiction to jointly decide disputes, including disputes involving the Joint Administrators.  This Court is entitled to take judicial notice of all of the foregoing as all of it took place before this Court and subject to this Court's express approval.

4.      The question presented by the Joint Motion and Objection and Cross-Motion boils down to a simple one – whether the Joint Administrators' appeal of the denial of their May 19, 2011, Cross-Motion to Compel Arbitration (the "Appeal") is frivolous and as such this Court should retain jurisdiction during the pendency of the Appeal.  *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007).  In the *Ehleiter* decision, the Third Circuit adopted the Seventh Circuit's decision in *Bradford-Scott Data Corp., Inc. v. Physician*

3

*Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir 1997), holding that a trial court can retain

jurisdiction over a pending matter, notwithstanding an appeal as of right under Section 16(a) of

the Federal Arbitration Act, 9 U.S.C. § 16(a), where the trial court determines that the appeal is

"frivolous or forfeited."

   5. The Joint Administrators' admit that their Appeal is based on their view

that the IFSA contained, in section 12(b), an agreement to arbitrate.  This view conflicts directly

with the decision of this Court, issued on April 3, 2013, [D.I. 9946] and the accompanying order,

issued on the same day, [D.I. 9947].   It also conflicts with the endorsement of the Canadian

Court issued on April 3, 2013.  The Joint Administrators protest that the definition of an appeal

requires that the appellant disagree with the decision of the trial court and that, in and of itself, is

not enough to satisfy the standard of frivolousness.  If mere disagreement were the end of the

inquiry, the Joint Administrators might have a point.  However, it is not the end of the inquiry.

   6. The IFSA is not a document created in a vacuum.  The IFSA is the central

document of these global insolvency proceedings.  Without the IFSA, there would have been no

sales, no auctions, no $7.5 billion.  The Nortel entities would have dissolved each in their own

jurisdiction and the assets would have been sold piecemeal for far less consideration.  There

would be no allocation dispute, but there would be far less money to satisfy creditors.  For this

reason alone, the IFSA is a very different sort of document.

   7. The IFSA was also a document that had no legal effect until it was

approved by an order of this Court.  Thus, the IFSA is a creature of this Court and of this Court's

inherent jurisdiction to issue orders relating to the Nortel US Debtors and to interpret those

orders.  The IFSA was negotiated in May, 2009 and approved by US and Canadian Courts on

June 29, 2009.  The Joint Administrators were present in the courtrooms in Toronto and

Wilmington when the IFSA was approved.  Never once during that entire approval process were the words arbitrate or arbitration used.  In fact, the US IFSA Order, which was subsequently recognized by the Canadian Court pursuant to section 18.6 of the CCAA, explicitly noted that no protocol was being approved and affirmatively required that the parties return for court approval of any protocol.  U.S. IFSA Order ¶ 8 [D.I. 993].  That requirement of subsequent approval is dispositive.  The IFSA contained no agreement to arbitrate, as the Joint Administrators recognized publicly when they admitted, long after the IFSA had been approved, that "in the event that it is not possible to agree on an arbitration process with the Canadian and U.S. entities, the process for determining the allocation of the sale proceeds is likely to be decided by the courts." *Supplemental Submission of U.S. Debtors and Official Committee of Unsecured Creditors on Allocation Protocol Issues* dated March 4, 2013, at 7 [D.I. 9570] (quoting Joint Administrators' second progress report to creditors, dated February 12, 2010).

       8.      With the IFSA being a creature of this Court, and after massive briefing and two lengthy joint hearings in June 2011 and March 2013, this Court issued its Opinion finding – without any doubt or hesitation – that the IFSA did not contain an agreement to arbitrate and that it did contain a dispute resolution clause pursuant to which the EMEA Debtors agreed to joint hearings before the US and Canadian Courts.  This Court made it clear that the parties did not even come close to an agreement to arbitrate in the IFSA.  Opinion at 12 ("[T]he parties did not even approach any agreement on arbitration.").  The language of this Court's opinion is clear, definitive and without doubt.  It is also entirely consistent with the language used by the Canadian Court, language which is important as the IFSA was also a creature of the Canadian Court (it having been subject as well to Canadian Court approval).   In the light of such strong language from the Courts that not only oversaw the Cross-Motion to Compel Arbitration,

but also approved the IFSA in 2009, there can no doubt that the Appeal is frivolous and that the "frivolous or forfeited" standard adopted in *Bradford-Scott* and *Ehleiter* to address appeals that have no basis and are calculated to delay and distract has been satisfied.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court (i) grant the Joint Motion; (ii) deny the Objection and Cross-Motion; and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  April 30, 2013
   Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

  - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

6

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee
of Unsecured Creditors*

7