IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
: RE: D.I.'s 24, 195, 371, 686, 1046, 1367, 2191, 2349, 2830,
: 3744, 4027, 4258, 4388, 4464, 5069, 5666, 5875, 5915, 6951,
: 7359 8028 and 9263
---------------------------------------------------------- X


**TWENTY-SECOND SUPPLEMENTAL DECLARATION OF JAMES L. BROMLEY
IN SUPPORT OF APPLICATION AUTHORIZING EMPLOYMENT AND
RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP
<u>AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION</u>**

    I, JAMES L. BROMLEY, do hereby declare as follows:

    1.    I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>" or the "<u>Firm</u>") which maintains an office for the practice of law, among other places, at One Liberty Plaza, New York, New York 10006. I am an attorney at law admitted to practice before the courts of the State of New York, the United States Court of Appeals – Second, Third and Ninth Circuits, and the United States District Courts for the District of New Jersey and the Eastern and Southern Districts of New York.

    2.    I submit this declaration (the "<u>Twenty-Second Supplemental Declaration</u>") to supplement the Application For an Order Authorizing Employment and Retention of Cleary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Gottlieb Steen & Hamilton LLP <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date [D.I. 24] (the "<u>Application</u>")[2], filed on January 14, 2009 (the "<u>Petition Date</u>"), the declaration of James L. Bromley in support of and annexed as Exhibit A to the Application (the "<u>Initial Declaration</u>"), the Supplemental Declaration of James L. Bromley in support of the Application [D.I. 195] (the "<u>First Supplemental Declaration</u>"), filed on February 2, 2009, the Second Supplemental Declaration of James L. Bromley in support of the Application [D.I. 371] (the "<u>Second Supplemental Declaration</u>"), filed on February 25, 2009, the Third Supplemental Declaration of James L. Bromley in support of the Application [D.I. 686] (the "<u>Third Supplemental Declaration</u>") filed on May 1, 2009, the Fourth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 1046] (the "<u>Fourth Supplemental Declaration</u>") filed on July 8, 2009, the Fifth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 1367] (the "<u>Fifth Supplemental Declaration</u>") filed on August 24, 2009, the Sixth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2191] (the "<u>Sixth Supplemental Declaration</u>") filed on December 22, 2009, the Seventh Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2349] (the "<u>Seventh Supplemental Declaration</u>") filed on January 26, 2010, the Eighth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2830] (the "<u>Eighth Supplemental Declaration</u>"), filed on April 2, 2010, the Ninth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 3744] (the "<u>Ninth Supplemental Declaration</u>"), filed on July 28, 2010, the Tenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4027] (the "<u>Tenth Supplemental Declaration</u>"), filed on September 27, 2010, the Eleventh Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4258] (the

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

"Eleventh Supplemental Declaration"), filed on November 8, 2010, the Twelfth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4388] (the "Twelfth Supplemental Declaration"), filed on November 22, 2010, the Thirteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4464] (the "Thirteenth Supplemental Declaration"), filed on December 2, 2010, the Fourteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5069] (the "Fourteenth Supplemental Declaration"), filed on March 4, 2011, the Fifteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5666] (the "Fifteenth Supplemental Declaration"), filed on June 13, 2011, the Sixteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5875] (the "Sixteenth Supplemental Declaration"), filed on July 5, 2011, the Seventeenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 5915] (the "Seventeenth Supplemental Declaration"), filed on July 8, 2011, the Eighteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 6951] (the "Eighteenth Supplemental Declaration"), filed on December 9, 2011, the Nineteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 7359] (the "Nineteenth Supplemental Declaration"), filed on March 9, 2012, the Twentieth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 8028] (the "Twentieth Supplemental Declaration") and the Twenty-First Supplemental Declaration of James L. Bromley in support of the Application [D.I. 9263] (the "Twenty-First Supplemental Declaration").

3. As set forth in the Initial Declaration, in order to ensure compliance with the requirements of chapter 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of

professionals by the Debtors, Cleary Gottlieb undertook to determine whether Cleary Gottlieb had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.  Specifically, I directed a list (the "Conflicts Check List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key creditors of the Debtors and their respective counsel, and (iv) certain other parties in interest in these chapter 11 cases and their respective counsel be submitted to the Firm's Records Department.  Cleary Gottlieb's Records Department ran a computerized check of each of these persons or entities against the Firm's client database (the "Client Database") to determine which persons or entities, if any, Cleary Gottlieb currently represents ("Current Clients") or has represented in three years prior to the Petition Date ("Former Clients").  A list of Current Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit II.  A list of Former Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit III.

4. As set forth in the Application, Cleary Gottlieb has updated and will continue to update periodically its conflicts review during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

5. In connection with the twenty-second such periodic review, I directed the Firm's Records Department to run a computerized check of (i) persons or entities that have filed Notices of Appearance in these chapter 11 cases as of April 22, 2013 but were not included in prior periodic reviews, and (ii) persons or entities that were claims transferees in these chapter 11 cases as of April 22, 2013, but were not included in prior periodic reviews against the Firm's

Client Database to determine which persons or entities, if any, are Current Clients or Former Clients of Cleary Gottlieb.

6. I am submitting this Twenty-Second Supplemental Declaration to update prior disclosures made regarding International Business Machines Corporation ("IBM"), and its affiliates. In the Initial Declaration, I disclosed that the Firm represents IBM Europe SA and affiliates. In the Tenth Supplemental Declaration, I disclosed that the Firm represents IBM, and that IBM granted a limited conflict waiver with respect to the Firm's representation of Nortel Networks Inc. ("NNI") and Nortel Altsystems Inc. in connection with IBM's Agreement and Plan of Merger with Blade Network Technologies, Inc. (the "Merger"). I further disclosed that in the event any adversary proceeding is required to be commenced as to IBM in connection with the Merger, Morris, Nichols Arsht & Tunnell LLP ("MNAT") will handle such matters, and that MNAT is also representing the Debtors in connection with claims filed by IBM against the Debtors.

7. As the Court is aware, the Debtors have sought approval to enter into a term sheet and sublease (the "Proposed Sublease") with IBM for unused space available at a facility leased by NNI in Raleigh, North Carolina [D.I. 10325] (the "Sublease Approval Motion"). The Court is scheduled to hear the Sublease Approval Motion on May 7, 2013. IBM has granted a limited conflict waiver with respect to Cleary Gottlieb's representation of NNI in connection with the proposed sublease and Sublease Approval Motion.

8. Cleary Gottlieb has fully informed the Debtors of its ongoing representation of IBM and the Debtors have consented to the Firm's continued representation of IBM in matters unrelated to these proceedings. Cleary Gottlieb believes that its representation of IBM in matters wholly unrelated to these chapter 11 proceedings is not adverse to the Firm's representation of

the Debtors in the above-captioned bankruptcy cases. In the event that any adversary proceeding is required to be commenced as to IBM in connection with the Proposed Sublease, MNAT will handle such matters.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2013.

_____
JAMES L. BROMLEY