## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.* | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re Dkt Nos. 9916** |

**MEMORANDUM ORDER DENYING MOTION OF STEPHEN PAROSKI FOR
ORDER OF SUCCESSOR ERICSSON, INC. AND TELEFONAKTIEBOLAGET
LM ERICSSON (PUBL) PURCHASERS OF GSM DIVISION OF NORTEL
NETWORK PAY RELIEF TO STEPHEN RAY PAROSKI I IN THE AMOUNT
OF THREE HUNDRED TWENTY ONE THOUSANDS AND NINE HUNDER
AND SIXTY FOUR DOLLAR PLUS ONE HUNDER THOUSAND DOLLAS
<u>IN PUNDIT DAMAGES $321,964.97 + $100,000.00 = $421,964.00</u>[1]**

1.    The "Motion of Stephen Paroski for the Order of Successor Ericsson, Inc. And

Telefonaktiebolaget LM Ericsson (Publ) Purchasers of GSM Division of Nortel Network Pay Relief

to Stephen Ray Paroski I in the Amount of Three Hundred Twenty One Thousands and Nine Hunder

and Sixty Four Dollar Plus One Hunder Thousand Dollas in Pundit Damages $321,964.97 +

$100,000.00 = $421,964.00" [Docket No. 9916] (the "Motion") is before the Court.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334.

3.    The movant ("Mr. Paroski") is an employee of Nortel Networks, Inc. ("NNI")

currently receiving certain benefits provided to long-term disabled individuals. The Motion,

although not entirely clear, appears to seek relief from this Court based on the failure of

Telefonaktiebolaget LM Ericsson ("Ericsson") to hire Mr. Paroski when it acquired the GSM assets

from the Debtors. For the reasons stated below, the Court will deny the Motion with prejudice.

---

[1] The Court has repeated the numerous errors in the title of the Motion.

4.    Mr. Paroski cannot state a viable claim related to the transfer of employees under the GSM sale agreement. Both active and inactive employees (including employees on disability leave and other types of absences) were offered employment with Ericsson, provided that disabled employees had to be capable of returning to work within 90 days following the closing of the sale. To the extent Mr. Paroski was disabled and unable to commence working for Ericsson at the time of the closing of the sale, no discrimination claim could arise based on Ericsson's not hiring him. *See Holtzclaw v. DSC Comms. Corp.*, 255 F.3d 254, 260-61 (5th Cir. 2001) (holding that qualification for the position sought is an element of a prima facie claim under section 510).

5.    Mr. Paroski previously sued Ericsson in the Northern District of Texas contending that it was liable to him for violating numerous federal statutes including the Employee Retirement Income Security Act ("ERISA") and the Americans with Disabilities Act ("ADA"). *See Stephen Paroski* v. *Ericsson. Inc. and Telefonaktiebolaget LM Ericsson (Publ)*. Case No.: 3:12-cv-00210-N-BF (N.D. Tex. filed January 20, 2012). The U.S. District Court for the Northern District of Texas dismissed the case.

6.    It appears that Mr. Paroski is requesting that the Court award him $421,964 simply because Ericsson purchased certain assets from Nortel, thereby, in his opinion, creating a basis to find successor liability.  Motion, pp. 2-3. Mr. Paroski seems to be arguing that he should be paid because courts have found a buyer of assets liable to individuals who have claims against the seller prior to the sale. *Id.* at 2-4. This successor liability theory requires the existence of, among other things, a claim. Absent notice of a claim, there is no liability. *See Brzozowski* v. *Carr. Physician Servs.,* 360 F.3d 173, 178 (3d Cir. 2004) (holding that notice of claims to the successor-employer is required in order to impose liability, but finding that notice was not an issue because the sale

2

agreement specifically referred to plaintiffs claim); *Rojas* v. *TK Communs.*, 87 F.3d 745, 750 (5th Cir. Tex. 1996). Mr. Paroski also cannot show there are any damages. Mr. Paroski remains a Nortel employee and has been receiving LTD benefits.

7.      To the extent Mr. Paroski raises complaints regarding the terms of the Sale Agreement between Nortel and Ericsson, those claims are barred by the Sale Order. See *Order Authorizing and Approving Sale of Debtors GSM/GSM-R Free and Clear of all Liens. Claims and Encumbrances* (the "Sale Order"), dated December 3, 2009 [D.I. 2065]; *Notice of Filing of Successful Bid,* dated November 27,2009 [D.I. 2018]; *Asset Sale Agreement by and Among Nortel Networks Corporation. Nortel Networks Limited, Nortel Networks Inc. and the other Entities Identified Herein as Sellers and Telefonaktiebolaget L M Ericsson (Publ)* (the "Sale Agreement"), dated as of November 24, 2009 [D.l. 2018], Ex. AJ. Mr. Paroski did not appear or object to either the proposed sale or bidding procedures approved by the Court, or to the proposed Sale Agreement or the Sale Order.

For the reasons set forth above,

1.      The Court hereby denies the relief sought by the Motion, with prejudice.

2.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

SO ORDERED.

Dated: May 2, 2013

KEVIN GROSS, U.S.B.J.