**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |
| | ) Objection Deadline: June 3, 2013 at 10a.m. |
| | ) Hearing Date:    June 13, 2013 at 10 a.m. |
| | RE:    Docket #s 8067, 9304, 9427 |

## DENNIS WAYNE BULLOCK, NORTEL US LTD EMPLOYEE, MOTION COMPELLING DEBTORS TO ISSUE PAYMENT FOR SEVERANCE PER NORTEL NETWORKS SEVERANCE ALLOWANCE PLAN

DENNIS WAYNE BULLOCK, a US Long-Term Disabled (LTD) Employee, of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this motion compelling Debtors to issue payment for Severance per Nortel Networks Severance Allowance Plan. In support of this Motion, I respectfully represent as follows:

## BACKGROUND

1. On June 22, 2011, the Court signed an "Order Appointing an Official Committee of Long-Term Disability Participants". [D.I. 5790]

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2. On May 7, 2012 the Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or Otherwise Settle Claims Of Employees Terminated Post-Petition". [D.I. 7617] This Motion was approved by the Court on May 24, 2012. [D.I. 7685]

3. On July 30, 2012 the Debtors filed "Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees". [D.I. 8067]

4. On January 18, 2013, the Debtors and the LTD 1102 Committee filed a Joint Motion "Joint Motion Pursuant to 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 To (I)(A) Preliminarily Approve The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certify A Class For Settlement Purposes Only, (C) Approve The Notice, Procedures, And (D) Schedule A Fairness Hearing; And (II)(A) Finally Approve The Settlement Agreement, (B) Finally Certify A Class, (C) Authorize The Debtors To Terminate The LTD Plans, And (D) Grant Related Relief". [D.I. 9304]

5. Exhibit A of the aforementioned Joint Motion presents the terms of the "Settlement Agreement". This is on record in the Court Docket, D.I. 9304.

6. On February 14, 2013, the order preliminarily approving the LTD Settlement was signed: "Order (A) Preliminarily Approving The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certifying A Class For Settlement Purposes Only, (C) Approving The Notice Procedures, (D) Scheduling A Fairness Hearing And (E) Granting Related Relief". [D.I. 9427]

## RELIEF REQUESTED

7. Contingent upon my termination, currently projected as being effective May 31, 2013 - I request the Debtors issue payment for Severance, per the Nortel Networks Severance Allowance Plan, in the amount of $ 47,349.

## BASIS FOR RELIEF

8. Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or Otherwise Settle Claims Of Employees Terminated Post-Petition". [D.I. 7617] Per paragraph 11 of this Motion: *"Specifically, by this Motion, the Debtors are seeking the approval of Settlement Procedures that will permit the Debtors to resolve claims of Employees terminated from employment by the Debtors following the Petition Date (including the priority, classification and amount of the claims). Such claims primarily include, but are not limited to, claims under the Nortel Networks Severance Allowance Plan and the Nortel Networks Enhanced Severance Allowance Plan ... "*. This demonstrates the Debtors intent to recognize the validity of employee claims under the Nortel Networks Severance Allowance Plan.

9. Debtors filed "Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees". [D.I. 8067] Per Paragraph 12 of this Motion: *"The benefits currently enjoyed by the LTD Employees, such as income continuation, as well as the specific medical benefits provided under the LTD Plans, are not available to Retirees. In order for an individual to have been eligible to receive short-term and long-term disability benefits (and thus be eligible to*

*receive Benefits under the LTD Plans), he or she would have to have been "regular Employee working 20 or more hours per week" at the time of disability."* This is a clear positioning on Debtors part that they do not consider me, an LTD Participant, to be a Retiree. Further, the Debtors recognize in their Motion that a current LTD Participant meets the requirements of having been either a Part-time or Full-time Employee at the time of disability to have ever qualified to receive LTD benefits.

10. Per the "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan Description 2010" (Exhibit A), the Debtors identify that the Severance Plan applies to a Full or Part-time Employee and identifies that an authorized / medical leave of absence, which is what Long-term Disability is, is not considered an interruption in that employment. Therefore an LTD Participant is per the Debtors own criteria, a Full or Part-time Employee dependent on the number of hours they worked at the time of their disability. Indeed, they calculate the Severance due based on that continuity of employee service. Supporting excerpts from the Severance Allowance Plan follow:

   a. <u>Question#1:</u> *"Does the Plan cover me? The Plan covers you if you are a Full-time or Part-time Employee of Nortel Networks Inc. (NNI) ... ".*

   b. <u>Question#8:</u> *"Severance Allowance Benefits, How much will my severance allowance be? Your severance allowance is normally equal to four weeks of your "base weekly salary", plus one additional week of that "base weekly salary" for each year of Service."*

   c. <u>Question#9:</u> *"How is my length of Service determined? Your Service is the total periods of employment with an Employer or Affiliate. ... In calculating years of Service, a partial year of service exceeding six (6) months constitutes a full year*

*of Service. Service is counted on based on your service anniversary date (not calendar year). ... Medical and authorized leaves of absence are not considered to be "breaks" in employment."*

11. Additional documentation issued by the Debtors to support the fact that an LTD Participant is designated a Full-time Employee by the Debtors was produced when the Debtors issued termination notices of the LTD Plan and Employment in June 2010, (Exhibit B – "HR Shared Services U.S. – Termination Notification"). The following points were documented within their context:

   a. Employee Status is noted as "Full time".

   b. Employment is noted as being terminated due to a *"workforce reduction"*, *"There are no jobs to return to"*.

   c. LTD Participants are offered Severance Allowance upon termination of the LTD Plan and Employees within this notice; <u>that offering reflected the accumulation of years of service while on LTD per Nortel Networks Severance Allowance Plan</u>.

   d. Page 8, point (E) asks for a Voluntary Waiver of all Benefits under the Nortel Networks Severance Allowance Plan <u>in the sole instance</u> that Employee wishes to commence coverage under Retiree Income Plan and Retiree Medical Plan. LTD Participants have Never been requested to sign such a waiver of their Severance Allowance contractually promised under the Severance Allowance Plan.

12. The Debtors adamantly position to-date that an LTD Participant is indeed an Employee and argue that an LTD Participant is not a Retiree. The very fact that an 1102 Committee was established to represent the LTD Participants versus an 1114 Committee corroborates this reality. [D.I. 5790]

13. The Settlement Agreement presented via Joint Motion [D.I. 9304] explicitly excludes claims arising under Severance Allowance Plans as being able to be released or expunged by the Debtor. Please see D.I. 9304, Exhibit A of that Docket, p. 24:

*"For the avoidance of doubt, LTD Claims shall exclude the following claims, if any, and any and all defense thereto, which claims shall not be enforceable against or recoverable from the LTD General Unsecured Claim or proceeds thereof, the Settlement Amount, the LTD Committee, or their advisors, in each case as their capacity as such (and which claims collectively shall be referred to as "Excluded Claims"):"* .... *"Claims arising under or relating to the Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including fringe benefits"*.

14. The Settlement Agreement presented via Joint Motion [D.I. 9304] provides for partial compensation for loss of LTD benefits; i.e. it is a compromise but certainly does not provide for full income replacement. Further, there is no allocation of funds for the Severance component of employee benefits within the context of the Settlement Agreement.

15. I, as a Nortel Networks employee, am entitled to Severance as contractually promised per the Nortel Networks Severance Allowance Plan.

16. I entered employment with Nortel Networks on JULY 09, 1984.

17. As of May 31, 2013, I will have accrued 33 weeks of Severance.

18. My base weekly salary is $ 74,610.

19. Effective upon my termination, I request the Debtors issue payment for my Severance in the amount of $ 47,349.

## NOTICE

1.  Notice of this Motion has been provided to the US Bankruptcy Court, Delaware and the Debtors Counsel, Cleary, Gottlieb, Steen & Hamilton LLP via first class mail. Other parties will receive notice through the Court's electronic filing system. I respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, DENNIS WAYNE BULLOCK, signed herein respectfully requests this Court grant this Motion and relief request herein compelling the Debtors to issue payment for Severance per Nortel Networks Severance Allowance Plan.

Dated: March 21/2013

DENNIS WAYNE BULLOCK
3557 JACOBS ROAD
STEM, NC 27581

*Appearing Pro Se*

## EXHIBITS

- **Exhibit A** – "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan Description 2010"

- **Exhibit B** – "HR Shared Services U.S. – Termination Notification", 2010