## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.*, | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt Nos. 10246** |

### MEMORANDUM OPINION

Issue: Is the pending appeal from the Order denying submission to arbitration frivolous and thereby does not divest the Court of jurisdiction?

Holding: Yes, because (1) the agreement at issue plainly did not call for arbitration and (2) the circumstances dictate that the underlying dispute proceed.

_____

### BACKGROUND

On April 3, 2013, the Court issued an Opinion [D.I. 9946] and Order [D.I. 9947] granting the Debtors' and Creditors Committee's Joint Motion For Entry of an Order, Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief (the "Motion") [D.I. 5307], and denying the Objection to the Motion and Cross-Motion to Compel Arbitration (the "Cross-Motion") of the Joint Administrators' of the non-U.S. and Canadian parties (the "EMEA Debtors"). Both the Court and the Canadian Court held, in strong terms, that the parties never agreed to arbitration in the controlling document.

The EMEA Debtors have appealed the Order (the "Appeal") and claim that the Appeal divests the Court of jurisdiction. The Court has certified the Appeal to The Third Circuit Court of Appeals (the "Court of Appeals") at the request of the Debtors, with the approval of the EMEA

Debtors, because the Appeal satisfies one of the statutory requirements for certification.

The Debtors have filed a Joint Motion for an Order Retaining Jurisdiction Pending Appeal (the "Jurisdiction Motion"), arguing that because the Appeal is frivolous, the Court retains its jurisdiction. This is the Court's opinion on the Jurisdiction Motion.

## **DISCUSSION**[1]

The progress of these bankruptcy cases and the distribution of in excess of $7 billion have been tied in knots seemingly forever. The Motion was filed over two years ago in order to place the issue of how to allocate the proceeds of successful sales in a trial posture before the Court and the Canadian Court. The Motion was met by the EMEA Debtors' insistence on arbitration in the Cross-Motion. The Court and the Canadian Court then directed the parties to mediation, which proved unsuccessful. Following the failed mediation, the Court and the Canadian Court issued rulings that they were the proper forums for the allocation trial, not arbitration. But instead of cooperating to establish a discovery and trial protocol, the EMEA Debtors took the Appeal and insisted that the Court no longer has jurisdiction while the Appeal is pending. If the EMEA Debtors are correct, the Court has no authority to manage the claims and allocation dispute. The Canadian Court has issued a scheduling order.

The asserted basis for the divestiture of jurisdiction is *Elheiter v. Grapetree Shores, Inc.*, 482 F. 3d 207, 215, n.6 (3d Cir. 2007), indicating that an appeal from a decision to deny a motion to compel arbitration "automatically deprives the trial court of jurisdiction until such time as the appeal

---

[1] The Court's reasons for its holding that the agreement at issue, the Interim Funding and Services Agreement (the "IFSA") did not provide for arbitration are stated in detail in the Opinion and the Court will not repeat them here. The Court found that it was indisputable that the parties did not agree on arbitration in the IFSA and the Court did not consider arbitration when it approved the IFSA. The holding is the starting point for this decision.

is fully litigated or determined to be frivolous or forfeited."  The Court of Appeals based its ruling on the Federal Arbitration Act, 9 U.S.C. §16(a).  *See also Nagle v. Alspach*, 8 F.3d 141, 145-46 (3d Cir. 1993), explaining that a frivolous appeal "lacks colorable support or is wholly without merit."  There are a number of other federal courts which share the view of the Court of Appeals.  *See*, *e.g.*, *Cohen v. Ernst & Young LLC (In re Friedman's, Inc.)*, Bankr. No. 05-40129, Adv. No. 07-4043, 2007 WL 7647111, at *1 (Bankr. S.D. Ga. June 26, 2007); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-53 (11th Cir. 2004) (*per curiam*).

Normal circumstances might lead the Court to conclude that the Appeal is not frivolous.  It comes after vigorous litigation over whether or not the Interim Funding Settlement Agreement ("IFSA") requires arbitration, which is the issue the Court decided against the EMEA Debtors in the Opinion and which is the subject of the Appeal.  This is, however, a unique situation.

The Court believes strongly in the correctness of the Opinion and is joined in that by the Canadian Court, which made the same ruling.  It is not arrogance or the inability to recognize that an appellate court should and will have the opportunity to review the Court's holding.  Indeed, the Court has certified a direct appeal to the Third Circuit.[2]  The Court's reasons for concluding that the Appeal is frivolous are:

1. The Canadian Court arrived independently at the same conclusion that the IFSA does not provide for arbitration.

---

[2] At oral argument, the Court asked Debtors' attorney, not facetiously although the question drew some laughter, how he thought the Court of Appeals would react to the certification of a frivolous appeal.  The lawyer for the Debtors' explained that the basis for certification, and a statutory ground for certification, is that certification may "materially advance the progress of the case or proceeding. 28 U.S.C. § 158(d)(2)(A)(iii).

2.  Unlike the more common situation in which a court must determine whether a contract between parties provides for arbitration, here the Court approved the contract, the IFSA, before it became effective. As the Court stated definitively in the Opinion, the IFSA presented to and requiring Court approval did not provide for arbitration.

3.  In a prior decision, the Court of Appeals indicated the significance of promptly moving these cases forward to disposition. In *In re Nortel Networks, Inc.*, 669 F.3d 128 (3d Cir. 2011), the Court of Appeals affirmed the Court's and the District Court's decisions that the automatic stay applied to proceedings brought by a foreign debtor. The applicability of the Court of Appeal's decision to the instant dispute is what the Court of Appeals said in commentary under the heading "Additional Comments," as follows:

> We are concerned that the attorneys representing the respective sparring parties may be focusing on some of the technical differences governing bankruptcy in the various jurisdictions without considering that there are real live individuals who will ultimately be affected by the decisions being made in the courtrooms. It appears that the largest claimants are pension funds in the U.K. and in the United States, representing pensioners who are undoubtedly dependent, or who will become dependent, on their pensions.

*Id.* at 143 (footnote omitted). The Court of Appeals then expressed hope and confidence that the then upcoming mediation before Chief Justice Winkler of Ontario, Canada, would succeed. It did not, and we are now approximately 16 months later without significant progress in the allocation dispute. The Court has taken to heart the Court of Appeals' admonition.

4.  The EMEA Debtors' claims litigation will proceed and the interrelationship with allocation mandates they proceed at the same time. The Appeal does not divest the Court of jurisdiction over the claims issues.

    These cases have been pending for over four years and while great progress has been made toward a confirmed plan, the final and largest hurdles remain -- the trial of the EMEA claims and the allocation of the proceeds from the assets sales. The Canadian Court has set a trial date and the Court wants to coordinate its schedule for joint trial dates. The parties will be hard pressed to complete discovery and prepare for trial, particularly if the Court loses jurisdiction even briefly. Such a delay will make the preparations difficult, if not impossible. Both courts have coordinated and cleared their calendars for an extended time period to accommodate trial. Although the Court might normally be reluctant to label an appeal "frivolous" because it strikes a harsh note, in this case were the Court to fail to rule in accordance with its conviction that the Appeal is frivolous, it would punish the non-appealing parties and, most troubling, creditor claimants.

## CONCLUSION

    The Court finds the Appeal is frivolous and thus the Court retains jurisdiction.

Dated: May 7, 2013

*/s/ Kevin Gross*
KEVIN GROSS, U.S.B.J.