# **Exhibit B**

# **LITIGATION TIMETABLE**

Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol, it is hereby ordered:[1]

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 14 | Any Core Party who wishes to participate in the Allocation dispute shall serve a pleading or opening submission styled "Allocation Position of [●]" which will set out with reasonable particularity the relief sought with respect to allocation, the material facts relied upon and legal bases for the allocation position being advanced by that Core Party by May 14, 2013 and file the same within the next business day. | The US Claims Defendant Group shall file and serve their responses to the US Claims | The EMEA Debtors and the UK Pensions Claimants shall deliver Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order, respectively, with reasonable particularity, the relief sought, material facts relied upon and legal bases for the challenges to the disallowances of claims being advanced at the Joint Hearing ordered by the Ontario Superior Court of Justice. |
| May 28 | | | With respect to the Canadian Claims, each Disputing Creditor shall receive from the Monitor and the Canadian Debtors, by May 28, 2013, a response to such Disputing Creditor's Affirmative Pleading setting forth, with reasonable particularity, the grounds for the |

---

[1]   Capitalized terms shall have the meaning ascribed to them in the Allocation Protocol and Annex A attached hereto.

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | | | disallowance, the material facts relied upon and the legal bases for the disallowance |
| May 22 | Deadline for service of limited and specific for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group. | Deadline for service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group. | Deadline for service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group. |
| May 22 | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group, without prejudice to an Allocation Group's right to later serve contention interrogatories, as to be discussed and/or resolved by the Courts. | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. | |
| May 16 | The Discovery Participants shall aim to reach agreement on a Confidentiality Stipulation and Protective Order as soon as possible. To the extent the Discovery Participants are unable to agree on a Confidentiality Stipulation and Protective Order, May 16 is the deadline for the Discovery Participants to file their versions of the Confidentiality Stipulation and Protective Order with the Courts. | | |
| May 28 | The US Debtors, UCC, EMEA | | |

2

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
|  | Debtors, Joint Administrators, Canadian Debtors, Monitor, Bondholder Group, and any other Core Party who filed an opening submission may each file and serve a response to any opposing Core Party's opening submission or designate its opening submission as a cross-response.  Each of the responses may be made individually, jointly, and/or by joining another Core Party's response. |  |  |
| May 24 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. |  |  |

3

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| June 3 or as soon thereafter | In-person meet and confer between the Discovery Participants regarding the discovery requests and interrogatories served, procedures governing the production of documents, and any other issues that have arisen thereof. | | |
| June 12 | Deadline for responses and objections to document requests and objections to interrogatories in accordance with the Discovery Plan. | | |
| June 12 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. | | |
| July 3 | Production of documents to be completed in accordance with the Discovery Plan. | | |
| July 12 | Deadline to file motions to compel and/or motions for a protective order with respect to document discovery. Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| July 8 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. |
| July 12 | Deadline for each of the Canadian Allocation Group, the EMEA | Deadline for each of the US EMEA Claimants Group, the UK | Deadline for each of the Canadian EMEA Claimants Group, the UK |

4

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | Allocation Group, and the US Allocation Group to serve on any opposing Core Party the topics on which that Core Party's representative is to be examined or deposed in accordance with the Discovery Plan. | Pension Claimants, and the US Claims Defendant Group to serve on any opposing Claim Party and/or a member of the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) in accordance with the Discovery Plan. | Pension Claimants, and the Canadian Claims Defendant Group to serve on any opposing Claim Party and/or a member of the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in accordance with the Discovery Plan. |
| July 12 | Deadline for parties to designate witnesses to be examined or deposed, subject to later additions for the reasons set forth in the Discovery Plan. Each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (3) the US Allocation Group and the US Claims Defendant Group together may designate a limited number of fact witnesses for examination or deposition in accordance with the Discovery Plan. | | |
| July 17 | Deadline for each Core Party that is timely served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for oral examination or deposition. | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for deposition. | Deadline for each Canadian Claim Party that is timely served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure to identify its representative for an oral examination. |
| September 13 | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |
| September 27 | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions | Deadline to complete witness depositions and cross examinations on previously filed affidavits/witness statements being |

5

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | prior to any representative party examinations or Rule 30(b)(6) depositions. | prior to any Rule 30(b)(6) depositions. | tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to representative party examinations. |
| October 4 | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| November 1 | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| December 6 | Deadline to complete depositions of experts in accordance with the Discovery Plan. | | |
| December 9 | Deadline to file a list of all witnesses and exhibits that each Discovery Participant intends to rely upon as part of its direct case. | | |
| December 13 | Deadline to file motions in limine. | | |
| December 13 | Deadline for filing of opening written submissions with the Courts.  Such submissions will include<br><br>a) Pre-trial briefs;<br><br>b) All fact affidavits to be used as direct testimony;<br><br>c) All exhibits to be used in a Discovery Participant's direct case; and<br><br>d) All deposition testimony to be used in a Discovery Participant's direct case. | | |
| Week of December 16, if the Courts desire | Pre-Trial Conference(s) –<br><br>By this date, the Core Parties shall have met and conferred with an effort to reach agreement on: | Pre-Trial Conference(s) –<br><br>By this date, the US Claim Parties and the Canadian Claims Defendant Group shall have met | Pre-Trial Conference(s) –<br><br>By this date, the Canadian Claim Parties and the US Claims Defendant Group shall have met |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | a) the undisputed facts to be agreed upon for trial; and<br><br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing.<br><br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the exhibits for use at the Joint Hearing.<br><br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the contents of document briefs for use at the Joint Hearing.<br><br>All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. |
| Begins January 6, 2014 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii).  The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims. | | |
| Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz.  Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause. | | | |

**ANNEX A**

**DEFINITIONS**

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the Allocation Protocol.

Allocation Group:  Any of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

Bondholder Allocation Group:  The Bondholder Group.

Canadian Allocation Group:  The Canadian Debtors, the Monitor, and the CCC.

Canadian Claim Party:  Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.

Canadian Claims:  Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.

Canadian Claims Defendant Group:  The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.

Canadian EMEA Claimants Group:  The EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension Claimants who made claims against NNC and NNL.

Claim Group:  Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.

Discovery Participant:  Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Discovery Plan:  The Discovery Plan that will be entered by the Courts.

Disputing Creditor: Any party who has delivered an Affirmative Pleading to dispute the disallowance of its claim by the Monitor and the Canadian Debtors.

EMEA Allocation Group: The UK Pension Claimants, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.), and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited.

Identification Interrogatories: Interrogatories seeking identification of (i) the names, roles and last known contact information of witnesses with knowledge of information relevant to the subject matter of Allocation, EMEA Claims or UK Pension Claims, (ii) information sufficient to identify transactions upon which any positions, claims, and/or defenses of the recipient of the interrogatory rely.

Representatives: Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

US Allocation Group: The US Debtors and the Committee.

US Claims: Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.

US Claims Defendant Group: The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.

US EMEA Claimants Group: The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks AS, Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France SA, Northern Telecom PCN limited.

US Claim Party: Any party in the US EMEA Claimants Group or the US Claims Defendant Group, or the UK Pension Claimants.