IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                         :    Chapter 11
                                                                :
Nortel Networks Inc., *et al.*,[1]                              :    Case No. 09-10138 (KG)
                                                                :
           Debtors.                          :    Jointly Administered
                                                                :
                                                                :
---------------------------------------------------------------X

**JOINT MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1)
AND 105, FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e)
SHORTENING NOTICE FOR THE EMERGENCY JOINT MOTION FOR
ENTRY OF AN ORDER (I) ESTABLISHING TUESDAY MAY 14, 2013
AS THE DEADLINE FOR OPENING ALLOCATION SUBMISSIONS AND
(II) SETTING A JOINT HEARING DATE WITH THE CANADIAN COURT THIS
WEEK TO ESTABLISH A LITIGATION TIMETABLE AND DISCOVERY PLAN**

Nortel Networks Inc. and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "Debtors" or the "U.S. Debtors"), and the Official Committee of Unsecured Creditors[2] (the "Committee," and together with the US Debtors, the "U.S. Interests"), hereby move this Court (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Emergency Motion (as defined below).

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice to allow the *Emergency Joint Motion for Entry of an Order (I) Establishing Tuesday, May 14, 2013 as the Deadline for Opening Allocation Submissions and (II) Setting a Joint Hearing Date with the Canadian Court this Week to Establish a Litigation Timetable and Discovery Plan* (the "Emergency Motion") to be considered at a hearing as soon as possible during the week of May 13, 2013.  In support of this Motion to Shorten, the U.S. Interests respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Relief Requested

3. By this Motion to Shorten, the U.S. Interests respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) shortening notice with respect to the Emergency Motion; (ii) scheduling the Emergency Motion to be heard at a hearing as soon as possible during the week of May 13, 2013; (iii) requiring objections, if any, to the Emergency Motion to be raised at a date set by the Court; and (iv) granting such other relief as may be just and proper.

**Facts Relevant to this Motion**

4. On April 3, 2013, the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") and the Ontario Superior Court of Justice (the "Canadian Court," and together with the U.S. Court, the "U.S. and Canadian Courts" or the "Courts") issued orders stating, in part, that a trial to determine the allocation of proceeds from sales of the Debtors' assets (the "Trial") would commence on January 6, 2014.

5. On May 3, 2013, the Canadian Court issued an order (the "May 3 Order") stating in part that, in preparation for the Trial, fact discovery will close on September 27, 2013 and expert discovery will close on December 6, 2013. On May 7, 2013, the U.S. Court issued an order stating in part that the "Debtors shall provide the [U.S. Court] with a Revised Allocation Protocol and Schedule incorporating the rulings of [the Canadian Court] in the [May 3 Order]."

6. Even though more than a month has passed since the Courts set a date for Trial, the Core Parties have been unable to reach agreement on even a date for the delivery of opening pleadings or for the commencement of discovery.

7. The U.S. Interests first proposed a Litigation Timetable and Discovery Plan to the parties on March 19, in response to the Monitor's proposal dated March 15. Over the past several weeks, the Core Parties have conducted numerous conferences to negotiate a litigation schedule and discovery plan in preparation for the Trial. From these conferences, the U.S. Interests believe that most of Core Parties share the view that the limited time between now and January 6, 2014 requires the immediate commencement of discovery. However, others have been able to essentially pocket veto early deadlines with which they disagree merely by refusing to agree to a schedule.

8. The U.S. Interests were informed on the evening of Friday, May 10, 2013, by the Monitor that it scheduled a Chambers conference with the Canadian Court for 10:30 a.m. on Monday, May 13, 2013, for the purpose of apprising the Canadian Court of scheduling issues concerning the Allocation, EMEA Claims and UK Pension Claims matters. The Monitor advised the U.S. Interests on the afternoon of Saturday May 12, 2013, that they intend to present their proposed litigation schedule at this Chambers conference as well.

9. On the evening of Sunday, May 12, 2013, the Joint Administrators stated that they would submit their own proposed timetable to the Canadian Court on the morning of May 13, 2013.

10. In light of these delays, and the Monitor's and the Joint Administrator's planned presentment of their proposed litigation schedules to the Canadian Court on Monday, May 13, the U.S. Interests have filed the Emergency Motion, which sets forth the U.S. Interests' proposed Litigation Timetable and Discovery Plan and requests that the Court establish Tuesday, May 14, 2013 as the deadline for Core Parties' to file opening allocation submissions and setting a joint hearing with the Canadian Court to finally resolve the scheduling issues.

**Basis for Relief Requested**

11. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

12. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

13.    Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."

14.    Moreover, according to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

15.    The U.S. Interests respectfully submit that allowing the relief requested in the Emergency Motion to be considered on an expedited basis is reasonable and appropriate. As described more fully in the Emergency Motion, there is limited time available to accomplish a substantial amount of work, from opening pleadings to written discovery to depositions to expert discovery to pre-trial briefs to preparation for trial. Any delay in the resolution of the discovery schedule and litigation timetable – or at the very least, additional delay in setting the dates for the delivery of opening pleadings or for the commencement of discovery – will significantly prejudice the parties' ability to efficiently and effectively present their arguments and produce the necessary factual evidence in support of their claims or defenses.

16.    Further, the U.S. Interests were informed on Saturday, May 11 that the Monitor will present its proposed litigation schedule to the Canadian Court on the morning of

5

May 13, and they were informed on Sunday, May 12 that the Joint Administrators would also submit their own proposed timetable to the Canadian Court on the morning of May 13.  The U.S. Interests should have an opportunity before the U.S. and Canadian Courts to present their arguments in favor of an alternative to the Monitor's and the Joint Administrator's proposed litigation schedules, but any significant delay in the resolution of these issues must be avoided.

17. For these reasons, the U.S. Interests respectfully submit that allowing the Emergency Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## No Prior Request

18. No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

## Notice

19. Notice of this Request has been given via email to (i) the U.S. Trustee; and (ii) counsel to the Core Parties.  The U.S. Interests submit that under the circumstances no other or further notice is necessary..

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the U.S. Interests respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Emergency Motion; (ii) scheduling the Emergency Motion to be heard at a hearing as soon as possible during the week of May 13, 2013; (iii) requiring objections, if any, to the Emergency Motion to be raised at a date set by the Court; and (iv) granting such other relief as may be just and proper.

Dated:  May 13, 2013

        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        Howard Zelbo (admitted *pro hac vice*)
        James L. Bromley (admitted *pro hac vice*)
        Jeffrey A. Rosenthal (admitted *pro hac vice*)
        Lisa M. Schweitzer (admitted *pro hac vice*)
        One Liberty Plaza
        New York, New York 10006
        Telephone:  (212) 225-2000
        Facsimile:  (212) 225-3999

        - and -

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Ann C. Cordo*
        Derek C. Abbott (No. 3376)
        Ann C. Cordo (No. 4817)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, Delaware 19801
        Telephone:  (302) 658-9200
        Facsimile: (302) 658-3989

        *Counsel for the Debtors*
        *and Debtors in Possession*

        - and -

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee of Unsecured Creditors*