# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                      :

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 09-10138 (KG) |
| Nortel Networks Inc., <u>et al.</u>,[1] | Jointly Administered |
| Debtors | <u>**Objection Deadline**</u>: June 4, 2013 at 4:00 p.m. (ET) |
| | <u>**Hearing Date**</u>: Scheduled only if necessary |

-------------------------------------------------------X

## FIFTIETH MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM MARCH 1, 2013 THROUGH MARCH 31, 2013

This is a(n): __X__ monthly _____ interim _____ final application.

Name of Applicant:   <u>Akin Gump Strauss Hauer & Feld LLP</u>

Authorized to Provide
Professional Services to: <u>Official Committee of Unsecured Creditors</u>

Date of Retention: <u>March 5, 2009 (nunc pro tunc to January 22, 2009)</u>

Period for which Compensation
and Reimbursement is sought: <u>March 1, 2013 through March 31, 2013</u>

Amount of Compensation sought as
actual, reasonable, and necessary: <u>$512,510.00</u>

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: <u>$72,799.10</u>

The total time expended during this Compensation Period for the preparation of Akin Gump's Forty-Eighth and Forty-Ninth Monthly Fee Applications was 1.30 hours and the corresponding compensation is $1,005.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

**Prior Fee Applications:**

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/22/09 – 02/28/09 (First Monthly Fee Application) | $1,002,466.75 | $14,994.50 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the First Monthly Fee Application. |
| 03/01/09 – 03/31/09 (Second Monthly Fee Application) | $866,587.25 | $14,080.55 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Second Monthly Fee Application. Akin Gump voluntarily agreed to reduce the expenses requested by $1,459.22. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Second Monthly Fee Application. |
| 04/01/09 – 04/30/09 (Third Monthly Fee Application) | $919,594.75 | $22,201.07 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Third Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/09 – 05/31/09 (Fourth Monthly Fee Application) | $766,765.75 | $54,512.10 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fourth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourth Monthly Fee Application. |
| 06/01/09 – 06/30/09 (Fifth Monthly Fee Application) | $962,202.75 | $25,000.85 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fifth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifth Monthly Fee Application. |
| 07/01/09 – 07/31/09 (Sixth Monthly Fee Application) | $1,042,206.00 | $24,587.92 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Sixth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixth Monthly Fee Application. |
| 08/01/09 – 08/31/09 (Seventh Monthly Fee Application) | $653,999.00 | $44,610.63 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Seventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/09 – 09/30/09 (Eighth Monthly Fee Application) | $1,103,982.50 | $24,753.35 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Eighth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighth Monthly Fee Application. |
| 10/01/09 – 10/31/09 (Ninth Monthly Fee Application) | $1,036,266.50 | $35,745.59 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Ninth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Ninth Monthly Fee Application. |
| 11/01/09 – 11/30/09 (Tenth Monthly Fee Application) | $1,008,811.00 | $40,388.57 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Tenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Tenth Monthly Fee Application. |
| 12/01/09 – 12/31/09 (Eleventh Monthly Fee Application) | $1,003,203.75 | $40,839.88 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Eleventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eleventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/10 – 01/31/10 (Twelfth Monthly Fee Application) | $638,879.75 | $34,184.80 | On March 17, 2010, this Court entered an order (Docket No. 2370) awarding Akin Gump 100% of the fees and expenses requested in the Twelfth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twelfth Monthly Fee Application. |
| 02/01/10 – 02/28/10 (Thirteenth Monthly Fee Application) | $636,531.00 | $26,874.51 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Thirteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Thirteenth Monthly Fee Application. |
| 03/01/10 – 03/31/10 (Fourteenth Monthly Fee Application) | $958,619.25 | $20,735.21 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fourteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourteenth Monthly Fee Application. |
| 04/01/10 – 04/30/10 (Fifteenth Monthly Fee Application) | $608,880.50 | $23,821.31 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fifteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/10 – 05/31/10 (Sixteenth Monthly Fee Application) | $633,157.50 | $28,308.46 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Sixteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixteenth Monthly Fee Application. |
| 06/01/10 – 06/30/10 (Seventeenth Monthly Fee Application) | $591,154.50 | $13,375.36 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Seventeenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventeenth Monthly Fee Application. |
| 07/01/10 – 07/31/10 (Eighteenth Monthly Fee Application) | $405,934.00 | $11,538.54 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Eighteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighteenth Monthly Fee Application. |
| 08/01/10 – 08/31/10 (Nineteenth Monthly Fee Application) | $720,036.50 | $19,953.51 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Nineteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Nineteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/10 – 09/30/10 (Twentieth Monthly Fee Application) | $613,100.25 | $26,293.55 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twentieth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and 100% of the expenses requested in the Twentieth Monthly Fee Application. |
| 10/01/10 – 10/31/10 (Twenty-First Monthly Fee Application) | $673,206.00 | $15,082.70 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twenty-First Monthly Fee Application. |
| 11/01/10 – 11/30/10 (Twenty-Second Monthly Fee Application) | $791,081.50 | $25,964.65 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. Akin Gump has received 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. |
| 12/01/10- 12/31/10 (Twenty-Third Monthly Fee Application) | $475,468.75 | $26,719.94 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/11 - 01/31/11 (Twenty-Fourth Monthly Fee Application) | $451,106.50 | $8,338.24 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. |
| 02/01/11 – 02/28/11 (Twenty-Fifth Monthly Fee Application) | $504,764.00 | $16,131.39 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Fifth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Fifth Monthly Fee Application. |
| 03/01/11 – 03/31/11 (Twenty-Sixth Monthly Fee Application) | $869,471.50 | $26,728.17 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Sixth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Sixth Monthly Fee Application. |
| 04/01/11 – 04/30/11 (Twenty-Seventh Monthly Fee Application) | $712,988.00 | $29,194.82 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Seventh Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/11 – 05/31/11 (Twenty-Eighth Monthly Fee Application) | $626,244.00 | $26,511.30 | On September 21, 2011, this Court entered an order (Docket No. 6444) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Eighth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Eighth Monthly Fee Application. |
| 06/01/11 – 06/30/11 (Twenty-Ninth Monthly Fee Application) | $1,127,196.00 | $34,887.34 | On September 21, 2011, this Court entered an order (Docket No. 6444) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Ninth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Ninth Monthly Fee Application. |
| 07/01/11 – 07/31/11 (Thirtieth Monthly Fee Application) | $539,191.50 | $25,627.16 | On September 21, 2001, this Court entered an order (Docket No. 6444) awarding Akin Gump 100% of the fees and expenses requested in the Thirtieth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirtieth Monthly Fee Application. |
| 08/01/11 – 08/31/11 (Thirty-First Monthly Fee Application) | $589,812.00 | $14,229.01 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-First Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-First Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/11 – 09/30/11 (Thirty-Second Monthly Fee Application) | $849,769.00 | $32,935.82 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Second Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Second Monthly Fee Application. |
| 10/01/11 – 10/31/11 (Thirty-Third Monthly Fee Application) | $482,721.00 | $84,772.59 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Third Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Third Monthly Fee Application. |
| 11/01/11 – 11/30/11 (Thirty-Fourth Monthly Fee Application) | $233,453.50 | $27,620.69 | On March 21, 2012, this Court entered an order (Docket No. 7721) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Fourth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Fourth Monthly Fee Application. |
| 12/01/11 – 12/31/11 (Thirty-Fifth Monthly Fee Application) | $251,080.50 | $5,490.47 | On March 21, 2012, this Court entered an order (Docket No. 7721) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Fifth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Fifth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/12 – 01/31/12 (Thirty-Sixth Monthly Fee Application) | $239,269.00 | $10,346.13 | On March 21, 2012, this Court entered an order (Docket No. 7721) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Sixth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Sixth Monthly Fee Application. |
| 02/01/12 – 02/29/12 (Thirty-Seventh Monthly Fee Application) | $196,766.50 | $8,361.89 | On June 21, 2012, this Court entered an order (Docket No. 7889) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Seventh Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Seventh Monthly Fee Application. |
| 03/01/12 – 03/31/12 (Thirty-Eighth Monthly Fee Application) | $364,445.00 | $11,844.42 | On June 21, 2012, this Court entered an order (Docket No. 7889) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Eighth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Eighth Monthly Fee Application. |
| 04/01/12 – 04/30/12 (Thirty-Ninth Monthly Fee Application) | $333,028.50 | $13,255.10 | On June 21, 2012, this Court entered an order (Docket No. 7889) awarding Akin Gump 100% of the fees and expenses requested in the Thirty-Ninth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Thirty-Ninth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/12 – 05/31/12 (Fortieth Monthly Fee Application) | $299,488.25 | $19,390.37 | On September 19, 2012, this Court entered an order (Docket No. 8524) awarding Akin Gump 100% of the fees and expenses requested in the Fortieth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Fortieth Monthly Fee Application. |
| 06/01/12 – 06/30/12 (Forty-First Monthly Fee Application) | $331,780.50 | $9,789.88 | On September 19, 2012, this Court entered an order (Docket No. 8524) awarding Akin Gump 100% of the fees and expenses requested in the Forty-First Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-First Monthly Fee Application. |
| 07/01/12 – 07/31/12 (Forty-Second Monthly Fee Application) | $309,930.00 | $12,934.63 | On September 19, 2012, this Court entered an order (Docket No. 8524) awarding Akin Gump 100% of the fees and expenses requested in the Forty-Second Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-Second Monthly Fee Application. |
| 08/01/12 – 08/31/12 (Forty-Third Monthly Fee Application) | $428,364.50 | $14,344.19 | On December 17, 2012, this Court entered an order (Docket No. 9133) awarding Akin Gump 100% of the fees and expenses requested in the Forty-Third Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/12 – 09/30/12 (Forty-Fourth Monthly Fee Application) | $344,142.25 | $17,131.51 | On December 17, 2012, this Court entered an order (Docket No. 9133) awarding Akin Gump 100% of the fees and expenses requested in the Forty-Fourth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-Fourth Monthly Fee Application. |
| 10/01/12 – 10/31/12 (Forty-Fifth Monthly Fee Application) | $488,818.00 | $11,236.71 | On December 17, 2012, this Court entered an order (Docket No. 9133) awarding Akin Gump 100% of the fees and expenses requested in the Forty-Fifth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-Fifth Monthly Fee Application. |
| 11/01/12 – 11/30/12 (Forty-Sixth Monthly Fee Application) | $291,414.25 | $19,178.36 | On March 26, 2013, this Court entered an order (Docket No. 9787) awarding Akin Gump 100% of the fees and expenses requested in the Forty-Sixth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-Sixth Monthly Fee Application. |
| 12/01/12 – 12/31/12 (Forty-Seventh Monthly Fee Application) | $359,824.00 | $11,341.06 | On March 26, 2013, this Court entered an order (Docket No. 9787) awarding Akin Gump 100% of the fees and expenses requested in the Forty-Seventh Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/13 – 01/31/13 (Forty-Eighth Monthly Fee Application) | $581,792.00 | $28,010.59 | On March 26, 2013, this Court entered an order (Docket No. 9787) awarding Akin Gump 100% of the fees and expenses requested in the Forty-Eighth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Forty-Eighth Monthly Fee Application. |
| 02/01/13 – 02/28/13 (Forty-Ninth Monthly Fee Application) | $393,022.50 | $33,952.44 | On May 1, 2013, a certificate of no objection (Docket No. 10412) with respect to the Forty-Ninth Monthly Fee Application was filed with the Court. Akin Gump has received payment of 80% of the fees and 100% of the expenses requested in the Forty-Ninth Monthly Fee Application. |

**SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
RENDERING SERVICES DURING THE PERIOD
MARCH 1, 2013 THROUGH MARCH 31, 2013**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Lisa G. Beckerman | Partner for 14 years; Admitted in 1989; Financial Restructuring Department | $1,000 | 36.40 | $36,400.00 |
| David H. Botter | Partner for 11 years; Admitted in 1990; Financial Restructuring Department | $1,000 | 125.30 | $125,300.00 |
| Fred S. Hodara | Partner for 24 years; Admitted in 1982; Financial Restructuring Department | $1,100 | 62.25 | $68,475.00 |
| Robert A. Johnson | Partner for 16 years; Admitted in 1988; Litigation Department | $870 | 53.80 | $46,806.00 |
| Abid Qureshi | Partner for 5 years; Admitted in 1995; Financial Restructuring Department | $900 | 42.60 | $38,340.00 |
| Sarah Link Schultz | Partner for 3 years; Admitted in 2001; Financial Restructuring Department | $850 | 1.20 | $1,020.00 |
| Austin S. Lilling | Senior Counsel for 2 years; Admitted in 2001; Tax Department | $650 | 15.60 | $10,140.00 |
| Kevin M. Rowe | Senior Counsel for 12 years; Admitted in 1985; Tax Department | $720 | 27.60 | $19,872.00 |
| Sunny Gulati | Counsel for 4 years; Admitted in 2004; Litigation Department | $665 | 60.10 | $39,966.50 |
| Brad M. Kahn | Counsel for 1 years; Admitted in 2008; Financial Restructuring Department | $675 | 34.30 | $23,152.50 |
| Angeline L. Koo | Counsel for 3 years; Admitted in 2005; Litigation Department | $665 | 2.20 | $1,463.00 |
| Arun Kurichety | Counsel for 1 year; Admitted in 2006; Financial Restructuring Department | $675 | 4.20 | $2,835.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Matthew C. Fagen | Associate for 1 year; Not Yet Admitted; Financial Restructuring Department | $450 | 44.60 | $20,070.00 |
| Oz Halabi | Associate for 1 year; Admitted in 2013; Tax Department | $440 | 26.30 | $11,572.00 |
| Joshua Y. Sturm | Associate for 7 years; Admitted in 2007; Financial Restructuring Department | $700 | 13.20 | $9,240.00 |
| Jacqueline Yecies | Associate for 5 years; Admitted in 2009; Litigation Department | $580 | 78.20 | $45,356.00 |
| Kemoy Foster | Staff Attorney for 2 years; Admitted in 2007; Litigation Department | $290 | 2.80 | $812.00 |
| Jennifer L. Cuatt | Legal Assistant for 7 years; Litigation Department | $220 | 3.70 | $814.00 |
| Dmitry B. Iofe | Legal Assistant for 2 years; Litigation Department | $245 | 2.50 | $612.50 |
| Dagmara Krasa-Berstell | Legal Assistant for 24 years; Financial Restructuring Department | $245 | 12.20 | $2,989.00 |
| Reginald Orcel | Legal Assistant for 11 years; Litigation Department | $260 | 11.00 | $2,860.00 |
| Jonathan A. Samper | Legal Assistant for 2 years; Financial Restructuring Department | $225 | 2.60 | $585.00 |
| Scott A. Fener | Librarian for 6 years | $205 | 2.30 | $471.50 |
| Leslie W. Lanphear | Librarian for 18 years | $230 | 14.60 | $3,358.00 |

Total Amount of Fees:      $512,510.00
Total Number of Hours:   679.55
Blended Hourly Rate:       $754.19

**COMPENSATION BY PROJECT CATEGORY**
**MARCH 1, 2013 THROUGH MARCH 31, 2013**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Case Administration | 4.20 | $2,345.00 |
| Akin Gump Fee Applications/Monthly Billing Reports | 1.30 | $1,005.00 |
| Retention of Professionals | 11.60 | $6,885.00 |
| Creditors' Committee Meetings | 23.60 | $18,262.50 |
| Court Hearings | 78.80 | $64,164.00 |
| Executory Contracts/License Agreements | 0.50 | $350.00 |
| General Claims Analysis/Claims Objections | 5.80 | $4,745.00 |
| Canadian Proceedings/Matters | 2.60 | $2,660.00 |
| General Adversary Proceedings | 0.80 | $515.00 |
| Tax Issues | 47.30 | $26,730.00 |
| Labor Issues/Employee Benefits | 84.60 | $59,876.50 |
| Travel (billed at 50% of actual time) | 9.15 | $8,875.00 |
| Intercompany Analysis | 409.10 | $315,877.00 |
| European Proceedings/Matters | 0.20 | $220.00 |
| **TOTAL** | **679.55** | **$512,510.00** |

## DISBURSEMENT SUMMARY
### MARCH 1, 2013 THROUGH MARCH 31, 2013

| | |
|---|---:|
| Computerized Research, Corporate Service Fees & PACER Charges | $2,589.92 |
| Conference Call /Telephone/Video Conferencing | $3,597.72 |
| Duplicating (billed at $.10 per page) | $2,581.30 |
| Retained Professional Fees and Expenses | $58,932.86 |
| Meals/Committee Meeting Expenses | $1,311.40 |
| Transcript Charges | $499.74 |
| Travel Expenses – Ground Transportation | $1,800.16 |
| Travel Expenses – Train Fare | $1,486.00 |
| **TOTAL** | **$72,799.10** |

104527367 v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
|  |  |
| --- | --- |
| In re | : Chapter 11 |
|  | : Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al., [1] | : Jointly Administered |
|  | : |
| Debtors | : Objection Deadline: June 4, 2013 at 4:00 p.m. (ET) |
|  | : Hearing Date: Scheduled only if necessary |

-------------------------------------------------------X

### FIFTIETH MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM MARCH 1, 2013 THROUGH MARCH 31, 2013

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" or the "Applicant"), co-counsel to

the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc.

("NNI"), et al. (collectively, the "Debtors"), hereby submits its fiftieth monthly application (the

"Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the

District of Delaware (the "Local Rules"), and (iv) the Administrative Order Pursuant to 11

U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing

Procedures for Interim Compensation and Reimbursement of Fees and Expenses for

Professionals and Official Committee Members entered on February 4, 2009 (the

"Administrative Fee Order"), for interim allowance of compensation for services rendered in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. ("NN CALA") (4226).

aggregate amount of $512,510.00 and for reimbursement of actual and necessary expenses incurred by Akin Gump in connection therewith in the amount of $72,799.10 for the period from March 1, 2013 through March 31, 2013 (the "Compensation Period"). In support of this Application, Akin Gump respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 1103 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.    BACKGROUND

2.    On January 14, 2009 (the "Petition Date"), each of the Debtors other than NN CALA[2] filed a voluntary petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

4.    On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation ("NNC"), together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court" and,

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

together with the Court, the "<u>Courts</u>") for a plan of compromise or arrangement under Canada's

Companies' Creditors Arrangement Act ("<u>CCAA</u>").  The Canadian Debtors continue to operate

their businesses and manage their properties under the supervision of the Canadian Court and

Ernst & Young Inc. as monitor (the "<u>Monitor</u>").

      5.      On January 14, 2009, the High Court of Justice in England (the "<u>U.K. Court</u>")

placed nineteen of the Debtors' European affiliates (collectively, the "<u>EMEA Debtors</u>" and,

together with the Debtors and the Canadian Debtors, the "<u>Nortel Debtors</u>"), including Nortel

Networks U.K. Limited ("<u>NNUK</u>"), into administration (the "<u>European Proceedings</u>" and,

together with the U.S. Proceeding and Canadian Proceeding, the "<u>Insolvency Proceedings</u>")

under the control of individuals from Ernst & Young LLC (the "<u>Administrators</u>").

      6.      On January 22, 2009 (the "<u>Committee Formation Date</u>"), pursuant to section 1102

of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "<u>U.S.</u>

<u>Trustee</u>") appointed the Committee.  The Committee currently consists of three members, as

follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension

Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee.  No

trustee or examiner has been appointed in these chapter 11 cases.

      7.      On March 5, 2009, this Court entered an order authorizing the retention of Akin

Gump as co-counsel to the Committee, *nunc pro tunc* to January 22, 2009.  On that same day, the

Court authorized the Committee to retain and employ Jefferies & Company, Inc. ("<u>Jefferies</u>") as

the Committee's investment banker,[3] Capstone Advisory Group, LLC ("<u>Capstone</u>") as the

Committee's financial advisor, Dentons Canada LLP (f/k/a Fraser Milner Casgrain LLP)

("<u>Dentons</u>") as the Committee's Canadian counsel, Ashurst LLP ("<u>Ashurst</u>") as the Committee's

---

[3] The Committee and Jefferies mutually agreed to terminate Jefferies' role as investment banker to the Committee
effective as of August 31, 2012.

European counsel, and Kurtzman Carson Consultants, LLC ("KCC") as the Committee's communications agent.

8.     On June 10, 2009, Akin Gump filed its First Interim Fee Application Request for the Period January 22, 2009 through April 30, 2009 (the "First Interim Application"). In its First Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,788,648.75 and the reimbursement of expenses in the amount of $48,632.74.[4] On July 17, 2009, this Court entered an order approving 100% of the fees and expenses sought in the First Interim Application and Akin Gump has received payment of such amounts.

9.     On September 10, 2009, Akin Gump filed its Second Interim Fee Application Request for the Period May 1, 2009 through July 31, 2009 (the "Second Interim Application"). In its Second Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,771,174.50 and the reimbursement of expenses in the amount of $104,100.87.[5] On September 30, 2009, this Court entered an order approving 100% of the fees and expenses sought in the Second Interim Application and Akin Gump has received payment of such amounts.

10.     On November 24, 2009, Akin Gump filed its Third Interim Fee Application Request for the Period August 1, 2009 through October 31, 2009 (the "Third Interim Application"). In its Third Interim Application, Akin Gump sought the award and allowance of

---

[4] The First Interim Application sought the award of fees and expenses for the period from January 22, 2009 through April 30, 2009, as follows: (a) January 22, 2009 through February 28, 2009: $1,002,466.75 of fees and $14,994.50 of expenses; (b) March 1, 2009 through March 31, 2009: $866,587.25 of fees and $14,080.55 of expenses; and (c) April 1, 2009 through April 30, 2009: $919,594.75 of fees and $22,201.07 of expenses. Following discussions with the U.S. Trustee, Akin Gump agreed to a voluntary reduction of $1,184.16 for expenses incurred during the period covered by the First Interim Application.

[5] The Second Interim Application sought the award of fees and expenses for the period from May 1, 2009 through July 31, 2009, as follows: (a) May 1, 2009 through May 31, 2009: $766,765.75 of fees and $54,512.10 of expenses; (b) June 1, 2009 through June 30, 2009: $962,202.75 of fees and $25,000.85 of expenses; and (c) July 1, 2009 through July 31, 2009: $1,042,206.00 of fees and $24,587.92 of expenses.

4

fees in the amount of $2,794,248.00 and the reimbursement of expenses in the amount of $105,109.57.[6] On December 15, 2009, this Court entered an order approving 100% of the fees and expenses sought in the Third Interim Application and Akin Gump has received payment of such amounts.

11.     On February 24, 2010, Akin Gump filed its Fourth Interim Fee Application Request for the Period November 1, 2009 through January 31, 2010 (the "Fourth Interim Application").[7] In its Fourth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,650,894.50 and the reimbursement of expenses in the amount of $115,413.25.[8] On March 17, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fourth Interim Application and Akin Gump has received payment of such amounts.

12.     On May 28, 2010, Akin Gump filed its Fifth Interim Fee Application Request for the Period February 1, 2010 through April 30, 2010 (the "Fifth Interim Application"). In its Fifth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,204,030.75 and the reimbursement of expenses in the amount of $71,431.03.[9] On June 24,

---

[6] The Third Interim Application sought the award of fees and expenses for the period from August 1, 2009 through October 31, 2009, as follows: (a) August 1, 2009 through August 31, 2009: $653,999.00 of fees and $44,610.63 of expenses; (b) September 1, 2009 through September 30, 2009: $1,103,982.50 of fees and $24,753.35 of expenses; and (c) October 1, 2009 through October 31, 2009: $1,036,266.50 of fees and $35,745.59 of expenses.

[7] On March 1, 2010, Akin Gump filed an Amended Notice of Fourth Interim Fee Application Request solely to provide information regarding a change in its hourly billing rates effective January 1, 2010.

[8] The Fourth Interim Application sought the award of fees and expenses for the period from November 1, 2009 through January 31, 2010, as follows: (a) November 1, 2009 through November 30, 2009: $1,008,811.00 of fees and $40,388.57 of expenses; (b) December 1, 2009 through December 31, 2009: $1,003,203.75 of fees and $40,839.88 of expenses; and (c) January 1, 2010 through January 31, 2010: $638,879.75 of fees and $34,184.80 of expenses.

[9] The Fifth Interim Application sought the award of fees and expenses for the period from February 1, 2010 through April 30, 2010, as follows: (a) February 1, 2010 through February 28, 2010: $636,531.00 of fees and $26,874.51 of expenses; (b) March 1, 2010 through March 31, 2010: $958,619.25 of fees and $20,735.21 of expenses; and (c) April 1, 2010 through April 30, 2010: $608,880.50 of fees and $23,821.31 of expenses.

2010, this Court entered an order approving 100% of the fees and expenses sought in the Fifth

Interim Application and Akin Gump has received payment of such amounts.

13.    On September 7, 2010, Akin Gump filed its Sixth Interim Fee Application

Request for the Period May 1, 2010 through July 31, 2010 (the "Sixth Interim Application").  In

its Sixth Interim Application, Akin Gump sought the award and allowance of fees in the amount

of $1,630,246.00 and the reimbursement of expenses in the amount of $53,222.36.[10]  On

September 30, 2010, this Court entered an order approving 100% of the fees and expenses

sought in the Sixth Interim Application and Akin Gump has received payment of such amounts.

14.    On November 24, 2010, Akin Gump filed its Seventh Interim Fee Application

Request for the Period August 1, 2010 through October 31, 2010 (the "Seventh Interim

Application").  In its Seventh Interim Application, Akin Gump sought the award and allowance

of fees in the amount of $1,970,342.75 and the reimbursement of expenses in the amount of

$61,329.76.[11]  On December 15, 2010, this Court entered an order approving 100% of the fees

and expenses sought in the Seventh Interim Application and Akin Gump has received payment of

such amounts.

15.    On February 28, 2011, Akin Gump filed its Eighth Interim Fee Application

Request for the Period November 1, 2010 through January 31, 2011 (the "Eighth Interim

Application").  In its Eighth Interim Application, Akin Gump sought the award and allowance of

fees in the amount of $1,717,656.75 and the reimbursement of expenses in the amount of

---

[10] The Sixth Interim Application sought the award of fees and expenses for the period from May 1, 2010 through July 31, 2010, as follows: (a) May 1, 2010 through May 31, 2010: $633,157.50 of fees and $28,308.46 of expenses; (b) June 1, 2010 through June 30, 2010: $591,154.50 of fees and $13,375.36 of expenses; and (c) July 1, 2010 through July 31, 2010: $405,934.00 of fees and $11,538.34 of expenses.

[11] The Seventh Interim Application sought the award of fees and expenses for the period from August 1, 2010 through October 31, 2010, as follows: (a) August 1, 2010 through August 31, 2010: $720,036.50 of fees and $19,953.51 of expenses; (b) September 1, 2010 through September 30, 2010: $613,100.25 of fees and $26,293.55 of expenses; and (c) October 1, 2010 through October 31, 2010: $637,206.00 of fees and $15,082.70 of expenses.

$61,022.83.[12] On March 23, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Eighth Interim Application and Akin Gump has received payment of such amounts.

16.    On May 27, 2011, Akin Gump filed its Ninth Interim Fee Application Request for the Period February 1, 2011 through April 30, 2011 (the "Ninth Interim Application"). In its Ninth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,114,223.50 and the reimbursement of expenses in the amount of $72,054.38.[13] On June 21, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Ninth Interim Application and Akin Gump has received payment of such amounts.

17.    On August 30, 2011, Akin Gump filed its Tenth Interim Fee Application Request for the Period May 1, 2011 through July 31, 2011 (the "Tenth Interim Application"). In its Tenth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,292,631.50 and the reimbursement of expenses in the amount of $87,025.80.[14] On September 21, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Tenth Interim Application and Akin Gump has received payment of such amounts.

18.    On November 23, 2011, Akin Gump filed its Eleventh Interim Fee Application Request for the Period August 1, 2011 through October 31, 2011 (the "Eleventh Interim

---

[12] The Eighth Interim Application sought the award of fees and expenses for the period from November 1, 2010 through January 31, 2011, as follows: (a) November 1, 2010 through November 30, 2010: $791,081.50 of fees and $25,964.65 of expenses; (b) December 1, 2010 through December 31, 2010: $475,468.75 of fees and $26,719.94 of expenses; and (c) January 1, 2011 through January 31, 2011: $451,106.50 of fees and $8,338.24 of expenses.

[13] The Ninth Interim Application sought the award of fees and expenses for the period from February 1, 2011 through April 30, 2011, as follows: (a) February 1, 2011 through February 28, 2011: $504,764.00 of fees and $16,131.39 of expenses; (b) March 1, 2011 through March 31, 2011: $896,471.50 of fees and $26,728.17 of expenses; and (c) April 1, 2011 through April 30, 2011: $712,988.00 of fees and $29,194.82 of expenses.

[14] The Tenth Interim Application sought the award of fees and expenses for the period from May 1, 2011 through July 31, 2011, as follows: (a) May 1, 2011 through May 31, 2011: $626,244.00 of fees and $26,511.30 of expenses; (b) June 1, 2011 through June 30, 2011: $1,127,196.00 of fees and $34,887.34 of expenses; and (c) July 1, 2011 through July 31, 2011: $539,191.50 of fees and $25,627.16 of expenses.

Application"). In its Eleventh Interim Application, Akin Gump sought the award and allowance of fees in the amount of $1,922,302.00 and the reimbursement of expenses in the amount of $131,937.52.[15] On December 14, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Eleventh Interim Application and Akin Gump has received payment of such amounts.

19.    On February 29, 2012, Akin Gump filed its Twelfth Interim Fee Application Request for the Period November 1, 2011 through January 31, 2012 (the "Twelfth Interim Application"). In its Twelfth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $723,803.00 and the reimbursement of expenses in the amount of $43,457.29.[16] On March 21, 2012, this Court entered an order approving 100% of the fees and expenses sought in the Twelfth Interim Application and Akin Gump has received payment of such amounts.

20.    On May 30, 2012, Akin Gump filed its Thirteenth Interim Fee Application Request for the Period February 1, 2012 through April 30, 2012 (the "Thirteenth Interim Application"). In its Thirteenth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $894,240.00 and the reimbursement of expenses in the amount of $33,461.41.[17] On June 21, 2012, this Court entered an order approving 100% of the

---

[15] The Eleventh Interim Application sought the award of fees and expenses for the period from August 1, 2011 through October 31, 2011, as follows: (a) August 1, 2011 through August 31, 2011: $589,812.00 of fees and $14,229.01 of expenses; (b) September 1, 2011 through September 30, 2011: $849,769.00 of fees and $32,935.82 of expenses; and (c) October 1, 2011 through October 31, 2011: $482,721.00 of fees and $84,772.69 of expenses.

[16] The Twelfth Interim Application sought the award of fees and expenses for the period from November 1, 2011 through January 31, 2012, as follows: (a) November 1, 2011 through November 30, 2011: $233,453.50 of fees and $27,620.69 of expenses; (b) December 1, 2011 through December 31, 2011: $251,080.50 of fees and $5,490.47 of expenses; and (c) January 1, 2012 through January 31, 2012: $239,269.00 of fees and $10,346.13 of expenses.

[17] The Thirteenth Interim Application sought the award of fees and expenses for the period from February 1, 2012 through April 30, 2012, as follows: (a) February 1, 2012 through February 29, 2012: $196,766.50 of fees and $8,361.89 of expenses; (b) March 1, 2012 through March 31, 2012: $364,445.00 of fees and $11,844.42 of expenses; and (c) April 1, 2012 through April 30, 2012: $333,028.50 of fees and $13,255.10 of expenses.

fees and expenses sought in the Thirteenth Interim Application and Akin Gump has received payment of such amounts.

21.     On August 27, 2012, Akin Gump filed its Fourteenth Interim Fee Application Request for the Period May 1, 2012 through July 31, 2012 (the "Fourteenth Interim Application"). In its Fourteenth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $941,204.75 and the reimbursement of expenses in the amount of $41,214.88.[18] On September 19, 2012, this Court entered an order approving 100% of the fees and expenses sought in the Fourteenth Interim Application and Akin Gump has received payment of such amounts.

22.     On November 20, 2012, Akin Gump filed its Fifteenth Interim Fee Application Request for the Period August 1, 2012 through October 31, 2012 (the "Fifteenth Interim Application"). In its Fifteenth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $1,261,324.75 and the reimbursement of expenses in the amount of $42,732.41.[19] On December 17, 2012, this Court entered an order approving 100% of the fees and expenses sought in the Fifteenth Interim Application and Akin Gump has received payment of such amounts.

23.     On February 22, 2013, Akin Gump filed its Sixteenth Interim Fee Application Request for the Period November 1, 2012 through January 31, 2013 (the "Sixteenth Interim Application"). In its Sixteenth Interim Application, Akin Gump sought the award and allowance

---

[18] The Fourteenth Interim Application sought the award of fees and expenses for the period from May 1, 2012 through July 31, 2012, as follows: (a) May 1, 2012 through May 31, 2012: $299,488.25 of fees and $19,390.37 of expenses; (b) June 1, 2012 through June 30, 2012: $331,780.50 of fees and $9,789.88 of expenses; and (c) July 1, 2012 through July 31, 2012: $309,936.00 of fees and $12,034.63 of expenses.

[19] The Fifteenth Interim Application sought the award of fees and expenses for the period from August 1, 2012 through October 31, 2012, as follows: (a) August 1, 2012 through August 31, 2012: $428,364.50 of fees and $14,344.19 of expenses; (b) September 1, 2012 through September 30, 2012: $344,142.25 of fees and $17,131.51 of expenses; and (c) October 1, 2012 through October 31, 2012: $488,818.00 of fees and $11,256.71 of expenses.

of fees in the amount of $1,233,030.25 and the reimbursement of expenses in the amount of

$58,530.01.[20]   On March 26, 2013, this Court entered an order approving 100% of the fees and

expenses sought in the Sixteenth Interim Application and Akin Gump has received payment of

such amounts.

24.     On April 6, 2013, Akin Gump filed its Forty-Ninth Monthly Application for

Interim Allowance of Compensation and Reimbursement of Expenses for Services Rendered

During the Period February 1, 2013 through February 28, 2013 (the "Forty-Ninth Monthly

Application").  In its Forty-Ninth Monthly Application, Akin Gump sought the award and

allowance of fees in the amount of $393,022.50 and the reimbursement of expenses in the

amount of $33,952.44.  A certificate of no objection was filed regarding the Forty-Ninth Monthly

Application on May 1, 2013.  Pursuant to the Administrative Fee Order, Akin Gump has received

80% of the fees and 100% of the expenses requested in the Forty-Ninth Monthly Application.

### III.    RELIEF REQUESTED

25.     By this Application, Akin Gump seeks (i) interim allowance and award of

compensation for the professional services rendered by Akin Gump as attorneys during the

Compensation Period in the amount of $512,510.00, representing 630.65 hours of professional

services and 48.90 hours of paraprofessional services; and (ii) reimbursement of actual and

necessary expenses incurred by Akin Gump during the Compensation Period in connection with

the rendition of such professional and paraprofessional services in the amount of $72,799.10.

---

[20] The Sixteenth Interim Application sought the award of fees and expenses for the period from November 1, 2012 through January 31, 2013, as follows: (a) November 1, 2012 through November 30, 2012: $291,414.25 of fees and $19,178.36 of expenses; (b) December 1, 2012 through December 31, 2012: $359,824.00 of fees and $11,341.06 of expenses; and (c) January 1, 2013 through January 31, 2013: $581,792.00 of fees and $28,010.59 of expenses.

26.     Pursuant to the Administrative Fee Order, Akin Gump is seeking payment of 80% of its fees ($410,008.00) and 100% of its expenses ($72,799.10) relating to services rendered during the Compensation Period.

27.     Akin Gump has received no payment and no promises for payment from any source for services rendered in connection with these chapter 11 cases other than in accordance with the Administrative Fee Order.  There is no agreement or understanding between the Applicant and any other person (other than members of Akin Gump) for the sharing of compensation to be received for the services rendered in these cases.

28.     As stated in the Affirmation of Fred S. Hodara, Esq. (the "Hodara Affirmation"), annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for or on behalf of the Committee solely in connection with these cases.

## IV.     SUMMARY OF SERVICES RENDERED

29.     Akin Gump has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors during the Compensation Period.  The variety and complexity of the issues in these Insolvency Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by Akin Gump personnel from several legal disciplines.

30.     In the ordinary course of its practice, Akin Gump maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services. In accordance with the provisions of the Administrative Fee Order, a compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services for the Committee during the Compensation Period is annexed hereto as Exhibit B.

11

31.    In the ordinary course of its practice, Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its services, all of which are available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit C. A detailed summary of the expenses is attached hereto as Exhibit D.

32.    Akin Gump respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

33.    The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit B. Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the problems and issues that Akin Gump was required to address.

### Akin Gump Fee Application/Monthly Billing Reports

(Fees: $7,705.00; Hours: 8.00)

34.    This subject matter relates to time spent reviewing invoices and drafting monthly and interim fee statements as required under the Administrative Fee Order, including attorney time to ensure that such materials do not improperly disclose highly confidential information related to the Debtors' businesses or these chapter 11 cases.

### Committee Meetings

(Fees: $18,262.50; Hours: 23.60)

35.    This subject matter relates to Committee matters and meetings and conference calls with the Committee as a whole, with individual Committee members and with the

Committee's other legal and financial advisors. Akin Gump, together with the other Committee professionals, held four meetings with the Committee during the Compensation Period. Further, during the Compensation Period, Akin Gump had telephonic conferences with individual Committee members and their respective outside professionals, as well as among the Committee's legal and financial advisors.

36.     Prior to each of its meetings with the Committee, Akin Gump reviewed each pending matter requiring the Committee's attention and all underlying documentation in connection therewith. Thereafter, Akin Gump discussed each of these matters with the Committee's other professionals, the Committee, as well as individual Committee members. During these discussions, Akin Gump assisted the Committee in formulating a position with respect to each pending matter. In addition, Akin Gump prepared and/or assisted the Committee's other professionals in preparing detailed memoranda for the Committee discussing the status of pertinent matters in these proceedings.

37.     During the Compensation Period, Akin Gump routinely held internal meetings with the professionals assigned to this matter to ensure that Akin Gump was representing the Committee in the most efficient manner at the least cost to these estates. In addition, Akin Gump coordinated all Committee activities, including attending to member issues and interacting with the Committee's other professionals in setting agendas for the Committee's meetings and conference calls. Akin Gump also regularly consulted with Capstone, Dentons and Ashurst with respect to documents and other information received from the Debtors, their representatives, and other sources.

38.     Through meetings, telephone conferences, and correspondence, Akin Gump has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the

13

various issues that have arisen in these chapter 11 cases, to monitor closely the Debtors'

management of these proceedings, and to reach independent conclusions on the merits of specific

matters.

### Court Hearings

(Fees: $64,164.00; Hours: 78.80)

39.     This subject matter relates to preparation for and attendance at hearings and other

proceedings before this Court. Akin Gump attorneys appeared, either in person or

telephonically, at three hearings before this Court during the Compensation Period. Akin Gump

attorneys also appeared telephonically in two status conferences before the Court during the

Compensation Period. Akin Gump attorneys actively represented the Committee and asserted

the Committee's positions with respect to the matters being considered at the hearings and status

conferences. Additionally, Akin Gump attorneys prepared for the Court hearings by reviewing

all applicable motions and applications filed with the Court, including any responses thereto, and

consulted with the Committee's other professionals and the Debtors' advisors to formulate

appropriate strategies. Akin Gump's participation at the Court hearings and status conferences

was necessary to protect the interests of unsecured creditors.

### Labor and Employee Benefits Issues

(Fees: $59,876.50; Hours: 84.60)

40.     During the Compensation Period, Akin Gump attorneys spent considerable time

working closely with the Debtors and their professionals to discuss and assess issues relating to

the Debtors' retirement and employment benefit plans. On June 21, 2011, this Court entered an

order authorizing the U.S. Trustee to appoint an official committee of retirees pursuant to

Bankruptcy Code section 1114 (the "Retiree Committee") to act on behalf of the Debtors'

retirees in good-faith negotiations regarding the modification or termination of the Debtors'

retirement benefit plans.  On June 22, 2011, this Court also entered an order appointing an

official committee of long-term disabled employees (the "LTD Committee") with a limited scope

of authority and capped professional fees.  On July 30, 2012, the Debtors filed motions to

terminate their retiree and long-term disability benefit plans (the "Termination Motions").

During the Compensation Period, Akin Gump attorneys worked with the Debtors' professionals

to analyze issues related to the Termination Motions, including reviewing numerous objections

to the Termination Motions filed by individual long-term disabled employees.  Akin Gump, on

behalf of the Committee, also engaged in discussions with the Debtors and the Retiree and LTD

Committees regarding the Termination Motions and the resolution of the numerous issues raised

by the termination of the Debtors' retiree and long-term disability benefit plans.

41.     As a result of these discussions, and with the Committee's support, on December

31, 2012, the Debtors filed a motion (the "Retiree Settlement Motion") seeking approval of (i) a

settlement agreement by and among the Debtors, the Committee and the Retiree Committee

resolving the various issues raised by the termination of the Debtors' retiree benefit plans (the

"Retiree Settlement Agreement") and (ii) certain notice procedures in regard to the Retiree

Settlement Motion and the Retiree Settlement Agreement.  Following a hearing on April 2, 2013,

this Court approved the Retiree Settlement Agreement.

42.     On January 18, 2013, the Debtors and the LTD Committee filed a motion (the

"LTD Settlement Motion") with this Court to approve a settlement agreement between the

parties and to resolve certain other issues related to the termination of the Debtors' long-term

disability benefit plans.  During the Compensation Period, Akin Gump attorneys spent

considerable time analyzing issues with respect to the LTD Settlement Motion and reviewing the

objections filed thereto.  On February 14, 2013, this Court entered an order preliminarily

approving the LTD Settlement Motion. Following a hearing on April 30 and May 1, 2013, this Court entered an order approving the LTD Committee's motion for approval of the methods for distribution of the settlement amounts to the Debtors' long term disabled employees and related relief.

### Tax Issues

(Fees: $26,730.00; Hours: 47.30)

43.     This subject matter relates to legal services rendered by Akin Gump in connection with tax matters affecting the Nortel Debtors. During the Compensation Period, Akin Gump continued its in-depth analysis of various tax issues affecting the Nortel Debtors' estates. In connection therewith, Akin Gump attorneys conferred with the Committee's other professionals and the Debtors' advisors to discuss U.S. and cross-border tax issues in the context of these Insolvency Proceedings and to consider strategic options related thereto. Akin Gump attorneys spent considerable time during the Compensation Period researching and drafting a detailed memorandum regarding certain tax issues that could impact these cases.

### Intercompany Issues

(Fees: $153,626.50; Hours: 409.10)

44.     This subject matter relates to time spent by Akin Gump attorneys reviewing and analyzing certain intercompany issues arising among the various Nortel entities around the world, and the impact of such issues on the Nortel Debtors' Insolvency Proceedings. Akin Gump attorneys, along with the Committee's other professionals, spent considerable time during the Compensation Period analyzing and examining issues related to the allocation of sale proceeds and discussing such issues with the Committee, including in-depth analyses of various methodologies for allocating value among the Nortel entities.

45.     As this Court is aware, a re-hearing on the joint motion filed by the Debtors and the Committee for an allocation protocol pursuant to which the U.S. and Canadian Courts would decide the allocation dispute took place on a cross-border basis on March 7, 2013.  During the Compensation Period, Akin Gump attorneys, on behalf of the Committee, spent considerable time preparing for the March 7, 2013 hearing and working with the Debtors' professionals to prepare a supplemental submission to the Courts regarding the allocation jurisdiction issues.  On March 8, 2013, the Courts issued oral rulings approving the joint motion of the Debtors and the Committee for an allocation protocol, which oral rulings were followed by written decisions to such effect on April 3, 2013.  During the Compensation Period, Akin Gump attorneys also spent considerable time analyzing numerous legal issues related to the allocation dispute and certain intercompany claims asserted against the Debtors by the EMEA Debtors.

### Non-Working Travel

(Fees: $8,875.00; Hours: 9.15)

46.     During the Compensation Period, Akin Gump attorneys spent 18.30 non-working hours traveling to Court hearings and/or meetings.  Pursuant to Local Rule 2016-2(d)(viii), Akin Gump has discounted this time by 50% and, accordingly, has billed 9.15 working hours traveling for the Compensation Period.

### V.     ALLOWANCE OF COMPENSATION

47.     The professional services rendered by Akin Gump required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically,

and the results obtained to date have benefited not only the members of the Committee, but also the unsecured creditor body as a whole and the Debtors' estates.

48.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> . . . any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. Moreover, this Court has authorized the filing of this Application pursuant to the Administrative Fee Order.

49.    With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3). The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

50.     The total time spent by Akin Gump attorneys and paraprofessionals during the Compensation Period was 679.55 hours. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

51.     As shown by this application and supporting documents, Akin Gump spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit E is a schedule of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services. In addition, Akin Gump incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $72,799.10 for which Akin Gump respectfully requests reimbursement in full.

52.     The disbursements and expenses have been incurred in accordance with Akin Gump's normal practice of charging clients for expenses clearly related to and required by particular matters. Akin Gump has endeavored to minimize these expenses to the fullest extent possible.

53.     Akin Gump's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, since the needs of each client for such services differ. Akin Gump believes that it is fairest to charge each client only for the services actually used in performing services for it. Akin Gump charges $.10 per page for internal

19

duplicating and does not charge for facsimile transmissions. Akin Gump has negotiated a discounted transactional rate for computer assisted legal research.

54.     No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

55.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period.

**WHEREFORE**, Akin Gump respectfully requests that this Court:

(a)    approve the allowance of $512,510.00 for compensation for professional services rendered to the Committee during the period from March 1, 2013 through and including March 31, 2013;

(b)    approve the reimbursement of Akin Gump's out-of-pocket expenses incurred in connection with the rendering of such services during the period from March 1, 2013 through and including March 31, 2013 in the amount of $72,799.10; and

(c)    authorize and direct the Debtors to immediately pay to Akin Gump the amount of $482,807.10, which is equal to the sum of 80% of Akin Gump's fees and 100% of Akin Gump's expenses incurred during the Compensation Period.

Dated:    New York, New York
        May 14, 2013

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
    Fred S. Hodara (*pro hac vice*)
    A Member of the Firm
    One Bryant Park
    New York, New York 10036
    (212) 872-1000
    Co-Counsel to the Official Committee of
    Unsecured Creditors