# EXHIBIT A-4

| Time/Date [I.B.B.] | Step in Allocation Position | Step in US Claim | Step in Canadian Claims |
|---|---|---|---|
| | Hearing. Each pleading/submission may be made individually, jointly by two or more Core Parties or by one Core Party adopting another Core Party's pleading/submission as applicable. | | |
| May 20 through June 3 | Service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian CCC Allocation Group, Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group must be made by no later than June 30. Earlier document requests are encouraged commencing May 20 and all requests should, to the extent possible, take into account and avoid duplicating requests that have already been delivered. | Service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group must be made by no later than June 30. The US Claims Defendant Group and the Bondholder Allocation Group shall confer on such requests. Earlier document requests are encouraged commencing May 20 and all requests should, to the extent possible, take into account and avoid duplicating requests that have already been delivered. | Service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group must be made by no later than June 30. The Canadian Claims Defendant Group and the Bondholder Allocation Group shall confer on such requests. Earlier document requests are encouraged commencing May 20 and all requests should, to the extent possible, take into account and avoid duplicating requests that have already been delivered. |
| May 30 | Deadline for any Core Party who delivered an Allocation Position and who disputes the Allocation Position of any other Core Party to deliver a responding pleading, entitled "Allocation Response" | The US Claims Defendant Group, Monitor and Canadian Debtors shall file and serve their responses to the US Claims, which may include by reference that Core Party's Allocation Position and | The members of the Canadian Claims Defendant Group and US Debtors to file and serve their responses to the applicable Canadian Claims, setting forth with reasonable particularity the |

| Due Date 2013 | Step in Allocation... | Step in US ... | Step in Canadian ... |
|---|---|---|---|
|  | which sets out with reasonable particularity the material facts relied upon and legal bases for any affirmative responses to the disputed Allocation Position advanced by any other Core Party or to designate its Allocation Position as its Allocation Response. Each of the responses may be made individually, jointly by two or more Core Parties or by one Core Party adopting another Core Party's Allocation Response as applicable. | Allocation Response as applicable. | material facts relied upon and legal bases, which may include by reference that Core Party's Allocation Position and Allocation Response as applicable. |
| June 3 | Deadline for delivery of limited written interrogatories, by each of the Canadian CCC Allocation Group, Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group, seeking identification of (i) the names, roles and last known contact information of witnesses with knowledge of information relevant to the subject matter of Allocation, EMEA Claims or UK Pension Claims, (ii) the storage form and extent of the potentially relevant documents of these individuals and (iii) information sufficient to identify transactions upon which any positions, claims, and/or | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants Group, and the US Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. The US Claims Defendant Group and the Bondholder Allocation Group shall confer on such requests. | Deadline for delivery of Identification Interrogatories, by each of the Canadian EMEA Claimants Group, the UK Pension Claimants Group, and the Canadian Claims Defendant Group. Further written interrogatories may only be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s). The Canadian Claims Defendant Group and the Bondholder Allocation Group shall confer on such requests. |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | defenses of the recipient of the interrogatory rely ("Identification Interrogatories"). Further written interrogatories may only be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s). | | |
| June 7 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. | | |
| June 11 or soon thereafter | In-person meet and confer between the Discovery Participants regarding the discovery requests and interrogatories served, procedures governing the production of documents, and any other issues that have arisen thereof. Earlier telephone or in-person meet and confer sessions are encouraged in respect of document requests and interrogatories as they are delivered. | | |

| Due Date [list] | Stream Allocation | Stream US Claims | Stream Canadian Claims |
|---|---|---|---|
| June 18 | Deadline for responses (very brief descriptions of what a party will produce, not produce – i.e. objections – and why) to document requests in accordance with the Discovery Plan. Deadline for fulsome responses to interrogatories in accordance with the Discovery Plan. | | |
| June 18 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. | | |
| July 9 | Production of documents to be completed in accordance with the Discovery Plan. | | |
| July 15 | Deadline to file motions to compel with respect to document discovery and responses to interrogatories objected to or not answered. Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| July 16 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed sworn statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously filed sworn statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's previously filed sworn statements are being relied upon as evidence at trial in accordance with the Discovery Plan. |
| | Deadline for each of the Canadian CCC Allocation Group, Canadian Allocation Group, the EMEA | Deadline for each of the US EMEA Claimants Group, the UK Pension Claimants, and the US | Deadline for each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the |

| Due Date 2013 | Stepping Allocation Plan | Stepping US Claims | Stepping Canadian Claims |
|---|---|---|---|
| July 16 | Allocation Group, the US Allocation Group and the Bondholder Allocation Group to serve on any opposing Core Party the topics on which that Core Party's representative is to be examined or examined/deposed pursuant to Rule 31 of the Ontario Rules and Rule 30(b)(6) of the U.S. Rules in accordance with the Discovery Plan. | Claims Defendant Group to serve on any opposing Claim Party and/or a member of the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) of the U.S. Rules in accordance with the Discovery Plan. The US Claims Defendant Group and the Bondholder Allocation Group shall confer on such requests. | Canadian Claims Defendant Group to serve on any opposing Claim Party and/or a member of the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in pursuant to Rule 31 of the Ontario Rules in accordance with the Discovery Plan. The Canadian Claims Defendant Group and the Bondholder Allocation Group shall confer on such requests. |
| | Deadline for parties to designate witnesses to be examined or deposed, subject to later additions for the reasons set forth in the Discovery Plan. Each of (1) the Canadian CCC Allocation Group (2) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (3) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (4) the US Allocation Group and the US Claims Defendant Group together, and (5) the Bondholder Allocation Group shall notice examinations/depositions together. | | |
| July 16 | Deadline for each Core Party that is timely served with a notice for an examination/deposition under Rule 31 of the Ontario Rules or Rule 30(b)(6) of the U.S. Rules to identify its representative for oral examination or deposition. | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for deposition. | |
| July 19 | | | Deadline for each Canadian Claim Party that is timely served with a notice for an examination/deposition under Rule 31 of the Ontario Rules to identify its representative for oral examination or deposition. |
| September 12 | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |
| | Deadline to complete witness depositions/examinations in | Deadline to complete witness depositions in accordance with the | Deadline to complete witness depositions/examinations and |

| Time (Date 2013) | Step in Allocation | Stream USK Claims | Stream Canadian Claims |
|---|---|---|---|
| September 25 | accordance with the Discovery Plan (with any undertakings to be answered within three weeks of each examination), with a preference to finish fact witness depositions prior to any Rule 31 representative party examinations or Rule 30(b)(6) depositions. | Discovery Plan, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions. | cross examinations on previously filed sworn statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to Rule 31 representative party examinations. |
| October 4 | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| November 1 | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| December 6 | Deadline to complete depositions of experts in accordance with the Discovery Plan. | | |
| December 13 | Deadline to file all pre-trial motions. | | |
| December 13 | Deadline for filing of opening written submissions with the Courts, including:<br>a) Pre-trial briefs as referenced in Judge Gross's Proposed Final Pretrial Order;<br>b) With respect to Allocation, all fact affidavits to be used as a party's trial testimony for its case in chief;[3]<br>c) With respect to Allocation, a list of all exhibits each party intends to rely on as part of its case in chief;[3] | | |

---

[3] The filings by this deadline shall be referred to as Original Filings. A Discovery Participant may (i) file supplemental affidavits as trial testimony, (ii) file supplemental exhibits, (iii) identify supplementary portions of transcripts of depositions and examinations for discovery, if necessary to supplement the Original Filings. Such supplemental filings are permissible only to the extent that an affidavit or exhibit in the Original Filings of another Core Party dealt with a matter not reasonably anticipated, such that the Discovery Participant's Original Filings do not adequately deal with that matter, and the supplemental filings are delivered as soon as possible.

| Time Period | Steps in Allocation | Steps in US Claims | Steps in Canadian Claims |
|---|---|---|---|
| | d) By the Canadian EMEA Claimants Group and the U.S. EMEA Claimants Group, all fact affidavits to be used as those parties' trial testimony; and<br>a) By the Canadian EMEA Claimants Group and the U.S. EMEA Claimants Group,, a list of all exhibits those parties intend to rely on as part of their case in chief. | | |
| December 20 | Deadline for filing with the Courts:<br>a) All fact affidavits to be used as a party's trial testimony by the Canadian EMEA Defendants Group and the U.S. EMEA Defendants Group; and<br>b) A list of all exhibits each party intended to be relied on by the Canadian EMEA Claimants Group and the U.S. EMEA Claimants Group. | | |
| Week of December 16, if the Courts desire | Pre-Trial Conference(s) –<br>By this date, the Core Parties shall have met and conferred with an effort to reach agreement on:<br>a) the undisputed facts to be agreed upon for trial; and<br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing, including categorizing the documents by issue.<br>By this date, the Core Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest.<br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of | Pre-Trial Conference(s) –<br>By this date, the US Claim Parties shall have met and conferred with an effort to reach agreement on:<br>a) the undisputed facts to be agreed upon for trial; and<br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing, including categorizing the documents by issue.<br>By this date, the US Claim Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest.<br>All Nortel documents produced by a Discovery Participant to be | Pre-Trial Conference(s) –<br>By this date, the Canadian Claim Parties shall have met and conferred with an effort to reach agreement on:<br>a) the undisputed facts to be agreed upon for trial; and<br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing, including categorizing the documents by issue.<br>By this date, the Canadian Claim Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest.<br>All Nortel documents produced by |

| Item Description | Steps in Allocation | Steps in US Claims | Steps in Canadian Claims |
|---|---|---|---|
| | authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. |
| Begins January 6, 2014 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii). | | |

Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause.

# ANNEX A

## DEFINITIONS

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the Allocation Protocol.

Allocation Group: Any of the Canadian CCC Allocation Group and Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

Bondholder Allocation Group: The Bondholder Group.

Canadian Allocation Group: The Canadian Debtors and the Monitor.

Canadian CCC Allocation Group: The CCC.

Canadian Claim Party: Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.

Canadian Claims: Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.

Canadian Claims Defendant Group: The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.

Canadian EMEA Claimants Group: The EMEA Debtors, French Liquidator and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension Claimants who made claims against NNC and NNL.

CCC: The Canadian Creditors Committee, a committee of major creditors having claims against the Canadian Debtors, comprised of: the Former and Disabled Canadian Employees of the Canadian Debtors through their court-appointed representatives and the Canadian Auto Workers Union; Morneau Shepell Ltd., as Administrator of Nortel's Canadian registered pension plans; the Superintendent of Financial Services of Ontario as Administrator of the Pension Benefits Guarantee Fund, and the court-appointed representatives of the Current and Transferred Canadian Employees of the Canadian Debtors.

Claim Group:  Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.

Discovery Participant:  Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Discovery Plan:  The Discovery Plan that will be entered by the Courts.

EMEA Allocation Group:  The UK Pension Claimants, the French Liquidator, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.), and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited.

Representatives:  Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

US Allocation Group:  The US Debtors and the Committee.

US Claims:  Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.

US Claims Defendant Group:  The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.

US EMEA Claimants Group:  The EMEA Debtors, French Liquidator and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks AS, Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France SA, Northern Telecom PCN limited.

US Claim Party:  Any party in the US EMEA Claimants Group or the US Claims Defendant Group, or the UK Pension Claimants.

\6204879



**Rohwer, Ursula**

| | |
|---|---|
| **From:** | Ruby, Peter |
| **Sent:** | Tuesday, May 14, 2013 8:46 PM |
| **To:** | Rohwer, Ursula |
| **Subject:** | FW: Draft Order re Endorsement of May 13, 2013 |
| **Attachments:** | US-EMEA Timetable May 14, 2013.pdf; US-EMEA Discovery Plan May 14, 2013.pdf; blackline (Monitor Timetable v EMEA Filed Version).pdf; blackline (Monitor Discovery Plan v EMEA Filed Version).pdf |

Please print

**From:** Schwill, Robin [mailto:rschwill@dwpv.com]
**Sent:** Tuesday, May 14, 2013 4:04 PM
**To:** Ruby, Peter; 'derrick.tay@gowlings.com'; 'jennifer.stam@gowlings.com'; 'nortel.monitor@ca.ey.com';
'lbarnes@osler.com'; 'esellers@osler.com'; 'ahirsh@osler.com'; 'barry.wadsworth@caw.ca'; 'lewis.gottheil@caw.ca';
'zychk@bennettjones.com'; 'orzyr@bennettjones.com'; 'finlaysong@bennettjones.com'; 'swanr@bennettjones.com';
'mzigler@kmlaw.ca'; 'sphilpott@kmlaw.ca'; 'akaplan@kmlaw.ca'; 'bwalancik@kmlaw.ca';
'ken.rosenberg@paliareroland.com'; 'max.starnino@paliareroland.com'; 'lily.harmer@paliareroland.com';
'tina.lie@paliareroland.com'; 'karen.jones@paliareroland.com'; 'Shayne.kukulowicz@fmc-law.com'; 'Michael.wunder@fmc-law.com'; 'Ryan.jacobs@fmc-law.com'; 'bleonard@casselsbrock.com'; 'dward@casselsbrock.com';
'bburden@casselsbrock.com'; 'chorkins@casselsbrock.com'; 'janice.payne@nelligan.ca'; 'steven.levitt@nelligan.ca';
'christopher.rootham@nelligan.ca'; 'ainslie.benedict@nelligan.ca'; Arthur Jacques; 'thomas.mcrae@shibleyrighton.com';
Campbell, Sean; 'mgottlieb@counsel-toronto.com'; 'sheryl.seigel@mcmillan.ca'; 'jmarshall@blgcanada.com';
'chill@blgcanada.com'; 'bboake@mccarthy.ca'; 'jgage@mccarthy.ca'; 'emarques@mccarthy.ca'; 'psteep@mccarthy.ca';
'bdshaw@mccarthy.ca'; 'jbromley@cgsh.com'; 'lschweitzer@cgsh.com'; 'jopolsky@cgsh.com'; 'hzelbo@cgsh.com';
'mdecker@cgsh.com'; 'eweiss@cgsh.com'; 'lpeacock@cgsh.com'; 'jmoessner@cgsh.com'; 'jrosenthal@cgsh.com';
'tdemarinis@torys.com'; 'sbomhof@torys.com'; 'sblock@torys.com'; 'agray@torys.com'; 'aslavens@torys.com';
'jsalmas@heenan.ca'; 'kkraft@heenan.ca'; 'svanallen@heenan.ca'; 'fhodara@akingump.com'; 'dbotter@akingump.com';
'aqureshi@akingump.com'; 'rajohnson@akingump.com'; 'tkreller@milbank.com'; 'jharris@milbank.com';
'APisa@milbank.com'; 'michael.riela@lw.com'; 'elamek@blgcanada.com'; 'Ken.Coleman@AllenOvery.com';
'Laura.Hall@AllenOvery.com'; 'Paul.Keller@AllenOvery.com'; 'Daniel.Guyder@AllenOvery.com'; 'dabbott@mnat.com';
'acordo@mnat.com'; 'dalowenthal@pbwt.com'; 'Selinda.Melnik@dlapiper.com'; 'richard.hans@dlapiper.com';
'timothy.hoeffner@dlapiper.com'; 'adler@hugheshubbard.com'; 'oxford@hugheshubbard.com';
'tabataba@hugheshubbard.com'; 'huberty@hugheshubbard.com'; 'craig.barbarosh@kattenlaw.com';
'david.crichlow@kattenlaw.com'; 'karen.dine@kattenlaw.com'; 'eharron@ycst.com'; 'jdorsey@ycst.com';
'mbarrack@tgf.ca'; 'djmiller@tgf.ca'; 'amcewan@tgf.ca'; 'rlewis@tgf.ca'; 'Michael.Lang@nortonrose.com';
'bo'connor@willkie.com'; 'Putnam, Betsy'
**Cc:** Zarnett, Benjamin; Myers, Fred; Kimmel, Jessica; Pasquariello, Joe; Carfagnini, Jay; Armstrong, Christopher
**Subject:** RE: Draft Order re Endorsement of May 13, 2013

Peter,

As you will have seen from the filing of the U.S. Debtor's material, the EMEA Debtors support the U.S. Debtor's Litigation Timetable and Discovery Plan over the Monitor's, although we continue to fix up some obvious drafting errors.

In this regard, we thought that it might be of some assistance to attach a copy of what we believe is the most current US Interests/EMEA Debtors proposed Litigation Timetable and Discovery Plan together with black line comparisons to the Monitor's.

**From:** Ruby, Peter [mailto:pruby@goodmans.ca]
**Sent:** May 14, 2013 11:26 AM
**To:** Ruby, Peter; 'derrick.tay@gowlings.com'; 'jennifer.stam@gowlings.com'; 'nortel.monitor@ca.ey.com';

'lbarnes@osler.com'; 'esellers@osler.com'; 'ahirsh@osler.com'; 'barry.wadsworth@caw.ca'; 'lewis.gottheil@caw.ca';
'zychk@bennettjones.com'; 'orzyr@bennettjones.com'; 'finlaysong@bennettjones.com'; 'swanr@bennettjones.com';
'mzigler@kmlaw.ca'; 'sphilpott@kmlaw.ca'; 'akaplan@kmlaw.ca'; 'bwalancik@kmlaw.ca';
'ken.rosenberg@paliareroland.com'; 'max.starnino@paliareroland.com'; 'lily.harmer@paliareroland.com';
'tina.lie@paliareroland.com'; 'karen.jones@paliareroland.com'; 'Shayne.kukulowicz@fmc-law.com'; 'Michael.wunder@fmc-
law.com'; 'Ryan.jacobs@fmc-law.com'; 'bleonard@casselsbrock.com'; 'dward@casselsbrock.com';
'bburden@casselsbrock.com'; 'chorkins@casselsbrock.com'; 'janice.payne@nelligan.ca'; 'steven.levitt@nelligan.ca';
'christopher.rootham@nelligan.ca'; 'ainslie.benedict@nelligan.ca'; Arthur Jacques; 'thomas.mcrae@shibleyrighton.com';
Schwill, Robin; Campbell, Sean; 'mgottlieb@counsel-toronto.com'; 'sheryl.seigel@mcmillan.ca';
'jmarshall@blgcanada.com'; 'chill@blgcanada.com'; 'bboake@mccarthy.ca'; 'jgage@mccarthy.ca';
'emarques@mccarthy.ca'; 'psteep@mccarthy.ca'; 'bdshaw@mccarthy.ca'; 'jbromley@cgsh.com'; 'lschweitzer@cgsh.com';
'jopolsky@cgsh.com'; 'hzelbo@cgsh.com'; 'mdecker@cgsh.com'; 'eweiss@cgsh.com'; 'lpeacock@cgsh.com';
'jmoessner@cgsh.com'; 'jrosenthal@cgsh.com'; 'tdemarinis@torys.com'; 'sbomhof@torys.com'; 'sblock@torys.com';
'agray@torys.com'; 'aslavens@torys.com'; 'jsalmas@heenan.ca'; 'kkraft@heenan.ca'; 'svanallen@heenan.ca';
'fhodara@akingump.com'; 'dbotter@akingump.com'; 'aqureshi@akingump.com'; 'rajohnson@akingump.com';
'tkreller@milbank.com'; 'jharris@milbank.com'; 'APisa@milbank.com'; 'michael.riela@lw.com'; 'elamek@blgcanada.com';
'Ken.Coleman@AllenOvery.com'; 'Laura.Hall@AllenOvery.com'; 'Paul.Keller@AllenOvery.com';
'Daniel.Guyder@AllenOvery.com'; 'dabbott@mnat.com'; 'acordo@mnat.com'; 'dalowenthal@pbwt.com';
'Selinda.Melnik@dlapiper.com'; 'richard.hans@dlapiper.com'; 'timothy.hoeffner@dlapiper.com';
'adler@hugheshubbard.com'; 'oxford@hugheshubbard.com'; 'tabataba@hugheshubbard.com';
'huberty@hugheshubbard.com'; 'craig.barbarosh@kattenlaw.com'; 'david.crichlow@kattenlaw.com';
'karen.dine@kattenlaw.com'; 'eharron@ycst.com'; 'jdorsey@ycst.com'; 'mbarrack@tgf.ca'; 'djmiller@tgf.ca';
'amcewan@tgf.ca'; 'rlewis@tgf.ca'; 'Michael.Lang@nortonrose.com'; 'bo'connor@willkie.com'; 'Putnam, Betsy'
**Cc:** Zarnett, Benjamin; Myers, Fred; Kimmel, Jessica; Pasquariello, Joe; Carfagnini, Jay; Armstrong, Christopher
**Subject:** RE: Draft Order re Endorsement of May 13, 2013

Further to our email below, we will be providing the Monitor's material to Justice Morawetz this afternoon. If you
would like us to include your comments or alternate forms of Order with the Monitor's material, please provide your
documents to us by 3:00pm today. This includes the draft Protective Order, with respect to which we have received few
comments.

**From:** Ruby, Peter
**Sent:** Monday, May 13, 2013 10:20 PM
**To:** 'derrick.tay@gowlings.com'; 'jennifer.stam@gowlings.com'; 'nortel.monitor@ca.ey.com'; 'lbarnes@osler.com';
'esellers@osler.com'; 'ahirsh@osler.com'; 'barry.wadsworth@caw.ca'; 'lewis.gottheil@caw.ca'; 'zychk@bennettjones.com';
'orzyr@bennettjones.com'; 'finlaysong@bennettjones.com'; 'swanr@bennettjones.com'; 'mzigler@kmlaw.ca';
'sphilpott@kmlaw.ca'; 'akaplan@kmlaw.ca'; 'bwalancik@kmlaw.ca'; 'ken.rosenberg@paliareroland.com';
'max.starnino@paliareroland.com'; 'lily.harmer@paliareroland.com'; 'tina.lie@paliareroland.com';
'karen.jones@paliareroland.com'; 'Shayne.kukulowicz@fmc-law.com'; 'Michael.wunder@fmc-law.com'; 'Ryan.jacobs@fmc-
law.com'; 'bleonard@casselsbrock.com'; 'dward@casselsbrock.com'; 'bburden@casselsbrock.com';
'chorkins@casselsbrock.com'; 'janice.payne@nelligan.ca'; 'steven.levitt@nelligan.ca'; 'christopher.rootham@nelligan.ca';
'ainslie.benedict@nelligan.ca'; 'arthur.jacques@shibleyrighton.com'; 'thomas.mcrae@shibleyrighton.com';
'rschwill@dwpv.com'; 'scampbell@dwpv.com'; 'mgottlieb@counsel-toronto.com'; 'sheryl.seigel@mcmillan.ca';
'jmarshall@blgcanada.com'; 'chill@blgcanada.com'; 'bboake@mccarthy.ca'; 'jgage@mccarthy.ca';
'emarques@mccarthy.ca'; 'psteep@mccarthy.ca'; 'bdshaw@mccarthy.ca'; 'jbromley@cgsh.com'; 'lschweitzer@cgsh.com';
'jopolsky@cgsh.com'; 'hzelbo@cgsh.com'; 'mdecker@cgsh.com'; 'eweiss@cgsh.com'; 'lpeacock@cgsh.com';
'jmoessner@cgsh.com'; 'jrosenthal@cgsh.com'; 'tdemarinis@torys.com'; 'sbomhof@torys.com'; 'sblock@torys.com';
'agray@torys.com'; 'aslavens@torys.com'; 'jsalmas@heenan.ca'; 'kkraft@heenan.ca'; 'svanallen@heenan.ca';
'fhodara@akingump.com'; 'dbotter@akingump.com'; 'aqureshi@akingump.com'; 'rajohnson@akingump.com';
'tkreller@milbank.com'; 'jharris@milbank.com'; 'APisa@milbank.com'; 'michael.riela@lw.com'; 'elamek@blgcanada.com';
'Ken.Coleman@AllenOvery.com'; 'Laura.Hall@AllenOvery.com'; 'Paul.Keller@AllenOvery.com';
'Daniel.Guyder@AllenOvery.com'; 'dabbott@mnat.com'; 'acordo@mnat.com'; 'dalowenthal@pbwt.com';
'Selinda.Melnik@dlapiper.com'; 'richard.hans@dlapiper.com'; 'timothy.hoeffner@dlapiper.com';
'adler@hugheshubbard.com'; 'oxford@hugheshubbard.com'; 'tabataba@hugheshubbard.com';
'huberty@hugheshubbard.com'; 'craig.barbarosh@kattenlaw.com'; 'david.crichlow@kattenlaw.com';

'karen.dine@kattenlaw.com'; 'eharron@ycst.com'; 'jdorsey@ycst.com'; 'mbarrack@tgf.ca'; 'djmiller@tgf.ca'; 'amcewan@tgf.ca'; 'rlewis@tgf.ca'; 'Michael.Lang@nortonrose.com'; 'bo'connor@willkie.com'; 'Putnam, Betsy'
**Cc:** Zarnett, Benjamin; Myers, Fred; Kimmel, Jessica; Pasquariello, Joe; Carfagnini, Jay; Ruby, Peter; Armstrong, Christopher
**Subject:** Draft Order re Endorsement of May 13, 2013

Please find attached the Monitor's draft Order with respect to Justice Morawetz's May 3, 2013 endorsement (the "Endorsement") that will implement the Litigation Timetable and Discovery Plan.

**Timetable and Discovery Plan**

The Canadian Debtors were directed in paragraph 27 of the Endorsement to amend "[t]he Litigation Timetables and the draft Discovery Plan attached to the submissions of the Canadian Debtors ...to take into account the foregoing". The Endorsement dealt specifically with six amendments to the Canadian Debtors' earlier proposal that were directed to be made. The Endorsement also described the Court's expectation that the parties communicate with each other, cooperate with each other and use their common sense in a productive way (para. 9). The attached draft Order implements that direction by making those six amendments and by taking into account the comments of various parties who the Monitor has attempted to reach consensus with over the past week.

The Endorsement was expressly made with reference to the chart provided by the U.S. Debtors that was attached as Schedule A to the Endorsement (paras. 10 and 13). With respect to scheduling, this chart provided with respect the EMEA Debtors' position that fact discovery should last 4.5 months ending September 27, 2013 and expert discovery should last 1.5 months ending December 6, 2013, and these were the two scheduling elements that formed part of the six amendments that the Endorsement directed be made to the Canadian Debtors' proposed timetable. Subject to small changes to accommodate religious holidays and the fact that the timetable start date is later than contemplated when the motion leading to the Endorsement was heard by the Court, the attached draft Order implements these amendments and the other four amendments that appeared today to be uncontroversial.

In addition, the attached draft Order includes the following points in response to several of the comments made by other Core Parties:

1.  The draft Order provides for a document request period running from May 20 through June 3 (not a single fixed date). Parties are encouraged to make their document requests early in the period so that their document requests are addressed first by the parties to which the requests are addressed and, because document request coordination is required, give early movers the advantage of having others' requests having to be layered onto the early requests. Implementing a document request period instead of a fixed date will allow parties that value documentary discovery even before the pleadings close to move quickly while allowing parties that value making document requests in the context of all the pleadings to make requests after the pleadings have closed – and allow for every position in between. This allows for a maximum of 4.5 months of fact discovery for those who want it, but also gives others the option to take their time at the outset in formulating their requests for documents.

2.  The draft order attaches the Discovery Plan, which has been simplified to remove duplication between that document and the Litigation Plan and to make the Discovery Plan date-neutral (all the dates are in Litigation Timetable).

3.  The draft order also includes a reference to a Protective Order, which will be attached to the version of this draft order submitted to the Courts tomorrow, once we receive the parties' comments, if any, on the draft Protective Order the Monitor circulated last week. This is critical to the ability of the parties to respond to document requests.

4.  We have not altered the schedule for production, motions to compel and oral discovery because there is a legitimate concern that doing so will result in all the examinations/depositions having to be scheduled in

September, which is likely what will occur if notices for examinations/depositions are not served on witnesses until August.  This is problematic given the number of expected examinations and depositions and the difficulty in accomplishing this will be further compounded by the Jewish Holidays which fall in September this year.

**Wednesday, May 15, 2013**

The Ontario Court has advised that the Chambers appointment that was scheduled earlier today will still proceed on Wednesday at 8:30am.  The Court has indicated that it expects that there are matters, such as settling the form of order to give effect to the Endorsement, that should be able to proceed without the necessity of a joint hearing.  There will also be a joint hearing of both Courts on Wednesday at 4:30pm which the Ontario Court has indicated the parties may attend in person or by teleconference, at their option.

Parties are encouraged to provide to the Monitor with any comments on the attached draft Order and Discovery Plan tomorrow, along with any comments on the draft Protective Order, so that the Monitor can compile everything to provide to the Court reasonably before or at the 8:30am attendance on Wednesday.

**Peter Ruby**
Goodmans LLP

416.597.4184
goodmans.ca

***** Attention *****

This communication is intended solely for the named addressee(s) and may contain information that is privileged, confidential, protected or otherwise exempt from disclosure. No waiver of confidence, privilege, protection or otherwise is made. If you are not the intended recipient of this communication, please advise us immediately and delete this email without reading, copying or forwarding it to anyone.

Robin B. Schwill

| 155 Wellington Street West | T 416 863 5502 |
| Toronto, ON M5V 3J7 | rschwill@dwpv.com |

DAVIES WARD PHILLIPS & VINEBERG LLP

This e-mail may contain confidential information which may be protected by legal privilege. If you are not the intended recipient, please immediately notify us by reply e-mail or by telephone (collect if necessary), delete this e-mail and destroy any copies.

US Interests and EMEA Debtors' Proposed Litigation Timetable as of May 14, 2013

## LITIGATION TIMETABLE

Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol, it is hereby ordered:[1]

| | | |
|---|---|---|
| May 16 by noon E.D.T. | Any Core Party who wishes to participate in the Allocation dispute shall serve a pleading or opening submission styled "Allocation Position of [●]" which will set out with reasonable particularity the relief sought with respect to allocation, the material facts relied upon and legal bases for the allocation position being advanced by that Core Party by noon E.D.T. on May 16, 2013 and file the same within the next business day. | The US Claims Defendant Group shall file and serve their responses to the US Claims. |
| May 17 | Any Core Party may serve a joinder before May 17 and file the same within the next business day, provided that the joinder does not advance any new legal bases and does not rely on new material facts. | |

---

[1]  Capitalized terms shall have the meaning ascribed to them in the Allocation Protocol and Annex A attached hereto.

| Date | | | |
|---|---|---|---|
| May 17 | The Discovery Participants shall aim to reach agreement on a Confidentiality Stipulation and Protective Order as soon as possible. To the extent the Discovery Participants are unable to agree on a Confidentiality Stipulation and Protective Order, May 17 is the deadline for the Discovery Participants to file their versions of the Confidentiality Stipulation and Protective Order with the Courts. | | |
| May 22 | Deadline for service of limited and specific for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group. | Deadline for service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group. | Deadline for service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group. |
| May 22 | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the Canadian Allocation Group, the US Allocation Group, the EMEA Allocation Group, and the Bondholder Allocation Group, without prejudice to an Allocation Group's right to later serve contention interrogatories, as to be discussed and/or resolved by the Courts. | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group, without prejudice to a Canadian Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. |

| | | |
|---|---|---|
| | | With respect to the Canadian Claims, each Disputing Creditor shall receive from the Monitor and the Canadian Debtors, by May 29, 2013, a response to such Disputing Creditor's Affirmative Pleading setting forth, with reasonable particularity, the grounds for the disallowance, the material facts relied upon and the legal bases for the disallowance |
| May 24 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. | |
| May 29 | | |

| | |
|---|---|
| May 29 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, Bondholder Group, and any other Core Party who filed an opening submission may each file and serve a response to any opposing Core Party's opening submission or designate its opening submission as a cross-response. Each of the responses may be made individually, jointly, and/or by joining another Core Party's response. |
| June 3 | Deadline for supplemental document requests and identification interrogatories related to new issues raised in responsive submissions. |
| June 6 | In-person meet and confer between the Discovery Participants regarding the discovery requests and interrogatories served, procedures governing the production of documents, deposition procedures, and any other issues that have arisen thereof. |
| June 10 | Deadline for responses and objections to document requests and objections to interrogatories in accordance with the Discovery Plan. |
| June 10 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. |
| July 3 | Date by which parties must certify substantial progress with regard to production of documents. |
| July 22 | Date by which parties must certify substantial completion with regard to production of documents. |

4

| | | | |
|---|---|---|---|
| July 24 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. |
| July 26 | Deadline to file motions to compel and/or motions for a protective order with respect to document discovery. Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| July 26 | Deadline for each of the Canadian Allocation Group, the EMEA Allocation Group, and the US Allocation Group to serve on any opposing Core Party the topics on which that Core Party's representative is to be examined or deposed in accordance with the Discovery Plan. | Deadline for each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group to serve on any opposing Claim Party and/or a member of the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) in accordance with the Discovery Plan. | Deadline for each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group to serve on any opposing Claim Party and/or a member of the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in accordance with the Discovery Plan. |

| July 29 | Deadline for parties to designate witnesses to be examined or deposed, subject to later additions for the reasons set forth in the Discovery Plan. Each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (3) the US Allocation Group and the US Claims Defendant Group together may designate a limited number of fact witnesses for examination or deposition in accordance with the Discovery Plan. Parties are encouraged to identify witnesses as early as possible in order to facilitate scheduling. | | |
|---|---|---|---|
| August 2 | Deadline for each Core Party that is timely served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for oral examination or deposition. | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for deposition. | Deadline for each Canadian Claim Party that is timely served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure to identify its representative for an oral examination. |
| August 5 | In-person meet and confer between the Discovery Participants regarding witnesses to be deposed or examined, deposition procedures and any other issues that have arisen. | | |
| September 13 | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |

| Date | | | |
|---|---|---|---|
| September 27 | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions. | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions. | Deadline to complete witness depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to representative party examinations. |
| October 4 | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| November 1 | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| Week of November 11 | Preliminary pre-trial conference. | | |
| December 6 | Deadline to complete depositions of experts in accordance with the Discovery Plan. | | |
| December 9* | Deadline to file a list of all witnesses and exhibits that each Discovery Participant intends to rely upon as part of its direct case. | | |
| December 13* | Deadline to file pre-trial motions. | | |

7

* All dates for pre-trial submissions are subject to modification by the Courts at the preliminary pre-trial conference.

| December 13* | Deadline for filing of opening written submissions with the Courts. The content of such submissions will include: <br><br> a) Pre-trial briefs; <br><br> b) All fact affidavits to be used as direct testimony; <br><br> c) All exhibits to be used in a Discovery Participant's direct case; and <br><br> d) All deposition testimony to be used in a Discovery Participant's direct case. | | |
|---|---|---|---|
| Week of December 16,* if the Courts desire | Pre-Trial Conference(s) – <br><br> By this date, the Core Parties shall have met and conferred with an effort to reach agreement on: <br><br> a) the undisputed facts to be agreed upon for trial; and <br><br> b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing. <br><br> All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | Pre-Trial Conference(s) – <br><br> By this date, the US Claim Parties and the Canadian Claims Defendant Group shall have met and conferred with an effort to reach agreement on: <br><br> a) the undisputed facts to be agreed upon for trial; and <br><br> b) the exhibits for use at the Joint Hearing. <br><br> All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | Pre-Trial Conference(s) – <br><br> By this date, the Canadian Claim Parties and the US Claims Defendant Group shall have met and conferred with an effort to reach agreement on: <br><br> a) the undisputed facts to be agreed upon for trial; and <br><br> b) the contents of document briefs for use at the Joint Hearing. <br><br> All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. |

| Begins January 6, 2014 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii). The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims. |
| | Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause. |

## ANNEX A

### DEFINITIONS

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the Allocation Protocol.

Allocation Group:  Any of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

Bondholder Allocation Group:  The Bondholder Group.

Canadian Allocation Group:  The Canadian Debtors, the Monitor, and the CCC.

Canadian Claim Party:  Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.

Canadian Claims:  Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.

Canadian Claims Defendant Group:  The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.

Canadian EMEA Claimants Group:  The EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension Claimants who made claims against NNC and NNL.  Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

Claim Group:  Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.

Discovery Participant:  Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Discovery Plan:  The Discovery Plan that will be entered by the Courts.

10

Disputing Creditor: Any party who has delivered an Affirmative Pleading to dispute the disallowance of its claim by the Monitor and the Canadian Debtors.

EMEA Allocation Group: The UK Pension Claimants, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.), and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited. Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

Identification Interrogatories: Interrogatories seeking identification of (i) the names, roles and last known contact information of witnesses with knowledge of information relevant to the subject matter of Allocation, EMEA Claims or UK Pension Claims, (ii) information sufficient to identify transactions upon which any positions, claims, and/or defenses of the recipient of the interrogatory rely. An interrogatory seeking the names of multiple individuals or transactions shall be considered one interrogatory for purposes of any numerical limit on the number of interrogatories.

Representatives: Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

US Allocation Group: The US Debtors and the Committee.

US Claims: Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.

US Claims Defendant Group: The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.

US EMEA Claimants Group: The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks AS, Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France SA, Northern Telecom PCN limited. Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

US Claim Party: Any party in the US EMEA Claimants Group or the US Claims Defendant Group, or the UK Pension Claimants.

11

US Interests and EMEA Debtors' Proposed Discovery Plan as of May 14, 2013

# DISCOVERY PLAN

| | |
|---|---|
| **1. Definitions** | Capitalized terms used herein and not otherwise defined shall have the meaning ascribed in the Allocation Protocol or Litigation Timetable. |
| **2. Applicable Procedural Regime:** | In accordance with the Cross Border Protocol, the Cross-Claims Protocol and the Allocation Protocol, the following procedural regimes apply: |

(1) With respect to Allocation, the Cross-Border, Cross-Claims and Allocation Protocols apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.

(2) With respect to US Claims, the Cross-Border and Cross-Claims Protocols apply to the extent not inconsistent with this Discovery Plan, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.

(3) With respect to Canadian Claims, the Cross-Border Protocol, the Cross-Claims Protocols, the Claims Resolution Order, and the EMEA Claims Procedure Order apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario will apply as applicable.

| | |
|---|---|
| **3. Scope of Documentary Discovery Among Discovery Participants:** | *a) Definition of Documents* |

References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01(a) of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure.

*b) Reasonably Accessible Documents and Proportionality*

No Discovery Participant will be required to search data sources, including applications and databases, that it reasonably understands to already be in the possession, custody, or control of the Allocation Group or Claim Group making the request, provided that a Discovery Participant shall enumerate in its response to a discovery request any data sources that are not being searched on this ground.

Each Discovery Participant will only be required to search reasonably accessible data. A Discovery Participant who believes that responsive materials are reasonably likely to be found in a decommissioned application or in storage media that cannot be accessed without considerable burden, time or expense shall give prompt notice of this in its response to a document request, and shall meet and confer in good faith with the requesting party or parties regarding the cost and practicality of accessing such responsive materials giving attention to the principle of proportionality.

A Discovery Participant shall not be required to re-produce a document that has already been produced by another Discovery Participant and the same document shall not be required to be produced by more than one Discovery Participant.

In light of the volume of the Debtors' hard-copy documents maintained in off-site storage facilities, and the abundance of available and overlapping electronic data, no Discovery Participant will be obligated to search such hard-copy documents, and rather will produce indices of such hard-copy documents (to the extent they exist) with their responses to any document request and shall meet and confer in good faith with the requesting party or parties regarding hard-copy documents that will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense. If any party creates an electronic version of those documents, that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with Schedule A hereto to the extent reasonable and not overly burdensome.

*c) Previously Produced Documents*

Documents produced into the Merrill Lextranet database ("Mediation Dataroom") for the purpose of the several mediations in this proceeding may be treated as having been produced in the Allocation, US Claims and Canadian Claims litigation, and any Discovery Participant that does not already have such documents shall be provided access to this Merrill Lextranet database, subject to an appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the Discovery Participants to clawback any privileged documents that may have been produced in the mediation context or that may be produced under this Discovery Plan. Any Discovery Participant may request the load files for the Mediation Dataroom containing metadata from Merrill in order to facilitate loading such documents on a review platform of their choosing.

*d) No Waiver of Privilege*

The fact that a document has been produced by any Discovery Participant shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other Discovery Participant who asserts privilege over the document), and any Discovery Participant who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in a confidentiality or protective order.

*f) Document Requests*

**By no later than May 22, 2013**

For Allocation, each Allocation Group shall be entitled to serve limited reasonable requests for production of non-privileged documents, such requests to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant; provided that the Bondholder Group, prior to making such requests, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the document requests of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 24, 2013 to seek agreement with a Discovery Participant from whom it seeks documents and, failing agreement, to seek leave of the Courts to make additional document requests if it believes in good faith that such requests are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on each opposing US Claim Party. The US Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on the Canadian Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed document request and by the US Court where the US Debtors are the recipient of the disputed document request. The Canadian and US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.