# EXHIBIT A-6

US Interests and EMEA Debtors' Proposed Discovery Plan as of May 14, 2013

Schedule "1"
to the Litigation Timetable

**Ontario Superior Court of Justice—Commercial List Court File No. 09-CL-7950**
**United States Bankruptcy Court for the District of Delaware Court file No. 09-10138(KG)**

**RE: IN THE MATTER OF NORTEL NETWORKS CORPORATION ET AL**

## DISCOVERY  PLAN

| | |
|---|---|
| 1.  **Definitions** | Capitalized terms used herein and not otherwise defined shall have the ~~same~~ meaning ascribed in the Allocation Protocol or Litigation Timetable ~~to which this document is a schedule and the Joint Discovery Scheduling Order.~~ |
| 2.  **Applicable Procedural Regime:** | ~~The~~In accordance with the Cross-Border Protocol, the Cross-Claims Protocol and the Allocation Protocol, the following procedural regimes apply:<br><br>~~(a)  in the Ontario Superior Court of Justice.~~<br><br>(1) With respect to Allocation, the Cross-Border, Cross-Claims and Allocation Protocols apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario~~; and~~, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.<br><br>(2) With respect to US Claims, the Cross-Border and Cross-Claims Protocols apply to the extent not inconsistent with this Discovery Plan, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.<br><br>(3) ~~(b)  in the District Court of Delaware, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court District of Delaware.~~With respect to Canadian Claims, the Cross-Border Protocol, the Cross-Claims Protocols, the Claims Resolution Order, and the EMEA Claims Procedure Order apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario will apply as applicable. |

−2−

**3. Scope of Documentary Discovery _Among Discovery Participants_:**

~~General Principles:~~

~~All in accordance with the dates and steps set out in the Litigation Timetable:~~

*a) Definition of Documents*

References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01(a) of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure.

*b) Reasonably Accessible Documents and Proportionality*

No ~~Core Party~~Discovery Participant will be required to search data sources, including applications and databases, that it reasonably understands ~~to~~ already ~~to~~ be in the possession, custody, or control of the ~~Core Party making the request~~Allocation Group or Claim Group making the request, provided that a Discovery Participant shall enumerate in its response to a discovery request any data sources that are not being searched on this ground.

Each ~~Core Party~~Discovery Participant will ~~search~~ only be required to search reasonably accessible data~~, which excludes data~~. A Discovery Participant who believes that responsive materials are reasonably likely to be found in a decommissioned application or in storage media that cannot be accessed without considerable burden, time or expense. shall give prompt notice of this in its response to a document request, and shall meet and confer in good faith with the requesting party or parties regarding the cost and practicality of accessing such responsive materials giving attention to the principle of proportionality.

A Discovery Participant shall not be required to re-produce a document that has already been produced by another Discovery Participant and the same document shall not be required to be produced by more than one Discovery Participant.

In light of the volume of the Debtors' hard -copy documents maintained in off-site storage facilities, and the abundance of available and overlapping electronic data, no ~~Core Party is~~Discovery Participant will be obligated to search such hard -copy documents, and rather will produce indices of such hard-copy documents (to the extent they exist) ~~and~~with their responses to any document request and shall meet and confer in good faith with the requesting party or parties regarding ~~what~~ hard -copy documents that will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other

parties shall be notified and copies shall be provided to all parties at their own expense.   If any party creates an electronic version of those documents, that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with ~~Appendix I~~Schedule A hereto to the extent reasonable and not overly burdensome.

*c) Previously Produced Documents*

~~All documents already~~Documents produced into the Merrill Lextranet database ("Mediation Dataroom") for the purpose of the several mediations in this proceeding ~~are to~~may be treated as having been produced in ~~this~~the Allocation, US Claims and Canadian Claims litigation, and any ~~Core Party~~Discovery Participant that does not already have such documents shall be provided access to ~~the~~this Merrill Lextranet database, subject to an appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the ~~Core Parties~~Discovery Participants to clawback any privileged documents that may have been produced in the mediation context or that may be ~~inadvertently~~ produced under this Discovery Plan.  Any Discovery Participant may request the load files for the Mediation Dataroom containing metadata from Merrill in order to facilitate loading such documents on a review platform of their choosing.

*d) No Waiver of Privilege*

The fact that a document has been produced by any ~~Core Party~~Discovery Participant shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other ~~Core Party~~Discovery Participant who asserts privilege over the document), and any ~~Core Party~~Discovery Participant who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in a confidentiality or protective order.

*~~e) Deemed Undertaking~~*

~~All of the Core Parties and their counsel shall be deemed to have undertaken not to use any evidence or information obtained in the course of the discovery (including document discovery and depositions) contemplated hereby for any purposes other than the litigation being conducted under the court-ordered Allocation Protocol and Litigation Timetable.~~

**~~Document Requests and Interrogatories~~**

–4–

~~Document requests are to be made further to the Litigation Timetable,
specified and categorized with reference to the issues between the Core
Parties as raised by the pleadings and to be accompanied by suggested
sources and search parameters.~~

*f) Document Requests*

**By no later than May 22, 2013**

For Allocation, each Allocation Group shall be entitled to serve limited
reasonable requests for production of non-privileged documents, such
requests to represent the coordinated effort of all Discovery Participants
within the Allocation Group, on each opposing Discovery Participant;
provided that the Bondholder Group, prior to making such requests, shall
consult with the Canadian Allocation Group and the US Allocation
Group, as applicable, to avoid duplication and undue burden.   The
Discovery Participants who do not belong to any Allocation Group may
suggest inclusions in the document requests of an Allocation Group with
similarly aligned interests.   Further, such Discovery Participants who do
not belong to an Allocation Group will have until May 24, 2013 to seek
agreement with a Discovery Participant from whom it seeks documents
and, failing agreement, to seek leave of the Courts to make additional
document requests if it believes in good faith that such requests are
necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension
Claimants and the US Claims Defendant Group shall be entitled to serve
limited and specific requests for production of non-privileged documents
on each opposing US Claim Party.   The US Claims Defendant Group and
the Bondholder Group shall confer on such requests.   In addition, the
EMEA Claimants Group, the UK Pension Claimants and the US Claims
Defendant Group shall be entitled to serve limited and specific requests
for production of non-privileged documents on the Canadian Debtors,
provided that any disputes are resolved by Canadian Court where the
Canadian Debtors are the recipient of the disputed document request and
by the US Court where the US Debtors are the recipient of the disputed
document request.   The Canadian and US Debtors' agreement to accept
such discovery requests does not constitute submission to jurisdiction or a
waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the
UK Pension Claimants and the Canadian Claims Defendant Group shall
be entitled to serve limited and specific requests for production of non-
privileged documents on each opposing Canadian Claim Party.   The
Canadian Claims Defendant Group and the Bondholder Group shall
confer on such requests.   In addition, the EMEA Claimants Group, the
UK Pension Claimants and the Canadian Claims Defendant Group shall

be entitled to serve limited and specific requests for production of non-privileged documents on the US Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed document request and by the US Court where the US Debtors are the recipient of the disputed document request. The Canadian and US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

~~Core Parties~~Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation document requests and ~~will meet and confer about the discovery requests both before and after they have been made~~US Claims/Canadian Claims document requests. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group  may obtain leave to serve additional document requests upon a showing of good cause.

*g) Interrogatories*

By no later than May 22, 2013

For Allocation, each Allocation Group shall be entitled to serve a limited number of reasonable Identification Interrogatories, such interrogatories to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant (not to exceed ten on any Discovery Participant); provided that the Bondholder Group, prior to serving such interrogatories, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden.  The Discovery Participants who do not belong  to  any  Allocation  Group  may  suggest  inclusions  in  the interrogatories of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 24, 2013 to seek agreement with a Discovery Participant on whom it wishes to serve interrogatories and, failing agreement, to seek leave of the Courts to serve additional interrogatories if it believes in good faith that such interrogatories are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and US Claims Defendant Group shall be entitled to serve a limited  number  of  reasonable  Identification  Interrogatories  on  each opposing  US  Claim  Party  (not  to  exceed  ten  on  any  Discovery Participant).  The US Claims Defendant Group and the Bondholder Group shall confer on such interrogatories.  In addition, the EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification

Interrogatories on the Canadian Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed interrogatory and by the US Court where the US Debtors are the recipient of the disputed interrogatory. The Canadian and US Debtors' agreement to accept such interrogatories does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on each opposing Canadian Claim Party. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such interrogatories. In addition, the EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on the US Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed interrogatory and by the US Court where the US Debtors are the recipient of the disputed interrogatory. The Canadian and US Debtors' agreement to accept such interrogatories does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

~~Core Parties~~Discovery Participants will ~~also~~ work in good faith to ~~streamline interrogatories so as to minimize duplication as between the different anticipated requests where interests can be aligned on particular topics or for particular Opposing Core Parties with interrogatories in common.~~eliminate duplication and redundancy between Allocation interrogatories and US Claims interrogatories. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional Identification Interrogatories upon a showing of good cause.

The ~~Core Parties shall meet and confer as is reasonable and in accordance with the Litigation Timetable.~~availability of contention interrogatories shall be decided by mutual agreement among the Discovery Participants at a later date, and, failing agreement, by the Court(s).

_h) Responses and Objections_

By no later than June 10, 2013

~~Core Parties may object to document requests and identification interrogatories.~~ When objecting to any discovery request, the recipient of such discovery ~~request~~requests shall state the basis for objection ~~as provided for herein. Objections, which~~ may be made ~~only on grounds of relevance (having regard to the issues between the parties as raised by the~~

pleadings), subsisting privilege and proportionality on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2. Recipients are strongly encouraged to prepare joint objections to the same document request or interrogatories to the extent their objections overlap.

**Rolling i) Production** *of Documents*

**Rolling Productions of Documents Shall Commence June 10, 2013 and Shall Be Completed by July 22, 2013:**

Subject to any objections made and sustained if challenged (see motions procedure below), each Core Party recipient of a document request shall produce any responsive non-privileged documents to any request made of it to all other Core Parties Discovery Participants by producing such documents into the Merrill Lextranet database (to the extent they overlap, responses to multiple request requests may be combined or cross-referenced to each other to avoid duplication), in accordance with Appendix I.

In this same time frame, each Core Party Discovery Participant shall produce any further documents that they may introduce into evidence intend to rely upon at trial that are not already stored in the Merrill Lextranet database part of the mediation productions or responsive productions.

**Motion i) Motions to Compel** *Document Production*

**Motions to Compel Document Productions Must Be Filed by July 26, 2013**

Any Core Party Discovery Participant who served a document request or interrogatory, requests and who seeks to compel production of a document or answer to an interrogatory, must do so only after meeting and conferring in good faith with the Discovery Participant against whom a motion is contemplated, and thereafter by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on 7 seven business days notice on all other Core Parties Discovery Participants, and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested. The Core Party Discovery Participant whose objection is challenged shall respond to this motion within 4 four business days and any other Core Party Discovery Participant whose interests are affected by the request may serve a supplementary response within 2 two business days thereafter. All Core Parties shall

Notwithstanding this deadline, whenever a discovery dispute arises, the

affected Discovery Participants shall promptly attempt to resolve ~~any discovery disputes~~the dispute in good faith and ~~to~~, if an impasse is reached, file any ~~necessary~~ motions with the relevant Court(s) promptly.

*k) Privilege Logs*

Should a Discovery Participant withhold any document based on a claim of privilege or work product protection, the producing party shall provide a privilege log containing details about the category of documents withheld, including at least the following information for each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the category; (c) the date range; and (d) the author(s) and other recipients, which may be grouped by employer (such as Nortel entity or advisor or law firm). Discovery Participants may request additional information regarding categories on the privilege log in order to assess the basis for withholding and shall meet and confer on the same.

The following documents, to the extent created after the commencement of the bankruptcy proceedings, presumptively need not be included on a privilege log: (a) communications exclusively between a Discovery Participant and its outside counsel or (b) work product created by outside counsel and/or such counsel's agents.

~~Agreement to accept and respond to a discovery request does not constitute submission to jurisdiction or a waiver of rights or defences for any other purpose.~~Responsive documents which are jointly privileged as to two or more of the Discovery Participants shall be produced, but only to those Discovery Participants with whom the joint privilege is shared.

| | |
|---|---|
| 4.  **Format of Production of Electronic Records:** | ~~**Format for Exchange of Electronic Records:** Electronic documents to be produced in accordance with Appendix I.~~<br><br>~~**Format for Exchange of Paper Records:** If a record only exists in hard copy and there is no electronic version, at the option of the producing party or any party who inspects and obtains a copy of it. it may be scanned and produced in accordance with Appendix I hereto~~For each electronic document, the responding party shall provide the metadata specified in Schedule A, but only to the extent they can reasonably be extracted or otherwise provided in a delimited text file. |
| 5.  **Trial Witness Identification** | ~~Should a Core Party wish to present evidence at trial from a witness who is not willing to swear~~By no later than July 24, 2013<br><br>Each Discovery Participant shall identify any fact (non-expert) witnesses it anticipates calling or presenting testimony of at trial, by name, employer, title and functional role held during the time period relevant to their anticipated testimony. A Discovery Participant may identify trial |

witnesses not previously identified on good faith at a later date provided that any opposing Allocation Group or Claim Group has had or will have a reasonable opportunity to depose the later-identified witness before trial, regardless of the fact discovery cut-off or number of depositions taken.

Any Discovery Participant that has previously filed an affidavit. ~~such witness shall be identified at this same time, and leave of the Court(s) sought by the Core Party seeking to rely on their evidence to take that witnesses' testimony by deposition (examination out of court) so as to preserve their testimony so it can be submitted by the Core Party as evidence at trial~~ or witness statement in the context of this litigation (the Ontario and Delaware proceedings) may also, at its option, choose to designate that evidence to be tendered at trial as long as the witness will be made available to be deposed and appears at trial for cross-examination.

6. **Oral Examinations** ~~out of Court~~Or **Depositions**

*a) Examinations of ~~Core Party~~ Representatives: 30(b)(6) Depositions*

~~Each Core Party shall identify its representative (who may but is not required to be a current or former officer, director or employee of that Core Party) to be examined for oral examination (discovery), who is knowledgeable about, or will become reasonably informed of, the topics identified by other Opposing Core Parties to be examined upon, in lieu of contention interrogatories (unless they are agreed or ordered to be taken in writing).~~

By no later than July 26, 2013

For Allocation, each Allocation Group (other than the Bondholder Allocation Group) may serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the solicitors or counsel of record for any opposing Discovery Participant specifying the topics, if any, on which that other Discovery Participant's representative(s) is to be examined/deposed. The Bondholder Allocation Group shall consult with the Canadian Allocation Group and the US Allocation Group regarding any requests under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure it would like the US Allocation Group and the Canadian Allocation Group to serve on other Discovery Participants in accordance with the foregoing. In the event that Canadian Allocation Group and the US Allocation Group do not agree to serve such requests, the Bondholder Allocation Group may seek leave of the Court or Courts, as applicable, by motion on notice to serve its own requests for examination under Rule 34.04 of the Ontario Rules of Civil Procedure and/or depositions under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure.

−10−

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group may each serve a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the counsel of record for any opposing US Claim Party specifying the topics, if any, on which the US Claim Party's representative is to be deposed. The US Claims Defendant Group and the Bondholder Group shall confer on such requests.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group may each serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure on the solicitors/counsel of record for any opposing Canadian Claim Party specifying the topics, if any, on which the Canadian Claim Party's representative is to be examined/deposed. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests.

Use of (Discovery) Answers at Trial

Testimony of ~~discovery~~ representatives proffered in response to requests under Ontario Rule 31.03 and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure may be used as evidence at trial only by ~~Opposing Core Parties~~ Discovery Participants whose interests are adverse to those of the proffering ~~Core Party~~ Discovery Participants on the issue for which the evidence is being used. ~~Oral Depositions:~~

~~All Core Parties shall have the right to ask questions of any witnesses who are designated by any party to be deposed but if more than one party designates the same witness that witness shall only be deposed one time.~~

By no later than August 2, 2013

Each Discovery Participant served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure shall designate a representative(s) (who may, but is not required to be, a current or former officer, director or employee of that Discovery Participant) to be offered to be examined/deposed as though Rule 31.03 of the Ontario Rules of Civil Procedure applied and/or under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure as applicable. All Discovery Participants shall have the right to attend such examinations/depositions.

A Discovery Participant may designate its party representative(s) under Rule 34.04 of the Ontario Rules of Civil Procedure as its witness(es) under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure for a single examination/deposition of each such witness(es).

-11-

*b) Oral Examinations/ Deposition of Fact Witnesses:*

**By no later than July 29, 2013**

In addition to the aforementioned examinations/depositions pursuant to Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure, each Allocation Group and each Claim Group shall serve by this date notices stating the witnesses it wishes to examine or depose (which may include third parties, persons subject to the control of a Discovery Participant or both and which may be persons who have been identified as trial witnesses by another Discovery Participant, and any persons whose previously filed affidavits/witness statements have been designated by a Discovery Participant as trial evidence) in order to obtain factual information/admissions relevant to Allocation, US Claims or Canadian Claims. Each witness shall be named and his/her place of residence (if known) shall be identified. The parties shall meet as soon as practicable after this date to confer and attempt to reach agreement on the list of witnesses to be deposed and the time for examination of each witness by each party. In the absence of agreement this shall be submitted to the relevant Court(s) for decision. The attorneys for the US Debtors, the Canadian Debtors and the EMEA Debtors agree to accept requests under Rule 34.04 of the Ontario Rules of Civil Procedure and Depositions Notices the United States Federal Rules of Civil Procedure seeking to depose or examine persons under the control of their clients. All parties agree to cooperate in good faith in attempts to locate and obtain testimony from persons not under the control of any party, including through issuance of compulsory process, letters of request and other available procedures, except that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony.

The Bondholder Group shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, regarding any fact witnesses it seeks to examine/depose. In the event that the Canadian Allocation Group and the US Allocation Group do not intend to designate such fact witnesses that the Bondholder Group seeks to designate, the Bondholder Group may seek leave of the Court or Courts, as applicable, by motion on notice to designate such fact witnesses.

Either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to designate additional fact witnesses upon a showing of good cause.

All examinations/depositions to be completed by no later than

September 27, 2013

The relevant parties shall meet and confer and attempt to agree on the fact witnesses to be examined/deposed and on an examination/deposition schedule that contemplates the completion of all witness examinations/depositions (including any examinations/depositions for testimony preservation that the Court(s) may have granted leave to conduct) in this time frame that reflects the practicalities of examining/deposing each witness (having regard to the number of Discovery Participants examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness). All Discovery Participants shall have the right to attend such examinations/depositions.

The relevant parties will attempt to schedule depositions with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions.

c). Use of ~~Examinations/~~Depositions at Trial

Designated portions of any examination/deposition may be filed as part of the evidence that any ~~party~~Discovery Participant may rely upon at trial ~~(subject to objections which may be ruled upon~~ by the Court as ~~contemplated herein), except that testimony of a deponent who is employed by, party to a cooperation agreement with or otherwise under the control of a Core Party may not be relied upon as evidence by that Core Party or by others sharing its interests on the issue to which the testimony relates.~~ in accordance with the usual rules that apply in the Canadian and US Courts, respectively.

If a witness who has been examined/deposed under this Discovery Plan is later called as a witness to give *viva voce* evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility.

~~Use of Cross Examinations at Trial~~

~~If a witness who previously made a sworn statement in these proceedings and whose prior evidence is designated by a Core Party to be tendered at trial is cross examined prior to trial, the entire cross examination transcript will form part of the trial evidence.~~

~~Scheduling of all Examinations, Cross-Examinations and Depositions~~

~~Once all fact witnesses have been identified, the relevant Core Parties shall attempt to agree on a~~ schedule that contemplates the completion of

- 13 -

all witness examinations, cross-examinations and depositions ("Examinations") in this time frame that reflects the practicalities of examining each witness (having regard to the number of parties examining, the subject matter of the examinations, the available time for completion of all examinations and the residence of the witness). Each Examination shall be co-ordinated so that a lead examiner is identified and the order of Examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness who has been designated to be examined by up to 3 Discovery Groups shall be examined for longer than 7 hours in total (by all Discovery Groups) and any single witness designated by more than 3 Discovery Groups shall not be examined for more than 14 hours, without leave of the Court(s) or the agreement of all Core Parties.

–14–

7. **Experts**

~~Expert Reports~~By no later than September 13, 2013

Each ~~Core Party~~Discovery Participant that intends to rely on the opinion evidence of a qualified expert shall identify the name of its intended expert(s) and the subject matter of their expertise and intended evidence.

By no later than October 4, 2013

Each Discovery Participant shall deliver an affidavit or ~~a~~ report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by ~~bates~~Bates number if previously produced, and containing the disclosures required ~~under Rule 26(a)(2) (B) of the United States Federal Rules of Civil Procedure and Rule 53.03 of the Ontario Rules of Civil Procedure regarding the expert's qualifications, prior engagements, compensation and independence.~~by the Applicable Procedural Regime set forth in section 2.

Any ~~Core Party~~Discovery Participant that has previously filed an affidavit or report from an expert in the context of this litigation (the Ontario and Delaware proceedings) may, at its option, choose to designate that as part of their expert evidence at trial, provided that the expert will be made available to be examined/deposed and appears at trial as set out below. If not so designated, those previously filed affidavits and/or reports shall not constitute part of the evidence at trial.

Reply Expert Reports

Promptly after the submission of initial expert affidavits or reports, the Discovery Participants shall attempt to agree upon an expert examination/deposition schedule so that depositions can commence by November 8, 2013.

By no later than November 1, 2013

Each ~~Core Party~~Discovery Participant shall have the right to deliver an affidavit or report from a newly identified rebuttal expert, in response to one received by another ~~Core Party~~Discovery Participant that addresses an issue that is adverse to ~~any position of the Core Party in this~~the Discovery Participant's position in the Allocation, US Claims, or Canadian Claims litigation. Responses shall be permitted even if the ~~Core Party~~Discovery Participant did not initially tender an expert's affidavit ~~or report~~, if an issue is raised by an expert whose evidence is tendered by another ~~party~~Discovery Participant that calls for response. Responsive reports shall be limited to responding to issues on which an affirmative expert report has been proffered and shall not go

beyond such issues.

~~**Cross-Examination of Experts**~~

~~Any Core Party who wishes to cross-examine or depose an expert of an Opposing Core Party may serve notice of its intention to do so, regardless of whether or not that party has filed its own expert evidence.~~

By no later than December 6, 2013

~~The Core Parties will~~As soon as practicable, the Discovery Participants shall meet and confer ~~and~~ attempt to agree ~~to~~on a schedule that contemplates the completion of all expert witness ~~examinations/~~depositions between ~~the notice date and the deadline set in the Litigation Timetable~~November 8, 2013 and December 6, 2013 that reflects the practicalities of examining/deposing each witness (having regard to the number of parties examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness).

~~Each examination shall be co-ordinated so that a lead examiner is identified and the order of examination shall reflect a co-ordinated effort to avoid duplication of questions.  No single witness shall be examined for longer than 14 hours in total (by all Core Parties combined) without leave of the Court(s) or the agreement of all Core Parties.~~All Discovery Participants shall have the right to attend such depositions.
A Discovery Participant may request that any expert be present at trial for cross-examination, and the affidavit or report of any expert not appearing at trial if requested to appear cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.
~~**Expert Evidence at Trial**~~
The affidavits and ~~transcripts of depositions of the experts/~~or reports shall be filed as evidence with the court at the trial, subject only to cross - examination at trial and any applicable objections ~~(including, without limitation, as to qualifications)~~ that may be made and determined at the outset of the trial and directions or rulings from the Court(s) arising therefrom.  The ~~Core Party~~Discovery Participant proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's report.  The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all ~~Core Parties~~Discovery Participants adverse to the expert's ~~evidence~~position.
Communications with Experts:
The experts shall not be examined/deposed about or asked to produce prior drafts of their affidavits/reports and/or their communications with ~~counsel who retained them (although they may be asked~~the Discovery Participant who retained them or other Discovery Participants within the

same Allocation Group or Claim Group, or their respective Representatives, or any other topic protected from disclosure by the Applicable Procedural Regime set forth in section 2.

With respect to ~~disclose the specific questions they were asked to answer~~, Allocation and US Claims, Rule 26 of the United States Federal Rules of Civil Procedure applies to expert discovery.

**8. General Procedure Applicable to ~~all pre-trial~~All Oral Examinations**

**/Depositions**

~~Attendance at~~Length of Oral Examinations/Depositions

~~For the avoidance of doubt,~~ all Core Parties shall have the right to attend all oral Examinations that relate to any issue, regardless of whether or not they have a right to examine that witness.

The Discovery Participants will include for discussion in the meet and confer scheduled for August 5 the Discovery Participants' proposals for limits on the length of oral examinations/depositions and the procedure for conducting such examinations/depositions.

Coordinating Oral Examinations/Depositions

Each ~~Examination~~examination/deposition shall be coordinated so that a lead examiner is identified for each group that noticed the oral examination/deposition (where an Allocation Group and Claim Group from the same jurisdiction counts as one group). Lead examiners shall work in good faith with any ~~others who are participating in the examination to try to use the available time most efficiently and avoid, to the extent possible,~~other lead examiners as well as other affected Discovery Participants to reflect a coordinated effort to avoid duplication of questions. For the avoidance of doubt, the US Claim Parties shall have the right to attend oral examinations/depositions that relate to the Canadian Claims, and the Canadian Claim Parties shall have the right to attend oral examinations/depositions that relate to the US Claims.

Transcripts and video taping:

All ~~Examinations~~examinations/depositions shall be taken under oath in the presence of a Canadian or US certified court reporter and transcribed and the transcripts made available to all ~~Core Parties~~Discovery Participants, whether or not they are in attendance at the examination/deposition. At the option of any examining ~~party,~~ ~~the Examination~~/deposing Discovery Participant, the examination/deposition may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s). The examining ~~party(ies)~~/deposing Discovery Participant(s) shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay for their own copies.

**Objections:**

Objections may be made on ~~grounds of relevance (having regard to the issues between the parties as raised by the pleadings), form, subsisting privilege and proportionality only.  An objection to form shall not be made solely on the basis that a question is leading unless the deponent is employed by, party to a cooperation agreement with or otherwise under the control of the Core Party represented by the questioner.~~any ground provided in the rules of the Applicable Procedural Regime set forth in section 2.  Questions that are objected to ~~solely~~ on grounds ~~of relevance or form~~other than privilege shall be answered under reserve of that objection.  All other objections shall be preserved.

**Requirement for Summons:**

If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US ~~Estates and~~Debtors, the Joint Administrators, and the UK Pension Claimants shall reasonably assist in issuing process or otherwise procuring a witness's attendance irrespective of which ~~Core Party~~Discovery Participant has sought the witness's deposition, except that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony.  Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment or consent to that jurisdiction for any other purpose.

**Undertakings:**

~~The~~With respect to Allocation and Canadian Claims, the witness shall answer any undertakings that were agreed to on his/her examination/deposition within ~~three~~two weeks of the date of his/her examination/deposition, unless otherwise agreed to by the affected Discovery Participants.

**9.  General Terms**

Any ~~Core Party~~Discovery Participant may make a motion to the Court to compel another ~~Core Party~~Discovery Participant to take the steps contemplated by the Discovery Plan or other steps, and the ~~Parties~~parties agree that the Court(s) may take the existence of the Discovery Plan into account ~~in~~ determining whether to grant the ~~Order~~order sought.  The ~~respondent on~~Discovery Participants that are parties to such a motion may seek to justify ~~its non-compliance with the Discovery Plan~~their respective positions on the basis of, among other things, any information that was unknown or ~~unavailable~~not reasonably available to that ~~Party~~Discovery Participant at the time the Discovery Plan was entered into.

~~Breach of this Discovery Plan does not, in and of itself, give rise to a right to damages or any other monetary relief, or to injunctive relief, although the Core Parties agree that the Court(s) may take any breach of this Discovery Plan into account in exercising discretion with respect to costs or other sanctions, or on an application for injunctive relief.~~

The ~~Core Parties~~Discovery Participants recognize that, as additional information becomes available throughout the Allocation, US Claims and Canadian Claims litigation, it may become apparent that: (a) it is impracticable or impossible for a ~~Core Party~~Discovery Participant to comply with the terms of the Discovery Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery Plan, are required in order for a ~~Core Party~~Discovery Participant to obtain access to potentially relevant documents ~~in the litigation~~. ~~Each Core Party,~~ information or witness testimony. Each Discovery Participant agrees to notify the other ~~Core Parties~~Discovery Participants promptly when it ~~knows~~reasonably believes that it will not comply with any term of the Discovery ~~and Deposition~~ Plan or when it reasonably concludes that ~~another Core Party should take~~ further steps beyond those set out in this Discovery Plan are required. The ~~Core Parties~~Discovery Participants agree to negotiate in good faith with respect to any amendments to the Discovery Plan requested by a ~~Core Party~~Discovery Participant on ~~the~~that basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the ~~Core Parties~~Discovery Participants.

~~The Core Parties~~All Discovery Participants shall meet and confer in good faith without the assistance of the Court(s) ~~and attempt~~in attempting to resolve any disputes in the interpretation or implementation of ~~the~~this Discovery Plan. ~~Core Parties~~Discovery Participants are required to promptly seek relief from the applicable Court(s) ~~once~~ or Courts if an impasse ~~has been reached in any dispute. This relief may be raised for the Court(s) for initial consideration at an informal case conference before taking any other procedural steps by way or motion or otherwise as long as that can be arranged promptly~~is reached in any dispute and shall not be heard to complain of any prejudice resulting from their own delay in seeking relief.

All motions or directions sought from the Court(s) pursuant to this Discovery ~~and Deposition~~ Plan shall be brought ~~to~~before the following Court or Courts: with respect to Allocation, before Judge Gross of the United States Bankruptcy Court for the District Court of Delaware and~~/or~~ Justice Morawetz of the Ontario Superior Court of Justice; with respect to US Claims, before Judge Gross; and with respect to Canadian Claims, before Justice Morawetz. The Courts shall hold regularly scheduled joint discovery conferences for discovery disputes in Allocation and those

discovery disputes that affect both jurisdictions.

The EMEA Debtors' participation in the procedures addressed herein is without prejudice to their contention that Allocation should be decided by arbitration rather than the US and Canadian Courts, and shall not be construed as the case may dictate, or any referee who they may direct, a waiver of their objection to determining Allocation in accordance with the procedures set forth in the Allocation Protocol, this Discovery Plan and the Litigation Timetable.

-20-

APPENDIX 1

SCHEDULE A

Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form:

| Item | Field | Field Type | Description | Format |
|------|-------|-----------|-------------|--------|
| Document Numbering | Docid | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | Parentid | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | Attchids | Note text/Text | Docid(s) attached to Parentid | AA0000001 |
| Fields/Coded Data for E-mails | Datesent | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY<br><br>As per metadata |
| | Timesent | Time | Time e-mail was sent | As per metadata<br><br>(HH:MM:SS) |
| | Timercvd | Time | Time e-mail was received | As per metadata<br><br>(HH:MM:SS) |
| | To | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | From | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | Subject | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | Cc | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | Bcc | Multi-Entry | Names/e-mail address(es) of the individuals who were blind-copied on the e-mail | As per metadata |
| | Media | Note Text | Used to identify the type of media for an attachment<br>When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc<br>This field is required for loading electronic documents and attachments. | As per metadata |
| Fields/Coded Data for Attachments and Loose Electronic Documents | Datesvd | Date | Date an electronic file or attachment was last saved | As per metadata |
| | Datecrtd | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | Filetype | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | Filename | Note Text | File name of electronic file or attachment | As per metadata |
| | Doclink | Note Text | Used to link a document to the database record<br>Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | Folder | Note Text | Original folder containing path of electronic document as provided | As per metadata |

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| | *Custodian* | Note Text | Person from whom document was collected | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment. When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc. This field is required for loading electronic documents and attachments. | As per metadata |
| Fields/Coded Data for Paper Documents | *Docdate* | Date | Date of document (subjectively coded) | MM/DD/YYYY |
| | *Doctype~~Coll ectDate~~* | ~~Note Text~~Date | ~~Type~~Creation Date ~~of document (subjectively coded)~~Electronic File | ~~MM/DD/YYYY~~ |
| | *Doctitle~~Sour ce~~* | Note Text | ~~Title of~~Location or person from whom document ~~was collected~~ (subjectively coded) | |
| | *Attach#* | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | *Author* | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | *Recip* | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| Fields/Coded Data for ~~Paper and~~ Electronic Documents (Chronological Review)~~Redacti ons~~ | *Leaddate* | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| | *~~Redact~~Leadt ime* | ~~Note~~Date | ~~Document has redactions~~Time of the parent document, populated to all attachments for use with chronological sorting while keeping document families together. Allows for further sorting of documents dated the same day by time | ~~"Redacted" stamped on document~~HH:M M.SS |

1.

1.    Each document shall be individually produced with a unique document ID number.

2.    ~~OCR text searchable, to the extent the document permits~~2.  For each document, the Discovery Participant shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted. In these instances, provide a text file created using document-level optical character recognition (OCR) to the extent reasonably practicable.

3.

3.    All images will be single page tiff format (excluding spreadsheets, Powerpoint presentations, and database files which will be provided in native format) with 300 dpi specifications. ~~Spreadsheets~~ to the extent practicable. Native format files to be provided in the eDocs folder.

4.    Parties will provide the following load files formatted as follows:

-22-

    (a)     Image folder (single page tiff, 300 dpi);

    (b)     eDocs folder (for native ~~format.~~files);

\6205368

    (c)     OCR folder (with text files and a control list for loading);

    (d)     data.txt or data.csv (with coded fields listed above for ESI and paper documentation); and

    (e)     imginfo.txt or imginfo.csv or other formats at the request of the receiving party to the extent practicable.

5.    If a document and its exact duplicates are associated with the same custodian, the responding party may withhold the exact duplicates from production. If a document and its exact duplicates are associated with different custodians, the responding party may withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld where practicable.

6.    While Discovery Participants will attempt in good faith to comply with all of the above, Discovery Participants shall produce documents and comply with the above to the extent practicable.



