# EXHIBIT A-7

**Ruby, Peter**

| | |
|---|---|
| **From:** | Karen.Jones@paliareroland.com |
| **Sent:** | Monday, April 29, 2013 2:44 PM |
| **To:** | Ruby, Peter; derrick.tay@gowlings.com; jennifer.stam@gowlings.com; nortel.monitor@ca.ey.com; lbarnes@osler.com; esellers@osler.com; ahirsh@osler.com; barry.wadsworth@caw.ca; lewis.gottheil@caw.ca; zychk@bennettjones.com; orzyr@bennettjones.com; finlaysong@bennettjones.com; swanr@bennettjones.com; mzigler@kmlaw.ca; sphilpott@kmlaw.ca; akaplan@kmlaw.ca; bwalancik@kmlaw.ca; Ken.Rosenberg@paliareroland.com; Max.Starnino@paliareroland.com; Lily.Harmer@paliareroland.com; Tina.Lie@paliareroland.com; Shayne.kukulowicz@fmc-law.com; Michael.wunder@fmc-law.com; Ryan.jacobs@fmc-law.com; bleonard@casselsbrock.com; dward@casselsbrock.com; bburden@casselsbrock.com; chorkins@casselsbrock.com; janice.payne@nelligan.ca; steven.levitt@nelligan.ca; christopher.rootham@nelligan.ca; ainslie.benedict@nelligan.ca; Arthur Jacques; thomas.mcrae@shibleyrighton.com; rschwill@dwpv.com; scampbell@dwpv.com; mgottlieb@counsel-toronto.com; sheryl.seigel@mcmillan.ca; jmarshall@blgcanada.com; chill@blgcanada.com; bboake@mccarthy.ca; jgage@mccarthy.ca; emarques@mccarthy.ca; psteep@mccarthy.ca; bdshaw@mccarthy.ca; jbromley@cgsh.com; lschweitzer@cgsh.com; jopolsky@cgsh.com; hzelbo@cgsh.com; jrosenthal@cgsh.com; tdemarinis@torys.com; sbomhof@torys.com; sblock@torys.com; agray@torys.com; aslavens@torys.com; jsalmas@heenan.ca; kkraft@heenan.ca; sawilson@heenan.ca; fhodara@akingump.com; dbotter@akingump.com; aqureshi@akingump.com; tkreller@milbank.com; jharris@milbank.com; APisa@milbank.com; michael.riela@lw.com; elamek@blgcanada.com; Ken.Coleman@AllenOvery.com; Laura.Hall@AllenOvery.com; Paul.Keller@AllenOvery.com; Daniel.Guyder@AllenOvery.com; dabbott@mnat.com; acordo@mnat.com; dalowenthal@pbwt.com; Selinda.Melnik@dlapiper.com; adler@hugheshubbard.com; oxford@hugheshubbard.com; craig.barbarosh@kattenlaw.com; david.crichlow@kattenlaw.com; karen.dine@kattenlaw.com; ewharron@ycst.com; jdorsey@ycst.com; mbarrack@tgf.ca; djmiller@tgf.ca; amcewan@tgf.ca; rlewis@tgf.ca; Michael.Lang@nortonrose.com |
| **Cc:** | Zarnett, Benjamin; Kimmel, Jessica; Myers, Fred; Carfagnini, Jay; Pasquariello, Joe |
| **Subject:** | RE: Draft Confidentiality Stipulation and Protective Order |
| **Attachments:** | Nortel  April 29, 2013 letter to Monitor.pdf; REVISED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER.DOC |

Attached are the CCC's comments on the draft Confidentiality Stipulation and Protective Order and a cover letter explaining the rationale for the proposed changes.

Regards
Karen Jones
Paliare Roland Barristers
155 Wellington St. West, 35th Floor
Toronto, ON M5V 3H1
T: 416 646 4339
F:416 646 4301
E: karen.jones@paliareroland.com

---

**From:** Ruby, Peter [mailto:pruby@goodmans.ca]
**Sent:** Friday, April 26, 2013 2:40 PM
**To:** 'derrick.tay@gowlings.com'; 'jennifer.stam@gowlings.com'; 'nortel.monitor@ca.ey.com'; 'lbarnes@osler.com'; 'esellers@osler.com'; 'ahirsh@osler.com'; 'barry.wadsworth@caw.ca'; 'lewis.gottheil@caw.ca'; 'zychk@bennettjones.com'; 'orzyr@bennettjones.com'; 'finlaysong@bennettjones.com'; 'swanr@bennettjones.com'; 'mzigler@kmlaw.ca'; 'sphilpott@kmlaw.ca'; 'akaplan@kmlaw.ca'; 'bwalancik@kmlaw.ca'; Ken Rosenberg; Max Starnino; Lily Harmer; Tina Lie; Karen Jones; 'Shayne.kukulowicz@fmc-law.com'; 'Michael.wunder@fmc-law.com'; 'Ryan.jacobs@fmc-law.com'; 'bleonard@casselsbrock.com'; 'dward@casselsbrock.com'; 'bburden@casselsbrock.com'; 'chorkins@casselsbrock.com'; 'janice.payne@nelligan.ca'; 'steven.levitt@nelligan.ca'; 'christopher.rootham@nelligan.ca'; 'ainslie.benedict@nelligan.ca';

Arthur Jacques; 'thomas.mcrae@shibleyrighton.com'; 'rschwill@dwpv.com'; 'scampbell@dwpv.com'; 'mgottlieb@counsel-toronto.com'; 'sheryl.seigel@mcmillan.ca'; 'jmarshall@blgcanada.com'; 'chill@blgcanada.com'; 'bboake@mccarthy.ca'; 'jgage@mccarthy.ca'; 'emarques@mccarthy.ca'; 'psteep@mccarthy.ca'; 'bdshaw@mccarthy.ca'; 'jbromley@cgsh.com'; 'lschweitzer@cgsh.com'; 'jopolsky@cgsh.com'; 'hzelbo@cgsh.com'; 'jrosenthal@cgsh.com'; 'tdemarinis@torys.com'; 'sbomhof@torys.com'; 'sblock@torys.com'; 'agray@torys.com'; 'aslavens@torys.com'; 'jsalmas@heenan.ca'; 'kkraft@heenan.ca'; 'sawilson@heenan.ca'; 'fhodara@akingump.com'; 'dbotter@akingump.com'; 'aqureshi@akingump.com'; 'tkreller@milbank.com'; 'jharris@milbank.com'; 'APisa@milbank.com'; 'michael.riela@lw.com'; 'elamek@blgcanada.com'; 'Ken.Coleman@AllenOvery.com'; 'Laura.Hall@AllenOvery.com'; 'Paul.Keller@AllenOvery.com'; 'Daniel.Guyder@AllenOvery.com'; 'dabbott@mnat.com'; 'acordo@mnat.com'; 'dalowenthal@pbwt.com'; 'Selinda.Melnik@dlapiper.com'; 'adler@hugheshubbard.com'; 'oxford@hugheshubbard.com'; 'craig.barbarosh@kattenlaw.com'; 'david.crichlow@kattenlaw.com'; 'karen.dine@kattenlaw.com'; 'eharron@ycst.com'; 'jdorsey@ycst.com'; 'mbarrack@tgf.ca'; 'djmiller@tgf.ca'; 'amcewan@tgf.ca'; 'rlewis@tgf.ca'; 'Michael.Lang@nortonrose.com'
**Cc:** Zarnett, Benjamin; Kimmel, Jessica; Myers, Fred; Carfagnini, Jay; Pasquariello, Joe
**Subject:** Draft Confidentiality Stipulation and Protective Order

We would like to get the attached draft Confidentiality Stipulation and Protective Order finalized. It was circulated a week ago. If anyone has comments please let us know, otherwise, we look forward to receiving your sign off.

**From:** Ruby, Peter
**Sent:** Friday, April 19, 2013 9:05 PM
**To:** Armstrong, Christopher; 'derrick.tay@gowlings.com'; 'jennifer.stam@gowlings.com'; 'nortel.monitor@ca.ey.com'; 'lbarnes@osler.com'; 'esellers@osler.com'; 'ahirsh@osler.com'; 'barry.wadsworth@caw.ca'; 'lewis.gottheil@caw.ca'; 'zychk@bennettjones.com'; 'orzyr@bennettjones.com'; 'finlaysong@bennettjones.com'; 'swanr@bennettjones.com'; 'mzigler@kmlaw.ca'; 'sphilpott@kmlaw.ca'; 'akaplan@kmlaw.ca'; 'bwalancik@kmlaw.ca'; 'ken.rosenberg@paliareroland.com'; 'max.starnino@paliareroland.com'; 'lily.harmer@paliareroland.com'; 'tina.lie@paliareroland.com'; 'karen.jones@paliareroland.com'; 'Shayne.kukulowicz@fmc-law.com'; 'Michael.wunder@fmc-law.com'; 'Ryan.jacobs@fmc-law.com'; 'bleonard@casselsbrock.com'; 'dward@casselsbrock.com'; 'bburden@casselsbrock.com'; 'chorkins@casselsbrock.com'; 'janice.payne@nelligan.ca'; 'steven.levitt@nelligan.ca'; 'christopher.rootham@nelligan.ca'; 'ainslie.benedict@nelligan.ca'; Arthur Jacques; 'thomas.mcrae@shibleyrighton.com'; 'rschwill@dwpv.com'; 'scampbell@dwpv.com'; 'mgottlieb@counsel-toronto.com'; 'sheryl.seigel@mcmillan.ca'; 'jmarshall@blgcanada.com'; 'chill@blgcanada.com'; 'bboake@mccarthy.ca'; 'emarques@mccarthy.ca'; 'psteep@mccarthy.ca'; 'bdshaw@mccarthy.ca'; 'jbromley@cgsh.com'; 'lschweitzer@cgsh.com'; 'jopolsky@cgsh.com'; 'hzelbo@cgsh.com'; 'jrosenthal@cgsh.com'; 'tdemarinis@torys.com'; 'sbomhof@torys.com'; 'sblock@torys.com'; 'agray@torys.com'; 'aslavens@torys.com'; 'jsalmas@heenan.ca'; 'kkraft@heenan.ca'; 'sawilson@heenan.ca'; 'fhodara@akingump.com'; 'dbotter@akingump.com'; 'aqureshi@akingump.com'; 'tkreller@milbank.com'; 'jharris@milbank.com'; 'APisa@milbank.com'; 'michael.riela@lw.com'; 'elamek@blgcanada.com'; 'Ken.Coleman@AllenOvery.com'; 'Laura.Hall@AllenOvery.com'; 'Daniel.Guyder@AllenOvery.com'; 'dabbott@mnat.com'; 'acordo@mnat.com'; 'dalowenthal@pbwt.com'; 'Selinda.Melnik@dlapiper.com'; 'adler@hugheshubbard.com'; 'oxford@hugheshubbard.com'; 'craig.barbarosh@kattenlaw.com'; 'david.crichlow@kattenlaw.com'; 'karen.dine@kattenlaw.com'; 'eharron@ycst.com'; 'jdorsey@ycst.com'
**Cc:** Zarnett, Benjamin; Myers, Fred; Kimmel, Jessica; Pasquariello, Joe; Carfagnini, Jay
**Subject:** CCAA Proceedings of Nortel Networks Corporation, et al. - Court File No. 09-CL-7950 - Motion Record (Ret. April 17, 2013)

Please find attached a draft Confidentiality Stipulation and Protective Order, for comment. This draft includes comments from the Monitor and US Debtors, though not agreement on all points.

**Peter Ruby**
Goodmans LLP

416.597.4184
goodmans.ca

***** Attention *****

This communication is intended solely for the named addressee(s) and may contain information that is privileged, confidential, protected or otherwise exempt from disclosure. No waiver of confidence, privilege, protection or otherwise is made. If you are not the intended recipient of this communication, please advise us immediately and delete this email without reading, copying or forwarding it to anyone.



**PALIARE**
**ROLAND**
BARRISTERS

Chris G. Paliare
Ian J. Roland
Ken Rosenberg
Linda R. Rothstein
Richard P. Stephenson
Nick Coleman
Margaret L. Waddell
Donald K. Eady
Gordon D. Capern
Lily I. Harmer
Andrew Lokan
John Monger
Odette Soriano
Andrew C. Lewis
Megan E. Shortreed
Massimo Starnino
Karen Jones
Robert A. Centa
Nini Jones
Jeffrey Larry
Kristian Borg-Olivier
Emily Lawrence
Denise Sayer
Danny Kastner
Tina H. Lie
Jean-Claude Killey
Jodi Martin
Michael Fenrick
Nasha Nijhawan
Jessica Latimer
Debra Newell
Lindsay Scott
Alysha Shore
Gregory Ko

HONORARY COUNSEL
Ian G. Scott, Q.C., O.C.
(1934 - 2006)

**VIA EMAIL**

April 29, 2013

Karen Jones
T    416.646.4339    Asst 416.646.7430
F    416.646-4301
E    karen.jones@paliareroland.com
     www.paliareroland.com

File 17264

Joe Pasquariello
Goodmans LLP
Bay Adelalde Centre
333 Bay Street, Suite 3400
Toronto, Ontario  M5H 2S7

Dear Mr. Pasquariello

**Re:    Nortel Networks Corporation, et al.**
**Court File No.: 09-CL-7950**
**Draft Confidentiality Stipulation and Protective Order**

We write further to your email of April 26, 2013 requesting further comment on the draft Confidentiality Stipulation/Protective Order (the "Draft Order"). We have enclosed a black-line with our suggested changes to the Draft Order, which reflect many of the same concerns outlined in our letter dated April 4, 2013. In particular, our main concerns with the Draft Order are as follows.

***First***, the Draft Order appears to have been taken from a precedent, likely in the U.S., which would be typical in two-party litigation involving active businesses in a competing market in possession of sensitive commercial information such as active customer lists or pricing information. The categories of Confidential and Highly Confidential are drafted very broadly and would capture all financial and other information of the Nortel Debtors. The Nortel Debtors commenced insolvency proceedings over four years ago and are no longer going concerns. In our view, little if any information in the possession of the Nortel Debtors could be classified as confidential so as to require the extraordinary protection of confidentiality and sealing orders. Furthermore, it is not clear to us that any of the parties to these proceedings are in a position to designate information of the Nortel Debtors as Confidential or Highly Confidential. We propose carving-out information of the Nortel Debtors from the definitions of Confidential and Highly Confidential.

***Second***, the lists of persons who are entitled to access Confidential and Highly Confidential Discovery Material in the Draft Order is overly restrictive and would be prejudicial to the CCC. Any Confidentiality Order adopted in the proceedings must ensure that members of the CCC are entitled to access Confidential and Highly Confidential Information. We have therefore added, in art. 5(b)(xiii), that non-attorney representatives of a Party or a Committee be entitled to access Confidential and Highly Confidential Information provided that they execute a Non-Disclosure Designation pursuant to s. 13 of the Draft Order.

**Third**, we see no basis for art. 5(c). The pleadings are publicly filed documents and should be able to be seen by members of the public, including our clients, without restriction. The CCC will be filing its pleading on its Allocation Position with the Court on April 30, 2013.

**Fourth**, art. 8 of the Draft Order places the burden of proof on the recipient of Confidential or Highly Confidential Discovery Material to redact or file material so designated under seal. The burden of proof should be on the party seeking a sealing order over documents filed in the court record to demonstrate the necessity of the order (see *Sierra Club of Canada v. Canada (Minister of Finance)*, [2002] 2 S.C.R. 522, at paras. 53-55 and *Fairview Donut Inc. v. The TDL Group Corp.*, 2010 ONSC 789, at paras. 31-41). We have therefore proposed that any party planning to file Confidential or Highly Confidential Discovery Material provide notice, and that the other party can bring a motion for a sealing order if so advised.

**Fifth**, the period for objecting to designations and bringing motions concerning designations set out in art. 11 of the Draft Order are too long and are unrealistic in light of the discovery timetables that have been proposed. We have suggested amendments to these timelines.

**Sixth**, art. 20 of the Draft Order reverses the burden of proof and automatically designates documents in the Merill Database as either Confidential or Highly Confidential. We understand there are approximately 44,000 documents in the Merill Database. The CCC has been provided with access to a small segment of these documents to date. Of those documents, few appear to be relevant and we have not noted any that appear to require the extraordinary protection afforded to them in the Draft Order. The onus should be on the parties producing these documents to designate them as either Confidential or Highly Confidential. Furthermore, the Order should not permit the same documents to be designated differently, by different parties.

We remain willing to work cooperatively to resolve the terms of the Draft Order and trust that you will take these comments into consideration.

Yours very truly,
**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**

Karen Jones

**A&O / Goodmans Draft of April 18**
**Revising Clearys draft**

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**1.    Application of this Stipulation.**

(a)    This Stipulation and Protective Order (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: the Canadian Debtors, EMEA Debtors, US Debtors, Committee, Bondholders, Monitor, Joint Administrators, CCC, Indenture Trustees, UK Pension Claimants, and Officers and Directors[1] (the "Parties" and each a "Party"), subject to approval by the United States Bankruptcy Court for the District of Delaware (the "US Court") and the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court" and, together with the US Court, the "Courts").

(b)    This Stipulation shall govern the handling of documents, depositions, examinations for discovery,~~discoveries,~~ exhibits to depositions or examinations for discovery, affidavits, testimony and any other information produced, given, disclosed or exchanged by any Party or any non-parties (in each case, a "Producing Party") to any other Party or non-party (in each case, "Receiving Party") in discovery undertaken in connection with the litigation of Allocation, the EMEA Claims, and the UK Pension Claims in the US and/or Canadian Court (collectively the "Proceedings"), notwithstanding anything to the contrary agreed to or ordered by the Canadian Court or the US Court prior to the date hereof (all such materials, including the substance contained therein, hereinafter referred to as "Discovery Material").

(c)    This Stipulation shall supersede all prior existing confidentiality and non-disclosure agreements among and between some or all of the Core Parties, ~~other than those to which the US Debtors are party,~~ which are hereby terminated.

**2.    Highly Confidential Discovery Material.**

(a)    Any Producing Party may designate as "Highly Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith meets any of the criteria below, provided that "Highly Confidential" documents and information shall not include:

(i)     information that is publicly available in substantially the same form in which it was provided;

(ii)    information that was, is or becomes public knowledge, not in violation of this Protective Order;

(iii)   information that is voluntarily de-designated by the Producing Party;

(iv)    information rightfully acquired from an independent source without restrictions as to use; or

---

[1]    Undefined capitalized terms used herein shall have the meaning ascribed to them in the Allocation Protocol.

(v)     information that is at any time independently developed by a Party without use of or reliance upon any Discovery Material;

(vi)    information that was, prior to disclosure, rightfully in the possession or knowledge of the Receiving Party; or

~~(v)~~(vii)    information regarding the Canadian Debtors, the US Debtors, and the EMEA Debtors which is not subject to a nondisclosure agreement with a third party~~-~~.

(b)     Subject to these conditions and limitations, any Producing Party may designate as "Highly Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith contains or constitutes documents or information that the Producing Party is obligated by law, regulation or agreement to protect from disclosure and treat in the manner specified below for Highly Confidential Discovery Material,~~.~~:

~~(i) proprietary information about clients or customers of the Producing Party;~~

~~(ii)personal, confidential or commercially sensitive information that requires the protections provided in this Stipulation, including, but not limited to, non-public information about employee compensation, [tax data *ntd: working on refining this category*], or personal financial information; employee personal data; information constituting confidential research or business development; information kept confidential pursuant to law or regulation; or~~

~~(iii)information of a commercially sensitive nature subject to a non-disclosure agreement or similar agreement between any Producing Party and a third party;~~

(all information designated as such, including the document itself as well as the information therein, the "Highly Confidential Discovery Material").

**3.     Confidential Discovery Material.**

(a)     Any Producing Party may designate as "Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith meets any of the criteria below, provided that Confidential information shall not include any documents or information as set forth in Section 2(a)(i)-2(a)(v)~~(vii)~~ hereof .

(b)     Subject to these conditions and limitations, any Producing Party may designate as "Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith contains or constitutes:

(i)     non-public proprietary information about a Party;

(ii)    financial or accounting results or data~~-~~; or

~~(iii)~~    information subject to a non-disclosure agreement or similar agreement between any Producing Party and a third party~~.~~; ~~or~~

2

~~(iv)~~(iii)    ~~information that is protected by Federal Rule of Evidence 408;~~

(all documents or information designated as such, including the document itself as well as the information therein, the "Confidential Discovery Material").

**4.    Designation of Documents.**

(a)    A Producing Party may designate Discovery Materials as Confidential Discovery Materials by applying the legend "Confidential" to each page or portion containing any Confidential Discovery Material and the reason the page or portion is being designated Confidential.

(b)    A Producing Party may designate Discovery Materials as Highly Confidential Discovery Materials by applying the legend "Highly Confidential" to each page or portion containing any Highly Confidential Discovery Material and the reason the page or portion is being designated Highly Confidential.

(c)    In the case of electronically produced information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly Confidential" legend, as well as the reason the page or portion is being designated as Confidential or Highly Confidential shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Discovery Material, unless such electronic materials are produced in native format. If produced in native format, such materials will be produced without alteration along with a corresponding Bates-numbered slipsheet bearing the "Confidential" or "Highly Confidential" legend and the reason the document portion is being designated as Confidential or Highly Confidential.

(d)    The failure to designate a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced in accordance with Section 10, with the effect that such document is subject thereafter to the protections of this Stipulation.

(e)    At the request of a Party (the "Requesting Party"), a Producing Party shall designate as Confidential or Highly Confidential Discovery Material containing information of the Requesting Party that the Requesting Party reasonably believes in good faith meets any of the criteria for such designation. With respect to Discovery Materials designated as Confidential or Highly Confidential Discovery Material pursuant to request, the Requesting Party shall thereafter be deemed a Producing Party for purposes of Sections 2(a)(iii), 5, 6, 8-**Error! Reference source not found.**~~11~~ and 15 of this Stipulation. The costs of providing new copies of such re-designated documents to a shared dataroom shall be borne by the Requesting Party, and the "Confidential" or "Highly Confidential" legend on such copies must clearly indicate the Party who requested the designation.

(f)    A Party may designate as Confidential or Highly Confidential Discovery Material produced by another Party pursuant to subsection (e), even if such Discovery Material has already been designated as Confidential or Highly Confidential. If more than one Party

[NEWYORK 2716802_5]

designates the same Discovery Material as Confidential or Highly Confidential, all such Parties shall be considered a Producing Party with respect to such Discovery Material and be treated as a Producing Party for purposes of Sections 2(a)(iii), 5, 6, 8 **Error! Reference source not found.**11 and 15 of this Stipulation. For the avoidance of doubt, whenever consent of or notice to a Producing Party is required by this Stipulation, such consent or notice must be of or to all Parties treated as Producing Parties under this Section.

5.    **Treatment of Highly Confidential Information.**

(a)    Any information designated as Highly Confidential Discovery Material shall be maintained in confidence by each Receiving Party receiving such material or viewing such material in a shared dataroom (in each case, a "Receiving Party").

(b)    Provided that disclosure is not otherwise prohibited by this Stipulation, Highly Confidential Discovery Material may only be disclosed by a Receiving Party to:

(i)    current employees, officers, directors, of a Receiving Party who previously had rightful access to or knowledge of such Highly Confidential Discovery Material or other similar material;

(ii)    former employees of a Receiving Party who are currently retained by that Party as consultants or independent contractors who during their employment with the Receiving Party had rightful access to or knowledge of such Highly Confidential Discovery Material or other similar material provided that they comply with the requirements of Section 13 hereof;

(iii)    court-appointed Monitors and Administrators, and for the US Debtors, the employees of RLKS Executive Solutions LLC and the employees of Avidity Partners, LLC;

(iv)    counsel for the Parties, in-house counsel of a Party, in-house counsel forof members of athe committee (where a Party is a committee), outside counsel of record who has appeared or is appearing in the US Court and/or Canadian Court in connection with the Proceedings on behalf of a Party, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel, but only to the extent that it is reasonably necessary to share Highly Confidential Discovery Material with counsel;

(v)    litigation support personnel, including outside copying, scanning and coding services and court reporters;

(vi)    persons expected to be examined for discovery, deponents, trial witnesses or hearing witnesses in the Proceedings and counsel to such persons, provided that counsel has a good-faith basis for believing that such witnesses had prior, rightful access to or knowledge of the Highly Confidential Discovery Material, and provided that counsel ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel

~~must immediately refrain from any further disclosure to such witnesses and procure the return or destruction of such Highly Confidential Discovery Material;~~

~~(vii)~~(vi)     witnesses designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and/or party representatives designated pursuant to the Ontario Rule of Civil Procedure and/or alternative procedures agreed to by the Parties; ~~[NTD: need reference to at least the FRCP rule to identify the types of witnesses that we are referring to here since we generally refer to them as 30(b)(6) witnesses and it's hard to describe them otherwise]~~

(vii)     professional firms or persons retained by any receiving Party to provide advice in connection with the proceedings, including their staff provided that they comply with the requirements of Section 13 hereof;

(viii)    any experts retained for the purpose of assisting outside counsel of record and/or giving evidence in the Proceedings, provided that they comply with the requirements of Section 13 hereof;

~~(ix)     personnel of the US and Canadian Courts;~~

(ix)

~~(xii)~~any other person upon written agreement of the Producing Party, provided that he or she complies with the requirements of Section 13 hereof;

(x)

(xi)      any other person upon order of the Court(s) and upon such conditions as may be imposed by the Court(s);

~~and~~

~~(xi)~~(xii)    any other person, as required by law, regulation, government action, regulatory authority, organization of regulators, self-regulatory authority or court order, subject to Section 9 of this Stipulation;

(xiii)    non-attorney representatives from each Party (or, where the Party is a committee, non-attorney representatives of each committee member~~,~~ who represent such member in committee matters) to the extent necessary to render advice to or receive guidance or approval from the Party in the Proceedings, provided that they comply with the requirements of Section 13 hereof; ~~, but only to the extent necessary to render advice to or receive guidance or approval from the Party in the Proceedings.~~

~~(c)Notwithstanding anything in the foregoing, draft or final pleadings that cite to or quote Highly Confidential Discovery Material (but not any attachments thereto designated as Highly~~

~~Confidential) may be shared with non-attorney representatives from each Party (or, where the Party is a committee, non-attorney representatives of each committee member, who represent such member in committee matters), provided that they comply with the requirements of Section 13 hereof, but only to the extent that sharing such draft or final pleadings that cite to or quote Highly Confidential Discovery Material is necessary to render advice to or receive guidance or approval from the Party in the Proceedings.~~

(c)     Notwithstanding anything in the foregoing, if any Receiving Party in good faith requests leave of the Producing Party to show Highly Confidential Discovery Material to parties or persons expected to be examined for discovery, deponents, Party representatives and/or trial witnesses in the Proceedings, the Receiving Party shall provide notice to the Producing Party of the Highly Confidential Discovery Materials the Receiving Party seeks to use and the parties shall use their best efforts within five business days to allow the use of such material while protecting the Producing Party's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material must be protected as Highly Confidential, or considering other provisions to permit the Receiving Party to present the material to the parties or persons expected to be examined for discovery, deponents, Party representatives and/or trial witnesses in the Proceedings, while protecting the confidentiality of the information.  In the event the Producing Party and the Receiving Party cannot resolve an issue concerning the use of Highly Confidential Discovery Material, the matter may be presented to the US and Canadian Courts for resolution on an expedited basis

(d)     Counsel for Receiving Parties shall provide access to Highly Confidential Discovery Material to permitted persons in paper or electronically, including through a secure web service.

(e)     Persons receiving Highly Confidential Discovery Material pursuant to this Section shall not copy or disclose such Highly Confidential Discovery Material directly or indirectly to any other person other than in accordance with this Stipulation.

(f)     Treatment of Highly Confidential Discovery Material by a Receiving Party in accordance with the provisions of this Stipulation shall not constitute an admission that such Discovery Material has been correctly designated, nor waive any objection to such designation.

**6.     Treatment of Confidential Information.**

(a)     Any information designated as Confidential Discovery Material shall be maintained in confidence by each Receiving Party._ ~~receiving such material or viewing such material in a shared dataroom.~~

(b)     Provided that disclosure is not otherwise prohibited by this Stipulation, a Recveiving Party shall only disclose Confidential Discovery Material ~~may only be disclosed~~ to:

      (i)     Parties or persons to whom Highly Confidential Discovery Material may be disclosed as set forth in Section 5;

(ii)    current employees, officers, or directors of a Receiving Party (including current employees, officers, directors to members of a committee that is a Party), provided that disclosure is reasonably necessary to the Proceedings;

(iii)    former employees of a Receiving Party, provided that disclosure is reasonably necessary to the Proceedings and that they comply with the requirements of Section 13 hereof; or

(iv)    persons expected to be examined for discovery, deponents and/or trial witnesses in the Proceedings and counsel to such persons.

(c)    Counsel for Receiving parties shall provide access to Confidential Discovery Material to permitted persons in paper or electronically, including through a secure web service.

(d)    Persons receiving Confidential Discovery Material pursuant to this Section shall not copy or disclose such Confidential Discovery Material directly or indirectly to any other person other than in accordance with this Stipulation.

(e)    Treatment of Confidential Discovery Material by a Receiving Party in accordance with the provisions of this Stipulation shall not constitute an admission that such Discovery Material has been correctly designated, nor waive any objection to such designation.

## 7.  Permitted Purposes.

(a)    Confidential or Highly Confidential Discovery Material shall not be made public by any Party, shall be used only by persons permitted access to it per this Stipulation, and shall be disclosed only to persons specified in this Stipulation.

(b)    All Discovery Material (except such materials publicly available in substantially the same form), whether or not designated as Confidential or Highly Confidential Discovery Materials, shall be used by Receiving Parties solely in connection with the Proceedings (including appeals), and not in connection with any other litigation, judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose except as required by law, regulation or court order.

(c)    Any summary, compilation, notes, memoranda, analysis or copy containing Confidential or Highly Confidential Discovery Material, and any electronic image or database containing Confidential or Highly Confidential Discovery Material shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, copy, electronic image or database is derived.

(d)    This Stipulation has no effect upon, and shall not apply to, a Party's use of its own Confidential or Highly Confidential Discovery Material, including information designated as such under Section 4(e), for any purpose.

(e)    This Stipulation shall not preclude any Party from showing any Confidential or Highly Confidential Discovery Material or disclosing information derived therefrom at a deposition, or examination for discovery examination to any witness employed by or affiliated

with the Producing Party designating such materials as Confidential or Highly Confidential, provided that only those persons who are authorized by the terms of this Agreement to receive the Confidential or Highly Confidential Discovery Material to be disclosed to the witness are present at relevant portions of the deposition and the procedures provided for in Section 12 are in place.

8.    **Court Filings.**

(a)    A Party who intends to file Highly Confidential or Confidential Discovery Material shall give 5 days notice to the Party or Parties who designated the Discovery Material as Highly Confidential or Confidential ("Designating Party") so that the Designating Party may bring a motion for a sealing order.  ~~or Highly Confidential Discovery Material shall not be filed in the public record absent the consent of the Producing Party or an order of the Court(s) so permitting.~~

~~(b)~~If a Party wishes to file or otherwise submit to the Court(s) any documents or exhibits containing or making reference to the content of Confidential or Highly Confidential Discovery Material, including, but not limited to, pleadings, memoranda, transcripts, and discovery responses, such Party may redact the Confidential or Highly Confidential Discovery Material. If the nature of the Highly Confidential Information makes redaction unreasonable or impossible, the Party shall give 5 days notice to the Designating Party so that the Designating Party may bring a motion for a sealing order.  ~~may file the documents or exhibits containing or making reference to the content of Confidential or Highly Confidential Discovery Material under seal.~~

~~(c)~~(b)  ~~The entry of this Protective Order by the Courts shall be deemed an order authorizing the filing under seal of any Confidential or Highly Confidential Discovery Material and any other document citing, quoting, summarizing or otherwise reflecting information obtained from Confidential or Highly Confidential Discovery Material without any further order of either Court required.~~

~~(d)~~(c)  The Parties shall meet and confer in good faith, and seek instructions from the Court(s) as necessary, prior to the start of any trial in the Proceedings regarding the use of Confidential or Highly Confidential Discovery Material at such trial or hearing.  The Parties reserve all rights with respect to trial procedures.

9.    **Compelled Disclosure.**

(a)    If a Receiving Party is subpoenaed in another action or proceeding, served with a document demand, or otherwise required or compelled by law, regulation, government action or other process (any of the foregoing, a "Demand") to produce Confidential or Highly Confidential Discovery Material, the Receiving Party shall, if legally permitted, (i) give prompt written notice by overnight delivery, fax or email the earlier of ~~(x)~~ five (5) business days of receipt, or ~~(y)~~ fourteen (14) days prior to the response date of such Demand to counsel for the Producing Party who produced or designated the Confidential or Highly Confidential Discovery Material, provided, however, that such notice shall be given as soon as practicable if the response date of the demand is within fourteen (14) business days of receipt by the Receiving Party; and (ii) refrain from producing any Confidential or Highly Confidential Discovery Material in response to such Demand until the earlier of: ~~(x)~~ receipt of written notice from the Producing Party that it

[NEWYORK 2716802_5]

does not object to production of the Confidential or Highly Discovery Material, or ~~(y)~~ resolution of any objection asserted by the Producing Party either by agreement or by final order of the Court(s) with jurisdiction over the objection of the Producing Party.

(b)    The burden of opposing the enforcement of the Demand shall fall solely upon the Producing Party.

(c)    Should a Producing Party neither provide written notice to the Receiving Party that it does not object to production of the Confidential or Highly Discovery Material nor submit a timely objection seeking an order that the Demand not be complied with and serve such objection upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand's response date.

(d)    Subject to the provisions of this Section, compliance by the Receiving Party with any order directing production pursuant to a Demand of any Confidential or Highly Confidential Discovery Material shall not constitute a violation of this Agreement.

(e)    Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Agreement to challenge or appeal any order directing production of Confidential or Highly Confidential Discovery Material covered by this Agreement, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order.

(f)    The provisions of this Section shall apply to examinations conducted by bank or other regulators to which a Party may be subject, which may include examinations of Confidential or Highly Confidential Discovery Material received by any Party and its representatives. Any such disclosure shall be limited to such portions of the Confidential or Highly Confidential Discovery Material that the applicable Party's legal counsel advises is required under the subpoena, order or process, or request or demand by a regulatory authority, organization of regulators or self-regulatory authority received by that Party ("Regulator Demand"). With respect to Regulator Demands for Confidential or Highly Confidential Discovery Material, the applicable Party will promptly inform the Producing Party who produced or designated the Confidential or Highly Confidential Discovery Material in writing of any such Regulator Demand before the disclosure of such Confidential or Highly Confidential Discovery Material to such regulator, if the applicable Party is entitled to do so and if practicable. Otherwise, the applicable Party will promptly inform the Producing Party who produced or designated the Confidential or Highly Confidential Discovery Material in writing of such Regulator Demand after the disclosure of any Confidential Information to regulator, if the applicable Party is entitled to do so. Nothing herein shall obligate any Party to prohibit or restrict any regulator's prompt access, in violation of any law, regulation, order or other obligation applicable to such Party, to documents or information in the custody, possession or control of such Party its representatives. [UNDER CONSIDERATION BY US DEBTORS]

**10. No Waiver.**

~~(a)It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Stipulation shall operate as a waiver~~

9

~~thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege pursuant to this Stipulation.~~

~~(b)~~(a)  If at any time a Producing Party determines or realizes that certain Discovery Material that it previously produced should be designated as Confidential or Highly Confidential, the Producing Party may apprise the Parties in writing, and such designated Discovery Material will thereafter be treated as Confidential or Highly Confidential Discovery Material under the terms of this Stipulation, provided, however, that the Producing Party shall, at its cost, produce substitute copies, bearing the legend "Confidential" or "Highly Confidential," of any such Discovery Material at which time the Receiving Party shall promptly return to the Producing Party or destroy (at the election of the Receiving Party) the copies of such substituted Discovery Material and shall have no right to access such substituted Discovery Material electronically.

~~(c)~~(b)  Entry into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

~~(d)~~(c)  This Stipulation shall not prevent any Party from applying to the Court(s) in writing and on notice to the Parties for relief from this Stipulation or from any provision(s) thereof, or from applying to the Court(s) in writing and on notice to the Parties for further or additional protective orders.

~~(e)~~(d)  Entering into or agreeing to this Stipulation and/or producing or receiving Confidential or Highly Confidential Discovery Material otherwise complying with the terms of this Stipulation shall not:

    (i)    prejudice in any way the rights of the Parties to object to the production of documents that they consider not subject to discovery, or operate as an admission by any Party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Highly Confidential Discovery Material;

    (ii)    prejudice in any way the rights of a Party to seek a determination by the Court(s) whether any Discovery Material should be treated as Confidential or Highly Confidential Discovery Material or subject to the terms of this Stipulation, provided that a Party seeking to challenge the designation of any Discovery Material as Confidential or Highly Confidential shall be obligated to meet and confer in good faith prior to seeking judicial resolution and follow the procedures provided in Section 11; or

    (iii)    prevent the Parties to this Stipulation from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

[NEWYORK 2716802_5]

**11.**    **Objections to Designation.**

(a)    Any Party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material shall so inform the Producing Party, stating the grounds of the objection, and, unless provided otherwise by the discovery plan adopted by the Courts, they shall have _seven_ (7) business days to attempt to resolve the objection, at the end of which the Party objecting to the designation may seek a ruling from the Court(s), on no less than _three_ (3) business days' notice to the Producing Party, that such information should not be treated as Confidential or Highly Confidential Discovery Material, provided that no Confidential or Highly Confidential Discovery Material shall be filed in the public record or disclosed other than in accordance with the terms of this Stipulation prior to such a determination by the Court(s), and provided further that the burden shall be on the Producing Party to justify the claim that disputed material has been properly designated.

(b)    Each Party hereby agrees that it will not contest a Party's request for expedited consideration of any relief sought from the Court(s) pursuant to this Section.

**12.**    **Use in Depositions / Examinations for Discovery.**

(a)    Any deponent or examinee for discovery or his or her counsel may designate all or part of the transcript of a deposition or examination for discovery as Highly Confidential or Confidential.  Such deponent or examinee will be the Producing Party of the deposition or examination testimony for purposes of this Stipulation.  The designation may be made on the record during the deposition or examination or may be made by giving written notice to the court reporter and counsel for all Parties within thirty (30) business days after receiving the transcript from the court reporter.  All deposition or examination transcripts will be considered Confidential for the first thirty (30) business days after receiving the transcript from the court reporter, unless designated otherwise by agreement of the Parties or by the deponent or examinee, as the case may be.

~~(a)If Confidential or Highly Confidential Discovery Materials are utilized in a deposition, including deposition (discovery) of a party representative, or other recorded testimony, then it shall be designated by counsel for any Party by either:~~

~~(i)indicating on the record that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential Discovery Material, or~~

~~(ii)within seven (7) days following receipt of the deposition transcript, notifying counsel for the Parties in writing of the pages or lines of the transcript to be designated Confidential or Highly Confidential Discovery Material, and until such 7 days expire, the Parties shall treat the entire transcript as Highly Confidential Discovery Material,~~

~~(b)    in either case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.~~

[NEWYORK 2716802_5]

~~The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.~~

13.    **Disclosure to Certain Firms and Individuals.**

Prior to disclosure of Confidential or Highly Confidential Discovery Materials pursuant to Sections 5(b)(ii), (ix~~viii~~), and (xi) (including as incorporated by reference in Section 6(b)(i) hereof); 5(c), and 6(b)(iii) hereof, counsel for the Receiving Party shall provide a copy of this Stipulation to the person or the representative of the firm to whom disclosure is intended and such person or representative must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to receiving any Confidential or Highly Confidential Discovery Material.

14.    **Third-Party Beneficiaries.**

Third parties that produce documents <u>for use in the Proceedings, either voluntarily or</u> pursuant to a subpoena or <u>in response to</u> ~~otherwise respond to~~ discovery requests in connection with the Proceedings are intended third-party beneficiaries of this Stipulation and <u>shall</u> have the right to <u>designate materials as</u> ~~enforce the terms of this Stipulation, as necessary to, inter alia, protect the confidentiality of the~~ Confidential or Highly Confidential Discovery Materials <u>in accordance with the terms hereof and shall otherwise have the same rights and responsibilities as a Producing Party</u>~~they produce~~.

15.    **Redaction of Personal Information.**

(a)    Each Producing Party may redact from Discovery Materials it produces, whether or not such Discovery Materials are designated Confidential or Highly Confidential, ~~such personal information (e.g., social security numbers, home addresses, bank account information) as the Producing Party deems appropriate, such as~~ information required not to be disclosed by the data protection, privacy or similar laws of the Producing Party's jurisdiction.

(b)    <u>If at any time a Producing Party determines or realizes that certain Discovery Materials that it previously produced contains personal information to which a non-disclosure obligation applies, the Producing Party may apprise the Receiving Parties in writing. Promptly after receiving written notice of an inadvertent production of personal information, each Receiving Party shall return to the Producing Party or (at the election of the Receiving Party) destroy the Discovery Material as to which the claim of inadvertent production has been made and shall not use the inadvertently produced personal information for any purpose. The Producing Party shall, at its cost, provide each Receiving Party with substitute copies, bearing appropriate redactions, of any such Discovery Materials.</u> ~~If personal information to which a non-disclosure obligation applies is nevertheless inadvertently produced to a Party or Parties, at the request of a Producing Party, Receiving Parties shall return to the Producing Party or destroy (at the Receiving Party's option) the Discovery Material as to which the claim of inadvertent production has been made and shall not use such information for any purpose.~~

(c)    Each Receiving Party retains the right to move for the disclosure of the redacted information.

[NEWYORK 2716802_5]

**16.    Survival.**

(a)    The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court(s), continue to be binding throughout and after the conclusion of the Proceedings, including without limitation any appeals therefrom.

(b)    When any Party receives a notice from a court as to the release of Confidential or Highly Confidential Discovery Material submitted by that Party, but designated Confidential or Highly Confidential by another Producing Party, the Party receiving the notice shall deliver it by overnight delivery, fax or email to the other Producing Party within three business days, so as to enable the latter to seek further confidential treatment or to have the documents returned or destroyed. The provisions of this Section may be waived only with the written consent of the Producing Party.

**17.    Disposal of Confidential and Highly Confidential Discovery Materials.**

(a)    Within thirty sixty (3060) days after receiving notice after the time for appeal of the entry of an order, judgment, or decree finally disposing of or resolving the Proceedings has expired, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall, at their own cost and expense, either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties. Documents that have been received electronically must be electronically deleted and deleted from "trash" files; provided, however, that to the extent that Confidential or Highly Confidential Discovery Material exists in whole or in part on computer backup tapes or other not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning Confidential or Highly Confidential Discovery Material, but such retained information shall continue to be treated in accordance with this Agreement.

(b)    Notwithstanding the preceding paragraph, outside counsel for the Parties shall be entitled to retain court papers, deposition and court transcripts, and attorney work product that includes or summarizes Confidential Discovery Material or Highly Confidential Discovery Material provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition or trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party as to the Confidential Discovery Material or Highly Confidential Discovery Material at issue.

(c)    Notwithstanding anything herein to the contrary, the obligations of this Section shall not preclude any Party or its experts or its consultants from complying with document retention policies imposed by applicable law, or regulation, or standard provided that the Party, expert or consultant provides notice of its retention of the documents to the Producing Party.

**18.    Privileged Documents.**

(a)    Nothing in this Agreement shall require disclosure of information that counsel contends is protected from disclosure by solicitor-client privilege, the attorney-client privilege,

13

~~the~~ work-product immunity, or any other applicable privilege, immunity or protection from disclosure (each a "<u>Privilege</u>" and, collectively, the "<u>Privileges</u>").

(b)    ~~Consistent with U.S. Federal Rule of Evidence 502(d),~~ <u>I</u>if information subject to a claim of Privilege is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of a Privilege for such information or any other information that may be protected from disclosure by Privilege.

(c)    If a Party has inadvertently or mistakenly produced a document or information that is subject to a good faith claim of Privilege, upon request by the Producing Party promptly after discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose.

(d)    The Party returning such material may then file under seal a motion for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production, and such motion shall not quote from or attach such material.  While the motion for an order compelling production is pending before the Court(s), the moving Party shall not maintain a copy of, quote from or otherwise use the material.

(e)    No public disclosure of the contents of the Discovery Material as to which the claim of Privilege has been made shall occur absent order of the Court(s).

(f)    If, at trial, at a hearing, at <u>an examination for discovery, at a</u> deposition, or on a motion, a Producing Party marks for identification or offers into evidence information subject to a claim of Privilege by the Producing Party—<u>_</u> or proffers or elicits testimonial or other evidence that incorporates or relies on information subject to a claim of Privilege<u>,</u> —that act shall be deemed to effect a waiver and forfeiture by the Producing Party of Privilege.  The preceding sentence shall not apply to (1) proceedings to determine whether the information is subject to a claim of Privilege,  or (2) information subject to a claim of Privilege that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by a Party other than the Producing Party, or relied on by a witness proffered by a Party other than the Producing Party.  By marking for identification or offering into evidence information subject to a claim of Privilege, the Producing Party shall not waive any Privilege with respect to undisclosed Discovery Material concerning the same subject matter.

(g)    If information is subject to a claim of privilege ("Joint Privileged Information"), which appears on its face to be held by two or more Parties ("Joint Privilege"), a Party who claims the Joint Privilege shall not refuse to produce any such Joint Privileged Information to any other Party or Parties with whom the Joint Privilege is shared.  A Party who holds the Joint Privilege may produce Joint Privileged Information only to those other Parties with whom it shares the Joint Privilege and shall not produce such Joint Privileged Information to Parties that do not share in the Joint Privilege or to a shared dataroom.  If a Party who wishes to rely on Discovery Material containing Joint Privileged Information, such Party shall, without prejudice to its position on the claim of privilege, provide notice to the other Parties with whom it shares the Joint Privilege and such other Parties shall have seven days after receiving notice to seek a

14

protective order from the Court(s) in writing and on notice to the Parties.  Absent an order from the Court(s) granting such protective order, the Party seeking to rely on Discovery Material containing Joint Privileged Information shall designate such Discovery Material as "Highly Confidential" and produce it to the other Parties or to a shared dataroom.  Disclosure to a shared dataroom or to persons permitted to view Highly Confidential Discovery Material under this Stipulation does not effect a waiver of privilege as to Parties other than the Producing Party.  The production of such Discovery Material containing Joint Privileged Information does not waive any Privilege with respect to undisclosed Discovery Material concerning the same subject matter as the Joint Privileged Information.

**19.    Execution.**

(a)    This Stipulation may be executed in one or more counterparts, including by facsimile or email, each of which will be deemed an original, but all of which together shall constitute one and the same instrument.

(b)    Nothing in this Stipulation shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

(c)    No amendment or modification of this Stipulation shall be binding or enforceable unless in writing and signed by the Parties.

**20.    Allocation Dataroom Access**

(a)    Upon the execution of this Stipulation by all Parties, all documents in the electronic data site established to facilitate settlement discussions (the "<u>Allocation Dataroom</u>") shall be deemed produced pursuant to this Stipulation, and to the extent that prior confidentiality agreements executed in connection with the establishment of the Allocation Dataroom conflict with this Stipulation, this Stipulation shall <u>terminate</u>supersede such confidentiality agreements. [TO BE DISCUSSED: WHETHER PREVIOUS AGREEMENTS SHOULD BE SUPERCEDED OR TERMINATED IN WHOLE.]

(b)    Notwithstanding anything to the contrary herein, all documents in the Allocation Dataroom shall be deemed <u>Highly</u> Confidential after this Stipulation is fully executed <u>for a period of 21 days.  During that 21 day period, the Producing</u>any Party may designate and <u>electronically stamp a document as Highly Confidential or Confidential if the document meets the criteria for Highly Confidential or Confidential as defined in this Stipulation.  If, after the 21 days, a document has not been electronically stamped as Highly Confidential or Confidential by the Producing a</u> Party, it shall be considered a document to which neither of those designations apply. and will be electronically stamped with the Confidential legend.  Where it is evident from the Bates Stamp which Party supplied the document to the Allocation Dataroom, that Party will be deemed the Producing Party for purposes of Sections 2(a)(iii), 5, 6, 8-11 and 15 of this Stipulation.  Absent such evidence, the document will be deemed produced by the US Debtors, Canadian Debtors and EMEA Debtors and all such Parties shall each be considered a Producing Party with respect to such documents and be treated as a Producing Party for purposes of Subsection (c) *infra* , and Sections 2(a)(iii), 5, 6, 8-11 and 15 o f this Stipulation.  For the avoidance of doubt, whenever consent of or notice to a Producing Party is required by this

~~Stipulation, such consent or notice must be of or to all Parties treated as Producing Parties under this Section.~~

(c)    In the event any Party objects to the designation of specifically identified documents from the Dataroom, the ~~Producing~~ Party <u>who designated the document as Confidential or Highly Confidential</u> shall reconsider such designation and, within ten<u>thirty</u> (10<u>30</u>) days, either re-affirm the designation or such document(s) shall no longer be considered Confidential <u>or Highly Confidential</u> Discovery Material.

~~(d)  The Parties shall thereafter have twenty-one (21) days to designate documents in the Allocation Dataroom as Highly Confidential Discovery Material.  Any Party making such designation will be required to provide new documents with the Highly Confidential legend to replace existing or to otherwise bear the cost of the designation of such documents.  Until such period expires, all Parties with access to the Allocation Dataroom will treat documents therein as Highly Confidential Discovery Material.~~

~~(e)After the expiration of the 21-day period, a Party has the right at any time to designate such documents in the Allocation Dataroom as Highly Confidential in accordance with paragraph 10(b).  Such documents will thereafter be treated as if they had been designated as Highly Confidential in the 21-day period after the execution of this Stipulation.  [US DEBTORS CONSIDERING FURTHER]~~

**21.    Enforcement Pending Entry.**

The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Courts, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been issued and entered by the Courts.

**22.    Jurisdiction.**

The Parties irrevocably agree and consent to the exclusive joint jurisdiction and venue of the US Court and the Canadian Court for the purposes of any proceeding arising out of or relating to this Stipulation.


[SIGNATURE BLOCKS]


[ENDORSEMENT BLOCK]

[NEWYORK 2716802_5]

## EXHIBIT

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City of

_____ and State/Province of _____;

I have read the annexed Confidentiality Stipulation and Protective Order dated

_____, 2013;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent and attorn to the jurisdiction of the United States Bankruptcy Court for the District of Delaware and the Ontario Superior Court of Justice solely for the purpose of enforcement of the provisions of the Confidentiality Stipulation and Protective Order. I will not divulge any Discovery Material to persons other than those specifically authorized by the Protective Order. I understand, in particular, that any Confidential or Highly Confidential Discovery Material, and any copies, excerpts or summaries thereof, or materials containing Confidential or Highly Confidential Discovery Material derived therefrom, as well as any knowledge or information derived from any of these items, may be used only for the Proceedings and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, such as for contempt of court or liability for monetary damages.


Dated: _____        Signature: _____

\6197153

[NEWYORK 2716802_5]



## Rohwer, Ursula

| | |
|---|---|
| **From:** | Ruby, Peter |
| **Sent:** | Tuesday, May 14, 2013 2:51 PM |
| **To:** | Rohwer, Ursula |
| **Subject:** | FW: Comments On Protective Order [BJ-L.FID1690986] |
| **Attachments:** | Change-Pro Redline - Milbank and BJ Comments.pdf |

Print please

**From:** Gavin Finlayson [mailto:FinlaysonG@bennettjones.com]
**Sent:** Tuesday, May 14, 2013 1:10 PM
**To:** Ruby, Peter
**Cc:** Zarnett, Benjamin; Myers, Fred; Kimmel, Jessica; Pasquariello, Joe; Carfagnini, Jay; Armstrong, Christopher; Kevin Zych; S. Richard Orzy; Richard Swan; Matz, Tom; Bassett, Nick
**Subject:** Comments On Protective Order [BJ-L.FID1690986]

Peter:

Please find attached the further changes of the Noteholder Group on the Monitor's proposed form of Protective Order. We are providing these changes to the Monitor's preferred form of order to be cooperative and to assist in moving the litigation process forward.

As you will see, the most significant change we have made to this draft is to modify Section 1 to confirm that the noteholders' prior confidentiality agreements **are not superceded** by the Protective Order and remain in effect. We are happy to discuss our changes at your convenience. Should the Monitor not be inclined to accept these changes, we reserve the right to raise them before the Courts if necessary.

We further reserve our rights to raise our wider concerns regarding the overall breadth and structure of the order that have already been considered and rejected by the Monitor. In particular, and as we have previously advised counsel to the Monitor in both the US and Canada, we are concerned that the two categories of both "Highly confidential " and "Confidential" are overly broad and it is unnecessary to have two categories of confidential information with different restrictions on the use of each.   In our view, this approach will add significantly to the cost and complexity of the litigation.

As previously stated, we are happy to discuss our changes and our concerns with you cooperatively at your convenience.

Thank you

 Gavin H. Finlayson
Partner, Bennett Jones LLP

3400 One First Canadian Place, P.O. Box 130, Toronto, ON, M5X 1A4
P. 416 777 5762 | F. 416 863 1716
E. finlaysong@bennettjones.com

   Download my vCard

Plug into Bennett Jones
Plug into my bio

