IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| NORTEL NETWORKS INC., *et al.*[1], | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re: Doc. Nos: 10514, 10510, 10490** |
| | ) | |

### RESPONSE AND ALTERNATIVE PROPOSALS OF THE CANADIAN CREDITORS COMMITTEE RESPECTING THE TIMETABLE AND DISCOVERY PLAN AND THE EMERGENCY MOTION SUBMITTED BY THE U.S. DEBTORS AND THE UCC

Pursuant to the Court's Order dated May 13, 2013 [D.I. 10510], the Canadian Creditors Committee (the "**CCC**"), by and through its undersigned counsel, as and for its response and alternative proposals respecting the Timetable and Discovery Plan [D.I. 10514] and the Emergency Motion [D.I. 10490] submitted jointly by the above-captioned U.S. Debtors and the Official Committee of General Unsecured Creditors of the U.S. Debtors (the "**UCC**", and collectively with the U.S. Debtors, the "**U.S. Interests**"), respectfully advise the Court as follows:

1. **LITIGATION TIMETABLE:** The CCC supports the Litigation Timetable anticipated to be submitted to the Court today by the Monitor and the Canadian Debtors. The CCC objects to the U.S. Interests' Timetable to the extent it diverges from the Canadian Timetable, most specifically the U.S. Interests' refusal to designate the CCC as a separate Allocation Group, which the Monitor properly has advised Justice Morawetz is necessary

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation , CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.

because the CCC may not be aligned in all respects in the litigation with the position of the Canadian Debtors and the Monitor who act in the interests of all estate stakeholders, not solely those of the CCC.   Indeed, for similar reason, the U.S. Interests have designated a separate group for the other formally organized sub-set of general unsecured creditors, the Bondholder Allocation Group.

2. **Discovery Plan:**  The CCC supports the Discovery Plan anticipated to be submitted to the Court today by the Monitor[2] if it is amended to incorporate the limited revision the CCC has requested, a true and correct copy of which is annexed as Appendix A hereto.[3]  The CCC objects to the U.S. Interests' Discovery Plan to the extent it diverges from the Monitor's Discovery Plan as so amended.

3. **Confidentiality Agreement:**   A true and correct copy of the CCC's requested revisions to the Monitor's proposed Confidentiality Stipulation and Protective Order are attached as Appendix B hereto.  Unlike the Estates and other parties, the CCC, despite numerous and repeated requests over the course of these proceedings, to date has been granted extremely curtailed access to the Estates' voluminous documents, putting the CCC at significant time and knowledge disadvantage in contrast to the other Core Parties for timely fashioning of discovery requests and effective pursuit of other aspects of this litigation.  The confidentiality constraints in the proposed agreements fail to acknowledge, accommodate and level this disadvantage, and in several ways exacerbate it.  In addition, the proposed confidentiality process is contrary to U.S.

---

[2]  The CCC currently is relying on the chart ordered by the Court to be filed before noon today which it anticipates the Monitor will be filing indicating the differences between the Monitor's proposed Timetable and Discovery Plan and those of the U.S. Interests, with the sole addition being the CCC's limited requested amendment to the Monitor's Discovery Plan referenced herein.  To the extent such amendment has not been adopted by the Monitor in its submissions to the Court today, the CCC will submit an additional chart noting such requested amendment.

[3]  The CCC respectfully draws the Court's attention to the fact that the Discovery Plan and the Protective Order the Monitor will submit to the Court prior to today's noon deadline may have been further amended following the CCC's submissions to the Monitor of the requested revisions to earlier form of such documents appended hereto.

and Canada open courts policies and confidentiality burdens. The CCC has proposed an alternative which both comports with applicable U.S. and Canadian law and accommodates the needs and interests of the parties. The CCC understands that the Monitor and the U.S. Debtors will be seeking separate hearing of the confidentiality issues if the parties are unable to reach consensus.

4. The CCC hereby reserves its rights to supplement this response in writing or orally in hearings before the Court as may become necessary, specifically respecting the filing today of alternative proposals by other parties, and generally in light of unfolding events and circumstances in these proceedings.

Dated:  May 15, 2013
        Wilmington, Delaware             Respectfully submitted,

                                         **DLA PIPER, LLP (US)**
                                          /s/  Selinda A. Melnik
                                         Selinda A. Melnik (No. 4032)
                                         919 North Market Street, Suite 1500
                                         Wilmington, DE 19801
                                         Tel: +1.302.468.5650
                                         Email: selinda.melnik@dlapiper.com

                                         *Counsel for the Canadian Creditors Committee*