# APPENDIX A

# CCC PROPOSED DISCOVERY PLAN

**From:** Lily.Harmer@paliareroland.com [mailto:Lily.Harmer@paliareroland.com]
**Sent:** Tuesday, May 14, 2013 2:10 PM
**To:** pruby@goodmans.ca; jpasquariello@goodmans.ca
**Cc:** Sarita.Sanasie@paliareroland.com; anackan@farberfinancial.com; akaplan@kmlaw.ca; arthur.jacques@shibleyrighton.com; bwalancik@kmlaw.ca; Barry.Wadsworth@caw.ca; BBoake@mccarthy.ca; emarques@mccarthy.ca; Gus.Tertigas@ca.ey.com; jgage@mccarthy.ca; Karen.Jones@paliareroland.com; Ken.Rosenberg@paliareroland.com; mzigler@kmlaw.ca; Max.Starnino@paliareroland.com; psteep@mccarthy.ca; richard.grudzinski@rbccm.com; Hans, Richard; Sarita.Sanasie@paliareroland.com; Melnik, Selinda; bdshaw@mccarthy.ca; sphilpott@kmlaw.ca; Hoeffner, Timothy; Tina.Lie@paliareroland.com
**Subject:** CCC response to Monitor's proposed Discovery Plan

Dear Peter,

As requested, attached please find the CCC's response to the Monitor's proposed Discovery Plan. While we support the vast majority of the proposed plan, we are concerned that it will be very difficult for the parties such as the CCC who do not have custody or control of any of the relevant documents to gain access to documents if parties can refuse access merely because there is no index of hard copy documents, or because they happen to exist within a large database somewhere to which we have been given access with no adequate means of knowing what is contained therein. Similarly, in respect of the requirement to provide suggested sources and search parameters for documents, while we will do our best, this information may not always be available to us.

We would be happy to discuss these issues further with you. Thank you,

Lily Harmer

Paliare Roland Rosenberg Rothstein LLP
155 Wellington Street West, 35th Floor
Toronto, Ontario  M5V 3H1

P:  416-646-4326
F:  416-646-4300
E:  lily.harmer@paliareroland.com

Schedule "1"
to the Litigation Timetable

**Ontario Superior Court of Justice – Commercial List Court File No. 09-CL-7950**
**United States Bankruptcy Court for the District of Delaware Court file No. 09-10138(KG)**
**RE: IN THE MATTER OF NORTEL NETWORKS CORPORATION ET AL**

# DISCOVERY PLAN

| | | |
|---|---|---|
| **1.** | **Definitions** | Capitalized terms used herein and not otherwise defined shall have the same meaning ascribed in the Litigation Timetable to which this document is a schedule and the Joint Discovery Scheduling Order. |
| **2.** | **Applicable Procedural Regime:** | The following procedural regimes apply: <br> (a)  in the Ontario Superior Court of Justice, the *Rules of Civil Procedure* for Ontario; and <br> (b)  in the District Court of Delaware, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court District of Delaware. |
| **3.** | **Scope of Documentary Discovery:** | **General Principles:** <br> All in accordance with the dates and steps set out in the Litigation Timetable: <br> *a) Definition of Documents* <br> References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01(a) of the *Rules of Civil Procedure*. <br> *b) Reasonably Accessible Documents and Proportionality* <br> No Core Party will be required to search data sources, including applications and databases, that it reasonably understands already to be in the possession, custody or control of the Core Party making the request. In such circumstances, each Core Party will, when reasonably requested, make best efforts to assist the requesting party to provide direction in respect of the appropriate application or database. <br> Each Core Party will search only ~~reasonably accessible~~ data, ~~which excludes data~~ that cannot be accessed without ~~considerable~~disproportionate burden, time or expense. If a Core Party determines that a document request would require a search that cannot |

<u>be conducted without disproportionate burden, time or expense, it shall provide an explanation as to the efforts made, if any, and the reasons for why the data was not accessed.</u>

~~In light of the volume of the Debtors' hard copy documents maintained in off-site storage facilities, and the abundance of available overlapping electronic data,~~ <u>Each Core Party will produce indices of its hard-copy documents and</u> ~~no Core Party is obligated to search hard copy documents, and rather~~ will ~~produce indices of such documents (to the extent they exist) and~~ meet and confer in good faith regarding what hard copy documents will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense. If any party creates an electronic version of those documents that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with Appendix 1 hereto.

*c) Previously Produced Documents*

All documents already produced into the Merrill Lextranet database for the purpose of the several mediations in this proceeding are to be treated as having been produced in this litigation and any Core Party that does not already have such documents shall be provided access to the Merrill Lextranet database, subject to appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the Core Parties to clawback any privileged documents that may have been produced in the mediation context or that may be inadvertently produced under this Discovery Plan.

*d) No Waiver of Privilege*

The fact that a document has been produced by any Core Party shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other Core Party who asserts privilege over the document), any Core Party who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in a confidentiality or protective order.

*e) Deemed Undertaking*

All of the Core Parties and their counsel shall be deemed to have undertaken not to use any evidence or information obtained in the course of the discovery (including document discovery and depositions) contemplated hereby for any purposes other than the litigation being conducted under the court-ordered Allocation Protocol and Litigation Timetable.

**Document Requests and Interrogatories**

Document requests are to be made further to the Litigation Timetable, specified and categorized with reference to the issues between the Core Parties as raised by the pleadings and to be accompanied where possible by suggested sources and search parameters.

Core Parties will work in good faith to eliminate duplication and redundancy between document requests and will meet and confer about the discovery requests both before and after they have been made.

Core Parties will also work in good faith to streamline interrogatories so as to minimize duplication as between the different anticipated requests where interests can be aligned on particular topics or for particular Opposing Core Parties with interrogatories in common.

The Core Parties shall meet and confer as is reasonable and in accordance with the Litigation Timetable.

**Responses and Objections**

Core Parties may object to document requests and identification interrogatories. When objecting to any discovery request, the recipient of such discovery request shall state the basis for objection as provided for herein.  Objections may be made only on grounds of relevance (having regard to the issues between the parties as raised by the pleadings), subsisting privilege and proportionality. If a party withholds documents or information on these grounds, it may not later introduce such evidence in its case in chief.

**Rolling Production**

Subject to any objections made and sustained if challenged (see motions procedure below), each Core Party shall produce any responsive non-privileged documents to any request made of it to all other Core Parties (to the extent they overlap, responses to multiple request may be combined or cross-referenced to each other to avoid duplication), in accordance with Appendix 1.

In this same time frame, each Core Party shall produce any further documents that they may introduce into evidence at trial that are not already stored in the Merrill Lextranet database.

**Motion to Compel**

Any Core Party who served a document request or interrogatory, and who seeks to compel production of a document or answer to an interrogatory, must do so by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on 7 days notice on all other Core Parties and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested.

|  |  |  |
|---|---|---|
|  |  | The Core Party whose objection is challenged shall respond to this motion within 4 days and any other Core Party whose interests are affected by the request may serve a supplementary response within 2 days thereafter.   All Core Parties shall attempt to resolve any discovery disputes in good faith and to file any necessary motions promptly. |
|  |  | Agreement to accept and respond to a discovery request does not constitute submission to jurisdiction or a waiver of rights or defences for any other purpose. |
| 4. | **Format of Production of Records:** | **Format for Exchange of Electronic Records:** Electronic documents to be produced in accordance with Appendix 1. |
|  |  | **Format for Exchange of Paper Records:** If a record only exists in hard copy and there is no electronic version, at the option of the producing party or any party who inspects and obtains a copy of it,  it may be scanned and produced in accordance with Appendix 1 hereto. |
| 5. | **Trial Witness Identification** | Should a Core Party wish to present evidence at trial from a witness who is not willing to swear an affidavit, such witness shall be identified at this same time, and leave of the Court(s) sought by the Core Party seeking to rely on their evidence to take that witnesses' testimony by deposition (examination out of court) so as to preserve their testimony so it can be submitted by the Core Party as evidence at trial. |
| 6. | **Oral Examinations out of Court** | **Examinations of Core Party Representatives** |
|  |  | Each Core Party shall identify its representative (who may, but is not required to be, a current or former officer, director or employee of that Core Party) to be examined for oral examination (discovery), who is knowledgeable about, or will become reasonably informed of, the topics identified by other Opposing Core Parties to be examined upon, in lieu of contention interrogatories (unless they are agreed or ordered to be taken in writing). |
|  |  | Testimony of discovery representatives may be used as evidence at trial only by Opposing Core Parties whose interests are adverse to those of the proffering Core Party on the issue for which the evidence is being used. |
|  |  | **Oral Depositions**: |
|  |  | All Core Parties shall have the right to ask questions of any witnesses who are designated by any party to be deposed but if more than one party designates the same witness that witness shall only be deposed one time. |
|  |  | **Use of Depositions at Trial** |
|  |  | Designated portions of any deposition may be filed as part of the |

| | |
|---|---|
| | evidence that any party may rely upon at trial (subject to objections which may be ruled upon by the Court as contemplated herein), except that testimony of a deponent who is employed by, party to a cooperation agreement with or otherwise under the control of a Core Party may not be relied upon as evidence by that Core Party or by others sharing its interests on the issue to which the testimony relates. |
| | If a witness who has been deposed is later called as a witness to give *viva voce* evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility. |
| | **Use of Cross Examinations at Trial** |
| | If a witness who previously made a sworn statement in these proceedings and whose prior evidence is designated by a Core Party to be tendered at trial is cross examined prior to trial, the entire cross examination transcript will form part of the trial evidence. |
| | **Scheduling of all Examinations, Cross-Examinations and Depositions** |
| | Once all fact witnesses have been identified, the relevant Core Parties shall attempt to agree on a schedule that contemplates the completion of all witness examinations, cross-examinations and depositions ("Examinations") in this time frame that reflects the practicalities of examining each witness (having regard to the number of parties examining, the subject matter of the examinations, the available time for completion of all examinations and the residence of the witness). Each Examination shall be co-ordinated so that a lead examiner is identified and the order of Examination shall reflect a co-ordinated effort to avoid duplication of questions.  No single witness who has been designated to be examined by up to 3 Discovery Groups shall be examined for longer than 7 hours in total (by all Discovery Groups) and any single witness designated by more than 3 Discovery Groups shall not be examined for more than 14 hours, without leave of the Court(s) or the agreement of all Core Parties. |
| 7.  **Experts** | **Expert Reports** |
| | Each Core Party shall deliver an affidavit or a report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by bates number if previously produced, and containing the disclosures required under Rule 26(a)(2) (B) of the United States Federal Rules of Civil Procedure and Rule 53.03 of the Ontario Rules of Civil Procedure regarding the expert's qualifications, prior engagements, compensation and independence. |
| | Any Core Party that has previously filed an affidavit or report from an |

expert in the context of this litigation (the Ontario and Delaware proceedings) may, at its option, choose to designate that as part of their expert evidence at trial. If not so designated, those previously filed affidavits and/or reports shall not constitute part of the evidence at trial.

**Reply Expert Reports**

Each Core Party shall have the right to deliver an affidavit or report from an expert, including a newly identified rebuttal expert, in response to one received by another Core Party that addresses an issue that is adverse to any position of the Core Party in this litigation. Responses shall be permitted even if the Core Party did not initially tender an expert's affidavit or report, if an issue is raised by an expert whose evidence is tendered by another party that calls for response. Responsive reports shall be limited to responding to issues on which an affirmative expert has been proffered and shall not go beyond such issues.

**Cross-Examination of Experts**

Any Core Party who wishes to cross-examine or depose an expert of an Opposing Core Party may serve notice of its intention to do so, regardless of whether or not that party has filed its own expert evidence.

The Core Parties will attempt to agree to a schedule that contemplates the completion of all expert witness depositions between the notice date and the deadline set in the Litigation Timetable that reflects the practicalities of examining each witness (having regard to the number of parties examining, the subject matter of the examinations, the available time for completion of all examinations and the residence of the witness).

Each examination shall be co-ordinated so that a lead examiner is identified and the order of examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness shall be examined for longer than 14 hours in total (by all Core Parties combined) without leave of the Court(s) or the agreement of all Core Parties.

**Expert Evidence at Trial**

The affidavits and transcripts of depositions of the experts shall be filed as evidence with the court at the trial, subject only to cross examination at trial and any applicable objections (including, without limitation, as to qualifications) that may be made and determined at the outset of the trial and directions from the Court(s) arising therefrom. The Core Party proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's

|   | report. The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all Core Parties adverse to the expert's evidence. |
|---|---|
|   | **Communications with Experts** |
|   | The experts shall not be examined about or asked to produce prior drafts of their affidavits/reports and/or their communications with counsel who retained them (although they may be asked to disclose the specific questions they were asked to answer). |
| 8. General Procedure Applicable to all pre-trial Examinations | **Attendance at Oral Examinations/Depositions** |
|   | For the avoidance of doubt, all Core Parties shall have the right to attend all oral Examinations that relate to any issue, regardless of whether or not they have a right to examine that witness. |
|   | **Coordinating Oral Examinations/Depositions** |
|   | Each Examination shall be coordinated so that a lead examiner is identified. Lead examiners shall work in good faith with any others who are participating in the examination to try to use the available time most efficiently and avoid, to the extent possible, duplication of questions. |
|   | **Transcripts and video taping** |
|   | All Examinations shall be taken under oath and transcribed and the transcripts made available to all Core Parties, whether or not they are in attendance at the examination. At the option of any examining party, the Examination may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s). The examining party(ies) shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay for their own copies. |
|   | **Objections** |
|   | Objections may be made on grounds of relevance (having regard to the issues between the parties as raised by the pleadings), form, subsisting privilege and proportionality only. An objection to form shall not be made solely on the basis that a question is leading unless the deponent is employed by, party to a cooperation agreement with or otherwise under the control of the Core Party represented by the questioner. Questions that are objected to solely on grounds of relevance or form shall be answered under reserve of that objection. All other objections shall be preserved. |
|   | **Requirement for Summons** |
|   | If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US Estates and the Joint Administrators shall assist in issuing process or |

|  |  |
|---|---|
|  | otherwise procuring a witness's attendance irrespective of which Core Party has sought the witness's deposition. Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment to that jurisdiction for any other purpose. |
|  | **Undertakings** |
|  | The witness shall answer any undertakings that were agreed to on his/her examination within three weeks of the date of his/her examination. |
| **9.  General Terms** | Any Core Party may make a motion to the Court to compel another Core Party to take the steps contemplated by the Discovery Plan or other steps, and the Parties agree that the Court(s) may take the existence of the Discovery Plan into account in determining whether to grant the Order sought. The respondent on such a motion may seek to justify its non-compliance with the Discovery Plan on the basis of, among other things, any information that was unknown or unavailable to that Party at the time the Discovery Plan was entered into. |
|  | Breach of this Discovery Plan does not, in and of itself, give rise to a right to damages or any other monetary relief, or to injunctive relief, although the Core Parties agree that the Court(s) may take any breach of this Discovery Plan into account in exercising discretion with respect to costs or other sanctions, or on an application for injunctive relief. |
|  | The Core Parties recognize that, as additional information becomes available throughout the litigation, it may become apparent that: (a) it is impracticable or impossible for a Core Party to comply with the terms of the Discovery Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery Plan, are required in order for a Core Party to obtain access to relevant documents in the litigation. Each Core Party agrees to notify the other Core Parties promptly when it knows that it will not comply with any term of the Discovery and Deposition Plan or when it concludes that another Core Party should take further steps beyond those set out in this Discovery Plan. The Core Parties agree to negotiate in good faith with respect to any amendments to the Discovery Plan requested by a Core Party on the basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the Core Parties. |
|  | The Core Parties shall meet and confer in good faith without the assistance of the Court(s) and attempt to resolve any disputes in the interpretation or implementation of the Discovery Plan. Core Parties are required to promptly seek relief from the applicable Court(s) once an impasse has been reached in any dispute. This relief may be raised |

for the Court(s) for initial consideration at an informal case conference before taking any other procedural steps by way or motion or otherwise as long as that can be arranged promptly.

All motions or directions sought from the Court(s) pursuant to this Discovery and Deposition Plan shall be brought to Judge Gross of the United States Bankruptcy Court for the District Court of Delaware and/or Justice Morawetz of the Ontario Superior Court of Justice as the case may dictate, or any referee who they may direct:

# APPENDIX 1

Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form:

| **Item** | **Field** | **Field Type** | **Description** | **Format** |
|---|---|---|---|---|
| **Document Numbering** | *Docid* | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | *Parentid* | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | *Attchids* | Note text | Docid(s) attached to Parentid | AA0000001 |
| **Fields/Coded Data for E-mails** | *Datesent* | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY  As per metadata |
| | *Timesent* | Time | Time e-mail was sent | As per metadata (HH:MM:SS) |
| | *Timercvd* | Time | Time e-mail was received | As per metadata (HH:MM:SS) |
| | *To* | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | *From* | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | *Subject* | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | *Cc* | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment  When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc  This field is required for loading electronic documents and attachments. | As per metadata |
| **Fields/Coded Data for Attachments and Loose Electronic Documents** | *Datesvd* | Date | Date an electronic file or attachment was last saved | As per metadata |
| | *Datecrtd* | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | *Filetype* | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | *Filename* | Note Text | File name of electronic file or attachment | As per metadata |
| | *Doclink* | Note Text | Used to link a document to the database record  Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | *Folder* | Note Text | Original folder containing path of electronic document as provided | As per metadata |
| | *Custodian* | Note Text | Person from whom document was collected | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment  When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc  This field is required for loading electronic documents and attachments. | As per metadata |
| **Fields/Coded Data for Paper** | *Docdate* | Date | Date of document (subjectively coded) | MM/DD/YYYY |
| | *Doctype* | Note Text | Type of document (subjectively coded) | |

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| **Documents** | *Doctitle* | Note Text | Title of document (subjectively coded) | |
| | *Attach#* | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | *Author* | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | *Recip* | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| **Fields/Coded Data for Paper and Electronic Documents (Chronological Review)** | *Leaddate* | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| **Redactions** | *Redact* | Note | Document has redactions | "Redacted" stamped on document |

1. Each document shall be individually produced with a unique document ID number.

2. OCR text searchable, to the extent the document permits.

3. All images will be single page tiff format (excluding spreadsheets which will be provided in native format) with 300 dpi specifications. Spreadsheets to be provided in native format.

\6205368