**Exhibit B**

# Goodmans LLP

Barristers & Solicitors

Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, Ontario  M5H 2S7

Telephone: 416.979.2211
Facsimile: 416.979.1234
goodmans.ca

Direct Line: (416) 597-4184
pruby@goodmans.ca

May 14, 2013

**Via Email and Delivery**

The Honourable Mr. Justice Geoffrey Morawetz
Judges' Chambers – Court House
330 University Ave.
Toronto, Ontario  M5H 1T3

Dear Mr. Justice Morawetz:

**Re:     Nortel Networks Corporation,** *et al.*
**        Court File No.:  09-CL-7950**

Please find enclosed under Tab 1 the form of draft Order prepared by the Monitor to reflect your endorsement dated May 3, 2013 (the "Endorsement").  The draft order includes, as schedules, a Litigation Timetable, Discovery Plan and draft Protective Order.  We have also enclosed a copy of your Endorsement under Tab 2 because it is that document that the enclosed draft Order is designed to implement.

We will have for you tomorrow when we attend at the scheduled 8:30 a.m. appointment bound and electronic copies of these materials.

While the parties have been unable to reach complete agreement on the operative schedules (Litigation Timetable, Discovery Plan and Protective Order), importantly, the Monitor has continued to communicate with several Core Parties in an attempt to at least narrow the areas of disagreement and the current versions attached reflect some additional comments received on the Monitor's proposed draft Order circulated on Monday, May 13, 2013 following our last attendance before you.  Enclosed at Tab 3 are comments that have provided by other Core Parties about the draft Order circulated by the Monitor that have not been incorporated into the enclosed draft Order.

**Timetable and Discovery Plan**

The Canadian Debtors were directed in paragraph 27 of the Endorsement to amend "[t]he Litigation Timetables and the draft Discovery Plan attached to the submissions of the Canadian Debtors ...to take into account the foregoing".  We understand that the attendances tomorrow are only to settle the form of resulting Order – not to re-litigate the underlying issues.

**Goodmans**

The Endorsement dealt specifically with six amendments that the Court directed be made to the Canadian Debtors' earlier proposal. The Endorsement also described the Court's expectation that the parties communicate with each other, cooperate with each other and use their common sense in a productive way (para. 9). The attached draft Order implements that direction by making those six amendments and by taking into account the considerably varying comments of various parties about how the Endorsement is properly interpreted. The Monitor attempted to reach consensus through discussions about the form of draft Order, without full success.

The Six Amendments

The Endorsement was expressly made "to provide guidance in the form of *a response to the Chart*" (the chart was provided by the U.S. Debtors and was attached as Schedule A to the Endorsement – see paras. 10 and 13). Thus, the six amendments directed by the Court were made in response to that Chart. The Monitor addresses each of these six amendments as follows in the enclosed draft Order:

1. *Scheduling*

With respect to scheduling, the Chart provided with respect the EMEA Debtors' position that fact discovery should last 4.5 months ending September 27, 2013 and expert discovery should last 1.5 months ending December 6, 2013. These were the two scheduling elements that the Endorsement directed be made to the Canadian Debtors' proposed timetable. Subject to small changes to accommodate religious holidays and despite the fact that the timetable start date is now two weeks later than contemplated when the motion leading to the Endorsement was heard by the Court, the enclosed draft Order implements the scheduling amendment.

2. *Separate litigations*

As directed by the Endorsement, the enclosed Litigation Timetable implements the timetable structure proposed by the US Debtors, with three litigation streams.

3. *Limitation of Discovery*

As directed by the Endorsement, the enclosed Litigation Timetable implements discovery groups, requiring the parties aligned in interest to serve consolidated discovery requests and notice depositions together. The enclosed Litigation Timetable reflects the composition of discovery groups proposed by the US Debtors, except that it makes the CCC its own group since the CCC may not be completely aligned with the position of the Canadian Debtors and Monitor.

4. *Core Parties*

The French Liquidator has sought to be added as a Core Party, and the enclosed draft Order reflects the French Liquidator's request.

5. *EMEA Claims*

As directed by the Endorsement, the enclosed Litigation Timetable does not require the EMEA Debtors to deliver a pleading with respect to the Canadian Claims.

6. *Electronic Documents*

As directed by the Endorsement, the enclosed Litigation Timetable provides for access to the Merrill Lextranet database and limited and specific document requests.

Communication, Cooperation and Common Sense

In addition to the amendments to the Canadian Debtors' Timetable and Discovery Plan set out in the Endorsement, the attached draft Order includes the following amendments in response to several of the comments made by other Core Parties:

1. The draft Order now accommodates several of the variations proposed in the submission made to the US Court today by the US Debtors and the EMEA Debtors (in red text so that they are easy to identify) in order to reduce the differences between the positions of the parties. We have indicated in blue timetable dates already proposed in common by the Monitor, US Debtors and EMEA Debtors. Notwithstanding the comments made by others to the Court at the appointment on Monday, May 13 about simply issuing a draft Order that reflects an endorsement, the Monitor continues to be of the view that part of its role is to attempt to find common ground between the parties, even in the context of settling an Order made by the Court. Reducing the number of discrete procedural issues between the parties is in the interests of justice.

2. The draft Order now provides for a document request period running from May 22 through June 3. The start date is the date proposed by the US Debtors and EMEA and the end date is the earliest practicable date after the close of pleadings (which occurs on Thursday, May 30 under the proposed timetable). Parties are encouraged to make their document requests early in the period so that their document requests are addressed first by the parties to which the requests are addressed and, because document request coordination is required, gives early movers the advantage of others' requests having to be layered onto the early requests. Implementing a document request period instead of a fixed date will allow parties that value documentary discovery even before the pleadings close to move quickly while allowing parties that value making document requests in the context of all the pleadings to make requests after the pleadings have closed – and allow for every position in between. This allows for the 4.5 months of fact discovery directed by the Court in the Endorsement, for those who want it, but also gives others the option to take their time at the outset in formulating more targeted and informed requests for documents. As well, by avoiding making a distinction between initial requests on an early date and supplementary requests at a later date (as the US Debtors and EMEA

propose), the need for adjudication over whether a document request is supplementary will be avoided.

3. The draft Order now adapts the request of the US Debtors and EMEA to allow more time to respond to document requests before examinations commence.

4. The draft Order proposes that unresolved matters relating to the trial evidence be dealt with at a preliminary pre-trial in November.

5. The draft Order attaches the Discovery Plan, which has been simplified to remove duplication between that document and the Litigation Plan and to make the Discovery Plan date-neutral (all the dates are in Litigation Timetable). Some of the new suggestions that have been made by the US Debtors and EMEA have been incorporated and can be identified by the red type.

6. The draft order also includes a draft Protective Order, for consideration by the Court. The draft Protective Order is required before documentary productions can commence. Those comments that the Monitor has accepted since the last draft circulated have been incorporated and the comments of the Core Parties that have not been incorporated are enclosed at Tab 4. It has been expressed that another date is required to settle this order as there are some fundamental differences between the parties about the need for and scope of proposed confidential procedures and the alignment of positions between the Core Parties on this issue is different than the alignment of positions on the Litigation Timetable and Discovery Plan.

Leaving aside the Protective Order, conceptually the key conceptual differences between the drafts the Monitor now proposes to implement the Endorsement and what the US Debtors and EMEA are contending for are: (a) whether the five-member CCC should be its own discovery group; (b) whether production requests should have to be made next week (and then supplemented only to deal with issues arising in the responding pleadings) as proposed by the US Debtors and EMEA, or if they should be permitted to start next week, but not required to be completed until after the responding pleadings have been delivered; (c) whether the courts should attempt now to resolve the different approaches to trial evidence and pre-trial filings or defer that to a preliminary pre-trial proposed for November when all parties and the courts will be better equipped to address these matters.

The Monitor and Canadian Debtors submit that the draft Order and attached schedules implement the letter and spirit of the Endorsement and, subject to the Courts having further submissions on the final form of Protective Order, this is the Order that should be approved to be issued and entered.

**Goodmans**

Yours truly,

**Goodmans LLP**

Peter Ruby
PDR/umr


cc.     Core Parties

\6205587