**Exhibit C**

# CHART COMPARING MATERIAL DIFFERENCES
# BETWEEN THE PROPOSED LITIGATION TIMETABLES[1]

Additional line-by-line revisions with respect to the Litigation Plan are identified in the Blacklines attached as <u>Exhibit E</u>. The Blacklines reflect changes to the Canadian Proposals made by the US Proposals.

| Relevant Provision in Canadian Proposal | Issue | Approach in US Proposal | Approach in Canadian Proposal | Reason for approach in Canadian Proposal |
|---|---|---|---|---|
| Preamble | Differing scope of reference to relevant court orders | Limited reference to US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol. | Expansive reference to orders enumerated in US Proposal and all other orders or agreements governing the procedure for resolving the claims that are the subject matter of the Litigation Timetable and the issue of allocation among the estates of asset sale proceeds. | This is a current difference between the Proposals, however, the Monitor and Canadian Debtors are prepared to amend their approach to conform with the US Proposal. |
| Litigation Timetable Generally | Allocation grouping | For the purposes of the Discovery Plan and Litigation Timetable the CCC is grouped with the Canadian Debtors and the Monitor in the "Canadian Allocation Group." | The CCC is its own allocation grouping, defined as the "Canadian CCC Allocation Group." | The CCC currently consists of five different groups, and the CCC is properly in its own allocation grouping because its interests may not be completely aligned with the interests of the Canadian Debtors and the Monitor. The Monitor notes that the US approach of grouping the CCC in with the Monitor and the |

---

[1] Capitalized terms used but not defined in the notice to which this exhibit is attached shall have the meanings ascribed to them in the Proposals.

| | | | | |
|---|---|---|---|---|
| | | | | Canadian Debtors results in a chain of consequential additional differences between the Proposals. |
| May 22 through June 3 | Timing and scope of document requests | The US approach amends the timetable of the Canadian Debtors by creating a two stage process with initial requests required by May 22, which requests may be supplemented only to deal with issues that subsequently arise in the responsive pleadings to be filed on May 29. | Requests may be made without distinction between "initial" and "supplemental" between May 22 and June 3. | Document requests may be served under both approaches as early as May 22 and shortly after the pleadings are completed. Parties are encouraged to make their document requests early in the period so that their document requests are addressed first by the parties to which the requests are addressed and, because document request coordination is required, this gives early movers the advantage of others parties' requests having to be layered onto the early requests. Implementing a document request period instead of a fixed date will allow parties that value documentary discovery even before the pleadings close to move quickly while allowing parties that value making document requests in the context of all the pleadings to make requests after the pleadings have |

| | | | | |
|---|---|---|---|---|
| | | | | closed (as well as allow for every position in between). This allows for the 4.5 months of fact discovery directed by the Canadian Court in its May 3, 2013 Endorsement, for those who want it, but also gives others the option to take their time at the outset in formulating more targeted and informed requests for documents. In addition, by avoiding making a distinction between initial requests on an early date and supplementary requests at a later date (as the US Debtors propose), the need for adjudication over whether a document request is supplementary will be avoided. |
| June 3 | Deadline for service of Identification Interrogatories | The US approach amends the timetable of the Canadian Debtors by making the Identification Interrogatories due before the completion of pleadings, on May 22 | June 3, only 2 business days after the completion of pleadings. | Identification Interrogatories are not urgent and are focused on oral discovery preparation. They should be due after the parties have seen all of each others' pleadings. |
| June 7 | Deadline for Core Party not in a Discovery Group to seek leave to serve non- | May 24 | June 7, only 4 days after the parties in Discovery Groups complete their document | Shift due to difference in document requests dates. |

| | | | | |
|---|---|---|---|---|
| | duplicative document requests and/or interrogatories | | requests and interrogatories. | |
| June 11 | Date of in-person meet and confer between Discovery Participants | June 6 | June 11, only 4 days after document requests and interrogatories are completed. | Shift due to difference in document requests dates. |
| June 18 | Deadline for responses and objections to document requests/interrogatories | June 10 | June 18 | Shift due to difference in document requests dates |
| June 18 | Deadline for recipients of document requests to commence rolling production | June 10 | June 18 | Shift due to difference in document requests dates |
| July 24 | Sworn witness statements | Reference to "affidavits/witness statements." | Reference to "sworn statements." | It is the Monitor's understanding that there is general agreement that the only witness statements that should be permitted in the proceedings are sworn statements. It is not the case in Ontario that as a rule all witness statements are sworn. |
| September 25 | Deadline to complete witness depositions | September 27 | September 25 | Two day shift due to request by a party to accommodate a religious holiday. |
| Week of November 11 and additional trial-related steps | Resolution of issues related to differing approaches to trial evidence and pre-trial filings as between the Courts | One step filing of evidence in a particular form to be revisited. | US Court and Canadian Court should defer resolution of evidentiary and pre-trial filings issues to the pre-trial conference | Resolving these issues in November, as opposed to at the beginning of the process, will give both the Courts and the parties time |

| | | | scheduled for the week of November 11. | to consider and appropriately address these important issues, which are of fundamental importance to the integrity of the process contemplated by the Proposals. |
|---|---|---|---|---|