**Exhibit D**

**CHART COMPARING MATERIAL DIFFERENCES
BETWEEN THE PROPOSED DISCOVERY PLANS[1]**

Additional line-by-line revisions with respect to the Discovery Plan are identified in the Blacklines attached as <u>Exhibit E</u>. The Blacklines reflect changes to the Canadian Proposals made by the US Proposals.

| Relevant Provision in Canadian Proposal | Issue | Approach in US Proposal | Approach in Canadian Proposal | Reason for approach in Canadian Proposal |
|---|---|---|---|---|
| Discovery Plan Generally | Dates | Include dates in both the Litigation Timetable and Discovery Plan. | Simplify and clarify by removing references to dates in the Discovery Plan and providing date references solely in the Litigation Timetable. | Removes redundancy and creates a single controlling document, the Litigation Timetable, that parties can refer to for relevant timelines. |
| Discovery Plan Generally | Allocation grouping | For the purposes of the Discovery Plan and Litigation Timetable the CCC is grouped with the Canadian Debtors and the Monitor in the "Canadian Allocation Group." | The CCC is its own allocation grouping, defined as the "Canadian CCC Allocation Group." | The CCC currently consists of five different groups, and the CCC is properly in its own allocation grouping because its interests may not be completely aligned with the interests of the Canadian Debtors and the Monitor. The Monitor notes that the US approach of grouping the CCC in with the Monitor and Canadian Debtors results in a chain of consequential additional differences between the |

---

[1] Capitalized terms used but not defined in the notice to which this exhibit is attached shall have the meanings ascribed to them in the Proposals.

|  |  |  |  | Proposals. |
|---|---|---|---|---|
| Section 2 (Applicable Procedural Regime) | Location of relevant provisions | The US approach amends the Canadian Debtors' discovery plan to insert an at length description of application of procedural regimes. | Succinct description of application of procedural regimes. | Clarity |
| Section 3 (Scope of Documentary Discovery) | Deemed Undertakings | The US approach amends the Canadian Debtors' discovery plan to delete the deemed undertakings paragraph. | Core Parties and their counsel shall be deemed to have undertaken not to use any evidence or information obtained through discovery for any purposes other than the litigation being conducted pursuant to the Allocation Protocol and the Litigation Timetable. | This is the usual rule in Ontario litigation and is typically applied by the Ontario courts to non-Canadian parties. The provision provides important protections to the parties and should be included, subject to any exceptions that may be considered by the Courts on a case-by-case basis. |
| Section 3 (Scope of Documentary Discovery) | Responses and Objections | The US Proposal amends the Canadian Proposal to remove the limits on the scope of responses and objections to document requests and identification interrogatories. | Objections may be made only on the grounds of relevance (having regard to issues between the parties as raised by the pleadings), sustaining privilege and proportionality. | Ensures that grounds for objections are not without limit, provides important protections to prevent sidetracking and delay, and streamlines subsequent discovery motions. |
| Section 3 (Scope of Documentary Discovery) | Document Requests and Interrogatories | For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of | Same | The Monitor accepted this provision on the recommendation of the US Debtors. The Monitor understands that the EMEA Claimants may object to the limit on number of |

| | | | | |
|---|---|---|---|---|
| | | Identification Interrogatories on each opposing Canadian Claim Party, which Identification Interrogatories shall not exceed ten on any Discovery Participant. | | Identification Interrogatories. The Monitor would be prepared to accept the removal of the limitation. |
| Section 8 (General Procedure Applicable to all pre-trial Examinations) | Objections | The US Proposal amends the Canadian Proposal to remove the limits on the scope of responses and objections to oral examinations/depositions | Objections may only be made on certain specified grounds: relevance, form, sustaining privilege and proportionality. | Ensures that grounds for objections are not without limit, provides important protections to prevent sidetracking and delay, and streamlines subsequent discovery motions. |
| Section 8 (General Procedure Applicable to all pre-trial Examinations) | Requirement for summons | The US Proposal amends the Canadian Proposal by adding that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not itself seek testimony. | No provision providing this limitation. | The limitation may serve to prejudice parties where taking steps to commence proceedings or pursue other procedures to secure testimony is the only way to compel in a timely manner the attendance of certain critical witnesses. |
| Section 9 (General Terms) | Consequence of breach of Discovery Plan | The US Proposal amends the Canadian Proposal to remove any delineation of the consequences of non-compliance with the Discovery Plan. | Breach of the Discovery Plan does not, in and of itself, give rise to a right to damages or any other monetary relief, or to injunctive relief, although the Core Parties agree that the Courts may take any | A provision of this nature is a standard component of Ontario discovery plans and no party has provided compelling reasons why it should not be included in this instance. |

| | | | breach of the Discovery Plan into account in exercising discretion with respect to costs or other sanctions, or the application of injunctive relief. | |
|---|---|---|---|---|
| Section 9 (General Terms) | Resolution of Disputes | The US approach amends the Canadian Debtors' discovery plan to remove the reference to the resolution of disputes. | Once a dispute under the Discovery Plan has reached an impasse parties may seek to request relief from the Courts at an informal case conference before taking any other steps by way of motion or otherwise so long as such informal case conference can be arranged promptly. | This is common relief in Ontario and no party has provided compelling reasons why it should not be available in this instance. |