**EXHIBIT E**

Schedule "A"
to Order

US Interestsand EMEA Debtors' Proposed Litigation Timetable as of May 14, 2013

## LITIGATION TIMETABLENORTEL PROCEEDING

Pursuant to the Orders, dated April 3, 2013, of the Ontario Superior Court of Justice (the "Ontario Court") and the United States Bankruptcy Court for the District of Delaware (the "U.S. Court" and together with the Ontario Court, the "Courts") and endorsement of the Ontario Court dated May 3, 2013, this Litigation Timetable is intended to supplement or amend, as the circumstances require, the Claims Procedure Resolution Order as entered by the Ontario Court on September 16, 2010 (the "Claims Procedure Resolution Order"),[1] and the Ontario Court's EMEA Claims Procedure Order dated January 21, 2011 (the "EMEA Claims Procedures Order") and Intercompany Claims Procedure Order dated July 27, 2012 (the "Intercompany Claims Procedures Order") and all other Orders or agreements governing the procedure for resolving the claims that are the subject matter of this schedule and the issue of allocation among the estates of asset sale proceeds.

Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol, it is hereby ordered:[1]

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| Motion date to be determined by the Courts if necessary | The Discovery Participants to negotiate in good faith to try to come to agreement on a Discovery Plan substantially in the form attached as Schedule "1" hereto[3] and confidentiality and privilege clawback order substantially in the form attached as Schedule "2" hereto, subject to the further order of the Court, or to file motions seeking an interim order addressing these matters if agreement cannot be reached. | | |

---

[1]    On November 5, 2010, the U.S. Court entered an order enforcing in the United States the Claims Procedure Resolution Order along with the Cross-Border Claims Protocol Order, also entered by the Ontario Court on September 16, 2010.

[1]    Capitalized terms shall have the meaning ascribed to them in the Allocation Protocol and Annex A attached hereto.

[3]    In the event of any inconsistency between this Litigation Timetable and the Discovery Plan, the terms of this Litigation Timetable shall govern.

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 16 by noon E.D.T. | Any Core Party who wishes to participate in the aAllocation dispute shall deliver serve a pleading or opening submission styled "Allocation Position of [●]" which will set out with reasonable particularity the relief sought with respect to allocation, the material facts relied upon and legal bases for the allocation position being advanced by that Core Party at the Joint Hearing. Each pleading/submission may be made individually, jointly by two or more Core Parties or by one Core Party adopting another Core Party's pleading/submission as applicable. by noon E.D.T. on May 16, 2013 and file the same within the next business day. | The US Claims Defendant Group shall file and serve their responses to the US Claims. | The EMEA Debtors and the UK Pensions Claimantsshall serve deliver Dispute Notices pursuant to paragraphs 25 of the EMEA Claims Procedure Order and paragraph 17 of the Claims Procedure Resolution Order, respectively, with reasonable particularity, the relief sought, material facts relied upon and legal bases for the challenges to the disallowances of claims being advanced at the Joint Hearing ordered by the Ontario Superior Court of Justice and file the same within the next business day. |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 17 | Any Core Party may serve a joinder before May 17 and file the same within the next business day, provided that the joinder does not advance any new legal bases and does not rely on new material facts. | | |
| May 17 | The Discovery Participants shall aim to reach agreement on a Confidentiality Stipulation and Protective Order as soon as possible.  To the extent the Discovery Participants are unable to agree on a Confidentiality Stipulation and Protective Order, May 17 is the deadline for the Discovery Participants to file their versions of the Confidentiality Stipulation and Protective Order with the Courts. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 22~~through June 3~~ | ~~Service of limited and~~ <u>Deadline for service of limited</u>~~and~~ specific ~~requests~~ for production of non-privileged documents in accordance with the Discovery Plan by each of the ~~Canadian CCC Allocation Group,~~ Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group ~~must be made by no later than June 3. Earlier document requests are encouraged commencing May 22 and all requests should, to the extent possible, take into account and avoid duplicating requests that have already been delivered.~~ | ~~Service~~ <u>Deadline for service</u> of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group ~~must be made by no later than June 3. Earlier document requests are encouraged commencing May 22 and all requests should, to the extent possible, take into account and avoid duplicating requests that have already been delivered.~~ | ~~Service~~ <u>Deadline for service</u> of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group ~~must be made by no later than June 3. Earlier document requests are encouraged commencing May 22 and all requests should, to the extent possible, take into account and avoid duplicating requests that have already been delivered.~~ |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 29 | Deadline for any Core Party who delivered an Allocation Position and who disputes the Allocation Position of any other Core Party to deliver a responding pleading, entitled "Allocation Response" which sets out with reasonable particularity the material facts relied upon and legal bases for any affirmative responses to the disputed Allocation Position advanced by any other Core Party or to designate its Allocation Position as its Allocation Response. Each of the responses may be made individually, jointly by two or more Core Parties or by one Core Party adopting another Core Party's Allocation Response as applicable. | The US Claims Defendant Group, Monitor and Canadian Debtors shall file and serve their responses to the US Claims, which may include by reference that Core Party's Allocation Position and Allocation Response as applicable. | The members of the Canadian Claims Defendant Group and US Debtors may file and serve their responses to the applicable Canadian Claims, setting forth with reasonable particularity the material facts relied upon and legal bases, which may include by reference that Core Party's Allocation Position and Allocation Response as applicable. |
| June 3 | Deadline for delivery of limited written interrogatories, service of Identification | Deadline for service of Identification Interrogatories in | Deadline for delivery service of Identification Interrogatories, in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group. Further written interrogatories may only |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 22 | Interrogatories in accordance with the Discovery Plan by each of the ~~Canadian CCC Allocation Group,~~ Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group, ~~seeking identification of (i) the names, roles and last known contact information of witnesses with knowledge of information relevant to the subject matter of Allocation, EMEA Claims or UK Pension Claims, (ii) the storage form and extent of the potentially relevant documents of these individuals and (iii) information sufficient to identify transactions upon which any positions, claims, and/or defenses of the recipient of the interrogatory rely ("Identification~~ | accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. | ~~be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s).~~, without prejudice to a Canadian Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. |

6

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | Interrogatories").  Further written interrogatories may only be made with the agreement of the Core Party to whom it is directed, or leave of the Court(s)without prejudice to an Allocation Group's right to later serve contention interrogatories, as to be discussed and/or resolved by the Courts. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| ~~June 7~~<br><br>May 24 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 29 | | | With respect to the Canadian Claims, each Disputing Creditor shall receive from the Monitor and the Canadian Debtors, by May 29, 2013, a response to such Disputing Creditor's Affirmative Pleading setting forth, with reasonable particularity, the grounds for the disallowance, the material facts relied upon and the legal bases for the disallowance |
| May 29 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, Bondholder Group, and any other Core Party who filed an opening submission may each file and serve a response to any opposing Core Party's opening submission or designate its opening submission as a cross-response.  Each of the responses may be made individually, jointly, and/or by joining another Core Party's response. | | |
| June 3 | Deadline for supplemental document requests and identification interrogatories related to new issues raised in responsive submissions. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| June ~~11~~ 6 | In-person meet and confer between the Discovery Participants regarding the discovery requests and interrogatories served, procedures governing the production of documents, deposition procedures, and any other issues that have arisen thereof.  ~~Earlier telephone or in-person meet and confer sessions are encouraged in respect of document requests and interrogatories as they are delivered.~~ | | |
| June ~~18~~ 10 | Deadline for responses ~~(very brief descriptions of what a party will produce, not produce   i.e.~~ and objections  ~~and why)~~ to document requests ~~in accordance with the Discovery Plan.  Deadline for fulsome responses~~ and objections to interrogatories in accordance with the Discovery Plan. | | |
| June ~~18~~ 10 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. | | |
| July 3 | Date by which parties must certify substantial progress with regard to production of documents. | | |
| July 22 | Date by which parties must certify substantial completion with regard to production of documents. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| July 24 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed ~~sworn~~ affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously filed ~~sworn~~ affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's previously filed ~~sworn~~ affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. |

11

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| July 26 | Deadline to file motions to compel and/or motions for a protective order with respect to document discovery ~~and responses to interrogatories objected to or not answered~~.  Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| July 26 | Deadline for each of the ~~Canadian CCC Allocation Group,~~ Canadian Allocation Group, the EMEA Allocation Group, ~~the Bondholder Allocation Group~~ and the US Allocation Group to serve on any opposing Core Party ~~a notice of examination and~~ the topics on which that Core Party's representative is to be examined or ~~examined/deposed pursuant to Rule 31 of the Ontario Rules and Rule 30(b)(6) of the U.S. Rules~~ deposed in accordance with the Discovery Plan. | Deadline for each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group to serve on any opposing Claim Party ~~and/or a~~ and/ora member of the Canadian Claims Defendant Group ~~a notice of examination and~~ the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) ~~of the U.S. Rules~~ in accordance with the Discovery Plan. | Deadline for each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group to serve on any opposing Claim Party ~~and/or a~~ and/ora member of the US Claims Defendant Group ~~a notice of examination and~~ the topics on which that Claim Party's representative is to be examined in ~~pursuant to Rule 31 of the Ontario Rules in~~ accordance with the Discovery Plan. |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| July 29 | Deadline for parties to designate witnesses to be examined or deposed, subject to later additions for the reasons set forth in the Discovery Plan.  Each of (1) the Canadian ~~CCC Allocation Group (2) the Canadian~~ Allocation Group and the Canadian Claims Defendant Group together; (~~3~~2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (~~4~~3) the US Allocation Group and the US Claims Defendant Group~~; and (5) the Bondholder Allocation Group together, shall notice examinations/depositions together.~~ together may designate a limited number of fact witnesses for examination or deposition in accordance with the Discovery Plan.  Parties are encouraged to identify witnesses as early as possible in order to facilitate scheduling. | | |
| August 2 | Deadline for each Core Party that is timely served with a ~~notice for an examination/deposition~~ request under Rule ~~31~~ 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the ~~U.S.~~ United States Federal Rules of Civil Procedure to identify its representative for oral examination or deposition.~~Each party served with such a notice shall produce its own representative.~~ | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for deposition. ~~Each party served with such a notice shall produce its own representative.~~ | Deadline for each Canadian Claim Party that is timely served with a ~~notice for an examination/deposition~~ request under Rule ~~31~~ 34.04 of the Ontario Rules of Civil Procedure to identify its representative for an oral examination ~~or deposition.~~Each party served with such a notice shall produce its own representative.~~ |
| August 5 | In-person meet and confer between the Discovery Participants regarding witnesses to be deposed or examined, deposition procedures and any other issues that have arisen. | | |
| September 13 | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| September ~~25~~27 | Deadline to complete ~~witness depositions/examinations in accordance with the Discovery Plan (with any undertakings to be answered within three weeks of each examination), with a preference to finish fact~~ witness depositions <u>in accordance with the Discovery Plan, with a preference to finish fact witness depositions</u> prior to any ~~Rule 31~~ representative party examinations or Rule 30(b)(6) depositions. | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions. | Deadline to complete witness depositions~~/examinations~~ and cross examinations on previously filed ~~sworn~~ <u>affidavits/witness</u> statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to ~~Rule 31~~ representative party examinations. |
| October 4 | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| November 1 | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| Week of November 11 | Preliminary pre-trial conference.~~All steps that follow in this Litigation Timetable after December 6, that address the adducing of evidence for trial are to be revisited by the parties and the Courts at this pre-trial.~~ | | |
| December 6 | Deadline to complete depositions of experts in accordance with the Discovery Plan. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| December ~~13~~9*[2] | Deadline to file ~~all pre-trial motions~~a list of all witnesses and exhibits that each Discovery Participant intends to rely upon as part of its direct case. | | |
| December 13* | Deadline to file pre-trial motions. | | |
| December 13* | Deadline for ~~filing of~~ filingof opening written submissions with the Courts~~, including~~.The content of such submissions will include:<br><br>~~a)~~a) Pre-trial briefs ~~as referenced in Judge Gross's Proposed Final Pretrial Order~~;<br><br>~~b)   With respect to Allocation, all fact affidavits to be used as a party's trial testimony for its case in chief;³~~<br>~~c)   With respect to Allocation, a list of all exhibits each party intends to rely on as part of its case in chief;³~~<br>~~d)By the Canadian EMEA Claimants Group and the U.S. EMEA Claimants Group, all~~ b) All fact affidavits to be used as ~~those parties' trial~~ direct testimony;~~and~~<br><br>~~a)   By the Canadian EMEA Claimants Group and the U.S. EMEA Claimants Group,, a list of all exhibits those parties intend to rely on as part of their case in chief.~~<br><br>c) All exhibits to be used in a Discovery Participant's direct case; and<br><br>d) All deposition testimony to be used in a Discovery Participant's direct case. | | |
| Week of December 16, ~~-~~* if the Courts | Pre-Trial Conference(s) –<br><br>By this date, the Core Parties shall have met and | Pre-Trial Conference(s) –<br><br>By this date, the US | Pre-Trial Conference(s) –<br><br>By this date, the Canadian Claim Parties and the US Claims Defendant Group shall have met and conferred with an effort to |

---

*       All dates for pre-trial submissions are subject to modification by the Courts at the preliminary pre-trial conference.
~~³       The filings by this deadline shall be referred to as Original Filings. A Discovery Participant may (i) file supplemental affidavits as trial testimony, (ii) file supplemental exhibits, (iii) identify supplementary portions of transcripts of depositions and examinations for discovery, if necessary to supplement the Original Filings. Such supplemental filings are permissible only to the extent that an affidavit or exhibit in the Original Filings of another Core Party dealt with a matter not reasonably anticipated, such that the Discovery Participant's Original Filings do not adequately deal with that matter, and the supplemental filings are delivered as soon as possible.~~

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| desire | conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing, including categorizing the documents by issue.<br><br>By this date, the Core Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest.<br><br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this | Claim Parties and the Canadian Claims Defendant Group shall have met and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing, including categorizing the documents by issue.<br><br>By this date, the US Claim Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied | reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing, including categorizing the documents by issue.<br><br>By this date, the Canadian Claim Parties shall also have identified the portions of transcripts of depositions and examinations for discovery relied upon by a party of adverse interest.<br><br>All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| | date on a particularized and document-by-document basis. | ~~upon by a party of adverse interest.~~<br><br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis. | |
| ~~December 20~~ | ~~Deadline for filing with the Courts:~~<br>~~a)  All fact affidavits to be used as a party's trial testimony by the Canadian EMEA Defendants Group and the U.S. EMEA Defendants Group; and~~<br>~~b)  A list of all exhibits each party intended to be relied on by the Canadian EMEA Claimants Group and the U.S. EMEA Claimants Group.~~ | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| Begins January 6, 2014 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii). The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims. | | |
| Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause. | | | |

## ANNEX A

## DEFINITIONS

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in ~~the Allocation~~ theAllocation Protocol.

Allocation Group:  Any of the ~~Canadian CCC Allocation Group and~~ Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

Bondholder Allocation Group:  The Bondholder Group.

Canadian Allocation Group:  The Canadian Debtors ~~and~~, the Monitor, and the CCC.

~~Canadian CCC Allocation Group: The CCC.~~

Canadian Claim Party:  Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.

Canadian Claims:  Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.

Canadian Claims Defendant Group:  The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.

Canadian EMEA Claimants Group:  The EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension ~~Claimants who Claimants~~who made claims against NNC and ~~NNL.   Cosmé Rogeau~~NNL.CosméRogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

~~CCC:   The Canadian Creditors Committee, a committee of major creditors having claims against the Canadian Debtors, comprised of: the Former and Disabled Canadian Employees of the Canadian Debtors through their court-appointed representatives and the Canadian Auto Workers Union; Morneau Shepell Ltd., as Administrator of Nortel's Canadian registered pension plans; the~~

~~Superintendent of Financial Services of Ontario as Administrator of the Pension Benefits Guarantee Fund, and the court-appointed representatives of the Current and Transferred Canadian Employees of the Canadian Debtors.~~

Claim Group:  Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.

Discovery Participant:  Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Discovery Plan:  The Discovery Plan that will be entered by the Courts.

Disputing Creditor: Any party who has delivered an Affirmative Pleading to dispute the disallowance of its claim by the Monitor and the Canadian Debtors.

EMEA Allocation Group:  The UK Pension Claimants, the EMEA Debtors (~~including Nortel~~ includingNortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.), and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) ~~Limited. Cosmé Rogeau~~ Limited.CosméRogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

Identification Interrogatories: Interrogatories seeking identification of (i) the names, roles and last known contact information of witnesses with knowledge of information relevant to the subject matter of Allocation, EMEA Claims or UK Pension Claims, (ii) information sufficient to identify transactions upon which any positions, claims, and/or defenses of the recipient of the interrogatory rely.  An interrogatory seeking the names of multiple individuals or transactions shall be considered one interrogatory for purposes of any numerical limit on the number of interrogatories.

Representatives:  Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

US Allocation Group:  The US ~~Debtors and~~ Debtorsand the Committee.

US Claims:  Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.

US Claims Defendant Group:  The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.

US ~~EMEA Claimants~~ EMEAClaimants Group:  The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US ~~Debtors,~~ Debtors,Nortel Networks AS, Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France SA, Northern Telecom PCN ~~limited. Cosmé Rogeau~~ limited.CosméRogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

US Claim Party:  Any party in the US ~~EMEA Claimants Group or~~ EMEAClaimants Groupor the US Claims Defendant Group, or the UK Pension Claimants.

\620487_9

| Comparison Details | |
|---|---|
| Title | **pdfDocs compareDocs Comparison Results** |
| Date & Time | 5/15/2013 8:38:12 AM |
| Comparison Time | 6.65 seconds |
| compareDocs version | v3.4.11.32 |

| Sources | |
|---|---|
| Original Document | \\nysiinf03\Home\New York\JONESMI\Desktop\Work Folder\Revised Timetable for Morawetz J..DOC |
| Modified Document | \\nysiinf03\Home\New York\JONESMI\Desktop\Work Folder\MODIFIED - Litigation Timetable.doc |

| Comparison Statistics | |
|---|---|
| Insertions | 41 |
| Deletions | 65 |
| Changes | 63 |
| Moves | 6 |
| TOTAL CHANGES | 175 |
| | |
| | |
| | |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | Standard - no moves |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Formatting | Color only. |
| Changed lines | Mark left border. |
| Comments color | ByAuthorcolor options] |
| Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Formatting |
| Character Level | Word | True |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | True |
| Show Track Changes Toolbar | Word | False |
| Show Reviewing Pane | Word | False |
| Update Automatic Links at Open | Word | False |
| Summary Report | Word | End |
| Include Change Detail Report | Word | Separate |
| Document View | Word | Print |
| Remove Personal Information | Word | False |

Schedule "1"
to the Litigation Timetable

**Ontario Superior Court of Justice – Commercial List Court File No. 09-CL-7950**
**United States Bankruptcy Court for the District of Delaware Court file No. 09-10138(KG)**

**RE: IN THE MATTER OF NORTEL NETWORKS CORPORATION ET AL**

## DISCOVERY  PLAN

| | |
|---|---|
| **1. Definitions** | Capitalized terms used herein and not otherwise defined shall have the same meaning ascribed in the Allocation Protocol or Litigation Timetable to which this document is a schedule and the Joint Discovery Scheduling Order. |
| **2. Applicable Procedural Regime:** | TheIn accordance with the Cross Border Protocol, the Cross-Claims Protocol and the Allocation Protocol,the following procedural regimes apply: |
| | (a)   in the Ontario Superior Court of Justice, |
| | (1) With respect to Allocation, the Cross-Border, Cross-Claims and Allocation Protocols apply to the extent not inconsistent with this DiscoveryPlan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario; and, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable. |
| | (2) With respect to US Claims, the Cross-Border and Cross-Claims Protocols apply to the extent not inconsistent with this Discovery Plan, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable. |
| | (3) in the District Court of Delaware, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court District of Delaware.With respect to Canadian Claims, the Cross-Border Protocol, the Cross-Claims Protocols, the Claims Resolution Order, and the EMEA Claims Procedure Order apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario will apply as applicable. |
| **3. Scope of Documentary Discovery** | General Principles: All in accordance with the dates and steps set out in the Litigation |

**Among Discovery Participants:**

~~Timetable:~~

*a) Definition of Documents*

References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01(a) ~~of the~~of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure.

*b) Reasonably Accessible Documents and Proportionality*

No Discovery Participant will be required to search data sources, including applications and databases, that it reasonably understands to already be in the possession, custody, or control of the Allocation Group or Claim Group making the request, provided that a Discovery Participant shall enumerate in its ~~response to~~responseto a discovery request any data sources that are not being searched on this ground.

Each Discovery Participant will only be required to search reasonably accessible data.  A Discovery Participant who believes that responsive materials are reasonably likely to be found in a decommissioned application or in storage media that cannot be accessed without considerable burden, time or expense shall give prompt notice of this in its response to a document request, and shall meet and confer in good faith with the requesting party or parties regarding the cost and practicality of accessing such responsive materials giving attention to the principle of proportionality.

A Discovery Participant shall not be required to re-produce a document that has already been produced by another Discovery Participant and the same document shall not be required to be produced by more than one Discovery Participant.

In light of the volume of the Debtors' hard -copy documents maintained in off-site storage facilities, and the abundance of available and overlapping electronic data, no ~~Core Party is~~Discovery Participant will be obligated to ~~search~~searchsuch hard -copy documents, and rather will produce indices of such hard-copy documents (to the extent they exist)~~and meet~~with their responses to any document request and shallmeet and confer in good faith ~~with the requesting party or parties~~ regarding ~~what~~ hard -copy documents that will be ~~made available~~madeavailable for inspection upon request.  If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense.  If any party creates an electronic version of those documents, that party shall be responsible for

loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with ~~Appendix 1~~Schedule A hereto to the extent reasonable and not overly burdensome.

*c) Previously Produced Documents*

~~All documents already~~Documents produced into the Merrill Lextranet database ("Mediation Dataroom") for the purpose of the several mediations in this proceeding ~~are to~~may be treated as having been produced in the Allocation, US Claims and Canadian Claims litigation, and any ~~Core Party~~Discovery Participant that does not already have such documents shall be provided access to this Merrill Lextranet database, subject to an appropriate confidentiality, protective and/or sealing ~~orders from~~orders from the Court(s) and a provision allowing the ~~Core Parties~~Discovery Participants to clawback any privileged documents that may have been produced in the mediation context or that may be ~~inadvertently~~ produced under this Discovery Plan. Any Discovery Participant may request the load files for ~~this Merrill Lextranet database containing~~the Mediation Dataroomcontaining metadata from Merrill in order to facilitate loading such documents on a review platform of their choosing.

*d) No Waiver of Privilege*

The fact that a document has been produced by any ~~Core Party~~Discovery Participant shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other ~~Core Party~~Discovery Participant who asserts privilege over the document), and any ~~Core Party~~Discovery Participant who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in a confidentiality or protective order.

*e) Deemed Undertaking*

~~All of the Core Parties and their counsel shall be deemed to have undertaken not to use any evidence or information obtained in the course of the discovery (including document discovery and depositions) contemplated hereby for any purposes other than the litigation being conducted under the court-ordered Allocation Protocol and Litigation Timetable.~~

~~**Document Requests and Interrogatories**~~

~~Document requests are to be made further to the Litigation Timetable, specified and categorized with reference to the issues between the Core~~

3

Parties as raised by the pleadings and to be accompanied by suggested sources and search parameters.

Either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional document requests upon a showing of good cause.

*f)Document Requests*

**By no later than May 22, 2013**

For Allocation, each Allocation Group shall be entitled to serve limited reasonable requests for production of non-privileged documents, such requests to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant; provided that the Bondholder Group, prior to making such requests, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden.The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the document requests of an Allocation Group with similarly aligned interests.  Further, such Discovery Participants who do not belong to an Allocation Group will have until May 24, 2013 to seek agreement with a Discovery Participant from whom it seeks documents and, failing agreement, to seek leave of the Courts to make additional document requests if it believes in good faith that such requests are necessary and non-duplicative.

Core Parties will work in good faith to eliminate duplication and redundancy between document requests and will meet and confer about the discovery requests both before and after they have been madeFor US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and theUS Claims Defendant Groupshall be entitled to serve limited and specific requests for production of non-privileged documents on each opposing US Claim Party.  The US Claims Defendant Group and the Bondholder Group shall confer on such requests.

TheIn addition, the EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on the Canadian Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed document request and by the US Court where the US Debtors are the recipient of the disputed document request.  The Canadian and US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Groupshall be entitled to serve limited and specific requests for production of non-privileged documents on each opposing Canadian Claim Party.

The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests.  In addition, the EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on the US Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed document request and by the US Court where the US Debtors are the recipient of the disputed document request.   The Canadian and US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Core Parties will also work in good faith to streamline interrogatories so as to minimize duplication as between the different anticipated requests where interests can be aligned on particular topics or for particular Opposing Core Parties[1] with interrogatories in common.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation document requests and US Claims/Canadian Claims document requests.Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional document requests upon a showing of good cause.

*g) Interrogatories*

**By no later than May 22, 2013**

For Allocation, each Allocation Group shall be entitled to serve a limited number of reasonableIdentification Interrogatories, such interrogatories to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant(not to exceed ten on any Discovery Participant); provided that the Bondholder Group, prior to serving such interrogatories, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden.  The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the interrogatories of an Allocation Group with similarly aligned interests.  Further, such Discovery Participants who do not belong to an Allocation Group will have until May 24, 2013 to seek agreement with a Discovery

---

[1] Core Parties who have a dispute between them, by virtue of either or both having responded to the other's pleading (whether it be on Allocation, Claims or both), shall be considered "Opposing Core Parties".

Participant on whom it wishes to serve interrogatories and, failing agreement, to seek leave of the Courts to serve additional interrogatories if it believes in good faith that such interrogatories are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and US Claims Defendant Group shall be entitled to serve a limited number of ~~reasonable Identification Interrogatories on~~reasonableIdentification Interrogatorieson each opposing US Claim Party (not to exceed ten on any Discovery Participant).The US Claims Defendant Group and the Bondholder Group shall confer on such interrogatories.  In addition, the EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on the Canadian Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed interrogatory and by the US Court where the US Debtors are the recipient of the disputed interrogatory.  The Canadian and US Debtors' agreement to accept such interrogatories does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on each opposing Canadian Claim Party ~~(not to exceed ten on any Discovery Participant).~~.  The Canadian Claims Defendant Group and the Bondholder Group shall confer on such interrogatories.  In addition, the EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on the US Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed interrogatory and by the US Court where the US Debtors are the recipient of the disputed interrogatory.  The Canadian and US Debtors' agreement to accept such interrogatories does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation interrogatories and US Claims interrogatories. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional Identification Interrogatories upon a showing of good cause.

~~The Core Parties shall meet and confer as is reasonable and in accordance with the Litigation Timetable.~~The availability of contention interrogatories shall be decided by mutual agreement among the

Discovery Participants at a later date, and, failing agreement, by the Court(s).

*h) Responses and Objections*

**By no later thanJune 10, 2013**

Core Parties may object to document requests and identification interrogatories. When objecting to any discovery request, the recipient of such discovery requestrequests shall state the basis for objection as provided for herein. Objections, which may be made only on grounds of relevance (having regard to the issues between the parties as raised by the pleadings), subsisting privilege and proportionality. on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2. Recipients are strongly encouraged to prepare joint objectionsjointobjections to the same document request or interrogatories torequestor interrogatiesto the extent their objections overlap.

Rolling*i) Production of Documents*

**Rolling Productions of Documents Shall Commence June 10, 2013 and Shall Be Completed by July 22, 2013:**

Subject to any objections made and sustained if challenged (see motions procedure below), each Core Partyrecipient of adocument request shall produce any responsive non-privileged documents to any request made of it to all other Core PartiesDiscovery Participants by producing such documents into the Merrill Lextranet database (to the extent they overlap, responses to multiple requestrequests may be combined or cross-referenced to each other to avoid duplication) in accordance with Appendix 1..

In this same time frame, each Core PartyDiscovery Participant shall produce any further documents that they may introduce into evidenceintend to rely upon at trial that are not already stored in the Merrill Lextranet databasepart of the mediation productions or responsive productions.

*j) Motions to Compel Document Production*

**Motions to Compel Document Productions Must Be Filed by July 26, 2013**

Any Discovery Participant who served document requests and who seeks to compel production of a document must do so only after meeting and conferring in good faith with the Discovery Participant against whom a motion is contemplated, and thereafter by serving a motion with supporting material, including legal argument/submissions, returnable in

the applicable Court on sevenbusiness days notice on all Discovery Participants, and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested.  The Discovery Participant whose objection is challenged shall respond to this motion within fourbusiness days and any other Discovery Participant whose interests are affected by the request may serve a supplementary response within twobusiness days thereafter.

Notwithstanding this deadline, whenever a discovery dispute arises, the affected Discovery Participants shall promptly attempt to resolve the dispute in good faith and, if an impasse is reached, file any motions with the relevant Court(s) promptly.

k) *Privilege Logs*

Should a Discovery Participant withhold any document based on a claim of privilege or work product protection, the producing party shall provide a privilege log containing details about the category of documents withheld, including at least the following information for each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the category; (c) the date range; and (d) the author(s) and other recipients, which may be grouped by employer (such as Nortel entity or advisor or law firm).  Discovery Participants may request additional information regarding categories on the privilege log in order to assess the basis for withholding and shall meet and confer on the same.

The following documents, to the extent created after the commencement of the bankruptcy proceedings, presumptively need not be included on a privilege log: (a) communications exclusively between a Discovery Participant and its outside counsel or (b) work product created by outside counsel and/or such counsel's agents.

**Motion to Compel**

Any Core Party who served a document request or interrogatory, and who seeks to compel production of a document or answer to an interrogatory, must do so by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on 7 days notice on all other Core Parties and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested. The Core Party whose objection is challenged shall respond to this motion within 4 days and any other Core Party whose interests are affected by the request may serve a supplementary response within 2 days thereafter.   All Core Parties shall attempt to resolve any discovery disputes in good faith and to file any necessary motions promptly.

|  |  |  |
|---|---|---|
|  |  | ~~Agreement to accept and respond to a discovery request does not constitute submission to jurisdiction or a waiver of rights or defences for any other purpose.~~Responsive documents which are jointly privileged as to two or more of the Discovery Participants shall be produced, but only to those Discovery Participants with whom the joint privilege is shared. |
| 4. | **Format of Production of Electronic Records~~:~~** | **~~Format for Exchange of Electronic Records:~~** ~~Electronic documents to be produced in accordance with Appendix 1.~~<br><br>**~~Format for Exchange of Paper Records:~~** ~~If a record only exists in hard copy and there is no~~For each electronic ~~version, at the option of the producing party or any party who inspects and obtains a copy of it, it may be scanned and produced in accordance with Appendix 1 hereto.~~document, the responding party shall provide the metadata specified in Schedule A, but only to the extent they can reasonably be extracted or otherwise provided in a delimited text file. |
| 5. | **Trial Witness Identification** | ~~Should a Core Party wish to present evidence at trial from a witness who is not willing to swear an affidavit, such witness shall be identified at this same time, and leave of the Court(s) sought by the Core Party seeking to rely on their evidence to take that witnesses' testimony by deposition (examination out of court) so as to preserve their testimony so it can be submitted by the Core Party as evidence at trial.~~**By no later than**July 24, 2013**<br><br>Each Discovery Participant shall identify any~~fact~~ (non-expert) witnesses it anticipates calling or presenting testimony of at trial, by name, employer, title and functional role held during the time period relevant to their anticipated testimony.  A~~Discovery Participant may identify trial witnesses not previously identified on good faith at a later date provided that~~any opposing Allocation Group or Claim Group has had or will have a reasonable opportunity to depose the later-identified witness before trial, regardless of the fact discovery cut-off or number of depositions taken.<br><br>Any Discovery Participant that has previously filed an affidavit or witness statement in the context of this litigation (the Ontario and Delaware proceedings) may also, at its option, choose to designate that evidence to be tendered at trial as long as the witness will be made available to be deposed and appears~~at~~ trial for cross-examination. |
| 6. | **Oral Examinations ~~out of Court~~Or Depositions** | *a) Examinations of* **~~Core Party~~** *Representatives/ 30(b)(6) Depositions*<br><br>~~Each Core Party shall identify its representative (who may, but is not required to be, a current or former officer, director or employee of that Core Party) to be examined for oral examination (discovery), who is knowledgeable about, or will become reasonably informed of, the topics identified by other Opposing Core Parties to be examined upon,  in lieu of~~ |

~~contention interrogatories (unless they are agreed or ordered to be taken in writing).~~

**By no later than July 26, 2013**

For Allocation, each Allocation Group (other than the Bondholder Allocation Group) may serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the solicitors or counsel of record for any opposing Discovery Participant specifying the topics, if any, on which that other Discovery Participant's representative(s) is to be examined/deposed. The Bondholder Allocation Group shall consult with the Canadian Allocation Group and the US Allocation Group regarding any requests under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure it would like the US Allocation Group and the Canadian Allocation Group to serve on other Discovery Participants in accordance with the foregoing. In the event that Canadian Allocation Group and the US Allocation Group do not agree to serve such requests, the Bondholder Allocation Group may seek leave of the Court or Courts, as applicable, by motion on notice to serve its own requests for examination under Rule 34.04 of the Ontario Rules of Civil Procedure and/or depositions under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group may each serve a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the counsel of record for any opposing US Claim Party specifying the topics, if any, on which the US Claim Party's representative is to be deposed.The US Claims Defendant Group and the Bondholder Group shall confer on such requests.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group may each serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure on the solicitors/counsel of record for any opposing Canadian Claim Party specifying the topics, if any, on which the Canadian Claim Party's representative is to be examined/deposed.The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests.

Use of (Discovery) Answers at Trial

Testimony of ~~discovery~~ representatives proffered in response to requests under Ontario Rule 31.03 and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure may be used as evidence at trial only by ~~Opposing Core Parties~~Discovery Participants whose interests are adverse

to those of the proffering ~~Core Party~~Discovery Participants on the issue for which the evidence is being used.

**By no later than August 2, 2013**

Each Discovery Participant served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure shall designate a representative(s)(who may, but is not required to be, a current or former officer, director or employee of that Discovery Participant) to be offered to be examined/deposedas though Rule 31.03 of the Ontario Rules of Civil Procedure applied and/or under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure as applicable.   All Discovery Participants shall have the right to attend such examinations/depositions.

~~Oral Depositions:~~

~~All Core Parties shall have the right to ask questions of any witnesses who are designated by any party to be deposed but if more than one party designates the same witness that witness shall only be deposed one time.~~

A Discovery Participant may designate its party representative(s) under Rule 34.04 of the Ontario Rules of Civil Procedure as its witness(es) under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure for a single examination/deposition of each such witness(es).

*b) Oral Examinations/ Deposition of Fact Witnesses:*

**By no later than July 29, 2013**

In addition to the aforementioned examinations/depositions pursuant to Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure, each Allocation Group and each Claim Group shall serve by this date notices stating the witnesses it wishes to examine or depose (which may include third parties, persons subject to the control of a Discovery Participant or both and which may be persons who have been identified as trial witnesses by another Discovery Participant, and any persons whose previously filed affidavits/witness statements have been designated by a Discovery Participant as trial evidence) in order to obtain factual information/admissions relevant to Allocation, US Claims or Canadian Claims.  Each witness shall be named and his/her place of residence (if known) shall be identified.  The parties shall meet as soon as practicable after this date to confer and attempt to reach agreement on the list of witnesses to be deposed and the time for examination of each witness by each party.  In the absence of agreement this shall be submitted to the relevant Court(s) for decision.  The attorneys for the US Debtors, the

Canadian Debtors and the EMEA Debtors agree to accept requests under Rule 34.04 of the Ontario Rules of Civil Procedure and Depositions Noticesthe United States Federal Rules of Civil Procedure seeking to depose or examine persons under the control of their clients. All parties agree to cooperate in good faith in attempts to locate and obtain testimony from persons not under the control of any party, including through issuance of compulsory process, letters of request and other available procedures, except that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony.

The Bondholder Group shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, regarding any fact witnesses it seeks to examine/depose.  In the event that the Canadian Allocation Group and the US Allocation Group do not intend to designate such fact witnesses that the Bondholder Group seeks to designate, the Bondholder Group may seek leave of the Court or Courts, as applicable, by motion on notice to designate such fact witnesses.

Either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to designate additional fact witnesses upon a showing of good cause.

**All examinations/depositions to be completed by no later than September 27, 2013**

The relevant parties shall meet and confer and attempt to agree on the fact witnesses to be examined/deposed and on anexamination/deposition schedule that contemplates the completion of all witness examinations/depositions (including any examinations/depositions for testimony preservation that the Court(s) may have granted leave to conduct) in this time frame that reflects the practicalities of examining/deposing each witness (having regard to the number of Discovery Participants examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness).  All Discovery Participants shall have the right to attend such examinations/depositions.

The relevant parties will attempt to schedule depositions with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions.

*c) Use of Examinations/Depositions at Trial*

Designated portions of any examination/deposition may be filed as part of the evidence that any ~~party~~Discovery Participant may rely upon at trial ~~(subject to objections which may be ruled upon by the Court as contemplated herein), except that testimony of a deponent who is employed by, party to a cooperation agreement with or otherwise under the control of a Core Party may not be relied upon as evidence by that Core Party or by others sharing its interests on the issue to which the testimony relates.~~ in accordance with the usual rules that apply in the Canadian and US Courts, respectively.

If a witness who has been examined/deposed under this Discovery Plan is later called as a witness to give *viva voce* evidence at the trial, the transcript (or designated portions thereof) will still form part of the trial evidence and the entire transcript may also be used to impeach the witness or challenge his/her credibility.

~~**Use of Cross-Examinations at Trial**~~

~~If a witness who previously made a sworn statement in these proceedings and whose prior evidence is designated by a Core Party to be tendered at trial is cross examined prior to trial, the entire cross examination transcript will form part of the trial evidence.~~

~~**Scheduling of all Examinations, Cross-Examinations and Depositions**~~

~~Once all fact witnesses have been identified, the relevant Core Parties shall attempt to agree on a schedule that contemplates the completion of all witness examinations, cross examinations and depositions ("Examinations") in this time frame that reflects the practicalities of examining each witness (having regard to the number of parties examining, the subject matter of the examinations, the available time for completion of all examinations and the residence of the witness). Each Examination shall be co-ordinated so that a lead examiner is identified and the order of Examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness who has been designated to be examined by up to 3 Discovery Groups shall be examined for longer than 7 hours in total (by all Discovery Groups) and any single witness designated by more than 3 Discovery Groups shall not be examined for more than 14 hours, without leave of the Court(s) or the agreement of all Core Parties.~~

**7. Experts**

~~Expert Reports~~**By no later than**September 13, 2013

Each ~~Core Party~~Discovery Participant that intends to rely on the opinion evidence of a qualified expert shall identify the name of its intended expert(s) and the subject matter of their expertise and intended evidence.

**By no later than**October 4, 2013

Each Discovery Participant shall deliver an affidavit or ~~a~~ report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by ~~bates~~Bates number if previously produced, and containing the disclosures required ~~under Rule 26(a)(2) (B) of the United States Federal Rules of Civil Procedure and Rule 53.03 of the Ontario Rules of Civil Procedure regarding the expert's qualifications, prior engagements, compensation and independence.~~by the Applicable Procedural Regime set forth in section 2.

Any ~~Core Party~~Discovery Participant that has previously filed an affidavit or report from an expert in the context of this litigation (the Ontario and Delaware proceedings) may, at its option, choose to designate that as part of their expert evidence at trial, provided that the expert will be made available to be examined/deposed and appears at trial as set out below. If not so designated, those previously filed affidavits and/or reports shall not constitute part of the evidence at trial.

Promptly after the submission of initial expert affidavits or reports, the Discovery Participants shall attempt to agree upon an expert examination/deposition schedule so that depositions can commence by November 8, 2013.

~~Reply Expert Reports~~

**By no later than**November 1, 2013

Each ~~Core Party~~Discovery Participant shall have the right to deliver an affidavit or report from an expert, including a newly identified rebuttal expert, in response to one received by another ~~Core Party~~Discovery Participant that addresses an issue that is adverse to ~~any position of the Core Party in this~~the Discovery Participant's position in the Allocation, US Claims, or Canadian Claims litigation. Responses shall be permitted even if the ~~Core Party~~Discovery Participant did not initially tender an expert's affidavit~~ or report~~, if an issue is raised by an expert whose evidence is tendered by another ~~party~~Discovery Participant that calls for response. Responsive reports shall be limited to responding to issues on which an affirmative expert report has been proffered and shall not go

14

beyond such issues.

~~Cross-Examination of Experts~~

~~Any Core Party who wishes to cross-examine or depose an expert of an Opposing Core Party may serve notice of its intention to do so, regardless of whether or not that party has filed its own expert evidence.~~

**By no later than December 6, 2013**

As soon as practicable, the Discovery Participants shall meet and confer and attempt to agree on a schedule that contemplates the completion of all expert witness examinations/depositions between November 8, 2013 and December 6, 2013 that reflects the practicalities of examining/deposing each witness (having regard to the number of parties examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness). All Discovery Participants shall have the right to attend such depositions.

~~Each examination shall be co-ordinated so that a lead examiner is identified and the order of examination shall reflect a co-ordinated effort to avoid duplication of questions. No single witness shall be examined for longer than 14 hours in total (by all Core Parties combined) without leave of the Court(s) or the agreement of all Core Parties.~~ A Discovery Participant may request that any expert be present at trial for cross-examination, and the affidavit or report of any expert not appearing at trial if requested to appear cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.

**Expert Evidence at Trial**

The affidavits and ~~transcripts of depositions of the experts~~/or reports shall be filed as evidence with the court at the trial, subject only to cross-examination at trial and any applicable objections ~~(including, without limitation, as to qualifications)~~ that may be made and determined at the outset of the trial and directions or rulings from the Court(s) arising therefrom. The ~~Core Party~~Discovery Participant proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's report. The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all ~~Core Parties~~Discovery Participants adverse to the expert's ~~evidence~~position.

Communications with Experts:

The experts shall not be examined/deposed about or asked to produce prior drafts of their affidavits/reports and/or their communications ~~with~~

counsel who retained them (although they may be asked to disclose the specific questions they were asked to answer)withthe Discovery Participant who retained them or otherDiscovery Participants within the same Allocation Group or Claim Group, or their respective Representatives, or any other topic protected from disclosure by the Applicable Procedural Regime set forth in section 2.

With respect to Allocation and US Claims, Rule 26 of the United States Federal Rules of Civil Procedure applies to expert discovery.

| | |
|---|---|
| 8. **General Procedure Applicable to ~~all pre-trial~~All Oral Examinations /Depositions** | ~~Attendance at~~Length of Oral Examinations/Depositions |

~~For the avoidance of doubt, all Core Parties shall have the right to attend all oral Examinations that relate to any issue, regardless of whether or not they have a right to examine that witness.~~The The Discovery Participants will include for discussion in the meet and confer scheduled for August 5 the Discovery Participants' proposals for limits on the length of oral examinations/depositions and the procedure for conducting such examinations/depositions.

Coordinating Oral Examinations/Depositions

Each ~~Examination~~examination/deposition shall be coordinated so that a lead examiner is identified for each group that noticed the oral examination/deposition (where an Allocation Group and Claim Group from the same jurisdiction counts as one group). Lead examiners shall work in good faith with any ~~others who are participating in the examination to try to use the available time most efficiently and avoid, to the extent possible,~~other lead examiners as well as other affected Discovery Participants to reflect a coordinated effort to avoid duplication of questions.For the avoidance of doubt, the US Claim Parties shall have the right to attend oral examinations/depositions that relate to the Canadian Claims, and the Canadian Claim Parties shall have the right to attend oral examinations/depositions that relate to the US Claims.

Transcripts and video taping:

All ~~Examinations~~examinations/depositions shall be taken under oath in the presence of a Canadian or US certified court reporter and transcribed and the transcripts made available to all ~~Core Parties~~Discovery Participants, whether or not they are in attendance at the examination/deposition. At the option of any examining ~~party, the Examination/~~deposingDiscovery Participant, the examination/deposition may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s). The examining ~~party(ies) /~~deposingDiscovery Participant(s)shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay

for their own copies.

Objections:

Objections may be made on ~~grounds of relevance (having regard to the issues between the parties as raised by the pleadings), form, subsisting privilege and proportionality only.  An objection to form shall not be made solely on the basis that a question is leading unless the deponent is employed by, party to a cooperation agreement with or otherwise under the control of the Core Party represented by the questioner.~~any ground provided in the rules of the Applicable Procedural Regime set forth in section 2.  Questions that are objected to ~~solely~~ on grounds ~~of relevance or form~~other than privilege shall be answered under reserve of that objection.  All other objections shall be preserved.

Requirement for Summons:

If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US ~~Estates and~~Debtors, the Joint Administrators, and the UK Pension Claimants shall reasonably assist in issuing process or otherwise procuring a witness's attendance irrespective of which ~~Core Party~~Discovery Participant has sought the witness's deposition, except that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony.  Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment or consent to that jurisdiction for any other purpose.

Undertakings:

~~The~~With respect to Allocation and Canadian Claims, the witness shall answer any undertakings that were agreed to on his/her examination/deposition within ~~three~~two weeks of the date of his/her examination/deposition, unless otherwise agreed to by the affected Discovery Participants.

**9.  General Terms**

Any ~~Core Party~~Discovery Participant may make a motion to the Court to compel another ~~Core Party~~Discovery Participant to take the steps contemplated by the Discovery Plan or other steps, and the ~~Parties~~parties agree that the Court(s) may take the existence of the Discovery Plan into account in determining whether to grant the ~~Order~~order sought.  ~~The respondent on~~The Discovery Participants that are parties to such a motion may seek to justify ~~its non compliance with the Discovery Plan~~their respective positions on the basis of, among other things, any information that was unknown or ~~unavailable~~not reasonably available to that

~~Party~~Discovery Participant at the time the Discovery Plan was entered into.

~~Breach of this Discovery Plan does not, in and of itself, give rise to a right to damages or any other monetary relief, or to injunctive relief, although the Core Parties agree that the Court(s) may take any breach of this Discovery Plan into account in exercising discretion with respect to costs or other sanctions, or on an application for injunctive relief.~~

The ~~Core Parties~~Discovery Participants recognize that, as additional information becomes available throughout the Allocation, US Claims and Canadian Claims litigation, it may become apparent that:  (a) it is impracticable or impossible for a ~~Core Party~~Discovery Participant to comply with the terms of the Discovery Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery Plan, are required in order for a ~~Core Party~~Discovery Participant to obtain access to potentially relevant documents ~~in the litigation~~, information or witness testimony. Each ~~Core Party~~Discovery Participant agrees to notify the other ~~Core Parties~~Discovery Participants promptly when it ~~knows~~reasonably believes that it will not comply with any term of the Discovery ~~and Deposition~~ Plan or when it reasonably concludes that ~~another Core Party should take~~ further steps beyond those set out in this Discovery Plan are required. The ~~Core Parties~~Discovery Participants agree to negotiate in good faith with respect to any amendments to the Discovery Plan requested by a ~~Core Party~~Discovery Participant on ~~the~~that basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the ~~Core Parties~~Discovery Participants.

~~The Core Parties~~All Discovery Participants shall meet and confer in good faith without the assistance of the Court(s) ~~and attempt~~in attempting to resolve any disputes in the interpretation or implementation of ~~the~~this Discovery Plan. ~~Core Parties~~Discovery Participants are required to promptly seek relief from the applicable Court~~(s) once~~ or Courtsif an impasse ~~has been reached in any dispute.  This relief may be raised for the Court(s) for initial consideration at an informal case conference before taking any other procedural steps by way or motion or otherwise as long as that can be arranged promptly~~is reached in any dispute and shall not be heard to complain of any prejudice resulting from their own delay in seeking relief.

All motions or directions sought from the Court(s) pursuant to this Discovery ~~and Deposition~~ Plan shall be brought ~~to~~before the following Court or Courts: with respect to Allocation, before Judge Gross of the United States Bankruptcy Court for the District Court of Delaware and~~/or~~ Justice Morawetz of the Ontario Superior Court of Justice; with respect to US Claims, before Judge Gross; and with respect to Canadian Claims,

before Justice Morawetz.  The Courts shall hold regularly scheduled joint discovery conferences for discovery disputes in Allocation and those discovery disputes that affect both jurisdictions.

The EMEA Debtors' participation in the procedures addressed herein is without prejudice to their contention that Allocation should be decided by arbitration rather than the US and Canadian Courts, and shall not be construed as ~~the case may dictate, or any referee who they may direct:~~a waiver of their objection to determining Allocation in accordance with the procedures set forth in the Allocation Protocol, this Discovery Plan and the Litigation Timetable.

~~APPENDIX 1~~

**SCHEDULE A**

Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form:

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| **Document Numbering** | *Docid* | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | *Parentid* | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | *Attchids* | Note ~~text~~Text | Docid(s) attached to Parentid | AA0000001 |
| **Fields/Coded Data for E-mails** | *Datesent* | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY <br><br> As per metadata |
| | *Timesent* | Time | Time e-mail was sent | As per metadata <br><br> (HH:MM:SS) |
| | *Timercvd* | Time | Time e-mail was received | As per metadata <br><br> (HH:MM:SS) |
| | *To* | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | *From* | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | *Subject* | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | *Cc* | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | *Bcc* | Multi-Entry | Names/e-mail address(es) of the individuals who were blind-copied on the e-mail | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment <br><br> When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc <br><br> This field is required for loading electronic documents and attachments~~.~~ | As per metadata |

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| **Fields/Coded Data for Attachments and Loose Electronic Documents** | *Datesvd* | Date | Date an electronic file or attachment was last saved | As per metadata |
| | *Datecrtd* | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | *Filetype* | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | *Filename* | Note Text | File name of electronic file or attachment | As per metadata |
| | *Doclink* | Note Text | Used to link a document to the database record<br><br>Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | *Folder* | Note Text | Original folder containing path of electronic document as provided | As per metadata |
| | *Custodian* | Note Text | Person from whom document was collected | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment<br><br>When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc<br><br>This field is required for loading electronic documents and attachments. | As per metadata |
| **Fields/Coded Data for Paper Documents** | *Docdate* | Date | Date of document (subjectively coded) | MM/DD/YYYY |
| | *~~Doctype~~Coll ectDate* | ~~Note Text~~Date | ~~Type~~Creation Date of ~~document (subjectively coded)~~Electronic File | MM/DD/YYYY |
| | *~~Doctitle~~Sour ce* | Note Text | ~~Title of~~Location or person from whom document ~~was collected~~ (subjectively coded) | |
| | *Attach#* | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | *Author* | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | *Recip* | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| **Fields/Coded Data for ~~Paper and~~ Electronic Documents (Chronological Review)~~Redacti ons~~** | *Leaddate* | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| | *~~Redact~~Leadt ime* | ~~Note~~Date | ~~Document has redactions~~Time of the parent document, populated to all attachments for use with chronological sorting while keeping document families together<br><br>Allows for further sorting of documents dated the same day by time | ~~"Redacted" stamped on document~~HH:M M:SS |

~~1.~~

1.      Each document shall be individually produced with a unique document ID number.

2.      ~~OCR text searchable, to the extent the document permits~~2.   For each document, the Discovery Participant shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text

cannot be reasonably extracted.  In these instances, provide a text file created using document-level optical character recognition (OCR) to the extent reasonably practicable.

3.

3.    All images will be single page tiff format (excluding spreadsheets, Powerpoint presentations, and database files which will be provided in native format) with 300 dpi specifications.  Spreadsheets to the extent practicable.  Native format files to be provided in the eDocs folder.

4.    Parties will provide the following load files formatted as follows:

(a)    Image folder (single page tiff, 300 dpi);

(b)    eDocs folder (for native format.files);

\6205368

(c)    OCR folder (with text files and a control list for loading);

(d)    data.txt or data.csv (with coded fields listed above for ESI and paper documentation); and

(e)    imginfo.txt or imginfo.csv or other formats at the request of the receiving party to the extent practicable.

5.    If a document and its exact duplicates are associated with the same custodian, the responding partymay withhold the exact duplicates from production.  If a document and its exact duplicates are associated with different custodians, the responding partymay withhold the exact duplicates from production and provide ametadata field for the produced document indicating the custodians for whom duplicates were withheld where practicable.

6.    While Discovery Participants will attempt in good faith to comply with all of the above, Discovery Participants shallproduce documents and comply with the aboveto the extent practicable.

Document comparison by Workshare Professional on Wednesday, May 15, 2013
3:03:47 AM

| Input: | |
|---|---|
| Document 1 ID | file://I:\DPC\temp\PDF Redlines\ORIGINAL - Discovery Plan.DOC |
| Description | ORIGINAL - Discovery Plan |
| Document 2 ID | file://I:\DPC\temp\PDF Redlines\MODIFIED - Discovery Plan.doc |
| Description | MODIFIED - Discovery Plan |
| Rendering set | NYC |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 240 |
| Deletions | 174 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 414 |