```
                IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE


IN RE:                        )     Case No. 09-10138(KG)
                              )     (Jointly Administered)
NORTEL NETWORKS, INC.,        )
      et al.,                 )     Chapter 11

                              )     Courtroom 3
                              )     824 Market Street
            Debtors.          )     Wilmington, Delaware
                              )
                              )     May 15, 2013
                              )     4:30 p.m.

              TRANSCRIPT OF TELEPHONIC PROCEEDINGS
           BEFORE THE HONORABLE JUDGE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:
For Debtors:               Morris Nichols Arsht & Tunnell, LLP
                           BY: DEREK ABBOTT, ESQ.
                           BY: ANN CORDO, ESQ.
                           (302) 351-9357

                           Cleary Gottlieb Steen & Hamilton
                           BY: JAMES BROMLEY, ESQ.
                           BY: MARIA A. DECKER, ESQ.
                           BY: JEFFREY ROSENTHAL, ESQ.
                           BY: LISA M. SCHWEITZER, ESQ.
                           BY: HOWARD ZELBO, ESQ.
                           (212) 225-2000

ECRO:                      GINGER MACE

Transcription Service:     DIAZ DATA SERVICES, LLC
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
TELEPHONIC APPEARANCES:
(Continued)

For the Creditors'        Richards Layton & Finger
Committee:                BY: CHRIS SAMIS, ESQ.
                          (302) 651-7886

                          Akin Gump Strauss Hauer & Feld
                          BY: DAVID BOTTER, ESQ.
                          (212) 872-1055
                          BY: FRED S. HODARA, ESQ.
                          (212) 872-8040
                          BY: BRAD KAHN
                          (212) 872-8121
                          BY: ABID QURESHI, ESQ.
                          (212) 872-1000

For Ad Hoc Committee:     Milbank Tweed Hadley & McCloy
                          BY: CINDY DELANO, ESQ.
                          (212) 530-5501
                          BY: THOMAS KRELLER, ESQ.
                          (213) 892-4763
                          BY: ANDREW LEBLANC, ESQ.
                          (212) 530-5000

For Bank of America:      Bank of America
                          BY: ESTHER CHUNG
                          (646) 855-6705

For Interested Party:     Farallon Capital Management
                          BY: MICHAEL LINN
                          (415) 421-2132

For Interested Party:     Barclays Capital, Inc.
                          BY: OLIVIA MAURO
                          (212) 412-6773

For Monitor,              Allen & Overy, LLP
Ernst & Young:            BY: KENNETH COLEMAN, ESQ.
                          (212) 610-6300
                          BY: DANIEL GUYDER, ESQ.
                          (212) 756-1132
                          BY: LAURA HALL, ESQ.
                          (212) 610-7300
```

TELEPHONIC APPEARANCES:
(Continued)

For Nortel Networks UK        Hogan Lovelis International, LLP
UK Pension Trust:             BY: ANGELA DIMSDALE GILL, ESQ.
                             (212) 728-3135

                             Cassels Brock & Blackwell
                             BY: BILL BURDEN, ESQ.
                             (416) 869-5963

                             Willkie Farr & Gallagher, LLP
                             BY: BRIAN E. O'CONNOR
                             (212) 728-8000

For Interested Party,         BY: SELINDA A. MELNIK, ESQ.
DLA Piper US, LLP:           (302) 468-5650

For Interested Party,         Hughes Hubbard & Reed, LLP
Joint Administrators          BY: DEREK ADLER, ESQ.
and Foreign Reps:            (212) 837-6000

                             Young Conaway Stargatt & Taylor
                             BY: JAIME CHAPMAN, ESQ.
                             (302) 571-5732

                             Davies Ward Phillips & Vineberg
                             BY: ROBIN SCHWILL, ESQ.
                             (416) 863-5502

For Interested Party,         Young Conaway Stargatt & Taylor
Joint Administrator:          BY: EDWIN HARRON, ESQ.
                             (302) 571-6703

                             Lax O'Sullivan Scott & Lisus
                             BY: MATTHEW GOTTLIEB, ESQ.
                             BY: TRACY WYNNE, ESQ.
                             (416) 598-1744

                             Herbert Smith
                             BY: DAN MINDEL, ESQ.
                             BY: JOHN WHITEOAK, ESQ.
                             (302) 571-6710

For Interested Party,         Bayard, P.A.
Bayard, P.A.:                BY: JUSTIN ALBERTO, ESQ.
                             (302) 429-4226

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party,      Credit Suisse
Credit Suisse:             BY: MANAS BABBILI, ESQ.
                           (212) 538-5918

For Debtor,                Torys, LLP
Nortel Networks, Inc.:     BY: SCOTT BOMHOF, ESQ.
                           (416) 865-7370

                           Young Conaway Stargatt & Taylor
                           BY: JOHN DORSEY, ESQ.
                           (302) 571-6712

For Creditor,              Katten Muchin Rosenman, LLP
Wilmington Trust:          BY: DAVID CRICHLOW, ESQ.
                           (212) 940-8941

For Administrators         McCarthy Tetrault, LLP
Morneau Shepell, Admin     BY: JAMES GAGE, ESQ.
of Certain Pension Fund:   (416) 601-7539

For Creditor, Law          Patterson Belknap Webb & Tyler
Debenture Trust:           BY: DANIEL A. LOWENTHAL, ESQ.
                           (212) 336-2720

                           Morris James, LLP
                           BY: STEPHEN MILLER, ESQ.
                           (302) 888-6853

For Ad Hoc Committee       Pachulski Stang Ziehl & Jones
of Bondholders:            BY: KATHLEEN P. MAKOWSKI, ESQ.
                           (302) 652-4100

For Ernst & Young          Buchanan Ingersoll & Rooney
as Monitor:                BY: KATHLEEN MURPHY, ESQ.
                           (302) 552-4214

                           Goodmans, LLP
                           BY: JOSEPH PASQUARIELLO, ESQ.
                           BY: JESSICA KIMMEL, ESQ.
                           (416) 597-4216

For Interested Party,      In Pro Per/Pro Se
Ryan Polisi:               (212) 612-4216

TELEPHONIC APPEARANCES:
(Continued)

```
For Debtor, Canadian      Osler, LLP
Board of Directors:       BY: BETSY PUTNAM, ESQ.
                          (416) 862-6835

For Creditor, Bank of     Latham & Watkins, LLP
New York Mellon:          BY: MICHAEL J. RIELA, ESQ.
                          (212) 906-1373

For Interested Party,     Tory's LLP
Tory's:                   BY: ADAM STEVENS, ESQ.
                          (416) 865-7333

Interested Party, CRT     CRT Capital Group, LLC
Capital Group, LLC:       KEVIN J. STARKE, ESQ.
                          (203) 569-6421

For Canadian Debtor:      Gowlings Lafleur & Henderson, LLP
                          BY: JENNIFER STAM, ESQ.
                          (416) 862-5697

For Creditor, CAW-        CAW Canada
Canada and George         BY: BARRY WADSWORTH, ESQ.
Borosh, et al:            (416) 495-6564

For Interested Party,     Dentons Canada, LLP
Dentons Canada, LLP:      BY: MICHAEL J. WUNDER, ESQ.
                          (416) 863-4715

For Client, Former        Koskie Minsky, LLP
Employees of Nortel       BY: MARK ZIGLER, ESQ.
(Canada):                 (416) 542-6288

For Aurelius Capital      Aurelius Capital Management, LP
Management, LP:           MATTHEW A. ZLOTO, ESQ.

For Canadian Creditors    Paliare Roland Rosenberg Rothstein
Committee:                BY: KEN ROSENBERG, ESQ.
                          (416) 646-4300
```

WILMINGTON, DELAWARE, WEDNESDAY, MAY 15, 2013, 4:28 P.M.

1          THE COURT:  Good afternoon, everyone.  Judge

2   Gross is in the courtroom and I think we're just waiting for

3   Justice Morawetz to join us.

4          MS. KIMMEL:  Good afternoon, Judge Gross.

5          MR. ABBOTT:  Good afternoon, Your Honor.

6          THE COURT:  Good afternoon, everyone.  I

7   recognize a lot of voices these days.  I've been thinking

8   how fond I'm becoming of the Australians.  They're not

9   involved in this case.

10          MS. SCHWEITZER:  They settled out their claim

11   prior to the bankruptcy.

12          THE COURT:  That's right.

13          COURTCALL:  And pardon the interruption, Your

14   Honor.

15          THE COURT:  Yes.

16          COURTCALL:  Justice Morawetz has joined.

17          THE COURT:  Wonderful, thank you.

18          COURTCALL:  You're welcome.

19          THE COURT:  Good afternoon, Justice Morawetz.

20          JUSTICE MORAWETZ:  Good afternoon, Judge Gross.

21   How many others are on the line?

22          THE COURT:  Let's see, I think half of Canada.

23          JUSTICE MORAWETZ:  Wonderful.

24          THE COURT:  Yes.  Now there are about -- I would

1   say there are probably about 20 on the phone.  And

2   hopefully, the parties have discussed who will be addressing

3   the Court at this point.  And we're here, of course, I see

4   that you've done a lot of talking and have narrowed the gap

5   considerably.

6          MR. ABBOTT:  Well, Your Honor, thank you.  This

7   is Derek Abbott of Morris Nichols here for the U.S. Debtors.

8          And Judge Gross and Mr. Justice Morawetz, we

9   wanted to start by thanking you for setting this hearing as

10  quickly as you have and appreciate the effort given the

11  parties.

12         Mr. Rosenthal from Cleary will be addressing the

13  Court for the U.S. Debtors.  And I'm not sure if Your Honor

14  or Mr. Justice Morawetz, you all decided in which Court to

15  proceed first as you typically do, but I know Mr. Rosenthal

16  is ready to begin his presentation, if the Court's are ready

17  to hear it.

18         THE COURT:  I am ready.  How about you, Justice

19  Morawetz?

20         JUSTICE MORAWETZ:  That will be fine.

21         THE COURT:  Great.  And by the way, I think

22  Justice Morawetz has told the Canadian parties that we have

23  a 5:30 hard stop time.

24         MR. ROSENTHAL:  We did receive that message, Your

25  Honors.

1           THE COURT:  Excellent.

2           MR. ROSENTHAL:  Justice Morawetz, Justice Gross

3  or Judge Gross, it's Jeff Rosenthal, of Clearly Gottlieb,

4  and I thank you for your time today.  Hopefully, the last

5  time we have to deal with the scheduling issue.  And I know

6  that it's something that has caused some frustration with

7  the Courts and we are certainly mindful of that.

8           I think I would start by saying, you know, we

9  obviously, have been working hard to try to reach agreement

10  with as many parties as possible.  We did receive a report

11  about the Canadian conference on Monday morning.  And, you

12  know, literally since that time, we've been going non-stop

13  emails and phone calls to try to reach out to everybody to

14  see if we can come up with some consensual plan.  And we

15  were very, very pleased that we were able to do so with

16  first, the EMEA Debtors, and then other than the CCC and the

17  Canadian Monitor, pretty much everybody else.

18      We're disappointed that we were unable to engage the

19  other parties.  And frankly, we've looked at the Canadian

20  submission earlier today, and we don't see very many wide

21  gulfs that should have prevented us from reaching almost

22  complete agreement.  And, therefore, I'm going to really

23  just spend the time on this call, highlighting just a few of

24  the differences because I think most of those are largely

25  kind of, you know, a day here, a day there, or kind of

1    moving the deck chairs, kind of thing.

2            There are a few differences that we would like to

3    address.  And I'm also going to turn over to Mr. Adler,

4    representing EMEA, to address a few of those that are pretty

5    important to his clients and subject to the compromise that

6    we reached.

7            The few that I would like to address are, number

8    one, the start date for document requests and when

9    productions will start.

10           Number two is the issue that I, frankly, thought

11   was already decided by Justice Morawetz; namely, the

12   adoption of the discovery groups proposed by the U.S.

13   Debtors previously.

14           Number three is the rank of parties to object to

15   the deposition of the document request.

16           And four is the mechanism to bring discovery

17   disputes to the Court's attention.

18           There's a few others that I think that the

19   parties really aren't that far apart from and a couple of

20   others.  Like I said, at the end of my presentation, I'll

21   turn it over to Mr. Adler.

22           The first issue and really the only material one

23   on the schedule at all is the start date for the discovery

24   requests.  I think I speak for almost every party on the

25   phone, when I say that we are very eager to get that process

1  going, both to put in other people's hands the discovery

2  request that we want to serve, and also to get from other

3  parties, the discovery request that they want to serve of

4  us.  Because responding to them and gathering documents is

5  going to be a time consuming process that is already very,

6  very compressed.

7          We have proposed and almost everybody else has

8  endorsed next Wednesday, May 22.  The Monitor has proposed

9  that it be a two-week rolling period of May 22 to June 3.

10  And we think that is very problematic because in order to

11  start your search, you need to know what it is that you're

12  searching for.  You can't do a big search today, do another

13  search in three days, do another search in five days.  We

14  need to know what everybody's requests are.  And frankly, in

15  a sense, aggregate them.  So even if most of the parties

16  serve theirs upfront, but the others serve in two weeks,

17  it's really difficult, without wasting a lot of time and

18  money, to start and do a full-fledged search through your

19  documents if you may have to do a complete new wave in two

20  weeks.

21          And what we've done in response to some parties'

22  concerns that there may be something new that they learn in

23  the response to the pleadings is we've put a safety valve of

24  June 3 that says for any new issues that come up in the

25  response of pleadings, you can serve another round.  We

1  expect those would be minimal, if any, but it does give the

2  parties an opportunity to sort of limiting new requests for

3  things that come up.

4         And otherwise, we really think we need to get

5  going.  You know, from May 22 to every parties' completion

6  date of July 22, it's exactly two months.  That is extremely

7  aggressive.  We don't want to lose two more weeks on that.

8         So that's all I have to say on the start date.  I

9  don't know if the Courts would like to take it issue by

10 issue or --

11        THE COURT:  I think so, Mr. Rosenthal, yes.  Why

12 don't we, I think, hear from the Monitor at this point.

13        MS. KIMMEL:  Hello.  It's Jessica Kimmel, from

14 Goodmans, on behalf of the Monitor and the Canadian Debtors.

15        On that issue, which [indiscernible-beep], the

16 Monitor's position is that we commend the commencement as

17 early as people are able to begin to make those document

18 requests.  And to the extent that people feel that they are

19 in a position to do that starting on May 22, we think that

20 that would be something that could be accommodated and

21 encouraged.  And, in fact, incentivized under our proposal,

22 which has that as a start date and proposes June 3 as the

23 end date for completion of requests.  So that those who feel

24 that they can make those decisions about what documents they

25 think they need now before pleadings have closed, and want

1    to get a head start, and want to allow responding parties to

2    get a head start, can do so.  But those who feel that their

3    requests can be refined, and focused, and made in a way that

4    account for the totality of the positions after the

5    pleadings have closed, and would like to wait to make their

6    request until then, we'll also have that flexibility.

7            So our proposal which is to allow people to start

8    making requests as early as May 22 and require those

9    requests to be closed by June 3, allows the most optionality

10   for the parties.  And it also incentivizes people who want

11   to begin early because what we have indicated is that if

12   somebody had made a request, the requests that follow need

13   to take into account what has already been asked for.  So

14   that those who wish to get out early and have their request

15   set the ground for what will come afterwards are free to do

16   so.

17           And our view is that that is the most flexible

18   and appropriate way in which to deal with this issue.  The

19   amount of time in between is not that dramatic and these

20   requests will all take time to respond to.  So it's not that

21   any time will be wasted.  It's that those who wish to make

22   them early, avail themselves of that opportunity.  Everybody

23   will be busy and dealing with them as we go through them.

24           And so our position is that we should keep the

25   flexibilities, allow the option for those who wish to wait

1   for the pleadings to close, and allow those who wish to

2   proceed to go ahead as early as they like which appears to

3   be May 22.

4           JUSTICE MORAWETZ:  Ms. Kimmel, it's Justice

5   Morawetz here.  Having heard what you would like, could you

6   then address as to whether or not the position, as heard by

7   Cleary's, is something that the Monitor and the EMEA Debtors

8   can live with?

9           MS. KIMMEL:  I think it will be difficult.  I

10  think the result of that is that everybody is just going to

11  make a kitchen sink request.  And it's going to probably

12  lead to more work on the back end in terms of those of us

13  who are likely to be responding to many of these requests.

14  And equally so, will force us into a position of having to

15  make very broad requests which was not, I don't think, the

16  intention of anyone under this program.

17          So I -- my response to their suggestion is that

18  if, you know, I don't think in the end it's going to result

19  in any greater efficiency and may, in fact, result in

20  inefficiencies.  And, you know, our ability to make those

21  requests is going to be -- is going to directly affect the

22  way in which the requests are made and how broad they are.

23          MR. ROSENBERG:  Justice Morawetz and Judge Gross,

24  this is Ken Rosenberg in Toronto for the CCC.

25          We adopt both the theory and intent of Ms.

1    Kimmel's submission.  And I only add this additional fact.

2    That there are -- this is a database called the Merrill

3    Database.  We dealt with that at the 8:30 a.m. conference in

4    Toronto this morning.  We understand we're going to get

5    access to it maybe as soon as tomorrow or Friday.  Other

6    parties have had access to database with 44,000 documents.

7    We have 10,000 of them.  Today is May 15.  They're asking

8    for final document requests by May 22.  That's seven days

9    from now.  Leaving aside that we don't have the pleadings

10   which only incents us to make broad requests, we don't have

11   documents others have had the benefit of.

12          We are in no way limiting those who are ready to

13   make their document requests to do so.  We simply ask that

14   we have all the pleadings, understand what the list is, what

15   the dispute is in focused legal terms, have access to these

16   documents for a couple of a weeks in the Merrill Database,

17   and we can live with June 3.

18          For the benefit of the Court, we'd ask for a much

19   later date.  And if moved to June 3, in answer to Justice

20   Morawetz' question, can we live with the U.S. Debtors'

21   request?  I don't -- I believe technically, of course, the

22   answer is yes.  Practically, in the spirit of going to trial

23   in about 200 days, the answer is, it would make no sense and

24   this case would make waste here.  We would simply, as Ms.

25   Kimmel indicated, be stuck with making very broad requests.

1    Thank you.

2          MR. GOTTLIEB:  Judge Gross and Your Honor, it's

3    Matthew Gottlieb.  If it's okay, I can make a very brief

4    submission on behalf of EMEA in Canada.

5          THE COURT:  All right.

6          JUSTICE MORAWETZ:  Go ahead.

7          THE COURT:  Go right ahead.

8          MR. GOTTLIEB:  Thank you very much.  I don't

9    agree that the additional time will have any impact on the

10   type of document requests made.  Parties should have been

11   working on their document requests for some time with a good

12   idea of the position that the parties would be taking in

13   this litigation regarding these issues.  So I think that

14   proper requests will go in or they won't go in, but won't be

15   impacted by the time.

16         And the reason why we, and speaking a little bit

17   for the U.S. Debtors and the other parties that support this

18   timetable, believe it's important is because the Monitor's

19   proposal cuts the ability to respond to the document

20   requests by a couple of weeks.  So a very, very tight

21   timetable for parties to respond to the request is made much

22   tighter.  And we think unrealistically so.  So to cut down

23   the response time at the very front end is in our respectful

24   view, not appropriate.

25         And secondarily, it gives less time to consider

1    the documents and less time to deal with the documents

2    produced based on the Monitor's proposal because you get the

3    documents later because production starts later.  So if the

4    point of the timetable is in the circumstances to give the

5    parties as much time as possible to respond to document

6    requests, and as much time as possible to have the documents

7    before the next stage goes on, that's what the U.S., and

8    EMEA, and other parties' proposal does where the Canadian

9    Monitor's proposal actually makes those times much shorter

10    and unnecessarily so.

11            So in our respectful submission, we ought to be

12    going with proposal that we put forward because it's the one

13    that gives the parties the most ability to respond and the

14    most time with the documents and that's why we put that

15    proposal in.

16            THE COURT:  Justice Morawetz --

17            JUSTICE MORAWETZ:  All right.

18            THE COURT:  -- are you prepared -- should we

19    confer on this briefly at the end of all the issues or are

20    you prepared --

21            JUSTICE MORAWETZ:  I think that's the best way of

22    doing it.  We'll hear the submissions and we'll have a brief

23    conference.  And, you know, I've already formulated some --

24    but the time to do that, I think is at the end.

25            THE COURT:  Yes.

1              MR. ROSENTHAL:  Thank you, Your Honors.  If I

2   could just respond?  Jeff Rosenthal, just very briefly, on

3   just three points I'd like to make.

4              One is we're surprised at Canada's reference to

5   the idea of a kitchen and sink request.  We thought very,

6   very early on the parties were all in a alignment and had

7   been working for months since these dates or at least the

8   trial was set to be in this Court or these Courts back in

9   February, that they -- we would all have limited targeted

10  discovery.

11             And the fact is is that these statements that are

12  being filed with regards to the allocation positions, I

13  think the only people who are unfamiliar with their contents

14  are Your Honors because the parties have been through many

15  rounds of mediation, many rounds of mediation submissions.

16  And the idea of exchanging position statements now is so

17  that we can finally let them see the light of day and show

18  them to the Courts.  But the parties are all well aware and

19  should have had document requests framed by now.

20             With regard to the data room issue, I think what

21  the CCC is saying, really underscores why it's important to

22  have discovery groups.  And, in fact, why the CCC is

23  logically with Canada in the discovery group because --

24             JUSTICE MORAWETZ:  Yeah, but you're getting into

25  a secondary issue now, so let's just restrict this.

1          MR. ROSENTHAL:  Sure.  But what I'm saying Your

2    Honors is that if Canada and the CCC are in coordination

3    with discovery requests, then there's no concern about

4    whether documents are in a data room or not. I mean, they

5    can issue their requests anyway.

6          So anyway, I think there should not be any reason

7    for kitchen sink requests and we think that these requests

8    should have been long ago drafted and ready to go.  And I

9    concur with the EMEA position, that if we're going to get

10   two extra weeks on the front or the back end, we really,

11   really could use it looking for the documents, rather than

12   getting requests on June 3 because the idea of rolling

13   requests really doesn't allow a start.

14         THE COURT:  I have one quick question for Mr.

15   Rosenthal.  This is Judge Gross.  And that is was this data

16   room available during the mediation?  This is not a new data

17   room.  Is that correct?

18         MR. ROSENTHAL:  Your Honor --

19         MS. SCHWEITZER:  Your Honor, it's Lisa

20   Schweitzer.  I'm more familiar with the history.  The data

21   room was set up a couple years ago and was available to all

22   of the estates in connection with the mediation.  And, quite

23   frankly, the only obstacles recently to having it available

24   to the CCC was the finalization of the Confidentiality

25   Agreement where the estates, my understanding is, had

1  settled the Confidentiality Agreement terms roughly several

2  weeks ago.  And only when this is coming to a head, did we

3  finally, you know, it's now coming to a head in front of

4  Your Honors regarding the differences that the CCCs have

5  asked.  But we've been working for months now to settle the

6  Confidentiality Order as well.  But certainly all the

7  estates, there are estate documents created voluntarily and

8  all the estates have had access to them for a while.

9           THE COURT:  All right.

10           MS. SCHWEITZER:  Years.

11           MR. ROSENBERG:  Your Honor, this is Ken Rosenberg

12  of the CCC.  And I can't, I don't want this to turn into a

13  squabble session between counsel.  The Merrill Database was

14  setup for mediation purposes.  And a year and a half ago, we

15  tried to get access to that and there much correspondence

16  that went forward.  I can say that the U.S. Debtor supported

17  our access to that, but we were never granted access to that

18  44,000-document database ever.  The Canadian Monitor

19  provided us with the 10,000 documents that they put into the

20  database, but there are 34,000 documents we have never seen

21  to today.  And those negotiations about the Confidentiality

22  Agreements have been going on for a year and a half and

23  there are parties on this call who refused to consent to a

24  form as a Confidentiality Agreement to allow us access.

25           So to say that we've had access is not correct.

1    We haven't.  There are other parties who have not had access

2    to it, core parties.  It is true the estates have had

3    access, at least that's my understanding.  There are other

4    databases which we have had access to under Confidentiality

5    Agreements.  But with respect to the Merrill Database, it

6    was only this morning that a consensus was arrived at on an

7    interim basis to provide access.  And we'll see if an Order

8    can be taken out in the next day or so.

9            JUSTICE MORAWETZ:  Well I can assure you, Mr.

10   Rosenberg, an Order will be taken out.  And I think that

11   both Judge Gross and I would like all parties to elevate

12   this discussion now, not focusing on who did what to who on

13   the allocation of blame, which right now is the irrelevant.

14   At the end of this call, Judge Gross and I are going to

15   confer and we are going to make some determinations with

16   respect to the issues before us.  Does anybody have anything

17   new to add on Issue No. 1, the start date?

18            (No audible response)

19            JUSTICE MORAWETZ:  Okay.  Issue 2.

20            MR. ROSENTHAL:  Your Honor, the second issue

21   concerns the discovery groups that we had thought was

22   actually decided by the Courts already.  We think that for

23   discovery to be manageable, discovery groups are very

24   important and we have designed them potentially around the

25   three estates and the parties that have an interest in

1    allocation recoveries for each estate.  Those that have an

2    interest in the U.S., those that have an interest in Canada,

3    and those that have an interest in EMEA recovering.  The

4    only difference and there's a very obvious reason for the

5    difference is the Bondholders have certain rights

6    independent of the discovery groups because they are the

7    most significant creditor in two different groups; both the

8    Canadian Estate and the U.S. Estate.  And, therefore, I

9    don't think we can fairly put the Bondholders in either the

10   U.S. Group because it ignores their interest in the Canadian

11   recovery, or the Canadian group because it ignores their

12   interest in a U.S. recovery.

13           But the only party that we're aware of that has

14   disagreed with this structure is the CCC, which says we may

15   have different interests than Canada.  I, frankly, can't

16   understand that.  I don't know how the CCC can have an

17   interest in a recovery by the U.S. Estate or a recovery by

18   EMEA.  While perhaps they have strategic differences, I

19   think that goes without saying that everybody on this call

20   may have strategic differences.  But the idea is are there

21   differences in the ultimate outcome that the parties desire?

22   And theirs is completely aligned in that regard with Canada.

23           I would also note that we have included an escape

24   valve that essentially says a party can come to the Court if

25   it feels that it is in a discovery group and its views are

1  not being heard.  They could then petition the Court at that

2  point.  I can't imagine that that will come to pass, but

3  that exists and I don't think that because of a theoretical

4  difference in strategy, we should throw out the baby with

5  the bath water and get rid of the discovery groups that

6  [indiscernible] the Courts have already ordered.

7        JUSTICE MORAWETZ:  Thank you, Mr. Rosenthal.  I

8  do actually think that you're very descriptive.  We've now

9  had the deck chairs --

10                    (Laughter)

11        JUSTICE MORAWETZ:  -- the throwing out the baby

12  with the bath water, and a few others in there.  I hope it's

13  not the deck chairs on the Titanic.

14                    (Laughter)

15        JUSTICE MORAWETZ:  Having said that, Mr.

16  Rosenberg, you made your points this morning.  Perhaps for

17  this wider group, you can respond.

18        MR. ROSENBERG:  Thank you, Justice Morawetz.  Ken

19  Rosenberg on behalf of the CCC.  The CCC is of the view and

20  has made submissions this morning at an 8:30 appointment.

21  And I shouldn't call them submissions, it was a discussion

22  that the CCC views itself as a distinct interest in the

23  Canadian Monitor and should be a separate allocation group.

24  And at this very early stage, clearly, the conduct of the

25  trial in Canada and the U.S. is the same in completing the

1  stage followed by production, followed by discovery, or

2  interrogatories, and then a trial.

3        Prior to even knowing what parties pleadings are,

4  we are of the view that the best course is to treat us

5  separately.  And then after the pleadings have been dealt

6  with, if there's a party who wishes to bring a motion, to

7  put us into a allocation group with the Canadian Monitor to

8  do so.  To use a metaphor, a little different metaphor, it's

9  easier to facilitate a marriage than to facilitate a

10  divorce.

11        Our CCC group was created because it was felt

12  that by the four or now five Canadian parties that are a

13  part of the CCC, that a distinct voice needs to be given to

14  Canadian-only creditors because of the nature of the Monitor

15  Rule in Canada.  The Monitor is a statutory prescribed body.

16  It has, what has been called fiduciary duties, it has duties

17  to all of the creditors in the estate.  In the Canadian

18  Estate, we are about a $3 billion claim.  Let's say

19  hypothetically, the bonds are a $4 billion plus claim into

20  Canada.  The U.S. Debtors have a $2 billion claim into

21  Canada.  The UK has -- Pension Trust has an $800 million

22  claim.  We're not even the majority of the Canadian

23  Claimants.  And the Canadian Monitor has a duty, when it

24  carries forward in any capacity, and it's a flexible

25  capacity in Canada, to be mindful of all of its

1  stakeholders.

2          There will be, if the Canadian CCC does not have

3  a distinct voice, no voice that speaks only for Canadian-

4  only creditors.  It can be argued, Your Honors, that at a

5  top line, the Canadian CCC and the Canadian Monitor have a

6  similar interest to maximize recovery at a gross level into

7  -- or top line level into Canada.  We may have very distinct

8  interest in terms of bottom line recoveries.

9          To make the point of that, leaving aside all of

10  the other rights that other groups may have, and the bonds

11  are a distinct group, and although they're limited, they are

12  also part of the CC -- the UCC.  The Canadian Monitor has to

13  be mindful of them in their submissions.  The CCC, in June

14  of 2009, in the Canadian Court, first wrote  -- surfaced the

15  issue of maybe a pro-rata equitable distribution or

16  preferred one, a subcon approach to this allocation issue.

17          You don't know what position the Monitor will

18  finally take.  And frankly, the other parties don't know

19  what our position will be.  They may be different in nuance.

20  They may be different in substance, but if you take the

21  allocation group here and work it through the discovery

22  plan, it's just not that you're in a group, you have to

23  collaborate together on discovery requests, on witness

24  requests, on examinations, and each party's witness.  If

25  you're in an allocation group, witnesses are put forth for

1  the group and will bind each other.

2          Frankly, we're in a position where we don't know

3  what we don't know.  It's an intellectual issue.  And for

4  the Court today, we say the safer and better road is to

5  treat us as the same, so that we're not forcing, and I don't

6  want to mince words here, a shotgun marriage between us,

7  only to find that you have to separate us.  There's 200 days

8  or so in this schedule.  We will spend 10 to 15, 20 days

9  having to work together, when, in fact, we may find out we

10 don't want to work together.  Or maybe we could clearly, in

11 litigation and common interest, come together naturally.

12          We don't believe that an artificial

13 characterization should be made at this time.  We have a

14 distinct interest.  It's Canadian only.  If we don't have

15 that voice, there will be no other Canadian-only voice

16 dealing with Canadian-only creditors for the reasons I've

17 laid out with respect to the duties of the Monitor.  Thank

18 you, Your Honors.

19          THE COURT:  All right.  I think we have the

20 argument.

21          MR. LEBLANC:  Your Honor, this is Andrew LeBlanc

22 of Milbank Tweed on behalf of the Bondholder Group.  May I

23 be heard briefly on this point, Your Honor?

24          JUSTICE MORAWETZ:  Yes.

25          MR. LEBLANC:  Thank you, Justice Morawetz.  The

1   one additional point I wanted to make on this, and as I

2   understand it, there isn't anybody who objects to the

3   Bondholder Group in light of its unique status being its own

4   separate group.  But we agreed, as part of that concession,

5   if you will, or that agreement amongst the other parties, we

6   agreed to fairly substantial limitations on our ability to

7   take discovery.  In that, we agreed that we would consult

8   with, as applicable, either the Canadian Debtors, or the

9   U.S. Debtors, or the allocation groups to ensure that we

10  avoid duplication and undue burden.

11          And so although we have negotiated, and I think

12  everybody -- nobody disagrees that we are appropriately a

13  separate group, we've agreed to do so in a way through

14  consultation and in advance of discovery request being

15  propounded and witnesses being identified, to avoid the

16  duplication.  Because the purpose of the discovery groups

17  obviously is to gain efficiencies that come from not having

18  as many parties dealing with issuing their own independent

19  requests.  And so, although we are separated from either of

20  the U.S. or Canadian allocation groups, we're separated with

21  a limitation and an obligation imposed upon us to consult

22  with those parties to avoid duplication.

23          And what -- if I understand what the CCC is

24  asking for, they're actually asking for something far

25  greater than what we have.  And that is to have a separate,

1   unfettered group where they're free to serve whatever

2   requests they want.  And we think the negotiations that led

3   to the discovery group, and frankly, Justice Morawetz' prior

4   Order of May 3 ordering the discovery groups, should resolve

5   that issue because there's obvious efficiencies that come

6   with it and the limitation that we've agreed to maintains

7   those efficiencies, it doesn't take away from them.

8            So we would support the position of the U.S.

9   Debtors and EMEA on this point and we've submitted a

10  document indicating our support.  Thank you, Your Honor and

11  Justice Morawetz.

12            THE COURT:  Thank you.

13            JUSTICE MORAWETZ:  Thank you.

14            THE COURT:  All right --

15            MR. ROSENTHAL:  Your Honor, I'm mindful of the

16  clock, so I'll be happy to move on to the third issue, if

17  you'd like.

18            THE COURT:  Yes, please.

19            MR. ROSENTHAL:  Thank you.  So the third thing is

20  the -- in the discovery plan, the Monitor has proposed

21  limitations on what objections a party can make to document

22  requests and what objections a party can make at depositions

23  saying that, I believe, to document requests that can be on

24  relevance, privilege, and proportionality grounds only.  And

25  also adding a fourth objection of form at depositions.

1          I believe that there are very clear procedural

2   rules under at least in the U.S., we have the Federal Rules

3   of Civil Procedure.  We have the Local Rules of the District

4   of Delaware.  We have well-defined case law and there are

5   more objections that the rules permit.  And I think it would

6   be inappropriate to, in procedural order, to basically, take

7   away valid objections under the procedural rules and I don't

8   think that would be appropriate.

9          I think, obviously, if anybody feels that a party

10  is being overly obstructive at a deposition for example, I

11  know that the Third Circuit has very, very clear rules about

12  what parties may and may not do at deposition in terms of

13  conduct.  I'm sure it will be brought to the Court's

14  attention and stopped immediately, although I expect counsel

15  to be professional and not be obstructive at depositions.

16  But I see no basis in the Canadian proposal to limit valid

17  objections recognized under the law.

18          THE COURT:  All right.  Who would like to be

19  heard for the Monitor?

20          MS. KIMMEL:  It's Jessica Kimmel for the Monitor

21  and the Canadian Debtors.

22          On this issue, what we were attempting to do was

23  to define what we -- what would be in Canada, the grounds

24  for objections to interrogatories and questions on oral

25  depositions, which we understand are aligned with those that

1    would be available under the Federal Rules in the United

2    States.

3              And what we've -- mindful of the fact that we

4    cannot continue to be running back to Court over every

5    little thing that comes up in the course of these

6    proceedings.  Our discovery plan attempted to focus the

7    objections on the grounds that are most commonly recognized

8    and that are expected to be at issue in this case, so that

9    we are not in a situation where we have to keep coming back

10   for direction.  We understand that in the United States

11   there is a process where you can halt the proceedings and

12   have rulings immediately, but we think that that is going to

13   be highly impractical in this case.

14             I -- although it's a theoretical concern that I

15   hear my colleagues raising now, and we haven't heard from

16   them as to which other types of objections they are

17   concerned about not being allowed to make in this case, you

18   know, what -- as I understand, the ones that we've

19   identified, relevant, privilege, proportionality, and in the

20   context of oral examinations form, are the standard

21   objections and we want to have some parameters around what

22   we're dealing with here, so that we are not coming back to

23   Court constantly.  That issue possibly could be alleviated,

24   if we had some form of judicial officer appointed to rule on

25   these things, but I'm not sure that that's even practical.

1    And we are trying to come up with a proposal that allows for

2    procedural efficiency.  And under an Ontario approach, that

3    is something that is available to be done within a

4    timetabling order and that what's why we proposed what we

5    did.

6         I haven't heard what other particular types of

7    objections people are concerned about not being allowed to

8    make and how that is going to prejudice anyone, but I can

9    tell you that our discovery plan also includes at the end, a

10   general provision that says if something comes up that was

11   unexpected and that people feel ought to be raised,

12   notwithstanding within the discovery plan, that is something

13   that is entirely permissible and, of course, if there is an

14   unexpected circumstance, and there's an issue that requires

15   some other form of objection, that there will not -- the

16   parties will have the ability to bring those forward.  But

17   we think it's important to have parameters around the

18   process, so that people know the playing field and the rules

19   coming in for these interrogatories and examinations.

20        MR. ROSENTHAL:  Your Honors, it's Jeff Rosenthal,

21   we just -- and I'll be brief.  We just think that we ought

22   to all follow the applicable rules which my colleague from

23   Canada just said that potentially the same in the U.S. and

24   Canada, and just leave it at that.

25        THE COURT:  Well, in the United States, and

1  particularly in this Circuit, you know, Objections, at least

2  the form of the Objections, are very limited.  So it's not a

3  particularly significant obstruction to the deposition

4  proceeding.  Is there such a thing as reserving Objections

5  except, you know, as to form or something of that nature?

6          MS. KIMBLE:  In Canada, typically; it's Jessica

7  Kimble speaking again, we -- our process is that if you

8  object, you don't answer until it's been ruled upon.

9          THE COURT:  Oh, that's not the way it is here.

10         MS. KIMBLE:  Yes, I understand that, which is why

11 we've tried to build into the Discovery Plan that you -- the

12 specific bases for objection and a direction, which is not

13 normal in Canada, that you, nonetheless, answer unless, you

14 know, unless -- certainly not -- except for privileges for

15 proportionality.

16         JUSTICE MORAWETZ:  The May 3 endorsement

17 references that the Rules apply.  Might I suggest to go with

18 the standard way of dealing with things, Ms. Kimble, and if

19 a Judicial Officer is required, people can move to have that

20 dealt with.  And if there are difficult -- at any time, I

21 think they will be dealt with in short order to keep things

22 moving.

23         MR. ROSENTHAL:  Thank you, Your Honor.  I'll move

24 now, if you want, to the fourth issue that I had flagged

25 which was in Section 9 of the Discovery Plan, Canada had

1  some language -- this involved kind of the obligation of the

2  parties to meet-and-confer prior to any Motion practice on

3  discovery disputes.  We think that all the parties are in

4  agreement with that obligation.  I think that that's

5  obviously incumbent upon the parties to do.  Canada had

6  added language that said other than filing Motions to

7  Compel, relief may be raised for the Court's -- for initial

8  consideration and an informal Case Conference before taking

9  any other procedural steps.  I think the position of the

10 U.S. Debtors is we're fine if there are informal mechanisms

11 put in place to resolve discovery disputes, short of Motion

12 practice, but we just don't understand the informal --

13 initial consideration at an informal Case Conference before

14 the Courts', with an s apostrophe, and we don't want to be

15 put in a situation where we don't know, you know, is a party

16 going to one of the Courts but not the other and additional

17 consideration?  Is it optimal decision-making?  I'm all for

18 getting a procedure that's different than a Motion to Compel

19 so long as it's a concrete procedure.  We don't want

20 situations in which we don't know should we be appearing up

21 in Canada at a hearing or is it not going to be resolved?

22 The last two days, if they've been any guide, we've been

23 told where the Agendas have been -- have turned out to be

24 very, very different from what we've been told is on the

25 Agenda and that's why we're a little weary about vague

1  language like that and we would prefer to have it be a

2  specific procedure if there's going to be relief requested

3  so that we know, which is why we would stick with what all

4  of the other parties, besides Canada did, which is the very

5  concrete steps set forth in Section 9 in our proposal.

6           JUSTICE MORAWETZ:  Is there a Canadian response?

7           MS. KIMBLE:  Jessica Kimble, I'll respond again

8  on this one.  This is what's been provided for here and it's

9  another illustration of an attempt to spell out what we

10 think is going to happen because of recognized differences

11 between the normal practices in Canada and the United States

12 as we understand them, the previous one being another

13 example.  But in this instance, under our normal Case

14 Management protocols, which are typically applied in

15 commercial Court cases, the parties are, as is provided for

16 in the general terms section of the Monitor's Discovery

17 Plan, encouraged to come to Court and identify, before

18 bringing Motions, what it is that they need to address and

19 to get some direction and focus on the issues and to try to

20 ensure that we utilize the Court's time most efficiently.

21           Often, as a result of those informal discussions

22 which, of course, can't be scripted because they always take

23 a turn as they proceed, depending on what is being

24 discussed, but the parties very often can resolve issues or

25 move some issues off the table before Motions are brought

1    and time is spent with the Court on those issues, especially

2    when we are talking about procedural issues and that is what

3    our Case Management Rules are designed to provide for.  It

4    is common practice to have a Case Conference before Motions

5    are scheduled so that the Judge understands what the Motion

6    is about and can help focus the parties and also allot the

7    appropriate amount of time.  And that is the way in which we

8    normally proceed and that is why it's provided for in the

9    Monitor's Discovery Plan that was part of the subject of the

10   May 3rd endorsement.  And --

11          JUSTICE MORAWETZ:  Do we have a response from

12   Canadian Counsel to the U.S. parties?

13                    (No audible response)

14          JUSTICE MORAWETZ:  I assume they're on the phone.

15          THE COURT:  Did you mean the --

16          UNKNOWN:  Scott, are you on the phone?

17          THE COURT:  -- the CCC?

18          JUSTICE MORAWETZ:  No, we have -- up here, we

19   have Counsel to the Nortel U.S. that appears in the Canadian

20   proceedings.

21          THE COURT:  Oh, I'm sorry.  Yes?

22          UNKNOWN:  Yes, Torys.  Is Torys on the line?

23          MR. BOMHOF:  Yes we are, Your Honor.  Certainly.

24          JUSTICE MORAWETZ:  And so is there -- is this a

25   matter that's resolved through communication with your U.S.

1  counterparts?  It's not that there are sort of secret

2  meetings happening up here.

3            MR. RAY:  It's David Ray, Your Honor.  No, that's

4  right, although I think Mr. Rosenthal centered our position.

5            JUSTICE MORAWETZ:  So might I suggest that

6  intensive use of Blackberries and telephones might be able

7  to resolve it.

8            THE COURT:  My sense -- this is Judge Gross, and

9  my sense is that part of the problem is the use of the word

10  informal and it -- I can think of a procedure that Justice

11  Morawetz and I will discuss that might meet everyone's

12  concerns on this issue but I would like to discuss it first

13  with Justice Morawetz.

14            MR. ROSENTHAL:  Thank you, Your Honor.  We would

15  be all for any guidance that the Court could have on a

16  procedure short of Motion practice so long as we have a

17  solid understanding of what steps those would be.

18            THE COURT:  Yes, because Motion practice really

19  can stop a case for weeks.

20            MR. ROSENTHAL:  We concur, Your Honor.

21            THE COURT:  Yes, okay.

22            JUSTICE MORAWETZ:  Yes, there will be a practical

23  resolution.

24            THE COURT:  All right.

25            MR. ROSENTHAL:  So, Your Honor, I think that will

1   take care of the main issues that I had.  There are a few

2   others that I would turn to Mr. Adler, representing EMEA,

3   that we have also flagged that are compromises that we

4   reached that were I think more important to EMEA so I think

5   he would be a more effective advocate on them.  And then

6   with respect to the other issues, I think that they're just

7   not significant enough to take up the limited time of the

8   Court.  The two things, in particular, the three things; one

9   was the end dates for -- or the start dates for actual

10  productions.  I think that those logically flow from which

11  of the two document request dates you pick.  The other two

12  that I'll let Mr. Adler talk about are there's a no

13  requirement to commence proceedings to get third-party

14  witness issue and the December 20th date that is in the

15  Monitor's proposal, and I'll turn it over to Mr. Adler.

16          THE COURT:  Mr. Adler, good afternoon.

17          MR. ADLER:  Derek Adler, for the EMEA Debtors.

18  Good afternoon, Your Honors.  Yes, just -- if I can just

19  make one general point which is that Your Honors had

20  suggested that you would be choosing from among the Orders

21  that have been offered here and I think that's a very

22  sensible approach and I just would like to point out that we

23  worked very hard with the U.S. Debtor and with other

24  Creditor groups to try and come up with one that was

25  acceptable to a very large number of parties and that's the

1    one that's been submitted.  And I'm concerned that the

2    result of this Conference not be sending us back with some

3    directions to come up with some conformed Order that meets

4    Your Honors' rulings because this group, sadly, has not had

5    a good history of doing that and so I'm hoping that whatever

6    modifications Your Honor has agreed to, you will choose one

7    of the two Orders, the sets of Orders, that have been

8    submitted and direct whatever changes you require to that

9    one.  There are a lot of little differences we're not going

10   to be able to talk about today, but those are the ones that

11   we and the U.S. Debtors have hashed through in great detail

12   and I submit that that's the forms that should be approved.

13          There's an issue that is of great concern I think

14   probably to -- certainly to the U.S. Estate and to ourselves

15   which is the search that's required in relation to hardcopy

16   documents.  The proposal has been made to -- that we would

17   only have to produce indices to those documents and then

18   confer about what people need.  We think that's quite

19   important.  There are large troves of paper documents and it

20   would be an enormous burden on the EMEA Estate and I think

21   the U.S. Estate as well to have to search all of those for

22   responsive documents.

23          With respect to the start date, the Plan that

24   we've negotiated with the U.S. Debtor requires a number of

25   preliminary Conferences and meet-and-confer sessions at

1  agreed dates, at set dates in the Schedule, and most of

2  those have been agreed to now by the Monitor.  But the one

3  that we disagree about is one on June 6th, the first one,

4  which is intended to be an all-hands meeting to address

5  document issues and we think it's very important that that

6  happen as soon as possible.  This works in tandem with

7  serving the document requests as soon as possible and also

8  with maintaining the date for commencing productions of June

9  10th rather than June 18th.  But we do submit that that June

10  6th meet-and-confer session is important and it should not be

11  delayed for another week and should not be left without

12  having a specific date set in the Order.

13          THE COURT:  And who was opposing that, Mr. Adler?

14  I'm sorry, I missed that.

15          MR. ADLER:  That's the Canadian proposal, the

16  Monitor's proposal, right now would push that off for a week

17  and I think it doesn't have a specific date for it either.

18          THE COURT:  Okay.

19          MR. ADLER:  The second point, which Mr. Rosenthal

20  mentioned, it has to do with the back end, with the things

21  that happen in December with the various submissions that

22  the Canadian Monitor's proposal has I think a set of

23  supplemental submissions that are due on December 20th I

24  believe.  The real point here, and I want to just highlight

25  this for the Courts, Mr. Rosenthal and I and other parties

1  have discussed the fact that, from here, it's very hard to

2  see exactly how the hearings are going to be shaped; what

3  issues will really be in dispute that need to be tried, and

4  what submissions will best assist the Courts in order to

5  lead up to those.  And so we had agreed, and put in the

6  Schedule, a preliminary Pretrial Conference date in the

7  second week of November which we think is going to be very

8  important.  The parties should have conferred by then about

9  what submissions will be made, what issues are going to be

10 tried and how they should be tried and we think that will

11 really be the time to sit down and figure out what this

12 trial is going to look like, what submissions we have to

13 make in advance of the trial, and necessarily also the

14 deadlines, the dates, for making those submissions and the

15 form of the submissions.  Are they done simultaneously or

16 one goes and then another responds?  So that's why the Plan

17 that we have submitted, the U.S. and the EMEA Plan, there

18 are asterisks on all the December dates, meaning that they

19 are subject to discussion at that Conference in the second

20 week of November.  We think that's the right approach and

21 there's no need to add the additional set of pleadings that

22 are suggested in the Canadian Monitor's submission.

23          And then if I can just continue, we have one last

24 issue to address which is that the Discovery Plan provides,

25 quite rightly, that all parties should cooperate in seeking

1   to locate and obtain testimony from non-party witnesses

2   whose testimony will be needed here.  It's important to us

3   that that agreement to cooperate not be extended to actually

4   requiring us, for example, in the U.K. or in France, to

5   commence proceedings; that it would be necessary to actually

6   commence proceedings to obtain cooperation or testimony from

7   certain witnesses here.  And if we're not seeking testimony

8   from those particular witnesses, we don't think the duty of

9   cooperation should require us to actually bring an action.

10  It should be the responsibility of the people seeking the

11  testimony to do so whether that's in Canada or the U.S. or

12  in France or England under whatever procedures are available

13  for obtaining testimony for use in foreign proceedings.  So

14  we had added a sentence to that effect in Section 8 of the

15  Discovery Plan in the proposal by the U.S. and EMEA Debtors

16  and the Monitor has excluded that exclusion and seems to, I

17  guess, require that we would be obligated to bring

18  proceedings to obtain testimony from witnesses in our

19  jurisdictions if they ask us to do that.  So I think those

20  are the main points that I would like to highlight for the

21  Courts.

22          THE COURT:  All right.  Thank you, Mr. Adler.

23          MR. ROSENBERG:  Your Honor?

24          THE COURT:  Those are important points.

25          MR. ROSENBERG:  Your Honor, the Monitor may wish

1  to reply.  It's Ken Rosenberg for the CCC, and I'll be very

2  brief, mindful of the time.  There are two issues that we

3  discussed before Justice Morawetz at the Case Conference

4  this morning.  Just to complete the record, one in a

5  shorthand form is -- was at Tab 3A of our material before

6  Justice Morawetz this morning and it ties into Mr. Adler's

7  point about gaining access to documents since there is no

8  hardcopy documents, et cetera.  My partner, Lily Harmer,

9  wrote an email on May 14th setting out the issue and black

10 lining.  For the purpose of today, we've agreed with the

11 Monitor that we will not deal with it today.  We'll reserve

12 our rights and it may be more appropriate for a meet-and-

13 confer session with respect to document production.  So it

14 need not be dealt with today, but we wanted to ensure that

15 we're not waiting or abandoning the issue.  And the second

16 point is with respect to the Protective Order, we have an

17 Interim Order we hope going forward with respect to access.

18 There's the main issue which called, briefly, called the

19 Sierra Club line of cases in Canada regarding Protective

20 Orders.  We will be moving for a joint hearing on that issue

21 on proper notice to all parties.  We expect there will be a

22 hearing, and hopefully, it can be scheduled in the next two

23 weeks or so, two to three weeks.  Thank you.

24          MR. BOTTER:  Judge Gross, Justice Morawetz, this

25 is David Botter, from Akin Gump, on behalf of the Official

1   Committee of Unsecured Creditors.  Mr. Rosenberg mentioned

2   that there were some discussions this morning at Justice

3   Morawetz's 8:30.  There was one discussion that I want to

4   bring to Judge Gross' attention that Justice Morawetz has

5   heard about, and that is contained in the preamble to the

6   Monitor's suggested litigation timetable where the Monitor

7   states that this litigation timetable is intended to

8   supplement or amend prior Orders of the Canadian Court, and

9   it would be prior Orders of the U.S. Court as well, dealing

10  with the claims procedure resolution that goes back to 2010

11  and 2011 in the case.  Also, in the Monitor's May 29th date,

12  there is a change to the participation rights granted under

13  those prior Orders to the Official Committee on dealing with

14  Canadian claims and we are obviously opposed to any changes

15  to this or to either of these Courts' prior Orders and think

16  that that preamble, as well as the change reflected in the

17  May 29th date, should not go forward.

18          THE COURT:  All right.

19          MR. BOTTER:  Thank you.

20          THE COURT:  Thank you.

21          MR. COLEMAN:  Judge Gross, Justice Morawetz, this

22  is Ken Coleman, of Allen & Overy, on behalf of the Monitor.

23          THE COURT:  Yes, sir.

24          MR. COLEMAN:  We understand that there's an issue

25  that's been raised by EMEA concerning the standing of the

1   Monitor, particularly in connection with the Objection in

2   the U.S. Court to the EMEA Claim and I'd like to be heard on

3   that very briefly.

4              THE COURT:  All right.

5              MS. KIMBLE:  I just -- it's Jessica Kimble.  At

6   the end of that if it's okay, and I just want to make sure

7   we leave time, I do want to briefly respond to the; if I

8   have been keeping track correctly, seven points that have

9   been raised at the end of the most recent round of

10  submissions.

11             MR. COLEMAN:  How ever Your Honors want to deal

12  with that.  We can deal with that first and this after that.

13             THE COURT:  No, go -- why don't you go ahead.

14             MR. COLEMAN:  I'll be very brief.  Your Honor, I

15  think there's really three points to be made there.  The

16  first is the statutory basis for the standing; second is the

17  nature of the claims themselves; and third, really, the

18  history of the case and the Monitor's involvement in the

19  U.S. proceedings.  On the statutory basis for this, it's

20  really a combination of Sections 1109(d) in the Bankruptcy

21  Code, which would give an equity security holder standing

22  and Section 1524 which allows a foreign representative to

23  intervene in any case.  And I think those really -- the

24  combination of those two things alone should answer the

25  question.  Your Honors will -- Your Honor will recall --

1  Judge Gross, you'll recall endorsing and enforcing in the

2  U.S. Justice Morawetz's Orders concerning the Monitor's

3  expanded powers --

4           THE COURT:  Yes.

5           MR. COLEMAN:  -- in light of unique circumstances

6  of this case.

7           THE COURT:  Yes.

8           MR. COLEMAN:  That alone should also answer this

9  question.  The nature of the claims themselves are such that

10 our participation in the U.S. Claims Objection process is

11 necessary.  I mean, for example, EMEA alleges that the U.S.

12 aided and abetted Canada's oppression of the EMEA Debtor but

13 you got to be able to participate in that.  In addition, the

14 EMEA Claims are intertwined with their allocation theory.

15 Again, that alone should answer the question.  And thirdly,

16 our participation from the commencement of these proceedings

17 to date are such that we've been a core party and should

18 continue to be so on such a critical issue in the case.  So

19 for those three reasons, I think that there shouldn't be an

20 issue and there should be no question about the Monitor's or

21 the Canadian Debtors' ability to participate fully in the

22 allowance process concerning the EMEA Claims.

23           THE COURT:  All right.  Thank you, Mr. Coleman.

24           MS. SCHWEITZER:  Your Honor, it's Lisa

25 Schweitzer, from the U.S. Debtors.  If I could respond to

1    that from the Debtors' side?  I think that we've previously

2    visited the Monitor's participation in other Claims

3    exercises and I think, in this, we are actually aligned with

4    the Monitor and the Canadian Debtors in that, as we

5    previously indicated, the U.S. Debtor has no issue with the

6    Canadian Debtors and the Monitor's participating in the

7    adjudication of the EMEA Claims and U.K. Pension Claims in

8    the U.S. Court, as long as the right is reciprocal back that

9    the U.S. Debtors and the Unsecured Creditors have the same

10   rights in the -- as the Unsecured Creditors are fiduciary

11   equivalent, not as the Monitor, but again, an Estate

12   fiduciary has the same participation rights in the Canadian

13   proceeding.  And we would -- this goes back in a way to the

14   superseding language that was put into the Litigation

15   Schedule that it would -- attempted to amend prior Orders,

16   including the Cross Border Claims Order.  In fact, the

17   Canadian Claims Order entered in the Canadian Court and a

18   Cross Border Claims protocol entered by both Courts actually

19   gives the parties standing, all the core parties we just

20   mentioned, are given standing to participate in each other's

21   Claim processes.  So I think that there's -- we already have

22   those rights recognized by prior Orders, and as I said, that

23   we're aligned with the Monitor and Canadian Debtors in that

24   we have no objection to the Estate and Estate fiduciaries

25   participating in each other's Claim process.

1          THE COURT:  Okay.

2          MS. KIMBLE:  It's Jessica Kimble.  I'm mindful of

3   the time but if I could just give you briefly the -- some

4   responsive points to the submissions that were just made on

5   some of the dates and Discovery Plan issues.  I think you

6   heard by the end of the submission, the issue with respect

7   to hardcopy documents, I think is a non-issue.  The Canadian

8   Monitor and the U.S. Debtors are at [indiscernible] on that

9   and the CCC has agreed to get through it and allow for us to

10  try to deal with it as a meet-and-confer.  The start and end

11  dates for production, which flow from the document request

12  date, are only different by a week and the week, we have

13  incorporated the suggestion of a meet-and-confer on June 11th

14  and a deadline of June 18th for responses and production

15  which that difference is only a week on the end, having had

16  to compress at the beginning because of time lost over the

17  last few weeks and other issues.  The third issue with

18  respect to the third-party witness subpoenas and not having

19  to require the Joint Administrators to compel parties in

20  their jurisdiction to attend, I can tell you that if that

21  were the only issue between us, I'm sure that that would be

22  resolved.  The intention, of course, is to ensure that we

23  get the maximum cooperation available given that we all

24  appreciate almost every witness in this case will be non-

25  affiliated with a party.  They are former, perhaps,

1  employees, officers, and directors, but not under anyone's

2  control and in many jurisdictions.  So we will all need to

3  cooperate fully to assist each other in ensuring that those

4  who people wish to depose are available.  If it needs to be

5  limited to not requiring an Administrator to bring a Motion,

6  as long as we have the support, I think that we can probably

7  resolve that issue.  The December 20th date and the issues

8  with respect to the evidence at trial, we have addressed in

9  our proposal and in our Trial Chart.  Our suggestion, there

10  is a difference in the approach with respect to the evidence

11  and how it will be organized for trial between us and the

12  U.S. Debtors.  However, our proposal is that we simply say,

13  and this is in our current Litigation Plan, the week of

14  November 11th, there would be a Pretrial Conference at which

15  the Courts and the parties would deal with all of those

16  issues and that they need not be addressed now.  And, in

17  fact, we may be ill-advised to try to address them now given

18  where we are in the proceedings.

19       The fifth point with respect to the preamble to

20  the Monitor and Canadian Debtors' Litigation Plan is dealt

21  with as Item 1 on our Comparison Chart and we have agreed to

22  remove that.  So that is a non-issue.  The last sort of

23  omnibus point that was made at the beginning of someone's

24  submissions with respect to the concept of choosing from one

25  of the sets of Orders and Court straining that may have gone

1  on to arrive at the version of the Orders and the Litigation

2  Plan that has been presented by the U.S. Debtors.  I just

3  want to present the Monitor's perspective, which is that

4  based on the May 3rd endorsement, the Monitor made the

5  changes that the Court directed as best as it could to

6  implement the direction to the Litigation Plan and Discovery

7  Plan that was presented as part of the Order that was being

8  requested and that we feel has been made.  If there are

9  further directions from the Court arising out of this

10  attendance, of course, we will endeavor to implement those

11  in the material that we have presented, the draft Order with

12  the proposed Schedules being the Litigation Plan and

13  Discovery Plan of the Monitor and we think that that is the

14  appropriate mechanism to deal with any further directions

15  arising today.

16            My friend, Mr. Coleman, has addressed the

17  standing of the Monitor and I just don't want to leave this

18  call without indicating that we have attempted to address

19  the Confidentiality Order.  You've heard from the CCC that

20  they intend to bring a Motion with respect to the Final

21  Order.  We are hoping to have an Interim Order available for

22  the Court to sign.  We weren't able to come to a final

23  agreement on that today, although we have circulated drafts,

24  including what would be attached on an interim basis.  And I

25  don't know if anyone else has anything that they want to add

1  to that point but I am hopeful that we will have draft

2  Orders on an interim basis for the Confidentiality and

3  Protective Orders so that those who have not, up until now,

4  had access to the Merrill database will be able to gain that

5  access.

6          MS. MILLER:  Your Honor, before we move into the

7  Confidentiality Agreement -- D.J. Miller, Thornton Grout

8  Finnegan, Canadian Counsel for the U.K. Pension Claimant.

9  Just one point to address on the matter of standing to

10 participate in the Claims process, if I might?  The issue of

11 standing to participate in the Claims process was directly

12 an issue before Your Honor and Judge Gross on April 24th, and

13 in your endorsement, at paragraph 16, it specifically

14 provided that the proposal of the U.S. Debtors was accepted.

15 The endorsement had a Schedule A, the position of each of

16 the parties on separate litigations and the standing of

17 parties to participate in the litigation.  That first call

18 dealing with separate litigations of the U.S. Debtors which

19 was accepted, if Your Honor and Judge Gross, if you look at

20 the U.S. Debtors' Statement that was filed on that Motion

21 which you adopted and accepted, and in particular, and

22 that's (A) to that, which had the definitions of exactly who

23 was comprised in the Canadian Claim Party and the U.S. Claim

24 Party.  It was very clear that for the Canadian Claims, it

25 was limited to the Canadian Claims Defendant Group which was

1  comprised of the Canadian Debtor and the Monitor.  And in

2  the case of the EMEA Claims against the Directors and

3  Officers, it included the Directors and Officers.  The U.S.

4  Claims Defendant Group was limited to the U.S. Debtors and

5  the Committee, the UCC.  And that proposal that was filed by

6  the U.S. Debtors, on which everybody made submissions and

7  Your Honor ruled, our position is that that issue was

8  determined.  The Consensus Timetable that was filed by the

9  U.S. Debtors and EMEA on a consensus-building basis which

10 the U.K. Pension Claimants support reflects the standing as

11 we understood it and as we understood had been ruled on in

12 your endorsement of May 3rd.  So that is our submission on

13 that point.

14          JUSTICE MORAWETZ:  Thank you.  Time has expired.

15          THE COURT:  Yes.  Yes, we've gone beyond 5:30.

16      (Whereupon, at 5:35 p.m., the hearing was adjourned)

17                        CERTIFICATION

18          I  certify  that  the  foregoing  is  a  correct

19 transcript  from  the  electronic  sound  recording  of  the

20 proceedings in the above-entitled matter.

21
22
23
24 _____          16 May 2013
25 Tammy Kelly, Transcriber                    Date
26 Diaz Data Services, LLC
27

| Word | Page:Line |
|---|---|
| **44,000-document**(1) 19:18 | |
| **a.m**(1) 14:3 | |
| **abandoning**(1) 41:15 | |
| **abbott**(4) 1:23 6:6 7:6 7:7 | |
| **abetted**(1) 44:12 | |
| **abid**(1) 2:15 | |
| **ability**(6) 13:20 15:19 16:13 26:6 30:16 44:21 | |
| **able**(7) 8:15 11:17 35:6 37:10 44:13 48:22 49:4 | |
| **about**(23) 6:25 7:1 7:18 8:11 11:24 14:23 18:3 19:21 23:18 28:11 29:17 30:7 32:25 34:2 34:6 36:12 37:10 37:18 38:3 39:8 41:7 42:5 44:20 | |
| **above-entitled**(1) 50:20 | |
| **acceptable**(1) 36:25 | |
| **accepted**(3) 49:14 49:19 49:21 | |
| **access**(17) 14:5 14:6 14:15 19:8 19:15 19:17 19:17 19:24 19:25 20:1 20:3 20:4 20:7 41:7 41:17 49:4 49:5 | |
| **accommodated**(1) 11:20 | |
| **account**(2) 12:4 12:13 | |
| **action**(1) 40:9 | |
| **actual**(1) 16:9 | |
| **actually**(9) 16:9 20:22 22:8 26:24 40:3 40:5 40:9 45:3 45:18 | |
| **adam**(1) 5:13 | |
| **add**(4) 14:1 20:17 39:21 48:25 | |
| **added**(2) 32:6 40:14 | |
| **adding**(1) 27:25 | |
| **addition**(1) 44:13 | |
| **additional**(5) 14:1 15:9 26:1 32:16 39:21 | |
| **address**(10) 9:3 9:4 9:7 13:6 33:18 38:4 39:24 47:17 48:18 49:9 | |
| **addressed**(3) 47:8 47:16 48:16 | |
| **addressing**(2) 7:2 7:12 | |
| **adjourned**(1) 50:16 | |
| **adjudication**(1) 45:7 | |
| **adler**(13) 3:20 9:3 9:21 36:2 36:12 36:15 36:16 36:17 36:17 38:13 38:15 38:19 40:22 | |
| **adler's**(1) 41:6 | |
| **admin**(1) 4:21 | |
| **administered**(1) 1:6 | |
| **administrator**(2) 3:32 47:5 | |
| **administrators**(3) 3:20 4:20 46:19 | |
| **adopt**(1) 13:25 | |
| **adopted**(1) 49:21 | |
| **adoption**(1) 9:12 | |
| **advance**(2) 26:14 39:13 | |
| **advocate**(1) 36:5 | |
| **affect**(1) 13:21 | |
| **affiliated**(1) 46:25 | |
| **after**(3) 12:4 23:5 43:12 | |
| **afternoon**(8) 6:2 6:5 6:6 6:7 6:20 6:21 36:16 36:18 | |
| **afterwards**(1) 12:15 | |
| **again**(4) 31:7 33:7 44:15 45:11 | |
| **against**(1) 50:2 | |
| **agenda**(1) 32:25 | |
| **agendas**(1) 32:23 | |
| **aggregate**(1) 10:15 | |
| **aggressive**(1) 11:7 | |
| **ago**(4) 18:8 18:21 19:2 19:14 | |
| **agree**(1) 15:9 | |
| **agreed**(12) 26:4 26:6 26:7 26:13 27:6 37:6 38:1 38:2 39:5 41:10 46:9 47:21 | |
| **agreement**(10) 8:9 8:22 18:25 19:1 19:24 26:5 32:4 40:3 48:23 49:7 | |
| **agreements**(2) 19:22 20:5 | |

| Word | Page:Line |
|---|---|
| **ahead**(4) 13:2 15:6 15:7 43:13 | |
| **aided**(1) 44:12 | |
| **akin**(2) 2:8 41:25 | |
| **alberto**(1) 3:46 | |
| **aligned**(4) 21:22 28:25 45:3 45:23 | |
| **alignment**(1) 17:6 | |
| **all**(40) 7:14 9:23 11:8 12:20 14:14 15:5 16:17 16:19 17:6 17:9 17:18 18:21 19:6 19:8 19:9 20:11 23:17 23:25 24:9 25:19 27:14 28:18 30:22 32:3 32:17 33:3 35:15 35:24 37:21 39:18 39:25 40:22 41:21 42:18 43:4 44:23 45:19 46:23 47:2 47:15 | |
| **all-hands**(1) 38:4 | |
| **alleges**(1) 44:11 | |
| **allen**(2) 2:38 42:22 | |
| **alleviated**(1) 29:23 | |
| **allocation**(11) 17:12 20:13 21:1 22:23 23:7 24:16 24:21 24:24 24:25 26:9 26:20 44:14 | |
| **allot**(1) 34:6 | |
| **allow**(7) 12:1 12:7 12:25 13:1 18:13 19:24 46:9 | |
| **allowance**(1) 44:22 | |
| **allowed**(2) 29:17 30:7 | |
| **allows**(3) 12:9 30:1 43:22 | |
| **almost**(4) 8:21 9:24 10:7 46:24 | |
| **alone**(3) 43:24 44:8 44:15 | |
| **already**(7) 9:11 10:5 12:13 16:23 20:22 22:6 45:21 | |
| **also**(14) 9:3 10:2 12:6 12:10 21:23 24:12 27:25 30:9 34:6 36:3 38:7 39:13 42:11 44:8 | |
| **although**(7) 24:11 26:11 26:19 28:14 29:14 35:4 48:23 | |
| **always**(1) 33:22 | |
| **amend**(2) 42:8 45:15 | |
| **america**(2) 2:26 2:26 | |
| **among**(1) 36:20 | |
| **amongst**(1) 26:5 | |
| **amount**(2) 12:19 24:19 | |

| Word | Page:Line |
|---|---|
| **and**(301) 3:21 5:25 6:3 6:14 7:1 7:3 7:4 7:8 7:8 7:10 7:13 7:21 8:4 8:5 8:7 8:11 8:13 8:14 8:16 8:16 8:19 8:20 8:22 9:3 9:5 9:8 9:16 9:19 9:22 10:2 10:4 10:7 10:10 10:14 10:17 10:18 10:21 11:4 11:7 11:18 11:20 11:21 11:22 11:25 12:1 12:3 12:3 12:5 12:8 12:10 12:14 12:17 12:18 12:19 12:23 12:24 12:24 13:7 13:11 13:14 13:20 13:20 13:22 13:23 13:25 14:5 14:17 14:19 14:23 15:2 15:16 15:16 15:17 15:22 15:25 16:1 16:6 16:7 16:8 16:9 16:13 16:14 16:22 16:23 17:5 17:6 17:11 17:16 17:17 17:18 17:22 18:2 18:7 18:8 18:8 18:15 18:21 18:22 19:2 19:7 19:12 19:14 19:14 19:15 19:21 19:22 19:22 20:7 20:10 20:11 20:14 20:15 20:24 20:25 21:3 21:4 21:8 21:8 21:22 21:25 22:3 22:5 22:12 22:19 22:21 22:23 22:24 22:25 23:2 23:5 23:23 23:24 24:5 24:10 24:11 24:18 24:21 24:24 25:1 25:3 25:4 25:5 25:11 26:1 26:10 26:11 26:11 26:14 26:15 26:19 26:21 26:23 26:25 27:2 27:3 27:6 27:9 27:9 27:10 27:22 27:24 27:24 28:4 28:5 28:7 28:12 28:14 28:15 28:21 28:24 29:3 29:8 29:11 29:15 29:19 29:21 30:1 30:2 30:4 30:8 30:11 30:13 30:14 30:18 30:19 30:21 30:23 30:24 30:25 31:12 31:18 31:20 32:8 32:14 32:16 32:25 33:11 33:13 33:18 33:19 33:19 34:1 34:2 34:6 34:6 34:7 34:8 34:10 34:24 35:6 35:8 35:10 35:11 36:5 36:14 36:15 36:21 36:22 36:23 36:24 36:25 37:1 37:5 37:8 37:11 37:12 37:14 37:17 37:19 37:20 37:25 38:1 38:5 38:7 38:18 38:13 38:17 38:24 38:25 38:25 39:3 39:5 39:5 39:10 39:10 39:11 39:13 39:14 39:16 39:17 39:20 39:23 40:1 40:7 40:15 40:16 40:16 41:1 41:6 41:9 41:12 41:15 41:22 42:5 42:8 42:11 42:14 42:15 43:2 43:6 43:12 43:17 43:18 43:22 43:23 44:1 44:12 44:15 44:17 44:20 45:3 45:4 45:6 45:7 45:9 45:13 45:17 45:22 45:23 45:24 46:5 46:8 46:9 46:9 46:10 46:12 46:14 46:14 | |
| **and**(40) 46:17 46:18 47:1 47:2 47:7 47:9 47:11 47:11 47:13 47:15 47:16 47:16 47:20 47:21 47:25 48:1 48:6 48:8 48:12 48:13 48:17 48:24 49:2 49:12 49:16 49:19 49:21 49:21 49:23 50:1 50:1 50:2 50:3 50:4 50:5 50:6 50:9 50:11 | |
| **andrew**(2) 2:23 25:21 | |
| **angela**(1) 3:5 | |
| **ann**(1) 1:24 | |
| **another**(7) 10:12 10:13 10:25 33:9 33:12 38:11 39:16 | |
| **answer**(8) 14:19 14:22 14:23 31:8 31:13 43:24 44:8 44:15 | |
| **any**(15) 10:24 11:1 12:21 13:19 15:9 18:6 23:24 31:20 32:2 32:9 32:22 35:15 42:14 43:23 48:14 | |
| **anybody**(3) 20:16 26:2 28:9 | |
| **anyone**(3) 13:16 30:8 48:25 | |
| **anyone's**(1) 47:1 | |
| **anything**(2) 20:16 48:25 | |
| **anyway**(3) 18:5 18:6 | |
| **apart**(1) 9:19 | |
| **apostrophe**(1) 32:14 | |
| **appearances**(5) 1:21 2:1 3:1 4:1 5:1 | |
| **appearing**(1) 32:20 | |
| **appears**(2) 13:2 34:19 | |
| **applicable**(2) 26:8 30:22 | |
| **applied**(1) 33:14 | |
| **apply**(1) 31:17 | |
| **appointed**(1) 29:24 | |
| **appointment**(2) 22:20 | |
| **appreciate**(2) 7:10 46:24 | |

| Word | Page:Line |
|---|---|
| **approach**(5) 24:16 30:2 36:22 39:20 47:10 | |
| **appropriate**(6) 12:18 15:24 28:8 34:7 41:12 48:14 | |
| **appropriately**(1) 26:12 | |
| **approved**(1) 37:12 | |
| **april**(1) 49:12 | |
| **are**(104) 6:22 6:25 7:1 7:16 8:7 8:24 9:2 9:4 9:7 9:25 10:14 11:17 11:18 12:15 13:13 13:22 13:22 14:12 14:12 14:12 16:18 16:19 17:11 17:13 17:14 17:18 18:2 18:4 19:7 19:20 19:23 20:1 20:3 20:14 20:15 20:23 21:6 21:20 21:25 23:3 23:4 23:12 23:18 23:19 24:11 24:11 24:25 26:12 26:19 28:1 28:4 28:25 29:7 29:8 29:9 29:16 29:20 29:22 30:1 30:7 31:2 31:20 32:3 32:10 33:14 33:15 33:25 33:25 34:2 34:3 34:5 34:16 34:23 35:1 36:1 36:3 36:12 37:9 37:10 37:19 38:23 39:2 39:9 39:15 39:18 39:19 39:22 40:12 40:24 40:24 41:2 42:14 44:9 44:16 44:17 45:3 45:10 45:20 46:8 46:12 46:25 47:4 47:18 48:8 48:21 | |
| **aren't**(1) 9:19 | |
| **argued**(1) 24:4 | |
| **argument**(1) 25:20 | |
| **arising**(2) 48:9 48:15 | |
| **around**(3) 20:24 29:21 30:17 | |
| **arrive**(1) 48:1 | |
| **arrived**(1) 20:6 | |
| **arsht**(1) 1:22 | |
| **artificial**(1) 25:12 | |
| **aside**(2) 14:9 24:9 | |
| **ask**(3) 14:13 14:18 40:19 | |
| **asked**(2) 12:13 19:5 | |
| **asking**(3) 14:7 26:24 26:24 | |
| **assist**(2) 39:4 47:3 | |
| **assume**(1) 34:14 | |
| **assure**(1) 20:9 | |
| **asterisks**(1) 39:18 | |
| **attached**(1) 48:24 | |
| **attempt**(1) 33:9 | |
| **attempted**(3) 29:6 45:15 48:18 | |
| **attempting**(1) 28:22 | |
| **attend**(1) 46:20 | |
| **attendance**(1) 48:10 | |
| **attention**(3) 9:17 28:14 42:4 | |
| **audible**(2) 20:18 34:13 | |
| **aurelius**(2) 5:36 5:36 | |
| **australians**(1) 6:9 | |
| **avail**(1) 12:22 | |
| **available**(9) 18:16 18:21 18:23 29:1 30:3 40:12 45:22 47:4 48:21 | |
| **avoid**(3) 26:10 26:15 26:22 | |
| **aware**(1) 21:13 | |
| **away**(2) 27:7 28:7 | |
| **babbili**(1) 4:5 | |
| **baby**(2) 22:4 22:11 | |
| **back**(11) 13:12 17:8 18:10 29:4 29:9 29:22 37:2 38:20 42:10 45:8 45:13 | |
| **bank**(3) 2:26 2:26 5:8 | |
| **bankruptcy**(4) 1:1 1:19 6:12 43:20 | |
| **barclays**(1) 2:34 | |
| **barry**(1) 5:25 | |
| **based**(2) 16:2 48:4 | |
| **bases**(1) 31:12 | |
| **basically**(1) 28:6 | |
| **basis**(7) 20:7 28:16 43:16 43:19 48:24 49:2 50:9 | |
| **bath**(2) 22:5 22:12 | |
| **bayard**(1) 3:45 3:46 | |
| **because**(24) 8:24 10:4 10:10 12:11 15:18 16:2 16:3 16:12 17:3 17:23 18:12 21:6 21:10 21:11 22:3 23:11 23:14 26:16 27:5 33:10 33:22 35:18 37:4 46:16 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **becoming**(1) 6:9 | | **called**(4) 14:2 23:16 41:18 41:18 | | **claims**(19) 42:10 42:14 43:17 44:9 44:10 | | **consultation**(1) 26:14 |
| **been**(30) 6:8 8:9 8:12 12:13 15:10 17:7 | | **calls**(1) 8:13 | | 44:14 44:22 45:2 45:7 45:7 45:16 45:17 | | **consuming**(1) 10:5 |
| 17:14 18:8 19:5 19:22 23:5 23:16 31:8 | | **can**(35) 8:14 10:25 11:24 12:2 12:3 13:8 | | 45:18 49:10 49:11 49:24 49:25 50:2 50:4 | | **contained**(1) 42:5 |
| 32:22 32:22 32:23 32:24 33:8 36:21 37:1 | | 14:17 14:20 15:3 17:17 18:5 19:16 20:8 | | | | **contents**(1) 17:13 |
| 37:7 37:16 38:2 42:25 43:8 43:9 44:17 | | 20:9 21:9 21:16 21:24 24:4 27:21 | | **clear**(3) 28:1 28:11 49:24 | | **context**(1) 29:20 |
| 48:2 48:8 50:11 | | 27:22 27:23 29:11 30:8 31:19 33:24 34:6 | | **clearly**(3) 8:3 22:24 25:10 | | **continue**(3) 29:4 39:23 44:18 |
| | | 35:10 35:19 36:18 39:23 41:22 43:12 | | **cleary**(1) 1:27 7:12 | | **continued**(2) 2:2 3:2 4:2 5:2 |
| **before**(13) 1:18 11:25 16:7 20:16 32:8 | | 46:20 47:6 | | **cleary's**(1) 13:7 | | **control**(1) 47:2 |
| 32:13 33:17 33:25 34:4 41:3 41:5 49:6 | | | | **client**(1) 5:32 | | **cooperate**(3) 39:25 40:3 47:3 |
| 49:12 | | **can't**(4) 10:12 19:12 21:15 22:2 | | **clients**(1) 9:5 | | **cooperation**(3) 40:6 40:9 46:23 |
| | | **canada**(30) 5:24 5:25 5:28 5:29 5:34 6:23 | | **clock**(1) 27:16 | | **coordination**(1) 18:2 |
| **begin**(3) 7:16 11:17 12:11 | | 15:4 17:23 18:2 21:2 21:15 21:22 22:25 | | **close**(1) 13:1 | | **cordo**(1) 1:24 |
| **beginning**(2) 46:16 47:23 | | 23:15 23:20 23:21 23:25 24:7 28:23 30:23 | | **closed**(3) 11:25 12:5 12:9 | | **core**(3) 20:2 44:17 45:19 |
| **behalf**(6) 11:14 15:4 22:19 25:22 41:25 | | 30:24 31:6 31:13 31:25 32:5 32:21 33:4 | | **club**(1) 41:19 | | **correct**(3) 18:17 19:25 50:18 |
| 42:22 | | 33:11 40:11 41:19 | | **code**(1) 43:21 | | **correctly**(1) 43:8 |
| | | | | **coleman**(10) 2:39 42:21 42:22 42:24 43:11 | | **correspondence**(1) 19:15 |
| **being**(12) 17:12 22:1 26:3 26:14 26:15 | | **canada's**(1) 17:4 | | 43:14 44:5 44:8 44:23 48:16 | | |
| 28:10 29:17 30:7 33:12 33:23 48:7 48:12 | | **canada's**(1) 44:12 | | | | **could**(11) 11:20 13:5 17:2 18:11 22:1 |
| | | **canadian**(52) 5:4 5:20 5:39 7:22 8:11 8:17 | | **collaborate**(1) 24:23 | | 25:10 29:23 35:15 44:25 46:3 48:5 |
| **believe**(6) 14:21 15:18 25:12 27:23 28:1 | | 8:19 11:14 16:8 19:18 21:8 21:10 21:11 | | **colleague**(1) 30:22 | | |
| 38:24 | | 22:23 23:7 23:12 23:17 23:22 23:23 24:2 | | **colleagues**(1) 29:15 | | **counsel**(5) 19:13 28:14 34:12 34:19 49:8 |
| | | 24:3 24:5 24:5 24:12 24:14 25:14 26:8 | | **combination**(2) 43:20 43:24 | | **counterparts**(1) 35:1 |
| **belknap**(1) 4:24 | | 26:20 28:16 28:21 33:6 34:12 34:19 38:15 | | **come**(14) 8:14 10:24 11:3 12:15 21:24 | | **couple**(4) 9:19 14:16 15:20 18:21 |
| **benefit**(2) 14:11 14:18 | | 38:22 39:22 42:8 42:14 44:21 45:4 45:6 | | 22:2 25:11 26:17 27:5 30:1 33:17 36:24 | | **course**(8) 7:3 14:21 23:4 29:5 30:13 33:22 |
| **besides**(1) 33:4 | | 45:12 45:17 45:17 45:23 46:7 47:20 49:8 | | 37:3 48:22 | | 46:22 48:10 |
| **best**(4) 16:21 23:4 39:4 48:5 | | 49:23 49:24 49:25 50:1 | | | | **court**(74) 1:1 6:2 6:7 6:13 6:16 6:18 6:20 |
| **betsy**(1) 5:5 | | | | **comes**(2) 29:5 30:10 | | 6:23 6:25 7:3 7:13 7:14 7:18 7:21 8:1 |
| **better**(1) 25:4 | | **canadian-only**(3) 23:14 25:15 25:16 | | **coming**(5) 19:2 19:3 29:9 29:22 30:19 | | 11:11 14:18 15:5 15:7 16:16 16:18 16:25 |
| **between**(6) 12:19 19:13 25:6 33:11 46:21 | | **cannot**(1) 29:4 | | **commence**(3) 36:13 40:5 40:6 | | 17:8 18:14 19:9 21:24 22:1 24:14 25:3 |
| 47:11 | | **can't**(1) 33:22 | | **commencement**(2) 11:16 44:16 | | 25:19 27:12 27:14 27:18 28:18 29:4 29:23 |
| | | **capacity**(2) 23:24 23:25 | | **commencing**(1) 38:8 | | 30:25 31:9 33:15 33:17 34:1 34:15 34:17 |
| **beyond**(1) 50:15 | | **capital**(6) 2:30 2:34 5:16 5:17 5:36 5:36 | | **commend**(1) 11:16 | | 34:21 35:8 35:15 35:18 35:21 35:24 36:8 |
| **big**(1) 10:12 | | **care**(1) 36:1 | | **commercial**(1) 33:15 | | 36:16 38:13 38:18 40:22 40:24 42:8 42:9 |
| **bill**(1) 3:9 | | **carries**(1) 23:24 | | **committee**(7) 2:5 2:18 4:32 5:40 42:1 | | 42:18 42:20 42:23 43:2 43:4 43:13 44:4 |
| **billion**(3) 23:18 23:19 23:20 | | **case**(21) 1:5 6:10 14:24 28:4 29:8 29:13 | | 42:13 50:5 | | 44:7 44:23 45:8 45:17 46:1 47:25 48:5 |
| **bit**(1) 15:16 | | 29:17 32:8 32:13 33:13 34:3 34:4 35:19 | | | | 48:9 48:22 50:15 |
| **black**(1) 41:9 | | 41:3 42:11 43:18 43:23 44:6 44:18 46:24 | | **common**(2) 25:11 34:4 | | |
| **blackberries**(1) 35:6 | | 50:2 | | **commonly**(1) 29:7 | | **court's**(3) 7:16 9:17 28:13 |
| **blackwell**(1) 3:8 | | | | **communication**(1) 34:25 | | **courtcall**(3) 6:14 6:17 6:19 |
| **blame**(1) 20:13 | | **cases**(2) 33:15 41:19 | | **comparison**(1) 47:21 | | **courtroom**(2) 1:10 6:3 |
| **board**(1) 23:15 | | **cassels**(1) 3:8 | | **compel**(3) 32:7 32:18 46:19 | | **courts**(12) 8:7 11:9 17:8 17:18 20:22 22:6 |
| **body**(1) 23:15 | | **caused**(1) 8:6 | | **complete**(3) 8:22 10:19 41:4 | | 32:16 38:25 39:4 40:21 45:18 47:15 |
| **bomhof**(2) 4:9 34:23 | | **caw**(3) 5:24 5:24 | | **completely**(1) 21:22 | | |
| **bondholder**(2) 25:22 26:3 | | **ccc**(22) 8:16 13:24 17:21 17:22 18:2 18:24 | | **completing**(1) 22:25 | | **courts'**(2) 32:14 42:15 |
| **bondholders**(3) 4:33 21:5 21:9 | | 19:12 21:14 21:16 22:19 22:19 22:22 | | **complex**(2) 11:15 11:23 | | **court's**(2) 32:7 33:20 |
| **bonds**(2) 23:19 24:10 | | 23:11 23:13 24:2 24:13 24:13 26:23 34:17 | | **compress**(1) 46:16 | | **created**(2) 19:7 23:11 |
| **border**(2) 45:16 45:18 | | 41:1 46:9 48:19 | | **compressed**(1) 10:6 | | **credit**(2) 4:4 4:5 |
| **borosh**(1) 5:26 | | | | **comprised**(2) 49:23 50:1 | | **creditor**(4) 4:16 4:24 5:8 5:24 21:7 36:24 |
| **both**(5) 10:1 13:25 20:11 21:7 45:18 | | **cccs**(1) 19:4 | | **compromise**(1) 9:5 | | **creditors**(8) 5:39 23:14 23:17 24:4 25:16 |
| **botter**(4) 2:9 41:24 41:25 42:19 | | **centered**(1) 35:4 | | **compromises**(1) 36:3 | | 42:1 45:9 45:10 |
| **bottom**(1) 24:8 | | **certain**(3) 4:22 21:5 40:7 | | **conaway**(3) 3:23 3:31 4:12 | | |
| **brad**(1) 2:13 | | **certainly**(5) 8:7 19:6 31:14 34:23 37:14 | | **concept**(1) 47:24 | | **creditors'**(2) 2:4 29:11 |
| **brian**(1) 3:13 | | **certification**(1) 50:17 | | **concern**(3) 18:3 29:14 37:13 | | **crichlow**(1) 4:17 |
| **brief**(5) 15:3 16:22 30:21 41:2 43:14 | | **certify**(1) 50:18 | | **concerned**(2) 29:17 30:7 37:1 | | **critical**(1) 44:18 |
| **briefly**(7) 16:19 17:2 25:23 41:18 43:3 | | **cetera**(1) 41:8 | | **concerning**(2) 42:25 44:2 44:22 | | **cross**(2) 45:16 45:18 |
| 43:7 46:3 | | **chairs**(3) 9:1 22:9 22:13 | | **concerns**(3) 10:22 20:21 35:12 | | **crt**(2) 5:16 5:16 |
| | | **change**(2) 42:12 42:16 | | **concession**(1) 26:4 | | **current**(1) 47:13 |
| **bring**(8) 9:16 23:6 30:16 40:9 40:17 42:4 | | **changes**(3) 37:8 42:14 48:5 | | **concrete**(2) 32:19 33:5 | | **cut**(1) 15:22 |
| 47:5 48:20 | | **chapman**(1) 3:24 | | **concur**(2) 18:9 35:20 | | **cuts**(1) 15:19 |
| | | **chapter**(1) 1:8 | | **conduct**(2) 22:24 28:13 | | **d.j**(1) 49:7 |
| **bringing**(1) 33:18 | | **characterization**(1) 25:13 | | **confer**(3) 16:9 20:15 37:18 41:13 | | **dan**(1) 3:41 |
| **broad**(4) 13:15 13:22 14:10 14:25 | | **chart**(2) 47:9 47:21 | | **conference**(11) 8:11 14:3 16:23 32:8 32:13 | | **daniel**(2) 2:41 4:25 |
| **brock**(1) 5:26 | | **choose**(1) 37:6 | | 34:4 37:2 39:6 39:19 41:3 47:14 | | **data**(7) 1:37 17:20 18:4 18:15 18:16 18:20 |
| **bromley**(1) 1:28 | | **choosing**(2) 36:20 47:24 | | | | 50:26 |
| **brought**(2) 28:13 33:25 | | **chris**(1) 2:5 | | **conferences**(1) 37:25 | | |
| **buchanan**(1) 3:7 | | **chung**(1) 2:27 | | **conferred**(1) 39:8 | | **database**(9) 14:2 14:3 14:6 14:16 19:13 |
| **build**(1) 31:11 | | **cindy**(1) 2:19 | | **confidentiality**(9) 18:24 19:1 19:6 19:21 | | 19:18 19:20 20:5 49:4 |
| **burden**(3) 3:9 26:10 37:20 | | **circuit**(2) 28:11 31:1 | | 19:24 20:4 48:19 49:2 49:7 | | |
| **busy**(1) 12:23 | | **circulated**(1) 48:23 | | | | **databases**(1) 20:4 |
| **but**(38) 7:15 10:16 11:1 11:2 12:2 15:14 16:24 | | **circumstance**(1) 30:14 | | **conformed**(1) 37:3 | | **date**(20) 9:8 9:23 11:6 11:8 11:22 11:23 |
| 17:18 17:24 18:1 19:5 19:6 19:17 19:20 | | **circumstances**(2) 16:4 44:5 | | **connection**(2) 18:22 43:1 | | 14:19 21:17 36:14 37:23 38:8 38:12 38:17 |
| 20:5 21:13 21:20 22:2 24:20 26:4 28:16 | | **civil**(1) 28:3 | | **consensual**(1) 8:14 | | 39:6 42:11 42:17 44:17 46:12 47:7 50:25 |
| 29:12 29:25 30:8 30:16 32:12 32:16 33:13 | | **claim**(10) 6:11 23:18 23:19 23:20 23:22 | | **consensus**(2) 20:6 50:8 | | |
| 33:24 35:12 37:10 38:2 38:9 41:14 44:12 | | 43:2 45:21 45:25 49:23 49:23 | | **consensus-building**(1) 50:9 | | **dates**(10) 17:7 36:9 36:9 36:11 38:1 38:1 |
| 45:11 46:3 47:1 49:1 | | | | **consent**(1) 19:23 | | 39:14 39:18 46:5 46:11 |
| | | **claimant**(1) 49:8 | | **consider**(1) 15:25 | | |
| **call**(7) 8:23 19:23 20:14 21:19 22:21 | | **claimants**(2) 23:23 50:10 | | **considerably**(1) 7:5 | | **david**(4) 2:9 4:17 35:3 41:25 |
| 48:18 49:17 | | | | **consideration**(3) 32:8 32:13 32:17 | | **davies**(1) 3:27 |
| | | | | **constantly**(1) 29:23 | | **day**(4) 8:25 8:25 17:17 20:8 |
| | | | | **consult**(2) 26:7 26:21 | | |

| Word | Page:Line |
|---|---|

days(8) 6:8 10:13 10:13 14:8 14:23 25:7 25:8 32:22

deadline(1) 46:14
deadlines(1) 39:14
deal(9) 8:5 12:18 16:1 41:11 43:11 43:12 46:10 47:15 48:14

dealing(8) 12:23 25:16 26:18 29:22 31:18 42:9 42:13 49:18

dealt(6) 14:3 23:5 31:20 31:21 41:14 47:20
debenture(1) 4:25
debtor(9) 4:8 5:4 5:20 19:16 36:23 37:24 44:12 45:5 50:1

debtors(32) 1:12 1:22 7:7 7:13 8:16 9:13 11:14 13:7 14:20 15:17 23:20 26:8 26:9 27:9 28:21 32:10 36:17 37:11 40:15 44:25 45:4 45:6 45:9 45:23 46:8 47:12 48:2 49:14 49:18 50:4 50:6 50:9

debtors'(4) 44:21 45:1 47:20 49:20
december(5) 36:14 38:21 38:23 39:18 47:7
decided(3) 7:14 9:11 20:12
decision-making(1) 32:17
decisions(1) 11:24
deck(3) 9:1 22:9 22:13
decker(1) 1:29
define(1) 28:23
definitions(1) 49:22
delano(1) 2:19
delaware(4) 1:2 1:12 6:1 28:4
delayed(1) 38:15
dentons(2) 5:28 5:29
depending(1) 33:23
depose(1) 47:4
deposition(4) 9:15 28:10 28:12 31:3
depositions(4) 27:22 27:25 28:15 28:25
derek(1) 1:23 3:20 7:7 36:17
descriptive(1) 22:8
designed(2) 20:24 34:3
desire(1) 21:21
detail(1) 37:11
determinations(1) 20:15
determined(1) 50:8
diaz(1) 1:37 50:26
did(7) 7:24 8:10 19:2 20:12 30:5 33:4 34:15

difference(5) 21:4 21:5 22:4 46:15 47:10
differences(8) 8:24 9:2 19:4 21:18 21:20 21:21 33:10 37:9

different(8) 21:7 21:15 23:8 24:19 24:20 32:18 32:24 46:12

difficult(3) 10:17 13:9 31:20
dimsdale(1) 3:5
direct(1) 37:8
directed(1) 48:5
direction(4) 29:10 31:12 33:19 48:6
directions(3) 37:3 48:9 48:14
directly(3) 13:21 49:11
directors(5) 5:5 47:1 50:2 50:3
disagree(1) 38:3
disagreed(1) 21:14
disagrees(1) 26:12
disappointed(1) 8:18
discovery(38) 9:12 9:16 9:23 10:1 10:3 17:10 17:22 17:23 18:3 20:21 20:23 20:23 21:6 21:25 22:5 23:1 24:21 24:23 26:7 26:14 26:16 27:3 27:4 27:20 29:6 30:9 30:12 31:11 31:25 32:3 32:11 33:6 34:9 39:24 40:15 46:5 48:6 48:13

discuss(2) 35:11 35:12
discussed(4) 7:2 33:24 39:1 41:3

discussion(4) 20:12 22:21 39:19 42:3
discussions(2) 33:21 42:2
dispute(2) 14:15 39:3
disputes(3) 9:17 32:3 32:11
distinct(6) 22:22 23:13 24:3 24:7 24:11 25:14

distribution(1) 24:15
district(2) 1:2 28:3
divorce(1) 23:10
dla(1) 3:17
document(18) 9:8 9:15 11:17 14:8 14:13 15:10 15:11 15:19 16:5 17:19 27:10 27:21 27:23 36:11 38:5 38:7 41:13 46:11

documents(23) 10:4 10:19 11:24 14:6 14:11 14:16 16:1 16:1 16:3 16:6 16:14 18:4 18:11 19:7 19:19 19:20 37:16 37:17 37:19 37:22 41:7 41:8 46:7

does(4) 11:1 16:8 20:16 24:2
doesn't(2) 18:13 27:7
doesn't(1) 38:17
doing(4) 16:22 37:5
don't(23) 8:20 11:7 11:9 11:12 13:15 13:18 14:9 14:10 14:21 15:8 19:12 21:9 21:16 22:23 24:17 24:18 25:2 25:3 25:5 25:10 25:12 25:14 28:7

done(4) 7:4 10:21 30:3 39:15
don't(10) 31:8 32:12 32:14 32:15 32:19 32:20 40:8 43:13 48:17 48:25

dorsey(1) 4:13
down(2) 15:22 39:11
draft(2) 48:11 49:1
drafted(1) 18:8
drafts(1) 48:23
dramatic(1) 12:19
due(1) 38:23
duplication(3) 26:10 26:16 26:22
during(1) 18:16
duties(3) 23:16 23:16 25:17
duty(2) 23:23 40:8

each(7) 21:1 24:24 25:1 45:20 45:25 47:3 49:15

eager(1) 9:25
earlier(1) 8:20
early(8) 11:17 12:18 12:11 12:14 12:22 13:2 17:6 22:24

easier(1) 23:9
ecro(1) 1:35
edwin(1) 3:32
effect(1) 40:14
effective(1) 36:5
efficiencies(2) 26:17 27:5 27:7
efficiency(2) 13:19 30:2
efficiently(1) 33:20
effort(1) 7:10
either(5) 21:9 26:8 26:19 38:17 42:15
electronic(1) 1:43 50:19
elevate(1) 20:11
else's(1) 8:17 10:7 48:25
email(1) 41:9
emails(1) 8:13
emea(24) 8:16 9:4 13:7 15:4 16:8 18:9 21:3 21:18 27:9 36:2 36:4 36:17 37:20 39:17 40:15 42:5 42:25 43:2 44:11 44:12 44:14 44:22 45:7 50:2 50:9

employees(2) 5:33 47:1
encouraged(1) 11:21 33:17
end(17) 9:20 11:23 13:12 13:18 15:23 16:19 16:24 18:10 18:10 20:14 30:9 36:9 38:20 43:6 43:9 46:6 46:10 46:15

endeavor(1) 48:10

endorsed(1) 10:8
endorsement(6) 31:16 34:10 48:4 49:13 49:15 50:12

endorsing(1) 44:1
enforcing(1) 44:1
engage(1) 8:18
england(1) 40:12
enormous(1) 37:20
enough(1) 36:7
ensure(4) 26:9 33:20 41:14 46:22
ensuring(1) 47:3
entered(2) 45:17 45:18
entirely(1) 30:13
equally(1) 13:14
equitable(1) 24:15
equity(1) 43:21
equivalent(1) 45:11
ernst(2) 2:39 4:36
escape(1) 21:23
especially(1) 34:1
esq(50) 1:23 1:24 1:28 1:29 1:30 1:31 1:32 2:5 2:9 2:11 2:15 2:19 2:21 2:23 2:39 2:41 2:43 3:5 3:9 3:16 3:20 3:24 3:28 3:32 3:36 3:37 3:41 3:42 3:46 4:5 4:9 4:13 4:17 4:21 4:25 4:29 4:33 4:37 4:41 4:42 5:5 5:9 5:13 5:17 5:21 5:25 5:29 5:33 5:37 5:40

essentially(1) 21:24
estate(13) 19:7 21:1 21:8 21:8 21:17 23:17 23:18 37:14 37:20 37:21 45:11 45:24 45:24

estates(6) 18:22 18:25 19:7 19:8 20:2
esther(1) 2:27
even(4) 10:15 23:3 23:22 29:25
ever(2) 19:18 43:11
every(1) 9:24 11:5 29:4 46:24
everybody(8) 8:13 8:17 10:7 12:22 13:10 21:19 26:12 50:6

everybody's(1) 10:14
everyone(2) 6:2 6:7
everyone's(1) 35:11
evidence(2) 47:8 47:10
exactly(1) 11:6 39:2 49:22
examinations(3) 24:24 29:20 30:19
example(4) 28:10 33:13 40:4 44:11
excellent(1) 8:1
except(2) 31:5 31:14
exchanging(1) 17:16
excluded(1) 40:16
exclusion(1) 40:16
exercises(1) 45:3
exists(1) 22:3
expanded(1) 44:3
expect(3) 11:1 28:14 41:21
expected(1) 29:8
expired(1) 50:14
extended(1) 40:3
extent(1) 11:18
extra(1) 18:10
extremely(1) 11:6

facilitate(2) 23:9 23:9
fact(10) 11:21 13:19 14:1 17:11 17:22 25:9 29:3 39:1 45:16 47:17

fairly(1) 21:9 26:6
familiar(1) 18:20
far(2) 9:19 26:24
farallon(1) 2:30
farr(1) 3:12
february(1) 17:9
federal(2) 28:2 29:11
feel(5) 11:18 11:23 12:2 30:11 48:8
feels(2) 21:25 28:9
feld(1) 2:8
felt(1) 23:11

few(8) 8:23 9:2 9:4 9:7 9:18 22:12 36:1 46:17

fiduciaries(1) 45:24
fiduciary(3) 23:16 45:10 45:12
field(1) 30:18
fifth(1) 47:19
figure(1) 39:11
filed(4) 17:12 49:20 50:5 50:8
filing(1) 32:6
final(3) 14:8 48:20 48:22
finalization(1) 18:24
finally(3) 17:17 19:3 24:18
find(2) 25:7 25:9
fine(2) 7:20 32:10
finger(1) 2:4
finnegan(1) 49:8
first(9) 7:15 8:16 9:22 24:14 35:12 38:3 43:12 43:16 43:19 49:17

five(2) 10:13 23:12
flagged(2) 31:24 36:3
flexibilities(1) 12:25
flexibility(1) 12:6
flexible(2) 12:17 23:24
flow(2) 36:10 46:11
focus(3) 29:6 33:19 34:6
focused(1) 12:3 14:15
focusing(1) 20:12
follow(2) 12:12 30:22
followed(2) 23:1 23:1
fond(1) 6:9
for(123) 1:2 1:22 2:4 2:18 2:26 2:30 2:34 2:38 3:4 3:16 3:19 3:31 3:45 4:4 4:8 4:16 4:20 4:24 4:32 4:36 4:45 5:4 5:8 5:12 5:20 5:24 5:28 5:32 5:36 5:39 6:3 7:7 7:9 7:13 8:4 9:8 9:23 9:24 10:12 10:24 11:2 11:23 12:4 12:10 12:13 12:25 13:1 13:24 14:6 14:16 14:18 14:18 15:11 15:17 15:21 17:7 18:7 18:11 18:14 19:5 19:8 19:14 19:22 20:22 21:1 21:4 22:16 24:3 24:25 25:3 25:16 26:24 26:24 28:10 28:19 28:20 28:24 29:10 30:1 30:19 31:12 31:14 31:14 32:7 32:17 32:17 33:8 33:15 34:3 34:8 35:15 35:19 36:9 36:17 37:21 38:8 38:11 38:16 38:17 38:25 39:14 40:4 40:13 40:13 40:20 41:1 41:10 41:12 41:20 43:16 43:19 44:11 44:19 46:9 46:11 46:14 47:11 48:21 49:2 49:8 49:24

force(1) 13:14
forcing(1) 25:5
foregoing(1) 50:18
foreign(3) 3:21 40:13 43:22
form(9) 19:24 27:25 29:20 29:24 30:15 31:2 31:5 39:15 41:5

former(5) 5:32 46:25
forms(1) 37:12
formulated(1) 16:23
forth(2) 24:25 33:5
forward(6) 16:12 19:16 23:24 30:16 41:17 42:17

four(2) 9:16 23:12
fourth(2) 27:25 31:24
framed(1) 17:19
france(1) 40:4 40:12
frankly(8) 8:19 9:10 10:14 18:23 21:15 24:18 25:2 27:3

fred(1) 2:11
free(2) 12:15 27:1
friday(1) 14:5
friend(1) 48:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **from**(31) 7:12 8:21 9:19 10:2 11:5 11:12 11:13 14:9 26:17 26:19 27:7 29:15 30:2 32:24 34:11 36:10 36:19 37:7 40:1 40:6 40:8 40:18 41:25 44:16 44:25 45:1 46:11 47:24 48:9 48:19 50:19 | | **hands**(1) 10:1 **happen**(3) 33:10 38:6 38:21 **happening**(1) 35:2 **happy**(1) 7:4 **hard**(4) 7:23 8:9 36:23 39:1 **hardcopy**(2) 37:15 41:8 46:7 **harmer**(1) 41:8 **harrisburg**(1) 1:39 **harron**(1) 3:32 | | **how**(10) 6:9 6:22 7:18 13:22 21:16 30:8 39:2 39:10 43:11 47:11 **howard**(1) 1:32 **however**(1) 47:12 **hubbard**(1) 3:19 **hughes**(1) 3:19 **hypothetically**(1) 23:19 **i'd**(1) 17:3 | | **issue**(42) 8:5 9:10 9:22 11:9 11:10 11:15 12:18 17:20 17:25 18:5 20:17 20:19 20:20 24:15 24:16 25:3 27:5 27:16 28:22 29:8 29:23 30:14 31:24 35:12 36:14 37:13 39:24 41:9 41:15 41:18 41:20 42:24 44:18 44:20 45:5 46:6 46:17 46:21 47:7 47:16 49:12 50:7 |
| **front**(3) 15:23 18:10 19:3 | | **has**(33) 6:17 7:22 8:6 10:7 10:8 11:22 12:13 21:13 22:20 23:16 23:16 23:16 23:21 23:21 23:23 24:12 27:20 28:11 37:4 37:6 37:16 38:20 38:22 40:16 42:4 45:5 45:12 46:9 48:2 48:8 48:16 48:25 50:14 | | **i'll**(2) 9:20 27:16 **i'm**(9) 6:9 7:13 8:22 9:2 18:1 18:20 27:15 28:13 29:25 **i've**(3) 6:8 16:23 25:16 **idea**(1) 5:12 17:5 17:16 11:12 21:20 **identified**(1) 26:15 29:19 | | **issues**(19) 10:24 15:13 16:19 20:16 33:19 33:24 33:25 34:1 34:2 36:1 36:6 38:5 39:3 39:9 41:2 46:5 46:17 47:7 47:16 **issuing**(1) 26:18 |
| **frustration**(1) 8:6 **full-fledged**(1) 10:18 **fully**(2) 44:21 47:3 **fund**(1) 4:22 **further**(2) 48:9 48:14 | | **hashed**(1) 37:11 **hauer**(1) 2:8 **have**(114) 7:2 7:4 7:10 7:22 8:5 8:9 8:21 10:7 10:19 11:8 11:15 12:5 12:6 12:11 12:14 14:6 14:7 14:9 14:10 14:11 14:14 14:15 15:9 15:10 16:6 16:22 17:9 17:14 17:19 17:22 18:8 18:14 19:4 19:8 19:20 19:22 20:1 20:2 20:4 20:16 20:24 20:25 21:1 21:2 21:3 21:5 21:15 21:16 21:18 21:20 21:23 22:6 23:5 23:20 24:2 24:5 24:7 24:10 24:22 25:7 25:13 25:14 25:19 26:11 26:25 26:25 28:2 28:3 28:4 29:9 29:12 29:21 30:16 30:17 31:19 32:23 32:23 33:1 34:4 34:11 34:18 34:19 35:1 35:16 36:3 36:21 37:7 37:11 37:17 37:21 38:2 38:17 39:1 39:8 39:12 39:17 39:23 41:16 43:8 43:8 45:9 45:21 45:24 46:12 47:6 47:8 47:21 47:25 48:11 48:18 48:21 49:1 49:3 | | **identify**(1) 33:17 **ignores**(2) 21:10 21:11 **ill-advised**(1) 47:17 **illustration**(1) 33:9 **imagine**(1) 22:2 **immediately**(2) 28:14 29:12 **impact**(1) 15:9 **impacted**(1) 15:15 **implement**(2) 48:6 48:10 **important**(12) 9:5 15:18 17:21 20:24 30:17 36:4 37:19 38:5 38:10 39:8 40:2 40:24 **imposed**(1) 26:21 **impractical**(1) 29:13 **inappropriate**(1) 28:6 **inc**(3) 1:7 2:34 4:9 **incentivized**(1) 11:21 **incentivizes**(1) 12:10 **incents**(1) 14:10 **included**(2) 21:23 50:3 **includes**(1) 30:9 **including**(2) 45:16 48:24 **incorporated**(1) 46:13 **incumbent**(1) 32:5 **independent**(2) 21:6 26:18 **indicated**(3) 12:11 14:25 45:5 **indicating**(2) 27:10 48:18 **indices**(1) 37:17 **indiscernible**(2) 22:6 46:8 **indiscernible-beep**(1) 11:15 **inefficiencies**(1) 13:20 **informal**(6) 32:8 32:10 32:12 32:13 33:21 35:10 **ingersoll**(1) 4:36 **initial**(2) 32:7 32:13 **instance**(1) 33:13 **intellectual**(1) 25:3 **intend**(1) 48:20 **intended**(2) 38:4 42:7 **intensive**(1) 35:6 **intent**(1) 13:25 **intention**(2) 13:16 46:22 **interest**(12) 20:25 21:2 21:2 21:3 21:10 21:12 21:17 22:22 24:6 24:8 25:11 25:14 **interested**(11) 2:30 2:34 3:16 3:19 3:31 3:45 4:4 4:45 5:12 5:16 5:28 **interests**(1) 21:15 **interim**(5) 20:7 41:17 48:21 48:24 49:2 **international**(1) 3:4 **interrogatories**(3) 23:2 28:24 30:19 **interruption**(1) 6:14 **intertwined**(1) 44:14 **intervene**(1) 43:23 **into**(14) 12:13 13:14 17:24 19:12 19:19 23:7 23:19 23:20 24:6 24:7 31:11 41:6 45:14 49:6 **involved**(2) 6:10 32:1 **involvement**(1) 43:18 **irrelevant**(1) 20:13 **isn't**(1) 26:2 | | **issuing**(1) 26:18 **it's**(26) 8:3 8:6 10:17 11:6 11:13 12:20 12:21 13:4 13:11 13:18 15:2 15:3 15:18 16:12 17:21 18:19 19:3 22:12 23:8 23:24 24:22 25:3 25:14 28:20 29:14 30:17 **item**(1) 47:21 **its**(4) 21:25 23:25 26:3 26:3 **itself**(1) 22:22 **it's**(18) 30:20 31:2 31:16 31:8 32:19 33:8 34:8 35:1 35:3 38:5 39:1 40:2 41:1 43:5 43:6 43:19 44:24 46:2 **i'd**(1) 43:2 **i'll**(7) 30:21 31:23 33:7 36:12 36:15 41:1 43:14 **i'm**(7) 32:17 34:21 37:1 37:5 38:14 46:2 46:21 **jaime**(1) 3:24 **james**(3) 1:28 4:21 4:28 **jeff**(3) 8:3 17:2 30:20 **jeffrey**(1) 1:30 **jennifer**(1) 5:21 **jessica**(7) 4:42 11:13 28:20 31:6 33:7 43:5 46:2 **john**(3) 3:42 4:13 **join**(1) 6:4 **joined**(1) 6:17 **joint**(4) 3:20 3:32 41:20 46:19 **jointly**(1) 1:6 **jones**(1) 4:32 **joseph**(1) 4:41 **judge**(20) 1:18 1:19 6:2 6:5 6:21 7:8 8:3 13:23 15:2 18:15 20:11 20:14 34:5 35:8 41:24 42:21 44:1 49:12 49:19 **judicial**(2) 29:24 31:19 **july**(1) 11:6 **june**(14) 10:9 10:24 11:22 12:9 14:17 14:19 18:12 24:13 38:3 38:8 38:9 38:9 46:13 46:14 **jurisdiction**(1) 46:20 **jurisdictions**(2) 40:19 47:2 **just**(29) 6:3 8:23 8:23 13:10 17:2 17:3 17:3 17:25 24:22 30:21 30:21 30:23 30:24 32:12 36:6 36:18 36:18 36:22 38:24 39:23 41:4 43:5 43:6 45:19 46:3 46:4 48:2 48:17 49:9 **justice**(51) 6:4 6:17 6:20 6:21 6:24 7:8 7:14 7:18 7:20 7:22 8:2 8:2 9:11 13:4 13:4 13:23 14:19 15:6 16:16 16:17 16:21 17:24 20:9 20:19 22:11 22:15 22:18 25:24 25:25 27:3 27:11 27:13 31:16 33:6 34:11 34:14 34:18 34:24 35:5 35:10 35:13 35:22 41:3 41:6 41:24 42:2 42:4 42:21 44:2 50:14 **justin**(1) 3:46 |
| **gage**(1) 4:21 **gain**(2) 26:17 49:4 **gaining**(1) 41:7 **gallagher**(1) 3:12 **gap**(1) 7:4 **gathering**(1) 10:4 **general**(3) 30:10 33:16 36:19 **george**(1) 5:25 **get**(15) 9:25 10:2 11:4 12:1 12:2 12:14 14:4 16:2 18:9 19:15 22:5 33:19 36:13 46:9 46:23 **getting**(3) 17:24 18:12 32:18 **gill**(1) 3:5 **ginger**(1) 1:35 **give**(4) 11:1 16:4 43:21 46:3 **given**(5) 7:10 23:13 45:20 46:23 47:17 **gives**(5) 15:25 16:13 45:19 **goes**(5) 16:7 21:19 39:16 42:10 45:13 **going**(30) 8:12 8:22 9:3 10:1 10:5 11:5 13:10 13:11 13:12 13:21 14:4 14:22 16:12 18:9 19:22 20:14 20:15 29:12 30:8 32:16 32:21 33:2 33:10 37:9 39:2 39:7 39:9 39:12 41:17 **gone**(2) 47:25 50:15 **good**(10) 6:2 6:5 6:6 6:7 6:20 6:21 15:11 36:16 36:18 37:5 **goodmans**(2) 4:40 11:14 **got**(1) 44:13 **gottlieb**(6) 1:27 3:36 8:3 15:2 15:3 15:8 **gowlings**(1) 5:20 **granted**(2) 19:17 42:12 **great**(3) 7:21 37:11 37:13 **greater**(2) 13:19 26:25 **gross**(19) 1:18 6:5 6:21 7:8 8:2 8:3 13:23 15:2 18:15 20:11 20:14 24:6 35:8 41:24 42:21 44:1 49:12 49:19 **gross'**(1) 42:4 **ground**(1) 12:15 **grounds**(3) 27:24 28:23 29:7 **group**(24) 5:16 5:17 17:23 21:10 21:11 21:25 22:17 22:23 23:7 23:11 24:11 24:21 24:22 24:25 25:1 25:22 26:3 26:4 26:13 27:1 27:3 37:9 49:22 50:4 **groups**(13) 9:12 17:22 20:21 20:23 21:6 21:7 22:5 24:10 26:9 26:16 26:20 27:4 36:24 **grout**(1) 49:7 **guess**(1) 40:17 **guidance**(1) 35:15 **guide**(1) 32:22 **gulfs**(1) 8:21 **gump**(2) 2:8 41:25 **guyder**(1) 2:41 | | **haven't**(1) 20:1 29:15 30:6 **having**(5) 13:5 13:14 18:23 22:15 25:9 26:17 38:12 46:15 46:18 **head**(4) 12:1 12:2 19:2 19:3 **hear**(4) 7:17 11:12 16:22 29:15 **heard**(11) 13:5 13:6 22:1 25:23 28:19 29:15 30:6 42:5 43:2 46:6 48:19 **hearing**(5) 7:9 32:21 41:20 41:22 50:16 **hearings**(1) 39:2 **hello**(1) 11:13 **help**(1) 34:6 **henderson**(1) 5:20 **herbert**(1) 3:40 **here**(17) 7:3 7:7 8:25 13:5 14:24 24:21 25:6 26:2 31:9 33:8 34:18 35:2 36:21 38:24 39:1 40:2 40:7 **highlight**(2) 38:24 40:20 **highlighting**(1) 8:23 **highly**(1) 29:13 **his**(2) 7:16 9:5 **history**(3) 18:20 37:5 43:18 **hoc**(2) 2:18 4:32 **hodara**(1) 2:11 **hogan**(1) 3:4 **holder**(1) 43:21 **honor**(29) 6:6 6:15 7:6 7:13 15:2 18:18 18:19 19:1 25:20 25:21 25:23 27:10 27:15 31:23 34:23 35:3 35:14 35:20 35:25 37:6 40:23 40:25 43:14 43:25 44:24 49:6 49:12 49:19 50:7 **honorable**(1) 1:18 **honors**(12) 7:25 17:1 17:14 18:2 19:4 24:4 25:18 30:20 36:18 36:19 43:11 43:25 **honors'**(1) 37:4 **hope**(2) 22:12 41:17 **hopeful**(1) 49:1 **hopefully**(1) 7:2 8:4 41:22 **hoping**(2) 37:5 48:21 | | | | **kahn**(1) 2:13 **kathleen**(2) 4:33 4:37 **katten**(1) 4:16 **keep**(3) 12:24 29:9 31:21 **keeping**(1) 43:8 **kelly**(1) 50:25 **ken**(6) 5:40 13:24 19:11 22:18 41:1 42:22 |

| Word | Page:Line |
|------|-----------|
| kenneth(1) 2:39 | |
| kevin(2) 1:18 5:17 | |
| kimble(10) 31:6 31:7 31:10 31:18 33:7 33:7 43:5 43:5 46:2 46:2 | |
| kimmel(9) 4:42 6:5 11:13 11:13 13:4 13:9 14:25 28:20 28:20 | |
| kimmel's(1) 14:1 | |
| kind(4) 8:25 8:25 9:1 32:1 | |
| kitchen(3) 13:11 17:5 18:7 | |
| know(29) 7:15 8:5 8:8 8:12 8:25 10:11 10:14 11:5 11:9 13:18 13:20 16:23 19:3 21:16 24:17 24:18 25:2 25:3 28:11 29:18 30:18 31:1 31:5 31:14 32:15 32:15 32:20 33:3 48:25 | |
| knowing(1) 23:3 | |
| koskie(1) 5:32 | |
| kreller(1) 2:21 | |
| lafleur(1) 5:29 | |
| laid(1) 25:17 | |
| language(4) 32:1 32:6 33:1 45:14 | |
| large(2) 36:25 37:19 | |
| largely(1) 8:24 | |
| last(5) 8:4 32:22 39:23 46:17 47:22 | |
| later(3) 14:19 16:3 16:3 | |
| latham(1) 5:8 | |
| laughter(2) 22:10 22:14 | |
| laura(1) 2:43 | |
| law(3) 4:24 28:4 28:17 | |
| lax(1) 3:35 | |
| layton(1) 2:4 | |
| lead(2) 13:12 39:5 | |
| learn(1) 10:22 | |
| least(4) 17:7 20:3 28:2 31:1 | |
| leave(3) 30:24 43:7 48:17 | |
| leaving(1) 14:9 24:9 | |
| leblanc(4) 2:23 25:21 25:21 25:25 | |
| led(1) 27:2 | |
| left(1) 38:11 | |
| legal(1) 14:15 | |
| less(2) 15:25 16:1 | |
| let(2) 17:17 36:12 | |
| let's(3) 6:23 17:25 23:18 | |
| level(2) 24:6 24:7 | |
| light(3) 17:17 26:3 44:5 | |
| like(17) 9:2 9:7 9:10 11:9 12:5 13:2 13:5 17:3 20:11 27:17 28:10 31:3 35:12 36:22 39:12 40:20 43:2 | |
| likely(1) 13:13 | |
| lily(1) 41:8 | |
| limit(1) 28:16 | |
| limitation(2) 26:21 27:6 | |
| limitations(2) 26:6 27:21 | |
| limited(7) 17:9 24:11 31:2 36:7 47:5 49:25 50:4 | |
| limiting(1) 11:2 14:12 | |
| line(6) 6:22 24:5 24:7 24:8 34:22 41:19 | |
| lining(1) 41:10 | |
| linn(1) 2:31 | |
| lisa(1) 1:31 18:19 44:24 | |
| lisus(1) 3:35 | |
| list(1) 14:14 | |
| literally(1) 8:12 | |
| litigation(11) 15:13 25:11 42:6 42:7 45:14 47:13 47:20 48:1 48:6 48:12 49:17 | |
| litigations(2) 49:16 49:18 | |
| little(5) 15:16 23:8 29:5 32:25 37:9 | |
| live(3) 13:8 14:17 14:20 | |
| llc(4) 1:37 5:16 5:17 50:26 | |
| llp(18) 1:22 2:38 3:4 3:12 3:17 3:19 4:8 4:16 4:20 4:28 4:40 5:4 5:8 5:12 5:20 5:28 5:29 5:32 | |
| local(1) 28:3 | |

| Word | Page:Line |
|------|-----------|
| locate(1) 40:1 | |
| logically(1) 17:23 36:10 | |
| long(5) 18:8 32:19 35:16 45:8 47:6 | |
| look(2) 39:12 49:19 | |
| looked(1) 8:19 | |
| looking(1) 18:11 | |
| lose(1) 11:7 | |
| lost(1) 46:16 | |
| lot(4) 6:8 7:4 10:17 37:9 | |
| lovelis(1) 3:4 | |
| lowenthal(1) 4:25 | |
| mace(1) 1:35 | |
| made(16) 12:3 12:12 13:22 15:10 15:21 22:16 22:20 25:13 37:16 39:9 43:15 46:4 47:23 48:4 48:8 50:6 | |
| main(3) 36:1 40:20 41:18 | |
| maintaining(1) 38:8 | |
| maintains(1) 27:6 | |
| majority(1) 33:22 | |
| make(23) 11:17 11:24 12:5 12:21 13:11 13:15 13:24 14:10 14:13 14:23 14:24 15:3 17:3 20:15 24:9 26:1 27:21 27:22 29:17 30:8 36:19 39:13 43:6 | |
| makes(1) 16:9 | |
| making(3) 12:8 14:25 39:14 | |
| makowski(1) 4:33 | |
| manageable(1) 20:23 | |
| management(5) 2:30 5:36 5:37 33:14 34:3 | |
| manas(1) 4:5 | |
| many(8) 6:22 8:10 8:20 13:13 17:14 17:15 26:18 47:2 | |
| maria(1) 1:29 | |
| mark(1) 5:33 | |
| market(1) 1:11 | |
| marriage(2) 23:9 25:6 | |
| material(3) 9:22 41:5 48:11 | |
| matter(3) 34:25 49:9 50:20 | |
| matthew(3) 3:36 5:37 15:3 | |
| mauro(1) 2:35 | |
| maximize(1) 24:6 | |
| maximum(1) 46:23 | |
| may(37) 1:14 6:1 10:8 10:9 10:19 10:22 11:5 11:19 12:8 13:3 13:19 14:7 14:8 21:14 21:20 24:7 24:10 24:19 24:20 25:9 25:22 27:4 28:12 28:12 31:16 32:7 34:11 40:25 41:9 41:12 42:11 42:17 47:17 47:25 48:4 50:12 50:24 | |
| maybe(3) 14:5 24:15 25:10 | |
| mccarthy(1) 4:20 | |
| mccloy(1) 5:12 | |
| mean(3) 18:4 34:15 44:11 | |
| meaning(1) 39:18 | |
| mechanism(2) 9:16 48:14 | |
| mechanisms(1) 32:10 | |
| mediation(5) 17:15 17:15 18:16 18:22 | |
| meet(1) 35:11 | |
| meet-and(1) 41:12 | |
| meet-and-confer(5) 32:2 37:25 38:10 46:10 46:13 | |
| meeting(1) 38:4 | |
| meetings(1) 35:2 | |
| meets(1) 37:3 | |
| mellon(1) 5:9 | |
| melnik(1) 3:16 | |
| mentioned(3) 38:20 42:1 45:20 | |
| merrill(5) 14:2 14:16 19:13 20:5 49:4 | |
| message(1) 7:24 | |
| metaphor(2) 23:8 23:8 | |
| michael(3) 2:1 5:9 5:37 | |
| might(5) 31:17 35:5 35:6 35:11 49:10 | |
| milbank(2) 2:18 25:22 | |
| miller(3) 4:29 49:6 49:7 | |
| million(1) 23:21 | |
| mince(1) 25:6 | |

| Word | Page:Line |
|------|-----------|
| mindel(1) 3:41 | |
| mindful(7) 8:7 23:25 24:13 27:15 29:3 41:2 46:2 | |
| minimal(1) 11:1 | |
| minsky(1) 5:32 | |
| missed(1) 38:14 | |
| modifications(1) 37:6 | |
| monday(1) 8:11 | |
| money(1) 10:18 | |
| monitor(36) 2:38 4:37 8:17 10:8 11:12 11:14 13:7 19:18 22:23 23:7 23:14 23:15 23:23 24:5 24:12 24:17 25:17 27:20 28:19 28:20 38:2 40:16 40:25 41:11 42:6 42:22 43:1 45:4 45:11 45:23 46:8 47:20 48:4 48:13 48:17 50:1 | |
| monitor's(4) 11:16 15:18 16:2 16:9 | |
| monitor's(14) 33:16 34:9 36:15 38:6 38:22 39:22 42:6 42:11 43:18 44:2 44:20 45:2 45:6 48:3 | |
| months(3) 11:6 17:7 19:5 | |
| morawetz(48) 6:4 6:17 6:20 6:21 6:24 7:8 7:14 7:19 7:20 7:22 8:2 9:11 13:4 13:5 13:23 14:20 15:6 16:16 16:17 16:21 17:24 20:9 20:19 22:7 22:11 22:15 22:18 25:24 25:25 27:3 27:11 27:13 31:16 33:6 34:11 34:14 34:18 34:24 35:5 35:11 35:13 35:22 41:3 41:6 41:24 42:4 42:21 50:14 | |
| morawetz's(2) 42:3 44:2 | |
| more(7) 11:7 13:12 18:20 28:5 36:4 36:5 41:12 | |
| morneau(1) 4:21 | |
| morning(8) 8:11 14:4 20:6 22:16 22:20 41:4 41:6 42:2 | |
| morris(3) 1:22 4:28 7:7 | |
| most(11) 8:24 10:15 12:9 12:17 16:13 16:14 21:7 29:7 33:20 38:1 43:9 | |
| motion(10) 23:6 32:2 32:11 32:18 34:5 35:16 35:18 47:5 48:20 49:20 | |
| motions(4) 32:6 33:18 33:25 34:4 | |
| move(5) 27:16 31:19 31:23 33:25 49:6 | |
| moved(1) 14:19 | |
| moving(9) 9:1 31:22 41:20 | |
| much(8) 8:17 14:18 15:8 15:21 16:5 16:6 16:9 19:15 | |
| muchin(1) 4:16 | |
| murphy(1) 4:37 | |
| namely(1) 9:11 | |
| narrowed(1) 7:4 | |
| naturally(1) 25:11 | |
| nature(4) 23:14 31:5 43:17 44:9 | |
| necessarily(1) 39:13 | |
| necessary(2) 40:5 44:11 | |
| need(12) 10:11 10:14 11:4 11:25 12:12 33:18 37:18 39:3 39:21 41:14 47:2 47:16 | |
| needed(1) 40:2 | |
| needs(2) 23:13 47:4 | |
| negotiated(2) 26:11 37:24 | |
| negotiations(2) 19:21 27:2 | |
| networks(3) 1:7 3:4 4:9 | |
| never(2) 19:17 19:20 | |
| new(7) 5:9 10:19 10:22 10:24 11:2 18:16 20:17 | |
| next(4) 10:8 16:7 20:8 41:22 | |
| nichols(2) 1:22 7:7 | |
| nobody(1) 26:12 | |
| non(1) 46:24 | |
| non-issue(2) 46:7 47:22 | |
| non-party(1) 40:1 | |

| Word | Page:Line |
|------|-----------|
| non-stop(1) 8:12 | |
| nonetheless(1) 31:13 | |
| normal(3) 31:13 33:11 33:13 | |
| normally(1) 34:8 | |
| nortel(5) 1:7 3:4 4:9 5:33 34:19 | |
| not(53) 6:9 7:13 12:19 12:20 13:6 13:15 15:24 18:4 18:6 18:16 19:25 20:1 20:12 22:1 22:13 23:22 24:2 24:22 24:25 26:17 28:12 28:15 29:9 29:17 29:22 29:25 30:7 30:15 31:2 31:9 31:12 31:14 32:16 32:21 35:1 36:7 37:2 37:4 37:9 38:10 38:11 40:3 40:7 41:11 41:14 41:15 42:17 45:11 46:18 47:1 47:5 47:16 49:3 | |
| note(1) 21:23 | |
| notice(1) 41:21 | |
| notwithstanding(1) 30:12 | |
| november(3) 39:7 39:20 47:14 | |
| now(19) 6:25 11:25 14:9 17:16 17:19 17:25 19:3 19:5 20:12 20:13 22:8 23:12 29:15 31:24 38:2 38:16 47:16 47:17 49:3 | |
| nuance(1) 24:19 | |
| number(5) 9:7 9:10 9:14 36:25 37:24 | |
| o'connor(1) 3:13 | |
| o'sullivan(1) 3:35 | |
| object(2) 9:14 31:8 | |
| objection(6) 27:25 30:15 31:12 43:1 44:10 45:24 | |
| objections(13) 27:21 27:22 28:5 28:7 28:17 28:24 29:7 29:16 29:21 30:7 31:1 31:2 31:4 | |
| objects(1) 26:2 | |
| obligated(1) 40:17 | |
| obligation(3) 26:21 32:1 32:4 | |
| obstacles(1) 18:23 | |
| obstruction(1) 31:3 | |
| obstructive(2) 28:10 28:15 | |
| obtain(3) 40:1 40:6 40:18 | |
| obtaining(1) 40:13 | |
| obvious(2) 21:4 27:5 | |
| obviously(5) 8:9 26:17 28:9 32:5 42:14 | |
| off(2) 33:25 38:16 | |
| offered(1) 36:21 | |
| officer(2) 29:24 31:19 | |
| officers(3) 47:1 50:3 50:3 | |
| official(1) 41:25 42:13 | |
| often(2) 33:21 33:24 | |
| okay(6) 15:3 20:19 35:21 38:18 43:6 46:1 | |
| olivia(1) 2:35 | |
| omnibus(1) 47:23 | |
| one(25) 9:8 9:22 16:12 17:4 18:14 24:16 26:1 32:16 33:8 33:12 36:8 36:19 36:24 37:1 37:6 37:9 38:2 38:3 38:3 39:16 39:23 41:4 42:3 47:24 49:9 | |
| ones(2) 29:18 37:10 | |
| only(18) 9:22 14:1 14:10 17:13 18:23 19:2 20:6 21:4 21:13 24:3 24:4 25:7 25:14 27:24 37:17 46:12 46:15 46:21 | |
| ontario(1) 30:2 | |
| opportunity(1) 11:2 12:22 | |
| opposed(1) 42:14 | |
| opposing(1) 38:13 | |
| oppression(1) 44:12 | |
| optimal(1) 32:17 | |
| option(1) 12:25 | |
| optionality(1) 12:9 | |
| oral(2) 28:24 29:20 | |
| order(20) 10:10 19:6 20:7 20:10 27:4 28:6 30:4 31:21 37:3 38:12 39:4 41:16 41:17 45:16 45:17 48:7 48:11 48:19 48:21 48:21 | |
| ordered(1) 22:6 | |
| ordering(1) 27:4 | |

| Word | Page:Line |
|---|---|
| **orders**(15) 36:20 37:7 37:7 41:20 42:8 42:9 42:13 42:15 44:2 45:15 45:22 47:25 48:1 49:2 49:3 | |
| **organized**(1) 47:11 | |
| **osler**(1) 5:4 | |
| **other**(29) 8:16 8:19 10:1 10:2 14:5 15:17 16:8 20:1 20:3 24:10 24:10 24:18 25:1 25:15 26:5 29:16 30:6 30:15 32:6 32:9 32:16 33:4 36:6 36:11 36:23 38:25 45:2 46:17 47:3 | |
| **others**(7) 6:22 9:18 9:20 10:16 14:11 22:12 36:2 | |
| **otherwise**(1) 11:4 | |
| **other's**(2) 45:20 45:25 | |
| **ought**(3) 16:11 30:11 30:21 | |
| **our**(32) 11:21 12:7 12:17 12:24 13:20 15:23 16:11 19:17 23:11 24:19 26:6 27:10 29:6 30:9 31:7 33:5 33:13 34:3 35:4 40:18 41:5 41:12 41:13 47:21 50:7 50:12 | |
| **ourselves**(1) 37:14 | |
| **out**(15) 6:11 8:13 12:14 20:8 20:10 22:4 22:11 25:9 25:17 32:23 33:9 36:22 39:11 41:9 48:9 | |
| **outcome**(1) 21:21 | |
| **over**(5) 9:3 9:21 29:4 36:15 46:16 | |
| **overly**(1) 28:10 | |
| **overy**(2) 2:38 42:22 | |
| **own**(2) 26:3 26:18 | |
| **p.a**(2) 3:45 3:46 | |
| **p.m**(3) 1:15 6:1 50:16 | |
| **pachulski**(1) 4:32 | |
| **paliare**(1) 5:39 | |
| **paper**(1) 37:19 | |
| **paragraph**(1) 49:13 | |
| **parameters**(2) 29:21 30:17 | |
| **pardon**(1) 6:14 | |
| **part**(6) 23:13 24:12 26:4 34:9 35:9 48:7 49:11 49:17 | |
| **participate**(6) 44:13 44:21 45:20 49:10 49:11 49:17 | |
| **participating**(2) 45:6 45:25 | |
| **participation**(5) 42:12 44:10 44:16 45:2 45:12 | |
| **particular**(4) 30:6 36:8 40:8 49:21 | |
| **particularly**(3) 31:1 31:3 43:1 | |
| **parties**(55) 7:2 7:11 7:22 8:10 8:19 9:14 9:19 10:3 10:15 11:2 12:1 12:10 14:6 15:10 15:12 15:17 15:21 16:5 16:13 17:6 17:14 17:18 19:23 20:1 20:2 20:11 20:25 21:21 23:3 23:12 24:18 26:5 26:18 26:22 28:12 30:16 32:2 32:5 33:4 33:15 33:24 34:6 34:12 36:25 38:25 39:8 39:25 41:21 45:19 45:19 46:16 46:19 47:15 49:16 49:17 | |
| **parties'**(3) 10:21 11:5 16:8 | |
| **partner**(1) 41:8 | |
| **party**(23) 2:30 2:34 3:16 3:19 3:31 3:45 4:4 4:45 5:12 5:16 5:28 9:24 21:13 21:24 23:6 27:21 27:22 28:9 32:15 44:17 46:25 49:23 49:24 | |
| **party's**(1) 24:24 | |
| **pasquariello**(1) 4:41 | |
| **pass**(1) 22:2 | |
| **patterson**(1) 4:24 | |
| **pennsylvania**(1) 1:39 | |
| **pension**(6) 3:5 4:22 23:21 45:7 49:8 50:10 30:7 30:11 30:18 31:19 37:18 40:10 47:4 | |
| **people**(12) 11:17 11:18 12:7 12:10 17:13 | |
| **people's**(1) 10:1 | |
| **per/pro**(1) 4:45 | |
| **perhaps**(3) 21:18 22:16 46:25 | |

| Word | Page:Line |
|---|---|
| **period**(1) 10:9 | |
| **permissible**(1) 30:13 | |
| **permit**(1) 28:5 | |
| **perspective**(1) 48:3 | |
| **petition**(1) 22:1 | |
| **phillips**(1) 3:27 | |
| **phone**(5) 7:1 8:13 9:25 34:14 34:16 | |
| **pick**(1) 36:11 | |
| **piper**(1) 3:17 | |
| **place**(1) 32:11 | |
| **plan**(23) 8:14 24:22 27:20 29:6 30:9 30:12 31:11 31:25 33:17 34:9 37:23 39:16 39:17 39:24 40:15 46:5 47:13 47:20 48:2 48:6 48:7 48:12 48:13 | |
| **playing**(1) 30:18 | |
| **pleadings**(10) 10:23 10:25 11:25 12:5 13:1 14:9 14:14 23:3 23:5 39:21 | |
| **please**(1) 27:18 | |
| **pleased**(1) 8:15 | |
| **plus**(1) 23:19 | |
| **point**(19) 7:3 11:12 16:4 22:2 24:9 25:23 26:1 27:6 36:19 36:22 38:19 38:24 41:7 41:16 47:19 47:23 49:1 49:9 50:13 | |
| **points**(5) 17:3 22:16 40:20 40:24 43:8 43:15 46:4 | |
| **polisi**(1) 4:46 | |
| **position**(16) 11:16 11:19 12:24 13:6 13:14 15:12 17:16 18:9 24:17 24:19 25:2 27:8 32:9 35:4 49:15 50:7 | |
| **positions**(2) 12:4 17:12 | |
| **possible**(5) 8:10 16:5 16:6 38:6 38:7 | |
| **possibly**(1) 29:23 | |
| **potentially**(2) 20:24 30:23 | |
| **powers**(1) 44:3 | |
| **practical**(2) 29:25 35:22 | |
| **practically**(1) 14:22 | |
| **practice**(5) 32:2 32:12 34:4 35:16 35:18 | |
| **practices**(1) 35:17 | |
| **preamble**(3) 42:5 42:16 47:19 | |
| **prefer**(1) 33:1 | |
| **preferred**(1) 24:16 | |
| **prejudice**(1) 30:8 | |
| **preliminary**(1) 23:15 | |
| **prepared**(2) 16:18 16:20 | |
| **prescribed**(1) 23:15 | |
| **present**(1) 48:3 | |
| **presentation**(2) 7:16 9:20 | |
| **presented**(3) 48:2 48:7 48:11 | |
| **pretrial**(2) 39:6 47:14 | |
| **pretty**(2) 8:17 9:4 | |
| **prevented**(1) 8:21 | |
| **previous**(1) 33:12 | |
| **previously**(3) 9:13 45:1 45:5 | |
| **prior**(10) 6:12 23:3 27:3 32:2 42:8 42:9 42:13 42:15 45:15 45:22 | |
| **privilege**(2) 27:24 29:19 | |
| **privileges**(1) 31:14 | |
| **pro**(1) 4:45 | |
| **pro-rata**(1) 24:15 | |
| **probably**(4) 7:1 13:11 37:14 47:6 | |
| **problem**(1) 35:9 | |
| **problematic**(1) 10:10 | |
| **procedural**(6) 28:1 28:6 28:7 30:2 32:9 34:2 | |
| **procedure**(7) 28:3 32:18 32:19 33:2 35:10 35:16 42:10 | |
| **procedures**(1) 40:12 | |
| **proceed**(4) 7:15 13:2 33:23 34:8 | |
| **proceeding**(2) 31:4 45:13 | |

| Word | Page:Line |
|---|---|
| **proceedings**(14) 1:17 1:43 29:6 29:11 34:20 36:13 40:5 40:6 40:13 40:18 43:19 44:16 47:18 50:20 | |
| **process**(10) 9:25 10:5 29:11 30:18 31:7 44:10 44:22 45:25 49:10 49:11 | |
| **processes**(1) 45:21 | |
| **produce**(1) 37:17 | |
| **produced**(2) 1:44 16:2 | |
| **production**(5) 16:3 23:1 41:13 46:11 46:14 | |
| **productions**(3) 9:9 36:10 38:8 | |
| **professional**(1) 28:15 | |
| **program**(1) 13:16 | |
| **proper**(2) 15:14 41:21 | |
| **proportionality**(3) 27:24 29:19 31:15 | |
| **proposal**(21) 11:21 12:17 15:19 16:2 16:8 16:9 16:12 16:15 28:16 30:1 33:5 36:15 37:16 38:15 38:16 38:22 40:15 47:9 47:12 49:14 50:5 | |
| **proposed**(6) 9:12 10:7 10:8 27:20 30:4 48:12 | |
| **proposes**(1) 11:22 | |
| **propounded**(1) 26:15 | |
| **protective**(3) 41:16 41:19 49:3 | |
| **protocol**(1) 45:18 | |
| **protocols**(1) 33:14 | |
| **provide**(2) 20:7 34:3 | |
| **provided**(5) 19:19 33:8 33:15 34:8 49:14 | |
| **provides**(1) 39:24 | |
| **provision**(1) 30:10 | |
| **purpose**(2) 26:16 41:10 | |
| **purposes**(1) 19:14 | |
| **push**(1) 38:16 | |
| **put**(12) 10:1 10:23 16:12 16:14 19:19 21:9 23:7 24:25 32:11 32:15 39:5 45:14 | |
| **putnam**(1) 5:5 | |
| **question**(6) 14:20 18:14 43:25 44:9 44:15 44:20 | |
| **questions**(1) 28:24 | |
| **quick**(1) 18:14 | |
| **quickly**(1) 7:10 | |
| **quite**(3) 18:22 37:18 39:25 | |
| **qureshi**(1) 2:15 | |
| **raised**(4) 30:11 32:7 42:25 43:9 | |
| **raising**(1) 29:15 | |
| **rank**(1) 9:14 | |
| **rather**(2) 18:11 38:9 | |
| **ray**(2) 35:3 35:3 | |
| **reach**(2) 8:9 8:13 | |
| **reached**(2) 9:6 36:4 | |
| **reaching**(1) 8:21 | |
| **ready**(5) 7:16 7:16 7:18 14:12 18:8 | |
| **real**(1) 38:24 | |
| **really**(16) 8:22 9:19 9:22 10:17 11:4 17:21 18:10 18:11 18:13 35:18 39:3 39:11 43:15 43:17 43:20 43:23 | |
| **reason**(3) 15:16 18:6 21:4 | |
| **reasons**(2) 25:16 44:19 | |
| **recall**(2) 43:25 44:1 | |
| **receive**(2) 7:24 8:10 | |
| **recent**(1) 43:9 | |
| **recently**(1) 18:23 | |
| **reciprocal**(1) 45:8 | |
| **recognize**(1) 6:8 | |
| **recognized**(4) 28:17 29:7 33:10 45:22 | |
| **record**(1) 41:4 | |
| **recorded**(1) 1:43 | |
| **recording**(2) 1:43 50:19 | |
| **recoveries**(2) 21:1 24:8 | |
| **recovering**(1) 21:3 | |
| **recovery**(5) 21:11 21:12 21:17 21:17 24:6 | |
| **reed**(1) 3:19 | |
| **reference**(1) 17:4 | |

| Word | Page:Line |
|---|---|
| **references**(1) 31:17 | |
| **refined**(1) 12:3 | |
| **reflected**(1) 42:16 | |
| **reflects**(1) 50:10 | |
| **refused**(1) 19:23 | |
| **regard**(2) 17:20 21:22 | |
| **regarding**(3) 15:13 19:4 41:19 | |
| **regards**(1) 17:12 | |
| **relation**(1) 37:15 | |
| **relevance**(1) 27:24 | |
| **relevant**(1) 29:19 | |
| **relief**(2) 32:7 33:2 | |
| **remove**(1) 47:22 | |
| **reply**(1) 41:1 | |
| **report**(1) 8:10 | |
| **representative**(1) 43:22 | |
| **representing**(2) 9:4 36:2 | |
| **reps**(1) 3:21 | |
| **request**(13) 9:15 10:2 10:3 12:6 12:12 12:14 13:11 14:21 15:21 17:5 26:14 36:11 46:11 | |
| **requested**(2) 33:2 48:8 | |
| **requests**(38) 9:8 9:24 10:14 11:2 11:18 11:23 12:3 12:8 12:9 12:12 12:20 13:13 13:15 13:21 13:22 14:8 14:10 14:13 14:25 15:10 15:11 15:14 15:20 16:6 17:19 18:3 18:5 18:7 18:7 18:12 18:13 24:23 24:24 26:19 27:2 27:22 27:23 38:7 | |
| **require**(5) 12:8 37:8 40:9 40:17 46:19 | |
| **required**(2) 31:19 37:15 | |
| **requirement**(1) 36:13 | |
| **requires**(2) 30:14 37:24 | |
| **requiring**(2) 40:4 47:5 | |
| **reserve**(1) 41:11 | |
| **reserving**(1) 31:4 | |
| **resolution**(2) 35:23 42:10 | |
| **resolve**(5) 27:4 32:11 33:24 35:7 47:7 | |
| **resolved**(3) 32:21 34:25 46:22 | |
| **respect**(15) 20:5 20:16 25:17 36:6 37:23 41:13 41:16 41:17 46:6 46:18 47:8 47:10 47:19 47:24 48:20 | |
| **respectful**(2) 15:23 46:11 | |
| **respond**(10) 12:20 15:19 15:21 16:5 16:13 17:2 22:17 33:7 43:7 44:25 | |
| **responding**(3) 10:4 12:1 13:13 | |
| **responds**(1) 39:16 | |
| **response**(9) 10:21 10:23 10:25 13:17 15:23 20:18 33:6 34:11 34:13 | |
| **responses**(1) 46:14 | |
| **responsibility**(1) 40:10 | |
| **responsive**(2) 37:22 46:4 | |
| **restrict**(1) 17:25 | |
| **result**(5) 13:10 13:18 13:19 33:21 37:2 | |
| **richards**(1) 2:4 | |
| **rid**(1) 22:5 | |
| **riela**(1) 5:9 | |
| **right**(18) 6:13 15:5 15:7 16:17 19:9 20:13 25:19 27:14 28:18 35:4 35:24 38:16 39:20 40:22 42:18 43:4 44:23 45:8 | |
| **rightly**(1) 39:25 | |
| **rights**(7) 21:5 24:10 41:12 42:12 45:10 45:12 45:22 | |
| **road**(1) 25:4 | |
| **robin**(1) 3:28 | |
| **roland**(1) 5:39 | |
| **rolling**(2) 10:9 18:12 | |
| **room**(5) 17:20 18:4 18:16 18:17 18:21 | |
| **rooney**(1) 4:36 | |
| **rosenberg**(14) 5:39 5:40 13:23 13:24 19:11 19:11 20:10 22:16 22:18 22:19 40:23 40:25 41:1 42:1 | |
| **rosenman**(1) 4:16 | |

| Word | Page:Line |
| --- | --- |
| **rosenthal**(25) 1:30  7:12  7:15  7:24  8:2  8:3  11:11  17:1  17:2  18:1  18:15  18:18  20:20  22:7  27:15  27:19  30:20  30:20  31:23  35:4  35:14  35:20  35:25  38:19  38:25 | |
| **rothstein**(1) 5:39 | |
| **roughly**(1) 19:1 | |
| **round**(2) 10:25  43:9 | |
| **rounds**(2) 17:15  17:15 | |
| **rule**(2) 23:15  29:24 | |
| **ruled**(3) 31:8  50:7  50:11 | |
| **rules**(11) 28:2  28:2  28:3  28:5  28:7  28:11  29:1  30:18  30:22  31:17  34:3 | |
| **rulings**(2) 29:12  37:4 | |
| **running**(1) 29:4 | |
| **ryan**(1) 4:46 | |
| **sadly**(1) 37:4 | |
| **safer**(1) 25:4 | |
| **safety**(1) 10:23 | |
| **said**(5) 9:20  22:15  30:23  32:6  45:22 | |
| **same**(5) 22:25  25:5  30:23  45:9  45:12 | |
| **samis**(1) 2:5 | |
| **say**(8) 7:1  9:25  11:8  9:16  19:25  23:18  25:4  47:12 | |
| **saying**(5) 8:8  17:21  18:1  21:19  27:23 | |
| **says**(4) 10:24  21:14  21:24  30:10 | |
| **scheduled**(6) 9:23  25:8  38:1  39:6  45:15  49:15 | |
| **scheduled**(2) 34:5  41:22 | |
| **schedules**(1) 48:12 | |
| **scheduling**(1) 8:5 | |
| **schuylkill**(1) 1:39 | |
| **schweitzer**(7) 1:31  6:11  18:19  18:20  19:10  44:24  44:25 | |
| **schwill**(1) 3:28 | |
| **scott**(3) 3:35  4:9  34:16 | |
| **scripted**(1) 33:22 | |
| **search**(7) 10:11  10:12  10:13  10:13  10:18  37:15  37:21 | |
| **searching**(1) 10:12 | |
| **second**(6) 20:20  38:19  39:7  39:19  41:15  43:16 | |
| **secondarily**(1) 15:25 | |
| **secondary**(1) 17:25 | |
| **secret**(1) 35:1 | |
| **section**(5) 31:25  33:5  33:16  40:14  43:22 | |
| **sections**(1) 43:20 | |
| **security**(1) 43:21 | |
| **see**(8) 6:23  7:3  8:14  8:20  17:17  20:7  28:16  39:2 | |
| **seeking**(3) 39:25  40:7  40:10 | |
| **seems**(1) 40:16 | |
| **seen**(1) 19:20 | |
| **selinda**(1) 3:16 | |
| **sending**(1) 37:2 | |
| **sense**(4) 10:15  14:23  35:8  35:9 | |
| **sensible**(1) 36:22 | |
| **sentence**(1) 40:14 | |
| **separate**(7) 22:23  25:7  26:4  26:13  26:25  49:16  49:18 | |
| **separated**(2) 26:19  26:20 | |
| **separately**(1) 23:5 | |
| **serve**(5) 10:2  10:3  10:16  10:16  10:25  27:1 | |
| **service**(2) 1:37  1:44 | |
| **services**(2) 1:37  50:26 | |
| **serving**(1) 38:7 | |
| **session**(3) 19:13  38:10  41:13 | |
| **sessions**(1) 37:25 | |
| **set**(8) 12:15  17:18  18:21  33:5  38:1  38:12  38:22  39:21 | |

| Word | Page:Line |
| --- | --- |
| **sets**(2) 37:7  47:25 | |
| **setting**(2) 7:9  41:9 | |
| **settle**(1) 19:5 | |
| **settled**(2) 6:11  19:1 | |
| **setup**(1) 19:14 | |
| **seven**(2) 14:8  43:8 | |
| **several**(1) 19:1 | |
| **shaped**(1) 39:2 | |
| **shepell**(1) 4:21 | |
| **short**(3) 31:21  32:11  35:16 | |
| **shorter**(1) 16:9 | |
| **shorthand**(1) 41:5 | |
| **shotgun**(1) 25:6 | |
| **should**(26) 8:21  12:24  15:10  16:18  17:19  18:6  18:8  22:4  22:23  25:13  27:4  32:20  37:12  38:10  38:11  39:8  39:10  39:25  40:9  40:10  42:17  43:24  44:8  44:15  44:17  44:20 | |
| **shouldn't**(1) 22:21 | |
| **shouldn't**(1) 44:19 | |
| **show**(1) 17:17 | |
| **side**(1) 45:1 | |
| **sierra**(1) 41:19 | |
| **sign**(1) 48:22 | |
| **significant**(3) 21:7  31:3  36:7 | |
| **similar**(1) 24:6 | |
| **simply**(3) 14:13  14:24  47:12 | |
| **simultaneously**(1) 39:15 | |
| **since**(3) 8:12  17:7  41:7 | |
| **sink**(3) 13:11  17:5  18:7 | |
| **sir**(1) 42:23 | |
| **sit**(1) 39:11 | |
| **situation**(2) 29:9  32:15 | |
| **situations**(1) 32:20 | |
| **smith**(1) 3:40 | |
| **solid**(1) 35:17 | |
| **some**(17) 8:6  8:14  10:21  15:11  16:23  20:15  29:21  29:24  30:15  32:1  33:19  33:25  37:2  37:3  42:2  46:3  46:5 | |
| **somebody**(1) 12:12 | |
| **someone's**(1) 47:23 | |
| **something**(9) 8:6  10:22  11:20  13:7  26:24  30:3  30:10  30:12  31:5 | |
| **soon**(3) 14:5  38:6  38:7 | |
| **sorry**(2) 34:21  38:14 | |
| **sort**(3) 11:2  35:1  47:22 | |
| **sound**(2) 1:43  50:19 | |
| **speak**(1) 9:24 | |
| **speaking**(2) 15:16  31:7 | |
| **speaks**(1) 24:3 | |
| **specific**(4) 31:12  33:2  38:12  38:17 | |
| **specifically**(1) 49:13 | |
| **spell**(1) 33:9 | |
| **spend**(2) 8:23  25:8 | |
| **spent**(1) 34:1 | |
| **spirit**(1) 14:22 | |
| **squabble**(1) 19:13 | |
| **stage**(3) 16:7  22:24  23:1 | |
| **stakeholders**(1) 24:1 | |
| **stam**(1) 5:21 | |
| **standard**(2) 29:20  31:18 | |
| **standing**(10) 42:25  43:16  43:21  45:19  45:20  48:17  49:9  49:11  49:16  50:10 | |
| **stang**(1) 4:32 | |
| **stargatt**(3) 3:23  3:31  4:12 | |
| **starke**(1) 5:17 | |
| **start**(17) 7:9  8:8  9:8  9:9  9:23  10:11  10:18  11:8  11:22  12:1  12:2  12:7  18:13  20:17  36:9  37:23  46:10 | |
| **starting**(1) 11:19 | |
| **starts**(1) 16:3 | |
| **statement**(1) 49:20 | |
| **statements**(2) 17:11  17:16 | |

| Word | Page:Line |
| --- | --- |
| **states**(7) 1:1  1:19  29:2  29:10  30:25  33:11  42:7 | |
| **status**(1) 26:3 | |
| **statutory**(3) 23:15  43:16  43:19 | |
| **steen**(1) 1:27 | |
| **stephen**(1) 4:29 | |
| **steps**(3) 32:9  33:5  35:17 | |
| **stevens**(1) 5:13 | |
| **stick**(1) 33:3 | |
| **stop**(2) 7:23  35:19 | |
| **stopped**(1) 28:14 | |
| **straining**(1) 47:25 | |
| **strategic**(2) 21:18  21:20 | |
| **strategy**(1) 22:4 | |
| **strauss**(1) 2:8 | |
| **street**(2) 1:11  1:38 | |
| **structure**(1) 21:14 | |
| **stuck**(1) 14:25 | |
| **subcon**(1) 24:16 | |
| **subject**(3) 9:5  34:9  39:19 | |
| **submission**(7) 8:20  14:1  15:4  16:11  39:22  46:6  50:12 | |
| **submissions**(16) 16:22  17:15  22:20  22:21  24:13  38:21  38:23  39:4  39:9  39:12  39:14  39:15  43:10  46:4  47:24  50:6 | |
| **submit**(2) 37:12  38:9 | |
| **submitted**(4) 27:9  37:1  37:8  39:17 | |
| **subpoenas**(1) 46:18 | |
| **substance**(1) 24:20 | |
| **substantial**(1) 26:6 | |
| **such**(4) 31:4  44:9  44:17  44:18 | |
| **suggest**(2) 31:17  35:5 | |
| **suggested**(3) 36:20  39:22  42:6 | |
| **suggestion**(3) 12:17  46:13  47:9 | |
| **suisse**(2) 4:4  4:5 | |
| **superseding**(1) 45:14 | |
| **supplement**(1) 42:8 | |
| **supplemental**(1) 38:23 | |
| **support**(5) 15:17  27:8  27:10  47:6  50:10 | |
| **supported**(1) 19:16 | |
| **sure**(6) 7:13  18:1  28:13  29:25  43:6  46:21 | |
| **surfaced**(1) 24:14 | |
| **surprised**(1) 17:4 | |
| **tab**(1) 41:5 | |
| **table**(1) 33:25 | |
| **take**(11) 11:9  12:13  12:20  24:18  24:20  26:7  27:7  28:6  33:22  36:1  36:7 | |
| **taken**(2) 20:8  20:10 | |
| **taking**(2) 15:12  32:8 | |
| **talk**(2) 36:12  37:10 | |
| **talking**(2) 7:4  34:2 | |
| **tammy**(1) 50:25 | |
| **tandem**(1) 38:6 | |
| **targeted**(1) 17:9 | |
| **taylor**(3) 3:23  3:31  4:12 | |
| **technically**(1) 14:21 | |
| **telephones**(1) 35:6 | |
| **telephonic**(6) 1:17  1:21  2:1  3:1  4:1  5:1 | |
| **tell**(2) 30:9  46:20 | |
| **terms**(3) 13:12  14:15  19:1  24:8  28:12 | |
| **testimony**(7) 40:1  40:2  40:6  40:7  40:11  40:13  40:18 | |
| **tetrault**(1) 4:20 | |
| **than**(8) 8:16  18:11  21:15  23:9  26:25  32:6  32:18  38:9 | |
| **thank**(22) 6:18  7:6  8:4  15:1  15:8  17:1  22:7  22:18  25:17  25:25  27:10  27:12  27:13  27:19  31:23  35:14  40:22  41:23  42:19  42:20  44:23  50:14 | |
| **thanking**(1) 7:9 | |

| Word | Page:Line |
| --- | --- |
| **that**(301) 7:4  7:20  7:22  7:24  8:6  8:6  8:7  8:12  8:15  8:18  8:21  9:2  9:4  9:5  9:7  9:10  9:18  9:18  9:19  9:25  9:25  10:2  10:3  10:5  10:9  10:10  10:11  10:22  10:22  10:24  10:24  11:3  11:6  11:7  11:15  11:16  11:18  11:18  11:19  11:19  11:20  11:22  11:23  11:24  12:2  12:3  12:6  12:11  12:12  12:14  12:17  12:17  12:19  12:20  12:22  12:24  13:7  13:10  13:10  13:17  14:2  14:3  14:9  14:13  15:9  15:12  15:15  16:2  16:12  16:13  16:14  16:24  17:9  17:11  17:11  17:17  18:2  18:7  18:9  18:15  18:17  19:4  19:15  19:16  19:16  19:17  19:17  19:19  19:25  20:6  20:10  20:21  20:22  20:25  21:1  21:2  21:3  21:13  21:13  21:16  21:19  21:19  21:21  21:21  21:23  21:24  21:25  22:1  22:2  22:2  22:3  22:3  22:5  22:8  22:15  22:22  23:4  23:12  23:12  23:13  24:3  24:4  24:9  24:10  24:22  25:5  25:7  25:12  25:15  26:4  26:5  26:7  26:7  26:9  26:12  26:17  26:25  27:2  27:5  27:5  27:6  27:23  27:23  28:1  28:5  28:7  28:8  28:9  28:11  28:25  29:3  29:5  29:7  29:8  29:8  29:10  29:12  29:12  29:14  29:18  29:22  29:23  29:25  30:1  30:2  30:3  30:4  30:8  30:9  30:10  30:10  30:11  30:12  30:13  30:14  30:15  30:18  30:21  30:23  30:24  31:5  31:7  31:10  31:11  31:13  31:17  31:19  31:24  32:3  32:4  32:4  32:6  33:1  33:3  33:8  33:20  34:2  34:5  34:7  34:8  34:9  34:19  35:1  35:5  35:9  35:10  35:11  35:15  35:25  36:1  36:2  36:3  36:3  36:3  36:4  36:6  36:10  36:12  36:14  36:19  36:20  36:21  36:22  36:24  37:1  37:3  37:5  37:5  37:7  37:8  37:10  37:12  37:12  37:13  37:16  37:23  38:3  38:5  38:5  38:9  38:9  38:13  38:14  38:16  38:21  38:23  38:23  39:1  39:3  39:10  39:17  39:18  39:19  39:21  39:24  39:25  40:3  40:3  40:5  40:14  40:16  40:17  40:19  40:20  41:2  41:11  41:14  41:20  42:2  42:3  42:4  42:5  42:7  42:10  42:16  42:16  42:24  43:3  43:6  43:8  43:12  43:12  43:12  44:8  44:9  44:11  44:13  44:15  44:17  44:19  45:1  45:1  45:4  45:8  45:14  45:15  45:21  45:22  45:23  46:4 | |
| **that**(48) 46:8  46:15  46:20  46:20  46:21  46:21  46:22  46:23  47:3  47:6  47:7  47:12  47:16  47:22  47:22  47:23  47:25  48:2  48:3  48:5  48:7  48:7  48:8  48:11  48:13  48:13  48:18  48:19  48:23  48:25  49:1  49:1  49:3  49:4  49:14  49:17  49:20  49:20  49:22  49:24  50:5  50:5  50:7  50:7  50:8  50:12  50:13  50:18 | |
| **that's**(8) 6:13  11:8  14:8  16:7  16:14  16:21  20:3  29:25 | |
| **that's**(18) 31:9  32:4  32:18  32:25  34:25  35:3  36:21  36:25  37:1  37:12  37:15  37:18  38:15  39:16  39:20  40:11  42:25  49:22 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the**(301) 1:1 1:2 1:18 2:4 6:2 6:3 6:7 6:9 6:12 6:13 6:14 6:16 6:18 6:20 6:22 6:23 6:25 7:1 7:2 7:3 7:4 7:7 7:7 7:10 7:10 7:12 7:13 7:16 7:18 7:21 7:21 7:22 8:1 8:4 8:5 8:7 8:11 8:16 8:16 8:16 8:18 8:19 9:3 8:24 9:1 9:5 9:7 9:8 9:10 9:11 9:12 9:12 9:14 9:15 9:16 9:17 9:18 9:20 9:22 9:22 9:23 9:23 9:23 9:24 10:1 10:3 10:8 10:15 10:16 10:23 10:23 10:24 11:1 11:8 11:9 11:11 11:12 11:14 11:15 11:15 11:16 11:18 11:22 12:4 12:4 12:4 12:9 12:10 12:12 12:15 12:17 12:18 12:24 12:25 13:1 13:6 13:7 13:7 13:10 13:12 13:15 13:18 13:21 13:22 13:24 13:25 14:2 14:3 14:9 14:11 14:14 14:14 14:16 14:16 14:18 14:18 14:20 14:21 14:22 14:23 15:5 15:7 15:9 15:9 15:12 15:12 15:15 15:16 15:17 15:17 15:18 15:19 15:19 15:21 15:23 15:23 16:1 16:1 16:2 16:2 16:3 16:4 16:4 16:6 16:7 16:7 16:8 16:12 16:13 16:13 16:14 16:16 16:18 16:19 16:19 16:21 16:22 16:24 16:24 16:25 17:5 17:6 17:7 17:11 17:12 17:13 17:14 17:17 17:17 17:18 17:20 17:21 17:22 17:23 18:2 18:9 18:10 18:10 18:11 18:12 18:14 18:16 18:20 18:20 18:22 18:22 18:23 18:24 18:24 18:24 18:25 19:1 19:4 19:4 19:5 19:6 19:8 19:9 19:12 19:13 19:16 19:18 19:19 19:19 19:21 20:2 20:5 20:8 20:13 20:13 20:14 20:16 20:17 20:20 20:21 20:22 20:24 20:25 21:2 21:3 21:4 21:5 21:6 21:6 21:7 21:8 21:9 21:9 21:10 21:11 21:13 21:14 21:16 21:17 21:20 21:21 21:21 21:24 22:1 22:4 22:5 22:5 22:6 22:9 22:11 22:12 22:12 22:13 22:13 22:19 22:19 22:19 22:22 22:22 22:24 22:24 22:25 22:25 23:4 23:4 23:5 23:7 23:12 23:13 23:14 23:14 23:15 23:17 23:17 23:19 23:20 23:21 23:22 23:22 23:23 24:2 24:5 24:5 24:9 24:10 24:10 24:12 24:12 24:13 24:14 24:14 24:17 24:18 24:20 24:21 25:1 25:4 25:4 25:5 25:16

**the**(301) 25:17 25:17 25:19 25:19 25:22 25:25 26:2 26:5 26:8 26:8 26:9 26:15 26:16 26:16 26:20 26:23 27:2 27:3 27:4 27:6 27:8 27:8 27:12 27:14 27:15 27:16 27:18 27:19 27:20 27:20 27:20 28:2 28:2 28:3 28:3 28:5 28:7 28:11 28:13 28:16 28:17 28:18 28:19 28:20 28:21 28:23 29:1 29:1 29:3 29:5 29:6 29:7 29:10 29:11 29:18 29:19 29:20 30:9 30:12 30:15 30:16 30:17 30:18 30:18 30:22 30:23 30:23 30:25 30:25 31:2 31:2 31:3 31:9 31:9 31:11 31:11 31:16 31:17 31:18 31:24 31:25 32:1 32:1 32:3 32:5 32:7 32:9 32:9 32:12 32:14 32:16 32:16 32:22 32:23 32:24 33:4 33:4 33:11 33:11 33:12 33:15 34:13 34:16 33:19 33:20 33:24 33:25 34:1 34:5 34:5 34:6 34:6 34:7 34:8 34:9 34:9 34:12 34:14 34:15 34:15 34:16 34:17 34:17 34:19 34:19 34:21 34:22 35:8 35:9 35:9 35:9 35:15 35:18 35:21 35:24 36:1 36:6 36:7 36:7 36:8 36:9 36:9 36:11 36:16 36:14 36:16 36:17 36:20 36:23 36:25 37:1 37:7 37:7 37:10 37:11 37:12 37:14 37:15 37:16 37:20 37:21 37:23 37:23 37:24 38:1 38:2 38:2 38:3 38:7 38:8 38:12 38:13 38:15 38:15 38:18 38:19 38:20 38:20 38:21 38:22 38:24 38:25 39:1 39:2 39:4 39:5 39:6 39:8 39:11 39:13 39:13 39:14 39:14 39:15 39:16 39:17 39:17 39:18 39:19 39:20 39:21 39:22 39:24 40:4 40:8 40:10 40:10 40:18 40:20 40:22 40:24 40:25 41:1 41:2 41:3 41:4 41:9 41:10 41:10 41:15 41:15 41:16 41:18 41:18 41:22 41:25 42:5 42:5 42:6 42:8 42:9 42:10 42:11 42:11 42:12 42:13 42:16 42:16 42:18 42:20 42:22 42:23 42:25 42:25 43:1 43:2 43:2 43:4 43:6 43:7 43:9 43:9 43:13 43:16 43:16 43:16 43:17 43:17 43:18 43:18 43:18 43:19 43:20 43:23 43:24 44:1 44:2 44:4 44:7 44:9 44:10 44:11 44:12 44:13 44:15 44:16 44:18 44:20 44:21 44:21 44:22 44:23 44:25 45:1 45:2 45:4 45:4 45:5 45:5 45:6 45:6

**the**(130) 45:7 45:8 45:8 45:9 45:9 45:9 45:10 45:10 45:11 45:12 45:12 45:13 45:14 45:16 45:16 45:17 45:19 45:19 45:23 45:24 46:1 46:3 46:3 46:4 46:5 46:6 46:6 46:6 46:7 46:8 46:9 46:10 46:11 46:12 46:13 46:15 46:16 46:16 46:17 46:18 46:19 46:21 46:22 46:23 47:6 47:7 47:7 47:8 47:10 47:10 47:11 47:13 47:15 47:15 47:18 47:19 47:19 47:20 47:22 47:23 47:24 47:25 48:1 48:1 48:1 48:2 48:3 48:4 48:4 48:4 48:5 48:6 48:6 48:7 48:9 48:11 48:11 48:12 48:12 48:13 48:13 48:16 48:17 48:19 48:19 48:20 48:22 49:2 49:4 49:6 49:8 49:9 49:10 49:10 49:11 49:14 49:14 49:15 49:16 49:16 49:17 49:18 49:20 49:22 49:23 49:23 49:24 49:25 50:1 50:1 50:2 50:3 50:3 50:4 50:5 50:5 50:8 50:8 50:10 50:10 50:15 50:16 50:18 50:19 50:19 50:20

**their**(15) 6:11 12:2 12:5 12:14 13:17 14:13 15:11 17:13 18:5 21:10 21:11 24:13 26:18 44:14 46:20

**theirs**(2) 10:16 21:22
**them**(17) 10:4 10:15 12:22 12:23 12:23 14:7 17:17 17:18 19:8 20:24 22:21 24:13 27:7 29:16 33:12 36:5 47:17

**themselves**(3) 12:22 43:17 44:9
**then**(12) 8:16 12:6 13:6 18:3 22:1 23:2 23:5 36:5 37:17 39:8 39:16 39:23

**theoretical**(2) 22:3 29:14

**theory**(2) 13:25 44:14
**there**(46) 6:25 7:1 8:25 9:2 10:22 14:2 18:6 19:7 19:15 19:20 19:23 20:1 20:3 21:20 22:12 24:2 25:15 26:22 28:1 28:4 29:11 30:13 30:15 31:4 31:20 32:10 33:6 34:24 35:1 35:22 36:1 37:9 37:19 39:17 42:1 41:7 41:21 42:2 42:3 42:12 43:15 44:19 44:20 47:9 47:14 48:8

**there's**(9) 7:18 18:3 21:4 23:6 25:7 27:5 30:14

**therefore**(2) 8:22 21:8
**there's**(8) 33:2 36:12 37:13 39:21 41:18 42:24 43:15 45:21

**these**(14) 6:8 12:19 13:13 14:15 15:13 17:7 17:8 17:11 18:7 29:5 29:25 30:19 42:15 44:16
**they**(33) 6:11 10:3 10:22 11:18 11:24 11:24 13:25 13:22 13:22 15:14 17:9 18:4 19:19 21:6 21:18 22:1 24:11 24:19 24:20 27:2 29:16 31:21 33:18 33:22 33:23 39:10 39:15 39:18 40:19 46:25 47:16 48:20 48:25

**they're**(6) 6:9 14:7 24:11 26:24 27:1
**they're**(2) 34:14 36:6
**they've**(1) 32:22
**thing**(4) 9:1 27:19 29:5 31:4
**things**(8) 11:3 29:25 31:18 31:21 36:8 36:8 38:20 43:24

**think**(75) 6:3 6:23 7:21 8:8 8:24 9:18 9:24 10:10 11:4 11:11 11:12 11:19 11:25 13:9 13:10 13:15 13:18 15:13 15:22 16:11 16:24 17:13 17:20 18:6 18:7 20:10 20:22 21:9 21:19 22:3 22:18 25:19 26:11 27:2 32:3 32:4 32:9 33:10 35:4 35:10 35:25 36:4 36:4 36:6 36:10 36:21 37:13 37:18 37:20 38:5 38:17 38:22 39:7 39:10 39:20 40:8 40:19 42:15 43:15 43:23 44:19 45:1 45:3 45:21 46:5 46:7 46:7 46:8 48:13

**thinking**(1) 6:8
**third**(5) 27:16 27:19 28:11 43:17 46:17
**third-party**(2) 36:13 46:18
**thirdly**(1) 44:15
**this**(75) 6:10 7:3 7:6 7:9 8:23 11:12 12:18 13:16 13:24 14:1 14:2 14:4 14:24 15:13 15:17 16:19 17:8 17:8 17:15 18:15 18:15 18:16 19:2 19:11 19:12 19:23 20:6 20:12 20:14 21:14 21:19 22:16 22:17 29:24 24:16 25:8 25:13 25:21 25:23 26:1 27:9 28:22 29:8 29:13 29:17 31:1 32:1 33:8 33:8 33:13 34:24 35:8 35:12 37:2 37:4 38:6 38:25 39:11 41:4 41:6 42:4 42:7 42:15 46:24 47:13 48:9 48:17 45:3 45:13 46:24 47:13 48:9 48:17

**thomas**(1) 2:21
**thornton**(1) 49:7
**those**(46) 8:24 9:14 11:1 11:17 11:23 11:24 12:2 12:8 12:14 12:21 12:25 13:1 13:12 13:20 14:12 16:9 19:21 21:1 21:2 21:3 26:22 27:7 28:25 30:16 33:21 34:1 35:17 36:10 37:10 37:17 37:21 38:2 39:5 39:14 40:8 40:19 40:24 42:13 43:23 43:24 44:19 45:22 47:3 47:15 48:10 49:3

**thought**(3) 9:10 17:5 20:21
**three**(8) 9:14 10:13 17:3 20:25 36:8 41:23 43:15 44:19
**through**(5) 10:18 12:23 17:14 24:21 26:13 34:25 37:11 46:9

**throw**(1) 22:4
**throwing**(1) 22:11
**ties**(1) 41:6

**tight**(1) 15:20
**tighter**(1) 15:22
**time**(32) 7:23 8:4 8:5 8:12 8:23 10:5 10:17 12:19 12:20 12:21 15:9 15:11 15:15 15:23 15:25 16:1 16:5 16:6 16:14 16:24 25:13 31:20 33:20 34:1 34:7 36:7 39:11 41:2 43:7 46:3 46:16 50:14

**times**(1) 16:9
**timetable**(6) 15:18 15:21 16:4 42:6 42:7 50:8

**timetabling**(1) 30:4
**titanic**(1) 22:13
**today**(12) 8:4 8:20 10:12 14:7 19:21 25:4 37:10 41:10 41:11 41:14 48:15 48:23

**together**(4) 24:23 25:9 25:10 25:11
**told**(3) 7:22 32:23 32:24
**tomorrow**(1) 14:5
**top**(2) 24:5 24:7
**toronto**(2) 13:24 14:4
**tory's**(2) 5:12 5:13
**torys**(3) 4:8 34:22 34:22
**totality**(1) 12:4
**track**(1) 43:8
**tracy**(1) 3:37
**transcriber**(1) 50:25
**transcript**(3) 1:17 1:44 50:19
**transcription**(2) 1:37 1:44
**treat**(2) 23:4 25:5
**trial**(9) 14:22 17:8 22:25 23:2 39:12 39:13 47:8 47:9 47:11

**tried**(5) 19:15 31:11 39:3 39:10 39:10
**troves**(1) 37:19
**true**(1) 20:2
**trust**(3) 3:5 4:17 4:25 23:21
**try**(6) 8:9 8:13 33:19 36:24 46:10 47:17
**trying**(1) 30:1
**tunnell**(1) 1:22
**turn**(6) 9:3 9:21 19:12 33:23 36:2 36:15
**turned**(1) 32:23
**tweed**(2) 2:18 25:22
**two**(16) 9:15 10:16 10:19 11:6 11:7 18:10 21:7 32:22 36:8 36:11 36:11 37:7 41:2 41:22 41:23 43:24

**two-week**(1) 10:9
**tyler**(1) 4:24
**type**(1) 15:10
**types**(2) 29:16 30:6
**typically**(3) 7:15 31:6 33:14
**u.k**(4) 40:4 45:7 49:8 50:10
**u.s**(52) 7:7 7:13 9:12 14:20 15:17 16:7 19:16 21:2 21:8 21:10 21:12 21:17 22:25 23:20 26:9 26:20 27:8 28:2 30:23 32:10 34:12 34:19 34:25 36:23 37:11 37:14 37:21 37:24 39:17 40:10 40:15 42:9 43:2 43:19 44:2 44:10 44:11 44:25 45:5 45:8 45:9 46:8 47:12 48:2 49:14 49:14 49:20 49:23 50:3 50:4 50:6 50:9

**ucc**(2) 24:12 50:5
**ultimate**(1) 21:21
**unable**(1) 8:18
**under**(12) 11:21 13:16 20:4 28:2 28:7 28:17 29:1 30:2 33:11 30:12 40:12 42:12 47:1

**underscores**(1) 17:21
**understand**(12) 14:4 14:14 21:16 26:2 26:23 28:25 29:10 29:18 31:10 32:12 33:12 42:24
**understanding**(3) 18:25 20:3 35:17
**understands**(1) 34:5
**understood**(2) 50:11 50:11
**undue**(1) 26:10
**unexpected**(2) 30:11 30:14
**unfamiliar**(1) 17:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **unfettered**(1) 27:1 | | **well-defined**(1) 28:4 | | **witnesses**(6) 24:25 26:15 40:1 40:7 40:8 | |
| **unique**(2) 26:3 44:5 | | **went**(1) 19:16 | | 40:18 | |
| **united**(6) 1:1 1:19 29:1 29:10 30:25 33:11 | | **were**(10) 8:15 8:15 8:18 17:6 19:17 28:22 | | | |
| **unknown**(2) 34:16 34:22 | | 36:4 42:2 46:4 46:21 | | **won't**(2) 15:14 15:14 | |
| **unless**(2) 31:13 31:14 | | | | **wonderful**(2) 6:18 6:24 | |
| **unnecessarily**(1) 16:10 | | **weren't**(1) 48:22 | | **word**(1) 35:9 | |
| **unrealistically**(1) 15:22 | | **we'll**(1) 41:11 | | **words**(1) 25:6 | |
| **unsecured**(3) 42:1 45:9 45:10 | | **we're**(6) 32:10 32:25 37:9 40:7 41:15 | | **work**(4) 13:12 24:21 25:9 25:10 | |
| **until**(3) 12:6 31:8 49:3 | | **we've**(8) 31:11 32:22 32:24 37:24 41:10 | | **worked**(1) 36:23 | |
| **upfront**(1) 10:16 | | 44:17 45:1 50:15 | | **working**(4) 8:9 15:11 17:7 19:5 | |
| **upon**(3) 26:21 31:8 32:5 | | | | **works**(1) 38:6 | |
| **use**(5) 18:11 23:8 35:6 35:9 40:13 | | **what**(49) 10:11 10:14 10:21 11:24 12:11 | | **would**(46) 6:25 8:8 9:2 9:7 11:1 11:9 | |
| **utilize**(1) 33:20 | | 12:13 12:15 13:5 14:14 14:14 16:7 17:20 | | 11:20 12:15 13:5 14:23 14:24 14:24 15:12 | |
| **vague**(1) 32:25 | | 18:1 20:12 23:3 23:16 24:17 24:19 25:3 | | 17:9 20:11 21:23 26:7 27:8 28:5 28:8 | |
| **valid**(2) 28:7 28:16 | | 26:23 26:23 26:25 27:21 27:22 28:12 | | 28:18 28:23 29:1 33:1 33:3 35:12 35:14 | |
| **valve**(2) 10:23 21:24 | | 28:22 28:23 28:23 29:3 29:18 29:21 30:4 | | 35:17 36:2 36:5 36:20 36:22 37:16 37:20 | |
| **various**(1) 38:21 | | 30:6 32:24 33:3 33:9 33:18 33:23 34:2 | | 38:16 40:5 40:17 40:20 42:9 42:9 43:21 45:13 | |
| **version**(1) 48:1 | | 34:5 35:17 37:18 39:2 39:4 39:9 39:9 | | 45:15 46:21 47:14 47:15 48:24 | |
| **very**(40) 8:15 8:15 8:20 9:25 10:5 10:6 | | 39:11 39:12 48:24 | | | |
| 10:10 13:15 14:25 15:3 15:8 15:20 15:20 | | | | **wrote**(2) 24:14 41:9 | |
| 15:23 17:2 17:5 17:6 20:23 21:4 22:8 | | **what's**(1) 30:4 | | **wunder**(1) 5:29 | |
| 22:24 24:7 28:1 28:11 28:11 31:2 32:24 | | **whatever**(4) 27:1 37:5 37:8 40:12 | | **www.diazdata.com**(1) 1:41 | |
| 32:24 33:4 33:24 36:21 36:23 36:25 38:5 | | **what's**(1) 33:8 | | **wynne**(1) 3:37 | |
| 39:1 39:7 41:1 43:3 43:14 49:24 | | **when**(6) 9:8 9:25 19:2 23:23 25:9 34:2 | | | |
| | | **where**(10) 16:8 18:25 25:2 27:1 29:9 | | **yeah**(1) 17:24 | |
| **view**(4) 12:17 15:24 22:19 23:4 | | 29:11 32:15 32:23 42:6 47:18 | | **year**(2) 19:14 19:22 | |
| **views**(2) 21:25 22:22 | | | | **years**(2) 18:21 19:10 | |
| **vineberg**(1) 3:27 | | **whereupon**(1) 50:16 | | **yes**(20) 6:16 6:25 11:11 14:22 16:25 25:24 | |
| **visited**(1) 45:2 | | **whether**(3) 13:6 18:4 40:11 | | 27:18 31:10 34:21 34:22 34:23 35:18 | |
| **voice**(5) 23:13 24:3 24:3 25:15 25:15 | | **which**(44) 7:14 11:15 11:22 12:7 12:18 | | 35:21 35:22 36:18 42:23 44:4 44:7 50:15 | |
| **voices**(1) 6:8 | | 13:2 13:15 13:22 14:10 20:4 20:13 21:14 | | 50:15 | |
| **voluntarily**(1) 19:7 | | 28:25 29:16 30:22 31:10 31:12 31:25 | | **york**(1) 5:9 | |
| | | 32:20 33:3 33:4 33:14 33:22 34:7 36:10 | | **you**(77) 6:18 7:6 7:9 7:10 7:14 7:15 7:18 | |
| **wadsworth**(1) 5:25 | | 36:19 37:15 38:4 38:19 39:7 39:24 41:18 | | 8:4 8:8 8:15 8:25 10:11 10:12 10:19 10:25 | |
| **wait**(2) 12:5 12:25 | | 43:21 43:22 46:11 46:15 47:14 48:3 49:18 | | 11:5 13:5 13:5 13:18 13:20 15:1 15:8 | |
| **waiting**(2) 6:3 41:15 | | 49:21 49:22 49:25 50:6 50:9 | | 16:2 16:18 16:20 16:23 17:1 19:3 20:9 | |
| **want**(22) 10:2 10:3 11:7 11:25 12:1 12:10 | | | | 22:7 22:16 22:17 22:18 24:17 24:20 24:22 | |
| 19:12 25:6 25:10 27:2 29:21 31:24 32:14 | | **while**(2) 19:8 21:18 | | 25:7 25:15 25:25 26:5 27:10 27:12 27:13 | |
| 32:19 38:24 42:3 43:6 43:7 43:11 48:3 | | **whiteoak**(1) 3:42 | | 27:19 29:11 29:17 30:9 31:1 31:5 31:7 | |
| 48:17 48:25 | | **who**(22) 7:2 11:23 12:2 12:10 12:14 12:21 | | 31:8 31:11 31:13 31:13 31:23 31:24 32:15 | |
| | | 12:25 13:1 13:13 14:12 17:13 19:23 20:1 | | 34:15 34:16 35:14 36:11 36:20 37:6 37:8 | |
| **wanted**(3) 7:9 26:1 41:14 | | 20:12 20:12 23:6 26:2 28:18 38:13 47:4 | | 40:22 41:23 42:19 42:20 43:13 44:13 | |
| **ward**(1) 3:27 | | 49:3 49:22 | | 44:23 46:3 46:5 46:20 49:19 49:21 50:14 | |
| **was**(40) 9:11 13:15 17:8 18:15 18:21 | | | | | |
| 18:21 18:24 19:13 20:6 20:6 20:21 22:21 | | **whose**(1) 40:2 | | **you'd**(1) 27:17 | |
| 23:11 23:11 28:22 30:10 31:25 34:9 36:9 | | **why**(12) 11:11 15:16 16:14 17:21 17:22 | | **you're**(6) 6:19 10:11 17:24 22:8 24:22 | |
| 36:24 38:13 41:5 42:3 45:14 47:23 48:7 | | 30:4 31:10 32:25 33:3 34:8 39:16 43:13 | | 24:25 | |
| 48:7 49:11 49:14 49:19 49:20 49:23 49:24 | | | | | |
| 49:25 49:25 50:4 50:5 50:7 50:8 50:16 | | **wide**(1) 8:20 | | **you've**(1) 7:4 | |
| | | **wider**(1) 22:17 | | **young**(5) 2:39 3:23 3:31 4:12 4:36 | |
| **waste**(1) 14:24 | | **will**(45) 7:2 7:12 7:20 9:9 12:15 12:20 | | **your**(49) 6:6 6:14 7:6 7:13 7:24 8:4 10:11 | |
| **wasted**(1) 12:21 | | 12:21 12:23 13:9 13:14 15:9 15:14 20:10 | | 10:18 15:2 17:1 17:14 18:1 18:18 18:19 | |
| **wasting**(1) 10:17 | | 22:2 24:2 24:17 24:19 25:1 25:8 25:15 | | 19:4 19:11 20:20 22:16 24:4 25:18 25:21 | |
| **water**(2) 22:5 22:12 | | 26:5 28:13 30:15 30:16 31:21 35:11 35:22 | | 25:23 27:10 27:15 30:20 31:24 34:23 | |
| **watkins**(1) 5:8 | | 35:25 37:6 39:3 39:4 39:9 39:10 40:2 | | 34:25 35:3 35:14 35:20 35:25 36:18 36:19 | |
| **wave**(1) 10:19 | | 41:11 41:20 41:21 43:25 43:25 46:24 47:2 | | 37:4 37:6 40:23 40:25 43:11 43:14 43:25 | |
| **way**(11) 7:21 12:3 12:18 13:22 14:12 | | 47:11 48:10 49:1 49:4 | | 43:25 44:24 49:6 49:12 49:13 49:19 50:7 | |
| 16:21 26:13 31:9 31:18 34:7 45:13 | | | | 50:12 | |
| | | **willkie**(1) 3:12 | | **you'll**(1) 44:1 | |
| **we'd**(1) 14:18 | | **wilmington**(3) 1:12 4:17 6:1 | | **you've**(1) 48:19 | |
| **we'll**(4) 12:6 16:22 16:22 20:7 | | **wish**(5) 12:14 12:21 12:25 13:1 40:25 47:4 | | **zelbo**(1) 1:32 | |
| **we're**(12) 6:3 7:3 8:18 14:4 17:4 18:9 | | **wishes**(1) 23:6 | | **ziehl**(1) 4:32 | |
| 21:13 23:22 25:2 25:5 26:20 29:22 | | **with**(96) 8:5 8:6 8:10 8:14 8:15 12:18 | | **zigler**(1) 5:33 | |
| | | 12:23 13:8 14:3 14:6 14:17 14:20 14:25 | | **zloto**(1) 5:37 | |
| **we've**(12) 8:12 8:19 10:21 10:23 17:9 | | 15:11 16:1 16:12 16:14 17:12 17:13 17:20 | | | |
| 19:25 22:8 26:13 27:6 27:9 29:3 29:18 | | 17:23 18:3 18:19 18:20 18:22 19:19 20:5 | | | |
| | | 20:15 21:14 21:22 22:4 22:12 23:6 23:7 | | | |
| **weary**(1) 32:25 | | 25:16 25:17 26:8 26:18 26:20 26:22 27:6 | | | |
| **webb**(1) 4:24 | | 28:25 29:22 30:1 31:17 31:18 31:20 31:21 | | | |
| **wednesday**(2) 6:1 10:8 | | 32:4 32:14 33:3 34:1 34:25 35:13 36:6 | | | |
| **week**(8) 38:11 38:16 39:7 39:20 46:12 | | 36:23 36:23 36:24 37:2 37:3 37:23 37:24 | | | |
| 46:12 46:15 47:13 | | 38:6 38:8 38:20 38:20 38:21 41:10 41:11 | | | |
| | | 41:13 41:14 41:16 41:17 42:10 42:13 43:1 | | | |
| **weeks**(11) 10:16 10:20 11:7 14:16 15:20 | | 43:12 43:12 44:14 45:3 45:5 45:23 46:6 | | | |
| 18:10 19:2 35:19 41:23 41:23 46:17 | | 46:10 46:17 46:25 47:8 47:10 47:15 47:19 | | | |
| | | 47:21 47:24 48:11 48:14 48:20 49:18 | | | |
| **welcome**(1) 6:19 | | | | | |
| **well**(8) 7:6 17:18 19:6 20:9 30:25 37:21 | | **within**(2) 30:3 30:12 | | | |
| 42:9 42:16 | | **without**(4) 10:17 21:19 38:11 48:18 | | | |
| | | **witness**(5) 24:23 24:24 36:14 46:18 46:24 | | | |