**Exhibit B**

**ALLOCATION PROTOCOL**

1. Purpose.  The purpose of this Allocation Protocol is for the U.S. and Canadian Courts to set forth binding procedures for determining the allocation of the Sale Proceeds among the Selling Debtors[1]  ("Allocation," and any hearing regarding same, an "Allocation Protocol Hearing," and any discovery regarding same, "Allocation Protocol Discovery").  Subject to paragraphs 5 and 6 hereof, creditor claims, including but not limited to intercompany claims by and between any Nortel entities, their representatives or successors ("Intercompany Claims") are not governed by this Allocation Protocol.  All Intercompany Claims between the U.S. Debtors and Canadian Debtors shall be determined in accordance with the Cross-Border Protocol and the Cross-Border Claims Protocol.  All other Intercompany Claims shall be determined in accordance with the claims reconciliation process established by the Nortel entity against which any Intercompany Claim is made.

2. Participants.  Each of the Selling Debtors, the Committee, the Bondholder Group, the Monitor, the Joint Administrators, the French Liquidator, the CCC, the Indenture Trustees, the UK Pension Claimants, and the Directors and Officers and such other parties as the U.S. Court and the Canadian Court may direct (collectively, the "Core Parties," and each individually, a "Core Party") and their authorized representatives shall have the right to participate fully in (a) any and all Allocation Protocol Hearings before the U.S. and Canadian Courts arising under or relating to this Allocation Protocol, and (b) any and all Allocation Protocol Discovery conducted in connection therewith.  The foregoing is without prejudice to (x) the right of any other party in interest to file written submissions in support of or in opposition to any theory of allocation advanced at any Allocation Protocol Hearing before the U.S. and Canadian Courts or request permission to become a Core Party and fully participate in the foregoing, which request shall be made by motion on notice to the Core Parties for cause shown to both the U.S. and Canadian Courts, or (y) the power of the U.S. and Canadian Courts to adopt procedures to manage the Allocation Protocol Hearings and related proceedings.

3. Cross-Border Protocol.  Any and all Allocation Protocol Hearings shall proceed in accordance with the Cross-Border Protocol, unless otherwise ordered by the U.S. and Canadian Courts.

4. Procedures.  The U.S. and Canadian Courts will determine the procedures that will govern the Allocation Protocol Hearings and related Allocation Protocol Discovery. After hearing the procedural submissions of the Core Parties and taking into account the discovery already conducted to date in connection with the non-binding mediation sessions, the Allocation Protocol Discovery and Allocation Protocol Hearings shall proceed in an expeditious manner.

   a. Pleadings.  The Core Parties will exchange pleadings, which they shall be entitled to amend, from time to time, in accordance with the usual practice of the U.S. and

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in Appendix A.

Canadian Courts.  There shall be no restriction on the ability of any Core Party to advance or oppose any theory of allocation.

b.  <u>Fact Discovery</u>.  The U.S. and Canadian Courts will facilitate the Core Parties' exchange of fact discovery by determining the following:

   i.  the deadline for, and acceptable manners of service of, reasonable requests for the production of non-privileged documents on any other Core Party;

   ii.  the deadline for objections to any Core Party's document requests;

   iii.  the deadline for identification of fact witnesses and number of fact witnesses allowed;

   iv.  the process for compelling attendance of fact witnesses at depositions; and

   v.  the deadline for completion of depositions, the number of depositions permitted, and the location of and time allowed for such depositions for each Core Party.

c.  <u>Experts</u>.  The U.S. and Canadian Courts shall facilitate expert discovery by determining the following:

   i.  the deadline for and format of expert reports (including exhibits);

   ii.  the deadline for and format of rebuttal expert reports (including exhibits); and

   iii.  the deadline for completion of expert depositions and the time allowed for such expert deposition.

d.  <u>Joint Conferences</u>.  The U.S. and Canadian Courts shall be available for joint conferences to resolve any discovery disputes among the Core Parties and to receive updates as to the status of the proceedings.  The U.S. and Canadian courts will determine when joint conferences may be set.

e.  <u>Joint Hearings</u>.  The U.S. and Canadian Courts shall have joint hearings on the merits.  The U.S. and Canadian Courts shall determine:

   i.  the rules governing the joint hearing on the merits;

   ii.  the date(s) for an evidentiary hearing on the merits (after the close of fact and expert discovery and after the completion of written submissions) and the rules governing such hearing, during which opening and closing statements shall be made and cross-examination and redirect examination of fact and expert witnesses shall take place; and

   iii.  the procedure for requesting or setting joint conferences as necessary to resolve any discovery disputes among the Core Parties or to receive updates to the status of the proceedings.

    f.   <u>Written Submissions</u>.  The U.S. and Canadian Courts will determine:

        i.   the deadline for and format of opening submissions (including exhibits);

        ii.   the deadline for and format of fact affidavits, if any, to accompany the opening submissions, which shall constitute the direct testimony of each fact witness;

        iii.   the deadline for and format of reply submissions (including exhibits); and

        iv.   the deadline for and format of fact affidavits, if any, to accompany the reply submissions.

5.   <u>EMEA Claims</u>.  Certain Intercompany Claims have been made by the EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor and by Nortel Networks AG and Nortel Networks AS against (a) the U.S. Debtors (the "<u>EMEA U.S. Claims</u>"), to which the U.S. Debtors intend to file responsive pleadings, and (b) the Canadian Debtors and the Directors and Officers (the "<u>EMEA Canadian Claims</u>" (and together with the EMEA U.S. Claims, the "<u>EMEA Claims</u>")).  The Canadian Debtors and the Directors and Officers may file motions with the Canadian Court to dismiss the EMEA Canadian Claims.

6.   <u>UK Pension Claims</u>.  Certain claims have been made by the UK Pension Claimants against (a) the U.S. Debtors (the "<u>UK Pension US Claims</u>"), to which the U.S. Debtors intend to file responsive pleadings, and (b) the Canadian Debtors (the "<u>UK Pension Canadian Claims</u>" (and together with the UK Pension US Claims, the "<u>UK Pension Claims</u>")).  The Canadian Debtors may file motions with the Canadian Court to dismiss the UK Pension Canadian Claims.

7.   <u>Decisions</u>.  The U.S. and Canadian Courts will (a) hold simultaneously (i) the Allocation Protocol Hearings, (ii) hearings before the U.S. Court on the merits of any remaining EMEA U.S. Claims and UK Pension US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining EMEA Canadian Claim and UK Pension Canadian Claims, provided, however, that the U.S. and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only EMEA US Claims and/or UK Pension US Claims or only EMEA Canadian Claims and/or UK Pension Canadian Claims, and (b) issue their respective decisions on (i), (ii) and (iii).  The trial for this matter is scheduled to commence on January 6, 2014.  The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims.

8.   <u>Appeals</u>.  The Core Parties shall have their usual rights of appeal from all interlocutory and final decisions of the U.S. and Canadian Courts.

**Appendix A**

**Bondholder Group**:  The ad hoc group of bondholders that hold claims issued and/or guaranteed by NNC, NNL, NNI, and Nortel Networks Capital Corporation

**Canadian Court**:  Ontario Superior Court of Justice (Commercial List)

**Canadian Debtors**:  Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), and Nortel Networks Global Corporation., Nortel Networks International Corporation and Nortel Networks Technology Corporation

**CCC**:  the ad hoc committee of major creditors having claims only against the Canadian Debtors comprised of: the former and disabled Canadian employees of the Canadian Debtors through their court-appointed representatives (the "Representatives for the Former and Disabled Employees"); the Canadian Auto Workers Union (the "CAW"); Morneau Shepell Ltd. as Administrator of Nortel's Canadian registered pension plans ("Morneau"); Superintendent of Financial Services of Ontario as Administrator of the Pension Benefits Guarantee Fund (the "Ontario Superintendent"); and the court-appointed representatives of the current and transferred employees of the Canadian Debtors ("Nortel Continuing Employee Committee")

**Committee**:  The Official Committee of Unsecured Creditors in the chapter 11 cases of the U.S. Debtors

**Cross-Border Protocol**:  Schedule A to the "Initial Order and Endorsement," entered by Canadian Court on January 14, 2009, as amended by Schedule A to the "Fifth Amended and Restated Initial Order," entered by the Canadian Court on February 15, 2011; and Exhibit B to the "Order Pursuant to 11 U.S.C. §§ 105(a) Approving Cross-Border Court-To-Court Protocol," entered by U.S. Court on January 15, 2009, as amended by Exhibit 1 to the "Order Approving Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al., Amending the Cross-Border Court-to-Court Protocol," entered by the US Court on June 29, 2009

**Cross-Border Claims Protocol**:  Schedule A to the "Order Approving Cross-Border Claims Protocol," entered by Canadian Court on September 16, 2010; and Schedule B to the "Debtors' Motion for Entry of an Order Approving a Cross-Border Protocol on the Resolution of Claims," granted by the U.S. Court on September 16, 2010 pursuant to the "Order Pursuant to 11 U.S.C. §§ 105(a) and 502 Approving a Cross-Border Court-to-Court Claims Protocol"

**Directors and Officers**: Certain individuals as former directors and officers of NNC and/or NNL represented by Osler, Hoskin & Harcourt, LLP

**EMEA Debtors**:  Nortel Networks UK Limited ("NNUK"), Nortel Networks (Ireland) Limited; Nortel Networks S.A. ("NNSA"); Nortel Networks NV; Nortel Networks SpA; Nortel Networks BV; Nortel Networks Polska Sp z.o.o.; Nortel Networks Hispania, SA; Nortel Networks (Austria) GmbH; Nortel Networks s.r.o.; Nortel Networks Engineering Service Kft; Nortel Networks Portugal SA; Nortel Networks Slovensko, s.r.o.; Nortel Networks Romania SRL; Nortel GmbH; Nortel Networks OY; Nortel Networks AB; Nortel Networks International Finance & Holding BV and Nortel Networks France S.A.S. ~~French Liquidator:~~ Cosmé Rogeau, who has been appointed Liquidator for NNSA under French secondary proceedings, ~~and~~ acts jointly with the Joint Administrators with respect to NNSA.

**Indenture Trustees**:  (a) Wilmington Trust, National Association as successor indenture trustee pursuant to a trust indenture dated as of November 30, 1988, in respect of the 6.875% notes issued by Nortel Networks Limited; (b) The Bank of New York Mellon (i) as indenture trustee pursuant to a trust indenture dated as of July 5, 2006 among Nortel Networks Limited, as issuer, and Nortel Networks Corp. and Nortel Networks Inc., as guarantors, and (ii) as indenture trustee pursuant to an indenture dated as of March 28, 2007 among Nortel Networks Corp., as issuer, and Nortel Networks Limited and Nortel Networks Inc., as guarantors; and (c) Law Debenture Trust Company of New York as successor indenture trustee pursuant to a trust indenture dated as of February 15, 1996, in respect of the 7.875% notes issued by Nortel Networks Limited and Nortel Networks Capital Corp. and guaranteed by Nortel Networks Limited.

**Joint Administrators**:  Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson and Stephen John Harris, as the Administrators in the insolvency proceedings pending in the United Kingdom for all EMEA Debtors except Nortel Networks (Ireland) Limited, and Alan Robert Bloom and David Martin Hughes as Administrators for Nortel Networks (Ireland) Limited

**Monitor**:  Ernst & Young Inc., in its capacity as the court-appointed monitor in the proceedings commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, in respect of the Canadian Debtors

**Selling Debtors**:  Canadian Debtors, U.S. Debtors, EMEA Debtors and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited

**UK Pension Claimants**:  The Trustee of the NNUK Pension Plan ("UK Pension Trustee") and the Board of the Pension Protection Fund ("PPF")

**U.S. Court or US Court**:  United States Bankruptcy Court for the District of Delaware

**U.S. Debtors or US Debtors**:   Nortel Networks Inc. ("NNI"), Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.

Document comparison by Workshare Compare on Friday, May 17, 2013 10:42:52 AM

| Input: | |
|---|---|
| Document 1 ID | file://\\NYMYDOCS\MyDocs\mdecker\My Documents\__Working Folder\Nortel\2695495_14(Revised Allocation Protocol)_513filing.doc |
| Description | 2695495_14(Revised Allocation Protocol)_513filing |
| Document 2 ID | interwovenSite://NYWORKSITE/NEWYORK/2695495/15 |
| Description | #2695495v15<NEWYORK> - Allocation Protocol - FINAL (5/17) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 4 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 7 |