# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
                  Debtors. :
: **RE: D.I.s 10510, 10527**
:
----------------------------------------------------------X

## CERTIFICATION OF COUNSEL REGARDING THE
## PROPOSED ORDER ENTERING AN INTERIM PROTECTIVE ORDER

I, Ann C. Cordo, counsel for Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby certify as follows regarding the proposed *Order Entering an Interim Protective Order* (the "Proposed Interim Order"), attached as **Exhibit A** hereto:

1. On May 13, 2013, the U.S. Court and Canadian Court[2] set a joint hearing for May 15, 2013 (the "Hearing") to address discovery planning issues. [D.I. 10510]. In advance of the Hearing, the parties met and conferred regarding a number of discovery issues.

2. On the morning of May 15, 2013, the Canadian Court held a hearing at which the parties discussed certain parties' access to the Merrill Lextranet Dataroom (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed in the Allocation Protocol, attached to the *Certification of Counsel Regarding the Proposed Order Approving Allocation Protocol* [D.I. 10489].

"Dataroom"), which is pending a confidentiality agreement or order of the Courts regarding the use of materials therein.

3. On May 15, 2013, the U.S. Debtors, along with the Committee (together, the "U.S. Interests"), filed the *Joint Notice of Filing of Amended Proposed Litigation Timetable and Discovery Plan* [D.I. 10527] (the "Notice"), which included a copy of a draft protective order that reflected substantial agreement by many of the Core Parties.

4. On the afternoon of May 15, 2013, the Courts held the Hearing and heard, among other things, issues relating to the draft protective order and access to the Dataroom.

5. On the evening of May 15, 2013, the Court notified the parties that the Courts would be entering the proposed Litigation Timetable and Discovery Plan attached to the Notice as Exhibits A and B, respectively. The Litigation Timetable requires that the parties shall aim to reach agreement on a protective order as soon as possible. To the extent that agreement cannot be reached on the terms of a final protective order ("Final Protective Order"), the Litigation Timetable sets May 17 as the deadline for the parties to "file their versions of the Confidentiality Stipulation and Protective Order with the Courts."

6. The Core Parties conferred and agreed upon the Proposed Interim Order, which will allow parties access to the Dataroom and requires material therein to be treated as Highly Confidential information in accordance with the terms of a draft protective order (the "Draft Protective Order," attached as Exhibit 1 to the Proposed Interim Order), pending final determination and entry of a Final Protective Order without prejudice to the parties' position on a Final Protective Order. All Core Parties consent to the entry of the Proposed Interim Order.

7. While the parties were conferring, the Court also notified the parties that, pending the entry of a Final Protective Order, document productions would be for "attorneys' eyes only."

8. On May 16, 2013, certain parties appeared before the Canadian Court to request entry of the Interim Protective Order, notwithstanding the U.S. Court's directive for "attorneys' eyes only" productions pending entry of a protective order. Subsequent to that hearing, the Canadian Court entered an order, attached hereto as **Exhibit B**, requiring all information in the Dataroom be treated Highly Confidential in accordance with the terms of the Draft Protective Order.

9. In addition to requesting entry of the Proposed Order, the U.S. Debtors submit the Draft Protective Order as their proposed version of the Final Protective Order, as required to be submitted by May 17, 2013 in accordance with the Litigation Timetable.

10. The Core Parties have conferred in good faith to reach agreement on a Final Protective Order, and the U.S. Debtors understand that the CCC objects to the Draft Protective Order, as expressed in their May 15, 2013 *Response and Alternative Proposals of the Canadian Creditors Committee Respecting the Timetable and Discovery Plan and the Emergency Motion Submitted by the U.S. Debtors and the UCC* [D.I. 10524], and the Core Parties are conferring regarding another outstanding issue raised by to the UK Pension Claimants.

11. Because the terms of a final protective order directly affect the preparation of document productions, which must begin promptly, the U.S. Debtors ask this Court to coordinate a joint hearing date with the Canadian Court to address outstanding issues with

respect to the Final Protective Order and provide further direction to the Core Parties as appropriate.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order attached hereto as **Exhibit A**, (ii) set a date for a joint hearing with the Canadian Court, and (iii) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 17, 2013<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Howard Zelbo (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Jeffrey A. Rosenthal (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Tamara K. Minott (No. 5643)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |