# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Objection Deadline:  June 6, 2013 @ 4:00 PM** |
|  | ) | **Hearing Date:  Only if Objections Filed** |

**THIRD MONTHLY APPLICATION OF E. MORGAN MAXWELL, III, ESQ., SPECIAL TAX COUNSEL TO THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2013 THROUGH APRIL 30, 2013**

| | |
|---|---|
| Name of Applicant: | E. Morgan Maxwell, III, Esq. |
| Authorized to Provide Professional Services to: | Official Committee of Long Term Disability Participants |
| Date of Retention: | *Nunc Pro Tunc* to February 11, 2013 |
| Period for which compensation and reimbursement is sought: | April 1, 2013 through April 30, 2013 |
| Amount of Compensation sought as actual, reasonable and necessary: | $12,562.50  (80% - $10,050.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $11.00 |

This is a:  __x_ monthly: ____ interim ___ final application

The total time expended for fee application preparation is approximately 2 hours and the corresponding compensation requested is approximately $500.00.

---

[1]    The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

If this is not the first application filed, disclose the following for each prior application:

|  | Fee Application Covered Dates, Date Filed, Doc. No. | Total Fee Request | Total Expense Request | Total Amount of Fees Approved | Total Amount of Expenses Approved |
|---|---|---|---|---|---|
| 1st | 2/11/2013 - 2/28/2013 5/3/2013 Doc. No. 10441 | $1,725.00 | $0.00 | Not yet approved | Not yet approved |
| 2nd | 3/1/2013 – 3/31/2013 5/3/2013 Doc. No. 10445 | $3,625.00 | $0.00 | Not yet approved | Not yet approved |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: June 6, 2013 @ 4:00 PM** |
| | ) | **Hearing Date: Only if Objections Filed** |

## THIRD MONTHLY APPLICATION OF E. MORGAN MAXWELL, III, ESQ., SPECIAL TAX COUNSEL TO THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2013 THROUGH APRIL 30, 2013

E. Morgan Maxwell, III, Esq. ("Maxwell"), counsel to the Official Committee of Long Term Disability Participants (the "LTD Committee") of the above-captioned debtors (the "Debtors"), hereby submits this *Third Monthly Application of E. Morgan Maxwell, III, Special Tax Counsel to the Official Committee of Long Term Disability Participants, for Compensation and Reimbursement of Expenses for the period April 1, 2013 through April 30, 2013* (the "Application"). In support thereof, Maxwell respectfully represents as follows:

### BACKGROUND

1.      On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2.     The Debtors continue to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.     On June 22, 2011, the Court ordered the appointment of the LTD Committee (Docket No. 5790). *See also Amended Notice of Appointment of Unsecured Creditors* (Docket No. 6080).

4.     On August 2, 2011, the LTD Committee was formed and subsequently selected Maxwell as Special Tax Counsel to the committee on February 11, 2013 (the "Retention Date"). *See Order Granting Application of the Official Committee of Long Term Disability Participants for Order Under Bankruptcy Code Section 328(a) Approving the Employment and Retention of E. Morgan Maxwell, III, Esq. as Special Tax Counsel, nunc pro tunc to February 11, 2013* (Docket No. 9961).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper on this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

6.     The statutory bases for relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## TERMS AND CONDITIONS OF COMPENSATION OF MAXWELL

7.     Subject to Court approval, Maxwell seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Maxwell for the period commencing April 1, 2013 through and including April 30, 2013 (the "Application Period"). With the exception of copy charges (which are charged at  lower rate), the rates charged by

Maxwell in this case do not materially differ from the rates charged to Maxwell's non-bankruptcy clients and are lower in many cases.

8.    A summary of the hours Maxwell spent rendering services to the LTD Committee during the Application Period, the regular customary billing rates and the total value of time incurred by Maxwell to the Committee is attached hereto as Exhibit A.  A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "Guidelines"), is attached hereto as Exhibit B.  A statement of expenses incurred by Maxwell during the Application Period is also included in Exhibit C.  All time entries and requested expenses are in compliance with Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").[2]

9.    On February 4, 2009, this Court entered the *Administrative Order Pursuant to U.S.C. §§ 105(A) and 331 Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (the "Interim Compensation Order") (Docket No. 222).  Pursuant to the Interim Compensation Order, Maxwell and other professionals retained in this case are authorized to file and to serve upon the Debtors and the parties identified in the Interim Compensation Order monthly fee applications (the "Monthly Fee Applications") of their fees and expenses.  After the expiration of a twenty (20) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent

---

[2] EG has also attempted to ensure that this Application complies with the Guidelines.  To the extent that the Guidelines conflict with the Local Rules, in particular, Local Rule 2016-2, EG has chosen to comply with such Local Rule. EG will supplement this Application with additional detail or information upon request.

(100%) of the expenses requested in the Monthly Fee Application, unless an objection specifically objects to fees and/or expenses of a professional, or the Court orders otherwise.

10.    In accordance with the Interim Compensation Order, Maxwell has filed and served upon the Notice Parties identified in the Interim Compensation Order this Application with respect to fees and expenses incurred during the Application Period; in the amount of $12,562.50 (80% - $10,050.00) in fees and in the amount of $11.00 in expenses.

11.    All services and costs for which compensation is requested by Maxwell in this Application were reasonable and necessary and were performed for and on behalf of the LTD Committee during the Application Period.

## NARRATIVE SUMMARY OF SERVICES

12.    Maxwell has rendered actual and necessary services on behalf of the LTD Committee and is requesting reasonable compensation for their services for the Application Period.  As noted above, a summary by project category is attached as Exhibit B, as are detailed time entries organized by category and chronology within the categories.

13.    Maxwell has filed with the Court and assisted in preparation of all documents filed on behalf of the LTD Committee.  In his capacity as Special Tax Counsel, Maxwell has assisted the LTD Committee professionals in substantive areas in which he has specific expertise, such as in the area of tax advisory services.

## COMPENSATION REQUESTED

14.    Maxwell expended 14.5 hours during the Application Period in furtherance of his efforts on behalf of the LTD Committee.  Maxwell requests allowance of compensation in the amount of $12,562.50 for legal services rendered during the Application Period at a blended hourly rate of $250.00.  Pursuant to the Interim Compensation Order, Maxwell requests payment

of 80% of the total fees requested in the amount of $10,050.00. None of the requested fees detailed herein have been paid.

## REIMBURSEMENT OF EXPENSES

15.     During the Application Period, Maxwell incurred certain necessary expenses in rendering legal services to the LTD Committee as set forth in Exhibit C. Exhibit C sets forth in summary detail the expenses incurred during the Application Period (copies of invoices from Maxwell's vendors are available for inspection upon request).

16.     Maxwell seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period for the total amount of $11.00.

## LEGAL STANDARD

17.     Section 330(a)(l) of the Bankruptcy Code allows the payment of:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).    Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and cost of comparable services in the non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.*, 19 F.3d 833, 849 (3d Cir, 1994).    Thus, the "baseline rule is for films to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

18.     In accordance with its practices in non-bankruptcy matters, Maxwell has calculated his compensation requested in his Application by applying the standard hourly rates. Maxwell's calculation is based upon hourly rates that are well within the range of rates that are

charged by comparable professionals in similar bankruptcy cases. Accordingly, Maxwell's rates should be determined to be reasonable under Section 330 of the Bankruptcy Code.

19.    Maxwell's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity, accelerated deadlines, aggressive sale schedule, and size of the Debtors' Chapter 11 Bankruptcy cases. Maxwell's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar Chapter 11 cases. Accordingly, Maxwell's fees are reasonable pursuant to Section 330 of the Bankruptcy Code.

20.    Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses. Maxwell's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the LTD Committee. Maxwell has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

21.    Except as permitted by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), no agreement or understanding exists between Maxwell and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the LTD Committee.

22.    Pursuant to the standards set forth in Sections 330 and 331 of the Bankruptcy Code, Maxwell submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

23.     The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints under which Maxwell actually rendered these services.   The considerable challenges of these Bankruptcy Cases have been attended to and managed by Maxwell at all levels, promptly, expertly, and often to the exclusion of the other matters in Maxwell's office.   Maxwell submits, therefore, that its fees and expenses were actually, necessary, reasonable and justified, and should be allowed in full.

**NOTICE AND NO PRIOR APPLICATION**

24.     No trustee or examiner has been appointed in this Chapter 11 case.   Notice and service of this Application has been given to the parties set forth in the Interim Compensation Order.   Pursuant to the Bankruptcy Rule 2002(a)(6), Notice of this Application has also been given to all parties requesting notices.   In light of the nature of the relief requested herein, Maxwell submits that no further or other notice is required.

25.     No previous application for the relief sought herein has been made to this or any other Court.

**VERIFICATION**

26.     I am familiar with the work performed on behalf of the E. Morgan Maxwell III, Esquire.

27.     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.   Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Local Rule.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Maxwell requests that his Application for fees in the amount of $12,562.50 and expenses in the amount of $11.00 be allowed and that if no objections are filed, 80% of the requested fees in the amount of $10,050.00 and 100% of the amount of $11.00 be paid for reimbursement of actual and necessary costs and expenses incurred during the Application Period, and further requests such other and further relief as the Court may deem just and proper.

Dated:  May 17, 2013

*/s/ E. Morgan Maxwell III*
E. Morgan Maxwell III
Attorney at Law
P.O. Box 876
Southeastern, Pennsylvania  19399
Telephone:  (610) 640-9481
Facsimile:  (484) 801-1439
Email:  morganmaxlaw@comcast.net

*Special Tax Counsel to the Official Committee of Long Term Disability Participants*