**EXHIBIT A**

## PROTECTIVE ORDER

**1.    Application of this Protective Order.**

(a)    This Protective Order (the "<u>Protective Order</u>") shall govern the participation of any person, entity or group, including, but not limited to, the Canadian Debtors,[1] EMEA Debtors, US Debtors, Committee, Bondholder Group, Monitor, Joint Administrators, CCC, Indenture Trustees, UK Pension Claimants, and Officers and Directors (the "<u>Parties</u>" and each a "<u>Party</u>") and the Parties' counsel (and, where a Party is a committee or group, counsel to each member), in discovery undertaken in connection with the litigation or arbitration (subject to any Party's right to oppose any request for arbitration on any grounds and/or to oppose the use of any Discovery Material, as defined below, in any such arbitration) of Allocation, the EMEA Claims, and the UK Pension Claims in the US and/or Canadian Court (collectively the "<u>Proceedings</u>"), notwithstanding anything to the contrary previously agreed to or ordered by the United States Bankruptcy Court for the District of Delaware (the "<u>US Court</u>") or the Ontario Superior Court of Justice (Commercial List) (the "<u>Canadian Court</u>" and, together with the US Court, the "<u>Courts</u>"), and subject to approval by both Courts.

(b)    This Protective Order shall govern the Proceedings with respect to the handling of documents, depositions, examinations for discovery, exhibits to depositions or examinations for discovery, affidavits, testimony and any other information produced, given or disclosed by any Party or any non-parties (in each case, a "<u>Producing Party</u>") to any other Party or non-party receiving or viewing such materials(in each case, "<u>Receiving Party</u>"), including through access to a shared dataroom (all such materials and the substance of such materials, hereinafter referred to as "<u>Discovery Material</u>").

**2.    Highly Confidential Discovery Material.**

(a)    Any Producing Party may designate as "Highly Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith meets any of the criteria below, provided that "Highly Confidential" documents and information shall not include:

  (i)    information that is publicly available in substantially the same form in which it was provided;

  (ii)    information that was, is or becomes public knowledge, not in violation of this Protective Order;

  (iii)    information that is voluntarily de-designated by the Producing Party;

  (iv)    information that a Court order has de-designated;

  (v)    information rightfully acquired from an independent source without restrictions as to use; or

---

[1]    Capitalized terms not defined herein shall have the meaning given in the Allocation Protocol.

TOR_LAW\ 8173441\1

  (vi) information that is at any time independently developed by a Party without use of or reliance upon any Discovery Material.

 (b) Subject to these conditions and limitations, any Producing Party may designate as "Highly Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith contains or constitutes:

  (i) personal information that requires the protections provided in this Protective Order, including, but not limited to, social security numbers, information about current or former employee compensation and/or benefits, health information and financial information;

  (ii) information required to be kept confidential pursuant to law or regulation; or

  (iii) information of a commercially sensitive nature subject to a non-disclosure agreement or similar agreement between any Producing Party and a third party;

(all information designated as such, including the document itself as well as the information therein, the "<u>Highly Confidential Discovery Material</u>").

**3. Confidential Discovery Material.**

 (a) Any Producing Party may designate as "Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith meets any of the criteria below, provided that Confidential information shall not include any documents or information as set forth in Section 2(a) hereof.

 (b) Subject to these conditions and limitations, any Producing Party may designate as "Confidential" any Discovery Material, in whole or part, that the Producing Party reasonably believes in good faith contains or constitutes:

  (i) non-public proprietary information about a Party;

  (ii) non-public financial or accounting results or data;

  (iii) tax returns, any tax-related correspondence or agreements with any government, all workpapers, books and records relating to taxes, any tax opinions, records (including accounting records) relating to taxes paid or payable by the parties, all intercompany agreements related to taxes, and all financial and tax records relating to the estate that form part of a parties' general ledger or otherwise constitute accounting records, as well as drafts with respect to any of the foregoing;

  (iv) information subject to a non-disclosure agreement or similar agreement between any Producing Party and a third party; or

   (v) confidential communications offered in mediation or compromise negotiations, including, but not limited to, Discovery Material bearing a designation that it is subject to Federal Rule of Evidence 408;

(all documents or information designated as such, including the document itself as well as the information therein, the "Confidential Discovery Material").

**4.** **Designation of Documents.**

 (a) A Producing Party may designate Discovery Material as Confidential Discovery Material by applying the legend "Confidential" to each page or portion containing any Confidential Discovery Material.

 (b) A Producing Party may designate Discovery Material as Highly Confidential Discovery Material by applying the legend "Highly Confidential" to each page or portion containing any Highly Confidential Discovery Material.

 (c) In the case of electronically produced information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Discovery Material, unless such electronic materials are produced in native format. If produced in native format, such materials will be produced without alteration along with a corresponding Bates-numbered slipsheet bearing the "Confidential" or "Highly Confidential" legend.

 (d) The failure to designate a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced in accordance with Section 10, with the effect that such document is subject thereafter to the protections of this Protective Order.

 (e) At the request of a Party (the "Requesting Party"), a Producing Party shall designate as Confidential or Highly Confidential Discovery Material containing information of the Requesting Party that the Requesting Party reasonably believes in good faith meets any of the criteria for such designation. With respect to Discovery Material designated as Confidential or Highly Confidential Discovery Material pursuant to request, the Requesting Party shall thereafter be deemed a Producing Party for purposes of Sections 2(a)(iii), 5, 6, 8-12 and 15-17 of this Protective Order. The costs of providing new copies of such re-designated documents to each Receiving Party and/or a shared dataroom shall be borne by the Requesting Party, and the "Confidential" or "Highly Confidential" legend on such copies must clearly indicate the Party who requested the designation.

 (f) A Party may designate as Confidential or Highly Confidential Discovery Material produced by another Party pursuant to subsection (e), even if such Discovery Material has already been designated as Confidential or Highly Confidential. If more than one Party designates the same Discovery Material as Confidential or Highly Confidential, all such Parties shall be considered a Producing Party with respect to such Discovery Material and be treated as a Producing Party for purposes of Sections 2(a)(iii), 5, 6, 8-12 and 15-17 of this Protective Order.

For the avoidance of doubt, whenever consent of or notice to a Producing Party is required by this Protective Order, such consent or notice must be of or to all Parties treated as Producing Parties under this Section.

**5.** **Treatment of Highly Confidential Information.**

(a) Any information designated as Highly Confidential Discovery Material shall be maintained in confidence by each Receiving Party.

(b) Provided that disclosure is not otherwise prohibited by this Protective Order, and subject to Section 7(d), a Receiving Party shall only disclose Highly Confidential Discovery Material to:

(i) current employees, officers and directors of a Receiving Party who previously had rightful access to or knowledge of such Highly Confidential Discovery Material or other similar material;

(ii) former employees of a Receiving Party who are currently retained by that Party as consultants or independent contractors who during their employment with the Receiving Party had rightful access to or knowledge of such Highly Confidential Discovery Material or other similar material provided that they comply with the requirements of Section 13 hereof;

(iii) court-appointed Monitors, Trustees and Administrators and their respective staffs, and for the US Debtors, the employees of RLKS Executive Solutions LLC and the employees of Avidity Partners, LLC;

(iv) outside or in-house counsel for the Parties or outside or in-house counsel for members of a committee or group (where a Party is a committee or group), and legal assistants, secretaries, staff or agents and consultants working with or for such counsel, but only to the extent that it is reasonably necessary to share Highly Confidential Discovery Material;

(v) litigation support personnel, including outside copying, scanning and coding services and court reporters;

(vi) persons expected to be deponents, trial witnesses or hearing witnesses in the Proceedings and counsel to such persons, provided that counsel providing the Highly Confidential Discovery Material has a good-faith basis for believing that such witnesses had prior, rightful access to or knowledge of the Highly Confidential Discovery Material, and provided that counsel ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses and procure the return or destruction of such Highly Confidential Discovery Material;

(vii) witnesses designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and/or party representatives designated for discovery examination pursuant to the Ontario Rule of Civil Procedure and/or alternative procedures agreed to by the Parties;

(viii) any experts retained for the purpose of providing advice and assistance to outside counsel of record and/or giving evidence in the Proceedings, including their staff, provided that they comply with the requirements of Section 13 hereof;

(ix) personnel of the Courts;

(x) any other person upon written agreement of the Producing Party, provided that he or she complies with the requirements of Section 13 hereof;

(xi) any other person upon order of the Court(s) and upon such conditions as may be imposed by the Court(s); and

(xii) any other person, as required by law, regulation, government action, regulatory authority, organization of regulators, self-regulatory authority or court order, subject to Section 9 of this Protective Order.

(c) In addition to the foregoing, draft or final pleadings that cite to or quote Highly Confidential Discovery Material (but not any attachments thereto designated as Highly Confidential) may be shared with non-attorney representatives from each Party (or, where the Party is a committee or group, non-attorney representatives of each committee or group, who represent such member or group in committee or group matters), provided that they comply with the requirements of Section 13 hereof, but only to the extent that sharing such draft or final pleadings that cite to or quote Highly Confidential Discovery Material is necessary to render advice to or receive guidance or approval from the Party in the Proceedings.

(d) Any Receiving Party may request leave of a Producing Party to show Highly Confidential Discovery Material to parties or persons expected to be examined for discovery, deponents, Party representatives and/or trial witnesses in the Proceedings by providing notice to the Producing Party of the Highly Confidential Discovery Material the Receiving Party seeks to use and the parties shall use their best efforts within five business days to determine whether such material may be disclosed by the Receiving Party to such persons while protecting the Producing Party's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted and re-evaluating whether such material must be protected as Highly Confidential. In the event the Producing Party and the Receiving Party cannot resolve an issue concerning the use of Highly Confidential Discovery Material, the matter may be presented to the Courts for resolution on an expedited basis.

(e) Persons receiving Highly Confidential Discovery Material pursuant to this Section shall not copy or disclose such Highly Confidential Discovery Material directly or indirectly to any other person other than in accordance with this Protective Order.

5

(f) Treatment of Highly Confidential Discovery Material by a Receiving Party in accordance with the provisions of this Protective Order shall not constitute an admission that such Discovery Material has been correctly designated, nor waive any objection to such designation.

**6. Treatment of Confidential Information.**

(a) Any information designated as Confidential Discovery Material shall be maintained in confidence by each Receiving Party.

(b) Provided that disclosure is not otherwise prohibited by this Protective Order and subject to Section 7(d), a Receiving Party shall only disclose Confidential Discovery Material to:

(i) parties or persons to whom Highly Confidential Discovery Material may be disclosed as set forth in Section 5;

(ii) current employees, officers, or directors of a Receiving Party (including current employees, officers or directors of members of a committee or group that is a Party provided that they comply with the requirements of Section 13 hereof), provided that disclosure is reasonably necessary to the Proceedings;

(iii) former employees of a Receiving Party, provided that disclosure is reasonably necessary to the Proceedings and that they comply with the requirements of Section 13 hereof; or

(iv) persons expected to be deponents and/or trial witnesses in the Proceedings and counsel to such persons.

(c) Persons receiving Confidential Discovery Material pursuant to this Section shall not copy or disclose such Confidential Discovery Material directly or indirectly to any other person other than in accordance with this Protective Order.

(d) Treatment of Confidential Discovery Material by a Receiving Party in accordance with the provisions of this Protective Order shall not constitute an admission that such Discovery Material has been correctly designated, nor waive any objection to such designation.

**7. Permitted Purposes.**

(a) Confidential or Highly Confidential Discovery Material shall not be made public by any Party, shall be used only by persons permitted access to it per this Protective Order and shall be disclosed only to persons specified in this Protective Order.

(b) All Discovery Material (except such materials publicly available in substantially the same form), whether or not designated as Confidential or Highly Confidential Discovery Material, shall be used by Receiving Parties solely in connection with the Proceedings (including appeals), and not in connection with any other litigation, judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose except as required by law, regulation, government action, regulatory authority, organization of regulators, self-regulatory

authority or court order, provided, however, that this Protective Order shall not prohibit the UK Pension Claimants from complying with the Beddoe proceeding pending under U.K. law in the English High Court by disclosing Discovery Material to the Beddoe court and counsel (including barristers and solicitors) for the representative beneficiary in those proceedings (provided that such counsel is informed of the terms of this Protective Order and the UK Pension Claimants make a good faith effort to have such counsel comply with the requirements of Section 13) for purposes of obtaining periodic directions from the Beddoe court with respect to the Proceedings, provided that the Discovery Material is filed under seal and not available as a matter of public record.

(c) Any summary, compilation, notes, memoranda, analysis or copy containing Confidential or Highly Confidential Discovery Material, and any electronic image or database containing Confidential or Highly Confidential Discovery Material shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, copy, electronic image or database is derived.

(d) This Protective Order has no effect upon, and shall not apply to, a Party's use of its own Confidential or Highly Confidential Discovery Material, including information designated as such under Section 4(e) and information that was, prior to disclosure, rightfully in the possession or knowledge of the Party, for any purpose.

(e) This Protective Order shall not preclude any Party from showing any Confidential or Highly Confidential Discovery Material or disclosing information derived therefrom at a deposition or examination for discovery to any witness, provided that, other than the witness, only those persons who are authorized by the terms of this Agreement to receive the Confidential or Highly Confidential Discovery Material to be disclosed to the witness are present at relevant portions of the deposition and the procedures provided for in Section 12 are in place.

**8.    Court Filings.**

(a) Confidential or Highly Confidential Discovery Material shall not be filed in the public record absent the consent of the Producing Party or an order of the Court(s) so permitting.

(b) If a Party wishes to file or otherwise submit to the Court(s) any documents or exhibits containing or making reference to the content of Confidential or Highly Confidential Discovery Material, including, but not limited to, pleadings, memoranda, transcripts, and discovery responses, such Party may redact the Confidential or Highly Confidential Discovery Material. If the nature of the Highly Confidential Information makes redaction unreasonable or impossible, the Party may file the documents or exhibits containing or making reference to the content of Confidential or Highly Confidential Discovery Material under seal.

(c) The entry of this Protective Order by the Courts shall be deemed an order authorizing the filing under seal of any Confidential or Highly Confidential Discovery Material and any other document citing, quoting, summarizing or otherwise reflecting information obtained from Confidential or Highly Confidential Discovery Material without any further order of either Court required.

(d) The Parties shall meet and confer in good faith, and seek instructions from the Court(s) as necessary, prior to the start of any trial in the Proceedings regarding the use of Confidential or Highly Confidential Discovery Material at such trial or hearing. The Parties reserve all rights with respect to trial procedures.

9. **Compelled Disclosure.**

(a) If a Receiving Party is subpoenaed in another action or proceeding, served with a document demand, or otherwise required or compelled by law, regulation, government action or other process (any of the foregoing, a "<u>Demand</u>") to produce Confidential or Highly Confidential Discovery Material, the Receiving Party shall, if legally permitted, (i) give prompt written notice by overnight delivery, fax or email the earlier of five (5) business days of receipt, or fourteen (14) days prior to the response date of such Demand to counsel for the Producing Party who produced or designated the Confidential or Highly Confidential Discovery Material, provided, however, that such notice shall be given as soon as practicable if the response date of the demand is within fourteen (14) business days of receipt by the Receiving Party; and (ii) refrain from producing any Confidential or Highly Confidential Discovery Material in response to such Demand until the earlier of receipt of written notice from the Producing Party that it does not object to production of the Confidential or Highly Discovery Material, or resolution of any objection asserted by the Producing Party either by agreement or by final order of the Court(s) with jurisdiction over the objection of the Producing Party.

(b) The burden of opposing the enforcement of the Demand shall fall solely upon the Producing Party.

(c) Should a Producing Party neither provide written notice to the Receiving Party that it does not object to production of the Confidential or Highly Discovery Material nor submit a timely objection seeking an order that the Demand not be complied with and serve such objection upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand's response date.

(d) Subject to the provisions of this Section, compliance by the Receiving Party with any order directing production pursuant to a Demand of any Confidential or Highly Confidential Discovery Material shall not constitute a violation of this Protective Order.

(e) Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order directing production of Confidential or Highly Confidential Discovery Material covered by this Protective Order, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order.

(f) The provisions of this Section shall apply to examinations conducted by bank or other regulators to which a Party may be subject, which may include examinations of Confidential or Highly Confidential Discovery Material received by any Party and its representatives. Any such disclosure shall be limited to such portions of the Confidential or Highly Confidential Discovery Material that the applicable Party's legal counsel advises is required under the subpoena, order or process, or request or demand by a regulatory authority,

8

organization of regulators or self-regulatory authority received by that Party (each a "Regulator Demand"). With respect to Regulator Demands for Confidential or Highly Confidential Discovery Material, the applicable Party will promptly inform the Producing Party who produced or designated the Confidential or Highly Confidential Discovery Material in writing of any such Regulator Demand before the disclosure of such Confidential or Highly Confidential Discovery Material to such regulator, if the applicable Party is entitled to do so and if practicable. Otherwise, the applicable Party will promptly inform the Producing Party who produced or designated the Confidential or Highly Confidential Discovery Material in writing of such Regulator Demand after the disclosure of any Confidential Information to regulator, if the applicable Party is entitled to do so. Nothing herein shall obligate any Party to prohibit or restrict any regulator's prompt access, in violation of any law, regulation, order or other obligation applicable to such Party, to documents or information in the custody, possession or control of such Party its representatives.

10. **No Waiver.**

(a) If at any time a Producing Party determines or realizes that certain Discovery Material that it previously produced should be designated as Confidential or Highly Confidential, the Producing Party may apprise the Receiving Parties in writing, and such designated Discovery Material will thereafter be treated as Confidential or Highly Confidential Discovery Material under the terms of this Protective Order, provided, however, that the Producing Party shall, at its cost, produce to each Receiving Party and/or to the shared dataroom substitute copies, bearing the legend "Confidential" or "Highly Confidential," of any such Discovery Material at which time the Receiving Party shall promptly return to the Producing Party or (at the election of the Receiving Party) destroy the previously produced copies of such substituted Discovery Material and shall have no right to access such substituted Discovery Material electronically.

(b) This Protective Order shall not prevent any Party from applying to the Court(s) in writing and on notice to the Parties for relief from this Protective Order or from any provision(s) thereof, or from applying to the Court(s) in writing and on notice to the Parties for further or additional protective orders.

(c) Producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

   (i)   prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence;

   (ii)  prejudice in any way the rights of the Parties to object to the production of documents that they consider not subject to discovery, or operate as an admission by any Party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Highly Confidential Discovery Material;

   (iii) prejudice in any way the rights of a Party to seek a determination by the Court(s) whether any Discovery Material should be treated as Confidential

9

              or Highly Confidential Discovery Material or subject to the terms of this Protective Order, provided that a Party seeking to challenge the designation of any Discovery Material as Confidential or Highly Confidential shall be obligated to meet and confer in good faith prior to seeking judicial resolution and follow the procedures provided in Section 11; or

     (iv)     prevent the Parties to this Protective Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

**11.**     **Objections to Designation.**

     (a)     Any Party objecting to the designation of any particular Discovery Material or testimony as Confidential or Highly Confidential Discovery Material shall so inform the Producing Party, stating the grounds of the objection, and, unless provided otherwise by the discovery plan adopted by the Courts, they shall have seven (7) business days to attempt to resolve the objection, at the end of which the Party objecting to the designation may seek a ruling from the Court(s), on no less than three (3) business days' notice to the Producing Party, that such information should not be treated as Confidential or Highly Confidential Discovery Material, provided that no Confidential or Highly Confidential Discovery Material shall be filed in the public record or disclosed other than in accordance with the terms of this Protective Order prior to such a determination by the Court(s), and provided further that the burden shall be on the Producing Party to justify the claim that disputed material has been properly designated and is entitled to protection from disclosure.

     (b)     Each Party hereby agrees that it will not contest a Party's request for expedited consideration of any relief sought from the Court(s) pursuant to this Section.

**12.**     **Use in Depositions / Examinations for Discovery.**

     (a)     If Confidential or Highly Confidential Discovery Material is utilized in a deposition, including a deposition of a party representative, examination for discovery or other recorded testimony, the Producing Party of the Confidential or Highly Confidential Discovery Material may designate the portion of the transcript relating to the Confidential or Highly Confidential Discovery Material as Confidential or Highly Confidential.

     (b)     Any deponent or examinee for discovery or his or her counsel may designate all or part of the transcript of a deposition or examination for discovery as Highly Confidential or Confidential. Such deponent or examinee will be the Producing Party of the deposition or examination testimony for purposes of this Protective Order, except that testimony about Confidential or Highly Confidential Discovery Material for which the deponent or examinee is not a Producing Party shall also be deemed to have been produced by the Producing Party of the Confidential or Highly Confidential Discovery Material discussed.

     (c)     Designation of all or part of a transcript as Highly Confidential or Confidential may be made on the record during the deposition or examination or may be made by giving written notice to the court reporter and counsel for all Parties within seven (7) business days after

receiving the transcript from the court reporter. All deposition or examination transcripts will be considered Confidential for the first seven (7) business days after receiving the transcript from the court reporter, unless designated otherwise by agreement of the Parties, by the Producing Party of Confidential or Highly Confidential Discovery Material discussed therein and/or by the deponent or examinee, as the case may be.

(d) The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.

13. **Disclosure to Certain Firms and Individuals.**

(a) Prior to disclosure of Confidential or Highly Confidential Discovery Material pursuant to Sections 5(b)(ii), (viii) and (x) (including as incorporated by reference in Section 6(b)(i) hereof); 5(c) and 6(b)(ii) and (iii) hereof, counsel for the Receiving Party shall provide a copy of this Protective Order to the person or the representative of the firm to whom disclosure is intended and such person or representative must execute a Non-Disclosure Declaration in the form annexed as Exhibit A hereto prior to receiving any Confidential or Highly Confidential Discovery Material.

(b) A Receiving Party shall not disclose any Confidential or Highly Confidential Discovery Material to any holder of, or the investment manager for holders of, debt securities issued and/or guaranteed by the Canadian Debtors, EMEA Debtors or US Debtors, or to any officers, employees, counsel, accountants, advisors or agents of the Receiving Party that might be involved in acquiring any assets of or trading in claims against (including debt securities issued by any of) the Canadian Debtors, EMEA Debtors or US Debtors, unless such person or the representative of the person or firm to whom disclosure is intended executes a Non-Disclosure Declaration in the form annexed as Exhibit A hereto prior to receiving any Confidential or Highly Confidential Discovery Material.

14. **Third-Party Beneficiaries.**

Third parties that produce documents for use in the Proceedings, either voluntarily or pursuant to a subpoena or in response to discovery requests in connection with the Proceedings, are intended third-party beneficiaries of this Protective Order and shall have the right to designate materials as Confidential or Highly Confidential Discovery Material in accordance with the terms hereof and shall otherwise have the same rights and responsibilities as a Producing Party.

15. **Redaction of Personal Information.**

(a) Each Producing Party may redact from Discovery Material it produces, whether or not such Discovery Material are designated Confidential or Highly Confidential, such personal information (e.g., social security numbers, home addresses, bank account information) as the Producing Party deems appropriate, such as information required not to be disclosed by the data protection, privacy or similar laws of the Producing Party's jurisdiction.

(b) If at any time a Producing Party determines or realizes that certain Discovery Material that it previously produced contains personal information to which a non-disclosure

11

obligation applies, the Producing Party may apprise the Receiving Parties in writing. Promptly after receiving written notice of an inadvertent production of personal information, each Receiving Party shall return to the Producing Party or (at the election of the Receiving Party) destroy the Discovery Material as to which the claim of inadvertent production has been made and shall not use the inadvertently produced personal information for any purpose. The Producing Party shall, at its cost, provide each Receiving Party and/or the shared dataroom with substitute copies, bearing appropriate redactions, of any such Discovery Material.

(c)  Each Receiving Party retains the right to move for the disclosure of the redacted information.

**16.  Survival.**

(a)  The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court(s), continue to be binding throughout and after the conclusion of the Proceedings, including without limitation any appeals therefrom.

(b)  When any Party receives a notice from a court as to the release, unsealing or disposal of Confidential or Highly Confidential Discovery Material submitted by that Party, but designated Confidential or Highly Confidential by another Producing Party, the Party receiving the notice shall promptly send the notice to all Parties by overnight delivery, fax or email, so as to enable the Parties to take any actions they deem appropriate. The provisions of this Section may be waived only with the written consent of the Producing Party.

**17.  Disposal of Confidential and Highly Confidential Discovery Material.**

(a)  Within thirty (30) days after the time for appeal of an order, judgment, or decree finally disposing of or resolving the Proceedings has expired, all persons having received Confidential or Highly Confidential Discovery Material shall, at their own cost and expense, either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Parties or (at the election of the Receiving Party) destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties. Documents that have been received electronically must be electronically deleted and deleted from "trash" files; provided, however, that to the extent that Confidential or Highly Confidential Discovery Material exists in whole or in part on computer backup tapes or other not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning Confidential or Highly Confidential Discovery Material, but such retained information shall continue to be treated in accordance with this Protective Order.

(b)  Notwithstanding the preceding paragraph, outside counsel for the Parties shall be entitled to retain court papers, deposition and court transcripts, and attorney work product that includes or summarizes Confidential Discovery Material or Highly Confidential Discovery Material provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition or trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party as to the Confidential Discovery Material or Highly Confidential Discovery Material at issue.

(c)     Notwithstanding anything herein to the contrary, the obligations of this Section shall not preclude any Party or its experts or consultants from complying with document retention policies imposed by applicable law, regulation, government action, regulatory authority, organization of regulators, self-regulatory authority or court order, provided that the Party, expert or consultant provides notice of its retention of the documents to the Producing Party.

**18.    Privileged Documents.**

(a)     Nothing in this Protective Order shall require disclosure of information that counsel contends is protected from disclosure by solicitor-client privilege, attorney-client privilege, work-product immunity, or any other applicable privilege, immunity or protection from disclosure under any applicable law (each a "Privilege" and, collectively, the "Privileges").

(b)     Consistent with Rule 502(d) of the United States Federal Rules of Evidence, if information subject to a claim of Privilege is produced, such production shall not constitute or be deemed a waiver of any claim of a Privilege that the Producing Party would otherwise be entitled to assert in the Proceedings or any other proceeding, either with respect to the produced Discovery Material or any other documents, communications, or information concerning the same subject matter. The production of information subject to a claim of Privilege is without prejudice to the right of a Producing Party to seek the return or destruction of any document as to which a claim of Privilege is later asserted.

(c)     If information subject to a claim of Privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of a Privilege for such information or any other information that may be protected from disclosure by Privilege. If a Party has inadvertently or mistakenly produced a document or information that is subject to a good faith claim of Privilege, upon request by the Producing Party promptly after discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose.

(d)     The Party returning such material may then file under seal a motion for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production, and such motion shall not quote from or attach such material. While the motion for an order compelling production is pending before the Court(s), the moving Party shall not maintain a copy of, quote from or otherwise use the material.

(e)     No public disclosure of the contents of the Discovery Material as to which the claim of Privilege has been made shall occur absent order of the Court(s).

(f)     If, at trial, at a hearing, at a deposition, at an examination for discovery or on a motion, a Producing Party marks for identification or offers into evidence information subject to a claim of Privilege by the Producing Party, or proffers or elicits testimonial or other evidence that incorporates or relies on information subject to a claim of Privilege, that act shall be deemed

13

to effect a waiver and forfeiture by the Producing Party of Privilege.  The preceding sentence shall not apply to (1) proceedings to determine whether the information is subject to a claim of Privilege,  or (2) information subject to a claim of Privilege that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by a Party other than the Producing Party, or relied on by a witness proffered by a Party other than the Producing Party.  By marking for identification or offering into evidence information subject to a claim of Privilege, the Producing Party shall not waive any Privilege with respect to undisclosed Discovery Material concerning the same subject matter.

(g) If information is subject to a claim of privilege ("Joint Privileged Information"), which appears on its face to be held by two or more Parties ("Joint Privilege"), a Party who claims the Joint Privilege shall not refuse to produce any such Joint Privileged Information to any other Party or Parties with whom the Joint Privilege is shared.  A Party who holds the Joint Privilege may produce Joint Privileged Information only to those other Parties with whom it shares the Joint Privilege and shall not produce such Joint Privileged Information to Parties that do not share in the Joint Privilege or to a shared dataroom.  If a Party who wishes to rely on Discovery Material containing Joint Privileged Information, such Party shall, without prejudice to its position on the claim of privilege, provide notice to the other Parties with whom it shares the Joint Privilege and such other Parties shall have seven days after receiving notice to seek a protective order from the Court(s) in writing and on notice to the Parties.  Absent an order from the Court(s) granting such protective order, the Party seeking to rely on Discovery Material containing Joint Privileged Information shall designate such Discovery Material as "Highly Confidential" and produce it to the other Parties and/or to a shared dataroom.  Disclosure to a shared dataroom or to persons permitted to view Highly Confidential Discovery Material under this Protective Order does not effect a waiver of privilege as to Parties other than the Producing Party subject to the foregoing sections.  The production of such Discovery Material containing Joint Privileged Information does not waive any Privilege with respect to undisclosed Discovery Material concerning the same subject matter as the Joint Privileged Information.

**19.    Effective Date and Enforceability.**

(a) This Protective Order will become effective upon the date that it has been approved by both Courts (the "Effective Date").

(b) Nothing in this Protective Order shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

(c) No amendment or modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Parties, or ordered by the Courts.

**20.    Allocation Dataroom Access**

(a) Upon the Effective Date, all documents ("Allocation Dataroom Documents") in the electronic data site established to facilitate settlement discussions (the "Allocation Dataroom") shall be deemed produced in the Proceedings pursuant to this Protective Order, and subject to its terms, including but not limited to the provisions of Section 18.

14

(b) From and after the Effective Date, this Protective Order shall govern and shall supersede the provisions in prior confidentiality agreements with respect to Allocation Dataroom Documents, but only as to the Parties and any other persons or entities who are entitled to receive documents under this Protective Order (subject to any requirements herein, including, but not limited to, Section 13).

(c) The Parties shall have twenty-one (21) days following the Effective Date to designate documents in the Allocation Dataroom as Highly Confidential Discovery Material. Any Party making such designation will be required to provide new documents with the Highly Confidential legend to replace existing or to otherwise bear the cost of the designation of such documents. Until such period expires, all Parties with access to the Allocation Dataroom will treat documents therein as Highly Confidential Discovery Material.

(d) After the expiration of the 21-day period, a Party shall have the right at any time to designate such documents in the Allocation Dataroom as Highly Confidential in accordance with paragraph 10(a). Such documents will thereafter be treated as if they had been designated as Highly Confidential in the 21-day period after the Effective Date.

(e) Notwithstanding anything to the contrary herein, all documents in the Allocation Dataroom shall be deemed Confidential upon the Effective Date and will be electronically stamped with the Confidential legend. Where it is evident from the Bates Stamp which Party supplied the document to the Allocation Dataroom, that Party will be deemed the Producing Party for purposes of Sections 2(a)(iii), 5, 6, 8-12 and 15-17 of this Protective Order. Absent such evidence, the document will be deemed produced by the US Debtors, Canadian Debtors and EMEA Debtors and all such Parties shall each be considered a Producing Party with respect to such documents and be treated as a Producing Party for purposes of Subsection (f) *infra*, and Sections 2(a)(iii), 5, 6, 8-12 and 15-17 of this Protective Order. For the avoidance of doubt, whenever consent of or notice to a Producing Party is required by this Protective Order, such consent or notice must be of or to all Parties treated as Producing Parties under this Section.

(f) In the event any Party objects to the designation of specifically identified documents from the Allocation Dataroom, the Producing Party shall reconsider such designation and, within ten (10) days, either re-affirm the designation or such document(s) shall no longer be considered Confidential Discovery Material.

**21. Intentional or Negligent Disclosure of Confidential or Highly Confidential Discovery Material.**

In the event of an alleged intentional or negligent disclosure of Highly Confidential Discovery Material or Confidential Discovery Material in violation of this Protective Order, the Parties shall first seek to resolve the alleged violation through prompt and reasonable discussion. In the event such efforts fail to promptly resolve the alleged violation, the Parties reserve the right to seek any available remedy from the Courts, including, *inter alia*, money damages, injunctive relief or any other relief as appropriate.

15

**22.** **Enforcement Pending Entry.**

The Parties agree to be bound by the terms of this Protective Order pending the entry of this Protective Order by the Courts, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order has been issued and entered by the Courts.

**23.** **Jurisdiction.**

The US Court and the Canadian Court shall retain jurisdiction and venue for the purposes of any dispute arising out of or relating to this Protective Order. For the avoidance of doubt, the Parties' obligations remain ongoing, and such jurisdiction and venue is retained even to the extent this Protective Order is utilized in connection with any arbitration proceeding.

# EXHIBIT A

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City of _____ and State/Province of _____;

I have read the annexed Protective Order dated _____, 2013;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent and attorn to the jurisdiction of the United States Bankruptcy Court for the District of Delaware and the Ontario Superior Court of Justice solely for the purpose of enforcement of the provisions of the Confidentiality Protective Order and Protective Order. I will not divulge any Discovery Material to persons other than those specifically authorized by the Protective Order, and will take reasonable steps, including, but not limited to, establishing information firewalls, to prevent the inadvertent disclosure of Discovery Material to any persons not so authorized. I understand, in particular, that any Confidential or Highly Confidential Discovery Material, and any copies, excerpts or summaries thereof, or materials containing Confidential or Highly Confidential Discovery Material derived therefrom, as well as any knowledge or information derived from any of these items, may be used only for the Proceedings and may not be used to inform the purchase or sale of securities or for any other purpose, including, without limitation, any business or commercial purpose.

I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, such as for contempt of court or liability for monetary damages.

Dated: _____   Signature: _____

TOR_LAW\ 8173441\1