IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: <br><br> Nortel Networks Inc., *et al.*,[1] <br><br>                   Debtors. | Chapter 11 <br><br> Case No. 09-10138 (KG) <br><br> (Jointly Administered) <br><br> **Re: Docket Nos. 9362, 9412 and 9418** |

**JOINDER IN PART OF THE MONITOR AND THE CANADIAN DEBTORS
TO THE US DEBTORS AND THE CREDITORS' COMMITTEE'S
JOINT OMNIBUS OBJECTION TO THE REMAINING
AMENDED CLAIMS FILED BY THE EMEA CLAIMANTS**

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**") and Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (the "**Canadian Debtors**"), hereby file their Joinder In Part Of The Monitor And The Canadian Debtors To The U.S. Debtors And The Creditors' Committee's Joint Omnibus Objection To The Remaining Amended Claims Filed By The EMEA Claimants, and in support thereof, respectfully submit as follows:

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the " **US Debtors**").

**JOINDER IN PART TO THE JOINT OMNIBUS OBJECTION TO THE REMAINING AMENDED CLAIMS FILED BY THE EMEA CLAIMANTS**

The Monitor and the Canadian Debtors join in part in the U.S. Debtors and the Creditors' Committee's Joint Omnibus Objection To The Remaining Amended Claims Filed By The EMEA Claimants and join in part in the supporting declaration submitted by the U.S. Debtors and the Creditors' Committee on May 14, 2013 (the "**Objection**") and respectfully submit the following:

**JOINDER**

The Monitor and the Canadian Debtors join in the Objection solely with respect to the positions set forth below. The Monitor and the Canadian Debtors do not join in the Objection with respect to any position not specifically enumerated below, nor do they specifically join in the reasoning outlined in the Objection for those enumerated positions.

The Monitor and Canadian Debtors deny any liability of NNL or any other Canadian Debtor, including without limitation liability as a *de facto* or shadow director and/or as a wrongdoer under a breach of fiduciary duty or duty of care theory.

The Monitor and the Canadian Debtors' forthcoming objections to the EMEA and U.K. Pension claims in the Canadian Proceeding will also be applicable to the EMEA and U.K. Pension claims in the United States.

The Monitor and Canadian Debtors agree that the remaining EMEA claims asserted against the U.S. Debtors are entirely devoid of merit and should be summarily dismissed. Accordingly, the Monitor and the Canadian Debtors request that the Court sustain the Objection based on the positions enumerated below, and disallow and expunge the claims with prejudice.

**POSITIONS IN WHICH THE MONITOR AND CANADIAN DEBTORS JOIN**

Further to the above, the Monitor and the Canadian Debtors hereby join in the following positions:

1. NNI is not liable under any remaining EMEA claims, including without limitation liability as a *de facto* or shadow director and/or as a wrongdoer under a breach of fiduciary duty or duty of care theory.

2. Claimants cannot establish any claims predicated on implied contractual duties or mistake.

3. The transactions at issue were all formally approved by boards of directors of the Claimants and, where applicable, were ratified by NNUK.

4. Claimants received independent professional advice in respect to the transactions at issue in the remaining EMEA claims.

5. Claimants were managed and controlled independently from any control by Canada or NNI.

6. The Claimants' own conduct and that of NNUK were the cause of any alleged harm to the Claimants.

7. Claimants cannot establish that they were insolvent during the relevant period.

8. The remaining EMEA claims are barred in whole or in part by the applicable statutes of limitations, *in pari delicto* (or foreign law equivalents, *i.e.*, the English doctrine of *ex turpi causa*) or based on other related defences.

9. Any remaining EMEA claims based on the FSD are barred by prior Court rulings.

10. The remaining EMEA claims are barred in whole or in part by the doctrines of estoppel and waiver.

11. Any recovery by Claimants would constitute an unlawful double recovery or unjust enrichment.

12. The remaining EMEA claims for breach of fiduciary duty, unjust enrichment and other claims in tort are barred, in whole or in part, to the extent they arise under a contract.

13. The remaining EMEA claims are subject to equitable subordination.

14. The Claimants cannot establish any loss or damages.

15. The Claimants cannot identify any asserted or threatened claims to support the existence of any contingent tax liabilities.

16. The assertion of any foreign law answers to the remaining EMEA claims.

[*Intentionally left blank*]

Dated: May 17, 2013
Wilmington, Delaware

                            **BUCHANAN INGERSOLL & ROONEY PC**

                            /s/ Kathleen A. Murphy
                            Mary F. Caloway (No. 3059)
                            Kathleen A. Murphy (No. 5215)
                            1105 North Market Street, Suite 1900
                            Wilmington, Delaware 19801
                            (302) 552-4200 (telephone)
                            (302) 552-4295 (facsimile)
                            mary.caloway@bipc.com
                            kathleen.murphy@bipc.com

                                          -and-

                            **ALLEN & OVERY LLP**

                            Ken Coleman
                            Daniel Guyder
                            1221 Avenue of the Americas
                            New York, NY  10020
                            (212) 610-6300 (telephone)
                            (212) 610-6399 (facsimile)
                            ken.coleman@allenovery.com
                            daniel.guyder@allenovery.com

                            *Attorneys for Ernst & Young Inc., as Monitor*
                            *and Foreign Representative of the Canadian*
                            *Debtors*