IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 10598** |

**MOTION TO SHORTEN NOTICE PERIOD WITH RESPECT TO MOTION TO STRIKE THE JOINT OBJECTION TO THE AMENDED PROOFS OF CLAIM FILED BY THE NORTEL NETWORKS UK PENSION TRUST LIMITED (AS TRUSTEE OF THE NORTEL NETWORKS UK PENSION PLAN) AND THE BOARD OF THE PENSION PROTECTION FUND**

The Trustee (the "Trustee") of the Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund (the "PPF," and together with the Trustee, the "U.K. Pension Claimants"), hereby move (the "Motion to Shorten") for an order, the proposed form of which is submitted herewith, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening the notice period with respect to the Motion to Strike the Joint Objection to the Amended Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund (the "Motion") [D.I. 10598], such that the Court can consider the Motion at its earliest convenience during the week of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332) ("NNI"), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) ("NN CALA").

{BAY:02286845v1}

May 20, 2013. In further support of this Motion to Shorten, the U.K. Pension Claimants respectfully represent as follows:

### Jurisdiction, Venue and Statutory Predicates

1. The Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by this Court.

2. The statutory bases for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

### Background

3. The relevant factual and procedural background is set forth in the Motion.[2] The facts contained in the Motion are incorporated by reference as if set forth herein.

### Relief Requested

4. The U.K. Pension Claimants seek an order (i) shortening the period for notice of the hearing on the Motion so that this Court may consider the relief requested on an expedited basis at the Court's earliest convenience during the week of May 20, 2013, and (ii) requiring objections, if any, to the Motion to be raised by a date and time set by the Court.

### Basis for Relief Requested

5. Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Consistent with Local Rule 9006(e), Bankruptcy Rule 9006 provides that the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

      6.     Exigent circumstances exist here to shorten the notice period with respect to the hearing on the Motion. Having persuaded the Court last Summer to apply Bankruptcy Rule 7012 to the U.K. Pension Claimants' Claims, the Debtors were required to serve a "responsive pleading" to the U.K. Pension Claimants' more definitive statement within fourteen days of its service upon them. Notwithstanding Bankruptcy Rule 7012's mandate, the Debtors waited more than eight months to file the Joint Objection, which is neither an answer complying with the pleading requirements of Bankruptcy Rule 7008 nor responsive to the detailed allegations of fact and law asserted in the Amended Claims. These deficiencies prompted the Motion seeking an order striking the Joint Objection and directing the Debtors to file a proper responsive pleading addressing each of the allegations set forth in the Amended Claims.

      7.     Time is undoubtedly of the essence. The Debtors' failure to serve a proper responsive pleading has created a cascading series of negative consequences for numerous rapidly approaching discovery deadlines. Pursuant to the Litigation Timetable approved by this Court, the U.K. Pension Claimants are required to serve "limited and specific requests" for production of documents and interrogatories by May 22, 2013.

Absent prompt relief, the U.K. Pension Claimants will effectively be precluded from serving "limited and specific requests" by the deadline established by the Litigation Timetable. In addition to the difficulties the U.K. Pension Claimants will face in crafting specific document requests and interrogatories, the Debtors' default also impedes the U.K. Pension Claimants' ability to identify their own relevant fact and expert witnesses, or witnesses from other parties to be deposed, as well as their ability to determine how to properly focus the questioning of witnesses in depositions or at trial. Due process requires that the Court ensure that all parties play by the rules. The Motion is a necessary attempt to force the Debtors to comply with their basic procedural obligations and must be considered on an expedited basis to have any practical effect whatsoever in light of the impending Litigation Timetable deadlines.

### Notice

8.  Notice of this Motion to Shorten has been given to: (a) the U.S. Trustee; (b) counsel for the Debtors, (c) counsel for the Committee, and (d) the Core Parties. In light of the nature of the relief requested, the U.K. Pension Claimants submit that no further notice need be given.

### No Prior Request

9.  No previous motion for the relief sought herein has been made to this or any other Court.

*[remainder of page intentionally left blank]*

WHEREFORE, the U.K. Pension Claimants respectfully request that the Court (a) enter an order substantially in the form annexed hereto approving the relief sought herein, and (b) grant such other and further relief as the Court may deem proper.

Dated: May 20, 2013
       Wilmington, Delaware

BAYARD, P.A.

*/s/ Justin R. Alberto*
Charlene D. Davis (No. 2336)
Justin Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: cdavis@bayardlaw.com
       jalberto@bayardlaw.com

-and-

WILLKIE FARR & GALLAGHER LLP
Marc Abrams
Brian E. O'Connor
Sameer Advani
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

*Counsel for the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund*

*9607929*