**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
:
:   Chapter 11
:
*In re*                                                    :
:   Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.*,[1]                         :
:   Jointly Administered
:
          Debtors.   :
:   **Re: Docket No. 10600**
:
:
------------------------------------------------------------X

**JOINT OBJECTION TO THE MOTION TO SHORTEN NOTICE PERIOD WITH
RESPECT TO MOTION TO STRIKE THE JOINT OBJECTION TO THE AMENDED
PROOFS OF CLAIM FILED BY THE NORTEL NETWORKS UK PENSION TRUST
LIMITED (AS TRUSTEE OF THE NORTEL NETWORKS UK PENSION PLAN)
AND THE BOARD OF THE PENSION PROTECTION FUND**

Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtors, the "Objectors"), hereby object (the "Objection") to the Motion to Shorten Notice Period with Respect to Motion to Strike the Joint Objection to the Amended Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund, dated May 20, 2013 [D.I. 10600] (the "Motion to Shorten"), filed by the Trustee of the Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund (together, the "U.K. Pension Claimants"). In support of this Objection, the Objectors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. ("NNI") (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. ("NN CALA") (4226), (collectively the "Debtors"). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**PRELIMINARY STATEMENT**

1.  There is no emergency here. Quite the contrary, coming just days after the Court's approval of the Litigation Timetable – endorsed by the U.K. Pension Claimants *after* they received the Joint Claims Objection about which they now complain – the Motion to Shorten (and the underlying Motion to Strike the Joint Objection to the Amended Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund (the "Motion to Strike") [D.I. 10598] itself) is an unfortunate opening attack on the Objectors' and the Court's effort to enforce an aggressive but manageable litigation schedule. It should be denied with a stern message to the parties that they are to abide by the Court's Litigation Timetable and Discovery Plan and preserve valuable judicial resources for genuine – not manufactured – emergencies.

2.  The lack of any emergency – ostensibly due to tomorrow's deadline for the service of discovery requests – is underscored by three critical facts:

    a.  *First*, the Objectors served their Joint Objection to the Amended Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund, dated May 14, 2013 [D.I. 10519] (the "Joint Claims Objection") (the subject of the Motion to Strike) on Tuesday, May 14, 2013 – *before* the U.K. Pension Claimants endorsed the Litigation Timetable providing for the service of discovery requests on May 22 and *before* the May 15 joint hearings of the U.S. and Canadian Courts at which the U.K. Pension Claimants not only remained silent about their complaint, but their support for the schedule was affirmatively noted by the parties and the Courts. Yet five days later, and a mere 48 hours before the May 22 deadline, the U.K. Pension Claimants now complain that their ability to serve discovery tomorrow is impaired by the Joint Claims Objection.

    b.  *Second*, even if the Motion to Shorten is granted, the May 22 deadline for the service of discovery requests will have passed before the Court rules on the Motion to Strike. It is too late. The U.K. Pension Claimants have affirmatively stated that they intend to serve broad discovery requests on the assumption that their allegations are all denied, and thus expediting the Motion to Strike cannot alter that fact.

2

  c. *Third*, the Litigation Timetable endorsed by the U.K. Pension Claimants and approved the Courts does not even provide for the Canadian response to the U.K. Pension Claimants' claims in Canada until May 29, 2013, *after* the service of discovery requests. In other words, the U.K. Pension Claimants recognized that the Canadian response was completely unnecessary to their ability to craft limited and reasonable discovery requests. It is thus contrived for the U.K. Pension Claimants to complain that the form of the Joint Claims Objection so seriously impairs their ability to understand the Objectors' defenses that they cannot serve effective discovery requests in accordance with the schedule they endorsed.

3.   The U.K. Pension Claimants' real motives are obvious. *First*, the parties are under enormous time pressure not only to serve their discovery requests tomorrow, but to prepare responses to the opening allocation submissions, which are due on Wednesday, May 29, 2013 immediately after the upcoming holiday weekend. If the U.K. Pension Claimants can get expedited consideration followed by a court order giving the Objectors a mere five days – during this same period of time – to re-respond to 90-page claims, they hope to distract the Objectors from the critical task at hand. There is no other reason under these circumstances for any Motion to Shorten or for any such urgent deadline to be sought.

4.   *Second*, the U.K. Pension Claimants are trying to undermine the Litigation Timetable and Discovery Plan even before the ink is dry on those documents. This is the first test for the Court, and others can be expected to follow depending on how this is addressed. Even though the parties have an obligation to serve reasonable targeted discovery requests on a date certain (the Courts having rejected the Monitor's proposal for rolling requests over a period of weeks), the U.K. Pension Claimants are laying down their marker in advance to excuse their potential non-compliance. That should not be countenanced.

## **OBJECTION**

5.   The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") provide that the requisite notice period for the hearing on a motion may be shortened, but only upon "written motion

3

(served on all interested parties) specifying the *exigencies justifying shortened notice*." (DEL. BANKR. L.R. 9006-1(e) (emphasis added).)  There is no such exigency here.  In fact, any purported emergency is entirely manufactured by the U.K. Pension Claimants.

6. Their sole justification for the Motion to Shorten is the assertion that "[a]bsent prompt relief, the U.K. Pension Claimants will effectively be precluded from serving 'limited and specific requests' by the deadline established by the Litigation Timetable." (Motion to Shorten ¶ 6.)  This is utter nonsense.

7. First, the U.K. Pension Claimants were represented by three law firms in the negotiations to establish an acceptable Litigation Timetable and Discovery Plan, which they agreed to last Wednesday, the day *after* having received the Joint Claims Objection and in advance of the approval of the Litigation Timetable and Discovery Plan by the Court.  The U.K. Pension Claimants supported the entry of the Litigation Timetable and Discovery Plan without reservation (other than on a narrow unrelated issue).  The U.K. Pension Claimants also never raised any objection or concern regarding the form of the Joint Claims Objection at any time over the last week before filing their Motion to Strike last evening, let alone the need to have these issues decided in an expedited fashion.  Rather, they waited until six days after the Joint Claims Objection was served on them, and until the eve of the deadline to serve discovery requests to file their Motion.  These are not the actions of a party requiring an emergency hearing on a motion.  Rather, it is the conduct of a party engaging in delaying tactics, apparently unwilling to serve compliant discovery requests by the deadline for discovery requests set forth in the Litigation Timetable, even though they expressly agreed to the schedule just last week, having already received the Joint Claims Objection.  The Court should not reward the U.K. Pension Claimants' dilatory conduct and self-created emergency by shortening notice,

4

particularly where there is absolutely no substantive merit to their Motion to Strike. There is no justification for forcing the Debtors, the Committee, and any other parties that may oppose the Motion to Strike to do so on an "emergency" basis.

8. While the lack of merit in the Motion to Strike will be addressed more fully in the Objectors' forthcoming Joint Objection to the Motion to Strike, the Debtors never agreed to file an answer or waived the right to file an objection to the amended proofs of claim, listed on the Debtors' claim register as proof of claim numbers 8357 and 8358 (the "Claims"). In fact, the Joint Claims Objection is more responsive and illuminating to the U.K. Pension Claimants than an answer would have been, given the nature of Claims and the limited allegations that relate to NNI or NN CALA contained therein. The Claims filed by the U.K. Pension Claimants contain lengthy discussions of the U.K. statutory framework and the procedural history of the automatic stay litigation, which the Debtors would not be required to answer, or as to which an answer would not serve to identify issues in dispute. (See, e.g., Claims ¶¶ 230-325.) The Claims also contain background discussion of the U.K. administrative proceedings in which the Debtors did not participate, allegations with respect to which an answer would not narrow issues. (Id. ¶¶ 264-78.) Additionally, the Claims make allegations regarding several transactions to which NNI and NN CALA were not a party and therefore likely lack information and knowledge to respond to. (Id. ¶¶ 187-206, 216-27.)

9. In fact, in addition to the legal deficiencies of the Claims, a further weakness of the Claims is the failure to plead facts that would warrant an imposition of liability on NNI or NN CALA. The Joint Claims Objection addresses these deficiencies in the Claims and also sets forth at length the various other legal grounds that would warrant disallowance of the Claims, thereby better positioning the Claimants to litigate the merits than a mere answer would.

10. Moreover, the larger context in which the Motion to Shorten was filed should not be lost on the Court. Discovery requests are due tomorrow, and replies to the allocation positions are due next Wednesday, after the Memorial Day holiday weekend. This is the schedule the U.K. Pension Claimants supported and the Court approved last week. To file the Motion to Shorten and the Motion to Strike now against the Debtors, claiming emergency under these circumstances, is entirely inappropriate. While the Debtors are willing to address these matters on an expedited basis where such expedition is warranted, that is not the case here. The Court should not condone these tactics, or they will continue throughout these litigations.

11. Notwithstanding these tactics, the Objectors are prepared to file a Joint Objection to the Motion to Strike by Friday, May 31, 2013 and to have the Motion to Strike be heard by the Court promptly thereafter. For these reasons, the Objectors respectfully request that this Court deny the Motion to Shorten to the extent the U.K. Pension Claimants seek imposition of a more expedited schedule than this.

## **RESERVATION OF RIGHTS**

12. The U.K. Pension Claimants are required to file their discovery requests by tomorrow, and have not sought an extension to do so in their Motion to Shorten or Motion to Strike. The Debtors reserve the right to move to strike any requests that do not comply with these requirements and to seek any other or further relief that may be necessary or appropriate.

13. The Objectors further reserve their rights to amend or supplement this Objection and to file further and additional objections to the Motion to Strike.

## **CONCLUSION**

WHEREFORE, the Objectors respectfully request that the Court (i) deny the Motion to Shorten and (ii) grant such other and further relief as is just and appropriate under the circumstances.

Dated: May 21, 2013
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)

7

One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee
of Unsecured Creditors*