**EXHIBIT A**
**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ----------------------------------------------------------X | |
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
|  | **RE: D.I. _____** |
| ----------------------------------------------------------X | |

**ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF CB RICHARD ELLIS-RALEIGH, LLC AS LISTING**
**LEASING AGENT FOR THE DEBTORS *NUNC PRO TUNC* TO MARCH 27, 2013**

Upon the *Application of the Debtors Pursuant to 11 U.S.C. § 327(a) to Retain and Employ CB Richard Ellis-Raleigh, LLC as Listing and Leasing Agent for the Debtors Nunc Pro Tunc to March 27, 2013* (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application of the Debtors to Retain and Employ CB Richard Ellis-Raleigh, LLC ("CBRE Raleigh") as a listing and leasing agent to the Debtors *nunc pro tunc* to March 27, 2013, and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors are authorized to employ and to retain CBRE Raleigh, to serve as their listing and leasing agent in connection with the sublease of certain real property located in Raleigh, North Carolina (the "Property") *nunc pro tunc* to March 27, 2013, under the terms and conditions set forth in that certain agreement dated as of September 19, 2012, by and between the Debtors and CBRE Raleigh (as it has been and may be extended from time to time, the "Agreement").

3. The Fee Structure set forth in the Agreement and the Prior Commission are approved pursuant to section 328(a) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, to pay the Potential Sublease Commission if and when due pursuant to the Agreement.

5. CBRE Raleigh shall be compensated for fees in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and such other procedures as may be fixed by Order of this Court, from time to time, including without limitation this Court's February 4, 2009 Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [D.I. 222] (the "Interim Compensation Order"), and consistent with the compensation arrangement set forth in the Agreement.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of services to be provided by CBRE Raleigh and the structure of CBRE Raleigh's compensation pursuant to the Agreement, CBRE Raleigh and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Agreement.

7. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to any CBRE Raleigh fee application based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8. CBRE Raleigh is authorized to perform any and all services for the Debtors that are necessary or appropriate in connection with the services described in the Application.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the

Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
    Wilmington, Delaware

                                    _____
                                    THE HONORABLE KEVIN GROSS
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE