Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
Kevin M. Baum
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Wilmington Trust, National Association,*
*as Successor Indenture Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------------- x

In re:                                           :   Chapter 11

Nortel Networks, Inc., et al.                    :   Case No. 09-10138 (KG)

                              Debtors.           :   (Jointly Administered)

                                                     **Hearing Date: January 6, 2014**

---------------------------------------------------------------------- x

## RESPONDING SUBMISSION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR INDENTURE TRUSTEE

Wilmington Trust, National Association, as successor indenture trustee (solely in its capacity as trustee, the "Trustee" or "Wilmington Trust"), by and through its undersigned attorneys, submits this responding submission (the "Responding Submission") in accordance with the Allocation Protocol[1] and in connection with the dispute regarding the proper method of allocation of the funds being held in escrow representing the proceeds realized from the sale of

---

[1] Each of the Canadian and U.S. Courts has approved the parties proceeding with the allocation dispute in accordance with an "Allocation Protocol" and has approved the "Litigation Timetable" that provides for the filing and serving of opening submissions. Capitalized terms used and not otherwise defined herein shall have the meaning ascribed thereto in the Opening Submission of Wilmington Trust, National Association, as Successor Indenture Trustee [Dkt. No. 10562].

84719065

substantially all of the business and intellectual property of Nortel (the "Sale Proceeds) and its affiliates around the globe (the "Allocation Dispute"), and in furtherance thereof, respectfully submits as follows:

1.      In the Motion to Approve Allocation Position of US Debtors and Official Committee of Unsecured Creditors (the "US Interests") [Dkt. No. 10537] (the "US Interests Joint Allocation Position"), the US Interests suggest that under their "fair market value" approach the US Debtors are entitled to a substantial majority of the Sale Proceed because it was the US Debtors that produced the lion's share of the revenue and cash that supported the other entities. See US Interests' Joint Allocation Position, at pg. 26.  In particular, the US Interests assert that the Courts must first determine which assets each legally distinct selling Debtor owned prior to the asset sales, and second, determine the fair market value of what the selling Debtor sold or relinquished.  See id. at pg. 19.  Under this approach, according to the US Interests, the Sale Proceeds would be allocated to each selling Debtor in an amount equal to the fair market value of property sold or relinquished by such selling Debtor.

2.      The US Interests contend further that, under their fair-mark-value approach, the US Debtors are entitled to a substantial majority of the Sale Proceeds sales because Nortel Networks, Inc. ("NNI"), one of the US Debtors, "was the principal revenue and cash flow generator among the MRDA Participants, funded most of the group's R&D, owned by far the most valuable enhanced exclusive license and provided credit support for the group's global operations."  See id. at pgs. 26-29.  In respect of the intellectual, the US Interests assert that NNI "effectively owned" most of the intellectual property because NNI held, and relinquished as part of the asset sales, licenses to the intellectual property that were exclusive, perpetual and royalty-free licenses, and such licenses therefore provided NNI with the "economic and tax equivalent of

ownership of the intellectual property in the exclusive jurisdiction" (i.e., the United States).  See id. at pg. 11.

3.      While suggesting that the Sale Proceeds should be divided based on the interests of the particular debtor in the assets sold, the US Interests ignore the significance of the fact that legal title to the intellectual property was held by the Canadian Parent NNL.  In fact, Article 4(a) of the MRDA provides that "legal title to any and all [Nortel Networks] Technology whether now in existence or hereafter acquired or developed pursuant to the terms of this Agreement, shall be vested in NNL.  In consideration therefor, NNL agrees to enter into an Exclusive License and Non-Exclusive License with each of the Licensed Participants as set forth in Article 5."

4.      Thus, for the reasons set forth in the Opening Submission of Allocation Position of Wilmington Trust, National Association, as Successor Indenture Trustee [Dkt. No. 10562] (the "Trustee's Allocation Position"), the Allocation Position of the Canadian Creditors Committee [Dkt. No. 10538] (the "CCC's Allocation Position"), and the Allocation Position of the Monitor and Canadian Debtors [Dkt. No. 10543] (the "Monitor and Canadian Debtor's Allocation Position"), the Sale Proceeds resulting from the sale of the intellectual property should be allocated to NNL, not NNI.  See Trustee's Allocation Position, ¶ 10; CCC's Allocation Position, ¶ 13; Monitor and Canadian Debtors' Allocation Position, ¶¶ 49-60.  The U.S. Interests fail to articulate a viable legal, or factual, basis to conclude otherwise

5.      Additionally, the US Interests contend that until their creditors are satisfied in full, including accrued interest, then equity (i.e., the Canadian parent) and, consequently equity's creditors, cannot recover from the Sale Proceeds including the sale of the intellectual property. While the US Interests do not address the appropriate interest rate that would be applied if the

US Debtors are solvent and the creditors are entitled to payment of accrued post-petition interest before recovery to equity, the Trustee expressly reserves its right to assert that in this specific case, any post-petition interest accrued in favor of a U.S. creditor should be based on the federal judgment interest rate as opposed to the contract rate that might otherwise be applicable to a creditor's claims.  See, e.g., In re Wash. Mut., Inc., 461 B.R. 200, 241-45 (Bankr. D. Del. 2011) (holding that the federal judgment rate applied, not the contract rate), vacated in part 2012 WL 1564880 (vacating the portions of the prior order addressing standing); In re Coram Healthcare Corp., 315 B.R. 321, 346-47 (Bankr. D. Del. 2003); In re Adelphia Commc'ns Corp., 368 B.R. 140, 256-57 (Bankr. S.D.N.Y. 2007) (holding that post-petition on an unsecured creditor's claim accrues at the federal judgment rate in a case where the debtor is solvent); In re Garriock, 373 B.R. 814, 817 (E.D. Va. 2007) (same); Onink v. Cardelucci (In re Cardelucci), 285 F.3d 1231, 1235 (9th Cir. 2002) (same); In re Best, 365 B.R. 725, 727 (Bankr. W.D. Ky. 2007) (same); In re Country Manor of Kenton, 254 B.R. 179, 183 (Bankr. N.D. Ohio 2000) (same); In re Dow Corning, Corp., 237 B.R. 380, 394 (Bankr. E.D. Mich. 1999) (same).

6.    Since this Responsive Submission is being filed prior to the Trustee having the opportunity to conduct discovery or analyze information already produced to other parties involved in the Allocation Dispute, the Trustee hereby reserves its rights to modify or amend its position as facts become fully known and developed during discovery.

7.    The Trustee also reserves the right to join in the submissions or portions of the submissions of other parties to the Allocation Dispute after having an opportunity to review such submissions.

4

Dated:  May 29, 2013
       Wilmington, Delaware

**COUSINS CHIPMAN & BROWN, LLP**

*/s/ Ann M. Kashishian*
Scott D. Cousins (No. 3079)
Ann M. Kashishian (No. 5622)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:    cousins@ccbllp.com
        kashishian@ccbllp.com

- and -

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
Kevin M. Baum
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022-2585
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776
Email:    craig.barbarosh@kattenlaw.com
        david.crichlow@kattenlaw.com
        karen.dine@kattenlaw.com
        kevin.baum@kattenlaw.com

*Counsel for Wilmington Trust, National Association*

84719065