## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Objection Deadline: June 20, 2013 at 10a.m.** |
|  | ) | **Hearing Date:       June 25, 2013 at 10 a.m.** |
|  |  | **RE:  Docket #s** 5790,7685,9304,10364,10375,10406 |

---

## MOTION COMPELLING DEBTORS TO ISSUE PAYMENT FOR SEVERANCE PER NORTEL NETWORKS SEVERANCE ALLOWANCE PLAN UPON DEBTORS PLANNED TERMINATION OF MY EMPLOYMENT ON JUNE 30, 2013 BY MARK R. JANIS, A NORTEL U.S. LTD EMPLOYEE

Mark R Janis, a current Nortel US LTD Employee signed herein, of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this motion compelling Debtors to issue payment for Severance per the Nortel Networks Severance Allowance Plan upon Debtors termination of LTD employment.  In support of this Motion, I respectfully represent as follows:

### BACKGROUND

1.      On June 22, 2011, the Court signed an "Order Appointing an Official Committee of Long-Term Disability Participants".  [D.I. 5790]

---

[1]  The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2.    On May 7, 2012 the Court signed an "Order Authorizing and Approving Procedures to Resolve or Otherwise Settle Claims of Employees Terminated Post-Petition.". [D.I. 7685]

3.    On January 8, 2013, the Debtors and the LTD 1102 Committee filed a Joint Motion "Joint Motion Pursuant to 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 To (I)(A) Preliminarily Approve The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certify A Class For Settlement Purposes Only, (C) Approve The Notice, Procedures, And (D) Schedule A Fairness Hearing; And (II)(A) Finally Approve The Settlement Agreement, (B) Finally Certify A Class, (C) Authorize The Debtors To Terminate The LTD Plans, And (D) Grant Related Relief". [D.I. 9304]

4.    On or about April 22, 2013, a Jointly Administered notification was received by retiree eligible LTD Employees, "Nortel Networks Inc. And Affiliated U.S. Debtors Retirement Election And Release Form For Long-Term Disabled Employees".  Please see Exhibit D

5.    On April 26, 2013 Nortel US LTD Employees filed "Motion to Compel Debtors to Disclose Critical Benefit Information Towards Discernment of Transition From LTD Plans to Retiree Plan". [D.I. 10364]  - This motion was approved by the Court on May 7, 2013.

6.    On April 29, 2013 Debtors filed a "Response To Nortel US LTD Employees Motion Compelling Debtors to Disclose Critical Benefit Information Towards Discernment of Transition From LTD Plans to Retiree Plan". [D.I. 10375]

7.    On May 1, 2013 the Court approved "Order (A)Approving the Settlement Agreement on a Final Basis (B)Certifying a Class for Settlement Purposes Only on a Final Basis (C)Authorizing the Debtors to Terminate the LTD Plans and (D)Granting Related Relief". [D.I. 10406]

8.    On May 1, 2013 the Court approved "Order Approving Motion of the Official Committee of Long Term Disability Participants for Approval of Distribution and Related Relief" [D.I. 10411]

## RELIEF REQUESTED

9.    As a result of my scheduled termination as a U.S. Nortel LTD Employee effective June 30, 2013, I request the Debtors issue payment to me for Severance, per the Nortel Networks Severance Allowance Plan.

## BASIS FOR RELIEF – SUMMARY

10.    U.S. Nortel LTD Employees are regular Employees that were working 20 or more hours per week up until the onset of their Disability, per the "2002 Long-Term Disability SPD" – p5, "Eligibility …. You are eligible to participate in the Long-Term Disability Plan if you are a regular Employee working 20 or more hours per week".  Please see Exhibit E.

11.    "Medical and other authorized leaves of absence are not considered to be "breaks" in employment", per the "2011 Severance Allowance Plan SPD" – p6-7, "How is my length of Service determined?' Please refer to Exhibit A.

12.     Long-Term Disability is an approved Medical Leave of Absence, approved explicitly by Nortel's LTD Claims Administrator, Prudential Insurance Company.

13.     U.S. Nortel LTD Employees are beneficiaries of Severance Plan since our status as Full-time or Part-time Employees is maintained by an approved leave of absence.

14.     Historically Nortel, as the plan sponsors and administrators of all benefits available to Full-time or Part-time Employees of Nortel, supports the fact that Nortel recognized the unbroken employment which LTD Employees retained through their approved medical leave of absence. LTD Employees are offered and issued Medical, Dental/Vision/Hearing, Life Insurance and AD&D benefits which are only available to Full-time or Part-time Employees. That aligns with the Severance Plan's recognition that an approved medical leave of absence is documented by the Debtors as not being considered a "break" in employment. Please see Exhibit G, "United States Benefits Confirmation Statement, 2013".

15.     Debtors further document their admission that Severance is due LTD Employees and that LTD are Full-time Employees. In the 2010 Termination Notice LTD employees were offered severance based on their accrued years of service continuing through their duration of LTD and are denoted as a "Full-time Employee"; and in both the 2010 Termination Notice and in the April 2013 LTD Retirement Election form, the LTD employees are asked to waive their rights to Severance as a pre-requisite to join the Retirement base. Please refer to Exhibits B and D respectively.

16.    U.S. Nortel LTD Employees are being terminated due to a workforce reduction, are documented as a Full or Part-time Employee on an approved medical leave of absence. An approved leave of absence does not constitute a break in employment per the Severance Plan and furthermore the Debtors have also documented LTD are due Severance outside of the Severance Plan itself. Therefore it is reasonable to conclude that all U.S. Nortel LTD Employees are due Severance.

### BASIS FOR RELIEF – DETAILS

### LTD Participants are Full-time Employees

17.    Debtors filed "Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees". [D.I. 8067]  Per Paragraph 12 of this Motion:  *"The benefits currently enjoyed by the LTD Employees, such as income continuation, as well as the specific medical benefits provided under the LTD Plans, are not available to Retirees. In order for an individual to have been eligible to receive short-term and long-term disability benefits (and thus be eligible to receive Benefits under the LTD Plans), he or she would have to have been "regular Employee working 20 or more hours per week" at the time of disability."*  This is a clear positioning on Debtors part that they do not consider LTD Participants to be retired.  Further, the Debtors recognize in their Motion that a current LTD Participant meets the requirements of having been either a Part-time or Full-time Employee at the time of disability to have ever qualified to receive LTD benefits.

18.     The Debtors have emphatically maintained the position that an LTD Participant is

indeed an Employee and argue that an LTD Participant is not retired. The very

fact the Debtors allowed and preferred that an 1102 Committee be established to

represent the LTD Participants versus an 1114 Committee granted to the retirees,

corroborates this fact. [D.I. 5790]

19.     Per Debtors filed response to the US Nortel LTD Employees inquisition as to

Debtors' intent to honor Severance, the Debtors stated *"The Debtors' position is*

*that they do not have any obligation to pay the LTD Employees any severance*

*amounts under the applicable Severance Plans. The Debtors' position is*

*supported by the language of the Severance Plans, which states that in order for*

*an individual to be eligible for severance benefits, she must be either a "Full-*

*Time Employee" who is "regularly scheduled to work at least thirty-five (35)*

*hours per week," or a "Part-Time Employee" who is "regularly scheduled to*

*work at least twenty (20) hours" per week. See, e.g., Nortel Networks Severance*

*Allowance Plan, sections 1.3(i), 1.3(j), 1.2,…". Since the LTD Employees are not*

*regularly scheduled to work any hours per week, they facially do not meet the*

*eligibility requirements to receive benefits under the Severance Plans."* [D.I.

10375]  A key qualifier is omitted here in the Debtors reference to the Severance

Plan's explanation of a Full-time Employee; that word is "Generally".  Section 2

of same document states *"Generally*, a Full-time Employee is one who is

regularly scheduled to work at least 35 hours per week…".  Omission of that

qualifier "Generally" results in strategic omission of the value of subsequent text

in Section 9 of the same Severance Plan that identifies "Medical and other

authorized leaves of absence are not considered to be "breaks" in employment."

Further, omission of that qualifier "Generally" also conveniently discounts

additional documents issued to US Nortel LTD Employees by the Debtors which

explicitly recognize the LTD status as being a Full-time Employee and due

Severance. Please see Exhibit B & D – "HR Shared Services U.S. – Termination

Notification", 2010 and "Nortel Networks Inc. and Affiliated U.S. Debtors

Retirement Election and Release Form for Long-Term Disabled Employees",

2013.

### Severance Allowance Plan – LTD Is Not A "Break" In Employment

20.     Per the "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan

Description 2011" (Exhibit A), the Debtors identify that the Severance Plan

applies to a Full or Part-time Employee and identifies that an authorized / medical

leave of absence, (which is what Long-term Disability is), is not considered an

interruption in that employment. Therefore an LTD Participant is per the Debtors

own criteria, a Full or Part-time Employee dependent on the number of hours they

worked at the time of their disability.  Indeed, they calculate the Severance due

based on that continuity of employee service.  Supporting excerpts from the

Severance Allowance Plan follow:

a.  *Question#1:*  *"Does the Plan cover me? The Plan covers you if you are a Full-*
*time or Part-time Employee of Nortel Networks Inc. (NNI) ...".*

b.  *Question#2:*  *"How do I determine if I am a Full-time or Part-time Employee who*
*is covered under the Plan?:*  ***Generally****, a Full-time Employee is one who is*
*regularly scheduled to work at least 35 hours per week".*  Introduction of the

word "Generally" removes the narrow definition of what follows and allows further definition of what constitutes Full-time Employee status as the document proceeds and additional documentation remitted by Debtors is produced.

    c.  <u>Question#8:</u>  *"Severance Allowance Benefits, How much will my severance allowance be? Your severance allowance is normally equal to four weeks of your "base weekly salary", plus one additional week of that "base weekly salary" for each year of Service."*

    d.  <u>Question #9:</u>  *"How is my length of Service determined? Your Service is the total periods of employment with an Employer or Affiliate. ... In calculating years of Service, a partial year of service exceeding six (6) months constitutes a full year of Service. Service is counted on based on your service anniversary date (not calendar year). ... Medical and authorized leaves of absence are not considered to be "breaks" in employment."*

21.    Additional documentation issued by the Debtors to support the fact that an LTD Participant is designated a Full-time Employee by the Debtors was produced when the Debtors issued termination notices of the LTD Plan and LTD Employment in June 2010, (Exhibit B – "HR Shared Services U.S. – Termination Notification"). The following points were documented within their context:

    a.  Employee Status is noted as "Full time".

    b.  Employment is noted as being terminated due to a *"workforce reduction"*, *"There are no jobs to return to"*.

    c. LTD Participants are offered Severance Allowance upon termination of their employment within this notice; that offering reflected the accumulation of years of service while on LTD per Nortel Networks Severance Allowance Plan.

    d. Page 8, point (E) asks for a Voluntary Waiver of all Benefits under the Nortel Networks Severance Allowance Plan in the sole instance that Employee wishes to commence coverage under Retiree Income Plan and Retiree Medical Plan.

22.    On or about April 22, 2013, retiree eligible LTD Employees received notification that they were able to participate in the Retiree Settlement Agreement, "Nortel Networks Inc. And Affiliated U.S. Debtors Retirement Election And Release Form For Long-Term Disabled Employees". Please see Exhibit D. Among the various qualifications to participate in the Retiree Settlement, LTD Employees were instructed that they must voluntarily retire and that voluntary retirement resulted in a waiver of their Severance. Please see the last paragraph of p.3 of that document *"... in accordance with the terms of the Nortel Networks Severance Allowance Plan, the Nortel Networks Enhanced Severance Allowance Plan and Nortel's past practice, you are not entitled to Severance benefits as a result of your voluntary retirement from Nortel."* Please note that as a U.S. Nortel LTD Employee petitioning the Court, that I am <u>not</u> a retiree, I have <u>not</u> voluntarily retired, I have <u>not</u> waived my claim to Severance, and are therefore due Severance according to the plan documents.

23.     The LTD Settlement Agreement presented via Joint Motion [D.I. 9304] explicitly

excludes claims arising under Severance Allowance Plans as being able to be

released or expunged by the Debtor. Please see D.I. 9304, Exhibit A of that

Docket, p. 24:  *For the avoidance of doubt, LTD Claims shall exclude the*

*following claims, if any, and any and all defense thereto, which claims shall not*

*be enforceable against or recoverable from the LTD General Unsecured Claim or*

*proceeds thereof, the Settlement Amount, the LTD Committee, or their advisors,*

*in each case as their capacity as such (and which claims collectively shall be*

*referred to as "Excluded Claims"):"* .... *"Claims arising under or relating to the*

*Nortel Networks Severance Allowance Plan or the Nortel Networks Enhanced*

*Severance Allowance Plans, including fringe benefits".*

24.     The LTD Settlement Agreement presented via Joint Motion [D.I. 9304] provides

for full settlement of loss of LTD benefits while the absolute dollar amount is a

fraction of the loss.  Cash proceeds from the sale of the LTD Settlement claim

will be distributed in accordance with the court order. Such distribution will be

through the restrictions of a new VEBA long term disability plan and Health

Reimbursement Account. Further, there is no allocation of funds for the

Severance component of employee benefits within the context of the LTD

Settlement Agreement; indeed Severance is specifically excluded from the LTD

Settlement Agreement as it is a distinct benefit offered to all US Nortel

Employees and not an LTD benefit as defined under any Debtor LTD plan.

25.     Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or

Otherwise Settle Claims Of Employees Terminated Post-Petition". [D.I. 7617]

Per paragraph 11 of this Motion:  *"Specifically, by this Motion, the Debtors are seeking the approval of Settlement Procedures that will permit the Debtors to resolve claims of Employees terminated from employment by the Debtors following the Petition Date (including the priority, classification and amount of the claims). Such claims primarily include, but are not limited to, claims under the Nortel Networks Severance Allowance Plan and the Nortel Networks Enhanced Severance Allowance Plan ... "*.  This demonstrates the Debtors intent to recognize the validity of employee claims under the Nortel Networks Severance Allowance Plan.

26.    Numerous Severance claims filed post-petition were allowed / paid by Nortel in full. Please see Exhibit C for a subset of said allowed Severance claims for illustrative purposes.  Details of individual claim submissions can be viewed at http://dm.epiq11.com/NNI/Claim . This documents Debtors follow-through on paying Severance in full for employees terminated post-petition.

27.    I, as a US Nortel Networks employee under the contract of the Nortel Networks Severance Allowance Plan, having retained my Employment Status due to an approved medical leave of absence and by the fact that I am being terminated due to a workforce reduction and will never have the benefit of future employment with Nortel am due payment of Severance.

## NOTICE

Notice of this Motion has been provided to the US Bankruptcy Court, Delaware and the Debtors Counsel, Cleary, Gottlieb, Steen & Hamilton LLP via priority class mail. Other parties will receive notice through the Court's electronic filing system. I respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, Mark R Janis, a Nortel US LTD Employees signed herein, respectfully request this Court grant this Motion and relief request herein compelling the Debtors to issue payment for Severance per Nortel Networks Severance Allowance Plan upon Debtors termination of my employment.

Dated: MAY 29, 2013

Mark R. Janis
193 Via Soderini
Aptos, CA 95003
Telephone: 831-684-1760
e-mail: mjanis@comcast.net

*Appearing Pro Se*