**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Objection Deadline:** |
| | ) **Hearing date:** |
| | RE: Docket #s 8067, 9304, 9427 |

## <u>Lois Uphold</u>, NORTEL US LTD EMPLOYEE, MOTION COMPELLING DEBTORS TO ADMIT MY CLAIM FOR SEVERANCE ALLOWANCE AS VALID PER NORTEL NETWORKS SEVERANCE ALLOWANCE PLAN AND ISSUE PAYMENT

Lois Uphold, a US Long-Term Disabled (LTD) Employee, of the above-captioned Debtors and Debtors-in-possession (the "<u>Debtors</u>"), hereby submits this motion compelling Debtors to admit my claim for Severance Allowance as valid per Nortel Networks Severance Allowance Plan and issue payment. In support of this Motion, I respectfully represent as follows:

## **BACKGROUND**

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**Personal Reasons for Justifacation of Severance Pay**

I could go on and on over and over what they themselves said that qualifies an employee to get severance pay. The same instructions and guide lines repeated year after year. But now that this time has arrived shouldn't it still be in force?

I was hired in 1980 and when I was hired I made a promise to them and myself I would be a loyal employee and do whatever I could when they needed me for something beyond the normal expectations.

I came up through the company in my 11yrs before my accident. I started as an assembler, to department lead, to field service then Q.A. to in house Q.A. Test Tech II. Help to company move three times, counting parts and helping to ship items. I was looking toward management when my accident happened. Even if that hadn't occurred bankruptcy did. Again not my fault.

Not only that, I would like to say that I was a very devoted employee. I went to work every day. Even when I was so sick I didn't know if I would make it through the shift. I knew it made it harder on everyone else if I didn't show up, so I went into work, because I cared about the company and my fellow employees.

I also went when we were told to stay home because of bad weather unless we lived close by, well I didn't live close by. I lived 160 miles away ( round trip). I went anyway.

More than once I worked a double shift because I was ask and was needed. I still had to drive home and return for my normal shift. I never did say I couldn't make it in or I was too sick.

I elected to leave my family and pets because there weren't enough volunteers to go into field service. But the job needed to be done.

I risked being in two plane crashes, flash floods in Az, hotel fire in Las Vegas.
It was a car crash that stopped me for good but even with that not knowing how badly I was hurt I tried to continue to try to work. The doctor who operated on my neck said he did not know why I wasn't paralyzed from the neck down.

I enjoyed very much working for Northern Telecom, I felt it was a great company to work for. If my accident not happened and they had not filed bankruptcy I most likely would have worked for the for many more years giving them my all. Thank you for your time in this.

Sincerely,

*[signature: Lois D. Uphold]*

Lois D. Uphold
Nortel I D Number 205856

1. On May 7, 2012 the Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or Otherwise Settle Claims Of Employees Terminated Post-Petition". [D.I. 7617] This Motion was approved by the Court on May 24, 2012. [D.I. 7685]

2. On July 30, 2012 the Debtors filed "Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees". [D.I. 8067]

3. On January 18, 2013, the Debtors and the LTD 1102 Committee filed a Joint Motion "Joint Motion Pursuant to 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 To (I)(A) Preliminarily Approve The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certify A Class For Settlement Purposes Only, (C) Approve The Notice, Procedures, And (D) Schedule A Fairness Hearing; And (II)(A) Finally Approve The Settlement Agreement, (B) Finally Certify A Class, (C) Authorize The Debtors To Terminate The LTD Plans, And (D) Grant Related Relief". [D.I. 9304]

4. Exhibit A of the aforementioned Joint Motion [D.I. 9304] presents the terms of the "Settlement Agreement".

5. On February 14, 2013, the order preliminarily approving the LTD Settlement was signed: "Order (A) Preliminarily Approving The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certifying A Class For Settlement Purposes Only, (C) Approving The Notice Procedures, (D) Scheduling A Fairness Hearing And (E) Granting Related Relief". [D.I. 9427]

## RELIEF REQUESTED

6. Contingent upon my termination, currently projected as being effective May 31, 2013 - I request the Debtors admit my claim for Severance Allowance as valid per the Nortel Networks Severance Allowance Plan and issue payment in the amount of $14,650.80.

## BASIS FOR RELIEF

7. Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or Otherwise Settle Claims Of Employees Terminated Post-Petition". [D.I. 7617] Per paragraph 11 of this Motion: *"Specifically, by this Motion, the Debtors are seeking the approval of Settlement Procedures that will permit the Debtors to resolve claims of Employees terminated from employment by the Debtors following the Petition Date (including the priority, classification and amount of the claims). Such claims primarily include, but are not limited to, claims under the Nortel Networks Severance Allowance Plan and the Nortel Networks Enhanced Severance Allowance Plan ... "*. This demonstrates the Debtors intent to recognize the validity of employee claims under the Nortel Networks Severance Allowance Plan.

8. The Settlement Agreement presented via Joint Motion [D.I. 9304] explicitly excludes claims arising under Severance Allowance Plans as being able to be released or expunged by the Debtor. Please see D.I. 9304, Exhibit A, p. 24:

*"For the avoidance of doubt, LTD Claims shall exclude the following claims, if any, and any and all defense thereto, which claims shall not be enforceable against or recoverable from the LTD General Unsecured Claim or proceeds thereof, the Settlement Amount, the LTD Committee, or their advisors, in each case as their capacity as such (and which claims collectively shall be referred to as "Excluded Claims"):"* .... *"Claims arising under or relating to the Nortel*

*Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including fringe benefits;"*.

9. The Settlement Agreement presented via Joint Motion [D.I. 9304] provides for partial compensation for loss of LTD benefits; i.e. it is a compromise but certainly does not provide for full income replacement. Further, I, as a Nortel Networks employee am entitled to Severance Allowance as contractually promised within Nortel Networks Severance Allowance Plan; there was no allocation of funds for Severance Allowance within the context of the Settlement Agreement.

10. When the Debtors issued termination notices of the LTD Plan and Employment in June 2010, (Exhibit A – "HR Shared Services U.S. – Termination Notification"), the following points were documented within their context:

   a. Employee Status is noted as "Full time".

   b. Employment is noted as being terminated due to a *"workforce reduction", "There are no jobs to return to"*.

   c. LTD employees are offered Severance Allowance upon termination of the LTD Plan and Employees; that offering reflected the accumulation of years of service while on LTD per the Nortel Networks Severance Allowance Plan.

   d. Page 8, point (E) asks for a Voluntary Waiver of all Benefits under the Nortel Networks Severance Allowance Plan <u>in the sole instance</u> that Employee wishes to commence coverage under Retiree Income Plan and Retiree Medical Plan. LTD Employees have Never been requested to sign such a waiver of their Severance Allowance contractually promised under the Severance Allowance Plan.

4

11. Per Nortel Networks documentation, as well as the Debtors continued recognition to-date of LTD Employees as being "active employees", I meet all eligibility criteria set forth in Nortel Networks Severance Allowance Plan for issuance of Severance Allowance. I have attached the "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan Description 2010" (Exhibit B) as the basis for my claim.

12. Per the "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan Description 2010", with respect to calculation of Severance Allowance …

   a. <u>Question#8:</u> *"Severance Allowance Benefits, How much will my severance allowance be? Your severance allowance is normally equal to four weeks of your "base weekly salary", plus one additional week of that "base weekly salary" for each year of Service."*

   b. <u>Question#9:</u> *"How is my length of Service determined? Your Service is the total periods of employment with an Employer or Affiliate. … In calculating years of Service, a partial year of service exceeding six (6) months constitutes a full year of Service. Service is counted on based on your service anniversary date (not calendar year). … **Medical and authorized leaves of absence are not considered to be "breaks" in employment.**"*

13. I entered employment with Nortel Networks on April 04, 1980.

14. Therefore as of May 31, 2013, I will have accrued 1,213 weeks of Severance Allowance. Further, my base weekly salary is $1465.09.

15. I request the Debtors admit my claim for Severance Allowance in the amount of $14,650.80 as valid and issue payment.

## **NOTICE**

1.  Notice of this Motion has been provided to the US Bankruptcy Court, Delaware and the Debtors Counsel, Cleary, Gottlieb, Steen & Hamilton LLP via first class mail. Other parties will receive notice through the Court's electronic filing system. I respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, Lois Uphold, signed herein respectfully requests this Court grant this Motion and relief request herein compelling the Debtors to recognize my claim for Severance Allowance per Nortel Networks Severance Allowance Plan as valid and issue payment.

Dated: 5-24-2013

Lois Uphold
201 Camden Park Dr.
Goldsboro, N.C. 27530

*Appearing Pro Se*