IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*, : Case No. 09-10138 (KG)
:
Debtors.[1] : Jointly Administered
:
: **Re: Docket No. 10731**
:
: **Hearing date: June 25, 2013 at 10:00 am (ET)**
:
------------------------------------------------------------ X

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF NORTEL NETWORKS INC, ET AL. TO THE DEBTORS' OMNIBUS OBJECTION
TO VARIOUS NORTEL US LTD EMPLOYEES' MOTIONS COMPELLING DEBTORS
TO ADMIT MY CLAIM FOR SEVERANCE ALLOWANCE AS VALID PER NORTEL
NETWORKS SEVERANCE ALLOWANCE PLAN AND ISSUE PAYMENT**

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc. ("NNI") and certain of its U.S. affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby joins (the "Joinder") in the *Debtors' Omnibus Objection to Various Nortel US LTD Employees' Motions Compelling Debtors to Admit My Claim for Severance Allowance as Valid Per Nortel Networks Severance Allowance Plan and Issue Payment* [D.I. 10731] (the "Objection"),[2] and requests that this Court deny the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (b), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them Objection.

relief requested in the motions filed by several long-term disabled individuals (the "Movants")[3] [D.I. 9304] (collectively, the "Motions"). In support of the Joinder, the Committee respectfully submits as follows:

## JOINDER

1. Since the appointment of the Official Committee of Long Term Disability Participants (the "LTD Committee") in August 2011, the Debtors, the LTD Committee, an ad hoc group of bondholders (the "Bondholder Group") and the Committee (collectively, the "Parties") spent a great deal of time and effort over the course of approximately 18 months to reach a resolution regarding the termination of the Debtors' Long Term Disability Plan and certain other plans and programs (collectively, the "LTD Plans") through litigation, negotiations and a court-approved mediation process. As a result of these efforts, the Parties reached a settlement regarding the termination of the LTD Plans (the "Settlement Agreement") which the Court approved on May 1, 2013 [D.I. 10406]. As the Court is aware, the Settlement Agreement provided, in relevant, for the termination of employment of the Debtors' long-term disabled employees who are participating in the LTD Plans (collectively, the "LTD Employees") as of June 30, 2013. The Motions filed by eight individuals who are current or former LTD

---

[3] Motions raising substantially similar arguments have been filed by the following eight (8) Movants: *Najam ud Dean, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed March 7, 2013 [D.I. 9598]; *Scott David Howard, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed March 7, 2013 [D.I. 9600]; *Remajos Brown, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed March 11, 2013 [D.I. 9647]; *Fred Lindow, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed March 15, 2013 [D.I. 9665]; *Estelle Loggins, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed March 18, 2013 [D.I. 9674]; *Vada Wilson Motion*, filed April 15, 2013 [D.I. 10151]; *John J. Rossi, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed April 18, 2013 [D.I. 10170]; *Dennis Wayne Bullock, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed May 6, 2013 [D.I. 10454].

Employees seek to compel the Debtors to pay such employees severance as a result of the scheduled termination of their employment.

2.    As set forth in the Objection, the Movants are not eligible to receive severance benefits under the plain language of the Severance Plans because they are not regularly scheduled to work a minimum number of hours per week as required under the Severance Plans and, in many instances, have not worked regularly for several years. Moreover, neither the 2010 Notices nor any other document qualifies the Movants for severance benefits under the Severance Plans. While the Committee, similar to the Debtors, is sympathetic to the plight of the Movants, without a basis in law or fact, the Motions must be denied.

3.    Accordingly, the Committee supports the Debtors' position and requests that the relief requested in the Motion be denied and thus, files this Joinder in support the Objection.

## CONCLUSION

For all of the foregoing reasons, the Committee respectfully requests that the Court (a) deny the relief requested in the Motions, and (b) grant the Committee such other and further relief as the Court deems just, proper and equitable.

Dated: June 3, 2013
      Wilmington, Delaware

Respectfully submitted,

By: _____
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel.: (302) 651-7700

and

Fred S. Hodara (*pro hac vice*)
Lisa G. Beckerman (*pro hac vice*)
David H. Botter (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1000

Co-counsel to the Committee

4