**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., et al.,[1]<br><br>                    Debtors.<br><br>Nortel Networks Inc.,<br><br>                    Plaintiff,<br><br>      v.<br><br>State of Michigan<br>Department of Treasury,<br><br>                  Defendant. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>(Jointly Administered)<br><br><br><br><br><br><br>Adv. Proc. No. 12-50773 (KG) |

**STIPULATION BY AND BETWEEN**
**NORTEL NETWORKS INC. AND MICHIGAN DEPARTMENT OF TREASURY**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and the State of Michigan Department of Treasury ("Michigan Treasury") (collectively referred to herein as the "Parties" and individually as a "Party"), with respect to the following facts:

WHEREAS, on January 14, 2009 (the "Petition Date"), NNI and its affiliated debtors and debtors in possession (the "Debtors") each filed voluntary petitions (with the exception of Nortel Networks (CALA) Inc., which filed on July 14, 2009) for relief under chapter 11 of title 11 of

---

[1] In addition to Nortel Networks Inc., the debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA," collectively, the "Debtors"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, the Office of the United States Trustee for the District of Delaware has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group"); and

WHEREAS, NNI was subject to the Single Business Tax Act ("SBT") and Michigan Business Tax Act ("MBT") for those years it operated within the State of Michigan; and

WHEREAS, on or about June 1, 2010, NNI filed amended SBT returns for tax years 2001, 2002, 2003, 2004 and 2005 (the "Amended Returns"); and

WHEREAS, on March 9, 2011, Michigan Treasury filed a Motion For Leave To File Late Claim in the amount of $1,486,114.81 against NNI as a result of the Amended Returns [D.I. 5091], and on March 31, 2011, this Court entered a revised order granting such motion [D.I. 5190]; and

WHEREAS, on April 27, 2011, Michigan Treasury filed a proof of claim against NNI in the amount of $1,486,114.81 (Claim No. 7719) with respect to assessment numbers TA54654, TA54889, S244330, S253415 and S256300 (the "Amended Return Claim"); and

WHEREAS, Michigan Treasury issued the following assessments against NNI:

    (1)    TN40713 was assessed for 2009 MBT liability and interest in the amount of $1,460,060.00;

(2)     TN40714 was assessed for 2010 MBT liability, penalties and interest in the amount of $196,478.00; and

(3)     TQ36722 was assessed for 2011 MBT liability, penalties and interest in the amount of $12,505.00 ((1), (2) and (3) together with any other postpetition assessments made by Michigan Treasury prior to the date of this Stipulation, the "Postpetition Assessments"); and

WHEREAS, pursuant to the State of Michigan's third party liability statute, Mich. Comp. Laws § 205.27a, Michigan Treasury has asserted against certain current and former NNI employees including, without limitation, Allen Stout, Paul Karr, Clare Barbieri and Jeffrey Wood (collectively, "NNI Employees"),[2] liability for amounts assessed against NNI including, assessment numbers TA54654, TA54889, S244330, S253415, S256300 and R859753 (the "NNI Employee Assessments"); and

WHEREAS, on June 15, 2012, NNI instituted an adversary proceeding against Michigan Treasury (Adv. Proc. No. 12-50773) (the "Adversary Proceeding") seeking (i) injunctive and declaratory relief to prevent Michigan Treasury from taking any action against NNI Employees to collect, assess, enforce or otherwise pursue in any manner whatsoever, fees, taxes, interest, penalties or any derivations thereof allegedly owed, owing or to be owed by NNI; (ii) a determination that NNI Employees are not liable for any fees, taxes, interest, penalties or any derivations thereof allegedly owed, owing or to be owed by NNI; and (iii) a determination that NNI is not liable for the Postpetition Assessments; and

---

[2]   The term "NNI Employees," as used in this Stipulation, is not limited to those individuals referenced herein, but includes individuals that have been identified and assessed or may later be identified and assessed by Michigan Treasury as potentially liable third parties pursuant to Mich. Comp. Laws § 205.27a.

WHEREAS, on July 11, 2012, the Bankruptcy Court granted NNI a preliminary injunction staying Michigan Treasury from taking any action against NNI Employees to collect, assess, enforce or otherwise pursue in any manner whatsoever, fees, taxes, interest, penalties or any derivations thereof allegedly owed, owing or to be owed by NNI [Adv. D.I. 24]; and

WHEREAS, on July 19, 2012. Michigan Treasury filed its Answer to the Adversary Complaint [Adv. D.I. 28]; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Adversary Proceeding, the Amended Return Claim, the Postpetition Assessments and the NNI Employee Assessments, the Parties have agreed to this Stipulation to resolve their disputes; and

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. <u>Incorporation of Recitals</u>.  The foregoing recitals are incorporated by reference as if fully set forth herein.

2. <u>Effectiveness</u>.  The agreements, acknowledgments and obligations contained herein are expressly contingent upon, and shall become effective only upon entry by the Bankruptcy Court of an order or orders approving this Stipulation and the expiration and waiver of the fourteen (14) day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (such date, the "<u>Effective Date</u>").

3. <u>Payment Obligation</u>.  Within ten (10) business days of the Effective Date, NNI shall pay Michigan Treasury $1,086,924.11 in full and final satisfaction of any and all claims that have been or could have been asserted in the Amended Return Claim, Postpetition Assessments and/or NNI Employee Assessments (the date the payment is made by NNI, the "<u>Payment Date</u>").  The Parties acknowledge that NNI will be required to file any and all tax

returns due as a result of the business conducted through December 6, 2012 (the date listed on NNI's Notice of Discontinuance, which was filed on December 6, 2012 and the date on which NNI ceased continued business activity in the State of Michigan). The Parties further recognize that, as a result of its chapter 11 case, NNI may be required to periodically file withholding returns with the State of Michigan on dates and for tax periods occurring after the discontinuance date. Any such withholding filings are expressly excluded from contemplation of the Notice of Discontinuance referenced above.

4. <u>Dismissal of Adversary Proceeding</u>. Within ten (10) business days of the Payment Date, NNI shall file with the Bankruptcy Court a Notice of Dismissal with prejudice of the Adversary Proceeding.

5. <u>NNI and NNI Employee Release</u>. Effective upon the Payment Date, Michigan Treasury releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, employees, officers and/or directors (including, without limitation, Allen Stout, Paul Karr, Clare Barbieri and Jeffrey Wood), agents, attorneys, and their personal representatives, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all liability for any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Michigan Treasury now has, had, may have had or hereafter may have against any of the Debtor Releasees arising from or related to the period prior to the Petition Date (including, without limitation, the Amended Return Claim) and/or the Postpetition Assessments.

6. <u>Michigan Treasury Release</u>. Effective upon the Payment Date, the Debtors and their respective current and former affiliates, subsidiaries, shareholders, officers, employees,

agents, attorneys, and their personal representatives, successors and assigns, release and forever discharge Michigan Treasury from any and all claims, demands, liabilities, setoffs, recoupments, refunds, credits, overpayments, costs and expenses, known or unknown, past or present, fixed or contingent, liquidated or unliquidated that the Debtors now have, had, may have had, or hereafter may have arising from or related to the period prior to the Petition Date (including, without limitation, the Amended Return Claim and/or the Postpetition Assessments).

7. <u>Limitation of Releases</u>.  For the avoidance of doubt, the releases provided in paragraphs 5 and 6 hereof do not affect Michigan Treasury's right to assert a claim against NNI arising from tax liabilities that may be incurred subsequent to a final, non-appealable Bankruptcy Court order approving this Stipulation, including, but not limited to, tax liability resulting from NNI's 2012 Corporate Income Tax or other business tax filings ("<u>Future Claims</u>").  The Debtors reserve all of their rights and defenses to setoff any and all refunds, credits and/or overpayments that may arise as part of any Future Claims asserted by Michigan Treasury against NNI.

8. <u>Withdrawal of Claim and No Further Claims</u>.  On the Payment Date, the Amended Return Claim shall be deemed withdrawn with prejudice, and Michigan Treasury shall be forever barred from filing any further proofs of claim arising from or related to the period prior to the Petition Date against any of the Debtors in the Debtors' chapter 11 cases.

9. <u>Binding Effect</u>.  This Stipulation and the order of the Bankruptcy Court approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

10. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications,

understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

11. <u>No Transfer</u>.  Michigan Treasury represents that it has not sold, assigned or otherwise transferred the Amended Return Claim or any of the claims being released pusuant to this Stipulation to a third party and that it has full power and authority to enter into this Stipulation.

12. <u>No Reliance</u>.  Each Party acknowledges and agrees that it has not relied on any statement or representation of any other Party, person or entity in determining to enter into this Stipulation.

13. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in any claim asserted by Michigan Treasury.

14. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

15. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

16. <u>Representative Capacity</u>.  Each person executing this Stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

17. <u>Participation in Drafting</u>.  Each Party represents and warrants that it has participated in the drafting and preparation of this Stipulation.  In any construction of this

Stipulation, the Stipulation shall not be construed for or against any Party, but the same shall be construed fairly according to its plain meaning.

18. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

19. <u>Court Approval</u>.  The Parties hereby agree to the entry of an order by the Bankruptcy Court approving this Stipulation.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the claims resolved by this Stipulation and this proposed settlement shall not constitute an admission by the Parties regarding the validity of the claims resolved by this Stipulation or any legal arguments related thereto.

20. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Signature Pages to Follow*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: May 24, 2013

| NORTEL NETWORKS INC. | STATE OF MICHIGAN DEPARTMENT OF TREASURY |
|---|---|
| *[signature]*<br>John J. Ray<br>Principal Officer | _____<br>Glenn A. White<br>Deputy Treasurer |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: May 24, 2013

| NORTEL NETWORKS INC. | STATE OF MICHIGAN DEPARTMENT OF TREASURY |
|---|---|
| _____ | _____/s/_____ |
| John J. Ray | Glenn R. White |
| Principal Officer | Deputy Treasurer |