## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                       :
                                                       :        Chapter 11
                                                       :
*In re*                                                :
                                                       :        Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                     :
                                                       :        Jointly Administered
                                  Debtors.             :
                                                       :        **Re: Docket No. 10755**
                                                       :
                                                       :
-------------------------------------------------------X

### LIMITED JOINT RESPONSE OF THE DEBTORS AND THE COMMITTEE TO THE RESPONSE OF THE U.K. PENSION CLAIMANTS TO THE COURT'S ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS

Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the

"Committee"), respectfully submit this limited response (the "Joint Response") to certain points

made in the Response of the U.K. Pension Claimants to the Court's Order to Show Cause Why

the Court Should Not Impose Sanctions, dated June 4, 2013 (the "Claimants' Response") [D.I.

10755], filed by the Trustee of the Nortel Networks UK Pension Plan and the Board of the

Pension Protection Fund (collectively, the "U.K. Pension Claimants").[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    The Court's Order requesting Claimants' Response [D.I. 10607] was entered after the Debtors and the Committee submitted their Joint Objection, dated May 21, 2013 (the "Objection to the Motion to Shorten") [D.I. 10602], in response to the Motion to Shorten Notice Period for the Motion to Strike the Joint Objection to the Amended Proofs of Claim, dated May 20, 2013 [D.I. 10600] (the "Motion to Shorten"), in which the U.K. Pension Claimants sought to accelerate review of their Motion to Strike the Joint Objection to the Amended Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund [D.I. 10598] (the "Motion to Strike").

In support of this Joint Response, the Debtors and the Committee respectfully state as follows:

**RESPONSE**

1.      The Debtors and the Committee take no position on whether sanctions against the U.K. Pension Claimants or their counsel are appropriate.  The Debtors and the Committee initially had not intended to respond to the Court's order to show cause regarding sanctions.  A brief response is warranted, however, because, in their Response, the U.K. Pension Claimants unfortunately have chosen to make unfounded attacks against the Debtors and the Committee.

2.      The U.K. Pension Claimants accuse the Debtors and the Committee of creating an "inaccurate impression" of the U.K. Pension Claimants' position.  (Claimants' Response at 2.) In particular, the U.K. Pension Claimants assert that the Debtors and the Committee created the inaccurate impression that the U.K. Pension Claimants did not intend to serve document requests and interrogatories by May 22, 2013, as required by the Litigation Timetable.  This is simply untrue.  The Debtors and the Committee, in their Objection to the Motion to Shorten, accurately described the U.K. Pension Claimants' position as follows:  while the U.K. Pension Claimants would file their document requests and interrogatories on May 22, 2013, they warned that those discovery requests would not be narrowly tailored, as required by the Discovery Plan.  The quotes below comparing the U.K. Pension Claimants' Motion to Strike and the Debtors' and the Committee's Objection make clear that the Debtors and the Committee accurately described the U.K. Pension Claimants' position.

| Motion to Strike | Objection to the Motion to Shorten |
|---|---|
| "[T]he U.K. Pension Claimants are left with no choice but to assume that at trial the Debtors will deny *all* the allegations in the Amended Claims. As a result, it will be virtually | "The U.K. Pension Claimants have affirmatively stated that they intend to serve broad discovery requests on the assumption that their allegations are all denied."  (¶ 2(b).) |

| | |
|---|---|
| impossible for the U.K. Pension Claimants to serve 'limited and specific requests' and at the same time adequately prepare for trial."  (¶ 4 (emphasis in original).) | |
| "Without knowing which of the specific allegations contained in the 325 paragraphs of the Amended Claims are in dispute, drafting a 'limited' request is not realistic or likely even possible.  Having been left in the dark by the Debtors, the U.K. Pension Claimants cannot reasonably be expected to be able to comply with the terms of the Discovery Plan."  (¶ 25.) | "Even though the parties have an obligation to serve reasonable targeted discovery requests on a date certain (the Courts having rejected the Monitor's proposal for rolling requests over a period of weeks), the U.K. Pension Claimants are laying down their marker in advance to excuse their potential non-compliance."  (¶ 4.) |

3.    After the U.K. Pension Claimants' counsel, in an email to the Debtors' counsel, similarly took the position that the Debtors created an inaccurate impression of the U.K. Pension Claimants' Position, the Debtors' counsel specifically explained how no misimpressions were created in the Objection to the Motion to Shorten and provided the above quotes to confirm this point.  In that same email, counsel for the Debtors said "[w]hile we would prefer to stay out of the Court's order to show cause on sanctions, if any submission you make were to mischaracterize or otherwise attack our Objection [to the Motion to Shorten], we would be forced to respond."  May 28, 2013 email from Lisa Schweitzer to Brian O'Connor, a copy of which is attached as Exhibit 1 hereto.

4.    The U.K. Pension Claimants also take umbrage at the Debtors' and the Committee's request that the Court send a "stern message" regarding the U.K. Pension Claimants' position that they were somehow impeded in their ability to comply with the Litigation Timetable and Discovery Plan, despite having agreed to the Timetable and Plan following receipt of the U.S. Interests' objection to their claims.  The U.K. Pension Claimants do not seriously contest, however, that they took this position, nor could they.  In their Motion to Strike, the U.K. Pension Claimants stated that unless an answer also was filed by the Debtors,

"the U.K. Pension Claimants cannot reasonably be expected to be able to comply with the terms of the Discovery Plan." (Motion to Strike ¶ 25.)[3]  However, prior to seeking expedited consideration of their Motion to Strike, the U.K. Pension Claims never raised this issue with the Court or the Debtors in connection with or following the approval of the Litigation Timetable and Discovery Plan.  It was this combination of the disingenuous position taken by the U.K. Pension Claimants and their request for shortened notice, necessitated by their failure to raise the issue previously, that elicited the Debtors' and the Committee's suggestion that a stern warning be given by the Court.  There is no reason that the U.K. Pension Claimants cannot comply with ongoing discovery deadlines and Discovery Plan requirements merely because they received a detailed Joint Objection rather than an answer, which answer was not required in any event.  Further, there was and continues to be no reason that their Motion to Strike be considered on an emergency basis.

5.      The U.K. Pension Claimants also state that the Debtors and the Committee have the "palpable temerity" to assert that the U.K. Pension Claimants waited six days after receiving the Joint Objection to the Amended Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and the Board of the Pension Protection Fund, dated May 14, 2013 [D.I. 10519] (the "Joint Claims Objection"), and on the eve of the deadline to serve discovery requests, to serve their Motion to Strike and Motion to Shorten.  That, however, is exactly what happened.  Moreover, they claim that the Debtors and

---

[3]      In their Response, the U.K. Pension Claimants confirm this was their position, saying "the U.K. Pension Claimants did note that the Debtors' failure to respond to the Amended Claims as required by Rule 7012 was effectively precluding them from serving as limited and specific requests as they would have otherwise been able to serve" (Claimants' Response at 2), where the Discovery Plan requires the parties to serve "limited and specific requests." (Discovery Plan at 3.)  They further assert they sought the Motion to Strike to be heard on an expedited basis in order for them to be able to "prepare efficiently and intelligently to comply with the impending deadlines in the Litigation Timetable beyond the May 22 Deadline" by which they imply without such relief they would not have been able to comply with the deadlines.  (Claimants Response at 2 (emphasis in original).)

the Committee take "extreme liberties with the record" by asserting that the U.K. Pension Claimants "supported the entry of the Litigation Timetable and Discovery Plan without reservation (other than on a narrow unrelated issue)." (Claimants' Response at 5, n.3.) No such liberties were taken. The U.K. Pension Claimants *did*, however, support the entry of the Litigation Timetable and Discovery Plan without any complaint about the Joint Claims Objection, which they received the prior day, before they agreed to support the Timetable and Plan, as they acknowledge in their Response. The only quibble the U.K. Pension Claimants appear to have is that they believe the one reservation they raised in respect of the Litigation Timetable and Discovery Plan was not "narrow." This does not alter the fact that the one reservation they had in respect of the Litigation Timetable and Discovery Plan was unrelated to the Joint Claims Objection or any of the issues that they raised in the Motion to Strike or the Motion to Shorten.

6. Finally, we note that the U.K. Pension Claimants devote a large portion of their response to the merits of their Motion to Strike. As the Motion to Strike is not the subject of the June 11 hearing, and because the Court has already ruled that the Debtors and the Committee need not respond to the merits of the Motion to Strike until such time as the Court orders otherwise, the Debtors and the Committee will refrain from responding to the U.K. Pension Claimants' merits arguments here. The Debtors and the Committee are confident that the complaints are unfounded (indeed, the U.K. Pension Claimants learned far more from the lengthy and detailed Joint Claims Objection than any answer in the form required by the federal pleading rules would have provided), and they reserve their right to respond to the merits later in the event the Court deems such a response is necessary or appropriate.

5

## RESERVATION OF RIGHTS

7.      The Debtors and the Committee further reserve their right to amend or

supplement this Joint Response and to file further and additional objections to the Motion to

Strike.


Dated:  June 6, 2013                        CLEARY GOTTLIEB STEEN & HAMILTON LLP
Wilmington, Delaware

                                            Howard S. Zelbo (admitted *pro hac vice*)
                                            James L. Bromley (admitted *pro hac vice*)
                                            Jeffrey A. Rosenthal (admitted *pro hac vice*)
                                            Lisa M. Schweitzer (admitted *pro hac vice*)
                                            Neil P. Forrest (admitted *pro hac vice*)
                                            One Liberty Plaza
                                            New York, New York 10006
                                            Telephone:  (212) 225-2000
                                            Facsimile:  (212) 225-3999

                                                - and -

                                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP


                                            */s/ Ann C. Cordo*
                                            Derek C. Abbott (No. 3376)
                                            Eric D. Schwartz (No. 3134)
                                            Ann C. Cordo (No. 4817)
                                            1201 North Market Street
                                            P.O. Box 1347
                                            Wilmington, Delaware 19801
                                            Telephone:  (302) 658-9200
                                            Facsimile: (302) 658-3989

                                            *Counsel for the Debtors*
                                            *and Debtors in Possession*

                                                - and -

                                            AKIN GUMP STRAUSS HAUER & FELD LLP

                                            Fred Hodara (admitted *pro hac vice*)
                                            David Botter (admitted *pro hac vice*)
                                            Abid Qureshi (admitted *pro hac vice*)

One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee
of Unsecured Creditors*