IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
*In re*                                                    :    Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,                            :    Case No. 09-10138 (KG)
                                                           :    Jointly Administered
              Debtors.                :
                                                           :    Related to Docket No. 10524, and
                                                           :    Joint Hearing to be Held Before
                                                           :    the US & Canadian Courts
-----------------------------------------------------------X    June 11, 2013 at 10:00 a.m. EDT


**NOTICE PURSUANT TO CROSS BORDER PROTOCOL
SECTION 12(d) OF CANADIAN CREDITORS COMMITTEE
CONTINUING REQUEST FOR REVISED PROTECTIVE ORDER**

**PLEASE TAKE NOTICE** that pursuant to section 12(d) of the Amended Cross-Border Court-to-Court Protocol approved in the above-captioned cases [Dkt. No. 990], attached as **Exhibits B** and **C** hereto are courtesy copies of the Motion Record of the Cross-Motion (Protective Order) and Factum of the Canadian Creditors' Committee (the "**CCC**") filed June 6, 2013 with the Canadian Court. Attached for the Court's assistance as **Exhibit A** hereto is a true and correct copy of the CCC Proposed Protective Order annexed as Exhibit G to the June 6, 2013 Motion Record, which previously has been filed with the Canadian Court and with this Court [D.I. 10524].

**PLEASE TAKE FURTHER NOTICE** that the CCC continues its request that the Court enter a protective order that (1) narrowly construes the confidentiality designation that can be applied to documents produced in discovery; and (2) places the burden of asserting confidentiality on the producing party.

The Nortel bankruptcy is of significant public concern, and the public has a strong interest in the transparency of the proceedings. While the CCC has repeatedly attempted to come to agreement with the US Debtors on this issue, the US Debtors continue to propose a protective

1

order that is improperly overbroad in its designations of confidentiality under Third Circuit precedent, and practically unworkable.

The Third Circuit requires a court to engage in a good cause balancing test before entry of a protective order designating documents as confidential.  Here, weighing heavily in favor of very narrowly tailored confidentiality designations, the public interest is particularly important:

- Nortel was one of Canada's largest companies, with annual revenue of approximately $30 billion at its peak;
- Nortel employed approximately 93,000 people at its peak, many of whom face the loss of pension benefits in these proceedings;
- These proceedings concern the allocation of approximately $9 billion; and
- Nortel's insolvency has been the subject of widespread media coverage, which will undoubtedly continue.

In *E.E.O.C. v. Kronos, Inc.*[1] the district court entered the type of blanket order that the U.S. Debtors seek here, a protective order that broadly designated materials as confidential, without conducting the required balancing test.  The Third Circuit overturned the order, in part because "the District Court [did] not conduct the required good cause balancing test before entering th[e] order."[2]  The Third Circuit vacated and remanded, explicitly instructing the district court "to conduct a good cause balancing test."[3]

The good cause test has two important steps, both of which cut in favor of the CCC's proposed protective order.  Under the first part of the Third Circuit's good cause test, the party proposing the designation of confidentiality must satisfy the Court that "disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity.  Broad allegations of harm, unsubstantiated by specific examples or articulated

---

[1] 620 F.3d 287, 302 (3d Cir. 2010).
[2] *Id.* (citations omitted).
[3] *Id.*

2

reasoning, do not support a good cause showing."[4] Under the second part of the good cause test, the Court "should balance public interests against private interests."[5]

The US Debtors have not shown and cannot show that the disclosure of any information—much less the broad swaths they seek to keep confidential in their protective order—will cause "clearly defined and serious injury." Nortel no longer is a going concern and its remaining business interests are negligible. To the extent there may be continuing confidentiality obligations undertaken at the request of non-stakeholder asset sale counterparties, the affected documents should be readily capable of identification. Further, much of the information the US Debtors seek to close off is many years old. As to the second prong of the good cause test, as noted above, the CCC has demonstrated that the public interest weighs heavily in favor of transparency in this case.

The CCC's proposed protective order provides a fair and workable procedure, that also respects the public interest in civil proceedings in general and in the Nortel bankruptcy and allocation proceeding in particular. It proposes a very narrowly tailored confidentiality designation, and properly places the burden on the producing party to justify any such designation.

The public interest is substantially and directly implicated by this case, which involves the material pension interests of tens of thousands of pensioners in many different countries and the allocation of approximately $9 billion in assets. The CCC respectfully submits that the US Debtors' proposed protective order is overbroad in its definitions and applications of confidentiality, and cannot properly be entered by this Court under Third Circuit precedent. Further, it is unworkable and unwieldy, and would create needless work for the Court and the

---

[4] *Id.*

[5] *Id.*

parties.  Accordingly, the CCC requests that the Court enter the CCC's proposed protective order, and reject the US Debtors' proposed protective order.

Dated: June 7, 2013
      Wilmington, DE

**DLA PIPER LLP (US)**
By: _/s/ Selinda A. Melnik_
Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
selinda.melnik@dlapiper.com

- and -

Richard Hans
Timothy Hoeffner
*Admitted Pro Hac Vice*
1251 Avenue of the Americas
New York, NY 10020
richard.hans@dlapiper.com
timothy.hoeffner@dlapiper.com

*Counsel for the Canadian Creditors Committee*