# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks, et al. | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF MICHAEL J. WUNDER

Michael J. Wunder hereby declares:

1. I am a partner at the law firm of Dentons Canada LLP ("**Dentons Canada**") f/k/a Fraser Milner Casgrain LLP ("**FMC**"), which maintains offices throughout Canada including at 77 King Street West, Suite 400, Toronto, Ontario, Canada, M5K 0A1. I am resident in the firm's Toronto office. I am familiar with the matters set forth herein and submit this supplemental declaration on behalf of Dentons Canada pursuant to Bankruptcy Rule 2014 and the *Order Authorizing the Official Committee of Unsecured Creditors of Nortel Networks Inc. et al., to Retain and Employ Fraser Milner Casgrain LLP as Canadian Counsel, Nunc Pro Tunc to January 26, 2009* [Docket No. 428] (the "**FMC Retention Order**").

2. On March 5, 2009, this Court entered the FMC Retention Order authorizing FMC to act as Canadian counsel to the official committee of unsecured creditors (the "**Committee**").

3. I submit this Supplemental Declaration in order to fulfill the continuing obligation of Dentons Canada to update its disclosures.

## COMBINATION

4. On March 28, 2013, FMC entered into a combination with Salans LLP and other members of SNR Denton Group (a Swiss Verein). As a result of that combination, FMC has

1970229_5|NATDOCS

changed its name to Dentons Canada LLP and is now a member of Salans FMC SNR Denton Group (a Swiss Verein). Unlike a merger, where different entities combine to share profits and clients as part of a single partnership entity, through membership in a Swiss verein structure, each member firm remains a separate legal entity. Thus, any representations undertaken by other members of the verein are not considered conflicts with the clients of the Canadian member.

5. Dentons Canada will continue representing the Committee in the Chapter 11 Cases and the Canadian proceedings in accordance with the FMC Retention Order.

6. Although FMC's name has changed, it and its lawyers' addresses, phone numbers, and fax numbers have not been affected by this change.

## ADDITIONAL DENTONS CANADA LAWYERS (GROSSMAN AND CAVANAGH)

7. As set forth in paragraph 21 of my original declaration, attached to the *Application of the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al. to Retain and Employ Fraser Milner Casgrain LLP as Canadian Counsel, Nunc Pro Tunc to January 26, 2009* [Docket No. 287] (the "**Original Wunder Declaration**"), prior to the commencement of these proceedings, certain Dentons Canada attorneys acted as Canadian co-counsel to U.S. law firms and their clients who were lead plaintiffs in class action lawsuits against certain Nortel entities (the "**Class Actions**"). The Class Actions were not related to Nortel's worldwide insolvency proceedings and did not involve the U.S. Debtors. The Class Action work is completed.

8. When the Original Wunder Declaration was filed with this Court in connection with the Committee's application to retain FMC as the Committee's Canadian counsel, out of an over-abundance of caution, I stated in the Original Wunder Declaration that lawyers that had

1970229_5|NATDOCS

3.

worked more than 10 hours in connection with the Class Actions would not participate in the representation of the Committee notwithstanding that, based on FMC's understanding of the U.S. Bankruptcy Code, such limitation was not required pursuant to the U.S. Bankruptcy Code. At this time, two of the lawyers who previously worked on the Class Actions, Barbara Grossman and Peter Cavanagh, are uniquely qualified to assist the Committee with the next phase of these insolvency proceedings. As the exclusion of such FMC/Dentons Canada lawyers from representation of the Committee was not necessary or required, Dentons Canada will use Barbara Grossman and Peter Cavanagh, who worked on the Class Actions, to assist in Dentons Canada's representation of the Committee. I previously advised the Office of the United States Trustee before filing this Supplemental Declaration that Barbara Grossman and Peter Cavanagh would act on behalf of the Committee.

9.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Dated: June 5, 2013

Michael J. Wunder