```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE

IN RE:                      )   Case No. 09-10138 (KG)
                            )   (Jointly Administered)
                            )
NORTEL NETWORKS, INC.,      )
        et al.,             )   Chapter 11
                            )
          Debtors.          )
                            )   Courtroom 3
                            )   824 Market Street
                            )   Wilmington, Delaware
                            )
                            )   June 11, 2013
                            )   10:00 a.m.


                 TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN GROSS
             UNITED STATES BANKRUPTCY JUDGE
APPEARANCES:
For Debtors:            Morris Nichols Arsht & Tunnell, LLP
                        BY: DEREK ABBOTT, ESQ.
                        BY: ANN CORDO, ESQ.
                        1201 N. Market St., 18th Fl.
                        Wilmington, DE  19899-1347
                        (302) 351-9357

                        Cleary Gottlieb Steen & Hamilton
                        BY: LISA SCHWEITZER, ESQ.
                        BY: MARLA DECKER, ESQ.
                        BY: JAMES BROMLEY, ESQ.
                        BY: JACQUELINE M. MOESSNER, ESQ.
                        One Liberty Plaza
                        New York, NY  10006
                        (212) 225-2000


ECRO:                   GINGER MACE

Transcription Service:  DIAZ DATA SERVICES, LLC
                        331 Schuylkill Street
                        Harrisburg, Pennsylvania 17110
                        (717) 233-6664
                        www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For the Creditors'          Richards Layton & Finger
Committee:                  BY: AMANDA STEELE, ESQ.
                            One Rodney Square
                            920 North King Street
                            Wilmington, DE  19801


                            Akin Gump Strauss Hauer & Feld
                            BY: FRED HODARA, ESQ.
                            BY: DAVID BOTTER, ESQ.
                            BY: ROBERT JOHNSON, ESQ.
                            One Bryant Park
                            New York, NY  10035
                            (212) 872-1000

For Bondholder Group:       Pachulski Stang Ziehl & Jones
                            BY: KATHLEEN MALKOWSKI, ESQ.
                            919 N. Market St., 17th Floor
                            Wilmington, DE  19801
                            (302) 778-6417

For Monitor, Ernst &
Young:                      Buchanan Ingersoll & Rooney, PC
                            BY: MARY CALOWAY, ESQ.
                            1105 North Market St., Ste. 1900
                            Wilmington, DE  19801-1054


For EY/Canadian
Estates:                    Allen & Overy
                            BY: DANIEL GUYDER, ESQ.
                            BY: LAURA HALL, ESQ.
                            1221 Avenue of the Americas
                            New York, NY  10020
                            (212) 610-6417


For U.K. Pension
Interests:                  Willkie Farr & Gallagher, LLP
                            BY: BRIAN O'CONNOR, ESQ.
                            BY: SAMEER ADVANI, ESQ.
                            787 Seventh Avenue
                            New York, NY  10019-6099
                            (212) 728-8000

For UK Pension
Claimants:                  Bayard
                            BY: JUSTIN ALBERTO, ESQ.
                            222 Delaware Ave., Ste. 900
                            Wilmington, DE  19801
                            (302) 429-4226

APPEARANCES:
(Continued)

For EMEA Debtors/
Joint Administrators:          Young Conaway Stargatt & Taylor
                               BY: JOHN DORSEY, ESQ.
                               Rodney Square
                               1000 North King Street
                               Wilmington, DE  19801
                               (302) 571-6000

                               Hughes Hubbard & Reed LLP
                               BY: NEIL OXFORD, ESQ.
                               One Battery Park Plaza
                               New York, NY  10005
                               (212) 837-6068

For Canadian Creditors
Committee (CCC):               DLA Piper, LLP, U.S.
                               BY: SELINDA A. MELNIK, ESQ.
                               919 N. Market St., Ste. 1500
                               Wilmington, DE  19801
                               (302) 468-5650

For Law Debenture
(Trustee):                     Morris James LLP
                               BY: STEPHEN M. MILLER, ESQ.
                               500 Delaware Avenue, Ste. 1500
                               Wilmington, DE  19801-1494
                               (302) 888-6853

TELEPHONIC APPEARANCES:

For U.K. Pension Trust
Limited:                       Willkie Farr & Gallagher, LLP
                               BY: ANDREW HANRAHAN, ESQ.

For Law Debenture:             Patterson, Belknap Webb & Tyler
                               BY: DANIEL A. LOWENTHAL, ESQ.

For Interested Party:          Barclays Capital, Inc.
                               BY: OLIVIA MAURO

For Interested Party:          Farallon Capital Management
                               BY: MICHAEL LINN

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:      Bank of America
                           BY: ESTHER Chung

For Interested Party:      Aurelius Capital Management, LP
                           BY: MATTHEW A. ZLOTO

For Ad Hoc Committee:      Milbank Tweed Hadley & McCloy
                           BY: CINDY CHEN DELANO, ESQ.
                           BY: ANDREW LEBLANC, ESQ.

For Wilmington Trust:      Katten Muchin Rosenman, LLP
                           BY: KAREN B. DINE, ESQ.

For Nortel Networks
U.K. Pension Trust:        Hogan Lovells US, LLP
                           BY: ANGELA DIMSDALE GILL, ESQ.

For Interested Party:      Thornton Grout & Finnigan
                           BY: D. J. MILLER, ESQ.

For Interested Party:      Malek Schiffrin, LLP
                           BY: JAVIER SCHIFFRIN, ESQ.

For Canadian Creditors
Committee:                 McCarthy Tetrault, LLP
                           BY: BYRON SHAW, ESQ.

For Creditor:              Napier Park Global Capital
                           BY: REBECCA SONG

For CAW-Canada and
George Borosh, et.al.:     CAW Canada
                           BY: BARRY WADSWORTH

For former Employees
Of Nortel (Canada):        Koskie Minsky, LLP
                           BY: MARK ZIGLER, ESQ.

1

1    WILMINGTON, DELAWARE, TUESDAY, JUNE 11, 2013, 10:00 A.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning everyone.  Thank you,

4    please be seated.  Justice Morawetz, good morning, sir.

5              JUSTICE MORAWETZ:  Good morning, Judge Gross.

6    Good morning, Counsel in both Toronto and Wilmington.  As

7    you know, this Joint Hearing is being conducted in

8    accordance with the provisions of the Cross Border Protocol

9    previously approved by both Courts.  Judge Gross and I have

10   had our usual consultation to deal with procedural matters.

11             Mr. Ruby, I see that you are at the podium.  Is

12   there any consensus as to whether the matter should proceed

13   either here or in Delaware first?

14             MR. RUBY:  I suggest we do it here.  The only

15   issue in Canada is the Protective Order.  It's on consent.

16   So I think we can dispose of it quickly and let our friends

17   in the U.S. continue on with their issues afterwards.

18             JUSTICE MORAWETZ:  I do note that they have

19   obviously, the same issue before them today.  And then Judge

20   Gross dealing with some other matters later.  Is that

21   acceptable, Judge Gross, that Mr. Ruby starts here?

22             THE COURT:  That's fine with me.  Is it -- Mr.

23   Abbott is that acceptable here as well?

24             MR. ABBOTT:  Your Honor, we were going to suggest

25   that that matter go first because that is our only joint

1    item.  So I'll cede the podium and we'll deal with that and

2    then come back and finish the balance of the U.S. only

3    agenda.

4             THE COURT:  Exactly.

5             MR. ABBOTT:  Thank you, Your Honor.

6             THE COURT:  Thank you, Mr. Abbott.

7             JUSTICE MORAWETZ:  All right.  So we'll start the

8    joint matter then it'll be the submissions will first start

9    in Canada, then the United States.  Judge Gross and I will

10   then see if we're in a position to go [indiscernible].

11            THE COURT:  All right, thank you.

12            JUSTICE MORAWETZ:  Mr. Ruby, you may proceed.

13            MR. RUBY:  Thank you, Justice Morawetz, Judge

14   Gross.  So, I'm pleased to report that the Protective Order

15   that we are putting before both Courts are being provided to

16   you on unanimous consent now.  The only reason that we did

17   not ask the Courts to cancel the Joint Hearing and deal with

18   this informally in chambers is because the estates gave

19   notice to the asset buyers because their information, and

20   information over which they have Confidentiality Agreements

21   is in play.  And two of those buyers said they would get

22   back to us as to whether they have objections.  And we

23   didn't hear from them one way or the other, so we didn't

24   think we were in a position to ask you to cancel the Joint

25   Hearing, but that's the only reason why we're here.

1          So if I can, Justice Morawetz, hand up to you, a

2   copy of the Consent Order, together with -- I'll give you a

3   copy of the Affidavit of Service on the buyers so that is in

4   the Court record.

5          JUSTICE MORAWETZ:  Thank you.

6          MR. RUBY:  And since there's no opposition and we

7   haven't seen, at least in Toronto, anybody representing the

8   buyers as far as I know, I don't propose to make very long

9   submissions about this since it's on consent.  All I'd like

10  to do, Your Honor, is point out the three differences

11  between the Interim Orders the two Courts have made and this

12  Order that we're putting before you.

13         The first difference relates to Section 6(b)(2)

14  of the Order that's on -- and it simply -- that provision

15  simply deals with the fact that the treatment of

16  confidentiality had allowed information to be provided to

17  employees, officers, and so on, of the parties.  And the

18  language has been adjusted slightly to take into the fact

19  that the Canadian Creditors' Committee have no employees or

20  officers, they've got committee members.

21         The second change is with respect to Paragraph

22  7(b) of the Order.  This is the paragraph that essentially

23  says that confidential and highly confidential material

24  cannot be used for any purpose except this proceeding.

25  There's an exception built into this provision dealing with

1   what the Pension Claimants have to do with the U.S. High

2   Court.  And there's a small variation to deal with

3   information that's provided to counsel in what's called the

4   Beddoe proceeding in the UK High Court.  And again, that's

5   on consent.

6          And the third change from the Order the Courts

7   have already made is at Paragraph 8.  Sorry, pardon me, it's

8   at 8(d) as in David.  And this change is simply to make it

9   perfectly clear that the confidentiality provisions of this

10  Proposed Order do not extend to trial.  The parties are

11  proposing that they work in good faith later in the process,

12  and ultimately, likely come back to the Court sometime

13  around the November pretrial conference, to see if we can

14  work out a new open confidentiality regime for the trial,

15  recognizing that it's the desire of all parties to have as

16  open a trial process as is feasible.

17         And that's it for the changes.  So subject to any

18  questions either Court has, I don't propose to make any

19  further submissions on this point.

20         JUSTICE MORAWETZ:  Thank you very much.

21         MR. RUBY:  The only thing I will offer, as well

22  to the Courts, is the three estates thought if the Courts

23  were interested, we could give you a 30-second update on

24  where the discovery process is, but I leave it to you

25  whether you'd like to hear that or not.

1          JUSTICE MORAWETZ:  I think it might be helpful.

2          MR. RUBY:  So this is going to sound too much

3    like a letter, but I'm going to say we have no bad news to

4    report.  So the good news is is that yesterday, production

5    was supposed to start.  And the three estates did make

6    production on schedule.  And have all indicated that they

7    intend to continue rolling production.

8          I can also advise you, and I have to do this

9    carefully, only because there have been many hours and days

10   without prejudice discussions, but I can advise that the

11   parties are making a great deal of progress towards arriving

12   at a consolidated document request list and interrogatory

13   list.  We're not quite there, but at least on behalf of the

14   Monitor, we have high hopes that we'll be able to all work

15   together to finish consolidating the lists, which should

16   make things much easier. So that, I think is the brief

17   progress report.

18          JUSTICE MORAWETZ:  Thank you very much.  Is there

19   anybody else who would like to make a statement?  Yes?

20          MS. DECKER:  Your Honor, Marla Decker from the

21   U.S. Debtors.  First --

22          THE COURT:  Yes, good morning, Ms. Decker.

23          JUSTICE MORAWETZ:  We have one more in Canada,

24   Judge Gross.

25          THE COURT:  Yes, that's fine.

1          JUSTICE MORAWETZ:  Go ahead, sir.

2          MR. LIPMAN:  Very briefly.  My name is Andrew

3    Lipman and I'm appearing for the Canadian Creditors'

4    Committee and it's with respect to the Protective Order.

5          Just to advise that the CCC continues to see a

6    wide divergence between the Protective Order and the Open

7    Court Principle as backed by Charter, insofar as it would

8    apply to trial.  And the addition of the without prejudice

9    language in Paragraph 8(d), has allowed us to move past that

10   point, but we do anticipate we will need to have a lot of

11   further discussion and potentially Court rulings ahead on

12   that.

13         JUSTICE MORAWETZ:  For today is this matter on

14   consent?

15         MR. LIPMAN:  For today, the matter is on consent.

16         JUSTICE MORAWETZ:  Okay.  Anybody else in --

17   okay.  There's no further submissions here, Judge Gross,

18   over to your Court.

19         THE COURT:  Thank you, Justice Morawetz.  Yes?

20   Good morning.

21         MS. DECKER:  Good morning.  Again, Marla Decker

22   for the U.S. Debtors.

23         THE COURT:  Yes, Ms. Decker.

24         MS. DECKER:  I first propose to hand up the Form

25   of Order for the Protective Order, as well as, the black

1  line.  May I approach, Your Honor?

2          THE COURT:  You certainly may, Ms. Decker, thank

3  you.  Thank you.  Okay.

4          MS. DECKER: So, Your Honor, referring to the

5  black line, I just want to point out the three changes that

6  my colleague from Canada pointed out were changed.  The

7  first is on Page 6, which is more of a drafting correction

8  to refer correctly to the committee members --

9          THE COURT:  Yes.

10          MS. DECKER: -- rather than employees.

11          The second is the issue on Page 7, which

12  addresses the need for the UK Pension Claimants to file the

13  appropriate papers with the Bedo Court and communicate with

14  the counsel for the representative beneficiary in those

15  proceedings.

16          And the third change is the one referenced by the

17  CCC, which is making it clear that while this is the

18  appropriate Order for discovery processes, we will revisit

19  the questions at trial.  And neither party is prejudiced by

20  the entry of the Protective Order as it is for discovery

21  purposes.

22          THE COURT:  All right.

23          MS. DECKER:  If you'll indulge me, Your Honor, I

24  would like to give a little bit more background on the

25  status of discovery for the benefit --

1          THE COURT:  Please do, yes, yes, Ms. Decker.

2          MS. DECKER:  -- of yourself and Mr. Justice

3   Morawetz.

4          The parties in good faith and effectively served

5   their discovery request on May 22, pursuant to the discovery

6   timetable and discovery plan, and did so with the use of

7   discovery groups.  We realized it pretty quickly after

8   looking at them, that while there were a thousand different

9   requests and 200 interrogatories, for example, directed to

10  the U.S. Debtors, that in essence, there was a good deal of

11  substantial overlap.  Stylistically, different, but

12  substantial overlap.

13         So we endeavored to consolidate the request and

14  sort of came up with the concept of the consolidated

15  document request and consolidated interrogatory list.  And

16  we proposed to the other parties after taking a pass and

17  attempting to make consolidation, that we worked towards

18  this in advance of a scheduled meet and confer for June 6.

19  So around May 30, June 1, the other core parties agreed that

20  this was a worthwhile effort and everyone agreed to take a

21  look at the drafts and have their input on it.

22         So we exchanged several drafts.  We met in

23  Toronto.  The Monitor's counsel graciously hosted us at

24  their beautiful offices in Toronto, many, many lawyers.  And

25  we had an all afternoon, evening drafting session comprised

1    of very large group discussions to do -- to talk high level,

2    talk about some reservation of rights the parties wanted to

3    make.  And also, small group discussions and one off

4    discussions, and it was very productive.  And we pretty much

5    had a continuous meet and confer in one form or another

6    since last Thursday.  And we're getting close to a

7    consolidated list of document requests and interrogatories

8    that takes the number of a 1,000 to about 200.

9            So I think we're pretty happy with getting that

10    number down.  There's still some issues remaining.

11    Obviously, in the complexities involved here, but feeling

12    confident that everyone is committed to getting to a

13    resolution of them in very short order.

14            To keep the process moving, we agreed to delay

15    the date that objections were due to the discovery requests

16    until this upcoming Thursday, but agreed to make the first

17    production on yesterday.  And so the three estates all made

18    a substantial production of over 75,000 pages of documents.

19            In the spirit of cooperation and effectiveness,

20    we also agreed on the principle of transparency during this

21    process and translating to, you know, which data sources we

22    can search, which we will search, which we're able to

23    search, which search terms we're using, which custodians

24    we're using.  And we've had preliminary discussions among

25    the estates because they are the people in the know about

1  what is available and what isn't and who's out there.  And

2  we're circling on agreement about what the best approach is

3  for who should be searched and how they should be searched.

4          THE COURT:  All right.

5          MS. DECKER:  So --

6          THE COURT:  Thank you for the encouraging report,

7  Ms. Decker.

8          MS. DECKER:  Thank you.  Thank you, Your Honors.

9          THE COURT:  Yes?

10         MR. OXFORD:  Good morning, Your Honor.  Neil

11 Oxford of Hughes Hubbard and Reed for the EMEA Debtors.

12         THE COURT:  Good morning.

13         MR. OXFORD:  Good morning, Mr. Justice Morawetz.

14 I just wanted to add from the EMEA Debtors' prospective, a

15 quick footnote to the words that I do agree with that have

16 been said on behalf of the U.S. and Canadian Debtors.

17         I was in Toronto last week and was -- appreciated

18 the hospitality of --

19         JUSTICE MORAWETZ:  Mr. -- Judge Gross?

20         THE COURT:  Yes.

21         JUSTICE MORAWETZ:  Judge Gross, if you could just

22 ask Counsel, please to try to speak into the microphone a

23 little bit more directly.

24         THE COURT:  Absolutely.

25         JUSTICE MORAWETZ:  The reporter in Toronto is

1    having quite a bit of difficulty.  Thank you.

2              THE COURT:  Of course.

3              MR. OXFORD:  I apologize, Your Honor, thank you.

4              So as I was saying, I was in Toronto with a very

5    able team from Herbert Smith Freehills in the UK and --

6              THE COURT:  Is that better, Justice Morawetz?

7              JUSTICE MORAWETZ:  A little better, thank you.

8              THE COURT:  All right.

9              MR. OXFORD:  And ably assisted --

10             THE COURT:  Project, Mr. Oxford.

11                        (Laughter)

12             MR. OXFORD:  I will project.  Like I am speaking

13   to Toronto without the benefit of a microphone.

14             THE COURT:  There we are.

15             MR. OXFORD:  So along with the team of lawyers

16   from Herbert Smith Freehills and Ernst & Young, we were able

17   to participate very fully in this process.  We stayed over

18   an extra day in Toronto to continue in person negotiations

19   with the Canadian Monitors and the U.S. Debtor by telephone.

20   And it was a grueling, but ultimately, productive couple of

21   days.  And we are very hopeful that we can reach agreement

22   on a consolidated set of document requests, and a

23   consolidated set of interrogatories.

24             I think what happens now is unfortunately, more

25   hard work for everybody, which is implementing those

1    particular document requests and interrogatories.

2              On that note, I just wanted to send one note of

3    caution.  That as far as the EMEA Debtors are concerned, the

4    parties are not quite as far along as we would like in the

5    process of identifying whose what who -- sorry, the

6    witnesses whose hard drives will be searched.  I should

7    note, that we in EMEA are at a particular disadvantage

8    because many of the hard drives belonging to the EMEA

9    custodian are actually in the possession of the Canadian

10   Debtors and Monitors.  So it's a particular problem that

11   affects our individual estates.

12             We do continue to negotiate this very sincerely.

13   We were working into the night last night on this issue.

14   And we will continue to do negotiate in good faith with both

15   the U.S. Debtors and the Canadian Debtors and Monitors.  And

16   we are hopeful that that issue can be resolved without the

17   intervention of the Court.

18             THE COURT:  All right.  Thank you, Mr. Oxford.  I

19   appreciate that.  And clearly, the Court is available as

20   needed, thank you.  Mr. Abbott?

21             MR. ABBOTT:  Your Honor, I believe that concludes

22   the joint matters, unless there's more from Justice

23   Morawetz' Court.  We could probably terminate the connection

24   and proceed with our U.S. only agenda at this point.

25             THE COURT:  I think what's left to do is just to

1    rule on the Proposed Forms of Order.

2            MR. ABBOTT:  Right.

3            THE COURT:  And Mr. Justice Morawetz?

4            JUSTICE MORAWETZ:  I'm ready to do so right now,

5    Judge Gross, if you are.

6            THE COURT:  All right.

7            JUSTICE MORAWETZ:  Okay.  I will start then and

8    then we can conclude with your ruling right after.  This

9    motion has been brought on consent by the Nortel.  The

10   parties seek to establish a procedure for dealing with

11   documents that is lawful, fair, and consistent with the Open

12   Court Principle.  It is anticipated and that the United

13   States Court will then entertain and make their ruling on a

14   similar type of motion immediately after this endorsement.

15           The Proposed Protective Order covers documents

16   containing information protected by the Confidentiality

17   Agreement with third parties.  It says that personal and

18   compensation information of individuals and other sensitive

19   non-public information disclosures could not in the interest

20   of third parties, including the purchasers of the Debtors'

21   various lines of business. From the standpoint of Nortel,

22   these are precisely the type of documents whose

23   confidentiality the Courts, including the Supreme Court

24   Canada have found that there is an important public interest

25   in protecting.

1          The parties have reviewed that the Protective

2   Order balances the core parties interest in preparing the

3   case for trial, with a need to protect the confidentiality

4   of certain documents in a practical matter in the context of

5   CCAA litigation moving very quickly toward a June 6, 2014

6   trial date.  The parties are satisfied that it provides for

7   disclosure to counsel, witnesses, and party representatives

8   to be examined for discovery, experts, and Court appointed

9   Monitors, Trustees, and Administrators, even if information

10  is designated "highly confidential".

11          It also preserves the parties' right to challenge

12  the designation of documents as "confidential" or "highly

13  confidential", and sets out a procedure for the parties to

14  attempt to resolve such challenges between themselves, and

15  specifies that if Court intervention is necessary, the

16  burden will be on the producing party to justify the

17  designation.

18          The Proposed Protective Order reflects the

19  immediate nature of the discovery process in this unique

20  joint insolvency proceeding.  Discovery is taking place

21  within strict time constraints and given the,

22  [indiscernible] foreign nature of this proceeding, without

23  full protection of the [indiscernible] usually applicable in

24  an Ontario proceeding.  The designation is highly

25  confidential, confidential large blocks of documents which

1   are known to contain at least some information that require

2   protection to ensure the most rapid and cost effective

3   [indiscernible] of the issues, so as to maximize recovery

4   for all stakeholders.

5           This Court is gratified with the progress that

6   has been demonstrated to date on this issue and it is hoped

7   that such cooperation will continue throughout the trial

8   preparation.  The parties have submitted comprehensive

9   factors on the issue that set out the tests as prescribed by

10  the *Supreme Court of Canada and Sierra Club v. Canada*

11  *(Minister of Finance)*, recorded at 2002, 2 S.C.R. 522.  And

12  I need not repeat that for the purposes of the record.

13          I am thankful to all counsel to have arrived at

14  such a resolution that allows a Consent Order to be

15  presented today.  And I'm satisfied that it is in compliance

16  with the principles set out in *Sierra Club* and I am pleased

17  to grand the motion and sign the Consent Order in the form

18  presented.  Thank you, Counsel.

19          MR. LIPMAN:  And, Your Honor, I may have misheard

20  you, but I think you said June the 6th for the start of the

21  trial?

22          JUSTICE MORAWETZ:  Well, given that is -- no, I

23  think it was January 6.

24                      (Laughter)

25

1          JUSTICE MORAWETZ:  If it was June, it's only

2   because that's the month that I'm currently in.

3          MR. LIPMAN:  Right.  You almost gave some of a

4   heart attack.

5                         (Laughter)

6          JUSTICE MORAWETZ:  Well, we were already beyond

7   June 6.  So you would have had a full year under that --

8          MR. LIPMAN:  Right.

9          JUSTICE MORAWETZ:  January 6, 2014.  Thank you.

10  Judge Gross, over to you.

11         THE COURT:  Thank you, Justice Morawetz.  And the

12  Court adopts the reasoning of the Canadian Court here as

13  applicable to the laws of the United States, recognizing

14  that there is a large amount of highly sensitive material

15  that will be subject to discovery.

16         And indeed, in order to move matters along, and

17  to meet that January 6 trial date, it will be necessary at

18  times for the parties to resolve any issues relating to

19  confidentiality by designating documents as confidential,

20  subject, of course, to any argument over the nature of such

21  documents at a later date.  But in order to move discovery

22  forward promptly, it requires that the parties be able to do

23  so, at least with the comfort of knowing that the documents

24  are safe from public disclosure.

25         And the Form of Order is certainly acceptable to

1  the Court.  And I commend the parties.  I highly commend the

2  parties for your extremely hard work in reaching a consensus

3  on this Form of Order, and it is acceptable to the Court and

4  I will sign it.

5          MR. ABBOTT:  Thank you, Your Honor.

6          JUSTICE MORAWETZ:  I believe that concludes the

7  Joint Hearing aspect.  Judge Gross, I understand that you do

8  have some U.S. Court matters only.  And if that's the case,

9  we will sign off on the video link at this time.  And I do

10  thank all Counsel both in Wilmington and Toronto.

11          THE COURT:  Thank you, Justice Morawetz.  Good to

12  see you as always.

13          JUSTICE MORAWETZ:  Likewise, sir.  Thank you.

14          THE COURT:  Mr. Abbott, yes, sir.

15          MR. ABBOTT:  Thank you, Your Honor.  Your Honor,

16  the balance of the agenda is quite short.

17          THE COURT:  Yes.

18          MR. ABBOTT:  Although, the general letter itself

19  was a little lengthy, there have been a number of adjourned

20  and entered matters.

21          What we would propose, Your Honor is to proceed

22  with No. 4, which is the Thirtieth Omnibus Claims Objection.

23  It should be very quick.  I think there's no controversy

24  there.  And then move on to the main show, which is

25  obviously, the Motion to Strike, Your Honor.

 1          THE COURT:  Absolutely, thank you.

 2          MR. ABBOTT:  So I'll --

 3          THE COURT:  Ms. Cordo, good morning.

 4          MS. CORDO:  Good morning, Your Honor.  For the

 5   record, Annie Cordo of Morris, Nichols, Arsht & Tunnell on

 6   behalf of the Debtors.

 7          With regards to Item No. 4, our Thirtieth Omnibus

 8   Objection, we received four informal responses; two of which

 9   the objection of Hain Capital Holdings, LLC, and the

10   objection of the claim of ASM Capital II, LP, have been

11   adjourned to future hearings.

12          THE COURT:  Yes.

13          MS. CORDO:  And we have resolved the two other

14   objections, the informal response of DLA Piper and the City

15   and County of Denver.  With regards to the City and County

16   of Denver, they have agreed to the Order to be entered as

17   filed.  And I have a revised Form of Order which reflects

18   the agreement with DLA Piper, if I may approach?

19          THE COURT:  You certainly may, thank you, Ms.

20   Cordo.  And I am prepared to sustain the objections, thank

21   you.

22          MS. CORDO:  Your Honor, in the black line at

23   Paragraph 3, DLA Piper has agreed to -- they filed an

24   amended claim so they agreed to have the claim we objected

25   to disallowed as amended and superseded, and the Debtors

1  agreed not to object to the amended claim they filed as

2  being untimely.

3           THE COURT:  All right.

4           MS. CORDO:  So --

5           THE COURT:  That certainly will ease that

6  situation.

7           MS. CORDO:  Yes.  And that is reflected in

8  Paragraph 3.  And then Paragraphs 1 and 2 are revised to

9  rebut the adjournments of the two claims.

10          THE COURT:  Very well.  All right, thank you, Ms.

11  Cordo.  I'm going to sign the Order.

12          MS. CORDO:  Thank you very much.  And I will cede

13  the podium to --

14          THE COURT:  I guess it would be Mr. O'Connor.

15          MS. CORDO:  Yes, Mr. O'Connor.

16          THE COURT:  On behalf of the United Kingdom

17  Pension Claimants.

18          MR. O'CONNOR:  Thank you, Your Honor.

19          THE COURT:  Good morning.

20          MR. O'CONNOR:  Good morning.  For the record,

21  Brian O'Connor from Willkie Farr & Gallagher, LLP, on behalf

22  of the UK Pension Claimants.

23          THE COURT:  I am ready when you are, Mr.

24  O'Connor.  Thank you for waiting.

25          MR. O'CONNOR:  Okay.  Thank you, Your Honor.

1    Well, as fate would have it, we were -- it was a year ago

2    precisely to the day, that the Debtors filed a Motion for an

3    Order applying Rule 7012 to the UK Pension Claimants'

4    claims.  And in that motion, they told the Court that it

5    should exercise its discretion and apply Rule 7012, because

6    number one, it would promote the efficient resolution of

7    this dispute and would avoid undue delay for the estate, and

8    it would provide for a similarity between the procedures in

9    the Bankruptcy Court and the District Court.  That was at

10   Paragraph 31 of the motion.

11          They also told the Court that the pleading

12   requirements under Federal Rules of Civil Procedure 8 and 12

13   should apply and that the Pension Claimants would need to

14   satisfy the *Twombly* and *Iqbal* Standards and was Motion

15   Paragraph 33.

16          They also told the Court, that the Pension

17   Claimants must provide specific facts supporting each

18   element of their claim, Paragraph 39.  They complained that

19   the proofs of claim filed by the Pension Claimants were

20   "Nothing more than conclusory assertions", Paragraph 37.

21   They said the Pension Claimants' claims were so vague and

22   ambiguous, that they could not respond to them, Paragraph

23   40.  And they insisted that the Pension Claimants file their

24   amended claims by July 31.  And that if they failed to do so

25   providing the legal and factual bases for their claims,

1  their proofs of claims should be dismissed with prejudice.

2  That's Paragraph 40.

3          Now as Your Honor will recall, the Pension

4  Claimants agreed that it made sense to file a more definite

5  statement under Rule 7012, given the fact that the earlier

6  proofs of claim had been filed in a contingent and

7  unliquidated amount due to the ongoing proceedings before

8  the Pensions Regulator.  And we simply asked that we could

9  give them some additional time to file that more definite

10 statement.  As we pointed out, the Summer Olympics were

11 ongoing in London and a filing a more definite statement by

12 July 31 was difficult under the circumstances.  We asked for

13 October 1.  The Debtors would give us only till August 15.

14 And they told the Court that the Pension Claimants had had

15 more than enough time to file their amended claims and that

16 they should file them by August 14.  There was a lot of

17 discussion back and forth about how we were complaining

18 about holidays and it'd be Christmas and it would be Boxer's

19 Day and all sorts of things and this was just something we

20 had to deal with.

21          The Court in the end gave us till September 5.

22 And on September 5, we did file a more definite statement.

23 It was 93 pages in length, 325 separate paragraphs of very

24 particularized allegations.  And we, specifically, pled the

25 elements of our claim under the UK Pensions Act of 2004.

1    That is the only claim that we pled.  We did not plead any

2    common law claim under UK Law.  We pled one statutory claim.

3    We pled no claims arising under U.S. Law.

4            In our more definite statement, we set out all of

5    the particularized allegations that we believed satisfied

6    the four tests for the imposition of liability under the

7    Pensions Act of 2004; the scheme test, the target test, the

8    insufficiently resourced test, and the reasonable test.  And

9    we also attached a massive documentation, presuming the

10   claim as well.

11           Now the Debtors' response as we read the rule,

12   because by the way, the motion that they made, asked Your

13   Honor to apply Rule 7012.  They now characterize the motion

14   as asking you apply only 7012(e), which is the more

15   particular or more definite statement, but that's actually

16   not the way their motion read.  And, of course, under 7012,

17   which incorporates Rule 12.

18           THE COURT:  Yes.

19           MR. O'CONNOR:  They had to respond with a

20   responsive pleading within 14 days after our service of the

21   more definite statement.  After having insisted that we --

22   they needed our definite statement no later than August 15,

23   they completely ignored the requirement under Rule 7012,

24   that they file a responsive pleading within the 14 days.

25           Now I know that the Debtors contend that the

1    reason they did that is that they felt the mediation was

2    going to proceed before Justice Winkler and that they had

3    somehow been given a leave not to have to do that.

4         My reading of the record is that that issue came

5    up in connection with the discovery on the EMEA Claimants'

6    claims and the Court did say no discovery, it would have to

7    be mediation.  But at no point that I'm aware of, did the

8    U.S. Debtors seek any relief from this Court in terms of

9    their deadline to file a responsive pleading.  And I'm not

10   aware of any relief that the Court granted.  So from our

11   point of view, that responsive pleading was due fourteen

12   days after September 5.

13        Now of course after the mediation before Justice

14   Winkler concluded, we brought this issue to the attention to

15   the Court in our submission on March 4.  And we pointed out,

16   that they had failed to serve the responsive pleading within

17   the required time.  And at the hearing on March 7, before

18   this Court, when I raised the issue, I believe, it was Mr.

19   Bromley who responded that they would respond as fast as the

20   Court tells us to move "and we want it to be fast".  And

21   that was the transcript at Page 109, Lines 21, I believe.

22        Still nothing occurred until May 14 which we

23   received at 9:00 p.m. at night, a copy of their joint

24   objection to our more definite statement.  And, of course,

25   they contended that with less than 24 hours before we had

1   the final conference before Justice Morawetz and Your Honor

2   to address the litigation timetable and discovery plan, that

3   somehow we should have brought to Your Honor's attention the

4   fact that we believe that their responsive pleading was

5   inadequate.  And that there simply wasn't time and there was

6   no time in that conference call which had a drop dead time

7   at 5:30 because of Justice Morawetz' schedule.

8           Now the question is what is a responsive

9   pleading?  And a responsive pleading, certainly under Rule

10  12, consists of either an answer or a Motion to Dismiss

11  under one of the grounds listed in Rule 12(b).  Black's Law

12  Dictionary defines responsive as "answering, constituting a

13  complete answer.  A responsive allegation is one which

14  directly answers the allegation it is intended to meet.

15  It's a term of art.  If a party chooses to serve a response

16  to a pleading in the form of an answer, it has to comply

17  with Rule 8, which requires that the response to the

18  pleading admit or deny the allegations of the complaint.

19          Now the Debtors understand what a responsive

20  pleading is because they went through this drill with EMEA.

21  First, they asked the Court, as they did with us, to apply

22  Rule 7012 to EMEA's proofs of claim and the Court agreed to

23  do that.  EMEA then filed a more definite statement of its

24  claims to which the Debtors then filed the Motion to

25  Dismiss, not an objection.  And in support of the Motion to

1  Dismiss, the Debtors told the Court that a proof of claim is

2  the functional equivalent of a complaint.  That EMEA's

3  claims were structured as a complaint with separate legal

4  causes of action, and that the Debtor should be entitled to

5  move to dismiss EMEA's claims.  And that would further the

6  goal of bringing the Bankruptcy Court procedure in line with

7  the District Court procedure.

8          The Court agreed holding "the amended claims are

9  in every sense in the familiar form of the complaint.  And

10 accordingly, the Court will apply the pleading standards

11 under Federal Rules of Civil Procedure at 12(d)(6), which

12 requires sufficient factual material accepted as true, the

13 stated claims will be, that is plausible on its face."  And

14 that was at Page 22 of Your Honor's opinion.

15         Now you can be assured, I think, that if the UK

16 Pension Claimants had not taken the time or the effort to

17 draft a conjoint like more definite statement as the Debtors

18 have required, that they would have been in here making a

19 Motion to Dismiss, if they thought they had to.  And they

20 would have been making the same argument that they made to

21 you in connection with EMEA's claims, that Rule 7012

22 applied, that we would be held to the standard under Rule 8

23 and under Rule 12, and that if they had a basis for making a

24 Motion to Dismiss, they would have made it.

25         Now instead, Your Honor, they continued to have a

1    schizophrenic view, in my opinion, of which Bankruptcy Rules

2    apply to our claim.  Again, first, they asked Your Honor to

3    apply Rule 7012 and require a particularized pleading which

4    is, in essence, a complaint.  Then in response, rather than

5    filing an answer or a Motion to Dismiss, they filed an

6    objection under Rule 3007.  But then if you look at their

7    response to the Motion to Strike, they clearly purport to be

8    reserving the right to move to dismiss our claims, "during

9    the summer while discovery is ongoing".  And it's got to be

10   one or the other.  It either is Rule 7012 that applies and

11   if that applies, then they had to answer or move to dismiss

12   now.  Or if it was Rule 3007, then we shouldn't have had to

13   file our more definite statement in the first place.

14          They don't get to go back and forth in choosing

15   when to file a Motion to Dismiss.  Now they cite absolutely

16   no authority in their response for the proposition that the

17   Court can selectively apply subdivisions of the Bankruptcy

18   Rules.

19          THE COURT:  Well, not so much that, but the

20   *Loomis* decision I thought -- I think does address the claims

21   process.

22          MR. O'CONNOR:  Well, but those three cases, those

23   three cases are all in the context of a normal situation

24   where there has been a proof of claim filed and an

25   objection.  And all the Courts are talking about is that

1  process, the burden shifting and there is, you know,

2  language in the opinion, that talks about the fact that a,

3  you know, an objection is like an answer, but none of those

4  cases are cases in which a Debtor asks the Court to apply

5  Rule 7012 to a creditors' claim, and then they turned around

6  and said that they're not going to file a responsive

7  pleading under Rule 7012 to the claim, but instead, we're

8  going to simply file an objection.

9           None of those cases are in that context and they

10  don't cite any case for that proposition.  And I think it's

11  probably pretty clear why, because we looked for them.  I'm

12  not sure anyone's ever done this before, where they ask the

13  Court to apply Rule 7012 and then instead of responding to

14  the response -- to the more definite statement with a

15  responsive pleading, within the meaning of Rule 7012, they

16  ignored the rule and chose to file an objection.

17           THE COURT:  Let me ask you this question --

18           MR. O'CONNOR:  Yes.

19           THE COURT:  -- Mr. O'Connor, because by my

20  calculation, you could have, in effect, moved -- filed a

21  Motion to Strike way back in September --

22           MR. O'CONNOR:  Well, but let me --

23           THE COURT:  -- after --

24           MR. O'CONNOR:  -- describe it.

25           THE COURT:  After --

1          MR. O'CONNOR:  I mean, we could have moved for a

2    default.

3          THE COURT:  Or for default is really what I

4    should have said, you could have --

5          MR. O'CONNOR:  We could have.  And I raised that

6    with, Your Honor --

7          THE COURT:  Yes, in March.

8          MR. O'CONNOR:  -- in Court as a practical matter

9    that the likelihood that Your Honor was going to grant a

10   default judgment for $3 billion on the pension plans was

11   probably not great.  So I thought it was a waste of time.

12         THE COURT:  Well, and vice versa, as at the same

13   time, the likelihood, for example, that the Court would have

14   defaulted the UK Pension Claimants.  You know, we don't know

15   in retrospect, but --

16         MR. O'CONNOR:  Yeah.

17         THE COURT:  -- equally unlikely.

18         MR. O'CONNOR:  Now the problem, what I want to

19   address is I did pay attention to Your Honor's Order.  And I

20   understood the sentence that said you'd like to understand

21   the necessity, basically for this.  And I want to make sure

22   that you understand why we think it's important for us to

23   have a true responsive pleading.  You know, it is --

24         THE COURT:  Well, no, that was -- I hope -- oh,

25   you know mean, yes, I'm sorry.

1          MR. O'CONNOR:  Yes.

2          THE COURT:  Please, yes.

3          MR. O'CONNOR:  And the reason for that, and we're

4    not -- this is not a tactic.  This is not -- we're not

5    playing games.  We're not as the Debtors at one point said,

6    trying to distract them from the more important tasks at

7    hand.  I think the Court needs to understand that if you

8    take a look at the amended pleading that we pled, there are

9    very, very detailed factual allegations that we believe

10   underlie each of the elements of your UK statutory claim.

11   And although the Debtors say that a lot of the allegations

12   they don't have the information about, there are many, many

13   of the allegations that talk about NNI, NN CALA, what

14   benefits they received that was as a result of work that was

15   performed by NN UK.

16          And we're sitting there, we don't -- we're not an

17   estate.  We're sitting there.  We only had access to the

18   Merrill Database on May 17.  We were fully expecting the

19   Debtors to serve a responsive pleading that would join issue

20   with us, so that we could, hopefully, narrow what the number

21   of disputed issues are.  And no litigation proceeds, no

22   normal commercial litigation proceeds to discovery without

23   having a complaint and an answer where the parties at least

24   know what is being admitted and what's being denied.

25          THE COURT:  Well that's -- and that's my question

1  for you because if I ordered them to file an answer under

2  Rule 8, you would get, for the most part, one word

3  responses, admitted, denied, or a sentence indicating that

4  it states a legal conclusion to which no response is

5  required.

6          MR. O'CONNOR:  Right.  But --

7          THE COURT:  And I think that given your -- the

8  form of your proof of claim, the amended proof of claim,

9  that there is such a combination of fact and law that

10  virtually all of their responses would be in that format.

11          MR. O'CONNOR:  I disagree with that, Your Honor,

12  respectfully.

13          THE COURT:  Okay.

14          MR. O'CONNOR:  And, in fact, I was going to say

15  that we're not so much concerned with the allegations of the

16  law.  We understand that they'll likely say that calls for a

17  legal conclusion, which they don't have to respond to.  But

18  we can give you the numbers and stripped out legal

19  conclusions that there are hundreds of factual allegations

20  that do not contain any legal argument that we need to have

21  addressed.  Think about this.  It's not a situation now that

22  simply because the document request was served on May 22 as

23  Your Honor has already gotten the report.  That process

24  still isn't even finished.  I mean, there were 700 document

25  requests, 200.  That is still being negotiated.

1          THE COURT:  Right.

2          MR. O'CONNOR:  But the problem for us is we have

3    to very quickly, identify who our witness is going to be.

4    We've got to identify who we want to depose.  And frankly,

5    if we at least had the benefit of knowing which of these

6    factual allegations that the Debtors are admitting, and we

7    think there are a fair amount of those that they should

8    admit, we wouldn't have to go out.  We wouldn't have to find

9    a witness.  We wouldn't have to depose that witness.  We

10   wouldn't have to develop a record for trial.  We'd be in a

11   position to be able to come to the Court when we got to

12   trial, with a stipulation of admitted facts.  And it just

13   doesn't make any sense to me, to say that we should have to

14   go out without knowing.  We know that generally, and we'll

15   get to that in a moment, what their major issues are with

16   our claim.

17          THE COURT:  Well, I haven't seen the discovery,

18   but I assume your interrogatories, if there are -- were

19   interrogatories propounded by the UK Pension Claimants,

20   address the specifics that you are seeking --

21          MR. O'CONNOR:  No, they can't --

22          THE COURT:  -- from an answer which I don't think

23   you would get in an answer.

24          MR. O'CONNOR:  Well, but they -- no, they can't

25   be because, Your Honor, the interrogatories are limited to

1  identification interrogatories.  So we could ask, and we

2  asked for the identification --

3           THE COURT:  Okay.

4           MR. O'CONNOR:  -- of people who had knowledge of

5  issues or the location of documents.  Contingent

6  interrogatories were supposed to be not included at this

7  point.

8           THE COURT:  Understood.

9           MR. O'CONNOR:  So we don't have a way of

10  amplifying their response with our interrogatory.

11           But, Your Honor, there are many allegations that

12  we think that they should in good conscience admit, so that

13  we don't have to go to the burden of trying to locate a

14  witness somewhere in Canada, in the U.S., to establish for

15  the record what the trial evidence is.  And frankly, we

16  don't see why this is a big deal today.  If they just say

17  they admit it, they could say they deny it, or they could

18  say they deny sufficient information in the form of relief.

19  It's not that big a deal.

20           THE COURT:  Now we've only been focusing on an

21  answer.  Alternatively, the Debtors and the Committee could

22  have -- could move to dismiss.

23           MR. O'CONNOR:  Well --

24           THE COURT:  In -- and that would be an

25  appropriate response.  And from reading, and I must confess,

1  it wasn't as detailed a reading or as careful a reading as I

2  normally would give something, their response is almost an

3  opening brief in support of a Motion to Dismiss.

4          MR. O'CONNOR:  That's what it is.  It's not --

5  that's my point, it's not a responsive pleading, it's an

6  opening brief and I'd like to address that.

7          THE COURT:  Yes.  And so it seems to me they

8  could essentially file tomorrow, a Motion to Dismiss that

9  says on the grounds set forth in our response.

10          MR. O'CONNOR:  Well, I would tell you, Your

11  Honor, that I actually do not believe that they could -- the

12  arguments they're making are susceptible to a Motion to

13  Dismiss.  Because as I read their argument, they're

14  essentially arguing that the UK statutory claim, the law is

15  so an [indiscernible] to U.S. public policy, that Your Honor

16  should not enforce it.

17          And essentially, they're saying that the closest

18  animal to this that they can conceive of would be a piercing

19  the Court prevail claim under either Florida or Delaware

20  Law.  And, number one, I just said earlier, we are not

21  asserting any U.S. claim.  We're not seeking the pierce the

22  Court prevail.

23          So the only thing they can do is they can always

24  object to our claim, but I don't think they can rewrite our

25  claims to make them something different than what we're

1    pleading and then move to dismiss it.

2            And as with respect to the public policy issue, I

3    believe that that is an affirmative defense.  Basically,

4    what they're saying is no matter what we say, the UK Statute

5    violates U.S. public policy and Your Honor should not

6    enforce it.  That's an affirmative defense.  That is not a

7    ground for a Motion to Dismiss under Rule 7012(b) which is

8    what they would have to bring the motion under.

9            That's why, Your Honor, I think the appropriate

10   procedural vehicle for this is that they should have filed a

11   responsive pleading.  I think they reason they didn't make a

12   Motion to Dismiss is they don't think they're capable of

13   making a Motion to Dismiss for the reasons I just said, but

14   they want to preserve in an in terrorem effect, the threat

15   of making some motion any time during discovery.

16           What they should do is if they're not making a

17   motion to dismiss, they should have answered.  And if they

18   do believe that the UK Statute is apathetical to U.S. public

19   policy, that would be an affirmative defense that would

20   permit us, if we wanted to, to move to strike that

21   affirmative defense.  But I do not believe that that is a

22   ground for a Motion to Dismiss.

23           I'd also like to point out, Your Honor, that I

24   have to say, we were extremely surprised and disturbed by

25   the U.S Debtors' and the Committees' position at this late

1  stage, that they could honestly argue to Your Honor that UK

2  Law does not apply.  That the Law of Delaware or the Law of

3  Florida applies.  Or that the UK Statute violates public

4  policy.

5          I just want to read you a couple of quotes from

6  the papers that both the Debtors and the Committee filed in

7  the various briefs before the Third Circuit and in the

8  District Court and Your Honor.  One that they convinced Your

9  Honor to enter the Automatic Stay Order which declared the

10 UK regulatory proceeding null and void.  The Debtors said

11 the following.

12         The standard that the UK Pension's Act

13 establishes for after the fact of affiliate liability for

14 pension underfunding is reasonableness.  That standard based

15 on factors such as the relationship between the affiliate

16 and the employer at issue, the value of any benefits

17 received by the affiliate from the employer, any connection

18 between the affiliate and the employer's pension scheme, the

19 financial circumstances of the affiliate, et cetera, citing

20 to the Hitchcock Declaration, their expert, is one is to

21 which the Bankruptcy Court has ready competence.  To the

22 extent the Appellant is appointing to the dearth of UK

23 authority, under the Pensions Act, the Bankruptcy Court can

24 receive the opinions of UK Law experts, since Bankruptcy

25 Courts are frequently called upon to decide claims involving

1  foreign law.

2         The Committee said the following to the Third

3  Circuit.  Appellants site no meaningful reason that the

4  Bankruptcy Court cannot apply UK Law in this case.  They

5  also said, "Finally, there is nothing unusual about

6  Appellees having to prove their claims in the Bankruptcy

7  Court like all other creditors or about the Bankruptcy Court

8  deciding Appellant's claims under UK Law.  U.S. Bankruptcy

9  Courts decide claims under the law of different states or

10  nations as a matter of course."

11         They go on to say, "Appellant's profess outrage

12  at the prospect of having to adjudicate and liquidate their

13  contingent claims in the Bankruptcy Court like all other

14  creditors and alarm at the prospect of the Bankruptcy

15  Court's undertaking to resolve their claims under the UK

16  Law, but these prospects are not exceptional.  They are

17  simply incidental to the operation of Chapter 11 of which

18  Appellants were well aware when they filed their claims in

19  the Bankruptcy Court and submitted to its jurisdiction."

20         Finally, they said, "As practical matter, the

21  Bankruptcy Court will often be tasked with determining

22  liability under the laws of outside states or even foreign

23  nations. guided as necessary by expert testimony and/or

24  legal treatises and other authorities."  That is just what

25  the Bankruptcy Court will do here quoting, Your Honor, from

1  your opinion.  Not easily, but certainly, capably, at the

2  appropriate time.

3          Now it was certainly my understanding when we had

4  our argument before Your Honor, that what the Debtors were

5  saying was that this Court would be able to function like

6  the Determination's Panel would have.  That you would be

7  able to look at the UK Statute.  You would be able to

8  exercise the same discretion that the Determined Pension's

9  Panel would exercise.  And clearly, that was by application

10 of the Pensions Act of 2004, the UK Pensions Act of 2004.

11         And I submit the District Court in the Third

12 Circuit also understood that what was proposed was that we

13 wouldn't try this in the Determinations Panel, it be a

14 change of venue, if you will, but you would be deciding this

15 under UK Law, since that is the only claim that we have

16 asserted.

17         And I would submit that whether this is done on a

18 Motion to Dismiss or we make a Motion to Strike an

19 affirmative defense, that the concept of judicial estoppel

20 applies here.  And that they made those representations to

21 the Court.  They were successful in obtaining the Automatic

22 Stay Order.  And they shouldn't be allowed at this point, to

23 argue for the first time at this late stage, that either the

24 UK Law is repugnant to U.S. public policy or somehow that

25 Delaware and Florida Law should apply to a UK statutory

1  claim.

2          THE COURT:  I think we've slipped a little bit

3  more under the merits --

4          MR. O'CONNOR:  Yeah.

5          THE COURT:  -- then I had intended.  My whole

6  point was that, you know, in addressing your Motion to

7  Strike, they could have moved to dismiss alternatively to

8  answering.  And whether they're right or wrong, whether

9  there's merit to their response or not, I'm certainly not

10  focusing on that.

11          MR. O'CONNOR:  No, my point on that, Your Honor,

12  simply is I don't believe it's a Motion to Dismiss.  I don't

13  think they could.  It doesn't fall under the group 12(b)(6).

14  It would be an affirmative defense because it would be their

15  burden and not ours, their burden to plead that the UK Law

16  if it otherwise applied was so violative of US public policy

17  that this Court should not enforce it.  That is not a Motion

18  to Dismiss under the Rule 12(b)(6).

19          So where I end up with this, Your Honor, is that

20  number one, we think we're entitled to a true responsive

21  pleading.  That if they are going to assert that the UK

22  Statute is repugnant to U.S. public policy, that should be

23  an affirmative defense.  That they can't, at this point,

24  after having asked the Court to apply Rule 7012, say that

25  the Court applied it selectively only to us.  And that they

1  have a right to file an objection, which is really a legal

2  brief in support of a Motion for Disallowance -- or rather a

3  -- for disallowance or expungement.  And at the same time,

4  preserving their purported ability to come back and say Your

5  Honor ought to really apply Rule 7012(b)(6) and allow them

6  to make a Motion to Dismiss on something which isn't even a

7  ground under 7012(b)(6).

8         The other point I wanted to make, Your Honor is

9  almost as an afterthought.  The Debtors and the Committee

10  say, oh, and by the way, you don't have to reach this issue,

11  but if you do reach the issue of the U.K. Pension Statute,

12  the U.K. Pension Claimants are all wet.  Their allegations

13  are conclusory and they don't really address, again, any of

14  the specific factual issues.  They say things like the

15  following.  Sorry, bear with me for one moment, Your Honor.

16  They say the following.

17         Number one, nowhere we set out allegations that

18  we've satisfied the scheme test and the facts behind them.

19  They don't address that at all.  They do the same thing with

20  the same thing with the target test, they don't address that

21  at all.  When it comes to the insufficiently resource test,

22  they say, oh, well wait a minute, the regulator, whose job

23  it is to pick the relevant date to invoke that test, somehow

24  we did it strategically and, therefore, that's no good.  And

25  so, therefore, you don't pass the insufficiently resource

1   test.

2          When they get to the actual test itself, the

3   calculation, they simply say that our calculation, our

4   pleadings in the complaint are based solely on the

5   conclusions of the regulator, "which in turn appear to be

6   based on speculative information, flawed assumptions, and

7   unreliable methodology."

8          Now they tell us they did us a favor by giving us

9   this responsive pleading in the form that they did, yet when

10  it comes to the critical part of the pleading, did we

11  satisfy those steps, they don't give us any information.

12  Nowhere did they say what information they claimed was

13  speculative.  Nowhere did they say what assumptions they

14  claimed were flawed.  Nowhere did they say what methodology

15  they claim is unreliable.  So even under their theory that

16  this is a benefit for us, it's essentially useless.  It

17  doesn't join issue.  It doesn't tell us what is wrong with

18  the allegations in our complaint.

19          And also, I want to get to the point about

20  reasonableness.  Again, their pleading is entirely

21  conclusory.  They say things like when we allege that NNI

22  and NN CALA exercised control over NN UK, they say, "it's

23  unsupported by any evidence and has no merit."

24          Well, our pleading isn't evidence.  Our pleading

25  was to state particularized allegations which they ignore

1   and say we didn't give them any evidence.  Again, it's not

2   particularly useful.  When it comes to the allegation that

3   NNI and NN CALA benefitted from NN UK, they say it's belied

4   by the facts and is unsupported by the evidence.  Again, not

5   particularly useful.  It's not our job to produce evidence

6   at this point.  What we need is address the factual

7   allegations, we don't frankly care if they don't address the

8   legal conclusions, but tell us what they admit, what they

9   deny, so that we're in a position to do what the Courts want

10  us to do.  And what we want to do is to narrow the issues,

11  make this process more efficient, make it less costly.

12  Again, our members are paying for this, the estates aren't

13  paying for this.  So it's in our interest to make this as

14  inexpensive and as efficient as possible.

15          And finally, Your Honor, I just want to close

16  with the notion that, you know, there's an element to this,

17  too, which goes beyond our entitlement and goes beyond what

18  I think makes sense from any litigation point of view.  And

19  that's sort of the appearance of fairness here.  You know,

20  the Debtors simply can't make up the rules as they go.  They

21  can't ask the Court to selectively apply the rules to

22  creditors and let them do something different.  The playing

23  field has got to be even so that the parties feel that this

24  is a fair process and that their due process rights are

25  being respected.  And they just haven't done that.

1        Again, they want to have it both ways.  Any time

2   they need something right away, we'd have to jump and we can

3   only ask how high we jump.  Then they wait for nine months

4   and then they say we had to -- their response was 24 hours

5   and we were supposed to have done something the next day.

6   This can't continue where there's a double standard that the

7   Debtors are trying to apply.  It's just not fair.

8        Your Honor, for the record, I think that --

9        THE COURT:  If I grant your motion and I strike

10  their pleading is -- are they in default at that point?

11        MR. O'CONNOR:  Your Honor, we're not prepared to

12  ask you to enter a default.  We're perfectly happy with just

13  getting them to have a do over.  If they want to do it,

14  grant it.  Give us the pleading they should have given us,

15  admit or deny the factual allegations, raise whatever

16  affirmative defenses they want.  Or if they think they have

17  a Motion to Dismiss that fits within 12(b)(6), make the

18  motion.

19        It doesn't make a lot of sense, frankly, for us,

20  particularly, the members, paying for this, because you're

21  going through the full cost and time of discovery for them

22  to be saying that they've got a card up their sleeve.  That

23  they're going to pull out at any time and say, huh, you

24  don't even have to look at the record, Your Honor.  This

25  statute violates U.S. public policy.  We're done.

1          That kind of an issue doesn't make sense to keep

2     up their sleeve.  It's too late.  We think that ship sailed

3     a long time ago.  We think they should be judicially

4     estopped from making that kind of an argument.  But if

5     they're going to make that argument, it ought to be now

6     rather than later.  Thank you.

7          THE COURT:  Thank you, Mr. O'Connor.  Thank you,

8     sir.  I can recall a very complex litigation in which I was

9     once involved and seven or eight years later there was a

10    settlement and the Judge noted that perhaps the Defendants

11    ought to file an answer.

12                         (Laughter)

13         THE COURT:  Because, you know, the case had

14    proceeded through Motions to Dismiss, Motions for Summary

15    Judgment, discovery, and the like.  And so, I guess, that's

16    sort of where I'm questioning how helpful an answer would be

17    in this situation.  But Mr. Bromley, I'm going to ask you to

18    do something, which I know is not easy given the arguments,

19    but to the extent you can avoid going into any of the deep

20    merits of your response, I -- you know, I think it's -- as I

21    said, I did not prepare today to discuss or even necessarily

22    comprehend those arguments.  And I don't know that they get

23    us -- that they're helpful in addressing the specific issue

24    before us today.

25         MR. BROMLEY:  I will certainly do my best, Your

1  Honor, and I will stay away from that, except for maybe one

2  short moment.

3          THE COURT:  Well, I understand.

4          MR. BROMLEY:  But if --

5          THE COURT:  I know the temptation.

6          MR. BROMLEY:  If I could, I have to say that, as I

7  stand here, one of the things that surprises me the most is

8  the apparent emotion of the issue with respect to the U.K.

9  Pension Claimants.

10          THE COURT:  Well, you know, I noted that too and,

11  you know, I suspect that there is a certain degree of their

12  being peeved by what happened last summer and that that has

13  sort of carried over into the presentation and the arguments.

14          MR. BROMLEY:  And I'd like to try to address that

15  and I'm going to do my level best to stay away from any

16  colorful analogies and just stick to the facts.  This is my

17  dragnet presentation.

18          THE COURT:  Okay.

19          MR. BROMELY:  If I could, Your Honor, although I

20  just realized I've already failed.

21                    (Laughter)

22          MR. BROMLEY:  What I would like to do, though,

23  Your Honor, is to focus on maybe three main points.  First,

24  the U.S. interest, the Committee and the Debtors together,

25  truly believed that they were advancing the ultimate

1  resolution of these cases by filing the Joint Objection.  We

2  believe that the Joint Objection is more substantive, both

3  with respect to legal arguments and factual rebuttals than

4  any rote Answer might be.  I think Your Honor hit the nail on

5  the head when you mentioned that what is an Answer other than

6  deny, not enough information, legal conclusion.  Answers are,

7  in and of themselves, I think, as one of my colleagues

8  mentioned on the way to Court, one of the most frustrating

9  and potentially useless documents that we prepare in

10  litigation.  It's important to note that there's been a huge

11  amount of progress with respect to discovery.  One of the

12  elements of discovery that we've been discussing and have on

13  the table are Interrogatories.  Mr. O'Connor is correct that

14  the Interrogatories that we've been addressing to date are

15  Identification Interrogatories, but all rights are reserved

16  on Contention Interrogatories and it is the expectation of

17  the U.S. Debtors that there will be Contention

18  Interrogatories.  So when we're sitting here today trying to

19  figure out how do we get to January of 2014, U.S. interests

20  honestly thought that the best way of getting there was to

21  file the Joint Objection.  Your Honor may recall that there

22  was a lot of activity a few weeks ago.  We filed our

23  allocation Position.  We filed our, jointly with the

24  Committee, our Joint Objection to the EMEA Claims, and our

25  Joint Objection to the U.K. Pension Claims.  There were

1    simultaneous exchange of information at that point.  We did

2    not have the official positions of any other core party with

3    respect to allocation and, indeed, what we're focused on is a

4    collaborative, but consolidated, exercise that leads us to a

5    trial in January.  Your Honor is well aware that we have --

6    and I personally, passionately, argued on numerous occasions

7    that we should not be doing allocation and claims together

8    but we are.  When we were putting together the litigation

9    timetable, the original litigation timetable, the original

10   protocol that was appended to the June 2011 Motions, or they

11   were actually in April but the hearing was in June, said we

12   were going to file our allocation positions, then we would

13   have had a hearing, a joint hearing where all of the

14   allocation positions were discussed.  My personal view of

15   that structure was that we would have, in effect, a kind of

16   mini Motion to Dismiss, Motion for Summary Judgment-type of

17   argument taking place at that time.  The core parties decided

18   that we should take that initial hearing out of the schedule

19   and we would replace it with a deadline in November for the

20   filing of Pretrial Motions.  Pretrial Motions are not defined

21   but what can they be?  Motions in Limine, Motions for Summary

22   Judgment.  That would take place at the end of discovery,

23   both factual and expert discovery.  Mr. O'Connor gets very

24   excited about the footnote that we placed about reserving our

25   rights to file a Motion to Dismiss.  Your Honor, that

1    footnote is there in the event that Your Honor says we have

2    to move or answer.

3              THE COURT:  Right.

4              MR. BROMLEY:  It was always our intention that we

5    would be looking at something later on in the calendar.

6    Would we file it on the last possible date?  Not necessarily.

7    But that's why the Pretrial Motion date is in the calendar

8    to try to deal with those things.  And it's only today,

9    frankly, that all of the issues are out on the table.  Every

10   one of these issues ties into allocation and the allocation

11   position taken by the U.K. Pension Parties, together with the

12   Canadian Creditors' Committee, is substantive consolidation.

13   Their view, for purposes of allocation, is that all of the

14   Nortel entities around the world should be consolidated into

15   one single entity.  If we get into a discussion of Motions to

16   Dismiss and legal issues and we stop the discovery exercise

17   or clog up the discovery exercise, we're not going to get to

18   January.  Every single allegation that the U.K. Pension

19   Parties have made prior to three weeks ago never referenced

20   substantive consolidation or pro-rata distributions across

21   all entities.  That's new stuff.  When we filed our Motion

22   asking for a more definitive statement, we also had a four or

23   five-page Objection.  It simply cited the U.K. Pension

24   statute.  It didn't give us any information.  We wanted more

25   information.  We didn't have any of that information at any

1   point in time when we were arguing any of the venue issues.

2   So here's my little piece with respect to the Motion to

3   Dismiss and the public policy claim.  Venue is about

4   location.  It's about where the arguments are going to take

5   place.  The questions that were raised and the statements

6   that were read were all about whether this Court was

7   competent to address U.K. law issues.  There's not a single

8   statement in any pleading or any transcript where the Debtors

9   admit the U.K. would have had personal jurisdiction over any

10  of the U.S. Debtors.  There's never a single statement that

11  says the U.S. Debtors admit that the U.K. statute on its face

12  applies.  There's not a single statement where the U.S.

13  Debtors say -- admit that the laws relating to piercing the

14  core prevail in Delaware and Florida; Delaware for NNI and

15  Florida for NN Cala --

16              THE COURT:  Right.

17              MR. BROMLEY:  -- do not apply.  So the idea that

18  we're somehow pulling a card out of our sleeves is simply

19  wrong.  Those rights have always been there and if this Court

20  or the District Court or the Magistrate or the Second Circuit

21  or the U.S. Supreme Court had told us that we needed to go to

22  England, we would have raised every one of those issues in

23  England.  Venue is just about location and the Third Circuit,

24  as confirmed by the cert denial by the Supreme Court, has

25  decided that this is the location.  It's important to go back

1   to the calendar because that determination of location drove

2   what happened last summer.  It was only a matter of days

3   before the Court heard argument last summer that cert was

4   denied and it was certain that we were here.  The U.S.

5   Debtors and the Committee took a bit of a chance by filing

6   the Motion that we did in early June because we knew that the

7   Cert Petition had been filed.  We knew that the Supreme Court

8   had not asked us for opposition to cert.  But we did not know

9   when a denial of cert would happen or granting of cert.  But

10  we felt in June of last year that it was important to move

11  forward.  That's when we did it, 19 months after the U.K.

12  Pension Parties had filed more definitive claims in Canada.

13  We waited for 19 months while all of the venue issues that

14  they raised were litigated all the way to the U.S. Supreme

15  Court and three weeks before that Decision was made, we

16  moved.  But we didn't just move.  We objected, to go back to

17  the pleading that we filed, Your Honor.  The caption of that

18  pleading, and we defined it, as -- is a Motion for More

19  Definitive Statement.  But it's Debtors' Objection to the

20  Proofs of Claim filed and Motion for an Order Requiring a

21  More Definitive Statement.  Once a Proof of Claim is filed

22  under Rule 3001, and an Objection is filed under 3007, a

23  contested matter is commenced under Rule 9014 and Rule 9014

24  says, very specifically, what Rules under the 7000 series

25  apply to that contested matter and --

1              THE COURT:  Yes.

2              MR. BROMLEY:  -- which ones do not.  Mr. O'Connor

3    made statements that we focused on Rule 7012 in our

4    Objection and Motion for a More Definitive Statement.  But,

5    Your Honor, more definitive statement is only 12(e).  You

6    can go through Rule 12.  That Rule of Civil Procedure,

7    12(e), is the one for more definitive statement.  We didn't

8    file it under anything else.

9              THE COURT:  And Rule 9014 incorporates --

10             MR. BROMLEY:  9014 --

11             THE COURT:  7012.

12             MR. BROMLEY:  -- does not incorporate on its own

13   7012.  That's one of the ones that's not listed.  But it

14   says the Court has discretion to apply 7012.

15             THE COURT:  Right.

16             MR. BROMLEY:  Well, it says it has discretion to

17   apply anything else in the 7000 series.  So why did we do

18   that?  Why did we file this Objection and Motion?  Because

19   the Proof of Claim, as filed, was insufficient.  Mr.

20   O'Connor admitted it was insufficient just a few minutes

21   ago.

22             THE COURT:  Yes.

23             MR. BROMLEY:  And that something else needed to

24   be filed.  If the right Claim had been filed in the very

25   beginning, we would have had the right to object.  We

1   wouldn't have had to ask for a more definitive statement

2   because we would have received a more definitive statement.

3   We could have, in June of last year, moved to simply strike,

4   and not for a more definitive statement, but the Proof of

5   Claim, as filed on September 29, 2009, on its face, was

6   insufficient, full-stop.  We could have just said that.  We

7   didn't.  We actually wanted to hear what they had to say,

8   and after 2 ½ years of venue litigation up to the Supreme

9   Court, we thought they deserved that right.  Now we're

10  paying a penalty, clearly.  We're being accused of lots of

11  duplicitous action.  But when we filed that Motion in June

12  of 2012, it was because we had an insufficient Claim.

13          Now, when we asked very specifically for 12(e) to

14  apply, it was because we wanted more information and so

15  that's what we did.  When we had this argument last July; it

16  was on July 11th, there was a colloquy on the record between

17  Mr. O'Connor and my partner, Ms. Schweitzer, with respect to

18  contested matters versus Complaints and whether or not all

19  of the Rule 7000 series Rules were to apply.  That colloquy

20  was on the record and we made it entirely clear, as we cited

21  in our response that we filed yesterday, that the U.S.

22  Debtors' position was not that all of the 7000 Rules should

23  apply.

24          Now, Mr. O'Connor did say I think there should be

25  an Answer.  But you know what?  There was an Order entered

1  after that hearing and that Order did not say that we needed

2  to move for Answer.  Mr. O'Connor did not appeal that Order.

3  He did not object to its entry.  He did not ask for a

4  clarification or a Motion for Reconsideration and Mr.

5  O'Connor says that there's no law.  Well, there is law, and

6  we cited it, and it's an interesting case.  It's a 1998 case

7  in the Bankruptcy Court in the Northern District of Indiana

8  in the matter of *Rimsat, Limited*, and we cite it in our

9  initial papers, and I admit we didn't cite it in our

10  response, but we filed in our -- we cited it in our initial

11  papers, and it's interesting because there, the Court says

12  beyond requiring a more definitive statement of the Claim,

13  it appears -- it seems appropriate to provide the parties

14  with some guidance concerning the precision with which it

15  should frame any amended Claim and, concomitantly, the

16  precision that should be given to any forthcoming Objection.

17  This is a situation where the Court saw a claim that was

18  insufficient on its face, a Motion was filed asking for Rule

19  7012 to apply Rule 12(e), and the Court said I'm going to

20  grant it, but just so everybody knows, I want the response;

21  I want the Amended Claim to be filed pursuant to Bankruptcy

22  Rule 7008, 7009, and 7010.

23              If Mr. O'Connor wanted and thought it was so

24  critical that what we should have is an Order that said we

25  needed to move and not object to that Proof of Claim, he

1  should have objected to the Form of Order; he should have

2  appealed the Form of Order; he should have moved to

3  reconsider the Form of Order but he didn't.  Then it's

4  important, Your Honor, to go forward in time.  This was July

5  11th.  Again, it was 19 months, now 21 months by the time the

6  -- or 20 months by the time the hearing took place after

7  they filed more definitive claims in Canada.  Mr. O'Connor

8  said we can't get it done in that time or we need more time;

9  we want it to go to the end of October.  Admittedly, we did

10  ask for the end of July and the Court, in your solominic

11  way, gave us -- I think it was the day after Labor Day and,

12  in all honesty, Your Honor, that's the way lawyers' minds

13  work.  We weren't surprised at that at all, and when Mr.

14  O'Connor asked for Halloween, we were not surprised at that

15  either and I suspect he should not have been surprised when

16  we asked for the end of July.  But the fact is is that we

17  filed the Motion on June 11th.  They had until September 5th.

18         Now, what happened between the hearing on the 11th

19  of July and the filing of the Proof of Claim, apart from no

20  appeal, no Motion for Reconsideration?  The Debtors did file

21  a Motion with the Court and asked to bifurcate the EMEA

22  Claims.  We wanted to split the remaining EMEA Claims, the

23  ones -- you dismissed some and you left some others, and we

24  had created, which we thought was a very interesting and

25  effective way of getting to certain issues, and we had -- we

1  filed that Motion on the 6th of August and we scheduled the

2  hearing on the 22nd of August.  Your Honor may recall we had

3  a Status Conference at the end of July where concerns were

4  raised with respect to the progress of the mediation.

5       THE COURT:  The mediation was a mistake and it's

6  the last time I'll have -- I'll order a mediation over which

7  I don't have control.

8       MR. BROMLEY:  I don't think there's a response

9  necessary.

10       THE COURT:  No.

11       MR. BROMLEY:  The -- but what happened after

12  that?  We filed this Motion on the 6th of August.  In the

13  week of August 9th, I went on vacation with my family to

14  Avalon, New Jersey, and we took a ride one day to Cape May

15  and, while we were walking in Cape May, Derek Abbott called

16  me and said Judge Gross would like everyone to get on the

17  line in an hour.

18       THE COURT:  I did that?

19             (Laughter)

20       MR. BROMLEY:  And we did, and I believe notice

21  was given to everyone and, at that point, you said, Your

22  Honor, I want everyone to be focused laser-sharp on

23  mediation.  I don't want to hear any further discussions

24  about the progress of mediation; I want that to be first and

25  foremost in everyone's mind.  Your Honor then sent an email

1    to Mr. Abbott and Ms. Cordo which was on the 20th of August

2    and you asked that it be distributed to all Counsel, which

3    it was, indicating as well that, at that point in time, that

4    we should be focusing on mediation and providing notice to

5    save the parties from having to travel that I'm canceling

6    the hearing on the 22nd and I'll be entering an Order

7    adjourning sine die on the hearing on the Motion scheduled

8    for the 22nd.  I previously indicated to the parties that I

9    have full confidence in and greatly appreciate the efforts

10   of Chief Justice Winkler and I want the parties to be

11   focusing on the mediation.  Two days later, Your Honor, you

12   entered an Order that said the Court is continuing the

13   hearing on the Bifurcation Motion to a date to be determined

14   to enable the parties to fully immerse themselves in the

15   pending mediation before Chief Justice Winkler, Ontario

16   Supreme Court.

17           So by the end of August, we had been told, pretty

18   clearly, what we needed to be doing and so when the Proof of

19   Claim came in on the 5th of September, it was not

20   unreasonable to be thinking perhaps Your Honor did not want

21   us, at that point in time, to be distracting ourselves from

22   mediation and immediately turning towards that Proof of

23   Claim.  But it's interesting, I think, to look at the Proof

24   of Claim because the Proof of Claim, the Amended Proof of

25   Claim, was filed and it was filed on the 5th of September

1  2012 and the term -- the words "adversary proceeding" do not

2  appear anywhere within that Proof of Claim.

3          THE COURT:  No.

4          MR. BROMLEY:  The words "Proof of Claim" appear

5  throughout.  Rule 8 and Rule 12 are not mentioned.  There is

6  an extensive reservation of rights that appears on page 92.

7  There's no reference at all to the fact that 14 days is the

8  time within which to move with respect to this or that any

9  Motion or Answer is required.  It talks entirely about

10 Proofs of Claim.  These are the exact same numbered

11 paragraphs, six numbered paragraphs, of reservations of

12 rights that appeared in the Proof of Claim filed on

13 September 29, 2009.

14          So if we're sitting just looking at the Rules, it

15 is the Debtors' view, and I believe the Committees' view,

16 and Mr. Hodara will chime in in a bit, that there simply was

17 no obligation to answer or move.  So when we filed the Joint

18 Objection, we were doing what any Debtor and Creditors'

19 Committee typically does, which is object and we objected

20 over 43 pages in substantial detail.  Now, of course, Your

21 Honor, when we did object, we did not yet know that the U.K.

22 Pension Parties would take the position that all of the

23 Nortel entities should be substantively consolidated.  We

24 had suspected that the Creditors' Committees -- the

25 Creditors' Committee in Canada might take that position but

1   we did not know that the U.K. Pension would take that

2   position.  And if you go through, in light of the allocation

3   position of the U.K. Pension, the allegations that are

4   through the Proof of Claim, you come to a very interesting

5   fork in the road.  What are we moving to dismiss?  There's

6   no substantive consolidation right that has -- that exists

7   under *Dow Corning* that would allow the substantive

8   consolidation of all of these Nortel Debtors across all of

9   these jurisdictions around the world.  We simply don't

10  believe that is the case and there's been no law cited to

11  show that either by the CCC or by the U.K. Pension Parties.

12          Many of the things that are alleged in the Proof

13  of Claim say very similar things; that the U.S. entity was

14  dominated and controlled by Canada, or participating in

15  domination and control by Canada, of all of these entities.

16  If we're going to turn all of the allocation pleadings into

17  Complaints and require Motions to Dismiss and Answers, I

18  don't think we're going to get where we need to get to.  So

19  when we were sitting crafting the responses, the idea was we

20  had a very limited amount of time for discovery.  We had a

21  trial date that the Courts wanted us to meet and had told us

22  very clearly that we needed to meet and so it was with that

23  in mind that we said here's what we need to do.  We'll give

24  them more information than we typically would give with

25  respect to the Objection; we'll go into discovery; we'll

1  have Dispositive Motions near -- in the November/December

2  timeframe, and trial in January.  If we start taking all of

3  these things apart and trying to put them back into little

4  boxes, the exercise of cooperation and collaboration is

5  going to, I think, break down.  But also, the question of

6  the consolidation of the Claims with allocation breaks down,

7  and it's not like there isn't a simple solution to this.  I

8  mean where we are is we've given substantial information

9  with respect to our legal positions.  If there's specific

10 Contention Interrogatories that the U.K. Pension Parties

11 believe they should purport or propound on us, we have every

12 expectation they will do that because we have our own

13 questions, Your Honor, that go directly to all of this and

14 one of the things that Mr. O'Connor said, which is just

15 simply wrong, is that the only access to information that

16 the U.K. Pension Parties have had is to the Merrill database

17 that was established.  We've been told on multiple

18 occasions, including me personally by representatives of the

19 Pension Regulator, that they have had the full and complete

20 cooperation of the EMEA Debtors and access to the EMEA

21 Debtors' information.  In preparing the Warning Notice in

22 2009 and preparing their Claims, they have litigated these

23 issues in front of their own private tribunal without the

24 participation of the U.S. and Canadian Debtors.  That is why

25 they have been able to say in their Proof of Claim that

1  they've had Contribution Notices and FSD's and the like

2  because they went and did this without our participation.

3          And let's be clear though at the end of the day

4  who we're talking about.  Mr. O'Connor is talking about my

5  participants.  These are people who worked in the United

6  Kingdom.  They worked for a separately incorporated

7  subsidiary of Nortel Networks, Limited.  They worked for a

8  sister company of Nortel Networks, Incorporated, and a

9  sister company, Nortel Networks Cala.  They worked largely

10 for, and approved most of their benefits for a prior company

11 that was acquired by Nortel.  They have made claims in this

12 case for over $3 billion.  When they say their beneficiaries

13 are paying for this exercise, it is beneficiaries that never

14 worked for Nortel Networks, Incorporated, who have benefits

15 under a Pension Plan that the U.S. Debtors had no control

16 over and no influence over, and they attempt to attach those

17 liabilities through a statutory scheme that's never been

18 approved to apply here in the United States.

19          So when we're sitting here trying to face the

20 litigation issues, I'm faced with two things.  The U.K.

21 Pension statute enacted by Parliament, and we don't have one

22 anymore, says that they can do what they want to do with

23 respect to affiliate entities outside the United States, and

24 they have a long statutory regime that they have to go

25 through to follow it.  But at the end of the day, it's

1   making an unaffiliated entity responsible under a statutory

2   regime enacted by a Parliament that is not in control of the

3   United States of America.  And I suspect that if U.S.

4   Congress passed a law that said we could go over to the U.K.

5   and have them pay whatever they -- whatever we think with

6   respect to liabilities incurred here, there might be some

7   disagreement with that, and it's not like the U.K. Pension

8   hasn't heard this before.  The Objections that were filed in

9   Canada say exactly the same thing.  There's no reciprocity

10  if the U.K. wouldn't approve it.  Canada's law don't abide

11  it.  There's no justification under Canadian law for the

12  U.K. Pension Claims to be asserted against the Canadian

13  Debtors.  They are dealing with the exact same arguments

14  before Justice Morawetz as they're dealing with before here.

15          And then they filed their allocation position

16  which says, and you know what, in any event we don't win

17  that, I want it all put together and substantively

18  consolidated.  So when we're sitting here today, we're

19  looking at an exercise of trying to -- whether -- to figure

20  out whether this Objection that we filed should be struck

21  and the Debtors', on a five-day schedule, should be forced

22  to answer and/or move, which is what the U.K. Pension

23  Parties want, and otherwise all the allegations with respect

24  to substantive consolidation and all that are just going to

25  go along and we're going to have discovery.  We can't

1   separate these things.  For better or for worse, we've been

2   put it in the same train car and we've got to get to

3   January.  At this point, there's nothing that we're going to

4   be able to give to the U.K. Pension Parties that's going to

5   advance this litigation.  It's going to cost more money,

6   more delay, for everyone involved.  And so I do apologize to

7   Mr. O'Connor for, you know, the atmosphere that has been

8   generated to the extent that we're responsible for it, and I

9   know that sort of says I'm sorry that you're mad, but the

10  fact is what we're trying to do here is to bring this

11  enormous exercise to a reasonable and balanced conclusion in

12  January.

13          If the Debtors are forced in this circumstance to

14  start answering and moving to dismiss, it opens the door for

15  that to happen with respect to absolutely everything else,

16  with respect to every other Claim and argument that's being

17  made with respect to allocation because, at this point,

18  they've been mixed together and we can't separate them.

19  We've done our best to inform Mr. O'Connor and his clients

20  of these arguments.  We have met with them numerous times.

21  We've traveled to the United Kingdom.  We've been to their

22  offices in Brighton.  We've met them in London several times

23  over the course of many years.  I would hope that, after all

24  of those interactions, a level of trust, if not comfort, has

25  developed.  We just want to get this over the finish line,

1 Your Honor, and we believe that the best and straightest way

2 to do that is to allow our Objection to stand and move

3 forward towards January 2014, and I do think that the can of

4 worms that would be opened if we have to answer or move is a

5 can that really should not be opened at this point.

6          THE COURT:  And there will be an opportunity for

7 them to propound Interrogatories, asking for specifics as to

8 your Objections to -- on facts and the like.

9          MR. BROMLEY:  And we will do the same to them.

10          THE COURT:  Yes.

11          MR. BROMLEY:  Because for every allegation that

12 they make to us with respect to their Proofs of Claim, we

13 have questions that go directly back to them as to where

14 their information is coming from.

15          THE COURT:  Sure.

16          MR. BROMLEY:  And that's what discovery is about,

17 right?  We're not going to admit that any amounts are due

18 and owing to the U.K. Pension Parties.  We're simply not

19 going to do it.  We're not going to admit that their statute

20 applies; that they would have had personal jurisdiction over

21 anyone.  And to the extent that there's a little fact here,

22 a little fact there, that's what discovery is about and

23 that's what Contention Interrogatories are for.  We've

24 already had a thousand document requests that we've been

25 able to whittle down by 80 percent and if they have these

1   particular questions, then ask them and we'll deal with them

2   in discovery.  But that's -- and frankly, Your Honor, we

3   don't believe that there's a lot of them.

4              THE COURT:  Okay.

5              MR. BROMLEY:  Thank you, Your Honor.

6              THE COURT:  Thank you, Mr. Bromley.  Mr. Hodara,

7   good afternoon -- or good morning still.

8              MR. HODARA:  Good morning, Your Honor, and it

9   will still be morning when I'm done.

10             THE COURT:  Okay.

11             MR. HODARA:  Frank Hodara, the Official Committee

12  of Unsecured Creditors, Akin Gump Strauss Hauer & Feld.

13  And, Your Honor, I'm going to limit my comments to two

14  specific points that I want to emphasize and reiterate

15  because Mr. Bromley I believe has covered all of our

16  arguments in full.  The Committee joins completely in the

17  arguments put forward by the U.S. Debtor today.  So the two

18  points that I want to reiterate are the point that the

19  Committee and the Debtor had no obligation to answer or

20  move.  We did object to that Objection which was replete

21  with our position and everything behind it.  The U.K.

22  Pension Parties have a detailed responsive pleading.  That

23  pleading gives them what they need to participate in

24  discovery.

25             And so the second point that I want to emphasize

1   is that, to a certain extent, events have overtaken this

2   Motion to Strike.  The Motion was filed on May 20th.  Because

3   of the compressed timeframe in which all of the parties have

4   been proceeding with respect to discovery in the short

5   period of time since May 20, all of the discovery efforts to

6   rationalize, harmonize, and move forward have taken place,

7   and as you heard this morning by television in this

8   Courtroom from many different parties, is that tremendous

9   progress has been made in those discovery efforts.  So the

10  discovery has become defined; it's become largely agreed,

11  and it has commenced with the start of the production of

12  documents yesterday by the three Estates.  And so this last

13  point is, simply, we need to stay on track with that and not

14  be diverted to additional pleadings, Motion practice,

15  striking of responsive pleadings, and so on at this time.

16              THE COURT:  All right.  Thank you.

17              MR. HODARA:  Thank you, Your Honor.

18              THE COURT:  Thank you, Mr. Hodara.  Mr. O'Connor?

19              MR. O'CONNOR:  Your Honor, I will attempt to be

20  brief, but I have to tell you that there are so many issues

21  that I see with the arguments that have been made that it's

22  fairly difficult to be able to do it briefly, but I will

23  try.

24              First of all, this notion that when Your Honor

25  granted the Motion for a More Definite Statement, somehow I

1  should have jumped up and said and put in the Order that

2  they've got to comply with Rule 7012 at the same time is

3  utter nonsense.

4          Rule 9014 says the following.  It says after

5  indicating in 9014(c), the various Rules in Part 7 that

6  apply, it goes on to say, as Mr. Bromley correctly states,

7  that (b)(12) is not one of those.  The Court may, at any

8  stage in a particular matter, direct that one or more of the

9  other Rules in Part 7 shall apply.  It doesn't say the Court

10 may direct that one or more subdivisions of one of the other

11 Rules may apply.  It says it may direct that another Rule

12 applies.  That's what they asked Your Honor to do.  They

13 asked us to make a more definite statement after asking the

14 Court to apply Rule 7012.  For Mr. Bromley to seriously

15 argue that in our -- that I either, number one, should have

16 objected and said that I have to detail what their

17 obligations are under Rule 7012, makes no sense.

18          And the other argument that, in our Amended

19 Proofs of Claim, we didn't say anything about them having to

20 respond within 14 days.  Well, it's not our obligation to

21 tell the Debtors what their obligations are under the Rule.

22 Why would we put anything in our Proof of Claim?

23          THE COURT:  But this goes to my question to you,

24 Mr. O'Connor, about the fact that you didn't raise the issue

25 soon after you filed your pleading, your Proof of Claim,

1  your Amended Proof of Claim.  It was not until March that

2  you raised it.

3          MR. O'CONNOR:  Well, Your Honor, again, this is a

4  typical example.  The Debtors cannot have it both ways.

5  They tell Your Honor that, although they didn't come to the

6  Court, they said it wasn't unreasonable for them to assume

7  that because the Court threw off the Bifurcation hearing --

8          THE COURT:  Right.

9          MR. O'CONNOR:  -- with respect to EMEA, that

10 somehow the Court told them that they didn't have to respond

11 to our Claim.  Now, time passed and we did get into the

12 middle of the mediation, and frankly, we thought about doing

13 two things.  We thought about making a Motion.  We thought

14 about filing a discovery request.  And we thought that, in

15 the spirit of trying to cooperate and try to get the

16 mediation done, we would hold off.  We did not want to

17 appear as if we are acting in some way that was in bad

18 faith.

19         THE COURT:  And that was really -- I must say,

20 that's what I intended; that the parties --

21         MR. O'CONNOR:  That's what --

22         THE COURT:  -- stand down.

23         MR. O'CONNOR:  -- we did.  But for them to argue

24 at this point that somehow we waited too long to raise the

25 issue in March when they say the reason they didn't have to

1   respond to the Complaint in the first place is because they

2   had a sense that Your Honor thought it was not unreasonable

3   for them to proceed.  They can't -- again, they can't have

4   it both ways.

5          Your Honor, this notion of the allocation and the

6   U.S. Claims, we've been clear right from day one, and we

7   thought the Debtors were and the Court is, that the U.S.

8   Claims, our Claims, are to be tried by Your Honor separate

9   and apart from the allocation issue.  That's why we said

10  from day one we thought it made sense to do the allocation

11  issue first in January before we got to the U.S. Claims.

12         You heard a lot from Mr. Bromley about subcon and

13  allocation.  All we said with respect to the allocation

14  pleadings is that one, it didn't appear from all the other

15  parties' submissions that there was any one particular

16  metric that the Court could say conclusively should be the

17  metric that should be used, and that, in light of that, one

18  way to approach this was not subcon of all the Estates, but

19  for purposes of distributing the money that is in the

20  lockbox, not the assets throughout the Estates and EMEA,

21  Canada, and the U.S., that you would have some form of pro-

22  rata distribution.  That's got nothing to do with the U.S.

23  Claims.  The U.S. Claims are founded upon the U.K. statute.

24  There's no notion of any type of veil-piercing; there's no

25  subcon; there's nothing of the sort.

1          Another point, Your Honor, is -- and this will

2    come up at some point I assume.   I just want to red-flag

3    it, Mr. Bromley said in his speech about this was a change

4    of venue, just location, that they were preserving some

5    argument that the U.K. Determinations Panel wouldn't have

6    had personal jurisdiction over them.  Well, I think that --

7    if they have that argument, that argument has been gone for

8    a long time because what they did is they said well, rather

9    than have the Determinations Panel apply the U.K. law, we'll

10   have Judge Gross apply it.  Now, you undoubtedly have

11   personal jurisdiction over them and I don't see any argument

12   that they can contend that there isn't personal jurisdiction

13   for you if you've determined that the U.K. statute applies,

14   that it ought to apply to them.

15          Your Honor, this notion that this can all be

16   solved by Contention Interrogatories is flawed from several

17   angles.  Number one, if the Rule applies, we're entitled to

18   an Answer.  We don't have to wait for Interrogatories.

19   Number two, the way the discovery plan and the litigation

20   timetable are drafted is, again, there were Identification

21   Interrogatories to start with.  We know that there's a

22   limitation under the Federal Rules of 25 Interrogatories,

23   period, and we also know that, under the timetable and

24   discovery plan --

25          THE COURT:  Yes.

1          MR. O'CONNOR:  -- there is no right to Contention

2    Interrogatories.  You have to go back and either the parties

3    have to agree or the Court has to order that to apply.  For

4    them to suggest that that's perfectly fine; we'll come back

5    and we have 325 paragraphs of allegations in the Complaint,

6    if we want to propound Interrogatories about all those to

7    establish what they are essentially admitting and what

8    they're denying, I can guarantee you you'll be hearing from

9    Mr. Bromley telling you whoa, whoa, whoa, we're not

10   answering 325 separate Interrogatories, and this is I think

11   a complete red herring to suggest that Interrogatories is

12   the way to resolve this problem.  They asked for the Rule to

13   be applied.  We did what they asked us to do.  They didn't

14   ask Your Honor to selectively apply the Rule.  They didn't

15   ask Your Honor to put in the Order that even though you're

16   applying 7012, they had the right to file an Objection, not

17   a responsive pleading.  That's their burden, not my burden.

18          And Your Honor, the other point I just want to

19   make briefly because Mr. Bromley, despite saying he wouldn't

20   do it, spent a lot of time on the merits, and you know, this

21   notion that, again, somehow the U.K. statute is so violative

22   of public policy, when we get down to looking at the ERISA

23   statute where ERISA imposes automatic joint and several

24   liability for all the entities in the control group which,

25   in this situation, NNI and NN Cala and NNUK would be, it's

1   astounding to me that anyone can argue that this would be

2   violative of public policy.

3            In the U.K., the Regulator has to go, has to

4   prosecute a claim before the Determinations Panel.  The

5   parties have a right to present evidence, to cross-examine

6   witnesses.  The Determinations Panel, an independent

7   tribunal, has to determine, in the exercise of its

8   discretion, that all the tests under the statute had been

9   met.  There's a right of de novo appeal in the upper

10  tribunal.  There's a further right by leave on issues of law

11  in the Supreme Court of the U.K.  To argue somehow that when

12  Congress thinks it's appropriate to impose that kind of

13  liability on sister corporations like this, that somehow

14  it's repugnant to U.S. public policy if a U.K. statute does

15  that.  It just doesn't hold water.  But that's more for down

16  the road.

17           So, Your Honor, in closing -- oh, I would also

18  like to say that just by way of an example, this is just one

19  example, when Mr. Bromley says that there's really nothing

20  they can do; we should be grateful, frankly, for the

21  generosity that they've shown us in terms of what they have

22  given us, that they have nothing further to add, I'm just

23  looking at paragraph 99 of the Amended Proof of Claim, and

24  here's an allegation that says the expansion into the

25  European markets was a particular benefit to NN Cala because

1  the Cala Region used European ETSISE standards and it goes

2  on to -- and many of these paragraphs allege how NNI or NN

3  Cala would benefit by work that NNUK did.  Why they can't

4  answer that; why they can't say they admit that or they deny

5  that, they have no answer for that.  They should admit it or

6  deny it, and it just makes no sense.  When they want to talk

7  about doing something efficiently to get it across to make

8  sure that we're on track for a trial in January, how could

9  it possibly be that it makes more sense for them not to sit

10 down and say I admit that; I deny that or deny sufficient

11 information about that?  Then the parties know what the

12 roadmap is; what discovery we need.  Why are we wasting our

13 time running around in the dark because they don't want to

14 spend the time to sit down and answer whether they admit or

15 deny a specific allegation which, on many of these

16 allegations, they certainly have in their power to do.  It

17 just doesn't make any sense to me, Your Honor.  Thank you.

18             THE COURT:  Thank you, Mr. O'Connor.  Mr.

19 Bromley?

20             MR. BROMLEY:  I'll be very --

21             THE COURT:  Yes, sir.  Yes.

22             MR. BROMLEY:  -- very quick, Your Honor.  First

23 of all, you know, there are paragraphs in here that talk

24 about specific technologies.  The way those -- let's just

25 play that out, all right?  Whether or not a particular type

1  of technology, and there were a few, were created in the

2  U.K. and incorporated into any product sold here, the

3  response would be and everything we invented here was

4  incorporated into products that were responded there, you

5  know, sold there.  The reasonableness that Mr. O'Connor

6  talks about is about a balance, right?  And so the way you

7  deal with these things is you have to say there's a little

8  piece that they produced, notwithstanding the fact that the

9  U.S. spent $7 billion in the past ten years on internal U.S.

10 domestic R & D, plus the $7 billion in transfer pricing

11 payments that the U.S. sent to the U.K. and Canada, $14

12 billion in cash left the United States in the ten years

13 prior to the bankruptcy filing to support R & D around the

14 world.  Do you know how much money went into the transfer

15 pricing system from the United Kingdom?  Zero.  They were a

16 net recipient.  We were a net donor, okay?  We can respond

17 to every single one of these that it's irrelevant because we

18 spent $14 million more than your company contributed, right?

19 We paid for that R & D.  We bought that R & D.  Do we want

20 that to be the response of every single one of these?  I can

21 show you another one, Your Honor.

22          Again, these paragraphs are not even susceptible.

23 Here's one.  The financial circumstances of NNI and NN Cala,

24 paragraph 317.  As alleged in paragraphs 42 through 44,

25 because NNUK was not adequately compensated for the services

1  it provided to the Nortel Group, including NNI and NN Cala

2  at the time of the Nortel Group's insolvency, NNUK was left

3  in a significantly worse financial position than NNI and it

4  has much lower expected rates of return to its Creditors.

5  That -- okay, we denied that they weren't adequately

6  compensated, right?  We're going to have to go through and

7  every subclause for 93 pages, for 300 and some odd

8  paragraphs, parse through all of that.  This wasn't drafted

9  -- this was drafted in a U.K. style.  You know, accordingly,

10  NNI and NN Cala are each in a significantly better position

11  to provide financial support to the Plans compared to NNUK?

12  These are all DKIs.

13          These are -- there's not -- I mean Mr. O'Connor,

14  I think is just not recognizing the difficulty of answering

15  these things but also the flaws of whether any of the

16  answers will actually provide any information.  These are

17  issues that he has to prove.  So when we're sitting here,

18  Your Honor, at the end of the day trying to figure out what

19  we're doing here, I disagree with Mr. O'Connor.  We had a

20  particular colloquy on the record.  We talked about what we

21  were going to do and what Rules were going to apply.  He

22  hasn't raised it.  The first time he raised it was in March

23  and only as an aside. There was no Motion.  If he wanted to

24  raise it in March, we could have raised it in March and

25  litigated it then and we could have then known what we

1  needed to do.  The litigation schedule that we put together

2  talked about responses.  Never once did they say we were

3  expecting answers.  You know, at this point, we just got to

4  get going and, you know, from the Debtors' perspective,

5  we've been working tirelessly to simplify this exercise and

6  get to January 14th.  As to all of the substantive arguments

7  with respect to the U.K., we'll get to them.  I point out,

8  as in closing, the supremacy clause is one of the reasons

9  that we pay attention to Congress but not to Parliament.  I

10  think the Declaration of Independence is the reason we don't

11  pay attention to the Parliament.  So, Your Honor, we would

12  certainly ask that the Motion to Strike be denied.

13          THE COURT:  All right.

14          MR. BROMLEY:  Thank you.

15          THE COURT:  Thank you, Mr. Bromley.

16  Mr. O'Connor --

17          MR. O'CONNOR:  Your Honor, if I may, just one --

18          THE COURT:  -- it's your Motion; you get the

19  final word.

20          MR. O'CONNOR:  -- last word.  Your Honor, I

21  really take issue with Mr. Bromley to suggest that when we

22  raised the issue before Your Honor, number one, in our March

23  4th submission on the allocation dispute, but more

24  importantly at the March 7th hearing, and I said that they

25  were in default technically; that they should have filed a

1   responsive pleading and Answer or a Motion to Dismiss within

2   14 days and he then said we're going to file a responsive

3   pleading and we asked when.  He said as fast as the Court

4   tells us to do it.  At no time did they say at that point

5   that it was not going to be a responsive pleading.  They

6   knew I said to Your Honor it was an Answer or a Motion to

7   Dismiss.  They didn't say no, it's an objection, and they

8   told us they were going to do it, and all through this

9   process when we were negotiating with them in connection

10  with the litigation timetable, the protocol, and everything

11  else, we were under the assumption that they were going to

12  give us a responsive pleading.  They didn't say that it was

13  not going to be that; it was going to be an Objection.

14          And, Your Honor, in terms of whether it's easy,

15  hard, or what, you know, all litigation is hard but the

16  Rules are the Rules.  We spent the time to allege the

17  specific factual allegations that underlie our claim.

18  They're obligated to respond to those and it makes no sense.

19  They keep wanting to say that this is going to slow down the

20  process but it's not.  It's going to speed up the process.

21  It will avoid unnecessary delay because there are

22  allegations in that Complaint that they, in good conscious,

23  have to admit.  Thank you.

24          THE COURT:  All right.  I don't, but does anyone

25  need a break for ten minutes at this point?  We've been

1  going a while and I'm happy to provide one?

2              (No audible response)

3          THE COURT:  Okay.  You know -- let me dispense

4  kind of quickly with the Motion to Strike itself because I'm

5  going to deny the Motion to Strike.  I think here, the

6  Debtors and the Committee filed a response.  There was a

7  stay of all litigation during the course of the mediation.

8  I think that with the response coming shortly thereafter, it

9  was, in fact, timely and this is not a case in which what

10  would, in effect, be a default would occur and that

11  certainly is not appropriate.

12          I'm really of a mixed view here and I'll tell you

13  why.  On the one hand, I do think that, to a large extent,

14  what is being requested by the U.K. Pension Claimants is

15  somewhat form over substance because I do think that the

16  form of the Answer would not be of particular benefit to the

17  litigation which is on an extremely fast track, and yet what

18  I hear today and what concerns the Court particularly is the

19  comment that the Debtors and the Committee want it, you

20  know, one way, their way, and to the extent that the Court

21  is presiding over this case, I -- you know, I feel some

22  responsibility if that is, in fact, how things are being

23  viewed by parties.

24          From a legal standpoint, this is not an adversary

25  proceeding.  You know, the Court's direction that the U.K.

1  Claimants file a more precise Proof of Claim was to advance

2  the litigation and to be helpful to moving -- at that time,

3  it was, of course, still in the mediation mode and I thought

4  it would be helpful if everyone undertook precisely what the

5  Claims were that the Pension Claimants were advancing and I

6  think that the Amended Proof of Claim clearly has provided

7  that benefit and the case is now proceeding in discovery

8  mode and it's helpful and I'm not sure -- so I don't think

9  that Rule 7012 really does apply in this circumstance.

10          You know, the Rule for More Definite Statement or

11  the Motion for More Definite Statement was a 7012(e) Motion

12  and, although I know that the Pension Claimants talk about,

13  you know, a Rule as a whole applying, I think that it's

14  understood generally by Courts that the subparts of Rules

15  are what really are being addressed in a case and not

16  necessarily the entire Rule.  A Motion to Dismiss, for

17  example, you look at a certain subsection of Rule 12; you

18  don't look at the entire -- necessarily the entire Rule as

19  you preside or make the decision.  And I am really hard-

20  pressed to see the practical benefit of requiring an Answer

21  be filed.  You know, I, at the same time, want to provide

22  assurances to all parties that on the substance of this case

23  and the substance -- substantive decisions, the Court is

24  viewing it very, very much as a level playing field and is

25  applying a level playing field.  But I don't think that the

1  Court should impose upon any party something just for the

2  sake of appearances and I think that that really would be

3  the consequence or that is what would drive me to a decision

4  to require the Debtors and the Committee to file an Answer.

5  I just don't think from a substantive standpoint it advances

6  the case.  I don't think it provides the parties with

7  benefit.

8          We are in the discovery phase now in which the

9  parties have worked very hard to organize the discovery and

10  to coordinate and to simplify discovery.  I'll note that I

11  think the Debtors and the Committee, you know, have set up

12  various protocols which are enormously complex and

13  enormously helpful and to require them to, in effect, file a

14  document just for the sake of all parties or certain

15  parties, you know, feeling better that the playing field is

16  level when, in fact, it's level regardless of whether or not

17  a response is ordered would be inappropriate for the Court

18  to do.  So I am satisfied that a responsive Answer or Motion

19  to Dismiss is not necessary under the circumstances and that

20  we are not operating under the entirety of Rule 7012, but

21  under a portion of 7012 that the Court applied to make the

22  case move more smoothly and, accordingly, the Motion to

23  Strike is denied and --

24          MR. O'CONNOR:  Your Honor, may I seek

25  clarification on what --

1          THE COURT:  Come, Mr. O'Connor, yes.

2          MR. O'CONNOR:  Thank you.  I take it then Mr.

3    Bromley would acknowledge then that the reservation of

4    rights in the footnote in their response that, over the

5    summer, they would seek to come back and essentially have to

6    ask Your Honor to apply the rest of Rule 7012 to the Proof

7    of Claim to move to dismiss the case is something that they

8    are not going to do?

9          THE COURT:  Well, Mr. Bromley?

10         MR. BROMLEY:  As -- I haven't spoken to Mr.

11   Hodara, who is my Co-Counsel in this --

12         THE COURT:  Yes.

13         MR. BROMLEY:  -- can I speak with him just for

14   one moment?

15         THE COURT:  Of course.  Do you want a five-minute

16   break?  Do the parties need a break?

17         MR. BROMLEY:  I don't think we need one.

18         THE COURT:  Okay.  All right, fine.

19         MR. ABBOTT:  Pardon us, Your Honor.

20         THE COURT:  Mr. Abbott, you better get out there.

21         MS. SCHWEITZER:  I'll hold down the fort, Your

22   Honor.

23         THE COURT:  All right.  Yes, please.

24                    (Laughter)

25         MR. BROMLEY:  We can confirm, Your Honor, we're

1  not going to be filing a Motion to Dismiss this summer with

2  respect to Pension Claim.

3          THE COURT:  All right.  All right.  So the --

4          MR. O'CONNOR:  Your Honor, can I just clarify

5  that?  Mr. Bromley's a smart guy.  I think he said he's not

6  going to file it this summer.  I take it you're not going to

7  file a -- ask the Court to apply Rule 7012 and file a Motion

8  to Dismiss at any time?

9          MR. BROMLEY:  With respect to the U.K. Pension

10 Claims, Your Honor, we're going to abide by the litigation

11 schedule which has Pretrial Motions which could include

12 Dispositive Motions after the close of discovery.

13         MR. O'CONNOR:  Dispositive Motions, but again,

14 are you going to ask the Court to apply Rule 7012 or are you

15 talking about a summary judgment or a Motion in Limine?

16 That's I think what the Dispositive Motion was intended to

17 apply to?

18         MR. BROMLEY:  That is where we're -- that's what

19 we're talking about.

20         THE COURT:  A Motion for Summary Judgment?

21         MR. BROMLEY:  A Motion for Summary Judgment.

22         THE COURT:  All right.

23         MR. BROMLEY:  At the close of discovery with

24 respect to the U.K. Pension Claims.

25         MR. O'CONNOR:  Thank you.  Thanks for that

1  clarification.

2           THE COURT:  You've accomplished a great deal for

3  your client today, Mr. O'Connor.

4           MR. O'CONNOR:  Thank you, Your Honor.

5           THE COURT:  Yes, indeed.

6           MR. BROMLEY:  We just had our opening Brief

7  already.

8                     (Laughter)

9           THE COURT:  All right, Counsel.

10          MS. SCHWEITZER:  Wait; I'm sorry.

11          THE COURT:  Yes, Ms. Schweitzer?  Oh, I have a

12  question.  Has the Third Circuit accepted the appeal?

13          MS. SCHWEITZER:  No.

14          MR. BROMLEY:  Not yet.

15          THE COURT:  Okay.

16          MR. BROMLEY:  If I can -- Ms. Schweitzer, keeping

17  me honest, we should -- and Mr. O'Connor knows, is there are

18  two U.K. Pension Claims, right?  There's one against NNI.

19          THE COURT:  Right.

20          MR. BROMLEY:  Nortel Networks, Incorporated.

21          THE COURT:  And one against --

22          MR. BROMLEY:  And one against NN Cala.

23          THE COURT:  Yes.

24          MR. BROMLEY:  Right?  We have mentioned in our

25  responsive pleadings with respect to NN Cala a failure to

1  state a claim but we're not going to do anything with

2  respect to NN Cala except on the calendar that we just spoke

3  of.

4            THE COURT:  Okay.

5            MR. BROMLEY:  That covers it, Your Honor.

6            THE COURT:  Very well.  All right.  Because the

7  whole purpose really behind the ruling today, as well as

8  previous rulings, is to move this case.  You know, there is

9  a common interest and as far as a level playing field is

10 concerned, everyone is sharing in the same concern and that

11 is to get to the point where a distribution can be made to

12 those to whom dollars should go and that is sort of the

13 ground rules for me in applying various rulings to issues

14 and that is to keep this case moving forward on as even keel

15 a basis as I possibly can.  So, Mr. Abbott?

16           MR. ABBOTT:  Your Honor, just with respect to

17 your ruling, would you like us to prepare an Order?  Did

18 Your Honor want to prepare one?

19           THE COURT:  You know, I will write something.

20           MR. ABBOTT:  I think it should say, for the

21 reasons stated on the record, the Motion is denied but --

22           THE COURT:  That's -- I think that's sufficient

23 for these purposes today.

24           MR. ABBOTT:  And we'd be happy to prepare that

25 and send it over.

1          THE COURT:  I can do that.  I'll do -- I'll take

2    care of that.

3          MR. ABBOTT:  Okay.  Thank you, Your Honor.

4          THE COURT:  Yes.  I know, frankly, Ms. Cordo is

5    much more reliable than I am in doing things like that but

6    -- so maybe Ms. Cordo could do that for me.  I would

7    appreciate it because then we'll know it gets done.

8          MR. ABBOTT:  Your Honor, happy to do that.

9          THE COURT:  Thank you.

10          MR. ABBOTT:  I think that concludes the Agenda

11    for today.

12          THE COURT:  All right.  I appreciate it very

13    much, Mr. Abbott.

14          MR. ABBOTT:  Thank you, Your Honor.

15          THE COURT:  Thank -- I thank you all for a good

16    argument and we'll stand in recess and good day to all of

17    you.

18      (Whereupon, at 12:05 p.m., the hearing was adjourned

19                        CERTIFICATION

20          I   certify  that  the  foregoing  is  a  correct

21    transcript  from  the  electronic  sound  recording  of  the

22    proceedings in the above-entitled matter.

23

24    _____        11 June 2013

25    Tammy Kelly, Transcriber                    Date

26    Diaz Data Services, LLC

27

| Word | Page:Line |
|---|---|
| **12(b)(6)(3)** | 42:13 42:18 46:17 |
| **12(d)(6)(1)** | 29:11 |
| **30-second(1)** | 8:23 |
| **6(b)(2)(1)** | 7:13 |
| **7012(b)(6)(2)** | 43:5 43:7 |
| **a.m(2)** | 1:16 5:1 |
| **abbott(26)** | 1:23 5:23 5:24 6:5 6:6 16:20 16:21 17:2 21:5 21:14 21:15 21:18 22:2 58:15 59:1 83:19 83:20 86:15 86:16 86:20 86:24 87:3 87:8 87:10 87:13 87:14 |
| **abide(2)** | 64:10 84:10 |
| **ability(1)** | 43:4 |
| **able(13)** | 9:14 13:22 15:5 15:16 20:22 35:11 41:5 41:7 41:7 62:25 65:4 66:25 68:22 |
| **ably(1)** | 15:9 |
| **about(45)** | 7:9 13:2 13:8 13:25 14:2 25:17 25:18 30:25 31:2 33:12 33:13 34:21 40:5 40:7 44:19 50:24 50:24 52:3 52:4 52:6 52:23 58:24 60:9 63:4 63:4 66:16 66:22 69:19 69:24 70:12 70:13 70:14 71:12 72:3 73:6 75:7 75:11 75:24 76:6 76:6 77:20 78:2 81:12 84:15 84:19 |
| **above-entitled(1)** | 87:22 |
| **absolutely(4)** | 14:24 22:1 30:15 65:15 |
| **acceptable(4)** | 5:21 5:23 20:25 21:3 |
| **accepted(2)** | 29:12 85:12 |
| **access(3)** | 33:17 62:15 62:20 |
| **accomplished(1)** | 85:2 |
| **accordance(1)** | 5:8 |
| **accordingly(3)** | 29:10 77:9 82:22 |
| **accused(1)** | 55:10 |
| **acknowledge(1)** | 83:3 |
| **acquired(1)** | 63:11 |
| **across(3)** | 51:3 61:8 75:7 |
| **act(6)** | 25:25 26:7 39:12 39:23 41:10 41:10 |
| **acting(1)** | 70:17 |
| **action(2)** | 29:4 55:11 |
| **activity(1)** | 49:22 |
| **actual(1)** | 44:2 |
| **actually(6)** | 16:9 26:15 37:11 50:11 55:7 77:16 |
| **add(2)** | 14:14 74:22 |
| **addition(1)** | 10:8 |
| **additional(2)** | 25:9 68:14 |
| **address(12)** | 28:2 30:20 32:19 35:20 37:6 43:13 43:19 43:20 45:6 45:7 48:14 52:7 |
| **addressed(2)** | 34:21 81:15 |
| **addresses(1)** | 11:12 |
| **addressing(3)** | 42:6 47:23 49:14 |
| **adequately(2)** | 76:25 77:5 |
| **adjourned(3)** | 21:19 22:11 87:18 |
| **adjourning(1)** | 59:7 |
| **adjournments(1)** | 23:9 |
| **adjudicate(1)** | 40:12 |
| **adjusted(1)** | 7:18 |
| **administered(1)** | 1:5 |
| **administrators(2)** | 3:5 18:9 |
| **admit(17)** | 28:18 35:8 36:12 36:17 45:8 46:15 52:9 52:11 52:13 56:9 66:17 66:19 75:4 75:5 75:10 75:14 79:23 |
| **admitted(4)** | 33:24 34:3 35:12 54:20 |
| **admittedly(1)** | 57:9 |
| **admitting(2)** | 35:6 73:7 |
| **adopts(1)** | 20:12 |
| **advance(2)** | 12:18 65:5 81:1 |
| **advances(1)** | 82:5 |
| **advancing(2)** | 48:25 81:5 |
| **advani(1)** | 2:40 |
| **adversary(1)** | 80:24 |
| **advise(3)** | 9:8 9:10 10:5 |
| **affects(1)** | 16:11 |
| **affidavit(1)** | 7:3 |
| **affiliate(6)** | 39:13 39:15 39:17 39:18 39:19 63:23 |
| **affirmative(8)** | 38:3 38:6 38:19 38:21 41:19 42:14 42:23 46:16 |
| **after(23)** | 12:7 12:16 17:8 17:14 26:20 26:21 27:12 27:13 31:23 31:25 39:13 42:24 53:11 55:8 56:1 57:6 57:11 58:11 65:23 69:4 69:13 69:25 84:12 |
| **afternoon(2)** | 12:25 67:7 |
| **afterthought(1)** | 43:9 |
| **afterwards(1)** | 5:17 |
| **again(16)** | 8:4 10:21 30:2 43:13 44:20 45:1 45:4 45:12 46:1 57:5 70:3 71:3 72:20 73:21 76:22 84:13 |
| **against(4)** | 64:12 85:18 85:21 85:22 |
| **agenda(4)** | 6:3 16:24 21:16 87:7 |
| **ago(5)** | 24:1 47:3 49:22 51:19 54:21 |
| **agree(2)** | 14:15 73:3 |
| **agreed(13)** | 12:19 12:20 13:14 13:16 13:20 22:16 22:23 23:24 23:1 25:4 28:22 29:8 68:10 |
| **agreement(4)** | 14:2 15:21 17:17 22:18 |
| **agreements(1)** | 6:20 |
| **ahead(2)** | 10:1 10:11 |
| **akin(2)** | 2:10 67:12 |
| **alarm(1)** | 40:14 |
| **alberto(1)** | 2:46 |
| **all(87)** | 6:7 6:11 7:9 8:15 9:6 9:14 11:22 12:25 13:17 14:4 15:8 16:18 17:6 19:4 19:13 21:10 23:3 23:10 25:19 26:4 30:23 30:25 34:10 40:7 40:13 43:12 43:19 43:21 49:15 50:13 51:9 51:13 51:21 52:6 53:13 53:14 55:18 55:22 57:12 57:13 59:2 60:7 60:22 61:8 61:8 61:15 61:16 62:2 62:13 64:17 64:23 64:24 65:23 67:15 68:3 68:5 68:16 68:24 71:13 71:14 71:18 72:15 73:6 73:24 74:8 75:23 75:25 77:8 77:12 78:6 78:13 79:8 79:15 79:24 80:7 81:22 82:14 83:18 83:23 84:3 84:22 85:9 86:6 87:12 87:15 87:16 |
| **allegation(7)** | 28:13 28:14 45:2 51:18 66:11 74:24 75:15 |
| **allegations(22)** | 25:24 26:5 28:18 33:9 33:11 33:13 34:15 34:19 35:6 36:11 43:12 43:17 44:18 44:25 45:7 46:15 61:3 64:23 73:5 75:16 79:17 79:22 |
| **allege(3)** | 44:21 75:2 79:16 |
| **alleged(2)** | 61:12 76:24 |
| **allen(1)** | 2:30 |
| **allocation(19)** | 49:23 50:3 50:7 50:12 50:14 51:10 51:10 51:13 61:2 61:16 62:6 64:15 65:17 71:5 71:9 71:10 71:13 71:13 78:23 |
| **allow(3)** | 43:5 61:7 66:2 |
| **allowed(3)** | 7:16 10:9 41:22 |
| **allows(1)** | 19:14 |
| **almost(3)** | 20:3 37:2 43:9 |
| **along(4)** | 15:15 16:4 20:16 64:25 |
| **already(6)** | 8:7 20:6 34:23 48:20 66:24 |
| **also(16)** | 9:8 13:3 13:20 18:11 24:11 24:16 26:9 38:23 40:5 41:12 44:19 51:22 62:5 72:23 74:17 77:15 |
| **alternatively(2)** | 36:21 42:7 |
| **although(6)** | 5:21 18 33:11 48:19 70:5 81:12 |
| **always(4)** | 21:12 37:23 51:4 52:19 |
| **amanda(1)** | 2:5 |
| **ambiguous(1)** | 24:22 |
| **amended(15)** | 22:24 22:25 23:1 24:24 25:15 29:8 33:8 34:8 56:15 56:21 59:24 69:18 70:1 74:23 81:6 |
| **america(2)** | 4:4 64:3 |
| **americas(1)** | 2:33 |
| **among(1)** | 13:24 |
| **amount(5)** | 20:14 25:7 35:7 49:11 61:20 |
| **amounts(1)** | 66:17 |
| **amplifying(1)** | 36:10 |
| **analogies(1)** | 48:16 |
| **and(301)** | 4:35 5:6 5:9 5:16 5:19 6:1 6:1 6:2 6:9 6:17 6:19 6:21 6:22 7:6 7:6 7:11 7:14 7:17 7:17 7:23 8:2 8:4 8:6 8:8 8:12 8:17 9:5 9:6 9:8 9:9 9:12 10:3 10:4 10:6 10:8 10:11 11:13 11:16 11:19 12:2 12:4 12:6 12:6 12:9 12:13 12:15 12:15 12:16 12:18 12:20 12:21 12:24 13:3 13:3 13:4 13:4 13:5 13:6 13:7 13:17 13:19 13:21 13:24 14:1 14:1 14:1 14:3 14:11 14:16 14:17 15:5 15:9 15:16 15:19 15:20 15:21 15:22 16:1 16:10 16:14 16:15 16:15 16:15 16:19 16:24 17:3 17:7 17:11 17:12 17:13 17:17 17:18 18:7 18:8 18:9 18:13 18:14 18:21 19:2 19:6 19:10 19:11 19:15 19:16 19:17 19:19 20:11 20:16 20:16 20:25 21:1 21:3 21:3 21:8 21:9 21:10 21:20 21:24 22:9 22:13 22:14 22:15 22:15 22:17 22:20 22:25 22:25 23:7 23:8 23:8 23:12 24:4 24:5 24:7 24:9 24:12 24:13 24:14 24:14 24:21 24:23 24:24 24:25 25:6 25:8 25:11 25:14 25:15 25:17 25:18 25:18 25:19 25:19 25:22 25:24 26:8 26:16 27:2 27:6 27:9 27:15 27:17 27:20 27:20 27:24 28:1 28:2 28:5 28:5 28:9 28:22 28:25 29:4 29:5 29:9 29:13 29:19 29:23 29:23 30:3 30:9 30:10 30:14 30:24 30:25 31:1 31:3 31:6 31:9 31:10 31:13 31:16 32:5 32:12 32:19 32:22 33:3 33:3 33:11 33:16 33:21 33:23 33:24 33:25 34:7 34:9 34:14 34:18 35:4 35:6 35:12 35:14 36:1 36:15 36:21 36:24 36:25 36:25 37:6 37:7 37:17 37:20 38:1 38:2 38:5 38:17 38:24 38:25 39:6 39:7 39:8 39:10 39:16 39:18 40:12 40:14 40:19 40:24 41:9 41:11 41:17 41:20 41:22 41:25 42:8 42:15 42:25 43:3 43:4 43:5 43:9 43:10 43:13 43:23 43:24 44:6 44:19 44:22 44:23 45:1 45:3 45:24 45:25 46:2 46:4 46:5 46:9 46:21 46:23 47:9 47:10 47:15 47:15 47:22 48:1 48:10 48:12 48:13 48:14 48:15 48:16 48:24 49:3 49:7 49:9 49:12 49:16 49:24 50:3 50:6 50:7 |
| **and(253)** | 50:19 50:23 51:8 51:10 51:16 51:16 52:3 52:5 52:14 52:14 52:19 52:23 53:4 53:5 53:15 53:18 53:20 53:22 53:23 53:25 54:4 54:5 54:18 54:23 55:4 55:8 55:14 55:17 55:18 55:20 56:1 56:4 56:5 56:6 56:8 56:9 56:11 56:15 56:19 56:22 56:23 56:25 57:10 57:11 57:13 57:15 57:19 57:21 57:23 57:23 57:24 57:25 58:1 58:5 58:14 58:15 58:18 58:20 58:20 58:21 58:24 59:1 59:2 59:4 59:6 59:9 59:10 59:18 59:22 59:25 60:1 60:5 60:15 60:16 60:18 60:19 61:2 61:10 61:14 61:15 61:17 61:17 61:21 61:22 62:2 62:3 62:4 62:7 62:13 62:19 62:20 62:22 62:24 63:1 63:1 63:2 63:3 63:8 63:10 63:16 63:16 63:21 63:23 64:3 64:5 64:7 64:15 64:16 64:17 64:21 64:23 64:24 64:25 65:2 65:8 65:11 65:14 65:16 65:18 65:19 66:1 66:1 66:2 66:3 66:6 66:8 66:9 66:16 66:18 66:21 66:22 66:25 67:1 67:2 67:8 67:13 67:14 67:19 67:21 67:25 68:6 68:7 68:11 68:12 68:13 68:15 69:1 69:1 69:16 69:18 70:11 70:12 70:14 70:15 70:19 71:5 71:6 71:7 71:9 71:12 71:17 71:20 71:21 72:1 72:11 72:19 72:23 72:23 72:23 73:7 73:10 73:18 73:20 73:23 73:25 73:25 74:23 75:1 75:2 75:6 75:10 75:14 76:1 76:2 76:3 76:6 76:11 76:23 77:1 77:3 77:6 77:7 77:10 77:21 77:23 77:24 77:25 78:4 78:5 78:24 79:1 79:2 79:3 79:7 79:8 79:10 79:16 79:18 80:1 80:6 80:9 80:10 80:12 80:17 80:18 80:19 80:20 81:2 81:3 81:5 81:7 81:8 81:8 81:12 81:15 81:19 81:23 81:24 82:2 82:4 82:9 82:10 82:11 82:12 82:13 82:19 82:22 82:23 83:5 84:7 85:17 85:21 85:22 86:9 86:10 86:12 86:14 86:24 86:25 87:16 87:16 |
| **and/or(2)** | 40:23 64:22 |
| **andrew(3)** | 3:36 4:12 10:2 |
| **angela(1)** | 4:19 |
| **angles(1)** | 72:17 |
| **animal(1)** | 37:18 |
| **ann(1)** | 1:24 |
| **annie(1)** | 22:5 |
| **another(4)** | 13:5 69:11 72:1 76:21 |
| **answer(33)** | 26:10 28:13 28:16 30:5 30:11 31:3 33:23 34:1 35:22 35:23 36:21 47:11 47:16 49:4 49:5 51:2 55:25 56:2 60:9 60:17 62:22 66:4 67:19 72:18 75:4 75:5 75:14 79:1 79:6 80:16 81:20 82:4 82:18 |
| **answered(1)** | 38:17 |
| **answering(5)** | 28:12 42:8 65:14 73:10 77:14 |
| **answers(5)** | 28:14 49:6 61:17 77:16 78:3 |
| **anticipate(1)** | 10:10 |
| **anticipated(1)** | 17:12 |
| **any(51)** | 5:12 7:24 8:17 8:18 20:18 20:20 26:1 27:8 27:10 31:10 34:20 35:13 37:21 38:15 39:16 39:17 43:13 44:11 44:23 45:1 45:18 46:1 46:23 47:19 48:15 49:4 50:2 51:24 51:25 51:25 52:1 52:8 52:9 52:9 56:15 56:16 58:23 60:8 60:18 64:16 66:17 69:7 71:15 71:24 72:11 75:17 76:2 77:15 77:16 82:1 84:8 |
| **anybody(3)** | 7:9 9:19 10:16 |
| **anymore(1)** | 63:22 |
| **anyone(3)** | 66:21 74:1 79:24 |
| **anyone's(1)** | 31:12 |
| **anything(5)** | 54:8 54:17 69:19 69:22 86:1 |
| **anywhere(1)** | 60:2 |
| **apart(3)** | 57:19 62:3 71:9 |
| **apathetical(1)** | 38:18 |
| **apologize(2)** | 15:3 65:6 |
| **apparent(1)** | 48:8 |
| **appeal(5)** | 56:2 57:20 74:9 85:12 |
| **appealed(1)** | 57:2 |
| **appear(5)** | 44:5 60:2 60:4 70:17 71:14 |
| **appearance(1)** | 45:19 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**appearances**(3) 3:32 4:1 8:2:2
**appeared**(1) 60:12
**appearing**(1) 10:3
**appears**(2) 56:13 60:6
**appellant**(1) 39:22
**appellant's**(2) 40:8 40:11
**appellants**(2) 40:3 40:18
**appellees**(1) 40:6
**appended**(1) 50:10
**applicable**(2) 18:23 20:13
**application**(1) 41:9
**applied**(5) 29:22 42:16 42:25 73:13 82:21
**applies**(9) 30:10 30:11 39:3 41:20 52:12 66:20 69:12 72:13 72:17

**apply**(43) 10:8 24:5 24:13 26:13 26:14 28:21 29:10 30:2 30:3 30:17 31:4 31:13 39:2 40:4 41:25 42:24 43:5 45:21 46:7 52:17 53:25 54:14 54:17 55:14 55:19 55:23 56:19 63:18 69:6 69:9 69:11 69:14 72:9 72:10 72:14 73:3 73:14 77:21 81:9 83:6 84:7 84:14 84:17

**applying**(5) 24:3 73:16 81:13 81:25 86:13
**appointed**(1) 18:8
**appointing**(1) 39:22
**appreciate**(4) 16:19 59:9 87:7 87:12
**appreciated**(1) 14:17
**approach**(4) 11:1 14:2 22:18 71:18
**appropriate**(8) 11:13 11:18 36:25 38:9 41:2 56:13 74:12 80:11

**approve**(1) 64:10
**approved**(3) 5:9 63:10 63:18
**april**(1) 50:11
**are**(98) 5:11 6:15 6:15 8:10 9:11 13:25 15:14 15:21 16:3 16:4 16:7 16:16 16:16 17:5 17:12 18:6 19:1 20:24 23:8 23:23 29:8 30:23 30:25 31:4 31:9 33:8 33:12 33:21 34:19 35:6 35:7 35:15 35:18 35:20 35:25 36:11 37:12 37:20 39:25 40:16 40:16 42:21 43:12 43:13 44:4 45:12 45:24 46:7 46:10 49:6 49:13 49:14 49:15 50:8 50:20 51:9 52:4 60:5 60:10 61:3 61:5 61:12 62:8 63:5 63:13 64:13 64:24 65:13 66:17 66:23 67:18 68:20 69:24 69:21 70:17 71:8 71:23 72:20 73:7 75:12 75:23 76:22 77:10 77:12 77:13 77:16 79:16 79:21 80:22 81:15 81:15 82:8 82:12 82:20 83:8 84:14 84:14 85:17

**aren't**(1) 45:12
**argue**(6) 39:1 41:23 69:15 70:23 74:1
**argued**(1) 50:6
**arguing**(2) 37:14 52:1
**argument**(17) 20:20 29:20 34:20 37:13 41:4 47:4 47:5 50:17 53:3 55:16 65:16 69:18 72:5 72:7 72:7 72:11 87:16

**arguments**(12) 37:12 47:18 47:22 48:13 49:3 52:4 64:13 65:20 67:16 67:17 68:21 78:6
**arising**(1) 26:3
**around**(7) 8:13 12:19 31:5 51:14 61:9 75:13 76:13

**arrived**(1) 19:13
**arriving**(1) 9:11
**arsht**(2) 1:22 22:5
**art**(1) 28:15
**aside**(1) 77:23

**ask**(20) 6:17 6:24 14:22 31:12 31:17 36:1 36:3 46:12 47:17 55:1 56:3 57:10 67:1 73:14 73:15 78:12 83:6 84:7 84:14

**asked**(18) 25:8 25:12 26:12 28:21 30:2 36:2 42:24 53:8 55:13 57:14 57:16 57:21 59:2 69:12 72:13 73:13 79:3

**asking**(5) 26:14 51:22 56:18 66:7 69:13

**asks**(1) 31:4
**asm**(1) 22:10
**aspect**(1) 21:7
**assert**(1) 42:21
**asserted**(2) 41:16 64:12
**asserting**(1) 37:21
**assertions**(1) 24:20
**asset**(1) 6:19
**assets**(1) 71:20
**assisted**(1) 15:9
**assume**(3) 35:18 70:6 72:2
**assumption**(1) 79:11
**assumptions**(2) 44:6 44:13
**assurances**(1) 81:22
**assured**(1) 29:15
**astounding**(1) 74:1
**atmosphere**(1) 65:7
**attach**(1) 63:16
**attached**(1) 26:9
**attack**(1) 20:4
**attempt**(3) 18:14 63:16 68:19
**attempting**(1) 12:17
**attention**(5) 27:14 28:3 32:19 78:9 78:11
**audible**(1) 80:2
**august**(9) 25:13 25:16 26:22 58:1 58:2 58:12 58:13 59:1 59:17

**aurelius**(1) 4:7
**authorities**(1) 40:24
**authority**(2) 30:16 39:23
**automatic**(3) 39:9 41:21 73:23
**available**(2) 14:1 16:19
**avalon**(1) 58:14
**ave**(1) 2:47
**avenue**(3) 2:33 2:41 3:28
**avoid**(3) 24:7 47:19 79:21
**aware**(4) 27:7 27:10 40:18 50:5
**away**(3) 46:2 48:1 48:15
**b)(12)**(1) 69:7

**back**(14) 6:2 6:22 8:12 25:17 30:14 31:21 43:4 52:25 53:16 62:3 66:13 73:2 73:4 83:5
**backed**(1) 10:7
**background**(1) 11:24
**bad**(2) 9:3 70:17
**balance**(3) 6:2 21:16 76:6
**balanced**(1) 65:11
**balances**(1) 18:2
**bank**(1) 4:4
**bankruptcy**(21) 1:1 1:20 24:9 29:6 30:1 30:17 39:21 39:23 39:24 40:4 40:6 40:7 40:8 40:13 40:14 40:19 40:21 40:25 56:7 56:21 76:13

**barclays**(1) 3:41
**barry**(1) 4:37
**based**(3) 39:14 44:4 44:6
**bases**(1) 24:25
**basically**(2) 32:21 38:3
**basis**(2) 29:23 86:15
**battery**(1) 3:14
**bayard**(1) 2:45
**bear**(1) 43:15
**beautiful**(1) 4:37
**because**(47) 5:25 6:18 6:19 9:9 13:25 16:8 20:2 24:5 26:12 28:7 28:20 31:11 31:19 34:1 34:22 35:25 37:13 42:14 46:20 47:13 53:1 53:6 54:18 55:2 55:12 55:14 55:16 59:24 62:12 63:2 65:17 66:11 67:15 68:2 70:7 71:1 72:8 73:19 74:25 75:13 76:17 76:25 79:21 80:4 80:15 86:6 86:7 86:7

**become**(2) 68:10 68:10
**beddoe**(1) 8:4
**bedo**(1) 11:13

**been**(38) 7:18 9:9 14:16 17:9 19:6 21:19 22:10 25:6 27:3 29:18 29:20 30:24 36:20 49:10 49:12 49:14 52:19 53:7 54:24 57:15 59:17 61:10 62:17 62:25 63:17 65:1 65:7 65:18 65:21 66:24 68:4 68:9 68:21 71:6 72:7 74:8 78:5 79:25

**before**(23) 1:19 5:19 6:15 7:12 25:7 27:2 27:13 27:17 27:25 28:1 31:12 39:7 41:4 47:24 53:3 53:15 59:15 64:8 64:14 64:14 71:11 74:4 78:22

**beginning**(1) 54:25
**behalf**(5) 9:13 14:16 22:6 23:16 23:21
**behind**(3) 43:18 67:21 86:7
**being**(13) 5:7 6:15 23:2 33:24 33:24 34:25 45:25 48:12 55:10 65:16 80:14 80:22 81:15
**belied**(1) 45:3
**believe**(9) 16:21 21:6 27:18 27:21 28:4 33:9 37:11 38:3 38:18 38:21 42:12 49:2 58:20 60:15 61:10 62:11 66:1 67:3 67:15
**believed**(2) 26:5 48:25
**belknap**(1) 3:38
**belonging**(1) 16:8
**beneficiaries**(2) 63:12 63:13
**beneficiary**(1) 11:14
**benefit**(10) 11:25 15:13 35:5 44:16 74:25 75:3 80:16 81:7 81:20 82:7

**benefits**(4) 33:14 39:16 63:10 63:14
**benefitted**(1) 45:3
**best**(6) 14:2 47:25 48:15 49:20 65:19 66:1
**better**(6) 15:6 15:7 65:1 77:10 82:15 83:20
**between**(8) 7:11 10:6 18:14 24:8 39:15 39:18 55:16 57:18
**beyond**(4) 20:6 45:17 45:17 56:12
**bifurcate**(1) 57:21
**bifurcation**(2) 59:13 70:7
**big**(2) 36:16 36:19
**billion**(5) 32:10 63:12 76:9 76:10 76:12
**bit**(6) 11:24 14:23 15:1 42:2 53:5 60:16
**black**(3) 10:25 11:5 22:22
**black's**(1) 28:11
**blocks**(1) 18:25
**bondholder**(1) 2:18
**border**(1) 5:8
**borosh**(1) 4:36
**both**(11) 5:6 5:9 6:15 16:14 21:10 39:6 46:1 49:2 50:23 70:4 71:4

**botter**(1) 2:12
**bought**(1) 76:19
**boxer's**(1) 25:18
**boxes**(1) 62:4
**break**(4) 62:5 79:25 83:16 83:16
**breaks**(1) 62:6
**brian**(2) 2:39 23:21
**brief**(6) 9:16 37:3 37:6 43:2 68:20 85:6
**briefly**(3) 10:2 68:22 73:19
**briefs**(1) 39:7
**brighton**(1) 65:22
**bring**(2) 38:8 65:10
**bringing**(1) 29:6
**bromely**(1) 48:19
**bromley**(55) 1:32 27:19 47:17 47:25 48:4 48:6 48:14 48:22 51:4 52:17 54:2 54:10 54:12 54:16 54:23 58:8 58:11 58:20 60:4 66:9 66:11 66:16 67:5 67:6 67:15 69:6 69:14 71:12 72:3 73:9 74:19 75:19 75:20 75:22 78:14 78:15 78:21 83:3 83:9 83:10 83:13 83:17 83:25 84:9 84:18 84:21 84:23 85:6 85:14 85:16 85:20 85:22 85:24 86:5

**bromley's**(1) 84:5
**brought**(3) 17:9 27:14 28:3

**bryant**(1) 2:14
**buchanan**(1) 2:24
**built**(1) 7:25
**burden**(7) 18:16 31:1 36:13 42:15 42:15 73:17 73:17

**business**(1) 17:21
**but**(83) 6:25 8:24 9:3 9:10 9:13 10:10 12:11 13:11 13:16 15:20 19:20 20:21 26:15 27:7 30:6 30:19 30:22 31:3 31:7 31:22 32:15 34:6 34:17 35:2 35:18 35:24 36:11 37:24 38:13 38:21 40:11 41:1 41:14 43:11 45:8 47:4 47:17 47:19 48:4 49:15 50:4 50:8 50:11 50:21 51:7 53:8 53:9 53:16 53:19 54:4 54:13 55:4 55:11 55:25 56:10 56:20 57:3 57:16 58:11 59:23 60:25 62:5 63:25 65:9 67:2 68:20 68:22 69:23 70:23 71:18 74:15 77:15 78:9 78:23 79:15 79:20 79:24 81:25 82:20 84:13 86:1 86:21 87:5

**buyers**(4) 6:19 6:21 7:3 7:8
**byron**(1) 4:30
**cala**(15) 33:13 44:22 45:3 52:15 63:9 73:25 74:25 75:1 75:3 76:23 77:1 77:10 85:22 85:25 86:2

**calculation**(3) 31:20 44:3 44:3
**calendar**(4) 51:5 51:7 53:1 86:2
**call**(1) 28:6
**called**(3) 8:3 39:25 58:15
**calls**(1) 34:16
**caloway**(1) 2:25
**came**(3) 12:14 27:4 59:19
**can**(39) 5:16 7:1 8:13 9:8 9:10 13:22 15:21 16:16 17:8 20:5 30:17 34:18 37:18 37:23 37:23 37:24 39:23 46:2 47:8 47:19 50:21 54:6 63:22 66:3 66:5 72:12 72:15 73:8 74:1 74:20 76:16 76:20 83:13 83:25 84:4 85:16 86:11 86:15 87:1

**can't**(6) 35:21 35:24 42:23 45:20 45:21 46:6

**canada**(18) 4:36 4:40 5:15 6:9 9:23 11:6 17:24 19:10 19:10 36:14 53:12 57:7 60:25 61:14 61:15 64:9 71:21 76:11

**canada's**(1) 64:10
**canadian**(13) 3:18 4:28 7:19 10:3 14:16 15:19 16:9 16:15 20:12 51:12 62:24 64:11 64:12

**cancel**(2) 6:17 6:24
**canceling**(1) 59:5
**cannot**(3) 7:24 40:24 70:4
**can't**(7) 57:8 64:25 65:18 71:3 71:3 75:3 75:4

**capable**(1) 38:12
**capably**(1) 41:1
**cape**(2) 58:14 58:15
**capital**(6) 3:41 3:44 4:7 4:32 22:9 22:10
**caption**(1) 53:17
**car**(1) 65:2
**card**(2) 46:22 52:18
**care**(2) 45:7 87:2
**careful**(1) 37:1
**carefully**(1) 9:9
**carried**(1) 48:13
**case**(20) 1:1 18:3 21:8 31:10 40:4 47:13 56:6 56:6 61:10 63:12 80:9 80:21 81:7 81:15 81:22 82:6 82:22 83:7 86:8 86:14

**cases**(6) 30:22 30:23 31:4 31:4 31:9 49:1
**cash**(1) 76:12
**causes**(1) 29:4
**caution**(1) 16:3
**caw**(1) 4:36
**caw-canada**(1) 4:35
**ccaa**(1) 18:5

| Word | Page:Line |
| --- | --- |

**ccc(4)** 3:19 10:5 11:17 61:11
**cede(2)** 6:1 23:12
**cert(6)** 52:24 53:3 53:7 53:8 53:9 53:9
**certain(7)** 18:4 48:11 53:4 57:25 68:1 81:17 82:14

**certification(1)** 87:19
**certify(1)** 87:20
**cetera(1)** 39:19
**challenge(1)** 18:11
**challenges(1)** 18:14
**chambers(1)** 6:18
**chance(1)** 53:5
**change(6)** 7:21 8:6 8:8 11:16 41:14 72:3
**changed(1)** 11:6
**changes(2)** 8:17 11:5
**chapter(2)** 1:8 40:17
**characterize(1)** 26:13
**charter(1)** 10:7
**chen(1)** 4:11
**chief(2)** 59:10 59:15
**chime(1)** 60:16
**chooses(1)** 28:15
**choosing(1)** 30:14
**chose(1)** 31:16
**christmas(1)** 25:18
**chung(1)** 4:5
**cindy(1)** 4:11
**circling(1)** 14:2
**circuit(6)** 39:7 40:3 41:12 52:20 52:23 85:12

**circumstance(2)** 65:13 81:9
**circumstances(4)** 25:12 39:19 76:23 82:19
**cite(4)** 30:15 31:10 56:8 56:9
**cited(5)** 51:23 55:20 56:6 56:10 61:10
**citing(1)** 39:19
**city(2)** 22:14 22:15
**civil(3)** 24:12 29:11 54:6
**claim(68)** 22:10 22:24 22:24 23:1 24:18 24:19 25:6 25:25 26:1 26:2 26:2 26:10 28:22 29:1 30:2 30:24 31:5 31:7 33:10 34:8 34:8 35:16 37:14 37:19 37:21 37:24 41:15 42:1 44:15 52:3 53:20 53:21 54:19 54:24 55:5 55:12 56:16 56:17 56:21 56:25 57:19 59:19 59:23 59:24 59:24 59:25 60:2 60:10 60:12 61:4 61:13 62:25 65:16 66:12 69:19 69:22 69:25 70:1 70:11 74:4 74:23 79:17 81:1 81:6 83:7 84:2 86:1
**claimants(23)** 2:45 8:1 11:12 23:17 23:22 24:3 24:13 24:17 24:19 24:21 25:4 25:14 27:5 29:16 32:14 35:19 43:12 48:9 80:14 81:1 81:12

**claimed(2)** 44:12 44:14
**claims(47)** 21:22 23:9 24:4 24:21 24:24 24:25 25:1 25:15 26:3 27:6 28:24 29:3 29:5 29:8 29:13 29:21 30:8 30:20 37:25 39:25 40:6 40:8 40:9 40:13 40:15 40:18 49:24 49:25 52:17 53:12 57:7 57:22 57:22 62:6 62:22 63:11 64:12 71:6 71:8 71:8 71:11 71:23 71:23 81:5 84:10 84:24 85:18

**claim"(1)** 60:4
**clarification(3)** 56:4 82:25 85:1
**clarify(1)** 84:4
**clause(1)** 78:8
**clear(6)** 8:9 11:17 31:11 55:20 63:3 71:6
**clearly(7)** 16:19 30:7 41:9 55:10 59:18 61:22 81:6

**cleary(1)** 1:29
**clerk(1)** 5:2
**client(1)** 85:3
**clients(1)** 65:19

**clog(1)** 51:17
**close(4)** 13:6 45:15 84:12 84:23
**closest(1)** 37:17
**closing(2)** 74:17 78:8
**club(2)** 19:10 19:16
**co-counsel(1)** 83:11
**collaboration(1)** 62:4
**collaborative(1)** 50:4
**colleague(1)** 11:6
**colleagues(1)** 49:7
**colloquy(3)** 55:16 55:19 77:20
**colorful(1)** 48:16
**combination(1)** 34:9
**come(10)** 6:2 8:12 35:11 43:4 61:4 70:5 72:2 73:4 83:1 83:5

**comes(3)** 43:21 44:10 45:2
**comfort(2)** 20:23 65:24
**coming(1)** 66:14 80:8
**commenced(2)** 53:23 68:11
**commend(2)** 21:1 21:1
**comment(1)** 80:19
**comments(1)** 67:13
**commercial(1)** 33:22
**committed(1)** 13:12
**committee(25)** 2:5 3:19 4:10 4:29 7:19 7:20 10:4 11:8 36:21 39:6 40:2 43:9 48:24 49:24 51:12 53:5 60:19 60:25 67:11 67:16 67:19 80:6 80:19 82:4 82:11

**committees(2)** 38:25 60:24
**committees'(1)** 60:15
**common(2)** 26:2 86:9
**communicate(1)** 11:13
**company(4)** 63:8 63:9 63:10 76:18
**compared(1)** 77:11
**compensated(2)** 76:25 77:6
**compensation(1)** 17:18
**competence(1)** 39:21
**competent(1)** 52:7
**complained(1)** 24:18
**complaining(1)** 25:17
**complaint(11)** 28:18 29:2 29:3 29:9 30:4 33:23 44:4 44:18 71:1 73:5 79:22

**complaints(2)** 55:18 61:17
**complete(3)** 28:13 62:19 73:11
**completely(2)** 26:23 67:16
**complex(2)** 47:8 82:12
**complexities(1)** 13:11
**compliance(1)** 19:15
**comply(2)** 28:16 69:2
**comprehend(1)** 47:22
**comprehensive(1)** 19:8
**compressed(1)** 68:3
**comprised(1)** 12:25
**conaway(1)** 3:5
**conceive(1)** 37:18
**concept(2)** 12:14 41:19
**concern(1)** 86:10
**concerned(3)** 16:3 34:15 86:10
**concerning(1)** 56:14
**concerns(2)** 58:3 80:18
**concluded(1)** 17:8
**concluded(1)** 27:14
**concludes(3)** 16:21 21:6 87:10
**conclusion(4)** 34:4 34:17 49:6 65:11
**conclusions(3)** 34:19 44:5 45:8
**conclusively(1)** 71:16
**conclusory(4)** 24:20 43:13 44:21
**concomitantly(1)** 56:15
**conducted(1)** 5:7
**confer(2)** 12:18 13:5
**conference(4)** 8:13 28:1 28:6 58:3
**confess(1)** 36:25
**confidence(1)** 59:9
**confident(1)** 13:12

**confidential(8)** 7:23 7:23 18:10 18:12 18:13 18:25 18:25 20:19

**confidentiality(8)** 6:20 7:16 8:9 8:14 17:16 17:23 18:3 20:19

**confirm(1)** 83:25
**confirmed(1)** 52:24
**congress(3)** 64:4 74:12 78:9
**conjoint(1)** 29:17
**connection(6)** 16:23 27:5 29:21 39:17 79:9
**conscience(1)** 36:12
**conscious(1)** 79:22
**consensus(2)** 5:12 21:2
**consent(10)** 5:15 6:16 7:2 7:9 8:5 10:14 10:15 17:9 19:14 19:17

**consequence(1)** 82:3
**consistent(1)** 17:11
**consists(1)** 28:10
**consolidate(1)** 12:13
**consolidated(10)** 9:12 12:14 12:15 13:7 15:22 15:23 50:4 51:14 60:23 64:18

**consolidating(1)** 9:15
**consolidation(7)** 12:17 51:12 51:20 61:6 61:8 62:6 64:24

**constituting(1)** 28:12
**constraints(1)** 18:21
**consultation(1)** 5:10
**contain(2)** 19:1 34:20
**containing(1)** 17:16
**contend(2)** 26:25 72:12
**contended(1)** 27:25
**contention(6)** 49:16 49:17 62:10 66:23 72:16 73:1

**continued(4)** 2:2 3:2 4:2 29:25
**continues(1)** 10:5
**continuing(1)** 59:12
**continuous(1)** 13:5
**contributed(1)** 76:18
**contribution(1)** 63:1
**control(6)** 44:22 58:7 61:15 63:15 64:2 73:24

**controlled(1)** 61:14
**controversy(1)** 21:23
**convinced(1)** 39:8
**cooperate(1)** 70:15
**cooperation(4)** 13:19 19:7 62:4 62:20
**coordinate(1)** 82:10
**copy(3)** 7:2 7:3 27:23
**cordo(15)** 1:24 22:3 22:4 22:5 22:13 22:20 22:22 23:4 23:7 23:11 23:12 23:15 59:1 87:4 87:6

**core(5)** 12:19 18:2 50:2 50:17 52:14
**corning(1)** 61:7
**corporations(1)** 74:13
**correct(2)** 49:13 87:20
**correction(1)** 11:7
**correctly(1)** 11:8 69:6
**cost(3)** 19:2 46:21 65:5
**costly(1)** 45:11
**could(32)** 8:23 14:21 16:23 17:19 24:22 25:8 31:20 32:1 32:4 32:5 33:20 36:1 36:17 36:21 36:22 37:8 37:11 39:1 42:7 42:13 48:6 48:19 55:3 55:6 64:4 71:16 75:8 77:24 77:25 84:11 87:6

**counsel(11)** 5:6 8:3 11:14 12:23 14:22 18:7 19:13 19:18 21:10 59:2 85:9

**county(2)** 22:15 22:15
**couple(2)** 15:20 39:5
**course(11)** 15:2 20:20 26:16 27:13 27:24 40:10 60:20 65:23 80:7 81:3 83:15

**court(242)** 1:1 1:5 3:22 6:4 6:6 6:11 7:4 8:2 8:4 8:12 8:18 9:22 10:7 10:11 10:18 10:19 10:23 11:2 11:9 11:13 11:22 12:1 14:4 14:6 14:9 14:12 14:20 14:24 15:2 15:6 15:8 15:10 15:14 16:17 16:18 16:19 16:23 16:25 17:3 17:6 17:12 17:13 17:23 18:8 18:15 19:5 19:10 20:11 20:12 20:12 21:1 21:3 21:8 21:11 21:14 21:17 22:1 22:3 22:12 22:19 23:3 23:5 23:10 23:14 23:16 23:19 23:23 24:4 24:9 24:11 24:16 25:14 25:21 26:18 27:6 27:8 27:10 27:15 27:18 27:20 28:21 28:22 29:1 29:6 29:7 29:8 29:10 30:17 30:19 31:4 31:13 31:17 31:19 31:23 31:25 32:3 32:7 32:8 32:12 32:13 32:17 32:24 33:2 33:7 33:25 34:7 34:13 35:1 35:11 35:17 35:22 36:3 36:8 36:20 36:24 37:7 37:19 37:22 39:8 39:21 39:23 40:4 40:7 40:7 40:13 40:19 40:21 40:25 41:5 41:11 41:11 42:2 42:5 42:17 42:24 42:25 45:21 46:9 47:7 47:13 48:3 48:5 48:10 48:10 48:18 49:8 51:3 52:6 52:16 52:19 52:20 52:21 52:24 53:3 53:7 53:15 54:1 54:9 54:11 54:14 54:15 54:22 55:9 56:7 56:11 56:17 56:19 57:10 57:21 58:5 58:10 58:18 59:12 59:16 60:3 66:6 66:10 66:15 67:4 67:6 67:10 68:16 68:18 69:7 69:9 69:14 69:23 70:6 70:7 70:8 70:10 70:19 70:22 71:7 71:16 72:25 73:3 74:11 75:18 75:21 78:13 78:15 78:18 79:3 79:24 80:3 80:18 80:20 81:23 82:1 82:17 82:21 83:1 83:9 83:13 83:18 83:20 83:23 84:3 84:7 84:14 84:20 84:22 85:2 85:5 85:9 85:11 85:15 85:19 85:21 85:23 86:4 86:6 86:19 86:22 87:1 87:4 87:9 87:12 87:15

**court's(1)** 40:15
**courtroom(2)** 1:11 68:8
**courts(14)** 5:9 6:15 6:17 7:11 8:6 8:22 8:22 17:23 30:25 39:25 40:9 45:9 61:21 81:14
**court's(1)** 80:25
**covered(1)** 67:15
**covers(2)** 17:15 86:5
**crafting(1)** 61:19
**created(2)** 57:24 76:1
**creditor(1)** 4:32
**creditors(10)** 3:18 4:28 7:19 10:3 31:5 40:7 40:14 45:22 67:12 77:4
**creditors'(5)** 2:4 51:12 60:18 60:24 60:25
**critical(2)** 44:10 56:24
**cross(1)** 5:8
**cross-examine(1)** 74:5
**currently(1)** 20:2
**custodian(1)** 16:9
**custodians(1)** 13:23
**daniel(2)** 2:31 3:39
**dark(1)** 75:13
**data(3)** 1:40 13:21 87:26
**database(2)** 33:18 62:16
**date(12)** 13:15 18:6 19:6 20:17 20:21 43:23 49:14 51:6 51:7 59:13 61:21 87:25

**david(2)** 2:12 8:8
**day(13)** 15:18 24:2 25:19 46:5 57:11 57:11 58:14 63:3 63:25 71:6 71:10 77:18 87:16

**days(10)** 9:9 15:21 26:20 26:24 27:12 53:2 59:21 60:7 69:20 79:2

**dead(1)** 28:6

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **deadline**(2) 27:9 50:19 | | **detailed**(3) 33:9 37:1 67:22 | | **distributed**(1) 59:2 | | **efficiently**(1) 75:7 |
| **deal**(13) 5:10 6:1 6:17 8:2 9:11 12:10 | | **determination**(1) 53:1 | | **distributing**(1) 71:19 | | **effort**(2) 12:20 29:16 |
| 15:20 36:16 36:19 51:8 67:1 76:7 85:2 | | **determination's**(1) 41:6 | | **distribution**(2) 71:22 86:11 | | **efforts**(3) 59:9 68:5 68:9 |
| | | **determinations**(5) 41:13 72:5 72:9 74:4 | | **district**(7) 1:2 24:9 29:7 39:8 41:11 52:20 | | **eight**(1) 47:9 |
| **dealing**(5) 5:20 7:25 17:10 64:13 64:14 | | 74:6 | | 56:7 | | **either**(10) 5:13 8:18 28:10 30:10 37:19 |
| **deals**(1) 7:15 | | | | | | 41:23 57:15 61:11 69:15 73:2 |
| **dearth**(1) 39:22 | | **determine**(1) 74:7 | | **disturbed**(1) 38:24 | | |
| **debenture**(2) 3:25 3:38 | | **determined**(3) 41:8 59:13 72:13 | | **divergence**(1) 10:6 | | **electronic**(2) 1:46 87:21 |
| **debtor**(6) 15:19 29:4 31:4 60:18 67:17 | | **determining**(1) 40:21 | | **diverted**(1) 68:14 | | **element**(2) 24:18 45:16 |
| 67:19 | | **develop**(1) 35:10 | | **dkis**(1) 77:12 | | **elements**(3) 25:25 33:10 49:12 |
| | | **developed**(1) 65:25 | | **dla**(4) 3:19 22:14 22:18 22:23 | | **else**(7) 9:19 10:16 54:8 54:17 54:23 65:15 |
| **debtors**(58) 1:10 1:22 3:4 9:21 10:22 | | **diaz**(2) 1:40 87:26 | | **document**(9) 9:12 12:15 13:7 15:22 16:1 | | 79:11 |
| 12:10 14:11 14:14 14:16 16:3 16:10 16:15 | | **dictionary**(1) 28:12 | | 34:22 34:24 66:24 82:14 | | |
| 16:15 17:20 22:6 22:25 24:2 25:13 26:11 | | **did**(49) 6:16 9:5 12:6 25:22 26:1 27:1 | | | | **email**(1) 58:25 |
| 26:25 27:8 28:19 28:24 29:1 29:17 33:5 | | 27:6 27:7 28:21 32:19 43:24 44:8 44:9 | | **documentation**(1) 26:9 | | **emea**(16) 3:4 14:11 14:14 16:3 16:7 16:8 |
| 33:11 33:19 35:6 36:21 38:25 39:6 39:10 | | 44:10 44:12 44:13 44:14 47:21 50:1 53:6 | | **documents**(13) 13:18 17:11 17:15 17:22 | | 27:5 28:20 28:23 49:24 57:21 57:22 62:20 |
| 41:4 43:9 45:20 46:7 48:24 49:17 52:8 | | 53:8 53:11 54:17 54:18 55:15 55:24 56:1 | | 18:4 18:12 18:25 20:19 20:21 20:23 36:5 | | 62:20 70:9 71:20 |
| 52:10 52:11 52:13 53:5 57:20 61:8 62:20 | | 56:2 56:3 56:3 57:9 57:20 58:18 58:20 | | 49:9 68:12 | | |
| 62:24 63:15 64:13 65:13 69:21 70:4 71:7 | | 59:20 60:21 60:21 61:1 63:2 67:20 70:11 | | **does**(7) 30:20 39:2 54:12 60:19 74:14 | | **emea's**(4) 28:22 29:2 29:5 29:21 |
| 80:6 80:19 82:4 82:11 | | 70:16 70:23 72:8 73:13 75:3 78:2 79:4 | | 79:24 81:9 | | **emotion**(1) 48:8 |
| | | 86:17 | | | | **emphasize**(2) 67:14 67:25 |
| **debtors'**(6) 53:19 55:22 60:15 62:21 64:21 | | **didn't**(4) 6:23 6:23 38:11 45:1 | | **doesn't**(6) 35:13 42:13 44:17 44:17 46:19 | | **employees**(4) 4:39 7:17 7:19 11:10 |
| 78:4 | | **didn't**(17) 51:24 51:25 53:16 54:7 55:7 | | 47:1 | | **employer**(2) 39:16 39:17 |
| | | 56:9 57:3 69:19 69:24 70:5 70:10 70:25 | | | | **employer's**(1) 39:18 |
| **decide**(2) 39:25 40:9 | | 71:14 73:13 73:14 79:7 79:12 | | **doesn't**(3) 69:9 74:15 75:17 | | **enable**(1) 59:14 |
| **decided**(2) 50:17 52:25 | | | | **doing**(7) 50:7 59:18 60:18 70:12 75:7 | | **enacted**(2) 63:21 64:2 |
| **deciding**(2) 40:8 41:14 | | **die**(1) 59:7 | | 77:19 87:5 | | **encouraging**(1) 14:6 |
| **decision**(4) 30:20 53:15 81:19 82:3 | | **difference**(1) 7:13 | | | | **end**(11) 25:21 42:19 50:22 57:9 57:10 |
| **decisions**(1) 81:23 | | **differences**(1) 7:10 | | **dollars**(1) 86:12 | | 57:16 58:3 59:17 63:3 63:25 77:18 |
| | | **different**(6) 12:8 12:11 37:25 40:9 45:22 | | **domestic**(1) 76:10 | | |
| **declaration**(2) 39:20 78:10 | | 68:8 | | **dominated**(1) 61:14 | | **endeavored**(1) 12:13 |
| **declared**(1) 39:9 | | | | **domination**(1) 61:15 | | **endorsement**(1) 17:14 |
| **deep**(1) 47:19 | | **difficult**(2) 25:12 68:22 | | **don't**(26) 7:8 8:18 30:14 31:10 32:14 | | **enforce**(3) 37:16 38:6 42:17 |
| **default**(7) 32:2 32:3 32:10 46:10 46:12 | | **difficulty**(2) 15:1 77:14 | | 33:12 33:16 34:17 35:22 36:9 36:13 36:16 | | **england**(2) 52:22 52:23 |
| 78:25 80:10 | | **dimsdale**(1) 4:19 | | 37:24 38:12 42:12 42:12 43:10 43:13 | | **enormous**(1) 65:11 |
| | | **dine**(1) 4:15 | | 43:19 43:20 43:25 44:11 45:7 45:7 46:24 | | **enormously**(2) 82:12 82:13 |
| **defaulted**(1) 32:14 | | **direct**(3) 69:8 69:10 69:11 | | 47:22 | | **enough**(2) 25:15 49:6 |
| **defendants**(1) 47:10 | | **directed**(1) 12:9 | | **done**(10) 31:12 41:17 45:25 46:5 46:25 | | **ensure**(1) 19:2 |
| **defense**(7) 38:3 38:6 38:19 38:21 41:19 | | **direction**(1) 80:25 | | 57:8 65:19 70:9 70:16 87:7 | | **enter**(2) 39:9 46:12 |
| 42:14 42:23 | | **directly**(4) 14:23 28:14 62:13 66:13 | | | | **entered**(4) 21:20 22:16 55:25 59:12 |
| | | **disadvantage**(1) 16:7 | | **donor**(1) 76:16 | | **entering**(1) 59:6 |
| **defenses**(1) 46:16 | | **disagree**(2) 34:11 77:19 | | **don't**(20) 58:7 58:8 58:23 61:9 61:18 | | **entertain**(1) 17:13 |
| **defined**(3) 50:20 53:18 68:10 | | **disagreement**(1) 64:7 | | 63:21 64:10 64:16 67:3 72:11 72:18 75:13 | | **entire**(3) 81:16 81:18 81:18 |
| **defines**(1) 28:12 | | **disallowance**(2) 43:2 43:3 | | 78:10 79:24 81:8 81:18 81:25 82:5 82:6 | | **entirely**(3) 44:20 55:20 60:9 |
| **definite**(17) 25:4 25:9 25:11 25:22 26:4 | | **disallowed**(1) 22:25 | | 83:17 | | **entirety**(1) 82:20 |
| 26:15 26:21 26:22 27:24 28:23 29:17 | | **disclosure**(2) 18:7 20:24 | | **door**(1) 65:14 | | **entities**(6) 51:14 51:21 60:23 61:15 63:23 |
| 30:13 31:14 68:25 69:13 81:10 81:11 | | **disclosures**(1) 17:19 | | **dorsey**(1) 3:6 | | 73:24 |
| | | **discovery**(50) 8:24 11:18 11:20 11:25 12:5 | | **double**(1) 46:6 | | |
| **definitive**(12) 51:22 53:12 53:19 53:21 | | 12:5 12:6 12:7 13:15 18:8 18:19 18:20 | | **dow**(1) 61:7 | | **entitled**(3) 29:4 42:20 72:17 |
| 54:4 54:5 54:7 55:1 55:2 55:4 56:12 57:7 | | 20:15 20:21 27:5 27:6 28:2 30:9 33:22 | | **down**(11) 13:10 62:5 62:6 66:25 70:22 | | **entitlement**(1) 45:17 |
| | | 35:17 38:15 46:21 47:15 49:11 49:12 | | 73:22 74:15 75:10 75:14 79:19 83:21 | | **entity**(3) 51:15 61:13 64:1 |
| **degree**(1) 48:11 | | 50:22 50:23 51:16 51:17 61:20 61:25 | | | | **entry**(1) 11:20 56:3 |
| **delano**(1) 4:11 | | 64:25 66:16 66:22 67:2 67:24 68:4 68:5 | | **draft**(1) 29:17 | | **equally**(1) 32:17 |
| **delaware**(11) 1:2 1:13 2:47 3:28 5:1 5:13 | | 68:9 68:10 70:14 72:19 72:24 75:12 81:7 | | **drafted**(3) 72:20 77:8 77:9 | | **equivalent**(1) 29:2 |
| 37:19 39:2 41:25 52:14 52:14 | | 82:8 82:9 82:10 84:12 84:23 | | **drafting**(1) 11:7 12:25 | | **erisa**(2) 73:22 73:23 |
| | | | | **drafts**(2) 12:21 12:22 | | **ernst**(2) 2:23 15:16 |
| **delay**(4) 13:14 24:7 65:6 79:21 | | **discretion**(5) 24:5 41:8 54:14 54:16 74:8 | | **dragnet**(1) 48:17 | | **esq**(31) 1:23 1:24 1:30 1:31 1:32 1:33 2:5 |
| **demonstrated**(1) 19:6 | | **discuss**(1) 47:21 | | **drill**(1) 28:20 | | 2:11 2:12 2:13 2:19 2:25 2:25 2:31 2:32 2:39 |
| **denial**(1) 52:24 53:9 | | **discussed**(1) 50:14 | | **drive**(1) 82:3 | | 2:40 2:46 3:6 3:13 3:20 3:27 3:36 3:39 |
| **denied**(7) 33:24 34:3 53:4 77:5 78:12 | | **discussing**(1) 49:12 | | **drives**(2) 16:6 16:8 | | 4:11 4:12 4:15 4:19 4:22 4:26 4:30 4:41 |
| 82:23 86:21 | | **discussion**(3) 10:11 25:17 51:15 | | **drop**(1) 28:6 | | |
| | | **discussions**(6) 9:10 13:1 13:3 13:4 13:24 | | **drove**(1) 53:1 | | **essence**(2) 12:10 30:4 |
| **denver**(2) 22:15 22:16 | | 58:23 | | **due**(5) 13:15 25:7 27:11 45:24 66:17 | | **essentially**(7) 7:22 37:8 37:14 37:17 44:16 |
| **deny**(12) 28:18 36:17 36:18 45:9 46:15 | | | | **duplicitous**(1) 55:11 | | 73:7 83:5 |
| 49:6 75:4 75:6 75:10 75:10 75:15 80:5 | | **dismiss**(41) 28:10 28:25 29:1 29:5 29:19 | | **during**(4) 13:20 30:4 38:15 80:7 | | |
| | | 29:24 30:5 30:8 30:11 30:15 36:22 37:3 | | | | **establish**(3) 17:10 36:14 73:7 |
| **denying**(1) 73:8 | | 37:8 37:13 38:1 38:7 38:12 38:13 38:17 | | **each**(3) 24:17 33:10 77:10 | | **established**(1) 62:17 |
| **depose**(2) 35:4 35:9 | | 38:22 41:18 42:7 42:12 42:18 43:6 46:17 | | **earlier**(2) 25:5 37:20 | | **establishes**(1) 39:13 |
| **derek**(2) 1:23 58:15 | | 47:14 50:16 50:25 51:16 52:3 61:5 61:17 | | **early**(1) 53:6 | | **estate**(2) 24:7 33:17 |
| **describe**(1) 31:24 | | 65:14 79:1 79:7 81:16 82:19 83:7 84:1 | | **ease**(1) 23:5 | | **estates**(11) 1:2 30:6 6:18 8:22 9:5 13:17 13:25 |
| **deserved**(1) 55:9 | | 84:8 | | **easier**(1) 9:16 | | 16:11 45:12 68:12 71:18 71:20 |
| **designated**(1) 18:10 | | **dismissed**(2) 51:7 57:23 | | **easily**(1) 41:1 | | |
| **designating**(1) 20:19 | | **dispense**(1) 80:3 | | **easy**(2) 47:18 79:14 | | **esther**(1) 4:5 |
| **designation**(3) 18:12 18:17 18:24 | | **dispose**(1) 5:16 | | **ecro**(1) 1:38 | | **estopped**(1) 47:4 |
| **desire**(1) 8:15 | | **dispositive**(4) 62:1 84:12 84:13 84:16 | | **effect**(5) 31:20 38:14 50:15 80:10 82:13 | | **estoppel**(1) 41:19 |
| **despite**(1) 73:19 | | **dispute**(2) 24:7 78:23 | | **effective**(2) 19:2 57:25 | | **et.al**(1) 4:36 |
| **detail**(2) 60:20 69:16 | | **disputed**(1) 33:21 | | **effectively**(1) 12:4 | | **etsise**(1) 75:1 |
|  | | **distract**(1) 33:6 | | **effectiveness**(1) 13:19 | | **european**(2) 74:25 75:1 |
|  | | **distracting**(1) 59:21 | | **efficient**(3) 24:6 45:11 45:14 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **even**(11) 18:9 34:24 40:22 43:6 44:15 45:23 46:24 47:21 73:15 76:22 86:14 | | **feel**(2) 45:23 80:21 | | **foregoing**(1) 87:20 | | **goes**(5) 45:17 45:17 69:6 69:23 75:1 | |
| | | **feeling**(2) 13:11 82:15 | | **foreign**(3) 18:22 40:1 40:22 | | **going**(54) 5:24 9:2 9:3 23:11 27:2 31:6 | |
| **evening**(1) 12:25 | | **feld**(2) 2:10 67:12 | | **foremost**(1) 58:25 | | 31:8 32:9 34:14 35:3 42:21 46:21 46:23 | |
| **event**(2) 51:1 64:16 | | **felt**(2) 27:1 53:10 | | **fork**(1) 61:5 | | 47:5 47:17 47:19 48:15 50:12 51:17 52:4 | |
| **events**(1) 68:1 | | **few**(3) 49:22 54:20 76:1 | | **form**(17) 12:24 13:5 19:17 20:25 21:3 | | 56:19 61:16 61:18 62:5 64:24 64:25 65:3 | |
| **ever**(1) 31:12 | | **field**(5) 45:23 81:24 81:25 82:15 86:9 | | 22:17 28:16 29:9 34:8 36:18 44:9 57:1 | | 65:4 65:5 66:17 66:19 66:19 67:13 77:6 | |
| **every**(10) 29:9 51:9 51:18 52:22 62:11 | | **figure**(3) 49:19 64:19 77:18 | | 57:2 57:3 71:21 80:15 80:16 | | 77:21 77:21 78:4 79:2 79:5 79:8 79:11 | |
| 65:16 66:11 76:17 76:20 77:7 | | **file**(33) 11:12 24:23 25:4 25:9 25:15 25:16 | | **format**(1) 34:10 | | 79:13 79:13 79:19 79:19 80:2 80:5 83:8 | |
| | | 25:22 26:24 27:9 30:13 30:15 31:6 31:8 | | **former**(1) 4:39 | | 84:1 84:6 84:6 84:10 84:14 86:1 | |
| **everybody**(2) 15:25 56:20 | | 31:16 34:1 37:8 43:1 47:11 49:21 50:12 | | **forms**(1) 17:1 | | | |
| **everyone**(9) 5:3 12:20 13:12 58:16 58:21 | | 50:25 51:6 54:8 54:18 57:20 73:16 79:2 | | **fort**(1) 83:21 | | **gone**(1) 72:7 | |
| 58:22 65:6 81:4 86:10 | | 81:1 82:4 82:13 84:6 84:7 84:7 | | **forth**(3) 25:17 30:14 37:9 | | | |
| | | | | **forthcoming**(1) 56:16 | | **good**(28) 5:3 5:4 5:5 5:6 8:11 9:4 9:22 | |
| **everyone's**(1) 58:25 | | **filed**(48) 22:17 22:23 23:1 24:2 24:19 25:6 | | **forward**(7) 20:22 53:11 57:4 66:3 67:17 | | 10:20 10:21 12:4 12:10 14:10 14:12 14:13 | |
| **everything**(4) 65:15 67:21 76:3 79:10 | | 28:23 28:24 30:5 30:24 31:20 38:10 39:6 | | 68:6 86:14 | | 16:14 21:11 22:3 22:4 23:19 23:20 36:12 | |
| **evidence**(7) 36:15 44:23 44:24 45:1 45:4 | | 40:18 49:22 49:23 51:21 53:7 53:12 53:17 | | | | 43:24 67:7 67:7 67:8 79:22 87:15 87:16 | |
| 45:5 74:5 | | 53:20 53:21 53:22 54:19 54:24 54:24 55:5 | | **found**(1) 17:24 | | | |
| | | 55:11 55:21 56:10 56:18 56:21 57:7 57:17 | | **founded**(1) 71:23 | | **got**(11) 7:20 30:9 35:4 35:11 45:23 46:22 | |
| **exact**(2) 60:10 64:13 | | 58:1 58:12 59:25 59:25 60:12 60:17 64:8 | | **four**(3) 22:8 26:6 51:22 | | 65:2 69:2 71:11 71:22 78:3 | |
| **exactly**(2) 6:4 64:9 | | 64:15 64:20 68:2 69:25 78:25 80:6 81:21 | | **fourteen**(1) 27:11 | | | |
| **examined**(1) 18:8 | | | | **frame**(1) 56:15 | | **gotten**(1) 34:23 | |
| **example**(6) 12:9 32:13 70:4 74:18 74:19 | | **filing**(9) 25:11 30:5 49:1 50:20 53:5 57:19 | | **frank**(1) 67:11 | | **gottlieb**(1) 1:29 | |
| 81:17 | | 70:14 76:13 84:1 | | **frankly**(9) 35:4 36:15 45:7 46:19 51:9 | | **graciously**(1) 12:23 | |
| | | | | 67:2 70:12 74:20 80:7 87:4 | | **grand**(1) 19:17 | |
| **except**(3) 7:24 48:1 86:2 | | **final**(2) 28:1 78:19 | | | | **grant**(2) 32:9 46:9 46:14 56:20 | |
| **exception**(1) 7:25 | | **finally**(3) 40:5 40:20 45:15 | | **fred**(1) 2:11 | | **granted**(2) 27:10 68:25 | |
| **exceptional**(1) 40:16 | | **finance**(1) 19:11 | | **freehills**(2) 15:5 15:16 | | **granting**(1) 53:9 | |
| **exchange**(1) 50:1 | | **financial**(4) 39:19 76:23 77:3 77:11 | | **frequently**(1) 39:25 | | **grateful**(1) 74:20 | |
| **exchanged**(1) 12:22 | | **find**(1) 35:8 | | **friends**(1) 5:16 | | **gratified**(1) 19:5 | |
| **excited**(1) 50:24 | | **fine**(4) 5:22 9:25 73:4 83:18 | | **from**(41) 6:23 8:6 9:20 11:6 14:14 15:5 | | **great**(3) 9:11 32:11 85:2 | |
| **exercise**(12) 24:5 41:8 41:9 50:4 51:16 | | **finger**(1) 2:4 | | 15:16 16:22 17:21 20:24 23:21 27:8 27:10 | | **greatly**(1) 59:9 | |
| 51:17 62:4 63:13 64:19 65:11 74:7 78:5 | | **finish**(2) 6:2 9:15 65:25 | | 33:6 35:22 36:25 39:5 39:17 40:25 45:3 | | **gross**(16) 1:19 5:5 5:9 5:20 5:21 6:9 6:14 | |
| | | **finished**(1) 34:24 | | 45:18 47:4 48:1 48:15 57:19 59:5 59:21 | | 9:24 10:17 14:19 14:21 17:5 20:10 21:7 | |
| **exercised**(1) 44:22 | | **finnigan**(1) 4:21 | | 66:14 68:8 71:6 71:9 71:10 71:12 71:14 | | 58:16 72:10 | |
| **exists**(1) 61:6 | | **first**(19) 5:13 5:25 6:8 7:13 9:21 10:24 | | 72:16 73:8 76:15 78:4 80:24 82:5 87:21 | | | |
| **expansion**(1) 74:24 | | 11:7 13:16 28:21 30:2 30:13 41:23 48:23 | | | | **ground**(4) 38:7 38:22 43:7 86:13 | |
| **expectation**(2) 49:16 62:12 | | 58:24 68:24 71:1 71:11 75:22 77:22 | | **front**(1) 62:23 | | **grounds**(2) 28:11 37:9 | |
| **expected**(1) 77:4 | | | | **frustrating**(1) 49:8 | | **group**(6) 2:18 13:1 13:3 42:13 73:24 77:1 | |
| **expecting**(2) 33:18 78:3 | | **fits**(1) 46:17 | | **fsd's**(1) 63:1 | | **groups**(1) 12:7 | |
| **expert**(3) 39:20 40:23 50:23 | | **five-day**(1) 64:21 | | **full**(6) 18:23 20:7 46:21 59:9 62:19 67:16 | | **group's**(1) 77:2 | |
| **experts**(2) 18:8 39:24 | | **five-minute**(1) 83:15 | | **full-stop**(1) 55:6 | | **grout**(1) 4:21 | |
| **expungement**(1) 43:3 | | **five-page**(1) 51:23 | | **fully**(3) 15:17 33:18 59:14 | | **grueling**(1) 15:20 | |
| **extend**(1) 8:10 | | **flawed**(3) 44:6 44:14 72:16 | | **function**(1) 41:5 | | **guarantee**(1) 73:8 | |
| **extensive**(1) 60:6 | | **flaws**(1) 77:15 | | **functional**(1) 29:2 | | **guess**(2) 23:14 47:15 | |
| **extent**(7) 39:22 47:19 65:8 66:21 68:1 | | **floor**(1) 2:20 | | **further**(7) 8:19 10:11 10:17 29:5 58:23 | | **guidance**(1) 56:14 | |
| 80:13 80:20 | | **florida**(5) 37:19 39:3 41:25 52:14 52:15 | | 74:10 74:22 | | **guided**(1) 40:23 | |
| | | **focus**(1) 48:23 | | | | **gump**(2) 2:10 67:12 | |
| **extra**(1) 15:18 | | **focused**(3) 50:3 54:3 58:22 | | **future**(1) 22:11 | | **guy**(1) 84:5 | |
| **extremely**(3) 21:2 38:24 80:17 | | **focusing**(4) 36:20 42:10 59:4 59:11 | | **gallagher**(2) 2:38 3:35 23:21 | | **guyder**(1) 2:31 | |
| **ey/canadian**(1) 2:29 | | **follow**(1) 63:25 | | **games**(1) 33:5 | | | |
| **face**(5) 29:13 52:11 55:5 56:18 63:19 | | **following**(5) 39:11 40:2 43:15 43:16 69:4 | | **gave**(4) 6:18 20:3 25:21 57:11 | | **had**(62) 5:10 7:16 12:25 13:5 13:24 20:7 | |
| **faced**(1) 63:20 | | **footnote**(4) 14:15 50:24 51:1 83:4 | | **general**(1) 21:18 | | 25:6 25:14 25:14 25:20 26:19 27:2 27:16 | |
| **fact**(18) 71:5 7:18 25:5 28:4 31:2 34:9 | | **for**(185) 1:2 1:22 2:4 2:18 2:23 2:29 2:37 | | **generally**(2) 35:14 81:14 | | 27:25 28:6 29:16 29:19 29:23 30:11 30:12 | |
| 34:14 39:13 57:16 60:7 65:10 66:21 66:22 | | 2:44 3:4 3:18 3:25 3:34 3:38 3:41 3:44 | | **generated**(1) 65:8 | | 33:17 35:5 36:4 41:3 42:5 46:4 47:13 | |
| 69:24 76:8 80:9 80:22 82:16 | | 4:4 4:7 4:10 4:14 4:17 4:21 4:25 4:28 | | **generosity**(1) 74:21 | | 50:13 51:22 52:9 52:21 53:7 53:8 53:12 | |
| | | 4:32 4:35 4:39 7:24 8:14 8:17 10:3 10:13 | | **george**(1) 4:36 | | 54:24 54:25 55:1 55:7 55:12 55:15 57:17 | |
| **factors**(2) 19:9 39:15 | | 10:15 10:22 10:25 11:12 11:14 11:18 | | **get**(27) 6:21 30:14 34:2 35:15 35:23 44:2 | | 57:24 57:25 58:2 59:17 60:24 61:20 61:20 | |
| **facts**(6) 24:17 35:12 43:18 45:4 48:16 66:8 | | 11:25 17:10 18:3 18:6 18:8 18:13 19:4 | | 44:19 47:22 49:19 51:15 51:17 57:8 58:16 | | 61:21 62:16 62:19 63:1 63:15 66:20 66:24 | |
| **factual**(11) 24:25 29:12 33:9 34:19 35:6 | | 19:12 19:20 20:18 21:2 22:4 23:20 24:24 | | 75:7 78:4 78:6 78:7 78:18 83:20 86:11 | | 67:19 71:2 72:6 73:16 74:8 77:19 85:6 | |
| 43:14 45:6 46:15 49:3 50:23 79:17 | | 24:2 24:7 24:8 24:25 25:12 26:6 29:23 | | | | | |
| | | 30:16 31:1 31:11 32:1 32:3 32:10 32:13 | | **gets**(2) 50:23 87:7 | | **hadley**(1) 4:10 | |
| **failed**(3) 24:24 27:16 48:20 | | 32:21 32:22 33:3 34:1 34:2 34:16 35:2 | | **getting**(6) 13:6 13:9 13:12 46:13 49:20 | | **hain**(1) 22:9 | |
| **failure**(1) 65:25 | | 35:10 36:2 36:14 38:7 38:10 38:18 38:22 | | 57:25 | | **hall**(1) 2:32 | |
| **fair**(4) 17:11 35:7 45:24 46:7 | | 39:13 39:13 41:23 43:2 43:3 43:15 44:16 | | | | **halloween**(1) 57:14 | |
| **fairly**(1) 68:22 | | 45:12 45:13 46:3 46:8 46:19 46:20 46:21 | | **gill**(1) 4:19 | | **hamilton**(1) 1:29 | |
| **fairness**(1) 45:19 | | 47:14 48:1 50:16 50:19 50:21 51:13 51:22 | | **ginger**(1) 1:38 | | **hand**(4) 7:1 10:24 33:7 80:13 | |
| **faith**(4) 8:11 12:4 16:14 70:18 | | 52:14 52:15 53:8 53:13 53:18 53:20 54:4 | | **give**(15) 7:2 8:23 11:24 25:9 25:13 34:18 | | **hanrahan**(1) 3:36 | |
| **fall**(1) 42:13 | | 54:7 55:1 55:4 55:13 56:2 56:3 56:4 | | 37:2 44:11 45:1 46:14 51:24 61:23 61:24 | | **happen**(2) 53:9 65:15 | |
| **familiar**(1) 29:9 | | 56:18 57:10 57:14 57:16 57:20 59:8 61:20 | | 82:9 79:12 | | **happened**(4) 48:12 53:2 57:18 58:11 | |
| **family**(1) 58:13 | | 63:6 63:7 63:10 63:10 63:12 63:13 63:14 | | | | **happens**(1) 15:24 | |
| **far**(4) 7:8 16:3 16:4 86:9 | | 64:11 65:1 65:1 65:6 65:7 65:8 65:14 66:6 | | **given**(11) 18:21 19:22 25:5 27:3 34:7 | | **happy**(5) 13:9 46:12 80:1 86:24 87:8 | |
| **farallon**(1) 3:44 | | 66:7 66:11 66:23 68:25 69:14 70:6 70:23 | | 46:14 47:18 56:16 58:21 62:8 74:22 | | **hard**(8) 15:25 16:6 16:8 21:2 79:15 79:15 | |
| **farr**(3) 2:38 3:35 23:21 | | 71:3 71:19 72:7 72:13 72:18 73:3 73:12 | | | | 81:19 82:9 | |
| **fast**(4) 27:19 27:20 79:3 80:17 | | 73:24 74:15 74:20 75:5 75:8 75:9 76:19 | | **gives**(1) 67:23 | | | |
| **fate**(1) 24:1 | | 76:25 77:7 77:7 79:25 81:10 81:11 81:16 | | **giving**(1) 44:8 | | **harmonize**(1) 68:6 | |
| **favor**(1) 44:8 | | 82:1 82:14 82:17 83:13 84:20 84:21 84:25 | | **global**(1) 4:32 | | **harrisburg**(1) 1:42 | |
| **feasible**(1) 8:16 | | 85:2 86:13 86:20 86:23 87:6 87:11 87:15 | | **goal**(1) 29:6 | | **has**(33) 7:18 8:18 10:9 17:9 19:6 22:23 | |
| **federal**(3) 24:12 29:11 72:22 | | | | | | 28:16 30:24 34:23 39:24 39:21 44:23 45:23 | |
| | | **forced**(2) 64:21 65:13 | | | | 48:12 52:24 54:14 54:16 61:6 65:7 65:24 | |
| | | | | | | 67:15 68:19 68:10 68:11 72:7 73:3 74:3 | |
| | | | | | | 74:3 74:7 77:4 77:17 81:6 84:11 85:12 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**hasn't**(2) 64:8 77:22
**hauer**(2) 2:10 67:12
**have**(159) 5:9 5:18 6:20 6:22 7:11 7:19 8:1 8:7 8:15 9:3 9:6 9:8 9:9 9:14 9:23 10:10 12:21 14:15 17:24 18:1 19:8 19:13 19:19 20:7 21:8 21:19 22:10 22:13 22:16 22:17 22:24 24:1 27:3 27:6 28:3 29:18 29:18 29:20 29:24 29:25 30:12 31:20 32:1 32:4 32:4 32:5 32:13 32:23 33:12 34:17 34:20 35:2 35:8 35:8 35:9 35:10 35:13 36:9 36:13 36:22 38:8 38:10 38:17 38:24 41:6 41:15 42:7 43:1 43:10 46:1 46:2 46:5 46:13 46:14 46:16 46:24 48:6 49:12 50:2 50:5 50:13 50:15 51:1 51:19 51:25 52:9 52:19 52:22 54:25 55:1 55:3 55:6 56:24 57:1 57:1 57:2 57:15 58:6 58:7 59:9 62:1 62:11 62:12 62:16 62:19 62:22 62:25 63:11 63:14 63:21 63:24 63:24 64:5 64:25 65:20 66:4 66:13 66:20 66:25 67:22 68:1 68:3 68:6 68:20 68:21 69:1 69:15 69:16 70:4 70:10 70:25 71:3 71:21 72:5 72:7 72:9 72:10 72:10 72:18 73:2 73:3 73:5 74:5 74:21 74:22 75:5 75:16 76:7 77:6 77:24 77:25 78:20 79:23 82:9 82:11 83:5 85:11 85:24

**haven't**(3) 7:7 35:17 45:25
**haven't**(1) 83:10
**having**(8) 15:1 26:21 33:23 40:6 40:12 42:24 59:5 69:19

**head**(1) 49:5
**hear**(5) 6:23 8:25 55:7 58:23 80:18
**heard**(4) 53:3 64:8 68:7 71:12
**hearing**(20) 5:7 6:17 6:25 21:7 27:17 50:11 50:13 50:13 50:18 56:1 57:6 57:18 58:2 59:6 59:7 59:13 70:7 73:8 78:24 87:18

**hearings**(1) 22:11
**heart**(1) 20:4
**held**(1) 29:22
**helpful**(7) 9:1 47:16 47:23 81:2 81:4 81:8 82:13

**herbert**(2) 15:5 15:16
**here**(29) 5:13 5:14 5:21 5:23 6:25 10:17 13:11 20:12 29:18 40:25 41:20 45:19 48:7 49:18 53:4 63:18 63:19 64:6 64:14 64:18 65:10 66:21 75:23 76:2 76:3 77:17 77:19 80:5 80:12

**here's**(4) 52:2 61:23 74:24 76:23
**herring**(1) 73:11
**he's**(1) 84:5
**high**(5) 8:1 8:4 9:14 13:1 46:3
**highly**(6) 7:23 18:10 18:12 18:24 20:14 21:1

**him**(1) 83:13
**his**(2) 65:19 72:3
**hit**(1) 49:4
**hitchcock**(1) 39:20
**hoc**(1) 4:10
**hodara**(9) 2:11 60:16 67:6 67:8 67:11 67:11 68:17 68:18 83:11

**hogan**(1) 4:18
**hold**(3) 70:16 74:15 83:21
**holding**(1) 29:8
**holdings**(1) 22:9
**holidays**(1) 25:18
**honest**(1) 85:17
**honestly**(2) 39:1 49:20
**honesty**(1) 57:12

**honor**(113) 5:24 4:5 7:10 9:20 11:1 11:4 11:23 14:10 15:3 16:21 19:19 21:5 21:15 21:15 21:21 21:25 22:4 22:22 23:18 23:25 25:3 26:13 28:1 29:25 30:2 32:6 32:9 34:11 34:23 35:25 36:11 37:11 37:15 38:5 38:9 38:23 39:1 39:8 39:9 40:25 41:4 42:11 42:19 43:5 43:8 43:15 45:15 46:8 46:11 46:24 48:1 48:19 48:23 49:4 49:21 50:5 50:25 51:1 53:17 54:5 57:4 57:12 58:2 58:22 58:25 59:11 59:20 60:21 62:13 66:1 67:2 67:5 67:8 67:13 68:17 68:19 68:24 69:12 70:3 70:5 71:2 71:5 71:8 72:1 72:15 73:14 73:15 73:18 74:17 75:17 75:22 76:21 77:18 78:11 78:17 78:20 78:22 79:6 79:14 82:24 83:6 83:19 83:22 83:25 84:4 84:10 85:4 86:5 86:16 86:18 87:3 87:8 87:14

**honor's**(3) 28:3 29:14 32:19
**honorable**(1) 1:19
**honors**(1) 14:8
**hope**(2) 32:24 65:23
**hoped**(1) 19:6
**hopeful**(2) 15:21 16:16
**hopefully**(1) 33:20
**hopes**(1) 9:14
**hospitality**(1) 14:18
**hosted**(1) 12:23
**hour**(1) 58:17
**hours**(3) 9:9 27:25 46:4
**how**(9) 14:3 25:17 46:3 47:16 49:19 75:2 75:8 76:14 80:22

**hubbard**(2) 3:12 14:11
**huge**(1) 49:10
**hughes**(2) 3:12 14:11
**huh**(1) 46:23
**hundreds**(1) 34:19
**i'd**(3) 7:9 37:6 38:23
**i'm**(14) 6:14 9:3 10:3 17:4 19:15 20:2 23:11 27:7 27:9 31:11 32:25 42:9 47:16 47:17

**idea**(2) 52:17 61:19
**identification**(4) 36:1 36:2 49:15 72:20
**identify**(2) 35:3 35:4
**identifying**(1) 16:5
**ignore**(1) 44:25
**ignored**(2) 26:23 31:16
**immediate**(1) 18:19
**immediately**(2) 17:14 59:22
**immerse**(1) 59:14
**implementing**(1) 15:25
**important**(7) 17:24 32:22 33:6 49:10 52:25 53:10 57:4

**importantly**(1) 78:24
**impose**(2) 74:12 82:1
**imposes**(1) 73:23
**imposition**(1) 26:6
**inadequate**(1) 28:5
**inappropriate**(1) 82:17
**inc**(2) 1:7 3:41
**incidental**(1) 40:17
**include**(1) 84:11
**included**(1) 36:6
**including**(4) 17:20 17:23 62:18 77:1
**incorporate**(1) 54:12
**incorporated**(6) 63:6 63:8 63:14 76:2 76:4 85:20

**incorporates**(2) 26:17 54:9
**incurred**(1) 64:6
**indeed**(3) 20:16 50:3 85:5
**independence**(1) 78:10
**independent**(1) 74:6
**indiana**(1) 56:7
**indicated**(2) 9:6 59:8
**indicating**(3) 34:3 59:3 69:5

**indiscernible**(5) 6:10 18:22 18:23 19:3 37:15

**individual**(1) 16:11
**individuals**(1) 17:18
**indulge**(1) 11:23
**inexpensive**(1) 45:14
**influence**(1) 43:6
**inform**(1) 65:19
**informal**(2) 22:8 22:14
**informally**(1) 6:18
**information**(27) 6:19 6:20 7:16 8:3 17:16 17:18 17:19 18:9 19:1 33:12 36:18 44:6 44:11 44:12 49:6 50:1 51:24 51:25 51:25 55:14 61:24 62:8 62:15 62:21 66:14 75:11 77:16

**ingersoll**(1) 2:24
**initial**(3) 50:18 56:9 56:10
**input**(1) 12:21
**insisted**(2) 24:23 26:21
**insofar**(1) 10:7
**insolvency**(1) 18:20 77:2
**instead**(3) 29:25 31:7 31:13
**insufficient**(5) 54:19 54:20 55:6 55:12
**insufficiently**(1) 26:8 43:21 43:25
**intend**(1) 9:7
**intended**(4) 28:14 42:5 70:20 84:16
**intention**(1) 51:4
**interactions**(1) 65:24
**interest**(6) 17:19 17:24 18:2 45:13 48:24 86:9

**interested**(7) 3:41 3:44 4:4 4:7 4:21 4:25 8:23

**interesting**(5) 56:6 56:11 57:24 59:23 61:4
**interests**(2) 2:38 49:19
**interim**(1) 7:11
**internal**(1) 76:9
**interrogatories**(25) 12:9 13:7 15:23 16:1 35:18 35:19 35:25 36:1 36:6 49:13 49:14 49:15 49:16 49:18 62:10 66:7 66:23 72:16 72:18 72:21 72:22 73:2 73:6 73:10 73:11

**interrogatory**(3) 9:12 12:15 36:10
**intervention**(2) 43:13 47:9 65:6
**into**(17) 7:18 7:25 14:22 16:13 47:19 48:13 51:10 51:14 51:15 61:16 61:25 62:3 70:11 74:24 76:2 76:4 76:14

**invented**(1) 76:3
**invoke**(1) 43:23
**involved**(3) 13:11 47:9 65:6
**involving**(1) 39:25
**iqbal**(1) 24:14
**irrelevant**(1) 76:17
**isn't**(4) 14:1 34:24 43:6 44:24
**isn't**(2) 62:7 72:12
**issue**(25) 5:15 5:19 11:11 16:13 16:16 19:6 19:9 27:4 27:14 27:18 33:19 38:2 39:16 43:10 43:11 44:17 47:1 47:23 48:8 69:24 70:25 71:9 71:11 78:21 78:22

**issues**(23) 5:17 13:10 19:3 20:18 33:21 35:15 36:5 43:14 45:10 51:9 51:10 51:16 52:1 52:7 52:22 53:13 57:25 62:23 63:20 68:20 74:10 77:17 86:13

**it'd**(1) 25:13
**it'll**(1) 6:8
**it's**(26) 5:15 7:9 8:7 8:15 10:4 16:10 20:1 28:15 30:9 31:10 32:22 34:21 36:19 37:4 37:5 37:5 42:12 44:16 44:22 45:1 45:3 45:5 45:13 46:7 47:2 47:20

**item**(2) 6:1 22:7

**its**(11) 24:5 28:23 29:13 40:19 52:11 54:12 55:5 56:3 56:18 74:7 77:4

**itself**(3) 21:18 44:2 80:4
**it's**(30) 49:10 51:8 52:4 52:25 53:19 56:6 56:6 56:11 57:3 58:5 59:22 62:7 63:25 64:7 65:5 68:10 68:21 69:20 73:25 74:12 74:14 76:17 78:18 79:7 79:14 79:20 79:20 81:8 81:13 82:16

**i'd**(1) 48:14
**i'll**(9) 58:6 58:6 59:6 75:20 80:12 82:10 83:21 87:1 87:1

**i'm**(13) 48:15 56:19 59:5 63:20 65:9 67:9 67:13 74:22 80:1 80:4 80:12 81:8 85:10

**i've**(1) 48:20
**jacqueline**(1) 1:33
**james**(2) 1:32 3:26
**january**(13) 19:23 20:9 20:17 49:19 50:5 51:18 62:22 65:3 65:12 66:3 71:11 75:8 78:6

**javier**(1) 4:26
**jersey**(1) 58:14
**job**(2) 43:22 45:5
**john**(1) 3:6
**johnson**(1) 2:13
**join**(2) 33:19 44:17
**joins**(1) 67:16
**joint**(18) 3:5 5:7 5:25 6:8 6:17 6:24 16:22 21:7 27:23 49:1 49:2 49:21 49:24 49:25 50:13 60:17 73:23

**jointly**(2) 1:5 49:23
**jones**(1) 2:18
**judge**(18) 1:19 1:20 5:5 5:9 5:19 5:21 6:9 6:13 9:24 10:17 14:19 14:21 17:5 20:10 21:7 47:10 58:16 72:10

**judgment**(6) 32:10 47:15 50:22 84:15 84:20 84:21

**judgment-type**(1) 50:16
**judicial**(1) 41:19
**judicially**(1) 47:3
**july**(9) 24:24 25:12 55:15 55:16 57:4 57:10 57:16 57:19 58:3

**jump**(2) 46:2 46:3
**jumped**(1) 69:1
**june**(16) 1:15 5:1 12:18 12:19 18:5 19:20 20:1 20:7 50:10 50:11 53:6 53:10 55:3 55:11 57:17 87:24

**jurisdiction**(6) 40:19 52:9 66:20 72:6 72:11 72:12

**jurisdictions**(1) 61:9
**just**(49) 10:5 11:5 14:14 14:21 16:2 16:25 25:19 35:12 36:16 37:20 38:13 39:5 40:24 45:15 45:25 46:7 46:12 48:16 48:20 52:23 53:16 54:20 55:6 56:20 60:4 62:14 64:24 65:25 72:2 72:24 73:18 74:15 74:18 74:18 74:22 75:6 75:17 75:24 77:4 78:3 78:17 82:1 82:5 82:14 83:13 84:4 85:6 86:2 86:16

**justice**(42) 5:4 5:5 5:18 6:7 6:12 6:13 7:1 7:5 8:20 9:1 9:18 9:23 10:1 10:13 10:16 10:19 12:2 14:13 14:19 14:21 14:25 15:6 15:7 16:22 17:3 17:4 17:7 19:22 20:1 20:6 20:9 20:11 21:6 21:11 21:13 27:2 27:13 28:1 28:7 59:10 59:15 64:14

**justification**(1) 64:11
**justify**(1) 18:16
**justin**(1) 2:46
**karen**(1) 4:15
**kathleen**(1) 2:19

| Word | Page:Line |
|------|-----------|
| katten(1) 4:14 | |
| keel(1) 86:14 | |
| keep(4) 13:14 47:1 79:19 86:14 | |
| keeping(1) 85:16 | |
| kelly(1) 87:25 | |
| kevin(1) 1:19 | |
| kind(5) 47:1 47:4 50:15 74:12 80:4 | |
| king(2) 2:7 3:8 | |
| kingdom(4) 23:16 63:6 65:21 76:15 | |
| knew(3) 53:6 53:7 79:6 | |
| know(55) 5:7 7:8 13:21 13:25 26:25 31:1 | |
| 31:3 32:14 32:14 32:23 32:25 33:24 35:14 | |
| 42:6 45:16 45:19 47:13 47:18 47:20 47:22 | |
| 48:5 48:10 48:11 53:8 55:25 60:21 61:1 | |
| 64:16 65:7 65:9 72:21 72:23 73:20 75:11 | |
| 75:23 76:5 76:14 77:9 78:3 78:4 79:15 | |
| 80:3 80:20 80:21 80:23 81:10 81:12 81:13 | |
| 81:21 82:11 82:15 86:8 86:19 87:4 87:7 | |
| knowing(3) 20:23 35:5 35:14 | |
| knowledge(1) 36:4 | |
| known(2) 19:1 77:25 | |
| knows(2) 56:20 85:17 | |
| koskie(1) 4:40 | |
| labor(1) 57:11 | |
| language(3) 7:18 10:9 31:2 | |
| large(4) 13:1 18:25 20:14 80:13 | |
| largely(2) 63:9 68:10 | |
| laser-sharp(1) 58:22 | |
| last(13) 13:6 14:17 16:13 48:12 51:6 53:2 | |
| 53:3 53:10 55:3 55:15 58:6 68:12 78:20 | |
| late(3) 38:25 41:23 47:2 | |
| later(5) 5:20 8:11 20:21 26:22 47:6 47:9 | |
| 51:5 59:11 | |
| laughter(8) 15:11 19:24 20:5 47:12 48:21 | |
| 58:19 83:24 85:8 | |
| laura(1) 2:32 | |
| law(32) 3:25 3:38 26:2 26:2 26:3 28:11 | |
| 34:9 34:16 37:14 37:20 39:2 39:2 39:2 | |
| 39:24 40:1 40:4 40:8 40:9 40:16 41:15 | |
| 41:24 41:25 42:15 52:7 56:5 56:5 61:5 61:10 | |
| 64:4 64:10 64:11 72:9 74:10 | |
| lawful(1) 17:11 | |
| laws(3) 20:13 40:22 52:13 | |
| lawyers(2) 12:24 15:15 | |
| lawyers'(1) 57:12 | |
| layton(1) 2:4 | |
| leads(1) 50:4 | |
| least(6) 7:7 9:13 19:1 20:23 33:23 35:5 | |
| leave(3) 8:24 27:3 74:10 | |
| leblanc(1) 4:12 | |
| left(4) 16:25 57:23 76:12 77:2 | |
| legal(14) 24:25 29:3 34:4 34:17 34:18 | |
| 34:20 40:24 43:1 45:8 49:3 49:6 51:16 | |
| 62:9 80:24 | |
| length(1) 25:23 | |
| lengthy(1) 21:19 | |
| less(2) 27:5 80:3 | |
| let's(5) 5:16 31:17 31:22 45:22 80:3 | |
| letter(2) 9:3 21:18 | |
| let's(2) 63:3 75:24 | |
| level(8) 13:1 48:15 65:24 81:24 81:25 | |
| 82:16 82:16 86:9 | |
| liabilities(2) 63:17 64:6 | |
| liability(5) 26:6 39:13 40:22 73:24 74:13 | |
| liberty(1) 1:34 | |
| light(2) 61:2 71:17 | |
| like(59) 7:9 8:25 9:3 9:19 11:24 15:12 | |
| 16:4 29:17 31:3 32:20 37:6 38:23 40:7 | |
| 40:13 41:5 43:14 44:21 47:15 48:14 48:22 | |
| 58:16 62:7 63:1 64:7 66:8 74:13 74:18 | |
| 86:17 87:5 | |
| likely(2) 8:12 34:16 | |

| Word | Page:Line |
|------|-----------|
| likewise(1) 21:13 | |
| limine(2) 50:21 84:15 | |
| limit(1) 67:13 | |
| limitation(1) 72:22 | |
| limited(5) 3:35 35:25 56:8 61:20 63:7 | |
| line(6) 11:1 11:5 22:22 29:6 58:17 65:25 | |
| lines(2) 17:21 27:21 | |
| link(1) 21:9 | |
| linn(1) 3:45 | |
| lipman(6) 10:2 10:3 10:15 19:19 20:3 20:8 | |
| liquidate(1) 40:1 | |
| lisa(1) 1:30 | |
| list(4) 9:12 9:13 12:15 13:7 | |
| listed(2) 28:11 54:13 | |
| lists(1) 9:15 | |
| litigated(3) 53:14 62:22 77:25 | |
| litigation(20) 18:5 28:2 33:21 33:22 45:18 | |
| 47:8 49:10 50:8 50:9 55:8 63:20 65:5 | |
| 72:19 78:1 79:10 79:15 80:7 80:17 81:2 | |
| 84:10 | |
| little(10) 11:24 14:23 15:7 21:19 42:2 | |
| 52:2 62:3 66:21 66:22 76:7 | |
| llc(3) 1:40 22:9 87:26 | |
| llp(12) 1:22 2:38 3:12 3:19 3:26 3:35 4:14 | |
| 4:18 4:25 4:29 4:40 23:21 | |
| locate(1) 36:13 | |
| location(6) 36:5 52:4 52:23 52:25 53:1 | |
| lockbox(1) 71:20 | |
| london(2) 21:15 65:22 | |
| long(5) 7:8 47:3 63:24 70:24 72:8 | |
| look(5) 12:21 30:6 33:8 41:7 46:24 59:23 | |
| 81:17 81:18 | |
| looked(1) 31:11 | |
| looking(6) 12:8 51:5 60:14 64:19 73:22 | |
| 74:23 | |
| loomis(1) 30:20 | |
| lot(8) 10:10 25:16 33:11 46:19 49:22 67:3 | |
| 71:12 73:20 | |
| lots(1) 55:10 | |
| lovells(1) 4:18 | |
| lowenthal(1) 3:39 | |
| lower(1) 77:4 | |
| mace(1) 1:38 | |
| mad(1) 65:9 | |
| made(18) 7:11 8:7 13:17 25:4 26:12 29:20 | |
| 29:24 42:10 51:19 53:15 54:3 55:20 63:11 | |
| 65:17 68:9 68:21 71:10 86:11 | |
| magistrate(1) 52:20 | |
| main(2) 21:24 48:23 | |
| major(1) 35:15 | |
| make(32) 7:8 8:8 8:18 9:5 9:16 9:19 | |
| 12:17 13:13 13:16 17:13 32:21 35:13 37:25 | |
| 38:11 41:18 43:6 43:8 45:11 45:11 45:13 | |
| 45:20 46:17 46:19 47:1 47:5 66:12 69:13 | |
| 73:19 75:7 75:17 81:19 82:21 | |
| makes(5) 45:18 69:17 75:6 75:9 79:18 | |
| making(12) 9:11 11:17 29:20 29:21 29:23 | |
| 37:12 38:13 38:15 38:16 47:4 64:1 70:13 | |
| malek(1) 4:25 | |
| malkowski(1) 2:19 | |
| management(2) 3:44 4:7 | |
| many(13) 9:9 12:24 12:24 16:8 33:12 | |
| 33:12 36:11 61:12 65:23 68:8 68:20 75:2 | |
| 75:15 | |
| march(10) 27:15 27:17 32:7 70:1 70:25 | |
| 77:22 77:24 77:24 78:22 78:24 | |
| mark(1) 4:41 | |
| market(5) 1:12 1:25 2:20 2:26 3:21 | |
| markets(1) 74:25 | |
| marla(3) 1:31 9:20 10:21 | |

| Word | Page:Line |
|------|-----------|
| mary(1) 2:25 | |
| massive(1) 26:9 | |
| material(3) 7:23 20:14 29:12 | |
| matter(16) 5:12 5:25 6:8 10:13 10:15 18:4 | |
| 32:8 38:4 40:10 40:20 53:2 53:23 53:25 | |
| 56:8 69:8 87:22 | |
| matters(7) 5:10 5:20 16:22 20:16 21:8 | |
| 21:20 55:18 | |
| matthew(1) 4:8 | |
| mauro(1) 3:42 | |
| maximize(1) 19:3 | |
| may(23) 6:12 11:1 11:2 12:5 12:19 19:19 | |
| 22:18 22:19 27:22 33:18 34:22 49:21 58:2 | |
| 58:14 58:15 68:2 68:5 69:7 69:10 69:11 | |
| 69:11 78:17 82:24 | |
| maybe(3) 48:1 48:23 87:6 | |
| mccarthy(1) 4:29 | |
| mccloy(1) 14:10 | |
| mean(5) 32:1 32:25 34:24 62:8 77:13 | |
| meaning(1) 31:15 | |
| meaningful(1) 40:3 | |
| mediation(16) 27:1 27:7 27:13 58:4 58:5 | |
| 58:6 58:23 58:24 59:4 59:11 59:15 59:22 | |
| 70:12 70:16 80:7 81:3 | |
| meet(6) 12:18 13:5 20:17 28:14 61:21 | |
| melnik(1) 3:20 | |
| members(4) 7:20 11:8 45:12 46:20 | |
| mentioned(4) 49:5 49:8 60:5 85:24 | |
| merit(2) 42:9 44:23 | |
| merits(5) 42:3 47:20 73:20 | |
| merrill(2) 33:18 62:16 | |
| met(4) 12:22 65:20 65:22 74:9 | |
| methodology(2) 44:7 44:14 | |
| metric(2) 71:16 71:17 | |
| michael(1) 3:45 | |
| microphone(2) 14:22 15:13 | |
| middle(1) 70:12 | |
| might(4) 9:1 49:4 60:25 64:6 | |
| milbank(1) 4:10 | |
| miller(3) 3:27 4:22 | |
| million(1) 76:18 | |
| mind(3) 58:25 61:23 | |
| minds(1) 57:12 | |
| mini(1) 50:16 | |
| minister(1) 19:11 | |
| minsky(1) 4:40 | |
| minute(1) 43:22 | |
| minutes(2) 54:20 79:25 | |
| misheard(1) 19:19 | |
| mistake(1) 58:5 | |
| mixed(2) 65:18 80:12 | |
| mode(2) 81:3 81:8 | |
| moessner(1) 1:33 | |
| moment(4) 35:15 43:15 48:2 83:14 | |
| money(3) 65:5 71:19 76:14 | |
| monitor(2) 2:23 9:14 | |
| monitor's(1) 12:23 | |
| monitors(4) 15:19 16:10 16:15 18:9 | |
| month(1) 20:2 | |
| months(6) 46:3 53:11 53:13 57:5 57:5 57:6 | |
| morawetz(38) 5:4 5:5 5:18 6:7 6:12 6:13 | |
| 7:1 7:5 8:20 9:1 9:18 9:23 10:1 10:13 | |
| 10:16 10:19 12:3 14:13 14:19 14:21 14:25 | |
| 15:6 15:7 16:23 17:3 17:4 17:7 19:22 | |
| 20:1 20:6 20:9 20:11 21:6 21:11 21:13 | |
| 28:1 28:7 64:14 | |

| Word | Page:Line |
|------|-----------|
| more(56) 9:23 11:7 11:24 14:23 15:24 | |
| 16:22 24:20 25:4 25:9 25:11 25:15 25:22 | |
| 26:4 26:14 26:15 26:21 27:24 28:23 29:17 | |
| 30:13 31:14 33:6 42:3 45:11 49:2 51:22 | |
| 51:24 53:12 53:18 53:21 54:4 54:5 54:7 | |
| 55:1 55:2 55:4 55:14 56:12 57:7 57:8 | |
| 61:24 65:5 65:6 68:25 69:8 69:10 69:13 | |
| 74:15 75:9 76:18 78:23 81:1 81:10 81:11 | |
| 82:22 87:5 | |
| morning(18) 5:3 5:4 5:5 5:6 9:22 10:20 | |
| 10:21 14:10 14:12 14:13 22:3 22:4 23:19 | |
| 23:20 67:7 67:8 67:9 68:7 | |
| morris(3) 1:22 3:26 22:5 | |
| most(5) 19:2 34:2 48:7 49:8 63:10 | |
| motion(86) 17:9 17:14 19:17 21:25 24:2 | |
| 24:4 24:10 24:14 26:12 26:13 26:16 28:10 | |
| 28:24 28:25 29:19 29:24 30:5 30:7 30:15 | |
| 31:21 37:3 37:8 37:12 38:7 38:8 38:12 | |
| 38:13 38:15 38:17 38:22 41:18 41:18 42:6 | |
| 42:12 42:17 43:2 43:6 46:9 46:17 46:18 | |
| 50:16 50:16 50:25 51:7 51:21 52:2 53:6 | |
| 53:18 53:20 54:4 54:18 55:11 56:4 56:18 | |
| 57:17 57:20 57:21 58:1 58:12 59:7 59:13 | |
| 60:9 68:2 68:2 68:14 68:25 70:13 77:23 | |
| 78:12 78:18 79:1 79:6 80:4 80:5 81:11 | |
| 81:11 81:16 82:18 82:22 84:1 84:7 84:15 | |
| 84:16 84:20 84:21 86:1 | |
| motions(13) 47:14 47:14 50:10 50:20 | |
| 50:20 50:21 50:21 51:15 61:17 62:1 84:11 | |
| 84:12 84:13 | |
| move(26) 10:9 20:16 20:21 21:24 27:20 | |
| 29:5 30:8 30:11 36:22 38:1 38:20 51:2 | |
| 53:10 53:16 56:2 56:25 60:8 60:17 64:22 | |
| 66:2 66:4 67:20 68:6 82:22 83:7 86:8 | |
| moved(6) 31:20 32:1 42:7 53:16 55:3 57:2 | |
| moving(6) 13:14 18:5 61:5 65:14 81:2 | |
| 86:14 | |
| much(13) 8:20 9:2 9:16 9:18 13:4 23:12 | |
| 30:19 34:15 76:14 77:4 81:24 87:5 87:13 | |
| muchin(1) 4:14 | |
| multiple(1) 62:17 | |
| must(3) 24:17 36:25 70:19 | |
| nail(1) 49:4 | |
| name(1) 10:2 | |
| napier(1) 4:32 | |
| narrow(2) 33:20 45:10 | |
| nations(2) 40:10 40:23 | |
| nature(3) 18:19 18:22 20:20 | |
| near(1) 62:1 | |
| necessarily(4) 47:21 51:6 81:16 81:18 | |
| necessary(5) 18:15 20:17 40:23 58:9 82:19 | |
| necessity(1) 32:21 | |
| need(17) 10:10 11:12 18:3 19:12 24:13 | |
| 34:20 45:6 46:2 57:8 61:18 61:23 67:23 | |
| 68:13 75:12 79:25 83:16 83:17 | |
| needed(9) 16:20 26:22 52:21 54:23 56:1 | |
| 56:25 59:18 61:22 78:1 | |
| needs(1) 33:7 | |
| negotiate(2) 16:12 16:14 | |
| negotiated(1) 34:25 | |
| negotiating(1) 79:9 | |
| negotiations(1) 15:18 | |
| neil(2) 3:13 14:10 | |
| neither(1) 11:19 | |
| net(2) 76:16 76:16 | |
| networks(7) 1:7 4:17 63:7 63:8 63:9 | |
| 63:14 85:20 | |
| never(5) 51:19 52:10 63:13 63:17 78:2 | |

| Word | Page:Line |
| --- | --- |

new(8) 1:35  2:15  2:34  2:42  3:15  8:14  51:21  58:14

news(2) 9:3  9:4

next(1) 46:5

nichols(2) 1:22  22:5

night(3) 16:13  16:13  27:23

nine(1) 46:3

nni(11) 33:13  44:21  45:3  52:14  73:25  75:2  76:23  77:1  77:3  77:10  85:18

nnuk(5) 73:25  75:3  76:25  77:2  77:11

non-public(1) 17:19

none(2) 31:3  31:9

nonsense(1) 69:3

normal(2) 30:23  33:22

normally(1) 37:2

nortel(16) 1:7  4:17  4:40  17:9  17:21  51:14  60:23  61:8  63:7  63:8  63:9  63:11  63:14  77:1  77:2  85:20

north(3) 2:7  2:26  3:8

northern(1) 56:7

not(129) 6:17  8:10  8:25  9:13  16:4  17:19  19:12  23:1  24:22  26:1  26:16  27:3  27:9  28:25  29:16  30:19  31:6  31:15  32:11  33:4  33:4  33:4  33:4  33:5  33:16  34:5  34:15  34:20  34:21  36:6  36:19  37:4  37:5  37:11  37:16  37:20  37:21  38:5  38:6  38:16  38:21  39:2  40:16  41:1  42:9  42:9  42:15  42:17  42:17  45:1  45:4  45:5  46:7  46:11  47:18  47:21  49:6  50:2  50:7  50:20  51:6  51:17  52:7  52:12  52:17  53:8  53:8  54:2  54:12  54:13  55:4  55:18  55:22  56:1  56:2  56:3  56:3  56:25  57:14  57:15  59:19  59:20  60:1  60:5  60:21  61:1  62:7  64:2  64:7  65:24  66:5  66:17  66:18  66:19  68:13  69:7  69:20  70:1  70:16  71:2  71:18  71:20  73:9  73:16  73:17  75:9  75:25  76:22  76:25  77:13  77:14  78:9  79:5  79:13  79:20  80:9  80:11  80:16  80:24  81:8  81:15  82:16  82:19  82:20  83:8  84:1  84:5  84:6  85:14  86:1

note(6) 5:18  16:2  16:2  16:7  49:10  82:10

noted(2) 47:10  48:10

nothing(8) 24:20  27:22  40:5  65:3  71:22  71:25  74:19  74:22

notice(4) 6:19  58:20  59:4  62:21

notices(1) 63:1

notion(6) 45:16  68:24  71:5  71:24  72:15  73:21

notwithstanding(1) 76:8

november(2) 8:13  50:19

november/december(1) 62:1

novo(1) 74:9

now(30) 6:16  15:24  17:4  25:3  26:11  26:13  26:25  27:13  28:8  28:19  29:15  29:20  30:12  30:15  32:18  34:21  36:20  41:3  44:8  47:5  55:9  55:13  55:24  57:5  57:18  60:20  70:11  72:10  81:7  82:8

nowhere(4) 6:19  43:17  44:12  44:13  44:14

null(1) 39:10

number(12) 13:8  13:10  21:9  24:6  33:20  37:20  42:20  43:17  69:15  72:17  72:19  78:22

numbered(2) 60:10  60:11

numbers(1) 34:18

numerous(2) 50:6  65:20

o'connor(34) 2:14  23:15  23:18  23:20  23:21  23:24  23:25  26:19  30:22  31:18  31:19  31:22  31:24  32:1  32:5  32:8  32:18  33:1  33:3  34:6  34:11  34:14  35:2  35:21  35:24  36:4  36:9  36:23  37:4  37:10  42:4  42:11  46:11  47:7

object(8) 23:1  37:24  54:25  56:3  56:25  60:19  60:21  67:20

objected(5) 22:24  53:16  57:1  60:19  69:16

objection(31) 21:22  22:8  22:9  22:10  27:24  28:25  30:6  30:25  31:3  31:8  31:16  43:1  49:1  49:2  49:21  49:24  49:25  51:23  53:19  53:22  54:4  54:18  56:16  60:18  61:25  64:20  66:2  67:20  73:16  79:7  79:13

objections(6) 6:22  13:15  22:14  22:20  64:8  66:8

obligated(1) 79:18

obligation(2) 60:17  67:19  69:20

obligations(2) 69:17  69:21

obtaining(1) 41:21

obviously(5) 5:19  13:11  21:25

occasions(2) 50:6  62:18

occur(1) 80:10

occurred(1) 27:22

october(2) 25:13  57:9

odd(1) 77:7

off(4) 13:3  21:9  70:7  70:16

offer(1) 8:21

officers(2) 7:17  7:20

offices(2) 12:24  65:22

official(1) 50:2  67:11

often(1) 40:21

okay(17) 10:16  10:17  11:3  17:7  23:25  34:13  36:3  48:18  67:4  67:10  76:16  77:5  80:3  83:18  85:15  86:4  87:3

olivia(1) 3:42

olympics(1) 25:10

omnibus(2) 21:22  22:7

once(3) 47:9  53:21  78:2

one(64) 1:34  2:6  2:14  3:14  6:23  9:23  13:13  13:13  16:2  24:6  26:2  28:11  28:13  30:10  33:5  34:2  37:20  39:8  39:20  42:20  43:15  43:17  48:1  48:7  49:7  49:8  49:11  51:10  51:15  52:22  54:7  54:13  58:14  62:14  63:21  69:7  69:8  69:10  69:10  69:15  71:6  71:10  71:14  71:15  71:17  72:17  74:18  76:17  76:20  76:21  76:23  78:8  78:17  78:22  80:1  80:13  80:20  83:14  83:17  85:18  85:21  85:22  86:18

ones(3) 54:2  54:13  57:23

ongoing(3) 25:7  25:11  30:9

only(24) 5:14  5:25  6:2  6:16  6:25  8:21  9:9  16:24  20:1  21:8  25:13  26:1  26:14  33:17  36:20  37:23  41:15  42:25  46:3  51:8  53:2  54:5  62:15  77:23

ontario(2) 18:24  59:15

open(4) 8:14  8:16  10:6  17:11

opened(2) 66:4  66:5

opening(3) 37:3  37:6  85:6

opens(1) 65:14

operating(1) 82:20

operation(1) 40:17

opinion(4) 29:14  30:1  31:2  41:1

opinions(1) 39:24

opportunity(1) 66:6

opposition(2) 7:6  53:8

order(47) 5:15  6:14  7:2  7:12  7:14  7:22  8:6  8:10  10:4  10:6  10:25  10:25  11:18  11:20  13:13  17:1  17:15  18:2  18:18  19:14  19:17  20:16  20:21  20:25  21:3  22:16  22:17  23:11  24:3  32:19  39:9  41:22  53:20  55:25  56:1  56:2  56:24  57:1  57:2  57:3  58:6  59:6  59:12  69:1  73:3  73:15  86:7

ordered(2) 34:1  82:17

orders(1) 7:11

organize(1) 82:9

original(2) 50:9  50:9

other(19) 5:20  6:23  12:16  12:19  17:18  22:13  30:10  40:7  40:13  40:24  43:8  49:5  50:2  65:16  69:9  69:10  69:18  71:14  73:18

others(1) 57:23

otherwise(2) 42:16  64:23

ought(4) 43:5  47:5  47:11  72:14

our(65) 5:10  5:16  5:25  16:11  16:24  22:7  25:25  26:4  26:20  26:22  27:10  27:15  27:24  30:2  30:8  30:13  35:3  35:16  36:10  37:9  37:24  37:24  41:4  44:3  44:3  44:18  44:24  44:24  45:5  45:12  45:13  45:17  49:22  49:23  49:24  49:24  50:12  50:24  51:4  51:21  52:18  54:3  55:21  56:8  56:9  56:10  56:10  62:9  62:12  63:2  65:19  66:2  67:15  67:21  69:15  69:18  69:20  69:22  70:11  71:8  75:12  78:22  79:17  85:6  85:24

ours(1) 42:15

ourselves(1) 59:21

out(26) 7:10  8:14  11:5  11:6  14:1  18:13  19:9  19:16  25:10  26:4  27:15  34:18  35:8  35:14  38:23  43:17  46:23  49:19  50:18  51:9  52:18  64:20  75:25  77:18  78:7  83:20

outrage(1) 40:11

outside(2) 40:22  63:23

over(25) 6:20  10:18  13:18  15:17  20:10  20:20  44:22  46:13  48:3  52:9  58:6  60:20  63:12  63:16  63:16  64:4  65:23  65:25  66:20  72:6  72:11  80:15  80:21  83:4  86:25

overlap(2) 12:11  12:12

overtaken(1) 68:1

overy(1) 23:30

owing(1) 66:18

own(3) 54:12  62:12  62:23

oxford(10) 3:13  14:10  14:11  14:13  15:3  15:9  15:10  15:12  15:15  16:18

o'connor(40) 2:39  49:13  50:23  54:2  54:20  55:17  55:24  56:2  56:5  56:23  57:7  57:14  62:14  63:4  65:7  65:19  68:18  68:19  69:24  70:3  70:9  70:21  70:23  73:1  75:18  76:5  77:13  77:19  78:16  78:17  78:20  82:24  83:1  83:2  84:4  84:13  84:25  85:3  85:4  85:17

p.m(2) 27:23  87:18

pachulski(1) 2:18

page(5) 11:7  11:11  27:21  29:14  60:6

pages(4) 13:18  25:23  60:20  77:7

paid(1) 76:19

panel(7) 41:6  41:9  41:13  72:5  72:9  74:4  74:6

papers(4) 11:13  39:6  56:9  56:11

paragraph(14) 7:21  7:22  8:7  10:22  23:23  23:8  24:10  24:15  24:18  24:20  24:22  25:2  74:23  76:24

paragraphs(10) 23:8  25:23  60:11  60:11  73:5  75:2  75:23  76:22  76:24  77:8

pardon(2) 8:7  83:19

park(3) 2:14  3:14  4:32

parliament(4) 63:21  64:2  78:9  78:11

parse(1) 77:8

parf(4) 34:2  44:10  69:5  69:9

participants(1) 63:5

participate(2) 15:17  67:23

participating(1) 61:14

participation(2) 62:24  63:2

particular(11) 16:1  16:7  16:10  26:15  67:1  69:8  71:15  74:25  75:25  77:20  80:16

particularized(5) 25:24  26:5  30:3  44:25

particularly(4) 45:2  45:5  46:20  80:18

parties(54) 7:17  8:10  8:15  9:11  12:4  12:16  12:19  13:2  16:4  17:10  17:17  17:20  18:1  18:2  18:6  18:11  18:13  19:8  20:18  20:22  21:1  21:2  33:23  45:23  50:17  51:11  51:19  53:12  56:13  59:5  59:8  59:10  59:14  60:22  61:11  62:10  62:16  64:23  65:4  66:18  67:22  68:3  68:8  70:20  73:2  74:5  75:11  80:23  81:22  82:6  82:9  82:14  82:15  83:16

parties'(1) 71:15

partner(1) 55:17

party(12) 3:41  3:44  4:4  4:7  4:21  4:25  11:19  18:7  18:16  28:15  50:2  82:1

pass(2) 12:16  43:25

passed(2) 64:4  70:11

passionately(1) 50:6

past(2) 10:9  76:9

pay(4) 32:19  64:5  78:9  78:11

paying(5) 45:12  45:13  46:20  55:10  63:13

payments(1) 76:11

peeved(1) 48:12

penalty(1) 55:10

pending(1) 59:5

pennsylvania(1) 1:42

pension(52) 2:37  2:44  3:34  4:18  8:1  11:12  23:17  23:22  24:3  24:13  24:16  24:19  24:21  24:23  25:3  25:16  29:16  32:10  32:14  35:19  39:14  39:18  43:11  43:12  48:9  49:25  51:11  51:18  51:23  53:12  60:22  61:1  61:3  61:11  62:10  62:16  62:19  63:15  63:21  64:7  64:12  64:22  65:4  66:18  67:22  80:14  81:5  81:12  84:2  84:9  84:24  85:18

pension's(2) 39:12  41:8

pensions(6) 25:8  25:25  26:7  39:23  41:10  41:10

people(5) 13:25  36:4  63:5

percent(1) 66:25

perfectly(5) 8:9  46:12  73:4

performed(1) 33:15

perhaps(2) 47:10  59:20

period(2) 68:5  72:23

permit(1) 38:20

person(1) 15:18

personal(7) 17:17  50:14  52:9  66:20  72:6  72:11  72:12

personally(2) 50:6  62:18

perspective(1) 78:4

petition(1) 53:7

phase(1) 82:8

pick(1) 43:23

piece(2) 52:2  76:8

pierce(1) 37:21

piercing(2) 37:18  52:13

piper(3) 3:19  22:14  22:18  22:23

place(8) 18:20  30:13  50:17  50:22  52:5  57:6  68:6  71:1

placed(1) 50:24

plan(5) 12:6  28:2  63:15  72:19  72:24

plans(2) 32:10  77:11

plausible(1) 29:13

play(2) 6:21  75:25

playing(6) 33:5  45:22  81:24  81:25  82:15  86:9

plaza(2) 1:34  3:14

plead(2) 26:1  42:15

pleading(41) 24:11  26:20  26:24  27:9  27:11  27:16  28:4  28:9  28:9  28:16  28:18  28:20  29:10  30:3  31:7  31:15  32:23  33:8  33:19  37:5  38:1  38:11  42:21  44:9  44:10  44:20  44:24  44:24  46:10  46:14  52:8  53:17  53:18  67:22  67:23  69:25  73:17  79:1  79:3  79:5  79:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| pleadings(6) 44:4 61:16 68:14 68:15 71:14 85:25 | | proceedings(5) 1:18 1:46 11:15 25:7 87:22 | | question(6) 28:8 31:17 33:25 62:5 69:23 85:12 | | replace(1) 50:19 | |
| please(6) 5:2 5:4 12:1 14:22 33:2 83:23 | | proceeding"(1) 60:1 | | questioning(1) 47:16 | | replete(1) 67:20 | |
| pleased(2) 6:14 19:16 | | proceeds(2) 33:21 33:22 | | questions(6) 8:18 11:19 52:5 62:13 66:13 67:1 | | report(5) 6:14 9:4 9:17 14:6 34:23 | |
| pled(5) 25:24 26:1 26:2 26:3 33:8 | | process(17) 8:11 8:16 8:24 13:14 13:21 15:17 16:5 18:19 30:21 31:1 34:23 45:11 45:24 45:24 79:9 79:20 79:20 | | | | reporter(1) 14:25 | |
| plus(1) 76:10 | | | | quick(3) 14:15 21:23 75:22 | | representations(1) 41:20 | |
| podium(2) 5:11 6:1 23:13 | | processes(1) 11:18 | | quickly(5) 5:16 12:7 18:5 35:3 80:4 | | representative(1) 11:14 | |
| point(40) 7:10 8:19 10:10 11:5 16:24 27:17 27:11 33:5 36:7 37:5 38:23 41:22 42:6 42:11 42:23 43:8 44:19 45:6 45:18 46:10 50:1 52:1 58:21 59:3 59:21 65:3 65:17 66:5 67:18 67:25 68:13 70:24 72:1 72:2 73:18 78:3 78:7 78:7 79:4 79:25 86:11 | | produce(1) 45:5 | | quite(4) 9:13 15:1 16:4 21:16 | | representatives(3) 18:7 62:18 | |
| | | produced(2) 1:47 76:8 | | quotes(1) 39:5 | | representing(1) 7:7 | |
| | | producing(1) 18:16 | | quoting(1) 40:25 | | repugnant(3) 41:24 42:22 74:14 | |
| | | product(1) 76:2 | | | | request(6) 9:12 12:5 12:13 12:15 34:22 70:14 | |
| | | production(6) 9:4 9:6 9:7 13:17 13:18 68:11 | | raise(4) 46:15 69:24 70:24 77:24 | | | |
| | | | | raised(11) 27:18 32:5 52:5 52:22 53:14 58:4 70:2 77:22 77:22 77:24 78:22 | | requested(1) 80:14 | |
| pointed(1) 11:6 25:10 27:15 | | productive(2) 13:4 15:20 | | | | requests(7) 12:9 13:7 13:15 15:22 16:1 34:25 66:24 | |
| points(3) 48:23 67:14 67:18 | | products(1) 76:4 | | rapid(1) 19:2 | | | |
| policy(13) 37:15 38:2 38:5 38:19 39:4 41:24 42:16 42:22 46:25 52:3 73:22 74:2 74:14 | | profess(1) 40:11 | | rata(1) 71:22 | | require(5) 19:1 30:3 61:17 82:4 82:13 | |
| | | progress(7) 9:11 9:17 19:5 49:11 58:4 58:24 68:9 | | rates(1) 77:4 | | required(4) 27:17 29:18 34:5 60:9 | |
| portion(1) 82:21 | | | | rather(5) 11:10 30:4 43:2 47:6 72:8 | | requirement(1) 26:23 | |
| position(16) 6:10 6:24 35:11 38:25 45:9 49:23 51:11 55:22 60:22 60:25 61:2 61:3 64:15 67:21 77:3 77:10 | | project(2) 15:10 15:12 | | rationalize(1) 68:6 | | requirements(3) 24:12 | |
| | | promote(1) 24:6 | | reach(3) 15:21 43:10 43:11 | | requires(3) 20:22 28:17 29:12 | |
| | | promptly(1) 20:22 | | reaching(1) 21:2 | | requiring(3) 53:20 56:12 81:20 | |
| positions(4) 50:2 50:12 50:14 62:9 | | proof(26) 29:1 30:24 34:8 34:8 53:21 54:19 55:4 56:25 57:19 59:18 59:22 59:23 59:24 59:24 60:2 60:12 61:4 61:22 62:25 69:22 69:25 70:1 74:23 81:1 81:6 83:6 | | read(5) 26:11 26:16 37:13 39:5 52:6 | | reservation(3) 13:2 60:6 83:3 | |
| possession(1) 16:9 | | | | reading(4) 27:14 36:25 37:1 37:1 | | reservations(1) 60:11 | |
| possible(5) 45:14 51:6 | | | | ready(3) 17:4 23:23 39:21 | | reserved(1) 49:15 | |
| possibly(2) 75:9 86:15 | | | | realized(2) 12:7 48:20 | | reserving(2) 30:8 50:24 | |
| potentially(2) 10:11 49:9 | | proofs(8) 24:19 25:1 25:6 28:22 53:20 60:10 66:12 69:19 | | really(14) 32:3 43:1 43:5 43:13 66:5 70:19 74:19 78:21 80:12 81:9 81:15 81:19 82:2 86:7 | | resolution(4) 13:13 19:14 24:6 49:1 | |
| power(1) 75:16 | | | | | | resolve(4) 18:14 20:18 40:15 73:12 | |
| ppearances(3) 1:21 2:1 3:1 | | propose(4) 7:8 8:18 10:24 21:21 | | | | resolved(2) 16:16 22:13 | |
| practical(4) 18:4 32:8 40:20 81:20 | | proposed(6) 8:10 12:16 17:1 17:15 18:18 41:12 | | reason(8) 6:16 6:25 27:1 33:3 38:11 40:3 70:25 78:10 | | resource(3) 43:21 43:25 | |
| practice(1) 68:14 | | | | | | resourced(1) 26:8 | |
| precise(1) 81:1 | | proposing(1) 8:11 | | reasonable(2) 26:8 65:11 | | respect(30) 7:21 10:4 38:2 48:8 49:3 49:11 50:3 52:2 55:17 58:4 60:8 61:25 62:9 63:23 64:6 64:23 65:15 65:16 65:17 66:12 68:4 70:9 71:13 78:7 84:2 84:9 84:24 85:25 86:2 86:16 | |
| precisely(3) 17:22 24:2 81:4 | | proposition(2) 30:16 31:10 | | reasonableness(3) 39:14 44:20 76:5 | | | |
| precision(2) 56:14 56:16 | | propound(3) 62:11 66:7 73:6 | | reasoning(1) 20:12 | | | |
| prejudice(3) 9:10 10:8 25:1 | | propounded(1) 35:19 | | reasons(3) 38:13 78:8 86:21 | | | |
| prejudiced(1) 11:19 | | prosecute(1) 74:4 | | rebecca(1) 4:33 | | | |
| preliminary(1) 13:24 | | prospect(2) 40:12 40:14 | | rebut(1) 23:9 | | | |
| preparation(1) 19:9 | | prospective(1) 14:14 | | rebuttals(1) 49:3 | | | |
| prepare(5) 47:21 49:9 86:17 86:18 86:24 | | prospects(1) 40:16 | | recall(5) 25:3 47:8 49:21 58:2 | | respected(1) 45:25 | |
| prepared(2) 22:20 46:11 | | protect(1) 18:3 | | receive(1) 39:24 | | respectfully(1) 34:12 | |
| preparing(3) 18:2 62:21 62:22 | | protected(1) 17:16 | | received(5) 22:8 27:23 33:14 39:17 55:2 | | respond(9) 24:22 26:19 27:19 34:17 70:10 71:1 76:16 79:18 | |
| prescribed(1) 19:9 | | protecting(1) 17:25 | | recess(1) 87:16 | | | |
| present(1) 74:5 | | protection(1) 18:23 19:2 | | recipient(1) 76:16 | | responded(2) 27:19 76:4 | |
| presentation(2) 48:13 48:17 | | protective(9) 5:15 6:14 10:4 10:6 10:25 11:20 17:15 18:1 18:18 | | reciprocity(1) 64:9 | | responding(1) 31:13 | |
| presented(2) 19:15 19:18 | | | | recognizing(3) 8:15 20:13 77:14 | | response(27) 22:14 26:11 28:15 28:17 30:4 30:7 30:16 31:14 34:4 36:10 36:25 37:2 37:9 42:9 46:4 47:20 55:21 56:10 56:20 58:8 76:3 76:20 80:2 80:6 80:8 82:17 83:4 | |
| preserve(1) 38:14 | | protocol(3) 5:8 50:10 79:10 | | reconsider(1) 57:3 | | | |
| preserves(1) 18:11 | | protocols(1) 82:12 | | reconsideration(2) 56:4 57:20 | | | |
| preserving(2) 43:4 72:4 | | prove(2) 40:6 77:17 | | record(13) 7:4 19:12 22:5 23:20 27:4 35:10 36:15 46:8 46:24 55:16 55:20 77:20 86:21 | | | |
| preside(1) 81:19 | | provide(7) 24:8 24:17 56:13 77:11 77:16 80:1 81:21 | | | | responses(5) 22:8 34:3 34:10 61:19 78:2 | |
| presiding(1) 80:21 | | | | recorded(2) 1:46 19:11 | | responsibility(1) 80:22 | |
| pressed(1) 81:20 | | | | recording(2) 1:46 87:21 | | responsible(2) 64:1 65:8 | |
| presuming(1) 26:9 | | provided(5) 6:15 7:16 8:3 77:1 81:6 | | recovery(1) 19:3 | | responsive(28) 26:20 26:24 27:9 27:11 27:16 28:4 28:8 28:9 28:12 28:13 28:19 31:6 31:15 32:23 33:19 37:5 38:11 42:20 44:9 67:22 68:5 73:17 79:1 79:2 79:5 79:12 82:18 85:25 | |
| pretrial(5) 8:13 50:20 50:20 51:7 84:11 | | provides(2) 18:6 82:6 | | red(1) 73:11 | | | |
| pretty(5) 12:7 13:4 13:9 31:11 59:17 | | providing(2) 24:25 59:4 | | red-flag(1) 72:2 | | | |
| prevail(3) 37:19 37:22 52:14 | | provision(2) 7:14 7:25 | | reed(2) 3:12 14:11 | | | |
| previous(1) 86:8 | | provisions(2) 5:8 8:9 | | refer(1) 11:8 | | | |
| previously(2) 5:9 59:8 | | public(15) 17:24 20:24 37:15 38:2 38:5 38:18 39:3 41:24 42:16 42:22 46:25 52:3 73:22 74:2 74:14 | | reference(1) 60:7 | | rest(1) 83:6 | |
| pricing(2) 76:10 76:15 | | | | referenced(2) 11:16 51:19 | | result(1) 33:14 | |
| principle(3) 10:7 13:20 17:12 | | | | referring(1) 11:4 | | retrospect(1) 32:15 | |
| principles(1) 19:16 | | | | reflected(1) 23:7 | | return(1) 77:4 | |
| prior(5) 31:19 63:10 76:13 | | pull(1) 46:23 | | reflects(2) 18:18 22:17 | | reviewed(1) 18:1 | |
| private(1) 62:23 | | pulling(1) 52:18 | | regardless(1) 82:16 | | revised(2) 22:17 23:8 | |
| pro(1) 71:21 | | purchasers(1) 17:20 | | regards(2) 22:7 22:15 | | revisit(1) 11:18 | |
| pro-rata(1) 51:20 | | purport(2) 30:7 62:11 | | regime(3) 8:14 63:24 64:2 | | rewrite(1) 37:24 | |
| probably(5) 16:23 31:11 32:11 | | purported(1) 43:4 | | region(1) 75:1 | | richards(1) 2:4 | |
| problem(4) 16:10 32:18 35:2 73:12 | | purpose(2) 7:24 86:7 | | regulator(5) 25:8 43:22 44:5 62:19 74:3 | | ride(1) 58:14 | |
| procedural(2) 5:10 38:10 | | purposes(5) 11:21 19:12 51:13 71:19 86:23 | | regulatory(1) 39:10 | | right(54) 6:7 6:11 11:22 14:4 15:8 16:18 17:2 17:4 17:6 17:8 18:11 20:3 20:8 23:3 23:10 30:8 34:6 35:1 42:8 43:1 46:2 51:3 52:16 54:15 54:24 54:25 55:9 61:6 66:17 68:16 70:8 71:6 73:1 73:16 74:5 74:9 74:10 75:25 76:6 76:18 77:6 78:13 79:24 83:18 83:23 84:3 84:3 84:22 85:9 85:18 85:19 85:24 86:6 87:12 | |
| procedure(7) 17:10 18:13 24:12 29:6 29:7 29:11 54:6 | | pursuant(2) 12:5 56:21 | | reiterate(2) 67:14 67:18 | | | |
| | | put(8) 62:3 64:17 65:2 67:17 69:1 69:22 73:15 78:1 | | relates(1) 7:13 | | | |
| procedures(1) 24:8 | | | | relating(2) 20:18 52:13 | | | |
| proceed(6) 5:12 6:12 16:24 21:21 27:2 | | putting(3) 6:15 7:12 50:8 | | relationship(1) 39:15 | | | |
| proceeded(1) 47:14 | | | | relevant(1) 43:23 | | | |
| proceeding(9) 7:24 8:4 18:20 18:22 18:24 39:10 68:4 83:21 81:7 | | | | reliable(1) 87:5 | | | |
| | | | | relief(3) 27:8 27:10 36:18 | | | |
| | | | | remaining(3) 13:10 57:22 | | | |
| | | | | repeat(1) 19:12 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **rights**(8) 13:2 45:24 49:15 50:25 52:19 60:6 60:12 83:4 | | **seated**(1) 5:4 **second**(4) 7:21 11:11 52:20 67:25 **section**(1) 7:13 | | **sister**(3) 63:8 63:9 74:13 **sit**(2) 75:9 75:14 **site**(1) 40:3 | | **statement**(31) 9:19 25:5 25:10 25:11 25:22 26:4 26:15 26:21 26:22 27:24 28:23 29:17 30:13 31:14 51:22 52:8 52:10 52:12 53:19 | |
| **rimsat**(1) 56:8 **rise**(1) 5:2 **road**(2) 61:5 74:16 **roadmap**(1) 75:12 | | **see**(9) 5:11 6:10 8:13 10:5 21:12 36:16 68:21 72:11 81:20 | | **sitting**(8) 33:16 33:17 49:18 60:14 61:19 63:19 64:18 77:17 | | 53:21 54:4 54:5 54:7 55:1 55:2 55:4 56:12 68:25 69:13 81:10 81:11 | |
| **robert**(1) 2:13 **rodney**(2) 2:6 3:7 **rolling**(1) 9:7 | | **seek**(4) 17:10 27:8 82:24 83:5 **seeking**(2) 35:20 37:21 **seems**(2) 37:7 56:13 | | **situation**(6) 23:6 30:23 34:21 47:17 56:17 73:25 | | **statements**(2) 52:5 54:3 **states**(13) 1:1 1:20 6:19 17:13 20:13 34:4 40:9 40:22 63:18 63:23 64:3 69:6 76:12 | |
| **rooney**(1) 2:24 **rosenman**(1) 4:14 **rote**(1) 49:4 **ruby**(8) 5:11 5:14 5:21 6:12 6:13 7:6 8:21 9:2 | | **seen**(2) 7:7 35:17 **selectively**(4) 30:17 42:25 45:21 73:14 **selinda**(1) 3:20 **send**(2) 16:2 86:25 | | **six**(1) 60:11 **sleeve**(2) 46:22 47:2 **sleeves**(1) 52:18 **slightly**(1) 7:18 **slipped**(1) 42:2 | | **status**(2) 11:25 58:3 **statute**(17) 38:4 38:18 39:3 41:7 42:22 43:11 46:25 51:24 52:11 60:16 66:19 71:23 72:13 73:21 73:23 74:8 74:14 | |
| **rule**(61) 17:1 24:3 24:5 25:5 26:11 26:13 26:17 26:23 28:9 28:11 28:17 28:22 29:21 29:22 29:23 30:3 30:6 30:10 30:12 31:5 | | **sense**(13) 25:4 29:9 35:13 45:18 46:19 47:1 69:17 71:2 71:10 75:6 75:9 75:17 79:18 | | **slow**(1) 79:19 **small**(2) 8:2 13:3 **smart**(1) 84:5 **smith**(2) 15:5 15:16 | | **statutory**(7) 26:2 33:10 37:14 41:25 63:17 63:24 64:1 **stay**(6) 39:9 41:22 48:1 48:15 68:13 80:7 | |
| 31:7 31:13 31:15 31:16 34:2 38:7 42:18 42:24 43:5 53:22 53:23 53:23 54:3 54:6 54:6 54:9 55:16 56:18 56:19 56:22 60:5 | | **sensitive**(2) 17:18 20:14 **sent**(2) 58:25 76:11 **sentence**(2) 32:20 34:3 **separate**(6) 25:23 29:3 65:1 65:18 71:8 | | **smoothly**(1) 82:22 **sold**(2) 76:2 76:5 **solely**(1) 44:4 **solominic**(1) 57:10 | | **stayed**(1) 15:17 **ste**(4) 2:26 2:47 3:21 3:28 **steele**(1) 2:5 **steen**(1) 1:29 | |
| 60:5 69:2 69:4 69:11 69:14 69:17 69:21 72:17 73:12 73:14 81:9 81:10 81:13 81:16 81:17 81:18 82:20 83:6 84:7 84:14 | | 73:10 **separately**(1) 63:6 **september**(9) 25:21 25:22 27:12 31:21 55:5 57:17 59:19 59:25 60:13 | | **solution**(1) 62:7 **solved**(1) 72:16 **some**(18) 5:20 13:2 13:10 19:1 20:3 21:8 25:9 38:15 56:14 57:23 57:23 64:6 70:17 | | **stephen**(1) 3:27 **steps**(1) 44:11 **stick**(1) 48:16 **still**(7) 13:10 27:22 34:24 34:25 67:7 67:9 81:3 | |
| **rules**(19) 24:12 29:11 30:1 30:18 45:20 45:21 53:24 55:19 55:22 60:14 69:5 69:9 69:11 72:22 77:21 79:16 79:16 81:14 86:13 | | **series**(3) 53:24 54:17 55:19 **seriously**(1) 69:14 **serve**(3) 27:16 28:15 33:19 **served**(2) 12:4 34:22 | | 71:21 72:2 72:4 77:7 80:21 **somehow**(11) 27:3 28:3 41:24 43:23 52:18 68:25 70:10 70:24 73:21 74:11 74:13 | | **stipulation**(1) 35:12 **stop**(1) 51:16 **straightest**(1) 66:1 **strategically**(1) 43:24 |
| **ruling**(4) 17:8 17:13 86:7 86:17 **rulings**(3) 10:11 86:8 86:13 **running**(1) 75:13 | | **service**(1) 1:40 1:47 7:3 26:20 **services**(3) 1:40 76:25 87:26 **session**(1) 12:25 | | **something**(14) 25:19 37:2 37:25 43:6 45:22 46:2 46:5 47:18 51:5 54:23 75:7 82:1 83:7 86:19 | | **strauss**(2) 2:10 67:12 **street**(4) 1:12 1:41 2:7 3:8 **strict**(1) 18:21 **strike**(13) 21:25 30:7 31:21 38:20 41:18 |
| **s.c.r**(1) 19:11 **safe**(1) 20:24 | | **set**(8) 15:22 15:23 19:9 19:16 26:4 37:9 43:17 82:11 | | **sometime**(1) 8:12 **somewhat**(1) 80:15 **somewhere**(1) 36:14 | | 42:7 46:9 55:3 68:2 78:12 80:4 80:5 82:23 **striking**(1) 68:15 |
| **said**(38) 6:21 14:16 19:20 24:21 31:6 32:4 32:20 33:5 37:20 38:13 39:10 40:2 40:5 40:20 47:21 50:11 55:6 56:19 56:24 57:8 58:16 58:21 59:12 61:23 62:13 64:4 69:1 | | **sets**(1) 18:13 **settlement**(1) 47:10 **seven**(1) 47:9 **seventh**(1) 2:41 **several**(4) 12:22 65:22 72:16 73:23 | | **song**(1) 4:33 **soon**(1) 69:25 **sorry**(8) 8:7 16:5 32:25 43:15 65:9 85:10 86:12 | | **stripped**(1) 34:18 **struck**(1) 64:20 **structure**(1) 50:15 **structured**(1) 29:3 |
| 69:16 70:6 71:9 71:13 72:3 72:8 78:24 79:2 79:3 79:6 84:5 | | **shall**(1) 69:9 **sharing**(1) 86:10 **shaw**(1) 4:30 | | **sort**(7) 12:14 45:19 47:16 48:13 65:9 71:25 86:12 | | **stuff**(1) 51:21 **style**(1) 77:9 **stylistically**(1) 12:11 |
| **sailed**(1) 47:2 **sake**(2) 82:2 82:14 **same**(15) 5:19 29:20 32:12 41:8 43:3 | | **shifting**(1) 31:1 **ship**(1) 47:2 **short**(4) 13:13 21:16 48:2 68:4 | | **sorts**(1) 25:19 **sound**(3) 1:46 9:2 87:21 **sources**(1) 13:21 | | **subclause**(1) 77:7 **subcon**(3) 71:12 71:18 71:25 **subdivisions**(2) 30:17 69:10 |
| 43:19 43:20 60:10 64:13 65:2 66:9 69:2 81:21 86:10 | | **shortly**(1) 80:8 **should**(55) 5:12 9:15 14:3 14:3 16:6 21:23 24:5 24:13 25:5 25:16 28:3 29:4 32:4 | | **speak**(4) 14:22 83:13 **speaking**(1) 15:12 **specific**(8) 24:17 43:14 47:23 62:9 67:14 | | **subject**(3) 8:17 20:15 20:20 **submission**(2) 21:17 78:23 **submissions**(5) 6:8 7:9 8:19 10:17 71:15 |
| **sameer**(1) 2:40 **satisfied**(5) 18:6 19:15 26:5 43:18 82:18 **satisfy**(2) 24:14 44:11 **save**(1) 59:5 | | 35:7 35:13 36:12 37:16 38:5 38:10 38:16 38:17 41:25 42:17 42:22 46:14 47:3 50:7 50:18 51:14 55:22 55:24 56:15 56:16 56:24 57:1 57:1 57:2 57:15 59:4 60:23 | | 75:15 75:24 79:17 **specifically**(3) 25:24 53:24 55:13 **specifics**(2) 35:20 66:7 **specifies**(1) 18:15 | | **submit**(2) 41:11 41:17 **submitted**(2) 19:8 40:19 **subparts**(1) 81:14 **subsection**(1) 81:17 |
| **saw**(1) 56:17 **say**(53) 9:3 27:6 33:11 34:14 34:16 35:13 36:16 36:17 38:6 38:34 38:24 40:11 42:24 43:4 43:10 43:14 43:16 43:16 44:3 44:12 44:13 44:14 44:21 44:22 45:1 45:3 46:4 46:23 48:6 52:13 55:7 55:24 56:1 61:13 | | 62:11 64:20 64:21 66:5 69:1 69:15 71:16 71:17 74:20 75:5 78:25 82:1 85:17 86:12 86:20 **shouldn't**(2) 30:12 41:22 **show**(3) 21:24 61:11 76:21 | | **speculative**(2) 44:6 44:13 **speech**(1) 72:3 **speed**(1) 79:20 **spend**(1) 75:14 **spent**(4) 73:20 76:9 76:18 79:16 | | **subsidiary**(1) 63:7 **substance**(3) 80:15 81:22 81:23 **substantial**(4) 12:11 12:12 13:18 60:20 **substantive**(9) 49:2 51:12 51:20 61:6 61:7 64:24 78:6 81:23 82:5 |
| 62:25 63:12 64:9 69:6 69:6 69:9 69:19 70:19 70:25 71:16 74:18 75:4 75:6 76:7 78:2 79:4 79:7 79:12 79:19 86:20 | | **shown**(1) 74:21 **sierra**(1) 19:10 19:16 **sign**(1) 49:17 21:4 21:9 23:11 **significantly**(1) 77:3 77:10 | | **spirit**(3) 13:19 70:15 **split**(1) 57:22 **spoke**(1) 86:2 **spoken**(1) 83:10 | | **substantively**(2) 60:23 64:17 **successful**(1) 41:21 **such**(6) 18:14 19:7 19:14 20:20 34:9 39:15 |
| **saying**(6) 15:4 37:17 38:4 41:5 46:22 **says**(18) 7:23 17:17 37:9 51:1 52:11 53:24 54:14 54:16 56:1 56:11 63:22 64:16 65:9 69:4 69:4 69:11 74:19 74:24 | | **similar**(2) 17:14 61:13 **similarity**(1) 24:8 **simple**(1) 62:7 **simplify**(2) 78:5 82:10 | | **square**(2) 2:6 3:7 **stage**(3) 39:1 41:23 69:8 **stakeholders**(1) 19:4 **stand**(4) 48:7 66:2 70:22 87:16 | | **sufficient**(3) 29:12 36:18 75:10 86:22 **suggest**(5) 5:14 5:24 73:4 73:11 78:21 **summary**(6) 47:14 50:16 50:21 84:15 84:20 84:21 |
| **schedule**(6) 9:6 28:7 50:18 64:21 78:1 84:11 | | **simply**(9) 7:14 7:15 8:8 25:8 28:5 31:8 34:22 40:17 42:12 44:3 45:20 51:23 52:18 55:3 60:16 61:9 62:15 66:18 68:13 | | **standard**(4) 29:22 39:12 39:14 46:6 **standards**(3) 24:14 29:10 75:1 **standpoint**(3) 17:21 80:24 82:5 | | **summer**(6) 25:10 30:9 48:12 53:2 53:3 83:5 84:1 84:6 |
| **scheduled**(3) 12:18 58:1 59:7 **scheme**(4) 26:7 39:18 43:18 63:17 | | **simultaneous**(1) 50:1 **since**(6) 7:6 7:9 13:6 39:24 41:15 68:5 **sincerely**(1) 16:12 | | **stang**(1) 2:18 **stargatt**(1) 3:5 **start**(9) 6:7 6:8 9:5 17:7 19:20 62:2 65:14 68:11 72:21 | | **superseded**(1) 22:25 **support**(5) 28:25 37:3 43:2 76:13 77:11 **supporting**(1) 24:17 |
| **schiffrin**(2) 4:25 4:26 **schizophrenic**(1) 30:1 **schuylkill**(1) 1:41 **schweitzer**(7) 1:30 55:17 83:21 85:10 85:11 85:13 85:16 | | **sine**(1) 59:7 **single**(7) 51:15 51:18 52:7 52:10 52:12 76:17 76:20 | | **starts**(1) 5:21 **state**(2) 44:25 86:1 **stated**(2) 29:13 86:21 | | **supposed**(3) 9:5 36:6 46:5 **supremacy**(1) 78:8 |
| **search**(4) 13:22 13:22 13:23 13:23 **searched**(3) 14:3 14:3 16:6 | | **sir**(6) 5:4 10:1 21:13 21:14 47:8 75:21 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**supreme**(9) 17:23 19:10 52:21 52:24 53:7 53:14 55:8 59:16 74:11

**sure**(5) 31:12 32:21 66:15 75:8 81:8

**surprised**(4) 38:24 57:13 57:14 57:15

**surprises**(1) 48:7

**susceptible**(2) 37:12 76:22

**suspect**(3) 48:11 57:15 64:3

**suspected**(1) 60:24

**sustain**(1) 22:20

**system**(1) 76:15

**table**(2) 49:13 51:9

**tactic**(1) 33:4

**take**(13) 7:18 12:20 33:8 50:18 50:22 52:4 60:22 60:25 61:1 78:21 83:2 84:6 87:1

**taken**(3) 29:16 51:11 68:6

**takes**(1) 13:8

**taking**(4) 12:16 18:20 50:17 62:2

**talk**(6) 13:1 13:2 33:13 75:6 75:23 81:12

**talked**(2) 77:20 78:2

**talking**(5) 30:25 63:4 63:4 84:15 84:19

**talks**(3) 31:2 60:9 76:6

**tammy**(1) 87:25

**target**(2) 26:7 43:20

**tasked**(1) 40:21

**tasks**(1) 33:6

**taylor**(1) 3:5

**team**(2) 15:5 15:15

**technically**(1) 78:25

**technologies**(1) 75:24

**technology**(1) 76:1

**telephone**(1) 15:19

**telephonic**(2) 3:32 4:1

**television**(1) 68:7

**tell**(8) 37:10 44:8 44:17 45:8 68:20 69:21 70:5 80:12

**telling**(1) 73:9

**tells**(2) 27:20 79:4

**temptation**(1) 48:5

**ten**(3) 76:9 76:12 79:25

**term**(2) 28:15 60:1

**terminate**(1) 16:23

**terms**(4) 13:23 27:8 74:21 79:14

**terrorem**(1) 38:14

**test**(10) 26:7 26:7 26:8 26:8 43:18 43:20 43:21 43:23 44:1 44:2

**testimony**(1) 40:23

**tests**(3) 19:9 26:6 74:8

**tetrault**(1) 4:29

**than**(15) 11:10 24:20 25:15 26:22 27:25 30:4 37:25 47:6 49:3 49:5 61:24 72:9 76:18 77:3 87:5

**thank**(56) 5:3 6:5 6:6 6:11 6:13 7:5 8:20 9:18 10:19 11:2 11:3 14:6 14:8 14:8 15:1 15:3 15:7 16:18 16:20 19:18 20:9 20:11 21:5 21:10 21:11 21:13 21:15 22:1 22:19 22:20 23:10 23:12 23:18 23:24 23:25 47:6 47:7 47:7 67:5 67:6 68:16 68:17 68:18 75:17 75:18 78:14 78:15 79:23 83:2 84:25 85:4 87:3 87:9 87:14 87:15 87:15

**thankful**(1) 19:13

**thanks**(1) 84:25

**that**(301) 5:11 5:18 5:20 5:21 5:23 5:25 5:25 5:25 6:1 6:14 6:15 6:16 7:3 7:12 7:14 7:15 7:19 7:22 7:23 8:9 8:11 8:15 8:25 9:4 9:6 9:10 9:14 9:16 10:5 10:9 10:12 11:5 11:17 12:8 12:10 12:17 12:19 13:8 13:9 13:12 13:15 14:15 14:15 15:6 15:21 16:2 16:3 16:7 16:10 16:16 16:16 16:19 16:21 17:11 17:12 17:17 17:24 18:1 18:6 18:15 19:1 19:5 19:7 19:9 19:12 19:14 19:15 19:22 20:2 20:7 20:14 20:15 20:17 20:22 20:23 21:6 21:7 23:5 23:5 23:7 24:2 24:4 24:4 24:9 24:11 24:13 24:16 24:18 24:22 24:23 24:24 25:4 25:5 25:8 25:9 25:14 25:15 26:1 26:1 26:5 26:12 26:21 26:24 26:25 26:25 27:1 27:1 27:2 27:3 27:4 27:4 27:7 27:10 27:11 27:16 27:19 27:21 27:25 28:2 28:4 28:4 28:5 28:6 28:17 28:23 29:1 29:2 29:4 29:5 29:13 29:14 29:15 29:18 29:20 29:21 29:22 29:23 30:10 30:11 30:16 30:19 30:25 31:2 31:2 31:6 31:9 31:10 32:5 32:9 32:9 32:13 32:20 32:22 32:24 33:3 33:7 33:8 33:9 33:11 33:13 33:14 33:14 33:19 33:20 34:3 34:7 34:9 34:9 34:10 34:11 34:15 34:16 34:16 34:19 34:20 34:20 34:21 34:23 34:25 35:6 35:7 35:9 35:13 35:14 35:15 35:20 36:11 36:12 36:12 36:16 36:19 36:24 37:6 37:8 37:11 37:11 37:14 37:15 37:17 37:17 38:18 38:3 38:6 38:10 38:18 38:19 38:19 38:20 38:21 38:21 38:23 39:1 39:1 39:2 39:3 39:6 39:8 39:12 39:14 40:3 40:24 41:4 41:5 41:6 41:8 41:9 41:12 41:12 41:15 41:15 41:17 41:19 41:20 41:23 41:24 42:2 42:10 42:11 42:15 42:17 42:17 42:19 42:21 42:21 42:22 42:23 42:24 42:25 43:7 43:19 43:20 43:23 44:3 44:9 44:15 44:21 45:2 45:9 45:16 45:23 45:23 45:24 45:25 46:6 46:8 46:10 46:17 46:22 46:22 47:1 47:2 47:4 47:5 47:10 47:22 47:23 48:1 48:6 48:7 48:10 48:11 48:12 48:12 48:14 48:25 49:2 49:5 49:9 49:10 49:12 49:13 49:14 49:17 49:20 49:21 50:1 50:4 50:5 50:7 50:10 50:15 50:15

**that**(297) 50:17 50:18 50:18 50:22 50:24 50:25 51:1 51:4 51:9 51:13 51:18 51:25 52:5 52:6 52:10 52:11 52:13 52:17 52:21 52:25 53:1 53:3 53:4 53:6 53:6 53:7 53:10 53:13 53:15 53:17 53:17 53:25 54:3 54:6 54:18 54:23 55:6 55:9 55:11 55:19 55:21 55:21 55:22 56:1 56:1 56:1 56:2 56:5 56:16 56:17 56:24 56:24 56:25 57:8 57:13 57:14 57:16 58:1 58:12 58:18 58:21 58:24 59:2 59:3 59:3 59:3 59:5 59:8 59:12 59:21 59:22 60:2 60:6 60:7 60:8 61:2 61:6 61:7 61:10 61:11 61:12 61:13 61:21 61:22 61:22 61:23 62:10 62:12 62:13 62:14 62:15 62:15 62:17 62:19 62:24 62:25 63:11 63:13 63:15 63:22 63:24 64:2 64:3 64:4 64:7 64:8 64:17 64:20 64:23 65:7 65:8 65:9 65:9 65:15 65:23 66:1 66:2 66:3 66:4 66:5 66:11 66:13 66:14 66:18 66:20 66:21 66:24 67:3 67:14 67:18 67:18 67:20 67:22 67:25 68:1 68:8 68:13 68:20 68:21 68:21 68:21 68:24 69:1 69:5 69:7 69:8 69:10 69:11 69:15 69:15 69:16 69:18 69:24 70:1 70:5 70:7 70:9 70:10 70:14 70:17 70:19 70:20 70:24 71:2 71:7 71:14 71:15 71:16 71:17 71:17 71:17 71:19 71:21 72:4 72:5 72:6 72:7 72:7 72:12 72:12 72:13 72:14 72:15 72:21 72:23 73:3 73:4 73:11 73:15 73:21 74:1 74:1 74:8 74:11 74:12 74:13 74:15 74:18 74:19 74:21 74:22 74:24 75:3 75:4 75:4 75:5 75:5 75:8 75:9 75:10 75:10 75:11 75:23 75:25 76:4 76:5 76:8 76:8 76:11 76:17 76:19 76:19 76:20 77:5 77:5 77:8 77:17 78:7 78:9 78:12 78:21 78:24 78:25 79:4 79:5 79:11 79:12 79:13 79:17 79:19 79:22 79:22 80:8 80:10 80:13 80:15 80:19 80:20 80:22 80:25 81:2 81:5 81:6 81:7 81:9 81:12 81:13 81:14 81:22 81:25 82:2 82:2 82:3 82:10 82:15 82:18 82:19 82:21 83:3 83:4 83:7 84:5 84:18 84:25 86:2 86:5 86:10 86:12 86:14 86:24 87:1 87:2 87:5 87:6 87:8 87:10 87:20

**that's**(20) 5:22 6:25 7:14 8:3 8:4 8:17 9:25 20:2 21:8 25:2 26:15 33:25 33:25 37:4 37:5 38:6 38:9 43:24 45:19 47:15

**that's**(26) 51:7 51:21 53:11 54:13 54:13 55:15 57:12 63:17 65:4 65:16 66:16 66:22 66:23 67:2 69:12 70:20 70:21 71:9 71:22 73:4 73:17 74:15 84:16 84:18 86:22 86:22

**the**(301) 1:1 1:2 1:19 2:4 2:33 5:2 5:3 5:8 5:8 5:11 5:12 5:14 5:15 5:17 5:19 5:22 6:1 6:2 6:2 6:4 6:6 6:7 6:8 6:9 6:11 6:14 6:16 6:17 6:17 6:18 6:19 6:23 6:24 6:25 7:2 7:3 7:3 7:4 7:7 7:10 7:11 7:11 7:13 7:14 7:15 7:15 7:17 7:17 7:18 7:19 7:21 7:22 7:22 8:1 8:1 8:3 8:4 8:6 8:6 8:6 8:9 8:10 8:11 8:12 8:13 8:14 8:15 8:17 8:21 8:22 8:22 8:22 8:24 9:4 9:5 9:10 9:13 9:15 9:16 9:20 9:22 9:25 10:3 10:4 10:5 10:6 10:6 10:8 10:8 10:15 10:19 10:22 10:23 10:24 10:25 10:25 11:2 11:4 11:5 11:6 11:8 11:9 11:11 11:11 11:11 11:12 11:12 11:12 11:13 11:14 11:14 11:16 11:16 11:17 11:19 11:20 11:20 11:22 11:24 11:25 12:1 12:4 12:5 12:6 12:10 12:12 12:14 12:14 12:16 12:19 12:21 12:23 13:2 13:8 13:11 13:14 13:15 13:15 13:16 13:17 13:19 13:20 13:25 13:25 13:25 14:2 14:4 14:6 14:6 14:9 14:11 14:12 14:14 14:15 14:16 14:18 14:20 14:22 14:24 14:25 15:2 15:5 15:6 15:8 15:10 15:13 15:14 15:15 15:19 15:19 16:3 16:3 16:4 16:5 16:8 16:8 16:9 16:9 16:13 16:15 16:15 16:16 16:17 16:18 16:19 16:22 16:23 16:25 17:1 17:3 17:6 17:9 17:9 17:11 17:12 17:15 17:16 17:19 17:20 17:20 17:21 17:22 17:23 17:23 18:1 18:1 18:2 18:2 18:3 18:4 18:16 18:11 18:12 18:13 18:15 18:16 18:16 18:18 18:18 18:19 18:21 18:23 18:24 19:2 19:3 19:5 19:7 19:8 19:9 19:9 19:10 19:12 19:12 19:16 19:17 19:17 19:17 19:20 19:20 19:20 20:11 20:11 20:12 20:12 20:13 20:13 20:18 20:20 20:22 20:23 20:23 20:25 21:1 21:1 21:1 21:3 21:6 21:8 21:9 21:11 21:14 21:16 21:16 21:17 21:18 21:22 21:24 21:25 22:1 22:3 22:4 22:6 22:9 22:9 22:10 22:12 22:13 22:14 22:14 22:15 22:16 22:18 22:19 22:20 22:22 22:24 22:25 23:1 23:3 23:5 23:9 23:9 23:10 23:11 23:13 23:14 23:16 23:16 23:19 23:20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the(301)** 23:22 23:23 24:2 24:2 24:3 24:4 24:6 24:7 24:8 24:9 24:9 24:10 24:11 24:11 24:13 24:14 24:16 24:16 24:19 24:19 24:21 24:23 24:25 25:3 25:5 25:5 25:7 25:8 25:10 25:12 25:13 25:14 25:14 25:21 25:21 25:24 25:25 26:1 26:5 26:6 26:6 26:6 26:7 26:7 26:7 26:8 26:9 26:11 26:11 26:12 26:12 26:13 26:14 26:16 26:18 26:20 26:23 26:24 26:25 26:25 27:1 27:4 27:5 27:5 27:6 27:7 27:10 27:13 27:14 27:15 27:16 27:17 27:17 27:18 27:19 27:21 28:1 28:2 28:3 28:8 28:11 28:14 28:16 28:17 28:17 28:18 28:18 28:19 28:21 28:22 28:24 28:24 28:25 29:1 29:1 29:2 29:4 29:5 29:6 29:7 29:8 29:8 29:9 29:9 29:10 29:10 29:12 29:15 29:16 29:16 29:17 29:20 29:22 30:7 30:8 30:9 30:10 30:13 30:16 30:16 30:17 30:19 30:19 30:20 30:23 30:25 31:1 31:2 31:2 31:4 31:7 31:12 31:14 31:14 31:15 31:16 31:17 31:19 31:23 31:25 32:3 32:7 32:9 32:10 32:12 32:12 32:13 32:13 32:14 32:17 32:18 32:20 32:21 32:24 33:2 33:3 33:5 33:6 33:7 33:8 33:10 33:11 33:11 33:12 33:13 33:17 33:18 33:20 33:23 33:25 34:2 34:7 34:7 34:8 34:13 34:15 34:15 34:18 34:22 34:23 35:1 35:2 35:5 35:6 35:11 35:17 35:17 35:19 35:20 35:22 35:25 36:2 36:3 36:5 36:8 36:13 36:14 36:15 36:15 36:18 36:20 36:21 36:21 36:24 37:7 37:9 37:11 37:14 37:14 37:17 37:19 37:21 37:21 37:23 38:2 38:4 38:8 38:9 38:13 38:14 38:18 38:25 38:25 39:2 39:2 39:3 39:6 39:6 39:6 39:7 39:7 39:7 39:9 39:9 39:10 39:11 39:12 39:12 39:13 39:15 39:15 39:16 39:16 39:17 39:17 39:18 39:18 39:18 39:19 39:20 39:21 39:21 39:22 39:22 39:23 39:24 39:24 40:2 40:2 40:3 40:6 40:7 40:9 40:12 40:13 40:14 40:14 40:15 40:17 40:19 40:20 40:22 40:25 41:1 41:4 41:6 41:7 41:8 41:8 41:10 41:10 41:11 41:11 41:11 41:15 41:19 41:21 41:21 41:23 41:23 42:2 42:3 42:5 42:13 42:15 42:18 42:21 42:24 42:25 43:3

**the(301)** 43:8 43:9 43:9 43:10 43:11 43:11 43:12 43:14 43:14 43:16 43:18 43:18 43:19 43:20 43:20 43:21 43:22 43:23 43:25 44:2 44:2 44:4 44:4 44:5 44:9 44:10 44:10 44:18 44:19 45:2 45:4 45:4 45:6 45:7 45:9 45:10 45:12 45:16 45:19 45:20 45:25 45:21 45:22 45:23 46:5 45:20 45:25 46:9 46:14 46:15 46:17 46:20 46:21 46:24 47:7 47:10 47:10 47:13 47:13 47:15 47:18 47:19 47:19 47:23 48:3 48:5 48:5 48:7 48:7 48:8 48:8 48:8 48:10 48:13 48:13 48:16 48:18 48:24 48:24 48:24 48:25 49:1 49:2 49:4 49:5 49:8 49:8 49:11 49:13 49:14 49:16 49:17 49:20 49:21 49:23 49:24 49:25 50:2 50:8 50:9 50:9 50:10 50:11 50:13 50:17 50:18 50:19 50:22 50:24 51:1 51:3 51:5 51:6 51:7 51:7 51:9 51:9 51:10 51:11 51:11 51:13 51:14 51:16 51:17 51:18 51:23 52:1 52:2 52:3 52:4 52:5 52:5 52:8 52:9 52:10 52:11 52:11 52:12 52:13 52:13 52:16 52:17 52:20 52:22 52:20 52:21 52:23 52:24 52:24 52:25 53:1 53:3 53:4 53:5 53:6 53:6 53:7 53:11 53:13 53:14 53:14 53:17 53:17 53:19 53:24 54:1 54:7 54:9 54:11 54:13 54:14 54:15 54:17 54:19 54:22 54:24 54:24 54:25 55:4 55:8 55:16 55:19 55:20 55:21 55:22 56:7 56:7 56:8 56:11 56:12 56:13 56:14 56:15 56:17 56:19 56:20 56:21 57:1 57:2 57:3 57:5 57:5 57:6 57:6 57:6 57:9 57:10 57:10 57:11 57:12 57:16 57:16 57:17 57:18 57:18 57:19 57:19 57:20 57:21 57:21 57:22 57:22 58:1 58:1 58:2 58:3 58:4 58:4 58:5 58:5 58:6 58:10 58:11 58:12 58:12 58:16 58:18 58:24 59:1 59:5 59:6 59:6 59:7 59:7 59:8 59:8 59:9 59:10 59:11 59:12 59:12 59:13 59:14 59:14 59:17 59:18 59:19 59:23 59:24 59:24 59:25 60:1 60:1 60:3 60:4 60:7 60:7 60:10 60:12 60:14 60:15 60:15 60:17 60:21 60:22 60:24 60:24 61:1 61:6 61:6 61:3 61:3 61:4 61:5 61:7 61:9 61:10 61:11 61:11 61:12 61:13 61:16 61:19 61:19 61:21 61:25 62:1 62:4 62:5 62:6

**the(301)** 62:6 62:10 62:14 62:15 62:16 62:16 62:18 62:19 62:20 62:20 62:21 62:23 62:24 63:1 63:3 63:3 63:5 63:15 63:18 63:19 63:20 63:23 63:25 63:25 64:2 64:4 64:7 64:8 64:9 64:10 64:11 64:12 64:13 64:21 64:22 64:23 65:2 65:4 65:7 65:8 65:9 65:13 65:14 65:21 65:23 65:25 66:1 66:3 66:6 66:8 66:9 66:10 66:15 66:18 66:21 67:4 67:6 67:10 67:11 67:16 67:16 67:17 67:18 67:18 67:19 67:21 67:25 68:2 68:3 68:3 68:4 68:5 68:9 68:11 68:11 68:12 68:16 68:18 68:21 68:25 69:1 69:2 69:4 69:5 69:7 69:8 69:9 69:10 69:13 69:18 69:21 69:21 69:23 69:24 69:24 70:4 70:5 70:7 70:7 70:8 70:10 70:11 70:12 70:15 70:15 70:19 70:20 70:22 70:24 70:25 71:1 71:1 71:5 71:5 71:7 71:7 71:7 71:9 71:10 71:11 71:13 71:14 71:16 71:16 71:18 71:19 71:19 71:20 71:20 71:21 71:22 71:23 71:23 71:25 72:5 72:9 72:9 72:13 72:17 72:19 72:19 72:19 72:22 72:23 72:25 73:2 73:3 73:5 73:12 73:12 73:14 73:15 73:16 73:18 73:20 73:21 73:22 73:24 73:24 74:3 74:3 74:4 74:4 74:6 74:7 74:8 74:8 74:9 74:11 74:11 74:16 74:20 74:23 74:24 74:24 75:1 75:11 75:11 75:13 75:14 75:18 75:21 75:24 76:1 76:2 76:5 76:6 76:8 76:8 76:9 76:10 76:11 76:11 76:12 76:12 76:13 76:13 76:14 76:15 76:20 76:23 76:25 77:1 77:2 77:2 77:11 77:14 77:15 77:15 77:18 77:17 77:20 77:22 78:1 78:4 78:6 78:7 78:8 78:8 78:10 78:10 78:11 78:12 78:13 78:15 78:18 78:18 78:22 78:23 78:24 79:3 79:10 79:10 79:11 79:15 79:16 79:16 79:16 79:19 79:19 79:20 79:24 80:3 80:4 80:5 80:5 80:6 80:7 80:7 80:8 80:13 80:14 80:15 80:16 80:16 80:18 80:18 80:19 80:19 80:20 80:20 80:25 80:25 81:2 81:3 81:4 81:5 81:6 81:7 81:10 81:11 81:12 81:14 81:16 81:18 81:18 81:19 81:20 81:21 81:22 81:23 81:23 81:25 82:1 82:3 82:4 82:4 82:6 82:6 82:8 82:8 82:9 82:11 82:11 82:14 82:15 82:17 82:19 82:20 82:21 82:21

**the(62)** 82:22 83:1 83:3 83:4 83:4 83:6 83:6 83:7 83:9 83:12 83:15 83:16 83:18 83:20 83:21 83:23 84:3 84:3 84:7 84:9 84:10 84:12 84:14 84:18 84:22 84:23 84:24 85:2 85:5 85:9 85:11 85:12 85:12 85:15 85:19 85:21 85:23 86:2 86:4 86:6 86:6 86:7 86:10 86:11 86:12 86:19 86:20 86:21 86:21 86:22 87:1 87:4 87:9 87:10 87:12 87:15 87:18 87:20 87:21 87:21 87:22

**their(57)** 5:17 6:19 12:5 12:21 12:24 17:13 24:18 24:23 24:25 25:1 25:15 26:16 27:9 27:23 28:4 30:6 30:16 34:10 35:15 36:10 37:2 37:13 39:20 40:6 40:12 40:15 40:18 42:9 42:14 42:15 43:4 43:12 44:15 44:20 45:24 46:4 46:10 46:22 47:2 48:11 51:13 62:22 62:23 62:25 63:10 63:12 64:15 65:21 66:12 66:14 66:19 69:21 73:17 75:16 80:20 83:4

**them(43)** 5:19 6:23 12:8 13:13 24:22 25:9 25:16 31:11 33:6 34:1 37:25 43:5 43:18 45:1 45:22 46:13 46:21 61:24 62:3 64:5 65:18 65:20 65:22 66:7 66:9 66:13 67:1 67:1 67:3 67:23 69:19 70:6 70:10 70:23 71:3 72:6 72:11 72:14 73:4 75:9 78:7 79:9 82:13

**themselves(3)** 18:14 49:7 59:14
**then(34)** 5:19 6:2 6:8 6:9 6:10 17:7 17:8 17:13 21:24 23:8 28:23 28:24 30:4 30:6 30:11 30:12 31:3 31:13 38:1 42:5 46:3 46:4 50:12 57:3 58:25 64:15 67:1 75:11 77:25 77:25 79:2 83:2 83:3 87:7

**theory(1)** 44:15
**there(62)** 5:12 9:9 9:13 9:18 12:8 12:10 14:1 15:14 17:24 20:14 21:19 21:24 25:16 28:5 28:5 30:24 31:1 33:8 33:12 33:16 33:17 34:9 34:19 34:24 35:7 35:18 36:11 40:5 47:9 48:11 49:17 49:20 49:21 49:25 51:1 52:19 55:16 55:24 55:25 56:5 56:1 60:5 60:16 62:7 64:6 66:6 66:22 68:20 71:15 72:12 72:20 73:1 75:23 76:1 76:4 76:5 77:23 79:21 80:6 83:20 85:17 86:8

**there's(10)** 7:6 7:25 8:2 10:17 13:10 16:22 21:23 42:9 45:16 46:6

**thereafter(1)** 80:8
**therefore(2)** 43:24 43:25
**there's(25)** 49:10 52:7 52:10 52:12 56:5 58:8 60:7 61:5 61:10 62:9 64:9 64:11 65:3 66:21 67:3 71:24 71:24 71:25 72:21 74:9 74:10 74:19 76:7 77:13 85:18

**these(26)** 17:22 35:5 40:16 49:1 51:10 60:10 61:8 61:9 61:15 62:3 62:22 63:5 65:1 65:20 66:25 75:2 75:15 76:7 76:7 76:20 76:22 77:12 77:13 77:15 77:16 86:23

**they(223)** 5:18 6:20 6:21 6:22 8:11 9:6 13:25 14:3 22:16 22:23 22:24 23:1 24:4 24:11 24:16 24:18 24:21 24:22 24:23 24:24 25:14 25:16 26:12 26:13 26:19 26:22 26:23 26:24 27:1 27:1 27:2 27:16 27:19 27:25 28:20 28:21 28:21 29:18 29:19 29:19 29:19 29:20 29:23 29:24 29:25 30:2 30:5 30:7 30:11 30:14 30:15 31:5 31:9 31:12 31:15 33:12 33:14 34:17 35:7 35:21 35:24 35:24 36:12 36:16 36:17 36:17 36:17 36:18 37:7 37:11 37:18 37:23 37:23 37:24 38:8 38:10 38:11 38:11 38:12 38:14 38:16 38:17 38:17 39:1 39:8 40:4 40:11 40:16 40:18 40:20 41:20 41:21 41:22 42:13 42:21 42:23 42:25 43:13 43:14 43:16 43:19 43:19 43:20 43:22 44:2 44:3 44:8 44:8 44:9 44:11 44:12 44:12 44:13 44:13 44:14 44:15 44:21 44:23 44:25 45:3 45:7 45:8 45:8 45:20 45:20 45:25 46:1 46:2 46:3 46:4 46:10 46:13 46:14 46:16 46:16 46:16 47:3 47:22 48:25 50:10 50:21 53:14 55:7 55:9 57:7 57:17 62:11 62:12 62:19 62:22 62:25 63:2 63:6 63:7 63:9 63:11 63:12 63:16 63:22 63:22 63:24 63:24 64:5 64:13 64:15 66:12 66:20 66:25 67:23 69:12 69:17 70:5 70:5 70:6 70:10 70:25 70:25 71:1 71:3 71:3 72:4 72:7 72:8 72:12 73:7 73:12 73:13 73:13 73:14 73:16 74:20 74:21 74:22 75:3 75:4 75:4 75:5 75:7 75:5 75:6 75:13 75:14 75:16 76:8 76:15 77:5 78:2 78:24 78:25 79:4 79:5 79:7 79:7 79:8 79:11 79:12 79:19 79:22 83:5 83:7

**they'll(1)** 34:16
**they're(11)** 31:6 37:12 37:13 37:17 38:4 38:12 38:16 42:8 46:23 47:5 47:23

**they've(2)** 7:20 46:22
**they're(3)** 64:14 73:8 79:18
**they've(4)** 63:1 65:18 69:2 74:21
**thing(5)** 8:21 37:23 43:19 43:20 64:9
**things(17)** 9:16 25:19 43:14 44:21 48:7 51:8 61:12 61:13 62:3 62:14 63:20 65:1 70:13 76:7 77:15 80:22 87:5

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**think(65)** 5:16 6:24 9:1 9:16 13:9 15:24 16:25 19:20 19:23 21:23 29:15 30:20 31:10 32:22 33:7 34:7 34:21 35:7 35:22 36:12 37:24 38:9 38:11 38:12 42:2 42:13 42:20 45:18 46:8 46:16 47:2 47:3 47:20 49:4 49:7 55:24 57:11 58:8 59:23 61:18 62:5 64:5 66:3 72:6 73:10 77:14 78:10 80:5 80:8 80:13 80:15 81:6 81:8 81:13 81:25 82:2 82:5 82:6 82:17 83:17 84:5 84:16 86:20 86:22 87:10

**thinking(1)** 59:20
**thinks(1)** 74:12
**third(9)** 8:6 11:16 17:17 17:20 39:7 40:2 41:11 52:23 85:12

**thirtieth(1)** 21:22 22:7
**this(134)** 5:19 6:3 7:25 8:8 8:9 8:19 9:2 9:8 10:13 11:17 12:18 12:20 13:16 13:20 15:17 16:12 16:13 16:24 17:8 17:14 18:19 18:22 19:5 19:6 21:3 21:9 24:7 25:19 27:8 27:14 27:18 28:20 31:12 31:17 32:21 33:4 33:4 34:21 36:6 36:16 37:18 38:10 38:25 40:4 41:5 41:13 41:14 41:17 41:21 41:23 42:17 42:19 42:23 43:10 44:9 44:16 45:6 45:11 45:12 45:13 45:13 45:16 45:23 46:6 46:20 46:24 47:17 48:16 52:6 52:19 52:25 54:18 55:15 56:17 57:4 58:12 60:8 62:7 62:13 63:2 63:11 63:13 64:8 64:20 65:3 65:5 65:10 65:13 65:17 65:25 66:5 68:1 68:7 68:7 68:12 68:15 68:24 69:23 70:3 70:24 71:5 71:18 72:1 72:2 72:15 72:15 73:10 73:12 73:20 73:25 74:1 74:18 77:8 77:9 78:3 78:5 79:8 79:19 79:25 80:9 80:21 80:24 81:9 81:22 83:11 84:1 84:6 86:8 86:14

**thornton(1)** 4:21
**those(22)** 6:21 11:14 15:25 30:22 30:22 31:3 31:9 35:7 41:20 44:11 47:22 51:8 52:19 52:22 63:16 65:24 68:9 69:7 73:6 75:24 79:18 86:12

**though(3)** 48:22 63:3 73:15
**thought(16)** 8:22 29:19 30:20 32:11 49:20 55:9 56:23 57:24 70:12 70:13 70:13 70:14 71:2 71:7 71:10 81:3

**thousand(2)** 12:8 66:24
**threat(1)** 38:14
**three(11)** 7:10 8:22 9:5 11:5 13:17 30:22 30:23 48:23 51:19 53:15 68:12

**threw(1)** 70:7
**through(12)** 28:20 46:21 47:14 54:6 61:2 61:4 63:17 63:25 76:24 77:6 77:8 79:8

**throughout(1)** 19:7 60:5 71:20
**thursday(2)** 13:6 13:16
**ties(1)** 51:10
**till(2)** 25:13 25:21
**time(46)** 18:21 21:9 25:9 25:15 27:17 28:5 28:6 28:6 29:16 32:11 32:13 38:15 41:2 41:23 43:3 46:1 46:21 46:23 47:5 50:17 52:1 57:4 57:5 57:6 57:8 57:8 58:6 59:3 59:21 60:8 61:20 68:5 68:15 69:2 70:11 72:8 73:20 75:13 75:14 77:2 77:22 79:4 79:16 81:22 81:21 84:8

**timeframe(2)** 62:2 68:3
**timely(1)** 80:9
**times(3)** 20:18 65:20 65:22
**timetable(7)** 12:6 28:2 50:9 50:9 72:20 72:23 79:10

**tirelessly(1)** 78:5

**today(16)** 5:19 10:13 10:15 19:15 36:16 47:21 47:24 49:18 51:8 64:18 67:17 80:18 85:3 86:7 86:23 87:11

**together(9)** 7:2 9:15 48:24 50:7 50:8 51:11 64:17 65:18 78:1

**told(11)** 24:4 24:11 24:16 25:14 29:1 52:21 59:17 61:21 62:17 70:10 79:8

**tomorrow(1)** 37:8
**too(5)** 9:2 45:17 47:2 48:10 70:24
**took(3)** 53:5 57:6 58:14
**toronto(10)** 5:6 7:7 12:23 12:24 14:17 14:25 15:13 15:18 15:18 21:10

**toward(1)** 18:5
**towards(4)** 9:11 12:17 59:22 66:3
**track(3)** 68:13 75:8 80:17
**train(1)** 65:2
**transcriber(1)** 87:25
**transcript(5)** 1:18 1:47 27:21 52:8 87:21
**transcription(2)** 1:40 1:47
**transfer(2)** 76:10 76:14
**translating(1)** 13:21
**transparency(1)** 13:20
**travel(1)** 59:5
**traveled(1)** 65:21
**treatises(1)** 40:24
**treatment(1)** 7:15
**tremendous(1)** 68:8
**trial(17)** 8:10 8:14 8:16 10:8 11:19 18:3 19:12 19:21 20:17 35:10 35:12 36:15 50:5 61:21 62:2 75:8

**tribunal(3)** 62:23 74:7 74:10
**tried(1)** 71:8
**true(3)** 29:12 32:23 42:20
**truly(1)** 48:25
**trust(3)** 3:34 4:14 4:18 65:24
**trustee(1)** 3:26
**trustees(1)** 18:9
**try(6)** 14:22 41:13 48:14 51:8 68:23 70:15
**trying(10)** 33:6 36:13 46:7 49:18 62:3 63:19 64:19 65:10 70:15 77:18

**tuesday(1)** 5:1
**tunnell(1)** 1:22 22:5
**turn(2)** 44:5 61:16
**turned(1)** 31:5
**turning(1)** 59:22
**tweed(1)** 4:10
**two(12)** 6:21 7:11 22:8 22:13 23:9 59:11 63:20 67:13 67:17 70:13 72:19 85:18

**twombly(1)** 24:14
**tyler(1)** 3:38
**type(4)** 17:14 17:22 71:24 75:25
**typical(1)** 70:4
**typically(2)** 60:19 61:24

**u.k(46)** 2:37 3:34 4:18 43:11 43:12 48:8 49:25 51:11 51:18 51:23 52:7 52:9 52:11 53:11 60:21 61:1 61:3 61:11 62:10 62:16 63:20 64:4 64:7 64:10 64:12 64:22 65:4 66:18 67:21 71:23 72:5 72:9 72:13 73:21 74:3 74:11 74:14 76:2 76:11 77:9 78:7 80:14 80:25 84:9 84:24 85:18

**u.s(49)** 3:19 5:17 6:2 8:1 9:21 10:22 12:10 14:16 15:19 16:15 16:24 21:8 26:3 27:8 36:14 37:15 37:21 38:5 38:18 38:25 40:8 41:24 42:22 46:25 48:24 49:17 49:19 52:10 52:11 52:12 52:21 53:4 53:14 55:11 55:21 61:13 62:24 63:15 64:3 67:17 71:6 71:7 71:11 71:21 71:22 71:23 74:16 76:9 76:11

**ultimate(1)** 48:25
**ultimately(2)** 8:12 15:20
**unaffiliated(1)** 64:1

**unanimous(1)** 6:16
**under(50)** 20:7 24:12 25:5 25:12 25:25 26:2 26:3 26:6 26:16 26:23 28:9 28:11 29:11 29:22 29:23 30:6 31:7 34:1 37:19 38:7 38:8 39:23 40:8 40:9 40:15 40:22 41:15 42:3 42:13 42:18 43:7 44:15 53:22 53:22 53:23 53:24 54:8 61:7 63:15 64:1 64:11 69:17 69:21 72:22 72:23 74:8 79:11 82:19 82:20 82:21

**underfunding(1)** 39:14
**underlie(2)** 33:10 79:17
**understand(7)** 21:7 28:19 32:20 32:22 33:7 34:16 48:3

**understanding(1)** 41:3
**understood(4)** 32:20 36:8 41:12 81:14
**undertaking(1)** 40:15
**undertook(1)** 81:4
**undoubtedly(1)** 72:10
**undue(1)** 24:7
**unfortunately(1)** 15:24
**unique(1)** 18:19
**united(13)** 1:1 1:20 6:9 17:12 20:13 23:16 63:5 63:18 63:23 64:3 65:21 76:12 76:15

**unless(1)** 16:22
**unlikely(1)** 32:17
**unliquidated(1)** 25:7
**unnecessary(1)** 79:21
**unreasonable(3)** 59:20 70:6 71:2
**unreliable(2)** 44:7 44:15
**unsecured(1)** 67:12
**unsupported(2)** 44:23 45:4
**until(4)** 13:16 27:22 57:17 70:1
**untimely(1)** 23:2
**unusual(1)** 40:5
**upcoming(1)** 13:16
**update(1)** 8:23
**upon(3)** 39:25 71:23 82:1
**upper(1)** 74:9
**use(1)** 12:6
**used(3)** 7:24 71:17 75:1
**useful(2)** 45:2 45:5
**useless(2)** 44:16 49:9
**using(1)** 13:23 13:24
**usual(1)** 5:10
**usually(1)** 18:23
**utter(1)** 69:3

**vacation(1)** 58:13
**vague(1)** 24:21
**value(1)** 39:16
**variation(1)** 8:2
**various(5)** 17:21 39:7 69:5 82:12 86:13
**vehicle(1)** 38:10
**veil-piercing(1)** 71:24
**venue(7)** 41:14 52:1 52:3 52:23 53:13 55:8 72:4

**versa(1)** 32:12
**versus(1)** 55:18
**very(36)** 7:8 8:20 9:18 10:2 13:1 13:4 13:10 23:12 25:23 33:9 35:3 47:8 50:23 53:24 54:24 55:13 57:24 61:4 61:13 61:20 61:22 75:20 75:22 81:24 81:24 82:9 86:6 87:12

**vice(1)** 32:12
**video(1)** 21:9
**view(8)** 27:11 30:1 45:18 50:14 51:13 60:15 60:15 80:12

**viewed(1)** 80:23
**viewing(1)** 81:24
**violates(3)** 38:5 39:3 46:25
**violative(3)** 42:16 73:21 74:2
**virtually(1)** 34:10
**void(1)** 39:10
**wadsworth(1)** 4:37

**wait(4)** 43:22 46:3 72:18 85:10
**waited(2)** 53:13 70:24
**waiting(1)** 23:24
**walking(1)** 58:15
**want(40)** 11:5 27:20 32:18 32:21 35:4 38:14 38:14 39:5 44:9 45:9 45:10 45:15 46:1 46:13 46:16 56:20 56:21 57:9 58:22 58:23 58:24 59:10 59:20 63:22 64:17 64:23 65:25 67:14 67:18 67:25 70:16 72:2 73:6 73:18 75:6 75:13 76:19 80:19 81:21 83:15 86:18

**wanted(12)** 13:12 14:14 16:2 38:20 43:8 51:24 55:7 55:14 56:23 57:22 61:21 77:23

**wanting(1)** 79:19
**warning(1)** 62:21
**was(116)** 9:5 12:10 12:20 13:4 14:17 14:17 15:6 24:1 24:9 24:14 25:12 25:16 25:19 25:23 27:1 27:11 27:18 27:21 28:4 28:5 29:14 30:12 32:9 32:10 32:11 32:24 33:14 33:14 34:14 34:22 41:5 41:9 41:15 41:19 41:21 41:22 42:6 42:16 44:12 44:23 44:25 46:4 47:8 47:9 49:20 49:22 50:10 50:11 50:15 51:4 52:6 53:2 53:3 53:4 53:10 53:15 54:19 54:20 55:5 55:16 55:18 55:25 56:17 56:18 56:23 57:4 57:5 57:24 58:5 58:21 59:1 59:3 59:25 60:16 61:13 61:19 61:22 62:17 63:11 67:20 68:2 70:17 70:17 71:2 71:15 71:18 72:19 73:12 74:25 76:3 76:25 77:9 77:22 77:23 79:5 79:6 79:12 79:13 80:6 80:9 81:1 81:11 84:16 87:18

**wasn't(2)** 28:5 37:1
**wasn't(1)** 70:6 77:8
**waste(1)** 32:11
**wasting(1)** 75:12
**water(1)** 74:15
**way(22)** 6:23 26:12 26:16 31:21 36:9 43:10 49:8 49:20 53:14 57:11 57:12 57:25 66:1 70:17 71:18 72:19 73:12 74:18 75:24 76:6 80:20 80:20

**ways(3)** 46:1 70:4 71:4
**we'd(2)** 35:10 46:2
**we'll(4)** 6:1 6:7 9:14 35:14
**we're(25)** 6:10 6:25 7:12 9:13 13:6 13:9 13:22 13:23 13:24 14:2 31:7 33:3 33:4 33:5 33:16 33:16 33:17 34:15 37:25 42:20 45:9 46:11 46:12 46:25

**we've(5)** 13:24 35:4 36:20 42:2 43:18
**webb(1)** 3:38
**week(2)** 14:17 58:13
**weeks(3)** 49:22 51:19 53:15
**well(34)** 5:23 8:21 10:25 19:22 20:6 23:10 24:1 24:19 30:19 30:22 31:22 32:12 32:24 33:25 35:17 35:24 36:23 37:10 40:18 43:22 44:24 48:3 48:10 50:5 54:16 56:5 59:3 69:20 70:3 72:6 72:8 83:9 86:6 86:7

**went(4)** 28:20 58:13 63:2 76:14
**were(62)** 5:24 6:24 8:23 11:6 12:8 13:15 15:16 16:13 20:6 24:1 24:19 24:21 25:10 25:17 29:3 33:18 34:24 35:18 36:6 38:24 40:18 41:4 41:23 44:14 46:5 48:25 49:25 50:8 50:11 50:12 50:14 52:1 52:5 52:6 52:6 53:4 53:14 55:19 57:14 58:3 58:15 60:18 61:19 64:8 71:7 72:2 72:9 73:20 76:1 76:1 76:4 76:15 76:16 77:21 77:21 78:22 78:25 79:8 79:9 79:11 81:5 81:5

**weren't(2)** 57:13 77:5
**wet(1)** 43:11
**we'd(1)** 86:24
**we'll(9)** 61:23 61:25 61:25 61:1 72:9 73:4 78:7 87:7 87:16

| Word | Page:Line |
|---|---|
| **we're**(32) | 49:18 50:3 51:17 52:18 55:9 55:10 60:14 61:16 61:18 63:4 63:19 64:18 64:18 64:25 65:3 65:8 65:10 66:17 66:18 66:19 72:17 73:7 75:8 77:6 77:17 77:19 79:2 83:25 84:10 84:18 84:19 86:1 |
| **we've**(15) | 49:12 49:14 62:8 62:17 65:1 65:2 65:19 65:21 65:21 65:22 66:23 66:24 71:6 78:5 79:25 |
| **what**(87) | 8:1 14:1 14:1 14:2 15:24 16:5 21:21 28:8 28:19 32:3 32:18 33:13 33:20 33:24 35:15 36:15 37:4 37:25 38:4 38:4 38:8 38:16 40:24 41:4 41:12 44:12 44:13 44:14 44:17 45:6 45:8 45:8 45:9 45:10 45:17 48:12 48:22 49:5 50:3 50:21 53:2 53:24 55:7 55:15 55:25 56:24 57:18 58:11 59:18 60:18 61:5 61:23 63:22 64:16 64:22 65:10 66:16 66:22 66:23 67:23 69:12 69:16 69:21 70:20 70:21 72:8 73:7 73:7 73:13 74:21 75:11 75:12 77:18 77:20 77:21 77:25 79:15 80:9 80:14 80:17 80:18 81:4 81:15 82:3 82:25 84:16 84:18 |
| **what's**(3) | 8:3 16:25 33:24 |
| **whatever**(3) | 46:15 64:5 64:5 |
| **when**(42) | 23:23 27:18 30:15 35:11 40:18 41:3 43:21 44:2 44:9 44:21 45:2 49:5 49:18 50:8 51:21 52:1 53:9 53:11 55:11 55:13 55:15 57:13 57:15 59:18 60:17 60:21 61:19 63:12 63:19 64:18 67:9 68:24 70:25 73:12 74:11 74:19 75:6 77:17 78:21 79:3 79:9 82:16 |
| **where**(19) | 8:24 30:24 31:12 33:23 42:19 46:6 47:16 50:13 52:4 52:8 52:12 56:17 58:3 61:18 62:8 66:13 73:23 84:18 86:11 |
| **whereupon**(1) | 87:18 |
| **whether**(15) | 5:12 6:22 8:25 41:17 42:8 42:8 52:6 55:18 64:19 64:20 75:14 75:25 77:15 79:14 82:16 |
| **which**(63) | 6:20 9:15 11:7 11:11 11:17 13:21 13:22 13:22 13:23 13:23 15:25 18:25 21:22 21:24 22:8 22:17 26:14 26:17 27:22 28:6 28:13 28:17 28:24 29:11 30:1 30:3 31:4 34:4 34:17 35:5 35:22 38:7 39:9 39:21 40:17 43:1 43:6 44:5 44:25 45:17 47:8 47:18 54:2 56:14 57:24 58:6 59:1 59:2 60:8 60:19 62:14 64:16 64:22 67:20 68:3 73:24 75:15 80:9 80:17 82:8 82:12 84:11 84:11 |
| **while**(6) | 11:17 12:8 30:9 53:13 58:15 80:1 |
| **whittle**(1) | 66:25 |
| **who**(11) | 9:19 14:3 16:5 27:19 35:3 35:4 36:4 63:4 63:5 63:14 83:11 |
| **who's**(1) | 14:1 |
| **whoa**(3) | 73:9 73:9 73:9 |
| **whole**(3) | 42:5 81:13 86:7 |
| **whom**(1) | 86:12 |
| **whose**(4) | 16:5 16:6 17:22 43:22 |
| **why**(15) | 6:25 31:11 32:22 36:16 38:9 51:7 54:17 54:18 62:24 69:22 71:9 75:3 75:4 75:12 80:13 |
| **wide**(1) | 10:6 |
| **will**(39) | 6:8 6:9 8:21 10:10 11:18 13:22 15:12 16:6 16:14 17:7 17:13 18:16 19:7 20:15 20:17 21:4 21:9 23:5 23:12 25:3 29:10 29:13 40:21 40:25 41:14 47:25 48:1 49:17 60:16 62:12 66:6 66:9 67:9 68:19 68:22 72:1 77:16 79:21 86:19 |
| **willkie**(3) | 2:38 3:35 23:21 |
| **wilmington**(13) | 1:13 1:26 2:8 2:21 2:27 2:48 3:9 3:22 3:29 4:14 5:1 5:6 21:10 |
| **win**(1) | 64:16 |
| **winkler**(4) | 27:2 27:14 59:10 59:15 |
| **with**(124) | 5:8 5:10 5:17 5:20 5:22 6:1 6:17 7:2 7:15 7:21 7:25 8:1 8:2 10:4 11:13 11:13 12:6 12:14 13:9 14:15 15:4 15:15 15:19 16:14 16:24 17:8 17:10 17:11 17:17 18:3 19:5 19:16 20:23 21:22 22:7 22:15 22:18 25:1 25:20 26:19 27:5 27:25 28:17 28:20 28:21 29:3 29:6 29:21 31:14 32:6 33:20 34:11 34:15 35:12 35:15 36:10 38:2 40:21 42:19 43:15 43:19 43:20 44:17 45:16 46:12 48:8 49:3 49:11 49:23 50:2 50:19 51:8 51:11 52:2 55:17 56:14 56:14 56:19 57:13 60:8 61:22 61:24 62:6 62:9 63:20 63:22 64:5 64:7 64:13 64:14 65:15 65:16 65:17 65:20 66:12 67:1 67:21 68:4 68:11 68:13 68:21 69:2 70:9 71:13 71:22 72:21 76:7 77:19 78:7 78:21 79:9 79:10 80:4 80:8 82:6 83:13 84:1 84:9 84:23 85:25 86:1 86:16 |
| **within**(10) | 18:21 26:20 26:24 27:16 31:15 46:17 60:2 60:8 69:20 79:1 |
| **without**(9) | 9:10 10:8 15:13 16:16 18:22 33:22 35:14 62:23 63:2 |
| **witness**(4) | 35:3 35:9 35:9 36:14 |
| **witnesses**(3) | 16:6 18:7 74:6 |
| **word**(3) | 34:2 78:19 78:20 |
| **words**(3) | 14:15 60:1 60:4 |
| **work**(8) | 8:11 8:14 9:14 15:25 21:2 33:14 57:13 75:3 |
| **worked**(7) | 12:17 63:5 63:6 63:7 63:9 63:14 82:9 |
| **working**(2) | 16:13 78:5 |
| **world**(3) | 51:14 61:9 76:14 |
| **worms**(1) | 66:4 |
| **worse**(2) | 65:1 77:3 |
| **worthwhile**(1) | 12:20 |
| **would**(84) | 6:21 9:19 10:7 11:24 16:4 20:7 21:21 23:14 24:1 24:6 24:7 24:8 24:13 25:13 25:18 27:6 27:19 29:5 29:18 29:20 29:22 29:24 32:13 33:19 34:2 34:10 35:23 36:24 37:2 37:10 37:18 38:8 38:19 38:19 41:5 41:6 41:6 41:7 41:9 41:14 41:17 41:22 44:12 47:16 48:22 50:12 50:15 50:19 50:22 51:5 51:6 52:9 52:22 53:9 54:25 55:2 58:6 60:22 61:1 61:7 61:24 65:23 66:4 66:20 69:22 70:16 71:21 73:25 74:1 74:17 75:3 76:3 78:11 80:10 80:10 80:16 81:4 82:2 82:3 82:17 83:3 83:5 86:17 87:6 |
| **wouldn't**(5) | 35:8 35:8 35:9 35:10 41:13 |
| **wouldn't**(4) | 55:1 64:10 72:5 73:19 |
| **write**(1) | 86:19 |
| **wrong**(4) | 42:8 44:17 52:19 62:15 |
| **www.diazdata.com**(1) | 1:44 |
| **yeah**(2) | 32:16 42:4 |
| **year**(4) | 20:7 24:1 53:10 55:3 |
| **years**(5) | 47:9 55:8 65:23 76:9 76:12 |
| **yes**(35) | 9:19 9:22 9:25 10:19 10:23 11:9 12:1 12:1 14:9 14:20 21:14 21:17 22:12 23:7 23:15 26:18 31:18 32:7 32:25 33:1 33:2 37:7 54:1 54:22 66:10 72:25 75:21 75:21 83:1 83:12 83:23 85:5 85:11 85:23 87:4 |
| **yesterday**(4) | 9:4 13:17 55:21 68:12 |
| **yet**(4) | 44:9 60:21 80:17 85:14 |
| **york**(5) | 1:35 2:15 2:34 2:42 3:15 |
| **you**(175) | 5:3 5:7 5:11 6:5 6:6 6:11 6:12 6:13 6:16 6:24 7:1 7:2 7:5 7:12 8:20 8:23 8:24 9:8 9:18 10:19 11:2 11:3 11:3 13:21 14:6 14:8 14:8 14:21 15:1 15:3 15:7 16:18 16:20 17:5 19:18 19:20 19:20 20:3 20:7 20:9 20:10 20:11 21:5 21:7 21:11 21:12 21:13 21:15 22:1 22:19 22:19 22:21 23:10 23:12 23:18 23:23 23:24 23:25 26:14 29:15 29:21 30:6 31:1 31:3 31:17 31:20 32:4 32:14 32:22 32:23 32:25 33:7 34:1 34:2 34:18 35:20 35:23 37:10 39:5 41:6 41:7 41:14 41:14 43:10 43:11 43:25 45:16 45:19 46:12 46:23 47:6 47:7 47:7 47:13 47:17 47:19 47:20 48:10 48:11 49:5 54:5 55:25 57:23 57:23 58:21 59:2 59:5 63:13 64:16 64:16 65:7 67:5 67:6 68:7 68:16 68:17 68:18 68:20 69:23 69:24 69:25 70:2 71:12 71:21 72:10 72:13 73:2 73:8 73:9 73:20 75:17 75:18 75:23 76:4 76:6 76:7 76:14 76:21 77:9 78:3 78:4 78:14 78:15 78:18 79:15 79:23 80:3 80:12 80:19 80:21 80:25 81:10 81:13 81:17 81:17 81:19 81:21 82:11 82:15 83:2 83:15 83:20 84:14 84:14 84:25 85:4 86:8 86:17 86:19 87:3 87:9 87:14 87:15 87:17 |
| **you'd**(2) | 8:25 32:20 |
| **you'll**(1) | 11:23 |
| **you're**(1) | 46:20 |
| **young**(3) | 2:24 3:5 15:16 |
| **your**(137) | 5:24 6:5 7:10 9:20 10:18 11:1 11:4 11:23 14:8 14:10 15:3 16:21 17:8 19:19 21:2 21:5 21:15 21:15 21:21 21:25 22:4 22:22 23:18 23:25 25:3 26:12 28:1 28:3 29:14 29:25 30:2 32:6 32:9 32:19 33:10 34:7 34:8 34:11 34:23 35:18 35:25 36:11 37:10 37:15 38:5 38:9 38:23 39:1 39:8 39:8 40:25 41:1 41:4 42:6 42:11 42:19 43:4 43:8 43:15 45:15 46:8 46:9 46:11 46:24 47:20 47:25 48:19 48:23 49:4 49:21 50:5 50:25 51:1 53:17 54:5 57:4 57:10 57:12 58:2 58:21 58:25 59:11 59:20 60:20 62:13 66:1 66:8 67:2 67:5 67:8 67:13 68:17 68:19 68:24 69:12 69:25 69:25 70:1 70:3 70:5 71:2 71:5 71:8 72:1 72:15 73:14 73:15 73:17 74:17 75:17 75:22 76:18 76:21 77:18 78:11 78:17 78:18 78:20 78:22 79:6 79:14 82:24 83:6 83:19 83:21 83:25 84:4 84:10 85:3 85:4 86:5 86:16 86:17 86:18 87:3 87:8 87:14 |
| **yourself**(1) | 12:2 |
| **you'll**(1) | 73:8 |
| **you're**(3) | 65:9 73:15 84:6 |
| **you've**(2) | 72:13 85:2 |
| **zero**(1) | 76:15 |
| **ziehl**(1) | 2:18 |
| **zigler**(1) | 4:41 |
| **zloto**(1) | 4:8 |
| **"adversary**(1) | 60:1 |
| **"proof**(1) | 60:4 |