IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Nortel Networks Inc., et al.,[1] | ) ) ) | Case No. 09-10138 (KG) |
| Debtors. | ) ) ) | Jointly Administrated |
| | ) ) ) | Objection Deadline: June 15, 2013 at 10a.m.<br>Hearing Date:    June 25, 2013 at 10 a.m.<br>RE: Docket #s    10741, 10406, 10375 |

### JOINDER OF *CYNTHIA ANN SCHMIDT* IN SUPPORT OF MARK JANIS' MOTION (DOCKET NO. 10741) "COMPELLING DEBTORS TO ISSUE PAYMENT FOR SEVERANCE PER NORTEL NETWORKS SEVERANCE ALLOWANCE PLAN UPON DEBTORS PLANNED TERMINATION OF MY EMPLOYMENT ON JUNE 30, 2013 BY MARK R. JANIS, A NORTEL U.S. LTD EMPLOYEE"

*Cynthia Ann Schmidt*, signed herein, Long-Term Disabled Employee of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this Joinder in support of Mark Janis' motion compelling Debtors to issue payment for Severance per Nortel Networks Severance Allowance Plan upon Debtors termination of my employment on June 30, 2013.

### Summary Statement

I *agree* and *support* Mark Janis' filing as *I too am contractually due Severance from the Debtors*:

- Severance is a *stand-alone* benefit that was promised me as a Nortel Employee upon my hire.

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- I too am a Nortel Employee being terminated post-petition with the underpinning that the Debtors are winding down business and continue to reduce their entire workforce. The fact that I am being terminated now versus at the end-of-the bankruptcy is the result of the LTD Settlement; the underlying reason remains workforce reduction with no job to return to.
- Debtors are paying employees terminated post-petition at a rate of 100% expected Severance.
- Debtors carved out Severance benefits from the LTD Settlement Agreement; this *implies a continued right to Severance.*
- Debtors documented their Severance liability *on two additional occasions that I am due Severance and retain my full-time employee status* per Nortel. In my 2010 termination notice wherein Debtors specified on an *individual basis*, the Severance "Number of weeks to Commence Following Termination Date" as well as my "Employee Status: Full Time:F". In the 2013 LTD Retirement Election form, the Debtors require me to waive my right to Severance should I wish to Retire; this waiver request was directed to LTD Employees.
- I retain my status as a full-time employee of Debtors per Nortel's Severance Allowance Plan. An authorized leave of absence is defined as *not* being a 'break' in employment. As a full-time employee, I was granted an approved medical leave of absence when I became disabled.
- During my authorized medical leave of absence:
    - I continue to accrue a full-week of Severance for each anniversary of my date of hire and *at the rate of the full-time work schedule I was regularly scheduled prior to disability*. Severance is a benefit *based upon years of service prior* to termination.
    - In keeping with my employee status, I currently receive benefits *offered only to other full-time employees* such as medical, dental/vision/hearing, life and ad&d insurance.

- o In keeping with my employee status, I was not allowed to rollover my 401K account, managed by Hewitt, because of being classified as an 'Active Employee', and was told that only when the Employer terminated my employment could I proceed with a rollover.

- Upon Debtors termination of my employment on June 30th, Severance due me is $ 47,596.14.

Date:   June 10, 2013            X  *[signature]*

                                   Cynthia Ann Schmidt
                                   P.O. Box 119
                                   Oregon House, CA 95962
                                   *Appearing Pro Se*