IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Objection Deadline: June 14, 2013 at 10 a.m. |
| | ) Hearing Date: June 25, 2013 at 10 a.m. |
| | RE: Docket #s    10741, 10406, 10375 |

### JOINDER OF DEBORAH JONES IN SUPPORT OF MARK JANIS' MOTION (DOCKET NO. 10741) "COMPELLING DEBTORS TO ISSUE PAYMENT FOR SEVERANCE PER NORTEL NETWORKS SEVERANCE ALLOWANCE PLAN UPON DEBTORS PLANNED TERMINATION OF MY EMPLOYMENT ON JUNE 30, 2013 BY MARK R. JANIS, A NORTEL U.S. LTD EMPLOYEE"

Deborah Jones signed herein, Long-Term Disabled Employee of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this Joinder in support of Mark Janis' motion compelling Debtors to issue payment for Severance per Nortel Networks Severance Allowance Plan upon Debtors termination of my employment on June 30, 2013.

I *agree* and *support* Mark Janis' filing as *I too am contractually due Severance from the Debtors*. In support of the Joinder, **I respectfully submit that Nortel has consistently maintained the "Actively At Work" Full-time Employee Status of LTD Employees in the administration of Nortel's plans/benefits; it is that Employee Status that has preserved my benefits, including a right to Severance pay.**

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The Debtors routinely categorized the LTD Employees with whatever label suited the Debtors' desires at the moment: administrative ease, minimize liability, maximize preferential tax treatment. Throughout the Debtors pursuit of termination of the LTD plans and LTD employment, the Debtors couched in strong terms that the LTD are active/current employees; this is corroborated by the very fact that the Debtors promoted the establishment of an 1102 Committee to represent the LTD versus an 1114 Committee granted the retirees. I embrace this active status of LTD Employees and hold that it entitles me, an LTD Employee, to Severance.

While it is convenient on the Debtors part to point out the obvious, that current LTD Employees are not physically qualified to work *at this time* due to their disability, it is not germane. It is this explicit preservation of an "Actively At Work" Employee Status for LTD Employees as defined in Nortel plan documents as well as execution in actual practice via the uninterrupted offering of Nortel plan benefits to LTD by the Debtors, that triggers the LTD Employees right to Severance. There are No disqualifiers within the Nortel Networks Severance Allowance Plan to the effect of 'your current/active/Actively at Work/Full-time employee status retained and recognized for *all the other* Nortel plans/benefits is not applicable to the Severance Plan'. Nor is there any documented requirement within the governing Nortel Networks Severance Allowance Plan that requires an *employee on an authorized leave of absence* to physically return to work in order to receive Severance upon their termination. To the contrary, the Nortel Networks Severance Allowance Plan explicitly identifies that an authorized leave of absence is not considered a "break" in employment.

Upon termination of the LTD Employees at the end-of-this month, I have a right to Severance as compensation for accumulated years of service to-date and the loss of any future prospect of employment with Nortel as Nortel's doors are closing forever. Nortel documentation

promises preservation of my "Actively At Work" Employee Status. Nortel <u>administrative practice</u> has provided access to all benefits as a direct result of that "Actively At Work" Employee Status. Further, this is also supported by Debtor statements in filed Motions with respect to <u>current Employee Status driving employee benefit eligibility</u>: ***"The Debtors maintain employees on long-term disability under the LTD Plans as "current" employees under the terms of the relevant plans, <u>including for the purpose of eligibility of employee benefits</u>".*** ["Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees", D.I. 8067, Section #40]

## <u>LTD's "ACTIVELY AT WORK" EMPLOYEE STATUS IS PRESERVED BY NORTEL DOCUMENTATION</u>

- In order to have been eligible for the Long-Term Disability benefits from the beginning, I had to have held an "Actively At Work" employee status: *"You are eligible to participate in the Long-Term Disability Plan if you are a regular Employee working 20 or more hours per week".* [Nortel Networks Inc. Long-Term Disability Plan SPD 2010, p.6 "Who is Eligible", Exhibit E]

- Nortel defines "Active Work, Actively At Work" to be *"You will be considered "Actively At Work" on any of the Company's scheduled work days if you are performing the regular duties of your job on that day in accordance with your regularly scheduled hours, either at a Company defined place of business or at some location which you are required to travel for Company business".* [Nortel Networks Flex Overview SPD 2013, p.14 "Glossary", Exhibit A] When taken out of context, one would find the definition of "Actively At Work" to be contradictory to the present reality of an LTD. However, Nortel documentation provides for the preservation of my "Actively At Work" Employee Status, and in turn, has provided me

access to all other benefits proferred to Full-time Employees resultant of that unbroken status. The reality of my current physical state does not create an entitlement to Nortel benefits but rather <u>access to Nortel benefits is, and always has been, an entitlement triggered by the "Actively At Work" Employee Status designated by the Debtors</u>.

- o Nortel maintained my "Actively At Work" Employee Status throughout my Long-Term Disability or I would not have continued to receive my LTD income replacement or any other Nortel benefits to-date: *"For coverage purposes, your employment will end when you are no longer **"Actively At Work" as an eligible full-time or part-time Employee. However, the Company may consider you as still "Actively At Work" during certain types of approved leave of absences from work"*. [Nortel Networks Inc. Long-Term Disability Plan SPD 2010, p.12 "When Coverage Ends", Exhibit E]

- o Nortel further reaffirmed the continuity of my "Actively At Work" status when they documented that my authorized medical leave of absence was not an interruption in my employment status: ***"Medical and other authorized leaves of absence are not considered to be "breaks" in employment".*** [Nortel Networks Severance Allowance Plan SPD 2010, p.7, Exhibit G]

## LTD's "ACTIVELY AT WORK" EMPLOYEE STATUS IS PRESERVED BY NORTEL IN *ACTUAL PRACTICE*

Nortel's plan documents standardly state an opening requirement to the effect of "**You're eligible for benefits if you're a Nortel full-time or part-time employee regularly scheduled to work 20 hours or more per week**". In actual practice, this is trumped *without exception*, by Nortel's preservation of an LTD's "Actively At Work" Employee Status that makes all the

plans/benefits offered all other Full-Time Employees, available to an LTD Employee. In all cases, when there is a material limitation of benefit access specifically applicable to LTD Employees, it is so recorded either within the Nortel Networks Inc. Long-Term Disability Plan or within the context of the pertinent plan. There are No limitations/disqualifiers for LTD Employees defined within the Nortel Networks Severance Allowance Plan SPD; to the contrary LTDs are recognized as providing continuous service to Nortel that is uninterrupted by their approved leave of absence. Illustrations of Nortel's actual practice in provision of benefits follow.

Nortel's <u>plan documents</u> require an "Actively At Work" Employee Status to be benefit eligible:
- Nortel Networks Flex Overview SPD 2013, p.6  [Exhibit A]
- http://www.nortel-us.com/current/benefits/choose/eligibility/  [Exhibit B]
- Nortel Networks Inc. Medical Plan SPD 2013, p.10  [Exhibit C]
- Nortel Networks Inc. Dental/Vision/Hearing Care Plan SPD 2013, p.10  [Exhibit D]
- Nortel Networks Inc. Long-Term Disability Plan SPD 2010, p.6  [Exhibit E]
- Nortel Networks Inc. Life and Accidental Death & Dismemberment Insurance Plan SPD 2013, p.9  [Exhibit F]
- Nortel Networks Severance Allowance Plan SPD 2010, p.3  [Exhibit G]

<u>Nortel's actual practice exhibits that I as an LTD retain an "Actively At Work" Employee Status and as such, am offered the same benefits as all other Full-Time Employees:</u>
- Nortel Networks United States Benefits Confirmation Statement 2013  [Exhibit H]
- Nortel Networks Long-Term Investment Plan Letter To Active Employee w/Loan [Exhibit I]

Further proof of my sustained "Actively At Work" Employee Status by the Debtors exists in the fact that I am allocated the same applicable benefit credits allocated to all other employees for which the Debtors maintain a Full-Time Employee Status: *"All full-time and part-time Employees receive the same number of FLEX Credits"*. [Nortel Networks Flex Overview SPD 2013, p.12, Exhibit A].  This is reflected in the Employee Costs I am responsible for as noted in the Nortel Networks United States Benefits Confirmation Statement 2013  [Exhibit H]; I receive the same Flex Credit as all other Employees retaining a Full-Time Employee Status.

Lastly, when there is a limitation to benefit access specific to LTDs, Nortel has documented it:
- Nortel Networks Inc. Long-Term Disability Plan SPD 2010, p.6  [Exhibit E]
- Nortel Networks Long-Term Investment Plan SPD 2011, p.6  [Exhibit I]

## LTD's "ACTIVELY AT WORK" EMPLOYEE STATUS IS PRESERVED BY THE *DEBTORS STATEMENTS IN MOTIONS THEY FILED*

For the sake of brevity, I will focus on just one of the Debtors many filings around the Debtors declarations with respect to the employee status of LTD as the Debtors sought to terminate the LTD Plans and employment of the LTDs themselves.  All succeeding quotes are drawn from "Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees".  [D.I. 8067]

- *"The Debtors historically have provided a number of benefits to their long-term disabled employees (the "LTD Employees") through benefit plans and other programs, including (as*

*amended or modified from time to time) the Nortel Networks Inc. Long-Term Disability Plan, the Nortel Networks Inc. Medical Plan, the Nortel Networks Inc. Dental, Vision, and Hearing Plan, the Nortel Networks Inc. Life Insurance Plan, the Nortel Networks Inc. AD&D Insurance Plan, the Nortel Networks Inc Health Care Reimbursement Plan, the Nortel Networks Inc. Dependent Day Care Reimbursement Plan, the Nortel Networks Inc. Long-Term Investment Plan, predecessor plans and other formal and informal benefit plans, agreements, arrangements or programs (including plans, agreements, arrangements or programs that are funded through the purchase of insurance) or arrangements for disabled employees, their surviving spouses and eligible dependents, including for medical, surgical, or hospital care benefits, income continuation benefits or any other benefits in the event of sickness, accident, disability, or death (collectively, and in each case as such plans have been amended or modified from time to time, the "LTD Plans").* **These plans are offered to current employees of the Debtors and the LTD Employees are treated as current employees of the Debtors** *as a condition to their continued eligibility to receive benefits under the LTD Plans"*. [D.I. 8067, Section #10]

- *"... the **Debtors list employees on long-term disability under the LTD Plan as "current" employees** even though the employees are not presently actively working full-time or part-time at the Debtors"*. [D.I. 8067, Section #11]

- **"The Debtors maintain employees on long-term disability under the LTD Plans as "current" employees under the terms of the relevant plans, <u>including for the purpose of eligibility of employee benefits</u>"**. [D.I. 8067, Section #40]

CONCLUSION

Whether we agree that my employment is being terminated as the result of a "reduction in force" as the Debtors have already documented during their wind down of a bankrupt business [Exhibit K] Or we attribute my termination resultant of "when it is otherwise initiated by your Employer" per the Joint Administration of the LTD Settlement Agreement [D.I.#9304] ... both are valid termination causes supporting my right to Severance within the context of the Nortel Severance Plan [Exhibit G, Sections 3 & 4]. The bottom line is I have accrued 16-years of uninterrupted service with Nortel and the Debtors are certainly not going to be offering employment to anyone as Nortel's business doors are closing forever:

- *"The Debtors currently employee only eighteen active employees, <u>other than</u> the LTD Employees, and that number is expected to drop to approximately five employees by year-end"*. [D.I. 8067, Section #16]

- ***"Moreover, consistent with their classification as current employees, <u>employees receiving disability benefits may actively return to work if their conditions improve and positions remain open</u>"***. [D.I. 8067, Section #41]

- *"As this Court is well aware, at this stage in their restructuring, the Debtors have liquidated their operations and have already terminated virtually all of their non-LTD active employees."* [D.I. 8067, Section #45]

Upon Debtors termination of my employment on June 30th, Severance due me is $ 44,465.27.

Dated: June 10, 2013

*Deborah Jones*
Deborah Jones
P.O. Box 458,
Willow Spring, NC 27592
*Appearing Pro Se*

# APPENDIX

- **Exhibit A** - Nortel Networks Flex Overview SPD 2013

- **Exhibit B** - http://www.nortel-us.com/current/benefits/choose/eligibility/

- **Exhibit C** - Nortel Networks Inc. Medical Plan SPD 2013

- **Exhibit D** - Nortel Networks Inc. Dental/Vision/Hearing Care Plan SPD 2013

- **Exhibit E** - Nortel Networks Inc. Long-Term Disability Plan SPD 2010

- **Exhibit F** - Nortel Networks Inc. Life and AD&D Insurance Plan SPD 2013

- **Exhibit G** - Nortel Networks Severance Allowance Plan SPD 2010

- **Exhibit H** - Nortel Networks United States Benefits Confirmation Statement 2013

- **Exhibit I** - Nortel Networks Long-Term Investment Plan Letter To Active Employee w/Loan

- **Exhibit J** – Nortel Networks Long-Term Investment Plan SPD 2011

- **Exhibit K** – Nortel, HR Shared Services U.S. – Termination Notice – ProBusiness/SAP 2010