## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administrated |
|  | ) |  |
|  | ) | **Objection Deadline: June 3, 2013 at 10a.m.** |
|  | ) | **Hearing Date:        June 13, 2013 at 10 a.m.** |
|  | ) | **RE:              Docket #s 8067, 9304, 9427** |

## Ralph MacIver, NORTEL US LTD EMPLOYEE, MOTION COMPELLING DEBTORS TO ADMIT MY CLAIM FOR SEVERANCE ALLOWANCE AS VALID PER NORTEL NETWORKS SEVERANCE ALLOWANCE PLAN AND ISSUE PAYMENT

**Ralph MacIver**, a US Long-Term Disabled (LTD) Employee, of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this motion compelling Debtors to admit my claim for Severance Allowance as valid per Nortel Networks Severance Allowance Plan and issue payment. In support of this Motion, I respectfully represent as follows:

## BACKGROUND

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1.      On May 7, 2012 the Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or Otherwise Settle Claims Of Employees Terminated Post-Petition". [D.I. 7617]  This Motion was approved by the Court on May 24, 2012.  [D.I. 7685]

2.      On July 30, 2012 the Debtors filed "Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1108 Authorizing the Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees".  [D.I. 8067]

3.      On January 18, 2013, the Debtors and the LTD 1102 Committee filed a Joint Motion "Joint Motion Pursuant to 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 To (I)(A) Preliminarily Approve The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certify A Class For Settlement Purposes Only, (C) Approve The Notice, Procedures, And (D) Schedule A Fairness Hearing; And (II)(A) Finally Approve The Settlement Agreement, (B) Finally Certify A Class, (C) Authorize The Debtors To Terminate The LTD Plans, And (D) Grant Related Relief".  [D.I. 9304]

4.      Exhibit A of the aforementioned Joint Motion [D.I. 9304] presents the terms of the "Settlement Agreement".

5.      On February 14, 2013, the order preliminarily approving the LTD Settlement  was signed: "Order (A) Preliminarily Approving The Settlement Agreement Regarding Long-Term Disability Plans And Claims, (B) Conditionally Certifying A Class For Settlement Purposes Only, (C) Approving The Notice Procedures, (D) Scheduling A Fairness Hearing And (E) Granting Related Relief".  [D.I. 9427]

## **RELIEF REQUESTED**

6.      Contingent upon my termination, currently projected as being effective May 31, 2013 - I request the Debtors admit my claim for Severance Allowance as valid per the Nortel Networks Severance Allowance Plan and issue payment in the amount of $45,930.

## **BASIS FOR RELIEF**

7.      Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or Otherwise Settle Claims Of Employees Terminated Post-Petition".  [D.I. 7617]  Per paragraph 11 of this Motion:  *"Specifically, by this Motion, the Debtors are seeking the approval of Settlement Procedures that will permit the Debtors to resolve claims of Employees terminated from employment by the Debtors following the Petition Date (including the priority, classification and amount of the claims). Such claims primarily include, but are not limited to, claims under the Nortel Networks Severance Allowance Plan and the Nortel Networks Enhanced Severance Allowance Plan ... ".*  This demonstrates the Debtors intent to recognize the validity of employee claims under the Nortel Networks Severance Allowance Plan.

8.      The Settlement Agreement presented via Joint Motion [D.I. 9304] explicitly excludes claims arising under Severance Allowance Plans as being able to be released or expunged by the Debtor. Please see D.I. 9304, Exhibit A, p. 24:

*"For the avoidance of doubt, LTD Claims shall exclude the following claims, if any, and any and all defense thereto, which claims shall not be enforceable against or recoverable from the LTD General Unsecured Claim or proceeds thereof, the Settlement Amount, the LTD Committee, or their advisors, in each case as their capacity as such (and which claims collectively shall be referred to as "Excluded Claims"):" .... "Claims arising under or relating to the Nortel*

*Networks Severance Allowance Plan or the Nortel Networks Enhanced Severance Allowance Plans, including fringe benefits;".*

9.    The Settlement Agreement presented via Joint Motion [D.I. 9304] provides for partial compensation for loss of LTD benefits; i.e. it is a compromise but certainly does not provide for full income replacement. Further, I, as a Nortel Networks employee am entitled to Severance Allowance as contractually promised within Nortel Networks Severance Allowance Plan; there was no allocation of funds for Severance Allowance within the context of the Settlement Agreement.

10.    When the Debtors issued termination notices of the LTD Plan and Employment in June 2010, (Exhibit A – "HR Shared Services U.S. – Termination Notification"), the following points were documented within their context:

a.  Employee Status is noted as "Full time".

b.  Employment is noted as being terminated due to a *"workforce reduction", "There are no jobs to return to"*.

c.  LTD employees are offered Severance Allowance upon termination of the LTD Plan and Employees; that offering reflected the accumulation of years of service while on LTD per the Nortel Networks Severance Allowance Plan.

d.  Page 8, point (E) asks for a Voluntary Waiver of all Benefits under the Nortel Networks Severance Allowance Plan <u>in the sole instance</u> that Employee wishes to commence coverage under Retiree Income Plan and Retiree Medical Plan.  LTD Employees have Never been requested to sign such a waiver of their Severance Allowance contractually promised under the Severance Allowance Plan.

4

11.     Per Nortel Networks documentation, as well as the Debtors continued recognition to-date of LTD Employees as being "active employees", I meet all eligibility criteria set forth in Nortel Networks Severance Allowance Plan for issuance of Severance Allowance.  I have attached the "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan Description 2010" (Exhibit B) as the basis for my claim.

12.     Per the "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan Description 2010", with respect to calculation of Severance Allowance …

a.  Question#8:   *"Severance Allowance Benefits, How much will my severance allowance be?  Your severance allowance is normally equal to four weeks of your "base weekly salary", plus one additional week of that "base weekly salary" for each year of Service."*

b.  Question#9:   *"How is my length of Service determined? Your Service is the total periods of employment with an Employer or Affiliate. … In calculating years of Service, a partial year of service exceeding six (6) months constitutes a full year of Service. Service is counted on based on your service anniversary date (not calendar year). … **Medical and authorized leaves of absence are not considered to be "breaks" in employment."***

13.     I entered employment with Nortel Networks on Sept. 30, 1985.

14.     Therefore as of May 31, 2013, I will have accrued 30 weeks of Severance Allowance. Further, my base weekly salary is $1,531.

15.     I request the Debtors admit my claim for Severance Allowance in the amount of $45,930 as valid and issue payment.

## NOTICE

1.      Notice of this Motion has been provided to the US Bankruptcy Court, Delaware and the Debtors Counsel, Cleary, Gottlieb, Steen & Hamilton LLP via first class mail. Other parties will receive notice through the Court's electronic filing system.   I respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, Ralph MacIver, signed herein respectfully requests this Court grant this Motion and relief request herein compelling the Debtors to recognize my claim for Severance Allowance per Nortel Networks Severance Allowance Plan as valid and issue payment.

Dated: 6-10-2013

Ralph MacIver
116 Honeycomb Lane
Morrisville, NC. 27560

*Appearing Pro Se*



2006032008

'OR REGISTRATION REGISTER OF DEEDS
Willie L. Covington
DURHAM COUNTY NC
2006 JUL 11 04:32:18 PM
BK:5280 PG:459-462 FEE:$20.00

INSTRUMENT # 2006032008

WAKE COUNTY, NC   115
LAURA I IDDICK
REGISTER OF DEEDS
PRESENTED & RECORDED ON
03/31/2006 AT 09:39:28

Mail to Ralph
MacIver
4104 Thetford Rd
Durham, NC 27707

# POWER OF ATTORNEY
## For
### Ralph John MacIver

BOOK:011885 PAGE:00935 - 00937

**"NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE DEFINED IN CHAPTER 32A OF THE NORTH CAROLINA GENERAL STATUTES WHICH EXPRESSLY PERMITS THE USE OF ANY OTHER OR DIFFERENT FORM OF POWER OF ATTORNEY DESIRED BY THE PARTIES CONCERNED."**

STATE OF NORTH CAROLINA

COUNTY DURHAM

I, RALPH JOHN MACIVER, the undersigned, hereby appoint my wife, WENDY SUE MACIVER, as Attorney-In-Fact for me and give her full power to act in my name, place and stead in any way which I myself could do if I were personally present with respect to all of the following matters as each of them is defined in Chapter 32A of the North Carolina General Statutes to the extent that I am permitted by law to act through an agent. (Directions: initial the line opposite any one or more of the subdivisions as to which the principal desires to give the attorney-in-fact authority.).

Real property transactions;

Personal property transactions;

Bond, share, and commodity transactions;

Banking transactions;

Safe deposits;

Business operating transactions;

Insurance transactions;

Estate transactions;

Personal relationships and transactions;

Social security and unemployment;

Tax;

Employment of agents;

Eno John McCormick

This Power of Attorney shall be immediate and shall not be affected by my subsequent incapacity or mental incompetence. The powers granted in this Power will exist for an indefinite period of time unless I limit their duration or revoke this Power. The undersigned has the right to revoke or terminate this Power at any time.

My attorney in fact shall use the following form when signing on my behalf pursuant to this Power: "RALPH JOHN MACIVER by WENDY SUE MACIVER, his attorney-in-fact.

This Power of Attorney is executed by me on the _23rd_ day of January, 2006.

_____ (SEAL)
RALPH JOHN MACIVER

STATE OF NORTH CAROLINA

COUNTY OF DURHAM

I, _Bernard E. Isgett_____, a Notary Public, do hereby certify that RALPH JOHN MACIVER, personally appeared before me this day and acknowledged the due execution of the foregoing document.

_____
NOTARY PUBLIC

My Commission Expires: _02/03/07_____

## EXHIBITS

- **Exhibit A** – "HR Shared Services U.S. – Termination Notification", 2010

- **Exhibit B** – "U.S. Benefits Nortel Networks Severance Allowance Plan Summary Plan Description 2010"