# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administrated |
| | ) Objection Deadline: June 15, 2013 at 10a.m. |
| | ) Hearing Date:  June 25, 2013 at 10 a.m. |
| | RE: Docket #s  10741, 10406, 10375 |

## JOINDER OF CHARLES SANDNER IN SUPPORT OF MARK JANIS' MOTION (DOCKET NO. 10741) "COMPELLING DEBTORS TO ISSUE PAYMENT FOR SEVERANCE PER NORTEL NETWORKS SEVERANCE ALLOWANCE PLAN UPON DEBTORS PLANNED TERMINATION OF MY EMPLOYMENT ON JUNE 30, 2013 BY MARK R. JANIS, A NORTEL U.S. LTD EMPLOYEE"

Charles Sandner signed herein, Long-Term Disabled Employee of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this Joinder in support of Mark Janis' motion compelling Debtors to issue payment for Severance per Nortel Networks Severance Allowance Plan upon Debtors termination of my employment on June 30, 2013.

### Summary Statement

I *agree* and *support* Mark Janis' filing as *I too am contractually due Severance from the Debtors*:

- Severance is a *stand-alone* benefit that was promised me as a Nortel Employee upon my hire.

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- I too am a Nortel Employee being terminated post-petition with the underpinning that the Debtors are winding down business and continue to reduce their entire workforce. The fact that I am being terminated now versus at the end-of-the bankruptcy is the result of the LTD Settlement; the underlying reason remains workforce reduction with no job to return to.
- Debtors are paying employees terminated post-petition at a rate of 100% expected Severance.
- Debtors carved out Severance benefits from the LTD Settlement Agreement; this *implies a continued right to Severance*.
- Debtors documented their Severance liability *on two additional occasions that I am due Severance and retain my full-time employee status* per Nortel. In my 2010 termination notice wherein Debtors specified on an *individual basis*, the Severance "Number of weeks to Commence Following Termination Date" as well as my "Employee Status: Full Time:F". In the 2013 LTD Retirement Election form, the Debtors require me to waive my right to Severance should I wish to Retire; this waiver request was directed to LTD Employees.
- I retain my status as a full-time employee of Debtors per Nortel's Severance Allowance Plan. An authorized leave of absence is defined as *not* being a 'break' in employment. As a full-time employee, I was granted an approved medical leave of absence when I became disabled.
- During my authorized medical leave of absence:
    - I continue to accrue a full-week of Severance for each anniversary of my date of hire and *at the rate of the full-time work schedule I was regularly scheduled prior to disability*. Severance is a benefit *based upon years of service prior* to termination.
    - In keeping with my employee status, I currently receive benefits *offered only to other full-time employees* such as medical, dental/vision/hearing, life and ad&d insurance.

- o   I received a termination letter from Nortel Networks in 2010 indicating I had accrued, and was due, 34 weeks of severance. That equates to 30 years of service. 10 of those 30 years I was on disability, yet Nortel Networks considered me eligible for severance ALL 30 years. Since my status has not changed, my eligibility for severance shouldn't be different in 2013 than it was in 2010.
- Upon Debtors termination of my employment on June 30th, Severance due me is $ 59,057.00

Date: 06-16-2013           X *Charles Sandner*

Charles Sandner
1970 N. Leslie #3779
Pahrump, NV     89060
*Appearing Pro Se*



| | |
|---|---|
| Northern Telecom Inc. | Tel. (919) 832-5665<br>TWX 510-928-1854 |

1000 Wade Avenue
Raleigh, North Carolina 27605

April 22, 1980

Mr. Charles E. Sandner

Dear Mr. Sandner:

We are pleased to extend our offer of employment for a position as a F-2 Installer, at a starting salary of $5.25 per hour, paid on a weekly basis. You should contact Mr. Cecil Boyd upon your receipt of this offer for you first job assignment.

Our offer of employment is necessarily conditional upon your passing our regular pre-employment medical examination. I am enclosing a pre-placement medical examination form which should be completed by you and the examining physician and returned to me along with the invoice.

As a new employee of Northern Telecom, you become eligible on your starting date for life insurance, accidental death and dismemberment insurance, hospitalization, surgical and major medical coverage. These are all provided to you at a nominal charge each month. In addition to the above, you will also be eligible in the future for participation in the group dental program and the thrift savings plan. The details of these programs will be explained to you within the near future.

On behalf of all who spoke with you, let me say we look forward to having you with us at Northern Telecom.

Sincerely,

J. Kevin Balog
Manager of Employee Relations
Marketing and Customer Services

JKB:im

Enclosure

Highly Confidential - LTD Committee Advisor Eyes Only

NNI-LTD-00010436