IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
: 
*In re* : Chapter 11
 : 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
 : 
                Debtors. : Jointly Administered
 : 
 : **RE:  D.I. 7931, 8270, 9673, 10408**
---------------------------------------------------------- X

### DEBTORS' OBJECTION TO THE LETTER OF ESTELLE LOGGINS FOR APPEAL FOR JUSTICE AND CONTINUED SUPPORT AND RELATED MOTIONS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respectfully submit this objection (the "Objection") to the letters and motions filed by Estelle Loggins ("Ms. Loggins") in these proceedings seeking compensation from the Debtors related to her employee benefits [D.I.s 7931, 8270, 9673 and 10408] (collectively, the "Motions").[2] In support of this Objection, the Debtors respectfully represent as follows:

---

[1] The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Motions Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] The Motions include the: Letter Regarding Disability Benefits, filed on June 26, 2012 [D.I. 7931]; Motion for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through July 31, 2012, filed on August 20, 2012 [D.I. 8270]; Estelle Loggins, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through December 31, 2012 (D.I. 8270) as Valid Per Nortel Networks Summary Plan Description (SPD) 2000 and Issue Payment Immediately, filed on March 18, 2013 [D.I. 9673]; and Letter Appealing to Court for Justice and Continued Support, filed on April 26, 2013 [D.I. 10408]. The Debtors have filed separate objections to Ms. Loggins' request that those portions of her proof of claim relating to benefits under the long-term disability plans not be expunged [D.I. 10316] and also to her request for severance [D.I. 10731].

1.      Ms. Loggins is a former employee of NNI, who previously received benefits under the Nortel Networks Inc. Long-Term Disability Plan (the "LTD Plan") until she reached the maximum age of eligibility for such benefits last December. In the Motions, Ms. Loggins seeks compensation or reimbursement from the Debtors relating to her income continuation and certain other employee benefits (including certain offsets and vacation pay). As described further below, Ms. Loggins has already exhausted her right to appeal these issues, and her arguments lack merit. Accordingly, the Debtors request that the relief sought by the Letters be denied with prejudice.

## BACKGROUND FACTS

2.      Ms. Loggins allegedly suffered an injury while traveling on company business for the Debtors in 2000. Thereafter she began receiving benefits under the LTD Plan, which is administered by the Prudential Insurance Company of America ("Prudential"). See Short-Term and Long-Term Disability Plan Summary Plan Description 2000 (the "2000 LTD SPD"), attached as Exhibit 20 to the Declaration of John J. Ray III in Further Support of the Joint Motion Pursuant to Sections 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 to (A) Finally Approve the Settlement Agreement, (B) Finally Certify a Class, (C) Authorize the Debtors to Terminate the LTD Plans, and (D) Grant Related Relief [D.I. 10318] (the "Joint Motion Reply Ray Declaration"). Due to the circumstances surrounding Ms. Loggins's alleged injury, she also was eligible for coverage under the Business and Travel Accident Plan (the "BTA Plan") available to her as an employee of the Debtors. See Life Insurance and Accidental Death & Dismemberment Insurance Plan Summary Plan Description 2000 (the "2000 AD&D SPD") attached as Exhibit 1 to the Declaration of John J. Ray III in Support of the Debtors' Objection to the Letter of Estelle Loggins for Appeal for Justice and

Continued Support and Related Motions, dated June 18, 2013.  The LTD Plan provided income continuation benefits in the event an employee became disabled and unable to continue work, while the BTA Plan provided for a lump sum payment if an employee was accidentally killed or disabled while traveling on business for NNI.  See 2000 LTD SPD at 1; 2000 AD&D SPD, at 17.  Ms. Loggins began receiving benefits under the LTD Plan and also applied for, and later received, a payment under the BTA Plan in the lump sum amount of $315,000.  See Letter from Prudential to Estelle Loggins, dated May 10, 2004, attached as Exhibit 4 to the Motion for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through July 31, 2012, filed by Estelle Loggins on August 20, 2012 [D.I. 8270] (the "May 10, 2004 Prudential Letter"); see also Loggins v. Nortel Networks Inc., No. Civ.A. 3:04-CV-2517N, 2006 WL 740278, at *1 (N.D. Tex. Mar. 9, 2006) (a copy of the decision is attached hereto as Exhibit A).  When Prudential learned of the BTA Plan payment, Prudential notified Ms. Loggins that the BTA award would be offset against her income continuation benefits in accordance with the terms of the  LTD Plan requiring offsets of such income continuation benefits for "other income."  See May 10, 2004 Prudential Letter.  In particular, the "Reduction of Benefits Due to Other Income" provision in the 2000 LTD SPD provides that "LTD benefits will be reduced by other sources of income payable to you or your Dependents because of your disability or retirement."  See 2000 LTD SPD at 17.  For purposes of the LTD Plan, "other income" includes "disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group (whether on an insured or uninsured basis)."  See id. at 11.

3. As Prudential explained to Ms. Loggins in their May 10, 2004 letter, business travel accident insurance is considered a group insurance plan for individuals in a group within

3

the meaning of the Reduction of Benefits Due to Other Income section previously described. See May 10, 2004 Prudential Letter.  Prudential informed Ms. Loggins that it would set off her BTA Insurance award against her income continuation benefits in equal installments over a sixty month period, and also sought repayment of $23,600.97 of overpayments made to Ms. Loggins for prior periods before Prudential became aware of the BTA award.  Ms. Loggins exhausted her right to appeal the determination regarding the offset to Prudential.  See Letter from Stephen X. Miller, Disability Claim Manager at Prudential, to Estelle Loggins, dated October 4, 2012, attached to the Joint Motion Reply Ray Declaration as Exhibit 1.

4. As contemplated under the terms of the LTD Plan, Ms. Loggins then appealed the offset to Nortel's Employee Benefits Committee, which also denied her appeal.  See Loggins v. Nortel Networks Inc., 2006 WL 740278, at *1; See also May 10, 2004 Prudential Letter.  Ms. Loggins next filed suit in district court for the Northern District of Texas, alleging that the Debtors had violated her rights under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  The district court granted the Debtors' motion for summary judgment, concluding that the BTA Plan offset was clearly permitted under the express terms of the LTD Plan and the BTA Plan.  See Loggins v. Nortel Networks Inc., 2006 WL 740278, at *2. Ms. Loggins appealed that decision to the Fifth Circuit Court of Appeals.  The Fifth Circuit upheld the district court's decision stating:

> The BTA and LTD Summary Plan Descriptions are not conflicting or misleading. Although the BTA promises "extra financial security," nowhere does it state that it will permit double collection for a single injury from multiple policies. Moreover, the LTD plan is clear that any benefits will be reduced by other sources of income. Although the plan does not *specifically* state that BTA benefits will cause an offset, it *does* state that it will be offset by any "disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group...." It does not list specific sources of such insurance policies, nor does it exclude any particular policies.

Loggins v. Nortel Networks, Inc., 206 F. App'x 329, 331 (5th Cir. 2006) (a copy of the decision is attached hereto as Exhibit B).

5. Ms. Loggins filed the Motions in 2012 and this spring, reasserting these same claims and arguing certain other errors were made in her compensation and reimbursement in prior periods. Neither Ms. Loggins nor the clerk of the Court had noticed the Motions for hearing. In the interest of having these matters heard and finally resolved, the Debtors requested they be set for hearing on June 25, 2013. The Debtors file this Objection in opposition to the Motions, and request that the Motions be denied with prejudice.

## BASIS FOR OBJECTION

6. Ms. Loggins raises four basic claims in the Motions, claiming the Debtors owe her money or other benefits, relating to: (i) certain offsets taken for payments she received under Nortel's BTA Plan, (ii) reimbursement for the costs of Medicare Part B premiums, (iii) vacation pay, and (iv) her claim for additional medical benefits. Each of these claims lacks merit, as set forth below.

7. Ms. Loggins first seeks to have this Court order the Debtors to pay her $251,471.40 – seemingly by raising the same argument that the Debtors and Prudential previously improperly applied the BTA Plan offset to her LTD Payments. Her argument, which

5

has been rejected by Prudential, the Employee Benefits Committee and two courts, is barred by the doctrine of res judicata. Res judicata precludes a party from reasserting claims that were or could have been asserted in an earlier action. For res judicata to apply, three elements must be established: (1) a final judgment on the merits of a prior action; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. See Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Centra, 983 F.2d 495, 504 (3d Cir. 1992). Here, the doctrine of res judicata bars the relief sought by Ms. Loggins. The Fifth Circuit's ruling was a final ruling on the merits regarding Ms. Loggins's argument that the BTA Plan payment was improperly offset against Ms. Loggins's income continuation payments under the LTD Plan, to which both Nortel Networks Inc. and Ms. Loggins were parties. Furthermore, the current relief sought by Ms. Loggins through the Motions is identical to the relief sought by her in the prior action. Accordingly, Ms. Loggins's request for repayment of the BTA Insurance offset must be denied with prejudice.

8. In the Motions, Ms. Loggins also raises concerns about the administration of the LTD Plan, particularly as it relates to the reimbursement of her Medicare Part B premiums. Specifically, Ms. Loggins alleges that Prudential failed to properly account for the offset of her Medicare Part B premiums from her income continuation benefits. According to Prudential, Ms. Loggins has in fact received a reimbursement for her Medicare Part B premium ever since she was approved for such benefits in August 2003. See Letter from Lynn Schneider, Disability Consultant at Prudential, to Estelle Loggins, dated May 30, 2012, attached as Exhibit 2 to the Letter Regarding Disability Benefits, filed by Estelle Loggins [D.I. 7931]. However, according to the Debtors' records, the adjustments made did not finally account for the premium change from January 2010 to January 2012, and an underpayment of $338.40 occurred. See id.

Prudential informed the Debtors that a check was issued to Ms. Loggins in January 2012 to correct this underpayment, and her claim was adjusted effective January 2012 to prevent future errors. Ms. Loggins has therefore been paid in reimbursement for all errors relating to her Medicare Part B premiums and she has provided no evidence that any further payment is owed to her. Her request for further payments for Medicare Part B offsets should therefore be denied.

9. Ms. Loggins further alleges that she was not properly compensated for her accrued vacation pay upon transitioning to long-term disability status. As described in a letter sent to Ms. Loggins on September 21, 2010 by NNI, NNI was unable to consider Ms. Loggins's request for additional vacation pay. See Letter from Stacy R. Knight, Nortel U.S. Employee Relations Leader, to Estelle Loggins, dated September 21, 2010, attached as Exhibit 8 to the Motion for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through July 31, 2012, filed by Estelle Loggins on August 20, 2012 [D.I. 8270]. As explained in that letter, company records also show that no inquiries were made by Ms. Loggins into her unused vacation pay until June 2009, almost ten years after she commenced benefits under the LTD Plan and after the seven year statute of limitations on maintaining payroll records had passed. Id. The handout Ms. Loggins cites to as the basis of her argument that she was not paid for vacation time upon transitioning to LTD status does not establish any right to payment, instead, it says only that time spent on an authorized medical leave of absence will be included in determining vacation and sick leave upon returning to work. See LTD Procedure / Benefit Entitlement Form, attached as Exhibit 8 to the Motion for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through July 31, 2012, filed by Estelle Loggins on August 20, 2012 [D.I. 8270]. Ms. Loggins has not produced no documents evidencing her

7

entitlement to vacation pay. As a result, her request for payment on account of accrued vacation is improper and should be denied.

10. Certain of the Motions also request that Ms. Loggins's coverage under the Nortel Networks. Inc. Medical Plan be extended. <u>See, e.g.</u>, <u>Motion for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through July 31, 2012</u>, filed on August 20, 2012 [D.I. 8270]. As this Court is aware, medical coverage under the Nortel Networks. Inc. Medical Plan and the Nortel Networks Inc. Retiree Medical Plan is being terminated for all participants as of June 30, 2013 pursuant to the settlements reached with the Official Committee of Long-Term Disability Participants and Official Committee of Retired Employees. The Court's orders approving those settlements became final on May 16, 2013 and April 17, 2013, respectively, and neither Ms. Loggins nor any other individuals appealed those orders. Regardless, as discussed above, Ms. Loggins ceased to be eligible for benefits under the Nortel Networks. Inc. Medical Plan upon turning 65, and Ms. Loggins elected not to return the retirement election form necessary to commence medical benefits under the Nortel Networks Inc. Retiree Medical Plan prior to its termination. Ms. Loggins's request for extended medical coverage therefore cannot be granted, as the Debtors will no longer maintain any medical benefits for any of their current or former employees after June 30, 2013, and Ms. Loggins does not currently receive medical benefits under any of the Debtors' plans regardless.

11. Ms. Loggins also objected to the disallowance of her claim number 7604, which asserted claims related to LTD Benefits [D.I. 9673]. As this Court is aware, that portion of her objection was addressed at the hearing to consider the Settlement Agreement between the Debtors and the LTD Committee on April 30, 2013.[3] At that time, this Court ruled that Ms.

---

[3] Even if it were found that the Debtors owe Ms. Loggins any amounts with respect to the BTA Plan offset, Medicare Part B offsets or accrued vacation pay – which they do not – such claims would at best constitute a pre-

8

Loggins was not an LTD Employee, that she was not eligible to share in the settlement with the LTD Committee and that her claim should be expunged.   <u>See</u> April 30, 2013 Hearing Transcript at 54:5-10 (The Court: "I am going to sustain your Objection to Ms. Loggins' claim on the grounds that she is no longer a member of the LTD group."). Since Ms. Loggins is not an LTD Employee, this Court was correct to disallow Ms. Loggins's claim as it related to LTD benefits and it should not now reconsider the relief sought by Ms. Loggins in the Settlement Objection. Ms. Loggins did not include claims for the relief she now seeks in the Motions in her proof of claim.  <u>See</u> Proof of Claim No. 7604.

12. Accordingly, for the reasons stated herein, the relief sought by the Motions should be denied with prejudice.

[*Remainder of page left intentionally blank.*]

---

petition claim against the Debtors.  A general bar date of September 30, 2009 was set for filing all pre-petition claims against the Debtors.  <u>See</u> <u>Notice of Deadline Requiring Filing of Proofs of Claim on or Before September 30, 2009</u> [D.I. 1281].  Since Ms. Loggins failed to file a proof of claim on account of such allegations, she is now barred from raising such pre-petition claims.

**Conclusion**

For the reasons set forth above, the Debtors respectfully submit that (i) the relief sought by the Motions be denied with prejudice, (ii) enter the Order attached hereto as <u>Exhibit C</u> and (iii) grant such other and further relief as it deems just and proper.

Dated:  June 18, 2013
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*