Exhibit A

2006 WL 740278
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas, Dallas Division.

Estelle LOGGINS, Plaintiff,
v.
NORTEL NETWORKS INC., Defendant.

No. Civ.A. 3:04-CV-2517N.    |    March 9, 2006.

**Attorneys and Law Firms**

Durwood D. Crawford, Goins Underkofler Crawford & Langdon, Dallas, TX, for Plaintiff.

Allen Butler, Hunton & Williams, Dallas, TX, for Defendant.

**Opinion**

*ORDER*

GODBEY, J.

**\*1** Before the Court is Defendant Nortel Network Inc.'s ("Nortel") Motion for Summary Judgment, filed on July 19, 2005. Because the Long Term Disability Plan ("LTD") does not conflict with the Business Travel Accident Insurance ("BTA") the Court grants the motion.

### I. FACTUAL BACKGROUND

Plaintiff Estelle Loggins worked for Nortel and suffered an injury while traveling on company business. Loggins was covered under Nortel's LTD and BTA insurance plans, both of which Prudential Insurance Company of America ("Prudential") administered. She applied for an award under the BTA for injuries incurred while traveling on company business. In July 2003 Loggins received a lump sum BTA payment in the amount of $315,000.00.

Prudential learned of the award at the beginning of February 2004. On February 5, 2004, Geoffrey Dell, Prudential's Disability Claim Manager, notified Loggins that Prudential would offset the BTA award against her LTD benefits. Dell also asked that Loggins return the overpayment stemming from her receipt of LTD benefits, without offset of her BTA award, since July 2003. Loggins disagreed and asked Prudential to reconsider the decision to offset the BTA award against the LTD benefits she was receiving. Prudential refused to reconsider this decision and Loggins appealed to Nortel's Employee Benefits Committee ("EBC"). On August 12, 2004, the EBC notified Loggins that it had denied her appeal after considering it.

Loggins filed suit in federal court alleging that Nortel violated her rights under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Nortel timely filed its motion for summary judgment which the Court now grants.

### II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule 56(c) states that the party moving for summary judgment has the burden of showing that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Harbor Ins. Co. v. Trammel Crow Co.,* 854 F.2d 94, 98 (5th Cir.1988), cert. den. 489 U.S. 1054, 109 S.Ct. 1315, 103 L.Ed.2d 584. In the summary judgment context the Court is to accept the nonmovant's evidence and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255. In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc* ); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III. THE EBC DID NOT ABUSE ITS DISCRETION

This Court reviews the EBC's denial of benefits under an "abuse of discretion" standard because the LTD plan grants such discretion to it. *Meditrust Financial Services v. Sterling Chemicals,* 168 F.3d 211 (5th Cir.1999). Under the abuse of discretion standard, this Court must first determine whether the EBC's interpretation is legally correct. *High v. E-Systems, Inc. Long Term Disability Income and Death Benefit Plan, et al.,* 2005 WL 323728 (N.D.Tex. February 8, 2005) (citing *Wildbur v. Arco Chem. Co.,* 974 F.2d 631, 637 (5th Cir.1992)). If so, the inquiry ends; if not, the court must

next determine whether the EBC's decision was an abuse of discretion. *Id.*

**\*2** Here the EBC's decision was legally correct. The BTA and LTD Summary Plan Descriptions' ("SPD") literal terms neither conflict nor are misleading. Under the BTA SPD, the policy provides "extra financial security to you in case of death or permanent Total Disability resulting from an Accident while traveling on authorized Company business. BTA Insurance proceeds are payable to your Beneficiary in addition to any other life and accident insurance benefits." Plaintiff's App. 5. The policy nowhere states that it would permit double collection of benefits for the same injury. Additionally, the LTD SPD clearly states that "LTD benefits will be reduced by other sources of income payable to you or your Dependents because of your disability or retirement. For the purposes of this plan, 'other income' includes ... disability ... benefits." Defendant's App. 22. These terms do not conflict, rather they clearly spell out that the LTD would offset the BTA payment. [1]

Despite the lack of conflict in the terms, Loggins argues that the EBC's interpretation was incorrect because otherwise the BTA benefit would prove illusory after the LTD offsets. In fact, under the administrator's interpretation, Loggins will still realize a net BTA benefit of almost $190,000.

Because the EBC's interpretation was legally correct, the inquiry ends. The Court thus does not reach the question whether the EBC's decision was an abuse of discretion. Accordingly, the Court grants Nortel's motion for summary judgment.

Footnotes

1   Loggins argues that because the BTA SPD conflicted with the LTA plan, the BTA SPD controls. *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 981-82 (5th Cir.1991). The cases Loggins cited deal with conflicts between an SPD and the plan it was summarizing, which is not analogous to the current situation. The Court declines to chart new territory through ruling that the SPD of one plan controls when in conflict with the actual plan of a completely distinct benefit package. Thus, the plan administrators were legally correct when they applied the offset clause to the LTD benefit.

**End of Document**                    © 2013 Thomson Reuters. No claim to original U.S. Government Works.