Exhibit 2



Nortel Networks Inc.
220 Athens Way
Nashville, Tennessee 37228
Tel 615-432-4298
Fax 615-432-5901

www.nortelnetworks.com

**Ruth A. Hillis**
Senior Benefits Counsel

<u>**VIA CERTIFIED MAIL**</u>

August 12, 2004

Mr. Durwood D. Crawford
Goins, Underkofler, Crawford & Langdon
1201 Elm Street, Suite 4800
Dallas, TX 75270

Re:   **Estelle Loggins--Appeal of Long-Term Disability Plan Offset Determination**

Dear Mr.Crawford:

The Employee Benefits Committee ("Committee") of Nortel Networks Inc. met recently to review your request for the Nortel Networks Long-Term Disability Plan ("LTD Plan") to not offset against LTD Plan benefits for Business Travel Accident ("BTA") insurance benefits received by Ms. Loggins. After reviewing your letter and supporting documents and the information provided by Prudential, the third party administrator of the LTD Plan, the Committee has voted to uphold the decision to offset the BTA benefit against the LTD Plan benefit. Therefore, your appeal was denied.

The information presented included the following:

**BACKGROUND:**
The claimant is a 56 year old female employee who has worked at Nortel for approximately 12 years. The employee claims to have injured her back at DFW Airport on leaving for a business trip on March 12, 2000. She went out of work on April 3, 2000 and then proceeded to STD and then to LTD which continues today. She claimed a Workers Compensation ("WC") injury and received WC payments until receiving Maximum Medical Improvement on May 24, 2001 with a 10% impairment rating. In addition to receiving LTD benefits, and WC benefits, the employee also filed a claim against her Business Travel Accident (BTA) Insurance plan. When the BTA claim was paid and awarded to the employee, Prudential began offsetting the award from her LTD benefits.

**REASON FOR DENIAL:**
On February 27, 2003, Prudential wrote to the claimant requesting information from her on the awards she has received for Social Security Disability benefits as well as any awards for BTA insurance. The letter stated in part the following:

*We are writing in regard to your Long Term Disability (LTD) claim under the Nortel Networks Inc. Group LTD Plan. As you are aware, the income you and any eligible*

Page 2

> *dependents receive from other sources are offset (reduced) from your monthly LTD benefit. This includes, but is not limited to Social Security Disability Benefits (SSDB), workers compensation benefits and any disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group (whether on an insured or uninsured basis). This would include Business Travel Accident (BTA) benefits.*
>
> *Information in our file indicates that you have been awarded Social Security Disability Benefits (SSDB) but you have not provided us with your award information. Please forward a copy of your SSDB award letter to our office. If you have not received or are unable to locate your award letter, please sign the enclosed "Authorization to Secure Social Security File Information" and return it to our office.*
>
> *In addition, we are in need of a copy of your BTA award so that we may adjust your LTD benefit accordingly. Upon receipt and review of your SSDB and BTA award information, your LTD benefits will be recalculated. An overpayment will occur on your LTD claim as a result of the retroactive Social Security Award and your BTA award. Upon receipt of your award information, you will be notified by our office of the amount of the overpayment in a separate letter.*
>
> *Please note that if you do not provide this information to our office, we will estimate the amount of your overpayment and withhold future benefits to recover your estimated overpayment. If your LTD benefit is totally offset by the income you receive from other sources, you will be requested to repay your overpayment in a lump sum. This is in accordance with the terms of your "Reimbursement Agreement" that you signed on October 2, 2000 (copy enclosed).*

Prudential also included with the letter a copy of the reimbursement agreement signed by the claimant on 10-2-2000. In that agreement she agreed to repay any overpayments related to her SSDB.

On March 28, 2003 Prudential again wrote to the employee and in that letter they stated in part the following:

> *...Payments under this LTD Plan were released to you, without an offset for Social Security Disability Benefits (SSDB), for the period from October 3, 2000 through July 31, 2002, and with a reduced offset through March 31, 2003. Therefore an overpayment has occurred on your LTD claim, which must be repaid. We have adjusted your claim in accordance with the non-duplication offset provisions of the group Plan and determined a gross overpayment in the amount of $23,757.40 has occurred. After adjusting applicable taxes, we have determined a net overpayment exists in the amount of $23,600.97. If the overpayment is reimbursed in a lump sum payment, then you may reimburse the net amount of the overpayment. A copy of our calculation is enclosed for your reference.*
>
> *...We would appreciate full reimbursement of this overpayment by April 17, 2003. Future LTD benefits due after April 30, 2003 will be withheld pending our receipt of your reimbursement.*

Page 3

On February 5, 2004 Prudential stated in part the following in their letter to the claimant:

*We were recently informed by your employer of your Business Travel Accident settlement as of July 2003. Other income that you receive from your employer is offset from your Long-Term Disability (LTD) benefits as provided under the Nortel Networks group Plan #39900.*

*Payments under this LTD Plan were released to you, without an offset for your BTA settlement, for the period from July 1, 2003 through January 31, 2004. Therefore, an overpayment has occurred on your LTD claim, which must be repaid. We have adjusted your claim in accordance with the provisions of the group Plan and determined an overpayment exists in the amount of $16,942.67. This figure includes the outstanding balance of the overpayment that resulted from your Social Security Disability Benefits award. A copy of our calculation is enclosed for your reference.*

The letter continues by providing the claimant with the details of where to send the check. Prudential further requested the check be sent to them by February 26, 2004 or that future LTD benefits would be withheld pending the receipt of her check.
A spreadsheet was also sent to the employee with the letter that showed the detailed calculations of the overpayment. It reflected her BTA settlement award was granted July 2003 and it was a total of $315,000. Prudential reflects that the total amount is divided by 60 months and that this would equate to a $5,250 per month offset.

On March 23, 2004 Prudential received a letter from you indicating that Ms. Loggins' case had been referred to you as her attorney. You indicated the claimant did not have copies of any documents allowing this offset and requested a copy of the document that authorizes the offset. The disability prime (D.Lorimer) mailed a copy of the Nortel Networks Disability plan documents to you on March 31, 2004.

On April 3, 2004, Prudential received a letter from the claimant. The letter stated the following:

*First, let me say that one of the reasons I went to work for Nortel is because of their benefit package. Nortel was proud and boisterous about its benefit package. It was emphasized in college recruiting as one of the major reasons to choose them as your employer of choice.*

*This letter is regarding my claim for Long Term Disability (LTD) benefits as provided under the Nortel Networks' LTD Plan. I am requesting an appeal of your decision to deduct my BTA award from my disability benefits based on the following information:*

*1. On page 22 of the Plan Year 2000/Pub. 6/2000 it states: "Disability benefits may also be payable to you for a Total Disability that is an Occupational Disability as defined below. This benefit is provided on the same terms as the benefit for a non-occupational (non-employment related) disability. <u>The amount of disability benefits payable, however, is equal to the excess of the non-occupational disability benefit over the benefits payable under any Worker's Compensation law, occupational disease law or similar legislation.</u>*

*2. Nowhere in the BTA policy does it state that filing claims for the BTA benefit will offset any LTD benefits that are being paid. No where in the Disability policy does it specifically state that BTA benefits will offset the LTD benefits that are being paid.*
*3. If an employee, such as myself, is injured while traveling for the company, and becomes disabled as a direct result of that travel, there is truly no BTA benefit if filing for that benefit is to offset the LTD payments received. (This is referred to as smoked glass and mirrors – offering something to employee's that looks like a decent benefit, and then using another benefit to take away what is being offered.*
*4. On page 17 of the Plan Year 2000 benefits handbook (Life/AD&D) it states, "Business Travel Accident (BTA) Insurance provides <u>extra financial security</u> to you in case of death or permanent Total Disability resulting from an Accident while traveling on authorized Company business. BTA Insurance proceeds are payable to your Beneficiary <u>in addition to any other life and accident.</u>" <u>insurance benefits.</u>*
*5. On page 17 of Plan Year 2000 (Disability) it reads "LTD benefits will be reduced by <u>Other Sources</u> of income payable to you or your Dependents because of your disability or retirement." The key word here is <u>other sources</u>, this implies, other than Nortel. It goes on to describe in great detail what these other sources are. In particular it states 'or any <u>other</u> arrangement of coverage. I have not received any benefits from other sources, except my worker's compensation.* [It should be noted that the employee did receive SSDB from SSA and she received BTA settlement from the American Home Assurance Company. In addition the statement that the claimant is quoting from the Disability plan document reads as follows if taken in totality: "<u>disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group (whether on an insured or uninsured basis"</u>]
*6. The Occupational Disability sections states that occupational disability benefits are equal to the excess of workers compensation.*

*Attached is a chart with benefits calculated based on the information in Plan Year 2000, Pub. 6/2000.*

*Should you have any questions, please contact me at [ (xxx)xxx-xxxx.]*

With the letter, the claimant included an Excel spreadsheet reflecting the amount of LTD benefits she received and reflecting what she felt was the proper offset amount for her WC benefits only. SSDB and BTA do not appear to be reflected in her spreadsheet. The end result of her analysis is that she has been under paid by $52,122.93.

On May 10, 2004 Prudential wrote to the employee in response to her letter of April 3, 2004. In that letter, Prudential stated in part the following:

*Under the "Reduction of Benefits Due to Other Income" section of the Nortel Networks, Inc. Group LTD Plan, you are advised that LTD benefits will be reduced by other sources of income payable to you or your family members because of your disability or retirement. In regards to your BTA settlement, this is considered "other income" as defined in:*

- *Disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group (whether on an insured or uninsured basis)*

Page 5

> *Your BTA settlement was paid under a group insurance plan that Nortel Networks, Inc. has with AIG insurance company. Therefore, we offset your BTA settlement in accordance with the above LTD Plan provision.*
>
> *In addition, the LTD Plan states that any single lump payment will be allocated to 60 monthly periods. Your BTA settlement of $315,000 will be offset at a rate of $5,250 per month for the period of July 1, 2003 through June 30, 2008. Since your BTA award and your Social Security award exceed your monthly LTD benefit of $3,635.92, you are entitled to receive a minimum monthly LTD benefit of $363.59.*
>
> *On February 5, 2004 we wrote to you to advise you that an overpayment of $16,942.67 occurred on your LTD claim. Since you have been unable to repay your overpayment in a lump sum we have been withholding your net monthly LTD benefit of $363.59 towards recovery of your overpayment. By withholding benefits, your overpayment will be recovered by August 31, 2008. The calculation chart that we provided to you was accurate.*

The letter continues by providing the employee with her ERISA appeal rights.

Prudential also provided information from their notes on file regarding this issue. Those notes reflect that Prudential spoke with the employee on January 28, 2003. In that call, Prudential asked that the employee supply a copy of her SSDB award and employee agreed to send to them via fax. It further indicates the WC payments had been properly offset and no further overpayments on WC were noted. They also discussed the BTA settlement and Prudential advised the employee that this would be offset from her LTD benefits and explained how the offset would occur. The notes indicate the employee understood and that she would advise Prudential when her BTA settlement was received.

On March 25, 2003 Prudential again contacted the employee by phone to request her SSDB award letter. (The claimant had not supplied the award letter as she committed to do in the 1/28/2003 call with Prudential.) The employee then indicated she had misplaced the letter but would request another one. Prudential instead offered to set up a conference call with SSA and employee to obtain award info over the phone. In doing so, Prudential learned that the claimant had another prior SSDB award in 1987. All SSDB award information was obtained over the phone and that allowed Prudential to calculate the amount of the overpayment on the SSDB. They indicated to the employee that they still needed information on her BTA award. The employee indicated that no decision had been made as yet. She was advised to provide the information when received.

On January 27, 2004 it appears the employee called Prudential to inquire as to the amount of her check. Prudential advised that an error had occurred on her medical deduction that had since been corrected. At that time, Prudential also advised the employee that they had received notification on her BTA settlement and that they had sent it to the Adjustment Unit for calculation of any overpayments. The employee indicated she would take this up with her attorney.

On May 14, 2004 it appears employee indicated she disagreed with the decision to offset her BTA and that she would appeal to Nortel EBC. Employee asked if Prudential had a

Case 09-10138-MFW    Doc 10930-2    Filed 06/18/13    Page 7 of 11

Page 6

copy of the 2000 plan and was advised they did. Employee asked Prudential if they were told by Nortel to offset her BTA. Prudential told her no and that it was Prudential that was following the outcome of her BTA settlement.

**EMPLOYEE'S ARGUMENT:**
The employee's attorney submitted an appeal letter to the EBC on June 7, 2004 and in the letter, he stated the following:

*This letter is written on behalf of [Claimant] to appeal the decision of Prudential Insurance Company dated May 10, 2004.*

*As an employee of Nortel, [Claimant] received a summary plan description for Business Travel Accident (BTA) insurance which stated "Business Travel (BTA) insurance provides extra financial security to you in case of death or permanent Total Disability resulting from an Accident while traveling on authorized company business. BTA insurance proceeds are payable to your Beneficiary in addition to any other life and accident insurance benefits." The clear representation was that it provided "<u>extra financial security</u>" in case of death or permanent total disability" and that these benefits were "<u>in addition</u>" to other accident insurance benefits. It turns out, however, that according to Prudential's interpretation, these were not extra benefits at all and were not in addition to other benefits!*

*Prudential contends that it is entitled to offset its disability benefit payments by the amount paid under the BTA insurance. If Prudential's interpretation of the "reduction in benefits" section of the plan is correct, then it puts Nortel in the position of having made an outright misrepresentation to [Claimant] and other employees, which continues to the present day.*

*[Claimant] discussed Prudential's interpretation recently with the Global Employee Services Department and was informed that no such offset could be made. The employee she talked to discussed the matter with numerous persons before responding with an e-mail (attached) to [Claimant] that no such offset would be made because, if it were done, it would be "smoked glass and mirrors." [Claimant] certainly agrees with the Global Employee Services Department that this was intended as an additional benefit that did not replace the other disability benefit. She paid a portion of the premium for an additional amount of disability coverage – which, according to Prudential's interpretation, resulted in <u>no</u> additional coverage. Employees are led to believe their premium dollars are purchasing additional disability coverage, but if they are hurt while traveling for the Company they are <u>not</u> getting any additional coverage for their money, under Prudential's interpretation.*

*Furthermore, it became necessary for [Claimant] to file suit against American Home Assurance Company and obtain a Judgment against it in order to collect on the BTA policy. In that process, she had to incur attorneys' fees and court costs which substantially reduced the amount she recovered from that company – yet Prudential is treating it as though she collected the entire amount.*

*There are other offsets that have been taken that she believes are improper. [Claimant] requests that the Committee review the determination made by Prudential in light of the information that Nortel Networks distributes to its employees, as well as*

*how the Global Employee Services Department views and represents these benefits to employees.*

Enclosed with the letter, the following information was also submitted for review:

A one page photocopy of what appears to be page 17 of the Plan Year 2000 Life Insurance plan document that focuses specifically on Business Travel Accident (BTA) Insurance. Several sections of this page are underlined. Those sections state the following:

*Business Travel Accident (BTA) Insurance provides extra financial security to you in case of death or permanent Total Disability resulting from an Accident while traveling on authorized Company business. BTA Insurance proceeds are payable to your Beneficiary in addition to any other life and accident insurance benefits....*

*BTA Insurance Amount*
*BTA Insurance coverage is equal to five times your FLEX Earnings, with a maximum coverage limit of $1,000,000.*

The second document that was enclosed with the appeal letter is a copy of an email communication that was sent on May 3, 2004 at 3:11 p.m. from Kim Pulliam of Global Employee Services to the claimant's email address. Subject of the email is "Appeal Information". The email appears to have been received by the claimant and then forwarded to her attorney on the same date at 3:20 p.m. The email states the following:

*[Claimant's first name],*

*For your appeal to Pru for the BTA offset:*

*No where in the BTA policy does it state that filing claims for the BTA benefit will offset any LTD benefits that are being paid.*

*No where in the Disability policy does it specifically state that BTA benefits will offset the LTD benefits that are being paid.*

*If an employee, such as yourself, is injured while traveling for the company, and becomes disabled as a direct result of that travel, there is truly no BTA benefit if filing for that benefit is to offset the LTD payments being received. (This is referred to as smoked glass and mirrors --- offering something to employee's that looks like a decent benefits, and then using another benefit to take away what is being offered.)*

*Please let me know if you need hard copies of these policies sent to you.*

*Thanks,*

*Kim Pulliam*
*Global Employee Services*

The email includes Kim's phone and fax number and then includes a confidentiality statement that reads:

*This email and attachments may be confidential or legally privileged. If you received this message in error or are not the intended recipient, you should destroy the e-mail message and any attachments or copies ASAP. You are prohibited from retaining, distributing, disclosing or using any information contained herein. Please inform the sender of the erroneous delivery by return e-mail (or calling 919/992-2618). Thank you for your cooperation.*

**PLAN DESCRIPTION:**

The long-term disability plan document states the following with regard to Social Security Disability Benefits and other income:

*Reduction of Benefits Due to Other Income*
*LTD benefits will be reduced by other sources of income payable to you or your Dependents because of your disability or retirement.*
*For the purposes of this plan, "other income" includes:*
*--Income received from any employer or from any occupation for compensation or profit, including self-employment*
*--Workers' Compensation benefits (excluding payments of legal fees incurred in the Claim process)*
*--<u>Disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group (whether on an insured or uninsured basis)</u>*
*--Any other disability, retirement or unemployment benefits required or provided for under any law of any government – for example:*
- *Unemployment compensation benefits*
- *No-fault wage replacement benefits*
- *Statutory disability benefits*
- *<u>Social Security benefits (family offset)</u>, the Canada Pension Plan and the Quebec Pension Plan, including Dependents' benefits, but not counting any increase in benefits after STD benefit payments have started under this plan.*

*…This plan takes into account other income for which you are eligible, but may have not yet received. It is your responsibility to complete any required applications, such as for Social Security benefits, as well as undertake any necessary processes for appeal if initially denied.*

*In the case of Social Security, you are expected to pursue the following steps:*
*1. Apply for Social Security benefits.*
*2. Appeal at the reconsideration level, if benefits are denied.*
*3. Appeal at the Administrative Law Judge level, if benefits are again denied.*

*Until you give the plan written proof that your application for other disability benefits has been finally denied, the plan will estimate your monthly Social Security and other income and use that amount to determine your benefit under this plan.*

*If you sign a Reimbursement Agreement, your Social Security or other income will not be estimated while your applications and appeals are pending….*

> *All claims submitted under this Policy for Permanent Total Disability must be verified in accordance with the following procedure unless such procedure is waived by the Company at its sole discretion:*
>
> *(a)    by agreement between a licensed practicing physician appointed by Northern Telecom and a licensed practicing physician appointed by the Company, or*
>
> *(b)    in the event that the two physicians so appointed by the parties cannot arrive at an agreement, a third licensed practicing physician shall be selected by the first two physicians and the majority decision made by all three physicians shall be binding on Northern Telecom and the Company.*

The Committee determined:
1) that the written LTD Plan description is clear regarding offsets, i.e. "LTD benefits will be reduced by other sources of income payable to you or your Dependents because of your disability or retirement. For the purposes of this plan, "other income" includes:...Disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group (whether on an insured or uninsured basis)."
2) That the BTA benefit is a disability benefit provided under a group insurance plan and therefore qualifies as "other sources of income".
3) "Other sources of income" means sources other than the LTD Plan, not sources other than Nortel. Even if it had that meaning, the BTA Plan is an insured plan so the benefit is paid by the insurer.
4) The BTA summary plan description indicates that its benefit is paid in addition to "any other life and accident insurance benefits". The LTD Plan is a disability benefit plan, not a "life and accident insurance benefit". It pays benefits for disabilities that arise from any cause-- not just accidents. The BTA plan also pays death benefits due to accidents. Therefore, there is no representation in the BTA summary plan description that its benefits will be in addition to the LTD Plan's benefits.
5) Kim Pulliam is not an administrator of the LTD Plan and her comments regarding the administration or interpretation of that plan are gratuitous and not binding on the administrators of the Plan.

For the reasons described above, the Committee voted unanimously to deny your appeal regarding this matter. No further administrative appeals are available with regard to this decision. You do have the right to bring a civil action under ERISA Section 502(a) following such an adverse benefit determination on final review of a denied claim.

Sincerely,

        Ruth Hillis
        Senior Benefits Counsel

cc:    Employee Benefits Committee
       Debbie Lorimer, Global Benefits Dept.
       Jean Burkard, Global Employee Services