IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| A<br>In re:<br><br>Nortel Networks Inc., *et al.*, The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Objection Deadline: June 18, 2013<br>Hearing Date: June 25, 2010 at 10a.m.<br>Re:            Docket#10408 |

### ESTELLE LOGGINS, SUPPORT OF DEBTORS SCHEDULED HEARING (June 25, 2013) IN RESPONSE TO MY LETTER TO THE COURT [D.I. 10408] APPEALING FOR JUSTICE AND CONTINUED SUPPORT

Estelle Loggins, an employee with twenty-two years of service to the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submits this motion requesting Debtors to admit my claim for the payments as valid per Nortel Networks year 2000 SPD and issue payment. In support of this Motion, I respectfully represent as follows:

### BACKGROUND

1. On May 7, 2012 the Debtors filed "Motion To Authorize And Approve Procedures To Resolve Or Otherwise Settle Claims Of Employees Terminated Post-Petition". [D.I. 7617] This Motion was approved by the Court on May 24, 2012. [D.I. 7685]

2. On July 30, 2012 the Debtors filed the "Debtors' "Motion for Entry of an Order Terminating Retiree Benefits and Approving a Settlement Proposal Pursuant to 11 § 1114 [D.I. 8066] (the "Plan Termination and Settlement Motion" U.S.C. §§ 105, 363 and 1108 Authorizing The Debtors to Terminate the Debtors' Long Term Disability Plans and the Employment of the LTD Employees" [D.I. 8067].

3. On June 1, 2013 An "Order (A) Approving The Settlement Agreement On A

Final Basis, (B) Certifying A Class For Settlement Purposes Only On A Final Basis, (C) Authorizing the Debtors To Terminate The LTD Plans, And (D) Granting Related Debtors [D.I. 10406].

It took the Department of Labor (DOL) to force the Debtors' to reimburse LTD beneficiaries for monthly Medicare B cost: something they promised to do in SPD. After the Debtors' were ordered to reimburse all of the LTD beneficiaries as per the SPD; did they comply; No, not fully. All I want is what I was promised in SPD 2000[1] I relied on the information in the SPD to my detriment. As a result I have lost my home, car, Good Credit, and my self-respect[2]. Therefore, I ask the court to grant me the underpayment of benefits in the amount of $46,545.33 that has reoccurring since the effective date I became eligible for Medicare Part B coverage (August 1, 2003)[3].

In March 2004 Nortel booked a Business Travel and Accident deduction of $5,250/month to my LTD account. Before this action I did not owe them any monies nor did they owe me any (that I was aware of). Prudential, the plan manager, booked this retroactively creating a $16,942.67 overpayment to my account[4]. The plan does not allow for retroactive treatment of such payment. "It states the deductions are to be taken over a sixty month period an that a retroactive payment is booked retroactively (BTA was not a retroactive payment )[5] The Debtors' as administrators of the plan had a fiduciary duty to protect the beneficiaries of the plan (ERISA 3(16). Therefore, I respectfully ask the court to grant me the underpayment of benefits in the amount of $16,942.67 outstanding since March 2004.

Extension of Health Care Protection - The following applies to all coverage's other than Hospice Care Program: " your protection under the Plan may be extended after the date you cease to be covered under the Plan. Coverage will be extended if on the date you ceased to be covered, you are totally disabled (as defined in the Disability Section of this binder) from a Sickness or Injury and are under a Doctor's care. Coverage will be extended for the time you remain disabled, from a sicknesses or Injury and under a Doctor's care."[6] I have been under the care of a physician (every month, never missed an appointment) since the date of my 'occupational injury'. Therefore, I respectfully ask the court to grant me continued medical

2

coverage per the terms cited.

At the tune if my disability I was given a handout of LTD Procedure/Benefit Entitlement Form. [7] This form stated that upon returning to work, I would receive (there are no jobs to return to, therefore I took retirement as required by SPD 2000) my vacation pay. In February of 2012 I was told it was pass the statue of limitation period to receive it. I had accrued two weeks vacation at the time of my leave. Therefore, I respectfully as the court to grant me the vacation pay in the amount of $2,493.20 as promised.

I have exhausted my efforts to pursue the Debtors' in court for their handling of my BTA settlement, but in the Judges final order signed March 9, 2006 the Debtors' told the court that I would realize a net BTA benefit amount of almost 190,00 ($189,940.20).[8] If this was correct then why was the offset booked at $5,250 for 60 months instead of the actual of $2,084.33.12 I will never realize the $189,940.20 promised in documents. The Debtors' are in the habit of not being completely honest with courts of law, as noted in the filings with the U.S. Fifth Circuit Court, they alleged that BTA was a disability benefit when the SPD CLEARLY STATES IT IS Life/AD&D Benefit. Further, the Maintenance of Benefits provision of the SPD relates only to Medical Plans. Therefore, I respectfully ask the court to grant me the net-realizable value of $189,940.20. As promised in court.

In the Final Order (D. I. 10406, Exhibit 1 "Settlement Agreement". "The Debtor' defines "

'Excluded Claims as 1.)

1. "Claims arising under or relating to the Retire Welfare Plans, which subject to being settled by the Debtors Motion for Entry of Orders Pursuant to 11 U.S.C. §§ 105,363 and 1114 and Fed. R. Bankr. P. 9019(A) Approving Settlement Notification Procedures and, subsequently, (B) Approving a Settlement Agreement with the Official Committee of Retired Employees [D.I. 9224];"

3. On January 18, 2013, the Debtors and the LTD 1102 Committee filed a Joint Motion "Joint Motion Pursuant to 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules

3

11. Per Nortel Networks documentation, as well as the Debtors continued recognition to-date of LTD Employees as being "active employees", I meet all eligibility criteria set forth in Nortel Networks SPD 2000 for issuance this underpayment. I have attached a letter from Prudential's Regina M. Carter describing by benefit amount is detail (Exhibit A), and a copy of AIG's insurance contract ( Exhibit B) with Nortel as a basis for my claim.

### NOTICE

1. Notice of this Motion has been provided to the US Bankruptcy Court, Delaware and the Debtors Counsel, Cleary, Gottlieb, Steen & Hamilton LLP via first class mail. Other parties will receive notice through the Court's electronic filing system. I respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE, Estelle Loggins,** herein respectfully requests this Court grant this Motion and relief request herein compelling the Debtors to recognize my claim for compensation and reimbursement of amounts owed for the period of March 1, 2003 through December 31, 2012 as valid and issue payment (D.I.8270).

Dated: June 19, 2013

ESTELLE LOGGINS
250 OLD MILL LANE
DALLAS, TX 75217

*Appearing Pro Se*

6