## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*, [1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

-----------------------------------------------------------X   **Objections Due:  July 11, 2013 at 4:00 p.m. (ET)**

**COVERSHEET FOR TWENTIETH MONTHLY APPLICATION OF TOGUT, SEGAL & SEGAL LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2013 THROUGH APRIL 30, 2013**

| | |
|---|---|
| Name of Applicant: | **TOGUT, SEGAL & SEGAL LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Retired Employees |
| Date of Retention: | September 20, 2011 *nunc pro tunc* to August 22, 2011 |
| Period for Which Compensation and Reimbursement is Sought: | April 1, 2013 through April 30, 2013 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $185,122.00 |
| Amount of Reimbursement | $4,152.99 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

ME1 15838766v.1

Sought as Actual,
Reasonable and Necessary:

This is a __x__ monthly application.

The total time expended for fee application preparation is 2.5 hours and the corresponding compensation requested is $992.50

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 1/27/12 | 8/22/11 – 9/30/11 | $616,084.50/$2,843.48 | $616,084.50/$2,843.48 |
| 1/27/12 | 10/1/11 - 10/31/11 | $259,567.00/$1,833.73 | $259,567.00/$1,833.73 |
| 1/27/12 | 11/1/11 - 11/30/11 | $136,096.50/$978.50 | $136,096.50/$978.50 |
| 2/16/12 | 12/1/11 – 12/31/11 | $138,304.00/$935.88 | $138,304.00/$935.88 |
| 4/16/12 | 1/1/12 – 1/31/12 | $184,252.50/$1,072.26 | $184,252.50/$1,072.26 |
| 5/4/12 | 2/1/12 – 2/29/12 | $169,043.50/$2,143.34 | $169,043.50/$2,143.34 |
| 5/24/12 | 3/1/12 – 3/31/12 | $122,756.00/$739.76 | $122,756.00/$739.76 |
| 6/22/12 | 4/1/12 – 4/30/12 | $205,953.00/$1,856.42 | $205,953.00/$1,856.42 |
| 7/25/12 | 5/1/12 – 5/31/12 | $247,532.00/$3,186.92 | $247,532.00/$3,186.92 |
| 8/24/12 | 6/1/12 – 6/30/12 | $239,472.00/$4,745.46 | $239,472.00/$4,745.46 |
| 10/5/12 | 7/1/12 – 7/31/12 | $301,315.00/$3,506.01 | $301,315.00/$3,506.01 |
| 10/26/12 | 8/1/12 – 8/31/12 | $320,818.00/$5,418.26 | $320,818.00/$5,418.26 |
| 12/6/12 | 9/1/12 – 9/30/12 | $222,459.00/$4,654.61 | $222,459.00/$4,654.61 |
| 1/17/13 | 10/1/12 – 10/31/12 | $153,143.00/$2,563.33 | $153,143.00/$2,563.33 |
| 2/15/13 | 11/1/12 – 11/30/12 | $160,012.50/$1,741.21 | $160,012.50/$1,741.21 |
| 2/28/13 | 12/1/12 – 12/31/12 | $226,637.00/$2,852.84 | $226,637.00/$2,852.84 |
| 3/27/13 | 1/1/13 – 1/31/13 | $187,045.00/$2,227.95 | $187,045.00/$2,227.95 |
| 5/1/13 | 2/1/13 – 2/28/13 | $332,792.00/$30,560.49 | $332,792.00/$30,560.49 |
| 6/4/13 | 3/1/13 – 3/30/13 | $285,222.00/$8,038.94 | $285,222.00/$8,038.94 |

ME1 15838766v.1

# COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

## April 1, 2013 Through April 30, 2013

| Name of Professional Person | Position of the Applicant | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Albert Togut | Partner | $935 | 5.1 | $4,768.50 |
| Neil Berger | Partner | $805 | 76.7 | $61,743.50 |
| Richard K. Milin | Of Counsel | $715 | 48.8 | $34,892.00 |
| Stephanie Skelly | Associate | $375 | 135.8 | $50,925.00 |
| Michael D. Hamersky | Associate | $375 | 6.4 | $2,400.00 |
| Samantha Rothman | Associate | $225 | 61.2 | $13,770.00 |
| Dawn Person | Paralegal | $295 | 5.8 | $1,711.00 |
| Caitlin Stachon | Paralegal | $160 | 93.2 | $14,912.00 |
| **GRAND TOTAL:** | | | **433.0** | **$185,122.00** |
| **BLENDED RATE:** | **$427.53** | | | |
| | | | | |

3

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

## April 1, 2013 Through April 30, 2013

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fee Application/Monthly Fee Statements | 2.5 | $992.50 |
| Retiree Benefits | 287.0 | $111,947.50 |
| Retiree Committee Matters | 62.4 | $33,486.00 |
| LTD Settlement/ICF | 81.1 | $33,287.00 |
| **Totals:** | **433.0** | **$185,122.00** |

ME1 15838766v.1

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

# April 1, 2013 Through April 30, 2013

| Expense Category | Total Expenses |
|---|---|
| Lodging | $1,454.70 |
| Meals | $227.11 |
| Overnight Courier | $231.64 |
| Photocopies | $862.50 |
| Postage | $2.24 |
| Telephone | $35.86 |
| Travel-Ground | $1,338.94 |
| **TOTAL** | **$4,152.99** |

ME1 15838766v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                      :          Chapter 11
:
Nortel Networks Inc., *et al.*, [2]                          :          Case No. 09-10138 (KG)
:
             Debtors.    :          Jointly Administered
:
:
---------------------------------------------------------X    **Objections Due: July 11, 2013 at 4:00 p.m. (ET)**

## TWENTIETH MONTHLY APPLICATION OF TOGUT, SEGAL & SEGAL LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2013 THROUGH APRIL 30, 2013

Togut, Segal & Segal LLP (the "Togut Firm"), as counsel to the Official

Committee of Retired Employees (the "Retiree Committee") in the above-captioned cases

(collectively, the "Debtors"), submits this twentieth application (the "Application") for

interim allowance of compensation for professional services rendered by the Togut Firm as

counsel for the Retiree Committee for the period April 1, 2013 through April 30, 2013 (the

"Application Period") and reimbursement of actual and necessary expenses incurred by the

Togut Firm during the Application Period under sections 330 and 331 of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice

and Procedure for the United States Bankruptcy Court of the District of Delaware (the "<u>Local</u>

<u>Rules</u>"), the United States Trustee's Guidelines for Reviewing Applications for Compensation

and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the

"<u>U.S. Trustee Guidelines</u>") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P.

2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and

Reimbursement of Fees and Expenses for Professionals and Official Committee Members

(D.I. 222) (the "<u>Interim Compensation Procedures Order</u>")[3].  In support of this Application,

the Togut Firm represents that:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334.  Consideration of this Application is a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

## BACKGROUND

2.      On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.  The

Debtors continue to operate their businesses and manage their properties as debtors-in-

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

---

[3]      Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim
         Compensation Procedures Order.

7

3.       On January 26, 2009, the United States Trustee for the District of

Delaware appointed the Official Committee of Unsecured Creditors (the "UCC").

## RETENTION OF TOGUT, SEGAL & SEGAL LLP

4.       On September 20, 2011, this Court entered the Order Pursuant to 11

U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-

1 and 2016-1 Authorizing the Retention and Employment of Togut, Segal & Segal LLP as

Counsel to the Official Committee of Retired Employees *nunc pro tunc* to August 22, 2011

(D.I. 6412).

## FEE PROCEDURES ORDER

5.       On February 4, 2009, the Court entered the Interim Compensation

Procedures Order, which sets forth the procedures for interim compensation and

reimbursement of expenses for all professionals in these cases.

6.       The Interim Compensation Order provides that a Professional may file

and serve a Monthly Fee Application with the Court after the first day of each calendar

month.  Provided that there are no objections to such Monthly Fee Application filed within

twenty (20) days after the service of a Monthly Fee Application, the Professional may file a

Certificate of No Objection with the Court, after which the Debtors are authorized to pay

such Professional 80 percent of the fees and 100 percent of the expenses requested in such

Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then

the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not

subject to an objection.

## RELIEF REQUESTED

7.    The Togut Firm makes this Application (a) for allowance of compensation for the actual and necessary professional services that it rendered as Counsel for the Retiree Committee during the Application Period and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Retiree Committee during that same period.

8.    During the Application Period, the Togut Firm incurred fees in the amount of $185,122 and necessary expenses totaling $4,152.99. As of the date of this Application, the Togut Firm has not received any payments on account of those amounts.

9.    During the Application Period, the Togut Firm rendered professional services to the Retiree Committee as requested and as necessary and appropriate in furtherance of the Retiree Committee's rights under section 1114 of the Bankruptcy Code.

## COMPENSATION BY PROJECT CATEGORY

**A.  RETIREE BENEFITS:**
**Fees:  $111,947.50;  Total Hours:  287.0**

10.    On January 23, 2013, the Court entered an order (the "Notice Procedures Order") [Dkt. No. 9324], which granted the Debtors' Motion for Entry Of An Order Pursuant To 11 U.S.C. §§ 105, 363 And 1114 And Fed. R. Bankr. P. 9019 Approving Form And Method Of Notice Of Hearing To Consider Settlement Agreement With The Official Committee Of Retired Employees (the "Motion ") [Dkt. No. 9224].  The Togut Firm spent considerable time and effort during the Application Period to communicate with retirees and other persons who are eligible to participate in the Retiree Committee's Settlement Agreement with the

ME1 15838766v.1

Debtors concerning, without limitation, the benefits and mechanics of the settlement, the ballots that were circulated pursuant to the Notice Procedures Order, individual claim forms, eligibility issues, and other matters.

11.     The Togut Firm appeared on behalf of the Retiree Committee at the April 2, 2013 hearing to consider the Debtors' Motion for entry of an order approving the Settlement Agreement between the Debtors and the Retiree Committee.  Applicant also negotiated with parties that filed objections to the Settlement Agreement.  On April 2, 2013, the Court entered an Order Granting Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 Approving a Settlement Agreement With the Official Committee of Retired Employees (the "Approval Order").

12.     Throughout the Application Period, the Togut Firm responded to hundreds of telephone and email inquiries that were made by retirees and participants in the Debtor's Long Term disability Plans (the "LTD Participants") concerning the Settlement Agreement, the Approval Order, their claims under the Settlement Agreement.

**B.  LTD SETTLEMENT/ICF:**
   **Fees: $33,287.00;  Total Hours:  81.1**

13.     Pursuant to the terms of the Approval Order, the fees and expenses incurred by the Togut Firm in connection with (a) inquiries by LTD Participants and (b) the preparation of final Individual Claim Forms for eligible participants under the Settlement Agreement are to be paid by the Debtors' estate.  Consequently, this monthly statement includes time charges and expenses incurred by the Togut Firm in connection with inquiries from LTD Participants in the preparation of final Individual Claim Forms.

**C.  RETIREE COMMITTEE MATTERS:**

10

**Fees: $33,486.00;  Total Hours:  62.4**

14.     Throughout the Application Period, the Togut Firm participated in regular meetings of the Retiree Committee and advised the Retiree Committee concerning its rights and obligations under Bankruptcy Code section 1114 and concerning the proposed settlement of the Termination Motion.  The Togut Firm prepared for the hearing to consider the Termination Motion, including, without limitation, preparing a Declaration and hearing testimony for one of the Retiree Committee members.

15.     In addition, the Togut Firm continued to provide updated information to the Nortel retirees through the website that has been established by the Retiree Committee pursuant to the Court's October 17, 2011 Order Granting Motion of the Official Committee of Retired Employees for Entry of an Order Clarifying its Requirement to Provide Access to Information [Dkt. No. 6458], including, without limitation, information regarding the Settlement Agreement.

16.     The Togut Firm also had numerous communications with representatives of the Debtors throughout the Application Period concerning the rights of the Retiree Committee.

### D.  FEE APPLICATION/MONTHLY FEE STATEMENTS:
   **Fees:  $992.50;  Total Hours:  2.5**

17.     During the Application Period, the Togut Firm followed the terms and procedures set forth under the Interim Compensation Order.

18.     Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

ME1 15838766v.1

19.    <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by the Togut Firm during the Application Period.

20.    The Togut Firm charges 10 cents per page for photocopying.

21.    The Togut Firm charges $1 per page for outgoing long distance domestic facsimiles and does not charge for incoming facsimiles.

22.    In accordance with Local Rule 2016-2, the Tout Firm has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

23.    The Togut Firm has endeavored to represent the Retiree Committee in the most efficient manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at the Togut Firm so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, the Togut Firm has endeavored to coordinate with McCarter & English, LLP, local counsel for the Retiree Committee, and the other professionals involved in these cases to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors' estate.

24.    No agreement or understanding exists between the Togut Firm and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

25.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

12

**WHEREFORE**, the Togut Firm respectfully requests that this Court: (a) allow the Togut Firm (i) interim compensation in the amount of $185,122 for actual, reasonable and necessary professional services rendered on behalf of the Retiree Committee during the period April 1, 2013 through April 30, 2013, and (ii) interim reimbursement in the amount of $4,152.99 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to the Togut Firm the amount of $148,097.60 which is equal to 80% of the Togut Firms' allowed interim compensation and $4,152.99, which is equal to 100% of the Togut Firms' allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: Wilmington, Delaware
       June 21, 2013

MCCARTER & ENGLISH, LLP

 /s/ William F. Taylor, Jr.
William F. Taylor, Jr. (Del. No. 2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel. (302) 984-6313
Email: wtaylor@mcarter.com

- and -

TOGUT, SEGAL & SEGAL LLP
Counsel to the Official Committee
of Retired Employees
Albert Togut (*Pro Hac Vice Admission*)
Neil Berger (*Pro Hac Vice Admission*)
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Email: altogut@teamtogut.com
Email: neilberger@teamtogut.com

13