# United States Bankruptcy Court

District of Delaware

In re: **Nortel Networks, Inc.**            Case No.: **09-10138**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **Hain Capital Holdings, LLC** | **Tin Inc. d/b/a Temple-Inland** |
| | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **Hain Capital Holdings, LLC** | |
| **301 Route 17, 7th Floor** | |
| **Rutherford, NJ 07070** | |
| **Attn: Amanda Rapoport** | |
| Phone: **(201) 896 - 6100** | |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct #: _____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor |
| | **Tin Inc. d/b/a Temple-Inland** |
| | **1300 S. Mopac** |
| | **3rd Floor** |
| | **Austin, TX 78746** |

Court Claim # (if known): 492 &1847
Date Claim Filed:        02/18/2009 & 8/20/2013

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Amanda Rapoport_____            Date: 06/14/2013
       Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                    _____
                              **CLERK OF THE COURT**

## EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Tin Inc. D/B/A Temple - Inland** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Holdings, LLC ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) associated with proof of claim number **492** against Nortel Networks Inc. (the "Debtor"), Chapter 11 Case No. 09-10138 United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 14 day of June, 2013.

TIN INC. D/B/A TEMPLE - INLAND

By: _____
Name: MARK Wiklund
Title: SR Credit mgr

HAIN CAPITAL HOLDINGS, LLC

By: _____
Name: Robert Koltai
Title: Manager

## EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Tin Inc. D/B/A Temple - Inland** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Holdings, LLC ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) associated with proof of claim number **1847** against Nortel Networks Inc. (the "Debtor"), Chapter 11 Case No. 09-10138 United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 14 day of June, 2013.

TIN INC. D/B/A TEMPLE - INLAND

By: _____
Name: Mark Wiklund
Title: Sr Credit Mgr

HAIN CAPITAL HOLDINGS, LLC

By: _____
Name:
Title: Robert Koltai
Manager