## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

*In re*                                                    :      Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :      Case No. 09-10138 (KG)
                                                           :
                                        Debtors.           :      Jointly Administered
-------------------------------------------------------- X
                                                           :
Nortel Networks Inc.,                                      :
                                        Plaintiff,         :
                                                           :
v.                                                         :      Adv. Proc. No. 12-50608 (KG)
                                                           :
Commonwealth of Virginia                                   :      **Hearing Date:  July 30, 2013 at 10:00 a.m. (ET)**
Department of Taxation,                                    :      **Objections Due:  July 23, 2013 at 4:00 p.m. (ET)**
                                        Defendant.         :
                                                           :
-----------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND
### BANKRUPTCY RULE 9019 APPROVING STIPULATION BETWEEN
### NORTEL NETWORKS INC. AND VIRGINIA DEPARTMENT OF TAXATION

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and

363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing NNI's entry

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their
petitions are available at http://dm.epiq11.com/nortel.

into and approving a stipulation attached hereto as **Exhibit B** (the "Stipulation") with the

Commonwealth of Virginia Department of Taxation (the "Department", and together with NNI,

the "Parties"), and (ii) granting them such other and further relief as the Court deems just and

proper.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 363(b)

of the Bankruptcy Code and Bankruptcy Rule 9019.

### Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code
on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases
for procedural purposes [D.I. 1098].

Canadian affiliates (collectively, the "<u>Canadian Debtors</u>")[3] commenced a proceeding with the

Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors

Arrangement Act (Canada) (the "<u>CCAA</u>"), seeking relief from their creditors (collectively, the

"<u>Canadian Proceedings</u>") and a Monitor, Ernst & Young Inc. (the "<u>Monitor</u>"), was appointed by

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

nineteen of Nortel's European affiliates (collectively, the "<u>EMEA Debtors</u>")[4] into administration

(the "<u>English Proceedings</u>") under the control of individuals from Ernst & Young LLP

(collectively, the "<u>Joint Administrators</u>").  Other Nortel affiliates have commenced and in the

future may commence additional creditor protection, insolvency and dissolution proceedings

around the world.

> 6.      Since the Petition Date, Nortel has sold its business units and other assets to

various purchasers.  For further information regarding these chapter 11 cases, reference may be

made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## **Relief Requested**

> 7.      By this Motion, the Debtors seek an order, pursuant to sections 105(a) and 363(b)

of the Bankruptcy Code and Bankruptcy Rule 9019,  (i) authorizing NNI's entry into and

approving the Stipulation, and (ii) granting the Debtors such other and further relief as this Court

deems just and proper.

---

[3]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Facts Relevant to this Motion**

A.  **Assessment and State Proceedings**

8.      For the period of December 1, 2003 through November 30, 2006 (the "Audit Period"), NNI was in the business of developing and selling telecommunications solutions to carrier and enterprise customers.  Specifically, during the Audit Period, NNI sold networking products to entities in Virginia, including the United States government, state and local governments, non-profit organizations and telecommunications companies, and in some instances provided services to such purchasers.

9.      Virginia imposes a sales and use tax on the sale, lease or rental of tangible personal property, or the use or consumption of tangible personal property in Virginia, as well as taxable services in Virginia as set forth in Section 58.1 of the Code of Virginia of 1950, as amended (the "Virginia Code").

10.      On or about December 20, 2007, the Department assessed NNI with additional sales and use taxes, including interest, in the aggregate amount of $1,311,895.79, with respect to transactions during the Audit Period (the "Assessment").  To arrive at this Assessment, the Department applied a sampling technique.  Prior to the Petition Date, NNI disputed the Assessment under applicable state law.  Furthermore, on August 9, 2011, NNI filed an Application for Correction of Erroneous Assessment of Sales and Use Taxes in the Circuit Court of the City of Richmond (Case No. 760CL11003772-00) (the "State Court Complaint").  The Virginia Application was filed solely to preserve and protect NNI's rights under Virginia Code § 58.1-1825.  In the Virginia Application, NNI reserved its right to proceed with the Objection and maintained this Court's jurisdiction over the Department's Assessment and Claim.

B.    **The Bankruptcy Claim**

11.    On or about March 19, 2009, the Department filed a proof of claim against NNI in its chapter 11 proceedings, seeking recovery of $1,404,048.56 in sales and use taxes, including interest, for the Audit Period (Claim No. 641) (the "Claim").

12.    On October 8, 2010, the Debtors filed the *Debtors' Fifteenth Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Satisfied Claim, Wrong Debtor Claims and No-Basis 503(b)(9) Claims)* [D.I. 4126], in which the Debtors sought to reduce the amount of the Claim (the "Objection").  The Department filed a response to the Objection on October 22, 2010 [D.I. 4187].

C.    **The Adversary Proceeding**

13.    At a status conference in front of this Court on April 18, 2012, NNI agreed to convert the Objection into a complaint against the Department.  On April 27, 2013, NNI filed a complaint seeking:  (a) a determination under section 505(a) of the Bankruptcy Code of NNI's tax liability arising out of the audit of sales and use taxes in Virginia during the Audit Period; (b) relief under section 502(b) of the Bankruptcy Code for reduction and allowance of the Claim with respect to such liability; and (c) further reduction of the Claim on account of debts owed by Virginia to NNI [Adv. D.I. 1] (the "Complaint"), which initiated the above-captioned adversary proceeding (the "Adversary Proceeding").

14.    On May 31, 2012, the Department filed its answer and a request that this Court abstain from hearing the Adversary Proceeding [Adv. D.I. 5] (the "Abstention Request").  This Court denied the Abstention Request on July 11, 2012 [Adv. D.I. 14].

D.    **The Proposed Settlement**

15.     In an effort to avoid the cost and risk inherent in litigating the Adversary

Proceeding, the Parties engaged in arm's-length negotiations to resolve the disputes between the

Debtors and the Department.  As a result of these negotiations, subject to this Court's approval,

NNI has reached a compromise with the Department as memorialized in the Stipulation.

16.     The Stipulation provides that, subject to this Court's approval:[5]

     a.     Upon the Effective Date of the Stipulation, the Claim shall be reduced and allowed as a priority claim in the amount of $231,000 (the "Allowed Claim") in full and final satisfaction of any and all claims that have been or could have been asserted in the Claim.

     b.     Within ten (10) business days of the Effective Date, NNI shall file a notice of dismissal of the Adversary Proceeding with prejudice and shall withdraw the State Court Complaint.

     c.     On the Effective Date, except to the extent the Claim is allowed as set forth in the Stipulation, the Department shall release and forever discharge the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys and their personal representatives, successors and assigns, from any and all liability for any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, which the Department now has, had, may have had or hereafter may have arising from or related to the period prior to the Petition Date (including, without limitation, amounts asserted in the Claim).

     d.     On the Effective Date, the Department shall be forever barred from amending the Claim or filing any further proofs of claim arising from or related to the period prior to the Petition Date against any of the Debtors in the Debtors' chapter 11 cases.

---

[5]     This discussion is intended as a summary of the terms of the Stipulation.  To the extent that the summary and the terms of the Stipulation are inconsistent, the terms of the Stipulation shall control. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

**Basis for Relief**

17.     The Debtors seek authorization to enter into the Stipulation under sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

18.     Section 363(b) of the Bankruptcy Code permits a debtor to use, sell or lease the property of the estate outside of the ordinary course of business after notice and a hearing.  11 U.S.C. § 363(b).  Section 363 applies when an agreement involves the disposition of the estate's assets in such a way that it ventures beyond an ordinary course transaction.  Myers v. Martin (In re Martin), 91 F.3d 389, 394-95 (3d Cir. 1996).

19.     The use or transfer of estate property under this provision must be supported by a sound business purpose.  Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Decora Indus., Inc., No. 00-4459 JJF, 2002 WL 32332749, at *2 (D. Del. May 20, 2002); Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999); In re Del. & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991); Travelers Cas. & Sur. Co. v. Future Claimants Representative, Civil Action No. 07-2785 (FLW), 2008 WL 821088, at *4 (D.N.J. Mar. 25, 2008).  A court determining whether a sound business purpose justifies the transaction "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike."  In re Montgomery Ward Holding Corp., 242 B.R. at 153-54 & n.1 (quoting In re Lionel Corp., 722 F.2d at 1071).  In addition, a debtor must show that the transaction has been proposed in good faith, that adequate and reasonable notice has been provided and that it is receiving fair and

reasonable value in exchange.  See In re Decora Industries, Inc., 2002 WL 32332749, at *2; In re

Delaware & Hudson Ry. Co., 124 B.R. at 176.

20.    Bankruptcy Rule 9019 provides, in pertinent part, that "on motion by the trustee

and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R.

Bankr. P. 9019.  Citing this authority, the Third Circuit has emphasized that "'[c]ompromises are

favored in bankruptcy.'"  In re Martin, 91 F.3d at 393 (quoting 9 Collier on Bankruptcy ¶

9019.03[1] (15th ed. 1993)); see also In re World Health Alts., Inc., 344 B.R. 291, 296 (Bankr.

D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third

Circuit has recognized that "'[i]n administering reorganization proceedings in an economical and

practical manner it will often be wise to arrange the settlement of claims as to which there are

substantial and reasonable doubts.'"  In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir.

1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.

Anderson, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the

approval of a proposed compromise and settlement is committed to the sound discretion of the

bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del.

2004).

21.    Before approving a settlement under Bankruptcy Rule 9019, a court must

determine whether "'the compromise is fair, reasonable, and in the interest of the estate.'"  In re

Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211

B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the

need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer

Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best

possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330.

Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co., 2008 WL 821088, at *5 (citing Aetna Cas. & Sur. Co. v. Jasmine, Ltd. (In re Jasmine, Ltd.), 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

22.     The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

23.     The Debtors respectfully submit that the Stipulation meets the requirements under section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.  As required by section 363, the Stipulation was negotiated and entered into by the Parties in good faith as a means of resolving the Adversary Proceeding and all outstanding issues relating to the Assessment and the Claim asserted by the Department.  The compromise embodied by the Stipulation rises well above the necessary threshold of reasonableness and serves the sound business purposes of resolving the Debtors' disputes with the Department and reducing the amount of priority claims allowed against the Debtors in these chapter 11 cases.

24.     While NNI is prepared to litigate the Adversary Proceeding and believes that there is a reasonable likelihood it would prevail in such litigation, NNI recognizes that litigation of the Adversary Proceeding carries with it inherent uncertainties and risks.  Pursuant to the settlement reflected in the Stipulation, the Department has agreed to release the Debtors

9

liabilities arising from the Assessment in exchange for the Allowed Claim. Moreover, the Stipulation will resolve the action commenced by the State Court Complaint. This resolution fairly balances NNI's likelihood of success on the merits of the claims asserted in the Adversary Proceeding against its interest in avoiding the uncertainty and potential risks of litigation. In particular, the terms of the Stipulation will provide the Debtors with certainty regarding the outcome of Adversary Proceeding and amount of the Claim without further detracting resources from the Debtors' estates.

25.     Finally, the interests of the creditors militate in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Adversary Proceeding and the avoidance of litigation risk and further legal expenses that would be incurred if the Adversary Proceeding were to be further litigated.

26.     In light of the foregoing, the Debtors respectfully seek authorization for NNI to enter into the Stipulation and approval of the Stipulation.

### Notice

27.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) the Department; (v) counsel for the Department; and (vi) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

28.     No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and

the relief requested herein; (ii) enter the proposed order attached as **Exhibit A** hereto; and

(iii) grant such other and further relief as it deems just and proper.

Dated:  July 9, 2013                           CLEARY GOTTLIEB STEEN & HAMILTON LLP
        Wilmington, Delaware

                                              James L. Bromley (admitted *pro hac vice*)
                                              Lisa M. Schweitzer (admitted *pro hac vice*)
                                              One Liberty Plaza
                                              New York, New York 10006
                                              Telephone:  (212) 225-2000
                                              Facsimile:  (212) 225-3999

                                                 - and -

                                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP


                                              */s/ Tamara K. Minott*
                                              Derek C. Abbott (No. 3376)
                                              Eric D. Schwartz (No. 3134)
                                              Ann C. Cordo (No. 4817)
                                              Tamara K. Minott (No. 5643)
                                              1201 North Market Street
                                              P.O. Box 1347
                                              Wilmington, Delaware 19801
                                              Telephone:  (302) 658-9200
                                              Facsimile: (302) 658-3989

                                              *Counsel for the Debtors*
                                              *and Debtors in Possession*