**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>(Jointly Administered) |
| Nortel Networks Inc.,<br><br>      Plaintiff,<br><br>  v.<br><br>Commonwealth of Virginia<br>Department of Taxation,<br><br>      Defendant. | Adv. Proc. No. 12-50608 (KG) |

**STIPULATION BY AND BETWEEN
NORTEL NETWORKS INC. AND VIRGINIA DEPARTMENT OF TAXATION**

  This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and the Commonwealth of Virginia Department of Taxation (the "Department") (collectively referred to herein as the "Parties" and individually as a "Party"), with respect to the following facts:

  WHEREAS, on January 14, 2009 (the "Petition Date"), NNI and its affiliated debtors and debtors in possession (the "Debtors") each filed voluntary petitions (with the exception of Nortel Networks (CALA) Inc., which filed on July 14, 2009) for relief under chapter 11 of title 11 of

---

[1]   In addition to Nortel Networks Inc., the debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA," collectively, the "Debtors"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, the Office of the United States Trustee for the District of Delaware has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group"); and

WHEREAS, between December 1, 2003 and November 30, 2006 (the "Audit Period"), NNI sold networking products to entities in Virginia, and in some instances provided services to such purchasers, and was subject to certain sales and use taxes pursuant to Section 58.1 of the Code of Virginia of 1950, as amended (the "Virginia Code"); and

WHEREAS, on or about December 20, 2007, the Department assessed NNI with additional sales and use taxes, including interest, in the aggregate amount of $1,311,895.79, with respect to transactions occurring during the Audit Period (the "Audit Assessment");

WHEREAS, NNI disputed the Audit Assessment prior to the Petition Date and sought administrative relief from the Commissioner of Taxation; and

WHEREAS, on or about March 19, 2009, the Department filed a proof of claim against NNI for $1,404,048.56 in sales and use taxes, including interest, for the Audit Period (Claim No. 641) (the "Claim"); and

WHEREAS, on October 8, 2010, the Debtors filed the *Debtors' Fifteenth Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Satisfied Claim, Wrong*

*Debtor Claims and No-Basis 503(b)(9) Claims)* [D.I. 4126], in which the Debtors sought to reduce the amount of the Claim (the "Objection"); the Department filed a response to the Objection on October 22, 2010 [D.I. 4187]; and

WHEREAS, on August 9, 2011, NNI filed an Application for Correction of Erroneous Assessment of Sales and Use Taxes in the Circuit Court of the City of Richmond (Case No. 760CL11003772-00) (the "State Court Complaint") to preserve and protect NNI's rights to dispute the Audit Assessment under the Virginia Code; and

WHEREAS, on April 19, 2012, at a status conference in front of the Bankruptcy Court, NNI agreed to convert the Objection into an adversary proceeding complaint; and

WHEREAS, on April 27, 2012, the Debtors filed a complaint against the Department seeking a determination of NNI's tax liability to the Department, the reduction and allowance of the Department's Claim and the setoff of amounts owing to NNI (the "Bankruptcy Court Complaint") [Adv. D.I. 1], which initiated the above-captioned adversary proceeding (the "Adversary Proceeding"); and

WHEREAS, on May 31, 2012, the Department filed an answer to the Bankruptcy Court Complaint [Adv. D.I. 5] and a request for abstention [Adv. D.I. 6] (the "Abstention Motion"); NNI opposed the Abstention Motion [Adv. D.I. 7]; and after a hearing on July 11, 2012, the Bankruptcy Court entered an order denying the Abstention Motion [Adv. D.I. 14]; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Adversary Proceeding and the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. <u>Incorporation of Recitals</u>.  The foregoing recitals are incorporated by reference as if fully set forth herein.

2. <u>Effectiveness</u>.  The agreements, acknowledgments and obligations contained herein are expressly contingent upon, and shall become effective only upon entry by the Bankruptcy Court of an order or orders approving this Stipulation and the expiration and waiver of the fourteen (14) day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (such date, the "<u>Effective Date</u>").

3. <u>Allowed Claim</u>.  On the Effective Date, the Claim shall be reduced and allowed as a priority claim in the amount of $231,000 in full and final satisfaction of any and all claims that have been or could have been asserted in the Claim.

4. <u>Dismissal of Adversary Proceeding and Withdrawal of State Court Complaint</u>.  Within ten (10) business days of the Effective Date, NNI shall file with the Bankruptcy Court a Notice of Dismissal with prejudice of the Adversary Proceeding and shall withdraw the State Court Complaint.

5. <u>Release</u>.  On the Effective Date, except to the extent the Claim is allowed as provided in paragraph 3 hereof, the Department releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys and their personal representatives, successors and assigns, from any and all liability for any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attoney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, which the Department now has, had, may have had or hereafter may have arising

from or related to the period prior to the Petition Date (including, without limitation, amounts asserted in the Claim).

6. <u>No Further Claims</u>.  On the Effective Date, the Department shall be forever barred from amending the Claim or filing any further proofs of claim arising from or related to the period prior to the Petition Date against any of the Debtors in the Debtors' chapter 11 cases.  The allowance of the Claim described in paragraph 3 shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court, and Claimant shall not have any further claims against the Debtors based on the Debtors' schedules.

7. <u>Binding Effect</u>.  This Stipulation and the order of the Bankruptcy Court approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

8. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

9. <u>No Transfer</u>.  The Department represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pusuant to this Stipulation to a third party and that it has full power and authority to enter into this Stipulation.

10. <u>No Reliance</u>.  Each Party acknowledges and agrees that it has not relied on any statement or representation of any other Party, person or entity in determining to enter into this Stipulation.

11. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in any claim asserted by the Department.

12. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

13. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

14. <u>Representative Capacity</u>.  Each person executing this Stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

15. <u>Participation in Drafting</u>.  Each Party represents and warrants that it has participated in the drafting and preparation of this Stipulation.  In any construction of this Stipulation, the Stipulation shall not be construed for or against any Party, but the same shall be construed fairly according to its plain meaning.

16. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

17. <u>Court Approval</u>.  The Parties hereby agree to the entry of an order by the Bankruptcy Court approving this Stipulation.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the claims resolved by this Stipulation and

this proposed settlement shall not constitute an admission by the Parties regarding the validity of the claims resolved by this Stipulation or any legal arguments related thereto.

18. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  June 26 , 2013

| NORTEL NETWORKS INC. | COMMONWEALTH OF VIRGINIA DEPARTMENT OF TAXATION |
|---|---|
| *(signed)* | |
| John J. Ray<br>Principal Officer | Craig M. Burns<br>Tax Commissioner |

this proposed settlement shall not constitute an admission by the Parties regarding the validity of the claims resolved by this Stipulation or any legal arguments related thereto.

18. <u>Claims Register</u>. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: June 26, 2013

| NORTEL NETWORKS INC. | COMMONWEALTH OF VIRGINIA DEPARTMENT OF TAXATION |
|---|---|
| _____ | /s/ Craig M. Burns |
| John J. Ray | Craig M. Burns |
| Principal Officer | Tax Commissioner |

7