IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., et al.,[1] | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re Dkt No. 222, 1672, 9584 |

**ORDER APPOINTING FEE EXAMINER AND ESTABLISHING
RELATED PROCEDURES FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS
AND CONSIDERATION OF FEE APPLICATIONS**

The Court having entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (as supplemented by Docket No. 1672, the "Interim Compensation Order")[2] on February 4, 2009 [Docket No. 222]; and the Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F) (the "Modification Order") on March 5, 2013 [Docket No. 9584]; and the size and complexity of these cases having resulted in numerous and lengthy written applications for payment of professional fees and reimbursement of expenses; and it appearing that the appointment of a fee examiner pursuant to section 105(a) of the Bankruptcy Code, Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 706 of the Federal Rules of Evidence and Rule 2016-2(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the procedures of this Court is in the best interests

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Interim Compensation Order.

of the Debtors' estates, their creditors, and all parties-in- interest; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), the Official Committee of Retired Employees, the Official Committee of Long Term Disability Participants, and the Office of the United States Trustee having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee examiner;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. <u>Employment of Fee Examiner</u>. Master, Sidlow & Associates, P.A., is hereby appointed and employed as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, as described in this Order.

2. <u>Scope of Order</u>. Beginning with the period starting February 1, 2013, this Order applies to: (i) all professionals employed or to be employed in these cases pursuant to sections 327, 328, or 1103 of Title 11 of the United States Code (the "Bankruptcy Code"); (ii) all members of any official committee (the "Committee Members") appointed in these cases and (iii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court. This Order does not apply to: (a) fees earned by professionals that represent a percentage of a specified transaction, (b) ordinary course professionals employed by the Debtors in accordance with the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 222], dated February 4, 2009 (the "Ordinary Course

Professionals Order"); provided, however, that to the extent the fees and expenses of any professional employed pursuant to the Ordinary Course Professionals Order exceed the compensation cap set forth therein, from and after February 1, 2013, such fees and expenses shall be reviewed by the Fee Examiner as set forth herein, or (c) as otherwise ordered by the Court. In addition, and for the avoidance of doubt, the terms of this Order shall not apply to services rendered by Case Professionals (as defined below) on behalf of non-Debtor affiliates of the Debtors. The parties subject to the terms of this Order are hereinafter referred to as "Case Professionals."

3. <u>Purpose of Order</u>. The Court has determined that, in conjunction with the appointment of the Fee Examiner, it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.

4. <u>Effect on Interim Compensation Procedures</u>. The terms of the Interim Compensation Order shall be modified by this Order to provide that the Monthly Fee Statements and Interim Fee Statement Requests (as defined in the Compensation Order) filed by all Case Professionals shall also be sent to the Fee Examiner, including the time entries and itemized expenses that comprise portions of the Monthly Fee Statements and Interim Fee Statement Requests (the "Fee and Expense Detail"). The Monthly Fee Statements and Interim Fee Statement Requests may be sent to the Fee Examiner and the Office of the United States Trustee, via email to: jscarborough@mastersidlow.com and Mark.Kenney@usdoj.gov. The Fee and Expense Detail shall be sent to the Fee Examiner and the Office of the United States Trustee via e-mail in Excel format. If the Fee and Expense Detail has been submitted in Excel format with the Monthly Fee Statements, it shall not be necessary to resubmit such detail in conjunction with

the filing of a Interim Fee Statement Request, unless the Fee and Expense Detail has been changed or modified. If a Case Professional is unable to convert its Fee and Expense Detail to the Excel format, the Case Professional may discuss an alternative electronic format with the Fee Examiner.

5. The procedures set forth in Paragraph 2(c) of the Interim Compensation Order allowing Case Professionals to be paid 80% of their requested fees and 100% of their requested expenses upon the filing of a certificate of no objection with the Court shall remain unaffected by this Order, and absent objection from any other Notice Party pursuant to paragraph 2(c) of the Interim Compensation Order, Case Professionals shall be entitled to file certificate of no objection prior to the completion of the Fee Examiner's review.[3]

6. <u>Effect on Modification Order</u>. The terms of the Modification Order shall be modified by this Order to provide that a copy of the time and expense records of a Retained Professional (as defined in the Modification Order) that is delivered to the Court and the United States Trustee under seal pursuant to the Modification Order shall be provided to the Fee Examiner and shall be deemed to be filed under seal. To the extent the Final Report (as defined below) of the Fee Examiner relating to any Case Professional who submitted sealed time and

---

[3] Paragraph 2(c) provides that

> Each Notice Party shall have twenty (20) days after service of a Monthly Fee Statement to review the Monthly Fee Statement and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Interim Payment") or (ii) if an objection to a Monthly Fee Statement has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Permitted Incremental Payment") not subject to that objection pursuant to subparagraph (e) below.

Interim Compensation Order ¶2(c).

expense records in accordance with the Modification Order includes objections or comments to such sealed time and expense records, the Fee Examiner shall file such portion under seal without further need for an Order of this Court.

7. Duties of Fee Examiner and Related Procedures.

(a) During the course of its review, the Fee Examiner shall be responsible for general familiarity with the docket in these chapter 11 cases. The Fee Examiner shall be provided accounts by the Court to access the Court's docket in these cases.

(b) Beginning with the period ending July 31, 2013, and at three-month intervals thereafter (each an "Interim Fee Period"), Case Professionals may file Interim Fee Statement Requests covering a period not less than three (3) months by the last business day of the following month (the "Interim Fee Filing Deadline"). To the extent a Case Professional does not submit an Interim Fee Statement Request for an Interim Fee Period by the Interim Fee Filing Deadline, the Case Professional may submit its Interim Fee Statement Request for the missed Interim Fee Period at any time but a hearing will not be held on the late Interim Fee Statement until the conclusion of the next Interim Fee Period.

(c) The Fee Examiner shall review and analyze in detail the Monthly Fee Statements, Interim Fee Statement Requests, and final fee applications[4] submitted by each Case Professional pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines. Within thirty (30) days of receipt of a particular Case Professional's Interim Fee Statement Requestor final fee application and the electronic copy of

---

[4] The terms of this Order will not apply to any Case Professional who filed a final fee application prior to February 1, 2013. To the extent a final fee application requests time incurred by a Case Professional for periods prior to February 1, 2013, the fees and expenses for those periods will not be subject to review by the Fee Examiner and the Case Professional will not be required to provide Fee and Expense Detail in Excel to the Fee Examiner for any period prior to February 1, 2013.

the Fee and Expense Detail respecting such Interim Fee Statement Request or final fee application, the Fee Examiner shall provide a preliminary report regarding such review (the "Preliminary Report") to the Case Professional. This period may be extended by mutual consent of the Fee Examiner and the Case Professional. The Preliminary Report will not be filed with the Court or sent to the Notice Parties.

(d) The Case Professional shall thereafter have ten (10) days to provide to the Fee Examiner additional information or comments in response to the Preliminary Report, which period may be extended by mutual consent of the Fee Examiner and the Case Professional. The response to the Preliminary Report may be in writing in a searchable electronic format, such as Microsoft Word, WordPerfect, or Excel, and forwarded to the Fee Examiner by email. The Case Professional may also respond telephonically to the Preliminary Report.

(e) Within fifteen (15) days after the date of the Case Professional's response to the Preliminary Report, the Fee Examiner shall file a final report (the "Final Report") with the Court regarding the Case Professional's Interim Fee Statement Request or final fee application, provided, however, that the Fee Examiner shall not file or serve any portion of a Final Report that is filed under seal pursuant to paragraph 6 hereto on any Notice Party and shall only provide a unsealed copy of that portion to the Court and the United States Trustee. This period may be extended by mutual consent of the Fee Examiner and the Case Professional. The Fee Examiner shall serve the Final Report upon the respective Case Professional and the Notice Parties (as defined in the Interim Compensation Order). The Final Report shall be in a format designed to opine whether the requested fees and expenses of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines. Within seven (7) days after the filing and service of the Final Report for each

Interim Fee Statement Request and final fee application, the respective Case Professional may file with the Court a response to such Final Report. This response shall be served upon the Notice Parties and the Fee Examiner.

(f) Hearings on the Interim Fee Statement Request shall be scheduled after the Fee Examiner has filed Final Reports for all Interim Fee Statement Requests submitted for that period. The hearing on the final fee applications shall be scheduled after the Fee Examiner has filed final reports for those applications.

(g) Should a Case Professional fail to meet one or more deadlines set forth herein for the review of a Interim Fee Statement Request, and, in the discretion of the Fee Examiner, the Case Professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed with respect to such Interim Fee Statement Request, such Interim Fee Statement Request shall be heard at a subsequent hearing date.

(h) The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the United States Trustee, any official committee appointed in these cases, and other parties-in-interest in the Debtors' chapter 11 cases, consistent with Rule 706 of the Federal Rules of Evidence.

8.     <u>Fees and Expenses of the Fee Examiner</u>. The fees and expenses of the Fee Examiner shall be subject to application and review, pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the Fee Examiner's ordinary and customary hourly rates for services of this nature.

9. <u>Statutory Rights and Obligations of Interested Parties Unaffected</u>. This Order does not limit the statutory rights and obligations of parties-in-interest in these cases, including, but not limited to, the rights of parties-in-interest to object to Monthy Fee Statements, Interim Fee Statement Requests, and/or final fee applications.

10. <u>Service of this Order</u>. Counsel for the Debtors shall promptly cause a copy of this Order to be served on the Notice Parties and each of the Case Professionals retained in these cases, and shall file a certificate of service upon completion of such service.

11. <u>Effect of this Order</u>. This Order shall be effective *nunc pro tunc* to February 1, 2013 and shall remain in effect unless and until the Court orders otherwise. With respect to any Monthly and Interim Fee Statement Requests for the period beginning February 1, 2013, that have been filed prior to the entry of this Order, the Case Professionals shall provide a copy of the Monthly and Interim Fee Statement Requests and an Excel copy of the Fee and Expense Detail to the Fee Examiner within fifteen (15) days of the entry of this Order.

12. <u>Power of the Court</u>. The Court shall retain authority to modify this Order upon notice to the parties. Notwithstanding any of the other provisions in this Order, the Court shall retain the authority and responsibility to determine whether fees and expenses requested are reasonable and necessary fees and expenses under section 330 of the Bankruptcy Code.

Dated: ~~June~~ July 10, 2013

7337901.3

_____
The Honorable Kevin Gross, U.S.B.J.

8