**EXHIBIT C**

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

1. **Sender**

    Jonathan Kelly
    Cleary Gottlieb Steen & Hamilton LLP
    City Place House
    55 Basinghall Street
    London EC2V 5EH

2. **Central Authority of the Requested State**

    The Senior Master
    For the attention of the Foreign Process Section
    Room E16
    Royal Courts of Justice
    Strand
    London WC2A 2LL

3. **Person to whom the executed request is to be returned**

    The Honorable Kevin Gross
    United States Bankruptcy Court
    District of Delaware
    824 Market Street N, 3rd Floor
    Wilmington, Delaware 19801

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

    **Date**              30 August 2013

    **Reason for urgency**   The trial for which the evidence will be used will begin on 6 January 2014. The parties' exchange of evidence and depositions must be concluded by 27 September 2013.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5. *a* **Requesting judicial authority (Article 3,a))**

    The Honorable Kevin Gross
    United States Bankruptcy Court
    District of Delaware
    824 Market Street N, 3rd Floor
    Wilmington, Delaware 19801

   *b* **To the competent authority of (Article 3,a))**

    United Kingdom of Great Britain and Northern Ireland

6. **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3,b))**

   *a*   **Plaintiff** (Claimants)      **Joint Administrators and EMEA Debtors**

       **Representatives**           Derek J.T. Adler
Amera Z. Chowhan
Gabrielle Glemann
Charles H. Huberty
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

James L. Patton
Edwin J. Harron
John T. Dorsey
Jamie Luton Chapman
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

John Whiteoak
Herbert Smith Freehills LLP
Exchange House
Primrose Street
London EC2A 2HS

**U.K. Pension Claimants**

Marc Abrams
Brian E. O'Connor
Sameer Advani
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

                                    Charlene D. Davis
                                    Justin Alberto
                                    Bayard, P.A.
                                    222 Delaware Avenue, Suite 900
                                    Wilmington, Delaware 19899
                                    Telephone: (302) 655-5000
                                    Facsimile: (212) 658-6395

                                    Angela Dimsdale Gill
                                    John Tillman
                                    Matthew Bullen
                                    Hogan Lovells International LLP
                                    Atlantic House
                                    Holborn Viaduct
                                    London  EC1A 2FG

| | | |
|---|---|---|
| *b* | **Defendant** (Debtors) | **Nortel Networks Inc.,** *et al.*[1] |
| | **Representatives** | Howard S. Zelbo |

                                    James L. Bromley
                                    Jeffrey A. Rosenthal
                                    Lisa M. Schweitzer
                                    Cleary Gottlieb Steen & Hamilton LLP
                                    One Liberty Plaza
                                    New York, New York 10006
                                    (212) 225-2000

                                    Jonathan Kelly
                                    Cleary Gottlieb Steen & Hamilton LLP
                                    City Place House
                                    55 Basinghall Street
                                    London EC2V 5EH

                                    Derek C. Abbott
                                    Eric D. Schwartz
                                    Ann C. Cordo
                                    Morris, Nichols, Arsht & Tunnell LLP
                                    1201 North Market Street
                                    P.O. Box 1347

---

[1]    The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

|  |  |
|---|---|
|  | Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989 |
| *c*   **Other Parties**<br><br>**Representatives** | **Monitor and Canadian Debtors**<br><br>Ken Coleman<br>Daniel Guyder<br>Paul Keller<br>Laura Hall<br>Allen & Overy LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 610-6300<br>Facsimile: (212) 610-6399<br><br>Mary F. Caloway<br>Kathleen A. Murphy<br>Buchanan Ingersoll & Rooney PC<br>1105 North Market Street<br>Suite 1900<br>Wilmington, Delaware 19801<br>Telephone: (302) 552-4200<br>Facsimile: (302) 552-4295<br><br>**Official Committee of Unsecured Creditors**<br><br>Fred Hodara<br>David Botter<br>Abid Qureshi<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>Mark D. Collins<br>Christopher M. Samis<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701 |

**7.     Nature of the proceedings and summary of claims (Article 3,c))**

7.1     This action, captioned <u>In re Nortel Networks Inc., et al.</u>, Case No. 09-10138 (KG) (the "<u>Action</u>"), is a bankruptcy proceeding pending before the Requesting Court.  On 14 January 2009, Nortel Networks Inc. ("<u>NNI</u>") and its affiliated debtors (collectively, the "<u>U.S. Debtors</u>"), with the exception of Nortel Networks (CALA) Inc. ("<u>NN CALA</u>"), each filed a voluntary petition for relief in the Requesting Court under Chapter 11 of the United States Bankruptcy Code.  NN CALA filed its petition on 14 July 2009.  NNI is incorporated in the United States in the State of Delaware, with its former principal place of business in the State of North Carolina.

7.2     Also on 14 January 2009, the U.S. Debtors' ultimate corporate parent, Nortel Networks Corporation ("<u>NNC</u>"), NNI's direct corporate parent, Nortel Networks Limited ("<u>NNL</u>"), and certain of their Canadian affiliates (collectively, the "<u>Canadian Debtors</u>") filed an application with the Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and a monitor, Ernst & Young Inc., was appointed by the Canadian Court.

7.3     On the same date, upon the request of Nortel Networks UK Limited ("<u>NNUK</u>") and eighteen of its affiliates from the Europe, Middle East and Africa region (collectively with NNUK, the "<u>EMEA Debtors</u>"), the High Court of Justice of England and Wales placed the EMEA Debtors into administration, and appointed individuals from Ernst & Young LLP as administrators (collectively, the "<u>Joint Administrators</u>").[2]  NNUK is an English corporation

---

[2]     In addition to NNUK, orders of administration were sought with respect to: Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; and Nortel Networks, s.r.o.

5

with its former registered office at Maidenhead Office Park, Westacott Way, Maidenhead, Berkshire SL6 3QH.

7.4     Pursuant to a cross-border protocol, the Requesting Court and the Canadian Court will hold coordinated cross-border trials commencing 6 January 2014 (the "Trials") to decide certain issues, including principally:  (i) the allocation of proceeds from sales of the assets of the Nortel group; (ii) claims filed against the U.S. Debtors and Canadian Debtors by NNUK and the other EMEA Debtors; and (iii) claims filed by certain entities asserting claims relating to NNUK's pension fund, namely, the Nortel Network UK Pension Trust Limited, as trustee of the Nortel Networks UK Pension Plan (the "U.K. Pension Trustee"), and the Board of the Pension Protection Fund, a privately funded insurer (the "PPF," and together with the U.K. Pension Trustee, the "U.K. Pension Claimants").  The U.S. Debtors have objected to the claims asserted by the EMEA Debtors and the U.K. Pension Claimants.  The EMEA Debtors and the U.K. Pension Claimants also have filed claims against the Canadian Debtors in the Canadian Court.

7.5     Other parties to the proceedings before the Requesting Court include an Official Committee of Unsecured Creditors of the U.S. Debtors (the "U.S. Committee").

7.6     All of the parties (including NNUK and the U.K. Pension Claimants) are currently engaged in the process of obtaining evidence by order of the Requesting Court and Canadian Court in anticipation of the Trials.

7.7     Certain of the claims brought by NNUK and the U.K. Pension Claimants put at issue the solvency of NNUK during the years 2000 through 2008, whether NNUK or other EMEA Debtors were harmed by an intercompany transaction known as Project Swift, whether the EMEA Debtors were harmed by Nortel's transfer pricing system, the restructuring of

Nortel or intercompany dividends, and whether NNUK had sufficient resources to fund the Nortel Networks UK Pension Plan during the relevant time period. The evidence sought from the entities identified below may be material to the resolution of these factual disputes.

**8.     Evidence to be obtained or other judicial act to be performed (Article 3,d))**

8.1    KPMG Europe LLP, whose office is 15 Canada Square, Canary Wharf, London E14 5GL ("KPMG"), is an affiliate of an international accountancy firm. KPMG was engaged to serve as NNUK's independent auditor in 2007. KPMG also provided advice to the EMEA Debtors regarding Project Swift (a corporate transaction completed in December 2007), regarding Nortel's transfer pricing system and regarding certain intercompany dividends. The claims brought by the EMEA Debtors in the Requesting Court include allegations that NNUK was insolvent or of doubtful solvency during 2007 and thereafter, that Project Swift was unfair to NNUK, that Nortel's transfer pricing system was unfair to the EMEA Debtors, and that intercompany dividends improperly deprived one of the EMEA Debtors of value. Absent voluntary cooperation, evidence from KPMG is available only by an order of the High Court.

8.2    It is accordingly requested that for the purpose of justice and for due determination of the matters in dispute between the parties that you direct KPMG to produce the specified documents below in Section 9, as exist in its power, possession, or control, to counsel for the U.S. Debtors and the U.S. Committee for use at trial (if appropriate), subject to any applicable privileges that may apply under the rules and procedures of the Requesting Court.[3]

---

[3] The Requesting Court is aware that KPMG maintains multiple offices within the United Kingdom and that the office listed above may be different from the office that performed the actual services described. The address provided is solely for the convenient delivery of these requests, and should not be interpreted by KPMG as a limitation upon its obligation to provide documents responsive to the requests enumerated herein, regardless of where the relevant documents may be found in the United Kingdom.

**9.    Documents or other property to be inspected (Article 3,g))**

It is requested that KPMG be required to produce the specified documents described herein as are believed to exist in its power, possession or control. Such documents are necessary for the purposes of justice and for the due determination of the matters in dispute between the parties.

    (a)    The auditors' working papers created for KPMG's annual audits of NNUK's financial statements for the years 2007 and 2008 (the "Relevant Period");

    (b)    The audit memoranda prepared by KPMG for NNUK for the annual audits of NNUK's financial statements for the Relevant Period;

    (c)    The summaries prepared by KPMG in relation to the Relevant Period of annual audit procedures performed for NNUK, the results of annual audits, and recommended changes to annual auditing procedures;

    (d)    The auditing plans prepared by KPMG for the annual audits of NNUK's financial statements for the Relevant Period;

    (e)    The outlines, descriptions and schedules of KPMG's auditing plans and procedures used for audits of NNUK's financial statements in the Relevant Period;

    (f)    The written analyses created by KPMG for the annual audits of NNUK's financial statements in the Relevant Period;

    (g)    The auditors' working papers created by KPMG for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

    (h)    The audit memoranda created by KPMG for reviews of NNUK's financial

   statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(i)  The summaries prepared by KPMG in relation to the Relevant Period of audit procedures performed for NNUK, the results of audits, and recommended changes to auditing procedures outside of the annual audit process, including for reviews of interim or semi-annual financial statements for the Relevant Period;

(j)  The auditing plans created by KPMG for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(k)  The outlines, descriptions and schedules of KPMG's auditing plans and procedures created by KPMG for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(l)  The written analyses created by KPMG for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(m)  The going concern opinions relating to NNUK relied upon by KPMG in the course of performing audits or other services for NNUK for the Relevant Period;

(n)  The going concern opinions relating to NNUK's corporate affiliates relied upon by KPMG in the course of performing audits or other services for NNUK for the Relevant Period;

(o)     The working papers of KPMG relating to the December 2007 transaction known as Project Swift or Project Eagle (the "<u>Project</u>");

(p)     The working papers of KPMG relating to the reorganization of Nortel Networks International Finance & Holding BV related to the Project (the "<u>Reorganization</u>");

(q)     The valuation by KPMG of the consideration transferred between Nortel affiliates in connection with the Project and Reorganization;

(r)     The reports and analyses by KPMG of the Project and the Reorganization;

(s)     The analyses by KPMG of the impact of the Project and Reorganization upon NNUK, the Nortel Networks UK Pension Plan, other Nortel entities, or the Nortel group as a whole;

(t)     The analyses by KPMG of the guaranty provided by NNL in connection with the Project and Reorganization;

(u)     The presentations prepared by KPMG for the board of directors of NNUK or other Nortel personnel about the Project and the Reorganization;

(v)     The drafts of the presentations referred to in (u);

(w)     The supporting documents to the presentations referred to in (u);

(x)     The analyses performed and advice provided by KPMG concerning NNUK or Nortel's transfer pricing arrangements during the years 2000 through 2009;

(y)     The documents referenced or relied upon in (x);

(z)     The analyses performed and advice provided by KPMG to NNUK and the other EMEA Debtors concerning intercompany dividends during the years 2000 through 2009; and

    (aa)    The documents referenced or relied upon in (z).

**10.** **Request for notification of the time and place for the execution of the request and identity and address of any person to be notified (Article 7)[4]**

    Jonathan Kelly
    Cleary Gottlieb Steen & Hamilton LLP
    City Place House
    55 Basinghall Street
    London EC2V 5EH

**11.** **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the letter of request (Article 8)**

    None.

**12.** **Specification of privilege or duty to refuse to give evidence under the law of the state of origin (Article 11,b))**

KPMG may refuse to provide documents if providing such documents would disclose a privileged communication between it and its attorneys.

**13.** **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

    Nortel Networks Inc.
    c/o Jonathan Kelly
    Cleary Gottlieb Steen & Hamilton LLP
    City Place House
    55 Basinghall Street
    London EC2V 5EH

The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Convention, being the fees and costs in connection with the execution of this Letter of Request, will be initially borne by the U.S. Debtors. The

---

[4] For the avoidance of doubt, nothing in this Letter of Request should be construed as a submission by the U.S. Debtors to the jurisdiction of the courts of England and Wales, nor is Cleary Gottlieb Steen & Hamilton LLP instructed by the U.S. Debtors to accept service of any proceedings in England and Wales.

U.S. Debtors' payment of any such fees and costs is without prejudice to the U.S. Debtors' right to make subsequent requests for reimbursement of those fees and costs from other parties to the proceedings before the Requesting Court, in the event that other parties request copies of the documents produced in connection with this request for documents.

DATE OF REQUEST                                            ...........................................................

SIGNATURE AND SEAL OF THE                    ...........................................................
REQUESTING AUTHORITY