**EXHIBIT G**

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| **1.** | **Sender** | Jonathan Kelly<br>Cleary Gottlieb Steen & Hamilton LLP<br>City Place House<br>55 Basinghall Street<br>London EC2V 5EH |
| **2.** | **Central Authority of the Requested State** | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL |
| **3.** | **Person to whom the executed request is to be returned** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |

**4.    Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | 30 August 2013 |
| **Reason for urgency** | The trial for which the evidence will be used will begin on 6 January 2014. The parties' exchange of evidence and depositions must be concluded by 27 September 2013. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| **5.** | *a* | **Requesting judicial authority(Article 3,a))** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |
| | *b* | **To the competent authority of (Article 3,a))** | United Kingdom of Great Britain and Northern Ireland |

**6.**   **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3,b))**

   *a*   **Plaintiff** (Claimants)          **Joint Administrators and EMEA Debtors**

       **Representatives**          Derek J.T. Adler
                              Amera Z. Chowhan
                              Gabrielle Glemann
                              Charles H. Huberty
                              Hughes Hubbard & Reed LLP
                              One Battery Park Plaza
                              New York, New York 10004
                              Telephone: (212) 837-6000
                              Facsimile: (212) 422-4726

                              James L. Patton
                              Edwin J. Harron
                              John T. Dorsey
                              Jamie Luton Chapman
                              Young Conaway Stargatt & Taylor, LLP
                              Rodney Square
                              1000 North King Street
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              John Whiteoak
                              Herbert Smith Freehills LLP
                              Exchange House
                              Primrose Street
                              London EC2A 2HS

                              **U.K. Pension Claimants**

                              Marc Abrams
                              Brian E. O'Connor
                              Sameer Advani
                              Willkie Farr & Gallagher LLP
                              787 Seventh Avenue
                              New York, New York 10019
                              Telephone: (212) 728-8000
                              Facsimile: (212) 728-8111

Charlene D. Davis
Justin Alberto
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (212) 658-6395

Angela Dimsdale Gill
John Tillman
Matthew Bullen
Hogan Lovells International LLP
Atlantic House
Holborn Viaduct
London EC1A 2FG

*b*  **Defendant** (Debtors)          **Nortel Networks Inc.,** *et al.*[1]

      **Representatives**              Howard S. Zelbo
                                       James L. Bromley
                                       Jeffrey A. Rosenthal
                                       Lisa M. Schweitzer
                                       Cleary Gottlieb Steen & Hamilton LLP
                                       One Liberty Plaza
                                       New York, New York 10006
                                       (212) 225-2000

                                       Jonathan Kelly
                                       Cleary Gottlieb Steen & Hamilton LLP
                                       City Place House
                                       55 Basinghall Street
                                       London EC2V 5EH

                                       Derek C. Abbott
                                       Eric D. Schwartz
                                       Ann C. Cordo
                                       Morris, Nichols, Arsht & Tunnell LLP
                                       1201 North Market Street
                                       P.O. Box 1347

---

[1]      The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*c*  **Other Parties**                    **Monitor and Canadian Debtors**

   **Representatives**          Ken Coleman
Daniel Guyder
Paul Keller
Laura Hall
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 610-6300
Facsimile:  (212) 610-6399

Mary F. Caloway
Kathleen A. Murphy
Buchanan Ingersoll & Rooney PC
1105 North Market Street
Suite 1900
Wilmington, Delaware 19801
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295

**Official Committee of Unsecured Creditors**

Fred Hodara
David Botter
Abid Qureshi
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Mark D. Collins
Christopher M. Samis
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

**7.    Nature of the proceedings and summary of claims (Article 3,c))**

7.1      This action, captioned <u>In re Nortel Networks Inc., et al.</u>, Case No. 09-10138 (KG) (the "<u>Action</u>"), is a bankruptcy proceeding pending before the Requesting Court.  On 14 January 2009, Nortel Networks Inc. ("<u>NNI</u>") and its affiliated debtors (collectively, the "<u>U.S. Debtors</u>"), with the exception of Nortel Networks (CALA) Inc. ("<u>NN CALA</u>"), each filed a voluntary petition for relief in the Requesting Court under Chapter 11 of the United States Bankruptcy Code.  NN CALA filed its petition on 14 July 2009.  NNI is incorporated in the United States in the State of Delaware, with its former principal place of business in the State of North Carolina.

7.2      Also on 14 January 2009, the U.S. Debtors' ultimate corporate parent, Nortel Networks Corporation ("<u>NNC</u>"), NNI's direct corporate parent, Nortel Networks Limited ("<u>NNL</u>"), and certain of their Canadian affiliates (collectively, the "<u>Canadian Debtors</u>") filed an application with the Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and a monitor, Ernst & Young Inc., was appointed by the Canadian Court.

7.3      On the same date, upon the request of Nortel Networks UK Limited ("<u>NNUK</u>") and eighteen of its affiliates from the Europe, Middle East and Africa region (collectively with NNUK, the "<u>EMEA Debtors</u>"), the High Court of Justice of England and Wales placed the EMEA Debtors into administration, and appointed individuals from Ernst & Young LLP as administrators (collectively, the "<u>Joint Administrators</u>").[2]  NNUK is an English corporation

---

[2]        In addition to NNUK, orders of administration were sought with respect to: Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; and Nortel Networks, s.r.o.

with its former registered office at Maidenhead Office Park, Westacott Way, Maidenhead, Berkshire SL6 3QH.

7.4     Pursuant to a cross-border protocol, the Requesting Court and the Canadian Court will hold coordinated cross-border trials commencing 6 January 2014 (the "Trials") to decide certain issues, including principally:  (i) the allocation of proceeds from sales of the assets of the Nortel group; (ii) claims filed against the U.S. Debtors and Canadian Debtors by NNUK and the other EMEA Debtors; and (iii) claims filed by certain entities asserting claims relating to NNUK's pension fund, namely, the Nortel Network UK Pension Trust Limited, as trustee of the Nortel Networks UK Pension Plan (the "U.K. Pension Trustee"), and the Board of the Pension Protection Fund, a privately funded insurer (the "PPF," and together with the U.K. Pension Trustee, the "U.K. Pension Claimants").  The U.S. Debtors have objected to the claims asserted by the EMEA Debtors and the U.K. Pension Claimants.  The EMEA Debtors and the U.K. Pension Claimants also have filed claims against the Canadian Debtors in the Canadian Court.

7.5     Other parties to the proceedings before the Requesting Court include an Official Committee of Unsecured Creditors of the U.S. Debtors (the "U.S. Committee").

7.6     All of the parties (including NNUK and the U.K. Pension Claimants) are currently engaged in the process of obtaining evidence by order of the Requesting Court and Canadian Court in anticipation of the Trials.

7.7     Certain of the claims brought by NNUK and the U.K. Pension Claimants put at issue the solvency of NNUK during the years 2000 through 2008, whether NNUK or other EMEA Debtors were harmed by an intercompany transaction known as Project Swift, whether the EMEA Debtors were harmed by Nortel's transfer pricing system, the restructuring of

6

Nortel or intercompany dividends, and whether NNUK had sufficient resources to fund the Nortel Networks UK Pension Plan during the relevant time period.  The evidence sought from the entities identified below may be material to the resolution of these factual disputes.

**8.      Evidence to be obtained or other judicial act to be performed (Article 3,d))**

8.1      Grant Thornton UK LLP (formerly Grant Thornton), whose office is Grant Thornton House, 202 Silbury Boulevard, Milton Keynes MK9 1LW ("Grant Thornton"), is a professional services company.  Grant Thornton was engaged to serve as the U.K. Pension Trustee's independent auditor for the period 2000 through 2009.  Further, Ms. Wendy Nicholls, a partner at Grant Thornton, provided oral and written evidence before the Determinations Panel of The Pensions Regulator, which evidence was cited in the Reasons of the Determinations Panel in the Matter of Nortel Networks UK Pension Plan justifying the issuance of Financial Support Directions in respect of the Nortel Networks UK Pension Plan. In the proceedings before the Requesting Court, the U.K. Pension Claimants cite the Reasons of the Determinations Panel as supporting their view that NNUK was "insufficiently resourced" within the meaning of the U.K. Pensions Act 2004.  Absent voluntary cooperation, evidence from Grant Thornton is available only by an order of the High Court.

8.2      It is accordingly requested that for the purpose of justice and for due determination of the matters in dispute between the parties that you direct Grant Thornton to produce the specified documents below in Section 11, as exist in its power, possession, or control, to counsel for the U.S. Debtors and the U.S. Committee for use at trial (if appropriate), subject to any applicable privileges that may apply under the rules and

procedures of the Requesting Court. [3]

       8.3     It is further requested that you also direct Ms. Wendy Nicholls of Grant

Thornton, Grant Thornton House, 202 Silbury Boulevard, Milton Keynes MK9 1LW (the

"<u>Witness</u>") to provide oral testimony for use at trial (if appropriate) to counsel for the U.S.

Debtors and the U.S. Committee, subject to any applicable privileges that may apply under the

rules and procedures of the Requesting Court.  The Witness' unique importance to the claims

and defenses is described in detail in Section 10 below.

| | | |
|---|---|---|
| **9.** | **Identity and address of any person to be examined (Article 3,e))** | Wendy Nicholls<br>Grant Thornton UK LLP (f/k/a Grant Thornton)<br>Grant Thornton House<br>202 Silbury Boulevard<br>Milton Keynes MK9 1LW<br>United Kingdom |

    **10.**    **Statement of the subject matter about which the person is to be examined (Article 3,e))**

It is requested that the Witness be questioned according to the procedure set out below

in Section 13 under oath or solemn affirmation, and subject to any applicable privileges as

may apply under the rules and procedures of the Requesting Court, on the following subject:

    (a)    The Nortel Networks UK Pension Plan and the oral or written evidence

        submitted to the Determinations Panel of The Pensions Regulator in connection

        with the Nortel Networks UK Pension Plan, including the report of Ms.

        Nicholls referenced in the Reasons of the Determinations Panel in the Matter of

        Nortel Networks UK Pension Plan dated 25 June 2010, and the associated

---

[3]    The Requesting Court is aware that Grant Thornton maintains multiple offices within the United Kingdom and that the office listed above may be different from the office that performed the actual services described.  The address provided is solely for the convenient delivery of these requests, and should not be interpreted by Grant Thornton as a limitation upon its obligation to provide documents responsive to the requests enumerated herein, regardless of where the relevant documents may be found in the United Kingdom.

working papers.

**11.      Documents or other property to be inspected (Article 3,g))**

It is requested that Grant Thornton be required to produce the specified documents described herein as are believed to exist in its power, possession or control.  Such documents are necessary for the purposes of justice and for the due determination of the matters in dispute between the parties.

(a)      The auditors' working papers created by Grant Thornton in connection with audits of the Nortel Networks UK Pension Plan during the period 2000 through 2009 (the "Relevant Period");

(b)      The audit memoranda prepared by Grant Thornton in connection with audits of the Nortel Networks UK Pension Plan in the Relevant Period;

(c)      The audit reports and summaries thereof prepared by Grant Thornton in connection with audits of the Nortel Networks UK Pension Plan in the Relevant Period, including discussion of audit procedures performed;

(d)      The changes recommended by Grant Thornton to the accounting procedures employed for the Nortel Networks UK Pension Plan;

(e)      The auditing plans prepared by Grant Thornton for the audits of the Nortel Networks UK Pension Plan's financial statements for the Relevant Period;

(f)      The outlines, descriptions, and schedules of Grant Thornton's auditing plans and its procedures used for audits of the Nortel Networks UK Pension Plan's financial statements for the Relevant Period;

(g)      The written analyses created by Grant Thornton for the audits of the Nortel Networks UK Pension Plan's financial statements for the Relevant Period;

(h)     The going concern opinions relating to NNUK relied upon by Grant Thornton in the course of performing audits or other services for the Nortel Networks UK Pension Plan during the Relevant Period;

(i)     The report of Ms. Wendy Nicholls (the "Nicholls Report"), referenced in the Reasons of the Determinations Panel in the Matter of Nortel Networks UK Pension Plan dated 25 June 2010;

(j)     The working papers of Grant Thornton in relation to the Nicholls Report;

(k)     The documents cited in the Nicholls Report;

(l)     The documents considered by Grant Thornton in the preparation of the Nicholls Report;

(m)     The documents relied upon by Grant Thornton in setting out the assumptions and methodology used in the Nicholls Report; and

(n)     The written communications and documents submitted by Grant Thornton to the Determinations Panel of The Pensions Regulator in the Matter of Nortel Networks UK Pension Plan.

**12.     Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h))**

The Requesting Court requests that in the interest of justice you cause, by your proper and usual process, the Witness to appear to be examined under oath or affirmation at the office of Cleary Gottlieb Steen & Hamilton LLP, City Place House, 55 Basinghall Street, London EC2V 5EH.

**13.     Special methods or procedure to be followed (Articles 3,i) and 9)**

13.1     The Requesting Court requests that Howard S. Zelbo, James L. Bromley,

10

Jeffrey A. Rosenthal, Lisa M. Schweitzer, Fred Hodara, David Botter, and Abid Qureshi, who have been admitted to practice before it in the Action, be appointed as Commissioners pursuant to Article 17 of the Convention, and be authorized to question the Witness on the subjects identified above and elicit their sworn testimony.

13.2    Pursuant to Article 9 of the Convention it is requested that the legal representatives of the U.S. Debtors and the U.S. Committee, and the legal representatives of the Witness, if any, be permitted to conduct the examination of the Witness in England before an impartial Barrister of the Bar of England and Wales (the "Examiner"), to be nominated by Cleary Gottlieb Steen & Hamilton LLP, who, subject to approval by you, shall act as referee. It is requested that the Witness be placed under oath or solemn affirmation in accordance with whatever procedure English law provides for in these matters before answering the oral questions and cross-questions on the subjects identified above which are put to them by the legal representatives of the U.S. Debtors and the U.S. Committee, and the Witness' legal representatives, if any.

13.3    The Requesting Court believes that the procedure of having these attorneys appointed to take the testimony is appropriate and necessary.  These attorneys are familiar with the relevant events and transactions in this complex matter.  Accordingly, they will be able to elicit the relevant testimony in a manner as efficient and expeditious as possible.  If the questioning were to be done by someone not familiar with the relevant facts, there is a strong possibility that complete and accurate testimony would not be obtained.

13.4    The U.S. Debtors and the U.S Committee expect that their taking of the Witness' testimony will take one day.  Counsel for the U.S. Debtors and the U.S Committee are available to begin the testimony at such time and place as may be mutually agreed with the

Witness' legal representatives, if any, and approved by you.

13.5    The Requesting Court also respectfully requests that the questions and the responses of the Witness be recorded verbatim and that the Witness sign the verbatim transcript or other record of his or her response to the questions.  The Requesting Court also respectfully requests that you cause the testimony of the Witness and all of the documents produced at his or her examination as a result of this Letter of Request be duly marked for authentication, and that you further authenticate the examination by the seal of your Court or in such other way in accordance with your procedure and return the written evidence and documents produced or identified to Jonathan Kelly of Cleary Gottlieb Steen & Hamilton LLP, City Place House, 55 Basinghall Street, London EC2V 5EH, under cover duly sealed, and the Requesting Court shall be ready and willing to do the same for you in a similar case when required.

13.6    In the event the evidence cannot be taken in the manner requested above, the Requesting Court respectfully requests that the evidence be taken in the manner provided by the applicable law of England and Wales.

13.7    The appearance of the Witness for her testimony is voluntary and no criminal prosecution in the United States will result from a failure to appear.  However, the Requesting Court respectfully requests that, if necessary, appropriate compulsion be exercised to compel the Witness to give evidence in response to this Letter of Request if the Witness is uncooperative.

14.     **Request for notification of the time and place for the execution of the request and identity and address of any person to be notified (Article 7)**[4]

    Jonathan Kelly
    Cleary Gottlieb Steen & Hamilton LLP
    City Place House
    55 Basinghall Street
    London EC2V 5EH

15.     **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the letter of request (Article 8)**

    None.

16.     **Specification of privilege or duty to refuse to give evidence under the law of the state of origin (Article 11,b))**

The Witness may refuse to answer any question asked during the examination if such answer would subject the Witness to a real and appreciable danger of criminal liability in the United States, or would disclose a privileged communication between the Witness and the Witness' attorney.

Grant Thornton may refuse to provide documents if providing such documents would disclose a privileged communication between it and its attorneys.

17.     **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

    Nortel Networks Inc.
    c/o Jonathan Kelly
    Cleary Gottlieb Steen & Hamilton LLP
    City Place House
    55 Basinghall Street
    London EC2V 5EH

The fees and costs incurred which may be reimbursable under the second paragraph of

---

[4]     For the avoidance of doubt, nothing in this Letter of Request should be construed as a submission by the U.S. Debtors to the jurisdiction of the courts of England and Wales, nor is Cleary Gottlieb Steen & Hamilton LLP instructed by the U.S. Debtors to accept service of any proceedings in England and Wales.

Article 14 of the Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Convention, being the fees and costs in connection with the execution of this Letter of Request, for the service of process necessary to secure the appearance of the Witness, the cost of the Examiner and the costs of the transcript of the evidence will be initially borne by the U.S. Debtors.  The U.S. Debtors' payment of any such fees and costs is without prejudice to the U.S. Debtors' right to make subsequent requests for reimbursement of those fees and costs from other parties to the proceedings before the Requesting Court, in the event that other parties request copies of the documents produced in connection with this request for documents.

DATE OF REQUEST                          ...........................................................

SIGNATURE AND SEAL OF THE          ...........................................................
REQUESTING AUTHORITY