## EXHIBIT B

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| **1.** | **Sender** | Jonathan Kelly<br>Cleary Gottlieb Steen & Hamilton LLP<br>City Place House<br>55 Basinghall Street<br>London EC2V 5EH |
| **2.** | **Central Authority of the Requested State** | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL |
| **3.** | **Person to whom the executed request is to be returned** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |

**4.    Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | 30 August 2013 |
| **Reason for urgency** | The trial for which the evidence will be used will begin on 6 January 2014.  The parties' exchange of evidence and depositions must be concluded by 27 September 2013. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

| | | |
|---|---|---|
| **5.** *a* | **Requesting judicial authority (Article 3,a))** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |
| *b* | **To the competent authority of (Article 3,a))** | United Kingdom of Great Britain and Northern Ireland |

**6.**  **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3,b))**

 *a* **Plaintiff** (Claimants)     **Joint Administrators and EMEA Debtors**

   **Representatives**       Derek J.T. Adler
                 Amera Z. Chowhan
                 Gabrielle Glemann
                 Charles H. Huberty
                 Hughes Hubbard & Reed LLP
                 One Battery Park Plaza
                 New York, New York 10004
                 Telephone: (212) 837-6000
                 Facsimile: (212) 422-4726

                 James L. Patton
                 Edwin J. Harron
                 John T. Dorsey
                 Jamie Luton Chapman
                 Young Conaway Stargatt & Taylor, LLP
                 Rodney Square
                 1000 North King Street
                 Wilmington, Delaware 19801
                 Telephone: (302) 571-6600
                 Facsimile: (302) 571-1253

                 John Whiteoak
                 Herbert Smith Freehills LLP
                 Exchange House
                 Primrose Street
                 London EC2A 2HS

                 **U.K. Pension Claimants**

                 Marc Abrams
                 Brian E. O'Connor
                 Sameer Advani
                 Willkie Farr & Gallagher LLP
                 787 Seventh Avenue
                 New York, New York 10019
                 Telephone: (212) 728-8000
                 Facsimile: (212) 728-8111

Charlene D. Davis
Justin Alberto
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (212) 658-6395

Angela Dimsdale Gill
John Tillman
Matthew Bullen
Hogan Lovells International LLP
Atlantic House
Holborn Viaduct
London  EC1A 2FG

*b*  **Defendant** (Debtors)       **Nortel Networks Inc.,** *et al.*[1]

   **Representatives**          Howard S. Zelbo
James L. Bromley
Jeffrey A. Rosenthal
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Jonathan Kelly
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London EC2V 5EH

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347

---

[1]     The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

                                             Wilmington, Delaware 19801
                                             Telephone:  (302) 658-9200
                                             Facsimile: (302) 658-3989

*c*  **Other Parties**                       **Monitor and Canadian Debtors**

     **Representatives**                     Ken Coleman
                                             Daniel Guyder
                                             Paul Keller
                                             Laura Hall
                                             Allen & Overy LLP
                                             1221 Avenue of the Americas
                                             New York, New York 10020
                                             Telephone:  (212) 610-6300
                                             Facsimile:  (212) 610-6399

                                             Mary F. Caloway
                                             Kathleen A. Murphy
                                             Buchanan Ingersoll & Rooney PC
                                             1105 North Market Street
                                             Suite 1900
                                             Wilmington, Delaware 19801
                                             Telephone:  (302) 552-4200
                                             Facsimile:  (302) 552-4295

                                             **Official Committee of Unsecured Creditors**

                                             Fred Hodara
                                             David Botter
                                             Abid Qureshi
                                             Akin Gump Strauss Hauer & Feld LLP
                                             One Bryant Park
                                             New York, New York 10036
                                             Telephone:  (212) 872-1000
                                             Facsimile:  (212) 872-1002

                                             Mark D. Collins
                                             Christopher M. Samis
                                             Richards, Layton & Finger, P.A.
                                             One Rodney Square
                                             920 North King Street
                                             Wilmington, Delaware 19801
                                             Telephone:  (302) 651-7700
                                             Facsimile: (302) 651-7701

                                                        4

**7.    Nature of the proceedings and summary of claims (Article 3,c))**

7.1    This action, captioned <u>In re Nortel Networks Inc., et al.</u>, Case No. 09-10138 (KG) (the "<u>Action</u>"), is a bankruptcy proceeding pending before the Requesting Court.  On 14 January 2009, Nortel Networks Inc. ("<u>NNI</u>") and its affiliated debtors (collectively, the "<u>U.S. Debtors</u>"), with the exception of Nortel Networks (CALA) Inc. ("<u>NN CALA</u>"), each filed a voluntary petition for relief in the Requesting Court under Chapter 11 of the United States Bankruptcy Code.  NN CALA filed its petition on 14 July 2009.  NNI is incorporated in the United States in the State of Delaware, with its former principal place of business in the State of North Carolina.

7.2    Also on 14 January 2009, the U.S. Debtors' ultimate corporate parent, Nortel Networks Corporation ("<u>NNC</u>"), NNI's direct corporate parent, Nortel Networks Limited ("<u>NNL</u>"), and certain of their Canadian affiliates (collectively, the "<u>Canadian Debtors</u>") filed an application with the Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and a monitor, Ernst & Young Inc., was appointed by the Canadian Court.

7.3    On the same date, upon the request of Nortel Networks UK Limited ("<u>NNUK</u>") and eighteen of its affiliates from the Europe, Middle East and Africa region (collectively with NNUK, the "<u>EMEA Debtors</u>"), the High Court of Justice of England and Wales placed the EMEA Debtors into administration, and appointed individuals from Ernst & Young LLP as administrators (collectively, the "<u>Joint Administrators</u>").[2]  NNUK is an English corporation

---

[2]    In addition to NNUK, orders of administration were sought with respect to: Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; and Nortel Networks, s.r.o.

with its former registered office at Maidenhead Office Park, Westacott Way, Maidenhead, Berkshire SL6 3QH.

7.4     Pursuant to a cross-border protocol, the Requesting Court and the Canadian Court will hold coordinated cross-border trials commencing 6 January 2014 (the "Trials") to decide certain issues, including principally:  (i) the allocation of proceeds from sales of the assets of the Nortel group; (ii) claims filed against the U.S. Debtors and Canadian Debtors by NNUK and the other EMEA Debtors; and (iii) claims filed by certain entities asserting claims relating to NNUK's pension fund, namely, the Nortel Network UK Pension Trust Limited, as trustee of the Nortel Networks UK Pension Plan (the "U.K. Pension Trustee"), and the Board of the Pension Protection Fund, a privately funded insurer (the "PPF," and together with the U.K. Pension Trustee, the "U.K. Pension Claimants").  The U.S. Debtors have objected to the claims asserted by the EMEA Debtors and the U.K. Pension Claimants.  The EMEA Debtors and the U.K. Pension Claimants also have filed claims against the Canadian Debtors in the Canadian Court.

7.5     Other parties to the proceedings before the Requesting Court include an Official Committee of Unsecured Creditors of the U.S. Debtors (the "U.S. Committee").

7.6     All of the parties (including NNUK and the U.K. Pension Claimants) are currently engaged in the process of obtaining evidence by order of the Requesting Court and Canadian Court in anticipation of the Trials.

7.7     Certain of the claims brought by NNUK and the U.K. Pension Claimants put at issue the solvency of NNUK during the years 2000 through 2008, whether NNUK or other EMEA Debtors were harmed by an intercompany transaction known as Project Swift, whether the EMEA Debtors were harmed by Nortel's transfer pricing system, the restructuring of

Nortel or intercompany dividends, and whether NNUK had sufficient resources to fund the Nortel Networks UK Pension Plan during the relevant time period.  The evidence sought from the entities identified below may be material to the resolution of these factual disputes.

**8.       Evidence to be obtained or other judicial act to be performed (Article 3,d))**

8.1       Deloitte & Touche LLP, whose office is P.O. Box 3043, Abbots House, Abbey Street, Reading RG1 3BD ("Deloitte"), is an affiliate of an international accountancy firm. Deloitte was engaged to serve as NNUK's independent auditor from 2000 through 2006.  The claims brought by NNUK in the Requesting Court include allegations that NNUK was insolvent or of doubtful solvency during this period.  Absent voluntary cooperation, evidence from Deloitte is available only by an order of the High Court.

8.2       It is accordingly requested that for the purpose of justice and for due determination of the matters in dispute between the parties that you direct Deloitte to produce the documents specified below in Section 9, as exist in its power, possession, or control, to counsel for the U.S. Debtors and the U.S. Committee for use at trial (if appropriate), subject to any applicable privileges that may apply under the rules and procedures of the Requesting Court or the courts of England and Wales.[3]

**9.       Documents or other property to be inspected (Article 3,g))**

It is requested that Deloitte be required to produce the specified documents described herein as is believed to exist in its power, possession or control.  Such documents are necessary for the purposes of justice and for the due determination of the matters in dispute

---

[3]       The Requesting Court is aware that Deloitte maintains multiple offices within the United Kingdom and that the office listed above may be different from the office that performed the actual services described.  The address provided is solely for the convenient delivery of these requests, and should not be interpreted by Deloitte as a limitation upon its obligation to provide documents responsive to the requests enumerated herein, regardless of where the relevant documents may be found in the United Kingdom.

between the parties.

(a) The auditors' working papers created for Deloitte's annual audits of NNUK's financial statements for the years 2000 through 2006 (inclusive) (the "Relevant Period");

(b) The audit memoranda prepared by Deloitte for the annual audits of NNUK's financial statements for the Relevant Period;

(c) The summaries prepared by Deloitte in relation to the Relevant Period of annual audit procedures performed for NNUK, the results of annual audits, and recommended changes to annual auditing procedures;

(d) The auditing plans prepared by Deloitte for the annual audits of NNUK's financial statements for the Relevant Period;

(e) The outlines, descriptions and schedules of Deloitte's auditing plans and procedures used for audits of NNUK's financial statements in the Relevant Period;

(f) The written analyses created by Deloitte for the annual audits of NNUK's financial statements in the Relevant Period;

(g) The auditors' working papers created by Deloitte for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(h) The audit memoranda created by Deloitte for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(i) The summaries prepared by Deloitte in relation to the Relevant Period of audit

procedures performed for NNUK, the results of audits, and recommended changes to auditing procedures outside of the annual audit process, including for reviews of interim or semi-annual financial statements for the Relevant Period;

(j)     The auditing plans created by Deloitte for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(k)     The outlines, descriptions and schedules of Deloitte's auditing plans and procedures for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(l)     The written analyses created by Deloitte for reviews of NNUK's financial statements outside of the annual audit process, including reviews of interim or semi-annual financial statements for the Relevant Period;

(m)     The going concern opinions relating to NNUK relied upon by Deloitte in the course of performing audits or other services for NNUK for the Relevant Period;

(n)     The going concern opinions relating to NNUK's corporate affiliates relied upon by Deloitte in the course of performing audits or other services for NNUK for the Relevant Period;

(o)     The analyses performed by Deloitte concerning NNUK or Nortel's transfer pricing arrangements for the Relevant Period; and

(p)     The documents referenced or relied upon in (o).

10.     **Request for notification of the time and place for the execution of the request and identity and address of any person to be notified (Article 7)**[4]

Jonathan Kelly
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London EC2V 5EH

11.     **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the letter of request (Article 8)**

None.

12.     **Specification of privilege or duty to refuse to give evidence under the law of the state of origin (Article 11,b))**

Deloitte may refuse to provide documents if providing such documents would disclose a privileged communication.

13.     **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

Nortel Networks Inc.
c/o Jonathan Kelly
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London EC2V 5EH

The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Convention, being the fees and costs in connection with the execution of this Letter of Request, will be initially borne by the U.S. Debtors.  The U.S. Debtors' payment of any such fees and costs is without prejudice to the U.S. Debtors'

---

[4]     For the avoidance of doubt, nothing in this Letter of Request should be construed as a submission by the U.S. Debtors to the jurisdiction of the courts of England and Wales, nor is Cleary Gottlieb Steen & Hamilton LLP instructed by the U.S. Debtors to accept service of any proceedings in England and Wales.

right to make subsequent requests for reimbursement of those fees and costs from other parties to the proceedings before the Requesting Court, in the event that other parties request copies of the documents produced in connection with this request for documents.

DATE OF REQUEST                    ..........................................................................

SIGNATURE AND SEAL OF        ..........................................................................
THE REQUESTING
AUTHORITY