# **EXHIBIT H**

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| 1. | Sender | Jonathan Kelly<br>Cleary Gottlieb Steen & Hamilton LLP<br>City Place House<br>55 Basinghall Street<br>London EC2V 5EH |
| 2. | Central Authority of the Requested State | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL |
| 3. | Person to whom the executed request is to be returned | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| Date | 30 August 2013 |
| Reason for urgency | The trials for which the evidence will be used will begin on 6 January 2014. The parties' exchange of evidence and depositions must be concluded by 27 September 2013. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

| | | |
|---|---|---|
| 5. *a* | Requesting judicial authority (Article 3,a)) | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |
| *b* | To the competent authority of (Article 3,a)) | United Kingdom of Great Britain and Northern Ireland |

**6. Names and addresses of the parties and their representatives (including the representatives in the requested State) (Article 3,b))**

   *a*   **Plaintiff** (Claimants)         **Joint Administrators and EMEA Debtors**

        **Representatives**

Derek J.T. Adler
Amera Z. Chowhan
Gabrielle Glemann
Charles H. Huberty
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

James L. Patton
Edwin J. Harron
John T. Dorsey
Jamie Luton Chapman
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

John Whiteoak
Herbert Smith Freehills LLP
Exchange House
Primrose Street
London EC2A 2HS

**U.K. Pension Claimants**

Marc Abrams
Brian E. O'Connor
Sameer Advani
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

                                          Charlene D. Davis
                                          Justin Alberto
                                          Bayard, P.A.
                                          222 Delaware Avenue, Suite 900
                                          Wilmington, Delaware 19899
                                          Telephone: (302) 655-5000
                                          Facsimile: (212) 658-6395

                                          Angela Dimsdale Gill
                                          John Tillman
                                          Matthew Bullen
                                          Hogan Lovells International LLP
                                          Atlantic House
                                          Holborn Viaduct
                                          London  EC1A 2FG

| | | |
|---|---|---|
| **b** | **Defendant** (Debtors) | **Nortel Networks Inc.,** *et al.*[1] |
| | **Representatives** | Howard S. Zelbo |

                                          James L. Bromley
                                          Jeffrey A. Rosenthal
                                          Lisa M. Schweitzer
                                          Cleary Gottlieb Steen & Hamilton LLP
                                          One Liberty Plaza
                                          New York, New York 10006
                                          (212) 225-2000

                                          Jonathan Kelly
                                          Cleary Gottlieb Steen & Hamilton LLP
                                          City Place House
                                          55 Basinghall Street
                                          London EC2V 5EH

                                          Derek C. Abbott
                                          Eric D. Schwartz
                                          Ann C. Cordo
                                          Morris, Nichols, Arsht & Tunnell LLP
                                          1201 North Market Street
                                          P.O. Box 1347

---

[1]     The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

|  |  |
|---|---|
|  | Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989 |
| *c*  **Other Parties** | **Monitor and Canadian Debtors** |
| **Representatives** | Ken Coleman<br>Daniel Guyder<br>Paul Keller<br>Laura Hall<br>Allen & Overy LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 610-6300<br>Facsimile: (212) 610-6399 |
|  | Mary F. Caloway<br>Kathleen A. Murphy<br>Buchanan Ingersoll & Rooney PC<br>1105 North Market Street<br>Suite 1900<br>Wilmington, Delaware 19801<br>Telephone:  (302) 552-4200<br>Facsimile: (302) 552-4295 |
|  | **Official Committee of Unsecured Creditors** |
|  | Fred Hodara<br>David Botter<br>Abid Qureshi<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Telephone:  (212) 872-1000<br>Facsimile: (212) 872-1002 |
|  | Mark D. Collins<br>Christopher M. Samis<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile: (302) 651-7701 |

**7.     Nature of the proceedings and summary of claims (Article 3,c))**

7.1     This action, captioned <u>In re Nortel Networks Inc., et al.</u>, Case No. 09-10138 (KG) (the "<u>Action</u>"), is a bankruptcy proceeding pending before the Requesting Court. On 14 January 2009, Nortel Networks Inc. ("<u>NNI</u>") and its affiliated debtors (collectively, the "<u>U.S. Debtors</u>"), with the exception of Nortel Networks (CALA) Inc. ("<u>NN CALA</u>"), each filed a voluntary petition for relief in the Requesting Court under Chapter 11 of the United States Bankruptcy Code. NN CALA filed its petition on 14 July 2009. NNI is incorporated in the United States in the State of Delaware, with its former principal place of business in the State of North Carolina.

7.2     Also on 14 January 2009, the U.S. Debtors' ultimate corporate parent, Nortel Networks Corporation ("<u>NNC</u>"), NNI's direct corporate parent, Nortel Networks Limited ("<u>NNL</u>"), and certain of their Canadian affiliates (collectively, the "<u>Canadian Debtors</u>") filed an application with the Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and a monitor, Ernst & Young Inc., was appointed by the Canadian Court.

7.3     On the same date, upon the request of Nortel Networks UK Limited ("<u>NNUK</u>") and eighteen of its affiliates from the Europe, Middle East and Africa region (collectively with NNUK, the "<u>EMEA Debtors</u>"), the High Court of Justice of England and Wales placed the EMEA Debtors into administration, and appointed individuals from Ernst & Young LLP as administrators (collectively, the "<u>Joint Administrators</u>").[2] NNUK is an English corporation

---

[2]     In addition to NNUK, orders of administration were sought with respect to: Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; and Nortel Networks, s.r.o.

5

with its former registered office at Maidenhead Office Park, Westacott Way, Maidenhead, Berkshire SL6 3QH.

7.4     Pursuant to a cross-border protocol, the Requesting Court and the Canadian Court will hold coordinated cross-border trials commencing 6 January 2014 (the "Trials") to decide certain issues, including principally:  (i) the allocation of proceeds from sales of the assets of the Nortel group; (ii) claims filed against the U.S. Debtors and Canadian Debtors by NNUK and the other EMEA Debtors; and (iii) claims filed by certain entities asserting claims relating to NNUK's pension fund, namely, the Nortel Network UK Pension Trust Limited, as trustee of the Nortel Networks UK Pension Plan (the "U.K. Pension Trustee"), and the Board of the Pension Protection Fund, a privately funded insurer (the "PPF," and together with the U.K. Pension Trustee, the "U.K. Pension Claimants").  The U.S. Debtors have objected to the claims asserted by the EMEA Debtors and the U.K. Pension Claimants.  The EMEA Debtors and the U.K. Pension Claimants also have filed claims against the Canadian Debtors in the Canadian Court.

7.5     Other parties to the proceedings before the Requesting Court include an Official Committee of Unsecured Creditors of the U.S. Debtors (the "U.S. Committee").

7.6     All of the parties (including NNUK and the U.K. Pension Claimants) are currently engaged in the process of obtaining evidence by order of the Requesting Court and Canadian Court in anticipation of the Trials.

7.7     Certain of the claims brought by NNUK and the U.K. Pension Claimants put at issue the solvency of NNUK during the years 2000 through 2008, whether NNUK or other EMEA Debtors were harmed by an intercompany transaction known as Project Swift, whether the EMEA Debtors were harmed by Nortel's transfer pricing system, the restructuring of

Nortel or intercompany dividends, and whether NNUK had sufficient resources to fund the Nortel Networks UK Pension Plan during the relevant time period. The evidence sought from the entities identified below may be material to the resolution of these factual disputes.

**8. Evidence to be obtained or other judicial act to be performed (Article 3,d))**

8.1 The Pensions Regulator, whose office is Napier House, Trafalgar Place, Brighton BN1 4DW, is the regulator of occupational pension schemes in the United Kingdom. The Pensions Regulator purported to issue a Warning Notice in the Matter of Nortel Networks UK Pension Plan, dated 11 January 2010, initiating administrative proceedings in the United Kingdom against NNI and NN CALA regarding an alleged shortfall in the funding of the Nortel Networks U.K. Pension Plan. On 25 June 2010, the Determinations Panel of The Pensions Regulator issued a Determination Notice that financial support directions should issue against NNI, NN CALA, NNC and NNL. The Determinations Panel also issued the Reasons of the Determinations Panel in the Matter of Nortel Networks UK Pension Plan, dated 25 June 2010. In the proceedings before the Requesting Court, the U.K. Pension Claimants rely on the Warning Notice and the Reasons of the Determinations Panel in asserting that it would be "reasonable" to issue financial support directions against NNI and NN CALA. Further, in asserting before the Requesting Court that NNUK was "insufficiently resourced" within the meaning of the U.K. Pensions Act 2004, the U.K. Pension Claimants also rely on The Pensions Regulator's selection of 30 June 2008 as the "relevant time" and on certain valuations of the resources of NNUK and NNC that had been "deemed" by The Pensions Regulator. Absent voluntary cooperation, evidence from The Pensions Regulator is available only by an order of the High Court.

8.2 It is accordingly requested that for the purpose of justice and for due

determination of the matters in dispute between the parties that you direct the non-party witnesses Mr. Philip Wilson and Mr. Paul Williams of The Pensions Regulator, Napier House, Trafalgar Place, Brighton BN1 4DW (the "Witnesses") to provide oral testimony for use at trial (if appropriate) to counsel for the U.S. Debtors and the U.S. Committee, subject to any applicable privileges that may apply under the rules and procedures of the Requesting Court or the courts of England and Wales. The Witnesses' unique importance to the claims and defenses is described in detail in Section 10 below.

| | | |
|---|---|---|
| 9. | **Identity and address of any person to be examined (Article 3,e))** | Philip Wilson<br>The Pensions Regulator<br>Napier House<br>Trafalgar Place<br>Brighton BN1 4DW<br>United Kingdom<br><br>Paul Williams<br>The Pensions Regulator<br>Napier House<br>Trafalgar Place<br>Brighton BN1 4DW<br>United Kingdom |

10. **Statement of the subject matter about which each person is to be examined (Article 3,e))**

It is requested that the Witnesses be questioned according to the procedure set out below in Section 13 under oath or solemn affirmation, and subject to any applicable privileges as may apply under the rules and procedures of the Requesting Court or the courts of England and Wales, on the following subjects:

(a)    The determination that NNUK was "insufficiently resourced" within the meaning of the U.K. Pensions Act 2004;

(b)    The selection of 30 June 2008 as the "relevant time" under the U.K. Pensions

Act 2004, the consideration of other potential "relevant" time(s) and the calculations, determinations or analyses of whether NNUK would be "insufficiently resourced" at such other time(s), including (i) the value of the resources of NNC, NNL, NNUK, NNI, NN CALA or any other EMEA Claimant and (ii) the value or deficit of the NNUK Pension Plan at such other time(s); and

(c)   The determination that it is or would be "reasonable" under Section 43 of the U.K. Pensions Act 2004 to impose financial support directions with respect to the Nortel Networks UK Pension Plan.

**11.   Documents or other property to be inspected (Article 3,g))**

None.

**12.   Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h))**

The Requesting Court requests that in the interest of justice you cause, by your proper and usual process, the Witnesses to appear to be examined under oath or affirmation at the office of Cleary Gottlieb Steen & Hamilton LLP, City Place House, 55 Basinghall Street, London EC2V 5EH.

**13.   Special methods or procedure to be followed (Articles 3,i) and 9)**

13.1   The Requesting Court requests that Howard S. Zelbo, James L. Bromley, Jeffrey A. Rosenthal, Lisa M. Schweitzer, Fred Hodara, David Botter, and Abid Qureshi, who are representatives of the U.S. Debtors or the U.S. Committee and have been admitted to practice before it in the Action, be appointed as Commissioners pursuant to Article 17 of the Convention, and be authorized to question the Witnesses on the subjects identified above and

elicit their sworn testimony.

13.2    The Requesting Court further requests that the legal representatives of other parties in this Action listed in Paragraph 6 of this Letter of Request be appointed as Commissioners and be authorized to participate, if they so elect, in questioning the Witnesses for the limited purpose of cross-examination and to the extent parties other than a party noticing a deposition must be permitted to participate in depositions under the Federal Rules of Bankruptcy Procedure applicable in the Requesting Court.

13.3    Pursuant to Article 9 of the Convention it is requested that the legal representatives of the U.S. Debtors and the U.S. Committee, the legal representatives of other interested parties in the Action (if they elect to participate), and the legal representatives of the Witnesses, if any, be permitted to conduct the examination of the Witnesses in England before an impartial Barrister of the Bar of England and Wales (the "Examiner"), to be nominated by Cleary Gottlieb Steen & Hamilton LLP, who, subject to approval by you, shall act as referee. It is requested that the Witnesses be placed under oath or solemn affirmation in accordance with whatever procedure English law provides for in these matters before answering the oral questions and cross-questions on the subjects identified above which are put to them by the legal representatives of the U.S. Debtors and the U.S. Committee, the legal representatives of other interested parties who elect to participate and the Witness' legal representatives, if any.

13.4    The Requesting Court believes that the procedure of having these attorneys appointed to take the testimony is appropriate and necessary. These attorneys are familiar with the relevant events and transactions in this complex matter. Accordingly, they will be able to elicit the relevant testimony in a manner as efficient and expeditious as possible. If the questioning were to be done by someone not familiar with the relevant facts, there is a strong

possibility that complete and accurate testimony would not be obtained.

13.5     The U.S. Debtors and the U.S Committee expect that their taking of each Witness' testimony will take one day.  Counsel for the U.S. Debtors and the U.S Committee are available to begin the testimony at such time and place as may be mutually agreed with the Witnesses' legal representatives, if any, and approved by you.

13.6     The Requesting Court also respectfully requests that the questions and the responses of each Witness be recorded verbatim and that each Witness sign the verbatim transcript or other record of his or her response to the questions.  The Requesting Court also respectfully requests that you cause the testimony of each Witness and all of the documents produced at his examination as a result of this Letter of Request be duly marked for authentication, and that you further authenticate the examination by the seal of your Court or in such other way in accordance with your procedure and return the written evidence and documents produced or identified to Jonathan Kelly of Cleary Gottlieb Steen & Hamilton LLP, City Place House, 55 Basinghall Street, London EC2V 5EH, under cover duly sealed, and the Requesting Court shall be ready and willing to do the same for you in a similar case when required.

13.7     In the event the evidence cannot be taken in the manner requested above, the Requesting Court respectfully requests that the evidence be taken in the manner provided by the applicable law of England and Wales.

13.8     The appearance of each Witness for his testimony is voluntary and no criminal prosecution in the United States will result from a failure to appear.  However, the Requesting Court respectfully requests that, if necessary, appropriate compulsion be exercised to compel each Witness to give evidence in response to this Letter of Request if the Witness is

uncooperative.

14. **Request for notification of the time and place for the execution of the request and identity and address of any person to be notified (Article 7)**[3]

   Jonathan Kelly
   Cleary Gottlieb Steen & Hamilton LLP
   City Place House
   55 Basinghall Street
   London EC2V 5EH

15. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the letter of request (Article 8)**

   None.

16. **Specification of privilege or duty to refuse to give evidence under the law of the state of origin (Article 11,b))**

The Witnesses may refuse to answer any question asked during the examination if such answer would subject the Witnesses to a real and appreciable danger of criminal liability in the United States, or would disclose a privileged communication.

17. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

   Nortel Networks Inc.
   c/o Jonathan Kelly
   Cleary Gottlieb Steen & Hamilton LLP
   City Place House
   55 Basinghall Street
   London EC2V 5EH

The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Convention, being the fees and costs in connection

---

[3] For the avoidance of doubt, nothing in this Letter of Request should be construed as a submission by the U.S. Debtors to the jurisdiction of the courts of England and Wales, nor is Cleary Gottlieb Steen & Hamilton LLP instructed by the U.S. Debtors to accept service of any proceedings in England and Wales.

with the execution of this Letter of Request, for the service of process necessary to secure the appearance of the Witness, the cost of the Examiner and the costs of the transcript of the evidence will be initially borne by the U.S. Debtors.  The U.S. Debtors' payment of any such fees and costs is without prejudice to the U.S. Debtors' right to make subsequent requests for reimbursement of those fees and costs from other parties to the proceedings before the Requesting Court, in the event that other parties request copies of the documents produced in connection with this request for documents.

      DATE OF REQUEST                                  ..........................................................

      SIGNATURE AND SEAL OF THE               ..........................................................
      REQUESTING AUTHORITY