

www.elliottgreenleaf.com
A Professional Corporation

1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Phone: (302) 384-9400 • Fax: (302) 384-9399

July 15, 2013

**VIA ECF AND HAND DELIVERY**
The Honorable Judge Kevin Gross
Chief United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

Dear Judge Gross:

I am respectfully responding to your Order Directing Response from the Long Term Disability Committee as former counsel to the Official Committee of Long Term Disabled Employees of Nortel (Docket No. 11073).

I am responding as the counsel to the Official Committee of Long Term Disabled Employees (LTD Committee) as directed by your Order; however, as the Court is aware, pursuant to the settlement between the Debtors and the LTD Committee ("Settlement") the LTD Committee has been disbanded.

The LTD Committee was disbanded pursuant to the terms of the settlement agreement approved by the Court when the settlement proceeds were paid to the LTD Committee. My firm currently represents the Long Term Disabled VEBA Trust for Former Nortel Employees, which manages the HRA, disbursing agent and disability plan administrator overseeing the Court approved settlement distribution.

First, I have attached a declaration from Jennifer Ford who is a paralegal in my office. Ms. Ford has been assigned to do intake of general inquiries that come in from a variety of people associated with Nortel. Ms. Ford has been instructed to refrain from giving out any advice, including legal advice, and simply directs those eligible to participate in the settlement to the proper party – whether it be the Debtors (human resources, agents of the Debtor, etc.), the Retiree Committee (or any successor committee), or the vendors used by the Trust to effectuate the terms of the settlement, such as the HRA administrator, the disability plan administrator, and disbursing agent. Pursuant to the declaration, she never directed Mr. Elias to pursue this issue with the Court. Instead, Mr. Elias was told to address this issue with the Debtors and the Retiree Committee as Mr. Elias had elected to leave the LTD settlement.

WILMINGTON        BLUE BELL        PHILADELPHIA        SCRANTON        WILKES-BARRE

As your Honor knows, from the hearings regarding both the settlement approval motion and the distribution motion, a tremendous effort was made, through publication notice, through a motion to approve the manner of notice and through multiple levels of outreach via group conference calls, website inquiries and even individual calls and emails to reach the LTD constituency. Mr. Elias was no exception. Various packages with information regarding the LTD settlement were delivered to four addresses for Mr. Elias (See Ford Declaration). Mr. Elias chose not to participate in conference calls, did not participate in the legal process, did not access the 1102 website, and did not contact us until sometime in July 2013. Our office literally begged people to contact us and discuss the settlement with us and with Medicare counselors for over six months and provided detailed correspondence on the potential settlement, distribution for each individual, deadlines for election, and how the two settlements (LTD and Retiree would work. Mr. Elias chose not to participate in any of the LTD Committee's outreach efforts and choose not engage counsel to the LTD Committee during this process. Instead, he affirmatively elected to participate in the Retiree settlement.

Mr. Elias' request that he be enrolled in the Long Term Disability Program so he could receive a monthly allotment and maintain his health insurance demonstrates his misunderstanding of the LTD settlement, despite the efforts of the LTD Committee to provide him with information regarding the same. The LTD Settlement terminated all LTD benefits including, but not limited to, medical insurance; the LTD Settlement provides participants with an HRA and cash disbursements through a VEBA disability plan. Mr. Elias has not demonstrated any excusable neglect for completely disregarding the efforts of the LTD Committee or for electing the Retiree settlement over the LTD Settlement. Moreover, he has not demonstrated any cognitive difficulties that would have prevented him from participating in conference calls or read materials provided. In fact, Mr. Elias has not shown any cognitive difficulties that would have impacted his decision making in any way. Many of the LTD participants who do have cognitive or health issues that have made it difficulties in understanding the settlements have utilized family and friends to assist them and the LTD Committee welcomed them into the educational process. Others retained counsel or appointed powers of attorney. Mr. Elias' sister contacted us on July 1, 2013 – so it appears even if Mr. Elias does have cognitive issues, he has support who could serve as power of attorney and assist him with understanding the settlement process.

Second, the Retiree election form was not prepared, distributed or collected by the LTD Committee though the LTD Committee did review the document. The form served as a document to record the terms of separation from the Debtors and to allow election into the Retiree Committee; the LTD Committees involvement was limited. The Court approved the process of allowing eligible LTD participants to elect to participate in the Retiree settlement. In order to participate in the LTD settlement, eligible participants did not have to send in any form or affirmatively do anything. In order to elect the Retiree settlement, eligible participants were

2

required to sign and return the Retiree election form. Many LTD participants who were not yet 65 did elect the Retiree Settlement, in part, because of the uncertainty regarding how the PBGC would treat requests for early retirement. We received Mr. Elias's form from the Debtors via e-mail on May 16, 2013, then directed Towers Watson to remove Mr. Elias from our settlement and recalculate the settlement distribution based on his exclusion. The election process requires finality and we are now beyond the point of no return.

Cash disbursements were sent to all eligible participants in the LTD settlement on June 30, 2013, and the HRA accounts have all been funded pursuant to the Court approved allocation methods. To now include Mr. Elias as an LTD participant in the settlement would create a costly and certainly litigious situation. Our LTD Committee discussed the administrative burden on the Trust because of Mr. Elias's untimely request to rescind his election form. Mr. Morton at Towers Watson has indicated that costs associated with recalculating the settlement will be $4,000 - $5,000. Redistribution of funds under the HRA would amount to $2,500. Costs associated with sending out and preparing new individual claims forms along with addressing questions and inquiries from the LTD participants are estimated to be between $26,350 and $30,000 (Elliott Greenleaf costs $26,000, postage $350 - $4,000 (depending on method of service)). While these costs are significant, there will be additional exponential legal fees associated with seeking to disgorge funds from 33 LTD participants who were the recipients of only one payment because of their age. These are costs that that Trust should not bear because Mr. Elias has now untimely changed his mind. The administrative burden on the Trust will exceed any benefit that Mr. Elias could receive – all to the detriment to the LTD participants who took an informed role in these cases.

The Trustees of the Long Term Disabled VEBA Trust for Former Nortel Employees also request that our firm and the other professionals that were asked to respond to this issue with Mr. Elias please be allowed to request reimbursement for professional fees from the estate that have been expended in response to your Honor's Order and any related costs. The Trustee has limited funding and Mr. Elias' issues, we respectfully submit, should not be borne by the other LTD participants.

Respectfully submitted,

/s/ Rafael X. Zahralddin-Aravena

RXZA/sic
Enclosures

3

cc:     **(via electronic mail)**
    Ronald P. Elias
    Derek C. Abbott, Esq.
    Nora K. Abularach, Esq.
    Mary Caloway, Esq.
    Nancy G. Everett, Esq.
    Chad A. Fights, Esq.
    Jennifer R. Hoover, Esq.
    Christopher M. Samis, Esq.
    Rene E. Thorne, Esq.
    Ken Coleman, Esq.
    Gabriel R. MacConaill, Esq.
    Craig A. Barbarosh, Esq.
    Scott D. Cousins, Esq.
    Susan P. Johnston, Esq.
    Robert A. Johnson, Esq.
    Neil Berger, Esq.
    William F. Taylor Jr., Esq.
    Laura Davis Jones, Esq.