IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
: **Hearing date: July 30, 2013, 10:00 a.m. (ET) (PROPOSED)**
: **Objections due: July 25, 2013, 4:00 p.m. (ET) (PROPOSED)**
:
: RE:  D.I.s 860, 986, 2682, 2789
:
---------------------------------------------------------- X

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
APPROVING FURTHER AMENDMENTS TO THE TERMS OF COMPENSATION
AND RETENTION OF PUNTER SOUTHALL LLC AS A PENSION ADVISOR TO THE
DEBTORS *NUNC PRO TUNC* TO JULY 1, 2013**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby file this application (the "Application"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving further amendments to the terms of compensation and retention of Punter Southall LLC ("Punter Southall") as a pension advisor to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the Debtors, *nunc pro tunc* to July 1, 2013. In support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

### Background

**A.  Procedural History**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

---

[2]   Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding before the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.  Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.  Debtors' Corporate Structure and Business**

7.  Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe. Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

---

[3]  The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]  The EMEA Debtors include the following entities: Nortel Networks (UK) Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

8.      Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[5]

### Facts Relevant to this Application

9.      On June 5, 2009, the Debtors filed an application for an order authorizing the retention of Punter Southall, effective as of May 8, 2009, as a pension advisor to the Debtors in connection with these chapter 11 cases (the "Original Application") [D.I. 860].[6] As discussed in the Original Application, the Debtors believed that the experience and pension expertise of Punter Southall would be of great assistance in their efforts to assess and resolve pension-related issues. The application requested that a flat monthly amount be allocated between Punter Southall and Palisades, at specified percentages, as compensation.

10.      On June 26, 2009, this Court entered an order approving the retention of Punter Southall, *nunc pro tunc* to May 8, 2009, as a pension advisor to the Debtors (the "Original Retention Order") [D.I. 986], pursuant to the terms of that certain letter agreement among NNI, Palisades, and Punter Southall, dated as of May 8, 2009 (the "Engagement Agreement"), attached hereto as Exhibit B.

11.      On March 10, 2010, the Debtors filed an application for an order approving an amendment to the terms and conditions under which Punter Southall is compensated as a pension advisor to the Debtors (the "Application to Amend") [D.I. 2682]. Under the amended compensation structure set forth in the Application to Amend, the Debtors and Punter Southall

---

[5] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

[6] In the Original Application, the Debtors also sought an order authorizing the retention of Palisades Capital Advisors LLC now doing business as Palisades Capital Management LLC ("Palisades") as a pension co-advisor to the Debtors. Palisades' retention was approved by the Court in the Original Retention Order (defined below). Palisades' retention in these chapter 11 cases has ended and, on September 30, 2010, it filed with the Court its final fee application [D.I. 4050].

4

agreed, among other things, to (i) a reduction in the overall flat monthly amount to be allocated between Punter Southall and Palisades; (ii) an increase in the percentage of the monthly amount to be paid to Punter Southall and a decrease in the percentage to be paid to Palisades; and (iii) an extension of the length of the period during which Punter Southall was guaranteed payment from the Debtors for its services.

12. On March 29, 2010, this Court entered an order approving the Application to Amend (the "Amended Retention Order") [D.I. 2789].

13. Since its retention, Punter Southall has provided important services to the Debtors relating to the analysis and resolution of pension-related issues. Specifically, Punter Southall has provided advice and analysis to the Debtors with regard to alleged potential pension obligations and claims. For example, the Debtors have consulted Punter Southall in connection with three divestiture-related settlements with the Pension Benefit Guaranty Corporation (the "PBGC"), including one settlement between the Debtors, the Internal Revenue Service and the PBGC [D.I.s 1205, 1658, 2157]. The Debtors expect Punter Southall to continue providing advice and assistance to the Debtors with regard to asserted potential pension obligations and claims asserted against them.

**Relief Requested**

14. By this Application, the Debtors seek an order, pursuant to Bankruptcy Code sections 327(a) and 328(a), as supplemented by Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, approving further amendments to the terms and conditions under which Punter Southall is compensated as a pension advisor to the Debtors.

**Further Amended Compensation Structure**

15. In light of the variations from month to month in the amount of work Punter Southall has been called upon to do for the Debtors, the Debtors entered into discussions with

Punter Southall to change the compensation structure for Punter Southall from a flat monthly fee to a discounted hourly rate. After careful consideration, the Debtors and Punter Southall have agreed to further modify the compensation scheme originally set forth in the Engagement Agreement and modified in the Amended Retention Order, as described below (the "Amended Compensation Structure").

16. The Amended Compensation Structure provides:

    a. <u>Elimination of Monthly Advisory Fee</u>: Punter Southall will no longer receive a monthly advisory fee for services provided to the Debtors and will instead render its services under the hourly-fee structure set forth below.

    b. <u>Hourly Fee Structure</u>: For matters unrelated to the defense of claims asserted against the Debtors, Punter Southall will be compensated at discounted hourly rates ranging from GBP£98/hour for a trainee actuary to GBP£278/hour for a senior actuary. For matters related to advice and consulting concerning the defense of claims asserted against the Debtors, Punter Southall will be compensated at discounted hourly rates ranging from GBP£120/hour for a trainee actuary to GBP£330/hour for a senior actuary. Under the Amended Compensation Structure, Punter Southall's timekeepers will bill their time in tenth-of-an-hour increments.[7]

**Basis for Relief**

17. Under section 327 of the Bankruptcy Code, a debtor-in-possession may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons to assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a).

18. Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code, a professional may be employed "on any reasonable terms and

---

[7] Any fee applications filed by Punter Southall prior to the approval of this Motion will reflect the Amended Compensation Structure and upon entry of an order approving this Motion, the fees and expenses will be paid according to the interim compensation procedures approved in these cases.

conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19. By this Application, the Debtors request that the Court approve the Amended Compensation Structure.

20. The amendment aligns the arrangements between NNI and Punter Southall with the current needs of the Debtors. The fee modification is in the best interests of the Debtors' creditors and estates as it more closely ties Punter Southall's compensation to the actual work done compared to the existing flat monthly fee arrangement. Moreover, the new arrangement reflects discounts in Punter Southall's hourly billing rates, which will save the Debtors money and provide the Debtors with Punter Southall's pension advice and expertise at a very reasonable cost.

21. Accordingly, the Debtors respectfully submit that the Amended Compensation Structure is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

22. Except as expressly set forth in this Application, all other terms and conditions set forth in the Engagement Agreement and approved by the Original Retention Order and modified by the Amended Retention Order shall remain the same.

### Reservation of Rights

23. Should this Court determine not to approve this Application for any reason, then the Engagement Letter, as approved by the Original Retention Order and modified by the Amended Retention Order , shall remain in full force and effect, without interruption. The Debtors and Punter Southall hereby reserve any and all of their rights to further amend, restate or terminate the Engagement Letter pursuant to such agreement's terms, and subject to any necessary Court approval.

**Notice**

24. Notice of the Application has been given via first class mail to the (i) U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

25. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Application and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: July 15, 2013<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors and Debtors in Possession* |