IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
:
:
:
:
----------------------------------------------------------X

**MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105, FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e) SHORTENING NOTICE FOR DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING FURTHER AMENDMENTS TO THE TERMS OF COMPENSATION AND RETENTION OF PUNTER SOUTHALL LLC AS A PENSION ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO JULY 1, 2013**

Nortel Networks Inc. and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "Debtors" or the "U.S. Debtors"), hereby moves this Court (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice to allow the *Debtors' Application for Entry of an Order Approving Further Amendments*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*to the Terms of Compensation and Retention of Punter Southall LLC as a Pension Advisor to the Debtors* Nunc Pro Tunc *to July 1, 2013* (the "<u>Application</u>")[2] to be considered at the hearing currently scheduled for July 30, 2013, at 10:00 a.m.  In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

3. On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors other than Nortel Networks (CALA) Inc.[3] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") has appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "<u>Bondholder Group</u>").

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

[3] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' Chapter 11 cases for procedural purposes [D.I. 1098].

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc., was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

7. On June 5, 2009, the Debtors filed an application for an order authorizing the retention of Punter Southall, effective as of May 8, 2009, as a pension advisor to the Debtors in connection with these chapter 11 cases (the "Original Application") [D.I. 860]. As discussed

---

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities: Nortel Networks (UK) Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

in the Original Application, the Debtors believed that the experience and pension expertise of Punter Southall would be of great assistance in their efforts to assess and resolve pension-related issues. The application requested that a flat monthly amount be allocated between Punter Southall and Palisades, at specified percentages, as compensation.

8.  On June 26, 2009, this Court entered an order approving the retention of Punter Southall, *nunc pro tunc* to May 8, 2009, as a pension advisor to the Debtors (the "Original Retention Order") [D.I. 986], pursuant to the terms of that certain letter agreement among NNI, Palisades, and Punter Southall, dated as of May 8, 2009 (the "Engagement Agreement").

9.  On March 10, 2010, the Debtors filed an application for an order approving an amendment to the terms and conditions under which Punter Southall is compensated as a pension advisor to the Debtors (the "Application to Amend") [D.I. 2682]. Under the amended compensation structure set forth in the Application to Amend, the Debtors and Punter Southall agreed, among other things, to (i) a reduction in the overall flat monthly amount to be allocated between Punter Southall and Palisades; (ii) an increase in the percentage of the monthly amount to be paid to Punter Southall and a decrease in the percentage to be paid to Palisades; and (iii) an extension of the length of the period during which Punter Southall was guaranteed payment from the Debtors for its services.

10. On March 29, 2010, this Court entered an order approving the Application to Amend (the "Amended Retention Order") [D.I. 2789].

11. Concurrently herewith, the Debtors are filing the Application, by which they seek an order approving further amendments to the terms and conditions under which Punter Southall is compensated as a pension advisor to the Debtors.

4


**Relief Requested**

12.     By this Motion to Shorten, the Debtors respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) shortening notice with respect to the Application; (ii) scheduling the Application to be heard the hearing currently scheduled for July 30, 2013, at 10:00 a.m.; (iii) requiring objections, if any, to the Application to be raised on or before July 25, 2013, at 4:00 p.m.; and (iv) granting such other relief as may be just and proper.

**Basis for Relief Requested**

13.     Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

14.     Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

15.     Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."

16.     Moreover, according to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d

Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

17. The Debtors respectfully submit that allowing the relief requested in the Application to be considered on an expedited basis is reasonable and appropriate. As described more fully in the Application, the Debtors seek an order modifying the terms and conditions under which Putner Southall is compensated as a pension advisor to the Debtors. The modified terms will more closely tie Punter Southall's compensation structure to the efforts they are contributing to the Debtors' reorganization, and are anticipated to result in a cost savings to the Debtors' bankruptcy estates. Furthermore, because there are no hearings scheduled in these cases for the month of August, 2013, if this matter is not heard at the hearing currently scheduled for July 30, 2013, an additional month will pass before Putner Southall's amended compensation structure is approved. Although the Debtors seek to have these modified terms become effective *nunc pro tunc* to July 1, 2013, the parties respectfully submit that consideration of the Application on an expedited basis is appropriate so that the Debtors and Punter Southall may make arrangements for fees and expenses associated with ongoing work as soon as possible.

18. For these reasons, the Debtors respectfully submit that allowing the Application to be considered on shortened notice is reasonable and appropriate under the circumstances.

**No Prior Request**

19. No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

**<u>Notice</u>**

20.     Notice of this Motion to Shorten has been given via first-class mail to (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Bondholder Group; and (d) the general service list established in these chapter 11 cases.  The Debtors respectfully submit that under the circumstances no other or further notice is necessary.

*[Remainder of the page left intentionally blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Application; (ii) scheduling the Application to be heard the hearing currently scheduled for July 30, 2013, at 10:00 a.m.; (iii) requiring objections, if any, to the Application to be raised on or before July 25, 2013, at 4:00 p.m.; and (iv) granting such other relief as may be just and proper.

Dated: July 15, 2013
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

-and-

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*