IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Nortel Networks Inc.,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>(Jointly Administered)<br><br>**Related to Docket Nos. 7931, 8270, 9673, 9674, 10408, 10929, 10930** |

## MEMORANDUM ORDER

Before this Court are the letters and motions filed by Estelle Loggins ("Ms. Loggins"), including *Estelle Loggins, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance Allowance as Valid Per Nortel Networks Severance Allowance Plan and Issue Payment* [D.I. 9674] filed on March 18, 2013, the *Letter Regarding Disability Benefits Filed by Estelle Loggins* [D.I. 7931] filed on June 26, 2012, the *Motion for Compensation and Reimbursement of Amounts Owed for the period March 1, 2003 to July 31, 2012* [D.I. 8270] filed on August 20, 2012, the *Estelle Loggins, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through December 31, 2012(D.I. 8270) as Valid Per Nortel Networks Summary Plan Description (SPD) 2000 and Issue Payment Immediately* [D.I. 9673] filed on March 18, 2013, the *Motion to Compel Debtors to Admit Claim for Severance Allowance as Valid Per Nortel Networks Severance Allowance Plan and Issue Payment* [D.I. 9674] filed on March 18, 2013, the *Letter*

*Appealing to Court for Justice and Continued Support* [D.I. 10408] filed on April 26, 2013, and the *Estelle Loggins, Support of Debtors Scheduled Hearing (June 25, 2013) In Response to My Letter to the Court [D.I. 10408] Appealing for Justice and Continued Support* [D.I. 10942] filed on June 20, 2013. For the reasons explained below, the Court will deny the relief requested by Ms. Loggins, with prejudice.

## I. BACKGROUND

On January 14, 2009, Nortel Networks Inc. ("NNI") and certain of its affiliates (collectively, the "Debtors")[1] petitioned for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.. See Chapter 11 Voluntary Petition* [D.I. 1]. Ms. Loggins worked for NNI for 12 years until March 12, 2000 when she suffered a back injury while travelling on company business for NNI. Decl. of John J. Ray III In Support of the Debtors' Objection to the Letter of Estelle Loggins ("Ray Decl. ") [D.I. 10930] Ex. 2 at 1. Afterwards, Ms. Loggins went on short-term disability ("STD") and then long-term disability ("LTD"). *Id.* Ms. Loggins began receiving benefits under NNI's Long-Term Disability Plan ("LTD" Plan). *Id.* Ms. Loggins also applied for, and received, benefits under NNI's Business Travel Accident Insurance Plan ("BTA Plan") available to her as an employee of NNI. *Id.*

---

[1] The U.S. Debtors in these Chapter 11 cases are Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.

2

Under NNI's LTD Plan, LTD Benefits are reduced by other sources of income payable to the employee because of his or her disability. *See* Decl. of John J. Ray III in Further Support of the Joint Motion Pursuant to Sections 363 and 105 of the Bankruptcy Code, and Bankruptcy Rules 9019 and 7023 to (A) Finally Approve the Settlement Agreement, (B) Finally Certify a Class, (C) Authorize the Debtors to Terminate the LTD Plans, and (D) Grant Related Relief [D.I. 10318] ("Joint Mot. Ray Decl.") Ex. 20 at 17. Under the LTD Plan, payments under the BTA Plan is considered "other income." *Id.* at 11. As a result, NNI's Administrator of the LTD Plan, Prudential Insurance Company of America ("Prudential"), began to offset Ms. Loggin's BTA payments from her LTD benefits. *See* Ray Decl. Ex. 2 at 2. Prudential also informed Ms. Loggins that in addition to the off-set, Prudential sought $23,600.97 in overpayments made to Ms. Loggins for the period she received full payment under both plans without Prudential's knowledge. *See* Mot. for Compensation and Reimbursement of Amounts Owed for the Period of March 1, 2003 Through July 31, 2012 [D.I 8270] ("Mot. for Compensation and Reimbursment") Ex. 4.

Ms. Loggins appealed Prudential's Offset to NNI's Employee Benefits Committee ("EBC"). *See* Ray Decl. Ex. 2. The EBC denied Ms. Loggin's appeal. *See id.* at 10. Ms. Loggins then filed suit in District Court in the Northern District of Texas, alleging that the Debtors had violated her rights under the Employment Retirement Income Security Act of 1974 , 29 U.S.C. § 1001, *et seq.* ("ERISA"). *See Loggins v. Nortel Networks Inc.*, No. Civ.A. 3:04-CV-2517N, 2006 WL 740278, at *2 (N.D. Tex. March 9. 2006). The District Court granted the Debtors' Motion for Summary Judgment and

agreed with the EBC that an award under the BTA Plan could be offset under the terms of NNI's LTD Plan. *See id.* at *2. Ms. Loggins appealed the District Court's decision to the Fifth Circuit Court of Appeals. *See Loggins v. Nortel Networks Inc.*, 206 Fed. App'x 329, 331 (5th Cir. 2006). The Fifth Circuit agreed with the District Court and affirmed its decision. *Id.* at 331-32.

## II. ANALYSIS

In her plethora of motions and filings, Ms. Loggins raises five basic claims. First, Ms. Loggins argues that the Debtors' owe her severance pay under Nortel Networks Severance Allowance Plan. Second, Ms. Loggins seeks money from the Debtors for the offsets taken for payments made to Ms. Loggins under the BTA Plan. Third, Ms. Loggins argues that the Debtors must reimburse her the cost of Medicare Part B premiums. Fourth, Ms. Loggins argues that the Debtors owe her vacation pay. Fifth and finally, Ms. Loggins argues that the Debtors owe her additional medical benefits.

First, Ms. Loggins' request for severance pay is denied because she is no longer an LTD Employee. Ms. Loggins passed the maximum age for LTD Benefits in December 2012. *See* Joint Motion Ray Decl. Ex. 1. Therefore, Ms. Loggins is therefore not entitled to share the LTD Employees' allowed general unsecured claim for Severance Pay. The Court has already sustained the Debtors' Objection to such a claim. *See* April 30, 2012 Hr'g Tr. at 54:5-10.

Second, Ms. Loggins' request for money from the Debtors for the offsets of the payments under the BTA Plan is denied. This Court is barred from considering such a

4

motion by the doctrine of res judicata. Res judicata strictly prohibits reexamination of matters decided in a prior case. *Williams v. Lehigh Cnty Dept. of Corr.*, 19 F. Supp.2d 409, 412 (E.D. Pa. 1998) (citations omitted). "Res judicata requires three factors: 1) a final judgment on the merits in a prior suit involving 2) the same parties or their privies, and 3) a subsequent suit based on the same cause of action." *Id.* Ms. Loggins seeks the same relief that she had previously sought against NNI that was brought in the District Court for the Northern District of Texas. Additionally, the Fifth Circuit affirmed the District Court's ruling. This was a final judgment on the merits of Ms. Loggins' prior action. Therefore, Ms. Loggins' request for payment is denied with prejudice.

Third, Ms. Loggins' request for reimbursement for Medicare Part B premiums is denied. The Debtors have admitted that an adjustment made to Ms. Loggins' account did not finally account for the premium change from January 2010 to January 2012 and an underpayment of $338.40 occurred. *See* Debtors' Objection to the Letter of Estelle Loggins for Appeal for justice and Continued Support and Related Mots. at ¶ 8. However, the Debtors contend Prudential has informed the Debtors that a check was issued in January 2012 to correct this payment. *Id.* Therefore, the Debtors argue that Ms. Loggins has been reimbursed for any errors relating to her Medicare Plan B premiums. *Id.* The Court has not been provided with any evidence that such a payment was issued to Ms. Loggins. If the Debtors can provide the Court with evidence confirming such payment, then Ms. Loggins' request will be denied.

Fourth, Ms. Loggins' request for vacation pay is denied because the statute of limitations for this claim has expired. Ms. Loggins failed to make any inquiry into her unused vacation pay until June 2009, almost a decade after she became an LTD Employee and began receiving LTD benefits. *See* Mot. for Compensation and Reimbursement Ex. 8. NNI sent a letter to Ms. Loggins on September 21, 2010 explaining that Ms. Loggins's inquiry occurred well after the seven year statute of limitation required for maintaining payroll records. *See id.* Ms. Loggins has not provided the Court with any other documents demonstrating her entitlement to vacation pay. Therefore, Ms. Loggins' request for vacation pay is denied.

Fifth and finally, Ms. Loggins' request for additional coverage under NNI's Medical Plan is denied. Medical coverage under the Nortel Networks Inc. Medical Plan and the Nortel Networks Inc. Retiree Medical Plan is being terminated for all participants as of June 30, 2013 pursuant to the settlements reached with the Official Committee of Long-Term Disability Participants and Official Committee of Retired Employees. The Court approved these settlements and these settlements became final on May 16, 2013 and April 17, 2013, respectively.  Since the Debtors no longer maintain any medical benefits for any of their current or former employees, Ms. Loggins' request is denied.

6

## III. CONCLUSION

For the foregoing reasons, the Court finds that the Movant has failed to meet her burden with respect to her Motions and Filings. Therefore, the Movant's Motions and Filings are **DENIED WITH PREJUDICE.**

Dated: July 17, 2013
Wilmington, Delaware

BY THE COURT:

_____
Kevin Gross
United States Bankruptcy Judge