**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re

NORTEL NETWORKS INC., *et al.*,

                                    Debtors.[1]

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**NOTICE OF SUBPOENA *DUCES TECUM***
**DIRECTED TO KPMG LLP**

TO:    KPMG LLP
         345 Park Avenue
         New York, New York 10154-0102

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

as made applicable by Rules 7034 and 9016 of the Federal Rules of Bankruptcy Procedure, the

court-appointed administrators and authorized foreign representatives (collectively, the "Joint

Administrators")[2] for Nortel Networks UK Limited ("NNUK") and certain of its affiliates

(collectively, and including NNUK, the "EMEA Debtors")[3] located in the region known as EMEA

---

1.    The debtors in these chapter 11 cases (the "U.S. Debtors"), along with the last four digits of each tax identification number, are:  Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

2.    The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited ("NNIR"), are:  Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris.  The Joint Administrators in the English proceedings for NNIR are:  Alan Robert Bloom and David Martin Hughes.

3.    The EMEA Debtors are:  NNUK; Nortel GmbH; Nortel Networks (Austria) GmbH; NNIR; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL;

(Europe, Middle East, and Africa) in proceedings under the *Insolvency Act 1986*, pending before the High Court of Justice of England and Wales (the "English Court"), by and through their undersigned counsel, caused to be served on KPMG LLP on July 24, 2013 by electronic mail (per agreement) the attached Subpoena requesting KPMG LLP produce and permit for inspection and copying the documents listed on Schedule A annexed to the Subpoena (collectively, the "Document Requests") on or before the 19th day of August, 2013, at 10:00 a.m. at the offices of Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004-1482, or at such other agreed time and place.  A true and correct copy of the Subpoena is attached hereto and incorporated herein by reference.

---

Nortel Networks S.A. ("NNSA"); Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o.

Dated: Wilmington, Delaware
       July 26, 2013

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ *Jaime Luton Chapman*

James L. Patton (No. 2202)
Edwin J. Harron (No. 3396)
John T. Dorsey (No. 2988)
Jaime Luton Chapman (No. 4936)

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600
Fax:  302-571-1253

– and –

HUGHES HUBBARD & REED LLP

Neil J. Oxford
Kenneth M. Katz
Gabrielle Glemann

One Battery Park Plaza
New York, New York 10004
Telephone:  212-837-6000
Fax:  212-422-4726

*Counsel for the Joint Administrators*

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

### SUBPOENA IN A CIVIL CASE

In re:

Nortel Networks Inc., *et al.*

                     Debtors.

------------------------------------------------------------

Case No. 09-10138 (KG)
(Jointly Administered)
(Bankr. D. Del.)
Chapter 11
*PENDING IN THE UNITED STATES*
*BANKRUPTCY COURT FOR THE DISTRICT OF*
*DELAWARE*

To:     **KPMG LLP**
        345 Park Avenue
        New York, New York 10154-0102

    ☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

    ☐ YOU ARE COMMANDED

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

    ☒ YOU ARE COMMANDED **to produce and permit inspection and copying the documents listed on the attached <u>Schedule A</u> at the place, date and time listed below.**

| PLACE:  **Hughes Hubbard & Reed LLP**<br>**One Battery Park Plaza**<br>**New York, New York 10004-1482** | DATE AND TIME<br><br>**Aug. 19, 2013 at 10:00 a.m. (ET)** |
|---|---|

    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date:  **July 23, 2013** |
|---|---|
| **Counsel to the** Joint Administrators for Nortel Networks UK Limited and certain of its affiliates located in the region known as EMEA (Europe, Middle East, and Africa) | |

Issuing Officer's Name, Address, and Phone Number

    **Neil J. Oxford, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004 (212-837-6843)**

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____        _____
             DATE                                    SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

**(c) Protecting a Person Subject to a Subpoena.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*

      **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

      **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:

         **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

         **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*

      **(A)** *When Required.*  On timely motion, the issuing court must quash or modify a subpoena that –

         **(i)** fails to allow a reasonable time to comply;

         **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

         **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

         **(iv)** subjects a person to undue burden.

      **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

         **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

         **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

      **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

2

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for that discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any other copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A non-party's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

3

**SCHEDULE A**

**DEFINITIONS**

A.      "Concerning" or "concerning" shall mean concerning, relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

B.      "KPMG USA" shall mean KPMG LLP, a Delaware limited liability partnership and the U.S. member firm of the KPMG network of firms affiliated with KPMG International Cooperative, and each of KPMG USA's divisions, subsidiaries and affiliates, and any present or former officers, directors, employees, agents, representatives, attorneys and persons acting on behalf of KPMG USA.

C.      "Document" or "document" shall mean a true copy of any writings, drawings, graphs, charts, photographs, phone records or other data compilations from which information can be obtained, whether maintained in hard copy or electronic form, including, but not limited to books, records, correspondence, notes or memoranda of personal conversations, telephone calls or interviews, contracts, agreements, communications, letters, diaries, appointment calendars, financial statements, reports, workpapers, instructions, minutes or other communications (including but not limited to) inter- and intra-office communications, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled checks, bank statements, bank instructions and confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, tabulations, indices, summaries or records of meetings or conferences, summaries, reports of investigations or negotiations, opinions or reports of accountants or consultants.

D.      "EMEA Entity" shall mean any of the following entities and any agents, directors, officers, employees, secondees, or representatives thereof:  Nortel Networks UK Limited; Nortel Networks (Ireland) Limited; Nortel Networks S.A.; Nortel Networks NV; Nortel Networks

S.p.A.; Nortel Networks B.V.; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Hispania,

S.A.; Nortel Networks (Austria) GmbH; Nortel Networks, s.r.o.; Nortel Networks Engineering

Service Kft; Nortel Networks Portugal S.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks

Romania SRL; Nortel GmbH; Nortel Networks OY; Nortel Networks AB; Nortel Networks

International Finance & Holding B.V.; Nortel Networks France S.A.S.; Nortel Networks AG;

Nortel Networks AS; Nortel Networks South Africa (Proprietary) Limited; Nortel Networks

Optical Components Limited; and Nortel Networks (Northern Ireland) Limited, and any former

or current directors, officers, members, agents, employees, representatives, managing agents,

accountants, attorneys, investigators or affiliates, and any agents, employees or representatives

thereof.

      E.      "MRDA" shall mean the Master Research and Development Agreement among

Nortel Networks Limited, Nortel Networks Inc., Nortel Networks UK Limited, Nortel Networks

S.A., Nortel Networks Australia, and Nortel Networks (Ireland) Limited, dated December 22,

2004, and all amendments or addenda thereto.

      F.      "NNL" shall mean Nortel Networks Limited and any agents, directors, officers,

employees, secondees, or representatives thereof.

      G.      "Nortel Entity" shall mean any entity within the global enterprise of NNL and its

corporate affiliates, including all parent companies, holding companies, affiliates, subsidiaries,

and branches of any Nortel Entity, whether domestic or foreign, direct or indirect, and any

agents, servants, directors, employees, or representatives of each of the foregoing.

      H.      "Person" shall mean any individual, corporation, partnership, joint venture,

association, governmental agency, or other entity.

      I.      "Relevant Period" shall mean January 1, 2000 through January 14, 2009.

J.      "Tax Authority" shall mean any tax or revenue authorities in Canada, the U.S., the U.K., France, Ireland, or in any other jurisdiction relevant to an EMEA Entity, including the Internal Revenue Service, Canada Revenue Agency, Her Majesty's Revenue & Customs, the French Tax Authority, the French Revenue Authority, the French General Tax Office, and all state and federal tax authorities.

K.      "Working Paper" shall mean any document that KPMG USA maintains, archives, or preserves in connection with a client engagement pursuant to law, rule, regulation, industry standard or guideline, or its internal practices or policies.

L.      "You," "your," and "yours" shall mean KPMG USA.

## INSTRUCTIONS

1.      You shall produce all documents called for by these Document Requests that are in your possession, custody or control, including but not by way of limitation, documents in the possession of representatives, agents, servants, employees, accountants, attorneys, investment advisors or financial advisors.

2.      Documents and things shall be produced in full, without abbreviation or expurgation, regardless of whether KPMG USA considers the entire document to be relevant or responsive.

3.      Documents and things should be produced pursuant to Rule 34(b) of the Federal Rules of Civil Procedure (as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034 and 9014) as they are kept in the usual course of business or organized and labeled to correspond to the categories identified in these Document Requests.

4.      Whenever necessary to bring within the scope of these Document Requests documents that might otherwise be construed to be outside their scope:

3

a.  the use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b.  the use of a word in its singular form shall be construed to include within its use the plural form as well;

c.  the use of a word in its plural form shall be construed to include within its use the singular form as well;

d.  the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document Requests all responses that might otherwise be construed to be outside of its scope;

e.  the terms "all" and "each" shall be construed as both all and each; and the term "any" shall be construed as any and all; and

f.  the term "including" shall be construed to mean "including, without limitation."

5.      With respect to any document or thing responsive to these Document Requests that is withheld from production based on a claim of privilege, or for any other reason, the following information shall be provided in the objection: (i) the type of Document; (ii) the general subject matter of the Document; (iii) the date of the Document; (iv) such other information as is necessary to identify the Document for a subpoena *duces tecum*, including the author of the Document, the addressee of the Document, copyee or other recipients of the Document, and where not apparent, the relationship of the author, addressee and recipients to each other; and (v) identification of the nature of the privilege (including work product) that is being claimed. To the extent that any document is withheld from production on the bases of

privilege and also contains non-privileged information, such document shall be produced with privileged information redacted.

6.      Please provide documents as single-page TIFFs, with document level OCR, delimited (.DAT) document load file, LFP or OPT image load files, and metadata for the following fields: BegDoc, EndDoc, BegAttach, EndAttach, Subject, FileName, SentDate, Created Date, Last Modified Date, Author, From, To, CC, BCC, Recipients, Custodian, FilePath, Parent, MD5, ConfidentialStamp, TextPath, and FilePath.

7.      Please provide separate copies of spreadsheets (Excel), presentations (PowerPoint), and database files in their native format.  The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (*e.g.*, "KPMG0000001.xls").

8.      Unless otherwise specified, the time period encompassed by these Document Requests shall apply to documents created or revised during the Relevant Period.

## DOCUMENT REQUESTS

REQUEST NO. 1.      All Working Papers concerning audits or reviews of the financial statements of any Nortel Entity or the Nortel Entities on a consolidated basis for the Relevant Period.

REQUEST NO. 2.      All Working Papers concerning other services provided to any Nortel Entity or the Nortel Entities on a consolidated basis for the Relevant Period, including without limitation Working Papers concerning the sale of assets, the valuation of assets or liabilities, intercompany transactions or loans, tax, transfer pricing, and research and development of intellectual property.

REQUEST NO. 3.    All communications in or concerning the Relevant Period with any Nortel Entity or the Nortel Entities on a consolidated basis, including without limitation e-mail and other electronic and hard copy documents, concerning services rendered or to be rendered by KPMG USA for or on behalf of any Nortel Entity or the Nortel Entities on a consolidated basis for the Relevant Period, including without limitation documents concerning:

    (a)    audits or reviews of the financial statements of any Nortel Entity or the Nortel Entities on a consolidated basis;

    (b)    any anticipated, planned, potential or actual sale of assets by any Nortel Entity or the Nortel Entities on a consolidated basis;

    (c)    the valuation of the assets or liabilities of any Nortel Entity or the Nortel Entities on a consolidated basis;

    (d)    intercompany transactions or loans;

    (e)    any tax advice and tax strategies;

    (f)    transfer pricing; and

    (g)    research and development of intellectual property, including without limitation, any policies, procedures, determinations or decisions as to which Nortel Entity or Nortel Entities conduct, perform, or oversee research and development of intellectual property, and the contribution of each Nortel Entity to research and development of intellectual property.

REQUEST NO. 4.    Documents sufficient to show bills and/or invoices prepared by KPMG USA concerning services rendered or to be rendered by KPMG USA for or on behalf of any Nortel Entity or the Nortel Entities on a consolidated basis for the Relevant Period.

REQUEST NO. 5.    Engagement letters concerning services rendered or to be rendered by KPMG USA for or on behalf of any Nortel Entity or the Nortel Entities on a consolidated basis.

REQUEST NO. 6.    Documents sufficient to show KPMG USA personnel who billed or recorded time concerning services rendered for or on behalf of any Nortel Entity or the Nortel Entities on a consolidated basis for the Relevant Period, and, with respect to each time entry, the amount of time billed or recorded, any description of the work performed, and the matter and/or engagement to which the time was billed or recorded.