# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Re: D.I. 11118** |
|  | : |  |
|  | : | **Hearing date: September 10, 2013 at 10:00 a.m. (ET)** |
|  | : | **Objections due: September 3, 2013 at 4:00 p.m. (ET)** |

-------------------------------------------------------------X

### DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FED. R. BANKR. P. 9023 AND 9024 AND FED. R. CIV. P. 59 AND 60 TO CLARIFY AND AMEND THE ORDER GRANTING NORTEL LTD EMPLOYEES' MOTIONS TO COMPEL DEBTORS TO ADMIT CLAIMS FOR SEVERANCE AS VALID AND ISSUE PAYMENT

Pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 59 and 60 of the Federal Rules of Civil Procedure, Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion to Amend"), to (a) clarify and amend the order entered on July 16, 2013 [D.I. 11118] (the "Order"), granting (i) the motions filed by certain long-term disabled individuals generally stylized as *Nortel US Employee Motion Compelling Debtors to Admit My*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*; (ii) the *Motion Compelling Debtors to Issue Payment for Severance Per Nortel Networks Severance Allowance Plan Upon Debtors Planned Termination of My Employment on June 30, 2013, by Mark R. Janis, a Nortel U.S. LTD Employee*, filed on June 3, 2013 [D.I. 10741]; and (iii) all other motions or joinders seeking an allowed severance claim filed by an LTD Employee, as defined below (collectively, the "Motions") [D.I. 9598, 9600, 9647, 9665, 10151, 10170, 10454, 10730, 10741, 10742, 10848, 10850, 10851, 10852, 10853, 10854, 10866, 10867, 10869, 10870, 10872, 10873, 10874, 10875, 10876, 10877, 10879, 10885, 10886, 10887, 10888, 10889, 10890, 10891, 10893, 10894, 10895, 10896, 10897, 10898, 10900, 10901, 10903, 10904, 10906, 10907, 10908, 10923, 10925, 10926, 10936, 10940, 10974, 10975, 11063, 11093]; (b) issue an amended order substantially in the form of **Exhibit A** attached hereto (the "Proposed Amended Order"); and (c) grant them such other and further relief as the Court deems just and proper.  In support of this Motion to Amend, the Debtors respectfully represent as follows:

### Preliminary Statement

1.      The Debtors recognize the Court's Order and the Movants' concomitant entitlement to general unsecured claims for severance and are prepared to allow such claims as general unsecured claims in accordance with the methodologies under the Severance Plans, as defined below.[2]  The Debtors do not seek to clarify or amend the Court's ruling with respect to this holding.  However, the Debtors request that the Court clarify and amend the Order as it relates to the amount of such severance claims in three respects.  First, the Debtors seek to clarify

---

[2]      Capitalized terms used but not defined herein have the meanings set forth in the *Debtors' Omnibus Objection to Various Nortel US Ltd Employees' Motions Compelling Debtors to Admit My Claim for Severance Allowance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*, filed June 2, 2013 [D.I. 10731].

that the Order grants each of the LTD Employees who filed a Motion a general unsecured claim for severance pay, but does not approve the amount of each such claim alleged in their respective Motions.  Second, in order to avoid further delay and unnecessary filings by LTD Employees, the Debtors seek an amendment authorizing the Debtors to allow severance claims for LTD Employees who did not file a Motion in a manner consistent with those who did.  Third, the Debtors propose a process to allow for the efficient and accurate determination of the amount of the severance claims to be allowed and for the resolution of any disputes that arise.

## Jurisdiction

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, and rules 9023 and 9024 of the Bankruptcy Rules.

## Background

A.      **Introduction**

4.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' cases.

6.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

3

Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

7.      In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[4]

8.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

**B.      Debtors' Corporate Structure and Business**

9.      A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.

**Facts Relevant to this Motion**

10.      On May 1, 2013, this Court entered an order approving a settlement agreement (the "Settlement Agreement") between the Debtors and the LTD Committee that resolved

---

[3]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The U.K. Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

various pending litigation regarding the termination of benefits under the LTD Plans (as defined below).  In relevant part, the Settlement Agreement provides for the termination of the employment of the Debtors' long-term disabled employees (the "LTD Employees") who were participating in Nortel Networks Inc.'s Long Term Disability Plan and certain other plans and programs (such plans and programs collectively referred to herein as the "LTD Plans") as of June 30, 2013.  The Settlement Agreement released various claims but did not address the LTD Employees' entitlement to benefits under the Nortel Networks Severance Allowance Plan and the Nortel Networks Enhanced Severance Allowance Plan (the "Severance Plans").

11.    At various times starting in March 2013, approximately 50 LTD Employees (together, the "Movants"), filed the Motions seeking a determination that they were owed severance payments based on their expected termination of employment on June 30, 2013. While the Movants raised common arguments regarding their entitlement to severance based on the terms of the Severance Agreements and the Debtors' prior conduct, not all of the Movants included information regarding the dollar value of the severance claim they believed should be allowed.[5]  Furthermore, for those Movants who did include purported severance claim amounts in the Motions, several of these purported claim amounts are higher or lower than the amounts of such claims as now calculated by the Debtors.  In response to the Motions, the Debtors filed the *Debtors' Omnibus Objection to Various Nortel US LTD Employees' Motions Compelling Debtors to Admit My Claim for Severance Allowance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment* [D.I. 10731] and the *Debtors' Supplemental Omnibus Objection to Various Nortel US LTD Employees' Motions Compelling Debtors to Admit My Claim for Severance Allowance as Valid per Nortel Networks Severance Allowance Plan And*

---

[5]    Three Movants did not include another value.  See D.I. 10151, 10741, and 10940.

*Issue Payment* [D.I. 10932] (the "<u>Supplemental Omnibus Objection</u>") and reserved "all rights and defenses with respect to the calculation of the LTD Employees' severance benefits should the LTD Severance Motions be granted."  Supplemental Omnibus Objection at 9.

12.     On June 25, 2013, the Court heard oral argument on the Motions.  Given the number of litigants and the general issues before the Court, the parties did not present evidence or argument about the specific quantum of any Movants' individual severance claims.  On July 16, 2013, the Court issued an Memorandum Opinion [D.I. 11117] (the "<u>Opinion</u>") and the Order granting the Motions.

13.     The Opinion provides that "this Court finds that the LTD Employees are covered under the Severance Plans and should receive an allowed general unsecured claim to represent their interest in severance pay."  Opinion at 13.  The Order provides only that the "LTD Employees' Motions are GRANTED."  Order at 2.  Since the Order was entered, several additional LTD Employees have filed proofs of claim asserting severance claims based in the Severance Plans.

<u>Relief Requested</u>

14.     Pursuant to the Order, the Debtors are prepared to allow the Movants' and other LTD Employees' claims for severance as general unsecured claims in accordance with the methodologies set forth in the Severance Plans.  However, in light of the fact that the Motions do not consistently propose an amount or calculation for such claims, the priority for such claims or the Debtor against which claim should be allowed, the Debtors respectfully request the Court clarify and amend its prior Order to provide a mechanism for the allowance of such specific claim amounts, which will be reflected on the Debtors' claims register and allow the Debtors the opportunity to review and dispute the proposed amounts, as appropriate.  Accordingly, by this

Motion, the Debtors seek an order (a) clarifying and amending the Order; (b) issuing an amended order substantially in the form of the Proposed Amended Order; and (c) granting them such other and further relief as the Court deems just and proper.

### Basis for Relief Requested

15.    Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105(a) of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings."); *In re VII Holdings Co.*, 362 B.R. 663, 668 (Bankr. D. Del. 2007) (BLS) (noting that "[s]ection 105(a) bestows broad equitable powers on the Court.") (citing *In re Combustion Engineering Inc.*, 391 F.3d 236).

16.    Rule 9023 of the Bankruptcy Rules provides in relevant part that "Rule 59 F.R.Civ.P. applies in cases under the Code.  A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."  Fed. R. Bankr. P. 9024.  In turn, Rule 59 of the Federal Rules of Civil Procedure provides in relevant part that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

17.    Rule 9024 of the Bankruptcy Rules provides in relevant part that "Rule 60 F.R.Civ.P. applies in cases under the Code."  Fed. R. Bankr. P. 9023.  In turn, Rule 60 of the Federal Rules of Civil Procedure provides in the relevant part that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

18.     The Debtors do not seek to amend the Court's ruling with respect to the holding that the Movants are entitled to an allowed general unsecured claim for severance under the Severance Plans.  Rather, the Debtors propose to clarify and amend the Order as it relates to the question of the LTD Employees' severance claims in three respects.  First, the Motions themselves are not uniform in the relief requested, with several Movants specifying the quantum of requested severance without explanation, calculation or documentary evidence and some specifying no amount at all or no specific Debtor against which such claims should be allowed.  Even where amounts are given, they are, in some instances, outdated and many either over or under-represent the amount owing to an individual LTD Employee when compared to the Debtors' calculations as performed in light of the Court's rulings.  It is evident from the Opinion that the Order was intended to grant each of the Movants a general unsecured claim for severance pay, but the Order does not provide specific guidance on how the quantum of each such claim would be set.  The Debtors seek relief of the Court to clarify and amend the Order to provide as such.

19.     Second, the Order applies exclusively to the Movants and not all LTD Employees.  The Debtors propose to amend the Order to authorize the Debtors to grant an allowed general unsecured claim for benefits under the Severance Plans (an "LTD Severance Claim") for all LTD Employees whose employment was terminated as of June 30, 2013 even if they were not one of the Movants.  In order to avoid further unnecessary motion practice, the Debtors are prepared to provide for the allowance of LTD Severance Claims for all LTD Employees who were terminated on June 30, 2013.  For the avoidance of doubt, such claims are not intended for LTD Employees who elected to join in the retiree settlement and opted out of the LTD Settlement Agreement, or who otherwise ceased to be an LTD Employee prior to June 30, 2013.

20.     Third, the Debtors propose that the Court amend its Order to set out a process to allow for the efficient and accurate determination of the general unsecured claims to be allowed for each LTD Employee for severance and to resolve any disputes.  A flurry of proofs of claim asserting LTD Employees' severance claims have already been filed following the entry of the Order.  The Debtors seek to spare other individual LTD Employees from having to file such individual proofs of claim and seek to create a streamlined process for the allowance of such claim amounts if consensual and for the resolution of any disagreements by the Court.

21.     The Debtors propose the following procedures to finalize and allow each LTD Severance Claim:

a.  The Debtors have attached, as **Exhibit B** hereto, a schedule under seal, (the "Schedule"), enumerating the amount of the general unsecured claim, if any, of each listed LTD Employee as calculated by the Debtors in accordance with the Severance Plans (the "Debtors' Proposed Claim Amount"), the Debtor against which the claim would be asserted, and, where included in the Motions or in a separate proof of claim, the LTD Employee's proposed claim amount (the "LTD Employee's Proposed Claim Amount" and collectively, with the Debtors' Proposed Claim Amount, and name of the Debtor against which the claim would be asserted, the "Scheduled Information").

b.  Within 10 days following the date of the entry of the Proposed Amended Order, the Debtors shall serve individual notices to each LTD Employee (the "Proposed Claim Notice"), which will include a copy of the Order, his/her Scheduled Information and the LTD Severance Claim Objection Deadline (as defined below).  The Proposed Claim Notice will be served on each LTD Employee at the address listed for such LTD Employee in the Debtors' books and records, any proof of claim filed by the LTD Employee, or any pleading filed with the Court.  The Scheduled Information for each LTD Employee shall be available at the request of an LTD Employee to Debtors' counsel, Cleary Gottlieb Steen and Hamilton LLP, by phone at (212) 225-3505 or by email at NortelLTDSeverance@cgsh.com.

c.  If either (i) an LTD Employee has not asserted an amount for his/her severance claims; or (ii) the amount of the LTD Employee's Proposed Claim Amount is less than the Debtors' Proposed Claim Amount, the Debtors propose to grant an allowed LTD Severance Claim as a general unsecured claim in the amount of the Debtors' Proposed Claim Amount against the Debtor specified in the Schedule. **Each LTD Employee can object to the Debtors' Proposed Claim Amount by filing with the Court, and serving a copy on the Debtors, an objection to the proposed claim amount on a date that is on or before thirty (30) days after the date of the Proposed Claim Notice (the "<u>LTD Severance Claim Objection Deadline</u>")**.  If an LTD Employee does not file an objection by 4:00 P.M. (prevailing Eastern time) on the LTD Severance Claim Objection Deadline, the LTD Severance Claim for such LTD Employee shall be allowed in the amount of the Debtors' Proposed Claim Amount against the Debtor specified in the Schedule.  If an LTD Employee files an objection by 4:00 P.M. (prevailing Eastern time) on the LTD Severance Claim Objection Deadline, such claim shall be deemed to a disputed claim (a "<u>Disputed Severance Claim</u>").

d.  If the LTD Employee's Proposed Claim Amount is higher than the Debtors' Proposed Claim Amount, the LTD Employee's claim is deemed to be a Disputed Severance Claim (and is noted as such on the Schedule).

e.  The Debtors shall work to consensually resolve all Disputed Severance Claims, including in consultation with the Official Committee of Unsecured Creditors (the "<u>UCC</u>"), and thirty (30) days following the date of the LTD Severance Claim Objection Deadline will file, under seal, a supplemental notice with the Court identifying the Disputed Severance Claims that have been consensually resolved and those that remain disputed.  For any outstanding Disputed Severance Claims, the Debtors will schedule a hearing on notice to the LTD Employees holding Disputed Severance Claims for the next omnibus hearing date that is at least 10 days out, or such other time as the Debtors and the LTD Employees may agree, so that the amount of these claims may be determined by the Court.

f.  Upon the allowance of any LTD Severance Claim in accordance with these procedures, all other claims for severance filed by any such LTD Employee shall be deemed disallowed.

g.  LTD Severance Claims will be allowed as general unsecured claims and any distributions on allowed LTD Severance Claims will be made in accordance with any plan approved in these cases.

22.    The relief sought in this Motion to Amend is necessary to further clarify the

process for allowance of severance claims.  The Proposed Amended Order is also necessary to

avoid the manifest injustice that would result to the Debtors and their other creditors if the Debtors were not permitted to further review and reconcile individual LTD Severance Claims or if LTD Severance Claims were not allowed in a consistent manner.  In order to effectuate these clarifications, which provide a procedure for the quantification of allowed severance claims and obviate the need for other LTD Employees to file additional proofs of claim or motions to have their severance claims determined, the Debtors respectfully request that the Court to issue an amended order substantially in the form of the Proposed Amended Order.

### Notice

23.     Notice of the Motion has been given via first class mail or hand delivery to (i) the U.S. Trustee; (ii) counsel to the UCC; (iii) counsel to the Bondholder Group; (iv) the Movants; (v) the LTD Employees and (iv) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

24.     No prior request for the relief sought herein has been made to this or any other court.

11

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  July 30, 2013
   Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

  - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_____*/s/ Ann C. Cordo*_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*