**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------- X

In re

Nortel Networks Inc., et al.,[1]

                       Debtors.

-------------------------------------------------------- X

:
:
:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Re: D.I. 11235**

**Hearing date: September 10, 2013 at 10:00 a.m. (ET)**

**Objections due: September 3, 2013 at 4:00 p.m. (ET)**

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO FILE UNDER SEAL EXHIBIT B TO
DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FED.
R. BANKR. P. 9023 AND 9024 AND FED. R. CIV. P. 59 AND 60 TO
CLARIFY AND AMEND THE ORDER GRANTING NORTEL
LTD EMPLOYEES' MOTIONS TO COMPEL DEBTORS
TO ADMIT CLAIMS FOR SEVERANCE AS VALID AND ISSUE PAYMENT**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and

107(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9018 and 9037 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1(b) and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

9018-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file

under seal **Exhibit B** (the "Schedule") *to Debtors' Motion Pursuant to 11 U.S.C. § 105(a), Fed.*

*R. Bankr. P. 9023 and 9024 and Fed. R. Civ. P. 59 and 60 to Clarify and Amend the Order*

*Granting Nortel LTD Employees' Motions to Compel Debtors to Admit My Claim for Severance*

*As Valid and Per Nortel Networks Severance Allowance Plan and Issue filed on July 30, 2013*

(the "Motion to Amend"), and any notices or certificates of service pertaining thereto that

include the names or addresses of LTD Employees, as defined below.[2]  In support of this

Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(c)

of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9018 and 9037 and Local Rules

9018-1(b) and 9018-1(c).

## Background

**Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Amend.

Debtors' cases.

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6.      In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[4]

7.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

## Relief Requested

8.      By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(c)

---

[3]    The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]    The U.K. Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

of the Bankruptcy Code, Bankruptcy Rules 9018 and 9037 and Local Rules 9018-1(b) and 9018-1(c) authorizing the Debtors to file the Schedule and any notices or certificates of service pertaining thereto that include the names or addresses of LTD Employees under seal.

### Facts Relevant to this Motion

9.      On May 1, 2013, this Court entered an order approving a settlement agreement (the "Settlement Agreement") between the Debtors and the LTD Committee that resolved various pending litigation regarding the termination of benefits under the LTD Plans (as defined below).  In relevant part, the Settlement Agreement provides for the termination of the employment of the Debtors' long-term disabled employees (the "LTD Employees") who were participating in Nortel Networks Inc.'s Long Term Disability Plan and certain other plans and programs (such plans and programs collectively referred to herein as the "LTD Plans") as of June 30, 2013.  The Settlement Agreement released various claims but did not address the LTD Employees' entitlement to benefits under the Nortel Networks Severance Allowance Plan and the Nortel Networks Enhanced Severance Allowance Plan (the "Severance Plans").

10.     At various times starting in March 2013, approximately 50 LTD Employees (together, the "Movants"), filed motions and joinders (collectively, the "Motions") seeking a determination that they were owed severance payments based on their expected termination of employment on June 30, 2013.  Not all of the Movants included information regarding the dollar value of the severance claim they believed should be allowed.  Furthermore, for those Movants who did include purported severance claim amounts in the Motions, several of these purported claim amounts are higher or lower than the amounts of such claims as now calculated by the Debtors.

11.     On June 25, 2013, the Court heard oral argument on the Motions.  Given the

4

number of litigants and the general issues before the Court, the parties did not present evidence

or argument about the specific quantum of any Movants' individual severance claims.  On July

16, 2013, the Court issued an Memorandum Opinion [D.I. 11117] (the "Opinion") and the Order

[D.I. 11118] (the "Order") granting the Motions.

12.     The Opinion provides that "this Court finds that the LTD Employees are covered

under the Severance Plans and should receive an allowed general unsecured claim to represent

their interest in severance pay."  Opinion at 13.  The Order provides only that the "LTD

Employees' Motions are GRANTED."  Order at 2.

13.     The Debtors have filed the Motion to Amend seeking to clarify and, if necessary,

amend the Order.  The Schedule attached to the Motion to Amend lists the names, addresses,

claim for benefits under the Severance Plans (if any) and the Debtors' proposed severance claim

for each of the approximately 172 LTD Employees whose employment was terminated as of

June 30, 2013.  Individualized notices containing information from the Schedule, and the related

certificates of service, may include the same personal information.  Publicly filing a schedule

that includes the LTD Employees' names and their home addresses not only infringes on the

LTD Employees' privacy by disclosing their personally identifiable information, but also is

contrary to past practices in this case.

### Basis for Relief

14.     The relief requested by the Debtors is authorized under the Bankruptcy Code.

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §

105(a).  Section 107(c) of the Bankruptcy Code provides bankruptcy courts with the power to

protect an individual to the extent the court finds that disclosure of information would create

5

undue risk of identity theft or other unlawful injury to the individual:

> (1)   The bankruptcy court, for cause, may protect an individual, with respect to the following types of information . . . .
>
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper to be filed, in a case under this title.

11 U.S.C. § 107(c)(1).

15.     Section 1028(d) defines "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual . . ." 18 U.S.C. § 1028(d)(7).  This definition includes names and other personally identifying information.

16.     Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(c) of the Bankruptcy Code.  Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect.  *See* Del. Bankr. L.R. 9018-1(b).  Local Rule 9018 also permits an order to be signed granting the filing of future documents under seal. *See* Del. Bankr. L.R. 9018-1(c).

17.     Furthermore, Bankruptcy Rule 9037 states that the Court "may order that a filing be made under seal without redaction." *See* Fed. R. Bankr. P. 9037(c).

18.     Courts in this district have previously recognized their power to protect individuals from injury caused by disclosure. *See, e.g.*, *In re ACandS, Inc.*, 462 B.R. 88, 98-99 (Bankr. D. Del. 2011) (applying section 107(c) to Rule 2019 Orders).

19.     As this Court is aware, in their efforts to protect the privacy and identity of the LTD Employees, the Debtors have regularly sealed documents that contain similar information. *See Amended Order Authorizing the Debtors and the Retiree Committee to File Under Seal Certificates of Service Related to the LTD Employees* [D.I. 9389].  Publishing the Schedule—and

6

any notices or certificates of services pertaining thereto containing information--on the docket would disclose the LTD Employees' personally identifiable information to the public, and could arguably risk the disclosure of the LTD Employees' health information by making available the names and addresses of people who were receiving long-term disability benefits from the Debtors.

### Notice

20.     Notice of the Motion has been given via first class mail or hand delivery to (i) the U.S. Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Bondholder Group; (iv) the Movants; (v) the LTD Employees and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

21.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  July 30, 2013
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*