IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: **RE: D.I. 11111**
:
---------------------------------------------------X

### ORDER APPROVING FURTHER AMENDMENTS TO THE TERMS OF COMPENSATION AND RETENTION OF PUNTER SOUTHALL LLC AS A PENSION ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO JULY 1, 2013

Upon the application dated July 15, 2013 (the "Application"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving further amendments to the terms of compensation and retention of Punter Southall LLC ("Punter Southall") as a pension advisor to the Debtors, *nunc pro tunc* to July 1, 2013; and adequate notice of the Application having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Amended Compensation Structure, as described below, is approved *nunc pro tunc* to July 1, 2013.

    a. <u>Elimination of Monthly Advisory Fee</u>: Punter Southall will no longer receive a monthly advisory fee for services provided to the Debtors and will instead render its services under the hourly-fee structure set forth below.

    b. <u>Hourly Fee Structure</u>: For matters unrelated to the defense of claims asserted against the Debtors, Punter Southall will be compensated at discounted hourly rates ranging from GBP£98/hour for a trainee actuary to GBP£278/hour for a senior actuary. For matters related to advice and consulting concerning the defense of claims asserted against the Debtors, Punter Southall will be compensated at discounted hourly rates ranging from GBP£120/hour for a trainee actuary to GBP£330/hour for a senior actuary. Under the Amended Compensation Structure, Punter Southall's timekeepers will bill their time in tenth-of-an-hour increments.

3. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 30, 2013
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE