**EXHIBIT A**

Court of Appeal Motion No.: M42415
Superior Court of Justice File No.: 09-CL-7950

## COURT OF APPEAL FOR ONTARIO

| | | |
|---|---|---|
| THE HONOURABLE JUSTICE GOUDGE | ) | THURSDAY, THE 20TH DAY OF |
| | ) | |
| THE HONOURABLE JUSTICE MACPHERSON | ) | JUNE, 2013 |
| | ) | |
| THE HONOURABLE JUSTICE JURIANSZ | ) | |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

## ORDER

**THIS MOTION**, made by various direct and indirect subsidiaries of Nortel Networks Limited located in Europe, the Middle East and Africa (the "EMEA Debtors"), for an order granting leave to appeal from the Order of the Honourable Justice Morawetz, dated March 8, 2013, with reasons released on April 3, 2013, granting the EMEA Debtors leave to serve and file an affidavit for use on the motion and on the appeal if leave is granted, and granting costs of the motion, was heard this day in writing at Osgoode Hall, 130 Queen Street West, Toronto, Ontario.

**ON READING** the motion records and compendium including the evidence filed below and on reading the submissions of counsel for the EMEA Debtors, the Canadian Debtors (the

- 2 -

"Respondents"), the Monitor, Nortel Networks Inc. and other U.S. Debtors, the Official Committee of Unsecured Creditors, the Canadian Creditors' Committee, the Informal Nortel Noteholder Group, and the U.K. Pension Claimants, all filed:

1. **THIS COURT ORDERS** that this motion for leave to appeal be and same is hereby dismissed.

2. **THIS COURT ORDERS** that the EMEA Debtors pay to the Respondents costs of this motion fixed in the amount of $2,000.00 inclusive of disbursements and HST.

3. This order bears interest at the rate of 3% per annum commencing June 20th 2013

ENTERED AT / INSCRIPT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JUL 1 5 2013

_____ (John Zytaruch)
Registrar  Court of Appeal For Ontario

PER / PAR:

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

Court of Appeal Motion No.: M42415
Superior Court of Justice File No.: 09-CL-7950

## COURT OF APPEAL FOR ONTARIO

## ORDER

| **Goodmans LLP** | **Gowling Lafleur Henderson LLP** |
|---|---|
| Barristers & Solicitors | Barristers & Solicitors |
| Bay Adelaide Centre | 1 First Canadian Place |
| 333 Bay Street, Suite 3400 | 100 King Street West, Suite 1600 |
| Toronto, ON  M5H 2S7 | Toronto, ON  M5X 1G5 |
| | |
| **Jay A. Carfagnini**  LSUC#: 22293T | **Derrick Tay** LSUC#: 21152A |
| **Fred Myers** LSUC#: 26301A | **Jennifer Stam** LSUC#: 46735J |
| **Joseph Pasquariello** LSUC#: 37389C | |
| **Peter Kolla** LSUC#: 54608K | |
| | |
| Tel:    416.979.2211 | Tel:    416.862.5697 |
| Fax:   416.979.1234 | Fax:   416.862.7661 |
| | |
| Lawyers for the Monitor, Ernst & Young Inc. | Lawyers for the Canadian Debtors |

\6220451

COURT OF APPEAL FOR ONTARIO

CITATION: Nortel Networks Corporation (Re), 2013 ONCA 427
DATE: 20130620
DOCKET: M42415

Goudge, MacPherson and Juriansz JJ.A.

In the Matter of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended

And in the Matter of a Plan of Compromise or Arrangement of Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation

Application under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended

Matthew P. Gottlieb, Robin B. Schwill, Sean Campbell and James Renihan, for the Moving Party the EMEA Debtors

Jay A. Carfagnini, Fred Myers, Joseph Pasquariello, Peter Kolla, Derrick Tay and Jennifer Stam, for the Monitor and the Canadian Debtors

Sheila Block, Scott A. Bomhof, Andrew Gray, Adam Slavens, Shayne Kukulowicz, Michael Wunder, Ryan Jacobs and Barbara Grossman for Nortel Networks Inc. and other U.S. Debtors and the Official Committee of Unsecured Creditors

Mark Zigler and Sean O'Donnell, for the Canadian Creditors' Committee

Richard B. Swan and Gavin H. Finlayson, for the Informal Nortel Noteholder Group

Michael E. Barrack and D.J. Miller, for the U.K. Pension Claimants

Heard in writing

On appeal from the order of Justice Geoffrey B. Morawetz of the Superior Court of Justice, dated March 8, 2013, with reasons released on April 3, 2013 and reported at 2013 ONSC 1757.

ENDORSEMENT

[1]    This expedited motion is for leave to appeal from the motion judge's order in *CCAA* proceedings involving Nortel Networks Corporation and other Canadian Nortel affiliates. The motion judge approved an Allocation Protocol, which provides for a joint trial by the Superior Court of Justice in Ontario and the United States Bankruptcy Court for the District of Delaware. The joint trial will determine (among other matters) the issue of how to allocate more than US$7 billion in proceeds currently held in escrow, which were generated by the sale of Nortel assets by Nortel entities in Canada (the "Canadian Debtors"), Nortel entities in the U.S. (the "US Debtors"), and Nortel entities in the U.K., Europe, the Middle East, and Africa (the "EMEA Debtors"). The allocation issue must be resolved before Nortel creditors can receive any meaningful distribution from the Nortel debtors' respective estates.

[2]    The moving parties are the Joint Administrators of Nortel Networks UK Limited, on behalf of 24 EMEA Debtors. They contend that a joint trial by the Ontario and Delaware court is "a violation of the Ontario court's independence and sovereignty and will be fraught with irresolvable procedural and substantive problems." They also contend that the Nortel parties agreed that the allocation issue must be decided by way of a private, transnational arbitration proceeding and the Ontario court ought to have required the parties to submit to arbitration.

[3]    In *Timminco Limited (Re)*, 2012 ONCA 552, the Court said, at para. 2:

Page: 3

> In the *CCAA* context, leave to appeal is to be granted sparingly and only where there are serious and arguable grounds that are of real and significant interest to the parties. In determining whether leave ought to be granted, this Court is required to consider the following four-part inquiry:
>
> - whether the point on the proposed appeal is of significance to the practice;
>
> - whether the point is of significance to the action;
>
> - whether the proposed appeal is *prima facie* meritorious or frivolous; and
>
> - whether the appeal will unduly hinder the progress of the action.

[4]   In *Timminco*, the proposed appeal foundered on the third point. The same is true of the proposed appeal in this case.

[5]   The order requiring a joint Ontario-Delaware trial under the court-approved Allocation Protocol does not infringe the Ontario court's independence and sovereignty. The order does not offend the classic definition of judicial independence in *Beauregard v. Canada*, [1986] 2 S.C.R. 56, at para. 21. Cooperation and communication between the two courts in accordance with the relevant protocols is not inconsistent with judicial independence, but rather is a sensible and effective response to a significant interjurisdictional commercial case.

[6]   Similarly groundless is the argument that in 2009, the Nortel parties entered a binding agreement to arbitrate the allocation issue. The relevant

Page: 4

agreement between the parties, the Interim Funding and Settlement Agreement ("IFSA"), does not contain an agreement to submit the allocation issue to binding arbitration. Indeed the IFSA does not use the terms "arbitrators" or "arbitration", nor does it specify the governing rules for arbitral proceedings.

[7]     The language of s. 12(b) of the IFSA requires the "dispute resolver(s)" to determine the allocation issues under the terms of a protocol referred to as the Interim Sales Protocol. Section 12(c) does not create a binding obligation to conclude such a protocol, but only a duty to attempt to reach agreement on it. The parties were unable to agree on the protocol despite their good faith efforts to do so. There is no suggestion in the IFSA that the parties must submit the allocation issue to arbitration if they fail to agree on the Interim Sales Protocol. The general forum selection clause in s. 16(b) of the IFSA is clearly and unambiguously broad enough to establish that the allocation issue can instead be resolved by a joint trial before the Ontario and Delaware courts.

[8]     Given that there is no ambiguity in this wording of the IFSA, the motion judge properly disregarded the extrinsic evidence relied on by the EMEA Debtors. He also did not err in failing to refer to the laws of the State of New York, which govern the IFSA pursuant to the forum selection clause in s. 16(a). Applying the relevant principles of New York law leads to the same conclusion that the parties to the IFSA did not enter an agreement to arbitrate the allocation issue.

[9]   Finally, we note in connection with the fourth component of the test set out above that the majority of the key stakeholders in the *CCAA* proceedings are prepared to proceed with the joint trial. Granting leave to appeal would impose additional costs and threaten further delay in proceedings that have already experienced too much of both.

[10]  The motion is dismissed with costs to the respondents fixed at $2000 inclusive of disbursements and HST.

*[signatures]*

MacPherson J.A.