IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
In re                                                          :   Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
                                                               :
          Debtors.                                             :   (Jointly Administered)
                                                               :
---------------------------------------------------------------X

## NOTICE OF SERVICE OF SUBPOENA
## IN A CONTESTED MATTER TO LINKEDIN CORPORATION

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure and Rules 7034, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") and Paula Klein, hereby provide notice of service of a Subpoena In A Contested Matter to LinkedIn Corporation. A copy of the Subpoena is attached. LinkedIn Corporation shall produce and permit inspection and copying of the documents identified in Exhibit A to the attached Subpoena.

Dated: August 2, 2013                  /s/ Rachel B. Mersky
                                       MONZACK MERSKY MCLAUGHLIN
                                       AND BROWDER, P.A.
                                       Rachel B. Mersky, Esquire (DE #2049)
                                       1201 N. Orange Street, Suite 400
                                       Wilmington, DE 19801
                                       Telephone: (302) 656-8162
                                       Facsimile: (302) 656-2769
                                       Email: rmersky@monlaw.com

                                       *Counsel for Paula Klein*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

# UNITED STATES BANKRUPTCY COURT

Northern District of California

| | |
|---|---|
| In re Nortel Networks Inc., et al.<br>Debtors. | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**<br><br>Case No. * Case No 09-10138 (KG)<br>United States Bankruptcy Court for the<br>District of Delaware |
| To: LinkedIn Corporation<br>ATTN: Legal Dept<br>2029 Stierlin Court<br>Mountain View, CA 94043<br>USA | Chapter 11 |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| N/A | N/A |
| | DATE AND TIME |
| | N/A |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The depositions, or portions thereof, may be recorded by videotape, stenograph and/or any other means permitted under the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure and any applicable local rules.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| N/A | N/A |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED EXHIBIT A.**

| PLACE | DATE AND TIME |
|---|---|
| Barkley Court Reporting<br>201 California Street, Suite 375<br>San Francisco, CA 94111,<br>or as agreed to by the parties. | September 2, 2013 at 5:00 p.m. (Eastern Time) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| N/A | N/A |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*/s/ Rachel B. Mersky*<br>Counsel for Paula Klein | DATE<br>8/2/2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Rachel B. Mersky, Esq., Monzack Mersky McLaughlin and Browder, P.A., 1201 N. Orange Street
Suite 400, Wilmington, DE 19801 Email: rmersky@monlaw.com Telephone: (302) 656-8162

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                         DATE                              SIGNATURE OF SERVER

                                                           _____
                                                           ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## TO SUBPOENA DIRECTED TO LINKEDIN CORPORATION

### DEFINITIONS

1. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena any documents or other information which might otherwise be construed to be outside its scope.

2. "Communication" means any transfer of information, ideas, opinions or thoughts by any means, including, but not limited to, posts, messages, links, photographs, files, attachments, and e-mail, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

3. The term "Document" shall include all items described in Rule 34(a) of the Federal Rules of Civil Procedure ("FRCP"), as made applicable in this matter by Rule 7034(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and shall also include every original (any copy of any original and any copy which differs in any way from any original) of every recording or other memorialization, of every kind or description, whether handwritten, typed, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, communications of any nature, memoranda, advertisements, plans, summaries or records of personal conversations, reports, agreements and contracts, including all modifications and/or revisions thereof, video recordings, e-mail, computer records, and data bases to which you now have or have had access in the past.

4. "Electronically Stored Information" ("ESI") means all materials within the full scope of FRCP 34, as made applicable in this matter by Bankruptcy Rule 7034, including, but not limited to, all electronic, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), metadata, and information stored on a computer, laptop, hand-held computer device, disk, CD, DVD, and any mechanical recording or production of any oral material.

5. "LinkedIn Group" shall mean the LinkedIn group known as Recently Severed Canadian Nortel Employees, which is located at http://www.linkedin.com/groups?gid=1770226&trk=hb_side_g.

6. "You" or "your" includes the entity to whom this discovery request is directed and any and all Representatives acting on behalf of such entity.

## INSTRUCTIONS

1. Each request for the production of documents in the Subpoena (collectively, the "Discovery Requests") shall be answered fully and in writing.

2. The Documents produced in response to this Request shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of business. Each Document shall be produced in a manner so as to indicate the name of the file in which such Document was located and the configuration in which such Document was kept. The ESI produced in response to this Request shall be produced as Bates-numbered single-page TIFF images with corresponding metadata and respective load files. If there are no Documents or ESI responsive to a particular Request, please so state in writing in your response to this Request.

3. If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the

Communication or other matter as to which such claim is made, the subject of the Communication or other matter and the basis upon which you assert the claim of privilege, as well as provide a description of each Document withheld sufficient to validate the privilege claimed, including the date of each Document, its author and all recipients.

4. If you claim that any Document or ESI responsive to this Request has been lost or destroyed, or is otherwise unavailable, describe and identify the Document or ESI by stating in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed or otherwise became unavailable, and your efforts to locate it.

5. These Discovery Requests are continuing in nature, and pursuant to FRCP 26(e) and Bankruptcy Rule 7026(e), you shall provide, by way of supplemental responses, such additional information as you or any person acting on your behalf may hereafter obtain or become aware of that will augment, modify or clarify the responses now given, or otherwise be responsive to any of these Discovery Requests.

6. These Discovery Requests are intended to cover all information and documents in your possession, custody or control.

7. Each Discovery Request is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be an excuse for failure to answer each Discovery Request as fully as possible.

8. No part of a Discovery Request shall be left unanswered merely because an objection is made to another part of the Discovery Request.

## REQUEST FOR PRODUCTION

1. Any and all Documents, Communications, and ESI of the LinkedIn Group, both current and archived, starting from its inception through the date of this Subpoena.