## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
                                          :    Chapter 11
In re:                                    :
                                          :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]          :
                                          :    Jointly Administered
                        Debtors.          :
                                          :    Objections due: September 2, 2013 @ 4:00 p.m.
                                          :    Hearing Date: Only if Objections Filed
------------------------------------------------------x
```

**COVERSHEET FOR TWENTY SECOND MONTHLY APPLICATION OF TOGUT, SEGAL & SEGAL LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JUNE 1, 2013 THROUGH JUNE 30, 2013**

| | |
|---|---|
| Name of Applicant: | **TOGUT, SEGAL & SEGAL LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Retired Employees |
| Date of Retention: | September 20, 2011 *nunc pro tunc* to August 22, 2011 |
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2013 through June 30, 2013 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $28,366.00 |
| Amount of Reimbursement | $222.22 |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Sought as Actual,
Reasonable and Necessary:

This is a __x__ monthly application.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 1/27/12 | 8/22/11 – 9/30/11 | $616,084.50/$2,843.48 | $616,084.50/$2,843.48 |
| 1/27/12 | 10/1/11 - 10/31/11 | $259,567.00/$1,833.73 | $259,567.00/$1,833.73 |
| 1/27/12 | 11/1/11 - 11/30/11 | $136,096.50/$978.50 | $136,096.50/$978.50 |
| 2/16/12 | 12/1/11 – 12/31/11 | $138,304.00/$935.88 | $138,304.00/$935.88 |
| 4/16/12 | 1/1/12 – 1/31/12 | $184,252.50/$1,072.26 | $184,252.50/$1,072.26 |
| 5/4/12 | 2/1/12 – 2/29/12 | $169,043.50/$2,143.34 | $169,043.50/$2,143.34 |
| 5/24/12 | 3/1/12 – 3/31/12 | $122,756.00/$739.76 | $122,756.00/$739.76 |
| 6/22/12 | 4/1/12 – 4/30/12 | $205,953.00/$1,856.42 | $205,953.00/$1,856.42 |
| 7/25/12 | 5/1/12 – 5/31/12 | $247,532.00/$3,186.92 | $247,532.00/$3,186.92 |
| 8/24/12 | 6/1/12 – 6/30/12 | $239,472.00/$4,745.46 | $239,472.00/$4,745.46 |
| 10/5/12 | 7/1/12 – 7/31/12 | $301,315.00/$3,506.01 | $301,315.00/$3,506.01 |
| 10/26/12 | 8/1/12 – 8/31/12 | $320,818.00/$5,418.26 | $320,818.00/$5,418.26 |
| 12/6/12 | 9/1/12 – 9/30/12 | $222,459.00/$4,654.61 | $222,459.00/$4,654.61 |
| 1/17/13 | 10/1/12 – 10/31/12 | $153,143.00/$2,563.33 | $153,143.00/$2,563.33 |
| 2/15/13 | 11/1/12 – 11/30/12 | $160,012.50/$1,741.21 | $160,012.50/$1,741.21 |
| 2/28/13 | 12/1/12 – 12/31/12 | $226,637.00/$2,852.84 | $226,637.00/$2,852.84 |
| 3/27/13 | 1/1/13 – 1/31/13 | $187,045.00/$2,227.95 | $187,045.00/$2,227.95 |
| 5/1/13 | 2/1/13 – 2/28/13 | $332,792.00/$30,560.49 | $332,792.00/$30,560.49 |
| 6/4/13 | 3/1/13 – 3/30/13 | $285,222.00/$8,038.94 | $285,222.00/$8,038.94 |
| 6/21/13 | 4/1/13 – 4/30/13 | $185,122.00/$3,705.33 | $185,122.00/$3,705.33 |
| 7/12/13 | 5/1/13 – 5/31/13 | $39,359.00/$136.39 | $39,359.00/$136.39 |

# COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

## June 1, 2013 Through June 30, 2013

| Name of Professional Person | Position of the Applicant | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Neil Berger | Partner | $805 | 12.3 | $9,901.50 |
| Stephanie Skelly | Associate | $375 | 46.4 | $17,400.00 |
| Dawn Person | Paralegal | $295 | 3.5 | $1,032.50 |
| Caitlin Stachon | Paralegal | $160 | .2 | $32.00 |
| **GRAND TOTAL:** | | | **62.4** | **$28,366.00** |
| **BLENDED RATE:  $** | **$455** | | | |

ME1 16273460v.1

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

## June 1, 2013 Through June 30, 2013

| Project Category | Total Hours | Total Fees |
|---|---|---|
| LTD Settlement/ICF | 62.4 | $28,366.00 |
| **Totals:** | **62.4** | **$28,366.00** |

ME1 16273460v.1

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

# June 1, 2013 Through June 30, 2013

| Expense Category | Total Expenses |
|---|---:|
| Photocopies | $65.90 |
| Postage | $12.46 |
| Telephone | $33.10 |
| Meals | $5.19 |
| Travel-Ground | $105.57 |
| **TOTAL** | **$222.22** |

ME1 16273460v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------x | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | **Objections due:  September 2, 2013 @ 4:00 p.m.** |
| ------------------------------------------------------x | : | |

**TWENTY SECOND MONTHLY APPLICATION OF TOGUT, SEGAL & SEGAL LLP,
AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES,
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FOR THE PERIOD JUNE 1, 2013 THROUGH JUNE 30, 2013</u>**

Togut, Segal & Segal LLP (the "<u>Togut Firm</u>"), as counsel to the Official

Committee of Retired Employees (the "<u>Retiree Committee</u>") in the above-captioned cases

(collectively, the "<u>Debtors</u>"), submits this twenty second application (the "<u>Application</u>") for

interim allowance of compensation for professional services rendered by the Togut Firm as

counsel for the Retiree Committee for the period June 1, 2013 through June 30, 2013 (the

"<u>Application Period</u>") and reimbursement of actual and necessary expenses incurred by the

Togut Firm during the Application Period under sections 330 and 331 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:
Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel
Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek,
Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc.
(3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International
Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel
Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at
http://dm.epiq11.com/nortel.

and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order"), and the Order Granting Debtors' Motion For Entry Of An Order Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 Approving A Settlement Agreement With The Official Committee Of Retired Employees (the "Approval Order") [2] (D.I. 9938).  In support of this Application, the Togut Firm represents that:

## JURISDICTION

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.    On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.  The Debtors continue to operate their businesses and manage their properties as debtors-in-

---

[2]    Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order and the Approval Order.

ME1 16273460v.1

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "UCC").

## RETENTION OF TOGUT, SEGAL & SEGAL LLP

4.      On September 20, 2011, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing the Retention and Employment of Togut, Segal & Segal LLP as Counsel to the Official Committee of Retired Employees *nunc pro tunc* to August 22, 2011 (D.I. 6412).

## FEE PROCEDURES ORDER

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      The Interim Compensation Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a Certificate of No Objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then

3

the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

7.      The Togut Firm makes this Application (a) for allowance of compensation for the actual and necessary professional services that it rendered as Counsel for the Retiree Committee during the Application Period and (b) for reimbursement of actual, reasonable and necessary expenses incurred in providing services on behalf of the Retiree Committee consistent with the Approval Order during that same period.

8.      During the Application Period, the Togut Firm incurred fees in the amount of $28,366 and necessary expenses totaling $222.22.  As of the date of this Application, the Togut Firm has not received any payments on account of those amounts.

9.      During the Application Period, the Togut Firm rendered professional services to the Retiree Committee as requested and as necessary and appropriate in furtherance of the Retiree Committee's rights under section 1114 of the Bankruptcy Code.

## COMPENSATION BY PROJECT CATEGORY

### A. LTD SETTLEMENT/ICF:
Fees: $28,366  Total Hours:  62.4

10.      Pursuant to the terms of the Approval Order, the fees and expenses incurred by the Togut Firm in connection with (a) responding to inquiries by LTD Participants and (b) the preparation of final Individual Claim Forms for eligible participants under the Settlement Agreement are to be paid by the Debtors' estate.  Consequently, this monthly statement includes time charges and expenses incurred by the Togut Firm in

connection with responding to inquiries made by LTD Participants and in connection with the preparation of final Individual Claim Forms.

11.     During the Application Period, the Togut Firm followed the terms and procedures set forth under the Interim Compensation Order.

12.     **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

13.     **Exhibit B** attached hereto contains a breakdown of disbursements incurred by the Togut Firm during the Application Period.

14.     The Togut Firm charges 10 cents per page for photocopying.

15.     The Togut Firm charges $1 per page for outgoing long distance domestic facsimiles and does not charge for incoming facsimiles.

16.     In accordance with Local Rule 2016-2, the Tout Firm has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

17.     The Togut Firm has endeavored to represent the Retiree Committee in the most efficient manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at the Togut Firm so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, the Togut Firm has endeavored to coordinate with McCarter & English, LLP, local counsel for the Retiree Committee, and the other professionals involved in these cases to

5

minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors' estate.

18.     No agreement or understanding exists between the Togut Firm and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

19.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, the Togut Firm respectfully requests that this Court:  (a) allow the Togut Firm (i) interim compensation in the amount of $28,366 for actual, reasonable and necessary professional services rendered on behalf of the Retiree Committee during the period June 1, 2013 through June 30, 2013, and (ii) interim reimbursement in the amount of $222.22 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to the Togut Firm the amount of $22,692.80 which is equal to 80% of the Togut Firms' allowed interim compensation and $222.22, which is equal to 100% of the Togut Firms' allowed expense reimbursement;  and (c) grant such other and further relief as is just.

Dated: August 12, 2013          **MCCARTER & ENGLISH, LLP**
       Wilmington, DE

                                /s/ William F. Taylor, Jr.
                                William F. Taylor, Jr. (DE Bar I.D. #2936)
                                Renaissance Centre
                                405 N. King Street, 8th Floor
                                Wilmington, DE 19801
                                (302) 984-6300
                                (302) 984-6399 Facsimile
                                wtaylor@mccarter.com

6

-and-

**TOGUT, SEGAL & SEGAL LLP**

Albert Togut, Esquire
Neil Berger, Esquire
One Penn Plaza
New York, New York 10119
(212) 594-5000
(212) 967-4258 Facsimile
altogut@teamtogut.com
neilberger@teamtogut.com

*Counsel to the Official Committee of Retirees*