**<u>Exhibit 1 – Stipulation Regarding EMEA Motion for Extension of Schedule</u>**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re

NORTEL NETWORKS INC., *et al.*,

Debtors.

Chapter 11

Case No. 09-10138 (KG)
(Jointly Administered)

— and —

Court File No. 09-CL-7950

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C.
1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

APPLICATION UNDER PART IV OF THE COMPANIES' CREDITORS ARRANGEMENT
ACT, R.S.C. 1985, c. C-36, AS AMENDED.

**STIPULATION REGARDING EMEA MOTION FOR EXTENSION OF SCHEDULE**

In conjunction with the agreement of the U.S. Debtors and Canadian Monitor

and Debtors (together with the EMEA Debtors, the "Estates"), as well as all other Core Parties

(together with the Estates, the "Parties"), to support the modification to the Litigation Timetable,

Discovery Plan and Allocation Protocol set forth in EMEA Debtors' Motion to Modify

Scheduling Orders (the "Motion"), the Parties hereby agree as follows, which agreement shall be

submitted to the Courts for concurrent approval with modification to the Litigation Timetable,

Discovery Plan and Allocation Protocol set forth in the Motion.  The Parties all acknowledge that

rather than seek piecemeal extensions and the burden such practice would have on the Courts and the Parties, the Motion and the Parties' support of modification to the Litigation Timetable, Discovery Plan and Allocation Protocol as set forth in the Motion is intended both to compensate for delays in the Litigation Timetable to date and reasonably anticipated future adjustments that will best enable the Parties to meet the proposed amended Litigation Timetable. This Stipulation shall be without effect in the event the modification to the Litigation Timetable, Discovery Plan and Allocation Protocol as set forth Motion is rejected by the Courts and it is recognized that the Parties may have different positions on how the existing or any other proposed amended Litigation Timetable can be met, with different conditions, if these ones are not adopted.

      1.      The Parties agree that they will complete their non-privileged document productions heretofore promised in the manner each of them has described no later than September 3, 2013 (the date by which productions will be sent, not necessarily received). Privilege logs shall be exchanged, and the production of joint privileged documents to the other Estates shall be completed, no later than September 7, 2013.

      2.      (a)      The Parties agree that none of them will challenge the methodology that any other Party has disclosed it has used to gather, review and produce responsive documents, including the use of predictive coding, manual reviews, particular promised key words, particular promised date ranges, the particular promised custodians whose documents have been searched and the particular identified repositories that have been searched.

            (b)      Notwithstanding the foregoing, on or before 10:00 am (EDT) August 26, 2013, the UKPC shall disclose to the Parties a description of the methodology used to gather, review and produce responsive documents and, in the event any other Party notifies the other Parties, on or before 10:00 am (EDT) August 29, 2013, that it intends to reserve its right to

challenge the methodology disclosed by the UKPC, the preceding sub-paragraph 2(a) shall not apply as between any member of that Party's Deposition Group and the UKPC.

       3.     Save for Parties' right to seek additional limited, targeted disclosure as set forth below, the Parties agree to forego further document requests of other Parties or requests that additional custodians or repositories of documents be searched.  With due consideration being given to the associated cost or burden, Parties may seek limited, targeted disclosure of particular material documents or types of documents that were not captured by the prior searches or whose existence or relevance is discovered after the date hereof.  Any Party receiving such a request shall reserve all rights to oppose such request.  In the event of any dispute over such request, the requesting Party may make an application to the applicable Court(s) with a showing of good cause for the further disclosure.  Nothing herein shall prevent any Party from assessing and if appropriate challenging assertions of privilege by other Parties.

       4.     After completion of their non-privileged document production as contemplated in paragraph 1 above and the completion of their privilege logs and any associated production, it is not expected that the Parties will make further productions of documents.  In order to prevent the selective disclosure and use of favorable documents while avoiding the production of documents favorable to other Parties, if any of the Parties do in the future produce additional documents other than as a result of a request, agreement or court order providing for a targeted search, that Party will perform a full search for responsive documents consistent with that Party's methodology or the general methodology employed by any of the Estates.  Other than pursuant to a specific targeted request, agreement or court order, any partial search for documents shall obligate that Party to perform a full search and production consistent with that Party's search and review methodology or with the general search and review methodology

employed by any of the Estates. In the event of future disagreement or perceived ambiguity concerning this paragraph, the Parties describe this agreement as intending for no "cherry-picking."

5.      The proposed schedule in the Motion shall be amended such that the date for depositions or examinations to begin shall be September 23, 2013. Notwithstanding the foregoing, depositions or examinations previously scheduled through judicial process may proceed prior to September 23, 2013 if, upon request, the deponent or examinee does not agree with the noticing party at least five business days before the scheduled deposition or examination date to a mutually acceptable alternative date between September 23, 2013 and the close of fact discovery.

6.      The Parties agree to undertake reasonable efforts to spread depositions and examinations evenly throughout the period for fact discovery and shall offer dates for witnesses they are producing voluntarily that enables depositions and examinations to be scheduled in such manner.

7.      The Parties agree that the pendency of any third party discovery requests, or the receipt after August 31, 2013 of any third party documents, shall not be grounds to adjourn, delay or refuse to schedule the deposition or examination of any witness currently or formerly associated with a Party except upon a showing of good cause and determination of the Court(s) that it would advance the interests of justice. In the event of objections by third parties with regard to the scope of third party discovery requests or assertions of privilege, the Parties agree that they will meet and confer promptly with such third parties (and, as appropriate, among themselves) to consider the propriety of narrowing or limiting their scope to avoid the need for judicial intervention.

8.    Provided appropriate judicial process to compel the production of documents or testimony from third parties (which excludes persons currently or formerly associated with a Party who are being voluntarily produced for deposition or examination by a Party) is issued or commenced no later than September 30, 2013 and the noticing Party proceeds thereafter with reasonable diligence, the inability to compel such production of documents or testimony by the deadline to complete fact witness depositions or examinations shall not be a bar to obtaining such documents or testimony thereafter; provided, however, that

    a.  nothing herein shall prohibit a Party from seeking third party discovery (through judicial process or otherwise) after September 30, 2013 that is completed by the deadline for completion of fact depositions and examinations (extendable by agreement of the Parties or court order for good cause); and

    b.  absent court order, the absolute deadline for the receipt of such documents or testimony shall be the date for the service of rebuttal expert reports.

    c.  Except for good cause shown and upon determination of the Courts that it would be in the interests of justice, the pursuit of any discovery from third parties shall not provide a basis for further deferral of the trial date or adjournment of any of the interim dates set forth in the Motion.

*[Remainder of Page Left Intentionally Blank]*

5

9. The Parties support, and will move for, the prompt entry/approval of the draft of the Deposition Protocol dated August 23, 2013 in the form annexed hereto as **Exhibit 1**.


Dated: August 25, 2013

*Counsel for the Official Committee*
*of Unsecured Creditors*

*/s/ Fred Hodara*
AKIN GUMP STRAUSS HAUER & FELD LLP

David H. Botter
Fred Hodara
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins
Christopher M. Samis
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

DENTONS CANADA LLP
(formerly Fraser Milner Casgrain LLP)

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
77 King Street West
4th Floor
Toronto, ON M5K 0A1
Canada
Telephone: (416) 863-4511
Facsimile: (416) 863-4592

*Counsel for the Debtors*
*and Debtors in Possession*

*/s/ Jeffrey A. Rosenthal*
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo
James L. Bromley
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

TORYS LLP

Scott Bomhof
Tony DeMarinis
Andrew Gray
Adam Slavens
79 Wellington Street West
Suite 3000, Box 270, TD Centre
Toronto ON M5K 1N2, Canada
Telephone: (416) 865-0040
Facsimile: (416) 865-7380

*Counsel for the Bondholders*

/s/ Atara Miller
_____

PACHULSKI STANG ZIEHL & JONES
LLP

Laura Davis Jones
Kathleen P. Makowski
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

MILBANK, TWEED, HADLEY &
McCLOY LLP

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

BENNETT JONES

Gavin Finlayson
Richard B. Swan
Kevin Zych
S. Richard Orzy
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario M5X 1A4
Canada

*Counsel for Ernst & Young Inc. as Monitor*

/s/ Paul Keller
_____

GOODMANS LLP

Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 257
Canada
Telephone: (416) 979 2211
Facsimile: (416) 979 1234

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Canadian Debtors*

/s/ Paul Keller

GOWLING LAFLEUR HENDERSON LLP

Jennifer Stam
Derrick Tay
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Tel: +1 416 216 4000
Fax: +1 416 216 3930

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY
PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Joint Administrators*

/s/ Neil Oxford

YOUNG CONAWAY STARGATT & TAYLOR,
LLP

James L. Patton
Edwin J. Harron
John T. Dorsey
Jaime Luton Chapman
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Gabrielle Glemann
Charles H. Huberty
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

DAVIES WARD PHILLIPS & VINEBERG LLP

Robin Schwill

*Counsel for the Canadian Creditors Committee*

*/s/ Selinda A. Melnik*
Selinda A. Melnik (DE Bar No. 4032)

*on behalf of*

DLA PIPER LLP (US)
*U.S. Counsel for the Canadian Creditors Committee*

Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5650
Facsimile: (302) 778-7914
- and -
Richard Hans
Timothy Hoeffner
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4530

CAW-CANADA LEGAL DEPARTMENT
*Lawyers for the Canadian Autoworkers Union*

Barry Wadsworth
205 Placer Court
Toronto, ON M2H 3H9
Telephone: (416) 495-3776
Facsimile: (416) 495-3786

KOSKIE MINSKY LLP
*Lawyers for the Former and Disabled Canadian Employees*

Mark Zigler
Susan Philpott
Ari Kaplan
20 Queen Street West, Suite 900
Toronto, ON M5H 3R3
Telephone: (416) 595-2090
Facsimile: (416) 204-2877

Sean Campbell
155 Wellington Street West
Toronto, ON M5V 3J7
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

LAX O'SULLIVAN SCOTT LISUS LLP

Matthew P. Gottlieb
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

*Counsel for The Bank of New York Mellon, as Indenture Trustee*

*/s/ Michael Riela*

LATHAM & WATKINS LLP

Michael J. Riela
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

MCMILLAN LLP

Sheryl E. Seigel
Brookfield Place, Suite 4400
181 Bay Street
Toronto, ON M5J 2T3
Canada
Telephone: (416) 865-7000
Facsimile: (416) 865-7048

McCARTHY TÉTRAULT LLP
*Lawyers for Morneau Shepell Ltd.,*
*as administrator of the Nortel Canada*
*registered pension plans*

R. Paul Steep
Byron D. Shaw
Elder Marques
James D. Gage
Barbara J. Boake
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6
Telephone:  (416) 601-7998
Facsimile:  (416) 868-0673

PALIARE ROLAND ROSENBERG
ROTHSTEIN LLP

Ken Rosenberg
Lily Harmer
Karen Jones
Massimo Starnino
155 Wellington Street West, 35th Floor
Toronto, ON  M5V 3H1
Telephone:  (416) 646-4300
Facsimile:  (416) 646-4301

SHIBLEY RIGHTON LLP
w/ NELLIGAN O'BRIEN PAYNE LLP
Barristers and Solicitors
*Lawyers for the Active and Transferred*
*Canadian Employees*

Arthur O. Jacques/ Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
250 University Avenue, Suite 700
Toronto, ON   M5H 3E5
Telephone:  (416) 214-5213/5206
Facsimile:   (416) 214-5413/5400

*Counsel for the Trustee of Nortel Networks UK*
*Pension Plan and the Board of the Pension*
*Protection Fund*

/s/ Sameer Advani
BAYARD, P.A.

Charlene D. Davis
Justin R. Alberto
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

CASSELS BROCK & BLACKWELL LLP

David Ward
William Burden
Lara Jackson
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

THORNTON GROUT FINNIGAN LLP

Michael Barrack
D.J. Miller
Rebecca Lewis

*Counsel for the Wilmington Trust Company,*
*not in its individual capacity but solely as*
*Trustee*

/s/ David A. Crichlow

KATTEN MUCHIN ROSENMAN LLP

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

HEENAN BLAIKIE LLP

John Salmas
Kenneth David Kraft
Bay Adelaide Centre
P.O. Box 2900
333 Bay Street, Suite 2900
Toronto, ON M5H 2T4
Telephone: (416) 360-6336
Facsimile: (416) 360-8425

\

Andrea McEwan
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

*Counsel for the Law Debenture Trust Company of*
*New York*

/s/ Daniel A. Lowenthal

BORDEN LADNER GERVAIS

John D. Marshall
Craig J. Hill
Edmond Lamek
Scotia Plaza,
40 King Street West, 44th Floor
Toronto, Ontario M5H 3Y4
Canada
Telephone: (416) 367-6000
Facsimile: (416) 367-6749

PATTERSON BELKNAP WEBB &
TYLER LLP

Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

MORRIS JAMES LLP

Stephen M. Miller
Courtney R. Hamilton
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

11

*Counsel for the Former Directors and*
*Officers of Nortel Networks Corporation*
*and Nortel Networks Limited*

*/s/ Betsy Putnam*

OSLER, HOSKIN & HARCOURT LLP

Lyndon A.J. Barnes
Adam Hirsh
Box 50, 1 First Canadian Place
Toronto, Ontario
M5X 1B8
Canada

**EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------X
                                          :
                                          :      Chapter 11
                                          :
In re                                     :
                                          :
Nortel Networks Inc., et al.,[2]          :      Case No. 09-10138 (KG)
                                          :
                    Debtors.              :      (Jointly Administered)
                                          :
------------------------------------------------------------X
```

### DEPOSITION PROTOCOL STIPULATION AND [PROPOSED] ORDER

Having conferred and agreed that the orderly and efficient conduct of depositions[3] in these actions requires their mutual cooperation, the parties in this action hereby stipulate and agree that, subject to order of the U.S. and Canadian Courts, the following protocol (the "Deposition Protocol") shall apply to the taking of depositions/examinations in the Allocation dispute, and the litigations concerning the US Claims and the Canadian Claims.[4]

**A.      APPLICABILITY OF DEPOSITION PROTOCOL**

1.   This Deposition Protocol shall govern all oral depositions and examinations out of court of fact deponents in these proceedings, including depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) and party representative examinations pursuant to Rule 31 of the *Ontario Rules of Civil Procedure.*

---

[2]       In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

[3]       The term "deposition(s)," as used herein, refers to both depositions and examinations.

[4]       Capitalized terms used in this Deposition Protocol but not otherwise defined shall have the meanings ascribed to them in the Litigation Timetable and/or the Allocation Protocol.

2.  This Deposition Protocol shall apply to:

    a.  The Canadian Allocation Group and Canadian Claims Defendant Group (the "Canadian Deposition Group");

    b.  The US Allocation Group and US Claims Defendant Group (the "US Deposition Group");

    c.  The EMEA Allocation Group, US EMEA Claimants Group, Canadian EMEA Claimants Group, and UK Pension Claimants ("EMEA Deposition Group") (each of the Canadian Deposition Group, US Deposition Group and EMEA Deposition Group a "Deposition Group") .

    d.  All other Core Parties.  Except as otherwise provided herein, each Discovery Participant that is not a member of a Deposition Group will be deemed for purposes of this Deposition Protocol to be a member of the Deposition Group with similarly aligned interests for each applicable deposition.

**B.**    **LOCATION OF DEPOSITIONS**

    To maximize the efficiency of the depositions/examinations and for the convenience of all parties:

1.  Depositions taking place in New York shall take place at Cleary Gottlieb Steen & Hamilton, LLP, One Liberty Plaza, New York, New York, 10006 (or alternative nearby site in the event of capacity restrictions).

2.  Depositions taking place in Toronto shall take place at Goodmans LLP, 333 Bay Street Suite #3400, Toronto, Ontario M5H 2S7 (or alternative nearby site in the event of capacity restrictions).

3. Depositions taking place in London shall take place at Herbert Smith Freehills LLP, Exchange House, Primrose Street, London EC2A 2HS (or alternative nearby site in the event of capacity restrictions).

4. Depositions taking place in Ottawa shall take place at Gowling LaFleur Henderson LLP, 160 Elgin Street, Suite 2600, Ottawa, Ontario K1P 1C3 (or alternative nearby site in the event of capacity restrictions).

5. Depositions in other cities will take place either at a location chosen by the producing Discovery Participant, if applicable, or by designation or agreement by the Deposition Group(s) with whom the witness was primarily associated, which may take into account the convenience of the witness.

6. The host of each deposition shall provide one large room for the deposition as well as one breakout room for each of the three Deposition Groups, and one additional breakout room for the witness (and his or her counsel, if the witness is separately represented). In the event that more than one deposition occurs at a host firm on a given day, only one breakout room needs to be provided per Deposition Group.

7. All witnesses who a Discovery Participant has the ability to compel attendance in Toronto or New York [or London] shall be produced for deposition in either Toronto, New York [or London] at the option of the producing Discovery Participant. Discovery Participants shall use reasonable efforts to produce all cooperating witnesses in either Toronto, New York [or London], and each Discovery Participant producing a cooperating witness shall offer to pay that witnesses' reasonable travel expenses to do so.[5]

---

[5]     The Parties have not yet reached agreement on whether witnesses currently employed by or under the control of the EMEA Debtors or the U.K. Pension Claimants must be produced in Toronto or New York, or may be produced in London, and have reserved this issue for further discussion among themselves and, failing agreement, resolution by the Court(s). The Parties do agree that the EMEA Debtors and the U.K. Pension Claimants may produce cooperating witnesses not employed by them or under their control in London.

C.      **LENGTH OF DEPOSITIONS**

1. For witnesses designated by one or two Deposition Groups,[6] the presumption shall be that depositions shall last no longer than one seven-hour day (measured by the "on-the-record" time).

    a. For witnesses designated by one Deposition Group, five hours shall be allocated for the designating Deposition Group, and one hour each shall be allocated for the remaining two Deposition Groups.

    b. For witnesses designated by two Deposition Groups, three hours shall be allocated for each designating Deposition Group, and one hour shall be allocated for the remaining Deposition Group.

2. For witnesses designated by three Deposition Groups, the presumption shall be that depositions shall last no longer than one ten-hour day (measured by the "on-the-record" time), or one and one half days, at the option of the witness. Each Deposition Group shall be allocated equal time.

3. On August 9, 2013, each Deposition Group served all Core Parties with a list of designated witnesses that Deposition Group wishes to cross-designate. On August 13, 2013, each Deposition Group served all Core Parties with a list of witnesses that such Deposition Group anticipates requiring more time to examine than the presumed time allotment herein, including the amount of time that the Deposition Group requests for each such witness. In the event the total amount of time requested exceeds the presumptive maximum for a particular deposition and the witness is unwilling to agree to such additional time, the parties shall confer in good faith in an effort to reduce the total requested time and, failing agreement, shall have the right to seek judicial relief in

---

[6]      If, pursuant to Section 6 of the Discovery Plan, any Claim or Allocation Group within a Deposition Group designated or cross-designated the witness, the witness will be deemed "designated by" such Deposition Group, including for purposes of time allocations.

advance of such deposition. If the witness is willing to agree to additional time (including time over and above the total amount requested by the Deposition Groups), the Deposition Groups shall confer in good faith on a fair allocation of the additional time to depose the witness. Absent extraordinary circumstances, and to avoid the burden on a witness to appear twice, any disagreements with the allocated time for a deposition must be raised, and if unresolved, judicial relief seeking modification sought, prior to a deposition.

4. For purposes of time allocation, Core Parties that are not in one of the Deposition Groups shall be grouped by agreement with a Deposition Group with similarly aligned interests for that deposition and, if an agreement cannot be reached, may seek leave of the Court(s) or consent of the Deposition Groups for a separate time allocation.

5. The court reporter shall maintain a total running time for actual deposition testimony and record how much time is taken in each deposition by each Deposition Group.

6. Where necessary to complete the deposition and avoid unnecessary motion practice, the deponent may agree, at the request of any Discovery Participant, to extend the length of any deposition for additional time on the same day. The travel plans of other Core Parties shall not be an excuse to object to the extension of a deposition in the event of such agreement. In the event more than a de minimis amount of additional time is granted, the Core Parties shall work collaboratively to fairly allocate such additional time.

7. Time spent participating in teleconferences with the Court(s) or their agents during a deposition shall not be counted as "on the record" time for purposes of calculating the time remaining for the deposition.

**D.    SCHEDULING OF DEPOSITIONS**

1. For witnesses designated for deposition by July 30, 2013, Discovery Participants
   advised the other Discovery Participants on August 13, 2013 of those witnesses they
   have been informed will appear voluntarily.  After a seven-day grace period expiring
   on August 20, 2013, for witnesses that have not indicated a willingness to appear
   voluntarily, any Discovery Participant may subpoena, issue any other applicable
   process, and/or contact that witness directly (subject to paragraph 2(c), below).

2. For witnesses not voluntarily appearing:

   a. The Discovery Participant with whom the witness was associated must provide last
      known contact information (including phone number) for the witness if not
      previously disclosed in interrogatory responses;

   b. The Discovery Participant with whom that witness was associated must provide the
      name and contact information (including phone number) of the witness's attorney,
      if known;

   c. Any Discovery Participant contacting such witness must first ask the witness if he
      or she has an attorney for purposes of this litigation, and if the answer is
      affirmative, further contact should occur through that counsel.  Discovery
      Participants must otherwise comply with all applicable ethical rules for speaking
      with unrepresented persons; and

   d. Any contacting Discovery Participant shall notify the other Discovery Participants
      if he or she learns of contact or counsel information not previously disclosed to the
      other Discovery Participants.

3. No depositions shall be conducted on weekends absent consent of each of the relevant
   Deposition Groups, on Labor Day (September 2, 2013), Rosh Hashanah (September 4,
   5, and 6, 2013), Yom Kippur (September 13 and 14, 2013), Canadian Thanksgiving

6

(October 14, 2013) and U.S. Thanksgiving (November 28 and 29, 2013). In the event a weekend deposition is requested and the requisite consent cannot be obtained, the Deposition Group proposing such deposition may proceed only with leave upon demonstration of good cause to the U.S. Court for depositions taking place in the U.S., the Canadian Court for depositions taking place in Canada, and either Court for depositions taking place outside of North America.

4. Except upon order of the Court for good cause shown, or consent of each of the Deposition Groups, fact depositions shall be taken only once.

5. A master deposition calendar shall be maintained either online in realtime or by a member of the Scheduling Committee to be designated that shall update and circulate the calendar on a daily basis.

6. Depositions of witnesses under the control of a Discovery Participant or otherwise voluntarily appearing ("Voluntary Witnesses") shall be scheduled as follows:

   a. A scheduling committee (the "Scheduling Committee") shall be comprised of one person for each Deposition Group (who may be represented by an alternate if unavailable). By August 26, 2013, all Discovery Participants shall provide the dates that they have received from each Voluntary Witness on which they are (or are not) available to be deposed from September 23, 2013 through November 27, 2013. Discovery Participants shall seek to obtain multiple potential dates from witnesses. All Discovery Participants shall make every reasonable effort to be in a position to offer a sufficiently broad range of dates for their witnesses collectively so as to enable depositions of witnesses of each Discovery Participant to be scheduled relatively evenly throughout the period for fact depositions.

   b. The Scheduling Committee shall meet and confer by August 30 and as necessary thereafter to schedule the depositions of Voluntary Witnesses whose availability is

known as of the date of the creation of that schedule and shall distribute a calendar as soon as possible after conferring, but no later than September 4. Objections to this initial proposed schedule shall be made on or prior to September 9, 2013. Recognizing the importance of accommodating witnesses, objections to a date preferred by or required by the witness should be made sparingly and only in extreme circumstances.

c. Subsequent to August 30, 2013, Discovery Participants shall provide notice of potential deposition dates to the Scheduling Committee promptly after obtaining them from Voluntary Witnesses from whom they were unable to provide availability prior to the creation of the initial schedule, whereupon the Scheduling Committee shall meet and confer (which may be telephonic or by email) within three business days of being advised of available dates for a witness to select a proposed date for the deposition of that witness (provided however that the Scheduling Committee shall endeavor to meet and confer sooner if necessary to comply with the notice requirements in paragraph D(7) below). Any proposed deposition date and location for each witness determined by the Scheduling Committee shall be placed on the master calendar, following which all other Discovery Participants shall have two business days to object.

d. If the Scheduling Committee is unable to agree upon a proposed date for a witness within five business days of being provided with available dates, the party with whom the Voluntary Witness is cooperating shall select the date and inform the Scheduling Committee, following which all other Discovery Participants (including members of the Scheduling Committee) shall have two business days to object.

e. All objections shall be resolved through a meet and confer among the Scheduling Committee (or designated members) and the objector(s) within one business day;

8

failing resolution, the objector must seek relief from the Court(s) within two business days thereafter (by letter) by demonstrating good cause or the objection is waived.

7. Discovery Participants shall endeavor to provide the Scheduling Committee with sufficient advance notice of the first date a Voluntary Witness is available so as to provide the Scheduling Committee with sufficient time to notify all Discovery Participants of any deposition not less than five business days before examinations in North America and not less than seven business days before examinations outside of North America if more notice is not possible. Absent consent of each of the Discovery Groups, or authorization by one of the Courts, no deposition may be scheduled upon notice to all Discovery Participants of less than three business days if taking place in North America and five business days if taking place outside of North America.

8. Non-party depositions scheduled by compulsory process for witnesses who will not appear voluntarily ("Compulsory Witnesses") shall be immediately reflected on the calendar upon notice to the Scheduling Committee. Where more than one Deposition Group has designated a witness who will not agree to attend voluntarily, those Groups shall endeavor to coordinate the selection of a deposition date prior to one Deposition Group moving forward unilaterally. Except for such depositions noticed prior to the date hereof, where practicable, Discovery Participants shall adapt and utilize the Scheduling Committee procedure described in the preceding paragraphs to schedule the depositions of Compulsory Witnesses, including the deadlines set forth therein for objections, meet and confers and requests for judicial relief.

9. Once a Voluntary Witness has been placed on the master calendar and confirms the firm scheduling of his or her deposition, including its proposed length and location, and provided there are no timely objections to such scheduling, such Voluntary Witness

shall no longer be expected to remain available on any of the other dates that he or she may have previously indicated availability.

10. Once scheduled, depositions may not be postponed except on the unanimous consent (given or withheld in good faith) of the Scheduling Committee or for good cause authorized by the Court, except in the event of an emergency necessitated by the witness with insufficient time to obtain consent or leave. Immediate notice of any postponement shall be provided to the other Discovery Participants. So long as reasonable notice was provided consistent with paragraph D(7), the filing of an objection shall not result in the adjournment of a deposition unless a court order for such adjournment is obtained.

E.    **QUESTIONING AT DEPOSITIONS**

1. Deposition Groups shall allocate their time for each deposition among their members and shall each designate a lead examiner. Non-repetitive examination may be conducted by other Discovery Participants in the same Deposition Group (within the time allotted for that Group). The parties shall agree ahead of time on the order of questioning at each deposition and the lead examiners in each Deposition Group shall work in good faith as provided for in the Discovery Plan to coordinate the questioning in an effort to avoid duplication.

2. No more than two examiners per Discovery Participant may ask questions at a deposition. A second examiner may question the witness only on the following conditions: (i) the first examiner may not question the witness again after the second examiner has begun; (ii) the second examiner must have been present for the entirety of the first examiner's questioning; and (iii) the second examiner must question the witness only on a separate topic or separate topics than were covered by the first examiner.

3. Depositions shall begin promptly at 9:00 a.m. without exception unless absolutely necessary to accommodate the witness. As long as proper notice was provided, depositions shall commence at that time even if some Discovery Participants are not present.

4. An objection by one Discovery Participant preserves that objection for all Discovery Participants. Discovery Participants shall not make redundant objections.

   a. Objections to form shall be deemed to be on all grounds appropriate for a form objection.

   b. No objection other than to the form of the question is waived by failure to assert it during the deposition.

5. Nothing shall preclude counsel from seeking an order from the Court(s) to protect the witness where counsel has a reasonable, good faith belief that the witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner, or that there are other grounds under Federal Rule of Bankruptcy Procedure 7026(c) or the Ontario Rule of Civil Procedure 34.14 for a protective order with respect to the questioning being conducted of the witness. In that event, counsel shall cooperate in deferring answers to those questions until later in the deposition to permit counsel to contact the Court. If the Court is unavailable throughout the deposition and the parties are unable to reach an agreement on the objected-to questions, the deposition may be adjourned until a court ruling can be obtained.

6. Discovery Participants are encouraged to limit attendance at depositions. There shall be no limitation on the number of attorneys viewing or listening remotely to a deposition, provided those attorneys following remotely remain silent.

7. For planning purposes, attendees shall endeavor to advise a designated person at the host location of their identities at least two business days prior to each deposition.

8. The Discovery Participants shall endeavor to have the court reporting service stream the deposition (audio, video, and/or transcription) over the internet so as to enable parties to follow the deposition remotely. Aside from limited questions (no more than ten) submitted in writing at least one business day prior to the commencement of the deposition where the number and scope of those questions do not warrant the attendance of counsel for a particular Discovery Participant at the examination, no examination may be conducted or objections asserted by any attorney not present at the deposition. No deposition shall be adjourned or delayed due to a problem with remote access technology. In the event of the advance submission of written questions, lead counsel at the deposition for the Discovery Group encompassing that Discovery Participant shall ask the questions but shall have the discretion and the duty not to ask any written questions he or she believes would be repetitive.

9. At the outset of the deposition, on the record, all counsel shall identify themselves and the Discovery Participant they represent. The Discovery Participants shall explore with the court reporting service how to record the identities of counsel following the deposition remotely.

## F.   USE OF DOCUMENTS

1. No later than four business days before a deposition, all Discovery Participants intending to examine a deponent may, but shall not be obligated to, serve via email a non-binding list of the specific documents (by Bates number or, if previously marked, by exhibit number) that counsel anticipates using or referring to during the deposition. Discovery Participants shall endeavor to transmit pdfs of the actual documents with such email. In that circumstance, counsel need not bring extra copies of such documents except as necessary for the witness and his or her counsel.

2. Any counsel who does not pre-designate documents shall not forfeit the right to use those documents, but in that case, shall bring at least fifteen copies of such documents to the deposition for counsel and the witness, at least six of which must be hard copies and the balance of which can be pdfs in electronic form on individual USB drives/memory sticks. Any Discovery Participant that requests a copy of a document used during a deposition shall be provided one by the examining Discovery Participant following the deposition.

3. Each document marked for identification at a deposition shall be numbered with a new exhibit number. Counsel will make their best efforts to use the previously-marked exhibits by number in subsequent depositions.

4. To avoid the possibility of the same numbers being used for different exhibits during concurrently-conducted depositions, exhibits first marked during the deposition of a witness primarily associated with the Canadian Debtors shall begin with 1,000, the U.S. Debtors shall begin with 2,000, the EMEA Debtors shall begin with 3,000, the UK Pension Claimants shall begin with 4,000, and other parties shall begin with 5,000. (To the extent that a witness is primarily associated with more than one Discovery Participant, the lower sequence shall be used). When more than one deposition is occurring on the same day which poses risk of overlap, the examining parties shall confer in advance about starting numbers to use at those depositions to avoid overlap.[7]

5. Immediately following each deposition, the initial examiner shall be responsible for circulating a list of new exhibit numbers marked at such deposition, with reference to Bates numbers.

---

[7] The Parties intend to confer further and, with the approval of each of the Discovery Groups prior to the commencement of depositions, may refer to exhibits by Bates numbers rather than exhibit numbers.

6. The court reporter shall be responsible for ensuring that the original of all deposition transcripts, including exhibits, are retained at the court reporter's offices.

## G.   RULE 30(B)(6) AND REPRESENTATIVE PARTY DEPOSITIONS/ EXAMINATIONS

1. Notwithstanding anything in the Discovery Protocol and Litigation Timetable to the contrary, representative party depositions/examinations for discovery under Rule 31 of the *Rules of Civil Procedure for Ontario* (hereinafter "Representative Depositions" of "Representative Witnesses") shall be conducted as follows:

   a. All previously served Rule 30(b)(6) notices are deemed superseded by this paragraph. At least ten business days before the commencement of Representative Depositions, a Deposition Group may serve a very limited number of subjects on which it believes no fact witness currently or formerly associated with the party producing the Representative Witness has provided adequate first-hand testimony. Provided such subjects are small in number and reasonable in scope, the Representative Witness has a duty to prepare to testify on the designated subjects. In the event a party designates an unreasonable number of subjects relative to the time limitations for the examination, subjects of an impermissibly broad scope or subjects inappropriate for a Representative Deposition, objections shall be served within three business days. The applicable parties shall meet and confer in good faith within two business days thereafter and, failing agreement, the burden shall be on the noticing party to obtain judicial relief at least two business days (in order to enable preparation) prior to the Representative Deposition. The failure to obtain judicial relief on a timely basis shall not be a basis to adjourn a Representative Deposition.

b. Representative Depositions shall be scheduled through the Scheduling Committee process and with similar procedures. The identity of Representative Witnesses shall be disclosed at least five business days prior to their scheduled deposition dates.

c. Discovery Participants shall not be limited in their examination of the Representative Witness to the noticed subjects; however, the Representative Witness shall have no duty to prepare for such examination on any specific subjects other than those noticed to which no objection was raised or court order obtained.

d. Any undertakings required in accordance with Rule 31 of the *Rules of Civil Procedure for Ontario* shall be limited to specific matters of fact outside the Representative Witness's knowledge, information and belief that are not already the subject of first-hand deposition testimony obtained from a knowledgeable fact witness. In the event of disagreement, the applicable parties shall meet and confer promptly and promptly thereafter bring any dispute to the attention of the appropriate Court.

2. Each Discovery Participant who filed an independent pleading (other than a non-argumentative joinder) shall designate one Representative Witness to be deposed in Toronto or New York, unless otherwise agreed by each of the Deposition Groups. Additionally, any Discovery Participant (other than the estates or UKP) who filed an independent pleading may withdraw such pleading by November 15, 2013 (and may file a non-argumentative joinder in its place) and thereby not be subject to the requirement to designate a Representative Witness. Notwithstanding the foregoing, the Directors and Officers shall not be required to designate a Representative Witness.

3. Time allocation for Representative Depositions:

      a. The Representative Witness for each of the U.S. Debtors, the Canadian Debtors, the U.K. Pension Claimants and NNUK shall be deposed for two seven-hour days, with one day being allocated to each of the two other Deposition Groups.

      b. The Discovery Participants disagree on the amount of time for Representative Witnesses for the EMEA Debtors other than NNUK, including whether the EMEA Debtors can designate one Representative Witness for all of the EMEA Debtors collectively. To the extent they are unable to reach consensual resolution, the parties reserve all rights and will seek judicial guidance.

      c. Each Representative Witness for each of the other Discovery Participants who filed an independent pleading (other than a non-argumentative joinder) shall be deposed for no longer than one seven-hour day (measured by the "on-the-record" time), with half being allocated to each of the two opposing Deposition Groups.

4. If a party designates a Representative Witness who has already been deposed as a fact witness, that party waives any objection to a second deposition. Unless agreed to by the Deposition Participants who noticed the fact deposition, Representative Depositions shall occur separate from fact depositions.

5. Representative Depositions shall occur during the last two weeks before fact depositions end.

## H. COURT REPORTING SERVICES

1. For reasons of cost and efficiency, Ellen Grauer Court Reporting Co. has offered discounted rates and shall be used for all depositions.

2. The court reporting service will provide remote access as described herein and secure real-time video streaming (if videotaped) and LiveNote, and the host party shall provide speaker-phone and internet capability for all depositions. The court reporting service will transcribe all conference calls with the Court from the deposition site as

16

part of the deposition transcript for that day.  At the end of each day, the court reporter will provide a cleaned-up transcript of the LiveNote session (via web or email) to all Discovery Participants ordering a transcript.

3.  Depositions may be videotaped or digitally recorded at the request and at the cost of any requesting Discovery Participant upon at least five business days' notice (where sufficient notice of the deposition is provided) to the court reporting service and all Discovery Participants and counsel for the witness.  In the event multiple Discovery Participants request that a deposition be videotaped or digitally recorded, the cost of such taping shall be split equally among all Discovery Participants that request videotaping or digital recording.  Counsel for the witness shall be entitled to a copy of such videotape without cost.

## I.    STANDARD STIPULATION

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

1.  Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter.  Counsel shall promptly forward it to the witness for review, correction and signature under penalty of perjury.  The witness shall have 30 days from the day of receipt within which to review, make any corrections, sign the deposition transcript under penalty of perjury, and return it to counsel.  The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

2.  If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.  After review, correction and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court

reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

3. The court reporter will retain the original transcript, including exhibits. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## J.    CONFIDENTIALITY

The Order Entering a Protective Order [D.I. 10805] / [Order (Protective Order), Ontario Superior Court of Justice, 09-CL-7950, June 11, 2013] shall govern the treatment of Confidential Discovery Material presented at each deposition.

## K.    USE OF DEPOSITIONS AT TRIAL

The Discovery Participants agree that Section 6(c) of the Discovery Plan should be clarified and amended, as necessary, to allow any Discovery Participant to use, in certain circumstances to be agreed among the parties (or, failing agreement, as directed by the Courts), deposition testimony of witnesses (other than deposition testimony of Representative Witnesses, the use of which is provided for under the Discovery Plan and the applicable Rules) as part of its direct or rebuttal case at trial, in a consistent manner for the purposes of Allocation, U.S. Claims and/or Canadian Claims. To the extent that the content of such deposition testimony would, for reasons other than the fact that it was obtained in an out-of-court examination, otherwise be inadmissible under the Ontario rules of evidence or the Federal Rules of Evidence if the witness were present at trial in the relevant jurisdiction, any Discovery Participant may raise an objection to the admission of the testimony and either or both of the Court(s) may make a ruling about its admissibility at trial, based on the rules of evidence in each jurisdiction.

The Discovery Participants agree to meet and confer in good faith by no later than September 4, 2013 to endeavor to agree upon the parameters for the use and admissibility of

deposition testimony at trial, and any related considerations such as, without limitation, the extent
to which Discovery Participants will retain the right to compel witnesses to appear at trial.  If the
Discovery Participants are unable to reach agreement by September 10, 2013, they will seek the
guidance of the Court(s) on the issue by no later than the week of September 16, 2013.

Dated:  August 25, 2013

| | |
|---|---|
| *Counsel for the Official Committee*<br>*of Unsecured Creditors* | *Counsel for the Debtors*<br>*and Debtors in Possession* |
| | |
| */s/ Robert A. Johnson* | */s/ Jeffrey A. Rosenthal* |
| AKIN GUMP STRAUSS HAUER & FELD<br>LLP | CLEARY GOTTLIEB STEEN & HAMILTON<br>LLP |
| | |
| David H. Botter<br>Fred Hodara<br>Abid Qureshi<br>One Bryant Park<br>New York, New York 10036<br>Telephone:  (212) 872-1000<br>Facsimile:  (212) 872-1002 | Howard S. Zelbo<br>James L. Bromley<br>Jeffrey A. Rosenthal<br>Lisa M. Schweitzer<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999 |
| | |
| RICHARDS, LAYTON & FINGER, P.A. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| Mark D. Collins<br>Christopher M. Samis<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile: (302) 651-7701 | Derek C. Abbott<br>Eric D. Schwartz<br>Ann C. Cordo<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989 |
| | |
| DENTONS CANADA LLP<br>(formerly Fraser Milner Casgrain LLP) | TORYS LLP |
| | |
| Ryan Jacobs<br>R. Shayne Kukulowicz<br>Michael J. Wunder<br>77 King Street West<br>4th Floor<br>Toronto, ON M5K 0A1<br>Canada<br>Telephone: (416) 863-4511<br>Facsimile: (416) 863-4592 | Scott Bomhof<br>Tony DeMarinis<br>Andrew Gray<br>Adam Slavens<br>79 Wellington Street West<br>Suite 3000, Box 270, TD Centre<br>Toronto ON M5K 1N2, Canada<br>Telephone: (416) 865-0040<br>Facsimile: (416) 865-7380 |

*Counsel for the Bondholders*

/s/ Atara Miller
_____

PACHULSKI STANG ZIEHL & JONES
LLP

Laura Davis Jones
Kathleen P. Makowski
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

MILBANK, TWEED, HADLEY &
McCLOY LLP

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

BENNETT JONES

Gavin Finlayson
Richard B. Swan
Kevin Zych
S. Richard Orzy
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario M5X 1A4
Canada

*Counsel for Ernst & Young Inc. as Monitor*

/s/ Paul Keller
_____

GOODMANS LLP

Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 257
Canada
Telephone: (416) 979 2211
Facsimile: (416) 979 1234

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Canadian Debtors*

/s/ Paul Keller

GOWLING LAFLEUR HENDERSON LLP

Jennifer Stam
Derrick Tay
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Tel: +1 416 216 4000
Fax: +1 416 216 3930

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY
PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Joint Administrators*

/s/ Neil Oxford

YOUNG CONAWAY STARGATT & TAYLOR,
LLP

James L. Patton
Edwin J. Harron
John T. Dorsey
Jaime Luton Chapman
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Gabrielle Glemann
Charles H. Huberty
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

DAVIES WARD PHILLIPS & VINEBERG LLP

*Counsel for the Canadian Creditors*
*Committee*

*/s/ Selinda A. Melnik*
Selinda A. Melnik (DE Bar No. 4032)

*on behalf of*

DLA PIPER LLP (US)
*U.S. Counsel for the Canadian Creditors*
*Committee*

Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5650
Facsimile:  (302) 778-7914
- *and* -
Richard Hans
Timothy Hoeffner
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4530

CAW-CANADA LEGAL DEPARTMENT
*Lawyers for the Canadian Autoworkers Union*

Barry Wadsworth
205 Placer Court
Toronto, ON  M2H 3H9
Telephone: (416) 495-3776
Facsimile:  (416) 495-3786

KOSKIE MINSKY LLP
*Lawyers for the Former and Disabled*
*Canadian Employees*

Mark Zigler
Susan Philpott
Ari Kaplan
20 Queen Street West, Suite 900
Toronto, ON  M5H 3R3
Telephone:  (416) 595-2090
Facsimile:  (416) 204-2877

Robin Schwill
Sean Campbell
155 Wellington Street West
Toronto, ON M5V 3J7
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

LAX O'SULLIVAN SCOTT LISUS LLP

Matthew P. Gottlieb
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

*Counsel for The Bank of New York Mellon, as*
*Indenture Trustee*

*/s/ Michael Riela*

LATHAM & WATKINS LLP

Michael J. Riela
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

MCMILLAN LLP

Sheryl E. Seigel
Brookfield Place, Suite 4400
181 Bay Street
Toronto, ON M5J 2T3
Canada
Telephone: (416) 865-7000
Facsimile: (416) 865-7048

McCARTHY TÉTRAULT LLP
*Lawyers for Morneau Shepell Ltd.,*
*as administrator of the Nortel Canada*
*registered pension plans*

R. Paul Steep
Byron D. Shaw
Elder Marques
James D. Gage
Barbara J. Boake
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6
Telephone:  (416) 601-7998
Facsimile:  (416) 868-0673

PALIARE ROLAND ROSENBERG
ROTHSTEIN LLP

Ken Rosenberg
Lily Harmer
Karen Jones
Massimo Starnino
155 Wellington Street West, 35th Floor
Toronto, ON  M5V 3H1
Telephone:  (416) 646-4300
Facsimile:  (416) 646-4301

SHIBLEY RIGHTON LLP
w/ NELLIGAN O'BRIEN PAYNE LLP
Barristers and Solicitors
*Lawyers for the Active and Transferred*
*Canadian Employees*

Arthur O. Jacques/ Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
250 University Avenue, Suite 700
Toronto, ON   M5H 3E5
Telephone:  (416) 214-5213/5206
Facsimile:   (416) 214-5413/5400

*Counsel for the Trustee of Nortel Networks UK*
*Pension Plan and the Board of the Pension*
*Protection Fund*

*/s/ Sameer Advani*
BAYARD, P.A.

Charlene D. Davis
Justin R. Alberto
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

CASSELS BROCK & BLACKWELL LLP

David Ward
William Burden
Lara Jackson
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

THORNTON GROUT FINNIGAN LLP

Michael Barrack
D.J. Miller

23

*Counsel for the Wilmington Trust Company, not in its individual capacity but solely as Trustee*

/s/ David A. Crichlow

KATTEN MUCHIN ROSENMAN LLP

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

HEENAN BLAIKIE LLP

John Salmas
Kenneth David Kraft
Bay Adelaide Centre
P.O. Box 2900
333 Bay Street, Suite 2900
Toronto, ON M5H 2T4
Telephone: (416) 360-6336
Facsimile: (416) 360-8425

Rebecca Lewis
Andrea McEwan
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

*Counsel for the Law Debenture Trust Company of New York*

/s/ Daniel A. Lowenthal

BORDEN LADNER GERVAIS

John D. Marshall
Craig J. Hill
Edmond Lamek
Scotia Plaza,
40 King Street West, 44th Floor
Toronto, Ontario M5H 3Y4
Canada
Telephone: (416) 367-6000
Facsimile: (416) 367-6749

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

MORRIS JAMES LLP

Stephen M. Miller
Courtney R. Hamilton
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

*Counsel for the Former Directors and*
*Officers of Nortel Networks Corporation and*
*Nortel Networks Limited*

*/s/ Betsy Putnam*

OSLER, HOSKIN & HARCOURT LLP

Lyndon A.J. Barnes
Adam Hirsh
Box 50, 1 First Canadian Place
Toronto, Ontario
M5X 1B8
Canada

Court File Nos.:  09-CL-7951 and 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE | ) | DAY, THE   DAY |
| | ) | |
| MR. JUSTICE MORAWETZ | ) | OF AUGUST, 2013 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF NORTEL NETWORKS INC. AND THE OTHER COMPANIES LISTED ON SCHEDULE "A" HERETO WITH RESPECT TO CERTAIN PROCEEDINGS TAKEN IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

**APPLICATION UNDER SECTION 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, C. C-36, AS AMENDED**

**- AND -**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

### ORDER APPROVING DEPOSITION PROTOCOL

**THIS MOTION,** made by the Core Parties was heard on this day at 330 University Avenue, Toronto, Ontario.

### ON BEING ADVISED OF THE CONSENT OF THE CORE PARTIES

THIS COURT ORDERS THAT the Deposition Protocol, attached hereto as Exhibit 1, is APPROVED.  This Court shall retain jurisdiction over all matters arising from or relating to the interpretation or implementation of this Order.