IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., et al.,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administrated |
| | ) Objection Deadline: Sept. 3, 2013 at 4 p.m. (ET) |
| | ) Hearing Date: Sept. 10, 2013 at 10 a.m. (ET) |
| | RE: Docket #s 11235, 11236, 11117, 11118 |

## U.S. NORTEL LTD EMPLOYEES JOINDER WITH LIMITED OBJECTIONS TO DEBTORS' MOTION PURSUANT TO 11 U.S.C 105(a), FED. R. BANKR. P.9023 AND 9024 AND FED. R. CIV. P. 59 AND 60 TO CLARIFY AND AMEND THE ORDER GRANTING NORTEL LTD EMPLOYEES' MOTION TO COMPEL DEBTORS TO ADMIT CLAIMS FOR SEVERANCE AS VALID AND ISSUE PAYMENT

U.S. Nortel Long-Term Disabled (LTD) Employees undersigned (the "Movants") of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), hereby submit this Joinder with Limited Objections towards optimizing efficiencies and ensuring equitability in the provision of allowed general unsecure Severance Claims that are targeted towards serving all concerned parties best: the Court, the U.S. Nortel LTD Employees and the Debtors.

### RESPONSE

i. We are most grateful for the favorable ruling the Court granted U.S. Nortel LTD Employee Movants of the June 25, 2013 hearing regarding Severance. [ D.I. # 11117, 11118 ]

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

ii. We are also appreciative of the Debtors willingness to extend the ruling to provide allowed general unsecured claims to all U.S. Nortel LTD Employees that <u>remained in the LTD Settlement Agreement</u>. [ D.I. #11235, Sec. 19 ]

iii. We agree with Debtors that both supporting data and Severance Claim amounts require acceptance by both the Debtors and the U.S. Nortel LTD Employees.

iv. We agree that U.S. Nortel LTD Employees Severance Claim amounts and other relevant information should be filed under seal; we believe this is in keeping with the Court order already in place for protection of LTD Employee information. [ D.I. #8327]

v. We embrace that process efficiencies should be introduced to minimize the drain on Estate resources, Court engagement and unnecessary strain on U.S. Nortel LTD Employees towards timely provision of allowed general unsecure claims.

## LIMITED OBJECTIONS

vi. We request that the Debtors reach out to the undersigned authorized representative of the Movants in advance of the September 10th Court hearing so that we may leverage the time between the filing of this Response and the hearing to work in good faith towards agreement on the Severance Formula itself as well as Movant Severance Claim amounts.

vii. **DEBTOR DOCUMENTATION OF SEVERANCE FORMULA.** We request that the Debtors provide documentation of their version of the Severance Formula by September 3, 2013 so that we have the opportunity to compare it to what we understand the Severance Formula to be and resolve discrepancies prior to the hearing date.

viii.  **MOVANT DOCUMENTATION OF SEVERANCE FORMULA.** Following is a Description of what the Movants have defined per the Nortel Networks Severance Allowance Plan SPD 2012 ...

### OVERVIEW
Excel-based calculations take pertinent data of each Movant and generate the Severance Claim amount per the Nortel Networks Severance Allowance Plan SPD 2012 [ D.I. #10944, Exhibit 1 ].

### SOURCE DATA
The data input to determine Movant's Severance Claim are as follows:

| Data Element | Source |
|---|---|
| Annual Benefits Earnings | 2013 Benefit Confirmation Statements - OR - Individual Settlement Amount Statement |
| Severance Eligibility Date | July 25, 2013 Termination of Employment Notice |

### DATA AUDIT
Each Movant inherently owns the accuracy of their own data they submitted to the undersigned representative they authorized to validate data and Severance Claim amounts on their behalf with the Debtors. All data submitted by Movants was audited to ensure completeness of required data set and authenticity of hardcopy material sources (verbal input was excluded). Next a comparison was made between what Debtors have communicated as Severance Period due each LTD Employee as identified in the July 25, 2013 Termination of Employment Notice <u>versus</u> what the Severance Formula defined herein generated to identify anomalies.
Each individual owned comparing their data to all historical sources they had personally preserved to ensure authenticity of the source data they provided to the undersigned representative. Each given Movant's electronic signature provided herein, confirms that Movant agrees to the accuracy of their data as recorded in the spreadsheet of their applicable Movant Severance Claim amount.

### FORMULA  Severance Claim Amount = Base Weekly Salary X Severance Period

### Formula Components
Base Weekly Salary = Annual Benefits Earnings (pre-disability annual salary) / 52

Length of Service = Accumulated annual anniversaries of Severance Eligibility Date

Severance Period (Weeks) =
Length of Service + 4 + 1 (for a partial year of Service exceeding 6 Months*)

3

<u>*Algorithm defining a partial year of Service exceeding 6 Months is as follows:</u>
- IF Severance Eligibility Date (Month/Day) between January 1 through June 30 (inclusive) THEN No extra week of Severance; ELSE
- IF Severance Eligibility Date (Month/Day) between July 1 through December 31 (inclusive) THEN YES, one extra week of Severance.

ix. **PROCESS MODIFICATION – CLOSURE ON MOVANTS' CLAIM AMOUNTS.**

Filed under seal is a detailed spreadsheet of all Movants Severance Claim Data [ Exhibit B ] as well as each Movant's explicit signature with respect to acceptance/objection, as the individual case may be, to the Debtors Proposed Claim Amount [ Exhibit C ]. We request modification to the Debtors proposed procedure to finalize and allow each LTD Severance Claim. [D.I. 11235, Section 21 ] These two (2) modifications introduce significant efficiencies in the production of allowed Severance Claims for the benefit of all parties involved:

- o We ask that the Debtors share with the Movant's undersigned representative, the data they have recorded for each Movant the day of the hearing at latest, *preferably by September 3, 2013* if the Debtors would oblige so that the brunt of this would be closed out before the hearing; Movant signatures [ Exhibit B ] to the Release Authorization [ Exhibit A ] provide for such activity. We have a response rate of approximately 85% of the U.S. Nortel LTD Employee base, each of the Movants have authorized the undersigned representative to audit the Debtors information and to accept the Severance Claim Amount on their behalf, if the Debtors schedule [ D.I. #11235, Exhibit B ] agrees with their representatives spreadsheet [ Exhibit B ]. This removes a significant amount of effort, time and cost across all parties involved when compared to steps outlined in Debtors proposed process [ D.I. #11235, Section 21, process steps B through E ]. Optimally, we will achieve closure for all of the

> Movants in one engagement. The Debtors proposed process would then be useful to the 15% of the U.S. Nortel LTD Employees that are not Movants in this Joinder.
>
> o We ask that Debtors proposed process be modified to provide for Court approval of all of the mutually agreed upon Severance Claim amounts between Debtors and the Movants representative and an allowed general unsecure claim be issued to each of the Movants' within 10 days of this hearing without any further action being required of the Movants. Issuance of that claim shall record the full claim amount prior withholding of taxes as well as an <u>explicit</u> accounting of taxes withheld and paid to the Internal Revenue Service by Debtors.

x. **WITHHOLDING TAX.** In accordance with the Nortel Networks Severance Allowance Plan SPD 2012 [Section 18] the Debtors will be withholding applicable Federal, State and local taxes from the Severance Claims. To expedite this process, each Movant who elected to claim tax exemptions via submittal of a "Form W-4 (2013)" have provided same <u>prior</u> to the hearing on this matter; each Movant sent a copy both to Nortel Networks HR Shared Services as well as to Ms. Megan Fleming of Cleary, Gottlieb. Each Movant's transmittal of a W-4 to the Debtors has also been recorded in Exhibit B.

xi. **SEVERANCE WAIVER VOID FOR THOSE THAT REMAINED IN THE LTD SETTLEMENT AGREEMENT.** In good faith, we request any Severance Waivers that individual U.S. Nortel LTD Employee*s may* have submitted to Debtors <u>*specifically*</u> in response to those waivers being embedded in the July 25, 2013 Termination Notice be deemed null and void. Presentation of these waiver forms are irrelevant to any of the undersigned LTD as the Movants elected to remain in the LTD Settlement and did not elect the Retirement Settlement. If Nortel was an active company, there is no doubt these waivers

would have never been sent to the current LTD as a fully-staffed Human Resources Department would have caught that error. It is understood that this was not intentional but the Movants would appreciate the Debtors explicit nullification of any such waivers received from the Movants.

### Notice

1. Notice of this Joinder has been given via first class mail to (i) the U.S. Bankruptcy Court, Delaware, (ii) the Debtors Counsel of Cleary, Gottlieb, Steen & Hamilton LLP and (iii) the Debtors Counsel of Morris, Nichols, Arsht & Tunnell LLP. Other parties will receive notice through the Court's electronic filing system. We respectfully submit that, given the nature of the relief requested, no other notice of the relief requested herein need to be given.

**WHEREFORE**, the Movants respectfully request this Court:

xii. approve the Severance Claim Formula defined herein and derived from the Nortel Networks Severance Allowance Plan SPD 2012, for the calculation of Severance Claim amounts across U.S. Nortel LTD Employees;

xiii. approve claim amounts for Movants as documented in the Movants Severance Claim Data Spreadsheet filed under seal [ Exhibit B ] as they are all derived from this same Severance Claim Formula;

xiv. approve the modifications to Debtors "proposed procedure to finalize and allow each LTD Severance Claim" as outlined herein towards the most efficacious processing of individual U.S. Nortel LTD Employee Severance Claims;

xv.   order Debtors to nullify any Severance Waivers that individual <u>U.S. Nortel LTD Employees who remained in the LTD Settlement Agreement</u> *may* have submitted to Debtors *specifically* in response to those waivers being embedded in the July 25, 2013 Termination Notice; and

xvi.  such other and further relief as may be just and proper.

Dated:  August 26, 2013

_/s/ Deborah Jones_

Deborah Jones
P.O. Box 458, Willow Spring, NC 27592

*Authorized representative of U.S. Nortel LTD Employees undersigned via electronic signatures filed under seal*

*Appearing Pro Se*

7

## **EXHIBITS**

**Exhibit A** – Movants Release Authorization

**And filed under seal ...**

**Exhibit B** – Movants Severance Claim Data Spreadsheet

**Exhibit C** – Movants Response To Debtors' Proposed Claim Amount

## Exhibit A - Movants Release Authorization

i. All data I provided for calculation of my Severance Claim Amount is accurate.
ii. I have reviewed my data as recorded in the Severance Claim Amount spreadsheet and find that it has been accurately captured.
iii. I agree with all content of the Severance Joinder to Debtors Motion [ D.I. #11235 ] that is being filed for participating Movants of the U.S. Nortel LTD Employees.
iv. I give permission to Deborah Jones to share my Severance data with the Debtors.
v. I give permission to the Debtors to share my Severance data with Deborah Jones.
vi. I give permission to both the Debtors and Deborah Jones to discuss my Severance Claim.
vii. I authorize Deborah Jones to accept the individual Severance Claim amount recorded by the Debtors on my behalf IF it equals or exceeds the amount recorded in the Severance Claim Amount spreadsheet that is being maintained for the Movants. Degree of accuracy within ten dollars is acceptable to me.
viii. If Debtors calculated Severance Claim amount is less than what is recorded for me in the Movants Severance Claim Amount spreadsheet and is outside the accepted degree of accuracy, I authorize Deborah Jones (or her delegate) to contact me and request my decision on the Debtors Severance Claim amount. If I accept, I will provide my electronic signature to both Debtors and Deborah Jones to reflect agreement within 24-hours of the close of the hearing. If I either fail to timely respond or elect to object to the proposed Claim Amount then I understand I will fall into the procedure outlined by the Debtors to finalize and allow each LTD Severance Claim [ D.I. #11235, Section 21 ]; further, I understand that I will undertake that endeavor on my own as it is outside of the scope of this Joinder.
ix. If I elected to claim tax exemptions for my Severance Claim, I will have already ensured delivery of a W-4 to both Nortel Networks HR Shared Services as well as Ms. Megan Fleming of Cleary, Gottlieb prior to the Severance hearing scheduled for September 10, 2013. I accept that a default withholding effected by the Debtors will apply if I have not provided a W-4 prior to the hearing.
x. Upon receipt of my allowed Severance Claim, I give the Debtors my authorization to expunge any claims that have been filed by me or on my behalf regarding Severance.

Via my electronic signature, I agree with all of the above statements and hereby authorize Deborah Jones to represent me in regard to my Severance claim.

EXHIBIT B -

Movants Severance Claim Data

| B | C | G | H | N | O | P | Q | R | T |
|---|---|---|---|---|---|---|---|---|---|
| Employee Termination Date: 6/30/2013 | | | | | | **Signed Approval** | | | **Participation in Joinder, Agreement To Release** |
| | | Severance | Annual Benefits | \*\*\* Calculated \*\*\* Severance | Severance Claim | Of DEBTORS Proposed | Debtor VS | W4 To Cleary | Authorization & Approval of Claim Amount (Col O) |
| Last Name | First Name | Eligibility Date | Earnings | Period | Amount | Claim Amount? | LTD Claim Amnt | & Nortel HR? | Electronic Signature |
| Brown | Charles | 1/1/1987 | $22,000 | 30 | $12,692.31 | $12,690.30 | ($2.01) | Yes | /s/ Charles E. Brown, 38 Main Street, Raleigh, North Carolina 27610 |

*example format, original filed under seal*

*Exhibit C - Movants Response To Debtors Proposed Claim Amount*

### SCHEDULE 1

#### Proposed Severance Claim

| Name | Address | D.I. of Motion of LTD Employee (if applicable) | Related Proof of Claim (if applicable) | LTD Employee's Proposed Claim Amount[1] | Debtors' Proposed Claim Amount | Claim Asserted Against Debtor | Disputed Severance Claim?[2] |
|---|---|---|---|---|---|---|---|
| ▇ | ▇ | ▇ | ▇ | ▇ | ▇ | Nortel Networks Inc. | |

*8-24-13*

*I accept Debtors proposed claim amount —*

*example format, original filed under Proof*

---

[1] The LTD Employee's Proposed Claim Amount is the higher of any claim amount asserted in the Motions, as defined in the Motion to Amend, or asserted by the LTD Employee in a proof of claim. If no such amounts have been asserted this field is left blank. The LTD Employee's Proposed Claim Amount reflects proofs of claim filed in the Debtors' chapter 11 cases as reflected on the Debtors' claims register as of July 29, 2013.

[2] An LTD Severance Claim is deemed to be disputed if the LTD Employee's Proposed Claim Amount is higher than the Debtor's Proposed Claim Amount.

8