**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                                    :          Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                              :          Case No. 09-10138 (KG)
:
      Debtors.                  :          Jointly Administered
:
:
:          **Hearing Date: TBD**
---------------------------------------------------------------X     **Objections Due:  September 17, 2013 at 4:00 p.m. (ET)**

**FINAL APPLICATION OF JACKSON LEWIS LLP AS COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>JANUARY 14, 2009 THROUGH JULY 25, 2013</u>**

| | |
|---|---|
| Name of Applicant: | Jackson Lewis LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 4, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to January 14, 2009 |
| Final period for which compensation and reimbursement is sought: | January 14, 2009 through July 25, 2013 |

---

1  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

| Amount of final compensation sought as actual, reasonable and necessary: | $417,020.00[2] |
|---|---|
| Amount of final expenses sought as actual, reasonable and necessary: | $7,310.32[3] |

This is an __ interim                              __x__  final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 04/07/2009 | 01/14/09 – 01/31/09 | $16,153.93/$6.93 | $16,153.93/$6.93 |
| 04/20/2009 | 02/01/09 – 02/28/09 | $12,810.00/$2.35 | $12,810.00/$2.35 |
| 06/02/2009 | 03/01/09 – 03/31/09 | $20,972.91/30.91 | $20,972.91/$30.91 |
| 06/05/2009 | 04/01/09 – 04/30/09 | $24,898.00/$17.66 | $24,898.00/$17.66 |
| 07/16/2009 | 05/01/09 – 05/31/09 | $11,170.00/$67.47 | $11,170.00/$67.47 |
| 08/14/2009 | 06/01/09 – 06/30/09 | $28,054.00/$1,276.53 | $28,054.00/$1,276.53 |

---

2   Jackson Lewis submitted fee applications, which due to unintentional clerical error, under-calculated the fees owed. Jackson Lewis submitted fee applications to this Court seeking reimbursement of fees from the period January 14, 2009 through July 25, 2013 in the total amount of $414,894.95. Jackson Lewis' actual fees, as reflected on the detailed invoice exhibits accompanying the previously filed fee applications, for the period January 14, 2009 through July 25, 2013 totaled $417,020.00. Thus, Jackson Lewis has prior unreimbursed fees (in addition to fees from the period November 1, 2012 through July 25, 2013, for which an interim fee application is pending) in the amount of $2,125.05.

3   Jackson Lewis sought and was reimbursed for expenses in the total amount of $7,368.32. A review of the invoices and expenses reveals that Jackson Lewis was entitled to reimbursement in the amount of $7,310.32. Jackson Lewis will subtract the difference of $58.00 from the total amount of fees and expenses requested in any Certificate of No Objection filed in connection with the Thirty-Ninth Interim Application of Jackson Lewis LLP, as Counsel to Debtors and Debtors-in-Possession, For Allowance of Interim Compensation and for Interim Reimbursement of All Actual and Necessary Expenses Incurred for the Period November 1, 2012 Through July 25, 2013 [D.I. 11407, Filed 8/21/2013].

2

| | | | |
|---|---|---|---|
| 08/28/2009 | 07/01/09 – 07/31/09 | $11,173.00/$12.63 | $11,173.00/$12.63 |
| 10/15/2009 | 08/01/09 – 08/31/09 | $13,265.00/$926.89 | $13,265.00/$926.89 |
| 11/17/2009 | 09/01/09 – 09/30/09 | $30,039.00/$1,014.63 | $30,039.00/$1,014.63 |
| 11/24/2009 | 10/01/09 – 10/31/09 | $6,154.00/$2,862.43 | $6,154.00/$2,862.43 |
| 02/4/2010 | 11/01/09 - 11/30/09 | $7,594.00/$0.00 | $7,594.00/$0.00 |
| 02/18/2010 | 12/01/09 – 12/31/09 | $1,310.00/$0.38 | $1,310.00/$0.38 |
| 03/11/2010 | 01/01/10 – 01/31/10 | $2,311.00/$.74 | $2,311.00/$.74 |
| 04/07/2010 | 02/01/10 – 02/28/10 | $4,761.00/$0.00 | $4,761.00/$0.00 |
| 06/01/2010 | 03/01/10 – 03/31/10 | $5,829.00/$0.00 | $5,829.00/$0.00 |
| 06/01/2010 | 04/01/10 – 04/30/10 | $2,677.00/$0.00 | $2,677.00/$0.00 |
| 08/20/2010 | 05/01/10 – 05/31/10 | $5,011.00/$240.63 | $5,011.00/$240.63 |
| 09/02/2010 | 06/01/10 – 06/30/10 | $7,650.00/$13.55 | $7,650.00/$13.55 |
| 09/07/2010 | 07/01/10 – 07/31/10 | $5,774.00/$0.00 | $5,774.00/$0.00 |
| 10/01/2010 | 08/01/10 - 08/31/10 | $4,266.00/$8.38 | $4,266.00/$8.38 |
| 11/05/2010 | 09/01/10 – 09/30/10 | $5,378.00/$5.87 | $5,378.00/$5.87 |
| 12/20/2010 | 10/1/10 - 10/31/10 | $4,644.00/$9.02 | $4,644.00/$9.02 |
| 02/25/2011 | 11/1/10 – 1/31/11 | $9,072.00/$13.88 | $9,072.00/$13.88 |
| 05/02/2011 | 02/01/11 – 02/28/11 | $8,847.80/$0.00 | $8,847.80/$0.00 |

| | | | |
|---|---|---|---|
| 05/27/2011 | 03/01/11 – 03/31/11 | $7,059.20/$6.12 | $7,059.20/$6.12 |
| 05/27/2011 | 04/01/11- 04/30/11 | $3,429.00/$0.00 | $3,429.00/$0.00 |
| 08/24/2011 | 05/01/11- 05/31/11 | $7,427.80/$3.08 | $7,427.80/$3.08 |
| 08/24/2011 | 06/01/11- 06/30/11 | $7,511.60/$2.35 | $7,511.60/$2.35 |
| 08/24/2011 | 07/01/11- 07/31/11 | $2,844.00/$0.00 | $2,844.00/$0.00 |
| 11/11/2011 | 08/01/11- 08/31/11 | $5,942.20/$3.01 | $5,942.20/$3.01 |
| 11/11/2011 | 09/01/11- 09/30/11 | $3,339.00/$0.00 | $3,339.00/$0.00 |
| 11/21/2011 | 10/01/11- 10/31/11 | $6,792.96/$62.23 | $6,792.96/$62.23 |
| 02/27/2012 | 11/01/11- 11/30/11 | $7,898.00/$0.00 | $7,898.00/$0.00 |
| 02/27/2012 | 12/01/11 – 12/31/11 | $2,819.00/$238.95 | $2,819.00/$238.95 |
| 02/28/2012 | 01/10/12 – 01/31/12 | $4,507.00/$0.00 | $4,507.00/$0.00 |
| 05/29/2012 | 02/01/12 – 05/31/12 | $9,738.80 /$0.00 | $9,738.80 /$0.00 |
| 08/21/2012 | 06/01/12 – 08/31/12 | $5,316.80/$0.00 | $5,316.80/$0.00 |
| 11/20/2012 | 08/01/12 – 10/31/12 | $4,262,75/$0.00 | $4,262,75/$0.00 |
| 08/21/2013 | 11/1/12 – 07/25/13 | $3,467.25/$0.00 | Pending |

## CUMULATIVE COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))
Split Bill – Nortel Networks/Chubb Insurance

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours for Final Period | Total Fees for Final Period | Nortel's 50% of Total Compensation* |
|---|---|---|---|---|---|
| Rene' E. Thorne | Partner/ERISA | 500.00 | 600.10 | 300,050.00 | 150,025.00 |
| Jason M. Stein | Partner/ERISA | 425.00 | 194.40 | 82,620.00 | 41,310.00 |
| Magdelen Bickford | Partner/ERISA | 380.00 | 2.50 | 950.00 | 475.00 |
| Christopher Williams | Partner/ERISA | 375.00 | 40.50 | 15,187.50 | 7,593.75 |
| Susanne Veters | Associate/ERISA | 375.00 | 26.70 | 10,012.50 | 5,006.25 |
| Daisy Gurdián | Law Clerk | 125.00 | 4.00 | 500.00 | 250.00 |
| Donna S. Hebert | Paralegal | 150.00 | 104.80 | 15,720.00 | 7,860.00 |
| Rhonda W. James | Paralegal | 150.00 | 43.40 | 6,510.00 | 3,255.00 |
| | | | | | |
| **Total** | | | 1,016.40 | 431,550.00 | 215,775.00 |

5

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))
Nortel Networks Only – Non Insurance

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours for Final Period | Total Fees for Final Period |
|---|---|---|---|---|
| René E. Thorne | Partner/ERISA | 500.00 | 171.00 | 85,500.00 |
| René E. Thorne | Partner/ERISA | 550.00 | 26.00 | 14,300.00 |
| Jason M. Stein | Partner/ERISA | 425.00 | 42.90 | 18,232.50 |
| Jason M. Stein | Partner/ERISA | 467.50 | 32.20 | 15,053.50 |
| Magdalen Bickford | Partner/Litigation | 250.00 | 9.90 | 2,475.00 |
| Keith A. Dropkin | Partner/ERISA | 467.50 | 1.40 | 588.00 |
| Christopher Williams | Partner/ERISA | 375.00 | .90 | 312.50 |
| Donna S. Hebert | Paralegal | 150.00 | 367.40 | 54,630.00 |
| Rhonda W. James | Paralegal | 165.00 | 61.90 | 10,153.50 |
| | | | | |
| **Total** | | | **713.60** | **201,245.00** |

# CUMULATIVE COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))
Split Bill – Nortel Networks/Chubb Insurance

| Project Category | Total Hours for Final Period | Total Fees from the Petition Date | Nortel's 50% of Total Compensation* |
|---|---|---|---|
| Fact Investigation/Development | 5.00 | 1,000.00 | 500.00 |
| Analysis/Strategy | 61.00 | 29,460.00 | 14,730.00 |
| Experts/Consultants | 0.60 | 300.00 | 150.00 |
| Settlement/Non-Binding ADR | 581.60 | 280,862.50 | 140,431.30 |
| Other Case Assessment, Development and Administration | 78.10 | 21,497.50 | 10,748.75 |
| Pleadings | 60.60 | 22,615.00 | 11,307.50 |
| Court Mandated Conferences | 10.20 | 4,925.00 | 2,462.50 |
| Dispositive Motions | 5.30 | 2,635.00 | 1,317.50 |
| Other Written Motions and Submissions | 18.30 | 7,570.00 | 3,785.00 |
| Class Action Certification and Notice | 33.20 | 15,530.00 | 7,765.00 |
| Written Discovery | 7.10 | 3,017.50 | 1,508.75 |
| Document Production | 144.60 | 40,022.50 | 20,011.25 |
| Discovery Motions | 1.80 | 765.00 | 382.50 |
| Other Discovery | 8.40 | 1,260.00 | 630.00 |
| Fact Witnesses | 0.60 | 90.00 | 45.00 |
| | | | |
| **TOTAL** | **1,016.40** | **431,550.00** | **215,775.00** |

## CUMULATIVE COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

| Project Category | Total Hours for Final Period | Total Fees from the Petition Date |
|---|---|---|
| Unassigned[4] | 109.30 | 27,941.50 |
| Fact Investigation/Development | 4.40 | 1,370.00 |
| Analysis/Strategy | 76.40 | 37,015.75 |
| Settlement/Non-Binding ADR | 87.50 | 38,125.00 |
| Other Case Assessment, Development and Administration | 93.50 | 27,927.75 |
| Pleadings | 315.40 | 57,932.50 |
| Preliminary Injunctions/Provisional Remedies | 0.30 | 150.00 |
| Dispositive Motions | 0.40 | 200.00 |
| Court Mandated Conferences | 3.50 | 945.00 |
| Other Written Motions and Submissions | 14.90 | 7,350.00 |
| Document Production | 2.70 | 1,312.50 |
| Other Discovery | 5.30 | 975.00 |
|  |  |  |
| **TOTAL** | **713.60** | **201,245.00** |

---

4   These time entries were not assigned to specific project categories on the Jackson Lewis invoices, but were assigned upon preparation of the previous fee applications. Jackson Lewis is unable to determine without an extensive time-consuming analysis which entries were assigned to which categories. If further information is needed about the project categories, however, Jackson Lewis can undertake that analysis.

## CUMLATIVE EXPENSE SUMMARY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))
Split Bill – Nortel Networks/Chubb Insurance

| Expense Category | Total Expenses from the Petition Date | Nortel's 50% of Total Expenses |
|---|---|---|
| Travel | 7,789.27 | 3,894.64 |
| Trial/Subpoena/Witness Fees | 6,205.54 | 3,102.77 |
| Photocopying | 350.77 | 175.38 |
|  |  |  |
| **TOTAL** | **14,345.58** | **7,172.79** |

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

| Expense Category | Total Expenses from the Petition Date |
|---|---|
| Telephone | 14.31 |
| Postage | 54.06 |
| Computerized Research | 23.84 |
| Photocopying | 45.32 |
|  |  |
| **TOTAL** | 137.53 |

9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                                   :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                              :    Case No. 09-10138 (KG)
:
                     Debtors.                      :    Jointly Administered
:
:    **Hearing Date: TBD**
---------------------------------------------------------------X    **Objections Due:  September 17, 2013 at 4:00 p.m. (ET)**

**FINAL APPLICATION OF JACKSON LEWIS LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**JANUARY 14, 2009 THROUGH JULY 25, 2013**

Jackson Lewis LLP ("Jackson Lewis"), counsel for Nortel Networks, Inc., and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") pursuant to 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S.

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2]. In support of this Application, Jackson Lewis represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## JACKSON LEWIS RETENTION

4. Prior to the Petition Date, the Debtors engaged Jackson Lewis as Counsel to represent Debtors in the ongoing class action matter entitled *In re Nortel Networks Corporation ERISA Litigation*, No. 3:03-MDL-1537, pending in the Middle District of

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

2

Tennessee (the "ERISA Class Action"). In addition, Jackson Lewis also represents NNL, NNC and certain former and current Nortel directors and officers in the ERISA Class Action. On March 4, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P. 2012 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Jackson Lewis LLP as Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 296).

### FINAL RELIEF REQUESTED

5.  Jackson Lewis submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as counsel for the Debtors in these cases for the period of January 14, 2009 through July 25, 2013, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

6.  During the period covered by this Application, Jackson Lewis incurred fees in the amount of $417,020.00.[3] For the same period, Jackson Lewis incurred expenses in the amount of $7,310.32.[4]

7.  Set forth in the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

---

3   As set forth in footnote 2 supra, this total amount of fees includes $2,125.05 of prior unreimbursed fees omitted from Jackson Lewis's prior fee applications due to an unintentional clerical error.

4   As set forth in footnote 3 supra, Jackson Lewis previously sought and was reimbursed for expenses in the total amount of $7,368.32 whereas Jackson Lewis was entitled to reimbursement in the amount of $7,310.32. Jackson Lewis will subtract the difference of $58.00 from the total amount of fees and expenses requested in any Certificate of No Objection filed in connection with the Thirty-Ninth Interim Application of Jackson Lewis LLP, as Counsel to Debtors and Debtors-in-Possession, For Allowance of Interim Compensation and for Interim Reimbursement of All Actual and Necessary Expenses Incurred for the Period November 1, 2012 Through July 25, 2013 [D.I. 11407, Filed 8/21/2013].

6. Jackson Lewis has endeavored to provide services to the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Jackson Lewis so that work has been performed by those most familiar with the particular matter or task.

7. No agreement or understanding exists between Jackson Lewis and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

8. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Jackson Lewis respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (i) granting final allowance of reasonable compensation of $417,020.00 and expenses of $7,310.32 for the actual, reasonable and necessary professional services rendered to the Debtors during the Application Period and (ii) granting such other relief as is just and equitable under the circumstances.

Dated: August 28, 2013

JACKSON LEWIS LLP
*/s/ René E. Thorne*
René E. Thorne
Jason M. Stein
650 Poydras, Suite 1900
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

Attorneys for Defendants Nortel Networks Corp. in
In re Nortel Networks Corporation ERISA Litigation,
Middle District of Tennessee, No. 3:03-MDL-1537

7480862