# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
             Debtors. : Jointly Administered
:
: Re: D.I. 11118, 11235, 11453
:
: Hearing date: September 10, 2013 at 10:00 a.m. (ET)
: Objections due: September 3, 2013 at 4:00 p.m. (ET)
----------------------------------------------------------X

**DEBTORS' REPLY IN SUPPORT OF THE DEBTORS' MOTION PURSUANT
TO 11 U.S.C. § 105(a), FED. R. BANKR. P. 9023 AND 9024 AND FED. R. CIV. P.
59 AND 60 TO CLARIFY AND AMEND THE ORDER GRANTING
NORTEL LTD EMPLOYEES' MOTIONS TO COMPEL DEBTORS
TO ADMIT CLAIMS FOR SEVERANCE AS VALID AND ISSUE PAYMENT**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), respectfully submit this reply (the "Reply") in support of *Debtors' Motion Pursuant to 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9023 and 9024 and Fed. R. Civ. P. 59 and 60 to Clarify and Amend the Order Granting Nortel LTD Employees' Motions to Compel Debtors to Admit My Claim for Severance As Valid and Per Nortel Networks Severance Allowance Plan and Issue Payment*, filed on July 30, 2013 (the "Motion to Amend") and in reply to the *U.S. Nortel Employees Joinder with Limited Objections to Debtors Motion to*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Clarify and Amend the Order Granting Nortel LTD Employees Motion to Compel Debtors to Admit Claims for Severance as Valid and Issue Payment*, filed on August 28, 2013 (the "<u>Limited Objection</u>"):

    1.    As this Court is aware, on July 30, 2013, the Debtors filed the Motion to Amend in order to clarify and amend the Court's order entered on July 16, 2013 [D.I. 11118] (the "<u>Order</u>")[2] and to create a procedure for the efficient and accurate determination of the amount of the general unsecured claims for severance to be allowed and for the resolution of any disputes that may arise. On August 28, 2013, Ms. Deborah Jones, a former LTD Employee, filed the Limited Objection in a similar effort to streamline the determination of the amount of the severance claims. The Debtors are appreciative of the efforts of Ms. Jones and other LTD Employees to resolve these matters. Based on their submission and other correspondence with the LTD Employees, the issues raised in the Limited Objection have been addressed and the individual severance claim amounts have been resolved and agreed upon with a large majority of the LTD Employees.

    2.    The primary purpose of the Limited Objection was to verify and corroborate that the amount the Debtors had proposed for each individual LTD Employee's severance claim (collectively the "<u>Debtors' Proposed Claim Amounts</u>") is consistent with the amount determined by data collected by the LTD Employees and the severance formula as stated in the Limited Objection (the "<u>LTD Employees' Severance Calculation</u>"). *See* Limited Objection at 4-5. Ms. Jones collected information for 146 LTD Employees (including herself), attached to the Limited Objection as sealed exhibits B and C. For 145 of these LTD Employees, the Debtors' Proposed

---

[2]     Capitalized terms used but not defined herein have the meanings set forth in the Motion to Amend.

Claim Amount was consistent with, or exceeded, the LTD Employees' Severance Calculation.[3] These 145 LTD Employees (the "Consenting LTD Employees") each have affirmatively accepted the Debtors' Proposed Claim Amount in writing. The consent of each Consenting LTD Employee is attached as Exhibit C to the Limited Objection.

3.  There remains a discrepancy between the LTD Employees' Severance Calculation and the Debtors' Proposed Claim Amount for one LTD Employee. The Debtors and this LTD Employee have reached an agreement in principle and are documenting the agreement. For the avoidance of doubt, this individual currently is not listed as a Consenting LTD Employee, although if an agreement is reached with the individual prior to the hearing the Debtors are willing to include the individual as such.

4.  The Limited Objection does a great service to the Debtors by reducing the time and expense of resolving any potential disputes in a significant majority of the severance claims; the Consenting LTD Employees represent more than 80% of the relevant universe of LTD Employees (those LTD Employees terminated on June 30, 2013). In response to the Limited Objection, because there is no longer a dispute regarding the quantum of the Consenting LTD Employees' severance claims, the Debtors have revised the proposed order (the "Revised Proposed Order") attached hereto as **Exhibit A**, to allow the general unsecured claims of the Consenting LTD Employees in the amount of the Debtors' Proposed Claim Amount. A list of Consenting LTD Employees, the amount of their claim to be allowed, and the Debtor the claim is to be allowed against, is provided in **Exhibit 1** attached to the Revised Proposed Order. With respect to the remaining LTD Employees, none have objected and one has filed proofs of claim

---

[3] The Debtors' Proposed Claim Amount and the LTD Employees' Severance Calculation were considered consistent if the discrepancy between them was less than ten dollars. *See* Limited Objection Ex. A. In at least two cases the Debtors' Proposed Claim Amount included an additional week of severance more than the LTD Employees' Severance Calculation; the Debtors propose to maintain the higher claim amount provided in the Debtors' Proposed Claim Amount for those individuals.

3

or other pleadings that exceed the Debtors' Proposed Claim Amounts.[4] For those remaining LTD Employees, the procedures outlined in the Motion to Amend would continue to apply.

5. The Limited Objection also poses questions regarding the tax treatment of the severance claims, and waivers of severance. First, with respect to tax, the LTD Employees have asked for "an explicit accounting of taxes withheld and payable to the Internal Revenue Service by Debtors." *See* Limited Objection at 5. As no severance payments have yet been made to the LTD Employees—and distributions on the allowed claims only will be made once a Chapter 11 plan has been confirmed and become effective—no funds have yet been withheld and it is not yet possible to provide tax information regarding withholding for the claims. Moreover, while the Debtors appreciate the Consenting LTD Employees' efforts to provide their W4s to the Debtors, the Debtors may need to request updated W4s in the future depending on the calendar year in which distributions are ultimately made.

6. Second, the Limited Objection requests that the Debtors treat as null and void any waivers of severance signed by LTD Employees terminated on June 30, 2013, and who did not elect to share in the Retiree Settlement. This issue is moot. The Debtors received only two such waivers and, in consultation with the submitting LTD Employees, determined that they were submitted in error. Accordingly, the Debtors have agreed that the waivers are revoked for those LTD Employees and a nullity.

7. In connection with the service of this reply, the Debtors intend to provide each Consenting LTD Employee with notice of his or her Debtors' Proposed Claim Amount and the Debtor against which his or her general unsecured claim for severance would be allowed against.

---

[4] The one LTD Employee who has filed a proof of claim or other pleading exceeding his Debtors' Proposed Claim Amount has reached an agreement in principle with the Debtors, which the parties are currently documenting.

4

8.  As all of the concerns expressed in the Limited Objection have been addressed in this Reply and the Revised Proposed Order, the Debtors respectfully request that the Court grant the Motion to Amend, as amended to reflect the resolution of the allowed severance claims for the Consenting LTD Employees, and enter the Revised Proposed Order.

WHEREFORE, the Debtors respectfully request that this Court (i) grant the Motion to Amend, as amended; (ii) enter the revised proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated:  September 3, 2013<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |