**EXHIBIT A**

**REVISED PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: 
: **RE: D.I.** 9598, 9600, 9647, 9665,
: 10151, 10170, 10454, 10730, 10731,
: 10741, 10742, 10848, 10850, 10851,
: 10852, 10853, 10854, 10866, 10867,
: 10869, 10870, 10872, 10873, 10874,
: 10875, 10876, 10877, 10879, 10885,
: 10886, 10887, 10888, 10889, 10890,
: 10891, 10893, 10894, 10895, 10896,
: 10897, 10898, 10900, 10901, 10903,
: 10904, 10906, 10907, 10908, 10923,
: 10925, 10926, 10932, 10936, 10940,
: 10974, 10975, 11063, 11093, 11117,
: 11118, 11235, 11453
:
------------------------------------------------------------ X

## **ORDER**

Upon consideration of the Motions filed by certain long-term disabled individuals generally stylized as *Nortel US Employee Motion, Compelling Debtors to Admit My Claim for Severance as Valid per Nortel Networks Severance Allowance Plan and Issue Payment*; as well as *the Motion Compelling Debtors to Issue Payment for Severance Per Nortel Networks Severance Allowance Plan Upon Debtors Planned Termination of My Employment on June 30,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*2013 by Mark R. Janis, a Nortel U.S. LTD Employee*, filed on June 3, 2013 [D.I. 10741]; and all other motions or joinders seeking an allowed severance claim filed by an LTD Employee,[2] the Omnibus Objection and the Supplemental Omnibus Objection filed by the Debtors, the *Debtors' Motion Pursuant to 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9023 and 9024 and Fed. R. Civ. P. 59 and 60 to Clarify and Amend the Order Granting Nortel LTD Employees' Motions to Compel Debtors to Admit My Claim for Severance As Valid and Per Nortel Networks Severance Allowance Plan and Issue Payment* filed on July 30, 2013 (the "Motion to Amend"), and the *U.S. Nortel Employees Joinder with Limited Objections to Debtors Motion to Clarify and Amend the Order Granting Nortel LTD Employees Motion to Compel Debtors to Admit Claims for Severance as Valid and Issue Payment*, filed on August 28, 2013 ; and for reasons set forth in the Opinion, dated July 16, 2013 [D.I. 11117] it is hereby:

1. **FOUND AND DETERMINED**, that the Debtors and certain LTD Employees (the "Consenting LTD Employees") listed on **Exhibit 1** attached hereto have reached agreement as to the amount of the general unsecured claim to be allowed to the Consenting LTD Employees to represent any and all amounts owed to them in accordance with the terms of the Severance Plans and the Debtor against whom the claim shall be allowed, each as listed on Exhibit 1 hereto.

2. **ORDERED,** that the Order dated July 16, 2013 [D.I. 11118] is superseded as set forth below;

3. **ORDERED,** that each of the LTD Employees whose employment with the Debtors was terminated as of June 30, 2013 shall receive an allowed general unsecured claim to represent any and all amounts owed to him or her in accordance with the terms of the Severance Plans, which (a) with respect to each of the Consenting LTD Employees, shall be allowed in the

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Amend.

amount listed in Exhibit 1 and in full satisfaction of all claims for severance that were or could have been filed by any such Consenting LTD Employee (and any proofs of claim for additional severance amounts are hereby disallowed); (b) with respect to all other LTD Employees terminated on June 30, 2013, the amount shall be determined in accordance with the following procedures:

    a. The Debtors have included a schedule under seal, **Exhibit B** to the Motion to Amend, (as amended and revised, the "Schedule"), enumerating the amount of the general unsecured claim, if any, of each listed LTD Employee as calculated by the Debtors in accordance with the Severance Plans (the "Debtors' Proposed Claim Amount"), the Debtor against which the claim would be asserted and, where included in the Motions or in a separate proof of claim, the Movants' proposed claim amount (the "LTD Employee's Proposed Claim Amount" and collectively, with the Debtors' Proposed Claim Amount, and name of the Debtor against which the claim would be asserted, the "Scheduled Information").

    b. Within 10 days following the date of the entry of this Order, the Debtors shall serve individual notices to each LTD Employee (the "Proposed Claim Notice"), which will include a copy of the Order, his/her Scheduled Information and the LTD Severance Claim Objection Deadline (as defined below). The Proposed Claim Notice will be served on each LTD Employee at the address listed for such LTD Employee in the Debtors' books and records, any proof of claim filed by the LTD Employee, or any pleading filed with the Court. The Scheduled Information for each LTD Employee shall be available at the request of an LTD Employee to Debtors' counsel, Cleary Gottlieb Steen and Hamilton LLP by phone at (212) 225-3505 or by email at NortelLTDSeverance@cgsh.com.

c. If either (i) an LTD Employee has not asserted an amount for his/her severance claims; or (ii) the amount of the LTD Employee's Proposed Claim Amount is less than the Debtors' Proposed Claim Amount, the Debtors propose to grant an allowed LTD Severance Claim as a general unsecured claim in the amount of the Debtors' Proposed Claim Amount against the Debtor specified in the Schedule. **Each LTD Employee can object to the Debtors' Proposed Claim Amount by filing with the Court, and serving a copy on the Debtors, an objection to the proposed claim amount on a date that is on or before thirty (30) days after the date of the Proposed Claim Notice (the "<u>LTD Severance Claim Objection Deadline</u>").** If an LTD Employee does not file an objection by 4:00 P.M. (prevailing Eastern time) on the LTD Severance Claim Objection Deadline, the LTD Severance Claim for such LTD Employee shall be allowed in the amount of the Debtors' Proposed Claim Amount against the Debtor specified in the Schedule. If an LTD Employee files an objection by 4:00 P.M. (prevailing Eastern time) on the LTD Severance Claim Objection Deadline, such claim shall be deemed to a disputed claim (a "<u>Disputed Severance Claim</u>").

d. If the LTD Employee's Proposed Claim Amount is higher than the Debtors' Proposed Claim Amount, the LTD Employee's claim is deemed to be a Disputed Severance Claim (and is noted as such on the Schedule).

e. The Debtors shall work to consensually resolve all Disputed Severance Claims, including in consultation with the Official Committee of Unsecured Creditors, and thirty (30) days following the date of the LTD Severance Claim Objection Deadline will file, under seal, a supplemental notice with the Court identifying the Disputed Severance Claims that have been consensually resolved and those that remain disputed. For any outstanding Disputed Severance Claims, the Debtors will schedule a hearing on notice to the LTD Employees holding Disputed Severance Claims for the next omnibus hearing date that is at least 10 days out, or such other time as the Debtors and the LTD Employees may agree, so that the amount of these claims may be determined by the Court.

f. Upon the allowance of any LTD Severance Claim in accordance with these procedures, all other claims for severance filed by any such LTD Employee shall be deemed disallowed.

g. LTD Severance Claims will be allowed as general unsecured claims and any distributions on allowed LTD Severance Claims will be made in accordance with any plan approved in these cases.

4. **ORDERED,** that nothing in this Order shall limit the Debtors' right to withhold any applicable federal, state and local taxes from distributions that will be made with respect to

the LTD Severance Claims, and upon payment of such distributions, the Debtors will make any and all contributions (if any) they determine, on the advice of their tax advisors, to be due and owing in respect of the employer portion of the tax imposed on the LTD Severance Claims under the Federal Insurance Contributions Act;

5. **ORDERED,** that the Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order; and,

6. **ORDERED,** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Schedule of Consenting LTD Employees**

**Filed Under Seal**