**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------X
                                            :      Chapter 11
                                            :
In re                                       :      Case No. 09-10138 (KG)
                                            :
Nortel Networks Inc., et al.,¹              :      Jointly Administered
                                            :
                          Debtors.          :      Hearing Date: TBD
                                            :
------------------------------------------------------X
```

**JOINT APPLICATION FOR ISSUANCE OF**
**INTERNATIONAL LETTERS OF REQUEST (LETTERS ROGATORY)**

Nortel Networks Inc. ("NNI"), and its affiliated debtors, as respective debtors and debtors

in possession (collectively, the "U.S. Debtors"), together with the Official Committee of

Unsecured Creditors (the "U.S. Committee") and Ernst & Young Inc., as the court-appointed

monitor (the "Monitor") and authorized foreign representative of Nortel Networks Corporation

and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks

Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks

International Corporation (collectively, the "Canadian Debtors," and together with the U.S.

Debtors, the U.S. Committee, and the Monitor, the "Applicants"), respectfully petition this Court

pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence

Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781

(the "Hague Evidence Convention"), for the issuance of letters of request (the "Letters

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Rogatory") in the form annexed hereto as Exhibits B through I, variously addressed to the Senior

Master of the Supreme Court (Queen's Bench Division), acting as the Competent Judicial

Authority of the United Kingdom; the Ministry of Justice (Ministère de la Justice), acting as the

Competent Judicial Authority of France; the District Court in the Hague (Rechtbank Den Haag),

acting as the Competent Judicial Authority of the Netherlands; and the Division for Criminal

Cases and International Judicial Co-operation (Ministry of Justice), acting as the Competent

Judicial Authority of Sweden, requesting that the respective authorities cause the Letters

Rogatory to be served upon the designated recipients, who (i) served the EMEA Debtors (as

defined hereinafter) as directors, officers, and/or in other capacities; (ii) have been designated by

the EMEA Debtors as among the persons affiliated with them who are most knowledgeable

regarding certain topics relevant to these proceedings; and/or (iii) are otherwise believed to have

knowledge that may be relevant to the resolution of disputes in the above-captioned matter.  In

support thereof, Applicants respectfully represent as follows:

## BACKGROUND

1.      On January 14, 2009 (the "Petition Date"), the U.S. Debtors other than NN

CALA[2] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, which

cases are consolidated for procedural purposes only.

2.      Also on January 14, 2009, the Canadian Debtors filed an application with

the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada), seeking relief from their creditors (collectively, the "Canadian

Proceedings"), and the Monitor was appointed by the Canadian Court.

---

[2]      NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

3.     On the same date, upon the request of Nortel Networks UK Limited ("NNUK") and eighteen of its affiliates in the EMEA Region (the "EMEA Debtors"), the High Court of Justice of England and Wales (the "English Court") placed the EMEA Debtors into administration, and appointed individuals from Ernst & Young LLP as administrators (collectively, the "Joint Administrators").

4.     Since the Petition Date, the various Nortel affiliates have sold assets related to Nortel's business units and other assets to various purchasers (the "Sales").  For further information regarding these Chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the U.S. Debtors and to the information contained at http://dm.epiq11.com/nortel.

5.     Upon the  joint motion of the U.S. Debtors and U.S. Committee, this Court on April 3, 2013 entered an Order Approving Allocation Protocol [D.I. 9947] and an associated Opinion [D.I. 9946] determining, *inter alia*, that coordinated cross-border trials (the "Trials") to determine the allocation among the U.S. Debtors, Canadian Debtors, and EMEA Debtors of proceeds from the Sales (the "Allocation Dispute") would be held in the U.S. Court and Canadian Court.  Also to be resolved by the U.S. and Canadian Courts during the Trials are certain claims against the U.S. Debtors and Canadian Debtors brought by the EMEA Debtors, Nortel Networks AG and Nortel Networks AS (the "EMEA Claims") and additional claims (the "U.K. Pension Claims") brought by the U.K. Pension Trustee and the Board of the Pension Protection Fund (together, the "U.K. Pension Claimants").  See Order Approving Allocation Protocol at ¶ 4.

6.      The Canadian Court issued an Endorsement on April 3, 2013, which likewise held that the above matters would be decided in the Trials.[3]

7.      Subsequently, this Court entered further orders in support of the Trials, including, *inter alia*, the Order Entering Allocation Protocol dated May 17, 2013 [D.I. 10565], in which the Court approved binding procedures to be used for resolving the Allocation Dispute, EMEA Claims, and U.K. Pension Claims, and the Order Approving Litigation Timetable and Discovery Plan  dated May 17, 2013 [D.I. 10566], setting parameters and deadlines for trial preparations.

8.      On August 26, 2013, this Court entered an Order Modifying Scheduling Orders in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims [D.I. 11437], which moved the commencement of the Trials to a date on or after March 31, 2014 and modified various pre-trial deadlines.  The Canadian Court entered a corresponding order on August 27, 2013.

## RELIEF REQUESTED

9.      By this Application, the Applicants hereby request that this Court issue an Order in the form attached hereto as Exhibit A:

(a)      providing for this Court to sign the Letters Rogatory and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in each of the Letters Rogatory;

(b)      requiring that the Clerk of the Bankruptcy Court return the original, signed Letters Rogatory to Derek C. Abbott and Ann C. Cordo of Morris, Nichols, Arsht & Tunnell LLP, so that said Letters Rogatory may be issued to the Senior Master of the Supreme Court (Queen's Bench Division) acting as the Competent Judicial Authority of the United Kingdom; the Ministry of Justice (Ministère de la Justice),

---

[3]      See Nortel Networks Corporation (Re), 2013 ONSC 1757, 09-CL-7950 (April 3, 2013).

    acting as the Competent Judicial Authority of France; the District Court in the Hague (Rechtbank Den Haag), acting as the Competent Judicial Authority of the Netherlands; and the Division for Criminal Cases and International Judicial Co-operation (Ministry of Justice), acting as the Competent Judicial Authority of Sweden, which are the domiciles of the designated recipients from whom evidence is sought; and

  (c) directing counsel for the U.S. Debtors to transmit the original, signed Letters Rogatory to the Competent Judicial Authorities of the United Kingdom, France, the Netherlands and Sweden, as applicable.

so that the Applicants may obtain for use at trial potential evidence material to the resolution of the Allocation Dispute, the EMEA Claims, and the U.K. Pension Claims.[4]

  9. As more fully detailed in the Letters Rogatory, the designated recipients served the EMEA Debtors as directors, officers, and/or in other capacities; have been designated by the EMEA Debtors as among the persons affiliated with them who are most knowledgeable regarding certain topics relevant to these proceedings; and/or are otherwise believed to have knowledge that may be relevant to the resolution of these proceedings:

  (a) Sharon Rolston was a Director of NNUK, Nortel Networks (Ireland) Limited ("NN Ireland"), and other EMEA entities between 2006 and 2010. She was employed by Nortel in various finance-related roles beginning in 1992, including in the United Kingdom from 1999, as Controller for the EMEA region from 2005 to 2006, and as Vice President of Finance for the EMEA region from 2006 to 2008. In response to interrogatories, the EMEA Debtors have identified Ms. Rolston as among those persons affiliated with them who are most knowledgeable regarding NNUK's role

---

[4] In seeking the materials specified in the Letters Rogatory, the U.S. Debtors do not concede their relevance or admissibility.

in the management and operations of the Nortel Group's EMEA region

and regarding Nortel's customer relationships.

(b)  Orla Fitzpatrick was a Director of NN Ireland from 2006 to 2009.

(c)  Rob Haitsma was a Director of Nortel Networks International Finance &

Holding B.V. ("NNIF") and Nortel Networks B.V. ("NN Holland") from

2001 to 2009 and a Director of Nortel Networks Oy ("NN Finland") and

Nortel Networks AB ("NN Sweden") from 2003 to 2009.

(d)  Geoff Lloyd was a Director of NNUK and employed by NNUK in the role

of Vice President of Human Resources for EMEA from 2002 to 2006.  In

response to interrogatories, the EMEA Debtors and U.K. Pension

Claimants have identified Mr. Lloyd as among those persons affiliated

with them who are most knowledgeable regarding Nortel's global human

resources.

(e)  Jean-Marie Lesur was a Director for Nortel Networks S.A. ("NNSA")

from 2006 to 2009 and of Northern Telecom France SA from 2005 to

2009, and was employed as Directeur, Financier D'Activité for NNSA

from 2000 to 2002, and in Financial Planning & Analysis for NNSA from

2000 to 2009.  In response to interrogatories, the EMEA Debtors have

identified Mr. Lesur as among those as among those persons affiliated

with them who are most knowledgeable regarding pre-petition asset sales,

which are among the factual predicates of the EMEA Claims.

(f)  Kishor Badiani was the EMEA Director of Taxes during the years 1997 to

2002.  In response to interrogatories, the EMEA Debtors have identified

Mr. Badiani as among those persons affiliated with them who are most knowledgeable regarding tax issues and allocation of customer revenues and customer service obligations among Nortel companies.  The U.K. Pension Claimants have identified Mr. Badiani as a member of the UK Pension Fund Policy Committee during the years 2000 to 2009.  In addition, documents reviewed to date by the U.S. Debtors and Canadian Debtors indicate that Mr. Badiani was involved in decision-making regarding intercompany financing, intercompany dividends, restructuring, pension funding, the management of NNUK, transfer pricing, and application of transfer pricing to acquired businesses.

(g)     Lorraine Harper (Smeaton) was Senior Tax Manager of EMEA from 2007 to 2009 and Leader of EMEA Tax from 2008 to 2009.  In response to interrogatories, the EMEA Debtors have identified Ms. Harper as among those persons affiliated with them who are most knowledgeable regarding taxation issues.  In addition, documents reviewed to date by the Canadian Debtors indicate that Ms. Harper was involved in discussions regarding tax issues, treatment of the transfer pricing regime and tax treatment of Nortel's business operations as well as mergers and acquisitions, intercompany loans, transaction avoidance, and dividend issuance.

(h)     Dara Gill was Counsel and Senior Counsel of Nortel from 2002 to 2009.  Mr. Gill also served as company secretary for NNUK and as a Director of other Nortel companies, including Northern Telecom PCN Limited, Nortel Networks AS, Nortel Networks Romania SRL ("NN Romania"), and

Nortel Networks Engineering Service Kft ("NN Hungary") from 2003 to 2008.  In response to interrogatories, the EMEA Debtors have identified Mr. Gill as among those persons affiliated with them who most knowledgeable regarding intercompany dividends.  In addition, documents reviewed to date by the Applicants indicate that Mr. Gill was involved in decision-making regarding pension funding, intercompany loans, transfer pricing, intercompany dividends, intercompany cash management, mergers and acquisitions, allocation of proceeds from the sale of businesses, restructuring, management and corporate governance of NNUK and other Nortel EMEA companies, and the Project Swift transactions.

10.     The Applicants have considered the requirements of the Courts of England and Wales in respect of Letters Rogatory directed to Sharon Rolston, Orla Fitzpatrick, Geoff Lloyd, Kishor Badiani, and Lorraine Harper, including the form in which the Letters Rogatory should be presented to the English Court and their permissible content. The Applicants believe that the Letters Rogatory are consistent with these requirements, as contained in the UK Evidence (Proceedings in Other Jurisdictions) Act 1975 (the "1975 Act") and Part 34 of the Civil Procedure Rules.  This Court is requested to issue the Letters Rogatory on this basis.

11.     The Applicants have considered the requirements of the Republic of France in respect of Letters Rogatory directed to Jean-Marie Lesur, including the form in which the Letters Rogatory should be presented to the French Ministry of Justice and their permissible content.  The Applicants believe that the Letters Rogatory are consistent with these requirements,

as contained in the Decree No. 75-250 of April 9, 1975 and the French Code of Civil Procedure, Articles 736-748.  This Court is requested to issue the Letters Rogatory on this basis.

12.    The applicants have considered the requirements of the laws of Sweden in respect of Letter Rogatory directed to Dara Gill, including the form in which the Letter Rogatory should be presented to the Swedish Central Authority (the Division for Criminal Cases and International Judicial Co-operation at the Ministry of Justice) and its permissible content.  The Applicants believe that the Letter Rogatory is consistent with the Swedish Act (SFS 1946:816) on Taking of Evidence on Behalf of a Foreign Court and Part Three of the Swedish Code of Judicial Procedure.  This Court is requested to issue the Letter Rogatory on this basis.

13.    The Applicants have considered the requirements of the Dutch Courts in respect of the Letter Rogatory directed to Rob Haitsma, including the form in which the Letter Rogatory should be presented to the Dutch Court and its permissible content.  The Applicants believe that the Letter Rogatory is consistent with these requirements, as contained in the Hague Convention Implementation Decree (Uitvoeringswet Haags Bewijsverdrag 1970) and the Dutch Code of Civil Procedure.  This Court is requested to issue the Letter Rogatory on this basis.

14.    The Applicants request that after this Court has signed the Letters Rogatory, they be returned to Derek C. Abbott and Ann C. Cordo of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19801, for forwarding, as applicable, to the Senior Master of the Supreme Court (Queen's Bench Division) acting as the Competent Judicial Authority of the United Kingdom; the Ministry of Justice (Ministère de la Justice), acting as the Competent Judicial Authority of France; the Division for Criminal Cases and International Judicial Co-operation (Ministry of Justice), acting as the Competent Judicial

Authority of Sweden, and the District Court in the Hague (Rechtbank Den Haag), acting as the Competent Judicial Authority of the Netherlands.

          WHEREFORE, the Applicants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letters Rogatory and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in each of the Letters Rogatory; (ii) directing that the Clerk of the Bankruptcy Court return the original, signed Letters Rogatory to Derek C. Abbott and Ann C. Cordo of Morris, Nichols, Arsht & Tunnell LLP, so that said Letters Rogatory may be issued to the Competent Judicial Authority of the United Kingdom; (iii) directing counsel for the U.S. Debtors to transmit the original, signed Letters Rogatory to the Competent Judicial Authorities of the United Kingdom, France, and the Netherlands, as applicable; and (iv) granting such other relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
       September 9, 2013

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

       -and-

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200

Facsimile: (302) 658-3989

*Counsel for the Debtors
And Debtors in Possession*

-and-

AKIN GUMP STRAUSS HAUER & FELD LLP
Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.


*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee
of Unsecured Creditors*

- and -

ALLEN & OVERY LLP

Ken Coleman (admitted *pro hac vice*)
Daniel Guyder (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

- and -

BUCHANAN INGERSOLL & ROONEY PC

*/s/ Kathleen A. Murphy*
Mary F. Caloway (No. 3059)
Kathleen A. Murphy (No. 5215)
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Canadian Debtors and Ernst &*
*Young Inc. as Monitor*