IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. 11236 and 11514, 11235
: 11562, 11568
:
---------------------------------------------------------X

ORDER GRANTING
DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO FILE UNDER SEAL EXHIBIT B TO
DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FED.
R. BANKR. P. 9023 AND 9024 AND FED. R. CIV. P. 59 AND 60 TO
CLARIFY AND AMEND THE ORDER GRANTING NORTEL
LTD EMPLOYEES' MOTIONS TO COMPEL DEBTORS
TO ADMIT CLAIMS FOR SEVERANCE AS VALID AND ISSUE PAYMENT

Upon the motion dated July 30, 2013 (the "Motion"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections

105(a) and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9018 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal **Exhibit B** (the "Schedule") to *Debtors' Motion Pursuant to 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9023 and 9024 and Fed. R. Civ. P. 59 and 60 to Clarify and Amend the Order Granting Nortel LTD Employees' Motions to Compel Debtors to Admit My Claim for Severance As Valid and Per Nortel Networks Severance Allowance Plan and Issue* filed on July 30, 2013 (the "Motion to Amend"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED. *as well as Debtors' Reply dated 9/3/13*

2. The Schedule, and any notices or certificates of service pertaining thereto that include the names or addresses of LTD Employees, delivered to the Court by the Debtors shall be kept segregated and under seal by the Clerk of Court and shall not be made publicly available pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rules 9018 and 9037 and Local Rule 9018-1(b).

3. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the

terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Sept. 10, 2013
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE