**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
----------------------------------------------------------X

## STIPULATION OF SETTLEMENT BY AND AMONG
## RADWARE LTD. AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and among Nortel Networks Inc. ("NNI") and Radware Ltd. ("Radware," and collectively with NNI, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009, and July 14, 2009, (the "Petition Dates"), NNI and the other Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered));

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases;

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, with each of their respective estates, the "Debtors"). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

WHEREAS, on February 20, 2009, the Debtors filed the *Debtors' Motion for Orders (I) Authorizing and Approving (A) Purchase Agreement, (B) Bidding Procedures, (C) Break-Up Fee and Expense Reimbursement, (D) Notice Procedures, (E) Assumption and Assignment Procedures, (F) Filing of Certain Schedules Under Seal and (G) Date for the Sale Hearing, and (II) Authorizing and Approving (A) Sale of Certain Non-Core Assets Free and Clear of All Liens, Claims and Encumbrances and (B) Assumption and Assignment of Certain Contracts* [D.I. 353] (the "Sale Motion") seeking approval of the sale of certain non-core assets (as more fully described in the Asset Purchase Agreement attached to the Sale Motion, the "Alteon Assets") to Radware pursuant to a stalking-horse purchase agreement, subject to the receipt of a higher or better offer;

WHEREAS, following the Bankruptcy Court's approval of the bidding procedures and the granting of certain related relief by order dated February 27, 2009 [D.I. 386], and the Debtors' subsequent marketing of the Alteon Assets to other parties, the Bankruptcy Court approved the sale of the Alteon Assets to Radware by order dated March 26, 2009 [D.I. 539];

WHEREAS, the sale of the Alteon Assets to Radware closed on March 31, 2009 (the "Closing");

WHEREAS, in connection with the Closing, on March 31, 2009, Radware entered into a Master Purchase and Sale Agreement (the "MPSA") with Nortel Networks Limited ("NNL"), which, among other things, set terms applicable to (i) the purchase by various Nortel entities of products and services related to the Alteon Assets post-Closing from Radware, and (ii) Radware's obligations to provide such products and services;

WHEREAS, on January 3, 2012, Radware delivered a letter to NNI, Nortel Networks Corp. ("NNC") and Avaya Inc., alleging that Nortel was liable for $6,376,650 on account of unpaid remittances owed to Radware under the MPSA (as amended, the "Demand");

WHEREAS, on March 7, 2012, Radware delivered a letter to NNI amending the amount identified in the Demand to $4,862,051 (the "Demand Amount");

WHEREAS, approximately $4,077,203 of the Demand Amount relates to agreements with customers of NNI, as opposed to those of other Nortel entities;

WHEREAS, NNI has informally asserted various defenses to payment of the full amount of the Demand Amount; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Demand, the Parties have agreed to this Stipulation to resolve their disputes.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree and stipulate as follows:

1. Court Approval. All provisions of this Stipulation are subject to the entry of a Final Order approving this Stipulation. For purposes of this Stipulation, "Final Order" means: (i) the entry by the Bankruptcy Court of an order approving this Stipulation, without modification of its terms (unless agreed to by the Parties in writing), pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's order approving this Stipulation, or if an appeal from an order is taken (A) the affirmance of such order in its entirety, without modification (unless agreed to by the Parties in writing), by the court of last resort to which an appeal of such order may be taken or (B)

withdrawal with prejudice of such appeal.  The date on which such order becomes a Final Order shall be the "Settlement Date" for purposes of this Stipulation.

2.	Resolution of Demand.  NNI shall pay $780,000 to Radware Ltd. (the "Payment") within ten (10) business days after the Settlement Date in accordance with the wiring instructions attached hereto as Schedule 1.

3.	Release of Debtors.  Effective upon the Settlement Date, Radware and its affiliates hereby release and forever discharge the Debtors and their subsidiaries, general partners, limited partners, directors, officers, employees, agents and attorneys, and each of their predecessors, successors and assigns, from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, costs and expenses (including, without limitation, attorneys' fees) whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that any of Radware or its affiliates now has, had, may have had, or hereafter may have against any of the Debtors and each of their subsidiaries (together, the "Debtor Releasees") arising from or related to the MPSA and the Demand.

4.	Release of Radware. Effective upon the Settlement Date, NNI hereby releases and forever discharges Radware and its subsidiaries, general partners, limited partners, directors, officers, employees, agents and attorneys, and each of their predecessors, successors and assigns, from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, costs and expenses (including, without limitation, attorneys' fees) whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that NNI now has,

had, may have had, or hereafter may have against Radware or its affiliates (together, the "Radware Releasees") arising from or related to the MPSA and the Demand.

5. Release Waiver.  With respect to the releases provided herein, the Parties further acknowledge and expressly waive the benefit of any statutory provision or common law rule that provides that a release does not extend to claims that a party does not know or suspect to exist in its favor at the time of execution, including, without limitation, the provisions of California Civil Code Section 1542.

6. No Further Claims.  On the Settlement Date (a) Radware shall be forever barred from filing or otherwise asserting any further claim or cause of action against any of the Debtors in the Debtors' chapter 11 cases with respect to the matters released pursuant to paragraph 3, and (b) the Debtors shall be forever barred from filing or otherwise asserting any claim or cause of action against Radware with respect to the matters released pursuant to paragraph 4.

7. Radware Indemnity.  Except as set forth in this Stipulation, Radware hereby agrees to indemnify, defend and hold harmless each of the Debtors from and against any and all actions, suits, claims, proceedings, costs, damages, losses, liabilities, judgments, amounts, taxes, fines, penalties, levies, compensations paid in settlement, and expenses (including without limitation reasonable attorneys' fees and disbursements), resulting from a claim, demand, lawsuit, action or proceeding initiated by Radware, relating to, arising from or in connection with the matters set forth in the Demand or the MPSA (a "Radware Action"), and any claim, demand, lawsuit, action or proceeding initiated by any party against the Debtors relating to, arising from or in connection with any such Radware Action.

8. Binding Effect.  This Stipulation shall be binding, in accordance with its terms, upon the Parties, and their respective successors and assigns.

9. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement among the Parties and supersedes all prior or contemporaneous written or oral communications, understandings or agreements with respect to the subject matter hereof, and this Stipulation cannot be amended except by an authorized written agreement among the Parties.

10. <u>No Transfer</u>.  Radware represents that it has not sold, assigned or otherwise transferred the Demand or any of the rights being released pursuant to this Stipulation to a third party.

11. <u>No Admissions</u>.  Each Party acknowledges and agrees that this is a settlement and that nothing herein constitutes an admission or concession of any fact or legal issue raised in or relating to the Demand, and shall not be admissible as evidence in any court of law or other legal proceeding for any purpose, other than for the purpose of enforcing this Stipulation.

12. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

13. <u>Governing Law</u>.  This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York without regard to the rules of conflict of laws of any other jurisdiction that would cause any laws other than the laws of the State of New York to be applied.

14. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation or enforcement of this Stipulation and any disputes arising hereunder or with respect hereto.

15. <u>Jury Waiver</u>.  Each Party hereby waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in respect of any litigation directly or indirectly arising out of, under or in connection with this Stipulation or any transaction contemplated hereby or thereby.  Each Party (i) certifies that no representative, agent or attorney of any other Party has represented, expressly or otherwise, that such other Party would not, in the event of litigation, seek to enforce the foregoing waiver and (ii) acknowledges that it and the other Parties hereto have been induced to enter into this Stipulation, by, among other things, the mutual waivers and certifications in this paragraph.

16. <u>Signing Authority</u>.  The Parties represent and warrant to each other that the signatories to this Stipulation on their respective behalf have full power and authority to enter into this Stipulation.

17. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

18. <u>Court Approval</u>.  In the event this Stipulation is not approved by the Bankruptcy Court, all of the rights and defenses of each Party, including those with respect to the Demand, are reserved; no provision hereof (other than this paragraph) shall be of any further force or effect; and this proposed settlement shall not constitute an admission by any Party of any matter for any purpose.

*[Remainder of page intentionally left blank; signature page follows]*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: August 28, 2013

| NORTEL NETWORKS INC. | RADWARE LTD. |
|---|---|
| By: *[signature]* | By: *[signature]* |
| John Ray | |
| Principal Officer | |

## **Schedule 1**

**Bank Hapoalim,**
**Atidim Branch No. 765**
**Dvora Hanevia St.**
**Bldg. No. 4, Kiriat Atidim,**
**Tel Aviv 61580**
**Israel**
**Account name: Radware Ltd.**
**22 Raoul Wallenberg St.**
**Tel Aviv 69710**
**Israel**
**Account No. 420554**
**IBAN: IL100127650000000420554**
**Swift Code: POALILITXXX**