**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
: Chapter 11
*In re* :
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : (Jointly Administered)
:
: **RE: D.I.s 11577, 11655, 11707**
----------------------------------------------------------X

**[PROPOSED] ORDER REGARDING CERTAIN DISCOVERY DISPUTES**

Upon consideration of the discovery disputes raised by the U.S. Debtors and the Official Committee of Unsecured Creditors (together, the "U.S. Interests"[2]) by letter dated September 11, 2013, the responsive letter of the EMEA Debtors dated September 16, 2013, the reply letter of the U.S. Interests dated September 18, 2013 and the hearings held by the Court and the arguments made by the Parties on September 18, 2013 and September 20, 2013, it is hereby ORDERED:

1) In order to resolve the Discovery Dispute regarding the Joint Administrators' responses to certain Consolidated Interrogatories, the Parties agree that the Joint Administrators will provide supplemental responses (the "Supplemental Interrogatory Responses") to identify

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

[2] Capitalized terms used in this Order but not otherwise defined shall have the meanings ascribed to them in the Deposition Protocol approved by this Court by Order dated August 26, 2013 (the "Deposition Protocol").

persons knowledgeable about certain topics who are associated with the individual EMEA Claimants[3] and therefore, the Court defers ruling at this time. The Parties further agree to meet and confer immediately regarding the scope and timing of the Supplemental Interrogatory Responses and, failing agreement, either party may seek a prompt ruling by the Court. For the avoidance of doubt, the Parties agree that the Joint Administrators shall serve the Supplemental Interrogatory Responses on all Discovery Participants;

2) in order to resolve the Discovery Dispute regarding the U.S. Debtors' designation of certain Joint Administrators and the French Liquidator for deposition, the Parties agree that the Joint Administrators will produce Alan Robert Bloom, a Joint Administrator, for deposition in London, and Cosme Rogeau, the French Liquidator, for deposition in Paris, and Christopher John Wilkinson Hill, a Joint Administrator, on mutually convenient dates pursuant to paragraph D.6 of the Deposition Protocol. The Parties further agree that Mr. Hill will be scheduled for deposition to occur after Messrs. Bloom and Rogeau, and that following the depositions of Messrs. Bloom and Rogeau, the Parties will meet and confer in good faith regarding the necessity of deposing Mr. Hill. The Parties further agree that the foregoing is without prejudice to the Joint Administrators' right to argue to the Courts that Mr. Hill's deposition would be cumulative and unnecessary in light of all other testimony in the case. The Parties reserve all of their rights under the Discovery Plan and Deposition Protocol to seek leave to designate additional fact witnesses upon a showing of good cause;

---

[3] The EMEA Claimants are: The EMEA Debtors, Nortel Networks AS; Nortel Networks A.G; Nortel Networks South Africa (Proprietary) Limited; Nortel Networks Optical Components Limited; Northern Telecom France S.A.; Northern Telecom PCN Limited.

2

3) with respect to the Representative Depositions, the Parties agree that paragraph G.3.b of the Deposition Protocol is hereby amended as follows:

> With respect to the EMEA Claimants other than NNUK, the Discovery Participants shall have the right to a distinct examination of each such Claimant; however, the EMEA Claimants shall not be obligated to designate a different Representative Witness for each Claimant.  No specific time limits shall be placed on these Representative Depositions at this time, but the parties shall confer in good faith to reach agreement on such limits first after notices of topics are exchanged and, failing agreement, second, after conducting the first few such depositions as samples to be better able to determine a reasonable amount of time, failing which the Court shall be available (telephonically, if necessary) to set appropriate limits.

The testimony of any Representative Witness for any EMEA Claimant, other than NNUK, shall be admissible against only the EMEA Claimant in respect of which the testimony is taken.  The EMEA Claimants, U.S. Debtors, and Canadian Debtors disagree at this time whether each EMEA Claimant other than NNUK should be entitled to conduct a separate Representative Deposition of the U.S. Debtors and Canadian Debtors, and the Parties further agree to meet and confer in good faith to reach agreement regarding that issue and reserve all rights in connection therewith.  In the event each EMEA Claimant does get such right, either by agreement or further order of the Court, the examination of Representative Witnesses by any EMEA Claimant other than NNUK shall be limited to issues unique to that EMEA Claimant and shall only be admissible with respect to the claims of that EMEA Claimant;

3

4) with respect to the documents sought by the U.S. Interests from Ernst & Young LLP ("E&Y UK"), the Court does not assert jurisdiction over E&Y UK, but pursuant to its undisputed authority over the EMEA Claimants, orders the Joint Administrators to take all necessary steps to obtain and produce the E&Y UK documents sought in the letters rogatory previously approved by this Court and, if unsuccessful, to submit an affidavit of the Joint Administrators no later than October 4, 2013 detailing all steps taken by the Joint Administrators and the consequences imposed upon E&Y UK for refusing to follow its client's instructions. For the avoidance of doubt, the EMEA Claimants shall have no obligation pursuant to this order other than to take all necessary steps to obtain and produce the E&Y UK documents;

5) in order to minimize the prejudice to the U.S. Interests of the EMEA Claimants' recent production of approximately 375,000 documents (representing more than half of their entire non-privileged production, a fact undisputed by the EMEA Claimants in their submission) despite certifying the "substantial completion" of their document production on July 22, 2013 and not having advised the U.S. Interests of the magnitude of the inaccuracy of that certification when the U.S. Interests agreed to the extension of the schedule requested by the EMEA Claimants and approved by the Court, the Court orders the following:

    a. the Court finds that volume of documents produced by the EMEA Claimants this month, including relative to its prior productions, would result in prejudice to the ability of the U.S. Interests to prepare for depositions in defense of the EMEA Claims if unremedied and, accordingly, constitutes good cause at this time to keep open the cross examinations by the U.S. Interests at the depositions of the EMEA

witnesses until the U.S. Interests have had a full and fair opportunity to review these documents.  In light of the fact that the EMEA witnesses are overseas and their attendance could be difficult, if not impossible, to be secured in a timely and cost-effective manner on short notice, the Court has determined that it is necessary to address a remedy for this matter at this time;

b.  the conclusion of the cross examinations by the U.S. Interests shall take place in the United Kingdom during the week of December 1, 2013, the penultimate week of fact depositions under the Discovery Plan, where the U.S. Interests, to the extent they have determined that such continued examinations are necessary in light of additional documents produced, may examine witnesses for up to two additional hours per witness (and limited in the aggregate to the number of witnesses that can be reasonably completed during a single week), which examinations shall be limited to documents produced by the EMEA Claimants in September 2013 or thereafter (or the contents thereof and the matters referred to therein), with such time being divided consensually with other Discovery Participants adverse to the EMEA Claimants.  So as to provide sufficient notice to ensure their appearance, the EMEA Claimants shall advise their witnesses at this time of the possible need to re-appear for up to two hours on a day of the witness's selection during the week of December 1, 2013, and on or before November 17, 2013, the U.S. Interests shall designate the individuals for whom they request additional time.

6) This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2013
      Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE