**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS INC., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

### CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER RESOLVING CERTAIN DISCOVERY DISPUTES AND DENYING RELATED RELIEF

The undersigned counsel for the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators")[2] for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, the "EMEA Debtors")[3] located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings under the Insolvency Act 1986, pending before the High Court of Justice of England and Wales, hereby certifies as follows regarding the proposed *Order Resolving Certain Discovery Disputes and Denying Related Relief*, which is attached hereto as **Exhibit 1** (the "Proposed Order"):

---

1. The debtors in these proceedings (the "U.S. Debtors") are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

2. The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited ("NNIR"), are Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the English proceedings for NNIR are Alan Robert Bloom and David Martin Hughes.

3. The EMEA Debtors are: NNUK; NNIR; Nortel Networks S.A. ("NNSA"); Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o.

01:14145347.1

1. On May 17, 2013, the U.S. Court approved the Order Entering Allocation Protocol [D.I. 10565] and Order Entering Litigation Timetable and Discovery Plan [D.I. 10566].[4] On May 15, 2013, the Canadian Court entered substantially similar orders.

2. The Core Parties subsequently negotiated an Agreed Set of Consolidated Document Requests and Interrogatories.

3. On August 26, 2013, the U.S. Court entered an Order Modifying Scheduling Orders in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims [D.I. 11437], which modified the schedule set forth in the Allocation Protocol and the Litigation Timetable and Discovery Plan. On August 27, 2013, the Canadian Court entered a substantially similar order.

4. On August 26, 2013, the U.S. Court entered an Order Approving Deposition Protocol [D.I. 11439], giving effect to the Core Parties' agreement on procedures to apply in connection with depositions or examinations regarding Allocation, US Claims, and Canadian Claims. On August 27, 2013, the Canadian Court entered a substantially similar order.

5. On September 11, 2013, the U.S. Debtors sent a letter to the U.S. Court seeking relief in connection with five discovery disputes (the "Discovery Disputes") with the Joint Administrators.

6. On September 11, 2013, the Joint Administrators sent a letter to the U.S. Court requesting leave to respond to the U.S. Debtors' letter on September 16, 2013. On September 12, 2013, the U.S. Court, by electronic mail to counsel for the U.S. Debtors and the Joint Administrators, set September 16 as the deadline for the Joint Administrators' response and

---

4. Capitalized terms used but not defined herein shall have the meanings given to them in the Allocation Protocol, the Litigation Timetable, or the Deposition Protocol, as applicable.

01:14145347.1

agreed to address the Discovery Disputes at a joint hearing with the Canadian Court scheduled for September 18.

7. On September 16, 2013, the Joint Administrators sent a letter to the U.S. Court stating their positions with respect to the Discovery Disputes.

8. On September 18, 2013, the U.S. Debtors sent a further letter to the U.S. Court in response to the Joint Administrators' letter.

9. On September 18, 2013 and September 20, 2013, joint hearings were held during which the Courts heard argument on the Discovery Disputes.

10. Counsel for the U.S. Debtors and the Joint Administrators have met and conferred, including with the assistance of the U.S. Court, in a good-faith effort to resolve the Discovery Disputes. As a result of these discussions, the U.S. Debtors and Joint Administrators have reached agreement on the resolution of three of the five Discovery Disputes, as reflected in the Proposed Order. The U.S. Debtors and the Joint Administrators were unable to reach agreement on two of the five Discovery Disputes, and the Joint Administrators respectfully request that the Court deny the relief sought by the U.S. Debtors as set forth in the Proposed Order.

[*Remainder of the page intentionally left blank.*]

WHEREFORE, the Joint Administrators respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit 1** and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
September 23, 2013

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jaime Luton Chapman
Edwin J. Harron (No. 3396)
John T. Dorsey (No. 2988)
Jaime Luton Chapman (No. 4936)

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253

– and –

HUGHES HUBBARD & REED LLP

Derek J.T. Adler (admitted *pro hac vice*)
Neil J. Oxford (admitted *pro hac vice*)
Fara Tabatabai (admitted *pro hac vice*)
Charles H. Huberty (admitted *pro hac vice*)

One Battery Park Plaza
New York, New York 10004
Telephone: 212-837-6000
Facsimile: 212-422-4726

– and –

HERBERT SMITH FREEHILLS LLP

John Whiteoak
James Norris-Jones

Exchange House
Primrose Street
London EC2A 2HS
Telephone: +44 20 7374 8000
Facsimile: +44 20 7374 0888

01:14145347.1

4

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS INC., *et al.*,<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

**ORDER RESOLVING CERTAIN DISCOVERY**
**DISPUTES AND DENYING RELATED RELIEF**

Upon consideration of the submissions regarding certain discovery disputes (the "Discovery Disputes") made by Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"),[1] and the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators,"[2] and together with the U.S. Debtors, the "Parties") for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, the "EMEA Debtors")[3] located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings under the Insolvency Act 1986,

---

1. The U.S. Debtors are: NNI (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

2. The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited ("NNIR"), are Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the English proceedings for NNIR are Alan Robert Bloom and David Martin Hughes.

3. The EMEA Debtors are: NNUK; NNIR; Nortel Networks S.A. ("NNSA"); Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o.

01:14145401.1

pending before the High Court of Justice of England and Wales; and upon the record of the hearings held September 18, 2013 and September 20, 2013 to consider the Discovery Disputes; and due and sufficient notice having been given under the circumstances and it appearing that no other or further notice need be given; and after due deliberation; and it appearing that good and sufficient cause exists;

IT IS HEREBY ORDERED THAT:

1. In order to resolve the Discovery Dispute regarding the Joint Administrators' responses to certain Consolidated Interrogatories, the Parties agree that the Joint Administrators will provide supplemental responses (the "<u>Supplemental Interrogatory Responses</u>") to identify persons knowledgeable about certain topics who are associated with the individual EMEA Claimants[4] and therefore, the Court defers ruling at this time. The Parties further agree to meet and confer immediately regarding the scope and timing of the Supplemental Interrogatory Responses and failing agreement, either party may seek a prompt ruling by the Court. For the avoidance of doubt, the Parties agree that the Joint Administrators shall serve the Supplemental Interrogatory Responses on all Discovery Participants.

2. In order to resolve the Discovery Dispute regarding the U.S. Debtors' designation of certain Joint Administrators and the French Liquidator for deposition, the Parties agree that the Joint Administrators will produce Alan Robert Bloom, a Joint Administrator, for deposition in London, and Cosmé Rogeau, the French Liquidator, for deposition in Paris, and Christopher John Wilkinson Hill, a Joint Administrator, on mutually convenient dates pursuant to paragraph D.6 of the Deposition Protocol. The Parties further agree that Mr. Hill will be

---

4. The EMEA Claimants are: the EMEA Debtors; Nortel Networks AS; Nortel Networks A.G.; Nortel Networks South Africa (Proprietary) Limited; Nortel Networks Optical Components Limited; Northern Telecom France S.A.; Northern Telecom PCN Limited.

01:14145401.1

scheduled for deposition to occur after Messrs. Bloom and Rogeau, and that following the depositions of Messrs. Bloom and Rogeau, the Parties will meet and confer in good faith regarding the necessity of deposing Mr. Hill.  The Parties further agree that the foregoing is without prejudice to the Joint Administrators' right to argue to the Courts that Mr. Hill's deposition would be cumulative and unnecessary in light of all other testimony in the case.  The Parties reserve all of their rights under the Discovery Plan and Deposition Protocol to seek leave to designate additional fact witnesses upon a showing of good cause.

        3.     In order to resolve the Discovery Dispute with regard to Representative Depositions, the Parties agree that paragraph G.3.b of the Deposition Protocol is hereby amended as follows:

> With respect to the EMEA Claimants other than NNUK, the Discovery Participants shall have the right to a distinct examination of each such Claimant; however, the EMEA Claimants shall not be obligated to designate a different Representative Witness for each Claimant. No specific time limits shall be placed on these Representative Depositions at this time, but the parties shall confer in good faith to reach agreement on such limits first after notices of topics are exchanged and failing agreement, second, after conducting the first few such depositions as samples to be better able to determine a reasonable amount of time, failing which the Courts shall be available (telephonically, if necessary) to set appropriate limits;

The testimony of any Representative Witness for any EMEA Claimant, other than NNUK, shall be admissible against only the EMEA Claimant in respect of which the testimony is taken.  The EMEA Claimants, U.S. Debtors, and Canadian Debtors disagree at this time whether each EMEA Claimant other than NNUK should be entitled to conduct a separate Representative Deposition of the U.S. Debtors and Canadian Debtors, and the Parties further agree to meet and confer in good faith to reach agreement regarding that issue and reserve all rights in connection therewith.  In the event each EMEA Claimant does get such right, either by agreement or further

01:14145401.1

3

order of the Court, the examination of Representative Witnesses by any EMEA Claimant other than NNUK shall be limited to issues unique to that EMEA Claimant and shall only be admissible with respect to the claims of that EMEA Claimant.

4. The U.S. Debtors' request for relief from this Court regarding certain non-party disclosures sought by the U.S. Debtors from Ernst & Young LLP ("E&Y UK") is hereby DENIED with prejudice.

5. The U.S. Debtors' request that the depositions of certain Voluntary Witnesses produced by the Joint Administrators be left open pending the U.S. Debtors' review of documents produced by the Joint Administrators is DENIED without prejudice to the rights of any Discovery Participant to seek agreement or an order from the appropriate Court or Courts regarding the designation of additional fact witnesses or the recall of previously deposed fact witnesses for good cause shown, as contemplated by section 6(b) of the Discovery Plan and paragraph D.4 of the Deposition Protocol.

6. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2013
      Wilmington, Delaware

                                      THE HONORABLE KEVIN GROSS
                                      CHIEF UNITED STATES BANKRUPTCY JUDGE