
Attorneys & Government Relations Professionals

**Kathleen A. Murphy**
302 552 4214
kathleen.murphy@bipc.com

1105 North Market Street
Suite1900
Wilmington, DE  19801-1228
T 302 552 4200
F 302 552 4295
www.buchananingersoll.com

September 24, 2013

The Honorable Kevin Gross
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

  Re: *In re Nortel Networks Inc., et. al.*, Case No. 09-10138 (KG)

Dear Chief Judge Gross,

  We write on behalf of the Monitor and the Canadian Debtors with respect to the two proposed orders filed with the Court on September 22, 2013, by counsel to the debtors in the above-referenced cases (the "**U.S. Debtors**") and the court-appointed administrators and authorized foreign representatives (collectively, the "**Joint Administrators**") for Nortel Networks UK Limited and certain of its affiliates (collectively, the "**EMEA Debtors**") regarding certain discovery disputes (the "**Discovery Disputes**") currently before the Court (the "**U.S. Proposed Order**" and the "**EMEA Proposed Order**" respectively, and together the "**Proposed Orders**").[1] The Proposed Orders represent each of the U.S. Debtors', on behalf of the U.S. Interests (as defined in the U.S. Proposed Order) and the Joint Administrators', on behalf of the EMEA Claimants (as defined in U.S. Proposed Order), proposed resolution of the Discovery Disputes.[2]

  We did not have the opportunity to review the language of the Proposed Orders until each was submitted to the Court yesterday. While the Monitor and the Canadian Debtors generally support the resolution of the Discovery Disputes in the manner contemplated by the U.S. Proposed Order, we submit that four minor revisions to such order (as outlined below) should be incorporated to address the previously expressed concerns of the Monitor and the Canadian Debtors. They are as follows:

---

[1] The U.S. Proposed Order is attached as Exhibit A to the Certification of Counsel for the Proposed Order Regarding Certain Discovery Disputes, dated September 23, 2013. [Dkt. No. 11752]. The EMEA Proposed Order is attached as Exhibit 1 to the Certification of Counsel Regarding Proposed Order Resolving Certain Discovery Disputes and Denying Related Relief, dated September 23, 2013. [Dkt. No. 11753].

[2] Capitalized terms used in this letter but not otherwise defined shall have the meanings ascribed to them in the Deposition Protocol approved by this Court by its Order dated August 26, 2013 (the "**Deposition Protocol**") [Dkt. No. 11439].

September 24, 2013
Page - 2 -

- Throughout the U.S. Proposed Order the term "Parties" is used but not defined. Given that the resolution of these discovery disputes will impact the Monitor and the Canadian Debtors' defense of the claims asserted against the Canadian Debtors by the EMEA Debtors and potentially the allocation litigation, the defined term "Parties" should include the Monitor and the Canadian Debtors, if not all of the other Discovery Participants.

- Section 1 of the U.S. Proposed Order provides that "[i]n order to resolve the Discovery Dispute regarding the Joint Administrators' responses to certain Consolidated Interrogatories, the Parties agree that the Joint Administrators will provide supplemental responses (the "Supplemental Interrogatory Responses") to identify persons knowledgeable about certain topics who are associated with the individual EMEA Claimants and therefore, the Court defers ruling at this time." It is unclear from the foregoing what "certain Consolidated Interrogatories" and "certain topics" refer to. The precise interrogatories and topics that will be the subject of the Supplemental Interrogatory Responses should be identified to the other parties in interest in these litigations. Counsel to the U.S. Debtors have advised they will be providing a list of the specific interrogatories the EMEA Debtors have agreed to provide supplemental responses in respect of. Subject to receipt and review of this list, the Monitor and Canadian Debtors expect this issue will be resolved.

- At several points in the U.S. Proposed Order reference is made to "the Court" in the singular. For example, the U.S. Proposed Order contemplates that in the event agreement cannot be reached regarding the timing and scope of the Supplemental Interrogatory Responses a party may seek a ruling by "the Court." We understand this to refer only to this Court. We submit that consistent with the practice in these proceedings to date and in light of the impact these types of discovery disputes have on litigants in both the U.S. and Canadian claims and allocation litigations, relief should be sought wherever appropriate from both this Court and the Canadian Court, in the context of a joint hearing if necessary.

- Section 3 of both the U.S. Debtors and the Joint Administrators submissions provide that the "[t]estimony of any Representative Witness for any EMEA Claimant, other than the NNUK, shall be *admissible against only* the EMEA Claimant in respect of which the testimony is taken." (relevant language highlighted in bold.) The proposed language, however, would restrict the parties from proffering the evidence provided by one EMEA Claimant to highlight any inconsistency in the testimony offered by another EMEA Claimant. To address this issue, the Monitor and the Canadian Debtors propose that that following language be added to the second sentence of paragraph 3: "**Except for inconsistencies**, the testimony of any Representative Witness for any EMEA Claimant, other than NNUK, shall be admissible against only the EMEA Claimant in respect of which the testimony is taken."

September 24, 2013
Page - 3 -

    We respectfully request that the Court consider the foregoing when finalizing any order to be entered with respect to the Discovery Disputes.

Very truly yours,

Kathleen A. Murphy (No. 5215)

KAM/
1027550-001116