
Hughes
Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

September 25, 2013

**VIA HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
824 North Market Street, Sixth Floor
Wilmington, Delaware 19801

   Re: *In re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Chief Judge Gross:

   We write on behalf of the Joint Administrators of the EMEA Debtors in response to the September 24, 2013 letters to Your Honor from counsel for the Monitor and Canadian Debtors (the "Monitor Letter") and counsel for the U.S. Debtors on behalf of the U.S. Interests, with respect to revisions requested to proposed orders filed with the Court on September 23, 2013 by the Joint Administrators (the "EMEA Proposed Order") and the U.S. Interests (the "U.S. Proposed Order").

   The Joint Administrators have no objection to the Court entering the EMEA Proposed Order incorporating the revisions requested in the Monitor Letter that relate to (i) expanding the definition of the term "Parties" to include all Discovery Participants; (ii) providing other Discovery Participants with a list of the specific Supplemental Interrogatory Responses to be served by the Joint Administrators; and (iii) clarifying that references to "the Court" do not limit any party's right to seek relief wherever appropriate, whether from this Court, the Canadian Court, or in a joint hearing.

   However, the Joint Administrators object to the final revision requested in the Monitor Letter, which would add the following language to the second sentence of paragraph 3: "**Except for inconsistencies**, the testimony of any Representative Witness for any EMEA Claimant, other than NNUK, shall be admissible against only the EMEA Claimant in respect of which the testimony is taken." As the Court is aware, paragraph 3, which appears in both Proposed Orders, represents an agreement between the Joint Administrators and the U.S. Debtors to resolve their ongoing discovery dispute regarding Representative Depositions. In exchange for agreeing to produce a distinct Representative Witness on behalf of each EMEA Claimant for Representative Deposition by the Discovery Participants, a concession that will certainly benefit

the Monitor and Canadian Debtors in addition to the U.S. Interests, the Joint Administrators negotiated the language in question to prevent the testimony of one EMEA Claimant from being used against another EMEA Claimant.

The exception advocated by the Monitor Letter would destroy much of the bargained-for benefit of this provision by making the testimony of one EMEA Claimant admissible against another EMEA Claimant if their testimony is inconsistent. However, the EMEA Claimants have submitted separate claims involving separate parties and, as the U.S. Interests have noted, "each EMEA Claimant stands in its own unique position, with its own unique factual allegations and its own causes of action that they allege are governed by separate legal regimes." (U.S. Sept. 18 Letter at 5.) Indeed, the very basis on which the U.S. Interests have demanded a distinct Representative Witness is that "each of the EMEA Claimants filed their own pleadings . . . alleging their own specific facts." (U.S. Sept. 11 Letter at 8.) Given that the U.S. Interests have consistently taken the position that the EMEA Claimants are separate entities with separate claims, it would be inappropriate, and a fundamental change to the rules of evidence, for the testimony of one EMEA Claimant to be admissible against another and the revision suggested in the Monitor Letter should not be reflected in the Proposed Orders.

Respectfully,

Neil J. Oxford

2