UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS INC., *et al.*,<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>(Jointly Administered)<br><br>**D.I. Nos. 11575, 11577, 11752 & 11753** |

## ORDER RESOLVING CERTAIN DISCOVERY DISPUTES AND DENYING RELATED RELIEF

Upon consideration of the submissions regarding certain discovery disputes (the "Discovery Disputes") made by Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"),[1] and the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators,"[2] and together with the U.S. Debtors, the Monitor in the Canadian cases and the Canadian Debtors, the "Parties") for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, the "EMEA Debtors")[3] located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings under the Insolvency Act 1986, pending before the High Court

---

1. The U.S. Debtors are: NNI (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

2. The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited ("NNIR"), are Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the English proceedings for NNIR are Alan Robert Bloom and David Martin Hughes.

3. The EMEA Debtors are: NNUK; NNIR; Nortel Networks S.A. ("NNSA"); Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o.

of Justice of England and Wales; and upon the record of the hearings held September 18, 2013 and September 20, 2013 to consider the Discovery Disputes; and due and sufficient notice having been given under the circumstances and it appearing that no other or further notice need be given; and after due deliberation; and it appearing that good and sufficient cause exists;

IT IS HEREBY ORDERED THAT:

1. In order to resolve the Discovery Dispute regarding the Joint Administrators' responses to certain Consolidated Interrogatories, the Parties agree that the Joint Administrators will provide supplemental responses (the "<u>Supplemental Interrogatory Responses</u>") to identify persons knowledgeable about certain topics who are associated with the individual EMEA Claimants[4] and therefore, the Courts defer ruling at this time. The Parties further agree to meet and confer immediately regarding the scope and timing of the Supplemental Interrogatory Responses and failing agreement, either party may seek a prompt ruling by the Courts. For the avoidance of doubt, the Parties agree that the Joint Administrators shall serve the Supplemental Interrogatory Responses on all Discovery Participants. The U.S. Debtors shall provide to the Discovery Participants who request it, a list of the precise interrogatories and topics which are to be the subject of the Supplemental Interrogatory Responses.

2. In order to resolve the Discovery Dispute regarding the U.S. Debtors' designation of certain Joint Administrators and the French Liquidator for deposition, the Parties agree that the Joint Administrators will produce Alan Robert Bloom, a Joint Administrator, for deposition in London, and Cosmé Rogeau, the French Liquidator, for deposition in Paris, and

---

4. The EMEA Claimants are: the EMEA Debtors; Nortel Networks AS; Nortel Networks A.G.; Nortel Networks South Africa (Proprietary) Limited; Nortel Networks Optical Components Limited; Northern Telecom France S.A.; Northern Telecom PCN Limited.

Christopher John Wilkinson Hill, a Joint Administrator, on mutually convenient dates pursuant to paragraph D.6 of the Deposition Protocol. The Parties further agree that Mr. Hill will be scheduled for deposition to occur after Messrs. Bloom and Rogeau, and that following the depositions of Messrs. Bloom and Rogeau, the Parties will meet and confer in good faith regarding the necessity of deposing Mr. Hill. The Parties further agree that the foregoing is without prejudice to the Joint Administrators' right to argue to the Courts that Mr. Hill's deposition would be cumulative and unnecessary in light of all other testimony in the case. The Parties reserve all of their rights under the Discovery Plan and Deposition Protocol to seek leave to designate additional fact witnesses upon a showing of good cause.

3. In order to resolve the Discovery Dispute with regard to Representative Depositions, the Parties agree that paragraph G.3.b of the Deposition Protocol is hereby amended as follows:

> With respect to the EMEA Claimants other than NNUK, the Discovery Participants shall have the right to a distinct examination of each such Claimant; however, the EMEA Claimants shall not be obligated to designate a different Representative Witness for each Claimant. No specific time limits shall be placed on these Representative Depositions at this time, but the parties shall confer in good faith to reach agreement on such limits first after notices of topics are exchanged and failing agreement, second, after conducting the first few such depositions as samples to be better able to determine a reasonable amount of time, failing which the Courts shall be available (telephonically, if necessary) to set appropriate limits;

Except as the Courts may rule, the testimony of any Representative Witness for any EMEA Claimant, other than NNUK, shall be admissible against only the EMEA Claimant in respect of which the testimony is taken. The EMEA Claimants, U.S. Debtors, and Canadian Debtors disagree at this time whether each EMEA Claimant other than NNUK should be entitled to conduct a separate Representative Deposition of the U.S. Debtors and Canadian Debtors, and the

3

Parties further agree to meet and confer in good faith to reach agreement regarding that issue and reserve all rights in connection therewith. In the event each EMEA Claimant does get such right, either by agreement or further order of the Court, the examination of Representative Witnesses by any EMEA Claimant other than NNUK shall be limited to issues unique to that EMEA Claimant and shall only be admissible with respect to the claims of that EMEA Claimant.

4. The U.S. Debtors' request for relief from this Court regarding certain non-party disclosures sought by the U.S. Debtors from Ernst & Young LLP ("E&Y UK") is hereby DENIED without prejudice. The U.S. Debtors may ask the Joint Administrators at their depositions to discuss their efforts to obtain the E&Y UK documents at issue. If appropriate, the U.S. Debtors may thereafter seek relief from the Courts.

5. The U.S. Debtors' request that the depositions of certain Voluntary Witnesses produced by the Joint Administrators be left open pending the U.S. Debtors' review of documents produced by the Joint Administrators is DENIED without prejudice to the rights of any Discovery Participant to seek agreement or an order from the appropriate Court or Courts regarding the designation of additional fact witnesses or the recall of previously deposed fact witnesses for good cause shown, as contemplated by section 6(b) of the Discovery Plan and paragraph D.4 of the Deposition Protocol. Any such depositions shall be taken the week of December 1, 2013.

6. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

Dated: September 25, 2013
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS, U.S.B.J.