IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
: Chapter 11
:
*In re* : Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.*, : Jointly Administered
:
Debtors. : **Hearing Date:** TBD
------------------------------------------------------X

## JOINT APPLICATION FOR ISSUANCE OF
## INTERNATIONAL LETTERS OF REQUEST (LETTERS ROGATORY)

Nortel Networks Inc. ("NNI"), and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "U.S. Debtors"), together with the Official Committee of Unsecured Creditors (the "Committee," and collectively with the U.S. Debtors, the "Applicants"), respectfully petition this Court pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention"), for the issuance of letters of request (the "Letters Rogatory") in the form annexed hereto as Exhibits B through E, addressed to the Senior Master of the Supreme Court (Queen's Bench Division) acting as the Competent Judicial Authority of the United Kingdom, requesting that the Senior Master cause the Letters Rogatory to be served upon the designated recipients, who served as or were employed by auditors, actuaries or advisers to (i) Nortel Networks UK Limited ("NNUK") or the other EMEA Debtors (as defined hereinafter); and/or (ii) Nortel Networks UK Pension Trust Limited (the "U.K Pension Trustee") as trustee of the Nortel Networks UK Pension Plan. In support thereof, the Applicants respectfully represent as follows:

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the U.S. Debtors other than NN CALA filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.

2. Also on January 14, 2009, the Canadian Debtors filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors (collectively, the "Canadian Proceedings"), and the Monitor, Ernst & Young Inc. was appointed by the Canadian Court.

3. On the same date, upon the request of NNUK and eighteen of its affiliates in the EMEA Region (the "EMEA Debtors"), the High Court of Justice of England and Wales (the "English Court") placed the EMEA Debtors into administration, and appointed individuals from Ernst & Young LLP as administrators (collectively, the "Joint Administrators").

4. Since the Petition Date, the various Nortel affiliates have sold assets related to Nortel's business units and other assets to various purchasers (the "Sales"). For further information regarding these Chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and to the information contained at http://dm.epiq11.com/nortel.

5. Upon the joint motion of the U.S. Debtors and U.S. Committee, this Court on April 3, 2013 entered an Order Approving Allocation Protocol [D.I. 9947] and an associated Opinion [D.I. 9946] determining, *inter alia*, that coordinated cross-border trials (the "Trials") to determine the allocation among the U.S. Debtors, Canadian Debtors, and EMEA Debtors of proceeds from the Sales (the "Allocation Dispute") would be held in the U.S. Court and Canadian Court. Also to be resolved by the U.S. and Canadian Courts during the Trials are certain claims against the U.S. Debtors and Canadian Debtors brought by the EMEA Debtors, Nortel Networks AG and Nortel Networks AS (the "EMEA Claims") and additional claims (the

"U.K. Pension Claims") brought by the U.K. Pension Trustee and the Board of the Pension Protection Fund (together, the "U.K. Pension Claimants"). See Order Approving Allocation Protocol at ¶ 4.

6. The Canadian Court issued an Endorsement on April 3, 2013, which likewise held that the above matters would be decided in the Trials.

7. Subsequently, this Court has entered further orders in support of the Trials, including, *inter alia*, the Order Entering Allocation Protocol dated May 17, 2013 [D.I. 10565], in which the Court approved binding procedures to be used for determining the allocation of the Sale Proceeds and for resolving the EMEA Claims and U.K. Pension Claims, and the Order Approving Litigation Timetable and Discovery Plan of the May 17, 2013 [D.I. 10566], setting parameters and deadlines for trial preparations.

8. On August 26, 2013, this Court entered an Order Modifying Scheduling Orders in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims [D.I. 11437], which moved the commencement of the Trials to a date on or after March 31, 2014 and modified various pre-trial deadlines. The Canadian Court entered a corresponding order on August 27, 2013.

**RELIEF REQUESTED**

9. By this Application, the Applicants hereby request that this Court issue an Order in the form attached hereto as Exhibit A:

(a) providing for this Court to sign the Letters Rogatory and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in each of the Letters Rogatory;

(b) requiring that the Clerk of the Bankruptcy Court return the original, signed Letters Rogatory to Derek C. Abbott and Ann C. Cordo of Morris, Nichols, Arsht & Tunnell LLP, so that said Letters Rogatory may be issued to the Senior

>Master of the Supreme Court (Queen's Bench Division) acting as the Competent Judicial Authority of the United Kingdom, which is the domicile of the designated recipients from whom evidence is sought; and

>(c) directing counsel for the U.S. Debtors to transmit the original, signed Letters Rogatory to the Competent Judicial Authority of the United Kingdom.

so that the Applicants may obtain for use at trial potential evidence material to the U.S. Debtors' defenses to the EMEA Claims and the U.K. Pension Claims.

9. A significant number of the remaining claims brought by NNUK (i.e., the claims that were not dismissed by this Court's opinion and accompanying order dated March 20, 2012 [D.I. 7403, 7404]) are premised on the notion that it was improper for affiliates or individuals who allegedly owed fiduciary duties to NNUK – whether NNI, NNL, or NNUK's own *de jure* directors – to consider the interests of NNL or the Nortel group as a whole in making various tax and treasury decisions. See Joint Omnibus Objection to the Remaining Amended Claims Filed by the EMEA Claimants, dated May 14, 2013 (the "Omnibus Obj.") [D.I. 10521] at ¶ 66. Without conceding that NNI or any other affiliates or individuals owed such fiduciary duties, even if such duties existed, if an entity is solvent, the directors and any other fiduciaries of the entity are fully entitled to consider and act in the interest of the entity's shareholders, and indeed should do so. Without conceding any burden of proof, the Applicants intend to show at trial that NNUK was solvent at all relevant times and therefore that its alleged fiduciaries violated no duties to the extent that they acted in the interests of NNUK's sole shareholder NNL or the Nortel group, and that in any event NNL ratified any breaches of duty that are alleged to have occurred. See id. ¶¶ 66-69.

10. In their Second Set of Responses to the Consolidated Interrogatories, dated July 3, 2013, the Joint Administrators identified Deloitte & Touche ("Deloitte") as the

6

auditors for NNUK for the years 2000-2006 and KPMG as the auditors for NNUK for the year 2007. The Joint Administrators further identified Marshall Miller as the contact person at Deloitte and Simon Baxter as the contact person at KPMG.

11. On July 16, 2013, the Applicants filed with the Court a Joint Application for Issuance of International Letters of Request (Letters Rogatory), seeking documents from Deloitte and KPMG. On September 17, 2013, the Court entered an order providing for the signature of the Letters Rogatory. On August 8, 2013, counsel for the U.S. Debtors transmitted the Letters Rogatory to the Competent Judicial Authority of the United Kingdom.

12. The present Joint Application respectfully requests that the Court sign Letters Rogatory, seeking testimony from Messrs. Miller and Baxter, the two individuals the Joint Administrators have identified as the contact persons at Deloitte and KPMG, respectively, and seeking certain documents from KPMG. See Exhibits B and C. These documents and testimony may be material to the Applicants' efforts to demonstrate at trial that NNUK was solvent.

13. In addition, the U.K. Pension Claims and the remaining EMEA Claims variously allege that NNUK was harmed by an intercompany transaction called Project Swift, that Nortel's transfer pricing system was unfair to NNUK and the other EMEA Debtors, that the EMEA Debtors were unfairly required to bear certain restructuring costs, and that intercompany dividends deprived one of the EMEA Debtors of value. However, upon information and belief, NNUK retained the U.K. affiliate of Ernst & Young ("E&Y U.K.") to conduct an extensive valuation of the consideration transferred in Project Swift, whose report confirmed that NNUK received fair consideration for the loan forgiveness it provided to NNL in the transaction and also described tax-related and other benefits from Project Swift. See Omnibus Obj. ¶ 32.

Further, in the same response to interrogatories referred to above, the Joint Administrators have stated that (i) KPMG advised the EMEA Debtors regarding Project Swift, transfer pricing and intercompany dividends and (ii) E&Y U.K. advised the EMEA Debtors regarding Project Swift, transfer pricing and Nortel's restructuring. With respect to KPMG, the Joint Administrators identified Dawn Elliot, among others, as a contact person. With respect to E&Y U.K., the Joint Administrators identified Ian Beer and Alay Patel, among others, as contact people.

14. Pursuant to the July 16, 2013 order referred to above, the Court signed Letters Rogatory, through which the Applicants seek documents from E&Y U.K. and KPMG. In this Joint Application, the Applicants respectfully request that the Court sign Letters Rogatory, through which the Applicants seek testimony from Ms. Elliot of KPMG and Messrs. Beer and Patel of E&Y U.K. See Exhibits C and D. Their testimony may be material to the Applicants' efforts to show at trial that NNUK was not harmed by Project Swift and that the alleged fiduciaries of NNUK breached no duties in approving Project Swift, and that the EMEA Debtors were not treated unfairly in respect of transfer pricing, restructuring costs, or intercompany dividends.

15. The U.K. Pension Claims assert that that NNUK was "insufficiently resourced" as of June 30, 2008 within the meaning of the U.K. Pensions Act 2004. In their Second response to Agreed Set of Consolidated Interrogatories, dated July 3, 2013, the U.K. Pension Claimants have identified Grant Thornton UK LLP ("Grant Thornton") as the U.K. Pension Trustee's auditors for the period 2000 to 2009. Pursuant to the July 16, 2013 order referred to above, the Court signed Letters Rogatory, through which the Applicants seek documents from Grant Thornton. The present Joint Application respectfully requests that the Court sign Letters Rogatory, through which the Applicants seek testimony from Peter Rowley and Matthew Cass, individuals the Applicants believe are employed by Grant Thornton and

performed audit work for the U.K. Pension Trustee during the relevant time period. The testimony sought by the Letter Rogatory directed towards Messrs. Rowley and Cass, see Exhibit E, may be material to the Applicants' efforts to show at trial that NNUK was not "insufficiently resourced" as the U.K. Pension Claims assert.

16. The Applicants have considered the requirements of the Courts of England and Wales in respect of letters rogatory, including the form in which the Letters Rogatory should be presented to the English Court and its permissible content. The Applicants believe that the Letters Rogatory are consistent with these requirements, as contained in the UK Evidence (Proceedings in Other Jurisdictions) Act 1975 (the "1975 Act") and Part 34 of the Civil Procedure Rules. This Court is requested to issue the Letters Rogatory on this basis.

17. The Applicants also inform the Court that they intend to seek a corresponding Letter of Request for assistance from the Canadian Court.

18. The Applicants request that after this Court has signed the Letters Rogatory, they be returned to Derek C. Abbott and Ann C. Cordo of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19801, for forwarding to the Senior Master of the Supreme Court (Queen's Bench Division) acting as the Competent Judicial Authority of the United Kingdom, Royal Courts of Justice, Strand London WC2A 2LL, United Kingdom (for the attention of the Foreign Process Section, Room E16).

WHEREFORE, the Applicants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letters Rogatory and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in each of the Letters Rogatory; (ii) directing that the Clerk of the Bankruptcy Court return the original, signed Letters Rogatory to Derek C. Abbott and Ann C. Cordo of Morris, Nichols, Arsht & Tunnell LLP, so that said Letters Rogatory may be issued to the Competent Judicial Authority of the United Kingdom; (iii) directing counsel for the U.S. Debtors to transmit the original, signed Letters Rogatory to the Competent Judicial Authority of the United Kingdom; and (iv) granting such other relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
        September 30, 2013

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

-and-

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
And Debtors in Possession*

-and-

AKIN GUMP STRAUSS HAUER & FELD LLP
Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.


*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee
of Unsecured Creditors*