# **EXHIBIT B**

# PART 34

## WITNESSES, DEPOSITIONS AND EVIDENCE FOR FOREIGN COURTS

**Contents**

**34.0.1**

*I. Witnesses and Depositions*

| | | |
|---|---|---|
| 34.1 | Scope of this Section . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.1 |
| 34.2 | Witness summonses . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.2 |
| 34.3 | Issue of a witness summons . . . . . . . . . . . . . . . . . . . | para.34.3 |
| 34.4 | Witness summons in aid of inferior court or of tribunal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.4 |
| 34.5 | Time for serving a witness summons . . . . . . . . . . . | para.34.5 |
| 34.6 | Who is to serve a witness summons . . . . . . . . . . . . | para.34.6 |
| 34.7 | Right of witness to travelling expenses and compensation for loss of time . . . . . . . . . . . . . . . . . . | para.34.7 |
| 34.8 | Evidence by deposition. . . . . . . . . . . . . . . . . . . . . . . | para.34.8 |
| 34.9 | Conduct of examination . . . . . . . . . . . . . . . . . . . . . . | para.34.9 |
| 34.10 | Enforcing attendance of witness . . . . . . . . . . . . . . . | para.34.10 |
| 34.11 | Use of deposition at a hearing. . . . . . . . . . . . . . . . . | para.34.11 |
| 34.12 | Restrictions on subsequent use of deposition taken for the purpose of any hearing except the trial. . . . . | para.34.12 |
| 34.13 | Where a person to be examined is out of the jurisdiction—letter of request . . . . . . . . . . . . . . . . . . . . | para.34.13 |
| 34.13A | Letter of request—Proceeds of Crime Act 2002 . . . | para.34.13A |
| 34.14 | Fees and expenses of examiner of the court . . . . . . | para.34.14 |
| 34.15 | Examiners of the court . . . . . . . . . . . . . . . . . . . . . . . | para.34.15 |

*II. Evidence for Foreign Courts*

| | | |
|---|---|---|
| 34.16 | Scope and interpretation . . . . . . . . . . . . . . . . . . . . . | para.34.16 |
| 34.17 | Application for order . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.17 |
| 34.18 | Examination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.18 |
| 34.19 | Dealing with deposition . . . . . . . . . . . . . . . . . . . . . . . | para.34.19 |
| 34.20 | Claim to privilege . . . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.20 |
| 34.21 | Order under 1975 Act as applied by Patents Act 1977 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.21 |

*III. Taking of Evidence—Member States of the European Union*

| | | |
|---|---|---|
| 34.22 | Interpretation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.22 |
| 34.23 | Where a person to be examined is in another Regulation State. . . . . . . . . . . . . . . . . . . . . . . . . . . . | para.34.23 |
| 34.24 | Evidence for courts of other Regulation States. . . . . | para.34.24 |
| | Practice Direction 34A—Depositions and Court Attendance By Witnesses . . . . . . . . . . . . . . . . . . . . . | para.34APD.1 |
| | Practice Direction 34B—Fees for Examiners of the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | para.34BPD.1 |

**Editorial introduction**

**34.0.2**    Part 34 consists of three sections. Section III was added with effect from January 1,

2004, by the Civil Procedure (Amendment No.4) Rules 2003 (SI 2003/2113) and there were consequential amendments to r.34.13 and r.34.16.

Section I deals with two separate and distinct topics. The first topic is the attendance of witnesses. Rules 34.2 to 34.7 contain provisions designed to secure the attendance of witnesses to give evidence and produce documents. Formerly, the process for compelling attendance in the High Court was principally the writ of subpoena, and in the county courts the process was a witness summons. Rules 34.2 to 34.7 apply at both levels of Court. The second topic in Section I is evidence by deposition. In appropriate circumstances the evidence of a witness may be given, not viva voce by the witness at the hearing to which it relates, but in the form of a sworn deposition taken from the witness before the hearing by an examiner. Rules 34.8 to 34.15 contain provisions regulating the procedure for the taking of depositions (whether the witness is within, or without, the jurisdiction). The two topics are quite distinct. The rules securing the attendance of witnesses are of day-to-day importance in proceedings in the High Court and in the county courts. The rules as to the taking of depositions for use in English courts come into play rarely, and usually only in substantial High Court cases. (Rules as to the taking in England of evidence for use in foreign courts are found in Section II and Section III of Pt 34, see further below.)

Part 34 is supplemented by two Practice Directions. Practice Direction (Depositions and Court Attendance by Witnesses) (see para.34.PD.1 below) deals with witness summonses, depositions for use in the UK and abroad, and the taking of evidence between EU Member States. Practice Direction (Fees for Examiners of the Court) supplements r.34.14 in particular.

Section II (Evidence for Foreign Courts) was inserted in Pt 34 by the Civil Procedure (Amendment) Rules 2002 (SI 2002/2058) with effect from December 2, 2002. The provisions in Section II (rr.34.16 to 34.21) replace CPR Sch.1, RSC Ord.70.

Section III of Pt 34 (Taking Evidence—Member States of the European Union) makes provision about the procedure for requesting evidence to be taken in a State to which Council Regulation (EC) 1206/2001 on co-operation between the courts of the Member States of the European Union in the taking of evidence in civil or commercial matters (the Taking of Evidence Regulation) applies, and for dealing with requests by the courts of Regulation States for evidence to be taken in England and Wales. The Taking of Evidence Regulation, and hence Section III, does not apply to Denmark; see r.34.22(b) para.34.22. Applications for letters of request under the Proceeds of Crime Act 2002 are made under r.34.13(4) to (7) irrespective of where the proposed deponent is: see r.34.13A.

### Attendance of witnesses

**34.0.3**  A witness summons is used to secure the attendance of the witness at the trial or at a hearing prior to trial; or to require the witness to produce documents to the court at the trial or at a hearing prior to trial (e.g. a "*Khanna* hearing", where the witness summons is used merely to obtain documents and prove their authenticity, the witness producing them not being relied on to give any other evidence. The practice is to specify a date for production of the documents which is earlier than the date fixed for the rest of the trial, see *Khanna v Lovell White Durrant* [1995] 1 W.L.R. 121; [1994] 4 All E.R. 267).

Penalties may be imposed on a person who fails to comply with a witness summons or who refuses to give evidence. The County Courts Act 1984 s.55 states that a person who neglects or refuses to give evidence may be fined (see Vol.2 para.9A–513). For relevant procedure, see CPR r.81.36. In High Court proceedings, disobedience of a witness summons may be punished as a contempt of court. For relevant procedure, see CPR Pt 81, Section 3. See further Vol.2, para.3C–14 (Contempt by witnesses).

A witness summons is used not just to secure the attendance of a witness who is reluctant to come to court but also, for example, to enable the witness to produce evidence (e.g. to an employer) of the requirement to attend court or to secure priority so that the witness is not summonsed to appear elsewhere on the same day.

As to process for compelling attendance at High Court hearing of witness situated outside England and Wales but within United Kingdom, see the Senior Courts Act 1981 s.36.

### Depositions

**34.0.4**  Before applying for the evidence of a witness to be taken on deposition, consider whether there is a cheaper or better way: there usually is.

At an examination (see rr.34.8 and 34.9) the evidence of the witness is taken before an "examiner" in the same way as if the witness were giving evidence at the trial. The deposition is then admitted in evidence at the trial. This procedure is necessarily expensive, especially if the witness is abroad. (The CCR contained no provision for depositions of witnesses outside England and Wales. The law was, and is, in s.56 of the County Courts Act 1984; and see now r.34.13(3).) Under the Taking of Evidence Regulation the county court has power to order the issue of a request to a Designated Court.

In practice, the taking of depositions outside England and Wales is restricted to substantial High Court cases. Even in such cases consider (as the court will—see the overriding objective in Pt 1) if there is a cheaper way. Three options are:

(1) If a witness statement has been obtained, rely on the statement itself without calling the witness at all (see Pt 33 and Civil Evidence Act 1995, especially r.33.2). If no witness statement has been obtained can an agent be employed to obtain one?

(2) Pay the witness their expenses to attend the trial. With the frequency and availability of modern air travel the cost of the journey and associated expenses is commonly less than that of an examination abroad.

(3) Obtain an order that the witness gives evidence by video link (see r.32.3).

In addition to depositions taken abroad for use in proceedings in England and Wales, Pt 34 also deals with depositions taken in England and Wales for use in the courts of England and Wales and depositions taken in England and Wales for use in courts abroad pursuant to a letter of request.

**Related sources**

**34.0.5**
- Practice Direction (Depositions and Court Attendance by Witnesses) (see para.34APD.1) and Practice Direction (Fees for the Examiners of the Court) (see para.34BPD.1)
- Civil Evidence Act 1995
- Senior Courts Act 1981 s.36
- County Courts Act 1984 ss.55 and 56
- Part 81 (Applications and Proceedings in Relation to Contempt of Court)
- Part 22 (Statement of Truth)
- Part 32 (Evidence)
- Part 33 (Miscellaneous Rules about Evidence)

**Forms**

**34.0.6**
- **N20** Witness summons
- **N21** Order for examination of deponent (before the hearing)
- **N93** Order under the Evidence (Proceedings in Other Jurisdictions) Act 1975
- **A** to **J** under the Taking of Evidence Regulations
- Annex A to the Practice Direction draft Letter of Request (where the Taking of Evidence Regulation does not apply).

## I. Witnesses and Depositions

### Scope of this Section[1]

**34.1**  **34.1—(1) This Section of this Part provides—**

**(a) for the circumstances in which a person may be required to attend court to give evidence or produce a document; and**

**(b) for a party to obtain evidence before a hearing to be used at the hearing.**

**(2) In this Section, reference to a hearing includes a reference to the trial.**

---

[1] Amended by the Civil Procedure (Amendment) Rules 2002 (SI 2002/2058).

**Scope of Section I**

Section I deals with the attendances of witnesses and depositions. In the provisions in Section I there are numerous references to "a hearing" (e.g. rr.34.2(4), 34.3(3), 34.5(3), 34.8(1), and 34.11). Rule 34.1(2) states that such a reference includes a reference "to the trial". Sometimes the context will expressly exclude a reference to the trial, or by expressly referring to the trial, will exclude a reference to any other hearing (e.g. r.34.3(2)). **34.1.1**

**Applicability of Section I to arbitral proceedings**

The Arbitration Act 1996 s.43 states that a party to arbitral proceedings "may use the same court procedures as are available in relation to legal proceedings" to secure the attendance before an arbitral tribunal of a witness in order to give oral testimony or to produce documents or other material evidence; this may only be done with the permission of the arbitral tribunal or the agreement of the other parties (see Vol.2, para.2E–188). As to tribunals other than arbitral tribunals, see further r.34.4 (Witness summons in aid of inferior court or tribunal). **34.1.2**

## Witness summonses

**34.2—(1) A witness summons is a document issued by the court requiring a witness to—** **34.2**

      **(a) attend court to give evidence; or**

      **(b) produce documents to the court.**

**(2) A witness summons must be in the relevant practice form.**

**(3) There must be a separate witness summons for each witness.**

**(4) A witness summons may require a witness to produce documents to the court either—**

      **(a) on the date fixed for a hearing; or**

      **(b) on such date as the court may direct.**

**(5) The only documents that a summons under this rule can require a person to produce before a hearing are documents which that person could be required to produce at the hearing.**

**"witness summons"**

This term, already in use in county courts, has replaced the former term "*subpoena*" in the High Court. A separate witness summons is required for each witness and can require the witness to attend court to give evidence or produce documents to the court or both. **34.2.1**

In *Tajik Aluminium Plant v Hydo Aluminium AS* [2005] EWCA Civ 1218; [2006] 1 W.L.R. 767, CA; [2005] 4 All E.R. 1232, CA; the Court of Appeal stated that a witness summons to produce documents to the court under r.34.2 involved the exercise of the court's coercive powers. The person to whom it is addressed is at risk of being in contempt of court if they fail to comply. Accordingly, the witness summons should either identify the documents individually or by reference to a class of documents or things so that it is possible to identify the documents to be produced with sufficient certainty to leave no real doubt in the mind of the person to whom the summons is addressed about what they are required to do. That is the test. Anything less was unfair to the witness; it also made supervision and enforcement by the court extremely difficult. The Court of Appeal stated that whether documents have been sufficiently identified is likely to depend, at least in part, on the particular circumstances of the case. The test is unlikely to be met if the documents are described simply by reference to a particular transaction or event which is itself described in broad terms, although in cases where the transaction is self-contained and sufficiently well defined that might be satisfactory. Doubts about the adequacy of the description should be resolved in favour of the witness.

**"On such date as the court may direct"**

It is clear from r.34.2(4) that a witness can be required to attend not only the trial itself but any other pre-trial hearing. However, permission is required to issue the witness summons if the hearing is not the trial itself (see r.34.3). **34.2.2**

### Issue of a witness summons

**34.3**     **34.3—(1) A witness summons is issued on the date entered on the summons by the court.**

**(2) A party must obtain permission from the court where he wishes to—**

      **(a) have a summons issued less than 7 days before the date of the trial;**

      **(b) have a summons issued for a witness to attend court to give evidence or to produce documents on any date except the date fixed for the trial; or**

      **(c) have a summons issued for a witness to attend court to give evidence or to produce documents at any hearing except the trial.**

**(3) A witness summons must be issued by—**

      **(a) the court where the case is proceeding; or**

      **(b) the court where the hearing in question will be held.**

**(4) The court may set aside**[GL] **or vary a witness summons issued under this rule.**

---

**"issue of a witness summons"**

**34.3.1**     A separate summons is required for each witness (see r.34.2(3)). Two copies of the witness summons are required; one is for sealing prior to service, the other is retained on the court file. See Practice Direction (Depositions and Court Attendance by Witnesses, para.1.1, and note paras 1.2 and 1.3 (see para.34APD.1 below). A witness summons must be in Form **N20** (to which the form for a certificate of service is attached).

**Permission not required**

**34.3.2**     Permission to issue a witness summons is not required provided that the summons is to attend, or produce documents at, the trial itself and the summons is issued 7 days or more before the trial.

**Permission required**

**34.3.3**     Permission to issue a witness summons is required in the three situations mentioned in r.34.3(2): this includes, for example, a pre-trial hearing whether in private or not. Where r.34.3(2)(a) applies (less than seven days before trial) see also r.34.5(2).

**Pre-trial production of non-party's documents**

**34.3.4**     Rule 34.3(2)(b) recognises and gives statutory effect to "*Khanna* hearings" (see *Khanna v Lovell White Durrant* [1995] 1 W.L.R. 121 referred to in the "Editorial introduction", at para.34.0.2 above). A party who wishes to have sight of the documents of a non-party before the trial of the substantive issues can do so by obtaining an order for a witness summons to be served on that party and an order that the witness do then produce the documents at a hearing which is confined to receiving the documents, the subject of the witness summons, the remainder of the trial being adjourned to a date to be fixed. This practice is useful where the witness has no evidence to give other than proving the authenticity of the documents concerned. It is usually preferable now that the power under CPR r.31.17 to make orders for discovery against non-parties applies to all proceedings to obtain such an order, rather than proceeding for a *Khanna* hearing.

**"the court may set aside or vary a witness summons"**

**34.3.5**     Applications to set aside a witness summons are made to the district judge or to the master. On such an application the court is concerned to see that parties do not abuse their privilege of summoning witnesses (*Raymond v Tapson* (1883) L.R. 22 Ch. D. 430, CA at 435). A witness served with a witness summons cannot have it set aside merely by swearing that they can give no material evidence; but if the court is satisfied that the witness summons has not been issued in good faith for the purpose of obtaining relevant evidence and that the witness named is in fact unable to give relevant evi-

dence, it will set it aside. Such an order does not prejudice the power of the trial judge to order the witness to attend if they think their presence is necessary (*R. v Baines* [1909] 1 K.B. 258). The court will also set aside a witness summons which is oppressive, for example which relates to documents disclosure of which has been refused by the court (*Steele v Savory* [1891] W.N. 195; 8 T.L.R. 84), or which relates to documents protected by public interest immunity (*Bookbinder v Tebbit (No.2)* [1992] 1 W.L.R. 217).

A witness summons (or an application in the nature of such, e.g. to produce and show a film) may be set aside (or refused) where it appears that the request is irrelevant, fishing, speculative or oppressive: see *Senior v Holdsworth Ex p. Independent Television News Ltd* [1976] Q.B. 23; [1975] 2 All E.R. 1009, CA and *Re State of Norway's Application* [1987] Q.B. 433. In *Harrison v Bloom Camillin* Independent, June 28, 1999, Neuberger J. held that it was clear that r.34.3(4) allows the court to set aside or vary a witness summons but as no guidance is given as to what approach the court should take, regard is to be paid to the cases decided under the old rules. In *South Tyneside BC v Wickes Building Supplies Ltd* [2004] EWHC 2428 (Comm) witness summonses had been issued by the claimant against non-parties in a rent review arbitration and there was a confidentiality clause in the document sought. One of the non-parties was B&Q Plc, a competitor of the defendant. The witness summonses were set aside on the grounds that production of the documents was not necessary for the fair disposal of the arbitration (other comparables and materials were available to the arbitrator) and on the ground of confidentiality of the document. Gross J., summarised the law (of necessity derived from pre-CPR authorities) as follows:

"1. The object of a witness summons is to obtain production at trial of specified documents; accordingly, the witness summons must specifically identify the documents sought, it must not be used as an instrument to obtain disclosure and it must not be of a fishing or speculative nature.

2. The production of the documents must be necessary for the fair disposal of the matter or to save costs. The Court is entitled to take into account the question of whether the information can be obtained by some other means. It is to be remembered that, by its nature, a witness summons seeks to compel production from a non-party to the proceedings in question.

3. Plainly a witness summons will be set aside if the documents are not relevant to the proceedings; but the mere fact that they are relevant is not by itself necessarily decisive in favour of the witness summons.

4. The fact that the documents of which production is sought are confidential or contain confidential information is not an absolute bar to the enforcement of their production by way of witness summons; however, in the exercise of its discretion, the Court is entitled to have regard to the fact that documents are confidential and that to order production would involve a breach of confidence. While the Court's paramount concern must be the fair disposal of the cause or matter, it is not unmindful of other legitimate interests and that to order production of a third party's confidential documents may be oppressive, intrusive or unfair. In this connection, when documents are confidential, the claim that their production is necessary for the fair resolution of proceedings may well be subjected to particularly close scrutiny."

The essential requirement of a witness summons have been further addressed by the Court of Appeal in *Tajik Aluminium v Hydro Aluminium* [2005] EWCA Civ 1218; [2006] 2 All E.R. (Comm) 295 in which the court stated that the summons should either identify the documents individually or by reference to a class of documents or things by which criteria the person to whom the summons is addressed can know what obligation the court has imposed on him.

In some cases, a confidentiality clause may be overridden where, for example, a clear need for the documents is demonstrated and considerations of commercial sensitivity are not present or at least not present in acute form.

An unwilling expert may be released from attendance, see *Brown v Bennett (Witness Summons)*, *The Times*, November 2, 2000 Neuberger J. In that case Neuberger J. said that it would only be in exceptional cases that an expert who could not expect to be paid would be compelled to give evidence.

**Recovery of costs incurred in complying with witness summons**

At the time of service of a witness summons, the witness must be offered or paid **34.3.6**

sums to cover their travelling expenses and to compensate them for loss of time (see r.34.7). Where the witness summons requires the witness to produce documents to the court, the witness may be faced with the prospect of incurring considerable expense, comparable to that which might be incurred by a non-party required to give disclosure of documents under the Senior Courts Act 1981 s.34 and CPR r.31.17. However, whereas a non-party subject to an order to disclose documents under r.31.17 is entitled to recover the costs of compliance, there is nothing in Pt 34 which provides for compensation for the costs of compliance incurred by a witness required to produce documents under a witness summons. Pt 34 assumes that, in complying with a summons to produce documents a witness will not normally be required to go to any significant trouble or expense in identifying, collating and bringing the documents to court. This was noted at first instance in *Individual Homes Ltd v Macbream Investments Ltd*, *The Times*, November 14, 2002. In that case, after the claim had been settled the judge ordered that a bank should be joined as a party to the proceedings for the purposes of costs (r.48.2) and that the claimant, who had issued a witness summons against one of the bank's employees, should pay the costs incurred by the bank in complying with the summons. In the circumstances were that, instead of issuing a witness summons against the employee, the claimants ought to have applied for an order against the bank under r.31.17. The judge expressed the view that, although no jurisdiction is given by Pt 34, the court has jurisdiction under the Senior Courts Act 1981 s.51 and CPR r.48.2 (Costs orders in favour of non-parties) to make an order for costs to compensate a witness for the costs incurred in complying with a witness summons to produce documents issued under r.34.2.

## Witness summons in aid of inferior court or of tribunal

**34.4**     **34.4—(1) The court may issue a witness summons in aid of an inferior court or of a tribunal.**

**(2) The court which issued the witness summons under this rule may set it aside.**

**(3) In this rule, "inferior court or tribunal" means any court or tribunal that does not have power to issue a witness summons in relation to proceedings before it.**

### "inferior court or tribunal"

**34.4.1**     This term is defined in r.34.4(3). Previously application was to the High Court but, as r.34.4(1) draws no distinction, either the High Court or a county court can issue the witness summons. An application to set aside (see commentary, para.34.3.5) must be to the court which issued the summons (r.34.4(2)). Whether or not a particular inferior court or tribunal has power to issue a witness summons itself is a question of construction of the statute which created it. Rule 34.4 is to assist such courts and tribunals which do not have such power. There is no extant list of the inferior courts or tribunals in relation to which it may be said (1) that they do have powers derived from elsewhere to issue summonses for the attendance of witnesses in relation to proceedings before them, or (2) that parties in proceedings before them may use the same court procedures as are available in relation to legal proceedings to secure the attendance of witnesses (as in the case of arbitral tribunals, see para.34.1.2 above). Consequently, there is no quick means of determining whether a tribunal is, within the meaning of r.34.4(3), a tribunal that does not have power to issue a witness summons in relation to proceedings before it and is, therefore, a tribunal for which a witness summons in aid may be issued under r.34.4. Certain statutory provisions deal with the matter expressly. The Solicitors Act 1974 s.46(11)) states that, for the purposes of any application or complaint made to the Solicitors Disciplinary Tribunal under that Act, the applicant or complainant: "may issue writs of subpoena ad testificandum and duces tecum, but no person shall be compelled to produce any document which he could not be compelled to produce on the trial of an action". Similar statutory provisions apply to a number of other professional disciplinary bodies; e.g. in relation to professional conduct committees: the Medical Act 1983 Sch.4 para.2(1), the Dentists Act 1984 Sch.3 para.4(1), and the Nurses, Midwives and Health Visitors Act 1997 Sch.2, para.1. The Chairman of the Parole Board Panel is entitled to give directions under r.9 of the Parole Board Rules 1997 including a direction requiring a party to the proceedings (i.e. the prisoner or the Secretary of State) to apply for a witness sum-

mons from the county court or High Court under r.34.4; see *R. (Brooks) v Parole Board* [2004] EWCA Civ 80. The Upper Tribunal (which is not "an inferior court or tribunal" but a superior court of record) has power under its own rules to summon witnesses, etc. on the application of a party or on its own initiative (Tribunal Procedure (Upper Tribunal) Rules 2008 (SI 2008/2698) r.16). Rules applicable to the several Chambers of the First-tier Tribunal (which is not a superior court) contains similar provisions.

**Arbitration proceedings**

Section 43 of the Arbitration Act 1996 provides that a party to arbitral proceedings **34.4.2** may use the same court procedures as are available in relation to legal proceedings to secure the attendance before the tribunal of a witness in order to give oral testimony or to produce documents or other material evidence. This may only be done with the permission of the tribunal or the agreement of the other parties and the court procedures may only be used if-the witness is in the United Kingdom, and the arbitral proceedings are being conducted in England and Wales or, as the case may be, Northern Ireland. Section 43(4) states that a person shall not be compelled by virtue of this section to produce any document or other material evidence which they could not be compelled to produce in legal proceedings. A party who wishes to rely on s.43 of the 1996 Act must apply for a witness summons in accordance with Pt 34; see para.7.1 of the Pt 62 Arbitration Practice Direction. There is no power under s.43 of the 1996 Act for a court to order disclosure against a non-party as opposed to issuing a witness summons for the production of specific documents; see *BNP Paribas v Deloitte & Touche LLP* [2003] EWHC 2874 (Comm); [2004] B.L.R. 90.

**"court … may set it aside"**

A witness summons issued under r.34.4 is binding if it is served at least seven days **34.4.3** before the date on which the witness is required to attend (r.34.5(1)), but the court may abridge the time. Unless the court otherwise directs, an applicant must give at least two days notice to the party who issued the summons of their application under r.34.4(2) to set it aside (Practice Direction (Depositions and Court Attendance by Witnesses) para.2.4, see para.34APD.2 below). These provisions are designed to mitigate the inconvenience that may be caused by the service of a witness summons so near the date on which the witness is required to attend as to preclude an application being made to set it aside. An application to set aside a witness summons issued under r.34.4 will be heard, in the High Court by a Master (at the Royal Courts of Justice) or by a district judge (at a district registry), and in a county court by a district judge (ibid. para.2.3).

In *Peters v Andrew* [2009] EWHC 1511 (QB), the applicants, who were non-parties to an arbitration agreement, applied to set aside witness summonses under r.34.4(2). The respondent had been granted permission by the arbitrators to apply to the High Court to issue witness summonses for the production of documents showing the itemised phone bills of both applicants. Applying, *South Tyneside BCl v Wickes Building Supplies Ltd* [2004] EWHC 2428 (Comm) (see 34.3.5, above), Eady J., refused to set aside the witness summonses finding that the material sought was necessary and relevant for the purposes of the arbitration proceedings. The judge observed that, although not binding on him, the affirmative decision of the arbitrators on this issue was plainly entitled to respect. As to the intrusion into the private affairs of the applicants, the judge found that the intrusion into the private affairs of the applicants was proportionate and necessary and was limited to establishing how many communications there were between particular persons over a limited period of time. Furthermore, there was no other obvious way of obtaining the information. It had not been suggested that the contents of the calls would be disclosed.

## Time for serving a witness summons

**34.5—(1) The general rule is that a witness summons is binding 34.5 if it is served at least 7 days before the date on which the witness is required to attend before the court or tribunal.**

**(2) The court may direct that a witness summons shall be binding although it will be served less than 7 days before the date on which the witness is required to attend before the court or tribunal.**

**(3) A witness summons which is—**

(a) **served in accordance with this rule; and**

(b) **requires the witness to attend court to give evidence;**

**is binding until the conclusion of the hearing at which the attendance of the witness is required.**

#### Effect of rule

**34.5.1**    Rule 34.5(1) is clear and requires the witness summons to be served at least seven days before the date on which the witness must attend. For who is to serve, see r.34.6.

Permission is required to issue a witness summons less than seven days before the date of trial (see r.34.3(2)(a)) and a direction that the witness summons shall be binding pursuant to r.34.5(2) should be obtained at the same time.

#### "shall be binding" … "will be served"

**34.5.2**    The use of the future tense in r.34.5(2) clearly envisages that a direction pursuant to that rule should be sought before the witness summons is served and not retrospectively.

#### Duration of witness summons

**34.5.3**    Rule 34.5(3) makes it clear that the witness summons continues to have effect until the conclusion of the trial or hearing at which the attendance is required. Thus, a new witness summons is not required if the hearing is adjourned, even if the adjournment is not to the next day. Of course, the trial judge can release the witness at some convenient point after the witness has given evidence. If for any reason the trial is abortive rather than adjourned, for example where a jury disagrees, a fresh witness summons would be required for a new trial.

## Who is to serve a witness summons

**34.6**    **34.6—(1) A witness summons is to be served by the court unless the party on whose behalf it is issued indicates in writing, when he asks the court to issue the summons, that he wishes to serve it himself.**

**(2) Where the court is to serve the witness summons, the party on whose behalf it is issued must deposit, in the court office, the money to be paid or offered to the witness under rule 34.7.**

#### "a witness summons is to be served by the court …"

**34.6.1**    Rule 34.6(1) creates a presumption that the court will serve the summons on the witness. Accordingly, r.6.3(2) applies and the court will decide which of the methods of service specified in r.6.2 is to be used. Having regard to the provisions of r.34.5(1) (witness summons to be served at least 7 days before the hearing) it is clearly necessary to issue in sufficient time for the court to effect service. See also r.34.7 and note that where the court is to effect service the money to be paid to the witness must be deposited in court pursuant to r.34.6(2).

In practice, however, parties usually prefer to serve a witness summons themselves, and they desire it served personally will have to serve themselves. If the court serves the summons it will do so by first class post. Whether or not service by post is appropriate for a witness summons must depend on the circumstances of the case. If the witness summons is being served for a "non-hostile" reason (e.g. to enable a willing witness to obtain time off work or to enable an expert witness to break other commitments—see further "Editorial introduction" to Pt 34, para.34.0.2) then service by post is likely to be sufficient. On the other hand, if the witness is refusing to attend and the witness summons is being issued to compel attendance, service by post is likely to be insufficient to impress the importance of their attendance on the witness. Personal service is not only more likely to create the appropriate impression but also more likely, as a consequence, to secure the attendance of the witness.

Thus, although personal service of a witness summons is no longer a prerequisite of the rule (unlike RSC Ord.38 r.17) in practice it is likely to be necessary to secure the attendance of a witness who has indicated their reluctance to attend or failed to confirm that they will attend and accordingly the extra cost of personal service is justified and likely to be allowed upon assessment of costs.

**Personal service**

**34.6.2**   Unlike RSC Ord.38 r.17, personal service is not a prerequisite of r.34.6; but see further commentary above.

**"indicates in writing … that he wishes to serve it himself"**

**34.6.3**   The general rule is that the court will serve the witness summons. Often there will be good reason for the party issuing the witness summons to arrange personal service through a process server who will explain the summons and tender the necessary money to the witness (see para.34.0.3 above and r.34.7).

If the witness summons is being issued (as of right or after permission) through the post it is a simple matter for the letter requesting issue to also request return of the witness summons for personal service. Rule 34.6(1) goes further than this. Even a party attending in person at the court office to issue a witness summons must indicate "in writing, when he asks the court to issue the summons, that he wishes to serve it himself".

**"money to be paid to the witness"**

**34.6.4**   See r.34.7.

## Right of witness to travelling expenses and compensation for loss of time[1]

**34.7**   **34.7 At the time of service of a witness summons the witness must be offered or paid—**

      **(a) a sum reasonably sufficient to cover his expenses in travelling to and from the court; and**

      **(b) such sum by way of compensation for loss of time as may be specified in Practice Direction 34A.**

**Conduct money**

**34.7.1**   The term "conduct money" does not appear in Pt 34 but nor did it appear in RSC Ord.38 or CCR Ord.20. Conduct money is money given to a witness to defray their expenses of coming to, staying at, and returning from the place of trial. A witness was entitled to decline to attend or be sworn until their expenses were paid to them and the court would not entertain an application to commit or fine a witness for non-attendance unless it was proved that conduct money had been paid or tendered to that witness.

Rule 34.7 effects an important change in practice. In addition to "conduct money" (provided for by r.34.7(a)) at the time of service the witness must be offered or paid "such sum by way of compensation for loss of time as may be specified in the relevant practice direction" (r.34.7(b)). (The relevant practice direction is at para.34APD.1, see para 3.3 which provides that the sum in respect of the period during which earnings or benefits are lost, or such lesser sum as it may be proved that the witness will lose as a result of their attendance at court, is to be based on the sums payable to witnesses attending the Crown Court.) The last "Guide to Allowances Under Part V of Costs in Criminal Cases (General) Regulations" was issued in June 2005. As from June 1, 2005 the maximum amount payable to an "ordinary witness" for financial loss for a period not exceeding 4 hours is £33.50 and if exceeding 4 hours, £67.00. With effect from August 1, 2001 the maximum subsistence allowance is £2.25 (for a period of absence not exceeding 5 hours); £4.50 (for a period exceeding 5 hours but not exceeding 10 hours); £9.75 (over 10 hours). The maximum overnight allowance is £95 for a hotel in London, Birmingham, Manchester, Leeds, Liverpool or Newcastle Upon Tyne city centres. With effect from the June 1, 2005 there is an additional £21 night subsistence allowance and £5 personal incidental allowance. Elsewhere, the overnight hotel allowance is £65 with the additional £21 night subsistence allowance and £5 personal incidental allowance from June 1, 2005. The overnight allowance is £25 only if staying with family or friends with effect from June 1, 2005. No one could accuse the regulations of generosity.

---

[1] Amended by the Civil Procedure (Amendment No.2) Rules 2009 (SI 2009/3390).

**Evidence by deposition[1]**

**34.8**    **34.8—(1) A party may apply for an order for a person to be examined before the hearing takes place.**

**(2) A person from whom evidence is to be obtained following an order under this rule is referred to as a "deponent" and the evidence is referred to as a "deposition".**

**(3) An order under this rule shall be for a deponent to be examined on oath before—**
- **(a) a judge;**
- **(b) an examiner of the court; or**
- **(c) such other person as the court appoints.**

**(Rule 34.15 makes provision for the appointment of examiners of the court.)**

**(4) The order may require the production of any document which the court considers is necessary for the purposes of the examination.**

**(5) The order must state the date, time and place of the examination.**

**(6) At the time of service of the order the deponent must be offered or paid—**
- **(a) a sum reasonably sufficient to cover his expenses in travelling to and from the place of examination; and**
- **(b) such sum by way of compensation for loss of time as may be specified in Practice Direction 34A.**

**(7) Where the court makes an order for a deposition to be taken, it may also order the party who obtained the order to serve a witness statement or witness summary in relation to the evidence to be given by the person to be examined.**

**(Part 32 contains the general rules about witness statements and witness summaries.)**

**Purpose of rule**

**34.8.1**    If a witness cannot attend trial it may be possible to obtain an order under this rule for the examination of the witness. In *Barratt v Shaw & Ashton* [2001] EWCA Civ 137; [2001] C.P. Rep 57, the Court of Appeal said that the primary purpose of r.34.8 is the taking of evidence on deposition and introducing it in that form at the trial from a witness whom it would be impossible to bring to court for trial. However, that court was prepared to accept that it might be appropriate to order a deposition to be taken where justice required that the evidence to be given by the deponent be available prior to the hearing taking place. The example given was where a party wishes to pursue or resist an application for summary judgment under Pt 24, and they could not adduce the necessary evidence for that purpose without having the evidence taken on deposition—perhaps because the witness was refusing to provide a statement. The witness gives evidence before the examiner as if the examination were the trial itself. Thus there is full opportunity for cross-examination. The evidence is reduced to writing and the resulting document (the "deposition") is then received into evidence at the trial.

There are four distinct situations—
- (1) Depositions taken in England and Wales for use as evidence in proceedings in courts in England and Wales (see para.4 of Practice Direction, at para.34APD.4).
- (2) Depositions taken abroad for use as evidence in proceedings before courts in

---

[1] Amended by the Civil Procedure (Amendment No.2) Rules 2009 (SI 2009/3390).

England and Wales where the Taking of Evidence Regulation does not apply (see para.5 of Practice Direction, at para.34APD.5).
  (3) Depositions taken in England and Wales for use as evidence in proceedings abroad pursuant to letters of request where the Taking of Evidence Regulation does not apply (see para.6 of Practice Direction, at para.34APD.6).
  (4) Taking of Evidence between Regulation States (see para.7 of Practice Direction, at para.34APD.7).

**"before a judge; an examiner of the court; or such other person as the court appoints"**

In England and Wales examination is usually before an examiner of the court appointed as such by the Lord Chancellor pursuant to r.34.15. Should there be no suitable examiner in the locality where the examination is to take place, a suitable person (formerly known as a "local special examiner") should be appointed pursuant to r.34.8(3)(c). An examination before a judge will only be ordered in the most exceptional cases and then only with the approval of the judge. Where an examination is sought before a master, the advice of the Senior Master or Chief Master should be sought either directly or through the Master's Secretary. **34.8.2**

**"date, time and place of the examination"**

Anywhere suitable may be used, for example the residence of a witness too ill to attend elsewhere (*Re Bradbrook* (1889) 23 Q.B.D. 226, CA). Rule 34.8(5) requires the order for examination to state the date, time and place of it. **34.8.3**

**conduct money**

Note the requirement of r.34.8(6) to tender travelling expenses and a sum "by way of compensation for loss of time …". The Practice Direction referred to is at para.34APD.1; but it does not differentiate between witness summonses and depositions. See further Commentary at para.34.7.1. **34.8.4**

**"witness statement or witness summary"**

Note the provisions of r.34.8(7) which replicates normal trial practice by requiring advance service of a witness statement or witness summary of the evidence to be given by the person to be examined: see rr.32.8 and 32.9. **34.8.5**

**Evidence by video link**

See r.32.3. As an alternative to obtaining a deposition, evidence by video link will be preferable (and probably cheaper) in some cases and has the further advantage that the trial judge will hear the evidence first hand. **34.8.6**

## Conduct of examination

**34.9—(1) Subject to any directions contained in the order for examination, the examination must be conducted in the same way as if the witness were giving evidence at a trial.** **34.9**

**(2) If all the parties are present, the examiner may conduct the examination of a person not named in the order for examination if all the parties and the person to be examined consent.**

**(3) The examiner may conduct the examination in private if he considers it appropriate to do so.**

**(4) The examiner must ensure that the evidence given by the witness is recorded in full.**

**(5) The examiner must send a copy of the deposition—**
  **(a) to the person who obtained the order for the examination of the witness; and**
  **(b) to the court where the case is proceeding.**

**(6) The party who obtained the order must send each of the other parties a copy of the deposition which he receives from the examiner.**

**"in the same way as if the witness were giving evidence at trial"**

**34.9.1**   The main purpose of taking evidence on examination is to obtain the evidence of the witness as if the witness were giving evidence at trial. The examination takes place in the presence of the examiner, the parties and their counsel and solicitors. Modern trial practice is for a witness statement (if there is one) to stand as evidence in chief and the examiner will follow this practice if it is appropriate to do so. Cross-examination and re-examination follow. The examiner may allow a hostile witness to be treated as such by the party calling them (*Ohlsen v Terrero* (1874–75) L.R. 10 Ch. App. 127).

**"a person not named in the order"**

**34.9.2**   Note the useful provision in r.34.9(2).

**"may conduct the examination in private"**

**34.9.3**   The general rule is that all hearings are in public (r.39.2(1)) but this rule obviously requires exceptions in the case of depositions, for example if examination is taking place at the witness's home or at a nursing home. See further r.39.2(3). Examiners have always had a discretion (*Wright v Wilkin* (1858) 6 W.R. 643).

**"evidence … is recorded"**

**34.9.4**   Rule 34.9(4) imposes a duty on the examiner to record the evidence. By arrangement, a shorthand writer may be and usually is employed. Alternatively, an audio recording can be made. Ordinarily the deposition will take the form of a verbatim transcript of question and answer this being the more accurate and convenient way of recording the evidence (see per Pennycuick V.-C. in *Lloyds Bank Ltd v Marcan* [1973] 1 W.L.R. 339 at 348; [1973] 2 All E.R. 359 at 371). The former practice of the deposition being taken down in narrative form, rather than in question and answer form, is no longer followed.

   "In some cases video recordings have been used to record evidence … for use in English courts" (per Evans J. in *J Barber & Sons v Lloyd's Underwriters* [1987] Q.B. 103) and this practice is growing in popularity (cf. r.32.3—evidence by video link). Paragraph 4.3 of the Practice Direction (see para.34APD.4) requires a written record as well as an audiotape or videotape recording.

**Filing and serving of deposition**

**34.9.5**   The examiner has the duty of filing the deposition with the court (r.34.9(5)(b)) and serving a copy on the person who obtained the order for examination (r.34.9(5)(a)): that party must serve other parties (r.34.9(6)).

**Deponent objecting**

**34.9.6**   If a deponent objects to answering any question or where objection is taken, see para.4.5 Practice Direction at para.34APD.4.


## Enforcing attendance of witness

**34.10**   **34.10—(1) If a person served with an order to attend before an examiner—**

> **(a) fails to attend; or**
>
> **(b) refuses to be sworn for the purpose of the examination or to answer any lawful question or produce any document at the examination,**

   **a certificate of his failure or refusal, signed by the examiner, must be filed by the party requiring the deposition.**

   **(2) On the certificate being filed, the party requiring the deposition may apply to the court for an order requiring that person to attend, or to be sworn or to answer any question or produce any document, as the case may be.**

   **(3) An application for an order under this rule may be made without notice.**

**(4) The court may order the person against whom an order is made under this rule to pay any costs resulting from his failure or refusal.**

**Effect of rule**

An order for the examination of a witness under r.34.8 is not an order on the witness to attend for examination (*Stuart v Balkis* (1884) 50 L.T. 479). Usually the witness is willing to attend and does attend their examination voluntarily. If they do not attend—or do attend but refuses to be sworn, answer a lawful question or produce any document—the examiner signs a certificate pursuant to r.34.10(1). Thereupon, the party seeking the deposition can apply without giving notice (r.34.10(3)) for an order "requiring that person to attend or be sworn …, etc." (see r.34.10(2)). Persons who fail to comply with orders to attend are in contempt of court and committal proceedings may be taken against them under CPR Pt 81, Section 2. Note r.34.10(4) regarding costs.

**34.10.1**

## Use of deposition at a hearing

**34.11—(1) A deposition ordered under rule 34.8 may be given in evidence at a hearing unless the court orders otherwise.**

**34.11**

**(2) A party intending to put in evidence a deposition at a hearing must serve notice of his intention to do so on every other party.**

**(3) He must serve the notice at least 21 days before the day fixed for the hearing.**

**(4) The court may require a deponent to attend the hearing and give evidence orally.**

**(5) Where a deposition is given in evidence at trial, it shall be treated as if it were a witness statement for the purposes of rule 32.13 (availability of witness statements for inspection).**

**Effect of rule**

Having obtained a deposition a party is not obliged to use it as evidence. Indeed notice is required (see r.34.11(2) and (3)). There is nothing to prevent any party putting the deposition in evidence ("a party …", r.34.11(2)) subject to the requirement of notice. A deposition given in evidence is available for inspection in the same way as a witness statement (see r.32.13 applied by r.34.11(5)).

**34.11.1**

An order pursuant to r.34.11(4) requiring the deponent to attend would be highly unusual. Even if a witness not expected to be available (hence the deposition) is now available, ordinarily the deposition will suffice. In *Barratt v Shaw & Ashton* [2001] EWCA Civ 137; [2001] C.P. Rep 57 (CA), r.34.11(4) was described as "a fallback procedure for when it seems preferable that the trial judge should hear some of the evidence orally."

## Restrictions on subsequent use of deposition taken for the purpose of any hearing except the trial

**34.12—(1) Where the court orders a party to be examined about his or any other assets for the purpose of any hearing except the trial, the deposition may be used only for the purpose of the proceedings in which the order was made.**

**34.12**

**(2) However, it may be used for some other purpose—**
> **(a) by the party who was examined;**
> **(b) if the party who was examined agrees; or**
> **(c) if the court gives permission.**

**Effect of rule**

The title which has been given to r.34.12 is misleadingly wide. Rule 34.12(1) applies

**34.12.1**

only to a deposition which resulted from an order requiring "a party to be examined about his or any other assets for the purpose of any hearing except the trial".

In *Dendron GmbH v University of California (Parallel Proceedings: Use of Evidence)* [2004] EWHC 589; [2005] 1 W.L.R. 200; [2004] I.L.Pr. 35, Laddie J., the court rejected the submission that r.34.12 was the only limitation on the use of depositions or that CPR Pt 34 was intended to be a definitive code in relation to the collateral use of evidence. Dealing with a deposition obtained through a court in the USA (see r.34.13) and a deposition obtained though a requested court in a Regulation State (see r.34.23), it was held that there exists an implied obligation not to use, without the permission of the (requesting) court or the consent of the witness, evidence obtained by compulsion under letters of request. A distinction was drawn with CPR Pt 31 (which is said to be a complete code relating to disclosure) on the basis that CPR Pt 31 was not concerned with the taking of evidence under compulsion. Although the *Dendron* case was concerned with evidence obtained under letters of request, it is strongly arguable that such an implied obligation also arises with depositions taken in England and Wales for use in England and Wales.

In *British Sky Broadcasting Group Plc v Digital Satellite Warranty Cover Ltd* [2011] EWHC 3062 (Ch), [2012] 1 W.L.R. 219 (Robin Knowles QC), the court rejected the submission that r.34.12 applies only to depositions ordered under r.34.8, and held that the rule applies where freezing orders require affidavits as to assets to be sworn (see further para. 32.7.1 above, and Vol.2 para. 15–78).

### Where a person to be examined is out of the jurisdiction—letter of request

**34.13**  **34.13—(1) This rule applies where a party wishes to take a deposition from a person who is—**

> **(a) out of the jurisdiction; and**
>
> **(b) not in a Regulation State within the meaning of Section III of this Part.**

**(1A) The High Court may order the issue of a letter of request to the judicial authorities of the country in which the proposed deponent is.**

**(2) A letter of request is a request to a judicial authority to take the evidence of that person, or arrange for it to be taken.**

**(3) The High Court may make an order under this rule in relation to county court proceedings.**

**(4) If the government of a country allows a person appointed by the High Court to examine a person in that country, the High Court may make an order appointing a special examiner for that purpose.**

**(5) A person may be examined under this rule on oath or affirmation or in accordance with any procedure permitted in the country in which the examination is to take place.**

**(6) If the High Court makes an order for the issue of a letter of request, the party who sought the order must file—**

> **(a) the following documents and, except where paragraph (7) applies, a translation of them—**
>
> > **(i) a draft letter of request;**
> >
> > **(ii) a statement of the issues relevant to the proceedings;**
> >
> > **(iii) a list of questions or the subject matter of questions to be put to the person to be examined; and**
>
> **(b) an undertaking to be responsible for the Secretary of State's expenses.**

**(7) There is no need to file a translation if—**

(a) **English is one of the official languages of the country where the examination is to take place; or**

(b) **a practice direction has specified that country as a country where no translation is necessary.**

**Effect of rule**

Rule 34.13 is based on the former RSC Ord.39 r.3A. A "letter of request" issues **34.13.1** only in the High Court but the High Court can make an order in a county court case (r.34.13(3)) though, in practice, the cost may be disproportionate in a county court case (consider r.1.1(2)(c)). "Letter of request" is defined in r.34.13(2). [Note that under the Taking of Evidence Regulation the county court has power to order the issue of a request to a Designated Court; see Section III below].

Paragraph (1) of this rule was substituted and para.(1A) inserted by the Civil Procedure (Amendment No.4) Rules 2003, with effect from January 1, 2004.

The rules provide the machinery for the examination of a person out of the jurisdiction. The exercise of the power under these rules is a matter of discretion, especially as the cost of taking evidence abroad is high and sometimes prohibitive. The court is apt to look most favourably upon the application of a defendant resident abroad—who has not chosen an English forum (see, per Chitty J. in *Ross v Woodford* [1894] 1 Ch. 38; *New v Burns* (1894) 64 L.J. Q.B. 104, CA)—and least favourably upon the application of a claimant for their evidence to be taken abroad, for they have usually chosen their tribunal (*Ross v Woodford*; *Cock v Allcock* (1888) 21 Q.B.D. 178, CA; *Emanuel v Soltykoff* (1892) 8 T.L.R. 331). As regards other witnesses, a party cannot compel a witness in a foreign country to attend the trial, and therefore if the court is satisfied that (1) they are unwilling or unable to be present, (2) the application is made bona fide (*Re Boyse* (1882) 20 Ch.D. 760) and with such promptness as not to cause unreasonable delay (see *Langen v Tate* (1883) L.R. 24 Ch.D. 522, CA) and (3) the witness can give substantial evidence material to the issue (*Ehrmann v Ehrmann* [1896] 2 Ch. 611) an order is often made. However, many other considerations may be relevant in all these cases. Reasonable attempts should first be made, in a proper case, to obtain the evidence in other ways—through a witness here (*Armour v Walker* (1884) L.R. 25 Ch.D. 673, CA; *Lawson v Vacuum Brake Co* (1884) L.R. 27 Ch D 137 CA; *Lewis v Kingsbury* (1888) 4 T.L.R. 629 at 639) by documents, by admissions or an order that the evidence may be given "by video link or by witness statement". Nowadays, the cost of a journey by air is commonly less than that of an examination abroad.

In *Honda Giken Kogyou Kabushiki Kaisha v KJM Superbikes Ltd* [2007] EWCA Civ 313, the Court of Appeal was concerned with an application under r.34.13 for the issue of a letter of request to the judicial authorities in the State of Victoria for the examination of two witnesses. The Court of Appeal adopted the approach of Sir Richard Scott V.-C. in *First American Corporation v Zayed* [1999] 1 W.L.R. 1154; [1998] 4 All E.R. 439, CA, a case concerned with the examination of witnesses in this jurisdiction for use in foreign courts (see paras 34.21.2 and 34.21.5). Allowing the appeal against the ruling of the deputy judge who had refused to grant the letters of request on the basis that the application was "fishing", it was said that the use of the term "fishing" as an objection to the grant of letters of request was not applicable to an intended witness who can reasonably be expected to give relevant evidence at trial. The Master of the Rolls set out four grounds where it might be appropriate to refuse an application to for the issue of a letter of request notwithstanding that the intended witness might have relevant evidence to give. The grounds were: (1) where the request is oppressive; (2) where the proposed letter of request is too wide; (3) other considerations, for example, where a case management judge concludes that the cost of obtaining the evidence would be disproportionate or that the evidence would not be necessary for the fair determination of the issues in the action (see: the considerations in para.34.3.5, cited with approval by the Master of the Rolls); and (4) delay; an application may be refused on the ground that it is made too late.

In *Peer International Corp v Termidor Music Publishers Ltd* [2005] EWHC 1048 (Ch), Lindsay J., drew a distinction between the taking of evidence abroad and the sitting of the High Court outside England and Wales which is not permitted by section 71 of the Senior Courts Act 1981. The point was made in that case that there have been many examples over the years of an English judge hearing evidence outside England and Wales. It was held that there was nothing in CPR r.34.13(4) which prevented a High Court judge who is hearing a case in England from appointing themselves as the

special examiner. In that case the witnesses to be examined were based in Cuba and were willing witnesses on behalf of the Pt 20 defendant which was a Cuban company owned by the Cuban Government. The judge stated that so long as the Government of Cuba indicated that it would allow him, as a special examiner, to examine witnesses in Cuba, he would make an order appointing himself to that end. Furthermore, he held that in such circumstances, and assuming that the Government of Cuba did not insist on the formality of a letter of request, it was not necessary to obtain a letter of request.

It is to be noted that a letter of request would certainly be needed when it is necessary to obtain the evidence of witnesses under compulsion or when the government of a country might not readily consent to a special examiner taking evidence in its country. A special examiner does not have the coercive powers available to the judge sitting in their own jurisdiction. They have no power to compel the attendance of witnesses and no right to ask a government to procure the attendance of witnesses. In *Peer International*, the judge stressed that his sitting as a special examiner would represent no possible incursion into Cuba's dominion over its people and territory. Some other governments might not readily share that view.

As to the approach in England and Wales to the examination of *willing* witnesses by foreign diplomatic or consular officers or by other persons appointed by foreign courts or by legal representatives for the purpose of proceedings abroad; see 34.21.1.

**Use of evidence**

**34.13.2**    Evidence obtained by means of r.34.13 cannot be used, as of right, for collateral purposes, but there is a discretion in the court to allow such use in special circumstances and where the use would be just in all the circumstances, *Dendron GmbH v The Regents of the University of California* [2004] EWHC 589; [2005] 1 W.L.R 200; [2004] I.L.Pr. 35.

**Practice Direction**

**34.13.3**    See para.5 at para.34APD.5.

**Not in a Regulation State**

**34.13.4**    Note that a Regulation State is a Member State of the European Union except for Denmark. See r.34.22(b) at para.34.22.

**Non-Convention countries**

**34.13.5**    If it is desired to obtain the taking of evidence in a country with which no convention has been made, enquiry should be made of the Foreign Process Section (Room E14, RCJ) as to whether the local law permits it. It is an available method in the case of Egypt, Japan and Sudan and (possibly) other countries. All states of the USA enforce the attendance of witnesses under this rule. The list of countries which permit examination by special examiner or by consular officer is subject to alteration.

**Scotland and Northern Ireland**

**34.13.6**    As to compelling attendance of witnesses in such cases, see *Campbell v Attorney General* (1866–67) L.R. 2 Ch. App. 571. A special examiner is appointed. A witness summons issued by the High Court runs throughout the United Kingdom, see s.36 of the Senior Courts Act 1981.

**Bilateral Convention countries**

**34.13.7**    In convention countries the taking of evidence before the British Consular Authority is permitted, but in most of these countries it is only permitted in respect of willing witnesses, and in Turkey only willing witnesses of British nationality.

If it is desired to designate as examiner a British consular officer in a foreign state the consent of H.M. Secretary of State for Foreign and Commonwealth Affairs must first be obtained, unless a convention has been entered into with the country in question, in which case no such consent is required. The applicant should apply to the Foreign Office. The answer will depend on whether the laws of the foreign State admit of such procedure and whether the consul proposed is willing to undertake the commission.

It is common practice for the order to designate "H.M. Consul (*or* Consul General) or his deputy."

Conventions have been made with the following countries:

Austria, Belgium, Bosnia and Herzegovina, Croatia, Czech Republic, Denmark, Estonia, France, Germany, Finland, Greece, Hungary, Iraq, Israel, Italy, Latvia, Lithuania, Netherlands, Norway, Poland, Portugal, Spain, Serbia and Montenegro, Slovakia, Sweden, Turkey.

**Hague Convention countries**

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial **34.13.8** Matters was concluded on March 18, 1970, and was ratified by the United Kingdom on July 16, 1976, and came into force on September 14, 1976 (see Cmnd. 6727 (1977)). The Convention provides for substantially the same matters of taking evidence abroad in civil or commercial matters as do the bilateral Conventions referred to above, but the Hague Convention is multilateral in its scope and operation.

The countries to which the Hague Convention applies are:

Albania, Argentina, Armenia, Australia, Barbados, Belarus, Bosnia and Herzegovina, Bulgaria, China, Croatia, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Iceland, India, Israel, Italy, Korean Republic, Kuwait, Latvia, Liechtenstein, Lithuania, Luxembourg, Macedonia, The Former Yugoslav Republic of, Mexico, Monaco, Montenegro, Norway, Netherlands, Poland, Portugal, Venezuela, Romania, Russian Federation, Serbia, Seychelles, Singapore, Slovakia, Slovenia, South Africa, Spain, Sri Lanka, Sweden, Switzerland, Turkey, Ukraine, United Kingdom and possessions and United States and possessions.

An up to date list of countries to which the convention applies is published on the Hague Conventions website at *http://www.hcch.net*. This also sets out the reservations subject to which some of these countries have adhered to the convention. There is, of course, an overlap between signatories to the Hague Convention and Regulation States as defined in CPR r.34.22(b) Note that the Taking Of Evidence Regulation (see Section III below) prevails over provisions contained in bilateral or multilateral agreements and the Hague Convention; see art.21(1) of the said Regulation.

According to the Hague Convention website, the United Kingdom has not yet declared acceptance of the accession of the following countries: Albania, Armenia, Bosnia Herzegovina, China, Croatia, Hungary, Iceland, India, Kuwait, Lithuania, Liechtenstein, Malta, Montenegro, Morocco, Republic of Korea, Romania, Seychelles, Serbia, Slovenia and Sri Lanka. The Special Administrative Regions of Hong Kong and Macao should no longer appear separately in the list. The Convention still applies to those regions but since Hong Kong and Macao have been restored to the Peoples' Republic of China by the United Kingdom and Portugal respectively, the information relating to these two regions (i.e. reservations, declarations, contact details of the authorities and dates of entry into force) has been added to the information for the Peoples' Republic of China.

**Procedure on letter of request to Non-Convention and non-Regulation State countries**

A letter of request is required from the High Court to a foreign Court to cause the **34.13.9** evidence to be taken, and it may either ask for the interrogatories which accompany it to be put by the examiner (the usual procedure in many foreign Courts, where the Court alone puts the questions) or for the witnesses to be examined viva voce upon the matters in question. The method by letters of request is now available for all countries, including Her Majesty's Dominions, and in some countries (such as Egypt) it is the only available method. Letters of request are dealt with in the office of the Foreign Process Section, Room E14, RCJ.

**Regulation State**

Where the person to be examined is in a Regulation State, see rule 34.23 at **34.13.10** para.34.23 and para.10.1 of the Practice Direction at para.34APD.7.

**Dominions**

Where in a civil proceeding a commission, mandamus, order or request for exami- **34.13.11** nation of witnesses is addressed to any court or judge of a court in Her Majesty's Dominions out of the jurisdiction of the court ordering the examination, such court or judge may nominate a person to take the examination, and any depositions before them are admissible to the same extent as if taken before such court or judge.

**Eire**

Letters of request appear to be the cheaper method. They are sent to the Minister **34.13.12**

of Justice, who transmits them to the Master. The duty of taking evidence is usually assigned to the district judge.

### Practice in the Chancery Division and Queen's Bench Division

**34.13.13**   The application is made normally to the Master or district judge on notice. The application for the Order is not made to the Senior Master, it is the subsequent application for the issue of a letter of request following the making of an order, which is made to the Senior Master. If the other side desire to join in the letters of request they can be allowed to do so at the hearing. Where it is desired to examine witnesses in different countries a separate application should be made in the case of each country.

In certain countries, including those with which conventions have been made, the evidence must be taken orally by examination and cross-examination. In such cases the names of agents of the parties are indorsed on the letters of request. Inquiry should be made at the Foreign and Commonwealth Office, whether evidence can be taken in this way.

Where the evidence is to be obtained by means of written questions, the questions to be asked on behalf of the applicant should be submitted to the other side in order that they may frame questions for cross-examination, and the questions to be asked in cross-examination should be submitted to the applicant to enable them to put further questions in re-examination. The Master will not entertain objections to the questions; they are left entirely to the parties, but objection may be made at the trial to admission of any of the evidence.

The letter of request is prepared by the solicitor and is taken to the Foreign Process Section, Room E14, together with the questions (if any) the order and a signed undertaking by the applicant to bear the expenses (see Form **PF78QB**). If the language of the country concerned is not English there must also be supplied translations of the letter of request and questions certified by the solicitor.

In cases within this rule the letter of request is then signed by the Senior Master and transmitted to the Foreign and Commonwealth Office, for transmission to the proper Court; but where the matter is urgent it may be sent direct to a Court in Her Majesty's Dominions.

On return of the evidence it is filed at the Central Office and notice given to the other side. If in a foreign language, a translation is made verified by the oath of the translator and filed.

### Procedure on letters of request to Convention countries other than a Regulation State

**34.13.14**   Letters of request for the taking of evidence out of the jurisdiction in respect of proceedings in any division of the High Court are dealt with in the office of the Foreign Process Section, Room E14, Royal Courts of Justice, Strand, London, WC2A 2LL.

The conventions vary in details and should be consulted in each case; generally speaking, they provide for three alternative methods of obtaining evidence.

(a) By letter of request transmitted through the Foreign Office for execution by the foreign judicial authority which thereupon obtains the evidence giving effect so far as may be to any special procedure indicated in the letter of request; or (b) In the case of certain countries, by letter of request requesting the foreign judicial authority to cause the evidence to be taken by a British consular or diplomatic officer; the appointment of the consular officer is made by the English Court under r.2(2): witnesses will be compelled to attend; or (c) By a British consular officer or some other fit and proper person nominated by the English Court as a special examiner; attendance of witnesses will not usually be enforced. Under the conventions with France, the Czech Republic, Germany, Turkey, Hungary, Iraq, Croatia, Serbia, Slovakia and Slovenia a special examiner *must* be a consular authority. The practice generally corresponds to the procedure as between Letters of Request to non-Convention countries, except that the request under this rule is signed by the Senior Master, and the translation must be certified by the solicitor to the applicant. (Inquire from the Master's Secretary, Room E14).

## Letter of request—Proceeds of Crime Act 2002[1]

**34.13A—(1) This rule applies where a party to existing or** **34.13A** **contemplated proceedings in —**

> **(a) the High Court; or**
>
> **(b) a magistrates' court,**

**under Part 5 of the Proceeds of Crime Act 2002 (civil recovery of the proceeds etc. of unlawful conduct) wishes to take a deposition from a person who is out of the jurisdiction.**

**(2) The High Court may, on the application of such a party, order the issue of a letter of request to the judicial authorities of the country in which the proposed deponent is.**

**(3) Paragraphs (4) to (7) of rule 34.13 shall apply irrespective of where the proposed deponent is, and rule 34.23 shall not apply in cases where the proposed deponent is in a Regulation State within the meaning of Section III of this Part.**

## Fees and expenses of examiner of the court

**34.14—(1) An examiner of the court may charge a fee for the** **34.14** **examination.**

**(2) He need not send the deposition to the court unless the fee is paid.**

**(3) The examiner's fees and expenses must be paid by the party who obtained the order for examination.**

**(4) If the fees and expenses due to an examiner are not paid within a reasonable time, he may report that fact to the court.**

**(5) The court may order the party who obtained the order for examination to deposit in the court office a specified sum in respect of the examiner's fees and, where it does so, the examiner will not be asked to act until the sum has been deposited.**

**(6) An order under this rule does not affect any decision as to the party who is ultimately to bear the costs of the examination.**

**Practice Direction**

See Practice Direction—Fees for Examiners of the Court (para.34BPD.1).   **34.14.1**

**Effect of rule**

Ultimately the costs of an examination will be dealt with in the same way as other **34.14.2** costs of the litigation (r.34.14(6)). However, the examiner is entitled to be paid and need not file the deposition with the court under r.34.9(5) unless their fee is paid (r.34.14(2)).

See the Practice Direction at para.34BPD.1 which sets out how to calculate the fees an examiner may charge.

## Examiners of the court

**34.15—(1) The Lord Chancellor shall appoint persons to be** **34.15** **examiners of the court.**

**(2) The persons appointed shall be barristers or solicitor-advocates who have been practising for a period of not less than three years.**

---

[1] Introduced by the Civil Procedure (Amendment) Rules 2003 (SI 2003/3361).

**(3) The Lord Chancellor may revoke an appointment at any time.**

**Effect of rule**

**34.15.1**    Rule 34.15 is self-explanatory. The former RSC Ord.39 r.16 enabled the Lord Chancellor to appoint persons as examiners "for a period not exceeding five years at a time" but there is now no statutory period.

Examiners are used on a rota basis. In London the order for examination should be taken to the Master's Support Unit, Room E10, Royal Courts of Justice, and will be indorsed with the name of the examiner.

## II. Evidence for foreign courts

### Scope and interpretation[1]

**34.16**    **34.16—(1) This Section applies to an application for an order under the 1975 Act for evidence to be obtained, other than an application made as a result of a request by a court in another Regulation State.**

**(2) In this Section—**

**(a) "the 1975 Act" means the Evidence (Proceedings in Other Jurisdictions) Act 1975[2]; and**

**(b) "Regulation State" has the same meaning as in Section III of this Part.**

**Editorial note**

**34.16.1**    With effect from January 1, 2004 this rule was substituted by the Civil Procedure (Amendment No.4) Rules 2003 (SI 2003/2113). It must be noted that Denmark is not a Regulation State, see r.34.22. Accordingly, if the proceedings are in Denmark, the application is made under this Section. Applications made as a result of a request by a court in another Regulation State are made under Section III.

### Application for order[3]

**34.17**    **34.17 An application for an order under the 1975 Act for evidence to be obtained—**

**(a) must be—**

**(i) made to the High Court;**

**(ii) supported by written evidence; and**

**(iii) accompanied by the request as a result of which the application is made, and where appropriate, a translation of the request into English; and**

**(b) may be made without notice.**

### Examination[4]

**34.18**    **34.18—(1) The court may order an examination to be taken before—**

**(a) any fit and proper person nominated by the person applying for the order;**

**(b) an examiner of the court; or**

---

[1] Amended by Civil Procedure (Amendment No.4) Rules 2003 (SI 2003/2113).
[2] 1975 c.34.
[3] Introduced by Civil Procedure (Amendment) Rules (SI 2002/2058).
[4] Introduced by Civil Procedure (Amendment) Rules (SI 2002/2058).

    (c) **any other person whom the court considers suitable.**

  (2) **Unless the court orders otherwise—**

    (a) **the examination will be taken as provided by rule 34.9; and**

    (b) **rule 34.10 applies.**

  (3) **The court may make an order under rule 34.14 for payment of the fees and expenses of the examination.**

### Dealing with deposition[1]

**34.19**—(1) **The examiner must send the deposition of the witness to the Senior Master unless the court orders otherwise.**     **34.19**

  (2) **The Senior Master will—**

    (a) **give a certificate sealed with the seal of the Senior Courts for use out of the jurisdiction identifying the following documents—**

      (i) **the request;**

      (ii) **the order of the court for examination; and**

      (iii) **the deposition of the witness; and**

    (b) **send the certificate and the documents referred to in paragraph (a) to—**

      (i) **the Secretary of State; or**

      (ii) **where the request was sent to the Senior Master by another person in accordance with a Civil Procedure Convention, to that other person,**

 **for transmission to the court or tribunal requesting the examination.**

### Claim to privilege[2]

**34.20**—(1) **This rule applies where—**     **34.20**

    (a) **a witness claims to be exempt from giving evidence on the ground specified in section 3(1)(b) of the 1975 Act; and**

    (b) **that claim is not supported or conceded as referred to in section 3(2) of that Act.**

  (2) **The examiner may require the witness to give the evidence which he claims to be exempt from giving.**

  (3) **Where the examiner does not require the witness to give that evidence, the court may order the witness to do so.**

  (4) **An application for an order under paragraph (3) may be made by the person who obtained the order under section 2 of the 1975 Act.**

  (5) **Where such evidence is taken —**

    (a) **it must be contained in a document separate from the remainder of the deposition;**

    (b) **the examiner will send to the Senior Master —**

---

[1] Introduced by Civil Procedure (Amendment) Rules (SI 2002/2058).
[2] Introduced by Civil Procedure (Amendment) Rules (SI 2002/2058).

(i) **the deposition; and**

(ii) **a signed statement setting out the claim to be exempt and the ground on which it was made.**

**(6) On receipt of the statement referred to in paragraph (5)(b)(ii), the Senior Master will —**

(a) **retain the document containing the part of the witness's evidence to which the claim to be exempt relates; and**

(b) **send the statement and a request to determine that claim to the foreign court or tribunal together with the documents referred to in rule 34.17.**

**(7) The Senior Master will —**

(a) **if the claim to be exempt is rejected by the foreign court or tribunal, send the document referred to in paragraph (5)(a) to that court or tribunal;**

(b) **if the claim is upheld, send the document to the witness; and**

(c) **in either case, notify the witness and person who obtained the order under section 2 of the foreign court or tribunal's decision.**

### Order under 1975 Act as applied by Patents Act 1977[1]

**34.21**  **34.21 Where an order is made for the examination of witnesses under section 1 of the 1975 Act as applied by section 92 of the Patents Act 1977[2] the court may permit an officer of the European Patent Office to—**

**(a) attend the examination and examine the witnesses; or**

**(b) request the court or the examiner before whom the examination takes place to put specified questions to them.**

#### Effect of 1975 Act and the rules

**34.21.1**  The 1975 Act and these rules should be read and applied in close conjunction, for together they provide a comprehensive, self-contained code for obtaining evidence in England for use in proceedings in foreign Courts in those cases where the proceedings are not taking place in a Regulation State. Where the proceedings are taking place in a Regulation State, reference must be made to Section III. The jurisdiction of the English courts to order persons within its jurisdiction to provide oral or documentary evidence in aid of proceedings in foreign Courts has always been exclusively statutory (*Rio Tinto Zinc Corp v Westinghouse Electric Corp* [1978] A.C. 547; [1978] 1 All E.R. 434, HL at 633 and 461, per Lord Diplock); and this jurisdiction and the powers of the High Court to make such orders are now contained in the 1975 Act, as supplemented by these rules. The Act is clear in its terms, so that references in aid of interpretation to the previous statutes which have been repealed are not required nor is any assistance to be gained from previous decisions of English Courts under the former statutes, though in practice it is almost inevitable that references will be so made.

Where Norwich Pharmacal proceedings are brought to obtain evidence, as distinct from information, for use in overseas proceedings, the court ought to decline to make orders for the provision of evidence as to do so would circumvent the statutory regime; see *R. (on the application of Omar) v Secretary of State for Foreign and Commonwealth Affairs* [2012] EWHC 1737 (Admin); a decision under the Crime (International Co-operation) Act 2003 but which involves a similar statutory regime for the taking of evidence; the *Rio Tinto* case, above considered.

---

[1] Introduced by Civil Procedure (Amendment) Rules (SI 2002/2058).

[2] 1975, c.37.

The Act of 1975 applies to civil proceedings which are either pending or contemplated (s.1(b)). The application of the 1975 Act is not confined to countries which are parties to the Hague Convention; nor is the Act limited in its application to courts of law, but extends to tribunals as well (see, per Lord Diplock in *Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above). On the other hand, the 1975 Act does not affect any of the bilateral Civil Procedure Conventions which the UK has with a number of foreign countries for the taking of evidence of a person within the jurisdiction for the assistance of courts or tribunals within those foreign countries (see r.3(b)).

It should perhaps be further noted that the 1975 Act does not affect the taking of evidence given *voluntarily* to foreign diplomatic or consular officers or other persons appointed by foreign courts to take evidence or to legal representatives taking evidence in this country for the purpose of proceedings abroad. There is in England no legal objection to the taking of evidence in this country for use outside the jurisdiction without the intervention of the High Court. A foreign Court is at liberty to appoint the consul in England of its own country, or any other person it desires, as an examiner to take evidence. So long as the witnesses are willing to attend to give evidence, the examination may be completed and the depositions returned to the foreign Court without the intervention of the Court in England. Thus American Courts often appoint some person in this country to take the evidence. On the other hand, the rules of this Order concern the power of the High Court to order such evidence to be taken, and they lay down the procedure.

However, in *Shlaimoun v Mining Technologies International Inc* [2011] EWHC 3278 (QB), November 29, 2011, Coulson J. considered that a Bankers Trust/Norwich Pharmacal order was permissible where there was the possibility that proceedings would subsequently be commenced abroad.

### General principles for compliance with foreign request for evidence

The general principle which is followed in England in relation to a request from a **34.21.2** foreign Court for assistance in obtaining evidence for the purpose of proceedings in that Court is that the English Court will ordinarily give effect to such a request so far as is proper and practicable and to the extent that is permissible under English law. This principle reflects judicial and international comity (see, per Cooke J. in *Seyfang v G. D. Searle & Co* [1973] Q.B. 148 at 151; [1973] 1 All E.R. 290 at 293) and it conforms with the spirit of the Hague Convention and the 1975 Act as it conformed with the spirit of the former statutes. "We ought to afford foreign Courts the fullest benefit we can" (per Cockburn C.J. in *Desilla v Fells* (1879) 40 LT. 423 at 424). It is the duty and the pleasure of the English Court to do all it can to assist the foreign Court, just as the English Court would expect the foreign Court to help it in like circumstances (see, per Lord Denning M.R. in *Rio Tinto Zinc Corp v Westinghouse Electric Corp* [1978] A.C. 547 at 560; [1977] 3 All E.R. 703 at 708).

In dealing with a request for evidence from a foreign Court, the English Court has first to decide whether it has jurisdiction to make an order to give effect to the request, and secondly, if it has, whether as a matter of discretion it ought to make or refuse to make such an order. As a matter of jurisdiction, in the ordinary way and in the absence of evidence to the contrary the English Court should be prepared to accept the statement of the foreign Court in its request that the evidence is required for the purposes of civil proceedings in that Court (see, per Lord Diplock in *Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above). On the other hand, the form of the letter of request is not conclusive; the Court must examine the request objectively by the nature of the testimony sought (see, per Lord Wilberforce in *Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above) and it has to look at the substance of the matter (see, per Lord Goddard in *Radio Corp of America v Rauland Corp* [1956] 1 Q.B. 618 at 641) but it may have regard to what was said in the foreign Court when the request for evidence was issued. If there is any doubt about the matter, the English Court may allow the parties to refer back to the foreign court or judge who issued the request for evidence (see *American Express Warehousing Ltd v Doe* [1967] 1 Lloyd's Rep. 222).

As a matter of discretion, again in the ordinary way, the English Court should exercise its discretion to make the order asked for unless it is satisfied that the application would be regarded as falling within the description of frivolous, vexatious or an abuse of the process of the Court (per Lord Diplock in *Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above). Thus, the English Court will in its discretion refuse to order an expert to give evidence against their wishes in a case where they have had no connection with the facts or history of the matter in issue and still less to produce working

papers from which they had prepared published articles (*Seyfang v G. D. Searle & Co* [1973] Q.B. 148; [1973] 1 All E.R. 290).

The English Court has power to accept or reject the foreign request in whole or in part, whether as to oral or documentary evidence; and it can and should delete from the foreign request any parts that are excessive either as regards witnesses or as regards documents. The English Court will act on the principle that it should salve what it can, but should decline to comply with the foreign request in so far as it is not proper or permissible or practicable under English law to give effect to it. The English Court, moreover, ought not to embark on the process of re-structuring or re-casting or re-phrasing the foreign request so that it becomes different in substance from the original request. The Court has no power so to modify the original foreign request as to substitute a different category of documents for the category which had been requested by the foreign Court (see, per Lord Diplock in *Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above) and see also *Minnesota v Philip Morris Inc* [1998] I.L.Pr. 170, CA, and *Golden Eagle Refinery v Associated International Insurance* [1998] EWCA Civ 293.

A request could not be denied on the ground of "fishing" if there was sufficient reason to believe that the witness could give relevant evidence to issues in the action and the issue of relevance fell to be determined by the foreign court. It was necessary however to protect witnesses from oppressive requirements such as submitting them to wide ranging examination while at the same time they were under threat of being added as defendants. The test of whether to disallow the request was similar to that applied in setting aside a domestic witness summons: *First American Corp v Al-Nahyan* [1999]1 W.L.R 1154 CA; [1998] 4 All E.R. 439, CA. The case of *USA v Philip Morris Inc* [2004] EWCA Civ 330, is an example to the court taking steps to protect the witness; see 34.21.4 below.

In *First American* (above) it was said that the court should first ask whether the intended witness can reasonably be expected to have relevant evidence to give on the topics mentioned in the requested testimony, and second whether the intention underlying the formulation of those topics is an intention to obtain evidence for use at the trial or is some other investigatory, and therefore impermissible intention; see Sir Richard Scott, Vice-Chancellor at p.1165D.

**Evidence for civil proceedings**

**34.21.3**   Under s.1 of the 1975 Act, the High Court has the powers conferred on it by the Act to render assistance to a foreign Court to obtain evidence in England and Wales for civil proceedings in that Court. Three conditions precedent must be fulfilled before the English Court can exercise the jurisdiction conferred upon it to make any order under the 1975 Act, namely:

   (1) there must be an application to the Court for an order for evidence to be obtained in England and Wales;

   (2) the Court must be satisfied that such application is made in pursuance of a request by or on behalf of a Court or tribunal described as "the requesting Court" exercising jurisdiction outside England and Wales (s.1(a)); and

   (3) the Court must be satisfied that the evidence to which the application relates is to be obtained for the purposes of civil proceedings which either have been instituted before the requesting Court or where institution before that Court is contemplated (s.1(b)).

For this purpose, civil proceedings means proceedings in any civil or commercial matter, and request includes any commission, order or other process issued by or on behalf of the requesting Court, sometimes called "letters rogatory" (see s.9(1)).

The term "civil or commercial matter" is a wide general term, covering all kinds of suits, petitions, summonses, applications for orders and so forth, of which Courts are competent to take cognisance (per Chapman J. in *Re Extradition Act 1870 Ex p. Treasury Solicitor* [1969] 1 W.L.R. 12; sub nom. *Re Gross* [1968] 3 All E.R. 804). Civil proceedings include procedural steps taken in the course of proceedings from commencement to their conclusion; see *Rio Tinto Zinc Corportation v Westinghouse Electric Corp* [1978] A.C. 547 at 633; [1978] 1 All ER 703, HL at p.461.

Affiliation proceedings are a "civil matter" (*S. v E.* [1967] 1 Q.B. 367; [1967] 1 All E.R. 593).

For the purposes of civil proceedings, the English Court must be satisfied that the requesting Court is requiring the evidence for the purposes of proceedings which have been begun or are contemplated in that Court. What precisely is meant by 'contemplated' remains to be decided by an English court.

The English court will extend its assistance in obtaining evidence to be used for the enforcement of the revenue law of a foreign state in that state itself, since this will not breach the rule that the English courts will not assist in the direct or indirect enforcement in England of the revenue law of that foreign state (*Re State of Norway's Applications (Nos 1 & 2)* [1990] 1 A.C. 723).

In *Smith v Phillip Morris Companies Inc* [2006] EWHC 916 (QB), Andrew Smith J., an order for the oral examination of a non party to proceedings in Kansas was set aside where the letter of request seeking the order was couched in such wide terms that it amounted to an impermissible investigation and the letter of request could not properly be modified or made subject to conditions. The judgment contains a useful summary of the general principles which govern the approach of English courts to letters of request.

### Powers of the Court

Under s.2 of the 1975 Act, the High Court is given extensive powers on an application under s.1 to make an order for obtaining the requested evidence in England and Wales. The Court may by its order make such provision for obtaining the requested evidence "as may appear to the Court appropriate for the purposes of giving effect to the request in pursuance of which the application is made" (s.2(1)) and the order may require a person specified therein to take such steps as the Court may consider appropriate for that purpose (ibid.).

**34.21.4**

In particular, the order of the Court may make provision for the examination of witnesses, either orally or in writing; the production of documents; the inspection, photographing, preservation, custody or detention of any property; the taking of samples of any property and the carrying out of any experiments on or with any property; the medical examination of any person, and the taking and testing of samples of blood from any person (s.2(2)).

In *USA v Philip Moris Inc* [2004] EWCA Civ 330, the judge at first instance included in his order a direction that the applicant (the claimant) supply to the non-party witness and one of the defendants a paginated bundle of documents on which it intended to rely at the examination, together with a written indication of the proposed lines of questioning with reference to documents together with sample questions. He also fixed a directions hearing at which he would hear objections by the witness and the defendant and give further directions as appropriate. The Court of Appeal approved this approach. The case was complex, involved numerous documents and it was likely that the witness would raise issues of legal professional privilege.

Nevertheless, there are important limitations upon the powers of the English Court imposed by subss.(3) and (4) in making an order for obtaining evidence at the request of a foreign Court and by the common law. These limitations include:

(1) no order for general disclosure of documents;

(2) production only of particular documents specified in the foreign request; and

(3) breach of UK sovereignty.

In addition, of course, the Act of 1975 preserves the grounds of privilege of a witness from giving evidence or producing documents recognised under the law of England or of the requesting Court (s.3).

These limitations and the preservation of the recognised grounds of privilege are intended to protect and safeguard the position of a person, not a party to the foreign litigation, from giving evidence in aid of foreign proceedings, which according to the policy of English procedural law they ought not to be compelled to give. Note also that there is no power to order the taking of evidence from any person in their capacity as an officer or servant of the Crown; s.9(4) of the 1975 Act. As to evidence for pre-trial purposes see the next paragraph.

### Distinction between evidence for trial or for pre-trial purposes

Under s.2(3), the English Court is prohibited from making an order requiring any particular steps to be taken unless they are steps which can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the English Court, whether or not they are proceedings of the same description as those to which the application for the order relates. This provision, which applies both to oral and documentary evidence recognises and gives effect to the distinction between evidence in the nature of proof to be used for the purposes of the trial and evidence in the nature of pre-trial disclosure to be used for the purposes of leading to a train of in-

**34.21.5**

quiry which might produce direct evidence for the trial. This distinction was in the mind of the draftsman of the Act of 1975 and was made the subject of an express declaration by Her Majesty's Government when ratifying the Hague Convention that the United Kingdom would "not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents" (see Cmnd. 6727 (1976)); see 34.21.6 (below).

Accordingly, the English court could in the past refuse to make an order in aid of a foreign request for evidence if it appeared or to the extent to which it appeared that that evidence was required, not for the purpose of proof at the foreign trial, where it was admissible and relevant to the issues in those proceedings, but for the purpose of disclosure, something in the nature of a roving inquiry in which a party was seeking to "fish out" some material which might lead to obtaining admissible evidence at the trial, even though the procedure of the foreign court permitted such a practice, as, for example, r.26 of the U.S. Federal Rules of Civil Procedure and the rules of many State Courts in the USA, and r.18 of the Nova Scotia Civil Procedure Rules (see *Radio Corp of America v Rauland Corp* [1956] 1 Q.B. 214; [1956] 1 All E.R. 549; DC; *Burchard v Macfarlane* [1891] 2 Q.B. 241; *Penn-Texas Corp v Murat Anstalt* [1964] 1 Q.B. 40; [1963] 1 All E.R. 258). On the other hand, if the foreign request is for evidence in the nature of proof to be adduced to the trial, the English Court will give effect to such request and it may do so subject to modifications as to the disallowances of certain witnesses or documents (*Rio Tinto Zinc Corp v Westinghouse Electric Corp* [1978] A.C. 547; [1978] 1 All ER. 434, HL, upholding the CA [1977] 3 W.L.R. 430; [1977] 3 All E.R. 703, though reversing the decision on other grounds; and see *American Express Warehousing Ltd v Doe* [1967] 1 Lloyd's Rep. 222, CA). The combined approach in relation to the Act of 1975 is set out by Waller L.J. in the decision of the Court of Appeal in *Genira Trade and Finance Inc v CS First Boston and Standard Bank (London) Ltd* [2001] EWCA Civ 1733, paras 28 to 32; [2002] C.L.C. 301. See also *First American Corp v Zayed and others* [1999] 1 W.L.R.1154; [1998] 4 All ER 439 CA; and see *Golden Eagle Refinery v Associated International Insurance* [1998] EWCA Civ 293, where the Court of Appeal upheld the orders for the examination of witnesses on terms that the examination "shall be for the purpose only of eliciting and recording testimony appropriate to be given at trial" and that "no question may be asked of the witness which in the opinion of the examiner is not a question of the nature that could properly be asked by counsel examining the witness in chief at trial before the High Court of England and Wales."

The Second Division of the Inner House of the Court of Session amended a letter of request from the Superior Court of the State of California which had the dual purpose of discovery and obtaining evidence for the use at trial by adding the words "for the purpose of his trial testimony only". The Court also directed that a legal representative of the witness should be allowed to be present at the examination with power to object to questions which appeared to be objectionable. It would then be for the examiner (in this case the Sheriff Principal of North Strathclyde) to rule upon these objections (*Lord Advocate v Murdoch* 1994 S.L.T. 852).

In relation to legal systems which do not recognise the distinction between the stages of pre-trial and trial, as in the case of many European Continental systems, it seems that the English Court may have to give effect to the request of the foreign Court, since all the material which such a Court gathers in the way of evidence forms part of the material on which that Court makes its final adjudication, so that the evidence is the equivalent of testimony at the trial. It remains to be seen how the more restrictive approach of the English courts to disclosure (Pt 31) is likely to effect the position given the extensive discretionary powers that remain.

**No order for general disclosure of documents**

**34.21.6**    Under s.2(4)(a) of the 1975 Act, the English court is prohibited from making an order against a stranger to the proceedings requiring them to make general disclosure of documents, i.e. to state whether documents relevant to the proceedings to which the application for the order relates are or have been in their possession, custody or power. Such an order would be in the nature of a "fishing" expedition which is never allowed in the English court (see, per Lord Goddard C.J. in *Radio Corp of America v Rauland Corp* [1956] 1 Q.B. 618, at 649; see also *Buchard v Macfarlane* [1891] 2 Q.B. 241). This provision was made pursuant to the express declaration of H.M. Government when modifying the Hague Convention (see Cmnd. 6727 (1976)). The words "possession, custody or power" are set out in the Act. CPR r.31.8 refers to "control".

**Production of particular documents specified**

**34.21.7**    Under s.2(4)(b) of the Act of 1975, the English court is prohibited from making an

order against a stranger to the proceedings requiring them to produce any documents other than particular documents specified in the order as being documents appearing to the court making the order to be, or be likely to be, in their possession, custody or power.

In making an order for the production of documents, the court must first be satisfied that they are likely to be, in the control of the person against whom the order is made CPR r.31.8. The burden of proving this fact is upon the applicant, and there must be sufficient evidence supporting this ground.

Moreover, in applying this provision of the Act, the court is limited to ordering the production of "particular documents specified," i.e. individual documents separately described, together with replies to letters where replies must have been sent (per Lord Diplock and per Lord Wilberforce respectively in *Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above). General words like a request for "any memoranda, correspondence or other documents relevant thereto" or "any memoranda, correspondence or other documents referred to therein" are far too wide and will be struck out (*Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above, negating to this extent *American Express Warehousing Ltd v Doe* [1967] 1 Lloyd's Rep. 222, CA). The analogy to be followed is, not what description of documents would be sufficient for the purposes of a witness summons to produce documents but what particular documents would fall within CPR r.31.12, for the production of "particular documents." Indeed, the Act of 1975 has not dealt more liberally than its predecessor with pre-trial discovery but it has taken a stricter line (see, per Lord Wilberforce in *Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above).

The House of Lords has explained in *Re Asbestos Insurance Coverage Cases* [1985] 1 W.L.R. 331; [1985] 1 All ER. 716 that (1) "particular documents" means individual documents separately described; a compendious description of several documents (e.g. "monthly bank statements for August to December") may be used provided that the exact document in each case is clearly indicated. (2) A second test of "particular documents" is that they must be actual documents shown by evidence to exist or to have existed. Conjectural documents which may or may not exist, or have existed, do not satisfy this test (per Lord Fraser at 720–722).

On the other hand, documents to be produced under letters rogatory need not be ancillary to the oral evidence of witnesses (*Rio Tinto Zinc Corp v Westinghouse Electric Corp* [1978] A.C. 547).

In *Panayiotou v Sony Music* [1994] Ch 142; [1994] 1 All E.R. 755, 763, 764 a case concerning an outgoing letter of request under Ord.39 r.2, Nicholls V.-C. after discussing *Rio Tinto Zinc Corp v Westinghouse Electric Corp* and *Re Asbestos Insurance Coverage Cases*, above, considered that letters of request for the production of documents whether outgoing or incoming should be governed by a uniform standard and that standard was the standard applicable to a domestic summons to produce documents. See also his decision of the Court of Appeal in *First American Corp v Sheikh Zayed Al-Nahyan* [1999] I.L.Pr. 179.

**Breach of UK sovereignty**

Quite apart from the provisions of the 1975 Act, where it appears to the Court that the Ministry or Department of another state, e.g. the USA has intervened in the letters rogatory proceedings with a view to the exercise by that State of extra-territorial jurisdiction in penal matters which in the view of Her Majesty's Government is prejudicial to the sovereignty of the UK, the Court will refuse to give effect to the letters rogatory; and in any event, such letters rogatory will have changed their character from being a request for evidence in proceedings for the foreign Court and converted into a request for evidence for the purpose of penal or grand jury investigation, e.g. under breaches of the US anti-trust legislation (*Rio Tinto Zinc Corp v Westinghouse Electric Corp*, above).

**34.21.8**

**Privilege of witnesses**

Under s.3(1) of the 1975 Act, a witness is entitled to claim privilege from giving any evidence which they could not be compelled to give on any ground recognised under the law of England or under the law of the requesting court. The claim to privilege against giving evidence extends not only to giving answers to any questions, whether oral or in writing but to producing any document (s.3(4)). Ordinarily, the English Court will make the order to give effect to the foreign request for evidence (see *Re Westinghouse Uranium Litigation* [1977] 3 W.L.R. 430; [1977] 3 All E.R. 703) and the claim to privilege must be properly taken by the witness at the time of their examina-

**34.21.9**

tion under the order or at the stage at which the relevant document is required to be produced (see *Re Westinghouse Uranium Litigation (No.2)* [1977] 3 W.L.R. 492; [1977] 3 All E.R. 717, CA).

The Court will give effect to the claim for privilege on any ground recognised by English law, even though it be a ground which is not recognised or known in the courts or territory of the requesting Court. Thus, in relation to letters rogatory from a US Federal Court, an English company was entitled to claim privilege against self-incrimination under s.14(1) of the Civil Evidence Act 1968 in respect of documents required to be produced, since such production would have exposed the company to fines imposed by the Commission of the European Communities under art.17 of reg.17 for intentionally or negligently acting in breach of art.85 of the Treaty of Rome, which formed part of the law of England, and such fines imposed by the Commission under this regulation constituted a "penalty" for the purposes of s.14 of the Civil Evidence Act 1968 and were recoverable by proceedings in England (*Rio Tinto Zinc Corp v Westinghouse Electric Corp* [1978] A.C. 547; [1978] 1 All E.R. 434, affirming [1977] 3 W.L.R. 492; [1977] 3 All E.R. 717, CA).

The Act provides a further ground entitling a witness who has been ordered to give evidence in aid of foreign proceedings to refuse to do so. By s.3(3), such a person will not be compelled to give any evidence, whether in answering any question or producing any document, if their doing so would be prejudicial to the security of the United Kingdom, and a certificate signed by or on behalf of the Secretary of State to this effect will be conclusive evidence of that fact. This provision is additional to the claim for privilege on the ground that disclosure of the document would be injurious to the public interest (see CPR r.31.19).

### Privilege claimed under foreign law

**34.21.10**     Where the ground of privilege claimed is one not recognised by the law of England, but is recognised by the law of the country or territory of the requesting Court, the claim to privilege must either be supported by a statement contained in the request, whether unconditionally or subject to conditions which are fulfilled or it is conceded by the applicant for the order (s.3(2)(a) and (b)). If it is not so supported or conceded the witness may be required to give the evidence to which the claim relates but that evidence must not be transmitted to the requesting court if that court, on the matter being referred to it, upholds the claim (s.3(2) of the Act of 1975).

An example of such a claim for privilege would be the privilege afforded by the Fifth Amendment of the US Constitution, which is available only to individuals and not to companies (see *Rio Tinto Zinc Corp v Westinghouse Electric Corp* [1978] A.C. 547).

When such a claim is made, the practice is that the examiner may, if they think fit, require the witness to give the evidence to which the claim relates and if the examiner does not do so the Court may do so, on the application without notice, of the person who obtained the order (see r.34.20(2)(3)). If such evidence is taken then it must be contained in a document separate from the remainder of the deposition of the witness; the examiner must send to the Senior Master with the deposition a statement signed by the examiner setting out the claim and the ground on which it was made. On receipt of the statement the Senior Master must *retain* the document containing the part of the witness's evidence to which the claim relates, and he must send the statement and a request to determine the claim to the requesting court with the rest of the deposition; and if the claim is rejected by the requesting court, the Senior Master must send that court the documents containing that part of the witness's evidence to which the claim relates, but if the claim is upheld, he must send the documents to the witness, and he must in either case notify the witness and the person who obtained the order for the examination of the court's determination: (see r.34.20(6)(7)).

### Evidence for criminal proceedings

**34.21.11**     Section 5 of the 1975 Act which enabled the High Court to make an order in pursuance of a foreign request for the evidence of a witness to be obtained for the purpose of criminal proceedings has been repealed with effect from July 1, 1991 by the Criminal Justice (International Co-operation) Act 1990.

### Evidence for United Kingdom Court

**34.21.12**     Section 4 of the 1975 Act extends the powers of the High Court under SCA 1981 s.36 (previously s.49 of JA 1925) to order the issue of a summons in special form, enforceable throughout the United Kingdom, for the attendance of a witness at a trial, so

as to enable the witness's attendance to be required before an examiner or commissioner appointed by the court or judge in any cause or matter in that Court, including an examiner or commissioner appointed to take evidence outside the jurisdiction of the court.

### Evidence for proceedings in the European Court of Justice

The 1975 Act has been made to apply to the Court of Justice of the European Communities with the modification that the person by whom a certificate may be given is the Registrar of that Court (see SI 1976/428). This enables evidence for proceedings before the European Court of Justice to be taken at the request of that Court in the United Kingdom.

**34.21.13**

### Evidence for international proceedings

Section 6 of the 1975 Act enables the provisions of ss.1–3 of the Act to be extended by Order in Council to international proceedings of any description specified in the order including the International Court of Justice, or any other Court, tribunal, commission, body or authority referred to in s.6(3).

**34.21.14**

### Convention countries

For details of the countries that are parties to bilateral conventions and/or the Hague convention see paras and 34.13.7 and 34.13.8.

**34.21.15**

### Application for order by party

See r.34.17 and para.6.3 of the Practice Direction. The application for an order under s.2 of the Act of 1975 to give effect to a foreign request for evidence to be obtained in England and Wales for the purpose of civil proceedings in the foreign court is made to a Master of the Queen's Bench Division.

The application for an order in Civil Proceedings must be made, without notice being served on every other party, and must be supported by witness statement or affidavit to which there must be exhibited in the request in pursuance of which the application is made, and if the request is not in the English language a translation must accompany the request and must be exhibited. As to sufficiency of letters of requests etc., see *Simpson v Hazard* [1887] W.N. 115.

Letters of request for evidence in foreign civil proceedings are dealt with in the office of the Foreign Process Section, Room E14, Royal Courts of Justice, Strand, London WC2A 2LL.

**34.21.16**

### Application for order by Treasury Solicitor

Where a letter of request is received by the Senior Master from the Foreign Office or from a consul of a country with which a Civil Procedure Convention has been concluded, and no solicitors in this country have been instructed to act, the Senior Master calls upon the Treasury Solicitor to act and will then take the steps necessary to give effect to the letter of request. See para.6.4 of the Practice Direction at 34APD.6. It must be noted that in giving effect to the request, the Treasury Solicitor is not acting on behalf of the parties to the proceedings.

It is unlikely that any legal representative of any of the parties to the proceedings will attend the examination. If, however, representatives (who may include counsel as well as solicitors) do attend, and a case officer on behalf of the Treasury Solicitor attends, the case officer will generally conduct the examination-in-chief of the witness. Thereafter the witness may be cross-examined by the legal representative of the other party and re-examined by the representative of the party on whose behalf the examination has been sought. Finally, with the approval of the examiner the Treasury Solicitor may put further questions to the witness to elucidate any points remaining obscure. Care must be taken to see that all the questions asked of the witness are within the ambit of the letter of request.

**34.21.17**

### Application to discharge order

As the order is made without notice being served on any other party, application may be made to vary or discharge the order. Such application must be made by Pt 23 application and should be supported by written evidence stating the grounds on which the order is sought to be discharged. A party in proceedings abroad has the right to be heard to challenge an order made under the Evidence (Proceedings in Other Jurisdictions) Act 1975, obtained in this country by the other party to the foreign proceedings

**34.21.18**

and directed to a third party requiring the production of documents (*Boeing Co v P.P.G. Industries Inc* [1988] 3 All E.R. 839); see *Land Rover North America Inc v Windh* [2005] EWHC 432 (QB).

### Persons to take examination

**34.21.19**    The examination may be ordered to be taken before any fit and proper person nominated by the person applying for the order or before an examiner of the court or before such other qualified person as to the court seems fit (r.4(1)). The witness statement or affidavit should therefore name the examiner where it is decided to appoint or ask for an examiner of the court to be appointed. If the examiner is named, the witness statement or affidavit should state that they are, in the dependant's opinion, a fit and proper person. A consular officer of the foreign country may be the examiner.

The court may make an order under CPR r.34.14, for the payment of the fees and expenses due to the examiner (see r.34.18(3)).

Because the 1975 Act sets limits on the extent of examination permitted which may give rise to the sort of difficulties discussed in subsequent paragraphs of the note, it is generally desirable that an English lawyer be appointed to conduct the examination. The wide discretion given to the Court under r.4 either to nominate or approve the nomination of the examiner does not preclude the nomination and approval of a foreign lawyer, but in many cases, particularly those of a complex nature, it is better practice that the examiner be a person familiar with English law and procedure. The court in the exercise of its discretion may require that such a person be nominated. It is open to the court to require that the examination is conducted by an examiner of the court.

### Enforcing attendance of witnesses

**34.21.20**    Failure of a witness to attend is addressed in CPR r.34.10.

The witness is entitled both to conduct money and payment of expenses and loss of time as on attendance as a witness in civil proceedings before the court making the order (see s.2(5) of the 1975 Act).

### Manner of taking examination

**34.21.21**    Subject to r.34.20 (claim to privilege), and to any special directions contained in the order for the examination of a witness, the examination must be taken in the manner provided by CPR r.34.9 and 34.10. Normally, the examination will be conducted according to English law and procedure ("the English mode"). however, art.9 of the Hague Convention provides that a request that a special mode or procedure be followed should be complied with unless incompatible with the law of the state of execution.

Where a request is made by the foreign court as to the particular manner for taking depositions, that manner should be employed unless the manner proposed is so contrary to English established procedures that it should not be permitted and subject to the exercise of judicial discretion to permit it, and, therefore where the request is for tape or video recording of the depositions, which would be admissible in English courts if taken outside the court, the court will accede to that request and make such order accordingly (*J. Barber & Sons (a firm) v Lloyds Underwriters* [1986] 3 W.L.R. 515; [1986] 2 All E.R. 845).

The arrangements for the examination are made by the solicitor having conduct of the matter. Correspondence or oral communications passing between them and the witness will show whether it will be necessary to have an interpreter present at the examination. It will also be the duty of the solicitor to decide whether the evidence is likely to be of such length as will make it desirable to arrange for the evidence to be noted by shorthand. If a shorthand note is thought necessary the solicitor must arrange for the presence of a shorthand writer, but should first of all consult the examiner and any solicitors who they know are going to attend.

The evidence can only be taken "in the English mode," but that does not mean that it is to be limited to what is admissible in English courts. The foreign Court should be afforded the fullest help it is possible to give. If its rules of evidence are known, effect should be given to them; if not, any questions should be admitted which may be expected to throw light on the matters in issue (per Cockburn C.J. in *Desilla v Fells* (1879) 40 L.T. 423–424). As the examination should be conducted in the English mode, a company cannot be ordered to attend for examination on oath (*Penn-Texas Corp v Murat Anstalt* [1964] 1 Q.B. 40; [1963] 1 All E.R. 258, CA) but a company or

body corporate can be ordered to attend and produce specified documents by its proper officer (*Penn-Texas Corp v Murat Anstalt (No.2)* [1964] 2 Q.B. 647; [1964] 2 All E.R. 594, CA; *Panthalu v Ramnord Research Laboratories Ltd* [1966] 2 Q.B. 173; [1965] 2 All E.R. 921, CA).

At the examination the witness is questioned by the solicitor or counsel if they are instructed. The party who wishes to have the witness examined must restrict their questions to those appropriate for examination in chief and re-examination. If the other party to the proceedings attends or is represented, their representatives may cross-examine. The examiner must not permit the parties to raise questions beyond the questions or issues identified by the foreign court. The order of the court may provide that the person required to give testimony, either orally or in writing, may do so otherwise than on oath where this is asked for by the requesting court (see s.2(3) of the Act of 1975).

The witness giving evidence before an examiner has to give their own answers without the intervention of legal advice and is therefore not entitled to receive legal advice while being examined, but the examiner can, if they consider that the witness is not capable of an informed judgment, permit an independent adviser to object and formulate the grounds of objection to the questions put to the applicant (*R. v Rathbone Ex p. Dikko* [1985] Q.B. 630).

If the witness refuses to answer any question, that fact should be formally noted in the depositions, showing the ground of refusal, i.e. that they are not liable to answer. A witness willing to answer, notwithstanding their right to refuse, is entitled to do so and to have their answer recorded. Where a witness refuses to answer any question which they are liable to answer, a certificate of their refusal signed by the examiner must be filed and application may then be made to the court requiring the witness to answer (see para.34APD.6.8). The examination should, however, be completed in all other respects and adjourned generally.

An order for committal ought not to be made in the case of a witness examined under this Act, who refuses to produce material documents of which they have possession or control only in the character of servant to a master who is not a party to the proceedings and who has not forbidden them to produce the documents (*Eccles & Co v Louisville and Nashville Ry.* [1912] 1 K.B. 135, CA).

**Blood and DNA tests**

Occasionally a requesting court asks that a witness undergo a blood or DNA test. **34.21.22** Blood tests are permissible under s.2 of the 1975 Act. Such a request should be included in the order but subject to the express provision that there should be no blood test without the consent of the witness. The English court will not order a blood test without consent. If the witness agrees to undergo a test the examiner should make a note of that fact in the deposition adding the words "provided that this is at no expense to myself". The witness should then be told that the Foreign Process Section will contact them direct to make the necessary arrangements.

Under s.20(1) of the Family Law Reform Act 1969 (as amended) the court may direct the taking of bodily samples for the use of scientific tests in order to determine parentage. Practice Direction 23B deals with applications for such directions. In the circumstances, the Senior Master is of the view that a DNA test can be sought by Letter of Request. Again, the consent of the witness would be required.

### III. Taking of Evidence—Member States of the European Union

**Editorial introduction**

Section III was added to Pt 34 with effect from January 1, 2004 by the Civil Proce- **34.21.23** dure (Amendment No.4) Rules 2003 (SI 2003/2113). The object of the Section is to give effect to the Council Regulation (EC) 1206/2001 of May 28, 2001 on co-operation between the courts of the Member States in the taking of evidence in civil and commercial matters ("the Taking of Evidence Regulation"). The Taking of Evidence Regulation applies to all Member States of the European Union except Denmark; r.34.22(b). A state to which the Taking of Regulation applies is defined as a Regulation State.

Apart from a short rule dealing with interpretation, Section III consists of two rules: a rule dealing with where the deposition is to be taken from a person who is in

another Regulation State; and a rule dealing with where the deposition is to be taken within the jurisdiction for use for courts of other Regulation States. Whichever rule applies, the basic scheme is the same—a requesting court orders the issue of a request to a designated court ("the requested court") in the Regulation State in which the proposed deponent is situated. The object is to achieve direct transmission between the courts.

Section III is supplemented by paras 7 to 11 of the Practice Direction and The Taking of Evidence Regulation is annexed to the Practice Direction as Annex B. The requisite procedural forms are annexed to the Regulations. The Taking of Evidence Regulation prevails over other provisions contained in bilateral or multilateral agreements and the Hague Convention; see art.21(1) of the Taking of Evidence Regulation. Accordingly, we have a complete code for the taking of evidence between Regulation States. This code requires careful study and what follows is merely a summary of some key features.

**Designated Court or Requested Court**

**34.21.24**    Each Regulation State has prepared a list of courts competent to take evidence. The designated courts in England and Wales are listed in Annex C to the Practice Direction. They are:

| Area | Designated court |
| --- | --- |
| London and South Eastern Circuit | Royal Courts of Justice (Queen's Bench Division) |
| Midland Circuit | Birmingham Civil Justice Centre |
| Western Circuit | Bristol County Court |
| Wales Circuit | Cardiff Civil Justice Centre |
| Northern Circuit | Manchester County Court |
| North Eastern Circuit | Leeds County Court |

**Central Body**

**34.21.25**    The Taking of Evidence Regulation requires each Regulation State to nominate a Central Body responsible for supplying information to courts; seeking solutions to any difficulties which may arise in respect of a request; and forwarding, in exceptional cases, at the request of a requesting court, a request to the competent court. The Senior Master has been nominated as the Central Body for England and Wales; see para.9 of the Practice Direction at 34APD.9.

**Applications**

**34.21.26**    An application for an order for the issue of a request to a designated court in another Regulation State should be made by application notice in accordance with Pt 23; see para.10.2 of the Practice Direction at 34APD.10. The form of request is prescribed as Form A in the Taking of Evidence Regulation. If the court grants an order it will send the form of request directly to the designated court. Note that it is the court where the proceedings are taking pace which orders the issue of a request and transmits the request directly to the requested court; see para.10.1 of the Practice Direction at 34APD.10 and art.2 of the Taking of Evidence Regulation. Accordingly, a county court may order the issue of a request. Where the person to be examined is not in a Regulation State, only the High Court may order the issue of a letter of request; see r.34.13(1A).

**Evidence to be taken in England and Wales for use in another Regulation State**

**34.21.27**    Where a designated court in England and Wales receives a request to take evidence from a court in a Regulation State, the court will send the request to the Treasury Solicitor. The Treasury Solicitor may, with the consent of the Treasury, apply for an order under r.34.24. An application to the court for an order must be accompanied by the Form of request to take evidence and any accompanying documents, translated if required under para.11.4 of the Practice Direction, see 34APD.11. The order for the deponent to attend and be examined together with the evidence on which the order was made must be served on the deponent. The provisions of paras 4.3 to 4.12 apply such depositions.

**The language**

**34.21.28**    The United Kingdom has indicated that, in addition to English, it will accept

French as a language in which documents may be submitted. Where the form or request and any accompanying documents are received in French they will be translated into English by the Treasury Solicitor. Otherwise documents must be translated into English.

**Use of post/fax**

Designated courts in England and Wales will accept a request by post or by fax. **34.21.29**

**Acknowledgment of receipt**

Within seven days of receipt the requested court must acknowledge receipt using **34.21.30** Form B annexed to the Taking of Evidence Regulation.

**Incomplete information**

If a request cannot be executed because it does not contain all the information **34.21.31** required by art.4, the requested court must within 30 days call for the missing information using Form C.

**Time for execution of the request**

The request must be executed within 90 days of the receipt of a satisfactory request; **34.21.32** see art.9 and art.10. If the request cannot be executed within 90 days, the requesting court must be informed using Form G.

**Special procedures**

Article 10 of the Taking of Evidence Regulation provides that a requesting court **34.21.33** may ask for a special procedure to be used and this will be complied with unless it is incompatible with the law of the Regulation State of the requested court or by reason of major practical difficulties. This is not dissimilar to art.9 of the Hague Convention; see para.34.21.21 above. If the requested court does not comply with the request it shall inform the requesting court using Form E.

**Rights of audience**

The parties and their lawyers may attend and seek to participate. The requested **34.21.34** court may law down conditions in accordance with art.10.

**Presence and participation of the requesting court**

The judges and representatives of the requesting court may attend and this may **34.21.35** include a designated expert. They may apply to take part in the taking of the evidence. The requested court can lay down conditions upon which they may participate; see art.12.

**Witness summonses**

These may be used to enforce the attendance of witnesses; see art.13. **34.21.36**

**Refusal to execute**

Article 14 requires careful reading. It deals with the position where a person claims **34.21.37** the right to refuse to give evidence or to be prohibited from giving evidence.

**Direct taking of evidence**

A requesting court may seek to come to this jurisdiction to take the evidence itself. **34.21.38** No witness summonses may be used in such circumstances and the witness must consent to give evidence; see art.17. A request to take evidence directly is made to the Senior Master as the Central Body.

**Costs**

Costs are dealt with in art.18. In *Werynski v Mediatel 4B spoklka zo.o. (C-283/09)* **34.21.39** [2012] Q.B. 66, ECJ, the ECJ held that the requested court's entitlement to recover from the requesting court the costs listed in article 18(2), did not extend to the right to recover, either in advance or as a reimbursement, witness expenses payable to the witness under national law.

**Interpretation[1]**

34.22    34.22  In this Section—

(a) "designated court" has the meaning given in Practice Direction 34A;

(b) "Regulation State" has the same meaning as "Member State" in the Taking of Evidence Regulation, that is all Member States except Denmark;

(c) "the Taking of Evidence Regulation" means Council Regulation (EC) No. 1206/2001 of 28 May 2001 on co-operation between the courts of the Member States in the taking of evidence in civil and commercial matters.

**Where a person to be examined is in another Regulation State[2]**

34.23    34.23—(1) Subject to rule 34.13A, this rule applies where a party wishes to take a deposition from a person who is in another Regulation State—

(a) outside the jurisdiction; and

(b) in a Regulation State.

(2) The court may order the issue of a request to a designated court ("the requested court") in the Regulation State in which the proposed deponent is.

(3) If the court makes an order for the issue of a request, the party who sought the order must file—

(a) a draft Form A as set out in the annex to the Taking of Evidence Regulation (request for the taking of evidence);

(b) except where paragraph (4) applies, a translation of the form;

(c) an undertaking to be responsible for costs sought by the requested court in relation to—

(i) fees paid to experts and interpreters; and

(ii) where requested by that party, the use of special procedures or communications technology; and

(d) an undertaking to be responsible for the court's expenses.

(4) There is no need to file a translation if—

(a) English is one of the official languages of the Regulation State where the examination is to take place; or

(b) the Regulation State has indicated, in accordance with the Taking of Evidence Regulation, that English is a language which it will accept.

(5) Where article 17 of the Taking of Evidence Regulation (direct taking of evidence by the requested court) allows evidence to be taken directly in another Regulation State, the court may make an order for the submission of a request in accordance with that article.

---

[1] Introduced by Civil Procedure (Amendment No.4) Rules 2003 (SI 2003/2113) and amended by the Civil Procedure (Amendment No.2) Rules 2009 (SI 2009/3390).

[2] Introduced by Civil Procedure (Amendment No.4) Rules 2003 (SI 2003/2113) and amended by Civil Procedure (Amendment No.5) Rules 2003 (SI 2003/3361).

**(6) If the court makes an order for the submission of a request under paragraph (5), the party who sought the order must file—**

> **(a) a draft Form I as set out in the annex to the Taking of Evidence Regulation (request for direct taking of evidence);**
>
> **(b) except where paragraph (4) applies, a translation of the form; and**
>
> **(c) an undertaking to be responsible for the court's expenses.**

**Note**

See *Dendron GmbH v University of California (Parallel Proceedings: Use of Evidence)* **34.23.1** [2004] EWHC 589; [2005] 1 W.L.R. 200; [2004] I.L.Pr. 35, Laddie J. (above).

**Proceeds of Crime Act 2002**

An application for a letter of request under Part V of the Proceeds of Crime Act **34.23.2** 2002 is made under paras (4) to (7) of r.34.13 irrespective of where the proposed deponent is and this rule does not apply; r.34.13A.

## Evidence for courts of other Regulation States[1]

**34.24—(1) This rule applies where a court in another Regulation** **34.24** **State ("the requesting court") issues a request for evidence to be taken from a person who is in the jurisdiction.**

**(2) An application for an order for evidence to be taken—**

> **(a) must be made to a designated court;**
>
> **(b) must be accompanied by—**
>
> > **(i) the form of request for the taking of evidence as a result of which the application is made; and**
> >
> > **(ii) where appropriate, a translation of the form of request; and**
>
> **(c) may be made without notice.**

**(3) Rule 34.18(1) and (2) apply.**

**(4) The examiner must send—**

> **(a) the deposition to the court for transmission to the requesting court; and**
>
> **(b) a copy of the deposition to the person who obtained the order for evidence to be taken.**

**Use of evidence**

Evidence obtained by means of the Taking of Evidence Regulations cannot be used, **34.24.1** as of right, for collateral purposes, but there is a discretion in the court to allow such use in special circumstances and where the use would be just in all the circumstances, *Dendron GmbH v The Regents of the University of California* [2004] EWHC 589; [2004] I.L.Pr. 35.

**Examination**

Rule 34.24(3) states that r.34.18(1) and (2) apply. This rule deals with the **34.24.2** examination. Rule 34.18(2) states that unless the court orders otherwise, the examination will be taken as provided by r.34.9 and r.34.10 applies. Rule 34.9 states that subject to any direction contained in the order for examination, the examination must be conducted in the same way as if the witness were giving evidence at trial. This may pose a practical problem for the examiner given that most European courts adopt the

---

[1] Introduced by the Civil Procedure (Amendment No.4) Rules 2003 (SI 2003/2113).

practice of an inquisitorial inquiry by the judge (cf. the notes under para.34.21.21 dealing with the manner of taking the examination on letters of request from a non Regulation State). The questioning must be limited to the questions and issues raised under the request.

### Videotape recording and videoconferencing

**34.24.3**    Paragraph 11.8 of the Practice Direction states that the provisions of paras 4.3 to 4.12 of the Practice Direction apply to depositions under r.34.24. A requesting court may request that the evidence be recorded by videotape or that it be taken by using videoconference and teleconference; see art.10(4) of the Taking of Evidence Regulation. Where the deponent's evidence is recorded in this manner the deposition must always be recorded in writing by the examiner or by a competent shorthand writer or stenographer; see para.4.3 of the Practice Direction.

Under art.17 of the Regulation a requesting court may request that it take evidence directly in another Member State; see para.34.21.38. The direct taking of evidence may be by videoconferencing. Evidence may be taken in this manner at a court in England and Wales with videoconferencing facilities—this is not limited to the designated or receiving court. The direct taking of evidence by the requesting court can only take place if it can be performed on a voluntary basis; see art.17(2) of the Regulation.

The requesting court will provide to the receiving court (together with Form A or I of the Regulation): the agreement in writing of the witness of their willingness to provide evidence by videoconference; a contact number for the witness; details of at which court the witness wishes to give evidence (the requesting court will be given a list of courts with the necessary equipment); the language in which the evidence will be taken (it is for the requesting court to deal with any translation issues); arrange for payment for the videoconference (the requesting court may require such costs; see art.18(2) of the Regulation; and contact details for resolving any problems in relation to the videoconference. If the request is agreed, the designated or receiving court will send a copy of Form J to the requesting court and a copy and explanatory letter to the court at which the videoconferencing is to take place. A list of courts which have video-conferencing facilities is available from the Foreign Process section at the Royal Courts of Justice. The videoconferencing court, on receipt of the requesting court's call or letter, will agree arrangements for the videoconference which should, subject to the above matters, be made in accordance with Annex 3 of Practice Direction 32. The above is a summary of the instructions issued by the Senior Master (Master Turner) in August 2007.

## PRACTICE DIRECTION 34A—DEPOSITIONS AND COURT ATTENDANCE BY WITNESSES

*This Practice Direction supplements CPR Part 34*

### *Witness Summonses*

**Issue of witness summons**

**1.1** A witness summons may require a witness to—

  (1)   attend court to give evidence,

  (2)   produce documents to the court, or

  (3)   both,

on either a date fixed for the hearing or such date as the court may direct.[1]

**34APD.1**

**1.2** Two copies of the witness summons[2] should be filed with the court for sealing, one of which will be retained on the court file.

**1.3** A mistake in the name or address of a person named in a witness summons may be corrected if the summons has not been served.

**1.4** The corrected summons must be re-sealed by the court and marked "Amended and Re-Sealed".

**Witness summons issued in aid of an inferior court or tribunal**

**2.1** A witness summons may be issued in the High Court or a county court in aid of a court or tribunal which does not have the power to issue a witness summons in relation to the proceedings before it.[3]

**34APD.2**

**2.2** A witness summons referred to in paragraph 2.1 may be set aside by the court which issued it.[4]

**2.3** An application to set aside a witness summons referred to in paragraph 2.1 will be heard—

  (1)   in the High Court by a Master at the Royal Courts of Justice or by a district judge in a District Registry, and

  (2)   in a county court by a district judge.

**2.4** Unless the court otherwise directs, the applicant must give at least 2 days' notice to the party who issued the witness summons of the application, which will normally be dealt with at a hearing.

**Travelling expenses and compensation for loss of time**

**3.1** When a witness is served with a witness summons he must be offered a sum to cover his travelling expenses to and from the court and compensation for his loss of time.[5]

**34APD.3**

**3.2** If the witness summons is to be served by the court, the party issuing the summons must deposit with the court—

  (1)   a sum sufficient to pay for the witness's expenses in travelling to the court and in returning to his home or place of work, and

---

[1] Rule 34.2(4).
[2] In practice form **N20**.
[3] Rule 34.4(1).
[4] Rule 34.4(2).
[5] Rule 34.7.

(2) a sum in respect of the period during which earnings or benefit are lost, or such lesser sum as it may be proved that the witness will lose as a result of his attendance at court in answer to the witness summons.

**3.3** The sum referred to in 3.2(2) is to be based on the sums payable to witnesses attending the Crown Court.[1]

**3.4** Where the party issuing the witness summons wishes to serve it himself,[2] he must—

(1) notify the court in writing that he wishes to do so, and

(2) at the time of service offer the witness the sums mentioned in paragraph 3.2 above.

### *Depositions*

### To be taken in England and Wales for use as evidence in proceedings in courts in England and Wales

**34APD.4**　**4.1** A party may apply for an order for a person to be examined on oath before—

(1) a judge,

(2) an examiner of the court, or

(3) such other person as the court may appoint.[3]

**4.2** The party who obtains an order for the examination of a deponent[4] before an examiner of the court[5] must—

(1) apply to the Foreign Process Section of the Masters' Secretary's Department at the Royal Courts of Justice for the allocation of an examiner,

(2) when allocated, provide the examiner with copies of all documents in the proceedings necessary to inform the examiner of the issues, and

(3) pay the deponent a sum to cover his travelling expenses to and from the examination and compensation for his loss of time.[6]

**4.3** In ensuring that the deponent's evidence is recorded in full, the court or the examiner may permit it to be recorded on audiotape or videotape, but the deposition[7] must always be recorded in writing by him or by a competent shorthand writer or stenographer.

**4.4** If the deposition is not recorded word for word, it must contain, as nearly as may be, the statement of the deponent; the examiner may record word for word any particular questions and answers which appear to him to have special importance.

**4.5** If a deponent objects to answering any question or where any objection is taken to any question, the examiner must—

(1) record in the deposition or a document attached to it—

---

[1] Fixed pursuant to the Prosecution of Offences Act 1985 and the Costs in Criminal Cases (General) Regulations 1986.

[2] Rule 34.6(1).

[3] r.34.8(3).

[4] See rule 34.8(2) for explanation of "deponent" and "deposition".

[5] For the appointment of examiners of the court see Rule 34.15.

[6] Rule 34.8(6).

[7] See Rule 34.8(2) for explanation of "deponent" and "deposition".

    (a) the question,

    (b) the nature of and grounds for the objection, and

    (c) any answer given, and

(2)    give his opinion as to the validity of the objection and must record it in the deposition or a document attached to it.
The court will decide as to the validity of the objection and any question of costs arising from it.

**4.6** Documents and exhibits must—

(1)    have an identifying number or letter marked on them by the examiner, and

(2)    be preserved by the party or his legal representative[1] who obtained the order for the examination, or as the court or the examiner may direct.

**4.7** The examiner may put any question to the deponent as to—

(1)    the meaning of any of his answers, or

(2)    any matter arising in the course of the examination.

**4.8** Where a deponent—

(1)    fails to attend the examination, or

(2)    refuses to—

    (a) be sworn, or

    (b) answer any lawful question, or

    (c) produce any document,

the examiner will sign a certificate[2] of such failure or refusal and may include in his certificate any comment as to the conduct of the deponent or of any person attending the examination.

**4.9** The party who obtained the order for the examination must file the certificate with the court and may apply for an order that the deponent attend for examination or as may be.[3] The application may be made without notice.[4]

**4.10** The court will make such order on the application as it thinks fit including an order for the deponent to pay any costs resulting from his failure or refusal.[5]

**4.11** A deponent who wilfully refuses to obey an order made against him under Part 34 may be proceeded against for contempt of court.

**4.12** A deposition must—

(1)    be signed by the examiner,

(2)    have any amendments to it initialled by the examiner and the deponent,

(3)    be endorsed by the examiner with—

    (a) a statement of the time occupied by the examination, and

    (b) a record of any refusal by the deponent to sign the deposition and of his reasons for not doing so, and

---

[1] For the definition of legal representative see rule 2.3.
[2] Rule 34.10.
[3] Rule 34.10(2) and (3).
[4] Rule 34.10(3).
[5] Rule 34.10(4).

(4) be sent by the examiner to the court where the proceedings are taking place for filing on the court file.

**4.13** Rule 34.14 deals with the fees and expenses of an examiner.

### Depositions to be taken abroad for use as evidence in proceedings before Courts in England and Wales (where the Taking of Evidence Regulation does not apply)

**34APD.5** **5.1** Where a party wishes to take a deposition from a person outside the jurisdiction, the High Court may order the issue of a letter of request to the judicial authorities of the country in which the proposed deponent is.[1]

**5.2** An application for an order referred to in paragraph 5.1 should be made by application notice in accordance with Part 23.

**5.3** The documents which a party applying for an order for the issue of a letter of request must file with his application notice are set out in rule 34.13(6). They are as follows—

(1) a draft letter of request in the form set out in Annex A to this practice direction,

(2) a statement of the issues relevant to the proceedings,

(3) a list of questions or the subject matter of questions to be put to the proposed deponent,

(4) a translation of the documents in (1), (2) and (3) above unless the proposed deponent is in a country of which English is an official language, and

(5) an undertaking to be responsible for the expenses of the Secretary of State.

In addition to the documents listed above the party applying for the order must file a draft order.

**5.4** The above documents should be filed with the Masters' Secretary in Room E214, Royal Courts of Justice, Strand, London WC2A 2LL.

**5.5** The application will be dealt with by the Senior Master of the Queen's Bench Division of the High Court who will, if appropriate, sign the letter of request.

**5.6** Attention is drawn to the provisions of rule 23.10 (application to vary or discharge an order made without notice).

**5.7** If parties are in doubt as to whether a translation under paragraph 5.3(4) above is required, they should seek guidance from the Foreign Process Section of the Masters' Secretary's Department.

**5.8** A special examiner appointed under rule 34.13(4) may be the British Consul or the Consul-General or his deputy in the country where the evidence is to be taken if—

(1) there is in respect of that country a Civil Procedure Convention providing for the taking of evidence in that country for the assistance of proceedings in the High Court or other court in this country, or

(2) with the consent of the Secretary of State.

**5.9** The provisions of paragraphs 4.1 to 4.12 above apply to the depositions referred to in this paragraph.

---

[1] Rule 34.13(1).

**Depositions to be taken in England and Wales for use as evidence in proceedings before courts abroad pursuant to letters of request (where the Taking of Evidence Regulation does not apply)**

**6.1** Section II of Part 34 relating to obtaining evidence for foreign **34APD.6** courts applies to letters of request and should be read in conjunction with this part of the practice direction.

**6.2** The Evidence (Proceedings in Other Jurisdictions) Act 1975 applies to these depositions.

**6.3** The written evidence supporting an application under rule 34.17 (which should be made by application notice—see Part 23) must include or exhibit—

(1) a statement of the issues relevant to the proceedings;
(2) a list of questions or the subject matter of questions to be put to the proposed deponent;
(3) a draft order; and
(4) a translation of the documents in (1) and (2) into English, if necessary.

**6.4**(1) The Senior Master will send to the Treasury Solicitor any request—
  (a) forwarded by the Secretary of State with a recommendation that effect should be given to the request without requiring an application to be made; or
  (b) received by him in pursuance of a Civil Procedure Convention providing for the taking of evidence of any person in England and Wales to assist a court or tribunal in a foreign country where no person is named in the document as the applicant.

(2) In relation to such a request, the Treasury Solicitor may, with the consent of the Treasury—
  (a) apply for an order under the 1975 Act; and
  (b) take such other steps as are necessary to give effect to the request.

**6.5** The order for the deponent to attend and be examined together with the evidence upon which the order was made must be served on the deponent.

**6.6** Attention is drawn to the provisions of rule 23.10 (application to vary or discharge an order made without notice).

**6.7** Arrangements for the examination to take place at a specified time and place before an examiner of the court or such other person as the court may appoint shall be made by the applicant for the order and approved by the Senior Master.

**6.8** The provisions of paragraph 4.2 to 4.12 apply to the depositions referred to in this paragraph, except that the examiner must send the deposition to the Senior Master.

(For further information about evidence see Part 32 and Practice Direction 32.)

*Taking of Evidence between EU Member States*

**Taking of Evidence Regulation**

**7.1** Where evidence is to be taken— **34APD.7**

(a) from a person in another Member State of the European Union for use as evidence in proceedings before courts in England and Wales; or

(b) from a person in England and Wales for use as evidence in proceedings before a court in another Member State, Council Regulation (EC) No 1206/2001 of 28 May 2001 on co-operation between the courts of the Member States in the taking of evidence in civil or commercial matters ("the Taking of Evidence Regulation") applies.

**7.2** The Taking of Evidence Regulation is annexed to this practice direction as Annex B.

**7.3** The Taking of Evidence Regulation does not apply to Denmark. In relation to Denmark, therefore, rule 34.13 and Section II of Part 34 will continue to apply.

(Article 21(1) of the Taking of Evidence Regulation provides that the Regulation prevails over other provisions contained in bilateral or multilateral agreements or arrangements concluded by the Member States and in particular the Hague Convention of 1 March 1954 on Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.)

Originally published in the official languages of the European Community in the *Official Journal of the European Communities* by the Office for Official Publications of the European Communities.

### Meaning of 'designated court'

**34APD.8** **8.1** In accordance with the Taking of Evidence Regulation, each Regulation State has prepared a list of courts competent to take evidence in accordance with the Regulation indicating the territorial and, where appropriate, special jurisdiction of those courts.

**8.2** Where Part 34, Section III refers to a "designated court" in relation to another Regulation State, the reference is to the court, referred to in the list of competent courts of that State, which is appropriate to the application in hand.

**8.3** Where the reference is to the "designated court" in England and Wales, the reference is to the appropriate competent court in the jurisdiction. The designated courts for England and Wales are listed in Annex C to this practice direction.

### Central Body

**34APD.9** **9.1** The Taking of Evidence Regulation stipulates that each Regulation State must nominate a Central Body responsible for—

(a) supplying information to courts;

(b) seeking solutions to any difficulties which may arise in respect of a request; and

(c) forwarding, in exceptional cases, at the request of a requesting court, a request to the competent court.

**9.2** The United Kingdom has nominated the Senior Master, Queen's Bench Division, to be the Central Body for England and Wales.

**9.3** The Senior Master, as Central Body, has been designated responsible for taking decisions on requests pursuant to Article 17 of the Regulation. Article 17 allows a court to submit a request to the Central Body or a designated competent authority in another Regulation State to take evidence directly in that State.

### Evidence to be taken in another Regulation State for use in England and Wales

**10.1** Where a person wishes to take a deposition from a person in **34APD.10** another Regulation State, the court where the proceedings are taking place may order the issue of a request to the designated court in the Regulation State (Rule 34.23(2)). The form of request is prescribed as Form A in the Taking of Evidence Regulation.

**10.2** An application to the court for an order under rule 34.23(2) should be made by application notice in accordance with Part 23.

**10.3** Rule 34.23(3) provides that the party applying for the order must file a draft form of request in the prescribed form. Where completion of the form requires attachments or documents to accompany the form, these must also be filed.

**10.4** If the court grants an order under rule 34.23(2), it will send the form of request directly to the designated court.

**10.5** Where the taking of evidence requires the use of an expert, the designated court may require a deposit in advance towards the costs of that expert. The party who obtained the order is responsible for the payment of any such deposit which should be deposited with the court for onward transmission. Under the provisions of the Taking of Evidence Regulation, the designated court is not required to execute the request until such payment is received.

**10.6** Article 17 permits the court where proceedings are taking place to take evidence directly from a deponent in another Regulation State if the conditions of the article are satisfied. Direct taking of evidence can only take place if evidence is given voluntarily without the need for coercive measures. Rule 34.23(5) provides for the court to make an order for the submission of a request to take evidence directly. The form of request is Form I annexed to the Taking of Evidence Regulation and rule 34.23(6) makes provision for a draft of this form to be filed by the party seeking the order. An application for an order under rule 34.23(5) should be by application notice in accordance with Part 23.

**10.7** Attention is drawn to the provisions of rule 23.10 (application to vary or discharge an order made without notice).

### Evidence to be taken in England and Wales for use in another Regulation State

**11.1** Where a designated court in England and Wales receives a **34APD.11** request to take evidence from a court in a Regulation State, the court will send the request to the Treasury Solicitor.

**11.2** On receipt of the request, the Treasury Solicitor may, with the consent of the Treasury, apply for an order under rule 34.24.

**11.3** An application to the court for an order must be accompanied by the Form of request to take evidence and any accompanying documents, translated if required under paragraph 11.4.

**11.4** The United Kingdom has indicated that, in addition to English, it will accept French as a language in which documents may be

submitted. Where the form or request and any accompanying documents are received in French they will be translated into English by the Treasury Solicitor.

**11.5** The order for the deponent to attend and be examined together with the evidence on which the order was made must be served on the deponent.

**11.6** Arrangements for the examination to take place at a specified time and place shall be made by the Treasury Solicitor and approved by the court.

**11.7** The court shall send details of the arrangements for the examination to such of

    (a)    the parties and, if any, their representatives; or

    (b)    the representatives of the foreign court,

who have indicated, in accordance with the Taking of Evidence Regulation, that they wish to be present at the examination.

**11.8** The provisions of paragraph 4.3 to 4.12 apply to the depositions referred to in this paragraph.

*Annex A*

*Draft Letter of Request (where the Taking of Evidence Regulation does not apply)*

**34APD.12**    To the Competent Judicial Authority of
in the        of

I [*name*] Senior Master of the Queen's Bench Division of the Senior Courts of England and Wales respectfully request the assistance of your court with regard to the following matters.

1.    A claim is now pending in the        Division of the High Court of Justice in England and Wales entitled as follows [*set out full title and claim number*] in which [*name*] of [*address*] is the claimant and [*name*] of [*address*] is the defendant.

2.    The names and addresses of the representatives or agents of [*set out names and addresses of representatives of the parties*].

3.    The claim by the claimant is for:

      (a) [*set out the nature of the claim*]

      (b) [*the relief sought, and*]

      (c) [*a summary of the facts.*]

4.    It is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that you cause the following witnesses, who are resident within your jurisdiction, to be examined. The names and addresses of the witnesses are as follows:

5.    The witnesses should be examined on oath or if that is not possible within your laws or is impossible of performance by reason of the internal practice and procedure of your court or by reason of practical difficulties, they should be examined in accordance with whatever procedure your laws provide for in these matters.

6.      Either/
The witnesses should be examined in accordance with the list of questions annexed hereto.
Or/
The witnesses should be examined regarding [*set out full details of evidence sought*]
N.B. Where the witness is required to produce documents, these should be clearly identified.

7.      I would ask that you cause me, or the agents of the parties (if appointed), to be informed of the date and place where the examination is to take place.

8.      Finally, I request that you will cause the evidence of the said witnesses to be reduced into writing and all documents produced on such examinations to be duly marked for identification and that you will further be pleased to authenticate such examinations by the seal of your court or in such other way as is in accordance with your procedure and return the written evidence and documents produced to me addressed as follows:

Senior Master of the Queen's Bench Division
Royal Courts of Justice
Strand
London WC2A 2LL
England

## Annex B

**34APD.13**  Council Regulation (E.C.) No.1206/2001 of May 28 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters can be found in Volume 2 at para.5–331 et seq.

## Annex C

**34APD.14**  Designated courts in England and Wales under the Taking of Evidence Regulation
(see paragraph 8 above)

| Area | Designated court |
| --- | --- |
| London and South Eastern Circuit | Royal Courts of Justice (Queen's Bench Division) |
| Midland Circuit | Birmingham Civil Justice Centre |
| Western Circuit | Bristol County Court |
| Wales Circuit | Cardiff Civil Justice Centre |
| Northern Circuit | Manchester County Court |
| North Eastern Circuit | Leeds County Court |

## PRACTICE DIRECTION 34B—FEES FOR EXAMINERS OF THE COURT

*This Practice Direction supplements CPR Part 34*

### Scope

**34BPD.1**  **1.1** This practice direction sets out—

(1)  how to calculate the fees an examiner of the court ("an examiner") may charge; and

(2)  the expenses he may recover.

(CPR rule 34.8(3)(b) provides that the court may make an order for evidence to be obtained by the examination of a witness before an examiner of the court.)

**1.2** The party who obtained the order for the examination must pay the fees and expenses of the examiner.

(CPR rule 34.14 permits an examiner to charge a fee for the examination and contains other provisions about his fees and expenses, and rule 34.15 provides who may be appointed as an examiner of the court.)

### The examination fee

**34BPD.2**  **2.1** An examiner may charge an hourly rate for each hour (or part of an hour) that he is engaged in examining the witness.

**2.2** The hourly rate is to be calculated by reference to the formula set out in paragraph 3.

**2.3** The examination fee will be the hourly rate multiplied by the number of hours the examination has taken. For example—

Examination fee = hourly rate $\times$ number of hours.

### How to calculate the hourly rate—the formula

**34BPD.3**  **3.1** Divide the amount of the minimum annual salary of a post within Group 7 of the judicial salary structure as designated by the Review Body on Senior Salaries,[1] by 220 to give "x"; and then divide **"x"** by **6** to give the **hourly rate**.

For example—

$$\frac{\text{minimum annual salary}}{220} = x$$

$$\frac{x}{6} = \text{hourly rate}$$

### Single fee chargeable on making the appointment for examination

**34BPD.4**  **4.1** An examiner of court is also entitled to charge a single fee of twice the hourly rate (calculated in accordance with paragraph 3 above) as "the appointment fee" when the appointment for the examination is made.

---

[1] The Report of the Review Body on Senior Salaries is published annually by the Stationery Office.

**4.2** The examiner is entitled to retain the appointment fee where the witness fails to attend on the date and time arranged.

**4.3** Where the examiner fails to attend on the date and time arranged he may not charge a further appointment fee for arranging a subsequent appointment.

(The examiner need not send the deposition to the court until his fees are paid—see CPR rule 34.14(2).)

### Examiner's expenses

**5.1** The examiner of court is also entitled to recover the following expenses— **34BPD.5**

(1)   all reasonable travelling expenses;

(2)   any other expenses reasonably incurred; and

(3)   subject to paragraph 5.2, any reasonable charge for the room where the examination takes place.

**5.2** No expenses may be recovered under sub-paragraph (3) above if the examination takes place at the examiner's usual business address.

(If the examiner's fees and expenses are not paid within a reasonable time he may report the fact to the court, see CPR rule 34.14(4) and (5)).