# Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1. | **Sender** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |
| 2. | **Central Authority of the Requested State** | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL |
| 3. | **Person to whom the executed request is to be returned** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street N, 3rd Floor<br>Wilmington, Delaware 19801 |

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

   **Date**  Examinations to occur as the parties may agree.

   **Reason for urgency**  The trials for which the evidence will be used will begin on or after 31 March 2014. The depositions of the persons indicated herein must be concluded by 24 January 2014.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION,
THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5. *a*  **Requesting judicial authority (Article 3,a)**  The Honorable Kevin Gross
United States Bankruptcy Court
District of Delaware
824 Market Street N, 3rd Floor
Wilmington, Delaware 19801

   *b*  **To the competent authority of (Article 3,a)**  United Kingdom of Great Britain and Northern Ireland

| | | |
|---|---|---|
| 6. | Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3,b) | |
| | *a*  Plaintiff (Claimants) | **Joint Administrators and EMEA Debtors** |
| | **Representatives** | Derek J.T. Adler<br>Amera Z. Chowhan<br>Gabrielle Glemann<br>Charles H. Huberty<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>James L. Patton<br>Edwin J. Harron<br>John T. Dorsey<br>Jamie Luton Chapman<br>Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Robin Schwill<br>Sean Campbell<br>Davies Ward Phillips & Vineberg LLP<br>155 Wellington Street West<br>Toronto, ON M5V 3J7<br>Telephone: (416) 863-0900<br>Facsimile: (416) 863-0871<br><br>Matthew P. Gottlieb<br>Lax O'Sullivan Scott Lisus LLP<br>145 King Street West<br>Suite 2750<br>Toronto, ON M5H 1J8<br>Canada<br>Telephone: (416) 598-1744<br>Facsimile: (416) 598-3730 |

John Whiteoak
Herbert Smith Freehills LLP
Exchange House
Primrose Street
London EC2A 2HS

**U.K. Pension Claimants**

Marc Abrams
Brian E. O'Connor
Sameer Advani
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

Charlene D. Davis
Justin Alberto
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (212) 658-6395

David Ward
William Burden
Lara Jackson
Cassels Brock & Blackwell LLP
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

Angela Dimsdale Gill
John Tillman
Matthew Bullen
Hogan Lovells International LLP
Atlantic House
Holborn Viaduct
London  EC1A 2FG

| | |
|---|---|
| *b* **Defendant (U.S. Debtors)** | **Nortel Networks Inc., *et al.*[1]** |
| **Representatives** | Howard S. Zelbo |
| | James L. Bromley |
| | Jeffrey A. Rosenthal |
| | Lisa M. Schweitzer |
| | Cleary Gottlieb Steen & Hamilton LLP |
| | One Liberty Plaza |
| | New York, New York 10006 |
| | (212) 225-2000 |
| | |
| | Jonathan Kelly |
| | Cleary Gottlieb Steen & Hamilton LLP |
| | City Place House |
| | 55 Basinghall Street |
| | London EC2V 5EH |
| | |
| | Derek C. Abbott |
| | Eric D. Schwartz |
| | Ann C. Cordo |
| | Morris, Nichols, Arsht & Tunnell LLP |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, Delaware 19801 |
| | Telephone: (302) 658-9200 |
| | Facsimile: (302) 658-3989 |
| | |
| | Scott Bomhof |
| | Tony DeMarinis |
| | Andrew Gray |
| | Adam Slavens |
| | 79 Wellington Street West |
| | Suite 3000, Box 270, TD Centre |
| | Toronto ON M5K 1N2 |
| | Telephone: (416) 865-0040 |
| | Facsimile: (416) 865-7380 |

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

| | |
|---|---|
| *c* **Other Parties** | **Monitor and Canadian Debtors** |
| **Representatives** | Ken Coleman |
| | Daniel Guyder |
| | Paul Keller |
| | Laura Hall |
| | James Barabas |
| | Michael Sadowitz |
| | Jacob S. Pultman |
| | Allen & Overy LLP |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 610-6300 |
| | Facsimile: (212) 610-6399 |

Marc Florent
Allen & Overy LLP
One Bishops Square
London E1 6AD
United Kingdom

Mary F. Caloway
Kathleen A. Murphy
Buchanan Ingersoll & Rooney PC
1105 North Market Street
Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Jessica Kimmel
Peter Ruby
Alan Mark
Jason Wadden
Lauren Butti
Goodmans LLP
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 2S7
Telephone: (416) 979-2211
Facsimile: (416) 979-1234

Jennifer Stam
Derrick Tay
Peter Choe
Graham Smith
Gowling Lafleur Henderson LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Telephone: (416) 216-4000
Facsimile: (416) 216-3930

Alan Merskey
Norton Rose Canada LLP
TD Waterhouse Tower, Suite 2300
79 Wellington Street West, P.O. Box 128
Toronto, ON M5K 1H1
Telephone: (416) 216-4805
Facsimile: (416) 216-3930

**Official Committee of Unsecured Creditors**

Fred Hodara
David Botter
Robert A. Johnson
Abid Qureshi
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Mark D. Collins
Christopher M. Samis
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
Dentons Canada LLP
77 King Street West

4th Floor<br>
Toronto, ON M5K 0A1<br>
Telephone: (416) 863-4511<br>
Facsimile: (416) 863-4592

7. **Nature of the proceedings and summary of claims (Article 3,c)**

7.1    This action, captioned <u>In re Nortel Networks Inc., et al.</u>, Case No. 09-10138 (KG) (the "<u>Action</u>"), is a bankruptcy proceeding pending before the Requesting Court. On 14 January 2009, Nortel Networks Inc. ("<u>NNI</u>") and its affiliated debtors (collectively, the "<u>U.S. Debtors</u>," and together with the Official Committee of Unsecured Creditors of the U.S. Debtors, the "<u>Applicants</u>"), with the exception of Nortel Networks (CALA) Inc. ("<u>NN CALA</u>"), each filed a voluntary petition for relief in the Requesting Court under Chapter 11 of the United States Bankruptcy Code. NN CALA filed its petition on 14 July 2009. NNI is incorporated in the United States in the State of Delaware, with its former principal place of business in the State of North Carolina.

7.2    Also on 14 January 2009, the U.S. Debtors' ultimate corporate parent, Nortel Networks Corporation ("<u>NNC</u>"), NNI's direct corporate parent, Nortel Networks Limited ("<u>NNL</u>"), and certain of their Canadian affiliates (collectively, the "<u>Canadian Debtors</u>") filed an application with the Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and a monitor, Ernst & Young Inc. (the "<u>Monitor</u>"), was appointed by the Canadian Court. Other parties with interests related to the Canadian Debtors include a Canadian Creditors Committee (the "<u>CCC</u>") and former directors and officers of the Canadian Debtors (the "<u>Directors and Officers</u>").

7.3    On the same date, upon the request of Nortel Networks UK Limited ("<u>NNUK</u>")

and eighteen of its affiliates from the Europe, Middle East and Africa region (collectively with NNUK, the "EMEA Debtors"), the High Court of Justice of England and Wales placed the EMEA Debtors into administration, and appointed individuals from Ernst & Young LLP as administrators (collectively, the "Joint Administrators").[2] NNUK is an English corporation with its former registered office at Maidenhead Office Park, Westacott Way, Maidenhead, Berkshire SL6 3QH.[3]

    7.4    Pursuant to a cross-border protocol, the Requesting Court and the Canadian Court will hold coordinated cross-border trials commencing on or after 31 March 2014 (the "Trials") to decide certain issues, including principally: (i) the allocation of proceeds from sales of the assets of the Nortel group among the U.S. Debtors, Canadian Debtors, and EMEA Debtors (the "Allocation Dispute"); (ii) claims filed against the U.S. Debtors and Canadian Debtors by NNUK, other EMEA Debtors, Nortel Networks AG and Nortel Networks AS (the "EMEA Claims"); and (iii) claims filed against the U.S. Debtors and Canadian Debtors relating to NNUK's pension fund (the "U.K. Pension Claims") by the Nortel Network UK

---

[2] In addition to NNUK, orders of administration were sought with respect to: Nortel GmbH ("NN Germany"); Nortel Networks (Austria) GmbH ("NN Austria"); Nortel Networks (Ireland) Limited ("NN Ireland"); Nortel Networks AB ("NN Sweden"); Nortel Networks B.V. ("NN Holland"); Nortel Networks Engineering Service Kft ("NN Hungary"); Nortel Networks France S.A.S. ("NNSAS"); Nortel Networks Hispania, S.A. ("NN Spain"); Nortel Networks International Finance & Holding B.V. ("NNIF"); Nortel Networks N.V. ("NN Belgium"); Nortel Networks Oy ("NN Finland"); Nortel Networks Polska Sp. z.o.o. ("NN Poland"); Nortel Networks Portugal S.A. ("NN Portugal"); Nortel Networks Romania SRL ("NN Romania"); Nortel Networks S.A. ("NNSA"); Nortel Networks S.p.A. ("NN Italy"); Nortel Networks Slovensko, s.r.o. ("NN Slovakia"); and Nortel Networks, s.r.o. ("NN Czech Rep.").

[3] In addition to the U.S. Debtors, U.S. Committee, Monitor, Canadian Debtors, CCC, Directors & Officers, EMEA Debtors, Joint Administrators, and U.K. Pension Claimants, additional parties have been designated as "Core Parties" in the proceedings before the U.S. Court and Canadian Court, with the right, *inter alia*, to participate fully in hearings relating to the Allocation Dispute. The other Core Parties include the ad hoc group of bondholders that hold claims issued and/or guaranteed by NNC, NNL, NNI and Nortel Networks Capital Corporation (the "Bondholders"); certain indenture trustees – Wilmington Trust, National Association; The Bank of New York Mellon; and Law Debenture Trust Company of New York – in respect of notes issued or guaranteed by Nortel affiliates; and other Nortel affiliates with an interest in the Allocation Dispute, which are Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited.

Pension Trust Limited, as trustee of the Nortel Networks UK Pension Plan (the "U.K. Pension Trustee"), and the Board of the Pension Protection Fund, a privately funded insurer (the "PPF," and together with the U.K. Pension Trustee, the "U.K. Pension Claimants"). The Applicants dispute the validity of the EMEA Claims and U.K. Pension Claims and have filed objections to them.

7.5     All of the parties (including NNUK, the other EMEA Debtors, and the U.K. Pension Claimants) are currently engaged in the process of obtaining evidence by order of the Requesting Court and Canadian Court in anticipation of the Trials.

7.6     Certain of the claims brought by NNUK and the U.K. Pension Claimants put at issue whether NNUK or other EMEA Debtors were harmed by a December 2007 intercompany transaction known as Project Swift or Project Eagle (the "Project") and an accompanying reorganization of affiliate Networks International Finance & Holding BV (the "Reorganization"), and whether the EMEA Debtors were harmed by Nortel's transfer pricing system or intercompany dividends. The evidence sought from the witnesses identified below may be material to the resolution of these disputes.[4]

---

[4]     The operative claims filed in the Requesting Court and objections thereto are publicly available at http://dm.epiq11.com/NNI/Project, under the docket numbers or claim numbers indicated: amended claims of NNUK [C.I. 7786]; amended claims of NNSA's court-appointed liquidator [C.I. 7784]; amended claims of NNSA [C.I. 7785]; amended claims of NNIF [C.I. 7776]; amended claims of NNIR [C.I. 7774]; amended claims of NN Italy [C.I. 7775]; amended claims of NN Spain [C.I. 7787]; amended claims of NN Holland [C.I. 7780]; amended claims of NN Belgium [C.I. 7781]; amended claims of NN Poland [C.I. 7754]; amended claims of NN Switzerland [C.I. 7752]; amended claims of NN Germany [C.I. 7778]; amended claims of NN Portugal [C.I. 7751]; amended claims of NN Czech Rep. [C.I. 7782]; amended claims of NN Austria [C.I. 7755]; amended claims of NN Sweden [C.I. 7779]; amended claims of NN Hungary [C.I. 7756]; amended claims of NN Slovakia [C.I. 7750]; amended claims of NN Norway [C.I. 7762]; amended claims of NN Romania [C.I. 7783]; amended claims of NN Finland [C.I. 7753]; amended claims of the Nortel Networks U.K. Pension Trust Limited and Board of the Pension Protection Fund [C.I. 8357, 8358]; Joint Omnibus Objection to the Remaining Amended Claims Filed by the EMEA Claimants [D.I. 10521]; Joint Objection to the Proofs of Claim Filed by the Nortel Networks UK Pension Trust Limited (as Trustee of the Nortel Networks UK Pension Plan) and Board of the Pension Protection Fund [D.I. 10519]. The operative claims filed in the Canadian Court and objections thereto are publicly available at http://documentcentre.eycan.com/Pages/Main.aspx?SID=89&Redirect=1.

**8.     Evidence to be obtained or other judicial act to be performed (Article 3,d)**

8.1     Ernst & Young LLP, whose office is 1 More London Place, London SE1 2AF ("E&Y U.K."), is an affiliate of an international accountancy firm. E&Y U.K. was engaged to provide a report for NNUK on the valuation of certain Nortel EMEA subsidiaries relating to the fairness of the Project. E&Y U.K. also provided advice to the EMEA Debtors regarding Nortel's transfer pricing system and the Reorganization. The claims brought by the EMEA Debtors and the U.K. Pension Claimants in the Requesting Court include allegations that Project Swift and the Reorganization were unfair to NNUK, and that Nortel's transfer pricing system was unfair to the EMEA Debtors. Documents reviewed by the U.S. Debtors and interrogatory responses provided by the EMEA Debtors identify Mr. Ian Beer and Mr. Alay Patel (the "Witnesses") as among those individuals affiliated with E&Y U.K. who were involved in providing advice to NNUK regarding transfer pricing, the Project, and the Reorganization.

8.2     It is accordingly requested that for the purpose of justice and for due determination of the matters in dispute between the parties that you direct Mr. Ian Beer and Mr. Alay Patel of E&Y U.K. to provide oral testimony for use at trial (if appropriate) to counsel for Applicants subject to any applicable privileges that may apply under the rules and procedures of the Requesting Court or the courts of England and Wales. The Witnesses' unique importance to the claims and defenses is described both above and in the subject matters as to which each is to be examined, detailed in Section 10 below. Absent voluntary cooperation, evidence from Mr. Beer and Mr. Patel is available only by an order of the High Court.

| | | |
|---|---|---|
| 9. | **Identity and address of any person to be examined (Article 3,e)** | Ian Beer<br>Ernst & Young LLP<br>1 More London Place<br>London SE1 2AF<br>United Kingdom<br><br>Alay Patel<br>Ernst & Young LLP<br>1 More London Place<br>London SE1 2AF<br>United Kingdom |

**10.    Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3,f)**

It is requested that each Witness be questioned according to the procedure set out below in Section 13 under oath or solemn affirmation, and subject to any applicable privileges as may apply under the rules and procedures of the Requesting Court or the courts of England and Wales on the following subjects:

(a) The scope of E&Y U.K.'s engagement to provide services to NNUK and/or its affiliates;

(b) The E&Y U.K. employees responsible for providing services to NNUK and/or its affiliates under the engagement;

(c) The Project;

(d) The Reorganization;

(e) The valuation of the consideration transferred between Nortel affiliates in connection with the Project and Reorganization;

(f) The impact of the Project and Reorganization upon NNUK, the Nortel Networks UK Pension Plan, other Nortel entities, or the Nortel group as a whole;

(g) The guaranty provided by NNL in connection with the Project and

11

    Reorganization;

(h) The reports, presentations, or analyses prepared by E&Y U.K. concerning the topics referred to in (c) though (g);

(i) The data and information used or relied upon by E&Y U.K. for the purposes of preparing the reports, presentations, or analyses referred to in (h); and

(j) Communications between E&Y and NNUK or other Nortel affiliates concerning the topics referred to in (c) through (g).

**11. Documents or other property to be inspected (Article 3,g)**

None. The Applicants are seeking documents from E&Y U.K. through a separate Letter Rogatory, transmitted by counsel for the U.S. Debtors to the Competent Judicial Authority of the United Kingdom on 8 August 2013.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h)**

The Requesting Court requests that in the interest of justice you cause, by your proper and usual process, each Witness to appear to be examined under oath or affirmation at the office of Cleary Gottlieb Steen & Hamilton LLP, City Place House, 55 Basinghall Street, London EC2V 5EH, or such other place as the parties may agree.

**13. Special methods or procedure to be followed (Articles 3,i and 9)**

13.1 The Requesting Court requests that Howard S. Zelbo, James L. Bromley, Jeffrey A. Rosenthal, Lisa M. Schweitzer, Jacqueline Moessner, Marla Decker, Matthew Gurgel, Brynn Lyerly, Justin L. Ormand, Katherine Wilson-Milne, Neil Forrest, Fred Hodara, David Botter, and Abid Qureshi, who are representatives of the U.S. Debtors or the U.S. Committee, or such other persons later designated by the U.S. Debtors or the U.S. Committee,

be appointed as Commissioners pursuant to Article 17 of the Convention, and be authorized to question the Witnesses on the subjects identified above and elicit their sworn testimony.

13.2   The Requesting Court is informed that the U.S. Debtors and the U.S. Committee intend to seek a corresponding Letter of Request for assistance from the Canadian Court and therefore requests that, subject to its receipt, Sheila Block and Andrew Gray, who are representatives of the U.S. Debtors and have been admitted to practice before the Canadian Court in the Trials, or such other persons designated at a later time by the U.S. Debtors or the U.S. Committee and are admitted to practice before the Canadian Court in the Trials, be appointed as Commissioners pursuant to the Ontario Rules of Civil Procedure, and be authorized to question the Witnesses on the subjects identified above and elicit their sworn testimony on the understanding that the Canadian Court's Letter of Request will similarly list the names of all of the same attorneys requested to be appointed as Commissioners pursuant hereto so that all questioning attorneys will be appointed by both courts before whom the Trials are to be conducted.

13.3   The Requesting Court further requests that Ken Coleman, Daniel Guyder, Paul Keller, Laura Hall, James Barabas, Michael Sadowitz and Jacob S. Pultman, who are representatives of the Monitor and Canadian Debtors; Derek J.T. Adler, Amera Z. Chowhan, Gabrielle Glemann, and Charles H. Huberty, who are the representatives of the EMEA Debtors; Marc Abrams, Brian E. O'Connor, and Sameer Advani, who are representatives of the U.K. Pension Claimants; Lyndon Barnes and Alex Cobb, who are representatives of the Directors and Officers; Paul Steep, Elder Marques, Tim Hoeffner, Richard Hans, Ken Rosenberg and Lily Harmer, who are representatives of the Canadian Creditors Committee; and Kevin Ashby and Atara Miller, who are the representatives of the Bondholders, or such

other persons later designated by the Monitor and Canadian Debtors, EMEA Debtors, U.K. Pension Claimants, the Directors and Officers, the Canadian Creditors Committee or the Bondholders, be appointed as Commissioners and be authorized to participate, if they so elect, in questioning the Witnesses and to elicit their sworn testimony.

13.4  Pursuant to Article 9 of the Convention, it is requested that the legal representatives of the U.S. Debtors and the U.S. Committee, the legal representatives of the Monitor and Canadian Debtors, the legal representatives of the EMEA Debtors and U.K. Pension Claimants, the legal representatives of the other Core Parties referred to above, and the legal representatives of each Witness, if any, be permitted to conduct the examination of each Witness in England before an impartial Barrister of the Bar of England and Wales (the "Examiner"), to be nominated by the Applicants, who, subject to approval by you, shall act as referee. It is requested that the Witnesses be placed under oath or solemn affirmation in accordance with whatever procedure English law provides for in these matters before answering the oral questions and cross-questions on the subjects identified above which are put to them by the legal representatives referred to above.

13.5  The Requesting Court believes that the procedure of having these attorneys appointed to take the testimony is appropriate and necessary. These attorneys are familiar with the relevant events and transactions in this complex matter. Accordingly, they will be able to elicit the relevant testimony in a manner as efficient and expeditious as possible. If the questioning were to be done by someone not familiar with the relevant facts, there is a strong possibility that complete and accurate testimony would not be obtained.

13.6  The Requesting Court respectfully requests that the representatives of the U.S. Debtors and the U.S. Committee jointly be allotted a total of five hours for their examination,

that the representatives of the Monitor and Canadian Debtors jointly be allotted one hour for their examination, and that representatives of the EMEA Debtors and U.K. Pension Claimants jointly be allotted one hour for their examination. The U.S. Debtors' representatives and US Committee's representatives, the Monitor and Canadian Debtors' representatives, and the EMEA Debtors' representatives and U.K. Pension Claimants' representatives may cede all or a portion of their allotted time to other parties whose representatives have been authorized to participate in the examination pursuant to paragraph 13.3. Counsel for these parties will consult with each of the Witness' legal representatives in order to determine a mutually convenient date to conduct the examination on or before 24 January 2014, as approved by you.

      13.7    The Requesting Court also respectfully requests that the questions and the responses of each Witness be recorded verbatim and that each Witness sign the verbatim transcript. The verbatim transcript of each Witness' responses to questions under oath taken pursuant to the Letters of Request issued or endorsed by the Courts will be admissible at the Trials in certain circumstances to be agreed among the parties (or, failing agreement, as directed by the Courts), except to the extent that the content of such transcript of the examination would, for reasons other than the fact that it was obtained in an out-of-court examination, otherwise be inadmissible under the Ontario rules of evidence or the Federal Rules of Evidence if the Witness were present at trial in the relevant jurisdiction. The Requesting Court also respectfully requests that you cause the testimony of each Witness to be duly marked for authentication, and that you further authenticate the examination by the seal of your Court or in such other way in accordance with your procedure and return the written evidence and documents produced or identified to Jonathan Kelly of Cleary Gottlieb Steen & Hamilton LLP, City Place House, 55 Basinghall Street, London EC2V 5EH, under cover duly

sealed, and the Requesting Court shall be ready and willing to do the same for you in a similar case when required.

13.8    In the event the evidence cannot be taken in the manner requested above, the Requesting Court respectfully requests that the evidence be taken in the manner provided by the applicable law of England and Wales.

13.9    The appearance of each Witness for his testimony is voluntary and no criminal prosecution in the United States will result from a failure to appear. However, the Requesting Court respectfully requests that, if necessary, appropriate compulsion be exercised to compel each Witness to give evidence in response to this Letter of Request if the Witness is uncooperative.

14. **Request for notification of the time and place for the execution of the request and identity and address of any person to be notified (Article 7)**[5]

   Jonathan Kelly
   Cleary Gottlieb Steen & Hamilton LLP
   City Place House
   55 Basinghall Street
   London EC2V 5EH

15. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the letter of request (Article 8)**

   None.

16. **Specification of privilege or duty to refuse to give evidence under the law of the state of origin (Article 11,b)**

Each Witness may refuse to answer any question asked during the examination if such answer would subject the Witness to a real and appreciable danger of criminal liability in the United States, or would disclose a privileged communication.

---

[5]    For the avoidance of doubt, nothing in this Letter of Request should be construed as a submission by the U.S. Debtors to the jurisdiction of the courts of England and Wales, nor is Cleary Gottlieb Steen & Hamilton LLP instructed by the U.S. Debtors to accept service of any proceedings in England and Wales.

17. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

Nortel Networks Inc.
c/o Jonathan Kelly
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London EC2V 5EH

- and -

Nortel Networks Ltd.
c/o Marc Florent
Allen & Overy LLP
One Bishops Square
London E1 6AD

- and -

Joint Administrators
c/o James Norris-Jones
Herbert Smith Freehills LLP
Exchange House
Primrose Street
London EC2A 2EG
United Kingdom

The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Convention, being the fees and costs in connection with the execution of this Letter of Request, for the service of process necessary to secure the appearance of each Witness, the costs of the Examiner and the costs of the transcript of the evidence will be initially borne by the U.S. Debtors, Canadian Debtors and EMEA Debtors. The payment of any such fees and costs is without prejudice to the U.S. Debtors', Canadian Debtors' and EMEA Debtors' right to make subsequent requests for

reimbursement of those fees and costs from other parties to the proceedings before the Requesting Court.

DATE OF REQUEST	*October 1, 2013*

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY	*[signature: Kevin Gross]*