# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Derek C. Abbott
302 351 9357
302 425 4664 Fax
dabbott@mnat.com

October 4, 2013

**VIA HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 N. Market St., 6th Floor
Wilmington, DE 19801

      Re: *In re: Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

      With apologies for raising a new discovery dispute so soon after the Court resolved the prior ones, we write on behalf of the U.S. Debtors and the Official Committee of Unsecured Creditors (collectively, the "U.S. Interests") to alert the Court to a new issue interposed Wednesday by the EMEA Debtors that once again threatens to prevent the U.S. Interests' discovery into the EMEA Claims. The EMEA Debtors informed us Wednesday that they will not voluntarily produce any of their French witnesses for deposition on the dates to which the parties agreed long ago, presumably including Cosme Rogeau, whose deposition was ordered by the Court last week, claiming that French law precludes these witnesses from appearing absent compliance with Hague Convention procedures that will take months to complete. The EMEA Debtors never before raised this objection during the two months we have been discussing the scheduling of these depositions with them. Further, we believe this objection is unfounded.

      As Your Honor is aware, fact depositions began last week and are scheduled to be completed by December 13, 2013. The parties have been working collaboratively since June to identify potential trial witnesses, identify deponents, obtain dates for their voluntary appearance (or commence process for those who will not appear voluntarily) and, through our Scheduling Committee consisting of one representative from each of the U.S. Debtors, Canadian Debtors and EMEA Debtors, schedule all of these depositions. This has required a herculean effort from all parties and the result is a packed calendar of multi-tracked depositions, many of which were scheduled in coordination with other depositions (i.e., to avoid unnecessary additional travel or to stagger certain witnesses evenly throughout the deposition period).

Two months ago, we requested the depositions of three of EMEA's witnesses – Michel Clement, Pascal Debon and Philippe Albert-Lebrun, the latter of whom is on EMEA's trial witness list. EMEA did not object to producing these witnesses, and to the contrary they were scheduled a month ago for depositions in Paris on dates previously accepted by all parties and the witnesses, with the first being later this month. We are awaiting a date for the fourth EMEA witness, Cosme Rogeau, whose deposition in Paris was agreed to by the parties (and reflected in the Court's order) after the U.S. Interests moved this Court to order his deposition in Delaware or New York. Mr. Rogeau is the French liquidator who personally signed the claim in this Court in excess of $400 million against the U.S. Debtors on behalf of Nortel Networks S.A. ("NNSA").

Until Wednesday, not once during the two months in which we have been discussing or scheduling these depositions have the EMEA Debtors – who are represented by Hughes Hubbard and Herbert Smith, both of which have sizeable Paris offices, including French litigation practices[1] – informed us that they perceived any obstacle to the voluntary appearance for deposition by their four French witnesses.[2]

Despite all of our planning, and the modification of the pre-trial and trial schedules pursuant to the EMEA Debtors' motion, the EMEA Debtors advised us out of the blue Wednesday afternoon that they will not produce their French witnesses voluntarily for deposition in Paris because of what is commonly referred to as the "French blocking statute," which they contend precludes a French national from testifying at a deposition in France, even voluntarily, absent compliance with time-consuming Hague Convention procedures. Given that these depositions were noticed and scheduled long ago, and the plethora of French litigators available to advise the EMEA Debtors from several firms, we can only speculate why they have waited until after depositions have commenced to first raise this issue with us. We sought to persuade the EMEA Debtors that their concerns are as unfounded as they are untimely (including by having our French colleagues speak directly with them), but given our lack of success and the calendar pressures, we concluded that it was necessary to bring this development to the Court's attention immediately rather than presume that reasonable minds will prevail.

The U.S. Interests believe that the time has long passed for the EMEA Debtors to raise this issue. Whereas process could have been sought months ago had the EMEA Debtors taken this position on a timely basis, by waiting all the way until October 2 to do so, the EMEA Debtors are threatening to thwart any hope of the U.S. Interests taking these depositions by the

---

[1] The French liquidator and NNSA are also represented by the French law firm Foucard, Tchekhoof, Pochet et Associés.

[2] A fifth French EMEA witness, Jean-Marie Lesur, refused to cooperate and therefore we are pursuing his deposition through the Hague Convention. We understand that it is likely to be many months before his deposition is ordered and, thus, it is very likely his deposition will not occur.

December 13 deadline. Hague Convention process simply cannot be obtained in this time frame, and even if it could, the U.S. Debtors had intentionally scheduled these depositions in a structured fashion (Mr. Debon in October, Mr. Albert-Lebrun in November and Mr. Clement in December), and we would protest the scheduling of all of the NNSA witnesses lumped together at the end. We would also note that not once during the parties' litigation of the U.S. Interests' right to depose Mr. Rogeau, including during our negotiation of the resolution that we would depose him in Paris (rather than Delaware or New York as we sought) before Mr. Hill, did the EMEA Debtors suggest to us or Your Honor that they could not and would not actually produce him in Paris.

Further, the voluntary depositions of the witnesses concerned are not the type of proceeding that the "French blocking statute" is intended to affect. No French person or entity is being dragged into litigation in a foreign court, but rather NNSA is the claimant here seeking hundreds of millions of dollars from the U.S. Debtors. The witnesses at issue include the French liquidator who filed the claim, the former EMEA Controller who is on NNSA's trial witness list and an individual who the EMEA Debtors identified as being most knowledgeable about sales, customer relationships and NNUK's role in the management and operations of the EMEA region, among other issues. Further, they are all scheduled to appear voluntarily. There is simply no basis to believe the blocking statute would be – and we are unaware of a single instance since it was enacted in which it was – applied in this type of circumstance. Not once.

We have offered the EMEA Debtors a simple solution. If they are uncomfortable producing their witnesses voluntarily in France, they can bring them to London, New York or Wilmington. Once again, we are unaware of a single instance ever where liability was imposed under French law for a voluntary appearance of a French citizen for a deposition outside France.[3]

The EMEA Debtors have not suggested that these depositions cannot occur in France (or anywhere else), but they have suddenly demanded that we engage in unnecessary, time-consuming Hague Convention procedures. While we would have been willing to indulge that request had it been made in June or July however unnecessary it may be under these circumstances, their inexplicable delay until October makes it impossible to do so while maintaining to the current schedule, which has already been extended once at the request of the EMEA Debtors (and which they advised us at the time they had wanted to extend even longer, to which we strongly objected).

This 11th hour tactic by the EMEA Debtors seeking to force the U.S. Interests to choose between obtaining critical discovery into the substantial claims brought in this Court by

---

[3] While we do not believe the Court need analyze the viability of the "French blocking statute" given the suspect nature of the timing of the EMEA Debtors' objection, the distinguishing circumstances and the availability of alternative locations, we note that several U.S. courts have previously rejected attempted reliance on the statute by parties seeking to defeat discovery efforts.

NNSA and adhering to the once-extended trial schedule should be rejected, and the EMEA Debtors should be immediately ordered to produce their witnesses in Paris, London, New York or Wilmington (at their option if exercised by October 9) on the currently agreed-upon and scheduled dates. In the case of Mr. Rogeau, we are still awaiting the EMEA Debtors to provide us with a date for his deposition as ordered by the Court on September 25, and we ask that a deadline of October 9 be set for the EMEA Debtors to offer us a reasonable selection of dates from which to choose and his preferred location. We appreciate the Court addressing this matter with urgency and would be pleased to make ourselves available at the Court's convenience today for a conference call in light of the need to resolve this immediately.

                                     Respectfully submitted,

                                     Derek C. Abbott

cc:     All Core Parties (via email)

7621797.1