## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
|  |  |
|---|---|
| *In re* | :    Chapter 11 |
|  | : |
|  | :    Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.,*[1] | : |
|  | :    Jointly Administered |
| Debtors. | : |
|  | :    **Re: D.I.s 9362, 9412, 9418, 9441,** |
|  | :    **9444, 9451, 9641, 10016, 10484 and** |
|  | :    **11201** |

-------------------------------------------------------X

**CERTIFICATION OF COUNSEL REGARDING THE PROPOSED
THIRD AMENDED ORDER APPROVING THE STIPULATED PROTOCOL
REGARDING DISCOVERY WITH RESPECT TO THE ISSUE OF "EXCUSABLE
NEGLECT" IN CONNECTION WITH THE MOTION OF THE AD HOC
COMMITTEE OF CANADIAN EMPLOYEES TERMINATED PRE-PETITION FOR
ENTRY OF AN ORDER ALLOWING FILING OF CLAIMS AFTER THE BAR DATE**

I, Tamara K. Minott, counsel for Nortel Networks Inc. ("NNI") and its affiliated

debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"),

hereby certify as follows regarding the *Third Amended Order Approving the Stipulated Protocol*

*Regarding Discovery with Respect to the Issue of "Excusable Neglect" in Connection with the*

*Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of*

*an Order Allowing Filing of Claims After the Bar Date* (the "Proposed Order"), attached as

**Exhibit A** hereto:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

1.    On February 1, 2013, the members of an Ad Hoc Committee of Canadian Employees Terminated Pre-Petition (the "Ad Hoc Committee of Canadian Employees") filed the *Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9362] (the "Motion").

2.    On February 12, 2013, the Debtors filed the *U.S. Debtors' Objection to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9412].

3.    On February 13, 2013, the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al. (the "Committee") filed the *Joinder of the Official Committee of Nortel Networks Inc., Et Al. to the Debtors' Objection to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9418].

4.    On February 15, 2013, the Monitor appointed in the CCAA proceedings of Nortel Networks Corporation and its affiliated CCAA debtors filed the *Statement and Reservation of Rights of the Monitor on Behalf of the Canadian Nortel Debtors in Relation to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9441].

5.    On February 19, 2013, the ad hoc group of bondholders in the Debtors' chapter 11 case (the "Bondholder Group") filed the *Joinder of Nortel Ad Hoc Group of Bondholders to U.S. Debtors' Objection to Motion for Entry of an Order Allowing Late-Filed Claims* [D.I. 9451].

6.    On March 13, 2013, this Court entered the *Order Approving Stipulation and Agreement Governing Production, Exchanges and Filing of Confidential Materials Related*

*to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for*

*Entry of an Order Allowing Filing of Claims After the Bar Date* [D.I. 9641], which order

approved a stipulation regarding the treatment of confidential materials in connection with

discovery with respect to the Motion between the Debtors, the Ad Hoc Committee of Canadian

Employees, the Committee and the Bondholder Group.

　　　　　7.　　　The Debtors and the Ad Hoc Committee of Canadian Employees

negotiated and agreed upon a schedule for discovery with respect to the Motion, which this Court

so ordered on April 8, 2013 in the *Order Approving the Stipulated Protocol Regarding*

*Discovery with Respect to the Issue of "Excusable Neglect" in Connection with the Motion of the*

*Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order*

*Allowing Filing of Claims After the Bar Date* [D.I. 10016] (the "Original Scheduling Order").

　　　　　8.　　　Thereafter, the Ad Hoc Committee of Canadian Employees asked for an

extension of the deadline for members of the Ad Hoc Committee of Canadian Employees to

produce documents, and the Debtors and the Ad Hoc Committee of Canadian Employees

negotiated a revised schedule for discovery with respect to the Motion, which this Court so

ordered on May 10, 2013 in the *Amended Order Approving the Stipulated Protocol Regarding*

*Discovery with Respect to the Issue of "Excusable Neglect" in Connection with the Motion of the*

*Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order*

*Allowing Filing of Claims After the Bar Date* [D.I. 10484] (the "Amended Scheduling Order").

　　　　　9.　　　Thereafter, the Ad Hoc Committee of Canadian Employees asked for a

further extension of the deadline for members of the Ad Hoc Committee of Canadian Employees

to produce documents, and the Debtors and the Ad Hoc Committee of Canadian Employees

negotiated the further extension of certain of the deadlines contained in the Amended Scheduling

Order, which this Court so ordered on July 24, 2013 in the *Second Amended Order Approving the Stipulated Protocol Regarding Discovery with Respect to the Issue of "Excusable Neglect" in Connection with the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Filing of Claims After the Bar Date* [D.I. 11201] (the "Second Amended Scheduling Order").

        10.     Thereafter, the Debtors and the Ad Hoc Committee of Canadian Employees negotiated a further extension of certain of the deadlines contained in the Second Amended Scheduling Order, which changes are embodied in the Proposed Order.

        WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order attached hereto as **Exhibit A** and (ii) grant such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  October 4, 2013
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_____*/s/ Tamara K. Minott*_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*