IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                                                      :
In re                                                 :   Chapter 11
                                                      :
Nortel Networks Inc., et al.,[1]                      :   Case No. 09-10138 (KG)
                                                      :
            Debtors.                                  :   Jointly Administered
                                                      :
                                                      :   Re: D.I.s 9362, 9412, 9418, 9441, 9444,
                                                      :   9451, 9641, 10016, 10484 and 11201
                                                      :
------------------------------------------------------X

### THIRD AMENDED ORDER APPROVING THE STIPULATED PROTOCOL REGARDING DISCOVERY WITH RESPECT TO THE ISSUE OF "EXCUSABLE NEGLECT" IN CONNECTION WITH THE MOTION OF THE AD HOC COMMITTEE OF CANADIAN EMPLOYEES TERMINATED PRE-PETITION FOR ENTRY OF AN ORDER ALLOWING FILING OF CLAIMS AFTER THE BAR DATE

WHEREAS, on February 1, 2013, the members of an Ad Hoc Committee of Canadian Employees Terminated Pre-Petition (the "Ad Hoc Committee of Canadian Employees") filed the *Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9362] (the "Motion");

WHEREAS, on February 12, 2013, the above-captioned debtors (the "Debtors") filed the *U.S. Debtors' Objection to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9412];

WHEREAS, on February 13, 2013, the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al. (the "Committee") filed the *Joinder of the Official Committee of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

*Nortel Networks Inc., Et Al. to the Debtors' Objection to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9418];

WHEREAS, on February 15, 2013, the Monitor appointed in the CCAA proceedings of Nortel Networks Corporation and its affiliated CCAA debtors filed the *Statement and Reservation of Rights of the Monitor on Behalf of the Canadian Nortel Debtors in Relation to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 9441];

WHEREAS, on February 19, 2013, the ad hoc group of bondholders in the Debtors' chapter 11 case (the "Bondholder Group") filed the *Joinder of Nortel Ad Hoc Group of Bondholders to U.S. Debtors' Objection to Motion for Entry of an Order Allowing Late-Filed Claims* [D.I. 9451];

WHEREAS, on March 13, 2013, this Court entered the *Order Approving Stipulation and Agreement Governing Production, Exchanges and Filing of Confidential Materials Related to the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Filing of Claims After the Bar Date* [D.I. 9641], which order approved a stipulation regarding the treatment of confidential materials in connection with discovery with respect to the Motion between the Debtors, the Ad Hoc Committee of Canadian Employees, the Committee and the Bondholder Group;

WHEREAS, the Debtors and the Ad Hoc Committee of Canadian Employees thereafter negotiated the discovery schedule with respect to the Motion and the Court so ordered such schedule on April 8, 2013 in the *Order Approving the Stipulated Protocol Regarding Discovery with Respect to the Issue of "Excusable Neglect" in Connection with the Motion of the*

*Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Filing of Claims After the Bar Date* [D.I. 10016] (the "Original Scheduling Order");

WHEREAS, the Ad Hoc Committee of Canadian Employees asked for an extension of the deadline for members of the Ad Hoc Committee of Canadian Employees to produce documents, and the Debtors and the Ad Hoc Committee of Canadian Employees negotiated a revised schedule for discovery with respect to the Motion, which this Court so ordered on May 10, 2013 in the *Amended Order Approving the Stipulated Protocol Regarding Discovery with Respect to the Issue of "Excusable Neglect" in Connection with the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Filing of Claims After the Bar Date* [D.I. 10484] (the "Amended Scheduling Order").

WHEREAS, the Ad Hoc Committee of Canadian Employees asked for a further extension of the deadline for members of the Ad Hoc Committee of Canadian Employees to produce documents and the Debtors and the Ad Hoc Committee of Canadian Employees thereafter negotiated the extension of certain of the deadlines contained in the Amended Scheduling Order, which this Court so ordered on July 24, 2013 in the *Second Amended Order Approving the Stipulated Protocol Regarding Discovery with Respect to the Issue of "Excusable Neglect" in Connection with the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Filing of Claims After the Bar Date* [D.I. 11201] (the "Second Amended Scheduling Order").

WHEREAS, the Debtors and the Ad Hoc Committee of Canadian Employees thereafter negotiated a further extension of certain of the deadlines contained in the Second Amended Scheduling Order.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Debtors will serve a targeted document request on all members of the Ad Hoc Committee of Canadian Employees, as identified on Exhibit A to the Motion, by April 10, 2013, through counsel to the Ad Hoc Committee of Canadian Employees. The requests will require production by each member individually of his or her own documents.

2. The members of the Ad Hoc Committee of Canadian Employees will produce their responsive documents to counsel for the Debtors in accordance with Bankruptcy Rule 7034 on a rolling basis by October 18, 2013.

3. After they review the documents produced by the members, the Debtors will take the depositions of approximately 15 members with respect to the issue of "excusable neglect." Each of the depositions will take place at a time and place to be agreed upon by counsel, and all reasonable efforts will be made to minimize the burden on the deponents. The depositions shall be completed no later than November 30, 2013.

4. After the depositions are completed, counsel shall meet and confer to discuss what, if any, additional discovery the Debtors wish to take prior to the hearing on the Motion. This discovery may be followed up with some or all of the deposed members, and/or may relate to the other members of the Ad Hoc Committee of Canadian Employees, since each one will have to prove "excusable neglect" at the hearing on the Motion.

5. The hearing on the Motion will be adjourned *sine die* until discovery is completed.

Dated: Wilmington, Delaware
October 7, 2013

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE