

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

October 7, 2013

**VIA HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, Sixth Floor
Wilmington, Delaware 19801

Re:     *In re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

      We write on behalf of the Joint Administrators for the EMEA Debtors in response to the October 4, 2013 letter to Your Honor from counsel for the U.S. Debtors, with respect to the depositions of French witnesses.

      Counsel for the U.S. Debtors misstates the position when he indicates that certain witnesses in France have decided not to appear for their depositions voluntarily. What we learned last week, and communicated promptly to counsel for the other parties, is that under French law even witnesses who are willing to appear voluntarily for depositions in foreign proceedings are required to comply with formalities set forth in the Hague Evidence Convention. Chapter II of the Hague Evidence Convention provides a set of simplified procedures for persons who are willing to appear voluntarily, which are distinct from and less time-consuming than the better-known procedures for obtaining compulsory process under Chapter I of the Convention. The procedures for voluntary depositions under Chapter II accord due regard to French sovereignty and the rights of French nationals by ensuring that depositions take place after appropriate request and notification. We have been informed by French counsel that (i) they anticipate that the necessary processes can be accomplished in time for the witnesses to be deposed prior to the December 13 deadline for completing fact depositions, and (ii) the resulting form of examination should conform in all material respects with usual U.S. deposition procedures. When we informed the other parties of this issue, we invited them to work together with us to achieve this.

The parties have identified four former personnel of the EMEA entities, who reside in France, as either trial witnesses or persons likely to have relevant knowledge: Michel Clement, Pascal Debon, Philippe Albert-Lebrun and Jean-Marie Lesur. These are former Nortel directors or employees, none of whom is currently employed by or otherwise under the control of the Joint Administrators. Consistent with the mutual cooperation between the parties, the Joint Administrators contacted each of these witnesses and requested that they agree to appear for a deposition voluntarily. Messrs. Clement, Debon and Albert-Lebrun agreed to do so, and we have since been working with the other parties to schedule mutually convenient dates for their depositions.[1] In addition, Cosme Rogeau, the Liquidator appointed for NNSA in the French secondary proceeding, has also agreed to appear voluntarily, as requested by the U.S. Debtors.

Last week we learned for the first time that under French law, even a voluntary deposition must be conducted in accordance with procedures set forth in the Hague Evidence Convention. Strict compliance with French law is particularly important for Mr. Rogeau due to his position as an officer of the French Court (*Mandataire Judiciare*). We promptly notified the other parties of this formality, noting our expectation that, particularly with the cooperation of all concerned, the necessary procedures can be accomplished and the necessary arrangements made so that the depositions can take place without causing delay.

The U.S. Debtors' counsel, which incidentally has a French office comprising over 100 French practitioners, has neither disputed that the Hague Evidence Convention, to which both France and the United States are signatories, contains a voluntary evidence-taking process as outlined above, nor disputed that French law prohibits French nationals and corporations from participating in the discovery process of a foreign judicial system except in accordance with the procedures established under the Hague Evidence Convention. *See* French Penal Code Law No. 80–358. French penal law, specifically what is referred to as the French "blocking statute," subjects individuals and entities to potential criminal sanctions for agreeing to voluntary depositions if these depositions are conducted outside of Hague Evidence Convention procedures. We are informed by French counsel that, contrary to the U.S. Debtors' suggestion, this prohibition could apply even if the French national went overseas for his or her deposition, taking into account the terms of the French penal law, which states (at Article 1) that the prohibition applies to a "*natural person of French nationality or habitually residing on French territory.*" The same prohibition potentially applies to persons who would be conducting the depositions, pursuant to Article 1*bis* of the Penal law. U.S. Debtors' counsel does not dispute the contents of the law, but suggests (without referring to any support) that it should not apply under the present circumstances or that criminal sanctions are in fact unlikely to be imposed. We have invited the U.S. Debtors' counsel to provide written support for any analysis of French law that differs from what we have described. They have not done so.

---

1. As the U.S. Debtors' counsel notes, Jean-Marie Lesur declined to appear voluntarily and the U.S. Interests have accordingly initiated procedures to compel his testimony pursuant to the letter of request process under Chapter I of the Hague Evidence Convention.

It is not, however, necessary to debate the application or effect of the French blocking statute because Chapter II of the Hague Evidence Convention offers a clear path for ensuring that the four witnesses can appear voluntarily for their depositions, in a timely manner, while ensuring that the witnesses and others participating in the depositions do not violate French law or the terms of an international treaty signed by the United States. The procedure for voluntary depositions under Chapter II of the Hague Evidence Convention entails merely: (i) applying to this Court for an order appointing a commissioner in France; (ii) transmitting that order to the French Ministry of Justice for approval; and (iii) sending notice of the same, including the relevant agreed date for examination, to the witness in French with a copy to the Ministry. We have conferred with counsel for the U.S. Debtors, who have agreed to provide any necessary cooperation with each stage of this process. We will prepare the necessary applications for submission to this Court, in coordination with the U.S. Debtors, within the next several days. We are informed by counsel for the French Liquidator that, with the cooperation of the witnesses and all parties, steps (ii) and (iii) should be achievable within the timeframes required to comply with the Discovery Schedule (as amended), and that the resulting examination will proceed in a manner substantially the same as a typical U.S. deposition. The French office of the U.S. Debtors' counsel should be able to confirm this.

In the interests of time, we have already identified a French attorney admitted to the New York and Paris Bars, who is independent from the parties, for purposes of appointment as commissioner under the Chapter II Hague Evidence Convention process. His name and particulars, and a detailed résumé, have been submitted to U.S. Debtors' counsel. He has sound experience of having acted in such capacity in the past. We understand that he has, on at least one previous occasion, been appointed as commissioner in proceedings involving the U.S. Debtors' counsel. Naturally, we are prepared to consider any other name(s) that U.S. Debtors' counsel may wish to submit for appointment.

Once the Order has been obtained from this Court, we expect that, with the efficient cooperation of all parties, the formal authorization of the French Ministry of Justice should be granted on an expedited basis, within 3-4 weeks at most.

We hope that the above allays any concerns the Court may have based on the U.S. Debtors' letter. We regret that once again the U.S. Debtors are seeking to engineer an entirely unnecessary dispute for tactical reasons. The U.S. Debtors' letter contains numerous misstatements and inaccuracies with respect to the position adopted by the EMEA Debtors. Contrary to what is asserted, the EMEA Debtors have not indicated that they will not voluntarily produce their witnesses for deposition. The EMEA Debtors have not delayed in raising the issues caused by the relevant French legislation. And the EMEA Debtors have made clear from the outset their desire to work cooperatively and constructively with the other parties to ensure that the depositions of French witnesses are conducted in a timely manner that is compliant with French legislation.

As described above, we are moving forward, in good faith and in cooperation with the U.S. Debtors, in a manner that will not prejudice the U.S. Debtors and will protect the rights of all concerned. We will keep the Court and the parties informed of the progress of these actions. Given the necessity of compliance with the Hague Evidence Convention, which is designed to protect the interests of all concerned, and the ability to timely pursue the simplified

voluntary Hague Evidence Convention process, we do not see that there is any need for intervention by the Court at this time.

Respectfully,

Derek J.T. Adler