

**Kathleen A. Murphy**
302 552 4214
kathleen.murphy@bipc.com

1105 North Market Street
Suite 1900
Wilmington, DE 19801-1228
T 302 552 4200
F 302 552 4295
www.buchananingersoll.com

October 7, 2013

The Honorable Kevin Gross
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

    Re: *In re Nortel Networks Inc., et. al.*, Case No. 09-10138 (KG)

Dear Chief Judge Gross,

    We write on behalf of the Monitor and the Canadian estate. We refer to the letter, dated October 4, 2013, from counsel for the U.S. Debtors and the Official Committee of Unsecured Creditors (collectively, the "**US Interests**") [Dkt No. 11813], with respect to the application and effect of the so-called "French blocking statute" (the "**Blocking Statute**") to the scheduled depositions of certain French nationals.

    The Monitor and the Canadian estate take no position on the application of the Blocking Statute in these circumstances, although we note our understanding that, notwithstanding the Blocking Statute, French nationals routinely sit for depositions in connection with foreign proceedings. For this reason, the Monitor and the Canadian estate share the US Interests' concerns with the late-stage requirement suggested by the EMEA Debtors that the production of the French witnesses for examination must be made in compliance with the Hague Convention procedures, which cannot be accommodated under the current schedule. The EMEA Debtors raised this requirement for the first time only last week.

    The Monitor and the Canadian estate continue to believe that it is critical to maintain the current litigation timetables, which have been mutually agreed to by the core parties, including the EMEA Debtors, after extensive negotiations. The Monitor and the Canadian estate are fully prepared to participate in depositions of the French witnesses at an alternative location outside of France as may be agreed among the parties. In the interim, the Monitor and the Canadian estate reserve all rights in the claims and allocation litigation in the event that the EMEA Debtors fail to produce the French witnesses as presently contemplated by the agreed litigation timetable.

October 7, 2013
Page - 2 -

      The Monitor and the Canadian estate respectfully request that the Court consider the foregoing in connection with determining what relief should be granted in connection with the US Interests' letter. Further, as always the Monitor and the Canadian Debtors respectfully request that, to the extent that the Court orders any additional relief not already provided in existing orders and protocols, that any such additional relief is granted equally for the benefit of the Monitor and the Canadian estate.

Very truly yours,

*Kathleen A. Murphy*

Kathleen A. Murphy (No. 5215)

KAM/
1027550-001116