September 30, 2013

Clerk of the United States Bankruptcy Court District of Delaware
824 Market St.  3rd Floor
Wilmington Delaware, 19801

Clerk of the United States Bankruptcy Court District of Delaware
824 Market St.  3rd Floor
Wilmington Delaware, 19801
Attn: Honorable Kevin Gross

Cleary Gottlieb Steen & Hamilton LLP
James L. Bromley (admitted pro hac vice)
Lisa M. Schweitzer (admitted pro hac vis)
One Liberty Plaza
New York, New York, 10006

Morris, Nichols, Arsht & Tunnell, LLP
/s/ Ann C. Cordo
Derek C. Abbott (No.3376)
Eric D. Schwartz (No. 3134
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801

To: Honorable Kevin Gross Chief United States Bankruptcy Judge
(United States Bankruptcy Court for the District of Delaware)

Subject:
Case: 09-10138-KG DOC 11739-1 Filed: 09/20/13. Page 1of 3
Reference Exhibit A  - No- Basis Claims
Pino, Joseph A. Sr.
3 Cheryl Ann Ct.
Berlin, NJ 08009
Claim Number: 3177 / Date Filed 9/18/09 / Case Info: <u>09-10138</u> Nortel Networks, Inc
Total Claim Amount: $91,520.00

I am writing in response to the document received on September 23, 2013, which indicates there
is "no basis for my claim of benefit."  I wish to oppose the entry of the order approving the
Objection. As a result, I am filing an Objection ("Response") to the Motion with the Clerk of the
United States Bankruptcy Court, for the District of Delaware.

At the time of my filing I was a Nortel Networks employee for 36 years. Beginning my employment in August 20, 1973 and termination in December 18, 2009. During my years of service the telecommunications industry experienced many financial ups and downs. Nortel Networks, being a leader in the industry, experienced these changes as well. As an employee,

during these periods, there were many times decisions had to be made as whether to remain with Nortel Networks or look for employment with another company. As a result, I, like many others, evaluated the incentives Nortel Networks offered to remain within their employ. Wine due respect to the Courts; I ask you to consider that as the years accumulated, the "Incentive was a major consideration. One of the primary incentives was the "Policy Benefit of Severance Pay." As stated in the "Policy & Procedures Manual":
"Nortel Severance provides a severance pay of 4 weeks, plus weeks pay for every year of service." My comments above are to signify, my view of the importance of the Severance Policy.

**Summary of Facts:**
• Employee #: 190842
• Hire Date: 8/20/73
• Termination Date: 12/18/09
• Years of Service: 36 years
• Severance Policy Comments:
After 36 years of service, I was terminated by Nortel Networks. I contend this was not a voluntary termination. This termination was due to the financial status (Bankruptcy) of the company; as a result of the action & activities of executive management. Through the past years there were changes to policies and court actions; I find this has demonstrated and supported my insight. As per a short conversation with an HR Representative, on 9/27/13 at 9:01AM, it was indicated, that I was not entitled to the severance because of my accepting a position with Avaya. With due respect, let it be fully understood, I was not aware of the impact on my Nortel Networks Severance. There were other employees who accepted a different package and they were given the opportunity to review the impact and sign off. I was not given an opportunity to sign off to relinquish this benefit. Please understand, even if there is a policy which states such a restriction, I contend this was a difficult time, which made it impossible to understand what policies were still in place and which were not in place due to such major transitions going on at the current time.

This is especially disheartening, especially after taking into account my employment with Avaya was terminated in August of 2010. It is evident; Nortel Networks utilized my knowledge and expertise as a point to ease the transition to Avaya and discarded with no regard to me or any financial hardships that may result, after my knowledge and expertise were no longer of use to them.

**• Dispute of No Basis Filing:**

I was not aware, nor advised prior to termination, of the impact on my Nortel Networks severance. Taking this into account, although Nortel Networks may have been aware of this restriction in the policy; it was a policy which to my knowledge was never enforced. Furthermore, Nortel Networks has no mechanism in place to enforce this policy. As a manager with Nortel for 36 years, it is my understanding, many former employees who received a severance, were not held accountable for employment shortly after they received their severance package. As stated, to my knowledge, Nortel Networks has no way to enforce this policy. If what I say is true, then why am I held under to a different standard?

Lastly, I am respectfully requesting the Courts re-consider and grant my request for severance based on the facts stated above. Having given Nortel Networks 36 years of dedicated service, this should be supportive of my record. It appears, Nortel Networks utilized this record in its nogiations with Avaya or I would have never been offered a position with Avaya. Avaya used my experience & expertise, and then released me from employment.

I appeal to the court, it is my hope the court will consider my request to find on my behalf, if nothing else as a gesture of fairness.

Let me know if further clarification is required with regards to the above statement.

Thank You,

Joseph A. Pino Sr.