# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS, INC., et al. ) | Case No. 09-10138 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Re D.I. Nos. 11813 & 11826** |

## ORDER RESOLVING DISCOVERY RELATED ISSUE

The U.S. Debtors and the Official Committee of Creditors (the "U.S. Interests") have requested the Court's assistance in resolving a discovery related issue. See letter, dated October 4, 2013, from Derek Abbott to the Court (the "Letter") (D.I. 11813). The EMEA Claimants, the parties who are the subject of the Letter, have responded. See letter, dated October 7, 2013, from Derek J.T. Adler to the Court (the "Response") (D.I. 11826). The U.S. Interests and the EMEA Claimants have submitted supplemental letters and other parties have also written to the Court.

The U.S. Interests complain that after months of discussions and agreement over the scheduling of depositions of EMEA witnesses who reside in France (the "Witnesses")[1], the depositions were finally scheduled to go forward -- until the EMEA Claimants threw the proverbial "monkey wrench" into the discovery. The U.S. Interests are seeking the depositions of the Witnesses because the French affiliate of the debtors, Nortel Networks, SA, and the French Liquidator filed a large claim. It is inconceivable to the Court that a

---

[1] The Witnesses are: Michel Clement, Pascal Debon, Philippe Albert-Lebrun (listed to testify for the EMEA Claimants at trial) and Cosme Rogeau, the French liquidator who signed the proof of claim.

claimant can pursue a claim without producing witnesses in support of the claim. The EMEA Claimants say that they will not produce the Witnesses because of a "French Blocking Statute" which does not allow French citizens to be deposed in connection with foreign proceedings without compliance with the applicable provisions of The Hague Evidence Convention (the "Convention"), a potentially lengthy and complicated procedure, this even if they are willing to appear at their deposition on a voluntary basis. The EMEA Claimants have now expressed a willingness to utilize a more streamlined procedure available under the Convention through the appointment of a commissioner, and have offered to prepare the necessary motion papers. The EMEA Claimants insist that with the cooperation of all parties, the U.S. Interests should be able to depose the Witnesses within the timeframe of the Discovery Schedule, as amended.

The U.S. Interests are understandably disturbed by the EMEA Claimants late assertion of the French Blocking Statute and question the sincerity of the EMEA Claimants' concern that the Witnesses are at risk if they do not comply with the French Blocking Statute. The U.S. Interests ask why the issue has arisen suddenly and was never raised when the agreed deposition schedule was negotiated. They also argue that the EMEA Claimants have cited no instance when the French Blocking Statute has been applied against a witness.

The Court also suspects the bona fides of the EMEA Claimants' position given the history of this case. The EMEA Claimants have challenged the Court's ability to hear the issues, pushing instead for arbitration. They have also attempted to and have delayed the

trial.[2]

The Court will not opine on the validity of the EMEA Claimants' concerns over French Law, and does not want to damage the cooperative spirit among all parties which is essential for an orderly trial which will begin in the Spring 2014. At the same time, the Court will not countenance delay of the carefully negotiated discovery schedule.

Accordingly, IT IS HEREBY ORDERED this 10th day of October, 2013, that:

1. The U.S. Interests and the EMEA Claimants shall continue to work together to expedite the procedure proposed by the EMEA Claimants for obtaining the depositions of the Witnesses to meet the discovery deadline. The Court directs the EMEA Claimants to prepare the motion papers for the expedited procedure under the Convention and directs the parties to submit the papers for the Court's signature not later than October 18, 2013.

2. In the meantime. the EMEA Claimants will not be entitled to take any depositions of witnesses they seek to depose until the Witnesses are available to be deposed. They will, of course, be permit ted to examine witnesses who are appearing at the request of other parties.

---

[2] The EMEA Claimants moved to extend the entire schedule, including the trial date. They scheduled a hearing before duty judges here and in Canada who were totally unfamiliar with the cases. The EMEA Claimants knew that the judges who have been overseeing these cases for more than four years were unavailable.

3.  The discovery deadline will remain firm, meaning the EMEA Claimants bear the risk and repercussions of delay. If the Witnesses are not timely produced, the Court may consider further relief.

_____
KEVIN GROSS, U.S.B.J.