# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 Fax

Derek C. Abbott
302 351 9357
302 425 4664 Fax
dabbott@mnat.com

October 17, 2013

**VIA HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 N. Market St., 6th Floor
Wilmington, DE 19801

    Re:    *In re: Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

    As requested, I write on behalf of the U.S. Debtors to respond to yesterday's letter by the EMEA Debtors regarding their letter seeking reconsideration of the Court's October 10, 2013 Order.[1]

    The EMEA Debtors' argument that a motion for reconsideration may be brought in letter form because that is how the U.S. Debtors' first raised their discovery dispute is fundamentally flawed. The Court expressly advised the parties on several occasions that discovery disputes can and should be brought to Your Honor's attention by letter. Absent direction to the contrary, Local Rule 9013-1(b) requires requests for relief to be brought by motion and even indicates that "letters from Counsel or parties will not be considered."

    Recognizing that the Court may consider the substance of the EMEA Debtors' October 16 Letter as a motion for reconsideration despite its form, we note that the EMEA

---

[1] As an initial matter, we note that in their October 16 letter the EMEA Debtors did not contest our October 15 letter, which demonstrated that the EMEA Debtors had mischaracterized the U.S. Debtors position regarding cancellation of depositions noticed by the U.K. Pension Claimants. Our position, as confirmed by the emails attached to our October 15 letter, was the opposite of what the EMEA Debtors expressed to the Court.

Debtors have made no effort to acknowledge, let alone satisfy, the Third Circuit's stringent requirements for a motion for reconsideration. Instead, they merely attempt to reargue their case by suggesting that the Court "misapprehended facts," without recognizing, for example, that Third Circuit law requires there have been a "clear error." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F. 2d 906, 909 (3d Cir. 1985) ("the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."). It also is well-established that "[g]ranting a motion for reconsideration is an extraordinary remedy," In re Lenox Healthcare , Inc., 366 B.R. 292, 293 (Bankr. D. Del. 2007), which these circumstances do not justify.

The main thrust of the EMEA Debtors' complaint appeared directed at the Canadian Monitor and CCC, but given the Canadian Monitor's letter to Justice Morawetz reversing their prior position that the EMEA Debtors may not examine witnesses at depositions noticed by other parties, that issue is now essentially moot.[2] Regardless, the U.S. Debtors never asserted that position, nor did this Court's October 10 Order so hold.[3]

Putting aside our disagreement with the EMEA Debtors on the substance of the French "blocking statute,"[4] we remain very concerned about the delay and additional cost threatened by its belated invocation by the EMEA Debtors. The deposition schedule is, unfortunately, already back-loaded (over the objections of the U.S. Debtors since August) and the shift of several previously-scheduled French depositions from October-November to December will unfairly burden the U.S. Debtors, requiring them to shift attention and resources away from other critical depositions for which December was reserved, under the reasonable assumption that the French witnesses would have been already deposed as previously agreed. While the EMEA Debtors complain loudly about the potential cancellation of just one of their depositions (scheduled to occur in Toronto) as a result of the October 10 Order, the EMEA Debtors' abrupt about-face late in the process has caused the likely postponement of four scheduled overseas depositions sought by the U.S. Debtors.

Worse yet, the Canadian Directors & Officers (the "D&Os"), who just last week wrote to Your Honor on October 7, 2013 (after this dispute concerning French witnesses arose)

---

[2]  We understand that the Canadian Monitor did not submit its letter to Your Honor and, therefore, attach a copy of that letter here for the Court's convenience.

[3]  To put the EMEA Debtors' complaint in further context, as the Court may have noticed from the second attachment to our October 15 letter, because many of the depositions sought exclusively by the EMEA Debtors have already occurred, only one remaining deposition likely faces cancellation as a result of the Court's Order. All of the other upcoming depositions have been either designated or cross-designated by other parties.

[4]  All parties agree that there has never been a claim brought by the French government under these circumstances.

to re-affirm that they would produce Pascal Debon for deposition on October 28-29, have now reversed course and insisted on letters rogatory (which requires motions before both Courts), thus assuring that Mr. Debon's deposition will not proceed in 11 days as scheduled. Because Mr. Debon is a party to the coordinated litigation and thus subject to the jurisdiction of the Courts, as well as a designated trial witness by the D&Os, we respectfully request that the Court require him to appear for deposition (whenever it is rescheduled) in Delaware, New York or Toronto (at his option). Other depositions were explicitly coordinated with Mr. Debon's deposition on October 28-29, and it is too late to replace that deposition in the European schedule for that week. When combined with the fact that the tight schedule will make it very difficult, and certainly a great deal more costly to the estates, for the parties to find a new time slot to travel to France for Mr. Debon, compelling a party and trial witness to appear in North America as a consequence for cancelling his scheduled deposition is more than reasonable.[5]

                                                                          Respectfully submitted,

                                                                          Derek C. Abbott

cc:     All Core Parties (via email)

---

[5]     The U.S. Debtors reserve their right to make this same request with respect to any EMEA deponent whose deposition ultimately must be cancelled because letters rogatory are not obtained in time to permit his deposition to proceed as scheduled.