IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                                       :    Chapter 11
                                                            :
Nortel Networks Inc., et al.,[1]                            :    Case No. 09-10138 (KG)
                                                            :
                           Debtors.                         :    Jointly Administered
                                                            :
                                                            :    **RE: D.I. 10486**
                                                            :
------------------------------------------------------------X

## SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (REDUCE OR MODIFY AND ALLOW CLAIMS, REDUNDANT CLAIMS, WRONG DEBTOR CLAIMS, AND NO LIABILITY CLAIMS)

Upon the Debtors' Thirtieth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Reduce or Modify and Allow Claims, Redundant Claims, Wrong Debtor Claims, and No Liability Claims) [D.I. 10486] (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying or disallowing in full, as applicable, the claims identified in Exhibits A-D attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Thirtieth

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Reduce or Modify and Allow Claims, Redundant Claims, Wrong Debtor Claims, and No Liability Claims) attached to the Objection as Exhibit E; and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in Exhibits A-D thereto; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

  1. The Objection is **GRANTED** with respect to Claim No. 1950 held by Hain Capital Holdings, LLC as modified by agreement by and between Debtors and Hain Capital Holdings, LLC. Pursuant to such agreement, Claim No. 1950 is hereby allowed in the amount of $742,006.55.

  2. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

3.  This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: October 22, 2013
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE