# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

DEREK C. ABBOTT
302 351 9357
302 425 4664 Fax
dabbott@mnat.com

October 28, 2013

**VIA HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 N. Market St., 6th Floor
Wilmington, DE 19801

Re: *In re: Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

    We write on behalf of the U.S. Debtors in response to the letter dated Wednesday from the EMEA Debtors seeking the production of certain post-petition joint privileged documents from the Canadian Debtors for the period from January 14, 2009 to January 31, 2010.

    First and foremost, the U.S. Debtors believe that it is critically important that there be no inconsistencies among the U.S., Canadian and EMEA estates with respect to the production of post-petition joint privileged documents. Therefore, whatever position is adopted by the Courts – whether requiring production of all post-petition joint privileged documents, production of only post-petition privileged documents responsive to the "Tax Authority" and "APA" searches from January 14, 2009 to January 31, 2010, or no production of any post-petition joint privileged documents – the U.S. Debtors believe the position should apply across the board to all estates.

    Subject to the foregoing principle, the U.S. Debtors take no position either in support of or in opposition to the specific relief requested by the EMEA Debtors, namely that the Canadian Debtors should produce their post-petition joint privileged documents through January 31, 2010 responsive to the "Tax Authority" and "APA" searches.

    The U.S. Debtors (and, presumably, the EMEA Debtors) produced or are prepared to produce post-petition joint privileged documents on the expectation that the Canadian estates would make an equivalent production. The fact that the Canadian Debtors have not done so, and do not plan to do so, threatens to greatly prejudice and penalize the other estates

The Honorable Kevin Gross
October 28, 2013
Page 2

if our production of sensitive and privileged documents for the post-petition period is not commensurate with the Canadian Debtors. The U.S. Debtors, however, recognize the burden on the Canadian Debtors to review and produce all of their post-petition documents at this stage and thus do not insist that the remedy be their full production of all post-petition joint privileged documents. All we ask is that the playing field not be unequal. For any category of documents that is not produced by the Canadian Debtors for use by all parties, no party should have the right to use such documents of the U.S. Debtors or the EMEA Debtors.

Equalizing the playing field would be quite easy - any documents already produced by the U.S. or EMEA Debtors beyond the scope of the Canadian Debtors' production would be clawed back in accordance with the express provisions of the Protective Order. Such an exercise would be easily administrable and, in fact, there already have been a large volume of claw back notices under the Protective Order, including at least ten separate notices by the EMEA Debtors alone since depositions began a month ago.

The U.S. Debtors will await a ruling from the Courts before making any further production of post-petition joint privileged documents in light of the positions taken by the Canadian and EMEA Debtors and following a ruling by the Courts with respect to the scope of the Canadian Debtors' production, will claw back our joint privileged documents that exceed that scope. With reference to the statements about the U.S. Debtors and their document production in the letter submitted by the EMEA Debtors, we will not burden the Courts with a detailed rebuttal other than to say that there are several material inaccuracies, including their misstatements about the U.S. Debtors' significant production of post-petition joint privileged documents to date.

To the extent any party takes the position that the Canadian Debtors should not have to produce their post-petition joint privileged documents but such documents of the U.S. Debtors can be used, we reserve the right to respond further.

The U.S. Debtors are submitting essentially this same letter to the Canadian court as well.

Respectfully submitted,

Derek C. Abbott

7729510.2