**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*                                              :     Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                   :     Case No. 09-10138 (KG)
:
                                  Debtors.           :     Jointly Administered
:
----------------------------------------------------------X

## STIPULATION RESOLVING CLAIM NO. 6289 BY AND BETWEEN SUNSET LAND CO., LLC AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Sunset Land Co., LLC ("Claimant" and, together with the Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

WHEREAS, Claimant and the Nortel Debtor were parties to a certain lease dated November 12, 1988 (as the same may have been amended, modified or supplemented from time to time in accordance with its terms, the "Lease") for nonresidential real property located at 2603 Camino Ramon, San Ramon, California; and

WHEREAS, on or about November 20, 2009, pursuant to the Nineteenth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors-in-Possession [D.I. 1931], the Nortel Debtor rejected the Lease effective as of December 31, 2009; and

WHEREAS, on or about December 16, 2009, Claimant filed proof of claim number 6289 in the amount of $1,086,024.99 (the "Claim"), including (i) $903,924.00 for lease rejection damages under the Lease as capped by section 502(b)(6) of the Bankruptcy Code, (ii) a priority claim of $11,570.99 for occupancy expenses incurred by NNI after the Petition Date, (iii) a pre-petition claim of $577.00 for electricity expenses and (iv) additional damages of $169,953.00 not subject to section 502(b)(6) of the Bankruptcy Code; and

WHEREAS, on September 16, 2010, the Bankruptcy Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [D.I. 3953] (the "Settlement Procedures Order") in which the Bankruptcy Court authorized the Debtors to settle certain prepetition claims on limited notice; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the Claim should be allowed as (i) a general unsecured claim for rejection damages in the amount of $905,619.77 and (ii) an administrative

claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) for obligations incurred by NNI under the Lease after the Petition Date in the amount of $11,570.99; and

WHEREAS, the Parties have further agreed that the Nortel Debtor shall cause the payment of that portion of the Claim that constitutes an administrative claim, a sum total of $11,570.99, to be paid to Claimant within fifteen days of the issuance of a Final Order (as defined below) by the Court approving this Stipulation.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1.  <u>Resolution of Claim</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a) The Claim shall be (i) an allowed general unsecured claim by Claimant against the Nortel Debtor in the amount of $905,619.77 and (ii) an allowed administrative claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) by Claimant against the Nortel Debtor in the amount of $11,570.99.

(b) The allowance of the Claim described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claim and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court.  Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

(c) The Nortel Debtor shall use commercially reasonable efforts to effectuate only the payment of that portion of the Claim that constitutes an administrative claim, as described in paragraph 1(a)(ii) above, within fifteen (15) calendar days after the order by the Bankruptcy Court granting Court Approval becomes a Final Order.  For purposes of this Stipulation, a "<u>Final Order</u>" means an order, the operation or effect of which has not been stayed, reversed or

amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

2. <u>Release</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to the Claim and the Lease (including, but not limited to, any and all claims arising from Nortel Debtor's occupation and surrender of the premises set forth in the Lease).  **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

3. <u>No Further Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending the Claim or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases.

4. <u>Binding Effect</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, this Stipulation and the order approving this Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. <u>No Transfer</u>.  Claimant represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third party.

7. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claim.

8. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court ("<u>Court Approval</u>"). The Debtors shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking Court Approval within fifteen (15) calendar days of the execution of this Stipulation by all parties hereto. In the event this Stipulation is not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

12. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 28, 2013

Nortel Networks Inc.

By: _____
Name: John J. Ray III
Title: Principal Officer

Sunset Land Co., Inc.

By: _____
Name:
Title:

6

11. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court ("Court Approval"). The Debtors shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking Court Approval within fifteen (15) calendar days of the execution of this Stipulation by all parties hereto. In the event this Stipulation is not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

12. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 28, 2013

Nortel Networks Inc.

By: _____
Name: John J. Ray III
Title: Principal Officer

Sunset Land Co., Inc.

By: _____/s/ J L Clancy_____
Name: J L Clancy
Title: EVP