**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------X
                                :

*In re*                         :

Nortel Networks Inc., *et al.*,[1]     :

                    Debtors.    :

                                :

--------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. _____**

**ORDER APPROVING THE STIPULATION
RESOLVING CLAIM NOS. 5520 AND 6096 BY AND AMONG
NORTEL NETWORKS INC. AND MEDNAX SERVICES, INC.**

Upon the motion (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated

debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for

entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 502 of

the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's entry into and approving

the Stipulation, attached to the Motion as Exhibit B, and (ii) granting them such other and further

relief as the Court deems just and proper; and adequate notice of the Motion having been given

as set forth in the Motion; and it appearing that no other or further notice is necessary; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED.**

2.      NNI is authorized to enter into the Stipulation, and the Stipulation is approved in

its entirety.

3.      NNI is authorized, but not directed, to take any and all actions that may be

reasonably necessary or appropriate to perform its obligations and enforce its rights arising under

the Stipulation.

4.      The failure specifically to describe or include any particular provision of the

Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being

the intent of this Court that the Stipulation be approved in its entirety.

5.      The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the

Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to

the Stipulation.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the

terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors

are not subject to any stay in the implementation, enforcement or realization of the relief granted

in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any

action and perform any act authorized under this Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: _____, 2013
          Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE