**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------X
                                                            :
In re                                                       :   Chapter 11
                                                            :
Nortel Networks Inc., et al.,¹                              :   Case No. 09-10138 (KG)
                                                            :
                                  Debtors.                  :   Jointly Administered
                                                            :
------------------------------------------------------------X
```

**STIPULATION RESOLVING CLAIMS 5520 AND 6096 BY AND
BETWEEN NORTEL NETWORKS INC. AND MEDNAX SERVICES, INC.**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Mednax Services, Inc. ("Claimant," and together with the Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25,

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

1

2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about December 22, 2006, a Sublease Agreement ("Sublease") was entered into between the Nortel Debtor, as the sublessor, and Claimant, as the sublessee.  The leased premises are non-residential real property and improvements thereto located at the fifth floor of 1500 Concord Terrace, Sawgrass Corporate Park, Sunrise, Florida (the "Subleased Premises"); and

WHEREAS, both before and after the Petition Date of the Nortel Debtor, Claimant made various improvements to the Subleased Premises; and

WHEREAS, on or about September 29, 2009, pursuant to the Seventeenth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors-in-Possession [D.I. 1576], the Nortel Debtor rejected the Sublease (the "Rejection"); and

WHEREAS, on or about September 30, 2009, Claimant filed proof of claim number 5520 as a secured claim, and as an administrative claim pursuant to 11 U.S.C. § 503(b), in the amount of $166,020.00 for reimbursement for improvements to the Subleased Premises pursuant to the tenant improvement allowance ("TIA") provision contained in the Sublease ("Claim No. 5520"); and

WHEREAS, on or about November 3, 2009, Claimant filed proof of claim number 6096 in an unliquidated amount for rejection damages arising from the Rejection, including a claim for the return of the security deposit and the amount of the security deposit that is actually held by the Nortel Debtor ("Claim No. 6096", and together with Claim No. 5520, the "Claims"); and

WHEREAS, a portion of Claim No. 5520 is for Claimants' improvements to the Subleased Premises made after the Petition Date of the Nortel Debtor, and that portion of the claim is eligible for administrative priority pursuant to 11 U.S.C §§ 365(d)(3), 503(b) and 507(a)(2); and

WHEREAS, Claim No. 6096 is for the return of a security deposit paid by Claimants to the Nortel Debtor, and that Claim is eligible for administrative priority pursuant to 11 U.S.C § 503(b); and

WHEREAS, on September 16, 2010, the Bankruptcy Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [D.I. 3953] (the "Settlement Procedures Order") in which the Bankruptcy Court authorized the Debtors to settle certain prepetition claims on limited notice; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that Claim No. 5520 should be allowed as an administrative priority claim in the amount of $83,010.00; and

WHEREAS, the Parties have agreed that Claim No. 6096 should be allowed as an administrative priority claim in the amount of $152,667.92; and

WHEREAS, the Parties have further agreed that the Nortel Debtor shall cause the amount of Claim No. 6096, a sum total of $152,667.92, to be paid to Claimant within fifteen days of the issuance of a Final Order (as defined below) by the Court approving this Stipulation.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. Resolution of Claims.

    (a)  Claim No. 5520 shall be allowed as an administrative priority claim pursuant to 11 U.S.C §§ 365(d)(3), 503(b) and 507(a)(2) by Claimant against the Nortel Debtor in the amount of $83,010.00.

    (b)  Claim No. 6096 shall be allowed as an administrative priority claim pursuant to 11 U.S.C § 503(b) by Claimant against the Nortel Debtor in the amount of $152,667.92.

    (c)  The allowance of the claims described in paragraphs 1(a) and (b) is granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court arising from or related to the facts underlying the Claims.  Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

    (d)  The Nortel Debtor shall use commercially reasonable efforts to effectuate only the payment of that portion of Claim No. 6096 that constitutes an administrative priority claim, as described in paragraph 1(b) above, within fifteen (15) calendar days after the order by the Bankruptcy Court granting court approval becomes a Final Order. For purposes of this Stipulation, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or

move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

2. Release.

(a) Except as provided in paragraph 1(a) and (b) hereof, Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimant now has or hereafter may have arising from or related to the Claims.

(b) **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

3. No Further Claims. Claimant agrees that it shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim arising from or relating to the Claims, or the facts underlying the Claims, against any of the Debtors in the Debtors' chapter 11 cases.

4. <u>Binding Effect</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, this Stipulation and the order approving this Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

6. <u>No Transfer to a Third Party</u>.  Claimant represents that it has not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party as of the date of the stipulation.

7. <u>No Admissions</u>.  Without limiting the legal effect of the substantive provisions of this Stipulation, including without limitation the allowance of Claim Nos. 5520 and 6096 in paragraphs 1(a) and (b), each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any fact or legal issue raised in or relating to the Claims.

8. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court ("<u>Court Approval</u>").  The Debtors shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking Court Approval within fifteen (15) calendar days of the execution of this Stipulation by all parties hereto.  In the event this Stipulation is not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

12. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.


[Remainder of Page Left Intentionally Blank]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: September 24, 2013

| Nortel Networks Inc. | Mednax Services, Inc. |
|---|---|
| By:_____ | By:_____ |
| Name: John J. Ray, III | Name: Charles W. Throckmorton, Esq. |
| Title: Principal Officer | Title: Attorney in fact |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: October 28, 2013

Nortel Networks Inc.

By: _____
Name: John J. Ray, III
Title: Principal Officer

Mednax Services, Inc.

By: _____
Name: Charles W. Throckmorton, Esq.
Title: Attorney in fact

8