**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

**APPLICATION FOR ISSUANCE OF LETTER OF REQUEST,**
**APPOINTMENT OF COMMISSIONER, AND DIRECTION OF**
**SUBMISSION OF HAGUE CONVENTION APPLICATION**

The court-appointed administrators and authorized foreign representatives

(collectively, the "Joint Administrators")[2] of Nortel Networks UK Limited ("NNUK") and

certain of its affiliates (collectively, and including NNUK, the "EMEA Debtors")[3] located in the

region known as EMEA (Europe, Middle East, and Africa) in proceedings under the Insolvency

Act 1986 pending before the High Court of Justice of England and Wales (the "English Court"),

respectfully petition this Court for an Order, in the form annexed hereto as Exhibit A, pursuant to

28 U.S.C. § 1781 and the Hague Convention of March 18, 1970 on Taking of Evidence Abroad

---

1.  The debtors in these chapter 11 cases (the "U.S. Debtors") are:  Nortel Networks Inc.; Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; Nortel Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc. ("NN CALA").

2.  The Joint Administrators for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited, are:  Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris.  The Joint Administrators for Nortel Networks (Ireland) Limited are:  Alan Robert Bloom and David Martin Hughes.

3.  The EMEA Debtors are:  NNUK; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A. ("NNSA"); Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; and Nortel Networks, s.r.o.

in Civil or Commercial Matters (the "Hague Convention"), issuing a Letter of Request, in the

form annexed hereto as Exhibit B, directed to the Ministère de la Justice, Direction des Affaires

Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place

Vendôme, 75042 Paris Cedex 01, France (the "Ministère de la Justice"), appointing a

Commissioner pursuant to Article 17 of the Hague Convention, and directing submission of the

Order and Letter of Request to the Ministère de la Justice.  In support thereof, the Joint

Administrators respectfully represent as follows:

## SUMMARY OF RELIEF REQUESTED

As set forth in more detail below, an application was previously submitted to and

approved by this Court for the issuance of an international letter rogatory pursuant to the

compulsory process of Chapter I of the Hague Convention to compel the deposition in France of

Jean-Marie Lesur, a French national who had refused to appear voluntarily for his deposition in

this case.  Since the entry of this Court's order issuing an international letter rogatory for Mr.

Lesur, Mr. Lesur has agreed to appear voluntarily for his deposition.  Therefore, in the interests

of judicial economy and efficiency, the Joint Administrators submit this application for the

issuance of an international letter of request pursuant to the voluntary process of Chapter II of the

Hague Convention.  The Chapter II process is less onerous than the compulsory Chapter I

procedures, and if Mr. Lesur appears as promised, pursuit of the Chapter II process will allow the

parties to proceed more quickly and efficiently to take Mr. Lesur's deposition in France.

## BACKGROUND

1.      On January 14, 2009 (the "Petition Date"), the U.S. Debtors, other than

NN CALA, filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy

Code.  NN CALA filed a voluntary petition for relief on July 14, 2009 [D.I. 1098].  The U.S.

Debtors' cases are consolidated for procedural purposes only.

2.	Also on the Petition Date, Nortel Networks Corporation and certain of its

direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology

Corporation, Nortel Networks Global Corporation, and Nortel Networks International

Corporation (collectively, the "Canadian Debtors") filed an application with the Ontario Superior

Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act

(Canada), seeking relief from their creditors, and Ernst & Young Inc. (the "Monitor") was

appointed by the Canadian Court as the monitor and authorized foreign representative of the

Canadian Debtors.

3.	Also on the Petition Date, upon the request of the EMEA Debtors, the

English Court placed the EMEA Debtors into administration and appointed the Joint

Administrators.

4.	On May 28, 2009, NNSA entered secondary insolvency proceedings in the

Commercial Court of Versailles and Cosmé Rogeau was appointed as the French Liquidator.

5.	Since the Petition Date, the various Nortel affiliates have sold assets

related to Nortel's business units and other assets to various purchasers.

6.	Upon the joint motion of the U.S. Debtors and the Official Committee of

Unsecured Creditors (collectively, the "U.S. Interests"), this Court on April 3, 2013 entered an

Order Approving Allocation Protocol [D.I. 9947] and an associated Opinion [D.I. 9946]

determining, *inter alia*, that the allocation among the U.S. Debtors, Canadian Debtors, and

EMEA Debtors of proceeds from the asset sales (the "Allocation Dispute") would be decided in

joint hearings before this Court (Case No. 09-10138(KG)) and the Canadian Court (Court File

No.: 09-CL-7950) (collectively, the "Courts").  Also to be resolved by the Courts are claims

against the U.S. Debtors and Canadian Debtors brought by the EMEA Debtors, certain affiliates

of the EMEA Debtors, and the French Liquidator (the "EMEA Claims"), and additional claims

(the "U.K. Pension Claims") brought by the Nortel Networks UK Pension Trust Limited, as

trustee of the Nortel Networks UK Pension Plan, and the Board of the Pension Protection Fund, a

privately funded insurer.  *See* Order Approving Allocation Protocol ¶ 4.

7.      The Canadian Court issued an Endorsement on April 3, 2013 to the same

effect.

8.      Subsequently, this Court entered (i) the Order Entering Allocation

Protocol dated May 17, 2013 [D.I. 10565], in which the Court specified certain procedures to be

used for resolving the Allocation Dispute, EMEA Claims, and U.K. Pension Claims, and (ii) the

Order Approving Litigation Timetable and Discovery Plan dated May 17, 2013 [D.I. 10566],

setting parameters and deadlines for preparations for the joint hearings.

9.      On August 26, 2013, this Court entered an Order Modifying Scheduling

Orders in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and

Certain Claims [D.I. 11437], which moved the commencement of the joint hearings to a date on

or after March 31, 2014 and modified various pretrial deadlines.  The Canadian Court entered a

corresponding order on August 27, 2013.  The deadline to complete fact depositions is December

13, 2013.

10.      On August 26, 2013, this Court entered an Order Approving Deposition

Protocol [D.I. 11439], which sets forth guidelines and procedures to govern all out-of-court

depositions and examinations of fact deponents in these proceedings.  The Canadian Court

entered a corresponding order on August 27, 2013.  On September 20, this Court entered an

Order Approving Stipulation Regarding Amendment to Section K of the Deposition Protocol and Granting Related Relief [D.I. 11747], regarding the use of depositions at trial.  The Canadian Court entered a corresponding order on the same day.

11.     On September 9, 2013, the U.S. Interests, Monitor, and Canadian Debtors (collectively, the "Applicants") filed a Joint Application for Issuance of International Letters of Request (Letters Rogatory) [D.I. 11545], requesting the issuance of Letters Rogatory pursuant to the compulsory process of Chapter I of the Hague Convention in order to compel the depositions of several witnesses abroad who refused to appear voluntarily.  The Applicants subsequently withdrew the application on September 13, 2013 [D.I. 11607] and filed an amended application on the same date [D.I. 11608].  This application included a request to compel Jean-Marie Lesur, a French national, to appear for a deposition in France [D.I. 11608-5].  A corresponding application was also filed by the Applicants in Canada.

12.     On September 19, 2013, this Court entered an Order Granting Joint Application for Issuance of International Letters of Request (Letters Rogatory) [D.I. 11718] and signed the Letters Rogatory for each of the witnesses, including for Mr. Lesur.  The corresponding Canadian application was also approved by the Canadian Court.  The Joint Administrators understand that the Letter Rogatory for Mr. Lesur was subsequently transmitted to the Ministère de la Justice and is pending approval.

13.     On September 25, 2013, this Court entered an Order Resolving Certain Discovery Disputes and Denying Related Relief [D.I. 11762], approving, *inter alia*, the Joint Administrators' agreement to produce the French Liquidator for deposition in Paris, France on a mutually convenient date to be agreed pursuant to the Deposition Protocol.

14.     On October 2, 2013, the Joint Administrators sent an email to the U.S. Interests raising an "issue under French law that affects the depositions of the French nationals who the parties have designated for deposition, including Pascal Debon, Jean-Marie Lesur, Cosmé Rogeau, Philippe Albert-Lebrun, and Michel Clément." The Joint Administrators noted they had been advised that French law "prohibits French nationals from giving evidence to be used in foreign proceedings unless that evidence is obtained through the Hague Convention."

15.     On October 4, 2013, the U.S. Interests submitted a letter to the Court regarding the depositions of these French witnesses. The U.S. Interests notified the Court that the Joint Administrators had informed them that the French witnesses could not appear for voluntary deposition because French law precludes these witnesses from doing so absent compliance with Hague Convention procedures.

16.     The Joint Administrators submitted a response letter on October 7, 2013, indicating that four of the French witnesses (Mr. Debon, Mr. Rogeau, Mr. Albert-Lebrun, and Mr. Clément) will appear voluntarily for their depositions, but that under French law even witnesses who are willing to appear voluntarily for depositions in foreign proceedings are required to comply with the formalities set forth in Chapter II of the Hague Convention, which procedures can be accomplished without causing undue delay in the parties' deposition schedule. Procedures pursuant to Chapter I of the Hague Convention had already been initiated by the U.S. Interests, Monitor, and Canadian Debtors for Mr. Lesur, as he had refused to appear voluntarily.

17.     The ad hoc group of bondholders and the Monitor submitted letters on the same date in support of the U.S. Interests.

18.    Also on October 7, 2013, counsel for the Canadian Directors and Officers wrote to the Court to clarify that Mr. Debon is a trial witness for the Canadian Directors and Officers, not for the EMEA Debtors, and will appear voluntarily for his deposition.

19.    On October 8, 2013, the U.S. Interests sent a further letter to the Court, stating that while they disagree with the Joint Administrators' position on French law, they have no objection to pursuing Hague Convention procedures in respect of the French witnesses and are prepared to assist in that endeavor.  In addition, the U.S. Interests requested that the Court order the witnesses to appear on their scheduled dates for deposition.

20.    On the same date, the Joint Administrators submitted a supplemental letter proposing that Alexander B. Blumrosen, Avocat au Barreau de Paris, Bernard-Hertz-Béjot, 8, rue Murillo, 75008 Paris, France, should be appointed as the Commissioner under Chapter II of the Hague Convention for the voluntary French depositions in this case.

21.    The U.S. Interests submitted a second letter on the same date in response to the Joint Administrators' letter.

22.    On October 10, 2013, this Court entered an Order Resolving Discovery Related Issue [D.I. 11861].  In that Order, the Court stated that it "will not opine on the validity of the EMEA Claimants' concerns over French law, and does not want to damage the cooperative spirit among all parties which is essential for an orderly trial which will begin in the Spring 2014.  At the same time, the Court will not countenance delay of the carefully negotiated discovery schedule."  Accordingly, the Court ordered the U.S. Interests and EMEA Claimants to continue to work together to expedite the Hague Convention process to obtain depositions of the French witnesses before the discovery deadline.  The Court directed the EMEA Claimants to

submit an application pursuant to Chapter II of the Hague Convention for the Court's signature

no later than October 18, 2013.

23.     Notwithstanding their letter to this Court on October 7 advising that Mr.

Debon will appear voluntarily, counsel for the Canadian Directors and Officers contacted

counsel for the Joint Administrators on October 11, 2013 to request, because they believed

French law on the issue was not clear, that Mr. Debon be included in the Joint Administrators'

application.  The Joint Administrators attached to their October 16, 2013 letter to this Court [D.I.

11897] an email from counsel for the Canadian Directors and Officers, which discusses this

contact and the Canadian Directors and Officers' position regarding Mr. Debon.

24.     On October 15, 2013, pursuant to the Court's direction in its October 10

Order, the Joint Administrators filed an Application for Issuance of Letters of Request,

Appointment of Commissioner, and Direction of Submission of Hague Convention Application

[D.I. 11888], seeking the issuance of Letters of Request for Mr. Debon, Mr. Rogeau, Mr. Albert-

Lebrun, and Mr. Clément.

25.     On October 16, 2013, this Court entered an Order Issuing Letters of

Request, Appointing Commissioner, and Directing Submission of Hague Convention

Application [D.I. 11900], signed the Letters of Request for the four voluntarily appearing French

witnesses, and appointed Mr. Blumrosen as the Commissioner.  The Joint Administrators

submitted these documents to Mr. Blumrosen the same day.

26.     On October 18, 2013, this Court entered an Order setting the date for trial

on the allocation and related issues for April 1, 2014 [D.I. 11967].  The Canadian Court issued

an endorsement to the same effect on October 29, 2013.

27.    On October 22, 2013, Mr. Lesur informed the parties that he would agree to appear voluntarily for his deposition.  If Mr. Lesur appears voluntarily, his deposition may be conducted in accordance with the procedures of Chapter II of the Hague Convention, instead of using the more onerous procedures of Chapter I.

28.    As discussed in the Joint Administrators' prior application for Letters of Request pursuant to Chapter II of the Hague Convention, Mr. Blumrosen is an American attorney admitted in both the State of New York and Paris, France.  He is independent from the parties in this case.  Mr. Blumrosen has specialized in handling Hague Convention matters in Paris for more than 25 years and has sound experience acting as a Commissioner.  As the Commissioner for the depositions of Mr. Debon, Mr. Albert-Lebrun, Mr. Clément, and Mr. Rogeau, Mr. Blumrosen has already coordinated with the Ministère de la Justice to begin the process of obtaining authorization for these depositions, and on October 23, 2013, he successfully received authorization for Mr. Debon's deposition to proceed in France.  The requests for Mr. Albert-Lebrun, Mr. Clément, and Mr. Rogeau are pending.

## RELIEF REQUESTED

29.    By this Application, the Joint Administrators hereby request that this Court issue an Order in the form attached hereto as Exhibit A:

a.    Appointing Alexander B. Blumrosen, pending the approval of the Ministère de la Justice, as the Commissioner to take evidence and testimony in France in connection with the above-captioned action;

b.    Providing for this Court to sign the Letter of Request and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in the Letter of Request; and

c.      Requiring that the Clerk of the Bankruptcy Court return the original,

signed Letter of Request and Order to John T. Dorsey and Jaime Luton

Chapman of Young Conaway Stargatt & Taylor, LLP, who will request

the Commissioner to file the documents, along with corresponding French

translations, with the Ministère de la Justice, Direction des Affaires

Civiles et du Sceau, Bureau de l'entraide civile et commerciale

internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

The Joint Administrators seek the requested relief so that the parties may obtain for use at the

joint hearings potential evidence material to the resolution of the Allocation Dispute, the EMEA

Claims, and the U.K. Pension Claims.[4]

30.     As more fully detailed in the Letter of Request, Jean-Marie Lesur was a

Director for NNSA from 2006 to 2009 and of Northern Telecom France S.A. from 2005 to 2009,

and was employed as Directeur, Financier D'Activité for NNSA from 2000 to 2002, and in

Financial Planning & Analysis for NNSA from 2000 to 2009.  In response to interrogatories, the

EMEA Debtors have identified Mr. Lesur as among those persons affiliated with them who are

most knowledgeable regarding pre-petition asset sales, which are among the factual predicates of

the EMEA Claims.

31.     The Joint Administrators have considered the requirements of the

Republic of France in respect of the Letter of Request, including the form in which the Letter of

Request should be presented to the Ministère de la Justice and its permissible content.  The Joint

Administrators believe that the Letter of Request is consistent with these requirements, as

contained in the Decree No. 75-250 of April 9, 1975 and the French Code of Civil Procedure

---

4.  In seeking the evidence specified in the Letter of Request, the Joint Administrators do not concede its relevance
    or admissibility.

Articles 736-748.  The Joint Administrators respectfully request that this Court issue the Letter of Request on this basis.

32.     The Joint Administrators request that after this Court has signed the Letter of Request, it be returned to John T. Dorsey and Jaime Luton Chapman of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, for forwarding to the Commissioner and the Ministère de la Justice.

WHEREFORE, the Joint Administrators respectfully request that the Court enter the attached form of Order (i) appointing Alexander B. Blumrosen, pending the approval of the Ministère de la Justice, as the Commissioner to take evidence and testimony in France in connection with the above-captioned action; (ii) providing for this Court to sign the Letter of Request and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in the Letter of Request; (iii) directing that the Clerk of the Bankruptcy Court return the original, signed Letter of Request and Order to John T. Dorsey and Jaime Luton Chapman of Young Conaway Stargatt & Taylor, LLP, so that said documents may be transmitted to the Ministère de la Justice; (iv) directing counsel for the Joint Administrators to transmit the original, signed Letter of Request and Order to the Commissioner for forwarding, along with French translations, to the Ministère de la Justice; and (v) granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
          November 1, 2013

                                        YOUNG CONAWAY STARGATT & TAYLOR, LLP


                                        /s/  Jaime Luton Chapman
                                        Edwin J. Harron (No. 3396)
                                        John T. Dorsey (No. 2988)
                                        Jaime Luton Chapman (No. 4936)

                                        Rodney Square
                                        1000 North King Street

11

Wilmington, Delaware 19801
Telephone:  302-571-6600
Fax:  302-571-1253

– and –

HUGHES HUBBARD & REED LLP

Derek J.T. Adler  (admitted *pro hac vice*)
Neil J. Oxford  (admitted *pro hac vice*)
Fara Tabatabai  (admitted *pro hac vice*)
Charles H. Huberty  (admitted *pro hac vice*)

One Battery Park Plaza
New York, New York 10004
Telephone:  212-837-6000
Fax:  212-422-4726

– and –

HERBERT SMITH FREEHILLS LLP

John Whiteoak
James Norris-Jones
Exchange House
Primrose Street
London EC2A 2EG
Telephone:  +44 20 7374 8000
Fax:  +44 20 7374 0888

*Counsel for the Joint Administrators*