IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: Chapter 11
In re: :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: Re: D.I. 6631
:
: Objections Due: November 25, 2013 at 4:00 PM
: Hearing Date: December 3, 2013 at 10:00 AM
---------------------------------------------------------------x

**JOINT MOTION FOR ENTRY OF AN ORDER AUTHORIZING
TERMINATION OF EMPLOYMENT OF KURTZMAN CARSON
CONSULTANTS LLC AS COMMUNICATIONS AGENT FOR THE
OFFICIAL COMMITTEE OF RETIRED EMPLOYEES AND THE OFFICIAL
COMMITTEE OF LONG TERM DISABILITY PLAN PARTICIPANTS**

The Official Committee of Retired Employees (the "Retiree Committee") and the Official Committee of Long Term Disability Plan Participants (the "LTD Committee," together with the Retiree Committee, the "Committees") in the above-captioned cases hereby submit this joint motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit "A" (the "Proposed Order"), authorizing the termination of the employment of Kurtzman Carson Consultants, LLC ("KCC") as their communications agent.  In support of this Motion, the Committees respectfully represent:

---

[1]  The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Motions Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On June 21, 2011, the Court entered its Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees [D.I. 5783]. On June 22, 2011, the Court entered its Order Appointing an Official Committee of Long Term Disability Participants [D.I. 5790].

3. On August 2, 2011, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed her Notice of Appointment of Official Committee of Retired Employees [D.I. 6074]. On August 4, 2011, the U.S. Trustee also filed her Amended Notice of Appointment of Official Committee of Long Term Disability Participants [D.I. 6080].

4. On October 17, 2011, the Court entered an order (the "Retention Order") authorizing the retention and employment of KCC as the Communications Agent for the Retiree Committee [Docket No. 6631]. The terms of KCC's retention by the Retiree Committee were set forth in the KCC Agreement for Services dated September 9, 2011.

5. On September 20, 2011, the Court entered an order (the "LTD Retention Order") authorizing the retention and employment of KCC as the Communications Agent for the LTD Committee [Docket No. 6419]. The terms of KCC's retention by the LTD Committee were set forth in the KCC Agreement for Services with the LTD Committee dated September 6, 2011.

6.      Since its retention, KCC has provided a variety of services to each of the Committees, including but not limited to: (i) establishing and maintaining Internet-accessible websites; (ii) distributing updates regarding the Chapter 11 Case; (iii) establishing and maintaining a telephone number and electronic mail address for Retiree Plan Participants and LTD Participants to submit questions and comments; and (iv) providing noticing services in connection with various pleadings and other documents filed by each of the Committees.

7.      On April 2, 2013, the Bankruptcy Court entered its Order Approving the Settlement Agreement between Nortel and the Retiree Committee (the "Retiree Settlement Order") [Docket No. 9938]. The settlement that was approved by the Retiree Settlement Order became effective on April 16, 2013.

8.      On May 1, 2013, the Court entered its Order (A) Approving The Settlement Agreement On A Final Basis, (B) Certifying A Class For Settlement Purposes Only On A Final Basis, (C) Authorizing The Debtors To Terminate The LTD Plans, And (D) Granting Related Relief (The "LTD" Settlement Order") [Docket No. 10406].

9.      Each of the Committees has ceased to exist, and have been superseded by the respective trusts established under their respective settlement agreements pursuant to the Retiree Settlement Order and the LTD Settlement Order, and KCC's substantive duties to each of the Committees are complete at the time that each Committee ceased to exist.

**BASIS FOR RELIEF**

10.     The Committees jointly seek entry of an order approving the termination of KCC's retention by each of the Committees and the release of KCC from any further obligations in these cases.

11. The Committees request, and the Proposed Order provides: (i) KCC shall have no further obligations arising out of the KCC Services Agreements with each of the Committees or otherwise to the Court, the Committees or any party in interest with respect to these cases; (ii) to the extent that it has not yet done so, KCC shall deactivate the Retiree Committee's website and the LTD Committee's website; (iii) should KCC receive any mail for either of the Committees after entry of the Proposed Order, KCC will continue to collect and forward such mail on a monthly basis to the Nortel Networks Retirees Benefit Trust, the successor to the Retiree Committee, and to the Long Term Disabled VEBA Trust for Former Nortel Employees, the successor to the LTD Committee; and (iv) KCC shall not be required to comply with Local Rule 2002-1(F)(ix) which is inapplicable.

## NOTICE

12. Notice of this Motion has been provided on the date hereof by U.S. first class mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) KCC; (iii) counsel for the Debtors; (iv) counsel for the Official Committee of Unsecured Creditors; and (v) counsel for the ad hoc group of bondholders. The Committees respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

13. Except as otherwise set forth herein, no previous request for relief sought herein has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Retiree Committee respectfully requests entry of the Proposed Order granting relief herein and such other and further relief as is just.

DATED: Wilmington, Delaware
November 4, 2013

ELLIOTT GREENLEAF

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (DE No. 4166)
Shelley A. Kinsella (DE No. 4023)
1105 N. Market Street, St. 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com

Counsel to the Official Committee of Long Term Disability Participants

-and-

MCCARTER & ENGLISH, LLP
William F. Taylor, Jr. (Del. No. 2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6313

Counsel to the Retiree Committee