IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11<br>Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) | Objection Deadline: November 26, 2013 |

## TWENTY-FIFTH INTERIM APPLICATION OF ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD OF AUGUST 1, 2013 THROUGH SEPTEMBER 30, 2013

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | February 5, 2009, *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement are sought: | August 1, 2013 to September 30, 2013[2] |
| Amount of Compensation sought as actual, reasonable, and necessary: | $ 1,105,157 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $ 6,876 |

This is a(n): _x_ interim ___ quarterly ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] This application also requests fees incurred during months prior to the Compensation Period which have not been requested in a previous fee application or otherwise been paid.

4843-2207-9510.1

Prior Applications Filed:

| Fee Application Filing Date | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Total Approved |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0.00 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0.00 | $39,739.00 |
| 10/16/09 | 8/1/09 – 9/30/09 | $26,301.00 | $0.00 | $26,301.00 |
| 11/19/09 | 10/1/09 – 10/31/09 | $13,607.00 | $0.00 | $13,607.00 |
| 2/24/10 | 11/1/09 – 12/31/09 | $186,040.00 | $670.00 | $186,710.00 |
| 2/24/10 | 1/1/10 – 1/31/10 | $74,330.00 | $375.58 | $74,705.58 |
| 6/4/10 | 2/1/10 – 4/30/10 | $265,434.50 | $858.82 | $266,293.32 |
| 9/10/10 | 5/1/10 – 7/31/10 | $230,428.50 | $674.09 | $231,102.59 |
| 11/24/10 | 8/1/10 – 10/31/10 | $260,941.50 | $954.00 | $261,895.50 |
| 3/1/11 | 11/1/10 – 1/31/11 | $591,660.00 | $0.00 | $591,660.00 |
| 5/31/11 | 2/1/11 – 4/30/11 | $2,456,156.00 | $1,904.00 | $2,458,060.00 |
| 8/18/11 | 5/1/11 – 5/31/11 | $761,845.00 | $0.00 | $761,845.00 |
| 8/26/11 | 6/1/11 – 7/31/11 | $1,320,000.00 | $0.00 | $1,320,000.00 |
| 11/22/11 | 8/1/11 – 10/31/11 | $2,367,641.00 | $0.00 | $2,367,641.00 |
| 3/1/12 | 11/1/11–1/31/12 | $1,158,441.50 | $5,606.00 | $1,164,047.50 |
| 5/21/12 | 2/1/12 – 4/40/12 | $1,772,779.00 | $8,709.00 | $1,781,485.00 |
| 7/12/12 | 5/1/12 – 6/30/12 | $1,389,524.00 | $0.00 | $1,389,524.00 |
| 8/21/12 | 7/1/12 – 7/31/12 | $530,000.00 | $0.00 | $530,000.00 |
| 11/20/12 | 8/1/12 – 10/31/12 | $2,048,384.00 | $0.00 | $2,048,384.00 |
| 2/28/13 | 11/1/12 – 1/31/13 | $1,492,856.00 | $0.00 | $1,492,856.00 |
| 6/3/13 | 2/1/13 – 4/31/13 | $1,480,443.00 | $0.00 | $1,480,443.00 |
| 6/6/13 | 5/1/13 – 5/31/13 | $450,000.00 | $0.00 | $450,000.00 |
| 7/22/13 | 6/1/13-6/30/13 | $450,000.00 | $0.00 | $450,000.00 |
| 8/29/13 | 7/1/13-7/31/13 | $1,008,411.00 | $8,469.00 | $1,016,880.00 |
| **TOTAL** | | **$20,659,962.00** | **$28,220.49** | **$20,688,179.49** |

4843-2207-9510.1

## COMPENSATION BY PROFESSIONAL
## THROUGH SEPTEMBER 30, 2013

| Professional | Position | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Fixed Fee | N/A | N/A | ~2,500.0 | $900,000 |
| Abbott, Douglas J. | Partner | $640 | 25.0 | $16,000 |
| Baughman, Kara | Staff | $185 | 35.5 | $6,567 |
| Beakey III, Andrew M. | Partner | $640 | 13.1 | $8,384 |
| Bradshaw, Ann | Partner | $640 | 0.5 | $320 |
| Brischke, Danielle E. | Staff | $185 | 10.5 | $1,943 |
| Carrington, Glenn | Partner | $640 | 26.0 | $16,640 |
| Donovan, Claire Summer | Staff | $185 | 1.5 | $278 |
| Gargus, Vernon Keith | Partner | $640 | 4.0 | $2,560 |
| Gentile, Matthew Donald | Senior Manager | $550 | 7.2 | $3,960 |
| Jacks, Sarah Butler | Senior Manager | $550 | 56.8 | $31,240 |
| Jurcic, Kata | Manager | $450 | 8.1 | $3,645 |
| Kumar, Ravi | Senior | $315 | 14.0 | $4,410 |
| Mesler, Mark S. | Partner | $640 | 2.0 | $1,280 |
| Poorman, Melissa | Senior | $315 | 38.8 | $12,222 |
| Raju, Hanumantha H. | Senior | $315 | 6.0 | $1,890 |
| Sargent, Amy Johannah | Executive Director | $640 | 17.9 | $11,456 |
| Scott, James E. | Partner | $640 | 20.8 | $13,312 |
| Vaughan, Deborah | Senior | $315 | 27.0 | $8,505 |
| Vaughan, Leila | Manager | $450 | 6.8 | $3,060 |
| Werner, Rachel | Staff | $185 | 19.1 | $3,533 |
| Wood, Jeffrey T. | Partner | $640 | 84.3 | $53,952 |
| TOTAL | | | ~2,924.9 | $1,105,157 |

3

4843-2207-9510.1

## COMPENSATION BY PROJECT CATEGORY
## THROUGH SEPTEMBER 30, 2013

| Project Category | Total Hours | Total Fees |
| --- | ---: | ---: |
| Fixed Fees | ~2,500.0 | $900,000 |
| E&P Analysis – NNC owned U.S. Groups | 12.4 | $4,437 |
| Secretary of State Applications | 14.6 | $3,878 |
| Federal Ruling Request | 129.2 | $81,396 |
| NC Ruling Request | 26.2 | $15,270 |
| Litigation Assistance | 242.5 | $100,177 |
| **TOTAL** | **~2,924.9** | **$1,105,157** |

## EXPENSE SUMMARY
## THROUGH SEPTEMBER 30, 2013

| Expense Category | Total Expenses |
| --- | ---: |
| Air | $4,097 |
| Lodge | $1,563 |
| Meals | $176 |
| Mileage | $12 |
| Misc. | $15 |
| Parking | $32 |
| Taxi | $965 |
| Ticket | $7 |
| Tolls | $9 |
| TOTAL | $6,876 |

4843-2207-9510.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11<br>) Case No. 09-10138 (KG)<br>) |
| Nortel Networks, Inc., et al.,[1] | ) Jointly Administered<br>) |
| Debtors. | ) |

**TWENTY-FIFTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE
ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR
PERIOD OF AUGUST 1, 2013 THROUGH SEPTEMBER 30, 2013**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP ("E&Y LLP") hereby files this Twenty-Fifth Interim Application for Allowance of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Compensation for Services Rendered as Indirect Tax Service Advisor to the Debtors and Debtors-in-Possession for the Period from August 1, 2013 through September 30, 2013 (the "Application"). By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $1,105,157 in compensation and $6,876 in reimbursement for expenses incurred during the period August 1, 2013 and September 30, 2013 (the "Compensation Period"). This application also requests fees incurred during months prior to the Compensation Period which have not been requested in a previous fee application or otherwise been paid.[2] In support of this Application, E&Y LLP respectfully represents as follows:

## Background

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order [Docket No. 236]. The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

---

[2] As an accommodation to the Debtors, E&Y LLP provides the Debtors with an advanced copy of its billing statements before filing any fee application or otherwise seeking approval of such fees from the Court. As a result, E&Y LLP is often unable to file the interim fee applications for its hourly fees and expenses, together with the fee applications for its fixed fee invoices. However, E&Y LLP continues to file its interim fee applications, in good faith, as soon as it is able to do so.

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with the Compensation Order.

5. On March 1, 2011, the Debtors retained E&Y LLP to perform tax services, consisting of federal and state tax compliance, US reporting requirement for foreign operations, tax reporting, and federal, state, and international tax advisory pursuant to E&Y LLP's engagement with the Debtors (the "Master Tax Services Agreement"). On March 23, 2011, the Court entered an order [Docket No. 6021] (the "Retention Order").

6. On July 1, 2011, the Debtors filed a Supplemental Application for an Order Expanding the Scope of Employment and Retention of Ernst & Young LLP to Include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 5862] (the "Expansion Application").

7. On July 22, 2011, the Court granted the Expansion Application and authorized the Debtors to expand the scope of E&Y LLP's employment and retention to include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 6021].

8. On December 22, 2011, the Debtors filed a Notice of the Third Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7021] (the "Third Amendment").

9. On January 12, 2012, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 5, 2011 authorizing the Third Amendment [Docket No. 7090].

10. On February 29, 2012, the Debtors filed a Notice of the Fourth

Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7312] (the "Fourth Amendment"). No objections were filed to the Fourth Amendment.

11. On July 18, 2012, the Debtors filed a Notice of the Fifth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 8015] (the "Fifth Amendment"). No objections were filed to the Fifth Amendment.

12. On December 17, 2012, the Debtors filed a Notice of the Sixth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 9136] (the "Sixth Amendment"). No objections were filed to the Sixth Amendment.

13. On January 17, 2013, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 12, 2012 authorizing the Sixth Amendment [Docket No. 9288].

14. On March 13, 2013, the Debtors filed a Notice of the Seventh Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 9642] (the "Seventh Amendment"). No objections were filed to the Seventh Amendment.

15. On June 21, 2013, the Debtors filed a Notice of the Eighth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 10957] (the "Eighth Amendment"). No objections were filed to the Eighth Amendment.

4843-2207-9510.1

### Compensation Paid and Its Source

16. All services for which compensation is requested by E&Y LLP were performed for or on behalf of the Debtors.

17. E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

18. Pursuant to the Master Tax Services Agreement, E&Y LLP provides the Debtors with tax compliance reporting, tax controversy and tax advisory services for a fixed fee. Copies of the invoices for the fixed fee installment payments for August and September 2013 are attached hereto as Group Exhibit A. Copies of the billing detail for the hourly work are attached hereto as Group Exhibit B.

19. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

### Actual and Necessary Expenses

20. A summary of actual and necessary expenses and daily logs of expenses incurred by E&Y LLP during the Twenty-Fifth Interim Compensation Period are attached as Exhibit C.

## Summary of Services Rendered

21. E&Y LLP, by and through the above-named persons, has advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

## Summary of Services By Project

22. The services rendered by E&Y LLP during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below.

### Tax Compliance Reporting

23. E&Y LLP assisted with tax compliance, tax reporting and tax advisory consulting such as but not limited to the preparation and filing of federal, state and international tax filing positions and compliance requirements, response to tax notices and analysis of bankruptcy related tax matters.

### E&P Analysis- NNC owned U.S. Groups

24. E&Y LLP provided calculations of earnings and profits Nortel Networks Corporation owned United States consolidated groups for the tax year ended December 31, 2011, including cumulative E&P. E&Y LLP also provided a compilation and reconciliation of source return documentation and a review of the Debtors' transaction history, including restatements and IRS examinations.

### Secretary of State Applications

25. E&Y LLP provided research of state rules regarding withdrawal from the Secretaries of State and closure of the income tax account with the state Departments of Revenue/Taxation, including analysis of Debtors' activities on a state-by-state basis. E&Y LLP also prepared a matrix that summarized the Debtors' activities with open claims, notices received

and pending negotiations.

### Federal Ruling Request

26. E&Y LLP provided tax advisory and document preparation services relating to the preparation and filing for a ruling request with the Internal Revenue Service ("IRS"), with respect to the timing of claim deductions.

### NC Ruling Request

27. E&Y LLP provided tax advisory and document preparation services relating to the preparation and filing for a ruling request with respect to renewal of alternative apportionment.

### Litigation Assistance

28. E&Y LLP provided tax advisory services related to the pending ligations and/or potential litigation by and among the various affiliated debtors in the other related insolvency proceedings in the United Kingdom and Canada as requested by the Client. Discovery request activities included retrieving information from archives, preparing responses, and providing deliverables to the Client's attorneys.

### **Valuation of Services**

29. The professionals and staff members of E&Y LLP have expended approximately 2,925 hours in connection with this matter during the Compensation Period. The flat fee identified above is E&Y LLP's normal rate for work of this character. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $1,105,157.

30. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature

and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the period Compensation Period, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $884,125.60 as compensation for necessary professional services rendered (80% of $1,105,157), as well as $6,876 in reimbursement for expenses incurred, for a total of $891,001.60 and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: November 5, 2013                  Respectfully submitted,

/s/ Joanne Lee
Joanne Lee
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Tel. 312.832.4500
jlee@foley.com

4843-2207-9510.1

## VERIFICATION

STATE OF NORTH CAROLINA )
) SS:
COUNTY OF WAKE )

James E. Scott, after being duly sworn according to law, deposes and says:

a) I am a PPED with the applicant firm, Ernst & Young LLP.

b) I am familiar with the work performed on behalf of the Debtors by the professionals and staff members at Ernst & Young LLP.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_____
James E. Scott
PPED, Ernst & Young LLP

SWORN AND SUBSCRIBED before me this 4th day of November, 2013.

_____
Notary Public
My Commission Expires: 12-1-2014

[Notary Seal: PEGGY K KITTO, NOTARY PUBLIC, WAKE COUNTY, NC]

4843-2207-9510.1