## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
:                              Chapter 11
:
*In re*                        :
:                              Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.,* [1]  :
:                              Jointly Administered
                    Debtors.   :
:                              **Hearing Date:**
:                              **December 3, 2013 at 10:00 a.m. (ET)**
:                              **Objection Deadline:**
:                              **November 26, 2013 at 4:00 p.m. (ET)**
:
------------------------------------------------------X

## JOINT REQUEST TO (I) ADJOURN HEARING ON OBJECTION OF WILMINGTON TRUST, N.A., AS TRUSTEE, TO CLAIMS OF THE BANK OF NEW YORK MELLON, AS TRUSTEE AND LAW DEBENTURE TRUST COMPANY OF NEW YORK, AS TRUSTEE AND (II) TO SET A BRIEFING SCHEDULE TO ADDRESS CERTAIN THRESHOLD MATTERS WITH RESPECT THERETO

1.    Nortel Networks, Inc. ("NNI") and certain of its affiliates, debtors and

debtors in possession (collectively, the "US Debtors"), together with the Official Committee of

Unsecured Creditors of the US Debtors (the "Committee"), respectfully submit this joint request

(the "Joint Request") pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") for an order (i) adjourning the hearing currently scheduled for December 3, 2013, to

consider the *Objection of Wilmington Trust, N.A., as Trustee, to Claims of the Bank of New York*

*Mellon, as Trustee and Law Debenture Trust Company of New York, as Trustee* [D.I. 12116] (the

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

"Objection") to a date to be determined by this Court; and (ii) setting a briefing schedule to address certain threshold matters with respect thereto prior to determining whether any briefing on the merits of the Objection is necessary.

2.      As this Court is well aware, the US Debtors and the Committee are deeply engaged at this time in substantial discovery in the litigation relating to the allocation of the proceeds generated by the sales of Nortel's[2] businesses and patent portfolio and certain related claims (the "Allocation and Claims Litigation").  Trial is now scheduled to begin before this Court and the Ontario Court of Justice, Commercial Division (the "Canadian Court," and together with this Court, the "Courts") on April 1, 2014.  The businesses and assets that generated the sales proceeds were owned by certain members of the Nortel group of companies, of which the US Debtors were a part, and were sold between 2009 and 2011 pursuant to orders entered by the Courts.  The laser focus of the parties is, and must be, on the Allocation and Claims Litigation.

3.      On October 25, 2013, Wilmington Trust, N.A. (the "NNL Note Trustee") as successor indenture trustee for $200 million face amount of 6.875% Notes due 2023 (the "NNL Notes") filed the Objection.

4.      The NNL Notes were issued by Nortel Networks Limited ("NNL") and guaranteed by NNC.  NNL and NNC are Canadian Debtors, not US Debtors.

5.      The US Debtors have no obligations, direct or indirect, in respect of the NNL Notes and none have been alleged.  Accordingly, neither the NNL Note Trustee nor the holders of the NNL Notes are creditors of the US Debtors.

---

[2]      The term "Nortel" is used  herein to refer generally to the Nortel group of companies, including, without limitation, the US Debtors, Nortel Networks Limited ("NNL") and its parent, Nortel Networks Corporation ("NNC"), which along with certain Canadian affiliates (collectively, the "Canadian Debtors") that are debtors in Canada under the Company Creditors Arrangement Act ("CCAA"), and certain affiliates located in Europe that filed for administration in the United Kingdom (collectively, the "EMEA Debtors").

6.      The US Debtors and the Committee understand that the NNL Note Trustee was instructed to file the Objection by holders representing a majority of the NNL Notes (the "Instructing Holders").  The US Debtors and the Committee further understand that the Instructing Holders have only recently obtained a majority of the NNL Notes.  No public disclosure of the identity of the Instructing Holders or the manner in which they hold their NNL Notes has been made – not to this Court nor to the Canadian Court, where claims underlying the NNL Notes reside.

7.      In the Objection, the NNL Note Trustee purports to object to (1) Claim Nos. 3971 and 3972 (the "BNYM Claims") filed by The Bank of New York Mellon ("BNYM"), as indenture trustee for over $4 billion in face amount of notes issued by either NNL or NNC and guaranteed by NNI, and (2) Claim No. 3946 (the "Law Debenture Claim") filed by Law Debenture Trust Company of New York ("Law Debenture"), as indenture trustee for $150 million face amount of certain senior unsecured debt securities (the "NNCC Notes") issued by Nortel Networks Capital Corporation ("NNCC") and NNL and guaranteed by NNL.

8.      The gravamen of the Objection is that the NNL Note Trustee objects to the BNYM Claims and the Law Debenture Claim to the extent those claims assert entitlement to post-petition interest from NNI in the Chapter 11 cases.

9.      As set forth below, the US Debtors and the Committee believe that the Objection is procedurally defective on its face and should be overruled.  In particular, the US Debtors and the Committee believe that certain threshold issues relating to the Objection must be addressed in the first instance so that no attention (of this Court or of the US Debtors and the Committee) is drawn away from the Allocation and Claims Litigation at such a critical period.

10.    To this end, on November 11, 2013, counsel for the Debtors and the Committee, together with counsel for each of BNYM, Law Debenture and the ad hoc group of bondholders (the "Ad Hoc Group") held a meet and confer via conference call with counsel to the NNL Note Trustee and requested consent to a briefing schedule for the Objection that would address threshold procedural issues in the first instance.

11.    Yesterday, November 12, 2013, counsel to the NNL Note Trustee rejected that request, thus necessitating the submission of this pleading to the Court and crystallizing the need for a status conference at 10:00 a.m. on Friday, November 15, 2013 (the "Status Conference").

12.    The issues that the US Debtors and the Committee wish to discuss at the Status Conference are as follows:

- The NNL Note Trustee is not a creditor of NNI or any of the other US Debtors, is not a party in interest in these proceedings and, as such, lacks standing to prosecute the Objection.

- The NNL Note Trustee, at the behest of the Instructing Holders, impermissibly seeks an advisory opinion from this Court on the issue of post-petition interest before there has been a final determination of the assets and claims in the NNI estate.

13.    Given the foregoing, the Objection appears on its face to have been filed with the intention of disrupting the Allocation and Claims Litigation that both Courts have agreed is of paramount importance.  The US Debtors and the Committee are under tremendous pressure to complete discovery and proceed to trial on a very accelerated timeline.  Litigation over the currently hypothetical issue of post-petition interest, regardless of the outcome, will not

advance the resolution of the Allocation and Claims Litigation in any manner whatsoever.  In fact, litigation on the issue of post-petition interest before the conclusion of the Allocation and Claims Litigation will divert the critical attention of the parties and this Court from the true task at hand.

14.    In light of the foregoing, pursuant to Local Rule 9006-2, the US Debtors and the Committee respectfully request that the Court (i) adjourn the hearing currently scheduled for December 3, 2013, to consider the Objection to a date to be determined by this Court; and (ii) set a briefing schedule to address the threshold matters of standing and ripeness prior to determining whether any briefing on the merits of the Objection is necessary.

15.    The US Debtors and the Committee have discussed this Joint Request with BNYM and Law Debenture, and such parties join in seeking the relief requested by the Joint Request.

*[Remainder of Page Intentionally Left Blank]*

Dated:  November 13, 2013
         Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice)*
Lisa M. Schweitzer (admitted *pro hac vice*)

One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

-and-

AKIN GUMP STRAUS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice)*
Abid Qureshi (admitted *pro hac vice)*

One Bryant Park
New York, New York  10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

-and-

6

RICHARDS LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)

One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

*Counsel to the Official Committee of Unsecured Creditors*
*of Nortel Networks Inc., et al.*