## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138 (KG) |
| Debtors.[1] | Jointly Administered |
| | **Hearing date: November 19, 2013 at 10:00 am (ET) (Proposed)** |
| | **Objections Due:  November 18, 2013 at 10:00 am (ET)  (Proposed)** |

--------------------------------------------------------- X

## JOINT MOTION OF THE U.S. INTERESTS, MONITOR, CANADIAN DEBTORS, CCC, JOINT ADMINISTRATORS AND U.K. PENSION CLAIMANTS TO AMEND LITIGATION SCHEDULE IN JOINT CROSS-BORDER PROCEEDINGS TO DETERMINE ALLOCATION OF ASSET SALE PROCEEDS AND CERTAIN CLAIMS

Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"), the Official Committee of Unsecured Creditors (the "Committee" together with the U.S. Debtors the "U.S. Interests"), appointed in the above-captioned cases, the court-appointed monitor (the "Monitor") and authorized foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (the "Canadian Debtors"), the Canadian Debtors, the Canadian Creditors' Committee ( the "CCC", as defined in the Allocation Protocol), the court-appointed administrators and authorized foreign representatives (collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (b), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the "Joint Administrators") for Nortel Networks UK Limited ("NNUK") and certain of its

affiliates located in Europe, the Middle East and Africa (collectively, the "EMEA Debtors") and

Nortel Networks UK Pension Trust Limited (the "Trustee") and the Board of the Pension

Protection Fund (the "PPF" and, together with the Trustee, the "U.K. Pension Claimants"),

(collectively, the "Movants") hereby move the Court to amend the schedule set forth in the

Allocation Protocol [D.I. 10565],[2] Litigation Timetable and Discovery Plan [D.I. 10566] entered

by the Court on May 17, 2013, and amended on August 26, 2013 [D.I. 11437].  In support of this

Motion, the Movants respectfully represent as follows:

## BACKGROUND

1.    On May 17, 2013, the U.S. Court issued orders entering the Allocation Protocol

[D.I. 10565] and the Litigation Timetable and Discovery Plan [D.I. 10566] (collectively, the

"Scheduling Orders"), which, among other things, set a trial date commencing on January 6,

2014 for the Allocation, EMEA Claims, and UK Pension Claims matters.  The Ontario Superior

Court of Justice (Commercial List) (the "Canadian Court") entered substantially similar orders

on May 15, 2013.

2.    On August 26, 2013, the U.S. Court entered its *Order Modifying Scheduling

Orders in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and

Certain Claims* [D.I. 11437] (the "First Amending Order").  Pursuant to the First Amending

Order, the Allocation Protocol, Litigation Timetable and Discovery Plan were modified to amend

certain deadlines and time frames in connection with the conduct of discovery and

commencement of trial in the allocation and claims disputes before the U.S. and Canadian Courts,

including amending the commencement date for trial to March 31, 2014 or as soon thereafter as

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Allocation Protocol.

is convenient for the Courts.  A substantially similar order was entered by the Canadian Court on August 27, 2013.

3.      On October 18, 2013, the U.S. Court entered an *Order Setting Trial on April 1, 2014* [D.I. 11967].

4.      Since before the entry of the Scheduling Orders, the Core Parties have been working diligently and cooperatively to comply with the deadlines set forth in the Litigation Timetable and Discovery Plan, including producing large amounts of documents in response to the numerous document requests propounded by the various Core Parties.

5.      On September 23, 2013, the Core Parties commenced conducting witness depositions.  As of the date hereof, more than seventy depositions have been conducted.  Over twenty-five depositions are scheduled for the next four weeks, and approximately seventeen more are not yet scheduled.

6.      Pursuant to the First Amending Order, the deadline for completing witness depositions, including representative witness depositions, is December 13, 2013.  That order contemplated the completion of fact witnesses by November 27, 2013, followed by two weeks of representative witness depositions from December 2, 2013 to December 13, 2013.  Despite the best efforts of the Movants to complete witness depositions as quickly as possible, the Movants have reluctantly come to the realization that while they expect non-representative fact witness depositions to be substantially completed by December 13, 2013 (except for certain third parties overseas who have thus far refused to consent to their depositions), the two weeks previously set aside for representative witness depositions will necessarily be devoted to the completion of fact depositions, including seven scheduled pursuant to the issuance of letters rogatory by both the U.S. Court and the Canadian Court that are just now being scheduled through the foreign courts.

7.      The need for additional time to complete the witness depositions is due, in large part, to (i) the time necessary to obtain production of documents from essential third parties, including six third party witnesses for which there have been concerted efforts and vigorous negotiations to obtain documents and schedule depositions; (ii) the time necessary to review those documents in advance of depositions; (iii) scheduling difficulties with individual deponents, due to unrelated work and personal commitments and most of whom are no longer within the control of any of the estates; and (iv) delays arising out of the time necessary to serve process on certain witnesses outside of the United States and Canada, of which several are still awaiting foreign court hearings in an effort to compel discovery where such targets have opposed the production of documents and/or individuals for examination.

8.      As a result, the Movants believe that it will not be possible to conduct representative party depositions prior to the December 13, 2013 deadline.

9.      Given the impossibility of completing witness depositions by December 13, 2013, it will be similarly impossible for the parties to comply with the current deadline for submitting expert reports of December 20, 2013.  As the analysis of the expert reports will include facts learned in witness depositions, those reports cannot realistically be completed until after the conclusion of witness depositions.  A similar situation is evident with respect to the remaining current Litigation Timetable deadlines:  all the deadlines are dependent on preceding deadlines.

10.     Specifically with respect to the extra time proposed for representative witness depositions, the proposal will allow for fact witness depositions to be completed prior to parties making decisions on subsequent revised (and hopefully narrow) topics for representative party depositions prior to the conduct of those representative depositions.  This extra time may assist in providing for a more efficient and coordinated process.

11.     The Movants have conferred and come up with a revised schedule that allows sufficient time for the preparation of expert reports following the conclusion of witness depositions.  In light of this necessary extension, the Movants agree that it would be impractical to maintain the current Litigation Timetable and proceed toward a trial commencing on April 1, 2014.  Therefore, the Movants have agreed to jointly propose to the Courts an approximately four-week modification of the intervening dates in the Litigation Timetable with a trial commencing on April 28, 2014 or as soon thereafter as is convenient for the Courts.  The proposed changes to the intervening dates are set forth in **Schedule A** attached hereto.

## RELIEF REQUESTED

12.     By this Motion, the Movants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, modifying the Allocation Protocol, Litigation Timetable, and Discovery Plan, and extending the deadlines set forth therein by approximately four (4) weeks.

## BASES FOR RELIEF

13.     The Litigation Timetable provides that "[a]ny Core Party may . . . file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause."  (Ex. B at 9.)

14.     The Discovery Plan acknowledged that it might not be possible to meet the Litigation Timetable.  In such case, the Discovery Plan gives the parties an affirmative obligation to negotiate with each other and inform the Court if they recognize that it has become "impractical or impossible" to meet the existing schedule:

> The Discovery Participants recognize that, as additional information becomes available throughout the Allocation, U.S. Claims and Canadian Claims litigation, it may become apparent that:  (a) it is impracticable or impossible for a Discovery

> Participant to comply with the terms of the Discovery Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery Plan, are required in order for a Discovery Participant to obtain access to potentially relevant documents, information or witness testimony. Each Discovery Participant agrees to notify the other Discovery Participants promptly when it reasonably believes that it will not comply with any term of the Discovery Plan or when it reasonably concludes that further steps beyond those set out in this Discovery Plan are required. The Discovery Participants agree to negotiate in good faith with respect to any amendments to the Discovery Plan requested by a Discovery Participant on that basis, and to seek the assistance of the Court(s) when appropriate in order to resolve disputes between the Discovery Participants.

(Ex. C at 14.)

15.     Prior to bringing this Motion before the Court, the Movants conferred in good faith in a successful attempt to reach a consensual resolution of the procedural issues they now face to modify the schedule in a fair and appropriate manner.[3] The proposed amendments to the schedule are set forth in Schedule A attached hereto.

16.     The timing modifications set forth in Scheduling A evidences that while the Movants have worked in good faith with each other and the other Core Parties, they are all in agreement that the sheer magnitude of discovery in connection with this litigation necessitates that additional time be added to the schedule. Many of the depositions that are just now being scheduled are those that were ordered pursuant to the issuance of letters rogatory while others were rescheduled at the insistence of non-party witnesses with irreconcilable conflicts; thus despite the Movants diligence, it was simply not possible for these depositions to occur at an earlier date.

17.     Based on the issues discussed above, the Movants are in agreement that the current Litigation Timetable, culminating in a trial commencing on April 1, 2014, requires a

---

[3]     A motion seeking substantially similar relief as requested herein is being brought contemporaneously before the Canadian Court.

relatively minor adjustment in order to result in a better-organized and more efficient trial before

the Courts.  The Movants propose that the Court amend the Litigation Timetable as follows:

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| Deadline to complete witness depositions other than third party depositions (i.e., those other than current or former employees or directors of a Core Party) and Representative Witness depositions | December 13, 2013 | December 13, 2013[4] |
| Deadline for each Deposition Group to serve Representative Witness subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | 10 business days prior to the commencement of Representative Witness depositions | 5pm (EST) December 13, 2013 other than with respect to topics relating to NNSA which shall be delivered no later than 5pm (EST) on December 17, 2013 |
| Identification of Representative Witnesses by each Core Party required to produce a Representative Witness | 5 business days prior to the commencement of Representative Witness depositions | 5pm (EST) on December 18, 2013 |
| Deadline for objections to Representative Witness subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | Three business days after service of the subjects | 5pm (EST) on December 18, 2013 |
| Meet and confer of the Scheduling Committee to schedule Representative Witness Depositions | NA | December 19, 2013 and/or December 20, 2013 |
| Meet and confer regarding any objections on | Within two | December 20, |

---

[4] The parties shall be permitted to extend this date to December 18, 2013 with approval of the Scheduling Committee to the extent  irreconcilable conflicts prevent a witness from being scheduled by December 13, 2013 provided however, except for good cause shown, that such extension shall not impact any other deadlines or dates in the timetable including the deadlines for noticing with respect to topics for and the scheduling of Representative Witness Depositions.

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| Representative Witness deposition subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | business days of service of the objections | 2013 |
| Deadline to identify experts and the subject matter of their reports | November 27, 2013 | January 8, 2014 |
| Representative Witness depositions | December 13, 2013 | January 8, 2014 to January 17, 2014 |
| Deadline for service of expert reports | December 20, 2013 | January 24, 2014 |
| Meet and confer to discuss foreign law experts | NA | No later than January 31, 2014 |
| Deadline for Discovery Groups to provide list of available dates of their experts to the Scheduling Committee | NA | 5pm (EST) on January 31, 2014 |
| Deadline to complete third party depositions | Due date of rebuttal expert reports | February 28, 2014 (solely for witnesses for whom process was started by Sept. 30, 2013 and except for good cause shown as per the current order) |
| Deadline for service of rebuttal expert reports | January 24, 2014 | February 28, 2014 |
| Preliminary pre-trial conference | Week of February 17, 2014 | Week of March 17, 2014 |
| Expert depositions | February 28, 2014 | March 17, 2014 to April 4, 2014 |
| Deadline to file a  list of all witnesses and exhibits that each Core Party intends to rely upon as part of its direct case | March 6, 2014 | April 10, 2014 |
| Deadline to file: | March 14, 2014 | April 17, 2014 for service with filing |

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| • Pre-trial motions <br><br> • Pre-trial briefs <br><br> • All fact affidavits to be used in direct case <br><br> • All exhibits to be used in direct case <br><br> • All deposition testimony to be used in direct case | | on the following business day |
| Pre-trial conference | Week of March 17, 2014 (if the Courts desire) | Week of April 21, 2014 (if the Courts desire) |
| Beginning of Trial | April 1, 2014 | April 28, 2014 (or as soon thereafter as is convenient for the Courts) |

18.     There is therefore good cause to amend the schedule to allow the parties sufficient time to complete the steps set forth in the Allocation Protocol, Litigation Timetable, and Discovery Plan in an expedient yet practical fashion.  See In re Fleming Cos., 323 B.R. 144, 150 Bankr. D. Del. 204 (Good cause for modifying a scheduling order is established if the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension."); accord Novartis Vaccines & Diagnostics, Inc. v. MedImmune, LLC, Civ. No. 11-84-SLR, 2013 WL 3812074, at *2-3 (D. Del. July 22, 2013) (finding "good cause" to amend schedule based on parties' continued diligence and the fact that delay was "not of the [parties'] making"); Pettinaro Enters., 2010 WL 4274658, at *2 (observing that "good cause means that scheduling deadlines cannot be met despite a party's diligent efforts" (internal quotation marks and citations omitted)).

19.     The Movants have made enormous progress in the discovery and litigation process and at this time believe that the schedule changes set forth in the Scheduling Term Sheet will permit the Movants to proceed with an orderly and efficient trial.  The Movants jointly agree that a four-week extension of the Litigation Timetable and Discovery Plan will allow the Movants to move toward an orderly and efficient trial while still maintaining an aggressive time frame.

## NOTICE

20.     Notice of the Motion has been given via electronic transmission, first class mail, hand delivery or overnight mail to (i) the Core Parties; (ii) the U.S. Trustee; and (iii) the general service list established in these chapter 11 cases.  The Movants submit that under the circumstances no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Movants respectfully requests that the Court (a) enter an order approving Schedule A attached hereto, (b) extending the commencement of trial to April 28, 2014 or as soon thereafter as is convenient for the Courts, (c) modify the intervening dates accordingly and (d) grant such other and further relief as the Court deems just, proper and equitable.

Dated:  November 14, 2013
          Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____*/s/ Ann C. Cordo*_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

- and -

RICHARDS, LAYTON & FINGER, P.A.

_____*/s/ Christopher M. Samis*_____
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee*
*of Unsecured Creditors*

11

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____*/s/ Jamie Luton Chapman*_____
Edwin J. Harron (No. 3396)
John T. Dorsey (No. 2988)
Jaime Luton Chapman (No. 4936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Fax: 302-571-1253

 - and -

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Neil J. Oxford
Kenneth M. Katz
Gabrielle Glemann
Fara Tabatabai
One Battery Park Plaza
New York, New York 10004
Telephone: 212-837-6000
Fax: 212-422-4726

 - and -

HERBERT SMITH FREEHILLS LLP

John Whiteoak
James Norris-Jones
Exchange House
Primrose Street
London EC2A 2EG
Telephone: +44 20 7374 8000
Fax: +44 20 7374 0888

*Counsel for Joint Administrators*


BUCHANAN INGERSOLL & ROONEY PC

____*/s/ Kathleen A. Murphy*_____
Mary F. Caloway (No. 3059)
Kathleen A. Murphy (No. 5215)

1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)

-and-

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)

*Attorneys for Ernst & Young Inc., as Monitor
and Foreign Representative of the Canadian
Debtors*

DLA PIPER, LLP (US)

_____*/s/ Selinda A. Melnik*_____
Selinda A. Melnik (No. 4032)
Suite 2100
1201 N. Market Street, 21st FL
Wilmington, DE 19801
Tel: +1.302.468.5650

*Counsel for the Canadian Creditors Committee*

BAYARD, P.A.

____*/s/ Justin R. Alberto*_____
Charlene D. Davis (No. 2336)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

-and-

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
Sameer Advani
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

*Counsel for the Nortel Networks UK Pension Trust Limited
and the Board of the Pension Protection Fund*